Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

-and-

Daniel Wallen
Jonathan N. Helfat
Steven B. Soll
OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.
230 Park Avenue
New York, New York   10169
Telephone:  (212) 331-6100
Facsimile:  (212) 682-6104

Attorneys for GMAC LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11 Case No.**
                                                               :
**GENERAL MOTORS CORP.,** *et al.*,                            :    **09-\_\_\_\_\_ (\_\_\_)**
                                                               :
                    **Debtors.**                               :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

## JOINT MOTION OF THE DEBTORS
## AND GMAC LLC FOR ENTRY OF ORDER
## <u>AUTHORIZING THEM TO FILE DOCUMENTS UNDER SEAL</u>

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NY2:\2002053\03\16WSL03!.DOC\72240.0635

General Motors Corporation ("GM") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), jointly, with party-in-interest GMAC LLC and its affiliates (collectively, "GMAC"), respectfully represent:

**Background**

1. On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Also contemporaneously herewith, the Debtors have filed a motion (the "Ratification Motion") requesting authority to enter into, and approval of, the Ratification Agreement between the Debtors and GMAC, made as of June 1, 2009 (the "Ratification Agreement"), by which the Debtors would be authorized to continue their pre-petition operating and financial agreements and arrangements with GMAC.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NY2:\2002053\03\16WSL03!.DOC\72240.0635

**Relief Requested**

5.      By this motion (the "Confidentiality Motion"), pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Debtors and GMAC respectfully seek authority to file under seal certain documents listed on Exhibit "A" attached hereto, which contain sensitive, proprietary, confidential and commercial information.  The Debtors, with the consent of GMAC, also request the authority to designate, from time to time, additional documents which also contain sensitive, proprietary, confidential and commercial information and, accordingly, to supplement Exhibit "A" as appropriate (collectively, the "Documents").  A proposed Order requesting this relief is attached hereto as Exhibit "B".

**The Debtors' Need to Seal and Preserve the Confidentiality of the Documents**

6.      As set forth more fully in the Ratification Motion, which the Debtors and GMAC incorporate in this Confidentiality Motion by reference, approval of the Ratification Agreement is necessary to ensure and enable the continued performance postpetition by the Debtors and GMAC of their respective obligations as they have existed prior to the filing of the Debtors' chapter 11 cases.  In particular, the Ratification Agreement allows the Debtors to operate under their respective financial and operating agreements and arrangements with GMAC postpetition, including, the following:

(i)      That certain Master Services Agreement between the parties made as of November 30, 2006 (as amended and restated on May 22, 2009, and effective as of December 29, 2008, the "MSA"), the Specified Integrated Agreements (as defined and identified in the MSA), and all implementing agreements arising under or relating to any of the Specified

Integrated Agreements (the "Implementing Agreements") (collectively, the MSA, the Specified Integrated Agreements and the Implementing Agreements, as such agreements have heretofore or may hereafter be amended, modified or supplemented, the "MSA Documents"), and;

(ii)    All other existing contractual arrangements between the Debtors and GMAC that memorialize the ordinary course of business, financial and operating arrangements between the parties (collectively, the "Other Agreements" and, together with the MSA Documents, as such agreements have heretofore or may hereafter be amended, modified or supplemented, the "Operative Documents").

7.    The Documents include, among others, certain of the Operative Documents, which contain sensitive, proprietary, confidential and commercial information that Section 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018 were designed to protect. As described more fully in the Ratification Motion, the Debtors have an immediate and critical need to continue these financing and operating arrangements with GMAC in order to, among other things, (i) permit the orderly continuation of the operation of their businesses, (ii) maintain business relationships with suppliers, wholesale dealerships and customers, (iii) provide their dealers ("GM Dealers" or the "Dealers") with certain financing and services, including, but not limited to, (a) new and used vehicle inventory financing, (b) capital loans, (c) equipment loans, (d) real estate loans, (e) dealer insurance products and services, (f) remarketing services, and (g) electronic cash and drafting settlement systems (collectively, the "Dealer Financing") and (iv) provide certain retail financing to the Debtors' and Dealers' fleet and retail customers (the "Consumers"), including, but not limited to, (a) consumer retail financing, (b) commercial retail financing, and (c) commercial fleet financing (collectively, the "Retail Financing").

8. If the information contained in the Documents were publicly available from the Court's files and on-line via PACER, the competitive and business positions of the parties to the Documents, including but not limited to the Debtors, GMAC and the Dealers, would be severely compromised. On the other hand, there is no prejudice to the public in filing the Documents under seal as the public has no overriding interest in knowing or having access to the inner workings and confidential business practices of the Debtors and GMAC.

9. In addition, by their terms, the Documents themselves require the parties to maintain their confidentiality. For example, the MSA prohibits any party from announcing or disclosing the terms thereof, except as required by law, and only after giving the other party notice and an opportunity to comment on such disclosure.

10. The Documents contain highly sensitive, proprietary, confidential and commercial information including, among other things, business terms, arrangements, financing and pricing information. Equally significant, these documents include a complicated and integrated set of agreements that govern the operating and financing arrangements between the Debtors and GMAC. Simply stated, the business dealings and contractual arrangements between the Debtors and GMAC are set forth and reflected in the Documents and clearly warrant the confidential protection requested.

11. Accordingly, approval of this Motion is necessary to the Debtors' operations during their chapter 11 cases and is therefore in the best interests of the Debtors, their creditors and all parties in interest.

**Authority to Seal and Preserve the Confidentiality of the Documents**

12.     Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion, such as, the Ratification Motion, be filed under seal.  Section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . [.]

