# EXHIBIT D

## FORM OF SALE NOTICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                        :      Chapter 11 Case No.
                                                             :
GENERAL MOTORS CORP., *et al.*,                              :      09-_____ (___)
                                                             :
                               Debtors.                      :      (Jointly Administered)
                                                             :
------------------------------------------------------------x

### NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY -SPONSORED PURCHASER

PLEASE TAKE NOTICE THAT upon the motion (the "Motion"), of General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated June 1, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June __, 2009 (the "Sale Procedures Order"), among other things, (i) scheduling a hearing (the "Sale Hearing") to approve (a) the Master Sale and Purchase Agreement, dated as of June 1, 2009 (the "MPA"), by and among GM and its Debtor subsidiaries (collectively, the "Sellers") and Vehicle Acquisition Holdings LLC. (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury"), with respect to the sale of substantially all the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "363 Transaction"); (b) the assumption, assignment, and sale to the Purchaser pursuant to the MPA of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assumable Executory Contracts"); and (c) the settlement agreement, dated _____, 2009 (the "UAW Retiree Settlement Agreement"), between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"); (ii) approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"); (iii) approving a procedure for the assumption, assignment, and sale to the Purchaser pursuant to the MPA of the Assumable Executory Contracts; (iv) approving the form and manner of notice of the Motion and the relief requested therein and of the Sale Hearing; and (v) setting a deadline for the filing of objections, if any, to the relief requested in the Motion.

A.    THE MASTER SALE AND PURCHASE AGREEMENT

The total consideration under the MPA for the sale of the Purchased Assets is equal to the sum of (i) a credit bid in the amount of the outstanding indebtedness owed to the Purchaser as of the closing pursuant to secured loans extended by the U.S. Treasury, less approximately $7.7 billion (estimated to be $48.7 billion at July 31, 2009); (ii) the surrender of a warrant to purchase GM shares previously issued to the U.S. Treasury in connection with the secured loans extended by the U.S. Treasury; (iii) the issuance to GM of shares of common stock

of the Purchaser representing approximately 10% of the fully diluted equity interests of the Purchaser as of the closing of the sale); (iv) the issuance to GM of warrants to purchase up to 15% of the shares of common stock of the Purchaser, with the initial exercise prices for equal amounts of the warrants based on $15 billion and $30 billion equity values of the Purchaser. The warrants will be exercisable through the seventh and tenth anniversaries of issuance, respectively, and GM can elect partial and cashless exercises; and (v) the assumption by the Purchaser of certain assumed liabilities, all as set forth more fully in the MPA, a copy of which is annexed to the Motion as Exhibit "A." In addition, if the aggregate amount of allowed general unsecured claims against the Debtors exceeds $35 billion, as estimated by an order of the Bankruptcy Court (which the Debtors may seek at any time), GM will receive an additional 2% of the fully diluted equity interests of the Purchaser as of the Closing of the sale.

B.   THE SALE HEARING

The Sale Hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom ____ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, on June 30, 2009, at __:__ a.m. (Eastern Time). The Sale Hearing may be adjourned without notice by an announcement of the adjourned date at the Sale Hearing.

**RESPONSES OR OBJECTIONS, IF ANY, TO THE RELIEF SOUGHT IN THE MOTION SHALL BE FILED** with the Clerk of the Bankruptcy Court and served upon: (a) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (b) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (c) the attorneys for the Creditors Committee; (d) Cleary Gottlieb Steen & Hamilton LLP, the attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (e) Cohen, Weiss and Simon LLP, the attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (f) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); and (g) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004, **SO AS TO BE RECEIVED NO LATER THAN JUNE 19, 2009, AT 5:00 P.M. (EASTERN TIME) (the "Objection Deadline")**.

The failure of any person or entity to file a response or objection on or before the Objection Deadline shall be deemed a consent to the 363 Transaction and the other relief requested in the Motion, and shall bar the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Procedures, the Motion, the 363 Transaction, the approval of the UAW Retiree Settlement Agreement, and the Debtors' consummation of the 363 Transaction.

C.   COPIES OF THE MOTION AND SALE PROCEDURES ORDER

This Notice provides only a partial summary of the relief sought in the Motion and the terms of the Sale Procedures Order. Copies of the Motion, the MPA (excluding certain commercially sensitive information), and Sale Procedures Order are available for inspection (i) by accessing (a) the website of the Bankruptcy Court at http://www.nysb.uscourts.gov, or (b) the

website of the Debtors' claims and noticing agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com or (ii) by visiting the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408. Copies also may be obtained by faxing a written request to the attorneys for the Debtors, Weil, Gotshal & Manges LLP (Attn: Russell Brooks, Esq.) at 212-310-8007.

Dated: New York, New York
       June __, 2009

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession