Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                :
In re                           :    Chapter 11 Case No.
                                :
**GENERAL MOTORS CORP.,** *et al.*,    :    09-50026 (REG)
                                :
            Debtors.            :    (Jointly Administered)
                                :
-----------------------------------------------------------------x

### NOTICE OF COMMENCEMENT OF
### CHAPTER 11 CASES AND FIRST DAY HEARING

      **PLEASE TAKE NOTICE** that on June 1, 2009 (the "Commencement Date"), General Motors Corporation and its affiliated debtors (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE** that a **hearing has been scheduled for June 1, 2009 at 4:00 p.m. (Eastern Time) before the Honorable Robert E. Gerber, United States Bankruptcy Judge, One Bowling Green, Room 623, New York, New York 10004** (the "Hearing") and may be adjourned from time to time without further notice other than an announcement at the Hearing.

---

[1] The Debtors and their respective Tax ID numbers are as follows: General Motors Corporation, Tax ID No. 38-0572515; Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707; Saturn, LLC, Tax ID No. 38-2577506; and Saturn Distribution Corporation, Tax ID No. 38-2755764.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will request the following relief at the Hearing:

**Procedural/Administrative Orders**

1. Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases;

2. Order Pursuant to 11 U.S.C. §§ 105(a), 342(a), and 521(a)(1), Fed. R. Bankr. P. 1007(a) and 2002(a), (d), (f), and (l), and Local Bankruptcy Rule 1007-1 (I) Waiving Requirement to File Lists of Creditors and Equity Security Holders and (II) Approving Form and Manner of Notifying Creditors of Commencement of Debtors' Chapter 11 Cases and First Meeting of Creditors;

3. Order Pursuant to Local Bankruptcy Rule 1007-2(e) Scheduling Initial Case Conference;

4. Order Pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007(c) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs;

5. Order Pursuant to 11 U.S.C. §§ 363(c)(1) and 503(b)(1)(a) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising from Postpetition Delivery of Goods and Services Ordered Prepetition and Authorizing Debtors to Pay Such Obligations in Ordinary Course of Business; and

6. Order Pursuant to 11 U.S.C. § 105 Enforcing Protections of 11 U.S.C. §§ 362, 365(e)(1), and 525.

**Substantive Orders**

7. Order Pursuant to 11 U.S.C. §§ 105(a), 345(b), 363(b), 363(c) and 364(a) and Fed. R. Bankr. P. 6003 and 6004 (A) Authorizing the Debtors to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) Extending Time to Comply with 11 U.S.C. § 345(b), and (C) Scheduling a Final Hearing;

8. Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 507 (I) Authorizing Debtors to (a) Pay Certain Employee Compensation and Benefits, and (b) Maintain and Continue Such Benefits and Other Employee-Related Programs and (II) Directing Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations;

9. Order Pursuant to 11 U.S.C. §§ 105, 363, and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors, and Service Providers, (II) Continue Troubled Supplier Assistance Program, and (III) Continue Participation in the United States Treasury Auto Supplier Support Program;

10. Order Pursuant to 11 U.S.C. §§ 105(a) and 363(a) (I) Authorizing Debtors to Pay Prepetition Obligations to Foreign Creditors and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers;

11. Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtors to Honor Prepetition Obligations to Customers, Dealers, and Trade Customers and to Otherwise Continue Warranty, Credit Card, Other Customer, Dealer and Trade Programs in the Ordinary Course of Business;

12. Order Pursuant to 11 U.S.C. §§ 105(a) and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims;

13. Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9);

14. Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing Payment of Certain Prepetition (I) Shipping and Delivery Charges for Goods in Transit, (II) Customs Duties, and (III) Tooling and Mechanics Lien Charges;

15. Order Pursuant to 11 U.S.C. §§ 363(b), 503(b), and 105(a) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (a) Continue Their Liability, Product, Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations;

16. Order Pursuant to 11 U.S.C. §§ 363(b), 507(a), 541, and 105(a) Authorizing Debtors to Pay Prepetition Property Taxes, Sales Taxes, Use Taxes, Excise Taxes, and Other Governmental Assessments;

17. Interim Order Pursuant to Sections §§ 105(a) and 362 of the Bankruptcy Code (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates, and (II) Scheduling a Final Hearing;
    Please note that this proposed order provides it shall be effective, *nunc pro tunc*, to the Commencement Date;

18. Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service;

19. Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Sale Procedures for Sale of Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bidding Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice;

20. Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Revolver Secured Parties and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B);

21. Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Granting Adequate Protection to Term Loan Secured Parties and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B);

22. Order Pursuant to 11 U.S.C. §§ 107(b), and Fed. R. Bankr. P. 9018 Granting Joint Motion of the Debtors and GMAC LLC Authorizing Them to File Documents Under Seal;

23. Order Pursuant to 11 U.S.C. §§ 105, 362, 363, 364(b), 364(e), 365 and 503(b) and Fed. Bankr. P. Rules 2002, 4001, 6003, 6004 And 9014(1), Authorizing the Debtors to Enter into, and Approving, Ratification Agreement with GMAC LLC; and

24. Interim Order Pursuant to Bankruptcy Code Sections 105(A), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling a Final Hearing.

**PLEASE TAKE FURTHER NOTICE** that the following documents have also been filed pursuant to the Local Bankruptcy Rules or in connection with the relief requested:

25. Corporate Ownership Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1) and Local Rule of Bankruptcy Procedure 1007-3;

26. Affidavit of Frederick A. Henderson, as President and Chief Executive Officer of General Motors Corporation, Pursuant to Local Bankruptcy Rule 1007-2, sworn to June 1, 2009;

27. Declaration of William C. Repko, as Senior Managing Director with Evercore Group L.L.C., in Support of Debtors' Motion Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis and Other Relief, dated May 31, 2009.

**PLEASE TAKE FURTHER NOTICE** that a full set of the pleadings referenced above may be obtained by: (i) accessing (a) the website of the Bankruptcy Court at http://www.nysb.uscourts.gov, or (b) the website of the Debtors' proposed claims and noticing agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com, or (ii) visiting the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408.

Dated: New York, New York
       June 1, 2009

       /s/ Harvey R. Miller
       Harvey R. Miller
       Stephen Karotkin
       Joseph H. Smolinsky

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtors
       and Debtors in Possession