1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.


  Debtors.


- - - - - - - - - - - - - - - - - - - -x


  United States Bankruptcy Court

  One Bowling Green

  New York, New York


  September 19, 2008

  4:36 PM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

250

1   that we all recognize that we're engaged in something here
2   that's very special. This is the most momentous bankruptcy
3   hearing I've ever sat through either as a lawyer or as a judge.
4   And I'm guessing I'm not alone in that sense.
5           One could be a theoretical bankruptcy jurist and say
6   transactions such as this should always be subject to more time
7   so that parties can better assess the consequences of the
8   transactions. Bankruptcy Rule 6003 which was enacted recently
9   was designed among other things to slow down activities in the
10  first twenty days of big bankruptcy cases. This is Friday.
11  This case was filed on Monday. What we're doing is unheard of
12  but imperative.
13          I am completely satisfied that I am fulfilling my
14  duty as a United States bankruptcy judge in approving this
15  transaction and in finding that there is no better or
16  alternative transaction for these assets, that the consequences
17  of not approving a transaction could prove to be truly
18  disastrous. And those adverse consequences are meaningful to
19  me as I exercise this discretion. The harm to the debtor, its
20  estates, the customers, creditors, generally, the national
21  economy and the global economy could prove to be incalculable.
22          Moreover, it's not just about avoiding harm.
23  Approving the transaction secures whether for ninety days or
24  for a lifelong career employment for 9,000 employees at Lehman,
25  and holds together an operation the value of which is really

252

1   someone could argue that there is a similar emergency.  It's
2   hard for me to imagine a similar emergency.
3           And so, as to those objectors who say it would be
4   establishing bad precedent to approve this transaction, I say
5   no.  This is not a bad precedent.  To the contrary.  It's an
6   extraordinary example of the flexibility that bankruptcy
7   affords under circumstances such as this.  It's an example that
8   creative minds working diligently day and night even under the
9   worst of circumstances can create remarkably complicated
10  transactions that preserve value.  I am proud to have been part
11  of this process.
12          I'm also satisfied that if everybody stays who needs
13  to comment on the order that some of the legal issues that have
14  been raised during the objection phase of this hearing can be
15  addressed.  I note the arguments made by Mr. Bienenstock on
16  behalf of the Walt Disney Company, that I can't do anything
17  that's illegal.  And he's right.  However, it's not illegal to
18  enter orders that include from time to time language that
19  people dispute or language that may be ambiguous or language
20  that might have been better drafted.  I regret to say that I
21  think I do it every day.  And most of it's because I enter
22  orders that you draft.  So, I don't think it's illegal for me
23  to do something that may lead to an argument in the future as
24  to what the language of the order means.
25          As far as Mr. Rosner's arguments are concerned and