UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., et. al. | Case No 09-50026 (REG) |
| | (Joint Administration Requested). |
| Debtors. | |

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK     :
                                          ss:
COUNTY OF SUFFOLK    :

Jeffrey Stein, being duly sworn, deposes and states:

1. I am a Vice-President employed by The Garden City Group, Inc., the proposed claims and noticing agent ("GCG") for the debtors and debtors-in-possession (the "Debtors") in the above-captioned case. Our business address is 105 Maxess Road, Melville, New York 11747.

2. On June 1, 2009, at the direction of Weil, Gotshal & Manges LLP ("Weil"), proposed counsel for the Debtors, GCG caused a true and correct copy of the following document to be served via facsimile transmission on the parties set forth on Exhibit "A" annexed hereto (Master Service List) :[1]

> **A.    Notice Of Commencement Of Chapter 11 Cases And First Day Hearing – [Docket No. 97].**

3. On June 1, 2009, at the direction of Weil, GCG caused a true and correct copy of the following documents to be served on the parties set forth on Exhibit "A" annexed hereto (Master Service List)[2] via electronic transmission (where email addresses were available as set forth therein) and caused, or is in the

---

[1] The master service list includes, among others, the Office of the United States Trustee, counsel for the United States Treasury, counsel to the Debtors, counsel to the agents for the prepetition lenders, the 50 largest unsecured creditors of the Debtors, the Securities Exchange Commission, counsel for the UAW, the United States Attorney's Office, counsel for the CWA, the Internal Revenue Service, the United States Department of Labor, counsel for the NADA, and all parties that filed a Notice of Appearance.

[2] The master service list includes, among others, the Office of the United States Trustee, counsel for the United States Treasury, counsel to the Debtors, counsel to the agents for the prepetition lenders, the 50 largest unsecured creditors of the Debtors, the Securities Exchange Commission, counsel for the UAW, the United States Attorney's Office, counsel for the CWA, the Internal Revenue Service, the United States Department of Labor, counsel for the NADA, and all parties that filed a Notice of Appearance.

process of causing, such documents to be delivered via hand delivery upon those parties located in New York City:

    A. **Motion Of Debtors For Entry Of Order Directing Joint Administration Of Chapter 11 Cases Pursuant To Fed. R. Bankr. P. 1015(B) [Docket No 16];**

    B. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a), 342(a), And 521(a)(1), Fed. R. Bankr. P. 1007(a) And 2002(a), (d), (f), and (*l*), And Local Bankruptcy Rule 1007-1(I) Waiving Requirement To File Lists Of Creditors And Equity Security Holders And (II) Approving Form And Manner Of Notifying Creditors Of Commencement Of Debtors' Chapter 11 Cases And First Meeting Of Creditors [Docket No 17];**

    C. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(c) Extending Time To File Schedules Of Assets And Liabilities, Schedules Of Executory Contracts And Unexpired Leases, And Statements Of Financial Affairs [Docket No 19];**

    D. **Affidavit Of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 [Docket No 21];**

    E. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. § 105(a) Enforcing Protections Of 11 U.S.C. §§ 362, 365(e)(1), And 525 [Docket No 23];**

    F. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 363(c)(1) And 503(b)(1)(A) Granting Administrative Expense Status To Undisputed Obligations To Vendors Arising From Postpetition Delivery Of Goods And Services Ordered Prepetition And Authorizing Debtors To Pay Such Obligations In Ordinary Course Of Business [Docket No 27];**

    G. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a), 345(b), 363(b), 363(c) And 364(a), And Fed. R. Bankr. P. 6003 And 6004 (A) Authorizing Debtors To (I) Continue Using Existing Cash Management System, (II) Honor Certain Prepetition Obligations Related To Use Of Cash Management System, And (III) Maintain Existing Bank Accounts And Business Forms; (B) Extending Time To Comply 11 U.S.C. § 345(b); And (C) Scheduling A Final Hearing [Docket No 30];**

    H. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a), 363(b), And 507, (I) Authorizing Debtors To (a) Pay Certain Employee Compensation And Benefits And (b) Maintain And Continue Such Benefits And Other Employee-Related Programs And (II) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Employee Obligations [Docket No 33];**

    I. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 363(b) (I) Authorizing Debtors To Pay Prepetition Obligations To**

2

        Foreign Creditors And (II) Authorizing And Directing Financial Institutions To Honor And Process Related Checks And Transfers [Docket No 38];

J.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 363 Authorizing Debtors To Honor Prepetition Obligations To Customers, Dealers, And Trade Customers and To Otherwise Continue Warranty, Credit Card, Other Customer, Dealer And Trade Customer Programs In The Ordinary Course Of Business [Docket No 42];

K.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 546(c) Establishing And Implementing Exclusive And Global Procedures For Treatment Of Reclamation Claims [Docket No 47];

L.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b)(9) Establishing Procedures For The Assertion, Resolution, And Satisfaction Of Claims Asserted Pursuant To 11 U.S.C. § 503(b)(9) [Docket No 51];

M.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105 And 363(b) Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit, (II) Customs Duties, And (Iii) Tooling And Mechanics Lien Charges [Docket No 53];

N.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 363(b), 507(a)(8), 541, And 105(a), Authorizing Debtors To Pay Prepetition Taxes And Assessments [Docket No 55];

O.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors' Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service [Docket No 58];

P.   Motion of Debtors for Entry Of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No 60];

Q.   Motion Of Debtors For Entry Of An Order Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364 (I) Authorizing The Debtors To Obtain Postpetition Financing, Including On An Immediate, Interim Basis; (II) Granting Superpriority Claims And Liens; (III) Authorizing The Debtors To Use Cash Collateral; (IV) Granting Adequate Protection To Certain Prepetition Secured Parties; (V) Authorizing The Debtors To Prepay Certain Secured Obligations In Full Within 45 Days; And (VI) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001 [Docket No 64];

R. **Declaration of William C. Repko in Support of Debtors' Proposed Debtor in Possession Financing Facility [Docket No 68];**

S. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 363(b), 503(b), And 105(a) And Fed. R. Bankr. P. 6003 And 6004 (I) Authorizing Debtors To (A) Continue Their Liability, Product, Property, And Other Insurance Programs And (B) Pay All Obligations In Respect Thereof, And (II) Authorizing And Directing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations [Docket No 72];**

T. **Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105, 363, And 364 Authorizing Debtors To (I) Pay Prepetition Claims Of Certain Essential Suppliers, Vendors And Service Providers; (II) Continue Troubled Supplier Assistance Program; And (III) Continue Participation In The United States Treasury Auto Supplier Support Program [Docket No 76];**

U. **Motion For Entry Of Order Authorizing Debtors To Enter Into, and Approving, Ratification Agreement with GMAC LLC [Docket No 80];**

V. **Joint Motion for the Debtors and GMAC LLC for Entry of Order Authorizing Them to File Documents Under Seal [Docket No. 87];**

W. **Motion Of The Debtors Pursuant to 11 U.S.C. §§ 105(a) And 362 For Entry Of (I) Interim And Final Orders Establishing Notification Procedures Regarding Restrictions On Certain Transfers of Interests In The Debtors And (II) Order Scheduling a Final Hearing [Docket No 88];**

X. **Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k) And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing [Docket No. 92];**

Z. **Memorandum of Law in Support of Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), (m) and 365, and Fed. R. Bank. P. 2002, 6004, 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear and Liens, Claims, Encumbrances and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket No. 105].**

4

3.   On June 1, 2009, at the direction of Weil, GCG caused a true and correct copy of the following documents to be served on the parties set forth on Exhibit "B" annexed hereto (Banks) [3] via electronic transmission (where email addresses were available as set forth therein) and caused, or is in the process of causing, such documents to be delivered via hand delivery upon those parties located in New York City:

   **A.   Affidavit Of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 [Docket No 21];**

   **B.   Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a), 345(b), 363(c) And 364(a), And Fed. R. Bankr. P. 6003 And 6004 (A) Authorizing Debtors To (I) Continue Using Existing Cash Management System, (II) Honor Certain Prepetition Obligations Related To Use Of Cash Management System, And (III) Maintain Existing Bank Accounts And Business Forms; (B) Extending Time To Comply 11 U.S.C. § 345(b); And (C) Scheduling A Final Hearing [Docket No 30];**

   **C.   Motion of Debtors for Entry Of Orders Pursuant to 11 U.S.C. §§ 105, 361 362, 363,and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No 60];**

   **D.   Motion Of Debtors For Entry Of An Order Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364 (I) Authorizing The Debtors To Obtain Postpetition Financing, Including On An Immediate, Interim Basis; (II) Granting Superpriority Claims And Liens; (III) Authorizing The Debtors To Use Cash Collateral; (IV) Granting Adequate Protection To Certain Prepetition Secured Parties; (V) Authorizing The Debtors To Prepay Certain Secured Obligations In Full Within 45 Days; And (VI) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001 [Docket No 64];**

   **E.   Declaration of William C. Repko in Support of Debtors' Proposed Debtor in Possession Financing Facility [Docket No 68].**

---

[3] The master service list includes, among others, the Office of the United States Trustee, counsel for the United States Treasury, counsel to the Debtors, counsel to the agents for the prepetition lenders, the 50 largest unsecured creditors of the Debtors, the Securities Exchange Commission, counsel for the UAW; the United States Attorney's Office, counsel for the CWA; the Internal Revenue Service, the United States Department of Labor; counsel for the NADA; and all parties that filed a Notice of Appearance.

4.      On June 1, 2009, at the direction of Weil, GCG caused, or is in the process of causing, a true and correct copy of the following documents to be served on the parties set forth on Exhibit "C" annexed hereto (Transfer Agent and Other Parties)[4] via hand delivery in New York City:

> **A.    Affidavit Of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 [Docket No 21];**
>
> **B.    Motion Of The Debtors Pursuant to 11 U.S.C. §§ 105(a) And 362 For Entry Of (1) Interim And Final Orders Establishing Notification Procedures Regarding Restrictions On Certain Transfers of Interests In The Debtors And (II) Order Scheduling a Final Hearing [Docket No 88].**

I certify under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

/s/ Jeffrey Stein

Sworn to before me this
1st day of June, 2009

_____/s/ Rosemary Cohen_____
Notary Public

---

[4] The master service list includes, among others, the Office of the United States Trustee, counsel for the United States Treasury, counsel to the Debtors, counsel to the agents for the prepetition lenders, the 50 largest unsecured creditors of the Debtors, the Securities Exchange Commission, counsel for the UAW; the United States Attorney's Office, counsel for the CWA; the Internal Revenue Service, the United States Department of Labor; counsel for the NADA; and all parties that filed a Notice of Appearance.