UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                              :          Chapter 11 Case No.
:
GENERAL MOTORS CORP., *et al.*,      :          09-_____ (___)
:
              Debtors.                   :          (Jointly Administered)
:
---------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE REJECTION OF AIRCRAFT AND AIRPORT LEASE AGREEMENTS AND FOR RELATED RELIEF

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to section 365 of title 11, United States Code (the "Bankruptcy Code"), for entry of an order authorizing the rejection of certain unexpired leases of property, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, and (xii) AVN, GE Capital, Suntrust, Wayne County, and US Bank, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that The Debtors are authorized to reject the Leases, and the Leases are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective on the later of (a) the date of the Motion and (b) the date of surrender of the respective leased property; and it is further

ORDERED that GM is authorized to execute the Notices of Termination for recordation with the FAA; and it is further

ORDERED that AVN is authorized to apply the Security Deposits held by GE Capital to the amounts outstanding under the AVN Leases and is granted relief from the automatic stay to such limited extent; provided, however, that such application of the Security Deposits by AVN shall be provisional only and the rights and remedies of GM and/or any other party in interest in these cases shall be reserved to require AVN: (i) to account for the Security Deposits so applied; (ii) to establish AVN entitlement to retain the Security Deposits, or any portion thereof, under the AVN Leases and Trust Agreement, and/or applicable law; and (iii) to sell, or otherwise dispose of, the aircrafts in such manner as may be required under the Leases and/or applicable law; and it is further

ORDERED that AVN, GE Capital, Suntrust, and Wayne County, as applicable, must file proofs of claim in respect of any Lease rejection damage claims within 45 days after the date of this Order or such claims will be forever barred; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         [_____], 2009

                                                    _____
                                                    United States Bankruptcy Judge