**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

:

**In re**                                                            :                    **Chapter 11 Case No.**

:

**GENERAL MOTORS CORP., *et al.*,**                 :                    **09-50026 (REG)**

:

                              **Debtors.**              :                    **(Jointly Administered)**

:

-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) AND (*l*), AND LOCAL BANKRUPTCY RULE 1007-1 (I) WAIVING REQUIREMENT TO FILE LISTS OF CREDITORS AND EQUITY SECURITY HOLDERS AND (II) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF DEBTORS' CHAPTER 11 CASES AND FIRST MEETING OF CREDITORS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors

Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a), 342(a), and

521(a)(1) of title 11, United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (d),

(f), and (*l*) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and

General Orders M-133, M-137, M-138, and M-192 (the "Standing Orders"), for entry of an order

(i) waiving the requirements to file lists of creditors and equity security holders and

(ii) approving the proposed form and manner of notifying creditors of the commencement of

these chapter 11 cases and of the first meeting of creditors pursuant to section 341 of the

Bankruptcy Code (the "341 Meeting"), all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided to (i) the Office of the United States Trustee for the Southern District of New York,

(ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the

agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under

GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of

the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the

attorneys for the International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America, (viii) the attorneys for the International Union of Electronic,

Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America,

(ix) the United States Department of Labor, (x) the attorneys for the National Automobile

Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it

appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing

and all of the proceedings had before the Court; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtors file lists of their creditors with the Court are waived; and it is further

ORDERED that the requirements under Bankruptcy Rule 1007(a)(3), Local Rule 1007-1, and the Standing Orders that the Debtors file lists of their equity security holders with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a noticing and claims agent in these cases (the "Notice and Claims Agent"), the Debtors shall furnish to the Notice and Claims Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "List of Creditors"); and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the 341 Meeting, substantially in the form annexed hereto as Exhibit "A" (the "Notice of Commencement") is approved; and it is further

ORDERED that on or before the date that is twenty (20) days prior to the date on which the 341 Meeting is to be held, the Debtors, with the assistance of the Notice and Claims Agent, shall mail the Notice of Commencement to all parties identified on the Debtors' List of Creditors; and it is further

ORDERED that the requirement under Bankruptcy Rule 2002(d) for mailing the Notice of Commencement to all equity security holders is waived; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(*l*), the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement to be published (i) once in (a) the global edition of *The Wall Street Journal*, (b) the national edition of *The New York Times*, (c) the global edition of *The Financial Times*, (d) the national edition of

*USA Today*, (e) *Detroit Free Press/Detroit News*, (f) *Le Journal de Montreal*, (g) *Montreal Gazette*, (h) *The Globe and Mail*, and (i) *The National Post*, and (ii) on the website of the Debtors' claims and noticing agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com; and it is further

ORDERED that the form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
    *June 1, 2009*

*S/ Robert E. Gerber*
United States Bankruptcy Judge

# EXHIBIT A

## PROPOSED FORM OF NOTICE OF COMMENCEMENT

### UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtors listed below was filed on June 1, 2009.

You may be a creditor of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy.** All documents filed with the Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court and on the Court's website, www.nysb.uscourts.gov, as well as by written request from the Debtors' Noticing Agent, The Garden City Group, Inc., (GM Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 (regular mail); GM Claims Agent, 105 Maxess Road, Melville, New York 11747 (overnight or hand delivery)), and on its website http://www.gmcourtdocs.com. Note that you need a PACER password and login to access documents on the Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Noticing Agent cannot give legal advice.

### See Reverse Side for Important Explanations

| Debtors: | Case Number: | Tax ID Number: |
|---|---|---|
| Chevrolet-Saturn of Harlem, Inc. | 09-_____ (___) | 20-1426707 |
| General Motors Corporation | 09-_____ (___) | 38-0572515 |
| Saturn, LLC | 09-_____ (___) | 38-2577506 |
| Saturn Distribution Corporation | 09-_____ (___) | 38-2755764 |

| All other names used by the Debtors in the last 8 years: | Attorney for Debtors |
|---|---|
| <u>Chevrolet-Saturn of Harlem, Inc.</u><br>    CKS of Harlem<br><u>General Motors Corporation</u><br>    GMC Truck Division and NAO Fleet Operations<br>    GM Corporation-GM Auction Department<br>    National Car Rental<br>    National Car Sales<br>    Automotive Market Research<br><u>Saturn, LLC</u><br>    Saturn Corporation<br>    Saturn Motor Car Corporation<br>    GM Saturn Corporation<br>    Saturn Corporation of Delaware | **Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007** |

### Meeting of Creditors

Date:    July 27, 2009    Time:    1 P.M.    Location:

### Deadline to File a Proof of Claim
Notice of deadline will be sent at a later time.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts:
Notice of deadline will be sent at a later time.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:**<br>Vito Genna<br>Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | **For the Court:**<br>Clerk of the Bankruptcy Court: |
|---|---|
| **Hours Open:**  8:30 am to 5:00 pm | Date: _____, 2009 |

A:\MOTION FOR WAIVER OF REQUIREMENT TO FILE LISTS OF CREDITORS AND EQUITY HOLDERS (363 VERSION) (HARLEM VERSION).DOC

| | EXPLANATIONS    B9F (Official Form 9F ) (12/08) |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective until confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the Clerk of the Bankruptcy Court cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side.  *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice.  The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:**  The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side.  You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| | Refer To Other Side For Important Deadlines and Notices |