**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
**In re**                                           :         Chapter 11 Case No.
                                                    :
**GENERAL MOTORS CORP.,** *et al.*,                 :         09-50026 (REG)
                                                    :
                           **Debtors.**              :         (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(c)(1) AND 503(b)(1)(A) GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED PREPETITION AND AUTHORIZING DEBTORS TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS,**

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 363(c)(1) and 503(b)(1)(A) of title 11, United States Code (the "Bankruptcy Code"), for entry of an order granting administrative expense status to the Debtors' undisputed obligations to vendors (the "Vendors") arising from the postpetition delivery of goods and services ordered in the prepetition period (the "Prepetition Orders") and to pay such obligations in the ordinary course of business, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the undisputed obligations of the Debtors arising under the Prepetition Orders shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 363(c)(1), the Debtors are authorized to pay

in the ordinary course of their business all undisputed obligations arising from the postpetition delivery or shipment by Vendors of goods and services under the Prepetition Orders consistent with their customary practices; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders; and it is further

ORDERED that nothing in this Order or in the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
*** June 1, 2009***

*S/ Robert E. Gerber*
United States Bankruptcy Judge