UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :

In re                                            :          Chapter 11 Case No.
                                                    :

**GENERAL MOTORS CORP.,** *et al.*,    :          09-50026 (REG)
                                                    :

                    Debtors.           :          (Jointly Administered)
                                                    :
------------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 105
## ENFORCING PROTECTIONS OF 11 U.S.C. §§ 362, 365(e)(1), AND 525

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code") for entry of an order enforcing the automatic stay imposed by section 362 of the Bankruptcy Code, prohibiting the modification or termination of any executory contract or unexpired lease, or any right or obligation under such contract or lease, pursuant to section 365(e)(1) of the Bankruptcy Code, and affirming the protections against discriminatory treatment contained in section 525 of the Bankruptcy Code, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are stayed, restrained, and enjoined from:

  (a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Debtors' chapter 11 cases commenced;

  (b) enforcing, against the Debtors or their estates, a judgment obtained before the commencement of the Debtors' chapter 11 cases;

  (c) collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

  (d) taking any action to obtain possession of property of the estates or of property from the estate or to exercise control over property of the Debtors' estates;

  (e) taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

  (f) taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Debtors' chapter 11 cases;

  (g) offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors.

; and it is further

  ORDERED that all persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors or the Debtors' estates, wherever located; and it is further

  ORDERED that pursuant to 365 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation

under such contract or lease, at any time after the commencement of the Debtors' chapter 11 cases solely because of a provision in such contract or lease that is conditioned on:

    (a)  the insolvency or financial condition of the debtor at any time before the closing of the Debtors' chapter 11 cases;

    (b)  the commencement of the Debtors' chapter 11 cases; or

    (c)  the appointment of a trustee in the Debtors' chapter 11 cases;

and it is further

ORDERED that this Order shall not affect the substantive rights of any party or any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code of the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from (i) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, (ii) placing conditions upon such a grant to, or (iii) discriminating against any of the Debtors (or another person with whom the Debtors have been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      ***June 1, 2009***

      ***S/ Robert E. Gerber***
      United States Bankruptcy Judge