**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                      :
In re                                 :                    Chapter 11 Case No.
                                      :
**GENERAL MOTORS CORP.,** *et al.***,**       :                    09-050026 (REG)
                                      :
                         Debtors.     :                    (Jointly Administered)
                                      :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 507 (I) AUTHORIZING DEBTORS TO (a) PAY CERTAIN EMPLOYEE COMPENSATION AND BENEFITS, AND (b) MAINTAIN AND CONTINUE SUCH BENEFITS AND OTHER EMPLOYEE-RELATED PROGRAMS AND (II) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors

Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a), 363,

507(a)(3), and 507(a)(4) of title 11, United States Code (the "Bankruptcy Code"), for entry of an

order (i) authorizing, but not directing, the Debtors to pay all their employee obligations,

including prepetition claims of the Debtors' employees, any independent contractors, including

those provided by employee supplier agreements, who currently are under contracts and related

arrangements with the Debtors (collectively, and solely for the purposes of this Motion, the

"Employees"), and those prepetition claims on account of benefits to be provided to any of the

Debtors' retirees and their surviving spouses (collectively, the "Retirees"), (ii) authorizing, but

not directing, the Debtors to pay all prepetition benefits with respect to and continue the Debtors'

various employee benefit plans and programs (collectively, the "Prepetition Employee

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

Obligations"), and (iii) directing all banks to honor prepetition checks for payment of Prepetition

Employee Obligations and prohibiting banks from placing any holds on, or attempting to reverse,

any automatic transfers to Employees' accounts for Prepetition Employee Obligations, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and

All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to (i) the Office of the United States

Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the

attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan

agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured

revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the

Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United

Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for

the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—

Communications Workers of America, (ix) the United States Department of Labor, (x) the

attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc

bondholders committee, and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Motion (the "Hearing"); and

upon the record of the Hearing and all of the proceedings had before the Court; and the Court

having found and determined that the relief sought in the Motion is necessary to avoid immediate

and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003,

and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized (but not directed) to pay or otherwise

honor all Prepetition Employee Obligations, the most significant of which are described in the

Motion, including, but not limited to, Employees' prepetition and postpetition wages and

salaries, including any commissions and incentive compensation for which the Employees are

eligible; vacation, sick leave, personal leave, expense reimbursements, expenses related to the

Corporate Card Program, and severance; health, insurance, retirement, and all other employee

benefit programs and all claims and insurance premiums with respect thereto; tax-qualified, and

non-tax-qualified retirement plans; workers' compensation programs and all claims and

insurance premiums with respect thereto; and all other benefits to, or for the benefit of, the

Employees, and to continue each of the Employee programs in the ordinary course of business;

provided, however, that such payment, continuance of Employee programs, other honoring of

such Prepetition Employee Obligations, or entry of this Order shall not make such obligations

administrative expenses of the Debtors' estates entitled to priority status under sections 503 and

507 of the Bankruptcy Code; and it is further

ORDERED that the financial institutions listed on Exhibit A of this Order, upon

which any checks are drawn in payment of the Prepetition Employee Obligations, either before,

on, or after the date on which the Debtors filed these chapter 11 cases, are hereby authorized and

directed to honor, upon presentation, any such checks; and it is further

ORDERED that such financial institutions are authorized and directed to rely upon the representations of the Debtors as to which checks are in payment of the Prepetition Employee Obligations; and it is further

ORDERED that the Debtors may pay all federal, state, local, and foreign Payroll Taxes, Governmental Taxes, and all other Employee Deductions, whether related to the period prior or subsequent to the Commencement Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay any and all costs in connection with maintaining administration or paying third parties to maintain, administer, and provide record-keeping relating to the various Employee benefit programs and any trusts related thereto that may be outstanding as of the Commencement Date in the ordinary course of business; and it is further

ORDERED that any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order; and it is further

ORDERED that neither this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold claims under the Debtors' Workers' Compensation Programs, these employees are authorized, at the Debtors' direction, to proceed with their

workers' compensation claims in the appropriate judicial or administrative forum under the

Workers' Compensation Program; and it is further

ORDERED that nothing contained in this Order shall constitute or be deemed to

constitute the assumption or rejection of any employee benefit plan, CBA, employment

agreement, or any other contract, program, or agreement under section 365 or 1113 of the

Bankruptcy Code and all of such rights under such sections and section 1114 of the Bankruptcy

Code are reserved; and it is further

ORDERED that notwithstanding any provision in the Bankruptcy Code or Federal

Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

implementation, enforcement, or realization of the relief granted in this Order, and the Debtors

may, in their discretion and without further delay, take any action and perform any act authorized

under or contemplated by this Order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby

waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions

of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      _**June 1, 2009**_

                                              _**S/ Robert E. Gerber**_
                                              United States Bankruptcy Judge

### Exhibit A
### Bank Accounts

| Bank Name | Bank Mailing Address | Account Held By | Last Four Digits of Account # |
|---|---|---|---|
| Bank of America, N.A. | 540 W. Madison<br>Chicago, IL 60661<br>312-828-8016<br>Contact: Mastaneh Masghati | General Motors Corporation | 7156<br>6285<br>6308<br>5336<br>1071<br>4593<br>5239<br>5247 |
| Bank of New York Mellon | 500 Ross Street<br>Mellon Client Service Center<br>Suite 1360<br>Pittsburgh PA 15262-0001<br>412-234-6175<br>Contact: Bob Ladley | General Motors Corporation | 6214<br>0481 |
| Citibank, N.A. | 388 Greenwich Street 22nd Floor<br>New York NY 10013<br>212-816-2933<br>Contact: Sarah Terner | General Motors Corporation | 4623 |
| Comerica Bank | 500 Woodward Avenue<br>Detroit MI 48226<br>313-222-5431<br>Contact: Thomas Vandermulen | General Motors Corporation | 1846 |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue<br>Detroit MI 48226<br>313-256-2218<br>Contact: Bill Bitonti | General Motors Corporation | 2995<br>2987<br>5523<br>3134<br>5507<br>3126<br>4706<br>7304<br>4714<br>6610<br>5894<br>2564<br>4553<br>4746<br>7426<br>3803<br>0407<br>2644<br>7376<br>4775<br>4180 |