**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                    :    Chapter 11 Case No.
                                         :
**GENERAL MOTORS CORP.,** *et al.*,      :    09-50026 (REG)
                                         :
          Debtors.    :    (Jointly Administered)
                                         :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9)**
**ESTABLISHING PROCEDURES FOR THE ASSERTION,**
**RESOLUTION, AND SATISFACTION OF**
**CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 503(b)(9) of title 11, United States Code (the "Bankruptcy Code"), establishing exclusive procedures for the assertion, resolution, allowance, and satisfaction of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claims"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers— Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "Procedures"), which Procedures are hereby authorized and approved in their entirety shall apply to all 503(b)(9) Claims:

> (a) Any claimant asserting a 503(b)(9) Claim (a "Claimant") shall prepare a proof of claim (a "Proof of 503(b)(9) Claim") that sets forth (i) the value of the goods the Claimant contends the Debtors received within twenty days prior to the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading and the like, identifying the particular goods for which the 503(b)(9) Claim is being asserted; and (iii) documentation regarding which

A:\MOTION ESTABLISHING PROCEDURES FOR ASSERTION, RESOLUTION AND SATISFACTION OF SECTION 503(B)(9) CLAIMS (363 VERSION).DOC

2

|     |     |
| --- | --- |
|     | Debtor the goods were shipped to, the date the goods were received by such Debtor, and the alleged value of such goods; |
| (b) | All Proofs of 503(b)(9) Claims must be filed with The Garden City Group, Inc. GM Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286, Attn: Craig Johnson, with a copy served on (i) the Debtors, c/o General Motors Corporation, General Motors Corporation, Cadillac Building, 30009 Van Dyke Avenue, Warren, MI 48090-9025, ATTN: Warren Command Center, Mailcode 480-206-114; and (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Nathan M. Pierce, Esq.), so as to be received no later than the ninetieth day after the Commencement Date (the "503(b)(9) Claim Filing Deadline"); |
| (c) | The Debtors shall have 60 days after the 503(b)(9) Claim Filing Deadline to file with the Court and serve upon Claimants any objections to timely filed 503(b)(9) Claims (the "Objection Deadline"); |
| (d) | Claimants shall have 20 days from the Objection Deadline to file with the Court and serve upon the Debtors and their attorneys any replies to such objections; |
| (e) | All timely filed 503(b)(9) Claims shall be deemed allowed unless objected to by the Debtors on or before the Objection Deadline; |
| (f) | Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Claimant and to seek an agreement resolving any objection to such Claimant's 503(b)(9) Claim. The approval of such an agreement shall be subject to notice and a hearing; and |
| (g) | To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim shall be satisfied pursuant to and as set forth in such plan of reorganization as shall be confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing. |

; and it is further

ORDERED that the foregoing Procedures are the sole and exclusive method for

the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors;

and it is further

ORDERED that all Vendors are prohibited from utilizing any other means for the

assertion, reconciliation, allowance, resolution, or satisfaction of their 503(b)(9) Claims,

including, without limitation, the filing of a motion for allowance, or to compel payment, of any

A:\MOTION ESTABLISHING PROCEDURES FOR ASSERTION, RESOLUTION AND SATISFACTION OF SECTION 503(B)(9) CLAIMS (363 VERSION).DOC

3

503(b)(9) Claims; and it is further

ORDERED that, to the extent a Vendor asserting a claim under section 503(b)(9) of the Bankruptcy Code has been paid pursuant to another order entered by the Court in these chapter 11 cases, including without limitation any orders authorizing the Debtors to pay prepetition claims of certain essential suppliers and vendors or foreign creditors, the Procedures shall not apply and any such claim under section 503(b)(9) asserted by such Vendor shall be deemed withdrawn without the need for any application to, or further order of, the Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
         *June 1, 2009*

*S/ Robert E. Gerber*
United States Bankruptcy Judge

A:\MOTION ESTABLISHING PROCEDURES FOR ASSERTION, RESOLUTION AND SATISFACTION OF SECTION 503(B)(9) CLAIMS (363 VERSION).DOC

4