**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　:
In re　　　　　　　　　　　　　　　　　　　:　　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　:
**GENERAL MOTORS CORP.**, *et al.*,　　　　　:　　09-50026 (REG)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Debtors.　　　　　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 546(c) of title 11, United States Code (the "Bankruptcy Code"), for entry of an order authorizing the Debtors to establish and implement procedures to reconcile all unpaid and resolve reclamation claims (the "Reclamation Claims"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to resolve all Reclamation Claims in accordance with the following reclamation procedures (the "Reclamation Procedures"), which are hereby approved and authorized in their entirety:

a. Any Seller asserting a Reclamation Claim shall satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code;

b. Any Seller asserting a Reclamation Claim shall submit a written demand asserting such Reclamation Claim (a "Reclamation Demand") which shall (i) include (A) a description of the Goods subject to the Reclamation

        Demand; (B) the name of the Debtor to which such Goods were delivered; (C) copies of any purchase orders and invoices relating to such Goods; and (D) any evidence regarding the date(s) such Goods were shipped to and received by the Debtors; and (ii) be delivered to (A) the Debtors, c/o General Motors Corporation, Cadillac Building, 30009 Van Dyke Avenue, Warren, MI 48090-9025, Attn: Warren Command Center, Mailcode 480-206-114; and (B) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Nathan M. Pierce, Esq., so as to be received in accordance with the deadlines set forth in section 546(c) of the Bankruptcy Code;

c. Upon receipt of a Reclamation Demand, the Debtors shall serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of this Order;

d. No later than 120 days after entry of this Order (the "<u>Reclamation Notice Deadline</u>"), the Debtors shall file with the Court a notice (the "<u>Reclamation Notice</u>"), listing the Reclamation Claims and the amount (if any) of each such Reclamation Claim that the Debtors determine to be valid. The Debtors shall serve the Reclamation Notice on the following parties (the "<u>Notice Parties</u>"): (i) the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"); (ii) attorneys for any statutory committee of unsecured creditors (the "<u>Committee</u>") appointed in these chapter 11 cases; and (iii) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand;

e. If the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a Reclamation Demand in accordance with subsection (b) of this decretal paragraph may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

f. Any party that wishes to object to the Reclamation Notice shall file and serve an objection (a "<u>Reclamation Notice Objection</u>") on the Notice Parties and attorneys for the Debtors at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Nathan M. Pierce, Esq., so as to be received no later than 4:00 pm (Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "<u>Objection Deadline</u>"). Any Reclamation Notice Objection shall include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtors; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal basis for such objections;

g. Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection was filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtors in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

      h.    Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement resolving the Seller's Reclamation Claim or Reclamation Notice Objection. If the Debtors and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtors shall prepare and file with the Court a notice of settlement (a "<u>Settlement Notice</u>") and serve such Settlement Notice on the Notice Parties. Each Notice Party shall have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtors an objection thereto (a "<u>Settlement Objection</u>");

      i.    If no Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, such Reclamation Claim shall be treated in accordance with the Settlement Notice without further order of the Court.

      j.    If a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "<u>Settlement Stipulation</u>"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court.

      k.    If no consensual resolution of a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is reached within thirty (30) days after the date the Settlement Objection was filed and served, the Debtors may file a motion with the Court requesting a hearing to fix the allowed amount of the Reclamation Claim, unless the Debtors and the party filing the Settlement Objection agree to extend such thirty (30) day period; and

      l.    If any Reclamation Claims are still subject to a pending Reclamation Notice Objection ninety (90) days following the Objection Deadline (or a later date as may be agreed to by the Seller and the Debtors) and no Settlement Notice has been filed therewith, the Debtors may file a motion with the Court to fix the allowed amounts of such Reclamation Claims and schedule a hearing to consider such motion.

; and it is further

      ORDERED that the foregoing Reclamation Procedures are the sole and exclusive method for resolving unpaid Reclamation Claims asserted against the Debtors; and it is further

      ORDERED that all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including without limitation:

(a) commencing adversary proceedings and contested matters in connection with any Reclamation Claims, (b) seeking to obtain possession of any Goods, and (c) interfering with the delivery of any Goods to the Debtors; *provided, however,* that nothing in this Order shall bar a Seller from asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code; and it is further

ORDERED that any adversary proceedings or contested matters related to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with the Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein; and it is further

ORDERED that, to the extent a Reclamation Claim has been paid by the Debtors pursuant to another order entered by the Court in these chapter 11 cases, including any orders authorizing the Debtors to pay prepetition claims of certain essential suppliers and vendors or foreign creditors or pursuant to the United States Treasury Auto Supplier Support Program, the Reclamation Procedures shall not apply to such Seller and any Reclamation Claim filed by such Seller with the Court shall be deemed withdrawn without the need for any further order of the Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
    ***June 1, 2009***

                                              ***S/ Robert E. Gerber***
                                              United States Bankruptcy Judge