**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                   :
**In re**                                          :            **Chapter 11 Case No.**
                                                   :
**GENERAL MOTORS CORP.,** *et al.*,                :            **09-50026 (REG)**
                                                   :
                           **Debtors.**            :            **(Jointly Administered)**
                                                   :
----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(b), 503(b), AND
105(a) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING
DEBTORS TO (a) CONTINUE THEIR LIABILITY, PRODUCT,
PROPERTY, AND OTHER INSURANCE PROGRAMS AND
(b) PAY ALL OBLIGATIONS IN RESPECT THEREOF, AND
(II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR
AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors

Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 363(b), 503(b), and

105(a) of title 11, United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order  (i)

authorizing the Debtors to (a) continue their Insurance Programs and (b) pay all undisputed

obligations in respect thereof, on an uninterrupted basis, consistent with their practices in effect

prior to the commencement of the Debtors' chapter 11 cases, including the payment of all

undisputed premiums, deductibles, administrative fees, Insurance Service Providers' fees, and

other obligations arising under the Insurance Programs, whether relating to the period prior to or

after the commencement of these chapter 11 cases (collectively, the "Insurance Obligations"),

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

and (ii) authorizing and directing the banks and other financial institutions at which the Debtors

maintain disbursement accounts, including, but not limited to, the Banks listed on Exhibit A

annexed hereto (the "Banks"), to honor and process checks and electronic fund transfers

requested by the Debtors related to such obligations to the extent of funds on deposit, all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to (i) the Office of the United States Trustee

for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys

for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement,

(v) the attorneys for the agent under GM's prepetition amended and restated secured revolving

credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a

consolidated basis), (vii) the attorneys for the International Union, United Automobile,

Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the

International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—

Communications Workers of America, (ix) the United States Department of Labor, (x) the

attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc

bondholders committee, and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Motion (the "Hearing"); and

upon the record of the Hearing and all of the proceedings had before the Court; and the Court

having found and determined that the relief sought in the Motion is necessary to avoid immediate

and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003,

and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized and empowered to maintain their

Insurance Programs without interruption, on the same basis, and in accordance with the same

practices and procedures that were in effect prior to the commencement of the Debtors' chapter

11 cases; and it is further

ORDERED that the Debtors are authorized to pay, in their sole discretion, all

undisputed Insurance Obligations, including, without limitation, all undisputed premiums,

deductibles, administrative fees, Insurance Service Providers' fees, and all other obligations

relating to the Insurance Programs, including those Insurance Obligations that (i) were due and

payable or related to the period before the commencement of these chapter 11 cases, and (ii) are

or become due and payable or related to the period after the commencement of these chapter 11

cases, in each instance without further order of the Court; and it is further

ORDERED that the Banks, including, but not limited to, those on the list annexed

hereto as Exhibit A, are authorized and directed to honor, process, and pay, to the extent of funds

on deposit, any and all prepetition checks or electronic fund transfer requests issued by the

Debtors in respect of any Insurance Obligation, whether pre- or postpetition; and it is further

ORDERED that any Bank, including, but not limited to those on the list annexed

hereto as Exhibit A, may rely on the representations of the Debtors with respect to whether any

check or other transfer drawn or issued by the Debtors prior to the Commencement Date should

be honored pursuant to this Order, and such Bank shall not have any liability to any party for

relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as

prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims

against the Debtors in connection with or relating to the Debtors' Insurance Programs; and it is

further

ORDERED that, to the extent that any Insurance Program or any related contract

or agreement is deemed an executory contract within the meaning of section 365 of the

Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall

constitute the postpetition assumption of any such Insurance Program, contract, or related

agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby

waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions

of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
          *June 1, 2009*

                                                            *S/ Robert E. Gerber*
                                                            United States Bankruptcy Judge

## **EXHIBIT A**

### **Bank Accounts**

| Bank Name | Bank Mailing Address | Account Held By | Last Four Digits of Account # | Type of Account |
|---|---|---|---|---|
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 4156 | Products Liability |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 4164 | General Liability |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 4172 | Auto Liability |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 4180 | Workers Compensation |