UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                           :

In re                                                  :         Chapter 11 Case No.
                                                           :

**GENERAL MOTORS CORP.**, *et al*.,         :         09- 50026 (REG)
                                                           :

          Debtors.                              :         (Jointly Administered)
                                                           :
-----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366
(I) APPROVING DEBTORS' PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY
COMPANIES, AND (III) PROHIBITING UTILITIES FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 366 of title 11, United States Code (the "Bankruptcy Code"), for entry of an order (i) approving the Debtors' Proposed Adequate Assurance; (ii) establishing procedures for resolving any objections to the Motion by the Utility Companies that the Proposed Adequate Assurance is not adequate; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors' Proposed Adequate Assurance satisfies the requirements under section 366 of the Bankruptcy Code; and it is further

ORDERED that no Utility Company shall (i) discontinue, alter, or refuse service to, or discriminate against, any of the Debtors on the basis of the commencement of these chapter

11 cases or as a result of any unpaid prepetition charges or (ii) require additional adequate assurance of payment, other than the Adequate Assurance Deposit supplied; and it is further

ORDERED that any Utility Company seeking an Adequate Assurance Deposit shall make such request in writing to (i) General Motors Corporation, 30200 Mound Rd., Engineering Bldg, M/C 480-111-W65, Warren, MI 48090 (Attn: Mike Demsky) and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Pablo Falabella) (together, the "Notice Parties"), so that it is received on or before **4:00 p.m. (Eastern Time) on June 15, 2009** ("Adequate Assurance Deposit Request Deadline"); and it is further

ORDERED that any Utility Company that is not satisfied with the Adequate Assurance Deposit shall (i) file an objection with the Court ("Objection"), which Objection shall (a) be in writing, (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the location(s) for which Utility Services are provided, (d) include a summary of the Debtors' payment history to such Utility Company, including any security deposits, and (e) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (ii) serve the Objection upon the Notice Parties so that it is received on or before **4:00 p.m. (Eastern Time) on June 15, 2009**; and it is further

ORDERED that any Utility Company that fails to timely serve and file its (i) request for an Adequate Assurance Deposit or (ii) Objection to the Motion, is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code without further application to, or order of, the Court; and it is further

ORDERED that a hearing shall be conducted on **June 25, 2009 at 9:45 a.m. (Eastern Time)** to resolve any timely filed Objection; and it is further

ORDERED that the Debtors are authorized to supplement, as necessary, the list of Utility Companies annexed to the Motion as Exhibit A (the "Utility Service List"), and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List, and shall be binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Service List, with the related Adequate Assurance Request Deadline extended for any newly-identified Utility Company (a "New Utility") to a date twenty (20) days from the date the amendment is filed; and it is further

ORDERED that any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the Motion shall be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied earlier; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors shall serve a copy of this Order and the Motion on the Utility Companies listed on Exhibit A to the Motion by first class mail on or before June 2, 2009, and shall serve the same on a New Utility in the same fashion on or before 3 days after the applicable amendment is filed; and it is further

ORDERED that the Debtors' service of the Motion upon the Utility Companies shall not constitute an admission or concession that any such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and all rights and defenses of the Debtors are reserved with respect thereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      ***June 1, 2009***

                                      ***S/ Robert E. Gerber***
                                      United States Bankruptcy Judge