**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                             :          Chapter 11 Case No.
                                                                  :
**GENERAL MOTORS CORP.,** *et al.*,                               :          09-50026 (REG)
                                                                  :
                                Debtors.                          :          (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 363(b), 507(a)(8), 541, AND 105(a) AUTHORIZING DEBTORS TO PAY PREPETITION TAXES AND ASSESSMENTS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 363(b), 541, and 105(a) of title 11, United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (i) authorizing the Debtors to pay, in their sole discretion, all Property Taxes, Sales Taxes, Use Taxes, Excise Taxes, Gross Receipts Taxes, Franchise Taxes, Business License Fees, Annual Report Taxes, and Other Governmental Assessments (collectively, the "Taxes and Assessments") relating to periods prior to the Commencement Date, including any penalties and interest thereon determined to be owed for periods prior to the Commencement Date and all those Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed for periods prior to the Commencement Date, and (ii) authorizing the Debtors' banks and other financial institutions (collectively, the "Banks"), when requested by the Debtors in their sole

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

discretion, to receive, process, honor, and pay any and all checks and electronic transfers related to the prepetition Taxes and Assessments, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003 and is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion, to pay all Taxes and Assessments relating to periods prior to the Commencement Date, including any penalties and interest thereon determined to be owed for periods prior to the Commencement Date and all those Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed for periods prior to the Commencement Date to the proper Taxing Authorities; and it is further

ORDERED that all applicable Banks, including, but not limited to, those identified on Exhibit A annexed hereto, shall be, and hereby are, authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' accounts to pay the Taxes and Assessments, whether those checks were presented prior to or after the Commencement Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Taxes and Assessments that may be due to any Taxing Authorities, and all of the Debtors' rights with respect thereto are hereby reserved; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
***June 1, 2009***

***S/ Robert E. Gerber***
United States Bankruptcy Judge

## **EXHIBIT A**

### **Bank Accounts**

| Bank Name | Bank Mailing Address | Account Held By | Last Four Digits of Account # |
|---|---|---|---|
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 0399 |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 3343 |
| JPMorgan Chase Bank N.A. | 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | General Motors Corporation | 2176 |