UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                             :    Chapter 11 Case No.
                                                                  :
**GENERAL MOTORS CORP.**, *et al.*,                               :    09-50026 (REG)
                                                                  :
                              Debtors.                            :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 364 AUTHORIZING DEBTORS TO (I) PAY PREPETITION CLAIMS OF CERTAIN ESSENTIAL SUPPLIERS, VENDORS, AND SERVICE PROVIDERS, (II) CONTINUE TROUBLED SUPPLIER ASSISTANCE PROGRAM, AND (III) CONTINUE PARTICIPATION IN THE UNITED STATES TREASURY AUTO SUPPLIER SUPPORT PROGRAM**

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105, 363, and 364 of title 11, United States Code (the "Bankruptcy Code"), for entry of an order authorizing Debtors to: (I) pay prepetition claims of certain essential suppliers, vendors, and service providers, (II) continue Troubled Supplier Assistance Program, and (III) continue participation in the United States Treasury Auto Supplier Support Program, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein have the meanings ascribed to such terms in the Motion

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 (the "Henderson Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all, or a portion, of the Essential Vendor Claims upon such terms and in the manner provided in this Order and the Motion; and it is further

ORDERED that the Debtors shall be authorized to require certain Essential Vendors to enter into a Trade Agreement as a condition to payment of their Essential Vendor Claims; and it is further

ORDERED that this Order is intended to authorize, but shall not require, the Debtors to enter into Trade Agreements, it being the express intention of this Court that the Debtors shall enter into Trade Agreements only when the Debtors determine, in their sole discretion, that it is appropriate to do so; and it is further

ORDERED that if an Essential Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment of its Essential Vendor Claim (regardless of whether such Essential Vendor has entered into a Trade Agreement), or fails to comply with any Trade Agreement, then the Debtors may, in their sole discretion and without further order of this Court, (a) declare that any Trade Agreement between the Debtors and such Essential Vendor is terminated (if applicable) and (b) declare that the payments made to the Essential Vendor on account of its Essential Vendor Claim be deemed to have been made in payment of then-outstanding postpetition claims of such supplier.  Such Essential Vendor shall then immediately repay to the Debtors the amount of any payment made to the Essential Vendor with respect to its Essential Vendor Claim to the extent that payments on account of such Essential Vendor Claim exceed the postpetition claims of such supplier then outstanding without giving effect to any rights of setoff, reclamation, or otherwise.  In the event that a Trade Agreement is terminated or an Essential Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Vendor Claim (regardless of whether such Essential Vendor has entered into a Trade Agreement), it is the

express intention of this Court to return the parties to their position immediately prior to the entry of this Order with respect to all prepetition claims; and it is further

ORDERED that the Debtors may, in their sole discretion, reinstate a Trade Agreement if:

(a) the Debtors' determination to terminate a Trade Agreement is subsequently reversed by this Court, after notice and a hearing following a motion by the Essential Vendor, for good cause shown that the determination was materially incorrect;

(b) the underlying default under the Trade Agreement was fully cured by the Essential Vendor not later than five (5) business days following the Debtors' notification to the Essential Vendor that a default had occurred; or

(c) the Debtors, in their discretion, reach a favorable alternative agreement with the Essential Vendor

; and it is further

ORDERED that the Debtors are authorized, but not directed, to elect, in their sole discretion, to waive the conditions of this Order for payment of an Essential Vendor Claim (the "Waiver") and to conditionally pay the claim of a supplier or service provider (the "Recalcitrant Supplier"), subject to the following procedures:

(a) In the event that the Debtors grant a Waiver to a Recalcitrant Supplier, the Debtors shall file the Notice of Waiver in substantially the form attached to the Motion as Exhibit B and, within five (5) business days of the payment pursuant to the Waiver, either (a) file an Order to Show Cause in substantially the form attached to the Motion as Exhibit C (an "Order to Show Cause") with this Court requiring that the Recalcitrant Supplier appear and show cause why the Recalcitrant Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods or services from the Debtors under one or more contracts between the Debtors and the Recalcitrant Supplier and be required to immediately disgorge the payment received pursuant to the Waiver or (b) if the Debtors determine that the Recalcitrant Supplier has not violated the automatic stay provisions of 11 U.S.C. § 362 or the Debtors, in their discretion, elect not to file an Order to Show

        Cause, provide notice of such determination and the amount paid to the Recalcitrant Supplier pursuant to the Waiver to (i) the U.S. Trustee, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for the official committee of unsecured creditors (the "<u>Creditors' Committee</u>"), (iv) the agent under GM's prepetition secured term loan agreement and the agent under GM's prepetition amended and restated secured revolving credit agreement, and (v) prior to the appointment of the Creditors' Committee, the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis).

(b)     In the event that the Debtors file an Order to Show Cause with respect to a Recalcitrant Supplier, at the first regularly scheduled hearing occurring at least five (5) business days following entry of the Order to Show Cause by this Court, the Recalcitrant Supplier shall be required to appear before this Court and demonstrate that such Recalcitrant Supplier should not be held in violation of the automatic stay.

(c)     Should the Court determine that, by its conduct, the Recalcitrant Supplier has violated the automatic stay, the Recalcitrant Supplier shall be required to disgorge the amount of the payment made to the Recalcitrant Supplier by the Debtors pursuant to the Waiver, plus attorneys' fees and interest accrued on such amount at the federal judgment rate or such other higher rate as this Court specifies, within three (3) business days.

(d)     Nothing contained herein shall limit the Debtors' right to file any motions, adversary complaints, or other pleadings to pursue other remedies, including, without limitation, injunctive relief

; and it is further

        ORDERED that the form of Notice of Waiver and the form of Order to Show Cause are hereby approved in all respects for use in accordance with the provisions of this Order; and it is further

        ORDERED that the Debtors are authorized (but not directed) to continue to provide Troubled Supplier Assistance and to make all payments and extend all accommodations pursuant thereto whether relating to the period prior to or after the Commencement Date; and it is further

ORDERED that the Debtors are authorized (but not directed), in their discretion, to provide Troubled Supplier Assistance to any suppliers that may become financially or operationally distressed after the Commencement Date in the ordinary course of the Debtors' businesses and without any further order from this Court; and it is further

ORDERED that the Debtors are authorized, in their sole discretion and in the ordinary course of their businesses, to fully participate in the United States Treasury Auto Supplier Support Program (the "UST Support Program") and to make all payments required with respect thereto; and it is further

ORDERED that nothing herein shall be construed (i) to limit, or in any way affect, the Debtors' ability to dispute any Essential Vendor Claim, or (ii) as a waiver by any of the Debtors of their rights to contest any invoice or other claim of an Essential Vendor under applicable law; and it is further

ORDERED that nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party or to require the Debtors to make any of the payments authorized herein; and it is further

ORDERED that each of the Banks is authorized and directed to receive, process, honor, and pay, to the extent of funds on deposit, all Checks and Electronic Transfers issued in respect of Essential Vendor Claims, Troubled Supplier Assistance, and UST Support Program whether presented prior to or after the Commencement Date without further Order of the Court, and such Banks are authorized to rely on the representations of the Debtors as to which checks and Electronic Transfers are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on ***June 25, 2009 at 9:45 a.m***. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon those parties entitled to receive service of this Order as provided below, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on ***June 15, 2009***; and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *June 1, 2009*

                                        *S/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE