UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**GENERAL MOTORS CORP.,** *et al.*,             :    09-50026 (REG)
                                                :
                            Debtors.            :    (Jointly Administered)
                                                :
------------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING DEBTORS TO PAY PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11, United States Code (the "Bankruptcy Code"), for entry of an order (i) authorizing the Debtors to pay, in the ordinary course of business, as and when due, any prepetition claims owing to Foreign Creditors, and (ii) authorizing and directing the Banks to honor and pay, to the extent of funds on deposit, any prepetition checks drawn or fund transfer requests made for payment of claims owing to Foreign Creditors without further order of the Court, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 (the "Henderson Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized (but not required) to pay, in their discretion and in the ordinary course of business, as and when due, the Foreign Claims; and it is further

ORDERED that in exchange for payment of the Foreign Claims, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors shall be required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such Foreign Creditor and the Debtors in the twelve (12) month period preceding the Commencement Date or on such other favorable terms as the Foreign Creditor and the Debtors may otherwise agree (the "Customary Trade Terms").  The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, *provided* that the Debtors pay for the goods in accordance with the payment terms provided in the agreement; and it is further

ORDERED that the Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; *provided*, *however*, that the absence of such written verification shall not limit the Debtors' rights hereunder; and it is further

ORDERED that if any Foreign Creditor is paid with respect to its prepetition obligation of the Debtors and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, any payments made to the Foreign Creditor shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be

recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount recovered; and it is further

ORDERED that all Banks are hereby authorized and directed to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Commencement Date.  Such banks and financial institutions shall be authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED that nothing contained herein shall (a) constitute, or shall be deemed to constitute, the assumption of any contract or agreement under section 365 of the Bankruptcy Code, or (b) create or be deemed to create any rights in favor of, or enhance the status of any claim held by, any person; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on ***June 25, 2009 at 9:45 a.m***. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon those parties entitled to receive service

of this Order as provided below, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on *June 15, 2009*; and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   New York, New York
         *June 1, 2009*

                                        *S/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE