**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORPORATION, *et al.*,[1] ) | Jointly Administered |
| ) | |
| Debtor. ) | |
| ) | |

INTERIM ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363 AND FED. R. BANKR. P. 2002, 4001 AND 9014
(I) GRANTING ADEQUATE PROTECTION TO TERM LOAN SECURED PARTIES AND (II)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)

("INTERIM TERM LOAN ADEQUATE PROTECTION ORDER")

Upon the motion, dated June 1, 2009 (the "Motion"), of General Motors Corporation (the "Company") and its affiliated debtors, each as debtor and debtor-in-possession (collectively, the "Debtors") in the above-captioned case (the "Cases") for interim and final orders under sections 105, 361, 362, 363(c) and 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), seeking, inter alia:

(I) to provide adequate protection to the Secured Parties,[2] (collectively, the "Term Loan Secured Parties") under the Term Loan Agreement dated as of November 29, 2006 (as amended, supplemented or otherwise modified, the "Term Loan Facility") among the Company, Saturn, LLC, as a guarantor, JPMorgan Chase Bank, N.A., as administrative agent for the lenders thereunder (in such capacity, the "Term Loan Agent"), Credit Suisse Securities (USA) LLC, as syndication agent and the banks and other financial institutions party thereto as lenders pursuant to sections 361, 362 and 363 of the Bankruptcy Code as a result of the use of the Prepetition Collateral (as defined below);

---

[1] The Debtors in these cases include: the Company, Saturn, LLC, Saturn Distribution Corporation, and Chevrolet-Saturn of Harlem, Inc.

[2] Defined terms used in this order and not otherwise defined have the meaning given to such term in the Loan Documents, as such term is defined in the Term Loan Facility.

A:\GM  INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC

    (II)  subject to entry of the Final Order, the waiver by the Debtors of any right to surcharge the Collateral (as defined in paragraph 5 below) pursuant to section 506(c) of the Bankruptcy Code; and

    (III)  to schedule, pursuant to Bankruptcy Rule 4001, a final hearing (the "<u>Final Hearing</u>") for this Court to consider entry of a final order (the "<u>Final Order</u>") approving the relief requested in the Motion to become effective pursuant to the Final Order.

  The interim hearing having been held by this Court on June 1, 2009 (the "<u>Interim Hearing</u>") and upon the record made by the Debtors at the Interim Hearing and after due deliberation and consideration and sufficient cause appearing therefor;

  IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

  1.  *Jurisdiction*.  This Court has core jurisdiction over the Cases commenced on June 1, 2009 (the "<u>Petition Date</u>"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  2.  *Notice*.  Notice of the Motion, the relief requested therein and the Interim Hearing was served by the Debtors on (a) the Office of the United States Trustee for the Southern District of New York, (b) the attorneys for the U.S. Treasury, (c) the attorneys for Export Development Canada, (d) the Term Loan Agent (as defined below), (e) counsel to the Term Loan Agent, (f) the Revolver Agent, (g) counsel to the Revolver Agent, (h) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (i) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (j) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (k) the United States Department of Labor, (*l*) the attorneys for the National Automobile Dealers Association, (m) the attorneys for the ad hoc bondholders committee, and (n) the Internal Revenue Service. Under the circumstances, the notice given by the Debtors of the Motion, the relief requested therein and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(b) and (c).

3. *Findings Regarding the use of Prepetition Collateral.*

(a) Good cause has been shown for the entry of this Order.

(b) The Debtors' Obligations are secured by liens granted to the Term Loan Agent on the property of the estates that constitutes Collateral under, and as defined in, the Term Loan Facility (the "Prepetition Collateral").

(c) The terms of the use of the Prepetition Collateral pursuant to this Order are fair and reasonable, reflect the exercise of prudent business judgment by the Debtors consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

(d) The terms of the use of the Prepetition Collateral have been the subject of extensive negotiations conducted in good faith and at arm's length among the Debtors and the Term Loan Agent and pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code, and the Term Loan Agent and the Term Loan Secured Parties are hereby found to be entities that have acted in "good faith" in connection with the negotiation and entry of this Order.

(e) The Debtors have requested entry of this Order pursuant to Bankruptcy Rule 4001(b)(2). Absent granting the interim relief sought by this Order, the Debtors' estates will be immediately and irreparably harmed. The use of the Collateral in accordance with this Order is in the best interest of the Debtors' estates.

(f) Except as expressly set forth herein, this Order does not address the disposition of any Prepetition Collateral or the proceeds thereof outside the ordinary course of business.

4. *Entitlement to Adequate Protection.*

As a result of the Debtors' use of the Prepetition Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Term Loan Secured Parties are entitled, pursuant to sections 361, 362 and 363 of the Bankruptcy Code, to adequate protection of their interests in the Prepetition Collateral, in an amount equal to the aggregate diminution in value of the Prepetition Collateral, including without limitation, any such diminution resulting from the sale, lease or use by the Debtors (or other decline in value) of the Prepetition Collateral (the amount of such diminution in value, the "Adequate Protection Obligations").

A:\GM   INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC

5. *Adequate Protection Claims and Liens.*

As adequate protection, the Term Loan Agent and the Term Loan Secured Parties are hereby granted the following claims, liens, rights and benefits:

(a) Section 507(b) Claim. The Adequate Protection Obligations due to the Term Loan Secured Parties shall constitute superpriority claims as provided in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including without limitation, sections 326, 328, 330, 331 and 726 of the Bankruptcy Code, and shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor, in any of the Cases or any subsequent proceedings under the Bankruptcy Code (the "Superpriority Claim"), provided that the Superpriority Claim (i) shall not be payable from or have recourse to the proceeds of avoidance actions arising under chapter 5 of the Bankruptcy Code ("Avoidance Actions"), (ii) shall be subject and subordinate only to the Carve-Out, as defined below, and any superpriority claims granted to the DIP Lenders, as defined in and pursuant to the Court's order authorizing the Debtors to obtain post petition financing (the "DIP Order"), and (iii) shall be *pari passu* with any adequate protection superpriority claim granted in favor of any other adequate protection claims (collectively, the "Adequate Protection Claims"), including any adequate protection claim granted in connection with (x) the Amended and Restated Credit Agreement, dated as of July 20, 2006 among the Company, General Motors of Canada Limited, Saturn, LLC, Citicorp USA, Inc., as administrative agent for the lenders thereunder (in such capacity, the "Revolver Agent") and the banks and other financial institutions party thereto, and (y) the U.S. Treasury Loan Agreement, as defined in the Motion.

(b) Adequate Protection Liens. As security for the Adequate Protection Obligations owing to the Term Loan Secured Parties, effective and perfected as of the Petition Date, the following security interests and liens are hereby granted to the Term Loan Agent, for its own benefit and the benefit of the Term Loan Secured Parties (all property identified in clauses (i) through (iii) below, other than the exceptions set forth therein, being collectively referred to as the "Collateral"), subject only to the Carve-Out (all such liens and security interests granted to the Term Loan Agent, for its benefit and for the benefit of the Term Loan Secured Parties pursuant to this Order, the "Term Loan Adequate Protection Liens"):

(i)     <u>First Priority Lien on Certain Property</u>.    A valid, binding, continuing, enforceable fully perfected lien on, and security interest in, all postpetition property (excluding Avoidance Actions) of the Debtors which, but for the commencement of the Cases, would constitute Prepetition Collateral.

(ii)    <u>Lien On Unencumbered Property</u>.    A valid, binding, continuing, enforceable, fully-perfected first lien on, and security interest in, all tangible and intangible property (excluding Avoidance Actions), other than property set forth in (i) above, whether existing on or as of the Petition Date or thereafter acquired, that is not subject to valid, perfected, non-avoidable and enforceable liens in existence on or as of the Petition Date, <u>provided</u> that, the lien granted pursuant to this paragraph (i) shall be immediately junior to any lien granted to the DIP Lenders, as defined in and pursuant to the DIP Order, and (ii) shall be *pari passu* with any adequate protection liens granted to secure Adequate Protection Claims.

(iii)   <u>Liens Junior To Certain Existing Liens</u>.    A valid, binding, continuing, enforceable, fully-perfected junior lien on, and security interest in all tangible and intangible prepetition and postpetition property (excluding Avoidance Actions) of the Debtors whether now existing or hereafter acquired, that is subject to valid, perfected and unavoidable liens in existence immediately prior to the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code, <u>provided</u> that the lien granted pursuant to this paragraph shall also be subject and junior to any lien granted to the DIP Lenders, as defined in and pursuant to the DIP Order, and shall be *pari passu* with any adequate protection liens granted to secure any Adequate Protection Claims.

(iv)    <u>Liens Senior To Certain Other Liens</u>.    Except as set forth herein, the Term Loan Adequate Protection Liens shall not be (i) subject or subordinate to (A) any lien or security interest that is avoided and preserved for the benefit of any of the Debtors and their respective estates under section 551 of the Bankruptcy Code or (B) any liens arising after the Petition Date,

including without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of any of the Debtors, or (ii) subordinated to or made *pari passu* with any other lien or security interest granted under sections 363 or 364 of the Bankruptcy Code or otherwise.

For purposes hereof, the "Carve-Out" shall have the same meaning as provided in the DIP Order, provided that the Carve-Out shall not be available to pay any professional fees and expenses incurred in connection with the initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation against the Term Loan Secured Parties, and nothing in this Order shall impair the right of any party to object to the reasonableness of any such fees or expenses to be paid by the Debtors' estates. Notwithstanding anything herein to the contrary, the Carve-Out shall not apply to any Collateral proceeds or other amounts paid to the Term Loan Agent for itself or for the benefit of the Term Loan Secured Parties pursuant to the terms of this or any other order and all proceeds and other amounts shall be paid free and clear of the Carve-Out.

(c) Current Payment of Interest, Fees, etc. On account of the Adequate Protection Obligations, the Debtors shall pay to the Term Loan Agent for the benefit of the Term Loan Secured Parties current interest on all outstanding Obligations (including any interest accrued but unpaid prior to the Petition Date) calculated at the non-default rates (excluding the right to select Eurodollar options after the Petition Date) and in the manner set forth in the Term Loan Facility. Such interest and fees shall be payable monthly on the last business day of each month and on the Termination Date (as defined below). Notwithstanding anything herein to the contrary, if and only if the Obligations shall not have been indefeasibly paid in full, without taking into account any default rate of interest, and in cash on or before 45 days after the Petition Date, then the Term Loan Secured Parties' right at any time to seek payment of interest as of the Petition Date at the default rate set forth in Section 2.09(d) of the Term Loan Facility shall be fully preserved. Nothing in this Order shall constitute a finding that the actual amount of Adequate Protection Obligations shall equal the payments required to be paid under this paragraph 5(c).

(d) Reimbursement. The Debtors are authorized and directed, within 10 days of submission of invoices therefor (which invoices shall be concurrently provided to the US Trustee and any Committee), to pay or reimburse all pre or post Petition Date reasonable fees, costs and charges incurred by the

A:\GM   INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC

Term Loan Agent (including, without limitation, the reasonable fees and out-of-pocket disbursements of counsel to the Term Loan Agent), in accordance with the terms and provisions of the Term Loan Facility, in each case, in connection with matters relating to this Order and the monitoring of the Cases or the enforcement and protection of the rights and interests of the Term Loan Agent in respect of the Adequate Protection Obligations and the Obligations.  None of the fees, costs and expenses payable pursuant to this paragraph shall be subject to separate approval by this Court (but this Court shall resolve any dispute as to the reasonableness of any such fees, costs and expenses), and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto.

(e) <u>Maintenance of Adequate Insurance</u>.  Debtors shall maintain insurance on the Pre-Petition Collateral in accordance with Section 4.02 of the Collateral Agreement dated as of November 29, 2006 between certain of the Debtors and the Term Loan Agent.

6. <u>Termination</u>.  The Term Loan Secured Parties' agreement that the provisions set forth in paragraph 5 of this order constitute adequate protection shall terminate (the date of any such termination, the "<u>Termination Date</u>") upon 5 business days' written notice (the "<u>Notice</u>") to the Debtors (with a copy to counsel for any Committee, the United States Treasury and the United States Trustee) after the occurrence and continuance of any of the following events (the "<u>Events of Default</u>") beyond any applicable grace period set forth below:

(a) Failure of the Debtors to make any payment to the Term Loan Agent or Term Loan Secured Parties as and when required by this Order;

(b) Failure of the Debtors to (i) comply with any material terms of this Order, or (ii) comply with any other covenant or agreement specified in this Order (other than those described in clause (i) above) and such failure to comply with any such other covenant or agreement shall continue unremedied for more than three (3) business days after written notice thereof is received from the Term Loan Agent;

(c) Any of the Cases shall be dismissed or converted to a Chapter 7 case; or a Chapter 11 trustee with plenary powers, or an examiner with enlarged powers relating to the operation of the businesses of the Debtor (powers beyond those set forth in Section 1106(a)(3) and (4) of the Bankruptcy Code) shall be appointed in any of the Cases;

(d) An order shall be entered reversing, amending, supplementing, staying, vacating or otherwise modifying this Order in a manner that the Term Loan Agent reasonably determines to be materially adverse to the interests of the Term Loan Secured Parties;

(e) A filing by any Debtor (or any successors and assigns) of any motion or application or adversary proceeding challenging the validity, enforceability, perfection or priority of the liens securing the Obligations or any other cause of action against and/or with respect to the Obligations, the prepetition liens securing such Obligations, the Term Loan Agent or any of the Term Loan Secured Parties;

(f) Other than payments authorized by the Court and which are set forth in the approved budget, in the form as of the date hereof attached to the DIP Order, any Debtor shall make any material payment (whether by way of adequate protection or otherwise) of principal or interest or otherwise on account of any pre-petition indebtedness or payables;

(g) Five business days after the acceleration of the DIP Facility, as defined in the motion to approve the DIP Order.

(h) Failure of the Debtors to indefeasibly pay in full and in cash the Obligations, without taking into account any interest at the default rate, on or before 45 days after the Petition Date.

The Debtors shall promptly provide Notice to the Term Loan Agent (with a copy to counsel for any Committee, the United States Treasury, and the United States Trustee) of the occurrence of any Event of Default. Notwithstanding clauses (c) and (f) of the foregoing, the Termination Date arising from the occurrence of the events set forth therein shall not occur unless and until the lenders under the DIP Facility, as defined in the Motion, have exercised remedies.

7. *Limitation On Charging Expenses Against Collateral*. Subject to and effective upon entry of the Final Order, except to the extent of the Carve-Out, no expenses of administration of the Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Term Loan Agent and

Majority Lenders, and no such consent shall be implied from any other action, inaction, or acquiescence by the Term Loan Agent and Majority Lenders.

8. *Payments Free and Clear.* Any and all payments or proceeds remitted to the Term Loan Agent on behalf of the Term Loan Secured Parties pursuant to the provisions of this Order or any subsequent order of this Court shall be received free and clear of any claim, charge, assessment or other liability, including without limitation, any such claim or charge arising out of or based on, directly or indirectly, sections 506(c) (whether asserted or assessed by, through or on behalf of the Debtors) or 552(b) of the Bankruptcy Code.

9. *Reservation of Rights of Term Loan Secured Parties.* This Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Term Loan Secured Parties in the Prepetition Collateral. Except as expressly provided herein, nothing contained in this Order shall impair or modify any rights, claims or defenses available in law or equity to any Term Loan Secured Party, including without limitation, the Term Loan Secured Parties' right to seek further and other adequate protection upon the occurrence of any Event of Default as listed in paragraph 6; provided, that, Debtors shall have the right to object or respond to any such rights, claims or defenses and to any such motion by the Term Loan Secured Parties.

10. *Perfection Of Term Loan Adequate Protection Liens.*

The Term Loan Agent is hereby authorized, but not required, to file or record financing statements, intellectual property filings, mortgages, notices of lien or similar instruments in any jurisdiction, take possession of or control over, or take any other action in order to validate and perfect the liens and security interests granted to it hereunder. Whether or not the Term Loan Agent chooses to file such financing statements, intellectual property filings, mortgages, notices of lien or similar instruments, take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to it hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the date of entry of this Order.

11. *Preservation Of Rights Granted Under The Order.*

(a) Except as set forth herein, no claim or lien having a priority senior to or *pari passu* with those granted by this Order to the Term Loan Agent and the Term Loan Secured Parties shall be granted or

A:\GM   INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC

allowed while any portion of the Adequate Protection Obligations remain outstanding, and Term Loan Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

(b)     If an order dismissing any of the Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (x) the Superpriority Claim and the Term Loan Adequate Protection Liens, shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Adequate Protection Obligations shall have been paid and satisfied in full (and that such Superpriority Claim and the Term Loan Adequate Protection Liens shall, notwithstanding such dismissal, remain binding on all parties in interest) and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (x) above.

(c)     Except as expressly provided in this Order or in the Loan Documents, the Adequate Protection Obligations, the Superpriority Claim and all other rights and remedies of the Term Loan Agent, and the Term Loan Secured Parties granted by the provisions of this Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Cases to a case under chapter 7 of the Bankruptcy Code, dismissing any of the Cases or by any other act or omission, or (ii) the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to any remaining Adequate Protection Obligations.  The terms and provisions of this Order shall continue in the Cases or in any superseding chapter 7 case under the Bankruptcy Code, and the Term Loan Adequate Protection Liens, the Superpriority Claim and all other rights and remedies of the Term Loan Agent and the Term Loan Secured Parties granted by the provisions of this Order shall continue in full force and effect until all Adequate Protection Obligations are indefeasibly paid in full in cash.

12.     *Limitation On Use Of Proceeds and Products of Prepetition Collateral.*  Notwithstanding anything herein or in any other order of this Court to the contrary, no Collateral, Prepetition Collateral or the Carve-Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or

enforceability of any amount due under the Loan Documents, or the liens or claims granted under this Order or the Loan Documents, (b) assert any claims and defenses or any other causes of action against the Term Loan Agent and the Term Loan Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) seek to modify any of the rights granted to the Term Loan Agent and the Term Loan Secured Parties hereunder or under the Loan Documents, in the case of each of the foregoing clauses (a) through (c), without such party's prior written consent.

13. *Order Governs*.  In the event of any inconsistency between the provisions of this Order or any other order of the Court in the Cases, the provisions of this Order shall govern.

14. *Binding Effect; Successors And Assigns*.  The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in the Cases, including without limitation, the Term Loan Agent, and the Term Loan Secured Parties, any Committee, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for any of the estates of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any Debtor or with respect to the property of the estate of any Debtor) and shall inure to the benefit of the Term Loan Agent, the Term Loan Secured Parties and the Debtors and their respective successors and assigns.

15. *Limitation of Liability*.  In exercising any rights or remedies as and when permitted pursuant to this Order or the Loan Documents, subject to entry of a Final Order, the Term Loan Agent and the Term Loan Secured Parties shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute).  Furthermore, nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon the Term Loan Agent or any of the Term Loan Secured Parties any liability for any claims arising from the pre-petition or post-petition activities of any of the Debtors and their affiliates (as defined in section 101(2) of the Bankruptcy Code).

16.  *No Impact on Certain Contracts/ Transactions.*   No rights of any entity under Sections 555, 556, 559, 560 and 561 of the Bankruptcy Code shall be affected by the entry of this Order as to any contract or transaction of the kind listed in such Sections of the Bankruptcy Code.

17.  *Effectiveness.*   This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof, and there shall be no stay of execution of effectiveness of this Order.

18.  *Final Hearing*.   The Final Hearing is scheduled for ***June 25, 2009 at 9:45 a.m.,*** Eastern time, before this Court.

The Debtors shall promptly mail copies of this Order (which shall constitute adequate notice of the Final Hearing, including without limitation, notice of any Extraordinary Provisions described in the introductory language to this Order) to the parties having been given notice of the Interim Hearing, all known lienholders, the cash management banks with which the Debtors maintain deposit, lockbox, concentration, disbursement and similar accounts, and to any other party that has filed a request for notices with this Court and to any Committee after the same has been appointed, or Committee counsel, if the same shall have been appointed.   Any party-in-interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) the Office of the United States Trustee for the Southern District of New York, (b) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn:   Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (c) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:   Lawrence S. Buonomo, Esq.), (d) Cadwalader, Wickersham & Taft LLP, of counsel to the Presidential Task Force on the Auto Industry, One World Financial Center, New York, NY 10281; Attn: John J. Rapisardi, Esq., (e) Vedder Price P.C., counsel to Export Development Canada, 1633 Broadway, 47th Floor, New York, NY 10019, Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq. and McMillan LLP, counsel to EDC, Brookfield Place, Suite 4400, 181 Bay Street, Toronto, Ontario, Canada M5J 2T3, Attn: Peter A. Willis, (f) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attention: Peter V. Pantaleo, Esq., and David J. Mack, Esq., attorneys for the Revolver Agent, (g) Morgan, Lewis & Bockius LLP, 101 Park Ave, New York, NY 10178, Attention: Richard S. Toder, Esq., Andrew D. Gottfried, Esq., and Richard S. Petretti, Esq., attorneys for the Term Loan Agent, (h) the holders of the fifty largest unsecured claims

A:\GM   INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC

against the Debtors (on a consolidated basis), (i) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (j) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (k) the United States Department of Labor, (*l*) the attorneys for the National Automobile Dealers Association, (m) the attorneys for the ad hoc bondholders committee, and (n) counsel to any Committee appointed in the Cases, and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of New York, in each case to allow actual receipt by the foregoing no later than June 15, 2009 at 4:00 p.m., Eastern time.

Dated:  *June 1, 2009*
New York, New York

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

A:\GM  INTERIM ADEQUATE PROTECTION ORDER - TERM LOAN.DOC