**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
**GENERAL MOTORS CORP.**, *et al.*,                              :    09-50026 (REG)
                                                                 :
                   Debtors.                                      :    (Jointly Administered)
                                                                 :
------------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE (I) ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES, AND (II) SCHEDULING A FINAL HEARING

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 362 and 105(a) of title 11, United States Code (the "Bankruptcy Code"), for entry of an interim order (the "Interim Order") to (i) establish notification procedures and approve restrictions on certain transfers of interests in the Debtors' estates, as more fully described in the Motion, and (ii) schedule a final hearing; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) any transfer agent(s) for GM Stock, and (xiii) any person or Entity who has filed Schedule 13D or Schedule 13G with the SEC since January 1st, 2008 with regard to the beneficial ownership of GM Stock; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

FOUND that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their foreign tax credit and other excess credit carryforwards (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; and it is further

FOUND that unrestricted trading in GM Stock (as hereinafter defined) before the Debtors' emergence from chapter 11 could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of GM Stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estate, and their creditors; and it is further

FOUND that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted as provided herein on an interim basis, nunc pro tunc to the date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that until further order of this Court to the contrary, any acquisitions, dispositions, or trading in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in GM Stock and are approved:

(a) ***GM Stock Ownership, Acquisition, and Disposition***

    (1) Notice of Substantial GM Stock Ownership.  Any person or Entity (as such term is defined in section 382 of the Code, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, GM Stock in an amount sufficient to qualify such person

or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and the attorneys for any statutory committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form annexed to the Motion as Exhibit E, which describes specifically and in detail the GM Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns.

(2) Acquisition of GM Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer of equity securities (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of GM Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate GM Stock (an "Equity Acquisition Notice"), in the form annexed to the Motion as Exhibit F, which describes specifically and in detail the proposed transaction in which GM Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3) Disposition of GM Stock or Options. At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of GM Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and

    the attorneys for the Creditors' Committee, a Notice of Intent to Sell, Trade, or Otherwise Transfer GM Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed to the Motion as Exhibit G, which describes specifically and in detail the proposed transaction in which GM Stock would be transferred.  At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)    Objection Procedures.  The Debtors and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

    (i)    If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    (ii)    If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.  Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5)    Unauthorized Transactions in GM Stock or Options.  Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity securities (including Options to acquire such securities) of the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6) <u>Definitions</u>.  For purposes of this Motion and the Order, the following terms have the following meanings:

(i) <u>Substantial Equityholder</u>.  A "Substantial Equityholder" is any person or Entity that beneficially owns at least 27,000,000 shares of GM's common stock ("<u>GM Common Stock</u>") (representing approximately 4.5% of all issued and outstanding shares of GM's common stock).

(ii) <u>Beneficial Ownership.</u>  "Beneficial ownership" (or any variation thereof of GM Stock and Options to acquire GM Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases, the ownership of an Option to acquire GM Stock.

(iii) <u>Option</u>.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

(iv) <u>GM Stock</u>.  "GM Stock" shall mean GM Common Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire GM Stock may be treated as the owner of such GM Stock.

*(b)   Noncompliance with the Trading Procedures.*

Any purchase, sale, or other transfer of equity securities in the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

    *(c)*    ***Debtors' Right to Waive.***

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order, provided that pending and after the 363 Transaction, the Debtors shall not grant any waiver without the written consent of New GM, which consent shall not be unreasonably withheld.

and it is further;

ORDERED that any person or Entity acquiring and/or disposing of GM Stock in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Equity Acquisition Notice," "Equity Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as Exhibit E, Exhibit F, and Exhibit G are approved; and it is further

ORDERED that nothing in this Interim Order shall preclude any party-in-interest from seeking appropriate relief from the provisions of this Interim Order; and it is further

ORDERED that the Debtors shall use reasonable efforts to publish on the Bloomberg newswire service a notice informing potential purchasers that GM Stock is subject to the provisions of this Interim Order; and it is further

ORDERED that within three (3) business days of the entry of this Interim Order, the Debtors shall serve notice of the entry of this Interim Order substantially in the form annexed to the Motion as Exhibit A describing the authorized trading restrictions and notification requirements (the "Interim Procedures Notice") and this Interim Order to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition

secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) any record-holder listed with the transfer agent for GM Stock, and (xiii) any person or Entity who has filed Schedule 13D or Schedule 13G with the SEC since January 1st, 2008 with regard to the beneficial ownership of GM Stock.  Within three (3) business days of receipt of the Interim Procedures Notice and Interim Order, any nominee holders shall either provide the Debtors' notice and claims agent, The Garden City Group, Inc., with the last known names and addresses of their clients who are beneficial owners of GM Stock (who will in turn mail the Interim Procedures Notice and Interim Order to the beneficial owners so identified), or send the Interim Procedures Notice and Interim Order to all beneficial holders of GM Stock known to the nominee holder; and it is further

ORDERED that the Debtors shall post the Interim Procedures Notice on the website of its notice and claims agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com. Additionally, the Debtors shall submit a notice of the entry of this Interim Order for publication on the Bloomberg newswire service and arrange for publication of such notice in the national editions of *The Wall Street Journal* and *The New York Times*; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Interim Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that any objection to the relief requested in the Motion must, by 4:00 p.m. (Eastern Time) on June 18, 2009 (the "Objection Deadline"), be: (i) filed with the Court, One Bowling Green, New York, New York, and (ii) actually received by (a) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (b) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn:  Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (c) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn:  Matthew Feldman, Esq.); (d) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn:  John J. Rapisardi, Esq.); (e) the attorneys for the Creditors Committee; (f) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn:  Michael J. Edelman, Esq. and Michael L. Schein, Esq.); and (g) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; and it is further

ORDERED that if timely Objections are received there shall be a hearing held on June 25, 2009 at 9:45 a.m. (Eastern Time) to consider, on a final basis, the relief requested in the Motion; and it is further

ORDERED that if no Objections are timely filed, served, and received in accordance with this Interim Order, the Debtors shall submit to the Court a final order granting the relief requested in the Motion; and it is further

ORDERED that the requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve and maximize the value of its Tax Attributes. Accordingly, except to the extent the Interim Order expressly conditions or restricts trading in interests in the Debtors, nothing in this Interim Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any plan of reorganization or any applicable bankruptcy court order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       ***June 2**, 2009*

       *s/ **Robert E. Gerber***
       United States Bankruptcy Judge