# EXHIBIT B

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

June 1, 2009

Barry E. Bressler
Direct Dial 215-751-2050
Direct Fax 215-972-7221
E-mail bebressler@schnader.com

**Via Facsimile #212-668-2255**
**and Electronic Mail**

Diana G. Adams
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Diana.adams@usdoj.gov

Re:   In re General Motors Corporation, et al., Debtors

Dear Ms. Adams:

      We represent the Ad Hoc Committee of Consumer Victims of General Motors (the "Consumer Tort Claimants Committee"). The Consumer Tort Claimants Committee has more than 300 members who each have tort claims involving personal injuries (including derivative claims and wrongful death actions) against the General Motors Debtors ("GM"). The members of the Consumer Tort Claimants Committee are individuals who reside throughout the country, many of whom who have suffered catastrophic, life-altering injuries. The claims held by the members of the Consumer Tort Claimants Committee are valued by the members and their counsel at a total of more than $1.25 Billion.

      The Consumer Tort Claimants Committee requests that the United States Trustee appoint an official committee of tort claimants pursuant to 11 U.S.C. §1102(a)(1) to represent and protect the interests of product liability, asbestos and environmental tort claimants in this case. The formation of an additional committee separate and apart from the official committee is essential to the adequate representation of tort claimants.

      The tort claimants have mutual interests that are clearly distinct from those of dealers, suppliers and other unsecured creditors. The GM bankruptcy will attempt to follow the same path as the Chrysler LLC case. Like Chrysler, GM is seeking a sale free and clear of tort claims. In Chrysler, the Debtors offered virtually no recovery for present and future tort claimants. Although a tort claimant and an asbestos claimant were appointed to the official creditors' committee, the official committee, dominated by the PBGG, UAW and suppliers, all members whose claims will be satisfied in one way or



Diana G. Adams, U.S. Trustee
June 1, 2009
Page 2

another through the sale transaction, supported the sale. The tort claimants, who are individuals with limited financial resources, were left alone to press an objection to the sale. If an official committee of tort claimants is not appointed here, it is likely that the tort claimants will again be placed at a severe disadvantage in trying to protect their interests, effectively disenfranchising them, while the Debtors' professionals and officers are paid (even including success fees and bonuses) out of the Debtors' estate.

Please contact me if you have any questions or require any additional information in considering this request.

Yours very truly,

BARRY E. BRESSLER

BEB/sh
Cc: Brian S. Masumoto, Esq. (brian.masumoto@usdoj.gov)
Joseph R. Sgroi, Esq. (jsgroi@honigman.com)
Harvey R. Miller, Esq. (harvey.miller@weil.com)
Stephen Karotkin, Esq. (stephen.karotkin@weil.com)
Richard A. Barkasy, Esq. (rbarkasy@schnader.com)

PHDATA 3200010_1

Schnader Harrison Segal & Lewis LLP