> Motion for order shortening time denied. Insufficient cause has been shown for requiring Debtors to respond to a motion of this character on the shortened notice requested. Motion will be heard in accordance with the procedures laid out under CMO #1 and under times prescribed in the FRBP and this Court's Local Court Rules.
>
> /s/ REG
> USBJ
> 6/9/09

Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admission *Pro Hac Vice* pending)
Peter D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

COUNSEL FOR AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                    )
In re                               )    Chapter 11
                                    )
GENERAL MOTORS CORP., *et al.*,     )
                                    )    Case No. 09-50026
                                    )
                    Debtors.        )    Jointly Administered
---------------------------------------------------------------X

### MOTION OF THE AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS PURSUANT TO 9006(C) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO SHORTEN TIME

The Ad Hoc Committee of Asbestos Personal Injury Claimants[1] (the "Ad Hoc Committee") respectfully submits this Motion for an order, substantially in the form attached hereto as Exhibit A, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedures shortening the time

---

[1] The Ad Hoc Committee of Asbestos Personal Injury Claimants is comprised of William J. Lewis, a mesothelioma claimant with a settled but unpaid claim, represented by SimmonsCooper LLC; Maureen Tavaglione, Personal Representative of the Estate of Robert J. Tavaglione, represented by Waters & Kraus; Terry Roth, a lung cancer claimant, represented by Brayton Purcell LLP; Jene Moore, Sr., a mesothelioma claimant represented by Early Ludwick & Sweeney L.L.C.; Edward Levitch, a mesothelioma claimant represented by Paul & Hanley LLP; and asbestos personal injury claimants represented by Cooney and Conway; The Lanier Law Firm PLLC and Weitz & Luxemberg, P.C. Steven Kazan, Kazan, McClain, Lyons, Greenwood & Harley, PLC, serves as an *ex officio member.*

for the hearing on its Motion for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants (a "Future Claimants' Representative") and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants.

## JURISDICTION AND VENUE

1. Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on June 1, 2009 (the "Petition Date").

2. By Order dated June 1, 2009, the Court granted the Debtors' motion for an order directing the joint administration of their bankruptcy cases. The Debtors' cases are not substantively consolidated.

3. Each of the Debtors continues to operate its business and manage its assets as a debtor-in-possession.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory basis for the relief requested is Rule 9006(c) of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

7. The Ad Hoc Committee of Asbestos Claimants seeks entry of an order, substantially in the form attached hereto as Exhibit "A," shortening

2

the time for the hearing to consider the Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants (a "Future Claimants' Representative") and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants (the "Motion") so that the Motion is heard on June 18, 2009, at 11:00 a.m., and objections to the Motion must be filed and served so that they are received no later than June 12, 2009 at 5:00 p.m.

### BASIS FOR THE RELIEF REQUESTED

8. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that, with certain exceptions not applicable here, the Court may reduce the time period required before a hearing to consider a motion for cause shown. As demonstrated below, there is good cause to shorten the time to hear the Motion.

9. As stated in the Motion, to ensure that General Motors' acknowledged future asbestos claimants are vigorously and faithfully represented, a legal representative for future asbestos personal injury claimants (a "Future Claimants' Representative") should be appointed at the earliest possible date in order to take an "active and aggressive role" in protecting their interests "at every step [of the] litigation." *Findley v. Falise (In re Johns-Manville Corp.)*, 898 F.Supp. 473, 565 (S.D.N.Y. 1995). Similarly, because the Sale Motion now before this Court seeks to affect the

3

rights of current asbestos claimants as well as future asbestos demand holders, an Official Committee of Asbestos Personal Injury Claimants (an "Asbestos Committee") should be appointed as early in this bankruptcy case as is practicable.

10. The Debtors themselves have stated unequivocally that they believe that time is of the essence in these cases:

> Uncertainty as to the Company's future must be eliminated now if the Company's failure and systemic consequences are to be avoided. A lengthy chapter 11 case of the Debtors is not an option.

Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6009, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser, Free and Clear of Lines, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing at 6, ¶ 9.

11. With the fast track schedule to which the Debtors are committed, delaying appointment of a Future Claims' Representative and an Asbestos Committee would, in effect, deny unknown future asbestos claimants the protections to which they are entitled and deny current asbestos claimants any meaningful participation in these cases.

12. This Court has scheduled a hearing on another matter (Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. § 365 Authorizing the Rejection of Aircraft and Airport Lease Agreements and for Related Relief) for June 18, 2009. Accordingly, the Ad Hoc Committee of Asbestos Claimants respectfully requests the Court to schedule a hearing to consider its Motion on the same date, Thursday, June 18, 2009, at 11:00 a.m. with objections to be field and served no later than June 12, 2009, at 5:00 p.m.

## NOTICE

13. No trustee or examiner has been appointed in theses chapter 11 cases. Notice of this Motion has been given to counsel for the Debtors by electronic mail, to the United States Trustee by facsimile, and by electronic mail on all parties included on the Court's ECF System. The Ad Hoc Committee of Asbestos Personal Injury Claimants submits that no other or further notice need be provided.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to this Court.

WHEREFORE, the Ad Hoc Committee of Asbestos Personal Injury Claimants respectfully requests that the Court (a) enter an order in the form attached hereto as Exhibit A, granting the relief requested herein and (b) grant such other and further relief to the Ad Hoc Committee of Asbestos Personal Injury Claimants as the Court deems proper.

Dated:     June 7, 2009          Respectfully submitted,

/s/ *Sander L. Esserman*

Sander L. Esserman
Robert T. Brousseau
Peter C. D'Apice
Jo E. Hartwick
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900


**COUNSEL FOR THE AD HOC
COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            )
In re                                                       )    Chapter 11
                                                            )
GENERAL MOTORS CORP., *et al.*,                             )
                                                            )    Case No. 09-50026
                                                            )
                                                            )
                                        Debtors.            )    Jointly Administered
------------------------------------------------------------X

**ORDER GRANTING MOTION OF THE AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS PURSUANT TO 9006(C) OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO SHORTEN
TIME FOR THE MOTION OF THE AD HOC COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS FOR AN ORDER
(I) APPOINTING A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS
PERSONAL INJURY CLAIMANTS AND
(II) DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN
OFFICIAL COMMITTEE ASBESTOS PERSONAL INJURY CLAIMANTS**

This matter coming before the Court on the Motion to Shorten Notice for the Motion for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants (a "Future Claimants' Representative") and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants (the "Motion"); the Court having reviewed the Motion and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) in light of the

circumstances and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED

2. A hearing on the Motion for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants (a "Future Claimants' Representative") and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants is scheduled for Thursday, June 18, 2009, at 11:00 a.m.

3. Objections to the Motion for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants (a "Future Claimants' Representative") and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants must be filed, served and received no later than June 12, 2009, at 5:00 p.m.

4. This Court shall retain jurisdiction to resolve all matters relating to this implementation of this Order.

Dated:   New York, New York

_____, 2006

                                                Honorable Robert E. Gerber
                                                United States Bankruptcy Judge