Michael P. Richman (MR-2224)
Mark A. Salzberg (*pro hac vice* pending)
James Chadwick (*pro hac vice* pending)
Melissa Iachan (MI-1270)
PATTON BOGGS LLP
1185 Avenue of the Americas, 30th Floor
New York, NY 10036
(646) 557-5100 (Telephone)
(646) 557-5101 (Facsimile)

*Counsel For Unofficial Committee*
*Of Family & Dissident GM Bondholders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
                                                            )
In re                                                       )      Chapter 11
                                                            )
GENERAL MOTORS CORP., *et al.*,                             )      Case No. 09-50026 (REG)
                                                            )
                                        Debtors.            )      Jointly Administered
-------------------------------------------------------------------X

**MOTION OF THE UNOFFICIAL COMMITTEE OF FAMILY & DISSIDENT GM**
**BONDHOLDERS PURSUANT TO RULE 9006(c) OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE TO SHORTEN NOTICE AND FOR EXPEDITED**
**HEARING ON THE MOTION FOR AN ORDER DIRECTING THE UNITED STATES**
**TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF FAMILY & DISSIDENT**
**GM BONDHOLDERS**

The Unofficial Committee of Family & Dissident GM Bondholders (the "F&D

Committee") respectfully submits this Motion for an Order, substantially in the form attached

hereto as Exhibit "A," pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedures

shortening the notice for the hearing on the F&D Committee's *Motion for an Order Directing*

*the United States Trustee to Appoint an Official Committee of Family & Dissident GM*

*Bondholders* (the "F&D Committee Recognition Motion") filed concurrently herewith.

5030054.02

## JURISDICTION AND VENUE

1.      The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on June 1, 2009 (the "Petition Date").

2.      By Order dated June 1, 2009 [Docket No. 16], the Court granted the Debtors' motion for an order directing the joint administration of their bankruptcy cases.  The Debtors' cases are not substantively consolidated.

3.      Each of the Debtors continues to operate its business and manage its assets as a debtor-in-possession.

4.      On June 3, 2009, the Trustee appointed an official committee of unsecured creditors (the "Unsecured Creditors' Committee").

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157.

6.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory basis for the relief requested is Rule 9006(c) of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

8.      The F&D Committee seeks entry of an Order, substantially in the form attached hereto as Exhibit "A," shortening the time for the hearing to consider the F&D Committee Recognition Motion so that said motion is heard at least three (3) days in advance of the June 19, 2009 deadline for filing objections to the Asset Transfer Motion (as defined below).

## BASIS FOR THE RELIEF REQUETED

9.      Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that, with certain exceptions not applicable here, the Court may reduce the time period required before a

5030054.02

hearing to consider a motion for cause shown.  As demonstrated below, there is abundant good cause to shorten the time to hear the Motion.

10.     First, objections to the most important proposed transaction in these cases, the transfer of assets to New GM, are due on June 19, 2009 at 5:00 p.m.  Unless the F&D Committee is able to obtain official recognition sufficiently in advance of this deadline, there will no longer be time for it to make a meaningful effort to prepare and file its objections to the proposed transaction.

11.     As stated in the F&D Committee Recognition Motion, the F&D Committee represents the interests of over 1,500 GM bondholders, a substantial number of whom invested in GM bonds at or near par values with their pension funds and life savings.  To the best of the F&D Committee's knowledge, based upon its communications with this community of bondholders, the majority of the bondholders represented by the F&D Committee cannot be said to be represented at all by the interests of the institutional bondholders (with whom GM and the U.S. Government have been directly negotiating), cannot individually afford representation, and should be heard as a class in connection with the proposed distributions to all GM bondholders because they are so economically distinct from the institutional bondholders.  Indeed, it is likely that because of hedging strategies and federal bailout funds, the larger institutional holders, who through their own committee participated in pre-filing negotiations and "accepted" the pending distribution plan, are to recover significantly more in relation to their holdings, and are under vastly different pressures to accept the proposed transaction, than the family and dissident holders represented by the F&D Committee.  The economics and motivations are fundamentally different. The Court should hear from the family and dissident holders represented by the F&D Committee; they are not adequately represented; and official committee status confers upon them

3

5030054.02

not only a greater legitimacy of standing, but the means to employ their counsel of choice in leading that effort.

12.    If the asset transaction were not on such an accelerated pace, this request to shorten time would be unnecessary.  And while the F&D Committee does not agree with the Debtors that the proposed transactions need to be effectuated as rapidly as they assert, the current Court schedule reflects the Debtors' stated belief that time is of the essence in these cases:

> Uncertainty as to the Company's future must be eliminated now if the Company's failure and systemic consequences are to be avoided.  A lengthy chapter 11 case of the Debtors is not an option.

*Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6009, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief, and (II) Schedule Sale Approval Hearing* (the "Asset Transfer Motion")[Docket No. 92] at 6, ¶ 9.

13.    Unless the objection and hearing schedules are changed, delaying appointment of an official F&D Committee would, in effect, deny the family and dissident holders represented by the F&D Committee any meaningful participation in these cases.

14.    The F&D Committee has requested the United States Trustee to consider its appointment as an Official Committee under Section 1102(a)(1) of the Bankruptcy Code by letter dated June 9, 2009. The Trustee's office has advised that the request is under consideration. If granted, it would obviate the requested hearing and the underlying motion.

5030054.02

15.     The United States Trustee has also advised it has no objection to the F&D Committee Recognition Motion being heard on shortened notice.

## WAIVER OF MEMORANDUM OF LAW

16.     Authority for the relief requested is set forth herein; therefore the F&D Committee respectfully requests that the Court waive the requirement in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the F&D Committee submit a separate memorandum of law.

## NOTICE

17.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the attorneys for the United States Treasury; (c) the attorneys for Export Development Canada; (d) the attorneys for the agent under GM's prepetition secured term loan agreement; (e) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement; (f) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (g) the attorneys for the UAW; (h) the attorneys for the International Union of Electronic, Electrical Salaried, Machine and Furniture Works – Communications Workers of America, (i) the United States Department of Labor; (j) the attorneys for the National Automobile Dealers' Association; (k) the attorneys for the ad hoc bondholders committee; and (l) all parties included on the Court's ECF System. The F&D Committee submits that no other or further notice need be provided.

5030054.02

## NO PRIOR REQUEST

18.    No prior request for the relief sought in this Motion has been made to this Court.

WHEREFORE, the F&D Committee respectfully requests that the Court (a) enter an

Order, substantially in the form attached hereto as Exhibit "A," granting the relief requested

herein, and (b) grant such other and further relief as the Court deems proper.

Dated: June 9, 2009                                Respectfully submitted,


/s/ Michael P. Richman
Michael P. Richman (MR 2224)
Mark A. Salzberg (*pro hac vice* pending)
James Chadwick (*pro hac vice* pending)
Melissa Iachan (MI 1270)
PATTON BOGGS LLP
1185 Avenue of the Americas, 30th Floor
New York, NY 10036
(646) 557-5180 (Telephone)
(646) 557-5101 (Facsimile)


*Counsel for Unofficial Committee*
*Of Family & Dissident GM Bondholders*

5030054.02

# EXHIBIT A

5030054.02

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------X
                                              )
In re                                         )        Chapter 11
                                              )
GENERAL MOTORS CORP., et al.,                 )        Case No. 09-50026 (REG)
                                              )
                                  Debtors.    )        Jointly Administered
----------------------------------------------------------------X
```

**ORDER GRANTING MOTION OF THE UNOFFICIAL COMMITTEE OF FAMILY &
DISSIDENT GM BONDHOLDERS PURSUANT TO RULE 9006(c) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE TO SHORTEN NOTICE AND FOR
EXPEDITED HEARING ON THE MOTION FOR AN ORDER DIRECTING THE
UNITED STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF FAMILY
& DISSIDENT GM BONDHOLDERS**

This matter coming before the Court on the Motion to Shorten Notice and for Expedited

Hearing on the Motion for an Order Directing the United States Trustee to Appoint an Official

Committee of Family & Dissident GM Bondholders (the "Motion"); the Court having reviewed

the Motion, and the Court having found that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), (c) notice of the Motion was sufficient under the circumstances, (d) in light of the

circumstances the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      A hearing on the Motion for an Order Directing the United States Trustee to

Appoint an Official Committee of Family & Dissident GM Bondholders is scheduled for

_____, 2009, at _____ __.m.

5030054.02

3.      Objections to the Motion for an Order Directing the United States Trustee to

Appoint an Official Committee of Family & Dissident GM Bondholders must be filed, served

and received no later than _____, 2009, at _____ __.m.

4.      This Court shall retain jurisdiction to resolve all matters relating to this

implementation of this Order.

Dated: New York, New York
       June __, 2009


                                        _____
                                        Honorable Robert E. Gerber
                                        United States Bankruptcy Judge


                                        2