Robert B. Weiss
Donald F. Baty, Jr.
Tricia A. Sherick
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit MI  48226
Telephone: (313) 465-7000
Facsimile:  (313) 465-8000
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                        :

**In re**                                                    :                        **Chapter 11**
                                                      :

**GENERAL MOTORS CORP.,** *et al.***,**      :           **Case No. 09-50026 (REG)**
                                                      :

                          **Debtors.**                  :                        **(Jointly Administered)**
                                                      :
-------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 363 OF**
**THE BANKRUPTCY CODE FOR AUTHORITY TO EXERCISE PUT RIGHTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

        1.      The Debtors request that the Court enter an order authorizing the Debtors to exercise their put rights (the "**GM Put Rights**") in connection with that certain Shareholder and Operations Agreement between Pentastar Aviation, LLC ("**Pentastar**") and General Motors Corporation, dated October 2001 (the "**Shareholder and Operations Agreement**"), pursuant to

section 363(b) of chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  A copy of the Shareholder and Operations Agreement is attached hereto as **Exhibit A**.

2. To implement the relief requested as soon as practicable and within the time specified in the Shareholder and Operations Agreement, the Debtors also respectfully request that the Court waive the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Jurisdiction

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Put Rights

3. Pursuant to the Shareholder and Operations Agreement, Pentastar and GM are shareholders, owning 75% and 25 % respectively, of Automotive Air Charter, Inc., a Delaware Company ("**Automotive Air Charter**").  Automotive Air Charter was formed to engage in aircraft charter operations using, among others, GM's fleet of planes when they were not committed for the Debtors' operations.

4. By motion, dated June 1, 2009, the Debtors rejected leases to GM's fleet of aircraft.  Accordingly, there is no ongoing business justification for maintaining the Debtors' interests in Automotive Air Charter.

5. The  Shareholder and Operations Agreement imposes transfer restrictions on GM and Pentastar's interests in Automotive Air Charter.  Section 4.1 of the Shareholder and Operations Agreement states that "[n]either Party will sell, assign, encumber or otherwise transfer any Shares owned by it to any Person, except with the prior written consent of the other Party or as permitted in this Article IV."

6. However, pursuant to the Shareholder and Operations Agreement, GM has the right to require Pentastar to purchase all of GM's shares in Automotive Air Charter on written notice. Section 4.3 of the Shareholder and Operations Agreement, in pertinent part, states as follows:

> <u>Put and Call Rights</u>.  (a) GM will have the right to require Pentastar to purchase all, but not less than all, of GM's Shares in the Company (the "GM Put Rights") at any time, for a cash price equal to the greater of $1 or the pro rata portion of the positive Book Value (as defined below) of such Shares.  GM may exercise its GM Put Rights by delivery of a written notice to Pentastar.  Pentastar will purchase GM's Shares in the Company at a closing to be held on a date specified by GM in the written notice to Pentastar that is no earlier than 30 days and no later than 60 days following receipt by Pentastar of the written notice of GM's exercise of its GM Put Rights.
>
> (b) Pentastar will have the right to require GM to purchase all, but not less than all, of Pentastar's Shares in the Company (the "Pentastar Put Rights") at any time, for a cash price equal to the greater of $1 or the pro rata portion of the positive Book Value of such Shares.  Pentastar may exercise its Pentastar Put Rights by delivery of written notice to GM.  GM will purchase Pentastar's Shares in the Company at a closing to be held on a date specified by Pentastar in the written notice to GM that is no earlier than 90 days and no later than 120 days following receipt by GM of the written notice of Pentastar's exercise of its Pentastar Put Rights. . . .

7. On June 8, 2009, GM delivered written notice to Pentastar seeking to exercise the GM Put Rights, subject to Bankruptcy Court approval (the "**Notice**").  The closing date specified in the Notice for the sale by GM to Pentastar of all of GM's shares in Automotive Air Charter is July 8, 2009, thirty days from the date of the Notice.  A copy of the Notice is attached hereto as **Exhibit B**.  It is anticipated that the Debtors will be entitled to a payment from Pentastar in the amount of approximately $350,000 (the "**Put Consideration**") from the exercise of the GM Put Rights.  The Debtors seek authority to effectuate the put consistent with the Notice.  The Debtors believe the Put Consideration to be fair and reasonable for their shares under the circumstances.

**Good Business Reasons Exist to
Authorize GM to Exercise Put Rights**

8. Section 363(b) of the Bankruptcy Code provides that "the [Debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ." 11 U.S.C. § 363(b). A court should approve a request for relief under section 363 of the Bankruptcy Code where the debtor demonstrates a sound business justification for seeking such relief. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him a good business reason to grant the application"). In this regard, courts have applied the business judgment rule. *In re Integregated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). The business judgment rule is "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." *Id*. (internal citations and quotations omitted). Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence. *Id*. Further, parties opposing the proposed exercise of a debtor's business judgment have the burden of rebutting the presumption of validity. *Id*.

9. The Debtors submit that the exercise of the GM Put Rights pursuant to section 4.3(a) of the Shareholder and Operations Agreement is within the Debtors' business judgment and is in the best interests of the Debtors, their estates, and all parties in interest therein. Exercise of the GM Put Rights in connection with the sale of GM's shares in Automotive Air Charter to Pentastar will result in approximately $350,000 for the Debtors' estates. If the GM Put Rights were not exercised and the Shareholder and Operations Agreement was assumed, Pentastar would be entitled to exercise the Pentastar Put Rights, triggering a

requirement that GM must purchase Pentastar's interests. This would not be in the Debtors' interest.

10. To the extent the exercise of the GM Put Rights constitutes a sale of property, the Debtors seek authority pursuant to section 363(f) of the Bankruptcy Code to transfer the shares free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the sale. The shares that are subject to the GM Put Rights are subject to the security interests of the DIP lenders, the prepetition revolver, and the prepetition term lenders (collectively, the "**Secured Lenders**"). It is anticipated that the Secured Lenders will consent to the Debtors' exercise of the GM Put Rights as proposed herein.

11. Based upon the foregoing, the Debtors submit that sound business justification exists to authorize the exercise of the GM Put Rights.

12. The Debtors also request that this Court waive the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the relief requested under Bankruptcy Rule 6004(h).

## Notice

13. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) proposed counsel for the official statutory committee of unsecured creditors, (vii) the attorneys for the UAW, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders

committee, (xii) Pentastar Aviation LLC, and (xiii) all other parties that have requested notice. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 9, 2009

By:   /s/ Robert B. Weiss
Robert B. Weiss
Donald F. Baty, Jr.
Tricia A. Sherick

HONIGMAN MILLER SCHWARTZ
AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit MI  48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
GENERAL MOTORS CORP., et al.,                 :        Case No. 09-50026 (REG)
                                              :
                    Debtors.                  :        (Jointly Administered)
                                              :
------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO EXERCISE PUT RIGHTS

Upon the motion, dated June 9, 2009 (the "**Motion**"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authority to exercise the GM Put Rights, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been provided as described in the Motion; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court, the Court finds and determines, after due

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

deliberation, that the relief sought in the Motion is in the best interests of the Debtors, their estates, and all parties in interest therein; notice of the Motion was due and proper and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to exercise the GM Put Rights in connection with the Shareholder and Operations Agreement; and it is further

ORDERED that the Debtors are authorized sell all of their shares in Automotive Air Charter, Inc. to Pentastar Aviation, LLC free of all liens, claims and encumbrances, and take all further steps necessary to effectuate the transfer of the Debtors' shares to Pentastar Aviation, LLC and its designee; and it is further

ORDERED that the Secured Lenders will receive replacement liens in the proceeds of the sale of the Debtors' shares to Pentastar Aviation, LLC; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h),[2] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court will retain jurisdiction to resolve any disputes related to enforcing or implementing the provisions of this Order; and it is further

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

ORDERED that the requirements of Bankruptcy Rule 6004(a) are waived.

Dated: New York, New York
       June ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

DETROIT.3706872.1