IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** : | **Case No. 09-50026 (REG)** |
| : | **Jointly Administered** |
| Debtors. : | |

**M-TECH ASSOCIATES' OBJECTION TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

M-Tech Associates ("M-Tech") states as follows for its Objection to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto:

**Relief Requested**

1.  M-Tech requests that it be provide with the login and password necessary to determine the Debtors' proposed cure amount for M-Tech's nonresidential real property lease ("Lease") with Debtors and that M-Tech's rights to object to that cure amount and the assumption of its Lease be preserved until it has adequate time to review the information.

**Basis for Relief Requested**

2.  M-Tech leases nonresidential real property to the Debtors in Sterling Heights, Michigan.

3.  On June 8, 2009, M-Tech was served with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto

("Notice"). The Notice indicated that M-Tech was also being served with a login and password so that it could confirm the cure amount attendant to the assumption and assignment of the Lease.

4.  M-Tech did not receive a login or password.

5.  Moreover, the phone number M-Tech was directed to call with inquiries about the Notice was not operating. M-Tech tried a second number and was told to contact the claims agent. The claims agent indicated that it could not provide the login information because it did not have access to it, but that M-Tech would receive a call within "24 – 48 hours."

6.  On June 9, 2009, M-Tech made a second call to the claims agent and was directed to send an email to the claims agent, setting forth the exact information that M-Tech needed. As of the date of this Objection, M-Tech has not received its login or password and has not been able to verify Debtors' proposed cure amount on the Lease.

7.  Because the Notice did not provide any information necessary for M-Tech to determine whether it had an objection to the cure amount but required that all objections to the cure amounts be filed by June 12, 2009, the Notice is defective on its face.

8.  Moreover, there is no viable provision in the bankruptcy systems imposed on this case that permitted M-Tech to obtain the information prior to the objection deadline. In other words, the Debtors' belief as to the cure amount for the Lease remains a secret to M-Tech but M-Tech is nonetheless forced to file an objection to that amount.

9.  M-Tech's books and records show that, as of the filing of this Objection, the amount necessary to cure the monetary defaults in the Lease is $65,648.38, including $27,853 in rent due on June 1, 2009 ("Monetary Cure Amount").

10. In addition, the Lease requires Debtors to purchase general liability coverage for the leased property. The current policy expires on June 17, 2009 and, as of the filing of this Objection, Debtors have not taken action to renew that policy.

11. M-Tech demands adequate assurance under 11 U.S.C. §365(b)(1) that Debtors will (A) promptly pay the Monetary Cure Amount and renew the liability insurance policy; (B) compensate M-Tech for Debtors' default; and (C) will continue to honor their obligations under the Lease.

WHEREFORE, there being no just cause otherwise, M-Tech Associates, Inc. respectfully asks the Court to enter an order (a) directing the Debtors to provide M-Tech with the Debtors' proposed cure amount for the Lease and (b) providing that M-Tech's right to object to that cure amount is preserved until M-Tech has had adequate time to review that information.

Dated: June 10, 2009

By:   */s/ Kathleen H. Klaus*
Kathleen H. Klaus
Admitted *Pro Hac Vice*
MADDIN, HAUSER, WARTELL,
    ROTH & HELLER P.C.
Attorneys for M-Tech Associates
28400 Northwestern Highway, Third Floor
Southfield, Michigan 48034
(248) 354-4030