SCHAFER AND WEINER, PLLC
Michael R. Wernette (P55659)
Ryan D. Heilman (P63952)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
248-540-3340
Counsel for Pintura y Ensambles
de Mexico, S.A. de C.V., Nugar, S.A. de C.V.,
and their affiliates.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                                                 Debtors.
-------------------------------------------------------------x

Case No. 09-50026(REG)
(Jointly Administered)

Chapter 11

**OBJECTION OF PINTURA, ESTAMPADO Y MONTAJE, S.A. DE C.V.,
PINTURA Y ENSAMBLES DE MEXICO, S.A. DE C.V., NUGAR S.A. DE C.V.,
CIE CELAYA, S.A. DE C.V., AND CIE INYECTAMETAL, S.A. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

      Pintura, Estampado y Montaje, S.A. de C.V., Pintura y Ensambles de Mexico, S.A. de C.V., Nugar S.A. de C.V., CIE Celaya, S.A. de C.V., and CIE Inyectametal, S.A. (collectively, the "CIE Parties"), hereby submit this objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Notice of Intent"), served upon one of the CIE Parties by the Debtors pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment

{00214893}

Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "<u>Bidding Procedures Order</u>"), stating as follows:

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

2. On June 2, 2009, this Court entered the Bidding Procedures Order, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a Notice of Intent to CIE Inyectametal, S.A. apparently indicating that the Debtors intend to assume and assign some or all of the Debtors' contracts with some or all of the CIE Parties (the "<u>Assumed Contracts</u>").

4. However, Debtors did not provide CIE Inyectametal, S.A. or any of the other CIE Parties with the login or password necessary for them to confirm the proposed cure amounts for the Assumed Contracts.

5. A representative of the CIE Parties reached out to his contact person in the General Motors Corporation purchasing department in an attempt to have this omission rectified. However, no login or password information has been provided to date.

6. The CIE Parties cannot determine whether they object to any Proposed Cure Amounts because Debtors did not provide the login or password as required by the Bidding Procedures Order.

7. In addition, both the Bidding Procedures Order and the Notice of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, as required under provisions of 11 U.S.C. §365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

2

{00214893}

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease."

8. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). Unless the CIE Parties receive payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the Assumed Contracts, the Assumed Contracts may neither be assumed nor assigned.

9. The CIE Parties do not object *per se* to assumption of their executory contracts with the Debtors and assignment thereof to the Purchaser. In addition to the objections stated above, however, the CIE Parties object to the Notice of Intent:

(a) to the extent that and of the Proposed Cure Amounts are incorrect,

(b) because the Notice of Intent's improper definition of "Cure Amount" would permit assumption and assignment of any executory contracts with any of the CIE Parties without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the

3

{00214893}

obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executor contracts are assumed and assigned,

(c) because the CIE Parties have not been provided with adequate assurance of future performance with respect to the Assumed Contracts,

(d) to the extent, if any, that the assumption and assignment procedures as reflected by the Notice of Intent would impair rights of setoff, recoupment, or lien rights under any applicable tooling lien laws, which the CIE Parties would otherwise have, as such rights must be preserved as against Debtors and also as against Purchaser or any other assignee of the CIE Parties' executory contracts, and

(e) to the extent, if any, that it purports to require the CIE Parties to perform for the Purchaser or the prevailing bidder pursuant to any executory contracts prior to the assumption, assignment, prompt and full cure of any and all defaults thereunder, and provision of adequate assurance of future performance.

10. The CIE Parties have been placed in a position, through no fault of their own, to file this objection prior to having the information regarding the Assumed Contracts and the Proposed Cure Amounts which Debtors were obligated to provide in a timely manner. The CIE Parties therefore reserve the right to supplement or amend this objection and they reserve all rights.

**WHEREFORE**, the CIE Parties respectfully requests that the Court: (i) enter an order requiring Debtors to provide the necessary login and password information to the CIE Parties forthwith, together with a specific identification of each executor contract which the Debtors intend to assume and assign, (ii) deny the proposed assumption and assignment of the CIE Parties' executory contracts on the terms proposed by the Debtors and instead determine the

appropriate amounts due to the CIE Parties under such contracts pursuant to section 365(b) of the Bankruptcy Code and order that adequate assurance of future performance be provided to the CIE Parties, (iii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser or prevailing bidder shall be liable for all accrued liabilities arising under, and existing as of the time that, the executory contracts are assumed by the Debtors and assigned to the Purchaser or the prevailing bidder pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iv) grant such other and further relief as is just and appropriate.

Respectfully Submitted:

Dated: June 10, 2009

SCHAFER AND WEINER, PLLC

By: /s/ Michael R. Wernette
MICHAEL R. WERNETTE (P55659)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
248-540-3340
mwernette@schaferandweiner.com
Attorneys for the CIE Parties

{00214893}