SCHAFER AND WEINER, PLLC
Ryan D. Heilman (P63952)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
248-540-3340

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                                          Debtors.
------------------------------------------------------------x

Case No. 09-50026(REG)
(Jointly Administered)

Chapter 11

## OBJECTION OF BASF CORPORATION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO

BASF Corporation ("BASF"), hereby submits this objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Notice of Intent"), served upon BASF by the Debtors pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Bidding Procedures Order"), stating as follows:

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

2. On June 2, 2009, this Court entered the Bidding Procedures Order, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

{00214937}

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a Notice of Intent to BASF apparently indicating that the Debtors intend to assume and assign some or all of the Debtors' contracts with BASF (the "Assumed Contracts").

4. BASF has no objection to the assumption of the Assumed Contract provided that the correct cure amounts are paid. However, the Debtors proposed cure payments for the Assumed Contracts are unclear and appear to be inadequate.

5. BASF expects that any differences can be reconciled, but files this objection out of an abundance of caution due to the deadlines for filing objections and to preserve all rights related to the proposed assumption of the Assumed Contracts.

6. BASF reserves all rights to amend and/or supplement this objection.

**WHEREFORE**, BASF respectfully requests, only to the extent that the parties cannot reconcile the correct cure amounts among themselves, that this Court set the correct cure amounts, compel Debtors to pay the correct cure amount and grant such other and further relief as is just and appropriate.

Respectfully Submitted:

Dated: June 11, 2009

SCHAFER AND WEINER, PLLC

By: /s/ Ryan D. Heilman
MICHAEL E. BAUM (P29946)
RYAN D. HEILMAN (P63952)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
248-540-3340
rheilman@schaferandweiner.com
Attorneys for BASF Corporation

2

{00214937}