Thomas K. Lindahl, Esq.
McDonald Hopkins PLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
Phone: 248.646.5070
Fax: 248.646.5075
E-mail: tlindahl@mcdonaldhopkins.com

**Counsel to Comau, Inc.**

United States Bankruptcy Court
Southern District of New York

_____

| | |
|---|---|
| In re: | Chapter 11 |
| General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| | (Jointly Administered) |

_____

### LIMITED OBJECTION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE ASSUMABLE EXECUTORY CONTRACTS OF COMAU, INC.

Comau, Inc. ("Comau") hereby submits this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Notice of Intent"), served upon Comau by the Debtors pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Bidding Procedures Order"), stating as follows:

{1761466:}

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

2. On June 2, 2009, this Court entered the Bidding Procedures Order, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a Notice of Intent to Fiat SPA apparently indicating that the Debtors intend to assume and assign some or all of the Debtors' contracts with some or all of the Fiat SPA companies (the "Assumed Contracts"), including Comau.

4. However, the information provided to Comau is not sufficient to determine what the claim amount was as of the date of the petition, and Comau files a limited objection to preserve its right to ascertain what the correct cure amount is.

5. In addition, both the Bidding Procedures Order and the Notice of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, as required under provisions of 11 U.S.C. §365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

{1761466:}

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

{1761466:}

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease."

6. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). Unless Comau receives payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the Assumed Contracts, the Assumed Contracts may neither be assumed nor assigned.

7. Comau does not object *per se* to assumption of their executory contracts with the Debtors and assignment thereof to the Purchaser. In addition to the objections stated above, however, Comau objects to the Notice of Intent:

(a) to the extent that and of the Proposed Cure Amounts are incorrect,

(b) because the Notice of Intent's improper definition of "Cure Amount" would permit assumption and assignment of any executory contracts with any of the Fiat SPA companies without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued

{1761466:}

obligations that are not in default, but which nonetheless exist, at the time executor contracts are assumed and assigned,

(c) because Comau has not been provided with adequate assurance of future performance with respect to the Assumed Contracts,

(d) to the extent, if any, that the assumption and assignment procedures as reflected by the Notice of Intent would impair rights of setoff, recoupment, or lien rights under any applicable tooling lien laws, which Comau would otherwise have, as such rights must be preserved as against Debtors and also as against Purchaser or any other assignee of the Comaus' executory contracts, and (e) to the extent, if any, that it purports to require Comau to perform for the Purchaser or the prevailing bidder pursuant to any executory contracts prior to the assumption, assignment, prompt and full cure of any and all defaults thereunder, and provision of adequate assurance of future performance.

**WHEREFORE**, Comau respectfully requests that the Court: (i) preserve the right for Comau to properly determine its cure amount (ii) deny the proposed assumption and assignment of the Comau executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to Comau under such contracts pursuant to section 365(b) of the Bankruptcy Code and order that adequate assurance of future performance be provided to Comau, (iii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser or prevailing bidder shall be liable for all accrued liabilities arising under, and existing as of the time that, the executory contracts are assumed by the Debtors and assigned to the Purchaser or the prevailing bidder pursuant to the Purchase Agreement and the Bid Procedures Order, including all

{1761466:}

defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iv) grant such other and further relief as is just and appropriate.

Dated: June 10, 2009.

                Respectfully Submitted

                MCDONALD HOPKINS PLC

By:   /s/ Thomas K. Lindahl
       Thomas K. Lindahl (P30741)
       39533 Woodward Ave., Suite 318
       Bloomfield Hills, MI  48304
       Phone: 248.646.5070
       Fax: 248.646.5075
       E-mail: tlindahl@mcdonaldhopkins.com

**COUNSEL TO COMAU, INC**

{1761466:}