**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Benjamin D. Feder, Esq.
Jordan A. Bergman, Esq.
101 Park Avenue
New York, New York 10178
Tel:  212-808-7800
Fax:  212-808-7897

*Attorneys for BP Products North America Inc. and*
*BP Corporation North America Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF BP PRODUCTS NORTH AMERICA INC. AND BP CORPORATION NORTH AMERICA INC. TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNT**

BP Products North America Inc. ("BP") and BP Corporation North America Inc., by their undersigned attorneys, hereby submit this objection (the "Objection") to the assumption and assignment by General Motors Corp. (the "Debtor") of a contract between BP and the Debtor. In support of this Objection, BP and BP Corporation North America Inc. state as follows:

1. On June 1, 2009 (the "Petition Date"), the Debtor and certain affiliated entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      The Debtors and its debtor affiliates remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      Prior to the Petition Date, BP and the Debtor (collectively, the "Parties") entered into a fuel supply agreement, under which BP sold certain petroleum products to the Debtor (the "Agreement").  The Agreement ended on April 30, 2009, and the Parties have not since entered into a subsequent Agreement.

4.      On or about June 2, 2009, the Court entered an order authorizing procedures for determining, among other things, the assumption and assignment of executory contracts that may be assumed by the Debtor and the pre-petition cure amounts for each of these contracts (the "Sale Procedures Order") [Docket No. 274].

5.      On June 5, 2009, the Debtor sent a notice to BP (the "Assumption/Assignment and Cure Notice"), which was received by BP on June 10, 2009, indicating that certain purchase orders that presumably relate to the Agreement may be assumed by the Debtor and assigned to a third-party purchaser.  The Assumption/Assignment and Cure Notice includes a chart listing certain amounts owed to and from the Debtor, BP,[1] and certain affiliates of BP, without specifying which amounts correspond to which contracts, purchase orders, or other outstanding obligations.

---

[1]     In fact, none of the items listed in the Assumption/Assignment and Cure Notice identify BP as a counterparty to an executory contract or purchase order with the Debtor.  Rather, the items listed reference "BP Corporation North America Inc.," as a counterparty to several of these items.  Upon information and belief, BP Corporation North America Inc. has no outstanding contracts or purchase orders with the Debtor that can be assumed or assigned, and no cure amounts that need to be paid.  Nevertheless, out of an abundance of caution, BP Corporation North America Inc. joins in this objection to the extent it is mistakenly listed as a counterparty to any agreements or purchase orders with the Debtor.  BP Corporation North America Inc. further reserves its right to object to the Assumption/Assignment and Cure Notice at a later date if the Debtor provides additional information or documentation evidencing the existence of such agreements or purchase orders.

2

In spite of this confusion, the Assumption/Assignment and Cure Notice indicates that the Debtor believes the aggregate cure amount as of the Petition Date is $294,175.89 (the "Debtor Cure Amount"). BP contests the Debtor Cure Amount and asserts that as of the Petition Date, the amount necessary to cure all defaults under the Agreement is $590,769.58 (the "Supplier Cure Amount"). A summary of the Supplier Cure Amount is attached hereto as Exhibit A.[2]

6.     Pursuant to the Sale Procedures Order, BP files this Objection to reserve its rights to the Supplier Cure Amount.

7.     Also, BP is receptive to the prospect of entering into a new agreement with the Debtor (any such new agreement(s), the "Post-Petition Agreement").

8.     Notwithstanding the prospect of entering into the Post-Petition Agreement, BP further expressly reserves the right to argue at a later date that the Agreement expired by its terms prior to June 1, 2009, and therefore, cannot be assumed and assigned in accordance with the Sale Procedures Order.

---

[2] Due to the proprietary nature of some of the information contained in Exhibit A, portions of this Exhibit have been redacted. To the extent required, BP is prepared to submit under seal, unredacted versions of this Exhibit to the Court.

WHEREFORE, BP seeks an order sustaining its Objection and finding that the Supplier Cure Amount is required to be paid to BP upon assumption and assignment of any Post-Petition Agreements and reserving its rights in connection Sale Procedures Order.

Dated: New York, New York
June 11, 2009

**KELLEY DRYE & WARREN LLP**

By: */s/ James S. Carr*
James S. Carr
Benjamin D. Feder
Jordan A. Bergman
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for BP Products North America Inc. and BP Corporation North America Inc.*