KEMP KLEIN LAW FIRM
Norman D. Orr (P#25310)
(*pro hac vice*)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5693

KEMP KLEIN LAW FIRM
Gloria M. Chon (P#72013)
(*pro hac vice*)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5689

Attorneys for Custom Automotive Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., et al.[1], | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------- x

**LIMITED OBJECTION OF CUSTOM AUTOMOTIVE SERVICES, INC. TO
DESIGNATED CURE AMOUNT FOR DESIGNATED ASSUMABLE EXECUTORY
CONTRACTS RELATED TO DEBTORS' MOTION SEEKING
APPROVAL OF PROCEDURES FOR SALE OF DEBTORS' ASSETS AND
ESTABLISHING RELATED ASSUMPTION AND ASSIGNMENT PROCEDURES**

CUSTOM AUTOMOTIVE SERVICES, INC. ("CAS") objects to the cure amount listed by the debtors (the "Debtors") in the Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated June 5, 2009 (the "Notice"), which the Debtors sent to CAS in relation to: (i) the Debtors' motion

---

[1] A list of the Debtors and their respective tax identification numbers may be found on the docket for Case No. 09-50026 (REG), Docket No. 274, and can also be found at www.gmcourtdocs.com.

seeking, in part, entry of an order approving proposed procedures for the sale of Debtors' assets and establishing related procedures for assuming and assigning certain assumable executory contracts (the "Sale Motion") (Docket No. 92); and (ii) the Order signed on June 2, 2009 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order") (Docket No. 274).

## INTRODUCTION

1. The Sale Motion requests entry of an order which in part confirms the amount of cure amounts payable by the Debtors in connection with the assumption of certain executory contracts, including the contracts between one or more of the Debtors and CAS (the "Cure Amount"). The Sales Procedures Order approves the procedure for making that determination.

2. In the Notice, the Debtors state that the Debtors maintain a secured website which contains information about CAS's assumable executory contracts, including the amount that the Debtors believe must be paid to cure all prepetition defaults under such contracts (the "Contract Website").

3. The Debtors state in the Contract Website that the amount the Debtors believe to be necessary to cure all existing defaults under any and all agreements between one or more of the Debtors and CAS within the meaning of Section 365 of the Bankruptcy Code is $571,884.41 (the "Stated Cure Amount").

4. CAS does not object to the assumption and assignment of the contracts between one or more of the Debtors and CAS, but objects that the Stated Cure Amount is not accurate.

2

CAS also objects to the measure proposed by Debtors regarding how the Cure Amount should be determined. Debtors appear to contend that the Cure Amount should be the amount of the "pre-petition defaults". CAS contends that the total obligations accrued to CAS and which remain unpaid as of the date of the assumption and assignment (including amounts accrued for services pre and post petition irrespective of whether the amounts are past due), is the appropriate measure of the amount which must be paid pursuant to Section 365 of the U.S. Bankruptcy Code.

5. The Stated Cure Amount is not sufficient to cure all of the Debtors' obligations under the contracts with CAS with regard to services rendered prior to the bankruptcy. CAS and the Debtors are parties to Purchase Order Number GMB07167, as amended (the "CAS Contract(s)").

6. CAS believes the Stated Cure Amount includes only the amounts accrued for services rendered by CAS to one or more of the Debtors during the period of time prior to May 1, 2009, except that the Stated Cure Amount fails to include $486.88 owed by one or more of the Debtors for services rendered by CAS as reflected in Invoice #4284, dated April 30, 2009 and attached hereto as **Exhibit A**. Therefore, the total amount owed to CAS by one or more of the Debtors for services rendered through April 30, 2009 is $572,371.29.

7. Further, the Stated Cure Amount fails to include the Debtors' obligations to CAS for the pre-petition services rendered by CAS for one or more of the Debtors following April 30, 2009, but prior to the date of the Debtors' bankruptcy filing.

8. The invoices for services rendered following April 30, 2009, but prior to the date the Debtors filed their bankruptcy petition are attached hereto as **Exhibit B** (the "Invoices for

3

May 2009 Services") and one or more of the Debtors owe CAS $273,969.36 in the aggregate with regard to the Invoices for May 2009 Services.

9. In total, one or more of the Debtors therefore owe(s) CAS $846,340.65 for all pre-petition services rendered by CAS consisting of $572,371.29 for services rendered through April 30, 2009, plus $273,969.36 for services rendered in May 2009 as evidenced by the Invoices for May 2009 Services.

10. CAS continues to provide services post-petition under the CAS Contract(s).

11. Under Section 365 of the Bankruptcy Code, CAS objects to the approval of any Cure Amount that is less than the full amount which remains unpaid as of the date of the assumption of the CAS Contract(s) for CAS's pre-petition and post-petition services to one or more of the Debtors, including, without limitation, the $846,340.65 due for services rendered prior to the filing of the Debtors' bankruptcy and the full amount of the accrued obligations for services rendered following the bankruptcy.

12. CAS asserts that the entire amount of accrued but unpaid obligations from one or more of the Debtors to CAS (including both pre and post petition services which arose in connection with the CAS Contract(s)) is the proper measure of the amount which Debtors or the purchaser must pay to CAS. CAS further contends that the Stated Cure Amount is not correct and that the proper cure amount should be $846,340.65 plus any amounts owed for post-petition services pursuant to the CAS Contract(s), less any payments made prior to the assumption.

**RELIEF REQUESTED**

CAS respectfully requests that this Honorable Court condition the Debtors' ability to assume and assign any contract(s) between any of the Debtors and CAS on payment of the full amounts owed to CAS in connection with the subject contract(s), including both pre-petition and

4

post-petition obligations to CAS, which are still owing as of the time of the assumption of any contract between one or more of the Debtors and CAS, including, without limitation, the $846,340.65 owed for pre-petition services and any amounts owed for services rendered following the filing of the bankruptcy but prior to the effective date of any assumption and assignment of the contract(s).

    Respectfully Submitted:

    KEMP KLEIN LAW FIRM

    By: /s/ Gloria M. Chon
        Gloria M. Chon (P#72013)
    (*pro hac vice*)
    Counsel for Custom Automotive
    Services, Inc.
    201 W. Big Beaver
    Suite 600
    Troy, MI 48084
    (248) 740-5689
    *gloria.chon@kkue.com*

June 11, 2009

633851