Streusand & Landon, L.L.P.
515 Congress Street, Suite 2523
Austin, TX 78701
Telephone: (512)236-9901
Sabrina L. Streusand, Esq.

-AND-

Hodgson Russ LLP
60 East 42nd Street, 37th Floor
New York, New York  10165-0150
Telephone:  (212) 661-3535
Stephen H. Gross, Esq.

Co-Counsel for Xerox Capital Services, LLC, as
Servicing Agent for Xerox Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Case No. 09-50026 (REG)** |
| | **(Jointly Administered)** |
| **GENERAL MOTORS CORP.,** *et al.* | **Chapter 11** |
| **Debtors.** | |

**LIMITED OBJECTION OF XEROX CAPITAL SERVICES, L.L.C. AS
SERVICING AGENT FOR XEROX CORPORATION TO NOTICE
OF (1) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Xerox Capital Services L.L.C. as servicing agent for Xerox Corporation ("Xerox"), by and through their undersigned counsel, hereby submits its limited objection (the "Limited Objection") to the Notice of (1) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired

Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto (the "Notice"). In support of its Objection, Xerox states as follows:

1. On June 1, 2009, the Debtors commenced these voluntary cases under chapter 11 of the United States Bankruptcy Code.

2. On June 2, 2009, this Court entered an order which, *inter alia,* approved procedures regarding Debtors' assumption and assignment of executory contracts (the "Bidding Procedures Order.") The Bidding Procedures Order set forth a procedure for the Debtors to determine cure amounts. The Debtors were required to send notices indicating the Debtors' intent to assume certain executory contracts and disclose cure amounts (the "Assumption Notices.") If the parties to the assumed executory contracts did not properly object to the treatment set forth in the Assumption Notices, those parties were bound by the treatment.

3. Upon information and belief, on or about June 5, 2009, the Debtors served the Assumption Notices. The Assumption Notices contained a login and password for recipients to determine the Debtors' proposed cure amounts.

4. Xerox is a party to a number of integrated executory contracts and unexpired equipment leases with the Debtors. The executory contracts include, but are not limited to, the Service Contract For Services For Outstanding Legal Document Production Center General Motors Legal Staff, dated September 17, 2002, the Related Statements of Work for Outsourcing the Legal Production Center of General Motors Legal Staff, dated December 16, 2002, Appendices A-F, and various other lease agreements for the lease of copiers and related equipment.

5. Under these agreements, Xerox provides personnel, services, hardware, materials, litigation support, document imaging, and technology support to Debtors.

6. Xerox has confirmed through the Debtors' call service center that the Debtors sent an Assumption Notice to Xerox (the "Xerox Assumption Notice") to the following address:

> Xerox Capital Services, LLC
> 1654 Solution Center
> Chicago, Illinois 60677

This is an address where Xerox operates a parts warehouse, as opposed to a principal place of business. Xerox has searched for the Xerox Assumption Notice to no avail.

7. After the unsuccessful attempt to locate the Xerox Assumption Notice, Xerox has its agents have diligently attempted to secure a copy of the Xerox Assumption Notice before filing the Limited Objection. Despite its due diligence, Xerox and its agents have been unable to secure a copy of the Xerox Assumption Notice from either the Debtors or their counsel.

8. Without the Xerox Assumption Notice (and the login information contained in the notice), Xerox is unable to determine whether it has a substantive objection to the Debtors' proposed cure amount.

9. The Bidding Procedures Order requires that objections to proposed cure amounts must be filed by June 12, 2009, or the party will be deemed to have accepted the Debtors' proposed cure amount.

10. While Xerox has no objection to the assumption and assignment of its executory contracts with the Debtors, it is forced to file a this Limited Objection to the proposed cure amount set forth in the Xerox Assumption Notice, as it has no ability to

determine whether such amount is accurate. Xerox reserves all rights to amend and/or supplement this objection.

WHEREFORE, Xerox Capital Services, LLC, as servicing agent for Xerox Corporation, respectfully requests that the Court enter an order (a) directing the Debtors to provide Xerox with the Xerox Assumption Notice; and (b) extending Xerox's time and right to object to the Debtors' proposed cure amount pending Xerox's opportunity to evaluate the proposed cure amount.

Dated:   June 11, 2009
         New York, NY

By:   /s/ Stephen H. Gross
Stephen H. Gross, Esq.
**Hodgson Russ LLP**
60 East 42nd Street, 37th Floor
New York, NY  10165-0150
Telephone:  (212) 661-3535
Facsimile:   (212) 972-1677
sgross@hodgsonruss.com

-and-

**Streusand & Landon LLP**
Sabrina L. Streusand, Esq.
515 Congress Avenue, Suite 2523
Austin, TX 78701
Telephone: (512)236-9901
Facsimile: (512) 236-9905
streusand@streusandlandon.com

Co-counsel for Xerox Capital Services LLC, as servicing agent for Xerox Corporation