BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Counsel for Koch Enterprises, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS COPR., *et al.* | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF KOCH ENTERPRISES, INC. TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPRIRED LEASES OF PERSONAL PROPERTY, AND UNEXPRIRED LEASES OF NONRESIDENTIAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Koch Enterprises, Inc. ("Koch"), by and through its undersigned counsel, hereby files its Limited Objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice") served upon Koch by the Debtors pursuant to the Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale and Purchase Agerement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice

[Docket Entry No. 274] (the "Order Approving Procedures"). In support of its Limited Objection, Koch respectfully states as follows:

**Background**

1. On June 1, 2009, the Debtors in the above-captioned case filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (as amended, the "Bankruptcy Code").

2. On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket Entry No. 92] (the "Motion").

3. On June 2, 2009, the Court entered its Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Provide Certain Bid Protections, (C) Scheduling a Final Hearing Approving the Sale of Substantially All of the Debtors' Assets and (D) Approving the Form and Manner of Notice thereof [Docket Entry No. 492] (the "Order"), thereby establishing the procedure for assumption and assignment of Debtors' contracts to Purchaser[1].

[1] Undefined capitalized terms used herein shall have the same meaning as ascribed to such terms in the Motion.

4. Debtors served Koch with a copy of the Notice dated June 5, 2009. Pursuant to paragraph 7 of the Notice, objections by a Non-Debtor Counterparty to one or more Assumable Executory Contracts, must be asserted within ten (10) days after the date of the Notice.

5. The website provided by Debtors in the Notice states that the aggregate amount necessary to cure all existing defaults for Assumable Executory Contracts with Koch[2], within the meaning of Section 365 of the Bankruptcy Code is $580,323.18 (the "Debtors' Proposed Cure Amount").

**Limited Objection**

6. In addition to the Debtors' Proposed Cure Amount, Koch asserts that it is owed an additional amount not less that $81,576.29 for certain invoices summarized on the attached Exhibit A and an additional amount not less than $257,456.62 for certain invoices summarized on the attached Exhibit B for an aggregate total amount not less than $919,356.09 to cure all existing defaults under the Assumable Executory Contracts as of the Petition Date (the "Koch Cure Amount"). The Koch Cure Amount does not include certain post-petition obligations due and owing from Debtors to Koch in furtherance of Koch's ongoing obligations to the Debtors.

7. Koch has absolutely no objection to the designation of its contracts with the Debtors as Assumable Executory Contracts.

8. Koch is filing this Limited Objection so as to comply with the Notice, Order and Motion and preserve its rights thereunder, but Koch is simultaneously engaged in business-to-business discussions with the Debtors in an effort to reconcile the cure amount differences.

---

[2] According to the website provided by the Debtors, the Assumable Executory Contracts identified by Debtors subject to the Notice includes certain contracts with the following Non-Debtor Counterparties: Uniseal, Inc.; Gibbs Die Casting Corp.; Uniseal Rubber, Inc. and Koch Enterprises, Inc. For the purposes of this objection, the term "Koch" as used herein shall also include each of these above-mentioned Non-Debtor Counterparties.

9. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -- (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ....

10. Koch only objects to the Motion on the following grounds:

a. the Debtors' Proposed Cure Amount is insufficient to cure all existing defaults within the meaning of Section 365 of the Bankruptcy Code; and

b. the Debtors' Proposed Cure Amount does not include Debtors' post-petition obligations to Koch in furtherance of Koch's ongoing obligations to, and performance for the Debtors.

11. Accordingly, Koch objects to the Debtors' Proposed Cure Amount pursuant Section 365 of the Bankruptcy Code to the extent that the Debtors' Proposed Cure Amount is less than 100% of the actual pre-petition and all post-petition obligations owed by Debtors to Koch.

12. Koch respectfully requests that the requirements of Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Koch Enterprises, Inc. respectfully requests that the Court enter an Order: (i) sustaining Koch's objections as raised herein and denying the Motion to the extent payment to Koch is an amount less than the Koch Cure Amount plus all post-petition obligations owed by Debtors to Koch in furtherance of Koch's ongoing obligations to the Debtors; and (ii) for all other and further relief that is just and proper.

Dated: June 11, 2009
Indianapolis, Indiana

**BARNES & THORNBURG LLP**

/s/ Mark R. Owens

Michael K. McCrory, Esq.
Mark R. Owens, Esq.
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: mmccrory@btlaw.com
E-Mail: mowens@btlaw.com

*Counsel for Koch Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I, Ethel H. Badawi, hereby certify that I caused a true and correct copy of the foregoing Limited Objection by Koch Enterprises, Inc. to be filed via the Court's CM/ECF System and served this 11th day of June, 2009. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Additionally, this Limited Objection was served upon the following parties at the addresses listed below via Federal Express.

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.

U. S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Rapisardi, Esq.

Vedder Price, P.C.
1633 Broadway
47th Floor
New York, New York 10019
Attn: Michael J. Edelman, Esq.
Michael L. Schein, Esq.

Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Diana G. Adams. Esq.

Robert D. Wolford, Esq.
Miller, Johnson, Snell & Cummiskey, PLC
250 Monroe Avenue, N.W.
Suite 800
Grand Rapids, MI 49503

Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Gordon Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

/s/ Ethel H. Badawi
Ethel H. Badawi

INDS01 EBADAWI 1130070v1