Objection Deadline: June 17, 2009

Angela Z. Miller, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York   10022
Tel. 212-759-4888
Fax. 212-308-9079

-and-

3400 HSBC Center
Buffalo, New York 14203
Tel. 716-847-8400
Fax. 716-852-6100


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re | Chapter 11 |
| General Motors Corp., et al., | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |

_____

## LIMITED OBJECTION OF A.W. FARRELL & SON INC.
## TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
## ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
## OF PERSONAL PROPERTY AND UNEXPIRED LEASES
## OF NONRESIDENTIAL REAL PROPERTY AND
## (II) CURE AMOUNTS RELATED THERETO

A.W. Farrell & Son Inc. and its wholly owned subsidiary Jameson Roofing Co., Inc.

(collectively, "AWF"), by its undersigned counsel, hereby objects on a limited basis

("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory

Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real

Property and (II) Cure Amounts Related Thereto dated June 6, 2009 ("Notice").  AWF objects to

the Notice because it does not accurately state the Cure Amount[1] due to AWF.  In further support

of its Objection, AWF respectfully states as follows:

## Background

1.      On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.      On June 1, 2009, GM also filed a motion seeking an order approving

bidding procedures to sell substantially all of its assets, which included a procedure for the

Debtors' assumption and assignment of executory contracts (Docket No. 92) ("Procedures

Motion").

3.      On June 2, 2009, the Court granted the Procedures Motion with respect to

the sale procedures, including the procedure for assuming and assigning contracts to Vehicle

Acquisition Holdings LLC ("VAH") or the ultimate purchaser of the Debtors' assets (Docket

No. 274) ("Procedures Order"), which provided for sending a notice advising a contract

counterparty that it is party to an Assumable Executory Contract and the Cure Amount related

thereto.

4.      On June 8, 2009, AWF received the Notice dated June 6, 2009 provided

for in the Procedures Order.  Pursuant to the Notice, parties have ten days from the date of the

Notice to object to the assumption and assignment of any Assumable Executory Contract

proposed to be assumed and assigned or to the Cure Amount proposed to be paid with respect

thereto.

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Notice.

5.       Attached to the Notice is a user identification number and password to be

used by AWF on the designated website ("Web Site") to view which contract has been

designated an Assumable Executory Contract by the Debtors and the Cure Amount with respect

to such contract.

6.       Pursuant to the Web Site, the following are Assumable Executory

Contracts to which AWF is a counterparty:  GMS99594, GMS28562 and GMS28563 ("AWF

Contracts").  The Debtors allege that the Cure Amount associated with the AWF Contracts is

$85,116.00 and supplied the schedule annexed as Exhibit A in support of their allegation.

7.       AWF asserts it is owed $138,375.00 in Cure Amount and the detail

substantiating AWF's claim is attached as Exhibit B.

### Objections

8.      AWF objects to the Notice on the following grounds:

A.       The AWF Contracts cannot be assumed without concurrent cure of

all arrearages.  "Section 365(b) of the executory contracts section of the [Bankruptcy]

Code requires a debtor to cure pre-petition defaults as a precondition of assuming an

executory contract."  In re Stoltz, 315 F.3d 80, 86 (2nd Cir. 2002).  The pre-petition cure

amount alleged by the Debtors to be owed to AWF pursuant to the AWF Contracts is

understated by $53,259.00.  The Debtors are missing one invoice (invoice #0104502-2)

in the amount of $53,259 dated May 22, 2009 from their calculus of the Cure Amount.

B.       The AWF Contracts cannot be assumed or assigned without an

adequate showing of future performance.  11 U.S.C. § 365(b)(1); In re Luce Industries,

Inc., 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement

without assurance by debtor that arrearages would be paid and that debtor could

perform).  Although adequate assurance of future performance may have been established

- 3 -

in the Procedures Motion and other pleadings filed in this case as it relates to VAH, the

proposed assignee may not yet even be known, much less is its ability to perform

established.

9.     AWF reserves its right to amend this Objection to include any additional

facts as may be determined by its further investigation of the Notice and AWF Contracts.

10.     Any reply to this Objection should be served upon Phillips Lytle LLP,

3400 HSBC Center, Buffalo, New York 14203, Attn:  Angela Z. Miller, Esq.

### **Memorandum of Law**

11.     Because the legal points and authorities upon which AWF relies for

purposes of this Objection are incorporated into the Objection, AWF respectfully requests that

the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate

memorandum of law.

### **Reservation of Rights**

12.     AWF reserves the right (a) to amend, supplement, or otherwise modify

this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise

such other and further objections to any proposed assumption and assignment, and/or the Cure

Amount with respect to the proposed assumption and assignment of the AWF Contracts.

## **Conclusion**

WHEREFORE, AWF respectfully requests that the Court enter an Order (a) sustaining

this Objection in its entirety and overruling the Notice to the extent it requests relief inconsistent

with this Objection, and (b) providing AWF with such other and further relief as is appropriate.

Dated:  June 12, 2009
      Buffalo, New York

                PHILLIPS LYTLE LLP


                By     s/ Angela Z. Miller
                      Angela Z. Miller
                      Allan L. Hill
                Attorneys for A.W. Farrell & Son Inc.
                Suite 3400
                One HSBC Center
                Buffalo, New York  14203-2887
                Telephone No. (716) 847-8400
                  and
                437 Madison Avenue, 34th Floor
                New York, New York   10022
                Tel. 212-759-4888

Doc # 01-2299685.1