Leslie J. Stein (P31922)
David T. Lin (P70764)
Counsel for Superior Acquisition, Inc.
 d/b/a Superior Electric Great Lakes Company
Seyburn, Kahn, Ginn, Bess and Serlin, P.C.
2000 Town Center, Suite 1500
Southfield, MI 48075
(248) 353-7620
(248) 353-3727 (Facsimile)
lstein@seyburn.com
dlin@seyburn.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re:

GENERAL MOTORS CORPORATION, *et al.*,

    Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**LIMITED OBJECTION OF**
**SUPERIOR ACQUISITION, INC. TO PROPOSED CURE AMOUNT RELATING TO**
**NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,**
**AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II)**
<u>**CURE AMOUNTS RELATED THERETO**</u>

Superior Acquisition, Inc. d/b/a Superior Electric Great Lakes Company, a Michigan corporation and a party-in-interest in this case ("<u>Superior</u>") (GM Vendor ID # 557026382), by and through its attorneys, Seyburn, Kahn, Ginn, Bess and Serlin, P.C., submits this Limited Objection to the proposed cure amount for the assumption and assignment of the Assumable Executory Contracts (as defined in the Assumption and Assignment Notice) between Debtors and Superior, set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("<u>Assumption and

Assignment Notice"), and related data in Debtors' designated website, such notice served upon Superior on June 5, 2009. The Assumption and Assignment Notice was served to Superior in accordance with the Order of this Court entered June 2, 2009 [Docket No. 274], which among other things, approved procedures for the sale of substantially all of Debtors' assets and approved the form and manner of the Assumption and Assignment Notices, including objections thereto. In support of its Limited Objection, Superior states:

1. At the commencement of this case, Superior and Debtors were parties to various contracts of an executory nature which Debtors have deemed Assumable Executory Contracts by serving the Assumption and Assignment Notice to Superior.

2. The Assumable Executory Contracts between Superior and Debtors are identified and set forth in the Debtors' website referenced in the Assumption and Assignment Notice. A copy of the printed screen of the website for Superior's account is attached as **Exhibit A**.

3. According to Debtors' records evidenced on the website, Debtors propose that a payment of $93,377.87 would be required to cure payment defaults under the Assumable Executory Contracts with Superior ("Debtors' Cure Amount").

4. The Debtors' Cure Amount is inaccurate. The accurate total cure amount for the Assumable Executory Contracts with Superior should be $615,504.81 ("Superior's Cure Amount"), itemized as follows:

| | |
|---|---|
| Invoices Outstanding | $189,834.18 |
| Retainage | $307,297.63 |
| Pending Change Orders (work completed) | $118,373.00 |

5. A spreadsheet detailing the different invoices, retainage, and pending change orders, and their respective GM purchase order numbers, job locations, and descriptions is

005577\018093\{00347907.DOC}

2

attached as **Exhibit B**.  A copy of the various outstanding invoices is attached as **Exhibit C**.  A copy of invoices evidencing the current retainage balances is attached as **Exhibit D**.  A copy of quotations and other documents evidencing the pending change order amounts is attached as **Exhibit E**.

6.Section 365(b)(1) of the Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption.  Such defaults that must be cured include both pre-petition and post-petition defaults.  *See In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

7.Therefore, the assumption and assignment of the Assumable Executory Contracts should be conditioned upon Superior's Cure Amount being paid in full.

8.Superior submits that the points and authorities set forth above satisfy the requirements of Local Rule 9013-1(b).

WHEREFORE, Superior respectfully requests the following relief:

(A)that its Objection be sustained;

(B)that an Order be entered providing that the Superior's Cure Amount of $615,504.81 be paid in full in order to assume and assign the Assumable Executory Contracts between Debtors and Superior; and

(C)any other relief deemed just and equitable.

005577\018093\{00347907.DOC}

3

Respectfully submitted,

**SEYBURN, KAHN, GINN, BESS,
& SERLIN, P.C.**


BY:     /s/ David T. Lin
    Leslie Stein (P31922)
    David Lin (P70764)
    Attorneys for Superior
    2000 Town Center, Suite 1500
    Southfield, MI 48075-1195
    (248) 353-7620
    (248) 353-3727 (Facsimile)

Dated: June 12, 2009

005577\018093\{00347907.DOC}