**HAYNES AND BOONE, LLP**
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
Telephone: (212) 659-7300
Facsimile: (212) 884-8228
Judith Elkin (NY Bar No. 4249439)
Matthew E. Russell (NY Bar No. 4475935)

*Attorneys for CEVA Logistics U.S., Inc., CEVA*
*Logistics Canada, ULC, CEVA Logistics de Mexico,*
*S.A. de C.V., CEVA Freight, LLC, EGL Eagle*
*Global Logistics, LP, EGL, Inc., CEVA Freight*
*Belgium N.V., and CEVA International, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
:
In re:                                                            :    Chapter 11
:
**GENERAL MOTORS CORP.,** *et al.*,             :    :    Case No. 09-50026 (REG)
:
Debtors.            :    (Jointly Administered)
------------------------------------------------------------------------x

**LIMITED OBJECTION OF CEVA TO NOTICE OF (I) DEBTORS' INTENT TO**
**ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,**
**UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED**
**LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
**(II) CURE AMOUNTS RELATED THERETO**

CEVA Logistics U.S., Inc., CEVA Logistics Canada, ULC, CEVA Logistics de Mexico,

S.A. de C.V., CEVA Freight, LLC, EGL Eagle Global Logistics, LP, EGL, Inc., CEVA Freight

Belgium N.V., and CEVA International, Inc. (collectively, "CEVA"), by and through their

counsel, Haynes and Boone, LLP, file this Limited Objection (the "Limited Objection") to the

Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired

Leases of Personal Property and Unexpired leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice")[1], and respectfully state as follows:

**Background**

1. On June 1, 2009 (the "Petition Date"), Debtors commenced these voluntary cases under chapter 11 of title 11 of the United States Code. Included in the Debtors' "first day motions" was a Motion (the "Motion") by which the Debtors sought, among other things, authorization and approval of (a) the sale of substantially all the Debtors' assets to Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the US Department of the Treasury, through a sale under Section 363 of the Bankruptcy Code (the "363 Transaction"); (b) certain bid procedures governing the sale process and providing procedures for the submission of any competing bids; (c) the assumption and assignment of certain executory contracts and unexpired leases to the Purchaser in connection with the 363 Transaction; (d) a certain settlement between the Debtors and its labor unions; and (e) the schedule for the final hearing on the Motion and the relief requested therein.

2. On June 2, 2009, this Court entered an order [Docket No. 274] (the "Sale Procedures Order") approving the Debtors' Motion. The Sales Procedures Order sets forth notice and dispute resolution procedures regarding the Debtors' assumption and assignment of executory contracts, which, in summary, provide that the Notice be sent to all parties to executory contracts and unexpired leases that the Debtors anticipated assuming and assigning to the Purchaser within 3 days of entry of the Sales Procedures Order. The Notice did not contain a schedule of executory contracts and leases, but rather, directed the applicable counterparty to a confidential website maintained by the Debtors which contained summary information on the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings defined in the Notice.

NY-25418_5.DOC                                                                                                           2

contracts to be assumed and assigned, and the Debtors' belief as to the amount necessary to cure any pre-petition defaults under the applicable contracts.

3. On or about June 8, 2009, CEVA received the Notice which was dated June 5, 2009. The Notice (and the website data referenced therein) indicates that the Debtors may assume and assign four agreements between the Debtors and CEVA, and sets forth the amount the Debtors believe must be paid to cure all pre-petition defaults under the four contracts identified in the website. The Debtors calculate the total proposed cure amount to be $683,992.82 as of June 11, 2009 (the "Proposed Cure Amount").

4. CEVA is a large multi-national corporate entity, and does business with the Debtors and their non-debtor subsidiaries and affiliates, both in the U.S. and globally, through a number of corporate entities and divisions. CEVA has multiple contracts and extensive business relationships with the Debtors which are collectively referred to herein as the "CEVA Agreements." Due to the complexity and extensiveness of these contractual relationships, CEVA is still in the process of (i) determining exactly what the four contracts identified on the Debtors' website relate to as the Debtors' designation of contracts differs from CEVA's; (ii) determining exactly which CEVA Agreements are being assumed and assigned; (iii) breaking down the specific cure amounts attributable to each individual CEVA Agreement the Debtors are seeking to assume and assign; and (iv) making sure that the entities listed are the correct parties to the CEVA Agreements as listed by the Debtors.

5. CEVA does not object to either the assumption of some or all the CEVA Agreements by the Debtors or the assignment of some or all the CEVA Agreements to the

Purchaser.[2]  However, based on the information available to CEVA at this time, CEVA cannot fully determine which CEVA Agreements the Debtors are seeking to assume and assign, and based on its best guess of which CEVA Agreements the Notice refers, disagrees with both the dollar amount of the Proposed Cure Amount, as well as the Debtors' stated intention to only cure amounts due prepetition under the CEVA Agreements as part of the assumption and assignment process.

6.    CEVA intends to work with the Debtors to reach a resolution of the issues raised in this Limited Objection, and has already been in contact with GM representatives through the GM hotline.  However, the Notice and Sale Procedures Order requires that objections be filed within 10 days of the date of the Notice.  Thus, CEVA files this Limited Objection for the purpose of preserving its objection rights as CEVA works with the Debtors to achieve both a mutual understanding of the CEVA Agreements being assumed and assigned and a resolution of the applicable cure amounts in accordance with the procedures set forth in the Notice.

## Objections

7.    Under 11 U.S.C. § 365, a debtor is empowered to assume executory contracts or unexpired leases, subject to bankruptcy court approval.  11 U.S.C. § 365(a).  If there has been a default under the contract, then, pursuant to 11 U.S.C. § 365(b), the debtor cannot assume such contract unless, "<u>at the time of assumption</u>," the debtor:

>    (A)  cures, or provides adequate assurance that the [debtor] will promptly cure, such default … ;
>
>    (B)  compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

---

[2]    As indicated in the Notice, CEVA reserves all rights granted it under Section 365 of the Bankruptcy Code in the event the Purchaser is not the successful bidder, and another entity becomes the purchaser of the assets of the Debtors and the Debtors seek to assume and assign some or all the CEVA Agreements to such other entity.

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1) (emphasis added).

8. Under Section 365(f)(2) of the Bankruptcy Code, a debtor may only assign an unexpired lease or executory contract if it assumes the contract in accordance with the provisions set forth in Section 365, and provides adequate assurance of future performance by the assignee of the contract.

9. CEVA has, in the limited time available since its receipt of the Notice, attempted to reconcile the information provided by the Debtors on the website with its own books and records as to its extensive and complex relationships with the Debtors. Schedule A, which is attached hereto, lists a number of the CEVA entities that are party to CEVA Agreements with the Debtors and the amounts due to CEVA by the Debtors based on CEVA's records. CEVA has attempted to list the amounts due as of the Petition Date, as required by the Notice. CEVA reserves the right to modify the CEVA entities, CEVA Agreements and amounts indicated on Schedule A upon further review of its books and records and upon receipt of additional information from the Debtors in accordance with the procedures set forth in the Notice. CEVA intends to work diligently with the Debtors to determine which CEVA Agreements the Debtors are seeking to assume and assign and the cure amounts due under such agreements.

10. In addition to the amounts set forth in Schedule A, as of the date of the filing of this Limited Objection, CEVA has numerous outstanding invoices from its subcontractors for pre-petition services rendered to the Debtors which have not yet been received by CEVA. These amounts are not currently included in Schedule A, but may be due and payable under the CEVA Agreements. To the extent these amounts are due and payable under the CEVA Agreements being assumed and assigned, such amounts must be included in the cure amounts. CEVA

NY-25418_5.DOC                                                                                              5

reserves its right to supplement Schedule A as such third party invoices are received by CEVA.

11. Additionally, the Notice and Proposed Cure Amount does not provide for any post-petition amounts which are or may become due as a result of post-petition services and/or goods provided by CEVA to the Debtors pursuant to the CEVA Agreements. CEVA reserves its right to supplement Schedule A with these amounts as well.

12. CEVA further objects to the Notice and Proposed Cure Amount because they could be interpreted to improperly limit the Debtors' and Purchaser's obligations so that they would not have to: (a) cure all defaults existing at the time the CEVA Agreements are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time the CEVA Agreements are assumed and assigned.

13. The Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption. 11 U.S.C. § 365(b)(1). The defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *Manhattan King David Restaurant, Inc. v. Levine*, 154 B.R. 423 (S.D.N.Y. 1993); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747 (Bankr. S.D.N.Y. 1986).

14. Presently, the Notice appears to provide that the only cure amount that must be paid upon assumption and assignment of designated contracts is the amount owed as of the Petition Date. *See* Order, ¶10, subparagraph third •(ii). The Debtors should not be able to extinguish their liability for pre-assumption defaults and accrued claims arising under the CEVA Agreements post-petition. The Court should require that the final order to be entered after final hearing on the Motion contain the necessary safeguards to ensure that all defaults, not just those that occurred pre-petition, will be cured as a condition to assumption of the contracts by the

Debtors and assignment of the contracts to Purchaser.

## Conclusion

**WHEREFORE**, CEVA respectfully requests that the Court enter an order (a) clarifying which CEVA Agreements are being assumed and assigned, (b) fixing the cure amounts due under the CEVA Agreements in the amounts set forth in Schedule A of this Limited Objection (as such Schedule may be amended and supplemented), and (c) granting CEVA such other relief as is just and appropriate.

Dated:  June 12, 2009.

**HAYNES AND BOONE, LLP**

*/s/ Judith Elkin*
Judith Elkin  (NY Bar No. 4249439)
Matthew E. Russell (NY Bar No. 4475935)
1221 Avenue of the Americas, 26th Floor
New York, New York  10020
Tel:  (212) 659-7300
Fax:  (212) 918-8989

*Attorneys for CEVA Logistics U.S., Inc., CEVA Logistics Canada, ULC, CEVA Logistics de Mexico, S.A. de C.V., CEVA Freight, LLC, EGL Eagle Global Logistics, LP, EGL, Inc., CEVA Freight Belgium N.V., and CEVA International, Inc.*