Stephen M. Gross, Esq.
McDonald Hopkins PLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
Phone: 248.220.1342
Fax: 248.646.5075
E-mail: sgross@mcdonaldhopkins.com

**Counsel for Swagelok Company**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
GENERAL MOTORS CORPORATION, *et al*.,                       :    Case No. 09-50026 (REG)
                                                            :
                    Debtors.                                :    (Jointly Administered)
------------------------------------------------------------X

**LIMITED OBJECTION OF SWAGELOK COMPANY TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) <u>CURE COSTS RELATED THERETO</u>**

Swagelok Company ("Swagelok"), through its undersigned counsel, hereby submits this limited objection (the "Objection") to the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto* (the "Assignment Notice"), served upon Swagelok by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

{1761237:5}

**Background**

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order approving the Debtors' bidding procedures (the "Bidding Procedures Order"), which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 5, 2009, the Debtors delivered a notice (the "Assignment Notice") to Swagelok, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Swagelok (the "Assumed Contracts").

4. In addition, on Debtors' contract website specified in the Assignment Notice (the "Contract Website"), the Debtors identify $46,735.94 as the amount which they allege to be owing to Swagelok under the Assumed Contracts (the "Proposed Cure Amount").

5. The Proposed Cure Amount is substantially less than what Swagelok's books and records indicate is actually owed under the Assumed Contracts.

6. Moreover, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice).

**11 U.S.C. §365 Cure Requirements**

7. The Debtors are in default of their contracts with Swagelok and the Debtors' Proposed Cure Amount fails to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

{1761237:5}

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>>
>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. §365(b)

8.  Payment of the Proposed Cure Amount fails to cure the existing default under the contracts sought to be assumed and assigned and therefore absent the consent of Swagelok the contracts may not be assumed and assigned.

9.  Swagelok does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. Swagelok does object to the Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were in default as of May 31, 2009, and (2) the Assignment Notice's definition of "Cure Amount" would permit assumption and assignment of Swageloks's agreements without either the Purchaser or the Debtors satisfying all requirements set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned;

{1761237:5}

and (b) satisfy all accrued obligations that are not in default, but which exist at the time executory contracts are assumed and assigned.

10. Pursuant to Bankruptcy Code section 365(b)(1), pre-petition post-petition defaults must be cured as of the time of assumption. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-ACommunications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

11. The Assignment Notice only provides provides that the cure amounts to be paid upon assumption and assignment of Swagelok's contracts is whatever was in default as of the Petition Date.

12. Swagelok further objects to the Cure Amount proposed by the Debtors because it is substantially less than the amount that was in default as of the Petition Date. Swagelok's books and records indicate that the actual cure amount should be $1,501,353.16 as of the Petition Date.

WHEREFORE, Swagelok respectfully requests that the Court:

    (i) Deny the proposed assumption and assignment of Swagelok's executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to Swagelok under such contracts pursuant to section 365(b) of the Bankruptcy Code;

    (ii) Require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable and required to pay for all accrued liabilities arising under, and existing as of the time that, the executory contracts are assumed by the Debtors and assigned to the

{1761237:5}

        Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all pre-petition and post petition defaults and all obligations that have accrued but are not then in default; and

(iii)    Grant such other and further relief as is just and appropriate.

Respectfully submitted,

MCDONALD HOPKINS PLC

/s/ Stephen M. Gross
Stephen M. Gross (MI Bar Id. P35410)
39533 Woodward Ave., Ste. 318
Bloomfield Hills, Michigan 48304
Telephone: 248.646.5070
Facsimile: 248.646.5075
E-mail: sgross@mcdonaldhopkins.com
*Counsel for Swagelok Company*

Dated: June 12, 2009

{1761237:5}