**Objection Deadline: June 15, 2009**
                                          **Hearing Date:     June 25, 2009**

KILPATRICK & ASSOCIATES, P.C.
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
RICHARD O. KILPATRICK, ESQ.
LEONORA K. BAUGHMAN, ESQ.
(248) 377-0700

ATTORNEYS FOR WAYNE COUNTY TREASURER,
OAKLAND COUNTY TREASURER AND
THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE WAYNE COUNTY TREASURER, THE OAKLAND COUNTY TREASURER AND THE CITY OF DETROIT TO THE MOTION OF DEBTORS FOR ENTRY OF ORDER, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 507 (i) AUTHORIZING USE OF CASH COLLATERAL, (ii) GRANTING ADEQUATE PROTECTION TO THE REVOLVER SECURED PARTIES, (iii) GRANTING ADEQUATE PROTECTION TO THE TERM LOAN SECURED PARTIES, AND (iv) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

      NOW COME Creditors, the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit, by and through counsel, Kilpatrick & Associates, P.C., and Day Pitney LLP and for their Limited Objection to Motion of the Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 60]; Interim Cash Collateral Order [Docket No. 180]; and Interim Term Loan Adequate Protection Order [Docket No. 181] says as follows:

1

**General Allegations**

1. On June 1, 2009, General Motors Corporation and certain of its subsidiaries ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Oakland County Treasurer is the tax collecting governmental unit for Oakland County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on both real and personal property located within Oakland County, Michigan.

3. The Wayne County Treasurer is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on real property located within Wayne County, Michigan.

4. The local municipalities in Michigan, whether city, village or township ("Local Taxing Authorities") are responsible for the collection of the current year property taxes which accrue on real and personal property located within that city, village or township.

5. The Local Taxing Authorities in Wayne County are responsible for the collection of the past due property taxes which accrue on personal property located within that city, village or township.

6. It is the duty of the Treasurer of the City of Detroit to collect current year property taxes which accrue on both personal and real property located within the City of Detroit.

7. The Oakland County Treasurer, the Wayne County Treasurer and the Treasurer for the City of Detroit will be jointly referred to as "Treasurers".

8. On June 1, 2009, the Debtors filed the Motion of the Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (i) Authorizing Use of Cash

Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule ("Motion for Use of Cash Collateral and Adequate Protection") [Docket No. 60].

9. On June 1, 2009, the Court entered the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Revolver Secured Parties and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) ("Interim Cash Collateral Order") [Docket No. 180].

10. On June 1, 2009, the Court entered the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Granting Adequate Protection to Term Loan Secured Parties and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) ("Interim Term Loan Adequate Protection Order") [Docket No. 181].

11. The Motion for Use of Cash Collateral and Adequate Protection proposes to grant Adequate Protection Liens to the Revolver Secured Parties and Term Loan Secured Parties which are a first lien on prepetition property and superior to "any liens arising after the Commencement Date, including without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors". Paragraph 5(A)(iii)(b) and 5(B)(iii)(b) of the Motion for Use of Cash Collateral and Adequate Protection; Section 6(b) of the Interim Cash Collateral Order; and Section 5(b) of the Interim Adequate Protection Order.

**Relief Sought**

12. The Treasurers seek modification of the Final Order Authorizing Use of Cash Collateral and Final Order for Adequate Protection to preserve the Treasurers' priming liens

3

in the real and personal property and ensure that the liens remain first, primary and superior to all other liens, including the liens of the Revolver Secured Parties and Term Loan Secured Parties.

## Basis for Relief Sought

### Michigan General Property Tax Act

13. Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended. MCL § 211.1, et seq.

14. The taxable status of persons and real and personal property is determined as of the tax day, which in Michigan is December 31 of the immediately preceding year. MCL § 211.2(2).

15. Most Local Taxing Authorities impose a summer property tax levy each year, which taxes become a lien on July 1 of the year but may be due at various dates between July 31 and September 14 of the same year, depending on local ordinances. MCL § 211.44a(4).

16. All Local Taxing Authorities impose a winter property tax levy each year, which is billed in December of the year but due to be paid by February 14th of the following year. MCL § 211.44.

17. If the real property taxes are unpaid on February 15 of the following year, the Local Taxing Authorities return the unpaid taxes as delinquent to the applicable county treasurer. MCL § 211.44(9).

18. Pursuant to Michigan statute, the amounts assessed for real and personal property taxes become a first lien, superior to all other claims, encumbrances and liens, on December 1; or on a day provided for by the charter of a city or village; or on the day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

4

**Property Taxes for 2008**

19. At the time of the Debtors' filing, the Debtors owned multiple parcels of real and personal property located in Wayne and Oakland County, Michigan, and the City of Detroit.

20. As of the date of the Debtors' filing, the Debtors may owe the Treasurers for real and personal property taxes for the 2008 tax year or the Local Taxing Authorities in Wayne County for personal property taxes for the 2008 tax year.

21. Any obligations for property taxes for the 2008 year are pre-petition and secured by liens on the real and personal property of the Debtors which liens arose pre-petition.

**Property Taxes for 2009**

22. The Debtors' obligation to pay property taxes in Michigan for 2009 accrued prior to the filing of the cases.

23. If an ad valorem property tax comes due after the date of filing the petition, the statutory lien in the property may perfect post petition. 11 U.S.C. § 362(b)(18).

24. The Summer 2009 property taxes will come due at various dates between July 31 and September 14, 2009, depending on local ordinances.

25. The Winter 2009 property taxes will come due as to most taxing jurisdictions on February 14, 2010.

26. The unpaid real and personal property taxes for 2009 in Michigan will become statutory liens on the real and personal property of the Debtors as of July 1, 2009, as provided by other local ordinances, or December 1, 2009, at the latest.

**Basis for Relief - Argument**

27. This bankruptcy case will have an impact on the economy in this portion of the country.

5

28. The Debtors seek to grant the Revolver Secured Parties and Term Loan Secured Parties rights over and above the statutory lien rights of the Treasurers, contrary to state law which is unwarranted in this case.

29. The Treasurers utilize the real and personal property taxes collected to fund schools, roads, fire departments and other municipal and county functions.

30. Should the Court allow the subordination of the Treasurers' liens to the Revolver Secured Parties and Term Loan Secured Parties, it may negatively impact the recovery of taxes which are used to pay for the services provided to the Debtors during the pendency of the bankruptcy cases.

31. The Objection simply seeks that the Court not overturn established state law regarding the priority of liens for personal and real property taxes.

WHEREFORE, Creditors the Wayne County Treasurer and the Oakland County Treasurer pray that the Court grant the Motion for Use of Cash Collateral but strike the provision for adequate protection liens to the Revolver Secured Parties and Term Loan Secured Parties superior to the liens of the taxing authorities and for such other and further relief as is just and necessary.

    Respectfully submitted,

    KILPATRICK & ASSOCIATES, P.C.
    Attorneys for Wayne County Treasurer and
    Oakland County Treasurer and the City of
    Detroit

    /S/ *Richardo I Kilpatrick*
    RICHARDO I. KILPATRICK (P35275)
    LEONORA K. BAUGHMAN (P33534)
    903 N. Opdyke Road, Suite C
    Auburn Hills, MI 48326
    (248) 377-0700

Dated: June 12, 2009    ecf@kaalaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Objection of the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit to the Motion of the Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 was duly served to all registered parties through the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York and to the following via e-mail (where applicable), and by first-class mail postage prepaid to:

| | | |
|---|---|---|
| Office of the Untied State Trustee<br>Southern District of New York<br>33 Whitehall Street<br>New York, NY 10004 | Mr. Harvey R. Miller<br>Weil, Gotshal & Manges LLP,<br>767 Fifth Ave<br>New York, NY 10153 | General Motors Corp<br>300 Renaissance Center<br>Detroit, MI 48265<br>Attn: L. Buonomo |
| Cadwalader, Wickersham &Taft, LLP<br>Presidential Task Force<br>One World Financial Center<br>New York, NY 10281<br>Attn: J. Rapisardi | Vedder Price P.C.<br>Counsel – Export Development Canada<br>1633 Broadway, 47th floor<br>New York, NY 10019<br>Attn: M. Edelman | McMillan LLP<br>Attn: Peter Willis<br>Brookfield Place, Suite 4400<br>181 Bay St<br>Toronto Ontario Canada M5J 2T3 |
| Simpson Thacher & Bartlett LLP<br>425 Lexington Ave<br>New York, NY 10017<br>Attn: Peter Pantaleo and David Mack | Morgan, Lewis & Bockius, LLP<br>101 Park Ave.<br>New York, NY 10178<br>Attn: Richard Toder | International Union of Operating Engineers<br>c/o Barbara S. Mehlsack, Esq.<br>Gorlick, Kravitz & Listhaus, P.C.<br>17 State Street,4th Floor<br>New York, NY 10004-1519 |
| International Union,<br>United Automobile, Aero<br>8000 E. Jefferson Avenue<br>Detroit, MI 48214-3963 | Class Representatives of (1) Intl Union, UAW<br>MEYER SUOZZI ENGLISH & KLEIN, P.C.<br>1350 Broadway, Suite 501<br>P.O. Box 822 | |

                                                                                  */S/ Larissa Robertson*_____
                                                                                   Larissa Robertson
                                                                                  An Employee of Kilpatrick & Associates

June 12, 2009