CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF GRANGER ELECTRIC COMPANY TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Granger Electric Company ("**Granger**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1.  The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served Granger with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between Granger and the Debtors.

2.  Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) *(internal citations omitted)*.

3.  On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and assert $0.00 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009.

4.  Granger does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

5.  Granger does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5903003.2 28785/116810

6. Specifically, with respect to the Assumable Executory Contracts, there is a prepetition balance owed to Granger in an amount that is not less than $62,254.68. *See Exhibit A attached hereto, Invoice GM-GB-064 and Invoice GM-SC-064.* Granger will supplement this Objection with additional supporting documentation upon the Debtors' request.

7. Granger also objects to the Cure Notice insofar as any postpetition performance by Granger of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

8. Notwithstanding the foregoing, Granger further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

9. Granger further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with Granger that may or will be assumed and assigned but which have not been included in the Cure Notice.

10. Granger reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

\_\_\_/s/ Robert D. Gordon_____
Robert D. Gordon (Mich. Bar No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to Granger Electric Company

# EXHIBIT A



**GRANGER**
ELECTRIC COMPANY

| | | | |
|---|---|---|---|
| **To:** | **General Motors Corporation** | **Invoice #:** | **GM-GB-064** |
| | C/O EnTech USB | | |
| | P.O Box 319022 | **Invoice Date:** | **9-Jun-09** |
| | Chicago IL 60631-9022 | | |
| | | **Billing Period:** | **MAY 2009** |
| **Remit To:** | **Accounts Receivable Mgr.** | | |
| | P.O. Box 27185 | **Billing Terms:** | **Net 30 Days** |
| | Lansing, Michigan 48909 | | |
| | | **Account# GB 2-00-1116** | |

| | | | |
|---|---|---|---|
| | | Total generated kwh | 1,220,680.00 |
| **Billing Period:** | 5/01/09-5/31/09 | Gd Blanc use % | 66.3% |
| No. of billing days | 31 | Swartz Creek use % | 33.7% |
| Average kwh per day | 26,116 | | |
| Average kw per day | 1,088 | | |
| Total Max demand (generated) | 1,684 | kw on 5/02/09, during the hour 2000 | |
| Total contract obligation | 789,513 kwh | | |
| Delivered energy | 809,596 kwh | | |
| Over (under) delivery | 20,083 kwh | | |
| Price of back up supply | per kwh | | |
| Contract price | $ 0.0510 per kwh | | |
| Over/(under) payment for supply $ | 1,024.2178 | | |

| Amount Due: | 809,596 | X $0.051/kwh = | $ 41,289.37 |
|---|---|---|---|



**GRANGER ELECTRIC COMPANY**

| | | | |
|---|---|---|---|
| To: | General Motors Corporation<br>C/O EnTech USB<br>P.O Box 319022<br>Chicago IL  60631-9022 | Invoice #: | GM-SC-064 |
| | | Invoice Date: | 9-Jun-09 |
| | | Billing Period: | MAY 2009 |
| Remit To: | Accounts Receivable Mgr.<br>P.O. Box 27185<br>Lansing, Michigan 48909 | Billing Terms: | Net 30 Days |
| | | Account# SC 2-00-1116 | |

| | | | |
|---|---|---|---|
| | | Total generated kwh | 1,220,680.00 |
| Billing Period: | 5/01/09-5/31/09 | Gd Blanc use % | 66.3% |
| No. of billing days | 31 | Swartz Creek use % | 33.7% |

| | | |
|---|---|---|
| Average kwh per day | 13,261 | |
| Average kw per day | 553 | |
| Total Max demand (generated) | 1684 | kw on 5/02/09, during the hour 2000 |
| Total contract obligation | 400,887 | kwh |
| Delivered energy | 411,084 | kwh |
| Over (under) delivery | 10,197 | kwh |
| Price of back up supply | | per kwh |
| Contract price | $ 0.0510 | per kwh |
| Over/(under) payment for supply | $ 520.0622 | |

| Amount Due: | 411,084 | X $0.051/kwh = | $ 20,965.31 |
|---|---|---|---|