CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF ATS OHIO, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

ATS Ohio, Inc. ("**ATS Ohio**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1.  The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served ATS Automation Tooling Systems Inc. ("**ATS Automation**"), an affiliate of ATS Ohio, with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**"), dated June 5, 2009, in which the Debtors express their intention to assume and then to assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts between ATS Ohio and the Debtors.

2. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) *(internal citations omitted)*.

3. The Cure Notice and a separate notice sent to individual contract counterparties contain User ID and Password information (the "**Contract Website Password Notice**") and direct such counterparties to consult the Contract Website[1] to determine the Cure Amount the Debtors propose for the Assumable Executory Contracts the Debtors have with such counterparty.

4. On the Contract Website, the Debtors identify ATS Ohio by Vendor ID number 054020458. ATS Ohio was advised of that fact by its affiliate ATS Automation, based upon the latter's Contract Website entry under Vendor ID number 240919712. ATS Ohio is a subsidiary of ATS Automation, but is a separate corporate entity from ATS Automation. ATS Ohio has not

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5901582.2 25743/130024

received a Contract Website Password Notice or a separate User ID or Password from the Debtors to afford it access to the Contract Website.

5. On the Contract Website entry for ATS Automation, the "Contracts" page lists five (5) contracts, each allocated a row on the page, with an aggregate cure amount of $14,570.82.

6. The same "Contracts" page, at Row ID number 5716-00123203, lists a contract with a party having the "Counter Party Name" of "ATS Ohio," with Vendor ID number 054020458, and with a "GM Contract ID" number of TCS26075 (the "**ATS Ohio Contract**").

7. The Debtors assert that $14,570.82 is the amount that that is sufficient to cure all pre-petition defaults (the "**Cure Amount**") for all five (5) contracts listed in the Contract Website entry for ATS Automation, including the ATS Ohio Contract.

8. ATS Ohio does not object *per se* to assumption of the ATS Ohio Contract and its assignment to Purchaser.

9. ATS Ohio objects to the Cure Notice inasmuch as the Cure Amount identified on the Contract Website under Vendor ID number 240919712 (for ATS Automation) –however apportioned to the ATS Ohio Contract – is incorrect and does not reflect all defaults under the ATS Ohio Contract as of June 1, 2009.

10. Under the ATS Ohio Contract, there is a prepetition balance owed to ATS Ohio in an amount that is not less than $831,875.00 (the "**Corrected ATS Ohio Cure Amount**"). Such amount is set forth on the invoice ATS Ohio issued to General Motors Corporation, dated May 28, 2009, which reflects work completed prior to June 1, 2009 (the "**Invoice**"). A true and accurate copy of the Invoice is attached hereto as *Exhibit A*. The Invoice refers to "Customer PO

#" TCS26075. Such number corresponds exactly with the "GM Customer ID" number set forth on the row of the Contracts Website describing the ATS Ohio Contract, as recounted above.

11.  The Invoice reflects a design-phase benchmark payment due under the ATS Ohio Contract. Further benchmark payments from GM are also contemplated under the ATS Ohio Contract.

12.  ATS Ohio reserves its rights, in the event the ATS Ohio Contract is assumed, to assert a cure amount which includes both (a) the pre-petition cure amount of $831,875.00 set forth herein and (b) any appropriate cure amounts arising from post-petition work under the ATS Ohio Contract.

13.  Notwithstanding the foregoing, ATS Ohio further reserves its rights, in the event the ATS Ohio Contract is not assumed, to assert a claim for damages, which claim may include all amounts allowable under applicable law.

14.  ATS Ohio further objects to the adequacy and the accuracy of the Cure Notice insofar as there are other agreements with ATS Ohio that may or will be assumed and assigned but which have not been included in the Cure Notice for any reason.

5901582.2 25743/130024

15. ATS Ohio reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to ATS Ohio, Inc.

5901582.2 25743/130024

# EXHIBIT A




**ATS Ohio**

425 Enterprise Drive
Lewis Center, OH, 43045
Tel: (614) 888-2344

Invoice #: IN00001454
Sales Order #: SO00001205
Date: *2095* May 28, 2009

# Invoice

| Sold To: | GM FSS ABP<br>P.O. BOX 63490<br>PHOENIX, AZ 85082-3490<br>USA | Ship To: | GM FSS ABP<br>P.O. BOX 63490<br>PHOENIX, AZ 85082-3490 |
|---|---|---|---|

| Customer PO # | Resale Cert # | Terms | Shipped Via | FOB | Customer ID # |
|---|---|---|---|---|---|
| TCS26075 |  | 2D2M |  |  | GENER |

| Description | Qty | Unit Price | Amount |
|---|---|---|---|
| PROGRESSIVE PAYMENT - "DESIGN APPROVAL OF YEAR 1" |  |  | 831,875.00 |

*5/29 - Emailed to Robert Dietze*

Remit To: ATS OHIO, INC.
P.O. Box 951432
Cleveland, OH 44193

Tax summary:
OH     0.00

Subtotal before taxes: 831,875.00
Total taxes: 0.00

Amount due (USA): 831,875.00