Shawn R. Fox
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, New York 10105-0106
T: 212.548.2165
F: 212.548.2150

Counsel for Alcoa Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re:                                                   :    Chapter 11 Case No.
                                                         :
GENERAL MOTORS CORP., *et al*.                           :    09-50026 (REG)
                                                         :
                                                         :    (Jointly Administered)
                              Debtors,                   :
                                                         :    Related Docket Nos. 92 and 274
---------------------------------------------------------------------x

**OBJECTION OF ALCOA INC. AND ITS AFFILIATED ENTITIES TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND PROPOSED CURE AMOUNT SUBMITTED IN ACCORDANCE WITH THE PROVISIONS OF THE ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006 (I) APPROVING PROCEDURES FOR SALE OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER; (II) SCHEDULING BID DEADLINE AND SALE HEARING DATE; (III) ESTABLISHING ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (IV) FIXING NOTICE PROCEDURES AND APPROVING FORM OF NOTICE**

Alcoa Inc. ("Alcoa"), together with its affiliated entities[1], files this objection ("Objection") in accordance with the provisions of the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Docket No. 274) ("Sale Procedures Order") to the assumption and assignment of certain executory contracts

---

[1] The affiliated entities of Alcoa Inc. are certain of its business units and/or subsidiaries including, but not limited to, the Alcoa Electical and Electronic Solutions business unit ("AEES") and AEES's affiliated entities, which include, among other entities, Alcoa Electrical and Electronic Solutions L.P. and Alcoa Electrical and Electronic Solutions Limited Partnership.

("Proposed Executory Contracts") and proposed cure amount identified in connection with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto served upon Alcoa ("Notice"). In support of the Objection, Alcoa states as follows:

1. On June 1, 2009 ("Petition Date"), General Motors Corp. ("GM") and its affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

2. Prior to the Petition Date, Alcoa, by and through its business units, and GM entered into certain agreements for the sale of product from Alcoa to GM.

3. On the Petition Date, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; AND (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion"). By the Sale Motion, the Debtors seek authority from this Court to sell certain of the Debtors' assets to Vehicle Acquisition Holdings LLC, a U.S. Treasury sponsored purchaser ("Purchaser"). In connection with the Sale Motion, the Debtors also seek to assume certain contracts and assign the same to the Purchaser.

4. On June 2, 2009, the Bankruptcy Court entered the Sale Procedures Order, which established, among other things, the protocol for objecting to both the "cure amount" and the assumption and assignment of contracts designated for assumption and assignment from the Debtors to the Purchaser.

5. Pursuant to the Sale Procedures Order, the Debtors served the Notice on or about June 5, 2009.

6. The Notice identifies the cure amount associated with the Proposed Executory Contracts as $16,335.65 ("Proposed Alcoa Cure Amount").

2

7. The Proposed Executory Contracts consist of 1,178 purported executory contracts between Alcoa and the Debtors.

8. Pursuant to the Sale Procedures Order, contract parties have ten (10) days from the date of the applicable Notice (in this instance, the Notice) to object to the proposed cure amount. See Sale Procedures Order, ¶ 10, p. 10. As noted above, the Notice was dated June 5, 2009.

**Objection**

9. Alcoa does not generally object to the assumption and assignment of the Proposed Executory Contracts from the Debtors to the Purchaser to the extent such agreements constitute executory contracts as of the Petition Date; however, Alcoa files this Objection to reserve the right to reconcile the Proposed Alcoa Cure Amount with specificity as well as to determine which of the Proposed Executory Contracts actually constitute executory contracts as of the Petition Date.

10. As noted above, the Proposed Alcoa Cure Amount is $16,335.65. Since the Notice, Alcoa has worked diligently to ascertain the correct amount necessary to cure any defaults existing as of the Petition Date related to the Proposed Executory Contracts; however, Alcoa is not currently in a position to consent to the Proposed Alcoa Cure Amount as set forth in the Notice ($16,335.65). At present, Alcoa estimates the proper amount to cure any defaults under the Proposed Executory Contracts is approximately $1,000,000.00.

11. Additionally, Alcoa has not been able to determine, with specificity, the propriety of the Debtors' assertion that all of the Proposed Executory Contracts (identified as 1,178 contracts) are, in fact, executory contracts between the Debtors and Alcoa as of the Petition Date. While the Debtors identify 1,178 contracts as "executory contracts" designated for assumption and assignment, Alcoa's internal review estimates that approximately 100 contracts between the Debtors and Alcoa are executory as of the Petition Date and, thus, subject to assumption and assignment.

12. Section 365 of the Bankruptcy Code, 11 U.S.C. § 365, provides, in pertinent part:

> (a) . . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

>   (b)(1) If there has been a default in an executory contract or unexpired lease . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract, the trustee
>
>>      (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
>   . . .
>
>   (f) . . . notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease . . . .

11 U.S.C. § 365.

13. The obligations that arise for the Debtors in connection with the Proposed Executory Contracts involving numerous transactions between Alcoa and the Debtors (specifically, GM). Alcoa and GM have been working diligently to ascertain the correct amount necessary to cure any defaults related to the Proposed Executory Contracts; however, Alcoa has not been able to determine such amount with specificity within the ten (10) day deadline imposed by this Court.

14. Also, Alcoa has been unable to determine what portion of the Proposed Executory Contracts constitute executory contracts between the Debtors and Alcoa as of the Petition Date. For example, several of the contracts identified in the Notice may be with entities that are no longer affiliated with Alcoa. Further, Alcoa submits that many of the Proposed Executory Contracts may have expired pursuant to the terms contained therein.

15. In light of the above, Alcoa files this Objection to preserve its right to seek amounts in excess of the Proposed Alcoa Cure Amount to the extent Alcoa identifies amounts due and owing related to the Proposed Executory Contracts that are not included in the Proposed Alcoa Cure Amount. Additionally, Alcoa submits that certain of the Proposed Executory Contracts should be removed from the Notice to the extent Alcoa is not the appropriate counter-party and the contract does not constitute an executory contract.

16. Alcoa reserves the right to supplement this Objection upon learning additional necessary facts relevant to this Objection.

WHEREFORE, Alcoa Inc. respectfully requests that this Court enter an order (a) requiring the Debtors (or, if applicable, the Purchaser) to pay Alcoa the cure amount properly due to Alcoa after a full and complete reconciliation has been performed between Alcoa and the Debtors; (b) requiring the removal of such contracts from the Notice that do not constitute executory contracts between the Debtors and Alcoa as of the Petition Date; and (c) granting such further relief as this Court deems just and proper.

Dated:  June 12, 2009
New York, NY

McGUIREWOODS LLP

/s/ Shawn R. Fox
Shawn R. Fox
1345 Avenue of the Americas
7th Floor
New York, New York 10105-0106
Tel:  212.548.2165
sfox@mcguirewoods.com

and

Mark E. Freedlander (*pro hac vice* application pending)
William C. Price (*pro hac vice* application pending)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: 412-667-6000
mfreedlander@mcguirewoods.com
wprice@mcguirewoods.com

*Counsel for Alcoa Inc. and its affiliated entities*