STROBL & SHARP, P.C.
Lynn M. Brimer (P43291)
Meredith E. McKinzie (P69698)
300 East Long Lake Road, Suite 200
Bloomfield Hills, Michigan 48304
(248) 540-2300

*COUNSEL FOR PIONEER STEEL CORPORATION*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

In re                                                     Chapter 11

GENERAL MOTORS CORP., et al.,                             Case No. 09-50026 (REG)

                              Debtors.                    (Jointly Administered)
-------------------------------------------------------- x

**LIMITED OBJECTION OF PIONEER STEEL CORPORATION TO THE DEBTORS'**
**MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND**
**FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE**
**PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH**
**VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED**
**PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND**
**OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF;**
**AND (II) SCHEDULE SALE APPROVAL HEARING**

        Pioneer Steel Corporation ("Pioneer"), by its undersigned counsel, hereby objects on a

limited basis ("Objection") to the Motion of Debtors and Debtors in Possession Pursuant to

Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006

for an Order Authorizing the Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases (Docket No. 92) ("363 Motion") and the Debtors' Notice of (I) Debtors' Intent

to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and

Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated

June 5, 2009 (the "Notice") (The 363 Motion and the Notice are collectively, the "Motion").

Pioneer objects to the Motion because it does not accurately state the Cure Amount[1] due to

Pioneer. In further support of its Objection, Pioneer respectfully states as follows:

## Background

1.      On June 1, 2009 ("Petition Date"), General Motors Corporation ("GM")

filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

("Bankruptcy Code").

2.      On June 1, 2009, GM filed the 363 Motion to (1) Approve (A) The Sale

Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a

U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other

Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired

Leases; and (C) Other Relief; and (II) Scheduling Sale Approval Hearing.

3.      On June 2, 2009, the Court entered its Order Pursuant to Sections 105, 363

and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (A) Approving

Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the

Debtors to Provide Certain Bid Protections, (C) Scheduling a Final Hearing Approving the Sale

of Substantially All of the Debtors' Assets and (D) Approving the Form and Manner of Notice

thereof [Docket Entry No. 492] (the "Order"), thereby establishing the procedure for assumption

and assignment of Debtors' contracts to Purchaser.

---

[1]  Capitalized terms not expressly defined herein have the meaning ascribed to them in the Motion.

4.    Debtors served Pioneer with a copy of the Notice dated June 5, 2009. Pursuant to paragraph 7 of the Notice, objections by a Non-Debtor Counterparty to one or more Assumable Executory Contracts, must be asserted within ten (10) days after the date of the Notice.

5.    The website provided by Debtors in the Notice states that the aggregate amount necessary to cure all existing defaults for Assumable Executory Contracts with Pioneer, within the meaning of Section 365 of the Bankruptcy Code is $172,885.00 (the "Debtors' Proposed Cure Amount").

## Limited Objection

6.    In addition to the Debtors' Proposed Cure Amount, Pioneer asserts that it is owed an additional amount not less that $12,000.00 for certain invoices summarized on the attached Exhibit A for an aggregate total amount not less than $184,885.00 to cure all existing defaults under the Assumable Executory Contracts as of the Petition Date (the "Pioneer Cure Amount"). The Pioneer Cure Amount does not include certain post-petition obligations due and owing from Debtors to Pioneer in furtherance of Pioneer's ongoing obligations to the Debtors.

7.    Pioneer has absolutely no objection to the designation of its contracts with the Debtors as Assumable Executory Contracts.

8.    Pioneer is filing this Limited Objection so as to comply with the Notice, Order and Motion and preserve its rights thereunder, but Pioneer is simultaneously engaged in business-to-business discussions with the Debtors in an effort to reconcile the cure amount differences.

3

9.      Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -- (A) cures, or provides adequate assurance that the trustee will promptly cure, such default....

10.     Pioneer only objects to the Motion on the following grounds:

> a.  the Debtors' Proposed Cure Amount is insufficient to cure all existing defaults within the meaning of Section 365 of the Bankruptcy Code; and

> b.  the Debtors' Proposed Cure Amount does not include Debtors' post-petition obligations to Pioneer in furtherance of Pioneer's ongoing obligations to, and performance for the Debtors.

11.     Accordingly, Pioneer objects to the Debtors' Proposed Cure Amount pursuant Section 365 of the Bankruptcy Code to the extent that the Debtors' Proposed Cure Amount is less than 100% of the actual pre-petition and all post-petition obligations owed by Debtors to Pioneer.

12.     Pioneer respectfully requests that the requirements of Local Rule 9013-l(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

### Reservation of Rights

14.     Pioneer reserves the right (a) to amend, supplement, or otherwise modify this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Amount with respect to the proposed assumption and assignment of the Proposed Cure Amount.

## Conclusion

WHEREFORE, Pioneer respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Motion to the extent it requests relief inconsistent with this Objection, and (b) providing Pioneer with such other and further relief as is appropriate.

Dated: June 12, 2009
     Bloomfield Hills, Michigan

          Respectfully submitted,

          STROBL & SHARP, P.C.

          */s/ LYNN M. BRIMER*
          By:    Lynn M. Brimer (P43291)
                  Meredith M. McKinzie (P69698)
          300 E. Long Lake Rd., Ste. 200
          Bloomfield Hills, MI  48304
          (248) 540-2300 / Fax (248) 645-2690
          Email: lbrimer@stroblpc.com

STROBL & SHARP, P.C.
Lynn M. Brimer (P43291)
Meredith E. McKinzie (P69698)
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
(248) 540-2300

*COUNSEL FOR PIONEER STEEL CORPORATION*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

In re                                           Chapter 11

GENERAL MOTORS CORP., et al.,                   Case No. 09-50026 (REG)

      Debtors.        (Jointly Administered)

-------------------------------------------------------------- x

## CERTIFICATE OF SERVICE

  I, Lynn M. Brimer, hereby certify that a true and correct copy of the **Limited Objection of Pioneer Steel Corporation to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and FED. R. BANKR. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing** was caused to be served by e-mail upon all parties who receive electronic notice in this case pursuant to the Court's ECF filing system, and by overnight courier to the parties so indicated on the attached service list.

Dated: June 12, 2009
   Bloomfield Hills, Michigan     */s/ LYNN M. BRIMER*
                Lynn M. Brimer

General Motors Corporation
Cadillac Bldg, 30009 Van Dyke Ave
Warren, Michigan 48090-9025
Attn: Warren Command Center Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
Joseph H. Smolinsky, Esq.

Kenneth Eckstein, Esq., Thomas Moers Mayer, Esq.,
Gordon Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

U. S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman, Esq.

Vedder Price, P.C.
1633 Broadway 47th Floor
New York, New York 10019
Attn: Michael J. Edelman, Esq. Michael L. Schein, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Rapisardi, Esq.

Robert D. Wolford, Esq.
Miller, Johnson, Snell & Cummiskey, PLC
250 Monroe Avenue, N.W. Suite 800
Grand Rapids, MI 49503

U.S. Trustee for the Southern Dist. of New York
Attn: Diana G. Adams. Esq.
33 Whitehall Street 21st Floor
New York, New York 10004

Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

7



**CORPORATION**

7447 Intervale • Detroit, MI 48238-2488
Tel: 313.933.9400 • Fax: 313.933.1621
www.pioneersteel.us

June 11, 2009

Contract Objections

VIA OVERNIGHT MAIL

Debtors
c/o General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI  48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

To Whom It May Concern:

We hereby object to the cure amount of $172,885.00

The amount does not include our invoice DET IV-134553 in the amount of $12,000.00, a copy of which is attached.

Sincerely,

Donald R. Sazama
President
Pioneer Steel Corporation

Enclosure (1)

```
                            I N V O I C E                    No: DET IV-134553
                                                               Date:26Mar09
                                                             Due:25Apr09
Sold By:                                  Remit to:
   PIONEER STEEL CORPORATION                 PIONEER STEEL CORPORATION
   7447 INTERVALE                            DRAWER 64176
   DETROIT, MI   48238-2488                  DETROIT, MI   48264-0176
   Tel: 313 933 9400 Fax: 313 933-1621


Sold To:   ( 13686)                       Shipped To:  (005)
   GENERAL MOTORS CORP.                       GMC-MARION PLANT
   ATTN:                                      2400 W. 2ND STREET
                                              MARION, IN   46932
```

```
Shp Dt 26Mar09     Ord Dt 12Dec08      SO No DZ-131852
Trm 1/2% 10, NET 30 DAYS               PO/Rel TCB08453
Frt COLLECT                            Via PLS LOGISTICS     FOB SHIPPING POINT
Slp MICHAEL SMALL                                           Pbl
```

```
   1 8M/HOT ROLLED STEEL PLATE MFS 3083              2 PCS        153.75 SFT
     4.0000 Nom X 84.0000" X 131.9600"                           24,600 LBS
 PP - MFS3083
 MADE FROM GM RECYCLED MATERIAL
 FINISH TO 4.00   BEVEL AND CHAMFER PER DRAWING
 MACHINE COMPLETE
 RELEASE#: 110A0035
 PART#: 0607-0677
 PR: XX1995, DB70
 11-39003, 11-39001
 GM TAB# 8
 PROCESSING                             2 PCS @   6,000.000             12,000.00
```

PIONEER STEEL
CORPORATION

```
*************************************************************************
   Material      Processing      Freight      Other      Taxes      TOTAL DUE
                 12,000.00                                           12000.00
*************************************************************************
                                 Discount: 60.00 if paid by 16Apr09
                            FILE COPY
```