**Hearing Date and Time: June 25, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 19, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                       :       Chapter 11
                                                            :
**GENERAL MOTORS CORP.,** *et al.*,            :       Case No. 09-50026 (REG)
                                                            :
                    Debtors.                          :       (Jointly Administered)
                                                            :
------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER GRANTING ADDITIONAL TIME TO FILE REPORTS**
**OF FINANCIAL INFORMATION OR TO SEEK MODIFICATION OF**
**REPORTING REQUIREMENTS PURSUANT TO BANKRUPTCY RULE 2015.3**

**PLEASE TAKE NOTICE THAT:**

On June 12, 2009, General Motors Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "**GM**" or the "**Debtors**") filed the *Debtors' Motion for Entry of an Order Granting Additional Time to File Reports of Financial Information or to Seek Modification of Reporting Requirements Pursuant to Bankruptcy Rule 2015.3* (the "**Motion**").

A hearing, with respect to Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling

Green, New York, New York 10004, on **June 25, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

The deadline to file any objections and responses to the Motion is **June 19, 2009** at **4:00 p.m. (Eastern Time)** (the " **Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

Any objections or responses must also be served upon the following parties so as to be received no later than the Objection Deadline:  (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for EDC, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.).

Dated:  New York, New York
        June 12, 2009

      /s/ Stephen Karotkin
      Harvey R. Miller
      Stephen Karotkin
      Joseph H. Smolinsky

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

Hearing Date and Time: June 25, 2009 at 9:45 a.m. (Eastern Time)
Objection Date and Time: June 22, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                        :       Chapter 11
:
**GENERAL MOTORS CORP.,** *et al.*,          :       Case No. 09-50026 (REG)
:
Debtors.                            :       (Jointly Administered)
:
------------------------------------------------------------x

### MOTION OF DEBTORS FOR ENTRY OF ORDER GRANTING ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION OR TO SEEK MODIFICATION OF REPORTING REQUIREMENTS PURSUANT TO BANKRUPTCY RULE 2015.3

TO THE HONORABLE ROBERT E. GERBER, UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

1.      Pursuant to sections 105(a), 1107, and 1108 of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order granting them additional time, through and including August 31, 2009, to file their initial report of financial

information in respect of entities in which their chapter 11 estates hold a controlling or substantial interest (collectively, the "**Rule 2015.3 Reports**") or to file a motion with this Court seeking a modification of such reporting requirements for cause, pursuant to Bankruptcy Rule 2015.3(d).

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief Requested

3. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than five days before the date set for the meeting of creditors under section 341 of the Bankruptcy Code (the "**341 Meeting**") and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the Rule 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with these reporting requirements, or that the information … is publicly available." Fed. R. Bankr. P. 2015.3(d).

4. The Debtors estimate that at the outset of these cases there are approximately 259 domestic entities and 271 foreign entities in which the Debtors hold a substantial or controlling interest within the meaning of Bankruptcy Rule 2015.3 (collectively, the "**Rule 2015.3 Entities**"). Cause exists to extend the deadline for the filing of the Rule 2015.3

Reports as requested herein based on (a) the size, complexity, and geographic reach of the Debtors' businesses and the significant number of Rule 2015.3 Entities and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3(a) in the early days of these cases, when the Debtors are focusing their resources on maximizing value for stakeholders by pursuing the sale of substantially all their assets to Vehicle Acquisition Holdings LLC, a U.S. Treasury-sponsored purchaser (the "**Purchaser**") pursuant to the Master Sale & Purchase Agreement, dated as of June 1, 2009 (the "**363 Transaction**").

5.  As such, the Debtors are not in a position to complete the initial Rule 2015.3 Reports by July 20, 2009 (i.e., five days before the 341 Meeting scheduled for July 27, 2009). Moreover, under the proposed 363 Transaction or similar sale transaction, the Debtors anticipate that many of the Rule 2015.3 Entities will be sold to the Purchaser. Requiring the Debtors to divert their resources at this time to prepare and file detailed Rule 2015.3 Reports with respect to entities that are likely to be no longer owned by the Debtors' estate places an unnecessary burden on the Debtors at this time. Preparing and filing the Rule 2015.3 Reports may also implicate various third party confidentiality agreements with respect to access to and disclosure of required information.

6.  Extending the deadline for the initial Rule 2015.3 Reports will enable the Debtors to focus on the 363 Transaction and work with their financial advisors and the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") to determine the appropriate nature and scope of the Rule 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court extend, through and including August 31, 2009, the time by which the Debtors must either file their initial Rule 2015.3 Reports

3

or file a motion with this Court seeking appropriate modifications of such reporting requirements, for cause, pursuant to Bankruptcy Rule 2015.3(d).

7. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**") to provide access to relevant information regarding the Debtors' business and financial affairs. The Debtors and their professionals are also working diligently to complete their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs, currently due July 31, 2009, which will provide considerable information on the Debtors' business operations and financial position to all parties in interest.

## Notice

8. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the Creditors' Committee, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.

4

The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

    9.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

    WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York  
   June 12, 2009

                /s/ Stephen Karotkin  
                Harvey R. Miller  
                Stephen Karotkin  
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP  
                767 Fifth Avenue  
                New York, New York 10153  
                Telephone: (212) 310-8000  
                Facsimile: (212) 310-8007

                Attorneys for Debtors  
                and Debtors in Possession

**Hearing Date and Time: June 25, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 22, 2009 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                          :      Chapter 11 Case No.
:
**GENERAL MOTORS CORP.,** *et al.*,            :      09-50026 (REG)
:
Debtors.                         :      (Jointly Administered)
:
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE**
**REPORTS OF FINANCIAL INFORMATION OR TO SEEK MODIFICATION**
**OF REPORTING REQUIREMENTS PURSUANT TO BANKRUPTCY RULE 2015.3**

Upon the Motion, dated June 12, 2009 (the "**Motion**"),[1] of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Bankruptcy Rule 2015.3 for entry of an order granting additional time to file reports of financial information in respect of entities in which their estates hold a controlling or substantial interest or to seek a modification of such reporting requirements, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the Creditors' Committee, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

3

ORDERED that the Debtors are granted an extension through and including August 31, 2009 to file their initial Rule 2015.3 Reports or to file a motion seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' right to seek further extensions of such date; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
      [     ], 2009

 

_____
United States Bankruptcy Judge