DAWDA, MANN, MULCAHY & SADLER, PLC
William L. Rosin                                                                 **Hearing Date:  TBD**
Kenneth A. Flaska (*pro hac vice*)
39533 Woodward Avenue, Suite 200
Bloomfield Hills, Michigan  48304
Telephone:  (248) 642-3700
Facsimile:  (248) 642-7791

*Attorneys for Magneti Marelli Powertrain USA, LLC*
*Magneti Marelli North America, Inc., Automotive Lighting LLC,*
*Automotive Lighting Rear Lamps Mexico S de RL CV*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re:                                                :          Chapter 11
                                                      :
                                                      :          Case No 09-50026-reg
GENERAL MOTORS CORPORATION    :          Hon. Robert E. Gerber
                                                      :
                       Debtor.                :
                                                      :
-----------------------------------------------------------x

### LIMITED OBJECTION OF MAGNETI TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

Magneti Marelli Powertrain USA, LLC, Magneti Marelli North America, Inc., Automotive Lighting LLC, Automotive Lighting Rear Lamps Mexico S de RL CV and certain of its affiliates and subsidiaries (collectively, "Magneti"), hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Magneti by the above-captioned debtor and debtor-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1. On June 1, 2009, the Debtors commenced voluntary proceedings under Chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order approving the Debtors' bidding procedures [Docket No. 274], which includes procedures regarding Debtors' assumption and assignment of executory contracts ("Bidding Procedures Order").

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a notice (the "Assignment Notice") to FIAT SPA ("Fiat") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements (the "Assumed Contracts") with some or all of the Fiat companies, including Magneti, a subsidiary of Fiat. In addition, the Assignment Notice directed Magneti to a website which identified the proposed cure amounts allegedly owing under the Assumed Contracts (the "Proposed Cure Amount").

4. The Proposed Cure Amount has been presented to Magneti in a voluminous listing of almost 500 contracts purportedly between Debtors, on the one hand, and Magneti, or one of its affiliates, including, but not limited to, Fiat SpA and Comau, Inc., on the other. No other information has been provided to Magneti and, based on this limited information, Magneti cannot confirm whether or not the appropriate contracts are being assumed nor whether or not the Proposed Cure Amounts are correct within the Court imposed time constraints. Instead, additional time is needed in order for Magneti to confirm that all of the appropriate contracts are being assumed. Following this, Magneti will then be in a position to calculate and confirm the exact amounts due and owing as the proper cure amount.

## The Requirements of 11 U.S.C. §365

5.      The Debtors are in default of their contracts with Magneti and are liable for amounts which were in default on the Petition Date, not the dates when the contracts will be assumed.  The Debtors have failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property …;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

## Objection

6.      Magneti does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to the assumption of its executory contracts with Debtors and the assignment of said contracts to the Purchaser.  Magneti does object to the Assignment Notice to the extent that (1) the Proposed Cure Amount is not possible to confirm from the limited information provided so that Magneti objects to the extent that it is not correct and (3) the Assignment Notice would permit the assumption and assignment of certain Magneti agreements without either the Purchaser or the Debtors satisfying all the requirements attendant to the assumption and assignment of contracts as set forth in §365(b) and (f) of the Bankruptcy Code.

7. The Bankruptcy Code, in particular, §365(b)(1) makes its clear that defaults must be cured as of the time of an assumption. This includes both pre-petition and post-petition defaults.

8. Magneti further objects because it does not have sufficient information from the Debtors and/or has not had sufficient time, to verify that the appropriate contracts are being assumed.

9. Magneti reserves all rights to amend and/or supplement this Objection.

### Relief Requested

WHEREFORE, Magneti respectfully requests that this Court: (I) preserve the right for Magneti to confirm which of its contracts are being assumed and assigned, (II) properly determine its cure amount, (III) deny the proposed assumption and assignment of the Magneti contracts on the terms proposed by the Debtors, but instead require the Debtors to comply with 11 U.S.C. §365(b), (IV) require that the Proposed Sale Order expressly provide that all accrued liabilities related to the executory contracts and defaults arising thereunder be cured, and (V) grant such other relief as this Court deems just and equitable under the circumstances.

DAWDA, MANN, MULCAHY & SADLER, PLC

By: /s/ Kenneth A. Flaska

Kenneth A. Flaska (P28605) (*pro hac vice*)
William L. Rosin (P40529)
39533 Woodward Avenue, Suite 200
Bloomfield Hills, Michigan 48304
(248) 642-3700
gm@dmms.com

Dated: June 12, 2009