JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage *(pro hac vice)*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 351-3000
*Counsel for MPS Group, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
GENERAL MOTORS CORP., *et al.*,                                :    Case No. 09-50026 (REG)
                                                               :    (Jointly Administered)
         Debtors.                                              :
                                                               :
---------------------------------------------------------------x

## LIMITED OBJECTION OF MPS GROUP, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, AND (II) CURE COSTS RELATED THERETO

MPS Group, Inc. ("MPS"), through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon MPS by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order dated June 2, 2009 [Doc. No. 274] (the "Bidding Procedures Order").

### Background

1.  On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2.  On June 2, 2009, this Court entered the Bidding Procedures Order which approved the Debtors' proposed bidding procedures, including procedures regarding Debtors'

1757951.02

assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 9, 2009, the Debtors delivered the Assignment Notice to MPS, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with MPS (the "Assumed Contracts"). In addition, on their Contract Website [www.contractnotices.com], the Debtors identify $1,785,405.07 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

4. Moreover, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date and not the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice).

## The Requirements Of Section 365 of the Bankruptcy Code

5. The Debtors are in default of their contracts with MPS and have failed to comply with the provisions of section 365 of the Bankruptcy Code, which provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default...;
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365.

2

1757951.02

6.  Payment of the Proposed Cure Amount fails to cure the existing defaults under the contracts sought to be assumed and assigned and, thus, absent the consent of MPS, the contracts may not be assumed and assigned.

### Objection

7.  MPS files this Limited Objection out of an abundance of caution. While MPS does not object generally to the proposed sale or the assumption and assignment of the Assumed Contracts, MPS does object to the Proposed Cure Amount. To the extent that MPS and the Debtors can reach agreement on the correct cure amount, MPS will withdraw the Limited Objection.

8.  Section 365 of the Bankruptcy Code makes clear that executory contracts, such as the Assumed Contracts, cannot be assumed by the Debtors without concurrent cure of all arrearages owed *at the time of assumption.* In re Stoltz, 315 F.3d 80, 86 (2d Cir. 2002) ("Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract."); *In re Genuity, Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 1995) (the term "defaults" for purposes of cure under section 365 include both pre-petition and post-petition defaults).

9.  Presently, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of MPS' contracts is whatever was in default as of the Petition Date. MPS objects to the Assumption Notice unless all defaults owed under the Assumed Contracts *at the time of assumption* are cured in full. Moreover, MPS objects to the Proposed Cure Amount because it is substantially less than the amount that was in default on the Petition Date.

10. Finally, shortly before the Petition Date, the Debtors substituted a new purchase

1757951.02

order number for one of MPS' previous blanket purchaser order numbers. Pursuant to correspondences from the Debtors, the new blanket purchase order number replaced MPS' old purchase order number effective May 29, 2009. The new blanket purchase order number that was assigned is TCB08903. Since this change occurred, MPS has submitted invoices under the new blanket purchase order number and such invoices are being recognized by the Debtors' DACOR system. Accordingly, it is clear that the Debtors intend to assume the new blanket purchase order. Nevertheless, the new blanket purchase order number is not specifically identified on the Debtors list of executory contracts to assume. MPS believes that the new blanket purchase order number should be added to that list.

11. MPS submits that the true Cure Amount for all of the Assumed Contracts is $3,203,495.14.

12. MPS reserves its right to amend this Limited Objection to include any additional facts as may be determined by its further investigation of the Assumption Notice and the Assumed Contracts.

### Conclusion

WHEREFORE, in accordance with the procedures set forth in the Assignment Notice and the Bidding Procedures Order, MPS objects to the Proposed Cure Amount.

Respectfully submitted by:

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
phage@jaffelaw.com

Dated: June 12, 2009.

4

1757951.02