**FOX ROTHSCHILD LLP**
Fred Stevens
100 Park Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
Email: fstevens@foxrothschild.com

*Attorneys for StarSource Management Services*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
:
In re:                                          :        Chapter 11
                                                :
    **GENERAL MOTORS CORP.,** *et al.*,    :        Case No. 09-50026 (REG)
                                                :
                **Debtors.**      :        (Jointly Administered)
                                                :
---------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF STARSOURCE**
**MANAGEMENT SERVICES WITH RESPECT TO CURE AMOUNT**

    StarSource Management Services ("StarSource"), by and through its undersigned counsel, hereby files this objection to the cure amount (the "Cure Amount") for unpaid monetary obligations as set forth on that certain website maintained on behalf of General Motors Corp., *et. al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto set forth in the Cure Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases, dated June 5, 2009 (the "Cure Notice"), and respectfully states as follows:

    1.    On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions in this Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, (the

"Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes.

2. On the Petition Date, the Debtors filed a motion, seeking, among other things, authorization and approval of (a) the sale of substantially all of the Debtors' assets, (b) certain bidding procedures to govern the sale process, and (c) the assumption and assignment of certain executory contracts and unexpired leases of personal property and nonresidential real property in connection with the proposed sale transaction (the "Sale Procedures Motion").

3. On June 2, 2009, this Court entered an order approving the Sale Procedures Motion.

4. StarSource received the Cure Notice on June 11, 2009. The Cure Notice includes procedures for resolving objections to the Cure Notice based solely on the proposed Cure Amount.

5. Pursuant to the Cure Notice, StarSource reviewed the website maintained by or on behalf of the Debtors at www.contractnotices.com (the "Website"). The Website lists the executory contracts with various StarSource entities that the Debtors intend to assume and assign (the "StarSource Agreements"), as well as the proposed Cure Amount with respect to the StarSource Agreements. The Cure Website lists the Cure Amount due and owing to StarSource as **[REDACTED]**.[1] According to StarSource's records, the amount set forth on the Website represents significantly less than the pre-petition amount currently due and owing to StarSource.

6. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] — (A)

---

[1] The Order approving the Sale Procedures Motion (as defined herein) suggests that Cure Amounts are not to be made public. Accordingly, certain portions of this objection have been redacted. Complete copies of this objection have been served on the Debtors and this Court.

cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default . . .

7. StarSource does not object to the assumption and assignment of the StarSource Agreements or to the other relief sought in the Sale Procedures Motion. However, pursuant to Section 365(b)(1) of the Bankruptcy Code, if the Debtors propose to assume or assume and assign the StarSource Agreements, the Debtors must first pay to StarSource the total amount the Debtors owe to StarSource under the various StarSource Agreements. As of the date hereof, StarSource's records reflect that the relevant pre-petition amount due and owing is not less than $2,296,810.10.

8. Accordingly, and as contemplated by the Cure Notice, StarSource hereby files this limited objection and reserves all of its rights solely with respect to the Cure Amount.

Dated: New York, New York
       June 12, 2009

FOX ROTHSCHILD LLP

By: *s/ Fred Stevens*
Fred Stevens
100 Park Avenue, 15th Floor
New York, NY 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
Email: fstevens@foxrothschild.com

*Counsel to StarSource Management Services*