NEDELMAN GLOETZNER, PLLC
Michael A. Nedelman
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Phone: (248) 855-8888
Fax: (248) 538-4556
mnedelman@nglegal.com

Counsel for Logistics Insight Corp.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――X
                                        :
In re:                                  :    Chapter 11
                                        :
GENERAL MOTORS CORP, et al.,            :    Case No.: 09-50026 (REG)
                                        :
    Debtors.                            :    (Jointly Administered)
―――――――――――――――――――――――――X

**LIMITED OBJECTIONS OF LOGISTICS INSIGHT CORP
TO PROPOSED CURE AMOUNT CONTAINED IN NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES AND (II) CURE COSTS RELATED THERETO</u>**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

      Logistics Insight Corp. ("Logistics Insight"), by and through its attorneys, Nedelman Gloetzner, PLLC, submits this Limited Objection to the Proposed Cure Amount ("Objection") in connection with the proposed assumption and assignment of the Debtors' executory contracts with Logistics Insight.

163911676.003                               1

INTRODUCTION

1. On June 1, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On June 1, 2009, the Debtors filed a motion (Docket No. 92) with the Bankruptcy Court (the "Sale Motion") seeking, among other relief, (a) the sale of substantially all of the Debtors' assets pursuant to that certain Master Sale and Purchase Agreement and related agreements (the "MPA") among the Debtors, as Sellers, and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of Treasury (the UST) (the "363 Transaction"), and (b) authority to assume and assign certain executory contracts and unexpired leases in connection with the 363 Transaction.

3. The MPA contemplates, and the proposed Order approving the Motion, if approved, shall authorize the assumption and assignment to the purchaser of certain Contracts and Leases pursuant to 11 U.S.C.§365. The Debtors have identified one or more contracts with Logistics Insight for assumption and assignment.

4. The Bankruptcy Court entered its Order (Docket No. 274) on June 2, 2009 (the "Sale Procedures Order"), establishing, among other things, a process for (a) the assumption of certain "Assumable Executory Contracts" by the Debtors and the assignment of these agreements to the Purchaser, (b) the determination of the amounts necessary to cure defaults under the Assumable Executory Contracts (the "Cure Costs") and (c) the resolution of other disputes in connection with the assumption and assignment of the Assumable Executory Contracts pursuant to 11 U.S.C. § 365.

5. The Sale Procedures Order requires the Debtors to file with this Court and serve notice on each non-debtor counterparty and Assumption and Assignment Notice to an Assumable Executory Contract with any of the Debtors that the Debtors may assume and assign to the Purchaser.

6. The Debtors served upon Logistics Insight Notice (dated June 5, 2009) of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and and Unexpired Leases of Personal Property and (II) Cure Costs Related Thereto (the "Cure Costs Notice").

7. The Cure Costs Notice identified contracts with Logistics Insight as executory agreements that the Debtors intend to assume and assign to the Purchaser and claimed $2,300,812.27 as the corresponding Proposed Cure Amount for those contracts.

8. Pursuant to the Cure Costs Notice, Logistics Insight must object within ten (10) days of the service of the Cure Costs Notice.

## LIMITED OBJECTION

9. Logistics Insight does not object to the assumption and assignment of the assumable executory contracts between one or more Debtors and Logistics Insight, subject to correction of the Proposed Cure Amount.

10. Logistics Insight's objection is solely limited to the Proposed Cure Amount claimed by the Debtors.

11. Logistics Insight and the Debtors are currently in contact and the parties are diligently working to reconcile the amounts owed.

12. Logistics Insight fully expects to reach a settlement with the Debtors regarding the actual Cure Amount and, if the parties are unable to reach a consensual resolution, settlement of the Cure Amount will be resolved pursuant to the Cure Dispute Resolution Process.

13. Although Logistics Insight believes a consensual resolution will be reached, Logistics Insight is required to file this Limited Objection in order to preserve their rights pursuant to the Sales Procedures.

14. The total Proposed Cure Amount claimed by the Debtors for Logistics Insight is $2,300,812.27.

15. Logistics Insight calculates the actual Cure Amount under the Assumable Executory Contracts with Logistics Insight, inclusive of the amounts due Logistics Insight through one or more Lead Logistics Suppliers for the Debtors, to be a total of $3,797,165.86.

16. Pursuant to 11 U.S.C. § 365, as a condition of assumption of its contracts, Logistics Insight is required to be paid all pre-petition amounts due and owing in full in order to restore the pre-default conditions and bring all contracts back in compliance with their terms. 11 U.S.C. § 365(b); *In re Stoltz*, 315 F.3d 90 (2nd Cir. 2002).

17. Accordingly, Logistics Insight objects to the assumption and assignment of its contracts with Debtor on the limited grounds that the Proposed Cure Amount identified by Debtors are less than the full amount due to Logistics Insight.

18. Logistics Insight reserves the right to amend this Objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Debtors' executory contracts with Logistics Insight prior to or at any hearing on this Objection.

WHEREFORE, Logistics Insight respectfully requests that an order be entered directing the Debtors to pay pre-petition cure costs to Logistics Insight in the total amount of $3,797,165.86 as a condition of the assumption and assignment of the Debtors' executory contracts with Logistics Insight.

Respectfully submitted,

NEDELMAN GLOETZNER, PLLC

By: /s/ Michael A. Nedelman
    Michael A. Nedelman
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Telephone: (248) 855-8888
Fax: (248) 538-4556
Email: mnedelman@nglegal.com

Dated: June 12, 2009

163911676.003

5

NEDELMAN GLOETZNER, PLLC
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Phone: (248) 855-8888
Fax: (248) 538-4556
Michael A. Nedelman
mnedelman@nglegal.com

Counsel for Logistics Insight Corp.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GENERAL MOTORS CORP, et al., | : | Case No.: 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

     This is to certify that on June 12, 2009, I served a copy of the **Limited Objection of Logistics Insight Corp. to Proposed Cure Amount Contained in Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Costs Related Thereto** and this **Certificate of Service**, upon all counsel of record receiving electronic filing through the Court's electronic filing system and overnight delivery to all parties required in paragraph 7 of the Notice. I declare that the above statements are true to the best of my knowledge, information and belief.

                          /s/ Michael A. Nedelman
                          MICHAEL A. NEDELMAN