MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
Marc N. Swanson
(313) 496-7591

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
General Motors Corporation,                                         :    Case No. 09-50026 (REG)
                                                                    :
            Debtor.                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF KONGSBERG AUTOMOTIVE INC. AND ITS AFFILIATES TO
CURE AMOUNTS RELATED TO ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS**

Kongsberg Automotive, Inc., Kongsberg Driveline Systems I, Inc., Kongsberg Driveline Systems S de RL de CV, Kongsberg Interior Systems S de RL de CV, Kongsberg Automotive S de RL de CV, Kongsberg Power Product Systems I, Inc., Kongsberg Driveline Systems GmbH, Kongsberg Holding II LLC (collectively, "Kongsberg"), by its attorneys Miller, Canfield, Paddock and Stone, P.L.C., hereby object to the Cure Amounts provided by the Debtors with respect to certain executory contracts by and among Kongsberg and the Debtors ("Objection"). In support of its Objection, Kongsberg states as follows:

**INTRODUCTION**

1.      Kongsberg received approximately two hundred notices from the Debtors entitled, Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II)

Cure Amounts Related Thereto, dated June 5, 2009, identifying the "Counter Party Name" as Kongsberg Holding II LLC (each a "Holding Notice", and collectively the "Holding Notices").

2. Each Holding Notice has a schedule attached to it (each a "Holding Schedule", and collectively the "Holding Schedules")[1] identifying Kongsberg Holding II LLC as the counterparty to an executory contract with the Debtors that the Debtors intend to assume (each an "Holding Assumable Executory Contract", and collectively the "Holding Assumable Executory Contracts").

3. There were no cure amounts listed for any of the Holding Assumable Executory Contracts.

4. In addition to the approximately two-hundred Holding Notices, Kongsberg received one notice identifying Teleflex Inc. as the Counter Party Name ("Teleflex Notice", and together with the Holding Notices, the "Notices").

5. The Teleflex Notice has a schedule attached to it ("Teleflex Schedule") identifying Teleflex Inc. as the counterparty to an executory contract with the Debtors that the Debtors intend to assume ("Teleflex Assumable Executory Contract", and together with the Holdings Assumable Executory Contracts, the "Assumable Executory Contracts").

6. The Notices state that the Debtors intend to assume and assign to Vehicle Acquisition Holdings LLC ("Purchaser") the Assumable Executory Contracts and to cure all prepetition defaults under the Assumable Executory Contracts as of the Debtors' petition date in

---

[1] Kongsberg did not attach the Schedules to this Objection because the Schedules contain certain confidential information. Upon the request of the this Court, the Debtors, or any other party in interest, Kongsberg will provide the Schedules to the requesting party.

accordance with section 365(b) of the Bankruptcy Code (each a "Cure Amount", and collectively the "Cure Amounts").

7. Kongsberg has been actively consulting and negotiating with the Debtors regarding the issues raised herein, and will continue to do so in a good faith effort to reach an accord. Kongsberg and the Debtors are working diligently to resolve the issues at hand, but the issues were not able to be resolved prior to the objection deadline.

## ARGUMENT

### I. The Holding Notices and Holding Schedules Do Not Identify a Cure Amount

8. The Holding Notices state that the Debtors maintain a website which "contains information about your Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts….In order to view the Cure Amount for your Assumable Executory Contract to which you are a party, you must log onto http://www.contractnotices.com ("Contract Website")..."

9. As stated above, Kongsberg received approximately two hundred Holding Notices with two hundred different Holding Schedules. Each Holding Schedule contains a different User ID and different Password to log into the Contract Website to view the Debtors' proposed Cure Amount with respect to the Holding Assumable Executory Contract related to such Holding Schedule.

10. Kongsberg has viewed approximately one hundred of the two hundred Holding Assumable Executory Contracts on the Contract Website and for each one there is no Cure Amount listed. To be clear, the Cure Amount is not listed as $0.00, there is simply nothing listed.

11. Further, on the Contract Website and in the Holding Schedules, the Debtors incorrectly list the "Counter Party Name" as Kongsberg Holding II LLC.

12. Upon information and belief, Kongsberg asserts that all of the Holdings Notices identify executory contracts between the Debtors and one of the following Kongsberg entities: Kongsberg Automotive, Inc., Kongsberg Driveline Systems I, Inc., Kongsberg Driveline Systems S de RL de CV, Kongsberg Interior Systems S de RL de CV, Kongsberg Automotive S de RL de CV, or Kongsberg Power Product Systems I, Inc.

13. Again, upon information and belief, in addition to the Holding Notices received by Kongsberg, Kongsberg asserts that the Debtors have failed to provide notices to Kongsberg for certain executory contracts that the Debtors intend to assume and assign between the Debtors and some or all of the Kongsberg entities listed in the immediately preceding paragraph.

14. It is unclear what the Debtors propose as the Cure Amount for the Holdings Assumable Executory Contracts and, due to the incorrect identifying information, it is unclear which executory contracts Debtors propose to assume. Kongsberg has no choice but to object to the Debtors' proposed Cure Amounts for each Holding Assumable Executory Contract because there is no Cure Amount listed. Kongsberg expressly reserves its right to object to the Debtors' proposed Cure Amounts when the Debtors provide this information to Kongsberg.

## II. The Cure Amount Identified for the Teleflex Assumable Executory Contract is Inadequate

15. The Cure Amount listed for the Teleflex Assumable Executory Contract is inadequate because it does not accurately reflect all defaults.

16. The correct amount required to cure all currently existing pre-petition defaults under the Teleflex Executory Contract is Euro 100,929.67. This amount consists of the following and may be subject to change:

(a) Euro 58,648.42: amount owed to Kongsberg by the Debtors for items shipped by Kongsberg to the Debtors before June 1, 2009, pursuant to purchase order issued by the Debtors.

(b) Euro 42,281.25: amount owed for certain tooling.

17. Further, on the Contract Website and in the Teleflex Schedules, the Debtors incorrectly list the "Counter Party Name" as Teleflex Inc. The correct counterparty to the Teleflex Assumable Executory Contract is Kongsberg Driveline Systems GmbH.

18. Therefore, Kongsberg requests that the Debtors amend this Cure Amount so that it is equal to the amount of Euro 100,929.67.

### III. Preservation of Rights

19. The Notices fail to properly preserve the validity, extent or priority of Kongsberg's setoff rights and recoupment rights. These rights must be preserved as against the Debtors and against the Purchaser upon the assumption and assignment of the Supplier's contracts. The preservation of post-assignment rights of setoff and recoupment is just as significant an interest of Kongsberg as its pre-assignment rights against the Debtors.

20. Further, Kongsberg expressly reserves its right to seek and receive payment for any and all obsolescence claims it has against the Debtors.

## **RELIEF REQUESTED**

WHEREFORE, Kongsberg requests that this Court enter an order requiring the Debtors to identify the Cure Amounts and properly reflect the counter parties for the Holdings Assumable Executory Contracts and increase the Cure Amount for the Teleflex Executory Contract to Euro 100,929.67.

Dated: June 12, 2009                     Respectfully Submitted,

                                        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                        */s/* Marc N. Swanson
                                        Marc N. Swanson
                                        Attorneys for Kongsberg
                                        150 West Jefferson Avenue, Suite 2500
                                        Detroit, MI 48226
                                        E-mail: swansonm@millercanfield.com
                                        Tel: (313) 496-7591
                                        Fax: (313) 496-8451

# **CERTIFICATE OF SERVICE**

      Marc N. Swanson hereby certifies that, on the 12th day of June, 2009, he served a copy of the foregoing document, ***Objection Of Kongsberg Automotive Inc. And Its Affiliates To Cure Amounts Related To Assumption And Assignment Of Executory Contracts*** upon each of the persons listed on the attached Exhibit A, by Federal Express Priority Overnight Mail so as to be received by each of the persons listed on the attached Exhibit A before 4:00 p.m., June 15, 2009.

Dated: June 12, 2009   By /s/ Marc N. Swanson
                                Marc N. Swanson (MI P71149)
                                Attorney for the Kongsberg Entities
                                150 West Jefferson Avenue, Suite 2500
                                Detroit, MI 48226
                                Telephone: (313) 963-7591
                                Fax: (313) 496-8452
                                Email: swanson@millercanfield.com

## EXHIBIT A

## SERVICE LIST

The Honorable Robert E. Gerber
Chambers
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408


General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

**Attention: Warren Command Center
         Mailcode 480-206-114**


Weil, Gotshal & Manges LLP
Attention: Harvey R. Miller, Esq.
Stephen Karotkin, Esq. and
Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, NY 10153


United States Treasury
Attention: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220


John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

- 3 -

Vedder Price, P.C.
Attention: Michael J. Edelman, Esq. and
Michael L. Schein, Esq.
1633 Broadway, 47th Floor
New York, NY 10019


Diana G. Adams, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004


Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036