BRACEWELL & GIULIANI LLP
225 Asylum Street, Suite 2600
Hartford, Connecticut 06103-1534
Telephone: (860) 256-8531
Facsimile: (860) 246-3201
Renée M. Dailey (RD3029)

*Attorneys for Georg Fischer Automotive AG*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :   Chapter 11
                                                                       :
GENERAL MOTORS CORP., et al.,                                          :   Case No. 09 -50026 (REG)
                                                                       :
                    Debtors.                                           :   Jointly Administered
                                                                       :
---------------------------------------------------------------------- X

**LIMITED OBJECTION OF GEORG FISCHER AUTOMOTIVE AG TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Georg Fischer Automotive AG (and their various affiliates "**GF Automotive**") hereby files this limited objection (the "**Limited Objection**") to Notice of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "**Notice**") served pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "**Order**"), and respectfully represents as follows:

NEWYORK\42596.2

A. **BACKGROUND**

1. The Debtors commenced their voluntary chapter 11 bankruptcy cases on June 1, 2009.

2. On or about June 9, 2009, GF Automotive received the Notice which contained a website address and login identification and instructions for GF Automotive to check which of its contracts the Debtors had classified as "Assumable Executory Contracts" and the cure amounts related thereto.

3. The website lists 51 contracts between GF Automotive and the Debtors as contracts that have been noticed as Assumable Executory Contracts (the "**GF Contracts**").

4. When GF Automotive first logged into the contract website the cure amount was blank. A day later the cure amount was listed as $3,650.51 (the "**Stated Cure Amount**").

5. Pursuant to GF Automotive's records, as of the petition date the Debtors' outstanding invoices totaled €129,510.19 (approximately $183,310.00) (the "**Current Cure Amount**").

6. GF Automotive attempted to resolve the discrepancy between the Stated Cure Amount and the Current Cure Amount with the call center set up by the Debtors, but the call center representatives could not resolve the matter. GF Automotive's business contacts at the Debtors referred them to the call center.

7. On information and belief, the Current Cure Amount only includes pre-petition amounts due and does not relate to any post-petition cure amounts that may be due at the time of the assumption of the GF Contracts.

8. The Debtors have not set an assumption date for any of the Assumable Executory Contracts.

9. The Notice provides that "[u]nless a Contract Objection is filed and served before

the Contract Objection Deadline, the Non-Debtor Counterparty shall be deemed to have consented to the assumption and assignment of its respective Assumable Executory Contract and the respective Cure Amount and shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Sellers, their estates or the Purchaser." Notice at ¶ 12.

### B.   Limited Objection

10.   GF Automotive objects to the Notice to the limited extent that the Notice purports to limit (1) GF Automotive's current cure claim to the Stated Cure Amount of $3,650.51 when in fact GF Automotive's records indicate that the Current Cure Amount outstanding pre-petition is €129,510.19, and (2) cure amounts to be paid by the Debtors to only pre-petition cure amounts and does not adequately account for any cure amounts due or which may become due on a post-petition basis through the date that the GF Contracts will be assumed.

11.   As to the first point – the difference between the Stated Cure Amount and the Current Cure Amount – GF Automotive will work with the Debtors in reconciling these amounts, but out of compulsion of the Contract Objection Deadline, GF Automotive has included these amounts in the Limited Objection to preserve all rights.

12.   As to the second point – the need for payment of any cure amounts due GF Automotive from the petition date through the date that the GF Contracts will be assumed – Bankruptcy Code section 365 clearly requires that all defaults, and not just those pre-petition defaults, must be cured as of the assumption date. 11 U.S.C. § 365(b); *see also In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996) (noting the well-settled principle that in order to assume a contract, a debtor must cure both pre- and post-petition defaults).  In the event that the Debtors do not properly cure all defaults, including post-petition monetary defaults, the Debtors may not assume and assign the GF Contracts.

13. GF Automotive would be severely prejudiced if the Debtors were not required to comply with the requirements of section 365. By way of example, GF Automotive has procured certain tooling for the Debtors pursuant to various tooling agreements (the "**Tooling Agreements**"). GF Automotive expects that certain steps to the tooling process will be finalized in the next few weeks, if not sooner, such that following approval of the tooling by the Debtors and invoice by GF Automotive, the Debtors will be obligated to make a payment under the Tooling Agreements in the approximate amount of €2.75 million (the "**Tooling Payments**"). In the event that the Debtors do not make such payment when due, but then subsequently seek to assume the Tooling Agreements, the Tooling Payments would need to be paid as part of the cure of defaults under the Tooling Agreements.

WHEREFORE, GF Automotive respectfully requests that the Court (1) to the extent that the parties are unable to reconcile the cure amounts, order that the pre-petition Proposed Cure Amount for the GF Contracts is the Current Cure Amount as defined herein, and (2) preserve GF Automotive's right to assert and claim post-petition cure amounts and object to the assumption and assignment of the GF Contracts in the event that those amounts are not paid.

Dated: June 12, 2009

        BRACEWELL & GIULIANI LLP
        225 Asylum Street, Suite 2600
        Hartford, CT 06103
        Telephone: (860) 256-8531
        Facsimile: (860) 246-3201

        By: /s/ Renée M. Dailey
            Renée M. Dailey

        *Attorneys for Georg Fischer Automotive AG*