Gordon J. Toering (P46409)
Michael B. O'Neal (P66247)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph: (616) 752-2185
Fax: (616) 222-2185
gtoering@wnj.com
moneal@wnj.com
Attorney for SPS Technologies, LLC,
SPS Technologies Waterford Company,
NSS Technologies, Inc., and
AVK Division of Avibank Mfg., Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

---------------------------------------------------------- x

**LIMITED OBJECTION OF SPS TECHNOLOGIES, LLC, SPS TECHNOLOGIES WATERFORD COMPANY, NSS TECHNOLOGIES, INC., AND AVK DIVISION OF AVIBANK MFG., INC. TO THE DEBTORS' MOTION FOR SALE OF PROPERTY UNDER 363(b)/DEBTORS MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND BANKRUPTCY RULES 2002, 6004, AND 6006 TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

SPS Technologies, LLC (including former Greer Stop Nut, Inc.), SPS Technologies Waterford Company, AVK Division of Avibank Mfg., Inc., and NSS Technologies, Inc. (hereinafter collectively referred to as "NSS"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption").

In support of its Objection, NSS respectfully states:

**BACKGROUND**

1.   On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2.   On June 1, 2009, Debtors filed its Sale Motion.

3.   In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale

process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, like the one at issue in this Objection.

4. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5. On June 5, 2009, the Debtors' sent the Notice of Assumption to NSS by first-class mail listing the contracts to be assumed or assigned was served with the Debtor's Notice of Assumption listing the contracts to be assumed or assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with NSS (the "Assumed Contracts"). In addition, on their Contract Website as of 10 June 2009, the Debtors state that $990,358.07 is owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

6. The Debtor's Notice of Assumption also failed to identify as an Assumed Contract the Memorandum of Understanding between the Debtors and NSS, executed as of April 1, 2009.

## OBJECTIONS

7. NSS objects to the Sale Motion and Notice of Assumption on the following grounds:

    a. The Proposed Cure Amount is substantially less than the amount that was in default on May 31, 2009. The correct cure amount, which includes tooling and is set forth in NSS' Statement of Account attached as **Exhibit A**, is $1,252,621 (the "Correct Cure Amount"). This amount remains subject to NSS' continuing review and

reconciliation and is subject to change. In the event the Debtors or other parties in interest require additional information about the Correct Cure Amount, that information can be provided upon request to the undersigned counsel.

  b. In addition to the Correct Cure Amount set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.

  c. The Debtor's Notice of Assumption failed to identify as an Assumed Contract the Memorandum of Understanding between the Debtors and NSS, executed as of April 1, 2009. The Memorandum of Understanding is attached as **Exhibit B**. The Memorandum of Understanding is in fact an Assumed Contract that should have been identified in the Notice of Assumption.

  d. In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, NSS requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts. The contracts cannot be assumed or assigned without an adequate assurance of future performance by the debtor. 11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8. NSS reserves its right to amend this Objection to include any additional facts, including updated financial statements related to Cure Amounts, as may be determined by its further investigation.

9. Any reply to this Objection should be served upon Gordon J. Toering and Michael B. O'Neal of Warner Norcross & Judd LLP at the address listed below.

-3-

## MEMORANDUM OF LAW

10. The legal bases of NSS' Objection are incorporated above. Therefore, NSS respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

11. NSS hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and assignment of NSS' Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, NSS respectfully requests that this Court enter an Order (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving NSS' right to object to the Cure Amount, and (3) providing NSS with such other relief as appropriate.

Dated: June 12, 2009

/s/ Gordon J. Toering
Gordon J. Toering (P46409)
Michael B. O'Neal (P66247)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2185
Fax: (616) 222-2185
gtoering@wnj.com
moneal@wnj.com
Attorneys for SPS Technologies, LLC,
SPS Technologies Waterford Company,
NSS Technologies, Inc., and
AVK Division of Avibank Mfg., Inc.