PEPPER HAMILTON LLP                                                  **Hearing Date: TBD**
Deborah Kovsky-Apap (DK 6147)
Dennis Kayes (*pro hac vice*)
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Telephone: 313.259.7110
Facsimile: 313.259.7926
E-mail: kovskyd@pepperlaw.com
*Counsel for ChannelVantage, Inc..*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                                 :      Chapter 11
In re                                                      :
                                                                :      Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.,*            :      (Jointly Administered)
                                                                :
             Debtors.                            :
                                                                 :
---------------------------------------------------------------x

**LIMITED OBJECTION OF CHANNELVANTAGE, INC. TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE COSTS RELATED THERETO</u>**

        ChannelVantage, Inc. and certain of its affiliates and subsidiaries (collectively,

"<u>ChannelVantage</u>"), through their undersigned counsel, hereby submit this limited objection (the

"<u>Objection</u>") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory

Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real

Property and (II) Cure Costs Related Thereto (the "<u>Assignment Notice</u>"), served upon

ChannelVantage by the above-captioned debtors and debtors-in-possession (collectively, the

"<u>Debtors</u>") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

#11104920 v1

**Background**

1. On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 11, 2009, the Debtors delivered a notice (the "Assignment Notice") to ChannelVantage, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with ChannelVantage (the "Assumed Contracts").  In addition, on their Contract Website, the Debtors identify the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount").  The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

4. Moreover, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice).

**The Requirements OF 11 U.S.C. §365**

5. The Debtors are in default of their contracts with ChannelVantage. The Debtors have failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease."

6.    Payment of the Proposed Cure Amount fails to cure the existing default under the contracts sought to be assumed and assigned and therefore, absent the consent of ChannelVantage, the contracts may not be assumed and assigned.

**Objection**

7.    ChannelVantage does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser.  ChannelVantage does object, however, to the Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were in default as of May 31, 2009, and (2) the Assignment Notice's improper definition of "Cure Amount" would permit assumption and assignment of certain of ChannelVantage's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligations to:  (a) cure <u>all defaults</u> existing <u>at the time executory contracts are assumed and assigned</u>; and (b) satisfy <u>all accrued obligations</u> that are not in default, but which nonetheless exist, <u>at the time executory contracts are assumed and assigned</u>.

-3-

#11104920 v1

8. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

9. Presently, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of ChannelVantage's contracts is whatever was in default as of the Commencement Date.

10. ChannelVantage further objects to the Cure Amount proposed by the Debtors because it is substantially less than the amount that was in default on May 31, 2009. ChannelVantage has attempted to determine the basis of the discrepancy between its books and records and the Debtors' Proposed Cure Amount. However, due to the lack of detail provided by the Debtors, ChannelVantage does not have sufficient information to enable ChannelVantage to determine the basis of the discrepancy it has with the Debtors' calculations. ChannelVantage's calculations of the amounts due under its contracts result in a cure amount substantially in excess of the Proposed Cure Amount.

11. Additionally, in the event that the purchaser is an entity other than that defined as Purchaser in the Assignment Notice, ChannelVantage hereby requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts.

WHEREFORE, ChannelVantage respectfully requests that the Court: (i) deny the proposed assumption and assignment of ChannelVantage's executory contracts on the terms

proposed by the Debtors and instead determine the appropriate amounts due to ChannelVantage under such contracts pursuant to section 365(b) of the Bankruptcy Court; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iii) grant such other and further relief as is just and appropriate.

          PEPPER HAMILTON LLP

          /s/ Deborah Kovsky-Apap
          Dennis Kayes (Admitted *Pro Hac Vice*)
          Deborah Kovsky-Apap (DK 6147)
          Suite 3600
          100 Renaissance Center
          Detroit, Michigan 48243
          Telephone: 313.259.7110
          Facsimile: 313.259.7926
          E-mail: kovskyd@pepperlaw.com
          *Counsel for ChannelVantage, Inc.*

Dated: June 12, 2009

PEPPER HAMILTON LLP
Deborah Kovsky-Apap (DK 6147)
Dennis Kayes (*pro hac vice*)
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Telephone:  313.259.7110
Facsimile:  313.259.7926
E-mail: kovskyd@pepperlaw.com
*Counsel for ChannelVantage, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2009, copies of the Limited Objection of ChannelVantage, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, were served upon the following entities via overnight courier:

Diana G. Adams, Esq.
Office of the U.S. Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

Harvey Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.

-6-

#11104920 v1

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Matthew Feldman, Esq.
U.S. Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Chambers Copy
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

        PEPPER HAMILTON LLP

        /s/ Deborah Kovsky-Apap
        Dennis Kayes (Admitted *Pro Hac Vice*)
        Deborah Kovsky-Apap (DK 6147)
        Suite 3600
        100 Renaissance Center
        Detroit, Michigan 48243
        Telephone: 313.259.7110
        Facsimile: 313.259.7926
        E-mail: kovskyd@pepperlaw.com
        *Counsel for ChannelVantage, Inc.*

Dated: June 12, 2009