SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000 (phone)
(212) 753-5044 (fax)
Louis T. DeLucia
Alyson M. Fiedler

-and-

6600 Sears Tower
Chicago, IL 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)
Eugene J. Geekie, Jr.
Jason M. Torf
*Attorneys for Columbia Gas of Ohio, Inc. and Columbia Gas of Virginia, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**OBJECTION OF COLUMBIA GAS OF OHIO, INC. AND COLUMBIA GAS OF VIRGINIA, INC. TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; AND (III) PROHIBITING <u>UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE</u>**

Columbia Gas of Ohio, Inc. ("COH") and Columbia Gas of Virginia, Inc. ("CVA"), by their undersigned counsel, hereby object (the "Objection") to the Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment; (II) Establishing Procedures for Resolving Objections by Utility Companies; and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing

Service [Docket No. 58] (the "Utility Motion"). For their Objection, COH and CVA respectfully state as follows:

## Introduction

1.   The Utility Motion filed by General Motors Corp. and its affiliated debtors (collectively, the "Debtors") shifts the burden under 11 U.S.C. § 366 ("Section 366") by offering only a nominal two-week deposit based on the Debtors' twelve-month historical average usage (Utility Motion, ¶ 35) and requiring any utility company that wants something more or different as adequate assurance to file an objection (Utility Motion, ¶¶ 37-39).

2.   COH and CVA are both local distribution companies that provide gas transportation service to certain of the Debtors' facilities (as described below). They provide tariff-based service pursuant to which they could not terminate service after a postpetition default until long after the two weeks that would be covered by the Debtors' proposed adequate assurance deposit. In addition, while the Debtors currently obtain their gas from a gas marketer with COH and CVA providing transportation service, if the Debtors were to cease to obtain gas from their gas marketer or were to fail to nominate sufficient gas into the COH and CVA systems to cover Debtors' usage, the gas that would continue to flow to Debtors after that point would be taken from COH and CVA. In other words, COH and CVA would be providing the actual gas commodity to the Debtors <u>in addition to</u> transportation service. This occurrence would increase COH and CVA's exposure to the Debtors by <u>many multiples</u> without any adequate assurance of payment for this dramatically increased exposure.

3.   As a result of their actual exposure for transportation services which exceeds the proposed two-week adequate assurance deposit and their contingent exposure in the event that COH and CVA deliver actual gas commodity to the Debtors for which no adequate assurance is

2

even proposed by the Debtors, COH and CVA seek adequate assurance under Section 366 that is commensurate with their exposure. Specifically, and as discussed in more detail below, COH and CVA request that this Court order the Debtors to provide (i) a two-month deposit for transportation service that COH and CVA currently provide to the Debtors based on the Debtors' twelve-month historical average transportation volumes and (ii) a contingent deposit to cover COH and CVA's commodity exposure if and when COH or CVA provide actual gas commodity to the Debtors.

## Background

4. COH provides gas transportation service to three of the Debtors' facilities. The following chart identifies those facilities, the Debtors' average transportation volume over the past twelve months and the average monthly charge for COH's transportation services:

| Location | Account No. | Avg Monthly Usage (Mcf) | Avg rate/Mcf | Avg monthly charge |
|---|---|---|---|---|
| Mansfield, OH | 12985664-004 | 10,000 | $1.29 | $12,900 |
| Parma, OH | 12985542-004 | 13,000 | $0.29 | $3,770 |
| Toledo, OH | 12985917-005 | 12,400 | $0.31 | $3,844 |
| **Total** | | | | **$20,514.00** |

5. CVA provides gas transportation service to one of the Debtors' facilities. The following chart identifies that facility, the Debtors' average transportation volume over the past twelve months and the average monthly charge for CVA's transportation services:

3

| Location | Account No. | Avg Monthly Usage (mcf) | Rate[1] | Avg monthly charge |
|---|---|---|---|---|
| Fredericksburg, VA | 12986218-002 | 649.1 | $0.8726 | $ 566.40 |
| Banking and balancing charges | | 649.1 | $.0181 | $ 11.75 |
| Monthly customer service charge | | | $500 | $500 |
| **Total** | | | | **$1,078.15** |

6. COH and CVA have similar provisions in their tariffs which dictate their billing cycles and the time it takes each to terminate service for non-payment. Under the normal COH and CVA billing cycles, customers generally receive approximately forty (40) days of gas transportation service before receiving a bill, and must pay the bill approximately seventeen (17) days after its issuance. If the customer fails to pay the bill by that due date, COH or CVA may issue a disconnection notice, but COH and CVA must wait an additional seven (7) days and fourteen (14) days, respectively, before actually terminating service. Thus, the Debtors could obtain at least 64 days of service from COH and 71 days of service from CVA without payment before COH or CVA could terminate service. The two-week deposit proposed by the Debtors covers only a very small portion of this exposure.

7. Accordingly, a two-month deposit for each of COH and CVA is necessary to protect COH and CVA from the exposure that results from the tariff-imposed time it takes each of them to terminate service for any postpetition default by the Debtors. Using the figures above, a two-month deposit for COH and CVA's transportation services based upon the Debtors' average transportation volumes over the past twelve months would be $41,028 for COH and $2,156 for CVA.

---

[1] For CVA's transportation services, the Debtors pay CVA $0.8726/Mcf for the first 1,000 Mcf and incrementally smaller amounts per Mcf for usage greater than 1,000 Mcf. Because the Debtors' average monthly usage does not exceed 1,000 Mcf/month, the detail regarding incremental charges above 1,000 Mcf is not provided here.

4

8. Separately, the Debtors have contracts with third-party gas marketers from which the Debtors currently obtain their gas commodity. That gas is delivered to COH and CVA which, in turn, deliver the gas to the Debtors' facilities. Although COH and CVA do not generally provide commodity service to the Debtors, COH and CVA's respective transportation tariffs contemplate that they may provide commodity service to the Debtors to the extent that the Debtors or their third-party gas marketer delivers less natural gas to COH or CVA's system than the Debtors consume. Furthermore, in the event that COH or CVA provides commodity service to the Debtors pursuant to an available sales service rate schedule, COH or CVA's monthly exposure for commodity service would be calculated consistent with COH or CVA's practices as described below.

9. In addition, if the Debtors' relationship with their third-party gas marketer(s) should terminate, COH and CVA may provide actual gas commodity to the Debtors in addition to the transportation services that are currently provided. This could occur, for example, if the Debtors were to reject their contract(s) with their gas marketers or if their gas marketer(s) were to exercise their right as forward contract merchants to terminate those contracts pursuant to 11 U.S.C. § 556. But even if those contracts remain in place, the Debtors could fail to nominate sufficient gas to cover their consumption, resulting in COH and CVA covering the shortfall.

10. If COH and CVA should provide actual gas commodity to the Debtors, COH and CVA's exposure will increase dramatically. The following chart shows COH's potential monthly commodity exposure in the event it provides actual gas commodity to the Debtors:

5

**At $7.50/Mcf, the average cost of gas over the past 12 months[2]:**

| Location | Account No. | Avg Monthly Usage (Mcf) | Avg rate/Mcf | Avg monthly charge |
|---|---|---|---|---|
| Mansfield, OH | 12985664-004 | 10,000 | $7.50 | $75,000.00 |
| Parma, OH | 12985542-004 | 13,000 | $7.50 | $97,500.00 |
| Toledo, OH | 12985917-005 | 12,400 | $7.50 | $93,000.00 |
| **Total** | | | | **$265,500.00** |

**At $13.00/Mcf, the high cost of gas over the past 12 months[3]:**

| Location | Account No. | Avg Monthly Usage (Mcf) | Avg rate/Mcf | Avg monthly charge |
|---|---|---|---|---|
| Mansfield, OH | 12985664-004 | 10,000 | $13.00 | $130,000.00 |
| Parma, OH | 12985542-004 | 13,000 | $13.00 | $169,000.00 |
| Toledo, OH | 12985917-005 | 12,400 | $13.00 | $161,200.00 |
| **Total** | | | | **$460,200.00** |

**At $4.00/Mcf, the low cost of gas over the past 12 months[4]:**

| Location | Account No. | Avg Monthly Usage (Mcf) | Avg rate/Mcf | Avg monthly charge |
|---|---|---|---|---|
| Mansfield, OH | 12985664-004 | 10,000 | $4.00 | $40,000.00 |
| Parma, OH | 12985542-004 | 13,000 | $4.00 | $52,000.00 |
| Toledo, OH | 12985917-005 | 12,400 | $4.00 | $49,600.00 |
| **Total** | | | | **$141,600.00** |

The following chart shows CVA's potential monthly commodity exposure in the event it provides actual gas commodity to the Debtors:

---

[2] Approximate average NYMEX settlement price from May 2008 through April 2009.

[3] Approximate high NYMEX settlement price from May 2008 through April 2009.

[4] Approximate low NYMEX settlement price from May 2008 through April 2009.

6

**At the average cost of gas over the past 12 months:**

| Location | Account No. | Avg Monthly Usage (Mcf) | Avg rate/Mcf[5] | Avg monthly charge |
|---|---|---|---|---|
| Fredericksburg, VA | 12986218-002 | 649.1 | $7.8644 | $5,104.78 |
| Monthly customer service charge | | | | $23.25 |
| **Total** | | 649.1 | | **$5,128.03** |

11.  COH and CVA bill their customers for commodity service on the same billing cycle as transportation service. Therefore, if COH and CVA should provide commodity service to the Debtors, COH and CVA's exposure is the same 64 and 71 days, respectively, as for transportation service. Accordingly, a two-month deposit for commodity service would also be required to adequately assure COH and CVA of payment for their commodity service to the Debtors. The specific calculation used by COH and CVA in the normal course of their business is described below.

12.  In addition to the COH accounts identified above, the Debtor also has one "bundled" account with COH.[6] The following chart identifies the Debtors' bundled account with COH:

| Location | Account No. | Avg Monthly Usage (Ccf) | Avg rate/Ccf | Avg monthly charge |
|---|---|---|---|---|
| Groveport, OH | 15366742-001-000-5 | 12,345 | $1.67482 | $20,675.65 |
| **Total** | | | | **$20,675.65** |

COH's tariff and applicable state law[7] permits COH to obtain a deposit from its customers utilizing bundled service in the amount of such customer's average volume over the past twelve

---

[5] Average rate over the past twelve months as reflected in *Gas Daily*.

[6] "Bundled" service means that COH provides both transportation service and commodity service to the customer for a fixed charge per unit of gas.

[7] *See* Ohio Revised Code 4933.17.

7

months plus 30%. Based upon the above figures, COH's deposit request with respect to the Debtors' bundled account is $26,879.

13. Neither COH nor CVA currently holds a deposit nor is either prepaid for its service to the Debtors.

### Request for Relief

14. Pursuant to Section 366, to adequately assurance payment to COH and CVA for the transportation services they provide to the Debtors, COH and CVA request two-month deposits for transportation service currently provided to the Debtors based upon the Debtors' average transportation volumes over the past twelve months. The requested deposits for transportation service total $41,028 for COH and $2,156 for CVA. COH also requests a deposit in the amount of $26,879 for bundled service.

15. In addition, COH and CVA request that this Court enter an order which includes the following provisions that are designed to adequately assure COH and CVA of payment in the event that they provide commodity service to the Debtors:

- The Debtors' gas marketers shall be authorized to provide COH and CVA information on all aspects of the Debtors' accounts for which such gas marketers provide commodity service to the Debtors, including, but not limited to: (i) whether the gas marketer has or intends to give the Debtors a notice of termination of commodity service; (ii) the payment status of the Debtors' accounts with such gas marketer pursuant to which such gas marketer provides commodity service to the Debtors; and (iii) past and future volumes nominated by the Debtors and delivered by the gas marketer to COH and CVA's systems. The Debtors will inform COH or CVA, as applicable, in writing of any change in gas marketer no later than two business days (2) days after any such change, via facsimile, email, or overnight delivery or personal delivery to individuals designated by COH and CVA.

- If any gas marketer terminates commodity service to the Debtors, the Debtors shall immediately inform COH or CVA, as applicable, of such termination via email to the individuals designated by COH and CVA, with hard copy follow-up no later than two business days (2) days after such termination, via facsimile, overnight delivery or personal delivery to

8

the designated individuals. Upon such termination, if the Debtors have not contracted with a substitute gas marketer pursuant to the terms of the COH or CVA tariff, as applicable, COH or CVA, as applicable, is authorized to request, via facsimile, email, overnight delivery or personal delivery to individuals designated by the Debtors, additional adequate assurance from the Debtors to cover two (2) months of potential commodity exposure (the "Additional Adequate Assurance"). COH and CVA's monthly commodity exposure on a transportation account would be calculated as follows: the Debtors' average monthly gas usage for the past twelve (12) months, multiplied by 120% of the current indexed cost of gas as published for the first gas market report each month of Inside FERC's Gas Market Report for Louisiana Onshore gas plus all applicable interstate pipeline firm transportation service charges including shrinkage to COH or CVA's applicable city gate. The Debtors shall pay COH or CVA, as applicable, the Additional Adequate Assurance via wire transfer within two (2) days following such request. The Additional Adequate Assurance is in addition to COH and CVA's exposure for any continuing transportation service and bundled service.

## Applicable Law

16. Section 366 of the Bankruptcy Code contains the highly subjective requirement that adequate assurance provided by a debtor in a Chapter 11 case must be "satisfactory to the utility." 11 U.S.C. § 366(c)(2). Here, based upon the time it would take COH or CVA to terminate service for non-payment, a two-week deposit is wholly unsatisfactory. In addition, the absence of any provision to cover COH and CVA's potential commodity exposure is likewise wholly unsatisfactory. Frankly, a two-week deposit under these circumstances and no provision whatsoever for COH and CVA's contingent commodity exposure is even objectively unsatisfactory. Nevertheless, the requirement under Section 366 is a subjective one, and it is reasonable to require a two-month deposit when it would take COH and CVA that long to terminate for any postpetition default by the Debtors. (Indeed, it would take each of COH and CVA more than two months to terminate service for any postpetition default.) It is also reasonable to require the Debtors to provide a deposit for COH and CVA's commodity exposure should that contingency materialize. It is noteworthy that COH and CVA are not overreaching

9

by seeking to tie up Debtors' cash with a deposit <u>now</u> for their contingent commodity exposure. Rather, COH and CVA are merely seeking the right to obtain a deposit quickly based upon a predetermined formula only if the commodity exposure contingency materializes.

17. The inquiry regarding what constitutes adequate assurance of payment under Section 366 is fact-intensive and dependent upon the facts and circumstances of the particular case. *Virginia Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997). Although Section 366 does not require a guarantee of payment, it does require that a utility is not subject to an unreasonable risk of nonpayment. *Id*.; *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 87 (Bankr. S.D.N.Y. 2002).

18. It is unreasonable to expect COH and CVA to be coerced to provide transportation service with a two-week deposit when it would take them more than <u>two months</u> to terminate service upon any postpetition payment default by the Debtors. It is even more unreasonable to expect COH and CVA to provide commodity service to the Debtors <u>without any adequate assurance of payment whatsoever</u> for those services. It is wholly appropriate and reasonable for this Court to provide the contingent protections requested by COH and CVA in order to adequately assure them of payment for commodity service in the event they provide gas commodity to the Debtors.

## Conclusion

WHEREFORE, COH and CVA respectfully requests that this Court enter an order:

(a) requiring the Debtors to provide two-month deposits for transportation service and bundled service currently provided to the Debtors in the amounts discussed above to COH and CVA;

10

    (b)    including the provisions requested above regarding COH and CVA's contingent commodity exposure; and

    (c)    granting such other and further relief as this Court deems fair and equitable.

Dated: June 12, 2009                    SCHIFF HARDIN LLP

By: /s/ Jason M. Torf
Eugene J. Geekie, Jr.
Jason M. Torf (admitted pro hac vice)
6600 Sears Tower
Chicago, Illinois 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (facsimile)
egeekie@schiffhardin.com
jtorf@schiffhardin.com

-and-

Louis T. DeLucia
Alyson M. Fiedler
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000 (phone)
(212) 753-5044 (fax)
ldelucia@schiffhardin.com
afiedler@schiffhardin.com

*Attorneys for Columbia Gas of Ohio, Inc. and Columbia Gas of Virginia, Inc.*

CH2\7371314.6

11