Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for L.K. Machinery, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

                        Debtors.

-------------------------------------------------------- x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**LIMITED OBJECTION OF L.K. MACHINERY, INC. TO THE DEBTORS' MOTION FOR SALE OF PROPERTY UNDER 363(b)/DEBTORS MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND BANKRUPTCY RULES 2002, 6004, AND 6006 TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

L.K. Machinery, Inc. ("LKM"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II)

Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors'

Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal

Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related

Thereto ("Notice of Assumption") dated June 5, 2009, as sent by first class mail to LKM but not

filed with the Court.

In support of its Objection, LKM respectfully states:

## BACKGROUND

1.      On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of

the United States Bankruptcy Code ("Petition Date").

2.      On June 1, 2009, Debtors filed their Sale Motion.

3.      In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of

substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by

the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement

and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale

process, and to approve procedures for assuming and assigning contracts to the successful

bidder, including supplier contracts, like the one at issue in this Objection.

4.      On June 2, 2009, this Court entered an order (the "Bidding Procedures Order")

approving the Debtors' procedures regarding Debtors' assumption and assignment of executory

contracts.

5.      On or about June 5, 2009, the Debtors' sent the Notice of Assumption to LKM by

first-class mail listing the contracts to be assumed or assigned ("Assumable Executory

Contracts") indicating that the Debtors intend to assume and assign two of the three agreements

2

between Debtors and LKM (the "Assumed Contracts").  On their Contract Website, the Debtors do not list a cure amount for the Assumed Contracts – no dollar amount is listed, not even "$0.00."  LKM is unsure of what to make of this as there are substantial amounts owing under the Assumed Contracts.  Perhaps Debtors believe there is a positive cure amount, but are uncertain of what that amount is.  Out of an abundance of caution, LKM assumes the proposed cure amount could be as low as $0.00 (the "Proposed Cure Amount") for purposes of this Objection.  As explained below, the Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

6.    Accordingly, LKM objects as follows:

## OBJECTIONS

7.    LKM objects to the Sale Motion and Notice of Assumption on the following grounds:

a.    The Proposed Cure Amount is substantially less than the amount that is owed under the Assumed Contracts.  The correct amount owing under the Assumed Contracts is $761,769.82, and is set forth in the attached **Exhibit A** (the "Correct Cure Amount").[1]  The Correct Cure Amount represents amounts still owing by the Debtors for services and equipment that was provided by LKM and for services that will be provided by LKM in connection with installation and commissioning.  Under the Assumed Contracts, LKM would receive 90% of the invoice amount upon delivery of the equipment.  The other 10% was to be held back until the equipment was installed and commissioned.  Some of the Correct Cure Amount may not yet be due as the equipment, although delivered, has not been installed or commissioned and there remains additional

---

[1] This amount remains subject to LKM's continuing review and reconciliation and is subject to change.  In the event the Debtors or other parties in interest require additional information about the Correct Cure Amount, that information can be provided upon request to the undersigned counsel.

services to be performed.  Any purchaser that is an assignee of the Assumed Contracts assignee must honor all of the obligations under the Assumed Contracts, including the obligation to pay the holdback amounts at the time of the closing of the transaction or at the time the holdback amounts would otherwise be payable.

b.       In addition to the Correct Cure Amount set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.  There are four post-petition invoices in the total amount of $309,124.70 (also set forth on Exhibit A) that LKM anticipates will be paid in the near future.  These invoices will need to be paid by the time of assumption and assignment.

c.       In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, LKM requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts, including paying LKM the holdback amounts.  The contracts cannot be assumed or assigned without an adequate assurance of future performance by the debtor.  11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8.       LKM has three other invoices in the total amount of $12,322.80 that are due and owing under purchase order number PLS06857, which is apparently not one of the agreements Debtors seek to assume or assign.  In the event Debtors later seek to assume and assign this contract, the correct cure amount would be $12,322.80.

9.       LKM reserves its right to amend this Objection to include any additional facts, including updated Cure Amounts, as may be determined by its further investigation.

10.    Any reply to this Objection should be served upon Gordon Toering at the address listed below.

## MEMORANDUM OF LAW

11.    The legal bases of LKM's Objection are incorporated above. Therefore, LKM respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

12.    LKM hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and assignment of LKM's Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, LKM respectfully requests that this Court enter an Order (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving LKM's right to object to the Cure Amount, and (3) providing LKM with such other relief as appropriate.

Dated:  June 12, 2009                            /s/ Gordon J. Toering
                                                 Gordon J. Toering (P46409)
                                                 WARNER NORCROSS & JUDD LLP
                                                 900 Fifth Third Center
                                                 111 Lyon Street, NW
                                                 Grand Rapids, Michigan 49503
                                                 Telephone:  (616) 752-2185
                                                 Fax:  (616) 222-2185
                                                 Email:  gtoering@wnj.com
                                                 Attorneys for L.K. Machinery, Inc.

1676637