DAWDA, MANN, MULCAHY & SADLER, PLC
William L. Rosin
Kenneth A. Flaska *(Pro Hac Vice)*
39533 Woodward Avenue, Suite 200
Bloomfield Hills, Michigan  48304
Telephone:  (248) 642-3700
Facsimile:  (248) 642-7791

*Attorneys for John E. Green Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
| In re: | : | Chapter 11 |
| | : | Case No 09-50026-reg |
| **GENERAL MOTORS CORPORATION** | : | Hon. Robert E. Gerber |
| | : | |
| Debtor. | : | |
| | : | |
---------------------------------------------------------x

**LIMITED OBJECTION OF JOHN E. GREEN COMPANY TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL
REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

John E. Green Company (hereinafter "Green"), hereby submits this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Green by the above-captioned debtor and debtor-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1. On June 1, 2009, the Debtors commenced voluntary proceedings under Chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order approving the Debtors' bidding procedures [Docket No. 274], which includes procedures regarding Debtors' assumption and assignment of executory contracts ("Bidding Procedures Order").

3. Pursuant to the Bidding Procedures Order, on or about June 8, 2009, the Debtors delivered a notice (the "Assignment Notice") to Green indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Green (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors identify a sum certain as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount").

4. The Proposed Cure Amount has been presented to Green without any supporting documentation other than the purported list of contracts and the proposed cure amounts. Based on this limited information, Green is not able to confirm whether or not the appropriate contracts are being assumed nor whether or not the Proposed Cure Amounts are correct within the Court imposed time constraints. Instead, additional time is needed in order for Green to initially confirm that all of the appropriate contracts are being assumed. In that regard, because there is no reference to outstanding quotations for authorized extra work (i.e., work which has been approved subsequent to the original scope of work as set forth in the contract), Green cannot confirm that these change orders are included in, and part of, the assumed contracts. Once the list of contracts is confirmed, Green will then be in a position to calculate and confirm the exact amounts due and owing as the proper Cure Amount.

5. Furthermore, upon initial review, Green believes the Proposed Cure Amount may not be correct because it does not include all of the appropriate cure amounts. Specifically, the Proposed Cure Amount appears to only include the current trade payables and does not appear to

include retention fees on several of the proposed Assumed Contracts. This has customarily been ten percent (10%) of the current contract price completed to date.

### The Requirements of 11 U.S.C. §365

6. The Debtors are in default of their contracts with Green and are liable for amounts which were in default on the Petition Date, not the dates when the contracts will be assumed. The Debtors have failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property …;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

### Objection

7. Green does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to the assumption of its executory contracts with Debtors and the assignment of said contracts to the Purchaser. Green does object to the Assignment Notice to the extent that (1) the Proposed Cure Amount is not possible to confirm from the limited information provided so that Green objects to the extend that it is not correct and (2) the Assignment Notice would permit the assumption and assignment of certain Green agreements

without either the Purchaser or the Debtors satisfying all the requirements attendant to the assumption and assignment of contracts as set forth in §365(b) and (f) of the Bankruptcy Code.

8. The Bankruptcy Code, in particular, §365(b)(1) makes its clear that defaults must be cured as of the time of an assumption. This includes both pre-petition and post-petition defaults.

9. Green further objects because it does not have sufficient information from the Debtors and/or has not had sufficient time, to verify that the appropriate contracts are being assumed.

10. Green reserves all rights to amend and/or supplement this Objection.

## Relief Requested

WHEREFORE, Green respectfully requests that this Court: (I) preserve the right for Green to confirm which of its contracts are being assumed and assigned, (II) preserve the right for Green to properly determine its cure amount, (III) deny the proposed assumption and assignment of the Green contracts on the terms proposed by the Debtors, but instead require the Debtors to comply with 11 U.S.C. §365(b), (IV) require that the Proposed Sale Order expressly provide that all accrued liabilities related to the executory contracts and defaults arising thereunder be cured, and (IV) grant such other relief as this Court deems just and equitable under the circumstances.

DAWDA, MANN, MULCAHY & SADLER, PLC

By:____/s/ Kenneth A. Flaska_____

Kenneth A. Flaska (P28605) (*pro hac vice*)
William L. Rosin (P40529)
39533 Woodward Avenue, Suite 200
Bloomfield Hills, Michigan 48304
(248) 642-3700
gm@dmms.com

Dated: June 12, 2009

N:\Clients\G\Green Company\GM Bankruptcy\Objection to Amt 06-12-09.doc