**CROSS & SIMON, LLC**
Amy E. Evans, Esq.
913 North Market Street, 11th Floor
Wilmington, DE 19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
aevans@crosslaw.com

and

**MASUDA, FUNAI, EIFERT & MITCHELL, LTD.**
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467
rkrammer@masudafunai.com

*Attorneys for Foster Electric (U.S.A.) Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS CORPORATION, et al., | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF FOSTER ELECTRIC (U.S.A.) INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Foster Electric (U.S.A.) Inc. a/k/a Foster Electric America, ("Foster"), by and through its undersigned counsel, objects on a limited basis to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired

Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto (the "Cure Notice"). In support of its limited objection, Foster states as follows:

1. On June 1, 2009, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") filed its *Debtor's Motion Pursuant to 11 U.S.C. Sections 105, 363(b), (f), (k), and (m), and 365, and Fed. R. Bankr. P.2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executors Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* [Docket No. 92] (the "Sale Motion").

2. On June 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [Docket No. 274], which set out certain procedures pursuant to which Debtors were required to give notice of executory contracts and unexpired leases that the Debtors would seek to assume and assign, and amounts that the Debtors believe are required to "cure" defaults under those contracts and leases (the "Cure Procedures").

3. It appears that, on or about June 5, 2009, the Debtors may have issued a Cure Notice to Foster. However, Foster has not received the Cure Notice despite requests being made by it that the third-party responsible for issuing the Cure Notice provide Foster with a copy of the Cure Notice or issue a revised Cure Notice to the correct Foster address. In addition, the Debtor's agents have refused to provide to Foster the proposed cure amount under the assumed

2

Foster contracts (the "Assigned Contracts") or the codes necessary to access the Debtor's dedicated website for Cure Notices. Since Foster has not received the Cure Notice, Foster is not aware of the cure amount being offered by the Debtors to cure all defaults under the Assigned Contracts in accordance with §365(b) of the Bankruptcy Code (the "GM Proposed Cure Amount"). According to the books and records of Foster, the actual cure amount required to be paid pursuant to Section 365(b) of the Bankruptcy Code is approximately $257,570.43, as further provided herein (the "Actual Cure Amount").

4.  The Debtors and Foster are parties to numerous contracts and purchase orders pursuant to which Foster provides goods and/or services to the Debtors.

### THE DEBTORS OWE A CURE AMOUNT IN EXCESS OF THE GM PROPOSED CURE AMOUNT

5.  11 U.S.C. §365(b)(1) of the Bankruptcy Code provides that,

> if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption … the trustee (A) cures … such default.

6.  Foster is presently reconciling the amounts due pursuant to the Assigned Contracts and based upon its present estimation believes that the amount Debtors owe Foster under the Assigned Contracts is $257,570.43, subject to final reconciliation by Foster. In order for the Debtors to assume the Assigned Contracts, they must make timely cure to Foster. 11 U.S.C. §365. If they fail to propose timely cure of the Actual Cure Amount, they cannot assume the contracts. Id.

7.     Additionally, Debtors should confirm that any post-petition amounts owing under the Assigned Contracts will be paid timely.

### THE DEBTORS MUST PROVIDE ADEQUATE
### ASSURANCE OF FUTURE PERFORMANCE

8.     Section 365(f)(2) prohibits a Debtor from assuming and assigning an assigned contract unless a Debtor provides adequate assurance of future performance of the assigned contract by the assignee.

9.     11 U.S.C. §365(f)(2) provides as follows:

> (2)   The Trustee may assign an executory contract or unexpired lease of the Debtor only if:
>
> > (A)   The Trustee assumes such contract or lease in accordance with the provisions of this section; and
> >
> > (B)   Adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

10.    The Debtors have not provided Foster with the adequate assurance required under 11 U.S.C. §365(f)(2)(B). The Debtors have not demonstrated that the potential assignee will be able to timely pay or otherwise perform under the Assigned Contracts.

11.    Foster has concerns regarding the potential assignee's ability to perform the Assigned Contracts, financially and otherwise. Foster is also concerned that the assignee may attempt to unilaterally modify the terms and conditions of the Assigned Contracts without Foster's consent. It is well recognized that executory contracts and leases may not be modified,

4

nor material provisions deleted, in order to allow assignment. *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299 (Bankr. S.D.N.Y. 1983).

12. It is not clear from the Sale Motion and related Cure Notice what, if any, modifications to the terms and conditions of the Assigned Contracts are being sought by the Debtors and/or assignee. Foster requests that any Order that the Bankruptcy Court enters concerning the assumption and assignment of the Assigned Contracts explicitly prohibit the modification of terms and conditions.

13. While Foster does not object to the Debtors' sale of its assets, Foster does object to (i) Debtors' failure to timely cure the Actual Cure Amount and any other defaults under the Assigned Contracts, (ii) any failure to provide adequate assurances of future performance, and (iii) any attempt to alter or modify the terms and conditions of the Assigned Contracts without Foster's consent.

**WHEREFORE**, Foster requests that the Bankruptcy Court sustain the objections and enter an order requiring Debtors to (i) pay the Actual Cure Amount and cure any and all defaults under the Assigned Contracts; (ii) provide adequate assurances of the assignee's future performance under the Assigned Contracts; and (iii) enter an order explicitly prohibiting the modification of the terms and conditions of the Assigned Contracts.

Dated: June 12, 2009  
       Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ Amy Evans  
Amy Evans (DE Bar No. 3829)  
913 North Market Street, 11th Floor  
P.O. Box 1380  
Wilmington, Delaware 19899-1380  
(302) 777-4200  
(302) 777-4224 (Facsimile)  
aevans@crosslaw.com

-and-

MASUDA, FUNAI, EIFERT  
& MITCHELL, LTD.  
Rein F. Krammer, Esq.  
203 N. LaSalle Street, Suite 2500  
Chicago, IL 60601-1262  
Tel: (312) 245-7500  
Fax: (312) 245-7500  
rkrammer@masudafunai.com

*Attorneys for Foster Electric (U.S.A.) Inc.*