CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### OBJECTION OF ATS AUTOMATION TOOLING SYSTEMS, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

ATS Automation Tooling Systems, Inc. ("**ATS Automation**") submits this objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served ATS Automation Tooling Systems Inc. ("**ATS Automation**") with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**"), dated June 5, 2009, in which the Debtors express their intention to assume and then to assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts between ATS Automation and the Debtors.

2.  Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted*).

3.  The Cure Notice and a separate notice sent to individual contract counterparties contain User ID and Password information (the "**Contract Website Password Notice**") and direct such counterparties to consult the Contract Website[1] to determine the Cure Amount the Debtors propose for the Assumable Executory Contracts the Debtors have with such counterparty.

4.  On the initial Contract Website page, labeled "Contracts," for ATS Automation (under Vendor ID 240919712), the Debtors identify five (5) contracts and recite an aggregate Cure Amount of $14,570.82 for all five. None of the five contracts listed on such Contracts page refers to any valid, existing, or enforceable contract between ATS Automation and any Debtor.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5903129.1 25743/130024

5. The contract described in the first row of such Contracts page (Row ID number 5716-00123203) is with a party having the "Counter Party Name" of "ATS Ohio," with Vendor ID number 054020458, and with a "GM Contract ID" number of TCS26075 (the "**ATS Ohio Contract**"). ATS Ohio, Inc. ("**ATS Ohio**") is a subsidiary of ATS Automation, but is a separate corporate entity from ATS Automation. ATS Automation is advised that ATS Ohio has not received a Contract Website Password Notice or a separate User ID or Password from the Debtors to afford it access to the Contract Website. ATS Automation is further advised that the ATS Ohio Contract is the subject of a limited objection to the Cure Notice filed by ATS Ohio.

6. As regards the remaining four contracts identified on such Contracts page -- at ROW ID numbers 5716-00945349 through 5716-00945352, and with corresponding "GM Contract ID" numbers of 26970004 though 26070007 -- ATS Automation is *not* a party, and has no obligations thereunder, and is entitled to no Cure Amount due to any assumption thereof. ATS Automation is advised that all such contracts are between one or more Debtors and an entity to which ATS Automation sold a line of business long prior to any of the dates recited on the Contract Website.

7. In view of the foregoing, ATS Automation objects to the Cure Notice *in toto* inasmuch as no contract identified on the Contract Website under Vendor ID number 240919712 (for ATS Automation) is a valid, existing, or enforceable contract to which ATS Automation is a party or under which ATS Automation has any obligations.

8. ATS Automation further objects to the adequacy and the accuracy of the Cure Notice insofar as there are other agreements with ATS Automation that may or will be assumed and assigned but which have not been included in the Cure Notice for any reason.

5903129.1 25743/130024

9. ATS Automation reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to ATS Automation Tooling Systems, Inc.

5903129.1 25743/130024