| | |
|---|---|
| **EPSTEIN BECKER GREEN P.C.**<br>Paul Traub (PT 3752)<br>Wendy G. Marcari (WM 8494)<br>250 Park Avenue<br>New York, New York 10177-1211<br>(212) 351-4500<br>WMarcari@ebglaw.com<br>PTraub@ebglaw.com | Hearing Date:    TBD<br><br>Objection Deadline:    Monday, June 15, 2009 |

and

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH  44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@frantzward.com

*Counsel to YRC Logistics Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re                                                              :         Chapter 11
                                                                       :
GENERAL MOTORS CORP., *et al.*,        :         Case No. 09-50026 (REG)
                                                                       :
Debtors.                                                        :         (Jointly Administered)
---------------------------------------------------------X

### OBJECTION OF YRC LOGISTICS SERVICES, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO

YRC Logistics Services, Inc. ("Logistics") by its undersigned counsel, hereby objects on a limited basis (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Notice of Intent") served

upon Logistics by the above-captioned debtors and debtors-in-possession (collectively, "GM") pursuant to this Court's Sale Procedures Order (ECF #274). In support of its Objection, Logistics respectfully states as follows:

## BACKGROUND

1. On June 1, 2009 (the "Commencement Date"), GM commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 1, 2009, this Court entered an order (the "Shippers and Warehousemen Order") authorizing GM to pay the pre-petition claims of certain of GM's carriers, warehousemen and other logistics suppliers.

3. Pursuant to the Shippers and Warehousemen Order, on or about June 1, 2009, GM sent a notice to Logistics stating that GM intends to pay the pre-petition claims of Logistics in exchange for Logistics' written verification that it would (a) continue to provide services to GM during the pendency of GM's bankruptcy case on the most favorable terms that existed between Logistics and GM prior to the commencement of GM's bankruptcy case and (b) not cancel any contract or agreement pursuant to which Logistics provides services to GM on less than 90 days' prior written notice. Logistics sent GM written verification of its agreement to these terms on June 5, 2009. (*See*, Exhibit A.)

4. On June 2, 2009, this Court entered an order (the "Sale Procedures Order") approving GM's sale procedures, which includes procedures regarding GM's assumption and assignment of executory contracts.

5. Pursuant to the Sale Procedures Order, on or before June 5, 2009, GM was required to send the Notice of Intent to Logistics, indicating that GM intends to assume and

assign certain of GM's agreements with Logistics (the "Assumed Contract"). Logistics has not yet received the actual Notice of Intent.

6. The Sale Procedures Order provides that information regarding the Assumed Contract, including Logistics' cure amount (the "Proposed Cure Amount"), could be obtained from the Contract Website (as defined in the Sale Procedures Order). On June 11, 2009, Logistics received login and password information from counsel to GM for the Contract Website. The Contract Website indicates that GM is assuming a contract with Logistics, but does not indicate the Proposed Cure Amount or has no cure amount.

7. On June 9, 2009, GM sent Logistics a letter stating that GM had sent Logistics a Notice of Intent. (*See*, Exhibit B.) The letter also stated that, because Logistics is paid on a tier 2 basis via one or several Lead Logistics Providers (LLP), the Proposed Cure Amount would be paid as part of the cure payment to the LLPs, however this was not provided for in any way in the Court approved Sale Procedures Order. The letter instructed Logistics to contact its LLP to determine the Proposed Cure Amount.

8. Moreover, the Sale Procedures Order and the form Notice of Intent attached thereto limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date, not the date the contracts will actually be assumed by GM and assigned to the Purchaser.

**OBJECTION**

9. Logistics does not object to the sale of GM's assets as contemplated in the Sale Procedures Order and does not object to the assumption and assignment of its executory contracts with GM. Logistics only objects to the Proposed Cure Amount contained in the Notice of Intent. Logistics objects to the Proposed Cure Amount for two reasons.

10. First, the Sale Procedures Order and the form Notice of Intent attached thereto limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date, not the date the contracts will actually be assumed by GM and assigned to the Purchaser, as required under the provisions of 11 U.S.C. § 365. Under 11 U.S.C. § 365(b)(1), a debtor can assume an executory contract only if the debtor, at the time of such assumption, cures or provides adequate assurance that the debtor will promptly cure outstanding defaults. *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008); *see also*, *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002). Accordingly, the Notice of Intent should make it clear that GM and/or the Purchaser are liable for all defaults as well as all other accrued liabilities that exist as of the moment the applicable executory contracts are actually assumed and assigned to the Purchaser.

11. Second, Logistics objects to the Cure Amount proposed by GM to the extent the Proposed Cure Amount is incorrect even as to those amounts that were in default as of the Commencement Date. As of the filing of this Objection, Logistics has been unable to determine the Proposed Cure Amount. Logistics has not received the Notice of Intent. Logistics has reviewed the Contract Website described in the Biding Procedures Order. However, the Contract Website is unclear. The Contract Website either does not provide the Proposed Cure Amount or provides a Proposed Cure Amount of $-0-. As suggested by GM's June 9, 2009 letter, Logistics has contacted its LLP, Schneider Logistics, regarding the Proposed Cure Amount, even though this procedure was not provided for in any way in the Court approved Sale Procedures Order. According to Schneider, as of June 9, 2009 GM owes Logistics $1,014,587.77. This amount appears to be incorrect. Logistics' books and records show that, as of June 10, 2009, the amount owed by GM to Logistics is **$1,027,590.80**. In an abundance of

4

caution, this amount includes receivables that may be covered by the U.S. Treasury's automobile supplier program.

12. Further, Logistics has not received the Notice of Intent and therefore is not certain which contract GM intends to assume and assign, although a listing is contained on the Contract Website.

13. Logistics expects that any differences regarding the appropriate cure amount can be reconciled, but files this objection out of an abundance of caution due to the deadlines for filing objections and to preserve all rights related to the proposed assumption of the Assumed Contract.

14. Logistics reserves all rights to amend and/or supplement this Objection.

WHEREFORE, YRC Logistics Services, Inc. respectfully requests that, to the extent the parties cannot reconcile the correct cure amounts among themselves, this Court set the correct cure amount, compel GM to pay the correct cure amount and grant such other and further relief as is just and appropriate.

**EPSTEIN BECKER GREEN P.C.**

s/ Paul Traub
Paul Traub (PT 3752)
Wendy G. Marcari (WM 8494)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
WMarcari@ebglaw.com
PTraub@ebglaw.com

and

5

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH 44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@franzward.com

*Counsel to YRC Logistics Services, Inc.*

| | |
|---|---|
| **EPSTEIN BECKER GREEN P.C.** | Hearing Date:   TBD |
| Paul Traub (PT 3752) | |
| Wendy G. Marcari (WM 8494) | Objection Deadline:   Monday, June 15, 2009 |
| 250 Park Avenue | |
| New York, New York 10177-1211 | |
| (212) 351-4500 | |
| WMarcari@ebglaw.com | |
| PTraub@ebglaw.com | |

and

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH  44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@frantzward.com
*Counsel to YRC Logistics Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------X

## AFFIDAVIT OF SERVICE

STATE OF OHIO            )
                                        )   ss:
COUNTY OF CUYAHOGA   )

I, Timothy J. Richards, state as follows:

1. I am over 18 years of age and am not a party to this action.

2. I am employed by Frantz Ward LLP at 2500 Key Center, 127 Public Square

7

Cleveland, OH  44114.

    3.    On June 12, 2009, I caused to be served a true and correct copy of the *Objection of YRC Logistics Services, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto* on all ECF participants via the Court's ECF system and via overnight courier upon the following:

| | |
|---|---|
| Miller, Johnson, Snell & Cummiskey, PLC<br>250 Monroe Avenue, N.W., Suite 800<br>Grand Rapids, Michigan 49503<br>(Attn: Robert D. Wolford, Esq.)<br><br>*Attorneys for the Creditors Committee* | Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br>(Attn: John J. Rapisardi, Esq.)<br><br>*Attorneys for the Purchaser* |
| General Motors Corporation<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090- 9025<br>(Attn: Warren Command Center, Mailcode 480-206-114)<br><br>*Debtors* | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.)<br><br>*Attorneys for the Debtors* |
| United States Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220<br>(Attn: Matthew Feldman, Esq.)<br><br>*United States Treasury* | Office of the United States Trustee for the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004.<br>(Attn: Diana G. Adams, Esq.)<br><br>*United States Trustee* |
| Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.)<br><br>*Attorneys for Export Development Canada* | Kramer, Levin, Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>(Attn:  Kenneth Eckstein, Esq. and Thomas Moers Mayer, Esq.) |

<u>Chambers Copy</u>
The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

s/ Timothy J. Richards
Timothy J. Richards
