**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: dcrapo@gibbonslaw.com
David N. Crapo, Esq.
Attorneys for *The McGraw-Hill Companies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-500026 (REG) |
| Debtors and Debtors-in-Possession. | (Jointly Administered) |

**PROTECTIVE OBJECTION OF THE MCGRAW-HILL COMPANIES, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by and through its undersigned counsel, hereby submits this protective objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume Certain Executory Contracts and (II) Cure Costs Related Thereto ("Notice") served on McGraw-Hill by the above-captioned Debtors and Debtors-in-Possession (hereafter, collectively, "Debtors") pursuant to this Court's June 2, 2009 Order Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R.Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice ("Sale Procedures Order") and in support thereof, respectfully represents and sets forth the following:

**BACKGROUND**

1.  On June 1, 2009 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On the Petition Date, the Debtors also filed, *inter alia*, their motion for an order, *inter alia*, (a) approving a sale ("Sale") of substantially all of their assets to Vehicle Acquisition Holdings LLC ("Purchaser"), which assets will include certain contracts designated for assumption and assignment at the closing of the Sale ("Designated Contracts") and, (b) approving various sale-related procedures, including procedures relating to the assumption and assignment of the Designated Contracts.

3.  The Court entered the Sale Procedures Order, which sets out, *inter alia*, the procedures for noticing non-debtor counter-parties to Designated Contracts of the Debtors' intent to assume them and assign them to the Purchaser in connection with the Sale and of the Debtors' proposed cure amounts with respect to those Designated Contract.

4.  Pursuant to the Sale Procedures Order the Debtors issued the Notice, which is dated June 5, 2009, to McGraw-Hill, indicating the Debtors' intent to assume one or more of their contracts with McGraw-Hill ("Assumed Contract or Contracts"). The Notice was addressed to Harold McGraw III, who received it on June 9, 2009, and does not identify the specific division of McGraw-Hill to which should be delivered.

5.  Consistent with the privacy concerns raised in the Sale Motion and pursuant to the Sale Order, the Notice does not identify either the contract or contracts with McGraw-Hill they intend to assume in connection with the Sale or the cure amount or amounts. Instead, consistent

with the Sale Procedures Order, the Notice directs McGraw-Hill a specially established "Contract Website," http://www.contractsnotices.com, to obtain the identity of the contracts the Debtors intend to assume and a further notice issued in connection with the Notice provides McGraw-Hill with a password and username by which it may obtain access to the Contract Website.

6. McGraw-Hill is currently searching its records to determine if it has contracts (other than contracts between the Debtors and J. D. Power and Associates and Power Information Network LLC, which are the subject of a separate cure notice) that could be covered by the Notice.

7. The Contract Website indicates that the Debtors intend to assume one contract with McGraw-Hill but does not identify the contract. Similarly, the Contract Website does not set forth a cure amount.

8. McGraw-Hill does not object to the assumption of any or all of its contracts with the Debtors provided that (i) it is advised which of the contracts will be assumed; and (ii) it receives payment of the correct cures. However, neither the Notice nor the Contract Website identify the contracts to be assumed or set forth a cure amount or amounts.

9. McGraw-Hill anticipates that its objection to the assumption and assignment of its contracts with the Debtors can be resolved, but files this objection out of an abundance of caution to preserve its rights with respect to its contracts in light of the expedited deadlines set in this case for the sale of the Debtors' assets and the assumption of Designated Contracts.

10. McGraw-Hill is willing to confer with representatives of the Debtors or the Purchaser to resolve the identity of the McGraw-Hill contracts to be assumed and to establish the appropriate cure of that contract or those contracts.

#1416108 v1
056420-10084

11. For purposes of resolving this Objection, McGraw Hill requests that the Debtors or the Purchaser contact the following person:

> David N. Crapo, Esq.
> Gibbons P.C.
> Attorneys for Standard & Poor's
> Telephone: (973) 596-4523
> Facsimile: (973) 639-6244
> E-mail: dcrapo@gibbonslaw.com

12. No trustee or examiner has been appointed in these cases. Notice of this Objection has been provided to those persons identified in the Notice as entitled to notice of this Objection and, for that reason, McGraw-Hill submits that no other or further notice of this Objection is required.

**WHEREFORE,** for the reasons set forth herein, McGraw-Hill respectfully requests that, to the extent, and only to the extent, that either the Debtors are unable to identify which of McGraw-Hill's contracts are to be assumed or, upon the identification of those contracts, the Debtors and McGraw-Hill are not able to reach an agreement on the cure amount themselves, this Court should set the correct cure amount, compel the Debtors to pay that amount and grant such other and further relief to which McGraw-Hill shows itself entitled.

Dated: June 12, 2009
Newark, New Jersey

**GIBBONS P.C.**

By: */s/ David N. Crapo*
David N. Crapo
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
*Attorneys for The McGraw-Hill Companies, Inc.*

4

#1416108 v1
056420-10084