**Hearing Date: TBD**

JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage (P70460) (Pro Hac Vice)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: 248.351.3000
Facsimile: 248.351.3082
E-mail: phage@jaffelaw.com
*Counsel for Ideal Setech Share the Spare, L.L.C.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

### IDEAL SETECH SHARE THE SPARE, L.L.C.'s LIMITED OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

Ideal Setech Share the Spare, L.L.C. ("Ideal"), by its undersigned counsel, hereby files this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Ideal by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to this Court's Bidding Procedures Order [Docket No. 274], only as it relates to the Proposed Cure Amount, and in support thereof states as follows.

## Background

1. The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on June 1, 2009 (the "Commencement Date").

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding the Debtors' assumption and assignment of its executory contracts.

3. Ideal is in receipt of an Assignment Notice dated as of June 5, 2009, which provides that the Debtors intend to assume and assign the Debtors' agreements with Ideal (the "Ideal Assumable Executory Contracts").

4. The Contract Website lists $1,018,692.59 as the total amount owing under the Ideal Assumable Executory Contracts (the "Proposed Cure Amount").

5. Ideal has no objection to the assumption and assignment of the Ideal Assumable Executory Contracts, but rather files this limited objection only as to the Proposed Cure Amount.

6. The Proposed Cure Amount is less than what is actually owed under the Ideal Assumable Executory Contracts.

7. The Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were owing as of the Commencement Date, and not the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice). Amounts owing after the Commencement Date must either be paid at the time of assumption of the Ideal Assumable Executory Contracts or be paid in the normal course of the Debtors' business.

## Objection

8. Ideal does not object to the sale of Debtors' assets as contemplated in the Sale Motion or to the assumption of the Ideal Assumable Contracts by the Debtors and the assignment thereof to the Purchaser.

9. Ideal objects to the Proposed Cure Amount because it does not include the additional $211,056.89 owing to Ideal with respect to the purchase orders and invoices identified on Exhibit A.

10. The total Cure Amount therefore should be $1,229,749.48.

11. Ideal will meet and confer with the Debtors and the Purchaser in order to resolve the dispute concerning the Proposed Cure Amount for the Ideal Assumable Executory Contracts.

WHEREFORE, Ideal respectfully requests that the Court determine that the Proposed Cure Amount to be paid to Ideal for the Ideal Assumable Executory Contracts as of the Commencement date is $1,229,749.48.

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: 248.351.3000
Facsimile: 248.351.3082
Email: phage@jaffelaw.com
*Ideal Setech Share the Spare, L.L.C.*

Dated: June 12, 2009

1757902.01

Pg 4 of 4

## Exhibit A

## Ideal Setech Share the Spare, L.L.C.
## Amounts Not in Proposed Cure Amount

Invoice #141    Dated 5/31/2009    Amount $100,496.78

Invoice #142    Dated 5/31/2009    Amount $100,412.95

Invoice #11    Dated 5/31/2009    Amount $10,147.16

## Total $211,056.89