**EPSTEIN BECKER GREEN P.C.**
Paul Traub (PT 3752)
Wendy G. Marcari (WM 8494)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
WMarcari@ebglaw.com
PTraub@ebglaw.com

Hearing Date:     TBD

Objection Deadline:  Monday, June 15, 2009

and

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH  44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@frantzward.com

*Counsel to YRC Worldwide Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF YRC WORLDWIDE INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

YRC Worldwide Inc. ("Worldwide") by its undersigned counsel, hereby objects on a limited basis (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Notice of Intent") served

upon Worldwide by the above-captioned debtors and debtors-in-possession (collectively, "GM") pursuant to this Court's Sale Procedures Order (ECF #274). In support of its Objection, Worldwide respectfully states as follows:

## BACKGROUND

1. YRC Inc., successor-in-interest to Yellow Transportation, Inc., Reimer Express Lines, Ltd and USF Reddaway Inc. are subsidiaries of Worldwide (collectively, the "Worldwide Entities").

2. On June 1, 2009 (the "Commencement Date"), GM commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

3. On June 1, 2009, this Court entered an order (the "Shippers and Warehousemen Order") authorizing GM to pay the pre-petition claims of certain of GM's carriers, warehousemen and other logistics suppliers.

4. Pursuant to the Shippers and Warehousemen Order, on or about June 1, 2009, GM sent a notice to stating that GM intends to pay the pre-petition claims of the Worldwide Entities in exchange for the Worldwide Entities' written verification that they would (a) continue to provide services to GM during the pendency of GM's bankruptcy case on the most favorable terms that existed between the Worldwide Entities and GM prior to the commencement of GM's bankruptcy case and (b) not cancel any contract or agreement pursuant to which the Worldwide Entities provide services to GM on less than 90 days' prior written notice. Each of the Worldwide Entities sent GM written verification of its agreement to these terms on June 5, 2009. (*See*, Exhibit A.)

5.     On June 2, 2009, this Court entered an order (the "Sale Procedures Order") approving GM's sale procedures, which includes procedures regarding GM's assumption and assignment of executory contracts.

6.     Pursuant to the Sale Procedures Order, on or before June 5, 2009, GM was required to send the Notice of Intent to each of the Worldwide Entities, indicating that GM intends to assume and assign certain of GM's agreements with the Worldwide Entities (the "Assumed Contracts"). The Worldwide Entities have not received the actual Notice of Intent. Worldwide also has not received the actual Notice of Intent.

7.     The Sale Procedures Order provides that information regarding the Assumed Contracts, including the Worldwide Entities' cure amounts (the "Proposed Cure Amounts"), could be obtained from the Contract Website (as defined in the Sale Procedures Order). On June 11, 2009, the Worldwide Entities received login and password information from counsel to GM for the Contract Website. The Contract Website indicates that GM is assuming a contract with **Worldwide**, not each of the Worldwide Entities. The Contract Website does not indicate the Proposed Cure Amounts or has no cure amounts.

8.     On June 9, 2009, GM sent Worldwide a letter stating that GM had sent Worldwide a Notice of Intent. (*See*, Exhibit B.) The letter also stated that, because Worldwide is paid on a tier 2 basis via one or several Lead Logistics Providers (LLP), the Proposed Cure Amount would be paid as part of the cure payment to the LLPs, however this was not provided for in any way in the Court approved Sale Procedures Order. The letter instructed Worldwide to contact its LLP to determine the Proposed Cure Amount.

9.     Moreover, the Sale Procedures Order and the form Notice of Intent attached thereto limit the Proposed Cure Amount to such amounts that were in default as of the

3

Commencement Date, not the date the contracts will actually be assumed by GM and assigned to the Purchaser.

## OBJECTION

10. Worldwide does not believe it has a contract with GM. However, each of the Worldwide Entities has a contract with GM. Accordingly, Worldwide and the Worldwide Entities assume that GM actually intends to assume and assign the contracts of the Worldwide Entities.

11. Worldwide and the Worldwide Entities do not object to the sale of GM's assets as contemplated in the Sale Procedures Order and do not object to the assumption and assignment of the Worldwide Entities' contracts with GM. Worldwide and the Worldwide Entities only objects to the Proposed Cure Amounts contained in the Notice of Intent. Worldwide and the Worldwide Entities object to the Proposed Cure Amounts for two reasons.

12. First, the Sale Procedures Order and the form Notice of Intent attached thereto limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date, not the date the contracts will actually be assumed by GM and assigned to the Purchaser, as required under the provisions of 11 U.S.C. § 365. Under 11 U.S.C. § 365(b)(1), a debtor can assume an executory contract only if the debtor, at the time of such assumption, cures or provides adequate assurance that the debtor will promptly cure outstanding defaults. *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008); *see also*, *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002). Accordingly, the Notice of Intent should make it clear that GM and/or the Purchaser are liable for all defaults as well as all other accrued liabilities that exist as of the moment the applicable executory contracts are actually assumed and assigned to the Purchaser.

4

13.     Second, Worldwide and the Worldwide Entities object to the Cure Amounts proposed by GM to the extent the Proposed Cure Amounts are incorrect even as to those amounts that were in default as of the Commencement Date. As of the filing of this Objection, Worldwide and the Worldwide Entities have been unable to determine the Proposed Cure Amounts. Worldwide and the Worldwide Entities have not received the Notice of Intent. Worldwide and the Worldwide Entities have reviewed the Contract Website described in the Biding Procedures Order. However, the Contract Website is unclear. The Contract Website either does not provide the Proposed Cure Amounts or provides a Proposed Cure Amount of $-0-.

14.     As suggested by GM's June 9, 2009 letter, the Worldwide Entities have contacted their LLP, Schneider Logistics, regarding the Proposed Cure Amount, even though this procedure was not provided for in any way in the Court approved Sale Procedures Order. According to Schneider, as of June 9, 2009 GM owes (i) YRC Inc., successor-in-interest to Yellow Transportation, Inc., $4,636.42; (ii) Reimer Express Lines, Ltd $-0-; and (iii) USF Reddaway, Inc. $874.06. These amounts appear to be incorrect. The Worldwide Entities' books and records show that, as of June 10, 2009, the following amounts are owed by GM: (i) YRC Inc., successor-in-interest to Yellow Transportation, Inc., **$20,829.00**; (ii) Reimer Express Lines, Ltd., **$45,906.00**; and (iii) USF Reddaway, Inc., **$6,787.00**. In an abundance of caution, these amounts include receivables that may be covered by the U.S. Treasury's automobile supplier program.

15.     Further, Worldwide and the Worldwide Entities have not received the Notice of Intent and therefore are not certain which contract GM intends to assume and assign.

16. Worldwide and the Worldwide Entities expect that any differences regarding the appropriate cure amount can be reconciled, but files this objection out of an abundance of caution due to the deadlines for filing objections and to preserve all rights related to the proposed assumption of the Assumed Contracts.

17. Worldwide and the Worldwide Entities reserve all rights to amend and/or supplement this Objection.

WHEREFORE, YRC Worldwide Inc. and the Worldwide Entities respectfully request that, to the extent the parties cannot reconcile the correct cure amounts among themselves, this Court set the correct cure amount, compel GM to pay the correct cure amount and grant such other and further relief as is just and appropriate.

**EPSTEIN BECKER GREEN P.C.**

s/ Paul Traub
Paul Traub (PT 3752)
Wendy G. Marcari (WM 8494)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
WMarcari@ebglaw.com
PTraub@ebglaw.com

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH 44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@franzward.com

*Counsel to YRC Worldwide Inc.*

|  |  |
|---|---|
| **EPSTEIN BECKER GREEN P.C.**<br>Paul Traub (PT 3752)<br>Wendy G. Marcari (WM 8494)<br>250 Park Avenue<br>New York, New York 10177-1211<br>(212) 351-4500<br>WMarcari@ebglaw.com<br>PTraub@ebglaw.com | Hearing Date:    TBD<br><br>Objection Deadline:    Monday, June 15, 2009 |

and

**FRANTZ WARD LLP**
John F. Kostelnik (Ohio #0014919)
Matthew H. Matheney (Ohio #0069974)
Timothy J. Richards (Ohio #0078198)
2500 Key Center, 127 Public Square
Cleveland, OH  44114-1230
(216) 515-1660
(216) 515-1650 (fax)
jkostelnik@frantzward.com
mmatheney@frantzward.com
trichards@frantzward.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| In re | : | Chapter 11 |
|---|---|---|
|  | : |  |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------X

## AFFIDAVIT OF SERVICE

| STATE OF OHIO | ) |  |
|---|---|---|
|  | ) | ss: |
| COUNTY OF CUYAHOGA | ) |  |

I, Timothy J. Richards, state as follows:

1. I am over 18 years of age and am not a party to this action.

2. I am employed by Frantz Ward LLP at 2500 Key Center, 127 Public Square

7

Cleveland, OH 44114.

3. On June 12, 2009, I caused to be served a true and correct copy of the *Objection of YRC Worldwide Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto* on all ECF participants via the Court's ECF system and via overnight courier upon the following:

Miller, Johnson, Snell & Cummiskey, PLC
250 Monroe Avenue, N.W., Suite 800
Grand Rapids, Michigan 49503
(Attn: Robert D. Wolford, Esq.)

*Attorneys for the Creditors Committee*

General Motors Corporation
30009 Van Dyke Avenue
Warren, Michigan 48090- 9025
(Attn: Warren Command Center, Mailcode 480-206-114)

*Debtors*

United States Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
(Attn: Matthew Feldman, Esq.)

*United States Treasury*

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.)

*Attorneys for Export Development Canada*

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
(Attn: John J. Rapisardi, Esq.)

*Attorneys for the Purchaser*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.)

*Attorneys for the Debtors*

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004.
(Attn: Diana G. Adams, Esq.)

*United States Trustee*

Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036
(Attn: Kenneth Eckstein, Esq. and Thomas Moers Mayer, Esq.)

8

<u>Chambers Copy</u>
The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

                                                s/ Timothy J. Richards
                                                Timothy J. Richards