ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
Deborah L. Fish

Attorneys for RCO Engineering, Inc.

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: **GENERAL MOTORS CORP.**, *et al.*, | Chapter 11 |
| Debtors. | Case No: 09-50026 (REG) |
| | (Jointly Administered) |

### LIMITED OBJECTION OF RCO ENGINEERING, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

RCO Engineering, Inc. ("RCO"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon RCO by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1.  On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2.  On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 10, 2009, the Debtors delivered an Assignment Notice to RCO, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with RCO (the "Assumed Contracts") [1]. In addition, on their Contract Website, the Debtors identify $139,114.24 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

4. Pursuant to the Bidding Procedures Order Contract Objections must be made in writing filed with the court, and served so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice ("Notice"). The Notice is dated June 5, 2009.

5. Furthermore, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date. The Cure Amount should include all amounts both pre and post petition due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

**Objection**

6. Payment of the Proposed Cure Amount fails to cure the amount owing under the contracts sought to be assumed and assigned.

7. RCO does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. RCO does object, however, to the Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were owed as of May 31, 2009, and (2) the Assignment Notice's definition of "Cure Amount" would permit assumption and assignment of certain of RCO's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in

---

[1] RCO understands that its GMC – ALLEGIS contracts are not subject to and are therefore not incorporated in the list of Assumed Contracts.

1

Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

8. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

9. Paragraph 5 of the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of RCO's contracts is whatever was in default as of the Commencement Date.

10. RCO further objects to the Cure Amount proposed by the Debtors because it is substantially less than the amount that was owed on May 31, 2009. RCO is in the process of determining the basis of the discrepancy between its books and records and the Debtors' Proposed Cure Amount. RCO's calculations of the amounts due under its contracts result in a cure amount substantially in excess of the Cure Amount stated by the Debtors in the Contract Website.

11. RCO reserves the right to amend or supplement this objection.

WHEREFORE, RCO respectfully requests that the Court: (i) determine the appropriate amounts due to RCO under such contracts pursuant to section 365(b) of the Bankruptcy Court; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that,

2

executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all obligations that have accrued thereunder but are not then in default and not otherwise paid in the ordinary court of business by the Debtors; and (iii) grant such other and further relief as is just and appropriate.

Dated: June 12, 2009             Respectfully submitted,

/s/Deborah L. Fish
Deborah L. Fish
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI  48226
Telephone:  (313) 961-6141
Facsimile:  (313) 961-6142
P36580

ATTORNEYS FOR RCO ENGINEERING, INC.

U:\34\368\GM\Objection.Mtn assume reject contracts.RCO.doc