Carey D. Schreiber (CS 3896)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Matthew J. Botica (MB 3228)
Mindy D. Cohn (MC 8870)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

*Counsel for Aspen Marketing Services, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:   Chapter 11
In re :
:   Case No. 09-50026 (REG)
General Motors Corp., *et al.*, :
:   (Jointly Administered)
           Debtors. :
---------------------------------------------------------------x

**LIMITED OBJECTION OF ASPEN MARKETING SERVICES, INC.
TO PROPOSED CURE AMOUNT**

Aspen Marketing Services, Inc. ("Aspen") objects to the above-captioned debtors' (the "Debtors") proposed cure amount of $1,681,649.39[1] in connection with the Debtors' assumption and assignment of certain executory contracts. In support of this limited objection (the "Objection"), Aspen states as follows:

---

[1]     This is the cure amount stated on the Debtors' website, www.contractnotices.com, as of 12:30 p.m. ET on Friday, June 12, 2009.

CHI:2270919.2

## BACKGROUND

1. General Motors Corporation and Aspen are parties to a number of agreements and purchase orders relating to Aspen's provision of direct marketing and customer management services (collectively, the "Contracts").

2. The Debtors have designated the Contracts as Assumable Executory Contracts that may be assumed by the Debtors and assigned to Purchaser.[2]

## ARGUMENT

3. Aspen does not object to the Debtors' assumption and assignment of the Contracts. Aspen objects only to the proposed amount of its cure claim and requests that the Debtors increase the proposed cure amount from $1,681,649.39 to $4,245,457.47 plus any additional amounts that are due under the Contracts as of the date the Contracts are assigned to Purchaser.

4. Section 365(b)(1) of title 11 of the United States Code, §§ 101 *et seq*. (the "Bankruptcy Code") provides that a debtor may not assume an executory contract "unless, at the time of assumption of such contract … , the [debtor] cures, or provides adequate assurance that the [debtor] will promptly cure" all defaults. 11 U.S.C. § 365(b)(1).

5. Before a debtor can assume an executory contract, it must "cure[], or provide adequate assurance that [it] will promptly cure" all existing defaults including both prepetition and postpetition defaults. *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 763 (2d Cir. 1996); *see also In re Bradlees Stores, Inc.*, No. 00 B 16033 (BRL), 2001 WL 36143034 *2 (Bankr. S.D.N.Y. 2001) (section 365(b)(1) applies to both prepetition and postpetition defaults).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

2

CHI:2270919.2

6. The Debtors indicate that their proposed cure amount excludes amounts owed in connection with postpetition defaults. Aspen requests that the Debtors include these amounts and any other amounts owed in the amount of Aspen's cure claim and pay Aspen $4,245,457.47 plus any additional amounts necessary to cure defaults existing as of the date the Contracts are assumed and assigned.

## RESERVATION OF RIGHTS

7. Aspen reserves all of its rights under the Bankruptcy Code and applicable nonbankruptcy law. In addition, Aspen reserves the right to amend or supplement this Objection, including increasing its requested cure claim amount, at any time through the date the Contracts are assigned to Purchaser.

## CONCLUSION

WHEREFORE, Aspen respectfully requests that the Court (i) enter an order requiring the Debtors to pay Aspen cure costs in the amount of $4,245,457.47 plus any additional amounts necessary to cure defaults existing as of the date the Contracts are assumed and assigned; and (ii) grant Aspen such other and further relief as the Court deems just.

CHI:2270919.2

| | |
|---|---|
| Dated: June 12, 2009<br>New York, New York | Respectfully submitted,<br><br>WINSTON & STRAWN LLP<br><br>By: */s/ Carey D. Schreiber*<br><br>Carey D. Schreiber (CS 3896)<br>200 Park Avenue<br>New York, NY  10166<br>Telephone:  (212) 294-6700<br>Facsimile:  (212) 294-4700<br>cschreiber@winston.com<br><br>-and-<br><br>Matthew J. Botica (MB 3228)<br>Mindy D. Cohn (MC 8870)<br>35 West Wacker Drive<br>Chicago, IL  60601<br>Telephone:  (312) 558-5600<br>Facsimile:  (312) 558-5700<br>mbotica@winston.com<br>mcohn@winston.com<br><br>*Counsel for Aspen Marketing Services, Inc.* |

4