CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF FABTRONIC INC. TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

Fabtronic Inc. ("**Fabtronic**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1.      Upon information and belief, the above-captioned Debtors (collectively, as applicable, the "**Debtors**") attempted to serve Fabtronic with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between Fabtronic and the Debtors.

2. Fabtronic did not receive the complete Cure Notice and did not receive the information necessary to access the Contract Website[1]. As a result, Fabtronic is unable to determine which of its contracts with the Debtor will be assumed and assigned to the Purchaser. Fabtronic is also unable to determine the amount that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009 (the "**Cure Amount**"). There is a prepetition balance owed to Fabtronic in an amount that is not less than $206,217.37, all of which may potentially be included within the Cure Amount.

3. Upon information and belief, the Debtors intend to serve Fabtronic with a revised Cure Notice that contains the information necessary to access the Contract Website, and which will enable Fabtronic to identify the Assumable Executory Contracts and the corresponding Cure Amount. Fabtronic's representative spoke with "Carter" at the Supplier Call Center and was advised that a revised Cure Notice would be forthcoming. *See Document Reference No. 2009.3966.* Fabtronic files this Objection as a prophylactic measure to preserve its rights with respect to the Cure Notice in the event that a revised Cure Notice is not served.

4. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . .

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted*).

5.      Fabtronic does not object, *per se*, to assumption and assignment of Assumable Executory Contracts to Purchaser.

6.      Fabtronic does object, however, to the Cure Notice that it received because the Cure Notice does not identify the Assumable Executory Contracts that are the subject of the Cure Notice or the corresponding Cure Amounts.

7.      Fabtronic also objects to the Cure Notice to the extent that the proposed Cure Amount is incorrect as to those amounts that were in default as of June 1, 2009 and may not reflect all defaults under the Assumable Executory Contracts.

8.      Fabtronic also objects to the Cure Notice insofar as any postpetition performance by Fabtronic of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

9.      Notwithstanding the foregoing, Fabtronic further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

10.     Fabtronic further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with Fabtronic that may or will be assumed and assigned but which have not been included in the Cure Notice.

5901896.4 19014/129455

11. Fabtronic reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to Fabtronic Inc.

5901896.4 19014/129455