CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF E & L CONSTRUCTION GROUP, INC. KNOWN AS ERICKSON & LINDSTROM CONSTRUCTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

E & L Construction Group, Inc. known as Erickson & Lindstrom Construction ("**E & L Construction**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served E & L Construction with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings

5902948.1 27898/113291

LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between E & L Construction and the Debtors.

2. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) *(internal citations omitted)*.

3. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and assert $ 185,179.02 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009.

4. E & L Construction does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

-2-

5. E & L Construction does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts.

6. Specifically, with respect to the Assumable Executory Contracts, there is a prepetition balance owed to E & L Construction in an amount that is not less than $327,008.78. *See Exhibit A attached hereto, Aging Summary.* E & L Construction will supplement this Objection with additional supporting documentation upon the Debtors' request.

7. E & L Construction also objects to the Cure Notice insofar as any postpetition performance by E & L Construction of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount[2].

8. Notwithstanding the foregoing, E & L Construction further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

9. E & L Construction further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with E & L Construction that may or will be assumed and assigned but which have not been included in the Cure Notice.

10. E & L Construction reserves the right to amend or supplement this Objection as additional facts are learned.

---

[2] By way of example and not limitation, as of the date of this Objection, $164,364.48 is owed to E & L Construction for jobs that are currently work-in-process. Once these jobs have been completed, the Debtors will be invoiced for the amounts due. If these amounts are not paid by the Debtors in the ordinary course of business, they are properly included in the Cure Amount as of the prospective time of assumption and assignment of the Assumable Executory Contracts.

-3-

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

  /s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to E & L Construction Group, Inc.
known as Erickson & Lindstrom Construction

5902948.1 27898/113291

# EXHIBIT A

E&L CONSTRUCTION GROUP, INC.                                    Aging Summary                                              06/12/2009   Page 1
                                                                 by Invoice
Aging As of Date  06/12/2009
Aging Basis       Accounting date

| Tran Type | ID | Date | Amount | Current Column | Over 30 Column | Over 60 Column | Over 90 Column | Over 120 Column | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| **GMFES** | **GM FLINT ENGINE SOUTH** | | | | | | | | |
| Invoice | 09022-0-1 | 04/09/2009 | 870.63 | | | 870.63 | | | |
| Invoice | 09038-0-1 | 04/30/2009 | 15,950.00 | | 15,950.00 | | | | |
| Invoice | 09062-0-1 | 06/05/2009 | 1,689.81 | 1,689.81 | | | | | |
| | GM FLINT ENGINE SOUTH Totals | | 18,510.44* | 1,689.81* | 15,950.00* | 870.63* | .00* | .00* | .00 |
| **GMSPO** | **GM SERVICE PARTS DIVISION** | | | | | | | | |
| Invoice | 07050-0-3 RET. | 04/29/2009 | 1,092.67 | | 1,092.67 | | | | |
| Invoice | 09044-0-1 | 05/06/2009 | 1,300.00 | | 1,300.00 | | | | |
| Invoice | 07050-0-5 | 05/15/2009 | 105,560.57 | 105,560.57 | | | | | |
| Invoice | 07050-0-6 | 05/15/2009 | 12,943.02 | 12,943.02 | | | | | |
| | GM SERVICE PARTS DIVISION Totals | | 120,896.26* | 118,503.59* | 2,392.67* | .00* | .00* | .00* | .00 |
| **GMTRU** | **GM TRUCK & BUS GROUP** | | | | | | | | |
| Invoice | 08118-0-1 | 04/17/2009 | 1,235.09 | | 1,235.09 | | | | |
| Invoice | 08111-0-1 | 05/11/2009 | 5,966.87 | | 5,966.87 | | | | |
| | GM TRUCK & BUS GROUP Totals | | 7,201.96* | .00* | 7,201.96* | .00* | .00* | .00* | .00 |
| **GMPDM** | **GENERAL MOTORS CORP.-PDPM** | | | 810-575-2803 | | | | | |
| Invoice | WT018-0-2 | 11/04/2008 | 598.70 | | | | | 598.70 | |
| Invoice | F1562-0-1 | 04/23/2009 | 4,247.05 | | 4,247.05 | | | | |
| Invoice | F1563-0-1 | 04/23/2009 | 12,775.74 | | 12,775.74 | | | | |
| Invoice | L5316-0-1 | 05/12/2009 | 4,299.57 | | 4,299.57 | | | | |
| Invoice | L5317-0-1 | 05/12/2009 | 15,116.16 | | 15,116.16 | | | | |
| Invoice | F1569-0-1 | 05/12/2009 | 3,944.05 | | 3,944.05 | | | | |
| Invoice | F1566-0-1 | 05/12/2009 | 19,977.80 | | 19,977.80 | | | | |
| Invoice | F1554-0-3 | 05/12/2009 | 1,734.03 | | 1,734.03 | | | | |
| Invoice | F1517-0-2 | 05/12/2009 | 104,171.40 | | 104,171.40 | | | | |
| Invoice | F1565-0-1 | 05/12/2009 | 2,526.62 | | 2,526.62 | | | | |
| Invoice | L5318-0-1 | 06/10/2009 | 5,959.00 | 5,959.00 | | | | | |
| Invoice | L5315-0-1 | 06/10/2009 | 5,050.00 | 5,050.00 | | | | | |
| | GENERAL MOTORS CORP.-PDPM Totals | | 180,400.12* | 11,009.00* | 168,792.42* | .00* | .00* | 598.70* | .00 |
| | Report Totals | | 327,008.78* | 131,202.40* | 194,337.05* | 870.63* | .00* | 598.70* | .00 |