SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
Beth N. Kibel
250 Park Avenue
New York, New York 10177
(212) 907-9700

*Counsel for Schenck Rotec Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| General Motors Corp., *et al.*, | : Case No. 09-50026 (REG) |
| | : (Jointly Administered) |
| Debtors. | : |

------------------------------------------------------------x

### CURE OBJECTION OF SCHENCK ROTEC CORPORATION PURSUANT TO SECTION 365(b)(1) OF THE BANKRUPTCY CODE TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Schenck Rotec Corporation ("Schenck Rotec"), by and through its undersigned counsel, files this Cure Objection Pursuant to Section 365(b)(1) of the Bankruptcy Code to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto (the "Assignment Notice").

As more fully explained below, Schenck Rotec does not object to the assumption of its contract but notes that the proposed Cure Amounts[1] associated with its contract are not specified and accordingly need to be clarified.

---

[1] Capitalized terms not herein defined have the meaning ascribed to them in the Assignment Notice.

## STATEMENT OF FACTS

1. On June 1, 2009, General Motors LLC and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed their chapter 11 petitions in the Bankruptcy Court for the Southern District of New York (the "Court").

2. On June 2, 2009, the Court entered its Order, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for the Sale of the Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures And Approving Form Of Notice (Docket No. 274) (the "Bidding Procedures Order").

3. The Assignment Notice is attached to the Bidding Procedures Order as Exhibit D.

4. Paragraph 5 of the Assignment Notice directs Schenck Rotec to access the Contract Website in order to view the Cure Amount to which the Debtors claim it is entitled.

5. The Contract Website does not list a "Cure Amount" for Schenck Rotec.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6. As stated above, Schenck Rotec does not object to the assumption of its contract with the Debtors. Rather, Schenck Rotec has reviewed the Contract Website and notes that it does not specify the Cure Amount to which it is entitled. In fact, Schenck Rotec is entitled to the Cure Amount of $117,884.

7. Paragraph 10 of the Bidding Procedures Order directs suppliers like Schenck Rotec who dispute the proposed Cure Amounts associated with their contract with the Debtors to file objections with the Court. It further directs the Debtors, Schenck Rotec, and the Purchaser to

"meet and confer in good faith to attempt to resolve any such objection without Court intervention." (Bidding Procedures Order ¶ 10.)

8. In order to comply with the Court's Bidding Procedures Order and to put the Debtors on notice of the limited objection to the proposed Cure Amounts associated with its contract, Schenck Rotec files this Cure Objection.

9. Schenck Rotec believes that it will be able to resolve this dispute with the Debtors and the Purchaser without Court intervention as required by the Bidding Procedures Order. In the event that the dispute is not resolved, however, Schenck Rotec reserves the right to supplement this objection with legal arguments and evidence and to present such arguments and evidence at the appropriate time in accordance with ¶10 of the Bidding Procedure Order.

Dated: June 12, 2009
New York, New York

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ William M. Barron*
William M. Barron
Beth N. Kibel
250 Park Avenue
New York, New York 10177
(212) 907-9700

*Counsel for Schenck Rotec Corporation*

## CERTIFICATE OF SERVICE

Paul J. Lee, pursuant to 28 U.S.C. § 1746, certifies that: on June 12, 2009, a true and correct copy of the foregoing *cure objection* was filed via the Court's ECF System and will be electronically mailed to the parties that are registered or entitled to receive electronic notifications of such filing. Additionally, a copy of this *cure objection* was served on the following parties at the addresses listed below via Federal Express.

The Debtors
c/o General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph M. Smolinsky, Esq.
Weil Gotshal & Manges, LLP
Attorneys for Debtors
767 Fifth Avenue
New York, NY 10153

Attn: Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Attn: John J. Rapisardi, Esq.
Cadwalader Wickersham & Taft, LLP
Attorneys for Purchaser
One World Financial Center
New York, NY 10281

Attn: Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel, LLP
Attorneys for the Creditors Committee
1177 Avenue of the Americas
New York, NY 10036

Attn: Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th Floor
New York, NY 10019

Attn: Diana G. Adams, Esq.
Office of the U.S. Trustee for the
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2009

/s/ *Paul J. Lee*
Paul J. Lee