MORGAN, LEWIS & BOCKIUS LLP
Michael A. Bloom, Esq.
Rachel Jaffe Mauceri, Esq.
1701 Market Street
Philadelphia, PA 10103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Attorneys for ARAMARK Holdings Corporation

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re:                                                        :    Chapter 11
                                                              :
    GENERAL MOTORS CORP., *et al.*,                           :    Case No. 09-50026 (REG)
                                                              :
                                        Debtors.              :    (Jointly Administered)
                                                              :
---------------------------------------------------------------x

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ARAMARK HOLDINGS CORPORATION AND CERTAIN OF ITS SUBSIDIARIES WITH RESPECT TO CURE AMOUNT

ARAMARK Holdings Corporation, on behalf of itself and certain of its subsidiaries who do business with the above-captioned Debtors (collectively "ARAMARK"), by and through its undersigned counsel, hereby files this objection to the cure amount (the "Cure Amount") for unpaid monetary obligations as set forth on that certain website maintained on behalf of the Debtors pursuant to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto set forth in the Cure Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases, dated June 5, 2009 (the "Cure Notice"), and respectfully states as follows:

1.   On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions in this

Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes.

2.    **[REDACTED]**[1]

3.    On the Petition Date, the Debtors filed a motion, seeking, among other things, authorization and approval of (a) the sale of substantially all of the Debtors' assets, (b) certain bidding procedures to govern the sale process and (c) the assumption and assignment of certain executory contracts and unexpired leases of personal property and nonresidential real property in connection with the proposed sale transaction (the "Sale Procedures Motion").

4.    On June 2, 2009, this Court entered an order approving the Sale Procedures Motion.

5.    ARAMARK received the Cure Notice on or about June 10, 2009. The Cure Notice includes procedures for resolving objections to the Cure Notice based solely on the proposed Cure Amount.

6.    Pursuant to the Cure Notice, ARAMARK reviewed the website maintained by or on behalf of the Debtors at www.contractnotices.com (the "Website"). The Website lists the executory contracts with various ARAMARK entities that the Debtors intend to assume and assign (the "ARAMARK Agreements"), as well as the proposed Cure Amount with respect to the ARAMARK Agreements. The Cure Website lists the Cure Amount due and owing to ARAMARK as approximately **[REDACTED]**. According to ARAMARK's records, the amount set forth on the Website represents only a small fraction of the pre-petition amount currently due and owing to ARAMARK.

---

[1]    Certain agreements between the Debtors and ARAMARK are subject to confidentiality provisions. Additionally, the Order approving the Sale Procedures Motion (as defined herein) suggests that Cure Amounts are not to be made public. Accordingly, certain portions of this objection have been redacted. Complete copies of this objection have been served on the Debtors and this Court.

7. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] — (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default . . .

8. ARAMARK does not object to the assumption and assignment of the ARAMARK Agreements or to the other relief sought in the Sale Procedures Motion. However, pursuant to Section 365(b)(1) of the Bankruptcy Code, if the Debtors propose to assume or assume and assign the ARAMARK Agreements, the Debtors must first pay to ARAMARK the total amount the Debtors owe to ARAMARK under the various ARAMARK Agreements. As of the date hereof, ARAMARK's records reflect that the relevant pre-petition amount due and owing is not less than $2,837,807.05.

9.  Accordingly, and as contemplated by the Cure Notice, ARAMARK hereby files this limited objection and reserves all of its rights solely with respect to the Cure Amount.

Dated: Philadelphia, Pennsylvania
       June 12, 2009

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**
Attorneys for ARAMARK Holdings Corporation

By: _____
Michael A. Bloom (*pro hac vice* admission pending)
Rachel Jaffe Mauceri (RM6357)
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215-963-5000
Facsimile: 215-963-5001

# CERTIFICATE OF SERVICE

I, Rachel Jaffe Mauceri, hereby certify that a copy of the preceding Limited Objection and Reservation of Rights of ARAMARK Holdings Corporation and Certain of its Subsidiaries with Respect to Cure Amount, was electronically filed through the Court's ECF system and served this 12th day of June, 2009, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. This Limited Objection and Reservation of Rights of ARAMARK Holdings Corporation and Certain of its Subsidiaries with Respect to Cure Amount, was also served by United States Mail, first-class upon the following.

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

Stephen Karotkin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Harvey R. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Matthew Feldman, Esq.
The U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2313
Washington, D.C. 20220

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Diana G. Adams, Esq.
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Gordon Z. Novod, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Dated: June 12, 2009

*Rachel J. Mauceri*
Rachel Jaffe Mauceri

DB1/63099830.1