IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,**  : | **Case No. 09-50026 (REG)** |
| : | **Jointly Administered** |
| Debtors. : | |

**HAYMAN MANAGEMENT COMPANY'S AND SOUTH TROY TECH, LLC'S
LIMITED OBJECTION TO NOTICE OF ASSUMPTION OF EXECUTORY
CONTRACT AND CURE AMOUNT**

Hayman Management Co. ("HMC") and South Troy Tech, LLC ("STT") state as follows for their Limited Objection Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto:

**Relief Requested**

1.      HMC received notice that Debtors intended to assume five contracts with HMC with a cure amount of $101,285.21. HMC manages a building in which Debtors are a tenant. STT is an HMC-related entity that has a nonresidential real property lease with Debtors. It is not clear from the information Debtors provided which contract or contracts are being assumed and to which contract the cure amount pertains. HMC and STT therefore ask that their right to object to the assumption of their contract or contracts and the cure amounts be preserved until they have received information necessary for them to determine which contract or contracts are being assumed and the amount necessary to cure the attendant default.

838531

**Basis for Relief Requested**

2.    HMC manages a commercial building in which Debtors are a tenant. In addition, STT (an entity related to HMC) has a nonresidential real property lease with the Debtors.

3.    On June 5, 2009, HMC was served with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice"). HMC reviewed the confidential information related to the contracts at issue. According to the Debtors' records, Debtors intend to assume five contracts with HMC with a cure amount of $101,285.21. The contracts are listed as "Blanket Order."

4.    HMC does not have five contracts with the Debtors and does not have any that are a "Blanket Order." As stated above, STT has a nonresidential real property lease with the Debtors and HMC manages a building in which Debtors are a tenant.

5.    The Notice did not provide any information necessary for HMC to determine whether it or STT has an objection to the assumption of either of their contracts or the cure amount but the Notice required that all objections to the cure amounts be filed by June 15, 2009. Moreover, the Notice indicates that the cure amount is the amount necessary to cure "all prepetition defaults" when 11 U.S.C. § 365 requires the Debtor to cure all defaults up to the time of the assumption and assignment. HMC and STT therefore object to the Notice and the cure amount.

6. HMC and STT also demand adequate assurance under 11 U.S.C. §365(b)(1) that Debtors will (A) promptly pay all cure amount; (B) compensate HMC and STT for the defaults; and (C) will continue to honor their obligations under the contracts at issue.

                                            MADDIN, HAUSER, WARTELL,
                                              ROTH & HELLER, P.C.

                                            BY: /s/ *Kathleen H. Klaus*
                                            KATHLEEN H. KLAUS (P67207)
                                            28400 Northwestern Hwy., 3rd Floor
                                            Southfield, MI 48034
                                            (248) 359-7520
                                            E-Mail: khk@maddinhauser.com
DATED: June 12, 2009               Attorney for Creditors Hayman Management Co.
                                            and South Troy Tech, LLC