## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
## SUMMONS

ELIZABETH WITHERS, AS
ADMINISTRATOR OF THE ESTATE OF
CHRISTOPHER WITHERS, DECEASED,

Plaintiffs,

VS.

CIVIL ACTION NO. 09C0497

Honorable Judge ___/s/ F. JANE HUSTEAD

GENERAL MOTORS CORPORATION
C/O CT Corporation System
707 Virginia Street E.
Charleston, WV 25301

Defendant.

To the Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon Elizabeth Withers, Pro Se, whose address is 45 Carriage Ln., Huntington, WV 25705, an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED:   JUN - 9 2009

ADELL CHANDLER, CLERK

_____
Deputy
CIRCUIT COURT OF CABELL COUNTY

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

ELIZABETH WITHERS, AS
ADMINISTRATOR OF THE ESTATE OF
CHRISTOPHER WITHERS, DECEASED,

             Plaintiff,

VS.                                    CIVIL ACTION NO.  **09C0497**
                                      Honorable Judge ____ **/s/ F. JANE HUSTEAD**

GENERAL MOTORS CORPORATION

             Defendants.

## COMPLAINT

Now comes the Plaintiff and hereby alleges and says as follows:

### PARTIES

1.      The Plaintiff is the duly qualified and appointed Administrator of the Estate of Christopher Withers, deceased, having been so qualified and appointed as such Administrator by order of the County Commission of Cabell County, West Virginia, on the _11th_ day of _July_, 200_7_. A copy of the Letters of Administration is attached hereto as "Exhibit A."

2.      At all times mentioned herein, the defendant, General Motors Corporation, (hereinafter "GMC") is a corporation duly organized and existing under the laws of the State of Delaware, with it's principal place of business located at 300 Renaissance Center, Mail Code 482-C14-C66, Detroit, MI 48265, which is licensed to do business in West Virginia and conducts business in Cabell County, West Virginia..

### INCIDENT

1.      On or about June 10, 2007, the Deceased Plaintiff was the riding in the middle row of seats behind the driver in a 2003 Chevrolet Venture Van, owned by J. G. Rowsey and Sharon

Rowsey and being operated by their son, Matthew Rowsey. Also in the vehicle were Robert Bruce Gleason, Jr., Kevin Rowsey and Edward Paul. Mr. Rowsey and the passengers were returning from a high school graduation trip to Panama City, Florida.

2.    While traveling on U. S. 331 in or near Opps, Alabama, Mr. Rowsey fell asleep and lost control of the van. The van initially drifted onto the right shoulder when the driver suddenly steered to the left across the highway onto the west shoulder of U.S. 331, where Mr. Rowsey attempted to compensate by steering back to the right. The van then went into a yaw and sideslipped into an oncoming 2006 BMW 325 operated by Ronald Juenger from West Charter, Ohio. The van then partially mounted the BMW and then rolled onto the driver's side and then continued to roll onto its top.

3.    At the time of the incident, the Deceased Plaintiff was wearing the seat-belt restraint system installed in the van. The seat-belt restraint system failed to hold the deceased plaintiff in the vehicle. As a result, the Deceased Plaintiff was ejected from the vehicle, resulting in the death of Christopher Withers.

## CLAIMS OF PLAINTIFF AGAINST DEFENDANT

1.    At all times material to this action, the Defendant was in the business of designing, testing, approving, manufacturing and selling motor vehicles, including the subject Chevrolet Venture Van, for use in West Virginia and elsewhere throughout the United States.

2.    Upon information and belief, prior to June 20, 2007, a 2003 Chevrolet Venture Van, was designed, manufactured, tested and sold by GMC, and thereafter distributed by GMC to J. G. Rowsey and Sharon Rowsey

## COUNT ONE

1.    GMC was engaged and or involved in the business of designing, manufacturing, assembling, testing, and selling said product and owed to the plaintiff certain and specific duties.

2.    GMC violated these duties when it failed to properly design, produce, test inspect, evaluate and/or manufacture the seat-belt restraint system installed in the 2003 Chevrolet Venture, which resulted in said seat-belt restraint system failing to adequately restrain plaintiff in the event of a crash.

3.    GMC violated these duties when it failed to properly design, produce, test inspect, evaluate and/or manufacture the 2003 Chevrolet Venture automobile so that a user and/or ultimate consumer such as plaintiff would be adequately protected from injury in the event of a crash.

4.    As a proximate result of the negligence of the Defendant, the seat-belt restraint system in the 2003 Chevrolet Venture Van failed during a foreseeable incident, resulting in the death of the decedent and injuries and damages as set out herein.

5.    At the time of the accident which is the subject of this lawsuit, the automobile was being used for the purpose for which it was intended and was in substantially the same condition as it was when it left the control of the Defendant and the Deceased Plaintiff, who reasonably would be expected to use the 2003 Chevrolet Venture Van, had no knowledge and no reason to suspect the automobile was unsafe.

6.    The Defendant is strictly liable to Plaintiff for all injuries and damages proximately resulting therefrom.

**COUNT TWO**

Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Count One of this Complaint, as if specifically set forth herein.

1.    At the time the Defendant placed the aforementioned automobile on the market, the automobile was not reasonably safe for its intended use which created an unreasonable risk of harm to the Deceased Plaintiff.

2.    The automobile was also defective in that it contained inadequate warnings, instruction and labels and, thus, did not advise the Deceased Plaintiff of foreseeable dangers

associated with the use of the product.

3.      The conduct of the Defendant was negligent and the Defendant was also negligent in designing, manufacturing, testing, selling, distributing, and approving the 2003 Chevrolet Venture Van in that they failed to exercise reasonable care to prevent the 2003 Chevrolet Venture Van from creating an unreasonable risk of harm to a person who might be expected to use the 2003 Chevrolet Venture Van in a reasonable and foreseeable manner.

4.      That the negligence of the Defendant as herein described and its failure to properly instruct and warn your Deceased Plaintiff were contributing causes of the death of the Deceased Plaintiff and all injuries and damages suffered.

## COUNT THREE

Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Count One and Count Two of this Complaint, as if specifically set forth herein.

1.      At the time of the accident which is the subject of this lawsuit, the 2003 Chevrolet Venture Van was being used for the purpose for which it was intended and was in substantially the same condition as it was when it left the control of the Defendant. The Deceased Plaintiff had no knowledge and no reason to suspect the automobile was unsafe, but relied upon the Defendants' skill and judgement in designing, testing, manufacturing and furnishing goods suitable for the purposes for which the 2003 Chevrolet Venture Van was required.

2.      The 2003 Chevrolet Venture Van produced and sold by the Defendant was not reasonably fit and proper for the particular purposes for which it was intended and for which it was used, nor was it of merchantable quality at the time of sale. Furthermore the van failed to provide the standard of safety that Defendant expressly and impliedly warranted was available in that vehicle.

3.      The Defendant has breached its implied and expressed warranties of merchantability and fitness for its intended purposes. As a proximate result, the Deceased Plaintiff died and suffered damages and injuries as set out herein.

## DAMAGES

1.      The actions of the Defendant was willful, wanton, intentional, malicious and so reckless as to evince a conscious disregard for the rights and safety of Deceased Plaintiff, entitling the Plaintiff to an award of punitive damages.

2.      As a direct and proximate result of the negligence, omissions, acts or failure to act and breach of implied and express warranty of the Defendant as set forth hereinabove, your Deceased Plaintiff, prior to his death, was injured and has incurred the following general and special damages:

   a)      Pain and suffering and emotional stress; and

   b)      Reasonable and necessary medical, hospital, rehabilitation, nursing care, and other expenses;

3.      As a direct and proximate result of the negligence, omissions, acts or failure to act and breach of implied and express warranty of the Defendant and as a result of the death of the Deceased Plaintiff, the Plaintiff has incurred funeral and burial expenses, medical bills, and has suffered sorrow, mental anguish, loss of society, companionship, comfort, guidance, kindly offices, advice of the Deceased Plaintiff, loss of services, loss of income, protection, care and assistance and has otherwise been greatly damaged, pain, suffering, emotional distress, and/or terror of Deceased Plaintiff prior to his death.

**WHEREFORE**, the Plaintiff prays as follows:

1.      That judgment be rendered in favor of the Plaintiff and against the Defendant on all causes of action asserted herein.

2.      That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause.

3.      That Plaintiff be awarded punitive damages against the Defendant;

4.      That the Plaintiff receive any other further and general relief to which it may appear they are entitled.

**TRIAL BY JURY IS DEMANDED!**

Elizabeth Withers,
        Pro Se
45 Carriage Ln.
Huntington, WV 25705

ESTATE OF __CHRISTOPHER KENT WITHERS__

**ADMINISTRATRIX**
**CERTIFICATE**

*United States of America,*

*State of West Virginia.*

*CABELL COUNTY CLERK'S OFFICE*

I, KAREN S. COLE, Clerk of the County Commission of Cabell County, in the State of West Virginia, do hereby certify that

on the 11th day of July, 2007 __Elizabeth Withers__ was appointed Administratrix of the personal estate of __Christopher Kent__

__Withers__ deceased by the Cabell County Commission of Cabell County, West Virginia, and duly qualified as such by taking the

oath prescribed by law and giving approved bond in the sum of _$ Bo Same_ required by law, all of which from the records of

said office.

NOW THEREFORE, be it known that full faith and credit are due and should be given to all of his acts as such, as

well in courts of judicature.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal

of said County Commission at my office in Huntington, in said County, this the 19th    __day of__

__April, 2008__

~~Karen S. Cole~~    , CLERK OF THE COMMISSION,

CABELL COUNTY, WEST VIRGINIA

By ~~Regina Meade~~    , Deputy