GREENBERG TRAURIG, LLP
Todd A. Burgess, AZ Bar No. 019013
2375 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 445-8563
burgesst@gtlaw.com
Counsel for Remy International, Inc., Remy Inc., and Remy Power Products, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br>09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION BY REMY INTERNATIONAL, INC., REMY INC., AND
REMY POWER PRODUCTS, LLC TO ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND CURE COSTS
RELATED THERETO**

Remy International, Inc., Remy Inc., and Remy Power Products, LLC (together "Remy") hereby object to any Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (an "Assumption and Assignment Notice") served on Remy by General Motors Corporation, *et al.* (the "Debtors") pursuant to the Court's June 2, 2009 Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed.R.Bankr.P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Procedures Order"). Remy is informed and believes that the Debtors intend to assume

and assign the Remy Contracts (defined below) to the Purchase at closing, however, despite repeated inquires to the Debtors, Remy has been unable to confirm (i) whether or not the Debtors attempted to serve an Assumption and Assignment Notice on Remy, or (ii) what amount the Debtors believe must be paid to Remy to cure the existing defaults under the Remy Contracts and to compensate Remy for its actual pecuniary loss resulting from such defaults, including Remy's attorneys' fees and costs incurred herein. Therefore, in light of the expedited deadlines established by the Court under the Procedures Order, Remy has filed this objection to establish the amount owed to Remy under the Remy Contracts as of June 1, 2009 and to preserve all of its rights and remedies against the Debtors under 11 U.S.C. § 365 and other applicable state and federal law. In further support of this objection, Remy states as follows:[1]

1. Remy Inc. is a subsidiary of Remy International, Inc. that, among other things, manufactures and supplies the Debtors with their requirements of certain production component parts used in the manufacture of the Debtors' vehicles pursuant to certain executory purchase orders and supply contracts with the Debtors.

2. Remy Power Products, LLC f/k/a Unit Parts Company is a subsidiary of Remy International, Inc. that, among other things, manufactures and supplies the Debtors with their requirements of certain service parts under the terms of certain executory purchase orders and supply contracts with the Debtors.

---

[1] This objection is supported by the Declaration Of James A. Steel In Support Of Objection By Remy International, Inc., Remy Inc., And Remy Power Products, LLC To Assumption And Assignment Of Executory Contracts And Cure Costs Related Thereto (the "Steel Declaration") filed by Remy concurrently with this objection.

3. On or about July 30, 2007, Remy Inc., on behalf of itself and its affiliates and subsidiaries, and General Motors Corporation, on behalf of itself and its subsidiaries and affiliates, entered into an "<u>Accommodation Agreement</u>," which modified, and thereafter governed, the purchase orders and supply contracts between Remy and GM.

4. Since the Debtors' chapter 11 cases were filed on June 1, 2009, Remy has made several inquires regarding the Debtors' intentions with respect to the Accommodation Agreement and all purchase orders and supply contracts between Remy and the Debtors (collectively, the "Remy Contracts"). Representatives of the Debtors have indicated, informally, that the Debtors intend to assume and assign the Remy Contracts to the Purchaser at closing under the terms of the proposed Master Sale and Purchase Agreement, dated as of June 1, 2009. And, the Debtors delivered a proposed Trade Agreement to Remy requesting certain modifications to the Remy Contracts.[2]

5. Under the terms of the Procedures Order, the Debtors were required to serve Assumption and Assignment Notices on all non-debtor parties to Assumable Executory Contracts by the Mailing Deadline (June 5, 2009). To date, Remy has not received any Assumption or Assignment Notice with respect to the Remy Contracts, nor has Remy received a login or password to access the Debtors' secure Contract Website. Therefore, Remy has been unable to determine with any certainty (i) whether the Remy Contracts have been designated for assumption by the Debtors and assignment to the Purchaser, or (ii) the Cure Amount that the Debtors contend must be paid as a condition to the assumption and assignment of the Remy Contracts.

---

[2] Remy declined the Debtors' invitation to modify the existing terms of the Remy Contracts by signing the proposed Trade Agreement.

6. Under the Procedures Order, the deadline to file and serve objections to an Assumption and Assignment Notice is ten days after the date of such notice, which could be as early as June 12, 2009, if and Assumption and Assignment Notice was dated June 2, 2009. Therefore, despite its present uncertainty regarding the status of the Remy Contracts, Remy has filed this objection in an abundance of caution to preserve all of its rights and remedies against the Debtors under 11 U.S.C. § 365 and applicable state and federal law with respect to the Remy Contracts.

7. Remy does not object to the Debtors assuming and assigning the Remy Contracts to the existing Purchaser provided that the Remy Contracts are assumed and assigned without modification of any kind, and further provided that, on or before the effective date of such assumption and assignment, the Debtors: (a) cure all existing defaults under the Remy Contracts through the effective date of the assumption and assignment, (b) compensate Remy for its actual pecuniary loss resulting from such defaults, including Remy's attorneys' fees and costs incurred herein, and (c) provide Remy with adequate assurance of future performance by the Purchaser under the Remy Contracts. *See* 11 U.S.C. § 365(b)(1); *In re Stoltz*, 315 F.3d 80 (2nd Cir. 2002) (Debtor must cure both prepetition and postpetition defaults under executory contracts).

8. As of June 1, 2009, the Debtors owed Remy Inc. $1,095,849.12 for component parts supplied to the Debtors; and, the Debtors owed Remy Power Products, LLC $339,944.43 for service parts supplied to the Debtors.

9. Despite the Debtors' defaults, Remy has continued to honor the Remy Contracts and ship parts to the Debtors postpetition. To the extent that Remy is not paid

for postpetition goods and services in the ordinary course of business, any proposed cure by the Debtors must include any postpetition amounts owed to Remy.

10. Remy also has incurred, and continues to incur, attorneys' fees, costs, and other expenses as a result of the Debtors' defaults under the Remy Contracts.

11. Remy reserves all of its rights and remedies against the Debtors with respect to defaults under the Remy Contracts.

WHEREFORE, Remy respectfully requests that the Court deny any request by the Debtors to assume and assign the Remy Contracts to the extent (i) the Debtors or Purchaser seek to modify any terms or conditions of the Remy Contracts without the prior express written consent of Remy, or (ii) the Debtors fail to satisfy all of the requirements of 11 U.S.C. § 365(b) and (f). Remy reserves the right to submit additional evidence and authorities in support of this objection, and reserves the right to file an additional objection within the time allowed by the Procedures Order after being properly served with an Assumption and Assignment Notice (including a proper login and password for the Debtors' secure Contract Website).

Dated: June 12, 2009.

                        Respectfully Submitted:

                        GREENBERG TRAURIG, LLP

                        By: _____
                              Todd A. Burgess

                        Attorneys for Remy International, Inc.,
                        Remy Inc., and Remy Power Products, LLC