GREENBERG TRAURIG, LLP
Todd A. Burgess, AZ Bar No. 019013
2375 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 445-8563
burgesst@gtlaw.com
Counsel for Remy International, Inc., Remy Inc., and Remy Power Products, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.*, | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF JAMES A. STEEL IN SUPPORT OF OBJECTION BY REMY INTERNATIONAL, INC., REMY INC., AND REMY POWER PRODUCTS, LLC TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND CURE COSTS RELATED THERETO**

I, JAMES A. STEEL, hereby declare as follows under penalty of perjury under the laws of the United States of America:

1.      I am an adult person over twenty-one (21) years of age and a resident of the State of Indiana.

2.      I am the Vice President and Treasurer of Remy International, Inc. ("Remy") located at 600 Corporation Drive, Pendleton, Indiana.

3.      I make this Declaration in support of the *Objection By Remy International, Inc., Remy Inc., And Remy Power Products, LLC To Assumption And Assignment Of Executory Contracts And Cure Costs Related Thereto* filed by Remy International, Inc., Remy Inc., and Remy Power Products, LLC.

4.      My testimony in this Declaration is based on my personal knowledge and my review of Remy's business records. Remy's business records are maintained in the ordinary course of business by individuals with actual knowledge of the facts contained in the records, or by individuals with information transmitted by a person with actual knowledge of the facts contained in the records. Remy's business records are made at or near the time of the acts, events, conditions, opinions, or other facts described in the business records.

5.      Remy Inc. is a subsidiary of Remy that, among other things, manufactures and supplies General Motors Corporation, *et al.* (the "Debtors"), debtors and debtors-in-possession in the above-captioned Chapter 11 cases, with their requirements of certain production component parts used in the manufacture of the Debtors' vehicles pursuant to certain executory purchase orders and supply contracts with the Debtors.

6.      Remy Power Products, LLC f/k/a Unit Parts Company is a subsidiary of Remy that, among other things, manufactures and supplies the Debtors with their requirements of certain service parts under the terms of certain executory purchase orders and supply contracts with the Debtors.

7.      On or about July 30, 2007, Remy Inc., on behalf of itself and its affiliates and subsidiaries, and General Motors Corporation, on behalf of itself and its subsidiaries and affiliates, entered into an "Accommodation Agreement," which modified, and thereafter governed, the purchase orders and supply contracts between Remy and GM.

8.      It is my understanding that the Debtors have expressed their intention to assume and assign the Accommodation Agreement and all purchase orders and supply

contracts between Remy and the Debtors (together, the "Remy Contracts") to the

Purchaser at closing under the terms of the proposed Master Sale and Purchase

Agreement, dated as of June 1, 2009. However, to my knowledge, Remy has not yet

received a formal Assumption and Assignment Notice from the Debtors.

9.      Remy has no objection to the Debtors' assumption and assignment of the

Remy Contracts provided that the Remy Contracts are assumed and assigned without

modification of any kind, and further provided that, on or before the effective date of

such assumption and assignment, the Debtors: (a) cure all existing defaults under the

Remy Contracts, (b) compensate Remy for its actual pecuniary loss resulting from such

defaults, including Remy's attorneys' fees and costs incurred herein, and (c) provide

Remy with adequate assurance of future performance by the Purchaser under the Remy

Contracts.

10.     Based on my review of the books and records of Remy Inc., as of June 1,

2009, the Debtors owed Remy Inc. $1,095,849.12 for component parts supplied to the

Debtors.

11.     Based on my review of the books and records of Remy Power Products,

LLC, as of June 1, 2009, the Debtors owed Remy Power Products, LLC $339,944.43 for

service parts supplied to the Debtors.

12.     Remy has incurred, and continues to incur, attorneys' fees, costs, and

other expenses as a result of the Debtors' defaults under the Remy Contracts.

///

///

///

If called to testify in this matter, I can and will testify competently to the facts stated in this Declaration.

Dated:_____June 11_____, 2009.

_____
James A. Steel
Vice President and Treasurer
Remy International, Inc.

PHX 328,810,893v16-11-09