Shawn R. Fox
McGUIREWOODS LLP
1345 Avenue of the Americas
New York, New York 10105
(212) 548-2100

*Counsel for Affinion Loyalty Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| GENERAL MOTORS CORP., *et al*. | : | 09-50026 (REG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | Related Docket Nos. 92 and 274 |

------------------------------------------------------x

**OBJECTION OF AFFINION LOYALTY GROUP, INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Affinion Loyalty Group, Inc. ("Affinion"), by and through its undersigned counsel, hereby asserts its Objection and Reservation of Rights to Notice of (I) Debtors' Intent to Assume and Assign certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property And (II) Cure Amounts Related Thereto (a "Cure Notice"),[1] and respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings given them in the Cure Notice found as Exhibit D to the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and FED. R. BANKR. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice [Docket No. 274].

**Background**

1.  On June 1, 2009 (the "Petition Date"), the above captioned debtors (the "Debtors") filed their Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and FED. R. BANKR. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Motion").

2.  An order approving the Motion was entered by this Court on June 2, 2009 [Docket No. 274] (the "Order"). The Order approved certain procedures for the assumption and assignment of executory contracts and unexpired leases (the "Contract Procedures").

3.  The Debtors have provided notice to certain contract counterparties of the Debtors' intent to assume and assign such counterparties' contracts along with a proposed cure amount for each such contract.

4.  Both prior to and after the Petition Date, Affinion provided business process outsourced services to the Debtors pursuant to the terms of that certain Dealer Reimbursed Marketing Programs Service Contract, dated January 1, 2005, between Affinion and General Motors Corporation (the "Affinion Contract").[2]

---

[2] Nothing in this Objection should be viewed as an admission that the Affinion Contract is an executory contract. Affinion reserves all rights to assert that the Affinion Contract is not an executory contract and therefore cannot be assumed and assigned by the Debtors.

2

5. On June 10, 2009, Affinion received three Cure Notices, each dated June 5, 2009 (the "Affinion Cure Notices").[3] However, the only contract between the Debtors and Affinion is the Affinion Contract.

6. Each of these Cure Notices provided usernames and passwords to the website "http://www.contractnotices.com" (the "Website"), which the Debtors created in order to provide contract counterparties with access to the amount that the Debtors assert must be paid to cure all monetary defaults under any contract they seek to assume and assign.

7. The Debtors appear to be seeking to assume and assign the Affinion Contract pursuant to a Cure Notice to Vehicle Acquisition Holdings LLC ("Vehicle Acquisition Holdings") pursuant to section 365 of the Bankruptcy Code.

8. The Website states that the amount that is required to be paid to Affinion to cure all monetary defaults under the Affinion Contract is $1,017,095.50 (the "Proposed Cure Amount").[4] That amount reflects only the amounts due on account of services provided under the Affinion Contract during the month of April 2009. The amounts due for April 2009 are enumerated in the invoice dated April 27, 2009 (the "April Invoice") attached hereto as Exhibit A.

9. Affinion issued its invoice for services provided under the Affinion Contract for May 2009 on May 22, 2009 (the "May Invoice" and, together with the April Invoice, the "Invoices"). The May Invoice reflects an amount due from the Debtors of $1,021,131.50.

---

[3] Affinion received three Cure Notices on June 10, 2009 at its address in Richmond, Virginia. Two of these Cure Notices listed the recipient as Trilegiant Loyalty Solutions, Inc. (the predecessor to Affinion) (the "Trilegiant Cure Notices") and one listed Apollo Management LP (the "Apollo Cure Notice") as the recipient. Apollo Management LP is a large equity stake holder in Affinion. Though addressed to Apollo, the data received from the Website (as defined below) included the Affinion Contract for assumption and assignment and listed Affinion as the proper counterparty to the Affinion Contract. The Trilegiant Cure Notices each listed a "service agreement" for assumption and assignment but no amount due to be cured. There are no service agreements other than the Affinion Contract.

[4] This objection should be deemed an objection to each of the Cure Notices.

3

The May Invoice has not yet been paid and is not included on the Website as part of the Proposed Cure Amount. A copy of the May Invoice is attached hereto as <u>Exhibit B</u>.

## Relief Requested

10. Affinion files this objection to the assumption and assignment of the Affinion Contract because the Proposed Cure Amount is less than what is due Affinion as reflected on Affinion's books and records. Therefore, Affinion objects to the Proposed Cure Amount.

11. Prepetition, Affinion provided services to the Debtors pursuant to the Affinion Contract. According to Affinion's books and records, approximately $2,038,227.00 (the "Prepetition Charges")—which represents the sum of the amounts due under the Invoices—is due and owing to Affinion under the Affinion Contract for the prepetition services provided by Affinion to the Debtors.

12. In addition to the Prepetition Charges, the Debtors are also indebted to Affinion for services provided by Affinion under the Affinion Contract postpetition. As Affinion continues to provide service under the Affinion Contract on a postpetition basis, postpetition charges continue to accrue. Any outstanding postpetition charges that are due and owing as of the effective date of the date the Debtors seek to assume the Affinion Contract are referred to herein as the "Postpetition Charges". The Postpetition Charges and the Prepetition Charges are collectively referred to herein as the "Affinion Charges".

13. The failure to pay the Affinion Charges is a monetary default which must be cured under section 365(b)(1)(A) of the Bankruptcy Code if the Debtors assume the Affinion Contract. Affinion objects to any attempted assumption and subsequent assignment of the Affinion Contract without the prompt payment of all of the Affinion Charges. All amounts due and owing under the Affinion Contract on the effective date of

4

assumption must be paid prior to, or on the effective date of, the assumption and assignment of the Affinion Contract. To the extent the Debtors or Vehicle Acquisition Holdings fail to pay the Affinion Charges, Affinion objects to the assumption and assignment of the Affinion Contract for failure to comply with section 365(b)(1)(A) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Affinion Loyalty Group, Inc., by counsel, objects to the assumption and assignment of the Affinion Contract to the extent the Debtors seek to assume and assign the Affinion Contract without paying the Affinion Charges.

Dated: June 12, 2009  
      New York, NY

Respectfully submitted,

S/ Shawn R. Fox  
Shawn R. Fox  
McGUIREWOODS LLP  
1345 Avenue of the Americas, 7th Floor  
New York, New York 10105  
(212) 548-2100

*Counsel for Affinion Loyalty Group, Inc.*