CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF GAIL & RICE INC. TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) CURE
AMOUNTS RELATED THERETO**

Gail & Rice Inc. ("**Gail & Rice**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served Gail & Rice with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between Gail & Rice and the Debtors.

5902109.4 23178/096739

2. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) *(internal citations omitted)*.

3. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and assert $3,652,847.62 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009.

4. Gail & Rice does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

5. Gail & Rice does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5902109.4 23178/096739

6. Specifically, with respect to the identified Assumable Executory Contracts, there is a prepetition balance owed to Gail & Rice in an amount that is not less than $3,943,975.36. A discrepancy of $291,127.74 exists between the asserted Cure Amount and the actual amounts owed to Gail & Rice (the "**Cure Discrepancy**"). A spreadsheet identifying the invoices and amounts due thereon which comprise the Cure Discrepancy is attached as *Exhibit A* hereto.

7. Gail & Rice also objects to the Cure Notice insofar as any postpetition performance by Gail & Rice of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

8. Notwithstanding the foregoing, Gail & Rice further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

9. Gail & Rice further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with Gail & Rice that may or will be assumed and assigned but which have not been included in the Cure Notice.

10. Gail & Rice reserves the right to amend or supplement this Objection as additional facts are learned.

5902109.4 23178/096739

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (Mich. Bar. No. P48627)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8572
rgordon@clarkhill.com

Counsel to Gail & Rice Inc.

-4-

5902109.4 23178/096739

# EXHIBIT A

| Invoices missing from "Cure List" | | Current Cure Amount | $3,652,847.62 | | | | |
|---|---|---|---|---|---|---|---|
| | | Co# | | Amount | Inv # | Job # | Date Invoice |
| GM Shared Fin'l Svcs | | GEN144 | Geff Phillips | 61.89 | 50904 | 128987 | 5/27/2009 |
| GM Corp | | GEN209 | John Trouba | 40,294.04 | 50925 | 128189 | 5/29/2009 |
| Corp Staffing | | GEN212 | Kristy Fisher | 8,180.00 | 49825 | 128291 | 1/29/2009 |
| Corp Staffing | | GEN212 | Kristy Fisher | 3,072.00 | 49861 | 128315 | 2/5/2009 |
| Corp Staffing | | GEN212 | Kristy Fisher | 8,720.00 | 49862 | 128292 | 2/5/2009 |
| Hummer | | GEN218 | Marci R | 12,224.38 | 50935 | 128274 | 6/1/2009 |
| Saab | | GEN220 | Marci R | 13,639.39 | 50936 | 128270 | 6/1/2009 |
| GMC Marketing | | GMC040 | John Trouba | 4,831.89 | 45399 | 123991 | 10/19/2004 |
| GM FSS ABP | | GMF005 | John Trouba | 28,537.20 | 50875 | 122895 | 5/19/2009 |
| GM FSS ABP | | GMF005 | John Trouba | 30,715.49 | 50923 | 122895 | 5/28/2009 |
| Olimpic Receipting | | OLI003 | Tracy Munoz | 820.00 | 49921 | 128285 | 2/12/2009 |
| Olimpic Receipting | | OLI003 | Tracy Munoz | 38,844.17 | 50927 | 128805 | 5/29/2009 |
| Olimpic Receipting | | OLI003 | Tracy Munoz | 1,008.00 | 50928 | 128810 | 5/29/2009 |
| GM FSS ABP | | GEN207 | Kristy Fisher | 13,121.83 | 50973 | 127306 | 5/1/2009 |
| GM FSS ABP | | GEN207 | Kristy Fisher | 6,144.68 | 50968 | 127013 | 5/25/2009 |
| GM FSS ABP | | GMF005 | John Trouba | 20,679.00 | 50983 | 122895 | 5/15/2009 |
| GM FSS ABP | | GMF003 | Product Group | 12,789.50 | 50982 | 128016 | 2/17/2009 |
| GM FSS ABP | | GMF003 | Product Group | 14,820.52 | 50981 | 128179 | 1/16/2009 |
| GM FSS ABP | | GEN207 | Kristy Fisher | 13,158.23 | 50980 | 127306 | 5/1/2009 |
| GM FSS ABP | | GMF003 | Product Group | 6,232.50 | 50979 | 127600 | 8/11/2008 |
| GM Shared Fin'l Svcs | | GEN144 | Geff Phillips | 329.26 | 50970 | 126452 | 5/12/2009 |
| GM FSS ABP | | GMF005 | John Trouba | 12,903.77 | 50990 | 122895 | 5/29/2009 |
| | | | | 291,127.74 | | | |
| | | | | $3,943,975.36 | | | |