Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Marc E. Richards

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                          :
                                               :      Chapter 11 Case No.
GENERAL MOTORS CORP., *et al.*,                :
                                               :      09-50026 (REG)
         Debtors.                              :
                                               :      (Jointly Administered)
---------------------------------------------------------x

**LIMITED OBJECTION OF FUZHOU LIOHO MACHINERY CO., LTD.
TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION,
PURSUANT TO SECTIONS 105, 363, AND 365 AND FED R. BANKR. P. 2002,
6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE
MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE
ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C)
OTHER RELIEF; AND (II) SCHEDULE A SALE APPROVAL HEARING AND
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL
<u>REAL PROPERTY; AND (II) CURE AMOUNTS RELATED THERETO</u>**

FUZHOU LIOHO MACHINERY CO., LTD. ("<u>FUZHOU</u>") submits the following as its limited objection to the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105, 363, and 365 and Fed R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and

124113.01603/6753856v.1

Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule A Sale Approval Hearing (the "Motion) and to the Notice of (I) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property; and (II) Cure Amounts Related Thereto (the "Notice"):

1.  On June 1, 2009, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  On June 1, 2009, the Debtors filed the Motion, which seeks *inter alia*, the entry of an order approving (a) the sale of substantially all of the Debtors' assets pursuant to the Motion and as defined therein; and (b) procedures for the assumption and assignment of certain of its existing supplier agreements.

3.  The Debtors have identified certain contracts and cure amounts related to the contracts, which they intend to assume and assign, and the corresponding cure amount for each (the "Cure Amount").

4.  Among the contracts identified by Debtors was a certain agreement(s) between the Debtors and FUZHOU.

5.  FUZHOU believes the Cure Amount attributed to FUZHOU was understated. FUZHOU believes that, subject to final reconciliation, the proper Cure Amount is at least $368,201.86.

6.  Pursuant to 11 U.S.C. §365(b)(1):

    If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of

a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

7. Under the foregoing facts and circumstances, the Debtors may not assume the contract(s) pertaining to FUZHOU, to the extent the proper Cure Amount is not paid, and to the extent the Debtors have failed to provide FUZHOU adequate assurance of future performance and failed to provide for assumption of all appropriate contract(s).

8. Upon correction of the foregoing deficiencies, FUZHOU has no objection to the relief sought in the Motion.

9. As the legal authority which FUZHOU relies upon is incorporated in this pleading, FUZHOU requests that this Honorable Court waive any requirement that a separate memorandum be submitted.

WHEREFORE, FUZHOU LIOHO MACHINERY CO., LTD. prays that this Honorable Court enter an order denying the Motion, for the reasons set forth in this Limited Objection.

Dated: June 12, 2009
      New York, New York

    BLANK ROME LLP
    */s/ Marc E. Richards*
    Blank Rome LLP
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174
    Telephone: (212) 885-5000
    Facsimile: (212) 885-5002
    Email: mrichards@blankrome.com

    -and-

    Douglas C. Bernstein
    Michael A. Fleming
    Plunkett Cooney
    38505 Woodward Avenue
    Suite 2000
    Bloomfield Hills, MI 48304
    Telephone: (248) 901-4000
    Facsimile: (248) 901-4040
    Email: dbernstein@plunkettcooney.com
    Email: mfleming@plunkettcooney.com

    Co-counsel for FUZHOU LIOHO MACHINERY CO., LTD.

124113.01603/6753856v.1