Anne M. Aaronson (AA1679)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102-2101
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

Anne Marie P. Kelley
Scott J. Freedman
Matthew Azoulay
DILWORTH PAXSON LLP
LibertyView – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1952
Facsimile: (856) 675-1852

*Attorneys for The Dow Chemical Company,*
*Dow Chemical Canada ULC and Essex Specialty Products LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al*.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**LIMITED OBJECTION OF THE DOW CHEMICAL COMPANY, DOW CHEMICAL CANADA ULC AND ESSEX SPECIALTY PRODUCTS LLC TO THE DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND THE CURE COSTS RELATED THERETO**

The Dow Chemical Company ("**TDCC**") (on behalf of itself and its business unit, Dow Automotive), Dow Chemical Canada ULC ("**DCC**") and Essex Specialty Products LLC ("**Essex**" and, collectively with TDCC and DCC, "**Dow**"), by and through their undersigned counsel, hereby file this Limited Objection to the proposed: (i) assumption of certain executory contracts by and among Dow and the above-captioned debtors (the "**Debtors**") and assignment thereof to Vehicle Acquisition Holdings LLC or the ultimate purchaser (the "**Purchaser**") in connection with the sale (the "**Sale**") of substantially all of the Debtors' assets and (ii) associated

194902_2

cure costs.  In support of this Limited Objection, Dow respectfully represents as follows:

1.     On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and a motion [Docket No. 92] seeking the authority to enter into the Sale, to approve the assumption and assignment to the Purchaser of certain executory contracts in connection with the Sale and to establish certain bidding procedures (the "**Bidding Procedures**").

2.     On June 2, 2009, this Court entered an order approving the Bidding Procedures [Docket No. 274] (the "**Bidding Procedures Order**"), which includes procedures under which the Debtors are required to: (a) maintain a global schedule identifying the executory contracts that may be assumed and assigned to the Purchaser and the associated amounts necessary to cure all pre-petition defaults thereunder; (b) establish a secure website (the "**Website**") in which counterparties to executory contracts are to have access to information regarding their respective contracts and cure amounts; and (c) follow certain procedures to resolve any disputes with respect to the proposed assumption and assignment and/or the applicable cure amounts.

3.     In accordance with the Bidding Procedures, the Debtors mailed a notice to TDCC[1] dated June 5, 2009 (the "**Dow Notice**") of their intent to assume and assign certain executory contracts by and among the Debtors and Dow (collectively, the "**Dow Agreements**") and proposed associated cure costs relating thereto (the "**Dow Cure Cost**").

4.     Although it does not object to the *per se* proposed assumption and/or assignment of the Dow Agreements, Dow files this Limited Objection to: (a) clarify certain issues relating to the terms and conditions of the Dow Agreements; (b) request that the Debtors and the Purchaser

---

[1] Despite including blanket purchase orders and contracts with DCC and Essex on the Website, the Debtors' served only TDCC with a notice of their intent to assume and assign certain executory contracts.  In that DCC and Essex are subsidiaries of TDCC, TDCC provided a copy of the Dow Notice to them.

194902_2

2

agree to: (i) meet and confer with Dow in good faith regarding the executory contracts comprising the Dow Agreements, (ii) reconcile and fix the Dow Cure Cost, and (iii) confirm the timing of the payment of the Dow Cure Cost; and (c) reserve its right to seek adequate assurance of future performance with respect to the Dow Agreements.

5. Although it fully expects the issues raised by this Limited Objection to be resolved amicably, Dow files this Limited Objection out of an abundance of caution to preserve all rights related to the proposed assumption and assignment of the Dow Agreements due to the filing deadline.

## **Limited Objections**

**A.    The Dow Agreements**

6. The Website sets forth a series of contracts and blanket purchase orders purportedly between the Debtors and Dow that may be assumed and assigned and proposes the Dow Cure Cost in connection therewith.

7. Although Dow questions whether blanket purchase orders constitute contracts let alone executory contracts capable of being assumed, for purposes of the proposed assumption and assignment of the Dow Agreements in connection with the Sale only, Dow is not challenging the Debtors' classification of blanket purchase orders as executory contracts.[2]

8. Dow objects to the proposed assumption and assignment in that Dow is unable to identify all of the contracts and blanket purchase orders subject to the Sale based on the limited information on the Website.

---

[2] However, Dow is not waiving the right to challenge the Debtors' legal conclusion that blanket purchase orders are contracts or that the Debtors are permitted to assume and assign them in any other aspect of the Debtors' cases or in any case in general.

194902_2

3

**B.      Dow Cure Cost**

9.      As of June 12, 2009 at 2:00 p.m., the Website lists $1,228,770.57 as the Dow Cure Cost.[3] Based on Dow's review of its books and records, it appears that the Dow Cure Cost includes invoices for products shipped to GM Canada. Moreover, there is no indication whether such amount includes pre-petition invoices yet to be entered into the Debtors' accounts payable system.

10.     Dow believes the net aggregate amount due and owing with respect to the pre-petition sale of products to the Debtors and GM Canada under the Dow Agreements (the "**Dow Balance**") may exceed the Dow Cure Cost though it expects to reconcile with the Debtors the difference between the Dow Cure Cost and the Dow Balance.[4]

11.     Dow is prepared to share with the Debtors information about, and invoices supporting, the Dow Balance and to cooperate with the Debtors to reconcile the difference between the Dow Cure Cost and the Dow Balance. Dow requests that counsel for the Debtors promptly contact its undersigned counsel, Anne Marie P. Kelley, to initiate this reconciliation process.

12.     Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, Dow also requests that all amounts due under the Dow Agreements (including any amounts due for goods sold after the Petition Date) are paid in full <u>before</u> Dow is obligated to perform under and comply with the terms of the Dow Agreements. *See e.g.*, *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Martin Paint Stores*, 199 B.R. 258 (Bankr. S.D.N.Y. 1996); *In re Carlisle Homes, Inc.*, 103 B.R. 524

---

[3] The Dow Cure Cost listed on the Website is constantly in flux.

[4] The Dow Balance includes any amounts owed to Dow that are entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code.

194902_2

4

(Bankr. D. N.J. 1988); *In re Bronx-Webster Mack Corp.*, 4 B.R. 730, 734-35 (Bankr. S.D.N.Y. 1980).

**C.     Adequate Assurance of Future Performance**

13.     Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, Dow reserves the right to demand that the Debtors and/or the Purchaser provide adequate assurance of future performance before the Dow Agreements are assumed and assigned. *See e.g.*, *In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005); *In re Embers 86th Street, Inc.*, 184 B.R. 892, 900-901 (Bankr. S.D.N.Y. 1995).

**Memorandum of Law**

14.     Because the legal points and authorities upon which this Limited Objection is based are incorporated herein, Dow respectfully requests that the Court waive any requirement of the filing of a separate memorandum of law.

**Reservation of Rights**

15.     Dow reserves the right to (a) amend, supplement and/or otherwise modify this Limited Objection and (b) raise such other and further objections based on, *inter alia*, any additional information as may be determined by further investigation by Dow or the Debtors into the Dow Agreements, the Dow Cure Cost and the Dow Balance. Further, because the basis for this Limited Objection pertains to the proposed assumption and assignment of the Dow Agreements, and the amount of the Dow Cure Cost as set forth on the Website and in the Dow Notice, Dow reserves the right to file an additional objection to the extent that any supplemental or revised notices are served on Dow and/or if the Website is updated with new information applicable to Dow.

194902_2

16. Further, pending the assumption or rejection of the Dow Agreements, nothing in the Bidding Procedures, the Bidding Procedures Order and/or this Limited Objection shall in any way impact, limit and/or restrict Dow's rights and remedies under the Dow Agreements, the Bankruptcy Code, other applicable law or otherwise.

### Conclusion

WHEREFORE, The Dow Chemical Company, Dow Chemical Canada ULC and Essex Specialty Products LLC respectfully request that this Court grant the relief requested herein and such other or further relief as is just and proper.

Respectfully submitted,

Dated: June 12, 2009

DILWORTH PAXSON LLP

By: /s/ Anne M. Aaronson
  Anne M. Aaronson (AA1679)
  1500 Market Street, Suite 3500E
  Philadelphia, Pennsylvania 19102-2101
  Telephone: (215) 575-7000
  Facsimile: (215) 575-7200

and

 /s/ Anne Marie P. Kelley
Anne Marie P. Kelley
Scott J. Freedman
Matthew Azoulay
LibertyView – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1952
Facsimile: (856) 675-1852

*Attorneys for The Dow Chemical Company,
Dow Chemical Canada ULC and
Essex Specialty Products LLC*

194902_2