UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.*, | |
| | Jointly Administered |
| Debtors | |

## LIMITED OBJECTION OF EMERSON ELECTRIC COMPANY AND ITS AFFILIATES (COLLECTIVELY "EMERSON") TO (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO

Emerson Electric Company and its affiliates, including but not limited to Numatics, Incorporated, Instrument & Valve Services Company, Branson Ultrasonics Corporation, High Voltage Maintenance Corporation, Therm-O-Disc, Incorporated, Emerson Electric (Shenzhen) Co., Ltd., Emerson Appliance Solutions (Shenzhen) Co., Ltd., Controles Electromecanicos de Mexico S.A. de C.V., Sweco Inc., Emerson Process Management, Wiegant Component Technologies and Emerson Motor Technologies (collectively referred to herein as "Emerson"), by its attorneys, hereby submits this limited objection (the "Objection") to the proposed cure amount in connection with the proposed assumption and assignment of the Debtors' executory contracts with Emerson.

## INTRODUCTION

1.     On June 1, 2009 (the "Petition Date"), General Motors Corporation and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.        On June 2, 2009, this Court entered an Order (the "Bidding Procedures Order") which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3.        Pursuant to the Bidding Procedures Order, the Debtors mailed Notices of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notices").   The Notices indicate that the Debtors intend to assume and assign some or all of the Debtors' contracts with some or all of Emerson (the "Emerson Contracts").

4.        The Notices are dated June 5, 2009, and were received by Emerson on June 10, and June 11, 2009.  Objections are due ten days after the date of the Notice.

5.        On their Contract Website, the Debtors identify 496 Emerson Contracts, and $512,359.23 as the amount which they allege to be owing under the Emerson Contracts (the "Proposed Cure Amount").

6.        In light of the scope and number of Emerson Contracts, and the short period of time the Debtors have given Emerson to review and analyze the Emerson Contracts and the Proposed Cure Amount, Emerson has not yet been able to verify whether the Proposed Cure Amount is accurate.

7.        Moreover, both the Bidding Procedures Order and the Notices of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, <u>not</u> the date the Emerson Contracts would actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Notices).

- 2 -

## THE REQUIREMENTS OF 11 U.S.C. § 365

8.      The Debtors are in default of the Emerson Contracts.  As a result of the Debtors'

default, the Debtors must comply with the provisions of 11 U.S.C. § 365 in order to assume and

assign the Emerson Contracts.  Section 365 states, in pertinent part:

> (b)(1) if there has been a default in an executory contract or
> unexpired lease of the Debtor, the Trustee may not assume such
> contract or lease unless, at the time of assumption of such contract
> or lease, the Trustee –
>
> > (A)      cures, or provides adequate assurance that the
> > Trustee will promptly cure, such default other than a
> > default that is a breach of a provision relating to the
> > satisfaction of any provision (other than a penalty range or
> > penalty provision) relating to a default arising from any
> > failure to perform nonmonetary obligations under an
> > unexpired lease of real property…;
> >
> > (B)      compensates, or provides adequate assurance that
> > the Trustee will promptly compensate, a party other than
> > the Debtor to such contract or lease, for any actual
> > pecuniary loss to such party resulting from such default;
> > and
> >
> > (C)      provides adequate assurance of future performance
> > under such contract or lease.

## OBJECTION

9.      Section 365(b)(1) makes it clear that defaults must be cured as of the time of

assumption.  Such defaults include both prepetition and postpetition defaults.  *See In re Stoltz*,

315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re*

*Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Childcare Ctrs.,*

*Inc.*, 234 B.R. 762 (9th Cir. B.A.P. 1999).  Unless the Debtors pay to Emerson sufficient funds to

cure all existing defaults up to the time of assumption, together with adequate assurance of future

- 3 -

performance under each of the Emerson Contracts, the Emerson Contracts may neither be assumed nor assigned.

10.    Emerson objects to the proposed assumption for the following limited reasons:

(a)    The Proposed Cure Amounts are not correct;

(b)    Certain Emerson Contracts are no longer in effect;

(c)    The Notices improperly define "Cure Amount" and, as such, the Debtors may have not complied with all of the requirements for assumption and assignment of the Emerson Contracts as set forth in 11 U.S.C. §365(b) and (f), including the requirement that all defaults be cured at the time executory contracts are assumed and assigned;

(d)    Emerson has not been provided with adequate assurance of future performance with respect to the Emerson Contracts;

(e)    The assumption and assignment procedures as reflected in the Notices may impair Emerson's rights of setoff, recoupment, or lien rights under any applicable tooling lien laws (which Emerson would otherwise have); and

(f)    The Bidding Procedures Order and the Notices may require Emerson to perform for the Purchaser or the prevailing bidder pursuant to the Emerson Contracts prior to the assumption, assignment, prompt and full cure of any and all defaults thereunder, and provision of adequate assurance of future performance.

11.    Finally, in light of the significant number of subsidiaries, divisions and affiliates of Emerson, Emerson does not yet know whether other Notices may have been mailed by the Debtors.  If other Notices have been mailed with incorrect cure amounts identified therein, or that are subject to the same concerns as are set forth herein, Emerson reserves the right to supplement this limited objection, and to make further objections with respect to any such other and further Notices as it may receive.

WHEREFORE, Emerson respectfully requests that the Court:

(i)    Deny the proposed assumption and assignment of the Emerson Contracts on the terms proposed by the Debtors, and instead determine the appropriate amounts

- 4 -

due to Emerson under the Emerson Contracts pursuant to 11 U.S.C. § 365(b) and the procedures previously approved by the Court;

(ii)     Require that the proposed Sale Order approving the sale motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under and existing as of the time that the Emerson Contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bidding Procedures Order); and

(iii)    Require that the Purchaser provide adequate assurances of future performance while promptly paying the cure amounts as finally agreed or determined, and

- 5 -

(iv)    Grant such other and further relief as is just and appropriate.

Dated June 12, 2009.

**von BRIESEN & ROPER, s.c.**

Randall D. Crocker
Rebecca H. Simoni
411 E. Wisconsin Ave., Suite 700
Milwaukee, WI 53202
Telephone: 414-287-1238
Facsimile: 414-238-6532

- and -

**Herrick, Feinstein LLP**

By:    _/s/ Andrew C. Gold_
        Andrew C. Gold
        2 Park Avenue
        New York, NY 10016
        Telephone: 212-592-1400
        Facsimile: 212-592-1500

Attorneys for Emerson Electric Co. and its
subsidiaries, divisions and affiliates, including
but not limited to Numatics, Incorporated,
Instrument & Valve Services Company,
Branson Ultrasonics Corporation, High Voltage
Maintenance Corporation, Therm-O-Disc,
Incorporated, Emerson Electric (Shenzhen) Co.,
Ltd., Emerson Appliance Solutions (Shenzhen)
Co., Ltd., Controles Electromecanicos de
Mexico S.A. de C.V., Sweco Inc., Emerson
Process Management, Wiegant Component
Technologies and Emerson Motor Technologies

- 6 -