ALSTON & BIRD LLP
Dennis J. Connolly
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

90 Park Avenue
New York, New York 10016
(212) 210-9400

*Counsel for Autoliv ASP, Inc., et. al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                     :    Chapter 11
                                          :
GENERAL MOTORS CORP., *et al.*,           :    Case No. 09-50026 (REG)
                                          :    (Jointly Administered)
                          Debtors.        :
-------------------------------------------------------------x

**OBJECTION OF AUTOLIV ASP, INC. TO THE PROPOSED CURE AMOUNT
SET FORTH IN THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Autoliv ASP, Inc. ("Autoliv"), by and through its undersigned counsel, Alston & Bird LLP, hereby files this objection (the "Contract Objection") to the proposed Cure Amounts (as defined below) set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"). Autoliv asserts this Contract Objection to the Assumption and Assignment Notice because it does not accurately state the Cure Amount due to Autoliv. In further support of its Contract Objection, Autoliv respectfully states as follows:

**Background**

1.     On June 1, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.     General Motors Corporation and its debtor subsidiaries are parties to a proposed Master Sale and Purchase Agreement, dated June 1, 2009, with Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury"), which contemplates the sale of substantially all of the Debtors' assets to the Purchaser.

3.     On June 1, 2009, the Debtors filed a motion with the Bankruptcy Court (Docket No. 92) (the "Sale Motion") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances and interests (the "363 Transaction"); (b) approval of procedures to govern the sale process and provide for the submission of competing bids (the "Sale Procedures"); (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the 363 Transaction; and (d) scheduling a final hearing with the Bankruptcy Court for approval of the 363 Transaction.

4.     The Bankruptcy Court entered an order on June 2, 2009 (the "Sale Order") approving procedures (the "Assumption and Assignment Procedures") establishing a process for (a) the assumption of the Assumable Executory Contracts (as defined below) by the Debtors and the assignment of these agreements to the Purchaser, (b) the determination of the amounts necessary to cure defaults under the Assumable Executory

Contracts (the "Cure Amounts") and (c) the resolution of other disputes in connection with the assumption and assignment of the Assumable Executory Contracts (Docket No. 274).

5. Pursuant to the Assumption and Assignment Procedures, the Debtors filed a designation of the contracts (the "Assumption and Assignment Notice") with non-debtor counterparties to executory contracts or unexpired leases with any of the Debtors that the Debtors may assume and assign to the Purchaser (the "Assumable Executory Contracts").

6. Autoliv is a non-debtor counterparty to certain Assumable Executory Contracts proposed to be assumed and assigned, and the Assumption and Assignment Schedule provides that the Cure Amount owing to Autoliv pursuant to the Assumable Executory Contracts is $4,331,972.00.

7. According to Autoliv's records, the Debtors are required to pay approximately $14,134,105.00 to cure prepetition defaults under the Assumable Executory Contracts. Autoliv notes that it has been negotiating with the Debtors the terms of the Trade Agreement in respect of Autoliv's status as an essential supplier. Autoliv and the Debtors have come to terms as to the amount to be paid as an essential supplier and recognize that, to a certain extent, those payments will be treated as part of the Cure Amount under the terms of the Assumption and Assignment Procedures. However, the proposed Cure Amount, when taken together with the payments made under the Trade Agreement, do not fully and finally compensate Autoliv and cure all defaults under the applicable agreements and, as a result, the Debtors have failed to show that the proposed Cure comports with Section 365(b) of the Bankruptcy Code.

**Contract Objection**

8. Pursuant to 11 U.S.C. § 365(b)(1), the Autoliv Assumable Executory Contracts cannot be assumed by the Debtors and assigned to the Purchaser unless the Debtors cure all defaults under the Assumable Executory Contracts. To assume an executory contract, a debtor must satisfy the "statutory conditions designed to make the non-debtor contracting party whole," one such condition being curing any defaults under such executory contract prior to assumption. In re Wireless Data, Inc., 547 F.3d 484, 489 (2nd Cir. 2008). Thus, whether a debtor may assume a contract "depends on the debtor's ability to cure (or provide adequate assurance that it will promptly cure) all pre-petition defaults arising under that contract." Id. at 494. The proposed Cure Amount asserted by the Debtors in the Assumption and Assignment Notice is significantly less than the amount required to cure defaults existing as of the Petition Date under the Assumable Executory Contracts (the "Cure Objection").

9. Moreover, the Assumable Executory Contracts cannot be assumed by the Debtors and assigned to the Purchaser unless the Debtors provide adequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C). Debtors should confirm that any postpetition amounts owing under the Assumable Executory Contracts will continue to be timely paid by Debtors and/or the Purchaser or another bidder.

**Reservation of Rights**

10. Autoliv hereby reserves all of its rights and available remedies under applicable law, including without limitation, its right to amend this Contract Objection to include any additional facts as may be determined by further investigation of the Assumable Executory Contracts. Further, although addressed by the terms of the Trade

Agreement, in the absence of full and complete Cure of all obligations (prepetition and postpetition) arising under all applicable agreements between Autoliv and the Debtors, Autoliv reserves any and all rights to assert any claim in the Bankruptcy Cases of the Debtors including any claim under Sections 503(b)(9) and 546 of the Bankruptcy Code and applicable state law.

### Relief Requested

11.  Autoliv requests that the Court condition the assumption and assignment of the Assumable Executory Contracts upon payment of the full amounts owed by Debtors under the Assumable Executory Contract and confirmation by Debtors that any postpetition amounts owing under the Assumable Executory Contracts will be timely paid by Debtors and/or the Purchaser or another bidder.

Dated:  Atlanta, Georgia
         June 12, 2009

                                    Respectfully submitted,

                                    ALSTON & BIRD LLP

                                    /s/ Dennis J. Connolly
                                    Dennis J. Connolly
                                    One Atlantic Center
                                    1201 West Peachtree Street
                                    Atlanta, Georgia 30309-3424
                                    Telephone:  (404) 881-7000
                                    Facsimile:  (404) 881-7777
                                    *Counsel for Autoliv ASP, Inc., et. al.*

ALSTON & BIRD LLP
Dennis J. Connolly
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

90 Park Avenue
New York, New York 10016
(212) 210-9400

*Counsel for Autoliv ASP, Inc., et. al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused to be served true and correct copies of the "**Objection of Autoliv ASP, Inc. to the Proposed Cure Amount Set Forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto**" by depositing said copies in the United States mail, with adequate first class postage affixed thereon, properly addressed to the parties on the service list attached hereto as Exhibit "A."

      This 12th day of June 2009.

ALSTON & BIRD LLP

/s/ Dennis J. Connolly
Dennis J. Connolly
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
*Counsel for Autoliv ASP, Inc., et. al.*

## EXHIBIT A

### GENERAL MOTORS CORPORATION
**Special Service List**

| | |
|---|---|
| Warren Command Center<br>General Motors Corporation<br>30009 Van Dyke Avenue<br>Mailcode 480-206-114<br>Warren, Michigan 48090-9025 | Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 |
| Matthew Feldman, Esq.<br>U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220 | John J. Rapisardi, Esq.<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281 |
| Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Vedder Price, P.C.<br>1633 Broadway<br>47th Floor<br>New York, New York 10019 | Diana G. Adams, Esq.<br>Office of the United States Trustee<br>  for the Southern District of New York<br>33 Whitehall Street<br>21st Floor<br>New York, New York 10004 |
| Thomas Mayer, Esq.<br>Kramer, Levin, Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY  10036 | |