**CROSS & SIMON, LLC**
Amy E. Evans, Esq.
913 North Market Street, 11th Floor
Wilmington, DE 19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
aevans@crosslaw.com

and

**MASUDA, FUNAI, EIFERT & MITCHELL, LTD.**
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467
rkrammer@masudafunai.com

*Attorneys for MBL (USA) Corp., MBL (USA) Corporation and Mitsuboshi Belting Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS CORPORATION, et al., | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF MBL (USA) CORP., MBL (USA) CORPORATION AND MITSUBOSHI BELTING LTD. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

MBL (USA) Corp., MBL (USA) Corporation and Mitsuboshi Belting Ltd. (the "MBL Group"), by and through their undersigned counsel, objects on a limited basis to Notice of (I)

Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto (the "Cure Notice"). In support of their limited objection, MBL Group state as follows:

1.  On June 1, 2009, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") filed its *Debtor's Motion Pursuant to 11 U.S.C. Sections 105, 363(b), (f), (k), and (m), and 365, and Fed. R. Bankr. P.2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executors Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* [Docket No. 92] (the "Sale Motion").

2.  On June 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [Docket No. 274], which set out certain procedures pursuant to which Debtors were required to give notice of executory contracts and unexpired leases that the Debtors would seek to assume and assign, and amounts that the Debtors believe are required to "cure" defaults under those contracts and leases (the "Cure Procedures").

3.  It appears that, on or about June 5, 2009, the Debtors may have issued a Cure Notice to one or more of the entities constituting the MBL Group. The Debtor's dedicated website provides for a cure payment of $8,994.00 (the "GM Proposed Cure Amount") relative to

2

the Debtors' assumption and assignment of all contracts between the Debtors and one or more of the members of the MBL Group (the "Assigned Contracts"). According to the books and records of the MBL Group, the actual cure amount required to be paid pursuant to Section 365(b) of the Bankruptcy Code is approximately $111,808.29, as further provided herein (the "Actual Cure Amount").

4.   The Debtors and MBL Group are parties to numerous contracts and purchase orders pursuant to which MBL Group provides goods and/or services to the Debtors.

### THE DEBTORS OWE A CURE AMOUNT IN EXCESS OF THE GM PROPOSED CURE AMOUNT

5.   11 U.S.C. §365(b)(1) of the Bankruptcy Code provides that,

> if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption ... the trustee (A) cures ... such default.

6.   MBL Group is presently reconciling the amounts due pursuant to the Assigned Contracts and based upon its present estimation believes that the amount Debtors owe MBL Group under the Assigned Contracts is $111,808.29, subject to final reconciliation by MBL Group. In order for the Debtors to assume the Assigned Contracts, they must make timely cure to MBL Group. 11 U.S.C. §365. If they fail to propose timely cure of the Actual Cure Amount, they cannot assume the contracts. Id.

7.   Additionally, Debtors should confirm that any post-petition amounts owing under the Assigned Contracts will be paid timely.

3

## THE DEBTORS MUST PROVIDE ADEQUATE
## ASSURANCE OF FUTURE PERFORMANCE

8. Section 365(f)(2) prohibits a Debtor from assuming and assigning an assigned contract unless a Debtor provides adequate assurance of future performance of the assigned contract by the assignee.

9. 11 U.S.C. §365(f)(2) provides as follows:

> (2) The Trustee may assign an executory contract or unexpired lease of the Debtor only if:
>
> (A) The Trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) Adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

10. The Debtors have not provided MBL Group with the adequate assurance required under 11 U.S.C. §365(f)(2)(B). The Debtors have not demonstrated that the potential assignee will be able to timely pay or otherwise perform under the Assigned Contracts.

11. MBL Group has concerns regarding the potential assignee's ability to perform the Assigned Contracts, financially and otherwise. MBL Group is also concerned that the assignee may attempt to unilaterally modify the terms and conditions of the Assigned Contracts without MBL Group's consent. It is well recognized that executory contracts and leases may not be modified, nor material provisions deleted, in order to allow assignment. *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299 (Bankr. S.D.N.Y. 1983).

4

12. It is not clear from the Sale Motion and related Cure Notice what, if any, modifications to the terms and conditions of the Assigned Contracts are being sought by the Debtors and/or assignee. MBL Group requests that any Order that the Bankruptcy Court enters concerning the assumption and assignment of the Assigned Contracts explicitly prohibit the modification of terms and conditions.

13. While MBL Group does not object to the Debtors' sale of its assets, MBL Group does object to (i) Debtors' failure to timely cure the Actual Cure Amount and any other defaults under the Assigned Contracts, (ii) any failure to provide adequate assurances of future performance, and (iii) any attempt to alter or modify the terms and conditions of the Assigned Contracts without MBL Group's consent.

**WHEREFORE**, MBL Group requests that the Bankruptcy Court sustain the objections and enter an order requiring Debtors to (i) pay the Actual Cure Amount and cure any and all defaults under the Assigned Contracts; (ii) provide adequate assurances of the assignee's future performance under the Assigned Contracts; and (iii) enter an order explicitly prohibiting the modification of the terms and conditions of the Assigned Contracts.

Dated: June 12, 2009
      Wilmington, Delaware

CROSS & SIMON, LLC

By: _____
Amy Evans (DE Bar No. 3829)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (Facsimile)
aevans@crosslaw.com

-and-

MASUDA, FUNAI, EIFERT
& MITCHELL, LTD.
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, IL 60601-1262
Tel: (312) 245-7500
Fax: (312) 245-7500
rkrammer@masudafunai.com

*Attorneys for MBL (USA) Corp., MBL (USA) Corporation and Mitsuboshi Belting Ltd.*

N:\SYS08\2100\Lit\0334 Limited Objection of Assume Executory Contracts (MBL Group).doc

6