Streusand & Landon, L.L.P.
515 Congress Street, Suite 2523
Austin, TX 78701
Telephone: (512)236-9901
Sabrina L. Streusand, Esq.

-AND-

Hodgson Russ LLP
60 East 42nd Street, 37th Floor
New York, New York 10165-0150
Telephone: (212) 661-3535
Stephen H. Gross, Esq.

Co-Counsel for Dell Financial Services L.L.C.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                              Case No., 09-50026 (REG)

**GENERAL MOTORS CORPORATION ,**         Chapter 11

                    Debtors.                (Jointly Administered)

### DELL FINANCIAL SERVICES L.L.C.'S  LIMITED OBJECTION TO NOTICE OF (1) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Dell Financial Services L.L.C. ("DFS") hereby submits this Limited Objection to Notice of (1) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Limited Objection"):

**Relief Requested**

1.      DFS requests that it be provided with the Debtors' proposed cure amount for DFS's master equipment leases and related lease schedules (collectively, the

"Leases") with the Debtors and that DFS's rights to object to that cure amount and the assumption of its equipment leases be preserved until it has adequate time to review the information.

**Basis for Relief Requested**

2.   DFS is a party to a number of Master Lease Agreements and related lease schedules.

3.   DFS, under these Leases, provides computers, laptops, servers, monitors, and other computer equipment to the Debtors.

4.   DFS confirmed through General Motor's Call Service Center that a Notice of (I) the Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice") was sent to the following address:

Dell Financial Services
One Dell Way
Round Rock, Texas 78682

5.   It was not until June 12, 2009 that DFS received the Notice and the login and password to view the Leases proposed to be assumed and the proposed cure amounts. However, on the Contract Website, the Debtors identify the DFS Leases to be assumed but do not state a cure amount that the Debtors believe is sufficient to cure all defaults. In fact, no cure amount whatsoever is provided. Therefore, to this day, DFS has not been provided with the amount of the proposed cure with respect to the DFS Leases to be assumed.

6.   Significantly, under the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of

Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009 (the "Bidding Procedures Order"), objections to cure amount must be filed within ten (10) days of the date of the Notice or the party will be deemed to have accepted the Debtors' proposed cure amount. Debtors' failure to set forth a proposed cure amount deprives DFS of an opportunity to make a complete, accurate assessment of the proposed assumption and cure issues by the objection deadline.

7.    Moreover, in the Bidding Procedures Order, only such amounts that were in default as of the Petition Date, *not* the amounts for the date the contracts will actually be cured by the Debtors, contrary to the provisions of 11 U.S.C. § 365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
>     (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property . . .:
>
>     (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>     (C) provides adequate assurance of future performance under such contract or lease."

8. Bankruptcy Code Section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz,* 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). Unless DFS receives payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under the Leases, the Leases may neither be assumed nor assigned.

9. This Limited Objection is filed to preserve the rights of DFS with respect to the amount of the proposed cure and the date through which the cure amount will be calculated*, i.e.* the date of the Petition or the date of the actual assumption of the Leases.

10. Though DFS does not object to the assumption and assignment of its Leases with the Debtors, DFS objects to the proposed cure amount because no amount has been given by Debtors, and as such, DFS has no ability to assess the proposed cure and object to the amount of the proposed cure to the extent necessary. Moreover, DFS objects to the extent Debtors' proposed cure does not cover all defaults through the date the Leases are assumed to include both pre and post-petition defaults.

11. DFS reserves all rights to amend and/or supplement this objection.

WHEREFORE, Dell Financial Services L.L.C. respectfully requests that the Court enter an order (a) directing the Debtors to provide DFS with the Debtors' proposed cure amounts for the DFS agreements to be assumed and (b) provide that DFS's right to object to that cure amount is preserved until DFS has adequate time to review Debtors' proposed cure amount and respond.

June 12, 2009
New York, NY

          By:     /s/ Stephen H. Gross
                Stephen H. Gross, Esq.
                **Hodgson Russ LLP**
                60 East 42nd Street, 37th Floor
                New York, New York 10165-0150
                Telephone: (212) 661-3535
                Facsimile: (212) 972-1677
                sgross@hodgsonruss.com
                bass@hodgsonruss.com

                -and-

                **Streusand & Landon LLP**
                515 Congress Avenue, Suite 2523
                Austin, TX 78701
                Telephone: (512)236-9901
                Facsimile: (512) 236-9905
                Sabrina L. Streusand, Esq.
                streusand@streusandlandon.com

                Co-counsel for Dell Financial
                Services L.L.C.