Objection Deadline: June 15, 2009

William J. Brown, Esq.
Allan L. Hill, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York 10022
Tel. 212-759-4888
Fax. 212-308-9079
Attorneys for E.I. du Pont de Nemours and Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――

In re                                                                Chapter 11

General Motors Corp., et al.,                         Case No. 09-50026 (REG)
                                                                        (Jointly Administered)
                            Debtors.

―――――――――――――――――――――

**LIMITED OBJECTION OF E.I. DU PONT DE NEMOURS AND COMPANY TO
CERTAIN NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
OF PERSONAL PROPERTY AND UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

E.I. du Pont de Nemours and Company ("DuPont"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to certain Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009 (together, the "Notices"). DuPont objects to the Notices because (i) with respect to many of the contracts between DuPont and the Debtors referenced therein (the "DuPont Contracts"), the Notices do not contain adequate information to identify the relevant contract, no less

determine whether the Cure Amount[1] due to DuPont is correct and (ii) with respect to certain other executory contracts between DuPont and the Debtors, DuPont cannot yet confirm whether the Cure Amount set forth in the Notices is correct. In further support of its Objection, DuPont respectfully states as follows:

**Background**

1. On June 1, 2009 ("Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, the Debtors also filed a motion seeking an order approving bidding procedures to sell substantially all of its assets, which included a procedure for the Debtors' assumption and assignment of executory contracts (Docket No. 92) ("Procedures Motion").

3. On June 2, 2009, the Court granted the Procedures Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC ("VAH") or the ultimate purchaser of the Debtors' assets (Docket No. 274) ("Procedures Order"), which provided for sending a notice advising a contract counterparty that it is party to an Assumable Executory Contract and the Cure Amount related thereto.

4. DuPont and the Debtors are parties to a certain Trade Agreement dated June 1, 2009 (the "Essential Supplier Agreement"), whereby DuPont agreed to terms under this Court's order entered June 1, 2009 authorizing the Debtors to pay the prepetition claims of certain suppliers (the "Essential Supplier Order"). Pursuant to the terms of the Essential Supplier Agreement, DuPont consents to the assumption and assignment of any DuPont Contract subject

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Notices.

to the Essential Supplier Agreement and agrees that any dispute over Cure Amounts relating to DuPont Contracts subject to the Essential Supplier Agreement will be resolved through a "Cure Dispute Resolution Process" set forth in the Essential Supplier Order.

5. On June 9, 2009 and June 10, 2009, DuPont received the Notices provided for in the Procedures Order. Pursuant to the Notices, parties have ten days from the date of the Notices to object to the assumption and assignment of any Assumable Executory Contract proposed to be assumed and assigned or to the Cure Amount proposed to be paid with respect thereto.

6. Attached to the Notices are user identification numbers and passwords to be used by DuPont on the designated website ("Web Site") to view which contract has been designated an Assumable Executory Contract by the Debtors and the Cure Amount with respect to such contract.

7. Pursuant to the Web Site, five of the Notices set forth generic descriptions of the purported Assumable Executory Contracts such as "License Agreement" or "Agreement" with no other information (e.g. date, title, ID number) which would allow DuPont to definitively identify such Assumable Executory Contract. A sixth Notice lists 47 separate "contracts", providing proposed Cure Amounts for six, but not for the remainder. Because so many of the contracts in the Cure Notices are inadequately identified, DuPont is unable to yet determine whether any of the Cure Amounts set forth in the Notices are correct.

**Objections**

8. DuPont objects to the Notices on the following grounds:

A. The Dupont Contracts cannot be assumed without concurrent cure of all arrearages under such contract. "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition

of assuming an executory contract." In re Stoltz, 315 F.3d 80, 86 (2nd Cir. 2002). The information supplied to DuPont in the Notices is inadequate to allow DuPont to make a determination as to whether the Debtors are satisfying Section 365(b).

    B. The DuPont Contracts cannot be assumed or assigned without an adequate showing of future performance. 11 U.S.C. § 365(b)(1); In re Luce Industries, Inc., 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform). Although adequate assurance of future performance may have been established in the Procedures Motion and other pleadings filed in this case as it relates to DuPont, the proposed assignee may not yet even be known, much less is its ability to perform established.

    9. DuPont acknowledges that, to the extent any DuPont Contract set forth in the Notices is subject to the Essential Supplier Agreement, the terms of the Essential Supplier Agreement apply with respect to, among other things, DuPont's consent to assumption and assignment of such DuPont Contract or the process for resolution of Cure Amount disputes. However, because many of the Notices do not contain adequate information to allow DuPont to properly determine if each DuPont Contract therein is subject to the Essential Supplier Agreement, DuPont has filed this Objection to preserve all of its rights.

    10. DuPont reserves its right to amend this Objection to include any additional facts as may be determined by its further investigation of the Notice and DuPont Contracts.

    11. Any reply to this Objection should be served upon Phillips Lytle LLP, 437 Madison Avenue, New York, New York 10022, Attn: Allan L. Hill, Esq.

### **Memorandum of Law**

12.     Because the legal points and authorities upon which DuPont relies for purposes of this Objection are incorporated into the Objection, DuPont respectfully requests that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

### **Reservation of Rights**

13.     DuPont reserves the right (a) to amend, supplement, or otherwise modify this Objection; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Amount with respect to the proposed assumption and assignment of any DuPont Contract.

### **Conclusion**

WHEREFORE, DuPont respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Notices to the extent they request relief inconsistent with this Objection, and (b) providing DuPont with such other and further relief as is appropriate.

Dated:  June 12, 2009
        New York, New York

PHILLIPS LYTLE LLP

By     s/ William J. Brown
        William J. Brown
        Allan L. Hill
Attorneys for E.I. du Pont de Nemours and Company
437 Madison Avenue, 34th Floor
New York, New York 10022
Tel. 212-759-4888

Doc # 05-371757.1