DONALD J. HUTCHINSON (MI P39545)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: hutchinson@millercanfield.com

SUSAN I. ROBBINS (SR 5759)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
500 Fifth Avenue, Suite 1815
New York, NY 10110
Telephone: (212) 704-4400
Fax: (212) 704-4410
Email: robbins@millercanfield.com

*Attorneys for the Lansing Board of Water & Light*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |
| | Judge Robert E. Gerber |

_____

### THE LANSING BOARD OF WATER & LIGHT'S OBJECTION TO THE ADEQUACY OF THE DEBTORS' PROPOSED ADEQUATE ASSURANCE DEPOSIT PURSUANT TO 11 U.S.C. § 366

The Lansing Board of Water & Light ("Lansing Board"), states as follows for its Objection to the Adequacy of the Debtors' Proposed Adequate Assurance Deposit Pursuant to 11 U.S.C. § 366:

DELIB:3099567.1\101173-00006

## Background

1. General Motors Corporation ("GM") and its related debtors filed their voluntary petitions commencing this case on June 1, 2009.

2. The Lansing Board provides utility services, including water, electricity, and steam, generally to customers in the City of Lansing, Michigan.

3. The Lansing Board provides utility services to GM at GM's Grand River, Lansing plant, and GM's Delta Township, Michigan plants. The services provided include water, electricity, steam to both plants and Central Utility Complex services ("CUC Services") to GM's Grand River, Lansing plant.

4. The CUC Services are provided pursuant to a written First Amended and Restated Utility Services Agreement dated August 12, 2004, as subsequently amended, and are billed separately from the remaining utility services provided by the Lansing Board to GM. The Lansing Board bills GM monthly, in arrears, consisting of one monthly invoice for CUC Services, and one monthly invoice for other utility services.

5. The Lansing Board's monthly charges to GM for CUC Services during the last year has varied from approximately $1.15 million to approximately $1.3 million.

6. The Lansing Board's additional monthly charges to GM for utility services other than the CUC Services during the last year has varied from approximately $1.3 million to approximately $3.0 million.

7. Attached to this objection as Exhibit A is a summary of GM's payment history to the Lansing Board for the period 2008 and 2009, up until the bankruptcy filing date. As indicated on Exhibit A, GM regularly paid the Lansing Board's billings late.

8. GM has not previously provided the Lansing Board with a security deposit.

9. GM proposes to provide utilities, including the Lansing Board, with an Adequate Assurance Deposit equal to only 2 weeks' utility service calculated based on the historical average over the last 12 months.

### Objection to the Adequacy of the proposed Adequate Assurance Deposit

10. GM has already stated, in papers filed with the Court seeking the expedited approval of the sale of its valuable assets to the "New GM," that the value of GM's assets is fragile and subject to substantial deterioration as consumers move to other bankruptcy-free brands, and that even a short delay in the consummation of the proposed 363 Transaction would have a detrimental impact on the Company's dealer networks, its suppliers, and their respective employees, as well as the confidence of GM's customers and its own employees. Absent prompt confirmation that the sale has been approved and that GM's proposed transfer of assets to the "New GM" will be implemented, it is highly probable that GM will have to liquidate. There are no lenders willing and able to financing GM's operations in a prolonged chapter 11 case. Even if funding were available, many consumers would not consider purchasing a vehicle from a manufacturer whose future is uncertain and that is entangled in the vagaries and vicissitudes of the bankruptcy process.

11. The successful and expedited sale of GM's valuable assets to the New GM is not assured and could well be blocked and delayed by creditors opposed to the sale, possibly for many months.

12. If GM does liquidate, few creditors other than GM's secured creditors are likely to receive distributions on their claims. Even administrative expense claims would likely go unpaid.

13. Because the Lansing Board bills GM for utility services on a monthly cycle in arrears, the Lansing Board will have provided to GM more than a month's worth of utility services without payment before GM can have defaulted on payment. In the event that GM does default, a 2-week deposit will not compensate the Lansing Board even for the utility services already provided, let along for the continuing utility services that the Lansing Board may provide prior to the time it can exercise the rights it may have to terminate utility services.

14. Under these circumstances, GM's proposed 2-week Adequate Assurance Deposit is simply not reasonably likely to provide the Lansing Board with true adequate assurance of payment by GM for future utility services provided by the Lansing Board. Instead, the Lansing Board requests that Court increase the amount of the adequate assurance deposit that GM is required to make to the Lansing Board to $6 million, which is approximately equal to 2 months' worth of GM's historical use of the Lansing Board's utility services.

## Conclusion

For the reasons state above, the Lansing Board objects to the adequacy of the amount of the Adequate Assurance Deposit that GM proposes to make to the Lansing

Board and requests that the Court determine that a security deposit in the amount of $6 million is required to provide the Lansing Board with adequate assurance of payment.

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    By /s/ Donald J. Hutchinson
        Donald J. Hutchinson (MI P39545)
    Attorney for Lansing Board of Water & Light
    150 West Jefferson Avenue, Suite 2500
    Detroit, MI 48226
    Telephone: (313) 963-6420
    Fax: (313) 496-8450
    Email: hutchinson@millercanfield.com

Dated: June 12, 2009

    -and

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    Susan I. Robbins
    500 Fifth Avenue, Suite 1815
    New York, NY 10110
    Telephone: (212) 704-4400
    Fax: (212) 704-4410
    Email: robbins@millercanfield.com

## CERTIFICATE OF SERVICE

      Donald J. Hutchinson hereby certifies that, on the 12th day of June, 2009, he served a copy of the foregoing document, ***The Lansing Board of Water & Light's Objection to the Adequacy of the Debtors' Proposed Adequate Assurance Deposit Pursuant to 11 U.S.C. § 366*** upon each of the persons listed on the attached Exhibit A, by Federal Express Priority Overnight Mail so as to be received by each of the persons listed on the attached Exhibit a before 4:00 p.m., June 15, 2009.

Dated: June 12, 2009      By <u>/s/ Donald J. Hutchinson</u>
                                    Donald J. Hutchinson (MI P39545)
                                    Miller, Canfield, Paddock and Stone, P.L.C.
                                    150 West Jefferson Avenue, Suite 2500
                                    Detroit, MI 48226
                                    Telephone: (313) 963-6420
                                    Fax: (313) 496-8450
                                    Email: hutchinson@millercanfield.com

# EXHIBIT A

## SERVICE LIST

The Honorable Robert E. Gerber
Chambers
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

General Motors Corporation
30200 Mound Road
Engineering Building
M/C 480-111-W65
Warren, MI 48090

**Attention: Mike Demsky**

Pablo Falabella, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153