UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*                      :          Case No. 09-50026 9REG)
                                                    :
                            Debtors.                :          (Jointly Administered)
                                                    :
-------------------------------------------------------------x

GRUBB & ELLIS MANAGEMENT SERVICES, INC.'S LIMITED OBJECTION
TO THE NOTICE OF (I) DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Now comes Grubb & Ellis Management Services, Inc. (on behalf of itself and its parent

company, Grubb & Ellis Company, collectively "Grubb & Ellis"), by and through its attorneys,

and for its Limited Objection to the Notice of (I) Debtor's Intent to Assume and Assign Certain

Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of

Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption Notice"),

states as follows:

**Background**

1.      On June 1, 2009 (the "Petition Date"), General Motors Corp. and a number of its

affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the

United States Bankruptcy Code [11 U.S.C. §§ 101, *et seq.*](the "Code").

2.      On June 2, 2009, this Court entered an Order approving the Debtors' bidding

procedures, which includes procedures regarding the Debtors' assumption and assignment of

executory contracts (the "Bidding Procedures Order").

3.      Pursuant to the Bidding Procedures Order, the Debtors delivered an Assumption

Notice dated June 5, 2009 to Grubb & Ellis, indicating that the Debtors intend to assume and

assign certain of the Debtors' agreements with Grubb & Ellis (the "Assumed Contracts"). In addition, on the Debtors' Contract Website, the Debtors identify $648,641.21 as the amount which they allege is owed under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is based on the amounts due and owing under the Assumed Contracts as of the Petition Date.

4.     The Proposed Cure Amount is less than the amount actually owed to Grubb & Ellis under the Assumed Contracts (the "Actual Cure Amount").

5.      Moreover, both the Bidding Procedures Order and the Assumption Notice limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, not the date the contracts will actually be assumed and assigned by the Debtors.

### 11 U.S.C. § 365

6.     Section 365(b)(1) of the Code states in relevant part:

"If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A)   cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

(B)   compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)   provides adequate assurance of future performance under such contract or lease."

7.     The Assumed Contracts are in default.

8.      The Debtors payment of the Proposed Cure Amount fails to cure all defaults which will exist at the time the Assumed Contracts are actually assumed and assigned by the Debtors and thus fails to comply with section 365 of the Code.

**Limited Objection**

9.      Grubb & Ellis files this Limited Objection to the Assumption Notice to the extent that (1) the Proposed Cure Amount is incorrect and (2) the Assumption Notice's definition of "Cure Amount" would permit assumption and assignment of certain of Grubb & Ellis' agreements without either the Purchaser (as that term is defined in the Assumption Notice) or the Debtors satisfying the requirements of assumption and assignment pursuant to section 365 of the Code.

10.      Grubb & Ellis is prepared to meet and confer in good faith to resolve its objection in accordance with paragraph 9 of the Assumption Notice.

WHEREFORE, Grubb & Ellis Management Services, Inc. (on behalf of itself and its parent company, Grubb & Ellis Company) respectfully requests that this Court: (i) deny the proposed assumption and assignment of Grubb & Ellis' executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to Grubb & Ellis under such contracts pursuant to section 365(b) of the Code; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bidding Procedures Order, including all defaults arising thereunder and all obligations that have accrued thereunder but are not then in default; and (iii) grant Grubb & Ellis such other and further relief as this Court deems just and appropriate.

Dated:  June 12, 2009

GRUBB & ELLIS MANAGEMENT SERVICES, INC.


By: /s/  Brian M. Graham
     One of its Attorneys


Brian M. Graham, IL ARDC No. 06243015
William S. Hackney, IL ARDC No. 06256042
SMITHAMUNDSEN, LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois  60601
Telephone:  312.894.3200
Facsimile:   312.894.3210

*Attorneys for Grubb & Ellis Company*

**CERTIFICATE OF SERVICE**

I, Brian M. Graham, do hereby certify that I caused true and correct copies of Grubb & Ellis' Limited Objection Limited Objection to the Notice of (I) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto to be served upon the individuals registered in this case on the United States Bankruptcy Court's CM/ECF system and via overnight delivery upon the individuals and entities listed below, on this, the 12th day of June, 2009.


                                   /s/  Brian M. Graham


General Motors Corporation
Attn:  Warren Command Center
Mailcode 480-206-114                    *via overnight delivery*
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan  48090-9025

Weil, Gotshal & Manges LLP
Attn:  Harvey R. Miller                 *via overnight delivery*
767 Fifth Avenue
New York, New York  10153

The United States Treasury
Attn:  Matthew Feldman
1500 Pennsylvania Avenue NW             *via overnight delivery*
Room 2312
Washington, D.C.  20220

Cadwalader, Wickersham & Taft, LLP
Attn:  John J. Rapisardi                *via overnight delivery*
One World Financial Center
New York, New York  10281

Gordon Z. Novod
Kramer Levin Naftalis & Frankel, LLP    *via overnight delivery*
1177 Avenue of the Americas
New York, New York  10036

Vedder Price, P.C.
Attn:  Michael J. Edelman                    *via overnight delivery*
1633 Broadway, 47th Floor
New York, New York  10019

The Office of the United States Trustee
         For the Southern District of New York
Attn:  Diana G. Adams                        *via overnight delivery*
33 Whitehall Street, 21st Floor
New York, New York  10004