Objection Deadline: June 12, 2009
Hearing Date: TBA

DECHERT LLP
Shmuel Vasser
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

	-and-

Juliet Sarkessian
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania  19104
Telephone:  (215) 994-4000
Facsimile: (215) 994-2222

*Counsel for  Shanghai Automotive Industry
Corporation (Group) and their affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                             :        Chapter 11
:
GENERAL MOTORS CORP., *et al.*,  :        Case No. 09-50026 (REG)
:
Debtors.                                        :        (Jointly Administered)
:
---------------------------------------------------------------x

**LIMITED OBJECTION OF SHANGHAI AUTOMOTIVE INDUSTRY CORPORATION (GROUP), SHANGHAI TRACTOR & INTERNAL COMBUSTION ENGINE CO., LTD., SHANGHAI SIIC TRANSPORTATION ELECTRIC CO., LTD., YANFENG VISTEON JINQIAO AUTOMOTIVE TRIMS SYSTEMS CO., LTD., SHANGHAI KOITO AUTOMOTIVE LAMP CO., LTD., CHINA SPRING CORPORATION LIMITED, SHANGHAI HUIZHONG AUTOMOTIVE MANUFACTURING CO., LTD., AND AFFILIATES TO THE ASSIGNMENT AND ASSUMPTION OF CERTAIN <u>EXECUTORY CONTRACTS</u>**

Shanghai  Automotive  Industry  Corporation  (Group),  Shanghai  Tractor  &  Internal

Combustion Engine Co., Ltd., Shanghai SIIC Transportation Electric Co., Ltd., Yanfeng Visteon

Jinqiao Automotive Trims Systems Co., Ltd., Shanghai Koito Automotive Lamp Co., Ltd., China Spring Corporation Limited and Shanghai Huizhong Automotive Manufacturing Co., Ltd., along with all affiliated entities (collectively the "SAIC Parties"), submit this limited objection (the "Limited Objection") to the Debtors' assumption and assignment of executory contracts with the SAIC Parties. In support of the Limited Objection, by and through their undersigned counsel, the SAIC Parties state as follows:

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

2. On June 2, 2009, this Court entered an Order Pursuant To 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Order"), which includes procedures regarding Debtors' assumption and assignment of executory contracts and the form of the Notice of Intent to be delivered to all counterparties to the Assumable Executory Contracts (as those terms are defined therein).

3. The Debtors are parties to executory supply contracts with the following SAIC Parties: Shanghai Tractor & Internal Combustion Engine Co., Ltd.; Shanghai SIIC Transportation Electric Co., Ltd.; Yanfeng Visteon Jinqiao Automotive Trims Systems Co., Ltd.; Shanghai Koito Automotive Lamp Co., Ltd.; China Spring Corporation Limited and Shanghai Huizhong Automotive Manufacturing Co., Ltd. (the "SAIC Executory Supply Contracts").

2

4. Counsel for the SAIC Parties has been informed by the GM Supplier's Call Center (the "GM Call Center") that the Debtors sent a single Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto concerning every SAIC Executory Supply Contract, via United States Postal Service, on June 5, 2009, to "Shanghai Automotive Industry Group" at "18 Hexi Road, China." The Notice of Intent supposedly included a user name and a password that would allow access to a contract website where cure amounts are listed.

5. As of the time of this filing, and likely as a result of the incomplete and incorrect address stated above, and the fact that such Notice of Intent was sent by regular mail, none of the SAIC Parties have received the Notice of Intent.

6. Multiple calls with the GM Call Center, and correspondence with GM's counsel, have yielded no answers with respect to (a) the cure amounts proposed for any of the SAIC Executory Supply Contracts, (b) the user name and password for any of the SAIC Parties for the contract website where cure amounts are listed, and (c) why only one Notice of Intent was delivered for the multiple SAIC Parties, at an incomplete and incorrect address.

7. Counsel for the SAIC Parties has requested the GM Call Center and GM's counsel to provide immediate electronic copies of the Notice of Intent. These requests were denied or were not acknowledged.

8. Accordingly, the information provided to the SAIC Parties is insufficient to determine whether the cure amounts the Debtors are proposing for the SAIC Executory Supply

3

Contracts are correct.  The SAIC Parties therefore object to any assumption and assignment of the SAIC Executory Supply Contracts.

9. The SAIC Parties further object to the Debtors' assumption and assignment of the SAIC Executory Supply Contracts because the Order, and upon information and belief, the Notice of Intent, limit the proposed cure amount to such amounts that were in default as of the Petition Date, not the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser.

10. Section 365(b)(1) of the Bankruptcy Code provides:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

11 U.S.C. § 365 (b)(1).

11. To assume an executory contract, a debtor must cure both pre-petition and post-petition amounts in their entirety.  In re Stoltz, 315 F. 3d 80, 86, 94 (2d Cir. 2002); 3 COLLIER ON BANKRUPTCY, ¶ 365.05[2] (15th ed. rev. 2008).  In addition, a debtor must provide adequate

4

assurance of future performance. In re Bronx-Westchester Mack Corp., 4 B.R. 730, 734 (Bankr. S.D.N.Y. 1980)); 11 U.S.C. § 365(b)(1).  The Debtors have failed to satisfy these basic standards by not properly identifying the amount owed to the SAIC Parties under the SAIC Executory Supply Contracts.

12.     In addition, in the event that the purchaser is an entity other than that defined as Purchaser in the Notice, the SAIC Parties hereby request that the Debtors provide them with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under any assumed and assigned contracts.

13.     The SAIC Parties believe they have no obligation to file this Limited Objection, because they have yet to receive any Notice of Intent to Assume and Assign any of the SAIC Executory Supply Contracts.  The SAIC Parties file this Limited Objection out of an abundance of caution so as to preserve all of their rights related to any proposed assumption and assignment of the SAIC Executory Supply Contracts.

14.     A number of the SAIC Parties have executory contract with the Debtors other than supply contracts.  None of those companies have received any Notices of Intent with respect to those executory contracts, and upon information and belief, the Debtors have not sent out any such Notices of Intent.  To the extend the Debtors assert that they have sent Notices of Intent regarding these additional executory contracts, the SAIC Parties object to the Debtors assuming and assigning those contracts for all of the reasons the SAIC Parties object herein to the Debtors assuming and assigning the SAIC Executory Supply Contracts.

15. The SAIC Parties and their related entities reserve all rights as to claims against non-debtors, and as to all post-petition claims and all other rights and remedies, including, without limitation, all unpaid amounts that become due post-petition under all contracts to be assumed or under the Trade Agreements executed post-petition between certain of the SAIC Parties and the Debtors.

16. As to those SAIC Parties that have executed post-petition Trade Agreements with the Debtors, nothing in this Limited Objection is intended, or should be interpreted, to waive any terms of those executed Trade Agreements.

17. By filing this Limited Objection, none of the SAIC Parties, individually or collectively, submit to the jurisdiction of the United States. The SAIC Parties reserve all jurisdictional defenses they may have to any claims or actions that may be asserted against them.

18. The SAIC Parties have been placed in a position, through no fault of their own, to file this Limited Objection prior to having received any information regarding the assumption of any of their executory contracts, or the proposed cure amounts for such contracts, which the Debtors were obligated to provide in a timely manner. The SAIC Parties therefore reserve all rights to supplement and/or amend this Limited Objection.

[*The remainder of this page is intentionally left blank.*]

WHEREFORE, the SAIC Parties respectfully requests that the (a) their Limited Objection be sustained in its entirety, (b) that the Debtors be directed to forthwith provide the SAIC Parties and their counsel with a written statement of the SAIC Executory Supply Contracts, and any other executory contracts with any of the SAIC Parties, that the Debtors intend to assume and assign, and the cure amounts proposed to be paid as to each such contract, and (c) providing the SAIC Parties with such other and further relief as is appropriate.

Dated: June 12, 2009
New York, New York

Respectfully submitted,

/s/ Shmuel Vasser
Shmuel Vasser
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
shmuel.vasser@dechert.com

-and-

Juliet Sarkessian
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania  19104
Telephone:  (215) 994-4000
Facsimile: (215) 994-2222
juliet.sarkessian@dechert.com

*Counsel for the SAIC Parties*

15116068.2