ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
Deborah L. Fish

Attorneys for Overhead Conveyor Company

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: **GENERAL MOTORS CORP.**, *et al.*, <br><br> Debtors. <br>_____/ | ) Chapter 11 <br> ) <br> ) Case No: 09-50026 (REG) <br> ) (Jointly Administered) <br> ) <br> ) |

**LIMITED OBJECTION OF OVERHEAD CONVEYOR COMPANY TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

Overhead Conveyor Company ("OCC"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon OCC by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1.  On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 8, 2009, the Debtors delivered an Assignment Notice to OCC, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with OCC (the "Assumed Contracts"). On their Contract Website, the Debtors identify $103,428.40 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). However, it is not possible to reconcile the Proposed Cure Amount with the contracts listed without additional information from GM. OCC has contacted the Supplier Assistance numbers and is awaiting responses.

4. Pursuant to the Bidding Procedures Order Contract Objections must be made in writing filed with the court, and served so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice ("Notice"). The Notice is dated June 5, 2009.

5. Furthermore, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date. The Cure Amount should include all amounts both pre and post petition due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

## Objection

6. Payment of the Proposed Cure Amount may not cure the amount owing under the contracts sought to be assumed and assigned. Without further information and reconciliation OCC cannot make a determination as to the accuracy of the Cure Amount.

7.     Upon information and belief, the Debtors also intend to assume and assign at least two additional contracts, GM Contract ID TCS26943 and TCS27062. However, the Contract Website does not list these contracts.

8.     OCC does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. OCC does object, however, to the Assignment Notice to the extent that (1) the Proposed Cure Amount my not be accurate, and (2) the Assignment Notice's definition of "Cure Amount" would permit assumption and assignment of certain of OCC's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

9.     Paragraph 5 of the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of OCC's contracts is whatever was in default as of the Commencement Date.

10.    Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

11. OCC reserves the right to amend or supplement this objection.

WHEREFORE, OCC respectfully requests that the Court: (i) determine the appropriate amounts due to OCC under such contracts pursuant to section 365(b) of the Bankruptcy Court; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all obligations that have accrued thereunder but are not then in default and not otherwise paid in the ordinary court of business by the Debtors; and (iii) grant such other and further relief as is just and appropriate.

Dated: June 12, 2009                    Respectfully submitted,

                                        /s/Deborah L. Fish
                                        Deborah L. Fish
                                        ALLARD & FISH, P.C.
                                        2600 Buhl Building
                                        535 Griswold
                                        Detroit, MI  48226
                                        Telephone:  (313) 961-6141
                                        Facsimile:  (313) 961-6142
                                        P36580

                                        ATTORNEYS FOR OVERHEAD
                                        CONVEYOR COMPANY

U:\OCC\Objection.Mtn assume reject contracts.OCC.doc