CARSON FISCHER, P.L.C.
Counsel for Lapeer Metal Stamping Companies, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :      Chapter 11
                                                             :      Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,    :      (Jointly Administered)
                                                             :
                    Debtors.                                 :
-------------------------------------------------------------x

**LAPEER METAL STAMPING COMPANIES, INC.'S OBJECTION TO
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II)
CURE COSTS RELATED THERETO**

**Lapeer Metal Stamping Companies, Inc.** ("**Lapeer**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its objection to the proposed assumption and assignment of executory contracts with Lapeer.

## INTRODUCTION

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3.     On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the "**Sale Motion**") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4.     On June 2, 2009 the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the "**Sale Procedures Order**").

5.     With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the "**Assignment Notice**").

6.     Each Assignment Notice is to set forth instructions for accessing information from a contract website (the "**Contract Website**") containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7.     On or around June 12, 2009, Lapeer received the *Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the "**Lapeer Assignment Notice**"), which indicates that Debtors intend to assume and

2

assign 143 agreements of Debtors with Lapeer (the **"Lapeer Contracts"**) and proposes an aggregate cure amount of $134,611.64 (the **"Proposed Cure Amount"**).

## OBJECTION

8.      Lapeer previously ceased all business operations, has sold substantially all of its operating assets and is in the process of liquidating its remaining assets.  As a result, Lapeer has no ability to perform any of the alleged Lapeer Contracts.  In addition, certain of Lapeer's contracts with Debtors were sold, transferred and/or assigned, with Debtors' knowledge and consent, to a third-party entity unrelated to Lapeer.

9.      Lapeer has no objection to the Debtors paying Lapeer on any outstanding invoices.  As of the time of this objection, however, Lapeer has been unable to: (i) reconcile with its records the Lapeer Contracts sought to be assumed; (ii) determine what, if any, continuing obligations Lapeer may have to Debtors in the event the Lapeer Contracts are assumed; and (iii) verify if the Proposed Cure Amount is accurate.

10.     Since receiving the Lapeer Assignment Notice, Lapeer has worked diligently to reconcile the aforementioned with its records.  Lapeer has accessed the Contract Website but has thus far been unable to reconcile the Lapeer Contracts sought to be assumed; determine what, if any, continuing obligations it may have to Debtors in the event the Lapeer Contracts are assumed; or verify that the Proposed Cure Amount is accurate.

11.     Lapeer is continuing its efforts to reconcile the aforementioned, however, given the objection deadline contained in the Lapeer Assignment Notice, and Lapeer's

tardy receipt of same, Lapeer files this objection to preserve its right to, among other things: (i) ascertain the Lapeer Contracts sought to be assumed; (ii) determine what, if any, continuing obligations Lapeer may have to Debtors in the event the Lapeer Contracts are assumed; (iii) verify that the Proposed Cure Amount is accurate; and (iv) determine what further and other objections may be appropriate.

12. Lapeer reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Lapeer Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Lapeer objects to Debtors' proposed assumption and assignment of the Lapeer Contracts and respectfully requests that this Court grant Lapeer such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Lapeer Metal Stamping Companies, Inc.*

By: /s/ Patrick J. Kukla
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI 48302
Tele: (248) 644-4840

Dated: June 12, 2009

4