Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorney for Henkel Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

-------------------------------------------------------- x

**LIMITED OBJECTION OF HENKEL CORPORATION TO THE DEBTORS' MOTION FOR SALE OF PROPERTY UNDER 363(b)/DEBTORS MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND BANKRUPTCY RULES 2002, 6004, AND 6006 TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

Henkel Corporation ("Henkel"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and

-1-

Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption") dated June 5, 2009, as sent by first class mail to Henkel but not filed with the Court.

Although the Notice of Assumption was addressed to Henkel AG & Company KGAA, as used herein, "Henkel" means and includes Henkel Corporation. (Ultimate DUNS #315741173). It is Henkel's assumption, because it is the entity that does business with the Debtors, that the Debtors intended to direct the Notice of Assumption to Henkel Corporation, and accordingly this Objection is filed on Henkel Corporation's behalf, rather than Henkel AG & Company KGAA

In support of its Objection, Henkel respectfully states:

**BACKGROUND**

1. On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2. On June 1, 2009, Debtors filed their Sale Motion.

3. In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, like the one at issue in this Objection.

4. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5. On or about June 5, 2009, the Debtors' sent the Notice of Assumption to Henkel by first-class mail listing the contracts to be assumed or assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Henkel (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors state that $1,018,187.82 is owed under the Assumed Contracts (the "Proposed Cure Amount"). As explained below, the Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

6. Accordingly, Henkel objects as follows:

## OBJECTIONS

7. Henkel objects to the Sale Motion and Notice of Assumption on the following grounds:

    a. The Proposed Cure Amount is substantially less than the amount that is owing as of May 31, 2009. The correct cure amount, which includes parts and tooling, is $2,912,876.43 ("Correct Cure Amount"). That amount represents the total of (1) the invoices that make up the Proposed Cure Amount ($1,018,187.82); (2) invoices that should have been included by the Debtors in the Proposed Cure Amount[1] ($1,750,688.61); and (3) and amounts related to a pending pricing dispute ($144,000). See statement attached as **Exhibit A**. This amount remains subject to Henkel's continuing review and reconciliation and is subject to change. In the event the Debtors or

---

[1] These invoices may not have been entered into Debtors' system yet.

-3-

other parties in interest require additional information about the Correct Cure Amount, that information can be provided upon request to the undersigned counsel.

    b.    In addition to the Correct Cure Amount set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.

    c.    In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, Henkel requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts. The contracts cannot be assumed or assigned without an adequate assurance of future performance by the debtor. 11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8.    Henkel reserves its right to amend this Objection to include any additional facts, including updated Cure Amounts, as may be determined by its further investigation.

9.    Any reply to this Objection should be served upon Gordon Toering at the address listed below.

## MEMORANDUM OF LAW

10.    The legal bases of Henkel's Objection are incorporated above. Therefore, Henkel respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

11.    Henkel hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and

assignment of Henkel's Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, Henkel respectfully requests that this Court enter an Order (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving Henkel's right to object to the Cure Amount, and (3) providing Henkel with such other relief as appropriate.

Dated: June 12, 2009

/s/ Gordon J. Toering
Gordon J. Toering (P46409)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2185
Fax: (616) 222-2185
Email: gtoering@wnj.com
Attorneys for Henkel Corporation

1676900

-5-