CARSON FISCHER, P.L.C.
Counsel for Rima Manufacturing Company
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :
In re:                                                    :      Chapter 11
                                                          :      Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,   :      (Jointly Administered)
                                                          :
            Debtors                                   :
-----------------------------------------------------------------x

**RIMA MANUFACTURING COMPANY'S LIMITED OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

**Rima Manufacturing Company** ("Rima"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its objection to the proposed assumption and assignment of executory contracts with Rima.

**INTRODUCTION**

1.      On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their property as debtors-in-possession. No trustee or examiner has been appointed in these Chapter 11 cases.

1

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the "Sale Motion") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

5. On June 2, 2009 the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the "Sale Procedures Order").

6. With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the "Assignment Notice").

7. Each Assignment Notice is to include an identification of the non-debtor party to the executory contract that is to be assumed and assigned along with the proposed cure costs. If the non-debtor party disagrees with the cure amount or the assumption and assignment, the non-debtor party may file an objection.

8.    On June 8, 2009, Rima received the *Debtors' Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the "Assignment Notice"), which indicates that Debtors intend to assume and assign Debtors' agreements with Rima (the "Rima Contracts") and propose a cure amount of $52,255.67 (the "Proposed Cure Amount").

## OBJECTION

9.    Rima objects to the proposed assumption and assignment of the Rima Contracts because the Proposed Cure Amount does not accurately reflect the amount owed by the Debtors to Rima.

10.    Section 365(b) of the Bankruptcy Code provides that a debtor may not assume an executory contract on which there has been a default, unless the debtor (i) cures the default or provides adequate assurance that it will promptly cure the default; (ii) compensates or provides adequate assurance that the debtor will promptly compensate the non-debtor party for any actual monetary loss caused by the debtor's default; and (iii) provides adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b); In re U.S. Wireless Data, Inc., 547 F.2d 484, 489 (2nd Cir. 2008); In re Chateaugay Corp., 10 F.3d 944, 954 (2nd Cir. 1993).

11.    The payment of cure claims strives to restore the debtor-creditor relationship to pre-default conditions by bringing the contract back into compliance with its terms. U.S. Wireless, at 489; In re Taddeo, 685 F.2d 24, 26-27 (2nd Cir. 1982).

12.    Thus, in order to assume the Rima Contracts, the Debtors must cure all existing defaults.

13.    Contrary to Proposed Cure Amount, the cure amount for the Debtors' defaults under the Rima Contracts is $97,355.67. Upon information and belief, the discrepancy is due to the omission of amounts owed to Rima pursuant to a tooling purchase order totaling $45,100.

14.    If the Debtors intend to assume the Rima Contracts, the Debtors must pay Rima $97,355.67, as cure costs for the Debtors' defaults under the Rima Contracts. Absent payment of $97,355.67, the Debtors are not entitled to assume the Rima Contracts.

15.    Rima reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Rima Contracts at any hearing on this objection.

**WHEREFORE**, based upon the foregoing, Rima respectfully requests that the Court condition the Debtors' assumption and assignment upon the payment of cure costs in the amount of $97,355.67 and grant Rima such other and further relief as the Court deems just and proper.

Dated: June 12, 2009                  CARSON FISCHER, P.L.C.
*Attorneys for Rima Manufacturing Company*

By: /s/ Patrick J. Kukla
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI  48302
T:  (248) 644-4840
E:  PKukla@CarsonFischer.com