Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorney for KEIPER GmbH & Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

------------------------------------------------------- x

**LIMITED OBJECTION OF KEIPER GMBH & CO. TO THE MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, AND 6006 FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

KEIPER GmbH & Co. ("KEIPER"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors'

Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption").

In support of its Objection, KEIPER respectfully states:

## BACKGROUND

1. On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2. On June 1, 2009, Debtors filed its Sale Motion.

3. In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, like the one at issue in this Objection.

4. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5. On June 5, 2009, the Debtors' sent the Notice of Assumption to KEIPER listing contracts to be assumed or assigned and on June 9, 2009, MP Beteiligungs GmbH received the Notices of Assumption listing contracts to be assumed or assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements (the "Assumed Contracts"). MP Beteiligungs GmbH is a German holding company, related to KEIPER, and is not in the business of manufacturing automotive parts for GM. The

Debtors amount claimed to be owed under the Assumed Contracts (the "Proposed Cure Amount") was aggregated with contracts from KEIPER LLC and RECARO North America, Inc. (entities affiliated with KEIPER) and it is unclear whether the Debtors are proposing any cure amount. It is believed that the Proposed Cure Amount is significantly less than what is actually owed under the Assumed Contracts.

6. Accordingly, KEIPER objects as follows:

**OBJECTIONS**

7. KEIPER objects to the Sale Motion and Notice of Assumption on the following grounds:

a. The Proposed Cure Amount may be zero and therefore substantially less than the amount that was due and owing on May 31, 2009. At this time, despite working with the GM Supplier Call Center, KEIPER is unable to determine whether its contracts are with GM or a non-Debtor affiliated entity and therefore is unable to determine the cure amounts. KEIPER will continue to review and reconcile the contracts and cure amounts in an attempt to reach an agreement with the Debtors.

b. At this time, due to the untimely receipt of the Notices of Assumption, KEIPER is unable to determine what entity is the true contracting party for the contracts designated by GM to be with MP Beteiligungs and whether these contracts are with GM or a non-Debtor affiliated entity. Therefore, MP Beteiligungs is unable to determine the cure amounts.

c. A change may also be warranted because the Debtors have continued to "update" Contract Website and modified the contracts it intends to assume and assign. In

the event the Debtors or other parties in interest require additional information about the cure amounts, that information can be provided upon request to the undersigned counsel.

    d.    In addition to the cure amounts set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.

    e.    In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, KEIPER requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts. The contracts cannot be assumed or assigned without an adequate assurance of future performance by the debtor. 11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8.    KEIPER reserves its right to amend this Objection to include any additional facts, including updated Cure Amounts, as may be determined by its further investigation.

9.    Any reply to this Objection should be served upon Gordon Toering at the address listed below.

## MEMORANDUM OF LAW

10.    The legal bases of KEIPER's Objection are incorporated above. Therefore, KEIPER respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

11.    KEIPER hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and assignment of KEIPER's Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, KEIPER respectfully requests that this Court enter an (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving KEIPER's right to object to the Cure Amount, and (3) providing KEIPER with such other relief as appropriate.

Dated: June 12, 2009

/s/ Gordon J. Toering
Gordon J. Toering (P46409)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2185
Fax: (616) 222-2185
Email: gtoering@wnj.com
Attorneys for KEIPER GmbH & Co.

072768.072768 GR1677218-1

-5-