Deborah L. Fish (P36580)
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, Michigan 48226
(313) 961-6141

*Counsel for Severstal North America, Inc.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: **GENERAL MOTORS CORP.,** *et al.*, <br><br> Debtors. <br> _____/ | ) Chapter 11 <br> ) <br> ) Case No: 09-50026 (REG) <br> ) (Jointly Administered) <br> ) <br> ) |

### LIMITED OBJECTION OF SEVERSTAL NORTH AMERICA, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

Severstal North America, Inc. ("Severstal NA"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Severstal NA by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1.      On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2.      On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3.      Pursuant to the Bidding Procedures Order, on or about June 10, 2009, Severstal NA received an Assignment Notice, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Severstal NA (the "Assumed Contracts").

4.      Pursuant to the Bidding Procedures Order Contract Objections must be made in writing filed with the court, and served so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice ("Notice").  The Notice is dated June 5, 2009.

5.      Severstal NA has reviewed the information provided by GM on the Contract Website.  Without further information and reconciliation, Severstal cannot make a determination as to the accuracy of the Proposed Cure Amount.

6.      Furthermore, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date. The Proposed Cure Amount should include all amounts both pre and post petition due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

### Protective Objection

7.      Severstal NA does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. Severstal NA files this protective objection simply because it has not had sufficient time to conduct an analysis and reconciliation of the information of the GM Contract Website as compared to its own accounting records to confirm the Proposed Cure Amount.  Thus, Seversal NA seeks to preserve the right to determine the correct cure amount.

8.  Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

9.  Severstal NA reserves the right to amend or supplement this objection.

WHEREFORE, Severstal NA respectfully requests that the Court: (i) approve the sale and permit the Debtors to assume and assign the executory contracts (ii) allow for the determination of the appropriate cure amount due to Severstal NA under such contracts pursuant to section 365(b) of the Bankruptcy Court; and (iii) grant such other and further relief as is just and appropriate.

Dated: June 12, 2009　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/Deborah L. Fish
　　　　　　　　　　　　　　　　　　　　　　　Deborah L. Fish
　　　　　　　　　　　　　　　　　　　　　　　ALLARD & FISH, P.C.
　　　　　　　　　　　　　　　　　　　　　　　2600 Buhl Building
　　　　　　　　　　　　　　　　　　　　　　　535 Griswold
　　　　　　　　　　　　　　　　　　　　　　　Detroit, MI  48226
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (313) 961-6141
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (313) 961-6142
　　　　　　　　　　　　　　　　　　　　　　　P36580

　　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR SEVERSTAL
　　　　　　　　　　　　　　　　　　　　　　　NORTH AMERICA, INC.

U:\34\699\GM\Objection.Mtn assume reject contracts.Severstal.doc