Kim Martin Lewis (OH #0043533)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. 5th Street
Cincinnati, OH  45202
T:  513-977-8200
F:  513-977-8141
kim.lewis@dinslaw.com

Daniel J. Flanigan (NY #4266250)
Polsinelli Shughart PC
7 Penn Plaza, Suite 600
New York, New York 10001
(212) 684-0199
Fax:  (212) 684-0197
dflanigan@polsinelli.com

Christopher A. Ward (DE #3877)
Polsinelli  Shughart PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
(302) 252-0920
Fax No. (302) 252-0921
cward@polsinelli.com

ATTORNEYS FOR
CONVERGYS CORPORATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**  **GENERAL MOTORS CORPORATION, et al.,**  **Debtors** | Chapter 11  **Case No. 09-50026**  **(Jointly Administered)** |

**OBJECTION BY CONVERGYS CORPORATION TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
<u>EXECUTORY CONTRACTS AND (II) PROPOSED CURE AMOUNT</u>**

Convergys Corporation ("Convergys"), through its attorneys Dinsmore & Shohl LLP, hereby submits this objection to Debtors' proposed assumption and assignment of its executory contract and the cure amount related thereto, and in support of its objection, Convergys states as follows:

**Background**

1. On June 23, 2008, Convergys and OnStar Corporation ("OnStar") entered into a service contract for enterprise contact center services (the "OnStar Contract"); a copy of the OnStar Contract is attached hereto as <u>Exhibit A</u>. Upon information and belief, OnStar is not a debtor in these bankruptcy proceedings.

2. On June 1, 2009, ("Petition Date"), Debtors commenced these voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Neither General Motors Corporation nor any of the other Debtors are a party to the OnStar Contract.

**Jurisdiction**

4. This Court does not have jurisdiction in this matter pursuant to 28 U.S.C. §§ 157 and 1334 for the following reasons (i) OnStar is not a debtor in this jointly-administered bankruptcy proceeding; (ii) Convergys has not submitted to the jurisdiction of this Court; and (iii) no party to the Convergys Contract is a party in these proceedings.

**Sale Process**

5. On June 1, 2009, the Debtors filed the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and

2

(II) Schedule Sale Approval Hearing (the "Sale Motion"). On June 2, 2009, this Court entered an Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice (the "Bid Procedures Order").

6.    On or about June 8, 2009, Convergys received Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto (the "Assignment Notice"), which indicates that Debtors intend to assume and assign the OnStar Contract.

7.    The Assignment Notice provides as follows:

> 5. The Debtors maintain a secure website which contains information about your Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts as of the Commencement Date in accordance with section 365(b) of the Bankruptcy Code (the "Cure Amounts"). In order to view the Cure Amount for the Assumable Executory Contract to which you are a party, you must log onto http://www.contract notices.com (the "Contract Website"). To log on, please use the user name and password provided to you with this notice. The username and password will enable you to access the Cure Amount for the particular Assumable Executory Contract to which you are a party.
>
> 6. Please review the Cure Amount for your Assumable Executory Contract. In some instances, additional terms or conditions of assumption and assignment with respect to a particular Assumable Executory Contract are provided on the Contract Website.

8.    Convergys accessed the Contract Website. The proposed cure amount for Convergys was left blank with no dollar value assigned. For purposes of this Objection, Convergys assumes that the proposed cure amount is $0 (the "Proposed Cure Amount").

3

9. Additionally, Convergys has called the toll-free telephone number set forth in the Assignment Notice but as of this date it has not received a return call from the Debtors.

10. Convergys hereby states that this Court does not have jurisdiction to hear this matter and objects to (i) the assumption and assignment of the OnStar Contract by the Debtors who are not a party to the OnStar Contract; and (ii) the Proposed Cure Amount and requests proof of adequate assurance of performance.

## Assumption and Assignment

11. Section 365(a) of the Bankruptcy Code specifically states that "the trustee, subject to the court's approval, may assume or reject any executory contract…of the debtor." Section 101(13) of the Bankruptcy Code states that the term "debtor" means a person or municipality concerning which a case under this title has been commenced.

12. The Debtors in this case are General Motors Corporation, Chevrolet-Saturn of Harlem, Inc., Saturn, LLC, and Saturn Distribution Corporation. OnStar did not file a bankruptcy petition on June 1, 2009, and OnStar is not a Debtor in the jointly administered case 09-50026.

13. Furthermore, paragraph 102 of the Affidavit of Frederick A. Henderson (Doc. No. 21), specifically refers to OnStar, LLC as a "non-Debtor affiliate[s]."

14. Therefore, the Debtors do not have the authority pursuant to section 365 to assume and assign the OnStar Contract.

## Cure Amount

15. As of the Petition Date, OnStar owed Convergys $3,882,051.57 under the OnStar Contract, as set forth on Exhibit B. The Proposed Cure Amount is $0. Therefore even if there were privity of contract between one of the Debtors and Convergys, the Debtors cannot assume and assign the OnStar Contract because they have failed to comply with section 365 of the Bankruptcy Code.

16. The Debtors have failed to comply with the provisions of section 365 of the Bankruptcy Code, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the Debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the Debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

17. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz,* 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.,* 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.,* 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.,* 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental,* 54 B.R. 574 (Bankr. D. N.H. 1985).

18. Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2d Cir. 1996); *see also In re Harry C. Partridge, Jr. & Sons, Inc.,* 43 B.R. 669, 672 (Bankr. S.D.N.Y. 1984) (right to assume an executory contract where there has been a default is

5

conditioned upon the debtor's duty to cure the default or provide adequate assurance that the debtor will promptly cure). "Adequate assurance of a prompt cure requires that there be a firm commitment to make all payments and at least reasonably demonstrable capability to do so." *In re R.H. Neil, Inc.,* 58 B.R. 969, 971 (Bankr. S.D.N.Y. 1986). Resolution of claims of default arising under an assumed contract "strives to restore the 'debtor-creditor relationship…to pre-default conditions' [citation omitted] bringing the contract back into compliance with its terms.' *In re Wireless Data, Inc.,* 547 F.3d 484, 489 (2d Cir. 2008).

19. "Cure Amounts" have been defined in the Sale Motion as "all cure amounts payable in order to cure any monetary defaults required to be cured under section 365(b)(1) of the Bankruptcy Code or otherwise effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contract." Accordingly, the Debtors must cure all defaults under the OnStar Contract including prepetition defaults and post-petition defaults.

20. The correct amount required to cure prepetition defaults on the OnStar Contract is $3,882.051.57.

**Adequate Assurance**

21. Convergys further requests that Debtors and OnStar provide it with proof of adequate assurance that Purchaser (as defined in the Assignment Notice) will perform Debtors' obligations under the OnStar Contract.

### Relief Requested

WHEREFORE, Convergys respectfully request that the Court: (i) deny the proposed assumption and assignment of Convergys's OnStar Contract as the Debtors are not a party to the OnStar Contract; (ii) if the OnStar Contract were determined to be a contract with the Debtors which could be assumed and assigned, determine the appropriate and correct cure amounts due to Convergys under the OnStar Contract pursuant to section 365(b) of the Bankruptcy Code; (iii) if the OnStar Contract were determined to be a contract with the Debtors, require that the Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iv) grant such other and further relief as is just and appropriate.

Dated: June 12, 2009

Respectfully submitted,

DINSMORE AND SHOHL LLP

*/s/ Kim Martin Lewis*
Kim Martin Lewis (OH #0043533)
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
Telephone: 513-977-8200
Facsimile: 513-977-8141
kim.lewis@dinslaw.com

-and-

POLSINELLI SHUGHART PC

 */s/  Daniel J. Flanigan*
Daniel J. Flanigan (NY #4266250)
7 Penn Plaza, Suite 600
New York, New York 10001
(212) 684-0199
Fax:  (212) 684-0197
dflanigan@polsinelli.com

Christopher A. Ward (DE #3877)
Polsinelli Shughart PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
(302) 252-0920
Fax No. (302) 252-0921
cward@polsinelli.com

Attorneys for Convergys Corporation

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2009, a true and accurate copy of the Objection by Convergys Corporation to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Proposed Cure Amount was served upon the following via regular electronic court noticing at the email address registered with the Court, electronic mail **or** overnight delivery:

- General Motors Corporation
  Cadillac Building
  30009 Van Dyke Avenue
  Warren, MI 48090-9025
  Attn: Warren Command Center Mailcode 480-206-114

- Weil, Gotshal & Manges LLP
  767 Fifth Ave.
  New York, NY 10153
  Harvey R. Miller, Esq.
  Stephen Karotkin, Esq.
  Joseph H. Smolinsky, Esq.

- U.S. Treasury
  1500 Pennsylvania Ave. NW
  Room 2312
  Washington, DC 20220
  Matthew Feldman, Esq.

- Cadwalader, Wickersham & Taft LLP
  One World Financial Center
  New York, NY 10281
  John J. Rapisardi, Esq.

- Kramer Levin Naftalis & Frankel LLP
  1177 Avenue of the Americas
  New York, NY 10036
  Thomas Moers Mayer, Esq.
  Kenneth H. Eckstein, Esq.
  Gordon Z. Novod, Esq.

- Vedder Price, P.C.
  1633 Broadway, 47th Floor
  New York, NY 10019
  Michael J. Edelman, Esq.
  Michael L. Schein, Esq.

- Office of the United States Trustee for
  the Southern District of New York
  33 Whitehall St., 21st Floor
  New York, NY 10004
  Diana G. Adams, Esq.

*/s/ Robert W. Olson*