Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorney for MAHLE Industries, Inc. and certain affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

--------------------------------------------------------- x

**LIMITED OBJECTION OF MAHLE INDUSTRIES, INC. AND CERTAIN AFFILIATES TO THE DEBTORS' MOTION FOR SALE OF PROPERTY UNDER 363(b)/DEBTORS MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND BANKRUPTCY RULES 2002, 6004, AND 6006 TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

MAHLE Industries, Inc. and certain affiliates (collectively referred to as "MAHLE"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and

-1-

Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption") dated June 5, 2009, as sent by first class mail to MAHLE but not filed with the Court.

Although the Notice of Assumption was addressed to MAHLE-STIFTUNG GmbH, as used herein, "MAHLE" means and includes the following entities: MAHLE Industries, Inc., Mahle Inc., Mahle Engine Components USA Inc., Mahle Componentes de Motor de Mexico S. de R.L. de C.V., Mahle Filter Systems Canada ULC, Mahle Filter Systems North America Inc., Mahle Sistemas de Filtracion de Mexico S.A. de C.V., Mahle Metal Leve S.A., Mahle Powertrain, LLC, Mahle Argentina S.A., and Mahle Ventiltrieb GmbH. (Ultimate DUNS #3164911141). It is MAHLE's assumption, because these are the entities that do business with the Debtors, that the Debtors intended to direct the Notice of Assumption to those entities listed above, and accordingly this Objection is filed on their behalf, rather than MAHLE-STIFTUNG GmbH.

In support of its Objection, MAHLE respectfully states:

**BACKGROUND**

1. On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2. On June 1, 2009, Debtors filed their Sale Motion.

3. In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by

-2-

the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, like the one at issue in this Objection.

4.  On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5.  On June 5, 2009, the Debtors' sent the Notice of Assumption to MAHLE by first-class mail listing the contracts to be assumed or assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with MAHLE (the "Assumed Contracts"). In addition, on their Contract Website as of June 12, 2009 at 3:00 p.m., the Debtors state that $5,876,704.93 is owed under the Assumed Contracts (the "Proposed Cure Amount"). As explained below, the Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

6.  Accordingly, MAHLE objects as follows:

**OBJECTIONS**

7.  MAHLE objects to the Sale Motion and Notice of Assumption on the following grounds:

a.  The Proposed Cure Amount is substantially less than the amount that is owing to MAHLE as of May 31, 2009. The correct cure amount, which includes parts and tooling, is $9,488.018 and is set forth in MAHLE's Statement of Account attached as **Exhibit A** ("Correct Cure Amount"). The Correct Cure Amount includes the amount of $1, 319,018 owing under the Debtors' contracts with Mahle Metal Leve S.A. ("Mahle

-3-

Brazil"), which contracts, while not currently listed as being assumed, are fully expected to be assumed and assigned. The Correct Cure Amount remains subject to MAHLE's continuing review and reconciliation and is subject to change. In the event the Debtors or other parties in interest require additional information about the Correct Cure Amount, that information can be provided upon request to the undersigned counsel.

      b.      In addition to the Correct Cure Amount set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.

      c.      In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, MAHLE requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts. The contracts cannot be assumed or assigned without an adequate assurance of future performance by the debtor. 11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8.      MAHLE further insists all contracts between Debtors and Mahle Brazil be assumed and assigned.

9.      MAHLE reserves its right to amend this Objection to include any additional facts, including updated Cure Amounts, as may be determined by its further investigation.

10.      Any reply to this Objection should be served upon Gordon Toering at the address listed below.

## MEMORANDUM OF LAW

11.     The legal bases of MAHLE's Objection are incorporated above.  Therefore, MAHLE respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

12.     MAHLE hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and assignment of MAHLE's Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, MAHLE respectfully requests that this Court enter an Order (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving MAHLE's right to object to the Cure Amount, and (3) providing MAHLE with such other relief as appropriate.

Dated:  June 12, 2009

/s/ Gordon J. Toering
Gordon J. Toering (P46409)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone:  (616) 752-2185
Fax:  (616) 222-2185
Email:  gtoering@wnj.com
Attorneys for MAHLE Industries, Inc. and certain affiliates

123661.131983 GR1676318-2