CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Joel D. Applebaum (Mich. Bar. No. P36774)
admitted *pro hac vice*
japplebaum@clarkhill.com
(313) 965-8579

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF SPX FILTRAN LLC TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS
RELATED THERETO**

SPX Filtran LLC, formerly known as Filtran division of SPX Corporation, ("**SPX Filtran**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1.  The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served SPX Filtran with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") addressed to "SPX Corp" and dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between SPX Filtran and the Debtors.

5903942.1 20396/098849

2. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) *(internal citations omitted)*.

3. SPX Filtran operated as a division of SPX Corporation for many years and was formerly known by the Debtors as "SPX Corporation, Filtran Division." In early 2009, SPX Corporation assigned the assets, including contracts with the Debtors, and liabilities of its Filtran Division to SPX Filtran LLC. SPX Filtran has ongoing business relationships with the Debtors.

4. SPX Corporation, including its numerous subsidiaries, affiliates, and divisions, including without limitation Service Solutions Tools & Equipment, Valley Forge Technical Information Systems, and Engineering Analysis Associates, also has ongoing business relationships with the Debtors.

5. Neither SPX Corporation nor SPX Filtran have any ownership interest in or affiliation with Contech US LLC ("**Contech LLC**"). SPX Corporation formerly operated a Contech division, but the Contech division was sold several years ago and SPX now believes that

the buyer named the new entity for that business, Contech US LLC. Neither SPX Corporation nor SPX Filtran have any information on any contracts that GM may have with Contech US LLC.

6. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and recently asserted $407,347.25 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009. The Cure Amount has changed on the Contract Website.

7. On the Contract Website, the Debtors identify 69 Assumable Executory Contracts to be assumed under Vendor Master ID 006024129, and reference "SPX Corp," "SPX Valley Forge Technical Inf", "Contech US LLC," "SPX Corporation" and "Filtran Division" as counter-parties to the Assumable Executory Contracts.

8. SPX Filtran is attempting to reconcile the information in the Cure Notice with its records, but, as of the date of this Objection, has been unable to complete the reconciliation process. The Contract Website does not provide sufficient detail to allow a ready reconciliation. The Cure Amount on the Contract Website has also changed.

9. SPX Filtran does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser to which SPX Filtran is a counter-party.

10. SPX Filtran also does not object to assumption and assignment of Assumable Executory Contracts to Purchaser to which SPX Corporation or any of its affiliates is a counter-party, subject to the respective rights of each entity with respect to the Cure Notice.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5903942.1 20396/098849

11. SPX Filtran does object, however, to the Cure Notice to the extent that the Cure Notice incorrectly includes contracts to which SPX Filtran is not a counter-party. SPX Filtran submits that individual cure notices should be issued to SPX Filtran, SPX Corporation, Contech US LLC, and each other party, in order to enable each of these entities to determine which of its respective Assumable Executory Contracts are being assumed and assigned, and the corresponding cure amounts.

12. SPX Filtran also objects, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts to which SPX Filtran is a counter-party.

13. Specifically, with respect to the Assumable Executory Contracts to which SPX Filtran is a counter-party, there is a prepetition balance owed to SPX Filtran in an amount that is not less than $417,787.15. SPX Filtran will supplement this Objection with additional supporting documentation upon the Debtors' request.

14. SPX Filtran also objects to the Cure Notice insofar as any postpetition performance by SPX Filtran of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

15. Notwithstanding the foregoing, SPX Filtran further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law including without limitation reclamation rights.

5903942.1 20396/098849

16. SPX Filtran further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with SPX Filtran that may or will be assumed and assigned but which have not been included in the Cure Notice.

17. SPX Filtran reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 12, 2009

Respectfully submitted,

CLARK HILL PLC

/s/ Joel D. Applebaum
Joel D. Applebaum (Mich. Bar No. P36774)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8579
japplebaum@clarkhill.com

Counsel to SPX Filtran LLC

5903942.1 20396/098849