David A. Rosenzweig  
Jaclyn Rabin  
FULBRIGHT & JAWORSKI L.L.P.  
666 Fifth Avenue  
New York, New York 10103  
Telephone:   (212) 318-3000  
Facsimile:    (212) 318-3400  

Objection Date:  June 15, 2009

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case Nos. 09-50026 (REG) |
|  | (Jointly Administered) |
| Debtor. |  |

### AT&T'S LIMITED OBJECTION TO THE NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

AT&T Corp., on its own behalf and on behalf of its subsidiaries and affiliates (collectively, "AT&T"), hereby files this limited objection to the Notices dated June 5, 2009 and June 11, 2009 of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notices") and in support thereof states as follows:

### BACKGROUND

1. On June 1, 2009, General Motors Corporation ("GM") and certain of its subsidiaries (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

70559343.5

2.  AT&T provides various telecommunications services and leases certain equipment to GM and its subsidiaries and affiliates. These services and equipment are provided pursuant to numerous contracts and leases (collectively, the "AT&T Contracts").

## THE SALE MOTION

3.  On June 1, 2009, the Debtors filed their Motion to Approve the Sale of the Purchased Assets and the Assumption and Assignment of the Purchased Assets, dated June 1, 2009 (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors propose to sell certain assets under the proposed Master Sale and Purchase Agreement (the "MPA") and related agreements among the Debtors to Vehicle Acquisition Holdings LLC (the "Purchaser") sponsored by the United States Department of the Treasury. The Sale Motion also provides for the Debtors to assume and assign various executory contracts and unexpired leases (the "Assumable Executory Contracts").

4.  On June 2, 2009, the Court entered an order (the "Order") setting the sale hearing for June 30, 2009 at 9:45 a.m. (the "Sale Hearing"). The Order provides for the Debtors to give notice of the Sale Hearing. The Order provides that the Debtors will give non-Debtor counterparties to the Assumable Executory Contracts, notice of such assumption and assignment and the proposed cure amount within three days after entry of the Order. Order at ¶9(c).

5.  The Order further provides that any objections to the proposed assumption and assignment of the Assumable Executory Contracts "must be made in writing, filed with the Court, and served on the Objection Deadline Parties … so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice … and must specifically identify in the objection the grounds therefor." Order at ¶10. The Order also states that, if an objection is untimely received, "the Non-Debtor Counterparty shall be deemed to have consented to the assumption and assignment of its respective Assumable Executory Contract and the respective

Cure Amount and shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Sellers, their estates, or the Purchaser." Id.

6.      On or about June 5, 2009, AT&T received the Notices, each of which referred to a schedule on a website containing a list of contracts that may be assumed (the "Schedules"). There are three Schedules which identify numerous contracts with AT&T with total proposed cure amounts of $9,107,129.13, $8,482.05, and $0, respectively. The Debtors' proposed cure amounts for the AT&T Contracts understate the amounts owed to AT&T.

**OBJECTION**

7.      AT&T does not object to the proposed assumption and assignment of the AT&T Contracts. Section 365(b)(1), however, provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A). Accordingly, the Debtors must cure all amounts owed under the AT&T Contracts in connection with any assumption and assignment.

8.      Based on information available at this time, AT&T's books and records indicate that the Debtors owe AT&T approximately $48,300,000.00 through May 31, 2009 (the "Cure Amount") under the AT&T Contracts.[1] The Cure Amount is comprised of the following: (a) approximately $27,600,000.00 owed by GM on account of services provided and equipment leased to GM, and (b) approximately $20,700,000.00 owed by GM pursuant to guarantees of certain contracts between AT&T and GM's affiliated entities.

---

[1]    The Cure Amount is based on (a) amounts invoiced to the Debtors as of the Petition Date, and (b) amounts either invoiced post-petition or not yet due for invoicing, but which relate to services rendered in the pre-petition period.

70559343.5                                  - 3 -

9. The Cure Amount is an estimate based on information gathered on an expedited basis under the time constraints dictated by the speed with which the Debtors' transaction is proceeding. As such, the AT&T reserves all of its rights to supplement and amend the Cure Amount as more information becomes available. AT&T and GM have already commenced constructive discussions aimed at reconciling amounts owed.

WHEREFORE, for the reasons stated above, AT&T objects to the Debtors' proposed cure amounts with respect to the AT&T Contracts and requests that the Court grant AT&T such other and further relief as deemed just and proper.

Dated: June 12, 2009

        Respectfully submitted,

        /s/ *David A. Rosenzweig*
        David A. Rosenzweig
        Jaclyn Rabin
        FULBRIGHT & JAWORSKI L.L.P.
        666 Fifth Avenue
        New York, New York  10128
        Telephone:     (212) 318-3000
        Facsimile:     (212) 318-3400

        Attorneys for AT&T

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing limited objection to the Notices dated June 5, 2009 and June 11, 2009 of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, was filed electronically via the ECF system with copies also mailed by overnight Express Mail on this 12th day of June 2009, to:

H.R. Miller, Esq., S. Karotkin, Esq., J.H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
*Counsel to the Debtors*

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

M. Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, D.C. 20220

J.J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
*Counsel to the Purchaser*

G.Z. Novod, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
*Counsel to the Creditors Committee*

M.J. Edelman, Esq., M.L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
*Counsel to Export Development Canada*

D.G. Adams, Esq.
Office of the United States Trustee, SDNY
33 Whitehall Street
21st Floor
New York, New York 10004

/s/ David A. Rosenzweig

David A. Rosenzweig