CARSON FISCHER, P.L.C.
Counsel for Bing Metals Group, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :    Chapter 11
                                                              :    Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,     :    (Jointly Administered)
                                                              :
        Debtors.                                              :
-------------------------------------------------------------x

# BING METALS GROUP, INC.'S LIMITED OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

**Bing Metals Group, Inc.** ("**Bing**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its limited objection to the proposed assumption and assignment of executory contracts with Bing.

## INTRODUCTION

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3. On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the **"Sale Motion"**) seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4. On June 2, 2009 the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the **"Sale Procedures Order"**).

5. With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the **"Assignment Notice"**).

6. Each Assignment Notice is to set forth instructions for accessing information from a contract website (the **"Contract Website"**) containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7. On or around June 8, 2009, Bing received the *Debtors' Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the **"Bing Assignment Notice"**), which indicates that Debtors intend to assume

and assign Debtors' agreements with Bing (the **"Bing Contracts"**) and propose a cure amount of $2,081,318.71 (the **"Proposed Cure Amount"**).

## OBJECTION

8.   Bing has no objection to the assumption of the Bing Contracts provided that the correct cure amount or amounts is paid. However, as of the time of this objection, Bing has been unable to verify that the Proposed Cure Amount is accurate.

9.   Since receiving the Assignment Notice, Bing has worked diligently to reconcile the Proposed Cure Amount with its records. Bing has accessed the Contract Website and has been in contact with the GM Help Desk. However, there are over 60,000 line items on the Contract Website and, presently, Bing has not been able to verify that the Proposed Cure Amount is accurate.

10.  Bing is continuing its efforts to reconcile the Proposed Cure Amount, however, given the objection deadline contained in the Assignment Notice, Bing files this limited objection to preserve its right to ascertain the correct cure amount owed by GM.

11.  Bing reserves the right to amend this objection, including but not limited to the right to object to the cure and assumption if it is determined that there are post-petition amounts owed and reserves the right to assert additional objections to the proposed assumption and assignment of the Bing Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Bing respectfully requests that the Court condition the Debtors' assumption and assignment upon the payment of the

3

correct cure amount owed and grant Bing such other and further relief as the Court deems just and proper.

                                                     CARSON FISCHER, P.L.C.
                                                     *Attorneys for Bing Metals Group, Inc.*

                                        By: /s/ Patrick J. Kukla
                                            Patrick J. Kukla (P60465)
                                            4111 Andover Road, West-2nd Flr.
                                            Bloomfield Hills, MI  48302
                                            Tele:  (248) 644-4840

Dated:  June 12, 2009