CARSON FISCHER, P.L.C.
Special Counsel for Behr GmbH & Co. KG
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Robert A. Weisberg (P26698)
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11
                                            :        Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,       :        (Jointly Administered)
                                            :
                    Debtors.                :
---------------------------------------------------------------x

### BEHR GMBH & CO. KG'S OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

Behr GmbH & Co. KG and certain of its subsidiaries[1] (collectively, **"Behr"**), by and through its attorneys, Carson Fischer, P.L.C., hereby states its objection to the proposed assumption and assignment of executory contracts with Behr.

### INTRODUCTION

1.      On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1] For purposes of this objection, Behr GmbH & Co. KG's subsidiaries include, Behr Thermot-tronik GmbH, Behr Czech s.r.o. and Behr France.

1

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the **"Sale Motion"**) seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4.      On June 2, 2009 the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the **"Sale Procedures Order"**).

5.      With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the **"Assignment Notice"**).

6.      Each Assignment Notice is to set forth instructions for accessing information from a contract website (the **"Contract Website"**) containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7.      On June 9, 2009, Behr received the *Debtors' Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and*

*Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the

**"Behr Assignment Notice"**), which indicates that Debtors intend to assume and assign

Debtors' agreements with Behr (the **"Behr Contracts"**)[2].    Based on the information

contained on the Contract Website, the proposed cure amount for the Behr Contracts is

€247,648.53  (the **"Proposed Cure Amount"**).    The Proposed Cure Amount consists of a

cure amount of  €247,399.42 owed to Behr GmbH, and €249.11 owed to Behr Thermot-

Tronik GmbH.

## OBJECTION

8.       Behr objects to the proposed assumption and assignment of the Behr

Contracts because the Proposed Cure Amount does not accurately reflect the amount

owed by the Debtors to Behr.

9.       Section 365(b) of the Bankruptcy Code provides that a debtor may not

assume an executory contract on which there has been a default, unless the debtor (i)

cures the default or provides adequate assurance that it will promptly cure the default;

(ii) compensates or provides adequate assurance that the debtor will promptly

compensate the non-debtor party for any actual monetary loss caused by the debtor's

default; and (iii) provides adequate assurance of future performance under the contract.

See 11 U.S.C. § 365(b); *In re U.S. Wireless Data, Inc.*, 547 F.2d 484, 489 (2nd Cir. 2008); *In*

*re Chateaugay Corp.*, 10 F.3d 944, 954 (2nd Cir. 1993).

---

[2] The Behr Assignment Notice also seeks to assume contracts with Behr America, Inc. and its subsidiaries.  The
assumption of the Behr America, Inc. contracts is addressed in a separate objection.

10.     The payment of cure claims strives to restore the debtor-creditor relationship to pre-default conditions by bringing the contract back into compliance with its terms. *U.S. Wireless* at 489; *In re Taddeo*, 685 F.2d 24, 26-27 (2nd Cir. 1982).

11.     Thus, in order to assume the Behr Contracts, the Debtors must cure all existing defaults.

12.     Contrary to the Proposed Cure Amount, the cure amount for the Debtors' defaults under the Behr Contracts is an amount not less than €612,771.13[3].  The cure amount owed consists of a cure of €612,771.13 owed to Behr GmbH.  Upon information and belief, a cure amount is also owed by the Debtors to Behr Thermot-tronik GmbH, Behr Czech s.r.o. and Behr France.[4]  However, based on the information available on the Contract Website, Behr has not been able to reconcile the specific cure amount owed to these Behr subsidiaries.  Behr does not object to the proposed cure amount with respect to Behr Thermot-tronik Mexico.

13.     If the Debtors intend to assume the Behr Contracts, the Debtors must pay Behr an amount not less than €612,771.13, plus the applicable cure amounts owed to Behr Thermot-tronik GmbH, Behr Czech s.r.o. and Behr France, once reconciled, as cure costs for the Debtors' defaults under the Behr Contracts.  Absent payment of an amount not less than €612,771.13, plus the additional amounts determined to be owed to Behr GmbH's subsidiaries, the Debtors are not entitled to assume the Behr Contracts.

---

[3] This cure amount does not take into consideration the cure amount owed by the Debtors under the contracts with Behr America, Inc. and its subsidiaries.  The cure amount for the Behr America contracts is addressed in a separate objection.
[4] The documentation supporting the cure amount owed is voluminous and, therefore, is not attached to this objection.  However, such supporting documentation is available for review upon request.

14.    Behr reserves the right to amend this objection, including but not limited to the right to object to the cure and assumption if it is determined that there are post-petition amounts owed, and reserves the right to assert additional objections to the proposed assumption and assignment of the Behr Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Behr respectfully requests that the Court condition the Debtors' assumption and assignment upon the payment of cure costs in an amount not less than €612,771.13, plus any additional amounts determined to be owed to Behr GmbH subsidiaries and grant Behr such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Special Counsel for Behr GmbH & Co. KG*

By:  /s/ Patrick J. Kukla
Robert A. Weisberg (P26698)
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI  48302
Tele:  (248) 644-4840

Dated:  June 12, 2009