CARSON FISCHER, P.L.C.
Counsel for Rush Trucking Corporation
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,           :    (Jointly Administered)
                                                :
        Debtors                                 :
-----------------------------------------------------------x

## RUSH TRUCKING CORPORATION'S LIMITED OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

**Rush Trucking Corporation** ("**Rush**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its limited objection to the proposed assumption and assignment of executory contracts with Rush.

### INTRODUCTION

1.      On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3.      On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the "**Sale Motion**") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4.      On June 2, 2009 the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the "**Sale Procedures Order**").

5.      With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the "**Assignment Notice**").

6.      Each Assignment Notice is to set forth instructions for accessing information from a website containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7.      On June 9, 2009, Rush received the *Debtors' Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the "**Rush Assignment Notice**"), which indicates that Debtors intend to assume and assign

2

Debtors' agreements with Rush (the "**Rush Contracts**"). No cure amount is stated so presumably the Debtors propose a cure amount of $0.00 (the "**Proposed Cure Amount**").

## **OBJECTION**

8.  Rush objects to the proposed assumption and assignment of the Rush Contracts because the Proposed Cure Amount does not accurately reflect the amount owed by the Debtors to Rush.

9.  Section 365(b) of the Bankruptcy Code provides that a debtor may not assume an executory contract on which there has been a default, unless the debtor (i) cures the default or provides adequate assurance that it will promptly cure the default; (ii) compensates or provides adequate assurance that the debtor will promptly compensate the non-debtor party for any actual monetary loss caused by the debtor's default; and (iii) provides adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b); *In re U.S. Wireless Data, Inc.*, 547 F.2d 484, 489 (2nd Cir. 2008); *In re Chateaugay Corp.*, 10 F.3d 944, 954 (2nd Cir. 1993).

10. The payment of cure claims strives to restore the debtor-creditor relationship to pre-default conditions by bringing the contract back into compliance with its terms. *U.S. Wireless* at 489; *In re Taddeo*, 685 F.2d 24, 26-27 (2nd Cir. 1982).

11. Thus, in order to assume the Rush Contracts, the Debtors must cure all existing defaults.

3

12. Contrary to the Proposed Cure Amount, the cure amount for the Debtors' defaults under the Rush Contracts is an amount not less than $434,673.00[1]. Since receiving the Rush Assignment Notice, Rush has worked diligently to verify the cure amount. Rush has accessed the Contract Website and has been in contact with the GM Help Desk. However, presently, Rush has not been able to confirm the specific cure amount owed. Rush asserts that the cure amount owed is not less than $434,673.00, however, the cure amount owed but might be an amount greater than that based on further reconciliation.

13. If the Debtors intend to assume the Rush Contracts, the Debtors must pay Rush no less than $434,673.00, as cure costs for the Debtors' defaults under the Rush Contracts. Absent payment of $434,673.00, plus any additional amounts determined to be owed, the Debtors are not entitled to assume the Rush Contracts.

14. Rush reserves the right to amend this objection, including but not limited to the right to object to the cure and assumption if it is determined that there are post-petition amounts owed, and reserves the right to assert additional objections to the proposed assumption and assignment of the Rush Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Rush respectfully requests that the Court condition the Debtors' assumption and assignment upon the payment of cure costs in an amount not less than $434,673.00, plus any additional amounts determined

---

[1] The documentation supporting the cure amount owed is to voluminous to attach. However, such supporting documentation is available for review upon request.

4

to be owed, and grant Rush such other and further relief as the Court deems just and proper.

                              CARSON FISCHER, P.L.C.
                              *Attorneys for Rush Trucking Corporation*

                              By: */s/ Patrick J. Kukla*
                                   Patrick J. Kukla (P60465)
                                   4111 Andover Road, West-2nd Flr.
                                   Bloomfield Hills, MI 48302
                                   Tele: (248) 644-4840

Dated: June 12, 2009