**Presentment Date and Time: June 19, 2009 at 12:00 p.m. (prevailing Eastern Time)**
                        **Objection Deadline: June 19, 2009 at 11:00 a.m. (prevailing Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **GENERAL MOTORS CORP.**, *et al.*, | : | 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------x | | |

### NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND TRAVELERS CASUALTY AND SURETY COMPANY PROVIDING FOR LIMITED MODIFICATION <u>OF THE AUTOMATIC STAY</u>

        **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") will present the Stipulation and Agreed Order Between and Travelers Casualty and Surety Company Providing for Limited Modification of the Automatic Stay (the "**Stipulated Order**") attached hereto to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander

A/73061607.2

Hamilton Custom House, One Bowling Green, New York, New York 10004 on **June 19, 2009 at 12:00 p.m. (prevailing Eastern Time)**.

The deadline to file any objections and responses to the Stipulated Order is **June 19, 2009, at 11:00 a.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Stipulated Order, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.   All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

If a written objection is timely served and filed, the Bankruptcy Court may schedule a hearing to consider the Stipulated Order before the Honorable Robert E. Gerber, United States Bankruptcy Judge, at Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

Objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Any objections or responses must also be served upon the following parties so as to be received no later than the Objection Deadline: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, PC, attorneys for EDC, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (ix) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (x) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xi) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz,

3

Esq.). (xii) Bingham McCutchen LLP, attorneys for Travelers Casualty and Surety Company, One State Street, Hartford, CT 06103 (Attn: Jonathan B. Alter, Esq.) and (xiii) and any person or entity with a particularized interest in the Stipulated Order, so as to be so filed and received by no later than

Dated: June 12, 2009
      New York, New York

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Joseph H. Smolinsky*
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

4

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re                                  :    Chapter 11 Case No.
                                       :
**GENERAL MOTORS CORP.,** *et al.*,    :    09-50026 (REG)
                                       :
                            Debtors.   :    (Jointly Administered)
                                       :
-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS**
**AND TRAVELERS CASUALTY AND SURETY COMPANY PROVIDING FOR**
**LIMITED MODIFICATION OF THE AUTOMATIC STAY**

General Motors Corporation ("**GM**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**GM**"), and Travelers Casualty and Surety Company of America and/or its parents, affiliates and subsidiaries ("**Travelers**" and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

A/73061607.2

## RECITALS

A.  On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases.

B.  On June 1, 2009, the Debtors also filed a motion requesting joint administration of these chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C.  In the ordinary course of their business, the Debtors are frequently required to provide to third parties financial assurance in the form of surety bonds to secure the Debtors' payment or performance of certain obligations and to comply with certain statutory requirements. The Debtors' prepetition surety bond program (the "**Prepetition Surety Bond Program**") is provided in part by Travelers. At this time, Travelers has active bonds provided on behalf of GM in the amount of over $192.5 million (the "**Prepetition Surety Bonds**") consisting predominantly of Self-Insurer's Workers' Compensation (or "**SIWC**") bonds. Travelers also has outstanding, among other categories of bonds, the following types of bond: U.S. Customs' bonds, paid loss retro bonds, appeal bonds and certain smaller limit bonds for games of chance, new/used car dealers, replevin, license bonds, fuel tax and utility bonds.

D.  Under the Prepetition Surety Bond Program, the Debtors entered into certain indemnity agreements and applications with Travelers (each of said agreements as

2

amended and modified from time to time and as in effect prior to the Commencement Date being referred to collectively as the "**Prepetition Indemnity Agreements**"). Pursuant to the Prepetition Indemnity Agreements, Travelers is entitled to recover, among other things, the full amount of its loss on a surety bond from the Debtors subject to the terms and conditions thereunder.

     E. Travelers requires GM to obtain and provide collateral to support, secure and back any of GM's obligations to Travelers under the surety bonds and the indemnity agreements under the Prepetition Surety Bond Program. As of the Commencement Date, the Debtors had approximately $197,290,558.21 with accrued interest in the amount of $245,430.79 in pledged accounts at SmithBarney. The funds in the pledged accounts, which serve as collateral for the Prepetition Surety Program (the "**Collateral**"), are invested in money market funds approved by the National Association of Insurance Commissioners that can liquidate in one business day and are made up of government treasuries with no repurchase agreements.

     F. Demand has been made upon Travelers by various states as obligees for payments under the bonds issued by Travelers, and Travelers requires the use of the Collateral to pay the claims and reduce the penal sums of the bonds. Specifically, demand has been made by the States of Georgia, New Jersey and Oklahoma with payments demanded to be paid on June 19, 2009, June 20, 2009 and July 1, 2009, respectively. The affected bonds are listed on <u>Schedule A</u> attached hereto and made a part hereof.

     G. This Stipulation is consistent with the Order Pursuant to 11 U.S.C. §§ 363(b), 503(b), and 105(a) and FED. R. BANKR. P. 6003 and 6004 (I) Authorizing Debtors to (a) Continue Their Liability, Product Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to

Honor and Process Checks and Transfers Related to Such Obligations [Docket No. 172] and other "First Day Orders" entered by the Court on June 1, 2009.

H.      The Parties have entered into this Stipulation to consensually modify the automatic stay in the Chapter 11 Cases solely to the extent necessary to allow Travelers to apply the Collateral as and to the extent necessary to pay the pending bond claims submitted by the States of Georgia, New Jersey and Oklahoma and insure the continuation of the payment of GM's injured employees' self-insured workers' compensation benefit claims and the reduction of the penal sums of the bonds.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.      The automatic stay provided for under section 362(a) of the Bankruptcy Code is modified solely to the extent necessary to allow Travelers to apply the Collateral as and to the extent necessary to pay the pending bond claims submitted by the States of Georgia, New Jersey and Oklahoma. Travelers reserves its right to assert any claims or defenses relating to such bond demands.  Notice of any payments made by Travelers on the bonds referenced in Schedule A will be provided to the Debtors and the Committee within 3 business days of the date of payment.

2.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to the limited modification of the automatic stay under section 362(a) of the Bankruptcy Code provided in Paragraph 1 of this Stipulation.

3.      Nothing contained herein shall constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code.

4. This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

5. This Stipulation sets forth the entire understanding of the Parties hereto and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

6. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

7. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

Dated: June 12, 2009
      New York, New York

| **BINGHAM MCCUTCHEN LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ *Jonathan B. Alter* <br> Jonathan B. Alter | /s/ *Joseph H. Smolinsky* <br> Harvey R. Miller <br> Stephen Karotkin <br> Joseph H. Smolinsky |
| One State Street <br> Hartford, Connecticut 06013 <br> Telephone: (860) 240-2969 <br> Facsimile: (860) 240-2800 | 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 |
| Attorneys for Travelers Casualty and Surety Company | Attorneys for the Debtors and Debtors in Possession |

Dated: _____, 2009
      New York, New York


_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

6

A/73061607.2

## Schedule A

| Principal | Obligee | Bond Number | Amount of Bond | Demand Amount | Payment |
|---|---|---|---|---|---|
| General Motors Corporation | GA SI Gty. Trust Fund | 104203286 | $16,355,000 | $16,355,000 | 15 days |
| General Motors Corporation | NJ Cmmr Labor & Industry | 104699317 | $9,000,000 | $9,000,000 | 15 days |
| General Motors Corporation | OK Workers' Comp. Court | 104699292 | $8,400,000 | Begin paying claims | 30 days |