William B. Sullivan, Esq.
**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
One West Fourth Street
Winston-Salem, North Carolina 27101
 (336) 721-3506

Christopher J. Battaglia, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100

*Counsel for RCR Enterprises, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**GENERAL MOTORS CORP.**, *et al.*                           :    09-50026 (REB)
                                                             :
            Debtors.                                         :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### LIMITED OBJECTION OF RCR ENTERPRISES, LLC TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

RCR Enterprises, LLC and its affiliates (collectively "RCR"), by and through their undersigned counsel, hereby submits this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Notice"), served upon RCR by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

{00080617.2 / 0744-001}

**Background**

1. The Debtors filed their voluntary chapter 11 petitions on June 1, 2009 (the "Petition Date").

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, including, in relevant part, procedures regarding the Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors served the Notice on RCR, indicating that the Debtors intend to assume and assign their executory contract with RCR (the "Contract"). In addition, on their Contract Website, the Debtors represent that the cure amount needed to assume and assign the Contract is $0 (the "Cure Amount"). Although no amount is currently owed under the Contract, a payment by the Debtors to RCR in the amount of $2,538,750 is due under the Contract on June 15, 2009.

4. June 15, 2009 is also the Objection Deadline specified in the Notice. Unless RCR files and serves this Objection so that it is received by this Court and various counsel by the Objection Deadline, the Notice provides that RCR shall be deemed to have consented to the Cure Amount of $0 and "be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser."

**Objection**

5. RCR objects to the Notice insofar as it seeks to bar RCR from objecting to the Cure Amount of $0 and from asserting any additional cure or other amount against the Debtors, their estates or the Purchaser (assignee of the Contract) even if, between now and when the Contract is ultimately assumed and assigned, liabilities accrue and the Debtors default under the

2

Contract, including but not limited to failing to pay the sum of $2,538,750 that is due on June 15, 2009.  Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption.  The cure obligation applies to both pre-petition and post-petition defaults. *E.g.*, *In re Stolz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999).

6. RCR does not otherwise object to the Notice or to the Debtors' proposed assumption and assignment of the Contract, provided that any and all amounts owed by the Debtors at the time of assumption and assignment of the Contract must be cured by the Debtors in accordance with the terms of the Bidding Procedures Order and section 365(b)(1) of the Bankruptcy Code.

(remainder of page intentionally blank)

{00080617.2 / 0744-001}

**WHEREFORE**, RCR respectfully requests this Court: (i) deny the proposed assumption and assignment of the Contract on the terms proposed by the Debtors and instead determine the appropriate cure amount, if any, due to RCR at the time of assumption of the Contract pursuant to section 365(b)(1) of the Bankruptcy Code; (ii) require that the Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under the Contract that exist at the time of Debtors' assumption and assignment of the Contract to the Purchaser but that are not then in default or otherwise cured by the Debtors, and (iii) grant such other and further relief as is just and appropriate in the circumstances.

Dated: New York, New York
June 12, 2009

        **HALPERIN BATTAGLIA RAICHT, LLP**

        By: */s/ Christopher J. Battaglia*
        Christopher J. Battaglia, Esq.
        555 Madison Avenue – 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile: (212) 765-0964
        Email: cbattaglia@halperinlaw.net

        -and-

        **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

        William B. Sullivan
        One West Fourth Street
        Winston-Salem, North Carolina 27101
        Telephone: (336) 721-3506
        Facsimile: (336) 733-8365
        Email: wsullivan@wcsr.com

        *Counsel for RCR Enterprises, LLC*

{00080617.2 / 0744-001}