BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Mark R. Owens, Esq.

*Counsel for Hirata Corporation of America*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*[1] | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF HIRATA CORPORATION OF AMERICA TO
CURE AMOUNT PROPOSED BY THE DEBTORS WITH RESPECT TO
(I) DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND
(m) AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE
(A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF;
AND (II) SCHEDULE SALE APPROVAL HEARING AND (II) NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
<u>AND (II) CURE AMOUNTS RELATED THERETO</u>**

Hirata Corporation of America ("Hirata"), by and through its undersigned counsel,

hereby files its Limited Objection (the "Limited Objection") to the cure amount(s) proposed by

---

[1] The Debtors and their respective Tax ID numbers are as follows:  General Motors Corporation, Tax ID No. 38-0572515; Saturn, LLC, Tax ID No. 38-2577506; Saturn Distribution Corporation, Tax ID No. 38-2755764; and Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707.

the Debtors with respect to (I) Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Other Related Relief and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "Motion to Assume and Assign"); and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice") dated June 5, 2009.  In support of its Limited Objection, Hirata respectfully states as follows:

**Background**

1. On June 1, 2009, the Debtors in the above-captioned case filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (as amended, the "Bankruptcy Code").

2. On June 1, 2009, the Debtors filed the Motion to Assume and Assign.

3. On June 2, 2009, the Court entered its Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice [Docket No. 274] (the "Sale Procedures Order").

4. Hirata received the Notice on June 8, 2009, which Notice identified certain executory contracts between the Debtors and Hirata for assumption by the Debtors and

2

assignment to the Purchaser[2] and provided information and procedures for Hirata to log onto a certain website to obtain the Debtors' proposed cure amount(s).

5. Hirata has logged onto the website provided by the Debtors numerous times and, pursuant to the website, (i) only twenty-one (21) (the "Identified Contracts"),[3] and not all, of the contracts between the Debtors and Hirata were identified as contracts to be assumed by the Debtors and assigned to the Purchaser; and (ii) the aggregate proposed cure amount for the twenty-one (21) contracts is $70,656.86 (the "Debtors' Proposed Cure Amount"), which is different than what is indicated on Hirata's books and records. The website only lists cure information for these Identified Contracts under the Remit DUNS number ending in *******9124, but Hirata does business with the Debtors under other DUNS numbers. Hirata has called the call center in an effort to investigate the issue and has been provided an Issue Number 2009.4691, but has been unable to identify if additional contracts are listed by the Debtors for assumption and assignment by some other DUNS number associated with Hirata. Therefore, this Limited Objection only addresses the Identified Contracts that Hirata was able to view on the website and Hirata reserves and preserves its rights, including its right(s) to object to the assumption, assignment and/or cure amount(s), with respect to any additional contracts.

---

[2] Undefined, capitalized terms shall have the meanings ascribed to such terms in the Notice.

[3] One of the contracts identified by the Debtors to be assumed by the Debtors and assigned to the Purchaser (GM Contract ID K557408) is a contract between Hirata and a Canadian affiliate of the Debtors. It is Hirata's understanding that this Canadian affiliate is not in bankruptcy and, thus, this contract should not have been identified as a contract to be assumed by the Debtors and assigned to the Purchaser and should be paid in the ordinary course of business. Hirata reserves and preserves its right with respect to this contract. Additionally, PO Number GMS22789 relating to BOL 16225R is listed twice and PO Number GMS22789 relating to BOL 16534 and BOL 16534A are inaccurate and should relate to BOL 16730. Hirata cannot identify GM Contract ID WAS96433 in its books and records. Hirata has addressed and corrected these issues on Exhibit A attached hereto and reserves and preserves its rights with respect to such corrections and contracts that Hirata could not identify. Further, with respect to the two blanket purchase orders listed by the Debtors as Identified Contracts, Hirata objects to the assumption and assignment of those blanket purchase orders to the extent that all outstanding invoices under the blanket purchase orders are not paid in full.

**Limited Objection**

6. Hirata objects to the Debtors Proposed Cure Amount because (i) certain of the Identified Contracts require payment in Japanese Yen and the Debtors converted the amounts owed to Hirata to United States Dollars and (ii) certain of the Identified Contracts either did not list the correct cure amount or did not list any cure amount. As more fully set forth in Exhibit A, which is attached hereto and incorporated herein by reference, the aggregate amount necessary to cure all existing defaults under the Identified Contracts, as corrected by Hirata in Exhibit A and as explained in footnote 3, is ¥21,630,791 Japanese Yen for certain of the Identified Contracts that require payment in Japanese Yen and $549,518.10 United States Dollars for certain of the Identified Contracts that require payment in United States Dollars (collectively, the "Hirata Cure Amount").[4] The Hirata Cure Amount does not include post-petition obligations due and owing from the Debtors to Hirata in furtherance of Hirata's ongoing obligations to the Debtors.

7. Since receiving the Notice, Hirata has engaged in business to business communications with the Debtors and is providing the Debtors with the details and justification for the Hirata Cure Amount. Although constructive progress has been made to clarify these discrepancies through said business contacts, no formal resolution has been reached by the Debtors and Hirata.

8. Hirata has absolutely no objection to the identification of its contracts by the Debtors as contracts to be assumed by the Debtors and assigned to the Purchaser.

---

[4] For purposes of protecting confidential and/or sensitive information, copies of the Purchase Orders, Bills of Lading, Invoices and other documents have not been attached to this Limited Objection, but are available to the appropriate parties upon request.

9. Hirata is filing this Limited Objection so as to comply with the Order, Motion to Assume and Assign and Notice and to preserve its rights thereunder, but, as previously noted, Hirata is simultaneously engaged in business-to-business discussions with the Debtors in an effort to reconcile the cure amount differences.

10. Section 365(b)(1) of the Bankruptcy Code provides:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -- (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ….

11. Hirata only objects to the Motion on the following grounds:

   a. the Debtors' Proposed Cure Amount is insufficient to cure all existing defaults under the Identified Contracts within the meaning of Section 365 of the Bankruptcy Code;

   b. the Debtors' Proposed Cure Amount does not include charges incurred by the Debtors, but not yet invoiced by Hirata;

   c. the Debtors' Proposed Cure Amount is in the wrong currency;

   d. the Debtors' Proposed Cure Amount does not include the Debtors' post-petition obligations to Hirata in furtherance of Hirata's ongoing obligations to the Debtors; and

   e. the Notice does not clarify the intentions of the Debtors and the Purchaser with respect to the timing and ongoing responsibility for payment of certain "holdback" amounts for goods and services previously provided to the Debtors by Hirata.

12. Accordingly, Hirata objects to the Debtors' Proposed Cure Amount pursuant Section 365 of the Bankruptcy Code to the extent that the Debtors' Proposed Cure Amount is

less than 100% of the actual pre-petition and post-petition obligations owed by the Debtors to Hirata as of the assumption and assignment of the Identified Contracts.

13. As previously noted, only twenty-one (21), and not all, contracts between the Debtors and Hirata have been identified as contracts to be assumed by the Debtors and assigned to the Purchaser. Hirata believes that the Debtors' failure to list all contracts between the Debtors and Hirata as contracts to be assumed by the Debtors and assigned to the Purchaser was an oversight by the Debtors. Therefore, attached hereto as <u>Exhibit B</u> is a list of the remaining contracts between the Debtors and Hirata that have not been identified by the Debtors as being assumed by the Debtors and assigned to the Purchaser along with what Hirata's books and records indicate the cure amount would be as of the date of this Limited Objection.[5] Since the contracts listed on Exhibit B are not part of the Notice, a deadline does not currently exist for Hirata to object to the assumption and assignment (including the cure amount(s)) of these contracts and Hirata reserves and preserves its rights with respect to these contracts and to adjust the cure amount(s) in the future based upon unknown facts and circumstances and as justice requires.

14. This Limited Objection sets forth Hirata's objections under appropriate headings. Hirata respectfully requests that the requirements of Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Hirata Corporation of America respectfully requests that if the Debtors and Hirata do not agree upon the amounts owed to Hirata as evidenced by the attached <u>Exhibit</u>

---

[5] For purposes of protecting confidential and/or sensitive information, copies of the Purchase Orders, Bills of Lading, Invoices and other documents have not been attached to this Limited Objection, but are available to the appropriate parties upon request.

6

A, that the Court enter an Order: (i) sustaining Hirata's objections as raised herein and denying the Motion to Assume and Assign and Notice to the extent payment to Hirata is an amount less than the Hirata Cure Amount plus all post-petition obligations owed by the Debtors to Hirata in furtherance of Hirata's ongoing obligations to the Debtors; and (ii) for all other and further relief that is just and proper.

Dated:  June 12, 2009
       Indianapolis, Indiana

**BARNES & THORNBURG LLP**

/s/ Mark R. Owens
Mark R. Owens
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
E-Mail:  mowens@btlaw.com

*Counsel for Hirata Corporation of America*

INDS01 MOWENS 1130260v1