**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (*pro hac vice* application pending)
Daniel R. Murray (*pro hac vice* application pending)

Proposed Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **GENERAL MOTORS CORP.,** *et al.*, | : | 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

# NOTICE OF DEBTORS' SECOND OMNIBUS MOTION TO
# REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

PLEASE TAKE NOTICE that the Court will hold a hearing to consider entry of an order granting the relief requested in respect of the following motion, which hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **June 30, 2009 at 9:45 a.m. (Eastern Time)**.

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

- Debtors' Second Omnibus Motion to Reject Certain Unexpired Leases of Nonresidential Real Property (the "**Motion**").

Objections to the Motion must be made in writing, filed with the Court, and served upon the following so as to be actually received not later than **4:00 p.m. (Eastern Time) on Thursday, June 25, 2009** (the "**Objection Deadline**"): (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.) and Jenner & Block, LLP, 330 North Wabash Avenue, Chicago, Illinois 60611-7603 (Attn: Daniel R. Murray, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States of America, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for EDC, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H. Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

(Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.).

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182.

Dated: New York, New York
       June 12, 2009

JENNER & BLOCK LLP

By: */s/ Patrick J. Trostle*

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (*pro hac vice* application pending)
Daniel R. Murray (*pro hac vice* application pending)

Proposed Special Counsel for Debtors
and Debtors in Possession

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (*pro hac vice* application pending)
Daniel R. Murray (*pro hac vice* application pending)

Proposed Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| **GENERAL MOTORS CORP.**, *et al.*, | : | 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |
| ----------------------------------------------------------------x | | |

**DEBTORS' SECOND OMNIBUS MOTION TO**
**REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

TO THE HONORABLE ROBERT E. GERBER, UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

5

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

## Relief Requested

1. Pursuant to section 365(a) of chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject two (2) unexpired leases (the "**Leases**"[1]) of real property identified on **Exhibit A** attached hereto, effective as of June 30, 2009.[2]  A proposed order is attached hereto as **Exhibit B**.

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Description of the Leases

3. The Debtors are currently undergoing a comprehensive review of their respective leases to determine which leases to assume and which to reject.  Because the Debtors are in the process of selling substantially all of their assets and winding down their remaining operations, the Debtors no longer require certain office space and anticipate closing a number of office locations in the immediate future.  The Leases that are the subject of this Motion are for zone offices that the Debtors no longer need to maintain for their continued operations.  Therefore, the Debtors have determined, in their sound business judgment, that continuing the Leases would be burdensome to the Debtors and would provide no corresponding benefit or

---

[1] Each Lease includes any modifications, amendments, addenda, or supplements thereto or restatements thereof.

[2] Copies of individual Leases will be made available to any party in interest upon request to the Debtors' undersigned attorneys.  This Motion is without prejudice to the Debtors' right to claim that any one or all of the Leases expired by their own terms or were terminated prior to the effective date of rejection, as the case may be. Moreover, nothing herein shall be deemed an admission that the Leases are enforceable obligations of the Debtors, are executory in nature, or that the landlord identified on Exhibit A has a valid claim against the Debtors as a result of the rejection requested herein.  The terms of the Leases described in this Motion are not intended to modify or represent the Debtors' interpretation of the terms of any Lease.

6

09-50026-mg    Doc 943    Filed 06/12/09    Entered 06/12/09 19:53:36    Main Document
Pg 7 of 9

Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)
Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)

value to the Debtors or their estates. Accordingly, the Debtors submit this Motion to reject the Leases.

4. The Debtors have vacated or intend to vacate the premises under the Leases on or before June 30, 2009. The Debtors therefore propose that the rejections of the Leases be effective as of June 30, 2009.

### Rejection of the Leases is Supported By the Debtors' Business Judgment and Should Be Approved By the Court

5. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

6. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y.

7

1994), aff'd, 187 B.R. 111 (S.D.N.Y. 1985) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

7.  The Debtors have reviewed the Leases and have determined that they are no longer of value or utility to the Debtors or their estates. The Debtors are reducing the number of vehicle sales, service, and marketing zone offices, consolidating offices, and eliminating leases in which there is no GM occupancy. Additionally, the Debtors have determined that the Leases have no marketable value that could be realized by assuming and assigning the Leases to a third party. Accordingly, the Debtors no longer require such space and, in their business judgment, have determined that the Leases should be rejected.

8.  In light of the foregoing, the Debtors respectfully request that the Court approve rejection of the Leases under section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of their business judgment.

**Notice**

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of

**Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)**

America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the counterparties to the Leases, and (xiv) all entities that have requested notice in these chapter 11 cases under Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 12, 2009

> JENNER & BLOCK LLP
>
> By: */s/ Patrick J. Trostle*
>
> 919 Third Avenue, 37th Floor
> New York, New York 10022-3908
> Telephone:  (212) 891-1600
> Facsimile:  (212) 891-1699
> Patrick J. Trostle
> Heather D. McArn
>
> 330 North Wabash Avenue
> Chicago, Illinois 60611-7603
> Telephone:  (312) 222-9350
> Facsimile:  (312) 527-0484
> Joseph P. Gromacki (*pro hac vice* application pending)
> Daniel R. Murray (*pro hac vice* application pending)
>
> Proposed Special Counsel for Debtors
> and Debtors in Possession