**Hearing Date and Time: June 25, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: June 19, 2009 at 4:00 p.m. (Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki (*pro hac vice* application pending)
Daniel R. Murray (*pro hac vice* application pending)

Proposed Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                           :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.*, | : | **09-50026 (REG)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT TO**
**SECTION 327(e) OF THE BANKRUPTCY CODE AND**
**RULES 2014(a) AND 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN**
**JENNER & BLOCK LLP AS ATTORNEYS FOR THE DEBTORS,**
**NUNC PRO TUNC TO THE COMMENCEMENT DATE**

TO THE HONORABLE ROBERT E. GERBER:

General Motors Corporation (**"GM"**) and its affiliated debtors, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**),[1] submit this

application (the **"Application"**) for an order under 11 U.S.C. §§ 327(e) authorizing the Debtors

---

[1] The Debtors are: General Motors Corporation (Case No. 09-50026), Chevrolet-Saturn of Harlem, Inc. (Case No. 09-13558), Saturn, LLC (Case No. 09-50027), and Saturn Distribution Corporation (Case No. 09-50028 ).

to employ Jenner & Block LLP (**"Jenner & Block"**) as their attorneys, *nunc pro tunc* to the Commencement Date (as defined below), and respectfully represent as follows:

**Background**

1.      On June 1, 2009 (the **"Commencement Date"**), the Debtors each commenced with this Court a voluntary case (collectively, the **"Chapter 11 Cases"**) under chapter 11 of title 11, United States Code (the **"Bankruptcy Code"**).  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

2.      By Order of this Court on June 1, 2009 [Docket No. 156], the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered by the Court.

3.      On June 3, 2009, Diana G. Adams, the United States Trustee for Region 2, filed the Appointment of Committee of Unsecured Creditors (the **"Creditors' Committee"**) [Docket No. 356].

4.      Additional information regarding the circumstances leading to the filing of the Chapter 11 Cases and the Debtors' businesses and capital structures is contained in the Affidavit of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2, filed on the Commencement Date [Docket No. 21].

**Jurisdiction and Venue**

5.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Application, the Debtors seek authority pursuant to section 327(e) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the **"Local Bankruptcy Rules"**), to retain and employ Jenner & Block as their attorneys in the Chapter 11 Cases, *nunc pro tunc* to the Commencement Date. In support of this Application, the Debtors submit the Declaration of Daniel R. Murray, a partner at Jenner & Block (the **"Murray Declaration"**), a copy of which is attached hereto as **Exhibit A**.

## Basis for the Relief Requested

7. The retention of Jenner & Block under the terms described herein is appropriate under Bankruptcy Code section 327(e). Section 327(e) provides that the debtor,

> with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed..

11 U.S.C. § 327(e).

8. Debtors also propose to retain Jenner & Block in the capacity of conflicts counsel. To the extent that its retention in that capacity requires it to satisfy the standards set forth in section 327(a) of the Bankruptcy Code, Jenner & Block also satisfies the standards for retention set forth in that provision. Section 327(a) sets out a general two-part test that requires professionals working for the trustee to (1) hold no interest adverse to the estate, and (2) be disinterested persons. Section 327(a) is limited by subsection (c). Subsection (c) provides that a person is "not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the

3

United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c); *see also* 11 U.S.C. § 1107(b) (a person is not disqualified for employment under section 327 solely because of such person's employment by or representation of the debtor before the commencement of the case).

9.    As set forth herein and based upon the Murray Declaration, the Debtors submit that Jenner & Block does not hold any interest adverse to the Debtors' estates, that it is a "disinterested person," and that its application should be approved.

## A.    The Retention of Jenner & Block.

10.    The Debtors have selected Jenner & Block as their attorneys because of the firm's knowledge of the Debtors' businesses and financial affairs and because of the firm's extensive general experience and knowledge, including its expertise in business reorganizations under chapter 11 of the Bankruptcy Code and in sophisticated and complex corporate and transactional matters.

11.    Since 2002, Jenner & Block has regularly provided GM with legal counsel on a variety of matters, including corporate and securities matters, significant transactions, regulatory investigations, and product liability and other litigation. Additionally, certain Jenner & Block professionals have represented GM in corporate and securities matters for a significant time prior to 2002 during the course of their affiliation with another law firm. As a consequence, Jenner & Block professionals are intimately familiar with the Debtors' businesses and financial affairs, as well as with the issues facing the Debtors in the Chapter 11 Cases.

12.    Jenner & Block's professionals have worked closely with the Debtors' management and other professionals in connection with various prepetition matters, including:

(a)    Serving as counsel to GM in connection with its April 27, 2009 public exchange offer;

4

> (b)  Providing counsel to GM in connection with GM's structuring of, and negotiations with the United States Department of the Treasury (the **"U.S. Treasury"**) and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the **"UAW"**) with respect to, the proposed section 363 sale transaction (the **"363 Transaction"**) and related matters;
>
> (c)  Negotiating, drafting, and assisting GM in structuring the proposed Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, dated as of June 1, 2009 (the **"MPA"**) and all ancillary documents; and
>
> (d)  Providing general counsel to GM regarding its anticipated restructuring.

13.   In addition, in collaboration with Weil, Gotshal & Manges LLP (**"WGM"**), Jenner & Block's professionals have provided advice to the Debtors in connection with the Debtors' prepetition restructuring efforts and have otherwise assisted the Debtors in preparing for the commencement of these Chapter 11 Cases.

14.   Accordingly, Jenner & Block's lawyers are well acquainted with the Debtors' history, business operations, capital structure and related matters, and Jenner & Block has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Chapter 11 Cases.  The Debtors believe that Jenner & Block is both well qualified and uniquely able to represent them in connection with the specific matters set forth herein.

15.   The Debtors are also filing applications to retain other professionals, including an application to retain WGM as general bankruptcy counsel.  The Debtors respectfully submit that the size and complexity of the Chapter 11 Cases, coupled with the critical need to expeditiously consummate the 363 Transaction, warrant the retention of Jenner & Block as additional bankruptcy counsel to the Debtors.  The Debtors intend to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in the Chapter 11 Cases and will clearly delineate their respective duties so as to avoid duplication of effort, whenever possible.

Moreover, Jenner & Block and WGM have collaborated and coordinated closely together for
GM in the past, including with respect to certain prepetition matters discussed in paragraphs 12
and 13 above.  It is anticipated that the efficient coordination of efforts of the Debtors' attorneys
and other professionals will greatly add to the progress and to the effective and efficient
administration of the Chapter 11 Cases.

**B.     Scope of Services.**

16.     Subject to the Court's approval, WGM and Jenner & Block will both be retained
as counsel to the Debtors.   The Debtors believe that, due to its past representation of GM and its
prepetition work with respect to the 363 Transaction, Jenner & Block is uniquely qualified to
provide specific services to the Debtors.  In particular, Jenner & Block will advise the Debtors
on:

       (a)     General bankruptcy matters for which WGM cannot represent the Debtors
because of a conflict;

       (b)     Transactional and bankruptcy issues related to the MPA and the 363
Transaction, including the implementation thereof;

       (c)     Corporate and securities matters;

       (d)     Certain litigation matters, including issues arising from the MPA and the
363 Transaction, product liability suits, equipment financing disputes,
securities investigations and litigation, contract and lease assumptions and
rejections, and such litigation disputes as may arise from any of the
foregoing; and

       (e)     Any other matters as the Debtors may specifically request during the
pendency of the Chapter 11 Cases for which WGM is not advising the
Debtors.  Jenner & Block will notify the Office of the United States
Trustee of any material additional engagements.

**C.     Jenner & Block's Disinterestedness.**

17.     To the best of the Debtors' knowledge, and as set forth more fully in the Murray
Declaration, the partners of, counsel to, and associates of Jenner & Block do not hold or

represent any interest adverse to the Debtors, and do not have any connection with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as may be set forth in the Murray Declaration.

18.      Based on the Murray Declaration, Jenner & Block is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Jenner & Block will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Jenner & Block will supplement its disclosure to the Court.

**D.      Professional Compensation.**

19.      As set forth in the Murray Declaration, Jenner & Block intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the **"United States Trustee Fee Guidelines"**), and all orders of this Court governing professional services performed and expenses incurred.  To that end, Jenner & Block has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court. All of Jenner & Block's fees and expenses will be subject to Bankruptcy Court approval.

20.      Jenner & Block has advised the Debtors that it will charge the Debtors for its legal services on an hourly basis in accordance with rates charged prepetition to GM and consistent with its prior billing practices.  Jenner & Block's billing rates for the professionals

7

expected to work on this matter currently range from $440 to $960 per hour for partners, $275 to

$520 per hour for associates, $385 to $725 for counsel, and $125 to $275 per hour for

paraprofessionals.  These hourly rates are subject to adjustment on a periodic basis.

21.     In addition to the hourly rates set forth above, Jenner & Block has advised the

Debtors that it will seek reimbursement for all actual out-of-pocket expenses incurred by Jenner

& Block on the Debtors' behalf, such as photocopying services, printing, delivery charges, filing

fees, postage, travel expenses, computer research time and other disbursements.  All requests for

reimbursement of expenses will be consistent with the United States Trustee Fee Guidelines and

the requirements established by this Court.

22.     As disclosed in the Murray Declaration, Jenner & Block received prepetition

retainers totaling $6,500,000 (the **"Retainer"**).  Consistent with the terms of its prepetition

engagement letter with GM, Jenner & Block has drawn down on the Retainer to compensate it

for services provided to GM.  Prior to the Commencement Date, Jenner & Block applied

amounts due from GM (including, an estimate of the amounts that would be incurred through the

filing of the petitions (the **"Estimated Amount"**)) as compensation for professional services,

including services performed in connection with the potential commencement of the Chapter 11

Cases and the contemplated 363 Transaction, as well as for the reimbursement of reasonable and

necessary expenses incurred in connection therewith.  As of the Commencement Date, the

Debtors do not owe Jenner & Block any amounts for legal services rendered or expenses

incurred before the Commencement Date.  Postpetition, the remainder of the Retainer will

constitute a postpetition retainer (the **"Postpetition Retainer"**).  To the extent finally reconciled

billings show that the Estimated Amount exceeded actual, finally reconciled pre-petition billings,

the difference will be added to the Postpetition Retainer.  Without regard to any such addition

from the Estimated Amount, the Postpetition Retainer stands at $384,906.47.  Jenner & Block

will not draw down on the Postpetition Retainer without first seeking and obtaining Court

approval.

23.     From December 11, 2008 through the Commencement Date, Jenner & Block

received approximately $11,030,168.36 in fees and $259,585.21 in expense reimbursement from

GM for services rendered in contemplation of or in connection with the Chapter 11 Cases.

24.     In addition to services provided on an hourly basis, Jenner & Block also provided

the Debtors with legal services prior to the Commencement Date on a flat fee basis in certain

specified product liability and property damage matters.  With respect to property damage

matters, Jenner & Block is party to an agreement dated August 17, 2007, pursuant to which

Jenner & Block provided services in certain property damage matters in exchange for a flat

quarterly fee, payable at the commencement of each quarter (commencing as of July 1, 2007) for

a period of two years.  All quarterly fees due under the agreement were paid as and when agreed.

The agreement to provide these services expires by its terms on June 30, 2009, and no further

payments are or will be due from the Debtors in connection with it.  With respect to eight

separate personal injury matters, Jenner & Block was entitled to receive a total of $180,000 in

flat fees as follows:  a total of $35,000 on or about June 1, 2009, a total of $17,500 on or about

July 1, 2009, a total of $25,000 on or about August 1, 2009, a total of $35,000 on or about

December 1, 2009, a total of $17,500 on or about January 1, 2010, a total of $25,000 on or about

February 1, 2010, and a total of $25,000 on or about August 1, 2010 (collectively, the **"Product

Litigation Flat Fees"**).  By letter to the Debtors dated May 27, 2009, Jenner & Block waived

any entitlement to any of the Product Litigation Flat Fees.

25.     As required by Section 504 of the Bankruptcy Code, Jenner & Block has not

agreed, and will not agree, to share any compensation or reimbursement received in connection

with the Chapter 11 Cases with another person except pursuant to the partnership agreement of

Jenner & Block.

## **Notice**

26.     Notice of this Motion has been provided to:

   (a)    The Office of the United States Trustee for the Southern District of New York;

   (b)    The attorneys for the U.S. Treasury;

   (c)    The attorneys for Export Development Canada;

   (d)    The attorneys for the agent under GM's prepetition secured term loan agreement;

   (e)    The attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement;

   (f)    The attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases;

   (g)    The members of the Creditors' Committee;

   (h)    The attorneys for the UAW;

   (i)    The attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America;

   (j)    The United States Department of Labor;

   (k)    The attorneys for the National Automobile Dealers Association;

   (l)    The attorneys for the ad hoc bondholders committee;

   (m)    The U.S. Attorney's Office; and

   (n)    All entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.

The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided

      27.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order in substantially the form attached hereto as **Exhibit B** authorizing the Debtors' retention and employment of Jenner & Block LLP as their attorneys, *nunc pro tunc* to the Commencement Date, upon the terms outlined in this Application, and granting such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
      June 12, 2009

GENERAL MOTORS CORPORATION
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)


/s/ Walter G. Borst
NAME:  Walter G. Borst

TITLE:  Treasurer

## Exhibit A

**MURRAY DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                  :
In re                                             :              **Chapter 11 Case No.**
                                                  :
**GENERAL MOTORS CORP.,** *et al.*,               :              **09-50026 (REG)**
                                                  :
                              **Debtors.**        :              **(Jointly Administered)**
                                                  :
-------------------------------------------------------------x

## DECLARATION OF DANIEL R. MURRAY

STATE OF ILLINOIS               )
                                ) ss:
COUNTY OF COOK                  )

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

**"Bankruptcy Rules"**), Daniel R. Murray declares:

1.      I am a partner of Jenner & Block LLP (**"Jenner & Block"** or the **"Firm"**), a law

firm with offices in Chicago, Illinois; New York, New York; Los Angeles, California; and

Washington D.C.  I am currently resident in the Firm's Chicago office.  I am duly authorized to

make this Declaration on behalf of Jenner & Block.

2.      I am duly licensed in and am a member in good standing of the bar for the State of

Illinois and am admitted to practice before the United States Supreme Court, the United States

Court of Appeals for the Seventh Circuit, and the United States District Court for the Northern

District of Illinois.

3.      I make this Declaration to provide the disclosures required under Rules 2014(a)

and 2016(b) of the Bankruptcy Rules and Local Bankruptcy Rules 2014-1 and 2016-1 (the

**"Local Rules"**) in connection with the application, dated June 12, 2009 (the **"Application"**) of

General Motors Corporation (**"GM"**), and certain of its subsidiaries, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**), for approval of the Debtors' retention of Jenner & Block as their attorneys in the above-captioned chapter 11 cases (the **"Chapter 11 Cases"**) pursuant to section 327(e) of title 11 of the United States Code (the **"Bankruptcy Code"**).  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Jenner & Block's completion of further review or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4.      Neither I, nor Jenner & Block, nor any partner, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with the Chapter 11 Cases.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither Jenner & Block, nor any partner, counsel to, or associate of the Firm represents any party in interest in the Chapter 11 Cases in matters related to the Chapter 11 Cases.

<u>**Jenner & Block's Disclosure Procedures**</u>

5.      Because of the size and nature of the Debtors' corporate structure, relationships between Jenner & Block (on the one hand) and the Debtors and/or their creditors or affiliates (on the other hand), may exist, may have existed in past years, and may exist in the future.  Except as otherwise set forth herein, any such contacts or relationships do not relate to the Debtors' bankruptcy cases and thus do not create any conflicts with respect to Jenner & Block's representation of the Debtors.

6.      Jenner & Block is a very large law firm, and as such, the Firm's conflict clearance procedures are understandably complex.  This Declaration identifies, among other things, all connections which are required to be disclosed and which are known to Jenner & Block as of the

date hereof.  Jenner & Block or I, as applicable, will file supplemental declarations of connections if any additional relevant information comes to my or Jenner & Block's attention.

7.      In preparing this Declaration, I used a set of procedures developed by Jenner & Block to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the retention of professionals by a debtor under the Bankruptcy Code (the **"Firm Disclosure Procedures"**).  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Jenner & Block's connection to such parties:

(a)    A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the Jenner & Block attorneys who have provided services to the Debtors and in consultation with the Debtors' proposed general bankruptcy counsel, Weil, Gotshal & Manges LLP (**"WGM"**) and senior management of the Debtors (the **"Retention Checklist"**).  A copy of the Retention Checklist is attached hereto as **Exhibit 1**.

(b)    Jenner & Block obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and review of documents provided by the Debtors.  Jenner & Block then used that information, together with other information provided by WGM and the Debtors' senior management, to compile a list of the names of persons and entities who may be parties in interest in the Chapter 11 Cases (the **"Potential Parties in Interest"**) was assembled.

(c)    Jenner & Block entered the names of the Potential Parties in Interest into a computer database (the **"Client Database"**) containing the names of all clients and conflict information concerning such clients of Jenner & Block.

(d)    Jenner & Block compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the Commencement Date. Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Jenner & Block personnel responsible for the identified client matters (the **"Match List"**).

(e)    I, and other Jenner & Block attorneys, then reviewed the Match List and deleted obvious name coincidences and individuals or entities that were

3

adverse to Jenner & Block's clients in both this matter and the matter referenced on the Match List.

(f)      Using information in the Client Database concerning entities on the Match List, and making general and, if applicable, specific inquiries of Jenner & Block personnel, Jenner & Block verified that it does not represent and has not represented any entity on the Match List in connection with the Debtors or the Chapter 11 Cases.

(g)      In addition, a general inquiry was sent to all Jenner & Block attorneys by electronic mail to determine whether any such individual (a) owns any interest in GM stock or any GM debt instruments; (b) has any pending claims against GM; (c) is, or has a relative who is, a current officer or director of GM; (d) has, or has any immediate family member who has, been employed by, or has been an officer or director of, GM after May 1, 2007; or (e) has any other significant connections with GM.

(h)      In addition, Jenner & Block generally maintains records confirming that none of Jenner & Block's attorneys are related to any Bankruptcy Judge for the Southern District of New York, the United States Trustee (Region 2), or any person employed by the United States Trustee (Region 2).

## Jenner & Block's Connections with the Debtors

8.      Based upon the results of the Firm Disclosure Procedures, I respectfully represent that except as set forth herein, Jenner & Block, its partners, attorneys, or counsel:

(a)      Do not hold or represent any interests adverse to the estates;

(b)      Are not creditors, equity security holders or insiders of the Debtors;

(c)      Are not and were not, within two years prior to the Commencement Date, directors, officers or employees of the debtors; and

(d)      Do not have any interests materially adverse to the interests of the estates, of any of the Debtors, or of any class of creditors or equity security holders of any of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason, except as set forth herein.

9.        None of Jenner & Block, its partners, attorneys,[1] or counsel are creditors, equity

security holders, or insiders of any of the Debtors, except for the *de minimis* connections set forth

below:[2]

> (a)        One attorney held in his self-directed Profit Sharing Plan account 100
> units of 7.25% Senior Notes with a current total value of less than $200.
> This attorney has divested himself of these holdings since the date of the
> bankruptcy filing.

> (b)        A proof of claim was filed by one attorney in the settlement of the class
> action lawsuit captioned *In re General Motors Corp. Securities Litig.*,
> pending in the United States District Court for the Southern District of
> New York, Case No. 06-md-1749.  Expected distribution on this claim
> would be less than $200.  Prior to the Commencement Date, this attorney
> withdrew the proof of claim and/or waived any rights in connection
> therewith in writing.

10.        Jenner & Block maintains a strict policy prohibiting any person at the Firm from

disclosing confidential information, using it for personal gain, or disclosing it to others for their

personal gain.  Moreover, the Firm's attorneys and non-legal employees are prohibited from

buying, selling, or otherwise trading or recommending trading in stock or other securities of a

client (or of a company involved in, or a potential party to, a transaction with a client) on the

basis of material, inside (non-public) information.

11.        None of Jenner & Block, its partners, attorneys, or counsel are or were within two

years before the date of the filing of the petitions of any of the Debtors, a director, officer, or

---

[1] By way of additional disclosure, one attorney's wife, who is an employee of GM, owns 155.194 shares of GM
common stock, as well as an interest valued at approximately $25 in a GMAC Demand Note Account.  In addition,
she holds (i) 25 stock options in GM common stock granted on January 21, 2003 with a strike price of $40.05 and an
expiration date of January 23, 2013 and (ii) 34 stock options in GM common stock granted on January 23, 2005 with
a strike price of $53.92 and an expiration date of January 25, 2014.  This attorney will be screened from all matters
involving GM.

[2] I do not have knowledge as to whether any Jenner & Block partners', attorneys', or counsels' mutual funds, 401(k)
plans, or other similar investment vehicles hold any debt or equity securities of the Debtors, or any of the other
parties-in-interest in the Chapter 11 Cases.  I respectfully submit, however, that any such holding by any mutual
fund, 401(k) plan, or other similar investment vehicle would not adversely affect Jenner & Block's status as a
"disinterested."

employee of any of the Debtors.  By way of additional disclosure, in September of 2006, Robert

S. Osborne, a then partner at Jenner & Block, left Jenner & Block to join GM as its Group Vice

President and General Counsel.

12.     None of Jenner & Block, its partners, attorneys, or counsel are connected with:

(a)     Any Bankruptcy Judge of the United States Bankruptcy Court for the
        Southern District of New York;

(b)     The United States Trustee (Region 2); or

(c)     Any person employed by the United States Trustee (Region 2).

13.     Except as described herein, neither Jenner & Block, nor its partners, attorneys, or

counsel, insofar as I have been able to ascertain, have an interest materially adverse to the

interest of the estates or of any class of creditors or equity security holders, by reason of any

direct or indirect relationship to, connection with, or interest in, the Debtors.

### Jenner & Block's Connections with Identified
### Parties in Matters Unrelated to the Chapter 11 Cases

14.     Jenner & Block, its partners, attorneys, and counsel have in the past represented,

currently represent, and in the may future represent, creditors of the Debtors and various other

parties-in-interest in the Chapter 11 Cases in matters unrelated to the Chapter 11 Cases.  The

Potential Parties in Interest whom Jenner & Block currently represents, or whom Jenner & Block

no longer represents but represented within two years prior to the Commencement Date in

matters unrelated to the Chapter 11 Cases, are either described herein, or identified on **Exhibit 2**

attached hereto.

15.     With the exception of the entities listed in this paragraph that are Potential Parties

in Interest or are subsidiaries or affiliates of Potential Parties in Interest, no single Potential Party

in Interest or its respective subsidiaries or affiliates referenced in this Declaration and its exhibits

accounted for more than 1% of Jenner & Block's gross revenues for the year ending December

31, 2008.  The following entities, including their respective subsidiaries and affiliates, which are

Potential Parties in Interest listed in **Exhibit 1**, each account for more than 1%, but less than 5%,

of the firm's gross revenues for the year ending December 31, 2008:

(a)   GE Asset Management, GE Consumer Appliances, General Electric Healthcare, General Electric Industrial Systems, various GE Capital Americas companies, NBC Universal and GE (collectively, **"GE"**):  GE is one of the largest 50 bondholders, an affiliation of a current board member of GM, and an affiliate of: (a) certain other GE entities that are affiliations of current board members of GM; (b) GE Corporate Financial Services, a secured creditor other than major secured lenders; (c) General Electric Capital Corporation, a counterparty to major contracts and to equipment financing agreements; (d) Heller Financial Canada, LTD, a counterparty to equipment financing agreements; and (e) GE Pension Trust, a major secured lender and term loan secured lender.  Jenner & Block provides representation to GE with respect to government contract disputes and in a variety of commercial litigation matters, insurance coverage matters, and bankruptcy and workout matters.  Jenner & Block represents GE Asset Management Incorporated and the General Electric Pension Trust in various commercial real estate transactions including real estate asset acquisitions and dispositions, financing, leasing, development, and joint ventures, as well as with respect to litigation and bankruptcy proceedings resulting from these matters.  The debtors in these proceedings are being represented by other counsel in their negotiations with General Electric Capital Corporation and Heller Financial Canada, LTD with regard to the equipment financing agreements.  Jenner & Block does not currently represent, and has not within two years represented, GE in any matter involving GM or its debtor affiliates.

(b)   Fannie Mae:  Fannie Mae is an affiliation of a current board member of GM.  Jenner & Block's representation of Fannie Mae involves the litigation of a consolidated securities class action and a professional liability malpractice action involving a 2001-2004 restatement of accounting.  Jenner & Block also represents and has represented Fannie Mae in disputes over allegations of predatory lending, bankruptcy claims against mortgage services companies, and other matters unrelated to the Chapter 11 Cases.  Jenner & Block does not currently represent, and has not within two years represented, Fannie Mae in any matter involving GM or its debtor affiliates.

(c)   American Airlines: American Airlines is an affiliation of a current board member of GM.  Jenner & Block represents American Airlines in litigation matters.  Jenner & Block does not currently represent, and has not within two years represented, American Airlines in any matter involving GM or its debtor affiliates.

(d)    Merrill Lynch International: Merrill Lynch International is an affiliate of:
(a) certain Merrill Lynch entities that are affiliations of current board
members of GM; (b) Merrill Lynch Bank, a major secured lender and
credit revolver secured lender of GM; and (c) Merrill Lynch, an
underwriting investment bank for GM securities.  Jenner & Block
represents Merrill Lynch International in a litigation matter.  Jenner &
Block does not currently represent, and has not within two years
represented, Merrill Lynch International in any matter involving GM or its
debtor affiliates.

The matters with respect to which Jenner & Block represents such entities, described above, are

unrelated to the Chapter 11 Cases and will not present any conflict of interest or appearance of

partiality.

16.    In addition to the disclosures in this Declaration and in **Exhibit 2**, Jenner & Block

makes the following disclosures:

(a)    In the past, Jenner & Block has represented certain debtor and non-debtor
subsidiaries of GM.  Postpetition, Jenner & Block may continue to
represent certain of GM's non-debtor subsidiaries.

(b)    Several Jenner & Block attorneys have interests in GMAC LLC
("**GMAC**") debt instruments.[3]  GMAC is not a debtor in these Chapter 11
Cases.

(c)    Jenner & Block's Chairman, Anton R. Valukas has been appointed as
Examiner in the chapter 11 cases of Lehman Brothers Holdings Inc. and
its affiliated debtors.  Jenner & Block serves as counsel to Mr. Valukas in
his role as Examiner.  Certain of the Lehman entities are Potential Parties
in Interest.  The Debtors are not within the scope of the Examiner's
investigation.

(d)    At GM's request, Jenner & Block represents certain current and former
GM employees as non-party fact witnesses in *SEC v. Delphi Corp., et al*.,
No. 2:06-cv-14891 (E.D. Mich.) (a lawsuit alleging that several Delphi
transactions and accounting practices violated the securities laws,
including Delphi's accounting for a payment to GM pursuant to a
settlement dated September 22, 2000).  Jenner & Block will not represent
the individual employee fact witnesses in any matter adverse to the

---

[3] Specifically, one partner holds in his self-directed Profit Sharing Plan account GMAC bonds with a value of
$51,289.50 as of April 30, 2009.  Another attorney holds jointly with his wife an interest in a GMAC Demand Note
Account valued at less than $1,100.  The wife of another attorney holds a GMAC SmartNote with a face value of
$6,000.  As disclosed in footnote 1, one attorney's wife holds an interest valued at approximately $25 in a GMAC
Demand Note Account.

Debtors or the Debtors' estates. Prepetition, GM indemnified these individuals for their legal costs associated with this matter.

(e)    At GM's request, Jenner has represented and may continue to represent two GM employees in their capacities as current and/or former GM employees in an SEC investigation. In their individual capacities, the two employees are represented by separate counsel. Jenner & Block will not represent the individual employees in any matter adverse to the Debtors or the Debtors' estates. Prepetition, GM indemnified these individuals for their legal costs associated with this matter.

(f)    Jenner & Block provides estate, tax, and a variety of other private client services to a number of individual employees of Goldman Sachs, a Potential Party in Interest.

(g)    Within the last two years Jenner & Block has provided estate planning advice to an officer of GM.

(h)    In matters unrelated to the Debtors or the Chapter 11 Cases, Jenner & Block has worked with (or against) certain of the other professionals who will be representing the Debtors and who may represent other stakeholders in the Chapter 11 Cases.

(i)    Because Jenner & Block regularly represents clients before the United States Bankruptcy Court for the Southern District of New York, Jenner & Block has worked with the United States Trustee's office and its attorneys. Attorneys from Jenner & Block regularly appear before the bankruptcy judges of the United States Bankruptcy Court for the Southern District of New York. In addition, two of Jenner & Block's partners are chapter 7 panel trustees for the United States Bankruptcy Court for the Northern District of Illinois.

17.    I do not believe that any of these current or former representations constitute a conflict with Jenner & Block's representation of the Debtors nor likely will create a conflict in the future.

18.    The aforementioned matters are subject to the same restrictions Jenner & Block places on all such representations in the context of a chapter 11 debtor representation. Without obtaining appropriate waivers, if necessary, Jenner & Block will not represent the Debtors in a lawsuit, adversary proceeding or contested matter against any client, nor will Jenner & Block

represent any client on any matter adverse to the Debtors while retained as the Debtors' counsel in these cases.

19.    While Jenner & Block has undertaken, and continues to undertake, extensive efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Jenner & Block, through its continuing efforts, learn of any new connections of the nature discussed herein, Jenner & Block will so advise the Court.

### Jenner & Block is Disinterested

20.    Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Jenner & Block does not hold or represent an interest adverse to the Debtors' estates and Jenner & Block is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Statement Under Section 504 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules

21.    In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016, I hereby state that neither I nor Jenner & Block has entered into any agreements, express or implied, with any other party in interest, including the Debtors, any creditor, or any attorney for such party in interest in these cases:

    (a)    For the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith;

    (b)    For payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code; or

    (c)    For payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code.

22.     Jenner & Block intends to maintain detailed, contemporaneous time records and to apply to the Court for allowance of compensation and reimbursement of expenses for professional services incurred on behalf of the Debtors in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the **"United States Trustee Fee Guidelines"**), and all orders of this Court governing professional services performed and expenses incurred.  To that end, Jenner & Block has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.  All of Jenner & Block's fees and expenses will be subject to Bankruptcy Court approval, and Jenner & Block has agreed to accept as compensation such sums as may be allowed by the Court.

23.     Jenner & Block has advised the Debtors that it will charge the Debtors for its legal services on an hourly basis in accordance with rates charged prepetition to GM and consistent with its prior billing practices.  Jenner & Block's billing rates for the professionals expected to work on this matter currently range from $440 to $960 per hour for partners, $275 to $520 per hour for associates, $385 to $725 for counsel, and $125 to $275 per hour for paraprofessionals.  These hourly rates are subject to adjustment on a periodic basis.  Jenner & Block will notify the Office of United States Trustee of adjustments to these hourly rates.

24.     Jenner & Block has advised the Debtors that it will seek reimbursement for all actual out-of-pocket expenses incurred by Jenner & Block on the Debtors' behalf, such as photocopying services, printing, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements.  All requests for reimbursement of expenses will be

consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

25.     Prepetition, Jenner & Block received retainers totaling $6,500,000 (the **"Retainer"**).   Of that amount $3,500,000 was received on April 30, 2009, and the remainder was received on May 19, 2009.  Consistent with the terms of its prepetition engagement letter with GM, Jenner & Block has drawn down on the Retainer to compensate it for services provided to GM.  Prior to the Commencement Date, Jenner & Block applied the Retainer against amounts due from GM (including, an estimate of the amounts that would be incurred through the filing of the petitions (the **"Estimated Amount"**)) as compensation for professional services, including services performed in connection with the potential commencement of the Chapter 11 Cases and the contemplated 363 Transaction, as well as for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  As of the Commencement Date, the Debtors do not owe Jenner & Block any amounts for legal services rendered or expenses incurred before the Commencement Date.  Postpetition, the remainder of the Retainer will constitute a postpetition retainer (the **"Postpetition Retainer"**) and to the extent finally reconciled billings show that the Estimated Amount exceeded actual pre-petition billings, the difference will be added to the Postpetition Retainer.  Without regard to any such addition from the Estimated Amount, the Postpetition Retainer is $384,906.47.  Jenner & Block will not draw down on the Postpetition Retainer without first seeking and obtaining Court approval.

26.     From December 11, 2008 through the Commencement Date, Jenner & Block received approximately $11,030,168.36 in fees and $259,585.21 in expense reimbursement from GM for services rendered in contemplation of or in connection with the Chapter 11 Cases.

12

27.     In addition to services provided on an hourly basis, Jenner & Block also provided

the Debtors with legal services prior to the Commencement Date on a flat fee basis in certain

specified product liability and property damage matters.  With respect to property damage

matters, Jenner & Block is party to an agreement dated August 17, 2007, pursuant to which

Jenner & Block provided services in certain property damage matters in exchange for a flat

quarterly fee, payable at the commencement of each quarter (commencing as of July 1, 2007) for

a period of two years.  All quarterly fees due under the agreement were paid as and when agreed.

The agreement to provide these services expires by its terms on June 30, 2009, and no further

payments are or will be due from the Debtors in connection with it.  With respect to eight

separate personal injury matters, Jenner & Block was entitled to receive a total of $180,000 in

flat fees as follows:  a total of $35,000 on or about June 1, 2009, a total of $17,500 on or about

July 1, 2009, a total of $25,000 on or about August 1, 2009, a total of $35,000 on or about

December 1, 2009, a total of $17,500 on or about January 1, 2010, a total of $25,000 on or about

February 1, 2010, and a total of $25,000 on or about August 1, 2010  (collectively, the **"Product**

**Litigation Flat Fees"**).  By letter to the Debtors dated May 27, 2009, Jenner & Block waived

any entitlement to any of the Product Litigation Flat Fees.

28.     As required by Section 504 of the Bankruptcy Code, Jenner & Block has not

agreed, and will not agree, to share any compensation or reimbursement received in connection

with these Chapter 11 Cases with another person except pursuant to the partnership agreement of

Jenner & Block.

29.     I have read the application of the Debtors for an order approving the retention of

Jenner & Block as attorneys for the Debtors that accompanies this Declaration and, to the best of

my knowledge, information and belief, the contents of such application and this Declaration are

true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of June, 2009.

/s/ Daniel R. Murray
Daniel R. Murray

## **Exhibit 1**

**RETENTION CHECKLIST**

Exhibit 1 to Murray Declaration
Retention Checklist

## **Retention Checklist**

- Current Members of Board of Directors for General Motors Corporation
- Former Members of Board of Directors of General Motors Corporation (past 3 years)
- Affiliations of Current Members of Board of Directors of General Motors Corporation
- Current Officers of General Motors Corporation
- Former Officers of General Motors Corporation (past 3 years)
- Other Key Executives and Professionals of Affiliates
- Current Significant Shareholders (top 5%)
- Top 25 Shareholders
- Other names each of the Debtor entities are known as  (including trade names and aliases (up to 8 years) (a/k/a, d/b/a. f/k/a))
- Largest 50 Bondholders
- Top 100 Unsecured Creditors as of May 29, 2009 (other than individual bondholders)
- Utility Companies
- Insurance Providers
- Counterparties to Major Contracts (financing agreements, executory contracts, leases, and other agreements)
- Taxing Authorities
- Investments as a Limited Partnership
- Joint Venture Parties
- Former GM Entities
- Indenture Trustees (including any parties to GM municipal bond financing arrangements)
- Underwriting Investment Banks for GM's securities (for all securities issued or outstanding and for the prior 3 years, including investment banks used in private placement transactions)
- Governmental and State Regulatory Agencies
- Secured Creditors Other Than Major Secured Lenders
- Major Secured Lenders
- Professionals Employed
- Retention Applicants
- Major Customers
- Top 100 Suppliers
- Counterparties to Equipment Financing Agreements
- Strategic Alliances
- Unions/Non-Debtor Parties to Collective Bargaining Agreements
- Major Litigation Claimants
- Professionals Retained by Significant Creditor Groups
- Entities in which GM owns an equity interest
- Judges for the United States Bankruptcy Court for the Southern District of New York
- United States Trustees for the Southern District of New York
- Current Members of Board of Directors of Saturn, LLC
- Affiliations of Current Members of Board of Directors of Saturn, LLC

Exhibit 1 to Murray Declaration
Retention Checklist

- Former Members of Board of Directors of Saturn, LLC (past 3 years)
- Current Officers of Saturn, LLC
- Former Officers of Saturn, LLC (past 3 years)
- Current Members of Board of Directors of Saturn Distribution Corporation
- Affiliations of Current Members of Board of Directors of Saturn Distribution Corporation
- Former Members of Board of Directors of Saturn Distribution Corporation (past 3 years)
- Current Officers of Saturn Distribution Corporation
- Former Officers of Saturn Distribution Corporation (past 3 years)
- Current Members of Board of Directors of Chevrolet-Saturn of Harlem, Inc.
- Affiliations of Current Members of Board of Directors of Chevrolet-Saturn of Harlem, Inc.
- Former Members of Board of Directors of Chevrolet-Saturn of Harlem, Inc. (past 3 years)
- Current Officers of Chevrolet-Saturn of Harlem, Inc.
- Former Officers of Chevrolet-Saturn of Harlem, Inc.

**<u>Exhibit 2</u>**

**JENNER & BLOCK'S CONNECTIONS TO POTENTIAL PARTIES IN INTEREST
IN MATTERS UNRELATED TO THE CHAPTER 11 CASE**

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **ABN AMRO** | Major Secured Lender | Affiliate of former clients on unrelated matters |
| **ABN AMRO, Inc.** | Professional Employed | Affiliate of former clients on unrelated matters |
| **ABN AMRO Rothschild** | Underwriting Investment Bank for GM's Securities | Affiliate of former clients on unrelated matters |
| **Allegheny Pwr (Potomac Ed)** | Utility Company | Affiliate of former client on unrelated matter |
| **Alliant Energy (WP&L)** | Utility Company | Former client on unrelated matter |
| **Alliant Energy Corp. (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Former client on unrelated matter |
| **Alliant Energy Resources, Inc. (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Allianz** | Insurance Provider | Affiliate of former client on unrelated matter |
| **Allianz Global Investment** | One of Largest 50 Bondholders | Affiliate of former client on unrelated matter |
| **Allianz International in Germany** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Allison Transmission Inc.** | Top 100 Supplier | Former client and affiliate of former client on unrelated matter |
| **American Airlines Inc.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **American Cancer Society Research Foundation** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matter |
| **American Diabetes Association Board of Corporate Advisors** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **AMICO** | Major Litigation Claimant | Affiliate of current client on unrelated matter |
| **Apollo Management, L.P.** | Investment as a Limited Partnership | Affiliate of former client on unrelated matter |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **ArcelorMittal USA Inc.** | Top 100 Unsecured Creditor as of May 29, 2009 | Current client and affiliate of current client on unrelated matters |
| **Ares Enhanced LN Inv III Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares Enhanced LN INV IR** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares Enhanced LN Inv STR IR-B** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares IIIR IVR CLO Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares IX CLO Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares VIII CLI Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares VIR CLT Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares VR CLO Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Ares XI CLO Ltd** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Banc One Corporation** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Bank of America** | Major Secured Lender | Former client on unrelated matter and employee was a former client on unrelated matter |
| **Bank of America Securities LLC** | Underwriting Investment Bank for GM's Securities | An employee was a former client on unrelated matter |
| **BBVA** | Major Secured Lender | Affiliate of former client on unrelated matters |
| **Biogen Idec Ma Inc. (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Biogen Inc.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matter |
| **Bismarck CBNA Loan Funding** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Bosch Robert Stiftung GmbH** | Top 100 Supplier | Affiliate of current client on unrelated matter |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **Brunswick Corp.** | Major Customer | Current client on unrelated matter |
| **Burger King Corporation** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Burger King Holdings Inc.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matter |
| **Calyon** | Major Secured Lender | Affiliate of former client on unrelated matters |
| **California Institute of Technology** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Center for Strategic and International Studies** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Chrysler, LLC** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Indirect affiliate of current and former clients on unrelated matters |
| **Citigroup** | Major Secured Lender, One of the Largest 50 Bondholders and Counterparty to Equipment Financing Agreements | Affiliate of former client on unrelated matters |
| **Coca-Cola Beverages PLC** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Coca-Cola Company** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Coca-Cola HBC** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Comcast Corporation** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matters |
| **Commerz Bank AG** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Commonwealth Edison IL** | Utility Company | Current client and affiliate of current client on unrelated matters |

3

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **Computershare Trust Company, NA** | Professional Employed | Affiliate of current client on unrelated matter |
| **Consolidated Edison** | Utility Company | Current client on unrelated matter |
| **Constellation Eng Proj & Svc** | Utility Company | Affiliate of former client on unrelated matter |
| **Constellation NewEnergy** | Utility Company | Affiliate of former client on unrelated matter |
| **CSX Transportation** | Top 100 Unsecured Creditor as of May 29, 2009 | Current client and affiliate of current clients on unrelated matters |
| **Cuna Mutual Ins Society** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Dayton Power & Light Co.** | Utility Company | Current client on unrelated matter |
| **Deloitte & Touche** | Retention Applicant | The spouse of a Jenner & Block associate is an employee and a brother of a Jenner & Block associate is a summer intern. |
| **Deutsche Bank** | Major Secured Lender | Affiliate of current and former clients on unrelated matters |
| **Deutsche Bank AG** | One of Largest 50 Bondholders, Top 100 Unsecured Creditor as of May 29, 2009, and Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current and former clients on unrelated matters |
| **Deutsche Bank AG London** | Indenture Trustee | Affiliate of current and former clients on unrelated matters |
| **Deutsche Bank AG London as Fiscal Agent** | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current and former clients on unrelated matters |
| **Deutsche Bank Luxembourg, S.A. as Fiscal Agent** | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current and former clients on unrelated matters |
| **Deutsche Bank Securities Inc.** | Underwriting Investment Bank for GM's Securities and Professional Employed | Affiliate of current and former clients on unrelated matters |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **Deutsche Bk-New York** | Major Secured Lender | Affiliate of current and former clients on unrelated matters |
| **Embarq Communications Inc** | Utility Company | Affiliate of current client on unrelated matter |
| **Employers Ins Company of Wausau** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Entergy (Power & Light)** | Utility Company | Affiliate of former client on unrelated matter |
| **Ernst & Young** | Retention Applicant | A brother of one Jenner & Block partner and the father of a Jenner & Block associate are employees |
| **Federal National Mortgage Association (A/K/A Fannie Mae)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Fidelity ADVR SR I-ADVR HI IN** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity ADVR SR II-ADVR STRT** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity American HI YLD FD** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Ballyrock Clo II** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Ballyrock Clo III** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity CIP LLC:FID FL Rate** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Puritan TR-Puritan FD** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity SCH ST TR-STRT INC FD** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Summer ST TR-CAP & IN** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Summer ST-CAP & INC F** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity VIP V STRT INC PF** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Fidelity Investments** | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current client on unrelated matter |
| **Fidelity Management & Research Company** | Top 25 Shareholder and One of Largest 50 Bondholders | Affiliate of current client on unrelated matter |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| Fifth Third Bank | Major Secured Lender | Former client on unrelated matter |
| First Data Corporation | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| GAMCO Asset Management, Inc. | Top 25 Shareholder | An officer is a client on unrelated matters |
| GE Asset Management Inc. | One of Largest 50 Bondholders | Current client and affiliate of current clients on unrelated matters |
| GE Capital Consumer Financial Services | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current clients on unrelated matters |
| GE Card Services | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current clients on unrelated matters |
| GE Commercial Finance | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current clients on unrelated matters |
| GE Corporate Financial Services | Secured Creditor Other Than Major Secured Lenders | Affiliate of current clients on unrelated matters |
| GE Fleet Services of GE Commercial Finance | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current clients on unrelated matters |
| GE Insurance Solutions | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current clients on unrelated matters |
| Gelco Corporation | Secured Creditor Other Than Major Secured Lenders | Affiliate of current clients on unrelated matters |
| General Electric Capital Corporation | Counterparty to Major Contracts and Counterparty to Equipment Financing Agreements | Affiliate of current clients on unrelated matters |
| General Electric Co. | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client and affiliate of current clients on unrelated matters |
| General Foods Credit Corp. | Counterparty to Equipment Financing Agreements | Affiliate of former client on unrelated matters |
| General Foods Credit Investors No. 2 Corp. | Counterparty to Equipment Financing Agreements | Affiliate of former client on unrelated matters |
| General Foods Credit | Counterparty to Equipment | Affiliate of former client |

6

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| Investors No. 3 Corp. | Financing Agreements | on unrelated matters |
| GE Pension Trust | Major Secured Lender | Affiliate of current clients on unrelated matters |
| Graduate School of Business at the University of Chicago | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former clients on unrelated matters |
| Guardian Industries Corp. | Top 100 Supplier | Current client on unrelated matter |
| Heller Financial Canada, LTD | Counterparty to Equipment Financing Agreements | Affiliate of current clients on unrelated matters |
| Hitachi Ltd | Top 100 Supplier | Current client on unrelated matter |
| Hitachi Automotive Products | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current client on unrelated matter |
| Hitachi Data Systems Corporation | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matter |
| HNB Investment Corp. | Counterparty to Equipment Financing Agreements | Affiliate of former client on unrelated matters |
| HSBC | Major Secured Lender | Affiliate of current clients on unrelated matters |
| HSBC Finance Corp. | Strategic Alliance | Affiliate of current clients on unrelated matters |
| HSBC Financial Corp. Limited | Strategic Alliance | Affiliate of current clients on unrelated matters |
| IAM | Union/Non-Debtor Party to Collective Bargaining Agreements | Affiliate of current client on unrelated matter |
| International Association of Machinists | Union/Non-Debtor Party to Collective Bargaining Agreements | Affiliate of current client on unrelated matter |
| International Automotive Components | Top 100 Supplier and Top 100 Unsecured Creditor as of May 29, 2009 | Current client on unrelated matter |
| International Council of J.P. Morgan Chase & Co. | Affiliation of Current Member of Board of Directors of | Affiliate of former clients on unrelated matters |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| | General Motors Corporation | |
| **Janus Adviser Floating Rate Hi** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **John H. Bryan** | Current Member of the Board of Directors for General Motors Corporation | Affiliate of current client on unrelated matter |
| **JP Morgan Chase** | Major Secured Lender | Affiliate of former clients on unrelated matters |
| **JP Morgan Whitefriars Inc.** | Major Secured Lender | Affiliate of former clients on unrelated matters |
| **JPMorgan Chase & Co.** | Professional Employed | Affiliate of former clients on unrelated matters |
| **JP Morgan Chase Bank, N.A.** | Secured Creditor Other Than Major Secured Lenders | Affiliate of former clients on unrelated matters |
| **Lear Corporation** | Top 100 Unsecured Creditor as of May 29, 2009 and Top 100 Supplier | Former client on unrelated matter |
| **Leo Burnett Detroit** | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current client on unrelated matter |
| **Liberty/SafeCo** | Insurance Provider | Affiliate of former client on unrelated matter |
| **Lincoln Laboratory at the Massachusetts Institute of Technology (M.I.T.)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **MacQuarie** | Counterparty to Equipment Financing Agreements | Former client on unrelated matter |
| **Merck & Co. Inc. (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Merrill Lynch** | Underwriting Investment Bank for GM's Securities | Current client on unrelated matters |
| **Merrill Lynch & Co. Inc.** | Professional Employed and Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matters |
| **Merrill Lynch Bank** | Major Secured Lender | Affiliate of current client on unrelated matters |
| **Merrill Lynch Canada Finance Company** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |

8

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **Merrill Lynch Cap Serv Inc.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch International & Co Cv** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch International Limited** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust I** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust II** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust III** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust IV** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust V** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Capital Trust VI** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Funding I LP** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Funding II LP** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Funding III LP** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Funding IV LP** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |
| **Merrill Lynch Preferred Funding V LP** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matters |

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
| --- | --- | --- |
| Merrill Lynch, Pierce, Fenner & Smith Incorporation | Professional Employed | Affiliate of current client on unrelated matters |
| Mitsubishi Electric | Top 100 Unsecured Creditor as of May 29, 2009 and Top 100 Supplier | Current client and affiliate of current and former clients on unrelated matters |
| Mittal/Ispat Inland | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current client on unrelated matters |
| Motorola Inc. | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matters |
| National City Bank | Major Secured Lender | Former client on unrelated matters |
| Norfolk Southern Railway | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of former client on unrelated matters |
| Northern Trust Company | Major Secured Lender | Current client on unrelated matters |
| Northern Trust Company Securities Lending | One of Largest 50 Bondholders | Affiliate of current client on unrelated matters |
| Northern Trust Investments, N.A. | Top 25 Shareholder | Affiliate of current client on unrelated matters |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Professional Retained by Significant Creditor Groups | Current client on unrelated matter |
| PECO Energy Company | Utility Company | Affiliate of current client on unrelated matter |
| Pimco1464 - Freescale Retirement | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco1641 - Sierra Pac Rscrce De | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco2244 - Virginia Retirement | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco2496 - Fltg Rt Inc Fd | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco2497 - Fltg Rt Strt Fd | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco2603 - Red River Hypi Lp | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco3813 - Cayman Bk Ln Fd | Major Secured Lender | Affiliate of former client on unrelated matter |
| Pimco400 - Stk Plus Sub Fd B LLC | Major Secured Lender | Affiliate of former client on unrelated matter |

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **Pimco6819 - Portola CLO Ltd** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Pimco700 - Fd Tot Rtn Fd** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Pimco706 - Fd Private Hi Yd Pt** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Price Waterhouse Coopers** | Retention Applicant | Current client on unrelated matters, adverse to current and former clients on unrelated matters, Jenner & Block's auditor, a brother and brother-in-law of one Jenner & Block associate are employees, and a sister of another Jenner & Block associate is an employee. |
| **Putnam 29x-Fds Tr-Fltg Rt Inc** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Putnam Bk Ln Fd (Cayman) Mstr** | Major Secured Lender | Affiliate of current client on unrelated matter |
| **Quaker Oats Company (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matters |
| **RBS** | Major Secured Lender | Affiliate of former client on unrelated matter |
| **Robert S. Osborne** | Current Officer of General Motors Corporation | Former client on unrelated matter |
| **Sara Lee Corp.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client and affiliate of former clients on unrelated matters |
| **Starcom Mediavest Group** | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current and former clients on unrelated matters |
| **Sonneschein Nath & Rosenthal LLP** | Retention Applicant | The spouse of a Jenner & Block associate is an employee |
| **Sprint** | Utility Company | Current client on unrelated matters and affiliate of current client on unrelated matter |

11

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| Textron Inc. | Top 100 Supplier | Affiliate of current client on unrelated matters |
| Textron / Kautek | Top 100 Unsecured Creditor as of May 29, 2009 | Affiliate of current client on unrelated matters |
| Textron Financing Corp. | Counterparty to Equipment Financing Agreements | Affiliate of current client on unrelated matters |
| TCW Absolute Return Credit Fd | Major Secured Lender | Affiliate of current client on unrelated matter |
| TCW Asset Management Company | Top 25 Shareholder | Affiliate of current client on unrelated matter |
| TCW Group, Inc. | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current client on unrelated matter |
| TCW High Income Parts Ltd | Major Secured Lender | Affiliate of current client on unrelated matter |
| TCW - Park Avenue Ln Tr | Major Secured Lender | Affiliate of current client on unrelated matter |
| TCW Sr Secured Fltg Rt Ln Fd L | Major Secured Lender | Affiliate of current client on unrelated matter |
| TCW Sr Secured Ln Fund LP | Major Secured Lender | Affiliate of current client on unrelated matter |
| TCW Velocity Ln Fund | Major Secured Lender | Affiliate of current client on unrelated matter |
| Tenneco Automotive | Top 100 Unsecured Creditor as of May 29, 2009 and Top 100 Supplier | Current client on unrelated matters |
| The Hertz Corporation | Major Customer | Current client on unrelated matters |
| The Minnesota Mining & Manufacturing | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matters |
| Time Warner Telecom | Utility Company | Affiliate of former clients on unrelated matters |
| Total SA | Top 100 Supplier | Current client on unrelated matter |
| Union Pacific Railroad Co. | Top 100 Unsecured Creditor as of May 29, 2009 and Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| Vanguard Group, Inc. | Top 25 Shareholder | Affiliate of former client on unrelated matter |
| Veolia Environnement SA | Strategic Alliance | Affiliate of current and |

12

Exhibit 2 to Murray Declaration
Connections with Potential Parties in Interest

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| | | former clients on unrelated matters |
| **Veolia Water Partners VI LLC** | Utility Company | Affiliate of current and former clients on unrelated matters |
| **VF Corporation** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of current and former clients on unrelated matters |
| **Weil, Gotshal & Manges LLP** | Retention Applicant and Professional Employed | Co-counsel to current Jenner & Block clients in unrelated matters, and a co-defendant in an unrelated matter in which Jenner & Block represented a former client |
| **Winn-Dixie Stores Inc. (Prior)** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Wisconsin Power & Light Co. (Prior), a subsidiary of WPL Holdings** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Affiliate of former client on unrelated matter |
| **Xerox Corp.** | Affiliation of Current Member of Board of Directors of General Motors Corporation | Current client on unrelated matter |
| **Zurich** | Insurance Provider | Affiliate of current and former clients on unrelated matters |

13

## Exhibit B

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :              Chapter 11 Case No.
                                                    :
**GENERAL MOTORS CORP.,** *et al.*,                 :              **09-50026 (REG)**
                                                    :
                              **Debtors.**          :              **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

### ORDER GRANTING APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULES 2014(a) AND 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JENNER & BLOCK LLP AS ATTORNEYS FOR THE DEBTORS, NUNC PRO TUNC TO THE COMMENCEMENT DATE

Upon consideration of the Application of the Debtors Pursuant to Section 327(e) of the

Bankruptcy Code, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure,

for Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the Debtors, dated

June 12, 2009 (the **"Application"**)[1] and the Declaration of Daniel R. Murray in Support of the

Application; it appearing to the Court that (i) it has jurisdiction over the matters raised in the

Application pursuant to 28 U.S.C. §§ 157 and 1344, (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), (iii) Jenner & Block does not hold or represent any interest adverse to the

Debtors' estates, (iv) Jenner & Block is a "disinterested person" as contemplated under sections

101(14) and 327 of the Bankruptcy Code, (v) due and sufficient notice of the Application and the

hearing has been given and no other or further notice is necessary, and (vi) upon the record

herein after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Application.

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      All objections to the Application or the relief requested therein that have not been

made, withdrawn, waived, or settled, and all reservations of rights included therein, are hereby

overruled on the merits.

3.      Pursuant to section 327(e) of the Bankruptcy Code, and Bankruptcy Rules

2014(a) and 2016(b), the Debtors are  hereby authorized to retain, effective *nunc pro tunc* to the

Commencement Date, upon the terms and for the purposes set forth in the Application, Jenner &

Block as attorneys to the Debtors.

4.      Jenner & Block shall file fee applications for interim and final allowance of

compensation and disbursement of expenses pursuant to the procedures set forth in sections 330

and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, the Local Rules, any orders

of this Court, and guidelines established by the Office of the United States Trustee.

5.      The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.

Dated: New York, New York
       June __, 2009


_____
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE