ROBERT B. WEISS, ESQ. (Mich. Bar. No. P28249)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
Telephone No.:  (313) 465-7596
Facsimile No.:  (313) 465-7597
Email:  rweiss@honigman.com

*Proposed Special Counsel to the Debtors and Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| **GENERAL MOTORS CORP.**, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |
| | Hon. Robert E. Gerber |

_____/

**APPLICATION UNDER 11 U.S.C. §§327(e) AND 328(a)**
**AUTHORIZING DEBTORS TO EMPLOY AND RETAIN HONIGMAN MILLER**
**SCHWARTZ AND COHN LLP AS SPECIAL COUNSEL FOR THE DEBTORS,**
***NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and certain of its wholly-owned direct and indirect

subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), submit this application (the "**Application**") for entry of an order

under 11 U.S.C. §§327(e) and 328(a) authorizing the Debtors to employ and retain Honigman

Miller Schwartz and Cohn LLP as special counsel in these cases, *nunc pro tunc* to June 1, 2009

(the "**Petition Date**"), and in support thereof, respectfully represent as follows:

## Relief Requested

1.      By this Application, the Debtors seek an order in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing the Debtors, pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to retain and employ Honigman Miller Schwartz and Cohn LLP ("**Honigman**" or the "**Firm**"), *nunc pro tunc* to the Petition Date, as special counsel ("**Special Counsel**") for the limited purposes of representing the Debtors in connection with (the "**Special Counsel Matters**"):

(a)      as a customer of financially-troubled suppliers, both inside and outside of bankruptcy, including troubled supplier assistance (the "**Troubled Supplier Matters**");

(b)      in bankruptcy cases of unaffiliated debtors where the Debtors are creditors, customers, and/or parties to adversary proceedings or contested matters;

(c)      purchasing issues and procedures, including rights in tooling and executory contract issues, such as analysis, assumption and assignment, cure costs and rejection;

(d)      certain real estate, construction and related matters;

(e)      tax and tax appeal matters;

(f)      environmental;

(g)      implementation of the provisions of the Essential Vendor Program;

(h)      certain litigation matters;

(i)      acquisitions and sales of certain assets;

(j)      issues of Michigan law; and

(k)      other defined and finite matters which may arise.

2

## Scope of Services

2.      The Debtors have selected Honigman as their Special Counsel for the above-described Special Counsel Matters because of the Firm's extensive experience and knowledge as a full-service business firm, and in particular, because of Honigman's recognized expertise in representing parties in the automotive industry in purchasing, bankruptcy, business reorganization and restructuring, bankruptcy litigation, litigation, real estate, construction, environmental, taxation and tax appeals, among other practices.  More specifically, beyond the Firm's far reaching expertise in multiple areas of law, the Debtors wish to retain Honigman because of its intimate and extensive knowledge of the Debtors, in particular its purchasing and Troubled Supplier Matters, and because of its prepetition and ongoing representation of the Debtors in the matters described above.  Indeed, Debtors believe that without Honigman's continuing representation, Debtors continued operations in bankruptcy and consummation of a successful sale would be difficult, if not impossible.

3.      Honigman's services are critical to enable the Debtors' ability to properly execute their duties as debtors and debtors-in-possession.  The Debtors wish to retain Honigman to continue to render the limited Special Counsel Matters as requested by the Debtors.

4.      The Debtors have previously applied to the Court for authority to retain Weil, Gotshal & Manges LLP ("**Weil Gotshal**") as general bankruptcy counsel to represent the Debtors in these chapter 11 cases.  With cost minimization in mind, Honigman has been working, and will continue to work, closely with Weil Gotshal and the other professionals retained by the Debtors to ensure that each professional is assigned, works on, and completes specific, complementary, and non-duplicative tasks.

3

### Retention of Honigman is in the Best Interests of the Debtors

5.     The Debtors submit that Honigman is well-qualified and singularly able to represent the Debtors in an efficient and effective manner.  Honigman has represented the Debtors extensively prepetition, in supplier, purchasing, bankruptcy and restructuring, real estate transactions, environmental, litigation, tax and other matters.

6.     The Debtors seek to retain Honigman as their Special Counsel because of the Firm's extensive familiarity with and knowledge of the Debtors' business, financial and legal affairs, as described above.  Honigman is uniquely familiar with the Debtors.  The Firm has worked closely with the Debtors, identifying, articulating, researching, and advising on a broad array of issues facing the Debtors in recent years, as well as prepetition representation on issues related to the Special Counsel Matters.  The Debtors thus believe that Honigman is singularly positioned to continue advising the Debtors on the Special Counsel Matters.

7.     As a result of the foregoing, Honigman is intimately familiar with major aspects of the Debtors and their businesses.  Forcing the Debtors to forego Honigman's institutional knowledge and expertise would cause severe harm to the Debtors' estates.  Conversely, authorizing Honigman's retention would inure to the benefit of all parties-in-interest in these cases.

8.     The Debtors request that the Court approve the employment of Honigman under the terms and conditions set forth in this Application and as described in the accompanying Declaration of Robert B. Weiss, a Honigman partner, annexed hereto as **Exhibit B** (the "**Weiss Declaration**").

### Basis for Relief

9.     Where counsel has been engaged and its representation is the subject of a section 327(e) application, continuing the representation is in the "best interests" of the estate; "when

counsel is very familiar with the non-bankruptcy litigation because counsel has previously performed legal services for the debtor, it is obvious that the continuation of counsel's services is in the best interests of the estate."  See e.g., In re Goldstein, 383 B.R. 496; 502-02 (Bankr. C.D. Cal. 2007) (approving retention of special counsel).  Further, "[s]pecial counsel's familiarity with a case would expedite the process of resolving matters and will lead to advantages for the estate and the creditors." id.; see also, In re Bowman, 181 B.R. 836, 847 (Bankr. D. Md. 1995) (approving the appointment of special counsel, and noting that where "special counsel is . . . already familiar with the litigation, . . . appointing different counsel could cause needless and wasteful expense and delay to the estate.").

10.    The Debtors believe that Honigman's knowledge and understanding of the Debtors' operations stemming from Honigman's long-time representation of the Debtors, and the Firm's expertise in the relevant areas of law associated with the Special Counsel Matters, make it imperative that the Debtors retain Honigman as Special Counsel in these bankruptcy cases. Failure to continue Honigman's retention would mean that the Debtors would have to search for and retain new counsel who is unfamiliar with suppliers in particular and the Debtors generally. Thousands of hours of work by Honigman would go to waste, and significant time, effort and money would have to be spent to bring a new law firm up to speed.  Any such interruption would result in undue delay and significant expense to the Debtors' estates and, ultimately, their creditors.  The Debtors cannot understate the importance of Honigman's ongoing role in working on the Special Counsel Matters.  The Debtors thus wish to avoid the severe prejudice the estates and other parties-in-interest would suffer if Honigman were not to be retained as Special Counsel.  It is appropriate and in the best interests of the Debtors' estates that Honigman continue to be retained by the Debtors for the Special Counsel Matters.

09-50026-mg    Doc 951    Filed 06/12/09    Entered 06/12/09 21:25:05    Main Document
Pg 6 of 38

11.     The survival of the Debtors is of paramount importance.  The Debtors hope and expect to continue the long tradition of manufacturing superior automobiles, of leading the automotive industry in innovation, of employing thousands of skilled workers, and of being an American icon with a brand synonymous with quality throughout the nation and the world. Debtors believe, without reservation, that its goal can only be accomplished efficiently and effectively with Honigman's assistance as counsel.

<u>**Professional Compensation**</u>

12.     The Debtors believe that Honigman's hourly rates and disbursement policies, as described in the Weiss Declaration, are reasonable and appropriate,   The Debtors have agreed to pay Honigman according to those terms.  The Debtors understand that the partners, counsel, and associates of Honigman who will be employed in this case are members in good standing of the courts in which they are admitted to practice.

13.     In addition to Honigman, the Debtors have and may further employ certain other professionals that are necessary to a successful and efficient resolution of their cases, including, without limitation, attorneys, financial advisors and public relations consultants.  Honigman will work closely with those professionals and any other professionals and counsel retained by the Debtors in connection wit their chapter 11 cases to ensure that there is no duplication of efforts.

14.     The Debtors understand that Honigman will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of title 11 of the United States Code (the "**Bankruptcy Code**"), the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the guidelines established by the Office of the United Stats Trustee (the "**Guidelines**"), and the orders of this Court ("**Orders**") for all services performed and expenses incurred after the Petition Date.

6

15.    The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay Honigman's hourly rates for services rendered that are in effect from time to time, as set forth in the Weiss Declaration, and to reimburse Honigman according to Debtors' customary reimbursement policies, and respectfully submit that such rates and reimbursement policies are appropriate.

16.    Honigman has agreed to accept such compensation for the services rendered and expenses incurred in connection with its representation of the Debtors, such sums as may be allowed by this Court based on the time spent and services rendered, the results achieved, the difficulty and complexity encountered, and other appropriate factors. Honigman will not be paid any compensation by the Debtors, except pursuant to an interim compensation procedure order and upon application to and approval by the Bankruptcy Court after notice and a hearing.

17.    To the best of Debtors' knowledge and based on the Weiss Declaration submitted in connection with this Application, there are no arrangements between Honigman and any other entity to share compensation received or to be received in connection with this case, other than as permitted by section 504 of the Bankruptcy Code.

### Honigman Does Not Hold an Interest Adverse to the Debtors' Estates

18.    To the best of Debtors' knowledge, and based on the Weiss Declaration, Honigman and the attorneys employed by it do not hold or represent an interest adverse to the Debtors' estates on the matters on which they are to be engaged and do not have any connection with the Debtors, their creditors, or any other party-in-interest, or with their respective counsel or accountants, or with the United States Trustee or any person employed by the Office of the United States Trustee, except as set forth in the Weiss Declaration.

19.    Honigman has disclosed to the Debtors that Honigman has in the past represented, currently represents, and will likely represent in the future, certain of the Debtors' creditors,

7

affiliates of the Debtors' creditors, professional and other parties-in-interest in matters unrelated to the Debtors or their chapter 11 cases. Specifically, Honigman has disclosed a list of clients that Honigman represents or has recently represented on unrelated matters, on Schedule 1 to the Weiss Declaration. The Debtors have been informed that the Firm will not, however, represent any of the foregoing entities in any matter adverse to the interests of the Debtors, nor will the Firm represent the Debtors in any matter adverse to the interests of such entities. The Debtors do not believe that any such representations present a conflict of interest under the circumstances of these cases or diminish Honigman's ability to represent the Debtors effectively as Special Counsel. If and to the extent any potential conflict of interest were to arise, the Debtors would utilize the services of separate counsel.

20.     The Debtors firmly believe that Honigman is well qualified to represent their interests and the interests of their estates. Further, if the Debtors are required to retain counsel other than Honigman in connection with the Special Counsel Matters, the Debtors, their estates, and all parties-in-interest would be severely prejudiced by the time and expense necessary to enable other counsel to become familiar with the purchasing issues in particular and the Debtors' businesses, operations and capital structure more generally.

21.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Honigman on any reasonable terms and conditions. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Order, it is proposed that Honigman be compensated at its hourly rates for services performed that are in effect from time to time, as set forth in the Weiss Declaration, and to reimburse Honigman according to Debtors' established reimbursement policies subject to approval by the court. The Debtors believe that the rates and reimbursement policies stated in the Weiss Declaration are reasonable.

## Notice

22.     Notice of this Application has been provided to: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for EDC, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H. Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.

23.     No previous motion or application for relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the attached Order (i) authorizing the Debtors' retention, employment and compensation of Honigman as Special Counsel and (ii) granting such other or further relief as is proper.

Dated: New York, New York
      June 12, 2009

GENERAL MOTORS CORPORATION
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)


/s/ Walter G. Borst
NAME:  Walter G. Borst

TITLE:  Treasurer


DETROIT.3662058.4

ROBERT B. WEISS, ESQ. (Mich. Bar. No. P28249)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
Telephone No.:  (313) 465-7596
Facsimile No.:  (313) 465-7597
Email:  rweiss@honigman.com

*Proposed Special Counsel to the Debtors and Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| **GENERAL MOTORS CORP.**, *et al.*, | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |
| | Hon. Robert E. Gerber |
| _____/ | |

**ORDER UNDER 11 U.S.C. §§ 327(e) AND 328(a) AUTHORIZING THE
EMPLOYMENT AND RETENTION OF HONIGMAN MILLER
SCHWARTZ AND COHN LLP AS SPECIAL COUNSEL FOR THE DEBTORS, *NUNC
PRO TUNC* TO THE PETITION DATE**

Upon the application dated June 12, 2009 (the "**Application**")[1] of General Motors

Corporation and certain of its affiliates, as debtors and debtors-in-possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to U.S.C. §§327(e) and 328(a)

and Federal Bankruptcy Procedure 2014(a), for authorization to employ and retain Honigman

Miller Schwartz and Cohn LLP ("**Honigman**") as special counsel for the Debtors, *nunc pro tunc*

to June 1, 2009, the date on which Debtors commenced their Chapter 11 cases (the "**Petition**

**Dates**") pursuant to the terms set forth in the Application; and upon the Declaration of Robert B.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the same meanings ascribed to them in
the Application.

1

Weiss, a partner of Honigman, dated June 12, 2009, filed in support of the Application and annexed to the Application as **Exhibit B** (the "**Weiss Declaration**"); and the Court being satisfied based on the representations made in the Application and the Weiss Declaration, that Honigman neither holds nor represents any interest adverse to the Debtors and their estates on the matters as to which it is being engaged; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, due and proper notice of the Application having been provided to: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for EDC, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary

Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved, *nunc pro tunc* to the Petition Date; and it is further

ORDERED that pursuant to U.S.C. §§327(e) and 328 of the Bankruptcy Code, the Debtors are authorized to employ, retain and compensate Honigman *nunc pro tunc* to the Petition Date on the terms and conditions (including, without limitation, hourly rates) set forth in the Application and Weiss Declaration; and it is further

ORDERED that Honigman shall file fee applications for interim and final allowance of compensation and disbursement of expenses pursuant to the procedures set forth in 11 U.S.C §§330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, the Local Bankruptcy

Rules, any orders of this Court, and guidelines established by the Office of the United States Trustee; and it is further

ORDERED that notice of the Application as provided herein shall be deemed good and sufficient notice of the Application, and it is further

ORDERED that the requirement, pursuant to Local Rule 9013-1(b), that the Debtors file a separate memorandum of law in support of the Application is unnecessary and hereby dispensed with.

New York, New York

Dated:    __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE


DETROIT.3662090.2

ROBERT B. WEISS, ESQ. (Mich. Bar. No. P28249)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone No.: (313) 465-7596
Facsimile No.: (313) 465-7597
Email: rweiss@honigman.com

*Proposed Special Counsel to the Debtors and Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re:                                    Chapter 11

**GENERAL MOTORS CORP.,** *et al.*,           Case No. 09-50026
                                         (Jointly Administered)
         Debtors.

                                         Hon. Robert E. Gerber

_____/

### DECLARATION OF ROBERT B. WEISS AND DISCLOSURE STATEMENT IN SUPPORT OF THE APPLICATION UNDER 11 U.S.C. §§327(e) AND 328(a) TO EMPLOY AND RETAIN HONIGMAN MILLER SCHWARTZ AND COHN LLP AS SPECIAL COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC,* TO THE PETITION DATE

Robert B. Weiss declares as follows:

1.        I am a partner in the law firm of Honigman Miller Schwartz and Cohn LLP (the "**Firm**" or "**Honigman**"), a law firm with its principal office at 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226. The firm has other offices in Michigan.

2.        I make this Declaration in support of the Application Under 11 U.S.C. §§ 327(e) and 328 (a) of the Debtors to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date (the "**Application**"), and to provide required disclosures under Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b).

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and if called as a witness, would testify to them.

4.      Honigman is a law firm which has members duly authorized to practice law in the State of Michigan and other jurisdictions.

5.      To the best of my knowledge, after due inquiry, neither I, Honigman, nor any partner, of-counsel or associate of the firm, has any connection with the Debtors, their creditors, any party in interest herein, their respective attorneys or accountants, the United States Trustee or the employees of the United States Trustee, except as set forth in this Declaration.

6.      Honigman is a full-service business law firm with over 220 lawyers and is one of the leading firms in Michigan.  Honigman has expertise in, among other practice areas of law, automotive industry legal issues, purchasing, bankruptcy and restructuring, taxes, litigation, corporate, environmental and real estate.

7.      Honigman has represented Debtors for over 20 years in several discrete practice areas, including the following:

(a)      as a customer of financially troubled suppliers, both inside and outside of bankruptcy, including troubled supplier assistance ("**Troubled Supplier Matters**");

(b)      as a creditor in bankruptcy cases and as a party to contested matters and adversary proceedings;

(c)      purchasing issues and procedures;

(d)      with respect to rights in tooling;

(e)      tax advice and tax appeals matters;

(f)      environmental law;

2

    (g)    certain real estate, construction and related matters;

    (h)    issues of Michigan law and/or arising in Michigan;

    (i)    litigation; and

    (j)    acquisitions and sales of certain assets.

The relationship between the Firm and the Debtors has deepened and continued unabated, as the Firm has provided advice and representation to the Debtors on a range of supplier, purchasing and other matters over the last several years.  In particular, Honigman has represented GM and its affiliates for nearly 20 years with respect to supplier and customer financial distress, insolvencies and bankruptcies.  Honigman is currently rendering services to GM in a number of chapter 11 cases pending in this Court and other bankruptcy courts around the country, including the Delphi, Intermet, Cadence, Visteon, Metaldyne and Chrysler bankruptcy cases.  Honigman may represent other parties in interest in such cases, whose interests are aligned with and not adverse to GM.  For example, currently, Honigman is representing a number of vendors in the Chrysler bankruptcy proceeding, including, Magna International and its affiliates, one of the largest vendors to Chrysler, and a member of the official unsecured creditors committee. Honigman will not represent any party other than Debtors in Debtors' bankruptcy cases.

    8.    As a result of the above-described representations, Honigman has the necessary background and experience to deal with matters relating to the above which may arise postpetition and certain other defined and finite matters which may arise as Debtors may request from time to time, including the implementation of the provisions of the Essential Vendor Program should it be approved by the Court and executory contract issues, including analysis, assumption and assignments, cure costs and rejection (collectively, the "**Special Counsel Matters**").

9.      I am advised by the Firm's accounting staff that, in the twelve month period ending May 31, 2009, in accordance with its usual billing and receipt practices relative to Debtors, Honigman received an aggregate of $15,032,752.06 from the Debtors for professional services performed, including $5,954,398.45 in fees for Troubled Supplier Matters, and $2,044,132.16 for costs.  A significant portion of these costs were fees incurred by experts or other counsel engaged on behalf of the Debtors, but at the direction of Debtors, their services were billed as a cost of Honigman and when Honigman was paid by the Debtors, it passed on the funds to the experts and other counsel.

10.     On February 26, 2009, Honigman received a retainer of $1 million for professional services to be performed and out of pocket expenses, which retainer was held in an interest bearing client trust account consistent with the terms of its prepetition engagement by GM. Honigman has drawn down on the retainer to compensate it for services provided to GM, which included an estimate of amounts that would be incurred through the filing date.  Thus, Debtors do not owe Honigman for any legal services rendered or expenses incurred before the commencement date.

11.     For years prepetition, Honigman has held a fund for Troubled Supplier Matters, which varies in amount as it is replenished and applied.  As of May 31, 2009, the fund for Troubled Supplier Matters was in the amount of $583,394.66.

12.     Postpetition, the remainder of the retainer and the fund will constitute a postpetition retainer (the "**Postpetition Retainer**").  To the extent finally reconciled billings show that the estimated amounts exceeded actual, finally reconciled prepetition billings, the difference will be added to the Postpetition Retainer.  Without regard to any such addition from

4

the estimated amounts, the Postpetition Retainer stands at $583,394.66.  Honigman will not draw down on the Postpetition Retainer without first seeking and obtaining Court approval.

13.     Honigman has a large and diversified legal practice which encompasses the representation of many financial and commercial institutions, including automotive suppliers, some of which are, or may be, creditors or parties in interest in the Debtor's Chapter 11 case. Some of these entities are, or may consider themselves to be creditors or parties in interest in the Debtors' Chapter 11 cases or to otherwise have interests in these cases.  Honigman does not represent such entities in such capacities.

14.     Honigman was provided a list of entities which should be checked for purposes of disclosure by Weil Gotshal & Manges LLP (the "**Master Retention Checklist**").  I directed the Firm's Ethics Committee and staff to use the Master Retention Checklist to search Honigman's conflict checking database and send multiple requests for disclosure information to each attorney at Honigman by e-mail.  For each relationship that was disclosed, follow-up inquiries were conducted in writing, face-to-face meetings, by telephone and/or e-mail by members of the Firm's Ethics Committee.

15.     The Firm's Ethics Committee has identified the Firm's client connections to entities on the Master Retention Checklist on  Schedule 1 hereto, categorized as follows:

     (a)     Current Clients – entities and persons for whom Honigman is performing services currently;

     (b)     Former Clients – entities and persons for whom Honigman has performed services within the last three years but are not Current Clients;

     (c)     Potential Clients – entities and persons for whom Honigman may commence a representation in the near future;

     (d)     Related Entities – entities which Honigman has determined are or may be affiliates to Current Clients or Former Clients; and

(e)    Adverse Parties – entities to which Honigman has been adverse within the last three years.

16.    The Firm's accounting staff has advised me that none of the Current Clients represented more than 1% of Honigman's annual revenue during 2008, other than Ford Motor Company, which when treated collectively with its affiliates, represented less than one and a half percent (1.5%) of the Firm's 2008 revenues.

17.    The Firm's Ethics Committee also conducted a general inquiry of the Firm's attorneys to determine whether any attorney or member in the attorney's household holds a claim against or stock in the Debtors, or was employed by one of the Debtors in the last two years.  As a result of this inquiry, I was advised that five Honigman attorneys or members of their households own stock in the Debtors, and no Honigman attorneys have members of their households who were employed by the Debtors in the last two years.  No inquiry was performed to determine whether mutual funds or other similar investments held by attorneys or members of their household held claims against or stock in the Debtors.

18.    Prepetition Honigman represented Debtors under several fee arrangements, including alternative fee arrangements with discounts from Honigman's standard hourly rates and subsequent success fees, and arrangements based on Honigman's standard hourly rates.  It has been agreed that postpetition all services will be provided at a discounted rate of ninety-five percent (95%) of Honigman's 2009 standard hourly rates.  The 2009 standard hourly rates of Honigman's professionals range as follows:

(a)    between $265 and $710 for partners;

(b)    between $385 and $520 for special counsel;

(c)    between $190 and $295 for associates;

(d)    between $120 and $225 for legal assistants; and

6

(e)    between $75 and $385 for other professionals, such as summer associates, librarians and tax specialists.

The discounted 2009 hourly rates of the Honigman professionals who are expected to be principally responsible for the Special Counsel Matters are:

| Professional | 95% of Standard Hourly Rates | Class Year |
|---|---|---|
| Daniel N. Adams (associate) | $195 | 2007 |
| Donald F. Baty (partner) | $475 | 1985 |
| Seth A. Drucker (associate) | $215 | 2004 |
| Frank L. Gorman (partner) | $370 | 1998 |
| Daniel W. Linna Jr. (associate) | $265 | 2004 |
| Lawrence D. McLaughlin (partner) | $515 | 1977 |
| Joseph M. Polito (partner) | $495 | 1975 |
| Tricia A. Sherick (partner) | $370 | 1997 |
| Aaron Silver (partner) | $285 | 2002 |
| Joseph R. Sgroi (associate) | $240 | 2005 |
| Michelle Epstein Taigman (partner) | $370 | 1993 |
| Robert B. Weiss (partner) | $565 | 1975 |
| Kimberly A. Yourchock (associate) | $195 | 2008 |
| Brenda Lundberg (paralegal) | $170 | n/a |
| Lee Ann Provenzano (paralegal) | $170 | n/a |

Additional Honigman attorneys not listed above have been working on the representation since June 1, 2009, Debtors' petition date.  As the Debtors' cases progress, the services of additional or other Honigman attorneys and paraprofessionals may be required.  The above listing is intended for informational purposes and is not a limitation as to staffing.

19.    These hourly rates are subject to periodic increases in the normal course of the Firm's business, generally in January of each year, often due to the increased experience of a particular professional.

20.    Debtors have established policies for the reimbursement of expenses which Honigman had been following prepetition and with which Honigman will comply post-petition.

These policies are consistent with the Guidelines for bankruptcy professionals.  These policies include:

     (a)     reimbursement for reasonable and actual out-of-pocket payments made to third-party vendors, with no mark-up or surcharges added (with inside photocopy charges limited to seven cents per page); and

     (b)     no reimbursement for the following:

- Word processing
- Overtime charges
- Secretarial/clerical charges
- Fax communications (except long distance telephone charges)
- Local personal transportation (taxi/limousine to/from home)
- Local telephone charges
- Local meals
- Books, subscriptions
- Membership fees
- Office supplies
- Storage charges

     (c)     The Firm does not bill for long distance telephone charges other than for conference calls using an outside vendor.

21.     Postpetition, the Firm will not pay experts or other counsel on Debtors' behalf. Such experts or other counsel will be paid by the Debtors as approved by the Court.

22.     No promises have been received or made by Honigman as to payment or compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the local Bankruptcy Rules and the Guidelines. Honigman has not agreed with any other entity to share any compensation it receives in Debtors' cases.

23.    Based on the above, Honigman is a disinterested person with respect to the estates of the Debtors.

24.    Honigman does not represent or hold an interest adverse to the Debtors or their estates.

25.    Honigman intends to apply for allowance of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any applicable orders of this Court.

26.    The foregoing constitutes the statement of Honigman pursuant to sections 327(e), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).  If it is brought to my attention that any information disclosed herein requires amendment or modification upon Honigman's completion of further review or as additional party in interest information becomes available to it, I intend to file supplemental declarations to the Court reflecting such additional, amended or modified information.

27.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


/s/  Robert B. Weiss
Robert B. Weiss

Executed in Detroit, MI
on June 12, 2009.


DETROIT.3662054.9

9

## SCHEDULE 1 TO DECLARATION OF ROBERT B. WEISS

1.  Current Clients – entities for whom Honigman is currently performing services;

A123 Systems
AEP Industries, Inc.
AG Simpson Automotive
AIG
Alix Partners
Amerigon Inc. (John M. Devine is a Director)
Andiamo Riverfront, LLC and various affiliates
Android Industries
ANR Pipeline Co.
ArcelorMittal USA
AT&T Inc.
Biogen Idec MA Inc.
BorgWarner Automotive Inc.
Bosch (Robert Bosch Corp)
BP Energy Co USA
Brake Parts, Inc.
Bridgewater Interiors
Cami Automotive, Inc.
Carpenters Pension Trust Fund
CIGNA (Connecticut General Life Insurance Company)
Citizens Bank
Comcast Corp.
Compact Power, Inc.
Consumers Energy
CSX Corp.
CSX Transportation, Inc.
Dana Corp.
Detroit Investment Fund (Honigman is a limited partner; Honigman Partner, Alan E. Schwartz, is a Director; Honigman Partner, Denise J. Lewis, is Member of the Investment Committee)
Deutsche Bank AG
Digitas Inc.
DirecTV
Dmax, Ltd.
DTE Energy
DTE Energy Services Inc.
Eaton Corp.
E. I. du Pont de Nemours & Company
Englewood (City of)
ExxonMobil

Federal Mogul Corp.
Federal Reserve Bank of Chicago
Fidelity Investments
Fidelity Management & Research Company
Fifth Third Bank
Ford Motor Co.
Franklin Advisors
General Electric Co.
General Motors Corporation
GMAC
Goss LLC
Granger Electric Company
Grupo Antolin Wayne
Guardian Industries
HealthPlus Michigan Inc.
Hewlett Packard
Home Depot, The
ICG Leaseback Fund I LLC
JCIM LLC
J.P. Morgan & Co. Inc.
JPMorgan Chase Bank, N.A.
Johnson Controls
Lansing Board of Water & Light
Magna International
Merck & Co Inc.
MMA Renewable Ventures Finance
Morgan, JP Chase & Co.
Morgan Stanley
Motor Enterprises, Inc.
National City Bank
NYX Inc.
Panasonic Corporation
Penske Automotive Group, Inc.
Penske Corporation
Penske Logistics
Pfizer Inc.
Riverfront Development Corporation
Riverfront Holdings III, Inc.
Riverfront Holdings Phase II, Inc.
Robert Bosch Corp.
Sprint
TEMIC Automotive of North America
Time Warner Telecom
TRW Automotive Holdings Corp.
TRW Vehicle Safety Systems
US Steel Inc.

Valeo and affiliates
Valeo Sistemas Electricos S.L.
Veolia Environnement SA
Verizon Communications
Wind Point Partners
Yazaki North America


2.      Former Clients – entities and individuals for whom Honigman has performed services within the last three years and which are not current clients;

ABN AMRO Rothschild LLC
Aon Inc.
Apollo Management, L.P.
ArvinMeritor Inc.
Ballard Power Systems Inc.
Bank of America
Bank of New York
Barclays Bank
Barclays Capital Inc.
Barnevik, Percy N.
Bear Stearns & Co. Inc.
Bowles, Erskine
Bryan, John H.
Carlyle Group, The
Carlyle Partners IV LP
Chrysler LLC
Citibank, N.A.
Citicorp USA, Inc.
Citigroup
Codina, Armando M.
Comerica Bank
Credit Suisse Securities
Daimler AG
Delphi Corp.
EDS
Electronic Data Systems
Eli Lilly & Co.
Faurecia Automotive
Fisher, George M.C.
Gas Recovery Systems Inc.
Goldman, Sachs & Co.
Goldman, Sachs Group Inc.
GKN Automotive Inc. & affiliates
Henry Schein, Inc.

Hertz Corporation, The
International Union, United Automobile, Aerospace and Agricultural Implement Workers
      of America (UAW)
Katen, Karen L.
Key Bank
Kresa, Kent
Kullman, Ellen J.
Laskaway, Philip A.
Lear Corporation
Lehman Brothers Asset Management Inc.
Merrill Lynch Bank
Metalmark Capital LLC
Michigan Strategic Fund
Nemak SA
New United Motor Manufacturing, Inc.
New York State Common Retirement Fund
O'Neal, E. Stanley
Pfeiffer, Eckhard
Price Waterhouse Coopers
Qwest
RBS Citizens N.A.
Remediation and Liability Management Company, Inc.
Roger D. Wheeler
SBC
Segway, Inc.
Shanghai Automotive Industry Corporation
Symetra Life Insurance Co f/k/a/ Safeco Insurance
Toyota Motor Corporation
UBS AG
US Bank Trust National Association
Visteon Corp.
Zurich American Insurance Co.

         3.    Potential Clients – entities for whom we may commence a
                representation in the near future;

RBS Citizens N.A.

         4.    Related Entities – entities which Honigman has determined are or
                may be affiliates to Current Clients or Former Clients;

**Current Clients**
AIG (affiliate of AIU Insurance Co., Lexington Insurance, National Union Fire Company
      of Pittsburgh, AIG Vantage Capital LP)
AT&T Mobility (affiliate of AT&T Corp. & AT&T Canada)
AT&T Services Inc. (affiliate of AT&T Corp.& AT&T Canada)
AutoOwners Insurance (affiliate of Chubb)

Charter One Bank (affiliate of RBS)
Citicorp Venture Capital and CCP Partners (affiliates of Citicorp)
Comcast Cablevision of the South Inc. (affiliate of Comcast Corporation)
Comcast of California/Massachusetts/Michigan/Utah Inc. (affiliate of Comcast
     Corporation)
Comcast Phone of Michigan LLC (affiliate of Comcast Corporation)
Continental Teves  (affiliate of Continental Ag and Continental Tire)
Deutsche Bank Securities Inc. (affiliate of Deutsche Bank NA)
Diversified Machine Inc. (affiliate of The Carlyle Group)
Eaton Corporation (Eaton/Aeroquip de Mexico)
Ford Motor Land Development Corp. (affiliate of Ford Motor Co.)
Fortress Investment Group (affiliate of Fortress Cr Invs I Ltd)
Fortress Investment Group (affiliate of Fortress Cr Invs II Ltd)
General Electric Co. (affiliate of GE Pen Tr)
General Electric Co. (affiliate of General Electric Capital Corporation)
GKN Automotive (affiliate of GKN Plc)
Hewlett Packard (affiliate of Hewlett Packard Canada)
Hitachi Metals America, Ltd. f/k/a Hitachi Magnetics (affiliate of Hitachi Data Systems
     Corporation & Hitachi Automotive Products)
Mitsubishi Motors Research & Design of America, Inc. (affiliate of Mitsubishi Electric)
Mitsubishi Motor Sales of America (affiliate of Mitsubishi Electric)
Quile Corp. (affiliate of GMAM Investment Funds Trust and GMAM Real Estate I, LLC)
TEMIC Automotive of North America (affiliate of Continental Ag and Continental Tire)
Thor Equities (affiliate of Thor Industries Inc.)

**Former Clients**
Aegon Special Markets Group, Inc. (affiliate of Aegon Transamer MFS Hi Yld)
AIG Technical Services, Inc. (affiliate of AIG Global Investment Group Inc. and
     American International Group Inc.)
Automotive Components Holdings LLC (affiliate of Ford Motor Co.)
Caterpillar Inc. (affiliate of Caterpillar Inc Mstr Pen Tr)
Chrysler Financial Co LLC (affiliate of Chrysler LLC)
CitiMortgage, Inc. (affiliate of Citigroup, Citicorp Securities Services, Inc. and Citicorp
     USA, Inc.)
CitiStreet (affiliate of Citigroup, Citicorp Securities Services, Inc. and Citicorp USA,
     Inc.)
Ford Motor Credit Co. LLC (affiliate of Ford Motor Co.)
GS Capital Partners V Fund LP (affiliate of Goldman Sachs & Co.)
Hitachi Magnetics Corp (affiliate of Hitachi Data Systems Corporation)
UBS Financial Services, Inc. (affiliate of UBS AG London, UBS Global Asset
Management Inc. and UBS AG)
UBS Realty Investors, LLC (affiliate of UBS AG London, UBS Global Asset
     Management Inc. and UBS AG)
Webasto Roof Systems Inc. (affiliate of Webasto Ag)

5.    Adverse Parties – entities to which Honigman has been adverse within the last three years.

3M Corporation
AAU
ABN AMRO Rothschild LLC
Adam Opel GmbH
AG Edwards Inc.
AG Simpson Automotive
AIG
AIG Global Investment Group Inc.
Aisin World Corp.
Air Liquide
AK Steel Corp.
Alix Partners
Alliant Energy
Allianz
Allison Transmission Corp.
Alpha SA De Cv (Caboe Alpha SA & Elex Alpha SA)
Ameren UE
American Airlines
American Axle & Manufacturing Holdings Inc.; American Axle & Mfg. Inc.
American Express
American Intl Group Inc.
Amoco
Andiamo Riverfront, LLC
Android Industries
ANR Pipeline Co
Aon Inc.
AP Plasman Corp.
Apollo Management, L.P.
ArcelorMittal USA
Arizona Department of Revenue
ArvinMeritor Inc.
AT&T Corp.
Atlantic Richfield Co.
Atrium V
Australia & New Zealand Bank
Autoliv Inc.
Automotive Lighting Corp.
Avis Budget Group, Inc.
Baltimore (City of)
Baltimore Gas & Electric Co.
Banc of America Securities LLC
Bank of America
Bank of Montreal
Bank of New York

Bank of Nova Scotia
Bank One
Barclays Bank PLC
Barclays Capital Inc.
Barclays Global Investors
Bay City (City of)
Bayerische Landesbank
Bear, Stearns & Co. Inc.
Behr Industries and affilkiates
Behr Dayton Thermal Products
BellSouth
Benteler Automotive
Biogen Idec Inc.
Birmingham (City of)
Blackrock Fltg Rt Inc Strt
Blackrock Gbl Inv Ser Inc Str
Blackrock Senior Inc Ser II
Blackstone Group L.P.
Blue Care Network of Michigan
Blue Cross Blue Shield
BMW Group
BNP Paribas Securities Corp.
BorgWarner Automotive Inc.
Bosch, Robert Stifung GmbH
Bose Corp
BP Amoco
BP Canada Energy Mktg Corp
BP Energy Co USA
BP Products N America Inc.
Bridgestone/Firestone Inc.
Brighton (City of)
Brose International
Brunswick Corp.
Bureau of Customs and Border Protection
Burger King
Burton (City of)
California Attorney General
Calyon
Campbell Ewald
Canadian Imperial Bk Comm
Canyon Capital Advisers
Carpenters Pension Fund
Castle Garden Fdg
Caterpillar Inc.
Cellco Partnership
Ceridian Corp.

Challenge Mfg. Co.
Charlotte (City of)
Chrysler LLC
Chubb
CIBC
CitiBank, N.A.
Citicorp USA, Inc.
Citigroup
Cloyes Gear & Products Inc.
Coachment Industries Inc.
Coca Cola Co.
College Retirement Equities Fund
Coller Capital Ltd.
Columbus (City of)
Comcast of California/Massachusetts/Michigan/Utah Inc.
Comerica Bank
Commerzbank AG
Commonwealth Edison
Computershare Trust Company, NA
Concord International
Connecticut (State of)
ConocoPhillips Company
Constellation NewEnergy
Consumers Energy
Continental AG
Continental Plastics Co.
Continental Tire
Contl Casualty Co
Cooper-Standard Holdings Inc.  (The husband of an HMSC partner is Vice President
        of Coopers' Global Supply Chain
Copyright Office
Coral Energy Resources LP
Cousins Properties
Credit Suisse
Credit Suisse Securities (USA) LLC
CSX Corp.
CSX Transportation, Inc.
Cuna Mutual Ins Society
Daewoo Motor Co Ltd
Dakkota Integrated Systems
Daimler AG
Dana Corp.
Deloitte LLP
Delphi Corp.
Delta Charter Township
Denso Corp.

Denso International America, Inc.
Department of Labor
Department of the Interior
Department of Transportation
Detroit Board of Water Commissioners
Detroit Investment Fund
Detroit Technologies Inc.
Detroit Thermal LLC
Deutsche Bank
DirecTV
Downtown Pontiac Development Company
DPL Energy Resources
DTE Energy
DTE Energy Services Inc.
Duke Energy
DuPont Automotive Co.
Eaton Corp.
E. I. du Pont de Nemours & Co.
Eastman Kodak Co.
Eclipse Aviation Corp
EDS
Electronic Data Systems
Eli Lilly & Co.
EnergyUSA - TPC
Entergy (Power & Light)
Enterprise Rent-A-Car
Environmental Corporate Remediation Company, Inc.
Equal Employment Opportunity Commission
Ernst & Young
Evercore Partners Inc.
Exedy Corp
ExxonMobil
Fannie Mae
Faurecia Automotive
Federal Mogul Corp
Federal National Mortgage Association (FNMA)
Federal Trade Commission
Fiat Spa.
Fidelity Investments
Fidelity Management & Research Company
Fifth Third Bank
First Data Corp.
Flagler Development Co.
Flex-N-Gate Corp.
Flint (City of)
Flint Township Board of Public Works

Foothill Grp Inc
Ford Motor Co.
Fortis
Franklin County Sales Tax Division
GAZ Group
GE Asset Management Inc.
GE Capital
GE Commercial Finance
General Electric Capital Corp.
General Electric Co.
General Motors Canada Limited
General Motors Europe AG
General Motors Europe Holdings S.A.
Genesis CLO 2007-1 Ltd
Georgia Department of Revenue
Getrag Corporation
GKN Plc and affiliates
GM Daewoo Auto & Technology
GMAC
Goldman Sachs & Co.
Goldman Sachs Group Inc.
Goodyear Tire & Rubber Co.
Goss LLC
Grayson & Co.
Great American
Greenwich Capital Markets, Inc.
Grupo Antolin Irausa SA
Guardian Industries
Hayes Lemmerz International
Health Alliance Plan
HealthPlus Michigan Inc.
Helaba
Hertz Corporation, The
Hess Corporation
Hewlett Packard
Highbridge Capital Management
HLI Operating Company
Home Depot, The
HP Pelzer
HSBC
Hudson (City of)
Hughes Aircraft Company
Illinois Department of Revenue Retailers' Occupation Tax
Illinois Tool Works
Indiana Department of Revenue
Indianapolis Power & Light Co.

ING Bank
International Association of Machinists (IAM)
Internal Revenue Service
International Automotive Components
International Brotherhood of Electrical Workers (IBEW)
International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers
        (IUE)
International Union, United Automobile, Aerospace and Agricultural Implement Workers
        of America (UAW)
Inteva Products
Isuzu Motors Limited
J2 Management Corp.
J&R Marketing
J.P. Morgan & Co. Inc.
J.P. Morgan Securities Inc.
Jacksonville (City of)
Johnson Controls
JPMorgan Chase Bank, N.A.
Kansas Department of Revenue
KBC Bank
Key Bank
Key Safety Systems Inc.
Kohlberg Kravis Roberts & Co.
KPMG LLP
Lansing Board of Water & Light
Lear Corporation
Lehman Brothers Asset Management Inc.
Lexington Insurance
Liberty Mutual Insurance
Linamar Corp.
Lloyds
Lord, Abbett & Co., LLC
M&T Bank
M.D. Anderson Cancer Center
Madison Park Fdg III Ltd
Madison Park Funding I Ltd
Madison Park Funding II Ltd
Madison Park Funding V Ltd
Magna Inc.
Magna International
Mahle Group
Martinrea International
America Corp.
MCI Worldcom
Mellon Bank
Merck & Co. Inc.

Merrill Lynch
Merrill Lynch Bank
Mesa (City of)
Michigan Department of Treasury
Michigan Strategic Fund
Michelin Americas
Mitsubishi Electric
Mittal/Ispat Inland
Mizuho Corporate Bank
Mold Masters Co.
Montgomery County
Montgomery County Revenue Department
Morgan, JP Chase & Co.
Morgan Stanley
Motorola Inc.
Nash Point CLO
National Car Rental
National City Bank
National Highway Traffic Safety Administration
National Labor Relations Board
National Union Fire Company of Pittsburgh
Nevada (State of)
New Castle County
New Orleans (City of)
New York Life Ins Co GP
Nippon Sheet Glass
Noble International
Norfolk Southern
Northern Indiana Public Service Company
Northern Trust Companies Securities Lending
Northern Trust Company
Northern Trust Investments, N.A.
Northrop Grumman Corp.
Northwestern Investment Management Co.
Oaktree Capital Management LLC
Occupational Safety and Health Review Commission
Oklahoma (City of)
Opel Eisenach GmbH
Orion (Charter Township)
Panasonic Corporation
Panhandle Eastern Pipe Line Co USA
PECO Energy Company
Pennsylvania (Commonwealth of)
Penske Corporation
Pfizer Inc.
Phoenix City Treasurer

Pierce, Fenner & Smith Incorporated
Pilkington NA Holdings Inc.
Plastic Omnium
Polygon Investment Partners
Pontiac (City of)
Portland (City of)
PPG Industries Inc.
Price Waterhouse Coopers
PSE&G
Pueblo (City of)
Qwest
R & M Investments
RBS
Remy Inc.
Reno (City of)
Robotic Vision Systems, Inc.
Rockwood Holdings Inc.
Romulus (City of)
Royal Bk Of Scot PLC
Ryder Logistics
Saab Ab
SAAB Automobile A.B.
Saab Cars Holdings Corp.
Safeco Insurance
SAIC Motor Corporation Limited
Sankaty Credit Opportunities II
Sankaty Credit Opportunities III
Sara Lee Corp.
SBC
SBC Internet Services
Securities and Exchange Commission
Sequent Energy Management USA
Silverado CLO 2006-1 LTD
SMW Automotive Group
Social Security Administration
Societe Generale
Sonic Automotive Inc.
Southern Methodist University
Southwestern Bell
Sprint
Standard Chartered Bank
Starcom Mediavest Group Inc.
State Street Bank and Trust Company of Connecticut National Association
State Street Global Advisors, Inc.
Sterling Heights (City of)
Steven J. Harris

Stichting Pensioen Funds ABP
St. Luke's Episcopal Health System
Sumitomo Electric
Suntrust Banks Inc.
Suntrust Leasing Corporation
Superior Industries International
Suzuki
Swartz Creek (City of)
T. Rowe Price Associates, Inc.
TDS Telecom
Tenneco
Tennessee Valley Authority
Texas Comptroller
Texas Instruments, Inc.
Textron
TI Automotive
Time Warner Telecom
Timken Co.
TK Holdings Inc. (the father of an HMSC partner is Director, Product Support for TK
    Holdings)
Toledo (City of)
Tomkins Plc.
Total SA
Toyota Motor Corp.
Travelers Insurance Co.
Troy (City of)
Trunkline Gas Company LLC
TRW Automotive Holdings Corp.
Tucson (City of), Collections
U.S. Environmental Protection Agency
UBS AG
Union Pacific Railroad Co.
United States Department of Justice
United States Department of the Treasury
University of Chicago
University of Kentucky
University of North Carolina
University of Wisconsin - Milwaukee
US Bank
US Bank National Trust National Association
US EPA Region V
US Steel Inc.
Van Buren Charter Township
Van Kampen Asset Management
Vanguard Car Rental USA
Vanguard Group, Inc.

14

Vectren Energy Delivery
Veolia Environnement SA
VeraSun Energy Corporation
Verizon Communications
Visteon Corp.
VM Holdings B.V.
VM Motori S.p.A.
W. Y. Campbell & Company
Wachovia Bank
Warren (City of)
Waterford Township
Wayne (County of)
West Bay Exploration Co.
WestLB
Wilmington Trust (as Indenture Trustee, under indenture dated November 15, 1990; and
        as Indenture Trustee, under indenture dated December 7, 1995
Wilmington Trust Company
Winn-Dixie
Wind Point Partners
Windsor Mold Inc.
Wisconsin Dept of Revenue
Wixom (City of)
Wyoming (City of)
Xerox Corp.
XL Insurance
XM Satellite Radio Holdings Inc.
XM Satellite Radio, Inc.
Yazaki North America Inc.
Ypsilanti Comm Utils Authority
ZF Corp.
Zurich American Insurance Co. and affiliates

DETROIT.3682669.6