LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.
309 Davidson Building
916 Washington Avenue
Bay City, MI 48708
Telephone: 989-893-3518
Fax: 989-894-2232
Susan M. Cook
Adam D. Bruski

Attorneys for Mahar Tool Supply Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
| **In re: GENERAL MOTORS CORP.,** *et al.*, | ) | Case No: 09-50026 (REG) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| _____/ |  |  |

**LIMITED OBJECTION OF MAHAR TOOL SUPPLY COMPANY, INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE COSTS RELATED THERETO**

Mahar Tool Supply Company, Inc. ("Mahar"), through its undersigned counsel, hereby submits this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Mahar by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

**Background**

1. On June 1, 2009 the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code (the "Commencement Date").

1

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order the Debtors delivered an Assignment Notice to Mahar, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Mahar (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors identify $303,222.51 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts, which Mahar states is not less than $412,314.51.

4. Pursuant to the Bidding Procedures Order, Contract Objections must be made in writing filed with the court no later than ten (10) days after the date of the Assumption and Assignment Notice ("Notice"). The Notice is dated June 5, 2009.

5. Furthermore, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date. The Cure Amount should instead include all amounts both pre and post petition due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

## Objection

6. Payment of the Proposed Cure Amount fails to cure the amount owing under the contracts sought to be assumed and assigned.

7. Mahar does not object to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. Mahar does object, however, to the Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those

amounts that were owed as of May 31, 2009, and (2) the Assignment Notice's definition of "Cure Amount" would permit assumption and assignment of certain of Mahar's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

8. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults.

9. Paragraph 5 of the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of Mahar's contracts is whatever was in default as of the Commencement Date.

10. Mahar further objects to the Cure Amount proposed by the Debtors because it is substantially less than the amount that was owed on May 31, 2009. Mahar's calculations of the amounts due under its contracts result in a cure amount substantially in excess of the Cure Amount stated by the Debtors in the Contract Website, specifically, not less than $412,314.51.

11. Mahar reserves the right to amend or supplement this objection.

WHEREFORE, Mahar respectfully requests that the Court: (i) determine that the appropriate amount due to Mahar under such contracts pursuant to section 365(b) of the Bankruptcy Court is not less than $412,314.51; (ii) require that the Proposed Sale Order

approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all obligations that have accrued thereunder but are not then in default and not otherwise paid in the ordinary court of business by the Debtors; and (iii) grant such other and further relief as is just and appropriate.

Respectfully submitted,

Dated:  June 12, 2009                                          By:    /s/ Susan M. Cook
                                                                              _____
                                                                              Susan M. Cook
                                                                              Adam D. Bruski
                                                                   LAMBERT, LESER, ISACKSON,
                                                                   COOK & GIUNTA, P.C.
                                                                   309 Davidson Building
                                                                   916 Washington Avenue
                                                                   Bay City, MI 48708
                                                                   Telephone: 989-893-3518
                                                                   Fax: 989-894-2232

                                                                   Attorneys for Mahar Tool Supply
                                                                   Company, Inc.