PEPPER HAMILTON LLP                                    **Hearing Date:  TBD**
Nina M. Varughese, Esq. (NV 2347)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 981-4750
E-mail: varughesen@pepperlaw.com

- and -

Henry J. Jaffe (DE No. 2987)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
E-mail: jaffeh@pepperlaw.com
        carignanj@pepperlaw.com

Counsel for SKF USA Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :     Chapter 11
In re                                         :
                                              :     Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.,*               :     (Jointly Administered)
                                              :
        Debtors.                              :
                                              :
------------------------------------------------------------x

**LIMITED OBJECTION OF SKF USA INC. TO NOTICES OF (I) DEBTORS' INTENT
TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED
LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

SKF USA Inc. ("SKF"), through their undersigned counsel, hereby submit this

limited objection (the "Objection") to the Notices of (I) Debtors' Intent to Assume and Assign

Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of

Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notices"),

#11095306 v1

served upon SKF by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

## Background

1.    On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2.    SKF, through its business units and divisions, operates under various trade names, including (but not limited to), SKF Reliability Systems f/k/a Preventive Maintenance Company, Inc., SKF Industrial Division, SKF Sealing Solutions, Chicago Rawhide, CR Industries, CR Services, VSM, and SKF Automotive Division.

3.    As of the Petition Date, as more fully set forth below and in the exhibit to this Objection, the Debtors owe SKF no less than $1,305,358.55 (together with any additional post-petition obligations of the Debtors to SKF, the "Outstanding Executory Contract Debt") pursuant to various outstanding executory contracts between these parties.

4.    On the Petition Date, Debtors filed the Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (i) Approve (a) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (b) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (c) Other Relief; And (ii) Schedule Sale Approval Hearing (D.I. 92) (the "Sale Motion"), pursuant to which Debtors seek entry of a proposed order (the "Proposed Sale Order") authorizing (a) the sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings LLC (the "Purchaser"), (b) the assumption and assignment of certain executory contracts and unexpired leases in connection with such sale, and

#11095306 v1

(c) certain related relief. On June 2, 2009, this Court entered an order (the "Bidding Procedures

Order") approving the Debtors' bidding procedures, which includes procedures regarding

Debtors' assumption and assignment of executory contracts.

5.        Pursuant to the Bidding Procedures Order, on or about June 5, 2009, the

Debtors delivered a notice (the "SKF Assignment Notice") to SKF, indicating that the Debtors

intend to assume and assign certain of the Debtors' agreements with SKF (the "Assumed

Contracts"). In addition, on their Contract Website, the Debtors identify $379,116.30 as the

amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure

Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the

Assumed Contracts. Similarly, in a separate cure notice, the Debtors list SKF through its trade

name SKF Reliability Systems and set forth an alleged cure amount of $0 for this SKF division.

SKF Reliability Systems is not a separate legal entity – rather it is a business unit of SKF USA

Inc.

6.        The Proposed Sale Order provides that the Purchaser will acquire the

assumed and assigned agreements ". . . free and clear of all liens, claims encumbrances, or other

interests of any kind or nature whatsoever, including rights or claims based on any successor or

transfer liability, other than the Assumed Liabilities . . .". However, the Proposed Sale Order

limits the Proposed Cure Amounts to such amounts that were in default as of the Petition Date,

*not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser:

"The Database maintained by the Debtors with respect to the Assumable Executory Contracts,

which is referenced and is accessible as set forth in the Assumption and Assignment Notice,

reflects the ***sole amounts necessary*** under section 365(b) of the Bankruptcy Code to cure all

monetary defaults under the Assumable Executory Contracts . . . and no other amounts are or

-3-

shall be due to the non-Debtor parties in connection with the assumption by the Debtors and

assignment to the Purchaser of the Assumable Executory Contracts."  (Proposed Sale Order, ¶

22).[1]

## The Requirements OF 11 U.S.C. §365

7.      The Debtors are in default of their contracts with SKF. The Debtors have

failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease
> of the debtor, the trustee may not assume such contract or lease unless, at the
> time of assumption of such contract or lease, the trustee -
>
>> (A) cures, or provides adequate assurance that the trustee will
>> promptly cure, such default other than a default that is a breach of a
>> provision relating to the satisfaction of any provision (other than a
>> penalty rate or penalty provision) relating to a default arising from
>> any failure to perform nonmonetary obligations under an unexpired
>> lease of real property…;
>>
>> (B) compensates, or provides adequate assurance that the trustee will
>> promptly compensate, a party other than the debtor to such contract or
>> lease, for any actual pecuniary loss to such party resulting from such
>> default; and
>>
>> (C) provides adequate assurance of future performance under such
>> contract or lease."

8.      Payment of the Proposed Cure Amount fails to cure the existing default

under the contracts sought to be assumed and assigned and therefore absent the consent of SKF

the contracts may not be assumed and assigned.

## Objection

9.      SKF does not object to the sale of Debtors' assets as contemplated in the

Sale Motion, nor does it object, *per se*, to assumption of its executory contracts with the Debtors

---

[1]      The most recent contract identified on the Debtors' cure amounts website with respect to SKF is dated May
29, 2009.

and assignment thereof to the Purchaser. SKF does object, however, to the Assignment Notice to

the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were in

default as of May 31, 2009, and (2) the Assignment Notices' apparent limitation of Debtors' cure

obligations to amounts due as of the Petition Date, would permit assumption and assignment of

certain of SKF's agreements without either the Purchaser or the Debtors satisfying all

requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and

(f), including the obligations to: (a) cure all defaults existing at the time executory contracts are

assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which

nonetheless exist, at the time executory contracts are assumed and assigned.

   10. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be

cured as of the time of assumption. Such defaults that must be cured include both pre-petition

and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*,

304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In

re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-

Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American

Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

   11. Presently, the Assignment Notice (in connection with the Proposed Sale

Order) provides that the only cure amount that must be paid upon assumption and assignment of

SKF's contracts is whatever was in default as of the Petition Date. Although the Master Sale and

Purchase Agreement defines 'cure amounts' as all amounts that must be paid to satisfy cure

obligations under Bankruptcy Code section 365(b)(1), the Proposed Sale Order does not contain

the necessary safeguards to ensure that all defaults, not just those accruing pre-petition, will be

cured as a condition to assumption and assignment. SKF objects to the Assignment Notice to the

#11095306 v1

extent it attempts to limit Debtors' cure obligations to those accruing up to any time prior to the effective date of assumption and assignment of SKF's contracts.

12.    SKF further objects to the Cure Amount proposed by the Debtors because it is substantially less than the amount that was in default on May 31, 2009. As of the Petition Date, the amounts still owing to SKF under the contracts sought to be assumed in the Cure Notices equal no less than $1,305,358.55. Furthermore, since the Petition Date, SKF has continued to ship further product to Debtors (and anticipate that further product may be shipped prior to the consummation and closing of the Debtors' proposed sale and attendant assumption and assignment of SKF's contracts). The pre-petition portion of the Outstanding Executory Contract Debt is itemized on Exhibit "A" hereto. It should be noted that this amount does not include amounts based on post-petition shipments, because such shipments might be paid by Debtors in the ordinary course of their business and because additional shipments, after the date of filing this Objection, will likely occur. Nevertheless, assumption and assignment of SKF's contracts will require payment for all shipments that have been made as of the effective date of assumption, not just the pre-petition amounts identified herein.

13.    SKF has attempted to determine the basis of the discrepancy between its books and records and the Debtors' Proposed Cure Amount. While some of the purchase order numbers listed in Debtors' Database match SKF's records, others appear to be different than the P.O. numbers SKF has for Debtors' contracts. In addition, the Database appears to omit several of the purchase orders relating to shipments SKF has made under executory contracts that Debtors seek to assume and assign, but for which shipments Debtors have not yet paid. SKF will negotiate in good faith with Debtors to determine the basis of the discrepancy it has with the Debtors' calculations and will provide an accounting of any unpaid post-petition amounts due.

-6-

14.     SKF demands that the Purchaser assume and agree to pay all of the

Outstanding Executory Contract Debt, together with such other obligations that accrue post-

petition, pre-assumption and that it satisfy, within the applicable time frames set forth in the

Bidding Procedures Order and the respective P.O.s and invoices between the parties, any

obligations that are in default as of the moment any such executory contracts are assumed and

assigned to the Purchaser.

15.     In addition, SKF hereby expressly reserves its right to object to the

assumption and assignment of any agreement in the manner prescribed by the Bidding

Procedures Order, including but not limited to, objections related to the amount or timing of any

cure payment proposed to be made by the Purchaser in connection with such proposed

assumption and assignment, adequate assurance of future performance by Purchaser or by any

other entity that it ultimately the assignee of the Agreements, or whether applicable law excuses

SKF from accepting performance by, or rendering performance to, the Debtors or Purchaser

pursuant to 11 U.S.C. § 365(c)(1).

16.     Further, SKF reserves the right to object to the assumption and assignment

of agreements not identified in Exhibit "A". The User ID and Passcode provided by Debtors to

SKF only enabled SKF to access proposed cure information with respect to certain contracts. As

such, SKF was not able to determine whether Debtors are seeking to assume other contracts (and

establish cure amounts with respect thereto) for which such proposed assumption Debtors have

not provided notice to SKF. It is possible that Debtors are seeking to assume other SKF

agreements of which SKF is unaware, due to improper delivery of cure notices, improper

designation of contract counter-parties that should be designated as SKF, or otherwise. Thus,

-7-

#11095306 v1

SKF should not be bound to the assumption, assignment or cure position of any contracts sought to be assumed by Debtors of which SKF is not aware as of the date of this Objection.

WHEREFORE, SKF respectfully requests that the Court: (i) deny the proposed assumption and assignment of SKF's executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to SKF under such contracts pursuant to section 365(b) of the Bankruptcy Code; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iii) grant such other and further relief as is just and appropriate.

Dated:  June 12, 2009
Wilmington, DE

/s/ James C. Carignan
PEPPER HAMILTON LLP
Henry Jaffe (Del. No. 2897)
James C. Carignan (Del. No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to SKF USA Inc.*

#11095306 v1

Exhibit "A"

6/12/2009

## SKF USA Inc.
### General Motors - SKF VSM

| Date of Shipping | Invoice No. | | Amount Shipped | Purchase Order No. |
|---|---|---|---|---|
| 5/21/2009 | 1769070 | | $137.21 | 1102408 |
| | | Total Invoices for P.O. No. 1102408 | $137.21 | |
| 4/28/2009 | 1766108 | | $16,472.00 | 6000072346 |
| 4/29/2009 | 1766393 | | $1,867.50 | 6000072346 |
| | | Total Invoices for P.O. No. 6000072346 | $18,339.50 | |
| 5/29/2009 | 1770045 | | $1,120.50 | 6000072760 |
| | | Total Invoices for P.O. No. 6000072760 | $1,120.50 | |
| 5/29/2009 | 1770046 | | $4,118.00 | 6000073359 |
| | | Total Invoices for P.O. No. 6000073359 | $4,118.00 | |
| 5/7/2009 | 1767435 | | $538.65 | CN-39308 |
| 5/14/2009 | 1768269 | | $198.00 | CN-39308 |
| 5/14/2009 | 1768270 | | $22.00 | CN-39308 |
| 5/14/2009 | 1768271 | | $16.50 | CN-39308 |
| 5/14/2009 | 1768272 | | $388.30 | CN-39308 |
| 5/14/2009 | 1768273 | | $24.60 | CN-39308 |
| 5/14/2009 | 1768274 | | $9.78 | CN-39308 |
| 5/21/2009 | 1769102 | | $244.50 | CN-39308 |
| 5/7/2009 | 1767368 | | $78.30 | GM-39308 |
| 5/7/2009 | 1767442 | | $236.25 | GM-39308 |
| 5/7/2009 | 1767443 | | $299.92 | GM-39308 |
| 5/11/2009 | 1767762 | | $256.62 | GM-39308 |
| 5/14/2009 | 1768188 | | $327.80 | GM-39308 |
| 5/14/2009 | 1768189 | | $59.40 | GM-39308 |
| 5/14/2009 | 1768256 | | $275.00 | GM-39308 |
| 5/14/2009 | 1768257 | | $2,331.60 | GM-39308 |
| 5/14/2009 | 1768258 | | $38.50 | GM-39308 |
| 5/14/2009 | 1768259 | | $5.40 | GM-39308 |
| 5/14/2009 | 1768260 | | $218.42 | GM-39308 |
| 5/18/2009 | 1768559 | | $245.70 | GM-39308 |
| 5/21/2009 | 1769094 | | $3,256.00 | GM-39308 |
| 5/21/2009 | 1769101 | | $3,297.80 | GM-39308 |
| 5/28/2009 | 1769751 | | $3,060.00 | GM-39308 |
| 5/28/2009 | 1769753 | | $1,148.40 | GM-39308 |
| 5/28/2009 | 1769754 | | $276.75 | GM-39308 |
| 5/28/2009 | 1769755 | | $55.42 | GM-39308 |

11099889_4

11099889_4

6/12/2009

## SKF USA Inc.
### General Motors – SKF VSM

| Date of Shipping | Invoice No. | | Amount Shipped | Purchase Order No. |
|---|---|---|---|---|
| | | **Total Invoices for P.O. No. GM-39308** | **$16,909.41** | |
| 5/15/2009 | 1768326 | | $11.46 | CN-40207 |
| | | **Total Invoices for P.O. No. GM-40207** | **$11.46** | |
| 5/14/2009 | 1768275 | | $21.46 | CN-52004 |
| 5/14/2009 | 1768276 | | $1,422.09 | CN-52004 |
| 5/21/2009 | 1769103 | | $24.60 | CN-52004 |
| 5/21/2009 | 1769104 | | $6,615.81 | CN-52004 |
| 5/28/2009 | 1769858 | | $418.47 | CN-52004 |
| | | **Total Invoices for P.O. No. GM-52004** | **$8,692.43** | |
| 5/7/2009 | 1767436 | | $146.58 | CN-54103 |
| 5/28/2009 | 1769857 | | $258.26 | CN-54103 |
| | | **Total Invoices for P.O. No. GM-54103** | **$404.84** | |
| 5/8/2009 | 0656574 | | $2,848.32 | CR-078799 |
| 5/15/2009 | 0660519 | | $79.45 | CR-078799 |
| 5/15/2009 | 0660520 | | $192.95 | CR-078799 |
| 5/15/2009 | 0660521 | | $320.68 | CR-078799 |
| 5/15/2009 | 0660752 | | $3,083.82 | CR-078799 |
| | | **Total Invoices for P.O. No. CR-078799** | **$6,525.22** | |
| 5/28/2009 | 1769851 | | $137.21 | GM-1132218 |
| | | **Total Invoices for P.O. No. GM-1132218** | **$137.21** | |
| 5/4/2009 | 1766767 | | $248.30 | GM-40207 |
| 5/11/2009 | 1767639 | | $38.20 | GM-40207 |
| 5/18/2009 | 1768497 | | $91.68 | GM-40207 |
| | | **Total Invoices for P.O. No. GM-40207** | **$378.18** | |
| 5/1/2009 | 1766666 | | $1,505.35 | GM-40757 |
| 5/1/2009 | 1766681 | | $0.70 | GM-40757 |
| 5/22/2009 | 1769175 | | $1,493.45 | GM-40757 |
| 5/22/2009 | 1769176 | | $624.75 | GM-40757 |
| 5/22/2009 | 1769177 | | $1,796.90 | GM-40757 |

Page 2

11098889_4

6/12/2009

## SKF USA Inc.
### General Motors - SKF VSM

| Date of Shipping | Invoice No. | | Amount Shipped | Purchase Order No. |
|---|---|---|---|---|
| 5/28/2009 | 1769841 | | $109.06 | GM-40757 |
| 5/14/2009 | 1768208 | | $201.32 | GM-40207 |
| | | Total Invoices for P.O. No. GM-40757 | $5,731.53 | |
| 2/12/2009 | 1756914 | | $1,635.20 | GM-52004 |
| 5/7/2009 | 1767445 | | $525.77 | GM-52004 |
| 5/7/2009 | 1767446 | | $8,099.73 | GM-52004 |
| 5/7/2009 | 1767447 | | $274.42 | GM-52004 |
| 5/7/2009 | 1767448 | | $87,648.00 | GM-52004 |
| 5/14/2009 | 1768262 | | $47,808.00 | GM-52004 |
| 5/14/2009 | 1768263 | | $32.19 | GM-52004 |
| 5/14/2009 | 1768264 | | $21,084.03 | GM-52004 |
| 5/14/2009 | 1768265 | | $1,097.68 | GM-52004 |
| 5/14/2009 | 1768266 | | $782.80 | GM-52004 |
| 5/21/2009 | 1769096 | | $572.32 | GM-52004 |
| 5/21/2009 | 1769097 | | $410.20 | GM-52004 |
| 5/21/2009 | 1769098 | | $23,406.00 | GM-52004 |
| 5/21/2009 | 1769099 | | $536.50 | GM-52004 |
| 5/21/2009 | 1769100 | | $2,606.99 | GM-52004 |
| 5/28/2009 | 1769757 | | $658.32 | GM-52004 |
| 5/28/2009 | 1769758 | | $1,351.98 | GM-52004 |
| 5/28/2009 | 1769759 | | $309.15 | GM-52004 |
| | | Total Invoices for P.O. No. GM-52004 | $198,837.28 | |
| 5/7/2009 | 1767444 | | $12,354.00 | GM-54050 |
| 5/14/2009 | 1768261 | | $12,354.00 | GM-54050 |
| 5/21/2009 | 1769095 | | $4,118.00 | GM-54050 |
| 5/28/2009 | 1769756 | | $12,354.00 | GM-54050 |
| | | Total Invoices for P.O. No. GM-54050 | $41,180.00 | |
| 5/7/2009 | 1767441 | | $265.24 | GM-54103 |
| 5/28/2009 | 1769752 | | $202.42 | GM-54103 |
| | | Total Invoices for P.O. No. GM-54103 | $467.66 | |
| 5/28/2009 | 1769850 | | $94.00 | GM-54108 |
| | | Total Invoices for P.O. No. GM-54108 | $94.00 | |
| 5/7/2009 | 1767367 | | $30.36 | GM-59369 |
| 5/7/2009 | 1767440 | | $92.40 | GM-59369 |

Page 3

6/12/2009

## SKF USA Inc.
## General Motors - SKF VSM

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| | | | |
| | Total Invoices for P.O. No. GM-59369 | $122.76 | |
| | | | |
| 5/11/2009 | 1767762 | $256.62 | 02913961 |
| | | | |
| | Total Invoices for P.O. No. 02913961 | $256.62 | |
| | | | |
| | **TOTAL ALL VSM INVOICES** | **$303,463.81** | |
| | | | |
| | MISCELLANEOUS CLAIMS FOR UNDERPAYMENTS UNDER VARIOUS ASSUMED CONTRACTS | | |
| | | | |
| 3/18/2009 | M000087114 | $186.86 | |
| 5/28/2009 | M 0000087934 | 2,016.56 | |
| 4/28/2009 | Q 0000087630 | $75.00 | |
| | Total Miscellaneous Claims | $2,278.42 | |

11099889_4

6/12/2009

## SKF USA Inc.
## General Motors - SKF Seals

| Date of Shipping | Invoice No. | | Amount Shipped | Purchase Order No. |
|---|---|---|---|---|
| 5/22/2009 | 1769140 | | $870.00 | 4500284236 |
| | | Total Invoices for P.O. No. 4500284236 | $870.00 | |
| | | | | |
| 5/19/2009 | 1768645 | | $6,644.00 | 1CFW0001 |
| 5/26/2009 | 1769376 | | $5,436.00 | 1CFW0001 |
| 5/27/2009 | 1769564 | | $4,228.00 | 1CFW0001 |
| 5/28/2009 | 1769774 | | $4,228.00 | 1CFW0001 |
| 5/29/2009 | 1769938 | | $4,228.00 | 1CFW0001 |
| | | Total Invoices for P.O. No. 1CFW0001 | $24,764.00 | |
| | | | | |
| 5/19/2009 | 1768644 | | $4,562.80 | 1CFW0002 |
| 5/26/2009 | 1769377 | | $4,562.80 | 1CFW0002 |
| 5/27/2009 | 1769563 | | $4,562.80 | 1CFW0002 |
| 5/28/2009 | 1769773 | | $4,562.80 | 1CFW0002 |
| 5/29/2009 | 1769939 | | $4,562.80 | 1CFW0002 |
| | | Total Invoices for P.O. No. 1CFW0002 | $22,814.00 | |
| | | | | |
| 5/14/2009 | 1768171 | | $689.70 | 1CFW0003 |
| 5/18/2009 | 1768434 | | $2,241.53 | 1CFW0003 |
| 5/19/2009 | 1768650 | | $1,551.83 | 1CFW0003 |
| 5/21/2009 | 1768989 | | $1,034.55 | 1CFW0003 |
| 5/11/2009 | 1767607 | | $344.85 | 1CFW0003 |
| 5/4/2009 | 1766756 | | $344.85 | 1CFW0003 |
| | | Total Invoices for P.O. No. 1CFW0003 | $6,207.31 | |
| | | | | |
| 5/20/2009 | 1768842 | | $1,177.34 | 1CFW0004 |
| | | Total Invoices for P.O. No. 1CFW0004 | $1,177.34 | |
| | | | | |
| 5/21/2009 | 1768984 | | $2,174.40 | 1CFX0001 |
| 5/4/2009 | 1766755 | | $1,630.80 | 1CFX0001 |
| 5/11/2009 | 1767605 | | $5,436.00 | 1CFX0001 |
| 5/18/2009 | 1768432 | | $8,697.60 | 1CFX0001 |
| | | Total Invoices for P.O. No. 1CFX0001 | $17,938.80 | |

Page 1

11098089_4

6/12/2009

11099889_4

## SKF USA Inc.
### General Motors - SKF Seals

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| 5/21/2009 | 1768987 | $4,575.00 | 1CFX0002 |
| 5/18/2009 | 1768433 | $13,725.00 | 1CFX0002 |
| **Total Invoices for P.O. No. 1CFX0002** | | **$18,300.00** | |
| | | | |
| 5/21/2009 | 1768896 | $1,355.00 | 1CFX0003 |
| **Total Invoices for P.O. No. 1CFX0003** | | **$1,355.00** | |
| | | | |
| 5/20/2009 | 1768839 | $517.28 | 1CFX0006 |
| 5/21/2009 | 1768988 | $517.28 | 1CFX0006 |
| 5/28/2009 | 1769856 | $1,034.55 | 1CFX0006 |
| 5/29/2009 | 1770049 | $689.70 | 1CFX0006 |
| 5/29/2009 | 1770050 | $517.28 | 1CFX0006 |
| 5/29/2009 | 1770051 | $517.28 | 1CFX0006 |
| 5/1/2009 | 1766648 | $689.70 | 1CFX0006 |
| 5/4/2009 | 1766754 | $517.28 | 1CFX0006 |
| 5/6/2009 | 1766987 | $517.28 | 1CFX0006 |
| 5/6/2009 | 1767189 | $689.70 | 1CFX0006 |
| 5/7/2009 | 1767341 | $517.28 | 1CFX0006 |
| 5/8/2009 | 1767481 | $517.28 | 1CFX0006 |
| 5/11/2009 | 1767606 | $517.28 | 1CFX0006 |
| 5/12/2009 | 1767817 | $344.85 | 1CFX0006 |
| 5/13/2009 | 1768007 | $517.28 | 1CFX0006 |
| 5/14/2009 | 1768169 | $517.28 | 1CFX0006 |
| 5/15/2009 | 1768289 | $517.28 | 1CFX0006 |
| 5/18/2009 | 1768430 | $689.70 | 1CFX0006 |
| 5/19/2009 | 1768646 | $517.28 | 1CFX0006 |
| 5/19/2009 | 1768648 | $208.73 | 1CFX0006 |
| **Total Invoices for P.O. No. 1CFX0006** | | **$11,071.57** | |
| | | | |
| 5/19/2009 | 1768722 | $153.00 | 1CFX0007 |
| 5/21/2009 | 1768985 | $229.50 | 1CFX0007 |
| 5/4/2009 | 1766894 | $271.50 | 1CFX0007 |
| 5/19/2009 | 1768649 | $76.50 | 1CFX0007 |
| **Total Invoices for P.O. No. 1CFX0007** | | **$730.50** | |
| | | | |
| 5/28/2009 | 1769855 | $154.50 | 1CFX000W |
| **Total Invoices for P.O. No. 1CFX000W** | | **$154.50** | |
| | | | |
| 5/1/2009 | 1766649 | $604.44 | 1CFX000C |

6/12/2009

SKF USA Inc.

## General Motors - SKF Seals

| Date of Shipping | Invoice No. | | Amount Shipped | Purchase Order No. |
|---|---|---|---|---|
| 5/4/2009 | 1766753 | | $890.89 | 1CFX000C |
| 5/5/2009 | 1766988 | | $588.67 | 1CFX000C |
| 5/6/2009 | 1767190 | | $883.01 | 1CFX000C |
| 5/7/2009 | 1767342 | | $588.67 | 1CFX000C |
| 5/8/2009 | 1767482 | | $883.01 | 1CFX000C |
| 5/12/2009 | 1767818 | | $588.67 | 1CFX000C |
| 5/13/2009 | 1768008 | | $588.67 | 1CFX000C |
| 5/14/2009 | 1768170 | | $588.67 | 1CFX000C |
| 5/15/2009 | 1768290 | | $588.67 | 1CFX000C |
| | | Total Invoices for P.O. No. 1CFX000C | $6,793.37 | |
| | | | | |
| 5/20/2009 | 1768840 | | $588.67 | 1CFX0010 |
| 5/20/2009 | 1768841 | | $588.67 | 1CFX0010 |
| 5/26/2009 | 1769375 | | $588.67 | 1CFX0010 |
| 5/27/2009 | 1769565 | | $588.67 | 1CFX0010 |
| 5/28/2009 | 1769772 | | $588.67 | 1CFX0010 |
| 5/29/2009 | 1769937 | | $588.67 | 1CFX0010 |
| 5/18/2009 | 1768431 | | $588.67 | 1CFX0010 |
| 5/19/2009 | 1768647 | | $588.67 | 1CFX0010 |
| | | Total Invoices for P.O. No. 1CFX0010 | $4,709.36 | |
| | | | | |
| 5/20/2009 | 1768834 | | $5,544.00 | F3G00000 |
| 5/28/2009 | 1769740 | | $3,696.00 | F3G00000 |
| 5/6/2009 | 1767149 | | $5,544.00 | F3G00000 |
| 5/11/2009 | 1767586 | | $5,544.00 | F3G00000 |
| 5/15/2009 | 1768279 | | $5,544.00 | F3G00000 |
| 5/20/2009 | 1768834 | | $5,544.00 | F3G00000 |
| | | Total Invoices for P.O. No. F3G00000 | $31,416.00 | |
| | | | | |
| 5/20/2009 | 1768835 | | $2,688.00 | OLD40000 |

11098869_4

Page 3

6/12/2009

11099889_4

## SKF USA Inc.
## General Motors - SKF Seals

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| 5/26/2009 | 1769341 | $2,688.00 | OLD40000 |
| 5/27/2009 | 1769543 | $2,688.00 | OLD40000 |
| 5/28/2009 | 1769739 | $2,688.00 | OLD40000 |
| 5/29/2009 | 1769906 | $2,688.00 | OLD40000 |
| 5/1/2009 | 1768643 | $2,688.00 | OLD40000 |
| 5/5/2009 | 1768981 | $2,688.00 | OLD40000 |
| 5/7/2009 | 1767343 | $5,376.00 | OLD40000 |
| 5/8/2009 | 1767459 | $2,688.00 | OLD40000 |
| 5/8/2009 | 1767460 | $2,688.00 | OLD40000 |
| 5/11/2009 | 1767587 | $5,376.00 | OLD40000 |
| 5/12/2009 | 1767793 | $2,688.00 | OLD40000 |
| 5/14/2009 | 1768152 | $2,688.00 | OLD40000 |
| 5/18/2009 | 1768410 | $2,688.00 | OLD40000 |
| 5/19/2009 | 1768642 | $2,688.00 | OLD40000 |
| 5/20/2009 | 1768835 | $2,688.00 | OLD40000 |
| | Total Invoices for P.O. No. OLD40000 | $48,384.00 | |
| 5/7/2009 | 1767340 | $8,624.00 | T3C00002 |
| 5/13/2009 | 1768004 | $7,392.00 | T3C00002 |
| 5/20/2009 | 1768843 | $8,932.00 | T3C00002 |
| 5/21/2009 | 1768983 | $4,928.00 | T3C00002 |
| 5/27/2009 | 1769551 | $2,464.00 | T3C00002 |
| | Total Invoices for P.O. No. T3C00002 | $32,340.00 | |
| 5/27/2009 | 1769629 | $294.34 | V024483 |
| | Total Invoices for P.O. No. V024483 | $294.34 | |
| | TOTAL ALL SEALS INVOICES | $229,320.09 | |

MISCELLANEOUS CLAIMS FOR UNDER PAYMENTS ARISING UNDER VARIOUS ASSUMED CONTRACTS

| | | | |
|---|---|---|---|
| 5/28/2009 | E.0000087925 | $4,046.73 | |
| 5/28/2009 | F.0000087928 | $636.39 | |
| 5/28/2009 | F.0000087929 | $563.75 | |

Page 4

6/12/2009

## SKF USA Inc.
## General Motors - SKF Seals

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| 5/28/2009 | F 000087930 | $573.17 | |
| 5/28/2009 | F 000087931 | $571.39 | |
| 5/28/2009 | F 000087932 | $609.80 | |
| 5/28/2009 | F 000087933 | $784.98 | |
| 5/28/2009 | M 000087927 | $606.33 | |
| 5/28/2009 | Q 000087926 | $3,928.86 | |
| | **Total Miscellaneous Claims** | **$12,321.40** | |

11090889_4

## SKF USA Inc.

## General Motors - SKF Bearings

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| 12/16/2008 | 7263413 | $3,327.84 | 14AX0001 |
| 5/18/2009 | 7419209 | $16,214.40 | 14AX0001 |
| 5/26/2009 | 7426114 | $8,107.20 | 14AX0001 |
| 5/27/2009 | 7427428 | $6,485.76 | 14AX0001 |
| 5/28/2009 | 7429088 | $6,485.76 | 14AX0001 |
| 5/29/2009 | 7430469 | $6,485.76 | 14AX0001 |
| 5/12/2009 | 7413450 | 8,107.20 | 14AX0001 |
| 5/14/2009 | 7416470 | 6,485.10 | 14AX0001 |
| 5/15/2009 | 7418104 | 9,729.62 | 14AX0001 |
| 5/18/2009 | 7419209 | 16,216.04 | 14AX0001 |
| **Total Invoices for P.O. No. 14AX0001** | | **$87,644.68** | |
| 5/19/2009 | 7420630 | $29,185.92 | 14AX0002 |
| 5/20/2009 | 7422176 | $22,700.16 | 14AX0002 |
| 5/21/2009 | 7423187 | $16,214.40 | 14AX0002 |
| 5/26/2009 | 7426113 | $6,485.76 | 14AX0002 |
| 5/27/2009 | 7427429 | $11,350.08 | 14AX0002 |
| 5/28/2009 | 7429089 | $8,107.20 | 14AX0002 |
| 5/29/2009 | 7430470 | $16,214.40 | 14AX0002 |
| 5/4/2009 | 7404823 | 12,972.83 | 14AX0002 |
| 5/5/2009 | 7406394 | 29,198.67 | 14AX0002 |
| 5/6/2009 | 7407805 | 21,060.85 | 14AX0002 |
| 5/7/2009 | 7408989 | 21,060.85 | 14AX0002 |
| 5/8/2009 | 7410318 | 16,216.04 | 14AX0002 |
| 5/11/2009 | 7411782 | 19,459.25 | 14AX0002 |
| 5/12/2009 | 7413451 | 22,700.16 | 14AX0002 |
| 5/13/2009 | 7414838 | 9,729.62 | 14AX0002 |
| 5/14/2009 | 7416471 | 6,485.10 | 14AX0002 |
| 5/19/2009 | 7420630 | 29,188.87 | 14AX0002 |
| **Total Invoices for P.O. No. 14AX0002** | | **$298,360.36** | |
| 5/15/2009 | 7417523 | $151,000.00 | 14AX0005 |
| **Total Invoices for P.O. No. 14AX0005** | | **$151,000.00** | |
| 5/8/2009 | 7409931 | $6,485.76 | 1LD10000 |
| 5/11/2009 | 7411292 | $6,485.76 | 1LD10000 |
| 5/22/2009 | 7421857 | $3,242.88 | 1LD10000 |
| 5/28/2009 | 7429836 | $30,607.36 | 1LD10000 |
| 5/29/2009 | 7430049 | $8,107.20 | 1LD10000 |
| **Total Invoices for P.O. No. 1LD10000** | | **$55,128.96** | |

6/12/2009

11099889_4

6/12/2009

11059889_4

Page 2

## SKF USA Inc.

## General Motors - SKF Bearings

| Date of Shipping | Invoice No. | Amount Shipped | Purchase Order No. |
|---|---|---|---|
| 5/8/2009 | 7407473 | $8,107.20 | 1LD10001 |
| 5/7/2009 | 7408519 | $8,107.20 | 1LD10001 |
| 5/8/2009 | 7409632 | $9,728.64 | 1LD10001 |
| 5/13/2009 | 7414499 | $16,214.40 | 1LD10001 |
| 5/14/2009 | 7415788 | $9,728.64 | 1LD10001 |
| 5/15/2009 | 7417722 | $16,214.40 | 1LD10001 |
| 5/18/2009 | 7418979 | $6,485.76 | 1LD10001 |
| 5/21/2009 | 7422869 | $16,214.40 | 1LD10001 |
| 5/26/2009 | 7425897 | $6,485.76 | 1LD10001 |
| 5/27/2009 | 7426838 | $9,728.64 | 1LD10001 |
| 5/29/2009 | 7430050 | $8,107.20 | 1LD10001 |
| **Total Invoices for P.O. No. 1LD10001** | | **$115,122.24** | |
| 7/31/2008 | 7104714 | $24,000.00 | E37TX |
| **Total Invoices for P.O. No. E37TX** | | **$24,000.00** | |
| 2/16/2009 | 7324648 | $1,125.12 | E3U85 |
| 2/16/2009 | 7324649 | $3,094.08 | E3U85 |
| **Total Invoices for P.O. No. E3U85** | | **$4,219.20** | |
| **TOTAL FOR BEARINGS** | | **$735,475.44** | |

## MISCELLANEOUS CLAIMS ARISING UNDER ASSUMED CONTRACT

| Date of Shipping | Invoice No. | Amount Shipped |
|---|---|---|
| 2/2/2009 | DE000037840 | 509.40 |
| 1/7/2009 | DE000082546 | 904.42 |
| 7/2/2008 | D00000357066 | 661.16 |
| 1/7/2009 | DS000082544 | 10,407.34 |
| 1/7/2009 | DS000082545 | 2,571.80 |
| 7/2/2008 | D00000572065 | 1,778.07 |
| 12/1/2008 | D00000372486 | 1,576.25 |
| 12/1/2008 | D00000372487 | 1,621.25 |
| 1/2/2009 | D00000375282 | 2,469.70 |
| **Total Miscellaneous Claims** | | **$22,499.39** |

PEPPER HAMILTON LLP
Nina M. Varughese, Esq. (NV 2347)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 981-4750
E-mail: varughesen@pepperlaw.com

- and -

Henry J. Jaffe (DE No. 2987)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
E-mail: jaffeh@pepperlaw.com
        carignanj@pepperlaw.com

Counsel for SKF USA Inc.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re | : |  |
|  | : | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.,* | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

-------------------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2009, copies of the Limited

Objection of SKF USA Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory

Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real

Property and (II) Cure Costs Related Thereto, were served upon the following entities via overnight

courier:

-9-

#11095306 v1

Diana G. Adams, Esq.
Office of the U.S. Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

Harvey Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Matthew Feldman, Esq.
U.S. Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Lawrence S. Buonomo, Esq.
General Motors Corporation
300 Renaissance Center
Detroit, MI 48265

-10-

Chambers Copy
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

Dated:  June 12, 2009
Wilmington, DE

/s/ James C. Carignan
PEPPER HAMILTON LLP
Henry Jaffe (Del. No. 2897)
James C. Carignan (Del. No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to SKF USA Inc.*

-11-