Richard F. Hahn, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Telephone:  (212) 909-6000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF THE HERTZ CORPORATION TO NOTICES OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO**

The Hertz Corporation and its affiliates ("Hertz") hereby submit this limited objection (the "Limited Objection") to each *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto*, served upon Hertz by the Debtors (collectively, the "Assumption and Assignment Notices") pursuant to this Court's *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Sale Procedures Order," docket no. 274).

**Background**

1. On June 1, 2009, the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered the Sale Procedures Order, which includes procedures for the Debtors' assumption and assignment of executory contracts.

3. On June 8 and 9, 2009, Hertz received seven Assumption and Assignment Notices, each dated June 5, 2009, and referring to a secure website which the notices state will display the identities and proposed cure amounts, if any, (the "Required Information") of Assumable Executory Contracts (as defined in the Assumption and Assignment Notices). These seven Assumption and Assignment Notices are attached hereto as **Exhibit A**.

4. On June 9, 2009, Hertz, through its undersigned counsel, logged on to the website as instructed by each Assumption and Assignment Notice, and was able to access the corresponding secure pages. However, all of the Required Information was either missing or marked as "unknown" or "missing."

5. On June 9 and 10, 2009, Hertz, through its undersigned counsel, followed the call center procedures contained in the Assumption and Assignment Notices, and was informed by the call center representative that none of the Required Information was yet available. A return call to Hertz's undersigned counsel by a call center supervisor on June 10, 2009, confirmed that none of the Required Information was yet available. A final call made at the time of filing of this Limited Objection on June 15, 2009, confirmed that the Required Information was still unavailable. The identification number 2009.4798 was provided by the call center."

22987244v3

6.      On June 10, 2009, the Debtors' through their counsel assured Hertz that the Debtors' professionals would assemble and deliver that same day further information on the Assumable Executory Contracts.

7.      As of the time of filing of this Limited Objection on June 15, 2009, Hertz has received none of the Required Information from the Debtors regarding any Assumable Executory Contract. Further, as of the time of filing, the Debtors' secure website for providing the Required Information regarding Assumable Executory Contracts displayed none of the Required Information.  Screen captures of the secure website pages displayed to Hertz at the time of filing of this Limited Objection on June 15, 2009 are attached as **Exhibit B**.  Accordingly, Hertz has no way of knowing what contracts the Debtors propose to assume and no way of confirming whether cure amounts are owed thereunder.

8.      Under the terms of the Sales Procedures Order, June 15, 2009, is the ordered objection deadline for each of these Assumption and Assignment Notices.

**Limited Objection**

9.      Hertz does not object to the sale procedures contained in the Sale Procedures Order, nor does it object *per se* to assumption and assignment of its executory contracts with the Debtors.  Instead, Hertz objects to the failure by the Debtors to provide it with the Required Information, as required by paragraph 9(c) of the Sale Procedures Order and the form of Assumption and Assignment Notice approved in the Sale Procedures Order as Exhibit D.

10.     Notice to Hertz is ineffective without (a) indication of which contracts are the subjects of the Assumption and Assignment Notices the Debtors have sent, and (b) indication of

22987244v3

any related cure amounts. Hertz understands through communications with the Debtors that the Debtors intends to propose no cure with respect to any of Hertz's contracts. While that information is useful, Hertz cannot determine whether to object to proposed cure treatments, including no cure, without such proposals being communicated and linked with identified contracts.

### Relief Requested

WHEREFORE, Hertz respectfully requests that the Court: (i) delay the proposed assumption and assignment of any of Hertz's executory contracts with the Debtors until such time as Hertz has received the Required Information and been afforded ten days' following receipt of such information to object, if it chooses, consistent with the Sale Procedures Order; or such earlier date as of which Hertz may consent to the proposed assumption and assignment, and (ii) grant such other relief as is just and appropriate.

Dated: New York, New York
       June 15, 2009

DEBEVOISE & PLIMPTON LLP

By: /s/ Richard F. Hahn
Richard F. Hahn, Esq.
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

22987244v3