ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin (DL-5130)
Michael F. Holbein

171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
Telephone: (404) 873-8120
Facsimile: (404) 873-8121
Attorneys for Verizon

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
GENERAL MOTORS CORP., et al.,                                    :    Case No. 09-50026 (REG)
                                                                 :
                                                                 :    (Jointly Administered)
          Debtors.                                               :
---------------------------------------------------------------- x

**OBJECTION OF THE WHOLLY-OWNED SUBSIDIARIES OF VERIZON COMMUNICATIONS INC. TO NOTICE(S) OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

The wholly-owned subsidiaries of Verizon Communications Inc.[1] (collectively,

"Verizon") object to the *Notice(s) of (I) Debtors' Intent to Assume and Assign Certain Executory*

*Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential*

*Real Property and (II) Cure Amounts Related Thereto* (the "Notice(s)").  In support of this

Objection, Verizon shows the Court the following:

---

[1] The wholly-owned subsidiaries of Verizon Communications Inc. include, without limitation, Verizon Corporate Services Group Inc., Verizon Network Integration Corp., Verizon Business Global LLC, Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. f/k/a MCI WorldCom Communications, Inc. and the operating telephone company subsidiaries of Verizon Communications Inc.

2625622v1

1. On June 1, 2009, the Debtors[2] commenced these voluntary cases under Chapter 11 of the Bankruptcy Code.

2. Also on June 1, 2009, the Debtors filed a motion to sell certain of their assets and assume and assign certain executory contracts in connection with such sale [Docket No. 92].

3. On June 2, 2009, this Court entered an order approving, among other things, the Assumption and Assignment Procedures [Docket No. 274] (the "Order"). Pursuant to the Order, the Debtors were to send a Notice to each Non-Debtor Counterparty for each Assumable Executory Contract.

4. Also on June 2, 2009, undersigned counsel entered an appearance on behalf of Verizon and requested copies of all notices in these cases.

**Objection**

5. Upon information and belief, the Debtors claim to have sent one or more Notices to certain Verizon entities, including without limitation, such entities operating under variants of the names "Verizon," "MCI," "Woldcom," or "Netsec"; however, neither Verizon nor undersigned counsel has any record of receiving such Notices.[3]

6. Without a copy of each Notice, including the username and password provided therein, Verizon is unable to determine which contracts to which Verizon is a Non-Debtor

---

[2] Unless indicated otherwise, capitalized terms in this Objection shall have the same meaning ascribed to them in the June 2, 2009 Order referenced herein.

[3] Counsel for Verizon contacted the Debtors' claims noticing agent, The Garden City Group, Inc. ("GCG"), in an effort to determine if Notices had been sent to Verizon. In a series of conversations with GSG representatives, counsel for Verizon was informed that Notices had been sent to Verizon Communications Inc. and MCI Communications, Inc. and that it was possible that Notices had been sent to other Verizon entities; however, despite counsel for Verizon's appearance in these cases on behalf of those entities, GCG would not provide counsel for Verizon with the usernames and passwords necessary to access the secure website containing information about the Assumable Executory Contracts to which those entities were a Non-Debtor Counterparty, specifically including the Cure Amounts. Counsel for Verizon requested that all Notices be sent to it, and a GCG representative verbally indicated that GCG would send such Notices to counsel for Verizon on Monday June 15, 2009.

2625622v1

Counterparty are Assumable Executory Contracts, and is also unable to access the Debtors' calculation of the Cure Amount for any particular Assumable Executory Contract. Accordingly, Verizon objects to the cure amount calculated by the Debtors for any Assumable Executory Contract to which Verizon is a Non-Debtor Counterparty to the extent that such proposed Cure Amount is different from the cure amount reflected in or calculated based on Verizon's books and records.

7. Verizon further objects to any Notice on the grounds that it was not previously sent to Verizon's undersigned counsel, who, as indicated above, has entered an appearance in these cases and requested copies of all notices and other pleadings.

8. Verizon reserves the right to supplement this Objection for any reason, including upon its review of the Notices and Cure Amounts for any Assumable Executory Contract to which Verizon is a Non-Debtor Counterparty.

WHEREFORE Verizon respectfully requests that the Court sustain this objection, require the Debtors send to undersigned counsel any Notice relating to an Assumable Executory Contract to which Verizon is a Non-Debtor Counterparty, and defer approval of any assumption and assignment or determination of Cure Amounts until such time as undersigned counsel has received all Notices and had adequate opportunity to respond to the same.

This 15th day of June, 2009.

        Respectfully submitted,

        ARNALL GOLDEN GREGORY LLP

        /s/  Darryl S. Laddin
        Darryl S. Laddin (DL-5130)
        Michael F. Holbein
        171 17th Street NW, Suite 2100
        Atlanta, Georgia  30363-1031
        (404) 873-8120
        Attorneys for Verizon

2625622v1

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the forgoing by causing a copy of same to be deposited in the United States Mail, first-class postage prepaid, addressed as follows:

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 480990-9025
Attn: Warren Command Center, Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Harvey Miller
Stephen Kaotkin
Joseph Smolinsky

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Raspisardi

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Gordon Z. Novod

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Attn: Michael J. Edelman
Michael L. Schein

2625622v1

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
Attn: Diana G. Adams

This 15th day of June, 2009.

                                             /s/ Darryl S. Laddin
                                             Darryl S. Laddin

2625622v1