SCOTT A. WOLFSON (MI P53194)
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Rd., Suite 600
Troy, MI  48084
Telephone:  (248) 822-7803
Facsimile:  (248) 822-7853
E-Mail:  wolfson@bsplaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | |
|---|---|
| In re: | **Chapter 11** |
| | **Case No. 09-50026 (REG)** |
| **GENERAL MOTORS CORPORATION,** *et al.*, | |
| | **(Jointly Administered)** |
| Debtors. | |
------------------------------------------------------------------------x

### LIMITED OBJECTION OF LEN INDUSTRIES, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) <u>CURE COSTS RELATED THERETO</u>

Len Industries, Inc. ("**Len**"), by its attorneys Bush Seyferth & Paige, PLLC, submits this limited objection ("**Limited Objection**") to the Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts And (II) Cure Costs Related Thereto ("**Assumption and Assignment Notice**").  In support of this Limited Objection, Len states:

### <u>BACKGROUND</u>

1. On June 1, 2009, Debtors filed a voluntary petition for relief under title 11 of chapter 11 of the Bankruptcy Code in the Southern District of New York, *In re General Motors Corporation, et. al.,* Case No. 09-50026.

2. On June 2, 2009, the Court entered an Order Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale

Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice [Docket No. 274] ("**Sale Procedures Order**"), which includes procedures for the assumption and assignment of executory contracts by Debtors.

3. Debtors were required to serve the Assumption and Assignment Notice upon non-Debtor parties to the executory contracts that Debtors intend to assume and assign within three days of entry of the Sale Procedures Order. The Assumption and Assignment Notice includes, among other things, website access information regarding Debtors' proposed cure costs for the assumed and assigned executory contracts ("**Cure Amounts**").

4. Pursuant to the Sale Procedures Order, objections to the Assumption and Assignment Notice and the Cure Amounts must be filed no later than 10 days after the date of the Assumption and Assignment Notice.

5. On June 15, 2009, counsel for the Guardian Parties called the General Motors Supplier Information Call Center to ascertain whether Debtors intend to assume and assign Len's executory contracts ("**Len's Contracts**").

6. Counsel was informed that an Assumption and Assignment Notice dated June 5, 2009 had been mailed to Len at the following address:

> 815 Rice St.
> Leslie, Michigan 49251

7. As of the date of filing this Limited Objection, and despite Len's diligent attempts to secure a copy of the Assumption and Assignment Notice, Len has not received the Assumption and Assignment Notice at the Rice Street address, nor has Len been able to secure a copy from Debtors or Debtors' counsel.

8. Pursuant to the Sale Procedures Order, and upon information and belief, any objections to the Assumption and Assignment Notice and Cure Amounts would be due on June 15, 2009.

## **LIMITED OBJECTION**

9. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults before assuming an executory contract. *See In re Genuity Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) ("Code § 365 clearly and plainly states that in order to assume a contract, a debtor is required to first cure all defaults, or provide adequate assurance that it will cure such defaults").

10. Without the Assumption and Assignment Notice (and the login information contained in the notice), Len is unable to determine whether it has a substantive objection to Debtors' proposed Cure Amounts.

11. Len is forced to file this Limited Objection to the proposed Cure Amounts because it has no ability to determine whether the Cure Amounts are accurate.

12. Further, to the extent that Debtors propose to cure less than the amounts in default under Len's Contracts, Len objects to the proposed Cure Amounts.

13. Len reserves the right to amend, supplement, or otherwise modify this Limited Objection, and to raise further objections to any proposed assumption and assignment or Cure Amounts with respect to Len's Contracts.

WHEREFORE, Len respectfully requests that the Court enter an order (a) directing Debtors to promptly provide Len's counsel with the Assumption and Assignment Notice; (b) extending Len's time and right to object to the Cure Amounts pending Len's opportunity to evaluate the Cure Amounts; and (c) granting Len such additional relief as is just and equitable.

        Respectfully submitted,

        BUSH SEYFERTH & PAIGE PLLC
        *Attorneys for Len*

Dated:  June 15, 2009        By:  /s/ Scott A. Wolfson
          Scott A. Wolfson (MI P53194)
        3001 W. Big Beaver Rd., Suite 600
        Troy, MI  48084
        Telephone:  (248) 822-7803
        Facsimile:  (248) 822-7853
        E-Mail:  wolfson@bsplaw.com

W:\Docs\Bank\03000\00234\07127234.DOC