LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, New York 10022
Telephone: (212) 812-8303
Facsimile: (212) 812-8363
Sarah M. Chen, Esq.
*Attorneys for Praxair, Inc. and Praxair Distribution Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11 Case No.
                                                        :
GENERAL MOTORS CORP., *et al*,                          :    09-50026 (REG)
                                                        :
                              Debtors.                  :    (Jointly Administered)
                                                        :
------------------------------------------------------- x

### LIMITED OBJECTION OF PRAXAIR, INC. AND PRAXAIR DISTRIBUTION INC. TO NOTICE OF DEBTORS' INTENT (I) TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Praxair, Inc. ("**Praxair**") and Praxair Distribution Inc. ("**PDI**"; collectively, the "**Praxair Vendors**") object to the Cure Amount set forth as part of the Notice of Debtors' Intent (I) to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts related thereto, dated June 5, 2009 on the grounds set forth below:

1. On June 1, 2009 (the "**Petition Date**"), General Motors Corp., *et al.* ("**Debtors**") filed voluntary petitions for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**").

2. As of the Commencement Date, Debtors and the Praxair Vendors were parties to certain agreements (the "**Praxair Agreements**") for the supply of industrial gases and welding

consumables (the "**Products**"). The Agreements are "executory contracts" pursuant to Section 365 of the Bankruptcy Code in that performance remained due and owing on both sides.

3. On the Commencement Date, Debtors moved, *inter alia*, for approval to assume certain executory contracts, including the Praxair Agreements.

4. In order to assume, Debtors must cure all defaults. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] —
>
> (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default…

5. On or about June 8, 2009, the Praxair Vendors received the Notice (the "**Notice**") of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

6. In accordance with the instructions set forth in the Notice, on June 10, 2009, the Praxair Vendors logged onto a secure website to review the Cure Amount assigned to them. On that date, the Cure Amount was $286,580.83.

7. On June 11, 2009, the Praxair Vendors again logged onto a secure website to review the Cure Amount assigned to them. On that date, the Cure Amount was $298,653.58. On June 15, 2009, the Praxair Vendors again logged onto a secure website to review the Cure Amount assigned to them. On that date, the Cure Amount was $317,562.23. Accordingly, the Debtors appear to be modifying the Cure Amounts. The Praxair Vendors cannot agree to a Cure Amount that is not fixed.

8. The Praxair Vendors object to all three Cure Amounts. Praxair's records indicate the amount owed by the Debtors is $393,324.92. A list of the unpaid invoices together with copies of such invoices is attached as Exhibit A to this Objection.

9. PDI's records indicate that the amount owed to it by the Debtors is $251,727.38 in the United States and CDN$26,972.52 for sales to Debtors' facilities in Canada. A list of unpaid invoices is attached as Exhibit B to this Objection. As this amount is reflected on more than 1000 invoices, the invoices are not attached but will be made available on reasonable request.

10. Accordingly, the Cure Amount is at least US$645,052.30 and CDN$26,972.52.

11. The Praxair Vendors reserve all rights under section 365 of the Bankruptcy Code, and object to the assumption of the Praxair Agreements unless and until the Debtors perform their obligations of cure in the amounts set forth above, and provide adequate assurance of future performance under the Praxair Agreements. Further, the Praxair Vendors do not consent to procedures for the adjudication of their cure claims that are not specifically authorized by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Praxair Vendors respectfully request that the Court enter an order finding that the pre-petition Proposed Cure Amount for the Praxair Agreements is the amount set forth in Paragraph 10, above, and grant the Praxair Vendors such other and further relief as the Court deems equitable.

Date: June 15, 2009

RESPECTFULLY SUBMITTED,

Locke Lord Bissell & Liddell LLP

By: /s/ Sarah M. Chen
Sarah M. Chen
885 Third Avenue
Twenty-Sixth Floor

New York, N.Y. 10022
Tel: 212-812-8303
Fax: 212-812-8363

*Attorneys for Praxair, Inc. and
Praxair Distribution Inc.*