Thomas R. Slome, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York  11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

    and

Russell R. Johnson III, Esq.
John M. Merritt, Esq.
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone:  (804) 749-8861
Facsimile:  (804) 749-8862

**Hearing Date and Time**: 6/30/09 at 9:45 a.m., Or, As May Be Determined By The Court
**Objection Deadline**:  6/15/09

*Co-Counsel for Delta Township Utilities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|  |  |
|---|---|
| In re: | Chapter 11 |
| **GENERAL MOTORS CORP.,** *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------x

**OBJECTION OF DELTA TOWNSHIP UTILITIES, LLC TO DEBTORS' NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Delta Township Utilities, LLC ("Delta I"), by and through their undersigned counsel, for its Objection (the "Objection") to Debtors' *Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of*

*Nonresidential Real Property And (II) Cure Amounts Related Thereto* (the "Assumption and Assignment Notice"), respectfully represents as follows:

## FACTS

### Procedural Facts

1.   On June 1, 2009 (the "Petition Date"), General Motors Corporation and certain of its subsidiaries (the "Debtors") commenced their cases (the "Bankruptcy Cases") that are now pending in this Court by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C §§ 101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.   On the Petition Date, the Debtors filed *Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing* (the "Sale Motion"). In the Sale Motion, the Debtors seek approval from the Court for certain procedures governing the sale of substantially all of the Debtors' assets (the "363 Transaction") to Vehicle Acquisition Holdings, LLC (the "Purchaser") – a purchaser sponsored by the United States Department of the Treasury. Further, and as part of the 363 Transaction, Debtors seek authority from the Court to assume and assign certain executory contracts to the Purchaser.

3.     On June 2, 2009, the Court entered the *Order Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice* (the "Sale Procedures Order").

4.     In the Sale Procedures Order, the Court, *inter alia*, approved the Sale Motion and scheduled the Sale Hearing on June 30, 2009, at 9:45 a.m.  Further, the Court approved the form of the Assumption and Assignment Notice attached as *Exhibit E* to the Sale Motion and ordered that any objections by a non-Debtor counter-party to the proposed assumable executory contract as set forth in the Assumption and Assignment Notice, including disputes concerning the applicable cure amount, must be filed and served by the Contract Objection Deadline which is defined as no later than ten (10) days after the date of the Assumption and Assignment Notice (the "Contract Objection").  The Court also ordered that if required, the Court shall resolve any timely filed Contract Objection either at the Sale Hearing or such other date as determined by the Court.  Finally, as to the Debtors' proposal in the Sale Motion concerning the adequate assurance of future performance requirements of Section 365(f)(2)(B), the Court ruled that in the event the Purchaser is not the successful bidder then non-Debtor parties to an executory contract, assumed and assigned as part of the 363 Transaction, may raise their objections to adequate assurance of future performance at the Sale Hearing.

**Facts Regarding Debtors' Assumption and Assignment Notice**

5. The facts surrounding the Debtors' Assumption and Assignment Notice in relation to Delta I are as follows:

    A. To date, Delta I has not received an Assumption and Assignment Notice from the Debtors. Accordingly, Delta I does not have any formal confirmation regarding Debtors' intentions about the assumption and assignment of the Delta I Agreement, as defined herein, or the Debtors' proposed Cure Amount in relation thereto;

    B. Delta I is aware, however, that the Debtors have served the Assumption and Assignment Notice upon other utilities and of the objection deadline of June 15, 2009, set forth in those Assumption and Assignment Notices; and,

    C. Through various correspondences exchanged between representatives of the Debtors and Delta I, Debtors have communicated to Delta I their intentions to assume and assign the Delta I Agreement as part of the 363 Transaction.

    D. Members of Delta I have received Assumption and Assignment Notices, but are uncertain if any of them concern the Delta I Agreement because neither the notices nor the applicable web site provide sufficient information regarding the agreements. Moreover, as the Members of Delta I are parties to other contracts with the Debtors, they need more information to ascertain which contracts the Debtors are proposing to assume and assign.

6. Based upon the foregoing, Debtors have:

    A. Expressed to Delta I that as part of the 363 Transaction Debtors intend to assume and assign their pre-petition agreement with Delta I for the provision of utility services and that is formally identified as follows:

        1. *Utility Services Agreement Between Delta Township Utilities, LLC And General Motors Corporation – Worldwide Facilities Group, GM – Delta Township*, dated September 6, 2001, by and between Delta Township Utilities, LLC and General Motors Corporation (the "Delta I Agreement").

        2. Debtors, however, have not provided Delta I with the Debtors' proposed Cure Amount for the assumption and assignment of the Delta I Agreement as part of the 363 Transaction.

7. Accordingly and for the reasons that follow, Delta I files this Objection in order to preserve all of its rights and interests in the Delta I Agreement pursuant to, but without limitation, Section 365 of the Bankruptcy Code.

## Facts Regarding The Delta I Agreement

8. As set forth above, the Debtors and Delta I are parties to the Delta I Agreement. Under the Delta I Agreement, Delta I has provided pre-petition and continues to provide post-petition utility services, as further defined under the Delta I Agreement, to the Debtors' metal fabrication/stamping and, as applicable, assembly facility (facilities) located in Delta Township, Michigan. Further, the Delta I Agreement became effective on September 6, 2001, and terminates as of 11:59 p.m. on September 30, 2016. The Parties agreed, however, that the terms of the Delta I Agreement would automatically continue and extend thereafter on a month-to-month basis unless terminated by either party upon at least 180 days written notice and/or the Parties agreed to terms of a specific extension.

9. The facts relevant to the Debtors' cure amount of the Delta I Agreement are as follows:

   A. Debtors' unpaid pre-petition amount due under the Delta I Agreement is $70,984.43; and,

   B. At this time, there is no post-petition amount currently due under the Delta I Agreement. Under Delta I's billing schedule for the Delta I Agreement, Delta I will issue the first post-petition bill on or after July 1, 2009.

5

**DISCUSSION**

A. **DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF THE DELTA I AGREEMENT MUST BE DENIED FOR DEBTORS' FAILURE TO COMPLY WITH THE REQUIREMENTS OF SECTION 365 OF THE BANKRUPTCY CODE.**

Under the Bankruptcy Code, a debtor-in-possession may assign an executory contract in accordance with Section 365(f) which provides, in pertinent part, as follows:

> (2) The trustee may assign an executory contract . . . of the debtor only if–
> (A) the trustee assumes such contract . . . in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract . . . is provided, whether or not there has been a default in such contract.

Therefore, Debtors may assign the Delta I Agreement only if the Debtors have first assumed the contract and provided adequate assurance of future performance by the assignee. To assume the Delta I Agreement, Debtors must satisfy the following three requirements of assumption under Section 365(b)(1) that are summarized, in pertinent part, as follows: (A) curing, or providing adequate assurance that the Debtors will promptly cure, such default; (B) compensate Delta I for any actual pecuniary loss resulting from Debtors' default; and, (C) provide adequate assurance of future performance under the Delta I Agreement.

In accordance with the foregoing, Debtors may not maintain the uninterrupted and continuous supply of utility services under the Delta I Agreement following the Closing Date of the 363 Transaction without first assuming and assigning the Delta I Agreement in accordance with Section 365 of the Bankruptcy Code. Debtors' failure to provide Delta I with a Cure Amount concerning the Delta I Agreement in accordance with Section 365(b)(1)(A) of the

Bankruptcy Code is the primary basis for this Objection.  As to Section 365(b)(1)(B), Delta I is currently reviewing all of its account information and other business records pertinent to the Delta I Agreement.  Accordingly, Delta I hereby expressly reserves all of its rights to supplement this Objection for purposes of enforcing Debtors' obligation to compensate Delta I for any actual pecuniary loss resulting from Debtors' defaults under the Delta I Agreement.  As to Section 365(b)(1)(C), Delta I agrees to abide by the Court's ruling under the Sale Procedures Order and as set forth herein.

**WHEREFORE**, and for the foregoing reasons, Delta I respectfully requests that this Court enter an order:

1.  Requiring the Debtors as a condition to their assumption and assignment of the Delta I Agreement to comply with the requirements of Sections 365(b)(1) and (f)(2) of the Bankruptcy Code by: (a) promptly paying Delta I the amounts owing under the Delta I Agreement including all unpaid pre-petition services and all unpaid post-petition services provided by Delta I to the Debtors through the Closing Date of the 363 Transaction; and, (b) compensating Delta I for any actual pecuniary loss resulting from Debtors' default under the Delta I Agreement; and,

    2.    Providing such other and further relief as the Court deems just and appropriate.

Dated: Garden City, New York
       June 15, 2009

                    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                    By:   /s/ Jil Mazer-Marino
                        Thomas R. Slome (TS-0957)
                        Jil Mazer-Marino (JM-6470)

                    990 Stewart Avenue
                    Suite 300
                    P.O. Box 9194
                    Garden City, New York  11530-9194
                    Telephone: (516) 741-6565
                    Facsimile: (516) 741-6706

                    And

                    Russell R. Johnson III, Esq.
                    John M. Merritt, Esq.
                    LAW FIRM OF RUSSELL R. JOHNSON III, PLC
                    2258 Wheatlands Drive
                    Manakin-Sabot, Virginia  23103
                    Telephone: (804) 749-8861
                    Facsimile: (804) 749-8862

                    *Co-Counsel for Delta Township Utilities, LLC*

719680