**Hearing Date: TBD**

Carey D. Schreiber (CS 3896)
Robert J. Boudreau (RB 1021)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6761
Fax: (212) 294-4700
Email: cschreiber@winston.com
          rboudreau@winston.com

David J. Richardson
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1833
Facsimile: (213) 615-1750
Email: djrichardson@winston.com

*Counsel for LG Electronics USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                             )
                                                             )  Chapter 11
                                                             )
In re                                                        )
                                                             )
                                                             )  Case No.: 09-50026 (REG)
                                                             )  (Jointly Administered)
GENERAL MOTORS CORP., *et al.*,              )
                                                             )
                                                             )
                                                             )
                                                             )
                Debtors.                                 )
_____

**LIMITED OBJECTION OF LG ELECTRONICS USA, INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL
<u>REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO</u>**

LG Electronics USA, Inc. and certain of its affiliates and subsidiaries (collectively, "LGE"), through their undersigned counsel, hereby submit this limited objection and reservation of

rights (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009 (the "Assumption and Assignment Notice"), served on LGE by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Sale Procedures Order (Docket No. 274).

**Background**

1. On June 1, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with the Court under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. LGE is party to multiple contracts and purchase orders with the Debtors (as amended, supplemented or otherwise modified from time to time, the "Prepetition Contracts")[1] for, among other things, (i) the supply of automotive components and (ii) the provision of engineering, design and software development services and other goods and services in the supply of automotive components to the Debtors.

3. On June 2, 2009, the Court entered the Sale Procedures Order, approving, among other things, procedures regarding the assumption and assignment of executory contracts.

4. In accordance with the Sale Procedures Order, LGE and the Debtors executed a Trade Agreement.

5. Pursuant to the Sale Procedures Order, on or about June 9, 2009, LGE received service, via first-class mail, of the Assumption and Assignment Notice from the Debtors indicating that the Debtors intend to assume and assign certain Prepetition Contracts (the "Assumed

---

[1] Additional supporting documentation with respect to the Prepetition Contracts is available. Such additional supporting documentation (i) is in the possession of the Debtors or other affiliated non-Debtors, (ii) is too voluminous to attach hereto, and/or (iii) is confidential and may be obtained by contacting David J. Richardson, Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, California 90071, djrichardson@winston.com, (213) 615-1833.

2

Contracts"). LGE has accessed the Debtors' contract website to review the proposed cure payments, but the information for LGE's contracts appears to be incomplete. LGE is informed by the Debtors that there have been logistical problems with some entries on the website, and has been attempting to work with the Debtors to ascertain the cure amount proposed by the Debtors for the Assumed Contracts (the "Proposed Cure Amount). To whatever extent, if any, the Debtor's Proposed Cure Amount differs from LGE's books and records, LGE files this Limited Objection to the Proposed Cure Amount.

## Limited Objection to Proposed Cure Amount

6. Section 365 of the Bankruptcy Code provides, in relevant part,

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

11 U.S.C. § 365(b).

7. LGE does not object to the Debtors' assumption and assignment of the Assumed Contracts to Vehicle Acquisition Holdings LLC (the "Purchaser"). It is not clear, however, whether the Debtors intend to assume and assign all of the Prepetition Contracts or some subset thereof.

3

Further, in part because of the problems with the Debtors' website bearing cure payment information, LGE is unable to determine whether the Proposed Cure Amount includes the application of certain credits the Debtors may be due with respect to the Prepetition Contracts (such corrected amount, the "Correct Cure Amount").

8. Moreover, Section 365(b)(1) of the Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption. The defaults that must be cured include both pre-petition and post-petition defaults. *See In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002).

9. The Assumption and Assignment Notice provides that only the amounts due and owing as of the Petition Date will be paid by the Debtors. Accordingly, LGE objects to the Proposed Cure Amount to the extent it does not provide for payment of additional amounts that are due as of the actual date of assumption and assignment by the Debtors of the Assumed Contracts to the Purchaser.

10. LGE is attempting to consensually resolve all issues with the Debtors, and is thus filing this Limited Objection to the Assumption and Assignment Notice, including without limitation the Proposed Cure Amount, to preserve its rights and in accordance with the procedures set forth in the Assumption and Assignment Notice and the Cure Dispute Resolution Process. LGE is available to meet and confer in good faith with the Debtors with respect to the issues set forth herein.

11. To the extent the ultimate purchaser and assignee of the Assumed Contracts is not the Purchaser, LGE requests that the Debtors and such purchaser provide adequate assurances of future performance of the Assumed Contracts in accordance with Section 365(f) of the Bankruptcy Code. LGE further requests that the Court require the Debtors and any purchaser, jointly and severally, as a condition to assumption by the Debtors of the Assumed Contracts and assignment of

4

same to such purchaser pursuant to section 365(b)(1) of the Bankruptcy Code, to pay LGE the Correct Cure Amount in full, whatever such amount might be.

12. LGE reserves its rights (i) to amend, update and/or supplement this Limited Objection at any time and in any respect, (ii) with respect to all amounts due to LGE under the Assumed Contracts to file proofs of claim for such amounts, (iii) to file a request for payment of administrative expenses in accordance with sections 503 and 507 of the Bankruptcy Code, (iv) to assert a right of setoff pursuant to section 553 of the Bankruptcy Code or right of recoupment with respect to any claims described herein and/or (v) with respect to the Prepetition Contracts and any other claims it may have against the Debtors.[2]

[continued on next page]

---

[2] In addition, for example, the Debtors may be liable for amounts due to LGE by Debtors' non-debtor foreign affiliates.

**Conclusion**

WHEREFORE, LGE respectfully requests that the Court (i) only permit assumption and assignment of the Assumed Contracts conditioned on payment to LGE of the Correct Cure Amount as its cure amount and (ii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 15, 2009

        Respectfully submitted,

        WINSTON & STRAWN, LLP

        /s/ Carey D. Schreiber
        Carey D. Schreiber (CS 3896)
        Robert J. Boudreau (RB 1021)
        200 Park Avenue
        New York, New York 10166-4193
        Telephone: (212) 294-6700
        Facsimile: (212) 294-4700
        cschreiber@winston.com
        rboudreau@winston.com

        and

        David J. Richardson
        333 South Grand Avenue, 38th Floor
        Los Angeles, California 90071
        Telephone: (213) 615-1833
        Facsimile: (213) 615-1750
        djrichardson@winston.com

        *Counsel for LGE Electronics USA, Inc.*