SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Attorneys for Fiat S.p.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x
                                                  :

In re                                        :      Chapter 11
                                              :
GENERAL MOTORS CORP., *et al.*,    :      Case No. 09-50026 (REG)
                                              :
                      Debtors.     :      (Jointly Administered)
                                              :
------------------------------------------------------ x

**CURE AMOUNT OBJECTION OF FIAT S.P.A. TO PROPOSED ASSUMPTION**
**AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Fiat S.p.A. and its subsidiaries ("Fiat"), by and through its undersigned counsel, respectfully submits this objection and reservation of rights (the "Cure Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, dated June 5, 2009 (the "Notice of Intent"), served upon Fiat by the Debtors, stating as follows:

       1.       The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

       2.       On June 2, 2009, this Court entered the Bidding Procedures Order, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3.  Pursuant to the Bidding Procedures Order, the Debtors delivered the Notice of Intent to Fiat, apparently indicating that the Debtors intend to assume and assign some or all of the Debtors' contracts (the "Assumed Contracts") with Fiat and certain of Fiat's subsidiaries (the "Fiat Parties").[1] The Notice of Intent, through the Contract Website (as defined in the Notice of Intent), proposes cure amounts to satisfy the Debtors' pre- and post-petition obligations under the Assumed Contracts (the "Proposed Cure Amounts").

4.  However, because the information provided to Fiat is not sufficient to determine the correct cure amounts for the Assumed Contracts, Fiat files this Cure Objection to preserve its right to ascertain the correct Cure Amount (as defined in the Notice of Intent). The Contract Website lists some 492 contracts identifying one or more of the Fiat Parties as a counterparty. The information provided appears to be inaccurate in many respects, in many instances rendering it impossible for Fiat to identify with reasonable confidence the contract intended to be referred to. Fiat believes, moreover, that the aggregate cure amount due under all the relevant contracts is more than three times the amount reflected in the schedules on the website. In the limited time available for a response, Fiat cannot provide complete and accurate information concerning cure amounts for all the contracts listed. Fiat reserves all its rights in this regard.

5.  In addition, Fiat believes that several of the Fiat Parties listed on the Contract Website are incorrectly identified, but the information provided is not sufficient to determine whether non-debtor counterparties to the Assumed Contracts are correctly identified.

---

[1] Certain of the Fiat Parties other than itself have also objected or may object to the Notice of Intent. Nothing in this Cure Objection prejudices the other Fiat Parties' objections.

Fiat files this Cure Objection to preserve its right to ascertain the correct Fiat Party to each Assumed Contract.

6. Fiat also believes that the Debtors did not identify certain executory contracts between Fiat Parties and the Debtors (including contracts that may be integrated with contracts listed on the Contracts Website) and seeks to clarify whether the Purchaser seeks to assume those contracts.

7. Fiat does not object *per se* to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser (as defined in the Notice of Intent). However, in addition to the objections stated above, Fiat objects to the Notice of Intent: (a) to the extent that any of the Proposed Cure Amounts or the name of the non-debtor counterparty to any of the Assumed Agreements is incorrect, (b) because the Notice of Intent's improper definition of "Cure Amount" would permit assumption and assignment of any executory contracts with any of the Fiat Parties without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in the Bankruptcy Code, including the obligations to: (i) cure all defaults existing at the time executory contracts are assumed and assigned and (ii) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned, (c) because Fiat has not been provided with adequate assurance of future performance with respect to the Assumed Contracts, (d) to the extent, if any, that the assumption and assignment procedures as reflected by the Notice of Intent would impair otherwise valid rights of setoff, recoupment, or lien rights under any applicable tooling lien laws, (e) to the extent, if any, that the Notice of Intent purports to require Fiat to perform for the Purchaser or the prevailing bidder pursuant to any executory contracts prior to the assumption, assignment and prompt and full cure of any and all defaults thereunder,

-3-

and the provision of adequate assurance of future performance, or (f) to the extent, if any, that the Notice of Intent purports to require Fiat to perform for Purchaser or the prevailing bidder pursuant to any executory contracts to which Fiat has mistakenly been listed as the counterparty but to which another Fiat Party is the correct counterparty.

WHEREFORE, Fiat respectfully requests that if Fiat and Debtors cannot resolve the objections specified above without Bankruptcy Court intervention, this Court: (i) preserve Fiat's right to determine its proper Cure Amount, (ii) preserve Fiat's right to identify the Fiat Party that is the appropriate non-debtor counterparty to the Assumed Agreements, (iii) order that Debtors provide adequate assurance of future performance, (iv) require that the Purchaser or prevailing bidder shall be liable for all accrued liabilities arising under, and existing as of the time that, the executory contracts are assumed by the Debtors and assigned to the Purchaser or the prevailing bidder pursuant to the Purchase Agreement and the Bidding Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bidding Procedures Order) and all obligations that have accrued thereunder but are not then in default, and (v) grant such other and further relief as is just and appropriate.

Dated: June 12, 2009
      New York, New York

                                          Respectfully submitted,

                                          /s/ William L. Farris
                                          William L. Farris (WF 4765)
                                          Mark U. Schneiderman (MS 0605)
                                          SULLIVAN & CROMWELL LLP
                                          125 Broad Street
                                          New York, New York 10004
                                          Telephone:  (212) 558-4000
                                          Facsimile:  (212) 558-3588

                                          ATTORNEYS FOR FIAT S.p.A.

## Certificate of Service

I certify that on June 12, 2009, I caused the foregoing Cure Objection of Fiat S.p.A. to Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases to be served via Federal Express overnight delivery on the following persons at the addresses set forth below:

1. The Debtors, c/o General Motors Corporation, Cadillac Building, 30009 Van Dyke Avenue, Warren, Michigan 48090-9025 (Attn: Warren Command Center, Mailcode 480-206-114).

2. Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsh, Esq.).

3. The U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.).

4. Cadwalader, Wickersham & Taft LLP, Attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.).

5. Kramer Levin Naftalis & Frankel LLP, Attorneys for the Creditors Committee, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas M. Mayer, Esq.).

6. Vedder Price, P.C., Attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edehnan, Esq. and Michael L. Schein, Esq.).

7. The Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.).

Dated: June 12, 2009
New York, New York

/s/ Mark U. Schneiderman
Mark U. Schneiderman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588