**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

**IN THE MATTER OF:**

General Motors Corp., *et al*,                    Bankruptcy Case No. 09-50026 (REG)
                                                  Chapter 11 Case

                    Debtors.
_____/

**ICM SYSTEMS, LLC AND INGERSOLL PRODUCTION SYSTEMS, LLC'S LIMITED
OBJECTIONS TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS**

   **NOW COMES** ICM Systems, LLC and Ingersoll Production Systems, LLC, by and through their counsel, Steinberg Shapiro & Clark and Samuel D. Sweet, and hereby states as follows:

   1.   On June 5, 2009, the debtor herein served a notice of the assumption of certain executory contracts and provided a ten (10) day period upon which to file objections.

   2.   The ten (10) day objection period ends June 15, 2009.

   3.   ICM Systems, LLC ("ICMS") Vendor No. 133845763 and 053318465 and Ingersoll Production Systems, LLC ("IPS") Vendor No. 110012841 object to certain cure amounts and contract treatment with respect to certain purchase orders between themselves and General Motors Corporation, *et al*.

   4.   Purchase order number GMS33275 issued to ICMS is listed on the website as an assumable contract with no cure amount. ICMS believes that the correct cure amount $3,064.00. As a result, ICMS objects to the assumption of this contract given the cure amount is inaccurate.

   5.   Purchase order number K566933 and K5667078 issued to ICMS was originally listed on the General Motors Corporation, *et al*, website for assumable contracts and has since been removed from said website with no further explanation. ICMS has no idea whether this contract is assumable, is not assumable or what specific action the debtor is taking with respect to this contract and as such objects to the assumption thereof.

   6.   Purchase order number GMS25006 issued to ICMS is treated within the General Motors Corporation, *et al*, website as an assumable contract with a cure amount $33,970.50. ICMS is objecting to said cure amount given it believes the total cure amount to be $37,745.00. This cure amount specifically includes a 10% hold back of $3,774.50. As such, ICMS objects to the assumption of this contract given the cure amount is inaccurate.

   7.   Purchase order number RMS26313 issued to IPS is not listed on the corporate website as being treated at all. IPS doesn't know if this non treatment is intended or not. To assume this contract

between the debtor and IPS the cure amount must be provided in the amount of $78,867.00.

**WHEREFORE,** ICMS and IPS specifically object to the cure amounts and specific treatment of certain contracts as identified in debtor's motion and for such other relief this Court deems just and proper.

                                      Respectfully submitted,

                                      STEINBERG SHAPIRO & CLARK

                                      /s/ Mark H. Shapiro (P43134)
Co-counsel for ICM Systems, LLC and
Ingersoll Production Systems, LLC
24901 Northwestern Hwy., Suite 611
Southfield, Michigan  48075
(248) 352-4700
shapiro@steinbergshapiro.com

                                          -AND-

                                    SAMUEL D. SWEET, PLC

Dated:  6/15/09

                                      /s/ Samuel D. Sweet (P48668)
Co-counsel for ICM Systems, LLC and
Ingersoll Production Systems, LLC
P.O. Box 757
Ortonville, MI 48462-0757
(248) 236-0985
ssweet@trusteesweet.us