WHITE AND WILLIAMS, LLP      **Objection Deadline: 6/15/09**
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

*Attorneys for Yahoo! Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GENERAL MOTORS CORP.,** *et al.*, | Case No. **09-50026(REG)** |
| Debtors. | (Jointly Administered) |
| | Hon. Robert E. Gerber |

**OBJECTION AND RESERVATION OF RIGHTS OF YAHOO! INC. TO DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
<u>UNEXPIRED LEASES OF PERSONAL PROPERTY</u>**

TO: HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      Yahoo! Inc., its subsidiaries and affiliates (collectively, "Yahoo!") hereby files its

*Objection And Reservation Of Rights Of Yahoo! Inc. To Notice Of (I) Debtors' Intent To Assume*

*And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And (II) Cure*

*Amounts Related Thereto* (the "Objection and Reservation of Rights") to the assumption and/or

assignment by General Motors Corporation ("GM"), on behalf of itself and its affiliated debtors

and debtors in possession in the above-referenced cases (collectively, the "Debtors")[1], of any

executory contracts or unexpired leases to which Yahoo! is a counterparty unless and until the

Debtors comply with all provisions of the Sale and Assumption Order[2] entered by the Court on or

about June 2, 2009, including without limitation payment of all monetary defaults associated with

such contracts or leases. [3]

## STATEMENT OF RELIEF REQUESTED BY YAHOO!

Yahoo! seeks entry of an order requiring that, as a pre-condition to the assumption and

assignment of any executory contracts and unexpired leases to which Yahoo! is a counterparty

(including, without limitation, the Yahoo! Contracts hereinafter identified on Exhibit "A"), the

Debtors comply with all provisions and requirements of the Sale and Assumption Order.

More specifically, Yahoo! requests an order that expressly condition approval of any

assumption or assignment of any executory contracts or unexpired leases to which it is a

counterparty (including without limitation the Yahoo! Contracts) upon --

(1) submission by Debtors of detailed information (*e.g.* the date of each executory

contract, full contract title and/or contract number, the parties, *etc*.) to Yahoo! identifying all

specific executory contracts and unexpired leases to which Yahoo! is a counterparty and which

---

[1]   The Debtors and their respective Tax ID Numbers are as follows:  General Motors Corporation, Tax ID. 38-0572515; Saturn, LLC, Tax ID No. 38-2577506; Saturn Distribution Corporation, Tax ID No. 38-2755764; and, Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707.

[2]   *See Order Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice* (the "Sale & Assumption Procedure Order") **[Dkt 274].**

[3]   Capitalized terms used in this *Objection and Reservation of Rights*, but which are not defined herein, shall have the meanings ascribed to them in the Sale and Assumption Procedures Order (as hereinafter identified) and, to the extent not defined in such order, then, as ascribed to them in the Sale and Assumption Motion identified hereinafter.

the Debtors seek to assume and to assign;

(2) in the event the Debtors seek to assume and assign the Yahoo! Contracts identified on Exhibit "A," payment of (A) the not less than **$11,970,477,** and such additional amounts are become due and owing thereafter pursuant to the terms of such contracts, to cure the monetary default incurred up and through the date of assumption of the Yahoo! Contracts, plus (B) all monetary defaults existing with connection all executory contracts and unexpired leases to which Yahoo! is a counterparty and which ultimately are determined to be subject to any *Notice of Intent To Assume and Assign* (as hereinafter identified) as may be served by the Debtors, and all additional executory contracts or unexpired leases that are identified subsequently hereto, subject to adjustment of such amounts once the Debtors (a) specifically identify (i) all executory contracts and unexpired leases the Debtors contends are subject to any *Notice of Intent To Assume and Assign* (as hereinafter identified) served and/or (ii) identify any additional executory contracts or unexpired leases that it seeks to assume and assign and (b) completion by Yahoo! of its final accounting of all monetary defaults pertaining to all executory contracts to be assumed and assigned;

(3) entry of an order specifically providing that only executory contracts or unexpired leases to which Yahoo! is a counterparty are assumed and assigned upon payment of the Contract Counterparty's Cure Amount and satisfaction of any other terms imposed by the Court as a condition of such assumption and assignment; and

(4) reservation of all rights pertaining to any and all executory contracts not specifically identified as Yahoo! Contracts by the Debtors on appropriate notices served as required by Court Order, including without limitation the right to object to the assumption and/or assignment of any executory contracts not listed on Exhibit "A," and to assert additional

cure amounts in connection with such contracts; and

(5) such other and further relief as may be appropriate under the circumstances.

## BACKGROUND

1.      Prior to commencement of the above-referenced jointly administered Chapter 11

cases, Yahoo! entered into various executory contracts, including without limitation the

Yahoo! Contracts identified on Exhibit "A" attached hereto, and Yahoo! provided various

services to GM and the other Debtors pursuant to such contracts, and the Debtors became

obligated to pay for such services.   Exhibit "A" is incorporated by reference as if fully set

forth herein

2.      On June 1, 2009 (the "Petition Date"), GM and the other Debtors filed voluntary

petitions in this Court for relief under Chapter 11 of the Bankruptcy Code and, continually since

that date, the Debtors have operated as debtors-in-possession of their respective bankruptcy

estates.

3.      On June 1, 2009, the Debtors' filed the Sale and Assumption Motion[4]  and

sought entry of an order (A) authorizing and approving procedures to govern the sale process for

substantially all the Debtors' assets and notices of (i) the hearing to consider authorization and

approval of the sale, (ii) the assumption and assignment of executory contracts and unexpired

leases of personal property and of nonresidential real property, and (iii) the approval of the UAW

Retiree Settlement Agreement; (B) setting a hearing to consider the sale on June 30, 2009; and

(C) authorizing and approving, among other things, (i) the sale of the Debtors' assets

---

[4] *See* the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 To (I) Approve (A) The Sale Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; Free and Clear of Liens, Claims, Encumbrances And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts and Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing* (the "Sale & Assumption Motion") [Dkt 92].

pursuant to the proposed Master Sale and Purchase Agreement and related agreements (the

"MPA") among the Debtors (the "Sellers") and Vehicle Acquisition Holdings LLC (the

"Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the

"U.S. Treasury"), free and clear of liens, claims, encumbrances, and other interests (the "363

Transaction"), (ii) the assumption and assignment of certain executory contracts and Leases, and

(iii) the approval of UAW Retiree Settlement Agreement.

4.      On June 2, 2009, this Court entered the Sale and Assumption Procedures Order,

which provides, in pertinent part, as follows:

(a)      Objections to the 363 Transaction.   All objections to the 363
Transaction [*i.e.*, sale of substantially all of the assets] must be filed with the Court and
served upon certain parties so as to be received by the Objection Deadline [*i.e.*, June 19,
2009, at 5:00 p.m.]  [*See* ¶11 of the Sale & Assumption Order.]

(b)      Objections To Cure Amount and Contract Assumption/Assignment.
Contract Objections and Cure Objections must be filed and served in accordance with the
procedure set forth in paragraph 10 of the Sale and Assumption Procedure Order (*see* III.,
below).  Pursuant to this Order --

(i) The Debtors were required to serve, within three (3) days after entry of
this Order (the "Mailing Deadline") [*i.e.* not later than 6/5/09], a copy of the Sale and Assumption
Procedures Order upon the non-Debtor parties to the Assumable Executory Contracts; and

(ii) On or before the Mailing Deadline [*i.e.* not later than 6/5/09], the
Debtors were required to serve a notice of the assumption and assignment of the Assumable
Executory Contracts and the proposed cure amounts relating to the Assumable Executory
Contracts (the "Assumption and Assignment Notice") upon the non-Debtor parties to the
Assumable Executory Contracts.

(c)      The Sale And Assumption Order sets forth procedures (the "Assumption
and Assignment Procedures") that govern the assumption and assignment of the Assumable
Executory Contracts in connection with the sale of the Purchased Assets to the Purchaser:

(i)      The Sellers are required to maintain a schedule (the "Schedule") of
Executory Contracts and Leases that the Purchaser has designated as Assumable Executory
Contracts.  [*See* ¶10 of the Sale & Assumption Order.]   The Sellers also are required to maintain a
secure website (the "Contract Website") that the non-Debtor counterparty to an Assumable

Executory Contract can access to find current information about the status of its respective Executory Contract or Lease.   The Contract Website contains, for each Assumable Executory Contract, (i) an identification of each Assumable Executory Contract that the Purchaser has designated for assumption and assignment and (ii) the Cure Amounts that must be paid to cure any prepetition defaults under such respective Assumable Executory Contract as of the Commencement Date. The information on the Contract Website shall be made available to the non-Debtor counterparty to the Assumable Executory Contract (the "Non-Debtor Counterparty"), but shall not otherwise be publicly available.

(ii)      Following the designation of an Executory Contract or Lease as an Assumable Executory Contract, the Debtors also are required to provide notice (the "Assumption and  Assignment Notice") to the Non-Debtor Counterparty to the Assumable Executory Contract setting forth (i) instructions for accessing the information on the Contract Website relating to such Non-Debtor Counterparty's Assumable Executory Contract and (ii) the procedures for objecting to the proposed assumption and assignment of the Assumable Executory Contract.  [*See* ¶10 of the Sale & Assumption Order.]

5.      As of this date, Yahoo! has not been served by the Debtors with any *Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And (II) Cure Amounts Related Thereto* (the "Notice of Intent") or any other document or pleading identifying any executory contracts or unexpired leases to which Yahoo! is a counterparty and which the Debtors seek to assume and assign.

6.      Pursuant to the Sale and Assumption Order, the Debtors are required to serve a document on Yahoo! that provides access information to the Contract Website but, to date, Yahoo! has not been served with any document or provided any information concerning the Contract Website.   However, a legal assistant for one of Yahoo!'s attorneys has contacted the Debtors' Call Center and been informed that the Debtors' records indicate that no Assumption and Assignment Notice has been sent to date but that a "Trade Agreement Notice" has been sent to Yahoo!.

7.      Yahoo! has conducted a preliminary review of its books and records pertaining to the Yahoo! Contracts, including those identified on Exhibit "A" attached hereto, and based

thereon submits that (a) the monetary default, as of June 1, 2009, for the Yahoo! Contracts

(that is, all executory contracts listed on Exhibit "A") is not less than **$11,970,477** and that

additional amounts may become due and owing from and after June 1, 2009 as shown on

Exhibit "A" (collectively, the "Contract Counterparty Cure Amount"), and (b) that such

amount may be increased or decreased once the Debtors identify any additional executory

contracts that it intends to assume and assign and Yahoo! completes its final review of its

books and records.

## GROUNDS FOR THE RELIEF REQUESTED

### Failure to Specifically Identify All Executory Contracts To Be Assumed and Assigned Denies Yahoo!'s Due Process

8.     Before a creditor's interests may be adversely affected by judicial action, the due

process clause of the Fifth Amendment to the United States Constitution requires "notice be

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action . . ." and to afford them an opportunity to present their objections.  *See City of N.Y.*

*v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a

reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S.*

*v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy

proceedings are subject to the fifth amendment); *Owens-Corning Fiberglass Corp. v. Center*

*Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing*

*Mullane v. Central Hanover  Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed.

865 (1950).  *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (An

assumption notice seeking authority to assume and assign executory contracts, including licenses

of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

9.      In the matter before this Court, the Debtors have not served either the Assumption

and Assignment Notice, information concerning the Contract Website, or any other pleadings

or notices identifying any executory contracts or unexpired leases to which Yahoo! may be a

counterparty and which the Debtors seek to assume and assign.    Absent the provision of such

fundamental information, Yahoo! cannot determine if any executory contracts or unexpired

leases to which it is a counterparty are sought to be assumed and assigned.    Until that basic

information is provided, Yahoo! cannot determine the grounds (if any) barring assumption of

such contracts or otherwise governing its rights in this matter, or whether the Debtors have

complied with the mandates governing assumption and assignment of executory contracts as set

forth in §365(b), (c) and (f) of the Bankruptcy Code.

10.     Yahoo! submits that no order authorizing and approving the assumption of any

executory contracts and unexpired leases to which Yahoo! is a counterparty (including, without

limitation, the Yahoo! Contracts) can be entered without first requiring the Debtors to specify

with precision the executory contracts at issue.    Permitting assumption and assignment of any

executory contracts or unexpired leases without first complying fully with the Sale and

Assumption Order will deny Yahoo! a meaningful opportunity to be heard on the issue whether

any bar to assumption of any executory contracts to which it is a party may be asserted.  Final

approval of the assumption or assignment of any executory contracts under the instant

circumstances would constitute denial of Yahoo!'s due process rights.

<u>All Defaults Under Any Designated Contract Must Be Cured As A Condition Of Assumption</u>

11.     Assuming, *argumendo*, that the Debtors file an Assignment and Assumption

Notice and thereafter identify the executory contracts that they propose to assume and to assign,

they still must satisfy Section 365(b) (1) of the Bankruptcy Code.    Section 365(b)(1) requires the

Debtors to pay all monetary defaults in full and to provide adequate assurance of future performance by the Purchaser as conditions of effectiveness of assumption and assignment of executory contracts and unexpired leases to which Yahoo! is a counterparty (including, without limitation, the Yahoo! Contracts).    Therefore, in the event that a debtor has defaulted on an executory contract, Section 365(b)(1) of the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

> (A)  cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .
>
> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

12.    Both pre- and post-petition defaults must be cured:    "The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available."  3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).    Accordingly, to assume an executory contract and unexpired lease to which Yahoo! is a counterparty (including, without limitation, the Yahoo! Contracts), the Debtors must: (a) cure all defaults, or provide adequate assurance of prompt cure; (b) compensate Yahoo! for its pecuniary losses; and (c) provide adequate assurance of future performance.  *See Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002).   These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor."

13.    Alternatively, the Debtors may provide "adequate assurance that [they] will promptly cure" the defaults.  *See* 11 U.S.C. 365(b)(1)(A).    Adequate assurance of prompt cure can be shown only by "a firm commitment to make all payments and at least a reasonably demonstrable capability to do so."  *See In re Embers 86th Street, Inc.,* 184 B.R. 892, 900-01 (Bankr. S.D.N.Y. 1995) (citing *In re R.H. Neil, Inc.,* 58 B.R. 969 (Bankr. S.D.N.Y. 1986)); *accord.* 2 William L. Norton, Jr. & William L. Norton III, NORTON BANKRUPTCY LAW AND PRACTICE § 46:29 (3rd ed. 2008) (emphasis in original) ("Adequate assurance requires a firm commitment by the trustee or debtor-in-possession to make all payments or, at a minimum, to demonstrate a reasonable ability to do so.").   Therefore, assumption and assignment of an executory contract is improper where a debtor or its assignee fails to provide adequate assurance of future performance.   *See, e.g., In re Metromedia Fiber Network, Inc.,* 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (denying proposed assumption where debtor failed to provide adequate assurance of future performance).

## The Debtors Have Not Satisfied Section 365

14.    The Debtors have failed to provide sufficient information permitting a meaningful opportunity to identify the executory contracts and unexpired leases to which Yahoo! is a counterparty (including, without limitation, the Yahoo! Contracts) or to calculate the monetary default that must be cured with respect to any such contract or to provide adequate assurance that the Debtors will promptly cure their defaults under any of these contracts.   Additionally, in the event that the Debtors ultimately determine to seek assumption and assignment of the executory contracts listed on Exhibit "A" attached hereto, they must cure a monetary default under the Yahoo! Contracts – as of June 1, 2009 – of not less than **$11,970,477** and the monetary default that may continue to increase pursuant to the contracts listed on Exhibit

"A".    To assume any executory contracts or unexpired leases to which Yahoo! is a

counterparty (including, without limitation, the Yahoo! Contracts), the Debtors must cure all

monetary defaults, whether they arise pre- or post-petition, and provide adequate assurance that all

post-petition debts will be paid in full.

## RESERVATION OF RIGHTS

15.    In the absence of any identification of the executory contracts to be assumed and

assigned by the Debtors, Yahoo! expressly asserts and reserves its rights pertaining to any and all

executory contracts and unexpired leases to which it is a counterparty (including, without limitation,

the Yahoo! Contracts), including any such contracts not listed on Exhibit "A" hereto (the "Yahoo!

Excluded Contracts").   This Objection and Reservation of Rights is without prejudice to, and

Yahoo! reserves all legal rights and arguments concerning whether, (i) any designation of

contracts to be assumed and assigned that may be provided by Debtors is specific enough to

include any given contract between Yahoo! and one or more of the Debtors, (ii) any contract

designated by the Debtors or the Sellers on the Schedule, any Cure Notice or any Assumption

and Assignment Notice is a contract over which the Bankruptcy Court has any jurisdiction, and

(iii) a contract designated by the Debtors or Sellers on the Schedule, any Cure Notice or any

Assumption and Assignment Notice or otherwise is executory so as to be covered by the terms of

the Sale and Assumption Order.

16.    Yahoo! specifically reserves all of its rights, interests and claims related to any

executory contracts that exist by and between Yahoo!, its affiliates and subsidiaries and the

Debtors and their respective affiliates and subsidiaries, including without limitation the right to

assert a cure amount with respect to any such contract as hereinafter is determined to be subject

to assumption and/or assignment by the Debtors, to commence and maintain an action in any

appropriate forum or jurisdiction, and to take such other actions as may be permitted at law or equity with regard to any such contract (the "Reservation of Rights").

WHEREFORE, Yahoo! hereby requests the Court enter its order requiring that assumption and assignment of any executory contracts and unexpired leases to which Yahoo! is a counterparty (including, without limitation, the Yahoo! Contracts) be expressly conditioned upon –

(1) submission by Debtors of detailed information (*e.g.* the date of each executory contract, full contract title and/or contract number, the parties, *etc*.) to Yahoo! identifying all specific executory contracts and unexpired leases to which Yahoo! is a counterparty and which the Debtors seek to assume and to assign;

(2) in the event the Debtors seek to assume and assign the Yahoo! Contracts identified on Exhibit "A," payment of (A) the not less than **$11,970,477,** and such additional amounts are become due and owing thereafter pursuant to the terms of such contracts, to cure the monetary default incurred up and through the date of assumption of the Yahoo! Contracts, plus (B) all monetary defaults existing with connection all executory contracts and unexpired leases to which Yahoo! is a counterparty and which ultimately are determined to be subject to any *Notice of Intent To Assume and Assign* (as hereinafter identified) as may be served by the Debtors, and all additional executory contracts or unexpired leases that are identified subsequently hereto, subject to adjustment of such amounts once the Debtors (a) specifically identify (i) all executory contracts and unexpired leases the Debtors contends are subject to any *Notice of Intent To Assume and Assign* (as hereinafter identified) served and/or (ii) identify any additional executory contracts or unexpired leases that it seeks to assume and assign and (b) completion by Yahoo! of its final accounting of all monetary defaults pertaining to all

executory contracts to be assumed and assigned;

(3) entry of an order specifically providing that only executory contracts or unexpired leases to which Yahoo! is a counterparty are assumed and assigned upon payment of the Contract Counterparty's Cure Amount and satisfaction of any other terms imposed by the Court as a condition of such assumption and assignment; and

(4)  reservation of all rights pertaining to any and all executory contracts not specifically identified as Yahoo! Contracts by the Debtor on appropriate notices served as required by Court Order, including without limitation the right to object to the assumption and/or assignment of any executory contracts not listed on Exhibit "A," and to assert additional cure amounts in connection with such contracts; and

(5) such other and further relief as may be appropriate under the circumstances.

Dated:   New York, New York
         June 12, 2009                        Respectfully submitted,

                                              WHITE AND WILLIAMS, LLP

                                              By: /s/ Karel S. Karpe
                                                  Karel S. Karpe
                                              One Penn Plaza, Suite 4110
                                              New York, NY  10119

                                              And

                                              BIALSON, BERGEN & SCHWAB
                                              Thomas M. Gaa (*admitted in California*)
                                              2600 El Camino Real, Suite 300
                                              Palo Alto, California 94306

                                              *Attorneys for Yahoo! Inc.*