FOLEY & LARDNER LLP
Salvatore A. Barbatano
Mark A. Aiello
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Cadillac Products Automotive Company*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X

**OBJECTION OF CADILLAC PRODUCTS AUTOMOTIVE COMPANY TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Cadillac Products Automotive Company ("Supplier"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, Supplier states as follows:

**PRELIMINARY STATEMENT**

1. Supplier is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the

"Assumable Executory Contracts") between Supplier and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

2. Supplier reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

## ARGUMENT

### I. The Proposed Cure Amount Is Inadequate

3. As of June 15, 2009, on the website referenced in the Assumption and Assignment Notice, the Debtors assert that the Cure Amount for the Assumable Executory Contracts is $97,660.77. The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "Commencement Date").

4. The proposed Cure Amount does not accurately reflect all prepetition defaults and is therefore insufficient.

5. The proposed Cure Amount does not include any post-petition defaults and is therefore insufficient.

6. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to

2

restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

7. Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults.

8. The Debtors' proposed Cure Amount would deprive Supplier of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

9. The correct amount required to cure all prepetition and post-petition defaults is at least $145,904.67. This amount is subject to change.

10. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts." The proposed Cure Amount does not include defaults accruing during the period after June 1, 2009. Supplier reserves the right to submit such additional amounts to be added to the amount stated in the paragraph above.

## II. The Assumption and Assignment Notice Improperly Allows For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure

11. Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

3

12. The Assumption Effective Date is defined in Paragraph 14 of the Assumption and Assignment Notice as the later of the date proposed by the debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

13. The Assumption and Assignment Notice thus allows for the possibility that that the Assumable Executory Contracts will be assumed and assigned before a dispute as to the proper Cure Amount is resolved.

14. As noted above, Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A).

15. Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract if "the trustee assumes such contract…in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

16. The Bankruptcy Code thus unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

17. The Assumable Executory Contracts should not be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure any defaults thereunder or give adequate assurance that a prompt cure will be provided.

## RELIEF REQUESTED

WHEREFORE, Supplier requests that the Court enter an order denying the Debtor's request to assume and assign the Assumable Executory Contracts, and grant such other and further relief as the Court deems just and proper.

Dated: June 15, 2009                FOLEY & LARDNER LLP

By: /s/ Salvatore A. Barbatano
Salvatore A. Barbatano
Mark A. Aiello
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Cadillac Products Automotive Company*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                         :    Chapter 11
                                               :
GENERAL MOTORS CORP., *et al.*,                :    Case No. 09-50026 (REG)
                                               :
                    Debtors                    :    Jointly Administered
                                               :
---------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2009, I caused the Objection Of Cadillac Products Automotive Company To Assumption And Assignment Of Certain Executory Contracts And Cure Amounts Related Thereto to be served via U.S. Mail on the following at the addresses set forth below:

| | |
|---|---|
| General Motors Corporation<br>Attn: Warren Command Center<br>Mail Code 480-206-114<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025 | Weil, Gotshal & Manges LLP<br>Attorneys for the Debtors<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq<br>767 Fifth Avenue<br>New York, New York 10153 |
| U.S. Treasury<br>Attn: Matthew Feldman, Esq.<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220 | Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi, Esq.<br>Attorneys for the Purchaser<br>One World Financial Center<br>New York, New York 10281 |
| Vedder Price, P.C.<br>Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Attorneys for Export Development Canada<br>1633 Broadway, 47th Floor,<br>New York, New York 10019 | Office of the United States Trustee<br>Southern District of New York<br>Attn: Diana G. Adams, Esq.<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

6

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Committee of
Unsecured Creditors
Attn: Gordon Z. Novod, Esq.
1177 Avenue Of The Americas
New York, NY 10036

Dated: June 15, 2009                    FOLEY & LARDNER LLP

                                                                 By: /s/ Salvatore A. Barbatano
Salvatore A. Barbatano
Mark A. Aiello
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Cadillac Products Automotive Company*

DETR_1206478.1