| | |
|---|---|
| Thomas R. Slome, Esq. | **Hearing Date and Time**: 6/30/09 at 9:45 a.m., |
| Jil Mazer-Marino, Esq. | Or, As May Be Determined By The Court |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | **Objection Deadline**: 6/15/09 |
| 990 Stewart Avenue, Suite 300 | |
| P.O. Box 9194 | |
| Garden City, New York  11530-9194 | |
| Telephone: (516) 741-6565 | |
| Facsimile: (516) 741-6706 | |

and

Russell R. Johnson III, Esq.
John M. Merritt, Esq.
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone:  (804) 749-8861
Facsimile:  (804) 749-8862

*Co-Counsel for Veolia Water Partners VI, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                      :
**In re:**                                                       :        **Chapter 11**
                                                                      :
**GENERAL MOTORS CORP.,** *et al.*,          :        **Case No. 09-50026 (REG)**
                                                                      :
              **Debtors.**                                  :        **(Jointly Administered)**
                                                                      :
-----------------------------------------------------------------x

**OBJECTION OF VEOLIA WATER PARTNERS VI,  LLC TO DEBTORS' NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS <u>RELATED THERETO</u>**

Veolia Water Partners VI, LLC ("VWP"), by and through their undersigned counsel, for

its Objection (the "Objection") to Debtors' *Notice Of (I) Debtors' Intent To Assume And Assign*

*Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of*

*Nonresidential Real Property And (II) Cure Amounts Related Thereto* (the "Assumption and Assignment Notice"), respectfully represents as follows:

### FACTS

#### Procedural Facts

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation and certain of its subsidiaries (the "Debtors") commenced their cases (the "Bankruptcy Cases") that are now pending in this Court by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C §§ 101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. On the Petition Date, the Debtors filed *Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing* (the "Sale Motion"). In the Sale Motion, the Debtors seek approval from the Court for certain procedures governing the sale of substantially all of the Debtors' assets (the "363 Transaction") to Vehicle Acquisition Holdings, LLC (the "Purchaser") – a purchaser sponsored by the United States Department of the Treasury. Further, and as part of the 363 Transaction, Debtors seek authority from the Court to assume and assign certain executory contracts to the Purchaser.

3. On June 2, 2009, the Court entered the *Order Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice* (the "Sale Procedures Order").

4. In the Sale Procedures Order, the Court, *inter alia*, approved the Sale Motion and scheduled the Sale Hearing on June 30, 2009, at 9:45 a.m. Further, the Court approved the form of the Assumption and Assignment Notice attached as *Exhibit E* to the Sale Motion and ordered that any objections by a non-Debtor counter-party to the proposed assumable executory contract as set forth in the Assumption and Assignment Notice, including disputes concerning the applicable cure amount, must be filed and served by the Contract Objection Deadline which is defined as no later than ten (10) days after the date of the Assumption and Assignment Notice (the "Contract Objection"). The Court also ordered that if required, the Court shall resolve any timely filed Contract Objection either at the Sale Hearing or such other date as determined by the Court. Finally, as to the Debtors' proposal in the Sale Motion concerning the adequate assurance of future performance requirements of Section 365(f)(2)(B), the Court ruled that in the event the Purchaser is not the successful bidder then non-Debtor parties to an executory contract, assumed and assigned as part of the 363 Transaction, may raise their objections to adequate assurance of future performance at the Sale Hearing.

**Facts Regarding Debtors' Assumption and Assignment Notice**

5. The facts surrounding the Debtors' Assumption and Assignment Notice in relation to VWP are as follows:

    A. To date, members of VWP have received four (4) Assumption and Assignment Notices from the Debtors (the "Notices").

    B. Members of VWP are parties to a contract with the Debtors for the provision of utility services and that is formally identified as follows:

        1. *Utility Services Agreement Between USFilter Water Partners VI L.L.C. And General Motors Corporation – Worldwide Facilities Group, GMMFD – Pontiac North*, dated April 25, 2001, by and between Veolia Water Partners VI and General Motors Corporation and ancillary documents (collectively, the "VWP Agreement").

        2. Upon information and belief, the Debtors are seeking to assume and assign the VWP Agreement as part of the 363 Transaction.

    C. Members of VWP are also parties to several other contracts with the Debtors (the "Additional Agreements").

    D. Neither the Notices nor the Debtors' secured website referenced in the Notices provide VWP with sufficient information to enable VWP to determine which agreements with VWP the Notices pertain.

    E. VWP is also without sufficient information to determine Debtors proposed cure amounts for the VWP Agreement and the Additional Agreements. While some of the Notices provide a cure amount, it is unclear to which agreement those cure amounts pertain.

    F. VWP requires more information from the Debtors to ascertain which contracts the Debtors are proposing to assume and assign and the Debtors' proposed cure amounts for each of those agreements.

6. Accordingly and for the reasons that follow, VWP files this Objection in order to preserve all of its rights and interests in the VWP Agreement and the Additional Agreements pursuant to, but without limitation, Section 365 of the Bankruptcy Code.

**Facts Regarding The VWP Agreement**

7. As set forth above, the Debtors and VWP are parties to the VWP Agreement. Under the VWP Agreement, VWP has provided pre-petition and continues to provide post-petition utility services to the Debtors.

8. The facts relevant to the Debtors' cure amount of the VWP Agreement are as follows:

   A. Debtors' unpaid pre-petition amount due under the VWP Agreement is $266,387.04; and,

   B. At this time, there is no post-petition amount currently due under the VWP Agreement. Under VWP's billing schedule for the VWP Agreement, VWP will issue the first post-petition bill on or after June 21, 2009.

**DISCUSSION**

A. **DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF THE VWP AGREEMENT AND THE ADDITIONAL AGREEMENTS MUST BE DENIED FOR DEBTORS' FAILURE TO COMPLY WITH THE REQUIREMENTS OF SECTION 365 OF THE BANKRUPTCY CODE.**

Under the Bankruptcy Code, a debtor-in-possession may assign an executory contract in accordance with Section 365(f) which provides, in pertinent part, as follows:

> (2) The trustee may assign an executory contract . . . of the debtor only if–
> (A) the trustee assumes such contract . . . in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract . . . is provided, whether or not there has been a default in such contract.

Therefore, Debtors may assign the VWP Agreement and/or the Additional Agreements only if the Debtors have first assumed the contracts and provided adequate assurance of future performance by the assignee. To assume the VWP Agreement and/or the Additional Agreements, Debtors

5

must satisfy the following three requirements of assumption under Section 365(b)(1) that are summarized, in pertinent part, as follows: (A) curing, or providing adequate assurance that the Debtors will promptly cure, such default; (B) compensate VWP for any actual pecuniary loss resulting from Debtors' default; and, (C) provide adequate assurance of future performance under the VWP Agreement and/or the Additional Agreements.

In accordance with the foregoing, Debtors may not maintain the uninterrupted and continuous supply of utility services under the VWP Agreement and/or the Additional Agreements following the Closing Date of the 363 Transaction without first assuming and assigning the VWP Agreement and/or the Additional Agreements in accordance with Section 365 of the Bankruptcy Code. Debtors' failure to provide VWP with a Cure Amount concerning the VWP Agreement and/or the Additional Agreements in accordance with Section 365(b)(1)(A) of the Bankruptcy Code is the primary basis for this Objection. As to Section 365(b)(1)(B), VWP is currently reviewing all of its account information and other business records pertinent to the VWP Agreement and/or the Additional Agreements. Accordingly, VWP hereby expressly reserves all of its rights to supplement this Objection for purposes of enforcing Debtors' obligation to compensate VWP for any actual pecuniary loss resulting from Debtors' defaults under the VWP Agreement and/or the Additional Agreements. As to Section 365(b)(1)(C), VWP agrees to abide by the Court's ruling under the Sale Procedures Order and as set forth herein.

**WHEREFORE**, and for the foregoing reasons, VWP respectfully requests that this Court enter an order:

1.  Requiring the Debtors as a condition to their assumption and assignment of the VWP Agreement and/or the Additional Agreements to comply with the requirements of Sections

365(b)(1) and (f)(2) of the Bankruptcy Code by: (a) promptly paying VWP the amounts owing under the VWP Agreement and/or the Additional Agreements including all unpaid pre-petition services and all unpaid post-petition services provided by VWP to the Debtors through the Closing Date of the 363 Transaction; and, (b) compensating VWP for any actual pecuniary loss resulting from Debtors' default under the VWP Agreement and/or the Additional Agreements; and,

    2.    Providing such other and further relief as the Court deems just and appropriate.

Dated: Garden City, New York
        June 15, 2009

                            MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                            By: /s/ Jil Mazer-Marino
                                Thomas R. Slome (TS-0957)
                                Jil Mazer-Marino (JM-6470)

                            990 Stewart Avenue
                            Suite 300
                            P.O. Box 9194
                            Garden City, New York  11530-9194
                            Telephone: (516) 741-6565
                            Facsimile: (516) 741-6706

                            And

        Russell R. Johnson III, Esq.
        John M. Merritt, Esq.
        LAW FIRM OF RUSSELL R. JOHNSON III, PLC
        2258 Wheatlands Drive
        Manakin-Sabot, Virginia  23103
        Telephone: (804) 749-8861
        Facsimile: (804) 749-8862

*Co-Counsel for Veolia Water Partners VI, LLC*