UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** : | **Case No. 09-50026 (REG)** |
| : | **Jointly Administered** |
| **Debtors.** : | |

**NAGEL PRECISION, INC.'S OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Nagel Precision, Inc. ("**Nagel**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "**Notice of Intent**"), served upon Nagel by the above-captioned debtors and debtors in possession (the "**Debtors**") pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "**Bidding Procedures Order**"), and respectfully states as follows:

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009. On June 2, 2009, this Court entered the Bidding Procedures Order, which provides procedures for the Debtors' proposed assumption and assignment of certain executory contracts.

2. Nagel is party to several contracts with the Debtors.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a Notice of Intent dated June 5, 2009 to Nagel apparently indicating that the Debtors intend to assume and assign some or all of the Debtors' contracts with Nagel (the "**Assumed Contracts**").

4. Nagel has no objection to the assumption of the Assumed Contracts provided that the correct cure amounts are paid. However, in reviewing proposed cure payments set forth by the Debtors for the Assumed Contracts, Nagel has been unable to fully reconcile the proposed cure amounts for the Assumed Contracts. It appears that the proposed cure amounts are inadequate and have yet to be updated to reflect additional invoices for prepetition deliveries that need to be processed.

5. Nagel expects that any differences as to the proposed cure amounts can be reconciled between Nagel and the Debtors, but files this Objection out of an abundance of caution due to the deadlines for filing objections set forth in the Bid Procedures Order and Notice of Intent and to preserve all rights related to the proposed assumption of the Assumed Contracts.

6. Nagel reserves all rights to amend and/or supplement this Objection.

WHEREFORE, Nagel respectfully requests, only to the extent that the parties cannot reconcile the correct cure amounts among themselves, that this Court determine the proper cure amounts, compel Debtors to pay the proper cure amount and grant such other and further relief as is just and appropriate.

Date: June 13, 2009                                                       RJ LANDAU PARTNERS, PLLC

/s/ Christopher A. Merritt
Christopher A. Merritt (P70924)
5340 Plymouth Rd., Suite 200
Ann Arbor, MI 48105
(734) 865-1580
cmerritt@rjlps.com