| | |
|---|---|
| WHITE AND WILLIAMS LLP<br>One Penn Plaza, Suite 4110<br>New York, NY  10119<br>Telephone:  (212) 631-4421<br>Karel S. Karpe, Esq. | Hearing Date: June 25, 2009 at 9:45 a.m.<br>Objection Deadline: June 15, 2009 at 4:00 p.m. |

*Counsel to Siemens Product Lifecycle Management Software, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC.'S OBJECTION TO (I) NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO, AND RESERVATION OF RIGHTS**

Siemens Product Lifecycle Management Software Inc. ("Siemens PLM"), by its counsel White and Williams LLP, as and for its Limited Objection and Reservation of Rights (the "Limited Objection and Reservation of Rights") To (i) Notice Of Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (ii) Cure Amounts Related Thereto, And Reservation Of Rights (the "Notice of Assumption and Cure") respectfully sets forth and represents as follows:

Background

1.     On June 1, 2009 (the "Petition Date"), General Motors Corp. and certain of its subsidiaries and affiliates (collectively, "GM" or the "Debtors") filed petitions for reorganization

5370388v.1

under Title 11 of Chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order approving the Debtors' request for procedures for the sale of its assets and assumption of contracts in the Order Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (i) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (ii) Scheduling Bid Deadline And Sale Hearing Date; (iii) Establishing Assumption And Assignment Procedures; And (iv) Fixing Notice Procedures And Approving Form Of Notice (the "363 Sale and Assumption Procedure Order").

3. Prior to the Petition Date, Siemens PLM entered into a series of business contracts and transactions in which Siemens PLM provided GM with various software programs, licensing, and support related to, among other things, transportation engineering technology.

4. Shortly after the Petition Date, in accordance with the 363 Sale and Assumption Procedure Order, Siemens PLM received a Notice of Assumption and Cure from GM setting forth certain contracts to be assumed and setting forth certain cure amounts arising from purchase orders and invoices.

5. The Notice of Assumption and Cure, though, included contracts arising from GM's relationship with non-Siemens PLM entities. Siemens PLM cannot confirm the amounts due or the contracts being assumed on behalf of non-Siemens PLM entities. Furthermore, due to the methodology utilized by GM in listing the cure amounts, it is not clear to Siemens PLM which funds related to their specific contracts, licenses and invoices. In addition, since only purchase orders were listed by GM, it is not clear if the master agreements that underlie and are referred to in the purchase orders will be assumed.

6. In an abundance of caution, and for the purposes of preserving its rights, Siemens

PLM files this Limited Objection and Reservation of Rights.

## Limited Objection

7.  Siemens PLM objects to the Notice of Assumption and Cure as it does not adequately identify those contacts arising out of the Debtors' business relationship with Siemens PLM. Siemens PLM further objects to the Notice of Assumption and Cure as Siemens PLM is unable to confirm the amount of cure specifically related to the Siemens PLM contracts.

8.  Due to this lack of detail, Siemens PLM is unable to confirm the basic information needed to evaluate the status of its contracts and the proper cure amount. Siemens PLM therefore seeks clarification from the Debtors as to the identification of those Siemens PLM contracts that the Debtors seek to assume as well as the associated cure amounts.

9.  Siemens PLM further seeks an extension of time to file appropriate pleadings, if needed, before this Court in response to such identification and proposed cure.

10. Until such identification of contract and cure, Siemens PLM submits this limited objection in order to preserve its rights.

## Reservation of Rights

11. Siemens PLM expressly reserves, and does not waive, all of its rights and defenses to the proposed assumption and cure of its contracts with the Debtors. Siemens PLM reserves all of its rights related to any executory contracts by and between itself and the Debtors, including the right to assert a cure amount if any such contracts are subject to assumption and/or assignment by the Debtor and to take any such other action permitted by law or equity with regards to such contracts.

WHEREFORE, Siemens PLM respectfully requests that this Court direct the Debtors to

5370388v.1

specifically identify those contracts being assumed and assigned, to confirm the specific asserted cure amount for those contracts as of a date certain, to provide Siemens PLM with sufficient time to respond and review such proposals, and for such other and further relief as is just and proper.

Dated: New York, New York
June 15, 2009

WHITE AND WILLIAMS LLP

By:     /s/Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, New York  10119
Telephone: (212) 631-4421
Fax: (212) 631-4431
Email: karpek@whiteandwilliams.com

*Attorney for Siemens Product Lifecycle Management Software, Inc*.