6-11-09

Honorable Judge Robert E Gerber
United States Bankruptcy Judge
Chapter 11 Case 09-50026 ( REG )
Southern District of New York
One Bowling Green
New York NY 10004-1408

Dear Judge Gerber,

I am writing this letter to object to the Sale of GM Debtor's Assets Pursuant to Master Sale and
Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S.Treasury Sponsored Purchaser.
The reason for this objection is the neglect of the Parties to include the recognition of Delphi Salaried
Retirees who by all rights should be considered GM Salaried Retirees.

The Delphi Salaried Retirees who received no consideration are employees who worked more than 25
years with GM and were then called Delphi employees on May 28, 1999 when GM created and staffed
with GM people the so called Delphi corporation. The new Delphi employees were not given a choice
as to whether they could stay with GM and were even forbidden to remain or return to GM. The
facilities continued to be owned by GM and the employees continued to receive GM discounts and all
other benefits as GM employees received. In fact it can easily be concluded that Delphi continued to be
operated by GM as GM dictated prices and labor agreements to and for Delphi.

Given that the Delphi Salaried Retirees worked more than 70% of their careers as GM named
employees and arguably could be said to have worked 100% of their careers for GM ( if Delphi is
recognized for what it was- a GM subsidiary ) then it is impossible for the group to be recognized as
anything other than GM Salaried Retirees.

I must object to the Sale until the Parties before the Court recognize the Delphi Salaried Retirees as
GM Salaried Retirees. GM and the UAW have agreed that Delphi Hourly Employees will be treated as
GM Hourly Employees. This would seem to conclude that Delphi Salaried Retirees are no different in
regards to what they actually are----GM Salaried Retirees.

Sincerely

Stanley D Smith
608 North 13th Street
Middletown IN 47356

copy to
Weil Gotsal & Manges LLP          Cadwalader Wickersham&Taft LLP
767 Fifth Ave                      1 World Financial Center
New York NY 10153                  New York NY 10281

Cleary Gottlieb Steen&Hamilton LLP
1 Liberty Plaza
New York NY 10006

Cohen ,Weiss& Simon LLP
330 W 42nd Street
New York NY 10036

Office of US Trustee
Southern District NY
33 Whitehall Street 21st Floor
New York NY 10004

US Attorneys Office
Southern District NY
86 Chambers Street 3rd Floor
New York NY 10007

Vedder Price P C
Export Dev Canada
1633 Broadway 47th Floor
New York NY 10019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **GENERAL MOTORS CORP., et al.,** | : | **09-50026 (REG)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

-----------------------------------------------------------------x

## NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER

PLEASE TAKE NOTICE THAT upon the motion (the "Motion"), of General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated June 1, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June 2, 2009 (the "Sale Procedures Order"), among other things, (i) scheduling a hearing (the "Sale Hearing") to approve (a) the Master Sale and Purchase Agreement, dated as of June 1, 2009 (the "MPA"), by and among GM and its Debtor subsidiaries (collectively, the "Sellers") and Vehicle Acquisition Holdings LLC. (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury"), with respect to the sale of substantially all the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "363 Transaction"); (b) the assumption, assignment, and sale to the Purchaser pursuant to the MPA of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assumable Executory Contracts"); and (c) the settlement agreement (the "UAW Retiree Settlement Agreement"), between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"); (ii) approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"); (iii) approving a procedure for the assumption, assignment, and sale to the Purchaser pursuant to the MPA of the Assumable Executory Contracts; (iv) approving the form and manner of notice of the Motion and the relief requested therein and of the Sale Hearing; and (v) setting a deadline for the filing of objections, if any, to the relief requested in the Motion.

### A.    THE MASTER SALE AND PURCHASE AGREEMENT

The total consideration under the MPA for the sale of the Purchased Assets is equal to the sum of (i) a credit bid in the amount of the outstanding indebtedness owed to the Purchaser as of the closing pursuant to certain secured loans extended by the U.S. Treasury and Export Development Canada, less approximately $8 billion (estimated to be approximately $48.3 billion at July 31, 2009); (ii) the surrender of a warrant to purchase GM shares previously issued to the U.S. Treasury in connection with the secured loans extended by the U.S. Treasury; (iii) the