Steven M. Schwartz (SS-4216)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6761
Fax: (212) 294-4700
Email: sschwartz@winston.com

**Hearing Date: TBD**

*Counsel for Capgemini America, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No.: 09-50026(REG) <br> (Jointly Administered) |
| Debtors. | |

**LIMITED OBJECTION OF CAPGEMINI AMERICA, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

Capgemini America, Inc. and certain of its affiliates and subsidiaries (collectively "Capgemini"), through their undersigned counsel, hereby submit this limited objection ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice"), served on Capgemini by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Sale Procedures Order [Docket No. 274].

## Background

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced these bankruptcy cases by filing voluntary petitions for reorganization relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On June 2, 2009, the Court entered the Sale Procedures Order which includes procedures regarding the assumption and assignment of executory contracts.

3. Pursuant to the Sale Procedures Order, on or about June 8, 2009, Capgemini received the Assumption and Assignment Notice from Debtors indicating that Debtors intend to assume and assign certain of their executory contracts with Capgemini (the "Assumed Contracts"). In addition, on their contract website, the Debtors state that the amount they claim to be owing to Capgemini under the Assumed Contracts is $4,725,530.16 (the "Proposed Cure Amount").[1]

4. The Proposed Cure Amount is substantially less than what is actually owed to Capgemini under the Assumed Contracts. Further, both the Sale Procedures Order and the Assumption and Assignment Notice limit the Proposed Cure Amount to amounts outstanding as of

---

[1] This is the cure amount on Debtors' website, www.contractnotices.com, as of 12:30 p.m. ET on Monday June 15, 2009.

the Petition Date, not the date the contracts will be assumed and assigned. For these reasons, Capgemini files this limited Objection to the Proposed Cure Amount.

### Clarification of the Assumed Contracts

5. Capgemini does not object to Debtors' assumption and assignment of the Assumed Contracts to Vehicle Acquisition Holdings LLC. It is not clear, however, if Debtors intend to assume and assign all of their contracts with Capgemini.

6. Capgemini is a party to several contracts (each as amended) with the Debtors:

(a) Enterprise Services Agreement between General Motors Corp. and Capgemini International B.V. effective June 22, 2005;

(b) Six separate Global Service Contracts for Information Technology and Related Services between General Motors Corp. and Capgemini America, Inc. (and affiliates) each dated January 24, 2006:

- GSC #1 – Sales and Marketing Systems
- GSC #2 – Dealer Systems
- GSC #5 – Sales, Service & Marketing Integration Management
- GSC #18 – Global Purchasing Supply Chain Integration Management
- GSC #21 – Business Services Integration Management
- GSC #31 – Enterprise Application Integration Management;

(c) Global Service Contract for Information Technology and Related Services between General Motors Corp. and Capgemini America, Inc. dated October 17, 2008 [GSC #64 – Global Purchasing and Supply Chain – Application Development Services]; and

(d) Global Service Contract for Information Technology and Related Services between General Motors Corp. and Capgemini America, Inc. dated February 9, 2009 [GSC #67 – OnStar – Application Development Services].

7. Capgemini requests that Debtors clarify whether they intend to assume and assign each of these contracts.

2

## Limited Objection to Proposed Cure Amount

8. Section 365 of the Bankruptcy Code provides, in relevant part,

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property...;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

11 U.S.C. § 365(b).

9. The Proposed Cure Amount is incorrect as to the amounts due and owing to Capgemini under the Assumed Contracts as of the Petition Date. The Proposed Cure Amount on Debtors' website of $4,725,530.16 does not include several invoices issued to Debtors by Capgemini prior to the Petition Date. Specifically, seven invoices totaling $697,916.32 were not included on the Debtors' website. A list of these invoices is set forth in Exhibit A.[2] In addition, a credit of $39,032.20 is listed twice on Debtors' website. Accordingly, the correct cure amount for invoices sent to Debtors prior to the Petition Date is $5,462,478.68.

10. Further, under Section 365(b)(1) of the Bankruptcy Code, all defaults must be cured as of the time of assumption. The defaults that must be cured include both pre-petition and post-

---

[2] Copies of these invoices are available upon request to undersigned counsel.

3

petition defaults. *See In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996); *In re Bradlees Stores, Inc.*, 2001 WL 36143034, at *2 (Bankr. S.D.N.Y. 2001).

11. The Assumption and Assignment Notice provides that only the amount due and owing as of the Petition Date must be paid. Accordingly, Capgemini objects to the Proposed Cure Amount to the extent it does not provide for payment of additional amounts that become due as of the date of assumption and assignment.

12. Services rendered by Capgemini to Debtors in May 2009 were invoiced in the ordinary course of business in June 2009. The total amount of these invoices is $5,730,780.35. A schedule of these invoices is annexed hereto as Exhibit B.[3]

13. Thus, the total cure amount due to Capgemini is $11,193,259.03. *See* Exhibit A.

### Reservation of Rights

14. To the extent the ultimate purchaser and assignee of the Assumed Contracts is not Vehicle Acquisition Holdings LLC, Capgemini requests that the Debtors and such purchaser provide adequate assurances of future performance of the Assumed Contracts in accordance with Section 365(f) of the Bankruptcy Code.

15. Capgemini reserves all of its rights under the Bankruptcy Code and applicable non-bankruptcy law. In addition, Capgemini reserves the right to amend or supplement this Objection, including increasing its requested cure amount.[4]

---

[3] Copies of these invoices are available upon request to the undersigned counsel.

[4] Under the Assumed Contracts, Debtors are liable for any amounts due to Capgemini by Debtors' non-debtor foreign affiliates. Capgemini reserves the right to seek payment of these amounts from Debtors if they are not paid by the foreign affiliates.

4

## Conclusion

16. Capgemini respectfully requests that the Court (i) only permit assumption and assignment of Debtors contracts with Capgemini conditioned on payment to Capgemini of $11,193,259.03 as its Cure Amount and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 15, 2009

> Respectfully submitted,
>
> WINSTON & STRAWN LLP
>
> By: /s/ Steven M. Schwartz
>     Steven M. Schwartz
>
> 200 Park Avenue
> New York, New York 10166
> Tel: (212) 294-6761
> Fax: (212) 294-4700
> Email: sschwartz@winston.com
>
> *Counsel for Capgemini America, Inc.*

# **EXHIBIT A**

| | | | | | |
|---|---|---|---|---|---|
| **Contract Cure Amount per GM website (pulled June 15, 12:34 est)** | | | | $ | 4,725,530.16 |
| **Invoices Issued Not on GM Website** | | | | | |
| Invoice Number | PO | Date | GM Approver | | |
| 06-BRGM-12-71553CR | GMR71553 | 1/1/2007 | Scott Mira | $ | (52,958.00) |
| 0409-02-3-83438 | GMR83438 | 5/4/2009 | Scott Mira | $ | 484,853.32 |
| 0309-01-9-82010 | GMR82010 | 4/1/2009 | Thomas Berzsenyi | $ | 37,844.00 |
| 0309-02-8-84776C | GMR84776 | 4/9/2009 | Denis Burke | $ | 78,441.00 |
| 0409-31-7-85558 | GMR85558 | 5/4/2009 | Chris Larson | $ | 86,492.50 |
| ** 0409-18-9-88025 | GMR88025 | 5/7/2009 | Ken Chih | $ | 29,317.50 |
| 0409-02-8-88286 | GMR88286 | 5/8/2009 | Laura Carlson | $ | 33,926.00 |
| | | | | $ | 697,916.32 |
| **Invoices Duplicated on GM Website** | | | | | |
| Invoice Number | PO | Date | GM Approver | | |
| 0309-01-8-70412REV | GMR70412 | 4/15/2009 | Derek Williams | $ | 39,032.20 |
| | | | | $ | 39,032.20 |
| **Total Cure Amount per Capgemini AR as of May 2009** | | | | $ | 5,462,478.68 |
| **Capgemini - June Invoices for May Services** | | | | $ | 5,730,780.35 |
| **TOTAL Cure Amount per Capgemini** | | | | $ | 11,193,259.03 |

** in eDacor, not on GM website

# **EXHIBIT B**

| Country | SC_Numb | PO_Number | Invoice_Number | Invoice_Date | Contract_Month | Amount |
|---|---|---|---|---|---|---|
| U.S. | 21 | 01R49577 | 0509-21-6-49577 | 01-Jun-09 | 01-May-09 | $14,773.72 |
| U.S. | 5 | 01R49631 | 0509-05-5-49631 | 01-Jun-09 | 01-May-09 | $169,305.50 |
| U.S. | 31 | 01R49632 | 0509-31-7-49632 | 01-Jun-09 | 01-May-09 | $118,183.40 |
| U.S. | 1 | 01R49635 | 0509-01-2-49635 | 01-Jun-09 | 01-May-09 | $700.69 |
| U.S. | 1 | 01R49682 | 0509-01-2-49682 | 01-Jun-09 | 01-May-09 | $35,351.70 |
| U.S. | 1 | GMR83511 | 0509-01-2-83511 | 01-Jun-09 | 01-May-09 | $52,500.00 |
| U.S. | 1 | GMR83514 | 0509-01-2-83514 | 01-Jun-09 | 01-May-09 | $613,385.77 |
| U.S. | 1 | GMR83515 | 0509-01-2-83515 | 01-Jun-09 | 01-May-09 | $354,953.20 |
| U.S. | 2 | GMR83431 | 0509-02-3-83431 | 01-Jun-09 | 01-May-09 | $486,496.47 |
| U.S. | 2 | GMR83432 | 0509-02-3-83432 | 01-Jun-09 | 01-May-09 | $288,656.11 |
| U.S. | 2 | GMR83438 | 0509-02-3-83438 | 01-Jun-09 | 01-May-09 | $789,510.05 |
| U.S. | 2 | TCR13936 | 0509-02-3-13936 | 01-Jun-09 | 01-May-09 | $7,728.38 |
| U.S. | 18 | GMR83390 | 0509-18-4-83390 | 01-Jun-09 | 01-May-09 | $55,939.65 |
| U.S. | 18 | GMR83508 | 0509-18-4-83508 | 01-Jun-09 | 01-May-09 | $8,579.02 |
| U.S. | 18 | TCR12246 | 0509-18-4-12246 | 01-Jun-09 | 01-May-09 | $6,518.80 |
| U.S. | 18 | TCR12940 | 0509-18-4-12940 | 01-Jun-09 | 01-May-09 | $1,476.03 |
| U.S. |  | GMR83798 | 4/15/2009 | 01-Jun-09 | 11-Nov-06 | $281,090.31 |
| U.S. | 21 | GMR84013 | 0509-21-6-84013 | 01-Jun-09 | 01-May-09 | $24,039.82 |
| U.S. | 21 | GMR84064 | 0509-21-6-84064 | 01-Jun-09 | 01-May-09 | $262,461.57 |
| U.S. | 31 | GMR83805 | 0509-31-7-83805 | 02-Jun-09 | 01-May-09 | $210,548.08 |
| U.S. | 31 | GMR83423 | 0509-31-7-83423 | 02-Jun-09 | 01-May-09 | $37,176.43 |
| U.S. | 31 | TCR13313 | 0509-31-7-13313 | 02-Jun-09 | 01-May-09 | $39,139.01 |
| U.S. | 31 | TCR12393 | 0509-31-7-12393 | 02-Jun-09 | 01-May-09 | $35,980.09 |
| U.S. | 31 | TCR12321 | 0509-31-7-12321 | 02-Jun-09 | 01-May-09 | $77,773.74 |
| U.S. | 31 | GMR85261 | 0509-31-7-85261 | 02-Jun-09 | 01-May-09 | $49,351.65 |
| U.S. | 31 | GMR85091 | 0509-31-7-85091 | 02-Jun-09 | 01-May-09 | $8,803.10 |
| U.S. | 31 | GMR85558 | 0509-31-7-85558 | 02-Jun-09 | 01-May-09 | $84,667.66 |
| U.S. | 2 | GMR87574 | 0509-02-9-87574 | 02-Jun-09 | 01-May-09 | $28,827.50 |
| U.S. | 18 | GMR88025 | 0509-18-9-88025 | 02-Jun-09 | 01-May-09 | $42,423.50 |
| U.S. | 1 | 789-1528 | 0509-01-9--1528 | 02-Jun-09 | 01-May-09 | $9,763.06 |
| U.S. | 21 | GMR88090 | 0509-21-8-88090 | 05-Jun-09 | 01-May-09 | $11,768.70 |
| U.S. | 21 | GMR85734 | 0509-21-8-85734 | 05-Jun-09 | 01-May-09 | $40,269.22 |
| U.S. | 21 | GMR85741 | 0509-21-8-85741 | 05-Jun-09 | 01-May-09 | $46,347.25 |
| U.S. | 21 | GMR84403 | 0509-21-8-84403 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 21 | GMR84401 | 0509-21-8-84401 | 05-Jun-09 | 01-May-09 | $22,834.00 |
| U.S. | 21 | GMR88040 | 0509-21-8-88040 | 05-Jun-09 | 01-May-09 | $26,152.66 |
| U.S. | 2 | GMR88217 | 0509-02-8-88217 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 1 | GMR84892 | 0509-01-8-84892 | 05-Jun-09 | 01-May-09 | $22,834.00 |
| U.S. | 2 | GMR88420 | 0509-02-8-88420 | 05-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 21 | TCR15165 | 0509-21-8-15165 | 05-Jun-09 | 01-May-09 | $22,834.00 |
| U.S. | 18 | GMR84187 | 0509-18-8-84187 | 05-Jun-09 | 01-May-09 | $15,881.50 |
| U.S. | 18 | GMR87817 | 0509-18-8-87817 | 05-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 18 | GMR87819 | 0509-18-8-87819 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 21 | GMR87386 | 0509-21-8-87386 | 05-Jun-09 | 01-May-09 | $14,755.17 |
| U.S. | 21 | GMR87951 | 0509-21-8-87951 | 05-Jun-09 | 01-May-09 | $104,455.96 |
| U.S. | 2 | GMR88209 | 0509-02-8-88209 | 05-Jun-09 | 01-May-09 | $14,755.20 |

| Country | SC_Numb | PO_Number | Invoice_Number | Invoice_Date | Contract_Month | Amount |
|---|---|---|---|---|---|---|
| U.S. | 2 | GMR84847 | 0509-02-8-84847 | 05-Jun-09 | 01-May-09 | $15,405.20 |
| U.S. | 21 | GMR88150 | 0509-21-8-88150 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 18 | GMR88696 | 0509-18-8-88696 | 05-Jun-09 | 01-May-09 | $14,755.17 |
| U.S. | 18 | GMR88796 | 0509-18-8-88796 | 05-Jun-09 | 01-May-09 | $14,755.17 |
| U.S. | 21 | 1673-543 | 0509-21-8-3-543 | 05-Jun-09 | 01-May-09 | $8,623.09 |
| U.S. | 21 | 1475-5010 | 0509-21-8--5010 | 05-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 21 | 1475-4913 | 0509-21-8--4913 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 1 | 768-440 | 0509-01-8-8-440 | 05-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 31 | 881-946 | 0509-31-8-1-946 | 05-Jun-09 | 01-May-09 | $6,663.64 |
| U.S. | 21 | 650-361 | 0509-21-8-0-361 | 05-Jun-09 | 01-May-09 | $14,341.78 |
| U.S. | 21 | 1673-499 | 0509-21-8-3-499 | 05-Jun-09 | 01-May-09 | $22,834.00 |
| U.S. | 1 | 775-169 | 0509-01-8-5-169 | 05-Jun-09 | 01-May-09 | $16,963.00 |
| U.S. | 2 | GMR88282 | 0509-02-8-88282 | 07-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 2 | GMR88286 | 0509-02-8-88286 | 07-Jun-09 | 01-May-09 | $33,926.00 |
| U.S. | 2 | GMR88284 | 0509-02-8-88284 | 07-Jun-09 | 01-May-09 | $417,189.00 |
| U.S. | 2 | 796-659 | 0509-02-8-6-659 | 07-Jun-09 | 01-May-09 | $381,860.64 |
| U.S. | 2 | 796-656 | 0509-02-8-6-656 | 07-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 2 | 796-646 | 0509-02-8-6-646 | 07-Jun-09 | 01-May-09 | $19,589.50 |
| U.S. | 2 | 796-669 | 0509-02-8-6-669 | 08-Jun-09 | 01-May-09 | $22,532.00 |
| U.S. | 1 | GMR82010 | 0509-01-9-82010 | 09-Jun-09 | 01-Mar-09 | $37,842.48 |
| U.S. | 1 | GMR82010 | 0309-01-9-82010CR | 09-Jun-09 | 01-Mar-09 | ($37,844.00) |

**$5,730,780.35**