WHITE AND WILLIAMS, LLP                Objection Deadline: 6/15/09
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

*Attorneys for Flextronics International Ltd., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GENERAL MOTORS CORP.**, *et al.*, | Case No. **09-50026(REG)** |
| Debtors. | (Jointly Administered) |
| | Hon. Robert E. Gerber |

**OBJECTION AND RESERVATION OF RIGHTS OF FLEXTRONICS INTERNATIONAL LTD. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND (II) CURE AMOUNTS RELATED THERETO**

TO: HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Flextronics International Ltd., its subsidiaries and affiliates[1] (collectively, "Flextronics")

hereby files its *Objection And Reservation Of Rights Of Flextronics International Ltd. To Notice*

*Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of*

---

[1] Including but not limited to Flextronics Manufacturing (Shanghai) Co. Ltd, Flextronics Automotive, Inc., Flextronics Corporation (fka Solectron Corporation).

*Personal Property, And (II) Cure Amounts Related Thereto* (the "Objection and Reservation of Rights") to (a) the proposed monetary cure amount that General Motors Corporation ("GM"), on behalf of itself and its affiliated debtors and debtors in possession in the above-referenced cases (collectively, the "Debtors")[2], contends has to be paid to Flextronics as a pre-condition to the assumption of certain executory contracts to which Flextronics and one of the Debtors are counterparties and (b) the assignment of these executory contracts to any third party (whether or not such third party is the purchaser of any of the Debtors' assets) <u>except upon satisfaction of the conditions set forth hereinafter</u>.[3]

## STATEMENT OF RELIEF REQUESTED BY FLEXTRONICS

Flextronics seeks entry of an order requiring that assumption and assignment of any executory contracts and unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts hereinafter identified on Exhibit "A") are expressly conditioned upon --

(1) submission by Debtors of more detailed information (*e.g.* the date of each executory contract, full contract title and/or contract number, the parties, *etc*.) to Flextronics identifying all specific executory contracts and unexpired leases to which Flextronics is a counterparty and which the Debtors seek to assume and to assign;

(2) payment of (A) the not less than **$781,694.11,** and such additional amounts are become due and owing thereafter pursuant to the terms of the Flextronics Contracts shown on

---

[2] The Debtors and their respective Tax ID Numbers are as follows: General Motors Corporation, Tax ID. 38-0572515; Saturn, LLC, Tax ID No. 38-2577506; Saturn Distribution Corporation, Tax ID No. 38-2755764; and, Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707.

[3] Capitalized terms used in this *Objection and Reservation of Rights*, but which are not defined herein, shall have the meanings ascribed to them in the Sale and Assumption Procedures Order (as hereinafter identified) and, to the extent not defined in such order, then, as ascribed to them in the Sale and Assumption Motion identified hereinafter.

Exhibit "A," to cure the monetary default incurred up and through the date of assumption of the Flextronics Contracts, plus (B) the monetary default existing with connection all executory contracts and unexpired leases to which Flextronics is a counterparty and which ultimately are determined to be subject to the *Notice of Intent To Assume and Assign* (as hereinafter identified), and all additional executory contracts or unexpired leases that are identified subsequently hereto, <u>subject to adjustment of such amount</u> in the event the Debtors (a) provide more specific identification by the Debtors of (i) all executory contracts and unexpired leases it contends are subject to the *Notice of Intent To Assume and Assign* (as hereinafter identified) and/or (ii) identify any additional executory contracts or unexpired leases that it seeks to assume and assign and (b) completion by Flextronics of its final accounting of all monetary defaults pertaining to all executory contracts to be assumed and assigned;

(3) entry of an order specifically providing that only executory contracts or unexpired leases to which Flextronics is a counterparty are assumed and assigned upon payment of the Contract Counterparty's Cure Amount and satisfaction of any other terms imposed by the Court as a condition of such assumption and assignment; and

(4) reservation of all rights pertaining to any and all executory contracts not specifically identified as Flextronics Contracts by the Debtor on appropriate notices served as required by Court Order, including without limitation the right to object to the assumption and/or assignment of any executory contracts not listed on Exhibit "A," and to assert additional cure amounts in connection with such contracts; and

(5) such other and further relief as may be appropriate under the circumstances.

## BACKGROUND

1. Prior to commencement of the above-referenced jointly administered Chapter 11 cases, Solectron Corporation and its subsidiaries and affiliates (collectively, "Solectron") entered into various executory contracts (the "Solectron Contracts") whereby Solectron manufactured and sold certain goods and equipment (collectively, "Goods") to GM and the other Debtors, and the Debtors became obligated to pay for such Goods.

2. Prior to commencement of the above-referenced jointly administered Chapter 11 cases, Flextronics entered into various executory contracts (the "Flex Contracts") whereby Flextronics manufactured and sold certain goods and equipment (collectively, "Goods") to GM and the other Debtors, and the Debtors became obligated to pay for such goods.

3. Prior to commencement of the above-referenced jointly administered Chapter 11 cases, Flextronics acquired Solectron and, thereafter, Solectron merged into Flextronics; as a result of this acquisition and merger, Flextronics because the successor-in-interest and the holder of all Solectron's rights and interests in all Solectron Contracts. Collectively, the Solectron Contracts and the Flex Contracts hereinafter are referred to as the "Flextronics Contracts" and certain of these contracts are identified with more particularity on Exhibit "A" attached hereto and such exhibit is incorporated by reference as if fully set forth herein

4. On June 1, 2009 (the "Petition Date"), GM and the other Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code and, continually since that date, the Debtors have operated as debtors-in-possession of their respective bankruptcy estates.

5.      On June 1, 2009, the Debtors' filed the Sale and Assumption Motion[4] and sought entry of an order (A) authorizing and approving procedures to govern the sale process for substantially all the Debtors' assets and notices of (i) the hearing to consider authorization and approval of the sale, (ii) the assumption and assignment of executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement; (B) setting a hearing to consider the sale on June 30, 2009; and (C) authorizing and approving, among other things, (i) the sale of the Debtors' assets pursuant to the proposed Master Sale and Purchase Agreement and related agreements (the "MPA") among the Debtors (the "Sellers") and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury"), free and clear of liens, claims, encumbrances, and other interests (the "363 Transaction"), (ii) the assumption and assignment of certain executory contracts and Leases, and (iii) the approval of UAW Retiree Settlement Agreement.

6.      On June 2, 2009, this Court entered an order (the "Sale and Assumption Procedures Order)[5], which provides, in pertinent part, as follows:

(a)     <u>Objections to the 363 Transaction</u>.  All objections to the 363 Transaction [*i.e.*, sale of substantially all of the assets] must be filed with the Court and served upon certain parties so as to be received by the Objection Deadline [*i.e.*, June 19, 2009, at 5:00 p.m.]  [*See* ¶11 of the Sale & Assumption Order.]

---

[4] *See* the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 To (I) Approve (A) The Sale Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; Free and Clear of Liens, Claims, Encumbrances And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts and Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing* **(**the "Sale & Assumption Motion") [Dkt 92].

[5] *See Order Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice* (the "Sale & Assumption Procedure Order") **[Dkt 274].**

(b) <u>Objections To Cure Amount and Contract Assumption/Assignment</u>. Contract Objections and Cure Objections must be filed and served in accordance with the procedure set forth in paragraph 10 of the Sale and Assumption Procedure Order (*see* III., below). Pursuant to this Order --

(i) The Debtors were required to serve, within three (3) days after entry of this Order (the "Mailing Deadline") [*i.e.* not later than 6/5/09], a copy of the Sale and Assumption Procedures Order upon the non-Debtor parties to the Assumable Executory Contracts; and

(ii) On or before the Mailing Deadline [*i.e.* not later than 6/5/09], the Debtors were required to serve a notice of the assumption and assignment of the Assumable Executory Contracts and the proposed cure amounts relating to the Assumable Executory Contracts (the "Assumption and Assignment Notice") upon the non-Debtor parties to the Assumable Executory Contracts.

(c) The Sale And Assumption Order sets forth procedures (the "Assumption and Assignment Procedures") that govern the assumption and assignment of the Assumable Executory Contracts in connection with the sale of the Purchased Assets to the Purchaser:

(i) The Sellers are required to maintain a schedule (the "Schedule") of Executory Contracts and Leases that the Purchaser has designated as Assumable Executory Contracts. [*See* ¶10 of the Sale & Assumption Order.] The Sellers also are required to maintain a secure website (the "Contract Website") that the non-Debtor counterparty to an Assumable Executory Contract can access to find current information about the status of its respective Executory Contract or Lease. The Contract Website contains, for each Assumable Executory Contract, (i) an identification of each Assumable Executory Contract that the Purchaser has designated for assumption and assignment and (ii) the Cure Amounts that must be paid to cure any prepetition defaults under such respective Assumable Executory Contract as of the Commencement Date. The information on the Contract Website shall be made available to the non-Debtor counterparty to the Assumable Executory Contract (the "Non-Debtor Counterparty"), but shall not otherwise be publicly available.

(ii) Following the designation of an Executory Contract or Lease as an Assumable Executory Contract, the Debtors also are required to provide notice (the "Assumption and Assignment Notice") to the Non-Debtor Counterparty to the Assumable Executory Contract setting forth (i) instructions for accessing the information on the Contract Website relating to such Non-Debtor Counterparty's Assumable Executory Contract and (ii) the procedures for objecting to the proposed assumption and assignment of the Assumable Executory Contract. [*See* ¶10 of the Sale & Assumption Order.]

7. Subsequent to entry of the Sale And Assumption Procedures Order, the Debtors served on Flextronics a copy of the *Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And (II) Cure Amounts Related Thereto* (the "Notice of Intent"), which did not identify any executory contracts or unexpired

leases that the Debtors intend to assume and assign.   A true and accurate copy of the Notice of Intent is attached hereto as Exhibit "B" and incorporated by reference herein as if fully set forth.

8.     The Debtors also served a document on Flextronics that provided access information for the Contract Website, and Flextronics thereafter accessed the Contract Website. The Website lists various executory contracts as subject to assumption and assignment and asserts that the Cure Amount to be paid is $33,617.22.  The Website list provides only cursory information permitting identification of the subject executory contracts and does not include sufficient information permitting Flextronics to determine with reasonable assurance the identity of each contract proposed for assumption and assignment and thereby assure itself concerning the amount of monetary defaults with respect to each contract at issue.  *See* Exhibit "C" attached hereto and incorporated by reference herein as if fully set forth.

9.     Flextronics has conducted a preliminary review of its books and records pertaining to all Flextronics Contracts, including but not limited those identified on Exhibit "A" attached hereto, and based thereon submits that (a) the monetary default, as of June 1, 2009, for the Flextronics Contracts (that is, all executory contracts listed on Exhibit "A") is not less than **$781,694.11** and that additional amounts may become due and owing from and after June 1, 2009 as shown on Exhibit "A" (collectively, the "Contract Counterparty Cure Amount"), and (b) that such amount may be increased or decreased once the Debtors identify any additional executory contracts that it intends to assume and assign and Flextronics completes its final review of its books and records.

## GROUNDS FOR THE RELIEF REQUESTED

### Failure to Specifically Identify All Executory Contracts To Be Assumed and Assigned Denies Flextronics's Due Process

10. Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections. *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglass Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (An assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

11. In the matter before this Court, neither the Assumption and Assignment Notice, the Contract Website, nor any other pleadings or notices filed or served by the Debtors adequately identifies the executory contracts or unexpired leases to which Flextronics may be a counterparty and which the Debtors seek to assume and assign. Absent the provision of such fundamental information, Flextronics cannot determine all of the grounds (if any) barring assumption of such contracts or otherwise governing its rights in this matter, or whether the Debtors have complied with the mandates governing assumption and assignment of executory

contracts as set forth in §365(b), (c) and (f) of the Bankruptcy Code.

12.     Flextronics submits that entry of an order authorizing and approving the assumption of any executory contracts and unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts), without first requiring the Debtors to specify with more precision the executory contracts at issue, will deny Flextronics a meaningful opportunity to be heard on the issue whether any bar to assumption of any executory contracts to which it is a party may be asserted.  Therefore, it contends that final approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of Flextronics's due process rights.

<u>All Defaults Under Any Designated Contract Must Be Cured As A Condition Of Assumption</u>

13.     Section 365(b) (1) of the Bankruptcy Code require the Debtors to pay all monetary defaults in full and to provide adequate assurance of future performance by the Purchaser as conditions of effectiveness of assumption and assignment of executory contracts and unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts).   Therefore, in the event that a Debtor has defaulted on an executory contract, Section 365(b)(1) of the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

> (A)  cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .
>
> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

14. Both pre- and post-petition defaults must be cured: "The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008). Accordingly, to assume an executory contract and unexpired lease to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts), the Debtors must: (a) cure all defaults, or provide adequate assurance of prompt cure; (b) compensate Flextronics for its pecuniary losses; and (c) provide adequate assurance of future performance. *See Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002). These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor."

15. Alternatively, the Debtors may provide "adequate assurance that [they] will promptly cure" the defaults. *See* 11 U.S.C. 365(b)(1)(A). Adequate assurance of prompt cure can be shown only by "a firm commitment to make all payments and at least a reasonably demonstrable capability to do so." *See In re Embers 86th Street, Inc.,* 184 B.R. 892, 900-01 (Bankr. S.D.N.Y. 1995) (citing *In re R.H. Neil, Inc.,* 58 B.R. 969 (Bankr. S.D.N.Y. 1986)); *accord.* 2 William L. Norton, Jr. & William L. Norton III, NORTON BANKRUPTCY LAW AND PRACTICE § 46:29 (3rd ed. 2008) (emphasis in original) ("Adequate assurance requires a firm commitment by the trustee or debtor-in-possession to make all payments or, at a minimum, to demonstrate a reasonable ability to do so."). Therefore, assumption and assignment of an executory contract is improper where a debtor or its assignee fails to provide adequate assurance of future performance. *See, e.g., In re Metromedia Fiber Network, Inc.,* 335 B.R. 41,

65-66 (Bankr. S.D.N.Y. 2005) (denying proposed assumption where debtor failed to provide adequate assurance of future performance).

## The Debtors Have Not Satisfied Section 365

16. The Debtors have failed to provide sufficient information permitting a meaningful opportunity to identify the executory contracts and unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts) or to calculate the monetary default that must be cured with respect to any such contract or to provide adequate assurance that the Debtors will promptly cure their defaults under any of these contracts. Additionally, as shown on Exhibit "A" attached hereto, the Debtors' monetary default under the Flextronics Contracts – as of June 1, 2009 – is not less than **$781,694.11** and the monetary default continues to increase pursuant to the contracts listed on Exhibit "A". To assume any executory contracts or unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts), the Debtors must cure all monetary defaults, whether they arise pre- or post-petition, and provide adequate assurance that all post-petition debts will be paid in full.

## RESERVATION OF RIGHTS

17. In the absence of any further identification of the executory contracts to be assumed and assigned by the Debtors, Flextronics understands that the Debtors only intend to assume and to assign the executory contracts listed on Exhibit "A" and, upon payment of the Contract Counterparty Cure Amount set forth on Exhibit "A" (as it may be amended) and provision of adequate assurance of future performance by the Purchaser, it consents to the assumption and assignment of the Flextronics Contracts.

18.  Flextronics expressly asserts that its rights pertaining to any and all other executory contracts (the "Excluded Flextronics Contracts") that may exist but which are not listed on Exhibit "A" hereto (or as may be identified in response to this *Objection and Reservation of Rights*) are not subject to assumption and/or assignment by the Debtors, the Contract Counterparty Cure Amount set forth on Exhibit "A" (as it may be amended) does not include any monetary defaults under such contracts, and each such contract is subject to the Reservation of Rights set forth herein.

19.  Flextronics's statement of the Contract Counterparty Cure Amount (as set forth in Exhibit "A") is without prejudice to, and Flextronics reserves all legal rights and arguments concerning whether, (i) the Debtors' designation of contracts to be assumed and assigned is specific enough to include any given contract between Flextronics and one or more of the Debtors, (ii) any contract designated by the Debtors or the Sellers on the Schedule, any Cure Notice or any Assumption and Assignment Notice is a contract over which the Bankruptcy Court has any jurisdiction, and (iii) a contract designated by the Debtors or Sellers on the Schedule, any Cure Notice or any Assumption and Assignment Notice or otherwise is executory so as to be covered by the terms of the Sale and Assumption Order.  Flextronics specifically reserves all of its rights, interests and claims related to any other executory contracts that exist by and between Flextronics, its affiliates and subsidiaries and the Debtors and their respective affiliates and subsidiaries, including without limitation the right to assert a cure amount with respect to any such contract as hereinafter is determined to be subject to assumption and/or assignment by the Debtors, to commence and maintain an action in any appropriate forum or jurisdiction, and to take such other actions as may be permitted at law or equity with regard to any such contract (the "Reservation of Rights").

WHEREFORE, Flextronics hereby requests the Court enter its order requiring that assumption and assignment of any executory contracts and unexpired leases to which Flextronics is a counterparty (including, without limitation, the Flextronics Contracts) are expressly conditioned upon

(1) submission by Debtors of more detailed information (*e.g.* the date of each executory contract, full contract title and/or Flextronics contract number, the parties, *etc*.) to Flextronics identifying all specific executory contracts and unexpired leases to which Flextronics is a counterparty and which the Debtors seek to assume and to assign;

(2) payment of (A) the not less than **$781,694.11,** and such additional amounts are become due and owing thereafter pursuant to the terms of the Flextronics Contracts shown on Exhibit "A," to cure the monetary default incurred up and through the date of assumption of the Flextronics Contracts, plus (B) the monetary default existing with connection all executory contracts and unexpired leases to which Flextronics is a counterparty and which ultimately are determined to be subject to the *Notice of Intent To Assume and Assign* (as hereinafter identified), and all additional executory contracts or unexpired leases that are identified subsequently hereto, <u>subject to adjustment of such amount</u> in the event the Debtors (a) provide more specific identification by the Debtors of (i) all executory contracts and unexpired leases it contends are subject to the *Notice of Intent To Assume and Assign* (as hereinafter identified) and/or (ii) identify any additional executory contracts or unexpired leases that it seeks to assume and assign and (b) completion by Flextronics of its final accounting of all monetary defaults pertaining to all executory contracts to be assumed and assigned;

(3) entry of an order specifically providing that only executory contracts or unexpired leases to which Flextronics is a counterparty are assumed and assigned upon payment of the

Contract Counterparty's Cure Amount and satisfaction of any other terms imposed by the Court as a condition of such assumption and assignment; and

(4) reservation of all rights pertaining to any and all executory contracts not specifically identified as Flextronics Contracts by the Debtor on appropriate notices served as required by Court Order, including without limitation the right to object to the assumption and/or assignment of any executory contracts not listed on Exhibit "A," and to assert additional cure amounts in connection with such contracts; and

(5) such other and further relief as may be appropriate under the circumstances.

Dated:  New York, New York
        June 12, 2009

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
    Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY  10119

And

BIALSON, BERGEN & SCHWAB
Thomas M. Gaa (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306

*Attorneys for Flextronics International Ltd.*