Gary F. Seitz (*pro hac vice*)
Steven Montgomery
Rawle & Henderson LLP
14 Wall Street, 27th Floor
New York, NY 10005
Phone:  212-323-7070
Fax:  212-323-7099

Attorneys for J.B. Hunt Transport Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
**In re : Chapter 11**                                                  :
                                                                        :
**GENERAL MOTORS CORPORATION**          : Case No. 09-50026 (REG)
                                                                        :
**Debtors.**                                                            :
                                                                        :
------------------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING
APPLICABLE CURE COSTS AND SCOPE OF CURE OF J.B. HUNT
TRANSPORT SERVICES, INC. TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND (II) CURE COSTS RELATED THERETO**

J.B. Hunt Transport Services, Inc.  ("JBHT"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption Notice"). In support of the Objection, JBHT respectfully states as follows:

**Background**

1. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009 (the "Petition Date") and filed their Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I)

Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Motion")

2. An order approving the Motion was entered on June 2, 2009 (the "Procedures Order") (ECF No. 274). The Procedures Order approved certain procedures regarding Debtors' assumption and assignment of executory contracts in connection with the Debtors' proposed sale of assets to Vehicle Acquisition Holdings LLC (the "Purchaser").

3. Pursuant to the Procedures Order, the Debtors were to deliver an Assumption Notice to JBHT on June 10, 2009 ("Notice"). When the Director of Finance of JBHT did not receive a Notice, on Friday, June 12, 2009, the claims agent was contacted by telephone with counsel for JBHT (at the number indicated in the Notice format approved by the court: (1-888-409-2328 and 1-586-947-3000) but the claims agent was unable to provide JBHT and its counsel with specific information about the contents of a Notice that was reportedly sent to JBHT on June 5, 2009. The claims agent advised that the Notice would be resent. However, since JBHT is unaware of the contents of the Notice JBHT does not know if it states with specificity which executory contract(s) the Debtors wish to assume and assign.

4. As directed by the format Notice approved by the court, JBHT accessed the website http://www.contractnotices.com (the "Website") to determine which contracts were designated for assumption and assignment and the Debtors' proposed cure costs

3041650-1

related thereto. JBHT is uncertain whether the Website contains information regarding cure amounts. As a result, JBHT is unable to determine from the Website (i) which contracts the Debtors plan to assume and assign and (ii) the cure amounts related thereto.

5. The Procedures Order requires that all objections related to the Assumption Notice must be received by the notice parties within ten days of the date of the Assumption Notice. Accordingly, JBHT files this objection in an abundance of caution to preserve its rights. JBHT objects to the ambiguity with which its contracts have been identified and the complete lack of information regarding the proper cure amounts. In addition, JBHT objects to the extent that the Debtors have not provided a cure amount, or to the extent that such cure amount (when provided) does not match the cure amount as reflected in JBHT's books and records.

6. JBHT reserves all rights to amend and/or supplement this objection.

7. JBHT maintains and asserts that the **correct cure amount** owed under the agreements as of the commencement date of these cases is reflected in Exhibit A attached hereto.

8. JBHT reserves all of its rights and remedies under 11 U.S.C. §365 in this case, and objects to the Debtors assumption and/or assignment of the agreements with JBHT unless the above correct cure amount is paid as required by 11 U.S.C. Sec. 365.

WHEREFORE, JBHT respectfully requests that the Court enter an order directing the Debtors (i) to identify the JBHT's contracts with greater specificity; (ii) to provide a proposed cure amount relating to such contracts; and (iii) grant JBHT such other and further relief as this Court may deem just and proper.

3041650-1

**Rawle & Henderson LLP**

By: _____(s) Steven Montgomery_____
Steven Montgomery
Gary F. Seitz (*pro hac vice*)
14 Wall Street, 27th Floor
New York, NY 10005
(Telephone): 212-323-7070
(Facsimile): 212-323-7099

Attorneys For J.B. Hunt Transport Services, Inc.

445,855

3041650-1