LeClairRyan, a Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
(212) 446-5075
(212) 430-8062 Fax
Michael E. Hastings, Esq.
Michael T. Conway, Esq.

*Counsel for Honeywell International Inc. and certain of its affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case No. |
| GENERAL MOTORS CORP., et al., | ) | 09-50026 (REG) |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF HONEYWELL INTERNATIONAL INC. TO DEBTORS'
PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Honeywell International Inc. and certain of its affiliates (collectively, "Honeywell") hereby file this limited objection (the "Limited Objection") to the proposed assumption and assignment of certain agreements by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice") and on the website established by the Debtors, http://www.contractnotices.com (the "Contract Website"), and in support of the Limited Objection respectfully state as follows.

**Preliminary Statement**

1.  On or about June 10, 2009, Honeywell received Assumption and Assignment Notices from the Debtors directing Honeywell to the Contract Website to review certain agreements that the Debtors have determined that they may assume and assign to the Purchaser (as defined below). With respect to the agreements listed on the Contract Website (the "Honeywell Agreements"), the Debtors also set forth the amounts proposed to be paid to cure all prepetition defaults under such agreements (collectively, the "Cure Amount") in accordance with section 365 of title 11 of the United States Code (the "Bankruptcy Code") in connection with the proposed assumption and assignment of such agreements to the Purchaser. Although Honeywell does not presently object to the Debtors' proposed assumption and assignment of the Honeywell Agreements, Honeywell disagrees with certain elements of the proposed Cure Amount set forth by the Debtors on the Contract Website (the "Proposed Cure Amount") and hereby objects to any determination that payment of the Proposed Cure Amount by the Debtors, the Purchaser or any other party would satisfy the requirements for assumption and assignment set forth in section 365 of the Bankruptcy Code.

**Background**

2.  Prior to June 1, 2009, Honeywell was a party to certain supply agreements with the Debtors.

3.  On June 1, 2009 (the "Petition Date"), the Debtors commenced these chapter 11 cases to implement a process for the expeditious sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings, LLC, an entity sponsored by the United States Department of the Treasury (the "Purchaser"), subject to higher or better bids.

4.  In connection with the proposed sale transaction, the Debtors seek to assume and assign certain executory contracts and unexpired leases to the Purchaser. In furtherance thereof,

2

this Court entered an order [Docket No. 274] establishing certain procedures to govern the assumption and assignment process (the "Assumption and Assignment Procedures").

5.      In accordance with the Assumption and Assignment Procedures, the Debtors delivered Assumption and Assignment Notices to Honeywell on or about June 10, 2009.

### **Objection**

6.      To assume and assign the Honeywell Agreements, the Debtors must satisfy the requirements of section 365 of the Bankruptcy Code. Specifically, Section 365(b)(1) states in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

See 11 U.S.C. § 365(b)(1). Because the Proposed Cure Amount would not cover all outstanding defaults under the Honeywell Agreements as of the time of the proposed assumption and assignment, payment of the Proposed Cure Amount would not meet the requirements of section 365(b)(1).

7.      As set forth on the Contract Website, the Honeywell Agreements comprise a significant number of agreements relating to the supply of goods and services by Honeywell to the Debtors. Following receipt of the Assumption and Assignment Notice and review of the Contract Website, Honeywell has undertaken a thorough review of its records related to the

3

Honeywell Agreements. Honeywell's records indicate that a sum greater than the Proposed Cure Amount currently set forth on the Contract Website would be owed to Honeywell to cure all defaults under the Honeywell Agreements as of the time of the proposed assumption and assignment. On this basis, Honeywell hereby objects to the Proposed Cure Amount.

### Reservation of Rights

8.     Although Honeywell will continue to work with the Debtors and the Purchaser to resolve the discrepancy regarding the amount that must be paid to cure all defaults under the Honeywell Agreements in connection with the proposed assumption and assignment, Honeywell is required under the Assumption and Assignment Procedures to submit this Limited Objection not later than 10 days after the date of the Assumption and Assignment Notice. Consistent with this deadline, Honeywell files this Limited Objection. Nonetheless, Honeywell hereby expressly reserves all rights to amend, modify or supplement this Limited Objection or to provide any additional information or documentation as may be requested by the Court in connection with its determination of the cure amount required to be paid pursuant to section 365 of the Bankruptcy Code to permit the assumption and/or assignment of the Honeywell Agreements.

9.     Honeywell also expressly reserves the right to object to the proposed assumption and/or assignment of any agreement, including, but not limited to, the Honeywell Agreements, on the grounds that such agreement is not an executory contract or that the terms of the proposed assumption and assignment would not fulfill all of the requirements of section 365 of the Bankruptcy Code. Moreover, the filing of this Limited Objection shall not effect a waiver of, and Honeywell hereby reserves, all rights to object to any relief requested in these chapter 11 cases on any grounds.

WHEREFORE, Honeywell respectfully requests that the Court (a) sustain the Limited Objection and (b) grant such other further relief as is just and proper.

Dated: June 15, 2009
      New York, New York

                              LeCLAIR RYAN, a Professional Corporation

.                            By: /s/ *Michael T. Conway*
                                    Michael T. Conway
                            830 Third Avenue, Fifth Floor
                            New York, New York 10022
                            Telephone: (212) 430-8032
                            Facsimile: (212) 430-8062

                            *Counsel for Honeywell International Inc.*
                              *and certain of its affiliates*

**CERTIFICATE OF SERVICE**

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury: on June 15, 2009, I caused to be served the within **LIMITED OBJECTION OF HONEYWELL INTERNATIONAL INC. TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS** on the parties listed below by hand delivery:

> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY  10153
> Attn: Harvey R. Miller, Esq.
>
> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY  10153
> Attn: Steven Karotkin, Esq.
>
> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY  10153
> Attn: Joseph H. Smolinskey, Esq.
>
> Cadwalder, Wickersham & Taft LLP
> Attorneys for the Purchaser
> One World Financial Center
> New York, NY  10281
> Attn: John Rapasardi, Esq.
>
> Vedder Price, P.C.
> Attorneys for Export Development Canada
> 1633 Broadway, 47th floor
> New York, NY  10019
> Attn: Michael Edelman, Esq.

Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th floor
New York, NY  10019
Michael L. Schein, Esq.

Office of the United States Trustee
for the Southern District of New York
Attn: Diana G. Adams, Esq.
33 Whitehall Street, 21st Floor
New York, NY  10004

Kramer, Levin Naftalis & Frankel LLP
Attorneys for the Creditors' Committee
1177 Avenue of the Americas
New York, NY  10036
Attn: Gordon Z. Novod, Esq.

The Debtors
c/o General Motors Corporation
30009 Van Dyke Avenue
Warren, Michigan  48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

The Debtors
c/o General Motors Corporation
300 Renaissance Center
Detroit, Michigan  48265
Attn: Lawrence S. Buonomo, Esq.

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C.  20220
Attn: Matthew Feldman, Esq.

Dated: New York, New York
       June 15, 2009

  /s/ Michael T. Conway
Michael T. Conway