LeClairRyan, a Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
(212) 446-5075
(212) 430-8062 Fax
Michael E. Hastings, Esq.
Michael T. Conway, Esq.

*Counsel for Tenneco Inc. and certain of its affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case No. |
| GENERAL MOTORS CORP., et al., | ) | 09-50026 (REG) |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF TENNECO INC. TO DEBTORS'**
**PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Tenneco Inc. and certain of its affiliates (collectively, "Tenneco") hereby file this limited objection (the "Limited Objection") to the proposed assumption and assignment of certain agreements by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice") and on the website established by the Debtors, http://www.contractnotices.com (the "Contract Website"), and in support of the Limited Objection respectfully state as follows.

**Preliminary Statement**

1.  On or about June 8, 2009, Tenneco received Assumption and Assignment Notices from the Debtors directing Tenneco to the Contract Website to review certain agreements that the Debtors have determined that they may assume and assign to the Purchaser (as defined below). With respect to the agreements listed on the Contract Website (the "Tenneco Agreements"), the Debtors also set forth the amounts proposed to be paid to cure all prepetition defaults under such agreements (collectively, the "Cure Amount") in accordance with section 365 of title 11 of the United States Code (the "Bankruptcy Code") in connection with the proposed assumption and assignment of such agreements to the Purchaser. Although Tenneco does not object to the Debtors' proposed assumption and assignment of the Tenneco Agreements, Tenneco disagrees with certain elements of the proposed Cure Amount set forth by the Debtors on the Contract Website (the "Proposed Cure Amount") and hereby objects to any determination that payment of the Proposed Cure Amount by the Debtors, the Purchaser or any other party would satisfy the cure requirements for assumption and assignment set forth in section 365 of the Bankruptcy Code.

**Background**

2.  Tenneco is a "direct" production part supplier to the Debtors, supplying certain automotive emission control and ride control products and systems to the Debtors pursuant to certain supply agreements.

3.  On June 1, 2009 (the "Petition Date"), the Debtors commenced these chapter 11 cases to implement a process for the expeditious sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings, LLC, an entity sponsored by the United States Department of the Treasury (the "Purchaser"), subject to higher or better bids.

4. In connection with the proposed sale transaction, the Debtors seek to assume and assign certain executory contracts and unexpired leases to the Purchaser. In furtherance thereof, this Court entered an order [Docket No. 274] establishing certain procedures to govern the assumption and assignment process (the "Assumption and Assignment Procedures").

5. In accordance with the Assumption and Assignment Procedures, the Debtors delivered Assumption and Assignment Notices to Tenneco on or about June 8, 2009.

### Objection

6. To assume and assign the Tenneco Agreements, the Debtors must satisfy the requirements of section 365 of the Bankruptcy Code. Specifically, Section 365(b)(1) states in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

See 11 U.S.C. § 365(b)(1). Because the Proposed Cure Amount would not cover all outstanding defaults under the Tenneco Agreements as of the time of the proposed assumption and assignment, payment of the Proposed Cure Amount would not meet the requirements of section 365(b)(1).

7. As set forth on the Contract Website, the Tenneco Agreements comprise a significant number of agreements relating to the supply of goods and services by Tenneco to the

3

Debtors. Following receipt of the Assumption and Assignment Notice and review of the Contract Website, Tenneco has undertaken a thorough review of its records related to the Tenneco Agreements. Tenneco's records indicate that a sum greater than the Proposed Cure Amount currently set forth on the Contract Website would be owed to Tenneco to cure all defaults under the Tenneco Agreements as of the time of the proposed assumption and assignment. On this basis, Tenneco hereby objects to the Proposed Cure Amount.

## Reservation of Rights

8.    Although Tenneco will continue to work with the Debtors and the Purchaser to resolve the discrepancy regarding the amount that must be paid to cure all defaults under the Tenneco Agreements in connection with the proposed assumption and assignment, Tenneco is required under the Assumption and Assignment Procedures to submit this Limited Objection not later than 10 days after the date of the Assumption and Assignment Notice. Consistent with this deadline, Tenneco files this Limited Objection. Nonetheless, Tenneco hereby expressly reserves all rights to amend, modify or supplement this Limited Objection or to provide any additional information or documentation as may be requested by the Court in connection with its determination of the cure amount required to be paid pursuant to section 365 of the Bankruptcy Code to permit the assumption and/or assignment of the Tenneco Agreements.

WHEREFORE, Tenneco respectfully requests that the Court (a) sustain the Limited Objection and (b) grant such other further relief as is just and proper.

Dated:  June 15, 2009
New York, New York

                                      LeCLAIR RYAN, a Professional Corporation

.                                    By: /s/ *Michael T. Conway*
                                            Michael T. Conway
                                    830 Third Avenue, Fifth Floor
                                    New York, New York 10022
                                    Telephone: (212) 430-8032
                                    Facsimile:  (212) 430-8062

                                    *Counsel for Tenneco Inc. and certain of its affiliates*

09-50026-mg    Doc 1094    Filed 06/15/09    Entered 06/15/09 14:27:52    Main Document
                                    Pg 6 of 7


## CERTIFICATE OF SERVICE

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury: on June 15, 2009, I caused to be served the within **LIMITED OBJECTION OF TENNECO INC. TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS** on the parties listed below by hand delivery:

> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Harvey R. Miller, Esq.
>
> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Steven Karotkin, Esq.
>
> Weil, Gotshal & Manges
> Attorneys for the Debtors
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Joseph H. Smolinskey, Esq.
>
> Cadwalder, Wickersham & Taft LLP
> Attorneys for the Purchaser
> One World Financial Center
> New York, NY 10281
> Attn: John Rapasardi, Esq.
>
> Vedder Price, P.C.
> Attorneys for Export Development Canada
> 1633 Broadway, 47th floor
> New York, NY 10019
> Attn: Michael Edelman, Esq.

Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th floor
New York, NY  10019
Michael L. Schein, Esq.

Office of the United States Trustee
for the Southern District of New York
Attn: Diana G. Adams, Esq.
33 Whitehall Street, 21st Floor
New York, NY  10004

Kramer, Levin Naftalis & Frankel LLP
Attorneys for the Creditors' Committee
1177 Avenue of the Americas
New York, NY  10036
Attn: Gordon Z. Novod, Esq.

The Debtors
c/o General Motors Corporation
30009 Van Dyke Avenue
Warren, Michigan  48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

The Debtors
c/o General Motors Corporation
300 Renaissance Center
Detroit, Michigan  48265
Attn: Lawrence S. Buonomo, Esq.

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C.  20220
Attn: Matthew Feldman, Esq.

Dated: New York, New York
       June 15, 2009

       /s/ Michael T. Conway
       Michael T. Conway