**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Richard L. Epling (RE-9302)
Karen B. Dine (KD-0546)
Erica E. Carrig (EC-2096)
1540 Broadway
New York, NY  10036-4039
Phone:  212-858-1000
Facsimile:  212-858-1500
*Attorneys for LMC Phase II, L.L.C. and PSEG Resources L.L.C.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11**
                                                            :
**GENERAL MOTORS CORPORATION**                              :        **Case No. 09-50026 (REG)**
                                                            :
    **Debtors.**                       :
                                                            :
------------------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING
APPLICABLE CURE COSTS AND SCOPE OF CURE OF LMC PHASE II, L.L.C.
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

    LMC Phase II, L.L.C. ("LMC"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption Notice").  This Objection amends and supplements Docket Number 956, filed with this Court on June 13, 2009.  In support of the Objection, LMC respectfully states as follows:

**Background**

    1.    The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009 (the "Petition Date") and filed their Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures for Sale

of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Motion")

2.    An order approving the Motion was entered on June 2, 2009 (the "Procedures Order") (ECF No. 274).  The Procedures Order approved certain procedures regarding Debtors' assumption and assignment of executory contracts in connection with the Debtors' proposed sale of assets to Vehicle Acquisition Holdings LLC (the "Purchaser").

3.    Pursuant to the Procedures Order, the Debtors delivered an Assumption Notice to LMC on June 10, 2009.  However, the Assumption Notice does not state with specificity which executory contract(s) the Debtors wish to assume and assign.  However, LMC believes that the executory contract at issue is a certain Amended and Restated Operating Lease dated as of November 1, 2001 (the "Lease") between (i) LMC as lessor ("Lessor"), (ii) General Motors Corporation as lessee ("GM"), and (iii) Riverfront Holdings Phase II, Inc. as co-lessee with GM ("Riverfront") whereby GM and Riverfront have leased the Towers 500 and 600 in the Renaissance Center (the "Leased Property").

4.    In addition, GM may be a party to certain contracts whereby GM is obligated to provide power and other utilities for the benefit of the Leased Property (the "Lease-Related Contracts").  GM is also responsible for paying certain direct costs such as salaries and wages, cleaning and supplies and other administrative costs (the "Direct Costs").  The Lease-Related Contracts and the Direct Costs are integral to the Lease and GM's occupancy of the Leased Property.  Accordingly, in order to effect and complete cure, LMC believes that GM also intends

to, and must, assume the Lease-Related Contracts and the obligations relating to the Direct Costs.

5.  As directed by the Assumption Notice, LMC accessed the website http://www.contractnotices.com (the "Website") to determine which contracts were designated for assumption and assignment and the Debtors' proposed cure costs related thereto. The Website, however, contains no information at this time. There is no description of the executory contract that the Debtors wish to assume. Instead, the only item of information listed is the "Counter Party Name" which is identified as "Riverfront Holdings Phase II, Inc. c/o Riverfront Holdings, Inc." If the Debtors wish to assume the Lease and/or the Lease-Related Contracts, Riverfront is not the proper counter party to these agreements. Rather, LMC as the Lessor is the proper counter party to the Lease and the Lease-Related Contracts.

6.  In addition, at this time, the Website is devoid of any information regarding cure amounts. As a result, LMC is unable to determine which contracts the Debtors plan to assume and assign and what the Debtors believe to be the proper cure amounts related to assumption.

### **Relief Requested**

7.  LMC does not object in concept to the assumption and assignment of the Lease and Lease-Related Contracts, provided that the correct cure amounts are paid. LMC does object, however, to the ambiguity with which the Lease and Lease-Related Contracts have been identified and the complete lack of information regarding the proper cure amounts. At a minimum, the Assumption Notice and/or the Website should be amended to identify the Lease and Lease-Related Contracts with specificity and to correct the proper Counter Party Names.

Ltd Obj to GM Notice of Intent to Assume and Assign.DOC

8.      In addition, LMC objects to the extent that the Debtors have not provided a cure amount, or to the extent that such cure amount (when provided) does not match the cure amount as reflected in LMC's books and records.

9.      Based upon an initial review of LMC's books and records, LMC believes that the proper cure amount under the Lease is as follows:

   a.   <u>Base Rent</u>.  As of the Petition Date, GM owes LMC $986,951.05 in accrued and unpaid semi-annual rent.  Post-petition, the Base Rent is accruing at a per diem rate of $31,837.13.

   b.   <u>Triple Net Charges Under the Lease</u>:  GM is obligated to pay LMC certain fees and expenses under the Lease such as property taxes, repairs and maintenance, and insurance obligations.[1]  Based upon a budget prepared by GM, the triple net charges are accruing post-petition at a per diem rate of approximately $8,649.45.

   c.   <u>Unpaid 2009 Indemnity Obligation for Lessor's Michigan Business Tax Liabilities</u>:  GM is also responsible for certain Michigan business tax liabilities.  As of the Petition Date, GM is obligated to pay LMC approximately $112,753.68 for such business tax liabilities.  Post-petition, the business tax liabilities are accruing at a per diem rate of $1,535.38.

10.     Attached hereto as Exhibit A is a spreadsheet summarizing the amounts that must be paid prior to assumption, including the pre-petition amounts, as well as the amounts that are accruing post-petition on a per diem basis.

11.     Before the Debtor can assume any contract it must either "cure" such contract, or provide "adequate assurance" of such cure under section 365 of the Bankruptcy Code.  Unless LMC receives payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the assumed contracts, the Lease and the Lease-Related Contracts may not be assumed or assigned.

---

[1] A complete list of the triple net charges is provided on Exhibit A.

Ltd Obj to GM Notice of Intent to Assume and Assign.DOC

12. LMC expects that any differences can be reconciled, but files this Objection out of an abundance of caution due to the deadlines for filing objections and to reserve all rights related to the proposed assumption of the Lease and the Lease-Related Contracts.

13. To the extent that the Debtors are not currently seeking to assume and assign the Lease and the Lease-Related Contracts, LMC hereby reserves all of its rights with respect to the Lease and the Lease-Related Contracts. In addition, LMC reserves all rights to amend and/or supplement this objection.

WHEREFORE, LMC respectfully requests that the Court enter an order directing the Debtors (i) to identify the Lease and Lease-Related Contracts with greater specificity; (ii) to correct the Counter Party Name on its Website and/or Assumption Notice; and (iii) to the extent that the parties cannot reconcile the correct cure amounts among themselves, compel the Debtors to pay the correct cure amount before seeking to assume and assign the Lease and Lease-Related Contracts; and (iii) grant LMC such other and further relief as this Court may deem just and proper.

Dated: June 15, 2009
New York, NY

By: __/s/ Richard Epling_____
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Richard L. Epling (RE-9302)
Karen B. Dine (KD-0546)
Erica E. Carrig (EC-2096)
1540 Broadway
New York, NY  10036-4039
Phone:  212-858-1000
Facsimile:  212-858-1500
*Attorneys for LMC Phase II, L.L.C. and PSEG Resources L.L.C.*