WHITE AND WILLIAMS LLP
One Penn Plaza, Suite 4110
New York, NY  10119
Telephone:  (212) 631-4421
Karel S. Karpe, Esq.
and
Orum &  Roth, LLC
53 West Jackson Boulevard
Chicago, IL 60604
Telephone: (312) 922-6262
Mark D. Roth, Esq. (*admitted in Illinois*)

*Counsel for Nicor Gas*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

**NICOR GAS' REQUEST FOR ADDITIONAL ADEQUATE ASSURANCE**

Nicor Gas ("Nicor"), through it attorneys, White and Williams LLP and Orum & Roth LLC, hereby submits its request for Additional Adequate Assurance pursuant to an Order entered in this case on June 1, 2009 entitled: "Order Pursuant to 11 U.S.C. 105(a) and 366 (I) Approving Debtor's Proposed Form Of Adequate Assurance of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, and (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service."   In support, Nicor states:

1. Nicor provides gas service to the Debtors at the following locations:   1355 Remington Blvd, Bolingbrook, IL 60490 and 336 Ogden Avenue, Hinsdale, IL 60521  The Nicor Account Numbers  at issue are: 2248702000 and 9212111000, respectively.

1

5367658v.1

2. Attached, as Exhibit "A", is a summary of the Debtors' payments to Nicor on those accounts within the last 12 months. The average monthly usage for account #2248702000 is $6,981.88. Therefore, the requested adequate assurance payment amount for account #2248702000 is $13,963.76. The average monthly usage for account #9212111000 is $167.67. The requested adequate assurance payment amount for account #9212111000 is $335.35. **The total adequate assurance deposit requested is $14,299.11**.

3. The Debtors propose a two week adequate assurance for all utilities that request an adequate assurance deposit.

4. The proposed two week adequate assurance deposit is insufficient adequate assurance to Nicor. Section 366(c)(2) of the Bankruptcy Code provides:

> Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in section (a) may alter, refuse or discontinue utility service, if during the 30 day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility services that is **satisfactory to the utility**. (Emphasis added)

5. A determination of adequate assurance is made on a case-by-case basis, subject to the requirements of Section 366(c). *See, In re. Utica Floor Maintenance, Inc.,* 25 B.R. 1010, 1016 (Bankr. N.D.N.Y. 1982). The adequate assurance or other security, however, "should bear a reasonable relationship to expected or anticipated utility consumption by a debtor." *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986). In making such a determination, it is appropriate for the Court to consider "the length of time necessary for the utility to effect termination once one billing cycle is missed." *Begley v. Philadelphia Electric Co.*, 760 F.2d 46, 49 (3rd Cir. 1985).

6. Nicor bills customers such as the Debtors on a monthly basis. The Illinois Commerce Commission (the "ICC") Regulations govern the terms under which utilities, such as

2

Nicor, may provide service to customers in Illinois. Section 280.90 of the ICC Regulations provides that commercial customers shall be afforded 14 days after the issuance of a bill to pay that bill. The utility may issue a discontinuation notice if the customer does not pay the bill within that 14 day period. Section 280.130 of the ICC Regulations provides that a utility may not discontinue service until at least eight days after mailing the discontinuation notice. Therefore, Nicor may not discontinue gas service until approximately two months after Nicor had provided gas service to the Debtors.

7.      Nicor's request for a two month deposit is reasonable. *See e.g., In re. Stagecoach Ent., Inc.*, 1 B.R. 732, 735-36 (M.D. Fla. 1979) (holding that a two month deposit is appropriate where the debtor could receive 60 days of service before termination because of the utility's billing cycle.) *See also, In re. Matter of Robmac, Inc.*, 8 B.R. 1, 3-4 (Bankr. N.D. Cal. 1979)(two month adequate assurance deposit reasonable based on length of time to discontinue utility service).

8.      Moreover, in ruling on an adequate assurance deposit a court may properly look to the amount of a deposit that a utility may have charged a debtor prior to the bankruptcy. *See e.g., Begley*, 41 B.R. 402 (E.D. Pa. 1984) *aff'd* 760 F.2d 46 (3rd Cir. 1985). In the present case, Section 280.70c.)1.)A.) of the ICC Regulations provides that a utility may charge a commercial customer, such as the Debtors, up to one-third of the annual estimated utility usage as a security deposit. Therefore, under the ICC regulations, Nicor may request a deposit from the Debtors, if they were not in bankruptcy, up to four months estimated usage. The security deposit would amount to $28,598.22, one half of the amount Nicor seeks as satisfactory adequate assurance.

WHEREFORE, for the reasons set forth herein, Nicor requests that Adequate Assurance of **$14,299.11**, and for such other and further relief as is just and necessary.

Dated: New York, New York
June 15, 2009

Respectfully submitted,

WHITE AND WILLIAMS LLP

By:    /s/Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY  10119
Telephone:  (212) 631-4421
and
Orum & Roth, LLC
53 West Jackson Boulevard
Chicago, IL 60604
Telephone: (312) 922-6262
Mark D. Roth, Esq. (*admitted in Illinois*)

*Attorneys for Nicor Gas*