BODMAN LLP
Marc M. Bakst (P41575)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
313-393-7530
mbakst@bodmanllp.com

ATTORNEYS FOR LEAR CORPORATION
AND ITS SUBSIDIARIES AND AFFILIATES
IN PRIVITY OF CONTRACT WITH
DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (Jointly Administered) |
| Debtors. | |

**LIMITED OBJECTION BY LEAR CORPORATION AND ITS SUBSIDIARIES AND AFFILIATES IN PRIVITY OF CONTRACT WITH DEBTORS TO DEBTORS' PROPOSED CURE AMOUNTS**

Lear Corporation and its subsidiaries and affiliates in privity of contract with Debtors (individually and collectively, "Lear") object to Debtors' proposed cure amounts related to their assumption and assignment of contracts with Lear, and in support of their objection, Lear states:

**Background**

1. On June 1, 2009 ("Petition Date"), Debtors commenced these voluntary cases under chapter 11 of title 11 of the United States Code.

2. On June 2, 2009, this Court entered an Order approving Debtors' bidding procedure [Docket # 274], which includes a procedure regarding Debtors' assumption and assignment of executory contracts.

3. On or about June 8, 2009, Lear received Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Assignment Notice"), which indicates that Debtors intend to assume and assign Debtors' agreements with Lear including proposed cure amounts ("Proposed Cure Amounts").

4. Debtors have referred Lear to a website, www.contractnotices.com, at which contracts and cure amounts are identified. The website lists approximately 8,400 purchase orders with Lear that Debtors claim may be assumed. Additionally, there are 1,651 lines of cure amount details for these contracts (as of the date of this filing) with the numbers changing often.

## Cure Amount

5. Because the purchase orders and dollar amounts appear to be under continuing review by Debtors, and change frequently, Lear objects to the Proposed Cure Amounts until such amounts may be finally reconciled and agreed upon, or adjudicated, as the case may be. Further, the cure amounts must cover the time period through assumption and assignment of the contracts, including any unpaid postpetition obligations.

6. Additionally, the Proposed Cure Amounts understate Debtors' prepetition obligations to Lear. The exact amount of understatement cannot be determined until Debtors present their final cure figures.

7. Debtors' Proposed Cure Amounts also omit cancellation costs and expenses Lear has incurred for programs Debtors have assumed, after cancelling portions (such as production at other plants). In order to assume the contracts, Debtors must cure those obligations as well.

8. Thus, Lear objects to the Proposed Cure Amounts.

2

### Contracts Assumed

9. Lear also objects to Debtors' omission, possibly inadvertent, of certain contacts when related contracts have been assumed. For example, Debtors have identified for assumption contracts related to a seating system but have omitted certain contracts related to specific components, parts or variations (such as colors) of that system. It would be unfair and impractical to expect Lear to perform the contracts without the omitted components, parts or variations.

10. Thus, Lear Objects to Debtors' incomplete assumption of some contracts.

### Relief Requested

Lear, therefore, respectfully requests that Debtors reconcile, correct and finalize the Proposed Cure Amounts for the contracts with Lear to reflect all of the contracts to be assumed and assigned and the accurate amounts due and owing, as agreeable to Lear.

BODMAN LLP

By: / s / Marc M. Bakst
    Marc M. Bakst (P41575)
Attorneys for Lear Corporation and its
subsidiaries and affiliates in privity of
contract with Debtors
    6th Floor at Ford Field
    1901 St. Antoine Street
    Detroit, Michigan 48026
    mbakst@bodmanllp.com
    (313) 393-7530

June 15, 2009