James A. Plemmons
Michael C. Hammer
DICKINSON WRIGHT PLLC
301 E. Liberty, Suite 500
Ann Arbor, MI 48104
Phone: (734) 623-7075
Fax: (734) 623-1925

Attorneys for Johnson Controls, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
 : Chapter 11
In re: :
 : Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.,* :
 : (Jointly Administered)
Debtors. :
------------------------------------------------------------x

**JOHNSON CONTROLS, INC., INTERTEC SYSTEMS, LLC, AND JCIM, LLC'S
LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § § 105,
363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006, TO
(I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE
AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S.
TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (C) OTHER RELIEF;
<u>AND (II) SCHEDULE SALE APPROVAL HEARING</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Johnson Controls, Inc., Intertec Systems, LLC, JCIM, LLC, on behalf of themselves and their subsidiaries, affiliates and related entities (collectively, "<u>Johnson Controls</u>"), through their attorneys, Dickinson Wright PLLC, state as follows for its Objection:

1. On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition*

1

*Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. Johnson Controls, Inc. is (a) one of the world's leading manufacturers of interior systems for light vehicles, including seating, overhead, doors, instrument panels, storage and

2

electronics ("Automotive Systems"), (b) the world's largest manufacturer of lead acid automotive batteries and is a developer of advanced battery chemistries ("Power Systems"), and (c) the world's building efficiency leader in providing products and services that optimize energy use and improve comfort and security ("Building Efficiency Systems").

6. Johnson Controls is a party to thousands of purchase orders and supply agreements with the Debtors for the supply of component parts and other services related to automotive systems, power systems, and building efficiency systems.

7. Intertec Systems, LLC and JCIM, LLC are affiliates of Johnson Controls, Inc., and are also automotive component and parts suppliers to the Debtors.

8. The secured website provided that Debtors intended to assume various executory contracts (the "Executory Contracts") with Johnson Controls, Inc., Intertec Systems, LLC, JCIM, LLC and tender a cure amount of $60,997,855.65 to Johnson Controls, Inc., $11,229,65, to Intertec Systems, LLC, and $978,361.97 to JCIM, LLC (the "Debtors' Cure Amounts").

9. Although Johnson Controls does not object to the assumption of the Executory Contracts *per se*, Johnson Controls objects to the Debtors' Cure Amounts, and submits that the Debtors' estimates are based on fundamental inaccuracies.

10. These inaccuracies include (but are not limited to) the following:

    a. The Debtors' Cure Amounts omit sums that Johnson Controls (Automotive Systems), Intertech and JCIM are owed under the Executory Contracts for obsolescence, tooling, cancellation costs, and other accrued obligations.

    b. Building Efficiency Systems has performed work for Debtors for projects that have been completed but for which Debtors have not yet been

invoiced. Amounts due for these projects must be included in the cure amount in order for Debtors to comply with their obligations under 11 U.S.C. § 365. In addition, Building Efficiency Systems have performed projects for Debtors that have been completed by Johnson Controls' subcontractors but for which Johnson Controls has not yet been invoiced — which means that Debtors have not yet been invoiced either. These completed-but-uninvoiced projects must be included in the final cure amount. Other inaccuracies in Debtors' Cure Amount may be the result of (a) Johnson Controls' usual practice of not billing until projects are completed, (b) normal calendar cutoffs, (c) invoices submitted to Debtors but not yet approved by Debtors, and/or (d) accidental rejection of Johnson controls' invoices due to non-substantive formatting issues. It is expected that these amounts will increase as Johnson Controls receives additional invoices from subcontractors and submits new invoices to Debtors. Johnson Controls reserves the right to supplement and/or further adjust its cure amounts.

11. Based on presently available invoices and documents, the amount required to pay the balance of the Executory Contracts and to cure defaults for all three companies is no less than $103,411,665.00 ($91,597,296.64 to Johnson Controls, Inc., $377,525.84, to Intertec Systems, LLC, and $11,436,842.97 to JCIM, LLC). The bulk of these cure amounts are owed for Johnson Controls' Automotive Systems. Details are supplied in **Exhibit A**.

12. Johnson Controls objects to the assumption and assignment of the Executory Contracts unless Debtors pay the amount of no less than $103,411,665.00, pay all additional and

4

outstanding invoices as described above, and provide adequate assurance of future performance.[1] In addition, the cure amount must include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

13. The Debtors' Cure Amount contains receivables that may relate to the Debtors' Canadian or Mexican affiliates. Johnson Controls' inclusion of its estimated cure amount of such receivables is not an admission that such receivables are obligations of the Debtors instead of its Canadian or Mexican affiliates. To the extent such receivables are obligations of the Debtors' Canadian or Mexican affiliates, such affiliates remain responsible for full payment in accordance with the terms of the related contracts with Johnson Controls.

**WHEREFORE** Johnson Controls respectfully requests that this Court find that the amount required to cure the existing defaults under the Executory Contracts is no less than $103,411,665.00 and deny the Debtors' assumption and assignment of the Executory Contracts unless this cure amount is promptly paid to Johnson Controls.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ James A. Plemmons
James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500
Email: jplemmons@dickinsonwright.com
Email: mhammer@dickinsonwright.com

Dated: June 15, 2009                    Attorneys for Johnson Controls, Inc.

ANNARBOR 21407-207 108174v2

---

[1] To the extent Debtors argue that Johnson Controls' claims are subject to the cure dispute resolution process, Johnson Controls objects that the Debtors should not have the right to determine unilaterally and without a strict deadline whether a given dispute is subject to alternative dispute resolution procedures, as this would allow Debtors to delay cure proceedings indefinitely.

Exhibit A

| **Johnson Controls** | Cure Amount | JCI Estimated Cure Amount | Estimated Variance |
|---|---|---|---|
| RD 006545438 | 3,718,589.72 | 4,043,577.72 | 324,988.00 |
| RD 013881706 | 5,559,192.34 | 6,672,818.56 | 1,113,626.22 |
| RD 027898576 | 3,116,032.89 | 3,512,796.97 | 396,764.08 |
| RD 147359699 | 637,547.87 | 637,547.87 | - |
| RD 619350957 | 11,251,403.19 | 13,544,278.53 | 2,292,875.34 |
| RD 788777592 | 1,341,262.57 | 1,621,717.20 | 280,454.63 |
| RD 808097971 | 19,160,619.60 | 21,467,808.94 | 2,307,189.34 |
| RD 808098011 | 668,897.00 | 3,224,045.02 | 2,555,148.02 |
| RD588119201 | (1,411.00) | | 1,411.00 |
| RD 840652580 | 2,356,306.02 | 2,573,327.86 | 217,021.84 |
| RD317099190 | 152.52 | 152.52 | - |
| 199558404 | 21,537.74 | 21,537.74 | - |
| RD021953633 | 0.22 | 0.22 | - |
| RD031052798 | 7,740.00 | 7,740.00 | - |
| RD091916218 | (5.40) | | 5.40 |
| RD119304926 | 1,670,527.06 | 6,275,460.73 | 4,604,933.67 |
| RD120348078 | (364.95) | | 364.95 |
| RD144739141 | 1,182,004.77 | 2,784,671.03 | 1,602,666.26 |
| 602762346 | 11,240.30 | 11,240.30 | - |
| RD006092860 | | 515,566.81 | 515,566.81 |
| Unpaid Tooling and ED&D | | 10,415,611.40 | 10,415,611.40 |
| Inventory Obsolescence | | 3,951,000.00 | 3,951,000.00 |

| | | | - |
|---|---|---|---|
| RD 042065586 | 7,271.00 | 7,271.00 | |
| RD 206986049 | 1,474,458.12 | 1,474,458.12 | |
| RD 243218927 CAD | 494.28 | 494.28 | |
| RD 243426967 | 7,844,774.00 | 7,844,774.00 | |
| RD 251008355 | 339,482.24 | 339,482.24 | |
| RD 812834653 | 649,917.58 | 649,917.58 | |
| | (19,814.03) | | 19,814.03 |
| | 60,997,855.65 | 91,597,296.64 | 30,599,440.99 |

The Debtors' Cure Amount contains receivables that may relate to the Debtors' Canadian or Mexican affiliates. JCI's inclusion of its estimated cure amount for such receivables is not an admission that such receivables are obligations of the Debtors instead of its Canadian or Mexican affiliates. To the extent such receivables are obligations of the Debtors' Canadian or Mexican affiliates, such affiliates remain responsible for full payment in accordance with the terms of the related contracts with JCI

### JCIM, LLC

| | | | |
|---|---|---|---|
| RD009411849 | **$4.00** | 155,584.00 | 155,580.00 |
| RD134306625 | **$31,287.39** | 908,502.39 | 877,215.00 |
| RD134307235 | **$242,167.34** | 332,006.34 | 89,839.00 |
| RD603397204 | **$20,551.84** | 35,605.84 | 15,054.00 |
| RD621287999 | **$582,123.85** | 1,279,372.85 | 697,249.00 |
| RD827022877 | **$66,852.43** | 74,415.43 | 7,563.00 |
| RD827384418 | **$4,255.20** | 4,255.20 | - |
| | 31,119.92 | 31,119.92 | - |
| Tooling | | 857,316.00 | 857,316.00 |
| Commercial Issues | | 2,537,101.00 | 2,537,101.00 |
| Pricing Uplift | | 5,221,564.00 | 5,221,564.00 |

|  | 978,361.97 | 11,436,842.97 | 10,458,481.00 |
|---|---|---|---|

**Intertec Systems, LLC**

| | | | |
|---|---|---|---|
| RD804439305 | 11,229.65 | 377,525.84 | 366,296.19 |

| Johnson Controls | Cure Amount | JCI Estimated Cure Amount | Estimated Variance | JCI Entity | Total Variances |
|---|---|---|---|---|---|
| RD 006545438 | 3,718,589.72 | 4,043,577.72 | 324,988.00 | Holland | 324,988.00 |
| RD 013881706 | 5,559,192.34 | 6,672,818.56 | 1,113,626.22 | BWI Detroit | 1,113,626.22 |
| RD 027898576 | 3,116,032.89 | 3,512,796.97 | 396,764.08 | Shreveport | 396,764.08 |
| RD 147359699 | 637,547.87 | 637,547.87 | - | Various | - |
| RD 619350957 | 11,251,403.19 | 13,544,278.53 | 2,292,875.34 | BWI Lansing | 2,292,875.34 |
| RD 788777592 | 1,341,262.57 | 1,621,717.20 | 280,454.63 | BWI Lansing | 280,454.63 |
| RD 808097971 | 19,160,619.60 | 21,467,808.94 | 2,307,189.34 | Columbia | 2,307,189.34 |
| RD 808098011 | 668,897.00 | 3,224,045.02 | 2,555,148.02 | Columbia | 2,555,148.02 |
| RD588119201 | (1,411.00) | | 1,411.00 | ? | - |
| RD 840652580 | 2,356,306.02 | 2,573,327.86 | 217,021.84 | Power Solutions | 217,021.84 |
| RD317099190 | 152.52 | 152.52 | - | ? | - |
| 199558404 | 21,537.74 | 21,537.74 | - | ? | - |
| RD021953633 | 0.22 | 0.22 | - | ? | - |
| RD031052798 | 7,740.00 | 7,740.00 | - | Building Efficiency | - |
| RD091916218 | (5.40) | | 5.40 | ? | - |

| | | | | | |
|---|---|---|---|---|---|
| RD119304926 | 1,670,527.06 | 6,275,460.73 | 4,604,933.67 | Building Efficiency | 4,604,933.67 |
| RD120348078 | (364.95) | | 364.95 | ? | - |
| RD144739141 | 1,182,004.77 | 2,784,671.03 | 1,602,666.26 | Power Solutions | 1,602,666.26 |
| 602762346 | 11,240.30 | 11,240.30 | - | ? | - |
| RD006092860 | | 515,566.81 | 515,566.81 | Building Efficiency | 515,566.81 |
| Unpaid Tooling and ED&D | | 10,415,611.40 | 10,415,611.40 | | |
| Inventory Obsolescence | | 3,951,000.00 | 3,951,000.00 | | |
| | | | - | | |
| RD 042065586 | 7,271.00 | 7,271.00 | | | |
| RD 206986049 | 1,474,458.12 | 1,474,458.12 | | | |
| RD 243218927 CAD | 494.28 | 494.28 | | | |
| RD 243426967 | 7,844,774.00 | 7,844,774.00 | | | |
| RD 251008355 | 339,482.24 | 339,482.24 | | | |
| RD 812834653 | 649,917.58 | 649,917.58 | | | |
| | (19,814.03) | | 19,814.03 | ? | - |
| | 60,997,855.65 | 91,597,296.64 | 30,599,440.99 | | |

> The Debtors' Cure Amount contains receivables that may relate to the Debtors' Canadian or Mexican affiliates. JCI's inclusion of its estimated cure amount for such receivables is not an admission that such receivables are obligations of the Debtors instead of its Canadian or Mexican affiliates. To the extent such receivables are obligations of the Debtors' Canadian or Mexican affiliates, such affiliates remain responsible for full payment in accordance with the terms of the related contracts with JCI

**JCIM, LLC**

| | | | | |
|---|---:|---:|---:|---:|
| RD009411849 | **$4.00** | 155,584.00 | 155,580.00 | 155,580.00 |
| RD134306625 | **$31,287.39** | 908,502.39 | 877,215.00 | 877,215.00 |
| RD134307235 | **$242,167.34** | 332,006.34 | 89,839.00 | 89,839.00 |
| RD603397204 | **$20,551.84** | 35,605.84 | 15,054.00 | 15,054.00 |
| RD621287999 | **$582,123.85** | 1,279,372.85 | 697,249.00 | 697,249.00 |
| RD827022877 | **$66,852.43** | 74,415.43 | 7,563.00 | 7,563.00 |
| RD827384418 | **$4,255.20** | 4,255.20 | - | |
| | 31,119.92 | 31,119.92 | - | |
| Tooling | | 857,316.00 | 857,316.00 | |
| Commercial Issues | | 2,537,101.00 | 2,537,101.00 | |
| Pricing Uplift | | 5,221,564.00 | 5,221,564.00 | |
| | 978,361.97 | 11,436,842.97 | 10,458,481.00 | |

**Intertec Systems, LLC**

| | | | |
|---|---|---|---|
| RD804439305 | 11,229.65 | 377,525.84 | 366,296.19 |

| | |
|---|---|
| Grand Total | 61,987,447.27 |