James M. Sullivan, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Superior Industries
International, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

                             Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

---------------------------------------------------------- x

## LIMITED OBJECTION OF SUPERIOR INDUSTRIES INTERNATIONAL, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

      Superior Industries International, Inc. ("Superior"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Superior by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

NYC/437443.1

**BACKGROUND**

1. On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered a notice dated June 5, 2009 (the "Assignment Notice") to Superior Industries International, Inc., indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Superior (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors identify the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

4. Moreover, both the Bidding Procedures Order and the Assignment Notice impermissibly limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice).

**THE REQUIREMENTS OF 11 U.S.C. § 365**

5. The Debtors are in default of their contracts with Superior. The Debtors have failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> > (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a

       provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

   (C) provides adequate assurance of future performance under such contract or lease."

6. Payment of the Proposed Cure Amount fails to cure the existing default under the contracts sought to be assumed and assigned and therefore, absent the consent of Superior, the contracts may not be assumed and assigned.

## OBJECTION

7. Superior does not, through this limited objection, object to the sale of the Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. Superior does object, however, to the Assignment Notice to the extent that (1) the Proposed Cure Amount is insufficient, and (2) the Assignment Notice's improper definition of "Cure Amount" would permit assumption and assignment of certain of Superior's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365, including the obligation to cure all defaults existing at the time the executory contracts are assumed and assigned.

8. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re*

*Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

9.      Presently, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of Superior's contracts is whatever was in default as of the Commencement Date.

10.     Superior has attempted to determine the basis of the discrepancy between its books and records and the Debtors' Proposed Cure Amount. However, due to the lack of detail provided by the Debtors, Superior does not have sufficient information to enable Superior to determine the basis of the discrepancy it has with the Debtors' calculations. Superior's calculations of the amounts due under its contracts result in a cure amount substantially in excess of the Proposed Cure Amount.

11.     Further, Superior has not yet had an opportunity to fully analyze all of the information on the Contract Website, which is being updated on a daily basis. Superior continues to review the contracts identified on the Contract Website and the Debtors' Proposed Cure Amount identified thereon as it is being updated and will attempt to reconcile that information with its own records and discuss any discrepancies with the Debtors. Therefore, Superior respectfully requests the right to supplement this Objection as its analysis of the information on the Contract Website continues.

12.     Finally, in the event that the purchaser is an entity other than that defined as Purchaser in the Assignment Notice, Superior hereby requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts.

WHEREFORE, Superior respectfully requests that the Court: (i) condition the proposed assumption and assignment of Superior's executory contracts on payment of the appropriate cure amount due under such contracts pursuant to section 365(b) of the Bankruptcy Court; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iii) grant such other and further relief as is just and appropriate.

Dated: New York, New York  
       June 15, 2009

ARENT FOX LLP  
Attorneys for Superior Industries International, Inc.

By:    */s/ James M. Sullivan*  
      James M. Sullivan, Esq.  
      1675 Broadway  
      New York, NY 10019  
      (212) 484-3900  
      (212) 484-3990 (Fax)