**DLA PIPER LLP (US)**
KAROL K. DENNISTON (*Pro hac vice* pending)
JENNIFER L. NASSIRI (Admitted *Pro hac vice*)
550 South Hope Street, Suite 2300
Los Angeles, CA  90071-2678
Tel:  (213) 330-7700
Fax:  (213)330-7701
karol.denniston@dlapiper.com
jennifer.nassiri@dlapiper.com

Attorneys for Hewlett-Packard Financial Services Company,
and certain affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **GENERAL MOTORS CORP., <u>et al.</u>,** | : | |
| | : | **Case No. 09-50026 (REG)** |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

**RESPONSE OF HEWLETT PACKARD FINANCIAL SERVICES COMPANY TO NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Hewlett-Packard Financial Services Company ("HPFS") and certain HPFS affiliates (sometimes collectively "HPFS")[1] file this Response (the "Response") to the Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assignment Notices").  In support of this Response, HPFS states as follows:

     **I.**     **BACKGROUND**

**A.**    **General Motors' Bankruptcy Proceedings**

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and certain of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title

---

[1] The HPFS affiliates referenced herein do not include Hewlett-Packard Company ("HP") and Electronic Data Systems, LLC ("EDS").  HP and EDS have filed a separate response concurrently herewith.

1

11 of the United States Code (the "Bankruptcy Code").

2.    On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion"). See Docket No. 92.

3.    On June 2, 2009, this Court entered an Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice Order (the "Sale Procedures Order"). See Docket No. 274. The hearing to approve the Sale Motion is set for June 30, 2009.

4.    On or about June 8, 2009, HPFS received several Assumption and Assignment Notices[2,3] (dated June 5, 2009) directing HPFS to a secure website which contains information about which contracts GM intends to assume and assign as part of the sale ("HPFS Proposed Assumed Contracts"), including amounts that the Debtors believe must be paid to cure all pre-petition defaults. ("Contract Website").

5.    Based on information on the Contract Website, HPFS is unable to determine exactly what cure amounts the Debtors are proposing to pay as part of the assumption and assignment of the HPFS Proposed Assumed Contracts to the Purchaser and unable to determine the identity of all of the HPFS Proposed Assumed Contracts.

6.    Although GM has stated its intention to assume the HPFS executory contracts, including

---

[2] Some of these Assumption and Assignment Notices were for certain HPFS affiliates in other countries, and it is unclear what executory contracts the Debtors are seeking to assume through those notices.
[3] Undefined capitalized terms used herein shall have the same meaning as ascribed to such terms in the Sale Motion.

unexpired leases of personal property, HPFS has been unable, despite best efforts, to obtain the cure amount or confirm other relevant information directly through the Contract Website. HPFS is working diligently with GM, the Supplier Call Center and outside counsel to confirm an accurate cure amount and that all such contracts have been accurately identified.

**B.    The HPFS' Agreements**

7.    On May 4, 2005, HPFS entered into a Global Master Lease and Financing Agreement with GM. ("GMLFA"). HPFS and GM entered into fourteen (14) amendments to the GMLFA which effectively add country specific addenda. (the "Amendments"). On or about May 4, 2005, HPFS and GM entered into the United States Addenda which contains some terms specific to the U.S. ("U.S. Addenda").

8.    Among other things, the GMLFA provides the general terms and conditions upon which HPFS leases or finances to Debtors' and their affiliates certain tangible information technology hardware equipment and copies of computer software programs owned or licensed by HPFS or both.

9.    HPFS and GM are parties to 919[4] Schedules covering an outstanding value of $47,277,241.00 of leased information technology equipment currently in Debtors' possession ("Lease Schedules"). (The GMLFA, Amendments, U.S. Addenda and the Lease Schedules shall be collectively referred to as the "HPFS Agreements").

**C.    The Status of HPFS' Agreements with GM**

10.    As of the date of this Response, based on HPFS' books and records, Debtors owe HPFS an amount of at least $4,514,323. Despite ongoing efforts HPFS has been unable to fully reconcile these amounts with information presently obtainable from the Contract Website.

11.    HPFS continues to reconcile its own records with those of GM and the information

---

[4] This includes Schedules wherein HPFS is a secured party or assignee.

contained on the Contract Website in order to confirm the appropriate cure amount required to cure all defaults existing under the HPFS Agreements prior to the assumption and assignment to the Purchaser.

12. Through this Response, HPFS requires assurances that all pre-petition and post-petition unpaid amounts due and owing under the HPFS Proposed Assumed Contracts are paid on the next scheduled payment date of June 30, 2009 or such other payment date as required under the HPFS Agreements. Additionally, HPFS requires confirmation from the Debtors as to which HPFS Agreements they are seeking to assume and assign to Purchaser.

## II.    RESPONSE

13. HPFS does not object to the assumption and assignment of the HPFS Agreements. The Debtors have failed, despite apparent diligence and good faith efforts however, to provide HPFS with sufficient time and complete information to (1) properly analyze the proposed assumption and assignment; (2) confirm the identity of the HPFS Agreements that are being assumed and assigned; (3) verify all such contracts have been accurately identified; and (4) confirm the accuracy of the Proposed Cure Amounts. Given the constantly evolving data on the Contract Website and the additional Assumption and Assignment Notices HPFS continues to receive, it is impossible to make a determination by the Objection Deadline of the entirety of the pre-petition and post-petition amounts owing under the HPFS Proposed Assumed Contracts.

14. Without such information, HPFS cannot determine whether the Debtors have satisfied Section 365 of the Bankruptcy Code. Based on the information provided to date by the Debtors (and based on HPFS' own independent diligence), however, the Proposed Cure Amounts are not adequate.

15. Though the Debtors have stated that they intend to assume the HPFS Agreements, a number of issues remain unresolved. HPFS is, however, prepared to work in good faith to resolve the

foregoing issues. The purpose of this Response is solely to preserve HPFS' rights and objections in the event a resolution is not reached.

### III.    ARGUMENT

16.    According to Section 365(b)(1) of the Bankruptcy Code, if there has been a default in an executory contact, the debtor-in-possession may not assume such contract unless at the time of assumption of such contract, the debtor in possession:

> (A) cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure, such default . . .
>
> (B) compensates, or provides adequate assurance that the [debtor-in-possession] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

17.    Section 365(b)(1) of the Bankruptcy Code demands that both pre-petition and post-petition defaults must be cured. See, e.g., Stoltz v. Brattleboro Housing Authority (In re Stoltz), 315 F.3d 80, 94-95 (2d. Cir. 2002); see also In re Burger Boys, Inc., 94 F.3d 755, 763 (2d Cir. 1996) ("§365(b) requires payment of all pre-petition and post-petition amounts due under an executory contract before assumption."); 3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008) ("The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available.").

18.    Accordingly, to assume the HPFS Proposed Assumed Contracts, Debtors must "(1) cure the defaults, or provide adequate assurance that it will promptly cure them; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to

5

the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract." In re Wireless Data, Inc., 547 F.3d 484, 489 (2d. Cir. 2008); 11 U.S.C. § 365(b)(1).

19. If the Debtors elect against immediately curing the pre-petition and post-petition defaults under the Assumable Executory Contracts, they must provide "adequate assurance that [they] will promptly cure" such defaults. See Wireless Data, 547 F.3d at 489; 11 U.S.C. § 365(b)(1)(A). "In assessing adequate assurance, courts have consistently been guided by whether the debtor has the wherewithal to pay . . .." In re THW Enterprises, Inc., 89 B.R. 351, 357 (Bankr. S.D.N.Y. 1988). Specifically, before this Court finds that adequate assurance of future performance exists, it requires that the debtor-in-possession make "a firm commitment to make all payments and at least a reasonably demonstrable capability to do so." In re Embers 86th Street, Inc., 184 B.R. 892, 900-01 (Bankr. S.D.N.Y. 1995) (citing In re R.H. Neil, Inc., 58 B.R. 969, 971 (Bankr. S.D.N.Y. 1986)).

20. Accordingly, HPFS objects to the Proposed Cure Amounts pursuant to Section 365 to the extent that the Proposed Cure Amount is less than 100% of the actual unpaid amounts owing to HPFS as of the date of the assumption and assignment to the Purchaser.

21. The Proposed Cure Amounts fail to cure the actual defaults existing under the HPFS Agreements. In addition, the Debtors have failed, despite apparent diligence and good faith efforts however, to provide HPFS with sufficient time and complete information to (1) properly analyze the proposed assumption and assignment; (2) confirm which HPFS Agreements are being assumed and assigned; (3) verify all such contracts have been accurately identified; and (4) confirm the accuracy of the Proposed Cure Amounts. Accordingly, HPFS reserves all rights to further object once the nature and extent of the HPFS Proposed Assumed Contracts are determined.

22. Furthermore, to the extent HPFS is holding a license of intellectual property on

behalf of a third party for the benefit of GM, HPFS is not consenting to the transfer of such license, and reserves all rights, to the extent that HPFS is prevented from doing so under the applicable HPFS Agreements or its agreements with third parties.

### IV.    RESERVATION OF RIGHTS

23.    HPFS reserves all rights, including, but not limited to, the right to (a) amend, modify or supplement this Response as additional information becomes available or to provide any additional information as may be requested by the Court, the Debtors or the Purchaser in connection with its determination of the cure amount required to be paid pursuant to Section 365 of the Bankruptcy Code; (b) object to any proposed assumption and assignment of the HPFS Agreements prior to or following the Sale Hearing in the event the proposed assumption and assignment fails to satisfy the requirements of Section 365 of the Bankruptcy Code; and (c) object to the extent that the proposed assignee of any of the HPFS Agreements is an entity other than the Purchaser.

Dated:  June 15, 2009    **DLA PIPER LLP (US)**
*Attorneys for Hewlett-Packard Financial Services Company and its affiliates*

By: __/s/ Jennifer L. Nassiri_____ _____
KAROL K. DENNISTON (*Pro hac vice* pending)
JENNIFER L. NASSIRI (Admitted *Pro hac vice*)
550 South Hope Street, Suite 2300
Los Angeles, CA  90071-2678
Tel:  (213) 330-7700
Fax:  (213) 330-7701
karol.denniston@dlapiper.com
jennifer.nassiri@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2009, a true and correct copy of the foregoing **RESPONSE OF HEWLETT PACKARD FINANCIAL SERVICES COMPANY TO NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO** was filed electronically. Notice of the filing will be served electronically through the Court's ECF System on parties requesting electronic service. In addition, this Response was served upon the following parties at the address listed below by personal delivery on June 15, 2009.

By:   /s/ Jennifer L. Nassiri

**Via Personal Delivery**

*Debtors*
c/o General Motors Corporation
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
(Attn: Warren Command Center
Mailcode 480-206-114)

*U.S. Treasury*
U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220
(Attn: Matthew Feldman, Esq.)

*Counsel for Debtors*
Weil, Gothsal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
and Joseph H. Smolinsky, Esq.)
harvey.miller@weil.com;
stephen.karotkin@weil.com
joseph.smolinsky@weil.com

*Counsel for Purchaser*
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
(Attn: John J. Rapisardi, Esq.)
john.rapisardi@cwt.com

*Counsel for Creditors Committee*
Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-3275
dcho@kramerlevin.com

*Counsel for Export Development Canada*
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.)
mjedelman@vedderprice.com
mschein@vedderprice.com

*Office of the United States Trustee*
Office of the United States Trustee
(Attn: Diana G. Adams, Esq.)
33 Whitehall Street, 21st Floor
New York, New York 10004.
diana.adams@usdoj.gov

The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Greet, Room 621
New York, NY 10004-1408