Benjamin P. Deutsch (BD-5435)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
Telephone: (212) 973-8000
Fax: (212) 972-8798
BDeutsch@Schnader.com

*Attorneys for Creditor New United Motor Manufacturing, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                                   :   Chapter 11
                                                        :
GENERAL MOTORS CORPORATION, *et al.*,  :   Case No. 09-50026 (REG)
                                                        :
              Debtors.                                  :   (Jointly Administered)
------------------------------------------------------------X

### OBJECTION OF CREDITOR NEW UNITED MOTOR MANUFACTURING, INC. TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Creditor New United Motor Manufacturing, Inc, a California corporation ("NUMMI"), by and through its attorneys, Schnader Harrison Segal & Lewis LLP, hereby objects to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice"), and in support thereof states as follows:

1. Through their Notice, the above-captioned debtors ("Debtors") seek an order of this Court approving the Debtors' assumption and assignment of certain executory contracts and unexpired leases to which NUMMI is the counterparty.

2. On the website (http://www.contractnotices.com) (the "Contract Website") to

which counterparties are directed by the Debtors in order to determine the Cure Amount alleged by the Debtors, NUMMI is identified by the Debtors under two different "Vendor Master ID" numbers: 5716-00018568 and 102970571.

3.    NUMMI is a party to more than seven (7) executory contracts and unexpired leases with the Debtors (collectively, the "NUMMI-GM Contracts"). As is more fully set forth in the copy of the Contract Website screens collectively attached hereto as Exhibit A, under Vendor Master ID # 5716-00018568, no notation is listed under the "GM Contract ID" column, and no alleged "Contract Cure Amount" is provided. There is no other information associated with the unidentified "Agreement" ("Contract One") listed by the Debtors under this Vendor Master ID number. Based upon the inadequacy of the information contained in the Notice and on the Contract Website regarding Contract One, NUMMI cannot determine which one of the NUMMI-GM Contracts the Debtors seek to assume and assign. NUMMI therefore objects to the relief sought by the Debtors with respect to Contract One.

4.    As is more fully set forth in the copy of the Contract Website screens collectively attached hereto as Exhibit B, under Vendor Master ID # 102970571, two numbers - - 01S57688 and GM40859 -- are listed under the "GM Contract ID" column ("Contracts Two and Three"), and an alleged Contract Cure Amount of $458,091.57 (the "Proposed Cure Amount") is provided. The "Contract Cure Amount Details" screen identifies eleven (11) unpaid purchase orders. None of the information in the Notice or on the Contract Website regarding Contracts Two or Three identifies the NUMMI-GM Contracts to which the information relates. Based upon the inadequacy of the information contained in the Notice and on the Contract Website regarding Contracts Two and Three, NUMMI cannot determine which two of the NUMMI-GM Contracts the Debtors seek to assume and assign. NUMMI therefore objects to the relief sought

by the Debtors with respect to Contracts Two and Three.

5.  The Proposed Cure Amount is incorrect factually and as a matter of law. Based upon NUMMI's books and records, and as is more fully described in a NUMMI accounting schedule attached hereto as <u>Exhibit C</u> (the "Accounting Schedule"), as of June 1, 2009, the date that the Debtors commenced this chapter 11 case (the "Petition Date"), debtor General Motors Corporation ("GM") owed NUMMI the sum of $722,662.08 for the goods and services NUMMI believes GM is seeking to cure under this Assignment and Assumption motion.

6.  The Accounting Schedule demonstrates that as of the Petition Date, the amounts owed by GMC to NUMMI for prepetition goods and services include:

- $201,382.35 under the Service Parts Supply Agreement between NUMMI and GM dated June 17, 2008;

- $115,831.00 under the Property Lease Agreement between NUMMI and GM dated March 30, 2004;

- $390,000 for tooling fees under a Purchase Order Arrangement (Bill of Lading # 37081R-GM); and

- $15,448.73 for a pilot vehicle project under a Purchase Order Arrangement (Bill of Lading # 36662-GM).

7.  The Debtors are in default of the contracts with NUMMI identified above.

8.  The Debtors' Proposed Cure Amount fails to comply with the provisions of 11 U.S.C. § 365(b). Accordingly, NUMMI objects to the relief sought by the Debtors. NUMMI further objects to the relief sought by the Debtors because the Debtors' definition of "Cure Amount" only provides for amounts allegedly due to NUMMI as of the Petition Date, and does not incorporate the requirements set forth in Bankruptcy Code §§ 365(b) and 365(f), which

require the cure of all defaults *existing at the time executory contracts are assumed and assigned*, and the satisfaction of all accrued obligations that are not in default, but which exist *at the time executory contracts are assumed and assigned.*

9.  Under Bankruptcy Code § 365(b)(1), prepetition and post-petition defaults must be cured as of the time of assumption. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters. Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-ACommunications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. N.H. 1985).

10. NUMMI further objects to the relief sought by the Debtors because they have not demonstrated that Debtors' Purchaser will perform the Debtors' obligations under the NUMMI-GM Contracts that the Debtors seek to assume and assign. As a result, the Debtors have failed to meet the legal requirement that the proposed assignee provide adequate assurance of future performance.

WHEREFORE, NUMMI respectfully requests that this Court:

(a) Deny the Debtors' assumption and assignment of Contracts One, Two, and Three;

(b) Order the Debtors to identify by name, date, and other available identifying information the NUMMI-GM Contracts it seeks to assume and assign (collectively, the "Assumed NUMMI Contracts");

(c) Order that the Proposed Sale Order approving the Sale Motion (or any other order granting the Debtors' their requested relief) expressly provide that the Purchaser will be liable for and required to pay all accrued liabilities arising under and existing as of the date

that the Debtors assume the Assumed NUMMI Contracts and assign them to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all prepetition and post-petition defaults and all obligations that have accrued but are not then in default; and

        (d)    Grant NUMMI such other and further relief as this Court deems just and proper.

Dated:  New York, New York
          June 15, 2009

/s/ Benjamin P. Deutsch
Benjamin P. Deutsch

SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
Telephone: (212) 973-8000
Fax: (212) 972-8798
bdeutsch@schnader.com

*and*

George H. Kalikman (*admission pro hac vice pending*)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: (415) 364-6734
Fax: (415) 364-6785
gkalikman@schnader.com

*Attorneys for Creditor New United Motor Manufacturing, Inc.*