James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500

Attorneys for Niles America Wintech, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :    Chapter 11
In re:                                                          :
                                                                :    Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                                 :
                                                                :    (Jointly Administered)
                              Debtors.                          :
----------------------------------------------------------------x

**NILES AMERICA WINTECH, INC.'S LIMITED OBJECTION TO DEBTORS'
MOTION PURSUANT TO 11 U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND
FED. R. BANKR. P. 2002, 6004 AND 6006, TO (I) APPROVE (A) THE SALE
PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH
VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF;
AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Niles America Wintech, Inc. ("Niles"), through its attorneys, Dickinson Wright PLLC, states as follows for its Objection:

1.     On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory*

1

*Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. § § 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice") to certain parties. The Cure Notice advised that the Debtors maintained a secure website ("GM Website") that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. Unfortunately, Niles did not receive a copy of this notice or access code and related information from Debtors that would enable Niles to access the GM Website. Although Niles has made substantial efforts to get a copy of the GM Notice and Cure Procedures and

obtain access to the GM Website (as reflected in (*See* **Exhibit** A), Nile has not yet received a copy of the notice or necessary access information. Accordingly, Niles has had no access to the GM System to see the contracts designated for assumption by Debtors or the associated cure amounts designated by Debtors.

6. Although (subject to review of contract designation information on the GM Website once Niles obtains access) Niles does not object to the assumption of Niles' Executory Contracts with Debtors *per se,* Niles does object to the assumption of its contracts to the extent Debtors fail to pay all cure amounts in full, including without limitation all related commercial claims. In addition, the cure amount must include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date. According to present estimates, Niles believes that the Debtors must pay an amount of no less than $63,658.98. This amount includes not only approximately $22,740.53 as shown outstanding on Debtors' EDacor system on June 12, 2009, but also at least the following:[1]

1. GM PO#N2W00041 – GM P/N 94670742 ($656.00)
2. GM PO#N2W0002P – GM P/N 15860945 ($4,436.64)
3. GM PO#N2W0002R – GM P/N 10416103 ($4,375.00)
4. GM PO#N2W00030 – GM P/N 12450086 ($1,248.00)
5. GM PO#N2W00017 – GM P/N 24219476 ($35,838.00)
6. GM PO#N2W000T – GM P/N 24221145 ($16,562.87)
7. GMSPO PO#40072 – various GM P/N ($147.78)
8. GMSPO PO#40073 – GM P/N 15860945 ($51.00)

---

[1] To the extent Debtors argue that Niles' claims are subject to the cure dispute resolution process, Niles objects that the Debtors should not have the right to determine unilaterally and without a strict deadline whether a given dispute is subject to alternative dispute resolution procedures, as this would allow Debtors to delay cure proceedings indefinitely.

9. GMSPO PO#45202 – various GM P/N ($343.69)

**WHEREFORE** Niles respectfully requests that this Court find that the amount required to cure the existing defaults under the Executory Contracts is no less than $63,658.98 and any other amount due through the Assumption Effective Date, and deny the Debtors' assumption and assignment of the Executory Contracts unless this cure amount is promptly paid to Niles.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Michael C. Hammer*
James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500
Email: jplemmons@dickinsonwright.com
Email: mhammer@dickinsonwright.com

Attorneys for Niles America Wintech, Inc.

Dated: June 15, 2009

# EXHIBIT A

"Jay Hohauser" <jhohauser@nilesamerica.com>

06/12/2009 09:52 AM

To: <changmin.lee@gm.com>

cc: <vishwas.deshpande@gm.com>, "Takao Igarashi" <tigarashi@nilesamerica.com>, "Yasuo Yoshida NAWT" <yyoshida@wtniles.com>

Subject: Niles Status

Good morning Changmin,

To follow up from our discussions this week, kindly find below status from our activities.

**1. TA** – we signed and submitted to you on Wednesday (6/10; prior to 5PM cut-off) and re-submitted to suppliercallcenter.com as instructed from today's SBM; please let us know the status of our submission. If approved, can we assume that the amount in EDacor will be paid on next MNS-2 payment (July 2).

**2. EDacor** – Today (6/12) this amount has increased May deliveries (GMSPO only), and the total amount has increased from $14,265.86 to $22,740.53.

**3. Assignment of contract** – as of this morning, we still have not received Garden City Group's letter regarding the assumption notice, ID and password to GM's website. I have placed two (2) calls to the call center and summarize below:
1) ID# 2009.3541
a) on 6/8 informed call center that we did not receive 6/5 cure notice letter regarding this issue
b) had follow up from GM Command Center instructing me to follow up with Garden City Group to request re-sending 6/5 cure notice letter to my attention/address
c) contacted Garden City Group and was instructed to submit email request
d) submitted email request (on 6/9; you were cc'd) and received message on 6/10 to follow up with GM call center
2) ID# 2009.4052

1

      a) on 6/10 informed call center of above issue
      b) instructed/requested call center to resend 6/5 cure notice letter to my address (again)
3) Future remedy; kindly advise

**4. May/pre-petition claim** – since we have no access to GM system to review cure amount and with above noted EDacor amount ($22,740.53), we still have other May invoices totaling $63,825.93 ($63,116.51 for GMNAO; $709.42 for GMSPO). We will need some clarity and joint understanding of this difference and resolution as it appears that we will need to file a cure objection by Monday (6/15).

I will follow up with you shortly to discuss; many thank in advance for your continued support and cooperation.

Best regards,
Jay Hohauser
Niles America Michigan, Inc.
248.765.6162 mobile

2