Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Ph: (616) 752-2185
Fax: (616) 222-2185
gtoering@wnj.com
Attorneys for Newkirk Electric & Associates, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al.*,

Debtors.

-------------------------------------------------------- x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**LIMITED OBJECTION OF NEWKIRK ELECTRIC & ASSOCIATES, INC. TO THE DEBTORS' NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

Newkirk Electric & Associates, Inc. ("Newkirk"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) ("Sale Motion") and the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases

of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption") dated June 5, 2009, as sent by first class mail to Newkirk but not filed with the Court.

In support of its Objection, Newkirk respectfully states:

## BACKGROUND

1. On June 1, 2009, Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

2. On June 1, 2009, Debtors filed their Sale Motion.

3. In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of its assets to Vehicle Acquisitions Holdings LLC, a purchaser sponsored by the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, like the one at issue in this Objection.

4. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5. On or about June 5, 2009, the Debtors' sent the Notice of Assumption to Newkirk by first-class mail listing the contracts to be assumed or assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume the agreements between Debtors and Newkirk (the "Assumed Contracts"). On their Contract Website, the Debtors do not list a cure amount for the Assumed Contracts – no dollar amount is listed, not even "$0.00." Newkirk is unsure of what to make of this as there are substantial amounts owing under the Assumed

2

Contracts. Perhaps Debtors believe there is a positive cure amount, but are uncertain of what that amount is. Out of an abundance of caution, Newkirk assumes the proposed cure amount could be as low as $0.00 (the "Proposed Cure Amount") for purposes of this Objection. As explained below, the Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts.

6. Accordingly, Newkirk objects as follows:

**OBJECTIONS**

7. Newkirk objects to the Sale Motion and Notice of Assumption on the following grounds:

 a. The Proposed Cure Amount is substantially less than the amount that is owed under the Assumed Contracts. The correct amount owing under the Assumed Contracts is $45,869.10, and is set forth in the attached **Exhibit A** (the "Correct Cure Amount").[1] The Correct Cure Amount represents retainage still owing by the Debtors.

 b. In addition to the Correct Cure Amount set forth subparagraph (a) above, under Section 365(b) the Debtors must cure all defaults existing as of the time of assumption.

 c. In the event that the purchaser is an entity other than the Purchaser defined in the Assignment Notice, Newkirk requests that the Debtors provide it with proof of adequate assurance that such alternative purchaser will perform the Debtors' obligations under the Assumed Contracts, including paying Newkirk the holdback amounts. The contracts cannot be assumed or assigned without an adequate assurance of future

---

[1] This amount remains subject to Newkirk's continuing review and reconciliation and is subject to change. In the event the Debtors or other parties in interest require additional information about the Correct Cure Amount, that information can be provided upon request to the undersigned counsel.

3

performance by the debtor.  11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.,* 14 B.R. 529 (S.D.N.Y. 1981).

8.   Newkirk reserves its right to amend this Objection to include any additional facts, including updated Cure Amounts, as may be determined by its further investigation.

9.   Any reply to this Objection should be served upon Gordon Toering at the address listed below.

## MEMORANDUM OF LAW

10.   The legal bases of Newkirk's Objection are incorporated above.  Therefore, Newkirk respectfully requests that this Court deem it satisfactory, or in the alternative, waives any further requirement of the filing of a separate memorandum of law in support.

## RESERVATION OF RIGHTS

11.   Newkirk hereby reserves the right to amend, supplement or modify this Objection as necessary and proper, and to raise any additional objections to any proposed assumption and assignment of Newkirk's Assumable Executory Contract and the proposed Cure Amounts related thereto.

## CONCLUSION

WHEREFORE, Newkirk respectfully requests that this Court enter an Order (1) requiring the Debtors to amend its Proposed Cure Amounts to comply with Section 365 and to pay the Correct Cure Amount plus any additional amounts owing, (2) preserving Newkirk's right to object to the Cure Amount, and (3) providing Newkirk with such other relief as appropriate.

| | |
|---|---|
| Dated:  June 15, 2009 | /s/ Gordon J. Toering<br>Gordon J. Toering (P46409)<br>WARNER NORCROSS & JUDD LLP<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, Michigan 49503<br>Telephone:  (616) 752-2185<br>Fax:  (616) 222-2185<br>Email:  gtoering@wnj.com<br>Attorneys for Newkirk Electric & Associates, Inc. |

1677532