DICONZA LAW, P.C.
630 Third Avenue, 7th Floor
New York, New York 10017
Gerard DiConza
Tel: (212) 682-4940
Fax: (212) 682-4942

*Bankruptcy Counsel for North American Acquisition Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                              Chapter 11

GENERAL MOTORS CORP., *et al.*,                     Case No. 09-50026 (REG)
                                                    (Jointly Administered)
                                    Debtors.
------------------------------------------------------------------x

LIMITED OBJECTION OF NORTH AMERICAN ACQUISITION CORPORATION
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

North American Acquisition Corporation d/b/a AMTEC Precision Products ("**AMTEC**"), by and through its bankruptcy counsel, DiConza Law, P.C., hereby submits this Limited Objection (the "**Limited Objection**") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "**Notice of Intent**"), served upon AMTEC by the above-captioned debtors and debtors in possession (the "**Debtors**") pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and

Approving Form of Notice [Docket Entry No. 274] (the "**Bidding Procedures Order**"), and respectfully represents as follows:

## BACKGROUND

1. On June 1, 2009 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (as amended, the "**Bankruptcy Code**").

2. On the Petition Date, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket Entry No. 92] (the "**Motion**"). On the Petition Date, the Court entered the Bid Procedures Order, thereby establishing the procedures for assumption and assignment of the Debtors' contracts.

3. On June 10, 2009 AMTEC received a copy of the Notice of Intent, which is dated June 5, 2009. Pursuant to paragraph 7 of the Notice of Intent, objections by non-debtor counterparties to one or more assumable executory contracts, must be asserted within ten (10) days after the date of the Notice of Intent.

4. The website provided by Debtors in the Notice of Intent states that the aggregate amount necessary to cure all existing defaults for Assumable Executory Contracts with

2

various entities[1] under the Vendor ID for AMTEC, within the meaning of section 365 of the Bankruptcy Code is $58,731.33 (the "**Debtors' Proposed Cure Amount**").

## LIMITED OBJECTION

5. AMTEC submits its Limited Objection on the grounds that (a) it is owed an amount greater than the Debtors' Proposed Cure Amount and thus the cure amount is insufficient to cure all existing defaults within the meaning of section 365 of the Bankruptcy Code and (b) the Debtors' Proposed Cure Amount does not include Debtors' post-petition obligations to AMTEC in furtherance of AMTEC's ongoing obligations to, and performance for the Debtors.

6. The Debtors' Proposed Cure Amount does not include certain invoices for shipments to a plant in Baltimore, Maryland summarized on the attached **Exhibit A** (the "**Omitted Domestic Shipment Invoices**"). AMTEC attempted to determine why the invoices were ommitted by calling the help line number provided by Debtors. Because the invoices were for shipments to a single plant, AMTEC sought to determine if the receiving plant was owned by a non-filing subsidiary of Debtors. The help line was unable to provide an answer.

7. In addition, the Debtors' Proposed Cure Amount does not include certain invoices totaling $28,348.23 for shipments to a plant in Mexico. These invoices are summarized on the attached **Exhibit B** (the "**Omitted Mexico Shipment Invoices**"). AMTEC was advised by Debtors through its help line that shipments to Mexico would have been to a non-debtor subsidiary. Although AMTEC believe the response likely to be correct, due to the inclusion of

---

[1] According to the website provided by the Debtors, the Assumable Executory Contracts identified by Debtors as being subject to the Notice of Intent include certain contracts with the following Non-Debtor Counterparties: AMTEC Precision Products Inc., North American Acquisition Corp., AMTEC Precision Products, AMTEC Precision Prod Corp., and North American Fund II LP. For purposes of this Limited Objection, the term "AMTEC" includes each of these above-mentioned Non-Debtor Counterparties.

3

certain subtractions related to the same location (described below), the objection to exclusion is preserved here since AMTEC has no ability to independently confirm the response.

8. Additionally, the Debtors' website shows that Debtors subtracted four separate amounts totalling $23,381.07 from the total amount owed to AMTEC in reaching the Debtors' Proposed Cure Amount (the "**Subtractions**"). These Subtractions are summarized on **Exhibit C**. AMTEC has sought an explanation of the Subtractions from Debtors.

9. As to the three smaller Subtractions, those appear to relate to shipments made to what Debtors help line representative advised AMTEC is a non-debtor Mexico subsidiary. AMTEC objects to the inclusion of these Subtractions on the grounds that if the Omitted Mexico Shipment Invoices are properly excluded, then the Subtractions related to these shipments must also be excluded from the computation of the cure amount.

10. As to the largest of the Subtractions, AMTEC has been advised by Debtors that it is a charge back by the same plant to which AMTEC made the deliveries related to the Omitted Invoices. Simply, if the Omitted Invoices are properly excluded by Debtors as applying to a non-debtor subsidiary then this Subtraction must also be removed from the cure cost calculation on the same basis.

11. AMTEC is filing this Limited Objection so as to comply with the Notice of Intent, Bid Procedures Order and the Motion and reserves its rights thereunder, but AMTEC is simultaneously engaged in business-to-business discussions with the Debtors in an effort to reconcile the cure amount differences.

12. AMTEC reserves the right to amend and/or supplement this objection.

WHEREFORE, AMTEC respectfully requests that the Court enter an Order: (i) sustaining AMTEC's objections as raised herein and denying the Motion to the extent payment to

AMTEC is an amount less than the cure amount required under section 365 of the Bankruptcy Code and (ii) for all other and further relief that is just and proper.

Dated: New York, New York
      June 15, 2009

Respectfully submitted,

DICONZA LAW, P.C.

By:  /s/ Gerard DiConza
      Gerard DiConza
      630 Third Avenue, 7th Floor
      New York, New York 10017
      Tel: (212) 682-4940
      Fax: (212) 682-4942

*Attorneys for North American Acquisition Corporation*

# EXHIBIT A

## OMITTED DOMESTIC SHIPMENT INVOICES FROM DEBTORS' CURE COST CALCULATION

| 316626 | GMPT- BALTIMORE | | |
|---|---|---|---|
| **Invoice #** | **DT** | **PO#** | **Amount$** |
| 80949 | 1/9/2009 | 700128 | 2,039.40 |
| DM10425012 | 4/22/2009 | | 1,874.10 |
| 82074 | 4/29/2009 | 700128 | 3,111.76 |
| 82075 | 4/29/2009 | 700128 | 1,130.01 |
| 82076 | 4/29/2009 | 700128 | 1,057.34 |
| 82077 | 4/29/2009 | 700128 | 1,185.84 |
| 82078 | 4/29/2009 | 700352 | 1,539.39 |
| TOTAL | | | 11,937.84 |

The amount of $1,874.10 represents a deduction taken from the 4/20/2009 payment.

# EXHIBIT B

## OMITTED MEXICO SHIPMENT INVOICES
## FROM DEBTORS' CURE COST CALCULATION

**316627**     **GM de Mexico S.de R.L. de C.V.**

| Invoice# | DT | PO# | Amount$ |
|---|---|---|---|
| 82012 | 4/23/2009 | 2BLX0000 | 402.12 |
| 82044 | 4/27/2009 | 2BLX0000 | 577.20 |
| 82055 | 4/28/2009 | 2BLX0000 | 432.90 |
| 82068 | 4/29/2009 | 2BLX0000 | 1,015.87 |
| 82091 | 4/30/2009 | 2BLX0000 | 1,316.02 |
| 82112 | 5/4/2009 | 2BLX0000 | 1,169.79 |
| 82137 | 5/6/2009 | 2BLX0000 | 1,354.50 |
| 82138 | 5/7/2009 | 2BLX0000 | 2,031.74 |
| 82139 | 5/7/2009 | 2BLX0000 | 1,015.87 |
| 82156 | 5/8/2009 | 2BLX0000 | 1,862.43 |
| 82175 | 5/11/2009 | 2BLX0000 | 2,370.37 |
| 82191 | 5/12/2009 | 2BLX0000 | 2,370.37 |
| 82205 | 5/13/2009 | 2BLX0000 | 1,862.43 |
| 82220 | 5/14/2009 | 2BLX0000 | 507.94 |
| 82240 | 5/15/2009 | 2BLX0000 | 577.20 |
| 82272 | 5/19/2009 | 2BLX0000 | 2,370.37 |
| 82299 | 5/21/2009 | 2BLX0000 | 2,370.37 |
| 82334 | 5/26/2009 | 2BLX0000 | 1,693.12 |
| 82347 | 5/27/2009 | 2BLX0000 | 677.25 |
| 82383 | 6/1/2009 | 2BLX0000 | 2,370.37 |

**316627**     **GM de Mexico S.de R.L. de C.V.**

                                              **28,348.23**

# EXHIBIT C

## DEBTORS' CURE COST SUBTRACTIONS

| Remit DUNS | PO Number | BOL | Document Date | Due Date | Amount |
|---|---|---|---|---|---|
| RD928781269 | PROCOSTRECV | 135059 | 4/16/2009 | STAYED | ($21,500.00) |
| RD928781269 | | PL082112 | 5/4/2009 | STAYED | ($829.11) |
| RD928781269 | | 5872902 | 5/6/2009 | STAYED | ($500.00) |
| RD928781269 | | pl082139 | 5/7/2009 | STAYED | ($551.96) |