Hearing Date: TBD

Stephen J. Shimshak
Philip A. Weintraub
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  212-373-3000
Facsimile:   212-757-3990

Attorneys for Ryder Integrated Logistics, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
In re                                :  Chapter 11
                                     :
                                     :  Case No. 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,:
                                     :  (Jointly Administered)
                                     :
                          Debtors.   :
------------------------------------ x

# RYDER'S OBJECTION TO DEBTORS' PROPOSED CURE AMOUNTS

Ryder Integrated Logistics, Inc. ("Ryder") by and through their undersigned counsel, hereby object (the "Objection") to the proposed cure amounts scheduled in connection with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated June 5, 2009 (the "Cure Notice").

**Preliminary Statement**

1. In the Cure Notice, the Debtors have scheduled certain cure amounts that it intends to pay Ryder to assume and assign certain agreements that the Debtors have with Ryder (the "Proposed Cure Amounts").  While Ryder does not object, in principle,

to the assumption and assignment of such agreements as part of the proposed transaction under section 363 of the Bankruptcy Code (the "363 Transaction"), Ryder has determined that the Proposed Cure Amounts likely do not match the Debtors' unpaid obligations owed to Ryder under the identified agreements. Thus the Proposed Cure Amounts do not qualify as "cure," sufficient to enable the Debtors to assume and assign such agreements under section 365. Furthermore, the Debtors have misidentified and miscategorized many of the agreements and it appears as though the Debtors did not include all of the agreements that encompass the complex contractual relationship between Ryder and the Debtors.

**Factual Background**

2.     On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

3.     Before the Petition Date, Ryder and the Debtors entered into several contracts for Ryder to provide essential logistics management support to the inbound logistics network vital to the Debtors' operations (the "Agreements"). Under the Agreements, Ryder engineers and monitors plans for the movement of parts and other materials to and from all General Motors manufacturing sites, certain logistics centers and aftermarket centers and also delivers parts to dealerships.

4.     On June 2, 2009, this Court entered an order [Docket No. 274], approving, among other things, the Debtors' Assumption and Assignment Procedures that establish a process for, among other things, (a) determining the amounts necessary to cure defaults under those contracts designated for assumption and assignment by the Debtors in connection with the 363 Transaction, and (b) providing individualized notice to the

counterparties to such contracts of the potential assumption and assignment and the proposed cure amounts.

5. On or about June 5, 2009 the Debtors purportedly served the Cure Notice on Ryder, pursuant to which the Debtors have identified the Agreements for assumption and assignment in connection with the proposed 363 Transaction. The Cure Notice contains a password protected website address (the "Cure Website") which lists those of the Agreements the Debtors may ultimately assume and assign and the Proposed Cure Amounts due to Ryder under the Agreements as part of assumption. This Cure Website has scheduled an aggregate Proposed Cure Amount of $1,387,280.94, which includes the Proposed Cure Amounts for over thirty Agreements.

### Objections

A. The Debtors served the Cure Notice to a remote Ryder warehouse, and as a result of this deficient notice, Ryder's management only recently became aware of the Cure Notice. Ryder continues to evaluate the information on the Cure Website; at present Ryder cannot confirm all of the Debtors' characterizations of the Agreements found there. Preliminarily though, Ryder believes that the Debtors have misidentified and mischaracterized many of the Agreements scheduled on the Cure Website and the Cure Website does not include all of the known agreements between the Debtors and Ryder. In addition, Ryder has determined that many of the Proposed Cure Amounts likely fall short of the amounts due to Ryder under the Agreements. Ryder estimates that the aggregate cure amount that the Debtors must pay Ryder to assume and assign the Agreements pursuant to Bankruptcy Code section 365 is not less than the sum of (i)

3

$24,561,136.11, for those Agreements to be paid in U.S. dollars, and (ii) C$8,942,676.39, for those Agreements to be paid in Canadian dollars (the total sum of which, the "Estimated Cure Amount"), which includes both pre- and post-petition unpaid amounts due. Due to the inaccuracies on the Cure Website, the Estimated Cure Amount includes cure amounts for all known agreements between the Debtors and Ryder. Ryder has calculated the Estimated Cure Amount in this fashion out of an abundance of caution because the inaccuracies on the Cure Website have made it nearly impossible for Ryder to determine which of the many agreements that make up the complicated contractual relationship between the Debtors and Ryder are being identified for possible assumption and assignment.

B.      Given the deficiencies in the Debtors' Cure Notice and the limited time available for Ryder to respond to the Cure Notice, Ryder reserves its right to amend this Objection to include additional cure amounts and to raise any other objections to the Cure Notice and the other cure procedures.

C.      Section 365 of the Bankruptcy Code requires the Debtors to cure all defaults, or provide adequate assurance that it will cure such defaults, as a condition to assuming and assigning the Agreements. *See,* e.*g., In re Genuity Inc.*, 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) ("Code § 365 clearly and plainly states that in order to assume a contract, a debtor is *required* to first cure all defaults, or provide adequate assurance that it will cure such defaults.") (emphasis in original) (citing *Adventure Resources, Inc.* v. *Holland*, 137 F.3d 786, 798 (4th Cir. 1997) (when debtor assumed contract, "it undertook a legal obligation to cure existing defaults under that agreement, including any

4

arrears.")). Without a separate agreement between the parties, assumption and assignment of the Agreements as part of the proposed 363 Transaction require the Debtors to pay the Estimated Cure Amounts owed to Ryder.

## **Relief Requested**

Based upon the foregoing, Ryder requests that this Court (i) require the Debtors to pay the Estimated Cure Amounts, and (ii) grant Ryder such other and further relief this Court deems just and proper.

Dated: New York, New York    PAUL, WEISS, RIFKIND, WHARTON &
       June 15, 2009                   GARRISON LLP

By:    /s/ Stephen J. Shimshak

Stephen J. Shimshak
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990

Attorneys for Ryder Integrated Logistics Inc.