DECHERT LLP
James O. Moore
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

    -and-

Juliet Sarkessian
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania  19104
Telephone:  (215) 994-4000
Facsimile: (215) 994-2222

*Counsel for CDI Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|  |  |
|---|---|
| In re | : Chapter 11 |
| GENERAL MOTORS CORP., *et al*., | : Case No. 09-50026 (REG) |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**LIMITED OBJECTION OF CDI CORPORATION TO (A) MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) <u>CURE AMOUNTS RELATED THERETO</u>**

CDI Corporation, a creditor and party-in-interest in these cases, submits this limited objection

(the "<u>Limited Objection</u>") to (A) Motion Of Debtors And Debtors-In-Possession Pursuant To

Sections 105, 363 And 365 Of The Bankruptcy Code And Bankruptcy Rules 2002, 6004 And 6006 For An Order Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases (the "Motion") and (B) the Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (II) Cure Amounts Related Thereto (the "Notice"). In support of the Limited Objection, by and through their undersigned counsel, CDI Corporation states:

1. The Debtors are parties to one or more supply agreements with CDI Corporation (the "CDI Executory Contracts").

2. By the Notice, dated June 5, 2009, the Debtors informed CDI Corporation of their intent to assume and assign the CDI Executory Contracts. Pursuant to the sale procedures order entered by the Court on June 2, 2009 (Docket No. 274), the Notice provided CDI Corporation with a user number and password allowing it to access a "Contract Website," which contains a listing of Assumable Executory Contracts as well as cure amounts. On the website, the CDI Executory Contracts are listed with a total cure amount of $115,682.54.

3. CDI Corporation objects to the Motion and the Notice on the basis that the cure amount identified by the Debtors to assume the CDI Executory Contracts is incorrect. As evidenced by the spreadsheet attached hereto as **Exhibit A**, CDI Corporation is owed $168,427.39 for invoices issued pre-petition, $60,903.00 for pre-petition work not yet invoiced, and approximately $20,325.75 in post-petition amounts through June 7, 2009.[1] Those amounts,

---

[1] Information regarding amounts due after June 7, 2009 is not yet available. CDI Corporation reserves its right to seek cure of all amounts owed pre- and post-petition.

totaling approximately $249,656.14, plus any additional amounts accrued subsequent to June 7, 2009, must be paid to CDI Corporation in order to cure the Debtors' obligations under the CDI Executory Contracts, as required by section 365(b)(1) of the Bankruptcy Code. See 11 U.S.C. § 365(b)(1).

4. CDI Corporation objects to the Debtors' Notice to the extent it limits the proposed cure amount to such amounts that were in default as of the Petition Date, not the date the CDI Executory Contracts will actually be assumed by the Debtors.

5. To assume an executory contract, a debtor must cure both pre-petition and post-petition amounts in their entirety. In re Stoltz, 315 F. 3d 80, 86, 94 (2d Cir. 2002); 3 COLLIER ON BANKRUPTCY, ¶ 365.05[2] (15th ed. rev. 2008). In addition, a debtor must provide adequate assurance of future performance. In re Bronx-Westchester Mack Corp., 4 B.R. 730, 734 (Bankr. S.D.N.Y. 1980)); see also 11 U.S.C. § 365(b)(1). The Debtors have failed to satisfy these basic standards by not properly identifying the amount owed to CDI Corporation under the CDI Executory Contracts.

6. CDI Corporation and its related entities reserve all rights as to claims against non-debtors and as to all post-petition claims and all other rights and remedies, including, without limitation, all unpaid amounts that become due post-petition under all contracts to be assumed.

[*The remainder of this page is intentionally left blank.*]

WHEREFORE, CDI Corporation respectfully requests that (a) its Limited Objection be sustained in its entirety, (b) the Motion be denied to the extent it requests relief inconsistent with this Limited Objection, and (c) CDI Corporation be provided with such other and further relief as is appropriate.

Dated: June 15, 2009
New York, New York

Respectfully submitted,

/s/ James O. Moore
James O. Moore
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
james.moore@dechert.com

-and-

Juliet Sarkessian
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
juliet.sarkessian@dechert.com

*Counsel for CDI Corporation*

15120335.2