**KELLEY DRYE & WARREN LLP**
Talat Ansari, Esq.
Benjamin D. Feder, Esq.
Jordan A. Bergman, Esq.
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

*Attorneys for Tata America International Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
|  | (Jointly Administered) |
| Debtors. |  |

**OBJECTION OF TATA AMERICA INTERNATIONAL CORPORATION TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNT**

Tata America International Corporation ("Tata"), by its undersigned attorneys, hereby submits this objection (the "Objection") to the proposed cure amount of General Motors Corp. (the "Debtor") required to be paid to Tata in connection with the assumption and assignment of an executory contract between Tata and the Debtor. In support of this Objection, Tata states as follows:

1. On June 1, 2009 (the "Petition Date"), the Debtor and certain affiliated entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      The Debtors and its debtor affiliates remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      Tata is a service provider to the Debtor pursuant to the blanket purchase orders TCB08713, dated December 10, 2008, and TCB06498, dated August 14, 2008 (collectively, the "Tata Contract").

4.      On or about June 2, 2009, the Court entered an order authorizing procedures for determining, among other things, the assumption and assignment of executory contracts that may be assumed by the Debtor and the pre-petition cure amounts for each of these contracts (the "Sale Procedures Order") [Docket No. 274].

5.      On June 5, 2009, the Debtor sent a notice to Tata (the "Cure Notice"), which was received by Tata on June 10, 2009, indicating that the Tata Contract may be assumed by the Debtor and assigned to a third-party purchaser. The Cure Notice indicates that the Debtor believes the aggregate cure amount as of the Petition Date for the Tata Contract is $1,050,444.40 (the "Debtor Cure Amount"). A summary of the Debtor Cure Amount is attached hereto as Exhibit A.

6.      Tata contests the Cure Amount and asserts that as of the Petition Date, the amount necessary to cure all defaults under the Tata Contract is $1,593,378.40 (the "Tata Cure Amount"). The reason for the discrepancy between the Debtor Cure Amount and the Tata Cure Amount is that the Debtor failed to account for and include in the Cure Notice amounts owed for services rendered by Tata in May 2009. True and correct copies of the May 2009 invoices are attached hereto as Exhibit B.

7.     Further, Tata continues to provide services to the Debtor subsequent to the Petition Date that are not reflected in the Tata Cure Amount. Tata reserves its right to payment for the provision of such post-Petition Date services.

8.     Pursuant to the Sale Procedures Order, Tata files this Objection to reserve its rights to the Tata Cure Amount, plus any subsequent unpaid amounts due and owing as of the date the Tata Contract is assumed.

WHEREFORE, Tata seeks an order sustaining its Objection and reserving its rights in connection with any amounts listed under the Cure Notice and the Sale Procedures Order.

Dated: New York, New York
       June 15, 2009

**KELLEY DRYE & WARREN LLP**

By: */s/ Banjamin D. Feder*
    Talat Ansari, Esq.
    Benjamin D. Feder, Esq.
    Jordan A. Bergman, Esq.
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Tata America International Corporation*

3

## CERTIFICATE OF SERVICE

I, Jordan A. Bergman hereby certify that on June 15, 2009, a true and correct copy of the Objection of Tata America International Corporation to the Debtors' Notice of Assumption and Assignment and Proposed Cure Amount was filed via this Court's CM/ECF system and served on June 15, 2009 on those parties listed on the annexed schedule via U.S. Mail.

/s/ Jordan A. Bergman
Jordan A. Bergman

| | |
|---|---|
| General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025<br>Attn: Warren Command Center<br>Mailcode 480-206-114 | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq. |
| U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220<br>Attn: Matthew Feldman, Esq. | Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br>Attn: John J. Rapisardi, Esq. |
| Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>Attn: Michael J. Edelman, Esq.<br>Michael L. Schein, Esq. | Office of United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, New York 10004<br>Attn: Diana G. Adams, Esq. |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn: Gordon Z. Novod, Esq. | |