Paul J. Ricotta, Esq. (PR-6002)
MINTZ LEVIN COHN FERRIS
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorney for:
    Hitachi, Ltd. Automotive Systems
    Hitachi Automotive Products (USA), Inc.
    Tokico (USA) Inc.
    Hitachi Cable Indiana, Inc.
    HC Queretaro SA de CV

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11 Case No.** |
| **GENERAL MOTORS CORPORATION et al.,** : | |
| : | **09-50026-REG** |
| **Debtors.** : | **(Jointly Administered)** |

---------------------------------------------------------------x

**LIMITED OBJECTION OF HITACHI, LTD. TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS
<u>RELATED THERETO</u>**

Hitachi, Ltd. ("<u>Hitachi</u>"), by and through its undersigned counsel, hereby objects on a limited basis (the "<u>Limited Objection</u>") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "<u>Assignment Notice</u>") filed by the above-captioned debtors and debtors-in-possession (the "<u>Debtor</u>"). In support of this Limited Objection, Hitachi hereby states as follows:

**Background**

1.     On June 1, 2009, the Debtor filed its sale motion [Docket No. 92] seeking entry of an order approving (a) the sale of a substantial portion of its assets to Vehicle Acquisition Holdings, LLC (the "Purchaser") pursuant to a Master Sale and Purchase Agreement; (b) the assumption and assignment of certain executory contracts and unexpired leases in connection with such sale, and (c) certain related relief.  On June 2, 2009, the Court entered an order approving certain procedures governing the sale process (the "Sale Procedures Order") [Docket No. 274].  The Sale Procedures Order, among other things, sets forth the procedures governing the assumption and assignment of certain executory contracts and unexpired leases in connection with the sale of the Debtor's assets to the Purchaser.

2.     Pursuant to the Sale Procedures Order, on or about June 5, 2009, the Debtor served Hitachi with the Assignment Notice.  The Assignment Notice states that the Debtor seeks to assume its contracts with Hitachi (the "Hitachi Contracts") and assign them to the Purchaser.  The Assignment Notice further provides a web address, user identification number, and password for a secure website (the "Contract Website") where Hitachi can view the list of Hitachi Contracts as well as the cure amount proposed to be paid by the Debtor (the "Cure Amount").

3.     Hitachi does not object to the sale of the Debtor's assets to the Purchaser, nor does it object to the assumption of the Hitachi Contracts and assignment thereof to the Purchaser.  Hitachi does have a limited objection to the extent that: (i) the information contained on the Contract Website is constantly changing and has not stabilized, therefore making it impossible for Hitachi to accurately reconcile the Cure Amount or

know the exact Cure Amount that the Debtor is proposing to pay on account of the assumption and assignment of the Hitachi Contracts to the Purchaser; (ii) the Cure Amount listed on the Contract Website as of the date of this Objection is inaccurate; and (iii) the Website lists contracts between Hitachi and non-debtor entities that cannot be assumed and assigned as part of this bankruptcy proceeding.

### Information on Contract Website Is Not Stabilized

4.     The information contained on the Contract Website appears to have changed on a number of occasions since the issuance of the Assignment Notice, without notification to Hitachi.  Specifically, the Cure Amount for the Hitachi Contracts has changed a number of times, including in the last few days, since the issuance of the Assignment Notice.  The Hitachi Contracts consist of dozens and, in some cases, hundreds of individual purchase orders and shipments that need to be reconciled in order to determine if the single, gross number listed on the Contract Website as the "Cure Amount" is accurate and complete.  Despite Hitachi's best efforts and the devotion of very significant resources and a veritable team of personnel to the task since the moment that the Contract Website was made available to Hitachi, Hitachi cannot be reasonably expected to respond definitively to the Debtor's proposed Cure Amount by June 15, 2009 if the Debtor is unable to stabilize the information and amounts contained on the Contract Website and provide a reasonable period for Hitachi to verify such information.  Once such information, including without limitation the Cure Amount, is stabilized Hitachi will be able to respond with respect to any objections it may have with respect to assumption and assignment of the Hitachi Contracts within a reasonable period of time thereafter.

**Contract Website Contains Incorrect Cure Amount**

5. In addition to the fact that it is currently unclear whether or not the Cure Amount listed on the Contract Website is the final Cure Amount claimed by the Debtor with respect to the Hitachi Contracts, the Cure Amount listed on the Contract Website as of the date of this Limited Objection with respect to Hitachi is inaccurate. In fact, the Cure Amount listed on the Contract Website and the amount listed on the Debtor's own accounts payable system, known as e-Dacor, are internally inconsistent with respect to the prepetition accounts payable that should be the Cure Amount to be paid when the Hitachi Contracts are assumed and assigned to the Purchaser. Pursuant to Section 365(b) of the Bankruptcy Code and the Sale Procedures Order, Hitachi is entitled to be paid the correct cure amount as a condition of the assumption and assignment of the Hitachi Contracts.

**Contract Website Lists Contracts with Non-Debtors**

6. The Contract Website lists certain contracts and shipments as part of the Hitachi Contracts in which the parties to the agreements are Hitachi and either General Motors of Canada, Ltd. ("GM Canada") or GM de Mexico S. de R.L. de C.V. ("GM Mexico"). Neither GM Canada nor GM Mexico is a debtor in this bankruptcy proceeding. Therefore, under Section 365 of the Bankruptcy Code, neither of those entities has the power to assume or assign their contracts with Hitachi, and such contracts should not be included in the Hitachi Contracts listed on the Contract Website.

**WHEREFORE**, Hitachi respectfully requests that the Court condition the assumption and assignment of the Hitachi Contracts to the Purchaser upon:

a. Payment of the correct Cure Amount;

b. Exclusion from the Hitachi Contracts to be assumed and assigned to the Purchaser any contracts between Hitachi and a non-debtor; and

c. Such other and further relief as the Court deems just and proper.

DATED: June 15, 2009

                                              */s/ Paul J. Ricotta*
                                              Paul J. Ricotta (PR-6002)
                                              Mintz, Levin, Cohn, Ferris,
                                                 Glovsky and Popeo, P.C.
                                              One Financial Center
                                              Boston, MA 02111
                                              (617) 542-6000 (tel.)
                                              (617) 542-2241 (fax)

4640804v.1