Response Due Date: June 15, 2009

Elizabeth A. Haas, Esq.
The Haas Law Firm
254 S. Main Street, Suite 210
New City, N.Y. 10956-3363
845-708-0340 (telephone)
866-944-9993 (facsimile)
ehaas@thehaaslawfirm.com

Counsel for Compagnie de Saint-Gobain

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                           :   Chapter 11
                                                :
GENERAL MOTORS CORP., *et al.*,                 :   Case No. 09-50026 (REG)
                                                :
Debtors.                                        :   (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF COMPAGNIE DE SAINT-GOBAIN TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

NOW COMES Compagnie de Saint-Gobain, for itself and on behalf of its various subsidiaries and affiliates (collectively, "Saint-Gobain"), and hereby objects to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto ("Assumption Notice") served by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the Court's Bidding Procedures Order (Docket No. 274). In support of this objection, Saint-Gobain states:

1.      The Debtors are parties to executory contracts with Saint-Gobain.

2. The Debtors have proposed assuming and assigning certain of Saint-Gobain's executor (the "Designated Contracts").

3. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009 (the "Petition Date") and filed their Motion for Entry of an Order Pursuant to 11 U.S.C. §§105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Motion").

4. An order approving the Motion was entered on June 2, 2009 (the "Procedures Order") (ECF No. 274). The Procedures Order approved certain procedures regarding the Debtors' assumption and assignment of executory contracts in connection with the Debtors' proposed sale of assets to Vehicle Acquisition Holdings LLC (the "Purchaser").

5. Pursuant to the Procedures Order, the Debtors delivered an Assumption Notice to Saint Gobain on or about June 10, 2009[1]. The Assumption Notice lists 488 contracts between various Debtors and a number of Saint-Gobain entities.

6. As directed by the Assumption Notice, Saint-Gobain accessed the website http://www.contractnotices.com (the "Website") to determine which contracts were designated for assumption and assignment and the Debtors' proposed cure costs related thereto. The Website, however, contains insufficient information at this time to

---

[1] The Assumption Notice is dated June 5, 2009, however, the Debtors did not serve the Assumption Notice upon Saint-Gobain until June 10, 2009.

{Practice Areas\CORP\13706\01036\A1430814.DOC}

allow Saint-Gobain to determine what contracts are to be assumed, whether the contracts are subject to assumption, and whether the Debtors' proposed cure amounts are correct.

7. The Procedures Order requires that all objections related to the Assumption Notice must be received by the notice parties within ten days of the date of the Assumption Notice. Accordingly, Saint-Gobain files this objection to preserve its rights.

8. Saint-Gobain objects to the ambiguity with which its contracts have been identified and the lack of information regarding the proper cure amounts. In addition, Saint-Gobain objects to the extent that the proposed cure amount for any contract does not match the cure amount as reflected in Saint-Gobain's books and records.

9. In addition, it is uncertain whether any or all of the contracts are subject to assumption.

10. Further, some contracts are the subject of disputes between the Debtors and Saint-Gobain. For example, contracts between Saint-Gobain Performance Plastics Corp. and General Motors of Canada NAO Warren South, identified by the Debtors' purchase orders GM47495 and GM57024, are the subject of an ongoing dispute between the parties. Specifically, the vendor asserts that the Debtors failed to provide appropriate pricing under the terms of the contracts. Any such business disputes should be resolved in advance of the assumption of any contract. Saint-Gobain believes that there may be other disputes with some of the Designated Contracts.

11. Saint-Gobain reserves all rights to amend and/or supplement this objection.

**WHEREFORE**, Saint-Gobain respectfully requests that the Court enter an Order denying assumption of the Designated Contracts and granting Saint-Gobain such other and further relief as this Court may deem just and proper.

Respectfully submitted,

COMPAGNIE DE SAINT-GOBAIN
By its counsel:

  /S/ ELIZABETH A. HAAS
ELIZABETH A. HAAS, ESQ.
254 So. Main St., Suite 210
New City, N.Y. 10956-3363
Phone:  (845) 708-0340
Fax:  (866) 944-9992
Email:  info@thehaaslawfirm.com

MIRICK O'CONNELL DeMALLIE & LOUGEE, LLP
PAUL W. CAREY, ESQ.
100 Front Street
Worcester, MA 01608-1477
Phone:  (508) 791-8500
Fax:  (508) 791-8502
Email:  bankrupt@modl.com