James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500

Attorneys for Rhythm North America Corporation and THK Manufacturing of America, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: Chapter 11
In re:                                                      :
: Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                             :
: (Jointly Administered)
                    Debtors.                          :
---------------------------------------------------------------x

**RHYTHM NORTH AMERICA CORPORATION AND THK MANUFACTURING OF AMERICA, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF;
AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      Rhythm North America Corporation and THK Manufacturing of America, Inc. (jointly, "THK"), on behalf of themselves and their subsidiaries, affiliates and related entities, through their attorneys, Dickinson Wright PLLC, state as follows for their Objection:

      1.    On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims,*

1

*Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. § § 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. The secured website provided that Debtors intended to assume certain executory contracts with THK (the "Executory Contracts") and tender a cure amount of $83.420.67 (the "Debtors' Cure Amount") to THK.

6. Although THK does not object to the assumption of the Executory Contracts *per se*, THK objects to the Debtors' Cure Amount.

7. In fact, the amount required to pay the balance of the Executory Contracts and to cure defaults is no less than $142,500.28. It appears that the Debtor's Cure Amount omits the following:

| TMA | THK Manufacturing America DUNS # 043933931 | | |
|---|---|---|---|
| **P.O.** | **INVOICE** | **AMOUNT** | **EXPLANATION** |
| OGDWOOOB | UFO21759 | $39,526.00 | CORVETTE PROGRAM TOOLING |
| OGDWOOO9 | UFO19705 | $15,200.00 | CORVETTE PROGRAM TOOLING |
| TWO924303 | UFO16987 | $2,237.04 | PRICE DISCREPANCY |
| RNA | Rhythm North America DUNS #99350811 | | |
| P.O. | INVOICE | AMOUNT | EXPLANATION |
| GM 41956 | | $2,116.57 | SERVICE PART SHIPMENT |
| TOTAL | | $59,079.61 | |

8. In addition, the cure amount must include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

9. THK objects to the assumption and assignment of the Executory Contracts unless Debtors pay the amount of no less than $142,500.28 as set forth in Sections 7 and 8 above and provide adequate assurance of future performance.[1]

**WHEREFORE** THK respectfully requests that this Court find that the amount required to cure the existing defaults under the Executory Contracts is no less than $142,500.28 as set forth above and deny the Debtors' assumption and assignment of the Executory Contracts unless this cure amount is promptly paid to THK.

---

[1] To the extent Debtors argue that THK's claims are subject to the cure dispute resolution process, THK objects that the Debtors should not have the right to determine unilaterally and without a strict deadline whether a given dispute is subject to alternative dispute resolution procedures, as this would allow Debtors to delay cure proceedings indefinitely.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/   Michael C. Hammer
James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500
Email: jplemmons@dickinsonwright.com
Email: mhammer@dickinsonwright.com

Attorneys for Rhythm North America Corporation and THK Manufacturing of America, Inc.

Dated: June 15, 2009