LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, New York 10022
Telephone: (212) 812-8303
Facsimile: (212) 812-8363
Sarah M. Chen, Esq.
*Attorneys for Praxair, Inc. as agent for Niject Services Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
: 
In re:                                                  : Chapter 11 Case No.
                                                        :
GENERAL MOTORS CORP., *et al*,                          : 09-50026 (REG)
                                                        :
                 Debtors.       : (Jointly Administered)
                                                        :
------------------------------------------------------- x

## LIMITED OBJECTION OF PRAXAIR, INC. AS AGENT FOR NIJECT SERVICES COMPANY TO NOTICE OF DEBTORS' INTENT (I) TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Praxair, Inc. ("**Praxair**") on behalf of and as agent for Niject Services Company ("**Niject**") objects to the Cure Amount set forth as part of the Notice of Debtors' Intent (I) to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts related thereto, dated June 5, 2009 on the grounds set forth below:

1. On June 1, 2009 (the "**Petition Date**"), General Motors Corp., *et al.* ("**Debtors**") filed voluntary petitions for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**").

2. On the Commencement Date, Debtors moved, *inter alia*, for approval to assume certain executory contracts, including and agreement between the Debtor and Niject.

3. In order to assume, Debtors must cure all defaults. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] —
>
> (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default...

4. On or about June 15, 2009, the Praxair Vendors received the Notice (the "**Notice**") of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

5. In accordance with the instructions set forth in the Notice, on June 15, 2009, Praxair on behalf of Niject logged onto a secure website to review the Cure Amount assigned to it. No amount is shown.

6. Neither Niject nor Praxair can agree to a Cure Amount of which it has no notice.

7. Niject reserves all rights under section 365 of the Bankruptcy Code, and objects to the assumption of its agreement with the Debtors unless and until the Debtors perform their obligations of cure and provide adequate assurance of future performance under the Praxair Agreements. Further, Niject does not consent to procedures for the adjudication of its cure claims that are not specifically authorized by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Niject respectfully requests that the Court enter an order finding that the Niject agreement cannot be assumed until the Cure Amount has been determined, and grant Niject such other and further relief as the Court deems equitable.

Date: June 15, 2009

                RESPECTFULLY SUBMITTED,

                Locke Lord Bissell & Liddell LLP

                By:   */s/ Sarah M. Chen*
                Sarah M. Chen
                885 Third Avenue
                Twenty-Sixth Floor
                New York, N.Y. 10022
                Tel: 212-812-8303
                Fax: 212-812-8363

                *Attorneys for Praxair, Inc. and*
                *Praxair Distribution Inc.*