CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal

*Attorneys for The Interpublic Group of Companies, Inc.
and certain of its affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                    :
In re                                               :    Chapter 11
                                                    :
General Motors Corporation, *et al.*,               :    Case No. 09-50026 (REG)
                                                    :
                            Debtors.                :    (Jointly Administered)
------------------------------------------------------------------------ X

### LIMITED OBJECTION OF THE INTERPUBLIC GROUP OF COMPANIES, INC. TO DEBTORS' PROPOSED CURE COSTS

The Interpublic Group of Companies, Inc. on behalf of itself and certain of its affiliates, including but not limited to those listed in Exhibit A hereto (collectively, "IPG"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the proposed notice of assumption and assignment and cure cost in respect of certain of IPG's contracts as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice") and the Contract Website (as defined below), in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and

Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Bidding Procedures Order").[1]

IPG files this Limited Objection to reserve rights with respect to the correct cure amount owed with respect to its executory contracts with the Debtors that will be assumed and assigned. In support of the Limited Objection, IPG respectfully states as follows:[2]

## BACKGROUND

1. IPG provides a range of goods and services to the Debtors, including but not limited to advertising, promotional and marketing services.

2. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered to IPG an Assumption and Assignment Notice dated June 5, 2009, with login information to a secured website with contract reference numbers and cure amounts (the "Contract Website"). The Contract Website indicates that the Debtors intend to assume and assign certain contracts with IPG. As of the date hereof, the Contract Website lists 13 contracts (relating to 947 records) with IPG and a proposed aggregate cure cost of $27,266,298.50 in respect thereof.[3]

4. The Bidding Procedures Order requires that objections to proposed cure costs be filed and served no later than ten days after the date of an Assumption and Assignment

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Bidding Procedures Order.

[2] IPG has been and remains engaged in discussions with the Debtors and is optimistic that a consensual resolution of the issues raised in this Limited Objection may be reached. IPG is filing this Limited Objection in order to preserve its rights in the event that a consensual resolution is not reached with the Debtors.

[3] As of the date hereof, IPG believes it has not received an Assumption and Assignment Notice with respect to all of the contracts identified on the Contract Website. As such, it is unclear whether it has received a Contract Website password with respect to all contracts to be assumed and when the 10-day deadline for filing cure objections commenced. In addition, the Contract Website includes contracts with an entity (Transworld) that is no longer an affiliate of IPG.

2

Notice. See Bidding Procedures Order ¶ 10. As described below, the Contract Website information is incomplete and, as such, IPG has certain limited objections to the relief sought.

**LIMITED OBJECTION**

5.      IPG generally has no objection to the assumption and assignment of its contracts, purchase orders and other agreements with the Debtors, in accordance with the plans set forth in the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing, provided that the correct cure amounts are paid.

6.      However, the information provided to IPG is insufficient for IPG to determine definitively which contracts the Debtors intend to assume and assign. As of the date hereof, the Contract Website contains little information as to the precise identity of the contracts corresponding to each proposed cure amount. In the absence of more information about the listed contracts, IPG is unable to determine definitively which contracts the Debtors intend to assume and assign and the corresponding cure amounts under such contracts. It is the Debtors' burden to provide IPG with the information necessary to allow IPG to ascertain which contracts the Debtors actually intend to assume and to calculate the proposed corresponding cure amounts accurately.

7.      Based on the limited information available on the Contract Website as of the date hereof, IPG believes that the Debtors' proposed cure costs under the currently identified

3

contracts (collectively, the "Tentatively Identified Agreements") are incorrect and do not include all amounts due to IPG under the Tentatively Identified Agreements. Unfortunately, at this time, IPG is unable to determine precisely the cure costs that are due, but believes the actual cure costs relating to the contracts to be assumed and assigned are significantly greater than the amount identified on the Contract Website (such estimated cure costs, the "Estimated Pre-Petition Cure Cost"). IPG has made good faith efforts to identify the correct cure amounts under the Tentatively Identified Agreements; however, given the short notice period and lack of information on the Contract Website, IPG reserves its right to assert additional or different cure amounts related to the Tentatively Identified Agreements. Supporting material providing more detailed information concerning the Estimated Pre-Petition Cure Cost is available upon request.

8.  The Assumption and Assignment Notice contemplates that the Debtors may modify the information on the Contract Website from time to time. See Assumption and Assignment Notice ¶ 13. To the extent that any such modifications are made to the list of IPG contracts and/or the corresponding cure amounts, IPG reserves its right to assert additional cure amounts, all without the need for IPG to (and without prejudice to IPG's right to) file and/or serve amendments or supplements to this Limited Objection.

9.  In addition, IPG believes that the additional unpaid amounts are owed or will in the future be owed by the Debtors to IPG for post-petition goods and services. Under section 365 of the Bankruptcy Code, a debtor must first cure, or provide adequate assurance that it will promptly cure, all defaults incident to any assumed contracts. Here, the Debtors cannot assume or assign IPG's contracts without agreeing to payment of the full amount of the actual cure cost as of the effective date of such assumption and assignment, and IPG reserves its rights to payment of all such post-petition cure amounts in full.

4

10. IPG expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file additional and/or supplemental objections. IPG expressly reserves its rights to payment in full of all post-petition amounts that are currently or may in the future become due.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, IPG respectfully requests that the Court (i) require the Debtors to provide additional information to permit IPG to identify the applicable contracts to be assumed and assigned, (ii) correct the Debtors' proposed cure amounts so that they reflect both pre- and post-petition amounts payable, and (iii) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York

June 15, 2009

        Respectfully submitted,

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By:   /s/ Sean A. O'Neal_____
              Sean A. O'Neal
              Member of the Firm
              One Liberty Plaza
              New York, New York 10006
              Telephone:  (212) 225-2000
              Facsimile:  (212) 225-3999

        *Attorneys for The Interpublic Group of Companies, Inc. and certain of its affiliates*

## EXHIBIT A

### List of IPG Entities

Campbell-Ewald Company
Velocity Retail, Inc (f/k/a CE Communications Inc.)
Deutsch LA, Inc.
Kaleidoscope Sports & Entertainment L.L.C.
(d/b/a General Motors R*Works)
MacLaren McCann Canada Inc.
McCann-Erickson USA, Inc.
McCann-Erickson Marketing, Inc.
Momentum-NA Inc.
Mullen Communications, Inc.
The Works, LLC