Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Phone: (734) 623-7075
Fax: (734) 623-1925

Attorneys for Visteon Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :  Chapter 11
In re:                                                         :
                                                               :  Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                                :
                                                               :  (Jointly Administered)
                              Debtors.                         :
---------------------------------------------------------------x

**VISTEON CORPORATION'S OBJECTION TO DEBTORS' MOTION PURSUANT TO
11 U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002,
6004 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER
SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS,
LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (C) OTHER RELIEF;
AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Visteon Corporation on behalf of itself and its subsidiaries, affiliates and related entities (collectively "Visteon"), through its attorneys, Dickinson Wright PLLC, states as follows for its Objection:

1. On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims,*

*Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2.   On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. § § 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3.   The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4.   On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice").  The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. The secured website provided that Debtors intended to assume certain purchase orders and supply agreements (the "Executory Contracts") and tender a cure amount of $14,512,426.00 (the "Debtors' Cure Amount") to Visteon.[1]

**Contract Objection**

6. Visteon objects to Debtors' attempt to assume the Executory Contracts to the extent Debtors contend or believe that their assumption of the Executory Contracts bars Visteon from rejecting the Executory Contracts in its own bankruptcy proceedings.

7. Visteon is a debtor in Chapter 11 proceedings pending in the United States Bankruptcy Court for Delaware (the "Delaware Bankruptcy Court"). *In re Visteon Corporation*, Case No. 09-11786 (CSS). Visteon therefore has the right to assume or reject the very same Executory Contracts that Debtors are attempting to assume through the Assumption Motion. *See* 11 U.S.C. § 365. Visteon's right to reject the Executory Contracts is dependent solely on Visteon's exercise of sound business judgment. *See, e.g., Computer Sales Int'l, Inc. v. Federal Mogul (In re Federal Mogul Global, Inc.)*, 293 B.R. 124, 127 (D. Del. 2003); *In re Trans World Airlines, Inc.,* 261 B.R. 103, 122-23 & n.7 (D. Del. 2001). Visteon's exercise of its rights under 11 U.S.C. § 365 and all issues related thereto are within the sole jurisdiction of the Delaware Bankruptcy Court. *See* 28 U.S.C. § 157; *Computer Sales,* 293 B.R. at 127; *Trans World Airlines,* 261 B.R. at 122-23. Therefore, the Court should hold that any portions of the Order that might be construed as suggesting or later used to argue that Visteon is barred from rejecting the Executory Contracts in its own Chapter 11 case do not, in fact, bar such action by Visteon. These provisions include Paragraphs 22, 23, 27, and 28 of the Order. (*See, e.g.,* ¶ 28(e) which

---

[1] Visteon agrees that the Debtors' Cure Amount is sufficient to cover all prepetition payables for the ordinary course shipments of component parts. As noted below, however, there are a number of other claims that must be included in any cure payments provided by the Debtors before Debtors are entitled to assume executory contracts with Visteon under 11 U.S.C. § 365.

3

prohibits persons and entities from "commencing or continuing any action …. that does not comply, or is inconsistent with, the provisions of this Order …").

## Cure Objection

8. Assuming Debtors are entitled to assume the Executory Contracts (subject to Visteon's corresponding right to reject those contracts), Visteon objects to the Cure Amount provided by Debtors because it does not include the significant commercial claims that Visteon has against the Debtors, unpaid amounts for tooling, and other commercial claims.

9. Specifically, Visteon possesses claims against the Debtors arising out of a May 1, 2006 Lighting Supply Agreement (the "Lighting Agreement") entered into by the Debtors and Carplastics, S.A. de C.V., one of Visteon's subsidiaries. First, the Debtors breached the Lighting Agreement by failing to honor certain volume commitments. The volume shortfalls for 2007 and 2008 were in excess of $20 million each year. Second, the Debtors breached the Lighting Agreement by failing to award certain programs to Visteon consistent with certain "rights of last refusal" possessed by Visteon under the terms of the Lighting Agreement.

10. In addition to claims arising out of the Lighting Agreement, Visteon has additional commercial claims against the Debtors. All of these commercial claims must be satisfied and paid as a condition of the Debtors' assumption of its executory contracts with Visteon.[2]

11. The cure amount must also include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

**WHEREFORE** Visteon respectfully requests that this Court deny the Debtors' request to assume and assign the Executory Contracts unless (1) it holds that the Debtors' assumption of

4

the Executory Contracts is subject to Visteon's right to assume or reject the Executory Contracts in its own Chapter 11 case and that any provision of the Order that might preclude or interfere with Visteon's rights under § 365 is null and void as to Visteon; and (2) the Court holds that the proper cure amount satisfies all of the claims discussing above, including claims arising out of the Lighting Agreement and other commercial claims, and requires Debtors to tender a cure payment immediately to Visteon.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: __/s/ Michael C. Hammer
Michael C. Hammer (*pro hac vice*)
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Phone: (734) 623-7075
Fax: (734-623-1925
Email: mhammer@dickinsonwright.com

Attorneys for Visteon Corporation

Dated: June 15, 2009

ANNARBOR 26381-286 108083v3

---

Footnote continued from previous page …

[2] Visteon also objects to the Cure Procedures to the extent they allow Debtors alone to determine whether claims are subject to alternative dispute resolution and do not appear to place any time limits on the adjudication of disputes.