**Hearing Date: TBD**

Carey D. Schreiber (CS 3896)
Robert J. Boudreau (RB 1021)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6761
Fax: (212) 294-4700
Email: cschreiber@winston.com
          rboudreau@winston.com

*Counsel for International Automotive Component Group North America Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| In re | ) Chapter 11 ) ) ) Case No.: 09-50026 (REG) ) (Jointly Administered) |
| GENERAL MOTORS CORP., *et al.*, | ) ) ) ) |
| Debtors. | ) |

_____

**LIMITED OBJECTION OF INTERNATIONAL AUTOMOTIVE
COMPONENTS GROUP NORTH AMERICA INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL
<u>REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO</u>**

International Automotive Components Group North America Inc. and certain of its affiliates and subsidiaries (collectively, "IACGNA"), through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009 (the "Assumption and Assignment Notice"), served on

IACGNA by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Sale Procedures Order (Docket No. 274).

**Background**

1. On June 1, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with the Court under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. IACGNA is a party to over 13,700 contracts with the Debtors (as amended, supplemented or otherwise modified from time to time, the "Prepetition Contracts")[1] for, among other things, (i) the supply of automotive components and (ii) the provision of engineering, design and development services and other goods and services in the supply of automotive components to the Debtors.

3. On June 2, 2009, the Court entered the Sale Procedures Order, approving, among other things, procedures regarding the assumption and assignment of executory contracts.

4. On June 9, 2009, in accordance with the Sale Procedures Order, IACGNA and the Debtors executed a Trade Agreement.

5. Pursuant to the Sale Procedures Order, on or about June 9, 2009, IACGNA received service, via first-class mail, of the Assumption and Assignment Notice from the Debtors indicating that the Debtors intend to assume and assign certain Prepetition Contracts (the "Assumed Contracts"). The Debtors' stated amount on the Debtors' contract website claimed to be owing to

---

[1] Additional supporting documentation with respect to the Prepetition Contracts is available. Such additional supporting documentation (i) is in the possession of the Debtors or other affiliated non-Debtors, (ii) is too voluminous to attach hereto, and/or (iii) is confidential and may be obtained by contacting Carey D. Schreiber, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, cschreiber@winston.com, (212) 294-6700.

2

IACGNA under the Assumed Contracts as of the Petition Date is $21,173,852.77 (the "Proposed Cure Amount").[2]

6. Upon information and belief, the Proposed Cure Amount is different than the amount which IACGNA believes actually to be owed to IACGNA under the Prepetition Contracts. Further, both the Sale Procedures Order and the Assumption and Assignment Notice limit the Proposed Cure Amount to amounts outstanding as of the Petition Date, not the date the contracts will be assumed and assigned. Accordingly, in accordance with the Trade Agreement and Sale Procedures Order, IACGNA, files this Limited Objection to the Proposed Cure Amount.

## Limited Objection to Proposed Cure Amount

7. Section 365 of the Bankruptcy Code provides, in relevant part,

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b).

---

[2] The amount listed as the Proposed Cure Amount is as of the date of the filing of this Limited Objection. Upon information and belief, such Proposed Cure Amount, as stated on the Debtors' contract website, has changed multiple times since the date on which the Assumption and Assignment Notice was received by IACGNA, and may change in the future. Accordingly, IACGNA reserves all rights in this regard.

8. IACGNA does not object to the Debtors' assumption and assignment of the Assumed Contracts to Vehicle Acquisition Holdings LLC (the "Purchaser"). The Proposed Cure Amount, however, differs from the amounts IACGNA believes are due and owing to IACGNA from the Debtors under the Prepetition Contracts as of the Petition Date, although the exact amount (such correct amount, the "Correct Cure Amount") has not been definitively determined as IACGNA has not yet been able to ascertain whether the Debtors intend to assume and assign all of the Prepetition Contracts or some subset thereof. Further, the Proposed Cure Amount may not include the application of certain credits the Debtors may be due with respect to the Prepetition Contracts.

9. Moreover, Section 365(b)(1) of the Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption. The defaults that must be cured include both pre-petition and post-petition defaults. *See In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002).

10. The Assumption and Assignment Notice provides that only the amounts due and owing as of the Petition Date will be paid by the Debtors. Accordingly, IACGNA objects to the Proposed Cure Amount to the extent it does not provide for payment of additional amounts that are due as of the actual date of assumption and assignment by the Debtors of the Assumed Contracts to the Purchaser.

11. IACGNA is attempting to consensually resolve all issues with the Debtors, and is thus filing this Limited Objection to the Assumption and Assignment Notice, including without limitation the Proposed Cure Amount, to preserve its rights and in accordance with the procedures set forth in the Assumption and Assignment Notice and the Cure Dispute Resolution Process. IACGNA is available to meet and confer in good faith with the Debtors with respect to the issues set forth herein.

12. To the extent the ultimate purchaser and assignee of the Assumed Contracts is not the Purchaser, IACGNA requests that the Debtors and such purchaser provide adequate assurances of future performance of the Assumed Contracts in accordance with Section 365(f) of the Bankruptcy Code. IACGNA further requests that the Court require the Debtors and any purchaser, jointly and severally, as a condition to assumption by the Debtors of the Assumed Contracts and assignment of same to such purchaser pursuant to section 365(b)(1) of the Bankruptcy Code, to pay IACGNA the Correct Cure Amount in full, whatever such amount might be.

13. IACGNA reserves its rights (i) to amend, update and/or supplement this Limited Objection at any time and in any respect, (ii) with respect to all amounts due to IACGNA under the Assumed Contracts to file proofs of claim for such amounts, (iii) to file a request for payment of administrative expenses in accordance with sections 503 and 507 of the Bankruptcy Code, (iv) to assert a right of setoff pursuant to section 553 of the Bankruptcy Code or right of recoupment with respect to any claims described herein and/or (v) with respect to the Prepetition Contracts and any other claims it may have against the Debtors.[3]

[continued on next page]

---

[3] In addition, for example, the Debtors may be liable for amounts due to IACGNA by Debtors' non-debtor foreign affiliates.

## **Conclusion**

WHEREFORE, IACGNA respectfully requests that the Court (i) only permit assumption and assignment of the Assumed Contracts conditioned on payment to IACGNA of the Correct Cure Amount as its cure amount and (ii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 15, 2009

>                                Respectfully submitted,
>
>                                WINSTON & STRAWN, LLP
>
>                                /s/ Carey D. Schreiber
>                                Carey D. Schreiber (CS 3896)
>                                Robert J. Boudreau (RB 1021)
>                                200 Park Avenue
>                                New York, New York 10166-4193
>                                Telephone:  (212) 294-6700
>                                Facsimile:  (212) 294-4700
>                                cschreiber@winston.com
>                                 rboudreau@winston.com
>
>                                *Counsel for International Automotive Components Group North America Inc.*