JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage *(pro hac vice)*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 351-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
                                     :
In re                         :        Chapter 11
                                       :
GENERAL MOTORS CORP., *et al.*,    :        Case No. 09-50026 (REG)
                                       :        (Jointly Administered)
            Debtors.           :
                                       :
————————————————————————x

**LIMITED OBJECTION OF PROJECT MANAGEMENT SERVICES, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, AND (II) CURE COSTS RELATED THERETO**

Project Management Services, Inc. ("PMS"), through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon PMS by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order dated June 2, 2009 [Doc. No. 274] (the "Bidding Procedures Order").

## Background

1.      On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2.      On June 2, 2009, this Court entered the Bidding Procedures Order which approved the Debtors' proposed bidding procedures, including procedures regarding Debtors'

1

assumption and assignment of executory contracts.

3.      Pursuant to the Bidding Procedures Order, on or about June 9, 2009, the Debtors

delivered the Assignment Notice to PMS, indicating that the Debtors intend to assume and assign

certain of the Debtors' agreements with PMS (the "Assumed Contracts"). In addition, on their

Contract Website [www.contractnotices.com], the Debtors identify $166,807.88 as the amount

which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The

Proposed Cure Amount is substantially less than what is actually owed under the Assumed

Contracts.

4.      Moreover, both the Bidding Procedures Order and the Assignment Notice limit

the Proposed Cure Amount to such amounts that were in default as of the Petition Date, not the

date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as

defined in the Assignment Notice).

### The Requirements Of Section 365 of the Bankruptcy Code

5.      The Debtors are in default of their contracts with PMS and have failed to comply

with the provisions of section 365 of the Bankruptcy Code, which provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the
> debtor, the trustee may not assume such contract or lease unless, at the time of
> assumption of such contract or lease, the trustee –
>
>> (A) cures, or provides adequate assurance that the trustee will promptly
>> cure, such default...;
>>
>> (B) compensates, or provides adequate assurance that the trustee will
>> promptly compensate, a party other than the debtor to such contract or
>> lease, for any actual pecuniary loss to such party resulting from such
>> default; and
>>
>> (C) provides adequate assurance of future performance under such contract
>> or lease.

11 U.S.C. § 365.

6.      Payment of the Proposed Cure Amount fails to cure the existing defaults under the contracts sought to be assumed and assigned and, thus, absent the consent of PMS, the contracts may not be assumed and assigned.

**Objection**

7.      PMS files this Limited Objection out of an abundance of caution.  While PMS does not object generally to the proposed sale or the assumption and assignment of the Assumed Contracts, PMS does object to the Proposed Cure Amount.  To the extent that PMS and the Debtors can reach agreement on the correct cure amount, PMS will withdraw the Limited Objection.

8.      Section 365 of the Bankruptcy Code makes clear that executory contracts, such as the Assumed Contracts, cannot be assumed by the Debtors without concurrent cure of all arrearages owed *at the time of assumption*.  *In re Stoltz,* 315 F.3d 80, 86 (2d Cir. 2002) ("Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract."); *In re Genuity, Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 1995) (the term "defaults" for purposes of cure under section 365 include both pre-petition and post-petition defaults).

9.      Presently, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of PMS contracts is whatever was in default as of the Petition Date.  PMS objects to the Assumption Notice unless all defaults owed under the Assumed Contracts *at the time of assumption* are cured in full.  Moreover, PMS objects to the Proposed Cure Amount because it is less than the amount that was in default on the Petition Date.

10.     PMS submits that the true Cure Amount under the Assumed Contracts is

3

$310,568.24.

11.    PMS reserves its right to amend this Limited Objection to include any additional facts as may be determined by its further investigation of the Assumption Notice and the Assumed Contracts.

## <u>Conclusion</u>

WHEREFORE, in accordance with the procedures set forth in the Assignment Notice and the Bidding Procedures Order, PMS objects to the Proposed Cure Amount.

Respectfully submitted by:

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
phage@jaffelaw.com

Dated: June 15, 2009.

4

1758944.01