Jonathan L. Flaxer, Esq.
Douglas L. Furth, Esq.
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

*Counsel for Panasonic Automotive Systems Company of America,*
*Division of Panasonic Corporation of North America, Formerly Known As*
*Matsushita Electric Corp. of America*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :
In re                                       :     Chapter 11
                                            :     Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,             :     Jointly Administered
                                            :
                  Debtors.                  :
                                            :
-----------------------------------------------------------X

## LIMITED OBJECTION OF PANASONIC AUTOMOTIVE SYSTEMS COMPANY OF AMERICA FORMERLY KNOWN AS MATSUSHITA ELECTRIC CORP. OF AMERICA TO ASSUMPTION AND <u>ASSIGNMENT OF EXECUTORY CONTRACTS</u>

Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America, formerly known as Matsushita Electric Corp. of America ("<u>PASA</u>"), by and through its undersigned counsel hereby objects to the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contract, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto, dated June 5, 2009 (the "<u>Notice</u>"), a copy of which is attached hereto as Exhibit A, in which General Motors Corp. and its affiliated debtors in the above-captioned cases (collectively, the "<u>Debtors</u>") give notice of their intent to assume and assign certain executory contracts (the "<u>Designated Contracts</u>") between the Debtors

*462148.3*

and PASA to Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser. In support of its objection, PASA respectfully states:

### Summary of Objection

1.  PASA makes this limited objection to the Notice because (i) the amount of time in fact provided to PASA (less than 6 calendar days) to ascertain whether the Debtors' proposed cure amount corresponds to PASA's books and records has made it difficult or PASA to complete its analysis of more than 900 individual contracts and more than 2,400 invoices, and (ii) the Notice is ambiguous as to whether defaults that are to be cured are those that exist as of the assumption date or as of the Petition Date, as defined below.

2.  While PASA does not object *per se* to assumption by the Debtors of the Designated Contracts (or other executory contracts the Debtors may identify) and assignment thereof to the Purchaser, PASA files this limited objection to, among other things, preserve its right to ascertain whether the Proposed Cure Amount comports with PASA's books and records.[1]

### Background

3.  The Debtors commenced their voluntary chapter 11 bankruptcy cases on June 1, 2009 (the "Petition Date").

4.  On June 2, 2009, this Court entered an order, which, among other things, established procedures regarding the Debtors' assumption and assignment of executory contracts.

---

[1] Based on PASA's longstanding relationship with the Debtors, PASA reasonably believes that any differences as to the Proposed Cure Amounts can be reconciled between the parties. However, due to the deadline for filing objections and to preserve all rights with regard to the Designated Contracts, PASA is compelled to file this limited objection.

462148.3                                                       2

5. Prior to the Petition Date, PASA and its affiliates supplied the Debtors with a variety of automotive parts including speakers and batteries.

**Objection**

6. PASA is owed substantial sums of money for a variety of services provided and goods delivered to the Debtors.[2]

7. The Notice directs PASA to consult a website created by the Debtors to learn the identity of each Designated Contract and the proposed cure amount (the "Proposed Cure Amount") for each invoice attributable to such contract.

8. According to the website, the Debtors have identified or designated 983 individual contracts to be assumed and assigned, and listed the Proposed Cure Amount as $5,396,184.54. The website also identifies more than 2,400 individual prepetition invoices that support the Proposed Cure Amount.

9. In light of the fact that the Notice was dated June 5, 2009 (a Friday) and only received by PASA on June 9, 2009 (a Tuesday), the Notice provides PASA less than a business week to, among other things, identify the Designated Contracts and determine whether the Proposed Cure Amount is accurate before the time to object to the Notice expires.

10. The Notice itself is unclear whether existing defaults, including the payment of Proposed Cure Amounts, will be cured as of the assumption date, as the Bankruptcy Code requires. See 11 U.S.C. § 365(b).

---

[2] On June 10, 2009, PASA filed a reclamation notice on account of goods delivered to the Debtors within the 45-day period prior to the Petition Date and will file a proof of claim in respect of all amounts owed to it by the Debtors.

*462148.3*                                              3

11. In addition, the Debtors' website specifically defines "Cure Amount" as:

> The aggregate amount as designated by the Debtors as constituting cure of all defaults under the counterparty's collective contracts that have been designated by Purchaser for potential assumption and assignment to New GM. This amount will be updated from time to time to reflect additional invoices for prepetition deliveries that have not yet been processed. The stated amount does not include undisputed invoices for goods and services provided after the Commencement Date.

12. Section 365(b)(1) is that defaults must be cured as of the time of assumption and not as of the Petition Date, which the Debtors' website implies. Defaults that must be cured include both pre-petition and post-petition defaults. *In re Wingspread Corp.*, 116 B.R. 915, 928 (Bankr. S.D.N.Y. 1990).

13. Based on the foregoing, PASA requires sufficient time to properly analyze the amounts necessary to cure all existing defaults up to the time of assumption of the Designated Contracts.

## Reservation of Rights

14. PASA reserves all rights to contest the Proposed Cure Amount and any future cure amounts that the Debtors may propose at a later date. PASA also reserves all of its rights to object to the assumption and assignment of Designated Contracts including the Debtors' failure to provide adequate assurance of future performance as required by section 365(b)(1)(A) of the Bankruptcy Code.

**WHEREFORE**, PASA respectfully requests that the Court enter an Order:

(i) preserving the right of PASA to properly determine the correct amount of the Proposed Cure Amount; (ii) denying the proposed assumption and assignment of the Designated Contracts pending the determination of the correct amount of the Proposed Cure Amount under such contracts pursuant to section 365(b) of the Bankruptcy Code; and (iii) granting PASA such other relief as to the Court may seem just.

| | |
|---|---|
| Dated: New York, New York<br>June 15, 2009 | GOLENBOCK EISEMAN ASSOR BELL<br>  & PESKOE LLP<br>*Counsel for Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America, Formerly Known As Matsushita Electric Corp. of America*<br><br>437 Madison Avenue<br>New York, New York 10022<br>(212) 907-7300<br><br><br>By:  /s/Jonathan L. Flaxer<br>       Jonathan L. Flaxer |

*462148.3*                    5