09-50026-mg    Doc 1185    Filed 06/15/09    Entered 06/15/09 15:40:36    Main Document
Pg 1 of 8

| | |
|---|---|
| Thomas R. Slome, Esq. | **Hearing Date and Time**: 6/30/09 at 9:45 a.m., |
| Jil Mazer-Marino, Esq. | Or, As May Be Determined By The Court |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | **Objection Deadline**: 6/15/09 |
| 990 Stewart Avenue, Suite 300 | |
| P.O. Box 9194 | |
| Garden City, New York  11530-9194 | |
| Telephone: (516) 741-6565 | |
| Facsimile: (516) 741-6706 | |

and

Russell R. Johnson III, Esq.
John M. Merritt, Esq.
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone:  (804) 749-8861
Facsimile:  (804) 749-8862

*Co-Counsel for The Detroit Edison Company and Michigan Consolidated Gas Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                 :

In re:                                           :            Chapter 11

**GENERAL MOTORS CORP.,** *et al.*,       :            Case No. 09-50026 (REG)

           **Debtors.**                      :            **(Jointly Administered)**

-----------------------------------------------------------------x

**OBJECTION OF THE DETROIT EDISON COMPANY AND MICHIGAN
CONSOLIDATED GAS COMPANY TO DEBTORS' NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED
<u>THERETO</u>**

       The Detroit Edison Company ("Edison") and Michigan Consolidated Gas Company

("MichCon"), by and through their undersigned counsel, for their Objection (the "Objection") to

each *Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts,*

*Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (II) Cure Amounts Related Thereto* (the "Assumption and Assignment Notice") that has been received by Edison and by MichCon, respectfully represent as follows:

## FACTS

### Procedural Facts

1.   On June 1, 2009 (the "Petition Date"), General Motors Corporation and certain of its subsidiaries (the "Debtors") commenced their cases (the "Bankruptcy Cases") that are now pending in this Court by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C §§ 101 *et seq*. (the "Bankruptcy Code").

2.   On the Petition Date, the Debtors filed *Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing* (the "Sale Motion").  In the Sale Motion, the Debtors seek approval from the Court for certain procedures governing the sale of substantially all of the Debtors' assets (the "363 Transaction") to Vehicle Acquisition Holdings, LLC (the "Purchaser").  Further, and as part of the 363 Transaction, Debtors seek authority from the Court to assume and assign certain executory contracts to the Purchaser.

3.   On June 2, 2009, the Court entered an *Order* approving the procedures in the Sale Motion (the "Sale Procedures Order").

4. In the Sale Procedures Order, the Court: (a) Scheduled the Sale Hearing for June 30, 2009, at 9:45 a.m.; (b) approved the form of the Assumption and Assignment Notice attached as *Exhibit E* to the Sale Motion and ordered that any objections to the proposed assumption and assignment of their contract must be filed and served by the Contract Objection Deadline which is defined as no later than ten (10) days after the date of the Assumption and Assignment Notice (the "Contract Objection"). The Court also ordered that if required, the Court shall resolve any timely filed Contract Objection either at the Sale Hearing or such other date as determined by the Court.

## Facts Regarding Debtors' Assumption and Assignment Notice

5. On or about June 10, 2009, Edison received an Assumption and Assignment Notice from the Debtors dated June 5, 2009 (the "Edison Notice"). The Edison Notice, however, does not provide information sufficient to enable Edison to properly identify which executory contract between the Debtors and Edison the Edison Notice pertains.

6. On or about June 11, 2009, MichCon received an Assumption and Assignment Notice from the Debtors dated June 5, 2009 (the "MichCon Notice"). The MichCon Notice, however, does not provide information sufficient to enable MichCon to properly identify which executory contract between the Debtors and MichCon the Edison Notice pertains.

7. Since June 11, 2009, Edison and/or MichCon have received additional 21 Assumption and Assignment Notices from the Debtors for a total of twenty-three (23) Assumption and Assignment Notices (collectively, the "Notices"). Neither the Notices nor the secure website maintained by the Debtors provide sufficient information to enable Edison and/or

MichCon to properly identify to which executory contracts the Notices pertain or the applicable cure amounts.

8. Edison, MichCon and their undersigned counsel have repeatedly accessed the Debtors' aforementioned website since receiving the Notices. To date, however, no information is available on the website concerning the Debtors' proposed Cure Amount pertaining to Edison's and MichCon's executory contracts.

9. Further, on June 11, 2009, Michael T. Wood, counsel for Edison, called the Call Center, pursuant to paragraph 18 of the Assumption and Assignment Notices described above, for any information concerning Debtors' proposed cure amounts pertaining to Edison's and MichCon's executory contracts with the Debtors but to no avail. In response, the Call Center merely directed Mr. Wood to continue monitoring the Debtors' website for information concerning the Debtors' proposed cure amounts. The Call Center Representative further stated that the Debtors were experiencing problems with the website but expected to provide information on the website in a couple of days. In addition, Mr. Michael E. Wagner, Account Manager for Edison, contacted a representative of the Debtors to discuss the insufficient and/or lack of information received thus far by Edison and MichCon from the Debtors concerning their executory contracts. In response, Debtors' representative acknowledged that Debtors were intending to assume and assign certain Edison and Mich Con contracts as part of the 363 Transaction, but that overall the Debtors were experiencing glitches in the Assumption and Assignment Notice process particularly with regard to their utility contracts. Further, Debtors' representative informed Mr. Wagner that none of the Debtors' utility suppliers have been provided with a proposed cure amounts from the Debtors because the Debtors have not yet

received invoices for May 2009 from most of their suppliers. As a result, the Debtors' representative stated that the Debtors are hoping to resolve the cure amounts and related assumption and assignment issues pertaining to the Debtors' utility contracts in the next two (2) weeks as well as update their information concerning the list of contracts that are to be assumed.

10.     Both Edison and Mich Con have numerous contracts with the Debtors. Accordingly, until Edison, MichCon and the Debtors can work together to identify the contracts that the Debtors propose to assume and assign and to identify the applicable cure amounts, neither Edison nor MichCon are able to address whether the applicable cure amounts are correct.

11.     Accordingly and for the reasons that follow, Edison and MichCon file this Objection in order to preserve all of their rights and interests in their agreements that the Debtors propose to assume and assign, but without limitation, their rights under Section 365 of the Bankruptcy Code.

### Facts Regarding Agreements

12.     The total number of executory contracts that exist between Edison and the Debtors and/or MichCon and the Debtors exceeds one hundred (100). These agreements consist of, without limitation, an electric utility service agreement, leases, licenses, pole-line permits, gas commodity and/or gas transportation services. As set forth above, the Debtors have to date issued twenty-three Notices upon Edison and/or MichCon but do not identify which of the aforementioned one hundred plus executory contracts they pertain to.

13.     The Notices all include the same June 15, 2009 Objection Deadline. Accordingly, Edison and MichCon are timely filing this Objection in order to preserve their respective rights concerning their agreements with the Debtors. Once the Debtors identify which of the

agreements that the Debtors intend to assume and assign as part of the 363 Transaction, as well as the Debtors' proposed cure amounts consistent with Debtors' obligations under Section 365(b)(1)(A) of the Bankruptcy Code, Edison and MichCon will be able to supplement this Objection.

## DISCUSSION

**A. DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF THE EDISON AND MICHCON AGREEMENTS MUST BE DENIED FOR DEBTORS' FAILURE TO COMPLY WITH THE REQUIREMENTS OF SECTION 365 OF THE BANKRUPTCY CODE.**

Under the Bankruptcy Code, a debtor-in-possession may assign an executory contract in accordance with Section 365(f) which provides, in pertinent part, as follows:

> (2) The trustee may assign an executory contract . . . of the debtor only if–
> (A) the trustee assumes such contract . . . in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract . . . is provided, whether or not there has been a default in such contract.

Therefore, Debtors may only assign the Edison and MichCon agreements if the Debtors have first assumed those contracts and provided adequate assurance of future performance by the assignee. To assume the Edison and MichCon agreements, the Debtors must satisfy the following three requirements of assumption under Section 365(b)(1): (A) curing, or providing adequate assurance that the trustee will promptly cure, such default; (B) compensating Edison and/or MichCon for any actual pecuniary loss resulting from Debtors' default; and, (C) providing adequate assurance of future performance under the Edison and MichCon agreements.

In accordance with the foregoing, Debtors may not maintain the uninterrupted and continuous supply of electric utility service under the Edison agreements or gas commodity and/or transportation services under the MichCon agreements following the Closing Date of the 363 Transaction without first assuming and assigning the Edison and MichCon agreements in accordance with Section 365 of the Bankruptcy Code. Debtors' failure to provide a cure amount concerning the Edison and MichCon agreements in accordance with Section 365(b)(1)(A) of the Bankruptcy Code is the primary basis for this Objection. As to Section 365(b)(1)(B), Edison and MichCon are currently reviewing all of their account information and other business records pertinent to their agreements. Accordingly, Edison and MichCon hereby expressly reserve all of their rights to supplement this Objection for purposes of enforcing Debtors' obligation to compensate Edison and/or MichCon for any actual pecuniary loss resulting from Debtors' defaults under the Edison and MichCon agreements. As to Section 365(b)(1)(C), Edison and MichCon agree to abide by the Court's ruling under the Sale Procedures Order.

**WHEREFORE**, and for the foregoing reasons, Edison and MichCon respectfully request that this Court enter an order:

1. Requiring the Debtors as a condition to their assumption and assignment of the Edison and MichCon agreements to comply with the requirements of Sections 365(b)(1) and (f)(2) of the Bankruptcy Code by: (a) promptly paying Edison and MichCon the amounts owing under the applicable Edison and MichCon agreements, including all unpaid pre-petition services and all unpaid post-petition services provided by Edison and MichCon to the Debtors through the Closing Date of the 363 Transaction; and, (b) compensating Edison and MichCon for any actual pecuniary loss resulting from Debtors' default under the applicable agreements;

    2.    Providing such other and further relief as the Court deems just and appropriate.

Dated: Garden City, New York
       June 15, 2009

                    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                    By:   /s/ Jil Mazer-Marino
                         Thomas R. Slome (TS-0957)
                         Jil Mazer-Marino (JM-6470)

                    990 Stewart Avenue
                    Suite 300
                    P.O. Box 9194
                    Garden City, New York  11530-9194
                    Telephone: (516) 741-6565
                    Facsimile: (516) 741-6706

                    And

                    Russell R. Johnson III, Esq.
                    John M. Merritt, Esq.
                    LAW FIRM OF RUSSELL R. JOHNSON III, PLC
                    2258 Wheatlands Drive
                    Manakin-Sabot, Virginia  23103
                    Telephone: (804) 749-8861
                    Facsimile: (804) 749-8862

                    *Co-Counsel for The Detroit Edison Company and Michigan Consolidated Gas Company*

719734