**UNITED STATES BANKRUTPCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN THE MATTER OF:

| | |
|---|---|
| General Motors Corporation, *et al.,* | Bankruptcy Case No. 09-50026 (REG) |
| | Honorable Robert E. Gerber |
| Debtor. | Chapter 11 |
| | Jointly Administered |
| _____ / | |

**LIMITED OBJECTION TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

**NOW COMES**, FATA Automation, Inc. ("Creditor") by and through its counsel, Stevenson & Bullock, P.L.C. who hereby files this Limited Objection to the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice") states as follows:

1. On June 1, 2009 ("Petition Date") General Motors Corporation, et. al. ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009 Debtors filed a motion pursuant to 11 U.S.C. §§ 105, 363 and 365 and Bankruptcy Rules 2002, 6004 and 65006 for an order authorizing the assumption and assignment of certain executory contracts and unexpired leases (Docket No. 92) ("Motion").

3. In the Motion, the Debtors asked this Honorable Court to approve its proposed sale of substantially all of its assets to Vehicle Acquisition Holdings LLC as "New GM". They also asked the Court to approve procedures for assuming and assigning contracts to New GM, including assumable executory contracts.

4. On or about June 2, 2009 the Court granted the Motion with respect to the sale procedures, including the procedure for assuming and assigning contacts to New GM.

5. On information and belief, Debtors served a Notice upon Creditor, indicating that they may assume and assign the executory contracts ("Creditor's Assumable Agreements") which exists between Creditor and the Debtors.

6. The website Creditor was referred to by Debtors to review the Cure Amount for the Assumable Executory Contracts, as referred to in the Notice, indicated that Debtors

believe there is no sum required to be paid to Creditor to cure obligations through June 1, 2009, in order to assume and assign the Creditor's Assumable Agreements. The Notice and Contract Notices printout are attached hereto as Exhibit A.

7. The cure payment required is $743,499.59.

8. Creditor's Assumable Agreements cannot be assumed without the concurrent cure of all arrearages. 11 U.S.C. § 365(b) requires a debt to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).

9. Before Debtors may assume and assign the Creditor's Assumable Agreements, Debtors' must cure the entire outstanding arrearage owed to Creditor.

10. Creditor objects to the proposed cure amounts and requests proof of adequate assurance of performance.

11. The amount set forth in paragraph 7 is the pre-petition amount owed on the Creditor's Assumable Agreements; however, there may be additional cure obligations, arising from any post-petition defaults, pending the actual assumption and assignment of the Creditor's Assumable Agreements. As required by paragraph (10) of the Order, pursuant to 11 U.S.C. §§ 105, 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, (II) Scheduling Bid Deadline and Sale Hearing Date, (III) Establishing Assumption and Assignment Procedures and (IV) Fixing notice Procedures and Approving Form of Notice, dated June 2, 2009, Creditor hereby preserves the right to assert additional cures or other amounts against the Debtors, their estates or the Purchaser, in the event of any post-petition (but pre-assumption) defaults.

**WHEREFORE,** Creditor, FATA Automation, Inc., objects to the proposed cure amounts and respectfully requests this Honorable Court require the amount of cure payment be increased as set forth herein, prior to the assumption and assignment of the Creditor's Designated Agreement and requests proof of adequate assurance of performance.

    Respectfully submitted,

    /s/ Charles D. Bullock (P55550)
    Stevenson & Bullock, P.L.C.
    29200 Southfield Rd., Suite 210
    Southfield, MI 48076
    (248)423-8200 ext. 224

Dated: June 15, 2009    cbullock@sbplclaw.com

**UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK**

**IN THE MATTER OF:**

General Motors Corporation, *et al.,*        Bankruptcy Case No. 09-50026 (REG)
                                             Honorable Robert E. Gerber
Debtor.                                      Chapter 11
                                             Jointly Administered

_____/

**PROOF OF SERVICE**

     Charles D. Bullock certifies that on the 15th day of June, 2009 that a copy of the **Limited Objection of FATA Automation, Inc. to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto** and this **Proof of Service** was served upon all parties listed below, electronically and/or by depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

Debtors, c/o General Motors Corporation, 30009 Van Dyke Avenue, Warren, Michigan 48090-9025 (Attn: Warren Command Center, Mailcode 480-206-114);

Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.);

Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

Miller, Johnson, Snell, & Cummiskey, PLC, attorneys for the Creditors Committee Chair, 250 Monroe Ave., N.W., Ste. 800, Grand Rapids, MI 49503 (Attn: Robert D. Wolford);

Kramer Levin Maftalis & Frankel LLP, attorneys for the Committee of Unsecured Creditors, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Gordon Z. Novod);

Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004

And all parties listed on the docket with the Court who are entitled to receive service by electronic transmission.

/s/ Charles D. Bullock (P55550)
Stevenson & Bullock, P.L.C.
29200 Southfield Rd., Suite 210
Southfield, MI 48076
(248)423-8200 ext. 224
cbullock@sbplclaw.com