SAUL EWING LLP  
Teresa K.D. Currier (*pro hac vice*)  
222 Delaware Avenue  
Suite 1200  
Wilmington, DE 19899  
Telephone: 302-421-6826  
Facsimile: 313-259-7926  
E-mail: TCurrier@saul.com  
*Counsel for Johnson Matthey Vehicle Testing & Development, LLC, Johnson Matthey Inc., and certain other affiliates and subsidiaries.*

Objection Date: June 15, 2009  
Hearing Date: TBD

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | |

**LIMITED OBJECTION OF JOHNSON MATTHEY VEHICLE TESTING & DEVELOPMENT, LLC, JOHNSON MATTHEY INC., AND CERTAIN OTHER AFFILIATES AND SUBSIDIARIES TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

Johnson Matthey Vehicle Testing & Development, LLC ("JMT"), Johnson Matthey Inc. ("JMI") and certain other affiliates and subsidiaries (collectively, "JM"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon JM by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

1164903.9

## BACKGROUND

1. On June 1, 2009 (the "Commencement Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which include procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 5, 2009, the Debtors delivered the Assignment Notice to JM, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with JM (collectively, the "Assumed Contracts").

4. JMT has multiple long-term outstanding purchase orders ("POs") with the Debtors for catalyst aging and durability and emissions testing services ("JMT Services"). The POs for JMT Services are among the Assumed Contracts.

5. JMI and Debtors are parties to that certain Joint Development Agreement dated September 11, 2008, for the development of emissions control technologies to meet the coming requirements for diesel vehicles (the "JDA") as well as a separate contract for the supply of samples to GM's R&D group (the "Samples PO"). The JDA is an Assumed Contract.[1]

---

[1] Debtors have also designated thirty-three (33) contracts with Johnson Matthey PLC ("JMPLC")—the ultimate parent company of both JMT and JMI—as Assumed Contracts. JMPLC is not aware that it has any executory contracts with the Debtors, but continues to investigate the same. JM believes that Debtors have listed, under JMPLC, a former Joint Development Agreement with JMI, samples ordered thereunder, samples ordered under the JDA and samples ordered under the Samples PO. Thus, the Samples PO is also an Assumed Contract, albeit one that is listed under an incorrect Johnson Matthey entity. Furthermore, Debtors list $27,680.00 as the Proposed Cure Amount in connection with three (3) Assumed Contracts with JMPLC. JMI agrees with this figure as it appears to represent outstanding invoices for samples ordered by Debtors and provided by JMI under the JDA, but again, Debtors have listed this under an incorrect Johnson Matthey entity. Finally, JM believes that the Debtors may have designated one or more contracts with Johnson Matthey Fuel Cells Limited ("JMFCL") as Assumed Contracts. JMFCL is not aware that it has any executory contracts with the Debtors, but continues to investigate the same.

6. On their Contract Website (as defined in the Assignment Notice), the Debtors identify $292,381.78 as the amount which they allege to be owing to JMT under the Assumed Contracts (the "Proposed JMT Cure Amount"), and identify zero as the amount which they allege to be owing to JMI under the JDA and the Samples PO (the "Proposed JMI Cure Amount").

7. Both the Proposed JMT Cure Amount and the Proposed JMI Cure Amount are less than what is actually owed under the applicable Assumed Contracts, and JM files this Objection to preserve its right to demonstrate the proper cure amount.

## CURE OBJECTION

8. Pursuant to section 365(b)(1) of the Bankruptcy Code, a debtor seeking to assume and assign an executory contract must (1) cure, or provide adequate assurance that it will promptly cure, all defaults under the contract, (2) compensate the counterparty to the contract for any pecuniary loss to such party resulting from any defaults under the contract, and (3) provide the counterparty to the contract with adequate assurances of future performance under the contract. 11 U.S.C. § 365(b)(1). Unless JM receives payment sufficient to cure all existing defaults *up to the time of assumption*, the Assumed Contracts may neither be assumed nor assigned.

9. JM does not object, *per se*, to the assumption of the Assumed Contracts and the assignment thereof to the Purchasers. JM objects to the Assignment Notice to the extent that the Proposed JMT Cure Amount and the Proposed JMI Cure Amount do not accurately reflect the amount due to JM under the Assumed Contracts. As further explained below, both the Proposed

JMT Cure Amount and the Proposed JMI Cure Amount are substantially less than the amount currently outstanding, owing and/or in default.[2]

## PROPER CURE AMOUNTS

10. JMT's books and records demonstrate that the cure amount owed under the Assumed Contracts specific to the JMT Services and POs is $403,724.78. A list of invoices reflecting the cure amounts owed to JMT under the POs is attached and incorporated herein as "**EXHIBIT A**".

11. JMI's books and records demonstrate that the cure amount owed under the JDA is $109,160.00. A list of invoices reflecting the cure amount owed to JMI under the JDA is attached and incorporated herein as "**EXHIBIT B**".

12. The cumulative and proper cure amount due in connection with the POs and JDA under the Assumed Contracts is $512,884.78.

13. JM further reserves the right to amend or supplement this objection and requests that the Debtors provide it with proof of adequate assurance that Purchaser will perform the Debtors' obligations under the Assumed Contracts.

14. JM reasonably believes that any disagreement as to the Proposed Cure Amount will be able to be resolved between JM and Debtors; however, to preserve all rights with regard to the Assumed Contracts, JM is compelled to file the within objection.

---

[2] JM further notes that the proper cure amount as stated herein is correct as of the date hereof, but is ultimately a "snap-shot" in time. Work under many, if not all, of the Assumed Contracts is ongoing and additional amounts will become due and owing under the JM Assumed Contracts and will need to be cured at the time of assumption. JM reserves and preserves its right to increase its total cure amount as necessary during this process.

WHEREFORE, JM respectfully requests that the Debtors correct the Proposed Cure Amount for the Assumed Contracts to reflect the actual cure amount of $512,884.78.

          SAUL EWING LLP

By: /s/ Teresa K.D. Currier
Teresa K.D. Currier (*pro hac vice*)
Suite 1200
222 Delaware Avenue
Wilmington, DE 19899
Telephone: 302-421-6826
Facsimile: 313-259-7926
E-mail: TCurrier@saul.com
*Counsel for Johnson Matthey Vehicle Testing & Development, LLC, Johnson Matthey Inc., and certain other affiliates and subsidiaries.*

Dated: June 15, 2009