DONALD J. HUTCHINSON (MI P39545)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: hutchinson@millercanfield.com

SUSAN I. ROBBINS (SR 5759)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
500 Fifth Avenue, Suite 1815
New York, NY 10110
Telephone: (212) 704-4400
Fax: (212) 704-4410
Email: robbins@millercanfield.com

*Attorneys for the Charter Township of Delta, Michigan*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |
| | Judge Robert E. Gerber |

_____

**THE CHARTER TOWNSHIP OF DELTA, MICHIGAN'S
OBJECTION TO:**

(1)     **INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362, 363, 364 AND 507 AND BANKRUPTCY RULES 2002, 4001 AND 6004 (A) APPROVING A DIP CREDIT FACILITY, ETC. ;**

(2)     **INTERIM TERM LOAN ADEQUATE PROTECTION ORDER;**

2

      **(3)**      **INTERIM CASH COLLATERAL ORDER;**

      **(4)**      **UNDERLYING MOTIONS; AND**

      **(5)**      **ENTRY OF FINAL ORDERS GRANTING LIENS PRIMING THE EXISTING AND FUTURE LIENS OF THE CHARTER TOWNSHIP OF DELTA, MICHIGAN**

      The Charter Township of Delta, Michigan ("Delta Township"), by its undersigned attorneys, states as follows for its objections to: (1) the Court's June 1, 2009 Interim Order Pursuant To Bankruptcy Code Sections 105(A), 361, 362, 363, 364 And 507 And Bankruptcy Rules 2002, 4001 And 6004 (A) Approving A Dip Credit Facility, Etc.; (2) the Court's June 1, 2009 Interim Term Loan Adequate Protection Order; (3) the Court's June 1, 2009 Interim Cash Collateral Order; (4) the entry of final versions of the foregoing orders to the extent that they would grant liens priming any existing and future liens for property taxes on personal or real property of the Debtors located in Delta Township; and (5) the Debtors' underlying motions. In support of its objection, Delta Township states as follows:

      1.      One June 1, 2009, Debtor, General Motors Corporation ("GM") filed its voluntary petition commencing this case.

      2.      Delta Township is responsible for the collection of property taxes which accrue on real and personal property located within Delta Township, including with respect to GM's real and personal property located within Delta Township. Among other possibilities, GM has a parts plant located at 4400 Mt. Hope Highway, Lansing, MI

48917, which is located within Delta Township and which is subject to real and personal property taxes collected by Delta Township.

3.   On June 1, 2009, the Court entered three orders which affect Delta Township's liens for personal property taxes: (1) the Court's June 1, 2009 Interim Order Pursuant To Bankruptcy Code Sections 105(A), 361, 362, 363, 364 And 507 And Bankruptcy Rules 2002, 4001 And 6004 (A) Approving A Dip Credit Facility, etc. (the "DIP Financing Order"); (2) the Court's June 1, 2009 Interim Term Loan Adequate Protection Order; and (3) the Court's June 1, 2009 Interim Cash Collateral Order.

4.   Each of these orders grants the Debtors' pre-petition and post-petition secured lenders first-priority liens and security interests on all of the Debtors' real and personal property which purport to prime all post-petition liens of all governmental units, including Delta Township, for any liability of the Debtors, including apparently any liability for real property taxes and personal property taxes. *DIP Financing Order*, Paragraph 6, pages 14-15; *Interim Term Loan Adequate Protection Order*, Paragraph 5(b)(iv), pages 5-6; *Interim Cash Collateral Order*, Paragraph 6(b)(iii), page 6.

5.   In addition, the orders are ambiguous as to whether they grant the Debtors' secured lenders liens on property of the Debtors or their bankruptcy estates which prime any pre-petition liens of governmental units, including Delta Township, for any liability of the Debtors, including liability for real property taxes and personal property taxes. *DIP Financing Order*, Paragraph 6, pages 14-15; *Interim Term Loan Adequate Protection Order*, Paragraph 5(b)(i), page 5; *Interim Cash Collateral Order*, Paragraph 6(b)(i), pages 5-6.

6. Under Michigan statute, liens for real property taxes and personal property taxes are automatically first-priority liens, not subject to any other claims, liens, or security interests, without the necessity for filing or any other action on the part of any taxing authority to perfect. *See* M.C.L. § 211.40. This regime is not unique to Michigan. Bankruptcy Code § 362(b)(18) contains an exception to the automatic stay which permits liens for property taxes that come due post-bankruptcy to become liens on property of the bankruptcy estate. This exception is meant to preserve the common state-law regimes of property taxes which generally provide for automatic first-priority, *in rem* liens on the property being taxed to facilitate collection by governmental units.

7. The Court's DIP Financing Order, the Interim Term Loan Adequate Protection Order, and the Interim Cash Collateral Order reverse the lien priorities between property tax liens and consensual security interests without providing the necessary adequate protection for the property tax liens, as required by Bankruptcy Code §§ 363(e) and 364(d)(1)(B). For this reason, Delta Township objects to the above-cited provisions of the DIP Financing Order, the Interim Term Loan Adequate Protection Order, and the Interim Cash Collateral Order, objects to the Debtors' underlying motions which gave rise to the foregoing orders, and objects to the entry of final orders which would grant priority to consensual security interests of the Debtors' pre-petition and post-petition lenders over any liens for pre-petition or post-petition real property taxes affecting property of the Debtors or bankruptcy estates located within Delta Township.

## Conclusion

For the reasons stated herein, Delta Township objects to the above-cited provisions of the DIP Financing Order, the Interim Term Loan Adequate Protection Order, and the Interim Cash Collateral Order, objects to the Debtors' underlying motions which gave rise to the foregoing orders, and objects to the entry of final orders which would grant priority to consensual security interests of the Debtors' pre-petition and post-petition lenders over any liens for pre-petition or post-petition real property taxes affecting property of the Debtors or bankruptcy estates located within Delta Township.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By /s/ Donald J. Hutchinson
    Donald J. Hutchinson (MI P39545)
Attorney for the Charter Township of Delta, Michigan
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: hutchinson@millercanfield.com

Dated: June 15, 2009