JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage *(pro hac vice)*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 351-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF INLAND WATERS POLLUTION CONTROL TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, AND (II) CURE COSTS RELATED THERETO**

Inland Waters Pollution Control ("Inland"), through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Inland by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order dated June 2, 2009 [Doc. No. 274] (the "Bidding Procedures Order").

**Background**

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered the Bidding Procedures Order which approved the Debtors' proposed bidding procedures, including procedures regarding Debtors'

assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 9, 2009, the Debtors delivered the Assignment Notice to Inland, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Inland (the "Assumed Contracts"). In addition, on their Contract Website [www.contractnotices.com], the Debtors identify $0 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is less than what is actually owed under the Assumed Contracts.

4. Moreover, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, not the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser (as defined in the Assignment Notice).

### The Requirements Of Section 365 of the Bankruptcy Code

5. The Debtors are in default of their contracts with Inland and have failed to comply with the provisions of section 365 of the Bankruptcy Code, which provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default...;
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365.

6. Payment of the Proposed Cure Amount fails to cure the existing defaults under

2

1758415.01

the contracts sought to be assumed and assigned and, thus, absent the consent of Inland, the contracts may not be assumed and assigned.

**Objection**

7. Inland files this Limited Objection out of an abundance of caution. While Inland does not object generally to the proposed sale or the assumption and assignment of the Assumed Contracts, Inland does object to the Proposed Cure Amount. To the extent that Inland and the Debtors can reach agreement on the correct cure amount, Inland will withdraw the Limited Objection.

8. Section 365 of the Bankruptcy Code makes clear that executory contracts, such as the Assumed Contracts, cannot be assumed by the Debtors without concurrent cure of all arrearages owed *at the time of assumption*. *In re Stoltz,* 315 F.3d 80, 86 (2d Cir. 2002) ("Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract."); *In re Genuity, Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 1995) (the term "defaults" for purposes of cure under section 365 include both pre-petition and post-petition defaults).

9. Presently, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of Inland contracts is whatever was in default as of the Petition Date. Inland objects to the Assumption Notice unless all defaults owed under the Assumed Contracts *at the time of assumption* are cured in full. Moreover, Inland objects to the Proposed Cure Amount because it is less than the amount that was in default on the Petition Date.

10. Inland submits that the true Cure Amount under the Assumed Contracts is $1,362.22.

09-50026-mg    Doc 1200    Filed 06/15/09    Entered 06/15/09 15:47:17    Main Document
Pg 4 of 4

11. Inland reserves its right to amend this Limited Objection to include any additional facts as may be determined by its further investigation of the Assumption Notice and the Assumed Contracts.

## Conclusion

WHEREFORE, in accordance with the procedures set forth in the Assignment Notice and the Bidding Procedures Order, Inland objects to the Proposed Cure Amount.

Respectfully submitted by:

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
phage@jaffelaw.com

Dated: June 15, 2009.

4

1758415.01