**Hearing Date: June 25, 2009 at 9:45 a.m.**
**Objection Deadline: June 15, 2009 at 4:00 p.m.**

**CONNELL FOLEY LLP**
888 Seventh Avenue
New York, New York 10106
(212) 262-2390
Stephen V. Falanga (SF 6414)
Christopher M. Hemrick (CH 3682)

*Attorneys for Panasonic Electric Works Corporation of America*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GENERAL MOTORS CORPORATION,** *et al.*, | **Bankr. Case No. 09-50026 (REG)** |
| **Debtors.** | **Jointly Administered** |

**LIMITED OBJECTION OF PANASONIC ELECTRIC WORKS CORPORATION OF AMERICA TO THE ENTRY OF A FINAL ORDER GRANTING THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION CLAIMS OF CERTAIN ESSENTIAL SUPPLIERS, VENDORS AND SERVICES PROVIDORS; (II) CONTINUE TROUBLED SUPPLIER ASSISTANCE PROGRAM; AND (III) CONTINUE PARTICIPATION IN THE UNITED STATES TREASURY AUTO SUPPLIER SUPPORT PROGRAM**

Panasonic Electric Works Corporation of America ("PEWA"), by and through its undersigned counsel, Connell Foley LLP, hereby submits this Limited Objection (the "Objection"), pursuant to the Court's June 1, 2009 Interim Order (Docket No. 175), to the entry of a final order granting the debtors' Motion for an Order Authorizing the Debtors, Pursuant to 11 U.S.C. Sections 105, 363 and 364, to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in the United States Treasury Auto Supplier Support Program

2164414-01

(the "Motion") (Docket No. 76). In support of its Limited Objection, PEWA respectfully represents the following:

1. PEWA is a supplier of electronic components and devices to the Debtors that are used in the production of their automobiles. As of the Petition Date, the Debtors owe PEWA the approximate sum of $339,000.00 on account of goods sold to the Debtors prior to the Petition Date.

2. By its Motion, the Debtors seek authority to pay Essential Vendors, including PEWA, their preptition claims identified as "Essential Vendor Claims" in order to ensure the continued operations of the Debtors provided the Essential Vendors agree to enter into a certain Trade Agreement, which is attached as Exhibit A to the Motion.

3. Although PEWA does not object to the substantive relief sought by the Debtors in the Motion, including its request to make payment to Essential Vendors, such as PEWA, PEWA does object to certain terms and conditions set forth in the Trade Agreement, which should not be a proper condition to participation as an Essential Vendor.

4. In particular, PEWA objects to the following terms and conditions of the Trade Agreement:

(a) Paragraph 5: The Trade Agreement would compel Essential Vendors, such as PEWA to "continue to supply goods or provide services, as applicable, to any non-Debtor affiliate of the [Debtors]" and requires Essential Vendors to "cause [its] affiliates and/or subsidiaries who are doing business with any non-Debtor affiliate of the [Debtors] to continue to supply goods or provide services, as applicable… ." This provision of the Trade Agreement should not be required as a condition of participation as an Essential Vendor. Lacking a definition of who the non-Debtor affiliates of the Debtors are renders this provision vague and

unenforceable.  Similarly, Essential Vendors may not have control over their affiliates to compel them to continue to do business with non-Debtor affiliates of the Debtors.  Substantively, it puts PEWA at risk of being compelled to continue to do business with a non-Debtor affiliate even if that non-Debtor affiliate fails to pay when due.  Non-Debtor affiliates of the Debtors should not receive the benefits of Bankruptcy Code protection in the absence of themselves being party to the within bankruptcy case.

(b) Paragraph 6(b):  The Trade Agreement would compel Essential Vendors, such as PEWA to do business with the Debtors without any credit limit on the Debtors' purchases.  PEWA has historically had its supply relationship with the Debtors subject to a credit limit and should not be required to forego this limitation as part of the Essential Vendor program.  In essence, a change of this magnitude to its agreements with PEWA amounts to the unilateral change by the Debtors to a material term of its agreement with PEWA, which could not be accomplished in bankruptcy even in connection with the assumption and assignment of its agreements with PEWA.

(c) Paragraph 8:  The Trade Agreement would grant the Debtors the option to extend the applicable contracts without the consent of Essential Vendors, such as PEWA, through the date the Debtors "emerge" from chapter 11.  As with 6(b), this amounts to the unilateral change by the Debtors to a material term of its agreement with PEWA, which could not be accomplished in bankruptcy even in connection with the assumption and assignment of its agreements with PEWA.

(d) Lastly, the Trade Agreement currently provides no relief to Essential Vendors, such as PEWA, in the event the Debtors fail to perform their post-petition obligations,

including the rights of Essential Vendors to refuse post-petition shipments in the event of non-payment when due.

## RESERVATION OF RIGHTS

Nothing herein shall be construed as a waiver by PEWA of any rights, claims or interests PEWA may have relating to its business relationship with the Debtors, all such rights, claims and interests being expressly reserved by PEWA. Furthermore, by this Objection, PEWA objects for specific reasons to the Debtors' Motion. PEWA hereby reserves its rights to amend, modify and/or supplement this Objection. Should any or all of the grounds for PEWA's Objection stated herein be dismissed or overruled, PEWA reserves the right to object on any other grounds.

**WHEREFORE**, Panasonic Electric Works Corporation of America respectfully requests, to the extent the Court enters a final order authorizing the debtors to (I) pay prepetition claims of certain essential suppliers, vendors and services providers; (II) continue troubled supplier assistance program; and (III) continue participation in the United States Treasury Auto Supplier Support Program pursuant to 11 U.S.C. sections 105, 363 and 364, that any such final order be appropriately modified to reflect the objections contained herein.

CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
(212) 262-2390
Telecopy: (212) 262-0050

*Attorneys for Panasonic Electric Works Corporation of America*

By:    /s/ *Stephen Falanga*
       Stephen V. Falanga (SF-6414)

Date: June 15, 2009

2164414-01