UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re                                              :    Chapter 11
                                                   :
GENERAL MOTORS CORP., *et al.*,                    :    Case No. 09-50026 (REG)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :

------------------------------------------------------------- x

### LIMITED OBJECTION OF DTE NORTHWIND OPERATIONS, LLC TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

DTE Northwind Operations, LLC ("Northwind Operations"), by and through its

counsel, Paul, Hastings, Janofsky & Walker LLP, pursuant to the requirements of the

Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy

Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets

Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings

LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale

Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing

Notice Procedures and Approving Form of Notice, dated June 2, 2009 [Docket No. 274]

(the "Sale Procedures Order") hereby submits this limited objection (the "Limited

Objection") to the proposed Cure Amount,[1] and to the proposed assumption and

---

[1]    Capitalized terms used in this Limited Objection and not specifically identified herein have the meaning given those terms in the Sale Procedures Order.

assignment of any of the Assumable Executory Contracts to which Northwind Operations may be a party. In support of this Limited Objection, Northwind Operations represents as follows:

## Statement

1.    Northwind Operations is not aware of any contracts to which it is a party with General Motors Corporation ("GM"). Northwind Operations, however, was previously the operator for its affiliate DTE Northwind, LLC ("Northwind") with respect to an arrangement between Northwind and Riverfront Holdings Inc. ("Riverfront"), an affiliate of GM, as described below. It is Northwind Operations' belief that Riverfront is not a Debtor.

2.    On June 8, 2009, Northwind Operations received a "Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto", dated June 5, 2009 (the "Cure Notice"). To the extent the Cure Notice is intended to apply to either: (a) Northwind Operations, or (b) Northwind and Riverfront, Northwind Operations hereby objects on behalf of its affiliate Northwind on the following grounds.

3.    Northwind and Riverfront are parties to a suite of documents pursuant to which Northwind provides certain industrial support services to Riverfront's Renaissance Center Phase II Facility ("Riverfront's Facility"). The suite of documents form a single, complicated, structured transaction involving, but not limited to, (a) Northwind entering

2

into a Steam and Chilled Water and River Water Supply Contract, as amended; (b) Northwind entering into a Facility Lease with Riverfront; and (c) certain other related ancillary arrangements and documents.[2]

4.    The Cure Notice advised Northwind Operations "[y]ou are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts" and directed Northwind Operations to "a secure website which contains information about [Northwind Operations'] Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults . . ." The Contract Website for Northwind Operations sets forth a single contract – identified by a "Row ID" number and the following contract type: "Service Agreement" – and the Contract Website does not provide an amount for the cure costs of the Northwind Operations' Assumable Executory Contract (i.e., the Contract Cure Amount section is blank).

5.    Northwind Operations objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Debtors have failed to provide adequate notice of the specific agreements that they intend to assume and assign, and therefore have not and cannot establish their ability to satisfy the conditions to assumption set forth in section 365(b) and 365(f)(2)(B) of the Bankruptcy Code. 11 U.S.C. §365(b) and 365(f)(2)(B). It is unclear based on the Contract Website which specific agreement or agreements Debtors intend to assume and assign – especially as

---

[2]    This Limited Objection refers to the matters described in Paragraph 1 and related matters collectively as the "Northwind Transaction."

Debtors are required to assume all of the agreements related to the Northwind Transaction.

6.    Northwind Operations also objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Northwind Transaction agreements generally have limitations on the ability of the Debtors to assign those agreements without satisfying certain conditions.

7.    With respect to the Cure Amount set forth in the Cure Notice, Northwind Operations notes that the absence of any specified amount does not correspond with Northwind's or Northwind Operation's records regarding the amount of prepetition defaults currently remaining unpaid.

WHEREFORE, Northwind Operations respectfully requests that the Court direct

the Debtors promptly to commence the resolution of the disputed designation and

disputed Cure Amount.


Dated:  June 15, 2009            Respectfully submitted,
        New York, New York

                                _____/s/ Thomas L. Kent_____
                                Thomas L. Kent (TK-2935)
                                Daniel B. Goldman (DG-4503)
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                Park Avenue Tower
                                75 East 55th Street
                                New York, New York 10022
                                Telephone:  (212) 318-6000
                                Facsimile:  (212) 318-4090
                                Email:  thomaskent@paulhastings.com
                                        dangoldman@ paulhastings.com

                                        -and-

                                Richard A. Chesley (IL 6240877)
                                Stephenie S. Park (IL 6297376)
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                191 North Wacker Drive, 30th Floor
                                Chicago, Illinois  60606
                                Telephone:  (312) 499-6000
                                Facsimile:  (312) 499-6100
                                Email:   richardchesley@paulhastings.com
                                         stepheniepark@paulhastings.com

                                ATTORNEYS FOR DTE NORTHWIND
                                OPERATIONS, LLC