UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                    :
In re                                               :   Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :   Case No. 09-50026 (REG)
                                                    :
          Debtors.                                  :   (Jointly Administered)
                                                    :
------------------------------------------------------------------ x

## LIMITED OBJECTION OF DTE TONAWANDA, LLC TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

DTE Tonawanda, LLC ("Tonawanda"), by and through its counsel, Paul, Hastings, Janofsky & Walker LLP, pursuant to the requirements of the Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009 [Docket No. 274] (the "Sale Procedures Order") hereby submits this limited objection (the "Limited Objection") to the proposed Cure Amounts,[1] and to the proposed assumption and assignment of any of the Assumable

---

[1] Capitalized terms used in this Limited Objection and not specifically identified herein have the meaning given those terms in the Sale Procedures Order.

Executory Contracts to which Tonawanda may be a party. In support of this Limited Objection, Tonawanda represents as follows:

### Statement

1.      On May 23, 2001, Tonawanda and the General Motors Corporation ("GM") entered into a Project Site Purchase and Sale Agreement (the "Purchase Agreement") pursuant to which Tonawanda purchased from GM a certain parcel of real property located adjacent to GM's vehicle engine facility located in Tonawanda, New York ("GM's Tonawanda Plant"). The Purchase Agreement was just one of a suite of documents forming a part of a single, complicated, structured transaction involving, but not limited to, (a) the acquisition by Tonawanda of certain real property in Tonawanda, New York; (b) Tonawanda and GM entering into a Project Site License Agreement (the "License Agreement"); (c) Tonawanda and GM entering into a Utility Services Agreement governing the development, construction, and provision of certain industrial support services from, a services facility (the "Facility"), and Tonawanda and GM entering into an Operating Services Agreement pursuant to which Tonawanda provides additional industrial support services to GM's Tonawanda Plant (collectively, the "Utility Services Agreements"); (d) Tonawanda and GM entering into a financing arrangement and related Mortgage and Security Agreement pursuant to which GM as lender provided certain sums to Tonawanda as borrower (collectively, the "GM Financing Arrangements"); and (e) Tonawanda entering into a financing arrangement with General Electric Capital Corporation (as assignee of Newman Financial Services, Inc.) ("GECC")

pursuant to which GE as lender provided certain sums to Tonawanda as borrower and consisting of certain related documents, including, but not limited to, a Loan and Security Agreement between GECC and Tonawanda and a Tri-Party Agreement (the "Tri-Party Agreement") by and among Tonawanda, GECC and GM (collectively, the "GE Financing Arrangements").[2]

2. On June 8, 2009, Tonawanda received a "Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto", dated June 5, 2009 (the "Cure Notice").

3. The Cure Notice advised Tonawanda "[y]ou are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts" and directed Tonawanda to "a secure website which contains information about [Tonawanda's] Assumable Executory Contract[s], including amounts that the Debtors believe must be paid to cure all prepetition defaults . . ." The Contract Website provides a listing of eleven contracts – identified by "Row ID" numbers and the following contract types: "Service Agreement", "Utility Agreement", "License Agreement" and "Agreement" – and purports that the aggregate cure costs for all of the Tonawanda Assumable Executory Contracts is zero dollars.

4. Tonawanda objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Debtors have failed to provide adequate

---

[2] This Limited Objection refers to the matters described in Paragraph 1 and related matters collectively as the "Tonawanda Transaction."

notice of the specific agreements that they intend to assume and assign, and therefore have not and cannot establish their ability to satisfy the conditions to assumption set forth in section 365(b) and 365(f)(2)(B) of the Bankruptcy Code. 11 U.S.C. §365(b) and 365(f)(2)(B). It is unclear based on the listing provided on the Contract Website which specific agreements Debtors intend to assume and assign, as Debtors are required to assume all of the agreements related to the Tonawanda Transaction, including, without limitation, the applicable GE Financing Arrangements.

5.  Tonawanda also objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Tonawanda Transaction Agreements generally have limitations on the ability of the Debtors to assign those agreements without satisfying certain conditions, including conditions involving GECC.

6.  With respect to the Cure Amount set forth in the Cure Notice, Tonawanda notes that the specified amount of zero dollars does not correspond with Tonawanda's records regarding the amount of prepetition defaults currently remaining unpaid.

WHEREFORE, Tonawanda respectfully requests that the Court direct the Debtors promptly to commence the resolution of the disputed designation and disputed Cure Amount.

Dated: June 15, 2009
New York, New York

Respectfully submitted,

*/s/ Thomas L. Kent*
Thomas L. Kent (TK-2935)
Daniel B. Goldman (DG-4503)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 East 55th Street
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-4090
Email: thomaskent@paulhastings.com
dangoldman@paulhastings.com

-and-

Richard A. Chesley (IL 6240877)
Stephenie S. Park (IL 6297376)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: richardchesley@paulhastings.com
stepheniepark@paulhastings.com

ATTORNEYS FOR DTE TONAWANDA, LLC