UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re                                                         :   Chapter 11
                                                              :
GENERAL MOTORS CORP., *et al.*,                               :   Case No. 09-50026 (REG)
                                                              :
            Debtors.                                          :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**LIMITED OBJECTION OF DTE LORDSTOWN, LLC TO NOTICE OF (I)
DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

DTE Lordstown, LLC ("Lordstown"), by and through its counsel, Paul, Hastings, Janofsky & Walker LLP, pursuant to the requirements of the Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009 [Docket No. 274] (the "Sale Procedures Order") hereby submits this limited objection (the "Limited Objection") to the proposed Cure Amount,[1] and to the proposed assumption and assignment of any of the Assumable

---

[1] Capitalized terms used in this Limited Objection and not specifically identified herein have the meaning given those terms in the Sale Procedures Order.

09-50026-mg    Doc 1231    Filed 06/15/09    Entered 06/15/09 16:06:46    Main Document
Pg 2 of 5

Executory Contracts to which Lordstown may be a party. In support of this Limited Objection, Lordstown represents as follows:

### Statement

1. Lordstown and General Motors Corporation ("GM") are parties to a suite of documents pursuant to which Lordstown provides industrial support services to GM's facility located in Lordstown, Ohio ("GM's Lordstown Plant"). The suite of documents form a single, complicated, structured transaction involving, but not limited to, (a) Lordstown (as assignee of Lordstown Energy, LLC) and GM entering into a Utility Services Agreement, and a related amendment and change order, governing the design, construction, and provision of certain industrial support services from, a services facility at GM's Lordstown Plant (the "Facility"); and (b) Lordstown (as assignee of Lordstown Energy, LLC) entering into certain documents related to GM's financing arrangements for the facility, including the Tri-Party Agreement by and among Lordstown, GM, and ICX Corporation (as assignee of Kensington Capital Corporation) ("ICX") (the "Tri-Party Agreement") and a Paying Agreement by and among Lordstown, GM and ICX (the "Paying Agreement" and, collectively with the Tri-Party Agreement, the "GM Financing Arrangements").[2]

2. On June 9, 2009, Lordstown received a "Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property,

---

[2] This Limited Objection refers to the matters described in Paragraph 1 and related matters collectively as the "Lordstown Transaction."

and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto", dated June 5, 2009 (the "Cure Notice").

3. The Cure Notice advised Lordstown "[y]ou are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts" and directed Lordstown to "a secure website which contains information about [Lordstown's] Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults . . ." The Contract Website for Lordstown sets forth a single contract – identified by a "Row ID" number and the following contract type: "Agreement" – and the Contract Website does not provide an amount for the cure costs of the Lordstown Assumable Executory Contract (i.e., the Contract Cure Amount section is blank).

4. Lordstown objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Debtors have failed to provide adequate notice of the specific agreements that they intend to assume and assign, and therefore have not and cannot establish their ability to satisfy the conditions to assumption set forth in section 365(b) and 365(f)(2)(B) of the Bankruptcy Code. 11 U.S.C. §365(b) and 365(f)(2)(B). It is unclear based on the Contract Website which specific agreement or agreements Debtors intend to assume and assign, as Debtors are required to assume all of the agreements related to the Lordstown Transaction, including, without limitation, the applicable GM Financing Arrangements.

5. Lordstown also objects to the assumption and assignment of the Assumable Executory Contracts on the grounds that the Lordstown Transaction

3

agreements generally have limitations on the ability of the Debtors to assign those agreements without satisfying certain conditions, including conditions involving ICX.

6. With respect to the Cure Amount set forth in the Cure Notice, Lordstown notes that the absence of any specified amount does not correspond with Lordstown's records regarding the amount of prepetition defaults currently remaining unpaid.

WHEREFORE, Lordstown respectfully requests that the Court direct the Debtors promptly to commence the resolution of the disputed designation and disputed Cure Amount.

Dated:  June 15, 2009
        New York, New York

Respectfully submitted,

_/s/ Thomas L. Kent_
Thomas L. Kent (TK-2935)
Daniel B. Goldman (DG-4503)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 East 55th Street
New York, New York 10022
Telephone:  (212) 318-6000
Facsimile:  (212) 318-4090
Email:  thomaskent@paulhastings.com
        dangoldman@paulhastings.com

-and-

Richard A. Chesley (IL 6240877)
Stephenie S. Park (IL 6297376)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  richardchesley@paulhastings.com
        stepheniepark@paulhastings.com

ATTORNEYS FOR DTE LORDSTOWN, LLC