EDWARDS ANGELL PALMER & DODGE LLP
Richard Hiersteiner (RH 4976)
Jeanne P. Darcey (JD 9800)
Amy A. Zuccarello (AZ 2284)
Judy A. Groves (JG 3928)
Charlotte P. Bodell (CB 1562)
111 Huntington Avenue
Boston, MA 02199
617.239.0100

*Attorneys for U.S. Bank Trust National Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **GENERAL MOTORS CORP.,** *et al.*, | 09-50026 (REG) |
| Debtors. | Jointly Administered |

**TO THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE:**

**LIMITED CONTRACT OBJECTION OF**
**U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE**

U.S. Bank Trust National Association, as owner trustee and lessor (the "Trustee"), files this Limited Contract Objection in accordance with the Assumption and Assignment Procedures set forth in the *Order Pursuant to 11 USC §§105, 363, and 365 and Fed. R. Bank. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC., a U.S. Treasury Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice*,

dated June 2, 2009 (the "Procedures Order").[1]

### Background

1. The Trustee is the owner of certain equipment (the "Equipment") described in and subject to the financing transaction set forth on Exhibit A hereto. The Equipment is leased by the Trustee to General Motors Corporation, one of the Debtors herein (collectively, "GM" or the "Debtors") pursuant to that certain Lease Agreement (GM 2004A-1) dated as of September 17, 2004 and described on Exhibit A hereto.

2. In accordance with the Procedures Order, the Debtors were to serve notices to non-Debtor counterparties of the Debtors' intent to assume and assign the Assumable Executory Contracts to the proposed Purchaser by the Mailing Deadline. The Mailing Deadline was June 5, 2009.[2]

3. Further, the Procedures Order requires that Contract Objections be filed with the Court, and served, within 10 days of the date of the Assumption and Assignment Notice. Accordingly, the Contract Objection Deadline may occur as early as June 15, 2009. Unless a Contract Objection is filed and served within such 10-day period, the non-Debtor counterparty, pursuant to the Procedures Order, shall be deemed to have consented to the assumption and assignment and the respective Cure Amount.

### Objection

4. The Trustee believes that the Equipment is used in facilities that are to be acquired by the Purchaser, and therefore should be the subject of an Assumption and Assignment Notice. Notwithstanding the foregoing, the Trustee, as lessor of the Equipment, has not received

---

[1] Capitalized terms not defined herein have the meanings set out in the Procedures Order.
[2] Presumably, although not specified in the Procedures Order, the Debtors and the Purchaser may later determine to designate, and assume and assign additional Assumable Executory Contracts, and in that event, the Debtors must deliver such notices providing the non-Debtor counterparty similar opportunity to object to the proposed assumption and assignment.

an Assumption and Assignment Notice with respect to the Lease.

5.  The Trustee has been unable to determine, despite inquiries to the published helplines established by the Debtors, if (a) the Lease is not currently an Assumable Executory Contract, or (b) the Assumption and Assignment Notice was directed, or misdirected, to others.

6.  Accordingly, in order that it not be deemed to have consented inadvertently to assumption and assignment of the Lease and any proposed Cure Amount, the Trustee makes this Limited Contract Objection and expressly does not consent to a proposed assumption and assignment of the Lease or proposed Cure Amount if the Lease is an Assumable Executory Contract.  The Trustee hereby reserves all of its rights and remedies, including the opportunity to object pending proper notification by the Debtors of their intent to assume and assign the Lease.

U.S. Bank Trust National Association,
as Owner Trustee
By its attorneys,

/s/ Richard Hiersteiner
Richard Hiersteiner (RH 4976)
Jeanne P. Darcey (JD 9800)
Amy A. Zuccarello (AZ 2284)
Judy A. Groves (JG 3928)
Charlotte P. Bodell (CB 1562)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100

Dated: June 15, 2009

**EXHIBIT A**

Participation Agreement (GM 2004A-1) dated as of September 17, 2004 among General Motors Corporation, as Lessee, PNC Leasing, LLC, as Owner Participant, U.S. Bank Trust National Association, not in its individual capacity, except as expressly stated herein, but solely as Owner Trustee, Wells Fargo Bank Northwest, National Association, not in its individual capacity, except as expressly stated herein, but solely as Indenture Trustee, and the Persons Named on Schedule 2 Hereto, as Note Purchasers (as supplemented and/or amended from time to time, the "Participation Agreement")

Trust Indenture and Security Agreement (GM 2004A-1) dated as of September 17, 2004 between U.S. Bank Trust National Association, a national banking association, not in its individual capacity except as expressly set forth herein, but solely as Owner Trustee under the Trust Agreement and Wells Fargo Bank Northwest, National Association, a national banking association, as Indenture Trustee (as supplemented and/or amended from time to time, the "Indenture")

Lease Agreement (GM 2004A-1) dated as of September 17, 2004 between U.S. Bank Trust National Association, a national banking association, not in its individual capacity except as expressly set forth herein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee (as supplemented and/or amended from time to time, the "Lease")

Trust Agreement (GM 2004A-1) dated as of September 17, 2004 between PNC Leasing, LLC, as Owner Participant, and U.S. Bank Trust National Association, a national banking association, not in its individual capacity except as expressly set forth herein, but solely as Owner Trustee (as supplemented and/or amended from time to time, the "Trust Agreement")