POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Tel: (302) 984-6000
Fax: (302) 658-1192
David J. Baldwin
Theresa V. Brown-Edwards
R. Stephen McNeill

Attorneys for Norfolk Southern Corporation, Norfolk Southern Railway
and Triple Crown Services Company

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **General Motors Corp., et al.,** | : Case No. 09-50026 (REG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

---------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF NORFOLK
SOUTHERN CORPORATION, NORFOLK SOUTHERN RAILWAY AND
TRIPLE CROWN SERVICES COMPANY REGARDING DEBTORS'
NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED
SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

Norfolk Southern Corporation, Norfolk Southern Railway (together, "Norfolk"), and Triple Crown Services Company ("Triple Crown"), by and through their undersigned counsel, hereby object (the "Limited Objection") to their respective cure amounts as determined by their respective Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (each a "Cure Notice" and collectively, the "Cure Notices"). In support of the Limited Objection, Norfolk and Triple Crown respectfully state as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

2. On June 1, 2009, the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Dkt. 92) (the "Sale Motion") was filed. Through the Sale Motion, the Debtors sought to sell substantially all of their assets to Vehicle Acquisition Holdings LLC (the "Purchaser") and to establish procedures related to the assumption and assignment of certain executory contracts (the "Contract Procedures").

3. Prepetition, Norfolk and Triple Crown provided transportation services, including intermodal services (the "Services"), to the Debtors pursuant to various contracts (the "Contracts"). On or about June 5, 2009, pursuant to the Contract Procedures, the Debtors sent Norfolk and Triple Crown their respective Cure Notices. These Cure Notices included instructions for accessing a website and call center to identify the amounts the Debtors believe they owe Norfolk and Triple Crown for Services provided to the Debtors (the "Proposed Cure Amounts"). The Cure Notices indicate the Debtors have a website where all Proposed Cure Amounts will be listed, but the Proposed Cure Amounts for Norfolk and Triple Crown were left blank. Norfolk's and Triple Crown's efforts to receive their Proposed Cure Amounts through the

2

call center were also unsuccessful. Thus, Norfolk and Triple Crown submit that their cure amounts remain to be determined and they reserve all rights to have them properly determined prior to assumption and assignment of their Contracts.

4. Since the Petition Date, Norfolk and Triple Crown have continued to provide Services to the Debtors.

5. Triple Crown is also owed in excess of $50,000 by the Debtors for damages to trailers (the "Trailer Damages") incurred on equipment during shipping pursuant to performance of the Contracts.

## **LIMITED OBJECTION**

6. Bankruptcy Code section 365(b)(1) provides that, prior to the assumption of the Contracts, the Debtors are required to cure all outstanding monetary defaults under the Contracts and any actual pecuniary losses incurred by Norfolk and Triple Crown as a result of the defaults.

7. Since the receipt of their respective Cure Notices, Norfolk and Triple Crown have initiated a reconciliation process with the Debtors[1] to determine the exact amounts owed to Norfolk and Triple Crown under the Contracts. Assuming a good faith negotiation and reconciliation process results from their efforts, Norfolk and Triple Crown believe that an agreement will be reached concerning the appropriate Cure Amounts. Out of an abundance of caution, however, Norfolk and Triple Crown object to the Proposed Cure Amounts, currently listed as blanks, pending a final determination of their accuracy and reserve their rights to supplement this Limited Objection in the event an agreement cannot be reached with the Debtors concerning the proper Cure Amounts.

---

[1] Triple Crown's reconciliation process with the Debtors requires communication with its third-party logistics providers.

3

8. To the extent that Triple Crown's Proposed Cure Amount does not include the Trailer Damages, Triple Crown objects and reserves its right to assert a cure amount in excess of Triple Crown's Proposed Cure Amount.

9. Further, to the extent the Proposed Cure Amounts for Norfolk and Triple Crown do not include both prepetition and postpetition amounts owed, Norfolk and Triple Crown object and reserve their rights to assert cure amounts in excess of the Proposed Cure Amounts.

10. Finally, in the event that the Purchaser elects not to take an assignment of the Contracts, Norfolk and Triple Crown reserve their rights to file a motion requesting the payment of administrative expenses for any Services provided to the Debtors post-petition.

WHEREFORE, Norfolk and Triple Crown request that the Court enter an order (i) reserving Norfolk's and Triple Crown's rights to assert cure amounts in excess of the Proposed Cure Amount, currently listed as blanks, upon completion of the reconciliation process; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 15, 2009

POTTER ANDERSON & CORROON LLP

By: /s/ David J. Baldwin
David J. Baldwin
Theresa V. Brown-Edwards
R. Stephen McNeill
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Tel: (302) 984-6000
Fax: (302) 658-1192

Attorneys for Norfolk Southern Corporation, Norfolk Southern Railway and Triple Crown Services Company

920049v2