Mark Minuti (Del. No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840
(302) 421-5873 (Fax)

and

Adam H. Isenberg, Esq.
**SAUL EWING LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-8662
(215) 972-1853 (Fax)

Attorneys for Schneider National, Inc.,
Schneider National Carriers, Inc. and
Schneider Logistics, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                             :
IN RE:                          :    Chapter 11
                             :
GENERAL MOTORS CORP., et al.,   :    Case No. 09-50026 (REG)
                             :
         Debtors.            :    (Jointly Administered)
                             :
------------------------------------------------------------x

**OBJECTION OF SCHNEIDER NATIONAL, INC., SCHNEIDER NATIONAL
CARRIERS, INC. AND SCHNEIDER LOGISTICS, INC. TO THE
DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT
<u>AND PROPOSED CURE CLAIMS</u>**

NOW COMES Schneider National, Inc. ("<u>SNI</u>") and its wholly owed affiliates Schneider National Carriers, Inc. ("<u>SNC</u>") and Schneider Logistics, Inc. ("<u>SLI</u>," collectively with SNI and SNC as "<u>Schneider</u>"), by and through their undersigned counsel, and hereby submit this objection (the "<u>Objection</u>") to the assumption and assignment by General Motors Corp. (the

1165924.1 6/15/09

"Debtor") of the Schneider Contracts (as defined below). In support of this Objection, Schneider shows as follows:

1. SNI is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin. SNI, through its affiliates and subsidiaries, is the leading provider of premium truckload, intermodal and logistic services in the United States.

2. On June 1, 2009 (the "Petition Date"), the Debtor and certain affiliated entities (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Prior to the Petition Date, SNC and the Debtors entered into a contract, identified by the Debtor as contract number GM-00011470 (the "SNC Contract"), pursuant to which SNC provided certain transportation services to the Debtors, all as detailed and described in the SNC Contract.

5. Prior to the Petition Date, SLI and the Debtors entered into a contract, identified by the Debtors as contract number N530348 (the "SLI Contract," together with the SNC Contract as the "Schneider Contracts"), pursuant to which SLI provided certain logistic services to the Debtors, all as detailed and described in the SLI Contract.

6. On or about June 2, 2009, the Court entered an order authorizing procedures for determining, among other things, the assumption and assignment of executory contracts that may be assumed by the Debtors and the pre-petition cure amounts for each of these contracts (the "Sale Procedures Order") [Doc. No. 274].

7. On June 5, 2009, the Debtors sent notice to SNI (the "Assumption/Assignment Cure Notice"), indicating that the Schneider Contracts may be assumed and assigned as part of the proposed sale of certain assets to a third-party. The Assumption/Assignment Cure Notice directed SNI to a dedicated website for details regarding the Debtors' view as to the appropriate cure amounts due under the Schneider Contracts.

8. As of the morning of the date of this Objection, the Debtors' website dedicated to contract notices contains no cure claim details related to the Schneider Contracts.

9. As of the date of this Objection, Schneider's best estimate of the amount necessary to cure existing defaults under the SNC Contract is $1,322,784.89, as set forth on the report attached hereto as Exhibit "A" and incorporated by reference herein.

10. As of the date of this Objection, Schneider's current best estimate of the amount necessary to cure existing defaults under the SLI Contract is $2,831,952, as set forth on the report attached hereto as Exhibit "B" and incorporated by reference herein.

11. While it is unclear whether or not the Debtors dispute the cure claims identified above, Schneider files this Objection, as required by the Sale Procedures Order, to set forth and preserve its entitlement to the cure claims identified above and detailed on the attached aging reports.

12. Schneider reserves the right to raise and be heard with respect to other objections to the Assumption/Assignment Cure Notice, as well as to revise the within Objection.

WHEREFORE, Schneider seeks an order (a) sustaining its Objection and finding that the cure claims identified herein are required to be paid to Schneider upon assumption and assignment of the Schneider Contracts; (b) reserving its rights in connection with the Sale Procedures Order; and (c) granting Schneider such other relief as is just and proper.

/s/ Mark Minuti
Mark Minuti (Del. No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840
(302) 421-5873 (Fax)

and

Adam H. Isenberg, Esq.
**SAUL EWING LLP**
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-8662
(215) 972-1853 (Fax)

Counsel to Schneider National, Inc., Schneider Logistics, Inc. and Schneider National Carriers, Inc.

Dated:  June 15, 2009