SAUL EWING LLP
Jeffrey C. Hampton, Esquire
Adam H. Isenberg, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7118/8662
Facsimile: (215) 972-1848/1853

Attorneys for JAC Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
            :
In re:      :    Chapter 11
            :
GENERAL MOTORS CORPORATION, *et al.*    :    Case No. 09-50026 (REG)
            :
                    Debtors.    :
            :
-----------------------------------------------------------------x

## LIMITED OBJECTION OF JAC PRODUCTS, INC. AND FRANKLIN ALUMINUM COMPANY, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO

JAC Products, Inc. and Franklin Aluminum Company, Inc. (collectively, "JAC"), by and through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon JAC by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

### Background

1. On or about June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under Chapter 11 of the Bankruptcy Code.

1165534.2 6/15/09

2.     On June 2, 2009, this Court entered an Order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding the Debtors' assumption and assignment of executory contracts.

3.     Pursuant to the Bidding Procedures Order, on or about June 5, 2009, the Debtors delivered an Assignment Notice to JAC, indicating that the Debtors intend to assume and assign to the proposed purchaser of the Debtors' assets (the "Purchaser") certain of the Debtors' agreements with JAC (the "Assumed Contracts"). The secure contract website maintained by the Debtors (the "Contract Website") reflects a cure amount owing to JAC in the amount of $263,708.30 (the "Proposed Cure Amount"). According to JAC's books and records, the Proposed Cure Amount is less than the amount that should be paid to cure the pre-petition defaults under the Assumed Contracts.

### Cure Objection

4.     Pursuant to section 365(b)(1) of the Bankruptcy Code, a debtor seeking to assume and assign an executory contract must (1) cure, or provide adequate assurance that it will promptly cure, all defaults under the contract, (2) compensate the counterparty to the contract for any pecuniary loss to such party resulting from any defaults under the contract, and (3) provide the counterparty to the contract with adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1). Unless JAC receives payment sufficient to cure all existing defaults up to the time of assumption, the Assumed Contracts may neither be assumed nor assigned by the Debtors.

5.     JAC does not object *per se* to the assumption of the Assumed Contracts and the assignment thereof to the Purchaser. JAC objects to the Assignment Notice solely to the extent that the Proposed Cure Amount does not accurately reflect the amount due to JAC to cure

all defaults under the Assumed Contracts. As further explained below, the Proposed Cure amount is less than the amount currently in default.

### Proper Cure Amount

6. On December 3, 2008, General Motors Corporation ("GM") issued Purchase Order # 18DB001C ("PO#1") to JAC under a Tooling Contract. On the Contract Website, the Debtors designate PO#1 as a contract that may be assumed and assigned to the Purchaser. However, the Debtors do not list a corresponding cure amount for PO#1. According to JAC's books and records, the cure amount for PO#1 is $443,900. JAC submits that this amount should be included in the Proposed Cure Amount.

7. On April 9, 2009, GM issued Purchase Order # KRR00042 ("PO#2") to JAC under a Tooling Contract. On the Contract Website, the Debtors designate PO#2 as a contract that may be assumed and assigned to the Purchaser. However, the Debtors do not list a corresponding cure amount for PO#2. According to JAC's books and records, the cure amount for PO#2 is $134,700. JAC submits that this amount should be included in the Proposed Cure Amount.

8. In addition to omitting the cure amounts for PO#1 and PO#2, the Proposed Cure Amount is $17,966.44 less than the amount reflected in JAC's books and records. Attached hereto as Exhibit "A" and incorporated herein is a list of invoices relating to purchase orders that have been designated for possible assumption and assignment by the Debtors with improper cure amounts (the "Noticed Invoices"), and the corresponding cure amount shortfall.

9. As such, JAC objects to the Proposed Cure Amount and submits that the proper cure amount is $860,274.74, comprised of the Proposed Cure amount, the cure amount for PO#1 and PO#2 and the correct cure amount for the Noticed Invoices.

1165534.2 6/15/09

-3-

**Additional Relief**

10. In addition, JAC seeks clarification from the Debtors with respect to the following issues:

(i) JAC is unable to identify nine of the agreements designated for assumption on the Contract Website (the "<u>Unidentified Agreements</u>"), a list of which is attached hereto as Exhibit "B" and incorporated herein. JAC has spoken to certain of its contacts at GM regarding the Unidentified Agreements in an effort to clarify this issue. As of the date of this Objection, the GM contacts have not been able to identify these nine agreements. JAC requests that the Debtors provide further information identifying the Unidentified Agreements.

(ii) According to JAC's books and records, there are seven additional open purchase orders that were issued from GM to JAC (the "<u>Excluded Purchase Orders</u>") prior to the Petition Date, a list of which is attached hereto as Exhibit "C" and incorporated herein. The Excluded Purchase Orders were not designated on the Contract Website as contracts to be assumed and assigned to the Purchaser. JAC believes that the Excluded Purchase Orders should have been designated for assumption and assignment and have been left off the list in error. JAC requests that the Debtors clarify their intended course of action with respect to the Excluded Purchase Orders.

WHEREFORE, JAC respectfully requests that the Debtors: (a) correct the Proposed Cure Amount for the Assumed Contracts to reflect the actual cure amount of $860,274.74; (b) provide

further information regarding the Unidentified Agreements; and (c) clarify their intended course of action with respect to the Excluded Purchase Orders.

Dated: June 15, 2009　　　　　　　　　　SAUL EWING LLP

By: /s/ Jeffrey C. Hampton
　　Jeffrey C. Hampton, Esquire
　　Adam H. Isenberg, Esquire
　　Centre Square West
　　1500 Market Street, 38th Floor
　　Philadelphia, PA 19102
　　Telephone: (215) 972-7118/8662
　　Facsimile: (215) 972-1848/1853

　　Attorneys for JAC Products, Inc. and Franklin Aluminum Company, Inc.