James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500

Attorneys for JASCO International, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:  Chapter 11
In re:                                                        :
:  Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                               :
:  (Jointly Administered)
              Debtors.                    :
---------------------------------------------------------------x

**JASCO INTERNATIONAL, LLC'S LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      JASCO International, LLC, on behalf of itself and its subsidiaries, affiliates and related entities (collectively, "JASCO"), through its attorneys, Dickinson Wright PLLC, states as follows for its Objection:

      1.      On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims,*

1

*Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. The secured website provided that Debtors intended to assume certain executory contracts (the "Executory Contracts") and tender a cure amount of $109,360.06 (the "Debtors' Cure Amount") to JASCO.

2

6. Although JASCO does not object to the assumption of the Executory Contracts *per se*, JASCO objects to the Debtors' Cure Amount.

7. In fact, the amount required to pay the balance of the Executory Contracts and to cure defaults is no less than $135,306.98 . Detail and support for this cure amount is provided in **Exhibit A**, attached. In addition, the cure amount must include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

8. JASCO objects to the assumption and assignment of the Executory Contracts unless Debtors pay the amount of no less than $135,306.98 and provide adequate assurance of future performance.[1]

**WHEREFORE** JASCO respectfully requests that this Court find that the amount required to cure the existing defaults under the Executory Contracts is no less than $135,306.98 and deny the Debtors' assumption and assignment of the Executory Contracts unless this cure amount is promptly paid to JASCO.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

    By: /s/   Michael C. Hammer
    James A. Plemmons (*pro hac vice*)
    Michael C. Hammer (*pro hac vice*)
    500 Woodward Ave., Suite 4000
    Detroit, MI 48226
    Tel: (313) 223-3500
    Email: jplemmons@dickinsonwright.com
    Email: mhammer@dickinsonwright.com

    Attorneys for JASCO International, LLC

Dated: June 15, 2009

---

[1] To the extent Debtors argue that JASCO's claims are subject to the cure dispute resolution process, JASCO objects that the Debtors should not have the right to determine unilaterally and without a strict deadline whether a given dispute is subject to alternative dispute resolution procedures, as this would allow Debtors to delay cure proceedings indefinitely.

3

6/12/2009

**JASCO INTERNATIONAL, LLC.**

| | |
|---|---:|
| **JASCO A/R  different than Cure Amount** | **$25,946.92** |
| **As shown on www.contractnotices.com** | $109,360.06 |
| 6/12/2009, 2:39PM(EST) | |
| **Account Receivables of JASCO** | $135,306.98 |
| as of 5/31/2009 | |