CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal

*Attorneys for Valeo, Inc. and certain of its affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
:
In re                                                                    :    Chapter 11
:
General Motors Corporation, *et al.*,                                    :    Case No. 09-50026 (REG)
:
Debtors.                                                                 :    (Jointly Administered)
:
------------------------------------------------------------------------ X

## LIMITED OBJECTION OF VALEO, INC. AND ITS AFFILIATES TO DEBTORS' PROPOSED CURE COSTS

Valeo, Inc., on behalf of itself and certain of its affiliates, including but not limited to those listed in Exhibit A hereto (collectively, "Valeo"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the proposed notice of assumption and assignment and cure cost in respect of certain of Valeo's contracts as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice") and the Contract Website (as defined below), in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and

Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Bidding Procedures Order").[1]

Valeo files this Limited Objection to reserve rights with respect to the correct cure amount owed with respect to its executory contracts with the Debtors that will be assumed and assigned. In support of the Limited Objection, Valeo respectfully states as follows:[2]

## BACKGROUND

1. Valeo provides a range of goods and services to the Debtors, including but not limited to components, integrated systems and modules for cars and trucks.

2. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered to Valeo an Assumption and Assignment Notice dated June 5, 2009, with login information to a secured website with contract reference numbers and cure amounts (the "Contract Website"). As of the date hereof, the Contract Website lists 944 contracts with Valeo and a proposed aggregate cure cost of $2,419,460.79 in respect thereof.[3]

4. The Contract Website indicates that the Debtors intend to assume and assign certain contracts with Valeo. Certain of the contracts and cure amounts listed on the website relate to (i) affiliates of the Debtors that are not a part of this bankruptcy proceeding, and (ii) other companies that are not affiliated with Valeo. In addition, Valeo believes that it has

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Bidding Procedures Order.
[2] Valeo has been and remains engaged in discussions with the Debtors and is optimistic that a consensual resolution of the issues raised in this Limited Objection may be reached. Valeo is filing this Limited Objection in order to preserve its rights in the event that a consensual resolution is not reached with the Debtors.
[3] As of the date hereof, Valeo believes it may not have received an Assumption and Assignment Notice with respect to all of the contracts identified on the Contract Website. As such, it is unclear whether it has received a Contract Website password with respect to all contracts to be assumed and when the 10-day deadline for filing cure objections commenced.

2

additional contracts with the Debtors that are executory contracts and reserves its right to assert additional cure amounts for such contracts.

5. The Bidding Procedures Order requires that objections to proposed cure costs be filed and served no later than ten days after the date of an Assumption and Assignment Notice. See Bidding Procedures Order ¶ 10. As described below, the Contract Website information is incomplete and, as such, Valeo has certain limited objections to the relief sought.

**LIMITED OBJECTION**

6. Valeo generally has no objection to the assumption and assignment of its contracts, purchase orders and other agreements with the Debtors, in accordance with the plans set forth in the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing, provided that the correct cure amounts are paid.

7. However, the information provided to Valeo is insufficient for Valeo to determine definitively which contracts the Debtors intend to assume and assign. As of the date hereof, the Contract Website contains little information as to the precise identity of the contracts corresponding to each proposed cure amount. In the absence of more information about the listed contracts, Valeo is unable to determine definitively which contracts the Debtors intend to assume and assign and the corresponding cure amounts under such contracts. It is the Debtors' burden to provide Valeo with the information necessary to allow Valeo to ascertain which

3

contracts the Debtors actually intend to assume and to calculate the proposed corresponding cure amounts accurately.

8.      Based on the limited information available on the Contract Website as of the date hereof, Valeo believes that the Debtors' proposed cure costs under the currently identified contracts (collectively, "Identified Agreements") are incorrect and do not include all amounts due to Valeo under the Identified Agreements. Valeo believes that (i) the actual cure cost owed to Valeo under the Identified Contracts for past due unpaid amounts as of June 1, 2009 is an amount no less than $2,320,003.43, and (ii) the actual cure cost owed to Valeo under the Identified Agreements for additional unpaid amounts as of June 1, 2009 was an amount of no less than $1,537,032.30 (such amounts described in clauses (i) and (ii), the "Estimated Pre-Petition Cure Cost"). Supporting material providing more detailed information concerning the Estimated Pre-Petition Cure Cost is available upon request.

9.      The Assumption and Assignment Notice contemplates that the Debtors may modify the information on the Contract Website from time to time. See Assumption and Assignment Notice ¶ 13. To the extent that any such modifications are made to the list of Valeo contracts and/or the corresponding cure amounts, Valeo reserves its right to amend the Estimated Pre-Petition Cure Cost and inform the Debtors of such amendments to the Estimated Pre-Petition Cure Cost, all without the need for Valeo to (and without prejudice to Valeo's right to) file and/or serve amendments or supplements to this Limited Objection.

10.     The Estimated Pre-Petition Cure Cost amount does not include additional unpaid amounts ("Post-Petition Amounts") owed or that will be owed by the Debtors to Valeo for post-petition goods and services.[4] Under section 365 of the Bankruptcy Code, a debtor must

---

[4] Valeo has made good faith efforts to identify the correct cure amounts under the Identified Agreements with the Debtors that would be subject to assumption and assignment; however, given the short notice

4

first cure, or provide adequate assurance that it will promptly cure, all defaults incident to any assumed contracts. Here, the Debtors cannot assume or assign Valeo's contracts without agreeing to payment of the full amount of the actual cure cost <u>as of the effective date</u> of such assumption and assignment, and Valeo reserves its rights to payment of all such post-petition cure amounts in full.

        11.    Valeo expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file additional and/or supplemental objections. Valeo expressly reserves its rights to payment in full of all Post-Petition Amounts that are currently or may in the future become due.

## **CONCLUSION**

        WHEREFORE, for the reasons set forth herein, Valeo respectfully requests that the Court (i) establish the Estimated Pre-Petition Cure Cost owed to Valeo under the Identified Agreements in an amount no less than $3,857,035.84, (ii) authorize the Debtors to pay Valeo without further order of the Court any additional cure amounts payable as they become known, and (iii) grant such other and further relief as this Court may deem just or proper.

---

    period and the lack of information on the Contract Website, Valeo reserves its right to assert additional or different cure amounts if such additional cure amounts and/or additional payments made in respect thereof become known.

Dated: New York, New York

June 15, 2009

                        Respectfully submitted,

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

                        By:   /s/ Sean A. O'Neal
                                Sean A. O'Neal
                                Member of the Firm
                                One Liberty Plaza
                                New York, New York 10006
                                Telephone:  (212) 225-2000
                                Facsimile:  (212) 225-3999

                                *Attorneys for Valeo, Inc. and its affiliates*

# EXHIBIT A

## List of Valeo Entities

Delmex de Juarez, S. de R.L. de C.V.
Valeo Automotive Security Systems (Wuxi) Co. Ltd.
Valeo Automotive Transmission Systems (Nanjing) Co. Ltd.
Valeo Autosystemy S.p. z.o.o.
Valeo Climate Control Corp.
Valeo Climate Control de Mexico, S.A. de C.V.
Valeo Compressor North America, Inc. (f/k/a Zexel Valeo Compressor North America, Inc.
(f/k/a Zexel USA Corporation) and successor in interest to Valeo Compressor USA)
Valeo Electric and Electronic Systems S.p. z.o.o.
Valeo Electrical Systems Korea Ltd.
Valeo Electrical Systems, Inc. (d/b/a Valeo Wiper Systems and Electric Motors)
Valeo Embrayages S.A.S.
Valeo Engine Cooling, Inc.
Valeo Equipements Electriques Moteur S.A.S.
Valeo, Inc. (f/k/a Valeo Clutches & Transmissions, Inc.)
Valeo Investment Holdings, Inc. (f/k/a Valeo Wiper Systems, Inc.)
Valeo Pyeong Hwa Co. Ltd.
Valeo Radar Systems, Inc. (f/k/a Valeo Raytheon Systems, Inc.)
Valeo Schalter und Sensoren GmbH
Valeo Sistemas Automotivos Ltda.
Valeo Sistemas Electricos, S.A. de C.V. (f/k/a Valeo Termico, S.A. de C.V.)
Valeo Switches and Detection Systems, Inc.
Valeo Systemes Thermiques S.A.S.
Valeo Vision S.A.S.
Valeo Wischersystems GmbH