Dion W. Hayes
Shawn R. Fox
McGUIREWOODS LLP
1345 Avenue of the Americas, Seventh Floor
New York, New York 10105
(212) 548-2100

*Counsel for Dominion Retail, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
| In re: | : | Chapter 11 Case No. |
| | : | |
| GENERAL MOTORS CORP., *et al*. | : | 09-50026 (REG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | Related Docket Nos. 92 and 274 |

------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF DOMINION RETAIL, INC. ,
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
<u>REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO</u>**

Dominion Retail, Inc. ("Dominion"), by and through its undersigned counsel, pursuant to section 365 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure, hereby asserts its Objection and Reservation of Rights to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property And (II) Cure Amounts Related Thereto (a "Cure Notice"),[1] and respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings given them in the Cure Notice found as Exhibit D to the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and FED. R. BANKR. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline

**Preliminary Statement**

On June 10, 2009, Dominion received a Cure Notice for the Dominion Gas Contract (as defined below).  The Cure Notice asserts that there is no amount due on account of the Dominion Gas Contract which must be paid in order to cure monetary defaults arising under the Dominion Gas Contract.[2]  However, it appears that there is approximately $557,142.29 currently outstanding on account of prepetition amounts due to Dominion under the Dominion Gas Contract.  Moreover, amounts have accrued, and continue to accrue, postpetition pursuant to the Dominion Gas Contract.  The Debtors must pay all amounts which accrue under the Dominion Gas Contract before the Debtors may assume and assign the contract.

Additionally, any assignment of the Dominion Gas Contract must provide the security as required pursuant to the Dominion Gas Contract.  The Debtors have not proposed if or how Vehicle Acquisition Holdings LLC will provide such security to Dominion.[3]

**Background**

1.    On June 1, 2009 (the "Petition Date"), the above captioned debtors (the "Debtors") filed their Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and FED. R. BANKR. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle

---

and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice [Docket No. 274].

[2] Nothing in this Objection should be viewed as an admission that the Dominion Gas Contract is an executory contract.  Dominion reserves all rights to assert that the Dominion Gas Contract is not an executory contract and therefore cannot be assumed and assigned by the Debtors.  Likewise, Dominion reserves all rights to assert that the Dominion Gas Contract is a forward contract as such term is defined in section 101(25) of the Bankruptcy Code.

[3] Prepetition, GM posted cash security in the amount of $1,500,000.00 in an escrow account to comply with the Dominion Gas Contract.

Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Motion").

2.  An order approving the Motion was entered by this Court on June 2, 2009 [Docket No. 274] (the "Order"). In the Order, the Court approved, *inter alia*, certain procedures for the assumption and assignment of executory contracts and unexpired leases (the "Contract Procedures").

3.  Both prior to and after the Petition Date, Dominion provided natural gas to General Motors Corporation ("GM") pursuant to that certain Base Contract for Sale and Purchase of Natural Gas dated April 27, 2006, as amended, between GM and Dominion Retail, Inc. (the "Dominion Gas Contract"). A copy of the Dominion Gas Contract is attached hereto as Exhibit A.

4.  The Dominion Gas Contract contains certain financial responsibility requirements. (Dominion Gas Contract § 10.1). These financial responsibility requirements provide for the posting of security by GM (the "Security") in an escrow account. (Id.) To satisfy this Security requirement, Dominion and GM entered into that certain Escrow Agreement among GM, Dominion, and the Bank of New York dated May 11, 2006, as amended (the "Escrow Agreement"), which provides for the escrow of certain funds of GM with the Bank of New York. $1,500,000.00 plus accrued interest is currently held in an escrow account pursuant to the Escrow Agreement.

5.  On June 10, 2009, Dominion received a Cure Notice for the Dominion Gas Contract, dated June 5, 2009, (the "Dominion Cure Notice"). The Dominion Cure Notice provided Dominion's username and password for "http://www.contractnotices.com" (the

"Website"), which the Debtors created in order to provide contract counterparties with access to the amount that the Debtors assert must be paid to cure all monetary defaults under a contract.

6. Upon accessing the website, Dominion has determined that, upon information and belief, the Dominion Gas Contract is noticed for assumption and assignment to Vehicle Acquisition Holdings LLC ("Vehicle Acquisition Holdings") pursuant to section 365 of the Bankruptcy Code. However, the Escrow Agreement is not currently noticed for assumption and assignment to Vehicle Acquisition Holdings.

7. The Website states that there is no amount that is required to be paid to Dominion to cure all monetary defaults under the Dominion Gas Contract.

**Relief Requested**

8. The Debtors have asserted that the amount to be paid to cure all monetary defaults on account of the Dominion Gas Contract is $0.00. Contrary to the Debtors' assertions, according to Dominion's books and records, approximately $557,142.29[4] (the "Prepetition Charges") is due and owing to Dominion under the Dominion Gas Contract for the prepetition natural gas provided by Dominion to GM. An aggregate listing of the Prepetition Charges is more fully set forth in the invoices attached hereto as Exhibit B. GM is in default under the Dominion Gas Contract for failure to pay amounts due under the Dominion Gas Contract.

9. In addition to the Prepetition Charges, GM is also indebted to Dominion for natural gas provided by Dominion under the Dominion Gas Contract postpetition. As

---

[4] The prepetition amounts due include: a) $351,915.01 due on account of natural gas provided to GM in April 2009, and b) an estimated $205,227.24 due on account of natural gas provided to GM in May 2009 (the "May Charges"). The amount of the May Charges will be finalized on or about June 16, 2009, when the amounts of natural gas provided to GM are reconciled by Dominion and the pipeline operators that shipped natural gas to GM.

4

Dominion continues to provide natural gas under the Dominion Gas Contract on a postpetition basis, postpetition charges continue to accrue. All outstanding postpetition charges that are due and owing as of the date of the proposed assumption of the Dominion Gas Contract, are referred to herein as the "Postpetition Charges."

10. The Dominion Gas Contract also provides that GM indemnifies Dominion for all losses, liabilities or claims, including reasonable attorneys' fees, arising from or out of claims regarding payment ("Indemnity Claims"). (Dominion Gas Contract § 8.03). Dominion has and continues to incur Indemnity Claims in the assertion of this Objection (the "Indemnity Charges"). The Postpetition Charges, the Prepetition Charges and the Indemnity Charges are collectively referred to herein as the "Cure Claim."

11. The Cure Claim is a monetary default which must be cured under section 365(b)(1)(A) of the Bankruptcy Code before GM may assume the Dominion Gas Contract. Dominion objects to any attempted assumption and assignment of the Dominion Gas Contract without the prompt payment of the Cure Claim. All amounts due and owing under the Dominion Gas Contract on the effective date of assumption must be paid prior to or on the effective date of the assumption and assignment of the Dominion Gas Contract. To the extent GM or Vehicle Acquisition Holdings fails to pay the Cure Claim, Dominion objects to the assumption and assignment of the Dominion Gas Contract for failure to comply with section 365(b)(1)(A) of the Bankruptcy Code.

12. Dominion also objects to the assumption and assignment of the Dominion Gas Contract for failure to provide Security under the Dominion Gas Contract. The Dominion Gas Contract calls for the Security to be posted in an escrow account by GM. Pursuant to the Escrow Agreement, GM posted the Security under the Dominion Gas

Contract prior to the Petition Date.  The Cure Notice makes no provision for such Security or the required escrow account.

13.  $1,500,000.00 must be posted in an escrow account as Security in order to comply with the terms of the Dominion Gas Contract.  Moreover, the failure of Vehicle Acquisition Holdings to post $1,500,000.00 in Security would place Dominion in a worse position than it was in on the Petition Date or during the pendency of the Debtors' chapter 11 cases.  Such failure to post Security in an escrow account would also constitute an event of default under the Dominion Gas Contract after assignment, which would be grounds for termination of the Dominion Gas Contract.  Dominion hereby objects to the assumption and assignment of the Dominion Gas Contract to Vehicle Acquisition Holdings to the extent Vehicle Acquisition Holdings fails to post the Security in an amount of at least $1,500,000.00 in an escrow account.  Alternatively, the Escrow Agreement—which provides Security—and the corresponding escrow account should be assigned to Vehicle Acquisition Holdings to provide the required Security.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Dominion, by counsel, objects to the assumption and assignment of the Dominion Gas Contract to the extent: a) GM seeks to assume and assign the Dominion Gas Contract without paying the Cure Claim in full prior to or on the effective date of assumption, and b) Vehicle Acquisition Holdings fails to provide Security or otherwise comply with and take assignment of the Escrow Agreement.

Dated: June 15, 2009                       DOMINION RETAIL, INC.
New York, NY

                                               S/Shawn R. Fox
                                               Dion W. Hayes
                                               Shawn R. Fox
                                               McGUIREWOODS LLP
                                               1345 Avenue of the Americas, Seventh Floor
                                               New York, New York 10105
                                               (212) 548-2100

                                               *Counsel for Dominion Retail, Inc.*