Objection to Bankruptcy Proceedings for General Motors Corp.,et al.,

June 12, 2009

To: Clerk of Bankruptcy Court
From: Robert Daniel Howell and Sharlene Howell
Subject: Objection to Bankruptcy Proceedings

I would like to express my objection to the proposed resolution of the GM bankruptcy. My wife and I own ~2200 shares of GM preferred stock, purchased at face value of $25/share. This was part of our retirement portfolio as the 7.375% dividend justified the risk of owning preferred stock(senior notes due 5/15/48). The dividend was over $4000/yr of our retirement income.

The proposal of receiving 225 shares of new GM common stock (no dividend) per $1000 value of preferred stock would appear reasonable if the GM stock had a value of over $6/share. Historically, preferred stock receives about 60% of face value upon liquidation of a bankrupt corporation or in this case about $15/share of preferred stock. At present GM stock is less than $1/share and will be diluted 100:1 after the additional shares are issued making this a penny stock. Even GM's most optimistic forecast had the stock at $0.42/share which would equal a 9% return on the face value of the preferred stock.

If recent publications are correct GM has debt of $6.3 billion to the UAW, will have total debt expected debt of $48.3 to the US Treasury, $12.3 billion to Canada, and $27.6 billion to bond and preferred stock holders. This totals $94.5 billion of present and expected debt. If the new issue of common stock were to be spread evenly among debt holders I believe the correct ratios of ownership would be:

US Treasury                51.1%
Canada                     13.0%
UAW                         6.7%
Bond/Preferred Stock holders 29.2%

Since the US Treasury department is dictating what percent of ownership is allowable for other debt holders it would make a more equitable proceeding if they paid off the other debt holders and took 100% ownership.

The government's claim that 52% of bond/preferred stock holders voted to accept the trade of common stock for their notes is as bogus as the late receipt of the present correspondence and implied agreement to terms if no notice was received to the contrary. If the conditions were reversed and failure to receive a notice of approval meant disapproval the percentage of acceptance would have been no more than 10%.

The distribution of assets in this bankruptcy proceeding is totally outside the normal guidelines and I prefer taking my chances of recovering part of my investment in a normal court proceeding.

Dan Howell
Sharlene Howell

JUN 15 2009