**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
General Motors Corp., *et al.*,            :    Case No. 09-50026 (REG)
:
Debtors.              :    (Jointly Administered)
-----------------------------------------------------------x

**LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES OF SPAIN SL
AND ITS AFFILIATES TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE,
SOUTHERN DISTRICT OF NEW YORK:

Affiliated Computer Services of Spain SL ("ACS Spain") and its affiliates, by its undersigned attorneys, files this Limited Objection to Notice of Debtors' (I) Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto and in support thereof avers as follows:

**I. PROCEDURAL BACKGROUND**

1.    On June 1, 2009 ("Petition Date"), General Motors Corporation, *et al.* ("General Motors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, General Motors filed its Motion of the Debtors and Debtors in Possession Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004 and 6006 for An Order Approving Bidding Procedures and Bidder Protections for the Sale of Substantially All of the Debtors' Assets And Scheduling A Final Sale Hearing And Approving the Form and Manner of Notice Thereof; And For An Order Authorizing The Sale Of Substantially All of the Assets, Free and Clear of Liens, Claims, Interests and Encumbrances and Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "363 Motion").

3. In the 363 Motion, General Motors asked the Court to approve the proposed sale of substantially all of General Motors' assets to Vehicle Acquisition Holders, L.L.C., as "New General Motors". General Motors also asked the Court to approve procedures for assuming and assigning contracts to New General Motors.

4. The Court granted the 363 Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to New General Motors.

5. Subsequently, General Motors sent a Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto (the "Assumption Notice"). The Assumption Notice provides parties ten days to object to the assumption and assignment of any designated agreements proposed to be assumed and assigned or to the cure costs proposed to be paid with respect to the designated agreements.

6. Affiliated Computer Services, Inc. (an affiliate of ACS Spain) respectfully anticipates receiving an assumption and assignment of further contracts other than the European Services Agreement between ACS Spain and General Motors Europe AG (Finance and

LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES OF SPAIN SL AND ITS AFFILIATES
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Page 2

Accounting) ("ACS Spain Contract").  ACS Spain cannot presently determine the cure amount from the Assumption Notice and other information General Motors has provided.

## II. LIMITED OBJECTION TO ASSIGNMENT AND ASSUMPTION OF CONTRACT AND PROPOSED CURE AMOUNT

7.  ACS Spain objects to the proposed assumption and assignment of the ACS Spain Contract to the extent that General Motors lacks standing to assume or assign the contract.

8.  Both the Bidding Procedures Order and the Notice of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, as required under provisions of 11 U.S.C. § 365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an expired lease of real property …;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

9.  Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption.  Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stolz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999).  Unless ACS Spain receives payment sufficient to cure all existing defaults up to the time of assumption, together

with adequate assurance of future performance under each of the assumed contracts, the assumed contracts may neither be assumed nor assigned.

10. ACS Spain cannot ascertain the proposed cure amount and accordingly objects. The cure amount is the pre-petition amount that is currently unpaid of $407,938.00 (U.S.) plus any and all unpaid post-petition amounts. ACS Spain preserves its right to object to the assumption to the extent that any postpetition amounts remain outstanding.

11. ACS Spain also has certain ownership rights of certain intellectual property as defined in the Agreement. ACS Spain also preserves its rights concerning such property.

12. To the extent that General Motors has sent or will send out its notice of assumption and assignment on its other contracts with ACS, which, for whatever reason, ACS may not have received such notice, ACS reserves the right to object thereto.

WHEREFORE, ACS respectfully requests that its limited objection be granted and for such and other further relief as may be justly entitled.

LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES OF SPAIN SL AND ITS AFFILIATES
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Page 4

Respectfully submitted,

SINGER LEVICK, P.C.

/s/ Larry A. Levick
Larry A. Levick
Texas Bar No. 12252600
Michelle E. Shriro
Texas Bar No. 18310900

16200 Addison Road, Ste. 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748
levick@singerlevick.com
mshriro@singerlevick.com


FORMAN HOLT ELIADES & RAVIN, LLC

/s/ Joseph M. Cerra
Joseph M. Cerra (JC 0903)

888 7th Avenue, Suite 4500
New York, NY 10106
(212) 707-8500
Fax: (212) 707-8511
jcerra@formanlaw.com

ATTORNEYS FOR
AFFILIATED COMPUTER SERVICES, INC.
AND AFFILIATED COMPUTER SERVICES OF SPAIN SL

LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES OF SPAIN SL AND ITS AFFILIATES
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Page 5

## **CERTIFICATE OF SERVICE**

      I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon those parties listed on the attached service list as indicated on this 15th day of June 2009.

      /s/ Larry A. Levick
      Larry A. Levick