CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal

*Attorneys for AMPORTS, Inc. and certain of its affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                     :

In re                                    :     Chapter 11

General Motors Corporation, *et al.*,     :     Case No. 09-50026 (REG)

                              Debtors.     :     (Jointly Administered)

------------------------------------------------------------------------ X

## LIMITED OBJECTION OF AMPORTS, INC. TO DEBTORS' PROPOSED CURE COSTS

      AMPORTS, Inc., APS East Coast, Inc., APS West Coast, Inc., APS West Coast Benicia Port Terminal (collectively, "Amports"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the proposed notice of assumption and assignment and cure cost in respect of certain of Amports' contracts as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice") and the Contract Website (as defined below), in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale

Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "<u>Bidding Procedures Order</u>").[1]

Amports files this Limited Objection to reserve rights with respect to the correct cure amount owed with respect to its executory contracts with the Debtors that will be assumed and assigned. In support of the Limited Objection, Amports respectfully states as follows:[2]

## BACKGROUND

1. Amports provides a range of goods and services to the Debtors, including but not limited to inland truck and rail receiving, export processing, storage services and pre-vessel staging for GM vehicles exported through Amports port facilities.

2. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered to Amports an Assumption and Assignment Notice dated June 5, 2009, with login information to a secured website with contract reference numbers and cure amounts (the "<u>Contract Website</u>"). The Contract Website indicates that the Debtors intend to assume and assign certain contracts with Amports but does not disclose the Debtors' proposed cure costs thereunder.[3]

4. The Bidding Procedures Order requires that objections to proposed cure costs be filed and served no later than ten days after the date of an Assumption and Assignment Notice. <u>See</u> Bidding Procedures Order ¶ 10. As described below, the Contract Website

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Bidding Procedures Order.

[2] Amports has been and remains engaged in discussions with the Debtors and is optimistic that a consensual resolution of the issues raised in this Limited Objection may be reached. Amports is filing this Limited Objection in order to preserve its rights in the event that a consensual resolution is not reached with the Debtors.

[3] As of the date hereof, Amports believes it may not have received an Assumption and Assignment Notice with respect to all of the contracts identified on the Contract Website. As such, it is unclear whether it has received a Contract Website password with respect to all contracts to be assumed and when the 10-day deadline for filing cure objections commenced.

2

information is incomplete and, as such, Amports has certain limited objections to the relief sought.

**LIMITED OBJECTION**

5. Amports generally has no objection to the assumption and assignment of its contracts, purchase orders and other agreements with the Debtors, in accordance with the plans set forth in the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing, provided that the correct cure amounts are paid.

6. Amports believes that the actual cure cost owed to Amports under the contracts currently identified in an Assumption and Assignment Notice and/or the Contract Website (collectively, the "Identified Contracts") for services provided prior to June 1, 2009 is an amount no less than $347,712.84 (the "Estimated Pre-Petition Cure Cost"). Supporting material providing more detailed information concerning the Estimated Pre-Petition Cure Cost is available upon request.

7. The Assumption and Assignment Notice contemplates that the Debtors may modify the information on the Contract Website from time to time. See Assumption and Assignment Notice ¶ 13. To the extent that any such modifications are made to the list of Amports contracts and/or the corresponding cure amounts, Amports reserves its right to amend the Estimated Pre-Petition Cure Cost and inform the Debtors of such amendments to the

3

Estimated Pre-Petition Cure Cost, all without the need for Amports to (and without prejudice to Amports' right to) file and/or serve amendments or supplements to this Limited Objection.

8. The Estimated Pre-Petition Cure Cost amount does not include additional unpaid amounts ("Post-Petition Amounts") owed or that will be owed by the Debtors to Amports for post-petition goods and services.[4] Under section 365 of the Bankruptcy Code, a debtor must first cure, or provide adequate assurance that it will promptly cure, all defaults incident to any assumed contracts. Here, the Debtors cannot assume or assign Amports' contracts without agreeing to payment of the full amount of the actual cure cost as of the effective date of such assumption and assignment, and Amports reserves its rights to payment of all such post-petition cure amounts in full.

9. Amports expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file additional and/or supplemental objections. Amports expressly reserves its rights to payment in full of all Post-Petition Amounts that are currently or may in the future become due.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Amports respectfully requests that the Court (i) establish the Estimated Pre-Petition Cure Cost owed to Amports under the Identified Agreements in an amount no less than $347,712.84, (ii) authorize the Debtors to pay Amports without further order of the Court any additional cure amounts payable as they become known, and (iii) grant such other and further relief as this Court may deem just or proper.

---

[4] Amports has made good faith efforts to identify the correct cure amounts under the Identified Agreements with the Debtors that would be subject to assumption and assignment; however, given the short notice period and the lack of information on the Contract Website, Amports reserves its right to assert additional or different cure amounts if such additional cure amounts and/or additional payments made in respect thereof become known.

4

Dated: New York, New York

June 15, 2009

        Respectfully submitted,

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By:   /s/ Sean A. O'Neal
                Sean A. O'Neal
                Member of the Firm
                One Liberty Plaza
                New York, New York 10006
                Telephone:  (212) 225-2000
                Facsimile:  (212) 225-3999

                *Attorneys for AMPORTS, Inc., and certain of its affiliates*