WINDELS, MARX, LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: 212-237-1000
Fax: 212-262-1215
Attorney appearing: Leslie S. Barr (lbarr@windelsmarx.com)

- and -

Stephen J. Moriarty, Esq. (smoriarty@fellerssnider.com)
FELLERS SNIDER BLANKENSHIP
 BAILEY & TIPPENS, PC
100 North Broadway, Suite 1700
Oklahoma City, OK 73102
Tel.  405-232-0621
Fax. 405-232-9659

*Co-Counsel to Western Flyer Express, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                    Debtors.
---------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)
(Jointly Administered)

**LIMITED OBJECTION OF
WESTERN FLYER EXPRESS, INC. TO THE NOTICE OF
(I)  DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY, AND (II) CURE AMOUNTS RELATED THERETO**

**TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

Western Flyer Express, Inc. ("Western"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 6, 2009

{10514494:1}

("Notice"). Western objects to the Notice because it does not accurately state the Cure Amount[1] due to Western. In further support of its Objection, Western respectfully states as follows:

**Background**

1.    On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").

2.    On June 1, 2009, GM also filed a motion seeking an order approving bidding procedures to sell substantially all of its assets, which included a procedure for the Debtors' assumption and assignment of executory contracts (Docket No. 92) ("Procedures Motion").

3.    On June 2, 2009, the Court granted the Procedures Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC or the ultimate purchaser of the Debtors' assets (Docket No. 274) ("Procedures Order"). The Procedures Order required the Debtors to send notice advising each contract counterparty that it is party to an Assumable Executory Contract and the Cure Amount related thereto.

4.    On June 8, 2009, Western received the Notice dated June 6, 2009 provided for in the Procedures Order. According to the Notice, parties have ten days from the date of the Notice to object to the assumption and assignment of any Assumable Executory Contract proposed to be assumed and assigned or to the Cure Amount proposed to be paid with respect thereto.

5.    Attached to the Notice is a user identification number and password to be used by Western on the designated website ("Web Site") to view which contract has been designated an Assumable Contract by the Debtors and the Cure Amount with respect to such contract.

6.    Pursuant to the Web Site, the following are Assumable Executory Contracts to which Western is a counterparty: GM-00011489 ("Western Contract"). At the Web Site, the

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Notice.

2

{10514494:1}

Debtors set forth no information regarding the Cure Amount associated with the Western Contract. *See* Exhibit "A". The Debtors have notified Western by email that the proposed cure amount is $290,668.41. *See* Exhibit "B".

7. Western asserts that it is owed $335,788.00 in pre-petition Cure Amount. The detail substantiating Western's claim is attached as Exhibit "C".

## Objections

8. Western objects to the Notice on the following grounds:

A. The Western Contract cannot be assumed without concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stolz*, 315 F.3d 80, 86 (2d Cir. 2002). The pre-petition cure amount alleged by the Debtors to be owed to Western pursuant to the Western Contract is understated by $35,099.59.

B. The Western Contract cannot be assumed or assigned without an adequate showing of future performance. 11 U.S.C. § 365(b)(1); *In re Luce Industries Inc.*, 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform). Although adequate assurance of future performance may have been established in the Procedures Motion and other pleadings filed in this case as it relates to Western, the proposed assignee may not yet even be known, much less is its ability to perform established.

9. Western reserves its right to amend this Objection to include any additional facts as may be determined by its further investigation of the Notice and Western Contracts.

3

10.     Any reply to this Objection should be served upon Fellers Snider Blankenship Bailey and Tippens, P.C., 100 N. Broadway, Suite 1700, Oklahoma City, OK 73102, Attention: Stephen J. Moriarty, Esq.

### Memorandum of Law

11.     Because the legal points and authorities upon which Western relies for purposes of this Objection are incorporated into the Objection, Western respectfully requests that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

### Reservation of Rights

12.     Western reserves the right (a) to amend, supplement, or otherwise modify this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Amount with respect to the proposed assumption and assignment of Western Contracts.

### Conclusion

**WHEREFORE**, Western respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Notice to the extent it requests relief inconsistent with this Objection, and (b) providing Western with such other and further relief as is appropriate.

Dated:  June 15, 2009              WINDELS, MARX, LANE & MITTENDORF, LLP

                                   By:    /s/ Leslie Barr
                                          Leslie S. Barr (lbarr@windelsmarx.com)
                                          156 West 56th Street
                                          New York, New York 10019
                                          Telephone:  (212) 232-1000
                                          Facsimile:  (212) 262-1215

- and -

        Stephen J. Moriarty, Esq.
         (smoriarty@fellerssnider.com)
       FELLERS SNIDER BLANKENSHIP
        BAILEY & TIPPENS, PC
      100 North Broadway, Suite 1700
      Oklahoma City, OK 73102
      Tel.  405-232-0621
      Fax. 405-232-9659

*Attorneys for Western Flyer Express, Inc.*

## CERTIFICATE OF MAILING

      I, GISELLE MENCIO, being at all times over 18 years of age, hereby certify that on June 15, 2009, a true and correct copy of the Objection of Western Flyer Express, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto was caused to be served by email upon all parties who receive electronic notice in this case pursuant to the Court's ECF filing system, and by U.S. mail to the parties so indicated on the attached service list below:

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn:  Warren Command Center
       Mailcode 480-206-114

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Robert D. Wolford, Esq.
Miller, Johnson, Snell & Cumminskey, PLC
250 Monroe Ave., N.W., Suite 800
Grand Rapids, MI 49503

Harvey R. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Ave., NW, Room 2312
Washington, DC 20220

Michael L. Schein, Esq.
Vedder Price, PC
1633 Broadway, 47th Floor
New York, NY 10019

{10514494:1}

Stephen Karotkin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Diana G. Adams, Esq.
Office of the United States Trustee
  for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

/s/ Giselle Menció
GISELLE MENCIO

Sworn to before me this 15th day of June 2009

/s/ Maritza Segarra
Maritza Segarra
Notary Public, State of New York
No. 03-4652865
Qualified in Westchester County
Commission Expires December 31, 2009

{10514494:1}