BODMAN LLP
Ralph E. McDowell (P39235)
Colin T. Darke (P68294)
6th Floor at Ford Field
1901 St. Antoine
Detroit, Michigan 48226
313-393-7585

ATTORNEYS FOR FREUDENBERG-NOK
GENERAL PARTNERSHIP, *ET AL.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**      x

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (Jointly Administered) |
| Debtors.      x | |

**LIMITED OBJECTION BY FREUDENBERG-NOK GENERAL PARTNERSHIP, *ET AL.*, TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

(i) Freudenberg-NOK General Partnership; (ii) Freudenberg-NOK, Inc.; (iii) Freudenberg-NOK de Mexico, S.A. de C.V.; (iv) Vibracoustic De Mexico S.A. de C.V.; (v) Vibracoustic GMBH & Co. KG; (vi) Vibracoustic Polska Sp. z.o.o.; (vii) Sigma Vibracoustic (India) Private Limited; (viii) Beltan Vibracoustic A.S.; (ix) Freudenberg Nonwovens L.P.; (x) Freudenberg FCCT KG; (xi) Freudenberg Filtration Technologies, L.P. (xii) Freudenberg SAS; and (xiii) Freudenberg & Co. KG (collectively, "Objecting Parties") object, in certain instances, to Debtors' intent to assume and assign certain Contracts and, in certain instances, to Debtors' proposed cure amount related to the assumption and assignment of certain of Objecting Parties' agreements with Debtors, and in support of their objection, the Objecting Parties state:

1. On June 1, 2009, Debtors commenced these voluntary cases under chapter 11 of title 11 of the United States Code.

2. On June 2, 2009, this Court entered an order ("Bidding Procedures Order") [Docket # 274] approving certain bidding procedures, which includes a procedure regarding Debtors' assumption and assignment of executory contracts.

3. Under the Bidding Procedures Order, on June 9, 2009, Debtors delivered Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Assignment Notice"). Debtors addressed the Assignment Notice to "Freudenberg & Co. KG" and "Freudenberg FCCT KG." However, neither of such entities have contracts with Debtors. As such, those specific entities object to being included in the Assignment Notice.

4. On Debtors' website ("Contract Website") referenced in the Assignment Notice, Debtors list 1,046 agreements and state a total cure amount of $923,431.26[1] ("Proposed Cure Amount"). The Contract Website lists the following supplier details:

(i) **Supplier Name**: Freudenberg & Co KG; **Vendor Master ID**: 316255108; **Contract Cure Amount**: $923,431.26; **Number of Contracts**: 1045; and

(ii) **Supplier Name**: Freudenberg FCCT KG; **Vendor Master ID**: 5716-00013715; **Contract Cure Amount**: [not listed]; **Number of Contracts**: 1 [does not list any specific purchase order number].

The Assignment Notice and Contract Website indicate that Debtors intend to assume and assign certain agreements with certain other of the Objecting Parties.

---

[1] Debtors' proposed cure amount is listed on a live, secure website, which Debtors appear to update regularly. The listed proposed cure amount is Debtors' proposed cure amount as of the date of this filing.

5. On the Contract Website under the Supplier Name "Freudenberg & Co KG", Debtors list certain other names. Those names incorrectly include: (a) Vibracoustic de Mexico S.A. de C.V., which also has no contracts with Debtors; (b) Freudenberg SAS, which is a dormant or defunct entity that has no contracts with Debtors; and (c) "Freudenberg Eng. Comp." which is not an entity recognized by the Objecting Parties.

6. The Contract Website fails to list, perhaps through inadvertence, certain Objecting Parties that have contracts with Debtors. They are Sigma Vibracoustic (India) Private Limited, Beltan Vibracoustic A.S., and Freudenberg Filtration Technologies, L.P.

7. Prior to the Objecting Parties' receipt of the Assignment Notice, the following Objecting Parties signed trade agreements with Debtors, which Debtors provided under the Court's interim order authorizing Debtors to pay prepetition claims of certain essential suppliers [Docket # 175]:

    (i) Freudenberg-NOK General Partnership (individually and d/b/a Freudenberg-NOK, Vibracoustic North America, and Corteco);

    (ii) Freudenberg-NOK, Inc.;

    (iii) Freudenberg-NOK de Mexico, S.A. de C.V.; and

    (iv) Freudenberg Filtration Technologies, L.P.

8. The remaining Objecting Parties did not sign trade agreements with the Debtors.

9. Those Objecting Parties that have contracts with Debtors (as described above) do not object to the proposed assumption and assignment of their executory contracts with Debtors (indeed, those parties that signed trade agreements consented to the assumption and assignment). Those Objecting Parties that have contracts with Debtors object only to the Proposed Cure Amounts. Also, the Contract Website may or may not list accurately all current executory

contracts with Objecting Parties. Objecting Parties need additional information and time to verify the list.

10. The correct counterparties to contracts with Debtors, and the corresponding cure amounts, are as follows[2]:

    (i) Freudenberg-NOK General Partnership, - - $2,825,938.16;

    (ii) Freudenberg-NOK, Inc., - - $42,703.47;

    (iii) Freudenberg-NOK de Mexico, S.A. de C.V., - - $17,981.36;

    (iv) Vibracoustic GMBH & Co. KG, - - €81,849;

    (v) Vibracoustic Polska Sp. z.o.o., - - PLN 467,759.61;

    (vi) Sigma Vibracoustic (India) Private Limited, - - €896,602.70 [*not listed on website*];

    (vii) Beltan Vibracoustic A.S., - - €218,000 [*not listed on website*];

    (viii) Freudenberg Nonwovens LP, as reseller of goods produced by Freudenberg FCCT KG, - - $8,400.00; and

    (ix) Freudenberg Filtration Technologies, L.P., - - $87,158.74 [*not listed on website*].

In addition to the cure amounts listed above, Objecting Parties may be owed additional cure amounts for cancellation and other claims and amounts not yet reconciled. Further, the Proposed Cure Amount must cover the time period through assumption and assignment of the contracts, including any unpaid postpetition obligations.

11. Debtors' Proposed Cure Amounts fail to cure the defaults under their agreements with the Objecting Parties. Additionally, the Contract Website does not clearly and accurately identify the agreements. For example, the Contract Website appears to list certain of the Objecting Parties as falling under the supplier name Freudenberg & Co. KG and fails to list other

---

[2] Unless otherwise shown, cure amounts are stated in United States Dollars.

4

counterparties. The Objecting Parties, however, are all separate legal entities with separate contracts with Debtors. Objecting Parties, therefore, object to the Proposed Cure Amounts.

### Relief Requested

Objecting Parties request that Debtors properly identify all executory contracts and correct counterparties and pay the cure amounts stated above in connection with the assumption and assignment of any agreements.

BODMAN LLP

By: /s/ Colin T. Darke
Ralph E. McDowell (P39235)
Colin T. Darke (P68294)
Counsel for Freudenberg-NOK
General Partnership, *et al.*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48026
cdarke@bodmanllp.com

June 15, 2009