FOLEY & LARDNER LLP
Steven H. Hilfinger
Frank W. DiCastri
John A. Simon
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Omron Automotive Electronics, Inc.
and Omron Dualtec Automotive Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :    Case No. 09-50026 (REG)
                                                    :
                                       Debtors      :    Jointly Administered
                                                    :
----------------------------------------------------------------X

**OBJECTION OF OMRON AUTOMOTIVE ELECTRONICS, INC.
AND OMRON DUALTEC AUTOMOTIVE ELECTRONICS, INC. TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Omron Automotive Electronics, Inc. and Omron Dualtec Automotive Electronics, Inc. ("Suppliers"), by their attorneys Foley & Lardner LLP, submit this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of their Objection, Suppliers state as follows:

**PRELIMINARY STATEMENT**

1. Suppliers are in receipt of two Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "<u>Assumption and Assignment Notices</u>"), dated June 5, 2009, in which the Debtors purport to designate certain agreements (the "<u>Assumable Executory Contracts</u>") between Suppliers and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "<u>Purchaser</u>").  One notice was addressed to Omron Automotive Electronics, Inc. and the other to Omron Dualtec Automotive Electronics, Inc.

2. Suppliers reserve their rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notices.

**ARGUMENT**

**I.    Debtors' Notice Is Defective**

3. On June 9, Suppliers received an Assumption and Assignment Notice addressed to "Omron Automotive Electronics, Inc." ("<u>Omron Notice</u>").  Although the Debtors purported to serve the Omron Notice on June 5, Suppliers did not receive the Notice until June 9, thus leaving them with less than five business days to respond.

4. On June 11, Suppliers received an Assumption and Assignment Notice addressed to "Omron Dualtec Automotive Electronics, Inc." ("<u>Omron Dualtec Notice</u>").  Although the Debtors purported to serve the Omron Dualtec Notice on June 5, Suppliers did not receive the Notice until June 11, thus leaving them with less than three business days to respond.

2

5.      Neither the Omron Notice nor the Omron Dualtec Notice included the User ID and Password that were supposed to be listed therein to provide access to the Debtors' website, www.contractnotices.com.  Therefore, as of the date of this Objection, Suppliers have not received any notice of the contracts the Debtors intend to assume or the cure amounts they believe are necessary to assume.

6.      Suppliers object to the Assumption and Assignment Notices because they fail to properly identify any contracts that will be assumed and any cure amount necessary to assume. Without this basic information, Suppliers cannot determine whether the Cure Amounts are adequate, or whether they have any other bases for objecting to the purported assumption and assignment.  Accordingly, Suppliers expressly reserve any and all additional objections they may have to the assumption and assignment of alleged executory contracts, including but not limited to, that the contracts are not executory, that the cure amount is not adequate, that there are non-monetary defaults that must be cured by the Debtors, or that there are incurable defaults.

## II.    The Debtors Cannot Assume Contracts Without Curing Defaults

7.      "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

8.      Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an

3

executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

9. The Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults. The Debtors cannot assume contracts or cure defaults without identifying the contracts and the proposed cure amounts. Because Suppliers have no way of knowing what contracts the Debtors intend to assume or what the proposed cure amounts are, they will not submit any proposed cure amount with this Objection, but reserve all rights to do so after the Debtors have provided the proper notice.

### III. The Assumption and Assignment Notices Improperly Allow For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure

10. Paragraph 8 of the Assumption and Assignment Notices provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

11. The Assumption Effective Date is defined in Paragraph 14 of the Assumption and Assignment Notices as the later of the date proposed by the Debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract

4

Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

12. Read carefully, the Assumption and Assignment Notices allow for the possibility that that the Assumable Executory Contracts will be assumed and assigned before a dispute as to the proper Cure Amount is resolved. To the extent that the Debtors intend to apply such a procedure to Suppliers, it would violate sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code.

13. The Bankruptcy Code unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

14. The Assumable Executory Contracts should not be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure any defaults thereunder or give adequate assurance that a prompt cure will be provided.

## RELIEF REQUESTED

WHEREFORE, Suppliers request that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts unless and until Suppliers' objections are satisfied, and grant such other and further relief as the Court deems just and proper.

5

Dated: June 15, 2009                FOLEY & LARDNER LLP

<u>s/   Frank W. DiCastri</u>

Steven H. Hilfinger
Frank W. DiCastri
John A. Simon
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Omron Automotive Electronics, Inc. and
Omron Dualtec Automotive Electronics, Inc.*

6

MILW_8859168.1

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                                : Chapter 11
                                                      :
GENERAL MOTORS CORP., *et al.*,                       : Case No. 09-50026 (REG)
                                                      :
                       Debtors                        : Jointly Administered
                                                      :
---------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, I caused the *Objection Of Omron Automotive Electronics, Inc. And Omron Dualtec Automotive Electronics, Inc. To Assumption And Assignment Of Certain Executory Contracts And Cure Amounts Related Thereto* to be served via U.S. Mail on the following at the addresses set forth below:

General Motors Corporation
Attn: Warren Command Center
Mail Code 480-206-114
30009 Van Dyke Avenue
Warren, Michigan 48090-9025

Weil, Gotshal & Manges LLP
Attorneys for the Debtors
Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq
767 Fifth Avenue
New York, New York 10153

U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220

Cadwalader, Wickersham & Taft LLP
Attn: John J. Rapisardi, Esq.
Attorneys for the Purchaser
One World Financial Center
New York, New York 10281

Vedder Price, P.C.
Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Attorneys for Export Development Canada
1633 Broadway, 47th Floor,
New York, New York 10019

Office of the United States Trustee
Southern District of New York
Attn: Diana G. Adams, Esq.
33 Whitehall Street, 21st Floor
New York, New York 10004

7

Pg 8 of 8

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Committee of
Unsecured Creditors
Attn: Gordon Z. Novod, Esq.
1177 Avenue Of The Americas
New York, NY 10036

Dated:    June 15, 2009                    FOLEY & LARDNER LLP

/s/ Frank W. DiCastri
Frank W. DiCastri
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

MILW_8859168.1