FOLEY & LARDNER LLP
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Cooper-Standard Automotive, Inc.*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re: : Chapter 11
:
GENERAL MOTORS CORP., *et al.*, : Case No. 09-50026 (REG)
:
Debtors : Jointly Administered
:
---------------------------------------------------------------X

**OBJECTION OF COOPER-STANDARD AUTOMOTIVE, INC. TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Cooper-Standard Automotive, Inc. ("Cooper-Standard"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtors' proposed Cure Amounts related thereto. In support of its Objection, Cooper-Standard states as follows:

**PRELIMINARY STATEMENT**

1. Cooper-Standard is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate

certain agreements (the "Assumable Executory Contracts") between Cooper-Standard and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

## ARGUMENT

**The Proposed Cure Amount Is Inadequate**

2. In the exhibit to the Assignment Notice, the Debtors provided Cooper-Standard with a user name and password to access a website. Via this website, as of June 12, 2009, the Debtors assert that the Cure Amount for the Assumable Executory Contracts is $6,474,338.35. The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "Commencement Date").

3. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

4. The proposed Cure Amount does not accurately reflect all prepetition and postpetition defaults and is therefore insufficient. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising

2

under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

5. Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults. The Debtors' proposed Cure Amount would deprive Cooper-Standard of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

6. The correct amount presently owing to Cooper-Standard is $22,845,512.08. This amount may be subject to change and Cooper-Standard reserves the right to submit additional amounts to be added to the proper Cure Amount.

7. Cooper-Standard reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

**RELIEF REQUESTED**

WHEREFORE, Cooper-Standard requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts with Cooper-Standard unless and until Cooper-Standard's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated:   June 15, 2009                              FOLEY & LARDNER LLP


  /s/ John A. Simon
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Cooper-Standard Automotive, Inc.*