FOLEY & LARDNER LLP
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for EMCON Technologies*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X

### OBJECTION OF EMCON TECHNOLOGIES TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO

EMCON Technologies ("EMCON"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, EMCON states as follows:

### PRELIMINARY STATEMENT

1. EMCON is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the

"Assumable Executory Contracts") between EMCON and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

## ARGUMENT

### I. The Proposed Cure Amount Is Inadequate

2. On the website referenced in the Assignment and Assumption Notice, the Debtors assert that the Cure Amount for the Assumable Executory Contracts is $2,425,716.24. The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "Commencement Date").

3. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

4. The proposed Cure Amount does not accurately reflect all prepetition and post-petition defaults and is therefore insufficient. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default

2

conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

5. Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults. The Debtors' proposed Cure Amount would deprive EMCON of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

6. The correct amount required to cure all prepetition and post-petition defaults is $3,859,044.82. This amount is subject to change, and EMCON reserves the right to submit additional amounts to be added to the proper Cure Amount.

## II. The List of Contracts that the Debtors Have Designated for Assumption and Assignment Is Not Correct and Should be Corrected.

7. EMCON is attempting to identify and reconcile the contracts that the Debtors have listed on their website referenced in the Assumption and Assignment Notice as those that may be assumed and assigned to the Purchaser. Given the short timing of the process, EMCON has not been able to fully reconcile these contracts. Upon information and belief, the Debtors have not included on the website some contracts that the Debtors intend to be assumed and assigned. The correct contracts should be listed on such website (with attendant Cure Amounts) before EMCON is bound by any assumption and assignment or Cure Amounts with respect to such contracts.

8. EMCON further reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

3

## **RELIEF REQUESTED**

WHEREFORE, EMCON requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts unless and until EMCON's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated:   June 15, 2009                          FOLEY & LARDNER LLP

 /s/ John A. Simon
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for EMCON Technologies*