09-50026-mg    Doc 1300    Filed 06/15/09    Entered 06/15/09 17:05:37    Main Document
                                      Pg 1 of 5

FOLEY & LARDNER LLP
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Intra Corporation*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X

### OBJECTION OF INTRA CORPORATION TO
### ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
### CONTRACTS AND CURE AMOUNTS RELATED THERETO

Intra Corporation ("Intra"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, Intra states as follows:

### PRELIMINARY STATEMENT

1.      Intra is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the

DETR_1206394.3

"Assumable Executory Contracts") between Intra and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

## ARGUMENT

### I. The Proposed Cure Amount Is Inadequate

2. In the exhibit to the Assignment Notice, the Debtors assert that the Cure Amount for the Assumable Executory Contracts is $67,465.25. The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "Commencement Date").

3. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

4. The proposed Cure Amount does not accurately reflect all prepetition defaults and is therefore insufficient. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the

contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

5. The Debtors must cure all defaults under the Assumable Executory Contracts. The Debtors' proposed Cure Amount would deprive Intra of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

6. The correct amount required to cure all prepetition defaults is $140,919.15. This amount is subject to change, and Intra reserves the right to submit additional amounts to be added to the proper Cure Amount.

**II.    The Assumption and Assignment Notice Improperly Allows For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure**

7. Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

8. The Assumption Effective Date is defined in Paragraph 14 of the Assumption and Assignment Notice as the later of the date proposed by the debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

3

9. The Assumption and Assignment Notice thus allows for the possibility that that the Assumable Executory Contracts will be assumed and assigned before a dispute as to the proper Cure Amount is resolved.

10. As noted above, Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A).

11. Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract if "the trustee assumes such contract…in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

12. The Bankruptcy Code thus unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

13. The Assumable Executory Contracts should not be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure any defaults thereunder or give adequate assurance that a prompt cure will be provided.

### III. The List of Contracts that the Debtors Have Designated for Assumption and Assignment Is Not Correct and Should be Corrected.

14. Intra is attempting to identify and reconcile the contracts that the Debtors have listed on their website referenced in the Assumption and Assignment Notice as those that may be assumed and assigned to the Purchaser. Given the short timing of the process, Intra has not been able to fully reconcile these contracts. Upon information and belief, the Debtors have not

4

included on the website some contracts that the Debtors intend to be assumed and assigned. The correct contracts should be listed on such website (with attendant Cure Amounts) before Intra is bound by any assumption and assignment or Cure Amounts with respect to such contracts. The Debtors have acknowledged to Intra that changes may be made to the website to correct such contract omissions.

15. Intra further reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

## RELIEF REQUESTED

WHEREFORE, Intra requests that the Court enter an order denying the Debtor's request to assume and assign the Assumable Executory Contracts unless and until Intra's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated:   June 15, 2009                    FOLEY & LARDNER LLP

　　　　　　　　　　　　　　　　　　　　　　　 /s/ John A. Simon
　　　　　　　　　　　　　　　　　　　　　　Steven H. Hilfinger (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　　　John A. Simon (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　　　Katherine R. Catanese (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　　　FOLEY & LARDNER LLP
　　　　　　　　　　　　　　　　　　　　　　One Detroit Center
　　　　　　　　　　　　　　　　　　　　　　500 Woodward Avenue, Suite 2700
　　　　　　　　　　　　　　　　　　　　　　Detroit, MI 48226-3489
　　　　　　　　　　　　　　　　　　　　　　Telephone: (313) 234-7100
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (313) 234-2800
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Intra Corporation*