HELLER, DRAPER, HAYDEN,
PATRICK & HORN, LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: 504-299-3300
Fax: 504-299-3399
Tristan Manthey
Attorneys for Pratt & Miller Engineering & Fabrication, Inc.

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: GENERAL MOTORS, CORP., et al  ) | Chapter 11 |
| ) | Case No: 09-50026 (REG) |
| Debtors  ) | (Jointly Administered) |

**LIMITED OBJECTION OF PRATT & MILLER ENGINEERING & FABRICATION, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

**NOW INTO COURT,** through its undersigned counsel, comes Pratt & Miller Engineering & Fabrication, Inc. ("Pratt Miller"), who hereby submits this limited objection and reservation of rights (the "Cure Objection") to the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Assumption Notice"), served upon Pratt Miller by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

**Background**

1.　　On June 1, 2009, the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code (the "Petition Date").

2. On June 2, 2009, this Court entered an order [P-274] (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of certain executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered an Assumption Notice to Pratt Miller, indicating to Pratt Miller that the Debtors intend to assume and assign certain of the Debtors' agreements with Pratt Miller (the "Assumed Contracts"). Pursuant to the Assumption Notice, Pratt Miller was directed to:

> [a] secure website which contains information about your Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts as of the Commencement Date in accordance with section 365(b) of the Bankruptcy Code (the "Cure Amounts"). In order to view the Cure Amount for the Assumable Executory Contract to which you are a party, you must log onto http://www.contractnotices.com (the "Contract Website"). To log on, please use the user name and password provided to you with this notice. The username and password will enable you to access the Cure Amount for the particular Assumable Executory Contract to which you are a party.

*See* ¶ 5 of the Assumption Notice.

4. In reviewing the Contract Website and the information contained therein, Pratt Miller is unable to determine which contracts the Debtors are assuming and the cure amounts related thereto. Pratt Miller has two contracts with the Debtors but the Contract Website does not specifically identify the contracts the Debtors are assuming nor does it identify any amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount").

5. Pursuant to the Assumption Notice, contract objections must be made in writing filed with the Court no later than ten (10) days after the notice of the Assumption Notice. *See* ¶ 7 of the Assumption Notice. The Assumption Notice is dated June 5, 2009, and objections are due by June 15, 2009.

6. Furthermore, both the Bidding Procedures Order and the Assumption Notice limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date. The Cure Amount should instead include all amounts both pre and post Petition Date due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

### Basis for Limited Objection

7. Pratt Miller does not object to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. Pratt Miller would request that the Debtors advise specifically that contracts the Debtors are assuming and assigning to the Purchaser.

8. Pratt Miller does object, however, to the Assumption Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were owed as of May 31, 2009, and (2) the Assumption Notice's definition of "Cure Amount" would permit assumption and assignment of certain Pratt Miller agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (a) cure **all** defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy **all** accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

9. Paragraph 5 of the Assumption Notice provides that the only cure amount that must be paid upon assumption and assignment of Pratt Miller's contracts is whatever was in default as of the Commencement Date. Bankruptcy Code section 365(b)(1) makes it clear that any and all defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults.

10. The Proposed Cure Amount fails to cure the amount owing under the Assumed Contracts.

11.    Pratt Miller reserves the right to amend or supplement this Cure Objection.

**WHEREFORE,** Pratt Miller respectfully requests that the Court: (i) determine that the appropriate amount due to Pratt Miller under such contracts pursuant to section 365(b) of the Bankruptcy Court; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all obligations that have accrued thereunder but are not then in default and not otherwise paid in the ordinary course of business by the Debtors; and (iii) grant such other and further relief as is just and appropriate.

Dated:  June 15, 2009

                                Respectfully submitted,

                                */s/ Tristan Manthey*
                                Tristan Manthey, La. Bar No. 24539
                                **HELLER, DRAPER, HAYDEN,**
                                 **PATRICK & HORN, L.L.C.**
                                650 Poydras Street, Suite 2500
                                New Orleans, Louisiana 70130-6103
                                Telephone:  504-299-3300
                                Fax: 504-299-3399
                                **Counsel for Pratt & Miller Engineering**
                                **& Fabrication, Inc.**

## CERTIFICATE OF SERVICE

I certify that on June 15, 2009, I caused the foregoing *Limited Objection of Pratt & Miller Engineering & Fabrication, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* to be served via United States First Class Mail on the following persons at the addresses set forth below:

1. The Debtors, c/o General Motors Corporation, Cadillac Building, 30009 Van Dyke Avenue, Warren, Michigan 48090-9025 (Attn: Warren Command Center, Mailcode 480-206-114).

2. Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsh, Esq.).

3. The U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.).

4. Cadwalader, Wickersham & Taft LLP, Attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.).

5. Kramer Levin Naftalis & Frankel LLP, Attorneys for the Creditors Committee, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas M. Mayer, Esq.).

6. Vedder Price, P.C., Attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edehnan, Esq. and Michael L. Schein, Esq.).

7. The Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.).

Dated June 15, 2009

/s/ Tristan Manthey
TRISTAN MANTHEY