FOLEY & LARDNER LLP
Judy A. O'Neill (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Peugeot Japy Industries SA*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
In re:                                            :    Chapter 11
                                                  :
GENERAL MOTORS CORP., *et al.*,                   :    Case No. 09-50026 (REG)
                                                  :
                              Debtors             :    Jointly Administered
                                                  :
-------------------------------------------------------------X

## OBJECTION OF PEUGEOT JAPY INDUSTRIES SA TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO

Peugeot Japy Industries SA ("Peugeot"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, Peugeot states as follows:

### PRELIMINARY STATEMENT

1.  Peugeot understands that the Debtors have provided to many suppliers and other contract counterparties a certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and

Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the "Assumable Executory Contracts") between suppliers and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

2. Peugeot has not yet received an Assumption and Assignment Notice as to Cure Amounts owed to or contracts with Peugeot. However, Peugeot believes that it is a critical supplier to the Debtors on programs that the Debtors and the Purchaser wish to continue beyond any sale of the Debtors' assets as evidenced by the Debtors' designation of Peugeot as an "essential" vendor. Therefore, in an abundance of caution, Peugeot has filed this Objection to preserve its rights in respect of Cure Amount and contract assumption and assignment issues in the event the Debtors sent the Assumption and Assignment Notice to an incorrect or unused Peugeot address.

## ARGUMENT

3. Peugeot objects to any assumption or assignment of its contracts (and proposed Cure Amount) to the extent Peugeot has not received adequate notice thereof with attendant ability to object.

4. Moreover, any proposed Cure Amount must accurately reflect all prepetition and post-petition defaults. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract

2

seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008). Therefore, the Debtors must cure all defaults under any Assumable Executory Contracts with Peugeot, including pre-petition defaults and post-petition defaults.

5. Although Peugeot has not received notice of a proposed Cure Amount, Peugeot has reason to believe any Cure Amount in the Debtors' noticing and accounts system is incorrect. Specifically, the amount described in the Debtors EDACOR system as owing to Peugeot is €770,515.32, while Peugeot's records reflect that €1,522,155.72 is due and owing from the Debtors pursuant to the contracts between Peugeot and the Debtors. These amounts are subject to change, and Peugeot reserves the right to submit additional amounts to be added to the proper Cure Amount. Peugeot objects to any proposed Cure Amounts that do not include all prepetition and post-petition arrearages owed to Peugeot.

6. Moreover, Peugeot objects to any assumption and assignment of contracts with Peugeot that do not include the modifications to such contracts agreed between the Debtors and Peugeot on December 18, 2008. These modifications are a part of the respective contracts and therefore must be assumed and assigned with such contracts.

7. In addition, the form Assumption and Assignment Notice submitted to many suppliers allows for the possibility that that the Assumable Executory Contracts will be assumed and assigned before a dispute as to the proper Cure Amount is resolved. To the extent that the Debtors intend to apply such a procedure to Peugeot, it would violate sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code.

8. The Bankruptcy Code unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure

3

will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)"). Peugeot objects to any assumption and assignment of Assumable Executory Contracts with Peugeot unless and until the Debtors or the Purchaser cure any defaults thereunder or gives adequate assurance that a prompt cure will be provided.

9.   Peugeot reserves its rights to object to any initial and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in any Assumption and Assignment Notice that Peugeot may receive.

**RELIEF REQUESTED**

WHEREFORE, Peugeot requests that the Court deny the Debtor's request to assume and assign Assumable Executory Contracts with Peugeot unless and until Peugeot's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated:   June 15, 2009                    FOLEY & LARDNER LLP

  /s/ John A. Simon
Judy A. O'Neill (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Peugeot Japy Industries SA*