HERRICK, FEINSTEIN LLP
Paul Rubin
prubin@herrick.com
Two Park Avenue
New York, NY 10016
(212) 592-1400
Attorneys for Canon U.S.A., Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
GENERAL MOTORS CORP., et al.,                   :   Case No.: 09-50026(REG)
                                                :
                        Debtors.                :   (Jointly Administered)
                                                :
------------------------------------------------x

**OBJECTION OF CANON U.S.A., INC. TO NOTICE OF**
**(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,**
**AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
**(II) CURE AMOUNTS RELATED THERETO**

Canon U.S.A., Inc. ("Canon"), by and through its undersigned counsel, Herrick, Feinstein LLP, hereby files this cure objection ("Objection") in response to the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto, dated June 5, 2009 (the "Cure Notice"), and in support thereof respectfully states as follows:

**BACKGROUND**

1. On June 1, 2009 (the "Petition Date") General Motors Corporation ("GM") and certain of its debtor subsidiaries as debtors in possession (collectively, the

"Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors are continuing to operate their businesses and manage their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Canon and the Debtors have been parties to certain unexpired contracts and leases for goods and/or services provided by Canon and utilized by the Debtors in the course of their business, which, as described below, may or may not be referenced in the Cure Notice and Contract Website[1]. The Debtors and Canon have transacted business over the course of several years. As of the Petition Date, the Debtors were indebted to Canon in an amount not less than $157,330.63.

## THE SALE MOTION

4. On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury - Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and unexpired leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing *(Docket No. 92)* (the "Sale Motion").

5. On June 2, 2009 the Court entered the sale procedures order (the "Sale Procedures Order") *(Docket No. 274)* in connection with the Sale Motion. The Sale Procedures

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cure Notice.

2

Order set out certain procedures pursuant to which the Debtors would give notice of Assumable Executory Contracts.

## THE CURE NOTICE AND THE CANON CONTRACTS THAT THE DEBTORS MAY SEEK TO ASSUME AND ASSIGN

6. The Debtors have designated certain contracts as Assumable Executory Contracts that may be assumed by the Debtors and assigned to Purchaser.

7. The Cure Notice did not provide specific information with regard to any of the contracts between the Debtors and Canon which the Debtors seek or intend to assign or any associated cure costs. Rather, Canon was directed to the Contract Website for specific information related to the Canon contract(s) which are subject to the Cure Notice.

8. The Contract Website listed the following purported contracts between the Debtors and Canon that may be assumed and assigned by GM:

**Contracts**

| Row ID | GM Contract ID | Vendor ID | Counter Party Name |
|---|---|---|---|
| 5716-00100818 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100819 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100820 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100821 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100822 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100823 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100824 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100825 | TCB03969 | 020044780 | CANON USA INC |

HF 4990013v.1 #05542/0017

| | | | |
|---|---|---|---|
| 5716-00100826 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100827 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100828 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100829 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100830 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100831 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100832 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100833 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100834 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100835 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100836 | TCB03969 | 020044780 | CANON USA INC |
| 5716-00100837 | TCB03969 | 020044780 | CANON USA INC |

9. Pursuant to the Contracts Website, the Debtors claimed that the cure amount owed to Canon under the Canon contracts was $9,045.93 (the "Debtors' Cure Amount"). Canon disputes the Debtors' Cure Amount.

## OBJECTION TO CURE NOTICE

10. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume any pre-petition executory contract or lease unless it cures any existing defaults. In addition, pursuant to Section 365(b)(1)(c) of the Bankruptcy Code, a debtor must provide adequate assurance of future performance under such executory contract or lease. As such, a non-debtor party to an executory contract or lease is entitled to both the cure of all defaults under such contract and the future performance of all outstanding obligations under such contract or

HF 4990013v.1 #05542/0017

lease (including obligations relating to claims that have accrued, but are not yet in default). Any proposed assumption (or assumption and assignment) that does not provide for the payments of all outstanding amounts owed under the contract and/or lease to be assumed clearly violates the Bankruptcy Code.

11. At this time, Canon is unable to identify the contracts listed in the Cure Notice and on the Contract Website due to the scant and vague information provided by the Debtors. Canon is similarly unable to determine if such contracts are assignable and to calculate any associated cure amount which may be due and owing.

12. Once such identification is attained and it is determined that the Canon contracts do belong to Canon and are assignable, Canon's representatives would be amenable to discuss the proposed assumption and assignment with the Debtors and the Purchaser and the cure of any arrearages which may be owed. However, to protect any and all rights to which it may be entitled, Canon files this Objection at this time, in accordance with the terms of the Cure Notice which require the filing of a response to the Cure Notice by June 15, 2009.

13. Canon further requests that it be reimbursed, as part of any cure payment, for all of its actual pecuniary losses including, but not limited to, attorney's fees and costs expended with regard to the Debtor's bankruptcy proceeding. See In re Travelers Casualty & Surety Co. of America, 127 S. Ct. 1199, 1206 (2007) ("we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."); In re Crown Books Corp, 269 B.R. 12 (Bankr. D. Del. 2001) (awarding attorney's fees as part of cost to cure defaults under leases); see also LJC Corp. v. Boyle, 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); Andrew v. KMR Corp., 17 B.R. 438, 439 (Bankr. 9th Cir. 1982); In re BAB Enterprises, Inc., 100 B.R. 982 (Bankr. W.D. Tenn. 1989); In re Westview 74th St. Drug

Corp., 59 B.R. 747, 752-4 (Bankr. S.D.N.Y. 1986) (payment of attorney's fees required as condition to lease assumption).

## RESERVATION OF RIGHTS

14. Because the contracts and/or leases proposed to be assumed have not yet been identified and may continue to be in default and damages and other claims may also continue to accrue, Canon reserves its rights to amend this Objection to reflect additional amounts that may be due and owing. Canon does not waive, and hereby expressly reserves, the right to raise such other and further objections as may be appropriate under the circumstances.

## NOTICE

15. All correspondence and communications related to this Objection should be transmitted to the undersigned counsel for Canon, Herrick Feinstein LLP, 2 Park Avenue, New York, New York 10016 (Attn: Paul Rubin, Esq.), with a copy to:

> Canon U.S.A., Inc.
> 1 Canon Plaza
> Lake Success, NY 11042
> Attn.: Ruth Weinstein
> Tel.: 516-328-5121
> Fax: 516-328-5129
> E-mail: rweinstein@cusa.canon.com

## CONCLUSION

**WHEREFORE**, Canon hereby requests that the Court require that the Debtors and/or Purchaser provide additional information concerning the identity of the contracts and/or leases proposed to be assumed and assigned to the Purchaser, provide payment in full, in cash, to Canon of all outstanding amounts due and owing under those contracts or leases, which is believed to be not less than $157,330.63, plus any additional amounts necessary to cure defaults

existing as of the date the contracts or leases are actually assumed and assigned, and grant Canon such other and further relief as the Court may deem to be just and proper.

Dated: June 15, 2009
New York, New York

                                  HERRICK, FEINSTEIN LLP

By: *Paul Rubin* (signature)

               Paul Rubin
               Two Park Avenue
               New York, NY 10016
               (212) 592-1400

               Attorneys for Canon U.S.A., Inc.