Carl N. Kunz, III, Esquire
Jeffrey R. Waxman, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 500
Wilmington, DE 19801

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., et al., | Case No. 09-50026(REG) |
| Debtors | Jointly Administered |

**OBJECTION OF MONSTER WORLDWIDE, INC. TO CURE AMOUNT IN CONNECTION WITH NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO [Docket No. 92]**

Monster Worldwide, Inc. d/b/a Monster MediaWorks ("Monster"), a creditor and real party in interest in these jointly administered bankruptcy cases, by and through its undersigned counsel, hereby objects to the above-referenced debtors (the "Debtors") Cure Amount in Connection with Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto (the "Cure Notice"), and in opposition to the Cure Notice, Monster asserts as follows:

1. On or about January 30, 2009, Monster entered into an agreement (the "2009 Agreement") with Starcom MediaVest Group ("Starcom"), by and through which Monster agreed to provide certain advertising services to the Debtors for the period from January 1 to December 31, 2009. Due to issues of confidentiality, the contents of such agreements may

constitute trade secrets. Accordingly, a copy of the 2009 Agreement is available upon request after execution of a nondisclosure agreement.

2.  Under the terms and conditions of the agreement between Monster, Starcom, and the Debtors, the Debtors provided Interactive Insertion Orders (IOs) to Starcom which, in turn, provided the information requested which were contained in the IOs to Monster. Monster agreed to submit its invoices to Starcom which, in turn, requests payment from the Debtors in the amount of Monster's invoices. In the event that the Debtors do not remit payment for Monster to Starcom for services rendered by Monster to the Debtors, Monster has the right and ability to seek payment from the Debtors directly.

3.  As of May 31, 2009, the Debtors owed Monster $113,848.06 for services rendered. Further, pursuant to the 2009 Agreement and certain IOs detailed in the attached spreadsheet, Monster has begun and is in the process of providing services to the Debtors with a value of $168,228.20 for which the Debtors will be responsible for payment. Copies of all invoices and documentation detailing the amounts due and owing are attached hereto as Exhibit "A."

4.  On or about June 1, 2008 (the "Petition Date"), the Debtors each filed voluntary Chapter 11 petitions in the United States Bankruptcy Court of the Southern District of New York (the "Court").

5.  On the Petition Date, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory

Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "Sale Motion"), and in connection with the Sale Motion, on June 5, 2009, the Debtors served a copy of the Cure Notice on Monster. The Cure Notice did not specify any cure amount or detail the Debtors' contract with Monster, including any rights that the Debtors may have under the 2009 Agreement, and directed Monster to a website for details regarding the cure amounts due to Monster. The Debtors' website contained no cure claim details related to the 2009 Agreement or any other contact between the Debtors and Monster.

6. Section 365(b)(1) of the Bankruptcy Code provides that, prior to the assumption of an executory contract, the debtor must cure all outstanding monetary defaults due under the contract. Here, the Debtors have not identified any specific contract to be assumed. Nor have the Debtors correctly stated the cure amount due and owing under the 2009 Agreement ($113,848.06). Monster objects to the entry of any Order allowing the Debtors to assume or assume and assign the Debtors' rights under the 2009 Agreement unless and until the Debtors remit payment of $113,848.06 to Monster on account of all obligations due under the 2009 Agreement. Further, the Debtors are obligated under the pending IOs, and prior to the assumption of the 2009 Agreement, and the Debtors must either agree to submit payment to Monster or provide a written agreement by the proposed assignee to pay Monster $168,228.20 as it comes due.

WHEREFORE, Monster Worldwide, Inc. d/b/a Monster MediaWorks respectfully requests entry of an Order (i) denying the assumption and/or assignment of the Debtors' rights under the 2009 Agreement unless and until the Debtors must either agree to submit payment to Monster or provide a written agreement by the proposed assignee to pay Monster $168,228.20 as

it comes due, and (ii) granting such other and further relief as is just and proper.

Dated: June 15, 2009                           **MORRIS JAMES LLP**

                                              /s/ Carl N. Kunz, III

                                    Carl N. Kunz, III, Esquire
                                    Jeffrey R. Waxman, Esquire
                                    500 Delaware Avenue, Suite 1500
                                    Wilmington, DE 19899-2306
                                    Telephone: (302) 888-6800
                                    Facsimile: (302) 571-1750
                                    E-mail: ckunz@morrisjames.com
                                    E-mail: jwaxman@morrisjames.com

                                    Counsel for Monster Worldwide, Inc.
                                    d/b/a Monster MediaWorks