FOLEY & LARDNER LLP
Thomas B. Spillane, Jr. (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Grupo Antolin North America*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
In re:                                   :        Chapter 11
                                         :
GENERAL MOTORS CORP., *et al.*,          :        Case No. 09-50026 (REG)
                                         :
                         Debtors         :        Jointly Administered
                                         :
-------------------------------------------------------------X

**OBJECTION OF GRUPO ANTOLIN NORTH AMERICA TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

       Grupo Antolin North America ("Grupo Antolin"), by its attorneys Foley &

Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and

assignment of certain executory contracts and the Debtor's proposed Cure Amounts related

thereto.  In support of its Objection, Grupo Antolin states as follows:

**PRELIMINARY STATEMENT**

       1.      Grupo Antolin is in receipt of that certain Notice of (I) Debtors' Intent to Assume

and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired

Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the

"Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate

certain agreements (the "<u>Assumable Executory Contracts</u>") between Grupo Antolin and the

Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the

"<u>Purchaser</u>").

2.      Although Grupo Antolin seeks to resolve any issues regarding the Cure Amount

and contracts to be assigned consensually with the Debtors, given the short timing for objections,

Grupo Antolin has filed this objection to preserve its rights pending such resolution.

## ARGUMENT

### I.      The Proposed Cure Amount Is Inadequate

3.      In the website referred to in the Assumption and Assignment Notice, the Debtors

assert that the Cure Amount for the Assumable Executory Contracts is $3,706,651.83.  The

Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated

Agreements as of June 1, 2009 (the "<u>Commencement Date</u>").

4.      "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all

cure amounts payable in order to cure any monetary defaults required to be cured under Section

365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code,

the assumption by the applicable Seller and assignment to Purchaser of the Purchased

Contracts."

5.      The proposed Cure Amount does not accurately reflect all prepetition and post-

petition defaults and is therefore insufficient.  Section 365(b)(1)(A) of the Bankruptcy Code

provides that the trustee may not assume an executory contract unless the trustee "cures, or

provides adequate assurance that the trustee will promptly cure" any default under the contract.

11 U.S.C. § 365(b)(1)(A).  Congress' intent in imposing cure and adequate assurance conditions

on the ability of a debtor to assume an executory contract was to ensure that contracting parties

2

receive the full benefit of their bargain if they are forced to continue performance.  *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).  Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms.  *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

6.    The Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults.  The Debtors' proposed Cure Amount would deprive Grupo Antolin of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

7.    The correct amount required to cure all prepetition and post-petition defaults is $5,084,082.57.  This amount is subject to change, and Grupo Antolin reserves the right to submit additional amounts to be added to the proper Cure Amount.

## II.    The Assumption and Assignment Notice Improperly Allows For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure

8.    Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

9.    The Assumption Effective Date is defined in Paragraph 14 of the Assumption and Assignment Notice as the later of the date proposed by the debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no

3

Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract

Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution

Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to

the Purchaser of the Assumable Executory Contract."

10.     The Assumption and Assignment Notice thus allows for the possibility that that

the Assumable Executory Contracts will be assumed and assigned before a dispute as to the

proper Cure Amount is resolved.

11.     As noted above, Section 365(b)(1)(A) of the Bankruptcy Code provides that the

trustee may not assume an executory contract unless the trustee "cures, or provides adequate

assurance that the trustee will promptly cure" any default under the contract.  11 U.S.C. §

365(b)(1)(A).

12.     Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract

if "the trustee assumes such contract…in accordance with the provisions of this section."  11

U.S.C. § 365(f)(2)(A).

13.     The Bankruptcy Code thus unequivocally requires that *before* a contract can be

assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure

will be provided must be given.  *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr.

S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as

required by 11 U.S.C. § 365(b)").

14.     The Assumable Executory Contracts should not be assumed and assigned to the

Purchaser unless and until the Debtors or the Purchaser cure any defaults thereunder or give

adequate assurance that a prompt cure will be provided.

4

**III.    The List of Contracts that the Debtors Have Designated for Assumption and Assignment Is Not Correct and Should be Corrected.**

15.    Grupo Antolin is attempting to identify and reconcile the contracts that the Debtors have listed on their website referenced in the Assumption and Assignment Notice as those that may be assumed and assigned to the Purchaser.  Given the short timing of the process, Grupo Antolin has not been able to fully reconcile these contracts as of the filing of this Objection.  Upon information and belief, the Debtors have not included on the website some contracts that the Debtors intend to be assumed and assigned.  The correct contracts should be listed on such website (with attendant Cure Amounts) and appropriate notice before Grupo Antolin is bound by any assumption and assignment or Cure Amounts with respect to such contracts.

16.    Grupo Antolin further reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

DETR_1206608.2

## **RELIEF REQUESTED**

WHEREFORE, Grupo Antolin requests that the Court enter an order denying the

Debtor's request to assume and assign the Assumable Executory Contracts unless and until

Grupo Antolin's objections are satisfied, and grant such other and further relief as the Court

deems just and proper.

Dated:    June 15, 2009                    FOLEY & LARDNER LLP


  /s/  John A. Simon                        
Thomas B. Spillane, Jr. (*pro hac vice pending*)
John A. Simon (*pro hac vice pending*)
Katherine R. Catanese (*pro hac vice pending*)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Grupo Antolin North America*

DETR_1206608.2