David M. Bennett
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751
E-mail: david.bennett@tklaw.com

Demetra L. Liggins
**THOMPSON & KNIGHT LLP**
919 Third Ave., 39th Floor
New York, NY 10022-3095
Telephone: 212.751.3001
Facsimile: 212.751.3113
E-mail: demetra.liggins@tklaw.com

**COUNSEL FOR MITSUBISHI HEAVY INDUSTRIES, LTD.,
MITSUBISHI HEAVY INDUSTRIES CLIMATE CONTROL, INC.
AND MITSUBISHI ENGINE NORTH AMERICA, INC.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| **GENERAL MOTORS CORP.,** *et al.*,[1] | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT OF
<u>ASSUMABLE EXECUTORY CONTRACTS</u>**

Mitsubishi Heavy Industries, LTD. ("<u>MHIA</u>"), Mitsubishi Heavy Industries Climate Control, Inc. ("<u>MCC</u>") and Mitsubishi Engine North America, Inc. ("<u>MENA</u>", together with MHIA and MCC "<u>Mitsubishi</u>") file this limited objection to the Debtors' Proposed Assumption and Assignment of Assumable Executory Contracts (the "<u>Objection</u>").

---

[1] The Debtors are General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, and Chevrolet-Saturn of Harlem, Inc.

**FACTUAL BACKGROUND**

1.  On June 1, 2009 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under chapter 11 of title 11 of United States Code (the "Bankruptcy Code"). On the Petition Date, the Debtors filed their Motion to (I) Approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion").[2] In the Sale Motion, the Debtors seek court authorization and approval, among other things, for the sale of the Debtors' assets pursuant to a proposed Master and Sale Purchase Agreement and related agreements (collectively, the "MPA") between the Debtors and Vehicle Acquisition Holdings LLC (the "Purchaser"), sponsored by the United States Department of Treasury (the "U.S. Treasury"), free and clear of liens, claims, encumbrances, and other interests. The Sale Motion also seeks court approval of the assumption and assignment of certain executory contracts and leases (the "Executory Contracts") and approval of UAW Retiree Settlement Agreement.

2.  On June 2, 2009, this Court entered an order granting the Sale Motion (the "Sale Order") that, among other things, established procedures for assuming and assigning Assumable Executory Contracts (the "Contracts"). These procedures include determining pre-petition cure amounts for the Contracts (the "Cure Procedures"). Pursuant to the Cure Procedures, the Debtors listed the Contracts that they intend to assume and assign to the Purchaser on a website established for that purpose (the "Contract Website"). For each of the listed contracts, the Debtors ascribe an amount, which the Debtors contend constitutes the unpaid 'cure amount' to

---

[2] All terms not defined herein shall have the meaning ascribed in the Sale Motion.

be paid as a prerequisite to the Debtors' assumption of the contract as required by Bankruptcy Code Section 365(b)(1)(A) (the "Cure Amounts"). On June 5, 2009, the Debtors served their Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Property (the "Cure Notice"), which included certain contracts with Mitsubishi.

## LIMITED OBJECTION

### A. The Cure Amounts are incorrect.

3. Mitsubishi and the Debtors are parties to various contracts, including certain contracts which are listed on the Cure Notice and the Contract Website (collectively, the contracts to which Mitsubishi and the Debtors are parties are hereinafter referred to as the "Mitsubishi Contracts"). Mitsubishi does not dispute certain of the cure amounts listed on the Contract Website in respect of the Mitsubishi Contracts (the "Cure Amounts"); however, in some cases, ,the Cure Amounts listed for particular Mitsubishi Contracts are incorrect. The correct Cure Amounts for these Mitsubishi Contracts is attached as **Exhibit A** (the "Corrected Cure Amounts").

4. Mitsubishi does not object to the Debtors' assumption and assignment of the Mitsubishi Contracts listed on **Exhibit A**. Indeed, Mitsubishi's intent is to remain one of the Debtors' suppliers and continue its business relationship with the Debtors. The Court, however, should require the Debtors to pay the Corrected Cure Amounts as prerequisite to the Debtors' assumption of the Contracts that listed on **Exhibit A**.

### B. Because they constitute a single indivisible agreement, all of the Mitsubishi Contracts should be assumed.

5. Numerous contracts make up Mitsubishi's integrated business relationship with the Debtors. The Debtors, however, have failed to list of all of the Mitsubishi Contracts in the

Cure Notice and on the Contract Website (the "Excluded Contracts").  A list of the Excluded Contracts is attached as **Exhibit B**.

6. The Cure Notice does not clarify the rationale for the Debtors listing some, but not all, of the Mitsubishi Contracts in the Cure Notice and the Contract Website.  Accordingly, as a prerequisite of granting the Debtors' request to assume some of the Mitsubishi Contracts, the Court should require the Debtors to disclose whether the Debtors failure to include the Excluded Contracts in the Cure Notice and on the Contract Website was intentional or, rather, merely was inadvertent.

7. Additionally, because the Debtors and Mitsubishi always intended certain of the contracts to embody a single integrated transaction, the Court should require the Debtors to assume the Excluded Contracts.  The Debtors have attempted to assume some, but not all, of the Mitsubishi Contracts even though the contracts between the Debtors and Mitsubishi, in many cases, are a part of a single integrated business relationship.

8. Multiple contracts may constitute a single contract where the contracts are essentially inseparable.[3]  When the parties intended to them as a uniform transaction, courts view them as a single indivisible agreement between the parties.[4]  Accordingly, because the Mitsubishi Contracts, in many cases, comprise a single integrated business relationship between the Debtors and Mitsubishi, the Court should require the Debtors, as a prerequisite to the Debtors assuming any of the Mitsubishi Contracts, to assume all of the Mitsubishi Contracts, including the Excluded Contracts,.

---

[3] *In re Braniff, Inc.*, 118 B.R. 819, 844 (Bankr. S.D. Fla. 1989).
[4] *See e.g.*, *In re Krafakis*, 162 B.R. 719, 725 (Bankr. E.D. Pa. 1993).

**RESERVATION OF RIGHTS**

9. Mitsubishi reserves all rights and remedies under Section 365 of the Bankruptcy Code, the Sale Motion, Sale Order, and other sale related notices.

10. Additionally, Mitsubishi reserves the right to amend and supplement this objection as it has had sufficient time to complete a full review of Mitsubishi's books and records.

**PRAYER**

**WHEREFORE**, Mitsubishi respectfully requests that the Court enter an order requiring (i) that the Debtors pay the Corrected Cure Amounts as a prerequisite of the Debtors' assumption of the Contracts which are listed on **Exhibit A** (ii) that the Debtor clarify its intention regarding assumption of the Excluded Contracts and (iii) that the Debtors be required to assume the Excluded Contracts as a condition of assuming any of the Mitsubishi Contracts and, in addition, that the Court grant such other and further relief, both at law and in equity, as this Court deems just and proper.

**DATED:**  June 15, 2009.

Respectfully Submitted,

**THOMPSON & KNIGHT LLP**

*/s/ Demetra L. Liggins*
David M. Bennett
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas  75201
Telephone: 214.969.1700
Facsimile: 214.969-1751
E-mail: david.bennett@tklaw.com

and

        Demetra L. Liggins
        **THOMPSON & KNIGHT LLP**
        919 Third Avenue, 39th Floor
        New York, NY 10022-3095
        Telephone: 212.751.3001
        Facsimile: 212.751.3113
        E-mail: demetra.liggins@tklaw.com

            **ATTORNEYS FOR MITSUBISHI HEAVY INDUSTRIES, LTD., MITSUBISHI HEAVY INDUSTRIES CLIMATE CONTROL, INC., AND MITSUBISHI ENGINE NORTH AMERICA, INC.**

99999999.9999999 DALLAS 2499735.1