JANICE M. WOOLLEY, #15236
MCGILL, GOTSDINER, WORKMAN & LEPP, P.C., L.L.O.
11404 W. Dodge Road, Suite 500
Omaha, NE 68154
Telephone: (402) 492-9200
FAx: (402) 492-9222
Email: janwoolley@mgwl.com

*Attorneys for NS - 200 Cabot of PA, L.L.C., a Pennsylvania limited liability company*
*NS - 608 Caperton WV, L.L.C., a West Virginia limited liability company*
*NS - 1500 Marquette MS, L.L.C., a Mississippi limited liability company*
*NS - 2200 Willis Miller WI, L.L.C., a Wisconsin limited liability company*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | Honorable Robert E. Gerber |

### LIMITED OBJECTION OF NS - 200 CABOT PA, L.L.C., NS - 608 CAPERTON WV, L.L.C., NS - 1500 MARQUETTE MS, L.L.C., and NS - 2200 WILLIS MILLER WI, L.L.C. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

NS - 200 Cabot PA, LLC, NS - 608 Caperton WV, L.L.C., NS - 1500 Marquette MS, L.L.C., and NS - 2200 Willis Miller WI, L.L.C. (collectively the "NS - Entities"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Notice"), served upon Cabot by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

### Background

1. The Debtors filed their voluntary chapter 11 petition on June 1, 2009 (the "Petition Date").

344599_1.DOC

2.   On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, including, in relevant part procedures regarding the Debtors' assumption and assignment of executory contracts.

3.   Pursuant to the Bidding Procedures Order, the Debtors served the notice on the NS - Entities, indicating that the Debtors intend to assume and assign their executory contracts with the NS - Entities (the "NS Contracts"). In addition, on their Contract Website, the Debtors represent that the cure amount needed to assume and assign the NS Contracts is $0 (the "Cure Amount"). Although no current rental amounts are owed the NS - Entities, NS - 200 Cabot, L.L.C. is owed transfer tax obligations in an amount in excess of $700,000.00.

4.   June 15, 2009 is also the Objection Deadline specified in the Notice. Unless the NS - Entities file and serve this Objection so that it is received by this Court and various counsel by the Objection Deadline, the Notice provides that the NS - Entities shall be deemed to have consented to the Cure Amount of $0 and "be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser."

## Objection

5.   The NS - Entitles object to the Notice insofar as it seeks to bar the NS - Entities from objecting to the Cure Amount of $0 and from asserting any additional cure or other amount against the Debtors, their estates or the Purchaser (assignee of the Contract) even if, between now and when the Contracts is ultimately assumed and assigned, liabilities accrue and the Debtors default under the Contract, including but not limited to failing to pay the sums due NS - 200 Cabot, L.L.C. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption The cure obligation applies to both pre-petition and post-petition defaults. *E.g., In re Stolz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999).

6.   The NS - Entities do not otherwise object to the Notice or to the Debtors' proposed assumption and assignment of the Contracts, provided that any and all amounts owed by the Debtors at the time of assumption and assignment of the Contracts must be cured by the Debtors in accordance with the terms of the Bidding Procedures Order and section 365(b)(1) of the Bankruptcy Code.

remainder of page intentionally blank)

344599_1.DOC

**WHEREFORE**, The NS - Entities respectfully request this Court: (i) deny the proposed assumption and assignment of the Contracts on the terms proposed by the Debtors and instead determine the appropriate cure amount, if any, due to the NS - Entities at the time of assumption of the Contract pursuant to section 365(b)(1) of the Bankruptcy Code; (ii) require that the Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under the Contracts that exist at the time of Debtors' assumption and assignment of the Contracts to the Purchaser but that are not then in default or otherwise cured by the Debtors, and (iii) grant such other and further relief as is just and appropriate in the circumstances.

Dated: Omaha, Nebraska
June 15, 2009

MCGILL, GOTSDINER, WORKMAN & LEPP, P.C., L.L.O.

By: *Janice M. Woolley* (signature)
Janice M. Woolley, #15236
McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O.
11404 West Dodge Road, Suite 500
Omaha, NE 68154-2584
Telephone: (402) 492-9200
Fax: (402) 492-9222
Email: janwoolley@mgwl.com
ATTORNEYS FOR CREDITORS

344599_1.DOC