ORRICK, HERRINGTON & SUTCLIFFE LLP
Alyssa D. Englund
666 Fifth Avenue
New York, NY 10103-0002
Telephone: (212) 509-5000

ORRICK, HERRINGTON & SUTCLIFFE LLP
Frederick D. Holden, Jr.(*Pro Hac Vice* Application Pending)
Jenna S. Clemens (*Pro Hac Vice* Application Pending)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700

Attorneys for Creditors and Contract Counterparties APL Logistics
Transportation Management Services, Ltd. and APL Logistics Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Chapter 11 |
|---|---|
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF APL LOGISTICS TRANSPORTATION MANAGEMENT SERVICES, LTD. AND APL LOGISTICS, LTD. TO PROPOSED CURE AMOUNTS**

APL Logistics Transportation Management Services, Ltd. and APL Logistics Ltd. (collectively, "APL Logistics"), by and through their counsel, object to the cure amounts (the "Cure Amounts") communicated by the above-named Debtors, directly or through certain other logistics providers, referred to by the Debtors as logistics service providers or lead logistics providers ("LLPs"), and hereby state as follows:

### BACKGROUND

1. On June 1, 2009, the above captioned Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

1

2. Also on June 1, 2009, the Debtors filed a Motion to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion") (Docket no. 92). Pursuant to the Sale Motion, the Debtors proposed to designate certain agreements which they would seek to assume and assign to the purchaser (the "Assumable Executory Contracts"). The Debtors proposed to maintain a schedule (the "Schedule") of the list of Assumable Executory Contracts. In addition to the Schedule, a secure, non-public website (the "Website") is to list the Assumable Executory Contracts and the Cure Amounts remaining owing since May 31, 2009, related to them.

3. On June 2, 2009, this Court entered an Order (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order") (Docket no. 274). Pursuant to the Sale Procedures Order, the Debtors must maintain the Schedule, which lists the Assumable Executory Contracts, and the Website, which lists the Assumable Executory Contracts and the cure costs related thereto. In addition, the Debtors must provide notice (the "Assumption Notice") to the non-Debtor counterparty to each Assumable Executory Contract of the Debtors' intent to assume and assign the contract. This Assumption Notice does not set forth the cure amount, but rather provides instructions to obtain the information on the Website.

4. APL Logistics received a Notice dated June 5, 2009, but the Website does not specify which Assumable Executory Contracts the Debtors seek to assign.

OHS West:260673580.1

5. On June 9, 2009, the Debtors sent a letter to certain logistics suppliers, including APL Logistics, directing "tier 2 suppliers" (those who are paid by the Debtors through LLPs) to contact each LLP to determine Cure Amounts. Pursuant to this letter, tier 2 suppliers are directed to file with this Court any objections they have to the Cure Amount given by the LLP.

6. APL Logistics is paid for certain of the services it provides to the Debtors through the following LLPs:

    a. Integrated Logistics Group, Inc. ("ILG")

    b. Schneider Logistics, Inc. ("Schneider")

    c. Penske Logistics ("Penske")

    d. Ryder Integrated Logistics, Inc. ("Ryder")

    e. FedEx Global Supply Chain Services, Inc. ("FedEx")

## OBJECTION

7. According to the LLPs, the Cure Amounts owing to APL Logistics are the following:

    a. ILG : $271,256.98

    b. Schneider : $480,152.46

    c. Penske : $83,302.82

    d. Ryder : $334,390.90

    e. FedEx : $369,028.50

8. On the Website, it is stated that the Cure Amount owed directly to APL Logistics or affiliated entities is $12,055.00.

9. APL Logistics disputes the Cure Amount payable by each LLP. As reflected in APL Logistics' books and records, the Cure Amounts owed by the Debtors to APL Logistics, for services rendered through May 31, 2009, but to be paid through LLPs, are as follows:

      a.    ILG : $235,836.77

      b.    Schneider : $429,031.61

      c.    Penske : $138,731.55

      d.    Ryder : $359,017.55

      e.    FedEx : $385,280.35

10.    Additionally, as reflected in APL Logistics' books and records, the Cure Amount payable directly to APL Logistics by the Debtors, for services rendered through May 31, 2009, is $104,119.85.

11.    APL Logistics has not received a list of invoices from any of the LLPs, detailing the amount given to APL Logistics as the Cure Amount. Consequently, APL Logistics is unable to reconcile the Cure Amounts given by the LLPs and its own books and records.

12.    Attached as <u>Exhibits A-F</u> to the sworn Declaration of Joshua D. Smith in support of this Objection, filed and served herewith, are spreadsheets detailing the true and correct balances owed to APL Logistics, directly by the Debtors or through various LLPs.

## CONCLUSION

13.    APL Logistics objects to any assignment of any executory contract between the Debtors and APL Logistics, absent an order specifying that the true and correct Cure Amount owing by the Debtors to APL Logistics, for services rendered by APL Logistics through May 31, 2009, is **$1,652,017.68**. This sum includes the following subtotals:

      a.    Cure Amount payable through ILG : $235,836.77

      b.    Cure Amount payable through Schneider : $429,031.61

      c.    Cure Amount payable through Penske : $138,731.55

      d.    Cure Amount payable through Ryder : $359,017.55

      e.    Cure Amount payable through FedEx : $385,280.35

OHS West:260673580.1

  f.  Cure Amount payable directly to APL Logistics : $104,119.85

Dated: New York, New York
   June 15, 2009

          ORRICK, HERRINGTON & SUTCLIFFE LLP


          By: */s/ Alyssa D. Englund*
            Alyssa D. Englund

          666 Fifth Avenue
          New York, NY 10103-0002
          Telephone: (212) 509-5000

              *and*

          Frederick D. Holden, Jr. (*Pro Hac Vice* Application Pending)
          Jenna S. Clemens (*Pro Hac Vice* Application Pending)
          The Orrick Building
          405 Howard Street
          San Francisco, CA 94105
          Telephone: (415) 773-5700
          Facsimile: (415) 773-5759

          Attorneys for Creditors and Contract Counterparties APL Logistics Transportation Management Services, Ltd. and APL Logistics Ltd.