KELLEY DRYE & WARREN LLP
James S. Carr (JC 1603)
Jennifer A. Christian (JC 7305)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

- and –

REINHART BOERNER VAN DEUREN S.C.
L. Katie Mason
1000 North Water Street
Milwaukee, WI 53201-2965
Tel: (414) 298-1000
Fax: (414) 298-8097

*Attorneys for Unico, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF UNICO, INC. TO**
**THE DEBTORS' PROPOSED CURE AMOUNT**

Unico, Inc. ("Unico"), by its attorneys, hereby submits this limited objection (the "Objection") to the proposed cure amounts of General Motors Corporation and its debtor subsidiaries (the "Debtors") required to be paid to Unico in connection with the assumption and assignment of certain executory contracts between Unico and the Debtors. In support of this Objection, Unico states as follows:

BACKGROUND

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, Unico and the Debtors were parties to contracts pursuant to which Unico performed certain services, and sold parts and equipment to the Debtors (the "Agreements").

4. On June 2, 2009, this Court entered an order (the "Sale Procedures Order") approving the procedures regarding Debtors' assumption and assignment of executory contracts.

5. Pursuant to the Sale Procedures Order, on or about June 8, 2009, the Debtors delivered a notice (the "Assignment Notice") to Unico, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Unico (the "Assumed Contracts").

6. The Assignment Notice directed Unico to a website (the "Contract Website") containing a description of the Assumed Contracts and associated cure amounts. On the Contract Website, the Debtors identify $35,541.92 as the amount which they allege to be owing to Unico under the Assumed Contracts (the "Debtor Cure Amount").

OBJECTION

7. Unico does not object to the sale of the Debtors' assets, nor does it object, *per se*, to the assumption and assignment of its executory contracts with the Debtors. Unico does object, however, to the Assignment Notice to the extent that (1) the Debtor Cure Amount is incorrect even as to those amounts that were in default as of the Petition Date, and (2) the Assignment

2

Notice's improper definition of "Cure Amount" would permit assumption and assignment of certain of Unico's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b) and (f), including the obligation to cure all defaults and satisfy all accrued obligations existing *at the time the executory contracts are assumed and assigned.*

8. Section 365(b)(1) of the Bankruptcy Code requires that all defaults must be cured at the time of assumption. Both pre-petition and post-petition defaults must be cured. *In re Stoltz*, 315 F.3d 80 (2nd Cir. 2002); *In re Lilgeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985).

9. The Debtor Cure Amount is substantially less than what is actually owed under the Assumed Contracts, both presently, and as of the Petition Date. Unico contests the Debtor Cure Amount and asserts that, as of June 13, 2009, the amount owed under the Assumed Contracts is $103,509.18 (the "Supplier Cure Amount"). A summary of the Supplier Cure Amount is attached hereto as Exhibit A.

10. Pursuant to the Sale Procedures Order, Unico files this Objection to reserve its rights to the Supplier Cure Amount.

09-50026-mg    Doc 1331    Filed 06/15/09    Entered 06/15/09 17:45:54    Main Document
Pg 3 of 6

WHEREFORE, Unico seeks an order sustaining its Objection and finding that the Supplier Cure Amount plus any additional post-petition amounts accruing after June 13, 2009 is required to be paid to Unico upon assumption and assignment of any Assumed Contracts and reserving its rights in connection with the Sale Procedures Order.

Dated: June 15, 2009
      New York, New York

KELLEY DRYE & WARREN LLP

By: */s/ Jennifer A. Christian*
    James S. Carr (JC 1603)
    Jennifer A. Christian (JC 7305)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

- and –

REINHART BOERNER VAN DEUREN S.C.
L. Katie Mason (Wis. Bar Id. 1060063)
1000 North Water Street
Milwaukee, WI 53201-2965
Tel: (414) 298-1000
Fax: (414) 298-8097

Attorneys for Unico, Inc.

## CERTIFICATE OF SERVICE

      I, Jennifer A. Christian hereby certify that on June 15, 2009, a true and correct copy of the Objection of Unico, Inc. to the Debtor's Proposed Cure Amount was filed via this Court's CM/ECF system and served on June 15, 2009 on those parties listed on the annexed schedule via overnight mail.

                          */s/ Jennifer A. Christian*
                          Jennifer A. Christian

| | |
|---|---|
| General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025<br>Attn: Warren Command Center<br>Mailcode 480-206-114 | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq. |
| U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220<br>Attn: Matthew Feldman, Esq. | Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br>Attn: John J. Rapisardi, Esq. |
| Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>Attn: Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>BY HAND | Office of United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street<br>21st Floor<br>New York, New York 10004<br>Attn: Diana G. Adams, Esq. |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn: Gordon Z. Novod, Esq. | |