BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Nisshinbo Automotive Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　General Motors Corp., *et al.,*<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION OF NISSHINBO AUTOMOTIVE CORP. TO THE DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF <u>NONRESIDENTIAL PROPERTY</u>**

Nisshinbo Automotive Corp. ("Nisshinbo"), by and through its undersigned counsel, for its objection (the "Cure Objection") to the proposed cure amount (the "Cure Amount") listed on the Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

1.　　On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, Nisshinbo entered into various contracts, purchase orders, and agreements whereby Nisshinbo would provide goods and services in exchange for timely payments of same by the Debtors (collectively, the "Contracts").

3. Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which Nisshinbo could view a listing of those executory contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets (the "Executory Contracts"), and by its calculations the Cure Amount in connection with such contract or leases.

4. At the time this Cure Objection was filed, the Website identified the Executory Contracts and the Cure Amount of $5,183.20 due and owing to Nisshinbo Industries, Inc.[1] under the Executory Contracts.

5. Nisshinbo does not object to the assumption and assignment of the Executory Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of a dispute over the Cure Amount with the Debtors. However, as the dispute has not yet been resolved, Nisshinbo, for purposes of preserving its objection rights as to the Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

**Objection to the Cure Amount**

6. Nisshinbo objects to the identification of Nisshinbo Industries Inc. as the supplier to whom the Cure Amount is owed. In fact, the Cure Amount is owed to Nisshinbo Automotive Corp.

7. Nisshinbo objects to the Cure Amount listed on the Website at the time this Cure Objection was filed as it does not fully cure and compensate Nisshinbo for the Debtors'

default(s). According to Nisshinbo's books and records, the correct Cure Amount for the Executory Contracts, is approximately $20,709.27.

8.  Nisshinbo reserves its right to amend or supplement this Cure Objection if, for example, the Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional cure amounts relating to defaults under Contracts that occur or continue to occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline if such an agreement was executed by the Debtors and Nisshinbo, Nisshinbo does not waive any other rights, claims, or interests it has or may have as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, Nisshinbo respectfully requests that the Court (a) condition any assumption and assignment of the Executory Contracts and any other Contracts the Debtor later will decide to assume on (i) the payment in full for all of the outstanding amount(s) due to Nisshinbo under those Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law, and (b) grant such other and further relief as the Court deems just and proper.

---

[1] Nisshinbo Industries, Inc. is not a supplier of GM's and is named in this objection solely to correlate it to GM's Website. By being named in this objection, Nisshinbo Industries, Inc. does not consent to jurisdiction in this case, or in any other case and reserves the right to challenge any attempts to assert jurisdiction over it.

Dated: New York New York
June 15, 2009

        BUTZEL LONG, a professional corporation

        By:    /s/ Robert Sidorsky
               Robert Sidorsky, Esq.
               Eric B. Fisher, Eq.
380 Madison Avenue
22nd Floor
New York, NY 10017
Tel.: (212) 818-1110
Fax: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Autodata Solutions, Inc.*

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS