**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        )
                                        )  **Case No. 09-50026**
                                        )
                                        )
In re: GENERAL MOTORS CORP., et al.     )
         Debtors.                       )  **Chapter 11**
                                        )
_____)


## OBJECTION OF CLARCOR, INC. AND TOTAL FILTRATION SERVICES, INC. TO PROPOSED CURE AMOUNTS

Pursuant to 11 U.S.C. section 363 and the Notice Of Debtors' Intent To Assume And Assign Executory Contracts (the "Notice"), Clarcor, Inc. and Total Filtration Services, Inc. (collectively, "Claimant") file this objection to the proposed cure amounts (the "Objection"). In support of its Objection, Claimant would show the Court as follows:

1.  Claimant has certain contracts with the Debtors which the Debtors are proposing to assume and assign. Claimant does not object to the assumption of the contracts, or the cure amounts proposed by the Debtors. However, the Claimant believes that there are other related contracts that the Debtors intend to assume and assign pursuant to this Notice that were not listed by the Debtors. The Claimant also objects to certain language in the assumption and sale order.

2.  In the Notice, the Debtors propose to assume contracts which are both "purchase orders" and "blanket orders". The "blanket orders" set a price for a specific item for which the Debtors have the option, but are not required, to purchase. The "purchase order" is a contract whereby the Debtors order the part and obligate themselves to buy the item at the set price. There are a number of purchase orders which the Debtors have not delineated in the Notice that relate to blanket orders that the Debtors propose to assume in the Notice. Claimant assumes that the Debtors intend to also assume these purchase order contracts. To the extent that the Debtors assume the contracts on Exhibit B, the Debtors must also pay

the cure amounts for those contracts as well. The Claimant objects to the Notice to the extent the Debtors do not pay the cure amounts listed on Exhibit B.

3. The contracts which the Debtors propose to assume in the Notice are listed on Exhibit A in the form provided by the Debtors, with the cure amounts proposed by the Debtors. The contracts that are related to those on Exhibit A and arise from the same blanket order as the contracts on Exhibit A are listed on Exhibit B. Claimant has also indicated the correct cure amounts on the attached Exhibit B. As stated above, Claimant believes that the Debtors intend to assume the contracts listed on Exhibit B as well as those listed on Exhibit A.

4. Claimant objects to the cure amounts proposed by the Debtors, to the extent that they are different from the amounts actually owed as set out by Claimant. Claimant believes all amounts can be reconciled, but due to the short deadline, files this objection in an abundance of caution.

5. Claimant further objects to the language in the proposed order that provides for payment of cure amounts only owing as of the petition date, when 11 U.S.C. § 365 requires that the Debtors and the Purchaser pay the amount due as of the assumption date, including all amounts whether or not in default. Claimant incorporates the objections of SKF USA, Inc. (Dkt. 965), as if fully set forth herein. The Claimant reserves the right to supplement its Objection to the extent further amounts become due after the date of the filing of the Objection

6. Claimant further objects to the extent that the proposed cure amount does not include any charges owed by the Debtors but not yet invoiced by Claimant. The Claimant reserves the right to supplement its Objection with any amounts that become due after this Objection is filed.

7. Further, the Debtors and the Purchaser must take the contracts *cum onere* – in full – and cannot pick and choose terms. Accordingly, Claimant objects to the proposed assumption and assignment to the extent that the Purchaser does not take all of the outstanding obligations owed to Claimant which either accrue or arise after the assumption and assignment.

2891455.2                                                                 2

WHEREFORE, Claimant prays that the Court provide for cure amounts in the full amount owed to Claimant, and grant such other relief as is just and proper.

**Dated: New York, New York**
**June 15, 2009**

          **Respectfully submitted,**

          *MAZZEO SONG & BRADHAM LLP*

          By: /s/ David H. Hartheimer
          David H. Hartheimer (DH-3583)
          John M. Bradham (JB-2342)
          Peter B. Katzman (PK-8030)
          708 Third Avenue, 19th Floor
          New York, NY  10017
          Tel. No.: (212) 599-0700

          Of Counsel
          Robert A. Guy, Jr.
          Waller Lansden Dortch & Davis, LLP
          Nashville City Center
          511 Union Street, Suite 2700
          Post Office Box 198966
          Nashville, Tennessee  37219-8966
          Tel No.: (615) 244-6380

          *Counsel for Clarcor, Inc. and Total Filtration Services, Inc.*