BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com


Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com
*Attorneys for Internet Brands, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| General Motors Corp., *et al.,* | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF INTERNET BRANDS, INC. TO DEBTORS' NOTICE OF
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL PROPERTY**

Internet Brands, Inc. ("Internet Brands"), by and through its undersigned counsel, for its

objection (the "Cure Objection") to the proposed cure amount ("Cure Amount") listed on

Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures

Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

1.      On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.      Prior to the Petition Date, Internet Brands entered into various contracts, purchase orders, and agreements whereby Internet Brands would provide goods and services in exchange for timely payments of same by Debtors  (collectively, the "Contracts").

3.      Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which Internet Brands could view a listing of those executory contracts Debtors may seek to assume and assign in connection with the sale of substantially all of its assets, and by its calculations, any corresponding proposed Cure Amount in connection with such contract or leases.

4.      At the time this Cure Objection was filed, the Website identified Contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets. To date, although the Website states that Debtors will assume Internet Brands' Contracts, it does not provide a Cure Amount owed to Internet Brands.

5.      Internet Brands does not object to the assumption and assignment of its Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of the Cure Amount with Debtors. However, as the Cure Amount has not yet been resolved, Internet Brands, for purposes of preserving its objection rights as to the proposed Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**Limited Objection to Proposed Cure Amount**

6.      Internet Brands objects to the proposed Cure Amount listed on the Website at the time this Cure Objection was filed as it does not fully cure and compensate Internet Brands for Debtors' default(s). According to Internet Brands' books and records, the correct Cure Amount for those Contracts listed on the Website, is approximately $116,511.63.

7.      Internet Brands reserves its right to amend or supplement this objection if, for example, Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional Cure Amounts relating to defaults under the Contracts that occur or continue to occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline, Internet Brands does not waive any other rights, claims, or interests it has or may have under the Contracts as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, Internet Brands respectfully requests that the Court (a) condition any assumption and assignment of the Contracts on (i) the payment in full for all outstanding amount(s) due to Internet Brands under the Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law and (b) grant such other and further relief as the Court deems just and proper.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Dated: New York New York
       June 15, 2009

BUTZEL LONG, a professional corporation

By:    /s/   Robert Sidorsky                    _____
       Robert Sidorsky, Esq.
       Eric B. Fisher, Eq.
380 Madison Avenue
22nd Floor
New York, NY 10017
Tel.: (212) 818-1110
Fax: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Autodata Solutions, Inc.*