BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for JTEKT Automotive Tennessee – Vonore, Co., JTEKT Automotive Tennessee-Morristown, Inc., Toyoda Machinery USA, JTEKT North America, Inc., Koyo Corporation of USA, JTEKT Automotive Virginia Inc., and JTEKT Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>General Motors Corp., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION OF JTEKT AUTOMOTIVE TENNESSEE – VONORE, CO., JTEKT AUTOMOTIVE TENNESSEE-MORRISTOWN, INC., TOYODA MACHINERY USA, JTEKT NORTH AMERICA, INC., KOYO CORPORATION OF USA, JTEKT AUTOMOTIVE VIRGINIA INC., AND JTEKT CORPORATION TO THE DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY**

JTEKT Automotive Tennessee – Vonore, Co., JTEKT Automotive Tennessee-Morristown, Inc., Toyoda Machinery USA, JTEKT North America, Inc., Koyo Corporation of

USA, JTEKT Automotive Virginia Inc., and JTEKT Corporation (the "JTEKT Entities"), by and through their undersigned counsel, for their objection (the "Cure Objection") to the proposed cure amount (the "Cure Amount") listed on the Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represent:

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, the JTEKT Entities entered into various contracts, purchase orders, and agreements whereby they would provide goods and services in exchange for timely payments of same by the Debtors (collectively, the "Contracts").

3. Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which the JTEKT Entities could view a listing of those executory contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets, and by its calculations (the "Executory Contracts"), the Cure Amount in connection with such contract or leases.

4. At the time this Cure Objection was filed, the Website identified the Executory Contracts and the Cure Amount of $1,158,660.72 due and owing to JTEKT Corp. under the Executory Contracts.

5. The JTEKT Entities do not object to the assumption and assignment of the Executory Contracts *per se* and have begun, or are prepared to begin, their efforts to reach a consensual resolution of a dispute over the Cure Amount with the Debtors. However, as the

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

dispute has not yet been resolved, the JTEKT Entities, for purposes of preserving their objection rights as to the Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

### Objection to the Cure Amount and Debtor's Failure to List Agreements

6.      The JTEKT Entities object to the identification of JTEKT Corp. as the only supplier to whom the Cure Amount is owed. In fact, the Cure Amount is owed to JTEKT Automotive Tennessee – Vonore, Co., JTEKT Automotive Tennessee-Morristown, Inc., Toyoda Machinery USA, JTEKT North America, Inc., Koyo Corporation of USA, JTEKT Automotive Virginia Inc., and JTEKT Corporation.

7.      The JTEKT Entities object to the Cure Amount listed on the Website at the time this Cure Objection was filed as it does not fully cure and compensate the JTEKT Entities for the Debtors' default(s). According to the JTEKT Entities' books and records, the correct Cure Amount for the Executory Contracts, is approximately 3,104,983.98[1] JPY and $ 2,715,339.41[2].

8.      The JTEK Entities also object to the Debtors' failure to list the following two service parts agreements as part of the Executory Contracts: GM Contract Number 123026, between the Debtors and JTEK North America, Inc., and GM Contract Number 124610, between the Debtors and JTEKT Automotive Tennessee – Vonore, Co. From the JTEKT Entities' perspective, these two service parts agreements should be assumed because these agreements are indispensible part of the corresponding parts supply agreements the Debtors propose to assume.

---

[1] This amount is owed to JTEKT Corporation.

[2] This amount is comprised of amounts owed to the following JTEKT entities: Koyo Corporation of USA is owed $20,689.28. JTEKT North America, Inc. is owed $746.97. JTEKT Automotive Virginia, Inc. is owed $2,229,539.16. Toyoda Machinery USA is owed $9,870.00. JTEKT Automotive Tennessee-Morristown Inc. is owed $136,982.39. JTEKT Automotive Tennessee – Vonore, Co. is owed $317,511.61.

9. The JTEKT Entities reserve their right to amend or supplement this Cure Objection if, for example, the Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional cure amounts relating to defaults under Contracts that occur or continue to occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline if such an agreement was executed by the Debtors and the JTEKT Entities, the JTEKT Entities do not waive any other rights, claims, or interests they have or may have as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, the JTEKT Entities respectfully request that the Court (a) condition any assumption and assignment of the Executory Contracts and any other Contracts the Debtor later will decide to assume on (i) the payment in full for all of the outstanding amount(s) due to the JTEKT Entities under those Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law, and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York New York
June 15, 2009

                        BUTZEL LONG, a professional corporation

                        By:  /s/  Robert Sidorsky
                              Robert Sidorsky, Esq.
                              Eric B. Fisher, Eq.
                        380 Madison Avenue
                        22nd Floor
                        New York, NY 10017
                        Tel.: (212) 818-1110
                        Fax: (212) 818-0494
                        sidorsky@butzel.com
                        fishere@butzel.com

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for JTEKT Automotive Tennessee – Vonore, Co., JTEKT Automotive Tennessee-Morristown, Inc., Toyoda Machinery USA, JTEKT North America, Inc., Koyo Corporation of USA, JTEKT Automotive Virginia Inc., and JTEKT Corporation*

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS