09-50026-mg    Doc 1385    Filed 06/15/09    Entered 06/15/09 18:51:22    Main Document
                                          Pg 1 of 7

FOLEY & LARDNER LLP
Salvatore A. Barbatano (SB0647)
John A. Simon (*pro hac vice admission pending*)
Katherine R. Catanese (*pro hac vice admission pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Pirelli Tires, LLC*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

------------------------------------------------------------X

### LIMITED OBJECTION OF PIRELLI TIRES, LLC TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO

Pirelli Tires, LLC ("Pirelli"), by its attorneys Foley & Lardner LLP, hereby submits this limited objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtors' proposed Cure Amounts related thereto. In support of its Objection, Pirelli states as follows:

### PRELIMINARY STATEMENT

1. Pirelli is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice") dated June 5, 2009, in which the Debtors purport to designate certain

DETR_1206732.1
DETR_1206847.1

agreements (the "Assumable Executory Contracts") between Pirelli or certain of its affiliates and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

2. Pirelli seeks to resolve any issues regarding the Cure Amount and contracts to be assigned consensually with the Debtors. However, given the short timing for objections, such a resolution has not yet been achieved. Therefore, Pirelli files this objection to preserve its rights pending such a resolution.

**ARGUMENT**

**I. The List of Contracts that the Debtors Have Designated for Assumption and Assignment Is Not Correct and Should be Corrected.**

3. Pirelli is attempting to identify and reconcile the contracts that the Debtors have listed on their website referenced in the Assumption and Assignment Notice (the "Website") as those that may be assumed and assigned to the Purchaser. Given the very short timing of the notice process, Pirelli has not been able to fully reconcile these contracts as of the filing of this Objection. However, upon information and belief, the Debtors have not included on the Website some contracts that the Debtors intend to be assumed and assigned, and have also included on the Website some contracts that are no longer valid and/or are stated on the Website to be with Pirelli affiliates that are not the true parties to the stated contracts in accordance with the parties' course of dealing.

4. On the Website, the Debtors list a total of 45 contracts to be assumed and assigned. Of those 45 contracts, Pirelli has been able to identify only one contract that, according to Pirelli's books and records, is still an active and existing contract with the Debtors – that certain contract with GM Contract Identification Number 1G330001. (See Exhibit A). In addition, Pirelli believes that the Debtors intend to assume and assign to the Purchaser an

2

additional five active and existing contracts which were not, as of the date of this Objection, listed on the Website.  (See id.)  Such contracts are for tires for the Chevrolet Camaro, the Chevrolet Cobalt, and the Chevrolet Impala, which Pirelli believes the Purchaser will continue to manufacture after the sale.  Pirelli is unable to identify these contracts on the list of designated contracts from the Website.

5. In sum, the universe of active existing contracts between any Debtors and Pirelli is set forth on Exhibit A (the "Pirelli Contracts"), and the Website should be modified to reflect such contracts and their cure (with an attendant right of Pirelli to notice and an opportunity to further object if necessary).  In accordance with the parties' course of dealing, since the inception of the Pirelli Contracts, Pirelli is the only party in the Pirelli global corporate group that has sold goods under these contracts and General Motors Corporation has always been the only party to make payments under such contracts.  Therefore General Motors Corporation and Pirelli are the true parties to such contracts in accordance with the parties' course of dealing, rather than any other affiliates of such companies.  *See generally*, *Dodge Street, LLC. v. Livecchi*, 32 Fed. Appx. 607, 611 (2nd Cir. 2002); *Pollitz v. Wabash R. Co*., 207 N.Y. 113, 129, 100 N.E. 721 (1912).

6. With the exception of the one contract with GM Contract Identification Number 1G330001, the contracts listed on the Website are no longer in effect and thus are not subject to assumption and assignment.  See, e.g., COLLIER ON BANKRUPTCY § 365.02[2] (15th ed. Rev. 2009) ("Section 365 applies only if the contract is in existence at the commencement of the case."); see also In re Balco Equities Ltd., Inc., 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004)("It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist.") (quoting from In re Texscan Corp., 107 B.R. 227 (B.A.P. 9th Cir. 1989) aff'd, 976 F.2d 1269 (9th Cir. 1992)).

3

7.  The correct Pirelli Contracts should be listed on the Website (with attendant Cure Amounts) and appropriate notice provided before Pirelli is bound by any assumption and assignment or Cure Amounts with respect to such contracts.

8.  Given the errors in the list of contracts and thus Cure Amounts stated on the Website, Pirelli objects to any changes in the amount of Cure as proposed from the $1,596,888.02 figure stated on the Website as of June 10, 2009.

## II. The Assumption and Assignment Notice Improperly Allows for the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure.

9.  Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

10. The Assumption Effective Date is defined in Paragraph 14 of the Assumption and Assignment Notice as the later of the date proposed by the debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

11. The Assumption and Assignment Notice thus allows for the possibility that that the Assumable Executory Contracts will be assumed and assigned before a dispute as to the proper Cure Amount is resolved.

4

12. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A).

13. Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract only if "the trustee assumes such contract…in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

14. The Bankruptcy Code thus unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

15. The Assumable Executory Contracts should not be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure any defaults thereunder or give adequate assurance that a prompt cure will be provided.

16. Section 365(b)(1)(C) of the Bankruptcy Code provides that the trustee may not assume an executory contract in which there has been a default unless the trustee "provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1)(C).

17. Where a debtor or its assignee fails to provide adequate assurance of future performance, assumption and assignment of the executory contract must be denied. *See, e.g., In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (debtor failed to provide adequate assurance of future performance, and therefore could not assume contract); *Skylark*, 120 B.R. at 355 (before debtor would be permitted to assume executory contract, debtor would be required to cure default and post bond or letter of credit).

5

18.     To date, neither the Debtors, the proposed Purchaser, nor any other possible assignee has provided Pirelli with adequate assurance of future performance under the Assumable Executory Contracts, including for amounts due Pirelli post-petition but which are not in default and thus not included in the Cure Amount.  The Debtors must provide adequate assurance to Pirelli for all amounts due Pirelli post-petition but which are not in default and thus not included in the Cure Amount.  While it appears that the Purchaser will agree to assume all liabilities under the Assumable Executory Contracts, whether or not the Assumable Executory Contracts will actually be assumed and assigned is not yet clear.  Therefore, Pirelli reserves all right with respect to adequate assurance for these amounts due and to object to assumption and assignment under section 365(b)(1)(C).

19.     Pirelli reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

## RELIEF REQUESTED

WHEREFORE, Pirelli requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts unless and until Pirelli's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated: June 15, 2009        FOLEY & LARDNER LLP

/s/ Salvatore A. Barbatano
Salvatore A. Barbatano (SB0647)
John A. Simon (*pro hac vice admission pending*)
Katherine R. Catanese (*pro hac vice admission pending*)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Pirelli Tires, LLC*