BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas B. Radom (*pro hac vice* admission pending)
Max J. Newman (*pro hac vice* admission pending)
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Gill Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    General Motors Corp., *et al.,*<br><br>                          Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF GILL INDUSTRIES, INC. TO DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED <u>LEASES OF NONRESIDENTIAL PROPERTY</u>**

Gill Industries ("Gill"), by and through its undersigned counsel, for its objection (the "Cure Objection") to the proposed Cure Amount listed on Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, Gill entered into various contracts, purchase orders, and agreements whereby Gill would provide goods and services in exchange for timely payments of same by Debtors (collectively, the "Contracts").

3. Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which Gill could view a listing of those executory contracts Debtors may seek to assume and assign in connection with the sale of substantially all of its assets, and by its calculations, any corresponding proposed Cure Amount in connection with such contract or leases.

4. At the time this Cure Objection was filed, the Website identified 82 Contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets and a total Cure Amount of $88,871.24 due and owing to Gill under the identified Contracts.

5. Gill does not object to the assumption and assignment of its Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of the Cure Amount with Debtors. However, as the Cure Amount has not yet been resolved, Gill, for purposes of preserving its objection rights as to the proposed Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

## Limited Objection to Proposed Cure Amount

6. Gill objects to the proposed Cure Amount listed on the Website as it does not fully cure and compensate Gill for Debtors' default(s). According to Gill's books and records, the correct Cure Amount is $170,256.82.

7. Gill reserves its right to amend or supplement this objection if, for example, Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional Cure Amounts relating to defaults under the Contracts that occur or continue to

occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline, Gill does not waive any other rights, claims, or interests it has or may have under the Contracts as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, Gill respectfully requests that the Court (a) condition any assumption and assignment of the Contracts on (i) the payment in full for all outstanding amount(s) due to Gill under the Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York New York
June 15, 2009

                        BUTZEL LONG, a professional corporation

                        By:    /s/ Robert Sidorsky
                              Robert Sidorsky, Esq.
                              Eric B. Fisher, Eq.
                        380 Madison Avenue
                        22nd Floor
                        New York, NY 10017
                        Tel.: (212) 818-1110
                        Fax: (212) 818-0494
                        sidorsky@butzel.com
                        fishere@butzel.com

                        Thomas B. Radom (*pro hac vice* admission pending)
                        Max J. Newman (*pro hac vice* admission pending)
                        41000 Woodward Avenue
                        Bloomfield Hills, Michigan  48304
                        Telephone:  (248) 258-1616
                        Facsimile:  (248) 258-1439
                        radom@butzel.com
                        newman@butzel.com

                        *Attorneys for Gill Industries, Inc.*