James M. Sullivan, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for The Timken Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al*.,

                            Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

---------------------------------------------------------- x

## LIMITED OBJECTION OF
## THE TIMKEN COMPANY TO APPROVAL OF CASH
## COLLATERAL AND ADEQUATE PROTECTION ORDERS ON A FINAL BASIS

The Timken Company ("Timken"), through its undersigned counsel, hereby submits this limited objection (the "Objection") to the approval on a final basis of (i) the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363, and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Revolver Secured Parties and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) [Docket 180] and (ii) the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363, and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Granting Adequate Protection to Term Loan Secured Parties and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) [Docket 181] (collectively, the "Orders").

NYC/437440.1

## BACKGROUND

1. On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 1, 2009, following the first day hearings in these cases, this Court entered the Orders. During the first day hearings, counsel for Timken orally objected to the entry of the Orders on an interim basis to the extent that the Orders might impair Timken's reclamation rights. The Court approved the Orders on an Interim basis but specifically preserved Timken's ability to object until the final hearing.

## LIMITED OBJECTION

3. The Debtors have failed to comply with the provisions of 11 U.S.C. §363, which states in pertinent part that:

> (c) (1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.
> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.
> *******
> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

4. The above quoted sections of the Bankruptcy Code are intended to protect holders of "interests" in the Debtors' property from having their interests impaired as a result of the Debtors' use of such property. Accordingly, these provisions are not intended to protect only

holders of security interests, but rather holders of all interests in such property.  A reclamation right is such an interest in the Debtors' property.

5.  The Orders do not purport to provide any adequate protection for holders of reclamation rights.  Timken respectfully requests that the Court condition the Debtors' use of their property, as contemplated in the Orders, upon the providing of adequate protection of Timken's reclamation rights.  Such adequate protection might include a junior lien on other property of the Debtors and/or an administrative claim under section 503(b) of the Bankruptcy Code.

6.  The Court need not decide at the final hearing, and Timken is not asking the Court to decide at the final hearing, that its reclamation rights have value.  What value Timken's reclamation rights may have can await further hearings should it be necessary.[1]  All that Timken requests is that should it later be determined that Timken's reclamation rights have value, that those rights be protected to extent of any diminution in such value.

---

[1]  Such a hearing would become moot if Timken's contracts are assumed and assigned in connection with the contemplated sale of substantially all of the Debtors' assets or if Timken's prepetition claim is paid pursuant to authority granted the Debtors under the Court's order authorizing the Debtors to pay the prepetition claims of certain essential suppliers.  This limited objection is being filed to protect Timken's rights out of an abundance of caution should neither of those events come to pass.

WHEREFORE, Timken respectfully requests that the Court decline to approve the Orders unless and until such time as they are modified to adequately address the concerns raised in this Limited Objection and granting such other, further, and different relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 15, 2009 | ARENT FOX LLP<br>Attorneys for The Timken Company<br><br>       */s/ James M. Sullivan*<br>By:  James M. Sullivan, Esq.<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3900<br>(212) 484-3990 (Fax) |