CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Christina M. Thompson
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for Connecticut General Life*
*Insurance Company and Related CIGNA Entities*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                             :    Chapter 11
In re                                                :
                                                   :    Case No. 09-50026 (REG)
GENERAL MOTORS CORP. *et al.*,    :
                                                   :    (Jointly Administered)
                            Debtors.    :
---------------------------------------------------------x

**OBJECTION OF CONNECTICUT GENERAL LIFE INSURANCE**
**COMPANY AND RELATED CIGNA ENTITIES TO NOTICE OF**
**(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL**
**PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL**
**PROPERTY AND (II) CURE COSTS RELATED THERETO**

Connecticut General Life Insurance Company and related CIGNA entities (collectively "CIGNA"), by and through its undersigned counsel, hereby objects to the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto* ("Assignment Notice").[1] More specifically, through this Objection CIGNA (i) objects to any proposed assumption and/or assignment of any agreement by and between the above-captioned debtors ("Debtors") and CIGNA and (ii) objects to the proposed cure amounts set forth in the Assignment Notice. In support thereof, CIGNA respectfully states as follows:

---

[1] Although the Assignment Notice is dated June 5, 2009, CIGNA did not actually receive the Assignment Notice on this date.

**BACKGROUND**

1. The Assignment Notice identifies certain Assumable Executory Contracts (as such term is defined in the Assignment Notice that the Debtors may assume and assign to a third party in connection with the sale by the Debtors of all or substantially all of their assets.

2. The Assignment Notice directs recipients to a website ("Contract Website") for purposes of identifying the Assumable Executory Contracts and the associated proposed cure amounts for the Assumable Executory Contracts.

3. The Contract Website references eight contracts with CIGNA.[2] The Contract Website, however, contains only references to the Debtors' contract reference numbers and vendor identification numbers. The Contract Website does not contain any information that would permit CIGNA to specifically identify the actual agreements that the Debtors are seeking to assume and assign. Because CIGNA cannot specifically identify the agreements that are subject to the Assignment Notice, it cannot determine whether the cure amounts proposed by the Debtors with respect to such contracts are accurate.

**OBJECTION TO ASSUMPTION AND/OR ASSIGNMENT**

4. CIGNA objects to the proposed assumption and assignment of any agreement between the Debtors and CIGNA including, but not limited to, those agreements referenced on the Contract Website because:

- The Debtors have not specifically identified the agreements that they propose to assume and/or assign;[3]

- The Debtors have not identified a proposed assignee with respect to such contracts; and

---

[2] Specifically, the Contract Website lists contracts with CIGNA Holdings Inc., CIGNA Behavioral Health Inc. and CIGNA Healthcare Inc.

[3] To the extent that the agreements are interdependent, they cannot be independently assumed or assigned.

2

- The Debtors have not provided CIGNA with any adequate assurance of future performance information with respect to any such assignee.

5. Additionally, CIGNA reserves the right to further object to the assumption and/or assignment of any agreement between CIGNA and the Debtors on any grounds, including lack of adequate assurance, after being provided with adequate information and notice.

## OBJECTION TO PROPOSED CURE AMOUNTS

6. Section 365(b)(1) of the Bankruptcy Code requires the Debtors to pay all amounts that are due and unpaid under the agreements as of the effective date of any proposed assumption and/or assignment ("Effective Date"). In addition to amounts due and unpaid on the Effective Date, the Debtors must fund all amounts necessary to process and pay all eligible healthcare claims under the applicable healthcare plan that are incurred by eligible employees and their eligible dependents prior to the Effective Date that have not been submitted, processed and paid as of the Effective Date ("Run-Out Claims"). Accordingly, any cure amount due with respect to any contract that the Debtors assume and/or assign must include all accrued and unpaid amounts due under such contracts as of the Effective Date as well as Run-Out Claims.

7. Further, because CIGNA is not able to specifically identify the agreements that are subject to the Assignment Notice, CIGNA objects to the aggregate cure amount of $530,341.11 as proposed by the Debtors on the Contract Website. CIGNA respectfully submits that no cure amount should be established with respect to any agreement between CIGNA and the Debtors unless and until the Debtors specifically identify the agreements that they propose to assume and/or assign.

8. Additionally, the Debtors must provide for the proper use and disposition of any existing demand deposit account that is used to fund claim payments made by CIGNA to healthcare providers pursuant to any agreement between the Debtors and CIGNA.

3

9. CIGNA expressly reserves the right to supplement, amend and/or modify this objection as necessary.

WHEREFORE, CIGNA respectfully requests that this Court enter an order that: (1) requires the Debtor to specifically identify each of the contracts with CIGNA that they intend to assume and/or assign; (2) denies assumption and assignment of such contracts until adequate assurance of future performance has been provided to CIGNA; (4) as a condition precedent to any assumption of such contracts, requires the Debtors to pay the full amount due to CIGNA under such contracts as established on the Effective Date; (5) fund the payment of all Run-Out Claims, and (6) provide for the proper use and disposition of any demand amount account used to fund claim payments made by CIGNA; and (7) grants CIGNA such further and additional relief as the Court may deem just and proper.

Dated: June 15, 2009	CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler (DE Bar No. 2795)
Christina M. Thompson (DE Bar No. 3976)
The Nemours Building
1007 North Orange Street
P.O. Box 2207 (19899)
Wilmington, Delaware 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

*Counsel for Connecticut General Life Insurance Company and Related CIGNA Entities.*

#694088

# CERTIFICATE OF SERVICE

I, Christina M. Thompson, hereby certify that on this 15th day of June, 2009, I caused a true and correct copy of the **Objection Of Connecticut General Life Insurance Company And Related Cigna Entities To Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (II) Cure Costs Related Thereto** to be served upon the following individuals in the manner as listed below.

/s/ Christina M. Thompson
Christina M. Thompson

**VIA FACSIMILE
AND FIRST CLASS MAIL**
Harvey R. Miller, Esquire
Stephen Karotin, Esquire
Joseph H. Smolinsky, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Fax: (212) 310-8007

The U.S. Treasury
Attn: Matthew Feldman, Esquire
1500 Pennsylvania Avenue NY, Room 2312
Washington, D.C. 20220
Fax: (202) 622-6415

John J. Rapisardi, Esquire
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Fax: (212) 504-6666

The Office of the United States Trustee
Diana G. Adams, Esquire
33 Whitehall Street
21st floor
New York, NY 10004
Fax: (212) 668-2255

Gordon Z. Novod, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Fax: (212) 715-8192

Michael J. Edelman, Esquire
Michael L. Schein, Esquire
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Fax: (212) 407-7799

**VIA FIRST CLASS MAIL**
General Motors Corporation
Attn: Warren Command Center, Mailcode 480-206-114
30009 Van Dyke Avenue
Warren, Michigan 48090-9025