**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Richard H. Wyron (admitted *pro hac vice*)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

— and —

John Ansbro
Alyssa D. Englund
Courtney M. Rogers
666 Fifth Avenue
New York, New York 10103-0002
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Counsel to Behr-Hella Thermocontrol GmbH*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **GENERAL MOTORS CORPORATION,** *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| | : | (Jointly Administered) |
| **Debtors.** | : | |

**OBJECTION OF BEHR-HELLA THERMOCONTROL GmbH**
**TO PROPOSED CURE AMOUNTS**

Behr-Hella Thermocontrol GmbH Co. ("**BHTC**"), by and through its counsel, objects to the amounts proposed by the above-captioned debtors (the "**Debtors**") as cure amounts with respect to executory contracts with BHTC which the Debtors propose to assume (the "**Objection**"), and states:

OHS East:160573409.2

## BACKGROUND

1. On June 1, 2009, the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

2. On June 1, 2009, the Debtors filed a Motion to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "**Sale Motion**") (Docket no. 92). Pursuant to the Sale Motion, the Debtors proposed to designate certain agreements which they would seek to assume and assign to the purchaser (the "**Assumable Executory Contracts**"). The Debtors proposed to maintain a schedule (the "**Schedule**") of the list of Assumable Executory Contracts. In addition to the Schedule, the Debtors indicated that a secure, non-public website (the "**Website**") would list the Assumable Executory Contracts and the cure costs related thereto.

3. On June 2, 2009, this Court entered an Order (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "**Sale Procedures Order**") (Docket no. 274). Pursuant to the Sale Procedures Order, the Debtors maintain the Schedule and the Website, which list the Assumable Executory Contracts and the cure costs related thereto. In addition, the Debtors must provide notice (the "**Assumption Notice**") to the non-Debtor counterparty to an Assumable Executory Contract of the Debtors' intent to assume and assign the

contract. This Assumption Notice does not set forth the cure amount, but rather provides instructions to access the information on the Website.

4. The Debtors have not yet delivered an Assumption Notice to BHTC, but have indicated that the Debtors intend to assume and assign some or all of the Debtors' contracts with BHTC (the "**Assumed Contracts**").

## OBJECTION

5. BHTC has no objection to the Debtors' assumption of executory contracts with BHTC, provided that the proper cure amounts are paid. BHTC objects, however, to the Debtors' proposed cure amounts for these contracts, as those amounts are unclear, since no data has yet been made available to BHTC.

6. BHTC hopes that any differences can be reconciled and is attempting to work with the Debtors in that effort, but files this objection out of an abundance of caution due to the deadlines for filing objections set out in the Sales Procedures Order and, to the extent not resolved through the Debtors' Cure Dispute Resolution Process, to preserve their rights related to the Debtors' proposed assumption of the Assumed Contracts and payment of related cure amounts.

## RESERVATION OF RIGHTS

7. BHTC reserves the right to make such other and further objections to the assumption and assignment of the Assumed Contracts and the corresponding cure amounts as may be appropriate, and expressly reserves the right to amend, supplement, and/or modify this objection for any reason.

## NOTICE

8. In accordance with the procedures for resolving cure amounts outlined in the Sale Procedures Order, notice of this Objection has been provided to: (i) the Debtors; (ii) counsel to the Debtors; (iii) the U.S. Treasury; (iv) Cadwalader, Wickersham & Taft LLP, counsel to the Purchaser; (v) counsel to the Official Committee of Unsecured Creditors; (vi) Vedder Price, P.C., counsel to Export Development Canada; and (vii) the Office of the United States Trustee for the Southern District of New York.

## CONCLUSION

For the reasons set forth herein, BHTC respectfully requests, to the extent that the parties cannot reconcile and agree to the proper cure amounts among themselves, that this Court set the correct cure amounts, compel Debtors to pay the proper cure amounts as a condition of the Debtors' assumption and assignment of the Assumed Contracts, and grant to BHTC such other and further relief as the Court deems just and proper.

Dated: New York, New York  
   June 15, 2009

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: _____*/s/ Richard H. Wyron*_____  
  Richard H. Wyron (admitted *pro hac vice*)  
  Columbia Center  
  1152 15th Street, N.W.  
  Washington, D.C. 20005-1706  
  Telephone: (202) 339-8400  
  Facsimile: (202) 339-8500

  —and—

  John Ansbro  
  Alyssa D. Englund  
  Courtney M. Rogers  
  666 Fifth Avenue  
  New York, New York 10103-0002  
  Telephone: (212) 506-5000  
  Facsimile: (212) 506-5151

  *Counsel to Behr-Hella Thermocontrol GmbH*