Hearing Date and Time: TBD
Objection Due: June 15, 2009

Peter A. Zisser (PZ-9634)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1095 Avenue of the Americas, 31st Floor
New York, New York 10036
Phone: (212) 872-9800
Fax: (212) 872-9815

and

SQUIRE, SANDERS & DEMPSEY L.L.P.
P. Casey Coston
221 E. Fourth St., Suite 2900
Cincinnati, Ohio 45202

Counsel to The Goodyear Tire & Rubber Company

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
                                              :
GENERAL MOTORS CORP., *et al*.,               :    Case No.: 09-50026 (REG)
                                              :
        Debtors.                              :    (Jointly Administered)
---------------------------------------------------------------X

**LIMITED OBJECTION OF THE GOODYEAR TIRE & RUBBER COMPANY TO
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

The Goodyear Tire & Rubber Company ("Goodyear"), by and through its undersigned counsel, hereby submits this conditional objection (the "Limited Objection"), objecting, on a limited basis, to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon Goodyear

by the above-captioned debtors and debtors-in-possession pursuant to this Court's Sales Procedures Order, as hereinafter defined, because it may not accurately state the Cure Costs[1] due to Goodyear; and in support hereof, respectfully states as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), General Motors Corp. and certain of its direct and indirect subsidiaries ("GM" or "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On the Petition Date, GM filed Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing Sale Motion (Docket No. 92) (the "Sale Motion"), by which GM asked the Court, among other things, to approve an order (the "Sale Procedures Order") containing bidding procedures for the sale of substantially all of Debtors' assets and procedures for Debtors' assumption and assignment of certain executory contracts. On June 2, 2009, the Court entered the Sale Procedures Order (Docket No. 274).

3. Pursuant to the Sale Procedures Order, on June 5, 2009, Debtors delivered to Goodyear an Assignment Notice indicating that Debtors intended to assume and assign to Vehicle Acquisition Holdings LLC certain of Debtors' contracts with Goodyear (the "Goodyear Assigned Contracts") in conjunction with the sale of its assets. Along with this

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Sale Motion.

Assignment Notice, Debtors further provided access to a secure website where they identify $9,769,275.07 as the amount allegedly owing under the Goodyear Assigned Contracts as of the Petition Date (the "Proposed Cure Amount"). Goodyear is currently reviewing the Cure Costs owed to it by Debtors with respect to the Goodyear Assigned Contracts and will reconcile those amounts with the Proposed Cure Amount.[2]

4. Pursuant to the Sale Procedures Order, Contract Objections must be made in writing and filed with the court no later than ten (10) days after the date of the Assignment Notice, or in Goodyear's case, June 15, 2009. In light of this highly accelerated time frame, Goodyear finds it necessary to file this Limited Objection pending completion of its review and reconciliation.

## OBJECTIONS

5. As a preliminary matter, Goodyear objects to the assumption and assignment of the Goodyear Assigned Contracts in light of the fact that appropriate Cure Costs may have not been proposed and Goodyear has not received adequate assurance of future performance in accordance with the requirements of Bankruptcy Code section 365.

6. It is clear that, pursuant to the explicit language of Bankruptcy Code section 365(b), the Goodyear Assigned Contracts cannot be assumed without concurrent cure of all arrearages. *See, e.g., In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002) ("Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract."). In the instant case, the Cure Costs alleged by the Debtors to be owed to Goodyear pursuant to the Goodyear Assigned Contracts is $9,769,275.07, while the actual Cure Costs may differ.

---

[2] Goodyear will amend this Limited Objection if necessary upon completion of its review and reconciliation.

7. In addition to the Cure Costs, Goodyear is entitled to adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1); *In re Luce Industries, Inc.*, 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform). Although adequate assurance of future performance may have been established in the Sale Motion and other pleadings filed in this case as it relates to Vehicle Acquisition Holdings LLC, *et al.*, the proposed assignee may not yet even be known, much less is its ability to perform established.

8. Goodyear reserves its right to amend this Limited Objection to include any additional facts as may be determined by its further investigation of the Sale Motion and the Goodyear Assigned Contracts.

## **RESERVATION OF RIGHTS**

9. Goodyear reserves the right (a) to amend, supplement, or otherwise modify this Limited Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Costs with respect to the proposed assumption and assignment of the Goodyear Assigned Contracts.

[The balance of this page intentionally left blank]

## CONCLUSION

WHEREFORE, Goodyear respectfully requests that the Court enter an Order (a) sustaining this Limited Objection in its entirety and overruling the Sale Motion to the extent is requests relief inconsistent with this Limited Objection, and (b) providing Goodyear with such other and further relief as is appropriate.

Dated:  June 15, 2009

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.


By:/s/ Peter A. Zisser_____
Peter A. Zisser (PZ-9634)
1095 Avenue of the Americas, 31st Floor
New York, New York 10036
Tel: 212.872.9800
Fax: 212.872.9815

and

SQUIRE, SANDERS & DEMPSEY L.L.P.
P. Casey Coston
221 E. Fourth St., Suite 2900
Cincinnati, Ohio 45202

Counsel to The Goodyear Tire & Rubber Company