Eric R. Markus, Esq.  (EM 3204)
Nancy L. Manzer, Esq.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.  20006
Tel:    (202) 663.6000
Fax:    (202) 663.6363
eric.markus@wilmerhale.com
nancy.manzer@wilmerhale.com

*Counsel for Lowe's Companies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORP.**, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 09-50026 (REG)<br>Jointly Administered<br><br>**Hearing Date:  June 30, 2009 at 9:45 am EDT** |

**LIMITED OBJECTION OF LOWE'S COMPANIES, INC., TO DEBTORS' PROPOSED CURE AMOUNT RELATED TO ITS EXECUTORY CONTRACT WITH DEBTORS**

Lowe's Companies, Inc. ("Lowe's"), through its undersigned counsel, hereby submits this objection (the "Objection") to the cure amount proposed by General Motors Corp. and its affiliated debtors in the above-captioned bankruptcy case (collectively, the "Debtors") in connection with the Debtors' intent to assume and assign their executory contract with Lowe's, and in support of this Objection states as follows:

**Background**

1.     Lowe's is parent-company to Lowe's Home Centers, Inc. ("LHC") and Lowe's HIW, Inc. ("LHIW").  LHC and LHIW operate as retailers of construction and other home improvement supplies with retail stores throughout the United States.  Frequently, Lowe's enters into contractual arrangements with businesses in other industries to provide special rebates,

discounts, or other incentives for co-marketing support of LHC and LHIW and those other businesses.

2.     Pursuant to a purchase order dated November 7, 2008, and a statement of work dated April 13, 2009 (collectively, the "Program Contract"), Lowe's and one or more of the Debtors entered into an arrangement by which Lowe's sells activated Lowe's gift cards redeemable at LHC and LHIW's stores to the Debtors in batches at a discount, which are distributed to the Debtors' customers who purchase automobiles as a purchase incentive.  The Debtors are obligated to remit payment to Lowe's for a particular batch of gift cards (net of certain discounts) three weeks after Lowe's issues such batch of gift cards.

3.     On June 5, 2009, the Debtors mailed Lowe's their Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), which informed Lowe's that the Debtors intended to assume and assign the Program Contract to the Purchaser (as defined in the Assumption and Assignment Notice) and explained how Lowe's could access a secure website (the "Contract Website") to learn what cure amount the Debtors have ascribed to the Program Contract.  The Contract Website currently states that the cure amount is $314,940.

4.      In the weeks leading up to the Debtors' bankruptcy filing, Lowe's issued batches of gift cards to the Debtors or their customers on the Debtors' behalf pursuant to the Program Contract.  On account of such pre-petition shipments, the Debtors are entitled to—but have not been paid—an aggregate payment of $635,100 (the "Pre-Petition Unpaid Amount").

5.     In reliance upon the Debtors' stated intention in the Assumption and Assignment Notice and on the Contract Website to assume and assign the Program Contract, Lowe's intends

2

to continue its business relationship with the Debtors pursuant to the Program Contract and to continue shipping gift cards to the Debtors or the Debtors' customers on the Debtors' behalf pursuant thereto up to and through the date when the Purchaser assumes the Program Contract. The Debtors' obligation to pay Lowe's on account of such future shipments of gift cards will likely be unsatisfied by the date the Program Contract is assumed by the Purchaser (any such unsatisfied future amounts, together with the Pre-Petition Unpaid Amount and Post-Petition Unpaid Amount, are the "<u>Full Cure Amount</u>").

## **Relief Requested**

6.　Because the Full Cure Amount exceeds the cure amount stated on the Contract Website with respect to the Program Contract, Lowe's requests that this court require, as a condition to the Debtors' assumption and assignment of the Program Contract to the Purchaser, that the Debtors remit the Full Cure Amount to Lowe's promptly upon the assumption and assignment of the Program Contract as provided in the Court's order establishing sale procedures and 11 U.S.C. § 365(b)(1)(A).

　　WHEREFORE, for the foregoing reasons, Lowe's respectfully requests that this Court enter an order: (i) requiring the Debtors, as a condition to their assumption and assignment of the Program Contract to the Purchaser, to comply with 11 U.S.C. § 365(b)(1)(A) by promptly paying Lowe's the Full Cure Amount owed pursuant to the Program Contract for shipments of gift cards through the Closing Date, and (ii) for such other relief as is just and proper

[remainder of page intentionally blank].

Dated: June 15, 2009

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

/s/ Eric R. Markus
Eric R. Markus (EM 3204)
Nancy L. Manzer
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel:    (202) 663-6000

# CERTIFICATE OF SERVICE

      I, Eric R. Markus, hereby certify that on June 15, 2009, I served the foregoing Objection electronically upon all parties registered with the CM/ECF system, and upon the following parties by facsimile and first class mail, postage prepaid, upon the following:

Matthew Feldman, Esq.  
United States Department of Treasury  
Fax:    (202) 622.6415

Diana G. Adams, Esq.  
Office of the United States Trustee  
Southern District of New York  
Fax:    (212) 668.2256

                                                         /s/ Eric R. Markus  
                                                          Eric R. Markus