W. David Arnold
Robison, Curphey & O'Connell
Four Seagate, Ninth Floor
Toledo, OH  43604
Telephone: (419) 249-7900
Facsimile:  (419) 249-7911
darnold@rcolaw.com

Attorneys for Affinia Group, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS CORP., *et al.*, | ) | Case No. 09-50026 (REG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF AFFINIA GROUP, INC. TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

Affinia Group, Inc. and certain of its affiliates (collectively "**Affinia**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served Affinia with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between Affinia and certain of its subsidiaries and the Debtors.

2. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. §365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, I will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract . . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (internal citations omitted.).

3. On the Contract Website[1], the Debtors purport to identify certain Assumable Executory Contracts, but it is not possible to accurately determine the corresponding cure amounts (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under each Assumable Executory Contracts as of June 1, 2009. The task of ascertaining the correct Cure Amount is made impossible by (i) the absence of an electronic version of the Cure Amount detail that can be readily downloaded by Affinia, and (ii) the fact that Debtors appear to have omitted at least one major executory contract between an Affinia affiliate and Debtors and the corresponding Cure Amount related thereto.

4. Affinia does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

2

5. Affinia does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under all of the Assumable Executory Contracts that Debtors appear to intend to assume.

6. Specifically, with respect to the Assumable Executory Contracts Debtors appear to intend to assume, the following prepetition balances are owed to Affinia's affiliates:

| Debtor Entity | Affinia Entity | Correct Cure Amount |
|---|---|---|
| General Motors Corp. | Brake Parts, Inc. | $2,098,410.88 |
| Saturn | Brake Parts, Inc. | $149,153.45 |
| Saturn | Wix Filtration Corp. | $2,449.44 |

Affinia will supplement this Objection with additional supporting documentation upon the Debtors' request.

7. Affinia also objects to the Cure Notice insofar as any postpetition performance by Affinia of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

8. Notwithstanding the foregoing, Affinia further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

9. Affinia further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with Affinia that may or will be assumed and assigned but which have not been included in the Cure Notice.

3

10. Affinia reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 15, 2009  
      Toledo, Ohio

/s/ W. David Arnold  
W. David Arnold  
Robison, Curphey & O'Connell  
Four Seagate, Ninth Floor  
Toledo, Ohio 43604  
Telephone: (419) 249-7900  
Facsimile: (419) 249-7911  

Attorneys for Affinia Group, Inc.

4