STROBL & SHARP, P.C.
Lynn M. Brimer (P43291)
Meredith E. McKinzie (P69698)
300 East Long Lake Road, Suite 200
Bloomfield Hills, Michigan 48304
(248) 540-2300

*COUNSEL FOR PYEONG HWA AUTOMOTIVE CO., LTD.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re                                                                    Chapter 11

GENERAL MOTORS CORP., et al.,                     Case No. 09-50026 (REG)

                Debtors.                           (Jointly Administered)

---------------------------------------------------------------- x

**LIMITED OBJECTION OF PYEONG HWA AUTOMOTIVE CO., LTD. TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

Pyeong HWA Automotive Co.., Ltd. ("PHA"), by its undersigned counsel, hereby objects on a limited basis ("Objection") to the Motion of Debtors and Debtors in Possession Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 for an Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (Docket No. 92) ("363 Motion") and the Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and

Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated June 5, 2009 (the "Notice") (The 363 Motion and the Notice are collectively, the "Motion"). PHA objects to the Motion because it does not accurately state the Cure Amount[1] due to PHA. In further support of its Objection, PHA respectfully states as follows:

## Background

1. On June 1, 2009 ("Petition Date"), General Motors Corporation ("GM") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, GM filed the 363 Motion to (1) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Scheduling Sale Approval Hearing.

3. On June 2, 2009, the Court entered its Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Provide Certain Bid Protections, (C) Scheduling a Final Hearing Approving the Sale of Substantially All of the Debtors' Assets and (D) Approving the Form and Manner of Notice thereof [Docket Entry No. 492] (the "Order"), thereby establishing the procedure for assumption and assignment of Debtors' contracts to Purchaser.

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Motion.

4.     Debtors served PHA with a copy of the Notice dated June 5, 2009. Pursuant to paragraph 7 of the Notice, objections by a Non-Debtor Counterparty to one or more Assumable Executory Contracts, must be asserted within ten (10) days after the date of the Notice.

5.     The website provided by Debtors in the Notice states that the aggregate amount necessary to cure all existing defaults for Assumable Executory Contracts with PHA, within the meaning of Section 365 of the Bankruptcy Code is $927,983.00 (the "Debtors' Proposed Cure Amount") and references 412 different contracts.

## Limited Objection

6.     PHA's books and records reflect a substantially larger amount due by the Debtor. However, due to the vast number of contracts at issue and the limited time to prepare this objection, PHA has not reconciled all of the contracts at issue with the Debtors' Proposed Cure Amount. The Debtor's Proposed Cure Amount understates the amount due to PHA and does not include certain post-petition obligations due and owing from Debtors to PHA in furtherance of PHA's ongoing obligations to the Debtors.

7.     PHA has absolutely no objection to the designation of its contracts with the Debtors as Assumable Executory Contracts.

8.     PHA is filing this Limited Objection so as to comply with the Notice, Order and Motion and preserve its rights thereunder, but PHA is simultaneously engaged in business-to-business discussions with the Debtors in an effort to reconcile the cure amount differences.

9.   Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -- (A) cures, or provides adequate assurance that the trustee will promptly cure, such default....

10.  PHA only objects to the Motion on the following grounds:

> a. the Debtors' Proposed Cure Amount is insufficient to cure all existing defaults within the meaning of Section 365 of the Bankruptcy Code; and

> b. the Debtors' Proposed Cure Amount does not include Debtors' post-petition obligations to PHA in furtherance of PHA's ongoing obligations to, and performance for the Debtors.

11.  Accordingly, PHA objects to the Debtors' Proposed Cure Amount pursuant Section 365 of the Bankruptcy Code to the extent that the Debtors' Proposed Cure Amount is less than 100% of the actual pre-petition and all post-petition obligations owed by Debtors to PHA.

12.  PHA respectfully requests that the requirements of Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

### Reservation of Rights

14.  PHA reserves the right (a) to amend, supplement, or otherwise modify this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Amount with respect to the proposed assumption and assignment of the Proposed Cure Amount.

### Conclusion

WHEREFORE, PHA respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Motion to the extent it requests relief inconsistent with this Objection, and (b) providing PHA with such other and further relief as is appropriate.

Dated: June 15, 2009
       Bloomfield Hills, Michigan

                                           Respectfully submitted,

                                           STROBL & SHARP, P.C.

                                           */s/ LYNN M. BRIMER*
                                           By:    Lynn M. Brimer (P43291)
                                                        Meredith M. McKinzie (P69698)
                                           300 E. Long Lake Rd., Ste. 200
                                           Bloomfield Hills, MI 48304
                                           (248) 540-2300 / Fax (248) 645-2690
                                           Email: lbrimer@stroblpc.com

STROBL & SHARP, P.C.
Lynn M. Brimer (P43291)
Meredith E. McKinzie (P69698)
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
(248) 540-2300

*COUNSEL FOR PHA STEEL CORPORATION*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., et al., | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

----------------------------------------------------------------- x

## CERTIFICATE OF SERVICE

    I, Lynn M. Brimer, hereby certify that a true and correct copy of the **Limited Objection of PHA Steel Corporation to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and FED. R. BANKR. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing** was caused to be served by e-mail upon all parties who receive electronic notice in this case pursuant to the Court's ECF filing system, and by individual e-mail to the parties so indicated on the attached service list.

Dated: June 15, 2009
       Bloomfield Hills, Michigan                  */s/ LYNN M. BRIMER*
                                                                   Lynn M. Brimer

General Motors Corporation
Cadillac Bldg, 30009 Van Dyke Ave
Warren, Michigan 48090-9025
Attn: Warren Command Center Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
Joseph H. Smolinsky, Esq.

Kenneth Eckstein, Esq., Thomas Moers Mayer, Esq.,
Gordon Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

U. S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman, Esq.

Vedder Price, P.C.
1633 Broadway 47th Floor
New York, New York 10019
Attn: Michael J. Edelman, Esq. Michael L. Schein, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Rapisardi, Esq.

Robert D. Wolford, Esq.
Miller, Johnson, Snell & Cummiskey, PLC
250 Monroe Avenue, N.W. Suite 800
Grand Rapids, MI 49503

U.S. Trustee for the Southern Dist. of New York
Attn: Diana G. Adams. Esq.
33 Whitehall Street 21st Floor
New York, New York 10004

Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

7