FOLEY & LARDNER LLP

Thomas B. Spillane
Scott T. Seabolt
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, Michigan  48226
(313) 234-7100
(313) 234-2800 fax

Frank W. DiCastri (*pro hac vice pending*)
777 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
(414) 271-2400
(414) 297-4900 fax

*Attorneys for Getrag Transmission Corporation*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
In re:                                  :    Chapter 11
                                        :
GENERAL MOTORS CORP., et al.,           :    Case No. 09-50026 (REG)
                                        :
                        Debtors         :    Jointly Administered
                                        :
-------------------------------------------------------------X
```

**OBJECTION OF GETRAG TRANSMISSION CORPORATION TO**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Getrag Transmission Corporation ("Supplier"), by its attorneys Foley & Lardner

LLP, submits this objection (the "Objection") to the Debtors' assumption and assignment of

certain executory contracts and the Debtor's proposed Cure Amounts related thereto.  In support

of its Objection, Supplier states as follows:

## PRELIMINARY STATEMENT

1.      Supplier is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements between Supplier and the Debtors (the "Assumable Executory Contracts") that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

## ARGUMENT

### I.      Debtors' Notice Is Defective

2.      On June 12, Supplier received the Assumption and Assignment Notice.  Although the Debtors purported to serve the Notice on June 5, Supplier did not receive the Notice until June 12, thus leaving them with one business day to respond.

3.      Supplier objects to the Assumption and Assignment Notice because the Debtors did not give sufficient notice of their intent to assume and assign contracts.  Supplier is just beginning to analyze the information contained on the Debtors' website, www.contractnotices.com.  Without having had sufficient time to complete its analysis, Supplier cannot determine whether the Cure Amounts are adequate, or whether they have any other bases for objecting to the purported assumption and assignment.  Accordingly, Supplier expressly reserves any and all additional objections it may have to the assumption and assignment of alleged executory contracts, including but not limited to, that the contracts are not executory, that the cure amount is not adequate, that there are non-monetary defaults that must be cured by the Debtors, or that there are incurable defaults.

MILW_8861297.1

**II.    The Proposed Cure Amount Is Inadequate**

4.     On their website, the Debtors have presumably listed a Cure Amount for the Assumable Executory Contracts as of June 15, 2009 (Supplier has not been afforded sufficient notice to investigate).  The Debtors will claim that this amount is sufficient to cure all defaults under the Assumable Executory Contracts as of June 1, 2009 (the "Commencement Date").

5.     "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

6.     Any proposed Cure Amount must accurately reflect all prepetition defaults and all post-petition defaults that may arise prior to the closing on the sale.  Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract.  11 U.S.C. § 365(b)(1)(A).  Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance.  *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).  Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms.  *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

7.     Given the inadequate notice described above, Supplier reserves its rights to submit the proper cure amount after completing its analysis of the information on the Debtors'

3

website. Any proposed cure amount is subject to change, and Supplier reserves the right to submit additional amounts that may accrue after the date of this Objection.

**III.    The Assumption and Assignment Notice Improperly Allows For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure**

8.      Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

9.      The "Assumption Effective Date" is defined in Paragraph 14 of the Assumption and Assignment Notice as the later of the date proposed by the Debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

10.     Read carefully, the Assumption and Assignment Notice permits the Debtors to assume and assign the Assumable Executory Contracts before any disputes as to the proper Cure Amount are resolved. To the extent that the Debtors intend to take such a position against Supplier, the Debtors' actions would violate sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code. *See* 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A) (prohibiting assumption and

4

assignment, respectively, unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract).

11.     The Bankruptcy Code unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or the Debtors must provide adequate assurance that a prompt cure will be provided.  *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").  If the Debtors take the position that Supplier's contracts are assumed and assigned to the Purchaser, notwithstanding a pending cure objection, they may also expect Supplier to render performance to the Purchaser in the interim.  This would be unacceptable, and would violate the plain language of the Bankruptcy Code.

## IV.     Supplier's Post-Sale Lien Rights in Tooling Cannot be Stripped Through Assumption and Assignment of the Designated Agreements

12.     Supplier is a supplier to the Debtors and has in its possession certain tooling which is or was used for the production of parts for the Debtors (the "Tooling").  Supplier has a perfected possessory lien interest in the Tooling, pursuant to the Michigan Special Tools Lien Act, M.C.L. 570.541 et seq. (the "Special Tools Lien Act"), the Michigan Molder's Lien Act, M.C.L. 445.611 et seq. (the "Molder's Lien Act"), and/or other provisions of state law (together with the Special Tools Lien Act and the Molder's Lien Act, the "Lien Laws").  The Tooling is Supplier's collateral to protect payment for the goods produced using the Tooling.

13.     To the extent that the Supplier continues to produce parts using the Tooling for the Debtors, the Purchaser, or any assignee of the Assumable Executory Contracts, Supplier shall continue to benefit from a perfected security interest in the Tooling under the applicable Lien Laws.  To the extent that the assumption and assignment of the Assumable Executory Contracts

proposed in the Assumption and Assignment Notice could have the effect of stripping Supplier of its continuing rights under the Lien Laws, Supplier objects.

## V.    Reservation of Rights Regarding Adequate Assurance of Future Performance

14.    Section 365(b)(1)(C) of the Bankruptcy Code provides that the trustee may not assume an executory contract in which there has been a default unless the trustee "provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1)(C).

15.    Where a debtor or its assignee fails to provide adequate assurance of future performance, assumption and assignment of the executory contract must be denied. *See, e.g., In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (debtor failed to provide adequate assurance of future performance, and therefore could not assume contract); *Skylark*, 120 B.R. at 355 (before debtor would be permitted to assume executory contract, debtor would be required to cure default and post bond or letter of credit).

16.    To date, neither the Debtors, the proposed Purchaser, nor any other possible assignee has provided Supplier with adequate assurance of future performance under the Assumable Executory Contracts, including for amounts due Supplier post-petition but which are not in default and thus presumably not included in the Cure Amount. The Debtors must provide adequate assurance to Supplier for all amounts due Supplier post-petition but which are not in default and thus not included in the Cure Amount. While it appears that the Purchaser will agree to assume all liabilities under the Assumable Executory Contracts, whether or not the Assumable Executory Contracts will actually be assumed and assigned is not yet clear. Therefore, Supplier reserves all right with respect to adequate assurance for these amounts due and to object to assumption and assignment under section 365(b)(1)(C).

MILW_8861297.1

## VI.    Preservation of Rights of Setoff and Recoupment

17.    Among Supplier's most valuable rights in its relationship with Debtors are its rights of setoff and recoupment.  These rights arise under the contract between Supplier and Debtors, federal or state statutes, or common law.

18.    The Assumption and Assignment Notice fails to properly preserve the validity, extent or priority of such setoff or recoupment rights. These rights must be preserved as against Debtors and against Purchaser upon the assumption and assignment of the Supplier's contracts. The preservation of post-assignment rights of setoff and recoupment is just as significant an interest of Supplier as are its pre-assignment rights against Debtors.

### **RELIEF REQUESTED**

WHEREFORE, Supplier requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts unless and until the Debtors provide sufficient notice and satisfy Supplier's other objections herein, and grant such other and further relief as the Court deems just and proper.

Dated:    June 15, 2009                     FOLEY & LARDNER LLP

                                            _ s/   Frank W. DiCastri_

                                            Frank W. DiCastri (*pro hac vice pending*)
                                            FOLEY & LARDNER LLP
                                            777 East Wisconsin Avenue
                                            Milwaukee, Wisconsin  53202
                                            (414) 271-2400
                                            (414) 297-4900 fax

                                            Thomas B. Spillane
                                            Scott T. Seabolt
                                            FOLEY & LARDNER LLP
                                            One Detroit Center
                                            500 Woodward Avenue, Suite 2700
                                            Detroit, MI 48226-3489

MILW_8861297.1

Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Getrag Transmission Corporation*

MILW_8861297.1

UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------X
In re:                                  :       Chapter 11
                                        :
GENERAL MOTORS CORP., et al.,           :       Case No. 09-50026 (REG)
                                        :
                      Debtors           :       Jointly Administered
                                        :
-------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, I caused the *Objection Of Getrag Transmission Corporation To Assumption And Assignment Of Certain Executory Contracts And Cure Amounts Related Thereto* to be served via U.S. Mail on the following at the addresses set forth below:

General Motors Corporation
Attn:  Warren Command Center
Mail Code 480-206-114
30009 Van Dyke Avenue
Warren, Michigan 48090-9025

Weil, Gotshal & Manges LLP
Attorneys for the Debtors
Attn:  Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq
767 Fifth Avenue
New York, New York 10153

U.S. Treasury
Attn:  Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220

Cadwalader, Wickersham & Taft LLP
Attn:  John J. Rapisardi, Esq.
Attorneys for the Purchaser
One World Financial Center
New York, New York 10281

Vedder Price, P.C.
Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Attorneys for Export Development Canada
1633 Broadway, 47th Floor,
New York, New York 10019

Office of the United States Trustee
Southern District of New York
Attn:  Diana G. Adams, Esq.
33 Whitehall Street, 21st Floor
New York, New York 10004

MILW_8861297.1

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Committee of
Unsecured Creditors
Attn: Gordon Z. Novod, Esq.
1177 Avenue Of The Americas
New York, NY 10036


Dated:    June 15, 2009                   FOLEY & LARDNER LLP

                                          /s/ Frank W. DiCastri
                                          Frank W. DiCastri
                                          777 East Wisconsin Avenue
                                          Milwaukee, WI 53202
                                          Telephone: (414) 271-2400
                                          Facsimile: (414) 297-4900

MILW_8861297.1