FOLEY & LARDNER LLP

Scott T. Seabolt
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

Frank W. DiCastri
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

*Attorneys for Textron Inc.*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :    Case No. 09-50026 (REG)
                                                    :
                          Debtors                   :    Jointly Administered
                                                    :
---------------------------------------------------------------X

**OBJECTION OF TEXTRON INC. TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Textron Inc. ("Textron"), by its attorneys Foley & Lardner LLP, submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, Textron states as follows:

**PRELIMINARY STATEMENT**

1.      Textron has various divisions and subsidiaries that have done business with Debtors. These divisions and subsidiaries include: CWC Division of Textron Inc., Kautex Inc.,

Kautex Corporation, Kautex of Georgia Inc., Kautex de Mexico S.A. de C.V., and Kautex Textron CVS Ltd. (collectively "Suppliers").

2. Suppliers have received two Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notices"), dated June 5, 2009, in which the Debtors purport to designate certain agreements between Suppliers and the Debtors (the "Assumable Executory Contracts") that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser"). One Notice was addressed to "Textron Inc." The other was addressed to "Kohlberg & Co LLC … c/o Textron Automotive."

3. When Suppliers contacted the telephone number listed in the Assumption and Assignment Notices, Debtors' representatives advised Suppliers that Debtors also had issued an Assumption and Assignment Notice dated June 5, 2009 to "Kautex." It is unclear to what specific entity this alleged Notice was addressed. Debtors' representatives were unable or unwilling to identify the address to which this alleged Notice had been sent. To date, Suppliers have not received an Assumption and Assignment Notice addressed to "Kautex." It is unclear if Debtors allege to have issued Notices to any other Suppliers.

4. Suppliers reserve their rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notices.

DETR_1203812.1

**ARGUMENT**

**I.    Debtors' Notice Is Defective**

5.    On June 11, Suppliers received an Assumption and Assignment Notice addressed to "Textron Inc." ("Textron Notice").  Although Debtors purported to serve the Textron Notice on June 5, Suppliers did not receive the Notice until June 11, thus leaving them with less than two business days to respond.[1]

6.    Per the instructions in the Textron Notice, Suppliers accessed the website www.contractnotices.com using the User ID and Password listed in the Notice.  There was a single Assumable Executory Contract listed under the User ID and Password included in the Textron Notice.  The Assumable Executory Contract was not recognizable to Suppliers and did not appear to correspond to any business or alleged contractual relationship between Debtors and Suppliers.

7.    On June 11, Suppliers received an Assumption and Assignment Notice addressed to "Kohlberg & Co LLC … c/o Textron Automotive" ("Kohlberg Notice").  Although Debtors purported to serve the Kohlberg Notice on June 5, Suppliers did not receive the Notice until June 11, thus leaving them with less than two business days to respond.

8.    The name "Kohlberg & Co LLC" is not familiar to Suppliers.  Thus, it is unclear to whom the Kohlberg Notice was intended to be sent/addressed.

---

[1] Prior to receiving the Notices on June 11, 2009, Suppliers contacted representatives of the Debtors to determine whether Notices had been sent to Suppliers.  The Debtors' representatives indicated that Notices had been sent on June 5, but were unwilling to identify the address to which those Notices had been sent and were unwilling to provide any other information whatsoever regarding the Notices.

3

9. Per the instructions in the Kohlberg Notice, Suppliers accessed the website "www.contractnotices.com" using the User ID and Password listed in the Notice. The Assumable Executory Contracts listed under the User ID and Password included in the Kohlberg Notice were not recognizable to Suppliers and did not appear to correspond to any business or alleged contractual relationship between Debtors and Suppliers.

10. Suppliers object to the Assumption and Assignment Notices, including but not limited to the Textron Notice and the Kohlberg Notice, because the Notices fail to properly identify the supplier to whom the Notice was intended to be addressed or the alleged Assumable Executory Contracts. Without this basic information, Suppliers cannot determine whether the Cure Amounts are adequate or whether they have any other bases for objecting to the purported assumption and assignment. Accordingly, Suppliers expressly reserve any and all additional objections they may have to the assumption and assignment of alleged executory contracts, including but not limited to, that the contracts are not executory, that the cure amount is not adequate, that there are non-monetary defaults that must be cured by the Debtors, or that there are incurable defaults.

## II. The Assumption and Assignment Notices Improperly Allow For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure

11. Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

12. The "Assumption Effective Date" is defined in Paragraph 14 of the Assumption and Assignment Notices as the later of the date proposed by the Debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

13. Read carefully, the Assumption and Assignment Notices permit the Debtors to assume and assign the Assumable Executory Contracts before any disputes as to the proper Cure Amount are resolved.

14. As noted above, Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract if "the trustee assumes such contract…in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

15. The Bankruptcy Code thus unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

16. The Assumable Executory Contracts cannot be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure all defaults thereunder or give adequate assurance that a prompt cure will be provided.

### III. Suppliers' Post-Sale Lien Rights in Tooling Cannot be Stripped Through Assumption and Assignment of the Assumable Executory Contracts

17. Suppliers are suppliers to the Debtors and have in their possession certain tooling which is or was used for the production of parts for the Debtors (the "Tooling"). Suppliers have a perfected possessory lien interest in the Tooling, pursuant to the Michigan Special Tools Lien Act, M.C.L. 570.541 et seq. (the "Special Tools Lien Act"), the Michigan Molder's Lien Act, M.C.L. 445.611 et seq. (the "Molder's Lien Act"), and/or other provisions of state law (together with the Special Tools Lien Act and the Molder's Lien Act, the "Lien Laws"). The Tooling is Suppliers' collateral to protect payment for the goods produced using the Tooling.

18. To the extent that the Suppliers continue to produce parts using the Tooling for the Debtors, the Purchaser, or any assignee of the Assumable Executory Contracts, Suppliers shall continue to benefit from a perfected security interest in the Tooling under the applicable Lien Laws.

19. To the extent that the assumption and assignment of the Assumable Executory Contracts proposed in the Assumption and Assignment Notices could have the effect of stripping Suppliers of their continuing rights under the Lien Laws, Suppliers object.

### IV. Reservation of Rights Regarding Adequate Assurance of Future Performance

20. Section 365(b)(1)(C) of the Bankruptcy Code provides that the trustee may not assume an executory contract in which there has been a default unless the trustee "provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1)(C).

6

21. Where a debtor or its assignee fails to provide adequate assurance of future performance, assumption and assignment of the executory contract must be denied. *See, e.g., In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (debtor failed to provide adequate assurance of future performance, and therefore could not assume contract); *Skylark*, 120 B.R. at 355 (before debtor would be permitted to assume executory contract, debtor would be required to cure default and post bond or letter of credit).

22. To date, none of the Debtors, the proposed Purchaser, or any other possible assignee has provided Suppliers with adequate assurance of future performance under the Assumable Executory Contracts, including for amounts due Suppliers post-petition but which are not in default and thus not included in the Cure Amount. The Debtors must provide adequate assurance to Suppliers for all amounts due Suppliers post-petition but which are not in default and thus not included in the Cure Amount. While it appears that the Purchaser will agree to assume all liabilities under the Assumable Executory Contracts, whether or not the Assumable Executory Contracts will actually be assumed and assigned is not yet clear. Therefore, Suppliers reserve all rights with respect to adequate assurance for these amounts due and to object to assumption and assignment under section 365(b)(1)(C).

## V. Preservation of Rights of Setoff and Recoupment

23. Among Suppliers' most valuable rights in their relationship with Debtors are their rights of setoff and recoupment. These rights arise under the contracts between Suppliers and Debtors, federal or state statutes, or common law.

24. The Assumption and Assignment Notices fail to properly preserve the validity, extent or priority of such setoff or recoupment rights. These rights must be preserved as against Debtors and against Purchaser upon the assumption and assignment of Suppliers' contracts. The

7

preservation of post-assignment rights of setoff and recoupment is just as significant an interest of Suppliers as are its pre-assignment rights against Debtors.

**VI.  Some Of The Alleged Contracts Between The Debtors And Suppliers May Not Be Executory**

25.  The Debtors can only assume and assign a contract with Suppliers if that contract actually existed on the petition date.  *See* COLLIER ON BANKRUPTCY § 365.02[2] (15th ed. Rev. 2009) ("Section 365 applies only if the contract is in existence at the commencement of the case."); *see also In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004) ("It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist.") (quoting from *In re Texscan Corp.*, 107 B.R. 227 (B.A.P. 9th Cir. 1989) aff'd, 976 F.2d 1269 (9th Cir. 1992)).

26.  If a binding contract was never formed, there is no executory contract to be assumed or rejected by the debtor.  *In re III Enterprises, Inc.*, 163 B.R. 453, 463-67 (Bankr. E.D. Pa. 1994) (holding that term sheet entered into by parties as an "aid to preliminary negotiations" was not an enforceable contract and therefore could not be assumed).  *See also In re Adler, Coleman Clearing Corp.*, 218 B.R. 13 (Bankr. S.D.N.Y. 1998).

27.  Certain Suppliers and their affiliates supply fuel tanks to Debtors and certain non-Debtor affiliates.  Prior to the Petition Date, some Suppliers and their affiliates properly rejected certain proposed contracts issued by Debtors and certain non-Debtor affiliates for the supply of fuel tanks.  In September 2008, one of the Debtors and one of its non-Debtor affiliates initiated litigation against certain Suppliers and their affiliates.  The case is pending in Macomb County Circuit Court, Case No. 08-3635-CK ("<u>Macomb County Litigation</u>").  Shortly thereafter, one of the Suppliers not named in the Macomb County Litigation initiated litigation against one of the Debtors, which case is pending in the United States District Court for the Middle District of

8

Georgia, Case No. 08-00078 ("Georgia District Court Litigation", together with Macomb County Litigation, "GM Litigation").

28. Shortly after the Macomb County Litigation was initiated, the parties reached an interim accommodation and then entered into negotiations to resolve both the Macomb County Litigation and the Georgia District Court Litigation. Those negotiations remain open, and the GM Litigation remains pending.

29. Thus, as to the subject matter of the GM Litigation, there are no executory contracts to be assumed and assigned.

30. It is unclear if the Debtors consider the purported contracts that are the subject of the GM Litigation to be Assumable Executory Contracts or if the Debtors intend to assume and assign those purported contracts.

31. To the extent the Debtors intend to assume any purported contracts that were properly rejected by Suppliers prior to the petition date, those contracts are not executory and cannot be assumed. *See In re Eagle Creek Subdivision, LLC*, 397 B.R. 758 (Bankr. E.D.N.C. 2008) (nondebtor contract counterparty's prepetition termination letter was effective in extinguishing nondebtor's obligation to debtor and, thus, the contracts could not be assumed by debtor).

**VI.    Some Of The Alleged Contracts Between The Debtors And Suppliers May Not Be Assumed Due to Incurable Non-Monetary Defaults**

32. Certain purported contracts between Suppliers and the Debtors expressly contemplate that Suppliers will supply component parts to the Debtors' Pontiac East Assembly manufacturing facility. The Debtors have indicated that the Pontiac East facility is to be permanently closed.

9

33. Certain purported contracts between Suppliers and the Debtors contemplate that Debtors will purchase certain daily and annual volumes from Suppliers. At Debtors' request, Suppliers amortized certain costs, including engineering, design and developments costs, into the piece price in reliance on the stated volumes in the contracts. Upon information and belief, the volumes Debtors are presently contemplating do not even approximate the volumes promised in the purported contracts.

34. It is unclear if the Debtors consider these particular contracts to be Assumable Executory Contracts or if the Debtors intend to assume and assign these particular contracts. If the Debtors do intend to assume and assign these particular contracts, then the closing of the Pontiac East facility and the failure to meet promised volumes constitute defaults that must be cured before the contracts can be assumed and assigned.

35. If the Debtors are unable to cure these defaults, then the purported contracts cannot be assumed. *Eagle Creek*, 397 B.R. at 764 (denying motion for assumption on grounds that debtor's failure to prepare real estate parcels for development by deadline specified in contract constituted material, non-monetary default that could not be cured). *See also In re New Breed Realty Enter., Inc.,* 278 B.R. 314, 320 (Bankr. E.D.N.Y. 2002) (collecting cases on incurable defaults).

## RELIEF REQUESTED

WHEREFORE, Suppliers request that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts, and grant such other and further relief as the Court deems just and proper.

10

| | |
|---|---|
| Dated:  June 15, 2009 | FOLEY & LARDNER LLP |
| | /s/ Frank W. DiCastri |
| | Scott T. Seabolt<br>One Detroit Center<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226<br>Telephone: (313) 234-7100<br>Facsimile: (313) 234-2800 |
| | Frank W. DiCastri<br>777 East Wisconsin Avenue<br>Milwaukee, Wisconsin  53202<br>Telephone: (414) 271-2400<br>Facsimile: (414) 297-4900<br>*Attorneys for Textron Inc.* |

11

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                                                          :         Chapter 11
                                                                                    :
GENERAL MOTORS CORP., *et al.*,                         :         Case No. 09-50026 (REG)
                                                                                    :
                                            Debtors               :         Jointly Administered
                                                                                    :
---------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, I caused the *Objection Of Textron Inc. To Assumption And Assignment Of Certain Executory Contracts And Cure Amounts Related Thereto* to be served via U.S. Mail on the following at the addresses set forth below:

| | |
|---|---|
| General Motors Corporation<br>Attn: Warren Command Center<br>Mail Code 480-206-114<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025 | Weil, Gotshal & Manges LLP<br>Attorneys for the Debtors<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq<br>767 Fifth Avenue<br>New York, New York 10153 |
| U.S. Treasury<br>Attn: Matthew Feldman, Esq.<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220 | Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi, Esq.<br>Attorneys for the Purchaser<br>One World Financial Center<br>New York, New York 10281 |
| Vedder Price, P.C.<br>Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Attorneys for Export Development Canada<br>1633 Broadway, 47th Floor,<br>New York, New York 10019 | Office of the United States Trustee<br>Southern District of New York<br>Attn: Diana G. Adams, Esq.<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Committee of
Unsecured Creditors
Attn: Gordon Z. Novod, Esq.
1177 Avenue Of The Americas
New York, NY 10036


Dated:   June 15, 2009                             FOLEY & LARDNER LLP

/s/ Frank W. DiCastri
Frank W. DiCastri
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

13