Jennifer L. Saffer (JS8015)
**J.L. SAFFER, P.C.**
*Local Counsel for TMI Custom Air Systems, Inc.*
20 Vesey Street, 7th Floor
New York, New York 10007
Tel.: 212-608-6968
Fax: 212-608-1878
  -AND-
Robert A. Novak (Not Admitted in NY)
**ROBERT A. NOVAK, PLLC**
*Attorneys for TMI Custom Air Systems, Inc.*
30850 Telegraph Road
Suite 250
Bingham Farms, MI  48025
Tel.: 248-593-0377
Fax:  248-593-0385

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                              :    Chapter 11
In re                                                         :
                                                              :    Case No: 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                               :    (Jointly Administered)
                                                              :
      Debtors.                                                :
                                                              :
---------------------------------------------------------------x

**LIMITED OBJECTION OF TMI CUSTOM AIR SYSTEMS, INC., TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II)
<u>CURE COSTS RELATED THERETO</u>**

To: THE HONORABLE ROBERT E. GERBER,
     UNITED STATES BANKRUPTCY JUDGE:


TMI Custom Air Systems, Inc. and certain of its affiliates and subsidiaries

(collectively referred to as "TMI"), through their undersigned counsel, hereby submit this

limited objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice"), served upon TMI by the above-captioned debtors and debtors-in-possession (collectively the "Debtors") pursuant to this Court's Order (Docket Number 274). In support of its objection, TMI respectfully represents and alleges:

## BACKGROUND

1. On June 1, 2009, (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Cases") by voluntary filing their respective voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York. The Cases have been administratively consolidated.

2. On June 2, 2009, the Court entered an Order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, including, *inter alia,* procedures regarding the Debtors' assumption and assignment of certain executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about June 10, 2009, the Debtors delivered a notice (the "Assignment Notice") to TMI indicating that the Debtors intended to assume and assign certain of the Debtors' agreements with TMI (the "Executory Contracts"). Additionally, on the Debtors' Contract Website, the Debtors identified the sum of $667,261.73 (the "Proposed Cure Amount") as the amount which the Debtors' allege to be the Contract Cure Amount under the Executory Contracts with TMI

2

        which the Debtors hope to assume and assign. The Proposed Cure Amount is less than what TMI believes is due and owing under the Executory Contracts.

4.    Furthermore, both the Bidding Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts as of the Petition Date, not the date the Executory Contracts would actually be assumed by the Debtors' and assigned to the Purchaser.

## THE REQUIREMENTS OF 11 U.S.C. 365

5.    The Debtors are in monetary default Under the Executory Contracts with TMI, and further, have failed to comply with the provisions of §365 of the Bankruptcy Code, which states in relevant part:

> (b)(1) if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform non-monetary obligations under an unexpired lease of real property…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

6.    The Proposed Cure Amount fails to cure the existing (pre- and post-Petition) monetary defaults under the TMI Executory Contracts.

3

**OBJECTION**

7. TMI does not object to the sale of the Debtors' assets as contemplated by the Sale Motion, nor does it object, *per se*, to assumption of the Executory Contracts with the Debtors and assignment thereof to the Purchaser; however, TMI does object to the Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were in default as of May 31, 2009, and (2) the Assignment Notice's improper definition of "Cure Amount" would permit assumption and assignment of certain of TMI's Executory Contracts without either the Purchaser or the Debtors satisfying all the requirements relating to assumption and assignment as is set forth in the Bankruptcy Code 365(b) and (f).

8. It is hornbook law that "Code § 365(b)(1)(A) provides that, to assume an executory contract in which a default has occurred, the debtor must cure the default and provide compensation for any actual pecuniary loss resulting from such default, or provide adequate assurance that cure and compensation will occur promptly." 2 *Norton Bankr. L. & Prac.* 3d § 46:29.[1] Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).

---

[1] TMI asserts that the Debtors are also in default under their post-petition obligations to TMI under the Executory Contracts, which have likewise not been cured.

4

9. Likewise, the Debtors have failed to make any meaningful showing of "adequate assurance of future performance," as is also required. *See, e.g. In re Texas Health Enterprises, Inc.,* 246 BR 832 (Bankr. E.D. Tex. 2000) (In which the court explained: "Not only must the [debtor-in-possession] provide adequate assurance of promptly curing any defaults existing under the lease, compensate or provide adequate assurance of promptly compensating the actual pecuniary losses suffered by reason of such defaults, and provide adequate assurance of future performance under such lease, [it] must also "assume" or agree to live in accordance with the remaining provisions in the lease. *In re Pin Oaks Apartments,* 7 B.R. 364, 367 (Bkrtcy.S.D.Tex.1980). This Court concludes that "remaining provisions of the lease" includes non-monetary as well as monetary provisions of the lease. The United States Supreme Court in *Hurley v. Atcheson, Topeka & Santa Fe Ry.,* 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729 (1909) recognized that a trustee can only assume an executory contract by accepting the burdens of that contract as well as its benefits."); *In re Pin Oaks Apartments, Ibid.* at 369; *In re Oklahoma Trash Control, Inc.* 258 B.R. 461 (Bankr. N.D. Okl. 2000) (burden is on debtor that has defaulted under an executory contract to show that he has provided adequate assurance of future performance). This is of especial significance in the event that the purchaser is an entity other than that defined as Purchaser in the Assignment Notice. Accordingly, TMI hereby requests that the Debtors provide it with proof of adequate

5

assurances that such alternative purchaser will perform the Debtors'
obligations under the Assumed Contracts.

10. The Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of TMI's Executory Contracts is whatever was in the Debtors' estimatioin —in default as of the Petition Date.

11. TMI further objects to the Cure Amount proposed by the Debtors because it is significantly less than the amount that TMI believes the Debtors were in default on May 31, 2009. TMI has attempted to determine the basis of this discrepancy by reviewing their books and records and by comparing it to the Debtors' Proposed Cure Amount; however, due to insufficient detail provided by the Debtors, TMI does not have sufficient information to enable themselves to determine the basis of the discrepancy it has with the Debtors' figures. Based on TMI's calculations, the amounts due under its contracts with the Debtor result in a cure amount which is significantly more than the Proposed Cure Amount.

WHEREFORE, TMI respectfully requests that this Honorable Court (i) deny the proposed assumption and assignment of TMI's executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to TMI under such contracts pursuant to section 365(b) of the Bankruptcy Code; (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under and existing as of the time that the executory contracts are assumed by the Debtors and assigned to the Purchaser under the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder and all obligations that have accrued thereunder but are not then in default; and (iii) grant such other relief to TMI as is just and proper

Dated: New York, New York
June 15, 2009

**J.L. SAFFER, P.C.**
By: s/*Jennifer L .Saffer*
Jennifer L. Saffer (JS-8015)
20 Vesey Street, 7th Floor
New York, New York 10007
Tel.: 212-608-6968
Fax: 212-608-1878
*Local Counsel for TMI Custom Air Systems, Inc.*

-AND-

**ROBERT A. NOVAK, PLLC**
By: Robert A. Novak
(Not Admitted in NY)
30850 Telegraph Road
Suite 250
Bingham Farms, MI  48025
Tel.: 248-593-0377
Fax:  248-593-0385
*Attorneys for TMI Custom Air Systems, Inc.*