POLING, McGAW & POLING, P.C.
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
5455 Corporate Drive, Suite 104
Troy, MI 48098
(248) 641-0500

*Attorneys for Creditor DeMaria Building Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____/
In Re:

      GENERAL MOTORS CORPORATION,

          Debtor.

Chapter 11
Case No. 09-50026-reg
Hon. Robert E. Gerber

_____/

**OBJECTION BY CREDITOR DEMARIA BUILDING COMPANY TO THE NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER**

      NOW COMES Creditor, DEMARIA BUILDING COMPANY, by and through its attorneys, POLING, McGAW & POLING, P.C., and in its Objection to the Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser ("Objection") served upon this Creditor by the Debtors pursuant to this Court's Order pursuant to 11 U.S.C. §105, §363, and §365 and Fed. Rules of Bankr. Proc. 2002, 6004 and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; (IV) Fixing Notice Procedures and Approving Form of Notice, states unto this Honorable Court as follows:

1.  This Chapter 11 Bankruptcy Proceeding was voluntarily commenced by the Debtors on June 1, 2009.

2.  On June 1, 2009 Debtors filed their Motion Pursuant to 11 U.S.C. §105, §363, and §365 and Fed. Rules of Bankr. Proc. 2002, 6004 and 6006, To (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relieve; and (II) Schedule Sale Approval Hearing ("Motion to Approve Sale").

3.  On June 2, 2009 this Court granted Debtors Motion as evidenced by the entry of the Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice ("Order Approving Sale Procedures"), which scheduled the related hearing to take place on June 30, 2009 at 9:45a.m. before this Court.

4.  This Court has not yet issued an order on the Debtors' request for approval of the proposed sale of substantially all Debtors' assets.

5.  It is the intent of the Debtors, as indicated in the Motion to Approve the Sale and the Order Approving Sale Procedures, to "sell" essentially all of Debtors' assets to Vehicle Acquisition Holdings LLC (the Purchaser) "free and clear of all liens, claims, encumbrances, and interests, including rights or claims based on any successor or transferee liability" (Page 4 of Order Approving Sale Procedures located at Docket No. 274 for this Bankruptcy Action).

6. Further, Article 11, Section 2.1 of the Proposed Master Sale and Purchase Agreement ("MSPA"), (attached as Exhibit A to Debtors' Motion to Approve Sale) states in relevant part, "Purchaser shall (a) purchase, accept and acquire from Sellers, and Sellers shall sell, transfer, assign, convey and deliver to Purchaser, ***free and clear of all encumbrances (other than Permitted Encumbrances),*** Claims and other interests, the Purchased Assets..." (emphasis added).

7. Included in the assets to be purchased by the Purchaser is "all Owned Real Property and Leased Real Property (collectively the "Transferred Real Property");" Article 11, Section 2.2 (a)(vi) of the MSPA.

8. Creditor DeMaria Building Company ("DeMaria") is a Michigan construction corporation.

9. DeMaria performed construction improvements to the General Motors Warren Tech Center ("Tech Center") located in Warren, Michigan and the General Motors OnStar Call Center ("Call Center") located in Pontiac, Michigan pursuant to agreements entered into between DeMaria and General Motors Corporation.

10. DeMaria performed the contracted construction improvements on the Tech Center and the Call Center in compliance with their contracts on the Project, however, General Motors Corporation failed and/or refused to provide full payment to DeMaria for the improvements performed.

11. DeMaria is currently is owed a total of One Million Two Hundred Seventy-Nine Thousand Nine Hundred Twenty-Five Dollars and Thirty-Four Cents ($1,279,925.34), which is further divided to $473,994.28 from General Motors Corporation for the Tech Center improvements and $805,931.06 from General Motors Corporation for the Call Center.

12. The Michigan Legislature, through its Public Act 1980, No. 497, elected to replace the Mechanic's Lien Act with Michigan Construction lien Act, MCL 570.1101 *et.seq.* ("the Lien Act"), therefore, any references of mechanic's liens in the General Motors Corporation Chapter 11 Bankruptcy before this Court must include by reference those valid and enforceable construction liens prepared in compliance with the Lien Act.

13. Pursuant to Section 111 of the Lien Act, MCL 570.1111, DeMaria caused Construction Liens for the monies owed by General Motors Corp. to DeMaria to be recorded with the Register of Deeds for the Counties where the improved real property is located, *i.e.* Oakland and Macomb Counties, on December 12, 2008. A copy of the Tech Center Construction Lien is attached as Exhibit A and a copy of the Call Center Construction Lien is attached as Exhibit B.

14. The identified Construction Liens were served upon General Motors Corporation as required under the specifications contained in Section 111 of the Lien Act. MCL 570.1111.

15. DeMaria's Construction Liens on the Tech Center and Call Center are valid and enforceable liens against the real property where these Centers are located.

16. Despite DeMaria's compliance with the Construction Lien Act and General Motors' acknowledged failure to pay DeMaria in full for the improvements performed on the Tech Center and the Call Center, Debtors have failed and/or refused to include DeMaria as a creditor to the instant Chapter 11 Bankruptcy (a copy of the GMC Chapter 11 Bankruptcy Creditor Matrix is attached as Exhibit C).

16. Exhibit F of the MSPA, which identifies those parcels of real property owned by the Debtors that will not be sold to the Purchaser in the requested asset sale, does not exclude from sale either the Tech Center or the Call Center.

17. Article IV, Section 4.15 of the MSPA, which provides the representations and warranties of the Debtors as to the real property that is to be sold in the proposed asset sale, states:

> *Section 4.15 Real Property.* **Each Seller owns and has valid title to the Transferred Real Property** that is Owned Real Property owned by it and has valid leasehold or subleasehold interests, as the case may be, in all of the Transferred Real Property that is Leased Real Property leased or subleased by it, **in each case, free and clear of all Encumbrances, other than Permitted Encumbrances**. Each of the Sellers and the Purchased Subsidiaries has complied with the terms of each lease, sublease, license or other Contract relating to the Transferred Real Property to which it is a party, except any failure to comply that would not reasonably be expected to have a Material Adverse Effect. (Emphasis added).

Where "Encumbrance" is defined as: "any lien (statutory or otherwise), charge, deed of trust, pledge, security interest, conditional sale or other title retention agreement, lease, mortgage, option, charge, hypothecation, easement, right of first offer, license, covenant, restriction, ownership interest of another Person or other encumbrance." Article 1, Section 1.1 of the MSPA, and "Permitted Encumbrance" is defined as "all ....(v) mechanic's, materialmen's, laborer's, workmen's, repairmen's, carrier's liens and any other similar Encumbrances arising by operation of law or statute in the Ordinary Course of Business for amounts that are not delinquent or that are being contested in good faith by appropriate proceedings and for which appropriate reserves have been established...." Article 1, Section 1.1 of the MSPA.

18. Pursuant to Section 119 of the Lien Act, DeMaria's Construction Liens against the Tech Center and the Call Center are secured interests that take priority over all other interests against the liened real property.

19. Debtors' Motion to Approve the Sale seeks, in part, to transfer all real property owned by or leased by the Debtors to the Purchaser "free and clear of all encumbrances (other than Permitted Encumbrances)", Article 11, Section 2.1 of the MSPA.

20. DeMaria's Construction Liens against the GM Tech Center and the Call Center, as the Michigan equivalent of mechanic's liens, are Permitted Encumbrances as defined under Article II, Section 2.1 of the MSPA, and as such, cannot be removed from the transferred real property despite the claims to the contrary.

21. Therefore, in order to transfer free and clear title to the Tech Center and the Call Center to the Purchaser, the Debtors either must provide full and complete payment to DeMaria prior to the scheduled Sale of Assets or it must be agreed that the DeMaria Construction Liens will pass with the real property during the asset sale against the identified real property thereby permitted DeMaria to file a civil action as dictated under the Construction Lien Act with the applicable Michigan Circuit Courts to foreclose upon those valid and enforceable Construction Liens if complete payment is not provided to DeMaria within one (1) year of its recording of said Construction Liens.

22. It must also be noted that pursuant to the Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing Payment of Certain Prepetition (I) Shipping and Delivery Charges for Goods in Transit, (II) Customs Duties, and (III) Tooling and Mechanics Lien Charges dated June 1, 2009 (a copy is attached as Exhibit C), it has been ordered by this Court that:

> the Debtors are authorized, but not directed, **to make all payments in respect of all Mechanics Lien Charges**, whether relating to the period prior to or after the Commencement Date, as the Debtors determine, in their exercise of their business judgment, **to be necessary or appropriate to obtain the release of liens against real or personal property of the Debtors** (whether or not that property is in the possession of any Mechanic).... (emphasis added).

23. As DeMaria's Construction Liens against the Tech Center and Call Center are secured real property interests in DeMaria's favor, the Debtors must provide payment to DeMaria in the

6

amount of One Million Two Hundred Seventy-Nine Thousand Nine Hundred Twenty-Five Dollars and Thirty-Four Cents ($1,279,925.34) to obtain DeMaria's release of lien for the Tech Center and Call Center prior to the asset sale that these Debtors and the Purchaser are currently seeking (a copy of DeMaria's proposed Order Granting this Objection is attached as Exhibit E).

24. Therefore, DeMaria objects to Debtors' Motion to Approve the Sale and the Order Approving the Sale Procedures to the extent that the identified Motion and Order fail to disclose payments that must be made to DeMaria prior to the sale of the identified assets.

25. DeMaria reserves all rights to amend and/or supplement this Objection.

WHEREFORE, Creditor, DEMARIA BUILDING COMPANY hereby requests that this Honorable Court:

A. Recognize and accept DeMaria Building Company's Objection;

B. Order these Debtors to provide payment to DeMaria in the amount of One Million Two Hundred Seventy-Nine Thousand Nine Hundred Twenty-Five Dollars and Thirty-Four Cents ($1,279,925.34) to DeMaria in exchange for DeMaria's release of its Construction Liens on the Warren Tech Center and the OnStar Call Center prior to the asset sale requested by these Debtors;

C. Or in the alternative order that DeMaria's Construction Liens against the Warren Tech Center and OnStar Call Center will be held to be valid and enforceable against those real properties after the asset sale to the Purchaser; and

D. Grant any and all other remedies as this Court deems just and proper.

**/s/D. Douglas McGaw**
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
Poling, McGaw & Poling, P.C.
5455 Corporate Drive, Suite 104
Troy, MI    48098
(248) 641-0500
Pmppc@aol.com
(P24166), Attorneys for DeMaria Building Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____/
In Re:

        GENERAL MOTORS CORPORATION,      Chapter 11
                                                    Case No. 09-50026-reg
                                                    Hon. Robert E. Gerber

        Debtor.

_____/
**CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                              )§
COUNTY OF OAKLAND   )

      Kathryn E. Driscoll, being first duly sworn, deposes and says that on June 16, 2009 she did serve a true and correct copy of:

1.     DeMaria Building Company's Objection to the Notice of Sale Hearing to Sell Substantially all of Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; and
2.     This Certificate of Service upon:

the parties to this Chapter 11 Bankruptcy Proceeding by ECF Filing.

                                           **/s/Kathryn E. Driscoll**
                                           D. Douglas McGaw (P24166)
                                           Kathryn E. Driscoll (P69727)
                                           Poling, McGaw & Poling, P.C.
                                           5455 Corporate Drive, Suite 104
                                           Troy, MI   48098
                                           (248) 641-0500
                                           KDriscoll@pmppc.com
                                           (P69727), Attorneys for DeMaria Building Co.