UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
GENERAL MOTORS CORP., *et al.*,                             :    09-50026(REG)
                                                            :
                                  Debtors.                  :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING
PAYMENT OF CERTAIN PREPETITION (I) SHIPPING AND
DELIVERY CHARGES FOR GOODS IN TRANSIT,
(II) CUSTOMS DUTIES, AND (III) TOOLING AND MECHANICS LIEN CHARGES

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105 and 363(b) of title 11, United States Code (the "Bankruptcy Code") for entry of an order authorizing, but not directing, the Debtors to pay certain prepetition shipping, warehouse, tooling and lien claimant's charges, and customs duties, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments in respect of all Shipping and Warehousing Charges, whether relating to the period prior to or after the Commencement Date, as the Debtors determine, in the exercise of their business judgment, to be necessary or appropriate to obtain the release of raw materials, parts, components, certain

finished goods, indirect materials, tooling, machinery, equipment, and other property; and it is further

ORDERED that with respect to any payments that are made on account of prepetition Shipping and Warehousing Charges, unless otherwise waived by the Debtors in their sole discretion, the Shippers and Warehousemen receiving such payments shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to the Commencement Date and (b) agree that they shall not be permitted to cancel on less than ninety (90) days' notice any contract or agreement pursuant to which they provide services to the Debtors. If any Shipper or Warehouseman accepts payment pursuant to this Order on account of a prepetition obligation of the Debtors premised upon its compliance with (a) and (b) above, and thereafter fails to comply with such conditions, any payments made pursuant to this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and, therefore, shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. Nothing in this decretal paragraph, however, shall preclude a Shipper or Warehouseman from contesting such treatment by making a written request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall set for the next regularly scheduled omnibus hearing date occurring more than ten (10) days after the date of such Shipper's or Warehouseman's request; and it is further

ORDERED that the Debtors are authorized, but not directed, to obtain written verification, before issuing payment hereunder, from any Shipper or Warehouseman that such Shipper or Warehouseman shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to the

Commencement Date and (b) agree that it shall not be permitted to cancel on less than ninety (90) days' notice any contract or agreement pursuant to which it provides services to the Debtors, *provided, however,* that the absence of such written verification shall not limit the Debtors' rights hereunder; and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments in respect of all Tooling Charges, whether relating to the period prior to or after the Commencement Date, as the Debtors determine, in the exercise of their business judgment, to be necessary or appropriate to ensure the delivery and use of all Tooling for the Debtors or their Suppliers and obtain the release of liens against the Debtors' Tooling (whether or not that property is in the possession or control of the Tool Maker); and it is further

ORDERED that the Debtors are authorized, but not directed, to make all payments in respect of all Mechanics Lien Charges, whether relating to the period prior to or after the Commencement Date, as the Debtors determine, in the exercise of their business judgment, to be necessary or appropriate to obtain the release of liens against real or personal property of the Debtors (whether or not that property is in the possession or control of any Mechanic); and it is further

ORDERED that the Debtors and their customs brokers, acting as their agents, are hereby authorized, but not directed, to make all payments in respect of Customs Duties, whether relating to the period prior to or after the Commencement Date; and it is further

ORDERED that all applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks and electronic transfers evidencing amounts paid by the Debtors pursuant to this Order, whether they were issued before or after the Commencement Date; and it is further

ORDERED that nothing in this Order shall be deemed (a) an assumption, adoption, or authorization to assume any contracts or other agreements pursuant to section 365 of the Bankruptcy Code, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Shipping and Warehouse Charges, Customs Duties, Tooling Charges or Mechanics Lien Charges; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
*June 1, 2009*

*S/ Robert E. Gerber*
United States Bankruptcy Judge