**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Jordan A. Bergman, Esq.
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

*Attorneys for Castrol Industrial North America and
Castrol North America Automotive*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF CASTROL INDUSTRIAL NORTH AMERICA AND CASTROL NORTH AMERICA AUTOMOTIVE TO THE DEBTORS' NOTICE OF <u>ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNT</u>**

Castrol Industrial North America ("<u>Castrol</u>") and Castrol North America Automotive, by their undersigned attorneys, hereby submit this objection (the "<u>Objection</u>") to the assumption and assignment by General Motors Corp. (the "<u>Debtor</u>") of a contract between Castrol and the Debtor. In support of this Objection, Castrol and Castrol North America Automotive state as follows:

1. On June 1, 2009 (the "<u>Petition Date</u>"), the Debtor and certain affiliated entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

2. The Debtors and its debtor affiliates remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, Castrol and the Debtor (collectively, the "Parties") entered into an executory contract, under which Castrol sold various lubricant-based products to the Debtor (the "Castrol Contract"). The Castrol Contract expired on February 28, 2009, and no outstanding obligations remain under the Castrol Contract.

4. On or about June 2, 2009, the Court entered an order authorizing procedures for determining, among other things, the assumption and assignment of executory contracts that may be assumed by the Debtor and the pre-petition cure amounts for each of these contracts (the "Sale Procedures Order") [Docket No. 274].

5. On June 5, 2009, the Debtor sent a notice to Castrol (the "Assumption/Assignment and Cure Notice"), which was received by Castrol on June 10, 2009, indicating that the Castrol Contract may be assumed by the Debtor and assigned to a third-party purchaser. The Assumption/Assignment and Cure Notice includes a chart listing certain amounts owed to and from the Debtor, Castrol, and certain affiliates of Castrol,[1] without specifying which amounts correspond to which contracts, purchase orders, or other outstanding obligations. Because Castrol finds the figures listed in the

---

[1] The items listed in the Assumption/Assignment and Cure Notice identify "Castrol North America Automotive" and "Castrol Industrial North America" as counterparties to executory contracts with the Debtor. Upon information and belief, Castrol North America Automotive has no outstanding contracts with the Debtor that can be assumed or assigned, and no cure amounts that need to be paid. Nevertheless, out of an abundance of caution, Castrol North America Automotive joins in this objection to the extent it is mistakenly listed as a counterparty to any agreements or purchase orders with the Debtor. Castrol North America Automotive further reserves its right to object to the Assumption/Assignment and Cure Notice at a later date if the Debtor provides additional information or documentation evidencing the existence of such agreements or purchase orders.

2

Assumption/Assignment and Cure Notice to be unclear, it cannot, at this time, determine the amount the Debtor deems to be the aggregate cure amount under the Purchase Orders. As such, Castrol expressly reserves all rights to contest any cure amount listed in the Assumption/Assignment and Cure Notice at a later date.

6. Also, Castrol is receptive to the prospect of entering into one or more new agreements under terms substantially similar to those set forth under the Castrol Contract (any such new agreement(s), the "Post-Petition Contract").

7. Notwithstanding the prospect of entering into the Post-Petition Contract, Castrol also expressly reserves the right to argue at a later date that the Castrol Contract expired by its terms prior to June 1, 2009, and therefore cannot be assumed and assigned in accordance with the Sale Procedures Order.

WHEREFORE, Castrol seeks an order sustaining its Objection and reserving its rights in connection with any amounts listed under the Assumption/Assignment and Cure Notice and the Sale Procedures.

Dated: New York, New York
June 16, 2009

**KELLEY DRYE & WARREN LLP**

By: */s/ James S. Carr*
James S. Carr
Jordan A. Bergman
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Castrol Industrial North America and Castrol North America Automotive*

3

## CERTIFICATE OF SERVICE

      I, Jordan A. Bergman hereby certify that on June 16, 2009, a true and correct copy of the Objection of Castrol Industrial North America and Castrol North America Automotive to the Debtors' Notice of Assumption and Assignment and Proposed Cure Amount was filed via this Court's CM/ECF system and served on June 15, 2009 on those parties listed on the annexed schedule via hand delivery and/or overnight delivery.

                                                */s/ Jordan A. Bergman*
                                                Jordan A. Bergman

| | |
|---|---|
| General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025<br>Attn: Warren Command Center<br>Mailcode 480-206-114 | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq. |
| U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220<br>Attn: Matthew Feldman, Esq. | Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br>Attn: John J. Rapisardi, Esq. |
| Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>Attn: Michael J. Edelman, Esq.<br>Michael L. Schein, Esq. | Office of United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, New York 10004<br>Attn: Diana G. Adams, Esq. |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn: Gordon Z. Novod, Esq. | |