IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| GENERAL MOTORS CORP., et al., : | Case No. 09-50026 (REG) |
| : | Jointly Administered |
| Debtors. : | |

**M-TECH ASSOCIATES' REVISED OBJECTION TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

M-Tech Associates ("M-Tech") states as follows for its Revised Objection to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto:

**Relief Requested**

1. M-Tech's books and records show that it was owed $65,648.38 as of the Petition Date. Apparently, the Debtors' records show no amount due under the parties' nonresidential real property lease ("Lease"). M-Tech objects to the Debtors' proposed cure amount and to any cure amount that is less than what is necessary to cure Debtors' default as of the date of the assumption and assignment of the Lease. This Revised Objection supersedes the Objection M-Tech filed on June 10, 2009.

**Basis for Relief Requested**

2. M-Tech leases nonresidential real property to the Debtors in Sterling Heights, Michigan.

3. On June 8, 2009, M-Tech was served with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice"). The Notice indicated that M-Tech was also being served with a login and password so that it could confirm the cure amount attendant to the assumption and assignment of the Lease. Because M-Tech did not receive a login or password, it filed an Objection to the Notice on June 10, 2009.

4. On June 15, 2009, M-Tech received its login and password. However, the Debtors' records no cure amount for the Lease.

5. M-Tech's books and records show that, as of the filing of this Revised Objection, the amount necessary to cure the monetary defaults in the Lease is $65,648.38, including $27,853 in rent due on June 1, 2009 ("Monetary Cure Amount"). In addition, Debtors have instructed M-Tech to secure liability insurance for the leased-property, an objection of Debtors under the Lease. Debtors have not yet reimbursed M-Tech for the premium M-Tech paid on Debtors' behalf.

6.      M-Tech demands adequate assurance under 11 U.S.C. §365(b)(1) that Debtors will (A) promptly pay the Monetary Cure Amount in addition to any other amounts necessary to cure all defaults under the Lease as of the date of its assumption and assignment (including without limitation reimbursement of liability insurance premiums paid by M-Tech on Debtors' behalf); (B) compensate M-Tech for Debtors' default; and (C) will continue to honor their obligations under the Lease.

Dated: June 16, 2009

By:     */s/ Kathleen H. Klaus*
Kathleen H. Klaus
Admitted *Pro Hac Vice*
MADDIN, HAUSER, WARTELL,
   ROTH & HELLER P.C.
Attorneys for M-Tech Associates
28400 Northwestern Highway, Third Floor
Southfield, Michigan 48034
(248) 354-4030