James E. DeLine (P45205) (Admitted *Pro Hac Vice*)
P. Warren Hunt (P69713) (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone:  (313) 961-0200
Facsimile: (313) 961-0388

Counsel for Delta Tooling Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                           :    Chapter 11
                                                :
GENERAL MOTORS CORP., *et al.,*                 :    Case No. 09-50026 (REG)
                                                :
Debtors.                                        :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF DELTA TOOLING CO. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

Delta Tooling Co., and certain of its affiliates and subsidiaries, including without limitation, Delta Engineered Plastics, LLC, (collectively, "The Delta Parties"), creditors and parties-in-interest in this case object, on a limited basis, ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto ("Assumption Notice") served upon by the above captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the Court's Bidding Procedures Order (Docket No. 274).  In support of the Objection, The Delta Parties state:

1. On June 1, 2009 the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are presently managing their properties and operating

their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, the Debtors mailed an Assumption Notice to The Delta Parties dated June 5, 2009. The Delta Parties did not receive the notice until June 8, 2009.

4. The Debtors are parties to executory contracts with The Delta Parties.

5. The Debtors have proposed assuming and assigning The Delta Parties' executory contracts as Assumable Executory Contracts pursuant to the Bidding Procedures Order (the "Designated Contracts").

6. The Designated Contracts encompass work performed pursuant to agreements and blanket orders by The Delta Parties under the names Delta Engineered Plastics, Inc., Delta Engineered Plastics, LLC, Delta Technologies Group, and Delta Tooling Co.

7. Contained in the Assumption Notice is a username and password allowing The Delta Parties to log onto the Debtors' contract notice website. On the website, the Debtors identify $118,520.47 as the Cure Amount allegedly owed to The Delta Parties. This amount is substantially less than what is actually owed under the Designated Contracts.

8. The website lists individual purchase orders from The Delta Parties as being included in the Assumable Executory Contracts but fails to include purchase orders and amounts for all work performed pre-petition under the Designated Contracts including uninvoiced, partially invoiced and tooling charges owed.

{34234\1\DT395524.DOC;1}

9. The alleged Cure Amount listed on the Debtors' contract notice website changed multiple times since receiving the Assumption Notice. The Delta Parties contacted the Debtors' call center who requested that The Delta Parties wait a day or two for the website to be updated to reflect new Cure Amounts.

10. The Delta Parties, in reliance on the Debtors' request, waited for the contract website to be updated, and consequently ask the Court to consider this objection as timely filed under the circumstances.

11. The Delta Parties wish to confirm that there are no alleged debits, credits, or claims subtracted from the stated Cure Amount or whether other orders, items or amounts which The Delta Parties lists under other supplier codes are treated in this value.

12. Besides those listed herein, other entities related to The Delta Parties have not received any proposed Assumption Notice and they reserve all rights and remedies.

13. The Delta Parties do not object *per se* to the assumption and assignment of its contracts with the Debtors, but only object to the extent that the Cure Amount is inaccurate.

13. The Delta Parties object, on a limited basis, to the Assumption Notice for the reason that the Cure Amount identified by the Debtors therein is inaccurate. In addition to the amount listed on the GM contract notice website, The Delta Parties are owed an additional amounts for unpaid invoices, smart invoices, partially paid invoices and tooling. The Delta Parties assert the true Cure Amount to be $169,987.61, as evidenced by the spreadsheets attached as **Exhibit A**.

14. The Delta Parties also object to the extent that the Debtors' Notice would allow payment of less than all pre-petition and post-petition obligations owed by Debtors to The Delta

{34234\1\DT395524.DOC;1}

Parties, as is required by Section 365 of the Bankruptcy Code. *In re Burger Boys*, 94 F.3d 755, 763 (2nd Cir. 1996).

15. "Section 365(b)(1) establishes a 'conjunctive tripartite test' for assuming an executory contract. The debtor must cure or provide adequate assurance that [the debtor] will cure any defaults, compensate or provide adequate assurance that [the debtor] will compensate the other party for any actual pecuniary loss resulting from the defaults, and provide adequate assurance of future performance. All three requirements must be met before the contract can be assumed." *Aetna Casualty & Surety Co. v. Gamel*, 45 B.R. 345, 348 (N.D.N.Y. 1984) (citing *In re Luce Industries, Inc.*, 8 B.R. 100, 104 (Bankr. S.D.N.Y 1980) *rev'd on other grds.,* 14 B.R. 529 (S.D.N.Y. 1981)). The Delta Parties further object to the extent Debtor's Notice would allow assumption of executory contracts without satisfying the requirements in Section 365(b)(1).

16. Because the authority upon which The Delta Parties rely upon is incorporated into this Objection, The Delta Parties respectfully request that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law contained in Local Bankruptcy Rule 9013-1(a).

17. The Delta Parties reserve the right to amend this Objection to include additional facts or arguments as may be determined by further investigation and also to raise such other and further objections to any proposed assumption and assignment or Cure Amounts with respect to The Delta Parties Designated Contracts.

WHEREFORE, The Delta Parties respectfully request that the Court enter an order (a) sustaining this Objection in its entirety, (b) determine the appropriate amounts due to The Delta

Parties pursuant to Section 365 of the Bankruptcy Code, and (c) providing The Delta Parties with such other and further relief as is appropriate.

                                                        Respectfully submitted,

                                                        **KERR, RUSSELL AND WEBER, PLC**

                                                        By:/s/<u>P. Warren Hunt</u>

                                                        James E. DeLine (Admitted *Pro Hac Vice*)
                                                        P. Warren Hunt (Admitted *Pro Hac Vice*)
                                                        Kerr, Russell and Weber, PLC
                                                        Counsel for Delta Tooling Co.
                                                        500 Woodward Ave, Suite 2500
                                                        Detroit, MI 48226
                                                        Telephone:  (313) 961-0200
Dated:  June 16, 2009                               Facsimile: (313) 961-0388

{34234\1\DT395524.DOC;1}

James E. DeLine (P45205) (Admitted *Pro Hac Vice*)
P. Warren Hunt (P69713) (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Counsel for Delta Tooling Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on June 16, 2009, I electronically filed the foregoing Objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto, Exhibit A and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. A copy of this document was also served on the following parties on June 16, 2009 via Federal Express mail:

Warren Command Center
Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York, 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW

{34234\1\DT395524.DOC;1}

Room 2312
Washington, D.C., 20220

John R. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, New York 10281

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10036

Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Diana G. Adams, Esq.

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, New York 10004-1408

/s/ P. Warren Hunt
P. Warren Hunt (P69713) (*Pro Hac Vice*)
James E. DeLine (P45205) (*Pro Hac Vice*)
**KERR, RUSSELL AND WEBER, PLC**
Counsel for Delta Tooling Co.
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
313-961-0200 (telephone)
313-961-0388 (facsimile)

Dated: June 16, 2009

{34234\1\DT395524.DOC;1}