Daniel J. Flanigan (NY #4266250)
POLSINELLI SHUGHART PC
7 Penn Plaza, Suite 600
New York, New York 10001
(212) 684-0199
Fax: (212) 684-0197
dflanigan@polsinelli.com

Christopher A. Ward (DE #3877)
POLSINELLI SHUGHART PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
(302) 252-0920
Fax No. (302) 252-0921
cward@polsinelli.com

ATTORNEYS FOR ERNIE GREEN INDUSTRIES, INC.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **GENERAL MOTORS CORPORATION, et al.,** | Case No. 09-50026 |
| **Debtors** | **(Jointly Administered)** |

**OBJECTION BY ERNIE GREEN INDUSTRIES, INC. TO NOTICE
OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND (II) PROPOSED CURE AMOUNT**

Ernie Green Industries, Inc. ("EGI"), through its attorneys POLSINELLI SHUGHART PC, hereby submits this limited objection to Debtors' proposed cure amount in relation to its proposed assumption and assignment of its executory contract with EGI. For the reasons set forth herein, EGI objects to the Cure Amount as set forth by the Debtors and, in support thereof, respectfully represents as follows:

1. On June 1, 2009, (the "Petition Date"), Debtors commenced these voluntary cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. As of the Petition Date, EGI and General Motors Corporation ("GMC") are parties to certain contracts (collectively, the "EGI Contract").

3. On the Petition Date, the Debtors filed the Motion for Sale of Property under Section 363(b)/Debtors Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion").  On June 2, 2009, this Court entered an Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice (the "Bid Procedures Order").

4. On or about June 10, 2009, EGI received Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto (the "Assignment Notice"), which indicates that Debtors intend to assume and assign the EGI Contract.

5. The Assignment Notice provides as follows:

> 5. The Debtors maintain a secure website which contains information about your Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts as of the Commencement Date in accordance with section 365(b) of the Bankruptcy Code (the "Cure Amounts"). In order to view the Cure Amount for the Assumable Executory Contract to which you are a party, you must log onto http://www.contractnotices.com (the "Contract Website"). To log on, please use the user name and password provided to you with this notice. The username and password will enable you to access the Cure Amount for the particular Assumable Executory Contract to which you are a party.
>
> 6. Please review the Cure Amount for your Assumable Executory Contract. In some instances, additional terms or conditions of assumption and assignment with respect to a particular Assumable Executory Contract are provided on the Contract Website.

6. EGI accessed the Contract Website. The proposed cure amount for EGI was listed as $411,172.71 (the "Proposed Cure Amount").

7. Additionally, EGI has called the toll-free telephone number set forth in the Assignment Notice but as of this date it has not received a return call from the Debtors.

8. While EGI does not object in principal to the assignment and assumption of the contract, it does object to the Proposed Cure Amount.

## **Cure Amount**

9. As of the Petition Date, GMC owed EGI **$525,838.87** under the EGI Contract, as set forth on <u>Exhibit A</u>. The Proposed Cure Amount is $411,172.71. Therefore, the Debtors cannot assume and assign the EGI Contract until such time as the full cure amount is paid because they will have otherwise failed to comply with section 365 of the Bankruptcy Code.

10. The Debtors have failed to comply with the provisions of section 365 of the Bankruptcy Code, which states in pertinent part that:

3

> (b)(1) If there has been a default in an executory contract or unexpired lease of the Debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the Debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

11. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz,* 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.,* 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.,* 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.,* 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental,* 54 B.R. 574 (Bankr. D. N.H. 1985).

12. Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2d Cir. 1996); *see also In re Harry C. Partridge, Jr. & Sons, Inc.,* 43 B.R. 669, 672 (Bankr. S.D.N.Y. 1984) (right to assume an executory contract where there has been a default is conditioned upon the debtor's duty to cure the default or provide adequate assurance that the debtor will promptly cure). "Adequate assurance of a prompt cure requires that there be a firm commitment

4

to make all payments and at least reasonably demonstrable capability to do so." *In re R.H. Neil, Inc.*, 58 B.R. 969, 971 (Bankr. S.D.N.Y. 1986). Resolution of claims of default arising under an assumed contract "strives to restore the 'debtor-creditor relationship…to pre-default conditions' [citation omitted] bringing the contract back into compliance with its terms.' *In re Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008).

13. "Cure Amounts" have been defined in the Sale Motion as "all cure amounts payable in order to cure any monetary defaults required to be cured under section 365(b)(1) of the Bankruptcy Code or otherwise effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contract." Accordingly, the Debtors must cure all defaults under the OnStar Contract including prepetition defaults and post-petition defaults.

14. The correct amount required to cure prepetition defaults on the Contract is **$525,838.87**.

**Relief Requested**

WHEREFORE, EGI respectfully request that the Court: (i) determine the appropriate and correct cure amounts due to EGI under the Contract pursuant to section 365(b) of the Bankruptcy Code; (ii) require that the Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iii) grant such other and further relief as is just and appropriate.

Dated: June 16, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　POLSINELLI SHUGHART PC

　　　　　　　　　　　　　　　　　　　　 /s/ Daniel J. Flanigan
　　　　　　　　　　　　　　　　　　　　Daniel J. Flanigan (NY #4266250)
　　　　　　　　　　　　　　　　　　　　7 Penn Plaza, Suite 600
　　　　　　　　　　　　　　　　　　　　New York, New York 10001
　　　　　　　　　　　　　　　　　　　　(212) 684-0199
　　　　　　　　　　　　　　　　　　　　Fax: (212) 684-0197
　　　　　　　　　　　　　　　　　　　　dflanigan@polsinelli.com

　　　　　　　　　　　　　　　　　　　　Christopher A. Ward (DE #3877)
　　　　　　　　　　　　　　　　　　　　POLSINELLI SHUGHART PC
　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1101
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　(302) 252-0920
　　　　　　　　　　　　　　　　　　　　Fax No. (302) 252-0921
　　　　　　　　　　　　　　　　　　　　cward@polsinelli.com

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR ERNIE GREEN INDUSTRIES, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2009, a true and accurate copy of the Objection by Ernie Green Industries, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Proposed Cure Amount was served upon the following via regular electronic court noticing at the email address registered with the Court, electronic mail, facsimile, or overnight delivery:

- General Motors Corporation
  Cadillac Building
  30009 Van Dyke Avenue
  Warren, MI 48090-9025
  Attn: Warren Command Center Mailcode 480-206-114

- Weil, Gotshal & Manges LLP
  767 Fifth Ave.
  New York, NY 10153
  Harvey R. Miller, Esq.
  Stephen Karotkin, Esq.
  Joseph H. Smolinsky, Esq.

- U.S. Treasury
  1500 Pennsylvania Ave. NW
  Room 2312
  Washington, DC 20220
  Matthew Feldman, Esq.

- Cadwalader, Wickersham & Taft LLP
  One World Financial Center
  New York, NY 10281
  John J. Rapisardi, Esq.

- Kramer Levin Naftalis & Frankel LLP
  1177 Avenue of the Americas
  New York, NY 10036
  Thomas Moers Mayer, Esq.
  Kenneth H. Eckstein, Esq.
  Gordon Z. Novod, Esq.

- Vedder Price, P.C.
  1633 Broadway, 47th Floor
  New York, NY 10019
  Michael J. Edelman, Esq.
  Michael L. Schein, Esq.

- Office of the United States Trustee for
  the Southern District of New York
  33 Whitehall St., 21st Floor
  New York, NY 10004
  Diana G. Adams, Esq.

                                  */s/ Christopher A. Ward*
                                  Christopher A. Ward (Bar No. 3877)