Dion W. Hayes
Shawn R. Fox
McGUIREWOODS LLP
1345 Avenue of the Americas, Seventh Floor
New York, New York 10105
(212) 548-2100

*Counsel for Dominion Retail, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| GENERAL MOTORS CORP., *et al*. | : | 09-50026 (REG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | Related Docket Nos. 58 and 173 |

-----------------------------------------------------x

**RESERVATION OF RIGHTS OF DOMINION RETAIL, INC., RELATING
TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C.
§§ 105(A) AND 366 (I) APPROVING DEBTORS PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY
UTILITY COMPANIES, AND (III) PROHIBITING UTILITIES
<u>FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE</u>**

Dominion Retail, Inc. ("Dominion"), by and through its undersigned counsel,

hereby asserts its Reservation of Rights relating to the Motion of Debtors for Entry of

Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of

Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By

Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing

Service (Docket No. 58) (the "Motion")[1] and respectfully states as follows:

Both prior to and after the Petition Date, Dominion has provided natural gas to

General Motors Corporation ("GM") pursuant to that certain Base Contract for Sale and

---

[1] Capitalized terms used but not defined herein shall be ascribed the meaning given such terms in the Motion.

Purchase of Natural Gas dated April 27, 2006, as amended, between GM and Dominion

Retail, Inc. (the "Dominion Gas Contract"). The Debtors have sought to assume and

assign the Dominion Gas Contract to Vehicle Acquisition Holdings LLC. The Debtors

have also obtained relief from this Court permitting them to continue to utilize the escrow

account established by the Escrow Agreement (defined below) required by the Dominion

Gas Contract. Dominion has objected to the assumption and assignment of the Dominion

Gas Contract to the extent that the Debtors do not properly provide for cure costs to be

paid and Vehicle Acquisition Holdings LLC does not comply with the contractual terms of

the Dominion Gas Contract.

By the Motion, the Debtors seek to establish certain adequate assurance procedures

to comply with section 366 of the Bankruptcy Code and to bar utility providers from

discontinuing service for seeking bankruptcy protection or failing to pay a pre-petition

debt. Although listed in the Exhibit A to the Motion as a "utility" within the scope of

Section 366, Dominion is not a utility as that term is used in the Bankruptcy Code. As

such, Dominion should not be subject to the relief requested by the Motion. However, in

an abundance of caution, Dominion files this reservation of rights to ensure that the Motion

does not alter the contractual terms of the Dominion Gas Contract or preclude Dominion

from exercising the rights granted it by the safe harbor provisions of the Bankruptcy Code.

## Background

1.      GM and Dominion entered into the current transaction under the Dominion

Gas Contract on or about March 19, 2009, which has a tenor of April 1, 2009 through

March 31, 2010. The Dominion Gas Contract is a forward contract (as such term is

defined in section 101(25) of the Bankruptcy Code), and Dominion is a forward contract

merchant (as such term is defined in section 101(26) of the Bankruptcy Code).

2.      On June 1, 2009 (the "Petition Date"), the above captioned debtors (the "Debtors") filed the Motion.

3.      An interim order approving the Motion was entered by this Court on June 1, 2009 (the "Interim Order").

## Reservation of Rights

4.      By the Motion, the Debtors seek, *inter alia*, to establish certain procedures to provide adequate assurance to utility providers to ensure payment of post-petition amounts due to utility providers. (Motion ¶ 33).  The Motion also seeks to prohibit utility providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of the chapter 11 cases or a debt that is owed by the Debtors for services rendered prior to the Commencement Date. (Id.).

5.      Dominion does not generally object to the relief requested in the Motion. However, Dominion files this reservation of rights because 1) Dominion is not a utility and should not have been included in the Motion, and 2) Dominion has certain contractual and statutory rights which the relief requested by the Motion cannot alter.  Dominion hereby reserves its rights with respect to the Motion to the extent the Debtors later assert that they altered these rights.

Dominion is not a Utility

6.      Dominion is not a utility for purposes of section 366 of the Bankruptcy Code and should not be subject to the relief requested by the Motion.  The Bankruptcy Code does not define "utility."  However, the legislative history of section 366 of the Bankruptcy Code instructs that only those utilities that are "a monopoly in the area so that the debtor cannot easily obtain comparable service" from another entity should be considered a utility for purposes of section 366 of the Bankruptcy Code. House Report No.

3

95-595, 95th Cong., 1st Sess. p. 350 (1977). <u>See</u> <u>In re Darby</u>, 470 F.3d 573, 575 (5th Cir. 2006) (cable television provider was not a utility because cable television provider did not have a monopoly and cable television was not a necessity). Entities that are utilities also appear to provide services those which a debtor cannot replace without extreme undue hardship. <u>See</u> <u>Id</u>. (a small one time fee was not an undue hardship which would cause a cable provider to be labeled a utility); <u>One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc.</u>, 268 B.R. 430, 436 (Bankr. E.D. Pa. 2001) (telephone company was within the meaning of utility when debtor was likely to lose her business if her phone company ceased service because of the time involved in obtaining new service and switching phone numbers ); <u>In re Good Time Charlie's Ltd.</u>, 25 B.R. 226, 227 (Bankr. E.D. Pa. 1982) (a shopping mall was a utility when it provided electricity to the debtor because obtaining new electricity provider would require complete rewiring of the debtor's store).

7.      Dominion does not have a monopoly over the sale of natural gas to the Debtors for any location in which the Debtors operate. Moreover, the Debtors are free to obtain natural gas in the open market from any number of natural gas providers at any given time. Therefore, Dominion is not a utility under Section 366 of the Bankruptcy Code. Because Dominion is not a utility under section 366 of the Bankruptcy Code, the relief requested by the Motion does not apply to Dominion.

<u>Reservation of Rights Regarding Contractual Terms of the Dominion Gas Contract</u>

8.      To the extent the Debtors seek to alter the contractual obligations which the Debtors have under the Dominion Gas Contract, Dominion reserves its rights in regards to the relief sought in the Motion. Specifically, the Dominion Gas Contract has provisions regarding financial responsibility that required the posting of security by GM prior to the Petition Date. To satisfy this security requirement, Dominion and GM entered into that

4

certain Escrow Agreement among GM, Dominion, and the Bank of New York dated May

11, 2006, as amended (the "Escrow Agreement"), which provides for the escrow of certain

funds of GM with the Bank of New York.  The Debtors cannot rewrite the contractual

terms agreed to by the parties in the Dominion Gas Contract, including the required escrow

account established by the Escrow Agreement.

      9.     The Debtors have even acknowledged the required compliance with the

contractual terms of the Dominion Gas Contract and the Escrow Agreement by requesting,

and receiving, through the entry of the Interim Cash Management Order (Docket No. 179),

the authority to "maintain and continue to use [the escrow account created by the Escrow

Agreement]". (Interim Cash Management Order, Docket No. 179 at p. 3; Docket No. 30,

Ex. A., p. 67).

      10.     The Debtors have slated the Dominion Gas Contract for assumption and

assignment to Vehicle Acquisition Holdings LLC pursuant to a cure notice (the "Cure

Notice") provided to Dominion under the contract assumption procedures provided for in

the Order approving the Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363,

and 365 and FED. R. BANKR. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale

of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle

Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid

Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment

Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, which was

entered by this Court on June 2, 2009. (Docket No. 274).

      11.     Dominion has filed an objection to the Cure Notice because, *inter alia*, the

Debtors have failed to seek to assign the Escrow Agreement to Vehicle Acquisition

Holdings LLC or otherwise provide for the escrow account that is required under the

Dominion Gas Contract. (Docket No. 1268).  This objection remains pending.  Nothing in the Motion should be interpreted to alter GM or any assignee's required compliance with the contractual terms of Dominion Gas Contract.

Reservation of Rights Regarding Bankruptcy Code Safe Harbors

      12.     Dominion further reserves its rights in regard to its ability to terminate the Dominion Gas Contract pursuant to any applicable provision of the Dominion Gas Contract to the extent such  provisions are enforceable under to the safe harbor provisions afforded to forward contracts pursuant to section 556 of the Bankruptcy Code.  Section 556 of the Bankruptcy Code provides that the right of a forward contract merchant to cause the termination of a commodity contract or forward contract due to an *ipso facto* clause "shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by the order of a court in any proceeding under this title."  11 U.S.C. § 556.   Dominion reserves its rights in regards to the Motion to the extent the Debtors seek to stay or otherwise limit Dominion's rights to terminate the Dominion Gas Contract in contravention of section 556 of the Bankruptcy Code.

(The remainder of this page left intentionally blank)

## CONCLUSION

WHEREFORE, for the reasons stated herein, Dominion, by counsel, reserves its

rights with respect to the relief sought in the Motion.

Dated: June 17, 2009                         DOMINION RETAIL, INC.
New York, NY

                                             /s/ Shawn R. Fox
                                             Dion W. Hayes
                                             Shawn R. Fox
                                             McGUIREWOODS LLP
                                             1345 Avenue of the Americas, Seventh Floor
                                             New York, New York 10105
                                             (212) 548-2100

                                             *Counsel for Dominion Retail, Inc.*