**CROSS & SIMON, LLC**
Amy E. Evans, Esq.
913 North Market Street, 11th Floor
Wilmington, DE 19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
aevans@crosslaw.com

and

**MASUDA, FUNAI, EIFERT & MITCHELL, LTD.**
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467
rkrammer@masudafunai.com

*Attorneys for Enshu Ltd. and Enshu (USA) Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| GENERAL MOTORS CORPORATION, et al., | : | Case No. 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF ENSHU LTD. AND ENSHU (USA) CORPORATION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Enshu Ltd. ("Enshu USA") and Enshu (USA) Corporation (collectively, the "Enshu Group"), by and through its undersigned counsel, object on a limited basis to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of

Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto (the "Cure Notice"). In support of this limited objection, Enshu Group state as follows:

1. On June 1, 2009, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") filed their *Debtors' Motion Pursuant to 11 U.S.C. Sections 105, 363(b), (f), (k), and (m), and 365, and Fed. R. Bankr. P.2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* [Docket No. 92] (the "Sale Motion").

2. On June 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [Docket No. 274], which set out certain procedures pursuant to which Debtors were required to give notice of executory contracts and unexpired leases that the Debtors would seek to assume and assign, and amounts that the Debtors believe are required to "cure" defaults under those contracts and leases (the "Cure Procedures").

3. It appears that, on or about June 5, 2009, the Debtors issued Cure Notices to certain of Debtors' suppliers. Not having received a Cure Notice within a reasonable amount of time from June 5, 2009, the Enshu Group began to make inquiry regarding whether a Cure Notice had been issued to the Enshu Group. Among other things, Enshu Group contacted the

third party retained by the Debtors to issue Cure Notices. The Debtors' agent responsible for issuing Cure Notices, however, stated to the Enshu Group that a Cure Notice had in fact not been issued to the Enshu Group. As a further precautionary measure, Enshu Group contacted on or about June 11, 2009 its procurement contact at the Debtors who indicated that a Cure Notice had not been issued to the Enshu Group but that he would make an internal inquiry at GM to determine why a Cure Notice had not been issued. Apparently in response to that inquiry, Enshu Group has only recently received on June 15, 2009 a Cure Notice. After making a commercially diligent inquiry as quickly as possible, Enshu Group discovered that the Cure Amount as proposed by the Debtors is incorrect relative to the contracts intended to be assumed by the Debtors (the "Assigned Contracts"). The Cure Notice was issued to Enshu Ltd. but it appears the proper party is actually Enshu (USA) Corporation. When Enshu Group accessed the secure website set up by the Debtors, the website page dedicated to Enshu Group's Assigned Contracts lists the amount of $2,501,358.95 that the Debtors believe must be paid to the Enshu Group to cure all defaults under the Assigned Contracts in accordance with §365(b) of the Bankruptcy Code (the "Debtors Proposed Cure Amount"). According to the books and records of Enshu USA, the actual cure amount required to be paid pursuant to Section 365(b) of the Bankruptcy Code is approximately ¥298,047,448, as further provided herein (the "Actual Cure Amount").

4. The Debtors and Enshu USA are parties to numerous contracts and purchase orders pursuant to which Enshu USA provides goods and/or services to the Debtors.

**THE DEBTORS OWE A CURE AMOUNT IN
EXCESS OF THE DEBTORS PROPOSED CURE AMOUNT**

5. 11 U.S.C. §365(b)(1) of the Bankruptcy Code provides that,

3

> if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption ... the trustee (A) cures ... such default.

6.  Enshu USA is presently reconciling the amounts due pursuant to the Assigned Contracts and based upon its present estimation believes that the amount Debtors owe Enshu USA under the Assigned Contracts is ¥298,047,448, subject to final reconciliation by Enshu USA. In order for the Debtors to assume the Assigned Contracts, they must make timely cure to Enshu USA. 11 U.S.C. §365. If they fail to propose timely cure of the Actual Cure Amount, they cannot assume the contracts. Id.

7.  Additionally, Debtors should confirm that any post-petition amounts owing under the Assigned Contracts will be paid timely.

## THE DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

8.  Section 365(f)(2) prohibits a Debtor from assuming and assigning an assigned contract unless a Debtor provides adequate assurance of future performance of the assigned contract by the assignee.

9.  11 U.S.C. §365(f)(2) provides as follows:

> (2) The Trustee may assign an executory contract or unexpired lease of the Debtor only if:
>
>  (A) The Trustee assumes such contract or lease in accordance with the provisions of this section; and
>
>  (B) Adequate assurance of future performance by the assignee of such contract or lease is provided,

4

> whether or not there has been a default in such contract or lease.

10. The Debtors have not provided Enshu Group with the adequate assurances required under 11 U.S.C. §365(f)(2)(B). The Debtors have not demonstrated that the potential assignee will be able to timely pay or otherwise perform under the Assigned Contracts.

11. Enshu Group have concerns regarding the potential assignee's ability to perform the Assigned Contracts, financially and otherwise. Enshu Group are also concerned that the assignee may attempt to unilaterally modify the terms and conditions of the Assigned Contracts without Enshu Group's consent. It is well recognized that executory contracts and leases may not be modified, nor material provisions deleted, in order to allow assignment. *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299 (Bankr. S.D.N.Y. 1983).

12. It is not clear from the Sale Motion and related Cure Notice what, if any, modifications to the terms and conditions of the Assigned Contracts are being sought by the Debtors and/or assignee. Enshu Group request that any Order that the Bankruptcy Court enters concerning the assumption and assignment of the Assigned Contracts explicitly prohibit the modification of terms and conditions.

13. While Enshu Group does not object to the Debtors' sale of its assets, Enshu Group does object to (i) Debtors' failure to timely cure the Actual Cure Amount and any other defaults under the Assigned Contracts, (ii) any failure to provide adequate assurances of future

performance, and (iii) any attempt to alter or modify the terms and conditions of the Assigned Contracts without Enshu Group's consent.

**WHEREFORE**, Enshu Group request that the Bankruptcy Court sustain the objections and enter an order requiring Debtors to (i) pay the Actual Cure Amount and cure any and all defaults under the Assigned Contracts; (ii) provide adequate assurances of the assignee's future performance under the Assigned Contracts; and (iii) enter an order explicitly prohibiting the modification of the terms and conditions of the Assigned Contracts.

Dated: June 17, 2009
Wilmington, Delaware

CROSS & SIMON, LLC

By: _____
Amy Evans (DE Bar No. 3829)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (Facsimile)
aevans@crosslaw.com

-and-

MASUDA, FUNAI, EIFERT
& MITCHELL, LTD.
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, IL 60601-1262
Tel: (312) 245-7500
Fax: (312) 245-7500
rkrammer@masudafunai.com

*Attorneys for Enshu Ltd. and Enshu (USA) Corporation*

N:\SYS08\3563\Lit\0040 Limited Objection of Assume Executory Contracts (Enshu).doc