WINDELS MARX LANE & MITTENDORF, LLP     Hearing: June 30, 2009 @ 9:45 a.m.
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Leslie S. Barr (lbarr@windelsmarx.com)

    -and-

HOWARD & HOWARD ATTORNEYS, PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
Telephone (248) 723-0296
Lisa S. Gretchko (LGretchko@HowardandHoward.com)

*Attorneys for Progressive Stamping Company (D.E.), Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                   Debtors.
-------------------------------------------------------x

<u>Chapter 11</u>

Case No. 09-50026 (REG)
(Jointly Administered)

**OBJECTION OF PROGRESSIVE STAMPING COMPANY TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND TO
PROPOSED CURE AMOUNTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

     Progressive Stamping Company (D.E.), Inc. ("Progressive Stamping"), by its

undersigned attorneys, respectfully objects to the Debtors' proposed assumption and assignment

of executory contracts, as well as the proposed cure amounts, and in support, respectfully

represents:

## INTRODUCTION

1.    The Debtors' motion to assume and assign their executory contracts with

Progressive Stamping lists numerous contracts with entities that have not been affiliated with

Progressive Stamping for years.  Moreover, all of the listed contracts with Progressive Stamping

and their terms as set forth in the Debtors' motion are outdated, having been superseded by new

contract terms approved and signed by General Motors Corporation ("GM") and Progressive

Stamping just before the Debtors filed their bankruptcy petitions.  That new contract is not

mentioned in the Debtors' motion to assume and assign the superseded contracts, and thus the

proposed cure amounts (which must be based on the *new* contract) are incorrect.  Accordingly,

Progressive Stamping objects to the Debtors' motion to assume and assign the executory

contracts as set forth in the Debtors' motion, as well as the proposed cure amounts.  Progressive

Stamping will not object, however, to the assumption and assignment of the new executory

contract under the new terms and conditions set forth therein, provided that the Debtors provide

adequate assurance of future performance and promptly pay the correct cure amount.

## BACKGROUND

2.    Progressive Stamping is a fastener manufacturer that for years has been the sole

supplier to GM of certain automotive components.  In the ordinary course of business

relationship, GM would issue annual blanket purchase orders for its requirements for the

products, which were subject to GM's terms and conditions, and which specified price and

payment "MSN-2" or "Net 60 days") terms.  GM would then issue its release for a certain

quantity of products required under the blanket purchase order and upon receipt, Progressive

Stamping would ship the quantity of products so specified.  This course of conduct formed the

contract ("Contract") which governed the business relationship between GM and Progressive

Stamping for nearly 60 years.

3.    At the end of 2008, GM's then-current blanket purchase order lapsed, and the parties did not renew the Contract.  At about the same time, Progressive Stamping made a business decision to exit the automotive industry, but agreed to continue to supply GM with the products on a "spot order" basis until such time as GM could transition the work to a new supplier.  As part of the wind down of its operations, Progressive Stamping and GM entered into a Supply Agreement on May 26, 2009, for a final run of production parts ("Supply Agreement") before Progressive Stamping closes its doors.  Under the Supply Agreement, GM acknowledged that Progressive Stamping's continued manufacture of goods provided GM with substantial new value to GM including money's worth in goods, services, or new credit as Progressive Stamping was willing to make and sell products to GM despite its wind down of operations.  A copy of the Supply Agreement is attached as Exhibit 1.

4.    The Supply Agreement provides for the specific quantities, prices and terms upon which Progressive Stamping will supply GM with products, and deviates from the traditional Contract by requiring GM to pay Progressive Stamping on "Net Immediate" terms.  "Net Immediate" means payment is remitted by GM substantially contemporaneously with the delivery of the products, but not more than 3 business days after receipt.  Since May 26, 2009, GM has been ordering products pursuant to the terms of the Supply Agreement, but has not been performing its obligations thereunder.  For example, GM has not provided shipping addresses for some of the products that it has ordered, which has prevented Progressive Stamping from delivering manufactured products that it now has to store at its expense.  GM's failure to accept delivery is also delaying Progressive Stamping's plans to cease operations.  Moreover, GM has not paid for all of the products that it has received.

5.     On June 1, 2009 (the "Petition Date"), GM and its affiliates (the "Debtors") filed voluntary petitions with this Court under chapter 11 of title, 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

6.     Also on the Petition Date, the Debtors filed a motion seeking, among other things, Court approval of the sale of substantially all of their assets and the assumption and assignment of certain executory contracts (the "Motion"). (Docket No. 92).

7.     On June 2, 2009, the Court entered an Order approving sale bidding procedures and procedures for the Debtors' assumption and assignment of executory contracts, and directing the Debtors to serve notice thereof (the "Sale Procedures Order").  (Docket No. 274).  Among other things, the Sale Procedures Order gave counter parties to executory contracts only ten days from the date of the notice to object to the assumption and assignment of their contracts.

8.     On June 10, 2009, Progressive Stamping received the Debtors' notice of intent to assume and assign certain executory contracts and cure amounts related thereto (the "Assumption and Assignment Notice").  The Assumption and Assignment Notice directed Progressive Stamping to log onto a secure website to view the proposed cure amount for its executory contracts.  The website contained 51 pages of old purchase orders and invoices, including many for companies named "Fasten Tech, Inc.", "FabriSteel", and "Nelson Stud Welding".  The website did not contain any reference to the Supply Agreement.

9.     Progressive Stamping required more time to review the website documents and its own records.  Accordingly, the Debtors agreed to extend Progressive Stamping's time to file an objection to and through June 19, 2009.

10.     Progressive Stamping is a wholly owned subsidiary of Fasten Tech, Inc., which is currently owned by Doncasters Group Limited ("Doncasters").  Progressive Stamping and its

parent company, Fasten Tech, Inc., were previously owned by Citibank Venture Capital ("CVC Bank"), which also owned its affiliates, FabriSteel, and Nelson Stud Welding.  Doncasters acquired Fasten Tech, Inc., Progressive Stamping and Nelson Stud Welding from CVC Bank approximately two years ago.  Progressive Stamping has no affiliation with FabriSteel, and its business with Debtors is unrelated to any business that the Debtors may conduct with Fasten Tech, Inc. or Nelson Stud Welding.  Accordingly, none of these companies' invoices and purchase order should be listed on the Debtors' website as part of Progressive Stamping's executory contracts to be assumed and assigned.

11.    As stated above, the invoices and purchase orders listed on the website are based upon the old 60-day (MSN-2) payment terms and rates.  Progressive Stamping has not operated under those terms and rates since the end of 2008, and is owed substantial unpaid sums in accordance with the new Supply Agreement, which constitutes the only executory contract between the Debtors and Progressive Stamping that was in effect on the Petition Date.  Accordingly, the stated cure amount on the Debtors' secure website is incorrect.

12.    As of this date, the Debtors are obligated to Progressive Stamping under the Supply Agreement in the aggregate sum of $135,900, representing both pre and post-Petition Date unpaid invoices and purchase orders.  That sum, plus any other amounts that are due or may become due under the Supply Agreement as of the Assumption Effective Date (as defined in the Sale Order) are referred to as the "Cure Amount".

13.    On June 4, 2009, Progressive Stamping sent a reclamation demand to the Debtors, seeking the return of all goods delivered in the preceding 45 days, or an allowed administrative expense in the sum of $81,942.85 for goods received by the Debtors within 20 days before the Petition Date.  On or about June 12, 2009, Progressive Stamping received a wire transfer

payment from the Debtors in the sum of $84,062.08.  As of this date, Progressive Stamping is still trying to ascertain how that payment should be applied to pre and post-Petition Date sums that are due.

14.    Progressive Stamping and its attorneys have had discussions with the Debtors' counsel to resolve the issues raised in this Objection, but have not resolved them as of the date of this Objection.

## OBJECTION

15.    Progressive Stamping objects to the Debtors' assumption and assignment of the executory contracts between the Debtors and Progressive Stamping that are listed on the Debtors' secure website.  They are expired, have been superseded by the Supply Agreement, and are no longer executory or capable of being assumed and assigned.

16.    Progressive Stamping also objects to the Debtors' assumption and assignment of the executory contracts listed on the secure website with Fasten Tech, Inc., FabriSteel, or Nelson Stud Welding because they are not executory contracts between the Debtors and Progressive Stamping.

17.    To the extent that the Debtors seek or may seek to assume and assign the Supply Agreement, Progressive Stamping has no objection, provided, however, that the Debtors promptly cure all defaults and promptly provide adequate assurance of future performance in strict accordance with the Supply Agreement, including that the assignee will promptly provide shipping addresses and timely accept delivery of products, that the Net Immediate Terms will be observed, and that they pay the correct Cure Amount.

18.    Especially in light of the fact that Progressive Stamping received the Assumption and Assignment Notice on June 10, 2009, Progressive Stamping reserves the right to supplement

this objection and to join in the objections filed by others.  To the extent that the Debtors are not currently seeking to assume and assign the Supply Agreement, Progressive Stamping hereby reserves all of its rights.

**WHEREFORE**, Progressive Stamping respectfully requests that the Court deny the Debtors' Motion to assume and assign their executory contracts with Progressive Stamping as currently set forth on the secure website, and grant such other and further relief as is just.

Dated: New York, New York
       June 16, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By:   /s/ Leslie S. Barr

Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000
Fax. (212) 262-1215

-and-

HOWARD & HOWARD ATTORNEYS, PLLC
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone (248) 723-0396
Lisa S. Gretchko (LGretchko@HowardandHoward.com)

*Attorneys for Progressive Stamping Company(D.E.), Inc.*