Andrea Sheehan
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 N. Central Expressway
Dallas, Texas 75205
(214) 521-8000
(214) 521-1738 FAX
sheehan@txschoollaw.com

ATTORNEYS FOR CARROLLTON-FARMERS
BRANCH INDEPENDENT SCHOOL DISTRICT
AND LEWISVILLE INDEPENDENT SCHOOL
DISTRICT

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: § § GENERAL MOTORS CORP., et al. § § Debtors. § § | | Chapter 11 CASE NO. 09-50026(REG) (Jointly Administered) |

**LIMITED OBJECTION OF CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT AND LEWISVILLE INDEPENDENT SCHOOL DISTRICT TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k) AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLEUNITED STATES BANKRUPTCY JUDGE:

Now comes Carrollton-Farmers Branch Independent School District (hereinafter "CFBISD") and Lewisville Independent School District (hereinafter "LISD"), and files this, their

1

Limited Objection to Debtor's motion to sell assets free and clear of liens (hereinafter the Sale Motion"), and would respectfully show the Court in support thereof the following:

1. CFBISD and LISD hold claims for 2009 business personal property taxes, and are secured creditors of Debtor's bankruptcy estate by virtue of their statutory tax liens. Pursuant to Texas law, a lien automatically attached on January 1 of 2009 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property by the CFBISD and LISD for the 2009 tax year on property located within CFBISD's and LISD's taxing jurisdictions. Texas Tax Code §32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
> . . .

2. Furthermore, Pursuant to Section 32.07 of the Texas Tax Code, Debtor, as the owner of the property on January 1 of the relevant tax years, is personally liable for the full amount of taxes due.

3. Pursuant to TEX. TAX CODE ANN. §32.05(c), CFBISD's and LISD's secured tax liens "take[] priority over the claim of any creditor of a person whose property is encumbered by the lien[s] and over the claim of any holder of a lien on property encumbered by the tax lien[s], whether or not the debt or lien existed before the attachment of the tax lien[s]." Therefore, CFBISD and LISD have first priority liens on the property.

4.   Debtors seek to sell the property free and clear of CFBISD's and LISD's tax liens. Such sale is governed by Bankruptcy §363. CFBISD and LISD have not consented to the sale of the property free and clear of their statutory tax liens.

5.   CFBISD and LISD do not oppose the sale of the property. However, it is unclear whether CFBISD's and LISD's 2009 taxes are Permitted Encumbrances under the Master Sale and Asset Purchase Agreement.[1] Furthermore, it is unclear whether CFBISD's and LISD's 2009 taxes are Assumed Liabilities under the Asset Purchase Agreement.[2] To the extent that CFBISD's and LISD's 2009 taxes and associated liens are Permitted Encumbrances and Assumed Liabilities, CFBISD and LISD request clarification of such, as well as specific provision in the Sale Order that the sale is free and clear of all liens, claims and encumbrances *other than* Permitted Encumbrances.

6.   To the extent that CFBISD's and LISD's 2009 taxes and associated liens are not Permitted Encumbrances or Assumed Liabilities, CFBISD and LISD object to the Sale Motion to the extent that it does not adequately protect CFBISD and LISD by (1) providing for attachment of CFBISD's and LISD's tax liens to the sale proceeds with segregation of the proceeds of the sale attributable to the 2009 taxes to ensure that the sale proceeds are not distributed to other creditors of lower priority or (2) providing for retention of the 2009 tax liens.

---

[1] While statutory liens for current Taxes not yet due, payable or delinquent are included within the definition of "Permitted Encumbrances" in the Master Sale and Asset Purchase Agreement, the definition further states "in each case for which appropriate reserves have been established." Therefore, without knowing what reserves have been established, CFBISD and LISD cannot determine whether their 2009 statutory tax liens are Permitted Encumbrances.

[2] Section 2.3(a)(v)(B) of the Master Sale and Asset Purchase Agreement includes liabilities of Sellers "arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order" as Assumed Liabilities. On June 1, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§363(b), 507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments whereby Debtors were authorized, but not directed, to pay certain taxes relating to periods prior to commencement. To the extent that Debtors assert CFBISD's and LISD's 2009 taxes are Assumed Liabilities pursuant to such Order in conjunction with Section 2.3(a)(v)(B) of the Master Sale and Asset Purchase Agreement, CFBISD and LISD request clarification of such in any order approving the sale.

3

WHEREFORE, PREMISES CONSIDERED, Carrollton-Farmers Branch Independent School District and Lewisville Independent School District hereby request that, if the Court approves the sale of Debtors' assets, the Sale Order provide for retention of the 2009 tax liens or segregation of sufficient proceeds to pay the 2009 taxes in full.

Respectfully submitted,

/s/ Andrea Sheehan
Andrea Sheehan, State Bar No. 24002935
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 North Central Expressway
Dallas, Texas 75205
(214) 521-8000  Phone
(214) 521-1738  Fax
sheehan@txschoollaw.com

Attorney for Carrollton-Farmers Branch
Independent School District and Lewisville
Independent School District

/s/ J. Ted Donovan
J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
General phones: (212) 221-5700 / (212) 344-2929
Telecopier: (212) 422-6836
tdonovan@gwfglaw.com

Local Counsel for Carrollton-Farmers Branch
Independent School District and Lewisville
Independent School District

4

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the attached Limited Objection of Carrollton-Farmers Branch Independent School District and Lewisville Independent School District to Sale of Assets Free and Clear of Liens via electronic delivery and/or facsimile, this 17th day of June, 2009 to the parties listed below and any other party receiving service through the Court's CM/ECF system.

/s/ Andrea Sheehan
ANDREA SHEEHAN

Attorneys for the Debtors
Weil, Gotshal & Manges LLP,
Attn: Harvey R. Miller, Esq.,
Stephen Karotkin, Esq., and
Joseph H. Smolinsky
767 Fifth Avenue
New York, NY  10153
Fax : (212) 310-8007
harvey.miller@weil.com
stephen.karotkin@weil.com
Joseph.Smolinsky@weil.com

The Debtors
c/o General Motors Corporation
Attn: Lawrence S. Buonomo, Esq.
300 Renaissance Center
Detroit, Michigan  48265
lawrence.s.buonomo@gm.com

Attorneys for the Purchaser
Cadwalader, Wickersham & Taft LLP
Attn: John J. Rapisardi, Esq.
One World Financial Center
New York, NY  10281
john.rapisardi@cwt.com

The U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C.  20220
202-622-6415(fax)
matthew.feldman@do.treas.gov

Attorneys for EDC
Vedder Price, P.C.
Attn: Michael J. Edelman, Esq. and
Michael L. Schein, Esq.
1633 Broadway
47th Floor
New York, NY  10019
(212) 407-7799 (fax)
mjedelman@vedderprice.com

The Attorneys for the Creditors Committee
The UAW
Daniel W. Sherrick, Esq.
8000 East Jefferson Avenue
Detroit, Michigan  48214
313-823-6016 (fax)

5

Attorneys for the UAW
Cleary Gottlieb Steen & Hamilton LLP
Attn: James L Bromley, Esq.
One Liberty Plaza
New York, NY 10006
(212) 225-3999 (fax)
maofiling@cgsh.com

Attorneys for the UAW
Cohen, Weiss and Simon LLP
Attn: Babette Ceccotti, Esq.
330 W. 42nd Street
New York, NY 10036
(626) 473-8227 (fax)
bceccotti@cwsny.com

The Office of the United States Trustee for
the Southern District of New York
Attn: Diana G. Adams, Esq
33 Whitehall Street
21st Floor
New York, NY 10004
212-668-2255 (fax)

The U.S. Attorney's Office, Southern
District of New York
Attn: David S. Jones, Esq. and
Matthew L. Schwartz, Esq.
86 Chambers Street
Third Floor
New York, NY 10007
(212) 637-2750 (fax)
matthew.schwartz@usdoj.gov

6