Tonya A. Trumm
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
Facsimile: (414) 277-0656

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| General Motors Corp., *et al.* | |
| | Chapter 11 |
| Debtors | |

### LIMITED OBJECTION OF JEFFERSON WELLS INTERNATIONAL, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO

Jefferson Wells International, Inc. ("JWI"), by its undersigned counsel, hereby states as follows for its Limited Objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Cure Notice"):

1. On June 1, 2009 (the "Petition Date"), the above-referenced debtors (the "Debtors") commenced these voluntary cases under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On or after June 8, 2009, the Debtors delivered the Cure Notice to JWI indicating that the Debtors intend to assume and assign certain of the Debtors' contracts and agreements with JWI (collectively, the "JWI Contracts"). Pursuant to the Cure Notice, JWI accessed the

Contract Website (as defined in the Cure Notice) and was informed that the Debtors' proposed cure amount with respect to the JWI Contracts is $120,435 (the "Proposed Cure Amount").

3. JWI hereby objects to Proposed Cure Amount as it is inaccurate and substantially less than the amounts actually owed by the Debtors to JWI under the JWI Contracts. Pursuant to JWI's books and records, the amounts owed by the Debtors to JWI under the JWI Contracts is, as of the Petition Date, at least $521,821.07.

4. Moreover, the Debtors have limited the Proposed Cure Amount to amounts owing under the JWI Contracts as of the Petition Date. Pursuant to Section 365 of the Bankruptcy Code, however, in order to assume and assign the JWI Contracts, the Debtors must cure any defaults that exist under the JWI Contracts at the time of such assumption and assignment. Accordingly, the Proposed Cure Amount must be amended to provide for services through the date of any assumption and assignment of the JWI Contracts.

5. JWI does not object to the sale of the Debtors' assets as contemplated in the Motion (as defined in the Cure Notice) or to the assignment and assumption of the JWI Contracts. Rather, it objects to the Proposed Cure Amount and the Cure Notice in that (a) the Proposed Cure Amount is incorrect as to the amounts that were in default under the JWI Contracts as of the Petition Date, and (b) payment of the Cure Amount (as defined in the Cure Notice), as contemplated by the Cure Notice, would permit assumption and assignment of the JWI Contracts without either the Purchaser (as defined in the Cure Notice) or the Debtors satisfying all of the requirements set forth in Section 365 of the Bankruptcy Code attendant to assumption and assignment of executory contracts and unexpired leases including, without limitation, the (i) cure of all defaults existing at the time of the assumption and assignment (as

opposed to defaults existing as of the Petition Date) and (ii) satisfaction of all accrued obligations that are not in default but which exist at the time of the assumption and assignment.

WHEREFORE, JWI respectfully requests that the Court enter an order (a) denying the proposed assumption and assignment of the JWI Contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to JWI under the JWI Contracts pursuant to Section 365(b) of the Bankruptcy Code; and (b) granting such other and further relief as is just and appropriate.

DATED:  June 17, 2009

Respectfully submitted,

/s/ Tonya A. Trumm
Tonya A. Trumm (WI Bar #1034790)
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202-4108
(414) 271-6560
(414) 277-0656 (facsimile)
tatrumm@michaelbest.com

Attorneys for Jefferson Wells International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Limited Objection of Jefferson Wells International, Inc. to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto was served on this 17th day of June, 2009, via overnight courier on the parties identified on **Exhibit A** attached hereto.

/s/ Tonya A. Trumm
Tonya A. Trumm

T:\CLIENTA\022471\0001\A3343903.1

**Exhibit A**

Diana G. Adams, Esq.
Office of the U.S. Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI  48090-9025

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

Matthew Feldman, Esq.
U.S. Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC  20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Kennneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court Southern District of New York
One Bowling Green, Room 621
New York, NY  10004-1408