James E. DeLine (P45205) (Admitted *Pro Hac Vice*)
P. Warren Hunt (P69713) (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Counsel for AVL Powertrain Engineering, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------x

**OBJECTION OF AVL POWERTRAIN ENGINEERING, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

AVL Powetrain Engineering, Inc. (hereinafter "AVL PEI"), a creditor and interested party, objects to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto ("Assumption Notice") served upon by the above captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the Court's Bidding Procedures Order (Docket No. 274). In support of the objection, AVL PEI states:

1.  The Debtors purportedly mailed an Assumption Notice to AVL PEI on June 5, 2009. AVL PEI did not receive the Assumption Notice until June 17, 2009, two days after the day that objections to the Assumption Notice were due.

2. Because AVL PEI did not receive the Assumption Notice until June 17, 2009, and filed its objection as promptly as possible under the circumstances, AVL PEI asks that this Court consider the objection timely filed.

3. The Debtors are parties to executory contracts with AVL PEI.

4. The Debtors have proposed assuming and assigning certain of AVL PEI's executory contracts (the "Designated Contracts")[1].

5. AVL PEI is in the process of reviewing the Designated Contracts listed by GM on their contract notice website.

6. AVL PEI objects to the Assumption Notice to the extent that no Cure Amount is identified by the Debtors. AVL PEI is owed a substantial sum for pre-petition goods and/or services provided to the Debtors.

7. AVL PEI also objects to the extent that the Debtors' Notice would allow payment of less than all pre-petition and post-petition obligations owed by Debtors to AVL PEI, as is required by § 365 of the Bankruptcy Code. *In re Burger Boys*, 94 F.3d 755, 763 (2nd Cir. 1996).

8. AVL PEI further objects to the extent Debtors' Notice would allow assumption of executory contracts without satisfying the requirements in § 365(b)(1). *See also Aetna Casualty & Surety Co. v. Gamel*, 45 B.R. 345, 348 (N.D.N.Y. 1984) (citing *In re Luce Industries, Inc.*, 8 B.R. 100, 104 (Bankr. S.D.N.Y 1980) *rev'd on other grds.,* 14 B.R. 529 (S.D.N.Y. 1981)).

9. AVL PEI reserves any and all rights arising from or associated with the Designated Contracts.

10. Because the legal and factual authority upon which AVL PEI relies are incorporated into this objection, AVL PEI respectfully requests that the Court deem satisfied or,

---

[1] The Debtors have also proposed to assume, as Designated Contracts, the executory contracts of another AVL related entity, AVL Instrumentation & Test Systems, Inc. AVL Instrumentation & Test Systems, Inc. has already appeared before this Court and objected to an Assumption Notice it received (Docket #856).

{28053\1\DT395895.DOC;1}

alternatively, waive any requirement of the filing of a separate memorandum of law contained in Local Bankruptcy Rule 9013-1(a).

11. Because AVL PEI files this objection before having all necessary information regarding the Designated Contracts or the proposed Cure Amounts, AVL PEI reserves the right to amend this objection to include additional facts or arguments as may be determined by further investigation and also to raise such other and further objections to any proposed assumption and assignment or Cure Amounts with respect to AVL PEI's Designated Contracts.

WHEREFORE, AVL PEI respectfully requests that the Court enter an order (a) sustaining this objection in its entirety, (b) reserving its rights in connection with any Designated Contracts or Cure Amounts listed and (c) providing AVL PEI with such other and further relief as is appropriate.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:/s/ P. Warren Hunt

James E. DeLine (Admitted *Pro Hac Vice*)
P. Warren Hunt (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
Counsel for AVL Powertrain Engineering, Inc.
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Dated: June 17, 2009

{28053\1\DT395895.DOC;1}

James E. DeLine (P45205) (Admitted *Pro Hac Vice*)
P. Warren Hunt (P69713) (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Counsel for AVL Powertrain Engineering, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2009, I electronically filed the foregoing Objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto, and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. A copy of this document was also served on the following parties on June 17, 2009 via Federal Express mail:

Warren Command Center
Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York, 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW

{28053\1\DT395895.DOC;1}

Room 2312
Washington, D.C., 20220

John R. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, New York 10281

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10036

Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Diana G. Adams, Esq.

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, New York 10004-1408

/s/ P. Warren Hunt
P. Warren Hunt (P69713) (*Pro Hac Vice*)
James E. DeLine (P45205) (*Pro Hac Vice*)
**KERR, RUSSELL AND WEBER, PLC**
Counsel for AVL Powertrain Engineering, Inc.
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
313-961-0200 (telephone)
313-961-0388 (facsimile)
pwh@krwlaw.com
jed@krwlaw.com

Dated: June 17, 2009

{28053\1\DT395895.DOC;1}