BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas Radom (*pro hac vice* admission pending)
Max Jonathan Newman (*pro hac vice* admission pending)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for New Mather Metals, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | Chapter 11 |
|---|---|
| General Motors Corp., *et al.,* | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF NEW MATHER METALS, INC. TO THE DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF <u>NONRESIDENTIAL PROPERTY</u>**

New Mather Metals, Inc. ("New Mather"), by and through its undersigned counsel, for its objection (the "Cure Objection") to the proposed cure amount (the "Cure Amount") listed on the Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

1.     On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.     Prior to the Petition Date, New Mather entered into various contracts, purchase orders, and agreements whereby it would provide goods and services in exchange for timely payments of same by the Debtors (collectively, the "Contracts").

3.     Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which New Mather could view a listing of those executory contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets (the "Executory Contracts"), and by their calculations, the Cure Amount in connection with such contract or leases.

4.     At the time this Cure Objection was filed, the Website identified the Executory Contracts and the Cure Amount of $2.565.89 due and owing to New Mather under the Executory Contracts.

5.     New Mather does not object to the assumption and assignment of the Executory Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of a dispute over the Cure Amount with the Debtors. However, as the dispute has not yet been resolved, New Mather, for purposes of preserving its objection rights as to the Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

2

**Objection to the Cure Amount and Failure to List Contracts**

6. New Mather objects to the identification of NHK Spring Co. Ltd as the supplier to whom the Cure Amount is owed. In fact, the Cure Amount is owed to New Mather.

7. New Mather objects to the Cure Amount listed on the Website at the time this Cure Objection was filed as it does not fully cure and compensate New Mather for the Debtors' default(s). According to New Mather's books and records, the correct Cure Amount for the Executory Contracts, is approximately 164,327.56. New Mather also objects to the Debtors' failure to list all the contracts related to New Mather's business with the General Motors Corporation which New Mather believes the Debtors did not list due to clerical or administrative errors.

8. New Mather reserves its right to amend or supplement this Cure Objection if, for example, the Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional cure amounts relating to defaults under Contracts that occur or continue to occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline if such an agreement was executed by the Debtors and New Mather, New Mather does not waive any other rights, claims, or interests it has or may have as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, New Mather respectfully requests that the Court (a) condition any assumption and assignment of the Executory Contracts and any other Contracts the Debtor later will decide to assume on (i) the payment in full for all of the outstanding amount(s) due to New Mather under those Contracts in compliance with section 365 of the Bankruptcy Code and (ii)

compliance with any other applicable law, and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York New York
       June 17, 2009

                              BUTZEL LONG, a professional corporation

                              By:    /s/ Robert Sidorsky
                                    Robert Sidorsky, Esq.
                                    Eric B. Fisher, Eq.
                              380 Madison Avenue
                              22nd Floor
                              New York, NY 10017
                              Tel.: (212) 818-1110
                              Fax: (212) 818-0494
                              sidorsky@butzel.com
                              fishere@butzel.com

                              Thomas Radom (*pro hac vice* admission pending)
                              Max Jonathan Newman (*pro hac vice* admission pending)
                              Stoneridge West
                              41000 Woodward Avenue
                              Bloomfield Hills, MI 48304
                              Telephone: (248) 258-1616
                              Facsimile: (248) 258-1439
                              radom@butzel.com
                              newman@butzel.com

                              *Attorneys for New Mather Metals, Inc.*

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS