HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 25, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
GENERAL MOTORS CORP., et al.,             :        09-50026 (REG)
                                          :
                   Debtors.               :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. § § 105(a), 327, 328, AND**
**330 FOR AUTHORIZATION TO EMPLOY PROFESSIONALS**
**UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 17, 2009

(the "**Motion**"), of General Motors Corporation and its affiliated debtors, as debtors and debtors

in possession (the "**Debtors**"), for an order, pursuant to sections 105(a), 327, 328, and

330, of title 11, United States Code to retain professionals utilized in the ordinary course of

business, as more fully set forth in the Motion, a hearing will be held before the Honorable

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **June 30**, **2009 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan

48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center, New York, New

York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury,

1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman,

Esq.); (v) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein,

Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth

H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod,

Esq.); (vii) the International Union, United Automobile, Aerospace and Agricultural Implement

Workers of America ("**UAW**"), 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn:

Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW,

One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen,

Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York

10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the

Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor,

New York, New York 10004; (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street,

Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz,

Esq.); and (xiv) the affected Ordinary Course Professional(s) (as defined in the Motion) listed in

Exhibit C annexed to the Motion, so as to be received no later than **June 25**, **2009, at 4:00 p.m.**

**(Eastern Time)** (the "**Objection Deadline**").

        If no objections are timely filed and served with respect to the Motion, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Motion, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      June 17, 2009

                /s/ Joseph H. Smolinsky          
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

**HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: June 25, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                             :            **Chapter 11 Case No.**
:
**GENERAL MOTORS CORP.,** *et al.*,        :            **09-50026 (REG)**
:
**Debtors.**            :            **(Jointly Administered)**
:
------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § § 105(a), 327, 328, AND 330**
**FOR AUTHORIZATION TO EMPLOY PROFESSIONALS**
**UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

respectfully represent:

**Relief Requested**

1.        The Debtors request authorization, pursuant to sections 105(a), 327, 328,

and 330 of the Bankruptcy Code, to retain professionals utilized in the ordinary course of

business (the "**Ordinary Course Professionals**") without the submission of separate

employment applications and without the issuance of separate retention orders for each

professional as listed on Exhibit "C", nunc pro tunc to June 1, 2009 (the "**Commencement
Date**").  The Debtors intend this Motion to apply only to attorneys.

## Jurisdiction

2.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper
before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.       The Debtors operate a global business of tremendous size and scope.  In
order to effectively operate their businesses prior to the Commencement Date, the Debtors
utilized the services of scores of professionals to address and advise them regarding the countless
business and legal issues that arose on a daily basis.  In order to effectively continue to operate
for the benefit of all stakeholders, the Debtors require the services of many of these professionals
for ongoing matters.

## Proposed Procedures

4.       The Debtors desire to continue to employ the Ordinary Course
Professionals to render a variety of professional services to these estates in the same manner and
for the same purposes as the Ordinary Course Professionals did prior to the Commencement
Date.  In the past, these professionals have rendered a range of professional services including
but not limited to litigation, corporate, tax, real estate, employment, logistics, and customs
related matters.  It is essential that the employment of these Ordinary Course Professionals, many
of which are already familiar with the Debtors' businesses and financial affairs, be continued to
avoid disruption of the Debtors' normal business operations and the cost, expense, and delay of

securing replacement professionals.  In addition, many of the Ordinary Course Professionals are
instrumental to the 363 transaction and its successful and timely consummation.

5.      The Debtors submit that the proposed employment of the Ordinary Course
Professionals and the payment of monthly compensation on the basis set forth below are in the
best interests of their estates and creditors.  The relief requested will save the estates the
substantial expenses associated with applying separately for the employment of each Ordinary
Course Professional.  Further, the relief requested will avoid the incurrence of additional fees
relating to the preparation and prosecution of interim fee applications.

6.      The Debtors propose that as promptly as possible following (i) the entry of
an order granting this Motion or (ii) the date on which the Ordinary Course Professional
commences services for the Debtors, if later, each Ordinary Course Professional shall provide to
the Debtors' attorneys:  (a) a declaration, substantially in the form annexed hereto as Exhibit "A"
(the "**Ordinary Course Professional Declaration**"), certifying that the professional does not
represent or hold any interest adverse to the Debtors or their estates with respect to the matter on
which the professional is to be employed and (b) a completed retention questionnaire
substantially in the form annexed hereto as Exhibit "B" (the "**Retention Questionnaire**").

7.      The Debtors propose to then file the Ordinary Course Professional
Declaration and Retention Questionnaire with the Court and serve a copy thereof upon (i) the
U.S. Trustee and (ii) attorneys for the statutory committee of unsecured creditors appointed in
these chapter 11 cases (together with the Debtors, the "**Reviewing Parties**"), which parties
would then have 10 days following service of such documents (the "**Objection Deadline**") to
notify the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional in
writing of any objection to the retention based upon the contents of the Ordinary Course

Professional Declaration or Retention Questionnaire.  If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional would be deemed approved, without further order of the Court.  If an objection is filed and cannot be resolved within 20 days, the matter would be set for a hearing before the Court.

8.    The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, 100% of the fees and disbursements incurred, if the Debtors approve an appropriate invoice submitted by such professional that sets forth in reasonable detail the nature of the services rendered and disbursements actually incurred; *provided*, *however*, that, if any amount owed for an Ordinary Course Professional's fees and disbursements based on monthly service dates were to exceed a total of $150,000 per month per professional, then the payments to such professional for such excess amounts would be subject to the prior approval of the Court as set forth below.  In addition, the Debtors propose to cap payments to each Ordinary Course Professional at $2 million for the entire period in which these chapter 11 cases are pending, subject to further order of the Court.  In the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month, notwithstanding the receipt of the $150,000 for such month, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court.  The Debtors reserve the right to amend the monthly compensation limitations set forth in this paragraph upon notice to parties in interest.

9.      Annexed hereto as <u>Exhibit "C"</u> is an initial list of the Ordinary Course Professionals identified by the Debtors as of the date of this Motion. The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises.  In such event, the Debtors propose to file the Ordinary Course Retention Declarations and the Retention Questionnaires for each additional Ordinary Course Professional. Once the Ordinary Course Retention Declaration and the Retention Questionnaire have been filed with the Court, the retention of the additional Ordinary Course Professional will be deemed authorized.  The Debtors further propose that the procedures and deadlines for Reviewing Parties to object to the retention, employment, or compensation of the additional Ordinary Course Professionals be the same as those set forth above for the Ordinary Course Professionals listed on Exhibit C.

10.      The Debtors further request that they be authorized to pay any professional whose services do not result in fees and disbursements in excess of $20,000 per month per professional based on monthly service dates (collectively, the "**De Minimis Ordinary Course Professionals**") without the need to (a) file a formal application, (b) file an Ordinary Course Professional Declaration, or (c) file a Retention Questionnaire.  The Debtors propose that a De Minimis Ordinary Course Professional would be paid, subject to the limit set forth above, 100% of the fees and disbursements incurred upon submission of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred.

11.      If in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional would be required to (a) complete and serve an Ordinary Course Professional Declaration as described above, (b) complete and serve a

Retention Questionnaire as described above, and (c) submit a fee application in accordance with

paragraph 8 of this Motion, in order to receive further compensation.

         12.     The Reviewing Parties would then have 10 days following such service to

notify the Debtors in writing of any objections to the retention of the De Minimis Ordinary

Course Professional based upon the contents of the Ordinary Course Professional Declaration.  If

after 10 days no objection is filed, the De Minimis Ordinary Course Professional would be

retained as an Ordinary Course Professional and would be subject to all provisions herein

regarding Ordinary Course Professionals.  As noted above, the Debtors propose that no De

Minimis Ordinary Course Professional who has exceeded the applicable limit be paid any

amount in excess of such limit for invoiced fees and expense reimbursement until the Ordinary

Course Professional Declaration and Retention Questionnaire has been filed with this Court and

the objection deadline has passed.

### The Relief Requested Should Be Approved by the Court

         13.     Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee,
> with the court's approval, may employ one or more
> attorneys, accountants, appraisers, auctioneers, or other
> professional persons, that do not hold or represent an
> interest adverse to the estate, and that are disinterested
> persons, to represent or assist the trustee in carrying out
> the trustee's duties under this title.

11.U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that "with the

court's approval" a debtor may employ:

> for a specified special purpose, other than to represent
> the trustee in conducting the case, an attorney that has
> represented the debtor, if in the best interest of the
> estate, and if such attorney does not represent or hold
> any interest adverse to the debtor or to the estate with

> respect to the matter on which such attorney is to be
> employed.

*Id.* § 327(e).

14.     Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the

trustee "with the court's approval, may employ or authorize the employment of a professional

person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and

conditions of employment" *Id.* § 328(a).  Section 330 of the Bankruptcy Code further provides,

in pertinent part:

> After notice to the parties in interest and the United
> States Trustee and a hearing, and subject to sections
> 326, 328, and 329, the court may award to a . . .
> professional person employed under section 327 or
> 1103—
>
> (A)     reasonable   compensation   for   actual,
> necessary services rendered . . . by the professional
> person, or attorney and by any paraprofessional
> person employed by any such person; and
>
> (B)     reimbursement   for   actual,   necessary
> expenses.

*Id.* § 330.

15.     Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment
> that is necessary or appropriate to carry out the
> provisions of this title. No provision of this title
> providing for the raising of an issue by a party in
> interest shall be construed to preclude the court from,
> sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or
> implement court orders or rules, or to prevent an abuse
> of process.

*Id.* § 105(a).

16.    The Debtors submit that, in light of the additional costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, it is impractical and costly for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016.  Moreover, if the contemplated sale transaction is consummated, many of the Ordinary Court Professionals will be limited to a few short months of service for the Debtors.  Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

17.    Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, or their estates with respect to the matters as to which they are to be employed.

**Notice**

18.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of

America, (ix) the United States Department of Labor, (x) the attorneys for the National

Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii)

the U.S. Attorney's Office, S.D.N.Y., (xiii) all entities that requested notice in these chapter 11

cases under Fed. R. Bankr. P. 2002, and (xiv) the Ordinary Course Professionals listed in Exhibit

C annexed to the Motion.  The Debtors submit that, in view of the facts and circumstances, such

notice is sufficient and no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  New York, New York
        June 17, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**ORDINARY COURSE PROFESSIONAL DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                   :

**In re**                              :              **Chapter 11 Case No.**
                                   :

**GENERAL MOTORS CORP.**, *et al.*,    :         **09-50026 (REG)**
                                   :

                      **Debtors.**      :         **(Jointly Administered)**
                                   :
--------------------------------------------------------------x

        **DECLARATION AND DISCLOSURE STATEMENT OF** _____,

        **ON BEHALF OF** _____


STATE OF _____         )
                                 ) ss:
COUNTY OF _____        )

        _____, hereby declares, pursuant to section 1746 of title 28 of the

United States Code:

        1.      I am a [INSERT TITLE] of _____, located at

_____ (the "**Firm**").

        2.      General Motors Corporation and certain of its subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases ( collectively, the "**Debtors**"),

have requested that the Firm provide legal services to the Debtors, and the Firm has consented

to provide such services.

        3.      The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

4.        Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.        Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

6.        The Debtors owe the Firm $_____ for prepetition services.

7.        The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_____.

By: _____

.

HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 25, 2009 at 4:00 p.m. (Eastern Time)

## <u>EXHIBIT B</u>

## RETENTION QUESTIONNAIRE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **GENERAL MOTORS CORP.**, *et al.*, | : | **09-50026 (REG)** |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
-----------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENERAL MOTORS
CORPORATION OR ANY OF ITS DEBTOR SUBSIDIARIES (collectively, the "**Debtors**")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Russell B. Brooks

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

    1.    Name and address of firm:

        _____

        _____

        _____

        _____

    2.    Date of retention:    _____

        _____

3.      Brief description of services to be provided:

_____

_____

_____

4.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average hourly rate (if applicable):

_____

(b)      Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

5.      Prepetition claims against the Debtors held by the firm:

Amount of claim:      $_____

Date claim arose:      _____

Source of Claim:      _____

6.      Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name:      _____

Status:      _____

Amount of Claim:      $_____

Date claim arose:      _____

Source of claim:      _____

_____

_____

_____

7.     Stock of the Debtors currently held by the firm:

      Class of shares: _____

      No. of shares: _____

8.     Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

      Name: _____

      Status: _____

      _____

      Class of shares: _____

      No. of shares: _____

9.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

      _____

      _____

      _____

      _____

11.    Name of individual completing this form:

      _____

# EXHIBIT C

**ORDINARY COURSE PROFESSIONALS**

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Hartline Dacus Barger Dreyer & Kern LLP | 6688 North Central Expressway Suite 1000 Dallas, TX 75206 | Product liability litigation defense |
| Bowman and Brooke | 150 South Fifth Street Suite 3000 Minneapolis, MN 55402 | Product liability; asbestos; and warranty litigation defense |
| King & Spalding | 1185 Avenue of the Americas New York, NY 10036 | Asbestos litigation defense; and tax services |
| Dykema Gossett PLLC | Franklin Square Building 1300 I Street, N.W. Suite 300W Washington, D.C. 20005 | Asbestos litigation defense; product liability defense; and transactions work |
| Lowe Fell & Skogg | 370 Seventeenth Street Suite 4900 Denver, CO 80202 | Dealer negotiations and litigation defense; and transactions work |
| Jones Day | 51 Louisiana Avenue, N.W. Washington, D.C. 20001 | Commercial litigation defense; pre-merger notification work; competition law filings; ERISA and labor work; and tax work |
| Brooks Kushman | 1000 Town Center Twenty-Second Floor Southfield, MI 48075 | Patent litigation |
| Ableman Frayne & Schwab | 666 Third Avenue New York, NY 10017 | Intellectual property matters |
| Howrey LLP | 1299 Pennsylvania Avenue, N.W. Washington, D.C. 20004 | Patent infringement defense |
| Kirkland & Ellis | 300 North LaSalle Chicago, Illinois 60654 | Patent infringement defense; transactions work; litigation and tax work |
| Rose Law Firm PLLC | 501 New Karner Albany, NY 12205 | Warranty litigation defense |
| Connie J. Postelli Law Office | 2117 North Main Street Crown Point, IN 46307 | Warranty litigation defense |
| Kantrowitz & Phillippi | 1880 John F. Kennedy Blvd. Suite 1101 Philadelphia, PA 19103 | Warranty litigation defense |
| McKelvie DeLuca PC | 280 West Maple Road Suite 300 Birmingham, MI  48009 | Warranty litigation defense |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Ruben & Sjolander | 1875 Century Park East<br>Suite 1050<br>Los Angeles, CA 90067 | Warranty litigation defense |
| Rumberger Kirk & Caldwell PA | Signature Plaza<br>Suite 300<br>201 South Orange Avenue<br>Orlando, FL 32801 | Warranty litigation defense |
| Thompson Hine LLP | 1920 N Street, N.W.<br>Suite 800<br>Washington, D.C. 20036 | Supplier and logistics matters |
| Thornton, Grout & Finnigan LLP | Suite 3200, Canadian Pacific Tower<br>100 Wellington ST West<br>P.O. Box 329<br>Toronto-Dominion Centre<br>Toronto, Canada M5K 1K7 | Supplier and logistics matters |
| BCF LLP | 1100 Rene-Levesque West Blvd.<br>25th Floor<br>Montreal, Quebec H3B 5C9 | Supplier and logistics matters |
| S. Horowitz & Co. | 41-45 Rothschild Blvd.<br>Tel Aviv, Israel 65784 | Corporate reorganization work |
| Kemboy & Company Advocates | 1st Floor, Acacia Suite<br>Riverside Green<br>Riverside Drive<br>P.O. Box 19500<br>Nairobi, 00100 Kenya | Corporate reorganization work |
| Bowman Gilfillan Inc. | 165 West Street<br>Sandton, Johannesburg<br>P.O. Box 785812<br>Sandton, 2146 South Africa | Corporate reorganization work; and competition law filings |
| Urenda, Rencoret, Orrego & Dorr | Avenida Andres Bello 2711<br>Piso 16<br>Las Condes- Codigo Postal 7550611<br>Santiago, Chile | Corporate reorganization work |
| Barrios Fuentes Abogados | Arias Aranguez No. 250<br>Miraflores, Lima 18, Peru | Corporate reorganization work |
| Bustamante & Bustamante | Avenidas Amazonas ER-69 y Patria<br>Edificio COFIEC, 10mo. Piso<br>Quito, Ecuador | Corporate reorganization work |
| Pérez, Bustamante & Ponce | Av. Republica de El Salvador 1082<br>Quito, Ecuador | Corporate reorganization work |
| Guyer & Regules | Plaza Independencia 811 P.B.<br>Montevideo, Uruguay | Corporate reorganization work |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Brons & Salas | Maipu 1210 - Piso 5<br>C1006ACT - Ciudad de Buenos Aires<br>Republica Argentina | Corporate reorganization work; and competition law filings |
| Pinheiro Neto Advogados | Rua Hungria, 1100<br>01455-000<br>Sao Paulo, Brazil | Corporate reorganization work; and antitrust matters |
| Gomez, Pinzon, Zuleta Abogados, S.A. | Calle 67 No. 7 - 35 Of. 1204<br>Bogota, D.C., Colombia | Corporate reorganization work; and competition law filings |
| Santa Marina y Steta | Campos Eliseos No. 345 - Pisos 2 y 3<br>Colonia Chapultepec Polanco<br>Delegacion Miguel Hidalgo<br>11560 Mexico, D.F. | Corporate reorganization work; antitrust matters; and competition law filings |
| Higgs Johnson Truman Bodden & Co. | Anderson Square Building<br>Shedden Rd.<br>P.O. Box 866<br>Grand Cayman, KY1-1103<br>Cayman Islands | Corporate reorganization work |
| Baker & McKenzie | 100 New Bridge Street<br>London EC4V 6JA, England | Antitrust matters; pre-merger notification work; transactions work;  competition law filings; and tax work |
| Turunc & Turunc | Macka Caddessi 32/2<br>Tesvikiye 34367<br>Istanbul, Turkey | Pre-merger notification work |
| Osler Hoskin Harcourt | 100 King Street West<br>1 First Canadian Place, Suite 6100<br>P.O. Box 50<br>Toronto, Ontario M5X 1B8 | Pre-merger notification work; and transactions work |
| Kim & Chang | Seyang Building<br>223 Naeja-Dong<br>Jongno-gu<br>Seoul 110-720, Korea | Pre-merger notification work; competition law filings; and transactions work |
| Lathrop & Gage LC | 2345 Grand Blvd.<br>Suite 2800<br>Kansas City, MO 64108 | Manufacturing; labor and environmental matters; and workers compensation litigation services |
| Hardy Lewis & Page PC | 401 South Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009 | Manufacturing, labor and environmental matters |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Drew & Napier LLC | 20 Raffles Place<br>#17-00 Ocean Towers<br>Singapore 048620 | Transactions work |
| Arendt & Medernach | 1 Rockefeller Plaza<br>Suite 1405<br>New York, NY 10020 | Transactions work |
| Clifford Chance LLP | 2001 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Mayer Brown | 1909 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Freshfields Bruckhaus Deringer GBP | 520 Madison Avenue<br>34th floor<br>New York, NY 10022 | Transactions work |
| Mannheimer Swartling Advokatbyra | 101 Park Avenue<br>New York, NY 10178 | Transactions work |
| DLA Piper | 1251 Avenue of the Americas<br>New York, NY 10020 | Transactions work |
| Hogan & Hartson | Columbia Square<br>555 Thirteenth Street N.W.<br>Washington, D.C. 20004 | Transactions work |
| Perkins Coie LLP | 607 Fourteenth Street N.W.<br>Suite 800<br>Washington, D.C. 20005 | Transactions work; and tax services |
| Dua and Associates | 204-206 Tolstoy House<br>15 Tolstoy Marg<br>New Delhi 110 001, India | Transactions work |
| Tozai Sogo Law Office | Admiral Kioicho Building<br>3-28, Kioicho, Chiyoda-ku<br>Tokyo, Japan 102-0094 | Transactions work |
| Quigg and Partners | Level 7, The Bayleys Building<br>28 Brandon Street<br>P.O. Box 3035<br>Wellington 6140, New Zealand | Transactions work |
| Phillips Orrmonde Fitzpatrick | Level 23<br>367 Collins Street<br>Melbourne 3000<br>P.O. Box 323<br>Collins Street West<br>VIC 8007 Australia | Transactions work |
| Middletons | Level 25, Rialto South Tower<br>525 Collins Street<br>Melbourne VIC 3000, Australia | Transactions work |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Vinson & Elkins LLP | The Willard Office Building<br>1455 Pennsylvania Avenue N.W.<br>Suite 600<br>Washington, D.C. 20004 | Export compliance matters |
| Baker & Botts LLP | 1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | Export compliance matters |
| Featherstone Petrie De Sisto | 600 Seventeenth Street<br>Suite 2400S<br>Denver, CO 80202 | Litigation defense |
| Bingham McHale LLP | 10 West Market Street<br>2700 Market Tower<br>Indianapolis, Indiana  46204-4900 | Litigation defense |
| Taft Stettinius & Hollister LLP | 425 Walnut Street<br>Suite 1800<br>Cincinnati, OH  45202 | Litigation and warranty defense |
| McKenna Long & Aldridge LLP | 1900 K Street N.W.<br>Washington, D.C. 20006 | Litigation defense |
| White Getgey & Meyer | 1700 Fourth & Vine Tower<br>1 West Fourth Street<br>Cincinnati, OH 45202 | Litigation defense |
| Sandler & Travis Trade | 36555 Corporate Drive #400<br>Farmington Hills, MI 48331 | Customs and import services |
| Braun, Kendrick Finkbeiner PC | 4301 Fashion Square Blvd.<br>Saginaw, MI 48603 | Workers compensation litigation services |
| Lacey & Jones | 600 South Adams<br>Suite 600<br>Birmingham, MI 48009 | Workers compensation litigation services |
| Bugbee & Conkle | National City Bank Building<br>405 Madison Avenue<br>Toledo, OH 43604 | Workers compensation litigation services |
| Marshall, Dennehey, Warner, Coleman & Goggin | P.O. Box 8888<br>Wilmington, DE 19899 | Workers compensation litigation services |
| Early, Miranda & Petraborg | 720 Olive Street<br>Suite 700<br>St. Louis, MO 63101 | Workers compensation litigation services |
| Sager & Savage | 5152 Katella Avenue<br>Suite 104<br>Los Angeles, CA 90720 | Workers compensation litigation services |
| Ramos Law Firm | 1800 Peachtree Street<br>Suite 620<br>Atlanta, GA 30309 | Workers compensation litigation services |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Nyhan, Pfister, Bambrick, Kinzie & Lowry, PC | 20 North Clark Street<br>Suite 1000<br>Chicago, IL 60602 | Workers compensation litigation services |
| Ruth Howard Tate & Sowell | 150 Second Avenue North<br>Suite 201<br>Nashville, TN 37201 | Workers compensation litigation services |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                        :
In re                                   :            **Chapter 11 Case No.**
                                        :
**GENERAL MOTORS CORP.**, *et al.*,     :            **09-50026 (REG)**
                                        :
                        Debtors.        :            **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § § 105(a), 327, 328, AND 330 AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESSES

Upon the Motion, dated June 17, 2009 (the "**Motion**"),[1] of General Motors

Corporation and its affiliated debtors, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328,

and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order

authorizing the Debtors to employ professionals utilized in the ordinary course of business (the

"**Ordinary Course Professionals**"), all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 1334; and due and proper notice of the Motion having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ the

Ordinary Course Professionals listed on Exhibit C hereto in the ordinary course of their

businesses in accordance with the procedures set forth herein, effective as of the date of

commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors'

attorneys as promptly as possible following the date (i) of the entry of this Order, or (ii) on which

the Ordinary Course Professional commences services for the Debtors, if later:  (a) a declaration,

substantially in the form annexed hereto as Exhibit A (the "**Ordinary Course Professional**

**Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any

interest adverse to the Debtors or their estates with respect to the matter on which the

professional is to be employed; and (b) a completed retention questionnaire substantially in the

form annexed hereto as Exhibit B (the "**Retention Questionnaire**"); and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

Declarations and Retention Questionnaires with the Court and serve a copy thereof upon the

Reviewing Parties; and it is further

ORDERED that the Debtors are authorized to retain additional Ordinary Course

Professionals throughout these cases by having any such additional Ordinary Course

Professional file an Ordinary Course Professional Declaration and Retention Questionnaire with

the Court; and it is further

ORDERED that the Reviewing Parties shall have ten days after receipt of the

Ordinary Course Professional Declaration and the Retention Questionnaire to object to the

retention, employment, or compensation of the Ordinary Course Professional based upon the

contents of the Ordinary Course Professional Declaration or the Retention Questionnaire (the

"**Objection Deadline**"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; *provided*, *however*, that if an objection is filed

and any such objection cannot be resolved within twenty days, the Debtors shall schedule the

matter for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full undisputed amount billed by each such Ordinary Course

Professional upon receipt of reasonably detailed invoices indicating the nature of the services

rendered and calculated in accordance with such professional's standard billing practices

(without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that

such payments may not exceed $150,000 per month per Ordinary Course Professional; and it is

further

ORDERED that payment to any one Ordinary Course Professional shall not

exceed $2 million for the entire period in which these chapter 11 cases are pending, subject to

further order of this Court; and it is further

ORDERED that in the event payment to any Ordinary Course Professional would exceed $2 million for the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional shall file a fee application for the full amount of its fees and expenses for that month, notwithstanding the receipt of the $150,000 for such month, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors are authorized to pay any professional whose services do not result in fees and disbursements in excess of $20,000 per month per professional based on monthly service dates (collectively, the "**De Minimis Ordinary Course Professionals**") without the need to (a) file a formal application and (b) file an Ordinary Course Professional Declaration; and it is further

ORDERED that the Debtors are authorized to pay the De Minimis Ordinary Course Professionals 100% of the undisputed fees and disbursements incurred upon submission of appropriate invoices which set forth in reasonable detail the nature of the services rendered and disbursements incurred; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall complete and serve an Ordinary Course Professional Declaration and a Retention Questionnaire, and submit a fee application in

accordance with paragraph 8 of the Motion in order to receive further compensation; and it is further

ORDERED that the Reviewing Parties shall have ten days following service to notify the Debtors in writing of any objections to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Declaration and Retention Questionnaire, and if no objection is filed after the tenth day, the De Minimis Ordinary Course Professional shall be retained as an Ordinary Course Professional and shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this Order upon notice to parties in interest; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
     June _____, 2009

_____
United States Bankruptcy Judge

## EXHIBIT A

**ORDINARY COURSE PROFESSIONAL DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                               :

**In re**                               :          **Chapter 11 Case No.**
                               :

**GENERAL MOTORS CORP.,** *et al.,*   :          **09-50026 (REG)**
                               :

                  **Debtors.**     :          **(Jointly Administered)**
                               :
-------------------------------------------------------------x

       **DECLARATION AND DISCLOSURE STATEMENT OF** _____,

       **ON BEHALF OF** _____

STATE OF _____        )
                          ) ss:
COUNTY OF _____     )

       _____, hereby declares, pursuant to section 1746 of title 28 of the

United States Code:

       1.     I am a [INSERT TITLE] of _____, located at

_____ (the "**Firm**").

       2.     General Motors Corporation and certain of its subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases ( collectively, the "**Debtors**"),

have requested that the Firm provide legal services to the Debtors, and the Firm has consented

to provide such services.

       3.     The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____.

By: _____

## EXHIBIT B

## RETENTION QUESTIONNAIRE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :
In re                                               :            Chapter 11 Case No.
                                                    :
**GENERAL MOTORS CORP.,** *et al.*,                 :            **09-50026 (REG)**
                                                    :
                                Debtors.            :            **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

<u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENERAL MOTORS
CORPORATION OR ANY OF ITS DEBTOR SUBSIDIARIES (collectively, the "**Debtors**")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT</u>.
<u>RETURN IT FOR FILING BY THE DEBTORS, TO</u>:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Russell B. Brooks

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

    1.     Name and address of firm:

          _____

          _____

          _____

          _____

    2.     Date of retention:    _____

          _____

3.      Brief description of services to be provided:

_____

_____

_____

4.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average hourly rate (if applicable):

_____

(b)      Estimated average monthly compensation based on prepetition
retention (if firm was employed prepetition):

_____

5.      Prepetition claims against the Debtors held by the firm:

Amount of claim:      $_____

Date claim arose:      _____

Source of Claim:      _____

6.      Prepetition claims against the Debtors held individually by any member,
associate, or professional employee of the firm:

Name:      _____

Status:      _____

Amount of Claim:      $_____

Date claim arose:      _____

Source of claim:      _____

_____

_____

_____

7.    Stock of the Debtors currently held by the firm:

Class of shares: _____

No. of shares:  _____

8.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  _____

Status: _____

_____

Class of shares: _____

No. of shares:  _____

9.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

11.    Name of individual completing this form:

_____

# EXHIBIT C

## ORDINARY COURSE PROFESSIONALS

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Hartline Dacus Barger Dreyer & Kern LLP | 6688 North Central Expressway Suite 1000 Dallas, TX 75206 | Product liability litigation defense |
| Bowman and Brooke | 150 South Fifth Street Suite 3000 Minneapolis, MN 55402 | Product liability; asbestos; and warranty litigation defense |
| King & Spalding | 1185 Avenue of the Americas New York, NY 10036 | Asbestos litigation defense; and tax services |
| Dykema Gossett PLLC | Franklin Square Building 1300 I Street, N.W. Suite 300W Washington, D.C. 20005 | Asbestos litigation defense; product liability defense; and transactions work |
| Lowe Fell & Skogg | 370 Seventeenth Street Suite 4900 Denver, CO 80202 | Dealer negotiations and litigation defense; and transactions work |
| Jones Day | 51 Louisiana Avenue, N.W. Washington, D.C. 20001 | Commercial litigation defense; pre-merger notification work; competition law filings; ERISA and labor work; and tax work |
| Brooks Kushman | 1000 Town Center Twenty-Second Floor Southfield, MI 48075 | Patent litigation |
| Ableman Frayne & Schwab | 666 Third Avenue New York, NY 10017 | Intellectual property matters |
| Howrey LLP | 1299 Pennsylvania Avenue, N.W. Washington, D.C. 20004 | Patent infringement defense |
| Kirkland & Ellis | 300 North LaSalle Chicago, Illinois 60654 | Patent infringement defense; transactions work; litigation and tax work |
| Rose Law Firm PLLC | 501 New Karner Albany, NY 12205 | Warranty litigation defense |
| Connie J. Postelli Law Office | 2117 North Main Street Crown Point, IN 46307 | Warranty litigation defense |
| Kantrowitz & Phillippi | 1880 John F. Kennedy Blvd. Suite 1101 Philadelphia, PA 19103 | Warranty litigation defense |
| McKelvie DeLuca PC | 280 West Maple Road Suite 300 Birmingham, MI  48009 | Warranty litigation defense |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Ruben & Sjolander | 1875 Century Park East<br>Suite 1050<br>Los Angeles, CA 90067 | Warranty litigation defense |
| Rumberger Kirk & Caldwell PA | Signature Plaza<br>Suite 300<br>201 South Orange Avenue<br>Orlando, FL 32801 | Warranty litigation defense |
| Thompson Hine LLP | 1920 N Street, N.W.<br>Suite 800<br>Washington, D.C. 20036 | Supplier and logistics matters |
| Thornton, Grout & Finnigan LLP | Suite 3200, Canadian Pacific Tower<br>100 Wellington ST West<br>P.O. Box 329<br>Toronto-Dominion Centre<br>Toronto, Canada M5K 1K7 | Supplier and logistics matters |
| BCF LLP | 1100 Rene-Levesque West Blvd.<br>25th Floor<br>Montreal, Quebec H3B 5C9 | Supplier and logistics matters |
| S. Horowitz & Co. | 41-45 Rothschild Blvd.<br>Tel Aviv, Israel 65784 | Corporate reorganization work |
| Kemboy & Company Advocates | 1st Floor, Acacia Suite<br>Riverside Green<br>Riverside Drive<br>P.O. Box 19500<br>Nairobi, 00100 Kenya | Corporate reorganization work |
| Bowman Gilfillan Inc. | 165 West Street<br>Sandton, Johannesburg<br>P.O. Box 785812<br>Sandton, 2146 South Africa | Corporate reorganization work; and competition law filings |
| Urenda, Rencoret, Orrego & Dorr | Avenida Andres Bello 2711<br>Piso 16<br>Las Condes- Codigo Postal 7550611<br>Santiago, Chile | Corporate reorganization work |
| Barrios Fuentes Abogados | Arias Aranguez No. 250<br>Miraflores, Lima 18, Peru | Corporate reorganization work |
| Bustamante & Bustamante | Avenidas Amazonas ER-69 y Patria<br>Edificio COFIEC, 10mo. Piso<br>Quito, Ecuador | Corporate reorganization work |
| Pérez, Bustamante & Ponce | Av. Republica de El Salvador 1082<br>Quito, Ecuador | Corporate reorganization work |
| Guyer & Regules | Plaza Independencia 811 P.B.<br>Montevideo, Uruguay | Corporate reorganization work |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Brons & Salas | Maipu 1210 - Piso 5<br>C1006ACT - Ciudad de Buenos Aires<br>Republica Argentina | Corporate reorganization work; and competition law filings |
| Pinheiro Neto Advogados | Rua Hungria, 1100<br>01455-000<br>Sao Paulo, Brazil | Corporate reorganization work; and antitrust matters |
| Gomez, Pinzon, Zuleta Abogados, S.A. | Calle 67 No. 7 - 35 Of. 1204<br>Bogota, D.C., Colombia | Corporate reorganization work; and competition law filings |
| Santa Marina y Steta | Campos Eliseos No. 345 - Pisos 2 y 3<br>Colonia Chapultepec Polanco<br>Delegacion Miguel Hidalgo<br>11560 Mexico, D.F. | Corporate reorganization work; antitrust matters; and competition law filings |
| Higgs Johnson Truman Bodden & Co. | Anderson Square Building<br>Shedden Rd.<br>P.O. Box 866<br>Grand Cayman, KY1-1103<br>Cayman Islands | Corporate reorganization work |
| Baker & McKenzie | 100 New Bridge Street<br>London EC4V 6JA, England | Antitrust matters; pre-merger notification work; transactions work; competition law filings; and tax work |
| Turunc & Turunc | Macka Caddessi 32/2<br>Tesvikiye 34367<br>Istanbul, Turkey | Pre-merger notification work |
| Osler Hoskin Harcourt | 100 King Street West<br>1 First Canadian Place, Suite 6100<br>P.O. Box 50<br>Toronto, Ontario M5X 1B8 | Pre-merger notification work; and transactions work |
| Kim & Chang | Seyang Building<br>223 Naeja-Dong<br>Jongno-gu<br>Seoul 110-720, Korea | Pre-merger notification work; competition law filings; and transactions work |
| Lathrop & Gage LC | 2345 Grand Blvd.<br>Suite 2800<br>Kansas City, MO 64108 | Manufacturing; labor and environmental matters; and workers compensation litigation services |
| Hardy Lewis & Page PC | 401 South Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009 | Manufacturing, labor and environmental matters |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Drew & Napier LLC | 20 Raffles Place<br>#17-00 Ocean Towers<br>Singapore 048620 | Transactions work |
| Arendt & Medernach | 1 Rockefeller Plaza<br>Suite 1405<br>New York, NY 10020 | Transactions work |
| Clifford Chance LLP | 2001 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Mayer Brown | 1909 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Freshfields Bruckhaus Deringer GBP | 520 Madison Avenue<br>34th floor<br>New York, NY 10022 | Transactions work |
| Mannheimer Swartling Advokatbyra | 101 Park Avenue<br>New York, NY 10178 | Transactions work |
| DLA Piper | 1251 Avenue of the Americas<br>New York, NY 10020 | Transactions work |
| Hogan & Hartson | Columbia Square<br>555 Thirteenth Street N.W.<br>Washington, D.C. 20004 | Transactions work |
| Perkins Coie LLP | 607 Fourteenth Street N.W.<br>Suite 800<br>Washington, D.C. 20005 | Transactions work; and tax services |
| Dua and Associates | 204-206 Tolstoy House<br>15 Tolstoy Marg<br>New Delhi 110 001, India | Transactions work |
| Tozai Sogo Law Office | Admiral Kioicho Building<br>3-28, Kioicho, Chiyoda-ku<br>Tokyo, Japan 102-0094 | Transactions work |
| Quigg and Partners | Level 7, The Bayleys Building<br>28 Brandon Street<br>P.O. Box 3035<br>Wellington 6140, New Zealand | Transactions work |
| Phillips Orrmonde Fitzpatrick | Level 23<br>367 Collins Street<br>Melbourne 3000<br>P.O. Box 323<br>Collins Street West<br>VIC 8007 Australia | Transactions work |
| Middletons | Level 25, Rialto South Tower<br>525 Collins Street<br>Melbourne VIC 3000, Australia | Transactions work |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Vinson & Elkins LLP | The Willard Office Building<br>1455 Pennsylvania Avenue N.W.<br>Suite 600<br>Washington, D.C. 20004 | Export compliance matters |
| Baker & Botts LLP | 1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | Export compliance matters |
| Featherstone Petrie De Sisto | 600 Seventeenth Street<br>Suite 2400S<br>Denver, CO 80202 | Litigation defense |
| Bingham McHale LLP | 10 West Market Street<br>2700 Market Tower<br>Indianapolis, Indiana 46204-4900 | Litigation defense |
| Taft Stettinius & Hollister LLP | 425 Walnut Street<br>Suite 1800<br>Cincinnati, OH 45202 | Litigation and warranty defense |
| McKenna Long & Aldridge LLP | 1900 K Street N.W.<br>Washington, D.C. 20006 | Litigation defense |
| White Getgey & Meyer | 1700 Fourth & Vine Tower<br>1 West Fourth Street<br>Cincinnati, OH 45202 | Litigation defense |
| Sandler & Travis Trade | 36555 Corporate Drive #400<br>Farmington Hills, MI 48331 | Customs and import services |
| Braun, Kendrick Finkbeiner PC | 4301 Fashion Square Blvd.<br>Saginaw, MI 48603 | Workers compensation litigation services |
| Lacey & Jones | 600 South Adams<br>Suite 600<br>Birmingham, MI 48009 | Workers compensation litigation services |
| Bugbee & Conkle | National City Bank Building<br>405 Madison Avenue<br>Toledo, OH 43604 | Workers compensation litigation services |
| Marshall, Dennehey, Warner, Coleman & Goggin | P.O. Box 8888<br>Wilmington, DE 19899 | Workers compensation litigation services |
| Early, Miranda & Petraborg | 720 Olive Street<br>Suite 700<br>St. Louis, MO 63101 | Workers compensation litigation services |
| Sager & Savage | 5152 Katella Avenue<br>Suite 104<br>Los Angeles, CA 90720 | Workers compensation litigation services |
| Ramos Law Firm | 1800 Peachtree Street<br>Suite 620<br>Atlanta, GA 30309 | Workers compensation litigation services |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Nyhan, Pfister, Bambrick, Kinzie & Lowry, PC | 20 North Clark Street Suite 1000 Chicago, IL 60602 | Workers compensation litigation services |
| Ruth Howard Tate & Sowell | 150 Second Avenue North Suite 201 Nashville, TN 37201 | Workers compensation litigation services |