FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Phone: (312) 832-4500
Fax: (312) 832-4700
Jill L. Murch (JM2728)
Lars A. Peterson

FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Salvatore A. Barbatano (SB0647)

*Attorneys for Cummins Inc.*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X

### OBJECTION OF CUMMINS INC. TO
### ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
### CONTRACTS AND CURE AMOUNTS RELATED THERETO

Cummins Inc. ("Cummins"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, Cummins states as follows:

**PRELIMINARY STATEMENT**

1. Cummins provides filters to GM to be used in the fuel systems of GM's vehicles.

2. Upon information and belief, on or about June 5, 2009, the General Motors Corporation ("GM") sent out a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), in which the Debtors designated certain agreements (the "Assumable Executory Contracts") between its suppliers and lessors and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

3. Cummins called GM's Helpline and was told that an Assumption and Assignment Notice had been sent to a Cummins employee, but it appears to have been sent to an incorrect address. According to the GM Helpline, the Notice was sent by U.S. mail to John Coon at 2200 20th Avenue, Sterling Heights, MI, which is not John Coon's address, and is not a proper address for service of this Notice on Cummins. Also according to the GM Helpline, the Notice supposedly contained a user ID and password that would allow access to the Debtors' web site, where the prepetition contracts to be assumed are supposedly listed.

4. Upon information and belief, the Assumption and Assignment Notice indicated that any objections needed to be filed "so to be received no later than 10 days after the date of the notice," even though Cummins has not actually received the Assumption and Assignment Notice.

5. Cummins has requested, through the GM Helpline, reissuance of the Notice to the proper address.

6. Cummins has not reviewed the Assumption and Assignment Notice, the information contained on the secured website referenced in the Assumption and Assignment Notice, or its own books and records in order to make a meaningful determination about whether

2

the Debtors' proposed Cure Amount and the list of Assumable Executory Contracts is accurate and correct.

7. Therefore, Cummins is making this objection to allow it more time to review the Notice, the information contained on the Debtors' secured website, and its own books and records. Additionally, Cummins is making this objection in an abundance of caution and is attempting to work with the Debtors to resolve the issues outlined below.

## ARGUMENT

### I. The Proposed Cure Amount May Be Inadequate

8. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."

9. The proposed Cure Amount may not accurately reflect all prepetition and post-petition defaults, and may therefore be insufficient. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default

3

conditions, thereby bringing the contract back into compliance with its terms. *See In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

10. Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults. The Debtors' proposed Cure Amount, if inadequate, would deprive Cummins of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

11. Having not received the Assumption and Assignment Notice, Cummins reserves its right to object to the Cure Amount once it receives the Assumption and Assignment Notice.

## II. The List of Contracts that the Debtors Have Designated for Assumption and Assignment May Not Be Correct.

12. Cummins is attempting to identify and reconcile the contracts that the Debtors have listed on their website referenced in the Assumption and Assignment Notice as those that may be assumed and assigned to the Purchaser. Given that Cummins has not received the Notice and the short timing of the process, Cummins has not been able to reconcile these contracts. As a result, Cummins reserves its right to object to the list of contracts.

13. Cummins further reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

**RELIEF REQUESTED**

WHEREFORE, Cummins requests that the Court enter an order requiring the Debtors to deliver the Assumption and Assignment Notice to Cummins' attorneys at the address below, denying the Debtors' request to assume and assign the Assumable Executory Contracts

4

unless and until Cummins' objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated: June 17, 2009

FOLEY & LARDNER LLP

/s/ Jill L. Murch
Jill L. Murch (JM2728)
Lars A. Peterson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700

-and-

Salvatore A. Barbatano (SB0647)
FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Cummins Inc.*