*Hearing Date: June 30, 2009 at 9:45 A.M.*
*Objection Deadline: June 26, 2009 at 4:00 P.M.*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Proposed Counsel for the Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                         :
In re:                                                   :          Chapter 11 Case No.:
                                                         :
GENERAL MOTORS CORP., et al.,                            :          09-50026 (REG)
                                                         :
                        Debtors.                         :          (Jointly Administered)
                                                         :
---------------------------------------------------------- X

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENERAL MOTORS CORPORATION, ET AL. FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL, NUNC PRO TUNC, TO JUNE 3, 2009

The duly-appointed Official Committee of Unsecured Creditors (the "**Committee**") of

the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby

applies for an order (the "**Application**"), pursuant to sections 328 and 1103 of chapter 11 of title

11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing it to retain Kramer Levin Naftalis

& Frankel LLP ("**Kramer Levin**") as counsel for the Committee in connection with the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**") effective as of June 3, 2009.  In support of

this Application, the Committee submits the Declaration of Thomas Moers Mayer (the "**Mayer**

**Declaration**"), attached hereto as Exhibit A.  In further support of this Application, the

Committee respectfully represents as follows:

## Background

1.       On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.

2.       On June 3, 2009, the United States Trustee for Region 2, pursuant to section 1102

of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured

creditors in these Chapter 11 Cases.  The members of the Committee are: (i) Pension Benefit

Guaranty Corporation; (ii) Wilmington Trust Company; (iii) Law Debenture Trust Company of

New York; (iv) Genoveva Bermudez; (v) Kevin Schoenl; (vi)  International Division of

Communications Workers of America, AFL-CIO; (vii) International Union, United Automobile,

Aerospace and Agricultural Implement Workers of America, UAW; (viii) United Steel, Paper

and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers

International Union, USW; (ix) Mark Buttita; (x) Interpublic Group; (xi) Denso International

America, Inc.; (xii) Inteva Products, LLC; (xiii) Paddock Chevrolet; (xiv) Serra Chevrolet of

Birmingham, Inc.; and (xv) Saturn of Hempstead, Inc.

3.       At a meeting of the Committee held on June 3, 2009, the Committee voted to

retain Kramer Levin as its counsel.  Accordingly, this Application is made by the Committee for

an order, pursuant to sections 328 and 1102 of the Bankruptcy Code and Bankruptcy Rule 2014,

authorizing the Committee to retain Kramer Levin as its counsel, effective as of June 3, 2009.

KL2 2607570.2

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5.      This Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing it to retain and employ Kramer Levin as its counsel, effective as of June 3, 2009.

**Basis for Relief Requested**

6.      The Committee has selected Kramer Levin to serve as counsel to the Committee and to perform all of the services necessary and desirable to the conduct of these Chapter 11 Cases on behalf of the Committee.  The Committee selected Kramer Levin primarily because Kramer Levin's Corporate Restructuring and Bankruptcy Department has extensive experience in the fields of bankruptcy and creditors' rights and, in particular, has represented official creditors' committees in some of the largest and most complex chapter 11 reorganization cases of recent years, including Chrysler LLC, Smurfit-Stone Container Corporation, Dura Automotive Systems, Inc., Dana Corporation, Genuity, Inc., Bethlehem Steel Corporation, Adelphia Business Solutions, Inc., Dow Corning Corporation, Leap Wireless, Inc., American Architectural Products, Big V Holdings and VF Brands, Inc.  Furthermore, Kramer Levin's broad-based practice, which includes expertise in the areas of corporate and commercial law, litigation, tax, intellectual property, employee benefits and real estate, will permit it to represent fully the interests of the Committee in an efficient and effective manner.

KL2 2607570.2

## Services to be Rendered

7.      Kramer Levin is expected to render such legal services as the Committee may

consider desirable to discharge the Committee's responsibilities and further the interests of the

Committee's constituents in these cases.  In addition to acting as primary spokesman for the

Committee, it is expected that Kramer Levin's services will include, without limitation, assisting,

advising and representing the Committee with respect to the following matters:

a.      The administration of these cases and the exercise of oversight with respect to the Debtors' affairs including all issues in connection with the Debtors, the Committee or these Chapter 11 Cases;

b.      The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers;

c.      Appearances in Court and at statutory meetings of creditors to represent the interests of the Committee;

d.      The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization or liquidation and matters related thereto;

e.      Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition, sale of any of the Debtors' businesses, and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

f.      Communications with the Committee's constituents and others at the direction of the Committee in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

g.      The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

## Professional Compensation

8.      Kramer Levin has indicated its willingness to serve as counsel to the Committee

and to receive compensation and reimbursement in accordance with its standard billing practices

for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court. It is anticipated that, primarily, the following professionals will be working in connection with Kramer Levin's representation of the Committee (together with their hourly billing rate): Kenneth H. Eckstein (Partner: $930); Thomas Moers Mayer (Partner: $930); Adam C. Rogoff (Partner: $795); Robert T. Schmidt (Partner: $735); Amy D. Caton (Partner: $680); Elise Scherr Frejka (Special Counsel: $670); Gordon Z. Novod (Associate: $615); Lauren M. Macksoud (Associate: $585); Jennifer Sharret (Associate: $440); and Rebecca Chaikin (Paralegal: $260). Kramer Levin's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.[1]

9.      Kramer Levin's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Kramer Levin regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer-aided research.

### Disinterestedness of Professionals

10.     To the best of the Committee's knowledge, except as stated in the Mayer Declaration, (i) Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) neither Kramer Levin nor its professionals have any connection with the Debtors, the creditors or any other party-in-interest; and (iii) Kramer Levin does not

---

[1] The last rate increase for professionals was implemented on January 1, 2009.

hold or represent any interest adverse to the Committee in the matters for which it is to be retained.

## **Notice**

11.     Notice of this Application has been provided to (a) the Office of the United States Trustee for Region 2; (b) the attorneys for the United States Department of the Treasury, (c) the attorneys for Export Development Canada, (d) the attorneys for the agent under the Debtors' prepetition secured term loan agreement, (e) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (f) the attorneys for the Debtors, (g) the United States Department of Labor, (h) the attorneys for the National Automobile Dealers Association, (i) the U.S. Attorney's Office, and (i) all entities that requested notice in these cases pursuant to Rule 2002 of the Bankruptcy Rules.  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need be provided.

## **No Prior Request**

12.     No prior request for the relief sought herein has been made to this or any other Court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KL2 2607570.2

WHEREFORE, the Committee respectfully requests that the Court enter an order

authorizing (i) the Committee's retention of Kramer Levin as its counsel effective as of June 3,

2009, (ii) the payment and reimbursement of Kramer Levin's fees and disbursements, subject to

interim and final allowance thereof in accordance with sections 330 and 331 of the Bankruptcy

Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may

be just and proper.

Dated: New York, New York
      June 17, 2009

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF GENERAL
MOTORS CORP., <u>et al.</u>,**


By: <u>/s/ David A. Vanaskey Jr.</u>
      David A. Vanaskey Jr.
      Vice President
      Wilmington  Trust Company
      Chairman, Official Committee of Unsecured
      Creditors for General Motors Corp., <u>et al</u>.

- 7 -

EXHIBIT A

<u>MAYER DECLARATION</u>

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Proposed Counsel for the Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                        :
In re:                                                  :        Chapter 11 Case No.:
                                                        :
GENERAL MOTORS CORP., et al.,                           :        09-50026 (REG)
                                                        :
                        Debtors.                        :        (Jointly Administered)
                                                        :
--------------------------------------------------------- X

## DECLARATION OF THOMAS MOERS MAYER IN SUPPORT OF APPLICATION FOR ORDER APPROVING RETENTION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedures,

THOMAS MOERS MAYER, declares:

1.      I am an attorney at law admitted to practice in the State of New York and am a

member of the law firm of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**"), which is

located at 1177 Avenue of the Americas, New York, New York 10036.  I make this declaration

(the "**Declaration**") in support of the application dated June __, 2009 (the "**Application**") of the

duly-appointed Official Committee of Unsecured Creditors (the "**Committee**") in the chapter 11

cases of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

seeking an order authorizing the retention of Kramer Levin as counsel to the Committee in

compliance with sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and to provide the disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires subsequent amendment or modification upon Kramer Levin's completion of further analysis or as additional creditor information becomes available, one or more supplemental declarations will be submitted to the court reflecting the same.

2.      In connection with this proposed retention, I caused the names of the parties identified in Schedule 1 (the "**Contact Parties**") and identified by the Debtors as the Master Retention Checklist (the "**Master Retention Checklist**") to be input into Kramer Levin's conflict check database to determine whether Kramer Levin has connections to such parties and if so, whether such connections relate in any way to the proposed representation of the Committee in this case.  According to the Master Retention Checklist, the Contact Parties include, but are not limited to: (a) the Debtors; (b) the Debtors' current and former officers and directors, key executives; (c) significant shareholders of the Debtors; (d) the Debtors' 50 largest bondholders; (e) the Debtors' 100 largest unsecured creditors; (f) utility companies; (g) insurance providers; (h) counterparties to major contracts with the Debtors, including financing agreements, executory contracts, leases and other agreements; (i) federal and state taxing and regulatory authorities; (j) investments; (k) joint venture parties; (l) indenture trustees, including any party to the Debtors' municipal bond financing arrangements; (m) underwriting investment banks for the Debtors' securities; (n) secured creditors; (o) the Debtors' professionals and professionals retained by other significant creditor groups; (p) major customers; (q) the Debtors' top 100 suppliers; (r) counterparties to the Debtors' strategic alliances; (s) parties to collective

bargaining agreements with the Debtors; (t) parties to significant litigation with the Debtors; (u)

the Debtors' North American dealerships; (v) judges of the United States Bankruptcy Court for

the Southern District of New York; and (w) employees of the Office of the United States Trustee

for Region 2.

3.       In addition, I caused the list of the Contact Parties to be circulated by electronic

mail to all Kramer Levin attorneys to determine whether any attorney has any relationship with

any such party.  In addition, I caused the list to be reviewed by Kramer Levin's conflicts staff.

The staff's report was reviewed by Kramer Levin attorneys.  Based on their reports, it appears

that Kramer Levin does not hold or represent an interest that is adverse to the Debtors' estates, is

a disinterested person who does not hold or represent any interest adverse to and has no

connection (subject to the disclosures set forth below) with the Debtors herein, their creditors,

the United States Trustee or any party-in-interest herein in the matters upon which Kramer Levin

is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, subject to the following material disclosures as well as the disclosures set

forth on Schedule 1 hereto:[1]

   a.       Kramer Levin has not, does not, and will not represent any entities other than the
            Committee in matters directly related to these chapter 11 cases.

   b.       Kramer Levin is counsel to the Official Committee of Unsecured Creditors of
            Chrysler LLC and certain of its affiliates (the "**Chrysler Committee**").  Kramer
            Levin is not aware of any actual conflicts or issues with respect to the constituents
            and interests represented by the Chrysler Committee that would preclude Kramer
            Levin's representation of the Committee.  Prior to interviewing to represent the
            Committee, Kramer Levin solicited the views of the majority of the Chrysler
            Committee and has received no objection from any member at any time.  Kramer

---

[1]  Unless specifically noted, no Contact Party that is a client of Kramer Levin comprised more than 1% of
     Kramer Levin's revenue for the year 2008.  In addition, the descriptions of the Contact Parties'
     relationships with the Debtors set forth herein are based on the descriptions contained in the Master
     Retention Checklist.

3

Levin thereafter discussed the matter with counsel to Chrysler LLC and certain of its affiliates ("**Chrysler**") and counsel to the Debtors and understands that neither Chrysler nor the Debtors has any objection.  It is anticipated that fees collected in connection with Kramer Levin's representation of the Chrysler Committee will exceed 1% of Kramer Levin's revenues for 2009.  Kramer Levin believes that its representation of the Chrysler Committee has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with the Chrysler Committee, such issue will be addressed by conflicts counsel retained by the Committee.

c.      American International Group ("**AIG**") is an insurance provider of the Debtors. In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with AIG and certain of its affiliates in connection with certain corporate, litigation, and bankruptcy matters.  Kramer Levin believes that its representation of AIG has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with AIG, such issue will be addressed by conflicts counsel retained by the Committee. Fees collected from AIG and other entities related to AIG comprised approximately 2.4% of Kramer Levin's revenues for the year 2008.

d.      Merrill Lynch & Co., Inc. ("**Merrill Lynch**") was an underwriting investment bank for the Debtors' securities, is a term loan secured lender, and has an affiliation with a member of the Board.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Merrill Lynch in various litigation, employment, and bankruptcy matters.  Kramer Levin believes that its representation of Merrill Lynch has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Merrill Lynch that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

e.      The Bank of New York and certain of its affiliates ("**BNY Mellon**") have been identified as having certain connections with the Debtors.  BNY Mellon Wealth Management and Mellon Capital Management Corporation both hold significant equity positions in the Debtors.  The Bank of New York is an indenture trustee and a credit revolver secured lender.  Finally, Bank of New York Mellon Corporation is one of the Debtors' professionals.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with BNY Mellon with respect to certain corporate finance projects and in BNY Mellon's capacity as an agent or participant in various bank groups.  Kramer Levin also represents BNY Mellon Trust Company, N.A., as indenture trustee, in connection with municipal bonds that were issued by Main Street Natural Gas, Inc. as set forth in further detail below.  Additionally, Kramer Levin formerly represented the Official Committee of Unsecured Creditors in the chapter 11 cases of Dura

Automotive Systems, Inc. and certain of its affiliates (the "**Dura Committee**") and currently represents the Official Committee of Unsecured Creditors in the chapter 11 cases of Magna Entertainment Corp. and its affiliates (the "**Magna Entertainment Committee**").  BNY Midwest Trust Company served as a member of the Dana Committee and the Bank of New York is currently a member of the Magna Entertainment Committee.  Kramer Levin believes that its representation of BNY Mellon has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with BNY Mellon that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

f.    Barclays Capital Inc. ("**Barclays Capital**") holds a significant equity position in the Debtors, is one of the largest bondholders, and is an underwriting investment bank for the Debtors' securities.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Barclays Capital in bankruptcy and employment litigation matters.  Kramer Levin believes that its representation of Barclays Capital has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Barclays Capital that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

g.    Barclays Bank ("**Barclays Bank**") is both a credit revolver secured lender and a counterparty to a major contract with the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Barclays Bank in employment litigation matters.  Kramer Levin believes that its representation of Barclays Bank has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Barclays Bank that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

h.    Peter R. Bible ("**Bible**") is listed as a former officer of General Motors.  Kramer Levin currently represents Mr. Bible in connection with an inquiry by the SEC into various accounting matters.  Mr. Bible's separation from General Motors was effective June 1, 2006.  Thereafter, pursuant to letter agreement, he was retained by the company as a consultant for six months, and received payments on a monthly basis.  Following the expiration of the consulting arrangement on November 30, 2006, Mr. Bible received monthly severance payments for a period of 9 months.  Since that time, Mr. Bible has had no further employment or consulting relationship with any of the Debtors.  It is my understanding that General Motors has agreed to be responsible for the legal fees and disbursements incurred on Mr. Bible's behalf.  However, Kramer Levin was retained to represent Mr. Bible individually and Kramer Levin did not and does not represent General

5

Motors.  In an abundance of caution, Kramer Levin has erected an information screen between the legal and nonlegal staff working on behalf of the Committee from those professionals working on behalf of Mr. Bible.  This information screen precludes access to files, access to computer generated materials, communications among legal and nonlegal staff, and discussions of these matters in public places, including departmental meetings.  Mr. Bible has been advised of Kramer Levin's representation of the Committee and has given informed consent, confirmed in writing, as required by the New York Rules of Professional Conduct.  Kramer Levin believes that its representation of Mr. Bible has not and will not affect its representation of the Committee in these proceedings.  To the extent issues arise regarding Mr. Bible, conflicts counsel retained by the Committee will address such issues.  During the ninety (90) day period prior to the Petition Date, Kramer Levin was paid $90,087.52 by General Motors on behalf of Mr. Bible and has a current outstanding balance for professional services rendered to Mr. Bible of $8,467.50.

i.    Capital Research and Management Company, Capital Research Global Investors, and Capital International Limited (collectively, "**Capital Research**") are each significant shareholders of the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Capital Research in bankruptcy matters.  Kramer Levin believes that its representation of Capital Research has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Capital Research that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

j.    Citibank N.A. ("**Citibank**") serves as agent under a municipal bond financing arrangement with the Debtors, is a credit revolver secured lender, and is one of the Debtors' professionals.  In matters wholly unrelated to the Debtors, Kramer Levin represents Citibank and its affiliates as an indenture trustee, a counterparty to various major contracts, as secured lender and as an unsecured bondholder.  Additionally, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Citibank with respect to various bankruptcy, corporate, litigation, tax, land use, intellectual property and ERISA matters.  Citibank is Kramer Levin's principal commercial bank.  Kramer Levin believes that its representation of Citibank has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Citibank that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

k.    Credit Suisse Securities (USA) LLC ("**Credit Suisse**") is a significant equity holder of the Debtors, an underwriting bank for the Debtors' securities, a credit revolver secured lender, and a professional employed by the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly

represented certain parties that are or may be otherwise directly or indirectly affiliated with Credit Suisse in bankruptcy, employment, real estate, corporate and litigation matters.  Kramer Levin believes that its representation of Credit Suisse has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Credit Suisse that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

l.    Dana Corporation ("**Dana**") is a significant unsecured creditor and a major supplier to the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin represented the Official Committee of Unsecured Creditors in the chapter 11 cases of Dana and certain of its affiliates (the "**Dana Committee**").  That representation concluded in 2008.

m.    Delphi Corporation ("**Delphi**") is a former General Motors subsidiary, a significant unsecured creditor of the Debtors, and a major supplier to the Debtors.  From October 2005 through June 2007, Kramer Levin represented Electronic Data Systems Corporation ("**EDS**") in the Delphi bankruptcy cases and as a member of the Official Committee of Unsecured Creditors of Delphi (the "**Delphi Committee**").  Since June 2007, Kramer Levin has provided advice to EDS from time to time concerning the Delphi bankruptcy cases.

n.    Deloitte LLP ("**Deloitte**") is providing professional services to the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Deloitte and its affiliates in corporate, bankruptcy and litigation engagements.  Further, Deloitte provides certain audit and consulting services to Kramer Levin on a continuing basis.  Kramer Levin believes that its representation of Deloitte has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Deloitte, such issue will be addressed by conflicts counsel retained by the Committee.  Fees collected from Deloitte and other entities related to Deloitte comprised approximately 3.1% of Kramer Levin's revenues for the year 2008.

o.    Deutsche Bank AG and its affiliates (collectively, "**Deutsche Bank**") have been identified as having certain connections with the Debtors.  Deutsche Bank AG is a significant bondholder, large unsecured creditor, and a term loan secured lender.  An affiliate, Deutsche Bank AG London has been identified as an indenture trustee.  Finally, Deutsche Bank Securities Inc. is an underwriting investment bank for the Debtors' securities.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Deutsche Bank and its affiliates in various litigation, corporate, and bankruptcy matters.  Kramer Levin believes that its representation of Deutsche Bank has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Deutsche Bank that in the view of Kramer Levin could

give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

p.    Dura Automotive Systems, Inc. is a major supplier to the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin represented the Dura Committee.  That representation concluded in 2008.

q.    Electronic Data Systems, Inc. ("**EDS**") and its parent, Hewlett-Packard Corporation, are significant unsecured creditors of the Debtors and provide services pursuant to material contracts.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented EDS and its affiliates in patent litigation and bankruptcy matters.  In addition, as set forth above, Kramer Levin represented EDS in the Delphi bankruptcy cases and as a member of the Delphi Committee.  Kramer Levin believes that its representation of EDS has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with EDS that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

r.    GAMCO Asset Management ("**GAMCO**") holds a significant equity position in the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents certain parties that are or may be otherwise directly or indirectly affiliated with GAMCO. Kramer Levin believes that its representation of GAMCO has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with GAMCO that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

s.    Starting in August 2008, Kramer Levin periodically advised various holders of indebtedness of GMAC LLC and its affiliates and Residential Capital, LLC and its affiliates (collectively, the "**GMAC and ResCap Bondholders**"), in connection with a review of certain relevant prepetition documents (including credit documents, public filings, and exchange offer prospectuses) and advice in connection therewith.  Kramer Levin's representation of all GMAC and ResCap Bondholders concluded on or about May 5, 2009, although Kramer Levin continues to represent certain of the GMAC and ResCap Bondholders in matters unrelated to these chapter 11 cases.  Fees collected by Kramer Levin from the GMAC and ResCap Bondholders in connection with the engagement were approximately $245,000.  Kramer Levin believes that its representation of the GMAC and ResCap Bondholders has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with the GMAC and ResCap Bondholders, such issue will be addressed by conflicts counsel retained by the Committee.

t.    Kramer Levin was retained to render discrete land use advice to General Motors Acceptance Corp. ("**GMAC**")  in 2002.  Between May 8, 2002 and May 29, 2009, Kramer Levin advised GMAC on zoning issues ancillary to a larger

financing.  Time charges in the amount of $14,577 were submitted and paid by GMAC.

u.    By order dated May 13, 2009, the Bankruptcy Court approved the terms of a Master Financial Services Agreement between Chrysler and GMAC, LLC.  As of April 30, 2009, I held approximately $200,000 in face value of GMAC "SmartNotes" in my personal investment account.  Promptly upon the selection of Kramer Levin as counsel to the Chrysler Committee, at my direction my investment advisor liquidated that position.  I am advised that the position was liquidated on May 8, 2009.

v.    Goldman Sachs & Co. and certain of its affiliates ("**Goldman Sachs**") are term loan secured lenders and an underwriting investment bank for the Debtors' securities.  In addition, the Debtors have identified Goldman Sachs as being affiliated with a current member of the board of directors of General Motors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Goldman Sachs and its affiliates in various litigation and bankruptcy engagements.  Kramer Levin believes that its representation of Goldman Sachs has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Goldman Sachs, such issue will be addressed by conflicts counsel retained by the Committee.  Fees collected from Goldman Sachs entities comprised approximately 1.1% of Kramer Levin's revenues for the year 2008.

w.    International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (a/k/a the United Auto Workers ("**UAW**") is a member of the Committee.  The UAW is a significant unsecured creditor, a party to a collective bargaining agreement, and adverse to the Debtors in pending litigation.  The UAW has served as a member of the Dura Committee and the Dana Committee and is currently serving as a member of the Chrysler Committee and the Magna Committee.  Kramer Levin currently represents or formerly represented each of these committees.

x.    JPMorgan Chase N.A. is a significant bondholder and a credit revolver secured lender.  In addition, JP Morgan Securities (collectively, "**JPMorgan**") is a significant bondholder.  Kramer Levin currently represents JPMorgan as the trustee of a decedent's estate.  Kramer Levin has also represented JPMorgan on bankruptcy matters unrelated to the Debtors.  Fees collected by Kramer Levin for work on JPMorgan matters comprised approximately .096% of Kramer Levin's revenue for the year 2008.  In addition, Kramer Levin has represented or currently represents the independent directors of certain funds that are managed or sponsored by JPMorgan.  Please note that in connection with the engagement by the independent directors, Kramer Levin is adverse to JPMorgan.  Kramer Levin believes that its representation of JPMorgan has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with JPMorgan, such issue will be addressed by conflicts

9

counsel retained by the Committee.  Fees collected by Kramer Levin for work on behalf of the independent directors comprised approximately 1.5% of Kramer Levin's revenue for the year 2008.

y.     Bear Stearns & Co. Inc. ("**Bear Stearns**") is a credit revolver secured lender and an underwriting investment bank for the Debtors' securities.  Prior to its sale to JPMorgan in June 2008, Kramer Levin represented Bear Stearns in connection with corporate and litigation matters.  Subsequent to the sale, Kramer Levin has continued to provide legal services with respect to a number of Bear Stearns "legacy" matters on which it was counsel.  Fees collected in connection with the Bear Stearns legacy matters comprised approximately 1.4% of Kramer Levin's revenues for the year 2008.  Kramer Levin believes that its representation of Bear Stearns has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Bear Stearns, such issue will be addressed by conflicts counsel retained by the Committee.

z.     Lehman Brothers Asset Management Inc. is a significant shareholder of the Debtors and Lehman Brothers Inc. (collectively, "**Lehman**") is a significant bondholder and term loan secured lender.  In matters wholly unrelated to the Debtors, Kramer Levin represented Lehman and its affiliates in corporate, litigation, and  bankruptcy related matters.  As set forth above, Kramer Levin represents BNY Mellon Trust Company, N.A. as indenture trustee in connection with municipal bonds that were issued by Main Street Natural Gas, Inc. ("**Main Street**").  Main Street has contractual claims against Lehman Brothers Holdings, Inc. and Lehman Brothers Commodities, Inc.  Finally, Kramer Levin represents the bankruptcy trustee of Lehman Brothers Treasury Co. B.V., a Dutch foreign affiliate of Lehman Brothers Holding Inc. ("**LBHI**") in connection with, among other things, claims against LBHI.  Kramer Levin believes that its representation of Lehman has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Lehman, such issue will be addressed by conflicts counsel retained by the Committee.

aa.    Magna Inc. and Magna International Inc. are large unsecured creditors of the Debtors.  In matters unrelated to the Debtors, Kramer Levin currently represents the Magna Entertainment Committee.  Magna Inc. is an affiliate of Magna International Inc.

bb.    Morgan Stanley & Co. ("**Morgan Stanley**") is a term loan secured lender, a credit revolver secured creditor, an underwriting investment bank for the Debtors' securities, a professional employed by the Debtors, and an affiliate of a current member of the board of directors of General Motors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Morgan Stanley and its affiliates in various litigation, corporate, and bankruptcy matters.  Kramer Levin believes that its representation of Morgan Stanley has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Morgan Stanley, such issue will be addressed

by conflicts counsel retained by the Committee.  Fees collected from Morgan Stanley entities comprised approximately 1% of Kramer Levin's revenues for the year 2008.

cc.     Northern Trust Investments, N.A. has been identified as a significant shareholder of the Debtors.  In addition, Northern Trust Company Securities Lending is a significant bondholder of the Debtors.  Finally, Northern Trust Company (collectively, "**Northern Trust**") is a credit revolver secured lender of the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Northern Trust in connection with intellectual property matters.  Kramer Levin believes that its representation of Northern Trust has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with Northern Trust that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

dd.     Pension Benefit Guaranty Corporation ("**PBGC**") is a member of the Committee.  The PBGC previously served as a member of the Dura Committee and the Dana Committee and currently serves as a member of the Chrysler Committee and the Magna Entertainment Committee.  Kramer Levin currently represents or formerly represented each of these committees.

ee.     State Street Global Advisors (US) is a significant shareholder of the Debtors and State Street Bank and Trust Company of Connecticut National Association (collectively, "**State Street**") is a counterparty to a significant contract with the Debtors.  In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with State Street in corporate, regulatory, banking and financial services matters.  Kramer Levin believes that its representation of State Street has not and will not affect its representation of the Committee in these proceedings.  To the extent an issue arises in connection with State Street that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

ff.     United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("**United Steelworkers**") is a member of the Committee.  The United Steelworks previously served as a member of the Dura Committee and the Dana Committee and currently serves on the Magna Committee.  Kramer Levin currently represents or formerly represented each of these committees.

gg.     UBS and certain of its affiliates ("**UBS**") have been identified as having multiple connections to the Debtors.  The Debtors have identified UBS A.G. London and UBS Global Asset Management (US) Inc. as significant bondholders.  An affiliate, UBS Securities, is an underwriting investment bank for the Debtors' securities. Finally, UBS A.G. is  a credit revolver secured lender.  In matters

wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with UBS in corporate, regulatory, banking, and financial services matters. Kramer Levin believes that its representation of UBS has not and will not affect its representation of the Committee in these proceedings. To the extent an issue arises in connection with UBS that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

hh.    Van Kampen Asset Management (USA) LLC ("**Van Kampen**") is a significant shareholder of the Debtors. In matters wholly unrelated to the Debtors, Kramer Levin currently represents or formerly represented certain parties that are or may be otherwise directly or indirectly affiliated with Van Kampen in bankruptcy matters. Kramer Levin believes that its representation of Van Kampen has not and will not affect its representation of the Committee in these proceedings. To the extent an issue arises in connection with Van Kampen that in the view of Kramer Levin could give rise to an actual or potential conflict, such issue will be addressed by conflicts counsel retained by the Committee.

ii.    Wilmington Trust Company ("**Wilmington Trust**") is a member of the Committee. In addition, Wilmington Trust is one of the largest unsecured creditors and a counterparty to a major contract with the Debtors. Specifically, Wilmington Trust is the Indenture Trustee, under an indenture dated November 15, 1990 and an indenture dated December 7, 1995. Kramer Levin currently represents Wilmington Trust as the indenture trustee in a matter wholly unrelated to the Debtors. In addition, Wilmington Trust previously served as a member of the Dana Committee and currently serves as a member of the Official Committee of Unsecured Creditors of Smurfit-Stone Container Corp. and its affiliates. Kramer Levin currently represents or formerly represented both of these committees. Kramer Levin believes that its representation of Wilmington Trust has not and will not affect its representation of the Committee in these proceedings. To the extent an issue arises in connection with Wilmington Trust, such issue will be addressed by conflicts counsel retained by the Committee.

jj.    XM Satellite Radio, now known as Sirius XM Radio ("**Sirius**"), is a major supplier to the Debtors. In matters unrelated to the Debtors, Kramer Levin represents or has represented Sirius in litigation and intellectual property matters. Fees collected from Sirius and other entities related to Sirius comprised approximately 5.5% of Kramer Levin's revenues for the year 2008. Kramer Levin believes that its representation of Sirius has not and will not affect its representation of the Committee in these proceedings. To the extent an issue arises in connection with Sirius, such issue will be addressed by conflicts counsel retained by the Committee.

kk.    As part of Kramer Levin's corporate restructuring and bankruptcy practice, Kramer Levin represents agent banks, bank groups, shareholder groups, bondholder groups and creditors' committees in connection with restructuring,

bankruptcy and corporate matters unrelated to the Debtors. Such groups may include one or more Contact Parties or other parties-in-interest that are creditors of or otherwise connected with the Debtors. The Debtors have numerous creditors and other parties-in-interest. Kramer Levin may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed herein in matters unrelated to these cases. Kramer Levin believes that its representation of such creditors or other parties in such other matters has not and will not affect its representation of the Committee in these proceedings.

ll.     Kramer Levin's corporate restructuring and bankruptcy practice also involves representing holders of debt and equity securities issued by financially distressed businesses and buyers and sellers of distressed debt and securities. One or more clients of the firm may now own or later purchase secured or unsecured claims against one or more Debtors. Kramer Levin believes that its representation of such parties in matters unrelated to the Debtors will have no effect on its representation of the Committee in these proceedings. Kramer Levin will not advise or represent any holder of the Debtors' securities or any purchaser or seller of any debt or securities of the Debtors during Kramer Levin's representation of the Committee.

mm.    In addition to its corporate restructuring and bankruptcy practice, Kramer Levin is a full service law firm with active real estate, intellectual property, corporate and litigation practices. Kramer Levin appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants or parties in interest in these cases. In addition, Kramer Levin employees may currently or have previously owned or leased automobiles manufactured by the Debtors. Such automobiles may be covered by a warranty provided by the Debtors.

4.     I have advised the Committee of Kramer Levin's willingness to serve as its general bankruptcy counsel and to accept compensation and reimbursement of expenses in accordance with its standard billing practices and subject to this Court's approval in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and Orders of the Court.

Kramer Levin's hourly rates as charged to bankruptcy and nonbankruptcy clients are as follows:

| | |
|---|---|
| Partners | $645 - $955 |
| Counsel | $650 - $995 |
| Special Counsel | $605 - $695 |
| Associates | $325 - $680 |
| Legal Assistants | $135 - $275 |

Kramer Levin's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions. Kramer Levin regularly charges its clients for expenses incurred by it in connection with representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, document processing, overtime meals, Lexis, Westlaw and other computer research related expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. Kramer Levin will abide by the rules and regulations relating to such matters which have been adopted by this Court and by the Office of the United States Trustee for the State of New York.

5.    No agreement exists, nor will any be made, to share any compensation received by Kramer Levin for its services on behalf of the Committee with any other person or firm.

6.    In conclusion, insofar as I have been able to ascertain and subject to the disclosures herein contained, neither Kramer Levin nor any member, counsel or associate thereof, represents any interest adverse to the Debtors herein, or their estates, in the matters upon which Kramer Levin is to be engaged. Accordingly, I believe Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: New York, New York
    June 17, 2009

_____
Thomas Moers Mayer

K1.2 2607987.5

15

# SCHEDULE 1
## TO DECLARATION OF
## <u>THOMAS MOERS MAYER</u>

**SCHEDULE OF CONTACT PARTIES THAT KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP CURRENTLY REPRESENTS AND/OR HAS FORMERLY REPRESENTED**[1]

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| ABN AMRO Rothschild | Underwriting Investment Bank | Kramer Levin currently represents the interested party and its affiliates and formerly represented the interested party and its affiliated in matters wholly unrelated to the Debtors' chapter 11 cases. |
| ACE | Insurance Providers | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Advent Capital Management | Largest 50 Bondholders | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| AIU | Insurance Providers | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Allianz International in Germany | Affiliation of Current Board Member | Kramer Levin currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Alvin Ailey American Dance Theater | Affiliation of Current Board Member | Kramer Levin currently represents certain affiliates of the interested party in matters unrelated to the Debtors' chapter 11 cases. |
| American Express Company | Affiliation of Current Board Member | Kramer Levin currently represents the interested party and formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| AON Inc. | Insurance Providers | Kramer Levin currently represents and has formerly represented certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Apollo Management | Investment as a Limited Partnership | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Aurelius Capital Partners LP | Major Litigation Claimants | Kramer Levin currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Banca Intesa Intesa BCI | Major Secured Lender | Kramer Levin has formerly and currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Bank of America Securities | Underwriting Investment Bank | Kramer Levin formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |

---

[1] Kramer Levin believes that its representation of the Contact Parties listed herein has not and will not affect its representation of the Committee in the Debtors' chapter 11 proceedings.

[2] The description of each interested party's relationship to the Debtors was provided by the Debtors on the Master Retention Checklist.

2

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| Bank of Montreal | Major Secured Lender | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| BellSouth Corp. | Affiliation of Current Board Member | Kramer Levin has formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Black Diamond CLO 2005 2<br>Black Diamond CLO 2005 2<br>Black Diamond CLO 2005 I<br>Black Diamond CLO 2006-I Caymn | Major Secured Lender | Kramer Levin currently represent an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Blackrock BD FD Inc Hi Inc FD<br>Blackrock Corp Hi Yld Fd III I<br>Blackrock Corp Hi Yld Fd Inc<br>Blackrock Corp Hi Yld Fd V Inc<br>Blackrock Corp Hi Yld Fd VI In<br>Blackrock Debt Strt Fd Inc<br>Blackrock Div Inc Strt Fd Inc<br>Blackrock Emp Ret Fd City Dal<br>Blackrock FDS Hi Yld BD PF<br>Blackrock Fltg Rt Inc Strt<br>Blackrock Gbl Inv Ser Inc Str<br>Blackrock Hi Inc Shrs<br>Blackrock Hi Yld Tr<br>Blackrock Met Inv Sr Tr Hi Yld<br>Blackrock Mgd Ac Sr Hi Inc Pf<br>Blackrock Multi-Strategy Fixed<br>Blackrock Senior Inc Ser II<br>Blackrock Sr Hi Fd Inc<br>Blackrock Sr Inc Ser IV<br>Blackrock Strt Bd Tr | Major Secured Lender | Kramer Levin formerly represented certain affiliates of the interested party and currently represents the interested party and certain affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Blackstone Group | Debtors' Professional | Kramer Levin currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| BNP Paribas Securities | Largest 50 Bondholders | Kramer Levin currently represents and has formerly represented the interested party and certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Burger King Corporation | Affiliation of Current Board Member | Kramer Levin formerly represented the interested party in matters unrelated to the Debtors' chapter 11 cases. |
| Calyon | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |

3

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| Canadian Imperial Bank of Commerce | Major Secured Lender | Kramer Levin formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Canyon Capital Advisers | Largest 50 Bondholders | Kramer Levin currently represents and has formerly represented the interested party and certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Carlyle High Yield Part 2008-1 Carlyle High Yield Part IX Ltd | Major Secured Lender | Kramer Levin currently represents and formerly represented affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Catalyst Inc. | Affiliation of Current Board Member | Kramer Levin currently represent the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Chubb | Insurance Providers | Kramer Levin formerly represented certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Commerzbank | Major Secured Lender | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Consolidated Edison | Utility Companies | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| CSX Transportation Inc. | Top 100 Unsecured Creditors | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Daiwa Europe Deutschland GmbH | Debtors' Professional | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Davidson Kempner Capital Management | Largest 50 Bondholders | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Discover Financial Services | Affiliation of Current Board Member | Kramer Levin currently represents an affiliate of the interested party in matters unrelated to the Debtors' chapter 11 cases. |
| Dresdner Bank | Major Secured Lender | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| DuPont Safety & Protection | Affiliation of Current Board Member | Kramer Levin has formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Eastman Kodak Company | Affiliation of Current Board Member | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Eaton Vance Vt Floating Rate Income Fund | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases |
| Ericsson Inc. Ericsson LM Telephone Co. Ericsson NV/SA Ericsson Telecommunicacoes S.A. LM Ericsson Telephone Co. | Affiliation of Current Board Member | Kramer Levin currently represents and has formerly represented certain affiliates of the interested parties in matters wholly unrelated to the Debtors' chapter 11 cases. |

4

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| Ernst & Young LLP | Affiliation of Current Board Member | Kramer Levin currently represents and has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Fortis | Major Secured Lender | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Fortress Cr. Investments II Ltd. | Major Secured Lender | Kramer Levin currently represents and formerly represented affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| GE Asset Management | Largest 50 Bondholders | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| General Electric Company GE Capital Corporation | Affiliation of Current Board Member | Kramer Levin currently represents and has formerly represented the interested parties and certain of their affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Goodyear Tire & Rubber Co. | Affiliation of Current Board Member | Kramer Levin formerly represented an official committee of unsecured creditors of which the interested party was a member. |
| Great American | Insurance Providers | Kramer Levin currently formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Greenwich Capital Markets | Underwriting Investment Bank | Kramer Levin currently represents and formerly represented the interested party and certain of its affiliated in matters wholly unrelated to the Debtors' chapter 11 cases.` |
| Highbridge Capital | Largest 50 Bondholders | Kramer Levin currently represents and formerly represented certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Houlihan Lokey | Professional Retained by Significant Creditor Group | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| HSBC Financial Corp. | Major Secured Lender | Kramer Levin currently represents affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| HSBC Financial Corp. | Strategic Alliance | Kramer Levin currently represents affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| IAM UK Limited | Unions/Non-Debtor Parties to CBA | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Illinois Tool Works Inc. | Top 100 Suppliers | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| JD Capital Management | Largest 50 Bondholders | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Jerome B. York | Former Board Member | Kramer Levin formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| JMG Capital Management LLC | Additional Creditors | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases |

5

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| JMG Capital Partners | Largest 50 Bondholders | Kramer Levin currently represents the an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| KBC Bank | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Key Bank | Major Secured Lender | Kramer Levin formerly represented the interested party and affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases |
| KeyBank, N.A. | Major Secured Lender | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| King Street Capital Management | Largest 50 Bondholders | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Kohlberg Kravis Roberts & Company | Affiliation of Current Board Member | Kramer Levin currently represents the interested party and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| KPMG LLP | Debtors' Professional | Kramer Levin currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Lazard Ltd. | Professional Retained by Significant Creditor Group | Kramer Levin currently represents and has formerly represented certain of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Liverpool LP | Additional Creditors | Kramer Levin currently represents the interested party and an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases |
| Loews Corporation | Affiliation of Current Board Member | Kramer Levin currently represents the interest party and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| MacKay Shields | Largest 50 Bondholders | Kramer Levin currently represents the interested party and has formerly represented certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Marathon Asset Management | Additional Creditors | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Mariner LDC | Major Secured Lender | Kramer Levin currently and formerly represented affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Maritz Inc. | Top 100 Unsecured Creditors | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Marsh Inc. | Insurance Providers | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| MCI/MCI Worldcom | Utility Companies | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Merck & Co. | Affiliation of Current Board Member | Kramer Levin formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |

6

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| Mizuho Corporate Bank | Major Secured Lender | Kramer Levin currently represents and has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Motorola Inc. | Affiliation of Current Board Member | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Muriel Siebert & Co. | Underwriting Investment Banks | Kramer Levin currently represents the interested party and its affiliates and formerly represented the interested party and its affiliated in matters wholly unrelated to the Debtors' chapter 11 cases. |
| National City Bank | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| National Grid | Utility Companies | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| New York Life Insurance Co GP | Major Secured Lender | Kramer Levin currently represents the interested party and its affiliates and formerly represented the interested party and its affiliated in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Nicholas Applegate Capital Management | Largest 50 Bondholders | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Northrop Grumman. | Affiliation of Current Board Member | Kramer Levin formerly represented the interested party matters wholly unrelated to the Debtors' chapter 11 cases. |
| Oak Hill Credit Ptnrs II Ltd | Major Secured Lender | Kramer Levin formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Oaktree Capital Management | Largest 50 Bondholders | Kramer Levin currently represents and formerly represented affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| OCM High Yield Plus Fd LP OCM -Cent St,Se & Sw Pens Pl OCM -IBM Personal Pens Pl OCM -Pac Gas & Elec Comp Ret Tr OCM -State Teach Ret Oh OCM -Wm Pool Hiyld Fix Int Tr Octagon Invsmnt Part XI Ltd | Major Secured Lender | Kramer Levin currently represent an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Oppenheimer Senior Floating Rate Fund | Major Secured Lender | Kramer Levin formerly represented certain affiliates of the interested party and currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Pacific Investment Management Company | Largest 50 Bondholders | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Polygon Investment Partners | Largest 50 Bondholders | Kramer currently represents the interested party and formerly represented the interested party and an affiliate in matters unrelated to the Debtors' chapter 11 cases. |

7

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| PriceWaterhouseCoopers | Debtors' Professional | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| RGA Reinsurance Co | Major Secured Lender | Kramer Levin currently represents certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Royal Bank of Scotland Plc. | Major Secured Lender | Kramer Levin has formerly and currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Samuel A. Ramirez & Co., Inc. | Underwriting Investment Banks | Kramer Levin formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Saudi Basic Industries | Strategic Alliances | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| SBC Communications, Inc./SBC Internet Services | Utility Companies | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| SL Green Realty Corp. | Top 100 Suppliers | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| SMBC | Major Secured Lender | Kramer Levin currently represents the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Societe Generale | Major Secured Lender | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Southern California Edison | Utility Companies | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Sprint | Utility Companies | Kramer Levin currently represents the interested party and an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Standard Chartered Bank | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| SunTrust Banks | Affiliation of Current Board Member | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Syntek Capital AG | Affiliation of Current Board Member | Kramer Levin currently represents the interested party in matters unrelated to the Debtors' chapter 11 cases. |
| The Minnesota Mining & Manufacturing | Affiliation of Current Board Member | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Time Warner Telecom | Utility Companies | Kramer Levin currently represents and formerly represented affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Timken Company | Top 100 Suppliers | Kramer Levin formerly represented an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Toyota Motor Corporation | Counterparty to Major Contract | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |

8

| Interested Party | Relationship to Debtor[2] | Description of Relationship |
|---|---|---|
| Trust Company of the West | Affiliation of Current Board Member | Kramer Levin currently represents the interested party and formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| US Bank Card Services, a wholly owned subsidiary of U.S. Bank | Affiliation of Current Board Member | Kramer Levin currently represents and has formerly represented certain affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| USFilter Waters Partners VI LLC | Counterparty to Major Contract | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Veolia Environment SA | Strategic Alliances | Kramer Levin currently represents and has formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Wachovia Corporation | Affiliation of Current Board Member | Kramer Levin currently represents an affiliate of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Wellington Management Co LLP | Largest 50 Bondholders | Kramer Levin currently represents and formerly represented the interested party and certain of its affiliates in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Wells - 13702900<br>Wells - 13823100<br>Wells - 14945000<br>Wells - 16017000<br>Wells 16959701-John Hancock In<br>Wells Cap Mgmt - 13923601<br>Wells Cap Mgmt 12222133<br>Wells 16463700 La Dept W&Pwr Em<br>Wells 16959700-Jh Hi Yld | Major Secured Lender | Kramer Levin has formerly and currently represents affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Western Asset Management Co. | Largest 50 Bondholders | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| WestLB | Major Secured Lender | Kramer Levin currently represents the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Whitebox Advisors | Largest 50 Bondholders | Kramer Levin formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Xerox Corporation | Affiliation of Current Board Member | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Yazaki | Top 100 Suppliers | Kramer Levin has formerly represented the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |
| Zurich | Insurance Providers | Kramer Levin currently represents and has formerly represented the interested party and certain of affiliates of the interested party in matters wholly unrelated to the Debtors' chapter 11 cases. |

KL2 2607989.2

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                :

In re:                                     :             Chapter 11 Case No.:
                                                  :

GENERAL MOTORS CORP., et al.,       :             09-50026 (REG)
                                                  :

                          Debtors.        :             (Jointly Administered)
                                                  :
---------------------------------------------------------- X

**ORDER APPROVING RETENTION OF KRAMER LEVIN
NAFTALIS & FRANKEL LLP AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, *NUNC PRO TUNC* TO JUNE 3, 2009**

Upon the Application, dated June 17, 2009 (the "**Application**"), of the Official

Committee of Unsecured Creditors appointed in the above-captioned cases (the "**Committee**")

for entry of an order authorizing the employment of Kramer Levin Naftalis & Frankel LLP

("**Kramer Levin**") as attorneys to the Committee effective as of June 3, 2009, all as more fully

described in the Application; and upon the Declaration of Thomas Moers Mayer (the "**Mayer**

**Declaration**"), a member of Kramer Levin, dated June 17, 2009, attached to the Application as

Exhibit A; and the Court being satisfied that based on the representations made in the

Application and the Mayer Declaration that Kramer Levin is "disinterested" as such term is

defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Kramer

Levin represents no interest adverse to the Committee with respect to the matters upon which it

is to be engaged; and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

KL2 2607619.1

due and proper notice of the Application having been provided; and a hearing having been held

to consider the relief requested in the Application (the "**<u>Hearing</u>**"); and upon the record of the

Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Committee and

that the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that the Committee is authorized to retain Kramer Levin as counsel, *<u>nunc pro</u>*

*<u>tunc</u>* to June 3, 2009, pursuant to Bankruptcy Code §1103, on the terms described in the

Application and the Mayer Declaration, to perform necessary legal services for the Committee;

and it is further

ORDERED that payment of Kramer Levin's fees and expenses shall be made, subject to

Bankruptcy Court review and approval, pursuant to the terms described in the Application and

the Mayer Declaration, in accordance with the applicable provisions of the Bankruptcy Code

(including Code §§ 330 and 331), the Federal Rules of Bankruptcy Procedure, and the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and the local rules and

Orders of this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this order.

Dated: New York, New York
      June __, 2009

                               _____

                               Hon. Robert E. Gerber
                               United States Bankruptcy Judge