FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Phone: (312) 832-4500
Fax: (312) 832-4700
Jill L. Murch (JM2728)
Lars A. Peterson

FOLEY & LARDNER LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Salvatore A. Barbatano (SB0647)

*Attorneys for Cummins Inc.*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                    :     Chapter 11
                                          :
GENERAL MOTORS CORP., *et al.*,           :     Case No. 09-50026 (REG)
                                          :
                    Debtors               :     Jointly Administered
                                          :
---------------------------------------------------------------X

**LIMITED OBJECTION OF CUMMINS INC. TO
MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§
105, 363 AND 364 AUTHORIZING VENDORS TO (I) PAY PREPETITION CLAIMS OF
CERTAIN ESSENTIAL SUPPLIERS, VENDORS, AND SERVICE PROVIDERS; (II)
CONTINUE TROUBLED SUPPLIER ASSISTANCE PROGRAM; AND (III) CONTINUE
PARTICIPATION IN THE UNITED STATES TREASURY
<u>AUTO SUPPLIER SUPPORT PROGRAM</u>**

Cummins Inc. ("<u>Cummins</u>"), by its attorneys Foley & Lardner LLP, hereby

submits this limited objection (the "<u>Objection</u>") to the Debtors' motion to pay essential suppliers

(the "<u>Essential Supplier Motion</u>"). In support of its Objection, Cummins states as follows:

**PRELIMINARY STATEMENT**

1. Cummins is a corporation of complementary business units that devise, manufacture, distribute and service engines and related technologies, including fuel systems, controls, air handling, filtration, emissions solutions and electrical generation systems. Cummins is headquartered in Columbus, Indiana and has operations around the world.

2. Upon information and belief, on or about June 2, 2009, the General Motors Corporation ("GM") sent Cummins a Trade Agreement, calling for Cummins to continue supplying goods on new trade terms to the Debtors as an Essential Vendor, and requiring that Cummins sign the Trade Terms Letter in order to receive payment by July 2, 2009. In order to qualify for these prepetition payments, Cummins was asked to acknowledge and agree with the terms contained within the Trade Agreement, including agreeing to continue supplying goods to the Company based on "Customary Trade Terms."

**OBJECTION TO THE ESSENTIAL SUPPLIER MOTION.**

**I.    The Motion Improperly Deprives Cummins of its Right to Assert Prepetition Claims**

3. The Essential Supplier Motion defines "Essential Vendor Claims" as the "prepetition claims" of Essential Vendors, (Mot. at ¶ 30), and defines "Essential Vendors" as "certain of [the Debtors'] vendors, suppliers, service providers, and similar entities that are essential to maintaining the going concern value of the Debtors' business enterprise." (*Id.*)

4. The Interim Order granting the Motion(Docket No. 175) states that "the Debtors shall be authorized to require certain Essential Vendors to enter into a Trade Agreement as a condition to payment of their Essential Vendor Claims."

5. From a strict reading of the language of the Order, it appears that the Order authorizes the Debtors to require an Essential Vendor to enter into the Trade Agreement as a

2

precondition to payment of *any* prepetition claims. Such a far-reaching requirement would force suppliers to either sign the Trade Agreement or relinquish their right to make *any* prepetition claims, including reclamation claims, § 503(b)(9) claims, or even general unsecured claims.

6. Cummins objects to this provision to the extent that it wishes to preserve its right to assert prepetition claims for reclamation, § 503(b)(9) claims, and any other applicable prepetition claims.

## II. The Motion Improperly Affects the Rights of Suppliers Who do not Enter Into a Trade Agreement

7. Cummins objects to the Essential Supplier Motion to the extent that it seeks to grant the Debtors' power to affect the rights of suppliers who do not enter the Trade Agreement.

8. Certain provisions of the Interim Order improperly restrict the rights of suppliers who do not choose to be bound by the Trade Agreement. The provisions that allow the Debtor to file an Order to Show Cause against so-called Recalcitrant Suppliers, "in their sole discretion," and whether or not the supplier has entered a Trade Agreement, improperly burden suppliers who choose not to be bound by the Trade Agreement. (Int. Ord. at p.4).

## III. The Motion Improperly Affects Cummins' Relationships with Non-Debtor Affiliates of GM

9. Cummins objects to the Essential Supplier Motion to the extent that any of its provisions seek to impose upon Cummins any obligations with respect to non-Debtor affiliates of GM.

10. Cummins conducts business with one or more non-Debtor affiliates of GM. Such business relationships are not within the scope of these proceedings, and the Debtors do not have

3

the power to impose any involuntarily restrictions or conditions on such dealings with non-Debtor affiliates of GM.

11. Paragraph 5 of the Trade Agreement states that "You will continue to supply goods or provide services, as applicable, to any non-Debtor affiliate of the Company with which you do business, on the terms set forth in the applicable contracts or purchase orders between you and such non-Debtor affiliate, including the purchase price for such goods and services, during the Term." Any provision of the Essential Supplier Motion that would seek to involuntarily impose such a term on Cummins is improper, and Cummins objects thereto.

### IV. The Motion Improperly Affects Cummins Rights Under Section 365

12. Cummins has filed an Objection to Assumption and Assignment of Certain Executory Contracts and Cure Amounts Related Thereto (Docket number 1743). As set forth in further detail in that pleading, Cummins has learned from the GM Helpline that an Assumption and Assignment Notice was sent by the Debtors to a Cummins employee, but it appears to have been sent to an incorrect address. Cummins has requested, through the GM Helpline, reissuance of the Notice to the proper address.

13. Because the Notice was improperly addressed, and a replacement has not been received, Cummins has not had adequate opportunity to inform itself of the Debtors' intentions with respect to any executory contracts between the Debtors and Cummins. Specifically, Cummins has not been able to determine whether the proposed Cure Amounts are correct, and whether the list of contracts designated for assumption and assignment is correct.

14. Cummins objects to any provision of the Motion that would improperly deprive Cummins of its right under § 365 to cure of all defaults, and adequate assurance of future performance under such executory contracts.

4

DETR_1211399.1

## **RELIEF REQUESTED**

WHEREFORE, Cummins requests that the Court enter an order requiring the Debtors to deliver the Assumption and Assignment Notice to Cummins' attorneys at the address below, denying the Debtors' Motion, and granting such other and further relief as the Court deems just and proper.

Dated:   June 17, 2009                FOLEY & LARDNER LLP

                                                           /s/ Jill L. Murch
                                                          Jill L. Murch (JM2728)
                                                          Lars A. Peterson
                                                          FOLEY & LARDNER LLP
                                                          321 North Clark Street, Suite 2800
                                                          Chicago, IL 60654
                                                          Tel: (312) 832-4500
                                                          Fax: (312) 832-4700

                                                          -and-

                                                          Salvatore A. Barbatano (SB0647)
                                                          FOLEY & LARDNER LLP
                                                          One Detroit Center
                                                          500 Woodward Avenue, Suite 2700
                                                          Detroit, MI 48226-3489
                                                          Telephone: (313) 234-7100
                                                          Facsimile: (313) 234-2800

                                                          *Attorneys for Cummins Inc.*