**United States Bankruptcy Court**
**Southern District of New York**
**One Bowling Green**
**New York, N.Y. 10004-1408**

Lead Case # 09-50026

| In Re: | ) | |
|---|---|---|
| | ) | **Chapter 11** |
| **GENERAL MOTORS CORP., et. al,,** | ) | Case # 09-0950026 |
| Debtors | ) | (Gerber) |
| | ) | Jointly Administered |

### PRELIMINARY OBJECTION TO DEBTORS' "363 SALE" of "Crown Jewels" AND REQUEST TO DIRECT ATTORNEYS FOR DEBTORS NOT TO SEND NOTICES TOO LATE, BUT TO GIVE RECIPIENTS TO HAVE A CLEAR 14 DAYS TIME TO RESPOND

Dear Judge Gerber:

My wife and I own $400,000 par value (cost basis also substantially same) of GM's 8.375% 2033 senior debentures, and, hence, we are creditors of GM. Proof of Claim is being mailed to the Clerk of the Court today by certified mail.

The purpose of this letter is to inform you about the extremely late receipt of two notices **today (6-13-2009)** from the attorneys for GM, one dated **6-3-2009** informing us about the various deadlines [1], including a meeting of the creditors; the other dated **6-2-2009** [2] **about a proposed hearing in New York City on 6-30-2009**, about Section 363 sale, but with a deadline to receive any objections by 5.00 p.m. on **6-19-2009**, with copies to be sent to about 8 or 10 different attorneys.

1) First, **we object to the extreme delay** in sending us these notices. We believe that we non-attorneys must be given at least a clear 21 days notice to respond to any proposed motions. We, therefore, respectfully request you to instruct all attorneys, including GM's own flock, and make it a **standing order that recipients of such notices should have a clear 21 days to respond**. In other words, no short notices and no unrealistic deadlines. **After all, heavens are not going to fall down if a hearing were to be held 1-1/2 months from the time of the notice, and with a response deadline of even a month after the notice.** Putting deadlines which are totally unrealistic will not serve the due process rights guaranteed to us. This court will please ensure that such rights are not given a token and perfunctory treatment by attorneys for GM.

2) We are not attorneys by profession. Any deadlines that may have been mentioned otherwise are, we believe, meant for professional attorneys. Kindly do consider whether an extended deadline period is appropriate in these proceedings for *pro se* and non-professional attorneys. After all, attorneys can charge exhorbitant fees to their clients to meet such short deadlines, but in the case of small family bondholders, like us, we have to bear the heavy cost and meeting these meaningless and unrealistic

---

[1] This means that we received this notice ten (10) days late.

[2] This notice involves a late arrival by eleven (11) days.

deadlines are like cruel and unusual punishment, on the top of loss of our life savings. This is like adding insult to injury [3].

3) There is a lack of adequate information of what is involved in these proposed motions. There is no background information sent to us to make any informed and intelligent decision [4] and then to make reasonable legal research before we could file our responses. **We do believe that this court will not rush through these matters, and we request that this court should impress upon all parties that they are not dealing with a kangaroo court, as in some third world countries, and that they will be required to pursue orderly and deliberate process for the rule of law to prevail. Kindly find out a way to make these appropriate procedures.**

Thanks for your kind consideration.

Sincerely yours,

*[signature] 6/15/2009*
(Radha R.M. Narumanchi)
657 Middletown Avenue
New Haven, Conn. 06513
Phone: (203) 562-0536
Email: rrm_narumanchi@hotmail.com

The Clerk, United States Bankruptcy Court, Southern District of New York, One Bowling Green
    New York, N.Y. 10004-1408
Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, N.Y. 10153 (Attn: Harvey R. Miller,
    Stephen Karotkin, and Joseph H. Smolinsky).
Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, N.Y. 10281
    (Attn: John J. Rapisardi)
Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, N.Y. 10006
    (Attn: James L. Bromley).
Cohen, Weiss and Simon LLP, 330 W. 42nd Street, New york, N.Y. 10036 (Attn: Babette Ceccotti).
Vedder Price, P.C., 1633 Broadway, 47th floor, New York, N.Y. 10019 (Attn: Michael J. Edelman and
    Michael L. Schein).
Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor,
    New York, N.Y. 10004 (Attn: Diana G. Adams).
U.S. Attorney's Office, S.D. N.Y., 86 Chambers Street, 3rd floor, New York, N.Y. 10007 (Attn: David S.
    Jones and Matthew L. Schwartz).
Chambers of Honorable Robert E. Gerber,United States Bankruptcy Court, Southern District of New
    York, One Bowling Green, New York, N.Y. 10004-1408

---

[3] **According to us, at least 210,000 US households (representing 46% of the more than 22 billion dollars of unsecured bondholders), may lose their shirts in this bankruptcy filing by GM.** This is all because of the perverse, callous, and indifferent attitude, bordering on brutality and torture (of minds), by the Obama administration.

[4] Even if we seek this information from GM, we do not believe that we will get the same within the next ten days.