BOLHOUSE, VANDER HULST, RISKO,
   BAAR & LEFERE, P.C.
David S. Lefere (P61790)
Mark D. Hofstee (P66001)
Grandville State Bank Building
3996 Chicago Drive, SW
Grandville, MI 49418
Telephone: (616) 531-7711
Facsimile: (616) 531-7757
E-mail: david@bolhouselaw.com
       markh@bolhouselaw.com

Counsel for Dietool Engineering Company, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re:                              :            Chapter 11
                                            :
GENERAL MOTORS CORP., et al.,    :            Case No. 09-50026 (REG)
                                           :
               Debtors.            :            (Jointly Administered)
                                           :
------------------------------------------------------------x

**LIMITED OBJECTION OF DIETOOL ENGINEERING COMPANY, INC. TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

       Dietool Engineering Company, Inc. ("Objecting Party") by and through its attorneys, Bolhouse, Vander Hulst, Risko, Baar & Lefere, P.C., respectfully submits this limited objection (the "Objection") to Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, To (I) Approve (A) The Sale Pursuant To

<u>The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing</u> [D.I. 92] (the "Motion"). In support of the Objection, the Objecting Parties respectfully state as follows:

1.      On June 1, 2009, Debtor General Motors Corp., et al. ("GM") filed a Chapter 11 Bankruptcy Proceeding within the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      On June 2, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors's Assts Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice [D.I. 274] (the "Scheduling Order")

3.      The Scheduling Order provides that the deadline for objecting to approval of the Motion "shall be June 19, 2009 at 5:00 p.m. (Eastern Time)."

4.      In the Motion, GM is requesting an Order from the Court authorizing it to sell substantially all of GM's assets pursuant to a Proposed Master Sale and Purchase Agreement free and clear of liens, claims, interests and encumbrances with the liens then attaching to the net proceeds of the Sale.

5.  The Objecting Party, at this time, is unable to ascertain and is not in a position to determine from the Motion whether any of the assets to be purchased pursuant to the proposed sale pertain to the Objecting Party; therefore, the Objecting Party hereby submits its Objection to the GM Motion in an abundance of caution.

6.  As a part of the process of manufacturing parts, GM issues Purchase Orders to its Tier 1 and/or Tier 2 parts suppliers ("GM Suppliers") for the production of unique and specialized tools, molds and dies necessary for the manufacture of the automobile parts.

7.  Upon information and belief, the Objecting Party has designed, fabricated, manufactured and delivered special tooling to GM Suppliers for the purpose of producing automobile parts for inclusion into GM automobiles and/or trucks (hereinafter "Special Tooling").

8.  Upon information and belief, the GM Suppliers sent Purchase Orders to the Objecting Party for the production of the Special Tooling.

9.  Upon information and belief, GM is, or may be, the ultimate owner of the Special Tooling designed, fabricated, manufactured and delivered to the GM Suppliers.

10.  In the ordinary course of business, and prior to delivering the Special Tooling, the Objecting Party obtained a statutory lien on the Special Tooling to secure full payment of all sums due and owing for the design, fabrication and manufacture of the Special Tooling pursuant to state law, including without limitation, the Michigan Special Tools Lien Act, MCL 570.541 *et seq*. and/or the Michigan Mold Lien Act, MCL 445.611 *et seq*. (the "Lien Acts").

11.  Pursuant to the Lien Acts, the Objecting Party permanently affixed its name, street address, city and state on the Special Tooling pursuant to the Lien Acts. See MCL 570.563(1) and/or MCL 445.619(1).

12. Further, pursuant to the Lien Acts, the Objecting Party filed UCC-1 Financing Statements in accordance with the requirements of 9502 of the Uniform and Commercial Code. See MCL 570.563(2) and/or MCL 445.619(2).

13. The Special Tooling constitutes the Objecting Party's collateral to secure full payment of the balance due for the design, fabrication, manufacture and delivery of the Special Tooling to the GM Suppliers.

14. Therefore, the Objecting Party has a fully perfected, valid, legal statutory lien on the Special Tooling pursuant to the Lien Acts.

15. In order for GM to sell the Objecting Party's Special Tooling, in which the Objecting Party asserts a lien, free and clear of the Objecting Party's liens, GM must satisfy one of the following five (5) requirements set forth in 11 U.S.C §363(f):

   (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
   (2) Such entity consents;
   (3) Such interest is a lien and the price at which the property to be sold is greater than the aggregate value of all liens on such property;
   (4) Such interest is a bona fide dispute; or
   (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16. In this case, and at this time, GM has not satisfied the above five requirements.

17. Applicable non-bankruptcy law does not permit the sale of GM's collateral free and clear of the Objecting Party's liens.

18. The Objecting Party has not consented to the sale of its collateral.

19. The Objecting Party's interest in the collateral is a lien interest, but GM has not established that the price at which the property may be sold is greater than the aggregate value of all the liens on such property. In fact, upon information and belief, the cash consideration for this sale is inadequate to pay all secured creditors in full in the Motion and the Proposed Order

Approving the Sale do not address how the Purchase Price will be allocated among the purchased assets.

20. The Objecting Party's liens are not in bona fide dispute.

21. Finally, while the Objecting Party could be compelled to accept a money satisfaction of its liens on the collateral, this factor is not satisfied because Debtors have not proposed to pay the Objecting Party's claims in full. See In re Kellstrom Industries, Inc., 282 B.R. 787, 794 (Bankr. D. Del. 2002) (While approving Debtor's sale of certain goods free and clear of creditor's reclamation rights under 11 U.S.C. §363(f)(5), the Court conditioned such approval on adequate protection to the creditor in the form of payment in full in cash).

## RELIEF REQUESTED

22. The Objecting Party objects to the Motion to the extent that GM is attempting or purporting to extinguish, modify or affect in any way Objecting Party's fully secured and perfected lien on the Special Tooling and the Objecting Party's ability to foreclose on its secured claim if it is not paid in full on a timely basis by the GM Suppliers.

23. Any Order entered pertaining to the Motion should contain a clause making it clear that the Order neither attempts to adjudicate, nor does adjudicate, any lien rights pursuant to the Lien Acts or any other lien rights the Objecting Party may have with respect to the Special Tooling.

24. The Objecting Party further reserves all rights and remedies it has in law or in equity in connection with the disposition of assets contemplated under the Motion.

WHEREFORE, STM Mfg., Inc. respectfully requests that this Honorable Court enter an Order in a manner consistent with the foregoing objections and in a manner that does not in any way limit its secured status as to the Special Tooling pursuant to the Lien Acts.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 18, 2009 | Bolhouse, Vander Hulst, Risko, Baar & Lefere, P.C. |
|  | By:   /s/ David S. Lefere<br>       David S. Lefere (P61790)<br>       Mark D. Hofstee (P66001) |
|  | Grandville State Bank Building<br>3996 Chicago Drive SW<br>Grandville MI 49418<br>Phone: (616) 531-7711<br>davidl@bolhouselaw.com<br>markh@bolhouselaw.com<br>Attorneys for Dietool Engineering Company, Inc. |

ECF Certificate of Service

I hereby certify that on June 18, 2009, I electronically filed **Limited Objection of Dietool Engineering Company, Inc. to Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing** using the ECF system which will send notification of such filing to all attorneys and parties of record.
By: /s/ David S. Lefere
David S. Lefere
Mark D. Hofstee
Bolhouse, Vander Hulst, Risko, Baar & Lefere P.C.
3996 Chicago Drive SW
Grandville, MI 49418
davidl@bolhouselaw.com
markh@bolhouselaw.com
616-531-7711