UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11 Case No.
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :        09-50026 (REG)
                                                    :
                    Debtors.                        :        (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE REJECTION OF AIRCRAFT AND AIRPORT LEASE AGREEMENTS AND FOR RELATED RELIEF

Upon the Motion, dated June 1, 2009 (the "**Motion**"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of certain unexpired leases of property, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

09-50026-mg    Doc 1791    Filed 06/18/09    Entered 06/18/09 11:53:15    Main Document
                                            Pg 2 of 5

attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, and (xii) AVN Air, LLC ("**AVN**"), General Electric Capital Corporation ("**GE Capital**"), SunTrust Equipment Finance & Leasing Corp. "**SunTrust**"), Wayne County Airport Authority (as successor in interest to the Board of County Road Commissioners of the County of Wayne, Michigan) ("**WCAA**") and US Bank, it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that

1. The Motion is granted as provided herein.

2. The Debtors are authorized to reject the Leases, and the Leases are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective on the date of Debtors' surrender of the respective leased property.

3. With respect to the Airport Lease, GM shall timely perform all of its obligations to WCAA under the Airport Lease arising from and after the Petition Date in accordance with 11 U.S.C. § 365(d)(3), including payment of monthly base rent in advance on or before the first day of each month and payment of utilities and other charges as and when provided under the Airport Lease, until the date that GM surrenders possession of the premises located at the Detroit Metropolitan Wayne County Airport in Wayne, Michigan that are the subject of the Airport Lease (the "**Premises**"). The Premises shall not be deemed surrendered to WCAA until GM has vacated the Premises, removed or caused to be removed all aircraft from the Premises and otherwise removed all of its owned or leased personal property from the Premises (other than obsolete furniture, fixtures and other property that is of inconsequential value, if and to the extent that WCAA agrees in writing that GM may abandon and not be required to remove any such items from the Premises).

4. Any rent or other amounts arising from and after the Petition Date under the Airport Lease shall be pro-rated to the date that the Premises are surrendered. Within 45 days after the Premises are surrendered, GM and WCAA shall conduct a true-up of any postpetition rent and other charges under the Airport Lease, and WCAA shall thereafter promptly refund to GM any overpayment or GM shall thereafter promptly remit to WCAA any underpayment, as the case may be, based on the pro-rated rent and other expenses.

5. To the extent GM has not surrendered the underlying aircraft, engines and parts (in accordance with the leases), to the applicable lessor, GM shall do so immediately upon entry of the Order at the Premises. In addition to surrendering possession of the aircraft, engines and parts, GM shall also turn over to AVN and SunTrust any records (as defined in the leases) related to the aircraft of the type normally delivered to a purchaser of similar aircraft.

6. This Order is without prejudice to the rights of AVN and SunTrust to file requests for payment of an administrative expense claims in respect of the Leases or the aircraft subject to the Leases, and is without prejudice to the rights of any party in interest, including the Debtors, to oppose such requests.

7. GM is authorized to execute Notices of Termination and/or Lease Termination Agreements (as requested by FAA counsel), for recordation with the FAA, consents to discharges of international interests registered with the International Registry (as defined in the leases), and any other documents reasonably requested by the Lessors to effectuate the return of the Aircraft to SunTrust and AVN, as applicable.

8. Without necessity of further order of this Court, U.S. Bank Trust National Association, as Trustee under the Trust Agreement (the "**Trustee**") is hereby authorized, upon receipt of a Sight Order (as defined in the Trust Agreement) from GE Capital, to disburse to GE Capital all or any portion of the Trust Property (as defined in the Trust Agreement) as directed in the Sight Order held in the Trust Account (as defined in the Trust Agreement), and once received, AVN and GE Capital are authorized to apply the Security Deposits to obligations owed in connection the AVN Leases, including damages related to the rejection thereof, and, to the extent necessary, the Trustee, AVN and GE Capital are hereby granted relief from the automatic stay to such limited extent to permit distribution and application; **provided, however**, that the rights and remedies of GM and/or any other party in interest in these cases shall be reserved and this order is without prejudice to such parties' rights to seek to (A) require AVN: (i) to account for the Security Deposits so applied; (ii) to establish AVN's entitlement to the Security Deposits, or any portion thereof, under the AVN Leases and Trust Agreement, and/or applicable law; and (iii) to sell, or otherwise dispose of, the aircraft in such manner as may be required under the

4

Leases and/or applicable law; and (B) permit GM and/or any other party in interest in these cases to object to proofs of claim filed by AVN, GE Capital, Suntrust and WCAA.

9. AVN, GM, Suntrust and WCAA, as applicable, shall file proofs of claim in respect of any Lease rejection damages on or before any deadline to file claims established by order of this Court or such claims will be forever barred.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       June *18th*, 2009

> */s/ Robert E. Gerber*
> United States Bankruptcy Judge

DETROIT.3706890.3