IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **General Motors Corporation, et al.** | ) | **Case No. 09-50026 (REG)** |
| **Debtors** | ) | |
| | ) | |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
_____

I.

Plaintiff, Jacqueline Edwards, as Personal Representative and/or Administratirx of the Estate of Raymond Edwards, III, deceased, is a creditor of the debtor, above named, and is a party in interest these proceedings.

II.

Defendants, Delphi Corporation is the above named debtor.

III.

This is an action under 11 USC 5 Section 362(d)(1) for relief from the automatic stay arising from the filing of the petition in the above captioned proceeding.  The Court has jurisdiction of this case pursuant to 28 USCS 1334.

IV.

Jacqueline Edwards is a Plaintiff in Civil Action Number 2008-900022 now pending in the Circuit Court of Greene County, Alabama wherein, General Motors Corporation, debtor, is a named Defendant.

V.

Plaintiff Jacqueline Edwards filed the original lawsuit in the Circuit Court of Greene County, Alabama in April of 2008.  The basis of that action is for monetary damages for bodily injury arising out of the negligent entrustment and supervision of a motor vehicle.

Plaintiff and Defendants are still actively in the discovery process as this lawsuit is still active in Greene County, Alabama.

VI.

An automatic stay took effect on the filing of the petition in Bankruptcy on June 1, 2009, prohibiting among other things, further proceedings in the action described.

VII.

Jacqueline Edwards is entitled to relief from the operation of such stay for the reason that there is a civil action in place to pay a judgment in accordance with benefits available under the laws of the State of Alabama. The Complaint alleges breeches of agency and/or respondeat superior, the Alabama Extended Manufacturers Liability Doctrine and various counts of negligence against numerous Defendants for tremendous physical injuries and related medical bills and the death of Raymond Edwards, III, as shown by a copy of the original Complaint and subsequent amendments which are attached.

The debtor will not be harmed by the lifting, annulling, and/or modification of the automatic stay because, such claims as alleged by Plaintiff are allegedly covered by insurance, based on representations made during the course of discovery in the lawsuit.

If the stay is allowed to remain in full force and effect the defendants will escape liability for their tortuous conduct and Plaintiff will suffer egregious harm due to the inability to recover compensation for lost wages, medical expenses, and the death of her husband which are due the Plaintiff.

All other creditors of the debtor will not be affected by the lifting, annulling, and/or modification of the automatic stay due to the fact that said claims of the Plaintiff are covered by applicable insurance, therefore, no assets of the debtor's estate will be affected by the aforementioned lawsuit.

As previously stated the underlying lawsuit was filed in the Circuit Court of Greene County, Alabama in 2008 and a tremendous amount of discovery has been conducted in this matter. Given the advance state of the litigation in state court in this case, the resolution of the claims can be reached quickly and efficiently.

VIII.

Wherefore, Jacqueline Edwards, respectfully prays that after such notice of and hearing upon this motion as the Court deems appropriate, the court grant relief from the automatic stay by terminating, annulling, and/or modifying such stay with respect to its effect on Jacqueline Edwards.

**STATEMENT REGARDING ORAL ARGUMENT**

**Plaintiff Jacqueline Edwards believes the facts and legal arguments have been adequately presented before this Honorable Court through this Motion; and therefore, they do not request oral argument. However, Plaintiff Jacqueline Edwards welcomes the opportunity to argue this case orally before this Honorable Court in the event the Court should desire the parties to do so.**

Dated this 12th day of June 2009.

/s/Gene T. Moore
Gene T. Moore (MOO-068)

Gene T. Moore, Attorney at Law, P.C.
1802 15th Street
Tuscaloosa, Alabama 35401
Phone: 205-349-5413
Facsimile: 205-345-2512

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing either: (1) by hand-delivery, and/or (2) by mailing a copy of the foregoing document to the following attorney(s) of record for the parties:

> Franklin P. Brannen, Jr.
> King & Spalding, LLP
> 1180 Peachtree Street, N.E.
> Atlanta, Georgia 30309-3521
>
> Silas G. Cross, Jr., Esquire
> Justin Smith, Esquire
> Cross, Poole and Smith
> 1416 Greensboro Avenue
> Tuscaloosa, Alabama 35401
>
> Julie David Pearce, Esquire
> Gaines, Wolter & Kinney, P.C.
> 3500 Blue Lake Drive, Suite 425
> Birmingham, AL 35243
>
> Keith Pflaum, Esquire
> Porterfield, Harper, Mills & Motlow, P.C.
> 22 Inverness Center Parkway
> Suite 600
> Birmingham, AL 35242
>
> S. Andrew Kelly, Esquire
> Wesley B. Gilchrist
> Lightfoot, Franklin & White, LLC
> The Clark Building
> 400 North 20th Street
> Birmingham, AL 35203

Dated this the 12th day of June, 2009.

/s/Gene T. Moore
**OF COUNSEL**