ELECTRONICALLY FILED
4/3/2008 10:42 AM
CV-2008-900022.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
ETTA B. EDWARDS, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| JACQUELINE EDWARDS, as Personal Representative and/or Administratrix of the Estate of Raymond Edwards, III deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION, a foreign entity, LEGACY PONTIAC-GMC, INC., a domestic entity; and | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     Civil Action No.: 2008-____ |

**No. 1:** Whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 2:** Whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 3:** Whether singular or plural, that entity or those entities, other than those entities described herein, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

**No. 4:** Whether singular or plural, that entity or those entities who or which designed the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 5:** Whether singular or plural, that entity or those entities who or which manufactured or assembled the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 6:** Whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 7:** Whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit installed, repaired, designed, maintained, inspected, assembled, modified, adjusted, serviced and/or performed any type of work to the vehicle and/or airbags involved in said occurrence, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 8:** Whether singular or plural, that entity or those entities who or which suggested or specified that the vehicle and/or airbags involved in the occurrence made the basis of this

lawsuit, any component parts thereof, or any attendant equipment be used as it was being used at the time of the occurrence;

**No. 9:** Whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 10:** Whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto;

**No. 11:** Whether singular or plural, that entity who or which installed, repaired, serviced, assembled, inspected, designed, adjusted, manufactured and/or modified the airbags, or any component part thereof, in the vehicle involved in the occurrence made the basis of this lawsuit;

**No. 12:** Whether singular or plural, that entity or those entities who or which was responsible for advertising the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof or any attendant equipment used or available for use therewith;

**No. 13:** Whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 14:** Whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith;

**No. 15:** Whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, any component parts thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, including but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products;

**No. 16:** Whether singular or plural, that entity or those entities who or which provided any insurance coverage for the vehicle and/or airbags involved in the occurrence made the basis of this lawsuit, for the driver of the vehicle or for any of the named fictitious party defendants listed or described herein;

**No. 17:** Whether singular or plural, that entity or those entities that provided underinsured and/or uninsured motorist coverage to the plaintiff's decedent;

**No. 18:** Whether singular or plural, that entity or those entities who or which designed, manufactured, assembled, distributed, sold and/or leased the vehicle and/or airbags

involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof;

**No. 19:** Whether singular or plural, that entity or those entities who or which performed any repair work, alteration, adjustment, modification and/or maintenance on the vehicle and/or airbags and/or any component parts thereof involved in the occurrence made the basis of this complaint;

**No. 20:** Whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the vehicle involved in the occurrence made the basis of this lawsuit;

**No. 21:** Whether singular or plural, that entity or those entities on whose behalf the vehicle involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence;

**No. 22:** Whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness or other actionable conduct contributed to cause the occurrence made the basis of this lawsuit;

**No. 23:** Whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;

**No. 24:** Whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.

Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party defendants are not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      The plaintiff Jacqueline Edwards is the Personal Representative and/or Administratrix of the Estate of Raymond Edwards, III, deceased, and brings this action in such capacity. Plaintiff is a resident of Greene County, Alabama. Plaintiff brings this action pursuant to Alabama Code §6-5-410 et seq. for the wrongful death of Raymond Edwards, III.

2. Defendant General Motors Corporation (hereinafter "GM") is a foreign corporation, and at all times relevant hereto, was and is doing business in Greene County, Alabama.

3. Defendant Legacy Pontiac-GMC, Inc. (hereinafter "Legacy") is a domestic corporation incorporated in Greene County, Alabama, and at all times relevant hereto with its principal place of business in Greene County, Alabama. Legacy sold the vehicle made the subject of this case in Greene County, Alabama to Raymond Edwards, III on or about January 24, 2006. Legacy was also an agent of the defendant GM and/or fictitious party defendants 1-24 and was acting within the line and scope of the agency and/or with the express, implied and/or apparent authority of defendant GM and/or fictitious party defendants 1-24 in connection with the claims asserted herein by the plaintiff.

4. Fictitious party defendants Nos. 1-24, as identified and described by their respective roles and/or functions in the caption of this Complaint (and incorporated herein as if set out in full), wrongful conduct caused and/or contributed to cause the death of Raymond Edwards, III. Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper party defendants are not known to plaintiff at this time, and their true names and/or identities will be substituted by amendment when ascertained.

## COUNT I

5. Plaintiff adopts and incorporates herein by reference all prior paragraphs of this Complaint.

6. On or about April 21, 2006, Raymond Edwards, III was operating a 1999 Pontiac Bonneville (V.I.N. 1G2HX52K6XH203646) on County Road 100 in Greene County, Alabama. While traveling west on County Road 100, Mr. Edwards was involved in a one-vehicle accident between Alabama Highway 39 and County Road 99. The vehicle left the roadway and crashed. However, due to the defective and unreasonably dangerous condition of the vehicle's driver's side and passenger side airbags, the airbags did not deploy, and as a proximate result, Mr. Edwards was caused to die the following day.

7. Defendants GM, Legacy and/or fictitious party defendants 1-24 designed, manufactured, assembled, distributed, sold, marketed and/or advertised the 1999 Pontiac Bonneville (hereinafter "Bonneville") involved in the occurrence made the basis of this suit and/or the Bonneville's driver's and passenger's side airbags (hereinafter "airbags") and are or were in the business of designing, manufacturing, assembling, maintaining, repairing, servicing, marketing, distributing and/or selling those vehicles and/or airbags.

8. On the occasion made the basis of this suit, the Bonneville and/or airbags were in substantially the same condition as when designed, manufactured, distributed and/or sold and were being operated and used by Raymond Edwards, III in a manner that was intended and foreseeable by said defendants. The Bonneville and/or airbags were in a defective condition and/or in a condition that was unreasonably dangerous to Raymond Edwards, III and others. Said defendants knew or, in the exercise of reasonable care, should have known that the Bonneville and/or airbags were defective and unreasonably dangerous to the human body when being used in a foreseeable manner. The defendants

GM, Legacy and/or fictitious party defendants 1-24 are liable to the plaintiff under the Alabama Extended Liability Manufacturer's Doctrine ("AELMD").

9. Defendants GM, Legacy and/or fictitious party defendants 1-24 negligently, wantonly and/or recklessly designed, manufactured, assembled, sold, distributed, marketed and/or advertised the Bonneville and/or airbags and/or negligently, wantonly and/or recklessly failed to provide adequate warnings and instructions to drivers and users as to the Bonneville and/or airbags' dangerous characteristics and propensities.

10. Defendants GM, Legacy and/or fictitious party defendants 1-24 expressly and/or impliedly warranted that the Bonneville and/or airbags involved in the occurrence made the basis of this Complaint were reasonably fit and suitable the purpose for which the Bonneville and/or airbags were intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said vehicle and/or airbags were not reasonably fit and suitable for the purposes for which said vehicle and/or airbags were intended to be used but, to the contrary, the vehicle and/or airbags and/or any attendant equipment used therewith were inherently dangerous, unstable, defective and/or unsafe.

11. As designers, manufacturers, distributors and sellers of the Bonneville and/or airbags that were in a defective condition rendering the Bonneville and/or airbags unreasonably dangerous to foreseeable members of the traveling public such as Raymond Edwards, III, defendants GM, Legacy and/or fictitious party defendants 1-24 are liable to the plaintiff under the law of strict products liability by virtue of the facts set forth herein.

12.     As a proximate result of the above-described events, Raymond Edwards, III was caused to die.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against the defendants, including fictitious party defendants, for punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

### COUNT II

13.     Plaintiff adopts and incorporates herein by reference all prior paragraphs of this Complaint.

14.     Defendant Legacy and/or fictitious party defendants 1-24 negligently and/or wantonly repaired, maintained, inspected, adjusted, modified, altered, and/or serviced the Bonneville and/or airbags and/or any component parts thereof, involved in the occurrence made basis of the Complaint.

15.     Defendant Legacy and/or fictitious party defendants 1-24 sold the Bonneville to Raymond Edwards, III when it knew or should have known that the Bonneville's airbags would not deploy in the event the vehicle was involved in a crash.

16.     As a proximate result and/or consequence of the defendant Legacy and/or fictitious party defendants 1-24 said negligence and/or wantonness, Raymond Edwards, III, was caused to die.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against the defendants, including fictitious party defendants, jointly and severally, for punitive damages in an amount to be determined by a struck jury, plus interest and costs.

CROSS, POOLE, GOLDASICH &
FISCHER, LLC

_____
Silas G. Cross, Jr.          (CRO-049)
Justin L. Smith              (SMI-273)
1416 Greensboro Avenue
Tuscaloosa, AL 35401
(205) 391-9932
(205) 391-9557 (facsimile)


LAW OFFICES OF GENE T. MOORE, P.C.

_____
Gene T. Moore (by GTS w/ permission)    (MOO-068)
1802 15th Street
Tuscaloosa, AL 35401
(205) 349-5413
(205) 349-2512 (facsimile)


## JURY DEMAND

Plaintiff demands a struck jury for the trial of this cause.


_____
Silas G. Cross, Jr.          (CRO-049)
Justin L. Smith              (SMI-273)


_____
Gene T. Moore (by GTS w/ permission)    (MOO-068)

**PLAINTIFF'S ADDRESS:**

Jacqueline Edwards
43 Edwards Road
Gainsville, AL 35464

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL, RETURN-RECEIPT REQUESTED AS FOLLOWS:**

General Motors Corporation
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Legacy Pontiac-GMC, Inc.
c/o Shawn Castleman, Registered Agent
218 Boligee Street
Eutaw, AL 35462