William F. Gray, Jr.
Alison D. Bauer
Torys LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200
*Counsel to Hydrogenics Corporation and Joseph Cargnelli*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| GENERAL MOTORS CORP., *et al.*, | : Case No. 09-50026 (REG) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |
|  | : |

------------------------------------------------------------------- x

# LIMITED OBJECTION OF JOSEPH CARGNELLI AND HYDROGENICS CORPORATION TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT

Joseph Cargnelli ("Cargnelli") and Hydrogenics Corporation ("Hydrogenics" and, collectively with Cargnelli, the "Objectors") through their undersigned counsel, hereby submit this Limited Objection (the "Objection") to the notice (the "Notice") of General Motors Corporation (the "Debtor") and certain affiliated entities' (together with the Debtor, the "Debtors") pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and

9688815.2
00650-2431

Approving Form of Notice (the "Sale Procedures Order"). In support of this Objection, the Objectors state as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Also on June 1, 2009, Debtors filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion") seeking, among other things, authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction contemplated by the Sale Motion.

4. On June 2, 2009, the Court entered the Sale Procedures Order that, among other things, established the "Assumption and Assignment Procedures" (as defined in the Sale Procedures Order) and authorized the Debtors to serve the Notice.

5. Cargnelli is the Chief Technology Officer of Hydrogenics.

6. Neither Hydrogenics nor Cargnelli were directly served with the Notice.

7. On June 15, 2009, Hydrogenics and Cargnelli received the Notice from prior outside counsel, the date which is the Objection Deadline, as defined in the Notice.

## OBJECTION

8. The Notice does not itself identify which agreement with Cargnelli the Debtors propose to assume and assign. Instead, the Notice referred Cargnelli to a secure internet website where Cargnelli was supposed to be provided with additional information identifying which contract was to be assumed and assigned and stating the Cure Amount associated with the particular contract. Copies of the screen prints from the secured website associated with the Notice are attached to this objection collectively as Exhibit A.

9. As indicated on Exhibit A, the secure website merely states "Agreement" under the heading "Contract Type" and does not provide an associated Cure Amount. The cumulative effect of the Notice and the information contained in the Debtors' secure website is insufficient to identify which contract the Debtors propose to assume and assign.

10. Pursuant to the Sale Procedures Order, the Assumption and Assignment Procedures provide that:

(a) Following the Debtors' designation of an Executory Contract (as defined in the Sale Order) as an Assumable Executory Contract, Debtors shall serve the Cure Notice on the non-debtor counterparty to the contract, which shall include instructions for accessing the Debtors' secured website;

(b) The secured website shall include *the identification of the contracts sought to be assumed and assigned and the cure amount* to be paid to cure any prepetition defaults under the contracts. (Emphasis added.)

11. Hydrogenics is party to a number of agreements between it and the Debtor as part of a set of agreements between Hydrogenics and the Debtors and Hydrogenic's founders and the Debtor, one of which is an agreement between Cargnelli and the Debtor. Hydrogenics does not know if the Debtors' Assumption and Assignment Procedures have addressed or will address those agreements. Hydrogenics has not received any notice from the Debtors regarding those agreements and is unable to confirm if the Debtors sent a Notice regarding those agreements and

intend to assume and assign those agreements. The only notice Hydrogenics has received is the Notice referred to herein that addresses an agreement between the Debtor or Debtors and Cargnelli.

12. Consequently, Cargnelli objects to the sufficiency of the notice provided to him because the essential information necessary to permit Cargnelli to identify the contract being assumed and assigned by the Debtors has not been provided. Without knowing which agreement or agreements are at issue, Objectors cannot evaluate whether those are indeed (a) executory contracts which may be assumed and assigned or (b) executory contracts which require consent for assignment. Likewise, without knowing the proposed Cure Amount, Objectors cannot evaluate whether the Debtors have proposed an accurate cure amount.

13. For these reasons, Cargnelli cannot be justly deemed to consent to the assumption and assignment of an unidentified contract, nor bound to a Cure Amount not provided by the Debtors' secure website associated with the Notice.

## CONCLUSION

14. For the reasons stated above, the Objectors object to the sufficiency of the notice that the Debtors provided to the Objectors and request that the Court not deem either of them as consenting to the assumption and assignment of any agreements nor hold either Objector to any proposed Cure Amount based on the lack of information provided, and such further relief as is just.

Dated: New York, New York
       June 18, 2009

                         TORYS LLP

                         By: /s/ William F. Gray, Jr.
                             William F. Gray, Jr.
                             Alison D. Bauer
                             237 Park Avenue
                             New York, New York 10017
                             Tel: (212) 880-6000
                             Fax: (212) 682-0200

                         Counsel to Hydrogenics Corporation and
                         Joseph Cargnelli

Exhibit A

9688815.2
00650-2431