**Hearing Date:  June 23, 2009, at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                            :
**In re**                                                   :            **Chapter 11 Case No.**
                                                            :
**GENERAL MOTORS CORP., *et al.*,**                         :            **09-50026 (REG)**
                                                            :
                                       **Debtors.**         :            **(Jointly Administered)**
                                                            :
----------------------------------------------------------------x

**DEBTORS' OBJECTIONS TO THE MOTION**
**OF THE AD HOC COMMITTEE OF FAMILY AND**
**DISSIDENT GM BONDHOLDERS FOR APPOINTMENT**
**OF AN ADDITIONAL COMMITTEE OF UNSECURED BONDHOLDERS**

**TABLE OF CONTENTS**

**Page**

Table of Authorities .................................................................................................................... ii

The F&D Bondholders' Motion Should Be Denied ........................................................................ 1

Background .................................................................................................................................. 2

The Interests of the F&D Bondholders Are Adequately Represented By The Official
    Committee ............................................................................................................................... 3

Conclusion ................................................................................................................................. 11

## TABLE OF AUTHORITIES
## FEDERAL CASES

*Albero v. S.E.C. (In re Johns-Manville Corp.)*, 68 B.R. 155 (Bankr. S.D.N.Y. 1986),
    *appeal dismissed sub nom. Dubin v. SEC (In re Johns-Manville Corp.)*, 824 F.2d 176
    (2d Cir. 1987) ................................................................................................................4

*In re Barney's, Inc.*, 197 B.R. 431 (Bankr. S.D.N.Y. 1996) ...........................................9

*In re Dana Corp.*, 344 B.R. 35 (Bankr. S.D.N.Y. 2006) ...................................4, 5, 6, 7

*In re Dow Corning Corp.*, 194 B.R. 121 (Bankr. E.D. Mich. 1996), *rev'd on other
grounds*, 212 B.R. 258 (E.D. Mich. 1997) .........................................................4, 7, 8, 9

*Dubin v. SEC (In re Johns-Manville Corp.)*, 824 F.2d 176 (2d Cir. 1987) ....................6
*In re Enron Corp.*, 279 B.R. 671 (Bankr. S.D.N.Y. 2002), *aff'd sub nom. Mirant Ams.
    Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors of Enron Corp.*, 2003
    U.S. Dist. LEXIS 18149 (S.D.N.Y., Oct. 9, 2003) ......................................3, 4, 5, 6

*In re Hills Stores*, 137 B.R. 4 (Bankr. S.D.N.Y. 1992) ..................................................5

*In re Kalvar Microfilm, Inc.*, 195 B.R. 599 (Bankr. D. Del. 1996) ................................4

*In re McLean Indus., Inc.*, 70 B.R. 852 (Bankr. S.D.N.Y. 1987) ...........................4, 5, 8

*In re Sharon Steel Corp.*, 100 B.R. 767 (Bankr. W.D. Pa. 1989) ...................................8


## FEDERAL STATUTES

11 U.S.C. § 503(b)(5) ......................................................................................................4
11 U.S.C. § 1102(a)(1) ..................................................................................................1, 9
11 U.S.C. § 1102(a)(2) ...............................................................................................1, 2, 3
11 U.S.C. § 1102(b) .........................................................................................................8
11 U.S.C. § 1109 ..............................................................................................................6

### DEBTORS' OBJECTIONS TO THE MOTION OF THE AD HOC COMMITTEE OF FAMILY AND DISSIDENT GM BONDHOLDERS FOR APPOINTMENT OF AN ADDITIONAL COMMITTEE OF UNSECURED BONDHOLDERS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors (collectively, the "**Debtors**"), in opposition to the motion of a group of GM bondholders acting as an Ad Hoc Committee of Family and Dissident GM Bondholders (the "**F&D Bondholders**"), pursuant to section 1102(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), requesting the appointment of an additional committee of unsecured GM bondholders (the "**Motion**") [Docket No. 553], respectfully represent:[1]

### The F&D Bondholders' Motion Should Be Denied

1.    On June 3, 2009, two days after the commencement of the instant chapter 11 cases, the United States Trustee (the "**U.S. Trustee**") appointed a statutory committee comprised of fifteen unsecured creditors (the "**Official Committee**") for these jointly administered chapter 11 cases.  Among the fifteen members of the Official Committee are the two Indenture Trustees — Wilmington Trust Company and Law Debenture Trust Company of New York — that represent the interests of all GM bondholders on the Official Committee.  Notwithstanding the appointment of these bondholder representatives to the Official Committee, on June 9, 2009, the F&D Bondholders requested that the U.S. Trustee immediately appoint a separate, additional committee of unsecured bondholders pursuant to section 1102(a)(1) of the Bankruptcy Code.

---

[1] Two other motions requesting the appointment of additional committees of unsecured creditors were filed in these cases, on June 2, 2009 and June 7, 2009, by certain tort claimants and asbestos claimants, respectively ([Docket Nos. 287, 478]).  Such motions are scheduled to be heard on June 25, 2009.  Because of the unavailability of the F&D Bondholders' attorneys on June 25, 2009, the Motion was set down for hearing on June 23, 2009.  This Objection only addresses the F&D Bondholders' Motion.  The Debtors will separately file their objections to the formation of additional committees requested by the tort and asbestos claimants.

The U.S. Trustee declined such request that same day. The instant Motion resulted. The F&D

Bondholders request the appointment of an additional and separate committee to represent solely

the interests of unsecured bondholders. They urge that their renewed request under section

1102(a)(2) of the Bankruptcy Code is justified on the grounds that (a) Indenture Trustee

members of the Official Committee are representatives of "institutional" bondholders, and (b)

the F&D Bondholders are different and less sophisticated than other bondholders and, therefore,

need separate representation. The request of the F&D Bondholders is ill-founded.

2.     The Official Committee, inclusive of the Indenture Trustee members, adequately

represents the interests of all unsecured creditors of the Debtors. There is no credible proof or

evidence that the interests of the F&D Bondholders are not and cannot be adequately represented

by the Official Committee. The request of the F&D Bondholders, simply, is to attain statutory

sanction to cause the Debtors to pay their fees and expenses in connection with the chapter 11

cases. That is not a justification for the appointment of an additional committee of unsecured

creditors.

3.     The request of the F&D Bondholders is without substance or merit and should be

denied.

### Background

4.     On June 1, 2009, GM, a worldwide leader in products and services related to the

development, manufacture, and marketing of cars and trucks, commenced these chapter 11 cases

with the intent to preserve its going concern value for the benefit of all of its economic

stakeholders. To achieve that objective, GM entered into a transaction with its largest secured

creditor, the United States Department of the Treasury (the "**U.S. Treasury**"), to sell

substantially all of its assets to Vehicle Acquisition Holdings LLC, an entity sponsored by the

U.S. Treasury (the "**363 Transaction**").

5.    The 15 members appointed to the Official Committee on June 3, 2009 by the

U.S. Trustee are:

| Committee Member | Affiliation with General Motors |
|---|---|
| 1.   Pension Benefit Guaranty Corporation (PBGC) | Guarantor of pension benefit plans |
| 2.   Wilmington Trust Company | Indenture Trustee for bondholders |
| 3.   Law Debenture Trust Co. of New York | Indenture Trustee for bondholders |
| 4.   The Industrial Division of Communications Workers of America, AFL-CIO | Collective bargaining representative |
| 5.   International Union UAW | Collective bargaining representative |
| 6.   United Steelworkers | Collective bargaining representative |
| 7.   Interpublic Group | Trade service creditor |
| 8.   Denso International America, Inc. | Supplier creditor |
| 9.   Inteva Products, LLC | Supplier creditor |
| 10.  Serra Chevrolet of Birmingham, Inc. | Dealer |
| 11.  Paddock Chevrolet | Dealer |
| 12.  Saturn of Hempstead, Inc | Dealer |
| 13.  Mark Buttita | Asbestos claimant |
| 14.  Genoveva Bermudez c/o Cohen & Associates | Tort claimant |
| 15.  Kevin Schoenl | Tort claimant |

**The Interests of the F&D Bondholders
<u>Are Adequately Represented By The Official Committee</u>**

6.    The appointment of an additional committee under section 1102(a)(2) is

considered an "extraordinary remedy." *See In re Enron Corp.*, 279 B.R. 671 (Bankr. S.D.N.Y.

2002), *aff'd sub nom. Mirant Ams. Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors

of Enron Corp.*, 2003 U.S. Dist. LEXIS 18149 (S.D.N.Y. Oct. 9, 2003); *In re Dana Corp.*, 344

B.R. 35, 38 (Bankr. S.D.N.Y. 2006).  In requesting an additional committee, the applicant has the burden of proving that the appointment of an additional committee is necessary to insure "adequate representation" of the moving party.  *See Enron*, 279 B.R. at 685; *In re Dow Corning Corp.*, 194 B.R. 121 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich. 1997).  The F&D Bondholders have failed to sustain their burden of establishing lack of adequate representation of GM's bondholders.

7.    The determinative factors in considering the adequacy of representation by an official committee of unsecured creditors are:

(a) The ability of the committee to function;

(b) The nature of the case;

(c) The standing and desires of the various constituencies;

(d) The ability for creditors to participate in the case even without an official committee and the potential to recover expenses pursuant to section 503(b)(5);

(e) The delay and additional cost that would result if the court grants the motion;

(f) The tasks that a committee or separate committee is to perform; and

(g) Other factors relevant to the adequate representation issue.

*Enron*, 279 B.R. at 684; *In re Kalvar Microfilm, Inc.*, 195 B.R. 599, 601 (Bankr. D. Del. 1996); *In re McLean Indus., Inc.*, 70 B.R. 852, 860 (Bankr. S.D.N.Y. 1987); *Albero v. S.E.C. (In re Johns-Manville Corp.)*, 68 B.R. 155 (Bankr. S.D.N.Y. 1986), *appeal dismissed sub nom. Dubin v. SEC (In re Johns-Manville Corp.)*, 824 F.2d 176 (2d Cir. 1987).  No one factor is dispositive, and the amount of due consideration given to each depends on the circumstances of the particular chapter 11 case.  *See Dana*, 344 B.R. at 38; *Kalvar Microfilm*, 195 B.R. at 601.

8.    In *Dana*, a motion for the appointment of an additional statutory committee of asbestos claimants was denied after consideration of the aforesaid factors.  *Dana,* 344 B.R. at 38.

The well-reasoned decision in *Dana*, which was not cited by the F&D Bondholders, is similar in many respects to the instant motion.

> *(a) Ability of the Committee to Function*

9.    A statutory committee has a fiduciary duty to protect the interests of all unsecured creditors, including all bondholders. *See Dana*, 344 B.R. at 38. In *Dana*, the Court rejected the argument made by the moving party that because it had only one representative on the *Dana* committee, the other members of that committee would be dominant and overpower their representative. *Id.* The *Dana* court noted that the different interests of the membership of a statutory committee need not be aligned and that the presence of potential conflicts among the different interests of committee members does not necessitate the appointment of additional creditors' committees to provide adequate representation. *Id.*; *see also McLean Indus.*, 70 B.R. at 861. The issue is whether the Official Committee is representative of the different kinds of unsecured creditor claims involved in the chapter 11 cases. Therefore, the membership of an official committee need not be an exact replica of the creditor body. *See Dana*, 344 B.R. at 39; *Enron*, 279 B.R. at 690; *In re Hills Stores*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992).

10.    The F&D Bondholders posit the same argument that was rejected in *Dana* and the other decisions noted above. In point of fact, the F&D Bondholders are adequately represented by the Official Committee. Their argument that they are unique, different, and not represented by the Indenture Trustee members of the Official Committee because they are individuals, is without substance. As previously stated, the Indenture Trustee members of the Official Committee are duty-bound to represent the interests of all bondholders, and the Official Committee adequately represents all of the different kinds of claims involved in the Debtors' chapter 11 cases. There is no proof or evidence to the contrary.

*(b) Nature of the Case*

11.    The F&D Bondholders assert that the large size of the chapter 11 cases warrant the appointment of additional committees of unsecured creditors.  The proposition asserted is erroneous.  A similar argument was rejected in *Dana* and, likewise, should be rejected in these chapter 11 cases.  *Dana*, 344 B.R. at 39.  Absent a showing that the F&D Bondholders are not adequately represented by the Official Committee,[2] the instant request should be denied.

*(c) The Standing and Desires of the Constituencies*

12.    The F&D Bondholders posit the proposition that its interests are diametrically different than those of the Official Committee.  The argument falls of its own weight.  It does not establish a lack of adequate representation, but rather a mental attitude that is incorrect and not supported by any credible proof.

*(d) Ability to Continue Participating and Recover Costs*

13.    The F&D Bondholders are represented by competent attorneys and they have not hesitated to participate in the administration of these chapter 11 cases.  They may continue to do so as they determine appropriate.  If they do so, their views will be considered, as are the views of all parties in interest under section 1109 of the Bankruptcy Code.  *Dana* 344 B.R. at 40; *Enron*, 279 B.R. at 693; *Dubin v. SEC (In re Johns-Manville Corp.)*, 824 F.2d 176, 179-81 (2d Cir. 1987).

---

[2] Prior to the commencement of the chapter 11 cases, an Ad Hoc Committee of Bondholders was organized and its attorneys, Paul Weiss Rifkind Wharton & Garrison LLP, appeared on behalf of the Ad Hoc Committee at the First Day Hearing on June 1, 2009.  At that time, the Ad Hoc Committee informed the Court that it had been actively involved pre-chapter 11 and that an estimated 50% plus in amount of the GM bondholders supported the Debtors' First Day Motions.

14.   The request of the F&D Bondholders, reduced to its essentials, is to transfer the costs of their professionals to the Debtors.  That objective is not a basis or justification for the appointment of an additional committee of unsecured bondholders.

### (e)  Additional Cost to the Estates Is Not Justified

15.   The costs of additional committees can be "substantial since the appointment [] is closely followed by applications to retain attorneys and accountants." *Dow Corning*, 194 B.R. at 143.  The additional costs to be incurred by the Debtors cannot be justified, *Dana*, 344 B.R. at 40, and will only serve to delay the consummation of the 363 Transaction to the disadvantage of all economic stakeholders.  The appointment of an additional and separate bondholder committee will undoubtedly lead to duplicative efforts in these cases which are unjustified and would add no value to the administration of these cases.

### (f)  Other Considerations: Time Is of the Essence

16.   At this critical stage of the chapter 11 cases, the appointment of additional committees would substantially harm all claimants by potentially delaying the 363 Transaction. As noted in the Affidavit of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2, dated June 1, 2009 ([Docket No. 21]), time is of the essence in the consummation of the 363 Transaction.  Any delay in the transfer of the Debtors' business and assets will have a significant negative impact on the ability to effectuate the 363 Transaction, the preservation of going-concern values, the retention of hundreds of thousands of jobs, and protection of community interests.  The Debtors' ability to sustain financing is limited and conditioned upon the consummation of the 363 Transaction.  The F&D Bondholders are adequately represented by the Official Committee.  Therefore appointment of an additional and separate committee of unsecured bondholders is not justified or consistent with the Bankruptcy Code.

17.   The F&D Bondholders make the dogmatic and unsupported assertions that (a) large and complex cases such as these chapter 11 cases warrant the appointment of additional unsecured committees (Motion ¶ 13), and that (b) the F&D Bondholders are a unique and special group of unsecured creditors that is being disenfranchised because bondholders do not dominate the Official Committee (*Id.*¶ 15).  The F&D Bondholders misconceive the applicable principles of law.  A creditors' committee does not have to be an exact reflection of the different kinds of claims to be represented in the chapter 11 cases.  Rather, it is only necessary that each group of unsecured creditors of the debtor have the opportunity to meaningfully participate in the deliberations of an appointed committee.  *See Dow Corning Corp.*, 194 B.R. at 141.  GM's bondholder constituency is ably and adequately represented on the Official Committee.  Indeed, the Official Committee as appointed by the U.S. Trustee is representative of the different kinds of claims involved in the chapter 11 cases, as contemplated by section 1102(b) of the Bankruptcy Code.

18.   As discussed above, it is not necessary that the objectives of each type of creditor represented by a statutory committee be aligned or compatible.  It is common, indeed expected, that members of a creditors' committee will have a variety of interests and objectives, some of which may be diametrically opposed to those of other creditor members.  *See McLean Indus.*, 70 B.R. at 861 ("[C]reditors committees often contain creditors having a variety of viewpoints.  Some members may favor liquidation; others may favor continuation of the business . . . ."); *see also In re Sharon Steel Corp.*, 100 B.R. 767, 777 (Bankr. W.D. Pa. 1989) ("It is universally recognized that intercreditor conflicts inhere in any committee").

19.   Conflicts of opinions within the membership of a statutory committee are insufficient to justify the appointment of an additional unsecured creditors' committee.  The

Bankruptcy Code recognizes that there may and will be disagreements within a statutory

committee as to strategies, tactics, and objectives.  *See In re Barney's, Inc.*, 197 B.R. 431, 444

(Bankr. S.D.N.Y. 1996).  To the extent there are disagreements, the committee process facilitates

resolution without the high potential for additional litigation and controversy between

committees.  *Id.*  The Bankruptcy Code contemplates that "conflicting groups of creditors have a

voice through adequate representation on the committee," with the ultimate objective to "strike a

proper balance between the parties such that an effective and viable reorganization of the debtor

may be accomplished."  *In re Dow Corning*, 194 B.R. at 141.

20.    The Official Committee was appointed by the U.S. Trustee after substantial

deliberation following a lengthy meeting of interested creditors on June 3, 2009.  Following

interviews of various claimants for committee membership, the U.S. Trustee determined, in the

exercise of her authority under section 1102(a)(1) of the Bankruptcy Code, that a committee of

fifteen creditor members should be appointed in these chapter 11 cases, comprised of creditors

representing:

(a) GM's pension benefit plans,

(b) bondholder claims,

(c) trade and supplier claims,

(d) organized labor claims,

(e) dealers,

(f) asbestos claimants, and

(g) tort claimants

would provide adequate representation of the diverse creditor interests in the Debtors.

21.    Since June 3, 2009, the Official Committee has been an effective representative

body for all of the Debtors' unsecured creditors.  It has engaged experienced professionals and is

effectively discharging its statutory responsibilities.  Despite the conscious and careful selection

of the members of the Official Committee by the U.S. Trustee to provide adequate representation of all unsecured creditor interests in these chapter 11 cases, including GM's bondholders, the F&D Bondholders request the appointment of an additional unsecured bondholder committee on the grounds that they are purportedly "unique."  Motion ¶  15.  This request is factually and legally insufficient.  It does not warrant the imposition of additional and unnecessary expenses upon the Debtors.  Moreover, it would encourage other creditors to seek yet additional committees of unsecured creditors.  The F&D Bondholders simply have not established any justification for the appointment of an additional committee of unsecured bondholders.

[*The Remainder of This Page Is Intentionally Left Blank*]

### Conclusion

22.  The Official Committee adequately represents all unsecured creditors of the

Debtors, including the F&D Bondholders.  Accordingly, in the perspective of the applicable

determinative factors, the request of the F&D Bondholders for the appointment of an additional

committee of unsecured bondholders should be denied.

WHEREFORE the Debtors respectfully request that the Motion of the F&D

Bondholders be denied and the Court grant to the Debtors such other and further relief as is just.


Dated: New York, New York
      June 18, 2009

          /s/ Harvey R. Miller
          Harvey R. Miller
          Stephen Karotkin
          Joseph H. Smolinsky

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession