HAYNES AND BOONE, LLP
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
Telephone:  (212) 659-7300
Facsimile:  (212) 884-8211
Jonathan Hook (NY Bar No. 4187449)

    -and-

One Houston Center
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile:  (713) 547-2600
Patrick L. Hughes

*Attorneys for Airgas, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                   :

In re:                                             :         Chapter 11
                                                 :
GENERAL MOTORS CORPORATION, *et al.*,    :         Case No. 09-50026 (REG)
                                                 :
                           Debtors.    :         (Jointly Administered)
---------------------------------------------------------------------x

**LIMITED OBJECTION OF AIRGAS, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

       Airgas, Inc. and its subsidiaries and related entities ("Airgas"), by and through its counsel, Haynes and Boone, LLP, file this Limited Objection (the "Limited Objection") to the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related thereto* (the "Notice"),[1] and in support thereof, respectfully states as follows:

---
[1] *See* Docket No. 92, Exhibit E.

H-786640.1

**Background**

1.      On June 1, 2009 (the "Petition Date"), General Motors Corporation and its debtor subsidiaries (collectively, the "Debtors") each commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Included in the Debtors' "first day motions" was a Motion (the "Motion") by which the Debtors sought, among other things, authorization and approval of (a) the sale of substantially all the Debtors' assets to Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury, through a sale under section 363 of the Bankruptcy Code (the "363 Transaction"); (b) certain bid procedures governing the sale process and providing procedures for the submission of any competing bids; (c) the assumption and assignment of certain executory contracts and unexpired leases to the Purchaser in connection with the 363 Transaction; (d) a certain settlement between the Debtors and their labor unions; and (e) the schedule for the final hearing on the Motion and the relief requested therein.

2.      On June 2, 2009, this Court entered an order (the "Sale Procedures Order")[2] approving the Motion. The Sales Procedures Order sets forth notice and dispute resolution procedures regarding the Debtors' assumption and assignment of executory contracts, which, in summary, provide that the Notice be sent to all parties to executory contracts and unexpired leases that the Debtors anticipated assuming and assigning to the Purchaser within three (3) days of entry of the Sales Procedures Order. The Notice did not contain a schedule of executory contracts and leases, but rather, directed the applicable counterparty to a confidential website (the "Website") maintained by the Debtors which contained summary information on the contracts to be assumed and assigned, and the Debtors' belief as to the amount necessary to cure

---

[2] Docket No. 274.

any prepetition amounts owing under the applicable contracts.

**Limited Objection**

3. Airgas has been informed its agreements with the Debtors (the "Airgas Agreements") will be assumed and assigned. However, upon information and belief, Airgas received only oral notice of the proposed assumption and assignment of the Airgas Agreements on June 16, 2009, and on June 17, 2009 received written instructions through legal counsel to ascertain the Debtors' proposed cure amounts from the Website. The Debtors have extended the deadline for Airgas to object to the cure amount until June 19, 2009.

4. Airgas believes the cure amounts listed on the Website understate the amounts Airgas is owed. The amounts the Debtors list on the Website as owing and the amounts Airgas claims it is owed, as of the date of filing this Limited Objection, are as follows:[3]

**Airgas East**

| | |
|---|---|
| Amounts listed as owing on the Website: | $5,292.00 |
| Airgas stated amounts owing (subject to further review): | $31, 082.00 |

**Airgas Great Lakes**

| | |
|---|---|
| Amounts listed as owing on the Website: | $36,708.00 |
| Airgas stated amounts owing (subject to further review): | $117,021.97 |

Airgas also maintains that it is entitled to its costs and attorneys fees incurred in recovering payment of amounts owed by the Debtors under the Airgas Agreements and that the appropriate cure amount should therefore reflect these amounts as well.

5. While Airgas does not object to assumption of the Airgas Agreements and the Debtors' prompt cure of amounts owing, Airgas does not agree with the cure amounts proposed

---

[3] Airgas is continuing to review its records and reserves its right to supplement or amend any amounts listed in this Limited Objection.

by Debtors on the Website and files this Limited Objection for the purpose of preserving its right to assert the cure amounts reflected on Airgas' books and records. Airgas fully intends to work with the Debtors to consensually resolve the discrepancies with respect to the Airgas Agreements' cure amounts, in accordance with the procedures set forth in the Notice.

## Conclusion

WHEREFORE, Airgas respectfully requests the Court enter an Order (i) fixing the cure amounts due under the Airgas Agreements as set forth herein, including amounts for attorneys fees and costs incurred incident to such relief, and (ii) granting such other and further relief as is just and proper.

Dated: June 18, 2009
      New York, New York

HAYNES AND BOONE, LLP

*/s/ Jonathan Hook*
Jonathan Hook (NY Bar No. 4187449)
1221 Avenue of the Americas, 26th Floor
New York, New York  10020
Tel:  (212) 659-7300
Fax:  (212) 884-8211

-and-

Patrick L. Hughes
Texas State Bar No. 10227300
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone:  (713) 547-2000
Facsimile:   (713) 547-2600

*Attorneys for Airgas, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon its filing on June 18, 2009 to the parties receiving notice via the court's ECF system and/or First Class United States Mail to the parties on the attached service list.

Dated: June 18, 2009                     /s/ Patrick L. Hughes
                                         Patrick L. Hughes

H-786640.1

## SERVICE LIST

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
30009 Van Dyke Avenue
Warren, Michigan 48090-9025

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281

Gordon Z. Novod
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Diana G. Adams, Esq.
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004.

Joseph R. Sgroi, Esq.
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226