WINDELS MARX LANE & MITTENDORF, LLP       Hearing: June 30, 2009 @ 9:45 a.m.

156 West 56th Street

New York, New York 10019

Telephone (212) 237-1000

Attorney Appearing: Leslie S. Barr (lbarr@windelsmarx.com)

    -and-

HOWARD & HOWARD ATTORNEYS, PLLC

450 West Fourth Street

Royal Oak, Michigan 48067

Telephone (248) 723-0296

Lisa S. Gretchko (LGretchko@HowardandHoward.com)

*Attorneys for Morgan Adhesives Company d/b/a MACtac*
*and Bemis Company Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re

GENERAL MOTORS CORP., et al.,

               Debtors.

---------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**OBJECTIONS OF MORGAN ADHESIVES COMPANY d/b/a MACTAC AND BEMIS
COMPANY, INC. TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND TO PROPOSED CURE AMOUNTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Morgan Adhesives Company Inc. d/b/a MACtac ("MACtac") and Bemis Company Inc.

("Bemis"), by their undersigned attorneys, respectfully object to the Debtors' proposed

assumption and assignment of its executory contracts, as well as the proposed cure amounts, and

in support of their objections, respectfully represent:

### INTRODUCTION

    1.      The Debtors' motion and the notice sent to MACtac seek to assume and assign

executory contracts with MACtac - although the notice itself erroneously identifies contracts

with Bemis (rather than with MACtac), and further fails to list any cure amount for five pre-

petition contracts between MACtac and General Motors Corporation ("GM"), even though the

Debtors' current unpaid pre and post-petition obligations to MACtac exceed the sum of $51,000.

Moreover, MACtac and Bemis object to the assumption and assignment of contracts with

MACtac to the extent that, by such assumption and assignment, the Debtors seek to alter the

terms of the contracts or seek to unilaterally designate MACtac as an unwilling participant in its

essential vendor program as part of GM's continuing effort to extend the stated expiration date of

the contracts with MACtac  beyond December 31, 2009, lengthen the payment terms, and/or

reduce the payment amounts.  MACtac and Bemis do not object, however, to the assumption and

assignment of the contracts with MACtac under their present terms and conditions, including

their stated expiration date of December 31, 2009, provided that the Debtors provide adequate

assurance of future performance and promptly pay the correct cure amount.

**BACKGROUND**

2.      MACtac is an industrial adhesives manufacturer that supplies certain adhesive

products to GM.  In the ordinary course of its business relationship, GM would issue blanket

purchase orders for its requirements for the products that it purchases from MACtac.  GM would

then issue its release for a certain quantity of products required under the blanket purchase order

and, upon its receipt of the release MACtac would ship the quantity of products so specified.

This course of conduct formed the contracts ("Contracts") that governed the business

relationship between GM and MACtac.

3.      On June 1, 2009 (the "Petition Date"), GM and its affiliates (the "Debtors") filed

voluntary petitions with this Court under chapter 11 of title, 11, United States Code, 11 U.S.C.

§§ 101 et seq. (the "Bankruptcy Code").

4.        As of the Petition Date, GM and MACtac were parties to five Contracts, all of

which will expire on December 31, 2009.  Pre-petition, GM asked MACtac to extend the

expiration date of the Contracts, but MACtac declined to do so.  Within days after the Petition

Date, GM tried to "strong arm" MACtac into signing an "Essential Supplier Treatment"

agreement which, among other things, would have extended the expiration of the Contracts

indefinitely and would have committed MACtac (and its affiliates, including Bemis) to

supplying goods for a fixed price on extended credit terms.  MACtac refused to sign the

agreement, knowing that it could not afford to be bound (or to bind its affiliates) to such onerous

terms.  After various harsh statements from GM and its counsel, MACtac reluctantly agreed to

supply goods to GM on GM's desired credit terms ("MNS 2") through the December 31, 2009

expiration of the five Contracts.

5.        Also on the Petition Date, the Debtors filed a motion seeking, among other things,

Court approval of the sale of substantially all of their assets and the assumption and assignment

of certain executory contracts (the "Motion"). (Docket No. 92).

6.        On June 2, 2009, the Court entered an Order approving sale bidding procedures

and procedures for the Debtors' assumption and assignment of executory contracts, and directing

the Debtors to serve notice thereof (the "Sale Procedures Order").  (Docket No. 274).  Among

other things, the Sale Procedures Order gave counter parties to executory contracts only ten days

from the date of the notice to object to the assumption and assignment of their contracts.

7.        On June 10, 2009, MACtac received the Debtors' notice of intent to assume and

assign certain executory contracts and cure amounts related thereto (the "Assumption and

Assignment Notice").  The Assumption and Assignment Notice directed MACtac to log onto a

secure website to view the proposed cure amount for its executory contracts.  The website contained a list of the five Contracts, but alleged that Bemis (which is MACtac's parent company) was the non-debtor counter party on each of the Contracts.  Also, the Assumption and Assignment Notice failed to list any Cure Amount.

8.      MACtac required more time to review the website documents and its own records.  Accordingly, the Debtors agreed to extend MACtac's time to file an objection to and through June 19, 2009.

9.      As of the Petition Date, GM had fallen into arrears on its payments under the Contracts, and owes MACtac the sum of $41,396.59.  In addition, as of the date of this objection, GM has failed to pay an additional three (3) post-Petition Date invoices that aggregate the sum of $10,247.32.  Accordingly, the Debtors are obligated to MACtac under the Contracts in the aggregate sum of $51,643.91, representing both pre- and post-Petition Date unpaid invoices and purchase orders.[1]  That sum, plus any other amounts that are due or may become due under the Contracts as of the Assumption Effective Date (as defined in the Sale Order) are referred to as the "Cure Amount".

10.     Accordingly, the absence of any stated Cure Amount on the Debtors' secure website is incorrect.

11.     On June 2, 2009, MACtac (by its parent, Bemis Co., Inc.) sent a reclamation demand to the Debtors.

**OBJECTION**

12.     MACtac objects to the Debtors' assumption and assignment of the executory contracts between the Debtors and MACtac that are listed on the Debtors' secure website.  Based on GM's past behavior toward MACtac (including GM's pre and post-Petition Date efforts to get

---

[1] Backup for the sums due is available by request to undersigned counsel.

MACtac to extend the duration of the Contracts), MACtac is legitimately fearful that GM is

attempting to use the Assignment and Assumption Notice and the contract assumption process to

somehow extend the duration of the Contracts.  No assumption and assignment should be

permitted where the Debtors, by such assumption and assignment, purport to alter (or seek

authorization to alter) the terms and conditions of the Contracts.  The Debtors cannot use the

assumption process to alter the Contracts.  It is axiomatic that an executory contract "assumed in

bankruptcy is accompanied by all its provisions, and conditions." *In re Nitec Paper Corp.,* 43

B.R. 492, 498 (S.D.N.Y. 1984); *see also Pieco, Inc. v. Atl. Computer Sys. (In re Atlantic*

*Computer Systems, Inc.)* 173 B.R. 844, 849 (S.D.N.Y. 1994) (noting that "a debtor may not

'cherry pick' pieces of contracts it wishes to assume").  In other words, "the trustee takes the

property of the bankruptcy…in the same plight and condition that the bankrupt himself held

it…." *In re Nitec Paper Corp.,* 43 B.R. at 498 (internal citations omitted).

13.     Thus, although the Debtors' assumption of the Contracts will result in MACtac

receiving a Cure Amount that constitutes full payment of its pre- and post-Petition Date claim,

Bankruptcy Code § 365 mandates that result and MACtac cannot be "deemed" (or compelled) to

accept "Essential Supplier Treatment" (thereby, *inter alia,* extending the Contracts' stated

expiration period beyond December 31, 2009, and/or modifying the payment terms and

amounts).

14.     To the extent that the Debtors seek to assume and assign the Contracts, MACtac

has no objection, <u>provided</u>, <u>however</u>, that the Debtors acknowledge the terms and conditions of

the Contracts (including their December 31, 2009 expiration date) and provide adequate

assurance of future performance, and promptly cure all defaults, including the payment of the

correct Cure Amount.  However, to the extent that the Debtors are attempting to "bootstrap" a

court-approved assumption of the Contracts into coerced Essential Supplier Treatment for

MACtac, then MACtac and Bemis vigorously object.

15.     For the reasons stated in the preceding paragraph, and because the secure website

described in the Assumption and Assignment Notice recites (erroneously) that Bemis is the non-

debtor counter party to the Contracts, Bemis joins in this objection.

16.     Especially in light of the fact that MACtac received the Assumption and

Assignment Notice on June 10, 2009, MACtac and Bemis reserve the right to supplement this

objection and to join in the objections filed by others.

**WHEREFORE**, MACtac and Bemis respectfully request that the Court deny the

Debtors' Motion to assume and assign their executory contracts with MACtac as currently set

forth on the secure website, and grant such other and further relief as is just.

Dated: New York, New York          Respectfully submitted,
       June 18, 2009

                                    WINDELS MARX LANE & MITTENDORF, LLP


                        By:    /s/ Leslie S. Barr

                               Leslie S. Barr (lbarr@windelsmarx.com)
                               156 West 56th Street
                               New York, New York 10019
                               Tel. (212) 237-1000
                               Fax. (212) 262-1215


                                    -and-


                               HOWARD & HOWARD ATTORNEYS PLLC
                               450 Fourth Street
                               Royal Oak, Michigan 48067-2557
                               Telephone (248) 723-0396
                               Lisa S. Gretchko (LGretchko@HowardandHoward.com)

                               *Attorneys for Morgan Adhesives Company d/b/a MACtac
                               and Bemis Company Inc.*