Hearing Date: June 30, 2009 at 9:30 a.m. (prevailing Eastern time)
Objection Deadline: June 20, 2009 (by consent of the Debtors)

| | |
|---|---|
| **LOWENSTEIN SANDLER PC**<br>Michael S. Etkin, Esq.<br>S. Jason Teele, Esq.<br>1251 Avenue of the Americas, 18th Floor<br>New York, New York 10022<br><br>-- and --<br><br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Tel:   (973) 597-2500<br>Fax:   (973) 597-2400 | **JACKSON WALKER L.L.P.**<br>Bruce J. Ruzinsky, Esq.<br>D. Elaine Conway, Esq.<br>1401 McKinney, Suite 1900<br>Houston, Texas 77007<br>Tel.   (713) 752-4200<br>Fax:   (713) 752-4221 |

*Attorneys for Group 1 Automotive, Inc. and its Dealerships in Exhibit A*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No: 09-50026 (REG)<br>(Jointly Administered) |

**LIMITED OBJECTION OF GROUP 1 AUTOMOTIVE, INC. AND ITS DEALERSHIPS TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

Group 1 Automotive, Inc. and its dealerships Harvey GM, LLC, Howard-GM, Inc., Bob Howard Chevrolet, Inc., Howard-GMII, Inc., Bob Howard Automotive-East, Inc., Maxwell-GMII, Inc. and Lubbock Motors-GM, Inc. (individually and collectively "Group 1"), through their undersigned counsel, submit this limited objection (the "Objection") to any Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "Assignment Notice") served upon Group 1 by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in connection with the Court's order approving bidding procedures with respect to the sale of certain assets of the Debtors, which

includes procedures regarding Debtors' assumption and assignment of executory contracts Bidding Procedures Order [Docket No. 274].

## BACKGROUND

1. On June 1, 2009 (the "Commencement Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. On June 2, 2009, the Court entered an order (the "Bidding Procedures Order")[1] approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. In connection with the Bidding Procedures Order, the Debtors may have sent an Assignment Notice to Group 1 (the "Assignment Notice") indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with Group 1 (the "Possible Assumed Contracts").[2] Group 1 has been unable to access the Contract Website, where the Debtors may have identified amounts they allege to be owing to Group 1 under the Possible Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount may be less than what is actually owed under the Assumed Contracts, which Group 1 states is not less than $1,624,975.38 as more fully described in Exhibit "A" attached hereto.

4. Furthermore, both the Bidding Procedures Order and the form of assignment notice attached to the Bidding Procedures Order limit the Proposed Cure Amount to such amounts that were in default as of the Commencement Date. Consistent with the applicable provisions of the Bankruptcy Code, the Cure Amount should instead include all amounts, both pre- and post-petition, due and owing on the Assumption Effective Date and not otherwise paid by the Debtors.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Bidding Procedures Order.

[2] To date, Group 1 has been unable to confirm receipt of any such notice and has been unable to confirm with Debtors' counsel the existence of any Assignment Notice for Group 1. Accordingly, this limited Objection is filed as a precaution to preserve Group 1's rights.

-2-

## **OBJECTION**

5.      Payment of the Proposed Cure Amount fails to cure the amount owing under the contracts sought to be assumed and assigned by the Debtors.

6.      Group 1 does not object to the assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser.  However, Group 1 does object to any Assignment Notice to the extent that (1) the Proposed Cure Amount is incorrect even as to those amounts that were owed as of May 31, 2009, and (2) the Assignment Notice's definition of "Cure Amount" would permit assumption and assignment of certain of Group 1's agreements without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment as required by sections 365(b) and (f) of the Bankruptcy Code, including, but not limited to, the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

7.      Section 365(b)(1) of the Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption.  The defaults that must be cured prior the assumption and assignment of an executory contract include both pre-petition and post-petition defaults.  In direct violation of the express requirements of section 365 of the Bankruptcy Code, paragraph 5 of the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of Group 1's contracts is whatever was in default as of the Commencement Date.

8.      Group 1 further objects to any incorrect Cure Amount proposed by the Debtors as of May 31, 2009.  Group 1's calculations of the amounts due under its contracts as of May 31, 2009 result in a cure amount of at least $1,624,975.38,[3] which may be in excess of the Cure Amount stated by the Debtors on the Contract Website.

9.      Group 1 reserves the right to amend or supplement this objection.

---

[3]     Net of amounts owed to the Debtors as of May 31, 2009.

WHEREFORE, Group 1 respectfully requests that the Court: (i) determine that the appropriate amount due to Group 1 under such contracts pursuant to section 365(b) of the Bankruptcy Court is not less than $1,624,975.38;[4] (ii) require that the Proposed Sale Order approving the Sale Motion expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bidding Procedures Order, including all obligations that have accrued thereunder but are not then in default and not otherwise paid in the ordinary court of business by the Debtors; and (iii) grant such other and further relief as is just and appropriate.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

/s/ *Michael S. Etkin*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
Tel:  (973)597-2500
Fax: (973)597-2400

-- and --

**JACKSON WALKER L.L.P.**
Bruce J. Ruzinsky, Esq.
D. Elaine Conway, Esq.
1401 McKinney, Suite 1900
Houston, Texas 77007
Tel. (713) 752-4200
Fax: (713) 752-4221

*Attorneys for Group 1 Automotive, Inc. and its Dealerships Listed Above*

---

[4]  Net of amounts owed to the Debtors as of May 31, 2009.

-5-

Dated: June 18, 2009
      New York, New York

## EXHIBIT "A"

## Group 1 Automotive, Inc. Dealerships

**Balances as of 05/31/09***

| Legal Entity Name | Store (DBA) | Balance 05/31/09 |
|---|---|---|
| Harvey GM, LLC | Don Bohn Buick, Pontiac | $247,786.00 |
| Howard-GM, Inc. | Bob Howard Buick Pontiac | 220,149.05 |
| Bob Howard Chevrolet, Inc. | Bob Howard Chevrolet | 246,011.28 |
| Howard-GMII, Inc. | Smicklas Chevrolet | 0.00 |
| Bob Howard Automotive-East, Inc. | South Pointe Chevrolet | 212,718.52 |
| Maxwell-GMII, Inc. | Freedom Chevrolet | 446,553.59 |
| Lubbock Motors-GM, Inc. | Gene Messer Chevrolet | 251,756.94 |
| **Total** | | $1,624,975.38 |

\*    Net of amounts owed to GM as of 05/31/09

-6-

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing "Limited Objection of Group 1 Automotive, Inc. and its Dealerships to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto" was sent via email to all parties listed below on this the 15th day of June 2009.

Diana G. Adams, Esq.
Office of the U.S. Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

Harvey Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Matthew Feldman, Esq.
U.S. Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Lawrence S. Buonomo, Esq.
General Motors Corporation
300 Renaissance Center
Detroit, MI 48265

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

                                             **LOWENSTEIN SANDLER PC**

                                             /s/ *S. Jason Teele*
                                             Michael S. Etkin, Esq.
                                             S. Jason Teele, Esq.
                                             1251 Avenue of the Americas, 18th Floor
                                             New York, New York 10022

                                             -- and --

                                             65 Livingston Avenue
                                             Roseland, New Jersey 07068
                                             Tel:  (973)597-2500
                                             Fax: (973)597-2400

                                             *Attorneys for Group 1 Automotive, Inc. and its Dealerships Listed Above*

Dated: June 18, 2009
       New York, New York

-9-