BARNES & THORNBURG LLP
Attorneys for Continental AG and Affiliates
One North Wacker Drive, Suite 4400
Chicago, IL  60606-2833
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

Peter A. Clark
Telephone: (312) 214-5668
Email: pclark@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GENERAL MOTORS CORPORATION, *et al.*, | ) | No. 09-50026 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### OBJECTION OF CONTINENTAL AG AND AFFILIATES
### TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
### CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
### PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
### REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Continental AG and its affiliates[1] (collectively "Continental"), by and through their undersigned attorneys, hereby file this objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal

---

[1] These affiliates include, but are not limited to, Continental Suisse SA, Continental Bebelux, Continental Tires Espana S.L.U., Continental Automotive France SAS, Continental Tire de Mexico, Continental Teves UK Ltd., Continental Teves, Inc., Continental Teves Czech Republic s.r.o., Continental Automotive Mexicana, Continental Tire North America, Inc., Continental Canada, Continental Automotive Shanghai Co. Ltd., Temic Automotive of North America, Inc., Continental Automotive GmbH, Continental Automotive WuHu Co. Ltd., Continental Automotive Guadalajara Mexico, S.A. de C.V., Continental Automotive Systems US, Inc., Siemens VDO Automotive Electronics Corporation, Siemens VDO Automotive Corporation, Siemens Electric Ltd. – U.S., Siemens Energy & Automation, Inc., Siemens Automotive Corporation, Contitech, Temic Telefunken Microelectronics GmbH, Contitech Thermopol, LLC, and Thermopol, Inc.

Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (as amended and supplemented, the "Cure Notice"). In support of the Objection, Continental states as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prior to the Petition Date, Continental supplied the Debtors with, among other things, production parts, service parts, tooling and research and development initiatives related to numerous programs of the Debtors pursuant to certain purchase orders and other contractual arrangements.

3. On the Petition Date, the Debtors filed a motion with this Court seeking, among other things, (i) approval of certain proposed procedures to govern the sale process and provide for the submission of any competing bids for substantially all the Debtors' assets and the form and manner of notices of (a) the hearing to consider authorization and approval of the sale, (b) the assumption and assignment of executory contracts and unexpired leases of personal property and of nonresidential real property, and (c) the approval of the UAW Retiree Settlement Agreement, (ii) the scheduling of a hearing to consider the sale on June 30, 2009, (iii) approval of the sale of the Debtors' assets to Vehicle Acquisition Holdings LLC, (iv) the authority to assume and assign certain executory contracts and leases in connection with the sale, and (v) the approval of UAW Retiree Settlement Agreement (the "Sale Motion").

4.   This Court subsequently approved procedures establishing a process for (i) the assumption of certain agreements by the Debtors and the assignment of those agreements to the proposed purchaser, (ii) the determination of amounts necessary to cure defaults under the assumed agreements, and (iii) the resolution of other disputes in connection with the proposed assumption and assignment of those agreements (the "Contract Procedures").  Pursuant to the Contract Procedures, objections to the proposed assumption and assignment of the agreements or to the proposed cure amount must be filed no later than ten (10) days after the date of the Cure Notice (the "Objection Deadline").

5.   On or about June 8, 2009, Continental received a Cure Notice that indicates the Debtors' intent to assume and assign certain of the Debtors' contracts with Continental (the "Executory Contracts").  The Debtors also provided Continental with a login and password that allows Continental access to a secure website (the "Contract Website") listing the amount the Debtors allege to be owing under the Executory Contracts (the "Proposed Cure Amount").  On the Contract Website, the Debtors identify a Proposed Cure Amount considerably less than the actual amounts owed under the Executory Contracts (the "Actual Cure Amount").  To make the reconciliation even more difficult, the Proposed Cure Amount listed on the Contract Website is constantly changing.

6.   While Continental is working with the Debtors to reach a resolution to the difference between the Proposed Cure Amount and the Actual Cure Amount, Continental files this objection to preserve its rights in light of the fast approaching Objection Deadline.

## **OBJECTION**

7.   The Cure Notice and accompanying Contract Website fail to identify the correct cure amounts required under the Executory Contracts that the Debtors seek to assume.

3

**A. The Cure Notice Includes Incorrect Cure Amounts Related to the Executory Contracts Sought to Be Assumed.**

8.  Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee:

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

9.  The Debtors are impermissibly attempting to assume and assign certain Executory Contracts to the proposed purchaser or another successful bidder without providing cure payments in full under the Executory Contracts.[2] In order for the Debtors to be permitted to assume the Executory Contracts identified in the Cure Notice, the Debtors are required to provide a cure payment to Continental equal to the Actual Cure Amount.

---

[2] Continental is also entitled to payment in full for any goods and services it provided on a post-petition basis to the Debtors pursuant to an executory contract, as GM's obligation to cure extends not only to prepetition, but also post-petition, defaults. *See In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

4

## CONCLUSION

10.  Continental has no objection to the proposed assumption and assignment of the Executory Contracts set forth in the Cure Notice, provided that the Debtors provide a cure payment equal to the Actual Cure Amount.

## RESERVATION OF RIGHTS

11.  Continental expressly reserves any and all rights to supplement and modify this Objection and the cure amounts claimed hereunder. This Objection is being filed only as it pertains to the Executory Contracts. Nothing contained herein should be construed as a waiver by Continental with respect to any other rights.

## MEMORANDUM OF LAW

12.  This Objection sets forth specific responses with supporting law divided under numerous paragraphs. Continental respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Continental respectfully requests that the Court (i) deny the relief requested in the Cure Notice as it relates to Continental, and (ii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: June 18, 2009

Respectfully submitted,

**CONTINENTAL AG AND AFFILIATES**

By:   /s/John T. Gregg
      One of their Attorneys

Peter A. Clark
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5668
Facsimile: (312) 759-5646
pclark@btlaw.com

- and -

John T. Gregg (Admitted Pro Hac Vice)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
jgregg@btlaw.com

Attorneys for Continental AG
and Affiliates

GRDS01 JGREGG 382756v1