BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas B. Radom (admitted *pro hac vice*)
Max J. Newman (admitted *pro hac vice*)
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Sankyo Oilless Industry (USA) Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    General Motors Corp., *et al.,*<br><br>                    Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF SANKYO OILLESS INDUSTRY (USA) CORP. TO DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY**

Sankyo Oilless Industry (USA) Corp. ("Sankyo"), by and through its undersigned counsel, for its objection (the "Cure Objection") to the proposed Cure Amount listed on Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, Sankyo entered into various contracts, purchase orders, and agreements whereby Sankyo would provide goods and services in exchange for timely payments of same by Debtors (collectively, the "Contracts").

3. Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which Sankyo could view a listing of those executory contracts Debtors may seek to assume and assign in connection with the sale of substantially all of its assets, and by its calculations, any corresponding proposed Cure Amount in connection with such contract or leases.

4. At the time this Cure Objection was filed, the Website identified Contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets and a total Cure Amount of $122.40 due and owing to Sankyo under the identified Contracts.

5. Sankyo does not object to the assumption and assignment of its Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of the Cure Amount with Debtors. However, as the Cure Amount has not yet been resolved, Sankyo, for purposes of preserving its objection rights as to the proposed Cure Amount, makes this Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

## Limited Objection to Proposed Cure Amount

6. Sankyo objects to the proposed Cure Amount listed on the Website as it does not fully cure and compensate Sankyo for Debtors' default(s). According to Sankyo's books and records, the correct Cure Amount is $4,845.97.

7. Sankyo reserves its right to amend or supplement this objection if, for example, Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional Cure Amounts relating to defaults under the Contracts that occur or continue to

occur after the Petition Date. Further, by filing this Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline, Sankyo does not waive any other rights, claims, or interests it has or may have under the Contracts as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, Sankyo respectfully requests that the Court (a) condition any assumption and assignment of the Contracts on (i) the payment in full for all outstanding amount(s) due to Sankyo under the Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York New York
June 18, 2009

>BUTZEL LONG, a professional corporation

By:   /s/   Robert Sidorsky
      Robert Sidorsky, Esq.
      Eric B. Fisher, Eq.
380 Madison Avenue
22nd Floor
New York, NY 10017
Tel.: (212) 818-1110
Fax: (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas B. Radom (admitted *pro hac vice*)
Max J. Newman (admitted *pro hac vice*)
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for Sankyo Oilless Industry (USA) Corp.*