Objection Deadline: June 20, 2009

Angela Z. Miller, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York  10022
Tel. 212-759-4888
Fax. 212-308-9079

-and-

3400 HSBC Center
Buffalo, New York 14203
Tel. 716-847-8400
Fax. 716-852-6100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re | Chapter 11 |
| General Motors Corp., | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |

_____

**LIMITED OBJECTION OF NATIONAL FUEL RESOURCES, INC.
TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
OF PERSONAL PROPERTY AND UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE AMOUNTS RELATED THERETO</u>**

National Fuel Resources, Inc. ( "NFR"), by its undersigned counsel, hereby objects on a

limited basis ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain

Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of

Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009

("Notice").  NFR objects to the Notice because it fails to provide NFR adequate assurance of

future performance of the NFR Contracts (as defined below) and does not accurately state the Cure Amount[1] due to NFR. In further support of its Objection, NFR respectfully states as follows:

**Background**

1. On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, GM also filed a motion seeking an order approving bidding procedures for the sale of substantially all of the Debtors' assets, which included a procedure for the Debtors' assumption and assignment of executory contracts (Docket No. 92) ("Procedures Motion").

3. On June 2, 2009, the Court granted the Procedures Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC ("VAH") or the ultimate purchaser of the Debtors' assets (Docket No. 274) ("Procedures Order"), which provided for sending a notice advising a contract counterparty that it was party to an Assumable Executory Contracts and the proposed Cure Amount related thereto.

**The NFR Contracts**

4. NFR and Debtor, General Motors Corp. ("GM"), are parties to a Base Contract for Sale and Purchase of Natural Gas dated September 1, 2003, as amended by a Transaction Confirmation for Immediate Delivery Addendum dated October 23, 2008 (together with all written transaction confirmations, the "Tonawanda Contract"). A copy of the Tonawanda Contract is attached as **Exhibit A**.

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Notice.

- 2 -

5. Pursuant to the Tonawanda Contract, NFR sells natural gas to GM and delivers the natural gas to GM at the citygate of the local distribution utility, in this instance, National Fuel Gas Distribution Corporation. The local distribution utility, in turn, transports GM's natural gas to GM's facility in Tonawanda, New York using the local distribution utility's pipeline system.

6. NFR and GM are also parties to a Natural Gas Firm Sales Purchase Order dated October 24, 2008 ("Salina Contract" and together with the Tonawanda Contract, the "NFR Contracts"). A copy of the Salina Contract is attached as **Exhibit B**. Pursuant to the Salina Contract, NFR sells natural gas to GM at the citygate of the local distribution utility, in this instance, National Grid. The local distribution utility, in turn, transports GM's natural gas to GM's facility in Salina, New York using the local distribution utility's pipeline system.

7. Both the Tonawanda Contract and Salina Contract provide in pertinent part that GM shall provide an irrevocable letter of credit in support of all obligations of GM to NFR pursuant to any and all agreements between GM and NFR, including the NFR Contracts. The NFR Contracts provide that the amount of letter of credit shall be $1,800,000 for the period from November 1, 2008 through May 31, 2009 and reducing to $250,000 for the remainder of the term of the NFR Contracts. NFR reserved the right to request additional security in the event GM's obligations to NFR change.

8. An irrecocable Letter of Credit by Citibank, N.A. for the benefit of NFR dated October 29, 2008 in the amount required pursuant to the NFR Contracts is currently in place ("Citibank LOC").

## Notice

9. On June 8, 2009, NFR received the Notice dated June 5, 2009 provided for in the Procedures Order. Pursuant to the Notice, parties have ten days from the date of the

Notice to object to the assumption and assignment of any Assumable Executory Contract or to the Cure Amount proposed to be paid with respect thereto.[2]

10. Attached to the Notice is a user identification number and password to be used by NFR on the specified website ("Web Site") to view which contract(s) has/have been designated an Assumable Executory Contract by the Debtors and the Cure Amount with respect to such contract(s).

11. The Web Site, does not designate which of the NFR Contracts are Assumable Executory Contracts or what the proposed Cure Amount is.

12. NFR asserts it is owed $18,357.57 in Cure Amount as of the Petition Date and forecasts that the entire amount due pursuant to the NFR Contracts as of June 30, 2009 (assigning a June 30, 2009 assumption date) will total $43,748.15 ("NFR Claim"). The detail substantiating the NFR Claim is attached as Exhibit C.

13. NFR is also in receipt of a copy of a notice dated June 5, 2009 which was sent to Citibank, N.A. whereby the Debtors propose to assume and assign the Citibank LOC.

**Objections**

14. NFR objects to the Notice on the following grounds:

A. The NFR Contracts cannot be assumed without concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." In re Stoltz, 315 F.3d 80, 86 (2nd Cir. 2002). There is no cure amount alleged by the Debtors to be owed to NFR pursuant to the NFR Contracts and as such the proposed Cure Amount is understated by $43,748.15.

---

[2] On June 11, 2009, by e-mail, Pablo Falabella, Esq. of Weil, Gotshal & Manges LLP, counsel to the Debtors, granted NFR a five-day extension of its time to object to the Notice in an attempt to reach consensual resolution of NFR's objections.

   B. The Contracts cannot be assumed or assigned without an adequate showing of future performance.  11 U.S.C. § 365(b)(1); In re Luce Industries, Inc., 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform).

   C. The NFR Contracts require in pertinent part that a $250,000 irrevocable letter of credit, acceptable to NFR, be in place for the remainder of the term of the NFR Contracts ("Contract Requirement").  See NFR Contracts.

   D. Although the Debtors are attempting to assume and assign the Citibank LOC, as a financial accommodation, the Citibank LOC is not an assumable executory contract.  In re Swift Aire Lines, Inc., 30 B.R. 498 (9th Cir. B.A.P. 1983); 11 U.S.C. § 365(c)(2); U.S. Code Cong. & Admin. News 1978, pp. 5787, 6304 (". . . under the provision . . . [Section 365(c)(2)] . . . contracts such as loan commitments and letters of credit may not be assumed by the trustee").

   E. In as much as the Debtors and/or VAH have failed to provide for a replacement letter of credit as required by the NFR Contracts, the Debtors have failed to satisfy the Contract Requirement and demonstrate adequate assurance of future performance of the NFR Contracts.

15. NFR reserves its right to amend this Objection to include any additional facts as may be determined by its further investigation of the Notice and NFR Contracts.

16. Any reply to this Objection should be served upon Phillips Lytle LLP, 3400 HSBC Center, Buffalo, New York 14203, Attn:  Angela Z. Miller, Esq.

## Memorandum of Law

17. Because the legal points and authorities upon which NFR relies for purposes of this Objection are incorporated into the Objection, NFR respectfully requests that the

Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

### Reservation of Rights

18. NFR reserves the right (a) to amend, supplement, or otherwise modify this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, the Cure Amount, and/or adequate assurance of future performance with respect to the proposed assumption and assignment of the NFR Contracts.

### Conclusion

WHEREFORE, NFR respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Notice to the extent it requests relief inconsistent with this Objection, and (b) providing NFR with such other and further relief as is appropriate.

Dated: June 18, 2009
        Buffalo, New York

PHILLIPS LYTLE LLP

By:    s/Angela Z. Miller
      Angela Z. Miller
      Allan L. Hill
Attorneys for National Fuel Resources, Inc.
Suite 3400
One HSBC Center
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
   and
437 Madison Avenue, 34th Floor
New York, New York   10022
Tel. 212-759-4888

Doc # 01-2299834.2