### UNITED STATES BANKRUTPCY COURT
### SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF:

GENERAL MOTORS CORP, *et al.*,

      Debtors.

_____/

Bankruptcy Case No. 09-50026 (REG)
Honorable Robert E. Gerber
Chapter 11
Jointly Administered

---

## MCM MANAGEMENT CORP., INC.'S OBJECTION TO NOTICE OF (I) DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

MCM Management Corp., Inc. ("Creditor"), by and through its counsel McAlpine & Associates, P.C., respectfully files this objection to the Notice of Intent to Assume and Assign Certain Contracts and Cure Costs Related Thereto ("Notice"):

1.    On June 1, 2009 ("Petition Date") General Motors Corp, *et. al.* ("Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.    On June 1, 2009 Debtors filed a motion pursuant to 11 U.S.C. § 365 for an order authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Motion").

3.    In the Motion, Debtors ask this Court to approve their proposed sale of substantially all of their assets to Vehicle Acquisition Holdings LLC ("Purchaser"). They also ask the Court to approve procedures for assuming and assigning contracts to Purchaser.

4.    Debtors served a Notice dated June 5, 2009 upon Creditor, indicating their intent to assume and assign certain executory contracts ("Creditor's Designated Agreements") that exist between Creditor and debtor General Motors Corp. ("GM"). More specifically, Debtors have identified Purchase Order No. GMS23512 and Purchase Order No. BGS52642.

5.    Debtors appear to contend that the sum of $33,988.95 is required to be paid to cure their obligations under P.O. No. GMS23512, and nothing is required to cure their obligations under P.O. No. BGS52642.

6.    Accordingly, in order to assume and assign the Creditor's Designated Agreements, Debtors contend that a total of $33,988.95 is due. This cure amount was listed on Debtors' website and is attached hereto as **Exhibit A**.

7.    The cure payment that in fact is required for P.O. No. GMS23512 is $584,689. This reflects not only the $33,988.95 that Debtors claim to be the cure amount, but also substantial cost overruns and delay costs due to GM's actions and inactions.

8.    Specifically, GM hindered Creditor's timely advancement of that contract, which involved the demolition of a GM plant in Lansing, Michigan. GM failed to provide a required site grading plan; it required that Creditor remove concrete footings (although the contract only calls for slab removal); and it required that Creditor install a green belt around the project, which is not covered by the contract. To date, the contract remains incomplete due to GM's delays and additional work demands.

9.    Prior to the commencement of this action, Creditor informed GM of its contract claims. Exhibit B includes the calculations supporting Creditor's claim under P.O. No. GMS23512, together with a Claim of Lien filed pursuant to it. Further support for Creditor's claim is available at the undersigned counsel's office.

10.   Creditor's Designated Agreements cannot be assumed without the concurrent cure of all arrearages. 11 U.S.C. § 365(b) requires a debt to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).

11.   Before Debtors can assume and assign the Creditor's Designated Agreements, Debtors must cure the entire arrearage owed to Creditor.

12.    The amount set forth in paragraph 7 is the pre-petition amount owed on P.O. No. GMS23512. There may, however, be additional cure obligations arising from any post-petition defaults, pending the actual assumption and assignment of the Creditor's Designated Agreement. Accordingly, Creditor reserves the right to assert additional cures or other amounts against Debtors, their estates, or the Purchaser in the event of any post-petition (but pre-assumption) defaults.

**WHEREFORE**, Creditor MCM Contractors Cop., Inc., respectfully requests that, prior to the assumption and assignment of P.O. No. GMS23512, the Court require the amount of cure payment to be increased to $584,689.

Respectfully submitted,

_(pro hac pending)_
Don W. Blevins
MCALPINE & ASSOCIATES, P.C.
3201 University Drive, Suite 100
Auburn Hills, MI 48326
(248) 373-3700
dwblevins@mcalpinelawfirm.com

Dated:  June 12, 2009

# UNITED STATES BANKRUTPCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**IN THE MATTER OF:**

GENERAL MOTORS CORP, *et al.,*

    Debtors.

Bankruptcy Case No. 09-50026 (REG)
Honorable Robert E. Gerber
Chapter 11
Jointly Administered

_____/

## PROOF OF SERVICE

Don W. Blevins certifies that on the 12th day of June, 2009 that a copy of **MCM Management Corp., Inc.'s Objection to the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts and Cure Costs Related Thereto** and this **Proof of Service** was served upon all parties listed below, electronically and/or by depositing same in a United States Postal Box located in Auburn Hills, Michigan, with postage fully prepaid thereon.

**Office of the United States Trustee**
Attn: Diana G. Adams, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004

**General Motors Corporation**
Attn:  Warren Command Center,
Mailcode 480-206-114
Cadillac Building
30009 Van Dyke Avenue
Warren Michigan  48090-9025

**Weil, Gotshal & Manges, LLP**
Attn: Harvey Miller, Esq.
    Stephen Karotkin, Esq.
    Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, NY 10153
*Attorney for the Debtors*

**Cadwalader, Wickersham & Taft LLP**
Attn: John Rapisardi, Esq.
One World Financial Center
New York, New York 10281
*Attorney for Purchaser*

**Cleary Gottlieb Steen & Hamilton LLP**
Attn: James L. Bromley, Esq.
One Liberty Plaza
New York, New York 10006
*Attorney for UAW*

**Vedder Price, P.C.**
Attn: Michael J. Edelman, Esq.
    Michael L. Schein, Esq.
1633 Broadway
47th Floor
New York, New York 10019
*Attorneys for Export Development Canada*

**U.S. Treasury**
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220

**Cowen Weiss and Simon LLP**
Attn: Babette Ceccotti, Esq.
330 W. 42nd St
New York, New York
*Attorney for UAW*

**U.S. Attorney's Office**
S.D.N.Y.
Attn: David S. Jones, Esq.
     Matthew L. Schwartz, Esq.
86 Chambers Street, Third Floor
New York, New York 10007

**Kramer Levin Naftalis & Frankel LLP**
Attn: Gordon Z. Novod, Esq.
1177 AVENUE OF THE AMERICAS
New York, NY 10036
*Attorney for Creditors Committee*

_(pro hac pending)_
Don W. Blevins
MCALPINE & ASSOCIATES, P.C.
3201 University Drive, Suite 100
Auburn Hills, MI 48326
(248) 373-3700
dwblevins@mcalpinelawfirm.com

Dated: June 12, 2009

## Contract Notices

User: YGq228AB

My Contracts    Documents & Links

### Supplier Details

Vendor Master ID: **013013136**

| | |
|---|---|
| Supplier Name: **MCM MANAGEMENT CORP** | |
| Contract Cure Amount: **$33,988.95** | Click here to view Contract Cure Amount Details |
| # of Contracts: **2** | |

### Contracts

| Row ID | GM Contract ID | Vendor ID | Counter Party Name | Contract Type | Contract Status |
|---|---|---|---|---|---|
| 5716-00095859 | BGS52642 | 013013136 | MCM MANAGEMENT CORP | Agreement | Noticed |
| 5716-00116661 | GMS09374 | 013013136 | MCM MANAGEMENT CORP | Agreement | Noticed |

Hover mouse cursor here for Contract Status Legend

Important Notices:     All capitalized terms used, but not defined expressly on this website, have the meaning ascribed to such terms in that in the sale motion.

Purchaser's designation of a purchase order as "Noticed" also means that the Purchaser is designating for assumption and assignment all agreements expressly incorporated into and/or referenced in such purchase order.

All contract descriptions that appear in the "Contract ID" field are for purposes of contract identification only and shall not be binding on the Debtors or the Purchaser, as the case may be, or serve as an admission, for any purposes in the debtors' chapter 11 cases, including determining the parties' substantive rights under the contract, establishing the executory nature of a contract or establishing the Debtors' proposed treatment of the contract for purposes of contract assumption and assignment.

Home   Logout                          June 12, 2009 @ 12:11:29 PM                   Copyright © 2009 AlixPartners, LLP  [41]

## Contract Notices



User: YGq228AB

My Contracts    Documents & Links

## Supplier Details                                      Vendor Master ID: **013013136**

| Supplier Name: **MCM MANAGEMENT CORP** |
|---|
| Contract Cure Amount: **$33,988.95** |
| # of Contracts: 2    Click here to view Contracts |

**Cure Amount Details**

| Remit DUNS | PO Number | BOL | Document Date | Due Date | Amount | |
|---|---|---|---|---|---|---|
| RD825560618 | GMS23512 | 517002 | 5/21/2009 | STAYED | $33,988.95 | USD |

Important Notices:    All capitalized terms used, but not defined expressly on this website, have the meaning ascribed to such terms in that in the sale motion.

Purchaser's designation of a purchase order as "Noticed" also means that the Purchaser is designating for assumption and assignment all agreements expressly incorporated into and/or referenced in such purchase order.

All contract descriptions that appear in the "Contract ID" field are for purposes of contract identification only and shall not be binding on the Debtors or the Purchaser, as the case may be, or serve as an admission, for any purposes in the debtors' chapter 11 cases, including determining the parties' substantive rights under the contract, establishing the executory nature of a contract or establishing the Debtors' proposed treatment of the contract for purposes of contract assumption and assignment.

Home    Logout                        June 12, 2009 @ 12:10:21 PM                        Copyright © 2009 AlixPartners, LLP  | (41)

**517**                                    **Lansing 6**

| | | |
|---|---|---|
| ACM tile between slabs | $ | 33,988.00 |
| Additional ACM Bldg.15/Plant6 | $ | 11,053.00 |
| Additional Labor | $ | 131,859.03 |
| Additional Equipment | $ | 337,400.00 |
| Overhead | $ | 70,388.85 |

**Lien Claim:**                        **$        584,688.88**

Prior Payment:                        $        223,497.00

Contract with Extras:                $        808,185.88



B: 3346 P: 850 05/28/2009 04:07 PM    Pages: 1
2009-022688 CONSTRUCTION LIEN/CLAIM OF LIEN Receipt #52315
Curtis Hertel Jr., Ingham County, Michigan

## CLAIM OF LIEN

Notice is hereby given that on the 19th day of December, 2005, MCM Management Corp., Inc., whose address is 35980 Woodward Ave., Suite 210, Bloomfield Hills, MI 48304, first provided labor or material for an improvement to the property located at 401 N. Verlinden, Lansing, Michigan 48915, more particularly described as:

> COM SW COR VIRLINDEN AVE & OSBORN RD, TH S 1737.57
> FT TO N LINE MICHIGAN AVE, W 1191.37 FT TO E LINE LM
> RR R/W, N'LY TO A POINT ON S LINE SAGINAW ST RELOCATED
> LYING 72.1 FT E & 247.44 FT S OF NW COR SEC 17, NE'LY
> ALONG R/W TO W LINE STANLEY ST, S TO S LINE OSBORN RD,
> E TO BEG; SEC 17 T4N R2W.

> PARCEL NO. 33-01-01-17-101-023

The Owner of the above described real property is General Motors Corporation. The last day of providing labor or material was May 12, 2009. The lien claimant's contract amount, including extras, is $808,185.88. The lien claimant has received payment in the total amount of $223,497.00 and therefore claims a construction lien upon the above described real property in the amount of $584,688.88.

MCM Management Corp., Inc.

By: _____

Don W. Blevins (P64146)
Its:   Attorney

State of Michigan    )
                     )ss.
County of Oakland    )

Subscribed and sworn to before me this
____ day of May, 2009.

_____
Erin Lynn Cummings, Notary Public
Oakland County, MI
Acting in Oakland County, MI
My commission expires: 03/05/2015

Prepared By and When
Recorded Return To:

Don W. Blevins, Esq.
McAlpine & Associates, P.C.
3201 University Drive, Suite 100
Auburn Hills, MI 48326

2009 MAY 28 PM 3:32
INGHAM COUNTY
REGISTER OF DEEDS