Michael Reed
MCCREARY, VESELKA, BRAGG, AND ALLEN, P.C.
P. O. Box 1269
Round Rock, Texas 78680
512-323-3200 Telephone
512-323-3205 Facsimile
Attorneys for County of Bastrop, et al.

Lawrence P. Eagel (LE4505)
BRAGAR WEXLER EAGEL & SQUIRE, PC
885 Third Avenue, Suite 3040
New York, NY 10022
Phone: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
Local counsel for County of Bastrop, et al.

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ir re: | CASE NO. 09-50026 |
| GENERAL MOTORS CORPORATION, et al., | CHAPTER 11 |
| Debtors. | Jointly Administered |

OBJECTION TO DEBTORS' MOTION TO (I) APPROVE (A) THE SALE
PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH
VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER
RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME County of Bastrop, Texas, Tax Appraisal District of Bell County, County of

Bowie, County of Brazos, City of Bryan, Bryan Independent School District, County of Burnet,

County of Comal, County of Coryell, City of Copperas Cove, City of Gatesville, Central Texas

College, Gatesville Independent School District, County of Denton, County of Floyd, City of

Floydada, Caprock Hospital District, Floydada Independent School District, High Plains

Underground Water Conservation District #1, Mackenzie Municipal Water Authority, County of Freestone, City of Teague, Teague Hospital District, Teague Independent School District, Pine Tree Independent School District, County of Guadalupe, City of Seguin, City of Selma, Seguin Independent School District, Navarro Independent School District, County of Hardin, County of Harrison, City of Longview, Hallsville Independent School District, County of Henderson, City of McGregor, City of Waco, McGregor Independent School District, Waco Independent School District, McLennan County Education District, City of Midland, Midland County Hospital District, Midland Independent School District, Midland County Junior College District, County of Taylor, City of Abilene, City of Tye, Abilene Independent School District, Merkel Independent School District, (hereinafter referred to as "County of Bastrop, et al" or the "Texas Ad Valorem Tax Authorities"), and file their Objection to Debtors' Motion to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens..., and would show the Court the following:

I.

Bastrop County, et al are political subdivisions of the State of Texas.

II.

These Texas Ad Valorem Tax Authorities hold secured claims for property taxes for the tax year 2009 on the Debtor's property described as real and business personal property located in these tax jurisdictions. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, secured claims against the Debtor's property and are entitled to priority over other secured claims under 11 USC § 506.

III.

The laws of the State of Texas, Property Tax Code, Sections 32.01 and 32.05(b), give the tax liens securing these property taxes superiority over the lien of any other claim or lien against this property. These tax claims are entitled to priority as secured claims, and over other secured claims, under 11 USC Section 506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal

Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

## IV.

These Texas Ad Valorem Tax Authorities specifically object to the propposed sale in three regards as follows:

### A. Permitted Encumbrances

Section 2.1 of the Master Sale and Purchase Agreement ("MPA") states that the Purchased Assets will be conveyed free and clear of liens other than Permitted Encumbrances. Section 1.2(vi) of the MPA includes among Permitted Encumbrances:

> (vi) *statutory liens for current Taxes not yet due, payable or delinquent* (or which may be paid without interest or penalties) or liens for Taxes, the validity or amount of which is being contested in good faith by appropriate proceedings, and *in each case for which appropriate reserves have been established* (and to the extent that such liens relate to a period ending on or before December 31, 2008, the amount of any such Liability is accrued or reserved for as a Liability in accordance with GAAP in the audited consolidated balance sheet of Sellers at December 31, 2008);
> 
> MPA Section1.2(vi) (Italics added)

The liens securing the 2009 taxes of these Texas Ad Valorem Tax Authorities are "statutory liens for current Taxes not yet due, payable or delinquent", but the subsequent qualifier *"in each case for which appropriate reserves have been established"* creates uncertainty as to whether these current taxes are Permitted Encumbrances or not. Traditionally, while Reserves may be required "for Taxes, the validity or amount of which is being contested in good faith by appropriate proceedings..." they are not normally required for current Taxes not yet due or payable. But in the language of this definition, the qualifier *"in each case"* seems to require that *"appropriate reserves have been established"* regarding current year Taxes as well.

It would seem to be the appropriate intention that the current year tax liens of these Texas Ad Valorem Tax Jurisdictions would pass through this sale proceeding as Permitted Encumbrances, but in such case, clarification is necessary that the requirement of a reserve does not apply to such Taxes.

However, to the extent that entitlement of these current year property taxes does depend

on "appropriate reserves" having been established, these Texas Ad Valorem Tax Jurisdictions are unaware that any reserves have been established for their specific claims, or whether or not such reserves, if any, are sufficiently "appropriate" for their liens to be entitled to Permitted Encumbrance status.

Thus, unless clarification is made that the requirement of "Appropriate Reserves" does not apply to "statutory liens for current Taxes not yet due, payable or delinquent", these Texas Ad Valorem Tax Authorities will need clear information as to what reserves have been set aside for their current year Taxes, and whether such reserves are deemed "appropriate" by all necessary parties.

### B. Assumed Liabilities

These Texas Ad Valorem Tax Authorities further require clarification that the assumption of liabilities language in the MPA Section 2.3(a)(v) is intended to include pre-petition ad valorem Taxes on assets being conveyed.

Clarification is needed to be sure that the provision including as assumed those liabilities "(B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order" includes those tax liabilities authorized by the Court to be paid in that "Order Pursuant to 11 U.S.C. §§ 363(b),507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments", entered by this Court on June 1, 2009, and is intended to provide for the assumption by the purchasers of unpaid pre-petition property taxes on assets being conveyed by the sale.

### C. Sale Free and Clear

Finally, these Texas Ad Valorem Tax Authorities object to the form of the Sale Order inasmuch as while it repeatedly refers to the sale as being "free and clear of all liens, claims and encumbrances", it does not specify that the property being conveyed will be subject to the Permitted Encumbrances itemized in the MPA.

V.

WHEREFORE, Bastrop County, et al, pray that the Court order 1) clarification sufficient to assure that the current year tax liens of these Texas Ad Valorem Tax Authorities are included as Permitted Encumbrances, 2) clarification that the ad valorem property Taxes on the property being conveyed are clearly included in Assumed Liabilities, and 3) that the Sale Order reflect

that the property being conveyed will remain subject to Permitted Encumbrances, and further request other and such relief as is just and proper.

Dated: June 17, 2009

Respectfully submitted,

/s/ Michael Reed
Michael Reed
State Bar Number 16685400
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants, County of Bastrop, et al.
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200 Telephone
(512) 323-3205  Facsimile
Attorneys for County of Bastrop, et al.

/s/ Lawrence P. Eagel
Lawrence P. Eagel (LE 4505
BRAGAR WEXLER EAGEL & SQUIRE, PC
885 Third Avenue, Suite 3040
New York, NY 10022
Phone: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
Local counsel for County of Bastrop, et al.