GEOFFREY S. WAY, Chief Counsel  Sale Approval Hearing Date:  June 30, 2009 at 9:45 a.m.
TODD M. BAILEY, Tax Counsel IV  Sale Motion Objection Deadline:  June 19, 2009, 5:00 p.m.
CALIFORNIA FRANCHISE TAX BOARD
P.O. Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720
Telephone (916) 845-6340
Facsimile:  (916) 855-5607

Attorneys for California Franchise Tax Board

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**In re:**               :   **CHAPTER 11**
                  :
**GENERAL MOTORS CORP.,** *et al.,*   :   **Case No. 09-50026 (REG)**
                  :
                  :   **(Jointly Administered)**
         **Debtors.**    :
------------------------------------------------------------X

### CALIFORNIA FRANCHISE TAX BOARD'S
### LIMITED OBJECTION TO DEBTORS' § 363 SALE MOTION

The California Franchise Tax Board ("FTB"), appearing through counsel, on behalf of itself and no other agency of the State of California, responds as follows to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m) and 365, etc. (the "Motion") [docket item 92].[1]

1.   FTB is responsible for administering the California Corporation Tax, which includes a tax measured by net income on corporations doings business in California.  Cal. Rev. & Tax. Code §§ 19501 and 23151.

---

[1] Concurrently with the filing of this limited objection, the undersigned has filed a Motion for Admission to Practice *Pro Hac Vice*.

2.      FTB raises herein four objections to the Motion.  First, it is unclear from the Master Sale and Purchase Agreement (the "Agreement") who will be responsible for paying the debtors' prepetition California Corporation Tax obligations.  More specifically, it is unclear whether these tax obligations are Assumed Liabilities under Section 2.3(a)(v) of the Agreement, which would require the Purchaser to pay them.  That subsection includes within Assumed Liabilities "all Liabilities of Sellers . . . (B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order . . . ."  On June 1, 2009, this Court entered an Order Pursuant to 11 U.S.C. §§ 363(b), 507(a)(8), 541 and 105(a) Authorizing the Debtors to Pay Prepetition Taxes and Assessments, which provided, among other things, "that the Debtors are authorized, but not directed, in their sole discretion, to pay all Taxes and Assessments relating to periods prior to the Commencement Date . . . ."  Based on Section 2.3(a)(v) of the Agreement and this June 1, 2009 order, the debtors' prepetition tax obligations to FTB appear to be Assumed Liabilities under the Agreement that will be paid by the Purchaser.  Because this is not clearly the intent of the Agreement, prior to approval of the same, the debtors should be required to make their intent related to their prepetition obligations to FTB known to the Court and creditors so that the Court and creditors may determine whether the agreement should be approved and to FTB so that FTB is aware of the effect of the Agreement.

3.      Second, because prepetition claims of FTB may be priority claims under Bankruptcy Code § 507(a)(8)(A), these priority claims must be paid in full under any confirmed plan in this case under Bankruptcy Code § 1129(a)(9)(C).  Accordingly, if the debtors' intent is that the Purchaser will not be responsible for the prepetition claims of FTB, then the Court

should require, as a condition to approving the Agreement, that the debtors demonstrate that they will be able to pay and will pay prepetition tax obligations owed to FTB to the extent that they are priority claims.

4.    Third, paragraph 28 of the proposed order approving the Agreement appears to impermissibly eliminate the setoff and recoupment rights of taxing authorities, including those of FTB, in violation of Bankruptcy Code §§ 362(b)(26) (authorizing set-offs of prepetition income tax liabilities and prepetition income tax refunds), 363(e) (requiring adequate protection of interests in property) and 553 (preserving set-off rights).  Accordingly, the order should be modified to state that, "notwithstanding anything to the contrary herein or in the agreements approved hereby, the setoff and recoupment rights of the taxing authorities are preserved."

5.    Fourth, paragraph 39 of the proposed order states:  "No law of any state or other jurisdiction, including bulk sales law or similar law, shall apply in any way the transaction contemplated by the 363 Transaction, the MPA, the Motion, and this Order."  The debtors are required to comply with state laws, including tax laws, during Chapter 11.  11 U.S.C. §§ 959(b) and 960.  Accordingly, this provision must either be stricken or the debtors' obligations to comply with tax laws must be specifically stated to be preserved notwithstanding this provision.

Wherefore, FTB respectfully requests that any order granting the Motion (i) provide clarification of whether FTB's claims against the debtors are Assumed Liabilities under the Agreement, (ii) provide that, if FTB's claims are not Assumed Liabilities under the Agreement, approval of the Agreement is conditioned on the debtors demonstrating that any priority claims of FTB will be paid in full, (iii) preserve the setoff and recoupment rights of taxing authorities, including FTB, and (v) preserve all state tax laws.

Dated:  Sacramento, California
        June 18, 2009

CALIFORNIA FRANCHISE TAX BOARD
GEOFFREY S. WAY, Chief Counsel


/s/ Todd M. Bailey
TODD M. BAILEY, Tax Counsel IV

CALIFORNIA FRANCHISE TAX BOARD
P.O. Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720
Telephone (916) 845-6340
Facsimile:  (916) 855-5607

Attorneys for California Franchise Tax
Board