UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In Re: | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., et al, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| _____/ | |

**PROTECTIVE CONTRACT OBJECTION OF RIDGEVIEW INDUSTRIES, INC.**

NOW COMES Ridgeview Industries, Inc., by and through its counsel, Dunn, Schouten & Snoap, P.C., and for its protective objection to the Debtors' Notice of Intent to Assume and Assign Certain Executory Contracts and the Cure Amounts related thereto, states as follows:

1. Ridgeview Industries, Inc. ("Ridgeview") has been identified as an Essential Creditor by the Debtors and Ridgeview has signed and submitted a Trade Agreement to the Debtors.

2. Ridgeview on June 11, 2009 received the Debtors' "Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related thereto. ("Notice").

3. Paragraph 7 of the Notice requires any objections to the proposed assumption and assignment of the Assumable Executory Contracts, including objections to the Cure Amount, be made within ten (10) days after the date of the Notice. While the Notice is dated June 5, 2009, Ridgeview did not receive the Notice until June 11, 2009 and therefore submits that this Protective Objection is timely filed.

1

4. The communication from the Debtors provided information for Ridgeview to examine online the Cure Amount for the Ridgeview Assumable Executory Contracts. Ridgeview utilized the online inspection and discovered that 643 contracts were identified to be assumed, however, the Cure Amounts were left blank.

5. Ridgeview's representatives and the undersigned attorney for Ridgeview phoned the designated 888 number (the "Call Center") and were advised that the Cure Amount was an "open issue" still to be determined.

6. Since the Debtors have not identified an amount to be paid as the "Cure Amount", Ridgeview files this provisional objection and requests that the Court direct the Debtors to identify and disclose the proposed Cure Amount so that Ridgeview can determine if further objections are warranted.

WHEREFORE, Ridgeview respectfully requests that the Court set this objection for hearing to determine the Cure Amount, and for such further relief as the Court deems just and equitable.

Respectfully Submitted,

DUNN, SCHOUTEN & SNOAP, P.C.

Date: June 18, 2009

By: /s/ Thomas W. Schouten
Thomas W. Schouten (P23060)
Attorneys for Ridgeview Industries, Inc.
**Business Address and Telephone:**
2745 DeHoop Ave. SW
Wyoming, MI 49509
(616) 538-6380
Email: tschouten@dunnsslaw.com