UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHER DISTRICT OF NEW YORK

-----------------------------------------------------------------X
In re:                                              : Chapter 11
                                                    :
**GENERAL MOTORS CORP.,** *et al.*,                 : Case No. 09-50026 (REG)
                                                    : Jointly administered
                    **Debtors**.                    :
                                                    :
-----------------------------------------------------------------X

## SUPERVALU'S RESPONSE AND RESERVATION OF RIGHTS REGARDING DEBTORS' ASSUMPTION NOTICE AND PROPOSED CURE AMOUNT

SUPERVALU INC. ("SUPERVALU") files this response and reservation of rights to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009 ("Assumption Notice") to, among other things, preserve its rights under the Fleet Agreement (defined below) with General Motors Corp. ("GM"), including its claim for accrued Incentive Payments (defined below).[1]

**Background; Fleet Agreement**

1. SUPERVALU is a Fortune 500 company and leader in the grocery retailing industry with a retail network of more than 2500 stores and serving over 5000 retail end points by its supply chain and support services.

2. SUPERVALU is a party to the General Motors National Fleet Purchase Program, including the 2009-2010 Model Year Competitive Assistance Program ("Fleet Agreement").

---

[1] Pursuant to the agreement between counsel to SUPERVALU and the Debtors, SUPERVALU's time to respond to the Assumption Notice was extended to June 20, 2009.

3. Under the Fleet Agreement, GM agrees to pay SUPERVALU allowances, pricing incentives, and bonuses ("Incentive Payments") to promote purchases of GM vehicles by SUPERVALU.

4. The amount of Incentive Payments varies with the number of vehicles purchased. Under the Fleet Agreement and the practice of parties, the Incentive Payments accrue during the calendar year and are calculated at year end. GM then pays SUPERVALU the amount of Incentive Payments in a lump sum promptly after the year-end calculation.

5. As of May 31, 2009, the amount of Incentive Payments that had accrued was at least $58,500.

**Assumption Notice**

6. Pursuant to the Assumption Notice, the Debtors have identified the Fleet Agreement as among the assumable executory contracts that may be assumed as part of the Master Sale and Purchase Agreement (as described in the Assumption Notice).

7. The Fleet Agreement is identified under Vendor Master ID: 5716-00748381, GM Contract ID: 1872, and Vendor ID: 883884 (SUPERVALU, Inc.).

8. According to the Contract Website identified in the Assumption Notice, no cure amount is listed or owed under the Fleet Agreement as of the Debtors' bankruptcy filing date, June 1, 2009 ("Petition Date").

**Accrued Obligations and Cure Amounts**

9. As recounted above, under the Fleet Agreement, Incentive Payments accrue during the calendar year and are paid after the year-end calculations are made. As of the Petition Date, the amount of accrued Incentive Payments is at least

$58,500. SUPERVALU expects that the amount of Incentive Payments accruing under the Fleet Agreement will continue to increase.

10. SUPERVALU does not object to the assumption of the Fleet Agreement. GM is not in default of its Incentive Payment obligations under the Fleet Agreement. Upon assumption, the accrued Incentive Payments are not payable immediately. However, the Debtors' accrued obligations under the Fleet Agreement are not zero.

11. Under the Master Sale and Purchase Agreement among the Debtors and Vehicle Acquisition Holdings LLC ("MPA") and the proposed Order Approving the 363 Sale ("Proposed Sale Order") (as those documents appear at the website gmcourtdocs.com on June 18, 2009), the term "Cure Amounts" is expressly linked to a monetary default under an assumable executory contract. MPA at p.5; Proposed Sale Order at p. 22.

12. However, the Proposed Sale Order also speaks to terminating liabilities "arising or accruing prior to the date of the Closing ...." *Id.*

13. Therefore, to preserve its rights to receive the accrued Incentive Payments and dispel any suggestion that it waives any rights, SUPERVALU files this response to preserve all its rights under the Fleet Agreement, including its claim to the Incentive Payments that are accrued as of the Petition Date.

14. If the Fleet Agreement is assumed, then the entire amount of Incentive Payments, including those accrued as of the Petition Date, will be payable after the year-end calculation is performed.

15. If the Fleet Agreement is rejected, then SUPERVALU retains its claim for all obligations under the Fleet Agreement, including the Incentive Payments accrued as of the Petition Date.

16. SUPERVALU also requests that the Court grant such other and further relief as the Court deems appropriate.

Dated: June 18, 2009
  Mineola, New York

>  WESTERMAN BALL EDERER MILLER
>  & SHARFSTEIN, LLP
>
>  By: s/Eric G. Waxman III
>    Eric G. Waxman III
>    170 Old Country Road, Suite 400
>    Mineola, New York 11501
>    (516) 622-9200 (telephone)
>    (516) 622-9212 (facsimile)
>
>    *Attorneys for SUPERVALU INC.*

209250