Objection Deadline: June 19, 2009
Hearing Date: June 30, 2009

Norman W. Bernstein
N.W. Bernstein & Associates, LLC
800 Westchester Avenue, Suite 319 North
Rye Brook, NY 10573
(914) 358-3500
nwbernstein@nwbllc.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
GENERAL MOTORS CORP., et al.,               :    Case No. 09-50026 (REG)
                                            :
                                            :
    Debtors.                                :    (Jointly Administered)
                                            :
                                            x
---------------------------------------------------------

**LIMITED OBJECTION OF THE ENVIRONMENTAL CONSERVATION AND CHEMICAL CORPORATION SITE TRUST FUND ("THE TRUST") TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER**

The Trustees of the Environmental Conservation and Chemical Corporation Site Trust Fund ("The Trustees") object to Section 2.3(a)(viii) of the Proposed Master Sale and Purchase Agreement (hereafter "Proposed Sale Agreement") - the assumed liabilities subparagraph relating to Liabilities arising under any Environmental Law.[1]

Section 2.3 in the Proposed Sale Agreement presently reads as follows:

"(a) The '<u>Assumed Liabilities</u>' shall consist only of the following Liabilities of Sellers:…

---

[1] Pursuant to Article I of the Proposed Sale Agreement, Definitions, the term " 'Environmental Law' means any Law in existence on the date hereof relating to the management or Release of, or exposure of humans to, any Hazardous Materials; or pollution; or the protection of human health and welfare and the Environment."

    (viii) all Liabilities arising under any Environmental Law (A) relating to conditions present on the Transferred Real Property, other than those Liabilities described in **Section 2.3(b)(iv)**, (B) resulting from Purchaser's ownership or operation of the Transferred Real Property after the Closing or (C) relating to Purchaser's failure to comply with Environmental Laws after the closing;"

  As set forth in the Affirmation accompanying this Objection, General Motors Corp. ("GM"), along with other companies, entered into a Consent Decree with the United States and the State of Indiana to implement a clean-up of Hazardous Materials at the EnviroChem Superfund Site in Zionsville, Indiana ("the Site"). The Site is on EPA's National Priority List of the country's most significant environmental sites. The Consent Decree was approved by the United States District Court for the Southern District of Indiana in September 1991.

  Pursuant to the Consent Decree, a Trust Fund was created to carry out the settling companies' (including GM's) obligations under the Consent Decree. GM signed both the Consent Decree and the Trust Agreement.

  One of the obligations of the Trustees is to make assessments to the settling companies to fund the Trust as needed in the ordinary course to implement the remedy for the site approved by the United States Environmental Protection Agency ("EPA"). GM was and remains the settling defendant under the Consent Decree with the largest single share of responsibility for the clean-up of the Site.

  On April 20, 2009, the Trustees issued an assessment (dated April 16, 2009) to each of the settling companies, including to GM, in the total amount of $500,000.00. GM's share of the assessment was $62,591.00. The assessment was due and payable to the Trust on May 21, 2009.

Shortly before that date, the Trust was notified by telephone by GM's representative to the Trust that GM would not honor its obligations under the Consent Decree and the Trust to pay its assessment. The Trustees requested GM to reconsider its position and was subsequently notified by GM that it would not reconsider.

Thereafter, on June 1, 2009, GM initiated these bankruptcy proceedings. No notice of these proceedings or the final date to file the objections to the Proposed Sale Agreement, June 19, 2009, was received by the Trust from GM. The Trustees learned of these proceedings and the bar date for objecting to the Proposed Sale Agreement through other means.

At the time of GM's dishonoring its obligations under the Environmental Laws, GM had received billions of dollars of public money from the United States and has since received many more billions of dollars from the United States. Under these circumstances, this Court should use its equitable powers to decline to approve the Purchase Agreement unless the assumed liabilities subsection, Sec. 2.3(a)(viii), is amended as follows:

1. Deleting the word "or" before clause (C) and substituting a comma before clause (C);

2. Deleting the semicolon at the end of clause (C), and;

3. Adding the following:

> "or (D) relating to the clean-up of hazardous waste sites under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) as to which General Motors (i) has heretofore entered into a Consent Decree under CERCLA that has been approved by a United States District Court, and (ii) failed to make a payment that was due prior to June 1, 2009 to a fiduciary under the terms of the Consent Decree and any trust created pursuant thereto, provided that the site was listed as of

3

June 1, 2009 on the National Priority List of the United States Environmental Protection Agency;"

Additionally, to avoid any inconsistency within the Proposed Sale Agreement as to Liabilities under Environmental Laws, the Retained Liabilities section, Section 2.3(b)(iv), should be amended by inserting the words "except as provided in **Section 2.3(a)(viii) clause (D)**," at the outset of that Section 2.3(b)(iv).

WHEREFORE, for the reasons set forth herein, the Trustees respectfully request that the Proposed Sale Agreement not be approved unless it is amended to require GM to meet a narrowly limited obligation under the Environmental Laws that was created under a Consent Decree approved by a United States District Court, was due and payable prior to June 1, 2009, and arises out of a site listed on EPA's National Priority List.

    Respectfully submitted,

    N.W. Bernstein & Associates, LLC
    Attorneys for the Trustees of the
    Environmental Conservation and Chemical
    Corporation Site Trust Fund

    */s/ Norman W. Bernstein*
    _____
    Norman W. Bernstein (NB5123)
    800 Westchester Avenue, Suite 319 North
    Rye Brook, NY 10573
    (914) 358-3500
    nwbernstein@nwbllc.com

Dated:  June 18, 2009

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS CORPORATION, et al., | ) | Case No. 09-50026 (REG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |

AFFIRMATION OF NORMAN W. BERNSTEIN

Norman W. Bernstein, under penalties of perjury affirms:

1. I am a Trustee of the Environmental Conservation and Chemical Corporation Site Trust Fund ("the Trust").

2. The Environmental Conservation and Chemical Site, a/k/a the Envirochem Site, ("the Site") is located in Zionsville, Indiana. The Site has been designated by the United States Environmental Protection Agency ("EPA") as a hazardous waste facility under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") or the "Superfund" statute.

3. The Site is listed by EPA on its National Priority List of the most significant hazardous waste sites in the United States.

4. The Trust was created pursuant to the terms of a Consent Decree among a large number of companies and the United States and the State of Indiana. The Consent Decree was approved by the United States District Court for the Southern District of Indiana in September 1991.

5. One of the obligations of the Trustees of the Trust is to make periodic assessments to the Settling Defendants that entered into the Consent Decree to provide sufficient

funds for the Trust to carry out the responsibilities of the Settling Defendants under the Consent Decree to fund the cleanup of the Site.

6. On April 20, 2009, the Trustees of the Trust issued an assessment (dated April 16, 2009) to each of the settling companies including to General Motors, Corp. ("GM") in the total amount of $500,000.00. GM's share of the assessment was $62,591.00. The assessment was due and payable to the Trust on May 21, 2009.

7. On or about May 20, 2009, I was informed by telephone by GM's representative to the Trust that GM would not honor its obligation to pay its share of the April 20, 2009, assessment.

8. Thereafter, I requested that GM reconsider its position and was informed by a GM in-house attorney on or about May 24 or May 25, 2009, that General Motors would not reconsider its position.

9. A copy of the Court Order approving the Envirochem Site Consent Decree is attached as Exhibit A, a copy of the Consent Decree including the signature pages of GM and the United States and the State of Indiana are attached as Exhibit B, a copy of the Trust Agreement including the signature page of GM is attached as Exhibit C, and the Notice of Assessment (dated April 16, 2009) issued by the Trustees on April 20, 2009 is attached as Exhibit D.

I AFFIRM UNDER PENALTIES FOR PERJURY THAT THE ABOVE REPRESENTATIONS ARE TRUE AND CORRECT.


*/s/ Norman W. Bernstein*
Norman W. Bernstein

Dated: June 18, 2009