PEPPER HAMILTON LLP                                    Hearing Date: 6/30/09 @ 9:45 a.m. (ET)
Nina M. Varughese, Esq. (NV 2347)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 981-4750
E-mail: varughesen@pepperlaw.com

- and -

Henry J. Jaffe (DE No. 2987)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
E-mail: jaffeh@pepperlaw.com
        carignanj@pepperlaw.com

Counsel for SKF USA Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                        :       Chapter 11
In re                                                   :
                                                        :       Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.,*                         :       (Jointly Administered)
                                                        :
        Debtors.                                        :
                                                        :
---------------------------------------------------------------x

**LIMITED OBJECTION OF SKF USA INC. TO DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 105, 363(B), (F), (K), AND (M), AND 365 AND FED. R. BANKR. P. 2002,
6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER
SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS
LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL
<u>HEARING</u>**

SKF USA Inc. ("SKF"), through its undersigned counsel, hereby respectfully

submits this limited objection (the "<u>Objection</u>") to the above-captioned debtors (the "Debtors")

#11137713 v2

Motion Pursuant To 11 U.S.C. §§ 105, 363(b), (f), (k), And (m), And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006, To (i) Approve (a) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (b) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (c) Other Relief; And (ii) Schedule Sale Approval Hearing (D.I. 92) (the "Sale Motion"), and in support of this limited Objection, SKF respectfully states as follows:

**Background**

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. SKF, through its business units and divisions, operates under various trade names, including (but not limited to), SKF Reliability Systems f/k/a Preventive Maintenance Company, Inc., SKF Industrial Division, SKF Sealing Solutions, Chicago Rawhide, CR Industries, CR Services, VSM, and SKF Automotive Division.

3. Prior to the Petition Date, and under numerous purchase orders, invoices and other documents related to the agreements for sale between the parties, SKF supplied the Debtors, in the ordinary course of their respective businesses, with various customized bearings, gasket and seal assemblies including replacement parts for service and maintenance (all deliveries of such goods and services referred to herein as the "Product").

4. As of the Petition Date, as more fully set forth below and in the exhibit to this Objection, upon information and belief, the Debtors owe no less than $1,305,358.55 on account of pre-Petition Date claims arising from transactions with SKF (together with any additional pre-petition obligations of the Debtors pertaining to SKF's pre-Petition Date claims,

-2-

#11137713 v2

the "Pre-Petition Claims") for Product sold and delivered pre-petition.  Post-petition, SKF has continued honoring Debtors' purchase orders in the ordinary course of business and has continued supplying Product to Debtors in accordance with such purchase orders and the parties' standard terms and conditions.  Further, SKF anticipates that it will supply additional Product to Debtors up to the date that the sale transaction for which Debtors seek approval in the Motion (the "Sale") closes and certain executory contracts between the Debtors and their suppliers (including SKF) are finally assumed and assigned to the purchaser of the Debtors' assets (the "Post Petition Claims" and, together with the "Pre-Petition Claims," the "SKF Claims").

5. In the ordinary course of the respective businesses of SKF and Debtors, certain amounts may be owed to the Debtors that the Debtors would be entitled to deduct from amounts the Debtors owe SKF.  Particularly, as of the Petition Date, Debtors were entitled to deduct a presently known liquidated, pre-petition total of $31,208.20 from amounts Debtors may owe on account of alleged overpayments Debtors may have made to SKF for certain pre-petition invoices (together with all other allowed deductions accruing until the date the Sale transaction closes and applicable executory contracts are assumed and assigned, the "SKF Debts").[1]

6. On the Petition Date, Debtors filed the Sale Motion, pursuant to which Debtors seek entry of a proposed order (the "Proposed Sale Order") authorizing (a) the sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings LLC (the "Purchaser"), pursuant to that certain Master Sale and Purchase Agreement dated June 1, 2009 (the "Purchase Agreement"), (b) the assumption and assignment of certain executory contracts and unexpired leases in connection with such sale, and (c) certain related relief.  On June 2, 2009, this Court

---

[1] The total of $31,208.20 represents the aggregate known, pre-petition, liquidated claims of Debtors against SKF.  To the extent that there are any additional pre-petition claims held by Debtors against SKF, SKF hereby preserves all rights with respect to such claims, including all setoff and recoupment rights.

-3-

#11137713 v2

entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

7. Pursuant to the Bidding Procedures Order, on or about June 5, 2009, the Debtors delivered a notice (the "SKF Assignment Notice") to SKF, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with SKF (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors identify $401,603.68 as the amount which they allege to be owing under the Assumed Contracts (the "Proposed Cure Amount"). The Proposed Cure Amount is substantially less than what is actually owed under the Assumed Contracts. Similarly, in a separate cure notice, the Debtors list SKF through its trade name SKF Reliability Systems and set forth an alleged cure amount of $0 for this SKF division. SKF Reliability Systems is not a separate legal entity – rather it is a business unit of SKF USA Inc.

8. The Proposed Sale Order provides that the Purchaser will acquire the assumed and assigned agreements ". . . free and clear of all liens, claims, encumbrances, or other interests of any kind or nature whatsoever, including rights or claims based on any successor or transfer liability, other than the Assumed Liabilities . . .". The Proposed Sale Order contains certain provisions that may be construed in a way that would limit the claims and rights to which contract counterparties are otherwise entitled under applicable law or the Purchase Agreement. For instance, the Proposed Sale Order limits the Proposed Cure Amounts to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, and such Order erroneously states that: "The Database maintained by the Debtors with respect to the Assumable Executory Contracts, which is

referenced and is accessible as set forth in the Assumption and Assignment Notice, reflects the ***sole amounts necessary*** under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the Assumable Executory Contracts . . . and no other amounts are or shall be due to the non-Debtor parties in connection with the assumption by the Debtors and assignment to the Purchaser of the Assumable Executory Contracts." (Proposed Sale Order, ¶ 22).[2]

9. Further, the Proposed Sale Order also improperly purports to "strip off" all setoff and recoupment rights held by creditors including contract counter-parties.  Particularly, paragraph 23 of the Proposed Sale Order provides, "[e]ach non-Debtor party to an Assumable Executory Contract is forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or the Purchaser, their successors or assigns, or their respective property, any default arising prior to, or existing as of, the Closing, or, against the Purchaser, any counterclaim, defense, setoff, or other Claim asserted or assertable against the Sellers . . .". (Id. at ¶ 23).  It provides no mechanism by which a secured claim arising on account of offset rights will be "adequately protected."

10. On June 15, 2009, SKF filed its Limited Objection to the Assignment Notices (the "Cure Objection"), merely to state the correct amount of its Pre-Petition Claims and to ensure that all of SKF's rights under section 365 of the Bankruptcy Code are honored in connection with assumption and assignment of the Assumed Contracts.[3]

---

[2]  The most recent contract identified on the Debtors' cure amounts website (the "Database") with respect to SKF is dated May 29, 2009.

[3]  SKF respectfully incorporates all of the factual assertions and legal arguments set forth in the Cure Objection herein by reference.

**Objection**

11.  SKF does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does SKF object to assumption of its executory contracts with Debtors and assignment thereof to Purchaser. SKF does object, however, to the Motion to the extent it would permit such assumption and assignment without either Purchaser or Debtors satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code § 365(b), (f), including the cure of all defaults existing as of the moment the contracts are assumed and assigned, and the assumption of all pending obligations not in default existing as of the moment the contracts are assumed and assigned. SKF further objects to the extent the Motion seeks to extinguish its valid and enforceable recoupment and setoff rights and any related secured claim arising in their favor by virtue of such setoff rights.[4]

**I.   SKF objects to the Sale Motion to the extent the Proposed Sale Order would relieve or limit Debtors' or Purchaser's obligation to satisfy all defaults and other accrued obligations arising under pre-petition executory contracts that are assumed or assumed and assigned.**

12.  SKF objects to the Sale Motion and the Proposed Sale Order because those documents could, standing together, be interpreted to improperly limit the Debtors' and Purchaser's obligations so that they would not have to: (a) cure <u>all defaults</u> existing <u>at the time executory contracts are assumed and assigned</u>; and (b) satisfy <u>all accrued obligations</u> that are not in default, but which nonetheless exist, <u>at the time executory contracts are assumed and assigned</u>.

13.  The Bankruptcy Code makes it clear that defaults must be cured as of the time of assumption. Bankruptcy Code section 365(b)(1) provides, in relevant part, "[i]f there has

---

[4]   SKF raises this Objection because setoff rights can, arguably, be extinguished through a sale under section 363(f) of the Bankruptcy Code unless they are preserved. *See, e.g., Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 263 (3d Cir. 2000); *The Shaw Group, Inc. v. Bechtel Jacobs Company, LLC (In re The IT Group, Inc.)*, 350 B.R. 166, 172 (Bankr. D. Del. 2006).

-6-

been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .".  11 U.S.C. § 365(b)(1).  And such defaults that must be cured include both pre-petition and post-petition defaults.  *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg E'prises., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747 (Bankr. S.D.N.Y. 1986); *Manhattan King David Restaurant, Inc. v. Levine*, 154 B.R. 423 (S.D.N.Y. 1993); *In re Shelco, Inc.*, 107 B.R. 438 (Bankr. D. Del. 1989); *In re Lockspur, Inc.*, 82 B.R. 37 (Bankr. E.D. La. 1988); *In re Deppe*, 110 B.R. 898 (Bankr. D. Minn. 1990); *In re Leon's Casuals Co.*, 122 B.R. 768 (Bankr. S.D. Ala. 1990); *In re Kennesaw Dairy Queen Brazier*, 28 B.R. 535 (Bankr. N.D. Ga. 1983).

    14. As an initial matter, Debtors assert that SKF's Pre-Petition Claims are limited to $401,603.68, when the correct amount is actually $1,305,358.55.[5]  Further, the Cure Notices (read in conjunction with the Proposed Sale Order) provide that the only cure amounts that must be paid upon assumption and assignment of SKF's contracts is whatever was owed as of the Petition Date.  Although the Purchase Agreement provides that Purchaser will assume ". . . all Liabilities under each Purchased Contract . . ." (Purchase Agreement, § 2.3(a)(ii)), the Sale

---

[5] This amount includes invoices that have been assigned to a third party and the purchase price of such assignment has been paid by Citibank in connection with the Debtors' essential supplier program.  SKF includes such invoices herein to the extent necessary to assert correct cure amounts on behalf of the assignee of such invoices to ensure that such entity's right to payment of cure amounts is not waived or forfeited.  SKF will account for the Citibank payments in reconciling the correct SKF Claims with Debtors.

Order does not contain the necessary safeguards to ensure that: (i) *all* defaults, not just those that occurred pre-petition, will be cured as a condition to assumption and assignment of the contracts to Purchaser; and that (ii) all accrued obligations (which might or might not be in default) as of the Sale closing date will likewise be assumed by Purchaser.

15. To the contrary, the Sale Order could be construed in a way that limits the Purchaser's liability under assumed executory contracts to the payment only of amounts due as of the Petition Date, not the date the proposed Sale closes. (Proposed Sale Order, ¶ 22). Moreover, the Proposed Sale Order contemplates that Debtors will likewise be released from liability under assigned executory contracts upon the closing of the Sale, rather than upon the assumption and assignment of such contracts (and with the Purchasers assuming all defaults and other liabilities thereunder). Id. at ¶ 24.

16. The proposal, as set forth in the Proposed Sale Order, that Debtors will extinguish their liability for pre-assumption defaults and accrued claims arising under assumed executory contracts while simultaneously attempting to limit the Purchaser's obligation for such claims plainly contradicts the requirements of section 365 of the Bankruptcy Code. The Proposed Sale Order should be modified to make clear that the Purchaser is liable for all defaults as well as all other accrued liabilities that exist as of the moment applicable executory contracts are actually assumed and assigned to the Purchaser.

**II.    The Proposed Sale Order would improperly extinguish valid recoupment and setoff rights.**

17. To the extent SKF holds recoupment rights against the Debtors with respect to accounts receivable to be sold by Debtors to Purchaser, those recoupment rights cannot be extinguished by the Sale or entry of the Proposed Sale Order. *See In re Lawrence United Corp*, 221 B.R. 661 (Bankr. N.D.N.Y. 1998) (holding that state law rights of recoupment

-8-

#11137713 v2

are not "interests" in property, of the kind which could be affected by Bankruptcy Court order authorizing a sale free and clear of any lien or interest therein). Likewise, the Proposed Sale Order cannot (as is currently proposed) 'bar, estopp [or] permanently enjoin' SKF from asserting valid setoff rights to the extent Debtors or Purchaser attempt to recover on the SKF Debts.

18. The SKF Claims and SKF Debts create valid rights of setoff in favor of SKF under Michigan law and those rights are enforceable in these proceedings under section 553 of the Bankruptcy Code. *See, e.g.,* 11 U.S.C. § 553; *Walker v. Farmers Ins. Exch.*, 572 N.W.2d 17 (Mich. App. 1997) (*citing Ellis v. Phillips*, 110 N.W.2d 772 (Mich. 1961)) (Michigan has long recognized the right of setoff). Such setoff rights constitute a secured claim, in favor of SKF, in the SKF Debts to the extent of the SKF Claims. 11 U.S.C. § 506(a)(1); *In re WorldCom, Inc.*, 304 B.R. 611 (Bankr. S.D.N.Y. 2004). Contrary to the language of the Proposed Sale Order, Debtors are not entitled to sell the SKF Debts "free and clear" of SKF's security interest therein without adequate protection of such lien. 11 U.S.C. § 363(e); *In re Beaucage*, 334 B.R. 353, 359 (Bankr. D. Mass. 2005) (" . . . the holder of a setoff claim is the equivalent of a secured creditor and is entitled to adequate protection of its interest . . .").

19. It would be neither feasible or practical to grant SKF a 'replacement lien' in other property of the Debtors, because: (i) SKF is not aware of any unencumbered property of the Debtors to which such lien could attach; and (ii) even if such property existed, a replacement lien would not provide the 'indubitable equivalent' of SKF's setoff rights because it would be substantially more burdensome for SKF to have to foreclose upon and realize value from such replacement lien, as opposed to making a simple accounting adjustment to effect its setoff rights. Thus, while SKF has no objection to the SKF Debts being sold, such sale *must* be made subject to its rights of offset. Rather than providing for the extinguishment of such rights and "barring,

estopping and permamently enjoining" SKF from asserting such rights, the Proposed Sale Order should provide that: (i) setoff rights are preserved; and (ii) setoff rights may be pursued against the Purchaser with the same force and effect as could be pursued against Debtors absent the sale.

WHEREFORE, SKF respectfully requests that the proposed Sale Order approving the Motion: (i) expressly provide that valid and enforceable recoupment and setoff rights are preserved, and are not impaired in any respect by virtue of Bankruptcy Code section 365(f) or otherwise; (ii) expressly provide that to the extent rights of recoupment and offset relate to receivables of Debtors that are sold to the Purchaser in connection with the sale, such recoupment and offset rights may be asserted and applied against the Purchaser with the same force and effect as such rights would have against Debtors absent the sale; (iii) expressly provide that the Purchaser shall be liable for all accrued liabilities arising under, and existing as of the time that, executory contracts are assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bid Procedures Order) and all obligations that have accrued thereunder but are not then in default; and (iv) grant such other and further relief as is just and appropriate.

Dated: June 18, 2009
Wilmington, DE

/s/ James C. Carignan
PEPPER HAMILTON LLP
Henry Jaffe (Del. No. 2897)
James C. Carignan (Del. No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

*Counsel to SKF USA Inc.*

#11137713 v2