BINGHAM McCUTCHEN LLP
Anna M. Boelitz (AB 4985)
One State Street
Hartford, CT 06103
Tel: 860.240.2700
Fax: 860.240.2800

*Counsel to Wells Fargo Bank Northwest, National Association, as Indenture Trustee*

Hearing Date: June 30, 2009, 9:45 a.m.
Objection Deadline: June 19, 2009, 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORPORATION,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**RESERVATION OF RIGHTS OF WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, TO DEBTORS' MOTION TO APPROVE SALE OF ASSETS TO VEHICLE ACQUISITION HOLDINGS LLC**

Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Indenture Trustee, ("Wells Fargo"), through its undersigned counsel, hereby files its reservation of rights (the "Reservation of Rights") with respect to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule*

A/73065227.3

*Sale Approval Hearing* (the "Sale Motion")[1]. In support of the Reservation of Rights, Wells Fargo states as follows:

## BACKGROUND

1. On June 1, 2009, the Debtors filed petitions commencing the above-captioned cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

2. On June 2, 2009, this Court entered an order (the "Sales Procedures Order") approving certain sales procedures (for the sale of substantially all of the assets of the Debtors to Vehicle Acquisition Holdings, LLC (the "Purchaser").

## RESERVATION OF RIGHTS

3. Wells Fargo is the Indenture Trustee under three separate Trust Indenture and Security Agreements (collectively, the "Indentures") pursuant to which certain notes (the "Notes") were issued and sold to investors. The Notes are secured by valid, enforceable, first-priority liens on and security interests in the equipment and other property (the "Property") that one or more of the Debtors lease pursuant to the following lease agreements (the "Leases"): (1) GM 2003-A Lease (Stamping Presses and Try-Out Cell) for which the Lessor is SMBC Leasing Investment LLC; (2) 2004A-1 Lease (Engine Line) for which PNC Equipment Finance, LLC is the Lessor; and (3) 2004A-2 Lease (Engine Line) for which Textron Financial Corp. is the Lessor.

4. The Sales Procedures Order implements a sales process that gives the Debtors maximal flexibility in determining what assets to sell and which executory contracts to assume and assign to the Purchaser. In fact, the Debtors do not have to make any final decisions

---

[1] Capitalized terms used and not defined herein shall have the meaning assigned to them in the Sale Motion.

2

A/73065227.3

regarding which contracts they will assume and assign until well after the deadline to object to this sale has passed and the status of the Property and the Leases pending that decision is unclear. The compressed time-frame for the sale and the sale procedures makes it particularly difficult for parties in interest, including non-debtor parties to executory contracts, to ensure their rights are being respected in connection with the proposed sale to the Purchaser. Although discussions are ongoing among the parties in interest to the Leases, there has been no resolution as of the filing of this Reservation of Rights. Wells Fargo has not received notice of the Debtors' intent to assume and assign or reject the Leases. Accordingly, Wells Fargo files this Reservation of Rights to protect its interest in the Property and the Leases.

5. The Property does not constitute property of the Debtors' estates under section 541 of the Bankruptcy Code and, therefore, cannot be encumbered or sold by the Debtors to any party, including the Purchaser. Any provision of the MPA or other document, order or proposed order that purports to include the Property among the Purchased Assets or otherwise purports to convey any interest in the Property, or to convey Property free and clear of the interests of the Indenture Trustee therein, is, therefore, unenforceable.

6. In addition, Wells Fargo reserves all of its rights with respect to the Property and the Leases, including, *without limitation*, its rights under sections 365(b), (d) and (f) and 503(b) of the Bankruptcy Code, to object to any assumption and/or assignment (or assumability or assignability) of the Leases, to object to any proposed cure for the Leases, to assert that the Debtors have not provided adequate assurance of the future performance of any assignee, to demand performance by the Debtors of their obligations under the Leases and to assert the right to payment of administrative expenses.

3

Dated: Hartford, Connecticut
June 18, 2009

Respectfully submitted,

By: /s/Anna M. Boelitz
Anna M. Boelitz (AB 4985)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, Connecticut 06103
Tel: 860.240.2700
Fax: 860.240.2800

*Counsel to Wells Fargo Bank Northwest, National Association, as Indenture Trustee*