Varnum LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000
Mary Kay Shaver (P-60411)

*Cinetic Automation Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In Re:                                                  :          Chapter 11 Case No.
                                                        :
**GENERAL MOTORS CORP.,** *et al.,*                     :          09-50026 (REG)
                                                        :
                              Debtors.                  :          **(Jointly Administered)**
                                                        :
                                                        :          **Hon. Robert E. Gerber**
---------------------------------------------------------x

**LIMITED OBJECTION TO**
**SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE**
**AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Cinetic Automation Corp. ("Creditor"), by and through its attorneys, Varnum, hereby objects to the Debtor's Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Claims and Encumbrances dated June 1, 2009 [Docket No. 92] (the "Sale Motion") as follows:

1. Prior to the Petition Date, Cinetic manufactured and supplied the Debtors with tooling, dies, molds, special machinery, fixtures, gauges and other similar items (the "Tooling") use by the Debtors in their production of automotive parts.

2. Presently, Cinetic possesses a secured claim in the amount of $6,385,000 for Tooling shipped and delivered to the Debtors prior to the commencement of these bankruptcy cases.

1

3. By virtue of the Michigan Ownership Rights in Dies, Molds and Forms Act, MCL § 445.661, *et seq.*, and the Special Tools Lien Act, MCL § 570.571, *et seq.* (collectively the "Tooling Acts"), Cinetic possesses a first-priority lien and is a secured creditor with respect to the Tooling.

4. Michigan law provides protections for the builders of molds or special tools by granting such parties liens under the Tooling Acts. See MCL § 445.661 *et seq.*; MCL § 570.571, *et seq.* The Tooling Acts provide remedies for collection of amounts owed for the creation, use or repair, of special tools and molds.[1] Liens arising under the Tooling Acts prime the liens of a secured lender who maintains a blanket lien in all property of a borrower. See MCL § 445.619(6); MCL 570.563.

5. In order for a lienholder to assert and maintain a lien in a mold or a special tool, the lienholder must (1) permanently record the lienholder's name, street address, and city and state on each mold or a special tool that the lienholder fabricates, repairs or modifies and (2) file a financing statement in accordance with Article 9 of the Uniform Commercial Code ("UCC"). See MCL § 445.619(1), (2); MCL 570.563(1), (2). The lienholder retains a lien even if the lienholder is not in possession of the mold or special tool for which the lien is claimed. See MCL § 445.619(4); MCL § 570.563(4).

6. As such, if a lienholder has filed a financing statement for the mold or special tool and permanently recorded the requisite information on the mold or special tool before delivery to the end user, the lienholder will be deemed to have provided actual and constructive notice of the lien, resulting in the lienholder's lien having a first-priority position against secured lenders and other creditors of the end user. See MCL § 445.619(6); MCL § 570.563(6).

---

[1] The Michigan Ownership Rights in Dies, Molds and Forms Act applies to dies, molds, forms and other similar items used to make plastic parts. See MCL § 445.611. The Special Tools Lien Act applies to tooling, dies, jigs, gauges and other similar items used to make metal parts. See MCL § 570.571.

2

7. Cinetic has properly and timely filed UCC financing statements with respect to the Tooling, has recorded the required information on the Tooling and has otherwise complied with the requirements necessary to perfect its interest in the Tooling.[2] Accordingly, Cinetic possesses a first-priority lien and is a secured creditor with respect to the Tooling.

8. The Sale Motion and the proposed order seek to allow the sale of substantially all of the Debtors' assets (including the Tooling) free and clear of all liens.

9. Section 363(f) allows a sale of assets free and clear of liens <u>only</u> if one of the following applies:

  a. applicable nonbankruptcy law permits the sale free and clear of such interests;

  b. the lienholder consents;

  c. the property is sold for an amount greater than the sum of all liens;

  d. such interest in a bona fide dispute; or

  e. such entity can be compelled to accept a money.

10. None of these exceptions apply to Cinetic or the Tooling.

11. First, only upon payment to the Cinetic are its liens terminated under the Tooling Acts. Therefore, applicable nonbankruptcy law does not permit the sale free and clear of such interests.

12. Second, Cinetic has not consented to the sale.

13. Third, the assets subject to the sale are not being sold for an amount greater than the sum of all liens.

14. Fourth, there is no dispute since the Debtors had scheduled payments for the Tooling prior to their bankruptcies.

---

[2] Copies of the UCC-1 financing statements are available upon request to undersigned counsel.

15.     Finally, although Cinetic may be compelled to accept money, there are no net sale proceeds for which to pay Cinetic in full.  *See* General Bearing Corporation, 136 B.R 361 (Bktcy. S.D.N.Y. 1992) (acknowledging that Section 363(f)(5) requires full payment to a lienholder).

16.     Cinetic objects to the Sale Motion and the proposed order approving the Sale Motion to the extent they terminate or attempt to terminate Cinetic's valid liens against the Tooling without paying Cinetic in full.

17.     As such, the Debtors should not be authorized to sell the Tooling free and clear of Cinetic's, unless Creditor is paid $6,385,000 in full satisfaction of all amounts due Cinetic.

WHEREFORE, Creditor requests that the Court:

(A)     Enter an Order directing the Debtor to pay Cinetic $6,385,000 in satisfaction of Cinetic's liens or allowing the sale of the Debtors' assets to the purchaser subject to Cinetic's liens following the Tooling; and

(B)     Grant such other relief as is just and proper.

Respectfully submitted,

VARNUM

Dated: June 19, 2009        By:     /s/ Mary Kay Shaver
                                    Mary Kay Shaver (P-60411)
                                    Business Address:
                                    Bridgewater Place
                                    P. O. Box 352
                                    Grand Rapids, MI  49501-0352
                                    (616) 336-6000
                                    mkshaver@varnumlaw.com

#2721682

4