Varnum LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
Mary Kay Shaver (P-60411)

*Cinetic Automation Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|                                          :                                                          |
| In Re:                                   :      Chapter 11 Case No.                                 |
|                                          :                                                          |
| **GENERAL MOTORS CORP.,** *et al.,*      :      09-50026 (REG)                                      |
|                                          :                                                          |
|                       Debtors.           :      (Jointly Administered)                              |
|                                          :                                                          |
|                                          :      **Hon. Robert E. Gerber**                           |
------------------------------------------------------------x

**OBJECTION OF CINETIC AUTOMATION CORP. TO**
**MOTION TO APPROVE DIP FINANCING**

Cinetic Automation Corp. ("Cinetic"), by and through its undersigned counsel, objects to the Debtors' Motion to Approve DIP Financing dated June 1, 2009 [Docket No. 64] (the "DIP Financing Motion"). In support of its Objection, Cinetic states as follows:

1. Prior to the Petition Date, Cinetic manufactured and supplied the Debtors with tooling, dies, molds, special machinery, fixtures, gauges and other similar items (the "Tooling") use by the Debtors in their production of automotive parts.

2. Presently, Cinetic possesses a secured claim in the amount of $6,385,000 for Tooling shipped and delivered to the Debtors prior to the commencement of these bankruptcy cases.

1

3. By virtue of the Michigan Ownership Rights in Dies, Molds and Forms Act, MCL § 445.661, *et seq.*, and the Special Tools Lien Act, MCL § 570.571, *et seq.* (collectively the "Tooling Acts"), Cinetic possesses a first-priority lien and is a secured creditor with respect to the Tooling.

4. Michigan law provides protections for the builders of molds or special tools by granting such parties liens under the Tooling Acts. See MCL § 445.661 *et seq.*; MCL § 570.571, *et seq.* The Tooling Acts provide remedies for collection of amounts owed for the creation, use or repair, of special tools and molds.[1] Liens arising under the Tooling Acts prime the liens of a secured lender who maintains a blanket lien in all property of a borrower. See MCL § 445.619(6); MCL 570.563.

5. In order for a lienholder to assert and maintain a lien in a mold or a special tool, the lienholder must (1) permanently record the lienholder's name, street address, and city and state on each mold or a special tool that the lienholder fabricates, repairs or modifies and (2) file a financing statement in accordance with Article 9 of the Uniform Commercial Code ("UCC"). See MCL § 445.619(1), (2); MCL 570.563(1), (2). The lienholder retains a lien even if the lienholder is not in possession of the mold or special tool for which the lien is claimed. See MCL § 445.619(4); MCL § 570.563(4).

6. As such, if a lienholder has filed a financing statement for the mold or special tool and permanently recorded the requisite information on the mold or special tool before delivery to the end user, the lienholder will be deemed to have provided actual and constructive notice of the lien, resulting in the lienholder's lien having a first-priority position against secured lenders and other creditors of the end user. See MCL § 445.619(6); MCL § 570.563(6).

---

[1] The Michigan Ownership Rights in Dies, Molds and Forms Act applies to dies, molds, forms and other similar items used to make plastic parts. See MCL § 445.611. The Special Tools Lien Act applies to tooling, dies, jigs, gauges and other similar items used to make metal parts. See MCL § 570.571.

7.      Cinetic has properly and timely filed UCC financing statements with respect to the Tooling, has recorded the required information on the Tooling and has otherwise complied with the requirements necessary to perfect its interest in the Tooling.[2] Accordingly, Cinetic possesses a first-priority lien and is a secured creditor with respect to the Tooling.

8.      Pursuant to the DIP Financing Motion, the Debtors are providing the United States Department of Treasury and Export Development Canada (together, the "DIP Lenders") a superpriority, priming lien, which lien will purportedly prime the liens held by Cinetic, without providing any adequate protection to Cinetic.

9.      Cinetic objects to the DIP Financing Motion and any final order approving post-petition financing to the extent such order grants or purports to grant to the DIP Lenders a lien, security interest or other encumbrance in or upon the Tooling or any property related to the Tooling and, which lien, security interest, or encumbrance is senior to or equal to the interests of Cinetic without providing adequate protection to Cinetic.

10.     Section 364(d)(1) of the Bankruptcy Code provides that the bankruptcy court may authorize postpetition financing and grant superpriority liens only if "there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

11.     Thus, if this Court authorizes the granting of postpetition superpriority priming liens to the DIP Lenders with respect to the Tooling, it must protect the value of the first-priority liens held by Cinetic by providing adequate protection to Cinetic. See In re Charles J. Mosello and Patricia Mosello, 195 B.R. 277, 288 (Bktcy. S.D.N.Y. 1996).

12.     What constitutes adequate protection must be decided on a case-by-case basis. See In re O'Connor, 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472 (8th Cir.

---

[2] Copies of the UCC-1 financing statements are available upon request to undersigned counsel.

3

1985). Further, the Debtors bear the burden of proving that Cinetic's interest in the Tooling is "adequately protected" and must provide Cinetic with the same level of protection it would have had there been no postpetition superpriority financing. See 11 U.S.C. § 363(o); Mosello, at 288 (citing In re Swedeland Development Group, 16 F.3d 552, 564 (3rd Cir. 1994)).

13. Without Cinetic's consent, the Debtors and DIP Lenders have proposed to subordinate the liens held by Cinetic without providing any type of adequate protection to Cinetic. If the Debtors are unable to provide sufficient adequate protection to Cinetic by paying for the Tooling, the DIP Lenders should not be granted a superiority priming lien in the Tooling.

WHEREFORE, Cinetic respectfully requests that the Court

A. Only enter a final order approving post-petition financing if Cinetic is paid in full for the Tooling (in the amount of $6,385,000) or such order specifically states and requires that any interests being granted to the DIP Lenders in the Tooling are subordinate and junior to the interests of Cinetic; and

B. Grant such other relief as is just and proper.

Respectfully submitted,

VARNUM

Dated: June 19, 2009          By:   /s/ Mary Kay Shaver
                                    Mary Kay Shaver (P-60411)
                                    Business Address:
                                    Bridgewater Place
                                    P. O. Box 352
                                    Grand Rapids, MI  49501-0352
                                    (616) 336-6000
                                    mkshaver@varnumlaw.com

#2721429