Elizabeth Banda
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
4025 Woodland Park Blvd., Suite 300
Arlington, Texas 76013
Phone: (817) 461-3344
FAX: (817) 860-6509
Email: ebanda@pbfcm.com

ATTORNEY FOR ARLINGTON ISD, ET AL.

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
IN RE:                                          Chapter 11

GENERAL MOTORS CORP.                            Case No. 09-50026-REG

                    Debtors.                   Jointly Administered
-----------------------------------------------------------------x

**OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C.
SECTIONS 105, 363(b), (f), (k), AND (m), AND 365 AND FED.R.BANKR.P. 2002,
6004, AND 6006, TO APPROVE (A) THE SALE PURSUANT TO THE MASTER
SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION
HOLDINGS LLC, A U.S. TREASURY SPONSORED PURCHASER, FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

TO:   HONORABLE ROBERT E. GERBER,
      U.S. BANKRUPTCY JUDGE:

NOW COME Arlington ISD, Fort Worth ISD, Keller ISD, Highland Park ISD, Town of Highland Park, City of Cleburne, Cleburne ISD, Hill County Junior College, Richardson ISD, Dallas County Utility and Reclamation District, Celina ISD, City of Ennis, Ennis ISD, Valwood Improvement Authority, Brazoria County, HC MUD #130, City of Willis, Willis ISD, Montgomery MUD #60, Dickinson ISD, Clear Creek ISD, City of Rosenberg, East

Page 1

Chamber Co. ISD, Chambers County, Walker CAD, Austin CAD, Liberty ISD, City of Cleveland, Gray County Tax Office, Donley CAD, Dallas CAD, Cottle CAD, Moore County Tax Office, Sherman CAD, Sherman County Tax Office, Hale CAD, Wheeler County Tax Office, Deaf Smith CAD, Ochiltree CAD, Hansford County Tax Office, Hansford CAD, Hutchinson County Tax Office, Potter County Tax Office, Randall County Tax Office, Cass County, Linden-Kildare CISD, City of Linden, Franklin County, City of Mount Vernon, Franklin County WD, City of Greenville, Commerce ISD, Greenville ISD, Houston County TAC, Jefferson ISD, Tyler ISD, Mineola ISD Tax Office, City of Quitman, Lubbock CAD, Andrews ISD, Andrews County Tax Office, Haskell CAD, Yoakum County Tax Office, Hockley County Tax Office, Gaines CAD, Martin CAD, Martin County Tax Office, Lamb CAD, Burleson County, Cameron ISD, City of Pharr, Fayette County, Hidalgo County, HC Drainage District #1, Hidalgo ISD, Karnes County, Kerr County, Kendall County, and Luling ISD ("Arlington ISD, et al.") and file this their Objection to the DEBTORS' MOTION PURSUANT TO 11 U.S.C. SECTIONS 105, 363(b), (f), (k), AND (m), AND 365 AND FED.R.BANKR.P. 2002, 6004, AND 6006, TO APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS (the "Sale Motion") and respectfully show this Court as follows:

1. Arlington ISD, et al. are political subdivisions of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all real and business personal property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to the Debtors' real and business personal property located within Arlington ISD, et. al.'s taxing jurisdictions on January 1, 2009 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property for the 2009 tax year. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. Arlington ISD, et al. hold valid unavoidable secured claims for estimated 2009 ad valorem property taxes against property that is the subject of the Sale Motion. Their claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code.

3. Arlington ISD, et al. assert an objection to the Sale Motion to the extent that it seeks to sell the real and business personal property encumbered by their secured tax liens free and clear of their 2009 ad valorem tax liens. Arlington ISD, et al. assert their secured lien position is seriously compromised if their secured tax liens are not adequately protected. With certain limited exceptions, which are not applicable in this case, Section 32.05(c) of the Texas Property Tax Code states that secured tax liens have prior liens in the property. As such, Arlington ISD, et al. assert their secured liens, as prime liens, must be adequately protected and any subsequent Sale Order should reflect that Arlington ISD, et al.'s secured tax liens continue to attach to the collateral to secure the payment of said liens until all taxes, penalties, and interest that may ultimately accrue are paid in full pursuant to state law.

4. Pursuant to 11 U.S.C. Section 363(e), Arlington ISD. et al., as secured lienholders in the property of the Debtors, are entitled to the "condition[ing] [of] such use, sale or lease as is necessary to provide adequate protection of such interest." In order to adequately protect their secured tax liens, Arlington ISD, et al. request that either their liens be paid at the time of sale (closing), or, in the alternative, a separate escrow or segregated account be created at closing from the proceeds of any sale in a sufficient amount to cover the estimated 2009 taxes owed to Arlington ISD, et al. with their secured tax liens attaching to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Arlington ISD, et al. request this Honorable Court to order their secured tax liens to be paid at closing or, in the alternative, that a separate escrow or segregated account be created from any sales proceeds sufficient to cover the estimated 2009 taxes as adequate protection for the tax liens, and for all further relief as is just and proper.

    Respectfully submitted,

    /s/ J. Ted Donovan
    J. Ted Donovan, Esq.
    Goldberg Weprin Finkel Goldstein LLP
    1501 Broadway, 22nd Floor
    New York, NY 10036
    General phones: (212) 221-5700 / (212) 344-2929
    Telecopier: (212) 422-6836

    LOCAL COUNSEL FOR
    ARLINGTON ISD, ET AL.

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.

/s/ Elizabeth Banda
ELIZABETH BANDA
SBN: 24012238
4025 Woodland Park Blvd., Suite 300
Arlington, Texas 76013
Phone: 817-461-3344
Fax: 817-860-6509

ATTORNEYS FOR
ARLINGTON ISD, ET AL.