James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI  48226
Phone: (734) 623-7075
Fax: (734) 623-1925

Attorneys for Chrysler Group LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.*, | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

-------------------------------------------------------------x

**CHRYSLER GROUP LLC'S OBJECTION TO DEBTORS' MOTION PURSUANT TO 11**
**U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004**
**AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE**
**AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC,**
**A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS,**
**CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION**
**AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES; AND (C) OTHER RELIEF;**
**AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chrysler Group LLC, on behalf of itself and as agent for Old Carco LLC (formerly known as Chrysler LLC) and Chrysler Motors LLC, pursuant to a Transition Services Agreement dated June 10, 2009 (collectively, "Chrysler"), through its attorneys, Dickinson Wright PLLC, states as follows for its Objection:

**Background and Procedural History**

1.      On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A)*

*the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "<u>Assumption Motion</u>").

2.      On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. § § 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "<u>Order</u>").

3.      The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "<u>Cure Procedures</u>").

4.      Since then, Chrysler has received no less than *six* untimely *Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "<u>Cure Notice</u>") on Chrysler LLC. These Cure Notices declare the Debtors' intent to assume certain executory contracts (the "<u>Executory Contracts</u>") between the Debtors and Chrysler LLC, which is now Old Carco LLC.

5.      Chrysler has already filed and served an objection relating to a notice that was served on Lawrence N. Bluth at Penske Corporation, 2555 Telegraph Road, Bloomfield Hills, MI 48302, and delivered to Mr. Bluth on Friday, June 12, 2009.  [Docket No. 1640].  Chrysler has since received five additional and untimely notices:

      a.  Row ID 5716-00749807, which, as of June 19, 2009, fails to list a cure amount or identify the contracts at issue;

      b.  Row ID 5716-00749808, which, as of June 19, 2009, fails to list a cure amount or identify the contracts at issue;

      c.  Row ID 5716-00749809, which, as of June 19, 2009, fails to list a cure amount or identify the contracts at issue;

      d.  Row ID 5716-000749810, which, as of June 19, 2009, fails to list a cure amount or identify the contracts at issue;

      e.  Row ID 5716-00749811, which, as of June 19, 2009, fails to list a cure amount or identify the contracts at issue.

## Contract Objection

6.      Chrysler objects to the Debtors' attempt to assume the Executory Contracts to the extent Debtors contend or believe that their assumption of the Executory Contracts bars Chrysler from rejecting the Executory Contracts in its own bankruptcy proceedings.

7.      Chrysler is a debtor in Chapter 11 proceedings also pending before this Court.  *In re Chrysler LLC*, Case No. 09-50002.  Chrysler therefore has the right to assume or reject the very same Executory Contracts that Debtors are attempting to assume through the Assumption Motion.  *See* 11 U.S.C. § 365.  Chrysler's right to reject the Executory Contracts is dependent solely on Chrysler's exercise of sound business judgment.  *See, e.g., Computer Sales Int'l, Inc. v.*

*Federal Mogul (In re Federal Mogul Global, Inc.)*, 293 B.R. 124, 127 (D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 122-23 & n.7 (D. Del. 2001). Chrysler's exercise of its rights under 11 U.S.C. § 365 and all issues related thereto must be adjudicated within the context of Chrysler's *own* bankruptcy case. *See* 28 U.S.C. § 157; *Computer Sales*, 293 B.R. at 127; *Trans World Airlines*, 261 B.R. at 122-23. Therefore, the Court should hold that any portions of the Order that might be construed as suggesting or later used to argue that Chrysler is barred from rejecting the Executory Contracts in its own Chapter 11 case do not, in fact, bar such action by Chrysler. These provisions include Paragraphs 22, 23, 27, and 28 of the Order. (*See, e.g.,* ¶ 28(e) which prohibits persons and entities from "commencing or continuing any action .... that does not comply, or is inconsistent with, the provisions of this Order …").

8.       Chrysler is aware that it is party to a Contract Assumption and Cure Resolution Agreement (the "Cure Resolution Agreement") with GM in Chrysler's Chapter 11 proceeding. Without specific information about which contracts GM intends to assume pursuant to the Cure Notices, however, it is impossible to determine whether or how the Cure Resolution Agreement bears on GM's Cure Notices. GM has simply failed to provide sufficient information.

### Cure Objection

9.       Assuming Debtors are entitled to assume the Executory Contracts (subject to Chrysler's corresponding right to reject those contracts), Chrysler objects to the Debtors' Cure Amount for reasons including (but not limited to) the following:

       a.       Debtors have not provided Chrysler with enough time or information to assess the Debtor's Cure Notice. Chrysler objects to any attempt by the Debtors to bind Chrysler to a cure amount that Chrysler has not had the opportunity to verify and to which Chrysler has not consented.

      b.      Chrysler also objects to the Cure Procedures to the extent they allow the Debtors alone to determine whether claims are subject to alternative dispute resolution and do not appear to place any time limits on the adjudication of disputes.

      c.      The cure amount must also include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

### Chrysler's Cure Objection Is Timely

10.      This Court should categorically reject any attempt by Debtors to argue that Chrysler's Cure Objection is untimely. The Debtors' failure to serve the Cure Notice properly amply justifies enlargement of time under Fed. R. Bankr. P. 9006(b) and/or 11 U.S.C. § 105(a). There was no "neglect" at all on Chrysler's part, much less bad faith or prejudice to Debtors. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 398-399 (1993). Any delay in the service of Chrysler's Cure Objection is solely the product of the Debtors' failure to effect proper service.

**WHEREFORE** Chrysler respectfully requests that this Court deny the Debtors' request to assume and assign the Executory Contracts identified above unless (1) it holds that the Debtors' assumption of the Executory Contracts is subject to Chrysler's right to assume or reject the Executory Contracts in its own Chapter 11 case and that any provision of the Order that might preclude or interfere with Chrysler's rights under § 365 is null and void as to Chrysler; and (2) the Court requires the Debtors to tender sufficient information, as well as cure amounts that satisfy all of Chrysler's outstanding claims against Debtors, as determined by Chrysler.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:   /s/ James A. Plemmons
James A. Plemmons (*pro hac vice*)

Michael C. Hammer (*pro hac vice*)
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Phone: (734) 623-7075
Fax:  (734-623-1925
Email: jplemmons@dickinsonwright.com

Attorneys for Chrysler Group LLC, on
behalf of itself and as agent for Old Carco
LLC (formerly known as Chrysler LLC) and
Chrysler Motors LLC, pursuant to a
Transition Services Agreement dated June
10, 2009

Dated:  June 19, 2009