Lucas Ward (Pro Hac Vice Pending)
Assistant Attorney General
Collections Enforcement Section
150 E. Gay St., 21st Floor
Columbus, Ohio 43215
(614) 752-9068  / Fax: (614) 752-9070
lucas.ward@ohioattorneygeneral.gov
ATTORNEY FOR THE STATE OF OHIO,
BUREAU OF WORKERS' COMPENSATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**GENERAL MOTORS CORP.,** *et al.,*                             :    *09-50026-REG*
                                                                :
            **Debtors.**  :    **(Jointly Administered)**
                                                                :
-----------------------------------------------------------------x

**THE OHIO BUREAU OF WORKERS' COMPENSATION'S LIMITED
RESPONSE AND OBJECTION TO DEBTORS' SALE MOTION**

The Ohio Bureau of Workers' Compensation ("BWC") submits this limited response and objection to *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m) and 365, and Fed R. Bankr. P. 2002, 6004, 6006, to (I) Approve (A) The Master Sale and Purchase Agreement with Vehicle Acquisitions Holding, LLC, A US Treasury Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* filed June 1st, 2009 (doc. 92) (the "Motion").

As a broad proposition, BWC does not oppose the above-captioned debtors' (the "Debtors") efforts to sell substantially all their assets. In fact, BWC reads the Motion as indicating that Vehicle Acquisition Holdings, LLC ("NewCo") intends to assume all of Debtors' Ohio workers' compensation obligations. However, to the extent BWC

misunderstands the Motion, or in the event the sale agreement might ultimately be modified regarding assumption of Debtors' Ohio workers' compensation obligations (for example, Section 6.5(b) of the draft sales agreement seems to give Debtors and NewCo the ability to modify the sales agreement after objections to the Motion are due), BWC requests immediate notification thereof and hereby reserves all rights.

The Motion does not appear to require BWC to qualify NewCo for self-insured status for Ohio's workers' compensation purposes, and BWC would oppose any such relief because BWC and all Ohio workers' compensation issues are governed and controlled by Ohio's laws and rules, and the application thereof. Finally, BWC reserves all rights in respect of any security posted by the Debtors for Ohio workers' compensation purposes.

In Ohio, an employer can comply with the workers' compensation laws either by paying premiums to BWC under Ohio Revised Code § 4123.35(A), or by qualifying as a "self-insured" employer under Ohio Revised Code § 4123.35(B). Prior to filing these bankruptcy cases, certain of the Debtors were employers operating as self-insured employers for purposes of Ohio's workers' compensation laws.

If the workers' compensation liabilities are not assumed by NewCo and if the Debtors default on their Ohio self-insured obligations, BWC must assume payment and administration of Debtors' Ohio workers' compensation claims. Ohio Revised Code § 4123.75. Such a result could (a) potentially be a devastating blow to Ohio's self-insured program, which could ultimately result in tremendous financial problems or insolvency of other Ohio self-insured employers and (b) ultimately affect Debtors' injured workers' benefits.

Perhaps more importantly for NewCo, to the extent BWC misreads the Motion or to the extent the sales purchase might ultimately be changed to exclude assumption of Debtors' Ohio workers' compensation obligations, it is unlikely that NewCo would be eligible for self-insured status in Ohio. For example, a determination whether to allow self-insured status would depend upon whether the criteria for self-insured status are met, including, but not limited to, whether the new employer operated a business in Ohio for a minimum of two years or whether the new employer is a successor employer as defined by Ohio statute and administrative rules. *See* Ohio Revised Code § 4123.35(B) and Ohio Administrative Code 4123-19-03.

BWC objects to any sale that might not adequately provide for full compliance with Ohio's workers' compensation laws, including continued satisfaction of Debtors' Ohio workers' compensation obligations. BWC is optimistic that prior to the sale hearing NewCo will resolve any lingering doubts regarding future compliance with Ohio's workers' compensation laws. Meantime, BWC submits this limited response and objection.

WHEREFORE, BWC respectfully requests that the Court (a) enter an Order denying the Motion or, in the alternative, (b) clarify in any Order approving the Motion that NewCo's obligations to comply fully with Ohio's workers' compensation laws are governed and controlled by Ohio law and that nothing in the Court's Order approving the Motion affects, modifies, or impairs Newco's requirement to comply with Ohio's workers' compensation laws, including without limitation, any applicable self-insurance requirements under Ohio law.

Dated: 6/19/09

Respectfully submitted,

RICHARD CORDRAY
Attorney General of Ohio

/s/ Lucas Ward

---

Lucas Ward (Pro Hac Vice Pending)
Ohio Bar # 0076654
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH  43215
614-752-9068
866-418-7625 (FAX)
lucas.ward@ohioattorneygeneral.gov

Counsel for Ohio Bureau of Workers' Compensation

4