Lucas Ward (Pro Hac Vice Pending)
Assistant Attorney General
Collections Enforcement Section
150 E. Gay St., 21st Floor
Columbus, Ohio 43215
(614) 752-9068  / Fax: (614) 752-9070
lucas.ward@ohioattorneygeneral.gov
ATTORNEY FOR THE OHIO
DEPARTMENTOF TAXATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                              :            **Chapter 11 Case No.**
:
**GENERAL MOTORS CORP.,** *et al.,*                    :            *09-50026-REG*
:
                              **Debtors.**             :            **(Jointly Administered)**
:
------------------------------------------------------------------x

**OHIO DEPARTMENT OF TAXATION'S LIMITED RESPONSE AND OBJECTION TO**
**DEBTORS' SALE MOTION**

The Ohio Department of Taxation ("Taxation") hereby submits this limited objection to *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m) and 365, and Fed R. Bankr. P. 2002, 6004, 6006, to (I) Approve (A) The Master Sale and Purchase Agreement with Vehicle Acquisitions Holding, LLC., A US Treasury Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* filed June 1st, 2009 (doc. 92) (the "Motion").

According to Section 2.2(a)(xiii) of the Master Sale and Purchase Agreement attached as Exhibit A to the Motion, Debtors appear to be transferring their claims for tax refunds to the Purchaser.  Then, in paragraph 28 of the Proposed Order attached as Exhibit B to the Motion

1

(the "Order") Debtors appear to be seeking a prohibition against the exercise of any rights of setoff or recoupment against the Purchaser for obligations owed by the Debtors.

Under 11 U.S.C. § 553(a), provisions of Title 11 "do not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." Although § 553(a) does refer to "[e]xcept as ... provided in section 363", that reference refers to a *creditor's* right to adequate protection of its setoff rights. 5 Collier on Bankruptcy (15th ed. rev.) ¶ 553.01; ¶ 553.06[5] and cases cited therein. There is no provision in § 363 for abrogating a creditor's setoff rights, and if the Motion and proposed order seek to abrogate tax creditors' setoff rights, the relief requested should be denied to that extent.

In paragraph 39 of the Order, Debtors request the authority to avoid the application of any and all state law to any transactions relating to the proposed sale. To the extent this provision conflicts with 28 U.S.C. §§ 959 and 960, the relief requested should be denied.

Taxation submits that the arguments set forth in this Limited Objection satisfy the requirements of Local Bankruptcy Rule 9013-1(b) and that submission of a separate memorandum of law should not be required.

WHEREFORE, Taxation hereby requests an order denying the relief requested in the Motion to the extent it seeks to (i) prohibit Taxation from setting-off any tax refunds Taxation may owe to the Debtors against any obligations to Taxation owed by the Debtor; and (ii) avoid state law in violation of 28 U.S.C. §§ 959 and 960.

Dated: 6/19/09

Respectfully submitted,

RICHARD CORDRAY
Attorney General of Ohio

/s/ Lucas Ward

_____

Lucas Ward (Pro Hac Vice Pending)
Ohio Bar # 0076654
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH  43215
614-752-9068
866-418-7625 (FAX)
lucas.ward@ohioattorneygeneral.gov

Counsel for Ohio Department of Taxation