IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENERAL MOTORS CORP., et al., | ) Case No. 09-50026 (REG) |
| | ) |
| Debtors. | ) Auction: |
| | ) Sale Hearing: June 30, 2009 at 9:45 a.m. (ET) |
| | ) Objections Due: June 19, 2009 at 5:00 p.m.(ET) |

**OBJECTION OF THE COUNTY OF SANTA CLARA TO
PROPOSED SALE OF DEBTORS' ASSETS FREE AND CLEAR
OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND
SALE HEARING ("COUNTY'S OBJECTION TO SALE")**

Dated: June 19, 2009

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
ANN MILLER RAVEL, County Counsel (Cal. Bar No. 62139)
NEYSA A. FLIGOR, Deputy County Counsel (Cal Bar No. 215876)
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile:  (408) 292-7240

Counsel to Creditor County of Santa Clara Tax Collector

**I.**

**INTRODUCTION AND STATEMENT OF FACTS**

Debtor, GENERAL MOTORS CORPORATION and certain of its subsidiaries ("Debtor"), filed a Chapter 11 Bankruptcy Petition on or about June 1, 2009. As of January 1, 2009, Debtor owed the County of Santa Clara Tax Collector (the "County") approximately $18,659.41, for which the County has filed a Priority Proof of Claim ("County Claim") under Bankruptcy Code § 507. The consideration for this debt is personal property tax.

The County objects to the Debtor's request to sell assets free and clear of liens, claims, encumbrances and interests.

**II.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

The California Revenue & Taxation Code § 2192 states: "Except as otherwise specifically provided, all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied." Cal. Rev. & Tax. Code § 2192. Based on Section 2192, the County has a lien on the assets that are proposed for sale and objects to the sale of these assets free and clear of liens, claims, and encumbrances. Therefore, the County objects to the Debtor's request and asks that the County's tax liens attach to the proceeds of the sale in the event that it is not satisfied in full as a condition of the sale.

## III.

## CONCLUSION

Based on the foregoing, the County respectfully requests that the Court either deny the Debtor's proposed sale of assets free and clear of liens, claims, encumbrances, and interests or, in the alternative, order that sufficient proceeds be set aside to satisfy the County Claim.

Dated: June 19, 2009                                   Respectfully submitted,

                                                       ANN MILLER RAVEL
                                                       County Counsel


                                           By:    /S/ Neysa A. Fligor
                                                       NEYSA A. FLIGOR
                                                       Deputy County Counsel

                                                       Counsel to Creditor County of
                                                       Santa Clara Tax Collector