UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Case No.09-50026(REG) |
| GENERAL MOTORS CORP, et al., Debtors. | Chapter 11 |
| | Hearing: June 30, 2009 at 9:45 a.m.ET |

**Local Tax Authorities' Objection to Debtors' Motion . . To (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement . . ., Free and Clear of Liens, Claims, Encumbrances, and Other Interests . . . and (C) Other Relief**

Now come Angelina County, Bee County, Bexar County, Caldwell CAD, Cameron County, Cass County, Cypress-Fairbanks ISD, Dallas County, DeSoto, DeSoto ISD, Delta County, Duval County, Edinburg, Edinburg CISD, Ellis County, Fannin CAD, Freer ISD, Galveston County, Grayson County, Gregg County, Harlingen, Harlingen CISD, Harris County, Hearne, Hearne ISD, Hopkins County, Houston CAD, Hunt County, Irving ISD, Jackson County, Jasper County, Judson ISD, Katy ISD, Kaufman County, Kenedy County, LaVaca County, LaVaca County CAD, Liberty County, Live Oak CAD, Llano County, Matagorda County, McAllen, McAllen ISD, McCulloch CAD, McLennan County, Montgomery County, Mt Vernon ISD, Navarro County, Northwest ISD, Nueces County, Orange County, Parker CAD, Pearland, Pharr – San Juan - Alamo ISD, Polk County, Red River CAD, Refugio County, Richardson, Rio Grande City ISD, Robertson County, Rockwall CAD, Rockwall County, Round Rock ISD, Rusk County, San Benito CISD, San Marcos, San Marcos CISD, San Patricio County, Sharyland ISD, South Texas College, South Texas ISD, Starr County, Sulphur Springs,

1

Sulphur Springs ISD, Sunnyvale, Sunnyvale ISD, Tarrant County, Valley View ISD, Victoria County, Weslaco, Weslaco ISD, Wise CAD, Wise County, and Wood County (jointly the "Local Texas Tax Authorities") and the City of Memphis, TN (together with the Local Texas Tax Authorities the "Local Tax Authorities" or "Tax Authorities") and object to the relief sought in the Debtors' Motion for approval of the sale of substantially all of its assets pursuant to the Master Sale and Purchase Agreement and other related relief.  In support of their objection, the Local Tax Authorities would show the Court as follows:

1. The Tax Authorities have filed secured claims for 2009 ad valorem property taxes.  The claims of the Local Texas Tax Authorities are secured by first priority liens on the Debtors' real and personal property pursuant to Texas Property Tax Code §§ 32.01 and 32.05.  The City of Memphis has a first priority lien pursuant to Tenn. Code Ann. §67-5-2101. The Tax Authorities' claims total approximately $3,650,000.[1]

2. The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.  11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979).  The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See  Tenn. Code Ann. §67-5-2101(a); Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its

---

[1] The amounts for the 2009 taxes are estimated; final amounts will be determined on or about October 1, 2009, pursuant to Texas law, and on or about August 1, 2009, for property in Tennessee.  Further, this amount does not include post-petition interest to which the Tax Authorities are entitled under 11 U.S.C. §§506(b) and 511.  Finally, the Tax Authorities' claims are subject to adjustment as they do further research.  The Tax Authorities have 180 days in which to research and file claims.

purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).    The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994); Tenn. Code Ann. §67-5-2101.  The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

     3. The Debtors propose to sell substantially all of their property free and clear of all liens, claims, and encumbrances.  Although it appears that liens for current year taxes which are not yet due and payable are "Permitted Encumbrances" which remain on the property, it is unclear whether the Debtors or purchaser will pay the taxes as they are not "Assumed Liabilities" under the Master Sale and Purchase Agreement.

     4. Further, there is no provision for the segregation of the Tax Authorities' cash collateral (if any cash proceeds are attributable to the sale of their collateral), the attachment of their liens to the cash, nor to prevent this cash collateral from being utilized by the Debtors in the ordinary course or to pay other creditors.  The Local Tax Authorities object to the use of their cash collateral.

     5. Merely providing that the tax liens attach to the sale proceeds does not adequately protect the liens and claims of the Local Tax Authorities as required by 11 U.S.C. § 363(e). Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of this cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants'

3

collateral. Accordingly, absent the Tax Authorities' consent, a segregated account must be established for these 2009 taxes from the sale proceeds to comply with the requirements of § 363(c)(4). Alternatively, the claims of the Tax Authorities could be paid directly from the sale proceeds at closing. Paying these claims will benefit the estate in stopping the accrual of interest pursuant to 11 U.S.C. § 506(b), which is currently accruing at the rate of 12%. Tex. Prop Tax Code § 33.01; Tenn. Code Ann. § 67-5-2010; 11 U.S.C. § 511. Unless and until their claims are paid in full, the Tax Authorities object to the use of their cash collateral by the Debtors for any purpose, and especially to the use of their cash collateral to pay the claims of junior lienholders.

      6. If no cash proceeds are received by the Debtors or the estate to which the Tax Authorities' liens may attach, the sale should not be approved unless and until it is amended to provide adequate protection for the liens and claims of the Tax Authorities. Clarification is needed to be sure that the provision including as assumed those liabilities "(B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order" includes those tax liabilities authorized by the Court to be paid in that "Order Pursuant to 11 U.S.C. §§ 363(b),507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments", entered by this Court on June 1, 2009, and is intended to provide for the assumption by the purchasers of unpaid pre-petition property taxes on assets being conveyed by the sale. Absent a provision providing that the current year tax liabilities are Assumed Liabilities which will be timely paid by the purchaser, the Tax Authorities can have no certainty as to which entity is responsible for paying these taxes.

      WHEREFORE, based upon the foregoing, the Local Texas Tax Authorities and City of Memphis request the Court to deny the relief requested in the Debtors' Motion unless and until

appropriate provisions are included to adequately protect the liens and claims of the Local Tax Authorities and their interest in the proceeds from the sale of their collateral.

Respectfully submitted,

> LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
> BY:  /s/ Elizabeth Weller
> Elizabeth Weller (Tex.Bar No. 00785514)
> 2323 Bryan St. #1600
> Dallas, TX 75201
> 469/221-5075 Phone
> 469/221-5003 Fax
> Email: bethw@publicans.com
> Attorneys for the Local Texas Tax Authorities and City of Memphis

Certificate of Service

I hereby certify that this 18th day of June, 2009, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon counsel on the Service List below via electronic mail or facsimile as indicated.

 /s/ Elizabeth Weller
Elizabeth Weller

Service List

| | |
|---|---|
| Harvey Miller | Harvey.Miller@weil.com |
| Stephen Karotkin | Stephen.karotkin@weil.com |
| Joseph Smolinsky | Joseph.Smolinsky@weil.com |
| John Rapisardi | john.rapisardi@cwt.com |
| James Bromley | jbromley@cgsh.com |
| Michael Edelman | mjedelman@vedderprice.com |
| Michael Schein | mschein@vedderprice.com |
| Babette Ceccotti | bceccotti@cwsny.com |
| Diana Adams | **Fax**: 212-668-2256 |
| U.S. Attorney's Office | **Fax:** (212)637-2684 |