ORRICK, HERRINGTON & SUTCLIFFE LLP
Robert M. Isackson
666 Fifth Avenue
New York, NY 10103-0002
Telephone: (212) 509-5000

ORRICK, HERRINGTON & SUTCLIFFE LLP
Jenna S. Clemens (Admitted *Pro Hac Vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700

Attorneys for Finmeccanica SpA and Ansaldo Ricerche SpA

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **GENERAL MOTORS CORPORATION,** *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | **(Jointly Administered)** |

**LIMITED OBJECTION OF FINMECCANICA SPA AND ANSALDO RICERCHE SPA TO THE DEBTOR'S PROPOSED 363 SALE ORDER**

Finmeccanica SpA ("**Finmeccanica**") and Ansaldo Ricerche S.p.A. ("**ARI**"), by and through their counsel, hereby file this limited objection (this "**Limited Objection**") to the above-captioned debtors' (the "**Debtors**") proposed Order (I) Authorizing Sale of Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the "**Proposed Sale Order**"), and in support thereof state as follows:

1

## LIMITED OBJECTION

1. Finmeccanica and ARI have no objection to the proposed 363 Transaction, but do object to certain language contained in the Proposed Master Sale and Purchase Agreement, which is incorporated into the Proposed Sale Order.

2. Finmeccanica, ARI and General Motors Corporation ("**GM**"), one of the Debtors in the above-captioned case, are parties to a certain settlement agreement dated January 16, 2009 (the "**Settlement Agreement**"), which resulted in, *inter alia,* dismissal of litigation pending in the United States District Court for the Central District of California (Case No. CV-07-07537).

3. In the Settlement Agreement, GM undertook an obligation to limit the scope of patent protection it would seek with respect to a particular technology. GM have not yet fully complied with this obligation.

4. Additionally, pursuant to the Settlement Agreement, Finmeccanica acquired rights to: (i) an option for a license under patents rights GM might obtain on that certain technology in certain applications; (ii) an option to obtain a covenant not to be sued for the exploitation by Finmeccanica, ARI or their respective affiliates of that certain technology in certain such applications; and (iii) a covenant not to be sued for the exploitation by Finmeccanica, ARI or their respective affiliates of that certain technology in certain other applications. GM also undertook an obligation under the Settlement Agreement that any attempt by GM to assign the patent rights without the above referenced rights of Finmeccanica and ARI would be null and void.

5. Pursuant to Section 4.14 of the Proposed Master Sale and Purchase Agreement, the Debtors propose to transfer some or all of their intellectual property to Vehicle Acquisition Holdings, LLC (the "Purchaser") free and clear of all Encumbrances, as such term is defined in the Proposed Master Sale and Purchase Agreement. The definition of Encumbrances specifically includes options. It is unclear whether any rights with respect to the patents at issue in the Settlement Agreement will be transferred to the

Purchaser. Section 6.5 of the Proposed Master Sale and Purchase Agreement permits the Debtors to shift assets to Excluded Assets until two days before the closing of the sale.

6. Section 363(f) of the Bankruptcy Code permits the sale of property free and clear of any interest in such property of an entity other than the estate, only if such entity consents. 11 U.S.C. § 363(f)(2) (2007). Finmeccanica and ARI have not received any notice from the Debtors regarding whether the terms of the Settlement Agreement will be binding on the Purchaser upon consummation of the 363 Transaction, in the event that rights concerning the patents at issue are included in the intellectual property that is transferred to the Purchaser.

7. Finmeccanica and ARI are unable to determine from the Proposed Master Sale and Purchase Agreement whether the Settlement Agreement will be assumed by the Purchaser along with the patent rights being acquired. Finmeccanica and ARI would and do consent to the sale of the patents at issue in the Settlement Agreement to the Purchaser, provided that GM's obligations under the Settlement Agreement, described in paragraphs 3 and 4 above, pass with those patent rights to the Purchaser.

## CONCLUSION

8. Finmeccanica and ARI object to the sale of the Debtors' intellectual property that is the subject of the Settlement Agreement without confirmation by the Debtors that the terms of the Settlement Agreement will pass with the assets to the Purchaser. Finmeccanica and ARI respectfully request that the Court not approve any transfer of the intellectual property that is the subject of the Settlement Agreement without confirmation by the Debtors that the terms of the Settlement Agreement will be binding on the Purchaser. Finmeccanica and ARI request that absent such confirmation, they be provided adequate protection of their interest in the Settlement Agreement pursuant to section 363(e) of the Bankruptcy Code.

OHS West:260680129.2

Dated: New York, New York
       June 19, 2009

                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   s/ Robert M. Isackson
     Robert M. Isackson

     666 Fifth Avenue
     New York, NY 10103-0002
     Telephone: (212) 509-5000

               *and*

Jenna S. Clemens (Admitted *Pro Hac Vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Finmeccanica SpA and Ansaldo Ricerche SpA

OHS West:260680129.2