Hearing Date:  June 30, 2009, at 9:45 A.M. ET
Objection Deadline:  June 19, 2009, at 5:00 P.M. ET

Michael St. Patrick Baxter
Dennis B. Auerbach
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC  20004-2401
phone:  (202) 662-6000
fax:  (202) 662-6291

- and -

Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
phone:  (212) 841-1000
fax:  (212) 841-1010

*Counsel to Union Pacific Railroad Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| Debtors. | : | Jointly Administered |

**LIMITED OBJECTION OF UNION PACIFIC RAILROAD COMPANY
TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING SALE
OF ASSETS PURSUANT TO MASTER SALE AND PURCHASE
AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC**

1. Union Pacific Railroad Company ("Union Pacific") files this limited objection to the Debtors' Motion to Approve the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests (Docket No. 92).

2.      Union Pacific provides services to one or more of the Debtors under pre-petition contracts and has rights of setoff and/or recoupment against one or more of the Debtors.

3.      Union Pacific does not object to the Debtors' proposed sale of assets. However, Union Pacific submits that the Court's sale order should include clarifying language making clear that the sale will not impair the setoff and/or recoupment rights of Union Pacific and other non-debtor counterparties that have executory contracts with the Debtors.

4.      Union Pacific submits that the following clarifying provisions should be included in the sale order:

> For the avoidance of doubt:
>
> (a)     with respect to each Excluded Contract, the Purchaser is not acquiring any right, title or interest in, to and under such Excluded Contract, including, without limitation, any claim, cause of action, right of recoupment or receivable (whether for money or property), and all rights of a non-debtor counterparty against the Debtors arising under such Excluded Contract, including rights of setoff and/or recoupment, are not modified or waived; and
>
> (b)     with respect to each Assumed Executory Contract, nothing in this Sale Order or the Purchase Agreement affects the contractual rights and remedies of a non-debtor counterparty under such Assumed Executory Contract, including, without limitation, any right of setoff, recoupment, subrogation, indemnity rights and any defenses to performance, except to the extent such contractual rights and remedies (other than rights of setoff and/or recoupment) result from the financial condition or bankruptcy of a Debtor or arise out of or relate to a default or failure to perform under such Assumed Executory Contract at or prior to the time of assumption and assignment.

5. Similar provisions clarifying the rights of counterparties to executory contracts with the Debtors are contained in the Court's June 1, 2009 order approving the sale of assets in the Chrysler case. *See In re Chrysler LLC, et al.*, Case No. 09-50002, Docket No. 3232, ¶ 41.

Dated: New York, New York
June 19, 2009

Respectfully submitted,

Michael St. Patrick Baxter
Dennis B. Auerbach
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
phone: (202) 662-6000
fax: (202) 662-6291
email: mbaxter@cov.com

- and -

 */s/ Susan Power Johnston*
Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
phone: (212) 841-1000
fax: (212) 841-1010
email: sjohnston@cov.com

*Counsel to Union Pacific Railroad Company*