RESPONSE DATE:   June 25, 2009

SILVERMAN & MORRIS, P.L.L.C.
7115 Orchard Lake Road, Suite 500
West Bloomfield, Michigan 48322
Telephone (248) 539-1330; Fax (248) 539-1355
Geoffrey L. Silverman (P34011)
Karin F. Avery (P45364)
avery@silvermanmorris.com
Counsel for Harry Major Machine & Tool Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

GENERAL MOTORS CORPORATION,
*et al*.,

      Debtors.

_____/

Chapter 11
Case No. 09-50026 (REG)
(Jointly Administered)

Hon. Robert E. Gerber

**LIMITED OBJECTION OF HARRY MAJOR MACHINE & TOOL COMPANY TO
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

*NOW COMES* Harry Major Machine & Tool Company ("Creditor"), by and through its counsel, Silverman & Morris, P.L.L.C., and hereby files this limited objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice").

    1.    On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, the Debtors filed a motion pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 for an order authorizing (*inter alia*) the assumption and assignment of certain executory contracts and unexpired leases (Docket No. 92) ("363 Motion").

3. In the 363 Motion, the Debtors asked this Court to approve their proposed sale of substantially all of their assets to Vehicle Acquisition Holdings LLC, as "New GM". They also asked the Court to approve procedures for assuming and assigning contracts to New GM, including supplier contracts.

4. On June 2, 2009, the Court granted the 363 Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to New GM (Docket No. 274).

5. On or about June 15, 2009, the Debtors served the Notice upon the Creditor, indicating that they intended to assume and assign the executory contracts ("Creditor's Designated Agreements") which exist between the Creditor (vendor identification number 005371877) and the Debtor(s). The Notice refers the Creditor to a website to view the Cure Amount for the Creditor's Designated Agreements.

6. The website lists a Cure Amount in the aggregate amount of $40,486.56 for the following Creditor's Designated Agreements: (i) GMS21706 (P.O. No. RMS31303); (ii) RD812035 (P.O. No. RMS31304); (iii) GMS20436 (P.O. No. LTS78752); and (iv) TCB09135 (P.O. No. GMS19116). However, the Creditor's Designated Agreements actually consist of eight agreements, with the following Cure Amounts:

| **GM PO No.** | **ACTUAL CURE AMOUNT** |
|---|---|
| RMS31303 | $180.00 |
| RMS31304 | $180.00 |
| LTS78752 | $305.00 |
| GMS19116 | $39,821.56 |
| PLS05889 | $62,806.33 |
| GMS21706 | $16,400.00 |
| GMS20436 | $59,161.60 |
| K565003 | $125,713.40 |

7. The Creditor is filing this limited objection in order to preserve its rights.

8. The Creditor has no objection to the Debtors' assumption and assignment of the Creditor's Designated Agreements. However, the actual Cure Amount required is as set forth in paragraph 6.

9. The Creditor's Designated Agreements cannot be assumed without the concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz,* 315 F.3d 80, 86 (2nd Cir. 2002).

10. Before the Debtors can assume and assign the Creditor's Designated Agreements, the Debtors must cure the entire arrearages owed to the Creditor.

11. There may be additional cure obligations, arising from any post-petition defaults, pending the actual assumption and assignment of the Creditor's Designated Agreements. As required by paragraph 10 of the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed.R.Bankr.P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets

Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009, the Creditor hereby preserves the right to assert additional cures or other amounts against the Debtors, their estates or the Purchaser, in the event of any post-petition (but pre-assumption) defaults.

12.    Because the legal points and authorities upon which the Creditor relies for the purposes of this Objection are incorporated into the Objection, the Creditor respectfully requests that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

*WHEREFORE,* the Creditor respectfully requests that the Court require the amount of cure payments be increased as set forth herein, prior to the assumption and assignment of the Creditor's Designated Agreements.

SILVERMAN & MORRIS, P.L.L.C.


By:    /s/ Karin F. Avery
      GEOFFREY L. SILVERMAN (P34011)
      KARIN F. AVERY (P45364)
Attorneys for Creditor, Harry Major Machine & Tool Company
7115 Orchard Lake Road, Suite 500
West Bloomfield, Michigan 48322
avery@silvermanmorris.com
telephone (248) 539-1330; fax (248) 539-1355

Dated:   June 19, 2009
X:\Clients\General Motors Bankruptcy\Assumption or Rejection of Contracts or Leases\ltd obj of harry major machine to gm not of cure costs.doc