MILLER JOHNSON
Attorneys for Benteler Automotive Corporation
250 Monroe Avenue, Suite 800
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700
Thomas P. Sarb (TS-8282)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
In Re:                                                :        Chapter 11
                                                      :
GENERAL MOTORS CORPORATION,                           :        Case No. 09-50026 (REG)
                                                      :
         Debtors.                                     :        (Jointly Administered)
------------------------------------------------------x

**AMENDED LIMITED OBJECTION OF BENTELER AUTOMOTIVE CORPORATION TO THE MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE NOTICE OF FILING OF SCHEDULE OF CERTAIN DESIGNATED SUPPLIER AGREEMENTS AND CURE COSTS RELATED THERETO**

Benteler Automotive Corporation ("Benteler"), by its attorneys, objects on a limited basis (the "Objection") to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (Docket No. 92) (the "Sale Motion") and the Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto ("Notice of Assumption").

In support of its Objection, Benteler states:

**Background**

1. On June 1, 2009, Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. On June 1, 2009, Debtors filed the Sale Motion.

3. In the Sale Motion, Debtors petitioned the Court to approve a proposed sale of substantially all of their assets to Vehicle Acquisition Holdings LLC, a purchaser sponsored by the United States Department of Treasury, pursuant to the Master Sale and Purchase Agreement and related agreements (the "MPA"), to approve proposed bidding procedures to govern the sale process, and to approve procedures for assuming and assigning contracts to the successful bidder, including supplier contracts, such as Benteler's at issue in this Objection.

4. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' procedures regarding Debtors' assumption and assignment of executory contracts.

5. On June 5, 2009, the Debtors' sent various Notices of Assumption to Benteler by first-class mail listing the contracts to be assumed and assigned ("Assumable Executory Contracts") indicating that the Debtors intend to assume and assign certain of the Debtors' contracts with Benteler (the "Assumed Contracts"). The amount Debtors claim to be owing under the Assumed Contracts (the "Proposed Cure Amount") is significantly less than what is actually owed under the Assumed Contracts.

**Objections**

6. Benteler objects to the Sale Motion and Notice of Assumption on the following grounds:

A. Benteler has no objection to the assumption of the Assumed Contracts provided that the correct cure amounts are paid. However, the Debtors' Proposed Cure Amount for the Assumed Contracts are not clear and appear to be inadequate. According to Benteler's records, the total cure amount should be $7,348,550.28, rather than the $2,020,076.05 amount provided by GM in the Notices of Assumption. The discrepancy between the various numbers may be attributable to the following issues:

i. The largest portion of the Benteler Proposed Cure Amount discrepancy appears to relate to the fact that GM's Notices of Assumption have not included Benteler's Hagen Street facility located in Grand Rapids, Michigan, DUNS number 112827779, for which Benteler shows $4,141,527.44 as being due and owing.

ii. It appears that some of the discrepancy relates to receivables due from the Debtors as of the Petition Date which are covered under the Auto Suppliers Support Program supported by the United States Treasury, in the approximate amount of $1,171,764.08. However, it is unclear whether those amounts were intentionally excluded or not.

iii. Some of the Proposed Cure Amount discrepancy may be attributable to non-included shipments to Canadian facilities operated by the Debtors or their Canadian affiliates. However, certain of the Assumption Notices include Canadian shipments and it is unclear whether those should or should not be included at this time.

iv. An additional approximately $112,000 relates to missing GST reimbursements and SPO sales that are in connection with a directed buy

relationship related to Futaba Corporation ("Futaba"), in which Benteler is the Tier 1 supplier and Futaba is the Tier 2 supplier to the Debtors.

   v. There are additional discrepancies relating to various missing invoices and credit memos.

  B. In addition to the actual cure amount set forth in subparagraph (A) above, under § 365(b), the Debtors must cure all defaults existing as of the time of assumption.

7. Benteler expects that any differences between the Debtors and Benteler as to the Proposed Cure Amount can be reconciled, but files this Objection out of an abundance of caution due to the deadlines for filing objections and to preserve all rights related to the proposed assumption of the Assumed Contracts.

8. Benteler reserves all rights to amend and/or supplement this Objection.

WHEREFORE, Benteler respectfully requests, only to the extent that the parties cannot reconcile the cure amounts amongst themselves, that this Court set the correct cure amount, compel Debtors to pay the correct cure amount and grant such other and further relief as is just and appropriate.

       MILLER JOHNSON
       Attorneys for Benteler Automotive Corporation

Dated: June 19, 2009   By  /s/ Thomas P. Sarb
        Thomas P. Sarb (TS-8282)
      Business Address:
        250 Monroe Avenue, N.W., Suite 800
        PO Box 306
        Grand Rapids, Michigan  49501-0306
      Telephone:  (616) 831-1700