**Objection Deadline: June 15, 2009**
                **Hearing Date:       June 30, 2009**

FRASER TREBILCOCK DAVIS & DUNLAP, PC
G. ALAN WALLACE (P-69333)
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan Street, Suite 1000
Lansing, MI 48933
Telephone: 517.482.5800
Fax:  517. 482.0887
Email: awallace@fraserlawfirm.com


**ATTORNEYS FOR THE CITY OF LANSING, MICHIGAN**

124 W. ALLEGAN STREET, SUITE 1000
LANSING, MI 48933
TELEPHONE 517.482.5800
FACSIMILE 517.482.0887
EMAIL GWALLACE@FRASERLAWFIRM.COM


**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

| | |
|---|---|
| **GENERAL MOTORS CORPORATION,** *et al.,* | Chapter 11 |
| | Case No. 09-50026 (REG) |
| Debtors | Jointly Administered |


**SUPPLEMENTAL OBJECTION OF THE CITY OF LANSING, MICHIGAN TO THE DEBTOR'S IDENTIFICATION OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND RESERVATION OF RIGHT**

      The City of Lansing, Michigan, by its attorneys, Fraser Trebilcock Davis & Dunlap, P.C. objects to General Motors Corporation's ("Debtor") identification of certain executory contracts in connection with the assumption and assignment of executory contracts and reservation of right based on the following:

1

1.     On June 2, 2009, this Court entered the "Order Pursuant to 11 U.S.C. §§105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006: (i) Approving Procedures For Sale Of Debtor's Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury Sponsored Purchaser; (ii) Scheduling Bid Deadline and Sale Hearing Date; (iii) Establishing Assumption and Assignment Procedures; and (iv) Fixing Notice Procedures and Approving Form Of Notice" (hereinafter referred to as the "Order").  Docket No. 274.

2.     Paragraph ten (10) of the Order requires the Debtor to "maintain a secure website (the "Contract Website") that the non-Debtor counterparty to an Assumable Executory Contract can access to find current information about the status of its respective Executory Contract or Lease."  In addition, the Debtor, through the Contract Website, is required to provide an "**identification of each Assumable Executory Contract that the Purchaser has designated for assumption and assignment**."  (Emphasis Added).

3.     On June 9 and 10, 2009, the City of Lansing received eleven (11) written notices and five (5) written notices, respectively, of: (i) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property Unexpired Leases of Nonresidential Real Property; and (ii) Cure Amounts Related Thereto, dated June 5, 2009 (collectively referred to in this Objection as the "Notices").  These notices all related to Debtor, General Motors Corporation.

4.     On June 17, 2009, and after the June 15, 2009 deadline to file an objection, the City of Lansing received four (4) additional written notices of the following: (i) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property Unexpired Leases of Nonresidential Real Property; and (ii) Cure Amounts Related Thereto,

dated June 5, 2009 (collectively referred to in this Objection as the "Notices"). These notices all related to Debtor, General Motors Corporation.

4. The Notices provide instructions on accessing the Contract Website, but do not identify the agreements between the City of Lansing and the Debtor that have been designated for assumption and assignment.

5. Each of the Notices were accompanied by a separate "User ID" number, "Vendor ID" number and "Password" for accessing the Contract Website.

6. The information on the Contract Website lists the following "Contract Type" between the City of Lansing and the Debtor:

- Real Property Leases (4 total);
- Tax Incentive Agreements (7 total);
- Agreement (7 total); and
- License Agreement (2 total).

7. Neither the Notices nor the information from the Contract Website relative to the Notices adequately identifies the agreements between the City of Lansing and the Debtor that have been designated for assumption and assignment.

8. Accordingly, the City of Lansing is unable to sufficiently identify which agreements have been designated for assumption and assignment, and assumes, for purposes of this Objection, that all agreements between the City of Lansing and the Debtor will be assumed and assigned.

9. Due to the Debtor's failure to adequately identify the agreements that have been designated for assumption and assignment relative to the Notices, the City of Lansing reserves

all rights to object to the assumption, assignment and the attendant cure amount, whether pertaining to the Notices or any future designation, by the Debtor or the Purchaser.

WHEREFORE, the City of Lansing requests entry of an order requiring Debtor to adequately identify the agreements between the City of Lansing and the Debtor in connection with the Notices that have been designated by the purchaser for assumption and assignment and allow the City of Lansing a reasonable time to object following entry of an order if necessary.

Dated:  June 19, 2009   Fraser Trebilcock Davis & Dunlap, P.C.
Attorneys for the City of Lansing

/s/ G. Alan Wallace
G. Alan Wallace (P-69333)
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan Street, Suite 1000
Lansing, MI 48933
Telephone: 517.482.5800
Fax:  517. 482.0887
Email: awallace@fraserlawfirm.com