UNITED STATES BANKRUPTCY COURT          Hearing Date: June 23, 2009
SOUTHERN DISTRICT OF NEW YORK            Hearing Time: 10:00 a.m.
--------------------------------------------------------
In re:                                          :    Chapter 11
                                                :
GENERAL MOTORS, CORP., *et al.*,                :    Case No. 09-50026 (REG)
                                                :
                             Debtors.           :    (Jointly Administered)
--------------------------------------------------------   x

**RESPONSE OF THE UNITED STATES TRUSTEE TO MOTION OF THE
UNOFFICIAL COMMITTEE OF FAMILY & DISSIDENT GM BONDHOLDERS FOR
AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN
OFFICIAL COMMITTEE OF FAMILY & DISSIDENT BONDHOLDERS**

**TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

## I.    INTRODUCTION

Diana G. Adams, United States Trustee for Region 2 (the "United States Trustee"),

hereby files her Response to the Motion (the "Motion") of the Unofficial Committee of Family &

Dissident GM Bondholders (the "Unofficial F&D Committee") for an Order Directing the United

States Trustee to Appoint an Official Committee of Family & Dissident GM Bondholders.  The

Court should deny the Motion because the Unofficial F&D Committee has failed to demonstrate

that the appointment of an official family and dissident bondholder committee ("F&D

Bondholder Committee") is necessary to adequately represent such unsecured bondholders'

interests.

## II.    PRELIMINARY STATEMENT

The Unofficial F&D Committee's request for a separate committee of family and

dissident bondholders (the "F&D Bondholders") should be denied because the Unofficial F&D

Committee has failed to sustain its burden of establishing that its interests are not adequately

represented where the official Committee contains two indenture trustees, the members of the

Unofficial F&D Committee have chosen not to participate on the Committee, the Committee is functioning properly, the Unofficial F&D Committee appears to be capable of participating in the case, there appears to be no indication that the members of the Unofficial Committee will be subject to any discrimination under a Chapter 11 plan, and the additional costs of a separate F&D Bondholder Committee does not appear to be justified under the circumstances of this case.

The Unofficial F&D Committee, which represents bondholders who purchased their holdings at par as well as bondholders who recently acquired their bond holdings and stand to gain from the sale of substantially all of the Debtors' assets, has filed the Motion seeking the appointment of a separate committee of F&D Bondholders.  The exact details and extent of the respective holdings are unknown because the Unofficial F&D Committee has not fully complied with the disclosure requirements of Federal Rules of Bankruptcy Procedure ("Rule") 2019(a)(4).

The United States Trustee has appointed an Official Committee of Unsecured Creditors (the "Committee") consisting of 15 members representing seven different categories of unsecured creditors.  The members include two indenture trustees who represent all of the issuances of unsecured bonds.  No other bondholder appeared at the organizational meeting to appoint the Committee with the exception of a single individual bondholder who registered an appearance but who did not remain to be interviewed by the United States Trustee.

The counsel to the Unofficial F&D Committee has advised counsel to the United States Trustee that none of the Unofficial F&D Committee members wish to serve on the Committee.

The Unofficial F&D Committee has not carried its burden of establishing that the appointment of a separate F&D Bondholder Committee is necessary for the adequate representation of its unsecured bondholders.  Adequate representation is not defined in Section 1102(a)(2), and the Courts have employed a variety of factors tailored to the facts and

circumstances of each case in order reach a decision on the need for an additional committee.

The norm is the appointment of a single committee of unsecured creditors, even in large complex

bankruptcy cases, with the appointment of an additional committee constituting an extraordinary

remedy.

Under the circumstances of this case, the appointment of a separate committee of F&D

Bondholders does not appear to be warranted because the primary issue common to all creditors

is the desire to obtain the maximum purchase price in exchange for substantially all of the

Debtors' assets, the Committee appears to be functioning smoothly, the Unofficial F&D

Committee appears to have the legal and financial wherewithal to participate in these cases, the

official Committee contain two members representing the interests of all bondholders, there is no

indication that the members of the Unofficial F&D Committee will be treated differently under a

plan of reorganization, and the added cost of appointing a separate F&D Bondholder Committee

does not appear to be justified under the circumstances of this case.

### III.    FACTS

#### A.    The Debtors

1.     On June 1, 2009 General Motors Corp., *et al.* ("GM" or the "Debtors") filed their

chapter 11 cases (the "GM Cases"). The Debtors continue to operate their businesses and

manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of

Bankruptcy Code.

2.     The United States Trustee conducted an organizational meeting (the

"Organizational Meeting") for the purpose of forming an official committee of unsecured

creditors (the "Committee") in these cases on June 3, 2009. After interviewing various creditors

interested in serving on the Committee, the United States Trustee appointed the 15 members of

the Committee on June 3, 2009, pursuant to Section 1102(a) of the Bankruptcy Code.

3.    The following 15 creditors were appointed to the Committee:

| | Committee Members | Type of Claim |
|---|---|---|
| 1 | Pension Benefit Guaranty Corporation | Pension |
| 2 | Wilmington Trust Company | Bond Debt |
| 3 | Law Debenture Trust Company of New York | Bond Debt |
| 4 | The Industrial Division of Communications Workers of America, AFL-CIO | Employee Obligations |
| 5 | International Union UAW | Employee Obligations |
| 6 | United Steelworkers | Employee Obligations |
| 7 | Interpublic Group | Trade - Advertising |
| 8 | DENSO International America, Inc. | Trade - Supplier |
| 9 | Inteva Products, LLC | Trade - Supplier |
| 10 | Serra Chevrolet of Birmingham, Inc | Dealer |
| 11 | Paddock Chevrolet | Dealer |
| 12 | Saturn of Hempstead, Inc. | Dealer |
| 13 | Mark Buttita | Asbestos Claim |
| 14 | Genoveva Bermudez | Tort Claim |
| 15 | Kevin Schoenl | Tort Claim |

4.    Among the creditors interviewed by the United States Trustee were two Indenture

Trustees, representing the entire bondholder group holding claims totaling $27 billion dollars.

5.      Upon questioning by the United States Trustee, both Indenture Trustees stated unequivocally that their legal and fiduciary obligations to all bondholders were in no way circumscribed or constrained by any decision, including a decision by a majority of the bondholders, to support the proposed sale of substantially all of the Debtors' assets.

6.      Only one other bondholder appeared and registered at the Organizational Meeting, but did not remain to be interviewed for the committee selection process.  The United States Trustee attempted to contact the creditor and his counsel but was unsuccessful.  This bondholder has not contacted the United States Trustee since the Organizational Meeting.

7.      On June 9, 2009, the United States Trustee received a letter (the "F&D June 9 Letter") from Patton Boggs LLP, submitted on behalf of its client, the Unofficial F&D Committee, requesting that the United States Trustee exercise her discretionary authority under section 1102(a)(2) of the Bankruptcy Code to form an official statutory committee of F&D Bondholders in this case.  A copy of the F&D June 9 Letter is attached as Exhibit A hereto.   The United States Trustee then sent a copy of the June 9 Letter to counsel to the Debtors for comment.

8.      On June 9, 2009, counsel to the United States Trustee sent a letter (the "UST June 9 Letter") to Michael P. Richman, Esq. of Patton Boggs LLP, advising that the United States Trustee had requested comments on the F&D June 9 Letter and would not be able to respond by the afternoon of June 9, 2009 as requested in the F&D June 9 Letter.  A copy of the UST June 9 Letter is attached as Exhibit B hereto.

9.      On June 9, 2009, the Unofficial F&D Committee filed the Motion of the Unofficial Committee of Family & Dissident GM Bondholders for an Order Directing the United

States Trustee to Appoint an Official Committee of Family & Dissident GM Bondholders.  *See* ECF Doc. No. 553.

10.     On June 9, 2009, counsel to the Unofficial F&D Committee filed a disclosure statement pursuant to Rule 2019.  *See* ECF Doc. No. 516.  The statement filed by the Unofficial F&D Committee does not provide the information regarding bond holdings required by Rule 2019(a)(4), specifically, "the times when acquired, the amounts paid therefor, and any sales or other disposition thereof."

11.     On June 9, 2009 the United States Trustee received a response regarding the June 9 Letter, from counsel to the Debtors (the "Debtors' June 9 Letter") recommending that the request for a separate F&D Bondholder Committee be denied.  The Debtors' June 9 Letter is annexed as Exhibit C hereto .

12.     By a letter dated June 12, 2009 (the "June 12 Letter"), the United States Trustee received a letter from counsel to the Committee recommending that the request for a separate F&D Bondholder Committee be denied.  A copy of the June 12 Letter is attached as Exhibit D hereto.

13.     Counsel to the Unofficial F&D Committee has advised counsel to the United States Trustee that none of the Unofficial F&D Committee members wish to serve on the Committee.

## IV. ARGUMENT

**A.**     **The Unofficial F&D Committee Has Failed to Demonstrate That the Appointment of a Separate F&D Bondholder Committee Is Necessary to Adequately Represent Family and Dissident Bondholders' Interests.**

14.     The plain language of the statute indicates that the appointment of an additional creditors committee is a discretionary act of the United States Trustee. Section 1102(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and **may appoint additional committees of creditors** or of equity security holders **as the United States Trustee deems appropriate.**

11 U.S.C. §1102(a)(1) (emphasis added).

15.     The Bankruptcy Code is silent as to the nature and degree of "due diligence" required of a United States Trustee in the analysis of a request to appoint an additional F&D Bondholder Committee.  Section 1102 of the Code vests broad discretion in the United States Trustee with regard to the appointment of committees other than a single unsecured creditors' committee.

16.     Section 1102(a)(2) of the Bankruptcy Code provides that:

> On request of a party in interest, the court may order the appointment of additional committees of creditors if necessary to assure adequate representation of creditors ... . The United States trustee shall appoint any such committee.

11 U.S.C. §1102(a)(2).  *See generally* Fed. R. Bankr. P. 2020.

17.     The statute gives the Court the discretion to order the appointment of an additional unsecured creditors committee if necessary to assure adequate representation of a separate group of unsecured creditors.  *In re Enron Corp.*, 279 B.R. 671 (Bankr. S.D.N.Y. 2002)(assurance of adequate representation is the most important factor).

18.     In most cases, only one committee of unsecured creditors is typically appointed, which committee generally represents the best compromise of adequate representation, efficiency and economy.  *See In re Sharon Steel Corp.*, 100 B.R. 767 (Bankr. W.D.Pa. 1989)( a single unsecured creditors committee is the norm and appointment of additional committees is an extraordinary remedy); *Ad Hoc Bondholders Group v. Interco, Inc.*, 141 B.R. 422 (Bankr. E.D. Mo. 1992)(denying the request to appoint a separate committee of debenture holders rejecting a Chapter 11 plan); *In re Hills Stores*, 137 B.R. 4 (Bankr. S.D.N.Y. 1992)(denying the request for the appointment of a separate committee of subordinated bondholders); *In re Public Serv. Co.*, 89 B.R. 1014(Bankr. D.N.H. 1988)(declining a request by individual debentureholders for the appointment of a separate committee of individual debentureholders).

19.     The party seeking the appointment of an additional committee bears the burden of demonstrating that its interests are not adequately represented.  *See In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 857 (Bankr. M.D. Fla. 2005) *citing In re Agway, Inc.*, 297 B.R. 371, 374 (Bankr. N.D.N.Y. 2003).

20.     § 1102(a)(2) does not set forth a test of adequate representation, so the Court must examine the facts of each case.  *Id.  See In re Beker Indus. Corp.*, 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) (adequate representation is not defined in the statute, but requires interpretation by the Court).  The focus of the statute is "not whether the shareholders are 'exclusively' represented, but whether they are 'adequately' represented." *In re Leap Wireless Int'l., Inc.*, 295 B.R. 135, 140, quoting *In re Williams Communications Group, Inc.*, 281 B.R. 216, 222 (Bankr. S.D.N.Y. 2002).

21.     The Courts have considered a number of non-exclusive factors in determining whether there is adequate representation, depending on the circumstances of the case, including:

1.      The ability of the [official] committee to function;

2.      The nature of the case;

3.      The standing and desires of the various constituencies;

4.      The ability of creditors to participate in the cases without an official committee and the potential to recover expenses pursuant to § 503(b);

5.      Whether different classes may be treated differently under a plan and need representation;

6.      The motivation of movants

7.      The costs incurred by the appointment of additional committees; and

8.      The tasks that a committee or a separate committee is to perform.

*In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 857 (Bankr. M.D. Fla. 2005) *citing In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002).

22.     Under the circumstances of this case, the following factors appear to be relevant:

1.      The nature of the case;

2.      The ability of the official Committee to function;

3.      The ability of creditors to participate in the cases without an official committee and the potential to recover expenses pursuant to § 503(b);

4.      Whether the F&D Bondholders' interests are already being represented;

5.      Whether different classes may be treated differently under a plan and need representation;

6.      The motivation of the movants; and

7.      The costs incurred by the appointment of additional committees.

23.     Although this is a large case, the primary goal confronting the Committee and any

separate constituency, is fairly simple – how to maximize the recovery for all of the unsecured

creditors.  Given the imminence of the upcoming sale, the main concern would appear to be the appropriateness of the consideration – a concern common to all unsecured creditors.

24.     There has been no indication that the official Committee has not been able to function effectively.  The Committee is comprised of seven categorical representatives, to wit: (1) pension guarantor, (2) bond debt, (3) employee obligations, (4) trade, (5) dealers, (6) asbestos claimants, and (7) tort claimants.  The representation on the Committee of such a broad spectrum of types of unsecured creditors does not appear to have created any deadlock or an impediment to the effective functioning of the Committee.

25.     The Unofficial F&D Committee consists not only of bondholders who may have purchased the bonds at par, but also of bondholders who purchased bonds more recently and stand to gain from the proposed sale.  Motion at 3, n. 3.  In addition, the Unofficial F&D Committee has not fully complied with the disclosure requirements of Rule 2019.   Specifically, there does not appear to be information regarding the bond holdings required by Rule 2019(a)(4), specifically "the times when acquired, the amounts paid therefor, and any sales or other disposition thereof." *See In re Northwest Airlines Corp., et al.*, 363 B.R. 704 (Bankr. S.D.N.Y. 2007)(denying the request of an *ad hoc* committee of equity holders to seal that part of the information required by Rule 2019 that discloses the purchases and sales of the debtors' securities).

26.     The disclosures required by Rule 2019 would allow a determination as to the legal and financial sophistication and wherewithal of the Unofficial F&D Committee to represent the interests of their constituency, and to apply to the Court for recovery of their expenses provided they satisfy the substantial contribution standards set forth in Section 503(b).

27.    As noted above, two Indenture Trustees representing all or substantially all of the bond issuances have been appointed to the Committee.  Also as noted, both Indenture Trustees have represented to the United States Trustee their ability to execute their fiduciary obligation to the entire class of unsecured creditors, even if a majority of the bondholders have taken a position with respect to the proposed sale of substantially all of the Debtors' assets.

28.    Furthermore, no individual bondholder has sought to participate on the Committee either before or after the appointment of the present Committee.  Counsel to the United States Trustee did contact counsel to the Unofficial F&D Committee to determine if any of the F&D Bondholders were interested in serving on the Committee.  As noted above, Counsel to the Unofficial F&D Committee advised counsel to the United States Trustee that none of the Unofficial F&D Committee members wish to serve on the Committee.

29.    There is no indication that the F&D Bondholders will be treated differently under any contemplated plan of liquidation.  In fact, to all appearances, the F&D Bondholders can expect to be accorded the same treatment as every other unsecured creditor.

30.    The cost of a separate committee will obviously add an additional cost burden upon the estate and does not appear to be justified under the circumstances of this case, where the Unofficial F&D Committee has failed to demonstrate that a separate committee is necessary to insure adequate representation of bondholder interests.

31.    Based on the foregoing discussion, it does not appear that the appointment of a committee of F&D Bondholders is warranted at this time.

## V.    CONCLUSION

For the foregoing reasons, the United States Trustee requests that the Court exercise its

discretion and deny the Motion.

Dated: New York, New York
      June 19, 2009

DIANA G. ADAMS
UNITED STATES TRUSTEE

By:    /s/ Brian S. Masumoto
         Trial Attorney

33 Whitehall Street
21st Floor
New York, New York 10004-2112
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

# EXHIBIT  A



1185 Avenue of the Americas
30th Floor
New York, NY 10036
646-557-5100

Facsimile 646-557-5101

| | |
|---|---|
| To: | **Diana Adams** |
| Company: | United States Trustee |
| Fax Number: | (212) 668-2256 |
| Phone Number: | |
| Total Pages Including Cover: | 3 |
| From: | **Michael P. Richman** |
| Sender's Direct Line: | 646-557-5180 |
| Date: | June 9, 2009 |
| Client Number: | . |

Comments:

Please see attached regarding General Motors Corporation, et al.
Case No. 09-50026 (REG)

Thank you.

WASHINGTON DC

NORTHERN VIRGINIA

NEW JERSEY

NEW YORK

DALLAS

DENVER

ANCHORAGE

DOHA, QATAR

ABU DHABI, UAE

**Confidentiality Note:** The documents accompanying this facsimile contain information from the law firm of Patton Boggs LLP which is confidential and/or privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile is strictly prohibited, and that the documents should be returned to this Firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

If you did not receive all of the pages or find that they are illegible, please call 646-557-5180.



1 05 Avenue of the Americas
30th Floor
New York, NY 10036-2603
646-957-5100

Facsimile 646-557-5100
www.pattonboggs.com

June 9, 2009

Michael P. Richman
646-557-5180
mrichman@pattonboggs.com

**URGENT**
**VIA FACSIMILE & HAND DELIVERY**

Ms. Diana G. Adams
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Re:    General Motors Corporation, et al.
       Case No. 09-50026 (REG)

Dear Ms. Adams:

We represent the Unofficial Committee of Family & Dissident GM Bondholders (the "F&D
Committee"). The members of the F&D Committee consist of the following persons (and
holdings of GM bonds):
1. Harold A. John, chair ($590,000 face amount)
2. Mark Modica ($750,000 face amount)
3. Wade McGee ($1,000,000 face amount)

I am writing urgently to request that you appoint the F&D Committee as an official committee
under section 1102(a)(1) of the Bankruptcy Code. The F&D Committee has been acting as part
of an informal steering committee for more than 1,500 GM bondholders (networked through
two groups and related web sites, Main Street Bondholders and GM Bondholders Unite, and
believed to hold in excess of $400 million of bonds in the aggregate), a substantial number of
whom invested in GM bonds at or near par values with their pension funds and life savings.
They have had, and continue to have, no meaningful opportunity for involvement in these cases,
and are unrepresented by any other constituency, official or unofficial.

Section 1102(a)(1) of the Bankruptcy Code provides you discretion to appoint additional
committees of creditors as you deem appropriate. In addition, section 1102(a)(2) provides that
the Court may order the appointment of additional committees of creditors "if necessary to
assure adequate representation of creditors." This is clearly a case of the necessity of adequate


PATTON BOGGS LLP
ATTORNEYS AT LAW

Ms. Diana G. Adams
June 9, 2009
Page 2

representation, because to the best knowledge and understanding of the F&D Committee, based on their interactions with the larger community of bondholders, the vast numbers of family and smaller dissident holders of bonds cannot be said to be represented at all by the institutional bondholders, cannot individually afford representation, and should be heard as a class in connection with the proposed distributions to GM bondholders. Because of hedging strategies and federal bailout funds, the larger institutional holders who through their own committee participated in pre-filing negotiations and "accepted" the pending distribution plan cannot be considered to be in the same class of creditors as the family and dissident holders. Indeed, through a combination of hedging and contemporaneous bailout funding, the institutional holders may on a net economic basis be profiting from the plan they "accepted." These strategies and resources are unavailable to the vast number of family and non-institutional dissident holders who in the main are left to ask not how much they will gain, but how much of their life savings they will lose.

The added administrative expenses associated with the creation of an additional committee cannot be very great. Most of the work required to be done would have to be completed, first, by the June 19 objection date for the June 1 motion for approval of the sale procedures, and second, by the June 30 hearing date on that motion. The benefits of having an independent committee speak to the Court and the parties on behalf of the thousands of Americans who bought GM bonds as a real savings strategy, rather than as an investment play, significantly outweigh the modest costs of an additional committee. (The costs will also be miniscule in relation to the administrative expenses incurred by the armies of lawyers and financial advisors already engaged by the estates.)

Because of the tight time schedule, I would be grateful if you could give me a decision on this by this afternoon if at all possible. In the very least, I would appreciate your consenting to our motion for appointment of an official committee to be heard on shortened notice. If we do not have an affirmative decision from you by the afternoon, we will have to file such a motion.

Thank you for your attention to this matter. If you have any questions, please feel free to contact me.

Sincerely,

Michael P. Richman

cc:    Brian Masumoto

5709

# EXHIBIT  B



**U.S. Department of Justice**

Office of the United States Trustee

*Region 2/Southern District of New York*

33 Whitehall Street, Suite 2100          Phone: 212-510-0500
New York, NY 10004                    Fax:  212-668-2255

**(By E-mail)**                                                        June 9, 2009

Michael P. Richman, Esq.
Patton Boggs LLP
1185 Avenue of the Americas
30th floor
New York, NY 10036

Re:       **In re General Motors Corporation** *et al.*, **Bankruptcy Case No. 09-50026 (REG)**

Dear Mr. Richman:

       This morning we received your letter, dated June 9, 2009, on behalf of the "Unofficial Committee of Family & Dissident GM Bondholders" (the "F&D Committee"). In the letter, you request that the United States Trustee appoint the F&D Committee as an additional official committee of certain bondholders of General Motors Corporation (the "Additional Committee") by no later than this afternoon.

       Early this afternoon, we wrote to Messrs. Harvey R. Miller and Thomas M. Mayer, counsels to General Motors Corporation and its affiliated debtors in possession (collectively, "GM") and the Official Creditors' Committee of GM (the "Creditors' Committee"), respectively, asking for their written views regarding your clients' requested Additional Committee. You were copied on this letter. As of this writing, we have received Mr. Miller's response, on which you were copied. It is our understanding that the Creditors' Committee is meeting tomorrow, and will consider your clients' request at that time.

       As Assistant United States Trustee, Linda A. Riffkin, and I advised you during our telephone call this afternoon, although we are mindful of your timing request, we are not able to respond to your letter within the time frame that you have requested. However, as we discussed during our telephone conversation, should you believe that it is necessary for you to file a motion seeking the appointment of the Additional Committee, we have no objection to your asking the Court to shorten the time for notice of the hearing on such motion.

Michael P. Richman, Esq.
Page 2
June 9, 2009

Very truly yours,

DIANA G. ADAMS
UNITED STATES TRUSTEE

**By:**    ***/s/ Andrew D. Velez-Rivera***
Trial Attorney

cc:    Harvey R. Miller, Esq.
       Thomas M. Mayer, Esq.

- 2 -

# EXHIBIT  C

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE

NEW YORK, NY 10153

(212) 310-8000

FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

June 9, 2009

HARVEY R. MILLER
DIRECT LINE (212) 310-8500
E-MAIL: harvey.miller@weil.com

**<u>Via Electronic Mail</u>**

Diana G. Adams, Esq.
United States Trustee
Office of the United States Trustee
Southern District of New York
33 Whitehall Street
New York, New York 10004

Re:    **In re General Motors Corp., et al. - Case No. 09-50026
(REG) (Request For Appointment of Additional
<u>Committee of Family & Dissident Bondholders)</u>**

Dear Ms. Adams:

Reference is made to the letter dated June 9, 2009 addressed to you from Patton Boggs LLP, as the attorneys for an Unofficial Committee of Family & Dissident GM Bondholders ("F&D Committee"). The letter requests that you appoint the F&D Committee as an additional statutory committee under section 1102(a)(1) of the Bankruptcy Code. After consideration of the contents of the aforesaid letter, on behalf of the Debtors, it is respectfully submitted that you deny the request of the F&D Committee.

The Committee of Unsecured Creditors appointed by you on June 3, 2009 consists of 15 members and includes Wilmington Trust Company and Law Debenture Trust Company of New York, each of which serves as an indenture trustee in respect of bonds issued by General Motors Corp. The existing Statutory Committee of Unsecured Creditors adequately represents the interests of all unsecured creditors, inclusive of "GM Bondholders." There is no exigent need for the appointment of an additional committee of Family & Dissident Bondholders. Their interests are more than adequately represented by the indenture trustees who serve on that Statutory Committee.

Your office has been beset by a series of requests for the appointment of additional committees. As demonstrated in other cases, the existence of additional statutory committees inevitably leads to major controversies and a litigious environment that is counterproductive to an orderly and efficient administration of debtors' estates. As

US_ACTIVE:\43063980\01\43063980_1.DOC\72240.0639

WEIL, GOTSHAL & MANGES LLP

Diana G. Adams, Esq.
June 9, 2009
Page 2


you know from the First Day hearings, there is in existence an Ad Hoc Bondholders'
Committee which represents a substantial percentage of bondholders.  Clearly, if
statutory status is given to the F&D Committee, we may anticipate a request from the
existing Ad Hoc Bondholders' Committee for designation as an additional statutory
committee of unsecured creditors.

      The request of the F&D Committee asserts that there is a need for an
"independent committee of bondholders" to speak to the Court.  There is no submission
of any proof that the appointed Statutory Committee of Unsecured Creditors is not
independent or, indeed, that the Ad Hoc Bondholders' Committee, which has appeared in
the chapter 11 cases, is not independent.  Moreover, despite the F&D Committee's
attempt to downplay the costs associated with the appointment of any additional statutory
committees, because of the size of these chapter 11 cases, it cannot be gainsaid that the
costs and expenses of any statutory unsecured creditors' committee would be significant.
Such costs and expenses are unnecessary and unwarranted in the circumstances.

      In view of all of the circumstances, the request of the F&D Committee, as
set forth in the Patton Boggs LLP letter, should be denied.

Respectfully,

Harvey R. Miller

Copies Distributed Via Electronic Mail

Michael P. Richman, Esq.
Thomas M. Mayer, Esq.
Kenneth Eckstein, Esq.
Tracy Hope Davis, Esq.
Brian Masumoto, Esq.
Andy Velez Rivera, Esq.
Linda Riffkin, Esq.


HRM/jp

# EXHIBIT  D

KRAMER LEVIN NAFTALIS & FRANKEL LLP

ROBERT T. SCHMIDT
PARTNER
PHONE 212 715-9527
FAX 212 715-8000
RSCHMIDT@KRAMERLEVIN.COM

June 12, 2009

**By Electronic Mail**

Andrew D. Velez-Rivera, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Re:  General Motors Corporation, et al.
Case Number: 09-50026 (REG)

Dear Mr. Velez-Rivera:

As you know, this firm is proposed counsel to the Official Committee of Unsecured Creditors (the "Official Committee") in the above referenced chapter 11 cases. We have reviewed the letter dated June 9, 2009 delivered to your office by the Unofficial Committee of Family & Dissident GM Bondholders (the "F&D Committee") in which a request was made for the creation of an additional statutory creditors' committee. We have discussed the letter with the members of the Official Committee and, for the reasons set forth below, we respectfully request that your office deny the F&D Committee's request.[1] We also understand that the Debtors have opposed the F&D Committee's request.

The Official Committee formed by your office on June 3, 2009 is comprised of 15 members that represent the interests of all unsecured creditors. The members of the committee include suppliers, automotive dealers, unions, tort claimants, the PBGC and indenture trustees. The two indenture trustees that serve on the Committee are highly experienced in chapter 11 proceedings and, like other members of the Official Committee, understand their duties as a committee member and as a fiduciary for the creditors that they represent. In addition, each of the indenture trustees is represented by sophisticated bankruptcy counsel. Furthermore, there has been in existence for several months an Ad Hoc Bondholder's Committee that we understand represents approximately 20% in aggregate principal amount of the GM bonds. The Ad Hoc Bondholder's Committee is also represented by experienced bankruptcy counsel and financial professionals. For these reasons, among others, we respectfully submit that the interests of

---

[1] We are also aware that the F&D Committee has filed a motion with the Bankruptcy Court seeking the appointment of additional committee. The Official Committee also intends to oppose that request.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KRAMER LEVIN NAFTALIS & FRANKEL LLP

June 12, 2009
Page 2

bondholders are adequately represented in these cases and the request of the F&D Committee
should be denied at this time.

We appreciate your attention to this matter. Please do not hesitate to contact me if you
have any questions.

Sincerely,

Robert T. Schmidt

cc: Harvey R. Miller, Esq.
    Michael P. Richman, Esq.
    Thomas Moers Mayer, Esq.