ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Scott A. Goldstein
Arthur C. Neiwirth

   - and -

VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182-2707
Telephone: (703) 760-1647
Lawrence A. Katz

   - and -

VENABLE LLP
Rockefeller Center, 25th Floor
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 307-5500
Edward A. Smith

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                         :

In re:                                     :      Chapter 11
                                         :
GENERAL MOTORS CORP., et al.   :      Case No. 09-50026 (REG)
                                         :
            Debtors.                 :      (Jointly Administered)
                                         :
----------------------------------------------------------x

**PROTECTIVE OBJECTION OF MORSE OPERATIONS, INC.**
**TO DEBTORS' PROPOSED CURE AMOUNTS**

TO:    THE HONORABLE ROBERT E. GERBER
         UNITED STATES BANKRUPTCY JUDGE:

        Morse Operations, Inc. ("MOI"), Dealer/Franchisee of the above-captioned debtors and debtors-in-possession (the "Debtors"), through its undersigned counsel, hereby submits this Protective Objection (the "Objection") to the Debtors' proposed cure amounts. In

support of its protective objection and in an abundance of caution, MOI respectfully represents and states as follows:

## BACKGROUND

1.      On June 1, 2009 (the "Petition Date"), the Debtors commenced the above-captioned Chapter 11 cases (the "Cases") by filing their respective voluntary petitions for relief in the United State Bankruptcy Court for the Southern District of New York. The Cases are jointly administered.

2.      On June 1, 2009 the Court entered the Order Authorizing Debtors to Honor Prepetition Obligations to Customers, Dealers, and Trade Customers and to Otherwise Continue Warranty, Credit Card, Other Customer, Dealer, and Trade Customer Programs in the Ordinary Course of Business (the "Necessary Expense Order") [Docket No. 167], which, among other things, authorized the Debtors to pay all pre-petition "business" and "operational" expenses submitted, subject to the right to dispute same under the various dealer agreements, such as those between the Debtors and MOI (the "Dealer Agreements").

3.      On June 2, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order") [Docket No. 274] which, among other things, approved the Debtors' proposed bidding procedures, including *inter alia*, procedures regarding the Debtors' assumption and assignment of certain executory contracts (the "Executory Contracts").

4. Pursuant to the Sale Procedures Order, the Debtors were required to serve a notice (the "Assignment Notice") to all non-debtor contract parties no later than June 5, 2009. The Assignment Notice was to indicate whether the Debtors intended to assume and assign certain executory contracts, including Dealer Agreements. In addition, the Assignment Notice was to provide recipients with access to a secured website on which proposed cure amounts would be posted.

5. Previously, MOI had executed and returned to the Debtors a Participation/Continuation Agreement. The Participation/Continuation Agreement was prepared by the Debtors and acknowledged the Debtors' intention that MOI continue as a Franchisee of the Debtors. Accordingly, MOI believes that it should have received an Assignment Notice. Unfortunately, MOI never received the Assignment Notice. It does not have access to the secured website, and it has no knowledge as to what cure amount the Debtors proposed for their Dealer Agreements with MOI.

6. Because MOI never received the Assignment Notice, MOI was not aware of the deadline to respond to the cure amounts. As noted above, MOI does not have access to the website and has no means to determine if the proposed cure amount is accurate or not. MOI attempted to obtain more information about the Assignment Notice by calling the telephone number listed for questions, as identified on the form of Assignment Notice attached as an exhibit to the Sale Procedures Order. However, the telephone number is a non-working number. Without the help line or access to the website, MOI had no way of obtaining information concerning the Assignment Notice and proposed cure amount.

7. Because the Necessary Expense Order authorizes the Debtors to pay the prepetition amounts owed to dealers, the Debtors may not have any cure amounts related to the

3

assumption of Dealer Agreements, depending on the timeliness of payments. Nonetheless, MOI cannot be certain that all prepetition amounts will be paid and that the cure amount will be $0.

8.  MOI does not object to the Assumption/Assignment of its Dealer Franchise Agreement, but can not determine the accuracy of the "cure" amount. However, both the Sale Procedures Order and the Assignment Notice limit the Proposed Cure Amount to such amounts as of the Petition Date, not the date that the Executory Contracts would actually be assumed by the Debtors' and assigned to the Purchaser. In point of fact, the Assignment Notice provides that the only cure amount that must be paid upon assumption and assignment of an Executory Contract is the Debtors' estimation of the amount in default as of the Petition Date.

**Argument**

**MOI OBJECTS AND RESERVES ITS RIGHTS AS TO THE CURE AMOUNT**

9.  MOI does not object to the sale of the Debtors' assets as contemplated by the Sales Motion, nor does it object, *per se*, to assumption of its Dealer/Franchise Agreement with the Debtors and assignment thereof to the Purchaser; however, MOI does object to the Assignment Notice to the extent that (a) the Proposed Cure Amount is incorrect even as to those amounts that were due as of May 31, 2009, and (b) the definition of "Cure Amount" in the Assignment Notice is improper in that it would permit assumption and assignment of certain of MOI's executory contracts without either the Purchaser or the Debtors satisfying all the requirements relating to assumption and assignment as is set forth in the Bankruptcy Code 365(b) and (f).

10. MOI will work diligently with the Debtors to resolve any cure issues without Court intervention, but reserves all of its rights in the event an agreement cannot be reached.

## **CONCLUSION**

For the foregoing reasons, MOI respectfully requests that the Court:

1. condition the proposed assumption and assignment of MOI's Dealer/Franchise Executory Contracts upon the determination of the appropriate amounts due to MOI under such contracts pursuant to section 365(b) of the Bankruptcy Code;

2. require that the Proposed Sale Order expressly provide that the Purchaser shall be liable for all accrued liabilities arising under and existing as of the time that the Dealer/Franchise Executory Contract is assumed by the Debtors and assigned to the Purchaser under the Purchase Agreement and the Sale Procedures Order, including all defaults arising thereunder and all obligations that have accrued thereunder but are not then in default; and

3. grant such further relief as is appropriate under the circumstances.

Dated: June 19, 2009                    Respectfully submitted,

                                        VENABLE LLP

                                        By:  */s/ Edward A. Smith*
                                            Edward A. Smith
                                            Rockefeller Center
                                            1270 Avenue of the Americas
                                            New York, New York 10020
                                            Telephone:  (212) 983-3850
                                            Facsimile:     (212) 307-5598

                                                -and-

                                            Lawrence A. Katz
                                            8010 Towers Crescent Drive, Suite 300
                                            Vienna, Virginia 22182-2707
                                            Telephone:   (703) 760-1600
                                            Facsimile:     (703) 821-8949
                                            Email: lakatz@venable.com

-and-

Scott A. Goldstein, Esq.
Arthur C. Neiwirth, Esq.
Rothstein Rosenfeldt Adler
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Tel: (954) 522-3456
Fax: (954) 527-8663
Email: sgoldstein@rra-law.com

*Attorneys for Morse Operations, Inc.*