**FOLEY & LARDNER LLP**
Ann Marie Uetz (*Pro Hac Vice Admission Pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Continental Structural Plastics, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
|  | : |  |
| Debtors | : | Jointly Administered |
|  | : |  |

-----------------------------------------------------------------X

**LIMITED OBJECTION OF CONTINENTAL STRUCTURAL PLASTICS, INC. TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO
AS TO CURE AMOUNT ONLY**

Continental Structural Plastics, Inc. ("Supplier"), by its attorneys Foley & Lardner

LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment

of certain executory contracts and the Debtors' proposed Cure Amounts related thereto.  In

support of its Objection, Supplier states as follows:

**PRELIMINARY STATEMENT**

1.      Supplier is in receipt of that certain Notice of (I) Debtors' Intent to Assume and

Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases

of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and

Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the

"<u>Assumable Executory Contracts</u>") between Supplier and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "<u>Purchaser</u>").

2.      Supplier objects to the Assumption and Assignment Notice because it was not received until June 9, 2009, and because the proposed cure amount is inadequate.  Supplier does not, however, object, in any broader sense, to Debtors' assumption and assignment of its Assumable Executory Contracts.

3.      Supplier reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

## <u>ARGUMENT</u>

### I.  **The Proposed Cure Amount Is Inadequate**

4.      In the exhibit to the Assignment Notice, the Debtors assert that the Cure Amount for the Assumable Executory Contracts is $1,379,862.88.  The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "<u>Commencement Date</u>").

5.      The proposed Cure Amount does not accurately reflect all prepetition defaults and is therefore insufficient.

6.      The proposed Cure Amount does not include any post-petition defaults and is therefore insufficient.

7.      Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract.  11 U.S.C. § 365(b)(1)(A).  Congress'

DETR_1212448.1

intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance.  *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).  Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms.  *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

8.      Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults.

9.      The Debtors' proposed Cure Amount would deprive Supplier of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

10.      The correct amount required to cure all prepetition and post-petition defaults is at least $1,590,322.92, and may be subject to change.

11.      "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts."  The proposed Cure Amount does not include defaults accruing during the period after June 1, 2009.  Supplier reserves the right to submit such additional amounts to be added to the amount stated in the paragraph above.

## RELIEF REQUESTED

WHEREFORE, Supplier requests that the Court enter an order reflecting the correct cure amount in this case, and otherwise denying the Debtors' request to assume and

3

assign the Assumable Executory Contracts with the Cure Amount as stated by GM, and grant

such other and further relief as the Court deems just and proper.


Dated:    June 19, 2009                    FOLEY & LARDNER LLP
          New York, New York

                                          /s/ Ann Marie Uetz
                                          Ann Marie Uetz *(Pro Hac Vice Admission Pending)*
                                          FOLEY & LARDNER LLP
                                          One Detroit Center
                                          500 Woodward Avenue, Suite 2700
                                          Detroit, MI 48226-3489
                                          Telephone: (313) 234-7100
                                          Facsimile: (313) 234-2800

                                          *Attorneys for Continental Structural Plastics, Inc.*

DETR_1212448.1