Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)
Sale Motion Objection Deadline: June 19, 2009 at 5:00 p.m. (Eastern Time)

Neil A. Goteiner (NG 1644)
Dean M. Gloster (*Pro Hac Vice*)
Nan E. Joesten (*Pro Hac Vice*)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for General Motors Retirees Association

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., et al., | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF GENERAL MOTORS RETIREES ASSOCIATION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(B), (F), (K), AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006: (I) TO APPROVE: (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMNET OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) FOR OTHER RELIEF; AND (II) TO SCHEDULE SALE APPROVAL HEARING.**

The General Motors Retirees Association ("GMRA") through its counsel respectfully submits this limited objection (the "Objection") to the above-captioned Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of

24677\1973192.1

Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief, and (II) Schedule Sale Approval Hearing (D.I. 92) (the "Sale Motion."), and in support of this limited Objection, GMRA respectfully states as follows:

### BACKGROUND

1. On June 1, 2009 (the "Petition Date") the Debtors commenced these voluntary cases under Chapter 11 of the Bankruptcy Code.

2. The GMRA is a national advocacy organization expressly devoted to the preservation of pension, health care and other benefits earned by GM retirees, incorporated as a tax exempt employee benefit association. GMRA operates a comprehensive web site, www.gmret.org, devoted to educating and informing GM salaried retirees and other current and future retirees about the GM bankruptcy and its implications for GM retirees.

3. On June 2, 2009, the GMRA filed in this case an Application for Order to Appoint a Retiree Committee Pursuant to 11 U.S.C. § 1114(d) to represent non-union retirees in connection with their critical health, prescription drug, life insurance and other non-pension retiree benefits protected by Bankruptcy Code Section 1114. (D.I. 263.) Those Bankruptcy Code-protected retiree benefit obligations are one of the largest liabilities, in aggregate, of the Debtors, as the present value of these other post employment benefit obligations to retirees are actually greater than the present value of the Debtor's obligations to under-funded pension plans for the benefit of retirees.

4. The Sale Motion calls for the sale of the vast bulk of the Debtors' continuing assets to "New" GM, which will continue the business under similar management but different ownership pursuant to a deal negotiated in advance of the Petition Date among the United Auto Workers,

the Debtors' management, the U.S. Treasury Department, the Canadian government, and bondholder groups—but not with any committee representing retirees.

5. Since the Petition Date, the Debtors have announced that as part of the sale to "New" GM under the Sale Motion and related restructuring, they will be cutting by <u>two-thirds</u> the value of the health, prescription drug, life insurance and other protected benefits for retirees who are not represented by unions. At the same time, the Debtors have announced that certain non-qualified pensions for executives will continue in a reduced amount, even though those pensions are not protected by the provisions of Section 1114. As part of the sale contemplated by the Sale Motion, the Debtors intend to provide billions of dollars in assets to a Voluntary Employee Benefit Association ("VEBA") for the benefit of the Debtors' unionized workers and retirees represented by the UAW, but there are no similar protections for the benefits of non-union retirees, and no specific provisions requiring any continuation of benefits at any level for them.

**OBJECTION**

6. The GMRA and the non-union retirees on whose behalf it is acting appreciate the Debtors' desire to exit bankruptcy quickly in order to minimize further damage to the companies' enterprise value. The GMRA and the retirees applaud "New" GM's assumption of the continuing obligation to fund their defined benefit qualified pension plan and support the emergence of a strong, restructured and competitive company.

7. The retirees, however, are dependent upon GM for desperately critical health, prescription drug, life insurance and other benefits protected by Bankruptcy Code section 1114. But the transfer of assets to "New" GM, ignores Bankruptcy Code requirements to specify which benefits will be cut and what protections there will be for what remains. Unlike Section 1114, which requires a representative retiree committee to be involved in those negotiations, the decisions are simply to be made by GM executives going with the asset sale to "New" GM.

24677\1973192.1                                             3

8. The question is not whether the sale is a <u>sub rosa</u> plan—it is clearly a comprehensive restructuring allocating economic benefits to a few key constituencies under a pre-negotiated plan, but not to all. The question is whether, given the exigencies, the need to move quickly, and the limited other alternatives for a successful reorganization, the sale is an <u>impermissible</u> plan. The answer turns on whether the Debtors and the buyer have made reasonable efforts to preserve rights and the processes provided under the Bankruptcy Code. The need for speed requires more, not less, adherence to procedures that provide for basic representation in the process and some attention to an equitable sharing of the pain.

## CONCLUSION

The GMRA respectfully requests that approval of any Sale Order be conditioned on appointment of a committee under Bankruptcy Code Section 1114 to represent non-union retirees regarding their non-pension retiree benefits, together with a rapid but meaningful opportunity to negotiate over the specifics of the benefit cuts and appropriate commitments to provide some continuing benefits through "New" GM after the sale.

Dated:   San Francisco, California
         June 19, 2009

> FARELLA BRAUN & MARTEL LLP
>
> By:   */s/ Neil A. Goteiner*
>       Neil A. Goteiner
>       Dean M. Gloster
>       Nan E. Joesten
>
>       Farella Braun + Martel LLP
>       235 Montgomery Street
>       San Francisco, California 94104
>       Telephone: (415) 954-4400
>       Facsimile: (415) 954-4480
>
>       Attorneys for General Motors Retirees
>       Association