**YABLONSKY & ASSOCIATES, LLC**
1430 Route 23 North
Wayne, New Jersey 07470
Tel.: 973.686.3800
Fax: 973.686.3801
E-Mail: dyab@yablaw.com
Counsel for Objector Gabriel Yzarra
**DANIEL J. YABLONSKY, ESQ. (DY-0793)**

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT<br>: SOUTHERN DISTRICT OF NEW YORK<br>: Chapter 11<br>:<br>: |
| GENERAL MOTORS CORP., et al., | : Case No.: 09-50026-REG<br>: |
| Debtors. | :<br>: Jointly Administered<br>: |

# OBJECTION TO SALE MOTION

Gabriel Yzarra, by and through his counsel, Yablonsky & Associates, respectfully submits the following in opposition to the proposed sale of assets:

1. On June 1, 2009, General Motors Corporation ("GM") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On June 1, 2009, GM filed a Motion to approve the sale of substantially all of its assets to Vehicle Acquisition Holdings, LLC, free and clear or liens, claims, encumbrances, and other interests.

3. Your Objector, Gabriel Yzarra has an action pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket No.: PAS-L-11600-07.  This action is a personal

injury and products liability seeking recovery from Saturn for the extensive and debilitating injuries received by Gabriel Yzarra due to a defect in the Saturn vehicle he was driving.

4. The proposed Sale of Assets constitutes a *sub rosa* plan. In essence, the Debtor is seeking to consummate a prepackaged bankruptcy plan, with the significant distinction that the parties in interest, including personal injury claimants, have not had an opportunity to review the plan, file objections, and negotiate a fair and reasonable settlement of their claims.

5. The proposed Sale in essence seeks to transfer all of the assets directly from the Debtor, to the reorganized Debtor and, as a result, subverting the protections of the parties in interest, including personal injury claims, through the normal disclosure statement, plan, objection and hearing process.

6. By permitting a sale free and clear of claims such as those of the objector, the Court is willing to permit this Debtor to shift the extraordinary and long-term healthcare costs associated with the injuries sustained by the Objector and approximately twelve thousand other similarly situated individuals, from the stream of commerce, which created, marketed, and distributed the defective product, to the various states. This raises significant public policy concerns and ought to give the Court pause when considering the request to approve the sale.

7. Lastly, 11 U.S.C. § 363 permits a sale free and clear of "interest" in the property. The language of Section 363(f), establishes that "interests in property," which can be foreclosed are liens, mortgages, money judgments, writs of garnishment and attachment, and cannot encompass unliquidated successor liability claims. *See Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 258, 259-60* (3d Cir. 2000). A reading of Section 1141 confirms this narrow reading of Section 363. Section 1141 states that property dealt within a plan is free and clear of all "claims and interests of creditors." 11 U.S.C. § 1141(c). The drafters of the Code did not intent to include

"claims and interests" within the reach of Section 363(f), because the statute addresses only "interests." There is nothing in 11 U.S.C. § 363 that permits a court to sell assets free and clear of "claims." Section 363(f) must therefore be limited to "interests," and can not be expanded to the claims of personal injury litigants, like the Objector. Thus, the application to approve the sale seeks to have this court expand the intent of Congress as reflected in the plain language of the statute to authorize a sale free and clear of claims, as well as interests, in the property to be sold.

Based upon the foregoing, the undersigned respectfully requests that the Court withhold approval of the proposed sale, and such other relief as the Court deems appropriate.

**YABLONSKY & ASSOCIATES, LLC**
Attorneys for Objector, Gabriel Yzarra


By: /s/ Daniel J. Yablonsky
      DANIEL J. YABLONSKY, ESQ.

Dated: June 19, 2009