Hearing Date: June 30, 2009<br>Objections Due: June 19, 2009

Stephen W. Spence (pro hac vice pending)
Phillips, Goldman & Spence, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Facsimile
Attorneys for Angela Urquhart and Glen Urquhart,
and Glen Urquhart, as Trustee of certain trusts for the benefit of their children

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:                                                     :    Chapter 11
                                                           :
                                                           :    Case No. 09-50026-reg
GENERAL MOTORS CORPORATION, et al.,                        :    (Jointly Administered)
                                                           :
Debtors.                                                   :
                                                           :
-----------------------------------------------------------x

## OBJECTION OF ANGELA URQUHART AND GLEN URQUHART AND GLEN URQUHART, AS TRUSTEE FOR CERTAIN TRUSTS TO THE 363 SALE MOTION (DOCKET NO. 92)

The undersigned counsel hereby files this objection on behalf of the above-named clients to the sale of the assets described in Docket Entry No. 92 to Vehicle Acquisition Holdings, L.L.C., as follows:

1. The above-named clients hold $206,000 in face value of various GM unsecured bonds.

2. They understand from press releases and national news that GM is in financial trouble and that without government support, GM would have likely gone into liquidation and been sold off.

3.  However, if the United States government is going to make extensive investments in private businesses, its activities must be totally transparent. Before seeking approval of its plan of restructuring for GM, it should not and indeed may not do so without either engaging in the full Congressional legislative process or the process contemplated by the Bankruptcy Code in Chapter 11 of the Code, not Chapter 3.

4.  Why should the holders of over $20 billion in unsecured bonds who provided direct or indirect support for GM over the years have to learn their fate on 10 to 15 days notice without the disclosures mandated by Chapter 11 of the Bankruptcy Code. The Treasury must be required to provide an explanation for the Treasury's decision to leave the Bondholders' claims unresolved (while resolving the claims of the national unions) in a disclosure statement approved by the Court. Unless Congress amends the Bankruptcy Code to permit otherwise, the Executive Branch should not and must not be permitted to complete a credit bid emergency asset sale under Section 363.

5.  This particular Chapter 11 process is not the same as one where private financial interests are working their way through the Bankruptcy Code process under the supervision of the United States Trustee, the assigned Bankruptcy Judge and the other agencies of the Executive Branch. This case is clearly one where the Executive Branch is the moving force behind the entire transaction. The Executive Branch is asking an Article I Judge to approve extraordinary relief and a sale that is unprecedented in the history of the Bankruptcy Code. While the need for marketplace clarity is strong, the need for transparency in government action that is not subject to the full Congressional legislative process is of paramount importance.

6.     The sale of substantially all of the assets of GM to the U.S. Treasury outside a plan of reorganization and the full protections of Chapter 11 (not Chapter 3) is to allow the Executive Branch to elevate form over substance in a way that destroys confidence in the rule of law and the democratic system of elected government. Chapter 11 was meant to require the creditor classes to vote on their proposed treatment and unless Congress, by going through the legislative process, changes the Code, the Executive Branch must honor Congresses will and propose a Chapter 11 plan that allows all classes of creditors to receive full disclosure and to vote and receive distributions on their claims according to the priority rules of the Code.

7.     The objecting creditors who invested in a private enterprises must be entitled to these protections from their own government. No citation by the Debtors or the Treasury Department to other private bankruptcy decisions should have precedential value where the Executive Branch is the principal party seeking relief. The Executive Branch should not expect or be entitled to the support of the Bondholders if the Bondholders are not given any meaningful explanation as to why their claims are less valuable than the claims of the unions. Especially, since billions of dollars lent by the Bondholders were used to benefit the unions, and the effect is thus doubly inequitable and a denial of "equal justice".

8.     If the Court should ultimately decide that the 363 sale process should proceed to allow the Executive Branch to take control of GM as they seek to do, the Treasury should be required to:

(i)     put on evidence of the liquidation and enterprise value of GM as

of the date of the hearing;

(ii) prove every element of their claims as a secured creditor;

(iii) the consideration to be given to the Estate is adequate and free from discrimination in the treatment of all creditor constituencies;

(iv) that all of the provisions of Chapter 11 of Title 11 will be met even after the sale; and

(v) that all creditor constituencies will ultimately get the benefits to which they are entitled under Chapter 11.

9. If anyone should ever be required to comply with the full statutory scheme of Chapter 11, it has to be the Executive Branch. If not, then there is no longer a government of laws, and it will be no surprise if the bondholders and the vast majority of the citizens of the United States who have lost their jobs in other industries will wonder why their hard earned tax dollars were used to keep this failing industry alive and not that of their former employers. This is particularly so when their voting rights have been totally ignored by the very government they control. Put in simple terms, the sovereign cannot expect its citizens to do as it says, when it does whatever it wants. It is as contradictory and wrong as the parent who tells the child what all people are expected to do, and then fails to do so itself.

10. Finally, failure to provide adequate time and practical means of representation (such as by recognizing them as a distinct class of creditor) to the largest class of Bondholders, violates the "due process" clause of the U. S. Constitution. It appears from press reports that the U. S. Government and the debtor in possession

conspired with a relatively small number of institutional bondholders to "cut a deal" without the participation of the far greater number of private parties who own GM bonds. Those institutional bondholders may well have had a fatal conflict of interest and could in no fair sense be said to represent the other, more numerous Bondholders. For example, many are banks which received contemporaneous "bailout" funding from the U. S. Government, are regulated by and thus under the influence and control of the U. S. Government, and through "hedging" such as by credit default swaps (some of which were "bailed out" by the taxpayers) may in fact stand to gain substantial profit via an artificially low "bondholder" so-called settlement as per the reports of the Master Purchase and Sale Agreement (the "MPA"). Non-institutional Bondholders, undoubtedly aggregate to more individual parties than the handful of institutional bondholders who were consulted in arriving at the MPA, and therefore have a lively interest in these proceedings and should be represented. Failure to do so denies them "equal justice" and "due process." It would also appear to strongly signal that political interests in appeasing unions have been placed ahead of Constitutional government and due process, jeopardize the rule of law, diminish the moral and true authority of the U. S. Government in the minds of the citizens, and threaten our Republic. Thus, far more than mere economics are at stake.

WHEREFORE, the motion to approve the 363 sale should be denied and the Treasury should be instructed to propose a full Chapter 11 plan and to meet the anti-discrimination provisions of Chapter 11 for all proposed classes of claims which will allow voting on the proposed plan.

PHILLIPS, GOLDMAN & SPENCE, P.A.

Dated: June 19, 2009      /s/ Stephen W. Spence
Wilmington, Delaware      STEPHEN W. SPENCE, ESQUIRE(DE No. 2033)
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200