Objection Deadline: **June 19, 2009**
Hearing Date:       **June 25, 2009**

KILPATRICK & ASSOCIATES, P.C.
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
RICHARDO I. KILPATRICK, ESQ.
LEONORA K. BAUGHMAN, ESQ.
(248) 377-0700

ATTORNEYS FOR WAYNE COUNTY TREASURER,
OAKLAND COUNTY TREASURER AND
THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE WAYNE COUNTY TREASURER, THE OAKLAND COUNTY TREASURER AND THE CITY OF DETROIT TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF**

NOW COME Creditors, the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit, by and through counsel, Kilpatrick & Associates, P.C., and for their Objection to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to: (I) Approve: (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other

1

Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief [Docket No. 92] says as follows:

## General Allegations

1. On June 1, 2009, General Motors Corporation and certain of its subsidiaries ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Oakland County Treasurer is the tax collecting governmental unit for Oakland County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on both real and personal property located within Oakland County, Michigan.

3. The Wayne County Treasurer is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on real property located within Wayne County, Michigan.

4. The local municipalities in Michigan, whether city, village or township ("Local Taxing Authorities") are responsible for the collection of the current year property taxes which accrue on real and personal property located within that city, village or township.

5. The Local Taxing Authorities in Wayne County are responsible for the collection of the past due property taxes which accrue on personal property located within that city, village or township.

6. It is the duty of the Treasurer of the City of Detroit to collect current year property taxes which accrue on both personal and real property located within the City of Detroit.

7.  The Oakland County Treasurer, the Wayne County Treasurer and the Treasurer for the City of Detroit will be jointly referred to as "Treasurers".

8.  On June 1, 2009, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to: (I) Approve: (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief ("Sale Motion")[Docket No. 92].

9.  On June 2, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 , (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice ("Sale Procedure Order") [Docket No. 274].

10. The Debtors are indebted to the Wayne County Treasurer in the amount of Two Hundred Nineteen Thousand Three Hundred Sixteen and 39/100 Dollars ($319,316.39) as a result of the Debtors' failure to pay real property taxes for the years of 2007 and 2008 on various parcels of real property located in Wayne County, Michigan ("Real Property") as evidenced by Proof of Claim #5 filed by the Wayne County Treasurer.

11. The Debtors are indebted to the Wayne County Treasurer in the amount of One Thousand Two Hundred Eighty Seven and 50/100 Dollars ($1,287.50) as a result of the Debtors' failure to pay personal property taxes for the years of 1999 and 2003 on personal property located

in Wayne County, Michigan ("Personal Property") as evidenced by Proof of Claim #4 filed by the Wayne County Treasurer.

12.     The Debtors are indebted to the City of Detroit in the amount of One Million Eight Hundred Seventy Five Thousand Seven Hundred Eighty Nine and 83/100 Dollars ($1,875,789.83) as a result of the Debtors' failure to pay income and withholding taxes during 1983 to May 2007.

Applicable Terms in the Master Sale and Purchase Agreement

13.     Pursuant to the Master Sale and Purchase Agreement ("MPA"), the Purchase Price includes the assumption by Purchaser of the Assumed Liabilities.

14.     Assumed Liabilities includes:

> All Liabilities of Sellers (A) arising in the Ordinary Course of Business during the Bankruptcy Case through and including the Closing Date, to the extent such Liabilities are administrative expenses of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code and (B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment pursuant to a Final Order, in each case, other than (1) Liabilities of the type described in Section 2.3(b)(iv), Section 2.3(b)(v) and Section 2.3(b)(ix), (2) . . . and (3) Liabilities otherwise assumed in this Section 2.3(a);
> Section 2.3(a)(v).

> All Liabilities arising out of, relating to, in respect of, or in connection with the use, ownership or sale of the Purchased Assets after the Closing;
> Section 2.3(a)(xi).

15.     Liabilities retained by the Debtors are defined as Retained Liabilities in the MPA and include;

> Except for Taxes assumed in Section 2.3(a)(v) and Section 2.3(a)(vi), all Liabilities with respect to any (A) Taxes arising in connection with Sellers' business, the Purchased Assets or the Assumed Liabilities and that are attributable to a Pre-Closing Tax Period (including any Taxes incurred in connection with the sale of the Purchased Assets, other than all Transfer Taxes), (B) other Taxes of any Seller, and (C) Taxes of any Seller Group, including any Liability of any Seller or Seller Group member for Taxes arising as a result of being or ceasing to be a member of any Seller Group;
> Section 2.3(b)(v).

16. The Debtors represent in the MPA that "Each Seller owns and has valid title to the Transferred Real Property . . ., free and clear of all Encumbrances, other than Permitted Encumbrances." Section 4.15. Real Property.

17. Permitted Encumbrances are defined in Section 1.1 of the MPA to include:

(vi) statutory liens for current Taxes not yet due, payable or delinquent (or which may be paid without interest or penalties) or liens for Taxes, the validity or amount of which is being contested in good faith by appropriate proceedings and in each case for which appropriate reserves have been established.

18. The Debtors represent in the MPA that all amounts of Tax required to be paid by the Debtors "have been timely paid or are being contested in good faith by appropriate proceedings and have been reserved for in accordance with GAAP in Parent's consolidated audited financial statements". Section 4.13(b). Tax Matters.

19. The Debtors represent in the MPA that "there are no Tax Encumbrances on any of the Purchased Assets or the assets of any Purchased Subsidiary (other than Permitted Encumbrances)". Section 4.13(k). Tax Matters.

20. The MPA provides for proration of Taxes: "Except as provided in Section 2.3(a)(v) and Section 2.3(a)(vi), in the case of Taxes with respect to a Straddle Period, for purposes of Retained Liabilities, the portion of any such Tax that is allocable to Sellers with respect to any Purchased Asset shall be . . . in the case of Taxes imposed on a periodic basis, or otherwise measured by the level of any item, deemed to be the amount of such Taxes for the entire Straddle Period . . . multiplied by a faction, the numerator of which is the number of days in the period ending on the Closing Date and the denominator of which is the number of days in the entire Straddle Period." Section 3.4(a)(i)(B).

21. Straddle Period means a taxable period that includes but does not end on the Closing Date. Section 1.1.

5

Applicable Terms in the Proposed Sale Order

22. The Proposed Sale Order provides in the findings of fact and conclusions of law that "The transfer of the Purchased Assets to the Purchaser will be .. . , except for the Assumed Liabilities, . . . free and clear of liens, claims, encumbrances and other interests, including rights or claims based on any successor or transferee liability, including but not limited to (i) . . ., (ii) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the consummation of the Sale ("Closing")"  Paragraph T.

23. The Proposed Sale Order provides that the Court orders that "Except for the Assumed Liabilities, . . ., the Purchased Assets shall be transferred to the Purchaser in accordance with the MPA, and, upon the Closing, shall be, free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability, and all such liens, claims, encumbrances, and other interests, including rights or claims based on any successor or transferee liability, shall attach to the net proceeds of the 363 Transaction in the order of their priority. . . Paragraph 7.

24. Paragraph 39 of the Proposed Sale Order provides that "No law of any state or other jurisdiction, including any bulk sales law or similar law, shall apply in any way to the transactions contemplated by the 363 Transaction, the MPA, the Motion, and this Order."

**Relief Sought**

25. The Treasurers seek modification of the Proposed Order (I) Authorizing the Sale of Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief to: (a) provide clarification as to the specific treatment

6

of the Treasurers' claims and confirmation that the claims are Assumed Liabilities under the Master Sale and Purchase Agreement; (b) provide that the Treasurers' priming liens in the real and personal property will be treated as Permitted Encumbrances under the Master Sale and Purchase Agreement; (c) provide adequate protection payments to the Treasurers to the extent that their collateral will not continue to be subject to the perfected pre-petition tax or water liens or not paid by the Purchaser; and (d) the modification of the repeal or abrogation of state tax laws provision to the extent that it impairs the Treasurers' rights.

### Basis for Relief Sought

### Michigan General Property Tax Act

26. Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended. MCL § 211.1, et seq.

27. The taxable status of persons and real and personal property is determined as of the tax day, which in Michigan is December 31 of the immediately preceding year. MCL § 211.2(2).

28. Most Local Taxing Authorities impose a summer property tax levy each year, which taxes become a lien on July 1 of the year but may be due at various dates between July 31 and September 14 of the same year, depending on local ordinances. MCL § 211.44a(4).

29. All Local Taxing Authorities impose a winter property tax levy each year, which is billed in December of the year but due to be paid by February 14th of the following year. MCL § 211.44.

30. If the real property taxes are unpaid on February 15 of the following year, the Local Taxing Authorities return the unpaid taxes as delinquent to the applicable county treasurer. MCL § 211.44(9).

31. Pursuant to Michigan statute, the amounts assessed for real and personal property taxes become a first lien, superior to all other claims, encumbrances and liens, on

7

December 1; or on a day provided for by the charter of a city or village; or on the day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

**Property Taxes for 2008**

32. At the time of the filing of the Debtors' cases, the Debtors owned multiple parcels of real property and personal property located in Wayne and Oakland County, Michigan, and the City of Detroit.

33. As of the date of the filing of the Debtors' cases, the Debtors may be indebted to the Treasurers for real and personal property taxes for 2008 and prior tax years; or the Local Taxing Authorities in Wayne County for personal property taxes for 2008 and prior tax years in addition to the taxes due to the Wayne County Treasurer; the reconciliation of the amounts due to the Treasurers is ongoing as of the date of this objection.

34. All obligations for property taxes due for 2008 and prior tax years are pre-petition and secured by liens on the real and personal property of the Debtors which liens arose pre-petition.

**Property Taxes for 2009**

35. The Debtors' obligation to pay property taxes in Michigan for the 2009 tax year accrued prior to the filing of the cases.

36. If an ad valorem property tax comes due after the date of filing the petition, the statutory lien in property may perfect post petition. 11 U.S.C. § 362(b)(18).

37. The Summer 2009 property taxes will come due at various dates between July 31 and September 14, 2009, depending on local ordinances.

38. The Winter 2009 property taxes will come due as to most taxing jurisdictions in the period between December 1, 2009 or February 14, 2010, at the latest.

39.     The amounts due for unpaid real and personal property taxes for 2009 will become statutory liens on the real and personal property of the Debtors as of July 1, 2009, as provided by other local ordinances, or December 1, 2009, at the latest.

**Municipal Water Liens Act**

40.     At the time of the Debtors' filing, the Debtors owned multiple parcels of real property located in Wayne and Oakland County, Michigan and the City of Detroit which received water and sewage system service from the City of Detroit.

41.     The collection of water or sewage system rates, assessments, charges, or rentals is governed by the Municipal Water Liens Act, MCL § 123.161, et seq.

42.     A municipality which has operated or operates a water distribution system or a sewage system shall have a lien on the parcel of land to which the sewage system service or water was supplied, effective immediately upon distribution of the water or provision of the sewage system service.  MCL § 123.162.

43.     The lien for water and sewage system services has priority over all other liens except taxes or special assessments.  MCL § 123.165.

**Basis for Relief – Argument**

44.     This bankruptcy case will have an impact on the economy in this portion of the country.

45.     The Treasurers utilize the real and personal property taxes and income taxes collected to fund schools, roads, fire departments and other municipal and county functions.

       I.     <u>Taxes Owed to the Treasurers Are Assumed Liabilities</u>

46.     The terms of the MPA and the proposed Sale Order are unclear as to whether the Purchaser will assume responsibility for the payment of taxes due and owing on the Purchased Assets.

9

47. To the extent that the Purchased Assets include real and personal property in Wayne County, Oakland County or the City of Detroit, the Treasurers seek clarification on whether the taxes due and owing are Assumed Liabilities.

 II. Taxes Owed to the Treasurers Are Permitted Encumbrances

48. The Debtors are not current on all taxes as evidenced by Proofs of Claim filed by the Wayne County Treasurer, contrary to the representations in Section 4.13. Tax Matters of the MPA.

49. The Wayne County Treasurer holds a secured claim in the Real Property and the Personal Property pursuant to MCL § 211.40.

50. The Wayne County Treasurer is not aware of the existence or amount of the reserves established pursuant to the Permitted Encumbrances definition in the MPA for the statutory liens for the past due taxes due and owing to the Wayne County Treasurer.

51. Based on the anticipated Closing Date, additional liens on the Purchased Assets in favor of the Treasurers may arise prior to the Closing due to the non-payment of the Summer 2009 taxes.

52. From the information disclosed to date, the Treasurers cannot determine whether statutory liens are Permitted Encumbrances under the MPA and if the liens will continue to attach to the Purchased Assets.

 III. If the Taxes Owed to the Treasurers Are Not Assumed Liabilities or Permitted Encumbrances, the Treasurers Are Entitled to Adequate Protection for Their Secured Claims

53. To the extent that the Court finds that the taxes owed to the Treasurers will not be treated as Assumed Liabilities and the secured claims of the Treasurers are not Permitted Encumbrances, the Treasurers desire some assurance of payment of the outstanding taxes due and owing for the time period prior to the Closing Date.

54. Since the Purchase Price consists primarily of a credit bid, the Debtors may have insufficient funds with which to pay the Debtors' portion of any proration of Taxes due and owing to the Treasurers.

55. If the obligations of the Debtors for the taxes due and owing will not be treated as Assumed Liabilities, the Treasurers request adequate protection on their secured claims, as indicated in Paragraph 68 of the Sale Motion and as required pursuant to 11 U.S.C. § 363(c) and (e).

### IV.  Amounts Owed for Sewage System Service and Water to the Treasurers Are Assumed Liabilities

56. The terms of the MPA and the proposed Sale Order are unclear as to whether the Purchaser will assume responsibility for the payment of outstanding sewer and water bills due and owing on the Purchased Assets.

57. To the extent that the Purchased Assets include real and personal property in Wayne County, Oakland County or the City of Detroit, the Treasurers seek clarification on whether the sewer and water bills which may be unpaid as of the date of Closing are Assumed Liabilities.

### V.    Sewer and Water Bills Are Permitted Encumbrances

58. The Treasurers are continuing research on all accounts attributable to the Debtors and attempting to determine the precise pre petition and post petition amounts due from the Debtors to the Treasurers for sewer and water.

59. To the extent that there are unpaid water and sewer bills on the date of Closing, the Treasurers have a secured claim on Real Property pursuant to MCL § 123.162.

60. From the information disclosed to date, the Treasurers cannot determine whether statutory liens for unpaid water and sewer are Permitted Encumbrances under the MPA and if the liens will continue to attach to the Purchased Assets.

### VI.  If the Water and Sewer Bills Due and Owing to the Treasurers Are Not Assumed Liabilities or Permitted Encumbrances, the Treasurers Are Entitled to Adequate Protection for Their Secured Claims

61. To the extent that the Court finds that the unpaid water and sewer bills due and owing are not Assumed Liabilities and the secured claims of the Treasurers are not Permitted Encumbrances, the Treasurers desire some assurance of payment of the outstanding water and sewer bills for the usage prior to the Closing Date.

62. Since the Purchase Price consists primarily of a credit bid, the Debtors may have insufficient funds with which to pay the Debtors' portion of any proration of water and sewer bills due and owing to the Treasurers.

63. If the obligations of the Debtors for the water and sewer bills will not be treated as Assumed Liabilities, the Treasurers request adequate protection on the secured claims, as indicated in Paragraph 68 of the Sale Motion and as required pursuant to 11 U.S.C. § 363(c) and (e).

### VII.  The Debtors Cannot Abrogate All Applicable State Laws

64. Paragraph 39 of the proposed Sale Order directly conflicts with 28 U.S.C. §§ 959(b) and 960, which require debtors in possession to comply with state laws during Chapter 11.

65. Paragraph 39 of the proposed Sale Order appears to provide the Purchaser with a "Get Out of Jail Free" card for any subsequent actions by the Purchaser relating to the Purchased Assets.

WHEREFORE, Creditors the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit pray that the Court require:  (a) clarification as to whether

the Treasurers' claims are Assumed Liabilities under the Master Sale and Purchase Agreement; (b) that the Treasurers' priming liens in the real and personal property be treated as Permitted Encumbrances under the Master Sale and Purchase Agreement; (c) provide adequate protection to the Treasurers to the extent that its collateral will not continue to be subject to its perfected tax or water liens or not paid; and (d) modify the purported repeal or abrogation of state tax laws and for such other and further relief as is just and necessary.

        Respectfully submitted,

        KILPATRICK & ASSOCIATES, P.C.
        Attorneys for Wayne County Treasurer and
        Oakland County Treasurer and the City of
        Detroit


        /S/ *Richardo I Kilpatrick*
        RICHARDO I. KILPATRICK (P35275)
        LEONORA K. BAUGHMAN (P33534)
        903 N. Opdyke Road, Suite C
        Auburn Hills, MI 48326
        (248) 377-0700
Dated:  June 19, 2009        ecf@kaalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Objection of the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to: (I) Approve: (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief was duly served to all registered parties through the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York and to the following via e-mail (where applicable), and by first-class mail postage prepaid to:

| | | |
|---|---|---|
| Office of the Untied State Trustee<br>Southern District of New York<br>33 Whitehall Street<br>New York, NY 10004 | Mr. Harvey R. Miller<br>Weil, Gotshal & Manges LLP,<br>767 Fifth Ave<br>New York, NY 10153 | General Motors Corp<br>300 Renaissance Center<br>Detroit, MI 48265<br>Attn: L. Buonomo |
| Cadwalader, Wickersham &Taft, LLP<br>Presidential Task Force<br>One World Financial Center<br>New York, NY 10281<br>Attn: J. Rapisardi | Vedder Price P.C.<br>Counsel – Export Development Canada<br>1633 Broadway, 47th floor<br>New York, NY 10019<br>Attn: M. Edelman | McMillan LLP<br>Attn: Peter Willis<br>Brookfield Place, Suite 4400<br>181 Bay St<br>Toronto Ontario Canada M5J 2T3 |
| Simpson Thacher & Bartlett LLP<br>425 Lexington Ave<br>New York, NY 10017<br>Attn: Peter Pantaleo and David Mack | Morgan, Lewis & Bockius, LLP<br>101 Park Ave.<br>New York, NY 10178<br>Attn: Richard Toder | International Union of Operating Engineers<br>c/o Barbara S. Mehlsack, Esq.<br>Gorlick, Kravitz & Listhaus, P.C.<br>17 State Street,4th Floor<br>New York, NY 10004-1519 |
| International Union,<br>United Automobile, Aero<br>8000 E. Jefferson Avenue<br>Detroit, MI 48214-3963 | Class Representatives of (1) Intl Union, UAW<br>MEYER SUOZZI ENGLISH & KLEIN, P.C.<br>1350 Broadway, Suite 501<br>P.O. Box 822<br>New York, NY 10018-0026 | |

                                                          _/S/ Larissa Robertson_____
                                                         Larissa Robertson
                                                         An Employee of Kilpatrick & Associates

June 19, 2009