BUTZEL LONG, a professional corporation
Robert Sidorsky
Eric B. Fisher
380 Madison Avenue
New York, New York 10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
sidorsky@butzel.com
fishere@butzel.com

Thomas B. Radom (admitted *pro hac vice*)
Max J. Newman (admitted *pro hac vice*)
41000 Woodward Avenue
Bloomfield Hills, Michigan  48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for ArvinMeritor, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | Chapter 11 |
|---|---|
| General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**FIRST AMENDED LIMITED OBJECTION OF ARVINMERITOR, INC.
AND ITS SUBSIDIARIES AND AFFILIATES TO DEBTORS' NOTICE
OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY**

ArvinMeritor, Inc., its subsidiaries and affiliates, and all other legal entities associated with ultimate DUNS number 78-808-2092 (collectively, "ArvinMeritor"), by and through its undersigned counsel, for its First Amended Limited Objection (the "Amended Cure Objection") to the proposed Cure Amount listed on Debtors' Contract Notices website (the "Website") pursuant to this Court's Sale Procedures Order and paragraph A of the Assumption and Assignment Notice respectfully represents:

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petition for relief in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, ArvinMeritor entered into various contracts, purchase orders, and agreements whereby ArvinMeritor would provide goods and services in exchange for timely payments of same by Debtors (collectively, the "Contracts").

3. Pursuant to the Sale Procedures Order, the Debtors delivered its Assumption and Assignment Notice dated June 5, 2009 which included instructions to access the Website on which ArvinMeritor could view a listing of those executory contracts Debtors may seek to assume and assign in connection with the sale of substantially all of its assets, and by its calculations, any corresponding proposed Cure Amount in connection with such contract or leases.

4. At the time this Amended Cure Objection was filed, the Website identified 654 Contracts the Debtors may seek to assume and assign in connection with the sale of substantially all of its assets and a total Cure Amount of $6,793,029.33 due and owing to ArvinMeritor under the identified Contracts.

5. ArvinMeritor does not object to the assumption and assignment of its Contracts *per se* and has begun, or is prepared to begin, its efforts to reach a consensual resolution of the Cure Amount with Debtors. However, as the Cure Amount has not yet been resolved, ArvinMeritor, for purposes of preserving its objection rights as to the proposed Cure Amount, makes this Amended Cure Objection pursuant to paragraph 8 of the Assumption and Assignment Notice.

**Limited Objection to Proposed Cure Amount**

6.    ArvinMeritor objects to the proposed Cure Amount listed on the Website as it does not fully cure and compensate ArvinMeritor for Debtors' default(s). According to ArvinMeritor's books and records, the correct Cure Amount is $8,972,176.61.

7.    ArvinMeritor reserves its right to amend or supplement this objection if, for example, Debtors seek to assume and assign additional Contracts after the Objection Deadline or if there are additional Cure Amounts relating to defaults under the Contracts that occur or continue to occur after the Petition Date. Further, by filing this Amended Cure Objection, except to the extent governed by a Trade Agreement executed prior to the Objection Deadline, ArvinMeritor does not waive any other rights, claims, or interests it has or may have under the Contracts as provided by the Contracts or as a matter of non-bankruptcy law, all of which are expressly preserved.

WHEREFORE, ArvinMeritor respectfully requests that the Court (a) condition any assumption and assignment of the Contracts on (i) the payment in full for all outstanding amount(s) due to ArvinMeritor under the Contracts in compliance with section 365 of the Bankruptcy Code and (ii) compliance with any other applicable law and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York New York
        June 18, 2009

                                         BUTZEL LONG, a professional corporation

                                         By:     /s/   Robert Sidorsky
                                                Robert Sidorsky, Esq.
                                                Eric B. Fisher, Eq.
                                         380 Madison Avenue
                                         22nd Floor
                                         New York, NY 10017
                                         Tel.: (212) 818-1110
                                         Fax: (212) 818-0494
                                         sidorsky@butzel.com
                                         fishere@butzel.com

Thomas B. Radom (pro hac vice admission pending)
Max J. Newman (pro hac vice admission pending)
41000 Woodward Avenue
Bloomfield Hills, Michigan  48304
Telephone:  (248) 258-1616
Facsimile:  (248) 258-1439
radom@butzel.com
newman@butzel.com

*Attorneys for ArvinMeritor, Inc.*