UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

In re                                                              :
                                                                      :    Chapter 11 Case No.
GENERAL MOTORS CORP., *et al.*,       :
                                                                      :    09-50026(REG)
            Debtors.                                          :
                                                                      :    (Jointly Administered)
_____x

## UNITED PARCEL SERVICE, INC.'S OBJECTION TO CURE AMOUNTS

United Parcel Service, Inc. and its affiliates (collectively, "UPS"), through its attorneys, Quarles & Brady, LLP, hereby objects to the cure amounts designated as owing to UPS, and states:

1. On June 1, 2009, General Motors Corp., *et al.*, ("Debtor") filed a voluntary petition under Chapter 11, Title 11, United States Code.

2. UPS provides shipping, delivery and other services to the Debtor.

3. UPS received a letter ("Critical Vendor Letter") dated June 1, 2009 from Debtor advising UPS that it had received court approval to pay the prepetition claims of certain shippers, including the prepetition claim of UPS, provided that UPS agreed to abide by the terms therein. UPS agreed to the conditions in the Critical Vendor Letter, and executed it on June 8, 2009. A true and correct copy of the Critical Vendor Letter executed by UPS is attached hereto as Exhibit A.

4. On June 5, 2009, Debtor filed the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice") which set forth procedures for, inter alia, reviewing and objecting to

cure amounts. The Notice instructed parties to executory contracts to check a secured website (the "Website") to obtain their cure amount, and that the password to the Website would be in a separate letter. The Notice instructed parties to executory contracts that any objections to the Notice, including objections to cure amounts had to be filed within 10 days of the date of the Notice, which was dated June 5, 2009.

5. UPS received at least three letters (each a "Cure Amount Letter") and a separate e-mail, all instructing UPS with respect to retrieving its cure amount. The first Cure Amount Letter was dated June 9, 2009, and stated that UPS had to contact is respective Lead Logistics Provider ("LLP") to determine its cure amount. A true and correct copy of the June 9 Cure Amount Letter is attached hereto as Exhibit B.

6. On June 10, 2009, UPS received an email (the "E-mail") stating that since UPS is a GMSPO Service Provider, paid through "SLI", it has "to contact SLI to receive…[its] Cure amount (not via the website referenced in the letter)." A true and correct copy of the Email is attached hereto as Exhibit C.

7. On June 11, 2009, UPS received another Cure Amount Letter, providing a password and identification number for the Website. A copy of the June 11 Cure Amount Letter is attached hereto as Exhibit D. The June 11 Cure Amount Letter was sent to an address in Rockwell Georgia, which UPS is not familiar with.

8. On June 19, UPS received yet another Cure Amount Letter, this one addressed to a different address, with a different password and identification number. A copy of the June 19 Cure Amount Letter is attached hereto as Exhibit E.

9. Because UPS received conflicting information regarding where it should obtain its cure amount from, UPS did not check the Website prior to June 15, 2009.

Further, UPS believed that as a critical vendor, it was not required to respond to the cure notices.

10. Upon checking the Website in accordance with the June 11 Cure Amount Letter, UPS learned that GM proposes a cure amount for the UPS contracts in the amount of $665,593.95. The Website does not delineate under which contracts the amounts were calculated; nor is it possible for GM to trace the figures delineated without further information from GM.

11. Upon checking the Website in accordance with the June 19 Cure Amount Letter, UPS learned that GM had failed to insert any cure amount for the UPS contract identified therein.

12. Pursuant to UPS' books and records, the proper cure amount for the UPS contracts is **$1,613,482.00**. Spreadsheets evidencing the cure amount are attached hereto as Exhibit F. UPS reserves the right to amend this amount.

13. UPS objects to the cure amounts proposed by GM to the extent that it differs from the cure amounts in UPS' books and records, as stated in paragraph 12. Further, in light of the confusion generated by the conflicting notices, UPS asserts that this objection is timely filed, and any delay is excusable.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, United Parcel Service, Inc. hereby requests that the Court sustain this objection, approve the cure amount as set forth herein, and grant such other and further relief as the Court deems appropriate.

                                                /s/ Faye B. Feinstein
One of the Attorneys for United Parcel Service

Faye B. Feinstein, Esq. (ARDC #6186627)
Lauren N. Nachinson, Esq. (ARDC #6290314)
Quarles & Brady LLP
300 N. LaSalle Street
Suite 4000
Chicago, Illinois 60654

QB\8263492.1                                                     4