LEONARD, STREET AND DEINARD
  *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
James J. Bertrand
Robert T. Kugler
Matthew A. Swanson (admitted *pro hac vice*)
Jacob B. Sellers (admitted *pro hac vice*)

*Counsel for Canadian Pacific Railway Company, together
with its subsidiaries, Soo Line Railroad Company and Delaware
and Hudson Railway Company, Inc., all d/b/a Canadian Pacific*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
General Motors Corp., *et al.*,                        :    Case No. 09-50026 (REG)
                                                       :
                                                       :    (Jointly Administered)
                          Debtors.                     :
-------------------------------------------------------x

**OBJECTION OF CANADIAN PACIFIC RAILWAY COMPANY TO PROPOSED
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
<u>CURE AMOUNTS RELATED THERETO</u>**

Canadian Pacific Railway Company, together with its subsidiaries, Soo Line Railroad

Company and Delaware and Hudson Railway Company, Inc., all d/b/a Canadian Pacific

(collectively, "<u>CP</u>"), by and through its undersigned counsel, hereby submits its Contract

Objection (as defined in that certain Sales Procedures Order entered on June 2, 2009 [Docket No.

274])[1] to the Debtors' proposed assumption and assignment of any Assumable Executory Contracts between CP and the Debtors, and in support thereof, respectfully states as follows:

**Background**

1. On June 1, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. General Motors Corporation, its Debtor subsidiaries, and Vehicle Acquisition Holdings LLC (the "Purchaser"), a Delaware limited liability company sponsored by the United States Department of Treasury, have entered into a Master Sale and Purchase Agreement which contemplates a set of related transactions for the sale of substantially all of the Debtors' tangible, intangible, and operating assets.

3. On June 1, 2009, the Debtors filed a Motion seeking (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances to the Purchaser, (b) approval of Sales Procedures governing the sale process, (c) authority to assume and assign certain executory contracts and unexpired leases to the Purchaser (d) approval of a certain settlement between the Debtors and their labor unions, and (e) a schedule for the final hearing on the Motion and the relief requested therein.

4. On June 2, 2009, the Court entered the Sales Procedures Order approving the Assumption and Assignment Procedures which, in summary, provide the process and procedures

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in this Court's June 2, 2009 Order Pursuant Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice(the "Sales Procedures Order") [Docket No. 274].

regarding the Debtors' assumption of Assumable Executory Contracts and the assignment of those contracts to the Purchaser as well as the process by which disputes regarding amounts necessary to cure defaults under the Assumable Executory Contracts (the "Cure Costs") are to be resolved.

5. The Sales Procedure Order does not contain a schedule of executory contracts and leases, but rather directs non-Debtor parties to Assumable Executory Contracts to a secure website that purportedly contains summary information regarding the contracts to be assumed and assigned and the amounts necessary to cure any prepetition defaults arising under those contracts.

## The Assumption and Assignment Notice

6. Pursuant to the Sales Procedures, the Debtors were to serve the Assumption and Assignment Notice (in the form attached to the Sales Procedure Order as Exhibit E) on the non-Debtor parties to the Assumable Executory Contracts no later than June 5, 2009. The Assumption and Assignment Notice purportedly contains the Debtors' proposed cure amount relating to the Assumable Executory Contract together with a user ID and password necessary to access the secure website.

7. CP called the Supplier Information Call Center (the "Call Center") established by the Debtors and was informed that an Assumption and Assignment Notice was mailed to CP on June 5, 2009. According to the Call Center, the Assumption and Assignment Notice was mailed to CP's Canadian corporate office at Gulf Canada Square 401-9th Avenue South West, Calgary, Alberta. The Call Center would not provide CP with an electronic copy of the Assumption and Assignment Notice nor would it provide CP with the user ID and password necessary to access the secure website. To date, CP has not received the Assumption and Assignment Notice

purportedly mailed on June 5, 2009.

8. Pursuant to the Assumption and Assignment Procedures, Contract Objections were to be filed within ten (10) days of the date of the Assumption and Assignment Notice, or June 15, 2009. Apparently this deadline applied regardless of whether the non-Debtor party to the Assumable Executory Contract had actually received the Assumption and Assignment Notice prior to the objection deadline.

9. On June 11, 2009 (having still not received the Assumption and Assignment Notice purportedly sent on June 5, 2009) CP once again called the Call Center in an effort to obtain a copy of the Assumption and Assignment Notice. The Call Center informed CP that it would that day re-issue the Assumption and Assignment Notice purportedly sent on June 5, 2009. The Call Center also informed CP that it would have ten (10) days from receipt of the re-issued Assumption and Assignment Notice to file a Contract Objection, which information was later confirmed by Debtors' counsel to be erroneous.

10. Having little to no confidence in the information provided by the Call Center, CP contacted the Debtors' counsel on June 12, 2009 in an effort to obtain a copy the Assumption and Assignment Notice. Debtors' counsel informed CP that it would have to work through the Call Center to obtain a copy of the Assumption and Assignment Notice, but agreed to extend the Contract Objection deadline to June 20, 2009, as reflected in <u>Exhibit A</u> attached hereto. CP requested that Debtors' counsel provide CP with an electronic copy of the Assumption and Assignment Notice, which CP has also yet to receive.

11. On June 16, 2009, CP received notice from the Call Center that the re-issued Assumption and Assignment Notice had been sent to CP on that date. To date, CP has not received the re-issued Assumption and Assignment Notice.

**Objection**

12.     CP hereby objects to the Motion and the assumption and assignment of CP's Assumable Executory Contract on the basis that CP has not received the Assumption and Assignment Notice and, accordingly, it cannot determine whether the Cure Costs proposed by the Debtors are accurate and correct.  While CP does not object to the assumption of the CP Assumable Executory Contract, that agreement cannot be assumed and assigned without a complete cure of all arrearages.  "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract."  In re Stolz, 315 F.3d 80, 86 (2nd Cir. 2002).  Without the Assumption and Assignment Notice, CP cannot determine whether the Cure Costs proposed by the Debtors are a complete cure of all arrearages.

13.     Notwithstanding the Debtors' failure to provide CP with the Assumption and Assignment Notice as reflected in the schedule attached hereto as Exhibit B, CP's current estimate of the actual Cure Costs owed to CP on account of the CP Assumable Executory Contract is **USD $2,635,579.06**[2] (the "Actual Cure Costs"), which amount is subject to upward or downward adjustment as reconciliations are processed.  Absent full payment of the Actual Cure Costs, the CP Assumable Executory Contract cannot be assumed and assigned.  CP is unaware whether the Cure Costs proposed by the Debtors differ from the Actual Cure Costs, but CP fully intends to work with the Debtors to consensually resolve any discrepancies in accordance with the procedures set forth in the Sales Procedures Order.

---

[2] The Actual Cure Costs includes USD $571,946.69 related to services provided to General Motors of Canada ("GM Canada") by CP pursuant to CP's contract with Schneider Logistics, Inc. ("Schneider").  Schneider has informed CP that because GM Canada did not file for Chapter 11 protection any amounts due CP pursuant to CP's agreement with Schneider would be paid in the ordinary course of business.  Neither the Debtors nor Schneider have confirmed that such amounts will be paid in the ordinary course and CP has, out of an abundance of caution, included those amounts in the Actual Cure Costs.  Excluding amounts owed to CP by Schneider, the Actual Cure Costs are USD $2,063,632.40.

6175514v1                                                                    5

14. CP reserves the right to (i) amend, supplement or otherwise modify this Objection and all attachments hereto as necessary or proper and (ii) raise such other and further objections to any proposed assumption and assignment and/or to the Cure Costs with respect to the proposed assumption and assignment of the CP Assumable Executory Contract.

WHEREFORE, CP respectfully requests that the Court require the Debtors to immediately provide CP with a Assumption and Assignment Notice and require the Debtor to pay CP the full payment of the Actual Cure Costs as a condition to the assumption and assignment of the CP Assumable Executory Contract and grant such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: June 19, 2009

Canadian Pacific Railway Company, together with its subsidiaries, Soo Line Railroad Company and Delaware and Hudson Railway Company, Inc., all d/b/a Canadian Pacific

James J. Bertrand
Robert T. Kugler
Matthew A. Swanson (admitted *pro hac vice*)
Jacob B. Sellers (admitted *pro hac vice*)
LEONARD, STREET AND DEINARD
 *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
*Attorneys for Canadian Pacific*

By:  */s/ Jacob B. Sellers*
       One of its attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

In re:

| | |
|---|---|
| General Motors Corporation, | Chapter 11 |
| | Case No. 09-50026-reg |
| Debtor. | Hon. Robert E. Gerber |

-------------------------------------------------------

## CERTIFICATE OF SERVICE

I, Callie Sanford, declare, under penalty of perjury, that on June 19, 2009, I filed an **Objection of Canadian Pacific Railway Company to Proposed Assumption and Assignment of Certain Executory Contracts and Cure Amounts Related Thereto** with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of electronic filing to the following:

> **Adam Craig Harris**; adam.harris@srz.com
> **Adam D. B**ruski; adbruski@lambertleser.com
> **Adam H. Isenberg**; aisenberg@saul.com
> **Adam L. Rosen**; filings@spallp.com
> **Alan W. Kornberg**; akornberg@paulweiss.com
> **Alyssa Englund**; aenglund@orrick.com
> **Andrea Shee**han; sheehan@txschoollaw.com
> **Andrew Neil Rosenberg**; arosenberg@paulweiss.com
> **Andrew P. Brozman**; andrew.brozman@cliffordchance.com
> **Arthur J. Spector**; aspector@bergersingerman.com
> **Babette A. Ceccotti**; Assigned: 06/02/09
> **Barbara S Mehlsack**; bmehlsack@gkllaw.com
> **Benjamin P. Deutsch**; bdeutsch@schnader.com
> **Blanka K. Wolfe**; bwolfe@sheppardmullin.com
> **Brett D. Goodman**; brett.goodman@troutmansanders.com
> **Brian H. Meldrum**; bmeldrum@stites.com
> **Brian L. Shaw**; bshaw100@shawgussis.com
> **Carol A. Felicetta**; cfelicetta@reidandreige.com
> **Chester B. Salomon**; csalomon@beckerglynn.com
> **Christina C. Skubic**; bankruptcy@braytonlaw.com
> **Christopher F. Graham**; cgraham@mckennalong.com
> **Christopher J. Giaimo, Jr**.; giaimoc@arentfox.com

**Christopher Robert Belmonte**; cbelmonte@ssbb.com
**Colin Thomas Darke**; cdarke@bodmanllp.com
**Colleen M. Sweeney**; csweeney@dickinsonwright.com
**Cynthia Jordan Lowery**; cynthialowery@mvalaw.com
**Cynthia Woodruff-Neer**; cwoodruff-neer@alpine-usa.com
**Darryl S. Laddin**; bkrfilings@agg.com
**David A. Lerner**; dlerner@plunkettcooney.com
**David B. Wheeler**; davidwheeler@mvalaw.com
**David D. Ritter**; ecf@krcl.com
**David J. Baldwin**; dbaldwin@potteranderson.com
**David N. Crapo**; dcrapo@gibbonslaw.com
**David T. Lin**; dlin@seyburn.com
**Dawn R. Copley**; dcopley@dickinsonwright.com,dnavin@dickinsonwright.com
**Deborah Kovsky-Apap**; kovskyd@pepperlaw.com
**Deborah L. Fish**; dfish@allardfishpc.com
**Debra A. Kowich**; dkowich@umich.edu
**Dennis Jay Raterink**; raterinkd@michigan.gov
**Donald J. Hutchinson**; hutchinson@millercanfield.com
**Doron Yitzchaki**; dyitzchaki@dickinsonwright.com
**Douglas B. Rosner**; drosner@goulstonstorrs.com
**Edward J. LoBello**; elobello@msek.com
**Elizabeth Banda**; arlbank@pbfcm.com
**Elizabeth Weller**; dallas.bankruptcy@publicans.com
**Eric A Schaffer**; eschaffer@reedsmith.com
**Eric Lopez Schnabel**; schnabel.eric@dorsey.com
**Eric T. Moser**; eric.moser@klgates.com
**Frank McGinn**; ffm@bostonbusinesslaw.com
**G. Alan Wallace**; gwall@fraserlawfirm.com
**Gabriel Del Virginia, Esq.**; gabriel.delvirginia@verizon.net
**George B. Cauthen**; george.cauthen@nelsonmullins.com
**Gloria M. Chon**; gloria.chon@kkue.com
**Gordon J. Toering**; gtoering@wnj.com
**Gregory O. Kaden**; gkaden@goulstonstorrs.com
**H. Christopher Mott**; cmott@gordonmottpc.com
**Harvey A. Strickon**; harveystrickon@paulhastings.com
**Harvey R. Miller**; harvey.miller@weil.com
**Howard S. Beltzer**; hbeltzer@morganlewis.com
**Ingrid S. Palermo**; ipalermo@hselaw.com
**J. Casey Roy**; casey.roy@oag.state.tx.us
**James A. Plemmons**; jplemmons2@dickinsonwright.com
**James Christopher Caldwell**; ccaldwell@starkreagan.com
**James L. Bromley**; maofiling@cgsh.com
**James M. Sullivan**; sullivan.james@arentfox.com
**James S. Carr**; jcarr@kelleydrye.com
**Jean Winborne Bo**yles; jboyles@jhvgmlaw.com
**Jeanette M. Gilbert**; jgilbert@motleyrice.com

**Jeff Klusmeier**; jeff.klusmeier@ago.mo.gov
**Jeffrey S. Stein**; Jeff_Stein@gardencitygroup.com
**Jennifer Anne Christian**; jchristian@kelleydrye.com
**Jennifer B. Kimble**; jkimble@burr.com
**Jennifer L. Nassiri**; jennifer.nassiri@dlapiper.com
**Joel D. Applebaum**; japplebaum@clarkhill.com
**John F. Carberry**; jcarberry@cl-law.com
**John J. Hunter, Jr**.; jrhunter@hunterschank.com
**John J. Jolley, Jr**.; jay.jolley@kutakrock.com
**John T. Gregg**; jgregg@btlaw.com
**Jonathan Hook**; jonathan.hook@haynesboone.com
**Jonathan L. Flaxer**; jflaxer@golenbock.com
**Joseph E. Shickich, Jr**.; jshickich@riddellwilliams.com
**Joseph R. Sgroi**; jsgroi@honigman.com
**Joseph Thomas Moldovan**; bankruptcy@morrisoncohen.com
**Judith Elkin**; judith.elkin@haynesboone.com
**Karel S. Karpe**; karpek@whiteandwilliams.com
**Kathleen H. Klaus**; khk@maddinhauser.com
**Kayalyn A. Marafioti**; kmarafio@skadden.com
**Kenneth A. Flaska**; gm@dmms.com
**Kenneth J. Schweiker, Jr**.; kschweiker@brownconnery.com
**Kenneth M. Schneider**; smpcecf@gmail.com
**Kerry M Ewald**; kewald@dickinsonwright.com
**Kimberly A. Walsh**; bk-kwalsh@oag.state.tx.us
**Larry A. Levick**; levick@singerlevick.com
**Leslie Stein**; lstein@seyburn.com
**Marc E. Richards**; mrichards@blankrome.com
**Mark Edwin Browning**; BK-MBROWNING@OAG.STATE.TX.US
**Mark S. Frankel**; mfrankel@couzens.com
**Marshall Scott Huebner**; marshall.huebner@dpw.com
**Marvin E. Clements, Jr**.; agbanknewyork@ag.tn.gov
**Mary Joanne Dowd**; dowd.mary@arentfox.com
**Matthew J. Shier**; mshier@pinnaclelawgroup.com
**Matthew L. Schwartz**; matthew.schwartz@usdoj.gov
**Max Anderson Moseley**; mam@jbpp.com
**Michael A. Maricco**; maricco.michael@pbgc.gov
**Michael C. Hammer**; mchammer3@dickinsonwright.com
**Michael G. Cruse**; mcruse@wnj.com
**Michael James Edelman**; mjedelman@vedderprice.com
**Michael P. Richman**; mrichman@pattonboggs.com
**Michael R. Wernette**; mwernette@schaferandweiner.com
**Michael Reed**; nycourts@mvbalaw.com
**Michael S. Leib**; msl@maddinhauser.com
**Michelle T. Sutter**; msutter@ag.state.oh.us
**Nan E. Joesten**; njoesten@fbm.com
**Neal S. Mann**; neal.mann@oag.state.ny.us

**Neil Andrew Goteiner**; ngoteiner@fbm.com
**Norman D. Orr**; norman.orr@kkue.com
**Patrick J. Kukla**; pkukla@carsonfischer.com
**Paul J. Pascuzzi**; ppascuzzi@ffwplaw.com
**Paul J. Ricotta**; pricotta@mintz.com
**Paul R. Hage**; phage@jaffelaw.com
**Peter D'Apice**; dapice@sbep-law.com
**Philip D. Anker**; philip.anker@wilmerhale.com
**Raymond J. Urbanik**; rurbanik@munsch.com
**Richard F. Hahn**; rfhahn@debevoise.com
**Richard G. Smolev**; rsmolev@kayescholer.com
**Richard L. Epling**; richard.epling@pillsburylaw.com
**Richard W. Martinez**; Richardnotice@rwmaplc.com
**Richardo I. Kilpatrick**; ecf@kaalaw.com
**Robert B. Weiss**; rweiss@honigman.com
**Robert D. Gordon**; rgordon@clarkhill.com
**Robert D. Wolford**; ecfwolfordr@millerjohnson.com
**Robert H. Brownlee**; rbrownlee@thompsoncoburn.com
**Robert J. Figa**; rfiga@comlawone.com
**Robert L. Barrows**; rbarrows@wdblaw.com
**Robert T. Smith**; rsmith@cniinc.cc
**Robert W. Phillips**; rphillips@simmonscooper.com
**Ronald S. Pretekin**; pretekin@coollaw.com
**Ryan D. Heilman**; rheilman@schaferandweiner.com
**Sam Della Fera, Jr**.; sdellafera@trenklawfirm.com
**Scott A. Wolfson**; wolfson@bsplaw.com
**Scott K. Rutsky**; srutsky@proskauer.com
**Sean A. O'Neal**; soneal@cgsh.com
**Sean M. Walsh**; swalsh@gmhlaw.com
**Stanley B. Tarr**; tarr@blankrome.com
**Stephen B. Grow**; sgrow@wnj.com
**Stephen B. Selbst**; sselbst@herrick.com
**Stephen H. Gross**; sgross@hodgsonruss.com
**Stephen Karotkin**; stephen.karotkin@weil.com
**Steven A. Ginther**; sdnyecf@dor.mo.gov
**Stuart A. Krause**; skrause@zeklaw.com
**Susan M. Cook**; smcook@lambertleser.com
**Susan Power-Johnston**; sjohnston@cov.com
**Susan R. Katzoff**; skatzoff@hiscockbarclay.com
**Suzanne Hepner**; shepner@lrbpc.com
**Teresa H. Chan**; tchan@sidley.com
**Theresa V. Brown-Edwards**; bankruptcy@potteranderson.com
**Thomas F. Koegel**; tkoegel@flk.com
**Thomas H. Curran**; tcurran@haslaw.com
**Thomas J. Schank**; tomschank@hunterschank.com
**Thomas M. Kennedy**; tkennedy@kjmlabor.com

**Thomas M. Wilson**; ddipenti@kelley-ferraro.com
**Thomas P. Sarb**; ecfsarbt@millerjohnson.com
**Thomas R. Fawkes**; tfawkes@freebornpeters.com
**Tiffany Strelow Cobb**; tscobb@vorys.com
**Timothy D. Moratzka**; tdm@mcmlaw.com
**Trent P. Cornell**; tcornell@stahlcowen.com
**Tricia A. Sherick**; tsherick@honigman.com
**Victoria D. Garry**; vgarry@ag.state.oh.us
**Vincent D'Agostino**; vdagostino@lowenstein.com
**Wendy J. Gibson**; wgibson@bakerlaw.com
**William T. Green, III**; uncbill@msn.com

I further certify that I caused a copy of the foregoing document and the Notice of Electronic Filing to be served by First Class Mail on the following parties:

**Saturn of Hempstead, Inc.**
c/o Robinson Brog et. al
1345 Avenue of the Americas
31st floor
New York, NY 10105

**Raufoss Automotive Components Canada**
Porzio Bromberg & Newman PC
100 Southgate Parkway
Morristown, NJ 07962

**Deutsche Bank AG**
c/o Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022

**Diana G. Adams**
Office of the United States Trustee
33 Whitehall Street, 21st floor
New York, NY 10004

**Cadillac Products Automotive Company**
c/o Mark A. Aiello and
Salvatore A. Barbatano
Foley & Lardner LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489

**Citicorp USA, Inc.**
c/o Peter V. Pantaleo, Esq. and
David J. Mack, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

**Continental Plastics Company**
c/o c/o Mark A. Aiello and
Salvatore A. Barbatano
Foley & Lardner LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489

**GMAC LLC**
c/o Otterbourg, Steindler, Houston & Rosen, P.C.
Counsel for GMAC LLC and its affiliates
230 Park Avenue
New York, NY 10169
    Attention: Daniel Wallen, Esq.
                 Melanie L. Cyganowski, Esq.
                 Jonathan N. Helfat, Esq.
                 Steven B. Soll, Esq.

**Inergy Automotive Systems (USA), LLC**
c/o Mark A. Aiello and
Salvatore A. Barbatano
Foley & Lardner LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489

**Visiocorp USA, Inc.**
c/o Mark A. Aiello and
Salvatore A. Barbatano
Foley & Lardner LLP
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489

**Wilmington Trust Company**
c/o David M. Feldman, Esq. and
Matthew J. Williams, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

**Brian Shoichi Masumoto**
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

**Andrew D. Velez-Rivera**
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

**Joseph O'Neil, Jr.**
Smith Reed LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801

**Michael S. Holmes**
8100 Washington Avenue, Suite 120
Houston, TX 77007

Dated: June 19, 2009

/e/ Callie M. Sanford
Callie M. Sanford