ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin (DL-5130)
Michael F. Holbein
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363-1031
Telephone: (404) 873-8120
Facsimile: (404) 873-8121
Attorneys for Verizon

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
GENERAL MOTORS CORP., et al.,                       :    Case No. 09-50026 (REG)
                                                    :
                                                    :    (Jointly Administered)
        Debtors.                                    :
---------------------------------------------------------------- x

**FIRST SUPPLEMENT TO**
**OBJECTION OF THE WHOLLY-OWNED SUBSIDIARIES OF VERIZON**
**COMMUNICATIONS INC. TO NOTICE(S) OF(I) DEBTORS' INTENT TO ASSUME**
**AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF**
**PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL**
**PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

The wholly-owned subsidiaries of Verizon Communications Inc.[1] (collectively,

"Verizon") supplement their *Objection of the Wholly-Owned Subsidiaries of Verizon*

*Communications Inc. to Notice(s) of (I) Debtors' Intent to Assume and Assign Certain Executory*

*Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential*

---

[1] The wholly-owned subsidiaries of Verizon Communications Inc. include, without limitation, Verizon Corporate Services Group Inc., Verizon Network Integration Corp., Verizon Business Global LLC, Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. f/k/a MCI WorldCom Communications, Inc. and the operating telephone company subsidiaries of Verizon Communications Inc.

2627864v1

*Real Property and (II) Cure Amounts Related Thereto* [Docket No. 985] (the "Objection") filed June 15, 2009 by showing the Court the following:

1. On June 1, 2009, the Debtors[2] commenced these voluntary cases under Chapter 11 of the Bankruptcy Code.

2. Also on June 1, 2009, the Debtors filed a motion to sell certain of their assets and assume and assign certain executory contracts in connection with such sale [Docket No. 92].

3. On June 2, 2009, this Court entered an order approving, among other things, the Assumption and Assignment Procedures [Docket No. 274] (the "Order"). Pursuant to the Order, the Debtors were to send a Notice to each Non-Debtor Counterparty for each Assumable Executory Contract.

4. Also on June 2, 2009, undersigned counsel entered an appearance on behalf of Verizon and requested copies of all notices in these cases.

5. On June 15, 2009, Verizon filed the Objection on the grounds that: the Debtors claimed to have sent one or more Notices to certain Verizon entities, including without limitation, such entities operating under variants of the names "Verizon," "MCI," "Worldcom," or "Netsec"; however, neither Verizon nor undersigned counsel had any record of receiving such Notices; and no Notices were sent to Verizon's undersigned counsel, who, as indicated above, had entered an appearance in these cases and requested copies of all notices and other pleadings. Verizon reserved the right to supplement the Objection for any reason, including upon its review of the Notices and Cure Amounts for any Assumable Executory Contract to which Verizon is a Non-Debtor Counterparty.

---

[2] Unless indicated otherwise, capitalized terms in this Objection shall have the same meaning ascribed to them in the June 2, 2009 Order referenced herein.

2627864v1

6. As indicated in the Objection, prior to June 15, 2009, counsel for Verizon contacted the Debtors' claims noticing agent, The Garden City Group, Inc. ("GCG"), in an effort to determine if Notices had been sent to Verizon. In a series of conversations with GSG representatives, counsel for Verizon was informed that Notices had been sent to Verizon Communications Inc. and MCI Communications, Inc. and that it was possible that Notices had been sent to other Verizon entities; however, despite counsel for Verizon's appearance in these cases on behalf of those entities, GCG would not provide counsel for Verizon with the usernames and passwords necessary to access the secure website containing information about the Assumable Executory Contracts to which those entities were a Non-Debtor Counterparty, specifically including the Cure Amounts. Counsel for Verizon requested that all Notices be sent to it, and a GCG representative verbally indicated that GCG would send such Notices to counsel for Verizon on Monday June 15, 2009

7. Since June 15, 2009, Verizon has been in continued contact with counsel for the Debtors and GCG in an effort to determine whether any contract to which Verizon is a Non-Debtor Counterparty has been designated as an Assumable Executory Contract, and if so, what the Debtors propose as the Cure Amount for each such contract.

8. On June 17, 2009, Verizon received from Debtors' counsel via email a total of 31 Notices directed to various Verizon entities. Of the Notices provided by Debtors' counsel: 15 were addressed to "VERIZON COMMUNICATIONS INC." ("VCI") at various addresses and contained the same username and password for access to the secure website; one each for a total of four, each with a separate username and password, was addressed to "Verizon Pennsylvania," Verizon Business Network Solutions," "Verizon Services Corp.," and "Puerto Rico Telephone

2627864v1

Company/Verizon"; two were addressed to "MCI INC" at separate addresses and contained the same username and password for access to the secure website; and 10 were addressed to "NEW PAR D/B/A VERIZON WIRELESS," apparently intended for Cellco Partnership d/b/a Verizon Wireless ("Wireless"), which is a separate entity and is separately represented in this case.

9. The information provided in the Notices and on the secure website lacks sufficient detail as required under the Order and by Rule 6006 of the Federal Rules of Bankruptcy Procedure to give notice to Verizon of the executory contract(s) the Debtors intend to designate for assumption and assignment to the Purchaser. Specifically, the Debtors have not identified with sufficient detail which contracts they intend to assume and assign. *See* Fed. R. Bankr. P. 6006(f) (Omnibus motions for assumption and assignment must "list parties alphabetically and identify the corresponding contract or lease.").

10. Nowhere in the information available on the secure website, or in the information provided by Debtors' counsel and GCG, do the Debtors identify which contracts to which Verizon is a non-debtor counterparty have been designated by the Debtors as Assumable Executory Contracts or what the specific Cure Amount is for each such contract.

11. The only cure information available on the secure website was accessed with the VCI and MCI usernames and passwords; however, the Cure Amount accessed with the VCI username and password is not broken down by contract (in fact, no contract is specifically indentified), does not identify which contracts are being assumed and appears to include amounts owing to Wireless.

12. Moreover, the information available on the secure website and the information provided by Debtors' counsel and GCG is insufficient for Verizon to determine through its own

2627864v1

research which contracts to which Verizon is a non-debtor counterparty have been designated by the Debtors as Assumable Executory Contracts or what the specific Cure Amount is for each such Contract.

WHEREFORE Verizon respectfully requests that the Court sustain this objection, require the Debtors to provide Verizon with the specific identification of the contracts to which Verizon is a non-debtor counterparty that the Debtors have designated as Assumable Executory Contracts and the specific Cure Amount for each such contract, and defer approval of any assumption and assignment or determination of Cure Amounts until such time as Verizon has been provided such information and had adequate opportunity to respond to the same.

This 19th day of June, 2009.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin (DL-5130)
Michael F. Holbein
171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8120
Attorneys for Verizon

2627864v1

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the forgoing by causing a copy of same to be deposited in the United States Mail, first-class postage prepaid, addressed as follows:

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 480990-9025
Attn: Warren Command Center, Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Harvey Miller
Stephen Kaotkin
Joseph Smolinsky

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Raspisardi

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Gordon Z. Novod

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Attn: Michael J. Edelman
Michael L. Schein

2627864v1

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
Attn: Diana G. Adams

    This 19th day of June, 2009.

                                            /s/  Darryl S. Laddin
                                            Darryl S. Laddin

2627864v1