SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60654
(312) 541-0151
Mark L. Radtke (IL ARDC 6275738)

Attorneys for Illinois Tool Works Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | Case No. 09-50026 (REG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION OF ILLINOIS TOOL WORKS INC. TO CURE AMOUNT
RELATED TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II)
<u>CURE AMOUNTS RELATED THERETO</u>**

      Illinois Tool Works Inc. ("<u>ITW</u>"), by and through its undersigned counsel, respectfully submits this objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto (the "<u>Notice</u>") served upon ITW by General Motors Corporation ("<u>GM</u>") and its debtor subsidiaries, as debtors in possession (collectively with GM, the "<u>Debtors</u>").  ITW respectfully states as follows:

      1.      On or about June 5, 2009, the Debtors purportedly served the Notice upon ITW at approximately 80 addresses including locations in the United States and abroad.  Although key representatives of ITW had been in constant contact with the Debtors' representatives, none of ITW's key representatives timely received the Notice and only learned of the Notice after the

objection deadline.  The Debtors accordingly agreed to extend ITW's objection deadline to Friday, June 19, 2009 (the "Extended Objection Deadline") and provided ITW's representatives with copies of the Notice and related letters.

2. Along with the Notice, the Debtors provided ITW, as well as various operating units of ITW, with user id and password information to access cure amount information available on a GM-controlled website for GM vendors with the Vendor Master ID Number 005146428.  When ITW accessed the information scheduled by GM, it learned on or about Wednesday, June 17, 2009 that the Debtors were proposing to assume more than 2,500 contracts with a proposed cure amount of $1,111,509.49 (the "Original Proposed Cure Amount").  Today, the Debtors' website indicates a cure amount of $1,539,941.51 (the "Current Proposed Cure Amount").

3. ITW is concerned that the actual proposed cure amount seems to be a moving target, with the Current Proposed Cure Amount more than $400,000 higher than the Original Proposed Cure Amount that was posted by the Debtors only two days earlier.  It is a difficult task in such a short period of time to reconcile balances due on more than 2,500 contracts, and it is a nearly impossible task when the Debtors' proposed cure amount is subject to change.

4. ITW believes that the Original Proposed Cure Amount and the Current Proposed Cure Amount are substantially less than the actual cure amount should be, and ITW is actively attempting to reconcile the actual cure amount.  After a preliminary internal review of its books and records, and as set forth on Schedule 1 hereto, ITW believes that the outstanding amounts owed to it by the Debtors exceeds in aggregate $2.5 million.  In order to reconcile and resolve the apparent discrepancy between the Debtors' proposed cure amounts and ITW's records, ITW has requested that GM's Call Center provide detailed information in a usable electronic format.

The information that has been made available to ITW is encrypted and the Call Center has informed ITW that given the volume of contracts involved it will take some time to provide the information to ITW in a usable format, if it can provide it at all.  GM has already reported to ITW that the information cannot be made available in an Excel format.  ITW accordingly reserves its right to supplement this objection if necessary.

5. ITW does not generally object to the Debtors' proposed assumption and assignment of agreements in their form and substance immediately prior to the Petition Date, but the manner in which the Debtors are attempting to assume more than 2,500 contracts (i.e., through "live" website that is subject to change daily) is objectionable.  First, Paragraph 6 of the Notice suggests that the Debtors may have added "additional terms or conditions of assumption and assignment" on the Contract Website.  ITW is still uncertain exactly which of its agreements the Debtors intend to assume and assign and whether the Debtors have sought to add terms and conditions to any such agreements.  ITW objects to any modification of its agreements with Debtors as a condition to assumption and assignment.  Moreover, to the extent that ITW learns that the Debtors propose to assume and assign any of ITW's agreements in a manner that is inconsistent with the Debtors' rights under the Bankruptcy Code (for example, in a piece meal fashion), ITW reserves its right to address those issues.  Finally, ITW objects to the Debtors' failure to propose a static cure amount and the Debtor's ability to potentially change ITW's rights by using a "live" system that purports to govern what the Debtors are and are not assuming and on what terms they are assuming such contracts.

6. For the foregoing reasons, ITW is not currently able to agree to the Debtors' proposed cure amount, regardless of whether such amount is the Original Proposed Cure Amount or the Current Proposed Cure Amount.

{3985 OBJ A0234168.DOC}    3

7.  Notice of this Objection was served electronically through the Court's ECF system, as well as by separate electronic mail in accordance with paragraph 7 of the Notice, so as to be received by the Extended Objection Deadline.

WHEREFORE, Illinois Tool Works Inc. respectfully requests that the Court enter an order consistent with the objections set forth above and grant such other and further relief as the Court deems just and equitable.

Dated: June 19, 2009

Respectfully submitted,

ILLINOIS TOOL WORKS INC.

 /s/ Mark L. Radtke
Mark L. Radtke (IL ARDC 6275738)
  *Pro hac vice* application pending
SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
Fax: (312) 275-0566

Attorneys for Illinois Tool Works Inc.

## CERTIFICATE OF SERVICE

I, Mark L. Radtke, an attorney, certify that service of the foregoing Objection of Illinois Tool Works Inc. to Cure Amount Related to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto was accomplished electronically to all ECF registrants via the Court's ECF system on June 19, 2009 and via Email to the below referenced service list.

/s/ Mark L. Radtke
Mark L. Radtke

**Via Email**

Matthew Feldman
matthew.feldman@do.treas.gov

Diana G. Adams
USTP.Region02@usdoj.gov

John J. Rapisardi
john.rapisardi@cwt.com

Thomas M. Mayer
tmayer@kramerlevin.com

Lawrence S. Buonomo
lawrence.s.buonomo@gm.com

Harvey R. Miller
Harvey.miller@weil.com

Stephen Karotkin
Stephen.karotkin@weil.com

Joseph Smolinsky
joseph.smolinsky@weil.com

John J. Rapisardi
john.rapisardi@cwt.com

Michael J. Edelman
mjedelman@vedderprice.com

Michael L. Schein
mschein@vedderprice.com