Hearing Date and Time: June 25, 2009, at 9:45 a.m., E.T.
Objection Deadline: June 22, 2009, at 4:00 p.m. E.T. (Extended)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                          :
In re:                                                    :        Chapter 11 Case No.:
                                                          :
GENERAL MOTORS CORP., et al.,                             :        09-50026 (REG)
                                                          :
                        Debtors.                          :        (Jointly Administered)
                                                          :
--------------------------------------------------------- X

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION TO APPOINT AN OFFICIAL RETIREE COMMITTEE PURSUANT TO 11 U.S.C. §1114(d)

TO:    THE HONORABLE ROBERT E. GERBER,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through its undersigned proposed counsel, hereby submits this objection (the "**Objection**") to the General Motors Retiree Association (the "**GMRA**")'s Motion (the "**Motion**") for an Order requesting the appointment of an official Section 1114 Committee (the "**Retiree Committee**") pursuant to 11 U.S.C. § 1114(d) [Docket No. 263].  In support of its Objection, the Committee represents as follows:

## BACKGROUND

1.        On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").   The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.        The Debtors commenced these cases to implement a prompt sale of their businesses to Vehicle Acquisition Holdings LLC ("**New GM"**) under a set of agreements (the "**Purchase Agreement**") negotiated with, among others, the U.S. Treasury as New GM's sponsor.

3.        On June 2, 2009, the GMRA filed the Motion to appoint a Retiree Committee.

4.        On June 3, 2009, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.   The Committee is comprised of 15 members that represent the interests of all unsecured creditors.   The members of the committee include suppliers, automotive dealers, unions, tort claimants, the PBGC and indenture trustees.

## OBJECTION

5.        Section 1114(d) of the Bankruptcy Code requires the bankruptcy court to appoint a committee of retired employees "if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retirees benefits not covered by a collective bargaining agreement."   11 U.S.C. § 1114(d).   The Committee submits that the GMRA's request should be denied because (i) the Debtors have the right to modify the retiree

benefits outside of bankruptcy, (ii) the pre-bankruptcy modifications do not require the appointment of a Retiree Committee, and (iii) for other reasons set forth herein.

6.       Debtors' right to modify or terminate their salaried retiree plans outside of bankruptcy has been thoroughly adjudicated.  Sprague v. GMC, 133 F.3d 388, 404 (6th Cir. 1998) (holding that General Motors' salaried retiree plan documents reserved General Motors' right to amend or terminate the plans).  Multiple courts have found that the debtor need not comply with the procedures and requirements of Section 1114 if it has the right to terminate or modify benefits unilaterally under the retiree benefit plan under applicable non-bankruptcy laws. 7 Collier on Bankruptcy, ¶¶ 1114.03 [1]-[2] (Lawrence P. King ed., 15th ed. 2008). ("The section applies only to benefits that have been previously promised by the debtor; it does not create any new obligations on the trustee or debtor in possession."); See also, LTV Steel Co. v. United Mine Workers (In re Chateaugay Corp.), 945 F.2d 1205, 1208–09 (2d Cir. 1991); In re Doskocil Cos., Inc., 130 B.R. 870, 877 (Bankr. D. Kan. 1991) (declining to appoint a retiree committee pursuant to 11 U.S.C. § 1114(d) where debtor had right to modify or terminate benefits at will under non-bankruptcy law); In re Delphi Corp., Case No. 05-44481 (RDD), 2009 Bankr. LEXIS 576, at *7 (Bankr. S.D.N.Y. Mar. 10, 2009); but see In re Ames Dep't Stores, Inc., Case No. 92 Civ. 6145 (KTD), 1992 U.S. Dist. LEXIS 18275 (S.D.N.Y. Nov. 30, 1992), vacated on other grounds, 76 F.3d 66 (2d Cir. 1996). (finding that Section 1114 applies to contractually modifiable benefits).

7.       The Motion asserts that the addition of Section 1114(l) in the 2005 amendments to the Bankruptcy Code (the "**2005 Amendments**") "tacitly overruled" those cases finding that Section 1114 does not protect amendable benefits.  Motion at ¶ 18.  The law in this district is to the contrary: the 2005 Amendments did ***not*** overrule prior case law.  See Delphi Corp., 2009 Bankr. LEXIS 576 at *18 (finding no "legislative history or other policy statement

accompanying the 2005 amendment that would clearly set forth Congress' intentions generally in Section 1114(l) to override, beyond its specific terms, the fundamental principle that bankruptcy does not give new rights to individual parties in interest").

8.      Therefore, any proposed modifications to these salaried plans do not mandate the appointment of a Retiree Committee.

9.      Moreover, the appointment of a Retiree Committee pursuant to Section 1114 of the Bankruptcy Code is not necessary to effectuate other aspects of Section 1114 raised by the GMRA.  For example, the GMRA asserts that a salaried retiree committee must evaluate the impact of the Debtors' modification to the retiree benefits made within 180 days prior to the Petition Date under Section 1114(l).   However, unlike other provisions, Section 1114(l) applications may be made by a party in interest, and does not require the appointment of an authorized representative.  See Anchor Glass Container Corp., 342 B.R. 878, 882 (Bankr. M.D. Fla. 2005) ("Section 1114(l) does not require, nor does it contemplate, the appointment of a committee.").[1]

10.      Furthermore, in the instant case, and assuming the proposed sale is consummated, the Debtors may not be the appropriate party to negotiate regarding potential modifications to salaried retiree benefits.  While it is unclear if the Debtors or New GM would technically be making any future modifications, it is apparent that all salaried retiree benefits will be entirely New GM's responsibility and therefore any modifications to such benefits must be negotiated with New GM and the U.S. Treasury.  A Retiree Committee should only be appointed

---

[1]      It is unclear whether Section 1114(l) itself applies to retiree plans modifiable as of right. See  Delphi Corp., 2009 Bankr. LEXIS 576 at *18 ; 7 Collier on Bankruptcy, ¶ 1114.03[2] (Lawrence P. King ed., 15th ed. 2008) ("It remains to be seen whether courts will apply new subsection ( 1 ) to restore benefits that have been modified pursuant to a reserved right in a prebankruptcy contract").   However, the Committee need not address the merits of Section 1114(l) as neither the GMRA nor any other party in interest has formally made a motion seeking the reinstatement of modified retiree benefits pursuant to this section.

if it is necessary to negotiate with the Debtors, not with a purchaser of the Debtors' assets who is not bound by Section 1114.  See In re Chrysler, LLC, et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 14, 2009) (Docket No. 1278; Transcript of Hearing Held May 14, 2009) (finding it would be inconsistent with Section 1114 to form a retiree committee to effectively negotiate with the potential purchaser).  It appears in this case that New GM (sponsored largely by the U.S. Treasury), would be making the ultimate decisions on whether to modify the salaried retiree benefits, not the Debtors.  As such, it is inappropriate to appoint a Retiree Committee to address modifications that might be mandated by a purchaser of the Debtors' assets.  To the extent the salaried retirees are left with unsecured claims at the Debtors' estate, the Committee adequately represents the interests of all unsecured creditors.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KL2 2609617.3

## <u>CONCLUSION</u>

11.    For all of the reasons set forth above, the Committee respectfully requests that the

Court enter an order denying the Motion.


Dated: June 19, 2009
       New York, New York


                         **KRAMER LEVIN NAFTALIS & FRANKEL LLP**


                         By: <u>/s/ Thomas Moers Mayer</u>
                         Thomas Moers Mayer
                         Kenneth H. Eckstein
                         Robert T. Schmidt
                         Adam C. Rogoff

                         1177 Avenue of the Americas
                         New York, NY  10036
                         (212) 715-3725

                         *Proposed Counsel for the Official Committee of*
                         *Unsecured Creditors of General Motors Corporation,*
                         *<u>et</u> <u>al</u>.*