Hearing Date and Time: June 30, 2009<br>
@ 9:45 a.m. EDT<br>
Objection Deadline: June 19, 2009

DRINKER BIDDLE & REATH LLP
Stephanie Wickouski
Kristin K. Going
140 Broadway, 39th Floor
New York, New York 10005
Telephone:  (212) 248-3140
Facsimile:   (212) 248-3141

*Attorneys for Wells Fargo Bank Northwest,*
*National Association, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION OF WELLS FARGO BANK NORTHWEST,
NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,
TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND
(m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (1) APPROVE
(A) THE SALE PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-
SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE
<u>SALE APPROVAL HEARING</u>**

Wells Fargo Bank Northwest, National Association not individually, but solely in its capacity as successor Indenture Trustee ("Wells Fargo"), by and through its undersigned counsel, hereby files this Objection to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (1) Approve (a) the Sale Pursuant to Master Sale and Purchase Agreement with

Vehicle Acquisition Holdings LLC, a U.S. Treasury-sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (ii) Schedule Sale Approval Hearing (the "Motion"). In support of this Objection, Wells Fargo respectfully states as follows:

## Procedural Background

1.  Wells Fargo is the Indenture Trustee pursuant to eight (8) Trust Indenture and Security Agreements dated as of December 18, 2001 (2001A-1, 2001A-2, 2001A-3, 2001A-4, 2001A-5, 2001A-6, 2001A-7, and 2001A-8), pursuant to which transaction the Debtors lease equipment located in various GM plants throughout the country used in connection with assembling automotive engines (the "Leases"). The equipment was originally acquired via the issuance of $354.30M in notes, which are secured by the Leases.

2.  On June 1, 2009 (the "Petition Date"), General Motors Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code"). On June 1, 2009, the Debtors filed a motion [Docket No. 92] seeking the entry of an order, *inter alia*, establishing certain bidding procedures (the "Bidding Procedures") authorizing the Debtors to sell substantially all of their assets to a purchaser ("Purchaser") of substantially all of Debtors' assets and to assume and assign certain executory contracts to the Purchaser in connection with the sale. An order approving the bidding procedures was entered on June 2, 2009.

NY01/ 7132439.1

3. The Motion provides that the Debtors will designate "Assumable Executory Contracts" which they intend to assume and assign to the Purchaser (the "Contracts"). The Contracts include personal property leases and thus potentially include the Leases.

4. Wells Fargo objects to the manner of the proposed assumption and assignment of Contracts to the Purchaser, which does not comply with Section 365 of the Bankruptcy Code. For instance, the Debtors propose that the Contracts will be transferred to the Purchaser at the closing of the sale, and the Debtors will be immediately relieved of any liability under the Contracts thereafter. However, the Purchaser will not automatically or immediately assume obligations under the Contracts, but will have 30 days after closing to opt to assume or reject a Contract. If the Purchaser elects to assume a Contract, it would have an unspecified time period to cure defaults and other amounts coming due under a Contract.

5. Under the proposed sale, a Contract could also be "recharacterized" as a secured financing and the leased property treated as a Purchased Asset as defined in the Master Sale and Purchase Agreement. Wells Fargo objects to these provisions as neither the Debtors nor the Purchaser have any right to treat the Leases as a secured financing or otherwise attempt to avoid the terms of the Leases or the application of Section 365 to the Leases.

6. While the leased equipment described hereinabove is located in facilities that appear will be acquired by the Purchaser, the Debtors has not yet notified Wells Fargo whether they intend to assume and assign, or reject, the Leases. Furthermore, Wells Fargo has been unable to determine, despite inquiries to published helplines, if the Debtors have categorized the Leases as Assumable Executory Contracts.

3

7.      Section 365 of the Bankruptcy Code sets forth several conditions for assumption of unexpired leases and executory contracts, including cure of all outstanding defaults, and adequate assurance of future performance. Because the Debtors are attempting to assign Contracts without actually committing to assume them, there can be no adequate assurance of anything, much less of future performance. Section 365 also requires a prompt, if not immediate, cure. Under the Debtors' assumption and assignment procedures, the time period for cure is indeterminate. Since the Debtors cannot state when the cure will occur, if it occurs at all, there is no assurance that it will be prompt.

8.      Wells Fargo objects generally to the Motion to the extent it departs from the strict requirements of the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the requirements of Bankruptcy Code Sections 363 and 365.

9.      Finally, to the extent the Purchaser is seeking to obtain possession and control of the leased equipment, Wells Fargo objects unless and until Wells Fargo is provided with adequate protection. Wells Fargo further joins with and incorporates the objections raised by GE Capital Corporation and U.S. Bank [Docket No. 1143] regarding (i) which of the Leases are proposed to be assumed and assigned to the Purchaser, (ii) the proposed cure amounts, (iii) when the contracts will be assigned (or not), (iv) who will operate, possess, safeguard, and maintain the equipment subject to the Leases until the Purchaser makes a final decision regarding the Leases, or (v) what adequate protection will be provided pending completion of the transaction.

10.     Wells Fargo reserves the right to (a) amend, supplement, or otherwise modify this Objection and (b) raise such other and further objections as may be advisable based upon further investigation.

**Conclusion**

WHEREFORE, Wells Fargo respectfully requests this Court grant the relief requested in this Objection and such other or further relief as is just and proper.

Respectfully submitted,

Dated: June 19, 2009                                        DRINKER BIDDLE & REATH LLP

By: /s/ Stephanie Wickouski
    Stephanie Wickouski
    Kristin K. Going
    140 Broadway  39th Floor
    New York, New York 10005
    Telephone: (212) 248-3140
    Facsimile: (212) 248-3141

*Attorneys for Wells Fargo Bank Northwest,
National Association, as Indenture Trustee*

5

NY01/ 7132439.1

DRINKER BIDDLE & REATH LLP
Stephanie Wickouski
Kristin K. Going
140 Broadway, 39th Floor
New York, New York 10005
Telephone:   (212) 248-3140
Facsimile:    (212) 248-3141

*Attorneys for Wells Fargo Bank Northwest,*
*National Association, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009, I caused to be electronically served using the **ECF system**, which will send notification of the filing of the

**Objection of Wells Fargo Bank Northwest, National Association, as Successor Indenture Trustee, to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (1) Approve (A) the Sale Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing**

and I caused the same to be served by **facsimile or Federal Express** on the following parties:

General Motors Corporation
Attn: Warren Command Center,
Mailcode 480-206-114
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
**VIA FEDERAL EXPRESS**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotchal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Facsimile: 212-310-8007
**VIA FACSIMILE**

Matthew Feldman
The U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220
Facsimile: 202-622-6415
**VIA FACSIMILE**

John J. Rapisardi
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Facsimile: 212-504-6666
**VIA FACSIMILE**

Michael J. Edelman
Michael L. Schein
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Facsimile: 212-407-7799
**VIA FACSIMILE**

Andrew D. Velez-Rivera
Brian Shoichi Masumoto
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Facsimile: 212-668-2255
**VIA FACSIMILE**

Gordon Z. Novod
Thomas Moers Mayer
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Facsimile: 212-715-8000
**VIA FACSIMILE**

Dated: June 19, 2009

DRINKER BIDDLE & REATH LLP

By: /s/ Stephanie Wickouski
    Stephanie Wickouski
    Kristin K. Going
    140 Broadway  39th Floor
    New York, New York 10005
    Telephone: (212) 248-3140
    Facsimile: (212) 248-3141

*Attorneys for Attorneys for Wells Fargo Bank Northwest, National Association, as Indenture Trustee*

2