Hearing Date and Time: June 23, 2009 at 2:00 p.m. (Eastern Time)
Objection Deadline: June 22, 2009 at 12:00 p.m. (Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                                            :
In re:                                                      :    Chapter 11 Case No.:
                                                            :
GENERAL MOTORS CORP., et al.,                               :    09-50026 (REG)
                                                            :
                                    Debtors.                :    (Jointly Administered)
                                                            :
----------------------------------------------------------- X

**OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE MOTION OF THE UNOFFICIAL
COMMITTEE OF FAMILY & DISSIDENT GM BONDHOLDERS FOR AN
ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN
OFFICIAL COMMITTEE OF FAMILY AND DISSIDENT GM BONDHOLDERS**

TO:     THE HONORABLE ROBERT E. GERBER,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Unofficial Committee of Family & Dissident GM Bondholders' (the "**Unofficial F&D Committee**") Motion (the "**Motion**") for an Order directing the United States Trustee (the "**U.S. Trustee**") to appoint an Official

1

Committee of Family & Dissident GM Bondholders (the "**Official F&D Committee**") [Docket No. 553]. In support of its Objection, the Committee represents as follows:

## BACKGROUND

1. On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. On June 3, 2009, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code. The Committee is comprised of 15 members who represent the interests of all unsecured creditors. The Committee members include: two indenture trustees – Wilmington Trust Company and Law Debenture Trust Company of New York; two suppliers – Denso International America, Inc. and Inteva Products, LLC; one trade service creditor – Interpublic Group; three automotive dealers – Serra Chevrolet of Birmingham, Inc., Paddock Chevrolet and Saturn of Hempstead, Inc.; three collective bargaining representatives – the Industrial Division of Communications Workers of America, AFL-CIO, the International Union UAW, and the United Steelworkers; three tort claimants – Kevin Schoenl, Genoveva Bermudez and Mark Buttita; and one pension guarantor – the Pension Benefit Guaranty Corporation (the "**PBGC**").

3. By letter dated June 9, 2009, the Unofficial F&D Committee requested that the U.S. Trustee appoint an Official F&D Committee. That same day, the U.S. Trustee sent a letter to the Committee and to the Debtors seeking their views on the request. In response to the U.S. Trustee's request, the Committee submitted a letter (the "**F&D Letter**") opposing the

2

appointment of an Official F&D Committee. A copy of the F&D Letter is attached hereto as **Exhibit A**.

4. On June 9, 2009, the Unofficial F&D Committee filed the Motion pursuant to section 1102(a)(2) of the Bankruptcy Code requesting the Court enter an Order directing the U.S. Trustee to appoint an Official F&D Committee.

5. The Motion provides that there are over 1,500 bondholders with whom the Unofficial F&D Committee has been communicating, with aggregate holdings believed to exceed $400 million at face value.

## OBJECTION

6. Under Bankruptcy Code section 1102(a)(2), the Court has the discretion to order the appointment of additional creditors' committees if necessary to assure adequate representation of creditors. 11 U.S.C. § 1102(a)(2); see also In re Enron Corp., 279 B.R. 671 (Bankr. S.D.N.Y. 2002) (assurance of adequate representation is the most important factor; the size of the case alone is not determinative). The party seeking an additional committee has the burden of proving that the existing committee does not adequately represent the interests of creditors. In re Winn-Dixie Stores, Inc., 326 B.R. 853 (Bankr. M.D. Fla. 2005); In re Dow Corning Corp., 194 B.R. 121 (Bankr. E.D. Mich. 1996). This hurdle has been described as a "high standard." In re Oneida, Ltd., 351 B.R. 79, 83 (Bankr. S.D.N.Y. 2006).

7. While the determination as to whether to appoint additional committees is to be made on a case-by-case basis, Albero v. Johns-Manville Corp. (In re Johns-Manville Corp.), in the vast majority of chapter 11 cases, a single committee of creditors is sufficient and multiple committees are the exception rather than the rule. 68 B.R. 155, 164 (S.D.N.Y. 1986); In re Sharon Steel Corp., 100 B.R. 767, 788 (Bankr. W.D. Pa. 1989). A single committee for

3

unsecured creditors is the norm and creation of additional committees is an extraordinary remedy.  Id.; see also In re Williams Communication Group, Inc., 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002) (the appointment of official committees should be the rare exception).  Because the Unofficial F&D Committee has not met the threshold criteria articulated in section 1102(a)(2), the Motion must be denied.

8.  Section 1102(a)(2) does not set forth a test of adequate representation, so the Court must examine the specific facts of this case in order to determine whether appointment of an Official F&D Committee is appropriate.  See In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) (adequate representation is not defined in the statute, but requires interpretation by the Court).  In performing the adequate representation analysis, courts often consider a number of non-exclusive factors, including: (i) the ability of the committee to function; (ii) the nature of the case; (iii) the standing and desires of the various constituencies; (iv) the ability for creditors to participate in the case even without an official committee; (v) the delay and additional cost that would result if the court grants the motion; (vi) the tasks that a committee or separate committee is to perform; and (vii) other factors relevant to the adequate representation issue.  See In re Dana Corp., 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); see also Enron, 279 B.R. at 684; In re McLean Industries, Inc., 70 B.R. 852, 860 (Bankr. S.D.N.Y 1987); Johns-Manville, 68 B.R. at 159.  No one factor is dispositive, and the amount of due consideration given to each depends on the circumstances of the particular chapter 11 case.  In re Kalvar Microfilm, Inc., 195 B.R. 559, 601 (Bankr. D. Del. 1996).

Ability of the Committee to Function

9.  The ability of an official committee to function is a significant factor in the determination of whether a court should order the appointment of another committee.  See Dana,

4

344 B.R. at 38; see also Enron, 279 B.R. at 686.  The issue is not whether the official committee is an exact replica of the creditor body, but whether representation of various creditor types is adequate.  Id. at 690; In re Hills Stores, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992).  The official committee has a fiduciary duty to protect the interests of all unsecured creditors.

10. As noted above, the Committee includes a diverse group of 15 creditors, including: indenture trustees, labor unions, dealers, tort claimants, suppliers, trade services creditors and the PBGC.  The Unofficial F&D Committee has made no showing that the Committee fails to represent each of the various creditor types involved in this case.  Additionally, the Unofficial F&D Committee's Motion does not allege any circumstances within which the ability of the Committee to function has been or would be impaired.  As such, the Unofficial F&D Committee has not established that the Committee is failing to function.

Nature of the Case

11. While the Debtors' cases are complex jointly administered chapter 11 cases, the large size of the bankruptcy case is not determinative of whether additional committees should be appointed.  McLean, 70 B.R. at 861.  To handle the large size of the Debtors cases, the U.S. Trustee has appointed a greater number of creditors to the Committee than is usual.  Normally, the U.S. Trustee appoints seven individuals or entities to serve on the Committee.  Here, the U.S. Trustee has appointed a Committee of 15 members.  As noted above, interests of bondholders are already represented on the Committee by the two indenture trustees serving on the Committee.  Those indenture trustees are highly experienced in chapter 11 proceedings and, like other members of the Committee, understand their duties as a committee member and as a fiduciary for the creditors that they represent.  As such, the U.S. Trustee has already organized the Committee to handle the large size of the Debtors' bankruptcy cases.

Standing and Desires of the Constituencies

12. The Unofficial F&D Committee alleges that their constituency of creditors is distinctly different from the institutional bondholders whose indenture trustees sit on the Committee. While this may be true, this argument does not establish the lack of adequate representation required by section 1102(a)(2) of the Bankruptcy Code. Both the institutional bondholders and the non-institutional bondholders are unsecured creditors with unsecured claims against the Debtors' estates. As such, the Unofficial F&D Committee cannot substantiate its claim that they are not adequately represented by the Committee.

Ability to Continue Participating and Recover Costs

13. Even without the appointment of an Official F&D Committee, the Unofficial F&D Committee can continue to monitor and participate in these cases. The Unofficial F&D Committee currently is represented by experienced, competent counsel who can continue to represent them in these cases. Moreover, an Ad Hoc Bondholders' Committee, represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP and advised by Houlihan Lokey Howard & Zukin, has been in existence for several months and the Committee understands that this committee represents approximately 20% in aggregate principal amount of the Debtors' bonds. For these reasons, among others, we respectfully submit that the interests of bondholders are adequately represented in these cases and request that the Unofficial F&D Committee's Motion be denied.

Additional Cost to the Estate is Not Justified

14. The additional cost to be incurred by the Debtors' estates by the appointment of the Official F&D Committee cannot be justified in this case. See Enron, 279 B.R at 685; Kalvar, 195 B.R. at 601. As this Court is aware, the legal and professional fees in large chapter 11 cases

tend to be incredibly high.  As stated above, the Debtors' bondholders already have adequate representation on the Committee and additionally, have access to the Court through the Unofficial F&D Committee and the Ad Hoc Bondholders' Committee.  Appointing a separate committee for the Unofficial F&D Committee will inevitably lead to duplicative efforts and costs in these cases.  Such an outcome should be avoided, particularly in a case where the recovery for unsecured creditors has already been stretched thin.  Accordingly, the Committee requests that the Unofficial F&D Committee's request for an Official F&D Committee be denied.

Other Consideration

15.    The Debtors chapter 11 cases are proceeding quickly through the bankruptcy process.  The Court will be considering the Debtors' motion to approve a sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "**363 Transaction**") on June 30, 2009.  The Debtors access to DIP financing is conditioned upon the completion of the 363 Transaction.  To the extent an additional committee were to be appointed, significant delay and confusion could arise if the Official F&D Committee and the Committee differ on their treatment of the 363 Transaction and their overall approach to executing their fiduciary duties for the best interest of all unsecured creditors.  This confusion and delay could threaten the sale process and ultimately impair the Debtors' going concern value. Accordingly, the appointment of the Official F&D Committee could substantially harm all claimants.  The Committee submits that there is no justification for such risk to be taken.

## CONCLUSION

16.    For all of the reasons set forth above, the Committee respectfully requests that the Court enter an order denying the Motion.

Dated: June 19, 2009
New York, New York

        **KRAMER LEVIN NAFTALIS & FRANKEL LLP**

        By: /s/ Thomas Moers Mayer
        Thomas Moers Mayer
        Kenneth H. Eckstein
        Robert T. Schmidt
        Adam C. Rogoff
        1177 Avenue of the Americas
        New York, NY 10036
        (212) 715-9100

        *Proposed Counsel for the Official Committee of Unsecured Creditors of General Motors Corporation, et al.*

# EXHIBIT A

9

KL2 2609455.2

KRAMER LEVIN NAFTALIS & FRANKEL LLP

ROBERT T. SCHMIDT
PARTNER
PHONE 212 715-9527
FAX 212 715-8000
RSCHMIDT@KRAMERLEVIN.COM

June 12, 2009

**By Electronic Mail**

Andrew D. Velez-Rivera, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Re: General Motors Corporation, et al.
Case Number: 09-50026 (REG)

Dear Mr. Velez-Rivera:

As you know, this firm is proposed counsel to the Official Committee of Unsecured Creditors (the "Official Committee") in the above referenced chapter 11 cases. We have reviewed the letter dated June 9, 2009 delivered to your office by the Unofficial Committee of Family & Dissident GM Bondholders (the "F&D Committee") in which a request was made for the creation of an additional statutory creditors' committee. We have discussed the letter with the members of the Official Committee and, for the reasons set forth below, we respectfully request that your office deny the F&D Committee's request.[1] We also understand that the Debtors have opposed the F&D Committee's request.

The Official Committee formed by your office on June 3, 2009 is comprised of 15 members that represent the interests of all unsecured creditors. The members of the committee include suppliers, automotive dealers, unions, tort claimants, the PBGC and indenture trustees. The two indenture trustees that serve on the Committee are highly experienced in chapter 11 proceedings and, like other members of the Official Committee, understand their duties as a committee member and as a fiduciary for the creditors that they represent. In addition, each of the indenture trustees is represented by sophisticated bankruptcy counsel. Furthermore, there has been in existence for several months an Ad Hoc Bondholder's Committee that we understand represents approximately 20% in aggregate principal amount of the GM bonds. The Ad Hoc Bondholder's Committee is also represented by experienced bankruptcy counsel and financial professionals. For these reasons, among others, we respectfully submit that the interests of

---

[1] We are also aware that the F&D Committee has filed a motion with the Bankruptcy Court seeking the appointment of additional committee. The Official Committee also intends to oppose that request.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL2 2608705.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

June 12, 2009
Page 2

bondholders are adequately represented in these cases and the request of the F&D Committee should be denied at this time.

    We appreciate your attention to this matter. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert T. Schmidt

cc: Harvey R. Miller, Esq.
    Michael P. Richman, Esq.
    Thomas Moers Mayer, Esq.

KL2 2608705.1