Hearing Date: June 30, 2009<br>at 9:45a.m.

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
In re

General Motors Corp., et al.,           Case # 09-50026-reg

                        Debtors.    (Jointly Administered

---------------------------------------X
```

LIMITED OBJECTION OF THE NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE TO DEBTORS' §363 SALE MOTION

The New York State Department of Taxation and Finance ("NYS Tax Department"), by its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, hereby submits a limited objection to the Debtors' Motion Pursuant to 11 U.S.C. §§105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, based upon the following facts and grounds:

1. On or about June 8, 2009, the Tax Department timely filed a proof of claim for unpaid pre-petition sales, withholding and corporate taxes in the total amount of $355,802.20 including interest and penalties (the "NYS Prepetition Tax Claims").

2. Pursuant to Section 2.3(a)(v) of the Master Sale and Purchase Agreement ("MPA"), certain liabilities are assumed by the purchaser of the Debtors' assets. "Assumed Liabilities" include "all Liabilities of Sellers...(B) arising prior to the

commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order." On June 1, 2009, this Court entered an Order Pursuant to 11 U.S.C. §§ 363(b), 507(a)(8), 541 and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments. The NYS Prepetition Tax Claims would therefore appear to be Assumed Liabilities under MPA § 2.3(a)(v) and the NYS Tax Department will look to the Purchaser for payment, once allowed claim amounts have been finally determined. If that is not the intent of the parties to the MPA, and the Sellers will pay the taxes, then another source of payment should be identified. In particular, since the bulk of the purchase price under the MPA consists of a credit bid, stock and warrants, the NYS Tax Department would note for the record that 11 U.S.C. § 1129(a)(9)(C) requires "cash" payment of its claims. Stock and warrants cannot be used to satisfy the NYS Tax Department's tax claims.

    3. The proposed order approving the Motion contains, in Paragraphs 8 and 28, an apparent prohibition ("forever prohibited and enjoined") against any party's assertion of any setoff rights for any obligation of the Debtors "as against any obligation due the Purchaser." It also appears, pursuant to MPA § 2.2(a)(xiii), that the Purchaser will be acquiring all tax refund claims of the Debtors/Sellers. If the proposed order is intended to prevent a taxing authority from offsetting any tax liabilities for the prepetition period against any tax refund claims to be

assigned to the Purchaser, the NYS Tax Department objects. Under 11 U.S.C. § 553(a), provisions of Title 11 "do not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." Although § 553(a) does refer to "[e]xcept as ... provided in section 363", that reference refers to *a creditor's* right to adequate protection of its setoff rights. 5 Collier on Bankruptcy (15th ed. rev.) ¶ 553.01; 11553.06[5] and cases cited therein. There is no provision in § 363 for abrogating a creditor's setoff rights, and if the Motion and proposed order seek to abrogate tax creditors' setoff rights, the relief requested should be denied to that extent.

    4.    Paragraph 39 of the proposed Order contains a provision: that "[n]o law of any state or other jurisdiction ... shall apply in any way to the transactions contemplated by the 363 Transaction, the MPA, the Motion and this Order." In other words, this Court is being asked to repeal all States' laws applying to any transaction referenced in the Motion, MPA and Order. That directly conflicts with 28 U.S.C.§§ 959(b) and 960, which require debtors in possession to comply with state laws, including tax laws, during Chapter 11. As to tax laws in particular, they do apply to § 363 sales in bankruptcy. In California State Board of Equalization v. Sierra Summit, Inc.,109

S.Ct. 2228 (1989) the Supreme Court held that states may tax § 363 sales in bankruptcy. While tax exemptions (such as "one time sale" exemptions) may be available under state law for some aspects of the contemplated sale, that is a function of *state* law and *state* law determines the taxability of the transactions, as well as tax reporting requirements.  As the Supreme Court stated in Sierra Summit:

> Nothing in the plain language of the statute, its legislative history, or the structure of the Bankruptcy Code indicates that Congress intended to exclude taxes on the liquidation process from those taxes the States may impose on the bankruptcy estate.

109 S.Ct. 2235.  Paragraph 39 of the proposed Order conflicts with binding case law and cannot be entered as proposed.

WHEREFORE, the NYS Tax Department respectfully requests that any order granting the Motion (i) provide clarification of whether the NYS Tax Department tax claims are Assumed Liabilities under the MPA or whether some other identified source of payment is proposed by the parties to the MPA, (ii) preserve the NYS Tax Department's setoff rights, and (iii) not purport to repeal or abrogate state tax laws and additionally  grant such other and

further relief as this court may deem just and proper.

Dated: New York, New York
       June 19, 2009

        ANDREW M. CUOMO
        Attorney General of the
         State of New York
        <u>Attorney for the New York State</u>
         <u>Department of Taxation and</u>
         <u>Finance</u>
         By:


        <u>/s/ Neal S. Mann</u>
        NEAL S. MANN (NM-0617)
        Assistant Attorney General
        120 Broadway, 24th Floor
        New York, New York 10271
        Tel. No. (212) 416-8666

**CERTIFICATE OF SERVICE**

      NEAL S. MANN certifies that:

      He is an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, Attorney for the New York State Department of Taxation and Finance herein.  On the 19th day of June, 2009 he served the annexed LIMITED OBJECTION OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO DEBTOR'S §363 SALE MOTION upon the following parties:

| | |
|---|---|
| Harvey Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153 | John J. Rapisardi, Esq.<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY  10281 |
| James L. Bromley, Esq.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY  10006 | Babette Ceccotti, Esq.<br>Cohen Weiss and Simon LLP<br>330 W. 42nd Street<br>New York, NY  10036 |
| Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Vedder Price PC<br>1633 Broadway  47th Fl.<br>New York, NY  10019 | Diana G. Adams, Esq.<br>Office of U. S. Trustee<br>33 Whitehall Street, 21st Fl.<br>New York, NY  10004 |

David S. Jones, Esq.
Matthew L. Schwartz, Esq.
U. S. Attorney's Office
86 Chambers Street, 3rd Fl.
New York, NY  10007

Attorneys in the within entitled proceeding by depositing a true

and correct copy thereof, properly enclosed in a post-paid wrapper, in a post-office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271 directed to said attorneys at the addresses designated by them for that purpose.

                                                          /s/ Neal S. Mann  
                                                          NEAL S. MANN