FOLEY & LARDNER LLP
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*admitted pro hac vice*)
Robert H. Huey
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Toyota Motor Corporation*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :    Case No. 09-50026 (REG)
                                                    :
                                         Debtors    :    Jointly Administered
                                                    :
--------------------------------------------------------------X

**LIMITED OBJECTION OF TOYOTA MOTOR CORPORATION TO**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND CURE AMOUNTS RELATED THERETO**

Toyota Motor Corporation ("Toyota"), by its attorneys Foley & Lardner LLP, hereby submits this limited objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtors' proposed Cure Amounts related thereto. In support of its Objection, Toyota states as follows:

**PRELIMINARY STATEMENT**

1.     Toyota and General Motors Corporation ("GM") are parties to various contracts, which may or may not be executory (the "Toyota Contracts"). Included among the Toyota Contracts are several contracts for the licensing by Toyota to GM of intellectual property (the "Licensing Contracts").

2. In addition, Toyota and GM also entered into a joint venture to form New United Motor Manufacturing, Inc. ("NUMMI"). NUMMI was formed to manufacture U.S. vehicles and certain component parts for those vehicles. Toyota and GM entered into a shareholder agreement on February 21, 1984 whereunder Toyota owns 50% of the shares in NUMMI and GM owns 50% of the shares in NUMMI (the "Shareholder Agreement"). The Shareholder Agreement is one of the Toyota Contracts.

3. Upon information and belief, on or about June 5, 2009, the Debtors disseminated to various contract counterparties a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice"), in which the Debtors designated certain agreements (the "Assumable Executory Contracts") between the Debtors and suppliers that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

4. The Debtors may allege that Toyota received the Assumption and Assignment Notice. However, Toyota has not received it and thus has not been provided with appropriate notice to understand whether GM intends to assume and assign the Toyota Contracts (or any proposed cure amounts).

5. Therefore, Toyota is unable to determine if the Toyota Contracts have been designated for assumption or assignment and to review the amounts of any proposed cure. Accordingly, in an abundance of caution, Toyota has filed this objection to preserve and document its rights with respect to all matters related to assumption and assignment of any contracts the Debtors may identify, including without limitation any cure amounts. Toyota

reserves all of its rights with respect to any such notice, contracts and cure amounts identified by the Debtors with respect to Toyota.

**I.      The Assumption and Assignment Notice Is Deficient.**

6.      Because Toyota has not received the Assumption and Assignment Notice, it cannot determine the propriety of the information contained therein.

7.      To the extent that the proposed Cure Amount does not accurately reflect all prepetition and post-petition defaults, it is insufficient. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re* Wireless Data, Inc., 547 F.3d 484 (2d Cir. 2008).

8.      The Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults prior to any assumption or assignment of such contracts. Absent such cure, the Debtors' proposed Cure Amount may deprive Toyota of the full benefit of its bargain and would fail to restore the parties to pre-default conditions. Toyota reserves all its rights to further object to the cure amount proposed by the Debtor once identified.

9. In addition, because Toyota has not received the Assumption and Assignment Notice, it cannot reconcile the contracts that the Debtors may have listed on their website until it receives such notice. Toyota believes that the Debtors may not have not included on the website some contracts that the Debtors intend to be assumed and assigned. The correct contracts should be listed on such website (with attendant Cure Amounts) and appropriate notice before Toyota is bound by any assumption and assignment or Cure Amounts with respect to such contracts.

10. Toyota further reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice., including on the grounds that any such contract listed is not executory.

## II. The Debtors Cannot Assume and Assign The Licensing Contracts or the Shareholder Agreement Absent Toyota's Consent

11. 11 U.S.C. §365(c) states

> (c) The Trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
>
>> (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession whether or not such contract, or lease, prohibits or restricts assignment of rights or delegation of duties; and
>>
>> (B) such party does not consent to such assumption or assignment. . . .

12. The Shareholder Agreement contains restrictions on GM's ability to transfer the stock of NUMMI and to assign obligations or rights under the Shareholder Agreement. The License Agreements cannot be transferred because they are personal services contracts. *See In re* Sunterra Corp. 361 F.3d 257 (4th Cir. 2004) (holding debtor in possession could not assume a non-exclusive copyright license).

13. Accordingly, under section 365(c) Toyota must consent to the assumption and assignment of the Shareholder Agreement and the Licensing Agreement. Toyota has not, at this point, consented to such and assumption or assignment, but Toyota is continuing discussions with GM regarding these issues. Because of the nature of the Shareholder Agreement and the Licensing Contracts and because Toyota has not consented to the assumption and assignment, this Court should not allow the Debtors to assume or assign the Shareholder Agreement or the Licensing Contracts. Toyota reserves the right to supplement this objection in respect of the Shareholder Agreement and Licensing Agreements upon receipt and review of the appropriate notice.

14. Toyota reserves the right to supplement or modify this objection as additional facts are determined.

## RELIEF REQUESTED

WHEREFORE, Toyota requests that the Court enter an order requiring the Debtors to deliver the Assumption and Assignment Notice to Toyota's attorneys at the address below, denying the Debtors' request to assume and assign the Assumable Executory Contracts unless and until Toyota's objections are satisfied, and grant such other and further relief as the Court deems just and proper.

Dated:     June 19, 2009            FOLEY & LARDNER LLP

*/s/ John A. Simon*
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*admitted pro hac vice*)
Robert H. Huey
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Toyota Motor Corporation*