Sale Approval Hearing Date: June 30, 2009 at 9:45 a.m.
Sale Motion Objection Deadline: June 19, 2009 5:00 p.m.

ATTORNEYS FOR THE STATES OF ST. REGIS MOHAWK TRIBE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                            :    CHAPTER 11
                                                  :
GENERAL MOTORS CORP., *et al.*,                   :    Case No. 09-50026 (REG)
                                                  :
                                                  :    (Jointly Administered)
                    Debtors.                      :
------------------------------------------------------------X

## LIMITED OBJECTION OF THE SAINT REGIS MOHAWK TRIBE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The St. Regis Mohawk Tribe ("Tribe") files this Objection to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC ("New GM"), a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (II) Schedule Sale Approval Hearing (the "Motion") (Dkt. No. 92).

The Tribe objects to the provisions of the Section 363 Sales Order ("Order") that seek to protect New GM from environmental responsibility for the debtor's contaminated property at Massena, New York. In the guise of setting the terms for the purchase of assets, the Master

{M0253498.1}
1

Purchase Agreement (MPA) and the proposed Order greatly overreach in violation of the Code, contrary to the public interest.

The plan of sale and reorganization is designed to leave the General Motors Massena Hazardous Waste Site in the hands of the debtor along with all associated environmental liabilities, including the clean up responsibilities and natural resource damage claim.  Thus, it appears that General Motors Corporation is poised to absolve itself of all environmental obligations with respect to the Massena Site.  The New GM, to be controlled by the Federal Government, has pointed declined to assume this liability notwithstanding its extreme importance and regardless of the relative small value of the clean up obligation in the context of the many billions involved in the matter.  This Court cannot allow the contaminated Massena Site to be so abandoned.

The General Motors Massena Site is a 165-acre aluminum casting facility on the St. Lawrence River, in Massena, St. Lawrence County, New York. The site contains several areas that have received thousands of tons of PCB-contaminated sludge generated from the dumping of hydraulic oil formerly used in the plant's machinery. A portion of the waste lies below the water table.  Analysis by New York State and the Tribe indicate that ground water and surface water are contaminated on the site. Run-off is toward the Raquette River, St. Lawrence River, and the St. Regis Indian Reservation.  *See* http://www.epa.gov/superfund/sites/npl/nar195.htm

The GM Massena Site is directly bordered on the east by the St. Regis Mohawk Indian Reservation lands and associated Tribal waters.  Hazardous waste in the form of highly toxic PCBs and other hazardous waste were dumped on these Tribal lands and waters, including a Tribal natural resource area known as the Turtle Creek Basin.  The natural resources of the St.

{M0253498.1}

2

Lawrence River and Turtle Creek Basin have been important Mohawk nutritional, navigational and cultural resources for many thousands of years. The Mohawks retain an unqualified right to use these resources. Since the natural resources of the Tribe have been severely degraded by the release of PCBs and other contaminants from the GM Massena Site for many decades, the Tribe clearly has standing to object to the Order to the extent it seeks to discharge either the Old GM or the New GM from liability to clean up the Massena Site. The Order must direct the New GM to abate the environmental and public health harm that is posed by the Massena Site, and restore the natural resources to their productive and traditional use.

The Massena Site includes an unpermitted "open dump" in clear violation of requirements of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq. ("RCRA"), as well as millions of gallons of open waste lagoons. A claim against the Old GM by the Tribe is pending, seeking abatement of this imminent threat. The claim cannot be discharged by this Court, because an imminent threat remains. According to the Congressional findings that supported RCRA's enactment, "Open dumping is particularly harmful to health, contaminates drinking water from underground and surface supplies, and pollutes the air and the land." *See* 42 U.S.C. § 6901(b)(4). That is exactly what has occurred at the GM Massena Site. Mohawk natural resources have been contaminated by the GM dump, with a direct impairment to Mohawk health.

The New York State Department of Health and the United States Department of Health and Human Services Agency for Toxic Substances and Disease Registry have concluded that the General Motors Massena Site remains a public health hazard because of the continuing contribution of unremediated areas at the site to the PCB contamination of edible fish and wildlife. This public health hazard must be abated.

{M0253498.1}

Federal Law demands that debtors in possession such as Old GM comply with all environmental, health and safety laws. 28 U.S.C. § 959(b). A subsequent owner or operator is similarly obliged to the extent that a site remains an ongoing environmental or public health threat, as here. <u>Ohio v. Kovacs</u>, 469 U.S. 274, 284-85 (1985). Under New York Law, a buyer of a corporation's assets, such as the New GM, is liable as a successor to the seller to the extent that the purchaser is a mere continuation of the seller. <u>Schumacher v. Richards Shear Co.</u>, 59 N.Y.2d 239, 244-45 (1983).

Abandonment of severely contaminated property that poses an environmental and public health threat, in derogation of the public interest sought to be protected by RCRA and CERCLA, is simply not contemplated in the Bankruptcy Code. Clearly, the public purpose sought to be protected by RCRA and CERCLA cannot be sabotaged by the device of abandonment as intended in the Order.

For all of these reasons, the St. Regis Mohawk Tribe prays that this Court direct that: (1) the New GM take title to the Massena NPL Site through the Order; (2) the New GM discharge all of the obligations of the debtor to remediate the Massena Site as well as the contaminated adjacent lands and waters; and (3) the New GM restore the natural resources that have been injured by the release of hazardous substances from the Site.

                              Respectfully submitted,

By: _____/s/_____
     John J. Privitera
     McNamee, Lochner, Titus & Williams, P.C.
     Counsel to the St. Regis Mohawk Tribe
     677 Broadway
     Albany, New York 12207
     Phone (518) 447-3200

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2009, a true and correct copy of the foregoing was served on all those parties receiving notice via the Court's Electronic Case Filing System (through ECF).

_____/s/_____
Kathleen L. Hill