# EXHIBIT A

## "Interests in Property" as it Appears in the Bankruptcy Code

**Section 101**
(37) The term "lien" means charge against or **interest in property** to secure payment of a debt or performance of an obligation.

(54) The term "transfer" means--
(A) the creation of a lien;
(B) the retention of title as a security interest;
(C) the foreclosure of a debtor's equity of redemption; or
(D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with--
(i) property; or
(ii) **an interest in property.**

**Section 110**

2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).

(B) The legal advice referred to in subparagraph (A) includes advising the debtor--

(vi) concerning how to characterize the nature of the debtor's **interests in property** or the debtor's debts; or

**Section 362**

When adequate protection is required under section 362, 363, or 364 of this title of **an interest of an entity in property**, such adequate protection may be provided by--

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's **interest in such property**;
(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's **interest in such property**; or
(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's **interest in such property**.

**Section 362**

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an **interest in property** to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title;

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

(1) for cause, including the lack of adequate protection of an **interest in property** of such party in interest;

**Section 363**

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an **interest in property** used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any **interest in such property** of an entity other than the estate, only if--

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the **interest of any co-owner in property** in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--

(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided **interest in such property** would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(*l*) Subject to the provisions of section 365, the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this title may provide for the use, sale, or lease of property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's **interest in such property**.

(p) In any hearing under this section--

(1) the trustee has the burden of proof on the issue of adequate protection; and
(2) the entity asserting an **interest in property** has the burden of proof on the issue of the validity, priority, or extent of such interest.

## Section 506

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's **interest in such property**, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

## Section 522

(B) any **interest in property** in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and

(d) The following property may be exempted under subsection (b)(2) of this section:
(5) The debtor's aggregate **interest in any property**, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection.

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--

(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's **interest in the property** would have in the absence of any

3

liens.

(q)(1) As a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of an **interest in property** described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) which exceeds in the aggregate $136,875 if--

(2) Paragraph (1) shall not apply to the extent the amount of an **interest in property** described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) is reasonably necessary for the support of the debtor and any dependent of the debtor.

## Section 541

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(3) Any **interest in property** that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
(4) Any **interest in property** preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
(5) Any **interest in property** that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
(A) by bequest, devise, or inheritance;
(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
(C) as a beneficiary of a life insurance policy or of a death benefit plan.
(7) Any **interest in property** that the estate acquires after the commencement of the case.

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's **interest in property**.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable **interest in such property** that the debtor does not hold.

## Section 546

(b)(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that--

4

(A) permits perfection of an **interest in property** to be effective against an entity that acquires rights in such property before the date of perfection; or
(B) provides for the maintenance or continuation of perfection of an **interest in property** to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

(2) If--

(A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an **interest in property**; and
(B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;

such **interest in such property** shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement.

### Section 547

(d) The trustee may avoid a transfer of an **interest in property** of the debtor transferred to or for the benefit of a surety to secure reimbursement of such a surety that furnished a bond or other obligation to dissolve a judicial lien that would have been avoidable by the trustee under subsection (b) of this section. The liability of such surety under such bond or obligation shall be discharged to the extent of the value of such property recovered by the trustee or the amount paid to the trustee.

### Section 548

(d)(1) For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an **interest in the property** transferred that is superior to the **interest in such property** of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

### Section 1123

(a) Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall--
(5) provide adequate means for the plan's implementation, such as--
(A) retention by the debtor of all or any part of the property of the estate;
(B) transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of such plan;
(C) merger or consolidation of the debtor with one or more persons;
(D) sale of all or any part of the property of the estate, either subject to or free of any lien, or the distribution of all or any part of the property of the estate among those having an **interest in such property** of the estate;

5

**Section 1205**

b) In a case under this chapter, when adequate protection is required under section 362, 363, or 364 of this title of an **interest of an entity in property**, such adequate protection may be provided by--

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of property securing a claim or of an entity's ownership **interest in property**;
(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of property securing a claim or of an entity's ownership **interest in property**;
(3) paying to such entity for the use of farmland the reasonable rent customary in the community where the property is located, based upon the rental value, net income, and earning capacity of the property; or
(4) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will adequately protect the value of property securing a claim or of such entity's ownership **interest in property**.

**Section 1222**

(b) Subject to subsections (a) and (c) of this section, the plan may--
(8) provide for the sale of all or any part of the property of the estate or the distribution of all or any part of the property of the estate among those having an **interest in such property**;