Objection Deadline: Extended to June 19, 2009
Hearing Date: TBD

Edward J. LoBello, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0822
(212) 763-7030 (Tel.)
(212) 763-7031 (Fax)
elobello@msek.com (E-mail)

*Counsel to Pitney Bowes Inc., Pitney Bowes Management
Services, Inc., Pitney Bowes Software Inc., and their Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **GENERAL MOTORS CORP., et al.**, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------------X

**CURE OBJECTION OF PITNEY BOWES INC. *et. al.*
RE:  NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY, AND (II) CURE AMOUNTS RELATED THERETO**

TO: **THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

Pitney Bowes Inc., Pitney Bowes Management Services, Inc. ("PBMS"), Pitney Bowes Software Inc., the successor in interest to Group 1 Software, Inc., and their affiliates (collectively, including PBMS, "Pitney Bowes"), by its undersigned counsel, hereby objects to the proposed cure amount, as referenced in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto dated June 5,

2009 (the "Assumption Notice") filed by General Motors Corp. and certain of its affiliates, as debtors in possession herein (collectively, the "Debtors"), and respectfully represents as follows:

## BACKGROUND

1. On June 1, 2009 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors are continuing to operate their business and manage their affairs as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Filing Date, PBMS and General Motors Corp. entered into a Global Mail Services and Operational Support Requirements Agreement (# ADM-0032-004), with an effective date of January 1, 2008 (the "SOR"). Under the terms of the SOR, the Debtors delivered Purchase Orders TCB06410 and TCB04191 (in each case, as amended, the "Purchase Orders' and, together with the SOR, the "Management Contract") to PBMS under which General Motors Corp. retained PBMS to, among other things, provide services related to the (i) management of inbound and outbound mail and express packages at several U.S. facilities (*i.e.*, World Headquarters, located in Detroit, Michigan, Financial Headquarters in New York, approximately 120 General Motors facilities in Southeast Michigan and the five General Motors' Regional Building Headquarters) and (ii) management and postage funding of postage equipment at all of General Motors' U.S. locations including plants, service parts offices, and marketing offices.

4. Also prior to the Filing Date, (i) Sagent Technology Inc., the predecessor in interest to Group 1 Software Inc., and General Motors Corp. entered into a Software License Agreement, dated June 30, 1999, pursuant to which General Motors Corp. acquired a software license; and (ii) Group 1 Software, Inc. and General Motors Corp. entered into a Subscription

License Agreement, dated December 7, 2005, pursuant to which General Motors Corp. was granted access to certain services (the Software License Agreement and the Subscription License Agreement are herein collectively called the "Software Contract").

## THE SALE MOTION & ASSUMPTION NOTICES

5.    On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (i) Approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (ii) Schedule Sale Approval Hearing (the "Sale Motion").

6.    Pursuant to the Sale Motion, the Debtors sought to sell substantially all of their assets, and in connection therewith, to assume and assign certain of their executory contracts and unexpired leases.

7.    On or about June 5, 2009, the Debtors served two (2) Assumption Notices upon Pitney Bowes.[1]  Pursuant to the Assumption Notices, the Debtors seek to assume and assign (i) the Management Contract, and seek to fix any cure amount thereunder at $510,742.57, and (ii) the Software Contract, and seek to fix any cure amount thereunder at zero.[2]

## CURE OBJECTION

8.    Pitney Bowes does not object to the assumption and assignment of these Contracts.  Rather, Pitney Bowes files this cure objection to preserve its rights concerning the

---

[1]  Pitney Bowes did not actually receive the Assumption Notices until on or about June 9, 2009.

[2]  Although the Assumption Notices required objections to be served and filed by June 12, 2009, counsel for the Debtors agreed to extend such date for Pitney Bowes to June 19, 2009.

3

720461v.2 99999/0004

appropriate cure amount under the Contracts. Specifically, Pitney Bowes believes that the appropriate cure amount (i) under the Management Contract is $1,106,568.50, not $510,742.57 as indicated by the Debtors, and (ii) under the Software Contract is $5,613.84, not zero as indicated by the Debtors. Pitney Bowes intends to continue to work with the Debtors and their Call Center in a cooperative effort to resolve such discrepancies with respect to the cure amounts under the Contracts.

9. Pitney Bowes expressly reserves its rights to amend or supplement this cure objection and to assert any and all claims and causes of action it may have against the Debtors under the Contracts or otherwise.

**WHEREFORE**, Pitney Bowes respectfully requests that this Court require the Debtors to pay Pitney Bowes the appropriate cure amounts as set forth herein.

Dated:   New York, New York
         June 19, 2009

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By:   */s/ Edward J. LoBello*
      Edward J. LoBello
      A Member of the Firm
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0822
(212) 763-7030 (Tel)
(212) 763-7031 (Fax)

*Counsel to Pitney Bowes Inc., Pitney Bowes Management Services, Inc., Pitney Bowes Software Inc., and their Affiliates*

720461v.2 99999/0004