FOLEY & LARDNER LLP
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*admitted pro hac vice*)
Robert H. Huey
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Toyota Motor Corporation*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                                : Chapter 11
                                                      :
GENERAL MOTORS CORP., *et al.*,                       : Case No. 09-50026 (REG)
                                                      :
                                  Debtors             : Jointly Administered
                                                      :
---------------------------------------------------------------X

**LIMITED OBJECTION OF TOYOTA MOTOR CORPORATION TO**
**THE ORDER APPROVING SALE OF THE DEBTORS' ASSETS**

Toyota Motor Corporation ("Toyota"), by its attorneys Foley & Lardner LLP, hereby submits this limited objection (the "Objection") to the order approving sale of the Debtors' assets. In support of its Objection, Toyota states as follows:

**PRELIMINARY STATEMENT**

1. Toyota and General Motors ("GM") are parties to various contracts, some of which may be executory (the "Toyota Contracts"), including several contracts whereby Toyota licenses intellectual property to GM (the "Licensing Contracts").

2. Toyota and GM also entered into a joint venture to form New United Motor Manufacturing, Inc. ("NUMMI"). NUMMI was formed to manufacture U.S. vehicles and certain component parts for those vehicles. Toyota and GM entered into a shareholder agreement on

February 21, 1984 whereby Toyota would own 50% of the shares in NUMMI and GM would own 50% of the shares in NUMMI (the "Shareholder Agreement"). The Shareholder Agreement is one of the Toyota Contracts.

3. By the Sale Order, the Debtors seek an order to approve the sale of substantially all of their assts free and clear of liens, claims, interest and encumbrances, to the bidder making the highest and best offer.

4. The Debtors attached as an exhibit to the Sale Motion a proposed Master Sale and Purchase Agreement, outlining the terms of the sale (the "Sale Agreement"). Section 2.2(a) of the Sale Agreement lists the assets to be purchased as part of the sale (the "Purchased Assets"). Section 2.2(b) of the Sale Agreement lists the assets to be excluded from the sale (the "Excluded Assets").

5. The Debtors have not specifically identified the shares of NUMMI stock or the intellectual property licensed under the Licensing Agreements in the Sale Agreement and whether it is their intent to include these assets as part of the sale. However, to protect its rights, Toyota hereby objects to the inclusion of the NUMMI shares or any intellectual property licensed by Toyota in the sale absent Toyota's consent (which Toyota has not granted).

**I.    The Debtors Should Not be Permitted to Sell the Shares of Stock under the Shareholder Agreement Absent Toyota's Consent**

6. The Sale Agreement indicates that "stock" is part of the Purchased Assets.

7. If the Debtors do intend to include the shares of stock under the Shareholder Agreement as part of the sale, the Debtors are prohibited from selling the shares absent Toyota's consent under the Shareholder Agreement, which includes a restriction on the right to transfer or sell the shares, other than to specified parties. The Purchaser at the sale is not such a specified

2

party to whom a sale of the NUMMI stock would be permitted under the Shareholder Agreement.

8. Additionally, the Debtors have no right to include the shares under the Shareholder Agreement as part of the sale because they are not property of the estate. Property of the estate would only include the Debtors' prepetition interest in the shares--the estate thus succeeds only to the rights of Debtors in the stock, which rights are subject to and governed by the Shareholder Agreement. See In re Farmer's Market, Inc., 792 F.2d 1400, 1402 (9th Cir. 1986) (Section 541(c)(1)(A) "does not address the threshold questions of the existence and scope of the debtor's interest in a given asset. Under both the Act and the Code, we resolve these questions by reference to nonbankruptcy law. . . . Section 541(c)(1)(A) . . . avoids only those restrictions which prevent transfer of the debtor's property to the estate"); In re Britton, 288 B.R. 170, 173 (Bankr. N.D.N.Y. 2002) (Section 541(c)(1)(A) "gives the Trustee no greater rights . . . than the Debtors had prepetition."); In re Polycorp Assoc., Inc., 47 B.R. 671, 672 (Bankr. N.D. Cal. 1985) ("[t]he plain meaning of the [legislative history] is that 541(c)(1)(A) is intended to eliminate barriers to the transfer of property to the estate, and nothing more").

9. Additionally, the provision in the Shareholder Agreement restricting the sale of the stock is still enforceable in bankruptcy.

10. Section 363(l) only invalidates provisions conditioned on the bankruptcy status or insolvency of the debtor, i.e., ipso facto clauses. Section 363(l) provides in relevant part that: the trustee [or debtor in possession] may use, sell or lease property under subsection (b) or (c) of this title . . ., notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking of possession

3

by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property. 11 U.S.C. § 363(l) (emphasis added).

11.     By its terms, Section 363(l) works only to override provisions that would condition or modify estate property by virtue of the debtor's financial condition or bankruptcy filing. Where the condition or restriction does not involve a bankruptcy or financial trigger, Section 363(l) does not invalidate the condition. See 3 Collier on Bankruptcy, ¶ 363.10[1] at 363-62 (the protections offered by Section 363(l) are "considerably" more limited than those offered by Section 541(c)(1); "restrictions that may have been ineffective to prevent the property from entering the estate remain applicable with respect to the trustee's use, sale or lease of the property").

12.     Courts, therefore, have consistently held that a trustee or debtor in possession must comply with any applicable transfer conditions and/or restrictions when selling estate property under Section 363, including rights of first refusal and similar clauses in partnership or shareholders' agreements. See, e.g., In re Gibson, 1995 Bankr. LEXIS 1727 (Bankr. E.D. Va. 1995) (right of first refusal in partnership agreement and transfer restriction is enforceable against trustee); In re Six, 190 B.R. 958 (Bankr. M.D. Fla. 1995) (contractual restrictions granting certain parties a right of first refusal on the sale of debtor's stock in a professional association was binding on buyer of the stock from the debtor's trustee; thus, bidder must yield to the right of first refusal); In re Dean, 174 B.R. 787 (Bankr. E.D. Ark. 1994) (restrictions contained in joint venture agreement which restricted transfer of joint venture interests to debtor's employer are not invalidated by Sections 541(c)(1) and 363(l) and are enforceable despite fact that the interest is property of debtor's estate since restrictions on sale existed

4

whether or not debtor was in bankruptcy or insolvent); <u>In re Todd</u>, 118 B.R. 432 (Bankr. D.S.C. 1989) (partner's right of first refusal to match price offered by third party for debtor's partnership interest was valid and enforceable notwithstanding Section 541(c)(1)); <u>In re Schauer</u>, 62 B.R. 526 (Bankr. D. Minn. 1986) (trustee could not sell debtor's interest in dairy farmers' cooperative association absent the consent of the cooperative as provided in the cooperative's by laws and other governing documents notwithstanding Sections 541(c)(1) and 363(l); the trustee takes the debtor's property subject to the restrictions on it in the debtor's hands since the invocation of bankruptcy does not create greater rights in the trustee), aff'd, 835 F.2d 1222 (8th Cir. 1987); <u>In re Baquet</u>, 61 B.R. 495 (Bankr. D. Mont. 1986) (the estate's interest in stock in closely held corporation was subject to transfer restrictions in shareholder agreement which required trustee to offer debtor's stock for sale first to the other shareholders for the values set forth in the shareholder agreement notwithstanding Section 541(c)).

13. The Debtors may not have any intention of including the sale of the shares under the Shareholder Agreement as part of the sale to the purchaser. However, in an abundance of caution, Toyota has chosen to file this limited objection.

14. Accordingly, Toyota objects to the sale to the extent that the Debtors attempt to include the shares of stock under the Shareholder Agreement as part of the sale absent Toyota's consent.

**II.    The Debtors May Not Sell Intellectual Property Licensed Under the Licensing Agreements Absent Toyota's Consent**

15. The Sale Agreement includes "intellectual property" as part of the Purchased Assets.

5

16.     However, the Debtors may not sell the licenses under the Licensing Agreements because the Debtors have not assumed or assigned the Licensing Agreements (see arguments presented in Toyota's Objection to the Assumption and Assignment Notice, filed concurrently herewith).

17.     The Debtors do not have any ownership right to the relevant intellectual property. Rather, they have only the license rights under the Licensing Agreements. Therefore, the intellectual property is not property of the estate, and the Debtors cannot sell them as part of the sale to the Purchaser.

18.     The Debtors may not have any intention of including the intellectual property licensed under the Licensing Agreements in the sale to the Purchaser. However, to protect its rights, Toyota objects to any such sale of the intellectual property.

19.     Toyota reserves its right to supplement or otherwise modify this objection as additional facts and arguments are determined.

## **RELIEF REQUESTED**

WHEREFORE, Toyota requests that the Court enter an order prohibiting the sale of the intellectual property licensed under the Licensing Agreements and the NUMMI shares under the Shareholder Agreement without the consent of Toyota, and grant such other and further relief as the Court deems just and proper.

Dated: June 19, 2009               FOLEY & LARDNER LLP

/s/ *John A. Simon*
Steven H. Hilfinger (*pro hac vice pending*)
John A. Simon (*admitted pro hac vice*)
Robert H. Huey
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Toyota Motor Corporation*