OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.
Jonathan N. Helfat [JH-9484]
230 Park Avenue
New York, NY 10169
Tel: 212-661-9100
Fax: 212-682-6104

*Counsel to GMAC LLC*             **Hearing Date: June 30, 2009, 9:45 a.m.**
           **Objection Deadline: June 19, 2009, 5:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
           :
In re            :
           :     **Chapter 11**
**GENERAL MOTORS CORP., et al.,**            :
           :     **Case No. 09-50026(REG)**
           **Debtors.**     :
           :     **Jointly Administered**
------------------------------------------------------------X

## RESERVATION OF RIGHTS OF GMAC LLC
## TO DEBTORS' MOTION TO APPROVE SALE OF
## ASSETS TO VEHICLE ACQUISITION HOLDINGS LLC

GMAC LLC ("GMAC"), through its undersigned counsel, hereby files its reservation of rights (the "Reservation of Rights") with respect to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Fee and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Sale Motion"). In support of the Reservation of Rights, GMAC states as follows:

1321522.1

**BACKGROUND**

1.     On June 1, 2009 the Debtors filed petitions commencing the above-captioned cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). On June 1, 2009, this Court entered that certain Order Pursuant to 11 U.S.C. §§ 105, 362, 363, 364(b), 364(e), 365 and 503(b) and Fed. Bankr. P. Rules 2002, 4001, 6003, 6004 and 9014(1), Authorizing the Debtors to Enter Into, and Approving, Ratification Agreement with GMAC LLC (the "Ratification Order") pursuant to which the Debtors and GMAC were authorized to enter into that certain Ratification Agreement dated as of June 1, 2009 (the "Ratification Agreement"). The Ratification Order and Ratification Agreement authorized and directed the Debtors to continue their prepetition financial and operating agreements and arrangements with GMAC, pending the assumption and assignment to Vehicle Acquisition Holdings, LLC (the "Purchaser") of the Operative Documents pursuant to the Sale Motion.[1]

2.     On June 2, 2009, this Court entered an order (the "Sales Procedures Order") approving certain sales procedures for the sale of substantially all of the assets of the Debtors to Purchaser.

**RESERVATION OF RIGHTS**

3.     As is more specifically set forth in the Ratification Order, Ratification Agreement and Sale Motion, upon the closing of the Sale the Purchaser is to assume and perform all of the Debtors' obligations under the Operative Documents in accordance with their terms and GMAC has agreed and consented to the assumption by the Purchaser of the Operative Documents and the Pre-Petition Obligations arising thereunder.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Ratification Order or the Ratification Agreement, as applicable.

1321522.1                                  2

4. GMAC consents to and supports the Sale to the extent the terms set forth in the Master Sale and Purchase Agreement between the Debtors and the Purchaser (the "MSPA"), and the schedules thereto, are consistent with the Ratification Order, Ratification Agreement and Operative Documents that will be assumed by the Purchaser. GMAC has been informed by the Debtors that one or more designees of the Purchaser, rather than the Purchaser itself, may be the entity or entities to which the Operative Documents will be assigned. The Debtors have not yet provided specific disclosure of the identity of the proposed assignee(s) of the Operative Documents or the legal and financial relationships of such assignee(s) to the Purchaser and other designees of the Purchaser. Accordingly, GMAC reserves its right to object to the Sale Motion if, upon disclosure of the assignee(s), GMAC determines that the provisions of the Ratification Order and Ratification Agreement have not been complied with.

5. Similarly, although discussions with the Debtors are ongoing, GMAC has not been provided with a satisfactory disclosure or schedule of the liens and encumbrances in favor of GMAC that arise under the assumed Operative Documents that constitute "permitted encumbrances" accepted by the Purchaser pursuant to the MSPA. Accordingly, GMAC reserves its right to object to the Sale Motion to the extent the permitted encumbrances allowed under the MSPA do not conform to the requirements of the Ratification Order and Ratification Agreement.

Dated: New York, New York
       June 19, 2009

    Respectfully Submitted,

    OTTERBOURG, STEINDLER, HOUSTON & ROSEN, PC

    By:   /s/ Jonathan N. Helfat
           Jonathan N. Helfat [JH-9484]
           Member of the Firm
           230 Park Avenue
           New York, New York 10169
           (212) 661-9100
           Fax: (212) 682-6104

*Counsel to GMAC LLC*