EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York 10271
Telephone (212) 238-3021
Edward P. Zujkowski, Esq. (EZ-3095)
Facsimile (212) 238-3100

Attorneys for The Bank of New York Mellon

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                         :
**In re**                                                :      **Chapter 11 Case No.**
                                                         :
**GENERAL MOTORS CORP.,** *et al.,*                      :      **09-50026 (REG)**
                                                         :
**Debtors.**                                             :      **(Jointly Administered)**
                                                         :
-----------------------------------------------------------------------x

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE BANK OF NEW YORK MELLON TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

The Bank of New York Mellon ("BNYM" or the "Trustee") (i) as successor to JPMorgan

Chase Bank, N.A., as indenture trustee under the Trust Indenture, dated as of March 1, 2002,

between the Unified Government of Wyandotte County/Kansas City, Kansas (the "Kansas

Issuer") and JPMorgan Chase Bank, as Trustee (the "Kansas Indenture"), (ii) as successor to

First American National Bank of Nashville, as indenture trustee under the Master Trust

Indenture, dated as of January 1, 1986, between the Industrial Development Board of Maury

County, Tennessee (the "Tennessee Issuer") and First American National Bank of Nashville, as

Trustee (as amended by a First Amendatory Trust Indenture, a Second Amendatory Trust

Indenture, a Third Amendatory Trust Indenture and a Fourth Amendatory Trust Indenture, the

1

"First Tennessee Indenture"), and (iii) as successor to NationsBank of Tennessee, National Association, as indenture trustee under the Trust Indenture, dated as of September 1, 1994, between the Tennessee Issuer and NationsBank of Tennessee, National Association, as Trustee (the "Second Tennessee Indenture") through its undersigned counsel, hereby submits this Limited Objection and Reservation of Rights (the "Objection") to the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Costs Related Thereto, which was to be served upon BNYM by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

## BACKGROUND

1.      BNYM is the Trustee on behalf of the holders of (A) the $38,900,000 Unified Government of Wyandotte County/Kansas City, Kansas Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 2002 (the "Kansas Bonds") issued pursuant to the Kansas Indenture, (B) various series of Industrial Development Board of Maury County, Tennessee Industrial Revenue Bonds (Saturn Corporation Project) issued pursuant to the First Tennessee Indenture (the "First Tennessee Bonds"), and $75,000,000 of Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (Saturn Corporation Project) Series 1994 (the "Second Tennessee Bonds").

2.      The proceeds of the Kansas Bonds were used to refund prior to maturity certain other bonds, the proceeds of which were applied to pay the costs of certain pollution control facilities (the "Kansas Facilities") which were leased by the Kansas Issuer to General Motors Corporation ("GM") pursuant to a Lease Agreement, dated as of March 1, 2002, between the

2

Kansas Issuer and GM (the "Kansas Lease Agreement"). GM guaranteed payment of principal

and interest on the Kansas Bonds pursuant to a Guaranty Agreement, dated as of March 1, 2002,

between GM, as Guarantor, and JPMorgan Chase Bank, as Trustee (the "Kansas Guaranty

Agreement").

3.      The proceeds of the First Tennessee Bonds were used to finance the cost of the

acquisition, construction and installation of an automotive vehicle and component parts

manufacturing and assembly facility of Saturn Corporation (the "First Tennessee Facility")

which was leased to Saturn Corporation ("Saturn") pursuant to a Lease Agreement (the "First

Tennessee Lease Agreement"), dated as of January 1, 1986, between the Tennessee Issuer and

Saturn. Saturn guaranteed payment of principal and interest on the Tennessee Bonds pursuant to

a Guaranty Agreement, dated as of January 1, 1986, between Saturn, as Guarantor, and First

American National Bank of Nashville, as Trustee (the "First Tennessee Guaranty Agreement").

4.      The proceeds of the Second Tennessee Bonds were used to refund prior to

maturity certain other bonds, the proceeds of which were applied to pay the costs of the

acquisition, construction and installation of certain air and water pollution control facilities and

solid waste disposal facilities and related facilities (the "Second Tennessee Facilities", and

together with the Kansas Facility and the First Tennessee Facility, the "Facilities") which were

leased by the Tennessee Issuer to Saturn pursuant to a Lease Agreement, dated as of September

1, 1994, between the Tennessee Issuer and Saturn (the "Second Tennessee Lease Agreement").

GM guaranteed payment of principal, premium and interest on the Second Tennessee Bonds

pursuant to a Guaranty Agreement, dated as of September 1, 1994, between GM, as Guarantor,

and NationsBank of Tennessee, National Association, as Trustee (the "Second Tennessee GM

Guaranty Agreement"). Saturn guaranteed payment of principal, premium and interest on the

3

Second Tennessee Bonds pursuant to a Guaranty Agreement, dated as of September 1, 1994,

between Saturn, as Guarantor, and NationsBank of Tennessee, National Association, as Trustee

(the "Second Tennessee Saturn Guaranty Agreement"). The Kansas Indenture, the Kansas Lease

Agreement, the Kansas Guaranty Agreement, the First Tennessee Indenture, the First Tennessee

Lease Agreement, the First Tennessee Guaranty Agreement, the Second Tennessee Indenture,

the Second Tennessee Lease Agreement, the Second Tennessee GM Guaranty Agreement and

the Second Tennessee Saturn Guaranty Agreement are referred to herein as the "BNYM

Contracts".

5.    On June 1, 2009, the Debtors commenced these voluntary cases under chapter 11

of the Bankruptcy Code.

6.    On June 2, 2009, this Court entered an order (the "Order") approving the Debtors'

bidding procedures, which includes procedures regarding Debtors' assumption and assignment

of executory contracts.

7.    Pursuant to the Order, the Debtors are required to provide all non-Debtor parties

to all assumable executory contracts and leases that the Debtors intend to assume with a notice of

the assumption and assignment of the assumable executory contracts (the "Assumption and

Assignment Notice"). The Debtors are also required to establish a secure website (the "Contract

Website") where the non-Debtor counterparty to each assumable executory contract can find

information about the status of such contract or lease to be assigned, including the proposed cure

amount (the "Cure Amount"). The Assumption and Assignment Notice is to provide the non-

Debtor counterparty with an individual identification number and instructions on accessing the

Contract Website. Non-Debtor counterparties have ten (10) days from receipt of the Assumption

and Assignment Notice to object to the proposed assumption and assignment. Unless an

4

objection is filed within such ten day period, the non-Debtor counterparty shall be deemed to have consented to the assumption and assignment and the Cure Amount. To date, to its knowledge, BNYM has not yet received an Assumption and Assignment Notice regarding the BNYM Contracts.

8.    BNYM believes that each of the Facilities is currently used on property that may be acquired by the Purchaser (as defined in the Order).

9.    BNYM has been unable to determine, despite inquiries to the published helplines established by the Debtors, if (a) the BNYM Contracts have been scheduled by the Debtors as Assumable Executory Contracts, or (b) if an Assumption and Assignment Notice was issued by the Debtor but not received by BNYM.

10.   Since BNYM has not received an Assumption and Assignment Notice, it does not have an identification number and cannot access the Contract Website. Therefore the Debtors' proposed Cure Amounts, if any, for the BNYM Contracts are not available to be reviewed by BNYM.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

11.   In order that it not be deemed to have consented inadvertently to assumption and assignment of the BNYM Contracts and any proposed Cure Amount, BNYM makes this Limited Objection and expressly reserves all rights with respect to a proposed assumption and assignment of the BNYM Contracts or proposed Cure Amount (i.e., all amounts required to be paid under the Kansas Indenture, the Kansas Lease, the First Tennessee Indenture, the Tennessee First Lease, the Second Tennessee Indenture and the Second Tennessee Lease, including the reasonable expenses of counsel). In addition, BNYM hereby reserves all of its rights and

5

remedies, including the opportunity to object to the continued use of the Facilities by any party prior to the assumption and assignment of the BNYM Contracts.

**WHEREFORE**, BNYM respectfully requests entry of an order reserving all of its rights under the BNYM Contracts and further providing that BNYM not be barred from any further objection until BNYM has received an Assumption and Assignment Notice and access to the Contract Website for at least ten days, and for such other and further relief as may be just and required under all circumstances.

Dated: June 19, 2009

Respectfully submitted,

EMMET, MARVIN & MARTIN, LLP

By: */s/ Edward P. Zujkowski, Esq.*
Edward P. Zujkowski, Esq.
Counsel for The Bank of New York Mellon
120 Broadway
New York, NY  10271
Tel:  (212) 238-3000
Fax:  (212) 238-3100
Ezujkowski@emmetmarvin.com