KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
Morton R. Branzburg (*Pro Hac Vice Admission Pending*)
Brian T. Crowley (BC-2778)
260 South Broad Street, Suite 400
Philadelphia, PA 19102
Telephone: (215) 568-6060

*Attorneys for Manufacturers and Traders Trust Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | Jointly Administered |

### AFFIDAVIT OF MORTON R. BRANZBURG

COMMONWEALTH OF PENNSYLVANIA     :
                                 :  SS.
COUNTY OF PHILADELPHIA           :

Morton R. Branzburg, being duly sworn, deposes and says:

1.     I am a member of the law firm of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, counsel to Manufacturers and Traders Trust Company ("M&T Bank") in the above captioned case. I am fully familiar with the facts hereinafter stated and make this affidavit pursuant to Local Bankruptcy Rule 9077-1 in connection with the Motion of M&T Bank (the "Motion") seeking entry of an order (the "Scheduling Order") scheduling a hearing, on shortened and limited notice, on M&T Bank's Motion for Entry of Order (I) Granting M&T Bank Relief from the Automatic Stay; or (II) in the Alternative, Granting Adequate Protection or the Turnover of Certain Property (the "Lift Stay Motion"). The Lift Stay Motion, in turn, seeks an order pursuant to sections 105, 361, and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting M&T Bank relief from the automatic stay, or in the alternative granting M&T Bank adequate protection, or as a further alternative the turnover of twenty-

and supporting documents, by facsimile, and/or hand, e-mail, Electronic Case Filing System, or overnight courier, upon: (i) the Office of the United States Trustee; (ii) all parties that have entered a notice of appearance; (iii) the counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Debtors; and (v) the twenty largest creditors as provided by the Debtors.

2. No party-in-interest will be prejudiced by proceeding on shortened notice, as the proposed Scheduling Order merely approves the scheduling of a hearing to consider the Motion and the relief requested therein and does not affect any parties' rights to object or otherwise to be heard.

### The Need for Entry of the Scheduling Order on Shortened Notice

3. M&T Bank needs to obtain a hearing on its Motion on an expedited notice basis and upon limited notice. The shortened notice period and simplified service is necessary in this case due to a number of reasons. M&T Bank holds a perfected first priority security interest in and lien upon the Vehicles, to secure a debt arising from Middletown Pontiac, Buick, GMS, LLC, a New York limited liability company ("Middletown Pontiac"). The outstanding balance owed to M&T Bank by Middletown Pontiac is approximately $1,767,951.89 and would therefore far exceed the current fair market value of the Vehicles, which is believed to be approximately $667,017.84. The Vehicles were delivered to and are believed to be in the possession of the Debtors. By operation of law, M&T Bank's Security Interest is continuing. The Vehicles are rapidly diminishing in value and M&T Bank has not received any payments from the Debtors for the Vehicles or any clarity as to the disposition of the Vehicles.

4. Finally, the Vehicles at issue represent an asset of relatively small value when compared with the size of the Debtors estates. If M&T Bank were required to mail a copy of the Motion and supporting documents to each party that has requested service, the cost would be prohibitive given the relative value of the Vehicles.

2

PHIL1 849621-3

WHEREFORE, M&T Bank respectfully requests that this Court enter the proposed Scheduling Order and grant such other and further relief as this Court deems just and proper.

*Morton R. Branzburg*

Sworn to and subscribed before me this 19th day of June, 2009

*Anne M. Foody*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANNE M. FOODY, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 27, 2013