Christopher K. Kiplok
Jaime Steinfink
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Counsel for MediaNews Group, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>General Motors Corporation, *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>09-50026 (REG)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF MEDIANEWS AND ITS SUBSIDIARIES
TO PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES**

MediaNews Group, Inc., a Delaware corporation ("MediaNews"), and its direct and indirect subsidiaries, including Newspaper Agency Company, LLC, a Utah limited liability Company ("NAC") (collectively, the "MediaNews Parties"), by and through its undersigned counsel, respectfully submit this objection and reservation of rights (the "Cure Objection") to (a) the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, dated June 5, 2009, served upon MediaNews and (b) the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs

60697706_3

Related Thereto, dated June 2, 2009, served upon NAC (each, a "Notice of Intent"), stating as follows:

**Preliminary Statement**

1. The MediaNews Parties are compelled to file this objection because the Notices of Intent do not provide sufficient information to enable the MediaNews Parties to identify the executory contracts that General Motors Corporation and several of its affiliates (collectively, the "Debtors") seek to assume and assign to the Purchaser (as defined in each Notice of Intent) and fail to provide any information regarding the proposed cure amounts related to such contracts.

**Background**

2. The MediaNews Parties are one of the largest newspaper publishers in the country and currently publish 54 daily and approximately over 100 non-daily publications in 11 states. The MediaNews Parties have a number of contracts with the Debtors, including advertising contracts.

2. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

3. On June 2, 2009, this Court entered an order (the "Sales Procedures Order") [Docket No. 274], which, among other things, includes procedures regarding the Debtors' assumption and assignment of certain executory contracts.

4. Pursuant to the Sales Procedures Order, the Debtors delivered a Notice of Intent to both MediaNews and NAC, indicating that the Debtors intend to assume and assign some or all of the Debtors' executory contracts with the MediaNews Parties (the "Assumed Contracts"). Each Notice of Intent, through the Contract Website (as defined in each Notice of

Intent), purports to propose cure amounts to satisfy the Debtors' pre- and post-petition obligations under the Assumed Contracts (the "Proposed Cure Amounts").

5. The MediaNews Parties have accessed the Contract Website using the login information and password provided in both of the Notices of Intent. However, the Contract Website lacks any specific information that could be used to identify which of the MediaNews Parties' contracts with the Debtors the Debtors plan to assume and assign to the Purchaser. Further, the website only has a blank space in the box where the Proposed Cure Amount should be located and provides no additional information regarding the Proposed Cure Amount. Additionally, the MediaNews Parties have been unable to identify, either through the Contract Website or through dialogue with the Debtors' counsel, whether the Debtors plan to assume any of the other MediaNews Parties' contracts with the Debtors and the proposed cured amounts related to such contracts.

6. The MediaNews Parties contacted Debtors' counsel on June 13, 2009, in an attempt to correctly identify the Assumed Contracts listed in the Notice of Intent and to determine the proposed cure amounts of the Assumed Contracts. Debtor's counsel granted the MediaNews Parties an extension of time to file an objection until June 20, 2009. The MediaNews Parties are engaged in ongoing discussion with the Debtors' counsel in an effort to resolve the issues surrounding the Assumed Contracts and the other executory contracts between the MediaNews Parties and the Debtors.

## Limited Objection

7. As a result of the lack of information currently available to the MediaNews Parties, MediaNews files this Limited Objection to preserve the MediaNews Parties' rights to ascertain which of their contracts the Debtors plan to assume and assign, the correct

Cure Amounts (as defined in each Notice of Intent) related to such contracts, and any other issues related to the Assumed Contracts and all other executory contracts between the MediaNews Parties and the Debtors. The Contract Website lists one contract identifying MediaNews as a counterparty and one contract identifying NAC as a counterparty. The information provided is limited in many respects, rendering the MediaNews Parties unable to identify with reasonable confidence the contracts intended to be referred to in each Notice of Intent. The Contract Website also fails to indicate any cure amount related to the Assumed Contracts and instead only has a blank where the Proposed Cure Amount should be located. As a result of the limited information available to the MediaNews Parties at this time, including which of its contracts the Debtors intend to assume and assign, the MediaNews Parties cannot adequately assess either of the Notices of Intent.

8.    MediaNews and other MediaNews Parties do not object *per se* to the assumption of the executory contracts between the MediaNews Parties and the Debtors and the assignment thereof to the Purchaser. However, in addition to the objections stated above, MediaNews and the other MediaNews Parties object to the Notices of Intent: (a) to the extent that any of the Proposed Cure Amounts is incorrect, (b) because the improper definition of "Cure Amount" in each of the Notices of Intent would permit assumption and assignment of certain executory contracts between the MediaNews Parties and the Debtors without either the Purchaser or the Debtors satisfying all requirements attendant to assumption and assignment set forth in the Bankruptcy Code, (c) because the MediaNews Parties have not been provided with adequate assurance of future performance with respect to the Assumed Contracts, (d) to the extent, if any, that each of the Notices of Intent purports to require MediaNews or NAC to perform for the Purchaser or the prevailing bidder pursuant to any executory contracts prior to the assumption,

assignment and prompt and full cure of any and all defaults thereunder, and the provision of adequate assurance of future performance, or (e) to the extent, if any, that the Notices of Intent purports to require MediaNews or NAC to perform for Purchaser or the prevailing bidder pursuant to any executory contracts to which MediaNews or NAC have mistakenly been listed as the counterparty but to which another MediaNews Party is the correct counterparty.

9. Due to the limited information currently available to the MediaNews Parties, they are unable to determine whether a Contract Objection (as defined in each Notice of Intent) or a Cure Objection (as defined in each Notice of Intent) is necessary or required. The MediaNews Parties reserve the right to make a Contract Objection or Cure Objection as more information regarding the Assumed Contracts becomes available.

10. MediaNews also believes that the Debtors did not identify certain executory contracts between the MediaNews Parties and the Debtors, including the General Motors Rate Agreement between The Denver Newspaper Agency, LLP and General Motors Planworks, and seeks to clarify whether the Purchaser seeks to assume those contracts. Additionally, MediaNews files this objection on behalf of itself and the other MediaNews Parties to preserve all rights related to the Assumed Contracts and any contracts between the MediaNews parties and the Debtors not yet identified, including the right to challenge any cure amounts related to such contracts.

60697706_3

WHEREFORE, MediaNews respectfully requests that if MediaNews and Debtors cannot resolve the objections specified above without Bankruptcy Court intervention, this Court: (i) order the Debtors' to provide proper and sufficient notice to the MediaNews Parties including sufficient information to identify the Assumed Contracts, the correct Cure Amount, and any other contracts between the Debtors and MediaNews Parties that the Debtors' intend to assume, (ii) preserve all rights that the MediaNews Parties have in relation to the Assumed Contracts and any other contracts between the MediaNews Parties and the Debtors including, without limitation, the right of the MediaNews Parties to file a Contract Objection or Cure Objection within 10 days of receiving proper and sufficient notice from the Debtor (iii) grant such other relief as is just and appropriate.

Dated: New York, New York
June 19, 2008

Respectively submitted

HUGHES HUBBARD & REED LLP

By: /s/ Christopher K. Kiplok
    Christopher K. Kiplok
    Jaime Steinfink
    One Battery Park Plaza
    New York, New York  10004
    (212) 837-6000
    (212) 422-4726 (fax)

Counsel for MediaNews Group, Inc.