PEPPER HAMILTON LLP
Linda J. Casey, Esq. (LC1891)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail: caseyl@pepperlaw.com

Counsel for BNSF Railway Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                        :   Chapter 11
                                                             :
GENERAL MOTORS CORP., *et al.*,                              :   Case No. 09-50026 (REG)
                                                             :
                    Debtors.                                 :
                                                             :
------------------------------------------------------------x

**OBJECTION OF BNSF RAILWAY COMPANY TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY, AND
(II) CURE AMOUNTS RELATED THERETO**

BNSF Railway Company ("BNSF") hereby files this objection (the "Objection") to the Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property, And (II) Cure Amounts Related Thereto (the "Cure Notice") and in support states as follows:

### INTRODUCTION

1. On June 1, 2009, debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. Also on June 1, 2009 (docket no. 92), Debtors filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006,

#11136772 v1 (48754.107)

DOCKET NO. 1701
DATE 6/17/09

to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion") seeking, among other things, authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction contemplated by the Sale Motion.

3. On June 2, 2009, the Court entered an order (the "Sale Order;" Docket No. 274) which, among other things, established the "Assumption and Assignment Procedures" (as defined in the Sale Order), which include:

a. Following the Debtors' designation of an Executory Contract (as defined in the Sale Order) as an Assumable Executory Contract, Debtors shall serve the Cure Notice on the non-debtor counterparty to the contract, which shall include instructions for accessing the Debtors' secured website.

b. The secured website shall include the identification of the contracts sought to be assumed and assigned and the cure amount to be paid to cure any prepetition defaults under the contracts.

c. The non-debtor party shall have ten days after the date of the notice to file an objection to the cure amount.

4. The Debtors purported to serve a Cure Notice on BNSF dated June 5, 2009, which was received by BNSF on June 9, 2009.

5. The Cure Notice did not list any cure amount. Instead, it directed BNSF to the Debtors' secured website. The website purports to list a "Service Contract" identified by

#11136772 v1 (48754.107)

Debtors identification number "GM-00011999" for assumption and assignment. However, the website also does not contain any information concerning the purported Cure Amount.

## OBJECTION

6. BNSF objects to the Cure Notice. As mandated by section 365 (b)(1)(a) of the Bankruptcy Code and the Sale Order, the Debtors were obligated to provide notice of the amounts they believe are required to cure any prepetition defaults before the designated contract can be assumed and assigned. The purported Cure Notice failed to provide any information concerning the cure amount. The website also does not list any cure amount.

7. Accordingly the Cure Notice is defective as inconsistent with Section 365(b) and the Sale Order and should be stricken. The Debtors cannot bind BNSF to a Cure Notice that does not contain a cure amount.[1]

8. The Debtors have not identified any cure amount. The information that should be provided on the Debtors' website is blank. BNSF cannot respond to a Cure Notice until and unless the Debtors actually provide notice of the amount it believes is required to be paid to cure all prepetition defaults.

9. On June 16, 2009, BNSF counsel contacted the Debtors' representative as indicated on the notice. The Debtors' representative acknowledged that no cure amount was indicated on the Contract Notice provided to BNSF and that a similar omission has occurred on notices to other of the Debtors' contracting parties.

---

[1] If the Cure Notice were sufficient, the Sale Order required any objection to be filed within ten dates of the Cure Notice, or June 15, 2009. Because the Cure Notice did not actually provide notice of the cure amount the Debtors believe are due and owing, the objection deadline is inapplicable. Nevertheless, the BNSF law department did not review the Cure Notice until June 16, 2009, and immediately filed this response. To the extent that this Court determines that the Cure Notice was sufficient, BNSF requests leave to file a late objection.

#11136772 v1 (48754.107)

10.  Based on BNSF's records, the cure amount for what is believed to be the assumed contract is in excess of $1 million.

WHEREFORE, BNSF Railway Company requests that this Court:

(i) enter an order striking the Cure Notice, which failed to list any cure amount; and

(ii) grant such other and further relief as is just and appropriate.

/s/ Linda J. Casey
Linda J. Casey (LC 1891)
Edward C. Toole, Jr.
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

#11136772 v1 (48754.107)