UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re                                                           Chapter 11 Case No.

GENERAL MOTORS CORP., et al., 09-50026 (REG)

Debtors                                                         (Jointly Administered)

---

## OBJECTION

The flaws in this sale are:

1.) allowing the failed management to make more poor decisions;

2.) allowing government staff to make deals that are unfair to all debtors;

3.) destroying assets that could be used to return G.M. to greatness;
   a.) dealer network;
   b.) Pontiac
   c.) Saturn

4.) the absence of automotive talent experts,
    no new ideas just slash and burn cuts;

5.) freezing out the stockholders so that a public corporation becomes a private corporation owned by the public.

Failed executives, Wagoner and Lutz, remain on the G.M. payroll. Fritz Henderson, now in charge, is the former chief financial officer? The massive G.M. dealer network brought General Motors to all corners of the United States. The dealer network was no cost to General Motors and a great convenience to the public. G.M. should ask: "How can we help the dealers?" Instead, the dealers were doomed.

The new bankruptcy situation with the "363 Transaction" becomes a scheme for cutting out recovery of cash loaned by people to General Motors. This will make it harder for companies to borrow cash through loans or stock. Trust in the courts will be damaged by unequal treatment of all debts.

Closing Pontiac and Saturn looses the output of one factory. Some product changes would prevent this loss of business to foreign competitors. The toy cars (two seats) burdened these brands with high costs. Streamline thinking can return them to greatness.

The stockholders were not offered a chance to change directors and purchase additional stock. The stockowners of the corporation have not been consulted as required by a Delaware law, section 8 –271, to sell all assets. The annual meeting on June 2nd was moved to August 4th to avoid the stockholders. The directors failed the owners of the company. Without open stockholder oversight, the public will be shut out of this new government company. The government claims no desire to oversee this investment. This allows the failed management to continue down the wrong road.

General Motors needs to survive, but unless these flaws are corrected, survival will be much more difficult. As a record holder of common stock, I own 20 shares of G.M. My father, Henry Lauve, did the artwork on the stock certificates with three images because the stock was split 3 in the fifties.   Don't be a rubber stamp!

John Lauve                          June 17, 2009
                    in pro per 200 N. Saginaw, Holly, MI 48442, (313) 492-0579

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                                                  Chapter 11 Case No.

GENERAL MOTORS CORP., et al., 09-50026 (REG)

        Debtors                                                        (Jointly Administered)

## OBJECTION

### ORDER BLOCKING SALE OF STOCK – *JUNE 2, 2009* – *JUDGE GERBER*

This action was made by the Board of Directors who works for the stockholders.

This action is not in the stockholders interest and does not affect the bankruptcy.

The claim is that trading would harm the debtors. Somehow, the Directors wish to protect the debtors from harm by blocking the stockholders trading their own stock. The pending sale of all assets does not protect all debtors equally. The sale deal was done without protection for stockholders and the people who loaned money to G.M.

Since stockholders are debtors too, their interest is harmed by this order. It should be cancelled because there is no adequate reason for its extension.

I am the record holder of twenty shares of General Motors common stock.

*/s/ John Lauve*

John Lauve
In pro per 200 N. Saginaw, Holly MI 48442 (313) 492-0579        June 17, 2009

## AFFIDAVIT

This filing is done conventionally in pro per.

Because of the short response time, I am

unable to comply.

All objection documents are being mailed overnight to the court and

seven listed parties, (a) through (h).

*[signature]*

John Lauve
In pro per
200 N. Saginaw, Holly MI 48442
(313) 492-0579

June 17, 2009