James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500

Attorneys for Magna International, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                        :   Chapter 11
In re:                                                              :
                                                                        :   Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,              :
                                                                        :   (Jointly Administered)
                                Debtors.                       :
---------------------------------------------------------------x

**MAGNA INTERNATIONAL, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § § 105, 363(B), (F), (K) AND (M), AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Magna International, Inc., on behalf of itself and its subsidiaries, affiliates and related entities (collectively, "Magna"), through its attorneys, Dickinson Wright PLLC, states as follows for its Limited Objection:

1.      On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims,*

1

*Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. The secured website continues to be updated but provided, as of June 18, 2009, that Debtors intended to assume its executory contracts with Magna (the "Executory Contracts") and tender a cure amount of $96,575,871.68 (the "Debtors' Cure Amount").

6.    The Debtors have granted Magna an extension until June 19, 2009 to file an objection to the Cure Notice or the Debtors' Cure Amount and granted a further limited extension on June 19, 2009 until June 22, 2009

7.    Magna does not object to the assumption of the Executory Contracts, but believes that there may be a discrepancy between the Debtors' Cure Amount and what Magna believes is the proper cure amount.  In addition, Magna believes that there may be tooling or other commercial claims unaccounted for in the Debtors' Cure Amount.

8.    Magna is confident that GM is acting in good faith and that any such discrepancies can be resolved through discussions and negotiations.

9.    Accordingly, Magna is filing the present objection solely to preserve its right to continue discussions with the Debtors regarding the proper cure amount.  Magna fully expects that it will resolve these discussions with the Debtors amicably.

**WHEREFORE** Magna respectfully requests that this Court delay any decision regarding the assumption or assignment of the Executory Contracts until Magna and the Debtors complete negotiations and arrive at a mutually satisfactory cure amount.

>Respectfully submitted,
>
>DICKINSON WRIGHT PLLC
>
>By: /s/   James A. Plemmons
>James A. Plemmons (*pro hac vice*)
>Michael C. Hammer (*pro hac vice*)
>500 Woodward Ave., Suite 4000
>Detroit, MI 48226
>Tel: (313) 223-3500
>Email: jplemmons@dickinsonwright.com
>Email: mhammer@dickinsonwright.com
>Attorneys for Magna International, Inc.

Dated: June 22, 2009