Merritt A. Pardini
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone:  (212) 940-8800
Facsimile:  (212) 894-5742

-and-

Jeffrey A. Chadwick
Joshua A. Gad-Harf
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for WhereNet Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
**In re**                                                    :          **Chapter 11 Case No.**
: 
**GENERAL MOTORS CORP.**, *et al.*,                 :          **09-50026 (REG)**
: 
                                     **Debtors.**      :          **(Jointly Administered)**
: 
: 
-------------------------------------------------------------------x

**OBJECTION OF WHERENET CORP. TO NOTICE OF**
**(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL**
**PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL**
<u>**REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**</u>

WhereNet Corp. ("WhereNet"), by and through its undersigned counsel, hereby files this

objection ("Objection") to the above-captioned chapter 11 debtors' ("Debtors") proposed

assumption of certain executory contracts by and between WhereNet and Debtors and

assignment thereof to Vehicle Acquisition Holdings LLC or any other purchaser of Debtors'

assets ("Purchaser") and the cure costs related thereto.  In support of its Objection, WhereNet respectfully represents as follows:

**<u>Background</u>**

1.      On June 1, 2009 ("Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.      On June 2, 2009, this Court entered an order [Docket No. 274] approving certain bidding procedures ("Procedures") pursuant to which Debtors are required to comply with in order to assume and assign certain executory contracts in connection with Debtors' contemplated sale of substantially all of their assets to Purchaser.  The Procedures require Debtors to designate the executory contracts they intend to assume and assign to Purchaser and list the amounts that must be paid to cure all existing defaults under such contracts.

3.      Prior to the Petition Date, WhereNet sold hardware for wireless inventory management systems to Debtor General Motors ("GM") and certain GM affiliates and provided maintenance, support, implementation and installation of those systems.  This relationship arose pursuant to (i) that certain Hardware Agreement dated on or about September 21, 2005 ("Hardware Agreement") and (ii) that certain Service Contract for Information Technology and Related Services dated on or about September 22, 2005 ("Service Contract," and together with the Hardware Agreement, as each may have been amended, restated, supplemented or modified, "Master Agreements") by and between WhereNet and GM, whereby WhereNet agreed to provide the products and services to GM and certain GM affiliates.

4.      Pursuant to and in accordance with the Master Agreements, GM or its affiliates submit purchase orders ("Purchase Orders") to WhereNet.  Thereafter, WhereNet fills the Purchase Orders by delivering the products and/or services to the proper GM entity.

2

5.      On June 9, 2009, WhereNet received the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential real Property and (II) Cure Amounts Related Thereto* ("Cure Notice"), which indicated that Debtors propose to assume and assign certain of Debtors' agreements with WhereNet.

6.      On June 15, 2009, upon WhereNet's request, counsel for Debtors agreed to extend WhereNet's objection deadline respecting the Cure Notice through June 22, 2009.

## Objection

7.      By its Objection, WhereNet (a) contests Debtors' apparent, but erroneous, construction of each Purchase Order as a separate, assumable executory contract; (b) submits that, in order for Debtors to assume and then assign any of the Purchase Orders, Debtors must actually assume and assign the underlying Master Agreements (from which each of the Purchase Orders emanate) *cum onere*; (c) objects to the Proposed Cure Amount as it fails to address all cure amounts arising under the Master Agreements; and (d) reserves all of its rights with respect to additional objections.

8.      Pursuant to the Cure Notice, WhereNet was directed to the Contract Notices Website to determine which purported agreements Debtors intend to assume and assign to Purchaser and the corresponding proposed cure amount for each such purported agreement. According to such website, Debtors plan on assuming and assigning sixteen (16) purported WhereNet agreements.  Debtors' proposed aggregate cure amount relating to those purported agreements, as of the date of this Objection, is only $87,521.50 ("Proposed Cure Cost").

9.      Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the

3

trustee will promptly cure" any default under the contract.  11 U.S.C. § 365(b)(1)(A).  Congress'

intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an

executory contract was "to ensure that contracting parties receive the full benefit of their bargain

if they are forced to continue performance."  *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d

Cir. 1996) (quoting *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1174 (7th Cir. 1996)).

Resolution of claims of default arising under an assumed contract seeks to restore the debtor-

creditors relationship to pre-default conditions, thereby bringing the contract back into

compliance with its terms.  *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008).

10.     Among the purported WhereNet agreements listed on the Website that Debtors

intend to assume is that certain License Agreement dated on or about May 5, 2003 and that

certain Software License Agreement dated on or about October 19, 2004.

11.     The Website also lists fourteen (14) additional purported WhereNet agreements

Debtors intend to assume and assign to Purchaser.  However, based on the "GM Contract ID"

listed on the Website, WhereNet believes that these are mere Purchase Orders that emanate from

the Master Agreements.

12.     WhereNet submits that any Purchase Order that Debtors may propose to assume

and assign are part of those fully integrated Master Agreements.[1]  Therefore, Debtors may not

assume individual Purchase Orders without assuming the Master Agreements, *cum onere*, and

curing all defaults associated with those Master Agreements (including each Purchase Order

thereunder).  *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984) (stating that

"[s]hould the debtor-in-possession elect to assume the executory contract, however, it assumes

---

[1]     For example, Section 6.20 of the Hardware Agreement provides that the Hardware Agreement "constitutes
the entire and exclusive statement of the agreement between the parties with respect to its subject
matter…All exhibits, documents, and schedules referenced in this Agreement or attached to this
Agreement, and each Purchase Order are an integral part of this Agreement."

the contract *cum onere…*").

13.     As of the date hereof, WhereNet's records indicate that the aggregate amount due and owing to WhereNet for products sold and services provided at various locations under the Master Agreements is $183,378.05 ("Actual Cure Costs"), leaving a Proposed Cure Cost shortfall of at least $95,856.55 ("Balance").

14.     WhereNet is prepared to share with Debtors information about, and invoices supporting, the Actual Cure Costs and the Balance and to meet and confer with Debtors to reconcile the difference between the Proposed Cure Cost and the Actual Cure Costs. WhereNet requests that counsel for Debtors promptly contact the undersigned counsel for WhereNet to initiate this reconciliation process.

## **Reservation of Rights**

15.     WhereNet reserves the right to (a) amend, supplement, or otherwise modify this Objection and (b) raise such other and further objections as may be determined by further investigation by WhereNet including, but not limited to, ensuring that Debtors provide adequate assurance of future performance under the WhereNet agreements pursuant to 11 U.S.C. § 365(b)(1)(C). Further, since this Objection is filed with respect to the proposed assumption and assignment of the WhereNet agreements and the amount of the Proposed Cure Cost as set forth only in the Cure Notice, WhereNet reserves the right to file additional objections to the extent that any supplemental or revised notices, including without limitation notices advising WhereNet of additional Purchase Orders arising under the Master Agreements, are served on WhereNet.

## **Conclusion**

WHEREFORE, WhereNet Corp. respectfully requests this Court grant the relief requested in this Objection and such other or further relief as is just and proper.

5

Respectfully submitted,

Dated:  June 22, 2009         KATTEN MUCHIN ROSENMAN LLP

By:＿＿＿/s/ Merritt A. Pardini＿＿＿＿＿
Merritt A. Pardini
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile:  (212) 940-8776

-and-

Jeffrey A. Chadwick
Joshua A. Gad-Harf
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for WhereNet Corp.*

Merritt A. Pardini
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone:  (212) 940-8800
Facsimile:  (212) 894-5742

-and-

Jeffrey A. Chadwick
Joshua A. Gad-Harf
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for WhereNet Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :        **Chapter 11 Case No.**
                                                                 :
**GENERAL MOTORS CORP.,** *et al.,*                              :        **09-50026 (REG)**
                                                                 :
                                        **Debtors.**             :        **(Jointly Administered)**
                                                                 :
                                                                 :
-----------------------------------------------------------------x

### CERTIFICATE OF SERVICE

I, Merritt Pardini, an attorney, hereby certify that on June 22, 2009, I caused copies of the attached **Objection of WhereNet Corp. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential real Property and (II) Cure Amounts Related Thereto** to be served via electronic notice on the parties filing appearances or requesting notice through the Court's CM/ECF system and I have caused those parties listed below to be served by the alternative methods indicated below:

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn:  Warren Command Center,
Mailcode 480-206-114
VIA OVERNIGHT MAIL

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
VIA FACSIMILE
(212) 310-8007

Matthew Feldman, Esq.
The U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
VIA OVERNIGHT MAIL

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
VIA FACSIMILE
(212) 504-6666

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
VIA FACSIMILE
(212) 407-7799

Diana G. Adams, Esq.
Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
VIA FACSIMILE
(212) 668-2255

Thomas Moers Mayer, Esq.
Kenneth H. Eckstein, Esq.
Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
VIA FACSIMILE
(212) 715-8000

Dated:  June 22, 2009

KATTEN MUCHIN ROSENMAN LLP

By:____/s/ Merritt A. Pardini_____
Merritt A. Pardini
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile:  (212) 940-8776

-and-

Jeffrey A. Chadwick

2

Joshua A. Gad-Harf
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for WhereNet Corp.*