Angela Z. Miller, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York 10022
Tel. 212-759-4888
Fax. 212-308-9079

-and-

3400 HSBC Center
Buffalo, New York 14203
Tel. 716-847-8400
Fax. 716-852-6100

Attorneys for Toro Energy of Indiana, LLC
and Toro Energy of Michigan, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

| | |
|---|---|
| In re | Chapter 11 |
| General Motors Corp., et al., | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |

―――――――――――――――――――――――

**LIMITED OBJECTION OF TORO ENERGY OF INDIANA, LLC
AND TORO ENERGY OF MICHIGAN, LLC
TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES
OF PERSONAL PROPERTY AND UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE AMOUNTS RELATED THERETO</u>**

Toro Energy of Indiana, LLC ("Toro Indiana") and Toro Energy of Michigan, LLC

("Toro Michigan") (collectively, "Toro Energy"), by their undersigned counsel, hereby object on

a limited basis ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain

Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of

Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009

("Notice"). Toro Energy objects to the Notice because it does not accurately state the Cure Amount[1] due to Toro Energy and it is vague as to which Toro Energy contract(s) are being assumed. In further support of its Objection, Toro Energy respectfully states as follows:

**Background**

1.  On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.  On June 1, 2009, the Debtors also filed a motion seeking an order approving bidding procedures to sell substantially all of its assets, which included a procedure for the Debtors' assumption and assignment of executory contracts (Docket No. 92) ("Procedures Motion").

3.  On June 2, 2009, the Court granted the Procedures Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC ("VAH") or the ultimate purchaser of the Debtors' assets (Docket No. 274) ("Procedures Order"), which provided for sending a notice advising a contract counterparty that it is party to an Assumable Executory Contract and the Cure Amount related thereto.

**The Toro Energy Contracts**

4.  Toro Michigan and Debtor, General Motors Corp. ("GM"), are parties to a Landfill Gas Purchase Contract dated February 19, 1997, as amended ("Michigan Contract"). Pursuant to the Michigan Contract, Toro Michigan provides GM landfill gas to be used in the operation of its Lake Orion assembly plan.

5.  Toro Indiana and GM are parties to a Landfill Gas Purchase Contract dated May 29, 2001, as amended ("Indiana Contract"). Pursuant to the Indiana Contract, Toro

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Notice.

Indiana provides GM landfill gas to be used in the operation of its Fort Wayne Truck Assembly Plant.  The Michigan Contract and the Indiana Contract are collectively referred to herein as the "Toro Contracts", copies of which are available upon request.

### The Notice

6. On June 16, 2009, Toro Energy received the Notice dated June 5, 2009 provided for in the Procedures Order.  Pursuant to the Notice, parties have ten days from the date of the Notice to object to the assumption and assignment of any Assumable Executory Contract or to the Cure Amount proposed to be paid with respect thereto.

7. The Notice was mailed to Greenville Avenue, Suite 1022, Dallas, Texas 75206, an old address of Toro Energy which has not been used since 2003.

8. The correct address for both Toro Indiana and Toro Michigan is 6363 Main Street, Williamsville, New York 14221, which is the Toro Energy address both parties have used for all business correspondence since 2003.

9. Attached to the Notice is a user identification number and password to be used by Toro Energy on the specified website ("Web Site") to view which contract has been designated an Assumable Executory Contract by the Debtors and the proposed Cure Amount with respect to such contract.

10. The Web Site is essentially blank, does not list which Toro Contract(s) are being assumed or what the Cure Amount is with respect thereto.

11. Toro Energy asserts it is owed $10,606.40 in Cure Amount with respect to the Michigan Contract and $198,167.22 in Cure Amount with respect to the Indiana Contract.  Detail substantiating Toro Energy's Cure Amount claims are attached as **Exhibit A** and **Exhibit B** respectively.

**Objections**

12. Toro Energy objects to the Notice on the following grounds:

    A. The Toro Contracts cannot be assumed without concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the Bankruptcy Code requires a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." In re Stoltz, 315 F.3d 80, 86 (2nd Cir. 2002). The pre-petition Cure Amount alleged by the Debtors to be owed to Toro Energy pursuant to the Toro Contracts is unstated and thus understated by $208,773.62 in total.

    B. The Toro Contracts cannot be assumed or assigned without an adequate showing of future performance. 11 U.S.C. § 365(b)(1); In re Luce Industries, Inc., 14 B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without assurance by debtor that arrearages would be paid and that debtor could perform). Although adequate assurance of future performance may have been established in the Procedures Motion and other pleadings filed in this case as it relates to VAH, the proposed assignee may not yet even be known, much less is its ability to perform established.

13. Toro Energy reserves its right to amend this Objection to include any additional facts as may be determined by its further investigation of the Notice and Toro Contracts.

14. Any reply to this Objection should be served upon Phillips Lytle LLP, 3400 HSBC Center, Buffalo, New York 14203, Attn: Angela Z. Miller, Esq.

**Memorandum of Law**

15. Because the legal points and authorities upon which Toro Energy relies for purposes of this Objection are incorporated into the Objection, Toro Energy respectfully requests

that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

## **Reservation of Rights**

16.     Toro Energy reserves the right (a) to amend, supplement, or otherwise modify this Objection and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further objections to any proposed assumption and assignment, and/or the Cure Amount with respect to the proposed assumption and assignment of the Toro Contracts.

## **Conclusion**

WHEREFORE, Toro Energy respectfully requests that the Court enter an Order (a) sustaining this Objection in its entirety and overruling the Notice to the extent it requests relief inconsistent with this Objection, and (b) providing Toro Energy with such other and further relief as is appropriate.

Dated:  June 22, 2009
       Buffalo, New York

                PHILLIPS LYTLE LLP

                By      /s/ Angela Z. Miller
                       Angela Z. Miller
                       Allan L. Hill
                Attorneys for Toro Energy of Indiana, LLC
                and Toro Energy of Michigan, LLC
                Suite 3400
                One HSBC Center
                Buffalo, New York  14203-2887
                Telephone No. (716) 847-8400
                  and
                437 Madison Avenue, 34th Floor
                New York, New York   10022
                Tel. 212-759-4888

Doc # 01-2301905.2