John E. Jureller, Jr., Esq.
Klestadt & Winters, LLP
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000
Fax:  (212)972-2245
E-Mail:  jjureller@Klestadt.com
Counsel for Leggett & Platt, Incorporated


## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, et al., | : | |
| | : | Chapter 11 |
| Debtors. | : | |
| | : | Jointly Administered |

### OBJECTION OF LEGGETT AND PLATT, INCORPORATED
### TO PROPOSED CURE AMOUNT

COMES NOW Leggett and Platt, Incorporated ("LP"), by and through its counsel, and for its objection to the cure amount proposed by General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") in connection with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated June 5, 2009 (the "Cure Notice"), respectfully states as follows:

### Background

1.      On June 1, 2009 (the "Petition Date"), the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1547343.01\051022.01280

2.      On June 1, 2009, the Debtors filed a Motion Pursuant to 11 USC. §§.105, 363(b), (f), (k), and (m), and 365 and Fed R Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a US. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Other Relief, AND (II) Schedule Sale Approval Hearing (Docket No 92) (the "Sale Motion").  In the Sale Motion, the Debtors seek authority, among other things, to assume and assign certain executory contracts as part of the sale of substantially all of their assets to Vehicle Acquisition Holdings LLC, a U.S. Treasury sponsored purchaser (the "Purchaser") pursuant to a Master Sale and Purchase Agreement, dated as of June 1, 2009, by and among the Debtors and the Purchaser (the "MPA").

3.      On June 2, 2009, the Court entered the Order Pursuant to 11 U S.C.. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date, (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Docket No. 274) (the "Sale Procedures Order").

4.      Pursuant to the Sale Procedures Order, the Debtors are to maintain a schedule of executory contracts and leases that the Purchaser has designated for assumption and assignment (the "Assumable Executory Contracts"), and the corresponding amounts necessary to cure defaults under the Assumable Executory Contracts as of the Petition Date (the "Cure Amounts") Sale Procedures Order at ¶10.

5.      The Sale Procedures Order provides, that in addition to the schedule, the Debtors:

shall maintain a secure website (the "Contract Website") that the non-Debtor counterparty to an Assumable Executory Contract can access to find current information about the status of its respective Executory Contract or Lease. The Contract Website contains, for each Assumable Executory Contract, (i) an identification of each Assumable Executory Contract that the Purchaser has designated for assumption and assignment and (ii) the Cure Amounts that must be paid to cure any prepetition defaults under such respective Assumable Executory Contract as of the Commencement Date.    The information on the Contract Website shall be made available to the non-Debtor counterparty to the Assumable Executory Contract (the "Non-Debtor Counterparty"), but shall not otherwise be publicly available.

Id.

6.    The Sale Procedures Order further provides, in pertinent part:

Following the designation of an Executory Contract or Lease as an Assumable Executory Contract, the Debtors shall provide notice (the "Assumption and Assignment Notice") to the Non-Debtor Counterparty to the Assumable Executory Contract, substantially in the form annexed hereto as Exhibit "D," setting forth (i) instructions for accessing the information on the Contract Website relating to such Non-Debtor Counterparty's Assumable Executory Contract and (ii) the procedures for objecting to the proposed assumption and assignment of the Assumable Executory Contract.

Id.

7.    The Sale Procedures Order further provides, in pertinent part:

Objections, if any, to the proposed assumption and assignment of the Assumable Executory Contracts (the "Contract Objections") must be made in writing, filed with the Court, and served on the Objection Deadline Parties (as defined below) so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice (the "Contract Objection Deadline") and must specifically identify in the objection the grounds therefor. If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then…To resolve the Cure Objection, the Debtors, the Purchaser, and the objecting Non- Debtor Counterparty may meet and confer in good faith to attempt to resolve any such objection without Court intervention…If the Debtors determine that the Cure Objection cannot be resolved without judicial intervention, then the Cure Amount will be determined….by the Court at the discretion of the Debtors either at the Sale Hearing or such other date as determined by the Court.

Id.

8.      Finally, the Sale Procedures Order also provides, in pertinent part:

Unless a Contract Objection is filed and served before the Contract Objection Deadline, the Non-Debtor Counterparty shall be deemed to have consented to the assumption and assignment of its respective Assumable Executory Contract and the respective Cure Amount and shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Sellers, their estates, or the Purchaser.

Id.

9.      LP did not receive the Sales Procedures Order or the Cure Notice until June 15, 2009.

10.     LP's counsel did not learn of the Assumption and Assignment Notice until after June 16, 2009.

11.     Counsel for Debtors agreed to an extension through June 22, 2009 for LP to file an objection to the proposed Cure Amount.

12.     Although initial discussions between LP and Debtors have commenced, there has been insufficient time to complete such discussions to permit the parties to achieve a resolution. Thus, LP must file this Contract Objection to preserve its rights because at the current time, the proposed Cure Amount does not appear to fully and finally compensate LP and cure all defaults under the applicable Agreements and, as a result, the Debtors have failed to show that the proposed Cure Amounts comport with §365(b) of the Bankruptcy Code.

**LP's Objection to the Cure Amount**

13.     LP maintains 245 contracts with the GM Companies which are to be assumed and assigned under the Sales Motion ("LP Assumed Contracts"). LP can be identified by the Debtors through LP's Vender Master ID Number:  007140064.

4

14.    The Cure Amount proposed by the Debtors on the Contract Website, in connection with the assumption and assignment of the LP Assumed Contracts is incorrectly stated at $243,874.97.

15.    The total amount due and owing, and which remains unpaid to LP under the LP Assumed Contracts is the aggregate amount of no less than $326,843.43 (the "Correct Cure Amount").   The invoices evidencing the Correct Cure Amount are voluminous and will be provided to the Debtors upon request.  A summary of the LP invoices which are not included by GM as part of the Cure Amount but should be listed in the Correct Cure Amounts is attached hereto as <u>Exhibit A</u>.  These additional LP invoices total $82,973.46, making the Correct Cure Amount $326,848.43

16.    Specifically, the Correct Cure Amount represents the total amount due and owing to LP under and pursuant to the 245 LP Assumed Contracts and require that the Purchaser pay LP the correct Cure Amount of $326,848.43 which is $82,973.46 higher than the GM proposed Cure Amount.

17.    LP objects to the assumption and assignment of the LP Assumed Contracts unless LP receives the Correct Cure Amount in accordance with the Sale Procedures Order and as required by §365(b) of the Bankruptcy Code.  The Cure Amount for the assumption and assignment of the LP Assumed Contracts should be corrected and changed to reflect the Correct Cure Amount.

18.    In addition, LP has continued to perform under the LP Assumed Contracts. Accordingly, additional amounts have and will continue to accrue under the LP Assumed Contracts and be payable to LP in consideration for the services provided to the Debtors from the Petition Date through the date of assumption and assignment to the Purchaser.  Thus, to the

5

extent, if any, Debtors fail to pay such post-petition amounts in the ordinary course of business, LP reserves the right to assert additional cure amounts against the Debtors, their estates or the Purchaser as a condition to the assumption and assignment of the LP Assumed Contracts.

19.    In accordance with the Sale Procedures Order, LP is willing to meet and confirm with the Debtors and with the Purchaser, in good faith, to seek and resolve this objection to the Proposed Cure Amount under the LP Assumed Contracts.

## **RESERVATION OF RIGHTS**

20.    LP hereby reserves all of its rights and available remedies under applicable law, including, without limitation, its right to amend this Contract Objection to include any additional facts as may be determined by further investigation of the Assumed Executory Contracts. Further, in the absence of full and complete cure of all obligations (pre-petition and post-petition) arising under all applicable agreements between LP and the Debtors, LP reserves any and all rights to assert any claim in the bankruptcy cases of the Debtors, including any claims under §503(b)(9) and 546 of the Bankruptcy Code or under applicable State law.

WHEREFORE, LP respectfully requests that the Court (i) sustain its objection to the Debtors' Proposed Cure Amount under the LP Assumed Contracts as incorrect and inadequate to satisfy the requirements of §365(b)(1) of the Bankruptcy Code; (ii) order that the Purchaser pay the Corrected Cure Amount under the LP Assumed Contracts in the aggregate amount of no less than $326,848.43 upon the Debtors' assumption and assignment to Purchaser of the LP Assumed Contracts; (iii) authorize LP further to amend the Correct Cure Amount under the LP Assumed Contracts to reflect any post-petition defaults, and (iv) grant such other and further relief as the Court deems just and proper.

New York, NY
Date:  June 22, 2009

Respectfully submitted,

KLESTADT & WINTERS, LLP

By:___/s/ John E. Jureller, Jr._____
        John E. Jureller, Jr., Esq.

292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000
Fax:  (212)972-2245
E-Mail:  jjureller@Klestadt.com

LEWIS, RICE & FINGERSH, L.C.
Joseph J. Trad, Esq.
Larry E. Parres, Esq.
500 North Broadway, Suite 2000
St. Louis, MO 63102
Phone:  314-444-7600
Fax:  314-612-7660
E-Mail:  jtrad@lewisrice.com
              lparres@lewisrice.com

Counsel for Leggett & Platt, Incorporated

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 22, 2009, a true and copy of the foregoing was faxed and mailed via first-class mail, postage prepaid, to the following parties in addition to all parties receiving CM/ECF Notice:

| | |
|---|---|
| General Motors Corporation<br>Attn:  Warren Command Center<br>Mailcode 480-206-114<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025<br>Fax No. 586-578-3505 | Vedder Price, P.C.<br>Attorneys for Export Development Canada<br>Attn:  Michael J. Edelman<br>        Michael L. Schein<br>1633 Broadway, 47th Floor<br>New York, NY 10019<br>Fax No. 212-407-7799 |
| Weil, Gotshal & Manges LLP<br>Attorneys for the Debtors<br>Attn:  Harvey R. Miller<br>        Stephen Karotkin<br>        Joseph Smolinsky<br>767 Fifth Avenue<br>New York, NY 10153<br>Fax No. 212-310-8007 | Kramer Levin Naftalis & Frankel LLP<br>Attn:  Gordon Z. Novod<br>        Thomas Moers Mayer<br>Attorneys for Official Unsecured Creditors Committee<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Fax No. 212-715-8000 |
| U.S. Treasury<br>Attn:  Matthew Feldman, Esq.<br>1500 Pennsylvania Avenue NW, Room 2312<br>Washington, D.C. 20220<br>Fax No. 202-622-6415 | Office of the United States Trustee<br>Attn:  Diana G. Adams, Esq.<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Fax No. 212-668-2255 |
| Caldwalader, Wickersham & Taft<br>Attorneys for Purchaser<br>Attn: John J. Rapisardi<br>One World Financial Center<br>New York, NY 10281<br>Fax No. 212-504-6666 | Kimberly A. Yourchock, Esq.<br>Abby Michalsky, Esq.<br>Honigman Miller Schwarts and Cohn<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226-3506<br>Fax No. 313-465-7671 |

/s/ Larry E. Parres