Hearing Date and Time: June 30, 2009<br>
Objection Deadline: June 22, 2009

FULBRIGHT & JAWORSKI
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

*Attorneys for Bell Atlantic*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION OF BELL ATLANTIC TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (1) APPROVE (A) THE SALE PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) <u>OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING</u>**

Bell Atlantic by and through its undersigned counsel, hereby files this Objection to the Debtors' Motion Pursuant to 11 U.S.C. 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (1) Approve (a) the Sale Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (ii) Schedule Sale Approval Hearing (the "Motion"). In support of this Objection, Bell Atlantic respectfully states as follows:

**Procedural Background**

1.  Bell Atlantic is a Lessor of a Lease on, among other things, a warehouse in Flint, Michigan, in which one of the Debtors is a Lessee.

2.  On June 1, 2009 (the "Petition Date"), General Motors Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code").

3.  On June 1, 2009, the Debtors filed a motion [Docket No. 92] seeking the entry of an order, *inter alia*, establishing certain bidding procedures (the "Bidding Procedures") authorizing the Debtors to sell substantially all of their assets to a purchaser ("Purchaser") of substantially all of Debtors' assets and to assume and assign certain executory contracts to the Purchaser in connection with the sale. An order approving the bidding procedures was entered on June 2, 2009.

4.  The Motion provides that Debtors will designate "Assumable Executory Contracts" which they intend to assume and assign to the Purchaser (the "Contracts"). The Contracts include non-residential real property and personal property leases and thus potentially include the Leases .

5.  Bell Atlantic objects to manner of the proposed assumption and assignment of Contracts to the Purchaser, which does not comply with Section 365 of the Bankruptcy Code. For instance, the Debtor proposes that the Contracts will be transferred to the Purchaser as the closing of the sale, and the Debtor will be immediately relieved of any liability under the Contracts thereafter. However, the Purchaser will not automatically or immediately assume obligations under the Contracts, but will have 30 days after closing to

2

opt to assume or reject a Contract. If the Purchaser elects to assume a Contract, it would have an unspecified time period to cure defaults and other amounts coming due under a Contracts.

6. Under the proposed sale, a Contract could also be "recharacterized" as a secured financing and the leased property treated as a Purchased Asset as defined in the Master Sale and Purchase Contract. Bell Atlantic objects to these provisions as neither the Debtor nor the Purchaser have any right to treat the Leases as a secured financing or otherwise attempt to avoid the Leases terms or the application of Section 365 to the Leases. The leased property is owned by Bell Atlantic, is not property of the estate under Section 541(a) of the Bankruptcy Code, and thus cannot be sold by the Debtor under Section 363 of the Bankruptcy Code.

7. The Debtors has not yet notified the Trustee whether it intends to assume and assign, or reject, the Leases.

8. Furthermore, Bell Atlantic has been unable to determine, despite inquiries to published helplines, if the Debtors' have categorized the Leases as Assumable Executory Contracts.

9. Section 365 sets forth several conditions for assumption of lease or contract, including cure of defaults, and adequate assurance of future performance. Because the Debtor is attempting to assign Contracts without actually committing to assume them, there can be no adequate assurance of anything, much less future performance. Section 365 also requires a prompt, if not immediate, cure. The time period for cure is indeterminate. Since the Debtor cannot state when the cure will occur, if it occurs at all, the there is no assurance that it will be prompt.

3

10. Bell Atlantic objects generally to the sale motion to the extent it departs from the strict requirements of the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the requirement of Bankruptcy Code Section 363 and 365.

11. Finally, Bell Atlantic objects to the extent that the Purchaser is obtaining possession of the warehouse in Flint, Michigan subject to the Lease without first providing adequate protection to Bell Atlantic.

12. Bell Atlantic reserves the right to (a) amend, supplement, or otherwise modify this Objection and (b) raise such other and further objections as may be advisable based upon further investigation.

## Conclusion

WHEREFORE, Bell Atlantic respectfully requests this Court grant the relief requested in this Objection and such other or further relief as is just and proper.

Respectfully submitted,

Dated: June 22, 2009

FULBRIGHT & JAWORSKI L.L.P.

By: __/s/ David A. Rosenzweig_____
David A. Rosenzweig (DR–5742)
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

and

DC01/ 2242317.1

Louis R. Strubeck, Jr.
Texas State Bar No. 19425600
Elizabeth Boydston
Texas State Bar No. 24053684
2200 Ross Avenue, Ste. 2800
Dallas, TX  75201
(214) 855-8000

DC01/ 2242317.1

FULBRIGHT & JAWORSKI
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

*Attorneys for Bell Atlantic*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> GENERAL MOTORS CORP., *et al.,* <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-50026 (REG) <br><br> (Jointly Administered) |

### CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2009, I caused to be electronically served using the **ECF system** which will send notification of the filing of the **OBJECTION OF BELL ATLANTIC TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (1) APPROVE (A) THE SALE PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) <u>OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING</u>**

and I caused the same to be served by **U.S. First Class mail** on the following parties:

| | |
|---|---|
| General Motors Corporation <br> Attn: Warren Command Center, <br> Mailcode 480-206-114 <br> Cadillac Building <br> 30009 Van Dyke Avenue <br> Warren, Michigan 48090-9025 | Harvey R. Miller <br> Stephen Karotkin <br> Joseph H. Smolinsky <br> Weil, Gotchal & Manges LLP <br> 767 Fifth Avenue <br> New York, New York 10153 |
| Matthew Feldman <br> The U.S. Treasury <br> 1500 Pennsylvania Avenue NW, Room 2312 <br> Washington, D.C. 20220 | John J. Rapisardi <br> Cadwalader, Wickersham & Taft LLP <br><br> One World Financial Center <br> New York, New York 10281 |

75785699.1        - 6 -

| Michael J. Edelman<br>Michael L. Schein<br>Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, New York 10019 | Diana G. Adams<br>Office of the United States Trustee<br>For the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |
|---|---|

Dated: June 22, 2009

                                            FULBRIGHT & JAWORSKI L.L.P.

                                            By: _/s/ David A. Rosenzweig_____
                                            David A. Rosenzweig (DR–5742)
                                            666 Fifth Avenue
                                            New York, New York 10103
                                            (212) 318-3000

                                            Louis R. Strubeck, Jr.
                                            Texas State Bar No. 19425600
                                            Elizabeth Boydston
                                            Texas State Bar No. 24053684
                                            2200 Ross Avenue, Ste. 2800
                                            Dallas, TX  75201
                                            (214) 855-8000