Davidoff Malito & Hutcher LLP
605 Third Avenue, 34th Floor
New York, NY 10158
(212) 557-7200
David Wander, Esq. (dhw@dmlegal.com)

      and

Moore & Van Allen PLLC
40 Calhoun Street, Suite 300
Post Office Box 22828
Charleston, SC  29413-2828
(843) 579-7023
Cynthia Jordan Lowery (cynthialowery@mvalaw.com)

*Attorneys for Hagemeyer, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **GENERAL MOTORS CORP.,** *et al.*, | ) | **Case No. 09-50026 (REG)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |

_____

**LIMITED OBJECTION OF HAGEMEYER, N.A. TO NOTICE OF**
**(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY**
**CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
<u>**(II) CURE AMOUNTS RELATED THERETO**</u>

      Hagemeyer, N.A. America and certain of its affiliates (collectively "Hagemeyer") submits this limited objection (the "Objection") to the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto (the "Cure Notice") and respectfully states as follows:

      1.      Hagemeyer is a party to various pre-petition contracts with the Debtor that are, upon information and belief, executory contracts (the "Contracts").  According to Hagemeyer's books and records, the Debtors owe Hagemeyer $ 3,116,863.23 (the "Cure Amount") as of the commencement of the Debtors' chapter 11 cases.  A spreadsheet

evidencing the Cure Amount is attached hereto as <u>Exhibit A</u>.

2. On June 1, 2009, the Debtors file a Motion Pursuant to §§ 105, 363(b), (f), (i) and (m), and 365 of the Bankruptcy Code to Approve the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Assumption Motion").

3. Upon information and belief, the Assumption Motion includes the Contracts.

4. On June 2, 2009, the Court entered an order relating to the Assumption Motion, *inter alia*, establishing certain procedures for the Debtors to give affected parties notice that the Debtor intended to assume their executory contracts and/or unexpired leases, as well as the amounts the Debtors believed were required to "cure" defaults under those contracts and leases, as required by § 365(b) of the Bankruptcy Code (the "Cure Procedures"). On June 5, 2009, in accordance with the Cure Procedures, the Debtors filed a Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto (the "Cure Notice").

5. However, Hagemeyer never received the Cure Notice. After contacting General Motors Corp.'s help line, Hagemeyer received a user ID and password to enable Hagemeyer to access information in a secure website maintained by the Debtors' (the "Website") relating to the contracts to be assumed and the cure amounts the Debtors believe will satisfy their obligations under § 365(b). Hagemeyer's review of the Website revealed that the Debtors only listed one of the Contracts along with a cure amount of $2,450,566.44 (the "Debtor's Cure Amount").

6. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless it "cures, or provides adequate assurance that the trustee

00391796.2                                2

will promptly cure" any default under the contract. 11 U.S.C. §365(b)(1)(A).  According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia,* (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract . . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was 'to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance.'" In *re Ionosphere Clubs, Inc*., 85 F.3d 992, 999 (2 Cir. 1996) (internal citations omitted.).

7. Hagemeyer does not object, *per se,* to the assumption and assignment of the Contracts to Purchaser.  Hagemeyer does object, however, to the Debtors' Cure Amount because the amount is incorrect and does not reflect all amounts owed under all of the Contracts that the Debtors seek to assume.

8. Since Hagemeyer did not receive the Cure Notice as required by the Cure Procedures, Hagemeyer asserts that there should be no issue about the timeliness of this Objection.

9. Hagemeyer will supplement this Objection with additional supporting documentation upon the Debtors' request.

10. Hagemeyer also reserves its rights to amend the Cure Amount insofar as any postpetition performance by Hagemeyer may give rise to additional amounts owed under the Contracts.

11. Notwithstanding the foregoing, Hagemeyer further reserves its rights, in the event that the Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

12. Hagemeyer further objects to the adequacy and the accuracy of the information on the Website insofar as there may be other Contracts that may or will be assumed and

00391796.2                                  3

assigned but which have not been included on the Website or in any Cure Notice.

Dated: June 22, 2009
     New York, NY

                DAVIDOFF MALITO & HUTCHER LLP

                By: /s/ David Wander
                     David Wander, Esq.
                605 Third Avenue, 34th Floor
                New York, NY 10158
                (212) 557-7200
                dhw@dmlegal.com

                and

                MOORE & VAN ALLEN PLLC
                40 Calhoun Street, Suite 300
                Post Office Box 22828
                Charleston, SC  29413-2828
                (843) 579-7000
                (843) 579-8714 facsimile
                Cynthia Jordan Lowery
                cynthialowery@mvalaw.com

                *Attorneys for Hagemeyer, N.A.*