CARSON FISCHER, P.L.C.
Counsel for Cobasys LLC
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                              :
In re:                                                        :      Chapter 11
                                                              :      Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,   :      (Jointly Administered)
                                                              :
            Debtors.                                    :
---------------------------------------------------------------x

### COBASYS LLC'S LIMITED OBJECTION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND/OR UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, AND (II) CURE COSTS RELATED THERETO

**Cobasys LLC** ("**Cobasys**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its limited objection ("Objection") to the Debtors' proposed assumption and assignment of certain alleged executory contracts with Cobasys, as follows:

### INTRODUCTION

1.      On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3. On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the "**Sale Motion**") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4. On June 2, 2009, the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the "**Sale Procedures Order**").

5. With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the "**Assignment Notice**").

6. Each Assignment Notice is to set forth instructions for accessing information from a contract website (the "**Contract Website**") containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7. Upon information and belief, the Debtors have not served Cobasys with any Assignment Notice(s). Moreover, upon information and belief, if the Debtors have purportedly served any such Assignment Notice(s), the same were not served pursuant

to the express notice requirements of the relevant Settlement Agreement (hereinafter defined) between the parties.

8. On June 22, 2009, Debtors' counsel, Honigman, Miller, Schwartz and Cohn, provided Cobasys's counsel with instructions for accessing information from the Contract Website relative to Cobasys.

9. Based on a review of the Contract Website, it appears that the Debtors are seeking to assume and assign 56 separate purported executory contracts which are alleged to exist between the Debtors and Cobasys (the **"Cobasys Contracts"**), and as to which the Debtors propose an aggregate cure amount of $338,950.87 (the **"Proposed Cure Amount"**).

## OBJECTION

10. Based upon the foregoing, Cobasys files this Objection, due to the fact that it appears that an error has been made by the Debtors with respect to the proposed assumption and assignment of the Cobasys Contracts. Specifically, such proposed action appears to be contrary to the express provisions of that certain Settlement Agreement and Mutual Release, dated May 26, 2009, as made and entered into by and between GM, General Motors de Mexico, S. de R.L. de C.V., General Motors of Canada Limited, and Saturn LLC, on the one hand (collectively, the "GM Parties"), and Cobasys and its members, Chevron Technology Ventures LLC and Ovonic Battery Company, Inc., on the other hand (the "Settlement Agreement").

11. In pertinent part, pursuant to the Settlement Agreement, and certain "spot buy" purchase orders issued by GM to Cobasys pursuant to the Settlement Agreement

3

(the "Spot Buy POs"), no future performance was required of Cobasys in favor of any or all of the GM Parties with respect to any agreements other than the Settlement Agreement, the Spot Buy POs, and the Amended Note, the Escrow Agreement and the Security Documents (all as defined in the Settlement Agreement). In fact, pursuant to the express terms of the Settlement Agreement, any and all claims related to any agreements other than the Settlement Agreement, the Spot Buy POs, the Amended Note, the Escrow Agreement and the Security Documents were released by the GM Parties pursuant to the mutual release provisions of the Settlement Agreement.

12. Furthermore, the Settlement Agreement required GM, in the event of the filing of a bankruptcy case by it, to seek approval of the Settlement Agreement as a post-petition contract enforceable in accordance with its terms, as promptly as possible, but in no event later than the final hearing on any motions seeking authority for debtor-in-possession financing and/or use of cash collateral.

13. Based on the limited information available to Cobasys to date, being essentially only the aforementioned information obtained from the Contract Website, (i) it is unclear that the Cobasys Contracts proposed to be assumed and assigned by GM include either the Settlement Agreement or the Spot Buy POs, and (ii) it appears that the Cobasys Contracts proposed to be assumed and assigned by GM (given that 56 contracts are referenced) necessarily includes purported contracts that were expressly released by GM pursuant to the Settlement Agreement and, therefore, no longer constitute executory contracts between Cobasys and GM which may be assumed or

assigned by GM. Cobasys has had inadequate information available to it to make any evaluation as to the Proposed Cure Amount.

14.  Cobasys reserves the right to amend and or supplement this Objection.

WHEREFORE, based upon the foregoing, Cobasys respectfully requests that the Court deny the Debtors' proposed assumption and assignment of the Cobasys Contracts to the extent that such action is, or would be, contrary to the express provisions of the Settlement Agreement, and that the Court grant Cobasys such other and further relief as the Court deems just and proper in the circumstances.

                                              CARSON FISCHER, P.L.C.
                                              *Attorneys for Cobasys LLC*

                                      By: /s/ Patrick J. Kukla
                                          Patrick J. Kukla (P60465)
                                          4111 Andover Road, West-2nd Flr.
                                          Bloomfield Hills, MI 48302
                                          Tele: (248) 644-4840

Dated: June 22, 2009