ROBERT B. WEISS, ESQ. (Mich. Bar. No. P28249)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone No.: (313) 465-7596
Facsimile No.: (313) 465-7597
Email: rweiss@honigman.com

*Proposed Special Counsel to the Debtors and Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| **GENERAL MOTORS CORPORATION**, *et al.*, | Case No. 09-50026 (Jointly Administered) |
| Debtors. | Hon. Robert E. Gerber |

_____/

**SUPPLEMENTAL DECLARATION OF ROBERT B. WEISS
AND DISCLOSURE STATEMENT IN SUPPORT OF THE
APPLICATION UNDER 11 U.S.C. §327(e) TO EMPLOY AND
RETAIN HONIGMAN MILLER SCHWARTZ AND COHN LLP
AS SPECIAL COUNSEL FOR THE DEBTORS,
<u>*NUNC PRO TUNC*, TO THE PETITION DATE</u>**

Robert B. Weiss declares as follows:

1. I am a partner in the law firm of Honigman Miller Schwartz and Cohn LLP (the "**Firm**" or "**Honigman**"), a law firm with its principal office at 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226. The firm has other offices in Michigan.

2. I make this Supplemental Declaration in support of the Application Under 11 U.S.C. §§ 327(e) and 328 of the Debtors to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date (the "**Application**"), and the Supplement To Application Under 11 U.S.C. §327(e) To Employ And

Retain Honigman Miller Schwartz and Cohn LLP As Special Counsel For The Debtors, *Nunc Pro Tunc* To The Petition Date (the "**Supplement**") and in supplement to the Declaration Of Robert B. Weiss And Disclosure Statement In Support Of The Application Under 11 U.S.C. §§327(e) And 328(a) To Employ And Retain Honigman Miller Schwartz and Cohn LLP As Special Counsel For The Debtors, *Nunc Pro Tunc*, To The Petition Date (the "**Weiss Declaration**"), to provide clarifications and additional information requested by the Office of the U. S. Trustee.

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and if called as a witness, would testify to them.

4. Capitalized terms not defined herein have the meaning as defined in the Application.

5. The Special Counsel Matters include litigation. As of the date of this Supplemental Declaration, Honigman is representing the Debtors in the litigation described on Schedule 1 hereto. As described in Schedule 1, except with regard to litigation matters where Honigman is also representing non-debtor affiliates of the Debtors, it is expected that Honigman's postpetition role in certain of the litigation will be limited to advising the courts in which the litigation was pending as of the Petition Date of the imposition of the automatic stay to the litigation. Honigman has not been asked to advise the Debtors on whether, or against whom, to bring actions to avoid transfers under Chapter 5 of the Bankruptcy Code, or to litigate actions to avoid transfers under Chapter 5 of the Bankruptcy Code.

6. The Special Counsel Matters include the representation of the Debtors in acquisitions and sales of certain assets. At present, Honigman is representing the Debtor in connection with the acquisition of assets from the estate of Delphi Corporation. Also, from time

to time in the course of Troubled Supplier Matters, Debtors acquire assets of the Troubled Supplier, such as non-customer owned tooling and specialized equipment. Honigman represents the Debtors in such acquisitions.

7. In connection with the sale to "New GM" (the "**Sale**") Honigman is interfacing closely with Debtor's purchasing staff on a broad array of purchasing issues, including but not limited to analyzing executory contracts, and working on assumption and assignment, recharacterization, cure costs and rejections. While Jenner & Block is handling virtually all of the Sale and real estate transfers for the Sale, Honigman is assisting on various issues relating to the Renaissance Center, the Millender Center, Beaubien Deck, Michigan transfer taxes and other local land matters. The other sales of assets with which Honigman is presently engaged are the sale of certain aircraft and the sale of Debtors' Saturn and Hummer brands and related assets.

8. Honigman will supplement the Weiss Declaration and this Supplemental Weiss Declaration if it is requested to represent Debtors in matters not described in Paragraph 1(a)-(j) of the Application or herein.

9. Honigman has not and will not represent any party other than Debtors in Debtors' bankruptcy cases. I have asked that the docket be periodically reviewed to determine whether any Firm clients or those who have been clients within the last 3 years have filed objections to the sale. I am advised that those parties who had objected to the sale through Docket No. 1189, who either are Firm clients or have been clients within the last three years or have similar names to persons or entities who are or have been clients of the Firm within the last three years are listed on Schedule 2 attached hereto. (Some objections relate solely to cure costs, and not the Sale itself). As stated above and in the Weiss Declaration, Honigman has not and will not

represent any party, other than the Debtors, including parties objecting to the Sale, with respect to Debtors or Debtors' cases.

10. As stated in the Weiss Declaration, in addition to the $1 million retainer received February 26, 2009, Honigman holds a Troubled Supplier Matter fund (the "**Fund**"). Under its standard purchase order terms and conditions, General Motors Corporation ("**GM**") has a right to recover professional fees incurred as a result of the insolvency of a supplier and GM pursues these recoveries whenever possible. GM also has other agreements with certain of its suppliers that allow GM to recover its professional fees incurred in connection with the suppliers. In the ordinary course of business, GM debits (recoups from) amounts owing to its suppliers the amount of these professional fees and these amounts are paid to Honigman, to cover Honigman's professional fees and costs incurred on behalf of GM with respect to GM's financially troubled suppliers. Because of timing differences, debits may be processed after the fees and costs in question have been paid to Honigman from proceeds of other debits. Under its arrangements with GM, these accumulated amounts are held by Honigman and used to pay fees and costs incurred in connection with GM's financially distressed suppliers. This arrangement has been in place with GM for over 10 years. It has been reported to me by our accounting department that as of May 31, 2009, the balance of this Fund was $583,394.66. While the Fund is subject to Honigman's rights as a secured creditor, it is property of Debtors' estate. Other Honigman fees outside the Troubled Supplier Matters are also paid under arrangements where the supplier was debited.

11. In addition to the entities on the Master Retention Checklist identified as Current Clients on Schedule 1 to the Weiss Declaration, MCI Communication Services, Inc. ("**MCI**") has recently become a Current Client. Honigman has not and will not represent MCI with

4

respect to the Debtors. Periodically, Honigman will update its disclosures if other entities on the Master Retention Checklist become Current Clients.

12. Honigman represents Ford Motor Company and certain of its affiliates in the following types of matters: environmental, federal income tax litigation, state tax issues, consumer product class action defense, contracting and contract disputes, labor, property tax work, Michigan real estate issues, licensing, some corporate work for a subsidiary and leveraged lease financing, environmental, labor, MIOSHA, contracting, contract disputes and state tax work for a joint venture.

13. Five Honigman attorneys or members of their households held stock in the Debtors as of the commencement of the case. Three of these attorneys do not work on the Firm's representation of the Debtors. The two attorneys who do work on the Firm's representation of the Debtors have agreed to sell or donate their stock to charity.

14. The hourly rates in Paragraph 18 of the Weiss Declaration contained an error. The discounted 2009 hourly rate of associate Seth Drucker is $240 an hour.

15. If the hourly rates of the attorneys working on the representation of the Debtors change, Honigman will file supplements with the new hourly rates.

16. No promises have been received or made by Honigman as to payment of compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the local Bankruptcy Rules and the Guidelines. Honigman has not agreed with any other entity to share any compensation it received in Debtors' cases.

17. Based on the above, it is my belief that Honigman is a disinterested person under 11 U.S.C. § 327(e) with respect to the estates of the Debtors.

18. Honigman does not represent or hold an interest adverse to the Debtors of their estate with respect to Special Counsel Matters.

19. Honigman intends to apply for allowance of compensation for professional services rendered in this Chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any applicable orders of this Court.

20. If it is brought to my attention that any information disclosed herein requires amendment or modification upon Honigman's completion of further review or as additional party in interest information becomes available to it, I intend to file supplemental declarations to the Court reflecting such additional, amended or modified information.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Robert B. Weiss
Robert B. Weiss

Executed in Detroit, Michigan
on June 23, 2009.

DETROIT.3662054.10

# SCHEDULE 1

## LITIGATION

1. Honigman represents General Motors Corporation ("GM") as the petitioner in the Michigan Tax Tribunal of the property tax assessment appeals described below:

| PETITIONER | RESPONDENT | MICHIGAN TAX TRIBUNAL DOCKET NO.* | MATTER |
|---|---|---|---|
| General Motors Corporation | Lansing Twp. | 333773 | Tax Appeal |
| General Motors Corporation | Lansing Twp. | 335057 | Tax Appeal |
| General Motors Corporation | Lansing | 336088 | Tax Appeal |
| General Motors Corporation | Lansing | 336089 | Tax Appeal |
| General Motors Corporation | Lansing Twp. | 337154 | Tax Appeal |
| General Motors Corporation | Pontiac | 346546 | Tax Appeal |
| General Motors Corporation | Pontiac | 346558 | Tax Appeal |
| General Motors Corporation | Pontiac | 346560 | Tax Appeal |
| General Motors Corporation | Pontiac | 346563 | Tax Appeal |
| General Motors Corporation | Flint | 346570 | Tax Appeal |
| General Motors Corporation | Flint | 346582 | Tax Appeal |
| General Motors Corporation | Flint | 346583 | Tax Appeal |
| General Motors Corporation | Flint | 346585 | Tax Appeal |
| General Motors Corporation | Flint | 346588 | Tax Appeal |
| General Motors Corporation | Flint | 346591 | Tax Appeal |
| General Motors Corporation | Flint | 346592 | Tax Appeal |
| General Motors Corporation | Flint | 346594 | Tax Appeal |
| General Motors Corporation | Pontiac | 346602 | Tax Appeal |
| General Motors Corporation | Pontiac | 346619 | Tax Appeal |
| General Motors Corporation & Grand Pointe Holdings, Inc. | Grand Blanc Twp. | 347259 | Tax Appeal |
| General Motors Corporation | Romulus | 362689 | Tax Appeal |
| General Motors Corporation | Romulus | 362690 | Tax Appeal |
| General Motors Corporation | Romulus | 362692 | Tax Appeal |
| General Motors Corporation | Lansing | 363420 | Tax Appeal |
| General Motors Corporation | Lansing | 363422 | Tax Appeal |
| General Motors Corporation | Ypsilanti Twp. | 09-1236 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1237 | Tax Appeal |
| General Motors Corporation | Bay City | 09-1238 | Tax Appeal |
| General Motors Corporation | Warren | 09-1239 | Tax Appeal |
| General Motors Corporation | Swartz Creek | 09-1240 | Tax Appeal |
| General Motors Corporation | Warren | 09-1241 | Tax Appeal |
| General Motors Corporation | Milford Twp. | 09-1242 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1243 | Tax Appeal |
| General Motors Corporation | Saginaw | 09-1244 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1245 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1246 | Tax Appeal |

| **PETITIONER** | **RESPONDENT** | **MICHIGAN TAX TRIBUNAL DOCKET NO.*** | **MATTER** |
|---|---|---|---|
| General Motors Corporation | Pontiac | 09-1247 | Tax Appeal |
| General Motors Corporation | Swartz Creek | 09-1248 | Tax Appeal |
| General Motors Corporation | Saginaw | 09-1249 | Tax Appeal |
| General Motors Corporation | Saginaw | 09-1250 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1251 | Tax Appeal |
| General Motors Corporation | Wyoming | 09-1252 | Tax Appeal |
| General Motors Corporation | Grand Blanc | 09-1253 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1254 | Tax Appeal |
| General Motors Corporation | Grand Blanc Twp. | 09-1255 | Tax Appeal |
| General Motors Corporation | Grand Blanc Twp. | 09-1256 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1257 | Tax Appeal |
| General Motors Corporation | Brighton Twp. | 09-1258 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1259 | Tax Appeal |
| General Motors Corporation | Pontiac | 09-1260 | Tax Appeal |
| General Motors Corporation | Warren | 09-1262 | Tax Appeal |
| General Motors Corporation | Lansing | 09-1263 | Tax Appeal |
| General Motors Corporation | Orion Twp. | 09-1264 | Tax Appeal |
| General Motors Corporation | Hamtramck | 09-1265 | Tax Appeal |
| General Motors Corporation | Waterford Twp. | 09-1266 | Tax Appeal |
| General Motors Corporation | Lansing | 09-1267 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1268 | Tax Appeal |
| General Motors Corporation | Flint | 09-1269 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1270 | Tax Appeal |
| General Motors Corporation | Flint | 09-1271 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1272 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1273 | Tax Appeal |
| General Motors Corporation | Flint | 09-1274 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1275 | Tax Appeal |
| General Motors Corporation | Detroit | 09-1276 | Tax Appeal |
| General Motors Corporation & Grand Point Holdings, Inc. | Grand Blanc Twp. | 09-1277 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1283 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1284 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1285 | Tax Appeal |
| General Motors Corporation | Romulus | 09-1318 | Tax Appeal |
| General Motors Corporation | Livonia | 09-1325 | Tax Appeal |
| General Motors Corporation | Flint | 09-1538 | Tax Appeal |
| General Motors Corporation | Flint | 09-1539 | Tax Appeal |

The six digit numbers beginning with 3 are internal tracking numbers because Honigman has not yet received the docket numbers assigned to those appeals by the Michigan Tax Tribunal.

2

2. Honigman represents GM in <u>General Motors Corporation v Department of Treasury, State of Michigan</u>, No. 07-151-MT (Court of Claims, State of Michigan) and a motion for interlocutory appeal therefrom in the Michigan Court of Appeals.

3. Honigman represents the plaintiffs and counter-defendants in breach of contract litigation in <u>General Motors Corporation, GM de Mexico S. de R.L. de C.V., and GM of Canada Ltd. v. Albert Weber GmbH and Weber Automotive Corporation</u>, Case No. 2:08-cv-12671 (Eastern District of Michigan).

4. Honigman is representing GM in the bankruptcy of <u>In re Bill Heard Enterprises, Inc.</u>, in the Bankruptcy Court in the Northern District of Alabama, and several contested matters and adversary proceeding arising out of that bankruptcy. The disputes primarily relate to whether GM has the right to setoff or recoup against amounts claimed to be owing and rights and priority in sale proceeds.

5. The following are actions where Honigman's role is expected to be limited to advising the Court where the case was pending as of the commencement of the case of automatic stay:

    (a)    <u>H.S. Die Engineering Co. v. General Motors Company</u>, Adv. P. No. 09-04660, (Bankr. E.D. Mich).

- This is a tooling rights action.

    (b)    <u>Plastic Mold Technology, Inc. v. General Motors Corporation, Plastech Engineered Products, Inc.</u>, et al., Adv. P. No. 08-04869, (Bankr. E.D. Mich).

- This is a tooling rights action.

    (c)    <u>John N. Grahm, Trustee for High Tech Packaging, Inc., v. General Motors Corp.</u>, Case No. 08-32520, Adversary Case No. 09-3019, ((Bankr. N.D. Ohio).

- Collection action.

(d) <u>Robert Michael Atwell, individually and on behalf of all others similarly situated, v. Cupp Chevrolet, Inc. and General Motors Corporation</u>; Civil Action No. 08-922; United States District Court, Eastern District of Missouri, Eastern Division.

- This is a putative class action contending that all Chevrolet Avalanches suffer from a design defect.

(e) <u>Riley Technologies, LLC v. General Motors Corporation</u>; Civil Action No. 5:09-CV-21; United States District Court, Western District of North Carolina, Statesville Division.

- The action raises breach of contract and related claims regarding homologation of a Corvette for racing.

(f) <u>Kai Jensen, as Personal Representative of the Estate of Frederick Jensen, deceased v. General Motors Corporation</u>; Case No. 09-101133-CK; Oakland County Circuit Court, Michigan.

- Wrongful death action.

(g) <u>Marcus Jolly, et al v. General Motors Corporation, Guide Louisiana, LLC, and Guide Corporation</u>, Case No. 09-1987; 4th Judicial District Court for the Parish of Ouachita, Louisiana.

- Personal injury action for exposure to noise.

(h) <u>T.A. Systems, Inc. v. Cadence Innovation LLC, et al.</u>, Adv. Pro. No. 09-50125 (Bankr. D. Del.).

- Determine rights in tooling.

(i) <u>T.A. Systems, Inc. v. Albar Industries</u>, No. 09-041421-PC (Lapeer County Circuit Court, State of Michigan)

- Determine rights in tooling.

6. Litigation where we represent a subsidiary of General Motors Corporation:

(a) <u>Motor Enterprises, Inc. v. Chieftain, Inc., et al.</u>, No. 06-077421 (Circuit Court for Oakland County, State of Michigan).

- Collect guaranty, enforce settlement agreement.

(b) <u>Leonard J. Brzozowski v. Troy R. Taylor et al</u>; Circuit Court for the County of Wayne, State of Michigan.

4

- Represent Motion Enterprises, Inc. in connection with nonparty discovery

(c) <u>John H. Graham, Trustee for High Tech Packaging, Inc. v. Saturn Corporation</u>, Adv. Pro. No. 09-3021 (Bankr. N.D. Ohio).

- Collection action.

7. Honigman is defending an affiliate of the Debtors, GM-DI Leasing Corporation, in a breach of contract action, <u>ImagePoint, Inc. v. GM-DI Leasing Corporation</u>; Case No. 09-31225, Adversary Proceeding No. 09-03070; United States Bankruptcy Court, Eastern District of Tennessee, Knoxville.

DETROIT.3721111.1

## SCHEDULE 2

| Docket No. | Objecting Creditor |
|---|---|
| | The following persons or entities who filed objections to the Sale (or to the cure costs assocaited with the Sale) either are clients or have been clients within the last three years or have similar names to persons or entities who are clients or were clients within the last three years |
| 640 | BASF Corporation |
| 679 | BP Products North America Inc. and BP Corporation North America Inc. |
| 682 | Canadian National Ralway Copany and its subsidiaries |
| 688 | CSX transportation, Inc. |
| 697 | Superior Acquisition, Inc. d/b/a Superior Electric Great Lakes Company |
| 704 | Citation Corporation, Citation Castings, LLC, Hi-Tech Corporation and Citation Marion |
| 706 | Granger Electric Company |
| 714 | Alcoa Inc. |
| 739 | SCG Capital Corporation |
| 753 | Kongsberg Automotive, Inc., Kongsberg Driveline Systems I, Inc., Kongsberg Driveline Systems S de RL de CV, Kongsberg Interior Systems S de RL de CV, Kongsberg Automotive S de RL de CV, Kongsberg Power Product Systems 1, Inc., Kongsberg Driveline Systems GmbH, Kongsberg Holding II LLC |
| 758 | DENSO International America, Inc. |
| 792 | Compuware Corporation |
| 814 | Hayman Management Co. and South Troy Tech, LLC |
| 817 | EQ - The Environmental Quality Company |
| 834 | R.L. Polk & Co. |
| 838 | United States Steel Corporation |
| 841 | BorgWarner, Inc. |
| 852 | The Dow Chemical Company, Dow Chemical Canada ULC and Essex Specialty Products LLC |
| 855 | Ogihara America Corporation |
| 859 | Emerson Electric Company including Numatics, Incorporated, Instrument & Valve Services Company, Branson Ultrasonics Corporation, High Voltage Maintenance Corporation, Therm-O-Disc, Incorporated, Emerson Electric (Shenzhen) Co., Ltd., Emerson Appliance Solutions (Shenzhen) Co., Ltd., Controles Electromecanicos de Mexico S.A. de C.V., Sweco Inc., Emerson Process Management, Wiegant Component Technologies and Emerson Motor Technologies |
| 868 | E.I. du Pont de Nemours and Company |

# SCHEDULE 2

| Docket No. | Objecting Creditor |
|---|---|
| 888 | FedEx Ground Package Systems, Inc. |
| 906 | AT&T Corp. |
| 916 | Behr America Inc. |
| 919 | Behr GmbH & Co. KG |
| 932 | Cintas Corporation |
| 945 | Fleet-Car Lease, Inc. dba Fleet Car Carriers |
| 965 | SKF USA Inc. |
| 975 | The Hertz Corporation |
| 985 | Verizon Communication |
| 995 | SRG Global, Inc., Guardian Automotive, Inc., Ionian Corporation, Guardian Automotive Corporation, Guardian Automotive Trim, Inc., Siegel-Robert Automotive, Siegel-Robert, Inc., S-R of Kentucky, Inc. and Siegel-Robert Automotive (Suzhou) Co., Ltd. |
| 1001 | Praxair, Inc. and Praxair Distribution Inc. |
| 1006 | TRW Automotive U.S. LLC |
| 1012 | Federal Broach & Machine Company, LLC |
| 1056 | Yahoo! Inc. |
| 1060 | Cadillac Products Automotive Company |
| 1061 | Veolia Water Partners VI, LLC |
| 1087 | Honeywell International Inc. |
| 1096 | The Barnes Group Inc., Associated Springs Division, and Seeger-Orbis GmbH & Co. OHG |
| 1100 | Lear Corporation |
| 1104 | The Timken Company |
| 1112 | Hewlett-Packard Company and Electronic Data Systems, LLC |
| 1115 | Hewlett-Packard Financial Services Company |
| 1127 | Webasto Roof Systems, Inc. |
| 1141 | Cisco Systems Capital Corporation |
| 1143 | GE Capital Corporation |
| 1152 | Campagnie de Saint-Gobain |
| 1164 | Praxair, Inc. and Niject Services Company |
| 1167 | The Interpublic Group of Companies, Inc. |
| 1170 | Mando Corporation |
| 1178 | Project Management Services, Inc. |
| 1179 | Panasonic Automotive Systems Company of America, Division of Panasonic Corporation of North America, fka Matsushita Electric Corp. of America |
| 1182 | The City of Lansing, Michigan |
| 1183 | Cisco Systems Inc. |
| 1185 | The Detroit Edison Company and Michigan Consolidated Gas Company |
| 1189 | QEK Global Solutions (US) LP |