**Hearing Date and Time: June 25, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: June 23, 2009 at 4:00 p.m. (Eastern Time) (Extended)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :          Chapter 11 Case No.:
                                                             :
GENERAL MOTORS CORP., et al.,                                :          09-50026 (REG)
                                                             :
                              Debtors.                       :          (Jointly Administered)
                                                             :
------------------------------------------------------------ X

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE AD HOC COMMITTEE OF CONSUMER VICTIMS OF GENERAL MOTORS FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF TORT CLAIMANTS

TO:    THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through its undersigned proposed counsel, hereby submits this objection (the "**Objection**") to the Motion (the "**Motion**") of the Ad Hoc Committee of Consumer Victims of General Motors (the "**Ad Hoc Committee**") for the Appointment of an Official Committee of Tort Claimants (the "**Official Tort**

**Committee**") Pursuant to 11 U.S.C. §1102(a)(2).  [Docket No. 287].  In support of its Objection, the Committee represents as follows:

## BACKGROUND

1.      On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.      On June 3, 2009, the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  The Committee is comprised of 15 members who represent the interests of all unsecured creditors. The Committee members include: three tort claimants – Kevin Schoenl, Genoveva Bermudez and Mark Buttita; two indenture trustees – Wilmington Trust Company and Law Debenture Trust Company of New York; two suppliers – Denso International America, Inc. and Inteva Products, LLC; one trade service creditor – Interpublic Group; three automotive dealers – Serra Chevrolet of Birmingham, Inc., Paddock Chevrolet and Saturn of Hempstead, Inc.; three collective bargaining representatives – the Industrial Division of Communications Workers of America, AFL-CIO, the International Union UAW, and the United Steelworkers; and one pension guarantor – the Pension Benefit Guaranty Corporation (the "**PBGC**").  Of the three tort claimants on the Committee, two are non-asbestos personal injury claimants and one is an asbestos-related personal injury claimant.

3.      By letter dated June 1, 2009, the Ad Hoc Committee requested that the U.S. Trustee appoint an Official Tort Committee.  By letter dated June 19, 2009, the U.S. Trustee

responded by declining to form an Official Tort Committee.  A copy of the U.S. Trustee's letter is attached hereto as Exhibit A.

4.    On June 2, 2009, the Ad Hoc Committee filed the Motion pursuant to section 1102(a)(2) of the Bankruptcy Code requesting the Court enter an Order directing the U.S. Trustee to appoint an Official Tort Committee.

5.    The Motion provides that the Ad Hoc Committee has more than 300 members who each have tort claims involving personal injuries against the Debtors.  The Ad Hoc Committee values the claims held by its members at in excess of $1.25 billion.

## OBJECTION

6.    Under Bankruptcy Code section 1102(a)(2), the Court has the discretion to order the appointment of additional creditors' committees if necessary to assure adequate representation of creditors.  11 U.S.C. § 1102(a)(2); see also In re Enron Corp., 279 B.R. 671 (Bankr. S.D.N.Y. 2002) (assurance of adequate representation is the most important factor; the size of the case alone is not determinative).  The party seeking an additional committee has the burden of proving that the existing committee does not adequately represent the interests of creditors.  In re Winn-Dixie Stores, Inc., 326 B.R. 853 (Bankr. M.D. Fla. 2005); In re Dow Corning Corp., 194 B.R. 121 (Bankr. E.D. Mich. 1996). This hurdle has been described as a "high standard." In re Oneida, Ltd., 351 B.R. 79, 83 (Bankr. S.D.N.Y. 2006).

7.    While the determination as to whether to appoint additional committees is to be made on a case-by-case basis, Albero v. Johns-Manville Corp. (In re Johns-Manville Corp.), in the vast majority of chapter 11 cases, a single committee of creditors is sufficient and multiple committees are the exception rather than the rule. 68 B.R. 155, 164 (S.D.N.Y. 1986); In re Sharon Steel Corp., 100 B.R. 767, 778 (Bankr. W.D. Pa. 1989).  A single committee for

unsecured creditors is the norm and creation of additional committees is an extraordinary remedy. Id.; see also In re Williams Communication Group, Inc., 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002) (the appointment of official committees should be the "rare exception"). Because the Ad Hoc Committee has not met the threshold criteria articulated in section 1102(a)(2), the Motion must be denied.

8.      Section 1102(a)(2) does not set forth a test of adequate representation, so the Court must examine the specific facts of this case in order to determine whether appointment of an Official Tort Committee is appropriate. See In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) (adequate representation is not defined in the statute, but requires interpretation by the Court). In performing the adequate representation analysis, courts often consider a number of non-exclusive factors, including: (i) the ability of the committee to function; (ii) the nature of the case; (iii) the standing and desires of the various constituencies; (iv) the ability for creditors to participate in the case even without an official committee; (v) the delay and additional cost that would result if the court grants the motion; (vi) the tasks that a committee or separate committee is to perform; and (vii) other factors relevant to the adequate representation issue. See In re Dana Corp., 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); see also Enron, 279 B.R. at 685; In re McLean Industries, Inc., 70 B.R. 852, 860 (Bankr. S.D.N.Y 1987); Johns-Manville, 68 B.R. at 159. No one factor is dispositive, and the amount of due consideration given to each depends on the circumstances of the particular chapter 11 case. In re Kalvar Microfilm, Inc., 195 B.R. 599, 601 (Bankr. D. Del. 1996).

Ability of the Committee to Function

9.      The ability of an official committee to function is a significant factor in the determination of whether a court should order the appointment of another committee. See Dana,

344 B.R. at 38; see also Enron, 279 B.R. at 686.  The issue is not whether the official committee is an exact replica of the creditor body, but whether representation of various creditor types is adequate. Id. at 690; In re Hills Stores Co., 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992).  The official committee has a fiduciary duty to protect the interests of all unsecured creditors.

10.     As noted above, the Committee includes a diverse group of 15 creditors, including: two products liability tort claimants, an asbestos claimant, indenture trustees, labor unions, dealers, suppliers, trade services creditors and the PBGC.  The Ad Hoc Committee has made no showing that the Committee fails to represent each of the various creditor types involved in this case.  Additionally, the Ad Hoc Committee's Motion does not allege any circumstances within which the ability of the Committee to function has been or would be impaired.  As such, the Ad Hoc Committee has not established that the Committee is failing to function.

<u>Nature of the Case</u>

11.     While the Debtors' cases are complex jointly administered chapter 11 cases, the large size of the bankruptcy case is not determinative of whether additional committees should be appointed.  McLean, 70 B.R. at 861.  To handle the large size of the Debtors cases, the U.S. Trustee has appointed a greater number of creditors to the Committee than is usual.  Normally, the U.S. Trustee appoints seven individuals or entities to serve on the Committee.  Here, the U.S. Trustee has appointed a Committee of 15 members.  As noted above, the interests of tort claimants are already represented on the Committee by the two products liability tort claimants and one asbestos-related tort claimant serving on the Committee.  As such, the U.S. Trustee has already organized the Committee to handle the large size of the Debtors' bankruptcy cases and adequately represent all unsecured creditors.

<u>Standing and Desires of the Constituencies</u>

12.     The Ad Hoc Committee alleges that their constituency of creditors is distinctly different from the tort claimants whose representatives sit on the Committee.  While the individual issues affecting each tort claimant may be different, their objective in these chapter 11 cases is the same – to maximize recoveries and preserve their interests.  As such, the Ad Hoc Committee cannot substantiate its claim that they are not adequately represented by the Committee.

<u>Ability to Continue Participating and Recover Costs</u>

13.     Even without the appointment of an Official Tort Committee, the Ad Hoc Committee can continue to monitor and participate in these cases.  The Ad Hoc Committee currently is represented by experienced, competent counsel who can continue to represent them in these cases.  For these reasons, among others, we respectfully submit that the interests of the Ad Hoc Committee members are adequately represented in these cases and request that the Ad Hoc Committee's Motion be denied.

<u>Additional Cost to the Estate is Not Justified</u>

14.     The additional cost to be incurred by the Debtors' estates by the appointment of an Official Tort Committee cannot be justified in this case. <u>See</u> <u>Enron</u>, 279 B.R at 692; <u>Kalvar</u>, 195 B.R. at 601.  As this Court is aware, the legal and professional fees in large chapter 11 cases tend to be significant.   As stated above, the Debtors' tort claimants already have adequate representation on the Committee and additionally, have access to the Court through the Ad Hoc Committee.   The appointment of a separate Official Tort Committee will inevitably lead to duplicative efforts and costs in these cases.  Such an outcome should be avoided, particularly in a case where there is a fixed pot of cash to cover all administrative and priority claims.

Accordingly, the Committee requests that the Ad Hoc Committee's request for an Official Tort Committee be denied.

Other Consideration

15.     The Debtors chapter 11 cases are proceeding quickly through the bankruptcy process.  The Court will be considering the Debtors' motion to approve a sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "**363 Transaction**") on June 30, 2009.  The Debtors' access to DIP financing is conditioned upon the completion of the 363 Transaction.  If an additional committee were to be appointed, significant delay could arise if the Official Tort Committee and the Committee disagree over the 363 Transaction and the best interest of all unsecured creditors.  In addition, an Official Tort Committee could threaten the reorganization of the Debtors and may seek to further the interests of tort creditors, to the determent of all unsecured creditors.  The Committee submits that there is no justification for such risk to be taken.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

16.    For all of the reasons set forth above, the Committee respectfully requests that the

Court enter an order denying the Motion.

Dated: June 23, 2009
       New York, New York

                                        **KRAMER LEVIN NAFTALIS & FRANKEL
                                        LLP**

                                        By:    /s/ Thomas Moers Mayer
                                        Thomas Moers Mayer
                                        Kenneth H. Eckstein
                                        Robert T. Schmidt
                                        Adam C. Rogoff
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        (212) 715-3275

                                        *Proposed Counsel for the Official Committee of
                                        Unsecured Creditors of General Motors
                                        Corporation, et al.*

## **EXHIBIT A**



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

---

*33 Whitehall Street*                                      *(212) 510-0500*
*21ˢᵗ Floor*                                        *Fax: (212) 668-2255*
*New York, New York 10004*

June 19, 2009

**BY EMAIL**

Barry E. Bressler, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286

      Re:    <u>In re General Motors Corp., *et al.*</u>
              Case No.  09-50026 (REG)

Dear Mr. Bressler:

      The United States Trustee received your letter dated June 1, 2009, requesting the appointment of an Official Committee of Tort Claimants.  As you are aware, the United States Trustee appointed two non-asbestos personal injury claimants to the Official Committee of Unsecured Creditors on June 3, 2009.  In addition, the United States Trustee has (i) received correspondence from counsel to the debtors in opposition to the request that an Official Committee of Tort Claimants be formed in these cases and (ii) discussed the issue with counsel to the Official Committee of Unsecured Creditors.

      After careful consideration of the facts of these cases and an analysis of your request and of the comments relating your request, the United States Trustee declines to form an Official Committee of Tort Claimants at this time.

                 Very truly yours,

                 DIANA G. ADAMS
                 UNITED STATES TRUSTEE

             By:     /s/ Brian S. Masumoto
                    Brian S. Masumoto
                    Trial Attorney

cc:    Barry E. Bressler, Esq. (By email)
       Harvey R. Miller, Esq. (By email)
       Thomas M. Mayer, Esq. (By email)