**BLANK ROME LLP**
Stanley B. Tarr
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
Telephone:  (212) 885-5000
Facsimile:  (212) 885-5001
Email:  Tarr@blankrome.com


   - and -

Regina Stango Kelbon
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5507
Fax:  (215) 832-5507
Email:  Kelbon@blankrome.com

*Counsel for Cellco Partnership d/b/a Verizon Wireless*
*on behalf of itself and its controlled affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS, *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
-----------------------------------------------------X

**FIRST SUPPLEMENTAL LIMITED OBJECTION OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ON BEHALF OF ITSELF AND ITS CONTROLLED AFFILIATES, TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Cellco Partnership d/b/a Verizon Wireless, on behalf of itself and its controlled affiliates

(collectively, "Verizon Wireless"), by its undersigned counsel, hereby submits this supplement

(the "Supplemental Objection") to its Original Objection (the "Original Objection") to Notice of

(I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of

Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket Entry # 1054], and states as follows:

1.    By email dated June 11, 2009, Debtors' counsel, in an attempt to provide both parties time to resolve their issues, extended the Contract Objection Deadline[1] for Verizon Wireless' objections, if any, to the proposed assumption and assignment of executory contracts for which Verizon Wireless is the Non-Debtor Counterparty, until June 20, 2009.  On the same date, Debtors' counsel confirmed by email to Verizon Wireless that the Email Notices were the "only ones, to date, associated with 'Verizon Wireless'."  On Friday, June 19, 2009, via email, Debtors' counsel further agreed to extend the Contract Objection Deadline until June 23, 2009. On the same date, Debtors' counsel also provided certain Email Notices, including certain New Notices referenced below, which it alleged to be all notices sent to Verizon Wireless as of such date.

2.    On June 15, 2009, prior to the Contract Objection Deadline for the Email Notices, Verizon Wireless filed the Original Objection on the grounds that the Debtors had failed to meet their burden with respect to providing appropriate notice to Verizon Wireless as to whether the contracts to which it was a Non-Debtor Counterparty were Assumable Executory Contracts. Specifically, the Original Objection asserted that the Email Notices were deficient for the following reasons:  (1) the Email Notices do not adequately identify whether the Debtors intend to designate as Assumable Executory Contracts the VZW/GM Agreement and/or the OnStar Agreements; (2) the Email Notices do not adequately identify the Non-Debtor Counterparty; (3) the Email Notices do not identify any Cure Amounts; (4) the Email Notices do not properly reflect accrued and unbilled Cure Amounts currently owing by the Debtors; and (5) the Email

---

[1]  Capitalized terms used but not defined herein shall have the meanings given to such terms in the Sale Procedures Order and the Original Objection.

017286.01681/21795601v.5

Notices were not dated and, as such, the appropriate Contract Objection Deadline could not be determined. In connection with its Original Objection, Verizon Wireless, among other things, reserved all of its rights to amend, supplement, and/or withdraw the Original Objection, and to object to the potential assignment of *any* contracts to which Verizon Wireless is a Non-Debtor Counterparty on any basis.

3.       Since June 15, 2009, Verizon Wireless has been in frequent contact with Debtors' counsel in an attempt to identify the contracts the Debtors intend to assume and whether such contracts include VZW/GM Agreement and/or the OnStar Agreements and to determine whether the Debtors had, in fact, attributed proper Cure Amounts to such contracts by the Email Notices. The parties are also attempting to identify the numerous other contracts referenced in the various notices that do not correlate to identifying information in Verizon Wireless' records.

4.       On June 19th, Debtors counsel forwarded to Verizon Wireless' counsel a total of twenty-nine (29) notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, which notices included certain notices that Verizon Wireless had not previously received and which can be categorized as follows (collectively, the "New Notices")[2]:

- VC Notices – Fifteen (15) notices identifying "VERIZON COMMUNICATIONS INC" as the vendor, with the same "User ID," "Password," and "Vendor ID #," were mailed to at least 12 different addresses. While addressed to 12 different locations, the contents of the notices were identical. Beyond such facial defect in the notices (as Verizon Wireless is a corporate entity separate and distinct from

---

[2]  For the same reasons enumerated by Verizon Wireless in its Original Objection, neither the Email Notices nor the New Notices were properly served.

017286.01681/21795601v.5

Verizon Communications Inc.), the VC Notices were also deficient because the "Supplier Details" in the Contract Website (a) listed 97 "contracts" for which Verizon Wireless was given insufficient information to determine the Assumable Executory Contracts to which the Debtors referred, (b) included no Cure Amounts next to the 97 contracts referenced therein; (d) included as an exhibit 75 purchase orders which did not cross reference the applicable contract referred to among the 97 contracts on the cover page, (c) listed approximately nine purchase orders for which Verizon Wireless could not identify and (d) contain partial listing of invoices related to the VZW/GM Agreement and the Onstar Agreements but not all issued and outstanding invoices.

- New Par Notices – ten (10) notices addressed to the "NEW PAR D/B/A VERIZON WIRELESS," each at the same address but with ten separate "Vendor ID #s." The New Par New Notices and the details provided on the Contract Website (a) assigned no Cure Amounts to the contracts they purport to identify, (b) do not adequately identify the contracts, since the "Row ID" provided therein relates to internal accounting line-items presumably used by the Debtors, and (c) the "Contract Type" description is generic[3], and

- Miscellaneous Notices – four (4) notices addressed to (a) "VERIZON PENNSYLVANIA" without address, (b) "VERIZON BUSINESS NETWORK SERVICES", (c) "VERIZON SERVICES CORP.", and "PUERTO RICO TELEPHONE COMPANY / VERIZON". Each such notice provides a different "Vendor ID #" and each notice is facially defective for the same reasons

---

[3] New Par is a party to a certain In Building Radio Distribution License Agreement with General Motors dated February 23, 2005 as amended from time to time. However, Verizon Wireless has no way of knowing whether the New Par Notices relate in any way to that agreement.

4

referenced above, including without limitation that no Cure Amounts are provided for the designated contracts.

5.        Rather than trying to resolve the New Notices globally in connection with Verizon Wireless' Original Objection, Debtors' counsel advised Verizon Wireless to file this Supplemental Objection as a Contract Objection to the New Notices.  Accordingly, Verizon Wireless files this Supplemental Objection to the New Notices for the foregoing reasons.

6.        In addition, GM issued purchase orders to Verizon Wireless to facilitate payment with respect to the OnStar Agreements.  Upon review of the New Notices and after discussion with Debtors' counsel the Debtors intend to assume and assign the purchaser orders issued in connection with the OnStar Agreements.  Verizon Wireless does not object to the assumption provided that the appropriate Cure Amounts are listed and paid and all accrued charges are included.

7.        The New Notices and the Email Notices provide that the Debtors have the ability to change the Cure Amounts on a daily basis.  Verizon Wireless objects to the Debtors' ability to change the Cure Amounts listed in the New Notices or Email Notices after the date of receipt of such notices without the prior written consent of Verizon Wireless.

8.        In accordance with the foregoing and by reference to the Original Objection, Verizon Wireless hereby interposes this Supplemental Objection and further reserves all rights to (a) object to the Assumption and Assignment Procedures, (b) amend, supplement and/or withdraw the Original Objection and this Supplemental Objection, (c) object to the potential assignment of any contracts to which Verizon Wireless is a Non-Debtor Counterparty on any other basis, and (d) assert all other rights and remedies against the Debtors.

017286.01681/21795601v.5

Dated:  June 23, 2009   **BLANK ROME LLP**

     */s/  Stanley B. Tarr*
     Stanley B. Tarr
     The Chrysler Building
     405 Lexington Avenue
     New York, NY  10174-5001
     Telephone:  (212) 885-5000
     Facsimile:  (212) 885-5001
     Email:  Tarr@blankrome.com

      - and -

     Regina Stango Kelbon
     One Logan Square
     Philadelphia, PA  19103
     Tel:  215.569.5507
     Fax:  215.832.5507
     Email:  Kelbon@blankrome.com

     *Counsel for Cellco Partnership d/b/a Verizon Wireless on behalf of itself and its controlled affiliates*

017286.01681/21795601v.5