MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
Timothy A. Fusco, Esq. (Pro Hac Vice)
 (313) 496-8435
Stephen S. LaPlante, Esq. (Pro Hac Vice)
(313) 496-8478

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -     x
                                          :
In re:                                    :     Chapter 11
                                          :
General Motors Corporation,               :     Case No. 09-50026 (REG)
                                          :
            Debtor.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -     :

**JOINT[1] OBJECTION OF AUTOMOTIVE COMPONENT HOLDINGS, FORD MOTOR COMPANY AND FORD'S AFFILIATE TO ASSIGNMENT OF AND CURE AMOUNTS RELATED TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Ford, Comverca and ACH (collectively, "Objectors"), by their attorneys Miller,

Canfield, Paddock and Stone, P.L.C., object to the assumption of certain contracts with

the Debtors and to the Cure Amounts provided by the Debtors with respect to the

contracts ("Objection").  In support of its Objection, the Objectors state as follows:

---

[1] This objection is filed jointly by Ford Motor Company ("Ford"), Comverca del Noreste RL de CV ("Comverca"), and Automotive Component Holdings, LLC ("ACH").  All of the objectors are represented by the same law firm, and it was in investigating the Ford cure amounts on the web site maintained by the Debtors that items referring to ACH were discovered.  ACH has not received its own notice from the Debtors but joins in this objection in order to preserve its rights.

## INTRODUCTION

1.      Ford received notice from the Debtors entitled, Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, dated June 5, 2009, identifying the "Counter Party Name" as either ACH, Ford or its affiliate, Comverca ("Notice").

2.      Each Notice has a schedule attached to it (each a "Schedule", and collectively the "Schedules")[2] identifying Ford, Comverca or ACH as the counterparty to contracts with the Debtors that the Debtors intend to assume (each an "Executory Contract", and collectively the "Executory Contracts").

3.      There were various cure amounts listed for the Ford, ACH and Comverca Executory Contracts ranging from ($50,000) to $44,511.75.  The total cure amount was $143,823.07 for the listed 51 contracts.  After the Schedules were filed, the Schedule (again only one contained any list of contracts or cure amounts) for ACH, Ford and Comverca was modified by the addition of three more contracts for a total of 54 and the total cure amount increased to $195,112.95  The most current Notice and Schedule for "Ford Motor Co". (which includes ACH and Comverca) is attached as Exhibit A.

4.      The Notices state that the Debtors intend to assume and assign to Vehicle Acquisition Holdings LLC ("Purchaser") the Executory Contracts of ACH, Ford and its affiliates and to cure all prepetition defaults under the Executory Contracts as of the

---

[2]At least 10 schedules were filed with respect to the objecting parties but only one contained any listing of contracts and cure amount.

Debtors' petition date in accordance with section 365(b) of the Bankruptcy Code (each a "Cure Amount", and collectively the "Cure Amounts").

5.    At the request of counsel for the Objectors, counsel for the Debtors granted extensions of the objection date until today to allow Jay Alix and Associates to work with the Objectors to determine which contracts are at issue.  Ford was recently contacted by an employee of the Debtors and has had telephone conferences with that employee to try and reach an understanding of the contracts that are at issue.  Some progress has been made but several more days will be needed to see if the issues raised by the Schedule can be resolved.  The Objectors asked for an extension until Friday, but this was declined.  Consequently they are filing this objection to preserve their rights and remedies with respect to the Executory Contracts, Notice and Schedules.

6.    The Schedule is incomplete, and it is impossible to determine the contract to which the cure amount relates.  Five of the largest amounts contain only the phrase "per legal" or "HM Fees" with amounts ranging from a negative $50,000 (which may mean the Debtors claim they are owed funds) to $44,511.75.  The Objectors suspect some these items may relate to the Debtors' so called "Troubled Supplier" program but the Schedule does not contain sufficient information to make any determination or analysis of the stated cure cost.  Some of the ACH entries, which cannot be matched to any actual ACH contracts, may relate to so-called "all time buys" of products by the Debtors that have been completed (*i.e.*, the Debtors ordered all-time requirements, ACH shipped the required amounts and ACH was paid), but again there is insufficient

information to even commence a review of these items.  Given these contracts have been fully performed, these contracts are not executory.

7.      Moreover, the Notice and the Schedule are largely incomprehensible to the Objectors.  The numbers included in the documents as "GM Contract ID", "Vendor ID"  "PO Number" or "BOL" do not accurately cross reference each other and provide no basis upon which the Objectors could review internal records to determine if an objection to assumption exists or if the cure amount is correct.  The Objectors simply cannot determine from this information the particular contract which is at issue and its status.  This process has commenced but as noted above will not nearly be complete by the time this Objection must be filed.

8.      Finally, as noted above, many of the self described Executory Contracts may well have been performed and not be "executory contracts" within the meaning of Section 365 of the Bankruptcy Code.  For those that are executory, the cure amounts may or may not be accurate.  It is just impossible to make this determination with the information provided by the Debtors.  The Objectors are ready to undertake the review once the necessary information is provided by the Debtors, but the Objectors will need both information and time to complete the task.

WHEREFORE, the Objectors ask this Court deny assumption and assignment of any executory contracts between the Objectors, on the one hand, and the Debtors, on the other, until such time as the Objectors are provided with sufficient information to enable them to determine the contracts that are to be assigned, the existence of any objections to assumption and assignment of any of the contracts and the cure cost, if any, applicable to such contracts.

- 4 -

Dated: June 23, 2009                 Respectfully Submitted,

                                     MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


                                     */s/ Timothy A. Fusco*_____
                                     Timothy A. Fusco
                                     Stephen S. LaPlante
                                     Attorneys for Ford, Comverca and ACH
                                     150 West Jefferson Avenue, Suite 2500
                                     Detroit, MI 48226
                                     E-mail: fusco@millercanfield.com
                                     Tel: (313) 496-8435
                                     Fax: (313) 496-8451