UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
GENERAL MOTORS CORP., et al.,           :    09-50026 (REG)
                                        :
              Debtors.                  :    (Jointly Administered)
                                        :
---------------------------------------------------------------x
```

**SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT ON BEHALF OF WEIL, GOTSHAL & MANGES LLP PURSUANT TO SECTIONS 327, 328(a), 329 AND 504 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(a) AND 2016(b)**

```
STATE OF NEW YORK        )
                         )   ss:
COUNTY OF NEW YORK       )
```

Stephen Karotkin, being duly sworn, deposes and says:

1. I am a member of the firm of Weil, Gotshal & Manges LLP ("**WG&M**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston, Dallas and Austin, Texas; Miami, Florida; Boston, Massachusetts; Providence, Rhode Island; Wilmington, Delaware; and Menlo Park, California; and foreign offices in London, United Kingdom; Budapest, Hungary; Warsaw, Poland; Brussels, Belgium; Frankfurt and Munich, Germany; Prague, The Czech Republic; Paris, France; Beijing, Hong Kong and Shanghai, China; and Dubai, United Arab Emirates.

2. I submit this supplemental affidavit (the "**Supplemental Affidavit**") in connection with the application dated June 12, 2009 (the "**Application**"), of General Motors Corporation ("**GM**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for

approval of the Debtors' retention of WG&M, as their attorneys in the above-captioned chapter 11 cases, nunc pro tunc to the date of commencement of these cases (the "**Commencement Date**"), at their normal hourly rates in effect from time to time and in accordance with their normal reimbursement policies, in compliance with sections 328(a), 329, and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless otherwise stated in this Supplemental Affidavit, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon WG&M's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

        3.        This affidavit supplements my affidavit sworn to on June 12, 2009 and submitted in support of the Application (the "**Original Affidavit**"), and responds to certain matters raised by the Office of the United States Trustee (the "**U.S. Trustee**").

        4.        Paragraph 6 of the Original Affidavit refers to, <u>inter alia</u>, certain attorneys and staff personnel at WG&M who own immaterial amounts of GM stock or bonds or otherwise have certain connections with GM or its current or former affiliates, or who are employed by the United States Government.  Paragraph 6 of the Original Affidavit also indicates that the spouse of a partner of WG&M is the Chief Judge for the United States Bankruptcy Court for the Southern District of New York, and that certain WG&M attorneys clerked or otherwise worked with certain Bankruptcy Judges in the Southern District of New York.  As stated in the Original Affidavit, none of the foregoing individuals is

currently directly involved in representing the Debtors in connection with these chapter 11 cases, and none are anticipated to be directly involved.  In addition, to the best of my knowledge, no attorney rendering services in connection with the chapter 11 cases owns any securities issued by any of the Debtors.  In accordance with the request of the U.S. Trustee, such attorneys who own GM stock have been advised to donate it to a charity of their choice.[1]

5.      In addition, a partner of WG&M formerly was Deputy Counsel to the President of the United States and, in that capacity, was involved on behalf of the White House in the selection, nomination, and confirmation of the Deputy Special Inspector General of the Troubled Asset Relief Program ("**TARP**").  In such capacity he also worked with several individuals at the United States Department of the Treasury on a number of matters, including setting up TARP and the transaction pursuant to which TARP funds were made available to GM.  This partner has not and will not have any involvement in these chapter 11 cases.

6.      To the best of my knowledge and information, the fees for the last twelve months paid to WG&M by the following entities represented the percentage of the annual gross revenues of WG&M set forth opposite their names:

| Entity | Percentage |
|---|---|
| Lehman Brothers | 6.6 % |
| General Electric | 3.2% |
| Thomas H. Lee Partners | 2.7 % |
| AIG | 3.0 % |
| Microsoft Corporation | 0.9 % |
| Citigroup | 1.1 % |

---

[1] I have been advised that one WG&M attorney holds his shares in a 401(k) account of his former employer and is unable to have the shares removed from such account.  The shares currently have a value of approximately $100.

WG&M has not represented and will not represent any of the foregoing entities in connection with these chapter 11 cases.

7. With respect to the services to be rendered by WG&M in respect of the Motion set forth in Paragraph 8c of the Application, WG&M shall focus primarily on the bankruptcy aspects of such motion and the law firm of Jenner & Block LLP shall focus on the corporate aspects.

### WG&M Is Disinterested

8. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe WG&M does not hold or represent an interest adverse to the Debtors' estates in the matters upon which WG&M is to be employed, and WG&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

/s/ Stephen Karotkin  
Stephen Karotkin  
A Member of the Firm

Sworn to and subscribed before me, a notary public for the State of New York, County of New York, this 23rd day of June, 2009.

/s/ Ilusion Rodriguez  
ILUSION RODRIGUEZ  
NOTARY PUBLIC, State of New York  
No. 01RO6188069  
Qualified in Kings County  
Commission Expires June 02, 2012