Hearing Date and Time: June 30, 2009
Objections Due: June 19, 2009

Gary Greenberg (GG 1614)
666 Fifth Avenue
27th Floor
New York, NY 10103
(212) 765-5770 (telephone)
(212) 765-5787 (facsimile)

John B. Orenstein (JO 6707)
ROSS & ORENSTEIN LLC
100 S. 5th St. – Suite 1200
Minneapolis, MN 55402
(612) 436-9802 (telephone)
(612) 436-9819 (facsimile)
*Counsel for Blaise Morton*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------- X
                                          :
**In re**                                 :    Chapter 11
                                          :
**GENERAL MOTORS CORP., et al.,**         :    Case No. 09-50026 (REG)
                                          :
        Debtors                           :    Jointly Administered
                                          :
----------------------------------------- X

**OBJECTION OF BLAISE MORTON TO DEBTORS' MOTION TO (I) APPROVE (A)
THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND OTHER UNEXPIRED LEASES; AND
(C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

Blaise Morton ("Morton"), by and through his undersigned counsel, hereby files this objection (the "Objection") to the Motion of General Motors Corp. ("GM") and the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to (I) Approve (A) The

1

Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Other Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing [Docket No. 92]. In support of his Objection, Morton respectfully states as follows:

1. Morton holds 4,000 shares of GM 7.25% Senior Notes due July 15, 2041 (ticker symbol XGM). The face value of these notes is $100,000.

2. The ground for Morton's objection is that the United States will, by the terms of the section 363 sale, have deprived bondholders of property without the just compensation guaranteed by the 5th Amendment to the U.S. Constitution. The proposed section 363 sale would be the last step in the nationalization of GM by the United States, a process which began with the loan to GM from the United States Treasury ("UST") dated December 31, 2008 (the "UST Loan"). The fact that the bondholders have had their property taken from them is evident both by the drastic diminishment of the market value of the bonds, as well as the encumbrance of the assets as to which the bondholders would otherwise have had claims in bankruptcy.

3. Since December 31, 2008, the United States has taken a number of steps which have amounted to a taking of Morton's property. For example, under the terms of the UST Loan, UST received secured liens as collateral while GM was tasked to plan and attempt execution of its reorganization outside of bankruptcy, during a period when GM was already insolvent and expected to continue losing money. As a consequence, unencumbered assets shrank, depriving unsecured bondholders of the property that would be available to satisfy their claims in bankruptcy. In addition, the super-priority DIP loan to GM, during a period of continued operating losses, entailed a further transfer of unencumbered property to UST. Finally, UST has

used its control over GM management, both before and during the bankruptcy proceedings, to produce an illegal preference in favor of the voluntary employees' beneficiary association ("VEBA") and underfunded pension claims over senior unsecured bondholders.

4. As has been repeatedly made clear by official statements from Presidents Bush and Obama, the United States has effectively taken control of the GM bankruptcy proceeding (as well as the Chrysler bankruptcy), and its actions have been taken primarily to avoid economic catastrophe for the American economy and protect American taxpayers by limiting the exposure of the federal government.

5. UST acted as an unfaithful *de facto* director in: (1) causing GM to operate out of bankruptcy while losing money, to the detriment of the company in breach of fiduciary duty, and (2) causing the 363 sale to result in an illegal preference in favor of VEBA and the GM pension plan over bondholders in this bankruptcy proceeding. UST was not acting in the best interest of GM, but rather it was purportedly acting in what the Executive Branch believed was the best interest of the U.S. auto industry and the U.S. economy. As a result, UST was in fact acting as a market regulator on behalf of the American taxpayer. No rational business would behave the way UST did, but if one did so, it would open itself up to liability for breach of fiduciary duty. *See In re KDI Holdings, Inc.*, 277 B.R. 493, 511-12 (Bankr. S.D.N.Y. 1990).

6. Because the United States is acting to take Morton's property for the public good, Morton is entitled to just compensation for that property under the Fifth Amendment. *See Armstrong v. United States*, 364 U.S. 40, 49 (1960) ("The Fifth Amendment's guarantee . . . [is] designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.") The market value of the bonds before the UST Loan indicates that the total just compensation for unsecured GM debt is at least 30 cents

3

on the dollar. Because the proposed section 363 sale strips GM of any meaningful assets with which Morton might be compensated and offers it compensation far short of this just amount, Morton objects to the proposed sale. Morton further reserves the right to pursue any and all appropriate remedies against the United States if the proceedings before this court result in Morton receiving less than just compensation.

Date: New York, New York

      June 19, 2009

Respectfully submitted,

Gary Greenberg (GG 1614)

666 Fifth Avenue
27th Floor
New York, NY 10103
(212) 765-5770 (telephone)
(212) 765-5787 (facsimile)

John B. Orenstein (JO 6707)
ROSS & ORENSTEIN LLC
100 Sout Fifth St. – Suite 1200
Minneapolis, MN 55402
(612) 436-9802 (telephone)
(612) 436-9819 (facsimile)
*Counsel for Blaise Morton*