Honorable Justice
S. District Court
500 Pearl Street
New York, New York

A.T.&T., Pendency suit Berdon Claims L.L.C.
Jerico, N.Y. claim # 301595

G.M.
CHAPTER 11 CASE NO.
09-50026 (REG)
(JOINTLY ADMINISTERED)

– VS –

Executor

Estate(s) Joyce B. Keeler, Donald J. Keeler respectively

Son  P.R.  Richard A. Ferraro

    I am writing you today in reference to my personal representative status Executor status in the state of New York (enclosed raised seal copy) recently received from the Honorable Justice Hummel of New York. Enclosed in addition court documents I am requesting that my blind father Donald J. Keeler son of Wilbert R. Keeler a holder from 1910 to 1947 (information contained herein) was a manager in The firm of J.S. Bache & Co. as well as his wife (grandmother deceased 1968) Ms. Wilbert Richards Keeler aka Mrs. Alice Charlotte Keeler secretary to the J.S. Bache Co. of Troy, NY, Chicago, London & New York, New York respectfully.

    I request that a pre-se suit to be performed in my family's name estate of Joyce B. Keeler as I am the Son of Donald J. & Joyce B. Keeler as & I, Grandson of Wilbert Richards Keeler my fathers, father a Broker of Troy, New York. Two World wars.  It has been asked of me to go forward also in time with your understanding that my father being blind and limited interest to perform and left as a possible unrecognised "foundation to the industry" as a investor his brother failed to disclose Holman his fathers 1951 death the older broker to the court. I was to be the next of kin to follow up the family relationships in business.

    Donald & Joyce only made requests of agent relations to exercise/splits small amounts of dividends to retain & attain minor reflected stakeholder relationship for non-taxable dividends recordable interests over decades. Donald has not Rec'vd. His 1/3 Stock AD!

Kind Trust

    Donald and Joyce rec'vd a pendency suit from Jericho, NY rec'vd and filed without adequate response to date. Two such claim numbers exist for Joyce one sent during the term between Donald's death and her own in showing estate of Donald J Keeler 2006' with her appointment in NY to do so. wrote twice to the Berdon Claims LLC in reference to this matter that not enough common stock was unrecorded and she was in a "work in progress" to attain her deceased husbands net worth with "holding in trust" family Administration due to his blindness.

    Holman's atty. Robert Van Vrankin 227 Kingsley Road Burnt Hills NY States as recent communications relay that I am not a beneficiary I have been appointed late in the death of my father the ability to achieve administrative authorization only in the past 6 months To which full compliance of communications from Robert VanVrankin have been similar In uninformed, disoriented and pompous as the POA in his mis-administration activities.

Donald expressed that at best his war service in WW-ll was adequate to live with.
I have been informed that microfiche and in the account of General Electric a (document enclosed) reflects my father as Donald J Kuler, Keller in misspelled documents. Father spoke that Wilbert at times in a shorthand method had been known to be spoken as Wilhelm, Wm. in his fast signature method.

   Donald John Keeler  SS #█████-5229
   Joyce Bentley Keeler  SS #█████-0294
   Wilbert Richards Keeler SS #█████-3465
   Alice Charlotte Keeler SS #█████-8775

I am forwarding raised seal documents from the courts as well as copy's of the death certificates for both of my deceased parents are what I can immediately provide. I being in receipt of executor testamentary documents in December 2008' are enclosed as represented to the probate court in New York ancillary to the State of Maine principle residence.
I request if such a pro-se action before the court with adequate paper Work submitted would further entertain the court.

GM STOCK

Since communications with the court I have also been informed that my Identification SS # as well as my mothers registration with IRS has been misspelled And recently corrected to the IRS (a extension till 6/15/2009 was requested) copy Enclosed.
I have spoken with the appellate court of the State of New York and Have been instructed after discussion of my required clarity of the Keeler Family estate after my Uncle Holman N. Keeler's death this month in Scotia, New York. His estate currently in the Schenectady, New York probate is In question he being my fathers joint owner of the family home at 206 Pinewoods ave. Troy, NY. The street address in the 30's – 1950's was Box 57 Troy New York as a street address. The J.S. Bache & Co. River Street, Troy, New York.
I hope to facilitate the court civil pre-se action to further stock, financial As well as broker license clearification held by my Uncle Holman for my blind Father till his brothers death. GE Stock retained and 10/16/07 stock of Donald's Incomplete family house and financial aspect ft his mother's will had not been Completed, personal possessions not gathered in his family home.
I appreciate your attention to addressing this timely matter before me and a copy of your letter is also attached. I may be reached in writing in the State of Maine at 625 Wilson Pond Road N. Monmouth, Maine 04265-6117 tel 207 933-6528

or 207 933-9088 and look forward to your reply.

Best regards,

Richard Ferraro
625 Wilson Pond Road
N. Monmouth, Maine 04265

# VAN VRANKEN LAW OFFICE
227-229 Kingsley Road
Burnt Hills, New York 12027

Telephone (518) 399-2588
Facsimile (518) 399-2607
e-mail - rvanvranken@choiceonemail.com

Robert E. Van Vranken

March 14, 2008

Kevin G. Caslin, Esq.　　　　　　　　　　　　　　　　　　　Via Facsimile 371-6183
Law Office of E. Gray Watkins
Phoenix Office Building
1745 Route 9
Clifton Park, NY 12065

Douglas A. Eldridge, Esq.　　　　　　　　　　　　　　　　Via Facsimile 475-0393
9 Pinedale Avenue
Delmar, NY 12054

Re:　The Estate of Joyce Bentley Keeler
　　　Holman Keeler

Gentlemen:

This letter follows up mine to you both of February 19 and regarding the above-referenced estate. At that time, I indicated that any contacts involving my client, Holman Keeler, or Mr. Keeler's attorneys-in-fact, Guy and Emma Farrington, were to be directed to my office. Since that letter, Mr. Ferraro has attempted to talk with me by telephone on several occasions. He has recently come to my office with a proposed Power of Attorney to be signed by Holman Keller. I have destroyed that document.

Please be advised again that I will not speak with Mr. Ferraro for any reason. Any communication regarding the referenced estate must be by either one of you only. I have ordered, independently, a review of certain real property records in the County of Rensselaer in order to clarify and confirm title status of certain property or properties about which Mr. Ferraro seems to be concerned. Once I have reviewed those documents, I will advise my clients accordingly.

I have spoken today with Mr. Eldridge to reaffirm the directive set forth in this letter and with respect to Mr. Ferraro and any ongoing attempts to contact Mr. Keeler or the Farringtons. I am requesting that either or both of you notify Mr. Ferraro immediately regarding this communication so that he does not appear at my office again nor attempt in any way to create documents of which my client, Holman Keeler, is currently incapable of signing.

**SALOMON ANALYST AT&T LITIGATION**
**c/o BERDON CLAIMS ADMINISTRATION LLC**
**P.O. BOX 9014**
**JERICHO, NY 11753-8914**

FINAL NOTICE

September 15, 2008

DONALD J KEELER (DECD)
JOYCE B KEELER
625 WILSON POND RD
N MONMOUTH ME 04265

Your Claim Number: AT&T - 301595

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Salomon Analyst AT&T Litigation, which has been assigned the above claim number.

The schedule below summarizes the total quantities of AT&T Corporation ("AT&T") shares of common stock and AT&T Wireless Group ("AWE") shares of common/tracking stock you allege you have purchased, sold and held, as applicable to this litigation. Please note that AT&T common stock and AWE common/tracking stock are the only eligible securities in this case. Accordingly, purchases and/or sales of securities other than AT&T common stock and AWE common/tracking stock were excluded.

Please note that on or about November 18, 2005, AT&T Corporation merged into SBC Communications Inc., which subsequently changed its name to AT&T Inc. Shares of AT&T Inc. common stock which were originally acquired as SBC Communications Inc. common stock are not eligible in this case and were excluded. Additionally, shares of AWE common/tracking stock that were received as part of July 2001 spin-off are not eligible in this case and were excluded.

*AT&T Common Stock*

    Total number of shares of common stock held as of Nov 28, 1999 :        0.000
    Total number of shares purchased (Nov 29, 1999 - Oct 25, 2000) :        0.000
    Total number of shares sold (Nov 29, 1999 - Oct 25, 2000)      :        0.000
    Total number of shares of common stock held as of Oct 25, 2000 :        0.000

*AWE Common/Tracking Stock*

    Total number of shares purchased (May 2, 2000 - Jun 14, 2002)  :        0.000

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- On the Proof of Claim and Release form, you did not properly complete Section V entitled 'Schedule of Transactions in AT&T Stock' and Section VI entitled 'Schedule of Transactions in AWE Stock'. Accordingly, we do not have sufficient information to determine your Recognized Losses, if any. Only those persons and entities who purchased or acquired AT&T common stock and/or AWE common/tracking stock during the respective Class periods may be able to share in the proceeds from the Settlement. Failure to report all required information and provide documentation in support thereof may result in the rejection of your claim.

    Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a letter from the broker or portfolio manager. The documentation must include the trade date, quantity purchased/sold, cost/sales proceeds.)

- Other (if applicable):
  _____

  _____

If you fail to furnish all the information requested above within ten (10) days from the date of this letter, we will recommend to the Court that your claim be either partially or completely rejected, without further notice.

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Pendency and Proposed Settlement of Class Action. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

In order to be deemed acceptable, your supporting documentation has to indicate conclusively that the security in question was AT&T Corporation common stock and / or AT&T Wireless Group common/tracking stock, as distinguished from AT&T Inc. common stock. Accordingly, brokerage statements or other documents issued after November 18, 2005 (AT&T Corporation / SBC Communications, Inc. merger) may be considered insufficient.

Please refer to our website www.berdonclaims.com for the list of various types of documentation deemed acceptable by this office as well as the up-to-date information on the status of this case. Should you have any further questions regarding this letter, please contact us at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.

Very truly yours,

Claims Administrator
Salomon Analyst AT&T Litigation

PAGE 2

# E. Gray Watkins
Attorney and Counselor at Law
1745 Route 9
Phoenix Office Building
Clifton Park, New York   12065
Gwatkins@graywatkinslaw.com

E. GRAY WATKINS
-----------
KEVIN G. CASLIN

Phone (518) 371-6125
Fax (518) 371-6183

May 26, 2009

Rensselaer County Surrogate's Court
Attn: Paul V. Morgan, Chief Clerk
Rensselaer County Courthouse
80 Second Street
Troy, New York 12180

re: The Estate of Joyce Bentley Keeler

Dear Mr. Morgan:

Enclosed please find the Asset Inventory in regard to the above referenced estate.

If you have any questions or concerns, please feel free to contact me at any time.

Thank you.

Very truly yours,

Kevin G. Caslin
Kcaslin@graywatkinslaw.com

KGC/jlm
Enclosure
cc: Richard Ferraro

21-2004 12:36    AZYMUTH TELECOM 866 9336528                                          PAGE:2

DE-404
(Rev. 2-1-91)

# STATE OF MAINE

PROBATE COURT                                        Augusta
                                              Location of Court

KENNEBEC        COUNTY        DOCKET NO.    2007-0661

Estate of   Joyce Bentley Keeler           LETTERS OF AUTHORITY OF
                                           PERSONAL REPRESENTATIVE

TO:   Richard A. Ferraro

      625 Wilson Pond Rd.

      No. Monmouth, ME 04265

You have been appointed PERSONAL REPRESENTATIVE of the estate of    Joyce Bentley Keeler,
deceased    who died on the    15th    day of    October   ,  2007
domiciled at    North Monmouth, Maine

The decedent (check (a) or (b))                    If "Supervised," stamp or write in here:

X   (a) Left a will.

    (b) Left no will.

You are to administer the estate according to the law. If decedent left a will, your powers may be restricted by the provisions of the will. If these letters are marked "SUPERVISED," your powers are restricted according to law and as the court may have ordered.

During the course of your administration, you must give heed to any proceedings in this court which may affect your rights and duties as personal representative. In particular, if a petition is filed requesting that this estate be placed under supervised administration, you shall not exercise your power to distribute any estate until further notice from this court.

You must regardless, of other proceedings:

1. Notify all heirs, devisees, and other persons entitled to notice of your appointment within 30 days of your appointment. See 18-A MRSA § 3-705 and Form N-115.

2. Prepare an inventory of the assets of this estate within three months after your appointment and furnish it to interested persons who request it. See 18-A MRSA § 3-706 and Form DE-405.

Your letter of acceptance of this position and trust was received on 11/27/2007 and is conclusive evidence of your acceptance of your fiduciary obligations. You may be held personally liable for any violation of your duties under law with respect to the position you have accepted.

Date:   11/27/2007                                  _____
                                                    Register of Probate

## TAX SEARCH

It appears from the assessment rolls in the Tax Office of the County of Rensselaer that taxes are paid for the years 1998-2008 to include the following:

2007 assessment, payable 2008

City of Troy

Bill No. 0511000

Assessed to:   Joyce Keeler, Thelma Boettger

Premises:   206 Pinewoods Ave.

Section 112.43    Block 2    Lot 1    Cls 210

Land Value $5,540    Full Value $17,800

Exemption: ----

Total Tax 1st installment $1,017.59 PAID 1/7/08

2nd installment $1,017.57 PAID 7/14/08

For Information Only: The 2008-2009 School Taxes in the amount of:

1st installment $803.06 PAID 7/14/08
2nd     "     $803.06 DUE 1/31/09

NOTE:  These figures must be verified prior to closing.

Dated: 10/14/08

MONROE TITLE INSURANCE CORPORATION

BY _____
                VICE PRESIDENT



**Computershare**

Computershare
PO Box 43078
Providence, RI 02940-3078
Within the US, Canada & Puerto Rico   800 331 9922
Outside the US, Canada & Puerto Rico   781 575 3990
www.computershare.com/gm

JOYCE B KEELER
& DONALD J KEELER JT TEN
625 WILSON POND RD
NORTH MONMOUTH ME 04265-6117

**Holder Account Number**

C0000114961     JNT

## Transfer Request — See enclosed instructions

**PLEASE PRINT CLEARLY**

### CURRENT HOLDER INFORMATION

**Shares to be Transferred**

PLEASE NOTE: Whole shares cannot be divided into fractional shares.

**1** Daytime Telephone Number

**2** ☐ **Transfer ALL Shares** (all book-entry shares and any certificated shares submitted)
If this box is checked, do not complete sections 3, 4 and 5.

**PARTIAL TRANSFER:**

**3** **DRS Book-Entry Shares** (number of whole shares to transfer)

**4** **Certificated Shares** (number of whole shares to transfer)

**IMPORTANT:** Original certificate(s) must be submitted for your transfer to be executed.

**5** **Investment Plan Book-Entry Shares** (number of whole and/or fractional shares to transfer, if applicable)

All transferred shares will be placed in book-entry form unless otherwise requested in writing.

**6** **Authorized Signatures** — This section must be signed and stamped for your transfer to be executed.

The undersigned does (do) hereby irrevocably constitute and appoint Computershare as attorney to transfer the said stock, as the case may be, on the books of said Company, with full power of substitution in the premises.

The signature(s) below on this Transfer Request form must correspond exactly with the name(s) as shown upon the face of the stock certificate or a Computershare-issued statement for book-entry shares, without alteration or enlargement or any change whatever. The below must be signed by all current registered holders, or a legally authorized representative with indication of his or her capacity next to the signature.

NOTE: Signature(s) must be stamped with a Medallion Signature Guarantee by a qualified financial institution, such as a commercial bank, savings bank, savings and loan, US stockbroker and security dealer, or credit union, that is participating in an approved Medallion Signature Guarantee Program. **(A NOTARY SEAL IS NOT ACCEPTABLE)**

Required ▶ Medallion Guarantee Stamp
(Notary Seal is Not Acceptable)

Signature of All Current Holders or Legal Representatives

Date (mm / dd / yyyy)

**IMPORTANT ▶ You must complete both sides of this form for it to be valid.**

2UTR                         GMC

001CD40020    00TDFA                                       001CS0003.G.D.F.MIX.B 2430/000034/000168

**Computershare**

# Transfer Request — See enclosed instructions

**PLEASE PRINT CLEARLY**

**NEW HOLDER / RECIPIENT INFORMATION**     • Please complete for each new holder     • Use additional pages as necessary

**7 Account Type** (mark only <u>one</u> box with an "X"):

☐ Individual (complete A, B, C, G & H)   ☐ Custodial with Minor (complete A, B, C, D, G & H)   ☐ Transfer on Death (complete A, B, C, D, G & H)

☐ Joint (complete A, B, C, D, G & H)   ☐ Estate (complete A, B, C, E, G & H)   ☐ Trustee/Trust (complete A-H)

☐ Other (indicate type and complete A, B, C, D, G & H) _____

**A** New Holder's Existing Account Number (if applicable)

**B** *Social Security Number (SSN) or Employer Identification Number (EIN)
*(do not use hyphens)*
SSN ☐   EIN ☐
(check one box above)

**C** Name (First, MI, Last) - Individual / Custodian / Trustee / Executor / Other

**D** Name (First, MI, Last) - Joint Holder / Minor / Co-Trustee / TOD Beneficiary / Other (if applicable)

**E** Trust / Estate Name (if applicable)

Trust / Estate Name - *continued*

**F** Date of Trust (mm / dd / yyyy) (if applicable)

**G** Address Number and Street Name / PO Box       Apt. / Unit Number

**H** City       State       Zip Code

**8** *Form W-9*: This section must be signed by the NEW HOLDER/RECIPIENT, as shown above, whose SSN/EIN is entered in section 7B above.
**Certification:** Under penalties of perjury, I certify that: (1) the number shown on this form is my correct Taxpayer Identification Number, and (2) I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and (3) I am a US citizen or other US person.
**Certification Instructions:** You must cross out item (2) in the above paragraph if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return.

Signature of New Holder       Date (mm / dd / yyyy)

Certificate# 3228

# SURROGATE'S COURT OF THE STATE OF NEW YORK
## RENSSELAER COUNTY

File #: 2008-111

## CERTIFICATE OF APPOINTMENT OF EXECUTOR(S)

IT IS HEREBY CERTIFIED that Letters in the estate of the Decedent named below have been granted by this court, as follows:

Name of Decedent: **Joyce Bentley Keeler**
aka   Joyce B Keeler

Date of Death: **October 15, 2007**

Domicile of Decedent: **North Monmouth, County of Kennebec, State of Maine**

Fiduciary Appointed: **Richard Ferraro**
Mailing Address: 625 Wilson Pond Road
North Monmouth ME  04265

Type of Letters Issued: **ANCILLARY LETTERS TESTAMENTARY**
Letters Issued On: **August 19, 2008**
Limitations: **NONE**

and such Letters are unrevoked and in full force as of this date.

Dated: **December 24, 2008**

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Rensselaer County Surrogate's Court at Troy, New York.

WITNESS, Hon. Christian F Hummel, Judge of the Rensselaer County Surrogate's Court.



Paul V Morgan Jr, Chief Clerk
Rensselaer County Surrogate's Court

*This Certificate is Not Valid Without the Raised Seal of the Rensselaer County Surrogate's Court*