Objection deadline: June 24, by Agreement with Debtors
Hearing date: June 30, 2009 at 9:45 am

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
David Feldman (DF-8070)
Matthew J. Williams (MW-4081)
Adam H. Offenhartz (AO-0952)

ATTORNEYS FOR WILMINGTON TRUST COMPANY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **GENERAL MOTORS CORP.** *et al.*, | Case No. 09-50026 (REG) |
| **Debtors.** | (Jointly Administered) |

**JOINDER OF WILMINGTON TRUST COMPANY TO LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE JUDGE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Wilmington Trust Company, as Indenture Trustee ("**WTC**"), by and through its undersigned counsel, hereby submits this joinder ("**Joinder**") to the Limited Objection of the Official Committee of Unsecured Creditors (the "**Committee**") to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens,

- 1 -

Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "**Limited Objection**"), and adopts and incorporates by reference the facts and arguments set forth in the Limited Objection.[1]

## BACKGROUND

1. On June 1, 2009, Debtors each commenced a voluntary case with this Court under chapter 11 of title 11, United States Code (collectively, the "**Chapter 11 Cases**").  The Debtors now seek the entry of an order authorizing and approving the U.S. Treasury-sponsored sale ("**Sale**") pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, and Federal Rules of Bankruptcy Procedure 6004 and 6006.

2. WTC is the indenture trustee for approximately $23 billion in unsecured bonds issued by General Motors Corporation ("**GM**").[2]  In this capacity, WTC has a duty to represent the interests of all of its constituent bondholders, from large multi-billion dollar institutions to individual retirees and investors on fixed incomes.  WTC's goal is to maximize distributions to *all* of these constituent bondholders, and to ensure that their interests are vigorously represented in this complex and fast-moving bankruptcy case.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed thereto in the Limited Objection.

[2] WTC is the successor indenture trustee to Citibank, N.A. (**"Citibank"**), under two indenture agreements with GM pursuant to which GM issued senior unsecured debt securities: (i) a Senior Indenture, dated as of December 7, 1995, as amended; and (ii) a Senior Indenture, dated as of November 15, 1990 (collectively, the **"Indentures"**).  The outstanding series of notes issued pursuant to the 1995 Indenture are represented by CUSIP numbers: 370442AT2; 370442AU9; 370442AV7; 370442AZ8; 370442BB0; 370442816; 370442774; 370442766; 370442758; 370442741; 370442733; 370442725; 370442BQ7; 370442BT1; 370442717; 370442BW4; 370442BS3; 370442121; and 370442691.  The outstanding series of notes issued pursuant to the 1990 Indenture are represented by CUSIP numbers: 370442AN5; 370442AJ4; 370442AR6; 37045EAG3; and 37045EAS7.  As of June 1, 2009, the principal amount of the debtentures that remained outstanding totaled $21,435,281,912 under the 1995 Indenture and $1,324,590,000 under the 1990 Indenture.

3.       On June 3, 2009, the Office of the United States Trustee appointed WTC and fourteen other members to the Creditors' Committee. WTC was elected chairperson of the Creditors' Committee by the other Committee members.

4.       As chairperson of the Creditors' Committee, WTC has taken an active role in Creditors' Committee discussions and deliberations. Specifically, WTC has taken extensive steps to analyze the Chapter 11 Cases and the Sale, including but not limited to: (a) reviewing, analyzing and engaging in extensive discussions and deliberations regarding the various motions, legal issues, and business concerns surrounding the Chapter 11 Cases and the Sale; (b) fielding and addressing the concerns of GM's bondholders; and (c) reviewing and analyzing reports and other analyses of the Sale, the Sale consideration, and liquidation scenarios prepared by the Debtors, Committee counsel and Committee financial professionals.

## JOINDER

5.       WTC has very serious reservations about many of the sale's terms, in particular the proposed treatment of bondholders. But after performing the analyses set forth above, and after speaking to numerous bondholders and their representatives, WTC has come to the conclusion that the proposed Sale appears to be the *only* means of providing any meaningful recovery to bondholders. Indeed, it appears the liquidation that would likely result but for the Sale would provide bondholders with no recovery.

6.       While WTC supports a Sale under the current circumstances, WTC is of the view that there are certain provisions of the Sale that put bondholder recoveries so at risk as to mandate the filing of this Joinder. Notably (and as argued in more detail in the Limited Objection), given the size of this case it is wholly uncertain whether the post-sale assets left behind at Old GM will be even remotely sufficient to pay the administrative and priority expenses of the estates. Equally troubling is the fact that if the entity purchasing GM's assets is

authorized (notwithstanding applicable law) to cut off liability for present and future tort and successor liability claims, these unknowable and currently unquantifiable claims would be left against Old GM, a result that could substantially dilute estimated creditor distributions by an unknowable amount and could delay distributions to unsecured creditors for an unfairly indefinite period of time.[3]

   7.  Put simply, although WTC understands (and indeed supports) GM's desire for speed and certainty in this case, a speedy and certain sale of GM's assets that results in an uncertain and indefinite distribution scheme to unsecured creditors is not, in WTC's view, a successful or even remotely appropriate outcome here. Bondholders in this case are being asked to sacrifice an immense amount—perhaps more than any other constituency—and at the very least, the bondholders that WTC serves are entitled to some idea as to the amount and timing of the likely distribution they may ultimately receive. Accordingly, while WTC is, under the circumstances, supportive of the Sale in principal, the Sale should not be approved unless and until the infirmities raised in the Limited Objection are adequately addressed.

---

[3]  WTC further adopts the objections raised in Exhibit A to the Limited Objection.

## CONCLUSION

8. WHEREFORE, WTC respectfully requests that the Court approve the Sale Order provided that it is amended to address the infirmities set forth herein and further set forth in the Limited Objection.

Dated: New York, New York
June 24, 2009

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

/s/ David Feldman
David Feldman (DF-8070)
Matthew J. Williams (MW-4081)
Adam H. Offenhartz (AO-0952)
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  (212) 351-4000
Facsimile:   (212) 351-4035

ATTORNEYS FOR WILMINGTON TRUST COMPANY