BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Mark R. Owens, Esq.

*Counsel for Hirata Corporation of America*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*[1] | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF HIRATA CORPORATION OF AMERICA TO
CURE AMOUNT PROPOSED BY THE DEBTORS WITH RESPECT TO
(I) DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND
(m) AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE
(A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF;
AND (II) SCHEDULE SALE APPROVAL HEARING AND (II) NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
<u>AND (II) CURE AMOUNTS RELATED THERETO</u>**

Hirata Corporation of America ("Hirata"), by and through its undersigned counsel, hereby files its Limited Objection (the "Limited Objection") with respect to (I) Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002,

---

[1] The Debtors and their respective Tax ID numbers are as follows:  General Motors Corporation, Tax ID No. 38-0572515; Saturn, LLC, Tax ID No. 38-2577506; Saturn Distribution Corporation, Tax ID No. 38-2755764; and Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707.

6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Other Related Relief and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "Motion to Assume and Assign"); and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 15, 2009 (the "June 15, 2009 Notice").[2]  In support of its Limited Objection, Hirata respectfully states as follows:

**Background**

1.      On June 1, 2009, the Debtors in the above-captioned case filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (as amended, the "Bankruptcy Code").

2.      On June 1, 2009, the Debtors filed the Motion to Assume and Assign.

3.      On June 2, 2009, the Court entered its Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice [Docket No. 274] (the "Sale Procedures Order").

---

[2] Hirata previously received a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto dated June 5, 2009 (the "June 5, 2009 Notice") that dealt with other contracts and Hirata timely filed an objection to the June 5, 2009 Notice on June 12, 2009 [Docket No. 941].

2

4.   Hirata received the June 15, 2009 Notice on June 18, 2009. The June 15, 2009 Notice provided information and procedures for Hirata to log onto a certain website to obtain information on the contract(s) to be assumed and assigned. Although initial logon to the website did not list any contract to be assumed, by June 22 the website showed that a single executory contract between the Debtors and Hirata was listed, which was identified as GM Contract ID RAS90676 (the "Contract"). The website also listed the Contract status as "Objected". A cure amount was not listed.

5.   Hirata does not understand the contract status of "Objected" because Hirata was not previously notified that the Contract was being assumed and assigned to the Purchaser.

6.   Since receiving the June 15, 2009 Notice, Hirata has logged onto the website provided by the Debtors numerous times and the information with respect to the Contract has not changed.

7.   The website only lists the Contract, but Hirata does business with the Debtors under numerous other contracts. This Limited Objection only addresses the Contract that Hirata was able to view on the website and Hirata reserves and preserves its rights, including its right(s) to object to the assumption, assignment and/or cure amount(s), with respect to any additional contracts.

8.   Hirata has called the call center in an effort to obtain additional information regarding the Contract and the cure amount, but Hirata has not received sufficient additional information.

## Limited Objection

9.   Hirata objects to the Debtors proposed assumption of the Contract because a cure payment of at least ¥19,024,580 Japanese Yen (the "Hirata Cure Amount") is required to cure

3

the outstanding amounts owed under the Contract prior to assumption by the Debtors and assignment to the Purchaser. A chart explaining the Hirata Cure Amount is attached hereto as <u>Exhibit A</u> and incorporated herein by reference as if fully set forth at length. As previously noted, the website does not list a cure amount for the Contract.

10. An additional ¥1,231,350 Japanese Yen for projects in progress for final acceptance that has not yet been invoiced may become due and owing as part of the Hirata Cure Amount prior to the assumption of the Contract and Hirata reserves and preserves its rights to add this ¥1,231,350 Japanese Yen along with any other amounts that become due and owing to the Hirata Cure Amount in the future.

11. Hirata has absolutely no objection to the Contract being identified by the Debtors as a contract to be assumed by the Debtors and assigned to the Purchaser, but the Hirata Cure Amount and any additional amounts must be paid.

12. Hirata is filing this Limited Objection to comply with the Sale Procedures Order, Motion to Assume and Assign and June 15, 2009 Notice and to preserve its rights thereunder.

13. Section 365(b)(1) of the Bankruptcy Code provides:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -- (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ….

14. Hirata objects to the Motion and June 15, 2009 Notice on the following grounds:

   a. the Debtors do not list a cure amount to be paid with respect to the Contract;

   b. at the very least, the Hirata Cure Amount must be paid;

   c. the Debtors' post-petition obligations to Hirata in furtherance of Hirata's ongoing obligations to the Debtors must be included as part of any assumption and assignment of the Contract; and

4

    d. the June 15, 2009 Notice does not clarify the intentions of the Debtors and the Purchaser with respect to the timing and ongoing responsibility for payment of certain "holdback" amounts for goods and services previously provided to the Debtors by Hirata.

15. Accordingly, Hirata objects to the Debtors' proposed assumption and assignment of the Contract pursuant Section 365 of the Bankruptcy Code to the extent that any cure amount is less than 100% of the actual pre-petition and post-petition obligations owed by the Debtors to Hirata as of the assumption and assignment of the Contract.

16. This Limited Objection sets forth Hirata's objections under appropriate headings. Hirata respectfully requests that the requirements of Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Hirata Corporation of America respectfully requests that if the Debtors and Hirata do not agree upon the ¥19,024,580 Japanese Yen owed to Hirata as evidenced by the attached Exhibit A and any other amounts that become due and owing, that the Court enter an Order: (i) sustaining Hirata's objections as raised herein and denying the Motion to Assume and Assign and June 15, 2009 Notice to the extent payment to Hirata is an amount less than the Hirata Cure Amount plus all post-petition obligations owed by the Debtors to Hirata in furtherance of Hirata's ongoing obligations to the Debtors; and (ii) for all other and further relief that is just and proper.

[signature page follows]

| | |
|---|---|
| Dated: June 24, 2009<br>Indianapolis, Indiana | **BARNES & THORNBURG LLP**<br><br>/s/ Mark R. Owens<br>Mark R. Owens<br>11 South Meridian Street<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 236-1313<br>Facsimile:  (317) 231-7433<br>E-Mail:  mowens@btlaw.com<br><br>*Counsel for Hirata Corporation of America* |

INDS01 MOWENS 1133089v1