Robert M. Dombroff
Jeffrey S. Sabin
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Tel: 212-705-7000
Fax: 212-752-5378

*Counsel to Deutsche Bank AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                                                    :    Chapter 11
                                                                              :
GENERAL MOTORS CORP., *et al*.            :    Case No. 09-50026 (REG)
                                                                              :
                            Debtors.                          :    (Jointly Administered)
------------------------------------------------------------x

## REPLY OF DEUTSCHE BANK AG TO DEBTORS' RESPONSE TO LIMITED OBJECTION OF MOTION OF THE DEBTORS FOR FINAL ORDER APPROVING POSTPETITION FINANCING AND RESPONSE TO SALE MOTION

Deutsche Bank AG ("Deutsche Bank"), by and through its counsel, Bingham McCutchen LLP, hereby files this reply (the "Reply")[1] to the Omnibus Response (the "Response") of General Motors Corp., *et al*. ("GM" or the "Debtors") filed on June 23, 2009, to the Objections to the Debtors' Final DIP Motion. Deutsche Bank filed a limited objection and request for clarification (the "Limited Objection")[2] [ECF #2031] to the Final DIP Motion on June 19, 2009. In support of the Reply, Deutsche Bank respectfully alleges and represents as follows:

**Preliminary Statement**

As set forth in the Limited Objection, Deutsche Bank is party to the Commodities Hedge, and, pursuant to the Revolver Facility and related documents, the agent under the Revolver Facility (the "Agent") holds, for Deutsche Bank's benefit, the Collateral as security for the related $11,759,028 obligation. Deutsche Bank does not object to the Final DIP Order or the 363 Sale (as defined below).

---
[1] The Court granted permission to file this Reply.
[2] Deutsche Bank hereby incorporates the facts and legal arguments of the Limited Objection and Request for Clarification, attached as Exhibit A.

A/73073462.2

Deutsche Bank requests clarification of the treatment of a portion of the Revolver Facility over which it has a secured claim.[3] To the extent that the Debtors do not satisfy the amount due and owing under the Commodities Hedge in the course of the closing of the DIP financing (the "DIP Closing"), the Debtors must account for its treatment pursuant to the 363 Sale as set forth below.

In response to the Limited Objection, not only did the Debtors decline to clarify the treatment of the obligation related to the Commodities Hedge, but the Debtors filed a dismissive non-response,[4] stating that the objection is not relevant to the Final DIP Motion. Deutsche Bank reiterates its request that the Court require the Debtors to clarify exactly how they plan to avoid paying an undisputedly oversecured lienholder and to sell the underlying Collateral free and clear of any lien, while circumventing their obligations under the Revolver Facility and the requirements of section 363(f) of the Bankruptcy Code.

As described below, the Debtors are contractually obligated (under the Revolver Facility) to pay the secured Hedging Obligations upon the receipt of the proceeds relating to the Collateral held in connection with the Hedging Obligations. The Debtors must clarify how the secured Commodities Hedge will be treated pursuant to the proposed sale (the "363 Sale"), or otherwise risk a violation of section 363(f) of the Bankruptcy Code. The Debtors propose to sell the underlying Collateral without satisfying the liens, without the consent of the Hedging Secured Party (Deutsche Bank) and without any settlement of the dispute regarding the requirement to satisfy the lien under the Revolver Facility, the amount due and owing, or the oversecured status of the lien on the Collateral.

---

[3] Terms not defined herein have the meanings ascribed to them in the Limited Objection.

[4] The Debtors do note in the Response that they do not plan to argue setoff against the Commodities Hedge, and in the same breath they state they have asked for information about Deutsche Bank's other relationships with GM and have not received it. Counsel to Deutsche Bank has in fact discussed the relationships with counsel to GM, and in any case, such information and related analysis is completely irrelevant to the DIP Motion, given that the Debtors do not have any setoff rights related to the Commodities Hedge.

**Argument**

1.      The Debtors propose to ignore the Hedging Obligations, including the Commodities Hedge, in the course of closing on the DIP.  If the Final DIP Order is approved without clarification or amendment, the Debtors will have the authority to repay the Revolver Facility[5], and the rights of the parties to the Revolver Facility will be extinguished[6].  Although the Debtors do not contest that in respect of the Commodities Hedge, Deutsche Bank holds an oversecured lien, the Debtors propose no treatment at all for the Hedging Obligations.

2.      The Revolver Facility prescribes the treatment the Debtors must afford to the Hedging Obligations.  GM's filing of petitions for relief under the Bankruptcy Code is an Event of Default under the Revolver Facility.  See Revolver Facility, Limited Objection, Exhibit A, § 7.  The ongoing Event of Default requires that any payment, including prepayments, of obligations under the Revolver Facility be made in accordance with a waterfall provision.  See Revolver Facility, Limited Objection, Exhibit A, § 2.16(c).

3.      Under the waterfall, the fees and expenses of the Agent are paid first, followed by the Secured Obligations and the Non-Loan Exposure.  Once those payments have been made, the proceeds of the Collateral are paid to the Agent for "payments of amounts then due and owing and remaining unpaid in

---

[5] The Interim DIP Order authorizes the Debtors to:

> …repay amounts outstanding under the … Revolving Facilities as of the repayment date (the "Payment Date"), including principal, accrued and unpaid interest, fees, letter of credit reimbursement obligations (including obligations to cash collateralize undrawn letters of credit) and any other amounts due or owing by the Debtors thereunder…

Interim DIP Order, ¶ 18.

[6] The Interim DIP Order also provides that:

> …the holders of such obligations [under the Revolver Facilities] shall have no further rights with respect to the Debtors, the DIP Lenders, the Property or any claims or liens relating thereto (all of which liens and claims shall be deemed automatically satisfied and released without further action), whether such claims or liens arise under…the Prepetition Credit Agreement, related documentation or otherwise, and the Debtors and their estates shall have no further obligations to [the holders of such obligations] in connection with the Prepetition Term and Revolving Facilities.

Interim DIP Order, ¶ 18.

3

A/73073462.2

respect of the Hedging Obligations, pro rata among the Hedging Secured Parties according to the amounts of the Hedging Obligations then due and owning and remaining unpaid to the Hedging Secured Parties." See Revolver Facility, Limited Objection, Exhibit A, § 2.16(c)(i-v).  Following the repayment of obligations under the Secured Hedging Obligations, remaining letters of credit and other remaining Commitments must be terminated.  See Revolver Facility, Limited Objection, Exhibit A, § 2.16(c)(vi).  All of the Obligations under the Revolver Facility, including the Hedging Obligations, must be paid in full before GM may receive any of the proceeds from the Collateral.  See Revolver Facility, Limited Objection, Exhibit A, § 2.16(c)(vi).

4.      The Debtors requested, in the DIP Motion, authorization for the Debtors to repay the Revolver Facility, including the Hedging Obligations, but the Interim DIP Order does not authorize payments to be made on the Hedging Obligations.

5.      As noted above, if the Final DIP Order is entered in the same form as the Interim DIP Order, as it relates to the treatment of the Hedging Obligations, Deutsche Bank's lien on the Collateral will remain after the DIP Closing.  Such Collateral is subject to the terms of the Master Sale and Purchase Agreement, dated as of June 1, 2009, by and among the Debtors as Sellers and Vehicle Acquisition Holdings LLC as Purchaser (the "Sale Agreement"), which provides that the Collateral will be conveyed free and clear of any liens thereon.  See Sale Agreement, § 2.2 (describing the Debtors' assets to be purchased, which include, among other things, all accounts receivable and inventory of the Debtors other than any accounts receivable related to Excluded Assets (as defined in the Sale Agreement)) and § 2.1(providing that the Purchaser shall purchase the Debtors' identified assets "free and clear of all Encumbrances (other than Permitted Encumbrances), Claims and other interests").

6.      Section 363(f) of the Bankruptcy Code allows a debtor-in-possession to sell property of the estate free and clear of interests on such property, including liens, only if:

> (1) applicable bankruptcy Law permits sale of such property free and clear of such interest;
> (2) such entity consents;

4

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4) such interest is a bona fide dispute; or

   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

See 11 U.S.C. § 363(f). *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 87 (2d Cir. 2005); *In re Smart World Technologies, LLC*, 423 F.3d 166 (2d Cir. 2005); *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988). As discussed above, none of the above mentioned exceptions to section 363(f) apply, and the Debtors do not indicate an intention to provide payment on the liens.

7. In this case although the Hedging Obligations are oversecured, the Debtors are not offering any satisfaction of their obligation. Instead, the Debtors are proposing to ignore the oversecured lien, and after the DIP Closing and 363 Sale, the result will be the termination of the oversecured lien without payment thereon.

## **Relief Requested**

8. Deutsche Bank does not intend to hold up the DIP Closing or the 363 Sale, however, Deutsche Bank requests that the Court direct the Debtors to provide information on the treatment of the Hedging Obligations.

Dated: New York, New York
    June 24, 2009

                 By: /s/ ___Jeffrey S. Sabin_____
                    Robert M. Dombroff
                    Jeffrey S. Sabin
                    BINGHAM McCUTCHEN LLP
                    399 Park Avenue
                    New York, NY 10022-4689
                    Tel: 212-705-7857
                    Fax: 212-752-5378

                    *Counsel to Deutsche Bank AG*