**DLA PIPER LLP (US)**
KAROL K. DENNISTON (Admitted *Pro hac vice*)
JENNIFER L. NASSIRI (Admitted *Pro hac vice*)
550 South Hope Street, Suite 2300
Los Angeles, CA  90071-2678
Tel:  (213) 330-7700
Fax:  (213)330-7701
karol.denniston@dlapiper.com
jennifer.nassiri@dlapiper.com

Attorneys for Hewlett-Packard Company,
Electronic Data Systems, LLC, an HP Company,
Hewlett-Packard Financial Services Company, and
certain of their affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re: : | |
| : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** : | |
| : | **Case No. 09-50026 (REG)** |
| Debtors. : | **(Jointly Administered)** |
| : | |

------------------------------------------------------------x

**SUPPLEMENTAL RESPONSE OF HEWLETT-PACKARD COMPANY, ELECTRONIC DATA SYSTEMS, LLC, AND HEWLETT-PACKARD FINANCIAL SERVICES COMPANY TO NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Hewlett-Packard Company ("HP"), Electronic Data Systems, LLC ("EDS"), Hewlett-Packard Financial Services Company ("HPFS") and certain of their affiliates (sometimes collectively "HP")[1] file this Supplemental Response (the "Supplemental Response") to the Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assignment Notices").  In support of this Supplemental Response, HP states as follows:

---
[1] This Supplemental Response is filed on behalf of certain HP affiliates, a list of which is attached hereto as Exhibit "A."

1

## I.     BACKGROUND

1.     On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and certain of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion"). See Docket No. 92.

3.     Attached to the Sale Motion as Exhibit B is the proposed Order (I) Authorizing Sale of Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale; and (III) Granting Related Relief (the "Proposed Sale Order").

4.     On June 2, 2009, this Court entered an Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice Order (the "Sale Procedures Order"). See Docket No. 274. The hearing to approve the Sale Motion is set for June 30, 2009.

5.     In response to multiple Assignment Notices, on June 15, 2009, HP filed its Response Of Hewlett-Packard Company And Electronic Data Systems, LLC To Notices Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts And Unexpired Leases Of Personal Property, And Unexpired

Leases Of Nonresidential Property And (II) Cure Amounts Related Thereto. (the "HP Response"). See Docket No. 1112. The HP Response is incorporated herein by reference.

6. Also on June 15, 2009, HPFS filed its Response Of Hewlett-Packard Financial Services Company To Notices Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts And Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Property And (II) Cure Amounts Related Thereto. (the "HPFS Response"). See Docket No. 1115. The HPFS Response is incorporated herein by reference. (The HP Response and HPFS Response shall be collectively referred to as the "HP Response").[2]

7. Since the filing of the HP Response, HP and GM have actively continued to work together to address the concerns raised in the HP Response. Unfortunately, HP still does not have sufficient information from GM to (1) properly analyze the proposed assumption and assignment; (2) confirm that all HP Agreements[3] are being assumed and assigned; (3) verify all such contracts have been accurately identified; and (4) confirm the accuracy of the Proposed Cure Amounts. This is especially troubling given the speed by which the Debtors seek entry of the Proposed Sale Order.

8. While HP does not object to the assumption and assignment of the HP Agreements and does not want to impede the sale process, the Proposed Sale Order can not be entered as presently drafted because it (1) contains language that is inconsistent with the Master Purchase Agreement ("MPA") and Sale Procedures Order; (2) seeks a premature determination by this Court that the Debtors have cured and/or provided adequate assurance of cure (through the Purchaser) of any default existing prior to the date of the entry of the Proposed Sale Order; (3) seeks to sever HP's rights and defenses before the sale date and confirmation of the identity of HP Agreements being assumed and assigned; and (4) provides for the Contract Website to be the final determination of unpaid cure amounts when the information on the

---

[2] All terms not defined herein will have the meaning assigned to them in the HP Response, the Sale Motion or Sale Procedures Order.

[3] For purposes of this Supplemental Response, the term "HP Agreements" shall include HPFS Agreements.

3

Contract Website changes on a daily, if not, hourly basis and remains inconsistent with HP's books and records.

9. The Proposed Sale Order is inconsistent with the very process underway which expressly allows the Purchaser to continue to designate additional contracts to be assumed by the Debtors up to thirty (30) days after the Closing. Despite working with the Debtors, HP does not have confidence that the HP Agreements being assumed have been clearly identified and, as a result, the Proposed Sale Order does not accurately describe the Debtors' implementation of the very assumption, assignment and cure procedures the Debtor designed.

## II.    SUPPLEMENTAL RESPONSE

### A.    The Timing Parameters In The Proposed Sale Order Are Inconsistent With The Sale Procedures Order And The Bankruptcy Code

10. Paragraph 10 of the Sale Procedures Order provides, "From the date of the MPA until thirty (30) days after the Closing Date (or a later date if mutually agreed upon by Sellers and the Purchasers) (the "Executory Contract Designation Deadline"), the Purchaser may (i) designate any additional Executory Contracts or Leases as Assumable Executory Contracts and add such Assumable Executory Contracts to the Schedule or (ii) remove any Assumable Executory Contract from the Schedule . . .."[4] Despite the ability of the Purchaser to continue to designate executory contracts for assumption for 30 days after Closing, the Proposed Sale Order provides no mechanism or process to protect non-Debtor parties' rights if their executory contracts or unexpired leases are not deemed Assumable Executory Contracts until some time after the Closing. This is particularly troublesome for HP who has been unable, despite best efforts, to determine which HP Agreements the Debtors are seeking to assume.

11. Specifically, Debtors request a finding of fact in Section AA of the Proposed Sale

---

[4] The Schedule of Executory Contracts and Leases that the Purchaser has designated is also alluded to in the MPA as Disclosure Schedule 6.6 (a) , however this Disclosure Schedule has not yet been made public.

4

Order that, "The Debtors have (i) cured and/or provided adequate assurance of cure (through the Purchaser) of any default existing prior to the date [of the entry of the Proposed Sale Order] under any of the Assumable Executory Contracts, within the meaning of section 365 (b)(1)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date [of the entry of the Proposed Sale Order] under any of the Assumable Executory Contracts, within the meaning of Section 365(b)((1)(B) of the Bankruptcy Code . . .." Proposed Sale Order, ¶AA. This is problematic to HP because (i) Debtors have failed to confirm the identity of the HP Agreements they are seeking to assume and assign to Purchaser and (ii) based on inconsistencies between the Sale Procedures Order and the Proposed Sale Order there is not sufficient certainty as to whether Debtors will cure defaults existing as of the Petition Date, date of the entry of the Sale Order, the Closing Date, or the Assumption Effective Date or some other date after their contracts are deemed Assumable Executory Contracts.

12.     First, neither the Sellers nor the Purchaser have published the "Schedule" of Assumable Executory Contracts and have yet to confirm the identity of the HP Agreements they are seeking to assume and assign.  It is premature and impractical for this Court to make a finding of fact that the Debtors (through the Purchasers) have cured all defaults when HP has no clarity which HP Agreements Debtors are seeking to assume.

13.     Second, Paragraph AA is inconsistent with the Sale Procedures Order which provides that the Contract Website "contains amounts that the Debtors believe must be paid to cure all prepetition defaults . . ." existing as of the Petition Date (See Sale Procedures Order, Exh. D, ¶5) while Paragraph AA provides that all defaults existing as of the date of the entry of the Proposed Sale Order will be cured.  To further confuse matters, Paragraph 22 of the Proposed Order mentions that defaults existing as of the Closing will be cured and Section 2.3 of the MPA

5

provides that the Purchaser will assume all liabilities under each Purchased Contracts without any reference to time.

14. Thus non-Debtor parties to executory contracts and unexpired leases are faced with unraveling the inconsistencies as to whether the Purchaser will cure defaults existing as of the Petition Date, date of the entry of the Sale Order, the Closing Date, or the Assumption Effective Date[5] or some other date after their contracts are deemed Assumable Executory Contracts.

15. The Proposed Sale Order as drafted fails to include the necessary safeguards to ensure that all defaults will be cured upon assumption (not just those existing as of the Petition Date). Accordingly, the Proposed Sale Order should be modified to provide, as required by Section 365 of the Bankruptcy Code, that the Debtors cure (or provide adequate assurance that the Debtors will promptly cure) both pre-petition and post-petition defaults existing as of the date of the "assumption of the contract." See 11 U.S.C. §365(b)(1).

16. In addition, the Proposed Sale Order attempts to sever, by forever barring, estopping and permanently enjoining HP's ability to assert against the Debtors, the Purchaser, their successors or assigns, or their respective property any default arising prior to or existing as of the Closing or against the Purchaser, any counterclaim, defense, setoff or other Claim assertable against the Sellers, when according to the Sale Procedures Order, the Purchaser has until 30 days after Closing to designate Assumable Executory Contracts and remove previously designated Assumable Executory Contracts from the Schedule of Executory Contracts and Leases designated to be assumed and assigned. Proposed Sale Order ¶23. These two concepts are inconsistent and unworkable.

17. In addition, HP objects to Paragraph 23 of the Proposed Sale Order to the extent it

---

[5] The Assumption Effective Date itself is a moving target and not easily determined by the Sale Procedures Order,

6

is interpreted to permanently bar or enjoin a non-Debtor party's rights to assert defenses against the Purchaser for any default by that non-Debtor party arising prior to the assumption date, a claim that the Purchaser would likely succeed to pursuant to the MPA.

18. Furthermore, Paragraph 24 of the Proposed Sale Order contemplates that the Debtors will be released from liability under the Assumable Executory Contracts upon the Closing, rather than the date of the assumption and assignment of such executory contracts as required by the Bankruptcy Code. See 11 U.S.C. §365(b)(1).

19. The Proposed Sale Order should be modified to make clear that HP retains all rights, counterclaims, defenses, setoff or other Claims against the Debtors that arise or exist as of the actual date of assumption for the HP Agreements rather than the date of Closing (in the event the date of the assumption occurs after the Closing). In addition, the Proposed Sale Order should be modified to clarify that HP retains all rights and defenses against the Purchaser for affirmative claims against HP for any HP defaults under the HP Agreements.

20. Furthermore, the Proposed Sale Order should clarify that the Purchaser will be liable for all defaults and accrued liabilities that exist as of the date the HP Agreements are assumed consistent with the definition of "Assumed Liabilities" in the MPA.

B. **The Contract Website Fails To Clearly Identify The HP Agreements Debtors Are Seeking To Assume And Fails To Set Forth The Proper Cure Amounts**

21. In the days and weeks since HP received its Assignment Notices, HP has been working diligently to decipher, in coordination with GM, the limited data contained in the Contract Website to determine which HP Agreements, if not all, are being assumed. That effort has not been successful. While the data on the Contract Website changes daily, HP is no closer to understanding the full extent of the HP Agreements the Debtors are seeking to assume and reconciling the Cure Amounts. For that reason, the language in Paragraph 22 of the Proposed

---

Assignment Notices or the Proposed Sale Order.

7

Sale Order is premature and inappropriate.  Specifically, Paragraph 22 of the Proposed Sale Order provides that "The Database maintained by the Debtors with respect to the Assumable Executory Contracts, . . . reflects the sole amount necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the Assumable Executory Contracts . . . and no other amounts are or shall be due to the non-Debtor parties in connection with the assumption by the Debtors and the assignment to the Purchaser of the Assumable Executory Contract."  Proposed Sale Order ¶22.

22. Again, the Contract Website only contains information related to defaults existing as of the Petition Date which is contrary to the requirements of the Bankruptcy Code and inconsistent with the language in the first sentence of Paragraph 22 of the Proposed Sale Order which provides that all undisputed defaults or other obligations of the Sellers arising or accruing prior to the Assumption Effective Date will be cured.  It is unfair to force HP to accept the data in the Contract Website as true and release the Debtors and/or the Purchaser from any and all liability arising under the Assumable Executory Contracts until such time as the Debtors provide HP with the certainty it requested in the HP Response, namely the identity of all HP Agreements the Debtor is seeking to assume.

23. Without a mechanism in place to provide certainty as to the identity of which HP Agreements are being assumed, HP should not be bound by Paragraph 22 of the Proposed Sale Order.

### III.   RESERVATION OF RIGHTS

24. HP reserves all rights, including, but not limited to, the right to (a) amend, modify or supplement this Supplemental Response as additional information becomes available or to provide any additional information as may be requested by the Court, the Debtors or the Purchaser in connection with its determination of the cure amount required to be paid pursuant to Section 365 of the Bankruptcy Code;

8

(b) object to any proposed assumption and assignment of the HP Agreements prior to or following the Sale Hearing in the event the proposed assumption and assignment fails to satisfy the requirements of Section 365 of the Bankruptcy Code; and (c) object to the extent that the proposed assignee of any of the HP Agreements is an entity other than the Purchaser.

WHEREFORE, HP respectfully requests that the Proposed Sale Order approving the Sale Motion be modified to ensure that (i) the Debtors cure (or provide adequate assurance that the Debtors will promptly cure) both pre-petition and post-petition defaults existing as of the date of assumption of the HP Agreements being assumed; (ii) HP retains all rights, counterclaims, defenses, setoff or other Claims against the Debtors that arise or exist as of the date of assumption rather than the date of Closing (in the event the assumption date occurs after the Closing); (iii) HP retains all rights and defenses against the Purchaser for affirmative claims against HP for any HP defaults under the HP Agreements; (iv) HP is not bound by the data in the Contract Website until such time as HP is provided with the complete list of HP Agreements the Debtors are seeking to assume and the Cure Amounts are consistent with HP's books and records; and (v) the Court order that the Debtors circulate a revised Proposed Sale Order prior to the sale hearing and such other relief as this Court deems just and proper.

Dated:  June 24, 2009             **DLA PIPER LLP (US)**
                                  *Attorneys for Hewlett-Packard Company,*
                                  *Electronic Data Systems, LLC, Hewlett-Packard*
                                  *Financial Services and certain of their affiliates.*

                                  By:   */s/ Jennifer L. Nassiri*_____
                                        KAROL K. DENNISTON (*Pro hac vice* pending)
                                        JENNIFER L. NASSIRI (Admitted *Pro hac vice*)
                                        550 South Hope Street, Suite 2300
                                        Los Angeles, CA  90071-2678
                                        Tel:  (213) 330-7700
                                        Fax:  (213)330-7701
                                        karol.denniston@dlapiper.com
                                        jennifer.nassiri@dlapiper.com

9

# EXHIBIT "A"

EXHIBIT "A"[1]

EDS
EDS Canada Inc.
EDS de Mexico SA DE CV
EDS SystemHouse Inc.
Edsel Field
Electronic Data Systems
Electronic Data Systems Corp.
Electronic Data Systems Corporation
Electronic Data Systems Corporation Company
Engineering Animation, Inc.
Hewlett Packard Canada Ltd.
Hewlett Packard Co.
Hewlett-Packard
Hewlett-Packard Corporation
Hewlett-Packard Development Corporation LP
Hewlett-Packard Financial Services (Canada)
Hewlett-Packard Financial Services (India) Private Limited
Hewlett-Packard Financial Services (New Zealand)
Hewlett-Packard Financial Services (Singapore) Pte Ltd
Hewlett-Packard Financial Services Company
Hewlett-Packard Financial Services Holding Company Limited, South Africa Branch
Hewlett-Packard Financial Systems Payment Processing Agreement
Hewlett-Packard Financial Systems Payment Processing Agreement
Hewlett-Packard International Bank plc
Hewlett-Packard Leasing Ltd.
Hewlett-Packard Operations Mexico
Hewlett-Packard Philippines Corporation
HP Financial Services
HP Financial Services (Australia) Pty Limited
HP Financial Services (Chile) Limitada
HP Financial Services (Japan) KK
HP Financial Services Argentina
HP Financial Services Arrendamento Mercantil S.A.
HP Financial Services Company (Korea)
HPFS Leasing (Thailand) Company Limited
Lakefront Capital LLC

---

[1] Hewlett-Packard Company ("HP"), Electronic Data Systems LLC ("EDS") and Hewlett-Packard Financial Services Company ("HPFS") do not make any admission as to the existence of any of the foregoing entities or their status as affiliates of HP, EDS or HPFS. To the extent any of these entities are validly existing entities of HP, EDS or HPFS, HP, EDS and HPFS reserve all rights in connection with any Notices of Assumption and Assignment that any of these entities received.

WEST\21734857.1