Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **GENERAL MOTORS CORP.**, *et al.*, | : | **09-50026 (REG)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**EX PARTE MOTION OF THE DEBTORS PURSUANT**
**TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c) TO SHORTEN**
**NOTICE PERIOD WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING AND APPROVING**
**<u>SETTLEMENT AGREEMENTS WITH CERTAIN UNIONS</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

respectfully represent:

**<u>Relief Requested</u>**

        1.      By this motion (the "**Motion to Shorten Time**"), the Debtors request,

pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), that the Court shorten the notice period and fix the date and time for an

expedited hearing on the *Motion of the Debtors for Entry of Order Pursuant to 11 U.S.C. § 363(b) Authorizing and Approving Settlement Agreements Among the Debtors and Certain Unions* (the "**Motion**"). Specifically, the Debtors request that the Court consider the relief requested in the Motion at a hearing on July 2, 2009 at 2:00 p.m. (Eastern Standard Time), or as soon thereafter as counsel may be heard. The Debtors concurrently submit the Declaration of Stephen Karotkin in Support of the Motion to Shorten Time, annexed hereto as Exhibit "A." A proposed order is annexed hereto as Exhibit "B."

        2.      Pursuant to the Motion, the Debtors request entry of an order authorizing the approval of four settlement agreements which provide new programs regarding retiree benefits (the "**Settlement Agreements**") that are to be entered into in connection with the proposed sale of the Debtors' assets pursuant to the Master Sale and Purchase Agreement and related agreements (the "**MPA**"), among the Debtors (the "**Sellers**") and Vehicle Acquisition Holdings LLC (the "**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clears of liens, claims, encumbrances, and other interests (the "**363 Transaction**"). Specifically, the Motion requests approval of the following Settlement Agreements: (i) Settlement Agreement between the Purchaser and the International Association of Machinists and Aerospace Workers; (ii) Settlement Agreement between the Purchaser and the International Brotherhood of Electrical Workers; (iii) Settlement Agreement between the Purchaser and the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 591; and (iv) Settlement Agreement between the Purchaser and the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045. In addition, in connection with the foregoing, certain amended collective bargaining agreements will be assumed and assigned to the Purchaser.

3. On June 1, 2009, the Debtors filed a motion with the Court seeking, among other things, approval of the 363 Transaction (the "**363 Motion**"), which is scheduled to be heard by the Court on June 30, 2009 (the "**363 Hearing**").

**Basis for Relief Requested**

4. Bankruptcy Rule 2002(a)(2) provides that parties in interest must be provided with at least twenty days' notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2). In addition, Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required under Bankruptcy Rule 2002(a). The Debtors submit that ample cause exists to shorten the notice period with respect to the Motion as requested herein.

5. As more fully described in the Motion, each of the Settlement Agreements is conditioned on (i) the Court's having entered an order approving the respective Settlement Agreements, and (ii) the closing of the 363 Transaction having occurred in reliance on such order. Inasmuch as the Debtors and the Purchaser are desirous of having the 363 Transaction close as soon as possible after receiving Court approval of the 363 Transaction, as discussed at length in the 363 Motion, the Debtors wish to obtain approval of the Settlement Agreements in conjunction with, or as soon as practicable after, the Court's approval of the 363 Transaction.

6. The United States Treasury and the statutory committee of unsecured creditors appointed in these chapter 11 cases have consented to the shortened notice requested herein.

7. Based on the forgoing, the Debtors submit that cause exists to shorten the notice period with respect to the Motion.

**Jurisdiction**

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Notice**

9. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given.

10. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court approve the shortened notice periods requested herein, and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 24, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**Declaration of Stephen Karotkin**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
**GENERAL MOTORS CORP.,** *et al.*,                          :   09-50026 (REG)
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
------------------------------------------------------------x

**DECLARATION OF STEPHEN KAROTKIN**
**IN SUPPORT OF EX PARTE MOTION OF THE DEBTORS PURSUANT**
**TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c) TO SHORTEN NOTICE**
**PERIOD WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING AND APPROVING**
**<u>SETTLEMENT AGREEMENTS WITH CERTAIN UNIONS</u>**

I, Stephen Karotkin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      1.      I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").

      2.      I submit this Declaration in support of the Debtors' ex parte motion (the "**Motion to Shorten Time**") to shorten the notice period and fix the date and time for an

expedited hearing on the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 363(b) Authorizing and Approving Settlement Agreements with Certain Unions* (the "**Motion**").

3. Pursuant to the Motion, the Debtors request entry of an order authorizing the approval of four settlement agreements providing for new programs regarding retiree benefits (the "**Settlement Agreements**") that are to be entered into in connection with the proposed sale of the Debtors' assets pursuant to the Master Sale and Purchase Agreement and related agreements (the "**MPA**"), among the Debtors (the "**Sellers**") and Vehicle Acquisition Holdings LLC (the "**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clears of liens, claims, encumbrances, and other interests (the "**363 Transaction**"). Specifically, the Motion requests approval of the following Settlement Agreements: (i) Settlement Agreement between the Purchaser and the International Association of Machinists and Aerospace Workers; (ii) Settlement Agreement between the Purchaser and the International Brotherhood of Electrical Workers; (iii) Settlement Agreement between the Purchaser and the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 591; and (iv) Settlement Agreement between the Purchaser and the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045. In addition, in connection with the foregoing, certain amended collective bargaining agreements will be assumed and assigned to the Purchaser. The Debtors have filed the Motion concurrently with the Motion to Shorten Time.

4. All statements contained herein are based on personal knowledge or made upon information and belief.

**The Need for Shortened Notice with Respect to the Motion**

5. The Motion to Shorten Time seeks to have the Court shorten the notice period with respect to the Motion. The Debtors submit expedited consideration of the relief

requested in the Motion is necessary and cause exists to shorten the notice period with respect to the Motion.

6. As more fully described in the Motion, each of the Settlement Agreements is conditioned on (i) the Court's having entered an order approving the respective Settlement Agreements, and (ii) the closing of the 363 Transaction having occurred in reliance on such order. Inasmuch as the Debtors and the Purchaser are desirous of having the 363 Transaction close as soon as possible after receiving Court approval of the 363 Transaction, as discussed at length in the 363 Motion, the Debtors wish to obtain approval of the Settlement Agreements in conjunction with, or as soon as practicable after, the Court's approval of the 363 Transaction.

7. In light of the foregoing, the Debtors request that this Court shorten notice with respect to the Motion and consider the relief requested therein at a hearing scheduled for July 2, 2009 at 2:00 p.m. (Eastern Time).

Dated: New York, New York
       June 24, 2009

/s/ Stephen Karotkin
Stephen Karotkin

## Exhibit B

**Proposed Order**

US_ACTIVE:\43080435\01\43080435_1.DOC\.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                          :        Chapter 11 Case No.
                                               :
**GENERAL MOTORS CORP.,** *et al.*,            :        09-50026 (REG)
                                               :
                    Debtors.                   :        (Jointly Administered)
                                               :
------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c)
SHORTENING NOTICE PERIOD WITH RESPECT TO MOTION OF THE DEBTORS
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING
AND APPROVING SETTLEMENT AGREEMENTS WITH CERTAIN UNIONS**

Upon the ex parte motion, dated June 24, 2009 (the "**Motion to Shorten Time**") of General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order shortening the notice period with respect to the *Motion of the Debtors for Entry of Order Pursuant to 11 U.S.C. § 363(b) Authorizing and Approving Settlement Agreements with Certain Unions*, dated June 24, 2009 (the "**Motion**"), all as more fully described in the Motion to Shorten Time and the Declaration of Stephen Karotkin in support of the Motion to Shorten Time (the "**Karotkin Declaration**"), the Court finds and determines the following:

(a)     Consideration of the Motion to Shorten Time and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b)     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

US_ACTIVE:\43080435\01\43080435_1.DOC\.

(c) The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d) Cause exists to expedite consideration of the relief requested in the Motion and such expedited consideration is beneficial to, and in the interests of, the Debtors, their estates, and all parties in interest.

(e) Notice of the Motion, as provided herein, is due and proper and no further notice of the Motion is necessary.

Therefore, it is hereby ORDERED that:

1. The Motion to Shorten Time is granted to the extent set forth herein.

2. A hearing (the "**Hearing**") to consider the relief requested in the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, on **July 2, 2009 at 2:00 p.m. (Eastern Time)**, at Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

3. The Objection Deadline to respond or object to granting the relief requested in the Motion is **July 2, 2009 at 9:00 a.m. (Eastern Time).**

4. Objections and responses, if any, to the Motion, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

5.  The Debtors shall serve, via e-mail, fax, or overnight mail, within one business day after entry of this Order, notice of the Hearing and the other matters to be heard in connection therewith by sending (a) a copy of this Order, the Karotkin Declaration, and the Motion to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the attorneys for the International Association of Machinists and Aerospace Workers, (xiv) the attorneys for the International Brotherhood of Electrical Workers, (xv) the attorneys for the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 592, (xvi) the attorneys for the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045, (xvii) the retirees (collectively, the "**Retirees**") represented by the International Association of Machinists and Aerospace Workers; the International Brotherhood of Electrical Workers; the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 592; and the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045

(collectively, the "**Unions**"), and (xviii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and (b) a cover letter from the respective Unions describing the respective Settlement Agreements (as defined in the Motion to Shorten Time) to the Retirees represented by the respective Unions.

Dated: New York, New York
_____, 2009

                                                                             UNITED STATES BANKRUPTCY JUDGE