Objection Deadline: June 19, 2009
Hearing Date: June 25, 2009

HANGLEY ARONCHICK SEGAL & PUDLIN
By:   Matthew A. Hamermesh (ID No. 82313)
      Joseph A. Dworetzky (ID No. 26968)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200                                    *Attorneys for NCR Corporation*

**DECLARATION OF MATTHEW A. HAMERMESH IN SUPPORT OF OBJECTION AND RESERVATION OF RIGHTS OF NCR CORPORATION IN RESPONSE TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING AND RELATED RELIEF**

COMMONWEALTH OF PENNSYLVANIA    :
                                : ss.
COUNTY OF PHILADELPHIA          :

I, Matthew A. Hamermesh, declare that:

1.    I am an attorney-at-law, duly admitted to practice in the Commonwealth of Pennsylvania and *pro hac vice* in this Court to represent NCR Corporation in the above-captioned matter. I am a shareholder in the law firm of Hangley Aronchick Segal & Pudlin, P.C., with offices at One Logan Square, 27th Floor, Philadelphia, Pennsylvania 19103-6933.

2.    I submit this declaration in support of the Objection and Reservation of Rights of NCR Corporation in Response to Motion of Debtors for Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing and Related Relief (the "NCR Objection").

3.    Attached hereto is a true and correct copy of a Judgment, Order and Decree entered on November 21, 2007, in the civil action captioned *Cargill, Inc. et al. v. ABCO Construction, et al.*, Case 3:98-cv-03601-MRM (S.D. Ohio) (the "*Cargill* Action"). The attached copy was retrieved from the ECF docket of the aforementioned case.

4. The attached Judgment, Order and Decree is the document referenced in the NCR Objection as the Valleycrest Order.

5. The Settlement Agreement referenced in the Valleycrest Order is the document referenced in the NCR Objection as the Settlement Agreement.

6. The aforementioned Settlement Agreement contains confidentiality provisions and was filed under seal in the *Cargill* Action.

I declare under the penalty of perjury and under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge.

Dated: June 24, 2009

Matthew A. Hamermesh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARGILL, INC., et al.,

        Plaintiffs,           :         Case No. 3:98-cv-3601

        -vs-                :         Chief Magistrate Judge Michael R. Merz

ABCO CONSTRUCTION, et al.,

        Defendants.       :

## JUDGMENT, ORDER, AND DECREE

WHEREAS, the Court issued a "Revised Order for Binding Arbitration" (Doc. No. 737), on May 9, 2007, pursuant to which this action was stayed pending binding arbitration between and among Plaintiffs General Motors Corporation ("GM"), NCR Corporation ("NCR") and Defendant Bridgestone/Firestone, Inc. ("BF-DTR"); and

WHEREAS, Plaintiffs GM and NCR Corporation and Defendant BF-DTR, in lieu of arbitration, have reached an agreement with respect to the respective claims raised in this action, however denominated, by Plaintiffs General Motors Corporation and NCR Corporation and Defendant Bridgestone/Firestone, Inc., and

WHEREAS, Plaintiffs General Motors Corporation and NCR Corporation and Defendant Bridgestone/Firestone, Inc., intend that the agreement be enforceable against each other; this twenty-first day of November, 2007, it is therefore hereby

ORDERED that the following definitions apply herein:

1.    "Site Costs" shall mean all actual or potential liabilities, remedies, claims, duties, obligations, costs (including any claim for past costs and government costs), or penalties with respect to environmental conditions at, emanating from, or related to the North Sanitary Landfill Superfund Site in Dayton, Ohio (a/k/a Valleycrest Landfill) (the "Site"), and arising under applicable federal, state, or common law. "Site Costs" shall include both AOC Costs and Remedial Costs, as well as administrative costs such as common counsel litigation costs. "Site Costs" shall not include costs incurred in connection with natural resource damages or any private toxic tort claims.

1

2.	"AOC Costs" shall mean that portion of Site Costs attributable to complying with a certain Administrative Order on Consent ("AOC") (Docket No. V-W-98-C-496) issued by the U.S. Environmental Protection Agency with respect to the Site, including administrative costs associated with such activities.

3.	"Remedial Costs" shall mean Site Costs other than AOC Costs.

4.	"Settlement Dollars" means any and all amounts received in the past, present or future by GM, NCR and/or the Valleycrest Landfill Site Group (a group undertaking certain response actions at the Site, of which GM and NCR are members) ("VLSG") (whether pre-, post- or during this Litigation) from any entity that is or was allegedly responsible for response costs at the Site as a Generator, to settle its respective liability, in whole or in part, with respect to and/or to pay Site Costs at the Site, including payments from estates in bankruptcy, and any interest actually earned thereon.  The term "Settlement Dollars" includes amounts paid by Plaintiffs Cargill, Dayton Walther/Kelsey Hayes, Duriron, Standard Register and TRW to GM in settlement of their Site liability and to the VLSG as assessments.  The term "Settlement Dollars" includes any future Site settlement payments to the VLSG from Generator defendants in this Litigation and from other Generators including the City of Dayton, Montgomery County, DAP Products, Inc. and defendant Amcast Industrial Corporation.  The term "Settlement Dollars" does not include amounts paid by BF-DTR to GM.  The term "Settlement Dollars" does not include amounts paid by GM, NCR and plaintiff Waste Management Inc. to the VLSG.

5.	"NCR's AOC Cost Overage" means the amount over 1% of the Generators' Share (54%) of the AOC costs that NCR has paid towards AOC Costs.  As of August 20, 2007 NCR's AOC Cost Overage is $1,371,054.45.

6.	"NCR's Remedial Cost Overage" means the amount over 15.4% of the Generators' Share (approximately 54%) of the Remedial Costs that NCR has paid towards Remedial Costs, less Settlement Dollars.  As of August 20, 2007, NCR's Remedial Cost Overage is $449,206.40.

7.	"NCR's Total Overage" means the sum of NCR's AOC Cost Overage and NCR's Remedial Cost Overage, together with interest.

8.	"Generator" means any entity that is or was allegedly responsible for response costs at the Site as an arranger for disposal of hazardous substances disposed of at the Site, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).  For purposes of this Order and Judgment, plaintiff Waste Management Inc. is not a Generator.

9.　　　"Generators' Share," with respect to AOC Costs, means 54% of AOC Costs. "Generators' Share," with respect to Remedial Costs, means that portion of Remedial Costs required to be paid by any Generator or Generators pursuant to the terms of the VLSG Site Participation Agreement (as amended), which is the agreement among the members of the VLSG.

It is further ORDERED, ADJUDGED, and DECREED that, if either of NCR or GM becomes obligated to pay any AOC Costs, whether by agreement, judgment, Order, or otherwise, any such obligation shall be divided between NCR and GM such that NCR will pay 1% and GM will pay 99% of the combined obligations of GM and NCR, taking into account NCR's Total Overage in accordance with the certain Settlement Agreement between GM and NCR dated November 15, 2007 (the "Settlement Agreement").

It is hereby further ORDERED, ADJUDGED, and DECREED that, if any of NCR, GM, or BF-DTR becomes obligated to pay any Remedial Costs, whether by agreement, judgment, Order, or otherwise, any such obligation shall be divided among NCR, GM and BF-DTR such that NCR will pay 15.4% of the combined obligations of GM, NCR and BF-DTR, as such obligation is reduced by Settlement Dollars in accordance with the Settlement Agreement, taking into account NCR's Total Overage in accordance with the Settlement Agreement, GM will pay 67.1 % of the combined obligations of GM, NCR and BF-DTR, as such obligation is reduced by Settlement Dollars in accordance with the Settlement Agreement, and BF-DTR will pay 17.5% of the combined obligations of GM, NCR and BF-DTR, as such obligation is reduced by Settlement Dollars in accordance with the Settlement Agreement.

It is hereby further ORDERED, ADJUDGED, and DECREED that GM shall hold, on behalf of NCR, NCR's Total Overage, and will pay interest thereon to NCR; NCR will continue to own NCR's Total Overage, and GM will pay out to third parties such portions of NCR's Total Overage as are necessary to satisfy NCR's obligations with respect to Site Costs.

It is hereby further ORDERED, ADJUDGED, and DECREED that, as long as and whenever either GM or NCR is obligated or both of them are obligated, whether by agreement, judgment, Order, or otherwise, to make any payment of Remedial Costs or AOC Costs, GM shall pay NCR's share of such costs, and NCR's Total Overage shall be reduced, dollar for dollar, by the amount of such payments that GM makes on behalf of NCR, until NCR's Total Overage is depleted, at which point each of GM and NCR will timely pay the full value of its respective

share of such costs as they come due.

It is hereby further ORDERED, ADJUDGED and DECREED that NCR's Total Overage shall accrue interest at the prime interest rate as of November 15, 2007, compounded yearly and computed on an amount equal to the weighted average balance of the preceding year, and such interest shall be paid by GM to NCR by means of crediting NCR's Total Overage amount accordingly, from November 15, 2007, until NCR's Total Overage is depleted.

It is hereby further ORDERED, ADJUDGED and DECREED that a copy of the Settlement Agreement be filed with the Court no later than November 30, 2007.  If the parties desire to file the Settlement Agreement under seal, they must file a motion seeking a sealing order which meets the standards adopted in *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

It is hereby further ORDERED, ADJUDGED and DECREED that all other terms of the Settlement Agreement are enforceable as between GM and NCR.

November 21, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge