SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
Beth N. Kibel
250 Park Avenue
New York, New York 10177
(212) 907-9700

*Counsel for Duerr AG, Duerr Systems Inc., and Duerr Ecoclean, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                : Chapter 11
                                     :
General Motors Corp., *et al.*,      : Case No. 09-50026 (REG)
                                     : (Jointly Administered)
                  Debtors.           :
------------------------------------------------------------x

## AMENDED CURE OBJECTION OF DUERR AG, DUERR SYSTEMS INC., AND DUERR ECOCLEAN, INC. PURSUANT TO SECTION 365(b)(1) OF THE BANKRUPTCY CODE TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED <u>THERETO</u>

Duerr AG, Duerr Systems Inc. ("Duerr Systems") and Duerr Ecoclean, Inc. ("Duerr Ecoclean") (collectively, "Duerr AG"), by and through their undersigned counsel, file this Amended Cure Objection Pursuant to Section 365(b)(1) of the Bankruptcy Code to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto, dated June 15, 2009 (the "<u>Assignment Notice</u>").[1]

---

[1] On June 12, 2009, Duerr AG served and filed its first *Cure Objection of Duerr AG, Duerr Systems, Inc., and Duerr Ecoclean, Inc. Pursuant to Section 365(b)(1) of the Bankruptcy Code To the Notice of (1) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.* [Docket Nos. 910, 911, and 913]. However, Duerr Systems, Inc. and Duerr Systems Inc. - FAS each received, on June 19, 2009, an undated "Second Notice" of Debtors' Intent to Assume and Assign "<u>Additional</u>" Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property. Accordingly, this Amended Cure Objection supersedes the first Cure Objection filed by Duerr AG on June 12, 2009.

As more fully explained below, Duerr AG does not object to the assumption of its contracts but rather disputes the proposed Cure Amounts[2] associated with those contracts.

## STATEMENT OF FACTS

1. On June 1, 2009, General Motors LLC and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed their chapter 11 petitions in the Bankruptcy Court for the Southern District of New York (the "Court").

2. On June 2, 2009, the Court entered its Order, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for the Sale of the Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures And Approving Form Of Notice (Docket No. 274) (the "Bidding Procedures Order").

3. The Assignment Notice is attached to the Bidding Procedures Order as Exhibit D.

4. Paragraph 5 of the Assignment Notice directs Duerr AG to access the Contract Website in order to view the Cure Amount to which the Debtors claim it is entitled.

5. The Contract Website lists fluctuating numbers, but has listed 83 contracts for supplier Duerr AG and a "Cure Amount" of $140,228.37 for supplier Duerr AG.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6. Duerr AG believes that its subsidiaries Duerr Systems and Duerr Ecoclean are the suppliers designated as "Duerr AG" on the Contract Website.

7. As stated above, Duerr AG does _not_ object to the assumption of its contracts with the Debtors. Rather, Duerr AG believes that both Duerr Systems and Duerr Ecoclean are entitled

---

[2] Capitalized terms not herein defined have the meaning ascribed to them in the Assignment Notice.

to Cure Amounts greater than those listed on the Contract Website. In fact, Duerr Systems is entitled to the Cure Amount of not less than $1,604,371 and Duerr Ecoclean is entitled to the Cure Amount of not less than $11,022,146. Duerr AG has given the Debtors a detailed summary of these Cure Amounts (the "Duerr AG Summary") based upon voluminous purchase orders, invoices, payment records and other documents, which cannot conveniently be examined in court, and has made originals or duplicates available for examination or copying by the Debtors at a reasonable time and place.

8. Paragraph 10 of the Bidding Procedures Order directs suppliers like Duerr AG who dispute the proposed Cure Amount associated with their contracts with the Debtors to file objections with the Court. It further directs the Debtors, Duerr AG, and the Purchaser to "meet and confer in good faith to attempt to resolve any such objection without Court intervention." (Bidding Procedures Order ¶ 10.)

9. In order to comply with the Court's Bidding Procedures Order and to put the Debtors on notice of the limited objection to the proposed Cure Amounts associated with its contracts, Duerr AG files this Amended Cure Objection and has given the Duerr AG Summary to the Debtors as set forth above.

10. Duerr AG believes that it will be able to resolve this dispute with the Debtors and the Purchaser without Court intervention as required by the Bidding Procedures Order. In the event that the dispute is not resolved, however, Duerr AG reserves the right to supplement this objection with legal arguments and evidence and to present such arguments and evidence at the appropriate time in accordance with ¶10 of the Bidding Procedure Order.

Dated: June 24, 2009
New York, New York

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ William M. Barron*
William M. Barron
Beth N. Kibel
250 Park Avenue
New York, New York 10177
(212) 907-9700

*Counsel for Duerr AG, Duerr Systems Inc. and Duerr Ecoclean, Inc.*

## CERTIFICATE OF SERVICE

      Paul J. Lee, pursuant to 28 U.S.C. § 1746, certifies that: on June 24, 2009, a true and correct copy of the foregoing *Amended Cure Objection* was filed via the Court's ECF System and will be electronically mailed to the parties that are registered or entitled to receive electronic notifications of such filing. Additionally, a copy of this *Amended Cure Objection* was served on the following parties at the addresses listed below via Federal Express.

The Debtors
c/o General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph M. Smolinsky, Esq.
Weil Gotshal & Manges, LLP
Attorneys for Debtors
767 Fifth Avenue
New York, NY 10153

Attn: Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Attn: John J. Rapisardi, Esq.
Cadwalader Wickersham & Taft, LLP
Attorneys for Purchaser
One World Financial Center
New York, NY 10281

Attn: Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel, LLP
Attorneys for the Creditors Committee
1177 Avenue of the Americas
New York, NY 10036

Attn: Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th Floor
New York, NY 10019

1

Attn: Diana G. Adams, Esq.
Office of the U.S. Trustee for the
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004


I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2009


*/s/ Paul J. Lee*
Paul J. Lee