ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
James M. Wilton (*Pro Hac Vice pending*)
James A. Wright III (JW-3007)

*Cross Country Motor Club of California, Inc. and Attorneys for*
*Cross Country Motor Club, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| GENERAL MOTORS CORPORATION, *et al.*, | ) Case No. 09-50026 (REG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIMITED OBJECTION OF CROSS COUNTRY MOTOR CLUB, INC.**
**AND CROSS COUNTRY MOTOR CLUB OF CALIFORNIA, INC.**
**TO ASSUMPTION AND ASSIGNMENT OF**
**EXECUTORY CONTRACT AND CURE COSTS RELATED THERETO**

Cross Country Motor Club, Inc. and Cross Country Motor Club of California, Inc. (collectively, "Cross Country"), by their attorneys, Ropes & Gray LLP, hereby submit this limited objection (the "Limited Objection") to the proposed notice of assumption and assignment and cure cost in respect of Cross Country's contract with General Motors Corporation as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice"), in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption

11955554_6.DOC

and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Docket No. 274) (the "Bidding Procedures Order")[1].

## PRELIMINARY STATEMENT

1. Cross Country files this Limited Objection to ensure payment of the cure amount owed with respect to the commercial agreements between General Motors Corporation, Cross County Motor Club, Inc., and Cross Country Motor Club of California, Inc. (the "Cross Country Contract"). In support of the Limited Objection, Cross Country respectfully states as follows:

## BACKGROUND

2. Cross Country is a supplier of roadside, towing, and similar services to the Debtors pursuant to the Cross Country Contract.

3. Pursuant to the Bidding Procedures Order, the Debtors delivered an Assumption and Assignment Notice to Cross Country dated June 15, 2009, with login information for a secured website with contract reference numbers and cure amounts (the "Contract Website"). The Contract Website indicates that the Debtors intend to assume and assign the Cross Country Contract. The Bidding Procedures Order requires that objections to proposed cure costs be filed and served no later than ten days after service of an Assumption and Assignment Notice. See Bidding Procedures Order ¶ 10. As described below, the Contract Website information is incomplete and, as such, Cross Country is unable to determine the Debtors' proposed cure amount with respect to the Cross Country Contract.

## LIMITED OBJECTION

4. Cross Country has no objection to the assumption and assignment of its contract with the Debtors provided that the cure amount owed to Cross Country is paid.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Bidding Procedures Order.

5. However, the information provided to Cross Country is insufficient for Cross Country to determine the proposed cure amount to be paid by the Debtors. The Contract Website, once accessed, contains over 11,500 contract records and over 36,300 records related to cure amounts but with no reference point with which to locate the proposed cure amounts to be paid to Cross Country. In the absence of more information about the listed contracts, Cross Country is unable to determine the cure amount the Debtors intend to pay in order to assume the Cross Country Contract.

6. Section 365(b)(1)(A) of the Bankruptcy Code provides that a debtor must cure, or provide adequate assurance that it will promptly cure, all defaults incident to any assumed contracts. As of June 23, 2009, the cure amount owed to Cross Country under the Cross Country Contract for services rendered prior to June 1, 2009, net of payments received since June 1, 2009, is an amount no less than $3,858,094.66 (the "Pre-Petition Cure Amount").[2] Supporting material providing more detailed information on the breakdown of the Pre-Petition Cure Amount is available to the Debtors upon their request to undersigned counsel.

7. The Pre-Petition Cure Amount does not include additional unpaid amounts owed or that will in the future be owed by the Debtors to Cross Country for services rendered on and after June 1, 2009 ("Post-Petition Amounts"). Accordingly, Cross Country objects to assumption and assignment of the Cross Country Contract unless the Debtors cure, or provide adequate assurance of the prompt cure, of the Pre-Petition Cure Amount and the Post-Petition Amounts.

---

[2] The Debtors are authorized to pay pre-petition obligations to Cross Country pursuant to the Order Authorizing Debtors to Honor Prepetition Obligations to Customers, Dealers, and Trade Customers and to Otherwise Continue Warranty, Credit Card, Other Customer, Dealer, and Trade Customer Programs in the Ordinary Course of Business signed on 6/1/2009 [Docket No. 167]. Since the petition date, the debtors have paid certain amounts to Cross Country relating to pre-petition services and the Pre-Petition Cure Amount is the unpaid balance as of June 23, 2009.

8.     Cross Country expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file additional and/or supplemental objections.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Cross Country respectfully requests that the Court (i) condition approval of the assumption and assignment of the Cross Country Contract upon the Debtors' cure, or provision of adequate assurance of the prompt cure, of the Pre-Petition Cure Amount and the Post-Petition Amounts, and (ii) grant such other and further relief as this Court may deem just or proper.

Dated: Boston, Massachusetts

June 24, 2009

          ROPES & GRAY LLP

          /s/ James A. Wright III
          James M. Wilton (*Pro Hac Vice pending*)
          James A. Wright III (JW-3007)
          One International Place
          Boston, MA 02110-2624
          Telephone: 617-951-7000
          Facsimile: 617-951-7050

          Attorneys for Cross Country Motor Club, Inc. and
          Cross Country Motor Club of California, Inc.