## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                   :   Chapter 11 Case No.
                                        :
GENERAL MOTORS CORP, *et al.*,          :   09-50026 (REG)
                                        :
        Debtors.                        :   (Jointly Administered)
                                        :
---------------------------------------------------------x

### NOTICE OF FILING

To:   **Attached Service List**

YOU ARE HEREBY NOTIFIED that on June 18, 2009, the undersigned attorney mailed for filing, via overnight delivery, with the Clerk of the United State Bankruptcy Court, Southern District of New York, James D. Lopesto's "Objection of Tort Claimant to Notice of Proposed Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances and Final Sale Hearing," a copy of which is attached hereto.

_____
Nicholaus J. Dilly
ARDC# 6292706
ANGELINA, FRACCARO & HERRICK, P.C.
1626 W. Colonial Parkway
Inverness, IL 60067
(847) 359-0010
(847) 359-0011 (fax)



JUN 19 2009

## Service List

Weil, Gotshal & Manges, LLP
Attn: Harvey Miller, Esq, Stephen Karotkin, Esq
and Joseph Smolinsky, Esq
767 Fifth Ave.
New York, NY 10153

Cadwalader, Wickersham & Taft, LLP
Attn: John Rapisardi, Esq.
One World Financial Center
New York, NY 10281

Cleary Gottlieb Steen & Hamilton, LLP
Attn: James L. Bromley, Esq.
One Liberty Plaza
New York, NY 10006

Cohen, Weiss and Simon, LLP
Attn: Babette Ceccotti, Esq.
330 W. 42nd St.
New York, NY 10036

Vedder Price, P.C.
Attn: Michael J. Edelman, Esq.
1633 Broadway, 47th Floor
New York, NY 10019

Office of the United States Trustee
Southern District of New York
Attn: Diana G. Adams, Esq.
33 Whitehall St., 21st Floor
New York, NY 10004

US Attorney's Office, S.D. NY
Attn: David Jones, Esq.
Matthew Schwartz, Esq.
86 Chambers Street, 3rd Floor
New York, NY 10007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
In re                                           :    Chapter 11 Case No.
                                                :
GENERAL MOTORS CORP, et al.,                    :    09-50026 (REG)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
------------------------------------------------------x

### OBJECTION OF TORT CLAIMANT TO NOTICE OF PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND FINAL SALE HEARING

### I.    INTRODUCTION

James D. Lopresto is the plaintiff in *Lopresto v. General Motors Corp., et al.*, Case No. 08L004344 (Cook county, Ill. Cir. Ct.), a pending action for personal injuries he suffered as a result of a warnings defect in a 2002 Chevrolet Trailblazer. Mr. Lopresto ("hereinafter referred to as "Lopresto") has a direct interest in the outcome of the instant bankruptcy proceeding, specifically in regards to successor liability issues. The debtor has scheduled a Sale Hearing to approve the "Master Sale and Purchase Agreement" dated June 1, 2009, whereby General Motors would sell substantially all of its assets to Vehicle Acquisition Holdings, LLC, a purchaser sponsored by the United States Department of Treasury, free of all liens, claims, encumbrances, and other interests. Lopresto objects to the finding of the proposed sale being "free and clear" under Section 363(f) of the Bankruptcy Code, and instead argues that the sale of GM's assets to Vehicle Acquisition Holdings, LLC should be subject to the retention of liability to personal injury victims, such as Lopresto.

### II.    ARGUMENT

Section 363 (f) of the Bankruptcy Code permits a trustee to sell an estate's property free and clear of "any interest" in the property if one of five conditions are met. The Bankruptcy Code does not specifically define the term "interest" as it is used in Section 363 (f), however it is conceivable that

Lopresto's personal injury claim, as well as other pending or prospective claims by personal injury victims would be included in this category.

The issue of successor liability will ultimately be decided outside the bankruptcy court and in Illinois state court. However unlike many states, Illinois has not adopted a "product line" theory *see Myers v. Putzmeister, Inc.*, 232 Ill.App.3d 419 (1992), as used, for example, in *Lefever v. Hovanian Enterprises, Inc.*, 724 A.2d 290, 289-301 (N.J. 1999), which would otherwise provide personal injury victims a route to relief against a 363 purchaser that shares the same brand and operating continuity. In Mr. Lopresto's case, the defective vehicle was a Chevrolet, which happens to be one of the few remaining brands the "new" GM will continue to operate, market and place into the stream of commerce. In essence, an order allowing GM to sell its assets free and clear to the proposed 363 (f) purchaser would likely preclude Lopresto, and countless others like him, from obtaining any meaningful legal recourse against a corporation that, in any other scenario, would be subject to strict liability.

### III. CONCLUSION

For the foregoing reasons, James D. Lopresto, requests that this Court decline to approve the Master Sale and Purchase Agreement under Section 363 (f) of the Bankruptcy Code, specifically the sale of GM's assets "free and clear" of Mr. Lopresto's product liability claims.

Respectfully submitted this 16th Day of June, 2009,

_____
Nicholaus J. Dilly
ARDC# 6292706
Kyle F. Fraccaro
ARDC #6281551
ANGELINA, FRACCARO & HERRICK, P.C.
1626 W. Colonial Parkway
Inverness, IL 60067
Phone: (847) 359-0010
Facsimile: (847) 359-0011

*Attorneys for objector, James D. Lopresto*