SCOTT A. WOLFSON (MI P53194)
ANTHONY J. KOCHIS (MI P72020)
Admitted *Pro Hac Vice*
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Rd., Suite 600
Troy, MI  48084
Telephone:  (248) 822-7803
Facsimile:  (248) 822-7853
E-Mail:  wolfson@bsplaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
In re:                                                                  :    **Chapter 11**
                                                                        :
                                                                        :    **Case No. 09-50026 (REG)**
**GENERAL MOTORS CORPORATION,** *et al.*,                               :
                                                                        :    **(Jointly Administered)**
    Debtors.                                                            :
------------------------------------------------------------------------x

**AMENDED LIMITED OBJECTION OF SRG GLOBAL, INC., GUARDIAN INDUSTRIES, CORP., GUARDIAN AUTOMOTIVE, INC., GUARDIAN AUTOMOTIVE PRODUCTS, INC., IONIAN CORPORATION, GUARDIAN AUTOMOTIVE CORPORATION, GUARDIAN AUTOMOTIVE TRIM, INC., SIEGEL-ROBERT AUTOMOTIVE, SIEGEL-ROBERT, INC., S-R OF KENTUCKY, INC., AND SIEGEL-ROBERT AUTOMOTIVE (SUZHOU) CO., LTD. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

SRG Global, Inc., Guardian Industries, Corp., Guardian Automotive, Inc., Guardian Automotive Products, Inc., Ionian Corporation, Guardian Automotive Corporation, Guardian Automotive Trim, Inc., Siegel-Robert Automotive, Siegel-Robert, Inc., S-R of Kentucky, Inc., and Siegel-Robert Automotive (Suzhou) Co., Ltd. (collectively, the "**Guardian Parties**"), by their attorneys Bush Seyferth & Paige, PLLC, submit this Amended Limited Objection ("**Amended Limited Objection**") to the Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts And (II) Cure Costs Related Thereto ("**Assumption and**

**Assignment Notice**"). In support of this Amended Limited Objection, the Guardian Parties state:

## BACKGROUND

1. On June 1, 2009, Debtors filed voluntary petitions for relief under title 11 of chapter 11 of the Bankruptcy Code in the Southern District of New York, *In re General Motors Corporation, et. al.,* Case No. 09-50026.

2. On June 2, 2009, the Court entered an Order Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice ("**Sale Procedures Order**") [Docket No. 274], which includes procedures for the assumption and assignment of executory contracts by Debtors.

3. Debtors are required to serve Assumption and Assignment Notices upon non-Debtor parties to the executory contracts Debtors intend to assume, which notices must include information to access a website ("**GM Website**") containing Debtors' proposed cure costs for the assumed and assigned executory contracts ("**Cure Amounts**").

4. On June 10, 2009, counsel for the Guardian Parties called the General Motors Supplier Information Call Center to ascertain whether Debtors intend to assume and assign the Guardian Parties' executory contracts ("**Guardian Parties' Contracts**").

2

5. On June 10, 2009, counsel was informed that an Assumption and Assignment Notice had been mailed to one of the Guardian Parties at a post office box address in Evansville, Indiana on June 5, 2009.

6. Under the Sale Procedures Order, an objection to an Assumption and Assignment Notice is due 10 days after the date of the Assumption and Assignment Notice, which would have been June 15, 2009 ("**Objection Deadline**").

7. Despite the Guardian Parties' diligent efforts to locate the Assumption and Assignment Notice, the Guardian Parties were unable to locate the Assumption and Assignment Notice or obtain a copy from Debtors or Debtors' counsel prior to the Objection Deadline.

8. In order to preserve their rights to object to the Cure Amounts, the Guardian Parties filed a Limited Objection to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto [Docket No. 995] on June 15, 2009 stating that the Guardian Parties had not received the Assumption and Assignment Notice and reserving their right to object to proposed Cure Amounts.

9. The Guardian Parties subsequently received Assumption and Assignment Notices from Debtors, including three Assumption and Assignment Notices addressed to the following parties: (a) "Siegel-Robert Inc" dated June 5, 2009; (b) "Guardian Automotive" dated June 15, 2009; and (c) "Guardian Industries Corp" dated June 15, 2009 and labeled "Second Notice."

10. As of June 22, 2009, the Cure Amounts reflected on the GM Website totaled $3,552,271.92, broken down as follows:

    a. $982,810.79 for Guardian Industries Corp.; and

    b. $2,569,461.13 for Siegel-Robert Inc.

11. According to the Guardian Parties' books and records as of June 22, 2009, Debtors owe $4,136,928.28 for goods and services the Guardian Parties provided to Debtors, which is $584,656.36 more than the Cure Amounts GM alleges. *See* **Exhibit A**.[1]

## LIMITED OBJECTION

12. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract. *See* 11 U.S.C. § 365(b)(1); *In re Genuity Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) ("Code § 365 clearly and plainly states that in order to assume a contract, a debtor is required to first cure all defaults, or provide adequate assurance that it will cure such defaults"). This includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

13. Debtors may not assume the Guardian Parties' Contracts without first curing all pre-petition and post-petition defaults existing under the Guardian Parties' Contracts.

14. Accordingly, Debtors must pay the Guardian Parties $4,136,928.28, in addition to any other amounts that are due and owing at the time of assumption, in order to assume and assign the Guardian Parties' Contracts.

15. The Guardian Parties reserve the right to amend, supplement, or otherwise modify this Amended Limited Objection, and to raise further objections to the assumption and assignment or Cure Amounts with respect to the Guardian Parties' Contracts.

WHEREFORE, the Guardian Parties respectfully request that the Court enter an Order (i) sustaining this Amended Limited Objection, (ii) requiring Debtors to pay the cure amount of $4,136,928.28 to the Guardian Parties as a condition to assuming the Guardian Parties'

---

[1] Additional documentation regarding the Guardian Parties' Cure Amounts is available upon request to counsel.

4

Contracts; and (iii) granting the Guardian Parties such additional relief as is just and equitable.

                                        Respectfully submitted,

                                        BUSH SEYFERTH & PAIGE PLLC
                                        *Attorneys for the Guardian Parties*

Dated: June 24, 2009                  By: /s/ Anthony J. Kochis
                                              Scott A. Wolfson (MI P53194)
                                              Anthony J. Kochis (MI P72020)
                                        Admitted *Pro Hac Vice*
                                        3001 W. Big Beaver Rd., Suite 600
                                        Troy, MI  48084
                                        Telephone:  (248) 822-7803
                                        Facsimile:  (248) 822-7853
                                        E-Mail:  wolfson@bsplaw.com

W:\Docs\Bank\10603\00012\07127715.DOC