WINDELS MARX LANE & MITTENDORF, LLP   Hearing: June 30, 2009 @ 9:45 a.m.
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Leslie S. Barr (lbarr@windelsmarx.com)

    -and-

HOWARD & HOWARD ATTORNEYS, PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
Telephone (248) 723-0296
Lisa S. Gretchko (LGretchko@HowardandHoward.com)

*Attorneys for Progressive Stamping Company (D.E.), Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                    Debtors.
---------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)
(Jointly Administered)

### SUPPLEMENTAL OBJECTION OF PROGRESSIVE STAMPING COMPANY TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND TO PROPOSED CURE AMOUNTS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Progressive Stamping Company (D.E.), Inc. ("Progressive Stamping"), by its undersigned attorneys, respectfully submits this Supplemental Objection to the Debtors' proposed assumption and assignment of executory contracts, as well as the proposed cure amounts, and in support, respectfully represents:

    1.    The Debtors' initial motion to assume and assign their executory contracts with Progressive Stamping contained substantial errors, including listing numerous contracts with entities that have not been affiliated with Progressive Stamping for years, listing outdated

{10516047:1}

contracts and incorrect cure amounts, and failing to list the Supply Agreement,[1] the one existing executory contract between General Motors Corporation ("GM") and Progressive Stamping. Accordingly, on June 17, 2009, Progressive Stamping filed an objection to the Debtors' motion to assume and assign the executory contracts as set forth in the Debtors' motion, as well as the proposed cure amounts (Doc. No. 1673) (the "Objection").

2. On June 23, 2009, Progressive Stamping received a "Second Notice" of the Debtors' intent to assume and assign additional executory contracts (the "Second Assumption and Assignment Notice"), which repeats or makes mistakes and omissions similar to those described in the Objection: it lists for assumption and assignment numerous contracts with entities other than Progressive Stamping, it again omits the Supply Agreement, which is the only effective contract between the parties, and miscalculates the cure amounts based upon the old invoices and purchase orders. Accordingly, Progressive Stamping files this Supplemental Objection.

3. Since the Petition Date, the Debtors have made payments to Progressive Stamping. Progressive Stamping is trying to ascertain how to apply those payments to pre- and post-Petition Date sums that are due in order to calculate the correct Cure Amount. As of this date, to the best of Progressive Stamping's knowledge, information, and belief, the Debtors are obligated to Progressive Stamping under the Supply Agreement in the aggregate sum of $21,074.19 for unpaid pre-petition invoices and purchase orders.

4. Progressive Stamping and its attorneys have had discussions with the Debtors' counsel to try to resolve the issues raised in this Supplemental Objection, but have not resolved them as of this date. Accordingly, Progressive Stamping makes and reiterates the following

---

[1] Capitalized terms used but not defined in this Supplemental Objection have the meanings ascribed to them in the Objection.

{10516047:1}                                              2

objections with respect to the Second Assumption and Assignment Notice.

5.  On June 23, 2009, Progressive Stamping received the Second Assumption and Assignment Notice, which like the first Assumption and Assignment Notice, gave Progressive Stamping only ten days from its date (June 15, 2009) to respond.  Accordingly, Progressive Stamping only had two days – until June 25, 2009 – to file this Supplemental Objection. Progressive Stamping objects to the repeated short notice practices of these Debtors.

6.  Since May 26, 2009, GM has been ordering products pursuant to the terms of the Supply Agreement, but has not been performing its obligations thereunder.  For example, GM has not provided shipping addresses for some of the products that it has ordered, which has prevented Progressive Stamping from delivering manufactured products that it now has to store at its expense.  GM's failure to accept delivery is also delaying Progressive Stamping's plans to cease operations.  Moreover, GM has not paid for all of the products that it has received.

7.  Progressive Stamping objects to the Debtors' assumption and assignment of the executory contracts between the Debtors and Progressive Stamping that are listed on the Debtors' secure website.  They are expired, have been superseded by the Supply Agreement, and are no longer executory or capable of being assumed and assigned.

8.  Progressive Stamping objects to the Debtors' assumption and assignment of the executory contracts listed on the secure website with Fasten Tech, Inc., TRW Incorporated, Nelson Stud Welding, and FabriSteel, to the extent that they may also be on the list of executory contracts to be assumed and assigned, because they are not executory contracts between the Debtors and Progressive Stamping.

9.  To the extent that the Debtors seek or may seek to assume and assign the Supply Agreement, Progressive Stamping has no objection, <u>provided</u>, <u>however</u>, that the Debtors promptly cure all defaults and promptly provide adequate assurance of future performance in

strict accordance with the Supply Agreement, including that the assignee will promptly provide shipping addresses and timely accept delivery of products, that the Net Immediate Terms will be observed, and that they pay the correct Cure Amount.

10. Especially in light of the fact that Progressive Stamping received the Second Assumption and Assignment Notice on June 23, 2009, Progressive Stamping reserves the right to supplement or revise this objection and to join in the objections filed by others. To the extent that the Debtors are not currently seeking to assume and assign the Supply Agreement, Progressive Stamping hereby reserves all of its rights.

11. Except as otherwise specified herein, nothing in this Supplemental Objection shall modify, waive or release any right, claim, objection or defense made or reserved in the first Objection or under applicable law.

**WHEREFORE**, Progressive Stamping respectfully requests that the Court deny the Debtors' Motion to assume and assign their executory contracts with Progressive Stamping as currently set forth on the secure website, and grant such other and further relief as is just.

Dated: New York, New York  
June 24, 2009

Respectfully submitted,  
WINDELS MARX LANE & MITTENDORF, LLP

By: /s/ Leslie S. Barr

Leslie S. Barr (lbarr@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
Tel. (212) 237-1000  
Fax. (212) 262-1215

-and-

HOWARD & HOWARD ATTORNEYS, PLLC  
450 West Fourth Street  
Royal Oak, Michigan 48067-2557  
Telephone (248) 723-0396  
Lisa S. Gretchko (LGretchko@HowardandHoward.com)

*Attorneys for Progressive Stamping Company(D.E.), Inc.*