**MASUDA, FUNAI, EIFERT & MITCHELL, LTD.**
Rein F. Krammer, Esq.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467
rkrammer@masudafunai.com

*Attorneys for Foster Electric Co., Ltd., Foster Electric (U.S.A.) Inc., Foster Electric (Mexico) SA de CV, and Foster Electric Co., (Guangzhou) Ltd. (aka Guangzhou Panyu Jiu Shui Keng Foster Electric Factory)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| GENERAL MOTORS CORPORATION, et al., | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF FOSTER ELECTRIC CO., LTD., FOSTER ELECTRIC (U.S.A.) INC., FOSTER ELECTRIC (MEXICO) SA de CV, AND FOSTER ELECTRIC CO., (GUANGZHOU) LTD (A/K/A GUANGZHOU PANYU JIU SHUI KENG FOSTER ELECTRIC FACTORY) TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Foster Electric Co., Ltd., Foster Electric (U.S.A.) Inc., a/k/a Foster Electric America, Foster Electric (Mexico) SA de CV, and Foster Electric Co., (Guangzhou) Ltd. (aka Guangzhou Panyu Jiu Shui Keng Foster Electric Factory (collectively, the "Foster Group"), by and through their undersigned counsel, object on a limited basis to Notice of (I) Debtors' Intent to Assume and Assign Additional Executory Contracts, Unexpired Leases of Personal Property, and

Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto (the "Cure Notice"). In support of their limited objection, Foster Group state as follows:

1. On June 1, 2009, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") filed their *Debtors' Motion Pursuant to 11 U.S.C. Sections 105, 363(b), (f), (k), and (m), and 365, and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* [Docket No. 92] (the "Sale Motion").

2. On June 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [Docket No. 274], which set out certain procedures pursuant to which Debtors were required to give notice of executory contracts and unexpired leases that the Debtors would seek to assume and assign, and amounts that the Debtors believe are required to "cure" defaults under those contracts and leases (the "Cure Procedures").

3. It appears that, on or about June 15, 2009, the Debtors may have issued the Cure Notice. The Cure Notice is issued to Foster Electric Co., Ltd. although when the list of contracts on GM's "contractnotices.com" website is examined, one or more of the Foster Group entities are identified as a company having its contract(s) assumed and assigned (the "Assigned Contracts"). The website identifies the amount of $159,413.42 as the amount that the Debtors believe must be paid to cure all defaults under the Assigned Contracts, in accordance with §365(b) of the Bankruptcy Code (the "GM Proposed Cure Amount"). However, according to the books and records of Foster Group, the actual cure amount required to be paid pursuant to

Section 365(b) of the Bankruptcy Code is approximately $257,570.43, as further provided herein (the "Actual Cure Amount").

4. The Debtors and one or more entities constituting the Foster Group are parties to numerous contracts and purchase orders pursuant to which one or more of the Foster Group entities provides goods and/or services to the Debtors.

## THE DEBTORS OWE A CURE AMOUNT IN EXCESS OF THE GM PROPOSED CURE AMOUNT

5. 11 U.S.C. §365(b)(1) of the Bankruptcy Code provides that,

> if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption ... the trustee (A) cures ... such default.

6. Foster Group is presently reconciling the amounts due pursuant to the Assigned Contracts and based upon their present estimations believe that the amount Debtors owe Foster Group under the Assigned Contracts is $257,570.43, subject to final reconciliation by Foster Group. In order for the Debtors to assume the Assigned Contracts, they must make timely cure to Foster Group. 11 U.S.C. §365. If they fail to propose timely cure of the Actual Cure Amount, they cannot assume the contracts. Id.

7. Additionally, Debtors should confirm that any post-petition amounts owing under the Assigned Contracts will be paid timely.

## THE DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

8. Section 365(f)(2) prohibits a Debtor from assuming and assigning an assigned contract unless a Debtor provides adequate assurance of future performance of the assigned contract by the assignee.

9. 11 U.S.C. §365(f)(2) provides as follows:

3

  (2) The Trustee may assign an executory contract or unexpired lease of the Debtor only if:

    (A) The Trustee assumes such contract or lease in accordance with the provisions of this section; and

    (B) Adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

10. The Debtors have not provided Foster Group with the adequate assurance required under 11 U.S.C. §365(f)(2)(B). The Debtors have not demonstrated that the potential assignee will be able to timely pay or otherwise perform under the Assigned Contracts.

11. Foster Group has concerns regarding the potential assignee's ability to perform the Assigned Contracts, financially and otherwise. Foster Group is also concerned that the assignee may attempt to unilaterally modify the terms and conditions of the Assigned Contracts without Foster Group's consent. It is well recognized that executory contracts and leases may not be modified, nor material provisions deleted, in order to allow assignment. *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299 (Bankr. S.D.N.Y. 1983).

12. It is not clear from the Sale Motion and related Cure Notice what, if any, modifications to the terms and conditions of the Assigned Contracts are being sought by the Debtors and/or assignee. Foster Group requests that any Order that the Bankruptcy Court enters concerning the assumption and assignment of the Assigned Contracts explicitly prohibit the modification of terms and conditions.

13. While Foster Group does not object to the Debtors' sale of its assets, Foster Group does object to (i) Debtors' failure to timely cure the Actual Cure Amount and any other defaults under the Assigned Contracts, (ii) any failure to provide adequate assurances of future

5

performance, and (iii) any attempt to alter or modify the terms and conditions of the Assigned Contracts without Foster Group's consent.

**WHEREFORE**, Foster Group request that the Bankruptcy Court sustain the objections and enter an order requiring Debtors to (i) pay the Actual Cure Amount and cure any and all defaults under the Assigned Contracts; (ii) provide adequate assurances of the assignee's future performance under the Assigned Contracts; and (iii) enter an order explicitly prohibiting the modification of the terms and conditions of the Assigned Contracts.

Dated: June 24, 2009            MASUDA, FUNAI, EIFERT &
       Chicago, Illinois            MITCHELL, LTD.

                               By:     /s/ Rein F. Krammer
                                      Rein F. Krammer, Esq.
                                      203 N. LaSalle Street, Suite 2500
                                      Chicago, IL 60601-1262
                                      Tel: (312) 245-7500
                                      Fax: (312) 245-7500
                                      rkrammer@masudafunai.com

*Attorneys for Foster Electric Co., Ltd., Foster Electric (U.S.A.) Inc., Foster Electric (Mexico) S.A. de CV, and Foster Electric Co., (Guangzhou) Ltd. (aka Guangzhou Panyu Jiu Shui Keng Foster Electric Factory)*

N:\SYS08\962\Lit\0178 Limited Objection of Assume Additional Executory Contracts.doc

## CERTIFICATE OF SERVICE

I, Rein F. Krammer, do hereby certify that I served the following *Limited Objection of Foster Electric Co., Ltd., Foster Electric (U.S.A.) Inc., Foster Electric (Mexico) SA de CV, and Foster Electric Co., (Guangzhou) Ltd. (aka Guangzhou Panyu Jiu Shui Keng Foster Electric Factory to Notice of (I) Debtors' Intent to Assume and Assign Additional Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto* upon all parties on the attached Service List via Federal Express - Overnight Mail, on this 24th day of June, 2009.

_____
Rein F. Krammer, Esq.

N:\SYS08\962\Lit\0178 Certificate of Service - Additional Contracts.doc

## SERVICE LIST

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn.: Warren Command Center, Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn.: Harvey R. Miller, Esq., Stephen Karotkin, Esq.
and Joseph H. Smolinsky, Esq.

The U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220
Attn.: Matthew Feldman, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn.: John J. Rapisardi, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn.: Kenneth H. Eckstein, Esq.
Thomas Moers Mayer, Esq., Kenneth P. Kopelman, Esq.
Thomas E. Molner, Esq., P. Bradley O'Neill, Esq.,
Robert T. Schmidt, Esq., Amy Caton, Esq., and
Adam C. Rogoff, Esq.

Vedder Price, P.C.
1633 Broadway
47th Floor
New York, New York 10019
Attn.: Michael J. Edelman, Esq. and Michael L. Schein, Esq.

The Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street
21st Floor
New York, New York 10004
Attn.: Diana G. Adams, Esq.