FOLEY & LARDNER LLP

Scott T. Seabolt
Thomas B. Spillane
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

Frank W. DiCastri
777 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

*Attorneys for GETRAG Getriebe- und
Zahnradfabrik Hermann Hagenmeyer
GmbH & Cie KG, GETRAG SpA,
GETRAG Corporation*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |
---------------------------------------------------------------X

**OBJECTION OF GETRAG TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND CURE AMOUNTS RELATED THERETO**

GETRAG Getriebe-Und Zahnradfabrik Hermann Hagenmeyer GmbH & Cie KG, ("GETRAG KG"), GETRAG SpA and GETRAG Corporation (collectively "GETRAG"), by their attorneys Foley & Lardner LLP, submit this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtor's proposed Cure Amounts related thereto. In support of its Objection, GETRAG states as follows:

**PRELIMINARY STATEMENT**

1. GETRAG has received that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "<u>Assumption and Assignment Notice</u>"), in which the Debtors purport to designate certain agreements between GETRAG and the Debtors (the "<u>Assumable Executory Contracts</u>") that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "<u>Purchaser</u>").

2. GETRAG reserves its rights to object to any additional and/or amended notices of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notice.

**ARGUMENT**

**I.    Non-Monetary Objections**

3. Per the instructions in the Assumption and Assignment Notice, GETRAG accessed the website www.contractnotices.com using the User ID and Password listed in the Assumption and Assignment Notice. There were more than 500 Assumable Executory Contracts listed under the User ID and Password listed in the Assumption and Assignment Notice. The Assumable Executory Contracts listed include contracts with GETRAG KG, GETRAG SpA and GETRAG Corporation.

4. Among the alleged Assumable Executory Contracts is a license agreement between GETRAG KG and General Motors Global Technology Operations, Inc. ("GMGTO"), a non-debtor affiliate of the Debtor. The amounts owing to GETRAG KG under the license with

2

GMGTO are unaffected by these Chapter 11 proceedings, should not be included in any cure amounts to be paid by the Debtor, but should be paid in the ordinary course by GMGTO.

5. There also is a pricing discrepancy for certain of the Assumable Executory Contracts between the Debtor and GETRAG KG. To the extent the parties do not have an agreement on price, then there is no executory contract to be assumed.

6. The Debtor and GETRAG Corporation reached a commercial agreement in May 2009 regarding the terms of their supply relationship. The Debtor has issued a number of purchase orders and, upon information and belief, is in the process of updating the remaining purchase orders consistent with that commercial agreement. The Debtor and GETRAG Corporation also are in the process of reducing the full substance of the commercial agreement to written documents. GETRAG Corporation expects the documents to be finalized and executed shortly. GETRAG Corporation objects to the Assumption and Assignment Notice to the extent it is inconsistent with or could be construed as impacting the terms of the commercial agreement reached with the Debtor in May 2009.

7. GETRAG SpA also is in the final stages of negotiating a settlement with the Debtor for 2.3 million EU. GETRAG SpA objects to the Notice to the extent it is inconsistent with or could be construed as impacting the terms of those negotiations.

II. **The Proposed Cure Amounts Are Inadequate**

8. In the website identified in the Assumption and Assignment Notice, the Debtors identify certain Cure Amounts for the Assumable Executory Contracts. The Debtors claim that these Cure Amounts are sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009 (the "<u>Commencement Date</u>").

3

9. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts." The proposed Cure Amount does not include defaults accruing during the period after June 1, 2009.

10. To the extent that proposed Cure Amounts do not accurately reflect all prepetition defaults, they are insufficient.

11. To the extent the Cure Amounts do not include any post-petition defaults, they are insufficient.

12. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

13. Debtors must cure all defaults under the Assumable Executory Contracts, including pre-petition defaults and post-petition defaults.

14. The Debtors' proposed Cure Amount would deprive GETRAG of the full benefit of its bargains and would fail to restore the parties to pre-default conditions.

4

15. The correct amounts required to cure all prepetition and post-petition defaults are greater than the Cure Amounts asserted by the Debtors. GETRAG is in the process of ascertaining the full extent of the discrepancy.

### III. The Assumption and Assignment Notices Improperly Allow For the Assumable Executory Contracts to be Assumed Without Payment of the Cure Amount or Adequate Assurance of Prompt Cure

16. Paragraph 8 of the Assumption and Assignment Notice provides in relevant part:

> If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount.

17. The "Assumption Effective Date" is defined in Paragraph 14 of the Assumption and Assignment Notices as the later of the date proposed by the Debtors, which date may be the Closing or a later date, and "the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract."

18. Read carefully, the Assumption and Assignment Notices permit the Debtors to assume and assign the Assumable Executory Contracts before any disputes as to the proper Cure Amount are resolved.

19. As noted above, Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate

5

assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Further, Section 365(f)(2)(A) provides that the trustee may only assign a contract if "the trustee assumes such contract…in accordance with the provisions of this section." 11 U.S.C. § 365(f)(2)(A).

20. The Bankruptcy Code thus unequivocally requires that *before* a contract can be assumed or assigned, any defaults must either be cured or adequate assurance that a prompt cure will be provided must be given. *See, e.g., In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990) ("[i]f the debtor wishes to assume the [contract] it must first cure the default as required by 11 U.S.C. § 365(b)").

21. The Assumable Executory Contracts cannot be assumed and assigned to the Purchaser unless and until the Debtors or the Purchaser cure all defaults thereunder or give adequate assurance that a prompt cure will be provided.

**IV.   GETRAG's Post-Sale Lien Rights in Tooling Cannot be Stripped Through Assumption and Assignment of the Assumable Executory Contracts**

22. GETRAG is a supplier to the Debtors and has in its possession certain tooling that is or was used for the production of parts for the Debtors (the "Tooling"). GETRAG has a perfected possessory lien interest in the Tooling, pursuant to the Michigan Special Tools Lien Act, M.C.L. 570.541 et seq. (the "Special Tools Lien Act"), the Michigan Molder's Lien Act, M.C.L. 445.611 et seq. (the "Molder's Lien Act"), and/or other provisions of state law (together with the Special Tools Lien Act and the Molder's Lien Act, the "Lien Laws"). The Tooling is GETRAG's collateral to protect payment for the goods produced using the Tooling.

23. To the extent that GETRAG continues to produce parts using the Tooling for the Debtors, the Purchaser, or any assignee of the Assumable Executory Contracts, GETRAG shall

6

continue to benefit from a perfected security interest in the Tooling under the applicable Lien Laws.

24. To the extent that the assumption and assignment of the Assumable Executory Contracts proposed in the Assumption and Assignment Notice could have the effect of stripping GETRAG of its continuing rights under the Lien Laws, GETRAG objects.

**V.    Reservation of Rights Regarding Adequate Assurance of Future Performance**

25. Section 365(b)(1)(C) of the Bankruptcy Code provides that the trustee may not assume an executory contract in which there has been a default unless the trustee "provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1)(C).

26. Where a debtor or its assignee fails to provide adequate assurance of future performance, assumption and assignment of the executory contract must be denied. *See, e.g., In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (debtor failed to provide adequate assurance of future performance, and therefore could not assume contract); *Skylark*, 120 B.R. at 355 (before debtor would be permitted to assume executory contract, debtor would be required to cure default and post bond or letter of credit).

27. To date, none of the Debtors, the proposed Purchaser, or any other possible assignee has provided GETRAG with adequate assurance of future performance under the Assumable Executory Contracts, including for amounts due GETRAG post-petition but which are not in default and thus not included in the Cure Amount. The Debtors must provide adequate assurance to GETRAG for all amounts due GETRAG post-petition but which are not in default and thus not included in the Cure Amount. While it appears that the Purchaser will agree to assume all liabilities under the Assumable Executory Contracts, whether or not the Assumable Executory Contracts will actually be assumed and assigned is not yet clear. Therefore,

7

GETRAG reserves all rights with respect to adequate assurance for these amounts due and to object to assumption and assignment under section 365(b)(1)(C).

**VI.     Preservation of Rights of Setoff and Recoupment**

28.     Among GETRAG's most valuable rights in their relationship with Debtors are their rights of setoff and recoupment. These rights arise under the contracts between GETRAG and the Debtors, federal or state statutes, or common law.

29.     The Assumption and Assignment Notice fails to properly preserve the validity, extent or priority of such setoff or recoupment rights. These rights must be preserved as against Debtors and against Purchaser upon the assumption and assignment of GETRAG's contracts. The preservation of post-assignment rights of setoff and recoupment is just as significant an interest of GETRAG as are its pre-assignment rights against Debtors.

**RELIEF REQUESTED**

WHEREFORE, GETRAG requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts, and grant such other and further relief as the Court deems just and proper.

Dated:  June 24, 2009         FOLEY & LARDNER LLP
        New York, New York

                              /s/ Frank W. DiCastri
                              Scott T. Seabolt
                              Thomas B. Spillane
                              One Detroit Center
                              500 Woodward Avenue, Suite 2700
                              Detroit, Michigan 48226
                              Telephone: (313) 234-7100
                              Facsimile: (313) 234-2800

                              Frank W. DiCastri
                              777 East Wisconsin Avenue
                              Milwaukee, Wisconsin 53202
                              Telephone: (414) 271-2400

8

>
> Facsimile: (414) 297-4900
> *Attorneys for GETRAG Inc.*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                              :         Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :         Case No. 09-50026 (REG)
                                                    :
                          Debtors                   :         Jointly Administered
                                                    :
---------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 24, 2009, I caused the *Objection Of GETRAG To Assumption And Assignment Of Certain Executory Contracts And Cure Amounts Related Thereto* to be served via U.S. Mail on the following at the addresses set forth below:

| | |
|---|---|
| General Motors Corporation<br>Attn: Warren Command Center<br>Mail Code 480-206-114<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025 | Weil, Gotshal & Manges LLP<br>Attorneys for the Debtors<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq<br>767 Fifth Avenue<br>New York, New York 10153 |
| U.S. Treasury<br>Attn: Matthew Feldman, Esq.<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220 | Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi, Esq.<br>Attorneys for the Purchaser<br>One World Financial Center<br>New York, New York 10281 |
| Vedder Price, P.C.<br>Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Attorneys for Export Development Canada<br>1633 Broadway, 47th Floor,<br>New York, New York 10019 | Office of the United States Trustee<br>Southern District of New York<br>Attn: Diana G. Adams, Esq.<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Committee of
Unsecured Creditors
Attn: Gordon Z. Novod, Esq.
1177 Avenue Of The Americas
New York, NY 10036

Dated:   June 24, 2009                                              FOLEY & LARDNER LLP

<u>/s/ Frank W. DiCastri</u>
Frank W. DiCastri
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

11