Thomas R. Slome, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York  11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

and

Russell R. Johnson III, Esq.
John M. Merritt, Esq.
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone:  (804) 749-8861
Facsimile:  (804) 749-8862

Co-Counsel for Baltimore Gas and Electric Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re:                                                            :       Chapter 11
:
GENERAL MOTORS CORP., et al.,                                     :       Case No. 09-50026 (REG)
:
Debtors.                                                          :       (Jointly Administered)
:
-----------------------------------------------------------------x

**DECLARATION OF PETER ENGLER IN SUPPORT OF OBJECTION OF CERTAIN UTILITY COMPANIES TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING <u>UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE</u>**

I, Peter Engler, declare as follows:

1.   I am the <u>Supervisor – Accounts Receivable Support</u> for Baltimore Gas and

Electric Company ("BGE"). I have held this position for 17 years and have been with BGE since 1991.

Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of BGE's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of BGE. If called upon to testify, I would testify to the facts set forth in this Declaration.

2. On behalf of BGE, I submit this Declaration in support of the *Objection Of Certain Utility Companies To Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors' Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service* (the "Objection").

3. It is part of my job responsibility with BGE to: (A) review customer's accounts; (B) address credit issues with BGE's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

4. BGE's relationship with the Debtors is governed by the *Retail Electric Service Tariff* and by the *Gas Service Tariff* (collectively, the "Tariffs"), which are on file with the Public Service Commission of Maryland (the "PSCM") and can be obtained at http://www.bge.com/portal/site/bge/menuitem.b0ab2663e7ca6787047eb471016176a0/ and http://www.bge.com/portal/site/bge/menuitem.d7305449a99570c7047eb471016176a0/.

5. In addition, BGE's relationship with the Debtors is governed by the provisions of Title 20 of the Code of Maryland Regulations ("the Regulations"), which can be located at http://www.dsd.state.md.us/comar/.

6. The Tariffs and the Regulations establish the amount of security that BGE is

entitled to seek from its customers and providing the trade terms that BGE's customers receive under BGE's billing cycles (the "Tariffs"). Specifically, Section 20.30.01 of the Regulations provides: The deposit required by the utility may not be less than $5, and it may not be more than the maximum estimated charge for service for two consecutive billing periods, or 90 days, whichever is less, or as may reasonably be required by the utility in cases involving service for short periods or special occasions.

7. The Tariffs establish the billing and payment terms for all of BGE's approximate one million two hundred and fifty thousand customers. Specifically, under the billing cycle established by the Tariffs, BGE can only issue bills to its customers on a monthly basis. [If you have the applicable Tariff cite please insert]. Accordingly, the Debtors, like BGE's other customers, receive approximately one month of utility service before BGE issues a bill for such service. Once a bill is issued, the Debtors have 15 days to pay the applicable bill. http://www.bge.com/portal/site/bge/menuitem.b0ab2663e7ca6787047eb471016176a0/ and http://www.bge.com/portal/site/bge/menuitem.d7305449a99570c7047eb471016176a0/. If the Debtors fail to timely pay the bill, a past due notice is issued approximately three to five days after the due date and a late fee is subsequently imposed on the account. If the Debtors fail to pay the bill after the issuance of the past due notice, BGE issues a notice that informs the Debtors that they have 7 days to cure the default or their service will be disconnected. http://www.bge.com/portal/site/bge/menuitem.b0ab2663e7ca6787047eb471016176a0/ and http://www.bge.com/portal/site/bge/menuitem.d7305449a99570c7047eb471016176a0/ Accordingly, under BGE's billing cycles, the Debtors could receive 2 months of unpaid service before their service could be terminated for a post-petition payment default.

8. In making this Declaration, I am familiar with the contents of the Objection and

the Utility Motion. Accordingly, I am aware of the Debtors' offer to provide their utilities with a two-week deposit.

9. BGE provided the Debtors with utility goods and services prior to the petition date of June 1, 2009. The approximate amount that the Debtors owe BGE for unpaid pre-petition utility goods and services is $68,000.00.

10. BGE continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit A**.

11. Pursuant to 20.30.01 of the Regulations, BGE is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $70,382.00.

12. BGE applied its prepetition cash deposit in the amount of $34,697.00 against the Debtors' prepetition debt in the approximate amount of $68,000.00.

13. Pursuant to the Tariffs, BGE seeks adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $70,382.00.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23 day of June 2009, at Baltimore, Maryland.

_____
Peter Engler

# EXHIBIT A

**General Motors Corporation**
Filed Chapter 11, 6/1/09 Southern District of New York 09-50026

| | Pre Petition Acct Number | Post Petition Acct Number | Address | Annual Base | Pre-Petition Debt Estimation | Pre-Petition Deposit | Post Petition Two Month Dep. |
|---|---|---|---|---|---|---|---|
| 1 | 84475-81284 | 21351-78579 | 10301 Philadelphia Rd | $ 60,715 | $ 50,000 | $ 34,697 | $ 14,972 |
| 2 | 19347-12465 | TBD | 10301 Philadelphia Rd | $ 244,719 | $ 18,000 | $ - | $ 55,410 |
| 3 | 07906-06530 | TBD | 10301 Philadelphia Rd | $ 2,880 | $ - | $ - | $ - |
| | Total | | | $ 308,314 | $ 68,000 | $ 34,697 | $ 70,382 |