**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                              :        Chapter 11 Case No.
:
**GENERAL MOTORS CORP.**, *et al.*,                :        09-50026 (REG)
:
Debtors.                           :        (Jointly Administered)
:
------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c)
SHORTENING NOTICE PERIOD WITH RESPECT TO MOTION OF THE DEBTORS
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING
AND APPROVING SETTLEMENT AGREEMENTS WITH CERTAIN UNIONS**

Upon the ex parte motion, dated June 24, 2009 (the "**Motion to Shorten Time**") of General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order shortening the notice period with respect to the *Motion of the Debtors for Entry of Order Pursuant to 11 U.S.C. § 363(b) Authorizing and Approving Settlement Agreements with Certain Unions*, dated June 24, 2009 (the "**Motion**"), all as more fully described in the Motion to Shorten Time and the Declaration of Stephen Karotkin in support of the Motion to Shorten Time (the "**Karotkin Declaration**"), the Court finds and determines the following:

(a)    Consideration of the Motion to Shorten Time and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b)    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c) The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d) Cause exists to expedite consideration of the relief requested in the Motion and such expedited consideration is beneficial to, and in the interests of, the Debtors, their estates, and all parties in interest.

(e) Notice of the Motion, as provided herein, is due and proper and no further notice of the Motion is necessary.

Therefore, it is hereby ORDERED that:

1. The Motion to Shorten Time is granted to the extent set forth herein.

2. A hearing (the "**Hearing**") to consider the relief requested in the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, on **July 2, 2009 at 2:00 p.m. (Eastern Time)**, at Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

3. The Objection Deadline to respond or object to granting the relief requested in the Motion is **July 2, 2009 at 9:00 a.m. (Eastern Time).**

4. Objections and responses, if any, to the Motion, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

5.   The Debtors shall serve, via e-mail, fax, or overnight mail, within one business day after entry of this Order, notice of the Hearing and the other matters to be heard in connection therewith by sending (a) a copy of this Order, the Karotkin Declaration, and the Motion to:  (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the attorneys for the International Association of Machinists and Aerospace Workers, (xiv) the attorneys for the International Brotherhood of Electrical Workers, (xv) the attorneys for the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 592, (xvi) the attorneys for the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045, (xvii) the retirees (collectively, the "**Retirees**") represented by the International Association of Machinists and Aerospace Workers; the International Brotherhood of Electrical Workers; the International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 592; and the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045

(collectively, the "**Unions**"), and (xviii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and (b) a cover letter from the respective Unions describing the respective Settlement Agreements (as defined in the Motion to Shorten Time) to the Retirees represented by the respective Unions.

Dated: New York, New York
    *June 24, 2009*

    */s/ Robert E. Gerber*
    UNITED STATES BANKRUPTCY JUDGE