

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

---

*86 Chambers Street
New York, New York  10007*

June 24, 2009

BY HAND & ECF

Honorable Robert E. Gerber
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re General Motors Corp.*, No. 09-50026 (REG)

Dear Judge Gerber:

      This Office represents the United States of America and its agencies, including the Treasury Department and the Presidential Task Force on the Auto Industry, in the above-referenced Chapter 11 cases.  I write, in advance of tomorrow's final hearing on the *Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Postpetition Secured Parties; (v) Authorizing the Debtors to Pay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "DIP Motion"), to respectfully request that the Court take judicial notice of certain publicly-filed documents so that they may be considered part of the evidentiary record at the hearing.

      Specifically, the Government respectfully requests that the Court take judicial notice of the following documents:

      1.      Loan and Security Agreement By and Between the Borrower Listed on Appendix A as Borrower and the United States Department of the Treasury as Lender Dated as of December 31, 2008 (the "Prepetition Loan Agreement"); and

      2.      The *Statement of the United States of America Upon the Commencement of General Motors Corporation's Chapter 11 Case*, including the exhibits thereto (the "Government's Opening Statement").

      Under Federal Rule of Evidence 201, a court may take "judicial notice of adjudicative facts" that are "not subject to reasonable dispute in that [they are] either (1) generally known

within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) & (b).  Under the rule, "[a] court *shall* take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d) ("When Mandatory").  The Second Circuit has repeatedly held that publicly-filed documents are properly the subject of judicial notice, in that the public docket is a source "whose accuracy cannot reasonably be questioned." *See, e.g., Rothman v. Gregor*, 220, F.3d 81, 92 (2d Cir. 2000) ("Pursuant to Fed. R. Evid. 201(b), we take judicial notice of the Midway complaint as a public record"); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 463 n.6 (2d Cir. 2006) (Sotomayor, *J.*) (citing *Rothman* for the proposition that "the court may take judicial notice of court documents"); *Kramer v. Time-Warner, Inc.*, 937 F.3d 767, 774 (2d Cir. 2001) (holding that court properly took judicial notice of documents filed with the Securities and Exchange Commission).

Here, the Government's Opening Statement [docket no. 37] has been publicly filed on the docket in these cases, and the Prepetition Loan Agreement was publicly filed with the SEC as exhibit 10.1 to General Motors Corp.'s Form 8-K for the period ending December 31, 2008, filed on January 7, 2009 [available at www.edgar-online.com].  Moreover, the documents attached to the Government's Opening Statement — various Treasury Department documents reflecting Treasury's determination to make the loans embodied in the Prepetition Loan Agreement and the DIP Credit Agreement — are the sort of government documents that are self-authenticating under the rules of evidence, *see* Fed. R. Evid. 902(1) (no evidence of authenticity required for a "document bearing a seal purporting to be that of the United States . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution."), and are excluded from the hearsay rules, *see* Fed. R. Evid. 803(8) ("Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . the activities of the office or agency. . . .").  Accordingly, the Government respectfully requests that the Court take notice of these documents for purposes of tomorrow's final hearing on the DIP Motion.

      For the Court's convenience, copies of the two documents are enclosed.  Thank you for your consideration of this request.

Respectfully,

LEV L. DASSIN
Acting United States Attorney

By:   /s/ Matthew L. Schwartz
      DAVID S. JONES
      JEFFREY S. OESTERICHER
      MATTHEW L. SCHWARTZ
      JOSEPH N. CORDARO
      Assistant United States Attorneys
      Telephone: (212) 637-1945
      Facsimile:  (212) 637-2750
      E-mail:  matthew.schwartz@usdoj.gov

enclosures

cc:   <u>BY E-MAIL</u>

      Harvey Miller, Esq., *counsel to the Debtors*
      Thomas Moers Mayer, Esq., *counsel to the Official Committee of Unsecured Creditors*
      John J. Rapisardi, Esq., *of counsel to the Presidential Task Force on the Auto Industry*

    <u>BY ECF</u>

      All counsel of record