VINSON & ELKINS L.L.P.
Ronald L. Oran
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel: 212-237-0000
Fax: 212-237-0100
Email: roran@velaw.com

*Attorney for AM General LLC &*
*General Engine Products LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
GENERAL MOTORS CORP., et al.,                   :        Case No. 09-50026 (REG)
                                                :
                              Debtors.          :        (Jointly Administered)
-----------------------------------------------------------x

**LIMITED OBJECTION OF AM GENERAL LLC AND GENERAL ENGINE PRODUCTS LLC TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

AM General LLC, formerly AM General Corporation, and General Engine Products LLC (collectively, "AM General"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the proposed notice of assumption and assignment of certain AM General Contracts (as defined below), including the noticed cure amounts for those contracts, as set forth in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto (the "Assumption and Assignment Notice") and the Contract Website (as defined below), in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle

Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "<u>Bidding Procedures Order</u>").

AM General files this Limited Objection to reserve its right to object to the assumption or assignment of its executory contracts with the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") that the Contract Website indicates have "been designated by Purchaser for potential assumption and assignment to New GM" or to correct cure amounts owed with respect to those contracts. In support of this Limited Objection, AM General respectfully states as follows:

## BACKGROUND

1. AM General is in the business of designing, engineering, and producing military and special purpose vehicles, including the HUMVEE all-terrain military vehicle and its commercial counterpart, including the HUMMER H1 sport utility vehicle, as well as providing parts and technical support for such vehicles. AM General is a party to various contracts with the Debtors.

2. The Debtors commenced their voluntary Chapter 11 bankruptcy cases on June 1, 2009.

3.     Pursuant to the Bidding Procedures Order, the Debtors delivered to AM General an Assumption and Assignment Notice dated June 5, 2009, with login information to a secured website with contract reference numbers and cure amounts (the "Contract Website"). As of the date hereof, the Contract Website lists the following 26 contracts with AM General (the "AM General Contracts"):

|  | Row ID/GM Contract ID/ BOL | Party Name | Contract Type | Cure Amount |
|---|---|---|---|---|
| 1. | · **[5716-00003233]**<br>· N/A<br>· 080702327 | AM General LLC | Agreement | $22,718.00 |
| 2. | · **[5716-00003318]**<br>· N/A<br>· 080704162 | AM General LLC | Agreement | $22,718.00 |
| 3. | · **[5716-00003689]**<br>· N/A<br>· 080706542 | AM General LLC | Agreement | $22,718.00 |
| 4. | · **[5716-00003693]**<br>· N/A<br>· 576314 | AM General LLC | Agreement | ($530.15) |
| 5. | · **[5716-00003694]**<br>· N/A<br>· 363304 | AM General LLC | Agreement | ($484.44) |
| 6. | · **[5716-00003698]**<br>· N/A<br>· GMQC10 | AM General LLC | Agreement | $708.00 |
| 7. | · 5716-00039818<br>· TCS23980<br>· N/A | AM General Corporation | Agreement | None |
| 8. | · 5716-00107132<br>· TCS22275<br>· N/A | AM General Corporation | Agreement | None |
| 9. | · 5716-00113042<br>· TCS23428<br>· N/A | AM General Corporation | Agreement | None |
| 10. | · 5716-00310456<br>· S001338<br>· N/A | AM General Corporation | Agreement | None |
| 11. | · 5716-00310590<br>· S001337<br>· N/A | AM General Corporation | Agreement | None |

|     | **Row ID/GM Contract ID/ BOL** | **Party Name** | **Contract Type** | **Cure Amount** |
|-----|-------------------------------|----------------|-------------------|-----------------|
| 12. | · 5716-00560636<br>· GM40329<br>· N/A | General Engine Products | Agreement | None |
| 13. | · 5716-00560637<br>· GM54025<br>· N/A | General Engine Products | Agreement | None |
| 14. | · 5716-00567970<br>· GM57306<br>· N/A | AM General Corporation | Agreement | None |
| 15. | · 5716-00580259<br>· K1UNK000<br>N/A | AM General Corporation | Agreement | None |
| 16. | · 5716-00702647<br>· K1UNK001<br>· N/A | AM General Corporation | Agreement | None |
| 17. | · 5716-00745501<br>· N/A<br>· N/A | AM General Corporation | License Agreement | None |
| 18. | · 5716-00745502<br>· N/A<br>· N/A | AM General Corporation | License Agreement | None |
| 19. | · 5716-00745503<br>· N/A<br>· N/A | AM General Corporation | Agreement | None |
| 20. | · 5716-01057143<br>· S001338<br>· N/A | AM General Corporation | N/A | None |
| 21. | · 5716-01058245<br>· S001337<br>· N/A | AM General Corporation | N/A | None |
| 22. | · 5716-01075797<br>· K1UNK001<br>· N/A | AM General Corporation | N/A | None |
| 23. | · 5716-01106545<br>· 188248<br>· N/A | AM General | N/A | None |
| 24. | · 5716-00766127<br>· N/A<br>· N/A | AM General | MIS Customer Agreement | None |
| 25. | · 5716-01059181<br>· N/A<br>· N/A | AM General | N/A | None |

NewYork 266810v.1

|     | Row ID/GM Contract ID/ BOL | Party Name | Contract Type | Cure Amount |
| --- | --- | --- | --- | --- |
| 26. | · 5716-00002772<br>· N/A<br>· N/A | AM General LLC | Agreement | None |

4. A proposed aggregate cure amount of $67,847.41 is listed on the Contract Website for six of the AM General Contracts, while no cure amount is listed for the others.

5. The Bidding Procedures Order requires that objections to the proposed assumption and assignment of the AM General Contracts, including objections to the proposed cure amounts be filed and served no later than ten days after the date of an Assumption and Assignment Notice. See Bidding Procedure Order ¶ 10. As described below, the Contract Website information is insufficient to allow AM General to identify the AM General Contracts, and therefore, AM General is filing these limited objections to the relief sought until such time as the AM General Contracts are sufficiently described so as to allow AM General to identify the AM General Contracts and to respond to the Assumption and Assignment Notice.

## LIMITED OBJECTION

6. AM General generally has no objection to the plans set forth in the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing.

7. On June 18, 2009, AM General received via email a username and password to gain access to the Contract Website. Upon logging into such website, however, AM General was

NewYork 266810v.1

only able to determine the following: (i) a "Row ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (ii) a "GM Contract ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (iii) a "Vendor Master ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (iv) a "Counter Party Name", which is listed as "AM General LLC" for six of the contracts, "AM General Corporation" for 14 of the contracts and "General Engine Products" for two of the contracts; (v) the "Contract Type" which is listed as "Agreement" for 17 of the contracts, "License Agreement" for two of the contracts and "N/A" for three of the contracts; and (vi) a link to the purported cure amount for 6 of the 22 AM General Contracts.

8. On June 23, 2009, Am General received additional information regarding the AM General Contracts from the Debtor. This information contained four additional username and password combinations for the Contract Website each of which led to information for one additional contract. Upon logging in to the Contract Website using each username and password combination, AM General was only able to determine the following: (i) a "Row ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (ii) a "GM Contract ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (iii) a "Vendor Master ID" with which AM General is unfamiliar since it is an internal number used by the Debtors; (iv) a "Counter Party Name", which is listed as "AM General" for three of the contracts and "AM General LLC" for one of the contracts and (v) the "Contract Type" which is listed as "Agreement" for one of the contracts, "MIS Customer Agreement" for one of the contracts and "N/A" for two of the contracts.

9. The information provided on the Contract Website and by the Debtor is not sufficient to enable AM General to identify the AM General Contracts. In the absence of more information

NewYork 266810v.1

about the listed contracts, AM General is unable to determine definitively which contracts the Debtors intend to assume and assign or the corresponding cure amounts under such contracts.

10. It is the Debtors' burden to provide AM General with the information necessary to allow AM General to ascertain which contracts the Debtors actually intend to assume and to calculate the proposed corresponding cure amounts accurately. The Federal Rules of Bankruptcy Procedure provide, in relevant part, that notice "shall be given to the other party to the contract or lease..." and, with respect to omnibus motions to assume or assign multiple executory contracts or unexpired leases, "shall . . . list parties alphabetically and identify the corresponding contract or lease." *See* FED. R. BANKR. P. 6006 (C), (F)(2). Here, the Debtors have failed to adequately identify the contracts.

11. Because the Debtors have failed to provide adequate notice of the specific agreements that they intend to assume or assign, they have not and cannot establish their ability to satisfy the conditions to assumption set forth in §§ 365(b) and 365(f)(2)(B) of the Bankruptcy Code. 11 U.S.C. §§ 365(b) and 365(f)(2)(B).

12. The estimated pre-petition cure amount does not include additional unpaid amounts ("Post-Petition Amounts") owed or that will be owed by the Debtors to AM General for post-petition goods and services. Under § 365 of the Bankruptcy Code, a debtor must first cure, or provide adequate assurance that it will promptly cure, all defaults incident to the assumed contracts. Here, the Debtors cannot assume or assign AM General's contracts without agreeing to payment of the full amount of the actual cure cost as of the effective date of such assumption and assignment, and AM General reserves its rights to payment of all such post-petition cure amounts in full.

NewYork 266810v.1

13. In accordance with the foregoing, AM General reserves all rights to (a) object to the Assumption and Assignment Procedures; (b) amend, supplement and/or withdraw this Limited Objection; (c) to object to the proposed assumption and assignment of the AM General Contracts, including objections to the proposed cure amounts thereto; (d) receive payment in full of all Post-Petition Amounts that are currently or may in the future become due; and (e) assert all of their other rights and remedies against the Debtors.

WHEREFORE, AM General respectfully request that the Debtors (a) clearly identify the contracts that they intend to assume, assign or reject; (b) provide a good faith calculation of the Cure Amounts associated with such contracts; and (c) provide AM General the opportunity to object to such amounts and have its objection resolved by mutual agreement or determined by this Court.

Dated: June, 24 2009

    Respectfully submitted,

By:    /s/ Ronald L. Oran
    Ronald L. Oran
    **VINSON & ELKINS L.L.P.**
    666 Fifth Avenue, 26th Floor
    New York, New York 10103-0040
    Tel: 212-237-0000
    Fax: 212-237-0100
    Email: roran@velaw.com

    **ATTORNEY FOR AM GENERAL LLC &
    GENERAL ENGINE PRODUCTS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2009, a copy of the foregoing was filed electronically through the CM/ECF system and served electronically on all parties accepting Notice of Electronic Filing; copies of the foregoing were also served on the following parties via Federal Express overnight delivery:

| | |
|---|---|
| The Debtors<br>c/o General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, Michigan 48090-9025<br>Attn: Warren Command Center, Mail code 480-206-114 | Weil, Gotshal & Manges LLP<br>Attorneys for the Debtors<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq. |
| The U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, DC  20220<br>Attn:  Matthew Feldman, Esq. | Cadwalader, Wickersham & Taft LLP<br>Attorneys for the Purchaser<br>One World Financial Center<br>New York, New York  10281<br>Attn: John J. Rapisardi, Esq. |
| Vedder Price, P.C.<br>Attorneys for Export Development Canada<br>1633 Broadway<br>47th Floor<br>New York, New York  10019<br>Attn: Michael J. Edelman, Esq.<br>Michel L. Schein, Esq. | The Office of the United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street<br>21st Floor<br>New York, New York  10004<br>Attn: Diana G. Adams, Esq. |
| Gordon Z. Novod<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of The Americas<br>New York, NY 10036 | Thomas Moers Mayer<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |

   /s/ Ronald L. Oran
Ronald L. Oran

NewYork 266810v.1