**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.*, | : | **09- 50026 (REG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARINGS ON JUNE 25, 2009 AT 9:00 A.M. AND 9:45 A.M.

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling Green, New York, NY 10004-1408

*Matter to be heard at 9:00 a.m.*

**I.     CONTESTED MATTER:**

1.      Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 64]**

        Response Deadline:     June 19, 2009 at 4:00 p.m.

        Responses Filed:

                A.     Objection of the Wayne County Treasurer, the Oakland County Treasurer and The City of Detroit to the Motion of Debtors for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral, (iv) Granting Adequate Protection to Certain Prepetion Secured Parties, (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full within 45 Days; and (vi)

            Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 971]**

B.     Limited Objection of the City of Lansing, Michigan to the Debtors' Motion for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral, (iv) Granting Adequate Protection to Certain Prepetion Secured Parties, (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 1194]**

C.     The Charter Township of Delta, Michigan's Objections to (1) Interim Order Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001, and 6004(a) Approving DIP Credit Facility, etc.; (2) Interim Loan Adequate Protection Order; (3) Interim Cash Collateral Order; (4) Underlying Motions; and (5) Entry of Final Orders Granting Liens Priming the Existing and Future Liens of the Charter Township of Delta, Michigan **[Docket No. 1199]**

D.     Objection of Cinetic Automation Corp. to Motion to Approve DIP Financing **[Docket No. 1878]** (This objection has been withdrawn **[Docket No. 2212]**

E.     Objection and Reservation of Rights of NCR Corporation in Response to Motion of Debtors for Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing and Related Relief **[Docket No. 2015]**

F.     Deutsche Bank AG Limited Objection and Request for Clarification of Motion of the Debtors for Final Order Approving Postpetition Financing and Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days **[Docket No. 2031]**

G.     Reservation of Rights of the Official Committee of Unsecured Creditors to Debtors Motion for an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full within 45 Days; and

(VI) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 2319]**

Replies Filed:

A.      Debtors' Omnibus Response to the Objections to the Debtors' Motion for an Order (i) Authorizing the Debtors to Obtain Postpetition Financing; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full; an (vi) Scheduling A Final Hearing **[Docket No. 2308]**

B.      Reply of Deutsche Bank AG to Debtors' Response to Limited Objection of Motion of the Debtors for Final Order Approving Postpetition Financing and Response to Sale Motion **[Docket No. 2372]**

Additional Document(s):

A.      Interim Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens, and Super-Priority Status, (C) Authorizing the Use of CashCollateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling A Final Hearing **[Docket No. 292]**

B.      Notice of Filing of Certain Schedules to the DIP Facility **[Docket No. 948]**

C.      Interim Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 292]**

D.      Supplement to Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting

Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing **[Docket No. 1444]**

E.    Notice of Withdrawal of Objection of Cinetic Automation Corp. to Motion to Approve DIP Financing **[Docket No. 2212]**

Status:    This matter is going forward.  In addition, the Objection of Cinetic Automation Corp has been withdrawn **[Docket No. 2212]**.

*__Matters to be heard at 9:45 a.m.__*

**I.    CONTESTED MATTERS:**

1.    Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105, 363, and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 76]**

Response Deadline:    June 15, 2009 at 4:00 p.m.

Responses Filed:

A.    Limited Objection of Panasonic Electric Works Corporation of America to the entry of a Final Order Granting the Debtors Motion for Order Authorizing the Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 1206]**

B.    Limited Objection Of Cummins Inc. to Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 364 Authorizing Vendors To (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors, and Service Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation In The United States Treasury Auto Supplier Support Program **[Docket No. 1746]**

Replies Filed:  None to date.

Additional Document(s):

A.    Interim Order Pursuant to 11 U.S.C. §§ 105, 363,and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II)

Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 175]**

**Status**:     This matter is going forward.

2.     Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 58]**

Response Deadline:    June 15, 2009 at 4:00 p.m.

Responses Filed:

      A.     Entergy Mississippi, Inc. Objection to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 511]**

      B.     Objection of Columbia Gas of Ohio, Inc. and Columbia Gas of Virginia, Inc. to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payments; (II) Establishing Procedures for Resolving Objections by Utility Companies; and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 764]**

      C.     Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant To 11 U.S.C. §§ 105(a) and 366 (i) Approving Debtors Proposed Form Of Adequate Assurance of Payment, (ii) Establishing Procedures for Resolving Objections By Utility Companies, and (iii) Prohibiting Utilities from Altering, Refusing, Or Discontinuing Service **[Docket No. 915]**

      D.     City of Austin Energy Objection to Order Approving Debtor's Proposed Form of Adequate Assurance of Payment for Utilities and Motion for Adequate Assurance of Future Payment of Utility Account **[Docket No. 1121]**

      E.     Pennsylvania Power Company, The Cleveland Electric Illuminating Company, The Toledo Edison Company, Ohio Edison Company Objection to Motion of Debtors for Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by

Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1131]**

F.    Objection to Motion for Entry of Order Pursuant to 11 U.S.C. 105(a) and 366  filed by Eric T. Ray on behalf of Sierra Pacific Power Company **[Docket No. 1193]**

G.    BP Canada Energy Marketing Corp. and BP Energy Company Objection to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1248]**

H.    City of Detroit Objection to Debtors Motion for Approval of Adequate Assurance of Payment to Utility Services and Continuation of Service **[Docket No. 1320]**

I.    Reservation of Rights of Dominion Retail, Inc., relating to the Motion of Debtors for Entry of Order Pursuant to 11 USC §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1669]**

J.    Joinder Of The Commonwealth Edison Company and Peco Energy Company to Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant To 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1734]**

Replies Filed:

K.    Debtors' Omnibus Reply To Objections Under Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service **[Docket No. 2366]**

Additional Document(s):

A.    Interim Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of

Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 173]**

B.    Declaration of Cecilia Baesa in Support of Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2220]**

C.    Declaration of Frank Via in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2327]**

D.    Declaration of Gregory T. Holland in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2331]**

E.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2361]**

F.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2419]**

G.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors'

Proposed Form of Adequate Assurance of Payment, (II)
Establishing Procedures for Resolving Objections by Utility
Companies, and (III) Prohibiting Utilities from Altering, Refusing,
or Discontinuing Service **[Docket No. 2422]**

H.     Declaration of Kevin Hooker in Support of Objection of Certain
Utility Companies to Motion of Debtors for entry of Order
Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors'
Proposed Form of Adequate Assurance of Payment, (II)
Establishing Procedures for Resolving Objections by Utility
Companies, and (III) Prohibiting Utilities from Altering, Refusing,
or Discontinuing Service **[Docket No. 2432]**

<u>**Status**</u>:     This matter is going forward.

3.     Motion of Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362,
363, and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate
Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to
the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to
Bankruptcy Rule 4001 **[Docket No. 60]**

<u>Response Deadline</u>:     June 15, 2009 at 4:00 p.m.

<u>Responses Filed</u>:

A.     First Objection to Motion for Entry of Order filed by G. Alan
Wallace on behalf of City of Lansing **[Docket No. 1190]**

B.     The Timken Company Limited Objection of Approval of Cash
Collateral and Adequate Protection Orders on a Final Basis
**[Docket No. 1389]**

C.     LBA Realty Fund III Company IX, LLC, Pru/SKS Brannan
Associates LLC Limited Objection to Motion for Entry of Orders
(i) Authorizing Use of Cash Collateral, (ii) Granting Adequate
Protection to the Revolver Secured Parties, (iii) Granting Adequate
Protection to the Term Loan Secured Parties, and (iv) Scheduling a
Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No.
2063]**

<u>Replies Filed</u>:   None to date.

<u>Additional Document(s)</u>:

A.     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and
Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to
Use Cash Collateral, (II) Granting Adequate Protection to the

Revolver Secured Parties and (III) Scheduling a Final Hearing
Pursuant to Bankruptcy Rule 4001(b) **[Docket No. 180]**

B.      Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and
Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Granting Adequate
Protection to the Term Loan Secured Parties and (II) Scheduling a
Final Hearing Pursuant to Bankruptcy Rule 4001(b) **[Docket No.
181]**

C.      Reservation of Rights of the Official Committee of Unsecured
Creditors to the Motion of the Debtors for Entry of Orders
Pursuant to 11 U.S.C. §§ 105, 361, 363 and 507 (I) Authorizing
Use of Cash Collateral, (II) Granting Adequate Protection to the
Revolver Secured Parties, (III) Granting Adequate Protection to
the Term Loan Secured Parties, and (IV) Scheduling a Final
Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 2317]**

<u>**Status**</u>:      This matter is going forward.

4.      Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy
Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention
of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the
Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 954]**

<u>Response Deadline</u>:    June 19, 2009 at 4:00 p.m.

<u>Responses Filed</u>:

A.      Objection of Ad Hoc Committee of Consumer Victims of General
Motors to the Application for an Order Authorizing the
Employment and Retention of Evercore Group L.L.C. as
Investment Banker and Financial Advisor for the Debtors **[Docket
No. 1892]**

B.      Ad Hoc Committee of Asbestos Personal Injury Claimants
Objection to the Debtors' Application for an Order Pursuant to §§
327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule
2014(a) Authorizing the Employment and Retention of Evercore
Group L.L.C. as Investment Banker and Financial Advisor for the
Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 1968]**

C.      The United States Trustee's Objection to the Debtors' Application
for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy
Code and Bankruptcy Rule 2014(a) Authorizing the Employment
and Retention of Evercore Group L.L.C. as Investment Banker and
Financial Advisor for the Debtors Nunc Pro Tunc to the Petition
Date **[Docket No. 2189]**

D.      Limited Objection of The Official Committee of Unsecured
Creditors to The Debtors Application for an Order Pursuant to §§
327(a) and 328(a) of the Bankruptcy Code Authorizing the
Employment and Retention of Evercore Group L.L.C. as
Investment Banker and Financial Advisor for the Debtors Nunc
Pro Tunc to the Petition Date **[Docket No. 2232]**

Replies Filed:

A.      Debtors' Omnibus Response to the Objections to the Debtors'
Application for an Order Pursuant to §§ 327(a) and 328(a) of the
Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the
Employment and Retention of Evercore Group L.L.C. as
Investment Banker and Financial Advisor for the Debtors Nunc
Pro Tunc to the Petition Date **[Docket No. 2441]**

Additional Document(s):

A.      Supplemental Declaration of William C. Repko in Support of the
Application for an Order Pursuant to §§ 327(a) and 328(a) of the
Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the
Employment and Retention of Evercore Group L.L.C. as
Investment Banker and Financial Advisor for the Debtors Nunc
Pro Tunc to the Petition Date **[Docket No. 2435]**

**Status**:          This matter is going forward.

5.      Motion of the Debtors Pursuant to 11 U.S.C. § 363 for an Order Authorizing the
Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to
Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the
Petition Date **[Docket No. 952]**

Response Deadline:    June 19, 2009 at 4:00 p.m.

Responses Filed:

A.      The United States Trustee's Objection Motion of the Debtors
Pursuant to 11 U.S.C. § 363 for an Order Authorizing the Debtors
to Employ and Retain AP Services, LLC as Crisis Managers and to
Designate Albert A. Koch as Chief Restructuring Officer, Nunc
Pro Tunc to the Petition Date **[Docket No. 2188]**

Replies Filed: None to date.

Additional Document(s):

A.      Supplemental Declaration of Albert A. Koch of AP Services, LLC
        as Crisis Managers and Chief Restructuring Officer to the Debtors
        and Debtors in Possession **[Docket No. 2414]**

**Status**:      This matter is going forward.

6.      Motion of Ad Hoc Committee of Consumer Victims of General Motors for
        Appointment of Official Committee of Tort Claimants Pursuant to 11 U.S.C. §
        1102(A)(2) **[Docket No. 287]**

Response Deadline:    June 19, 2009 at 4:00 p.m.

Responses Filed:

A.      Debtors' Omnibus Objections to the Motions of the (I) Ad Hoc
        Committee of Consumer Victims and (II) Ad Hoc Committee of
        Asbestos Claimants Seeking the Appointment of Additional
        Committees of Unsecured Creditors and the Appointment of a
        Future Claimants Representative **[Docket No. 1915]**

B.      Objection of the Official Committee of Unsecured Creditors to the
        Motion of the Ad Hoc Committee of Consumer Victims of General
        Motors for Appointment of an Official Committee of Tort
        Claimants **[Docket No. 2265]**

Replies Filed:   None to date.

Additional Document(s):

A.      Notice of Withdrawal Without Prejudice of Motion Ad Hoc
        Committee of Consumer-Victims of General Motors for
        Appointment of Official Committee of Tort Claimants Pursuant to
        11 U.S.C. § 1102(a)(2) **[Docket No. 2427]**

**Status:**      This matter is going forward.

7.      Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for an
        Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury
        Claimants and (II) Directing the United States Trustee to Appoint an Official
        Committee of Asbestos Personal Injury Claimants **[Docket No. 478]**

Response Deadline:    June 19, 2009 at 4:00 p.m.

Responses Filed:

      A.      Debtors' Omnibus Objections to the Motions of the (I) Ad Hoc Committee of Consumer Victims and (II) Ad Hoc Committee of Asbestos Claimants Seeking the Appointment of Additional Committees of Unsecured Creditors and the Appointment of a Future Claimants Representative **[Docket No. 1915]**

      B.      Objection of the Official Committee of Unsecured Creditors to the Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for an Order (I) Appointing a Legal Representative for Future Asbestos and Personal Injury Claimants and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants **[Docket No. 2266]**

Replies Filed:   None to date.

Additional Document(s):      None to date

**Status:**      This matter is going forward.

8.      Application of the General Motors Retirees Association for Order to Appoint a Retiree Committee Pursuant to 11 U.S.C. § 1114(d) **[Docket No. 263]**

Response Deadline:   June 19, 2009 at 4:00 p.m.

Responses Filed:

      A.      Debtors' Objections to Application of General Motors Retirees Association for the Appointment of a Retirees Committee Pursuant to 11 U.S.C. § 1114(d) Claimants Representative **[Docket No. 1902]**

      B.      Objection of the Official Committee of Unsecured Creditors to the Motion to Appoint an Official Retiree Committee Pursuant To 11 U.S.C. §1114(d) **[Docket No. 2032]**

Replies Filed:

      C.      Reply in Support of GMRA's Application for Appointment of a Salaried Retirees Committee Pursuant to 11 U.S.C. § 1114(d) **[Docket No. 2191]**

Additional Document(s):

      A.      Declaration of Neil A. Goteiner in Support of GMRA's Application for Appointment of a Salaried Retirees Committee Pursuant to 11 U.S.C. § 1114(D) **[Docket No. 2192]**

**Status:**        This matter is going forward.

## II.        UNCONTESTED MATTERS:

9.        Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) (I) Authorizing Debtors to Pay Prepetition Obligations to Foreign Creditors and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers **[Docket No. 38]**

Response Deadline:        June 15, 2009 at 4:00 p.m.

Responses Filed:        None to date.

Replies Filed:   None to date.

Additional Document(s):

A.        Interim Order Pursuant to  11 U.S.C. §§ 105(a) and 363(b) (I) Authorizing Debtors to Pay Prepetition Obligations to Foreign Creditors and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers **[Docket No. 176]**

**Status**:        This matter is going forward.

10.        Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a) and 362 for entry of (I) Interim and Final Orders Establishing Notification Procedures regarding Restrictions on Certain Transfers of Interests in the Debtors and (II) Orders Scheduling A Final Hearing **[Docket No. 88]**

Response Deadline:        June 18, 2009 at 4:00 p.m.

Responses Filed:        None to date.

Replies Filed:   None to date.

Additional Document(s):

A.        Interim Order Pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (I) Establishing Notification Procedures regarding Restrictions on Certain Transfers of Interests in the Debtors and (II) Orders Scheduling A Final Hearing **[Docket No. 286]**

**Status**:        This matter is going forward.

11.        Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 345(b), 363(b) and 363(c) and 364(a), and Fed. R. Bankr. P. 6003 and 6004 (A)

Authorizing Debtors to (i) Continue Using Existing Cash Management System,
(ii) Honor Certain Prepetition Obligations Related to Use of Cash Management
System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B)
Extending Time to Comply with 11 U.S.C. § 345(b); and (C) Scheduling a Final
Hearing **[Docket No. 30]**

Response Deadline:    June 14, 2009 at 4:00 p.m.

Responses Filed:        None to date.

Replies Filed:   None to date.

Additional Document(s):

> A.    Interim Order Pursuant to 11 U.S.C. §§ 105(a), 345(b), 363(b) and
> 363(c) and 364(a), and Fed. R. Bankr. P. 6003 and 6004 (A)
> Authorizing the Debtors to (i) Continue Using Existing Cash
> Management System, (ii) Honor Certain Prepetition Obligations
> Related to Use of Cash Management System, and (iii) Maintain
> Existing Bank Accounts and Business Forms; (B) Extending Time
> to Comply with 11 U.S.C. § 345(b); and (C) Scheduling a Final
> Hearing **[Docket No. 179]**

**Status**:        This matter is going forward.

12.    Debtors' Motion Pursuant to § 363 of the Bankruptcy Code for Authority to
Exercise Put Right **[Docket No. 561]**

Response Deadline:    June 19, 2009 at 5:00 p.m.

Responses Filed:        None to date.

Replies Filed:   None to date.

Additional Document(s):        None to date.

**Status**:        This matter is going forward.

13.    Motion of Debtors for Entry of Order Granting Additional Time to File Reports of
Financial Information or to Seek Modification of Reporting Requirements
Pursuant to Bankruptcy Rule 2015.3 **[Docket No. 727]**

Response Deadline:    June 22, 2009 at 4:00 p.m.

Responses Filed:        None to date.

Replies Filed:        None to date.

Additional Document(s):        None to date.

<u>Status</u>:          This matter is going forward.

14.    Application of the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328 (a) and Fed.
       R. Bankr. P. 2014(a) for Authority to Employ Weil, Gotshal & Manges LLP as
       Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date **[Docket
       No. 949]**

       <u>Response Deadline</u>:    June 19, 2009 at 4:00 p.m.

       <u>Responses Filed</u>:      None to date.

       <u>Replies Filed</u>:        None to date.

       <u>Additional Document(s)</u>:

              A.    Supplemental Affidavit and Disclosure Statement on behalf of
                    Weil, Gotshal & Manges LLP Pursuant to §§ 327,328(a), 329 and
                    504 of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a) and
                    2016(b) **[Docket No. 2347]**

       <u>Status</u>:          This matter is going forward.

15.    Application of the Debtors Pursuant to § 327(e) of the Bankruptcy Code and
       Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for
       Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the
       Debtors, Nunc Pro Tunc to the Commencement Date **[Docket No. 950]**

       <u>Response Deadline</u>:    June 19, 2009 at 4:00 p.m.

       <u>Responses Filed</u>:      None to date.

       <u>Replies Filed</u>:        None to date.

       <u>Additional Document(s)</u>:

              A.    Supplemental Declaration of Daniel R. Murray in Connection with
                    Debtors' Application to Retain Jenner & Block LLP **[Docket No.
                    2325]**

       <u>Status</u>:          This matter is going forward.

16.    Application Under 11 U.S.C. §§ 327(e) and 328(a) Authorizing Debtors to
       Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel
       for The Debtors, Nunc Pro Tunc to The Petition Date **[Docket No. 951]**

       <u>Response Deadline</u>:    June 19, 2009 at 4:00 p.m.

       <u>Responses Filed</u>:      None to date.

Replies Filed:          None to date.

Additional Document(s):

    A.    Supplemental Declaration of Robert B. Weiss and Disclosure Statement in Support of the Application Under 11 U.S.C. §§ 327(e) and 328(a) Authorizing Debtors to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel for The Debtors, Nunc Pro Tunc to The Petition Date **[Docket No. 2254]**

**Status**:          This matter is going forward.


**[Intentionally Left Blank]**

17.     Application of Debtors for Entry of Order Pursuant To 28 U.S.C. § 156(c)
        Authorizing Retention and Employment of The Garden City Group, Inc. as Notice
        and Claims Agent Nunc Pro Tunc to The Commencement Date **[Docket No. 953]**

        Response Deadline:    June 19, 2009 at 4:00 p.m.

        Responses Filed:      None to date.

        Replies Filed:        None to date.

        Additional Document(s):    None to date.

        **Status**:           This matter is going forward.

Dated:  June 24, 2009
        New York, New York


                                    /s/ Harvey R. Miller
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession