Anthony L. Leffert
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO   80202
Telephone:   303-297-2600
Facsimile:   303-297-2750

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re:                                                                   Case No. 09-50026 (REG)

                                                                         Chapter 11 (Jointly Administered)

GENERAL MOTORS CORP., *et al.,*

                         Debtors.

----------------------------------------------------------------x

### ENVIRONMENTAL TESTING CORPORATION'S VERIFIED RESPONSE AND OBJECTION TO DEBTORS' FIRST OMNIBUS MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Environmental Testing Corporation ("ETC"), by and through counsel, Anthony L. Leffert

of Robinson Waters & O'Dorisio, P.C., respectfully responds to Debtor General Motors

Corporation ("GM") and its affiliated debtors, motion to reject certain unexpired leases of

nonresidential real property and states and alleges the following:

#### Objection to Relief Requested as to ETC Lease

1.       GM has requested authorization to reject thirty-nine (39) unexpired leases,

including a lease for nonresidential real property owned by ETC (the "Lease"), pursuant to

Section 365(a) of Title 11, United States Code.  ETC objects to the request for authorization to

reject this Lease for the reasons set forth below.

187699

**Response to Allegations Regarding Jurisdiction**

2.      ETC does not object to jurisdiction before this Court.

**The ETC Lease**

3.      On December 7, 1971, GM entered into a lease with ETC predecessor, Jason Associates, (the "Lease") for the lease of a building and premises located at 4750 Kingston Street, Denver, Colorado 80239 (the "Property"). ETC purchased the Property and took an assignment of the Lease. The building and premises in question was used by GM since 1971 as an emissions laboratory. The Lease is scheduled to expire on December 31, 2009. Only six months remain of the thirty-eight (38) years of the Lease term. (*See* Exhibit A attached hereto, the ETC Lease.) Pursuant to the terms, and the various amendments to the Lease, GM is responsible for keeping the premises in good order and condition as when delivered and upon expiration of the term of the Lease GM is required to restore the premises to its original condition and to restore all improvements to the Property. Further, GM has agreed it will not cause or allow there to be any violation of environmental laws with respect to hazardous materials generated, released, or stored upon the premises in connection with GM's activities. Specifically, GM agreed not to allow there to be any violation the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 U.S.C. § 9601, et seq.), the Hazardous Materials Transportation Act of 1980 (49 U.S.C. § 1802, et seq.), and the Resource Conservation and Recovery Act (42 U.S.C. § 6901, et seq.), or any other federal, state or local statute, law, ordinance, code, rule, regulation relating to environmental protection, pollution, health or safety. Finally, GM has agreed to pay for all costs and expenses of remediation, removal and restoration of the premises, including attorneys' fees and costs, related to any remediation, removal or restoration of the premises.

2

187699

## <u>Objection to Request for Authority to Reject ETC Lease</u>

4.      ETC objects to GM's request for authority to reject its Lease on the grounds that it

is contrary to GM's obligations to remediate and restore the Property; the Property and premises

in question is polluted and suffers from environmental contamination as a result of GM's use of

the Property in violation of the environmental laws; GM's authorized representatives made

material misrepresentations regarding the remediation and clean up of the Property; and to allow

GM to reject a thirty-eight (38) year lease with only six months remaining for the sole purpose of

avoiding their obligations to remediate the Property in violation of the environmental laws is

unfair and inequitable.

5.      In early 2005 Douglas Coventry, an authorized employee and agent for GM, made

several representations regarding the closing of the facility.  Mr. Coventry was charged with

overseeing the closing of the facility, including remediation and restoration of the premises.  Mr.

Coventry represented on more than one occasion that GM would be responsible and honor their

obligations under the Lease and in conformance with all environmental laws.  To this end, Mr.

Coventry estimated that the cost to remediate and restore the Property would be $1.4 million.

Further, Mr. Coventry represented that the remediation and restoration would be completed

before the end of the Lease (December 2009).

6.      Mr. Coventry's representations and warranties regarding the restoration and

remediation of the Property were false, and were known to be known to be false by Mr. Coventry

at the time they were made.  In his overseeing the closing of the facility, Mr. Coventry failed to

make certain that the Property was properly restored and that all necessary remediation was

made in order to comply with the environmental laws.  Later in 2008 Mr. Michael Hilfinger,

3

187699

EDES GM Worldwide Real Estate, represented that GM would pay a cash settlement by the end
of the year to fully remediate and restore the building and the Property in the approximate
amount of $1.8 million. All of these representations were false and, upon information and belief,
were known to be false by Mr. Hilfinger at the time they were made.

7.      A preliminary environmental site inspection and limited asbestos survey has been
conducted with ETC bearing the costs. This preliminary environmental site inspection and
limited asbestos survey reflects that there are numerous problems with the Property which need
remediation and restoration in order to comply with the federal and state environmental statutes.
In addition to the problems with respect to environmental contamination, GM structurally
changed the building in question by moving columns, saw cutting the concrete floor to create
giant holes for dynamometers and providing for drains and cable way trenches. The building
cannot be leased or sold in its current condition.

8.      Under these circumstances, it would be unfair and unjust to allow GM to reject a
thirty-eight (38) year lease with only a few months remaining to allow them to avoid their
restoration and remediation obligations under the Lease and the federal and state environmental
statutes.

WHEREFORE, pursuant to the equitable powers of the Court vested by virtue of 11
U.S.C. § 105, ETC prays this honorable Court will deny the Debtors' motion for authority to
reject ETC's executory lease and for such other and further relief as the Court shall deem just and
proper.

187699

## Verification

STATE OF COLORADO        )
                                ) ss.

COUNTY OF __Adams__        )

     I, Gerard P. Glinsky, President of Environmental Testing Corporation, do hereby verify that the foregoing is true and correct based on my knowledge and belief.

                                         Gerard P. Glinsky

     Acknowledged, subscribed and sworn to before me this 24th day of June, 2009, by Gerard P. Glinsky.

__2-24-10__
My commission expires

                            Judy Delaney
Notary Public

Dated: June 24, 2009
Denver, Colorado

                            ROBINSON, WATERS & O'DORISIO, P.C.

                            /s/Anthony L. Leffert
                            Anthony L. Leffert (AL 6373)
                            1099 18th Street, Suite 2600
                            Denver, Colorado 80202
                            Telephone: (303) 297-2600
                            Facsimile: (303) 297-2750
                            *Attorneys for Environmental Testing Corporation*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on the 24th day of June, 2009, the foregoing was filed electronically and that service was accomplished electronically to all ECF registrants via the Court's CM/ECF System.

                            /s/Elizabeth Garfield

6

187699