Beth N. Kibel
Smith, Gambrell & Russell, LLP
250 Park Avenue, Suite 1900
New York, New York 10177
Telephone: (212) 907-9700
Facsimile: (212) 907-9800

Counsel to Atlas Oil Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**CURE OBJECTION OF ATLAS OIL COMPANY PURSUANT TO SECTION 365(b)(1)**
**OF THE BANKRUPTCY CODE TO THE NOTICE OF (I) DEBTORS' INTENT TO**
**ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED**
**LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED**
**THERETO**

Atlas Oil Company ("Atlas"), by and through its undersigned counsel, files this Cure

Objection Pursuant to 365(b)(1) of the Bankruptcy Code to the Notice of (I) Debtors' Intent to

Assume and Assign Certain Executory Contracts, Unexpired Leases of Property, and Unexpired

Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the

"Assignment Notice").

As more fully explained below, Atlas does not object to the assumption of its contracts

but rather disputes the proposed Cure Amounts[1] associated with those contracts.

---

[1] Capitalized terms not herein defined have the meaning ascribed to them in the Assignment Notice.

## STATEMENT OF FACTS

1.      On June 1, 2009, General Motors LLC and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed their chapter 11 petitions in the Bankruptcy Court for the Southern District of New York (the "Court").

2.      On June 2, 2009, the Court entered its Order, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for the Sale of the Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures And Approving Form Of Notice (Docket No. 274) (the "Bidding Procedures Order").

3.      The Assignment Notice is attached to the Bidding Procedures Order as Exhibit D, and Atlas received a copy of the Assignment Notice on June 15, 2009.

4.      Atlas received a copy of the Assignment Notice because it is a party to one or more of certain Assumable Executory Contracts that the Debtors may assume and assigne to the Purchaser identified in the Notice.

5.      Paragraph 5 of the Assignment Notice directs Atlas to access the Contract Website in order to view the Cure Amount to which the Debtors claim it is entitled.

6.      According to the Debtors' Contract Website, the amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts with Atlas as of the Commencement Date is ($8,796.83).  A copy of the Debtors' Contract Website for Atlas is attached hereto and incorporated herein as **Exhibit A**.

2

7.     However, Atlas' books and records regarding the respective Assumable Executory Contracts show a balance of $49,022.67 that would have to be paid to cure all prepetition defaults under the respective Assumable Executory Contracts as of the Commencement Date in accordance with section 365(b) of the Bankruptcy Code.  A copy of Plaintiff's Spreadsheet, the subject additional Invoices and Rejection Notices for the Debtor(s) are collectively attached hereto and incorporated herein as **Exhibit B**.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

8.     As stated above, Atlas does not object to the assumption of its contracts with the Debtors.  Rather Atlas believes that it is entitled to Cure Amounts greater than those listed on the Contract Website.

9.     Paragraph 10 of the Bidding Procedures Order directs suppliers like Atlas who dispute the proposed Cure Amount associated with their contracts with the Debtors to file objections with the Court.  It further directs the Debtors, Atlas, and the Purchaser to "meet and confer in good faith to attempt to resolve any such objection without Court intervention." (Bidding Procedures Order ¶ 10.)

10.    In order to comply with the Court's Bidding Procedures Order and to put the Debtors on notice of the objection to the proposed Cure Amounts associated with its contracts, Atlas files this Cure Objection.

11.    In the event that the dispute is not resolved, Atlas reserves the right to supplement this objection with legal arguments and evidence and to present such arguments and evidence at the appropriate time in accordance with ¶10 of the Bidding Procedure Order.

**WHEREFORE**, Atlas requests that its objection be upheld and sustained and that the Cure Amount be found and acknowledged to be $49,022.67, not ($8,796.83).

Dated: June 24, 2009
      New York, New York

                            SMITH, GAMBRELL & RUSSELL, LLP


                            By: */s/ Beth N. Kibel*
                                  Beth N. Kibel

                            *Counsel for Atlas Oil Company*

                            250 Park Avenue, Suite 1900
                            New York, New York 10177
                            (212) 907-9700

4

## CERTIFICATE OF SERVICE

Peter H. Choi, pursuant to 28 U.S.C. § 1746, certifies that: on June 24, 2009, a true and correct copy of the foregoing *Cure Objection of Atlas Oil Company* was filed via the Court's ECF System and will be electronically mailed to the parties that are registered or entitled to receive electronic notifications of such filing. Additionally, a copy of this *Cure Objection of Atlas Oil Company* was served on the following parties at the addresses listed below via Federal Express:

| | |
|---|---|
| The Debtors<br>c/o General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, MI 48090-9025<br>Attn: Warren Command Center, Mailcode 480-206-114 | Attn: Gordon Z. Novod, Esq.<br>Kramer Levin Naftalis & Frankel, LLP<br>Attorneys for the Creditors Committee<br>1177 Avenue of the Americas<br>New York, NY 10036 |
| Attn: Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph M. Smolinsky, Esq.<br>Weil Gotshal & Manges, LLP<br>Attorneys for Debtors<br>767 Fifth Avenue<br>New York, NY 10153 | Attn: Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Vedder Price, P.C.<br>Attorneys for Export Development Canada<br>1633 Broadway, 47th Floor<br>New York, NY 10019 |
| Attn: Matthew Feldman, Esq.<br>U.S. Treasury<br>1500 Pennsylvania Avenue NW, Room 2312<br>Washington, DC 20220 | Attn: Diana G. Adams, Esq.<br>Office of the U.S. Trustee for the<br>Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| Attn: John J. Rapisardi, Esq.<br>Cadwalader Wickersham & Taft, LLP<br>Attorneys for Purchaser<br>One World Financial Center<br>New York, NY 10281 | |

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2009

/s/          *Peter H. Choi*
Peter H. Choi