**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
**GENERAL MOTORS CORP.,** *et al.*,                        :    09- 50026 (REG)
                                                           :
                 Debtors.                                  :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x

# AMENDED NOTICE OF AGENDA OF MATTERS SCHEDULED
# FOR HEARINGS ON JUNE 25, 2009 AT 9:00 A.M. AND 9:45 A.M.

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling Green, New York, NY 10004-1408

*Matter to be heard at 9:00 a.m.*

**I.    CONTESTED MATTER:**

   1.   Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 64]**

        Response Deadline:    June 19, 2009 at 4:00 p.m.

        Responses Filed:

              A.    Objection of the Wayne County Treasurer, the Oakland County Treasurer and The City of Detroit to the Motion of Debtors for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral, (iv) Granting Adequate Protection to Certain Prepetion Secured Parties, (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full within 45 Days; and (vi)

|   |   |
|---|---|
|   | Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 971]** |
| B. | Limited Objection of the City of Lansing, Michigan to the Debtors' Motion for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral, (iv) Granting Adequate Protection to Certain Prepetion Secured Parties, (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 1194] [This Objection has been resolved]** |
| C. | The Charter Township of Delta, Michigan's Objections to (1) Interim Order Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001, and 6004(a) Approving DIP Credit Facility, etc.; (2) Interim Loan Adequate Protection Order; (3) Interim Cash Collateral Order; (4) Underlying Motions; and (5) Entry of Final Orders Granting Liens Priming the Existing and Future Liens of the Charter Township of Delta, Michigan **[Docket No. 1199]. [This Objection has been resolved]** |
| D. | Objection of Cinetic Automation Corp. to Motion to Approve DIP Financing **[Docket No. 1878]** [**This objection has been withdrawn**] |
| E. | Objection and Reservation of Rights of NCR Corporation in Response to Motion of Debtors for Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing and Related Relief **[Docket No. 2015] [This Objection has been withdrawn]** |
| F. | Deutsche Bank AG Limited Objection and Request for Clarification of Motion of the Debtors for Final Order Approving Postpetition Financing and Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days **[Docket No. 2031]** |
| G. | **Unsigned Limited Objection of LBA Realty Fund III- Company IX, LLC and PRU/SKS Brannan Associates LLC to Motion of Debtors for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; etc. [Docket No. 2060] [This Objection has been resolved]** |

H. **Limited Objection of LBA Realty Fund III- Company IX, LLC and PRU/SKS Brannan Associates LLC to Motion of Debtors for entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; etc. [Docket No. 2067] [This Objection has been resolved]**

I. Reservation of Rights of the Official Committee of Unsecured Creditors to Debtors Motion for an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (VI) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 2319]**

Replies Filed:

A. Debtors' Omnibus Response to the Objections to the Debtors' Motion for an Order (i) Authorizing the Debtors to Obtain Postpetition Financing; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full; an (vi) Scheduling A Final Hearing **[Docket No. 2308]**

B. Reply of Deutsche Bank AG to Debtors' Response to Limited Objection of Motion of the Debtors for Final Order Approving Postpetition Financing and Response to Sale Motion **[Docket No. 2372]**

Additional Document(s):

A. Interim Order Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens, and Super-Priority Status, (C) Authorizing the Use of CashCollateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling A Final Hearing **[Docket No. 292]**

    B.    Notice of Filing of Certain Schedules to the DIP Facility **[Docket No. 948]**

    C.    Supplement to Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Prepetition Secured Parties; (v) Authorizing the Debtors to Prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing **[Docket No. 1444]**

    D.    Notice of Withdrawal of Objection of Cinetic Automation Corp. to Motion to Approve DIP Financing **[Docket No. 2212]**

    E.    **Declaration of Matthew A. Hamermesh in Support of Objection and Reservation of Right of NCR Corporation in Response to Motion of Debtors for Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing and Related Relief [Docket No. 2397]**

    F.    **Notice of Withdrawal of Objection and Reservation of Rights of NCR Corporation in Response to Motion of Debtors for Entry of an Order Authorizing the Debtors to Obtain Postpetition Financing and Related Relief [Docket No. 2467]**

Status:    The Objection of Cinetic Automation Corp. and NCR Corporation have been withdrawn. This matter is going forward.

*Matters to be heard at 9:45 a.m.*

**I.    CONTESTED MATTERS:**

1.    Motion of Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 60]**

Response Deadline:    June 15, 2009 at 4:00 p.m.

Responses Filed:

    A.    First Objection to Motion for Entry of Order filed by G. Alan Wallace on behalf of City of Lansing **[Docket No. 1190] [This Objection has been resolved]**

B. **The Charter Township of Delta, Michigan's Objections to (1) Interim Order Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001, and 6004(a) Approving DIP Credit Facility, etc.; (2) Interim Loan Adequate Protection Order; (3) Interim Cash Collateral Order; (4) Underlying Motions; and (5) Entry of Final Orders Granting Liens Priming the Existing and Future Liens of the Charter Township of Delta, Michigan [Docket No. 1199]. [This Objection has been resolved]**

C. The Timken Company Limited Objection of Approval of Cash Collateral and Adequate Protection Orders on a Final Basis **[Docket No. 1389]** [**This Objection has been resolved**]

D. LBA Realty Fund III Company IX, LLC, Pru/SKS Brannan Associates LLC Limited Objection to Motion for Entry of Orders (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection to the Revolver Secured Parties, (iii) Granting Adequate Protection to the Term Loan Secured Parties, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 2063]**

Replies Filed:   None to date.

Additional Document(s):

A. Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Revolver Secured Parties and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) **[Docket No. 180]**

B. Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Granting Adequate Protection to the Term Loan Secured Parties and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) **[Docket No. 181]**

C. Reservation of Rights of the Official Committee of Unsecured Creditors to the Motion of the Debtors for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 361, 363 and 507 (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection to the Revolver Secured Parties, (III) Granting Adequate Protection to the Term Loan Secured Parties, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 **[Docket No. 2317]**

      **Status**:   **The Charter Township of Delta, NCR Corporation, and the Timken Company Objections have bee resolved**. This matter is going forward.

2.   Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for an Order (I) Appointing a Legal Representative for Future Asbestos Personal Injury Claimants and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants **[Docket No. 478]**

    Response Deadline:   June 19, 2009 at 4:00 p.m.

    Responses Filed:

        A.   Debtors' Omnibus Objections to the Motions of the (I) Ad Hoc Committee of Consumer Victims and (II) Ad Hoc Committee of Asbestos Claimants Seeking the Appointment of Additional Committees of Unsecured Creditors and the Appointment of a Future Claimants Representative **[Docket No. 1915]**

        B.   Objection of the Official Committee of Unsecured Creditors to the Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for an Order (I) Appointing a Legal Representative for Future Asbestos and Personal Injury Claimants and (II) Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants **[Docket No. 2266]**

    Replies Filed:   None to date.

    Additional Document(s):   None to date

    **Status:**   This matter is going forward.

3.   Application of the General Motors Retirees Association for Order to Appoint a Retiree Committee Pursuant to 11 U.S.C. § 1114(d) **[Docket No. 263]**

    Response Deadline:   June 19, 2009 at 4:00 p.m.

    Responses Filed:

        A.   Debtors' Objections to Application of General Motors Retirees Association for the Appointment of a Retirees Committee Pursuant to 11 U.S.C. § 1114(d) Claimants Representative **[Docket No. 1902]**

        B.   Objection of the Official Committee of Unsecured Creditors to the Motion to Appoint an Official Retiree Committee Pursuant To 11 U.S.C. §1114(d) **[Docket No. 2032]**

Replies Filed:

    A.    Reply in Support of GMRA's Application for Appointment of a Salaried Retirees Committee Pursuant to 11 U.S.C. § 1114(d) [Docket No. 2191]

    B.    Debtors' Rebuttal to Reply of General Motors Retirees Association for the Appointment of a Retirees Committee Pursuant to 11 U.S.C. § 1114(d) [Docket No. 2457]

Additional Document(s):

    A.    Declaration of Neil A. Goteiner in Support of GMRA's Application for Appointment of a Salaried Retirees Committee Pursuant to 11 U.S.C. § 1114(D) **[Docket No. 2192]**

**Status:**    This matter is going forward.

## II.    UNCONTESTED MATTERS:

1.    Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) (I) Authorizing Debtors to Pay Prepetition Obligations to Foreign Creditors and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers **[Docket No. 38]**

Response Deadline:    June 15, 2009 at 4:00 p.m.

Responses Filed:    None to date.

Replies Filed:    None to date.

Additional Document(s):

    A.    Interim Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) (I) Authorizing Debtors to Pay Prepetition Obligations to Foreign Creditors and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers **[Docket No. 176]**

**Status**:    This matter is going forward.

2.    Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 58]**

<u>Response Deadline</u>: June 15, 2009 at 4:00 p.m.

<u>Responses Filed</u>:

A. Entergy Mississippi, Inc. Objection to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 511]**

B. Objection of Columbia Gas of Ohio, Inc. and Columbia Gas of Virginia, Inc. to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payments; (II) Establishing Procedures for Resolving Objections by Utility Companies; and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 764]**

C. Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant To 11 U.S.C. §§ 105(a) and 366 (i) Approving Debtors Proposed Form Of Adequate Assurance of Payment, (ii) Establishing Procedures for Resolving Objections By Utility Companies, and (iii) Prohibiting Utilities from Altering, Refusing, Or Discontinuing Service **[Docket No. 915]**

D. City of Austin Energy Objection to Order Approving Debtor's Proposed Form of Adequate Assurance of Payment for Utilities and Motion for Adequate Assurance of Future Payment of Utility Account **[Docket No. 1121]**

E. Pennsylvania Power Company, The Cleveland Electric Illuminating Company, The Toledo Edison Company, Ohio Edison Company Objection to Motion of Debtors for Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1131]**

F. Objection to Motion for Entry of Order Pursuant to 11 U.S.C. 105(a) and 366 filed by Eric T. Ray on behalf of Sierra Pacific Power Company **[Docket No. 1193]**

G. BP Canada Energy Marketing Corp. and BP Energy Company Objection to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting

        Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1248]**

H.    City of Detroit Objection to Debtors Motion for Approval of Adequate Assurance of Payment to Utility Services and Continuation of Service **[Docket No. 1320]**

I.    Reservation of Rights of Dominion Retail, Inc., relating to the Motion of Debtors for Entry of Order Pursuant to 11 USC §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1669]**

J.    Joinder Of The Commonwealth Edison Company and Peco Energy Company to Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant To 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 1734]**

Replies Filed:

A.    Debtors' Omnibus Reply To Objections Under Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service **[Docket No. 2366]**

Additional Document(s):

A.    Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 173]**

B.    Declaration of Cecilia Baesa in Support of Objection of Certain Utility Companies to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2220]**

C.    Declaration of Frank Via in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2327]**

D.    Declaration of Gregory T. Holland in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2331]**

E.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2361]**

F.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2419]**

G.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2422]**

H.    Declaration of Kevin Hooker in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service **[Docket No. 2432]**

  I. Declaration of Peter Engler in Support of Objection of Certain Utility Companies to Motion of Debtors for entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service [Docket No. 2439]

  J. **Notice of First Supplemental Utility Service List in Accordance with Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service [Docket No. TBF]**

 <u>Status</u>: **The Debtors anticipate that all objections will be resolved.** This matter is going forward.

3. Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105, 363, and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 76]**

 <u>Response Deadline</u>: June 15, 2009 at 4:00 p.m.

 <u>Responses Filed</u>:

  A. Limited Objection of Panasonic Electric Works Corporation of America to the entry of a Final Order Granting the Debtors Motion for Order Authorizing the Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 1206]** [This Objection has been withdrawn

  B. Limited Objection Of Cummins Inc. to Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 364 Authorizing Vendors To (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors, and Service Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation In The United States Treasury Auto Supplier Support Program **[Docket No. 1746]** [This Objection has been withdrawn]

 <u>Replies Filed</u>: None to date.

Additional Document(s):

A. Interim Order Pursuant to 11 U.S.C. §§ 105, 363,and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program **[Docket No. 175]**

B. **Notice of Withdrawal of Objection filed by Panasonic Electric Works Corporation of America [Docket No. 2464]**

C. **Notice of Withdrawal of Objection filed by Limited Objection of Cummins In [Docket No. 2346]**

**Status**: **The Objections have been resolved.** This matter is going forward.

4. Motion of the Debtors Pursuant to 11 U.S.C. § 363 for an Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date **[Docket No. 952]**

Response Deadline:   June 19, 2009 at 4:00 p.m.

Responses Filed:

A. The United States Trustee's Objection Motion of the Debtors Pursuant to 11 U.S.C. § 363 for an Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date **[Docket No. 2188]**

B. **Errata to The United States Trustee's Objection Motion of the Debtors Pursuant to 11 U.S.C. § 363 for an Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date [Docket No. 2438]**

Replies Filed: None to date.

Additional Document(s):

A. Supplemental Declaration of Albert A. Koch of AP Services, LLC as Crisis Managers and Chief Restructuring Officer to the Debtors and Debtors in Possession **[Docket No. 2414]**

> **Status**: This Debtors anticipate that the Objection will be resolved. This matter is going forward.

5. Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a) and 362 for entry of (I) Interim and Final Orders Establishing Notification Procedures regarding Restrictions on Certain Transfers of Interests in the Debtors and (II) Orders Scheduling A Final Hearing **[Docket No. 88]**

   Response Deadline:    June 18, 2009 at 4:00 p.m.

   Responses Filed:    None to date.

   Replies Filed:    None to date.

   Additional Document(s):

   A. Interim Order Pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (I) Establishing Notification Procedures regarding Restrictions on Certain Transfers of Interests in the Debtors and (II) Orders Scheduling A Final Hearing **[Docket No. 286]**

   **Status**: This matter is going forward.

6. Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 345(b), 363(b) and 363(c) and 364(a), and Fed. R. Bankr. P. 6003 and 6004 (A) Authorizing Debtors to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to Use of Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) Extending Time to Comply with 11 U.S.C. § 345(b); and (C) Scheduling a Final Hearing **[Docket No. 30]**

   Response Deadline:    June 14, 2009 at 4:00 p.m.

   Responses Filed:    None to date

   Replies Filed:    None to date.

   Additional Document(s):

   A. Interim Order Pursuant to 11 U.S.C. §§ 105(a), 345(b), 363(b) and 363(c) and 364(a), and Fed. R. Bankr. P. 6003 and 6004 (A) Authorizing the Debtors to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to Use of Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) Extending Time to Comply with 11 U.S.C. § 345(b); and (C) Scheduling a Final Hearing **[Docket No. 179]**

      **Status**:    This matter is going forward.

7. Debtors' Motion Pursuant to § 363 of the Bankruptcy Code for Authority to Exercise Put Right **[Docket No. 561]**

    Response Deadline:    June 19, 2009 at 5:00 p.m.

    Responses Filed:    None to date.

    Replies Filed:    None to date.

    Additional Document(s):    None to date.

    **Status**:    This matter is going forward.

8. Motion of Debtors for Entry of Order Granting Additional Time to File Reports of Financial Information or to Seek Modification of Reporting Requirements Pursuant to Bankruptcy Rule 2015.3 **[Docket No. 727]**

    Response Deadline:    June 22, 2009 at 4:00 p.m.

    Responses Filed:    None to date.

    Replies Filed:    None to date.

    Additional Document(s):    None to date.

    **Status**:    This matter is going forward.

9. Application of the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328 (a) and Fed. R. Bankr. P. 2014(a) for Authority to Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date **[Docket No. 949]**

    Response Deadline:    June 19, 2009 at 4:00 p.m.

    Responses Filed:    None to date.

    Replies Filed:    None to date.

    Additional Document(s):

        A.    Supplemental Affidavit and Disclosure Statement on behalf of Weil, Gotshal & Manges LLP Pursuant to §§ 327,328(a), 329 and 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a) and 2016(b) **[Docket No. 2347]**

    **Status**:    This matter is going forward.

10.  Application of the Debtors Pursuant to § 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date **[Docket No. 950]**

   Response Deadline:    June 19, 2009 at 4:00 p.m.

   Responses Filed:    None to date.

   Replies Filed:    None to date.

   Additional Document(s):

   A.   Supplemental Declaration of Daniel R. Murray in Connection with Debtors' Application to Retain Jenner & Block LLP **[Docket No. 2325]**

   **Status**:    This matter is going forward.

11.  Application Under 11 U.S.C. §§ 327(e) and 328(a) Authorizing Debtors to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel for The Debtors, Nunc Pro Tunc to The Petition Date **[Docket No. 951]**

   Response Deadline:    June 19, 2009 at 4:00 p.m.

   Responses Filed:    None to date.

   Replies Filed:    None to date.

   Additional Document(s):

   A.   Supplemental Declaration of Robert B. Weiss and Disclosure Statement in Support of the Application Under 11 U.S.C. §§ 327(e) and 328(a) Authorizing Debtors to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel for The Debtors, Nunc Pro Tunc to The Petition Date **[Docket No. 2254]**

   **Status**:    This matter is going forward.

12.  Application of Debtors for Entry of Order Pursuant To 28 U.S.C. § 156(c) Authorizing Retention and Employment of The Garden City Group, Inc. as Notice and Claims Agent Nunc Pro Tunc to The Commencement Date **[Docket No. 953]**

   Response Deadline:    June 19, 2009 at 4:00 p.m.

   Responses Filed:    None to date.

   Replies Filed:    None to date.

Additional Document(s):    None to date.

**Status**:    This matter is going forward.

## III.    ADJOURNED MATTER

1.   Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 954]**

Response Deadline:    June 19, 2009 at 4:00 p.m.

Responses Filed:

A.   Objection of Ad Hoc Committee of Consumer Victims of General Motors to the Application for an Order Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors **[Docket No. 1892]**

B.   Ad Hoc Committee of Asbestos Personal Injury Claimants Objection to the Debtors' Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 1968]**

C.   The United States Trustee's Objection to the Debtors' Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 2189]**

D.   Limited Objection of The Official Committee of Unsecured Creditors to The Debtors Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 2232]**

E.   **Errata to The United States Trustee's Objection to the Debtors' Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for**

        **the Debtors Nunc Pro Tunc to the Petition Date [Docket No. 2442]**

Replies Filed:

    A.    Debtors' Omnibus Response to the Objections to the Debtors' Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 2441]**

Additional Document(s):

    A.    First Supplemental Declaration of William C. Repko in Support of the Application for an Order Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker and Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date **[Docket No. 2435]**

**Status**:    **This matter will be adjourned to a date to be determined.**

**IV.    WITHDRAWN MATTER:**

1.    Motion of Ad Hoc Committee of Consumer Victims of General Motors for Appointment of Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1102(A)(2) **[Docket No. 287]**

Response Deadline:    June 19, 2009 at 4:00 p.m.

Responses Filed:

    A.    Debtors' Omnibus Objections to the Motions of the (I) Ad Hoc Committee of Consumer Victims and (II) Ad Hoc Committee of Asbestos Claimants Seeking the Appointment of Additional Committees of Unsecured Creditors and the Appointment of a Future Claimants Representative **[Docket No. 1915]**

    B.    Objection of the Official Committee of Unsecured Creditors to the Motion of the Ad Hoc Committee of Consumer Victims of General Motors for Appointment of an Official Committee of Tort Claimants **[Docket No. 2265]**

Replies Filed:    None to date.

Additional Document(s):

A. Notice of Withdrawal Without Prejudice of Motion Ad Hoc Committee of Consumer-Victims of General Motors for Appointment of Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1102(a)(2) **[Docket No. 2427]**

**Status:** **This matter has been withdrawn.**


Dated: June 24, 2009
New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession