Lafonza Earl Washington
Applicant/Petitioner
7010 Cranwood Drive
Flint, MI 48505
Tel: 810.922.0308

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------X

IN RE : Chapter 11

GENERAL MOTORS CORP., et al., : Case No. 09-50026 (REG)

Debtors. : (JOINTLY ADMINISTERED)

: JURY TRIAL (DEMAND) PRESERVED
------------------------------X

## NOTICE

OF "AMENDED MOTION APPLICATION" BY LAFONZA EARL
WASHINGTON TO BE IMMEDIATELY GRANTED ON THE SAME
DATE AS DEBTORS' NOTICE OF SALE HEARING TO SELL
SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO
MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE
ACQUISITION HOLDING LLC, A U.S. TREASURY-SPONSORED
PURCHASER WITH RESPONSE AND PETITION TO COMPEL
PAYMENT IN THE NATURE OF A PEREMPTORY WRIT OF
MANDAMUS INVOLVING RES ADJUDICATA AND COLLATERAL
ESSTOPPEL ISSUES PREVIOUSLY DISPOSED OF IN DEFENDANT
GENERAL MOTORS CLASS ACTION'S ORDER, FINAL JUDGMENT
AND OUT OF COURT SETTLEMENT AGREEMENT IN CASE NO.
07-CV-14074 IN THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
(DETROIT) PURSUANT TO THE BELOW-CITED SECTIONS OF
TITLES 11, 28, AND 31 of the UNITED STATES CODE
                    OR
IF THIS "OWNER'S" MONEY IS NOT PAID IMMEDIATELY
DEMANDED <u>WITHDRAWAL</u>" OF THIS ENTIRE PROCEEDING
BASED ON 28 U.S.C. §§ 157(d), 1334 (e) ETC.,
MOTION IS FILED-PETITIONER WASHINGTON DOES NOT
"<u>CONSENT</u>" TO THE BANKRUPTCY JUDGE/COURT DETERMINING
THAT RESOLUTION OF THESE QUESTIONABLE PROCEEDINGS
REQUIRES CONSIDERATION OF BOTH TITLE 11 AND OTHER
LAWS OF THE UNITED STATES REGULATING ORGANIZATIONS
OR ACTIVITIES AFFECTING INTERSTATE COMMERCE AND
DEMANDS A JURY TO <u>FIND ALL FACTS IN THE PROPER</u>
<u>VENUED U.S. DISTRICT COURT</u>

TO:  United States Bankruptcy Court
     Vito Geena, Clerk
          and
     WEIL, GOTSHAL & MANGES LLP
     Attorneys for the Debtors
     Attn:  Harvey R. Miller, Esq.
            Stephen Karotkin, Esq.
            Joseph H. Smolinsky, Esq.
          and
     U.S. Attorney's Office
     Southern District of New York
     Attn:  David S. Jones, Esq.
            Matthew L. Schwartz, Esq.
          and
     CADWALADER, WICKERSHAM & TAFT LLP
     Attorneys for the Purchaser
     Attn:  John J. Rapisardi, Esq.
          and
     CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
     Attorneys for the UAW
     Attn:  James L. Bromley, Esq.
          and
     COHEN, WEISS & SIMON LLP
     Attorneys for the UAW
     Attn:  Babette Ceccotti, Esq.
          and
     VEDDER PRICE, P.C.
     Attorneys for Export Development Canada
     Attn:  Michael J. Edelman, Esq.
            Michael L. Schein, Esq.
          and
     Office of the U.S. Trustee for the
     Southern District of New York
     Attn:  Diana G. Adams, Esq.
          and
     Eric Holder
     United States Attorney General
          and
     Barack H. Obama, President
     United States of America
          and
     Frederick A. Henderson
     President and Chief executive Office

     and a Proper Officer of the
     Board of Directors of the
     General Motors Corporation


    **PLEASE TAKE NOTICE** that on June 19, 2009, pursuant to the

Federal Rules of Civil Procedure (FRCP), Rules 11(a) and 12(f),

the pleadings filed by the Debtors' attorney are MOTIONED to be

"<u>striken</u>" in its entirety based on the absence of a bankruptcy petition preparer which violates 11 U.S.C. § 110 requirements, the absence of the required Affidavit taken under oath before an officer of the Court or a notary public or other person who has been duly authorized to so act and frauding of the deadline of a response or objection by this Petitioner due to these proceedings NOT being adversarial. Or in the alternative...

**PLEASE TAKE FURTHER NOTICE** that according to F.R.C.P. Rule 78, the Court is Petitioned to expedite this business of this Petitioner and finalize this Motion for Amendment to pay the out-of-court settlement owed, res adjudicata and collateral estopple matters exist by fact and law, based on (Defendant) GM did NOT dispute, deny nor decline this party's claims filed in the class action BEFORE the U.S. District Court for the Eastern District of Michigan located in Detroit, issued its Order and Final Judgment on July 31, 2008, proving that res adjudicata and collateral estoppel bars GM from relitigating the same issues in "<u>3</u>" plus proceedings including this above-numbered bankruptcy proceeding.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 2041 "All moneys paid into any Court of the United States or received by the officers thereof, in ANY case pending or adjudicated in such Court, SHALL BE FORTHWITH deposited with the TREASURER of the United States or a designated depositary, in the name and to the credit of such court", which this Petitioner demands finding of fact by the JURY as to whether or NOT both civil and criminal offenses against the laws of the United States have been engaged in by the false and fraudulent pretenses of a U.S. Treasury sponsored Purchaser having purchased substantially all of the

assets of GM, when according to § 2041 a deposit was OWED to the U.S. Treasury in the first instance.

**PLEASE TAKE FURTHER NOTICE** that under 28 U.S.C. § 2041, "This section '<u>SHALL NOT</u>' prevent the delivery of ANY SUCH money to the rightful '<u>OWNERS</u>' upon security, according to agreement of the parties, udner the direction of the Court", and the Voluntary Petition provides relief to the Debtor based on the debt owed to this OWNER has voluntarily been agreed to be paid NOT relitigated, as well as the Court having been statutorily directed for the district court, which this bankruptcy court is only a unit of, in which GM's case under Title 11 is commenced or is pending SHALL have EXCLUSIVE JURISDICTION of ALL of the property, wherever located, of GM as debtor as of the commencement of this case on June 1, 2009, and of property of the estate in compliance with 28 U.S.C. § 1334(e) that this Court is required BY LAW to deposit with the Treasurer of the United States.

**PLEASE TAKE FURTHER NOTICE** that under Title 31 U.S.C. §§ 9304 thru 9308, the Secretary of the Treasury is required to enforce power of Attorney obligations against GM which does NOT authorize this Attorney or resident agent to deny assuming GM's liability to Petitioner Washington and this liability has been owed to this "OWNER" since July 31, 2008, which assets no longer belong to GM by fact and law as a result of Defendant GM's out of court settlement agreement, Order and Final Judgment in the class action in the U.S. District Court for the Eastern District of Michigan which EXHIBITS are enclosed.

**PLEASE TAKE FURTHER NOTICE** that a JURY TRIAL is demanded to

find the facts concerning whether or NOT the selling substantially of all GM's assets concealed under a master sale and purchase agreement violates the U.S. Treasurer's duties, that in turn continues to repeatedly violate Petitioner Washington to be immediately delivered money he is the rightful OWNER of since July 31, 2008, or in the alternative this Application be granted and paid immediately without a hearing, in the sum of $1,564,629,220.00 at 15% annual interest or at $556,940.00 per day calculated thru Monday, June 15, 2009.

Date:  Flint, Michigan
       June 14, 2009

By:  Lafonza Earl Washington
Applicant / Petitioner

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA and EARL L. HENRY, BONNIE J.
LAURIA, RAYMOND B. BAILEY, THEODORE
J. GENCO, MARVIN C. MARLOW, CHARLES
R. MILLER, LAVERNE M. SORIANO and JOHN
HUBER, on behalf of themselves and all other
persons similarly situated,

      Plaintiffs,

v.                                          Case No. 07-CV-14074-DT

GENERAL MOTORS CORPORATION,

      Defendant.

_____/

## ORDER AND FINAL JUDGMENT

Based on the "Findings of Facts and Conclusions of Law" filed on this date, and all of the files, records and proceedings herein, the court enters the following order and final judgment, which is binding upon and inures to the benefit of all of the following parties: General Motors Corporation ("GM"), the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), Earl L. Henry, Bonnie J. Lauria, Raymond B. Bailey, Theodore J. Genco, Marvin C. Marlow, Charles R. Miller, Laverne M. Soriano, John Huber and the class described in paragraph 1.

    1.    The following class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2):

LET JUDGMENT BE ENTERED ACCORDINGLY.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO, and JOHN HUBER, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>    Defendant. | Case No.: 2:07-cv-14074-RHC-VMM<br><br>Hon. Robert H. Cleland<br>Magistrate Virginia M. Morgan<br><br>CLASS ACTION |

**ORDER**

AND NOW, this 9th day of September 2008, having considered the Plaintiff Class Representatives' Supplemental Brief In Support of their Motion For Attorneys' Fees and Expenses, it is hereby ordered that said motion is granted, that Class Counsel are awarded $594,988.50 as reasonable attorneys' fees through July 31, 2008, and are also awarded $245,472.09 in costs through July 31, 2008 (for a total of $840,415.59). This Court also retains jurisdiction over any additional fee petitions to be filed in connection with the court proceedings to obtain the judgment and any appeals therefrom.

So Ordered,

S/Robert H. Cleland
Robert H. Cleland
United States District Judge

cc:    All parties of record.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO, and JOHN HUBER on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | Case No: 07-14074<br><br>Hon. Robert H. Cleland<br>Magistrate Virginia M. Morgan |

## NOTICE OF FILING OF (UPDATED) OBJECTIONS BY CLASS MEMBERS

Pursuant to the Order of the Court dated March 20, 2008 (Docket #39), Plaintiffs Earl L. Henry, Bonnie J. Lauria, Raymond B. Bailey, Theodore J. Genco, Marvin C. Marlow, Charles R. Miller, Laverne M. Soriano, and John Huber (the "Class Representatives"), through their attorneys Stember Feinstein Doyle & Payne, LLC, hereby file the Class Members' Objections to the Proposed Settlement that were received by the Court and/or Class Counsel. This filing includes the objections in the previous filing (Docket #44) and two others received since then. In addition, the filing includes all of the documents sent by Objector Earl Washington to Class Counsel.

An index and the objections received are attached as Exhibit 1.

                                                        Respectfully submitted,

Dated: May 22, 2008                    s/John Stember
                                          John Stember (PA Bar 23643)
                                          jstember@stemberfeinstein.com
                                          Edward J. Feinstein (PA Bar 29718)
                                          efeinstein@stemberfeinstein.com
                                          Ellen M. Doyle (PA Bar 21854)
                                          edoyle@stemberfeinstein.com
                                          Stephen M. Pincus (PA Bar 88976)
                                          spincus@stemberfeinstein.com
                                          **STEMBER FEINSTEIN DOYLE &**
                                              **PAYNE, LLC**
                                          1705 Allegheny Building
                                          429 Forbes Avenue
                                          Pittsburgh, PA 15219
                                          Tel: (412) 338-1445
                                          Fax: (412) 232-3730

                                          William T. Payne (PA Bar 38083)
                                          wpayne@stemberfeinstein.com
                                          **STEMBER FEINSTEIN DOYLE &**
                                              **PAYNE, LLC**
                                          *Pittsburgh North Office*
                                          1007 Mt. Royal Blvd.
                                          Pittsburgh, PA 15223
                                          Tel: (412) 492-8797
                                          Fax: (412) 492-8978

*Counsel for Plaintiffs Henry, Lauria, Bailey, Genco, Marlow, Miller, Soriano,*
*and Huber and the Class*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X
IN RE                                   : Chapter 11
                                        :
GENERAL MOTORS CORP., et al.,           : Case No. 09-50026 (REG,
                                        :
                                        : (Jointly Administered,
         Debtors.                       :
---------------------------------------X JURY TRIAL RIGHT PRESERVED


#### AFFIDAVIT
DECLARING INABILITY TO COMPLY WITH ANY/ALL ELECTRONIC
PROCESSES IN THIS PROCEEDING BY LAFONZA EARL WASHINGTON-
APPLICANT, PETITIONER OR IF NECESSARY OBJECTOR TO AN
11 U.S.C. § 363 USE, SALE, OR LEASE OF PROPERTY, BASED
ON MULTIPLE PROHIBITED VIOLATIONS OF APPLICABLE AND
CITED NONBANKRUPTCY LAW

I, Lafonza Earl Washington, hereby state under penalty of perjury that,

1. At the present date and until further Notice is filed with the clerk of the above named Court, there exist an inability to comply electronically as instructed due to Debtor, the General Motors Corporation etc., "10" years and continuing of prohibitedly causing the losses of 100% of all monies to live on including business start-up anti-trust restraints without a courts Order.

> "I DECLARE THAT THE STATEMENTS ABOVE ARE
> TRUE TO THE BEST OF MY INFORMATION
> KNOWLEDGE AND BELIEF."

Dated:   June 15, 2009

                                        By: Lafonza Earl Washington
                                            Applicant/Petitioner
                                            7010 Cranwood Drive
                                            Flint, MI  48505
                                            Tel:  810.922.0308

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
IN RE                               : Chapter 11
                                    :
GENERAL MOTORS CORP., et al.,       : Case No. 09-50026(REG,
                                    :
        Debtors.                    : (Jointly Administered,
                                    :
------------------------------------X JURY TRIAL RIGHT PRESERVED

### AFFIDAVIT
OF UNIFORM DECLARATORY JUDGMENT ACT ENTITLED APPLICANT/
PETITIONER LAFONZA EARL WASHINGTON SHOWING CAUSE FOR
NEED FOR TIMELY ISSUANCE OF EXECUTION - TO AVOID
STATUTORILY PREVENTALE LOSS

I, Lafonza Earl Washington, hereby state under penalty
of perjury that,

1. He is the "IMPLIED" judgment creditor based on an Order, Final Judgment, and Out-Of-Court Settlement dated July 31, 2009, against Defendant General Motors Corporation witnessed to by the "Notice To Debtors' Retirees Represented By The International Union, United Automobile, Aerospace and Agricultural Implement Workers Of America Of Sale Of Debtors' Assets And Approval Of UAW Retiree Settlement Agreement" testifying of, '"the 2008 Settlement Agreement" approved by the United States District Court for the Eastern District of Michigan in the class action styled Int'l Union UAW, et al. v. General Motors Corporation, Civil Action No. 07-14074 (E.D. Mich. filed Sept. 9, 2007, (final order entered July 31, 2008,', on Page 2 of this Notice.

2. On July 31, 2008, final order for Attorney Fees and Expenses and the unauthorized 'Findings of Facts and Conclusions

of Law' prohibited by the Federal Rules of Civil Procedure were made as witnessed to by Attorney (? no bar # cited or filed) Steve Karotkin, Harvey R. Miller, Joseph H. Smolinsky of WEIL, GOTSHAL & MANGES LLP, and testimony made on Page 4 of the Notice To Debtors' Retirees Represented By...", the UAW.

3. The Defendant in the Michigan class action who is the Debtor in this above-numbered action, the General Motors Corporation, was NOT an "adverse" party to this Petitioner/Applicant, a timely Claimant in the Michigan class action, whereby the "IMPLIED" agreement upon this Petitioner's demanded rights and GM's obligations that was NOT controverted by GM eliminated the necessity of a judicial resolution of the out-of-court settlement owed and demanded by this party in the sum of $1,564,629,220.00 at 15% annual interest or at $556,940.00 per day calculated thru Monday, June 15, 2009.

4. No part of the Uniform declaratory Judgment Act remedy or "IMPLIED" agreement to the out-of-court settlement entitlement and demand has been paid, and the whole of such debt is now due and remains unsatisfied.

5. This SWORN party is in danger of losing the amount of his constitutionally and Federal Laws protected (monetary) property "OWNERSHIP" rights payment by prohibited delay in issuing execution on money required to be deposited in the U.S. Treasury or a designated depositary.

6. This SWORN party declares that he is justified in his belief in the danger arising from such delay by the following

facts and circumstances:

(i) Title 11 U.S.C. § 363 prohibits such a sale by GM based on ONLY the trustee 'MAY' use, sell, or lease, other than in the ordinary course of business, property of the estate NOT Debtor GM, regardless of VOID, nonenforceable resolved resolution frauds etc., by GM's Board of Directors.

(ii) However, § 363 (b)(1)(B)(ii) prohibits a Trustee, who has NOT been appointed in this case, in the first instance due to clear facts proving that applicable and cited "NONBANKRUPTCY" laws, multiple of them have been violated which divest the trustee also from such use, sale, or lease of GM's assets.

(iii) The U.S. District Court for the Southern District of New York, which this bankruptcy court is only a unit of, is required to have EXCLUSIVE jurisdiction of Debtor GM's assets beginning June 1, 2009, under Title 28's NONBANKRUPTCY law, yet GM's Notice Of Sale Hearing frauds a purchaser sponsored by the U.S. Treasury has purchased substantially all of Debtor GM's assets free and clear of all liens, claims, encumbrances and other interests that directly threatens the ownership and will cause the losses.

(iv) The immediate direction of the Court to deliver the demanded sum to this rightful "OWNER"

is the only act that will prevent these losses and until the Direction from the Court to comply with statutory delivery of this money prohibited losses will repeatedly continue; BY LAW this Court has the duty to administrate justice and the immediate delivery, if deprived the losses and deliberate causing of financial hardship will continue with the Courts having full knowledge of these civil and criminal activities by natural persons abusing unauthorized corporate processes which EQUITY of justice always is required to enjoin.

"I DECLARE THAT THE STATEMENTS ABOVE ARE
TRUE TO THE BEST OF MY INFORMATION
KNOWLEDGE AND BELIEF."

Dated: June 15, 2009

By: Lafonza Earl Washington
Applicant/Petitioner
7010 Cranwood Drive
Flint, MI 48505
Tel: 810.922.0308