MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
Marc N. Swanson
(313) 496-7591

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
In re:                                            :   Chapter 11
                                                  :
General Motors Corporation,                       :   Case No. 09-50026 (REG)
                                                  :
            Debtor.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AMENDED AND SUPPLEMENTAL OBJECTION OF KONGSBERG AUTOMOTIVE INC. AND ITS AFFILIATES TO CURE AMOUNTS RELATED TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Kongsberg Automotive, Inc., Kongsberg Driveline Systems I, Inc., Kongsberg Driveline Systems S de RL de CV, Kongsberg Interior Systems S de RL de CV, Kongsberg Automotive S de RL de CV, Kongsberg Power Product Systems I, Inc., Kongsberg Driveline Systems GmbH, Kongsberg Holding II LLC, Kongsberg Automotive Holdings ASA (collectively, "Kongsberg"), by its attorneys Miller, Canfield, Paddock and Stone, P.L.C., hereby file this supplemental and amended objection to the Cure Amounts provided by the Debtors with respect to certain executory contracts by and among Kongsberg and the Debtors ("Supplemental Objection"). In support of its Supplemental Objection, Kongsberg states as follows:

**INTRODUCTION**

1.     On June 12, 2009, Kongsberg filed its Objection to cure amounts related to assumption and assignment of executory contracts ("Objection"). (Doc. No. 753).

2.  In its Objection, Kongsberg stated that it was unclear what the Debtors propose as Cure Amounts, and due to incorrect identifying information, it was unclear which executory contracts the Debtors propose to assume.

3.  Kongsberg also stated that it disagreed with the Cure Amount for several related executory contracts between the Debtors and Kongsberg Driveline Systems GmbH (as successor to Teleflex Automotive Germany GmbH)[1] (the "Teleflex Assumable Executory Contracts")) and requested that the Debtors increase the Cure Amount for the Teleflex Assumable Executory Contracts to Euro 100,929.67.[2]

4.  Kongsberg has been actively consulting and negotiating with the Debtors regarding the issues raised herein, and will continue to do so in a good faith effort to reach an accord. Kongsberg and the Debtors are working diligently to resolve the issues at hand.

**ARGUMENT**

5.  After Kongsberg filed its Objection, Kongsberg received additional information from the Debtors with respect to which executory contracts the Debtors sought to assume and the Debtors' proposed Cure Amount.

6.  This additional information indicated the Debtors' proposed Cure Amount for the executory contracts between the Debtors and Kongsberg (excluding the Teleflex Assumable Executory Contract) was $ 939,967.61 U.S. Dollars. Kongsberg has reviewed the Debtors' unpaid invoices in order to reconcile the Debtors' proposed Cure Amount. Based upon the

---

[1] The Cure Notice was incorrectly addressed to Teleflex, Inc., the entity from which Kongsberg purchased Teleflex Automotive Germany GmbH in December, 2007.

review of the Debtors' unpaid invoices, Kongsberg determined that the Cure Amount proposed by the Debtors was understated by $ 69,472.21 U.S. Dollars.[3]

7. Kongsberg asserts that $ 1,009,439.82 U.S. Dollars is the proper Cure Amount.

WHEREFORE, Kongsberg respectfully requests that the Court enter an order requiring the Debtors to increase (a) the Cure Amount for those executory contracts between Kongsberg and the Debtors by $ 69,472.21 U.S. Dollars and (b) the Cure Amount for the Teleflex Assumable Executory Contracts by Euro 100,929.67.

---

[2] Kongsberg is not amending or supplementing its request that the Debtors increase the Cure Amount by Euro 100,929.67 for the Teleflex Assumable Executory Contracts through this Supplemental Objection.

[3] Kongsberg did not attach the unpaid invoices to this Supplemental Objection because the unpaid invoices contain certain confidential information. Kongsberg has provided the list of unpaid invoices to personnel at GM Purchasing and will, upon the request of this Court, the Debtors, or any other party in interest, Kongsberg provide the unpaid invoices to the requesting party.

- 4 -

Dated: June 25, 2009        Respectfully Submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

*/s/* Marc N. Swanson
Marc N. Swanson
Attorneys for Kongsberg
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
E-mail: swansonm@millercanfield.com
Tel: (313) 496-7591
Fax: (313) 496-8451

# **CERTIFICATE OF SERVICE**

      Marc N. Swanson hereby certifies that, on the 25th day of June, 2009, he served a copy of the foregoing document, ***Amended and Supplemental Objection Of Kongsberg Automotive Inc. And Its Affiliates To Cure Amounts Related To Assumption And Assignment Of Executory Contracts*** upon each of the persons listed on the attached Exhibit A, by Federal Express Priority Overnight Mail so as to be received by each of the persons listed on the attached Exhibit A before 4:00 p.m., June 25, 2009.


Dated: June 25, 2009                By /s/ Marc N. Swanson
                                              Marc N. Swanson (MI P71149)
                                      150 West Jefferson Avenue, Suite 2500
                                      Detroit, MI 48226
                                      Telephone: (313) 963-7591
                                      Fax: (313) 496-8452
                                      Email: swanson@millercanfield.com

# EXHIBIT A

## SERVICE LIST

The Honorable Robert E. Gerber
Chambers
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408


General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

**Attention: Warren Command Center
           Mailcode 480-206-114**


Weil, Gotshal & Manges LLP
Attention: Harvey R. Miller, Esq.
Stephen Karotkin, Esq. and
Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, NY 10153


United States Treasury
Attention: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220


John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Vedder Price, P.C.
Attention: Michael J. Edelman, Esq. and
Michael L. Schein, Esq.
1633 Broadway, 47th Floor
New York, NY 10019


Diana G. Adams, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004


Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036