LATHAM & WATKINS LLP
George Royle
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
Email: george.royle@lw.com

and

Douglas Bacon
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: douglas.bacon@lw.com

Attorneys for GE Capital Corporation and its affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **GENERAL MOTORS CORP., et al.** | ) | **Case No. 09-50026 (REG)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |

**SUPPLEMENTAL OBJECTION OF GE CAPITAL CORPORATION AND CERTAIN OF ITS AFFILIATES TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

GE Capital Corporation and certain of its affiliates (collectively, "GECC"), by and through their undersigned counsel, pursuant to the requirements of the Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored  Purchaser; (II)

Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009 (the "Sale Procedures Order") (Docket No. 274) hereby submits this supplemental objection (the "Supplemental Objection"). In support of this Supplemental Objection, GECC respectfully represents as follows:

**OBJECTION**

1. On June 15, 2009, GECC and the Owner Trustee filed the Objection of GE Capital Corporation and Certain of its Affiliates and U.S. Bank, as Owner Trustee on its Behalf, to (I) Debtors' Motion to Assume and Assign Certain Executory Contracts and (II) to Notice of (A) Debtors' Intent to Assume and Assign Certain Executory Contacts, Unexpired Leases of Personal Property and Unexpired Leases of NonResidential Real Property and (B) Cure Amounts Related Thereto (the "GECC Assumption Objection") (Docket No. 1143), which sets forth their objections to the proposed procedures for dealing with GECC's leases and other executory contracts (the "Agreements") in connection with the proposed sale. The GECC Assumption Objection is hereby incorporated by reference.

2. On June 23, 2009, GECC received a "Second Notice" to the "Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto", dated June 15, 2009 (the "Second Cure Notice").

3. The Second Cure Notice directs GECC to the same GM-managed and password-protected website (the "Website"), "contractnotices.com," to learn the proposed cure amounts and the proposed "Assumption Effective Dates" and other terms of the assumption and assignment of its Agreements. Although the Second Cure Notice adds Agreements to those listed on the original notice provided to GECC, it is unclear based on the listing provided on the

2

Website which specific Agreements the Debtors intend to assume and assign. There is no way for GECC to discern both the specific Agreements the Debtors plan to assume and assign and the Debtors' intentions with respect to the Agreements listed on the Website. Moreover, this Second Cure Notice provides a new ten-day deadline, June 25, 2009, by which GECC must object to assert and preserve its rights.

## OBJECTION

4. Despite the Second Cure Notice, GECC still cannot determine which Agreements the Debtors propose to assume and assign. The Agreements listed on the Website are impossible for GECC to identify, as they are listed by "GM Contract ID" and other GM numbers that GECC cannot interpret. Furthermore, the Website lists no other information that would help GECC understand the Debtors' proposed treatment of its Agreements.

5. In addition, GECC still cannot determine whether its interests are being adequately protected or who is providing such adequate protection. Despite the impending objection deadline, GECC has not been provided with sufficient information to determine which of these agreements the Debtors propose to assume and assign to "New GM," or how the Debtors propose to adequately protect GECC's interests. GECC objects to the assumption and assignment of the Agreements listed on the Second Cure Notice on the grounds that the Debtors have failed to provide adequate notice of the specific agreements that they intend to assume and assign, and therefore have not and cannot establish their ability to satisfy the conditions to assumption set forth in section 365(b) and 365(f)(2)(B) of the Bankruptcy Code.

6. Furthermore, in order that it not be deemed to have consented inadvertently to assumption and assignment of the Agreements listed in the Second Cure Notice, GECC makes this Supplemental Objection and expressly does not consent to the proposed assumption and

3

CH\1106799.2

assignment of the Agreements listed. GECC reserves all of its rights and remedies, including the opportunity to object pending proper notification by the Debtors of their intent to assume and assign the Agreements.

CH\1106799.2

WHEREFORE, GECC and the Owner Trustee with respect to the Lease Transaction on its behalf and at its direction, respectfully request that this Court deny the Debtors' motion to assume and assign certain executory contracts, and to award such other and further relief as is just and equitable.

Dated: June 24, 2009
New York, NY

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ George Royle
    George Royle
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

-and-

Douglas Bacon
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Attorneys for GE Capital Corporation and its affiliates