BERGER SINGERMAN, P.A.  Hearing: June 30, 2009 @ 9:45 a.m.
350 E. Las Olas Boulevard, 10th Floor
Fort Lauderdale, Florida 33301
Telephone (954) 525-9900
Attorney Appearing: Arthur J. Spector (aspector@bergersingerman.com)

*Attorneys for SCI Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

GENERAL MOTORS CORP., et al.,

                                 Debtors.
----------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SCI, LTD. TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       SCI Ltd. (formerly Strategic Connections Inc.) ("SCI"), by its undersigned attorneys, respectfully submits this limited objection and reservation of rights in response to the Debtors' motion to assume and assign executory contracts, and state:

**BACKGROUND**

       1.      SCI is an enterprise software company providing Lead Management services to OEMs and their dealer networks. For years, SCI has supplied services to GM and its affiliates. In the ordinary course of its business relationship, GM would purchase Lead Consolidation and Management services from SCI. GMB07591, GMS09512 and GMB08225 are the contracts (the "Contracts") that governed the business relationship between GM and SCI.

       2.      On June 1, 2009 (the "Petition Date"), GM and its affiliates (the "Debtors") filed

2179388-3

voluntary petitions with this Court under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

3. On the Petition Date, the Debtors filed a motion seeking, among other things, Court approval of the sale of substantially all of their assets and the assumption and assignment of certain executory contracts (the "Motion"). (Docket No. 92).

4. On June 2, 2009, the Court entered an Order approving sale bidding procedures and procedures for the Debtors' assumption and assignment of executory contracts, and directing the Debtors to serve notice thereof (the "Sale Procedures Order"). (Docket No. 274). Among other things, the Sale Procedures Order gave counter parties to executory contracts only ten days from the date of the notice to object to the assumption and assignment of their contracts.

5. On June 1, 2009, the Court also entered an Interim Order authorizing the Debtors to, among other things, pay prepetition claims of certain essential suppliers, vendors, and service providers (the "Critical Vendor Order"). (Docket No. 175). The Critical Vendor Order authorized the Debtors to enter into a Trade Agreement with its essential suppliers, vendors, and service providers as a condition of payment of their prepetition claims. On June 4, 2009, SCI signed a Trade Agreement with the Debtors.

6. On or about June 19, 2009, SCI received the Debtors' Notice of Intent to Assume and Assign Certain Executory Contracts and Cure Amounts Related Thereto (the "Assumption and Assignment Notice"). The Assumption and Assignment Notice instructed SCI to log onto a secure website (the "Website") to view the proposed cure amount for their Contracts with the Debtors. The Website contained a listing of 4 Contracts and 16 related invoices with SCI, 15 of which were payable in United States dollars and 1 of which was payable in Canadian dollars. On the Website, the Debtors asserted that the Cure Amount (as that term is defined on the Website)

for the U.S. dollar-based contracts was $1,793,052.39, which is $768.24 more than SCI claims is owed to SCI. On the other hand, the Debtors grossly understated the true Cure Amount with respect to the Canadian dollar-based contracts. The Debtors allege there that the Cure Amount as to the Canadian dollar-based contracts is an aggregate (CAD) $19,110.09, whereas the correct Cure Amount is really (CAD) $1,511,698.34. The Debtors' estimate of the Canadian dollar-based contracts' Cure Amount is short by (CAD) $1,492,588.25. The omitted charges relate to a contract, GMB08225, signed April 17th, renewing Lead Consolidation services that includes a significant amount of new responsibility for SCI to which it is currently dedicating significant resources.

7. The Debtors are obligated to pay SCI a total of (USD) $1,792,284.15 and (CAD) $1,511,698.34 as the correct Cure Amount in order to lawfully assume the Contracts with SCI.

8. The Trade Agreement contains a procedure for resolving disputes regarding the correct Cure Amount. The "Cure Dispute Resolution Process" is, in essence, an expedited arbitration process that allows the payment of any undisputed sums, but submits for private dispute resolution the sums of the Proposed Cure Amount by the Debtors that exceed the claimant's (SCI) demanded Cure Amount.

9. Although there has been no dispute yet, SCI and its attorneys reserve their rights to engage in discussions with the Debtors' counsel to resolve any issues that might arise if the Website is revised to add or subtract Contracts or to change the aggregate Contract Cure Amount, or for any other reason.

10. Accordingly, SCI files this Limited Objection and Reservation of Rights to preserve its rights.

## **LIMITED OBJECTION AND RESERVATIONS OF RIGHTS**

11.  SCI has no objection to the Debtors' assumption and assignment of the Contracts, <u>provided</u>, <u>however</u>, that the Debtors promptly cure all defaults and promptly pay SCI the correct Cure Amount.

12.  Especially in light of the fact that SCI received the Assumption and Assignment Notice on June 19, 2009, SCI reserves the right to supplement this objection and to join in the objections filed by others.

**WHEREFORE**, SCI respectfully requests that the Court require the Debtors to promptly cure all defaults and promptly pay the correct Cure Amount to SCI. SCI also prays for such other and further relief as is just.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 25th day of June 2009, either via first class, U.S. Mail or through the court's CM/ECF System upon all parties on the attached Service List.

Dated: Fort Lauderdale, Florida  
June 25, 2009

Respectfully submitted,

BERGER SINGERMAN, P.A.

By: /s/ Arthur J. Spector  
Arthur J. Spector (aspector@bergersingerman.com)  
350 E. Las Olas Blvd. 10th Floor  
Fort Lauderdale, Florida 33301  
Tel. (954) 525-9900  
Fax (954) 523-2872

*Attorneys for SCI Ltd.*

**SERVICE LIST**

General Motors Corporation
Attn.: Warren Command Center,
Mailcode 480-206-114
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

U.S. Treasury
Attn.: Matthew Feldman, Esq.
1500 Pennsylvania Avenue N.W.
Room 2312
Washington, DC 20220

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Thomas Moers Mayer, Esq.
Kenneth H. Eckstein, Esq.
Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Michael J. Edelman, Esq.
and Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Office of the United States Trustee
Attn.: Diana G. Adams, Esq.
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004