FOLEY & LARDNER LLP
Daljit S. Doogal
Ann Marie Uetz
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Detroit Technologies, Inc.*
*and Certain Subsidiaries and Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

---------------------------------------------------------------X

**SECOND LIMITED OBJECTION OF DETROIT TECHNOLOGIES, INC. TO**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND CURE AMOUNTS RELATED THERETO**
**AS TO CURE AMOUNT ONLY**

Detroit Technologies, Inc. and certain subsidiaries and affiliates (together, "Supplier"), by its attorneys Foley & Lardner LLP, hereby submits this objection (the "Objection") to the Debtors' assumption and assignment of certain executory contracts and the Debtors' proposed Cure Amounts related thereto. In support of its Objection, Supplier states as follows:

**PRELIMINARY STATEMENT**

1.    Supplier is in receipt of that certain Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and

Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the "Assumable Executory Contracts") between Supplier and the Debtors that may be assumed and assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

2. Supplier is in receipt of that certain Second Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Second Assumption and Assignment Notice"; and together with the Assumption and Assignment Notice, the "Assumption and Assignment Notices"), dated June 15, 2009, in which the Debtors designate certain additional agreements (the "Additional Assumable Executory Contracts") between Supplier and the Debtors that may be assumed and assigned to the Purchaser.

3. Supplier reserves its rights to object to any additional and/or amended notice of assumption and assignment received from the Debtors and/or the Purchaser and to any changes to the information contained on the secure website referenced in the Assumption and Assignment Notices.

**ARGUMENT**

I. **The Proposed Cure Amount Is Inadequate**

4. As of June 24, 2009, the Debtors assert that the Cure Amount for the Assumable Executory Contracts, including the Additional Assumable Executory Contracts, is $1,014,068.43. The Debtors claim that this amount is sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009 (the "Commencement Date").

5. The proposed Cure Amount does not accurately reflect all prepetition defaults and is therefore insufficient.

6. The proposed Cure Amount does not include any post-petition defaults and is therefore insufficient.

7. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

8. Debtors must cure all defaults under the Assumable Executory Contracts and Additional Assumable Executory Contracts, including prepetition defaults and post-petition defaults.

9. The Debtors' proposed Cure Amount would deprive Supplier of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

10. The correct amount required to cure all prepetition and post-petition defaults is greater than the Cure Amount proposed by the Debtors.

11. "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all cure amounts payable in order to cure any monetary defaults required to be cured under Section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code, the assumption by the applicable Seller and assignment to Purchaser of the Purchased Contracts." The proposed Cure Amount does not include defaults accruing during the period

3

after June 1, 2009. Supplier reserves the right to submit such additional amounts to be added to the amount stated in the paragraph above.

## **RELIEF REQUESTED**

WHEREFORE, Supplier requests that the Court enter an order denying the Debtors' request to assume and assign the Assumable Executory Contracts and Additional Assumable Executory Contracts with the Cure Amount as stated by GM, and grant such other and further relief as the Court deems just and proper.

Dated:  June 25, 2009                    FOLEY & LARDNER LLP
        New York, New York

                                                  /s/ Daljit S. Doogal
                                                 Daljit S. Doogal
                                                 Ann Marie Uetz
                                                 FOLEY & LARDNER LLP
                                                 One Detroit Center
                                                 500 Woodward Avenue, Suite 2700
                                                 Detroit, MI 48226-3489
                                                 Telephone: (313) 234-7100
                                                 Facsimile: (313) 234-2800

                                                 *Attorneys for Detroit Technologies, Inc. and Certain Subsidiaries and Affiliates*