ANTHONY J. KOCHIS (MI P72020)
Admitted *Pro Hac Vice*
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Rd., Suite 600
Troy, MI  48084
Telephone:  (248) 822-7832
Facsimile:  (248) 822-7882
E-Mail:  kochis@bsplaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :   **Chapter 11**
**In re:**                                                              :
                                                                        :   **Case No. 09-50026 (REG)**
**GENERAL MOTORS CORPORATION,** *et al.*,                               :
                                                                        :   **(Jointly Administered)**
    Debtors.                                                            :
------------------------------------------------------------------------x

**AMENDED LIMITED OBJECTION OF LEN INDUSTRIES, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

Len Industries, Inc. ("**Len**"), by its attorneys Bush Seyferth & Paige, PLLC, submit this Amended Limited Objection ("**Amended Limited Objection**") to the Notice Of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts And (II) Cure Costs Related Thereto ("**Assumption and Assignment Notice**").  In support of this Amended Limited Objection, Len states:

**BACKGROUND**

1. On June 1, 2009, Debtors filed voluntary petitions for relief under title 11 of chapter 11 of the Bankruptcy Code in the Southern District of New York, *In re General Motors Corporation, et. al.,* Case No. 09-50026.

2. On June 2, 2009, the Court entered an Order Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, And 6006 (I) Approving Procedures For Sale Of

Debtors' Assets Pursuant To Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline And Sale Hearing Date; (III) Establishing Assumption And Assignment Procedures; And (IV) Fixing Notice Procedures And Approving Form Of Notice ("**Sale Procedures Order**") [Docket No. 274], which includes procedures for the assumption and assignment of executory contracts by Debtors.

3. Debtors are required to serve Assumption and Assignment Notices upon non-Debtor parties to the executory contracts Debtors intend to assume, which notices must include information to access a website ("**GM Website**") containing Debtors' proposed cure costs for the assumed and assigned executory contracts ("**Cure Amounts**").

4. On June 15, 2009, counsel for Len called the General Motors Supplier Information Call Center to ascertain whether Debtors intended to assume and assign Len's executory contracts ("**Len's Contracts**").

5. On June 15, 2009, counsel was informed that an Assumption and Assignment Notice dated June 5, 2009 had been mailed to Len at the following address:

> 815 Rice St.
> Leslie, Michigan 49251

6. Under the Sale Procedures Order, an objection to an Assumption and Assignment Notice is due 10 days after the date of the Assumption and Assignment Notice, which would have been June 15, 2009 ("**Objection Deadline**").

7. Despite Len's diligent efforts to locate the Assumption and Assignment Notice, Len was unable to locate the Assumption and Assignment Notice or obtain a copy from Debtors or Debtors' counsel prior to the Objection Deadline.

8. In order to preserve its rights to object to the Cure Amounts, Len filed a Limited Objection to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Costs Related Thereto [Docket No. 987] on June 15, 2009, stating that Len had not received the Assumption and Assignment Notice and reserving its rights to object to proposed Cure Amounts.

9. Len subsequently received an Assumption and Assignment Notice from Debtors.

10. As of June 25, 2009, the Cure Amounts reflected on the GM Website totaled $29,003.13.

11. According to Len's books and records as of June 25, 2009, Debtors owe $144,622.98 for goods and services Len provided to Debtors, which is $115,619.85 more than the Cure Amounts Debtors allege. *See* **Exhibit A**.[1]

## AMENDED LIMITED OBJECTION

12. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract. *See* 11 U.S.C. § 365(b)(1); *In re Genuity Inc.,* 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) ("Code § 365 clearly and plainly states that in order to assume a contract, a debtor is required to first cure all defaults, or provide adequate assurance that it will cure such defaults"). This includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

13. Debtors may not assume Len's Contracts without first curing all pre-petition and post-petition defaults existing under Len's Contracts.

---

[1] Additional documentation regarding Len's Cure Amounts is available upon request to counsel.

3

14. Accordingly, Debtors must pay Len $144,622.98, in addition to any other amounts that are due and owing at the time of assumption, in order to assume and assign Len's Contracts.

15. Len reserves the right to amend, supplement, or otherwise modify this Amended Limited Objection, and to raise further objections to the assumption and assignment or Cure Amounts with respect to Len's Contracts.

WHEREFORE, Len respectfully request that the Court enter an Order (i) sustaining this Amended Limited Objection, (ii) requiring Debtors to pay the cure amount of $144,622.98 to Len as a condition to assuming Len's Contracts; and (iii) granting Len such additional relief as is just and equitable.

Respectfully submitted,

BUSH SEYFERTH & PAIGE PLLC
*Attorneys for Len*

Dated: June 25, 2009

By:  /s/ Anthony J. Kochis
Anthony J. Kochis (MI P72020)
Admitted *Pro Hac Vice*
3001 W. Big Beaver Rd., Suite 600
Troy, MI 48084
Telephone: (248) 822-7832
Facsimile: (248) 822-7882
E-Mail: kochis@bsplaw.com

W:\Docs\Bank\03000\00234\07127234.DOC

4