FOLEY & LARDNER LLP
Ann Marie Uetz (*Pro Hac Vice Admission Pending*)
Thomas B. Spillane (*Pro Hac Vice Admission Pending*)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for Henniges Automotive Holding, Inc.*
*and certain of its affiliates and subsidiaries*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
In re:                                    :        Chapter 11
                                          :
GENERAL MOTORS CORP., et al.,             :        Case No. 09-50026 (REG)
                                          :
                       Debtors            :        Jointly Administered
                                          :
-------------------------------------------------------------X
```

**SECOND LIMITED OBJECTION OF HENNIGES AUTOMOTIVE HOLDING, INC.
AND CERTAIN OF ITS AFFILIATES AND SUBSIDIARIES TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND CURE
AMOUNTS RELATED THERETO AS TO CURE AMOUNT ONLY**

Henniges Automotive Holding, Inc. and certain of its affiliates and subsidiaries

(collectively, "Supplier"), by its attorneys Foley & Lardner LLP, hereby submits this objection

(the "Objection") to the Debtors' assumption and assignment of certain executory contracts and

the Debtors' proposed Cure Amounts related thereto.  In support of its Objection, Supplier states

as follows:

**PRELIMINARY STATEMENT**

1.      Supplier is in receipt of that certain Notice of (I) Debtors' Intent to Assume and

Assign Certain Executory Contracts, Unexpired Leases of Real Property, and Unexpired Leases

of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and

Assignment Notice"), dated June 5, 2009, in which the Debtors designate certain agreements (the

"Assumable Executory Contracts") between Supplier and the Debtors that may be assumed and

assigned to Vehicle Acquisition Holdings LLC (the "Purchaser").

2.      Supplier is in receipt of that certain Second Notice of (I) Debtors' Intent to

Assume and Assign Certain Executory Contracts, Unexpired Leases of Real Property, and

Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the

"Second Assumption and Assignment Notice"; and together with the Assumption and

Assignment Notice, the "Assumption and Assignment Notices"), dated June 15, 2009, in which

the Debtors designate certain additional agreements (the "Additional Assumable Executory

Contracts") between Supplier and the Debtors that may be assumed and assigned to the

Purchaser.

3.      Supplier reserves its rights to object to any additional and/or amended notice of

assumption and assignment received from the Debtors and/or the Purchaser and to any changes

to the information contained on the secure website referenced in the Assumption and Assignment

Notices.

**ARGUMENT**

I.  **The Proposed Cure Amount Is Inadequate**

4.      In the exhibit to the Second Assumption and Assignment Notice, the Debtors

assert that the Cure Amount for the Assumable Executory Contracts, including the Additional

Assumable Executory Contracts, is $1,032,258.05.  The Debtors claim that this amount is

sufficient to cure all prepetition defaults under the Designated Agreements as of June 1, 2009

(the "Commencement Date").

2

DETR_1213618.1

5.      The proposed Cure Amount does not accurately reflect all prepetition defaults and is therefore insufficient.

6.      The proposed Cure Amount does not include any post-petition defaults and is therefore insufficient.

7.      Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract.  11 U.S.C. § 365(b)(1)(A).  Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance.  *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).  Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms.  *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

8.      Debtors must cure all defaults under the Assumable Executory Contracts and Additional Assumable Executory Contracts, including pre-petition defaults and post-petition defaults.

9.      The Debtors' proposed Cure Amount would deprive Supplier of the full benefit of its bargain and would fail to restore the parties to pre-default conditions.

10.     The correct amount required to cure all prepetition and post-petition defaults is approximately $3,422,828.00 (which includes $2,031,828.00 in payments that have been loaded into the Supplier Support Program, but have not yet been received by Supplier).  This amount may be subject to change.

DETR_1213618.1

11.    "Cure Amounts" are defined in the Master Sale and Purchase Agreement as "all
cure amounts payable in order to cure any monetary defaults required to be cured under Section
365(b)(1) of the Bankruptcy Code or otherwise to effectuate, pursuant to the Bankruptcy Code,
the assumption by the applicable Seller and assignment to Purchaser of the Purchased
Contracts."  The proposed Cure Amount does not include defaults accruing during the period
after June 1, 2009.  Supplier reserves the right to submit such additional amounts to be added to
the amount stated in the paragraph above.

## RELIEF REQUESTED

WHEREFORE, Supplier requests that the Court enter an order reflecting the
correct cure amount in this case, and otherwise denying the Debtors' request to assume and
assign the Assumable Executory Contracts and Additional Assumable Executory Contracts with
the Cure Amount as stated by GM, and grant such other and further relief as the Court deems just
and proper.

Dated:    June 25, 2009            FOLEY & LARDNER LLP
          New York, New York

                                   /s/ Ann Marie Uetz

                                   Ann Marie Uetz (*Pro Hac Vice Admission Pending*)
                                   Thomas B. Spillane (*Pro Hac Vice Admission Pending*)
                                   FOLEY & LARDNER LLP
                                   One Detroit Center
                                   500 Woodward Avenue, Suite 2700
                                   Detroit, MI 48226-3489
                                   Telephone: (313) 234-7100
                                   Facsimile: (313) 234-2800

                                   *Attorneys for Henniges Automotive Holding, Inc.*
                                   *and certain of its affiliates and subsidiaries*

4

DETR_1213618.1