Michael Friedman
Keith N. Sambur
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Averitt Express Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| **In re** | : Chapter 11 |
| **GENERAL MOTORS CORP.,** *et al.*, | : Case No. 09-50026 (REG) |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**OBJECTION OF AVERITT EXPRESS INC. TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Averitt Express Inc. ("Averitt"), by its undersigned attorneys, hereby files this objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property, and (II) Cure Amounts Related Thereto, dated June 15, 2009 received by Averitt (the "Assignment Notice").

## Background

1. On June 1, 2009, General Motors LLC and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed their chapter 11 petitions in the Bankruptcy Court for the Southern District of New York (the "Court").

2. On June 2, 2009, the Court entered an Order, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for the Sale of the Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form Of Notice (Docket No. 274) (the "Bidding Procedures Order"). The form Assignment Notice was attached to the Bidding Procedures Order as Exhibit D.

3. In the Assignment Notice (and related Contract Website (as defined in the Assignment Notice) received by Averitt, the Debtor's assert that Averitt is party to two executory contracts with the Debtors, GM Contract ID 124011 ("Contract 124011") and 124522 ("Contract 124522"). The Debtors also assert that the Cure Amount (as defined in the Assignment Notice) for each of these contracts is zero.[1]

## Objection

4. In order for a debtor to assume a contract under Bankruptcy Code section 365 a contract must exist. *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2nd Cir. 1993) (when parties question existence of executory contract court should determine that contract

---

[1] As of June 24, 2009, the Contract Website contained no information regarding the Cure Amount for these contracts. Given the objection deadline set forth in the Assignment Notice, for purposes of this objection, Averitt assumes the Cure Amount asserted by the Debtors is zero.

subject to assumption or rejection exists); *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 301 (Bankr. S.D.N.Y. 1996) (bankruptcy courts should determine if an executory contract exists in connection with request to assume or reject); *In re Nemko, Inc.*, 163 B.R. 927, 935 (Bankr. E.D.N.Y. 1994) ("Generally, in order for section 365 to be applicable, the Code mandates the existence of an executory contract on the day the debtor files its petition for relief.").

5. Contract 124522 cannot be assumed and assigned by the Debtors because it was never a binding agreement between the parties. Attached hereto as Exhibit A is a letter from Averitt to the Debtors (the "May Letter") indicating that it was rejecting the Debtors' offer to enter into Purchase Order 000124522 (i.e. Contract 124522) with the Debtors. Because there was never a "meeting of the minds" and thus no valid agreement between the parties with respect to Contract 124522, the Debtors cannot assume and assign such contract.

6. In the May Letter, Averitt provided the Debtors with a counter-offer and indicated that it would continue to supply goods to the Debtors under Purchase Order 000124011 (i.e. Contract 124011) through June 30, 2009. The Debtors did not accept this offer and therefore, the original terms of Contract 124011 are binding on the parties. Attached hereto as Exhibit B is a copy of Contract 124011.

7. Contract 124011 cannot be assumed and assigned by the Debtors because such contract provides that it shall terminate on June 28, 2009. Since Contract 124011 expires by its terms prior to the date of the Sale Hearing (as defined in the Assignment Notice) the Debtors cannot assume and assign Contract 124011.

8. Even if the Debtors could assume Contract 124011 or 124522, Averitt disputes that the Cure Amount for such contracts are zero. Averitt's internal records indicate that the Cure Amount is $50,845.12.

9. Paragraphs 8 and 9 of the Assignment Notice provide that if Averitt disputes the Cure Amount or the ability of the Debtors to assume and assign the contracts it is to file objections with the Court and "meet and confer in good faith to attempt to resolve any such objection without Court intervention" with the Debtors and Purchasers. In order to comply with the Court's Bidding Procedures Order and the Assignment Notice, Averitt files this Objection.

10. Averitt believes that it will be able to resolve this dispute with the Debtors and the Purchaser without Court intervention as required by the Bidding Procedures Order. In the event that the dispute is not resolved, however, Averitt reserves the right to supplement this objection with legal arguments and evidence and to present such arguments and evidence at the appropriate time in accordance with the Bid Procedures Order and Assignment Notice.

Dated: New York, NY
June 25, 2009

/s/ Michael Friedman
Michael Friedman
Keith N. Sambur

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Averitt Express Inc.*