Carey D. Schreiber (CS 3896)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Matthew J. Botica (MB 3228)
Mindy D. Cohn (MC 8870)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Aspen Marketing Services, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: Chapter 11
In re :
: Case No. 09-50026 (REG)
General Motors Corp., *et al.*, :
: (Jointly Administered)
Debtors. :
----------------------------------------------------------------x

**SECOND LIMITED OBJECTION OF ASPEN MARKETING SERVICES, INC.
TO PROPOSED CURE AMOUNTS**

Aspen Marketing Services, Inc. ("Aspen") objects to the above-captioned debtors' (the "Debtors") proposed cure amount of $1,681,649.39[1] in connection with the Debtors' assumption and assignment of certain executory contracts. In support of this limited objection (the "Objection"), Aspen states as follows:

---

[1]    This is the cure amount stated on the Debtors' website, www.contractnotices.com, as of 12:30 p.m. ET on Thursday, June 25, 2009.

CHI:2270919.3

**BACKGROUND**

1. General Motors Corporation and Aspen are parties to a number of agreements and purchase orders relating to Aspen's provision of direct marketing and customer management services (collectively, the "Contracts").

2. The Debtors have designated the Contracts as Assumable Executory Contracts that may be assumed by the Debtors and assigned to Purchaser.[2]

3. On June 10, 2009, Aspen received four cure notices from the Debtors, each dated June 5, 2009. The cure notices referred Aspen to a website that contained a list of contract identification numbers and a proposed cure amount of $1,681,649.39. Because it was not clear which contracts were being designated and because the Debtors' proposed cure amount was incorrect, on June 12, 2009 Aspen filed a limited objection to the cure notices on the ground that the cure amount should be $4,245,457.47 plus any additional amounts owed.

4. On June 23, 2009, Aspen received a fifth cure notice titled "Second Notice" dated June 15, 2009 (the "June 15 Notice"). Like the four prior notices, the June 15 Notice refers Aspen to the website with the proposed cure amount of $1,681,649.39. This proposed cure amount also is incorrect. As of the date hereof, the Debtors owe Aspen $5,593,493.03.

5. In order to preserve its rights with respect to the June 15 Notice and to revise the cure amount to accurately reflect the amount owed as of the date hereof, Aspen files this Objection.

**ARGUMENT**

6. Aspen does not object to the Debtors' assumption and assignment of the Contracts. Aspen objects only to the proposed amount of its cure claim and requests that the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

2

CHI:2270919.3

Debtors increase the proposed cure amount from $1,681,649.39 to $5,593,493.03 plus any additional amounts that are due under the Contracts as of the date the Contracts are assigned to Purchaser.

7. Section 365(b)(1) of title 11 of the United States Code, §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>") provides that a debtor may not assume an executory contract "unless, at the time of assumption of such contract … , the [debtor] cures, or provides adequate assurance that the [debtor] will promptly cure" all defaults. 11 U.S.C. § 365(b)(1).

8. Before a debtor can assume an executory contract, it must "cure[], or provide adequate assurance that [it] will promptly cure" all existing defaults including both prepetition and postpetition defaults. *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 763 (2d Cir. 1996); *see also In re Bradlees Stores, Inc*., No. 00 B 16033 (BRL), 2001 WL 36143034 *2 (Bankr. S.D.N.Y. 2001) (section 365(b)(1) applies to both prepetition and postpetition defaults).

9. The Debtors indicate that their proposed cure amount excludes amounts owed in connection with postpetition defaults. Aspen requests that the Debtors include these amounts and any other amounts owed in the amount of Aspen's cure claim and pay Aspen $5,593,493.03 plus any additional amounts necessary to cure defaults existing as of the date the Contracts are assumed and assigned.

3

## RESERVATION OF RIGHTS

10. Aspen reserves all of its rights under the Bankruptcy Code and applicable nonbankruptcy law. In addition, Aspen reserves the right to amend or supplement this Objection, including increasing its requested cure claim amount, at any time through the date the Contracts are assigned to Purchaser.

## CONCLUSION

WHEREFORE, Aspen respectfully requests that the Court (i) enter an order requiring the Debtors to pay Aspen cure costs in the amount of $5,593,493.03 plus any additional amounts necessary to cure defaults existing as of the date the Contracts are assumed and assigned; and (ii) grant Aspen such other and further relief as the Court deems just.

Dated: June 25, 2009  
      New York, New York

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Carey D. Schreiber*

Carey D. Schreiber (CS 3896)  
200 Park Avenue  
New York, NY 10166  
Telephone: (212) 294-6700  
Facsimile: (212) 294-4700  
cschreiber@winston.com

-and-

Matthew J. Botica (MB 3228)  
Mindy D. Cohn (MC 8870)  
35 West Wacker Drive  
Chicago, IL 60601  
Telephone: (312) 558-5600  
Facsimile: (312) 558-5700  
mbotica@winston.com  
mcohn@winston.com

*Counsel for Aspen Marketing Services, Inc.*

CHI:2270919.3