James E. DeLine (P45205) (Admitted *Pro Hac Vice*)
P. Warren Hunt (P69713) (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Counsel for AVL Instrumentation & Test Systems, Inc.;
AVL Americas, Inc. & AVL Powertrain Engineering, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**OBJECTION OF AVL INSTRUMENTATION & TEST SYSTEMS, INC., AVL
AMERICAS INC., AND AVL POWERTRAIN ENGINEERING, INC. TO SECOND
NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

AVL Instrumentation & Test Systems, Inc., formerly known as AVL North America, Inc. or AVL N.A., Inc. (individually "AVL ITS"), AVL Americas, Inc. formerly known as AVL Michigan Holding Corporation (individually "AVL Americas") and AVL Powertrain Engineering, Inc. (individually "AVL PEI") (AVL ITS, AVL Americas and AVL PEI are collectively referred to as "AVL") as creditors and interested parties, object, on a limited basis, to the Second Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto (" June 15th Assumption Notices") served upon AVL ITS and AVL PEI by the above captioned debtors and debtors-in-possession

{28053\1\DT396714.DOC;1}

(collectively, the "Debtors") pursuant to the Court's Bidding Procedures Order (Docket No. 274). In support of the objection, AVL states:

1. The Debtors mailed an initial assumption notice to AVL ITS on June 5, 2009 under the name AVL N.A., Inc.

2. On June 12, 2009, AVL ITS filed an objection to the Initial Assumption Notice with this Court based on an incorrect Cure Amount[1] (Docket # 856).

3. The Debtors also purportedly mailed additional assumption notices to AVL Americas (under its former name Michigan Holding Corporation) and AVL PEI on June 5, 2009. AVL Americas and AVL PEI did not receive these notices until June 17, 2009.

4. On June 17, 2009, AVL Americas and AVL PEI filed objections to these Assumption Notices based on incorrect Cure Amounts (Docket # 1735 and 1738 respectively).

5. The Debtors mailed a second assumption notice to AVL ITS (under its former name AVL, N.A., Inc.) and AVL PEI on June 15, 2009 (each a "June 15th Assumption Notice").

6. The June 15th Assumption Notices contained a login and password allowing AVL to view the listed contracts and corresponding cure amounts on the Debtors' contract notice website.

7. The Debtors' contract notice website for AVL ITS erroneously lists AVL ITS as AVL Michigan Holding Corporation, the former name of AVL Americas. The Debtors' contract notice website for AVL ITS also lists invoices/purchase orders for work done by AVL PEI among the listed invoices/purchase orders to be assumed and assigned..

8. The Debtors' contract notice website for AVL PEI lists only two contracts and still does not provide a Cure Amount.

---

[1] Capitalized terms not defined herein shall have the meaning assigned to them in the Second Assumption Notice.

9. The Debtors are parties to executory contracts with AVL and have proposed assuming and assigning certain AVL contracts (the "Designated Contracts").

10. Given the multiple notices and inaccurate names, AVL has had some difficulty in determining which of AVL's contracts have been noticed for assumption and assignment by the Debtors.

11. AVL does not oppose the Debtors' assumption and assignment of AVL's contracts *per se*. AVL files this objection to the June 15th Assumption Notices as a precautionary measure in order to preserve its rights to receive payment of the full Cure Amount owed as a condition of any assumption and assignment.

12. AVL objects, on a limited basis, to the June 15th Assumption Notices to the extent that the Cure Amount and invoice listing identified by the Debtors is still inaccurate. AVL is owed a substantial sum for pre-petition goods and/or services provided to the Debtors. Invoices made under the Designated Contracts and their associated full Cure Amounts are still not fully reflected in the June 15th Assumption Notices.

13. Much of the Cure Amount discrepancy is attributable to the Debtors' policy of withholding 10% of the value of the contract for subsequent claims against AVL. AVL also objects to the extent that the June 15th Assumption Notices would allow payment of less than 100% of pre-petition <u>and</u> post-petition obligations owed by Debtors to AVL, as is required by § 365 of the Bankruptcy Code. *In re Burger Boys*, 94 F.3d 755, 763 (2nd Cir. 1996).

14. AVL reserves any and all rights arising from or associated with the Designated Contracts.

15. Because the authority upon which AVL relies is incorporated into this objection, AVL respectfully requests that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law contained in Local Bankruptcy Rule 9013-1(a).

16. AVL reserves the right to amend this objection to include additional facts or arguments as may be determined by further investigation and also to raise such other and further objections to any proposed assumption and assignment or Cure Amounts with respect to AVL's Designated Contracts.

17. AVL has attempted to contact representatives of the Debtors in order to resolve their differences with respect to the Designated Contracts and Cure Amounts owed. AVL is working toward an amicable resolution of the dispute without judicial intervention and is hopeful that agreement can be reached between the parties in the coming days.

WHEREFORE, AVL respectfully requests that the Court enter an order (a) sustaining this objection in its entirety, (b) reserving its rights in connection with any Designated Contracts or Cure Amounts listed and (c) providing AVL with such other and further relief as is appropriate.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:/s/ P. Warren Hunt

James E. DeLine (Admitted *Pro Hac Vice*)
P. Warren Hunt (Admitted *Pro Hac Vice*)
Kerr, Russell and Weber, PLC
Counsel for AVL Instrumentation & Test Systems, Inc.; AVL Americas, Inc.; & AVL Powertrain Engineering, Inc.
500 Woodward Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388

Dated: June 25, 2009

{28053\1\DT396714.DOC;1}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GENERAL MOTORS CORP., *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2009, I electronically filed the foregoing Objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto, and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. A copy of this document was also served on the following parties on June 25, 2009 via Federal Express mail:

Warren Command Center
Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York, 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C., 20220

John R. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, New York 10281

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.

{28053\1\DT396714.DOC;1}

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10036

Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Diana G. Adams, Esq.

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, New York 10004-1408

                l
                /s/ P. Warren Hunt
                P. Warren Hunt (P69713) (*Pro Hac Vice*)
                James E. DeLine (P45205) (*Pro Hac Vice*)
                **KERR, RUSSELL AND WEBER, PLC**
                Counsel for AVL Instrumentation & Test Systems, Inc.;
                AVL Americas, Inc. & AVL Powertrain Engineering,
                Inc.
                500 Woodward Avenue, Suite 2500
                Detroit, MI 48226-3406
                313-961-0200 (telephone)
                313-961-0388 (facsimile)

Dated: June 25, 2009

{28053\1\DT396714.DOC;1}