**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11 Case No.
                                                            :
**GENERAL MOTORS CORP.,** *et al.***,**                     :    09-50026 (REG)
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING DEBTORS TO PAY PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the Motion, dated June 1, 2009 (the "**Motion**"),[1] of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing the Debtors to pay, in the ordinary course of business, as and when due, any prepetition claims owing to Foreign Creditors, and (ii) authorizing and directing the Banks to honor and pay, to the extent of funds on deposit, any prepetition checks drawn or fund transfer requests made for payment of claims owing to Foreign Creditors without further order of the Court, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized (but not required) to pay, in the reasonable exercise of their business judgment and in the ordinary course of business after concluding that there are no reasonably accessible or comparable alternatives available or no reasonable and cost effective way to enforce the automatic stay with respect to such Foreign Creditor, and paying Foreign Creditors is in the best interest of the Debtors' estates, as and when due, the Foreign Claims, and provided that such authority shall not be deemed to be an assumption or adoption by the Debtors of any agreements or contracts that relate to their foreign operations or to which the Foreign Creditors are parties; and it is further

ORDERED that the Debtors shall maintain a report, which shall be provided once every two weeks until the 363 Transaction closes, and after the 363 Transaction closes, once every month, to counsel for the Official Committee of Unsecured Creditors appointed in these cases (the "**Committee**"), summarizing: (i) the name of each Foreign Creditor paid on account of Creditor Claims; (ii) a designation of whether the Foreign Creditor is a direct or indirect supplier, and (iii) the amount paid to each Foreign Creditor on account of its Creditor Claim; and it is further

ORDERED that the Debtors, upon request, shall provide to counsel for the Committee with reasonably and timely access to other information sufficient to enable the Committee to monitor payments made, obligations satisfied, and other actions taken pursuant to this Order; and it is further

ORDERED that in exchange for payment of the Foreign Claims, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors shall be required to continue

to provide goods and services to the Debtors on the most favorable terms in effect between such Foreign Creditor and the Debtors in the twelve (12) month period preceding the Commencement Date or on such other favorable terms as the Foreign Creditor and the Debtors may otherwise agree (the "**Customary Trade Terms**").  The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, *provided* that the Debtors pay for the goods in accordance with the payment terms provided in the agreement; and it is further

ORDERED that the Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; *provided*, *however*, that the absence of such written verification shall not limit the Debtors' rights hereunder; and it is further

ORDERED that if any Foreign Creditor is paid with respect to its prepetition obligation of the Debtors and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, any payments made to the Foreign Creditor shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount recovered; and it is further

ORDERED that notwithstanding entry of this Order, the Debtors' rights to seek enforcement of the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor who demands payment of their prepetition debts as a condition to doing business with the Debtors postpetition are preserved; and it is further

ORDERED that all Banks are hereby authorized and directed to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Commencement Date. Such banks and financial institutions shall be authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED that nothing contained herein shall (a) constitute, or shall be deemed to constitute, the assumption of any contract or agreement under section 365 of the Bankruptcy Code, or (b) create or be deemed to create any rights in favor of, or enhance the status of any claim held by, any person; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    New York, New York
          ***June 25, 2009***

          */s/ Robert E. Gerber*
          UNITED STATES BANKRUPTCY JUDGE