CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Joel D. Applebaum (Mich. Bar. No. P36774)
admitted *pro hac vice*
japplebaum@clarkhill.com
(313) 965-8579

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF SPX CORPORATION TO SECOND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

SPX Corporation ("**SPX Corporation**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") attempted to serve SPX Corporation with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between SPX Corporation and the Debtors.

2.     On June 12, 2009, SPX Corporation filed and served its *Limited Objection of SPX Corporation to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**First Limited Objection**") [Docket No. 901] on the Debtors.  SPX Corporation objected to the Cure Notice because the Cure Amount was not accurate and because the Cure Notice and Contract Website appeared to include contracts to which SPX Corporation is not a counter-party.

3.     The Debtors attempted to serve SPX Corporation with a *Second Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Second Cure Notice**") addressed to "SPX Corp" and dated June 15, 2009 in which the Debtors express their intention to assume and assign certain <u>additional</u> Assumable Executory Contracts  (the "**Additional Assumable Executory Contracts**") between SPX Corporation and the Debtors to the Purchaser.

4.     SPX Corporation and the Debtors are currently engaged in discussions to resolve the First Limited Objection.  SPX Corporation believes that those discussions will also include issues related to the Additional Assumable Executory Contracts identified in the Second Cure Notice.  SPX Corporation files this Objection as a prophylactic measure only, in order to reserve its rights with respect to the Second Cure Notice while its discussions with the Debtors continue.

5.     Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A).  According

-2-

to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted).*

6.  SPX Corporation, including its numerous subsidiaries, affiliates, and divisions, including without limitation Service Solutions Tools & Equipment, Valley Forge Technical Information Systems, and Engineering Analysis Associates, has ongoing business relationships with the Debtors.

7.  SPX Filtran LLC ("**SPX Filtran**") operated as a division of SPX Corporation for many years and was formerly known by the Debtors as "SPX Corporation, Filtran Division." In early 2009, SPX Corporation assigned the assets, including contracts with the Debtors, and liabilities of its Filtran Division to SPX Filtran.

8.  Contech US LLC ("**Contech**") was formerly a division of SPX Corporation. Contech was sold by SPX Corporation several years ago.

9.  On the Contract Website[1], the Debtors currently identify both the Assumable Executory Contracts and Additional Assumable Executory Contacts and recently asserted $444,408.06 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

-3-

sufficient to cure all prepetition defaults under the Assumable Executory Contracts and the Additional Assumable Executory Contracts as of June 1, 2009.

10. The Contract Website has changed since the filing of the First Limited Objection with respect to both the Contract Cure Amount and the number of contracts to be assumed and assigned. The Contract Website originally identified 69 Assumable Executory Contracts to be assumed under Vendor Master ID 006024129, and referenced "SPX Corp," "SPX Valley Forge Technical Inf", "Contech US LLC," "SPX Corporation" and "Filtran Division" as counter-parties to the Assumable Executory Contracts.

11. The Contract Website currently identifies 82 Assumable Executory Contracts to be assumed under Vendor Master ID 006024129 and references "SPX Corp," "SPX Valley Forge Technical Inf", "Contech US LLC," "SPX Corporation" and "Filtran Division" as counter-parties to the Assumable Executory Contracts and the Additional Assumable Executory Contracts.

12. SPX Corporation is attempting to reconcile the information in the Cure Notice with its records, but, as of the date of this Objection, has been unable to complete the reconciliation process.

13. SPX Corporation does not object, *per se*, to assumption and assignment of the Additional Assumable Executory Contracts to Purchaser to which SPX Corporation is a counter-party.

14. SPX Corporation also does not object to assumption and assignment of Additional Assumable Executory Contracts to Purchaser to which SPX Filtran and Contech are counter-parties, subject to the respective rights of each entity with respect to the Second Cure Notice.

15. SPX Corporation does object, however, to the Second Cure Notice to the extent that the Second Cure Notice incorrectly includes contracts to which SPX Corporation is not a counter-party. SPX Corporation submits that individual cure notices should be issued to SPX Corporation, SPX Filtran, and Contech US LLC in order to enable each of these entities to determine which of its respective Additional Assumable Executory Contracts are being assumed and assigned, and the corresponding cure amounts.

16. SPX Corporation also objects to the Second Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts and the Additional Assumable Executory Contracts to which SPX Corporation is a counter-party.

17. SPX Corporation is in the process of reconciling the prepetition balance owed to it with respect to the Assumable Executory Contracts and the Additional Assumable Executory Contracts to which SPX Corporation is a counter-party. SPX Corporation will supplement this Objection with additional information upon completion of the reconciliation process. SPX Corporation will also supplement this Objection with supporting documentation upon the Debtors' request.

18. SPX Corporation also objects to the Second Cure Notice insofar as any postpetition performance by SPX Corporation of the Assumable Executory Contracts and Additional Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

19. Notwithstanding the foregoing, SPX Corporation further reserves its rights, in the event that the Additional Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

20. SPX Corporation further objects to the adequacy and the accuracy of the Second Cure Notice insofar as there may be other contracts with SPX Corporation that may or will be assumed and assigned but which have not been included in the Second Cure Notice.

21. SPX Corporation reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 25, 2009                    Respectfully submitted,

                                                            CLARK HILL PLC

                                                            /s/ Joel D. Applebaum
                                                  Joel D. Applebaum (Mich. Bar No. P36774)
                                                  151 S. Old Woodward Avenue, Suite 200
                                                  Birmingham, Michigan 48009
                                                  (313) 965-8579
                                                  japplebaum@clarkhill.com

                                                  Counsel to SPX Corporation

5915590.2 20396/091975