**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **GENERAL MOTORS CORP.,** *et al.*, | : | 09-50026 (REG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------------x

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN <u>TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES</u>

Upon the Motion, dated June 1, 2009 (the "<u>Motion</u>"),[1] of General Motors

Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), pursuant to sections 362 and 105(a) of

title 11, United States Code (the "Bankruptcy Code"), for entry of a final order (the "<u>Final</u>

<u>Order</u>") to (i) establish notification procedures and approve restrictions on certain transfers of

interests in the Debtors' estates, as more fully described in the Motion, and (ii) schedule a final

hearing; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy

Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated

July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided to (i) the Office of the United States Trustee for the Southern District of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys

for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent

under GM's prepetition amended and restated secured revolving credit agreement, (vi) the

holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis),

(vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America, (viii) the attorneys for the International Union of Electronic,

Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America,

(ix) the United States Department of Labor, (x) the attorneys for the National Automobile

Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) any transfer

agent(s) for GM Stock, and (xiii) any person or Entity who has filed Schedule 13D or Schedule

13G with the SEC since January 1st, 2008 with regard to the beneficial ownership of GM Stock;

and it appearing that no other or further notice need be provided; and a hearing having been held

to consider the relief requested in the Motion (the "Hearing"); and upon the record of the

Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is:

FOUND that the Debtors' net operating loss carryforwards ("NOLs") and certain

other tax attributes, including their foreign tax credit and other excess credit carryforwards

(together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are

protected by section 362(a) of the Bankruptcy Code; and it is further

FOUND that unrestricted trading in GM Stock (as hereinafter defined) before the

Debtors' emergence from chapter 11 could severely limit the Debtors' ability to use the Tax

Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as

set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of

GM Stock are necessary and proper to preserve the Tax Attributes and are therefore in the best

interests of the Debtors, their estates, and their creditors; and it is further

FOUND that the relief requested in the Motion is authorized under sections

105(a) and 362 of the Bankruptcy Code; and it is further

FOUND that on June 2, 2009, the Court signed an Interim Order pursuant to

sections 362 and 105(a) of the Bankruptcy Code (i) establishing notification procedures and

approving restrictions on certain transfers of interests in the Debtors' estates, and (ii) scheduling

a final hearing.   This Final Order will supersede the Interim Order.

THEREFORE, IT IS:

ORDERED that the Motion is granted as provided herein on a final basis; and it is

further

ORDERED that the provisions of this Final Order shall be effective, nunc pro

tunc, to the date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that all objections to the Motion not previously withdrawn are

overruled; and it is further

ORDERED that any acquisition or disposition of GM Stock in violation of the

restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic

stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable

power prescribed in section 105(a) of the Bankruptcy Code.   For purposes of this Final Order,

any trades made before the entry of the Interim Order shall not be subject to this Final Order; and

it is further

ORDERED that the following procedures and restrictions shall apply to trading in

GM Stock and are approved:

    *(a)*    ***GM Stock Ownership, Acquisition, and Disposition***

    (1)    <u>Notice of Substantial GM Stock Ownership</u>.   Any person or Entity (as such term is defined in section 382 of the Code, including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Motion Date, GM Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as hereinafter defined) shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and the attorneys for any statutory committee of unsecured creditors appointed in these cases (the "<u>Creditors' Committee</u>"), a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form annexed hereto as <u>Exhibit E</u>, which describes specifically and in detail the GM Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or the Final Order, as applicable, and (b) ten (10) days after that person or Entity qualifies as a Substantial Equityholder.   At the holder's election, the Substantial Ownership Notice to be filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns.

    (2)    <u>Acquisition of GM Stock or Options</u>.   At least fifteen (15) business days prior to the proposed date of any transfer of equity securities (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of GM Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate GM Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed hereto as <u>Exhibit F</u>, which describes specifically and in detail the proposed transaction in which GM Stock is to be acquired.   At

the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)    <u>Disposition of GM Stock or Options</u>.    At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of GM Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>," and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, Entity, or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee, a Notice of Intent to Sell, Trade, or Otherwise Transfer GM Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading Notice</u>"), in the form annexed hereto as <u>Exhibit G</u>, which describes specifically and in detail the proposed transaction in which GM Stock would be transferred.    At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the number of shares of GM Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)    <u>Objection Procedures</u>.    The Debtors and the Creditors' Committee shall have ten (10) business days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(i)    If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(ii)    If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and

the Creditors' Committee provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein with an additional fifteen (15) business day waiting period.

(5)    <u>Unauthorized Transactions in GM Stock or Options</u>. Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity securities (including Options to acquire such securities) of the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

(6)    <u>Definitions</u>. For purposes of this Motion and the Order, the following terms have the following meanings:

(i)    <u>Substantial Equityholder</u>. A "Substantial Equityholder" is any person or Entity that beneficially owns at least 27,000,000 shares of GM's common stock ("<u>GM Common Stock</u>") (representing approximately 4.5% of all issued and outstanding shares of GM's common stock).

(ii)    <u>Beneficial Ownership.</u> "Beneficial ownership" (or any variation thereof of GM Stock and Options to acquire GM Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option to acquire GM Stock.

(iii)    <u>Option</u>. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

    (iv)    <u>GM Stock</u>.  "GM Stock" shall mean GM Common Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire GM Stock may be treated as the owner of such GM Stock.

and it is further;

**(b)**    ***Noncompliance with the Trading Procedures.***

Any purchase, sale, or other transfer of equity securities in the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

**(c)**    ***Debtors' Right to Waive.***

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order, provided that pending and after the 363 Transaction, the Debtors shall not grant any waiver without the written consent of New GM, which consent shall not be unreasonably withheld.

and it is further;

ORDERED that any person or Entity acquiring and/or disposing of GM Stock in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Equity Acquisition Notice," and "Equity Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as <u>Exhibit E</u>, <u>Exhibit F</u>, and <u>Exhibit G</u> are approved; and it is further

ORDERED that nothing in this Final Order shall preclude any party-in-interest from seeking appropriate relief from the provisions of this Final Order; and it is further

ORDERED that the Debtors shall use reasonable efforts to publish on the Bloomberg newswire service a notice informing potential purchasers that GM Stock is subject to the provisions of this Final Order; and it is further

ORDERED that within three (3) business days of the entry of this Final Order, the

Debtors shall serve notice of the entry of this Final Order substantially in the form annexed to the

Motion as Exhibit B describing the authorized trading restrictions and notification requirements

(the "Final Procedures Notice") and this Final Order to (i) the Office of the United States Trustee

for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys

for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement,

(v) the attorneys for the agent under GM's prepetition amended and restated secured revolving

credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a

consolidated basis), (vii) the attorneys for the International Union, United Automobile,

Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the

International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—

Communications Workers of America, (ix) the United States Department of Labor, (x) the

attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc

bondholders committee, (xii) any record-holder listed with the transfer agent for GM Stock, and

(xiii) any person or Entity who has filed Schedule 13D or Schedule 13G with the SEC since

January 1st, 2008 with regard to the beneficial ownership of GM Stock (collectively, the "Notice

Parties").   Within three (3) business days of receipt of the Final Procedures Notice and Final

Order, any nominee holders shall either provide the Debtors' notice and claims agent, The

Garden City Group, Inc., with the last known names and addresses of their clients who are

beneficial owners of GM Stock (who will in turn mail the Final Procedures Notice and Final

Order to the beneficial owners so identified), or send the Final Procedures Notice and Final

Order to all beneficial holders of GM Stock known to the nominee holder; and it is further

ORDERED that the Debtors shall post the Final Procedures Notice on the website of its notice and claims agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com. Additionally, the Debtors will submit a notice of the entry of this Final Order for publication on the Bloomberg newswire service and arrange for publication of such notice in the national editions of *The Wall Street Journal* and *The New York Times*; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Final Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve and maximize the value of its NOLs and certain other tax attributes.   Accordingly, except to the extent the Final Order expressly conditions or restricts trading in interests in the Debtors, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any plan of reorganization or any applicable bankruptcy court order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
            _**June 25, 2009**_


                                    _**/s/ Robert E. Gerber**_
                                    United States Bankruptcy Judge

## Exhibit E

## Notice of Substantial Stock Ownership

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**GENERAL MOTORS CORP.**, *et al.*,                         :        **09-50026 (REG)**
                                                            :
                            **Debtors.**                    :        **(Jointly Administered)**
                                                            :
----------------------------------------------------------------x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [Name of Shareholder] (the "Filer") hereby provides notice (the "Notice"), that, as of [Date], [Name of Shareholder] beneficially owns _____ shares of General Motors Corporation ("GM") common stock (the "GM Common Stock"), and/or Options to acquire _____ shares of GM Common Stock, which represents ____% of the total amount of the GM Common Stock currently outstanding.

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of [Name of Shareholder] is _____.

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.   In the case of shares of GM Common Stock and/or Options to acquire GM Common Stock that are owned directly by the Filer, the table below sets forth (i) the number of such shares and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

2.   In the case of shares of GM Common Stock and/or Options to acquire GM Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table below sets forth (i) the name(s) of each record or legal owner of such shares and/or Options beneficially owned by the Filer, (ii) the number of such shares and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

| Name of Owner | Number of Shares of GM Common Stock Owned | Number of Shares subject to Options Owned | Date(s) Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if

any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order,[1] this Notice is being filed with the Court and served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of GM Common Stock and Options to acquire GM Common Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option (as defined below) to acquire GM Common Stock; and (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Shareholder)

By:_____
    Name:_____
    Title:_____

Address:_____

    _____

    _____

Telephone:_____
Facsimile:_____

Date: _____

---

[1]  All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

**Exhibit F**

**Equity Acquisition Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
GENERAL MOTORS CORP., *et al.*,           :          09-50026 (REG)
                                          :
                        Debtors.          :          (Jointly Administered)
                                          :
-------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE
## OR OTHERWISE ACCUMULATE GM STOCK

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] (the "Filer")
hereby provides notice (the "Notice") of (i) its intention to purchase, acquire or otherwise
accumulate directly one or more shares of General Motors Corporation ("GM") common stock
("GM Common Stock") and/or Options (as defined below) to acquire shares of GM Common
Stock and/or (ii) a proposed purchase or acquisition of shares of GM Common Stock and/or
Options to acquire GM Common Stock that would result in an increase in the number of shares
of GM Common Stock or Options to acquire GM Common Stock that are beneficially owned (as
defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed
Transfe**r**").

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the
following information:

1.    If the Proposed Transfer is directly by the Filer of shares of GM Common
Stock and/or Options to acquire GM Common Stock, the table below sets forth (i) the number of
shares of GM Common Stock and/or Options to acquire GM Common Stock proposed to be
purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2.    If the Proposed Transfer is by a person or Entity other than the Filer, but the
Proposed Transfer nonetheless would increase the number of shares of GM Common Stock
and/or Options to acquire GM Common Stock that are beneficially owned by the Filer, the table
below sets forth (i) the name(s) of each such person or Entity; (ii) the number of shares and/or
Options that is the subject of the Proposed Transfer to be so purchased or acquired; and (iii) the
date(s) of such Proposed Transfer.

| Name of Acquirer | Number of Shares of GM Common Stock to be Transferred | Number of Shares Subject to Options to be Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's beneficial ownership of GM Common Stock and/or Options to acquire GM Common Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of GM Common Stock (or Options to acquire GM Common Stock) that would be owned directly by the Filer and (ii) in the case of any beneficial ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of GM Common Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer is directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of shares of GM Common Stock and/or Options to acquire GM Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of GM Common Stock and/or Options to acquire GM Common Stock that are beneficially owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of GM Common Stock and/or Options to acquire GM Common Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| Name of beneficial owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Court[1] and served upon the Debtors and the attorneys for the Debtors.

PLEASE TAKE FURTHER NOTICE that the Debtors have **ten (10) business days** after the filing of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.   If the Debtors do not object within such ten (1o) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of shares of GM Common Stock and/or Options to acquire GM Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of GM Common Stock and Options to acquire GM Common Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option (as defined below) to acquire GM Stock; (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, (iii) "Substantial Equityholder" means any person or Entity that beneficially owns a number of shares of Gm Common Stock representing 4.5% or more of all issued and outstanding shares GM Common Stock; and (iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

---

[1]  All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Prospective Acquirer)

By:_____
    Name:_____
    Title:_____

Address:_____
_____
_____
Telephone:_____
Facsimile:_____

Date: _____

**<u>Exhibit G</u>**

**<u>Equity Disposition Notice</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
GENERAL MOTORS CORP., et al.,           :        09-50026 (REG)
                                        :
                    Debtors.            :        (Jointly Administered)
                                        :
-----------------------------------------------------------------x
```

### NOTICE OF INTENT TO SELL, TRADE, OR OTHERWISE TRANSFER GM STOCK

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to sell, trade or otherwise transfer directly one or more shares of General Motors Corporation ("GM") common stock ("GM Common Stock") and/or Options (as defined below) to acquire shares of GM Common Stock and/or (ii) a proposed purchase or acquisition of shares of GM Common Stock and/or Options to acquire GM Common Stock that would result in an decrease in the number of shares of GM Common Stock or Options to acquire GM Common Stock that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. If the Proposed Transfer is directly by the Filer, the table below sets forth (i) the number of shares of GM Common Stock and/or Options to acquire GM Common Stock proposed to be sold or transferred; and (ii) the date(s) of such Proposed Transfer.

2. If the Proposed Transfer is by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of GM Common Stock and/or Options to acquire GM Common Stock that are beneficially owned by the Filer, the table below sets forth (i) the name(s) of each such person or Entity; (ii) the number of shares and/or Options that are the subject of the Proposed Transfer; and (iii) the date(s) of such Proposed Transfer.

| Name of Transferor | Number of Shares of GM Common Stock to be Transferred | Number of Shares Subject to Options to be Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's beneficial ownership of GM Common Stock and/or Options to acquire GM Common Stock assuming the Proposed Transfer is approved and consummated as described above.   The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of GM Common Stock (or Options to acquire GM Common Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of GM Common Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer is directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of shares of GM Common Stock and/or Options to acquire GM Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) ceasing to be a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of GM Common Stock and/or Options to acquire GM Common Stock that are beneficially owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of GM Common Stock and/or Options to acquire GM Common Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| Name of beneficial owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Court[1] and served upon the Debtors and the attorneys for the Debtors.

PLEASE TAKE FURTHER NOTICE that the Debtors have **ten (10) business days** after the filing of this Notice to object to the Proposed Transfer described herein.   If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.   If the Debtors do not object within such ten (1o) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of shares of GM Common Stock and/or Options to acquire GM Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "beneficial ownership" (or any variation thereof of GM Common Stock and Options to acquire GM Common Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option (as defined below) to acquire GM Stock; (ii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, (iii) "Substantial Equityholder" means any person or Entity that beneficially owns a number of shares of GM Common Stock representing 4.5% or more of all issued and outstanding shares GM Common Stock; and (iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Filer)

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

By:_____

    Name:_____

    Title:_____

Address:_____

_____

_____

Telephone:_____

Facsimile:_____

Date: _____