**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
: 
In re                                                  :          **Chapter 11 Case No.**
: 
**GENERAL MOTORS CORP.**, *et al.*,                     :          **09-50026 (REG)**
: 
                                        Debtors.        :          **(Jointly Administered)**
: 
--------------------------------------------------------------x

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363(b), 363(c)**
**AND 364(a) AND FED. R. BANKR. P. 6003 AND 6004 (A) AUTHORIZING**
**THE DEBTORS TO (i) CONTINUE USING EXISTING CASH MANAGEMENT**
**SYSTEM, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED**
**TO THE USE OF THE CASH MANAGEMENT SYSTEM, AND (iii) MAINTAIN**
**EXISTING BANK ACCOUNTS AND BUSINESS FORMS; AND**
**(B) EXTENDING TIME TO COMPLY WITH 11 U.S.C. § 345(b)**

Upon the Motion, dated June 1, 2009 (the "**Motion**"),[1] of General Motors

Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 345(b),

363(b), 363(c) and 364(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of

an order (A) authorizing the Debtors (i) to continue to operate their cash management systems,

including the continued maintenance of existing bank accounts and the continued transfers of

funds among the Debtors and their affiliates in the ordinary course of business, consistent with

their prepetition practices, (ii) to honor certain prepetition obligations related to the use of the

Cash Management System, (iii) to maintain existing business forms, (B) granting an extension of

time to comply with section 345 of the Bankruptcy Code, and (C) scheduling a final hearing on

the relief requested, all as more fully described in the Motion; and the Court having jurisdiction

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided to:  (i) the Office of the

United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S.

Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition

secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended

and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured

claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International

Union, United Automobile, Aerospace and Agricultural Implement Workers of America,

(viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and

Furniture Workers—Communications Workers of America, (ix) the United States Department of

Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for

the ad hoc bondholders committee and (xii) each of the banks listed on <u>Exhibit A</u> hereto (the

"**<u>Banks</u>**") ((i)-(xii) collectively, the "**<u>Notice Parties</u>**"), and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the

Motion on an interim basis (the "**<u>Hearing</u>**"); and the Court having entered an interim order (the

"**<u>Interim Order</u>**") granting the relief requested in the Motion, pending a hearing (the "**<u>Final

Hearing</u>**") to consider entry of an order granting the relief requested on a final basis; and it

appearing that notice of the Final Hearing having been given in accordance with the terms and

provisions of the Interim Order, including to the attorneys for the Official Committee of

Unsecured Creditors (the "**Committee**"), and that no other or further notice need be provided; and upon the record of the Hearing and the Final Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors prior to the Commencement Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding; and to make ordinary course changes to their Cash Management System without further order of the Court and it is further

ORDERED that pursuant to section 105(a) of the Bankruptcy Code, each of the Banks is authorized and directed to continue to honor transfers as directed by the Debtors of funds among their Bank Accounts and to the Debtors; and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts listed on Exhibit A annexed to the Motion, in the names and with the account numbers existing immediately prior to the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers and other debits, (iii) pay any bank fees or charges associated with the Bank Accounts, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the Commencement Date are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall (i) require a financial institution to honor any check, wire, or other transfer unless the account has good and collected funds at the time of the requested action or (ii) authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Commencement Date, except as otherwise provided by further order of this Court; provided further, however, that any such financial institution is authorized to accept and honor all representations from the Debtors as to which check, ACH transfer, draft, wire, or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as

provided for herein, nor shall any Bank honoring or not honoring any check or other item as a

result of good faith error be liable to any party therefor; and it is further

ORDERED that with respect to those Bank Accounts which are not located in

Banks that are Authorized Bank Depositories and with respect to any of their investments, the

Debtors shall have 45 days (or such additional time as the U.S. Trustee may agree to) from the

entry of this Order (the "**Extension Period**") to either come into compliance with section 345(b)

of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee; and

it is further

ORDERED that with respect to any deposit or investment currently insured or

guaranteed by the United States or by a department, agency, or instrumentality of the United

States, upon the termination or modification of such insurance or guarantee, the Debtors shall

either come into compliance with section 345(b) of the Bankruptcy Code or seek appropriate

relief from the Court; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening

any additional bank accounts, or closing any existing Bank Account(s) as they may deem

necessary and appropriate, and the Banks and other financial institutions are directed to honor

the Debtors' request to open or close, as the case may be, such Bank Accounts or additional bank

accounts; and it is further

ORDERED, that notwithstanding anything to the contrary contained in this Order,

all rights of JPMorgan Chase Bank N.A. ("**JPMC**"), if any, to assert cash collateral and/or setoff

rights with respect to amounts in one or more of the Debtors' accounts as of the Commencement

Date against prepetition obligations (the "**Obligations**") of Debtors owed to JPMC as of the

Commencement Date (the "**Commencement Date Balances**") are expressly preserved.  In the

event that it is determined by this Court that JPMC has such rights, then (i) JPMC shall have the

right to seek leave of the Court to setoff an amount in the Debtors' accounts equivalent to the

Commencement Date Balances, irrespective of whether such funds constitute prepetition or

postpetition funds, and (ii) for purposes of this paragraph, the Commencement Date Balances

shall constitute the cash collateral for which JPMC is entitled to adequate protection for any

diminution of the Commencement Date Balances, which adequate protection shall be (i) with

respect to setoffs relating to obligations under GM's prepetition revolving credit agreement dated

as of July 20, 2006 (as amended, supplemented or otherwise modified), the same forms of

protection provided under the Interim Cash Collateral Order covering the secured parties under

such agreement and (ii) with respect to setoffs relating to all other obligations, including those

arising under the Term Loan Agreement dated as of November 29, 2006 (as amended,

supplemented or otherwise modified), the same forms of adequate protection provided under the

Interim Term Loan Adequate Protection Order.  The Debtors and the Committee reserve the

right to object to and challenge any such assertion by JPMC.  JPMC will not seek to assert cash

collateral or setoff rights with respect to the Commencement Date Balances or otherwise seek to

prevent the Debtors' use of any cash collateral so long as the Termination Date has not occurred

under the either of the orders referenced in this paragraph; and it is further

ORDERED, that nothing in this Order shall authorize the Debtors to use or

otherwise impair cash collateral previously pledged by them as security for letters of credit,

bonds and similar obligations owed by the Debtors to JPMC; and it is further

ORDERED that the automatic stay is hereby modified to authorize any Bank that

has issued a letter of credit at the request of the Debtors, upon notice to the Debtors and upon

receipt of written consent by the Debtors, to set off any cash deposits it is specifically holding as

collateral for such letter of credit against any amount paid by the bank to the beneficiary of the

letter of credit upon postpetition draw of the letter of credit, subject to the terms of any

agreement between the Debtors and the Bank relating to the letter of credit; *provided, however*,

that the Bank agrees to return to the Debtors' estates, within three business days of such setoff,

the excess of any cash deposits it is holding as collateral for all letters of credit it has issued at

the request of the Debtors over the amount of collateral the Debtors are required to provide with

respect to all outstanding letters of credit issued by the Bank at the request of the Debtors; and it

is further

ORDERED, that without in any way limiting the effectiveness of any other

provision contained in this Order, with respect to (i) any custodial, trust, investment

management, securities lending or similar agreements to which the Debtors are parties, or (ii)

any other custodial, trust or similar agreements with entities affiliated with the Debtors

(including ERISA qualified plans) pursuant to which any of the Debtors are or may be otherwise

involved in the administration or maintenance of such custodial, trust, investment management,

securities lending or similar arrangements (such as, and without limitation, where any Debtor is a

named fiduciary or otherwise is charged with authorizing, approving or directing actions under

or in connection with such agreements) (the agreements referred to in clauses (i) and (ii) above,

collectively, the "Custodial Agreements"), the Debtors and such third parties as are identified in

any Custodial Agreements are hereby authorized to (A) continue to maintain, service, and

administer all such Custodial Agreements, and all accounts established under or in connection

with such Custodial Agreements (whether such accounts were created prior or subsequent to the

Petition Date), (B) perform and honor their respective obligations in accordance with the terms

of such Custodial Agreements, and (C) to execute all documents and take all such other actions

7

as are necessary or appropriate in connection therewith, all without further order of the Bankruptcy Court; and it is further

ORDERED that as soon as reasonably practicable, the Debtors shall mark "Debtors in Possession" and the chapter 11 case number under which these cases are being jointly administered on their checks; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary course of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business from their affiliates and third parties without notice and a hearing; and it is further

ORDERED, that to the extent a Bank in the ordinary course of the Cash Management System incurs an overdraft, failed securities transaction or other event giving rise to an uncovered debit, irrespective of whether arising pre or postpetition, such Bank shall be authorized to cover such overdraft, failed securities transaction or debit from funds of the Debtors in its possession and available for such purpose; and it is further

ORDERED that the Debtors are authorized to continue to use their Cash Management System and to fund Debtor and non-Debtor affiliates as they did prior to the Commencement Date; provided, however, that the Debtors shall provide to the Committee, in a format reasonably acceptable to the Committee, monthly postpetition intercompany activity and intercompany balances; and it is further

ORDERED that the Debtors are authorized to continue to honor and make payments in respect of prepetition and postpetition intercompany obligations to subsidiaries and affiliates (Debtor and non-Debtor) in accordance with their prepetition practices; provided, however, that subsequent to the closing of the 363 Transaction, the Debtors and the Committee

8

shall confer and seek to agree on whether any restrictions should be placed on further

intercompany transfers to subsidiaries and affiliates, and in the absence of such an agreement, the

matter shall be resolved by the Court; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay prepetition

amounts outstanding as of the Commencement Date, if any, owed to the Banks and other third

parties that directly or indirectly provide services to the Debtors in connection with the Cash

Management System as service charges for the maintenance of the Cash Management System;

provided that no Bank shall be obligated to continue cash management services for the Debtors if

the Debtors do not pay such prepetition and postpetition charges within five business days after

receiving notice from a Bank that the Debtors have not paid such charges when due in the

ordinary course; and it is further

ORDERED that the Debtors are hereby authorized to execute any additional

documents and reasonably cooperate with the financial institutions as may be required to carry

out the intent and purpose of this Order; and it is further

ORDERED that the Debtors are authorized to implement the Investment

Guidelines and invest and deposit their cash and cash equivalents in accordance therewith in

addition to the investments permitted by section 345 of the Bankruptcy Code; and it is further

ORDERED that the Investment Guidelines may be amended by order of the Court

from time to time upon motion by the Debtors; and it is further

ORDERED that the Debtors' compliance with the Investment Guidelines shall be

deemed to constitute compliance with section 345 of the Bankruptcy Code, and the Debtors are

relieved from the obligations under section 345(b) to obtain a bond from any entity with which

money is deposited or invested in accordance with the Investment Guidelines; and it is further

9

ORDERED that nothing contained in this Order or the Motion shall constitute a rejection or assumption by any of the Debtors of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:      New York, New York
            **_June 25 , 2009_**


                                    **_/s/ Robert E. Gerber_**
                                    UNITED STATES BANKRUPTCY JUDGE

<u>**Exhibit A**</u>

**Banks and Bank Accounts**

**Account Type Key**

ZBA: Zero Balance Account
ODC : Non GMAC Collection
Accounts
DEP: Deposit Account
PAR: Parent Account
BAL: Balance Account
LBX: Lockbox
FSC: FISC Accounts

## DOMESTIC BANK ACCOUNTS

# Saturn, LLC

| | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Bank of America, N.A. (Tennessee) 540 W. Madison Chicago, IL 60661 312-828-8016 Contact: Masteneh Masghati | DEP | SATN DEPOSITS- MISCELLANEOUS RE | 6363 |

**Account Type Key**
ZBA: Zero Balance Account
ODC: Non GMAC Collection Accounts
DEP: Deposit Account
PAR: Parent Account
BAL: Balance Account
LBX: Lockbox
FSC: FISC Accounts

# Saturn Distribution Corp

| | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Citibank, N.A. (New York)<br>388 Greenwich Street 22nd Floor<br>New York NY 10013<br>212-816-2933<br>Contact: Sarah Terner | ZBA | SATURN DIST CORP | 1256 |

# Chevrolet-Saturn of Harlem, Inc.

| | | | |
|---|---|---|---|
| JP Morgan Chase<br>55 W. 125th Street<br>New York, NY 10027<br>212-860-0261<br>Contact: Randy Polanco | PAR | Chevrolet-Saturn of Harlem, Inc. | 7901 |

**Account Type Key**
ZBA: Zero Balance Account
ODC: Non GMAC Collection Accounts
DEP: Deposit Account
PAR: Parent Account
BAL: Balance Account
LBX: Lockbox
FSC: FISC Accounts

# GM

| | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Bank of America, N.A. (San Francisco) | ZBA | GM SEDGWICK/WORKERS COMP | 4593 |
| 540 W. Madison | ZBA | GM CORP SEDGWICK CMS REIMB ACC | 5336 |
| Chicago, IL 60661 | ZBA | DISABILITY EXPENSE A/C | 6285 |
| 312-828-8016 | ZBA | DISABILITY RECEIPTS A/C | 6308 |
| Contact: Mastaneh Masghati | ZBA | GM CORP W/C CDA ACCOUNT | 1071 |
| | ZBA | SEDGWICK DISP EXP SETTLE ACCT | 5239 |
| | ZBA | SEDGWICK WORKERS COMP SETT ACC | 5247 |
| | DEP | INSURED W/C PGM SPEC DEP ACCT | 7156 |
| | ZBA | GM CORP DIVIDEND DISBURSEMENTS | 8902 |
| | PAR | GM CORPORATION | 215 |
| | DEP | EAG RECEIVABLES TEMPE, AZ | 3787 |
| | ZBA | SATN DISBURSEMENTS (CLASS) | 6347 |
| | ZBA | SATN DISBURSEMENTS (NEW) | 9187 |
| Bank of America, N.A. (Tennessee) | PAR | GENERAL MOTORS CORPORATION | 5539 |
| 540 W. Madison | | | |
| Chicago, IL  60662 | | | |
| 312-828-8016 | | | |
| Contact:  Masteneh Masghati | | | |

Bank of New York Mellon

| | | | |
|---|---|---|---|
| 500 Ross Street | ODC | DEALER ACCTG  VEHICLE RETURNS | 4443 |
| Mellon Client Service Center Suite 1360 | ODC | DEALER ACCTG  VEHICLE CREDITS | 2371 |
| Pittsburgh PA 15262-0001 | ZBA | NAO DEALER ACCTG - INT SUPP | 3882 |
| 412-234-6175 | PAR | GM CORPORATION | 9901 |
| Contact: Bob Ladley | | | |
| | ZBA | NAO - HOURLY PAYROLL | 481 |
| | ZBA | GM HOURLY PAYROLL ACH FUNDING | 6214 |
| | | | |
| Citibank, N.A. (New York) | BAL | GM SUPPLIERS LLC | 5748 |
| 388 Greenwich Street 22nd Floor | DEP | NAO - DEALER ACCT.- ACHDEBITS | 6383 |
| New York NY 10013 | | | |
| 212-816-2933 | | | |
| Contact: Sarah Terner | | | |
| | PAR | GM CORPORATION | 1878 |
| | BAL | GM SPECIAL OPERATIONS | 6552 |
| | GMC | OVERSEAS REMIT ACCT | 1997 |
| | BAL | GM AUTO RECEIVABLES CORP. | 7474 |
| | BAL | GM AUTO LEASE PURCHASE | 8321 |

|  |  |  |  |
|---|---|---|---|
|  | DEP | TRADES PAY PGM - SPEC DEP ACCT | 6278 |
|  | DEP | NYTO - SUPPLIER REMIT | 2921 |
|  | ZBA | CAFCO SETTLEMENT ACCOUNT | 8369 |
|  | ZBA | NAO - HOURLY PAYROLL | 4623 |
|  | ZBA | STAF EFT DISB | 2982 |
|  | ZBA | STAF-CNTL DISB | 4646 |
|  | ZBA | NAO, DEALER ACCT.-CONT. DISB. | 1286 |
|  | BAL | GM CORPORATION UST | 5721 |
| Comerica Bank | ZBA | GMC BENEFIT SETTLEMENT | 1846 |
| 500 Woodward Avenue | PAR | GM CORPORATION | 2827 |
| Detroit MI 48226 | BAL | GMC-FLEXIBLE COMP PROG | 6547 |
| 313-222-5431 |  |  |  |
| Contact:Thomas Vandermulen |  |  |  |
| Harris N.A. (Illinois) | PAR | GM CORPORATION | 6723 |
| 115 South LaSalle St. 12th Floor | LBX | MOHO LOCKBOX | 1323 |
| Chicago IL 60603 |  |  |  |
| 312-461-7432 |  |  |  |
| Contact: Jack Kane |  |  |  |
| JPMorgan Chase Bank N.A. (Illinois) | DEP | ATDV LOCKBOX #93647 | 6476 |
| 611 Woodward Avenue | BAL | ALLISON TRAN DIV DEPOSIT ACCT | 5333 |
| Detroit MI 48226 | DEP | DLRA LBOX-CHICAGO #70595 | 6344 |
| 313-256-2218 | PAR | GM CORPORATION | 3191 |
| Contact: Bill Bitonti |  |  |  |
|  | ZBA | GM FX SETTLEMENT ACCT | 6164 |
|  | DEP | GMPD LOCKBOX-NEWARK #13595 | 6190 |
|  | DEP | GMPD LOCKBOX-CHICAGO #93112 | 6417 |
|  | DEP | GMPD LOCKBOX-CHARLOTTE #195053 | 6786 |
|  | DEP | GMPD LOCKBOX-DALLAS #890158 | 6816 |
|  | DEP | GMPD LOCKBOX-L.A. #100061 | 6840 |
|  | ZBA | BOCG DET PR CNTL DIS | 2176 |
|  | ZBA | CPCG CNTL DISB | 2184 |
| JPMorgan Chase Bank N.A. (Michigan) | ZBA | GM ICP | 5894 |
| 611 Woodward Avenue | ZBA | GM ICP REIMBURSEMENTS | 2564 |
| Detroit MI 48226 | ZBA | FIDELITY LUMP SUM DISB | 7304 |
| 313-256-2218 | ZBA | FIDELITY INACTIVES | 4706 |
| Contact: Bill Bitonti | ZBA | FIDELITY MED 'B' | 4714 |
|  | ZBA | FIDELITY OVERPAYMENT | 6610 |

| | | |
|---|---|---|
| | REFUND | |
| ZBA | FIDELITY ACCLARIS SAL FLX ACCT | 5507 |
| ZBA | FIDELITY ACCLARIS HLY FLX ACCT | 5523 |
| ZBA | GMC BENEFIT SETTLEMENT ACCT | 4553 |
| ZBA | GM BOFA HRA (NONCORENEWHIRES) | 0407 |
| DEP | GM U.S. CUSTOMS RECEIPTS | 7184 |
| ODC | DEALER ACCTG  VEHICLE RETURNS | 3084 |
| ODC | DEALER ACCTG  VEHICLE CREDITS | 9354 |
| DEP | BUICK PGA RECEIPTS | 9734 |
| DEP | NAO DELAR ACTG. - GSA | 9883 |
| ODC | SATN SAAB COLL VEH DRAFTS | 4724 |
| ODC | NONGMAC FINANCED DLR COMP CAR | 4880 |
| ODC | GMAC DLR FINANCED COMP CAR | 5556 |
| DEP | COMP CAR LOAN AUCTION ACCT | 5564 |
| ODC | AUCTION ACH CREDITS ACCOUNT | 1828 |
| DEP | VSSM LICENSING & MERCHANDISING | 2420 |
| DEP | VSSM INT'L LICENSING ROYALTIES | 2446 |
| DEP | FLT COMM OPS-MED DTY ROY RECS | 9553 |
| DEP | GM ASSET ACCT WIRE RECPT SDA | 8206 |
| ZBA | Salaried Retiree HRA | 3803 |
| PAR | GM CORPORATION | 6790 |
| DEP | GMC,HCS/MASTER CARD,SPEC. DEP. | 0763 |
| ZBA | GM R&D Lithium Ion Battery | 4090 |
| DEP | GM PERSONNEL ADMINISTRATION | 4893 |
| DEP | SPO DEPOSITORY ACCT | 3250 |
| FSC | GMPT - DEPOSITORY ACCOUNT | 0083 |

| DEP | GMPT LBX 77680 | 7541 |
|-----|----------------|------|
| DEP | GMPT LBX 78056 | 0313 |
| DEP | GMPT LBOX 771280 | 3276 |
| ZBA | GMPT ASSET ACCT LKBX 77681 SDA | 8198 |
| DEP | GM CORP HUMAN FACTORS | 7684 |
| DEP | ROAD TO HYDROGEN | 3384 |
| DEP | GENERAL MOTORS CORP. CARB | 4454 |
| DEP | R & D GMX 569 U.S. GOVT | 1614 |
| DEP | DOE WASTE HEAT RECOVERY | 3694 |
| DEP | R & D CLEAN FUELS | 4549 |
| DEP | R & D EMISSIONS DEVICES | 4564 |
| DEP | ACAT / NHTSA - U.S. GOVT | 2690 |
| DEP | NREL HEAVY HYBRID | 6721 |
| DEP | VISUALIZATION FUEL CELL WTR TR | 6739 |
| DEP | GM CORP AUTO UWB SHORT RANGE | 6747 |
| DEP | GMT800 GOVERNMENT PROGRAM | 6796 |
| DEP | R & D HIGH EFFICIENCY ENG. | 6804 |
| DEP | ONSTAR LEXUS DIGITAL CORP | 7091 |
| DEP | ONSTAR LEXUS PERSONAL CALLING | 7109 |
| DEP | GMC INTEGRATED TRACTIION DRIVE | 9470 |
| DEP | GMC EGR BOOST EFT SETTLEMENT | 9488 |
| DEP | NYSERDA 957 | 1132 |
| DEP | GM LOGISTICS - TRAFFIC LOG. | 4393 |
| ZBA | INTL TRAF LOG LKBX 77789 SDA | 2165 |
| DEP | GM LOGISTICS - COMM TRAFFIC | 1383 |
| DEP | GM LOGISTICS - MIAMI | 6303 |
| DEP | GMU SPECIAL DEPOSITORY | 5094 |
| DEP | GM CORP OFFICE WIRE RECEIPTS | 0145 |
| DEP | GMC ALLISON TRANS REIMBURSE | 8936 |
| ZBA | MTOM - SALARIED PAYROLL | 6884 |
| ZBA | MTOM LLC HRLY PAYROLL - ACH | 3118 |
| ZBA | GMC SALARIED MATCHED PR | 4746 |
| ZBA | NAO - HOURLY PAYROLL | 7426 |
| ZBA | MTM HOURLY PARYROLL ACCOUNT | 8467 |
| ZBA | DDP - SALARY | 2987 |

| | | | |
|---|---|---|---|
| | ZBA | DDP - HOURLY | 2995 |
| | ZBA | FIDELITY ACCLARIS SAL FLX ACH | 3126 |
| | ZBA | FIDELITY ACCLARIS HLY FLX ACH | 3134 |
| | ZBA | BOCG - C.O. - CNTL DISB | 4646 |
| | ZBA | CPCG-MANSFIELD-EFT DISB | 3343 |
| | ZBA | ONSTAR DISB ACCT | 3032 |
| | ZBA | GM CORP OEM TELEMATICS SERV | 4278 |
| | DEP | SAT CORP-GMAC ROYALTY PAYMENTS | 2438 |
| | DEP | GM HEADQUARTERS CASHIER | 0163 |
| | DEP | EAG CO LBX 77696 | 3694 |
| | DEP | GM CENT OFF ACH RECP SETT ACCT | 0137 |
| | DEP | GFSS AR-FREIGHT CLAIMS-FOR U.S. | 0258 |
| | DEP | ONSTAR PERSONAL CALLING | 5374 |
| | DEP | ONSTAR/LEXUS LINK | 1804 |
| | DEP | GM ONSTAR - DEPOSITORY AC | 4603 |
| | DEP | ONSTAR OEM TELEMATICS SERVICES | 4583 |
| | DEP | XM SATELLITE RADIO DEP ACCT | 5341 |
| | ZBA | Plug-In Hybrid 319, EFT Settlement Account | 4918 |
| JPMorgan Chase Bank N.A. (New York) | ZBA | ALL TRANS-CNTL DISB | 7579 |
| 611 Woodward Avenue | ZBA | GM BENE ACCT | 2644 |
| Detroit MI 48226 | ZBA | GM SALARIED FLEX | 7376 |
| | ZBA | WORK. COMP. LIAB. CIGNA SETTLM | 4180 |
| 313-256-2218 | FSC | DLRA MILITARY SALES | 2048 |
| Contact: Bill Bitonti | ZBA | NAO DEALER ACCTG. EFT DISB. | 0189 |
| | FSC | DELCO SYST. OPS., SPEC. DEPOS. | 7068 |
| | SEC | GM ENHANCED CUSTODY | 0170 |
| | DEP | GMIMCO REMTIIANCES | 3523 |
| | BAL | GM USD CORP ACCT AT JPMC | 3760 |
| | PAR | GM CORPORATION | 2095 |
| | FSC | OVERSEAS REMIT ACCT | 4605 |

| | | | |
|---|---|---|---|
| | GMC | FSC ACCT | 3058 |
| | DEP | GMCC - CREDIT CARD | 0114 |
| | ZBA | GM DEBT SETTLEMENT ACCT | 5072 |
| | FSC | GMOO SPECIAL DEPOSITORY ACC | 9839 |
| | FSC | GMPD SPECIAL DEPOSITORY ACC | 9813 |
| | FSC | AC DELCO - FSC DEPOSITS | 3959 |
| | FSC | GM TRADE RECEIVABLE LLC | 1075 |
| | FSC | GMTC SPECIAL DEPOSITORY ACCT | 6478 |
| | SEC | GM LIQUIDITY CUSTODY | 0171 |
| | FSC | GMC GMB OVERSEAS DEP | 1948 |
| | DEP | CEP SPECIAL DEPOSITORY | 0765 |
| | ZBA | NAO - HOURLY PAYROLL | 4775 |
| | ZBA | NAO, DEALER ACCT.-CONT. DISB. | 1757 |
| | ZBA | CPCG-CNTL. DISB | 2520 |
| | ZBA | GMC FED TAX SETTLEMENT | 0399 |
| | ZBA | NAO EFT DISBURSEMENT ACCT. | 1721 |
| | ZBA | CHEV CENTRAL OFFICE DIS | 3719 |
| | FSC | GMC PATENT SECTION | 2248 |
| | FSC | GMC NAO-WARREN OVERSEAS DEPOS. | 1646 |
| | ZBA | PROD LIAB INSURANCE SETTLE A/C | 6683 |
| | ZBA | WORKERS COMP LIAB INS A/C | 6717 |
| | ZBA | PROD. LIABIL. CIGNA SETTLEMENT | 4156 |
| | ZBA | GEN. LIABIL. CIGNA SETTLEMENT | 4164 |
| | ZBA | AUTOM. LIABIL. CIGNA SETTLEM. | 4172 |
| | ZBA | EIL/POLLUT. LIAB. SETTLEMENT | 4198 |
| | FSC | ONSTAR/OEM SERVICES | 1208 |
| | ZBA | GM GLOBAL TECH INC | 5749 |
| | ZBA | ONSTAR GLOBAL SERVICES | 3092 |
| | GMC | GM CORPORATION UST COLLATERAL ACCT | 3795 |
| State Street Bank | PAR | GM CORPORATION | 0747 |
| 105 Rosemont Road | DEP | GMC SALARIED STOCK OPTION | 8398 |
| Westwood MA 02090 | DEP | SALARIED STOCK OPTION 2 | 1141 |
| 781-302-6068 | | | |
| Contact: Christine Cronin | | | |
| Bank of China | PAR | GM CORPORATION | 0683 |
| 410 Madison Ave. | | | |
| New York, NY  10017 | | | |

212-935-3101
Contact:  David Hoang

| | | | |
|---|---|---|---|
| M&T Bank | PAR | GM CORPORATION | 3671 |
| 25 South Charles Street | | | |
| Baltimore MD  21201 | | | |
| 410-244-4792 | | | |
| Contact:  Lynn Mathy | | | |

Citizens Bank                    PAR              GM CORPORATION                6889
328 South Saginaw Street
Flint, MI  48502-2401
810-282-0085
Contact: Karen Vance

KeyBank                           PAR              GM CORPORATION                5008
127 Public Square
Cleveland, OH  44114
216-689-3696
Contact: Helen France

Fifth Third Bank of NW OH        PAR              GM CORPORATION                0536
606 Madison Ave
Toledo, OH  43604
419-259-0318
Contact: Joel Jerger

# FOREIGN BANK ACCOUNTS

| | | |
|---|---|---|
| JP Morgan Chase NA (London) 611 Woodward Avenue | General Motors Corporation, Australian Dollar | 0406 |
| | General Motors Corporation, Canadian Dollar | 0407 |
| Detroit, Mi. 48226 | General Motors Corporation, Swiss Franc | 0405 |
| 313-256-2218 | General Motors Corporation, Danish Krone | 0411 |
| Contact: Bill Bitonti | General Motors Corporation, Euro | 0401 |
| | General Motors Corporation, British Pound | 0402 |
| | General Motors Corporation, Japanese Yen | 0404 |
| | General Motors Corporation, Mexican Peso | 0415 |
| | General Motors Corporation, Norwegian Krone | 0409 |
| | General Motors Corporation, New Zealand Dollar | 0412 |
| | General Motors Corporation, Swedish Krona | 0408 |
| | General Motors Overseas Distribution Corporation | 8901 |
| | General Motors Overseas Distribution Corporation | 8902 |
| | General Motors Overseas Distribution Corporation | 8904 |
| | General Motors Overseas Distribution Corporation | 8908 |
| Toronto Dominion Bank | General Motors Corporation, Can. Dollar Disb. | 0181 |
| 100 Wellington St. W | General Motors Corporation, Can. Dollar EFT Disb. | 0505 |
| CP Tower 28th | General Motors | 0823 |

| | | |
|---|---|---|
| Floor | Corporation, OnStar Can. Dollar Disb. | |
| Toronto, Ontario M5K 1A2 416-982-8976 Contact: Debbie McCarrol | General Motors Corporation, Can. Dollar EDI/EFT Disb. | 9652 |

### **Custody/Brokerage Accounts**

| | | |
|---|---|---|
| Citibank, N.A. NY | General Motors Corporation, Core Portfolio | 0591 |
| 388 Greenwich Street 22nd Floor New York NY 10013 212-816-2933 Contact: Sarah Terner | Saturn Distribution Corporation | 6563 |
| Citibank, N.A. Cairo Branch | General Motors Corporation Custody Acct | 9100 |
| 388 Greenwich Street 22nd Floor New York, NY 10013 | General Motors Corporation Custody Cash Account EGP | 9506 |
| 212-816-2933 Contact: Sarah Terner | General Motors Corporation Custody Cash Account USD | 9018 |
| JPMorgan Chase Bank N.A. (New York) | GM Treasurer's Office Enhanced Fund | 0170 |
| 611 Woodward Avenue Detroit MI 48226 313-256-2218 Contact: Bill Bitonti | GM Treasurer's Office Liquidity Fund | 0171 |
| JPMorgan Chase Bank 383 Madison Ave. – 5th Floor | Special Equity Account | 6952 |

New York, NY
10179
212-622-2619
Contact: Ara
Movsesian


| | | |
|---|---|---|
| Bear Stearns (JPMorgan) 115 South Jefferson Road – D4 Whippany NJ, 07981 973-793-7699 Contact: Robert Reimers | Bear Stearns Brokerage | 1828 |
| Pierce, Fenner & Smith Inc. 250 Vesey St. New York, NY 10080 212-449-0484 Contact: Charles J. Phlon | ML Brokerage | 0869 |

## RESTRICTED CASH ACCOUNTS

| Held By | Account Name | Account Number |
|---|---|---|
| Bank of New York Trust<br>Andrew Asmdeo<br>101 Barclay St.<br>New York, NY 10286<br>212-298-1756 | General Motors/AISLIC 2006 Escrow Account | 4786 |
| JP Morgan Chase<br>Money Market Service Center<br>10420 Highland Manor Dr. 2nd Floor<br>Temple, Fl 33610<br>866 737 5826 | General Motors & Nat Union Fire Account | 2912 |
| JP Morgan Chase<br>Money Market Service Center<br>10420 Highland Manor Dr. 2nd Floor<br>Temple, Fl 33610<br>866 737 5826 | General Motors & Nat Union Fire Account | 1219 |
| Bank of New York Trust<br>Andrew Asmdeo<br>101 Barclay St.<br>New York, NY 10286<br>212-298-1756 | Westchester Fire/GMC Pledged collateral Account | 6144 |
| Wachovia<br>Richard Catanese<br>481 West Germantown Pike<br>Plymouth Meeting, PA 19462<br>888-800-3567 | NiHill & Riedley/General Motors Account | 4268 |
| Wachovia<br>Richard Catanese<br>481 West Germantown Pike<br>Plymouth Meeting, PA 19462<br>888-800-3567 | NiHill & Riedley/General Motors Account | 9732 |
| Bank of New York Trust<br>Andrew Asmdeo<br>101 Barclay St.<br>New York, NY 10286<br>212-298-1756 | General Motors Corp-Motor Ins Corp Account | 4787 |
| Natixis | GM Arrowood | 3001 |

| Held By | Account Name | Account Number |
|---|---|---|
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp CA | 1001 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp CA | 1002 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp NY | 8001 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp OH | 7001 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp OH | 7002 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp OH | 7003 |
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547<br>Natixis | GM Workers Comp TX | 4001 |

| **Held By** | **Account Name** | **Account Number** |
|---|---|---|
| Michelle Alvarez<br>9 West 57th Str. 35th Floor<br>New York, NY 10019<br>201-761-6547 | SafeCo Ins Co or America Pledgee FBO General Motors Account | 8163 |
| Blackrock<br>100 Bellevue Parkway<br>Wilmington, DE 19809<br>1-800-441-7450 | TCA, Secured Party FBO: General Motors Corp Acct | 0164 |
| Smith Barney<br>Denise Yuu<br>185 Asylum Street 2nd Floor<br>Hartford, CT 06103<br>860-275-0700 | | |
| BONY MATT LEWIS<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3219 | LINDEN RD MI COLLATERAL | 1365 |
| PNC BANK<br>Product Client Services<br>620 Liberty Ave.<br>Pittsburgh, PA 15265<br>1-877-824-5001 | ALLEGHENY POWER DEPOSIT | 9632 |
| JP Morgan:<br>Joyce Bryant<br>611 Woodward Ave.<br>Detroit, MI 48226<br>866-696-4212 | NATIONAL FUEL GAS DIST DEPOSIT | 4886 |
| Tenesse Valley Authority<br>JT Long<br>26 Century Blvd. – One Century Pl.<br>0CP-1K<br>Nashville, TN 37214<br>615-232-6103 | TVA DEPOSIT | 4912 |
| JP Morgan: | SO CAL EDISON DEPOSIT | 4434 |

| Held By | Account Name | Account Number |
|---|---|---|
| Joyce Bryant<br>611 Woodward Ave.<br>Detroit, MI 48226<br>866-696-4212 | | |
| JP Morgan:<br>Joyce Bryant<br>611 Woodward Ave.<br>Detroit, MI 48226<br>866-696-4212 | SRP DEPOSIT | 0452 |
| BONY:<br>PHIL TRIOLO<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | CENTERPOINT ENERGY ESCROW | 6016 |
| BONY:<br>PHIL TRIOLO<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | PEPCO ESCROW | 0893 |
| BONY:<br>PHIL TRIOLO<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | ST LAWRENCE GAS ESCROW | 6760 |
| BONY:<br>PHIL TRIOLO<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | DOMINION RETAIL ESCROW | 6023 |
| BONY:<br>PHIL TRIOLO<br>101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | CONOCO PHILIPS ESCROW | 6022 |
| BONY:<br>PHIL TRIOLO | PANHANDLE/TRUNKLINE ESCROW | 6166 |

| Held By | Account Name | Account Number |
|---|---|---|
| 101 Barclay Street<br>New York, NY 10286<br>212-815-3229<br>BONY:<br>PHIL TRIOLO | GEORGIA POWER ESCROW | 6017 |
| 101 Barclay Street<br>New York, NY 10286<br>212-815-3229<br>BONY:<br>PHIL TRIOLO | SEQUENT ENERGY ESCROW | 6009 |
| 101 Barclay Street<br>New York, NY 10286<br>212-815-3229 | | |
| Citibank:<br>Sarah Terner<br>388 Greenwich Street 22nd Floor New York, NY 10013<br>212-816-2933 | AMEREN LC | 2099 |
| Citibank:<br>Sarah Terner<br>388 Greenwich Street 22nd Floor New York, NY 10013<br>212-816-2933 | C REISS COAL | 2973 |
| Citibank:<br>Sarah Terner<br>388 Greenwich Street 22nd Floor New York, NY 10013<br>212-816-2933 | ATMOS ENERGY MARKETING LC | 3869 |
| Citibank:<br>Sarah Terner<br>388 Greenwich Street 22nd Floor New York, NY 10013<br>212-816-2933 | CORAL ENERGY CANADA LC | 4976 |
| BONY:<br>PHIL TRIOLO | CENTERPOINT ENERGY GAS TRANSMISSION | 3433 |

| Held By | Account Name | Account Number |
|---|---|---|
| 101 Barclay Street | | |
| New York, NY 10286 | | |
| 212-815-3229 | | |
| BONY: | | |
| PHIL TRIOLO | CENTERPOINT ENERGY RESOURCES CORP | 2894 |
| 101 Barclay Street | | |
| New York, NY 10286 | | |
| 212-815-3229 | | |
| BONY: | | |
| PHIL TRIOLO | PEA ESCROW | 0492 |