UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                           :          Chapter 11 Case No.
:
GENERAL MOTORS CORP., *et al.*,           :          09-50026 (REG)
:
              Debtors.                          :          (Jointly Administered)
:
------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § § 327(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS NUNC PRO TUNC TO THE COMMENCEMENT DATE

Upon the Application, dated June 12, 2009 (the "**Application**"), of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Weil, Gotshal & Manges LLP ("**WG&M**") as attorneys for the Debtors, effective as of the Commencement Date,[1] under a general retainer, all as more fully described in the Application; and upon the Affidavit of Stephen Karotkin, a member of WG&M, sworn to on June 12, 2009, attached to the Application as Exhibit "A" (the "**Karotkin Affidavit**"); and the Court being satisfied, based on the representations made in the Application and the Karotkin Affidavit, that WG&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Bankruptcy Code, and that WG&M represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain WG&M as their attorneys in the Debtors' chapter 11 cases under a general retainer, in accordance with WG&M's normal hourly rates and disbursement policies, all as contemplated by the Application, nunc pro tunc to June 1, 2009, the date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that WG&M shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and further Orders for all services performed and expenses incurred after the Commencement Date; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      **_June 25, 2009_**

    **_/s/ Robert E. Gerber_**
    United States Bankruptcy Judge

3