**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| **GENERAL MOTORS CORPORATION, *et al.*,** | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | Hon. Robert E. Gerber |

_____/

## ORDER UNDER 11 U.S.C. § 327(e)  AUTHORIZING THE EMPLOYMENT AND RETENTION OF HONIGMAN MILLER SCHWARTZ AND COHN LLP AS SPECIAL COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated June 12, 2009 (the "**Application**")[1] of General Motors Corporation and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to 11 U.S.C. §327(e) and Federal Bankruptcy Procedure 2014(a), for authorization to employ and retain Honigman Miller Schwartz and Cohn LLP ("**Honigman**") as special counsel for the Debtors, *nunc pro tunc* to June 1, 2009, the date on which Debtors commenced their Chapter 11 cases (the "**Petition Dates**") and upon the Declaration of Robert B. Weiss, a partner of Honigman, dated June 12, 2009, filed in support of the Application and annexed to the Application as Exhibit B (the "**Weiss Declaration**") and the Supplemental Declaration of Robert B. Weiss dated June 23, 2009 filed in support of the Application (the "**Supplemental Weiss Declaration**"); and the Court being satisfied based on the representations made in the Application, the Weiss Declaration and

---

[1] Unless otherwise defined, capitalized terms used herein shall have the same meanings ascribed to them in the Application.

the Supplemental Weiss Declaration, that Honigman neither holds nor represents any interest

adverse to the Debtors and their estates on the matters as to which it is being engaged; and the

Court having jurisdiction to consider the Application and the relief requested therein pursuant to

28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the

District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Application and the requested relief being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Application having been provided, due and proper notice

of the Application having been provided to: (i) Weil, Gotshal & Manges LLP, attorneys for the

Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen

Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors

Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo,

Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World

Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S.

Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn:

Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for EDC, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H.

Eckstein, Esq. and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue,

Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen &

Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn:

James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W.

42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the

United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33

Whitehall Street, 21st Floor, New York, New York 10004; and (xiii) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones,

Esq. and Matthew L. Schwartz, Esq.) and (xiv) all entities that requested notice in these Chapter

11 cases under Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be

provided; and the relief requested in the Application being in the best interests of the Debtors and

their estates and creditors; and the Court having reviewed the Application; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved, *nunc pro tunc* to the Petition Date; and it is

further

ORDERED that pursuant to 11 U.S.C. §327(e) of the Bankruptcy Code, the Debtors are

authorized to employ, retain and compensate Honigman *nunc pro tunc* to the Petition Date on the

terms and conditions (including, without limitation, hourly rates) set forth in the Application,

Weiss Declaration and Supplemental Weiss Declaration; and it is further

ORDERED that Honigman shall file fee applications for interim and final allowance of

compensation and disbursement of expenses pursuant to the procedures set forth in 11 U.S.C

§§330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, the Local Bankruptcy

Rules, any orders of this Court, and guidelines established by the Office of the United States

Trustee; and it is further

ORDERED that notice of the Application as provided herein shall be deemed good and sufficient notice of the Application, and it is further

ORDERED that the requirement, pursuant to Local Rule 9013-1(b), that the Debtors file a separate memorandum of law in support of the Application is unnecessary and hereby dispensed with.

New York, New York

Dated:  **_June 25, 2009_**

                                    **_/s/ Robert E. Gerber_**
                                    UNITED STATES BANKRUPTCY JUDGE

DETROIT.3662090.5