gardenUNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.*, | : | **09-50026 (REG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

### ORDER PURSUANT TO
### 28 U.S.C. § 156(c) AUTHORIZING RETENTION AND EMPLOYMENT OF THE
### GARDEN CITY GROUP, INC. AS NOTICE AND CLAIMS AGENT
### *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated June 12, 2009 (the "**Application**"),[1] of General

Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, "**Debtors**"), pursuant to 28 U.S.C. § 156(c) to

approve the retention and employment The Garden City Group, Inc. ("**GCG**") as notice and

claims agent ("**Agent**") of the Clerk of the Bankruptcy Court ("**Court**") in the above chapter 11

cases (the "**Chapter 11 Cases**") *nunc pro tunc* to the Commencement Date and to approve the

assumption of a related agreement, pursuant to the terms of the Claims Agent Agreement

annexed to the Application as Exhibit A ("**Agency Agreement**") to, among other things, (i)

distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise

administer the proofs of claims filed in the chapter 11 cases, (iii) assist in the tabulation of

acceptances and rejections of the Debtors' plan of reorganization, and (iv) provide such other

administrative services that the Debtors may require; and upon the affidavit of  Neil L. Zola,

President and Chief Operating Officer of GCG submitted in support of the Application; and the

---

[1]        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Debtors having estimated that there are in excess of 1,000 creditors in these chapter 11 cases, many of which are expected to file proofs of claims, and it appearing that the receiving, docketing and maintaining of proofs of claims would be unduly time consuming and burdensome for the Court; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that GCG has the capability and experience to provide such services and that GCG does not hold an interest adverse to the Debtors or their estate with respect to the matters upon which they are to be engaged; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers— Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002; and no other or further notice being required; and it appearing that the employment of GCG is in the best interests of the Debtors, their estate and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED,** that the Debtors are authorized to retain GCG, *nunc pro tunc* to the Commencement Date, to perform the noticing and other services set forth in the Application and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases; and it is further

**ORDERED,** that GCG is appointed as Agent for the Court and custodian of court records and, as such, is designated as the authorized repository for all proofs of claims filed in these Chapter 11 Cases and is authorized and directed to maintain the official claims register for the Debtors; and it is further

**ORDERED,** that GCG is authorized and directed to perform all related tasks to process the proofs of claims and maintain a claims register including, without limitation:

a. notify all potential creditors of the filing of the bankruptcy petition and of the setting of the first meeting of creditors, pursuant to §341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;

b. maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

c. notify all potential creditors of the existence and amount of their respective claims as evidenced by the Debtors' books and records and set forth in the Schedules;

d. furnish a notice of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

e. file with the Court  a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within ten (10) days of service;

f. docket all claims received, maintain the official claims register (the "**Claims Register**") for the Debtors on behalf of the Court;

g. specify, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.);

h. record all transfers of claims and provide any notices of such transfers required by Rule 3001 of the Federal Rules of Bankruptcy Procedure;

i. make changes in the Claims Registers pursuant to Court Order;

j. maintain the official mailing list for the Debtors of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Court;

k. assist with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of plan(s) of reorganization;

l. thirty (30) days prior to the close of these chapter 11 cases, an Order dismissing GCG shall be submitted terminating the services of GCG upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases; and

m. at the close of the chapter 11 cases, box and transport all original documents in proper format, as provided by the Court, to the Federal Records Center; and it is further

**ORDERED,** that GCG is authorized to take such other action to comply with all duties set forth in the application; and it is further

**ORDERED,** that the Debtors are authorized to compensate GCG on a monthly basis, in accordance with the Agency Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by GCG in the prior month and the rates charged for each, and to reimburse GCG for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation; and it is further

**ORDERED,** if these Chapter 11 Cases convert to cases under Chapter 7, GCG will continue to be paid for its services until the claims filed in the Chapter 11 Cases have been completely processed; if claims agent representation is necessary in the converted chapter 7 cases, GCG will continue to be paid in accordance with 28 U.S.C. §156(c) under the terms set out herein; and it is further

**ORDERED,** that in the event GCG is unable to provide the services set out in this order, GCG will immediately notify the Court and the Debtors' attorney and cause to have all

original proofs of claim and computer information turned over to another claims agent with the

advice and consent of the Court and Debtors' attorney; and it is further

        **ORDERED**, that the Debtors are granted a waiver of the requirement, under

Local Bankruptcy Rule 9013-1(b), that a memorandum of law be submitted.

Dated: New York, New York
       ***June 25, 2009***

                                 ***/s/ Robert E. Gerber***
                                United States Bankruptcy Judge