**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORPORATION, *et al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |

**FINAL ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363 AND FED. R. BANKR. P. 2002, 4001 AND 9014 GRANTING ADEQUATE PROTECTION TO TERM LOAN SECURED PARTIES**

**("FINAL TERM LOAN ADEQUATE PROTECTION ORDER")**

Upon the motion, dated June 1, 2009 (the "Motion"), of General Motors Corporation (the "Company") and its affiliated debtors, each as debtor and debtor-in-possession (collectively, the "Debtors") in the above-captioned case (the "Cases") for interim and final orders under sections 105, 361, 362, 363(c) and 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), seeking, inter alia:

(I) to provide adequate protection to the Secured Parties,[2] (collectively, the "Term Loan Secured Parties") under the Term Loan Agreement dated as of November 29, 2006 (as amended, supplemented or otherwise modified, the "Term Loan Facility") among the Company, Saturn, LLC, as a guarantor, JPMorgan Chase Bank, N.A., as administrative agent for the lenders thereunder (in such capacity, the "Term Loan Agent"), Credit Suisse Securities (USA) LLC, as syndication agent and the banks

---

[1] The Debtors in these cases include: the Company, Saturn, LLC, Saturn Distribution Corporation, and Chevrolet-Saturn of Harlem, Inc.

[2] Defined terms used in this order and not otherwise defined have the meaning given to such term in the Loan Documents, as such term is defined in the Term Loan Facility.

DB1/63117116.5

and other financial institutions party thereto as lenders pursuant to sections 361, 362 and 363 of the Bankruptcy Code as a result of the use of the Prepetition Collateral (as defined below);

(II)    the waiver by the Debtors of any right to surcharge the Collateral (as defined in paragraph 5 below) pursuant to section 506(c) of the Bankruptcy Code; and

(III)    to schedule, pursuant to Bankruptcy Rule 4001, a final hearing (the "Final Hearing") for this Court to consider entry of this final order (the "Final Order") approving the relief requested in the Motion to become effective pursuant to the Final Order.

The interim hearing having been held by this Court on June 1, 2009 (the "Interim Hearing"); and this Court having entered an order granting the interim relief requested in the Motion (the "Interim Order"); and the final hearing having been held by this Court on June 25, 2009 (the "Final Hearing"); and all objections to the relief requested in the Motion having been withdrawn, resolved or overruled on the merits by this Court; and upon the record made by the Debtors at the Interim Hearing and the Final Hearing; and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    *Jurisdiction*.  This Court has core jurisdiction over the Cases commenced on June 1, 2009 (the "Petition Date"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. *Notice*. Due and proper notice of the time and location of the Final Hearing was provided in accordance with the Interim Order. Such notice was adequate and sufficient and no other further notice of the Motion or the Final Hearing need be provided.

3. *Findings Regarding the use of Prepetition Collateral*.

(a) Good cause has been shown for the entry of this Order.

(b) Based on information available to the Court, the Debtors' Obligations are secured by liens granted to the Term Loan Agent on the property of the estates that constitutes Collateral under, and as defined in, the Term Loan Facility (the "Prepetition Collateral").

(c) The terms of the use of the Prepetition Collateral pursuant to this Order are fair and reasonable, reflect the exercise of prudent business judgment by the Debtors consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

(d) The terms of the use of the Prepetition Collateral have been the subject of extensive negotiations conducted in good faith and at arm's length among the Debtors and the Term Loan Agent and pursuant to sections 105, 361, 362 and 363 of the Bankruptcy Code, and the Term Loan Agent and the Term Loan Secured Parties are hereby found to be entities that have acted in "good faith" in connection with the negotiation and entry of this Order.

(e) The Debtors have requested entry of this Order pursuant to Bankruptcy Rule 4001(b)(2). The use of the Collateral in accordance with this Order is in the best interest of the Debtors' estates.

(f) Except as expressly set forth herein, this Order does not address the disposition of any Prepetition Collateral or the proceeds thereof outside the ordinary course of business.

4.   *Entitlement to Adequate Protection.*

As a result of the Debtors' use of the Prepetition Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Term Loan Secured Parties are entitled, pursuant to sections 361, 362 and 363 of the Bankruptcy Code, to adequate protection of their interests in the Prepetition Collateral, in an amount equal to the aggregate diminution in value of the Prepetition Collateral, including without limitation, any such diminution resulting from the sale, lease or use by the Debtors (or other decline in value) of the Prepetition Collateral from and after the Petition Date (the amount of such diminution in value, the "Adequate Protection Obligations").

5.   *Adequate Protection Claims and Liens.*

As adequate protection, the Term Loan Agent and the Term Loan Secured Parties are hereby granted the following claims, liens, rights and benefits:

(a)   Section 507(b) Claim.  The Adequate Protection Obligations due to the Term Loan Secured Parties shall constitute superpriority claims as provided in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including without limitation, sections 326, 328, 330, 331 and 726 of the Bankruptcy Code, and shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor, in any of the Cases or any subsequent proceedings under the Bankruptcy Code (the "Superpriority Claim"), provided that the Superpriority Claim (i) shall not be payable from or have recourse to the proceeds of avoidance actions arising under chapter 5 of the Bankruptcy Code ("Avoidance Actions"), (ii) shall be subject and subordinate only to the Carve-Out, as defined below, and any superpriority claims granted to the DIP Lenders, as defined in and pursuant to the Court's order

authorizing the Debtors to obtain post petition financing (the "DIP Order"), and (iii) shall be *pari passu* with any adequate protection superpriority claim granted in favor of any other adequate protection claims (collectively, the "Adequate Protection Claims"), including any adequate protection claim granted in connection with (x) the Amended and Restated Credit Agreement, dated as of July 20, 2006 among the Company, General Motors of Canada Limited, Saturn, LLC, Citicorp USA, Inc., as administrative agent for the lenders thereunder (in such capacity, the "Revolver Agent") and the banks and other financial institutions party thereto, and (y) the U.S. Treasury Loan Agreement.

    (b)    Adequate Protection Liens. As security for any Adequate Protection Obligations that may be owing to the Term Loan Secured Parties, effective and perfected as of the Petition Date, the following security interests and liens are hereby granted to the Term Loan Agent, for its own benefit and the benefit of the Term Loan Secured Parties (all property identified in clauses (i) through (iii) below, other than the exceptions set forth therein, being collectively referred to as the "Collateral"), subject only to the Carve-Out (all such liens and security interests granted to the Term Loan Agent, for its benefit and for the benefit of the Term Loan Secured Parties pursuant to this Order, the "Term Loan Adequate Protection Liens"):

    (i)    First Priority Lien on Certain Property. A valid, binding, continuing, enforceable fully perfected lien on, and security interest in, all postpetition property (excluding Avoidance Actions) of the Debtors which, but for the commencement of the Cases, would constitute Prepetition Collateral.

    (ii)    Lien On Unencumbered Property. A valid, binding, continuing, enforceable, fully-perfected first lien on, and security interest in, all tangible and intangible property (excluding Avoidance Actions), other than property set forth

in (i) above, whether existing on or as of the Petition Date or thereafter acquired, that is not subject to valid, perfected, non-avoidable and enforceable liens in existence on or as of the Petition Date, <u>provided</u> that, the lien granted pursuant to this paragraph (i) shall be immediately junior to any lien granted to the DIP Lenders, as defined in and pursuant to the DIP Order, and (ii) shall be *pari passu* with any adequate protection liens granted to secure Adequate Protection Claims.

(iii)    <u>Liens Junior To Certain Existing Liens</u>.  A valid, binding, continuing, enforceable, fully-perfected junior lien on, and security interest in all tangible and intangible prepetition and postpetition property (excluding Avoidance Actions) of the Debtors whether now existing or hereafter acquired, that is subject to valid, perfected and unavoidable liens in existence immediately prior to the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code, <u>provided</u> <u>that</u> the lien granted pursuant to this paragraph shall also be subject and junior to any lien granted to the DIP Lenders, as defined in and pursuant to the DIP Order, and shall be *pari passu* with any adequate protection liens granted to secure adequate protection obligations in favor of the Revolver Lenders or to secure adequate protection obligations granted in favor of the secured parties under the U.S. Treasury Loan Agreement.

(iv)    <u>Liens Senior To Certain Other Liens</u>.  Except as set forth herein, the Term Loan Adequate Protection Liens shall not be (i) subject or subordinate to (A) any lien or security interest that is avoided and preserved for the benefit of

any of the Debtors and their respective estates under section 551 of the Bankruptcy Code or (B) except to the extent otherwise required by law, any liens arising after the Petition Date, including without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of any of the Debtors, or (ii) subordinated to or made *pari passu* with any other lien or security interest granted under sections 363 or 364 of the Bankruptcy Code or otherwise.  Notwithstanding the foregoing, the Term Loan Adequate Protection Liens shall be subject and subordinate to duly perfected, non voidable, valid liens of governmental units for personal property taxes, real property taxes, special taxes, special assessments, and infrastructure improvement taxes arising after the Petition Date to the extent that such liens of governmental units take priority over previously granted and perfected consensual liens or security interests in property of the Debtors under applicable non-bankruptcy law.  Further, notwithstanding anything in this Order to the contrary, the Term Loan Secured Parties shall not have a lien on the Debtors' leasehold interests in (i) the real property located at and commonly known as 301 Freedom Drive, City of Roanoke, Denton County, Texas or (ii) the real property located at and commonly known as 475 Brannan Street, City and County of San Francisco, California.

(v) Nothing in this Order or the Interim Order shall in any way impair the right of any claimant with respect to any alleged reclamation right or impair the ability of a claimant to seek adequate protection with respect to any alleged reclamation right.  Provided, however, that nothing in this Order or the Interim

Order shall prejudice any rights, defenses, objections or counterclaims that the Debtors, the DIP Lenders (as defined in and pursuant to the DIP Order), the Revolver Agent, the Term Loan Agent, any Committee or other party in interest may have with respect to such asserted liens or rights, or with respect to any claim for adequate protection.

For purposes hereof, the "Carve-Out" shall have the same meaning as provided in the DIP Order, and nothing in this Order shall impair the right of any party to object to the reasonableness of any such fees or expenses to be paid by the Debtors' estates.  Notwithstanding anything herein to the contrary, the Carve-Out shall not apply to any Collateral proceeds or other amounts paid to the Term Loan Agent for itself or for the benefit of the Term Loan Secured Parties pursuant to the terms of this or any other order and all proceeds and other amounts shall be paid free and clear of the Carve-Out.

(c)    Current Payment of Interest, Fees, etc.  On account of the Adequate Protection Obligations, the Debtors shall pay to the Term Loan Agent for the benefit of the Term Loan Secured Parties current interest on all outstanding Obligations (including any interest accrued but unpaid prior to the Petition Date) calculated at the non-default rates (excluding the right to select Eurodollar options after the Petition Date) and in the manner set forth in the Term Loan Facility.  Such interest and fees shall be payable monthly on the last business day of each month and on the Termination Date (as defined below).  Notwithstanding anything herein to the contrary, if and only if the Obligations shall not have been indefeasibly paid in full, without taking into account any default rate of interest, and in cash on or before 45 days after the Petition Date, then the Term Loan Secured Parties' right at any time to seek payment of interest as of the Petition Date at the default rate set forth in Section 2.09(d) of the Term Loan Facility shall be

fully preserved. Nothing in this Order shall constitute a finding that the actual amount of Adequate Protection Obligations shall equal the payments required to be paid under this paragraph 5(c).

(d) <u>Reimbursement</u>. The Debtors are authorized and directed, within 10 days of submission of invoices therefor (which invoices shall be concurrently provided to the US Trustee and any Committee), to pay or reimburse all pre or post Petition Date reasonable fees, costs and charges incurred by the Term Loan Agent (including, without limitation, the reasonable fees and out-of-pocket disbursements of counsel to the Term Loan Agent), in accordance with the terms and provisions of the Term Loan Facility, in each case, in connection with matters relating to this Order and the monitoring of the Cases or the enforcement and protection of the rights and interests of the Term Loan Agent in respect of the Adequate Protection Obligations and the Obligations. None of the fees, costs and expenses payable pursuant to this paragraph shall be subject to separate approval by this Court (but this Court shall resolve any dispute as to the reasonableness of any such fees, costs and expenses), and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto.

(e) <u>Maintenance of Adequate Insurance</u>. Debtors shall maintain insurance on the Pre-Petition Collateral in accordance with Section 4.02 of the Collateral Agreement dated as of November 29, 2006 between certain of the Debtors and the Term Loan Agent.

6. *Termination*. The Term Loan Secured Parties' agreement that the provisions set forth in paragraph 5 of this order constitute adequate protection shall terminate (the date of any such termination, the "<u>Termination Date</u>") upon 5 business days' written notice (the "<u>Notice</u>") to the Debtors (with a copy to counsel for any Committee, the United States Treasury and the

United States Trustee) after the occurrence and continuance of any of the following events (the "Events of Default") beyond any applicable grace period set forth below:

(a) Failure of the Debtors to make any payment to the Term Loan Agent or Term Loan Secured Parties as and when required by this Order;

(b) Failure of the Debtors to (i) comply with any material terms of this Order, or (ii) comply with any other covenant or agreement specified in this Order (other than those described in clause (i) above) and such failure to comply with any such other covenant or agreement shall continue unremedied for more than three (3) business days after written notice thereof is received from the Term Loan Agent;

(c) Any of the Cases shall be dismissed or converted to a Chapter 7 case; or a Chapter 11 trustee with plenary powers, or an examiner with enlarged powers relating to the operation of the businesses of the Debtor (powers beyond those set forth in Section 1106(a)(3) and (4) of the Bankruptcy Code) shall be appointed in any of the Cases;

(d) An order shall be entered reversing, amending, supplementing, staying, vacating or otherwise modifying this Order in a manner that the Term Loan Agent reasonably determines to be materially adverse to the interests of the Term Loan Secured Parties;

(e) A filing by any Debtor (or any successors and assigns) of any motion or application or adversary proceeding challenging the validity, enforceability, perfection or priority of the liens securing the Obligations or any other cause of action against and/or with respect to the Obligations, the prepetition liens securing such Obligations, the Term Loan Agent or any of the Term Loan Secured Parties;

(f) Other than payments authorized by the Court and which are set forth in the approved budget, in the form as of the date hereof attached to the DIP Order, any Debtor shall

make any material payment (whether by way of adequate protection or otherwise) of principal or interest or otherwise on account of any pre-petition indebtedness or payables;

(g)     Five business days after the acceleration of the DIP Facility, as defined in the motion to approve the DIP Order;

(h)     Failure of the Debtors to indefeasibly pay in full and in cash the Obligations, without taking into account any interest at the default rate, on or before 45 days after the Petition Date.

The Debtors shall promptly provide Notice to the Term Loan Agent (with a copy to counsel for any Committee, the United States Treasury, and the United States Trustee) of the occurrence of any Event of Default. Notwithstanding clauses (c) and (f) of the foregoing, the Termination Date arising from the occurrence of the events set forth therein shall not occur unless and until the lenders under the DIP Facility, as defined in the Motion, have exercised remedies.

7.     *Limitation On Charging Expenses Against Collateral*. Except to the extent of the Carve-Out, no expenses of administration of the Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Term Loan Agent and Majority Lenders (as defined in the Term Loan Facility) and no such consent shall be implied from any other action, inaction, or acquiescence by the Term Loan Agent and Majority Lenders.

8.     *Payments Free and Clear*. Subject to and effective upon expiration of the Challenge Period, any and all payments or proceeds remitted to the Term Loan Agent on behalf of the Term Loan Secured Parties pursuant to the provisions of this Order or any subsequent

order of this Court shall be received free and clear of any claim, charge, assessment or other liability, including without limitation, any such claim or charge arising out of or based on, directly or indirectly, sections 506(c) (whether asserted or assessed by, through or on behalf of the Debtors) or 552(b) of the Bankruptcy Code.

9. *Reservation of Rights of Term Loan Secured Parties*. This Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Term Loan Secured Parties in the Prepetition Collateral. Except as expressly provided herein, nothing contained in this Order shall impair or modify any rights, claims or defenses available in law or equity to any Term Loan Secured Party, including without limitation, the Term Loan Secured Parties' right to seek further and other adequate protection upon the occurrence of any Event of Default as listed in paragraph 6; provided, that, Debtors shall have the right to object or respond to any such rights, claims or defenses and to any such motion by the Term Loan Secured Parties.

10. *Perfection Of Term Loan Adequate Protection Liens*.

The Term Loan Agent is hereby authorized, but not required, to file or record financing statements, intellectual property filings, mortgages, notices of lien or similar instruments in any jurisdiction, take possession of or control over, or take any other action in order to validate and perfect the liens and security interests granted to it hereunder. Whether or not the Term Loan Agent chooses to file such financing statements, intellectual property filings, mortgages, notices of lien or similar instruments, take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to it hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the Petition Date.

11. *Preservation Of Rights Granted Under The Order.*

(a) Except as set forth herein, no claim or lien having a priority senior to or *pari passu* with those granted by this Order to the Term Loan Agent and the Term Loan Secured Parties shall be granted or allowed while any portion of the Adequate Protection Obligations remain outstanding, and Term Loan Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

(b) If an order dismissing any of the Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (x) the Superpriority Claim and the Term Loan Adequate Protection Liens, shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Adequate Protection Obligations shall have been paid and satisfied in full (and that such Superpriority Claim and the Term Loan Adequate Protection Liens shall, notwithstanding such dismissal, remain binding on all parties in interest) and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (x) above.

(c) Except as expressly provided in this Order or in the Loan Documents, the Adequate Protection Obligations, the Superpriority Claim and all other rights and remedies of the Term Loan Agent, and the Term Loan Secured Parties granted by the provisions of this Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Cases to a case under chapter 7 of the Bankruptcy Code, dismissing any of the Cases or by any other act or omission, or (ii) the entry of an order confirming a plan of

reorganization in any of the Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to any remaining Adequate Protection Obligations. The terms and provisions of this Order shall continue in the Cases or in any superseding chapter 7 case under the Bankruptcy Code, and the Term Loan Adequate Protection Liens, the Superpriority Claim and all other rights and remedies of the Term Loan Agent and the Term Loan Secured Parties granted by the provisions of this Order shall continue in full force and effect until all Adequate Protection Obligations are indefeasibly paid in full in cash.

12. *Limitation On Use Of Proceeds and Products of Prepetition Collateral*. Notwithstanding anything herein or in any other order of this Court to the contrary, no Collateral, Prepetition Collateral or the Carve-Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount due under the Loan Documents, or the liens or claims granted under this Order or the Loan Documents, (b) assert any claims and defenses or any other causes of action against the Term Loan Agent and the Term Loan Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) seek to modify any of the rights granted to the Term Loan Agent and the Term Loan Secured Parties hereunder or under the Loan Documents, in the case of each of the foregoing clauses (a) through (c), without such party's prior written consent. The foregoing restrictions of this paragraph 12 shall be of no force or effect if the Obligations (including the Adequate Protection Obligations), but excluding any fees, charges or other expenses (including legal and advisor fees) that may accrue after the Petition Date, shall have been paid in full in cash.

13. *Order Governs*. In the event of any inconsistency between the provisions of this Order or any other order of the Court in the Cases, the provisions of this Order shall govern.

14. *Binding Effect; Successors And Assigns*. The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in the Cases, including without limitation, the Term Loan Agent, and the Term Loan Secured Parties, any Committee, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for any of the estates of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any Debtor or with respect to the property of the estate of any Debtor) and shall inure to the benefit of the Term Loan Agent, the Term Loan Secured Parties and the Debtors and their respective successors and assigns.

15. *Limitation of Liability*. In exercising any rights or remedies as and when permitted pursuant to this Order or the Loan Documents, the Term Loan Agent and the Term Loan Secured Parties shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors, so long as the actions of such Term Loan Agent or Term Loan Secured Parties do not constitute, within the meaning of 42 U.S.C. §§ 9601(20)(F), actual participation in the management or operational affairs of a vessel or facility owned or operated by a Debtor, or otherwise cause liability to arise to the federal or state government or the status of responsible person or managing agent to exist under applicable law (as such terms, or any similar terms, are used in the Comprehensive Environmental Response, Compensation and Liability Act, sections 9601 et seq. of title 42, United States Code, as amended, or any similar federal or state statute). Furthermore, nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon the Term Loan Agent or any of the Term Loan Secured Parties any liability for any claims arising from the pre-petition or post-petition

activities of any of the Debtors and their affiliates (as defined in section 101(2) of the Bankruptcy Code).

16.  *No Impact on Certain Contracts/Transactions*.  No rights of any entity under sections 555, 556, 559, 560 and 561 of the Bankruptcy Code shall be affected by the entry of this Order as to any contract or transaction of the kind listed in such sections of the Bankruptcy Code.

17.  *Investigation of Liens Securing Prepetition Collateral*.  Effective upon entry of this Order, the Debtors (on behalf of their estates) and any successor thereto release the Term Loan Agent and the Term Loan Secured Parties and each of their directors, officers, appointees, counsel, advisors and employees serving in any capacity or function, including as a fiduciary, agents, advisors, shareholders, subsidiaries, affiliates, heirs, executors, administrators, attorneys, advisors, successors and assigns from, against and with respect to any and all actual or potential demands, claims, actions, causes of action (including derivative causes of action), suits, assessments, liabilities, losses, costs, damages, penalties, fees, charges, expenses and all other forms of liability whatsoever, in law or equity, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising under the Bankruptcy Code, state law or otherwise, now existing or hereafter arising, directly or indirectly related to the Term Loan Facility and any and all dealings between the Term Loan Agent and/or any Term Loan Secured Party in connection with the Term Loan Facility, <u>provided</u>, <u>however</u>, that such release shall not apply to the Committee with respect only to the perfection of first priority liens of the Term Loan Agent or any Term Loan Secured Party (the "<u>Reserved Claims</u>").  The Committee shall have the authority to both investigate the Reserved Claims and bring actions based upon the Reserved Claims against the Term Loan Agent or any Term Loan Secured Party not later than July 31, 2009 (the "<u>Challenge Period</u>"), <u>provided</u>, that upon the filing of any adversary proceeding

prosecuting any Reserved Claim, the Challenge Period shall be extended with respect to such adversary proceeding through and until a court of competent jurisdiction dismisses such adversary proceeding. The Term Loan Agent and any Term Loan Secured Party accepting payment of the Obligations shall submit to the jurisdiction of the Bankruptcy Court, it being understood that the respective administrative and collateral agents for the Term Loan Facility shall have no responsibility or liability for amounts paid to any Term Loan Secured Party and such agents shall be exculpated for any and all such liabilities, excluding only such funds as are retained by each such agent solely in its respective role as a lender.

18. *No Waiver*. Nothing in this Order shall be deemed to alter, amend, release or waive any obligations of any non-Debtor affiliate under the Term Loan Facility and documents related thereto.

19. *Effectiveness*. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof, and there shall be no stay of execution of effectiveness of this Order. This Order supersedes the Interim Order and shall be effective as of the Petition Date.

Dated: **_June 25, 2009_**
New York, New York

*/s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE