David A. Rosenzweig
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York  10103
Telephone:    (212) 318-3000
Facsimile:    (212) 318-3400
and
Sharon M. Beausoleil
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:    (713) 651-5381
Facsimile:    (713) 651-5246

Objection Date:  June 15, 2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORPORATION, *et al.*, | Case Nos. 09-50026 (REG) |
| Debtor. | (Jointly Administered) |

**PENNZOIL-QUAKER STATE COMPANY DBA SOPUS PRODUCTS' LIMITED OBJECTION TO THE NOTICES OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE <u>AMOUNTS RELATED THERETO</u>**

Pennzoil-Quaker State Company dba SOPUS Products ("SOPUS Products"), hereby files this limited objection ("Limited Objection") to the Notice dated June 15, 2009, of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notices") and in support thereof states as follows:

75787123.1

## BACKGROUND

1. On June 1, 2009, General Motors Corporation ("GM") and certain of its subsidiaries (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. SOPUS Products[1] is the counterparty to several contracts with GM for the supply of lubricant products (collectively, the "SOPUS Products Contracts").

## THE SALE MOTION

3. On June 1, 2009, the Debtors filed their Motion to Approve the Sale of the Purchased Assets and the Assumption and Assignment of the Purchased Assets, dated June 1, 2009 (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors propose to sell certain assets under the proposed Master Sale and Purchase Agreement (the "MPA") and related agreements among the Debtors to Vehicle Acquisition Holdings LLC (the "Purchaser") sponsored by the United States Department of the Treasury. The Sale Motion also provides for the Debtors to assume and assign various executory contracts and unexpired leases (the "Assumable Executory Contracts").

4. On June 2, 2009, the Court entered an order (the "Order") setting the sale hearing for June 30, 2009 at 9:45 a.m. (the "Sale Hearing"). The Order provides for the Debtors to give notice of the Sale Hearing. The Order provides that the Debtors will give non-Debtor counterparties to the Assumable Executory Contracts, notice of such assumption and assignment and the proposed cure amount within three days after entry of the Order. Order at ¶9(c).

---

[1] SOPUS Products (DUNS Number 004294737) is the correct counterparty to GM under the contracts. Any interest in the commercial contracts for the purchase of lubricants was transferred from Equilon Enterprises LLC dba Shell Oil Products US, an affiliate of SOPUS Products, to SOPUS Products on July 1, 2003. However, in GM's internal systems, Equilon Enterprises LLC dba Shell Oil Products US is still listed as the entity associated with DUNS Number 004294737.

5. The Order further provides that any objections to the proposed assumption and assignment of the Assumable Executory Contracts "must be made in writing, filed with the Court, and served on the Objection Deadline Parties … so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice … and must specifically identify in the objection the grounds therefor." Order at ¶10. The Order also states that, if an objection is untimely received, "the Non-Debtor Counterparty shall be deemed to have consented to the assumption and assignment of its respective Assumable Executory Contract and the respective Cure Amount and shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Sellers, their estates, or the Purchaser." Id.

6. SOPUS Products never received the Notice dated June 15, 2009. SOPUS Products requested that the Notice be sent to the correct address for SOPUS Products, and was informed by the GM Call Center that a second notice dated June 23, 2009, was mailed to the corrected address. As of the filing of this pleading, SOPUS Products has not received the Notice, but obtained the information from debtor's counsel to access the website containing a list of contracts that may be assumed (the "Schedules") on June 23, 2009. When SOPUS Products accessed the website, the Schedules listed Royal Dutch Shell PLC, not SOPUS Products, as the main supplier with the Debtors, and then identified several contracts with various Shell affiliates of SOPUS Products. It appears that GM has used the parent entity of SOPUS Products to track all contracts between various Shell entities and GM in GM's internal system. However, it is unclear from the Schedules to which Shell entity GM plans to pay the Proposed Cure Amount.

7. Because SOPUS Products is the correct counterparty to GM for the SOPUS Products Contracts, SOPUS Products requests that GM make this correction in its systems.

8.  The Schedules also include a proposed cure amount of $1,389,113.56 ("Proposed Cure Amount").

9.  The Debtors' Proposed Cure Amount for the SOPUS Products Contracts understate the amounts owed to SOPUS Products.

**OBJECTION**

10. SOPUS Products does <u>not</u> object to the proposed assumption and assignment of the SOPUS Products Contracts, but does object to the listed counterparties and the Proposed Cure Amount.

11. SOPUS Products is the correct counterparty to all contracts that GM's internal system references as being with Equilon Enterprises LLC, Shell Oil Products US and Shell Lubricants. SOPUS Products does not object to the assumption and assignment of those contracts listed in GM's system under Equilon Enterprises LLC, Shell Oil Products US and Shell Lubricants, but does request that GM make the change in its system to reflect the correct counterparty to each of the contracts as being SOPUS Products.

12. SOPUS Products requests more information on the listed contract between GM and Royal Dutch Shell PLC. SOPUS Products shows that this contract has been replaced with a contract between GM and Equilon. SOPUS Products requests that GM reflect that these changes are made in its GM internal systems, and that this contract is also listed as being with SOPUS Products, the correct counterparty.

13. Section 365(b)(1), however, provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ."  11 U.S.C.

75787123.1                                  - 4 -

§ 365(b)(1)(A). Accordingly, the Debtors must cure all amounts owed under the SOPUS Products Contracts in connection with any assumption and assignment.

14. Based on information available at this time, the books and records of SOPUS Products indicate that the Debtors owe SOPUS Products approximately $750,000 in addition to the Proposed Cure Amount through May 31, 2009 (the "Cure Amount") under the SOPUS Products Contracts.[2]

15. The Cure Amount is an estimate based on information gathered on an expedited basis under the time constraints dictated by the speed with which the Debtors' transaction is proceeding.

16. After reviewing the information on the GM website, SOPUS Products contacted GM and has started discussions with GM to resolve the counterparty name and cure issues. Prior to June 1, 2009, SOPUS Products provided supporting documentation to GM for a good portion of the Cure Amount. SOPUS Products and GM have had, and continue to have, discussions regarding the Cure Amount, as the parties work to resolve the cure issues.

17. As indicated above, SOPUS Products is not objecting to the assumption and assignment of the SOPUS Products Contracts, and will continue to work with GM. Because of the objection deadline for the original Notice, SOPUS Products files this Limited Objection to preserve its rights regarding the counterparty name and the Proposed Cure Amount.

18. Because of the volume of transactions, SOPUS Products has not attached a statement of account to this Limited Objection, but will provide supporting documentation to the

---

[2] The Cure Amount is based on (a) amounts invoiced to the Debtors as of the Petition Date, and (b) amounts either invoiced post-petition or not yet due for invoicing, but which relate to services rendered in the pre-petition period.

appropriate parties.  As such, SOPUS Products reserves all of its rights to supplement and amend the Cure Amount as more information becomes available.

WHEREFORE, for the reasons stated above, SOPUS Products objects to the Debtors' Proposed Cure Amount, requests that GM reflect the correct counterparty on the SOPUS Products Contracts and requests that the Court grant SOPUS Products such other and further relief as deemed just and proper.

Dated: June 25, 2009

> Respectfully submitted,
>
> /s/ *David A. Rosenzweig*
> David A. Rosenzweig
> FULBRIGHT & JAWORSKI L.L.P.
> 666 Fifth Avenue
> New York, New York  10128
> Telephone:    (212) 318-3000
> Facsimile:    (212) 318-3400
> and
> Sharon M. Beausoleil
> FULBRIGHT & JAWORSKI L.L.P.
> Fulbright Tower
> 1301 McKinney, Suite 5100
> Houston, Texas 77010
> Telephone:    (713) 651-5381
> Facsimile:    (713) 651-5246
>
> **Attorneys for Pennzoil-Quaker State Company dba SOPUS Products**

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing limited objection to the Notices dated June 15, 2009 and June 23, 2009 of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, was filed electronically via the ECF system with copies also mailed by regular first class mail through the U.S. postal service on this 25th day of June 2009, to:

H.R. Miller, Esq., S. Karotkin, Esq.
J.H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
*Counsel to the Debtors*

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
MailCode 480-206-114

M. Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, D.C. 20220

J.J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
*Counsel to the Purchaser*

G.Z. Novod, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
*Counsel to the Creditors Committee*

M.J. Edelman, Esq., M.L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
*Counsel to Export Development Canada*

D.G. Adams, Esq.
Office of the United States Trustee, SDNY
33 Whitehall Street
21st Floor
New York, New York 10004

/s/ *David A. Rosenzweig*
David A. Rosenzweig