**PORZIO BROMBERG & NEWMAN P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
-and-
156 West 56th St.
New York, NY 10019

Attorneys Appearing:  John S. Mairo (JM-0670)
                     Robert M. Schechter (RS-0601)

Attorneys for CAG Holding AG, Raufoss Automotive Components Canada and Raufoss Technology AS

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>Debtors. | Case No.: 09-50026 (REG)<br><br>Chapter 11<br><br>(Jointly Administered) |

### LIMITED OBJECTION OF CAG HOLDING AG, RAUFOSS AUTOMOTIVE COMPONENTS CANADA AND RAUFOSS TECHNOLOGY AS TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO

CAG Holding AG ("CAG"), Raufoss Automotive Components Canada ("RACC") and Raufoss Technology AS ("RT," together with CAG and RACC, "Raufoss") hereby submit this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, served upon Raufoss by the Debtors (collectively, the "Assumption and Assignment Notice") pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase

Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order," docket no. 274).

## BACKGROUND

1. On June 1, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On June 2, 2009, this Court entered the Sale Procedures Order, which includes procedures for the Debtors' assumption and assignment of executory contracts as well as a process by which disputes regarding amounts necessary to cure defaults under the assumed contracts (each a "Cure Amount" and collectively, the "Cure Amounts") are to be resolved.

3. On June 15, 2009, Raufoss' counsel contacted the supplier information call center established by the Debtors (the "Call Center") to inquire about the status of Raufoss' Assumption and Assignment Notice, if any. The Call Center advised Raufoss' counsel that as of June 15, 2009, no Assumption and Assignment Notice had been sent to Raufoss.

4. On June 19 2009, Raufoss received the Assumption and Assignment Notice referring to a website (the "Contract Website") which the notice states will display the identities and proposed cure amounts, if any, for the Assumable Executory Contracts (as defined in the Assumption and Assignment Notice). The Assumption and Assignment Notice is attached hereto as **Exhibit A**.

5. Pursuant to the Sale Procedures Order and Assumption and Assignment Notice, objections to proposed assumptions and assignments, including objections to Cure

1292642

Amounts, must be made in writing and filed with the Bankruptcy Court so as to be received no later than (10) days of the Assumption and Assignment Notice.

## LIMITED OBJECTION

6. Raufoss does not object *per se* to the assumption and assignment of its executory contracts with the Debtors (the "Assumable Raufoss Contracts"). However, according to the Contract Website, the Cure Amount under the Assumable Raufoss Contracts is scheduled as $974,339.16.

7. Raufoss objects to the Debtors proposed assumption and assignment of the Assumable Raufoss Contracts on the basis that the actual amount that must be paid by the Debtors to cure all prepetition defaults under the Assumable Raufoss Contracts in accordance with section 365(b) of the Bankruptcy Code amounts to $1,176,796.87 (USD) and $465,078.22 (EUR) for RACC, plus $1,503,732 (NOK) for RT.[1] Spreadsheets identifying Raufoss' unpaid prepetition invoices are attached hereto as **Exhibit B**.

8. Notwithstanding its Limited Objection, Raufoss fully intends to work with the Debtors to consensually resolve any discrepancies in accordance with the procedures set forth in the Sale Procedures Order.

9. Raufoss reserves the right (i) to amend, supplement, or otherwise modify this Limited Objection and all attachments hereto as necessary or proper, and (ii) to raise such other and further objections to any proposed assumption and assignment, and/or Cure Amount, with respect to the proposed assumption and assignment of the Assumable Raufoss Contracts.

## CONCLUSION

Due to the foregoing, Raufoss respectfully requests that the Court require the Debtors to pay Raufoss in full to cure all defaults under the Assumable Raufoss Contracts as a condition to

---

[1] Raufoss, as noted in paragraph 9, reserves its right to modify its cure amount(s). Raufoss is currently working with the Debtors to reach an agreement on what is owed under the Assumable Raufoss Contracts.

1292642

3

the assumption and assignment of the Assumable Raufoss Contracts and grant such other and further relief as the Court may deem proper.

           **PORZIO BROMBERG & NEWMAN P.C.**
           Attorneys for CAG Holding AG, Raufoss Automotive
           Components Canada and Raufoss Technology AS

           By   /s/ John S. Mairo
                  John S. Mairo

Dated:   Morristown, New Jersey
           June 24, 2009

1292642