INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP
David G. Ebert
250 Park Avenue, 6th Floor
New York, NY 10177
Tel: (212) 907-9600
Fax: (212) 907-9681

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              :
                                                    :   Chapter 11
GENERAL MOTORS CORP., et al.,                       :
                                                    :   Case No. 09-50026 (REG)
                        Debtors.                    :
                                                    :   (Jointly Administered)
                                                    :
                                                    :
                                                    :
------------------------------------------------------------X

**LIMITED OBJECTION OF SHEPARDSON STERN & KAMINSKY, LLC TO
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

Shepardson Stern & Kaminsky, LLC ("SS&K"), by its attorneys Ingram Yuzek Gainen Carroll & Bertolotti, LLP, hereby submits this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (II) Cure Amounts Related Thereto (the "Notice") served upon it by the debtors and debtors-in-possession (collectively, the "Debtors") in accordance with the Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid

323817.1/00718-0001

Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Bidding Procedures Order"). In support of this Limited Objection, SS&K states as follows:

## BACKGROUND

1. On June 1, 2009, Debtors filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The Debtors are currently managing their properties and operating their businesses as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered the Bidding Procedures Order approving the Debtors' bidding procedures, which includes approval of procedures regarding Debtors' assumption and assignment of executory contracts. [Docket No. 274]

3. Pursuant to the Bidding Procedures Order, the Debtors mailed an Assumption Notice to SS&K dated June 15, 2009.

4. The Debtors are parties to an executory contract with SS&K, which the Debtors' propose to assume (the "Contract").

5. In the Notice, the Debtors state that they maintain a secure website containing information about the Contract, including the Debtors proposed amount to be paid to cure all pre-petition defaults (the "Cure Amount") under the Contract. With the Notice, SS&K received instructions to access information about the cure amount for the Contract, which directed SS&K to log onto www.contractnotices.com (the "Website") by using the provided User ID and Password.

6. SS&K attempted to access information pertaining to the Contract and the proposed Cure Amount on multiple occasions since receiving the Notice. However, the website does not contain any information identifying the Contract to which the Notice refers, nor does it

list the Cure Amount. The only information contained on the website is a Row ID No. (5716-01060557), the Supplier Name (SS&K), and the number of contracts (1). The "GM Contract ID," "Vendor ID," "Contract Type," "Contract Name/Description," and "Business Unit/Department" fields are either blank or marked as not applicable (N/A). The "Contract Status" is marked as "Noticed."

7.    Upon learning that no Cure Amount was listed on the Website, SS&K, through its attorneys, made many attempts to procure this information. Initially, SS&K contacted the call center identified in the Notice and was informed that the Website was being updated on an ongoing basis. Based on these representations, SS&K logged onto the Website multiple times a day to access the information, and waited to file any objection. After several days, SS&K again contacted the call center and, on June 23, 2009, SS&K requested that an issue report be filed. At that time, the call center representative stated that it would take 1-2 days to receive a response. SS&K continued to check the website, and then contacted the call center again on June 25, 2009, but to no avail. To date, SS&K does not have sufficient information pertaining to the identification of the Contract and/or the Cure Amount.

8.    The Notice provides that any objections to the Notice must be filed with the Court "so as to be received no later than ten (10) days after the date of this Notice" (the "Objection Deadline"). Because of the pending Objection Deadline, SS&K now files this Limited Objection to preserve its rights with respect to the Contract and the outstanding balances that it believes ought to be included in the Cure Amount.

9.    SS&K does not object *per se* to the assumption and assignment of any contract(s) it has with the Debtors, but only objects to the extent that the Cure Amount is not provided and,

323817.1/00718-0001                                3

thus, SS&K cannot determine whether the Cure Amount, once provided, is an accurate reflection of the outstanding pre-petition defaults under the Contract.

10. Section 365 of the Bankruptcy Code places on the Debtors the burden of providing suppliers with sufficient information to ascertain which contracts the Debtors intend to assume, and to calculate the corresponding Cure Amounts accurately. Further, before the contracts may be assumed or assigned, the Debtors must first cure, or provide adequate assurance that they will promptly cure, all defaults incident to the assumed executory contracts.

11. SS&K objects, on this limited basis, to the assumption or assignment of the Contract for any Cure Amount that is less than the full amount which remains unpaid as of the date of assumption. To the extent that SS&K has provided post-petition services to the Debtors, SS&K reserves its rights to payment in full of all such post-petition cure amounts.

12. In accordance with the foregoing, SS&K reserves all rights to (a) object to the Assumption and Assignment Procedures; (b) amend, supplement and/or withdraw this Limited Objection; (c) object to the proposed assumption and assignment of the Contract, if necessary; (d) object to the proposed Cure Amount, when and if provided; (e) receive payment in full of all post-petition cure amounts that are currently or may in the future become due; and (f) assert all of their rights and remedies against the Debtors.

13. Because this Objection does not present any novel issues of law, and the statutory provisions and authorities relied upon are set forth herein, SS&K requests that the Court deem satisfied or, alternatively, waive the requirement to file a separate memorandum of law, as set forth in Local Rule 9013-1(a).

## **REQUEST FOR RELIEF**

SS&K respectfully requests that this Court enter an Order (a) sustaining this Limited Objection; (b) conditioning the Debtors' ability to assume or assign any contract(s) between the Debtors and SS&K on the proper identification of the contract(s) and Cure Amount(s); (c) affording SS&K an opportunity to object to the Cure Amount, once identified; and (d) awarding SS&K such other and further relief that this Court deems appropriate.

Dated: New York, New York
June 25, 2009

                                                **INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP**

                                                By: _____
                                                   David G. Ebert (4078)
                                                Attorneys for Supplier, SS&K
                                                250 Park Avenue – 6th Floor
                                                New York, New York 10177
                                                (212) 907-9600