Andrea Fischer, Esq.
Olshan Grunman Frome
Rosenzweig & Wolosky LLP
65 East 55th Street
New York, NY 10022
(212) 451-2300

and

Tiffany Strelow Cobb (*pro hac vice* admission pending)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-8322

*Counsel for The Sherwin-Williams Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : |
| | : |
| | : Chapter 11 |
| GENERAL MOTORS CORP., et al., | : Case No. 09-50026 (REG) |
| | : Jointly Administered |
| Debtors. | : |
| | : |

**LIMITED OBJECTION OF THE SHERWIN-WILLIAMS COMPANY TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROEPRTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

The Sherwin-Williams Company ("Sherwin-Williams"), by and through its undersigned counsel, hereby files this Limited Objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts

Related Thereto (the "Notice").  In support of its Limited Objection, Sherwin-Williams respectfully states:

**Background**

1. On June 1, 2009 (the "Petition Date"), General Motors Corp. and three of its domestic direct and indirect subsidiaries (collectively, "GM") filed voluntary petitions for bankruptcy relief under Chapter 11 of the Bankruptcy Code.

2. Sherwin-Williams is one of the world's largest manufacturers of coatings for metals, plastics, and other materials.  Sherwin-Williams is a supplier to GM pursuant to several contracts.

3. On June 2, 2009, this Court entered its Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Dkt. No. 274) (the "Order").  The Order approved certain procedures (the "Contract Procedures") that govern the assumption and assignment of contracts in connection with the sale of certain of GM's assets to Vehicle Acquisition Holdings LLC or another purchaser ("Purchaser").  Among its many provisions, the Order requires GM to provide notice, via a secure website (the "Contract Website"), to nondebtor counterparties to contracts with GM of the proposed cure amount on any contracts they have with GM that GM or the Purchaser could seek to assume.  Order at 9.

4. Under the Order and the Contract Procedures, any nondebtor counterparty with an objection to GM's proposed assumption and assignment of its contracts to Purchaser must file an objection on or within 10 days of the date of the Notice. Order at 10.

5. From reviewing other objections filed in this case, Sherwin-Williams is aware that the amounts on the Contract Website have sometimes fluctuated following the mailing of a Notice to a nondebtor counterparty to a contract.

6. On or about June 15, 2009, GM sent a copy of the Notice, along with a User ID and Password for the Contract Website, to Sherwin-Williams.

7. The Contract Website lists eight of Sherwin-Williams' contracts with GM (the "Eight Contracts") as potentially assumable. The aggregate cure amount listed for the Eight Contracts on the Contract Website as of June 23, 2009 is $1,590.20 (the "Listed Cure Amount"). The Listed Cure Amount is incorrect.

8. Sherwin-Williams' business records reflect a higher cure amount than the Listed Cure Amount.

**Limited Objection**

9. The Listed Cure Amount is incorrect and must be modified to comport with Sherwin-Williams' business records.

10. Sherwin-Williams further objects to any fluctuation in the Listed Cure Amount without the mailing of an additional written notice to Sherwin-Williams and an additional ten-day objection period. Such fluctuation between the date of the Notice and the objection deadline, without additional notice to Sherwin-Williams, violates the Order. The Order requires the Contract Website to contain the cure amount for each Assumable Executory Contract. Order at 9. The Notice, the form of which the Order approved, permits additional

3

contracts to be designated as Assumable Executory Contracts "by providing notice to the affected Non-Debtor Counterparties." Notice at ¶ 13. Silently updating a list of contracts contained on a private website is not "notice." Indeed, the Contract Website does not offer a counterparty the option of receiving automated notices when information is updated and changed. It is critically important for counterparties to receive notice when contracts are added to the list, because the list proposes a cure amount for each contract—an amount that the Notice deems the counterparty to have accepted unless the counterparty objects prior to the deadline. Notice at ¶ 12. While Sherwin-Williams appreciates that GM's additions to the list of contracts are an attempt at accuracy in a task which is difficult to perform quickly and accurately, the Order does not – and cannot – require counterparties to reconcile and object to a moving target, especially one which may continue to fluctuate up to the eve of (let alone beyond) the objection deadline, when the Notice requires objections to be received by parties in multiple cities by that objection deadline. Therefore, Sherwin-Williams files this protective, Limited Objection while GM and Sherwin-Williams continue to reconcile the figures to an accurate, agreed cure amount.

11.     Other than the foregoing, Sherwin-Williams does not object and, in fact, consents to GM's proposed assumption and assignment of Sherwin-Williams' contracts to the Purchaser and, except as expressly stated herein, to the proposed cure amounts.

## **Conclusion**

12. For the foregoing reasons, Sherwin-Williams files its Limited Objection to the Notice.

Dated: New York, New York
        June 24, 2009

                                OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

                                By:    /s/ Andrea Fischer
                                        Andrea Fischer (AF-2591)
                                        Park Avenue Tower
                                        65 East 55th Street
                                        New York, New York 10022
                                        (212) 451-2300

                                        and

Of counsel:

            Tiffany Strelow Cobb
            Vorys, Sater, Seymour and Pease LLP
            52 E. Gay Street
            P.O. Box 1008
            Columbus, OH 43216-1008
            (614) 464-8322