James M. Sullivan, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for The Timken Company and
Superior Industries International, Inc.

Objection deadline: June 25, by Agreement with Debtors
Hearing date: June 30, 2009 at 9:45 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re

GENERAL MOTORS CORP., *et al*.,

                    Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

---------------------------------------------------------- x

**LIMITED OBJECTION OF THE TIMKEN COMPANY AND SUPERIOR INDUSTRIES INTERNATIONAL, INC. TO APPROVAL OF PROPOSED SALE ORDER**

The Timken Company and Superior Industries International, Inc. (collectively, the "Suppliers"), through their undersigned counsel, hereby submit this limited objection (the "Objection") to the approval of the proposed form of Order (I) Authorizing Sale of Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief [Docket No. 92, Ex. B] (the "Sale Order").

**BACKGROUND**

1. On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

NYC/437440.1

2. On June 1, 2009, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "Sale Motion"). The proposed Sale Order is attached as Exhibit B to the Sale Motion.

3. On June 2, 2009, this Court entered an order [Docket No. 274] (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding the Debtors' assumption and assignment of executory contracts.

4. Pursuant to the Bidding Procedures Order, the Debtors delivered notices dated June 5, 2009 to the Suppliers, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with the Suppliers (the "Assumed Contracts"). In addition, on their Contract Website, the Debtors have identified the amount which they allege is owed under the Assumed Contracts.

**LIMITED OBJECTION**

4. Since the filing of the Sale Motion and the proposed Sale Order, counsel for the Suppliers has been in communication with counsel for the Debtors regarding specific concerns the Suppliers have regarding the Sale Order. Counsel for the Debtors has expressed a willingness to modify the Sale Order to address many of the Suppliers' concerns but has not yet provided the Suppliers with revised language to review. Although the Suppliers' are cautiously optimistic that their concerns will be adequately addressed prior to the hearing on the Sale

Motion, this limited objection is being filed out of an abundance of caution in case the revised language ultimately proposed by the Debtors is not acceptable to the Suppliers.

5. The Suppliers' concerns primarily relate to the section of the Sale Order addressing the assumption and assignment of executory contracts. In particular, the Suppliers have the following concerns with paragraphs 22 and 23 of the Sale Order.

  i. Paragraph 22 defines the Cure Amount in terms of information listed on a secure website maintained by the Debtors. The information on the secure website is updated on a periodic basis and will not be attached to the Sale Order. Thus, the Sale Order should make clear that contract counterparties shall be permitted to dispute the Cure Amount based on changes made to the information on the secure website.

  ii. Paragraphs 22 and 23 discuss the obligation of the Debtors and the Purchaser to pay the cure amounts due as of the closing of the sale rather than the date the contracts are assumed and assigned to the Purchaser. Section 365 of the Bankruptcy Code specifies that the time of the assumption of the contract is what controls. That language should be corrected.

  iii. The Sale Order does not clearly provide for the payment by the Purchaser of all of the Debtors' obligations under the contracts through the date the contracts are assumed and assigned (whether such obligations are in default or not). The Sale Order should make clear that the Purchaser shall be liable for all accrued liabilities arising under and existing as of the time that the executory contracts are assumed by the Debtors and assigned to

- 3 -

the Purchaser pursuant to the Purchase Agreement and the Bid Procedures Order, including all defaults arising thereunder and all obligations that have accrued thereunder but are not then in default.

    **iv.** Paragraph 23 of the Sale Order attempts to enjoin contract counterparties from asserting defenses and setoffs against the Purchaser after the closing of the contracts if such defenses and setoffs existed before the closing. This language should be removed. All such defenses and setoff rights should be preserved as the Purchaser should acquire the contracts "as is". Section 365 of the Bankruptcy Code does not authorize the Purchaser to take such contracts free of such defenses and setoffs. Instead, contract counterparties should be able to defend itself in response to claims that may be asserted against them under the contracts.

6.     An additional concern of the Suppliers relates to reclamation rights. The Suppliers respectfully request that language be added to the Sale Order that makes clear that the Sale Order will not impair reclamation rights. Given the language in paragraph 7 of the Sale Order, which provides for the sale free and clear of interests with such interests attaching to the proceeds, it is doubtful such rights would be impaired. However, out of an abundance of caution, the Supplier requests that language comparable to language included in the DIP financing, cash collateral, and adequate protection orders be included. (See Docket Nos.2529 (¶ 6), 2551 (¶ 6(b)(v)), and 2553 (5(b)(v)), respectively).

WHEREFORE, the Suppliers respectfully request that the Court decline to approve the Sale Order unless and until such time as it is modified to adequately address the concerns raised

- 5 -

in this Limited Objection and granting such other, further, and different relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 25, 2009 | ARENT FOX LLP<br>Attorneys for The Timken Company and<br>Superior Industries International, Inc. |
| | By: _____<br>James M. Sullivan, Esq.<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3900<br>(212) 484-3990 (Fax) |