# MATTHEW H. QUINN, S.C.
(f/k/a Hand & Quinn, S.C)

Attorneys At Law
115Ute Ln.
Estes Park, CO 80517

JOHN B. HAND (1911-1978)
MATTHEW H. QUINN

Telephone (970) 577-0247

---

June 21, 2009

Office of the Clerk
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York
10004-1408

RECEIVED
JUN 25 2009
U.S. BANKRUPTCY COURT, SDNY
REG

Re: General Motors Corp., et al
Case no. 09-50026 (REG)

Dear Clerk,

Enclosed find my motion, objecting to the request for approval of the settlement between GMC and UAW Retirees, et al. Which I Herewith File with the Court.

I have served copies on all counsel as required by the notice. While the notice required response by June 19, 2009, I did not receive it until June 20th when I received it in the mail. I am requesting that my response be accepted as timely per my affidavit enclosed.

I am representing myself.


CC. See list attached

MATTHEW H. QUINN S.C.

*[signature]*

Matthew H. Quinn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: General Motors Corp., et al

                              Chapter 11 case no.
                              09-50026 (REG)
                              Jointly Administered

Debtors.

---

OBJECTION TO DEBTOR'S REQUEST
TO APPROVE THE UAW SETTLEMENT

The creditor, Matthew H. Quinn, herein, represents himself and states as follows:

1. That he resides at 115 Ute Lane, Estes Park, CO 80517,

2. Creditor is an attorney at law, licensed to practice in Wisconsin and Colorado and has been admitted to practice before the Federal court, Eastern District of Wisconsin, and is now semi-retired.

3. Creditor Received the NOTICE OF SALE HEARING in this case on June 20, 2009 at 1:40PM, when it was received at my mail box, which made it impossible for to timely respond.

4. Creditor is the owner of General Motors Corporation, senior notes 7.125%, 7-15-2013, acquired on 10-15-2013, and the interest has not been paid, an d is due and owing. A copy is hereto attached and incorporated as exibit "A".

5. Petitioner is requesting the approval of the agreement with the United Auto Workers (UAW) which based of the information of this Creditor would give a priority to the UAW ahead of the senior bond holders.

6. Creditor believes the senior bonds he holds are prior to the claim of the UAW Retiree Settlement agreement and any claim upon which the agreement is based under the provisions of 11 USC 506.

7. That the UAW Retiree Settlement agreement between GMC and the UAW or it's employees constitutes a Preference under 11 U.S. chapter III, section 547 B(4)(A) or (B) which if allowed would allow the UAW Retirees to obtain a greater share than the otherwise are entitled to.

7. That the U.S. Treasury Department has pressured Petitioner and Counsel to speed up the process in these proceedings at the expense of the rights of the Respondence and creditors.

WHEREFORE, This Creditor requests the Court to:
1. Accept this Objection as timely filed.

2. Require Petitioner to give timely notice to Creditors in the future;

3. Give priority to the debt of Creditor, Matthew H. Quinn over the claims of UAW and UAW Retiree Settlement Agreement.

4. Deny that portion of the Petitioner's request to approve the UAW Retirees Settlement Agreement; and

5. Allow this Creditor the right to participate in any hearing with other similarly situated bondholders.

DATED: 6-20-2009

Matthew H. Quinn
Respondent

Matthew H. Quinn
Attorneys at Law
115 Ute Ln.
Estes Park, CO 80517

E-mail: socols@gmail.com
Telephone: (970) 577-0257

Accounts & Trade > Portfolio > Positions >

## View Lots

Help/Glossary

**Account:** TRADITIONAL IRA (183164054)

**Position**

As of: 06/20/2009, 1:20 AM

| Symbol | Description | Quantity | Closing Mkt Value | Cost | Net Change | Net Change % | Type |
|---|---|---|---|---|---|---|---|
| 370442BS3 | GENERAL MTRS CORP SR NT 7.125% 07/15/2013 MAKE WHO 07/15/2013 | 20,000.0000 | $2,500.00 | $20,868.20c | -$18,368.20 | -88.02% | Cash |

**Open Lots**

The information below is a summary of your open tax lots as of the prior business day's close.

| Date Acquired | Quantity | Cost per Share | Closing Mkt Value | Cost | Net Change | Net Change % | Action |
|---|---|---|---|---|---|---|---|
| 10/23/2003 | 20,000.0000 | $1.04 | $2,500.00 | $20,868.20c | -$18,368.20 | -88.02% | Update Cost |

c - Customer provided Cost. Fidelity is not responsible for its accuracy.

Fidelity provides Cost and associated Net Change ($ and %) information to you as a courtesy service. Retirement account Cost and associated Net Change information should not be used for tax-reporting purposes. Such information is provided to help you estimate and track the change in market value of each position relative to your investments in the security (not including reinvestments of dividends or capital gains). Fidelity makes no warranties with respect to, and specifically disclaims any liability arising out of your use of, or any position taken in reliance upon the Cost information provided herein. Unless otherwise specified, for all securities, Fidelity determines cost at the time of sale using a first-in, first-out (FIFO) methodology.

Fidelity's cost basis information system has a cumulative lifetime limit on how much activity it can track for each individual security position in an account. For this purpose, each buy, sell, dividend, wash sale, disallowed loss, stock split, stock merger, etc., is an event. For some customers, this limit can be reached with approximately 1500 events. Cost basis information for events beyond that limit will usually show as "not available" or "unknown". In addition, any cost basis information shown may be outdated due to events occurring after the limit is exceeded. Once the limit is reached, all cost basis information for the affected position will need to be tracked and updated by the investor. Of course, investors will continue to receive confirms and account statements reflecting current transactions in their accounts. If you are uncertain if you have reached, or are near, the lifetime limit on a particular security position in your account, contact your Fidelity representative for more details.

If specific shares were selected manually rather than electronically, cost basis and gain/loss information displayed will be based on the first-in, first-out (FIFO) calculation method. You will need to refer to your trade confirmation for the lot(s) you selected, and calculate your gain/loss accordingly. In addition, you may need to re-calculate cost basis and gain (loss) information for other positions that were based on the first-in, first-out method to remove the effect of any tax lots that were specifically identified and allocated to other sales.



Copyright 1998–2009 FMR LLC.
All rights reserved.
Terms of Use    Privacy    Security    Site Map

Ex A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
In Re: General Motors Corp., et al

                                      Chapter 11 case no.
                                      09-50026 (REG)
                                      Jointly Administered

Debtors.

------------------------------------------------------------

ORDER

The Court, allows the Objection of Affiant to be accepted as timely filed with the Court.

Dated: _____          By the Court,

                                        _____

issuance to GM of shares of common stock of the Purchaser representing approximately 10% of the common stock of the Purchaser as of the closing of the sale; (iv) the issuance to GM of warrants to purchase up to 15% of the shares of common stock of the Purchaser on a fully diluted basis, with one half exercisable at any time prior to the seventh anniversary of issuance at an initial exercise price based on a $15 billion equity value of the Purchaser and the other half exercisable at any time prior to the tenth anniversary of issuance at an initial exercise price based on a $30 billion equity value of the Purchaser (GM can elect partial and cashless exercises of the warrants); and (v) the assumption by the Purchaser of certain assumed liabilities, all as set forth more fully in the MPA, a copy of which is annexed to the Motion as Exhibit "A." In addition, if the aggregate amount of allowed general unsecured claims against the Debtors exceeds $35 billion, as estimated by an order of the Bankruptcy Court (which the Debtors may seek at any time), GM will receive an additional 2% of the common stock of the Purchaser as of the closing of the sale.

B.   THE SALE HEARING

The Sale Hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, on June 30, 2009, at 9:45 a.m. (Eastern Time). The Sale Hearing may be adjourned without notice by an announcement of the adjourned date at the Sale Hearing.

**RESPONSES OR OBJECTIONS, IF ANY, TO THE RELIEF SOUGHT IN THE MOTION SHALL BE FILED** with the Clerk of the Bankruptcy Court and served upon: (a) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (b) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (c) the attorneys for the Creditors Committee; (d) Cleary Gottlieb Steen & Hamilton LLP, the attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (e) Cohen, Weiss and Simon LLP, the attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (f) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (g) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; and (h) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), **SO AS TO BE RECEIVED NO LATER THAN JUNE 19, 2009, AT 5:00 P.M. (EASTERN TIME) (the "Objection Deadline").**

The failure of any person or entity to file a response or objection on or before the Objection Deadline shall be deemed a consent to the 363 Transaction and the other relief requested in the Motion, and shall bar the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Procedures, the Motion, the 363 Transaction, the approval of the UAW Retiree Settlement Agreement, and the Debtors' consummation of the 363 Transaction.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: General Motors Corp., et al

                                          Chapter 11 case no.
                                          09-50026 (REG)
                                          Jointly Administered

Debtors.

---

AFFIDAVIT IN SUPPORT OF MOTION
TO ACCEPT FILING OF OBJECTION
AS TIMELY

State of Colorado
Larimer County    ss.

I Matthew H. Quinn state on oath as follows:

1. That I received a Notice of Sale hearing which included a request to approve the GMC/ UAW Retirees Settlement.

2. That I am a proper party to the proceedings in that I hold a Bond, which is Senior debt of the Corporation, issued by General Motors Corporation More Particularly described in the Objection, filed herewith.

3. The Motion was severed on me by mail. **I received the notice on Saturday, June 20, 2009 at 1:30 PM, one day after the demanded response time in the Petitioners Motion.**

4. Affiant requests the Court to accept my Objection to be accepted by the Court as a timely response.

                                                          Matthew H. Quinn

Larimer County, Colorado

I _Diane C. Sutter_ notary Public certify that the Above person know to me signed this Affidavit in my presence on The _22nd_ day of _June_ 2009.

My Commission Expires October 4, 2012.
501 S. St. Vrain Ln., Estes Park, CO 80517