CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Joel D. Applebaum (Mich. Bar. No. P36774)
admitted *pro hac vice*
japplebaum@clarkhill.com
(313) 965-8579

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF WET AUTOMOTIVE SYSTEMS LTD TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

WET Automotive Systems Ltd. ("**WET Automotive**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") attempted to serve WET Automotive with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between WET Automotive and the Debtors.

2. WET Automotive <u>received</u> the Cure Notice on <u>June 24, 2009</u>, nine days <u>after</u> the period for objecting to the Cure Notice had expired. WET Automotive is filing and serving this Objection within 2 days of its receipt and submits that this Objection should be considered timely filed and served in accordance with the procedures set forth in the Cure Notice.

3. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted*).

4. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and assert $89.09 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009.

5. WET Automotive does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

6. WET Automotive does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts.

7. Specifically, with respect to the Assumable Executory Contracts, there is a prepetition balance owed to WET Automotive in an amount that is not less than $25,000.00. WET Automotive will supplement this Objection with supporting documentation upon the Debtors' request.

8. WET Automotive also objects to the Cure Notice insofar as any postpetition performance by WET Automotive of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

9. WET Automotive further objects to the Cure Notice because it was not served by a method that enabled WET Automotive to receive and respond to the Cure Notice within the time proscribed by the Cure Notice.

10. Notwithstanding the foregoing, WET Automotive further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

11. WET Automotive further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with WET Automotive that may or will be assumed and assigned but which have not been included in the Cure Notice.

12. WET Automotive reserves the right to amend or supplement this Objection as additional facts are learned.

5916095.1 00001/000010

Dated: June 26, 2009

Respectfully submitted,

CLARK HILL PLC

   /s/ Joel D. Applebaum
Joel D. Applebaum (Mich. Bar No. P36774)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8579
japplebaum@clarkhill.com

Counsel to WET Automotive Ltd.

5916095.1 00001/000010