CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF E & L CONSTRUCTION GROUP, INC. KNOWN AS ERICKSON & LINDSTROM CONSTRUCTION TO SECOND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

E & L Construction Group, Inc. known as Erickson & Lindstrom Construction ("**E & L Construction**") submits this limited objection (the "**Objection"**) and respectfully states as follows:

1.　　The above-captioned Debtors (collectively, as applicable, the "**Debtors**") served E & L Construction with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings

LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between E & L Construction and the Debtors.

2. On June 12, 2009, E & L Construction filed and served its *Limited Objection of E & L Construction to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**First Limited Objection**") [Docket No. 809] on the Debtors. E & L Construction objected to the Cure Notice because the Cure Amount was not accurate and to the extent that the Cure Notice did not include other contracts that the Debtors intended to assume and assign to Purchaser.

3. The Debtors served E & L Construction with a *Second Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Second Cure Notice**") dated June 15, 2009 in which the Debtors express their intention to assume and assign certain <u>additional</u> Assumable Executory Contracts (the "**Additional Assumable Executory Contracts**") between E & L Construction and the Debtors to the Purchaser.

4. E & L Construction hopes to commence discussions with the Debtors to resolve the First Limited Objection. E & L Construction believes that those discussions will also include issues related to the Additional Assumable Executory Contracts identified in the Second Cure Notice. E & L Construction files this Objection as a prophylactic measure only and in order to reserve its rights with respect to the Second Cure Notice while its discussions with the Debtors continue.

5. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted).*

6. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts and assert $ 186,913.05 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts and the Additional Assumable Executory Contracts as of June 1, 2009.

7. The Contract Website has changed since the filing of the First Limited Objection with respect to both the Contract Cure Amount and the number of contracts to be assumed and assigned. The Contract Website originally identified 21 Assumable Executory Contracts to be assumed under Vendor Master ID 004843348 with a corresponding Cure Amount of $185,179.02. The Contract Website currently identifies 22 Assumable Executory Contracts to be assumed and assigned to Purchaser.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

5916526.1 27898/130257

8. E & L Construction does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts and Additional Assumable Executory Contracts to Purchaser.

9. E & L Construction does object, however, to the Second Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts and the Additional Assumable Executory Contracts.

10. Specifically, with respect to the Assumable Executory Contracts and the Additional Assumable Executory Contracts, there is a prepetition balance owed to E & L Construction in an amount that is not less than $327,008.78. E & L Construction will supplement this Objection with supporting documentation upon the Debtors' request.

11. E & L Construction also objects to the Second Cure Notice insofar as any postpetition performance by E & L Construction of the Assumable Executory Contracts and the Additional Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount[2].

12. Notwithstanding the foregoing, E & L Construction further reserves its rights, in the event that the Additional Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

---

[2] By way of example and not limitation, as of the date of this Objection, $550,014.08 is owed to E & L Construction for jobs that are currently work-in-process. Once these jobs have been completed, the Debtors will be invoiced for the amounts due. If these amounts are not paid by the Debtors in the ordinary course of business, they are properly included in the Cure Amount as of the prospective time of assumption and assignment of the Assumable Executory Contracts and Additional Assumable Executory Contracts.

5916526.1 27898/130257

13. E & L Construction further objects to the adequacy and the accuracy of the Second Cure Notice insofar as there may be other contracts with E & L Construction that may or will be assumed and assigned but which have not been included in the Second Cure Notice.

14. E & L Construction reserves the right to amend or supplement this Objection as additional facts are learned.

Dated: June 26, 2009                    Respectfully submitted,

                                                               CLARK HILL PLC

                                                               By: /s/ Joel D. Applebaum
                                                               Joel D. Applebaum (Mich. Bar No. P36774)
                                                               151 S. Old Woodward Avenue, Suite 200
                                                               Birmingham, Michigan 48009
                                                               (313) 965-8579
                                                               japplebaum@clarkhill.com

                                                               Counsel to E & L Construction Group, Inc.
                                                               known as Erickson & Lindstrom Construction

5916526.1 27898/130257