Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
    GENERAL MOTORS CORP., et al.                :   Case No. 09-50026 (REG)
                                                                 :
                    Debtors :
-----------------------------------------------------------------X

TO:    John S. Rapisardi, Esq.
        Cadwalader, Wickersham & Taft LLP
        One World Financial Center
        New York, NY 10281

        David S. Jones, Esq.
        Matthew L. Schwartz, Esq.
        United States Attorney's Office
        Southern District of New York
        86 Chambers Street
        New York, New York 10004

        Matthew Feldman, Esq.
        United States Treasury

DOC# 331577

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to F.R.C.P. 30(b)(6) and Fed. R. Bankr. P. 7030, Mark Buttita, an asbestos creditor and member of the Official Committee of Unsecured Creditors of General Motors Corporation, will take the deposition upon oral examination of the United States Treasury and the Purchaser, pursuant to F.R.C.P. 30(b)(6) and Fed. R. Bankr. P. 7030, on Monday, June 29, 2009, commencing at 10:00 a.m. and continuing day to day until completed. The deposition will take place at the conference center of Cadwalader, Wickersham & Taft, 590 Madison Avenue, Suite B, 25th Floor, New York, New York.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure and Rule 7030(b)(2) of the Federal Rules of Bankruptcy Procedure, the deposition will be recorded by one or more of the following: sound, sound-and-visual and/or stenographic means by an individual who is authorized to administer oaths.

The matters for examination at the deposition are described in the attached Schedule A.

Dated: June 26, 2009

CAPLIN & DRYSDALE, CHARTERED

By: _____
Elihu Inselbuch (EI-2843)
(ei@capdale.com)
Rita C. Tobin
(rct@capdale.com)
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

## SCHEDULE A

### Definitions

1. "Asbestos Claim" means any claim or demand against GM now existing or hereafter arising, whether or not such claim, remedy, liability, or Demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases therefor are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness, disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that was or were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability, or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general, and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

2. "Bondholder Representatives" means, collectively and individually, persons or entities who, on behalf of any holders of publicly-issued debt of GM, participated in discussions or negotiations with any of the Sponsors concerning any potential private restructuring of the Debtors or any potential bankruptcy plan of reorganization for the Debtors.

3. "Contingent Matters-Litigation" refers to the category of matters that are described as "Contingent Matters-Litigation" at page 207 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

4. "Debtors" means General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and each of their respective subsidiaries, collectively and individually.

5. "GM" means the Debtors, collectively and individually.

6. "Product Liability Claims" refers to the category of matters that are described as "product liability claims" at pages 205-06 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

7. "Purchaser" means Vehicle Acquisition Holdings LLC.

3

8. "Sponsors" means the United States Treasury, the Government of Canada and the Government of Ontario (including Export Development Canada), collectively and individually.

9. "Unions" means, collectively and individually, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and any other union representing current employees of GM or retired employees of GM.

### Matters for Examination

1. The reasons why the Sponsors and the Purchaser are attempting to restructure the Debtors by means of an asset sale rather than by a sale of stock or other transfer of the equity of the Debtors.

2. Negotiations and discussions among the Sponsors, the Purchaser, the Debtors, the Unions, Bondholder Representatives, or any of them, concerning the proposed restructuring of the Debtors by way of a sale of substantially all of their assets under 11 U.S.C. § 363 (the "Proposed Section 363 Sale"), and any other approaches to restructuring the Debtors that have been considered in negotiations or discussions between or among those constituencies, or any of them.

3. The reasons why the Sponsors and the Purchaser prefer that the Debtors dispose of substantially all of their assets by way of a sale under 11 U.S.C. § 363 rather than by way of a plan of reorganization.

4. The reasons why the Sponsors and the Purchaser want the Proposed Section 363 Sale to be treated as an emergency, and any planning that has taken place for managing the disposition of the Debtors' assets or restructuring of the Debtors if the Proposed Section 363 Sale is rejected by the Bankruptcy Court or is not treated as an emergency.

5. Negotiations and discussions among the Sponsors, the Purchaser, the Debtors, the Unions, Bondholder Representatives, or any of them, concerning any agreement or proposal for the treatment of, or assets or recoveries to be made available to, particular classes of claimants in a reorganization or restructuring of the Debtors, including through equity interests in the Purchaser.

6. The reasons why the Sponsors and the Purchaser wish to treat Asbestos Claims, Product Liability Claims, environmental claims, and other contingent obligations as "Retained Liabilities" and not as "Assumed Liabilities" under the proposed Master Sale and Purchase Agreement, and positions taken, views expressed, or alternatives considered with respect to such treatment in negotiations or discussions between or among the Sponsors, the Purchaser, the Debtors, the Unions, the Bondholder Representatives, or any of them.

7.  Any term sheet or memorandum of understanding, whether or not executed, that was exchanged between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, between October 1, 2008, and the present, and the course of negotiations with respect to any of those matters.

8.  Any drafts provided by any Sponsor to the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, or received by any Sponsor from any of the foregoing, between October 1, 2008, and the present of (i) the proposed Master Sale and Purchase Agreement), or (ii) any alternative for disposing of substantially all of GM's assets, and the course of negotiations with respect to any of those matters.

9.  The value of any the consideration to be received by the Debtors in the Proposed Section 363 Sale.

10. The value of (a) the "Excluded Assets" (as defined in section 2.2(b) of the proposed Master Sale and Purchase Agreement), (b) the "Retained Liabilities" (as defined in section 2.3(b) of the proposed Master Sale and Purchase Agreement), or (c) insurance available for the "Retained Liabilities" or any subcategory thereof, including Asbestos Claims, Product Liability Claims, and Contingent Matters-Litigation filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

11. The nature, number or value of Asbestos Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time (including but not limited to any projections, forecasts, estimates, valuations, reports or analyses prepared or generated by Hamilton Rabinowitz & Associates Inc., Dr. Francine Rabinowitz, or any other source).

12. The nature, number or value of Product Liability Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time (including but not limited to any projections, forecasts, estimates, valuations, reports or analyses prepared or generated by any source).

13. The nature, number or value of Contingent Matters-Litigation filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time (including but not limited to any projections, forecasts, estimates, valuations, reports or analyses prepared or generated by any source).

14. The aggregate amount of the GM Debtor's insurance applicable to Asbestos Claims, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

15. The aggregate amount of the Debtors' insurance applicable to Product Liability Claims, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

16. The aggregate amount of the Debtors' insurance applicable to Contingent Matters-Litigation, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

17. Communications between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, from October 1, 2008, to the present concerning any of the matters or topics described in paragraphs 1 through 16 above.

18. The identity of the persons who, at any time between October 1, 2008, and the present have acted as decision makers for, or have represented or spoken for, respectively, the Sponsors, the Debtors, the Purchasers, the Unions, or the Bondholder Representatives in discussions or negotiations concerning the restructuring or reorganization of the Debtors, or the Proposed Section 363 Sale, and the roles played, information provided, and views expressed by such persons with respect to any of the matters or topics described in paragraphs 1 through 16 above.

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2009, a copy of the Notice of Deposition Pursuant to Rule F.R.C.P 30(b)(6) of the United States Treasury and the Purchaser, was served upon the following parties via ECF System, Federal Express and electronic email as designated:

**Via Federal Express and ECF System:**

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green—Room 627
New York, NY 10004-1408

**Via Federal Express, Electronic Email and ECF System:**

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
WEIL, GOTSHAL & MANGES LLP
Counsel for Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8350
Email: stephen.karotkin@weil.com

Thomas Moers Mayer, Esq.
Gordon Z. Novod, Esq.
Jennifer Sharret, Esq.
Kramer Levin Naftalis & Frankel LLP
Counsel for the Official Committee
1177 Avenue Of The Americas
New York, New York 10036
Email: tmayer@kramerlevin.com
         JSharret@kramerlevin.com

James L. Bromley, Esq.
Cleary Gottlieb Steen & Hamilton LLP
Counsel for the UAW
One Liberty Plaza
New York, New York 10006
Phone: 212-225-2000
Email: jbromley@cgsh.com

Babette Ceccotti, Esq.
Cohen, Weiss and Simon LLP
Counsel for the UAW
330 W. 42nd Street
New York, New York 10036
Phone: 212-563-4100
Email: bceccotti@cwsny.com

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Counsel for Export Development Canada
1633 Broadway—47th Floor
New York, New York 10019
Phone:
Email: mjedelman@vedderprice.com
         mschein@vedderprice.com

Andy Velez-Rivera, Esq.
Diana G. Adams, Esq.
Brian S. Masumoto, Esq.
United Stated Department Of Justice
Office of the United States Trustee
33 Whitehall Street—21st Floor
New York, New York 10004
Email: Andy.Velez-Rivera@usdoj.gov

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
Mailcode: 480-206-114

U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue, NW—Room 2312
Washington, DC 20220
Email: matthew.feldman@do.treas.gov

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
Attorneys for the Purchaser
One World Financial Center
New York, New York 10281
Phone:  212-504-6000
Email:  john.rapisardi@cwt.com

David S. Jones, Esq.
Matthew L. Schwartz, Esq.
U.S. Attorney's Office-SDNY
86 Chambers Street—Third Floor
New York, New York 10007
Email: david.jones6@usdoj.gov
          Matthew.schwartz@usdoj.gov

Andrew N. Rosenberg, Esq.
Margaret A. Phillips, Esq.
Matthew R. Scheck, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Counsel to the Informal Group of Holders
Of General Motors Unsecured Notes
1285 Avenue Of The Americas
New York, New York 10019-6064
Phone: 212-373-3000
Email: arosenberg@paulweiss.com
          mphillips@paulweiss.com
          mscheck@paulweiss.com

Benjamin P. Deutsch
*Counsel to the Ad Hoc Committee of Consumer Victims of General Motors*
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Email: BDeutsch@Schander.com
          BBressler@Schnader.com

Sander L. Esserman
*Counsel for Ad Hoc Committee of Asbestos Personal Injury Claimants*
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, CORP.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Phone: (214) 969-4900
Email: Esserman@sbep-law.com

Roger Frankel, Esq.
*Unofficial GM Dealer Committee*
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 2005-1706
Phone: (202)339-8513
Email: rfrankel@orrick.com

Michael P. Richman
*Counsel for Unofficial Committee of Family & Dissident GM Bondholders*
PATTON BOGGS, LLP
1185 Avenue of the Americas, 30th Floor
New York, NY 10036
Phone: (646) 557-5100
Email: MRichman@pattonboggs.com

Neil A. Goteiner, Esq.
Dean M. Gloster, Esq.
Nan E. Joesten, Esq.
Counsel for General Motors Retirees Committee
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Phone: 415-954-4400
Email: ngoteiner@fbm.com

Eugenia Benetos
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, Suite 3500
New York, NY 10152
(212) 319-7125