BODMAN LLP
Colin T. Darke (P68294)
6th Floor at Ford Field
1901 St. Antoine
Detroit, Michigan 48226
313-393-7585

ATTORNEYS FOR BEND ALL
AUTOMOTIVE, INC.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――――――― x

In re                                                         Chapter 11

GENERAL MOTORS CORPORATION, *et al.*,        Case No. 09-50026
                                                              (Jointly Administered)

            Debtors.                              x

**LIMITED OBJECTION BY BEND ALL AUTOMOTIVE, INC. TO NOTICE OF (I)
DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE AMOUNTS RELATED THERETO</u>**

Bend All Automotive, Inc. ("BAA") objects to Debtors' proposed cure amount related to its assumption and assignment of BAA's contracts, and in support of its objection, BAA states:

**Background**

1.  On June 1, 2009 ("Petition Date"), Debtors commenced these voluntary cases under chapter 11 of title 11 of the United States Code.

2.  On June 2, 2009, this Court entered an order ("Bidding Procedure Order") [Docket # 274] approving Debtors' bidding procedure, which includes a procedure regarding Debtors' assumption and assignment of executory contracts.

3.  Under the Bidding Procedures Order, on June 22, 2009, BAA received Debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired

Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Assignment Notice"). The Assignment Notice indicates that Debtors intend to assume and assign Debtors' agreements with BAA ("BAA Agreements"). On Debtors' website ("Contract Website") provided with the Assignment Notice, Debtors propose an overall cure amount of $1,029,932.04[1] ("Proposed Cure Amount") for the BAA Agreements.

4.  While the Assignment Notice is dated June 5, 2009 and requires a response within 10 days after the date of the Assignment Notice, BAA (a company located in Canada) received the Assignment Notice after the response deadline. Because BAA did not receive the Assignment Notice until after the response deadline, BAA files this objection after it was able to review its account with the Debtors and within 10 days of its actual receipt of the Assignment Notice.

## Objection to Cure Amount

5.  Under the BAA Agreements, BAA provided Debtors certain automotive component parts. BAA does not object to the proposed assumption and assignment of its executory contracts with Debtors. As of the Petition Date, however, Debtors owed BAA $1,070,734.32[2] under the BAA Agreements.

6.  In addition to the cure amounts listed above, the Proposed Cure Amount must cover the time period through assumption and assignment of the contracts, including any unpaid postpetition obligations.

7.  As such, BAA objects to the Proposed Cure Amount.

---

[1] Debtors' proposed cure amount is listed on a live, secure website, which Debtors appear to update regularly. The listed proposed cure amount is Debtors' proposed cure amount as of the date of this filing.

[2] All listed amounts are in U.S. dollars.

2

Detroit_935571_1

## Relief Requested

BAA, therefore, requests that Debtors pay the actual cure amount listed above in connection with the assumption and assignment of the BAA Agreements.

Respectfully Submitted:

BODMAN LLP

By: /s/ Colin T. Darke
    Colin T. Darke (P68294)
    Counsel for BAA
    6th Floor at Ford Field
    1901 St. Antoine Street
    Detroit, Michigan 48026
    cdarke@bodmanllp.com

June 26, 2009