TROUTMAN SANDERS LLP
Brett D. Goodman, Esq.
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288

-and-

TROUTMAN SANDERS LLP
Jeffrey W. Kelley, Esq.
600 Peachtree Street, NE Suite 5200
Atlanta, Georgia 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

*Attorneys for Allied Systems Holdings, Inc.,*
*Allied Automotive Group, Inc.,*
*Allied Systems, Ltd. (L.P.), Axis Group, Inc.,*
*Allied Systems (Canada) Company,*
*F.J. Boutell Driveaway LLC,*
*Allied Freight Broker LLC, CT Services, Inc.,*
*and Transport Support LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| GENERAL MOTORS CORP., *et al.*, | : | 09-50026 (REG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

## OBJECTION TO PROPOSED CURE AMOUNTS
## AND RESERVATION OF RIGHTS

Allied Systems Holdings, Inc., Allied Automotive Group, Inc., Allied Systems,

Ltd. (L.P.), Allied Systems (Canada) Company, F.J. Boutell Driveaway LLC, Allied

1355628v1

Freight Broker LLC, and Transport Support LLC (collectively, the "Allied Companies"), and Axis Group, Inc. and CT Services, Inc. (collectively, the "Axis Companies" and together with the "Allied Companies", "Allied"), by and through their counsel, Troutman Sanders LLP ("Troutman"), hereby submit this cure objection and reservation of rights (the "Cure Objection") in response to the Debtors' Notice of (I) Debtor's Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of Nonresidential Real Property And (II) Cure Costs Related Thereto dated June 5, 2009 (the "Notice"), and the proposed cure amounts for the supplier agreements listed on the Contract Website,[1] and respectfully state as follows:

## BACKGROUND

1.  On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  Also on the Petition Date, the Debtors filed a motion seeking an order approving bidding procedures to sell substantially all of its assets, which included a procedure for the Debtors' assumption and assignment of executory contracts (Docket No. 92) (the "Procedures Motion").

3.  On June 2, 2009, the Court granted the Procedures Motion with respect to the sales procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC or the ultimate purchaser of the Debtors' assets

---

[1] Capitalized terms not otherwise defined in this Cure Objection shall have the meaning set forth in the Procedures Order and the Notice.

- 2 -

1355628v1

(Docket No. 274) (the "Procedures Order"), which provided for sending a notice advising a contract counterparty that it is a party to an Assumable Executory Contract and the Cure Amount related thereto.

4. Prior to the Petition Date, pursuant to a certain "Contract for Motor Transportation" between Allied Automotive Group, Inc. and General Motors, effective February 1, 2008, (the "Master Transportation Contract"), the Allied Companies entered into various ancillary supply agreements with the Debtors for specific services as needed and required (the "Allied Supply Agreements"). The Allied Companies also entered into various agreements for the lease or license of real property with the Debtors in connection with their performance under the Allied Agreements (the "Allied Real Property Agreements,"). In addition, the Axis Companies entered into separate supply agreements with the Debtors for various services, including but not limited to the "Remarketing Haulaway Master Contract" between Axis Group, Inc. and GM (the "Axis Supply Agreements", and together with the Master Transportation Contract, the Allied Supply Agreements, and the Allied Real Property Agreements, collectively, the "Allied Agreements").

5. In connection with the Procedures Order, on June 5, 2009 the Debtors mailed the Notice to certain limited addresses affiliated with Allied. However, the Notice was not addressed to those persons at Allied required to be notified under the Allied Agreements. As a result, it was not until June 23, 2009 that the Notice was received and reviewed by those persons at Allied directed to be notified under the Allied Agreements (the "Designated Allied Personnel").

6. Attached to the Notice is a user identification number and password to be used by Allied on the Contract Website to view those Allied Agreements that had been designated as Assumable Executory Contracts by the Debtors and the Cure Amount with respect to each such contract. Once the Designated Allied Personnel were able to review the Cure Website and the Allied Agreements designated as Assumable Executory Contracts, they noted various infirmities in the corresponding proposed Cure Amounts (the "Proposed Cure Amounts").

7. In light of the aforementioned deficiencies, Allied immediately requested that Troutman contact Debtors' counsel to inform them that the Designated Allied Personnel had not received the Notice until June 23, 2009, and that Allied intended to object to the Notice and Proposed Cure Amounts.

8. Accordingly, by email correspondence dated June 23, 2009, the undersigned wrote to Debtors' counsel (specifically Messrs. Miller, Karotkin, and Smolinsky) informing them, in pertinent part, that "[t]he Notice was sent to the wrong persons at Allied and it was not until today that the correct persons were presented with the Notice.  The cure amounts in the Notice corresponding with certain assumable executory contracts are not accurate.  As a result, Allied intends to file an objection to the Notice as soon as possible…. Please consider this email as confirmation of the date upon which the correct persons at Allied first received the Notice…" (the "Troutman Correspondence").

9. In addition to the Troutman Correspondence, Allied promptly contacted the Call Center (as defined in the Notice) with regard to the mailing of the Notice, the Allied Agreements designated as Assumable Executory Contracts, and the Proposed Cure

Amounts related to such contracts. Allied has repeatedly contacted the Call Center since June 23, 2009 to discuss these issues. However, while the Call Center has confirmed that Allied's reported matter is open and active, Allied has not been contacted to discuss or resolve its issues.

## **CURE OBJECTION**

10. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an executory contract in the debtor's discretion. However, in order to sell an executory contract to the purchaser under § 363 of the Bankruptcy Code, the Debtors must actually assume and assign the subject contract under § 365 of the Bankruptcy Code, and (i) cure (or provide adequate assurance that they will promptly cure) all defaults that exist as of the Petition Date; (ii) compensate, or provide adequate assurance that they will compensate, the counterparty to the executory contract for any pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance under the contract.

11. The Proposed Cure Amounts, as alleged by the Debtors, are incorrect. An amount no less than $1,120,301.44 in the aggregate is owed and outstanding to Allied for the services provided to the Debtors under the Allied Agreements.

12. While Allied has no objection to the assumption and related assignment of the Allied Agreements to the Purchaser, *upon payment of the proper cure amount*, Allied objects to the Proposed Cure Amounts.

13. Allied expressly reserves the right to: (i) make such other and further objection and claims as may be appropriate, including, inter alia, to move this Court to exercise any and all rights afforded to Allied under section 9006(b)(1) of the Federal

- 5 -

Rules of Bankruptcy Procedure and (ii) amend, modify and supplement this Cure Objection including, without limitation, to assert that an amount greater than that set forth herein is due to Allied under the Allied Agreements.

**WHEREFORE**, Allied respectfully requests that this Court enter an order (i) requiring the Debtors to pay no less than $1,120,301.44 to Allied; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 26, 2009

TROUTMAN SANDERS LLP

By:   /s/ *Brett D. Goodman*
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10174
      Telephone: (212) 704-6000
      Facsimile: (212) 704-628

-and-

Jeffrey W. Kelley, Esq.
600 Peachtree St. NE
Suite 5200
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 962-6847

*Attorneys for Allied Systems Holdings, Inc., Allied Automotive Group, Inc., Allied Systems, Ltd. (L.P.), Axis Group, Inc., Allied Systems (Canada) Company, F.J. Boutell Driveaway LLC, Allied Freight Broker LLC, CT Services, Inc., and Transport Support LLC*

- 6 -

1355628v1

STATE OF NEW YORK )
) s.s.:
COUNTY OF NEW YORK )

Harriet E. Cohen, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of twenty-one years and I reside in Queens, New York.

On June 26, 2009 I served the foregoing document upon the parties listed on the Service List annexed hereto via FedEx, who are all the known parties entitled to service of same.


/s/ Harriet E. Cohen
Harriet E. Cohen

Sworn to before me this
26th day of June, 2009

/s/ Anthony Cardillo
Notary Public

Anthony Cardillo
Notary Public, State of New York
No. 03-486-0234
Qualified in Bronx County
Commission Expires March 18, 2010

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn Warren Command Center
Mailcode 480-206-114

Harvey R. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220

Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Robert D. Wolford, Esq.
Miller, Johnson, Snell & Cummiskey, PLC
250 Monroe Avenue, NW
Suite 800
Grand Rapids, MI 49503

Diana G. Adams, Esq.
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Stephen Karotkin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

1355465v1