Wendy B. Green, Esq. (WG 5537)
Counsel for Siemens Building Technologies, Inc.
Forman Holt Eliades & Ravin, LLC
80 Route 4 East, Suite 290
Paramus, NJ  07652
 (201) 845-1000

Lauren Newman, Esq.
Of Counsel for Siemens Building Technologies, Inc.
Thompson Coburn Fagel Haber
55 East Monroe, 40th floor
Chicago, Illinois  60603
(312) 346-7500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., et al, | Case No. 09-50026 (REG) |
| Debtors. | Jointly Administered |

TO THE HONORABLE U.S. BANKRUPTCY JUDGE,
SOUTHERN DISTRICT OF NEW YORK:

**OBJECTION OF SIEMENS BUILDING TECHNOLOGIES, INC. TO
THE DEBTORS' (I)  INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE AMOUNTS RELATED THERETO</u>**

Siemens Building Technologies, Inc. ("SBT"), by and through its attorneys, files this Objection to Notice of Debtors' (I) Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto, and in support thereof avers as follows:

**Background**

1. On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code"). The Debtors filed first day motions and one of those motions was a motion [Docket No. 92] (the "Motion") which sought authorization and approval of (a) the sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings, LLC (the "Purchaser") through a sale under Section 363 of the Code (the "363 sale"); (b) certain bid procedures governing the sale process and providing procedures for the submission of any competing bids; (c) assumption and assignment of certain executory contracts and unexpired leases to the Purchaser in connection with the 363 sale; and (d) the scheduling of a final hearing on the Motion and other relief requested therein.

2. On June 2, 2009, this Court entered an order [Docket No. 274] (the "Sale Procedures Order") approving the Motion. The Sale Procedures Order sets forth the notice and dispute resolution procedures regarding the Debtors' assumption and assignment of executory contracts, which, in summary, provide for notice of the Debtors intent to assume and assign certain executory contracts.

3. The notice does not contain a list of executory contracts but directed parties to investigate this themselves using a confidential website maintained by the Debtors (the "Cure Website"). The Cure Website contained information on the executory contracts to be assumed and assigned, and the Debtors' belief as to the amounts necessary to cure any pre-petition defaults under the applicable contracts.

4. On June 5, 2009, the Debtors filed the notice to certain creditors of the procedure for objecting to any proposed assumption or assignment of executory contracts and unexpired leases.

**The Objection**

5.  SBT objects to the proposed cure amounts for the assumption and assignment of SBT's contracts.

6.  Both the Bidding Procedures Order and the Notice of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, as required under provisions of 11 U.S.C. § 365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an expired lease of real property …;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

7.  Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stolz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). The Debtors have not offered to cure the defaults immediately.

8.  The Cure Website lists 434 contracts with numerous Siemens entities, all lumped under "Siemens AG, Vendor ID# 316067164." For example, SBT contracts are lumped together as one vendor with Siemens Energy and Automation, Siemens Water Technologies, Siemens PLM

Software, Siemens Canada, etc. These entities, though, are all separate corporations with vastly different contracts and arrangements with the Debtors. Therefore, the "identification" of STB and their unexpired contracts with the Debtors has been made extremely difficult and time-consuming by the Debtors' confusion of these various entities.

9. The Debtors' identification of STB contracts under "Siemens AG" is improper and fails to provide SBT with effective notice of the proposed cure amount, because Siemens AG and SBT are separate and distinct legal and operational entities.

10. SBT itself has multiple locations and multiple contracts with the Debtors. At this time, it appears that the Debtors' proposed cure amount is grossly under-stated. The Cure Website states that the total cured amount for all of SBT's contracts with the Debtors is $43,235.74. To the best of SBT's information and belief, the actual cure amount is at least $270,615.88. Therefore, SBT objects to the proposed cure amounts. SBT reserves the right to modify, alter or amend its figures as it acquires additional information from various branches and offices of SBT and/or the Debtors. SBT's investigation is ongoing.

11. SBT cannot be assured that it has been supplied with all the information necessary to fully respond to the Assumption and Assignment Notice. Accordingly, SBT reserves all of its rights, claims, and defenses, including the right to file a Supplemental Objection. SBT further objects to the assumption and assignment of any contracts that are misidentified in the Assumption and Assignment Notice, or are no longer executory.

12. SBT objects to the Debtor's failure to include any post-petition defaults as part of its proposed cure amount. SBT reserves the right to submit additional amounts that includes all post-petition amounts due that are required to be paid for assumption by § 365(b)(1).

WHEREFORE, Siemens Building Technologies, Inc., requests that its limited objection be granted and for such and other further relief as may be justly entitled.

Dated: June 26, 2009                    Respectfully submitted,

Forman Holt Eliades & Ravin, LLC


*/s/*    Wendy B. Green
Wendy B. Green, Esq. (WG 5537)
80 Route 4 East – Suite 290
Paramus, NJ  07652
Telephone: (201) 845-1000
Fax.:  (201) 845-9112

And

Thompson Coburn Fagel Haber
Lauren Newman, Esq. (IL Bar 6188355)
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659

Attorneys for Siemens Building Technologies, Inc.

*m:\lit\siemens\gm\siemens - gm - objection to cure amounts.doc*

## **CERTIFICATE OF SERVICE**

      I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon those parties listed on the attached service list as indicated on this 26th day of June, 2009.

      /s/ Wendy B. Green
      Wendy B. Green

## Service List

*Via U.S. Mail*
General Motors Corporation
Cadillac Building
Attn: Warren Command Center
Mailcode 480-206-114
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
*Debtors*

*Via Electronic Mail*
Harvey R. Miller, Esq
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotchal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Harvey.Miller@weil.com
Stephen.karotkin@weil.com
Joseph.smolinsky@weil.com
*Attorney for Debtors*

*Via U.S. Mail*
Diana G. Adams, Esq
Office of the U.S. Trustee for the Southern
District of New York
33 Whitehall St., 21st Floor
New York, NY 10004
*U. S. Trustee*

*Via U.S. Mail*
Matthew Feldman, Esq
U. S. Department of Treasury
1500 Pennsylvania Ave
NW Room 2312
Washington, DC 20220

*Via Electronic Mail*
John J. Rapisardi, Esq
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281
John.rapisardi@cwt.com
*Attorneys for Purchaser*

*Via Electronic Mail*
Michael J. Edelman, Esq.
Michael Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
mjedelman@vedderprice.com
*Attorneys for Export Development Canada*

*Via Electronic Mail*
Robert D. Wolford
Miller, Johnson Snell & Commiskey PLC
250 Monroe Avenue, N.W.
Suite 800
Grand Rapids, MI 49053
Ecfwolfordr@millerjohnson.com
*Attorneys for Creditors' Committee*