UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

GENERAL MOTORS CORP., et al.                                              Case No. 09-50026 (REG)

                              Debtors.                               Jointly Administered
-----------------------------------------------------------x

### LIMITED OBJECTION OF GETTY IMAGES, INC. TO CURE AMOUNT FOR EXECUTORY CONTRACT DESIGNATED TO BE ASSUMED AND ASSIGNED BY DEBTORS

Getty Images, Inc. ("Getty") submits its Limited Objection for the purpose of objecting to the cure amount listed by the debtors (the "Debtors") in the debtors' Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto (the "Cure Notice"). Debtors sent the Cure Notice in relation to: (i) the Debtors' Motion seeking, in part, entry of an order approving proposed procedures for the sale of Debtors' assets and establishing related procedures for assuming and assigning certain assumable executory contracts [Docket No.92]; and, (ii) the Order signed on June 2, 2009 (I) approving procedures for sale of Debtors' assets pursuant to master sale and purchase agreement with Vehicle Acquisition Holdings LLC, a United States Treasury-sponsored Purchaser (II) scheduling bid deadline and sale hearing date; (III) establishing assumption and assignment procedures; and (IV) fixing notice procedures and approving form of notice [Docket No. 274]. (the "Cure Notice")

## **INTRODUCTION**

1. Debtor seeks an order, in which it requests authority to assume and assign to a purchaser an executory contract between Debtors and Getty (the "Getty Contract") in connection with Debtors' sale of assets and the assumption of certain executory contracts. The Cure Notice purports to set forth cure amounts for assumption and assignment of the Getty Contract.

2. The Cure Notice states that Debtors maintain a secured website which contains information about the executory contracts to be assumed, including the amount that Debtors believe must be paid to cure all pre-petition defaults under the contracts.

3. Debtors mailed the Cure Notice, which Getty received on or about June 22, 2009.

4. Since receipt of the Cure Notice, Getty has attempted to access the website established by Debtors to determine the amount of the cure being alleged by Debtors. From Getty's review of the website, it appears that Debtors contend that no funds are due to Getty, but rather that a credit balance exists. Getty disputes that a credit balance exists.

5. Getty has maintained several purchase order contracts with Debtors. Debtors had no room for the provision of further services on one of the purchase orders, and accordingly asked that future services be provided under a second purchase order. For that reason, Getty issued a credit memo in the approximate amount of $55,000 to the one purchase order, to close it out, and made all billings on other open purchase orders. The proposed cure by Debtors apparently includes the credit memo to clear out the one purchase order, but fails to provide all invoices in the correct amount for other open purchase orders.

6. As of the date of the Debtors' bankruptcy filing, the proper amount due and owing to Getty under several open purchase orders is as follows:

| Invoice No. | Invoice Date | Balance |
|---|---|---|
| 6594815 | 4/24/2009 | 13,125.00 |
| 6594816 | 4/24/2009 | 16,875.00 |
| 6594818 | 4/24/2009 | 1,500.00 |
| 6594819 | 4/24/2009 | 750.00 |
| 2183270 | 3/23/2009 | (55,000.00) |
|  |  | 32,250.00 |

7. Getty does not object to the assumption and assignment of the Getty Contract, but objects that the stated cure amount is inaccurate. Getty also objects to the measure proposed by Debtors regarding how the cure amount should be determined. Debtors appear to contend that the cure amount should be the amount of the "pre-petition defaults." Getty contends that at the time of assumption of the Getty Contract and assignment to the buyer, all amounts due and owing under the assumed and assigned contract must be paid to Getty, whether the amounts arise from pre-petition or post-petition services.

8. The stated cure amount is not sufficient to cure all of debtors' obligations to Getty with regard to the services provided prior to the bankruptcy filing.

9. Debtors owe Getty $32,250.00, after applying any and all credits due and owing to Debtors.

10. Under 11 U.S.C. § 365(b)(1), Getty objects to the approval of any cure amount that is less than the full amount which remains unpaid as of the date of the assumption and assignment of the Getty contract, including pre-petition and post-petition services.

11. The authority upon which Getty relies is incorporated into this Limited Objection. Accordingly, Getty respectfully requests that the Court deem satisfied or, alternatively, waive

3

any requirement of the filing of a separate memorandum of law, as provided for in Local Bankruptcy Rule 9013-1(a).

## RELIEF REQUESTED

Getty respectfully requests that the Court condition the Debtors' ability to assume and assign the Getty Contract on payment of the full amounts owed to Getty in connection with the executory contracts between Getty and Debtor, including both pre-petition and post-petition obligations to Getty, which are still owing as of the time of the assumption of the executory contract between Getty and Debtors, including, without limitation, the amount of $32,250.00, which is owed for pre-petition services provided by Getty to the debtors.

Dated: New York, New York
      June 26, 2009

Respectfully submitted,

**GARVEY SCHUBERT BARER**

By: _____
James H. Freeman (JF-8605)
*Attorneys for Getty Images, Inc.*
100 Wall Street, 20th Floor
New York, New York 10005
Telephone: (212) 431-8700
Facsimile: (212) 334-1278

SEA_DOCS:930262

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

GENERAL MOTORS CORP., *et al.*                                      Case No. 09-50026 (REG)

**AFFIDAVIT OF SERVICE**

                              Debtors.                              Jointly Administered
------------------------------------------------------------x

STATE OF NEW YORK                    )

COUNTY OF NEW YORK                   ) ss.:

    JENNIFER SY LOPEZ, being duly sworn, deposes and says:

    I am employed by the firm of GARVEY SCHUBERT BARER, attorneys for Getty Images, Inc.; I am not a party to the above action; I am over 18 years of age and reside at Staten Island, New York. On June 26, 2008, I served the within **LIMITED OBJECTION OF GETTY IMAGES, INC. TO CURE AMOUNT FOR EXECUTORY CONTRACT DESIGNATED TO BE ASSUMED AND ASSIGNED BY DEBTORS** via FEDERAL EXPRESS, OVERNIGHT SERVICE at the following address:

| | |
|---|---|
| Warren Command Center<br>Mailcode 480-206-114<br>General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, MI 48090 | Harvey R. Miller, Esq<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Matthew Feldman, Esq.<br>U.S. Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, D.C. 20220 | John R. Rapisardi, Esq.<br>Cadwalader, Wickersham & Taft, LLP<br>One World Financial Center<br>New York, NY 10281 |
| Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>Vedder Price, P.C.<br>1633 Broadway, 47th Floor<br>New York, NY 10036 | Office of the United States Trustee for<br>the Southern District of New York<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004<br>Attn: Diana G. Adams, Esq. |

_____
JENNIFER SY LOPEZ

Sworn to before me this
26th day of June 2008

_____
Notary Public

**JAMES H. FREEMAN**
**Notary Public, State of New York**
**No. 02FR6192590**
**Qualified in New York County**
**Commission Expires September 2, 2012**