Timothy S. McFadden (TSM 9650)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0370
Facsimile: (312) 443-0336

-and-

Kevin J. Walsh (KJW 6083)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, NY 10022-4802
Tel:  (212) 947-4700
Fax: (212) 947-1202

Attorneys for Methode Electronics, Inc.


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
                                                    :    Chapter 11
In re                                               :
                                                    :    Case No. 09-50026 (REG)
GENERAL MOTORS CORP, *et al.*,                      :
                                                    :    (Jointly Administered)
                                        Debtors.    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF METHODE ELECTRONICS, INC. TO NOTICE OF (I)
DEBTORS; INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS
RELATED THERETO**

Methode Electronics, Inc. and its affiliates ("Methode"), by its undersigned counsel,

hereby submits this limited objection and reservation of rights (the "Objection") with respect to

the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired

Leases of Real Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure

Amounts Related Thereto (the "Cure Notice").    In support of this Limited Objection, Methode
respectfully represents as follows:

## I.
## INTRODUCTION

1.    On June 1, 2009 (the "Petition Date"), the above-captioned debtors (the
"Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States
Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court
for the Southern District of New York (the "Bankruptcy Court").

2.    The Debtors continue to operate their businesses and manage their properties as
debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.    No trustee or examiner has been appointed in these chapter 11 cases.

## II.
## OBJECTION

4.    On June 1, 2009, the Debtors filed a Motion Pursuant to §§ 105, 363(b), (f), (i)
and (m), and 365 of the Bankruptcy Code to Approve the Sale Pursuant to the Master Sale and
Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored
Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the
Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C)
Other Relief; and (II) Schedule Sale Approval Hearing (the "Assumption Motion").

5.    Upon information and belief, the Assumption Motion includes the Contracts.

6.    One June 2, 2009, the Court entered an order relating the Assumption Motion,
*inter alia*, establishing certain procedures for the Debtors to give the affected parties notice that

CHI1 1605462v.1

the Debtors intended to assume their executory contracts and/or unexpired leases, as well as the

amounts the Debtors believed were required to "cure" defaults under those contracts and leases,

as required by section 365(b) of the Bankruptcy Code (the "Cure Procedures").  On June 5, 2009,

in accordance with the Cure Procedures, the Debtors filed the Cure Notice.

7.       On or about June __, 2009, the Debtors received the Cure Notice.  Methode

received a uder ID and password to enable it to access information in a secure website (the

"Contracts Website") relating to the contracts to be assumed and the cure amounts the Debtors

believe will satisfy their obligations under section 365(b).  Methode's review of the Contracts

Website revealed that the Debtors seek to assume and assign 481 contracts with Methode (the

"Proposed Methode Assumed Contracts") and listing a corresponding cure amount of

$135,253.77 (the "Proposed Cure Amount").

8.       Subject to its reservation of rights herein, Methode does not object to the Debtors

assuming and assigning purchase orders and related agreements and paying the appropriate

corresponding cure amount to Methode.  However, upon initial review, Methode believes that

the Proposed Cure Amount is understated and that the Proposed Methode Assumed Contracts is

not accurate.  To avoid confusion over which contracts are being assumed and assigned, and in

order to make a determination regarding the proper cure amount, Methode requests that the

Debtors clarify which contracts it is assuming.

9.       Upon information and belief, Methode did not receive the Cure Notices in

accordance with the Cure Procedures.  Accordingly, Methode asserts that there should be no

issue concerning the timeliness of this Objection.

CHI1 1605462v.1

10.     Methode will supplement this Objection with additional supporting documentation upon the Debtors' request.

11.     Methode hereby expressly reserves its rights to object to the assumption and assignment of any agreement in the manner prescribed by the Contract Procedures, including but not limited to, objections related to the amount or timing of any cure payment proposed to be made by the Purchaser in connection with such proposed assumption and assignment, adequate assurance of future performance or whether applicable law excuses Methode from accepting performance by, or rendering performance to, the Debtors or Purchaser pursuant to 11 U.S.C. § 365(c)(1).  Methode further reserves its right to supplement this Objection if and when the Debtors provide more specific information concerning which of Methode's contracts it intends to assume and assign.

WHEREFORE, Methode respectfully requests that the Court (a) sustain the Objection and (b) grant such other further relief as is just and proper.

CHI1 1605462v.1

4

Dated: New York, New York
      June 26, 2009

Respectfully submitted,

/s/ Timothy S. McFadden
Timothy S. McFadden (TSM 9650)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0370
Facsimile: (312) 443-0336


Kevin J. Walsh (KJW 6083)
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, NY 10281-2101
Telephone: (212) 415-8600
Facsimile: (212) 303-2754

ATTORNEYS FOR METHODE ELECTRONICS, INC.

CHI1 1605462v.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that a true and correct copy of LIMITED OBJECTION OF METHODE ELECTRONICS, INC. TO NOTICE OF (I) DEBTORS; INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO, was served upon the parties below via Federal Express on this 26th day of June, 2009.


                                        /s/ Timothy S. McFadden
                                    Timothy S. McFadden


General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn: Warren Command Center
Mailcode 480-206-114

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Attn: Michael J. Edelman, Esq., Michael J. Schein, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York NY 10153
Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq. And Joseph H. Smolinsky, Esq.

Office Of The United States Trustee For The Southern District Of New York
33 Whitehall St., 21st Floor
New York, NY 10004
Attn: Diana G. Adams, Esq.

U.S. Treasury
1500 Pennsylvania Ave. NW
Room 2312
Washington, DC 20220
Attn: Matthew Feldman, Esq.

Miller, Johnson, Snell & Cumminskey, PLC
250 Monroe Ave., N.W., Suite 800
Grand Rapids, MI 49503
Attn: Robert D. Wolford, Esq.

Cadwalder, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attn: John J. Rapisardi, Esq.

CHI1 1605462v.1