HEARING DATE AND TIME: July 22, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DATE AND TIME: July 15, 2009 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :      Chapter 11
                                                                  :
**GENERAL MOTORS CORP.,** *et al.*,                               :      Case No. 09-50026 (REG)
                                                                  :
                         Debtors.                                 :      (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION TO REJECT
CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

PLEASE TAKE NOTICE that upon the annexed motion, dated June 26, 2009 (the

"**Motion**"), of General Motors Corporation and its affiliated debtors, as debtors and debtors in

possession (collectively, the "**Debtors**"), for an order, pursuant to section 365, of title 11, United

States Code to reject certain unexpired leases of nonresidential real property (collectively, the

"**Leases**"), as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 22, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.) and and Jenner & Block, LLP, 330 North Wabash Avenue, Chicago, Illinois 60611-7603 (Attn: Daniel R. Murray, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for Export

2

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (vii) the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("**UAW**"), 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xiii) the affected counterparties to the Leases; and (xiv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **July 15, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      June 26, 2009

JENNER & BLOCK LLP

By: */s/ Patrick J. Trostle*

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: July 22, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DATE AND TIME: July 15, 2009 at 4:00 p.m. (Eastern Time)**

## IF YOU HAVE RECEIVED THIS NOTICE AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **GENERAL MOTORS CORP.**, *et al.*, | : | 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

## DEBTORS' MOTION TO REJECT
## <u>CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

respectfully represent:

**Relief Requested**

1.  Pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain unexpired leases (the "**Leases**"[1]) of nonresidential real property identified on **Exhibit A** attached hereto, effective as of June 30, 2009.[2] A proposed order is attached hereto as **Exhibit B**.

**Jurisdiction**

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Description of the Leases**

3.  The Debtors are currently undergoing a comprehensive review of their nonresidential real property leases to determine which leases to assume and which to reject. Because the Debtors are in the process of selling substantially all of their assets and winding down their remaining operations, the Debtors no longer require certain office space and anticipate closing a number of office locations in the immediate future. The Leases that are the subject of this Motion are for regional zone offices that are no longer necessary or beneficial to the Debtors' continued operations. Consequently, the Debtors have determined, in their sound business judgment, that continuing the Leases would be costly and would provide no

---

[1] Each Lease includes any modifications, amendments, addenda, or supplements thereto or restatements thereof.

[2] Copies of individual Leases will be made available to any party in interest upon request to the Debtors' undersigned attorneys. This Motion is without prejudice to the Debtors' right to claim that any one or all of the Leases expired by their own terms or were terminated prior to the effective date of rejection, as the case may be. Moreover, nothing herein shall be deemed an admission that the Leases are enforceable obligations of the Debtors, are executory in nature, or that the landlord identified on **Exhibit A** has a valid claim against the Debtors as a result of the rejection requested herein. The terms of the Leases described in this Motion are not intended to modify or represent the Debtors' interpretation of the terms of any Lease.

2

corresponding benefit or utility to the Debtors or their estates. The Debtors have also explored the possibility of marketing the Leases, but have determined that doing so would provide no meaningful benefit or value to the Debtors' estates. Accordingly, the Debtors submit this Motion to reject the Leases.

4. The Debtors have vacated or intend to vacate the premises under the Leases on or before June 30, 2009 and, therefore, propose that the rejections of the Leases be effective as of June 30, 2009.

## Rejection of the Leases is Supported By the Debtors' Business Judgment and Should Be Approved By the Court

5. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

6. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d

3

Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1985) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

7. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)).

8. As noted above, the Debtors are in the process of selling substantially all of their assets and winding down their remaining operations. Pursuant to this process, the Debtors have reviewed the Leases and have determined that they are no longer of value or utility to the Debtors' estates and are not needed for continued operations. Additionally, the Debtors have determined that the Leases have no marketable value that could be realized by assuming and assigning the Leases to a third party. Accordingly, the Debtors no longer require such space and, in their business judgment, have determined that the Leases should be rejected.

4

9.      In light of the foregoing, the Debtors respectfully request that the Court approve rejection of the Leases under section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of their business judgment.

## Notice

10.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the counterparties to the Leases, and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
June 26, 2009

        JENNER & BLOCK LLP

        By: */s/ Patrick J. Trostle*

        919 Third Avenue, 37th Floor
        New York, New York 10022-3908
        Telephone: (212) 891-1600
        Facsimile: (212) 891-1699
        Patrick J. Trostle
        Heather D. McArn

        330 North Wabash Avenue
        Chicago, Illinois 60611-7603
        Telephone: (312) 222-9350
        Facsimile: (312) 527-0484
        Joseph P. Gromacki
        Daniel R. Murray

        Special Counsel for Debtors
        and Debtors in Possession