HEARING DATE AND TIME: July 22, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 15, 2009 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                                               :    Chapter 11 Case No.
                                                                                         :
**GENERAL MOTORS CORP.,** *et al.*,                             :    09-50026 (REG)
                                                                                         :
                                                            Debtors.      :    (Jointly Administered)
                                                                                         :
-----------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT
TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated June 26, 2009 (the "**Motion**"), of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 365, of title 11, United

States Code to reject certain executory contracts (collectively, the "**Executory Contracts**"), as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 22, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.) and Jenner & Block, LLP, 330 North Wabash Avenue, Chicago, Illinois 60611-7603 (Attn: Daniel R. Murray, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (vii) the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("**UAW**"), 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xiii) the affected counterparties to the Executory Contracts; and (xiv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **July 15, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       June 26, 2009

                JENNER & BLOCK LLP

                By: */s/ Patrick J. Trostle*

                919 Third Avenue, 37th Floor
                New York, New York 10022-3908
                Telephone: (212) 891-1600
                Facsimile: (212) 891-1699
                Patrick J. Trostle
                Heather D. McArn

                330 North Wabash Avenue
                Chicago, Illinois 60611-7603
                Telephone: (312) 222-9350
                Facsimile: (312) 527-0484
                Joseph P. Gromacki
                Daniel R. Murray

                Special Counsel for Debtors
                and Debtors in Possession

**HEARING DATE AND TIME: July 22, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 15, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
            :
In re       :   Chapter 11 Case No.
            :
**GENERAL MOTORS CORP.**, *et al.*,   :   09-50026 (REG)
            :
   Debtors. :   (Jointly Administered)
            :
-------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT**
**TO 11 U.S.C § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

respectfully represent:

**Relief Requested**

1.  Pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory contracts (the "**Executory Contracts**") effective as Monday June 29, 2009. A proposed order (the "**Order**") is attached hereto as **Exhibit B**. A list of the affected Executory Contracts is attached hereto as **Exhibit A**.

**Jurisdiction**

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Executory Contracts**

3.  The Debtors are currently undergoing a comprehensive review of their executory contracts to determine which contracts to assume and which to reject. Because the Debtors are in the process of selling substantially all of their assets and winding down their remaining operations, the Debtors no longer require certain executory contracts for their continued operations and will seek to reject those contracts that provide no meaningful value or benefit to the Debtors' estates. The Debtors have reviewed the Executory Contracts that are the subject of this Motion and have determined, in their sound business judgment, that continuing the Executory Contracts would be costly and would provide no corresponding benefit or utility to the Debtors or their estates.

4.  The Executory Contracts the Debtors seek to reject include (i) an engineering service contract for which the work has been completed and is no longer required by

2

the Debtors and (ii) purchase and sale agreements with costly remaining obligations that provide no corresponding benefit or value to the Debtors' estates. Consequently, the Executory Contracts are not necessary for the administration of the Debtors' estates and maintaining the Executory Contracts would impose unnecessary costs and burdens on the Debtors' estates. The Debtors have also explored the possibility of marketing the Executory Contracts, but have determined that doing so would provide no meaningful benefit or value to the Debtors' estates. Accordingly, the Debtors submit this Motion to reject the Executory Contracts.

5. In each instance, the Debtors propose that the rejections of the Executory Contracts be effective as of Monday June 29, 2009, the date on which the counterparties to the Executory Contracts will receive notice of the Motion via overnight mail.

### Rejection of the Executory Contracts Is Supported by the Debtors' Business Judgment and Should Be Approved by the Court

6. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

7. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve

3

rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1985) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

8.  The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)).

9.  The Debtors have reviewed the Executory Contracts and have determined that in light of the contemplated sale of substantially all of the Debtors' assets to Vehicle Acquisition Holdings LLC, a purchaser sponsored by the United States Department of the Treasury, the Executory Contracts are no longer necessary for the Debtors' ongoing business and subsequent wind down, and create unnecessary and burdensome expenses for the Debtors'

4

estates.  In addition, the Debtors have determined that no meaningful value would be realized by the Debtors if the Executory Contracts were assumed and assigned to third parties.  Accordingly, the Executory Contracts should be rejected.

## **Notice**

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the counterparties to the Executory Contracts, and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
June 26, 2009

JENNER & BLOCK LLP

By: */s/ Patrick J. Trostle*

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

6