William F. Gray, Jr.
Alison D. Bauer
Torys LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200
*Counsel to Hydrogenics Corporation and Joseph Cargnelli*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| GENERAL MOTORS CORP., *et al.*, | : Case No. 09-50026 (REG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : |

---------------------------------------------------------------------- x

**LIMITED OBJECTION OF HYDROGENICS CORPORATION TO DEBTORS'
PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Hydrogenics Corporation ("Hydrogenics") through its undersigned counsel, hereby submits this Limited Objection (the "Objection") to the notice (the "Notice") of General Motors Corporation (the "Debtor") and certain affiliated entities' (together with the Debtor, the "Debtors") pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order"). In support of this Objection, Hydrogenics states as follows:

9713849.1
00650-2431

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors remain in possession of their property and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Also on June 1, 2009, Debtors filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion") seeking, among other things, authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction contemplated by the Sale Motion.

4. On June 2, 2009, the Court entered the Sale Procedures Order that, among other things, established the "Assumption and Assignment Procedures" (as defined in the Sale Procedures Order) and authorized the Debtors to serve the Notice.

5. On June 15, 2009, Hydrogenics and Joseph Cargnelli ("Cargnelli"), the Chief Technology Officer of Hydrogenics, received a notice (the "First Notice") from prior outside counsel regarding an agreement between Cargnelli and the Debtor. The First Notice referred Cargnelli to a secure internet website where Cargnelli was supposed to be provided with additional information identifying which contract was to be assumed and assigned and stating the

Cure Amount associated with the particular contract. However, the First Notice and the information contained in the Debtors' secure website was insufficient to identify which contract the Debtors propose to assume and assign.

6. On June 18, 2009, the Hydrogenics and Cargnelli filed their Limited Objection to Debtors' Proposed Assumption and Assignment of Executory Contract. Hydrogenics and Cargnelli objected on grounds that, *inter alia*, the First Notice and the information contained in the Debtors' secure website was insufficient (a) to identify which contract the Debtors propose to assume and assign; (b) to determine whether the subject contract was executory; (c) to determine whether assignment would require consent; and (d) to evaluate whether the Debtors have proposed an accurate cure amount. Hydrogenics objected to any deemed consent to the assumption and assignment of agreements between Hydrogenics and the Debtor for which Hydrogenics had not received a notice similar to that addressed to Cargnelli.

7. On June 25, 2009, Hydrogenics received the Notice from prior outside counsel, which also directed Hydrogenics to the secure website. There, Hydrogenics identified eight agreements in total. Two of those eight agreements are between the Debtor and two of Hydrogenics' founders, Pierre Rivard and Boyd Taylor. Neither are currently employed by Hydrogenics. These two agreements[1] are not covered by this Objection and neither Pierre Rivard nor Boyd Taylor are represented by the undersigned counsel.

---

[1] Vendor ID #s: 5716-00000166 and 5716-00000167.

8. This Objection relates to the following contracts (the "Contracts") addressed by the Notice:

| Counterparty | Contract Name | Vendor Master ID |
|---|---|---|
| Hydrogenics Corporation | Corporate Alliance Agreement | 5716-00000160 |
| Hydrogenics Corporation | Master Intellectual Property Agreement | 5716-00000161 |
| Hydrogenics Corporation | Governance Agreement | 5716-00000162 |
| Hydrogenics Corporation | Share Subscription Agreement | 5716-00000163 |
| Hydrogenics Corporation | Escrow Agreement | 5716-00000164 |
| Hydrogenics Corporation | Registration Rights Agreement | 5716-00000165 |

## OBJECTION

9. Two of the Contracts can not be assumed by the Debtors because they have expired according to their terms: the Escrow Agreement (#5716-00000164) and the Registration Rights Agreement (#5716-00000165).  A third, the Share Subscription Agreement (#5716-00000163), is no longer in effect as a result of the issuance of the subject securities and can not be assumed by the Debtors.

10. The remaining Contracts, the Corporate Alliance Agreement (#5716-00000160), the Master Intellectual Property Agreement(#5716-00000161), and the Governance Agreement (#5716-00000162), may be subject to assumption and assignment (the "Assumable Contracts"). Hydrogenics reserves the right to challenge the ability of the Debtor to assume the Assumable Contracts.

11. The secure website does not include any information regarding the cure details of the Assumable Contracts.

12. Pursuant to the Sale Procedures Order, the Assumption and Assignment Procedures provide that:

(a) Following the Debtors' designation of an Executory Contract (as defined in the Sale Order) as an Assumable Executory Contract, Debtors shall serve the Cure Notice on the non-debtor counterparty to the contract, which shall include instructions for accessing the Debtors' secured website;

(b) The secured website shall include the identification of the contracts sought to be assumed and assigned *and the cure amount* to be paid to cure *any* prepetition defaults under the contracts. (Emphasis added.)

13. Consequently, Hydrogenics objects to the sufficiency of the notice provided to it because, without knowing any information regarding the proposed cure, Hydrogenics cannot evaluate whether the Debtors have proposed an accurate or sufficient cure or that the Debtors will cure all nonmonetary defaults.

14. For these reasons, Hydrogenics cannot be justly bound to any cure not provided by the Debtors' secure website. Hydrogenics reserves its rights regarding any deficiency of the cure required to assume each of the Assumable Contracts.

## CONCLUSION

15. For the reasons stated above, Hydrogenics objects to the sufficiency of the Notice that the Debtors provided to Hydrogenics and requests that the Court not hold Hydrogenics to any proposed cure based on the lack of information provided, and such further relief as is just.

Dated: New York, New York
      June 26, 2009

                        TORYS LLP

                        By: /s/ William F. Gray, Jr.
                            William F. Gray, Jr.
                            Alison D. Bauer
                            237 Park Avenue
                            New York, New York 10017
                            Tel: (212) 880-6000
                            Fax: (212) 682-0200

                        Counsel to Hydrogenics Corporation and
                        Joseph Cargnelli

Torys LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | : | Case No. 09-50026 (REG) |
| Debtors. | : | Jointly Administered |

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing Limited Objection of Hydrogenics Corporation to Debtors' Proposed Assumption and Assignment of Executory Contracts was electronically filed with the Clerk of the Bankruptcy Court for the Southern District of New York using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons listed on the attached Service List.

Dated: New York, New York
       June 26, 2009

                                                                            /s/ Darrell Williams

9713849.1
00650-2431

Service List

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attn: John J. Rapisardi, Esq.

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Attn: Michael J. Edelman, Esq.
Michael L. Schein, Esq.

Office of United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Diana G. Adams, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: Gordon Z. Novod, Esq.

9713849.1
00650-2431