Bruce N. Elliott (P28770)
Counsel for Van-Rob, Inc.
Pro Hac Vice Admission Pending

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | CHAPTER 11 |
| GENERAL MOTORS CORP., et al., | CASE NO. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF VAN-ROB, INC.,
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND
ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PR0PERTY
AND (II) CURE AMOUNTS RELATED THERETO
[DOCKET NUMBER 274]**

Van-Rob, Inc. ("Van-Rob"), by its undersigned counsel, hereby submits this Limited Objection to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Costs Related Thereto. Van-Rob supports the proposed sale, assumption and assignment but objects to the cure cost amount stated in the Debtors' motion and notice and the limitation of any other rights of Van-Rob associated with the prospective assumption and assignment. In support of this response, Van-Rob respectfully submits the following:

1. On June 1, 2009 ("Petition Date"), each of the debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On June 1, 2009, the Debtors filed their motion seeking, among other things, Court approval of the sale of substantially all of Debtors' assets and assumption and assignment of certain executory contracts.

3. On June 2, 2009, the Court entered an Order approving sale bidding procedures and procedures for the Debtors' assumption and assignment of executory contracts and directing the Debtors to serve notice thereof (Docket No. 274).

4. As of June 19, 2009, Debtors served Van-Rob with the approved form of notice of intent to assume and assign certain executory contracts (the "Assumption Notice") which included a reference to various contracts between Van-Rob and Debtors (the "Designated Agreements") together with the pre-petition amounts Debtors determined was required to be paid Van-Rob for purposes of assuming the Designated Agreements (the "Cure Amount"). Van-Rob notes that initial attempts by the Debtors to serve the Assumption Notice were improperly made on Van-Rob and were otherwise untimely and ineffective and that the Debtors and Van-Rob have agreed that the applicable date for the commencement of the ten (10) day response period prescribed in the Assumption Notice is June 19, 2009.

5. Pursuant to the Assumption Notice, Debtors propose to assume the Designated Agreements between Debtors and Van-Rob and assign them to the Purchaser. According to the information at the website cited in the Assumption Notice, Debtors assert the Cure Amount is $2,804,687.98. However, according to Van-Rob's records the actual pre-petition portion of any Cure Amount is $2,902,534.16.[1]

---

[1] Debtors have apparently included in the Designated Agreements and the proposed Cure Amount all agreements and obligations related to VRK Automotive Systems S.A. De C.V., a subsidiary of Van-Rob, and Van-Rob has correspondingly made the same inclusion in this response.

6. Section 365 of the Bankruptcy Code provides, in relevant part:

"(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) Cures or provides adequate assurance that the trustee will promptly cure, such default...

(C) Provides adequate assurance of future performance under such contract."

7. Based on the requirements of Section 365, the Debtors or Purchaser must cure all defaults as of the effective date of actual assumption and assignment, as well as providing adequate assurance of future performance. See *In Re Ionosphere Clubs, Inc.* 85 F.3d 992 (2nd Cir. 1996).

8. As the legal points and authorities relied upon in this Limited Objection are not novel and are incorporated into the Limited Objection, Van-Rob respectfully requests that this Court waive the requirement of Local Rule 9013-1(b) that a separate memorandum of law be submitted.

9. Van-Rob reserves the right to (a) amend, supplement or otherwise modify this Limited Objection and all attachments and exhibits thereto as necessary or proper; (b) to raise such other and further objections to any proposed assumption and assignment, and/or Cure Amount with respect to the assumption and assignment of any Van-Rob contract with Debtors; and (c) to assert the requirement that the Debtor or the Purchaser cure any additional default(s) accruing between the Petition Date and the actual effective date of assumption and assignment, and require cure thereof as well as adequate assurance of future performance as a condition of assumption and assignment of any Van-Rob contract.

WHEREFORE, Van-Rob respectfully requests that the Court enter an order conditioning the Debtors' assumption and assignment of the Designated Agreements on payment of the Cure Amount as calculated by Van-Rob and that such amount include all sums required to cure any defaults under the Designated Agreements that have or may accrue from the Petition Date through and including the actual effective date of assumption and assignment, and to grant such other and further relief as may be appropriate.

Dated:  June 29, 2009.

    Ann Arbor, Michigan

Respectfully submitted,

VAN-ROB, INC.
By its counsel

CONLIN, McKENNEY & PHILBRICK, P.C.

By:  /s/  Bruce N. Elliott
    Bruce N. Elliott (P28770)
    Pro Hac Vice Admission Pending
    350 S. Main Street, Suite 400
    Ann Arbor, Michigan 48104-2131
    Telephone:  (734) 761-9000
    Facsimile: (734) 761-9001
    elliott@cmplaw.com

H:\JAS\VAN-ROB, INC\GM\LIMITED OBJECTION 6.29.09.WPD