# EXHIBIT A

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
: In re : Chapter 11 Case No.
:
GENERAL MOTORS CORP., et al., : 09-50026 (REG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER WITH RESPECT TO THE WITHDRAWAL OF CURE OBJECTIONS FILED IN CONNECTION WITH DEBTORS' ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

General Motors Corporation ("**GM**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**GM**"), and each of the parties listed on Schedule 1 attached hereto (individually, an "**Objecting Party**" and collectively, the "**Objecting Parties**", and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

## RECITALS

A.  On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases. Pursuant to this Court's Order, these Chapter 11 Cases are now being jointly administered.

B.  On June 1, 2009, the Debtors also filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "**Sale Procedures Motion**").[1]

C.  Pursuant to this Court's Order in respect to the Sale Procedures Motion [Docket No. 274] (the "**Sale Procedures Order**"), among other things, the following procedures govern the assumption and assignment of the Assumable Executory Contracts in connection with the sale of the Purchased Assets to the Purchaser:

---

[1] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Sale Procedures Motion.

    i.    The Debtors provide Assumption and Assignment Notices to Non-Debtor Counterparties to Assumable Executory Contract setting forth (i) instructions for accessing the information on the Contract Website relating to the Non-Debtor Counterparty's Assumable Executory Contract and (ii) the procedures for objecting to the proposed assumption and assignment of the Assumable Executory Contract;

    ii.    The Non-Debtor Counterparties to Assumable Executory Contracts for which Assumption and Assignment Notices were provided have ten (10) days to object to the proposed assumption and assignment of the Assumable Executory Contracts, specifically identifying in the objection the grounds therefor;

    iii.    If a Non-Debtor Counterparty timely files a Contract Objection relating solely to the Cure Amount (a "**Cure Objection**"), then the Assumable Executory Contract may nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date, in which event the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as set forth in the Sale Procedures Order and paid as soon as reasonably practicable following the resolution of such disputed Cure Amount; and

    iv.    To resolve a Cure Objection, the Debtors, the Purchaser, and the objecting Non-Debtor Counterparty may meet and confer in good faith to attempt to resolve the Cure Objection without Court intervention and, if the Debtors determine that the Cure Objection cannot be resolved without judicial intervention, then the Cure Amount is determined (a) with respect to Assumable Executory Contracts pursuant to which the non-Debtor counterparty has agreed to an alternative dispute resolution procedure, then, according to such procedure (the "**Cure Dispute Resolution Process**"); and (b) with respect to all other Assumable Executory Contracts, by the Court at the discretion of the Debtors either at the Sale Hearing or such other date as determined by the Court.

    D.    Each of the Objecting Parties has timely filed a Cure Objection with respect to its Assumable Executory Contracts in accordance with the procedures set forth in the Sale Procedures Order. The docket number with respect to each of the Cure Objections is noted on Schedule 1 along with the name of the Objecting Party that filed such Cure Objection.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. Each of the Cure Objections are objections only to the Cure Amount proposed by GM with respect to each Objecting Party's respective Assumable Executory Contracts.

2. The resolution of the Cure Amount disputes raised in the Cure Objections shall be governed by the Sale Procedures Order and the Cure Dispute Resolution Process, the latter to the extent applicable.

3. The Cure Objections are withdrawn pursuant to this Stipulation, subject to the Parties' agreement that each Party's rights, claims and interests regarding the Cure Amount and any dispute related thereto are reserved and shall be determined in accordance with the Sale Procedures Order and the Cure Dispute Resolution Process, the latter to the extent applicable.

4. The Objecting Parties will not file any additional objections to the assumption of their respective Assumable Executory Contracts by the Debtors or the assignment of such Assumable Executory Contracts to the Purchaser.

5. Nothing contained herein shall constitute a modification of the Sale Procedures Order or any of the procedures set forth therein.

6. This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be

referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

7. This Stipulation sets forth the entire understanding of the Parties with respect to the subject matter of this Stipulation.

8. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

*[signatures to Stipulation on next page]*

STIPULATED AND AGREED:

**GENERAL MOTORS CORPORATION**

By: _____
Honigman Miller Schwartz and Cohn LLP
Robert B. Weiss
Tricia A. Sherick
Joseph R. Sgroi
660 Woodward Ave
2290 First National Building
Detroit, Michigan 4826
Phone: (313) 465-7000
Facsimile: (313)
E-mail: rweiss@honigman.com
       tsherick@honigman.com
       jsgroi@honigman.com

Special Counsel for Debtors
and Debtors in Possession

APL Logistics Transportation Management Services, LTD.
and APL Logistics, LTD
"Objecting Party"

By: _____
Print Name: Josh Smith
Company/Firm: APL Logistics Transportation Management Services, LTD and APL Logistics, LTD
Date: 6/25/2009