Streusand & Landon, L.L.P.
515 Congress Street, Suite 2523
Austin, TX 78701
Telephone: (512)236-9901
Sabrina L. Streusand, Esq.

-AND-

Hodgson Russ LLP
60 East 42nd Street, 37th Floor
New York, New York  10165-0150
Telephone:  (212) 661-3535
Stephen H. Gross, Esq.

Co-Counsel for Dell Marketing, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**GENERAL MOTORS CORPORATION, et. al.**

**Debtors.**

Case No., 09-50026 (REG)

Chapter 11

Jointly Administered

**DELL MARKETING, L.P.'S LIMITED OBJECTION TO NOTICE**
**OF (1) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL**
**PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL**
<u>**REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**</u>

Dell Marketing, L.P. ("Dell") hereby submits its Objection to Notice of (1) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.  In support hereof, Dell respectfully shows the Court as follows:

**Relief Requested**

1. Dell requests that it be provided with the actual Notice and login/password necessary to determine the Debtors' proposed cure amount for Dell's contracts with the Debtors that Debtors propose to assume and assign, that Dell be permitted to object to the cure amount proposed by Debtors, and that any such objection be considered timely due to the lack of Notice provided by the Debtors.

2. To the extent Debtors do identify Dell contracts for assumption and assignment, Dell requests that it be granted an allowed cure claim in the amount of $260,782.82.

**Basis for Relief Requested**

3. Counsel for Dell was informed for the first time by counsel for Debtors <u>only this morning</u> that Debtors intend to assume and assign certain unspecified agreements between Dell and Debtors. However, Dell did not receive a Notice of (I) the Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Notice") with respect to such proposed assumption.[1] At this time, there is no assurance and can be no assurance that the Notice, if sent, will be received prior to the objection bar date.

4. Indeed, Dell still has not received the Notice, and without the Notice, the login and password is not available to access the Contracts Website to obtain information concerning the contracts identified for assumption and the proposed cure amount to be

---

[1] Upon learning from Debtors' counsel that Debtors have identified certain Dell contracts for assumption, counsel for Dell immediately requested that a copy of the alleged Notice be e-mailed to counsel. At the time of this filing, counsel for Dell has not yet received a copy of the Notice.

paid for each such contract.  As such, at this time, Dell has not obtained this critical information.

5.  Dell understands that objections to the proposed cure amount generally must be filed within by ten (10) days of the date of the Notice under the terms of the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice,  dated June 2, 2009.

6.  Though Dell has not received any Notice, counsel for Debtors, this morning, informed Dell that Debtors state a cure amount of zero in connection with the Dell contracts Debtors identify for assumption and assignment.  To the extent this is the amount of the proposed cure, Dell objects to this cure amount.  The correct cure amount to which Dell is entitled is $260,782.82, and Dell requests that it be paid $260,782.82 as cure in connection with any assumption and assignment of contracts or agreements between Dell and the Debtors.

7.  This limited objection is filed to preserve the rights of Dell with respect to the amount of the proposed cure claim in light of the fact the Dell has not received the Notice.  Dell reserves all rights to amend and/or supplement this limited objection at such time the Notice is received and the proposed cure amount ascertained by Dell.

WHEREFORE, Dell Marketing, L.P. requests that the Court enter an order (a) directing the Debtors to provide Dell with the Debtors' proposed cure amounts for the

agreements if proposes to assume and assign; (b) provide that all Dell's right to object to the cure amount is preserved and that any objection to cure is considered timely due to the lack of Notice provided by the Debtors; and (c) to the extent Debtors do identify Dell contracts for assumption and assignment, grant Dell an allowed cure claim in the amount of $260,782.82.

Dated:      June 29, 2009
            New York, NY

By:     /s/ Stephen H. Gross
        Stephen H. Gross, Esq.
        **Hodgson Russ LLP**
        60 East 42nd Street, 37th Floor
        New York, New York  10165-0150
        Telephone:  (212) 661-3535
        Facsimile:   (212) 972-1677
        sgross@hodgsonruss.com
        bass@hodgsonruss.com

        -and-

        **Streusand & Landon LLP**
        515 Congress Avenue,  Suite 2523
        Austin, TX 78701
        Telephone: (512)236-9901
        Facsimile: (512) 236-9905
        Sabrina L. Streusand, Esq.
        streusand@streusandlandon.com

        Co-counsel for Dell Marketing, L.P.