POLING, McGAW & POLING, P.C.
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
5455 Corporate Drive, Suite 104
Troy, MI 48098
(248) 641-0500

*Attorneys for Creditor DeMaria Building Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____/
In Re:

      GENERAL MOTORS CORPORATION,

      Debtor.

Chapter 11
Case No. 09-50026-reg
Hon. Robert E. Gerber

_____/

**CONDITIONAL WITHDRAWAL OF CREDITOR DEMARIA BUILDING COMPANY'S OBJECTION TO THE NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER**

NOW COMES Creditor, DEMARIA BUILDING COMPANY, by and through its attorneys, POLING, McGAW & POLING, P.C., and in its Conditional Withdrawal of its Objection to the Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser ("Objection") served upon this Creditor by the Debtors pursuant to this Court's Order pursuant to 11 U.S.C. §105, §363, and §365 and Fed. Rules of Bankr. Proc. 2002, 6004 and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; (IV) Fixing Notice Procedures and Approving Form of Notice, states unto this Honorable Court as

follows:

(1)     That DeMaria Building Company, as a Lien Creditor of the Debtors, withdraws its Objection filed in this action at Docket No. 1470, as identified above, upon the express condition that the addition language identified by Debtors in Paragraph 75 of their Omnibus Reply of the Debtors to Objections to Debtors' Motion Pursuant to 11 U.S.C. §105, 363(b), (f), (k) and (m), and 365 And Fed. R. Bankr. P. 2002, 6004, and 6006, to Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored purchaser, Free and Clear of Liens, Claims, Encumbrances, and other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief, which was filed with this Court at Docket No. 2645 on June 26, 2009 is incorporated in the approved Sale Order for the Debtors' requested §363 Transaction.

(2)     As agreed, Debtors' will insert the following language into the final Sale Order for Debtors' requested §363 Transaction:

> Notwithstanding anything to the contrary in this Sale Order or the Purchase Agreement, (a) any Purchased Asset that is subject to any mechanics', carriers', workers', repairers', shippers', marine cargo, construction, toolers', molders' or similar lien or any statutory lien on real and personal property for property taxes not yet due shall continue to be subject to such lien after the Closing Date if and to the extent that such lien (i) is valid, perfected and enforceable as of the Petition Date (or becomes valid, perfected and enforceable after the Petition Date as permitted by section 546(b) or 362(b)(18) of the Bankruptcy Code), (ii) could not be avoided by any Debtor under sections 544 to 549, inclusive, of the Bankruptcy Code or otherwise, were the Closing not to occur; and (iii) the Purchased Asset subject to such lien could not be sold free and clear of such lien under applicable non-bankruptcy law, and (b) any Liability as of the Closing Date that is secured by a lien described in clause (a) above (such lien, a "Continuing Lien") that is not otherwise an Assumed Liability shall constitute an Assumed Liability with respect to which there shall be no recourse to the Purchaser or any property of the Purchaser other than recourse to the property subject to such Continuing Lien. The Purchased Assets are sold

free and clear of any reclamation rights, provided, however, that nothing, in this Sale Order or the Purchase Agreement shall in any way impair the right of any claimant against the Debtors with respect to any alleged reclamation right to the extent such reclamation right is not subject to the prior rights of a holder of a security interest in the goods or proceeds with respect to which such reclamation right is alleged, or impair the ability of a claimant to seek adequate protection against the Debtors with respect to any such alleged reclamation right. Further, nothing in this Sale Order or the Purchase Agreement shall prejudice any rights, defenses, objections or counterclaims that the Debtors, the Purchaser, the U.S. Treasury, EDC, the Creditors' Committee or any other party in interest may have with respect to the validity or priority of such asserted liens or rights, or the type (or amount), if any, of required adequate protection.

Dated: June 29, 2009

/s/**Kathryn E. Driscoll**
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
Poling, McGaw & Poling, P.C.
5455 Corporate Drive, Suite 104
Troy, MI   48098
(248) 641-0500
KDriscoll@pmppc.com
(P69727), Attorneys for DeMaria Building Co.

POLING, McGAW & POLING, P.C.
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
5455 Corporate Drive, Suite 104
Troy, MI 48098
(248) 641-0500

*Attorneys for Creditor DeMaria Building Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/
In Re:

        GENERAL MOTORS CORPORATION,

        Debtor.

Chapter 11
Case No. 09-50026-reg
Hon. Robert E. Gerber

_____/

**CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                              )§
COUNTY OF OAKLAND   )

      Kathryn E. Driscoll, being first duly sworn, deposes and says that on June 29, 2009 she did serve a true and correct copy of:

1. Conditional Withdrawal of Creditor DeMaria Building Company's Objection to the Notice of Sale Hearing to Sell Substantially all of Debtors' Assets pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; and
2. This Certificate of Service upon:

the parties to this Chapter 11 Bankruptcy Proceeding by ECF Filing.

**/s/Kathryn E. Driscoll**
D. Douglas McGaw (P24166)

Kathryn E. Driscoll (P69727)

Poling, McGaw & Poling, P.C.

5455 Corporate Drive, Suite 104

Troy, MI   48098

(248) 641-0500

KDriscoll@pmppc.com
(P69727), Attorneys for DeMaria Building Co.