Brian L. Shaw (IL ARDC 6216834)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Attorneys for ATC Drivetrain, Inc. and
  ATC Logistics & Electronics, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | Case No. 09-50026 (REG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SUPPLEMENTAL OBJECTION TO CURE COST AMOUNT RELATED TO
DEBTORS' NOTICE OF INTENT TO ASSUME EXECUTORY CONTRACTS
WITH ATC DRIVETRAIN, INC. AND ATC LOGISTICS & ELECTRONICS, INC.**

ATC Drivetrain, Inc. and ATC Logistics & Electronics, Inc., d/b/a Autocraft Material Recovery, Autocraft Electronics, Speedometer Service, and GM-SPO, ATCLE (collectively, "ATC"), for its Supplemental Objection to Cure Amount Related to Debtors' Notice of Intent to Assume Executory Contracts with ATC Drivetrain, Inc., respectfully states as follows:

1.  In their omnibus reply (the "Reply") to their sale motion and their related notice of intent to assume executory contracts with ATC, the Debtors ("GM") tout their system for addressing the anticipated issues relating to GM's attempt to assume and assign thousands of purported executory contracts and unexpired leases. Despite GM's website and call center, however, GM has not been able to explain what "contracts" with ATC GM is (and is not) seeking to assume. ATC is a contract counterparty that the website and call center have not been able to assist,

though ATC continues to work with GM to identify the executory contracts that are sought to be assumed and assigned and to determine the related cure amount.

2. As ATC noted in its original objections to GM's notice of intent to assume certain executory contracts with ATC, it does not generally object to GM's proposed assumption and assignment of its agreements in their form and substance immediately prior to GM's Petition Date. However, ATC is still uncertain as to which of its agreements GM intends to assume and assign. ATC and GM continue their efforts to identify and understand what agreements are being assumed, but ATC still does not have any clarity as to what is and is not being assumed by GM, and GM is still working to resolve these issues. Without any clarity, ATC is still concerned that GM proposes to assume and assign agreements in a piecemeal fashion. To the extent that ATC learns that GMC proposes to assume and assign any of ATC's agreements in such an inappropriate manner, ATC must retain its right to address and attempt to resolve those issues with GM notwithstanding the sale hearing.

3. Without complete clarity as to which contracts GM is assuming, ATC is also still attempting to reconcile the correct cure amount. For the foregoing reasons, ATC is still not able to agree to the Proposed Cure Amount set forth in the Notice.

4. Notice of this Objection was served electronically through the Court's ECF system, as well as by separate electronic mail in accordance with paragraph 7 of the Notice.

WHEREFORE, ATC Drivetrain, Inc. and ATC Logistics & Electronics, Inc. respectfully request that the Court enter an order consistent with the objections set forth above and grant such other and further relief as the Court deems just and equitable.

June 29, 2009                                             Respectfully submitted,

                                                          ATC DRIVETRAIN, INC. AND ATC
                                                          LOGISTICS & ELECTRONICS, INC.


                                                          ___/s/ Brian L. Shaw_____
                                                          One of their attorneys


                                                          Brian L. Shaw (IL ARDC 6216834)
                                                          Shaw Gussis Fishman Glantz
                                                             Wolfson & Towbin LLC
                                                          321 N. Clark Street, Suite 800
                                                          Chicago, IL 60654
                                                          (312) 541-0151
                                                          (admitted *Pro Hac Vice)*

{7112 OBJ A0234838.DOC}

# **CERTIFICATE OF SERVICE**

I, Brian L. Shaw, an attorney, certify that service of the foregoing SUPPLEMENTAL OBJECTION TO CURE COST AMOUNT RELATED TO DEBTORS' NOTICE OF INTENT TO ASSUME EXECUTORY CONTRACTS WITH ATC was accomplished electronically to all ECF registrants via the Court's ECF system on June 29, 2009 and via Email to the below referenced service list.

*/s/ Brian L. Shaw*
Brian L. Shaw

**Via Email**

Matthew Feldman
matthew.feldman@do.treas.gov

John J. Rapisardi
john.rapisardi@cwt.com

Thomas M. Mayer
tmayer@kramerlevin.com

Lawrence S. Buonomo
lawrence.s.buonomo@gm.com

Harvey R. Miller
Harvey.miller@weil.com

Stephen Karotkin
Stephen.karotkin@weil.com

Joseph Smolinsky
joseph.smolinsky@weil.com

John J. Rapisardi
john.rapisardi@cwt.com

Michael J. Edelman
mjedelman@vedderprice.com

Michael L. Schein
mschein@vedderprice.com

Diana G. Adams
USTP.Region02@usdoj.gov

{7112 OBJ A0234838.DOC}