Sale Approval Hearing Date: June 30, 2009 at 9:45 a.m.
Sale Motion Objection Deadline: June 19, 2009 5:00 p.m.

ATTORNEYS FOR THE STATES OF ST. REGIS MOHAWK TRIBE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
| In re:                            :    CHAPTER 11
|                                   :
| **GENERAL MOTORS CORP.**, *et al.*, :    Case No. 09-50026 (REG)
|                                   :
|                                   :    (Jointly Administered)
|           **Debtors.**            :
-------------------------------------------------------------X

**REPLY TO DEBTOR'S AMENDED AND SUPPLEMENTED OMNIBUS REPLY TO OBJECTIONS TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 363 AND IN FURTHER SUPPORT OF THE LIMITED OBJECTION OF THE SAINT REGIS MOHAWK TRIBE**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The St. Regis Mohawk Tribe ("Tribe") files this Reply to the Debtor's Amended and Supplemented Omnibus Reply of the Debtors to Objections to Debtors' Motion Pursuant to 11 U.S.C. § 363 (Dkt. No. 2681), and in further support of the Tribe's Objection to Debtors' Motion Pursuant to 11 U.S.C. §§ 363 (Dkt. No. 2046).

We are compelled to reply because the Debtor does not even acknowledge the objections filed by the Tribe, a recognized sovereign entity with at least the same standing, authority, rights and fiduciary obligations to its citizenry as any state in the Union. See 42 USC §§ 9601(16); 9607(a)(4)(A); 9607(f)(1); 33 U.S.C. § 1313 (the Tribe has established water quality standards recognized by the United States); 33 U.S.C. § 1341(a)(2) (the Tribe has water quality

{M0258988.1}
1

certification authority). In addition to not acknowledging the filing, the Debtor does not substantively respond to the objections. Rather, it relegates our substantial concerns regarding human health and safety to a footnote that does not even reference any law or distinguish the substantial authority that requires this Court to formulate conditions that respect and implement the federal, state and tribal environmental laws at stake here. (See Dkt. No. 2681, pp. 28-29, n.12).

In Ohio v. Kovacs, 469 US 274, 285 (1985), the Supreme Court noted that a person in possession of a toxic waste site, even in the context of bankruptcy, "may not maintain a nuisance, pollute the waters of the State or refuse to remove the source of such conditions." In this Circuit, the presence of uncontrolled hazardous substances at a site, such as the Debtor's Massena Site, is a *per se* public nuisance. New York v. Shore Realty, 759 F.2d 1032, 1051 (2d Cir. 1985). This is particularly so where, as here, the Massena Site is an ongoing source of pollution to Mohawk waters, fish and other natural resources, and a public health hazard as documented by the New York State Department of Health.

Since the Debtor may never abandon a toxic public nuisance such as the Massena Site, see Midlantic National Bank v. New Jersey, 474 U.S. 94 (1986), this Court must formulate conditions that adequately protect the public's health and safety.

Abatement of the public health hazards and nuisance at the Massena Site is not reasonably manageable through a court ordered condition the charges the many millions of dollars in future remedial costs and natural resource damage claims over a period of many years as an administrative priority, as may be permitted by In re Chateaugay Corp., 944 F.2d 997 (1991). Therefore, the only reasonable "condition" that will adequately protect the public health and safety at the Massena Site is to transfer the obligation to the New GM through the 363 sale.

{M0258988.1}

2

We ask for this relief in the interest of public health and the environment.

For all of these reasons, the St. Regis Mohawk Tribe prays that this Court direct that: (1) the New GM take title to the Massena NPL Site through the Order; (2) the New GM discharge all of the obligations of the debtor to remediate the Massena Site as well as the contaminated adjacent lands and waters; and (3) the New GM restore the natural resources that have been injured by the release of hazardous substances from the Site.

Respectfully submitted,

McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

By: _____/s/_____
John J. Privitera (JP-0108)
Jacob F. Lamme (JL-0819)
*Counsel to the St. Regis Mohawk Tribe*
677 Broadway
Albany, New York 12207
Phone (518) 447-3200

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2009, a true and correct copy of the foregoing was served on all those parties receiving notice via the Court's Electronic Case Filing System (through ECF).

_____/s/_____
Kathleen L. Hill