Anna Aguilar (AA-9894)
Anna C. Aguilar, LLC
521 Fifth Avenue, Suite 3300
New York, New York 10175
Telephone: (646) 435-4855
Facsimile: (646) 924-0599
aaguilar@conlonaguilar.com

Attorneys for Exponent, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re:                                                          :    Chapter 11
                                                                :    Bankruptcy Case No.
GENERAL MOTORS CORP., et al.,                                   :    09-50026 (REG)
                                                                :    (Jointly Administered)
                        Debtors.                                :
                                                                :
----------------------------------------------------------------x

**EXPONENT, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(B), (F), (K) AND (M) AND 365 AND FED. R. BANKR. P. 202, 605 AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS, LLC, A U.S. TREASURY-SPONSORED PURCHASER FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Exponent, Inc., ("Exponent"), through it attorneys, Anna C. Aguilar, LLC, states as follows for its Limited Objection:

1. On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisitions Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of*

*Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 15, 2009, the Debtors issued a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors established and maintained a secure website containing information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

5. The secured website continues to be updated but provided, as of June 25, 2009, that Debtors intended to assume an executory contract with Exponent ("the Executory Contract") and tendered a cure amount of $32,884.08 (the "Debtors' Cure Amount").

6. Exponent does not object to the assumption of the Executory Contract, but there is a discrepancy between the Debtors' Cure Amount and what Exponent believes to be the proper Cure Amount.

7. Exponent believes that the Debtors are acting in good faith and that any discrepancy in the cure amount can be resolved through discussions with Debtors' counsel.

8. Accordingly, Exponent is filing this objection solely to preserve its right to continue discussions with the Debtors regarding the proper cure amount. Exponent fully expects that it will resolve this issue with Debtors amicably.

**WHEREFORE** Exponent respectfully requests that the Court delay any decision regarding the assumption or assignment of the Executory Contract until Exponent and the Debtors complete negotiations and arrive at a mutually satisfactory cure amount.

Dated: New York, New York
June 29, 2009

ANNA C. AGUILAR, LLC

By: /s/ Anna Aguilar
Anna Aguilar (AA-9894)
521 Fifth Avenue, Suite 3300
New York, New York 10175
Telephone: (646) 435-4855
Facsimile: (646) 924-0599
E-mail: aaguilar@conlonaguilar.com


Attorneys for Exponent, Inc.