VENABLE LLP
Rockefeller Center, 25th Floor
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 307-5500
Edward A. Smith

-and-

VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Darek S. Bushnaq

*Counsel to GXS, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
GENERAL MOTORS CORP., *et al.*,             :    Case No. 09-50026 (REG)
                                            :
                              Debtors.      :    Jointly Administered
                                            :
------------------------------------------------------------x

## GXS INC.'S AMENDED OBJECTION TO PROPOSED CURE AMOUNT

GXS, Inc., formerly known as Global eXchange Services, Inc. ("GXS"), by and through undersigned counsel, files this amended objection (the "Amended Objection") to the proposed cure amount for GXS' executory contract with General Motors Corp. (the "Debtor") and respectfully states as follows: [1]

---

[1] This Amended Objection only corrects typographical errors in the original Objection to Proposed Cure Amount (the "Original Objection"), which was timely filed on June 25, 2009 [Docket No. 2571]. The Original Objection identified the proper cure amount as $237,937.37 in some places and $273,973.37 in others. The correct cure amount is $237,937.37 and is used throughout this Amended Objection.

1.      On June 1, 2009, the Debtor and certain affiliates commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      GXS is party to a Service Contract (the "Service Contract") dated as of June 1, 2007, by and between GXS and the Debtor, as amended, pursuant to which GXS provides certain information services to the Debtor.

3.      On or about June 19, 2009, GXS was notified by the Debtor that the Debtor intends to assume the Service Contract.

4.      The cure amount with respect to the Service Contract identified on the Debtor's Contract Website (http://www.contractnotices.com) under Vendor Master ID 5716-01058478 identified a cure amount of zero ($0).

5.      The cure amount with respect to the Service Contract identified by the Debtor is erroneous in that it fails to include eight invoices totaling $237,973.37 delivered to the Debtor by GXS that relate to the period prior to the commencement date of the Debtor's bankruptcy case, as follows:

| Invoice Number | Invoice Date | Amount |
| --- | --- | --- |
| 160451232 | 4/8/09 | $ 33,606.24 |
| 160451333 | 5/12/09 | $ 30,184.92 |
| 160451332 | 5/12/09 | $      78.85 |
| 160451331 | 5/12/09 | $ 12,728.60 |
| 160451334 | 5/12/09 | $ 73,786.76 |
| 160451353 | 5/15/09 | $ 80,088.00 |
| 160451352 | 5/15/09 | $   2,500.00 |
| 160451351 | 5/15/09 | $   5,000.00 |
|  |  | **$237,973.37** |

Copies of such invoices are attached as Exhibit A.

6.  Pursuant to 11 U.S.C. § 365(b), the Debtor must cure all defaults or provide adequate assurance that it will promptly cure all defaults in order to assume the Service Contract. GXS objects to the assumption by the Debtor of the Service Contract to the extent the Debtor fails to pay GXS the full cure amount of $237,973.37 due under the Service Contract.

WHEREFORE, GXS respectfully requests that the Court deny the Debtor's proposed assumption of the Service Contract unless the full cure amount of $237,973.37 is paid and grant such other relief as is just and proper.

Dated: New York, New York
       June 29, 2009

Respectfully submitted,

VENABLE LLP

By:  /s/ Edward A. Smith
     Edward A. Smith
     Rockefeller Center
     1270 Avenue of the Americas
     New York, New York 10020
     Telephone: (212) 983-3850
     Facsimile:  (212) 307-5598

     -and-

     Darek S. Bushnaq
     750 East Pratt Street, Suite 900
     Baltimore, Maryland 21202
     Telephone: (410) 244-7867

     *Counsel to GXS, Inc.*