UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In re:

GENERAL MOTORS CORP., et al.,

               Debtors.

Chapter 11

Case No. 09-50026 (REG)

Jointly Administered

---------------------------------------------------------X

OBJECTION AND JOINDER TO COMMITTEE OBJECTION OF ROSE COLE, GUARDIAN OF TIMOTHY L. MONTIS, A DISABLED ADULT, TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE SALE APPROVAL HEARING

Rose Cole, Guardian of Timothy L. Montis, a disabled adult, by and through her counsel, Forman Holt Eliades & Ravin LLC and John P. Edmonds LTD, independently objects and hereby joins in the limited objection of the Official Committee of Unsecured Creditors to the Motion of Debtors' described above (the "Motion") as follows:

      1.      On December 26, 2006, while Timothy Montis, now a disabled adult, was driving his 2004 Pontiac Grand Prix GT vehicle (the "Vehicle"), the steering wheel broke off and separated from the steering column so as to not allow Mr. Montis to properly steer or maintain control of the Vehicle and further causing the vehicle to veer off the roadway and roll over several times (the "Accident").

      2.      Timothy Montis was seriously and permanently injured as a result of the Accident.

ME1 8746690v.1

3. On August 7, 2008, Rose Cole, Guardian of Timothy Montis, brought an action in the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois against General Motors Corporation ("GM"), among others. The aforementioned action seeks recovery from GM for the permanent injuries sustained by Timothy Montis which were caused by GM.

4. On June 1, 2009, General Motors Corporation, and certain of its subsidiaries, filed the above-captioned, jointly administered Chapter 11 cases and the Motion.

5. On June 3, 2009, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code (the "Committee").

6. Rose Cole, Guardian of Timothy L. Montis, a disabled adult, hereby independently objects, and agrees with and joins in the limited objection of the Committee and requests that the sale be denied. The terms of the sale must be revised to leave creditors holding successor liability claims to their state law rights against the newly formed GM, with this newly formed GM expressly assuming such liabilities.

7. While the GM bankruptcy is unique, it cannot be used as a means to disregard established case law, Congressional intent, underlying state law and equitable principles, the very foundation of the American legal system. If this Court is to allow the order to be entered the end result will be leave those seriously injured by product liability defects with little or no recourse to assist a company whose management as allowed it to deteriorate over the past several decades.

8. To allow Debtors to sell substantially all of the their assets free and clear of all liens, claims, encumbrances including successor liability claims and other interests effectively denies Timothy Montis, and all others likewise situated, the ability to collect a recovery for their injuries from GM.

ME1 8746690v.1

9. More importantly and fatal to the Debtors' Motion is the fact that approving the sale as contemplated in the Motion would be contrary to Illinois state law, which expressly provides for successor liability. This Honorable court, while having equitable powers, lacks the necessary authority to re-write Illinois State law which the current sale order would efficiently accomplish.

10. The proposed sale also must fail, as set forth in the Committee's objection, because 11 U.S.C. § 363(f) of the Bankruptcy Code authorized the sale of assets free and clear of interests in a Debtors' property, not claims arising out of existing or potential causes of action that remain unliquidated.

11. In addition the sale cannot be approved until the Debtors display, to the satisfaction of this Court at a properly noticed plan approval hearing, that any assets left behind will be able to pay all administrative and priority claims against the estates so as not to delete the meager remains, if any, for unsecured creditors as contemplated in this sale.

12. Moreover, this Court cannot enjoin successor liability claims in a 363 sale. Were the Debtors to have any authority to request such arcane relief, same would be through the vehicle of a plan of reorganization which would likewise be vehemently objected to.

13. Finally, despite the unique nature of the GM case, this sale nonetheless requires appropriate notice for higher and better bids and the notice provided for a sale of this magnitude did not provide an adequate opportunity for those who may have submitted a competing offer which may have rightfully assumed the necessary liabilities.

14. It would be grossly inequitable and contrary to established law to allow the proposed order to be granted. Current claimants who have suffered at the hands off product liability defects will be irreparably and permanently harmed by this inequitable result.

3

15. While the Debtors and the new "GM" may agree to allow "future claims" this result does nothing to protect those invested in GM products over the past decades and who ultimately prove they have legitimate pre-petition product liability claims. For reasons both based in law and equity this sale order must be denied.

16. For the foregoing reasons, Rose Cole, Guardian of Timothy L. Montis, a disabled adult, by and through her counsel, Forman Holt Eliades & Ravin LLC and John P. Edmonds LTD independently objects and hereby joins in the limited objection of the Committee and requests that the sale be denied.

Dated: June 29, 2009  
      Newark, New Jersey

FORMAN HOLT ELIADES & RAVIN LLC

By:   /s/ Kimberly J. Salomon  
Kimberly J. Salomon, Esq.  
80 Route 4 East  
Paramus, New Jersey 07652  
(201) 845-1000

-and-

John P. Edmonds, Esq.  
John P. Edmonds LTD  
110 SW Jefferson, Suite 410  
Peoria, IL 61602  
(309) 674-3900

*Attorneys for Rose Cole, Guardian of Timothy L. Montis, a disabled adult*