**Successor Liability and Consumer Objections**

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1749 | Sophia Bennet | Objects to 363 Transaction on basis that she is owed amounts for loss/damage due to a recall/fire to GM vehicle. | See response to Docket No. 1811. |
| 1811 | Burton Taft, Administrator of the Estate of Brian Taft | Sale free and clear would deprive the objector of the ability to pursue and recover damages from GM for wrongful death.<br><br>The 363 Transaction is contrary to Pennsylvania Law providing for successor liability. | Case law supports the sale of a debtor's assets free and clear of claims, including successor liability claims. *In re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003).<br><br>In *In re Chrysler*, Judge Gonzalez also found that successor liability claims with respect to tort and product liability are "interests in property" and therefore subject to section 363(f). |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1926 | The States of Connecticut, Kentucky, Maryland, Minnesota, Missouri, Nebraska, North Dakota and Vermont | Sale free and clear will divest consumers of legal rights, without regard for state laws concerning successor liability.<br><br>Future claims should not be treated as claims subject to discharge in bankruptcy as doing so is contrary to public policy. | See response to Docket No. 1811.<br><br>MPA has been amended to provide that the Purchaser will expressly assume all products liability claims arising from accidents or other discrete incidents arising from operation of GM vehicles occurring subsequent to the closing of the 363 Transaction, regardless of when the product was purchased. The Debtors are not seeking a discharge as part of this transaction. |
| 1956 | The Schaefer Group | Object on basis that they were unable to determine what property is "Excluded Real Property" pursuant to the MSPA. | On June 12, 2009, the Debtors filed Exhibit F to the Master Sale and Purchase Agreement which includes a schedule of certain Excluded Owned Real Property. |

Pg 3 of 11

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1971 | The Ad Hoc Committee of the Asbestos Personal Injury Claimants | 363 Transaction is a *sub rosa* plan.<br><br>The Motion seeks to preclude asbestos claimants from asserting claims against New GM; section 524(g) cannot be circumvented.<br><br>Asbestos related claims are *in personam* claims, which cannot be sold free and clear of successor liability.<br><br>Debtors have not satisfied the requirements of section 363(f). | See Response to Objection of Unofficial Committee of Family and Dissident Bondholders, Exhibit A, Docket No. 1969.  Section 524(g) is inapplicable to a sale free and clear under section 363(f).<br><br>363 Transaction is not seeking to discharge asbestos liability claims<br><br>See response to Docket No. 1811 |
| 1987 | Gabriel Yzarra | 363 Transaction is a *sub rosa* plan.<br><br>Debtors are shifting healthcare costs to various states.<br><br>Section 363 does not permit debtors to sell free and clear of claims, only interests. | See Response to Objection of Unofficial Committee of Family and Dissident Bondholders, Exhibit A, Docket No. 1969.  See response to Docket No. 1811 |

C:\DOCUME~1\RODRIGUI\LOCALS~1\TEMP\NOTESBB86D3\US_ACTIVE_OBJECTION TABLE - TORT, PRODUCT LIABILITY, ASBESTOS, & SUCCESSOR LIABILITY_43079035_5.DOC  3

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1997 | The Ad Hoc Committee of Consumer Victims of General Motors | 363 Transaction is a *sub rosa* plan<br><br>GM's refusal to assume responsibility for tort claims is in bad faith.<br><br>Tort claimants have *in personam* claims which cannot be transferred free and clear. | See Response to Objection of Unofficial Committee of Family and Dissident Bondholders, Exhibit A, Docket No. 1969. See response to Docket No. 1811 |
| 2041 (2976)<br><br>2050 (2977)<br><br>(amended) | Callan Cambell, Kevin Junso, Edwin Agosto, Kevin Chadwick, Joseph Berlingieri and the Center for Auto Safety, Consumer Action, Consumers for Auto Reliability and Safety, National Association of Consumer Advocates, and Public Citizen | Debtors cannot transfer property free and clear of *in personam* claims or future product liability and tort claims.<br><br>Enjoining successor liability claims against the Purchaser violates applicable law, notice requirements, and due process.<br><br>The Court lacks subject matter jurisdiction over post-closing disputes between products liability claimants and the successor Purchaser. | See response to Docket Nos. 1811 and 1926. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2043 | Arkansas, Arizona, California, Connecticut, Colorado, Delaware, Georgia, Idaho, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, Nebraska, North Carolina, North Dakota, New Jersey, New Mexico, Nevada, Ohio, Oklahoma, Pennsylvania, Rhode Island, Utah, Virginia, Vermont, Washington, and West Virginia | Section 363(f)(5) does not provide for sales "free and clear" of "claims," and, as such, the Debtors cannot sell assets free and clear of successor liability.<br><br>If the Parties to the MPA seek a declaration as to whether the purchaser is a successor to the Debtor, they must actually litigate that issue before this Court.<br><br>(Also objects to sale on basis that (i) the provisions of the Sale Order are overly broad and (ii) sections 363 and 365 do not allow dealer laws to be overridden) | See response to Docket No. 1811. |
| 2065 | The States of Illinois, California, and Kansas | Joinder to objection of Kentucky, Maryland, Minnesota, Missouri, Nebraska, North Dakota and Vermont [Docket No. 1926] | See response to Docket No. 1926. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2148 | Mark Buttita | Joins in the Objection of Ad Hoc Committee of the Asbestos Personal Injury Claimants<br><br>Further objects on basis that the 363 Transaction affects rights of present and future asbestos claimants because it exceeds the scope of section 363 and provides for an illegal injunction against future liability. | See response to Docket No. 1971 |
| 2176<br>2177 | The Products Liability Claimants, the Consumer Organizations, and the Products Liability Claimant Advocates | Section 363(f) does not permit the sale of assets free and clear of a product liability claimant's potential successor liability claims.<br><br>The Court lacks subject matter jurisdiction to enjoin post-closing disputes between product liability claimants and the successor purchaser.<br><br>The purchased assets cannot be sold free and clear of successor liability for future claims. | See response to Docket Nos. 1811 and 1926. |
| 2259 | Michele Bauer | Wants an adequate pool of funds set aside to indemnify personal injury claimants. | See response to Docket No. 1811. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2263 | Mitchell R. Canty | Objects to sale of assets free and clear of successor liability for tort claims without due consideration. | See response to Docket No. 1811. |
| 2362 | Official Committee of Unsecured Creditors | Proposed order purports to cut off all state law successor liability for the Purchaser which is poor business and bad policy judgment, illegal under section 363(f), and, with respect to future claims, is a violation of due process.<br><br>Debtors must make adequate showing that enough assets will remain in the estates after the 363 Transaction to pay all administrative expenses and priority claims against the estate. | See response to Docket Nos. 1811 and 1926. |
| 2416 | Nicholaus J. Dilly | Objects on basis that 363 Transaction does not provide for successor liability, because applicable Illinois law would provide victims with personal injury relief against a 363 purchaser. | See response to Docket No. 1811. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2425 | Hawaii, New Hampshire, South Carolina, South Dakota and Wisconsin [Joinder to Docket No. 2043] | Section 363(f)(5) does not provide for sales "free and clear" of "claims," and, as such, the Debtors cannot sell assets free and clear of successor liability.<br><br>If the Parties to the MPA seek a declaration as to whether the purchaser is a successor to the Debtor, they must actually litigate that issue before this Court. | See response to Docket No. 1811. |
| 2623 | Tennessee [Joinder to Docket No. 2043 and 2425] | Section 363(f)(5) does not provide for sales "free and clear" of "claims," and, as such, the Debtors cannot sell assets free and clear of successor liability.<br><br>If the Parties to the MPA seek a declaration as to whether the purchaser is a successor to the Debtor, they must actually litigate that issue before this Court. | See response to Docket No. 1811. |
| Undocketed | John G. Cronin | Wants an adequate pool of funds set aside to indemnify personal injury claimants. | See response to Docket No. 1811. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1865 | The Trustees of the Environmental Conservation and Chemical Corporation Site Trust Fund | The Trustees object to section 2.3(a)(viii) of the MSPA, requesting clarification that the Assumed Liabilities should include environmental liabilities "relating to the clean-up of hazardous waste sites under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) as to which General Motors (i) has heretofore entered into a Consent Decree under CERCLA that has been approved by a United States District Court, and (ii) failed to make a payment that was due prior to June 1, 2009 to a fiduciary under the terms of the Consent Decree and any trust created pursuant thereto, provided that the site was listed as of June 1, 2009 on the National Priority List of the United States Environmental Protection Agency." Objection at pg 3. | Section 2.3(a)(viii) of the MPA is appropriate. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2055 | The State of New York on behalf of the New York State Department of Environmental Conservation | The NY DEC objects to those portions of the sale that purpose to determine successor liability, to eliminate the Purchaser's environmental compliance obligations regarding the assets acquired, and to disregard New York's environmental laws and regulations.<br><br>The NY DEC also requests the court to defer any finding with respect to whether the asset purchase is a successor to Old GM.<br><br>The NY DEC also objects to the lack of any funding designated to continue to meet environmental obligations at Massena, St. Lawrence County, New York, which is an Excluded Asset. | The proposed Sale Order appropriately authorizes the sale free and clear of successor liability.<br><br>The proposed Sale Order appropriately authorizes the sale free and clear of successor liability.<br><br>The proposed Sale Order appropriately authorizes the sale free and clear of successor liability. |
| 2046 | The St. Regis Mohawk Tribe | The St. Regis Mowahk Tribe objects to "[a]bandonment of severely contaminated property" at Massena, St. Lawrence County, New York, and requests the court enter an order requiring New GM to take title to the Massena site and discharge all environmental obligations with respect to the site. | New GM cannot be compelled to purchase property it does not wish to purchase. |
| 2059 | The St. Regis Mohawk Tribe | Duplicate of 2046. | See above. |

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 2019 | NCR Corporation | NCR asserts that the Debtors hold "cash property" of NCR in an express trust, constructive trust, or bailment.<br><br>NCR asserts that it has an interest in the Total Overage fund, and that the Debtors cannot transfer the funds to New GM free and clear without satisfying 363(f).<br><br>NCR also objects to the extinguishment of any setoff rights, recoupment rights, or successor liability claims NCR may otherwise have. | See response to NCR's DIP objection. |