Hearing Date and Time: June 30, 2009 at 9:45 a.m. (Eastern Time)
Objection Date and Time: June 25, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                      :        Chapter 11 Case No.
:
**GENERAL MOTORS CORP.**, *et al.*,                        :        09-50026 (REG)
:
            Debtors.                                       :        (Jointly Administered)
:
------------------------------------------------------------x

**REPLY OF DEBTORS TO OBJECTION BY ENVIRONMENTAL
TESTING CORPORATION TO FIRST OMNIBUS MOTION OF DEBTORS TO
<u>REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

respectfully represent:

**<u>Background</u>**

1.    On June 12, 2009, the Debtors filed their First Omnibus Motion to

Reject Certain Unexpired Leases of Nonresidential Real Property (the "**Motion**"), requesting

authorization to reject thirty-nine (39) unexpired leases of nonresidential real property and six (6)

related subleases [Docket No 937]. The only objection (the "**Objection**") the Debtors have

09-50026-mg    Doc 2751    Filed 06/29/09    Entered 06/29/09 19:22:06    Main Document
                                        Pg 2 of 5

received in respect of the Motion involves a lease (the "**ETC Lease**") between the Debtors and Environmental Testing Corporation (the "**Lessor**" or "**ETC**"), of a building and premises located at 4750 Kingston Street, Denver, Colorado 80239 (the "**Property**"). The ETC Lease was entered into by the Debtors on December 7, 1971, and was set to expire under its terms on December 31, 2009. GM no longer occupies or utilizes the Property and vacated the premises on or around August 1, 2008. Prior to vacating the Property, GM used the Property as an emissions testing facility for powertrains used in its vehicles.

**The Debtors Have a Right to Reject the ETC Lease and the Objection Should be Denied**

2.      ETC objects to the Debtors' request for authorization to reject the ETC Lease, arguing that allowing the Debtors to do so would be unfair and unjust because (i) only six months remain on the term of the ETC Lease and (ii) ETC will incur damages arising from the Debtors' alleged failure to restore the Property to its original condition. ETC relies solely on the Court's equitable powers under section 105 of title 11, United States Code (the "**Bankruptcy Code**") as the basis for its requested relief. As set forth below, the Debtors have a right to reject the ETC Lease in the exercise of their sound business judgment, and ETC's Objection constitutes, if anything, a claim for rejection damages that will be addressed in the context of the overall claims resolution process.

3.      As more fully described in the Motion, the Debtors, in the exercise of their sound business judgment, have determined to reject the ETC Lease because it would burdensome and costly to continue in possession and it provides no corresponding benefit or value to the Debtors' estates. The Debtors vacated the Property almost one year ago and do not require the use of the Property for their continued operations and wind down. A fundamental purpose of section 365 of the Bankruptcy Code is, among other things, to enable a debtor to benefit from

contracts and leases that are beneficial to it and to reject those contracts that are not, thereby maximizing the value of its estate. *See*, *e.g.*, *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003). Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. *See In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."); *accord Phar Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor. . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."). Accordingly, the Debtors should be authorized to reject the ETC Lease.

4. Under Section 365(g) of the Bankruptcy Code, the Debtors' rejection of the ETC Lease constitutes a breach of the agreement and gives rise to a prepetition claim for damages ("**Rejection Damage Claims**") arising out of such fictional breach. Section 365(g) of the Bankruptcy Code provides, in relevant part, that:

> the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease — (1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12 or 13 of this title, immediately before the date of the filing of the petition.

11 U.S.C. § 365(g)(1). Rejection Damage Claims include all unperformed obligations under a rejected lease or executory contract that may be reduced to the payment of money. *See, e.g., In re McCrory Corp.,* 188 B.R. 763 (Bankr. S.D.N.Y 1995) (holding that a debtor's obligations regarding environmental clean up costs gave rise to a monetary claim dischargeable in

3

bankruptcy).  Therefore, the Debtors' unperformed obligations under the ETC Lease, if any, give rise only to dischargeable Rejection Damage Claims to the extent they constitute, or may be reduced to, rights to payment of money from the Debtors.

5. Accordingly, the rights and claims of ETC alleged in the Objection may be asserted as Rejection Damage Claims, but should not prevent the Debtors from exercising their right to reject the ETC Lease as set forth in the Motion and this Reply.  The claims alleged by ETC in the Objection will be appropriately resolved through the normal claims resolution process.  ETC, like every other similarly situated creditor in these chapter 11 cases, has the ability to file a proof of claim setting forth any damages it alleges were caused by the Debtors' rejection of the ETC Lease.

## Notice

6. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the attorneys for ETC, and (xiv) all entities that

4

requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

7.  No previous request for the relief sought herein other than in the Motion has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 29, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

5