**Hearing Date and Time: July 2, 2009 at 2:00 p.m. (Eastern Time)**
**Objection Date and Time: July 2, 2009 at 9:00 a.m.. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                          :    **Chapter 11 Case No.**
                                               :
**GENERAL MOTORS CORP.**, *et al.*,            :    **09-50026 (REG)**
                                               :
                        Debtors.               :    **(Jointly Administered)**
                                               :
------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362, 363, 364 AND 507 AND BANKRUPTCY RULES 2002, 4001 AND 6004 TO AMEND DIP CREDIT FACILITY

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 29, 2009 (the "**Motion**"), of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession (the "**Debtors**"), pursuant to sections 105(a), 361, 362, 363, 364 and 507, of title 11, United States Code to amend their existing DIP Facility (as defined in the Motion), as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 2, 2009 at 2:00 p.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (v) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (vii) the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("**UAW**"), 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xi) Cohen,

Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv) the affected Ordinary Course Professional(s) (as defined in the Motion) listed in Exhibit C annexed to the Motion, so as to be received no later than **July 2, 2009, at 9:00 a.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      June 29, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: July 2, 2009 at 2:00 p.m. (Eastern Time)
Objection Date and Time: July 2, 2009 at 9:00 a.m.. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                        :     Chapter 11 Case No.
                                             :
**GENERAL MOTORS CORP.**, *et al.*,          :     09-50026 (REG)
                                             :
                Debtors.                     :     (Jointly Administered)
                                             :
------------------------------------------------------------x

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362, 363, 364 AND 507 AND BANKRUPTCY RULES 2002, 4001 AND 6004 TO AMEND DIP CREDIT FACILITY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       1.      This Motion seeks approval of an amendment to the Debtors' DIP Credit Facility (as defined below) to finalize the terms of the financing for the wind-down of the Debtors' estates following the closing under the 363 Transaction (as defined below).

**Background**

       2.      On June 1, 2009, General Motors Corporation ("**GM**") and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), filed a motion for authority to obtain debtor in possession financing (the "**DIP Facility**") from the United States

Department of Treasury and Export Development of Canada, and for related relief [Docket No. 81] (the "**DIP Motion**").[1]

3. On June 2, 2009, the Court entered an interim order [Docket No. 292] granting the relief set forth in the DIP Motion on an interim basis.

4. On June 25, 2009, the Court entered a final order [Docket No. 2529] granting the relief set forth in the DIP Motion on a final basis (the "**Final DIP Order**"). The Final Order approved a $33.3 billion credit facility to fund the Debtors' operations and the administration of the chapter 11 cases through the consummation of the 363 Transaction.

## The 363 Transaction and the Wind-Down Facility

5. On June 1, 2009, the Debtors filed a motion to approve the sale of substantially all of the Debtors' assets pursuant to that certain Master Sale and Purchase Agreement, among the Debtors and Vehicle Acquisition Holdings LLC, a purchaser (the "**Purchaser**") sponsored by the United States Department of the Treasury (the "**363 Transaction**"). Subsequent to closing under the 363 Transaction, the Debtors intend to liquidate their remaining assets, resolve claims, and seek to confirm a chapter 11 plan of liquidation. The DIP Lenders have agreed to provide a facility up to $950 million in the form of an Amended and Restated DIP Credit Facility (the "**Amended DIP Facility**") to fund the wind-down of the Debtors and these chapter 11 cases (the "**Wind-Down**").

6. The DIP Motion and DIP Facility contemplate the Amended DIP Facility. The DIP Motion provides at page 4:

> <u>Wind-Down Loan</u>. The Lenders agree to provide a wind-down loan upon agreement of the wind down budget (expected to be

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Motion.

approximately $950 million), in an amount satisfactory to a majority, by aggregate exposure, of the lenders.

7.    Section 2.14 of the DIP Facility similarly provides that the Tranche C Term Loan would be converted into a Wind-Down Facility.

8.    In addition, the Final DIP Order provides at ¶ 21:

> On or substantially contemporaneous with the closing of the Related Section 363 Transactions, the Tranche C Term Loan (as such term is defined in the DIP Credit Facility) in an amount not less than $950,000,000 shall be provided to the Borrower in accordance with section 2.14 of the DIP Credit Facility to fund the wind-down of the Debtors (the "**Wind-Down Facility**"). The funding of the Wind-Down Facility shall be subject to an appropriate amendment to the DIP Credit Facility, acceptable to the Debtors and the DIP Lenders, which amendment shall be subject to approval by this Court on three days notice after the filing of a motion seeking approval of the Wind-Down Facility.

9.    The hearing on the 363 Transaction is scheduled for June 30, 2009. The Debtors and the Purchaser desire to close the 363 Transaction as promptly as possible following the entry of an order approving the 363 Transaction, assuming that the Court decides to enter such an order. As such, the Debtors are currently finalizing the terms of the Amended DIP Facility with the DIP Lenders.

10.    The Debtors are thus seeking approval of the Amended DIP Facility which reflects the Wind-Down Facility. The Debtors will file a draft of the Amended DIP Facility prior to the hearing on this Motion. The primary terms of the Amended DIP Facility as contemplated as of the date of this Motion are set forth below:

(a)    <u>Borrower</u>. General Motors Corporation, the Debtor.[2]  Wind Down Facility preamble.

(b)    <u>Lenders</u>. The U.S. Treasury and EDC. Wind Down Facility preamble.

---

[2] General Motors Corporation will be changing its name at the time of the closing of the 363 Transaction.

(c)     Guarantors.  Certain domestic subsidiaries listed on Schedule 1.1B of the Wind Down Facility.  Wind Down Facility Schedule 1.1B.

(d)     Collateral.  The obligations under the Wind-Down Facility are to be secured by substantially all property and assets of the Borrower and the Guarantors other than (i) any stocks, warrants, options or other equity interests issued to or held by any Debtor pursuant to the Related Section 363 Transactions (as defined in the Wind-Down Facility) and (ii) avoidance actions arising under chapter 5 of the Bankruptcy Code and applicable state law against the Prepetition Senior Facilities Secured Parties (as defined in the DIP Facility).  For the avoidance of doubt, the proceeds of the Wind-Down constitute Collateral . Wind-Down Facility, § 1.1.

(e)     Joint Liability.  Subject to the limitation on recourse in paragraph (f), the Guarantors will guarantee the obligations under the Wind Down Facility on a joint and several basis pursuant to an Amended and Restated Guaranty and Security Agreement.  Wind Down Facility Exhibit A.

(f)     Limitation on Recourse.  The obligations under the Wind-Down Facility will be non-recourse to the Borrower or the Guarantors, and recourse would be only to the Collateral.  Wind-Down Facility, §2.1.

(g)     Borrowing Limits. Outstanding amounts of Tranche C Term Loans, in an amount not less than $950 million.  Wind Down Facility preamble, Schedule 1.1A.

(h)     Interest Rate.  The non-default rate for Eurodollar loans is the sum of (a) the greater of (i) the LIBOR rate for the period of the applicable loan, adjusted for certain reserve requirements and (ii) 2.00%, plus (b) 3.00% and for ABR loans is the sum of (a) the greater of (i) the prime rate, (ii) the fed funds rate plus 0.5%, and (iii) the three month Eurodollar rate plus 1%, plus (b) 2.00%.  Wind Down Facility § 2.6(a)-(b).  The default interest rate for outstanding loans is the otherwise applicable non-default rate (which, at the sole discretion of the U.S. Treasury may be the rate applicable to ABR loans) plus 5.00%.  The default interest rate for all other outstanding obligations is the applicable non-default rate for ABR loans plus 5.00%.  Wind Down Facility § 2.6(d). Interest accruing under the Wind-Down facility will be paid by adding such interest to the principal amount outstanding thereunder. Wind-Down Facility § 2.6(f).

(i)     Purpose.  The Wind Down Facility proceeds will be used to finance working capital needs and other general corporate purposes incurred in connection with the Wind-Down, including the payment of expenses associated with the administration of the Debtors' cases.  Wind Down Facility § 3.20.

(j)     Wind-Down Budget.  The Borrower and the Lenders are discussing an agreed upon wind-down budget (the "**Wind-Down Budget**").  On a quarterly basis, the Borrower will amend the Wind-Down Budget by providing the Lenders reports of projected receipts and disbursements on a rolling 12-month basis that are certified by an officer of the Borrower.  Wind Down Facility § 1.1 and Annex I.

(k)     Maturity.  Maturity Date will be the date on which all claims against the Debtors have been resolved such that there are no remaining disputed claims, all assets of the Debtors (other than remaining cash) have been liquidated, all distributions on account of allowed claims

have been made, and all other actions that are required under the plan of liquidation (other than the dissolution of the last remaining Debtor) have been completed. On the Maturity Date, the plan administrator or other individual or entity charged with administering the liquidation plan shall be entitled to retain a de minimis amount of funds to complete the dissolution of the last remaining Debtor. Wind Down Facility § 1.1.

(l)    <u>Voluntary Prepayments</u>.  The Wind Down Facility may be prepaid, in whole or in part, without premium or penalty, subject to minimum prepayment amounts in the case of partial prepayments. Wind Down Facility § 2.4.

(m)    <u>Mandatory Prepayment</u>. The Borrower is required to prepay the loans in an amount equal to the net cash proceeds of certain asset sales, extraordinary receipts, casualty and condemnation events and from the incurrence of indebtedness not permitted to be incurred under the Wind Down Facility, in each case subject to certain exceptions. Wind Down Facility § 2.5.

(n)    <u>Events of Default</u>.  The Events of Default include the following (among others): (i) any failure to pay the obligations under the Wind-Down Facility on the Maturity Date; (ii) breach of non-payment obligations or covenants not covered by another Event of Default clause, and such default has not been remedied within the applicable grace period provided therein, or if no grace period, within ten (10) business days; (iii) the appointment of a trustee, dismissal of the cases, and similar bankruptcy-related provisions; (iv) an order granting relief from the automatic stay to certain secured parties; (v) a judgment for the payment of money in excess of $25 million shall be entered and not stayed for ten calendar days; (v) entry of any order modifying in any material respect the DIP Orders, or the failure of the Debtors or certain non-debtor affiliates to comply with the DIP Orders; (vi) certain ERISA-related events; and (vii) any change of control; (viii) certain insolvency triggers in respect of certain of the Debtors' affiliates. Wind Down Facility § 7.1.

(o)    <u>Remedies</u>.  The DIP Lenders are required to provide five (5) business days' written notice prior to exercising any setoff rights or enforcing any liens or certain other remedies. Lenders' recourse is solely to the Collateral and there shall be no other recourse to the Borrower or the Guarantors.[3] Wind Down Facility § 7.2.

(p)    <u>Initial Conditions</u>.  Funding of the DIP Facility is contingent upon a number of conditions precedent, including, among others, (i) Lender satisfaction with the terms of the 363 sale transaction; (ii) the Final Order not having been reversed, modified, amended, stayed or vacated without Lender consent; and (iii) delivery of the Wind-Down Budget. Wind Down Facility § 4.1.

(q)    <u>Indemnification</u>.  The Borrower indemnifies the Lenders for any loss resulting from early termination of LIBOR contracts due to payment of the applicable loan on a date other than the last day of the applicable interest period and other circumstances. Wind Down Facility § 2.10. The Borrower also provides certain tax indemnities to the Lenders. Wind Down Facility

---

[3] See ¶ 10(f).

§ 2.12. The Borrower also provides an indemnity in respect of certain expenses, liabilities and legal fees and breaches of environmental law. Wind Down Facility § 8.5.

### The Amended DIP Facility Should be Approved

11. The relief requested herein was contemplated by the DIP Motion and the Final DIP Order. The terms of the Amended DIP Facility are fair and reasonable and provide financing with the flexibility necessary to fund the liquidation of the Debtors' estates in an orderly fashion to maximize value. Absent approval of the Amended DIP Facility, the Debtors would not have sufficient liquidity to continue to administer their cases in chapter 11 and seek to pursue a plan. Under such circumstances, the Debtors would likely have no choice but to convert the cases to cases under chapter 7 of the Bankruptcy Code.

12. Significantly, the DIP Lenders have agreed (i) not to take a security interest in the stock of the Purchaser that the Debtors are receiving as consideration for the 363 Transaction and (ii) not to seek recourse against the Debtors for any unpaid portion of the DIP Facility if the proceeds of the collateral security therefor are insufficient. The Debtors believe there are no other lenders willing to provide funding on these or better terms.

13. Simply stated, the Amended DIP Facility is the only source of immediate liquidity for the wind-down of these estates. The terms and provisions of the Amended DIP Facility are fair and reasonable, both economically and from the perspective of how the funds may be used. Under these circumstances, the Debtors believe that the Amended DIP Facility is in the best interests of the Debtors and their estates and should be approved.

### Jurisdiction

14. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Notice**

15. The Final DIP Order authorized that a hearing on this Motion could be held on 3 days' notice. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16. Other than the DIP Motion, no previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 29, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession