| | |
|---|---|
| HERRICK, FEINSTEIN LLP<br>2 Park Avenue<br>New York, New York 10016<br>(212) 592-1400<br>(212) 592-1500 (fax)<br>William R. Fried<br>wfried@herrick.com | Hearing Date: July 30, 2009 at 10:00 a.m.<br>Objection Due: July 15, 2009 at 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| GENERAL MOTORS CORPORATION, | Case No. 09-50026 (REG) |
| Debtor. | |

-------------------------------------------------------x

**NOTICE OF MOTION FOR AN ORDER
GRANTING RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

**PLEASE TAKE NOTICE**, that Evgeny Friedman and the plaintiffs in the action entitled, *Friedman v. General Motors Corp.*, 08 Civ. 2458 (SAS) ("Movants"), by their counsel, Herrick Feinstein LLP, shall move before the Honorable Robert E. Gerber, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York, on July 20, 2009, at 10:00 a.m., or as soon thereafter as counsel may be heard, for an Order granting Movants relief from the automatic stay (the "Motion") pursuant to Section 362(d)(1) of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must (i) be made in writing, (ii) state with particularity the grounds therefor, (iii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (iv) be filed with the Bankruptcy Court electronically in accordance with General Order M-182 (General

Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format, a hard copy to be the delivered directly to Chambers of the Honorable Gerber, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York 10004), and (v) be served in accordance with General Order M-182, upon: (a) upon counsel for Movants at the following address: Herrick Feinstein LLP, 2 Park Avenue, New York, New York 10016, Attention: William R. Fried, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) the attached service list, so as to be received no later received no later than July 15, 2009 at :00 p.m. (New York time).

## CERTIFICATION

William R. Fried hereby certifies, in support of the motion by Evgeny Friedman and the plaintiffs in the action entitled, *Friedman v. General Motors Corp.*, 08 Civ. 2458 (SAS) ("Movants"), for an Order granting Movants relief from the automatic stay pursuant (the "Motion") to Section 362(d)(1) of Chapter 11 of Title 11, United States Code, as follows:

On June 29, 2009, I spoke via telephone with Timothy J. McHugh, Esq., counsel for General Motors Corporation (the "Debtor"), the Debtor in the captioned proceeding, in an attempt to resolve the Motion. The parties disagree as to the substance of the Motion. Movants argue that they are entitled relief from the stay so that they may appeal the District Court's decision dismissing Movant's Third Amended Complaint. The Debtor's position is that Movants are not entitled to relief from the automatic stay.

Dated: New York, New York
June 29, 2009

HERRICK, FEINSTEIN LLP

By: /s/ William R. Fried
William R. Fried
wfried@herrick.com
2 Park Avenue
New York, NY 10016
(212) 592-1400

*Attorneys for Evgeny A. Friedman, et al.*

TO: Paul H. Levinson, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue, 18th Floor
New York, NY 10016
(212) 448-1100
plevinson@mclaughlinstern.com
Attorneys for Defendant Arcola Sales & Service Corp.

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue - Suite 320A
Morristown, NJ 07960
(973) 644-0770
hartmann.christopher@yahoo.com
Attorneys for Defendant Arcola Sales & Service Corp.

Timothy J. McHugh, Esq.
Lavin, O'Neil, Ricci, Cedrone & DiSipio
420 Lexington Ave.
Graybar Building, Suite 2900
New York, NY  10170
(212) 319-6898
tmchugh@lavin-law.com
Attorneys for Defendant General Motors Corp.

John J. O'Donnell, Esq.
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA  19106
(215) 627-0303
JO'Donnell@lavin-law.com
Attorneys for Defendant General Motors Corp.

Jamison A. Diehl, Esq.
Robert Hardy Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
(212) 872-1000
jdiehl@akingump.com
rpees@akingump.com
Attorneys for Defendant ElDorado National, Inc

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
William R. Fried
wfried@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                              Chapter 11

GENERAL MOTORS CORPORATION,            Case No. 09-50026 (REG)

           Debtor.
---------------------------------------------------------x

### MOTION OF PLAINTIFFS IN THE ACTION ENTITLED *FREIDMAN V. GENERAL MOTORS CORP.*, 08 CIV 2458 (SAS) FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

     Evgeny Friedman and the plaintiffs in the action entitled *Friedman v. General Motors Corp.*, 08 Civ. 2458 (SAS) ("Movants"), by their attorneys, Herrick, Feinstein LLP, as and for its motion (this "Motion") seeking entry of an order, substantially in the form annexed hereto as Exhibit "1", modifying the automatic stay pursuant to Section 362(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to enable it to proceed with the appeal of the decision of the Honorable Shira A. Scheindlin, U.S.D.J., dismissing Movant's Third Amended Complaint for fraud and breach of express warranty against General Motors (the "Debtor"), respectfully alleges as follows:

## BACKGROUND

**The Dispute Between Movants and the Debtor**

1. Movants are a group of taxi companies and individual owners of handicap-accessible taxicab medallions permitting the operation of handicap-accessible taxicabs in New York City.

2. In March of 2008, Movants filed an action in the Southern District of New York against the Debtor entitled *Friedman v. General Motors Corp.*, 08 Civ. 2458 (SAS) (the "Action"). The Action alleges fraud and breach of warranty against the Debtor based on material misrepresentations made by the Debtor regarding its promises to manufacture, retrofit, and sell to Movants certain Chevrolet Uplanders for use as wheelchair-accessible taxicabs in New York City in compliance with the specifications and requirements of the New York City Taxi & Limousine Commission.

3. Movants amended their complaint against the Debtors two times. The Third Amended Complaint is annexed hereto as Exhibit "A" and its allegations are incorporated as if set forth fully herein.

4. As set forth fully in the Third Amended Complaint, the Debtor's fraud has not only resulted in substantial economic losses to Movants, but the defects in their products resulted in wanton and gross disregard for the safety of Movants' customers, drivers and the public at large.

5. By Opinion and Order, dated May 29, 2009, the Honorable Shira A. Scheindlin, U.S.D.J. dismissed Movant's Third Amended Complaint. A copy of the May 29, 2009 Opinion and Order (the "Decision") is annexed hereto as Exhibit "B."

6.    Simultaneously with this motion, Movants have served and filed a Notice of Appeal of the Decision to the Second Circuit. A copy of the Notice of Appeal is annexed hereto as Exhibit "C."

7.    Movants respectfully submit that the Decision dismissing Movants' Third Amended Complaint was erroneous.

8.    Relief from the automatic stay is imperative in order to permit Movants to appeal the Decision.

**The Debtor's Chapter 11 Filing**

9.    One day after the Decision, on June 1, 2009 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition (the "Petition") in this Court.

**ARGUMENT**

**MOVANTS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR CAUSE PURSUANT TO 11 U.S.C. § 362(D)(1) BECAUSE THE DEBTOR CANNOT PROVIDE MOVANTS WITH ADEQUATE PROTECTION**

10.    Movants are entitled to relief from the automatic stay because the Debtor is unable to provide adequate protection. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay …
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d).

11. A court must lift the stay if the movant can demonstrate that any of the grounds set forth in § 362(d) for stay relief are met. *See, In re Elmira Litho Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (citing *In re Touloumis*, 170 B.R. 825, 827 (Bankr. S.D.N.Y. 1994); *In re de Kleinman*, 156 B.R. 131, 136 (Bankr. S.D.N.Y. 1993); *In re Diplomat Elecs. Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988)).

12. The Bankruptcy Code does not define what constitutes "cause" for relief from the stay; rather, the bankruptcy court has discretion to decide on a case-by-case basis whether cause for relief from the automatic stay exists. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285-86 (2d Cir. 1990); *In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004). Here, cause for relief from the stay may be found based upon a lack of adequate protection.

13. Movants respectfully submit that staying Movants' appeal of the District Court's erroneous Decision dismissing the Third Amended Complaint will deprive Movants of their ability to pursue their meritorious claims for breach of warranty and fraud against the Debtor. Without relief from the automatic stay, Movants stand to forfeit those claims and there is no adequate, substitute relief available to Movants.

WHEREFORE, Movants respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit "1" modifying the automatic stay to enable it to proceed with the appeal of the Decision.

Dated: New York, New York
June 29, 2009

                        HERRICK, FEINSTEIN LLP

By: /s/ William R. Fried
William R. Fried
wfried@herrick.com

2 Park Avenue
New York, NY 10016
(212) 592-1400

*Attorneys for Evgeny Friedman, et al.*