# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
EVGENY A. FREIDMAN, VLADIMIR BASIN, :
MAMED DZHANIYEV, Victory Taxi Garage Inc., :  Civ. No. 08-CV-02458 (SAS)
Tunnel Taxi Management, LLC, Downtown Taxi :
Management, LLC, Bazar Taxi Inc., Patron Taxi :  **NOTICE OF APPEAL**
LLC, Grappa Taxi LLC, Cognac Taxi LLC, :
Calvados Taxi LLC, Tequila Taxi LLC, Jack :
Daniels Taxi LLC, Murzik Taxi Inc., Malinka Taxi :
Inc., Yagodka Taxi Inc., Persik Taxi Inc., Bratishka :
Taxi Inc., Pumo Taxi Inc., Piguet Taxi Inc., :
Kormilitsa Taxi Inc., Prada Taxi, Inc., Student Taxi :
Inc., Hublot Taxi Inc., Torpedo Taxi Inc., Black :
Label Taxi LLC, Praga Taxi Inc., Two Hump Taxi :
LLC, Kroshka Taxi Inc., Lacoste Taxi Inc., Sangria :
Taxi LLC, Volba Taxi Inc., :
                                                   :
                      Plaintiffs, :
                                                   :
    -against- :
                                                   :
GENERAL MOTORS CORP., ELDORADO :
NATIONAL, INC., and ARCOLA SALES & :
SERVICE CORP., :
                                                   :
                      Defendants. :
----------------------------------------X

   **NOTICE** is hereby given that Plaintiffs Evgeny A. Freidman, Vladimir Basin,

Mamed Dzhaniyev, Victory Taxi Garage, Inc., Tunnel Taxi Management, LLC, Downtown Taxi

Management, LLC, Bazar Taxi Inc., Patron Taxi LLC, Grappa Taxi LLC, Cognac Taxi LLC,

Calvados Taxi LLC, Tequila Taxi LLC, Jack Daniels Taxi LLC, Murzik Taxi Inc., Malinka Taxi

Inc., Yagodka Taxi Inc., Persik Taxi Inc., Bratishka Taxi Inc., Pumo Taxi Inc., Piguet Taxi Inc.,

Kormilitsa Taxi Inc., Prada Taxi, Inc., Student Taxi Inc., Hublot Taxi Inc., Torpedo Taxi Inc.,

Black Label Taxi LLC, Praga Taxi Inc., Two Hump Taxi LLC, Kroshka Taxi Inc., Lacoste Taxi

Inc., Sangria Taxi LLC, and Volba Taxi Inc. hereby appeal to the United States Court of Appeals

for the Second Circuit from the Opinion and Order of the Honorable Shira A. Scheindlin, U.S.D.J., entered in this action on the 29th day of May, 2009. A copy of the Opinion and Order in this matter is attached hereto as Exhibit A.

                Respectfully submitted,

                HERRICK, FEINSTEIN LLP

                By: _____
                    William Fried
                Attorneys for Plaintiffs
                2 Park Avenue
                New York, New York 10016
                (212) 592-1400
                wfried@herrick.com

Dated: New York, New York
       June 29, 2009

To:        Paul H. Levinson, Esq.
          McLaughlin & Stern, LLP
          260 Madison Avenue, 18th Floor
          New York, NY 10016
          (212) 448-1100
          plevinson@mclaughlinstern.com
          Attorneys for Defendant Arcola Sales & Service Corp.

          Timothy J. McHugh, Esq.
          Lavin, O'Neil, Ricci, Cedrone & DiSipio
          420 Lexington Ave.
          Graybar Building, Suite 2900
          New York, NY 10170
          (212) 319-6898
          tmchugh@lavin-law.com
          Attorneys for Defendant General Motors Corp.

John J. O'Donnell, Esq.
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303
jodonnell@lavin-law.com
Attorneys for Defendant General Motors Corp.

Jamison A. Diehl, Esq.
Robert Hardy Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212) 872-1000
jdiehl@akingump.com
rpees@akingump.com
Attorneys for Defendant ElDorado National, Inc

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue - Suite 320A
Morristown, NJ 07960
(973) 644-0770
hartmann.christopher@yahoo.com
Attorneys for Defendant Arcola Sales & Service Corp.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

EVGENY A. FREIDMAN, VLADIMIR
BASIN, MAMED DZHANIYEV, VICTORY
TAXI GARAGE INC., TUNNEL TAXI
MANAGEMENT, LLC, DOWNTOWN
TAXI MANAGEMENT, LLC, BAZAR TAXI
INC., PATRON TAXI LLC, GRAPPA TAXI
LLC, COGNAC TAXI LLC, CALVADOS
TAXI LLC, TEQUILA TAXI LLC, JACK
DANIELS TAXI LLC, MURZIK TAXI INC.,
MALINKA TAXI INC., YAGODKA TAXI
INC., PERSIK TAXI INC., BRATISHKA
TAXI INC., PUMO TAXI INC., PIGUET
TAXI INC., KORMILITSA TAXI INC.,
PRADA TAXI, INC., STUDENT TAXI INC.,
HUBLOT TAXI INC., TORPEDO TAXI
INC., BLACK LABEL TAXI LLC, PRAGA
TAXI INC., TWO HUMP TAXI LLC,
KROSHKA TAXI INC., LACOSTE TAXI
INC., SANGRIA TAXI LLC, VOLBA TAXI
INC.,

            Plaintiffs,

- against -

GENERAL MOTORS CORP., ELDORADO
NATIONAL, INC., and ARCOLA SALES &
SERVICE CORP.,

            Defendants.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

**OPINION AND ORDER**

08 Civ. 2458 (SAS)

1

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiffs, a group of taxi companies and the individual owners of handicap-accessible taxicab medallions permitting the operation of handicap-accessible taxicabs in New York City (collectively, "Taxi Companies"), are suing General Motors Corp. ("GM") for breach of express warranty and for fraud and misrepresentation, and Arcola Sales & Service Corp. ("Arcola") for breach of contract. GM now moves to dismiss the Complaint.[1]

In an Opinion and Order dated February 23, 2009 ("2/23/09 Order"), this Court granted GM and ElDorado's joint motion to dismiss the Taxi Companies' Second Amended Complaint ("SAC") and granted the Taxi Companies leave to replead their claims for breach of express warranty and for fraud and misrepresentation. The Taxi Companies have filed a Third Amended Complaint ("TAC"), and GM has again moved to dismiss. For the reasons discussed below, GM's motion is granted.

## II.    BACKGROUND

---

[1] Plaintiffs also sued ElDorado National, Inc. ("ElDorado"). Plaintiffs and ElDorado have reached a settlement and ElDorado is no longer a defendant.

2

A detailed description of the facts can be found in this Court's 2/23/09 Order.[2] The instant Opinion and Order assumes familiarity with the facts of this case and the parties involved.

## III. APPLICABLE LAW

### A. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[3] and "draw all reasonable inferences in the plaintiff's favor."[4] Nevertheless, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[5]

---

[2] See Freidman v. General Motors Corp., No. 08 Civ. 2458, 2009 WL 454252 (S.D.N.Y. Feb. 23, 2009).

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 554, 572 (2007). Accord Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009).

[4] Ofori-Tenkorang v. American Int'l Group, Inc., 460 F.3d 296, 298 (2d Cir. 2006).

[5] In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted).

3

To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[6] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Plausibility "is not akin to a probability requirement," rather plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[8] Pleading a fact that is "merely consistent with a defendant's liability" does not satisfy the plausibility standard.[9]

In a motion to dismiss, the court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."[10] A document is considered incorporated by reference if it is "in a pleading . . . adopted by reference elsewhere in the same pleading or in any other pleading or motion."[11] A

---

[6] See *Twombly*, 550 U.S. at 564.

[7] *Ashcroft v. Iqbal*, — U.S. —, — S. Ct. —, 2009 WL 1361536, at *12 (May 18, 2009) (quotation omitted).

[8] *Id.* (quotation omitted).

[9] *Id.* (quotation omitted).

[10] *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[11] Fed. R. Civ. P. 10(c).

4

court may also consider a document not specifically incorporated by reference but on which the complaint heavily relies and which is integral to the complaint.[12] This is particularly true when the plaintiff either had the document in its possession or knew of the document when bringing suit.[13] On the other hand, if a court is presented with material outside of the pleadings, it should either exclude the material in its consideration of the motion to dismiss or otherwise consider the material after converting the motion to dismiss into a motion for summary judgment.[14]

### B. Breach of Express Warranty

"In order for an express warranty to exist, there must be an affirmation of fact or promise by the seller, the natural tendency of which is to induce the buyer to purchase."[15] Further, "such an affirmation must be distinguished from puffery."[16] Thus, a plaintiff must allege that the seller

---

[12] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1991).

[13] *See Edison Fund v. Cogent Inv. Strategies Fund., Ltd.*, 551 F. Supp. 2d 210, 217 (S.D.N.Y. 2008).

[14] *See Chambers*, 282 F.3d at 154.

[15] *Daley v. McNeil Consumer Prods. Co.*, 164 F. Supp. 2d 367, 376 (S.D.N.Y. 2001).

[16] *Id.*

5

"assert[ed] a fact of which the buyer is ignorant."[17] As such, express warranties are typically the result of negotiation and become part of the bargain.[18]

Warranties are not always part of a formal contract, however, and in New York the requirement of privity between buyer and seller has been substantially relaxed for claims of breach of express warranty.[19] Nevertheless, a plaintiff must still "set forth the terms of the alleged warranty with sufficient particularity to give fair notice thereof."[20] Additionally, "[w]here the writing contains an express warranty, proof of an additional oral warranty is generally not allowed."[21]

Finally, a manufacturer may limit both plaintiff's remedies and defendant's liability via express warranty.[22] The "failure of one method of

---

[17] *Id.* at 377.

[18] *See* 18 Williston on Contracts § 52:45 (4th ed. 2008).

[19] *See Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y.2d 5, 12-13 (1962).

[20] *Copeland v. Weyerhaeuser Co.*, 509 N.Y.S.2d 227, 228 (4th Dep't 1986). *Accord Hicksville Dry Cleaners, Inc. v. Stanley Fastening Sys., L.P.*, 830 N.Y.S.2d 530, 531 (1st Dep't 2007).

[21] 11 Williston on Contracts § 33:31 (4th ed. 2008).

[22] *See Proto Constr. & Dev. Corp. v. Superior Precast, Inc.*, No. 99 Civ. 2851, 2002 WL 1159593, at *8 (E.D.N.Y. May 28, 2002). *See also Roneker v. Kenworth Truck Co.*, 944 F. Supp. 179, 183-84 (W.D.N.Y. 1996).

limiting liability does not render the other limitation ineffective."[23] Accordingly, the inquiry is "(1) whether the limited remedy failed in its essential purpose, and (2) whether the exclusion of consequential damages was unconscionable."[24] To demonstrate that the warranty fails its essential purpose, a plaintiff must allege that "enforcement of the limited remedy clause would effectively deprive [it] of a remedy."[25] To avoid the limitation on damages, a plaintiff must show that the damage limitation clause is unconscionable.[26]

### C.    Fraud and Misrepresentation

"To prevail on a fraudulent misrepresentation claim under New York law, . . . a plaintiff must show (1) that the defendant made a misrepresentation (2) as to a material fact (3) which was false (4) and known to be false by the defendant (5) that was made for the purpose of inducing the plaintiff to rely on it (6) that the plaintiff rightfully did so rely (7) in ignorance of its falsity (8) to his injury."[27]

---

[23]    *Proto Constr. & Dev. Corp.*, 2002 WL 1159593, at *8.

[24]    *Roneker*, 944 F. Supp. at 184.

[25]    *Maltz v. Union Carbide Chems. & Plastics Co., Inc.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998).

[26]    *See American Tel. & Tel. Co. v. New York City Human Resources Admin.*, 833 F. Supp. 962, 988 (S.D.N.Y. 1993).

[27]    *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting *Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987)).

Further, a defendant's mere "failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made."[28]

A complaint alleging fraud must satisfy Rule 9(b)'s requirement that "the circumstances constituting fraud . . . be stated with particularity."[29] "This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits."[30] To comply with the requirements of Rule 9(b), a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[31] "Allegations that are conclusory or unsupported by factual assertions are insufficient."[32]

## IV. DISCUSSION

---

[28] *Id.*

[29] Fed. R. Civ. P. 9(b). *Accord ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

[30] *ATSI*, 493 F.3d at 99 (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)).

[31] *Rombach*, 355 F.3d at 170 (quotation omitted). *Accord ATSI*, 493 F.3d at 99 (citing *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)).

[32] *ATSI*, 493 F.3d at 99.

### A.  Breach of Express Warranty

In the 2/23/09 Order, this Court held that the GM Warranty constitutes an enforceable express warranty that includes both a limited remedy clause and a damage limitation clause.[33] This Court also held that the GM Warranty, both by its plain language and in accordance with the parol evidence rule, is not altered by oral or written representations made by GM employees.[34] Additionally, this Court noted that "because there is no allegation that the damages limitation is unconscionable, nor is there any other reason to believe it is unconscionable, the Taxi Companies are barred from recovering incidental or consequential damages"[35] under the warranty.

The TAC does not allege an actionable theory of breach of express warranty. As in the SAC, the Taxi Companies do not argue that the GM Warranty's damages limitation is unconscionable. Rather, plaintiffs assert that the warranty's limited remedy clause has failed its essential purpose.[36] The Taxi Companies argue that by limiting them to only a repair remedy, "[e]nforcement of

---

[33]    *See Freidman*, 2009 WL 454252, at *3.

[34]    *See id.*

[35]    *Id.*

[36]    *See* TAC ¶ 110.

9

the Limited Remedy Clause would deprive Plaintiffs of a remedy altogether under the circumstances."[37] The limited remedy clause, however, does not deprive the Taxi Companies of all potential remedies. Although GM's alleged inability to repair the defective vehicles would render the limited remedy of repair illusory, the limited remedy clause only prevents the Taxi Companies from seeking alternative compensatory remedies. The fact that plaintiffs are also unable to recover other non-compensatory damages, such as incidental or consequential damages, under the GM Warranty is the result of the independent damage limitation clause, not the limited remedy clause. The two clauses are distinct, and it is well-settled under New York law that "[e]ach clause stands on its own and may be given effect without regard to the other."[38]

### B.   Fraud and Misrepresentation

In the 2/23/09 Order, this Court held that the Taxi Companies had failed to plead their claims of fraud and misrepresentation with sufficient specificity.[39] Although the Taxi Companies suggested that GM and ElDorado had disregarded the New York City Taxi and Limousine Commission's ("TLC") safety

---

[37]   *Id.* ¶ 111.

[38]   *Roneker*, 944 F. Supp. at 184.

[39]   *See Freidman*, 2009 WL 454252, at *4.

10

standards and misrepresented their ability to comply with those standards, the Taxi Companies failed to "allege the statements, speaker, date, or content of the alleged fraud or the circumstances that were so egregious as to warrant an award of punitive damages."[40]

The TAC still fails to sufficiently allege a claim of fraud and misrepresentation. The Taxi Companies do not aver any facts to suggest that GM purposefully disregarded the safety standards promulgated by the TLC. Rather, plaintiffs flatly conclude that GM "intentionally and knowingly disregarded safety standards required by the TLC"[41] and restate a litany of defects in the retrofitted vehicles. Indeed, the Taxi Companies unwittingly concede that GM did not act with the requisite intent to commit fraud by alleging that GM would have noticed the defects in the retrofitted vehicles if it had properly tested the vehicles prior to delivery.[42]

The Taxi Companies also fail to make out a prima facie case for fraud on the basis of any of GM's alleged misrepresentations. *First*, the Taxi Companies offer only conclusory allegations that GM deliberately misrepresented

---

[40] *Id.*

[41] TAC ¶ 132.

[42] *See id.* ¶ 51.

11

its ability to modify the vehicles to comply with the TLC's standards. *Second,* even assuming that GM failed to modify the vehicles to comply with the TLC's requirements after representing that it would do so, such conduct would merely amount to an unfulfilled promise of future action.

*Third,* it is not clear from the Complaint that GM's alleged misrepresentations actually induced reliance on the part of the Taxi Companies. Although the TAC alleges that the Taxi Companies obtained financing and purchased 54 handicap-accessible medallions at the June 2006 auction based on misrepresentations made by GM in May 2006,[43] the Taxi Companies now concede that they had determined to bid on the medallions as early as January 2006.[44] Further, even assuming that the Taxi Companies did rely on GM's alleged misrepresentations in bidding on the medallions, GM had no way of knowing whether the Taxi Companies' bids would be successful. Finally, even if the Taxi Companies submitted higher bids as a result of GM's alleged misrepresentations, or GM was able to predict that the Taxi Companies' bids would be successful, the Taxi Companies were under no obligation to purchase the retrofitted vehicles from

---

[43]   *See id.* ¶¶ 61-63.

[44]   *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint at 23.

GM, rather than from a competing manufacturer, after the medallions had been acquired. The alleged misrepresentations that occurred *after* the Taxi Companies had acquired the medallions pertain only to ElDorado.

## V.    CONCLUSION

For the foregoing reasons, GM's motion to dismiss is granted in full. The Clerk of the Court is directed to close this motion (Docket No. 58).

SO ORDERED:

Dated:  New York, New York
        May 29, 2009

Shira A. Scheindlin
U.S.D.J.

13

## - Appearances -

**For Plaintiffs:**

William R. Fried, Esq.
Inbal Baum, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

**For Defendant GM:**

Timothy John McHugh, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 N. Independence Mall West
Philadelphia, PA 19086
(215) 415-8202

**For Defendant Arcola:**

Paul Howard Levinson, Esq.
McLaughlin and Stern, LLP
260 Madison Ave
New York, NY 10016
(212) 448-6279

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue
Suite 320
Morristown, NJ 07960
(973) 644-0770