McLaughlin & Stern, LLP
260 Madison Avenue
New York, N.Y. 10016
(212(448-1100)
psilverman@mclaughlinstern.com
local counsel for Class Counsel

Schedule Hearing Date : June 30, 2009
Time:    10 am.

Lakin Chapman LLC
300 Evans Avenue
Wood River, Illinois 62095
(618) 254-1127
markb@lakinchapman.com
Class Counsel of Class
Of Saturn Consumers

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

GENERAL MOTORS CORP.,
*et al.*,    Debtors,

Chapter 11.

Case No 09-50026 (REG)

(Jointly Administered)

## LIMITED OBJECTION OF CLASS OF SATURN CONSUMERS TO DEBTORS' 363 MOTION FOR SALE OF "PURCHASED ASSETS"

Class Representatives Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi (collectively "Class Representatives"), individually and on behalf of a certified class ("Class") of all others similarly situated, by and through the below named Class Counsel, state as follows:

This objection is limited to representing to the court the diminution in the asset value that

1

may be derived from the sale if it is approved with the specific wording of the amendment proposed and filed by debtor within the past few days. Unintended or not, the proposed sale wording carves out warranty rights to a significant population of otherwise likely future buyers of the asset being sold and thereby in its present worded version not in the best interests of the above captioned debtors.

## The Objectors

1.      Class Representatives and Class Counsel represent at least 149,500 judgment creditor owners of certain Saturn vehicles ("Class Members"), arising from a class action judgment against General Motors Corp. (hereinafter "GM") prosecuted in the United States District Court for the Eastern District of California (Case No. 2:07-CV-02142 WBS-GGH, hereinafter "the Class Action") extending the warranties on certain 2002 to 2005 vehicles that GM manufactured, sold, and/or distributed vehicles and which contained Saturn VTi transmissions.

2.      When the VTi transmission fails, it renders the vehicle inoperable and necessitates very costly repairs, often exceeding the (now diminished) value of the vehicle.

3.      Many owners of Saturn VTi transmissions have had to repair or replace their VTi transmissions three or more times, and many Saturn customers have been left without transportation because they are unable to afford the costly transmission repairs or replacements needed to return their vehicles to operating condition.

4.      The parties to the Class Action reached a Settlement Agreement (hereinafter "the Agreement") and, on April 14, 2009, United States District Judge William B. Shubb signed the judgment certifying the class and approving the Agreement. The deadline for appealing the judgment expired on May 14, 2009, and the judgment is therefore a final judgment ("Final

Judgment").

5.      The Agreement resolved the Class Action by creating a nationwide class of certain Saturn vehicle owners and establishing a formula based on vehicle mileage and whether the vehicle was purchased new or used to determine the amount that those owners would be reimbursed for expenses related to repairs of their Saturn VTi transmission equipped vehicles.

6.      Pursuant to the Final Judgment and the Agreement, GM extended the warranty relating to transmissions in the class vehicles, and it is required to pay certain incidental and consequential damages arising from failure, as well as class administration costs and attorneys' fees.

7.      As Saturn VTi transmissions continue to fail, class members are faced with the costs associated with their malfunctioning VTi transmissions, and many will seek reimbursement for the premature failure from GM.

### The Objection and Why the Objection is Filed Now

8.      GM's original Master Sale and Purchase Agreement specifically provided that the New GM would assume liability for warranty claims such as in this case.

9.      The objection deadline expired on June 19, 2009.

10.     On June 26, 2009 after the expiration of the objection deadline, Debtors filed an Amended Master Sale and Purchase Agreement, amending among other things, the warranty assumption language of the Assumed Liability section.

11.     During the course of this case with permission of this Court, GM has, in general, assumed warranty liability for its customers, including Class Members who submitted reimbursement claims for then malfunctioning VTi transmissions.

12.     Under these circumstances and based on the language of the *original* Master Sale

3

and Purchase Agreement, there was no need for the Class to object to the proposed sale.

13.    However, on June 27, 2009, two days ago, GM filed its Amended Master Sale and Purchase Agreement which significantly altered the language affecting warranties, diminishing the scope of covered warranties.

### Debtors Best Interests are Not Served by the Amended Sale Agreement Wording

14.    The changed language will diminish the value of the bankruptcy estate. Failure to honor the extended warranties of the approximately 149,500 known Class Members will harm the goodwill of GM, and of the Saturn brand and related entities, will impair the value of the Saturn brand and therefore deplete the ultimate value of the bankruptcy estate.

15.    Further, failure to honor the extended warranties created by the Final Judgment for this Class of approximately 149,500 Saturn customers, which addressed a defect that rendered their vehicles completely inoperable and unmarketable, will harm the reputation of Saturn to such an extent that it may place the sale of Saturn to Penske in jeopardy and diminish the value of an asset even though GM has repeatedly stated that goodwill is of primary importance.

16. In the alternative, a clear inclusion of the warranty extension described herein into the Sale Agreement will have only a beneficial and positive effect on the value of the estate.


WHEREFORE, Class Representatives Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi, individually and on behalf of the certified Class, respectfully request that the Court deny the Debtors' motion to sell its assets pursuant to the amended sale agreement, in its present form, and grant such further relief as deemed appropriate.

4

Respectfully submitted,

Dated: June 29, 2009

By:  s/ Mark L. Brown

Mark L. Brown (*pro hac pending*)
LAKINCHAPMAN LLC
300 Evans Avenue, P.O. Box 229
Wood River, Illinois 62095-0229
Phone : (618) 254-1127
Fax :    (618) 254-0193

markb@lakinchapman.com

**Class Counsel for the above identified Class**
and

By:   s/Paul H. Silverman
Paul H. Silverman, Esq. (0538)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, N.Y. 10016
(212( 448-1100)
psilverman@mclaughlinstern.com
**Local Counsel for Class Counsel**