Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. *(Admitted Pro Hac Vice)*
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C.  20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
:
In re                                :   Chapter 11 Case No.
:
**GENERAL MOTORS CORP.,** *et al.*   :   09-50026 (REG)
:
Debtors.                             :   (Jointly Administered)
:
------------------------------------X

### AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEBTORS BY MARK BUTTITA, AN ASBESTOS CREDITOR AND MEMBER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENERAL MOTORS CORPORATION

TO:  Harvey Miller, Esq.
     Stephen Karotkin, Esq.
     Joseph H. Smolinsky, Esq.
     WEIL, GOTSHAL & MANGES LLP

**PLEASE TAKE NOTICE** that the Debtors are hereby requested to respond to the this First Request for Production of Documents ("Request") by submitting a written response to the following and producing the responsive documents, all pursuant to the Local Rules of the United States Bankruptcy Court for the District of New Jersey, and Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure. Unless otherwise agreed by counsel, written responses should be provided, and responsive documents should be produced at the New York office of the undersigned counsel, 375 Park Avenue, 35th Floor, New York, NY 10152-3500, <u>before close of business on Friday, June 26, 2009</u>.

## Definitions

1. This Request hereby incorporates by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2. "Asbestos Claim" means any claim or demand against GM now existing or hereafter arising, whether or not such claim, remedy, liability, or Demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases therefor are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness, disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that was or were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability, or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general, and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

3. "Asbestos Claims Experience" has the same meaning in these Requests that GM used attributed to that term at page 206 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

2

4. "Bondholder Representatives" means, collectively and individually, persons or entities who, on behalf of any holders of publicly-issued debt of GM, participated in discussions or negotiations with any of the Sponsors concerning any potential private restructuring of the Debtors or any potential bankruptcy plan of reorganization for the Debtors.

5. "Contingent Matters-Litigation" has the same meaning in these Requests that GM attributed to that term at page 207 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

6. "Debtors" means General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and each of their respective subsidiaries, collectively and individually.

7. "GM" means the Debtors, collectively and individually.

8. "Product Liability Claims" has the same meaning in these Requests that GM used attributed to the term "product liability claims" at pages 205-06 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

9. "Purchaser" means Vehicle Acquisition Holdings LLC.

10. "Sponsors" means the United States Treasury, the Government of Canada and the Government of Ontario (including Export Development Canada), collectively and individually.

11. "Unions" means, collectively and individually, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and any other union representing current employees of GM or retired employees of GM.

Document Requests

1. Any term sheet or memorandum of understanding, whether or not executed, that was exchanged between or among the Debtors, the Sponsors, the Purchaser, the Unions, or the Bondholder Representatives between October 1, 2008, and June 1, 2009.

2. All drafts provided by the Debtors to any of the Sponsors, the Purchaser, the Unions, or the Bondholder Representatives, or received by the Debtors from any of the foregoing, between October 1, 2008, and June 1, 2009, of (i) the proposed Master Sale and Purchase Agreement), or (ii) any alternative for disposing of substantially all of GM's assets.

3. All written communications, including emails, between or among the Debtors, the Sponsors, the Purchaser, the Unions, or the Bondholder Representatives concerning (a) any term sheet or memorandum of understanding exchanged between or among any of the

3

foregoing between October 1, 2009, and June 1, 2009; (b) the terms of any proposed or contemplated agreement for the reorganization of GM or sale of substantially all of its assets, whether or not reduced to a term sheet or memorandum of understanding; or (c) the proposed Master Sale and Purchase Agreement.

4. All databases or other data compilations concerning past, pending, or future Asbestos Claims against GM. This request seeks databases or other data compilations that accumulate or summarize, on an aggregate basis or on a claim-by-claim basis, information regarding GM's Asbestos Claims Experience, and information about resolved or unresolved Asbestos Claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature and dates of the claimants' alleged exposure to asbestos, the respective jurisdictions in which the claims were filed, the nature of the asbestos-related diseases or conditions asserted, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (*e.g.*, by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims. This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

5. Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for asbestos-related matters as of the date of this request and as of December 31 in 2006, 2007, and 2008.

6. Any data, forecast, projection, valuation, report or analysis concerning the number or value of Asbestos Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

7. With respect to GM's engagement of Hamilton Rabinowitz & Associates Inc. or Dr. Francine Rabinowitz (collectively, "Hamilton Rabinowitz"):

    a. any document setting forth the terms of Hamilton Rabinowitz's engagement by or on behalf of GM;

    b. any forecast, projection, valuation, report or analysis made by Hamilton Rabinowitz with respect to the past, present, or future liability of GM for Asbestos Claims; and

    c. all data, assumptions, or other information provided to Hamilton Rabinowitz for use or reference in its GM engagement.

8. With respect to GM's engagement of any expert other than Hamilton Rabinowitz for the forecasting, projection, valuation, or analysis of Asbestos Claims or GM's aggregate liability for Asbestos Claims:

4

a.  any document setting forth the terms of the expert's engagement by or on behalf of GM;

b.  any forecast, projection, valuation, report or analysis made by the expert with respect to the past, present, or future liability of GM for Asbestos Claims; and

c.  all data, assumptions, or other information provided to the expert for use or reference in its GM engagement.

9.  All databases or other data compilations concerning Product Liability Claims that have been asserted, or are anticipated to be asserted, Debtors. This request seeks information about resolved or unresolved product liability claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature of the product defects asserted, the respective jurisdictions in which the claims were filed, the nature and extent of the injuries sustained, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (*e.g.*, by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims. This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

10.  Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for Product Liability Claims as of the date of this request and as of December 31 in 2006, 2007, and 2008.

11.  Any data, forecast, projection, valuation, report or analysis concerning the number or value of Product Liability Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

12.  All databases or other data compilations concerning Contingent Matters-Litigation involving claims that have been asserted, or are anticipated to be asserted, against GM. This request seeks information about resolved or unresolved claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature of the tort, statutory violation, or other wrong asserted, the respective jurisdictions in which the claims were filed, the nature and extent of the injuries sustained, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (*e.g.*, by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims. This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

13. Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for Contingent Matters-Litigation as of the date of this request and as of December 31 in 2006, 2007, and 2008.

14. Any data, forecast, projection, valuation, report or analysis concerning the number or value of Contingent Matters-Litigation filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

15. All documents setting forth the aggregate amount of the Debtors' insurance applicable to Asbestos Claims, the limits of any such insurance coverage (on a per-claim basis and an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

16. All documents setting forth the aggregate amount of the Debtors' insurance applicable to Product Liability Claims, the limits of any such insurance coverage (on a per-claim basis and an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

17. All documents setting forth the aggregate amount of the Debtors' insurance applicable to Contingent Matters-Litigation, the limits of any such insurance coverage (on a per-claim basis and an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

18. All documents discussing or setting forth estimates, forecasts, or projections with respect to the value of (a) "Excluded Assets" (as defined in section 2.2(b) of the proposed Master Sale and Purchase Agreement), (b) the "Retained Liabilities" (as defined in section 2.3(b) of the proposed Master Sale and Purchase Agreement), and (c) insurance available for the "Retained Liabilities."

19. All documents discussing or setting forth communications between or among the Debtors, the Sponsors, the Purchaser, the Unions, or the Bondholder Representatives from October 1, 2008, to present with respect to the treatment of Asbestos Claims, Product Liability Claims, or Contingent Matters-Litigation under any private restructuring of the Debtors or under any bankruptcy plan of reorganization for the Debtors.

CAPLIN & DRYSDALE, CHARTERED

By: _____
Elihu Inselbuch (EI-2843)
(ei@capdale.com)
Rita C. Tobin—(rct@capdale.com)
375 Park Avenue, 35th Floor
New York, NY 10152-3500

6

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*
Counsel for Mark Buttita




Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE CHARTERED
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE CHARTERED
One Thomas Circle
Washington, D.C.  20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                              :
In re                                                         :     Chapter 11 Case No.
                                                              :
**GENERAL MOTORS CORP.,** *et al.*                            :     09-50026 (REG)
                                                              :
                                         Debtors.             :     (Jointly Administered)
                                                              :
------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                    ) ss.:
COUNTY OF NEW YORK )

      Eugenia Benetos, being duly sworn, deposes and says: I am not a party to within this action, am over 18 years of age and reside in Astoria, New York.

- 2 -

On the 24th day of June, 2009, I caused to be served an Amended First Request For Production Of Documents To The Debtors By Mark Buttita, An Asbestos Creditor And Member Of The Official Committee Of Unsecured Creditors Of General Motors Corporation on the parties listed below by Handy Delivery and Federal Express as designated.

_____
Eugenia Benetos

Sworn to before me this
24th day of June, 2009.

_____
Notary Public

LAUREN KARASTERGIOU
Notary Public, State of New York
No. 01KA4705838
Qualified in New York County
Commission Expires June 12, 20_10_

**VIA HAND DELIVERY:**

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
WEIL, GOTSHAL & MANGES LLP
Counsel for Debtors
767 Fifth Avenue
New York, New York 10153

**VIA FEDERAL EXPRESS:**

Court of the Clerk
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

- 3 -

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green—Room 627
New York, NY 10004-1408

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
Attorneys for the Purchaser
One World Financial Center
New York, New York 10281

Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
Counsel for the Official Committee
1177 Avenue Of The Americas
New York, New York 10036

James L. Bromley, Esq.
Cleary Gottlieb Steen & Hamilton LLP
Counsel for the UAW
One Liberty Plaza
New York, New York 10006

Babette Ceccotti, Esq.
Cohen, Weiss and Simon LLP
Counsel for the UAW
330 W. 42nd Street
New York, New York 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Counsel for Export Development Canada
1633 Broadway—47th Floor
New York, New York 10019

Diana G. Adams, Esq.
Brian S. Masumoto, Esq.
United Stated Department Of Justice
Office of the United States Trustee
33 Whitehall Street—21st Floor
New York, New York 10004

David S. Jones, Esq.
Matthew L. Schwartz, Esq.
U.S. Attorney's Office-SDNY
86 Chambers Street—Third Floor
New York, New York 10007

Andrew N. Rosenberg, Esq.
Margaret A. Phillips, Esq.
Matthew R. Scheck, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Counsel to the Informal Group of Holders
Of General Motors Unsecured Notes
1285 Avenue Of The Americas
New York, New York 10019-6064

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
Mailcode: 480-206-114

U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue, NW—Room 2312
Washington, DC 20220