Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000



RECEIVED
JUN 25 2009
U.S. BANKRUPTCY COURT, SDNY

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re                          :  Chapter 11 Case No.
                               :
GENERAL MOTORS CORP., *et al.* :  09-50026 (REG)
                               :
              Debtors.         :  (Jointly Administered)
                               :
------------------------------X

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES TREASURY BY MARK BUTTITA, AN ASBESTOS CREDITOR AND MEMBER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENERAL MOTORS CORPORATION**

TO:  Matthew Feldman, Esq.
     United States Treasury

PLEASE TAKE NOTICE that the United States Treasury is hereby requested to respond to the this First Request for Production of Documents ("Request") by submitting a written response to the following and producing the responsive documents, all pursuant to the Local Rules of the United States Bankruptcy Court for the District of New Jersey, and Rule

DOC# 331399

of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure. Unless otherwise agreed by counsel, written responses should be provided, and responsive documents should be produced, at the offices New York office of the undersigned counsel, 375 Park Avenue, 35th Floor, New York, NY 10152-3500, <u>before close of business on Friday, June 26, 2009</u>.

Definitions

1.  This Request hereby incorporates by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2.  "Asbestos Claim" means any claim or demand against GM now existing or hereafter arising, whether or not such claim, remedy, liability, or Demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases therefor are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness, disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that was or were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability, or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general, and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

3.  "Bondholder Representatives" means, collectively and individually, persons or entities who, on behalf of any holders of publicly-issued debt of GM, participated in discussions or negotiations with any of the Sponsors concerning any potential private restructuring of the Debtors or any potential bankruptcy plan of reorganization for the Debtors.

4.  "Contingent Matters-Litigation" refers to the category of matters that are described as "Contingent Matters-Litigation" at page 207 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

5.  "Debtors" means General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and each of their respective subsidiaries, collectively and individually.

6.  "GM" means the Debtors, collectively and individually.

7.  "Product Liability Claims" refers to the category of matters that are described as "product liability claims" at pages 205-06 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

8.  "Purchaser" means Vehicle Acquisition Holdings LLC.

9.  "Sponsors" means the United States Treasury, the Government of Canada and the Government of Ontario (including Export Development Canada), collectively and individually.

10.  "Unions" means, collectively and individually, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and any other union representing current employees of GM or retired employees of GM.

## Document Requests

1.  Any term sheet or memorandum of understanding, whether or not executed, that was exchanged between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, between October 1, 2008, and June 1, 2009.

2.  All drafts provided by any Sponsor to the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, or received by any Sponsor from any of the foregoing, between October 1, 2008, and June 1, 2009, of (i) the proposed Master Sale and Purchase Agreement), or (ii) any alternative for disposing of substantially all of GM's assets.

3.  All written communications, including emails, between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, concerning (a) any term sheet or memorandum of understanding exchanged between or among any of the foregoing between October 1, 2009, and June 1, 2009; (b) the terms of any proposed or contemplated agreement for the reorganization of GM or sale of substantially all of its assets, whether or not reduced to a term sheet or memorandum of understanding; or (c) the proposed Master Sale and Purchase Agreement.

4.  Any data, forecast, projection, valuation, report or analysis concerning the number or value of Asbestos Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

3

5.  Any data, forecast, projection, valuation, report or analysis concerning the number or value of Product Liability Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

6.  Any data, forecast, projection, valuation, report or analysis concerning the number or value of Contingent Matters-Litigation filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

7.  All written communications exchanged between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, discussing or setting forth the aggregate amount of the GM Debtor's insurance applicable to Asbestos Claims, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

8.  All written communications exchanged between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, discussing or setting forth the aggregate amount of the Debtors' insurance applicable to Product Liability Claims, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

9.  All written communications exchanged between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, discussing or setting forth the aggregate amount of the Debtors' insurance applicable to Contingent Matters-Litigation, the limits of any such insurance coverage (whether on a per-claim basis or an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

10. All documents discussing or setting forth estimates, forecasts, or projections with respect to the value of (a) "Excluded Assets" (as defined in section 2.2(b) of the proposed Master Sale and Purchase Agreement), (b) the "Retained Liabilities" (as defined in section 2.3(b) of the proposed Master Sale and Purchase Agreement), and (c) insurance available for the "Retained Liabilities."

11. All documents discussing or setting forth communications between or among the Sponsors, the Debtors, the Purchaser, the Unions, the Bondholder Representatives, or any of them, from October 1, 2008, to present with respect to the treatment of Asbestos Claims, Product Liability Claims, or Contingent Matters-Litigation under any private restructuring of the Debtors or under any bankruptcy plan of reorganization for the Debtors.

CAPLIN & DRYSDALE, CHARTERED

By: _____
Elihu Inselbuch (EI-2843)
(ei@capdale.com)
Rita C. Tobin
(rct@capdale.com)
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. *(Admitted Pro Hac Vice)*
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*
Counsel for Mark Buttita

5

Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
(rer@capdale.com)
CAPLIN & DRYSDALE CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
**In re**                                                    :   Chapter 11 Case No.
                                                             :
**GENERAL MOTORS CORP.,** *et al.*                           :   09-50026 (REG)
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
-------------------------------------------------------------X

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Eugenia Benetos, being duly sworn, deposes and says: I am not a party to within this action, am over 18 years of age and reside in Astoria, New York.

- 1 -

On the 24th day of June, 2009, I caused to be served a First Request For Production Of Documents To The United States Treasury By Mark Buttita, An Asbestos Creditor And Member Of The Official Committee Of Unsecured Creditors Of General Motors Corporation on the parties listed below by Federal Express as designated.

Eugenia Benelos

Sworn to before me this
24th day of June, 2009.

Notary Public

LAUREN KARASTERGIOU
Notary Public, State of New York
No. 01KA4705838
Qualified in New York County
Commission Expires June 12, 2010

**VIA FEDERAL EXPRESS:**

Court of the Clerk
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green—Room 627
New York, NY 10004-1408

- 2 -

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
WEIL, GOTSHAL & MANGES LLP
Counsel for Debtors
767 Fifth Avenue
New York, New York 10153

Gordon Z. Novod, Esq.
Kramer Levin Naftalis & Frankel LLP
Counsel for the Official Committee
1177 Avenue Of The Americas
New York, New York 10036

James L. Bromley, Esq.
Cleary Gottlieb Steen & Hamilton LLP
Counsel for the UAW
One Liberty Plaza
New York, New York 10006

Babette Ceccotti, Esq.
Cohen, Weiss and Simon LLP
Counsel for the UAW
330 W. 42nd Street
New York, New York 10036

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Counsel for Export Development Canada
1633 Broadway—47th Floor
New York, New York 10019

Diana G. Adams, Esq.
Brian S. Masumoto, Esq.
United Stated Department Of Justice
Office of the United States Trustee
33 Whitehall Street—21st Floor
New York, New York 10004

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, Michigan 48090-9025
Attn: Warren Command Center
Mailcode: 480-206-114

U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue, NW—Room 2312
Washington, DC 20220

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
Attorneys for the Purchaser
One World Financial Center
New York, New York 10281

David S. Jones, Esq.
Matthew L. Schwartz, Esq.
U.S. Attorney's Office-SDNY
86 Chambers Street—Third Floor
New York, New York 10007

Andrew N. Rosenberg, Esq.
Margaret A. Phillips, Esq.
Matthew R. Scheck, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Counsel to the Informal Group of Holders
Of General Motors Unsecured Notes
1285 Avenue Of The Americas
New York, New York 10019-6064