June 18, 2009

Clerk of the Court
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: In re General Motors Corp., et al
    Chapter 11 Case No. 09-50026 (REG)
    (Jointly Administered)

Dear Clerk:

Enclosed for filing relative to the above-captioned matter is my Notice of Objection to Master Sale and Purchase Agreement dated June 1, 2009.

Sincerely,

Freya I. McGinty
2919 Colony Drive
East Lansing, MI 48823
517/351-4717



JUN 26 2009

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

---

In re

GENERAL MOTORS CORP., et al.,

        Debtors.

Chapter 11 Case No.

09-50026 (REG)

(Jointly Administered)

---

### NOTICE OF OBJECTION TO MASTER SALE AND PURCHASE AGREEMENT DATED JUNE 1, 2009

NOW COMES Freya I. McGinty, in Pro Per, and hereby files her Notice of Objection to the Master Sale and Purchase Agreement dated June 1, 2009, proposed by the United States Department of Treasury ("The US Treasury") and Vehicle Acquisitions Holding, LLC ("The Purchaser"), with respect to substantially all of the debtor's assets (the 363 transaction) and in the related UAW Retiree Settlement Agreement, and in support thereof, states as follows:

1. I am an unsecured creditor of the debtor, holding senior notes issued by the debtor in the form of 1,925 units of BGM, Cusip No. 370442725, 1800 of which are held in my IRA custodial account with American Century Brokerage, Inc. and 125 are held jointly with my spouse, Dennis E. McGinty, in an American Century Brokerage account.

2. My claim or interest in the debtor's estate is substantially impaired under the proposed 363 plan and sale.

3. The plan and sale violates Section 1123(a)(4) of the Bankruptcy Code in that it does not provide the same treatment for my claim or interest as it does for others in the same class as my

claim. Furthermore, the UAW Retiree Settlement Agreement provides payments of cash, notes, and securities to the UAW and its members and retirees, all of whom are in the same class of creditors as me, in an amount substantially disproportionate to that being proposed for my claim.

4. The 363 transaction provides payments to former UAW members who either are not creditors of the debtor or creditors of a class holding a lower priority than I.

5. The treatment of the US Treasury under the plan as a secured creditor is improper with respect to all or part of debtor's liability to the US Treasury. All, or a substantial portion, of the debtor's obligations to the US Treasury is a voidable preference pursuant to Section 547 (11 USC§547) of the Bankruptcy Code. The US Treasury is being substantially preferred over me and other creditors in the same class, contrary to 11 USC§1123, and should be treated as a general unsecured creditor.

6. I received notice of the proposed sale and my right to object on Saturday, June 20, 2009.

Based upon the foregoing, the undersigned objects to the 363 transaction and requests this Court issue its order denying the debtor's motion for approval of the transaction and related agreements.

DATED: June 22, 2009

*Freya M Ginty*
Freya I. McGinty
2919 Colony Drive
East Lansing, MI  48823
517/351-4717