OBJECTION TO RELIEF SOUGHT IN THE GENERAL MOTORS BANKRUPTCY
FILING of June 1, 2009

To:   Clerk of the Bankruptcy Court,
      United States Bankruptcy Court,
      One Bowling Green,
      New York, New York 10004.

      ATTN: Vito Genna

From: William R. Kruse, bondholder,
      262 Springhill Road, NW
      Huntsville, AL 35806-1734

In response to "NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY – SPONSORED PURCHASER" filed in the UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK, In re GENERAL MOTORS CORP., et al, Debtors, Chapter 11 Case No. 09-50026 (REG) (Jointly Administered).

I object to the relief sought in the General Motors bankruptcy filing of June 1, 2009. I own a General Motors Corporation Note, dated 07/15/91, FC 01/15/92, CUSIP 370442AN5 which was acquired on 11/23/2005 for my IRA (Individual Retirement Account).

After reading the "Explanations" entry corresponding to the "Claims" box on "B9F (Official Form 9F) (12/08)", which is page 2 of "Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines" for the United States Bankruptcy Court, Southern District of New York, I attempted to determine if any claim that I might have is scheduled, and if so, what amount would be allowed. I reviewed the voluminous material at the website http://www.gmcourtdocs.com , and after obtaining a PACER password and login used the resources at the court's website www.nysb.uscourts.gov without success. I called the recommended telephone number 1-800-561-4182 at which it was recommended that I call 212-310-8000, where I was instructed to call 703-286-6401. I left a voice message at the last number, but have not heard back yet. In order to meet the objection response deadline, I must assume that my bond will not be adequately paid.

During review of the GM court documents, it became very clear that the UAW union and its' members are receiving preferential treatment, and I object. Based on the documentation, the U.S. and Canadian Governments are to receive 72.5%, the UAW Retiree Benefits Trust Fund is to receive 17.5% and the Bondholders are to receive 10.0% of the equity in the new company. In addition VEBA is to be provided a $ 2.5 B note, $ 6.5 B in preferred stock paying 9% cash dividends, plus warrants for an additional

RECEIVED
     26 2009
U.S. BANKRUPTCY COURT, SDNY

2.5% stock in the new company. This to a group that was a critical component of the failure of the company. The Purpose of the UAW is to grow its' membership, and provide its' members with maximum benefits, even to the detriment of everyone else. In the GM case, the legacy burden of the UAW, contributed to by a management not strong enough to protect the basic company, failed during a time of economic stress.

There are a lot of people being damaged by the failure of GM. Dealerships are being shed, some with many years of supportive service.

The equity interest of the owners of the company, the stockholders, is being basically eliminated. Why should the UAW union survive bankruptcy, when the owners do not?

Clearly, a new company struggling to form a successful enterprise, providing benefit to its owners and employees, and the community and the nation should not be burdened with a union and the associated union work rules and union activities detrimental to the company's success. After the company becomes successful, and after a reasonable amount of time, possibly three to five years, the workers should be allowed to freely vote to form a union or to not form a union.

I purchased bonds from GM with the belief that the value of my bond would be protected to the maximum extent possible, through the nations' bankruptcy laws. Now we have an Administration led by a newly elected President whose experience is that of "a community organizer". Taxpayer funds are being used to ostensibly save jobs. Yet the thumb of the Administration is on the "scale of justice", producing an unfair result saving not jobs, but a union and union jobs, and providing the union and its members with assets that should rightfully be provided to bondholders. The bondholders must rely on this court to provide for equitable treatment.

Thank you for your consideration.

Yours truly,

William R. Kruse, dated June 17, 2009


Copies provided to:

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors,
   767 Fifth Avenue, New York, New York, 10153
   (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.)

2) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser,
   One World Financial Center, New York, New York 10281
   (Attn: John H Rapisardi, Esq.)

3) The Attorneys for the Creditors Committee,
(in care of the Bankruptcy Clerk's Office)

4) Cleary Gottlieb Steen & Hamilton LLP, the attorneys for the UAW,
One Liberty Plaza, New York, New York 10006
(Attn: James L. Bromley, Esq.)

5) Cohen, Weiss and Simon LLP, the attorneys for the UAW
330 W. 42nd Street, New York, New York 10036
(Attn: Babette Ceccotti, Esq.)

6) Vedder Price, P.C., attorneys for Export Development Canada,
1633 Broadway, 47th Floor, New York, New York 10019
(Attn: Michael J Edelman, Esq. and Michael L. Schein, Esq.)

7) Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor, New York, New York 10004
(Attn: Diana G. Adams, Esq.)

8) U.S. Attorney's Office, S.D.N.Y.,
86 Chambers Street, Third Floor, New York, New York 10007
(Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.)