James A. Plemmons (*pro hac vice*)
Michael C. Hammer (*pro hac vice*)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
Tel: (313) 223-3500

Attorneys for Multimatic, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.*,                                  :
                                                                 :   (Jointly Administered)
                    Debtors.                                     :
-----------------------------------------------------------------x

**MULTIMATIC, INC.'S LIMITED OBJECTION TO DEBTORS' NOTICE OF INTENT TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Multimatic, Inc., on behalf itself and its subsidiaries, affiliates and related entities (collectively, "Multimatic"), through its attorneys, Dickinson Wright PLLC, states as follows for its Limited Objection:

1.     On June 1, 2009, Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "Assumption Motion").

1

2. On June 2, 2009, this Court entered its *Order Pursuant to 11 U.S.C. § § 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notic*e (the "Order").

3. The Order established certain procedures pursuant to which the Debtors were to give affected parties notice that Debtors intended to assume their executory contracts and/or unexpired leases, as well as the amounts that the Debtors believed were required to "cure" defaults under those contracts and leases as required by 11 U.S.C. § 365(b) (the "Cure Procedures").

4. On June 29, 2009, Multimatic received a *Notice of Debtors' Intent to Assume and Assign Additional Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property* (the "Cure Notice").

5. The Cure Notice, dated June 15, 2009, purports to allow recipients ten days from the date of the Cure Notice in which to file and serve objections. However, as stated above, Multimatic did not even receive the Cure Notice until June 29, 2009. Therefore, Multimatic believes that its Limited Objection is both reasonable and timely-filed, and Multimatic asks that its Limited Objection be deemed timely-filed under the circumstances as it would be inequitable to Multimatic to treat it otherwise.

6. The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b).

7. The secured website provides that Debtors intend to assume certain executory contracts to which Multimatic is a party (the "Executory Contracts") and tender a cure amount of $2,545,212.17 USD (the "Debtors' Cure Amount") to Multimatic.

8. Although Multimatic does not object to the assumption of the Executory Contracts *per se*, Multimatic objects to the Debtors' Cure Amount.

9. The Debtors' Cure Amount does not take into account certain commercial claims Multimatic holds against the Debtors totaling at least $122,464.23 USD. These claims arise out of the GMT 345355 Program-Anchor Plate contract and are related to GMSR price adjustments. Therefore, the correct cure amount totals at least $2,667,676.40 USD. In addition, the cure amount must include all accrued, non-defaulted obligations and any other amount due through the Assumption Effective Date.

10. Multimatic objects to the assumption and assignment of the Executory Contracts unless Debtors pay the amount of no less than $2,667,676.40 USD and provide adequate assurance of future performance.[1]

**WHEREFORE** Multimatic respectfully requests that this Court find that the amount required to cure the existing defaults under the Executory Contracts is no less than $2,667,676.40 USD and deny the Debtors' assumption and assignment of the Executory Contracts unless this cure amount is promptly paid to Multimatic.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ James A. Plemmons

---

[1] To the extent Debtors argue that Multimatic's claims are subject to the cure dispute resolution process, Multimatic objects that the Debtors should not have the right to determine unilaterally and without a strict deadline whether a given dispute is subject to alternative dispute resolution procedures, as this would allow Debtors to delay cure proceedings indefinitely.

3

        James A. Plemmons (*pro hac vice*)
        Michael C. Hammer (*pro hac vice*)
        500 Woodward Ave., Suite 4000
        Detroit, MI 48226
        Tel: (313) 223-3500
        Email: jplemmons@dickinsonwright.com

*Attorneys for Multimatic, Inc.*

Dated: June 30, 2009