CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Robert D. Gordon (Mich. Bar. No. P48627)
admitted *pro hac vice*
rgordon@clarkhill.com
(313) 965-8572

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP, *et al.*, | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF VERITAS AG AND POPPE-VERITAS HOLDING GMBH & CO KG TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Veritas AG and Poppe-Veritas Holding GMBH & CO KG (collectively "**Veritas**") submits this limited objection (the "**Objection**") and respectfully states as follows:

1. The above-captioned Debtors (collectively, as applicable, the "**Debtors**") attempted to serve Veritas with a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "**Cure Notice**") dated June 5, 2009 in which the Debtors express their intention to assume and assign to Vehicle Acquisition Holdings LLC (the "**Purchaser**") certain contracts (the "**Assumable Executory Contracts**") between Veritas and the Debtors.

5917644.2 32921/130066

2. Veritas <u>received</u> the Cure Notice on <u>June 25, 2009</u>, ten days <u>after</u> the period for objecting to the Cure Notice had expired. Veritas is filing and serving this Objection within three business days of its receipt and submits that this Objection should be considered timely filed and served in accordance with the procedures set forth in the Cure Notice.

3. Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted).*

4. On the Contract Website[1], the Debtors identify the Assumable Executory Contracts under Vendor Master ID 316083968 and assert $852,440.29 as the corresponding cure amount (the "**Cure Amount**") that the Debtors believe is sufficient to cure all prepetition defaults under the Assumable Executory Contracts as of June 1, 2009.

5. Veritas does not object, *per se*, to assumption and assignment of the Assumable Executory Contracts to Purchaser.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Cure Notice.

-2-

6. Veritas does object, however, to the Cure Notice to the extent that the proposed Cure Amount is incorrect and does not reflect all defaults under the Assumable Executory Contracts.

7. Specifically, with respect to the Assumable Executory Contracts, there is a prepetition balance owed to Veritas in an amount that is not less than $905,808.33. Veritas will supplement this Objection with supporting documentation upon the Debtors' request.

8. Veritas also objects to the Cure Notice insofar as any postpetition performance by Veritas of the Assumable Executory Contracts may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

9. Veritas further objects to the Cure Notice because it was not served by a method that enabled Veritas to receive and respond to the Cure Notice within the time prescribed by the Cure Notice.

10. Notwithstanding the foregoing, Veritas further reserves its rights, in the event that the Assumable Executory Contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

11. Veritas further objects to the adequacy and the accuracy of the Cure Notice insofar as there may be other contracts with Veritas that may or will be assumed and assigned but which have not been included in the Cure Notice.

12. Veritas reserves the right to amend or supplement this Objection as additional facts are learned.

|  |  |
|---|---|
| Dated: June 30, 2009 | Respectfully submitted, |
|  | CLARK HILL PLC |
|  | /s/ Robert D. Gordon |
|  | Robert D. Gordon (Mich. Bar. No. P48627) |
|  | 151 S. Old Woodward Avenue, Suite 200 |
|  | Birmingham, Michigan 48009 |
|  | (313) 965-8572 |
|  | rgordon@clarkhill.com |
|  | Counsel to Veritas AG |

5917644.2 32921/130066