```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                          :
                                               :     Chapter 11 Case No.
GENERAL MOTORS CORP., et. al.                  :
                                               :     09-50026 (REG)
                                               :
                  Debtors.                     :     (Jointly Administered)
                                               :
------------------------------------------------------------X
```

## AMENDED CERTIFICATE OF SERVICE

I, Jeffrey S. Stein, certify as follows:

1. I am a Vice President, Business Reorganization, with The Garden City Group, Inc., the claims and noticing agent for the debtors and debtors-in-possession (the "Debtors") in the above-captioned proceeding. Our business address is 105 Maxess Road, Melville, New York 11747. This Certificate of Service amends my prior Certificate of Service (docket number 973) to add a fourth bullet point to paragraph 3 below. This is being done to reflect that the Notice to Debtors' Retirees (as defined below) was, in fact, served on June 5, 2009 with the other three (3) documents listed in paragraph 3 of that original Certificate of Service. The reference to that document was inadvertently omitted from my original Certificate of Service. Set forth below is the complete list of all of the documents served.

2. On June 5, 2009, at the direction of Weil, Gotshal & Manges LLP ("Weil Gotshal"), proposed counsel for the Debtors, I caused true and correct copies of the following documents to be served by first class mail on the parties set forth on Exhibit A (various equity holders) attached hereto:

- **Notice of Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates;**

- **Interim Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates, and (II) Scheduling a Final Hearing (Docket No. 286);** and

- **Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser.**

3. On June 5, 2009, at the direction of Weil Gotshal, I caused true and correct copies of the following documents to be served by first class mail on the parties set forth on Exhibit B (retirees) attached hereto:

- **Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser;**

- **Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines;**

- **Letter to UAW GM Retirees;** and

- **Notice to Debtors' Retirees Represented by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America of Sale of Debtors' Assets and Approval of UAW Retiree Settlement Agreement (the "Notice to Debtors' Retirees").**

4. On June 5, 2009, at the direction of Weil Gotshal, I caused true and correct copies of the following documents to be served by first class mail on the parties set forth on Exhibit C (all creditors and identified bondholders) attached hereto:

- **Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser;** and

- **Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines.**

5. On June 5, 2009, at the direction of Weil Gotshal, I caused true and correct copies of the following document to be served by first class mail on the parties set forth on Exhibit D (as described in Paragraph 9(a) thereof) attached hereto:

- **Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Docket No. 274).**

6. On June 5, 2009, at the direction of Weil Gotshal, I caused true and correct copies of the following document to be served by first class mail on the parties set forth on Exhibit E (certain counterparties to potentially assumable executory contracts) attached hereto:

- **Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.**

7. On June 5, 2009, at the direction of Weil Gotshal, I caused true and correct copies of the following documents to be served by first class mail on the parties set forth on Exhibit F (master service list and all parties who filed a notice of appearance) attached hereto:

- **Notice of Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates;**

- **Interim Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates, and (II) Scheduling a Final Hearing (Docket No. 286);**

- **Notice of Sale Hearing to Sell Substantially All of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser;** and
- **Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines.**

8. I certify under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

/s/ Jeffrey S. Stein
Jeffrey S. Stein
