BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
Robert Sidorsky
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
seidel@butzel.com
fishere@butzel.com
sidorsky@butzel.com

*Proposed Special Counsel to the
  Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-50026 (REG) |
| General Motors Corporation, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO EMPLOY BUTZEL LONG
AS SPECIAL COUNSEL *NUNC PRO TUNC* TO JUNE 10, 2009**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 cases submits this application (the "Application") for an order approving the employment and retention of Butzel Long, a professional corporation ("Butzel Long"), as Special Counsel to the Committee pursuant to Section 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully represents as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. General Motors Corporation and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on June 1, 2009 in the United States Bankruptcy Court for the Southern District of New York.

3. Central to their Chapter 11 cases, the Debtors seek Bankruptcy Court approval of a transaction under Section 363(b) of the Bankruptcy Code (the "363 Transaction"). The 363 Transaction contemplates the formation of a new U.S. Department of the Treasury-sponsored entity that will acquire substantially all of the Debtors' assets and assume certain of the Debtors' liabilities. Upon the completion of the 363 Transaction, the newly-formed Treasury-sponsored entity ("New GM") will allocate portions of its equity value to various entities. Any assets excluded from the 363 Transaction will remain with the Debtors ("Old GM") and be administered in these chapter 11 proceedings.

4. The Debtors are continuing in possession of their property and are operating and managing their businesses as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On June 3, 2009, the Office of the United States Trustee for the Southern District of New York appointed the Committee, pursuant to Section 1102 of the Bankruptcy Code. The Committee includes the following fifteen members:

- Wilmington Trust Company, as Indenture Trustee

- Pension Benefit Guaranty Corporation

- Law Debenture Trust Company of New York

- Industrial Division of Communications Workers of America, AFL-CIO

- International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW

- United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, USW

- Interpublic Group

- DENSO International America, Inc.

- Inteva Products, LLC

- Serra Chevrolet of Birmingham, Inc.

- Paddock Chevrolet

- Saturn of Hempstead, Inc.

- Mark Buttita

- Genoveva Bermudez

- Kevin Schoenl

6. On June 10, 2009, the Committee held a duly scheduled meeting to, among other things, discuss the need to retain special counsel: (a) to represent the Committee as special supplier counsel to ensure that the procedures for the assumption and assignment of supplier contracts in the 363 Transaction are fair and workable, including leading discussions and negotiations on that topic with the Debtors' special automotive counsel; (b) to act as conflict counsel to represent the Committee in discrete matters during the pendency of the Debtors' Chapter 11 cases for which the Committee's proposed counsel, Kramer Levin Naftalis &

3

Frankel, LLP ("Kramer Levin"), has or may have a conflict of interest, or is otherwise unable to represent the Committee; and (c) to represent the Committee with respect to such other issues as the Committee decides would be in the best interests of the Committee (such services are hereinafter referred to collectively as the "Special Counsel Services"). All Committee members attended the meeting and, after due deliberation, the Committee voted to retain Butzel Long to provide the Special Counsel Services.

### RELIEF REQUESTED AND BASIS FOR RELIEF

7. This Application is made by the Committee for an Order, pursuant to Bankruptcy Code Section 1103 and Bankruptcy Rule 2014, authorizing and approving the retention of Butzel Long as Special Counsel *nunc pro tunc* to June 10, 2009.

8. The Chairperson of the Committee has reviewed the Declaration of Barry N. Seidel dated June 30, 2009 ("Seidel Declaration") submitted herewith. The matters set forth herein are based upon the Seidel Declaration and the Chairperson's own review of the facts.

9. The Committee selected Butzel Long to provide the Special Counsel Services because of Butzel Long's breadth and depth of experience in the automobile industry in Michigan and worldwide, and its expertise in bankruptcy and litigation matters.

10. As set forth in the Seidel Declaration, Butzel Long is a full-service law firm with over 240 lawyers practicing out of offices in Michigan, New York, Washington, D.C., and Florida. The attorneys in Butzel Long's Bankruptcy Practice Group have represented debtors, official committees, and secured and unsecured creditors in significant bankruptcy cases of regional and national importance, including major automotive-industry cases. The attorneys in Butzel Long's Global Automotive Practice Group are leading advisors to automotive supplier

09-50026-mg    Doc 2847    Filed 06/30/09    Entered 06/30/09 20:14:34    Main Document
Pg 5 of 8


companies worldwide. Butzel Long regularly counsels automotive supplier clients on legal and business issues throughout the United States and in strategic markets around the world.

11. By way of example, Butzel Long has been involved in representing the interests of automotive supplier clients in the bankruptcy proceedings of Chrysler LLC, Tower Automotive, Dana Corporation, Delphi, Meridian Automotive, Plastech, Bluewater, CEP Products, Intermet and Blackhawk Automotive. Based on its deep and extensive experience in the automotive area, Butzel Long is uniquely qualified to serve the Committee as Special Counsel with regard to the Special Counsel Services.

12. Butzel Long has indicated its willingness to serve as Special Counsel to the Committee herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Butzel Long.

13. As set forth in the Seidel Declaration, Butzel Long's hourly rates as charged to bankruptcy and nonbankruptcy clients, which are adjusted periodically and updated annually, are as follows: $300 to $750 for shareholders, $285 to $625 for counsel, $275 to $590 for senior attorneys, $205 to $400 for associates, and $120 to $245 for paralegals. The current hourly rates for Butzel Long shareholders and counsel who are expected to be involved in this engagement are: Barry N. Seidel (Shareholder: $725), Martin E. Karlinsky (Shareholder: $675), Robert Sidorsky (Counsel: $625), Philip J. Kessler (Shareholder: $600), Thomas B. Radom (Shareholder: $525), Eric B. Fisher (Shareholder: $525), William J. Kohler (Counsel: $460), W.

Patrick Dreisig (Shareholder: $435), and Max J. Newman (Shareholder: $425). Butzel Long has indicated that it will file notice with the Court should Butzel Long's standard rates change during the course of its engagement in this matter.

14. It is Butzel Long's policy to charge its clients for expenses incurred in connection with their cases. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for working meals and committee meetings, computerized research and transcription costs. In this case, Butzel Long will charge for these expenses in a manner and at rates consistent with charges made generally to Butzel Long's other clients. Further, with cost minimization in mind, Butzel Long has been working, and will continue to work, closely with Kramer Levin to ensure that each professional is assigned, works on, and completes specific, complementary, and non-duplicative tasks.

15. The Committee believes that it is necessary to employ Butzel Long as Special Counsel to render the Special Counsel Services. Without such professional assistance, the Committee would be unable to adequately fulfill its responsibilities in these cases. Butzel Long's background and experience in the automotive supply area are critically important to ensure the adequate representation of the Committee's interests. It is also vital for the Committee to be able to turn to Butzel Long in those instances where Kramer Levin may have a conflict. Kramer Levin has identified certain parties as to which it cannot be adverse due to conflicts. Butzel Long has confirmed to us, based upon its review, that it does not have conflicts that would preclude the firm from representing the Committee in those matters.

16. Butzel Long has also informed the Committee that, while Butzel Long represents certain suppliers in connection with disputes relating to cure amounts arising from the 363

6

Transaction, such disputes would have a potential economic impact on New GM, as such cure amounts will be borne by New GM as an assumed liability; any potential impact on the equity value of Old GM would be insignificant at best.

17. To the best of the Committee's knowledge, information, and belief, and consistent with the Seidel Declaration, Butzel Long is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Furthermore, Butzel Long does not represent and will not represent any entity having an adverse interest in the case within the meaning of Section 1103(b) of the Bankruptcy Code.

18. Based on the foregoing, the employment of Butzel Long by the Committee is necessary, would be in the best interests of the Committee, and complies with Section 1103 of the Bankruptcy Code.

19. Butzel Long was selected by the Committee, and commenced performing services for the Committee, on June 10, 2009. Accordingly, the Committee respectfully requests that the retention of Butzel Long be authorized *nunc pro tunc* to June 10, 2009.

## **NOTICE**

20. Notice of this Application has been provided to (a) the Office of the United States Trustee for Region 2, (b) the attorneys for the United States Department of the Treasury, (c) the attorneys for Export Development Canada, (d) the attorneys for the agent under the Debtors' prepetition secured term loan agreement, (e) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (f) the attorneys for the Debtors, (g) the United States Department of Labor, (h) the attorneys for the National Automobile Dealers Association, (i) the U.S. Attorney's Office, and (i) all entities that requested notice in these cases pursuant to Rule 2002 of the Bankruptcy Rules. Because of the nature of

the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need be provided.

21.     No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto approving the retention of Butzel Long by the Committee to perform the Special Counsel Services, *nunc pro tunc* to June 10, 2009, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 30, 2009

                                        THE OFFICIAL COMMITTEE OF
                                        UNSECURED CREDITORS OF GENERAL
                                        MOTORS CORP., *et al.*


                                        By:    /s/ David Vanaskey, Jr.
                                               David Vanaskey, Jr.
                                               Chairperson, Official Committee
                                               of Unsecured Creditors for
                                               General Motors Corp., *et al.*