BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
Robert Sidorsky
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
seidel@butzel.com
fishere@butzel.com
sidorsky@butzel.com

*Proposed Special Counsel to the*
  *Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-50026 (REG) |
| General Motors Corporation, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BARRY N. SEIDEL IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY BUTZEL LONG AS SPECIAL COUNSEL *NUNC PRO TUNC* TO JUNE 10, 2009**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Barry N. Seidel, declares:

1.  I am an attorney admitted to practice in the State of New York and the United States Bankruptcy Court for the Southern District of New York. I am a shareholder of the law firm of Butzel Long, a professional corporation ("Butzel Long"), which maintains an office at 380 Madison Avenue, New York, New York 10017. I submit this declaration ("Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") for the entry of

1

an order authorizing the Committee's retention of Butzel Long as Special Counsel to the Committee in these cases pursuant to Section 1103 of Title 11, United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.   Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires subsequent amendment or modification upon Butzel Long's completion of further analysis or as additional creditor information becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

3.   Central to their Chapter 11 cases, the Debtors seek Bankruptcy Court approval of a transaction under Section 363(b) of the Bankruptcy Code (the "363 Transaction").  The 363 Transaction contemplates the formation of a new U.S. Department of the Treasury-sponsored entity that will acquire substantially all of the Debtors' assets and assume certain of the Debtors' liabilities.  Upon the completion of the 363 Transaction, the newly-formed Treasury-sponsored entity ("New GM") will allocate portions of its equity value to various entities.  Any assets excluded from the 363 Transaction will remain with the Debtors ("Old GM") and be administered in these chapter 11 proceedings.

4.   The Committee seeks to employ Butzel Long (a) to act as special supplier counsel to represent the Committee in connection with ensuring that the procedures for the assumption and assignment of supplier contracts in the 363 Transaction are fair and workable, including leading discussions and negotiations on that topic with the Debtors' special automotive counsel; (b) to act as conflict counsel to represent the Committee in discrete matters during the pendency of the Debtors' Chapter 11 cases for which the Committee's proposed counsel, Kramer Levin

2

Naftalis & Frankel, LLP ("Kramer Levin"), has or may have a conflict of interest, or is otherwise unable to represent the Committee; and (c) to represent the Committee with respect to such other issues as the Committee decides would be in the best interests of the Committee (such services are hereinafter referred to collectively as the "Special Counsel Services").

5. Butzel Long is a full-service law firm with over 240 lawyers practicing out of offices in Michigan, New York, Washington, D.C., and Florida. The attorneys in Butzel Long's Bankruptcy Practice Group have represented debtors, official committees, and secured and unsecured creditors in significant bankruptcy cases of regional and national importance, including major automotive-industry cases. The attorneys in Butzel Long's Global Automotive Practice Group are leading advisors to automotive supplier companies worldwide. Butzel Long regularly counsels automotive supplier clients on legal and business issues throughout the United States and in strategic markets around the world.

6. By way of example, Butzel Long has been involved in representing the interests of automotive supplier clients in the bankruptcy proceedings of Chrysler LLC,[1] Tower Automotive, Dana Corporation, Delphi, Meridian Automotive, Plastech, Bluewater, CEP Products, Intermet and Blackhawk Automotive. Based on its deep and extensive experience in the automotive area, Butzel Long is uniquely qualified to serve the Committee as Special Counsel with regard to the Special Counsel Services.

7. In connection with this Application, I caused the names of the parties identified in Schedule 1 (the "Checklist Parties") and identified by the Debtors as the Master Retention Checklist (the "Master Retention Checklist") to be entered into Butzel Long's conflict check

---

[1] Butzel Long shall keep confidential any confidential information it acquired in connection with Butzel Long's representation of any party in the chapter 11 proceedings commenced by *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG).

3

database to determine whether Butzel Long has connections to such parties and, if so, whether such connections relate in any way to the representation of the Committee in this case. According to the Master Retention Checklist, the Checklist Parties include, but are not limited to: (a) the Debtors; (b) the Debtors' current and former officers and directors, and key executives; (c) significant shareholders of the Debtors; (d) the Debtors' 50 largest bondholders; (e) the Debtors' 100 largest unsecured creditors; (f) utility companies; (g) insurance providers; (h) counterparties to major contracts with the Debtors, including financing agreements, executory contracts, leases and other agreements; (i) federal and state taxing and regulatory authorities; (j) investments; (k) joint venture parties; (l) indenture trustees, including any party to the Debtors' municipal bond financing arrangements; (m) underwriting investment banks for the Debtors' securities; (n) secured creditors; (o) the Debtors' professionals and professionals retained by other significant creditor groups; (p) major customers; (q) the Debtors' top 100 suppliers; (r) the counterparties to the Debtors' strategic alliances; (s) parties to collective bargaining agreements with the Debtors; (t) parties to significant litigation with the Debtors; (u) the Debtors' North American dealerships; (v) judges of the United States Bankruptcy Court for the Southern District of New York; and (w) employees of the Office of the United States Trustee for Region 2.

8.    In addition, I caused the Checklist Parties to be reviewed by Butzel Long's conflicts staff. The conflicts staff's report was then analyzed by Butzel Long attorneys to evaluate the nature of Butzel Long's relationship to certain of the Checklist Parties.

9.    Finally, I caused an e-mail to be sent to all Butzel Long shareholders, inquiring as to whether any shareholder (a) is a creditor, equity security holder, or insider of the Debtors; (b) is or was a director, officer, or employee of the Debtors within the past two years; or (c) has an interest materially adverse to the Debtors for any reason. I also caused an e-mail to be sent to all

Butzel Long attorneys, inquiring as to whether any attorney was aware of any current representation of a client by Butzel Long in a matter that involves any entities affiliated with the Debtors.

10. Based on the results of the review described above in paragraphs 7-9, I have concluded that Butzel Long is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code.

11. Furthermore, based on this review, I have concluded that Butzel Long does not represent any entity having an adverse interest in the case within the meaning of Section 1103(b) of the Bankruptcy Code. Butzel Long has represented, and continues to represent, a large number of companies that provide goods and services to original equipment manufacturers, some of which conduct business with the Debtors. In particular, Butzel Long represents the automotive suppliers listed on Schedule 2 hereto (collectively, the "Butzel Long Supplier Clients") in connection with their contractual rights under their respective agreements with the Debtors. The interests of the Butzel Long Supplier Clients are consistent with, and not adverse to, the interests of the Committee. Indeed, the U.S. Trustee appointed two automotive suppliers to the Committee to ensure that the Committee would adequately represent the interests of this class of unsecured creditors. Butzel Long's expertise and knowledge of the automotive industry, acquired over many years of representing automotive suppliers, were important factors in the Committee's selection of Butzel Long as Special Counsel.

12. Butzel Long does not and will not represent any entities having an adverse interest in connection with the case. While Butzel Long represents certain suppliers in connection with disputes relating to cure amounts arising from the 363 Transaction, such disputes would have a potential economic impact on New GM, as such cure amounts will be

5

borne by New GM as an assumed liability; any potential impact on the equity value of Old GM would be insignificant at best.

13. At the Committee's request, I also caused a conflict check to be performed regarding certain specific parties as to which Kramer Levin cannot be adverse due to conflicts. Based upon this review, I determined that Butzel Long does not have conflicts that would preclude the firm from representing the Committee in such matters.

14. As required by Bankruptcy Rule 2014(a) and based upon the review process discussed above in paragraphs 7-9, Schedule 3 hereto separately identifies: (a) Checklist Parties that are current Butzel Long clients; (b) Checklist Parties that are former Butzel Long clients within the past three years; and (c) Checklist Parties whose affiliates are current clients of Butzel Long or were clients of Butzel Long within the past three years.

15. Butzel Long's accounting staff has advised me that none of the parties listed on Schedules 2 and 3 comprised more than 1% of Butzel Long's revenue during 2008, except for Johnson Controls Inc. (1.96%), and entities affiliated with Trelleborg AB (1.1%).

16. Butzel Long has not agreed, and will not agree, to share (i) any compensation it may receive with another party or person or (ii) any compensation another person or party has received or may receive.

17. Butzel Long's hourly rates as charged to bankruptcy and nonbankruptcy clients, which are adjusted periodically and updated annually, are as follows: $300 to $750 for shareholders, $285 to $625 for counsel, $275 to $590 for senior attorneys, $205 to $400 for associates, and $120 to $245 for paralegals. The current hourly rates for Butzel Long shareholders and counsel who are expected to be involved in this engagement are: Barry N. Seidel (Shareholder: $725), Martin E. Karlinsky (Shareholder: $675), Robert Sidorsky (Counsel:

6

$625), Philip J. Kessler (Shareholder: $600), Thomas B. Radom (Shareholder: $525), Eric B. Fisher (Shareholder: $525), William J. Kohler (Counsel: $460), W. Patrick Dreisig (Shareholder: $435), and Max J. Newman (Shareholder: $425). Butzel Long will file notice with the Court should Butzel Long's standard rates change during the course of its engagement in this matter.

18. It is Butzel Long's policy to charge its clients for expenses incurred in connection with their cases. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for working meals and committee meetings, computerized research and transcription costs. In this case, Butzel Long will charge for these expenses in a manner and at rates consistent with charges made generally to Butzel Long's other clients. Further, with cost minimization in mind, Butzel Long has been working, and will continue to work, closely with Kramer Levin to ensure that each professional is assigned, works on, and completes specific, complementary, and non-duplicative tasks.

19. In sum, insofar as I have been able to ascertain based upon our analysis and review of this matter, Butzel Long is a "disinterested person" as defined in 11 U.S.C. § 101(14), and does not represent any entity having an adverse interest in this case within the meaning of 11 U.S.C. § 1103(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       June 30, 2009

                                   /s/Barry N. Seidel
                                      Barry N. Seidel