Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esq.
(pvnl@capdale.com)
Ronald E. Reinsel, Esq. (Admitted Pro Hac Vice)
(rer@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900 (telephone)
(214) 969-4999 (facsimile

*Counsel for Ad Hoc Committee of Asbestos Personal Injury Claimants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

In re:  Chapter 11

**GENERAL MOTORS CORP., et al.,**                               Case No. 09-50026 (REG)

**Debtors.**                                                    (Jointly Administered)

-----------------------------------------------------------------------X

**JOINT STATEMENT OF ISSUES BY MARK BUTTITA, AS PERSONAL
REPRESENTATIVE OF SALVATORE BUTTITA AND AD HOC COMMITTEE OF
PERSONAL INJURY CLAIMANTS REGARDING THEIR RESPECTIVE OBJECTIONS
TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§105, 363(b), (f), (k), and (m), AND
365 AND FED R. BANKR. P. 2002, 6004, AND 6006, TO (I) APPROVE (A) THE SALE
PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE
ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B)
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (C) OTHER RELIEF; AND (II) SCHEDULE
<u>SALE APPROVAL HEARING</u>**

Pursuant to the Court's instructions on June 29, 2009, Mark Buttita, in his capacity as the personal representative of Salvatore Buttita, and a member of the Official Unsecured Creditors Committee appointed in these cases, by his counsel, Caplin &Drysdale, Chartered, and the Ad Hoc Committee of Asbestos Personal Injury Claimants, by its counsel, Stutzman, Bromberg, Esserman and Plifka, jointly submit the following statement of issues ("Statement of Issues") regarding the Debtors' Motion ("Motion") Pursuant To 11 U.S.C. §§105, 363(B), (F), (K), And (M), And 365 And Fed R. Bankr. P. 2002, 6004, And 6006, To (I) Approve (A) The Sale Pursuant To The Master Sale And Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Other Relief; And (II) Schedule Sale Approval Hearing:

I.  **Facts (Not Disputed)**

- It is undisputed that the Debtors have potential exposure for present and future asbestos-related claims in an amount no less than $648 million over the next ten years. *See* General Motors Corp. Form 10-K filed March 5, 2000 at pp. 2006-07.

- The Debtors have not disputed that asbestos-related diseases have a long latency period, and may not be manifested for up to forty years.

- The Debtors have represented that, subsequent to the asset sale, old General Motors will be liquidated.

II. **Legal Issues**

- Does Section 363(f) authorize the sale of assets free and clear of successor liability claims?

- Does Section 105(a) authorizes the sale of assets free and clear of successor liability claims

- Even if assets may be sold free and clear of existing claims, can they be sold free and clear of future claims?

2

- Even if assets may be sold free and clear of existing and future claims, have the Debtors established an evidentiary record that would support such a determination?

- Does the bankruptcy code require that the requested injunction and other relief as to future asbestos claims be made only in accordance with the statutory provisions of 11 U.S.C. § 524(g)?

- Do the requested injunction and other relief as to not yet existing, future asbestos claims meet the notice and due process requirements of the U.S. Constitution?

- Under the facts of this case, does the proposed sale of substantially all of General Motor's assets and continuation of its enterprise constitute an impermissible *sub rosa* plan of reorganization?

- Are not yet existing, future claims "interests in property" within the scope and meaning of Section 363?

- Are the requested findings with respect to successor liability issues supported by the evidentiary record?

Dated:  June 30, 2009
         New York, NY

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

By: /s/ Elihu Inselbuch
    Elihu Inselbuch (EI-2843)
    (ei@capdale.com)
    Rita C. Tobin, Esq.
    (rct@capdale.com)
    375 Park Avenue, 35th Floor
    New York, NY  10152-3500

    Peter Van N. Lockwood, Esq.
    (pvnl@capdale.com)
    Ronald E. Reinsel, Esq. (*Admitted Pro Hac Vice*)
    (rer@capdale.com)
    CAPLIN & DRYSDALE, CHARTERED
    One Thomas Circle
    Washington, D.C.  20005
    (202) 862-5000

3

*Attorneys for Mark Buttita, personal representative of Salvatore Buttita*

STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION

By:  /s/ Peter C. D'Apice

Sander L. Esserman (Admitted *Pro Hac Vice)*
Robert T. Brousseau (Admitted *Pro Hac Vice)*
Peter D'Apice, Esq.
Jo E. Hartwick (Admitted *Pro Hac Vice)*
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900 (telephone)
(214) 969-4999 (facsimile

*Counsel for Ad Hoc Committee of Asbestos Personal Injury Claimants*