Hearing Date and Time: June 25, 2009 at 9:45 a.m.
Objections Due: June 19, 2009 at 4:00 p.m.

Barry E. Bressler (*admitted pro hac vice*)
Richard A. Barkasy (*admitted pro hac vice*)
Benjamin P. Deutsch (BD-5435)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for the Ad Hoc*
*Committee of Consumer Victims of General Motors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                  :

In re:                                                                                    :            Chapter 11

                                                  :

GENERAL MOTORS CORP., *et al.*,                          :            Case No. 09-50026 (REG)

                                                  :

                                Debtors.            :            (Jointly Administered)

------------------------------------------------------------------------X

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES FOR THE OBJECTION OF
THE AD HOC COMMITTEE OF CONSUMER VICTIMS OF GENERAL MOTORS' TO
DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE SALE OF
SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND OTHER RELIEF
DATED AND FILED JUNE 19, 2009**

The Ad Hoc Committee of Consumer Victims of General Motors (the "**Ad Hoc**

**Consumer Committee**"), by and through its undersigned counsel and as instructed by the Court,

submit a Table of Contents and Table of Authorities for the Ad Hoc Committee of Consumer

Victims of General Motors Objection dated June 19, 2009 to Debtors' Motion pursuant to 11

U.S.C. §§105, 363(b), (f), (k), and (m), and 365 and Fed R. Bankr. P. 2002, 6004, and 6006, to

(I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle

Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear Of Liens,

Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale

Approval Hearing

                         SCHNADER HARRISON SEGAL
                              & LEWIS LLP

Dated:  July 1, 2009              By:  /s/ Benjamin P. Deutsch
                                       Benjamin P. Deutsch (BD-5435)
                                       bdeutsch@schnader.com
                                       140 Broadway, Suite 3100
                                       New York, NY 10005-1101
                                       Phone:  (212) 973-8000
                                       Fax:  (212) 972-8798

                                       - and –

                                       Barry E. Bressler, Esquire
                                          (admitted pro hac vice)
                                          bbressler@schnader.com
                                       Richard A. Barkasy, Esquire
                                          (admitted pro hac vice)
                                          rbarkasy@schnader.com
                                       1600 Market Street, Suite 3600
                                       Philadelphia, PA 19103-7286
                                       Phone: (215) 751-2000
                                       Fax:  (215) 751-2205
                                       *Attorneys for the Ad Hoc Committee of
                                       Consumer Victims of General Motors*

*Ad Hoc Committee of Consumer Victims of General Motors*

# TABLE OF CONTENTS

Page

BACKGROUND ………………………………………………………………    2

OBJECTION ……………………………………………………………….....    4

A.    The "Sale" is an Illegal *Sub Rosa* Plan …………………………...............    4

B.    New GM's Refusal to Assume Responsibility for Tort Claims is Not in
      Good Faith .....…………………… ……………………………...................    7

C.    The Debtors Are Not Permitted to Transfer Their Assets to New
      GM Free and Clear of Tort Claims ……………………………...................    10

RESERVATION OF RIGHTS……...…………………………………………....    15

CONCLUSION ……………………………………………………………………    15

MEMORANDUM OF LAW ………………………………………………………    16

*Ad Hoc Committee of Consumer Victims of General Motors*

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

*Chicago Truck Drivers v. Tasemkin, Inc.*,
59 F.3d 48 (7th Cir. 1995) ............................................................................................14

*Forde v. Kee-Lox Manufacturing Co., Inc.*,
437 F. Supp. 631 (W.D. N.Y. 1977) ..............................................................................13

*In re Abbotts Dairies of Pennsylvania, Inc.*,
788 F.2d 143 (3d Cir. 1986).........................................................................................7, 8

*In re Arn Ltd. Ltd. Partnership*,
140 B.R. 5 (Bankr. D.C. 1992) ........................................................................................7

*In re Babcock & Wilcox Co.*,
250 F.3d 955 (5th Cir. 2001) ...........................................................................................4

*In re Beker Indus. Corp.*,
63 B.R. 474 (Bankr. S.D. N.Y. 1986)............................................................................13

*In re Braniff Airways, Inc.*,
700 F.2d 935 (5th Cir. 1983) ...........................................................................................4

*In re Channel One Communications, Inc.*,
117 B.R. 493 (Bankr. E.D. Mo. 1990) .............................................................................8

*In re Chrysler LLC*,
2009 Bankr. LEXIS 1323 (Bankr. S.D. N.Y. 2009) .....................................................12

*In re Condere Corp.*,
228 B.R. 615 (Bankr. S.D. Miss. 1998)...........................................................................8

*In re Continental Air Lines, Inc.*,
780 F.2d 1223 (5th Cir. 1986) .........................................................................................4

*In re Exaeris, Inc.*,
380 B.R. 741 (Bankr. D. Del. 2008) ................................................................................8

*In re Fairchild Aircraft Corp.*,
184 B.R. 910 (Bankr. W.D. Tex. 1995), *vacated on other grounds, 220 B.R. 909
(Bankr. W.D. Tex. 1998)* ..............................................................................................11

*In re Golf, L.L.C.*,
322 B.R. 874 (Bankr. D. Neb. 2004) ...............................................................................5

*Ad Hoc Committee of Consumer Victims of General Motors*

*In re Granada Wines, Inc.,*
748 F.2d 42 (1st Cir. 1984)...................................................................7

*In re Gulf Coast Oil Corp.,*
2009 Bankr. LEXIS 313 (Bankr. S.D. Tex. 2009)..............................6

*In re Medical Software Solutions,*
286 B.R. 431 (Bankr. D. Utah 2002) ...................................................8

*In re Public Service Co.,*
90 B.R. 575 (Bankr. D. N.H. 1988) .....................................................5

*In re Schwinn Bicycle Co.,*
210 B.R. 747 (Bankr. N.D. Ill. 1997), *aff'd* 217 B.R. 790 (N.D. Ill. 1997)...........................11

*In re Sentry Operating Co. of Texas, Inc.,*
264 B.R. 850 (Bankr. S.D. Tex 2001) ..................................................7

*In re Summit Global Logistics, Inc.,*
2008 Bankr. LEXIS 896 ........................................................................7

*In re Trans World Airlines, Inc.,*
322 F.3d 283 (3d. Cir. 2003) *("TWA")* .................................12, 13, 14

*In re Westport Stevens, Inc.,*
333 B.R. 30 (Bankr. S.D. N.Y. 2005)...................................................4

*In re Wolverine Radio Co.,*
930 F.2d 1132 (6th Cir. 1991) ............................................................11

*Kattula v. Republic Bank (In re LWD, Inc.),*
2009 U.S.Dist. LEXIS 17852 (W.D. Ky. 2009) ................................11

*Ninth Ave. Remedial Group v. Allis-Chalmers,*
195 B.R. 716 (N.D. Ind. 1996) ...........................................................14

*Riverkeeper, Inc. v. U.S. Envtl. Prot. Agency,*
475 F.3d 83 (2d Cir. 2007)..................................................................12

*Russello v. United States,*
464 U.S. 16 (1983)...............................................................................12

*Sompo Japan Ins. Co. of Am. v. Union Pac. R.R. Co.,*
456 F.3d 54 (2d Cir. 2006)..................................................................12

*Zerand-Bernal Group, Inc. v. Cox,*
23 F.3d 159 (7th Cir. 1994) ................................................................14

*Ad Hoc Committee of Consumer Victims of General Motors*

## STATE CASES

*Gross v. Trustees of Columbia Univ.*,
  816 N.Y.S. 2d 695 (2006)............................................................................................15

*Lefever v. K.P. Hovnanian Enterprises, Inc.*,
  160 N.J. 307 (1999) ....................................................................................................15

*Simmons v. Mark Lift Industries, Inc.*,
  366 S.C. 308 (2005) ....................................................................................................15

## FEDERAL: STATUTES

11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 .....................................................1

11 U.S.C. § 1129(b)(1) ....................................................................................................7

Chapter 11 of the Bankruptcy Code.............................................................................2, 8

§ 363(f) of the Bankruptcy Code .........................................................................5, 12, 13, 14

Bankruptcy Code § 1129 ..............................................................................................6, 8

Fed R. Bankr. P. 2002, 6004, and 6006 ...........................................................................1

## STATE: STATUTES

§ 101(5) of the Code .....................................................................................................12

§ 363(f)(3) of the Code .................................................................................................13

§ 506(a) of the Code .....................................................................................................13