**Sale** Approval Hearing Date: June 30, 2009 at 9:45 a.m.

NEBRASKA ATTORNEY GENERAL JON BRUNING
Leslie C. Levy
Assistant Attorney General
Nebraska State Bar No. 20673
Nebraska Attorney General's Office
2115 State Capitol Building
Lincoln, Nebraska 68509-8920
Telephone: (402) 471-2811
Fax: (402) 471-4725
leslie.levy@nebraska.gov

Attorneys for the States of Arkansas, Arizona, California, Connecticut,
Colorado, Delaware, Georgia, Idaho, Iowa, Illinois, Indiana, Kansas,
Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota,
Missouri, Mississippi, Montana, Nebraska, North Carolina, North Dakota,
New Jersey, New Mexico, Nevada, Ohio, Oklahoma, Pennsylvania,
Rhode Island, Utah, Virginia, Vermont, Washington, and West Virginia
as well as *Hawaii, New Hampshire, South Carolina, South Dakota,
Wisconsin, Tennessee and Wyoming

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |

------------------------------------------------------------X

**Statement on Successor Liability of the States of Arkansas, Arizona,**
**California, Connecticut, Colorado, Delaware, Georgia, Idaho,**
**Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts,**
**Maryland, Maine, Michigan, Minnesota,**
**Missouri, Mississippi, Montana, Nebraska, North Carolina, North Dakota,**
**New Jersey, New Mexico, Nevada, Ohio, Oklahoma, Pennsylvania,**
**Rhode Island, Utah, Virginia, Vermont, Washington, and West Virginia**
**as well as *Hawaii, New Hampshire, South Carolina, South Dakota,**
**Wisconsin, Tennessee and Wyoming**

*States which joined later. See filed documents 2425, 2623 and 2705

**Statement of the States on Successor Liability**

The Master Purchase and Sales Agreement ("MPSA") provides for the Purchaser to acquire some assets and to exclude others, and similarly to assume certain liabilities and to exclude others. It also states that the Purchaser disavows any intention of being a voluntary successor or being liable for any debts other than those that it specifically assumes. The Order greatly expands on that stated intention in four basic fashions. The issues with respect to each are set out below:

Disclaimer of successorship – most clearly stated in part. 27 of the original Order.

- a) May the court simply order a "no successor" finding based on parties' agreement, rather than analysis of law and facts?
- b) If the court must analyze the issue, which law (state (which one) or federal) applies to set the criteria?
- c) Are there different standards for different types of claims (i.e., "substantial continuity test used under federal common law for labor law claims; state law test for tort claims, etc.)?
- d) What is the result under the applicable standards?

2. Regardless of whether purchaser is a legal successor for some or all of the claims asserted, may it purchase assets free and clear of claims, pursuant to Section 363(f)(5)'s language referring to sale free and clear of an "interest in property?"

- a) That is, can a "claim" be deemed to be an interest in property, despite the distinction drawn everywhere else in the Code between the two concepts?
- b) If claims are "interests in property" for purposes of 363(f)(5), are they entitled to adequate protection under Section 363(e)? Is being allowed payment *pro rata* from an insufficient pool of assets "adequate protection?"

3. If Section 363(f)(5) includes claims, how broad is that inclusion?

- a) Does it include all 101(5) claims or just those that arise in some way out of the operation of the property?
- b) Does it extend beyond 101(5) claims? The MPSA definition of "Claim" greatly expands upon the 101(5) claim definition, including matters such as "investigations," "defenses," "rights of recoupment," etc. none of which would be a 101(5) claim. May sales be made "free and clear" of such matters?
- c) Are limits on when a 101(5) claim accrues applicable to the scope of a sale free and clear?

4) May the Order also include miscellaneous bars on non-debtor rights, such as barring setoff (if allowed by Section 553), recoupment, licensing requirements, carryover of experience ratings in compensation programs, etc.?

Dated:   July 1, 2009

Respectfully submitted,

                        STATE OF NEBRASKA

                        JON BRUNING,
                        ATTORNEY GENERAL

                        */s/Leslie C. Levy*
                        Leslie C. Levy, # 20673
                        Assistant Attorney General
                        2115 State Capitol Building
                        Lincoln, NE 68509-8920
                        Tel.: (402) 471-2811
                        Fax: (402) 471-4725
                        leslie.levy@nebraska.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2009, a true and correct copy of the foregoing was served on all those parties receiving notice through the Court's ECF system and those parties below via U.S. Mail First Class, postage prepaid.

| | |
|---|---|
| Harvey Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY   10153 | John J. Rapisardi<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY   10281 |
| James L. Bromley<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY   10006 | Babette Ceccotti<br>Cohen Weiss and Simon LLP<br>330 W. 42nd Street<br>New York, NY   10036 |
| Michael J. Edelman<br>Michael L. Schein<br>Vedder Price PC<br>1633 Broadway   47th Fl.<br>New York, NY   10019 | Diana G. Adams<br>Office of U. S. Trustee<br>33 Whitehall Street, 21st Fl.<br>New York, NY   10004 |

| | |
|---|---|
| David S. Jones<br>Matthew L. Schwartz<br>U. S. Attorney's Office<br>86 Chambers Street, 3rd Fl.<br>New York, NY   10007 | Warren Command Center,<br>Mailcode 480-206-114<br>General Motors Corporation<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren, MI 48090-9025 |
| Matthew Feldman, Esq.<br>U.S. Department of Treasury<br>1500 Pennsylvania Ave. NW, Room 2312<br>Washington, DC 20220 | Kenneth Eckstien, Esq.<br>Thomas Moers Mayer, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |
| Lawrence S. Buonomo, Esq.<br>General Motors Corporation<br>300 Renaissance Center<br>Detroit, MI 48265 | Daniel W. Sherrick<br>UAW<br>8000 E. Jefferson Ave.<br>Detroit, MI 48214 |
| Gordon Z. Novod, Esq.<br>Thomas Moers Mayer, Esq.<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>gnovod@kramerlevin.com | Chambers Copy<br>Hon. Robert E. Gerber<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green, Room 621<br>New York, NY 10004-1408 |

Dated: July 1, 2009

/s/    *Leslie C. Levy*
Leslie C. Levy
Assistant Attorney General