Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                              :    Chapter 11 Case No.
: 
**GENERAL MOTORS CORP.**, *et al.*,                    :    09-50026 (REG)
: 
             Debtors.                                  :    (Jointly Administered)
: 
---------------------------------------------------------------x

**STATEMENT OF THE DEBTORS ON SUCCESSOR LIABILITY**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the direction of the Court, General Motors Corporation ("**GM**") and its affiliated debtors (collectively, the "**Debtors**"), submit this Statement on successor liability issues:

- It is the position of the Debtors and the Purchaser[1] that the 363 Transaction and the transfer of the Purchased Assets should be free and clear of liens, claims, encumbrances, and other interests, including any successor or transferee liability pursuant to 11 U.S.C. §§ 363(f) and 105, as set forth in the MPA as filed on June 1, 2009, annexed to the Motion as Exhibit "A." Since the filing of the Motion, further negotiations ensued that resulted in modifications to the MPA with respect to certain of these matters (the "**Modifications**").
- <u>Future Products Liability Claims</u>.  The Modifications provide the Purchaser will expressly assume all products liability claims arising from accidents or other discrete incidents arising from the operation of GM vehicles occurring subsequent to the Closing of the 363 Transaction, regardless of when the product was purchased.  In addition, the Modifications provide that the Purchaser shall be responsible for the payment of all liabilities arising under Lemon Laws.
- <u>Asbestos Current and Future Claims</u>.  There has been no modification or change of position as to current and future asbestos claims.  The Debtors and the Purchaser propose that the Sale Order provide that the Purchased Assets will be free and clear of all current and future asbestos claims, including any successor or transferee liability.
- <u>Environmental Claims</u>.  Although the Purchaser is not assuming any existing environmental claims, the Sale Order has been modified to provide that nothing in the Order shall in any way (i) diminish the obligation of the Purchaser to comply with Environmental Laws, or (ii) diminish the obligations of the Debtors to comply with Environmental Laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code.

---

[1] Capitalized terms not defined herein have the meaning ascribed thereto in the Debtors' motion requesting, inter alia, an order pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365 authorizing and approving the sale of substantially all the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements, dated June 1, 2009 (the "**Motion**") or the MPA.

Dated: June 30, 2009
      New York, New York

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007