**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

**In Re:**

    **General Motors Corporation,** *et al.*                   Chapter 11
                                                                        Case No. 09-50026-REG
                        **Debtor - in - Possession.**        Hon. Robert E. Gerber

_____

**STATEMENT OF ISSUES BY THE NEW YORK STATE**
**DEPARTMENT OF ENVIRONMENTAL CONSERVATION**
**RELATED TO SUCCESSOR LIABILITY UNDER**
**ENVIRONMENTAL LAWS IN AN ASSET SALE**
**PURSUANT TO 11 U.S.C. § 363**

Pursuant to the Court's direction at the June 30, 2009 hearing on the Debtors' motion to sell assets of the estate free and clear of liens, claims, encumbrances, and other interests, including any successor or transferee liability pursuant to 11 U.S.C. §§ 363(f) and 105, the New York State Department of Environmental Conservation, by its attorneys, Attorney General Andrew M. Cuomo, hereby submits the following statement of issues to be determined as part of the sale:

*     Whether the sale, whose purpose is to eliminate and extinguish successor liability under environmental laws, is proposed in good faith.

*     Whether the Court should apply a heightened scrutiny when the sale purports to sell assets free and clear of successor liability that would avoid the affect of environmental laws designed to protect human health and safety.

*     Whether a governmental entity's interest related to the exercise of police and regulatory authority against a Purchaser through enforcement of environmental laws and regulations is a "claim" or an "interest" in property of the estate within the meaning of Sections 101(5), 363(f), and 541 that can be affected by the sale of assets free and clear of successor liability.

*     Whether a governmental may as a matter of State law accept money instead of compliance with environmental laws.

*     Whether the question of the nature of a governmental entity's "interest" in real property should be determined upon application of State law.

\*   Whether a governmental entity's interest related to the enforcement of police and regulatory authority through environmental laws and regulations.

\*   Whether the Court in approving the sale may find that the Purchaser, New GM, is not the successor to the Debtor when the record shows that New GM will hold itself out as the Debtor, General Motor Corporation; will have the same business operations and manufacture most of the same products; will utilize the same suppliers and vendors; will operate at most of the same manufacturing and production facility locations; will retain the same management, employees, in-house counsel, and certain members of the board of directors; will utilize the same GM logo; and will use its predecessor's customer list and good will.

\*   Whether the Court should apply principles of State law in reaching a determination that the Purchaser is not the successor to the Debtor.

\*   Whether the Court should abstain from reaching, defer or otherwise refuse to reach, the issue of whether the assets are sold free and clear of successor liability.

\*   Whether Sections 363(f) and 105 authorize the Court to approve the sale free and clear of successor liability if applicable State law imposes such liability and would otherwise prohibit the sale.

\*   Whether the remedial and public interest purposes of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607, and other State and Federal laws, would be frustrated to allow a successor corporation to avoid the environmental liability of its predecessor through a 363 asset sale specifically designed to avoid such liability.

\*   Whether unknown environmental conditions at property sold pursuant to a 363 sale should be affected or otherwise extinguished against the Purchaser.

\*   Whether successor liability and any other interests being sold free and clear are adequately protected under the terms of the sale.

Dated: July 1, 2009

ANDREW M. CUOMO
Attorney General of the
 State of New York

BY:     /S/
_____
MAUREEN F. LEARY
Assistant Attorney General
 Environmental Protection Bureau
The Capitol, Albany, New York 12224

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2009 I served, via the Electronic Docket, the New York State Department of Environmental Conservation's Statement of Issues related to its Limited Objections To Debtors' Motion for an Order Approving Sale of Assets Pursuant to 11 U.S.C. § 363, upon the parties to this proceeding in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

                                                                 _____/s/_____
                                                                 Maureen F. Leary
                                                                 Assistant Attorney General