Donald C. Marro, *pro se*
3318 Bust Head Road
The Plains, VA  20198
540-253-5309 (tel)
540-253-5607 (fax)
dmarro@crosslink.net



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORP.**, et al<br><br>       Debtors | Chapter 11 Case No.<br>09-50026 (REG)<br>(Jointly Administered)<br><br>Hearing: 06/30/09<br><br>Motion For Leave;<br>Affidavit In Support;<br>Objections To Sale;<br>Oral Argument Waiver;<br>Service List |

### Motion For Leave to File Out of Time an Unsecured Creditor's Objections To Sale

Unsecured creditor Donald C. Marro, *pro se*, moves for leave to object out of time to the sale of debtor's assets, and states:

1. I am an unsecured bondholder of General Motors Corp., with bonds exceeding $1,000,000 in face value, purchased at various times in 2006, 2007 and 2008.

2. These bonds are held in a custodial account at Charles Schwab & Co. ("Schwab")

3. Notice of Sale of Debtor's Assets dated June 2, 2009, (the "Sale") did not reach me until June 22, 2009.

4. Schwab claims such notice(s) as it received did not arrive until June 15, 2009, and were forwarded to its accountholders within 3 business days.

5. I object to the Sale, and wish to do so formally.

WHEREFORE, I respectfully do so move.

Dated:   June 26, 2009                by:   _____
                                            Donald C. Marro, *pro se*
                                            3318 Bust Head Road
                                            The Plains, VA  20198
                                            540-253-5309 (tel)
                                            540-253-5607 (fax)
                                            dmarro@crosslink.net

### Waiver Of Oral Argument

Movant hereby gives notice of waiver of oral argument and waives oral argument.

Dated:   June 26, 2009                by:   _____
                                            Donald C. Marro, *pro se*
                                            3318 Bust Head Road
                                            The Plains, VA  20198
                                            540-253-5309 (tel)
                                            540-253-5607 (fax)
                                            dmarro@crosslink.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORP.**, et al<br><br>       Debtors | Chapter 11 Case No.<br>09-50026 (REG)<br>(Jointly Administered)<br><br>Hearing: 06/30/09<br><br>Affidavit In Support |

## Affidavit In Support of Motion for
## Leave To Object Out of Time

1. I am Donald Marro and I prepared this affidavit based on personal knowledge and, if required, could and would testify competently under oath thereto.

2. I am an unsecured bondholder of General Motors Corp., with bonds exceeding $1,000,000 in face value, purchased at various times in 2006, 2007 and 2008.

3. These bonds are held in a custodial account at Charles Schwab & Co. ("Schwab")

4. Notice of Sale of Debtor's Assets dated June 2, 2009, (the "Sale") came to me from Schwab but not until June 22, 2009.

5. Schwab claims such notice(s) as it received did not arrive until June 15, 2009, and were forwarded to its accountholders within 3 business days.

I declare under penalty of perjury under the laws of the United States and of the Commonwealth of Virginia that all of the foregoing is true and correct.

DATED:    June 26, 2009                    by: _____
                                                Donald C. Marro
                                                3318 Bust Head Road
                                                The Plains, VA   20198

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORP., et al**<br><br>        Debtors | Chapter 11 Case No.<br>09-50026 (REG)<br>(Jointly Administered)<br><br>Hearing: 06/30/09<br><br>Objections To Sale;<br>Oral Argument Waiver<br>Paper Filing Affidavit<br>Service List |

### Unsecured Creditor's Objections To Sale

Unsecured creditor Donald C. Marro, *pro se*, objects to the sale of debtor's assets, and states:

I. **Introduction and Background**

The sale of debtor's assets herein (and indeed this entire proceeding) is framed by debtor and its U.S Treasury sponsor as a matter of public policy.

Certain of debtor's other assets, not subject to the herein Chapter 363 transaction, have proceeded expeditiously.

Matters having a profound financial impact upon debtor and by extension its unsecured creditors are being regularly negotiated by the Congress and the States with the debtor outside the Bankruptcy Courts, to wit, the closure of plants, the cancellation of dealer franchises, and termination of product liabilities, among others.

Debtor and its U.S. Treasury Chapter 363 purchase sponsor both acknowledge debtor's bankruptcy is a consequence of U.S. regulatory failures resulting in the elimination of credit and sharply reduced demand for the automotive products relied upon by debtor.

II. **Unsecured Creditor's Objections To the Sale**

Insufficient time was available to prepare a more completely argued set of objections hereto. The objections herein are both to make the objections and to preserve such objections for review.

**A. Flagrant impairment of contractual obligations as here, in the face of unsecured creditor approval, is forbidden by the Due Process Article of the Constitution.** *Armstrong v. Fairmont Com. Hosp.* (D. Minn 1987) 659 F. Supp 1524

**B. Federal government valuations of invested capital at lower levels than bargained for obligations denies due process.**

The U.S. Treasury sponsor of the Chapter 363 purchase valued the unsecured creditors holdings at much less than the bargained for obligations of the UAW.

There is no basis in law for this disparity.

**C. Such valuations are also an unconstitutional taking.**

The U.S. Treasury sponsor of the Chapter 363 purchase valued the unsecured creditors holdings at much less than the bargained for obligations of the UAW, ostensibly to protect UAW jobs, a public policy consideration.

The difference in valuation represents thereby a taking, and is unconstitutional.

**D. Such valuations when made for the public policy purposes that are operative herein also deny equal protection.**

The U.S. Treasury sponsor of the Chapter 363 purchase valued the unsecured creditors holdings at much less than the bargained for obligations of the UAW, ostensibly to protect UAW jobs, a public policy consideration.

There is no basis in law for this posture.

## III. Conclusion

For the foregoing reasons, this Court is respectfully requested to decline to conclude Sale of Debtor's Assets as proposed and order an auction of these assets and strict *pro rata* ownership.

Dated:  June 26, 2009                             by: _____
                                                  Donald C. Marro, *pro se*
                                                  3318 Bust Head Road
                                                  The Plains, VA  20198
                                                  540-253-5309 (tel)
                                                  540-253-5607 (fax)
                                                  dmarro@crosslink.net

### Waiver Of Oral Argument

Objector hereby gives notice of waiver of oral argument and waives oral argument.

Dated:  June 26, 2009                             by: _____
                                                  Donald C. Marro, *pro se*
                                                  3318 Bust Head Road
                                                  The Plains, VA  20198
                                                  540-253-5309 (tel)
                                                  540-253-5607 (fax)
                                                  dmarro@crosslink.net

### Paper Filing Affidavit

1.  I am Donald Marro and I prepared this affidavit based on personal knowledge and, if required, could and would testify competently under oath thereto.

2.  I am presently without the means of electronic filing.

I declare under penalty of perjury under the laws of the United States and of the Commonwealth of Virginia that all of the foregoing is true and correct.

DATED:  June 26, 2009                             by: _____
                                                  Donald C. Marro
                                                  3318 Bust Head Road
                                                  The Plains, VA  20198

### Proof of Service

DONALD C. MARRO, *pro se*, herewith files Proof of Service upon debtor and parties to this case.

DATED:  June 26, 2009                             by: _____
                                                  Donald C. Marro

09-50026-mg    Doc 2881    Filed 06/29/09    Entered 07/01/09 13:06:46    Main Document
Pg 7 of 7


## Service List

Weil, Gotshal & Manges, LLP
Attn: Harvey Miller, Esq, Stephen Karotkin, Esq
and Joseph Smolinsky, Esq
767 Fifth Ave.
New York, NY 10153

Cleary Gottlieb Steen & Hamilton, LLP
Attn: James L. Bromley, Esq.
One Liberty Plaza
New York, NY 10006

Vedder Price, P.C.
Attn: Michael J. Edelman, Esq.
1633 Broadway, 47th Floor
New York, NY 10019

US Attorney's Office, S.D. NY
Attn: David Jones, Esq.
Matthew Schwartz, Esq.
86 Chambers Street, 3rd Floor
New York, NY 10007

Cadwalader, Wickersham & Taft, LLP
Attn: John Rapisardi, Esq.
One World Financial Center
New York, NY 10281

Cohen, Weiss and Simon, LLP
Attn: Babette Ceccotti, Esq.
330 W. 42nd St.
New York, NY 10036

Office of the United States Trustee
Southern District of New York
Attn: Diana G. Adams, Esq.
33 Whitehall St., 21st Floor
New York, NY 10004