Charles P. Gordon
8808 Blue Smoke Dr.
Gaithersburg, MD 20879-1648
240 912-6879
charles1016@comcast.net
June 26, 2009



UNITED STATES BANKRUPTCY COURT,
SOUTHERN DISTRICT OF NEW YORK

In re GENERAL MOTORS CORP., et al. Debtors
Ch. 11 Case No. 09-50026 (REG)

MOTION TO EXTEND TIME FOR FILING OBJECTIONS
MOTION TO PERMIT FILING COPIES OF OBJECTIONS TO ONLY TWO PARTIES

OBJECTIONS TO MATTERS STATED IN DOCUMENT OF JUNE 2, 2009


MOTION TO EXTEND TIME FOR FILING OBJECTIONS

I am owner of $4000 face amount of General Motors Corp Bonds due Jul 15, 2033 with a coupon of 8.375% that I purchased on June 18, 2003 for $3949 including commission to partially fund my retirement. They are held in an IRA account at Merrill Lynch.

I received the notice of the deadline to file objections by regular mail on June 24, 2009. Consequently there was no way that I could file objections by the deadline stated of June 19, 2009 that was stated in the document supposedly dated June 2, 2009.

Therefore the deadline of June 19 violates my constitutional rights of due process of law as stated by the 5th Amendment to the US Constitution. A deadline can not be set prior to the date that a person receives notice of the deadline.

Secondly the June 19 deadline is a fraud on creditors because Counsel for the debtor and indeed the Bankruptcy Court knew that over $8 billion in such securities was held by small investors in IRA brokerage accounts and there was no way that they could have received the notification before the deadline. It is a fraud to set a deadline knowing that effected parties will not know about the deadline until after the deadline has passed.

Third, the Court has denied small bondholders group representation in the bankruptcy. Accordingly, it is required that the procedures and deadlines be set in a manner that we can represent our own interests.

Accordingly, I move that the deadline be extended to 8 weeks from the time that the motion is granted so there is 4 weeks for small bondholders to receive notice and 4 weeks for time to prepare and submit objections.

MOTION TO PERMIT FILING OBJECTIONS AND PAPERS ON ONLY THE COURT AND TWO PARTIES.

The Notice dated June 2, 2009 requires filing objections and papers on 10 parties as well as the Court. They are all sophisticated, large law firms and legal entities who can check the docket or share papers.

The cost to small bondholders in copying and mailing expenses to file 10 copies of the papers is prohibitive. Requiring such large expenses denies small bondholders due process to present their claims and represent their interests. There is no significant benefit to all 10 other parties from receiving all those copies.

Accordingly, I move that small bondholders need only file a copy with the Court, attorneys for the Debtor and the US Attorney.

OBJECTIONS TO MATTERS STATED IN THE DOCUMENT OF JUNE 2, 2009.

The document of June 2, 2009 is cryptic and impossible to understand. But based on that and various newspaper accounts, bondholders are to have their bonds wiped out and interest payments cease in exchange for 10% of the equity in New GM. The US and Canada are to receive 60% of equity and the UAW health fund 30%. Yet the bondholders are owed over $30 billion, which is more than the health fund is owed and is arguably comparable to what the governments are really contributing. In addition under bankruptcy law the bondholders claims have priority over the health fund and arguably should have equality to the government claims. Accordingly, I object to the plan.

In addition the small bondholders purchased those bonds to provide income for retirement. The small amount of equity they will be given are will not provide any income for many years.

Pursuant to bankruptcy law and the remaining value of GM, small bondholders should not have the value of their bonds reduced by more than one-half with interest payments and maturity dates remaining unchanged. This reduction in interest payments by more than $1.2 billion will provide more than the bondholders share in continuing the solvency of the NEW GM.

I do not think that the Bankruptcy Court normally gets into the equities of the various creditors and debtor. But in this case it has. The Plan has determined that the health benefits of GM retirees and the US Government's interest in having GM produce smaller, greener and more fuel efficient cars is much greater than any interest of bondholders despite the law. Therefore the law requires for equal justice the small bondholders be able to present their equities and the any ultimate plan upheld by the Bankruptcy Court take that into account. Clearly this requires and evidentiary hearing where small bondholders can present issues of fairness and equity as well.

Specifically small bondholders on balance are probably not much richer than retired GM workers. Their health benefits on average are much worse. The proceeds from the bonds were used in substantial part to fund GM retiree pensions which are fully funded as a practical matter and will not be reduced. This saves the US Government much money because it guarantees the pensions. Yet by wiping out the bonds, pensions of the small bondholders will be reduced and in many cases decimated. The small bondholder pensions supported by the GM bonds are in many cases less than the GM worker pensions. I do not believe the health benefits of GM retirees should be greatly reduced. But the Plan and the Court needs to do that in a way that does not decimate the pensions of small bondholders. The plan I suggest above will protect retiree pensions while not decimating the small bondholder's pensions though reducing them by substantially more than the GM retiree health benefits will be reduced.

If the plan I suggested is adopted for small bondholders, than the method of reorganization of the new GM is not an issue to small bondholders. But if the Court in violation of law insists on giving us a small amount of equity, than the success of the New GM is an issue for us.

I am an expert in the decline of auto companies having been a professor of labor and employment law and living in England in much of the 1970's. It is clear that reducing the number of brands and capacity does not increase the financial strength of the company – it reduces by reducing sales. In addition by reducing size, you reduce the number of sales to carry the overhead. Sales always go down faster than overheads. The loss of 150,000 Pontiac sales is far greater than the small savings in advertising and brand differentiation expenses. At a hearing I would explain this in much greater length.

In addition, much of the purpose of the reorganization is not to increase the viability of New GM, but to produce smaller and greener cars in the US. All evidence demonstrates that Americans do not want to buy those cars, they do not want to buy them from US companies and this is a losing strategy. A much better strategy is for GM to continue to make pickups, SUV's and medium size cars, while incrementally improving their fuel efficiency. That strategy will protect small bondholders equity in the New GM. Small bondholders are entitled to make that case to the Court before the bankruptcy is finalized.

This bankruptcy is a sham. Essentially the US Government is nationalizing GM. It is taking a 60% ownership. It is in part doing this to have GM produce the small green cars it believes is best for the country. It may be legal for it to do that. But it must pursuant to the 5th Amendment to the Constitution pay the bond and equity holders for what it has taken. Since it has taken all value from the bonds of small bondholders, it must pay the bondholders what they paid for their bonds. The bondholders are entitled to a jury trial if there is a dispute in value. Certainly Youngstown Sheet and Tube v. Sawyer and absolutely in point the savings and loan cases make that clear.

Accordingly I object to the Plan. The Bankruptcy Court should reject it. It should hold extensive factual hearings, have procedures to have small bondholders and others fully

heard and devise a constitutional and legal plan which better protects small bondholders, protects retirees and others, and leads to a more viable New GM

Charles P. Gordon, Creditor.