WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 273-2100  Phone
(414) 223-5000  Fax
Andrew A. Jones, Esq.
ajones@whdlaw.com
*Attorneys for Grede Foundries, Inc.*

RECEIVED

09 JUN 25 PM 8: 34

U.S. DISTRICT COURT
S.D.N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                              :     Chapter 11
                                                    :
GENERAL MOTORS CORP., *et al.*,                     :     Case No. 09-50026 (REG)
                                                    :
                    Debtors.                        :     (Jointly Administered)
                                                    :
------------------------------------------------------------x

## LIMITED OBJECTION OF GREDE FOUNDRIES, INC. TO SECOND NOTICE OF DEBTORS' INTENT (I) TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Grede Foundries, Inc. ("Grede") objects to the Cure Amounts set forth as part of the Notice of Debtors' Intent (1) to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts related thereto, dated June 15, 2009 (the "Notice") on the grounds set forth below:

1.  On June 1, 2009 (the "Petition Date"), General Motors Corp., *et al.* (the "Debtor") filed voluntary petitions for relief under Chapter 11 of Title 11 of United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2.  On the Petition Date, the Debtor moved, *inter alia*, for approval to assume certain executory contracts, including multiple agreements between the Debtor and Grede (the "Agreements").

3. In order to assume, the Debtor must cure all defaults. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee —
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

4. Under § 365(b)(1) of the Bankruptcy Code, defaults must be cured as of the time of assumption. The defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2nd Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). Unless Grede receives payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the Agreements, the Agreements may not be assumed nor assigned.

5. On or about June 22, 2009, Grede received the Notice.

6. In accordance with the instructions set forth in the Notice, Grede accessed a secure website to review the Cure Amounts assigned to the Agreements. No amount is shown for any of the Agreements.

WHD\6541995.1    2

7. Grede cannot agree to Cure Amounts of which it has no notice.

8. Grede does not object *per se* to assumption or assignment of its executory contracts with the Debtor. However, in addition to the objections set forth above, Grede objects to the Notice:

    (a) to the extent that any of the proposed Cure Amounts are incorrect;

    (b) because the Notice's definition of "Cure Amount" would permit assumption and assignment of any executory contracts with Grede without satisfaction of all requirements set forth in Bankruptcy Code § 365(b) and (f), including the obligations to: (i) cure all defaults existing at the time executory contracts are assumed and assigned; and (ii) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned; and

    (c) because Grede has not been provided with adequate assurance of future performance with respect to the Agreements.

9. Grede reserves all rights under § 365 of the Bankruptcy Code and objects to the assumption and assignment of its Agreements with the Debtor unless and until the Debtor performs its obligations of cure and provides adequate assurance of future performance under the Agreements. Further, Grede does not consent to procedures for the adjudication of its cure claims that are not specifically authorized by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Grede respectfully requests that the Court enter an order (i) finding that the Grede Agreements cannot be assumed or assigned until the Cure Amounts have been determined; and (ii) requiring that the proposed Sale Order expressly provide that the Purchaser or prevailing bidder shall be liable for all accrued liabilities arising under, and existing as of the time that, the Agreements are assumed by the Debtor and assigned to the Purchaser or the

prevailing bidder pursuant to the MPA, including all defaults arising thereunder and all obligations that have accrued thereunder but are not then in default; and (iii) granting such other and further relief as is just and appropriate.

Dated: June 25, 2009.

Respectfully Submitted

*[signature]*

Andrew A. Jones                                    (AJ5623)
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 273-2100  Phone
(414) 223-5000  Fax
ajones@whdlaw.com

COUNSEL FOR GREDE FOUNDRIES, INC.

WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 273-2100 Phone
(414) 223-5000 Fax
Andrew A. Jones, Esq.
ajones@whdlaw.com
*Attorneys for Grede Foundries, Inc.*

RECEIVED
09 JUN 25 PM 8:34
U.S. DISTRICT COURT
S.D.N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:                                                     :    Chapter 11
                                                           :
GENERAL MOTORS CORP., *et al.*,                            :    Case No. 09-50026 (REG)
                                                           :
                                    Debtors.               :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that, on June 25, 2009, I filed the foregoing Limited Objection of Grede Foundries, Inc. to Second Notice of Debtors' Intent (I) To Assume and Assign Additional Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto. A copy of this document is being served on the following parties on June 25, 2009 via regular U.S. Mail:

Warren Command Center
Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Matthew Feldman, Esq.
U.S. Treasury, Room 2312
1500 Pennsylvania Avenue NW
Washington, DC 20220

John R. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Diana G. Adams, Esq.
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Dated: June 25, 2009.

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10036

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

*/s/ Andrew A. Jones*

Andrew A. Jones                     (AJ5623)
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 273-2100 Phone
(414) 223-5000 Fax
ajones@whdlaw.com

COUNSEL FOR GREDE FOUNDRIES, INC.

WHD\6545912.1                    2