**HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: June 25, 2009 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
:
**GENERAL MOTORS CORP.,** *et al.*,         :    09-50026 (REG)
:
Debtors.                             :    (Jointly Administered)
:
------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § § 105(a), 327, 328, AND 330 AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESSES

Upon the Motion, dated June 17, 2009 (the "**Motion**"),[1] of General Motors Corporation and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328, and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to employ professionals utilized in the ordinary course of business (the "**Ordinary Course Professionals**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1334; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit C hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys as promptly as possible following the date (i) of the entry of this Order, or (ii) on which the Ordinary Course Professional commences services for the Debtors, if later: (a) a declaration, substantially in the form annexed hereto as Exhibit A (the "**Ordinary Course Professional Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire substantially in the form annexed hereto as Exhibit B (the "**Retention Questionnaire**"); and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Declarations and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties; and it is further

ORDERED that the Debtors are authorized to retain additional Ordinary Course Professionals throughout these cases by having any such additional Ordinary Course Professional file an Ordinary Course Professional Declaration and Retention Questionnaire with the Court; and it is further

ORDERED that the Reviewing Parties shall have ten days after receipt of the Ordinary Course Professional Declaration and the Retention Questionnaire to object to the

retention, employment, or compensation of the Ordinary Course Professional based upon the contents of the Ordinary Course Professional Declaration or the Retention Questionnaire (the "**Objection Deadline**"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; *provided*, *however*, that if an objection is filed and any such objection cannot be resolved within twenty days, the Debtors shall schedule the matter for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that such payments may not exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $2 million for the entire period in which these chapter 11 cases are pending, subject to further order of this Court; and it is further

ORDERED that in the event payment to any Ordinary Course Professional would exceed $2 million for the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional shall be required to file a separate retention application to be

retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional shall file a fee application for the full amount of its fees and expenses for that month, notwithstanding the receipt of the $150,000 for such month, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors are authorized to pay any professional whose services do not result in fees and disbursements in excess of $20,000 per month per professional based on monthly service dates (collectively, the "**De Minimis Ordinary Course Professionals**") without the need to (a) file a formal application and (b) file an Ordinary Course Professional Declaration; and it is further

ORDERED that the Debtors are authorized to pay the De Minimis Ordinary Course Professionals 100% of the undisputed fees and disbursements incurred upon submission of appropriate invoices which set forth in reasonable detail the nature of the services rendered and disbursements incurred; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall complete and serve an Ordinary Course Professional Declaration and a Retention Questionnaire, and submit a fee application in accordance with paragraph 8 of the Motion in order to receive further compensation; and it is further

ORDERED that the Reviewing Parties shall have ten days following service to

notify the Debtors in writing of any objections to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Declaration and Retention Questionnaire, and if no objection is filed after the tenth day, the De Minimis Ordinary Course Professional shall be retained as an Ordinary Course Professional and shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is further

ORDERED that the Debtors shall provide the Statutory Committee of Unsecured Creditors with monthly reports detailing the fees paid to each Ordinary Course Professional; and it is further

ORDERED that Debtors are only authorized to pay fees to Ordinary Course Professionals for services performed directly for the Debtors' estates, and the Debtors are not authorized to pay any fees to Ordinary Course Professionals for services performed for the purchaser of all or substantially all of the Debtors' assets; and it is further

ORDERED that the Debtors reserve the right to seek with Court authorization to amend the monthly compensation limitations set forth in this Order upon notice to parties in interest; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
    ***July 1, 2009***

    */s/ Robert E. Gerber*
    United States Bankruptcy Judge

# EXHIBIT A

## ORDINARY COURSE PROFESSIONAL DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
**In re**                                        :        **Chapter 11 Case No.**
:
**GENERAL MOTORS CORP.,** *et al.*,   :        **09-50026 (REG)**
:
　　　　　　　Debtors.           :        **(Jointly Administered)**
:
-----------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____         )
　　　　　　　　　　　　　　　　 ) ss:
COUNTY OF _____         )

　　　　　_____, hereby declares, pursuant to section 1746 of title 28 of the United States Code:

　　　　　1.　　I am a [INSERT TITLE] of _____, located at _____ (the "**Firm**").

　　　　　2.　　General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases ( collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

　　　　　3.　　The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

      4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

      5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

      6.      The Debtors owe the Firm $_____ for prepetition services.

      7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____.

      By: _____

# **EXHIBIT B**

# **RETENTION QUESTIONNAIRE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
**In re**                                      :    **Chapter 11 Case No.**
:
**GENERAL MOTORS CORP.,** *et al.*,            :    **09-50026 (REG)**
:
            Debtors.                           :    **(Jointly Administered)**
:
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENERAL MOTORS CORPORATION OR ANY OF ITS DEBTOR SUBSIDIARIES (collectively, the "**Debtors**")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York 10153
   Attn:   Russell B. Brooks

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

   1.   Name and address of firm:

        _____

        _____

        _____

        _____


   2.   Date of retention:   _____

        _____

US_ACTIVE:\43084381\02\43084381_2.DOC\72240.0639

3.  Brief description of services to be provided:

    _____

    _____

    _____

4.  Arrangements for compensation (hourly, contingent, etc.):

    _____

    (a)  Average hourly rate (if applicable):

         _____

    (b)  Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

         _____

5.  Prepetition claims against the Debtors held by the firm:

    Amount of claim:    $_____

    Date claim arose:   _____

    Source of Claim:    _____

6.  Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

    Name:    _____

    Status:  _____

    Amount of Claim:  $_____

    Date claim arose:  _____

    Source of claim:  _____

    _____

    _____

    _____

7. Stock of the Debtors currently held by the firm:

   Class of shares: _____

   No. of shares: _____

8. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status: _____

   _____

   Class of shares: _____

   No. of shares: _____

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

   _____

   _____

   _____

   _____

11. Name of individual completing this form:

   _____

# EXHIBIT C

## ORDINARY COURSE PROFESSIONALS

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Hartline Dacus Barger Dreyer & Kern LLP | 6688 North Central Expressway<br>Suite 1000<br>Dallas, TX 75206 | Product liability litigation defense |
| Bowman and Brooke | 150 South Fifth Street<br>Suite 3000<br>Minneapolis, MN 55402 | Product liability; asbestos; and warranty litigation defense |
| King & Spalding | 1185 Avenue of the Americas<br>New York, NY 10036 | Asbestos litigation defense; and tax services |
| Dykema Gossett PLLC | Franklin Square Building<br>1300 I Street, N.W.<br>Suite 300W<br>Washington, D.C. 20005 | Asbestos litigation defense; product liability defense; and transactions work |
| Lowe Fell & Skogg | 370 Seventeenth Street<br>Suite 4900<br>Denver, CO 80202 | Dealer negotiations and litigation defense; and transactions work |
| Jones Day | 51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | Commercial litigation defense; pre-merger notification work; competition law filings; ERISA and labor work; and tax work |
| Brooks Kushman | 1000 Town Center<br>Twenty-Second Floor<br>Southfield, MI 48075 | Patent litigation |
| Ableman Frayne & Schwab | 666 Third Avenue<br>New York, NY 10017 | Intellectual property matters |
| Howrey LLP | 1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | Patent infringement defense |
| Kirkland & Ellis | 300 North LaSalle<br>Chicago, Illinois 60654 | Patent infringement defense; transactions work; litigation and tax work |
| Rose Law Firm PLLC | 501 New Karner<br>Albany, NY 12205 | Warranty litigation defense |
| Connie J. Postelli Law Office | 2117 North Main Street<br>Crown Point, IN 46307 | Warranty litigation defense |
| Kantrowitz & Phillippi | 1880 John F. Kennedy Blvd.<br>Suite 1101<br>Philadelphia, PA 19103 | Warranty litigation defense |
| McKelvie DeLuca PC | 280 West Maple Road<br>Suite 300<br>Birmingham, MI 48009 | Warranty litigation defense |

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Ruben & Sjolander | 1875 Century Park East Suite 1050 Los Angeles, CA 90067 | Warranty litigation defense |
| Rumberger Kirk & Caldwell PA | Signature Plaza Suite 300 201 South Orange Avenue Orlando, FL 32801 | Warranty litigation defense |
| Thompson Hine LLP | 1920 N Street, N.W. Suite 800 Washington, D.C. 20036 | Supplier and logistics matters |
| Thornton, Grout & Finnigan LLP | Suite 3200, Canadian Pacific Tower 100 Wellington ST West P.O. Box 329 Toronto-Dominion Centre Toronto, Canada M5K 1K7 | Supplier and logistics matters |
| BCF LLP | 1100 Rene-Levesque West Blvd. 25th Floor Montreal, Quebec H3B 5C9 | Supplier and logistics matters |
| S. Horowitz & Co. | 41-45 Rothschild Blvd. Tel Aviv, Israel 65784 | Corporate reorganization work |
| Kemboy & Company Advocates | 1st Floor, Acacia Suite Riverside Green Riverside Drive P.O. Box 19500 Nairobi, 00100 Kenya | Corporate reorganization work |
| Bowman Gilfillan Inc. | 165 West Street Sandton, Johannesburg P.O. Box 785812 Sandton, 2146 South Africa | Corporate reorganization work; and competition law filings |
| Urenda, Rencoret, Orrego & Dorr | Avenida Andres Bello 2711 Piso 16 Las Condes- Codigo Postal 7550611 Santiago, Chile | Corporate reorganization work |
| Barrios Fuentes Abogados | Arias Aranguez No. 250 Miraflores, Lima 18, Peru | Corporate reorganization work |
| Bustamante & Bustamante | Avenidas Amazonas ER-69 y Patria Edificio COFIEC, 10mo. Piso Quito, Ecuador | Corporate reorganization work |
| Pérez, Bustamante & Ponce | Av. Republica de El Salvador 1082 Quito, Ecuador | Corporate reorganization work |
| Guyer & Regules | Plaza Independencia 811 P.B. Montevideo, Uruguay | Corporate reorganization work |

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Brons & Salas | Maipu 1210 - Piso 5<br>C1006ACT - Ciudad de Buenos Aires<br>Republica Argentina | Corporate reorganization work; and competition law filings |
| Pinheiro Neto Advogados | Rua Hungria, 1100<br>01455-000<br>Sao Paulo, Brazil | Corporate reorganization work; and antitrust matters |
| Gomez, Pinzon, Zuleta Abogados, S.A. | Calle 67 No. 7 - 35 Of. 1204<br>Bogota, D.C., Colombia | Corporate reorganization work; and competition law filings |
| Santa Marina y Steta | Campos Eliseos No. 345 - Pisos 2 y 3<br>Colonia Chapultepec Polanco<br>Delegacion Miguel Hidalgo<br>11560 Mexico, D.F. | Corporate reorganization work; antitrust matters; and competition law filings |
| Higgs Johnson Truman Bodden & Co. | Anderson Square Building<br>Shedden Rd.<br>P.O. Box 866<br>Grand Cayman, KY1-1103<br>Cayman Islands | Corporate reorganization work |
| Baker & McKenzie | 100 New Bridge Street<br>London EC4V 6JA, England | Antitrust matters; pre-merger notification work; transactions work; competition law filings; and tax work |
| Turunc & Turunc | Macka Caddessi 32/2<br>Tesvikiye 34367<br>Istanbul, Turkey | Pre-merger notification work |
| Osler Hoskin Harcourt | 100 King Street West<br>1 First Canadian Place, Suite 6100<br>P.O. Box 50<br>Toronto, Ontario M5X 1B8 | Pre-merger notification work; and transactions work |
| Kim & Chang | Seyang Building<br>223 Naeja-Dong<br>Jongno-gu<br>Seoul 110-720, Korea | Pre-merger notification work; competition law filings; and transactions work |
| Lathrop & Gage LC | 2345 Grand Blvd.<br>Suite 2800<br>Kansas City, MO 64108 | Manufacturing; labor and environmental matters; and workers compensation litigation services |
| Hardy Lewis & Page PC | 401 South Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009 | Manufacturing, labor and environmental matters |

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Drew & Napier LLC | 20 Raffles Place<br>#17-00 Ocean Towers<br>Singapore 048620 | Transactions work |
| Arendt & Medernach | 1 Rockefeller Plaza<br>Suite 1405<br>New York, NY 10020 | Transactions work |
| Clifford Chance LLP | 2001 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Mayer Brown | 1909 K Street N.W.<br>Washington, D.C. 20006 | Transactions work |
| Freshfields Bruckhaus Deringer GBP | 520 Madison Avenue<br>34th floor<br>New York, NY 10022 | Transactions work |
| Mannheimer Swartling Advokatbyra | 101 Park Avenue<br>New York, NY 10178 | Transactions work |
| DLA Piper | 1251 Avenue of the Americas<br>New York, NY 10020 | Transactions work |
| Hogan & Hartson | Columbia Square<br>555 Thirteenth Street N.W.<br>Washington, D.C. 20004 | Transactions work |
| Perkins Coie LLP | 607 Fourteenth Street N.W.<br>Suite 800<br>Washington, D.C. 20005 | Transactions work; and tax services |
| Dua and Associates | 204-206 Tolstoy House<br>15 Tolstoy Marg<br>New Delhi 110 001, India | Transactions work |
| Tozai Sogo Law Office | Admiral Kioicho Building<br>3-28, Kioicho, Chiyoda-ku<br>Tokyo, Japan 102-0094 | Transactions work |
| Quigg and Partners | Level 7, The Bayleys Building<br>28 Brandon Street<br>P.O. Box 3035<br>Wellington 6140, New Zealand | Transactions work |
| Phillips Orrmonde Fitzpatrick | Level 23<br>367 Collins Street<br>Melbourne 3000<br>P.O. Box 323<br>Collins Street West<br>VIC 8007 Australia | Transactions work |
| Middletons | Level 25, Rialto South Tower<br>525 Collins Street<br>Melbourne VIC 3000, Australia | Transactions work |

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Vinson & Elkins LLP | The Willard Office Building<br>1455 Pennsylvania Avenue N.W.<br>Suite 600<br>Washington, D.C. 20004 | Export compliance matters |
| Baker & Botts LLP | 1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | Export compliance matters |
| Featherstone Petrie De Sisto | 600 Seventeenth Street<br>Suite 2400S<br>Denver, CO 80202 | Litigation defense |
| Bingham McHale LLP | 10 West Market Street<br>2700 Market Tower<br>Indianapolis, Indiana  46204-4900 | Litigation defense |
| Taft Stettinius & Hollister LLP | 425 Walnut Street<br>Suite 1800<br>Cincinnati, OH  45202 | Litigation and warranty defense |
| McKenna Long & Aldridge LLP | 1900 K Street N.W.<br>Washington, D.C. 20006 | Litigation defense |
| White Getgey & Meyer | 1700 Fourth & Vine Tower<br>1 West Fourth Street<br>Cincinnati, OH 45202 | Litigation defense |
| Sandler & Travis Trade | 36555 Corporate Drive #400<br>Farmington Hills, MI 48331 | Customs and import services |
| Braun, Kendrick Finkbeiner PC | 4301 Fashion Square Blvd.<br>Saginaw, MI 48603 | Workers compensation litigation services |
| Lacey & Jones | 600 South Adams<br>Suite 600<br>Birmingham, MI 48009 | Workers compensation litigation services |
| Bugbee & Conkle | National City Bank Building<br>405 Madison Avenue<br>Toledo, OH 43604 | Workers compensation litigation services |
| Marshall, Dennehey, Warner, Coleman & Goggin | P.O. Box 8888<br>Wilmington, DE 19899 | Workers compensation litigation services |
| Early, Miranda & Petraborg | 720 Olive Street<br>Suite 700<br>St. Louis, MO 63101 | Workers compensation litigation services |
| Sager & Savage | 5152 Katella Avenue<br>Suite 104<br>Los Angeles, CA 90720 | Workers compensation litigation services |
| Ramos Law Firm | 1800 Peachtree Street<br>Suite 620<br>Atlanta, GA 30309 | Workers compensation litigation services |

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Nyhan, Pfister, Bambrick, Kinzie & Lowry, PC | 20 North Clark Street<br>Suite 1000<br>Chicago, IL 60602 | Workers compensation litigation services |
| Ruth Howard Tate & Sowell | 150 Second Avenue North<br>Suite 201<br>Nashville, TN 37201 | Workers compensation litigation services |