BINGHAM McCUTCHEN LLP
Anna M. Boelitz
One State Street
Hartford, CT 06103
Tel: 860.240.2700
Fax: 860.240.2800

*Counsel to Wells Fargo Bank Northwest, National
Association, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORPORATION,** *et al.*<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**RESERVATION OF RIGHTS OF WELLS FARGO
BANK NORTHWEST, NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, TO TRANSITION SERVICES
AGREEMENT [Docket No. 2649]**

　　　　　Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Indenture Trustee, ("Wells Fargo"), through its undersigned counsel, hereby files its reservation of rights (the "Reservation of Rights") to the Transition Services Agreement ("TSA") filed by General Motors Corporation et al (the "Debtors") as Exhibit U to the Amended Master Sale and Purchase Agreement. In support of the Reservation of Rights, Wells Fargo states as follows:

**BACKGROUND**

　　　　　1.　　On June 1, 2009, the Debtors filed petitions commencing the above-captioned cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

A/73080101.4

2. On June 1, 2009, the Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing.* [Docket no. 92][1]

3. On June 2, 2009, this Court entered an order (the "Sales Procedures Order") approving certain sales procedures for the sale of substantially all of the assets of the Debtors to Vehicle Acquisition Holdings, LLC (the "Purchaser").

4. On June 19, 2009, Wells Fargo filed its Reservation Rights relating to the sale of the Debtors' assets to the Purchaser (the "First Reservation of Rights"). [Docket No. 1874].[2]

5. On June 27, 2009, the Debtors filed a *Notice of Filing of the Amended Master Sale and Purchase Agreement (the "MPSA") and Certain Exhibits and Sections of the Disclosure Schedule thereto*, which included the TSA. [Docket No. 2649].[3]

---

[1] Capitalized terms used and not defined herein shall have the meaning assigned to them in the Sale Motion or the TSA as appropriate.

[2] In the First Reservation of Rights, Wells Fargo noted that the Property does not constitute property of the Debtors' estates under section 541 of the Bankruptcy Code and, therefore, cannot be encumbered or sold by the Debtors to any party, including the Purchaser. In addition, Wells Fargo reserved all of its rights with respect to the Property and the Leases, including, without limitation, its rights under sections 365(b), (d) and (f) and 503(b) of the Bankruptcy Code, to object to any assumption and/or assignment (or assumability or assignability) of the Leases, to object to any proposed cure for the Leases, to assert that the Debtors have not provided adequate assurance of the future performance of any assignee, to demand performance by the Debtors of their obligations under the Leases and to assert the right to payment of administrative expenses.

[3] A copy of the TSA is attached as Exhibit A hereto.

**RESERVATION OF RIGHTS**

6. Wells Fargo is the Indenture Trustee under three separate Trust Indenture and Security Agreements (collectively, the "Indentures") pursuant to which certain notes (the "Notes") were issued and sold to investors. The Notes are secured by valid, enforceable, first-priority liens on and security interests in the equipment and other property (the "Property") that one or more of the Debtors lease pursuant to the following lease agreements (the "Leases"): (1) GM 2003-A Lease (Stamping Presses and Try-Out Cell) for which the Lessor is SMBC Leasing Investment LLC; (2) 2004A-1 Lease (Engine Line) for which the Lessor is PNC Equipment Finance, LLC; and (3) 2004A-2 Lease (Engine Line) for which the Lessor is Textron Financial Corp.

7. Wells Fargo has not consented to the assumption or assignment of the Leases to the Purchaser, nor has the Debtor complied with the contractual limitations on subleasing the Property. A sublease is not permitted during the pendency of an Event of Default under the Leases, nor has Wells Fargo consented to such a sublease. Even if a sublease were not prohibited, there are numerous requirements contained in each of the Leases which must be satisfied before the Debtors may enter into a sublease. None of these requirements has been satisfied, including, without limitation, provision of a copy of the sublease. The Bankruptcy Code also contains clear requirements that must be satisfied before a contract party is required to accept performance from anyone but the Debtor. See 11 U.S.C. § 365 (b), (c) (f). None of these requirements has been satisfied.

8. The TSA purports to permit the Purchaser to use and have access to the Property pending assumption or rejection of the Leases without ever directly assuming the responsibilities under the Leases. It is unclear which party will have responsibility for

A/73080101.4

performing the Debtors' monetary and non-monetary obligations under the Leases during the transition period.  Relatedly, the TSA does not clearly provide that the Lessor shall have recourse to the Purchaser for any violations of the Leases.  Moreover, under the TSA, the Purchaser, while enjoying the benefits of using the Property, is only required to perform the obligations that the Debtors are obligated to perform.

9.    In addition, the TSA provides that property may be abandoned by the Purchaser and the Seller respectively.  As stated in the First Reservation of Rights, the Property is not property of the estate and may not be sold, encumbered or abandoned by the Debtors or the Purchaser.

10.    The provisions of the TSA are vague and leave the contract parties with far too much uncertainty regarding which party will he held responsible for performing the Debtors' obligations with respect to the Leases and the Property.  It is unclear under the TSA which party would be responsible for payment for use of the Property during the postpetition period.  In addition, the TSA contains Limitations of Liability that cap damages under the TSA for the Purchaser and the Debtors at $15,000,000 respectively.  See TSA § 6.1.  The value of the Property far exceeds this cap and no limitation of liability should be applicable to any claims for breach of the Leases or damage to the Property arising in the course of the Debtors' or Purchasers' use of the Property.

**CONCLUSION**

11.    The MPSA, the TSA and any order approving sale of the Debtors' assets should be without prejudice to the rights of Wells Fargo as assignee of the Leases and the Property and should be without prejudice to any right to assert an administrative expense claim in these cases or to assert a claim or bring a cause of action against the Purchaser related to the

A/73080101.4

```
```
Purchaser's use of, or access to, the Property. In addition, Wells Fargo reserves the right to request adequate protection for the Debtors' and/or Purchaser's use of the Property, including, without limitation current payments in compensation for such use.[4]

Dated: Hartford, Connecticut
July 1, 2009

Respectfully submitted,

By: /s/Anna M. Boelitz
Anna M. Boelitz (AB 4985)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, Connecticut 06103
Tel: 860.240.2700
Fax: 860.240.2800

*Counsel to Wells Fargo Bank Northwest, National Association, as Indenture Trustee*

---

[4] The foregoing is in addition to, and not in lieu of, the matters raised in the First Reservation of Rights.