CARSON FISCHER, P.L.C.
Counsel for Findlay Industries, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :
In re:                              :        Chapter 11
                                          :        Case No.: 09-50026 (REG)
GENERAL MOTORS CORPORATION, *et al.*,  :        (Jointly Administered)
                                          :
              Debtors.            :
------------------------------------------------------------x

**FINDLAY INDUSTRIES, INC.'S OBJECTION TO SECOND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE COSTS RELATED THERETO**

**Findlay Industries, Inc.** ("**Findlay**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its objection to the Debtors' proposed assumption and assignment of alleged executory contracts with Findlay.

**INTRODUCTION**

1.      On June 1, 2009 (the "**Petition Date**"), General Motors Corporation ("**GM**") and its affiliated debtors (collectively, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On June 1, 2009, the Debtors filed a motion [Docket No. 92] (the **"Sale Motion"**) seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) approval of certain procedures for the solicitation of bids with respect to the sale and (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale transaction.

4. On June 2, 2009, the Court entered an order approving the Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the **"Sale Procedures Order"**).

5. With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provides that the Debtors are to serve each non-debtor party to an executory contract or unexpired lease that the Debtors intend to assume and assign to the purchaser, a notice of assumption and assignment of executory contracts and unexpired leases (the **"Assignment Notice"**).

6. Each Assignment Notice is to set forth instructions for accessing information from a contract website (the **"Contract Website"**) containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7. Findlay received the *Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired*

*Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the **"Findlay Assignment Notice"**), which indicates that Debtors intend to assume and assign 175 alleged agreements of Debtors with Findlay (the **"Findlay Contracts"**) and proposes an aggregate cure amount of $106,082.62 (the **"Proposed Cure Amount"**).

8.    The Findlay Assignment Notice purports to be a "Second Notice" of Debtors' intent to assume **additional** executory contracts between the Debtors and Findlay. However, upon information and belief, the Findlay Assignment Notice is the first assignment notice that Findlay has received.

9.    The Findlay Assignment Notice is dated June 15, 2009, however, Findlay did not receive the Findlay Assignment Notice until recently, due to the fact that the Debtors apparently sent the Findlay Assignment Notice to an address in Chesterfield, Missouri. Findlay's corporate offices are located in Findlay, Ohio. Upon information and belief, the Findlay Assignment Notice was not sent to Findlay's corporate offices in Ohio and, therefore, was not properly served.

10.    The Findlay Assignment Notice, dated June 15, 2009, purports to allow recipients ten days from the date of the Findlay Assignment Notice in which to file objections. However, as stated above, the Findlay Assignment Notice was not properly served. Therefore, Findlay's objection to the Findlay Assignment Notice is timely-filed.

3

## **OBJECTION**

11.    Prior to the Petition Date, GM consensually removed from Findlay all production which Findlay had been performing for GM and Findlay had ceased any and all production for GM prior to the Petition Date.

12.    As a result of the foregoing, there were not any executory contracts, unexpired leases of personal property, or unexpired leases of nonresidential real property in effect between the Debtors and Findlay as of the Petition Date and, therefore, no such contracts exist which are capable of being assumed and assigned by the Debtors.

13.    Findlay is otherwise winding-down its business operations and has sold, or is in the process of selling, its remaining operating assets. As a result, even if there were any existing executory contracts in existence between Debtors and Findlay, which there are not, Findlay would have no ability to perform any of the alleged Findlay Contracts.

14.    Findlay has no objection to the Debtors paying Findlay on any outstanding invoices. As of the time of this objection, however, Findlay has been unable to reconcile with its records the alleged Findlay Contracts and what amounts, if any, may remain owing by Debtors to Findlay with respect thereto or otherwise.

15. Findlay reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Findlay Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Findlay objects to Debtors' proposed assumption and assignment of the Findlay Contracts and respectfully requests that this Court grant Findlay such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Findlay Industries, Inc.*

By: /s/ Patrick J. Kukla
    Patrick J. Kukla (P60465)
    4111 Andover Road, West-2nd Flr.
    Bloomfield Hills, MI  48302
    Tele:  (248) 644-4840

Dated: July 2, 2009