UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                                    :         Chapter 11 Case No.
                                                         :
GENERAL MOTORS CORP., *et al.*,                          :         09-50026 (REG)
                                                         :
                        Debtors.                         :         (Jointly Administered)
                                                         :
---------------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING OBJECTION TO SALE MOTION**

General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), General Electric Capital Corporation (for purposes hereof General Electric Capital Corporation together with any trust with respect to which General Electric Capital Corporation has a beneficial interest and any affiliate of General Electric Capital Corporation, which leases any personal property to the Debtors, shall be collectively referred to herein as, "**GECC**"), by their counsel, agree as follows:

1. GECC has filed objections to Debtors' (a) *Motion to Assume and Assign Certain Executory Contracts* (the "**Assumption Motions**" ), and (b) *Motion to Approve the Sale Pursuant to Master Sale and Purchase Agreement* (the "**Sale Motion"** and together with the Assumption Motion, the "**Motions**").

2. The parties have reached an agreement to resolve GECC's objections to the Motions and subject to the terms of this Stipulation being approved by the Court,

GECC has agreed to withdraw its objections to the Sale Motion and the sale contemplated thereby (the "**Sale**").

3.  This Stipulation applies to the leases described on <u>Schedule A</u> and any other leases between the parties pursuant to which GECC leases mobile equipment or furniture to Debtors pursuant to leases entered into prior to June 1, 2009 (the "**Leases**"). For convenience, the assets that are subject to the Leases are referred to collectively as the "**Leased Assets**").

4.  Debtors represent that none of the Leases are included within the leases and executory contracts that the Debtors seek to assume and assign pursuant to the Assumption Motions and that any assumption or rejection of any of the Leases will be by a separate motion served on GECC and its counsel.

5.  This Stipulation will be of no force or effect unless the sale to NGMCO, Inc. ("**Purchaser**") is closed. Further, Purchaser will not have the right to use, take possession of or control any of the Leased Assets unless Purchaser agrees in writing to be bound by all terms and conditions of this Stipulation. Further, if Purchaser does not agree in writing to be bound by the terms and conditions of this Stipulation (which agreement shall be delivered to Debtors, GECC and counsel for the Creditors Committee) within five business days after the close of the Sale, each Lease shall be deemed rejected as of such date and the automatic stay shall be lifted without further order of the Court to allow GECC to take possession of the Leased Assets. Further, in the event GECC seeks to take possession of the Leased Assets pursuant to the preceding sentence, Purchaser shall not interfere with GECC's efforts to take possession and remove the Leased Assets.

6. This Stipulation is without prejudice to the rights of the parties in respect to (a) the characterization of the Leases as true leases or disguised financing, and (b) the assumption or rejection of the Leases, including the rights of GECC to seek an order of the Court requiring the assumption or rejection of any Lease within a specified time (or the rights of Debtors or Purchaser or any other party in interest to oppose such relief); provided however, that no recharacterization of any Lease as a disguised financing shall result in any modification of the provisions of 7.B below.

7. The following terms will apply with respect to each Lease until the sooner of the following: (a) a written agreement between GECC, Debtors and Purchaser, as applicable, regarding the amendment, assumption and/or rejection of such Lease, or (b) entry of an order of the Court authorizing assumption or rejection of such Lease:

A. Debtors or Purchaser, if Purchaser is using, in possession of or in control of the Leased Assets under the terms of a Transition Services Agreement between Debtors and Purchaser (the "**TSA**") must (i) insure the Leased Assets according to the terms of the underlying Leases, and all such insurance coverage must be reasonably satisfactory to GECC (evidence of which shall be provided to GECC on or prior to July 15, 2009), and (ii) maintain the Leased Assets according to the terms of the applicable Leases.

B. As to any of the Leases (other than the 2001 A-2 Lease and 2001 A-6 Lease, to the extent any such Lease has been rejected by July 31, 2009) (the "**Other Leases**"), commencing August 1, 2009 Debtors and Purchaser, as applicable, will timely pay and perform all obligations of the

3

Debtors accruing under the Other Leases (which, regardless of when due, shall be paid to the party designated under each Other Lease on August 1, 2009, with respect to rent accrued from and after June 1, 2009 through July 31, 2009, and thereafter, on the 2nd day of each month on a pro rata basis for the preceding month) and the obligation to pay such rent under the Other Leases will not be modified, severed, suspended or reduced, including if less than all of the equipment subject to such Leases is used by Purchaser or Debtors post petition. GECC's acceptance of such performance will be subject to the last sentence of 11 U.S.C. §365(d)(5). GECC agrees not to oppose the rejection of the 2001 A-2 Lease and/or 2001 A-6 Lease, provided, in each case, such Lease is rejected by July 31, 2009.

        C.    In respect of the 2001 A-2 Lease and/or 2001 A-6 Lease, to the extent any such Lease has been rejected by July 31, 2009, the parties reserve all rights they may have in respect of GECC's claims for administrative rent and any other relief to which GECC may have under applicable law (and the Debtors' rights to oppose such relief).

        D.    Any payments made under subsection B above will be without prejudice to the rights of any party in interest to later seek recharacterization of such payments as adequate protection.

8.    Purchaser and Debtors, as applicable depending on which party is in possession and control of the Leased Assets, will provide GECC and its designees with reasonable access to inspect and appraise the Leased Assets. Further, in respect of

4

any Leased Assets, if any underlying Leases are rejected, Purchaser and Debtors, as applicable, must provide GECC with reasonable access to remove the Leased Assets.

9. Debtors agree to file, on or before July 10, 2009, a motion seeking authorization to reject the 2001 A-2 Lease and 2001 A-6 Lease. As to any other Lease listed on <u>Schedule A</u>, Debtors agree to give GECC at least 45 days advance notice of Debtors' intent to reject such Lease. Further, as to the Other Leases, Debtors agree that unless agreements are reached with GECC prior to such time in respect of all Other Leases, Debtors will effect the assumption or rejection of the Other Leases no later than December 31, 2009.

10. All parties submit to the jurisdiction of the Court to determine any disputes arising under this Stipulation.

11. Nothing in this Stipulation is intended to waive or modify any obligations of Debtors in respect of the Leases or under otherwise applicable law. Debtors and Purchaser shall be jointly and severally liable in respect of Purchaser's obligations under this Stipulation.

12. Except as provided in this Stipulation, GECC's failure to object to the Sale or any orders granting the Sale Motion will be without prejudice to GECC's rights and remedies under the Leases and otherwise applicable law.

13. The terms of this Stipulation will govern and control to the extent any terms or conditions conflict with the terms or conditions of the TSA.

14. If Purchaser agrees to be bound by the terms of this Stipulation in accordance with the provisions of 5 above, at any time thereafter, in the event of a default of the obligations set forth in 7B above GECC shall give written notice of such a

5

default to the Debtors, Purchaser and counsel to the Creditors Committee within two days thereof, and the Debtors may seek an order on not less than five days notice to GECC, Purchaser and counsel to the Creditors Committee to effect the rejection of the Leases subject to the default described above (the "**Rejection Order**"), subject to Purchaser's right to cure any such default prior to the entry of the Rejection Order. If a Rejection Order is obtained in accordance with the provisions of the preceding sentence the parties agree that no administrative claims will accrue following the date of entry of the Rejection Order with respect to the Leases rejected pursuant to the Rejection Order (the "**Rejected Leases**"), provided, however, that Purchaser shall remain liable to GECC for rent accruing under the Rejected Leases for a period of 45 days from the date GECC provides notice in accordance with the preceding sentence, which shall be without prejudice to the rights of GECC to seek further damages from Purchaser.

## ORDER APPROVING STIPULATION

Based on the foregoing stipulation of the parties, the Court finding that good cause exists to approve the stipulation as an order of the Court, and no further notice being required,

IT IS HEREBY ORDERED that the foregoing stipulation is incorporated by reference and made a part of this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction to adjudicate any disputes arising in connection with this Order.

*s/ Robert E. Gerber*

United States Bankruptcy Judge

Dated: July *2*, 2009 at New York, New York

**STIPULATED AND AGREED**:

Dated: July 1, 2009

HONIGMAN MILLER SCHWARTZ AND COHN LLP, Attorneys for the Debtors and Debtors in Possession


/s/ Robert B. Weiss
Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit MI  48226
Telephone: (313) 465-7000
Facsimile:  (313) 465-8000


LATHAM & WATKINS LLP, Attorneys for General Electric Capital Corporation and its affiliates


/s/ Douglas Bacon
Douglas Bacon
Zachary A. Judd
233 S. Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile:  (312) 993-9767

## Schedule A

**Lease No.**

2001 A-2

2001 A-4

2001 A-6

2001 A-8

2003 B

2003 C