UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

In re                                   :                                                  Chapter 11 Case No.
                                              :

**GENERAL MOTORS CORP.**, *et al.*,    :                                               09-50026 (REG)
                                              :

                          Debtors.         :                                                 (Jointly Administered)
                                              :
------------------------------------------------------------x


## AMENDED ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN AP SERVICES, LLC AS CRISIS MANAGERS AND TO DESIGNATE ALBERT A. KOCH AS CHIEF RESTRUCTURING OFFICER, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "**Motion**") of General Motors Corporation ("**GM**"), and its affiliate debtors, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "**Debtors**") for an order, pursuant to section 363 of the Bankruptcy Code,[1] authorizing the Debtors to employ AP Services, LLC ("**APS**") and to designate Albert A. Koch as CRO, nunc pro tunc to the Petition Date, pursuant to the terms of that certain agreement, dated May 29, 2009, between APS and GM, attached to the Motion as Exhibit C (the "**Engagement Letter**"); and upon consideration of the representations made in the Motion and the Koch Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., and (xiii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on June 25, 2009 (the "**Hearing**"); and upon the record of the Hearing at which the attorneys for the Debtors advised the Court of the terms of the resolution of the objection to the Motion filed by the Office of the United States Trustee; and upon all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates. creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, <u>nunc pro tunc</u> to the Petition Date, to (i) employ and retain APS on the terms set forth in the Engagement Letter as modified by this Order and (ii) designate Albert A. Koch as Chief Restructuring Officer for the Debtors; and it is further

ORDERED that, in a manner consistent with the Motion, the Engagement Letter and the Koch Declaration:

    (i)    APS may render crisis management services to the Debtors;

    (ii)    APS may provide Temporary Employees to the Debtors to assist the Debtors in their restructuring efforts;

    (iii)    Mr. Koch may serve as Debtors' CRO, as provided in the Engagement Letter;

    (iv)    Mr. Koch may serve as CEO of the Debtors upon the closing of the Transaction;

    (v)    APS may designate certain Temporary Staff of APS as directors or executive officers of subsidiaries of the Debtors as more specifically set forth in the Engagement Letter; and

    (vi)    working collaboratively with the Debtors' senior management team, Boards of Directors and the Debtors' other professionals, Mr. Koch and APS may assist the Debtors in evaluating and implementing strategic and tactical options through the restructuring process; and it is further

ORDERED that APS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to any schedule of hourly rates contained in the Engagement Letter; except that with respect to the GM PO, APS can continue to bill the Debtors at the set monthly fee determined prior to the Petition Date and such set monthly fee shall be included within any quarterly report of compensation; and it is further

ORDERED that, except as otherwise provided herein, APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of its business, all reasonable amounts invoiced by APS for fees and expenses; and it is further

ORDERED that APS shall submit to the Court, with copies to the United States Trustee and all official committees contemporaneously with such filing, quarterly reports of compensation earned, and parties-in-interest in these Chapter 11 Cases shall have the right to object to fees paid and expenses reimbursed to APS subject to review under the reasonableness standards of sections 330 and 331 of the Bankruptcy Code within 20 days after APS files such reports; and it is further

ORDERED that the first quarterly report of compensation earned by APS shall be submitted by APS no later than 45 days after the end of the first calendar quarter after the Petition Date, which shall cover the period to and including the last day of the first quarter after the Petition Date, and this procedure shall continue at three month intervals thereafter; and it is further

ORDERED that APS shall file with the Court (and serve copies on the United States Trustee and all official committees contemporaneously with such filing) a report on staffing on the engagement for the previous month.  Such report shall include the names of the individuals assigned and any updates to the then-current list of officer and director positions held by members of the Temporary Staff.  All staffing shall be subject to review by the Court in the event that an objection is filed; and it is further

ORDERED that, notwithstanding anything in the Motion, the Koch Declaration or the Engagement Letter, pursuant to the protocol[2] established with the United States Trustee (the "**Protocol**"), the Debtors are permitted to indemnify those APS employees serving as "executive officers" (as such term is used in the Protocol) of the Debtors and such indemnification, and associated D&O insurance coverage, shall be provided on the same terms as provided to the Debtors' other officers and directors under the terms of the Debtors' by-laws (subject to applicable state law) and the Debtors' D&O policies; however, in no case shall the indemnification provisions of the Engagement Letter apply to APS; AlixPartners or their affiliated entities; and it is further

ORDERED that, notwithstanding the Protocol, if the Debtors assign any APS employee to act in a director role in any of their wholly-owned subsidiaries, such assignment is hereby approved and the Debtors shall indemnify and insure such APS employee as an "executive officer" pursuant to the foregoing paragraph, and it is further

ORDERED that 50% of the Success Fee shall be payable at the closing (the "**Closing**") of the Transaction (as set forth in Paragraph 26 of the Motion), subject to APS filing with the Court a supplemental affidavit summarizing the services rendered by APS with respect to the Transaction; and it is further

ORDERED that the balance of the Success Fee (which is payable on the first anniversary of the Closing) and any Discretionary Fee shall be subject to review under the reasonableness standards of sections 330 and 331 of the Bankruptcy Code, including the filing of

---

[2] On October 4, 2001, the Bankruptcy Court for the District of Delaware approved a settlement between the United States Trustee and Jay Alix and Associates ("**JAA**"), under which JAA, along with its affiliates, agreed to abide by certain guidelines in seeking to be retained in future chapter 11 bankruptcy cases. The Stipulations, each dated September 11, 2001, were entered in the cases, *In re Safety-Kleen Corp.*, Case No. 00-2303 (Bankr. D. Del.) and *In re Harnischfeger Industries Inc.*, Case No. 99-2171 (Bankr. D. Del.), respectively.

appropriate fee applications (which shall include time records), and after notice and a hearing; and it is further

ORDERED that no person involved in rendering services pursuant to the Engagement Letter shall bill at a rate higher than the rate charged by Mr. Albert A. Koch, as the same may be adjusted from time to time in accordance with the normal billing practices of APS and its affiliates. The Office of the United States Trustee shall be advised of any such adjustment; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Motion, the Engagement Letter or this Order, the terms of this Order shall govern; and it is further

ORDERED that this Order supersedes in all respects the prior order of this Court entered on June 25, 2009 authorizing *inter alia* the retention of APS [Docket No. 2534]; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      *July  2 *, 2009

                                          *s/Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDGE