# N.W. Bernstein & Associates, LLC

800 Westchester Avenue, Suite N319 · Rye Brook, New York 10573 · (914) 358-3500 · Fax: (914) 701-0707

July 2, 2009

*Via Electronic Service and First Class Mail*

Honorable Judge Robert E. Gerber
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004-1408

                        Re:    In re General Motors Corp., et al., Debtors
                                  Case No. 09-50026 (REG)

Dear Judge Gerber:

       Pursuant to permission granted by the Court at the end of oral argument this afternoon, we submit this brief response to arguments advanced for the first time near the close of argument by Matthew L. Schwartz, Assistant United States Attorney.

       Mr. Schwartz in essence argued that the EnviroChem Site Trustees' limited objection to the Master Sale and Purchase agreement should be denied without prejudice to resubmission as a priority administrative claim in the liquidating estate of "Old GM." We agree that *if* our objection is to be denied, it should be without prejudice to such re-submission. However, we do not believe Mr. Schwartz provided any compelling rationale for denying our objection in light of the facts shown and of his client's (Mr. Wilson's) concession that it was unlikely that the Department of the Treasury would walk away from the financing of "New GM" if the Court sustained our objection and it had to pay an additional de minimis amount of $62,591.[1]

       Pollution at the EnviroChem site is ongoing and the April 2009 assessment GM should have paid in the ordinary course in May as required by a Federal Court Consent Decree (entered as a Final Judgment) is needed in the near term for costs to be incurred by the Trustees - not at some indefinite time in the future dependant on the administration of the liquidating estate (which it was stated may take many years). Additionally, considerations of judicial economy and the economic burden on litigants militate against our being forced to come back to the Court about the April 2009 Trustees' assessment at some future time.

---

[1] Old GM was able to pay bills in the regular course, Mr. Henderson testified, only by drawing down monies from loans provided by the Treasury. The failure of Old GM to pay reduced the amount needed from the Treasury by the amount it did not pay the Trustees. Thus, the amount now to be paid to the Trustees by New GM is really not "additional" money from the Treasury, its is the same amount simply coming out of New GM instead of old GM – no additional Treasury money is really involved.

N.W. Bernstein & Associates, LLC
July 2, 2009
Page 2

Finally, Mr. Schwartz for the first time argued that these matters are "fact intensive" and that he only recently looked at the terms of the Consent Decree. GM has never argued that there were any factual issues. The operative terms of the Consent Decree before the Court are clear:

"…Settling Defendants, upon notification from, and within the time prescribed by, the Trustee(s), but no later than sixty (60) days after notification, shall be responsible for <u>and shall pay</u> to the ETF [ECC Trust Fund] such additional amounts in the same proportions relative to each other as shown in Exhibit C." Consent Decree, Section V.B. 1.c. (p. 12)(emphasis added).[2]

The phrase "shall pay" in a Federal Court Consent Decree may be construed as a continuing mandatory injunction. The fact that an injunction periodically becomes monetized does not convert the injunction into a dischargeable pre-petition claim under the cases Mr. Schwartz cited; otherwise virtually all mandatory injunctions would sooner or later be converted into dischargeable claims.

We believe we have shown enough to provide the Court with an equitable basis for granting the narrowly crafted objection we have made. There is no prejudice to the United States, and counsel for "Old GM" declined to argue the issue further today noting that one of his colleagues would say that we should have our money.

Very truly yours,

/s/ Norman W. Bernstein

Norman W. Bernstein (NB5123)
800 Westchester Avenue, Suite 319 North
Rye Brook, NY 10573
(914) 358-3500
nwbernstein@nwbllc.com

---

[2] The EnviroChem Site is also known as the "ECC" Site. See Consent Decree, Definitions, Sec. IV.G (p. 9)