Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
:
:   In re : Chapter 11 Case No.
:
GENERAL MOTORS CORP., et al.,           :   09-50026 (REG)
:
Debtors.                          :   (Jointly Administered)
:
---------------------------------------------------------------x

## STIPULATION AND AGREED ORDER WITH RESPECT TO THE WITHDRAWAL OF CURE OBJECTIONS FILED IN CONNECTION WITH DEBTORS' ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

General Motors Corporation ("GM") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or "GM"), and each of the parties listed on Schedule 1 attached hereto (individually, an "Objecting Party" and collectively, the "Objecting Parties", and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "Stipulation") and stipulate as follows:

## RECITALS

A.  On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases. Pursuant to this Court's Order, these Chapter 11 Cases are now being jointly administered.

B.  On June 1, 2009, the Debtors also filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing [Docket No. 92] (the "**Sale Procedures Motion**").[1]

C.  Pursuant to this Court's Order in respect to the Sale Procedures Motion [Docket No. 274] (the "**Sale Procedures Order**"), the Court approved procedures for the assumption and assignment of the Assumable Executory Contracts in connection with the sale of the Purchased Assets to the Purchaser.

---

[1] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Sale Procedures Motion.

D. Each of the Objecting Parties has timely filed a Cure Objection with respect to its Assumable Executory Contracts in accordance with the procedures set forth in the Sale Procedures Order. The docket number with respect to each of the Cure Objections is noted on Schedule 1 along with the name of the Objecting Party that filed such Cure Objection.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. Each of the Cure Objections are objections only to the Cure Amount proposed by GM with respect to each Objecting Party's respective Assumable Executory Contracts.

2. The Objecting Party is not objecting to the approval of the Sale Order or the assumption and assignment or its respective Assumable Executory Contracts.

3. The resolution of the Cure Amount disputes raised in the Cure Objections shall be governed by the Sale Procedures Order and the Cure Dispute Resolution Process, the latter to the extent applicable.

4. Nothing contained herein shall constitute a modification of the Sale Procedures Order or any of the procedures set forth therein.

5. This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation.

6. This Stipulation sets forth the entire understanding of the Parties with respect to the subject matter of this Stipulation.

7. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

*[signatures to Stipulation on next page]*

4

STIPULATED AND AGREED:

**GENERAL MOTORS CORPORATION**

By: _____
Honigman Miller Schwartz and Cohn LLP
Robert B. Weiss
Tricia A. Sherick
Joseph R. Sgroi
660 Woodward Ave
2290 First National Building
Detroit, Michigan 4826
Phone: (313) 465-7000
Facsimile: (313)
E-mail: rweiss@honigman.com
         tsherick@honigman.com
         jsgroi@honigman.com

Special Counsel for Debtors
and Debtors in Possession

Re: Docket No. 1176

International Automotive
Component Group North America, Inc.
_____
"Objecting Party"

By: _____

Print Name: Carey D. Schreiber

Company/Firm: Winston + Strawn LLP
              Counsel for IACGNA, the
Date: 6/29/09           Objecting Party

5

Schedule 1

| Objecting Party | Cure Objection Docket No. |
|---|---|
| International Automotive Component Group North America, Inc. | 1176 |