**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- x
                                                                          ::
 IN RE:                                                                   ::   CHAPTER 11
                                                                          ::   CASE NO. 09-50026 (REG)
 GENERAL MOTORS CORPORATION, *ET AL.*,                                    ::
                                                                          ::   (JOINTLY
                                                        DEBTORS.          ::   ADMINISTERED)
------------------------------------------------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 105(a), 361, 362, 363, 364 AND 507 AND BANKRUPTCY RULES 2002, 4001**
**AND 6004 (A) APPROVING AMENDMENT TO DIP CREDIT FACILITY**
**TO PROVIDE FOR DEBTORS' POST-PETITION WIND-DOWN FINANCING**

THIS MATTER having come before this Court by the motion dated June 29, 2009 (the "**Motion**") of General Motors Corporation ("**GM**") and its affiliated debtors in the above-captioned cases, as debtors and debtors-in-possession (collectively with GM, the "**Debtors**"),[1] seeking, among other things, entry of an order (the "**Order**") authorizing the Debtors,[2] pursuant to sections 105, 362, 363 and 364 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), on or substantially contemporaneously with the closing of the Related Section 363 Transactions, to enter into that certain Amended and Restated Superpriority Debtor-in-Possession Credit Facility providing for

---

[1]   The Debtors in these cases include: GM, Saturn, LLC, Saturn Distribution Corporation, and Chevrolet-Saturn of Harlem, Inc.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order (as defined below).

the amendment and restatement of the terms applicable to the Tranche C Term Loan (as such term is defined in the DIP Credit Facility (as defined below)) funding the wind-down of the Debtors in an amount of $1,175,000,000 pursuant to and in accordance with section 2.14 of the DIP Credit Facility (as so amended and restated, the "**Amended DIP Facility**")[3]; and this Court previously having entered an order (the "**Final DIP Order**"), dated June 25, 2009 (Docket No. 2529), authorizing the Debtors, pursuant to sections 105, 362, 363 and 364 of the Bankruptcy Code and Rules 2002, 4001 and 6004 of the Bankruptcy Rules, and Rule 4001 of the Local Bankruptcy Rules, to enter into the Secured Superpriority Debtor-in-Possession Credit Agreement, by and among GM, as borrower, and The United States Department of the Treasury ("**U.S. Treasury**") and Export Development Canada ("**EDC**"), as lenders (together, and including any successors-in-interest, assigns or transferees thereof, the "**DIP Lenders**"), in substantially the form annexed as Exhibit 1 to the Final DIP Order (as the same may be amended, supplemented, restated or otherwise modified from time to time, including, without limitation, by the Amended DIP Facility, and together with all related agreements and documents, the "**DIP Credit Facility**"), and to obtain post-petition financing on a secured and super-priority basis pursuant to the terms and conditions thereof, up to a maximum aggregate amount of $33.3 billion (the "**Commitment**"); and the Final DIP Order having provided that the Amended DIP Facility, acceptable to the Debtors and the DIP Lenders, shall be subject to approval by this Court on three days notice after the filing of a motion seeking approval of the Amended DIP Facility; and this Court having considered the Motion, the Amended DIP Facility, and any pleadings in support thereof or in response thereto; and due and proper notice of the Motion having been provided in accordance with the Final DIP Order; and a hearing having been

---

[3]    A copy of the Amended DIP Facility is annexed hereto as Exhibit 1.

-2-

held and concluded on July 2, 2009 (the "**Hearing**") to consider the relief requested in the Motion; and it appearing that granting the relief requested in the Motion is appropriate, fair and reasonable and in the best interests of the Debtors, their estates, creditors and other parties in interest, and is essential for the Debtors' continued operations; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Official Committee of Unsecured Creditors (the "**Committee**") having been actively engaged in substantive negotiations of the Amended DIP Facility and the Wind-Down Budget (as defined in the DIP Credit Facility); and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved or overruled on the merits by this Court; and after due deliberation and consideration and good and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Findings of Fact and Conclusions of Law set forth in the Final DIP Order are herein incorporated by reference and shall have the same force and effect as though fully set forth in this Order; and it is further

**ORDERED** that the Motion is granted, and all objections, if any, to the Motion heretofore not withdrawn or resolved are overruled on the merits in all respects; and it is further

**ORDERED** that the Amended DIP Facility, substantially in the form annexed hereto as Exhibit 1, is approved in all respects such that the Debtors are authorized to obtain post-petition financing in accordance with the Amended DIP Facility of

$1,175,000,000, on a super-priority and secured basis, pursuant and subject to the terms and conditions of the Amended DIP Facility, the Final DIP Order and this Order; and it is further

**ORDERED** that upon the execution of the Amended DIP Facility, the defined term "DIP Credit Facility" as used in the Final DIP Order and this Order is deemed to mean and refer to such credit facility, as amended by the Amended DIP Facility; and it is further

**ORDERED** that, except as modified by the Amended DIP Facility or this Order, the Final DIP Order shall remain in full force and effect; and it is further

**ORDERED** that the claims and liens granted to the DIP Lenders under the Final DIP Order shall apply as set forth therein to the Amended DIP Facility except as explicitly modified by the following upon the Effective Date (as defined in the Amended DIP Facility):

>(a)    the claims of the DIP Lenders arising from the Amended DIP Facility, pursuant to sections 364(c)(1) and 507(b) of the Bankruptcy Code, and all other obligations owing to the DIP Lenders under the DIP Credit Facility shall be and are accorded a super-priority administrative expense status in each of these cases, and, subject only to the Carve-Out, shall have priority over any and all other administrative expenses and unsecured claims arising in these cases; provided, however, that subsequent to the closing of the Related Section 363 Transactions, claims against the Debtors' estates that have priority under Sections 503(b) or 507(a) of the Bankruptcy Code, including costs and expenses of administration that are attendant to the formulation and confirmation of a liquidating chapter 11 plan, whether incurred prior or subsequent to the consummation of the Related Section 363 Transactions shall have priority over such obligations (up to the aggregate amount of $1,175,000,000; provided, however, that any greater amount shall be subject to approval by the DIP Lenders) owing to the DIP Lenders under the Amended DIP Facility; and

  (b) the DIP Liens granted under the Final DIP Order (i) shall continue under the Amended DIP Facility on the Property in the same force, effect and priority as set forth in the Final DIP Order to the extent any such Property remains Property of the Debtors (but, for the avoidance of doubt, shall not extend to any Property that has been transferred to a non-Debtor pursuant to the Related Section 363 Transaction), (ii) shall continue to be subject to the Carve-Out, and (iii) shall include the proceeds of the Amended DIP Facility; *provided*, *however*, notwithstanding anything to the contrary in this Order, the Final DIP Order, DIP Credit Facility or the Amended DIP Facility, the DIP Liens shall not include security interests in or liens on avoidance actions arising under chapter 5 of the Bankruptcy Code against the Prepetition Senior Facilities Secured Parties (as defined in the DIP Credit Facility) or any stock, warrants, options or other equity interests in New CarCo (as defined in the Amended DIP Facility) issued to or held by any Debtor (or any of its subsidiaries) pursuant to the Related Section 363 Transactions including any dividends, payments or other distributions thereon and any proceeds or securities received or receivable upon any disposition or exercise thereof (the "**New GM Equity Interests**").

**ORDERED** that substantially contemporaneously with the execution of the Amended DIP Facility, the amount of $1,175,000,000 in immediately available federal funds shall be deposited into a segregated bank account at a nationally recognized financial institution acceptable to the DIP Lenders; and it is further

**ORDERED** that, except as expressly permitted by this Order or the Amended DIP Facility or as otherwise permitted by the Wind-Down Budget, the proceeds of the Amended DIP Facility shall be used solely to finance the working capital needs and other general corporate purposes of the Debtors incurred in connection with the Wind-Down (as defined in the Amended DIP Facility), including the payment of expenses associated with the post-petition administration of the Debtors' cases; *provided*, *however*, that any allowed secured claims against the Debtors' estates may be paid or otherwise satisfied (including pursuant to a plan of liquidation) from the proceeds of the Amended DIP

Facility (other than the "TPC Excess Secured Claim" as defined in the Section 363 Sale Order (as defined in the Amended DIP Facility)); and provided, further, however, that any unused proceeds of the Amended DIP Facility shall be repaid to the Lender on the Maturity Date (as defined in the Amended DIP Facility); and it is further

**ORDERED** that, except as otherwise provided in the immediately preceding decretal paragraph of this Order, the proceeds of the Amended DIP Facility shall be unavailable to pay or otherwise satisfy any prepetition, general unsecured claims against the Debtors' estates; and it is further

**ORDERED** that the Loans (as defined in the Amended DIP Facility) shall be non-recourse to the Borrower and the Guarantors, such that the DIP Lenders' recourse under the Amended DIP Facility shall be only to the Collateral (as defined in the Amended DIP Facility) securing the DIP Loans, and nothing in this Order, the Final DIP Order, the DIP Credit Facility or the Amended DIP Facility shall, or shall be construed in any way, to authorize or permit the DIP Lenders to seek recourse against the New GM Equity Interests at any time; and it is further

**ORDERED** that the Debtors are authorized to take such other and further action as is necessary to implement the decretal provisions of this Order with respect to the Amended DIP Facility, subject only to the consent of the DIP Lenders as provided under the Amended DIP Facility or this Order; and it is further

**ORDERED** that Section 5.26 of the Amended DIP Facility shall not be amended without the prior written consent of the Required Lenders, the Creditors' Committee and New CarCo; and it is further

**ORDERED** that prior to the making of any optional prepayments by the Debtors under the Amended DIP Facility, the Committee shall have received prior written notice of such prepayment at least fourteen (14) days prior to the date such prepayment is to be made; and it is further

**ORDERED** that the Committee shall receive the same reports and financial statements provided by the Debtors to the DIP Lenders under sections 5.1 and 5.2 of the Amended DIP Facility in the same manner and at the same time provided to the DIP Lenders; and it is further

**ORDERED** that the Debtors have provided adequate and sufficient notice of the this Order as required under the Final DIP Order; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Amended DIP Facility, the DIP Credit Facility, the Final DIP Order and this Order in all respects; provided, however, that in the event this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

Dated: New York, New York
July **5**, 2009

*s/ Robert E. Gerber*
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

[Amended DIP Facility]

-8-