UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :      Chapter 11 Case No.
                                              :
GENERAL MOTORS CORP., *et al.*,               :      09-50026 (REG)
                                              :
                    Debtors.                  :      (Jointly Administered)
                                              :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER AMONG
THE DEBTORS AND THE HERTZ CORPORATION
FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

General Motors Corporation ("**GM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and The Hertz Corporation ("**Hertz**," and together with the Debtors, the "**Stipulating Parties**") hereby enter into this Stipulation and Agreed Order (this "**Stipulation**").[1]

**RECITALS**

A.    On June 1, 2009, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.    On June 2, 2009, the Court issued an *Order Pursuant to 11 U.S.C. §§ 105, 262, and 265 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition*

---

[1] Capitalized terms used herein without definition shall have the meaning ascribed thereto in the Sale Procedures Order, as defined herein.

*Holdings LLC ("**Purchaser**"), a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (together with all exhibits attached thereto, the "**Sale Procedures Order**") [Docket No. 274].

C. On June 8 and 9, 2009, Hertz received seven notices from the Debtors, each dated June 5, 2009 and titled *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto* (collectively, the "**Assumption and Assignment Notices**").

D. On June 15, 2009, Hertz filed its *Limited Objection of The Hertz Corporation to Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and (II) Cure Amounts Related Thereto* (the "**Limited Objection**," [Docket No. 975]).

E. As part of the Debtors' ordinary course business operations, the Debtors provide vehicle repurchase programs and other incentives to their fleet customers. The Debtors and Hertz are party to three such executory contracts for fleet sales, each contract relating to one model year (2007, 2008, and 2009) (collectively, the "**Model Year Contracts**"). A list of the Model Year Contracts is attached hereto as **Schedule A.**

F. The Model Year Contracts represent a material portion of the Debtors' total fleet sales. Maintaining the relationships and the goodwill established between the Debtors and Hertz is critical to the long-term prospects of the Debtors' business, which competes for Hertz's business with other automobile manufacturers.

G. Unless and until the Model Year Contracts are assumed, Hertz will be unable, under its fleet financing arrangements, to purchase vehicles from the Debtors under the vehicle

repurchase programs and will be required to deliver and maintain additional collateral enhancement in respect of GM vehicles under third party financing arrangements. This would place the Debtors at a competitive disadvantage to other automobile manufacturers in attracting Hertz's business.

      H.      The Stipulating Parties therefore wish to provide for the prompt assumption of the Model Year Contracts by the Debtors, subject to potential for future assignment.

**STIPULATION AND ORDER**

NOW, THEREFORE, EACH OF THE STIPULATING PARTIES HEREBY STIPULATES AND AGREES AS FOLLOWS:

1. The Model Year Contracts are (i) executory contracts subject to section 365 of the Bankruptcy Code and (ii) Executory Contracts, as defined in the Debtors' Master Sale and Purchase Agreement (the "**MPA**").

2. No Stipulating Party is aware of any default existing as of the date hereof with respect to any of the Model Year Contracts, and no Cure Amount is due in connection with the assumption and assignment of the Model Year Contracts provided that the Debtors continued to perform their obligations thereunder prior thereto.

3. The Stipulating Parties acknowledge that the Model Year Contracts are hereby assumed by the Debtors on the date that this Stipulation is "so-ordered" by the Court. The Stipulating Parties further acknowledge that, on the Closing Date of the MPA, if any, the Model Year Contracts shall be assigned to the Purchaser by operation of and as provided for in the Sale Order, the Sale Procedures Order, and the MPA, provided that notwithstanding anything to the contrary contained therein, Hertz shall not be barred, estopped, nor enjoined from asserting against the Purchaser any Claim (as defined in the MPA) arising under the Model Year Contracts that is contingent, unmatured or unliquidated as of the Closing Date.

4. Upon this Stipulation being "so-ordered" by the Court, Hertz's Limited Objection as it applies to all Model Year Contracts shall be deemed withdrawn without further Order of this Court.

5. Hertz consents to the assumption of, and shall not object to the assignment of, the Model Year Contracts on the terms set forth herein.

6. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

7. This Stipulation is subject to the approval of the Court and shall become effective when "so-ordered" by the Court.

8. The Stipulating Parties make no agreement or representation and reserve all rights with respect to any other contract between the Debtors and Hertz, or the Purchasers and Hertz, other than the Model Year Contracts.

9. Except as specifically provided herein or in the MPA in connection with the assumption and assignment of Executory Contracts, the Stipulating Parties do not waive any rights, remedies or claims, if any, with respect to the Model Year Contracts.

10. This Stipulation shall be binding upon (i) the Debtors and any trustee or examiner that may be appointed in the pending chapter 11 cases, or their respective successors and assigns, (ii) the trustee in the event that any of the pending chapter 11 cases is converted to a case under chapter 7 of the Bankruptcy Code, and (iii) all creditors and other parties in interest in the above-mentioned chapter 11 or chapter 7 cases, including without limitation the non-debtor affiliates of the Debtors.

11. Each person who executes this Stipulation on behalf of a Stipulation Party represents and warrants that he or she is duly authorized and has full power and authority to enter into this Stipulation.

12. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by

delivering the original signatures in person, by courier or mail, although it is the Stipulating Parties' intention to deliver original signatures after delivery of facsimile signatures.

13. This Stipulation shall not be altered, amended, modified or otherwise changed, and the rights hereunder may not be waived, except by a writing duly signed by each of the Stipulating Parties, and the Court "so-ordering."

IN WITNESS WHEREOF, the parties have executed this Stipulation by their duly authorized representatives as of the date set forth below

Dated:  June 30, 2009             **General Motors Corporation**

                                  By:  /s/ Lawrence S. Buonomo
                                       Name: Lawrence S. Buonomo
                                       Title:  Attorney, GM Legal Staff

Dated:  June 30, 2009             **The Hertz Corporation**

                                  By:  /s/ Richard P. McEvily
                                       Name: Richard P. McEvily
                                       Title:  Staff Vice President & Deputy
                                               General Counsel

So Ordered this _____ day of _____ 2009

_____
UNITED STATES BANKRUPTCY JUDGE

## Schedule A – Model Year Contracts

| |
|---|
| Agreement between The Hertz Corporation and Participating Hertz Licensees, (collectively, "Hertz"), and General Motors ("GM") regarding Hertz's purchase or lease of GM vehicles for model year 2007, in a letter from General Motors to The Hertz Corporation dated and signed by General Motors on July 21, 2006, and acknowledged and agreed by The Hertz Corporation on November 3, 2006, including all schedules, exhibits, appendices and other attachments. |
| Agreement between The Hertz Corporation and Participating Hertz Licensees, collectively referred to as ("Hertz"), and General Motors ("GM") regarding Hertz's purchase or lease of GM vehicles for model year 2008 under the 2008MY Daily Rental Purchase Program, the 2008MY National Fleet Purchase Program, and other incentives available to Hertz, as well as the applicable terms and conditions, in a letter from General Motors to The Hertz Corporation dated and signed by General Motors on April 1, 2008, and acknowledged and agreed by The Hertz Corporation on June 6, 2008, including all schedules, exhibits, appendices and other attachments. |
| Agreement between The Hertz Corporation and Participating Hertz Licensees, collectively referred to as ("Hertz"), and General Motors ("GM") regarding Hertz's purchase or lease of GM vehicles for model year 2009, under the 2009MY Daily Rental Purchase Program, the 2009MY National Fleet Purchase Program, and other incentives available to Hertz, as well as the applicable terms and conditions in a letter from General Motors to The Hertz Corporation dated and signed by General Motors on December 1, 2008, and acknowledged and agreed by The Hertz Corporation on December 18, 2008, including all schedules, exhibits, appendices and other attachments. |
| The Assignment Agreement, dated as of March 16, 2007, made among The Hertz Corporation ("Hertz"), Hertz General Interest LLC, a Delaware limited liability company ("HGI"), Hertz Vehicle Financing LLC, a Delaware limited liability company ("HVF"), Hertz Vehicles LLC, a Delaware limited liability company ("Hertz Vehicles") and The Bank of New York Mellon Trust Company, N.A. successor to BNY Midwest Trust Company, as collateral agent (the "Collateral Agent") and trustee (the "Trustee"), as so acknowledged, consented to and agreed to by General Motors Corporation, a Delaware Corporation (the "Manufacturer") including all schedules, exhibits, appendices and other attachments. |
| The Assignment Agreement, dated as of March 25, 2008, made among The Hertz Corporation ("Hertz"), Hertz General Interest LLC, a Delaware limited liability company ("HGI"), Hertz Vehicle Financing LLC, a Delaware limited liability company ("HVF"), Hertz Vehicles LLC, a Delaware limited liability company ("Hertz Vehicles") and The Bank of New York Mellon Trust Company, N.A. successor to BNY Midwest Trust Company, as collateral agent (the "Collateral Agent") and trustee (the "Trustee"), as so acknowledged, consented to and agreed to by General Motors Corporation, a Delaware Corporation (the "Manufacturer") including all schedules, exhibits, appendices and other attachments. |
| The Assignment Agreement, dated as of March 18, 2009, made among The Hertz Corporation ("Hertz"), Hertz General Interest LLC, a Delaware limited liability company ("HGI"), Hertz Vehicle Financing LLC, a Delaware limited liability company ("HVF"), Hertz Vehicles LLC, a Delaware limited liability company ("Hertz Vehicles") and The Bank of New York Mellon Trust Company, N.A. successor to BNY Midwest Trust Company, as collateral agent (the "Collateral Agent") and trustee (the "Trustee"), as so acknowledged, consented to and agreed to by General Motors Corporation, a Delaware Corporation (the "Manufacturer") including all schedules, exhibits, appendices and other attachments. |