Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

COUNSEL FOR THE AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            )
In re                                                       )    Chapter 11
                                                            )
GENERAL MOTORS CORP., *et al.*,                             )
                                                            )    Case No. 09-50026 (REG)
                                                            )
                              Debtors.                      )    Jointly Administered
------------------------------------------------------------X

### THE AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' MOTION FOR AN ORDER CERTIFYING SALE ORDER FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS, PURSUANT TO 28 U.S.C. § 158(d)(2) OR IN THE ALTERNATIVE FOR A STAY OF THE SALE ORDER, PURSUANT TO FED. R. BANKR. P. 8005

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Committee of Asbestos Personal Injury Claimants (the

"Asbestos Committee") files this Motion for an Order Certifying Sale Order

for Immediate Appeal to the United States Court of Appeals, Pursuant to 28

U.S.C. § 158(d)(2) or in the Alternative for a Stay of the Sale Order, Pursuant

to Fed. R. Bankr. P. 8005 (the "Motion") and respectfully state as follows:

# I.
# RELIEF REQUESTED

1. The Debtors and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury, entered into a Master Sale and Purchase Agreement (the "MPA"), and on June 1, 2009 the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (i) approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion"), moving this Court for an order approving the MPA and the sale contemplated therein.

2. On July 5, 2009, this Court issued its Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the "Sale Order") [Dkt No. 2968]. Pursuant to the Sale Order, the Debtors are authorized to close the Section 363 sale of substantially all of their assets on or after 12:00 noon on Thursday, July 9, 2009.

3. Pursuant to Federal Rule of Bankruptcy Procedure 8001(f) and 28 U.S.C. § 158(d)(2), the Asbestos Committee hereby requests that this Court certify the Sale Order for immediate appeal to the United States Court of Appeals for the Second Circuit.  A form of Certification Order is attached hereto as <u>Exhibit A</u>.  In the alternative, pursuant to Federal Rule of Bankruptcy Procedure 8005, the Asbestos Committee requests that this Court stay the Sale Order until such time as the District Court may hear this appeal on an expedited basis.  A form of Stay Order is attached hereto as <u>Exhibit B</u>.

II.
**GROUNDS FOR RELIEF**

A. **This appeal involves a matter of public importance and should be certified for immediate appeal to the Circuit Court of Appeals**

4. Under the terms of 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an interim order for immediate appeal to a circuit court of appeals where the order "involves a matter of public importance," or where an immediate appeal from the order "may materially advance the progress of the case."  Thus, even where the law governing the interim order is clear, a bankruptcy court may certify a matter for immediate appeal.  *See In re Stone Barn Manhattan LLC*, 298 B.R. 359, 368 n.6 (Bankr. S.D.NY. 2008).  Indeed, under 28 U.S.C. § 258(d)(2), a bankruptcy court may certify an order for immediate appeal "on its own motion."

5.      Here, the General Motors bankruptcy proceedings, and the Sale Order in particular, may determine at what price to due process and other Constitutional considerations a debtor's attempts to navigate the waters of bankruptcy as rapidly as possible may be purchased.  Furthermore, the United States government is closely involved in these proceedings as the majority shareholder of the Purchaser who stands to acquire substantially all of General Motors' assets under the Sale Order free and clear of successor liability claims in contravention of 11 U.S.C. §§ 1141(d)(3) and 363, which was enacted by Congress to deny a corporate debtor a discharge under the very circumstances existing here.  The case manifestly involves a "matter of public importance."

6.      As the July 9, 2009 deadline for closing the sale approved in the Sale Order rapidly approaches, the individuals whose interests are represented by the Asbestos Committee—as well as many other claimant groups—are being swept by the current of these proceedings potentially foreclosing rights.  This appeal should be immediately certified for direct appeal to the Circuit Court of Appeals.

**B.      In the event this Court does not certify the appeal to the Circuit Court of Appeals, this Court should stay the Sale Order until the District Court has an opportunity to hear the appeals**

7.      In this Circuit a stay pending appeal should be granted based on a balancing of four factors: (i) appellant's likelihood of success on the merits; (ii) whether appellant will be irreparably injured absent a stay; (iii) whether

4

issuance of the stay will substantially injure other interested parties; and (iv) where the public interest lies. *See In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The failure of one factor is not dispositive. Rather, "the degree to which a factor must be present varies with the strength of other factors." *Id.* Here, all factors strongly favor a stay pending an appeal.

        1.    *Appellants Face Irreparable Harm*

        8.    The Asbestos Committee and the tort claimants whose interests it represents will suffer irreparable harm absent a stay of the Sale Order pending an expedited appeal to the District Court because the closing of the Sale may well moot the issues for appeal. Courts have long recognized that the elimination of a movant's rights by mootness is the "quintessential" form of prejudice to a party. *See Acc Bondholder Group v. Adelphia Communics. Corp. (In re Adelphia Communications. Corp.),* 361 B.R. 337, 347-48 (S.D.N.Y. 2007) ("where the denial of a stay pending appeal risks mooting *any* appeal of *significant* claims of error, the irreparable harm requirement is satisfied") (emphasis in original), *appeal dismissed by,* 367 B.R. 84 (S.D.N.Y. 2007); *Country Squire Assocs. v. Rochester Cmty. Sav. Bank (In re County Squire Assocs.),* 203 B.R. 182, 183-84 (B.A.P. 2d Cir. 1996) (granting stay and finding that irreparable harm was established where it was clear that without a stay pending appeal the foreclosure sale would proceed and moot the appeal); *In re St. Johnsbury Trucking Co.,* 185 B.R. 687, 688, 690

(S.D.N.Y. 1995) (granting stay of confirmation order pending appeal and concluding that movant established the threat of irreparable injury based on risk that appeal would be mooted if no stay were granted).

9.  Absent a stay, the closing of the sale on July 9, 2009 could arguably moot substantially all of the Asbestos Committee's appellant rights under section 363(m) of the Bankruptcy Code.[1]  Put simply, once substantially all of the Debtors' assets are "sold" to the Purchaser, the Debtors will argue that Section 363(m) could essentially prevent it from being reversed.  Recognizing the substantial issues presented by the Asbestos Committee, the Debtors and their supporters have leveraged section 363(m) by requesting and obtaining from the bankruptcy court in the Sale Order a waiver of the ten-day stay normally imposed by Bankruptcy Rule 6004(h).  Thus, absent a stay and an appeal, the sale will be closed and the appeal will be argued by Debtors to effectively moot the issues before the District Court ever has a chance to consider them.

---

[1] Section 363 (m) states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

  *2. Debtors Will Not Be Substantially Harmed By The Relief Sought*

  10. In contrast to the substantial irreparable harm that the Asbestos Committee will suffer absent a stay, the Debtors will suffer no harm. Because this is a complex transaction requiring numerous governmental approvals, closing is not expected to occur earlier than 30 days from the date of the Sale Order. In fact, by the terms of the Master Purchase and Sale Agreement, closing may be extended, by agreement of the parties thereto, until September 15, 2009. Thus, the Sale Agreement itself contemplates a closing months from the July 9, 2009 date provided by the Bankruptcy Court. A brief stay to preserve the appellate rights of these Debtors' creditors will not substantially harm the Debtors under these circumstances.

  *3. Appellants Can Show Substantial Likelihood of Success On The Merits*

  11. The sale attempted here is unprecedented in both scope and timing and will, the Asbestos Committee submits, irrevocably alter the landscape for the appropriate use of Section 363 sales in bankruptcy.

  12. Congress has proscribed the very conduct that the Debtors seek to accomplish through their improper Section 363 Sale—*i.e.*, the transfer of substantially all of their assets to a "new" entity that will simply continue operating free from the liabilities of the old entity—in two parallel provisions of the Bankruptcy Code: Sections 1141(d)(3) and 727(a)(1). The Second

7

Circuit has held that claims—and specifically successor liability claims—are not discharged by a corporate liquidation in bankruptcy. *In re Goodman*, 873 F.2d 598, 602 (2d Cir. 1989). The Bankruptcy Court's erroneous interpretation of Section 363(f) effectively nullifies Sections 1141(d)(3) and 727(a)(1) by improperly allowing the Debtors to circumvent these Code provisions under the guise of a Section 363 sale.

13. Furthermore, the Sale Order purports to allow the Debtors to sell substantially all of their assets free and clear of "claims." However, successor liability is not a "claim," but rather is a status a purchaser has under applicable state law. Thus, Section 363 cannot apply to strip a purchaser of that status.

14. Accordingly, Appellants have also shown a sufficient likelihood of success on the merits for purposes of a stay pending an expedited briefing schedule.

    *4.*    *The Appeal Presents Substantial Issues of Significant Public Interest*

15. This Court has recognized the significant public interest at play in this unprecedented case. Thus, the dispute is not over whether the issues presented affect the public interest but rather whether the Debtors should be allowed to attempt to avoid through mootness (which mootness will be contested by the Asbestos Committee) any meaningful appellate review of the unprecedented approach they and the Government have taken in this bankruptcy.

## III.
## JURISDICTION AND VENUE

16.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.
## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Asbestos Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (ii) grant such other and further relief to which the Asbestos Committee may be entitled.

Dated:  July 6, 2009          Respectfully submitted,

/s/ Peter C. D'Apice

Sander L. Esserman
Robert T. Brousseau
Peter C. D'Apice
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

9