**Steve Jakubowski (admitted *pro hac vice*)**
**Elizabeth Richert (admitted *pro hac vice*)**
**THE COLEMAN LAW FIRM**
**77 West Wacker Dr., Suite 4800**
**Chicago, Illinois 60601**
**Telephone:  (312) 606-8641**
**Facsimile:   (312) 444-1028**
sjakubowski@colemanlawfirm.com

**Attorneys for Callan Campbell, Kevin Junso, *et al.*,**
**Edwin Agosto, Kevin Chadwick, *et al.,* and Joseph Berlingieri**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
**In re**                                        :          **Chapter 11 Case No.**
:
**GENERAL MOTORS CORP.,** *et al.,*              :          **09-50026 (REG)**
:
                              **Debtors.**       :          **(Jointly Administered)**
:
----------------------------------------------------------------x

### MOTION OF THE INDIVIDUAL ACCIDENT LITIGANTS FOR AN ORDER CERTIFYING THE SALE ORDER FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(d)(2) ON THE ISSUE OF SUCCESSOR LIABILITY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE

Callan Campbell, Kevin Junso, *et al.,* Edwin Agosto, Kevin Chadwick, *et al.*, and Joseph Berlingieri (collectively, the "**Individual Accident Litigants**"), by and through their attorneys, file this motion for an order certifying the sale order entered July 5, 2009 (the "**Sale Order**") for immediate appeal to the United States Court of Appeals pursuant to 28 U.S.C. § 158(d)(2), and in support thereof states as follows:[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Sale Order (Docket No. 2968), the supporting opinion (the "**Sale Opinion**") (Docket No. 2967), or the Master Purchase Agreement (the "**MPA**") attached to the Sale Order.

1.	On July 5, 2009, the Court issued the Sale Opinion and entered the Sale Order granting the Debtors' motion to authorize the Debtors' sale of the bulk of its assets pursuant to the MPA to the Purchaser.

2.	Pursuant to Rule 8001(f) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(d)(2), the Individual Accident Litigants hereby request that this Court certify the Sale Opinion and Sale Order for immediate appeal to the United States Court of Appeals for the Second Circuit on the issue of successor liability, and specifically: whether Section 363(f) of the Bankruptcy Code permits the sale of the Purchased Assets to the Purchaser "free and clear" of a prepetition product liability claimant's potential *in personam* claims against the Purchaser arising under state law theories of successor liability?

3.	Under 28 U.S.C. § 158(d)(2), a Bankruptcy Court may certify an order for immediate appeal to a federal court of appeals where (A) the order "involves a question of law as to which there is no controlling decision of the [Second Circuit] or of the Supreme Court of the United States, or involves a matter of public importance" (28 U.S.C. § 158(d)(2)(A)(i)) or (B) "an immediate appeal may materially advance the progress of the case" (28 U.S.C. § 158(d)(2)(A)(iii)). The legislative history to this section states that "courts of appeals are encouraged to authorize direct appeals" when any of these tests are satisfied. H.R. Rep. 109-31(I), P.L. 109-8, April 8, 2005.

4.	Certifying the Court's Sale Opinion and Sale Order on the issue of successor liability satisfies the first test in that there is no controlling decision of the Supreme Court and there is a very distinct split in the circuits on this issue. (Sale Op. at 57). And while there has been a controlling judgment issued by the Second Circuit in *Chrysler*, there has been no controlling opinion issued by the Second Circuit explaining its reasoning. Rather, such opinion, the Second Circuit stated, "will issue in due course." (2d. Cir. Docket Entry, Case No. 09-2311,

2

June 5, 2009). In crafting that opinion, the Second Circuit surely will benefit from this Court's reasoning on the successor liability issue. It will also benefit from consideration of additional arguments and points raised by the Individual Accident Litigants that were not raised in the *Chrysler* case regarding, for example, jurisdiction, the legislative history to Section 363(f) (both before and after enactment of the Code), the significance of pre-Code case law, *TWA* and its progeny (including Judge Gonzalez's discussion of the import of these cases), and important Supreme Court precedent from *Butner*, *Barnhill*, *BFP,* and *Raleigh*. Granting the relief requested herein will enable these important additional issues and considerations to be presented to the Second Circuit before it formally issues its decision in *Chrysler*.

5. Certifying the Court's Sale Opinion and Sale Order on the issue of successor liability also satisfies the first test above because, as this Court often stated, this is the "most debatable" and "most important" of the issues before the Court. Indeed, this issue is one of the most important issues facing bankruptcy practitioners and distressed debtors generally. Satisfactory uniform resolution of the scope of Section 363 is critical for the entire nation, particularly since, as Professors Baird and Rasmussen wrote in *The End of Bankruptcy*, 55 Stan. L. Rev. 751, 752 (2003):

> Corporate reorganizations have all but disappeared. Giant corporations make head-lines when they file for Chapter 11, but they are no longer using it to rescue a firm from imminent failure. Many use Chapter 11 merely to sell their assets and divide up the proceeds…. Rarely is Chapter 11 a forum where the various stakeholders in a publicly held firm negotiate among each other over the firm's destiny

6. In sum, it is hard to imagine a single bankruptcy issue that is as important for all courts to "get right" than the issue of whether a Section 363(f) sale can be "free and clear" of *in personam* claims for successor liability. By certifying this issue for appeal, the Court will enhance the likelihood that the *Chrysler* decision will "get it right" by allowing additional

3

argument and distinguishing factual predicates to be presented to the Second Circuit in advance of its final issued opinion.

7. Fast-tracking this issue through to the Second Circuit will also put this issue on track with the *Chrysler* decision in another important respect; that is, regardless of how the Second Circuit rules, a final decision by the Second Circuit will enable the Supreme Court in its *certiorari* review of the *Chrysler* decision to have an additional parallel case of even greater national significance that is very—though not precisely—similar in most material respects. Such nuanced distinguishing features, when placed side by side, will enable the Supreme Court in its review to provide an opinion that is richer and broader than could be achieved if either case were presented without the other in tandem.

8. Finally, no one can deny that the many unfortunate GM product victims have suffered enough, and should not be forced to suffer through multiple layers of appeal given that the successor liability issues are legal in nature and ripe for appellate review. Certifying the successor liability for appeal will materially advance the progress of the case and final determination of their rights against the Purchaser, thus satisfying the second test above. As noted in the legislative history, Congress intended Section 158(d)(2) to solve the time and cost factors attendant with appealing to the district court before a binding and precedential decision can be made by the appellate court. H.R.Rep. No. 109-31, at 148 (2005), U.S. Code Cong & Admin. News 2005, 88, 206. Further, direct appeal is appropriate because, as stated by the Second Circuit in *Weber v. U.S. Trustee*, 484 F.3d 154 (2007), "Congress believed direct appeal [is] most appropriate where [the court] is called upon to resolve a question of law not heavily dependent on the particular facts of a case, because such questions can often be decided based on an incomplete or ambiguous record." *Id.* at 158.

4

|  |  |
|---|---|
| Dated: July 6, 2009 | CALLAN CAMPBELL, KEVIN JUNSO, ET AL., |
|  | EDWIN AGOSTO, KEVIN CHADWICK, ET AL., AND JOSEPH BERLINGIERI |
|  | By: /s/ Steve Jakubowski<br>One of Their Attorneys |
|  | Steve Jakubowski (IL ARDC# 6191960)<br>Elizabeth Richert (IL ARDC# 6275764)<br>THE COLEMAN LAW FIRM<br>77 West Wacker Drive, Suite 4800<br>Chicago, IL  60601<br>Tel:   (312) 606-8641<br>Fax:  (312) 444-1028<br>sjakubowski@colemanlawfirm.com |
|  | Attorneys for Callan Campbell, Kevin Junso, *et al.,* Edwin Agosto, Kevin Chadwick, *et al.* and Joseph Berlingieri |