IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09-50026 (REG) |
| | ) | |
| GENERAL MOTORS., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: July 13, 2009 9:30am |
| | ) | Objection Deadline: July 10, 2009 |
| | ) | |

**MOTION OF SANG CHUL LEE AND DUKSON LEE
FOR ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE
4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW
CONTINUATION OF PRE-PETITION LITIGATION**

1. Sang Chul Lee and Dukson Lee, as plaintiffs and the natural guardians of Jin Ah Lee, decedent, in a personal injury and wrongful death actions stemming from a single-car rollover crash litigation pending in Azizona state court (the "Rollover Litigation"), by and through their attorneys, bring this motion (the "Motion") pursuant to section 362(d) of Title 11, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules for an order modifying the automatic stay to allow the Rollover Litigation against General Motors, as a defendant, to continue in the Coconino County Superior Court of Arizona.

**PRELIMINARY STATEMENT**

2. Abundant and compelling grounds exist to modify the automatic stay to permit the Rollover Litigation to proceed. Pursuant to 28 U.S.C. § 157, this Court may not determine

1

and liquidate the Plaintiffs' wrongful death and personal injury claims. Accordingly, their claims must be tried elsewhere. A quick review of the balance of harms between the Plaintiffs and the Debtor demonstrates that allowing the litigation to proceed in Arizona state court as scheduled just and proper.

3. The Rollover Litigation was commenced approximately five years ago, and fact discovery and expert discovery is now substantially complete. A single-car rollover accident resulted in the death of one of two rear-seat occupants, Jin Ah Lee, in June 2004.

## STATEMENT OF FACTS

### The Rollover Accident

4. Plaintiff-decedent, Jin Ah Lee, was a natural person, age 22, who died in the accident relevant to this lawsuit on June 1, 2003, at Flagstaff, Arizona. Plaintiff Jin Ah Lee maintained a permanent residence at Kaepo Woosung 4 th Apartment No. 8-407, Dokok-dong, Kangnam-ku, Seoul, Republic of Korea, and maintained a local address at 36 Kennedy Blvd., Cambridge, MA, while studying in the United States before her death.

5. Plaintiffs Sang-Chul Lee, plaintiff Jin Ah Lee's father, and Dukson Lee, plaintiff Jin Ah Lee's mother, are aliens, who reside at Kaepo Woosung 4th Apartment No. 8-407, Dokok-dong, Kangnam-ku, Seoul, Republic of Korea. These plaintiffs sue in their own names in connection with the untimely death and loss of their daughter, including support, companionship, society, wrongful death and survivorship rights.

6. Defendant ANC Rental Corporation (acronym for "Alamo/National Car") ("Alamo"), a publicly-traded entity organized in November 1999, is the parent company of

Alamo Rent a Car, National Car Rental, and Alamo Local Market, engaged in the rental car business in approximately 60 countries around the world. Its principal offices located at 200 South Andrews Avenue, Fort Lauderdale, FL 33301. At all relevant times Alamo was the owner and renter of a certain 2003 Chevrolet Malibu automobile which caused plaintiff's death. Defendant Alamo is believed to be authorized to conduct regular business in the State of Arizona and in this district.

7. Defendant General Motors Corporation ("GM") is believed to be an entity organized under laws of the State of Michigan, and has its worldwide corporate headquarters and principal offices at 767 Fifth Avenue, New York, New York. At all relevant times GM was the designer and manufacturer of the 2003 Year model Chevrolet Malibu automobile which caused plaintiff's death. Defendant GM is believed to be authorized to conduct regular business in the State of Arizona and in this district.

8. Defendant Hong-Jun Jeon ("Jeon") is an alien, a national of the Republic of Korea, having his local address at 400 Mass Avenue #34, Boston, MA 02115, and his permanent address at Kangwondo kangnuen-shi kyoi-dong, Darim Apartments 1803, Republic of Korea. Defendant Jeon drove the 2003 Chevy Malibu relevant to this lawsuit and contributed to the death of plaintiff Jin Ah Lee.

9. Upon information and belief, in May 2003, defendant Jeon, an alien who possessed an "international driver's license," issued by the Republic of Korea, having relatively little driving experience in the United States, rented a certain 2003 Chevrolet Malibu, four-door automobile (the "Malibu"), bearing California license plates 4LXT007, from defendant

Alamo, at one of its rental locations in Las Vegas, Nevada, and drove with three passengers through the State of Arizona and elsewhere.

10. Among the four occupants of the Malibu were the driver and plaintiff Jin Ah Lee and two of their friends. Plaintiff Jin Ah Lee and a second female occupant were seated in the rear of the car, while defendant Jeon, as the driver, was accompanied by another male in the front seats.

11. Upon information and belief, while defendant Jeon was driving through Flagstaff, Arizona, on a single-lane, two-way, level desert highway, heading westbound, defendant Jeon attempted to pass a slow-moving vehicle through the east-bound lane, in a permitted "passing" zone.

12. Upon information and belief, defendant Jeon crossed into the on-coming lane and attempted to outpace the "slower" car in the westbound lane, but was unable to do so before he saw an oncoming car. As oncoming traffic became visible, defendant Jeon attempted to slow down and maneuver the Malibu back to the westbound lane, but the Malibu lost stability, "fishtailed" out of control, and left the road surface, off the shoulder, into the unpaved dirt.

13. Upon information and belief, the Malibu failed to brake properly due to weak or small brake pads, lack of anti-lock braking system (ABS), the wheels and body vibrated extensively, bounced up and down, and the frame and body became unstable.

14. Upon in formation and belief, as the Malibu left the road surface and traveled in the dirt, it rolled over and sustained extensive structural damage, including the collapse of

4

its roof, the disintegration of its frame, and the destruction of all windows and windshields.

15. During the rollover, plaintiff Jin Ah Lee was unsafely ejected out of the passenger compartment of the vehicle. Plaintiff Jin Ah lee suffered serious physical injuries to various parts of her body.

16. Upon information and belief, the accident was observed by, among others, a physician who was traveling through the area at the time, and the physician provided emergency assistance. The police and ambulance were summoned immediately, and plaintiff Jin Ah Lee was transported by air to a hospital.

17. As doctors at Flagstaff Medical Center provided emergency care, plaintiff Jin Ah Lee died from "multiple blunt-trauma injuries" sustained in the accident. She suffered extensive pain between the time of the accident and the time of her death, several hours later.

18. In the Rollover Litigation, plaintiffs have alleged that General Motors produced a defective car, and that it committed willful and malicious acts which warrant punitive damages.

## The Bankruptcy Proceedings

19. On June 1, 2009 (the "Commencement Date"), General Motors filed for Chapter 11 reorganization in this District. Upon information and belief, the Debtors do not expect their plan will provide a distribution for unsecured creditors.

## JURISDICTION1.

20. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

## ARGUMENT

### THE COURT SHOULD LIFT OR MODIFY THE AUTOMATIC STAY TO ALLOW THE BUS FIRE LITIGATION TO PROCEED TO JUDGMENT

The statutory predicates for the relief requested herein are sections 362(a) and (d) of the Bankruptcy Code. The Court should enter an order lifting or modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code allowing the Rollover Litigation to proceed to judgment against the Debtors, along with the non-debtor defendants, for a number of reasons.

This Court may not determine and liquidate the personal injury and wrongful death claims that are at the heart of the Rollover Litigation. Such claims are not "core" procedings under the Code. 28 U.S.C. 157(b)(O).

Moreover, if the Court does not modify the automatic stay, the Rollover Plaintiffs will be forced to choose between waiting indefinitely to proceed with the state court action against all of the defendants in the pending case, or moving to sever the Debtors from the other defendants, proceeding with the litigation as to the non-debtor defendants and then litigating the claims against the Debtors at some later point. Judicial efficiency will be served if the Arizona state court is permitted to resolve all of the litigation against all of the defendants in a single trial, and the balance of hardships mandates that the trial proceed now rather than later. Discovery is substantially complete, but there is no trial date because of some open issues.

Finally, permitting the Rollover Litigation to proceed will have minimal impact on the Debtors and their estates. None of the members of senior management who are involved in the Debtors' financial affairs are expected to testify at trial, and on information and belief the Debtors have insurance coverage for all but the first $5 million of any judgment against them. These facts mandate modification of the automatic stay to permit the Rollover Litigation to proceed against the Debtors.

### A. **Standards for Modification of the Automatic Stay**

Section 362(d) of the Bankruptcy Code provides that the automatic stay shall be modified for "cause." 11 U.S.C. § 362(d)(1). The Sonnax factors require a court to consider (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceedings; and (12) impact of the stay on other parties and the balance of the harms. Sonnax Indus., Inc. v. TRI Component Products Corp. (In re Sonnax Indus., Inc.),

907 F.2d 1280, 1286 (2nd Cir. 1990)); see also In re Godt, 282 B.R. 577, 585 (E.D.N.Y. 2002) (affirming bankruptcy court decision to lift stay to allow malpractice actions to proceed against chapter 7 debtor); In re Larkham, 31 B.R. 273, 276 (Bankr. D. Vt. 1983) (lifting stay to allow continuation of employment discrimination case).

In applying the Sonnax standards, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Matter of Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982) (citing S. Rep. No 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836) (affirming decision to lift stay to allow personal injury case to proceed because the civil action did not jeopardize estate where the insurer assumed full financial responsibility for defending the litigation). Not all of the Sonnax factors are relevant in each case, and the Court need not assign equal weight to each factor. In re New York Med. Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (modifying the automatic stay to allow medical malpractice suit to proceed against liquidating debtor).

### B. Both the Balancing Test and the Sonnax Factors Require Modification of the Automatic Stay to Permit The Rollover Litigation to Continue to Judgment

All of the relevant factors under the three-pronged test and Sonnax mandate modification of the automatic stay to permit the Rollover Litigation to proceed to judgment. First, this Court may not liquidate the personal injury and wrongful death claims. New York Medical Group, 265 B.R. at 412 (citing In re U.S. Lines, Inc., 1998 WL 382023, at *4

8

(S.D.N.Y. July 9, 1998)). When the bankruptcy court may not liquidate pre-petition claims, the stay should be modified to permit the action to continue in the original court. See Cooke, 2007 WL 2102687, at *3. These wrongful death and personal injury tort claims must, therefore, be tried in a non-bankruptcy court. New York Med. Group, 265 B.R. at 412-13 (modifying stay to permit medical malpractice claim to be liquidated in state court); In re Todd Shipyards Corp., 92 B.R. 600, 604 (Bankr. D.N.J. 1988) (modifying stay to allow personal injury claimants to proceed with state court action against debtor).

28 U.S.C. § 157(d)(5), which provides that "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending," applies only to claims that originated in the bankruptcy court, and does not enable the district court to remove personal injury and wrongful death claims pending as of the petition date in state courts. In re Dow Corning Corp., 1995 WL 495978 (Bankr. E.D. Mich. 1995); In re U.S. Lines, 128 B.R. 339, 340 (Bankr. S.D.N.Y. 1991).

Furthermore, severe prejudice to the Rollover Plaintiffs may result if the stay is not modified. The Rollover Action has been pending in Arizona for more than five years (initially it was filed in Arizona federal court, from which a dismissal/transfer occurred and was refiled in the state court of Arizona.) Further delay in the trial would effectively prevent justice. In contrast, neither the Debtors nor the chapter 11 estates will be prejudiced in any significant degree, nor will material burdens be imposed on the Debtors, if the Court permits

9

the Rollover Litigation to proceed in the state court. Fact discovery is substantially complete. None of the witnesses implicated in the Rollover Litigation are members of the Debtors' senior management involved in financial affairs, and given the nature of the technical product and engineering facts in dispute, the Rollover Plaintiffs do not believe that any of the members of the Debtors' senior management whose attention to the bankruptcy case may be essential will be required as witnesses at the trial.

Relief from the automatic stay will ensure judicial economy and will allow the most efficient and expeditious resolution of the Rollover Plaintiffs' claims, which have been pending in the state court for nearly three years, with fact discovery substantially complete and a trial date set. In similar circumstances, courts have frequently modified the automatic stay to allow prepetition litigation to continue where discovery has already taken place (or is well underway). See Packerland Packing Co. v. Giffith Brokerage Co. (In re Kemble), 776 F.2d 802, 807 (9th Cir. 1985) (affirming decision to modify the stay where trial was pending); In re Fischer, 202 B.R. at 355 (granting stay relief to allow civil RICO claims to proceed where discovery was near completion); Rexene, 141 B.R. 574 (granting relief from stay where document discovery had been completed and only a few depositions remained).

Modifying the stay to allow the Rollover Litigation to continue would be the most efficient and cost effective way to achieve complete resolution of the issues raised in those cases. The Rollover Plaintiffs have alleged claims against other defendants based on the same facts at issue in the claims against the Debtor, and only the Texas trial court may render a judgment binding on all parties in the Rollover Litigation. See New York Med. Group, 265

B.R. at 413 (modifying the stay to allow prepetition litigation to continue where only state court could render a complete judgment). While it is possible that the litigation against the seventeen non-debtor defendants could proceed if the claims against them are severed from the claims against the Debtors, the Rollover Plaintiffs expect that the non-debtor defendants would oppose severance because they alleged comparative fault on the part of the Debtors. Moreover, it would be extremely expensive and inefficient to force the Rollover Plaintiffs to try the case twice against two sets of defendants, and it would be unfair to force the plaintiffs to wait indefinitely to obtain recovery from the Debtors' insurance when the burden on the Debtors of permitting the trial to go forward is so minimal. For these reasons, judicial economy and the interest in expediting complete resolution of the issues raised by the Rollover Litigation requires that claims that may be decided in a non-bankruptcy court - such as these personal injury and wrongful death claims that cannot be decided in the bankruptcy court - be resolved in the non-bankruptcy courts in which the claims were commenced. Larkham, 31 B.R. at 276; Cooke, 2007 WL 2102687, at *3.

The automatic stay should be modified where the purposes of section 362(a) of the Bankruptcy Code - "protect[ing] property that may be necessary for the debtor's fresh start and . . . provid[ing] breathing space to permit the debtor to focus on its rehabilitation or reorganization . . . [and] prevent[ing] the dismemberment of a debtor's assets by individual creditors levying on the property"[1] would not be served by leaving the stay in effect. See, e.g., American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),

---

[1] 3 COLLIER ON BANKRUPTCY ¶ 362.03, at 362-13 (15th ed. rev. 2006).

152 B.R. 420, 426 (D. Del. 1993) (finding cause existed to lift the automatic stay to permit movant to file motion in federal district court). In this case, enforcing the automatic stay would not promote any of these policies.

Finally, policy concerns mandate modification of the automatic stay in this case. In enacting the Bankruptcy Code, Congress noted that while the automatic stay had broad application "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Holtkamp, 669 F.2d at 508 (citing S. Rep. No 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836). Here, where it would increase efficiency to have the claims against all of the defendants, including the Debtors, heard in the court where those claims were originally brought and where no prejudice to the bankruptcy estate would result from modifying the stay to allow the Rollover Litigation to continue in the Texas state court, public policy dictates that the Court modify the automatic stay.

## NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this or any other court.

## NOTICE

Notice of this motion has been provided to the Debtors, the Debtors' twenty largest creditors, counsel for the Debtor-in-Possession financing lenders and the United States

Trustee.

## CONCLUSION

For the reasons set forth above, the Rollover Plaintiffs respectfully request that this Court enter an order substantially in the form attached as <u>Exhibit A</u>, modifying the automatic stay to allow continuation of the Rollover Litigation; and granting such other and further relief as is just and proper under the circumstances.

Dated: Englewood, NJ
June 29, 2009

        By: KIMM LAW FIRM

           /s/ michael kimm
           Michael S. Kimm, Esq.
           41B Bancker Street
           Englewood, NJ 07631
           201-569-2880
           kimmlaw@msn.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GENERAL MOTORS, et al., ) | Case No. 09-50026 (REG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

Certificate of Service

I, Michael Kimm, hereby certify that on the 29th day of June 2009, I served the *Notice of Entry of Appearance and Request for Notices* upon the parties listed below by First Class Mail, postage prepaid:

Counsel for GM

Harvey R. Miller
Joseph H. Smolinsky
Robert J. Lemons
Stephen Karotkin
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Fax: (212) 310-8007
Email: Harvey.miller@weil.com
Email: joseph.Smolinsky@weil.com
Email: robert.lemons@weil.com
Email: stephen.karotkin@weil.com


Joseph R. Sgroi
Robert B. Weiss
Tricia A, Sherick
Honigman Miller Schwartz and Cohn, LLP
2290 First National Building
660 Woodward Avenue

Detroit, MI 48226
(313) 465-7570
Fax: (313) 465-7571
Email: jsgroi@honigman.com
Email: rweiss@honigman.com
Email: tsherick@honigman.com


Patrick J. Trostle
Jenner & Block, LLP
919 Third Avenue
37th Floor
New York, NY 10022
(212) 891-1665
Fax: (212) 891-1699
Email: ptrostle@jenner.com


U.S. Trustee's Office

Andrew D. Velez- Rivera
Brian Shoichi Masumoto
Diana G. Adams
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax: (212) 668-2255


Creditors' Committee

Gordon Z. Novod
Thomas Moers Mayer
Kramer Levin Naftalis & Franklin, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-3275
Fax: (212) 715-8000
Email: gnovod@kramerlevin.com

<u>20 Largest Creditors</u>

Wilmington Trust Company
Attn: Geoffrey J. Lewis
Phone: 302-636-6438
Fax: 302-636-4145
Rodney Square North
1100 North Market St
Wilmington, DE 19890
United States

International Union, United Automobile, Aerospace and Agricultural Implement workers of America (UAW)
Attn: Ron Gettlefinger
Phone: 313-926-5201
Fax: 313-331-4957
8000 East Jefferson
Detroit, MI 48214
United States

Deutsche Bank AG, London As Fiscal Agent
Theodor- Heuss Allee 70
Frankfurt, 60262
Germany
Attn : Stuart Harding
Phone: 44-207-547-3533
Fax: 44-207-547-6149
Winchester House
1 Great Winchester St
London EC2N 2DB
England

International Union of Electronic, Electrical, Salaried, Machine and Furniture Worker-Communications workers of America ( UE-CWA)
3461 Office Park Drive
Kettering, OH 45439
United States
Attn: Mr. James Clark
Phone: 937-294-9764
2701 Dryden Road
Dayton, OH 45439
United States

Bank Of New York Mellon

One Wall St
New York, NY 10286
United States
Attn: Gregory Kinder
Phone: 212-815-2576
Fax: 212-815-5595
Global Corporation Trust, 101
Barclay, 7W
New York, NY 10286
United States

Starcom Mediavest Group, Inc.
Attn: Laura Desmond
Phone 312-220-3550
Fax: 312-220-6530
35 W. Wacker Drive
Chicago, IL 60601
United States

Delphi Corp.
Attn: Rodney O'Neal
Phone 248-813-2557
Fax: 248-813-2560
5725 Delphi Drive
Troy, MI 48098
United States

Robert Bosch GmbH
38000 Hills Tech Drive
Farmington Hills, MI 48331
United States
Attn: Franz Fehrenbach
Phone 49-71-1-811-6220
Fax: 49-71-1-811-6454
Robert- Bosch- Platz 1 / 70839
Gerlingen-Shchillerhoehe
Germany

Lear Corp.
Attn: Robert Rossiter
Phone 248-447-1505
Fax: 248-447-1524
21557 Telegraph Road
Southfield, MI 48033
United States

Renco Group, Inc.
1 Rockerfeller Plaza
29th Floor
New York, NY 10020
United States
Attn: Lon Offenbacher
Phone: 248-655-8920
Fax: 248-655-8903
1401 Crooks Road
Troy, MI 48084
United States

Enterprise Rent a Car
6929 N Lakewood Ave
Suite 100
Tulsa, OK 74117
United States
Attn: Greg Stubblefiled
Phone 314-512-3226
Fax: 314-512-4230
600 Corporate Park Drive
St. Louis, MO 63105
United States

Johnson Controls, Inc
Attn: Stephen A. Roell
Phone: 414-524-2223
Fax: 414-524-3000
5757 N. Green Bay Avenue
Milwaukee, WI 53201
United States

Denso Corp.
Attn: Haruya Maruyama
Phone: 248-350-7500
Fax: 248-213-2474
24777 Denso Drive
Southfield, MI 48086
United States

TRW Automobile Holdings, Corp.
Attn: John Plant
Phone: 734-855-2660
Fax: 734-855-2473
12001 Tech Center Drive

Livonia, MI 48150
United States

Magna International, Inc.
Attn: Don Walker
Phone: 905-726-7040
Fax: 905-726-2593
337 Magna Drive
Aurora, ON L4G 7K1
Canada

America Axle & Mfg Holdings, Inc.
Attn: Richard Dauch
Phone 313-758-4213
Fax: 313-758-4212
One Dauch Drive
Detroit, MI 48211
United States

Maritz Inc.
Attn: Steve Maritz
Phone 636-827-4700
Fax: 636-827-2089
1375 North Highway Drive
Fenton, MO 63099
United States

Publicis Groupe S.A.
Attn: Maurice Levy
Phone: 33-01-4-443-7000
Fax: 33-01-4-443-7550
133 Ave des Champs-Elysees
Paris, 75008
France

Hewlett Packard Co.
3000 Hanover St
Palo Alto, CA 94304
United States
Attn: Mike Nefkens
Phone: 313-230-6800
Fax: 313-230-5705
500 Renaissance Center
MC: 20A Detroit, MI 48243
United States

Interpublic Group of Companies, Inc.
Attn: Michael Roth
Phone 212-704-1446
Fax: 212-704-2270
1114 Avenue of the Americas
New York, NY 10036
United States

Dated: June 29, 2009

                      KIMM LAW FIRM

                      /s/ Michael S. Kimm
                      Michael S. Kimm (MK4476)
                      41W Bancker Street
                      Englewood, NJ 07631
                      email: kimmlaw@msn.com
                      phone: 201-569-2880
                      fax: 201-569-2881
                        Counsel for the Rollover Case Plaintiffs