Jasmine Powers, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel: (212) 909 6845
Fax: (212) 521 7845

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **GENERAL MOTORS CORP.,** *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| **Debtors.** | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SUZUKI MOTOR CORPORATION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Suzuki Motor Corporation ("Suzuki"), by its counsel, Debevoise & Plimpton LLP, hereby submits this limited objection (the "Limited Objection") to each *Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto*, each dated June 5, 2009 (collectively, the "Notices") delivered to Suzuki by General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") pursuant to this Court's *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (i) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (ii) Scheduling Bid Deadline and Sale Hearing Date; (iii) Establishing Assumption*

*and Assignment Procedures; and (iv) Fixing Notice Procedures and Approving Form of Notice* (the "Sale Procedures Order," docket no. 274).

## Background

1. On June 1, 2009 (the "Petition Date"), the Debtors commenced cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. On June 2, 2009 this Court entered the Sale Procedures Order, which includes procedures for assuming and assigning executory contracts.

3. The Notices and the Sale Procedures Order set June 15, 2009 as the deadline for filing objections (the "**Objection Deadline**"). Suzuki received the Notices (each of which are dated June 5, 2009) on or after June 22, 2009, after the Objection Deadline had passed.

4. Suzuki is filing this Limited Objection as promptly as possible after Suzuki was able to engage counsel to review the Notices and the secure website (the "Website") set forth in the Notices. The Website displayed a lengthy list of agreements as well as a very lengthy list of proposed cure amounts.

5. Suzuki is in contact with the Debtors and is diligently reviewing the lengthy list of agreements and related cure amounts set forth on the Website. Suzuki is fully committed to working with the Debtors to resolve any issues Suzuki may have with the proposed Notices and is, out of an abundance of caution, filing this Limited Objection to preserve its rights.

## Limited Objection

6. Suzuki does not object to the sale procedures contained in the Sale Procedures Order, nor does it object *per se* to assumption and assignment of its executory contracts with the Debtors. Instead, Suzuki objects to the failure by the Debtors to provide Suzuki with the Notices

prior to the passage of the related objection deadline set forth in the Notices and therefore not provide Suzuki with time to review and confirm the listed agreements proposed to be assumed and assigned and the related cure amounts set forth on the Website prior to the Objection Deadline. In addition, as the information on the Website is very limited, Suzuki is experiencing difficulty reviewing and confirming the listed agreements and related cure amounts.

7. Section 365(b)(1) of the Bankruptcy Code provides that:

[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. Thus, out of an abundance of caution, Suzuki objects to the assumption and assignment of the agreements listed in the Notices and on the Website until the parties have had an opportunity to discuss and review together the proposed cure amounts related to such listed agreements. As stated previously, Suzuki does not object *per se* to assumption and assignment of its executory contracts with the Debtors, but instead requests that the assumption and assignment is delayed until Suzuki is able to confirm, with the assistance of the Debtors, the appropriate cure amounts.

9. In addition, Suzuki continues to perform under various agreements with the Debtors. Therefore, additional amounts may have accrued, and may continue to accrue, under

3

such agreements. To the extent such additional amounts are not paid by the Debtors in the ordinary course of business, Suzuki reserves the right to assert against the Debtors, their estates or the purchaser, as a condition to the assumption and assignment of such agreements, additional cure amounts, accrued and unpaid, for services performed by Suzuki after the Petition Date.

## Relief Requested

WHEREFORE, Suzuki respectfully requests that this Court (i) delay the proposed assumption and assignment of any of Suzuki's executory contracts with the Debtors until the Debtors and Suzuki have discussed and reviewed together the voluminous list of proposed cure amounts such that Suzuki may object, if it chooses, or consent to such proposed cure amounts, (ii) permit Suzuki to amend the cure amounts to reflect any unpaid post-petition accruals, and (iii) grant such other and further relief as is just and proper.

Dated: July 7, 2009
      New York, New York

                            DEBEVOISE & PLIMPTON LLP

                            /s/ Jasmine Powers
                            Jasmine Powers, Esq.
                            919 Third Avenue
                            New York, New York 10022
                            Tel: (212) 909 6845
                            Fax: (212) 521-7845

                            *Counsel to Suzuki Motor Corporation*