Celeste R. Gill
Assistant Attorney General
Environment, Natural Resources and Agriculture Division
525 W. Ottawa, 6th Floor, G. Mennen Williams Bldg.
P.O. Box 30755
Lansing, MI  48909
Telephone:  517-373-7540
Facsimile:  517-373-1610
E-mail:  gillcr@michigan.gov

Attorney for the Michigan Department of Environmental Quality

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                          :
IN RE:                                    :
                                          :          Chapter 11
       GENERAL MOTORS, CORP., *et al*,    :          Case No. 09-50026 (REG)
                                          :          (Jointly Administered)
                   Debtors.               :
-----------------------------------------------------------x

### LIMITED OBJECTION OF THE MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY TO THE DEBTORS' MOTION TO APPROVE THE MASTER DISPOSITION AGREEMENT FOR PURCHASE OF CERTAIN ASSETS OF DELPHI CORPORATION

The Michigan Department of Environmental Quality (MDEQ), by and through its

attorneys, Michael A. Cox, Attorney General, and Celeste R. Gill, Assistant Attorney General,

files this objection to the Debtors' Motion to Approve (I) Master Disposition Agreement for

Purchase, of Certain Assets of Delphi Corporation, (II) Related Agreements, (III) Assumption

and Assignment of Executory Contracts, (IV) Agreement with the Pension Benefit Guaranty

Corporation, and (V) Entry into Alternative Transaction in Lieu Thereo (the Motion).  MDEQ

states the following in support of its objection:

1

## BACKGROUND

1.       Delphi Corporation (Delphi) was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation (GM).  Prior to January 1, 1999, GM conducted the company's business through certain divisions and subsidiaries which resulted in environmental contamination at various sites or facilities.

2.       Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi, in particular a subsidiary, Delphi Automotive Systems, LLC (DAS) in accordance with the terms of a Master Separation Agreement (MSA) between Delphi and GM and Delphi became the owner and operator of the former GM division and subsidiaries.

3.       Contamination has been confirmed at many of these facilities above applicable Part 201 cleanup criteria,[1] including several facilities related to the Steering operations in Saginaw, Michigan.  Delphi has ongoing obligations at its facilities under Part 201 of the NREPA, Part 213 of NREPA related to corrective actions for releases from underground storage tanks; under Part 111 of NREPA as a number of its properties are considered hazardous waste facilities; and under Part 31 of NREPA related to water quality.[2]

4.       GM also owned and operated the Steering Plants in Saginaw, Michigan prior to their transfer to Delphi.  Releases from these facilities were confirmed and reported during GM's ownership and operation including at 1400 and 3900 Holland Avenue.  Under Part 201 of the NREPA, a party that causes a release or threat of release remains liable even if it transfers the property or facility on which contamination is located.  GM remains directly and independently

---

[1] See, Part 201, Environmental Remediation, of Michigan's Natural Resources and Environmental Protection Act , MCL 324.20101.
[2] MCL 324.21301 *et seq*., MCL 324.11101 *et seq*., and MCL 324.3101 *et seq*., respectively.

2

liable under Part 201 and/or Part 213 of the NREPA for contamination, notwithstanding the subsequent transfer of these properties to Delphi.

5.      In addition, the Delphi is liable under state and federal laws dealing with hazardous waste for meeting closure and post-closure requirements at Delphi's facility located at 2100 Burlingame Avenue, S.W. in Grand Rapids, Michigan.

6.      In October 2005, Delphi filed for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 USC 101 *et seq*., case number 05-44481 and on or about January 25, 2008, Delphi's First Amended Plan was confirmed but never consummated.

7.      Delphi has filed a motion in its bankruptcy case seeking approval of modifications to its confirmed plan including approval of the sale of its Steering Business to a GM entity pursuant to the Master Disposition Agreement among Delphi Corporation, GM Components Holdings, LLC, General Motors Corporation, Parnassus Holding II, LLC and the Other Sellers and Other Buyers Party Hereto (the MDA).  In the event the plan modification is not approved, Delphi and GM are seeking approval to enter into an alternative transaction.

8.      The Delphi Court has set July 15, 2009 as the deadline for objection to or approval of the Modified Plan or alternate transaction, and July 23, 2009 as the hearing date regarding the same.

## OBJECTION

9.      GM filed its Motion purportedly to obtain this Court's authorization to enter into the transaction proposed in Delphi's proposed plan modification or an alternate transaction.  The deadline to object to GM's Motion to approve the transaction has been set for July 8, 2009 with the hearing set for July 13, 2009, although the underlying transaction has not been approved in the Delphi case.  Further, the proposed Order provides in paragraph 2:  "The MDA, the SPA, the

Loan Agreement, and the Operating Agreement, and the Commercial Agreements *are hereby approved*, and GM is authorized, but not directed pursuant to sections 105 and 363 of the Bankruptcy Code, to enter into such documents as well as Ancillary Agreements ... and perform obligations thereunder.

10.     The MDEQ objects to the extent that the entry of the proposed order may be deemed an approval of the MDA, especially since the deadline for objecting to the underlying transaction in the Delphi case has not even passed.  MDEQ requests that specific language be added to the order to clarify that "nothing in this Order shall be deemed an approval of the MDA pending in the Delphi case, nor res judicata or stare decisis."

11.     Further, MDEQ continues to assert its position that GM is and will remain jointly and severally liable for contamination at the Michigan properties that are the subject of the proposed transaction and that the contemplated transaction will not relieve GM of its independent liabilities and obligations with regard to any contamination at the steering facilities.

12.     MDEQ reserves the right to supplement its objection, including at the scheduled hearing.

## **MEMORANDUM OF LAW**

13.     Because the relevant authorities in support of the requested relief are cited in this Objection, the MDEQ requests that the requirement of a separate memorandum of law under Local Bankruptcy Rule 9013-1 (b) be deemed satisfied.

WHEREFORE, the MDEQ respectfully requests that this Court condition approval of the Motion as proposed above.

Respectfully submitted,

Michael A. Cox
Attorney General


/s/    Celeste R. Gill
Celeste R. Gill (P52484)
(admitted Pro Hac Vice)
Assistant Attorney General
Environment, Natural Resources
and Agriculture Division
6th Floor, Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI   48909
(517) 373-7540
E-mail:  gillcr@michigan.gov

Dated:  July 7, 2009

s: GM/Limited Objection to Delphi Motion