ANDREW M. CUOMO
ATTORNEY GENERAL OF THE STATE OF NEW YORK
Nancy Hershey Lord, Assistant Attorney General
New York State Office of the Attorney General
The Capitol
Albany, NY 12224
Telephone: (518) 473-6992
Facsimile: (518) 408-2057

Attorney for the New York State
Workers Compensation Board

Hearing Date: July 13, 2009
Hearing Time: 9:45 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**In re**

**General Motors Corp., et al.,**

                        **Debtors.**

-------------------------------------------------------------x

**Case # 09-50026-reg**

**(Jointly Administered)**

## LIMITED OBJECTION OF THE
## NEW YORK STATE WORKERS' COMPENSATION BOARD

The New York State Workers' Compensation Board (NYSWCB), by its attorney,

ANDREW M. CUOMO, Attorney General of the State of New York, for its limited objection to

the Motion of Debtors For Entry Of Order Approving (I) Master Disposition Agreement For

Purchase of Certain Assets of Delphi Corporation, (II) elated Agreements, (III) Assumption And

Assignment Of Executory Contracts, (IV) Agreement With Pension Benefit Guaranty

Corporation, and (V) Entry Into Alternative Transaction In Lieu Thereof, dated June 20, 2009

(the "Motion"), hereby states as follows:

       1.      The New York State Workers' Compensation Law ("WCL"), originally created in

1914 as the result of an historic agreement between employers and workers, ensures that in

exchange for guaranteed medical coverage and compensation for lost earnings, employees would

not sue their employers in the event of an on-the-job injury. The WCL creates a comprehensive mandatory workers' compensation system, serving to protect both injured workers and their employers. It includes an exclusive remedy through State administrative and judicial processes to address all questions arising under the system. Thus, in filing this limited objection, the NYSWCB does not waive these State administrative and judicial processes and asserts as part of its stated objection that any New York Workers' Compensation issues created by the Proposed Transaction, must be resolved pursuant to the WCL through New York's statutory processes, so as to preserve the statutory scheme and the authority afforded the NYSWCB and its Chairman.

2.    Pursuant to Article 8 of the WCL and the rules, regulations and policies promulgated thereunder, the Board and its Chairman are responsible for administering all matters relating to workers' compensation.

3.    Every employer, as defined by WCL § 2(3), must provide for the payment of benefits to its employees as required by the WCL. WCL §§ 10 & 50.

4.    The WCL provides three methods of providing coverage to employees for workers' compensation benefits. An employer may: 1) purchase a worker's compensation insurance policy from an insurance company authorized by the New York Superintendent of Insurance to provide such coverage, 2) purchase a policy from the New York State Insurance Fund, a quasi-public carrier, that writes workers' compensation insurance, or 3) self-insure with the permission of the Chairman of the NYSWCB, either individually or as part of a group. If an employer is permitted to self-insure individually, the proposed self-insurer must deposit with the Chairman specified securities, cash, surety bonds, or an irrevocable letter of credit, in an amount to be determined by the Chairman.

2

5.      Delphi Corporation ("Delphi"), which has operated facilities in Rochester, NY and Lockport, NY, since its spin-off from General Motors Corporation in 1999, is an "employer" as defined by WCL §§ 2(3) and 50(3-a)(1)(a) - (c) and was  required to provide workers' compensation coverage for its employees.  Delphi was permitted to insure as an individual self-insurer and, upon information and belief, has, to date, been paying its workers' compensation claims.   Under Delphi's confirmed plan of reorganization, all workers' compensation claims were to flow through the bankruptcy case and continue to be paid in the ordinary course. Throughout Delphi's chapter 11 case and during periods following confirmation of its plan, Delphi made repeated representations and provided repeated assurances to the NYSWCB that the workers' compensation obligations arising from the Rochester and Lockport facilities would continue to be met.   Moreover, Delphi's approved Disclosure Statement accompanying its plan of reorganization set forth this commitment and described its status as a New York self-insurer as follows:

> "In the State of New York, the Debtors currently provide their Employees with self-insured workers' compensation.  Pursuant to workers' compensation policies, Employees seeking reimbursement for work-related injuries file their claims directly against the Debtors.  In connection with their self-insured workers' compensation, the Debtors are required by some of the states in which they operate as a self insured, including New York, to post security such as cash, securities, irrevocable letters of credit, security deposits, or surety bonds for the benefit of the respective state.  Failure of the Debtors to pay their workers' compensation obligations can result in a draw down in the affected state of such letters of credit, security deposits, and/or surety bonds.  Further, failure to maintain the requisite security could give a state the right to revoke the Debtors' self-insured employer status.  By virtue of the provisions of a first day order entered in the Chapter 11 Cases, the Debtors were authorized to pay all amounts related to workers' compensation claims and incurred but not reported claims.

> To date, the Debtors have paid all workers' compensation obligations to their

3

Employees arising in the State of New York.  Under the Plan, all workers' compensation obligations, regardless of whether they arise from prepetition or postpetition events, and regardless of whether a proof of claim has been filed, will flow through the Plan and continue to be paid by the Debtors in the ordinary course.

The Debtors have been advised by the State of New York Workers' Compensation Board ("NYSWCB") that because of recalculations by the NYSWCB based upon reports submitted by the Debtors, the amount of security currently posted by the Debtors with New York is substantially inadequate and would require a significant increase to be in compliance with the updated requirements.  The Debtors do not agree with the revised calculation and take issue with the conclusions of the NYSWCB.  As a result, representatives of the Debtors and the NYSWCB have been in continuing discussions to try to resolve this issue.  If this issue is not resolved to the satisfaction of the NYSWCB, it is likely that the State of New York will seek to terminate Delphi's ability to maintain self-insured status pursuant to provisions of the New York State's Workers' Compensation Law.  Delphi reserves its right to challenge any such effort. In the event the Debtors' ability to maintain self-insured status is revoked, alternative arrangements for workers' compensation coverage would most certainly be more costly."  (Emphasis added.)

*First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession; In re Delphi Corporation, et. al.; Chapter 11, USBC SDNY; Case No. 95-44481(RDD); Docket entry # 11388; pgs DS159-160.*

6.      In the Motion, General Motors Corporation ("GM") and its affiliated debtors seek

Court authorization and approval  for the purchase by one or more GM non-debtor subsidiaries of

certain assets of Delphi, pursuant to the terms of the Master Disposition Agreement For Purchase

of Certain Assets of Delphi Corporation (the "Proposed Transaction").  The Proposed

Transaction sets forth that GM Components Holdings, LLC, a recently formed non-debtor

subsidiary corporation of GM, or such other entity as GM Components Holdings, LLC designates

(the "GM Buyer"), would be buying the assets that comprise the Delphi facilities in Rochester,

New York and Lockport, New York, with the exception of the technical center associated with

the Rochester, New York facility, located in Henrietta, New York.

4

7.      If the Proposed Transaction is consummated, the GM Buyer will also be an
"Employer" as defined by WCL § 2(3) and thus required to provide workers' compensation
coverage for its employees.  While the Motion states that as consideration for the assets it seeks to
purchase, the GM Buyer will assume "certain ordinary course of business liabilities associated
with the GM Purchased Assets," the Master Disposition Agreement for the Proposed Transaction
fails to sufficiently address how the GM Buyer intends to fulfill the continuing workers'
compensation obligations for the employees at the Rochester and Lockport plants and the method
it shall seek to utilize to address those and future obligations.

8.      Thus the NYSWCB has been left with no choice but to object to the Proposed
Transaction: 1) to the extent the assumption of liabilities by the GM Buyer, as described in the
Motion, section 2.2 of the Master Disposition Agreement, or any applicable schedule to said
section, fails to include a) compensation liabilities due to employees arising from their
employment at  the Rochester and Lockport facilities; b) any obligations to the NYSWCB  that
result from Delphi's failure to adequately respond to its obligations as an employer and a self-
insurer under the WCL and the rules, regulations, and policies promulgated thereunder or to
adequately address the demands of the Chairman of the NYSWCB;  c) claims due to the
NYSWCB arising from actual, necessary costs and expenses of preserving the Delphi estate by
refraining from revoking Delphi's privilege to maintain self-insured status to date; and 2) based
upon its failure to address the manner in which the GM Buyer intends to comply with the
provisions of the WCL as an employer obligated to provide for the payment of benefits to its
employees including, but not limited to, all Transferred Employees as defined in the Proposed
Transaction.

9.      To the extent that the Debtor-Movants have control over Parnassus Holdings II, LLC, the NYSWCB requests that this limited objection apply to its proposed course of action in seeking to purchase the technical center associated with the Rochester facility, which is located in Henrietta, New York.

WHEREFORE, the NYSWCB respectfully requests that any Order granting the Motion take into consideration this limited objection and 1) provide clarification regarding the extent to which the non-debtor GM Buyer will assume workers' compensation liabilities due to employees arising from their employment at the Rochester and Lockport New York facilities and the manner in which it intends to insure for workers' compensation in accordance with the WCL; and 2) preserve the authority created under the WCL for the NYSWCB, its Chairman, and  the applicable administrative and judicial bodies to resolve any New York workers' compensation issues that may arise in connection with compensation coverage of the employees at the Rochester and Lockport, New York facilities.

Dated: Albany, New York
        July 8, 2009

                                ANDREW M. CUOMO
                                Attorney General of the State of New York
                                Attorney for the New York State Workers'
                                        Compensation Board

                        By:      /s/ Nancy Hershey Lord
                                Nancy Hershey Lord (NHL-3067)
                                Assistant Attorney General
                                The Capitol
                                Albany, NY 12224
                                Telephone:  (518) 473-6992
                                Facsimile: (518) 408-2057

## CERTIFICATE OF SERVICE

NEAL S. MANN certifies that:

He is an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, Attorney for the New York State Department of Taxation and Finance herein. On the 8th day of July, 2009 he electronically filed the annexed LIMITED OBJECTION OF THE NEW YORK STATE WORKERS' COMPENSATION BOARD which will result in notification of such filing being sent to all ECF participants in these cases.

/s/ Neal S. Mann
NEAL S. MANN