Olshan Grunman Frome
Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022
(212) 451-2300
Andrea Fischer (AF 2591

and

Tiffany Strelow Cobb (*pro hac vice* admission pending)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-8322

*Counsel for Turner Broadcasting System, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| GENERAL MOTORS CORP., et al., : | Case No. 09-50026 (REG) |
| : | Jointly Administered |
| Debtors. : | |
| : | |

**LIMITED OBJECTION OF TURNER BROADCASTING SYSTEM, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Turner Broadcasting System, Inc. and/or certain of its subsidiaries ("TBS, Inc."), by and through its undersigned counsel, hereby files this Limited Objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real

1

Property and (II) Cure Amounts Related Thereto (the "Notice").  In support of its Limited Objection, TBS, Inc. respectfully states as follows:

**Background**

1. On June 1, 2009 (the "Petition Date"), General Motors Corp. and three of its domestic direct and indirect subsidiaries (collectively, "GM") filed voluntary petitions for bankruptcy relief under Chapter 11 of the Bankruptcy Code.

2. TBS, Inc. is a service provider to GM.

3. On June 2, 2009, this Court entered its Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (Dkt. No. 274) (the "Order").  The Order approved certain procedures (the "Contract Procedures") that govern the assumption and assignment of contracts in connection with the sale of certain of GM's assets to Vehicle Acquisition Holdings LLC or another purchaser ("Purchaser").  Among its many provisions, the Order requires GM to provide notice, via a secure website (the "Contract Website"), to nondebtor counterparties to contracts with GM of the proposed cure amount on any contracts they have with GM that GM or the Purchaser could seek to assume.  Order at 9.

4. Under the Order and the Contract Procedures, any nondebtor counterparty with an objection to GM's proposed assumption and assignment of its contracts to Purchaser must file an objection on or within 10 days of the date of the Notice.  Order at 10.

5. From reviewing other objections filed in this case, TBS, Inc. is aware that information on the Contract Website has sometimes been incomplete or has fluctuated following the mailing of a Notice to a nondebtor counterparty to a contract.

6. On July 6, 2009 a Certificate of Service was filed (Dkt. No. 2994) (the "Certificate Service"), in which Debtors identified nondebtor counterparties to contracts on whom Debtors asserted they served assumption notices. Specifically, on Exhibit B to the Certificate of Service, Debtors list in the Certificate of Service each nondebtor counterparty address to which Debtors state they served an "Assumption Letter"[1] by mail on either June 5, 2009, June 12, 2009 or June 16, 2009.

7. TBS, Inc. is listed on Exhibit B to the Certificate of Service as having been mailed an Assumption Letter (the "TBS, Inc. Assumption Notice").

8. TBS, Inc. does not have record of receiving the TBS, Inc. Assumption Notice.

9. Through its counsel, TBS, Inc. advised Debtors that it did not receive an TBS, Inc. Assumption Notice or any other notice relative to the assumption and assignment of executory contract(s), and TBS, Inc. requested a copy of any such notice.

10. On July 8, 2009, Debtors provided TBS, Inc. with a copy of the TBS, Inc. Assumption Notice, which is not dated. The TBS, Inc. Assumption Notice contained a website address, ID and password (the "Contract Website").

11. The Contract Website lists one contract between TBS, Inc. and GM (the "TBS, Inc. Contract") as "to be assumed." However, the TBS, Inc. Contract is not identified.

---

[1] Attached to the Certificate of Service as Exhibit D.

Further, although the Contract Website includes a link to a stated cure amount, no amount is listed.

12. Given that the TBS, Inc. Assumption Notice does not contain the essential information to enable TBS, Inc. to evaluate that notice, TBS, Inc. has sought clarification from Debtors. To date, no clarification has yet been provided.

**Limited Objection**

13. TBS, Inc. files this limited objection due to the incomplete information contained in the TBS, Inc. Assumption Notice and to highlight that it did not receive the TBS, Inc. Notice as reflected in the Certificate of Service.

14. TBS, Inc. currently has no information with which to evaluate whether Debtors' proposed cure amount is accurate, because no cure amount is listed (and the specific contract(s) is not identified).

15. The Order requires the Contract Website to contain the cure amount for each Assumable Executory Contract. Order at 9. The Notice, the form of which the Order approved, permits additional contracts to be designated as Assumable Executory Contracts "by providing notice to the affected Non-Debtor Counterparties." Notice at ¶ 13. Silently updating a list of contracts contained on a private website is not "notice." Indeed, the Contract Website does not offer a counterparty the option of receiving automated notices when information is updated and changed. It is critically important for counterparties to receive notice when contracts are added to the list, because the list proposes a cure amount for each contract—an amount that the Notice deems the counterparty to have accepted unless the counterparty objects prior to the deadline. Notice at ¶ 12. While TBS, Inc. appreciates that GM's additions to the list of contracts are an attempt at accuracy in a task which is difficult to perform quickly and

4

accurately, the Order does not – and cannot – require counterparties to reconcile and object to a moving target.

16.    While TBS, Inc. believes the issue can be resolved without the need for judicial intervention, to be prudent, it files this Limited Objection as a protective measure.

## Conclusion

17.    For the foregoing reasons, TBS, Inc. files its Limited Objection to the Notice.

Dated: New York, New York
July 10, 2009

    OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

By:    /s/ Andrea Fischer
    Andrea Fischer (AF 2591)
    Park Avenue Tower
    65 East 55th Street
    New York, New York 10022
    (212) 451-2300

and

Of counsel:

    Tiffany Strelow Cobb
    Vorys, Sater, Seymour and Pease LLP
    52 E. Gay Street
    P.O. Box 1008
    Columbus, OH 43216-1008
    (614) 464-8322