**HEARING DATE AND TIME: August 3, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 28, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**NOTICE OF DEBTORS' FOURTH OMNIBUS MOTION PURSUANT
TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated July 10, 2009 (the

"**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated

debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section

365, of title 11, United States Code to reject certain executory contracts (collectively, the

"**Executory Contracts**"), as more fully set forth in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **August 3, 2009 at 9:00 a.m. (Eastern Time)**, or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan

48265 (Attn: Ted Stenger, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman,

Esq.); (v) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein,

Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth

H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod,

Esq.); (vii) the Office of the United States Trustee for the Southern District of New York (Attn:

Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; and (viii)

the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York

10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later

than **July 28, 2009 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

        If no objections are timely filed and served with respect to the Motion, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Motion, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      July 10, 2009

        /s/ Joseph H. Smolinsky
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtors
        and Debtors in Possession

**HEARING DATE AND TIME: August 3, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 28, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                  :       Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :       **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*        :
:
Debtors.          :       **(Jointly Administered)**
:
-------------------------------------------------------------x

**DEBTORS' FOURTH OMNIBUS MOTION PURSUANT**
**TO 11 U.S.C § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), respectfully represent:

**<u>Relief Requested</u>**

1.      Pursuant to section 365(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory

contracts (the "**Executory Contracts**").  A list of the affected Executory Contracts is attached

hereto as **Exhibit A**.  The Debtors request that the rejection of the Executory Contracts be

effective as of August 3, 2009 (the "**Rejection Date**").  A proposed form of order (the "**Order**")

is attached hereto as **Exhibit B**.

2.     In accordance with Rule 6006(f), the proposed list of Executory Contracts

lists parties alphabetically and contains fewer than 100 contracts.

### Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.     On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**"),

requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and

(m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets

pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the

"**MPA**") among the Debtors and Vehicle Acquisition Holdings LLC [now NGMCO, Inc.] (the

"**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S.

Treasury**"), free and clear of liens, claims, encumbrances, and other interests, including any

successor liabilities (the "**363 Transaction**"), (ii) the assumption and assignment of certain

executory contracts and unexpired leases of personal property and of nonresidential real

property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or

better offers.

5.       On July 5, 2009, the Court approved the 363 Transaction, and on July 10,

2009, the 363 Transaction closed.

### The Executory Contracts

6.       The Debtors are currently undergoing a comprehensive review of their

executory contracts to determine which contracts to assume and which to reject.  Because the

Debtors have sold substantially all of their assets in the 363 Transaction and are now winding

down their remaining operations, the Debtors no longer require certain executory contracts and

will seek to reject those contracts that provide no meaningful value or benefit to the Debtors'

estates.  The Debtors have reviewed the Executory Contracts that are the subject of this Motion

and have determined, in the their sound business judgment, that continuing the Executory

Contracts would be costly and would provide no corresponding benefit or utility to the Debtors

or their estates.

7.       The Executory Contracts include: (i) promotion and marketing agreements

relating to GM brand vehicles that were included in the 363 Transaction or will be eliminated as

part of the Debtors' wind-down process, (ii) manufacturing supply contracts that are no longer

needed due to the sale or discontinuation of the related GM vehicle brands, (iii) a child care

center services contract for a GM plant that is no longer operational, and (iv) stock and asset

purchase agreements with surviving indemnification and other mutual obligations.

8.       Consequently, the Executory Contracts are not necessary for the Debtors'

continued business operations or the administration of the Debtors' estates, and maintaining the

Executory Contracts would impose unnecessary costs and burdens on the Debtors' estates.  The

Debtors have also explored the possibility of marketing the Executory Contracts, but have

determined that doing so would provide no meaningful benefit or value to the Debtors' estates.

Accordingly, the Debtors submit this Motion to reject the Executory Contracts.

9.    In each instance, the Debtors propose that the rejection of the Executory

Contracts be effective as of August 3, 2009.

### Rejection of the Executory Contracts Is Supported by the Debtors' Business Judgment and Should Be Approved by the Court

10.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor in possession, "subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521

(1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind

allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-

possession to use valuable property of the estate and to 'renounce title to and abandon

burdensome property.' " *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures

Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

11.    Courts defer to a debtor's business judgment in rejecting an executory

contract or unexpired lease, and upon finding that a debtor has exercised its sound business

judgment, approve the rejection under section 365(a) of the Bankruptcy Code.  *See Bildisco &

Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve

rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein

Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment"

standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d

Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an

executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y.

1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because

such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89

(Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under

§ 365(a) in the exercise of its "business judgment").

        12.    The "business judgment" standard is not a strict standard; it requires only

a showing that either assumption or rejection of the executory contract or unexpired lease will

benefit the debtor's estate.  *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To

meet the business judgment test, the debtor in possession must 'establish that rejection will

benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr.

S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business

discretion, the court for the most part must only determine that the rejection will likely benefit

the estate.") (quoting *G Survivor*, 171 B.R. at 757)).  Further, under the business judgment

standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless

it is the product of 'bad faith, or whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R.

103, 121 (Bankr. D. Del. 2001).

        13.    As noted above, the Debtors have reviewed the Executory Contracts and

have determined that in light of the sale of substantially all of the Debtors' assets and subsequent

wind-down, the Executory Contracts are no longer necessary for or beneficial to the Debtors'

ongoing business, and create unnecessary and burdensome expenses for the Debtors' estates.  In

addition, the Debtors have determined that no meaningful value would be realized by the

Debtors if the Executory Contracts were assumed and assigned to third parties.  Accordingly, the

Executory Contracts should be rejected.

## Notice

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (v) the attorneys for the ad hoc bondholders committee, (vi) the U.S. Attorney's Office, S.D.N.Y., (vii) the counterparties to the Executory Contracts, and (viii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
July 10, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Executory Contracts**

**ERROR! NO PROPERTY NAME SUPPLIED.**

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 1 | COMCAST CORP. | Comcast Corp.<br>Attn: Steve Burke<br>1500 Market Street<br>Philadelphia, PA 19102 | Promotional Agreement | 1/1/2008 |
| 2 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 06/10/2007 |
| 3 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 4 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 5 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 6 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 03/18/2008 |
| 7 | ELECTRONIC DATA SYSTEMS CORPORATION | Electronic Data Systems Corporation<br>Attn: Chief Executive Officer<br>Mail Stop: H2-7W-40<br>5400 Legacy Drive<br>Plano, TX 75024<br><br>Electronic Data Systems Corporation<br>Attn: General Counsel<br>Mail Stop: H3-3D-05<br>5400 Legacy Drive<br>Plano, TX 75024 | Separation Agreement | 6/7/1996 |

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 8 | KNOWLEDGE LEARNING CORPORATION | Knowledge Learning Corporation<br>650 NE Holladay , Suite 1400<br>Portland, OR 97232 | Child Care Services Agreement | 10/16/00 |
| 9 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn:  Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn:  General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Asset Purchase Agreement (MABU) | 3/31/1994 |
| 10 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn:  Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn:  General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Stock Purchase Agreement (ITT) | 3/31/1994 |
| 11 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 12 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 13 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 14 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 15 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 16 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 17 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 18 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 19 | PLAY BY PLAY SPORTS, LLC<br>D/B/A NOTRE DAME SPORTS PROPERTIES | Play by Play Sports, LLC (D/B/A Notre Dame Sports Properties)<br>Attn: Scott Correira<br>113 Joyce Center<br>Notre Dame, IN 46556 | Promotional Agreement | 10/15/2005 |

## Exhibit B

### Proposed Order

ERROR! NO PROPERTY NAME SUPPLIED.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
|  |  :  |  |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
------------------------------------------------------------------x

## FOURTH OMNIBUS ORDER
## PURSUANT TO 11 U.S.C. § 365 OF THE BANKRUPTCY
## CODE TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion, dated July 10, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a)

of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the

Debtors to reject certain executory contracts, all as more fully described in the Motion; and due

and proper notice of the Motion having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and
Bankruptcy Rules 6006 and 9014, the Debtors are hereby authorized to reject the Executory
Contracts listed on **Annex I** attached hereto, effective as of August 3, 2009; and it is further

ORDERED that upon service of this Order upon the counterparties to the
Executory Contracts, the Executory Contracts shall be deemed rejected, effective as of the
August 3, 2009; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all
matters arising from or related to the implementation, interpretation and/or enforcement of this
Order.

Dated: _____, 2009
     New York, New York

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

## Annex I

**Executory Contracts**

**ERROR! NO PROPERTY NAME SUPPLIED.**

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 1 | COMCAST CORP. | Comcast Corp.<br>Attn: Steve Burke<br>1500 Market Street<br>Philadelphia, PA 19102 | Promotional Agreement | 1/1/2008 |
| 2 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 06/10/2007 |
| 3 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 4 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 5 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 6 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc.<br>Attn: Mark Denny, V.P. of U.S. Operations<br>2800 Center Point Parkway<br>Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 03/18/2008 |
| 7 | ELECTRONIC DATA SYSTEMS CORPORATION | Electronic Data Systems Corporation<br>Attn: Chief Executive Officer<br>Mail Stop: H2-7W-40<br>5400 Legacy Drive<br>Plano, TX 75024<br><br>Electronic Data Systems Corporation<br>Attn: General Counsel<br>Mail Stop: H3-3D-05<br>5400 Legacy Drive<br>Plano, TX 75024 | Separation Agreement | 6/7/1996 |

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 8 | KNOWLEDGE LEARNING CORPORATION | Knowledge Learning Corporation<br>650 NE Holladay , Suite 1400<br>Portland, OR 97232 | Child Care Services Agreement | 10/16/00 |
| 9 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn:  Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn:  General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Asset Purchase Agreement (MABU) | 3/31/1994 |
| 10 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn:  Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn:  General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Stock Purchase Agreement (ITT) | 3/31/1994 |
| 11 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 12 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 13 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of  Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |

| | Counter Party / Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 14 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 15 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 16 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 17 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 18 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 19 | PLAY BY PLAY SPORTS, LLC<br>D/B/A NOTRE DAME SPORTS PROPERTIES | Play by Play Sports, LLC (D/B/A Notre Dame Sports Properties)<br>Attn: Scott Correira<br>113 Joyce Center<br>Notre Dame, IN 46556 | Promotional Agreement | 10/15/2005 |