Matthew S. Barr
Tyson M. Lomazow
Samuel A. Khalil
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000

*Attorneys for Wells Fargo Bank Northwest,*
*National Association, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**MOTION TO RECONSIDER COURT'S ENTRY OF STIPULATION AND ORDER RESOLVING OBJECTION TO SALE MOTION (DOCKET NO. 2947)**

Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as successor indenture trustee (the "**Indenture Trustee**"), by and through its undersigned counsel, hereby files this motion to reconsider (the "**Motion**") the Stipulation and Order resolving Objection to Sale Motion, dated July 2, 2009 (the "**Stipulation and Order**") (Docket No. 2947), by and between Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and General Electric Capital Corporation ("**GECC**"). In support of the Motion, the Indenture Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. On July 2, 2009, the final day of this Court's three-day evidentiary hearing (the "**Sale Hearing**") to consider the Debtors' motion for entry of an order pursuant to 11 U.S.C. §§ 363 and 365 authorizing, *inter alia*, the sale of certain of their core assets (the "**Sale**") to General Motors Company (f/k/a Vehicle Acquisitions Holdings LLC) (the "**Purchaser**") and related relief, the Debtors' confirmed on the record that the Indenture Trustee's objection to the Sale had been resolved on the following terms: (i) the Debtors' confirmation that the leveraged leases commonly known as GM2001A-1 through GM2001A-8 had not been designated as executory contracts to be assumed, assumed and assigned, or rejected pursuant to the Sale and (ii) all parties' to such leveraged leases respective rights were reserved.[1] This agreement was further memorialized in an e-mail communication from Debtors' counsel to the Indenture Trustee's counsel on July 2, 2009, a copy of which is annexed hereto as Exhibit "A."

2. Concurrent with the resolution the Indenture Trustee's objection, the Debtors' also resolved an objection filed by GECC, the owner participant under the Leveraged Leases. Although the Indenture Trustee's objection was resolved as stated on the record of the hearing (and via e-mail correspondence), GECC's objection was resolved pursuant to the Stipulation and Order.

3. Given that the Indenture Trustee is not a party to the Stipulation and Order, and in light of the Debtors' statement on the record that the Indenture Trustee's rights under the Leveraged Leases were expressly preserved, the Indenture Trustee

---

[1] This Motion seeks reconsideration of the Stipulation and Order only insofar as it purports to affect the Indenture Trustee's rights pursuant to the leveraged leases (and the operative documents thereto) identified in Schedule A to the Stipulation and Order as 2001 A-2, 2001 A-4, 2001 A-6, and 2001 A-8 (the "**Leveraged Leases**").

2

believes that none of its rights *vis-à-vis* the Debtors or GECC under the Leveraged Leases were modified or impaired upon entry of the Stipulation and Order. Indeed, the Debtors, GECC, and the Indenture Trustee are negotiating the terms of a supplemental Stipulation and Order clarifying that the Stipulation and Order did not impair or modify the Indenture Trustee's rights in such fashion.

4. However, because the parties have not yet finalized a supplement to the Stipulation and Order, out of an abundance of caution, the Indenture Trustee moves for reconsideration of the Stipulation and Order to the extent it modifies or affects the Indenture Trustee's rights under the Leveraged Leases relative to GECC or the Debtors, or limits the Indenture Trustee's entitlement to appropriate notice of, and the opportunity to be heard with respect to, any future assumption, assumption and assignment, or rejection of any of the Leveraged Leases. The Indenture Trustee reserves the right to supplement this Motion in the event an agreement on the terms of a supplement to the Stipulation and Order is not reached.

## **ARGUMENT**

5. Bankruptcy courts have the power to reconsider, modify, or vacate their own orders when the interests of justice so require, as long as no intervening rights have become vested in reliance on such orders. See, e.g., Meyer v. Lenox (In re Lenox, 902 F.2d 737, 739-40 (9th Cir. 1990); Maxwell Newspapers, Inc. v. Travelers Indemnity Co. (In re Maxwell Newspapers, Inc.), 170 B.R. 549, 550 (S.D.N.Y. 1994); Farmers Nat'l Bank of Osborne v. Mettlen (In re Mettlen), 174 B.R. 822, 826 (D. Kan. 1994); Conn. Nat'l Bank v. Babco, Inc. (In re Babco, Inc.), 133 B.R. 286, 289 (Bankr. D. Conn. 1991). Accordingly, this Court may reconsider its entry of the Stipulation and Order to the

3

extent requested herein, because the interests of justice so require, and no party has reasonably changed its position in reliance on the Stipulation and Order.  To prevail on a motion for reconsideration, the movant "must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision."  In re Teligent, Inc., 325 B.R. 134, 136 (Bankr. S.D.N.Y. 2005).

6.  Paragraph 5 of the Stipulation and Order provides that "if Purchaser does not agree in writing to be bound by the terms and conditions of this Stipulation (which agreement shall be delivered to Debtors, GECC, and counsel for the Official Committee of Unsecured Creditors) within five business days after the close of the Sale, each Lease shall be deemed rejected as of such date and the automatic stay shall be lifted without further order of the Court to allow GECC to take possession of the Leased Assets."  Stipulation and Order, ¶ 5.

7.  To the extent paragraph 5 provides for the automatic rejection of the Leveraged Leases (in the absence of a motion to reject with proper notice to all affected parties), such provision is inconsistent with Fed. R. Bankr. P. 6006 and 9014 and impairs the due process rights of the Indenture Trustee.  See In re Burger Boys, Inc., 94 F.3d 755, 763 (2d Cir. 1996) ("By allowing Burger Boys to assume or reject the lease by filing an election and without providing an opportunity for South Street to oppose a motion to assume, the district court erred."); In re Nat'l Gypsum Co., 208 F.3d 498, 511-12 (5th Cir. 2000) (adequate notice of rejection of an executory contract is necessary, among other reasons, to ensure that non-debtor party to a rejected contract has an opportunity to file a timely claim for rejection damages.).  The Debtors and GECC may not, by stipulation, deprive the rights afforded to the Indenture Trustee by Congress pursuant to

4

Federal Rules of Bankruptcy Procedure. As such, the interests of justice require that the Court reconsider its entry of the Stipulation and Order.

8. In addition, absent clarification that the Stipulation and Order does not impair or modify the rights of the Indenture Trustee under the Leveraged Leases vis-à-vis the Debtors or GECC, the Stipulation and Order is inconsistent with the rights and remedies specifically vested in the Indenture Trustee under the Leverage Leases. The Debtors and GECC may not unilaterally modify or impair the rights of third parties absent appropriate notice and due process. To the extent the Stipulation and Order purports to impermissibly modify or amend the rights of the Indenture Trustee under the terms of the Leveraged Leases, notwithstanding the reservation of the Indenture Trustee's rights on the record at the Sale Hearing, the interests of justice require that the Court reconsider its entry of the Stipulation and Order.

## **CONCLUSION**

WHEREFORE, the Indenture Trustee respectfully requests entry of an

[Remainder of Page Intentionally Left Blank]

order (i) granting the Motion, (ii) scheduling re-argument with respect to the Stipulation and Order, and (iii) granting the Indenture Trustee such other relief as is just and proper.

Dated: New York, New York
July 13, 2009

**MILBANK, TWEED, HADLEY & McCLOY LLP**

 /s/ Matthew S. Barr
Matthew S. Barr
Tyson M. Lomazow
Samuel A. Khalil
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
mbarr@milbank.com
tlomazow@milbank.com
skhalil@milbank.com

*Attorneys for Wells Fargo Bank Northwest,
National Association, as Indenture Trustee*