**Hearing Date: July 13, 2009, at 9:45 a.m. (Eastern Time)**
**Objection Deadline: July 8, 2009, at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :

**In re**                                      :         **Chapter 11 Case No.**

**MOTORS LIQUIDATION COMPANY, *et al.*,**   :         **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*   :

                     **Debtors.**        :         **(Jointly Administered)**
                                                  :
------------------------------------------------------------------x

**ORDER APPROVING (I) MASTER DISPOSITION AGREEMENT FOR PURCHASE OF CERTAIN ASSETS OF DELPHI CORPORATION, (II) RELATED AGREEMENTS, (III) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, (IV) AGREEMENT WITH PENSION BENEFIT GUARANTY CORPORATION, AND (V) ENTRY INTO ALTERNATIVE TRANSACTION IN LIEU THEREOF**

        Upon the motion, dated June 20, 2009 (the "**Motion**"), as orally modified at the Hearing (as defined below), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**GM**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 365 of the Bankruptcy Code,[1] for entry of an order authorizing and approving GM's (i) purchase, and guarantee of purchase, of certain assets of Delphi pursuant to the MDA, (ii) entry into the SPA, the Loan Agreement, and the Commercial Agreements with Parnassus in connection with Parnassus' purchase of substantially all of the remaining assets of Delphi, (iii) assumption of certain executory contracts in connection with the sale of certain of Delphi's assets and assignment of such contracts and leases to Vehicle Holdings, (iv) entry into an agreement with

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the PBGC in connection with such transaction, and (v) entry into an alternate transaction with the successful bidder at the Delphi Auction, all as more fully described in the Motion; it is

FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.).

B.    Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    Due and proper notice of the Motion was provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Treasury, (iii) the attorneys for Delphi, (iv) the attorneys for Parnassus and Platinum, (v) the attorneys for Export Development Canada, (vi) the attorneys for the agent under GM's prepetition secured term loan agreement, (vii) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (viii) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (ix) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (x) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (xi) the United States Department of Labor, (xii) the attorneys for the National Automobile Dealers Association,

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

(xiii) the attorneys for the ad hoc bondholders committee, (xiv) the U.S. Attorney's Office, S.D.N.Y., (xv) the attorneys for the PBGC, and (xvi) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and no other or further notice need be provided.

E.   GM has provided adequate assurance that it will promptly cure any defaults under the GM Assumed Contracts.

F.   GM has provided adequate assurance of future performance by General Motors Company ("**GMC**") of the GM Assumed Contracts, and no further showing of adequate assurance is necessary.

G.   Based upon the record of the hearing to consider the relief requested in the Motion (the "**Hearing**") and all of the proceedings had before the Court, the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors.

H.   The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is granted as provided herein and all objections thereto are overruled to the extent not already resolved or dismissed.

2.   GM's entry into the Assignment Agreement annexed as **Exhibit A** hereto (the "**Assignment Agreement**") is hereby approved, and GM is authorized and directed to perform obligations thereunder.

3.   GM's entry into the Agreements (as defined in the Assignment Agreement) is hereby authorized solely with respect to provisions of the Agreements relating to the obligations that GM is not released from pursuant to section 1.3 of the Assignment Agreement (such

unreleased obligations, the "**GM Retained Obligations**"), and GM is authorized to perform the GM Retained Obligations (as may be modified so as not to materially increase in the aggregate any payments to be made or liabilities to be assumed by GM).

4. GM is authorized to incur, and perform obligations in respect of, any alternative transaction that GMC may enter into with another bidder for the purchase by GMC or any other party of some or all assets of Delphi and/or any of its affiliates, so long as such alternative transaction (i) has terms that, taken as a whole, are, in GM's judgment, equally or more advantageous to GM than the Proposed Transaction, as modified by the terms of the Assignment Agreement (the "**Modified Proposed Transaction**"), and (ii) does not require GM to expend funds or assume liabilities that would be materially more in the aggregate than it would expend or assume, as applicable, in respect of the Modified Proposed Transaction (such alternative transaction is herein referred to as an "**Acceptable Alternative Transaction**").

5. Upon the consummation of the Modified Proposed Transaction, GM shall automatically be authorized and directed to assume and simultaneously assign the GM Assumed Contracts to GMC (or any designee of GMC permitted under the terms of the Modified Proposed Transaction).

6. Upon the consummation of any Acceptable Alternative Transaction approved by the Court in the Delphi Cases, GM shall automatically be authorized to assume and simultaneously assign the GM Assumed Contracts to GMC (or any designee of GMC permitted under the terms of such Acceptable Alternative Transaction).

7. For the avoidance of doubt, unless and until the Modified Proposed Transaction or an Acceptable Alternative Transaction is approved by the Court in the Delphi Cases and is consummated (the "**Consummation Date**"), GM shall continue to be a party to and shall retain

all obligations under all existing agreements with Delphi, including all purchase orders, the MRA (as defined in the MDA), and commercial agreements (but excluding the Agreements (as defined in the Assignment Agreement)).  The findings in this Order shall not be binding upon Delphi until the Consummation Date occurs.  If the Consummation Date does occur, the agreements set forth in section 9.19 of the MDA shall be terminated in accordance with and to the extent provided by section 9.19 of the MDA.  The rights of all parties with respect to such agreements shall be preserved.

8.	Nothing in this Order shall preclude or otherwise prejudice any party, including the New York State Workers' Compensation Board, the New York State Department of Environmental Conservation, and the Michigan Department of Environmental Quality (collectively, the "**Objectors**"), from objecting to the approval of the MDA in the Delphi Cases on any ground, including the grounds set forth in the objections to the Motion filed by the Objectors in these chapter 11 cases (the "**Objections**"), and nothing in this Order shall be a determination as to any of the issues raised by the Objectors in the Objections.

9.	This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  July *14*, 2009
          New York, New York

                                                                *s/ Robert E. Gerber*
                                                                United States Bankruptcy Judge

**EXHIBIT A**

US_ACTIVE:\43069745\05\43069745_5.DOC\72240.5726