```
UNITED STATES BANKRUPTCY COURT      :   Docket No.  1891   17 June 2009
SOUTHERN DISTRICT OF NEW YORK       :
                                    :
In Re:                              :   Chapter 11 Case No.
GENERAL MOTORS CORP., et al.,       :   09-50026 (REG)
                    Debtors.        :   (Jointly Administered)
                                    :
                                    :   7.20% Due 15 Jan 2011 ($ 20,000)
RESPONDENT BOND HOLDER:             :   Cusip/isin 370442BB0  Claim # 1
FRANCES H. CATERINA and ALL         :
Others Similarly Situated, et al    :   7.70% Due 15 Apr 2016 ($  6,000)
                                    :   Cusip/isin 370442AU9  Claim # 2
                    Objector/s.     :   (Frances H. Caterina)
```

## REBUTTAL TO OMNIBUS RESPONSE REPLY

Frances H. Caterina, Bond Holder; and all others Similarly Situated, et al; do object, oppose and rebut the Omnibus Response Reply in opposition to the Motion and Terms of Sale Procedure Order (MPA) now before the Court as follows:

1) Trial By Jury is not a statutory right, but rather is Constitutional Right:

> "Where rights secured by the Constitution are involved, their can be no rule making or legislation which abrogate them." (emphasis added) cite: Ernesto A. Miranda v State of Arizona, 348 US 433; 86 Sup Ct Rpt 1602; n73 p 1608

The Bankruptcy Code, legislative law of rules, cannot abrogate the Constitutional Right to trial by Jury or the assention thereof.

2) The Omnibus Response Reply failed to address UCC 2-721 Remedies for Fraud and for non-fraudulent breach:

> "...a decision produced by fraud on the court is not in esssnce a decision at all, and never becomes final."
> ---Kenner, et al vs Commissioner of Internal Revenue, U.S. Court of Appeals, 7C, Sep. Term 1967, Sep. Session 1967, No. 16008, Jan. 5, 1968. Before Hastings, Chief Judge, Castle and Fairchild, Circuit Judges.

See Respondent Bond Holder's REBUTTAL EXHIBIT 'A' Attached.

Frances H. Caterina, Bond Holder; and all others Similarly Situated, et al; submitts the hereinabove Rebuttal to Obmnibus Response Reply (see attached) respectfully to this Court.

Respondent Bond Holder Frances H. Caterina and All
Others Similarly Situated

Date: 30th June 2009
202 Kenyon Drive
Peckville, Pa. 18452
(570) 489-8741

(5)

*Frances H. Caterina*
Frances H. Caterina, et al
"All Rights Reserved UCC 1-207
Explicit., In Pro Se,
without prejudice"

"...a decision produced by fraud on the court is not in essence a decision at all, and never becomes final."
---Kenner, et al vs Commissioner of Internal Revenue, U.S. Court of Appeals, 7C, Sep. Term 1967, Sep. Session 1967, No. 16008, Jan. 5, 1968. Before Hastings, Chief Judge, Castle and Fairchild, Circuit Judges.

"No principle is better settled than the maxim that he who comes into equity must come with clean hands and keep them clean throughout the course of the litigation, and if he violates this rule, he must be denied all relief whatever may have been the merits of his claim.
---Hazel-Atlas Glass Co. vs Hartford Empire Co. (1944), 322 US 238, 250; 64 S. Ct. 997; 88 L ed 1250;
Root Refining Co. vs Universal Oil Products Co. (CCA 3d, 1948) 169 F2d 514, 534-535.

"And while less obvious, an abnegation by the judge of his judicial function, although no actual fraud was perpetrated, may well be a 'legal' fraud by him upon the judicial instutution. But Hazel-Atlas goes much further. In this case the court was not corrupted; and the extent to which the concocted article influenced the court was problematical. But granted that if the concoction and use of the article constituted fraud upon the court and hence relief should be granted without a determination that the judgment was the product of this fraud....
"One point of difference, although not stressed by the Court in Hazel-Atlas, is that an attorney of Hartford was implicated in perpetrating the fraud. We believe that this is important, for an attorney is an officer of the court. While he should represent his client with singular loyalty that loyalty does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court."
---7 Moore's Fed. Prac., p. 510.

"The court will not shrink from putting respondents to their defense if it is shown that injustice or fraud resulted from the corruption of its officers."
---Chicago Title & Trust Co. vs Fox Threatres Corp. 182 F. Supp. 18 (SDNY).

"Indeed these facts not only justify the inquiry but impose upon us the duty to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud..."

RESPONDENT BOND HOLDER'S
REBUTTAL EXHIBIT 'A'

(6)

| Docket No. | Name of Objector | Summary of Objection | Response |
|---|---|---|---|
| 1759 | Radha R.M. Narumanchi | The Debtors did not provide adequate notice of the 363 Motion to its stakeholders. The 363 Motion should not be decided in an expedited manner. | *See* below response (to Docket No. 1969). |
| 1891 | Francis H. Caterina, et al | The MPA violates the U.C.C. and unfairly denies objectors the right to a trial by jury. | The 363 Transaction, as contemplated by the MPA, is allowed under the Bankruptcy Code. *See* below response (to Docket No. 1969).<br><br>There is no right to a trial by jury in the context of an asset sale pursuant to section 363 of the Bankruptcy Code. |
| 1893 | Sandra Stevens Goodale | The 363 Transaction does not provide an equitable result to bondholders as compared to other GM stakeholders. | *See* below response (to Docket No. 1969). |
| 1897 | Charles and Mary Reckard | The 363 Transaction does not provide an equitable result to bondholders as compared to other GM stakeholders. | *See* below response (to Docket No. 1969). |
| 1924 | Lucile E. Cochran | The 363 Transaction does not provide an equitable result to bondholders as compared to other GM stakeholders. | *See* below response (to Docket No. 1969). |

2

US_ACTIVE:\43083020\05\43083020_5.DOC\72240.0639

HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 19, 2009 at 5:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------x

In re                                   :    Chapter 11 Case No.
                                        :
**GENERAL MOTORS CORP.,** *et al.,*     :    09-50026 (REG)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
----------------------------------------x

**OMNIBUS REPLY OF THE DEBTORS TO OBJECTIONS TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m),
AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO APPROVE
(A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF**

(8)

```
UNITED STATES BANKRUPTCY COURT          :  Docket No. 1891  17 June 2009
SOUTHERN DISTRICT OF NEW YORK           :
                                        :  Chapter 11 Case No.
In re:                                  :
GENERAL MOTORS CORP., et al.,           :  09-50026 (REG)
                                        :  (Jointly Administered)
                      Debtors.          :
                                        :  7.20% Due 15 Jan 2011 ($ 20,000)
RESPONDENT BOND HOLDERS:                :  Cusip/isin 370442BB0  Claim # 1
FRANCES H. CATERINA and All             :  7.70% Due 15 Apr 2016 ($  6,000)
Others Similarly Situated, et al        :  Cusip/isin 370442AU9  Claim # 2
                      Objector/s        :     (Frances H. Caterina)
```

CERTIFICATE OF SERVICE

OFFICE OF THE CLERK
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NEW YORK, NEW YORK  10004-1408

CLEARY GOTTLIEB STEEN & HAMILTON
LLP, FOR UAW
ONE LIBERTY PLAZA
NEW YORK, NEW YORK 10006

EXPORT DEVELOPMENT CANADA
1633 BROADWAY
47th FLOOR
NEW YORK, NEW YORK 10019

U.S. Attorney's OFFICE SDNY
86 Chambers Street, THIRD FLOOR
NEW YORK, NEW YORK 10007

ATTORNEYS FOR CREDITORS COMMITTEE
THOMAS MOERS MAYER
KRAMER LEVIN NAFTALIS &
FRANKEL, LLP
1177 Avenue of the Americas
NEW YORK, NY 10036

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
NEW YORK, NEW YORK 10153

CADWALADER, WICKERSHAM & TAFT LLP
FINANCIAL CENTER
NEW YORK, NEW YORK 10281

COHEN, WEISS AND SIMON LLP, ATTYS UAW
330 W. 42nd Street
NEW YORK, NEW YORK 10036

OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF NEW YORK
33 WHITEHALL STREET
21St. FLOOR
NEW YORK, NEW YORK 1004

ATTORNEYS FOR CREDITORS COMMITTEE
GORDON Z. NOVORD
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 AVENUE OF THE
AMERICAS
NEW YORK, NY 10036

Parties Served:

REBUTTAL TO OMNIBUS RESPONSE REPLY

I, Frances H. Caterina, so certify that all of the above listed parties were served the hereinabove indicated documents thru the United States Postal Service, First Class Mail, and the postage was prepaid on __30 June 2009__  SO CERTIFIED: _Frances H. Caterina_

Dated: __30 June 2009__

(9)

Frances H. Caterina, Pro Se
202 Kenyon Dr., Peckville, PA 1845
(570) 489-8741