Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                   :

**In re**                                           :         **Chapter 11 Case No.**
                                                   :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :        **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.*        :
                                                   :
                            **Debtors.**             :        **(Jointly Administered)**
                                                   :
------------------------------------------------------------x

**EX PARTE MOTION OF THE DEBTORS PURSUANT
TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c) TO SHORTEN NOTICE PERIOD
WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(c) FURTHER
EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

          Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

          1.       By this motion (the "**Motion to Shorten Time**"), the Debtors request,

pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), that the Court shorten the notice period and fix the date and time for an

expedited hearing on the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007(c) Further Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* (the "**Motion**"). Specifically, the Debtors request that the Court consider the relief requested in the Motion at a hearing on July 22, 2009 at 9:45 a.m. (Eastern Standard Time), or as soon thereafter as counsel may be heard. The Debtors concurrently submit the Declaration of Stephen Karotkin in Support of the Motion to Shorten Time, annexed hereto as Exhibit "A." A proposed order is annexed hereto as Exhibit "B."

2. Pursuant to the Motion, the Debtors request entry of an order to further extend the deadline to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules and Statements**"), which expires July 31, 2009, by an additional sixty (60) days – to September 29, 2009 – without prejudice to the Debtors' right to request additional time should it become necessary.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Basis for Relief Requested

4. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required under Bankruptcy Rule 2002(a). The Debtors submit that ample cause exists to shorten the notice period with respect to the Motion as requested herein.

5. As more fully described in the Motion, the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what will be voluminous Schedules and Statements. In view of the amount of work entailed in

completing the Schedules and Statements, however, and the competing demands that have been placed upon the Debtors' employees and professionals to assist in efforts to stabilize business operations and prepare for and close the sale of substantially all of the Debtors' assets, the Debtors will not be able to properly and accurately complete the Schedules and Statements by July 31, 2009. Additionally, because of the upcoming deadline to file the Schedules and Statements, it is necessary for the Court to consider the relief requested in the Motion on an expedited basis.

6. Based on the forgoing, the Debtors submit that cause exists to shorten the notice period with respect to the Motion.

## **Notice**

7. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given.

8. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court approve the shortened notice periods requested herein, and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 14, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

## Exhibit A

## Declaration of Stephen Karotkin

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**DECLARATION OF STEPHEN KAROTKIN**
**IN SUPPORT OF EX PARTE MOTION OF THE DEBTORS PURSUANT**
**TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c) TO SHORTEN NOTICE PERIOD**
**WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(c)**
**FURTHER EXTENDING TIME TO FILE SCHEDULES OF ASSETS**
**AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS**
**<u>AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

       I, Stephen Karotkin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

       1.      I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**").

       2.      I submit this Declaration in support of the Debtors' ex parte motion (the "**Motion to Shorten Time**") to shorten the notice period and fix the date and time for an expedited hearing on the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 521 and*

*Fed. R. Bankr. P. 1007(c) Further Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* (the "**Motion**").[1]

3. Pursuant to the Motion, the Debtors request entry of an order to extend the deadline by which the Debtors must file their Schedules and Statements by an additional 60 days – to September 29, 2009 – without prejudice to the Debtors' right to request additional time should it become necessary.

4. All statements contained herein are based on personal knowledge or made upon information and belief.

**The Need for Shortened Notice with Respect to the Motion**

5. The Motion to Shorten Time seeks to have the Court shorten the notice period with respect to the Motion. The Debtors submit expedited consideration of the relief requested in the Motion is necessary and cause exists to shorten the notice period with respect to the Motion.

6. As more fully described in the Motion, the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what will be voluminous Schedules and Statements. In view of the amount of work entailed in completing the Schedules and Statements, however, and the competing demands that have been placed upon the Debtors' employees and professionals to assist in efforts to stabilize business operations and prepare for and close the sale of substantially all of the Debtors' assets, the Debtors will not be able to properly and accurately complete the Schedules and Statements by

---

[1] Capitalized terms used herein, unless otherwise defined herein, have the meanings ascribed to such terms in the Motion to Shorten Time.

July 31, 2009.  Because of the upcoming deadline to file the Schedules and Statements, an expedited hearing on the Motion is necessary.

7. In light of the foregoing, the Debtors request that this Court shorten notice with respect to the Motion and consider the relief requested therein at a hearing scheduled for July 22, 2009 at 9:45 a.m. (Eastern Time).

Dated: New York, New York
July 14, 2009

/s/ Stephen Karotkin
Stephen Karotkin

**Exhibit B**

**Proposed Order**

US_ACTIVE:\43101103\04\43101103_4.DOC\.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*             :
                                                               :
                                         Debtors.      :        (Jointly Administered)
                                                               :
-----------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c)
SHORTENING NOTICE PERIOD WITH RESPECT TO MOTION OF THE DEBTORS
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 521 AND FED. R. BANKR. P.
1007(c) FURTHER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the Motion, dated July 14, 2009 (the "**Motion to Shorten Time**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order shortening the notice period with respect to the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007(c) Further Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs*, dated July 14, 2009 (the "**Motion**"), all as more fully described in the Motion to Shorten Time and the Declaration of Stephen Karotkin in support of the Motion to Shorten Time (the "**Karotkin Declaration**"), the Court finds and determines the following:

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Shorten Time.

(a) Consideration of the Motion to Shorten Time and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b) The Court has jurisdiction to consider the Motion to Shorten Time and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(c) Cause exists to expedite consideration of the relief requested in the Motion and such expedited consideration is beneficial to, and in the interests of, the Debtors, their estates, and all parties in interest.

(d) Notice of the Motion, as provided herein, is due and proper and no further notice of the Motion is necessary.

Therefore, it is hereby ORDERED that:

1. The Motion to Shorten Time is granted to the extent set forth herein.

2. A hearing (the "**Hearing**") to consider the relief requested in the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, on **July 22, 2009 at 9:45 a.m. (Eastern Time)**, at Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

3. The Objection Deadline to respond or object to granting the relief requested in the Motion is **July 20, 2009 at 4:00 p.m. (Eastern Time).**

4. Objections and responses, if any, to the Motion, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in these

chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

        5.        The Debtors shall serve, via e-mail, fax, or overnight mail, within one business day after entry of this Order, notice of the Hearing and the other matters to be heard in connection therewith by sending (a) a copy of this Order and the Motion to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (v) the attorneys for the ad hoc bondholders committee, (vi) the U.S. Attorney's Office, S.D.N.Y., and (vii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.

Dated: New York, New York
       _____, 2009

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE