# TABLE OF AUTHORITIES

Page

## STATE STATUTES

Alaska Stat. § 45.25.130(b) ..................................................................23 n.10

Colo. Rev. Stat. § 12-6-120(1) .............................................................23 n.10

La. Rev. Stat. § 32.1261(1) ..................................................................23 n.10

N.Y. Veh. & Traf. Law § 463(2) ..........................................................23 n.10

Va. Code Ann. § 46.2-1572.3 ...............................................................23 n.10

## TREATISES

3 *Collier on Bankruptcy* ¶ 363.06[1] (15th rev. ed. 2008) ..................................27

---

TO: THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

FROM: PETER BACKUS
CITIZEN, OWNER OF GM COMMON STOCK
15609 ALLNUTT LANE, BURTONSVILLE, MD 20866

REF: GENERAL MOTORS CHAPTER 11

Your honor, I strongly object to the comment stated as the reason for bankruptcy of GM, item #2 on the attached back page copy of a page herewith. The alternative and prudent action re GM's problems were already solved before the chapter 11 Easy out. We, through our elected Government officials, gave all the major banks and financial institutions the **billions** of dollars which they were to loan to the public corporation like GM at a very low interest rate to help them through this recession/depression! Why did not the courts and judges not insist on the use of these public funds? Why cannot this still be accomplished and chapter 11 be abandoned?

Sincerely,
Peter Backus 7/01/09

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors (collectively, the "**Debtors**"), respectfully represent:

### Introduction

1. On June 1, 2009, the Debtors filed the motion (the "**Motion**"), requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365 and Fed. R. Bankr. P. 6004 and 6006, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors (the "**Sellers**") and Vehicle Acquisition Holdings LLC (the "**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, including any successor liabilities (the "**363 Transaction**"), (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property (collectively, the "**Leases**"), and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers.

*[handwritten: I object!]*

2. These chapter 11 cases and the Motion were initiated because there was no viable alternative to preserve and maximize the going concern value of the GM business and also preserve the largest part of the domestic automotive industry and the hundreds of thousands of jobs and countless suppliers and other businesses that depend on an ongoing viable GM business.

3. Although several hundred responsive pleadings to the Motion have been filed, there is a consistent and overwhelming theme -- not one party seriously suggests (much less points to a single fact suggesting) that the 363 Transaction not be consummated or that there

US_ACTIVE:\43081014\07\43081014_7.DOC\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("**GM**") and its affiliated debtors (collectively, the "**Debtors**"), respectfully represent:

### Introduction

1. On June 1, 2009, the Debtors filed the motion (the "**Motion**"), requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365 and Fed. R. Bankr. P. 6004 and 6006, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors (the "**Sellers**") and Vehicle Acquisition Holdings LLC (the "**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, including any successor liabilities (the "**363 Transaction**"), (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property (collectively, the "**Leases**"), and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers.

*[handwritten: I object !]*

2. These chapter 11 cases and the Motion were initiated because there was no viable alternative to preserve and maximize the going concern value of the GM business and also preserve the largest part of the domestic automotive industry and the hundreds of thousands of jobs and countless suppliers and other businesses that depend on an ongoing viable GM business.

3. Although several hundred responsive pleadings to the Motion have been filed, there is a consistent and overwhelming theme -- not one party seriously suggests (much less points to a single fact suggesting) that the 363 Transaction not be consummated or that there