PEPPER HAMILTON LLP                              Hearing Date: August 3, 2009
Deborah Kovsky-Apap (DK 6147)
Dennis Kayes (*pro hac vice*)
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Telephone: 313.259.7110
Facsimile: 313.259.7926
E-mail: kovskyd@pepperlaw.com
*Counsel for ChannelVantage, Inc..*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                                    :     Chapter 11
In re                                                :
                                                                    :     Case No. 09-50026 (REG)
GENERAL MOTORS CORP., *et al.,*           :     (Jointly Administered)
                                                                    :
                Debtors.                         :
                                                                    :
---------------------------------------------------------------x

**LIMITED OBJECTION OF CHANNELVANTAGE, INC. TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
<u>(II) CURE COSTS RELATED THERETO</u>**

         ChannelVantage, Inc. and certain of its affiliates and subsidiaries (collectively,

"<u>ChannelVantage</u>"), through their undersigned counsel, hereby submit this limited objection (the

"<u>Objection</u>") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory

Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real

Property and (II) Cure Costs Related Thereto (the "<u>Assignment Notice</u>"), served upon

ChannelVantage by the above-captioned debtors and debtors-in-possession (collectively, the

"<u>Debtors</u>") pursuant to this Court's Bidding Procedures Order [Docket No. 274].

#11248401 v1

## Background

1. On June 1, 2009 (the "Commencement Date"), the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, this Court entered an order (the "Bidding Procedures Order") approving the Debtors' bidding procedures, which includes procedures regarding Debtors' assumption and assignment of executory contracts.

3. Pursuant to the Bidding Procedures Order, on or about July 9, 2009, the Debtors delivered a notice (the "Assignment Notice") to ChannelVantage, indicating that the Debtors intend to assume and assign certain of the Debtors' agreements with ChannelVantage (the "Assumed Contract"). The Assignment Notice is the second such notice that ChannelVantage has received from the Debtors.

4. Using the user ID and password provided by the Debtors, ChannelVantage attempted to access information on the Contract Website about the agreement to be assumed. The Contract Website listed one agreement, but without sufficient detail or information to enable ChannelVantage to identify it. The Contract Website also fails to identify the amount which the Debtors allege to be owing under the Assumed Contracts (the "Proposed Cure Amount").

5. ChannelVantage has diligently sought information from the Debtors regarding the identity of the Assumed Contract as well as the Proposed Cure Amount, but has been unable to obtain such information.

6. Substantial defaults exist with respect to *all* of ChannelVantage's agreements with the Debtors.

-2-

#11248401 v1

**The Requirements of 11 U.S.C. §365**

7. The Debtors are in default of their contract with ChannelVantage. The Debtors have failed to comply with the provisions of 11 U.S.C. §365, which states in pertinent part that:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease."

8. The Debtors have not proposed to pay *any* amount to cure the existing default under the contract sought to be assumed and assigned and therefore, absent the consent of ChannelVantage, the contract may not be assumed and assigned.

**Objection**

9. ChannelVantage does not object to the sale of Debtors' assets as contemplated in the Sale Motion, nor does it object, *per se*, to assumption of its executory contracts with the Debtors and assignment thereof to the Purchaser. ChannelVantage does object, however, to the Assignment Notice because, despite ChannelVantage's repeated efforts to obtain such critical information, the Debtors have failed (1) to identify *which* contract they seek to assume and assign; and (2) to inform ChannelVantage of the Proposed Cure Amount. The

-3-

Debtors cannot be permitted to assume and assign ChannelVantage's contracts without providing notice to ChannelVantage of these basic facts.

10. ChannelVantage's calculations indicate substantial defaults under all of their contracts with the Debtors. However, due to the lack of information provided by the Debtors, ChannelVantage cannot even determine whether there is a discrepancy between its calculations and the Debtors' with respect to the Assumed Contract, much less the cause for any such discrepancy.

WHEREFORE, ChannelVantage respectfully requests that the Court: (i) deny the proposed assumption and assignment of ChannelVantage's executory contracts on the terms proposed by the Debtors and instead determine the appropriate amounts due to ChannelVantage under such contracts pursuant to section 365(b) of the Bankruptcy Court; and (ii) grant such other and further relief as is just and appropriate.

PEPPER HAMILTON LLP

/s/ Deborah Kovsky-Apap
Dennis Kayes (Admitted *Pro Hac Vice*)
Deborah Kovsky-Apap (DK 6147)
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Telephone: 313.259.7110
Facsimile: 313.259.7926
E-mail: kovskyd@pepperlaw.com
*Counsel for ChannelVantage, Inc.*

Dated: July 16, 2009

-4-

#11248401 v1

PEPPER HAMILTON LLP
Deborah Kovsky-Apap (DK 6147)
Dennis Kayes (*pro hac vice*)
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Telephone:  313.259.7110
Facsimile:  313.259.7926
E-mail: kovskyd@pepperlaw.com
*Counsel for ChannelVantage, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | : | Chapter 11 |
|---|---|---|
| In re | : | |
| | : | Case No. 09-50026 (REG) |
| GENERAL MOTORS CORP., *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |

-------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 16, 2009, copies of the Limited Objection of ChannelVantage, Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, were served upon the following entities via overnight courier:

Diana G. Adams, Esq.
Office of the U.S. Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

Warren Command Center, Mailcode 480-206-114
General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025

Harvey Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.

-5-

#11248401 v1

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

Matthew Feldman, Esq.
U.S. Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC  20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Kenneth Eckstein, Esq.
Thomas Moers Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

<u>Chambers Copy</u>
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 621
New York, NY 10004-1408

        PEPPER HAMILTON LLP

        /s/ Deborah Kovsky-Apap
        Dennis Kayes (Admitted *Pro Hac Vice*)
        Deborah Kovsky-Apap (DK 6147)
        Suite 3600
        100 Renaissance Center
        Detroit, Michigan 48243
        Telephone:  313.259.7110
        Facsimile:  313.259.7926
        E-mail: kovskyd@pepperlaw.com
        *Counsel for ChannelVantage, Inc.*

Dated:  July 16, 2009

#11248401 v1