UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

GENERAL MOTORS CORPORATION, et al.,   M 47 (LAK)

            Debtors.   (Bankr. Case No. 09-50026 (REG)
            (Jointly Administered))
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM AND ORDER

Appearances:

Sander L. Esserman
ESSERMAN & PLIFKA
*Attorney for the Ad Hoc Committee of Asbestos Personal Injury Claimants*

Thomas Moers Mayer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
*Attorney for the Official Committee of Unsecured Creditors*

Matthew L. Schwartz
*Assistant United States Attorney*

Harvey R. Miller
WEIL, GOTSHAL & MANGES LLP
*Attorney for Debtors and Debtors in Possession*

Steven Jakubowski
THE COLEMAN LAW FIRM
*Attorney for the Individual Accident Litigants*

LEWIS A. KAPLAN, *District Judge.*

      No sentient American is unaware of the travails of the automobile industry in general and of General Motors Corporation ("GM") in particular. As the Bankruptcy Court found, GM will be forced to liquidate – with appalling consequences for its creditors, its employees, and our nation – unless the proposed sale of its core assets to a newly constituted purchaser is swiftly consummated. That sale,

which was approved by the Bankruptcy Court, per Judge Robert Gerber, on July 5, 2009 after a three-day evidentiary hearing in an exhaustive, careful and thoughtful decision, is set to close beginning at noon today, with the closing expected to be completed within 24 hours. Pursuant to Section 7.1(a) of the master sale and purchase agreement ("MSPA"), the purchaser's obligation to close is conditioned upon the order approving the sale not having been stayed. In addition, it appears likely that, under Section 7.1(h) of the secured super priority debtor in possession credit agreement (the "DIP Agreement"), the entry of even a brief stay would constitute an event of default and provide the DIP lender the right to refuse financing.

Appellant, the Ad Hoc Committee of Asbestos Personal Injury Claimants (the "Committee"), appeals from the order approving the sale. It moved in the Bankruptcy Court for a stay of the order pending appeal, but its application was denied on July 7, 2009 in another detailed opinion by the bankruptcy judge. Late yesterday, it filed an emergency motion in this Court for an order expediting their appeal and staying the sale order or, alternatively, staying Section 8 thereof, pending that appeal. The Court directed the submission of papers in opposition to the motion by 4 a.m. and heard argument commencing at 8:30 a.m. The Court issued a preliminary oral decision following argument. This is the Court's ruling on the motion.

The standard governing an application for a stay pending an appeal such as this is, despite some linguistic variations in the many cases, well established. "The Court should consider (1) the movant's likelihood of success on appeal, (2) the risk of irreparable harm to the movant absent a stay, (3) the risk of irreparable harm to the other party if a stay is denied, and (4) the public interest." *In re St. Johnsbury Trucking Co.*, 185 B.R. 687, 688 (S.D.N.Y. 1995).

In this case it is quite doubtful whether the Committee has established the requisite threat

3

of irreparable injury. It represents unsecured creditors. The Judge Gerber found, on the basis of a hearing record, that the only alternative to consummation of this sale is liquidation of GM and that the unsecured creditors would receive nothing in that event. The Committee does not challenge those findings, which may be disregarded only for clear error. Thus, this case evokes the old adage that one ought to be careful of what one wishes. I say that because there is every reason to believe that the individuals the Committee represents would be worse off, and certainly not better off, if it were to obtain a stay than if a stay were denied. Nevertheless, there is a risk that the Committee's appeal would be mooted by consummation of the sale. Accordingly, I assume, *dubitante,* that it has established a modest threat of irreparable injury. But that is the high water mark of its application.

Having considered the Bankruptcy Court's opinions and the submissions of the parties, I am persuaded that the Committee's likelihood of success on appeal is minimal at best. Each of the Committee's arguments was rejected below for solid reasons. Moreover, the Committee's moving papers ignore altogether the recent decision by the Bankruptcy Court in the *Chrysler* case. *In re Chrysler LLC,* 405 B.R. 84 (Bankr. S.D.N.Y. 2009). *Chrysler* is virtually on all fours with this case. It was affirmed by the Court of Appeals, substantially on the opinion of Bankruptcy Judge Gonzalez below,[1] and the Supreme Court denied a stay. While the Court of Appeals has not yet issued its opinion, this Court is bound by its holding, which appears conclusively to have resolved against the Committee each of the legal questions at issue on its appeal in this case. Even were that not the case, on the basis of what now is before me, I could not conclude that it has any material likelihood of success on appeal, essentially for the reasons set forth in the opinions below.

Finally, Judge Gerber found and concluded that a stay pending appeal would be likely

---

[1] *In re Chrysler LLC,* No. 09-2311-br (filed June 5, 2009).

4

to cause irreparable injury to the Debtor and untold injury to its many constituencies and to the public at large. To the extent his denial of a stay rested on findings of fact, those findings are unchallenged here. To the extent it rested on conclusions of law, I see no error. Without unduly prolonging this memorandum, I note the following among other factors.

First, under Section 7.1(a) of the MSPA, it is a condition to the closing that the final order approving the sale shall not have been stayed.[2] The purchaser, however, retains the right to terminate the agreement if the deal does not close by August 15, 2009. It is, therefore, entirely possible, at least insofar as the MSPA is concerned, that as long as the order is not stayed on August 15, 2009, the purchaser would not have the right to terminate. But that does not get the Committee where it wants to go.

Under Section 7.1(h) of the DIP Agreement, it is likely that the entry of a stay – any stay at all – would be an event of default that would permit the United States to terminate DIP financing immediately. In that event, the sale no longer would be viable and GM would be forced into liquidation. The government has not unequivocally stated in the record, and there is no unequivocal finding below, that it would cease DIP financing immediately if the order were stayed. Nonetheless, in his bench decision denying the stay, Judge Gerber stated, "[t]he U.S. Government is not willing to keep funding GM while creditors block the [sale order] to improve upon their individual recoveries[,]" and concluded that "[i]f I or any other court were to grant the requested stay, GM would soon have to liquidate."[3] In

---

[2] "The Bankruptcy Court shall have entered the Sale Approval Order and the Sale Procedures Order on terms acceptable to the Parties and reasonably acceptable to the UAW, and each shall be a Final Order and shall not have been vacated, stayed or reversed[.]"

Amended and Restated Master Sale and Purchase Agreement, art. VII § 7.1(a).

[3] Bench Decision, *In re General Motors Corp.*, No. 09-50026-br, at 13 (filed July 7, 2009).

5

other words, it was Judge Gerber's view that if any court granted a stay, the government would withdraw DIP financing. That was a permissible inference on the evidence before him. In any event, that finding has not been challenged here. At the very least, the entry of a stay likely would give the government the right to withdraw its financing. There is thus a substantial risk that the government would exercise such a right and that GM would be forced into liquidation with disastrous consequences for GM, its creditors (including the Committee and its constituents), and our country.

Accordingly, the Committee's motion, insofar as it seeks a stay pending appeal, is denied in all respects. Although there is a significant possibility that the appeal will be mooted by the consummation of the sale, there is no reason not to provide for an expedited appeal should the Committee elect to pursue it against the possibility the appeal somehow might remain viable. So much of the motion as seeks an expedited appeal therefore is granted. Appellant's brief and other submissions shall be served and filed no later than 5 p.m. on July 14, 2009. Appellees' briefs shall be served and filed no later than 5 p.m. on July 17, 2009. Any reply brief shall be served and filed no later than 5 p.m. on July 20, 2009. The Court will hear argument during the week of July 20, 2009 at a date and time to be announced.

SO ORDERED.

Dated:   July 9, 2009

_____
Lewis A. Kaplan
United States District Judge