KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102-2186
Tel: (402) 346-6000
Facsimile: (402) 346-1148
John J. Jolley, Jr., Esq. (JJJ 0253)
Thomas T. Roubidoux, Esq. (TTR 3428)
jay.jolley@kutakrock.com
thomas.roubidoux@kutakrock.com

*Attorneys for Kansas City Board of Public Utilities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-50026 (REG) |
| MOTORS LIQUIDATION COMPANY, *et al.* | (Jointly Administered) |
| Debtors. | Hon. Robert E. Gerber |

**LIMITED OBJECTION OF KANSAS CITY BOARD OF PUBLIC UTILITIES
TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND TO PROPOSED CURE
AMOUNTS RELATED THERETO**

NOW COMES Kansas City Board of Public Utilities ("Creditor"), by and through its counsel, Kutak Rock LLP, and hereby files this Limited Objection of Kansas City Board of Public Utilities to Debtors' Proposed Assumption and Assignment of Certain Executory Contracts and to Proposed Cure Amounts Related Thereto (this "Objection").

1.  On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  On June 1, 2009, the Debtors filed a motion pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 for an order

4817-4459-1364.4

authorizing, *inter alia*, the assumption and assignment of certain executory contracts and unexpired leases (Docket No. 92) (the "363 Motion").

3. In the 363 Motion, the Debtors asked this Court to approve their proposed sale of substantially all of their assets to Vehicle Acquisition Holdings LLC ( "New GM"). They also asked the Court to approve procedures for assuming and assigning contracts to New GM, including utilities contracts.

4. On June 2, 2009, the Court entered an order (the "Order") granting the 363 Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to New GM (Docket No. 274).

5. Creditor is a counterparty to certain executory contracts with the Debtors under which Creditor provides utility services to the Debtors' Fairfax Assembly Complex located in Kansas City, Kansas and relating to the following accounts:

   a. Electricity (Private Light) Account No. 2004956 (the "First Electricity Agreement);

   b. Electricity Account No. 2004958 (the "Second Electricity Agreement," and, together with the First Electricity Agreement, the "Electricity Agreements"); and

   c. Water/Sewer Account No. 2004957 (the "Water-Sewer Agreement" and, together with the Electricity Agreements, the "Utility Agreements").

6. On July 8, 2009, representatives of Debtors informally notified Creditor by e-mail of Debtors' intention to assume and assign the Utility Agreements to New GM and in connection therewith, provided Creditor with identification numbers and related passwords in order to access, through the internet, a database (the "Contract Database") maintained by the

Debtors (a) identifying those executory contracts to be assumed and assigned by the Debtors and (b) for each such executory contract to be assumed and assigned, the amount required to cure monetary defaults, is any, under such contract. True and correct copies of the informal, undated notice provided to the Creditor on July 8, 2009 as an e-mail attachment is attached as Exhibit A hereto.

7.  On July 8, 2009, Creditor accessed the Contract Database (the "July 8 Query Results") and determined that the Debtors were proposing a cure amount of $659,275.20 in the aggregate, respecting the Electricity Agreements. Respecting the Water-Sewer Agreement, the July 8 Query Results revealed that no fields had been completed by the Debtors respecting any proposed cure amount and identified in the "Contract Status" field that the Water-Sewer Agreement was "To Be Assumed." True and correct copies of the July 8 Query Results are attached as Exhibit B hereto.

8.  On or about July 8, 2009, Creditor was contacted by a representative of the Debtor in response to an inquiry made by Creditor respecting the lack of any cure amount proposed for the Water-Sewer Agreement. The representative of the Debtor acknowledged that payment defaults existed on the Water-Sewer Agreement, that the omission of any identified cure amount in the Contract Database was unintentional, and that the Contract Database would be revised to reflect the cure amounts to be paid to Creditor in connection with the assumption and assignment of the Water-Sewer Agreement.

9.  On July 10, 2009, Creditor again queried the Contract Database respecting the Utility Agreements (the "July 10 Query Results"). Based on the July 10 Query Results, Debtors proposed a new cure amount of $738,479.13, in the aggregate, respecting the Electricity Agreements and identified such contracts as "Noticed" in the "Contract Status" field, although

Creditor had not yet received any notice in the form and manner required by the Order and as more fully set forth in Exhibit D thereto (the foregoing, a "Notice").  Moreover, the July 10 Query Results revealed that the Contract Database fields for the Water-Sewer Agreement remained uncompleted and unchanged from the July 8 Query Results respecting the Debtors' proposed cure amount but—and perhaps more troubling--now identified the "Contract Status" of the Water-Sewer Agreement as "Assumed July 10, 2009."  True and correct copies of the July 10 Query Results are attached as Exhibit C hereto.

10. As of the date hereof, Creditor has yet received any Notice as required by the Order in connection with the proposed assumption and assignment of the Utility Agreements.

11. Based on a review of Creditor's books and records, as of July 15, 2009 at a minimum the following amounts (after applying all payments received from the Debtors) for utility services are either owing or overdue and, as a condition to assumption and contemporaneous assignment of the Utility Agreements to New GM,  are required to be paid to Creditor in order to cure the monetary defaults that exist under the related Utility Agreement:[1]

    a. First Electricity Agreement (ref. Account No. 2004956):  $540.73[2]

    b. Second Electricity Agreement (ref. Account No. 2004958): $1,535,707.45[3]

    c. Water-Sewer Agreement (ref. Account No. 2004957):  $123,003.02

---

[1] The amounts shown do not include (i) charges for utility services accruing, but not yet invoiced, for the current billing cycle or (ii) other fees and expenses to which Creditor is entitled pursuant to the terms of the Utility Contracts and, thus, properly payable to Creditor as part of its cure claim.

[2] The amount shown includes charges for the service period May 28, 2009 through June 26, 2009 in the amount of $456.95 which has been billed to Debtors but is not yet due and payable.  This amount will become overdue if payment is not received by July 21, 2009.

[3] The amount shown includes charges for the service period May 29, 2009 through June 29, 2009 in the amount of $843,948.29 which has been billed to Debtors but is not yet due and payable.  This amount will become overdue if payment is not received by July 24, 2009.

12. The Creditor has and continues to cooperate with the Debtors in an effort to resolve the differences between the amounts scheduled by the Debtors, on the one hand, and the amounts reflected on the Creditor's books and record, on the other hand, as to the amount required to cure defaults under the Utility Agreements. The Creditor is filing this limited Objection in order to preserve its rights with respect to the Debtors' proposed assumption and assignment of the Utility Agreements, including but not limited to the right to object to the amounts proposed by the Debtors as the amount necessary to cure existing defaults under the Utility Agreements.

13. The Creditor has no principled objection to the assignment of its Utility Agreements to New GM. However, while Creditor can appreciate the immense task undertaken by the Debtors in connection with the expeditious assumption and assignment of thousands of executory contracts, the need for expediency does not obviate the black letter requirements of the Bankruptcy Code's Section 365, including the payment of the actual amounts required to cure defaults as set forth in paragraph 11 hereof, together with such additional charges accruing between the date hereof and the date upon which the Utility Agreements are actually assumed and compensation for Creditor's actual pecuniary loss, if any, on account of the defaults, all as a condition precedent to the assumption and subsequent assignment of the Utility Agreements by the Debtors.

14. As permitted by paragraph 10 of the <u>Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed.R.Bankr.P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice</u>

Procedures and Approving Form of Notice, dated June 2, 2009, the Creditor hereby preserves the right to assert additional cures or other amounts against the Debtors, their estates or New GM, as assignee of the Debtors, in the event of any post-petition defaults arising prior to the assumption of the Utility Agreements.

15.    Because the legal points and authorities upon which the Creditor relies for the purposes of this Objection are well-settled and do not raise any novel issues of law, the Creditor respectfully requests that the Court deem satisfied or, alternatively, waive any requirement of the filing of a separate memorandum of law.

WHEREFORE, the Creditor respectfully requests that the Court require the amount and timely payment of the cure amounts set forth herein as a condition to the assumption and assignment of the Creditor's Utility Agreements.

Dated: Omaha, Nebraska
       July 16, 2009

                        KUTAK ROCK LLP

                        By:    /s/ John J. Jolley, Jr.
                             John J. Jolley, Jr., Esq. (JJJ 0253)
                             Thomas T. Roubidoux, Esq. (TTR 3428)
                             Kutak Rock LLP
                             1650 Farnam Street
                             Omaha, NE 68102-2186
                             Tel:  (402) 346-6000
                             Facsimile:  (402) 346-1148