HEARING DATE AND TIME: July 22, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 17, 2009 at 4:00 p.m. (Eastern Time)

Garry M. Graber
Deborah J. Piazza
HODGSON RUSS LLP
60 East 42nd Street, 37th Floor
New York, NY 10165-0150
Telephone: (212) 661-3535
Facsimile: (212) 972-1677

Bruce R. Leaverton (*pro hac vice* application pending)
Mary Jo Heston    (*pro hac vice* application pending)
Heidi C. Anderson   (*pro hac vice* application pending)
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

Attorneys for Stillwater Mining Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 Case No. |
|---|---|
| GENERAL MOTORS CORP., *et al.*, | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JOHN STARK IN SUPPORT OF STILLWATER MINING COMPANY'S OBJECTION TO THE DEBTOR'S THIRD OMNIBUS MOTION SEEKING TO REJECT STILLWATER'S MINERAL SUPPLY CONTRACT

I, John Stark, declare as follows:

1.  I am Vice President, General Counsel and Chief Commercial Officer to Stillwater Mining Company ("Stillwater"). I have personal knowledge of the facts set forth herein or have conducted a reasonable inquiry to determine that such statements are true and correct.

121637.0005/1733548.1

2.   Stillwater is the only United States based mining company *and* direct supplier to the Old GM of the minerals palladium and rhodium for use in the manufacture of catalytic converters for GM automobiles. Auto catalysts are the largest user of palladium, which assists in the elimination of harmful emissions produced by internal combustion engines. *See* www.stillwaterpalladium.com.

3.   Stillwater also mines and can supply platinum, the third primary mineral in the "platinum group minerals" ("PGMs") utilized in the manufacture of catalytic converters, although its current supply contract does not provide for the supply of platinum to GM.

4.   On or about August 8, 2007, Stillwater entered into a Palladium and Rhodium Sales Agreement with General Motors Corporation (the "Original Contract"), as amended pursuant to a First Amendment dated December 9, 2008 (the "First Amendment") and a Second Amendment dated March 5, 2009 (the "Second Amendment") (collectively referred to as the "Stillwater Contract").

5.   Stillwater has consistently maintained an excellent working relationship with GM and has worked closely with them through their financial difficulties by amending the Stillwater Contract on not one, but two occasions since 2007, to reduce the amount of rhodium to meet Old GM's supply needs.

6.   GM did not notify Stillwater of its decision to reject the Stillwater GM Contract prior to informing Stillwater of this motion. On or about July 1, 2009, James Binando and I received a phone call from David Drouillard, a Director, Non-Ferrous Metals & Asset Recovery for GM. During that call, Mr. Drouillard advised us that the decision had been made to reject the Stillwater GM Contract. Mr. Drouillard further informed us that pricing under the Stillwater GM Contract was not the reason behind GM's decision. Instead, Mr. Drouillard cited the reduced manufacturing capacity as a reason for the company's decision to consolidate its suppliers of PGM metals. To my knowledge, at no time has GM provided any reasons or justification to Stillwater, supporting its decision to retain two foreign suppliers over the only PGM mining company in the United States.

2

7.  Stillwater has always performed under the terms of the GM Stillwater Contract and is ready, willing and able to continue to do so. Stillwater has a delivery due and scheduled for July 20th ("July 20th Obligation") under the terms of the Stillwater GM Contract. Stillwater intends to fulfill the July 20th Obligation.

8.  The Stillwater GM Contract provides for payment terms of three (3) business days after confirmation of receipt. As of the date of this Declaration, there is no cure due under the terms of the Stillwater GM Contract. However, payment will shortly become due for the July 20th Obligation.

9.  Although Stillwater currently has substantial cash reserves, should it require credit in the future, the loss of the Stillwater GM Contract may impact Stillwater's ability to obtain third-party financing and access to credit markets in the future.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 16, 2009

_____
JOHN STARK