**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
Motors Liquidation Company, et al.,                        :    Case No. 09-50026 (REG)
   f/k/a General Motors Corp., et al.,                     :
                                                           :
               Debtors.                                    :    (Jointly Administered)
-----------------------------------------------------------x
```

**LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES AND ITS
AFFILIATES TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE,
SOUTHERN DISTRICT OF NEW YORK:

Affiliated Computer Services and its affiliates, by its undersigned attorneys, files this Objection to Notice of Debtors' (I) Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto and in support thereof avers as follows:

### I. PROCEDURAL BACKGROUND

1. On June 1, 2009 ("Petition Date"), General Motors Corporation, *et al.* ("General Motors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.      On June 1, 2009, General Motors filed its Motion of the Debtors and Debtors in Possession Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004 and 6006 for An Order Approving Bidding Procedures and Bidder Protections for the Sale of Substantially All of the Debtors' Assets And Scheduling A Final Sale Hearing And Approving the Form and Manner of Notice Thereof; And For An Order Authorizing The Sale Of Substantially All of the Assets, Free and Clear of Liens, Claims, Interests and Encumbrances and Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "363 Motion").

3.      In the 363 Motion, General Motors asked the Court to approve the proposed sale of substantially all of General Motors' assets to Vehicle Acquisition Holders, L.L.C., as "New General Motors". General Motors also asked the Court to approve procedures for assuming and assigning contracts to New General Motors.

4.      The Court granted the 363 Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to New General Motors.  Among other things, the Sale Order authorized the Debtors, upon and in connection with the Closing, to change their corporate names and caption of these chapter 11 cases. Effective as of July 9, 2009, General Motors Corporation changed its name to Motors Liquidation Company, as reflected in the amended caption above.

5.      Subsequent to the Sale Order, the Debtors sent a Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto (the "Assumption Notice"). The Assumption Notice provides parties ten days to object to the assumption and

LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES AND ITS AFFILIATES
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Page 2

assignment of any designated agreements proposed to be assumed and assigned or to the cure costs proposed to be paid with respect to the designated agreements.

6. Affiliated Computer Services, Inc. has received an assumption and assignment notice. ACS has several contracts with General Motors and cannot presently determine from the Assumption Notice and other information provided exactly which ACS contracts the Debtors intend to assume at this time.

## II. LIMITED OBJECTION TO ASSIGNMENT AND ASSUMPTION OF CONTRACT AND PROPOSED CURE AMOUNT

7. Currently ACS has the following executory contracts with General Motors with the following referenced cure amounts:

| Contract | Pre-petition Cure Amount | Post-Petition Cure Amount (through 7/16/2009) |
| --- | --- | --- |
| Services Agreement dated May 3, 2002 ("GMNA") | $657,229.86 | $2,234,974.56* |
| Services Contract dated December 18, 2003 ("WRE") | $0.00 | $154,374.82 |
| Finance and Accounting Services Agreement ("GM LAAM") | $9,067.37 (US) + 31,920.23 (Brazilian) $25,132.81 US | $49,972.51 + 1,964,342.38 (Brazilian) $1,050,608.52 US |
| GM World Purchasing/Global Supply Chain Contract ("GPSC") | $291,439.33 | $444,678.00 |

*An additional $121,000.00 was accrued in June of 2009 but not yet invoiced. If this amount is included, then the post-petition cure amount through 7/10/2009 would really be $2,355,974.56.

8. Both the Bidding Procedures Order and the Notice of Intent limit the Proposed Cure Amount to such amounts that were in default as of the Petition Date, *not* the date the contracts will actually be assumed by the Debtors and assigned to the Purchaser, as required under provisions of 11 U.S.C. § 365:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any

provision (other than penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an expired lease of real property …;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease."

9. Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stolz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.,* 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999). Unless ACS receives payment sufficient to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the assumed contracts, the assumed contracts may neither be assumed nor assigned.

10. To the extent that the Debtors at this time are seeking to assume and assign the above-referenced contracts, ACS objects to the proposed cure amounts. ACS preserves its right to object to the assumption to the extent that any further postpetition amounts accrue and remain outstanding.

11. ACS also has certain ownership rights of certain intellectual property as defined in the Agreement. ACS also preserves its rights concerning such property.

12. To the extent that the Debtors have sent or will send out notice of assumption and assignment on its other contracts with ACS or its affiliates, which, for whatever reason, ACS or its affiliates may not have received such notice, ACS or its affiliates reserves the right to object thereto.

LIMITED OBJECTION BY AFFILIATED COMPUTER SERVICES AND ITS AFFILIATES
TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Page 4

WHEREFORE, ACS respectfully requests that its limited objection be granted and for such and other further relief as may be justly entitled.

        Respectfully submitted,

        SINGER LEVICK, P.C.

        /s/ Larry A. Levick
        Larry A. Levick
        Texas Bar No. 12252600
        Michelle E. Shriro
        Texas Bar No. 18310900

        16200 Addison Road, Ste. 140
        Addison, Texas 75001
        Tel. (972) 380-5533
        Fax (972) 380-5748
        levick@singerlevick.com
        mshriro@singerlevick.com


        FORMAN HOLT ELIADES & RAVIN, LLC

        /s/ Joseph M. Cerra
        Joseph M. Cerra (JC 0903)

        888 7th Avenue, Suite 4500
        New York, NY 10106
        (212) 707-8500
        Fax: (212) 707-8511
        jcerra@formanlaw.com

        ATTORNEYS FOR
        AFFILIATED COMPUTER SERVICES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon those parties listed on the attached service list as indicated on this __17th___ day of July 2009.

                                  /s/ Larry A. Levick
                                  Larry A. Levick