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to Section 107(b) of the Bankruptcy Code.  Rule 9018 provides, in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . [.]

Fed. R. Bank. P. 9018.

14.     Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad -- any order which justice requires.  The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.* at 724 (internal citations omitted).

15. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories set forth in Section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994). Importantly, commercial information need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. *Id.* at 28.

16. In affirming the order of protection, in *Orion Pictures*, the Second Circuit pointed out that Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* at 27 (internal citations omitted). Under this exception, an interested party need only show that the information it wishes to seal is "confidential and commercial in nature." *Id.* (internal quotation marks omitted). Here, it is clear that the information contained in the Documents is confidential and commercial in nature, and thus merits confidential treatment because its release would give an unfair advantage to competitors by revealing the terms and conditions of proprietary, sensitive and confidential commercial agreements between the Debtors and GMAC.

17. Courts in this district have recognized that where information critical to the proponent is disclosed and where that disclosure will adversely affect the party's existing or possible future business ventures, the information is entitled to be filed under seal. *In re Barney's Inc.*, 201 B.R. 703, 708-709 (Bankr.S.D.N.Y.1996) (stating that *Orion Pictures* mandates sealing documentary information when disclosure thereof will have an adverse impact on the entity's competitive endeavors).

18. Here, it cannot be disputed that the Documents contain the very type of sensitive and confidential information that should be filed under seal. Among other things, the

Documents contain the terms that GMAC uses to extend financing to the Debtors, Dealers and other customers. Public release of this information would compromise GMAC's and the Debtors' competitive positions by allowing their competitors a critical and unwarranted glimpse into GMAC's and the Debtors' financial inner workings and business practices. On the other hand, allowing the Documents to be filed under seal causes no prejudice to other parties in interest. To the contrary, if the Documents are not filed under seal, other parties in interest would gain unfair competitive advantages over the Debtors and/or GMAC by being made privy to the confidential business agreements and arrangements of the Debtors and GMAC.

**Request For Waiver Of Rule 6004(a) and 6004(h)**

19.     The Debtors and GMAC seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As demonstrated in the Ratification Motion, the Debtors and GMAC have a pressing need for this Court to approve the Ratification Agreement and maintaining the confidentiality of the Documents is critical to that result. Accordingly, the Debtors and GMAC request that the proposed Order be entered and deemed effective immediately, so that the Court can promptly consider the Ratification Motion, with the benefit of the Documents that are the subject thereof.

**Notice**

20.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the

Debtors (on a consolidated basis), (vii) the attorneys for the UAW, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, and (xii) Otterbourg, Steindler, Houston & Rosen, 230 Park Avenue, New York, New York, 10169 (Attn: Daniel Wallen, Esq., Jonathan N. Helfat, Esq. and Steven B. Soll, Esq.), attorneys for GMAC.  The Debtors and GMAC submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Debtors or GMAC to this or any other Court.

WHEREFORE the Debtors and GMAC respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
June 1, 2009

Respectfully Submitted:

| WEIL, GOTSHAL & MANGES LLP | OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C. |
|---|---|
| By : /s/ Stephen Karotkin<br>    Harvey R. Miller<br>    Stephen Karotkin<br>    Joseph H. Smolinsky<br><br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | By: /s/ Daniel Wallen<br>    Daniel Wallen<br>    Jonathan N. Helfat<br>    Steven B. Soll<br><br>230 Park Avenue<br>New York, New York 10169<br>Tel:  (212) 661-9100<br>Fax:  (212) 682-6104<br>Email: OSHR-GM-BK@oshr.com |
| *Attorneys for Debtors*<br>*and Debtors in Possession* | *Attorneys for GMAC LLC* |

NY2:\2002053\03\16WSL03!.DOC\72240.0635

**Exhibit A**

**Schedule of Documents to be Filed Under Seal**

1. Amended and Restated Master Services Agreement

2. Amended and Restated Dealer Finance Service Agreement

3. Information Technology Agreement

4. Insurance Services Agreement

5. Intellectual Property Agreement

6. Amended and Restated International Consumer Financing Services Agreement

7. Marketing Services Agreement

8. Amended and Restated Canada Consumer Financing Services Agreement

9. Remarketing Service Agreement

10. Amended and Restated United States Consumer Financing Services Agreement

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**GENERAL MOTORS CORP.,** *et al.*, : 09-_____ (___)
:
Debtors. : **(Jointly Administered)**
:
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 107(b), AND FED. R. BANKR. P. 9018, GRANTING JOINT MOTION OF THE DEBTORS AND GMAC LLC TO FILE DOCUMENTS UNDER SEAL

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation ("GM" or the "Debtor") and its affiliated debtors, each as debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned cases (the "Cases"), jointly, with party-in-interest GMAC LLC and its affiliates (collectively, "GMAC"), pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NY2:\2002053\03\16WSL03!.DOC\72240.0635

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee and (xii) Otterbourg, Steindler, Houston & Rosen, 230 Park Avenue, New York, New York, 10169 (Attn: Daniel Wallen, Esq., Jonathan N. Helfat, Esq. and Steven B. Soll, Esq.), attorneys for GMAC; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Confidentiality Motion is GRANTED as provided herein.

2. The Debtors are authorized to file under seal each of those documents listed on Exhibit A attached to the Confidentiality Motion.

3. The Debtors, with the consent of GMAC, are authorized to designate, from time to time, additional documents which also contain sensitive, proprietary, confidential and commercial information and to supplement Exhibit A as appropriate (collectively, the "Documents") and, as necessary, to file the Documents under seal.

4. This Order is effective immediately upon entry by the Court.

Dated: New York, New York
       June ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE