Klestadt & Winters, LLP
Tracy L. Klestadt
Joseph C. Corneau
292 Madison Avenue, 17th Floor
New York, New York 10017-6314
Phone: (212) 972-3000
Fax: (212) 972-2245

Attorneys for XM Satellite Radio
Holdings Inc. and XM Satellite Radio Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
GENERAL MOTORS CORP., et al.,,                      :    Case No. 09-50026 (REG)
                                                    :
                            Debtors.                :    (Jointly Administered)
                                                    :
---------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
XM SATELLITE RADIO HOLDINGS INC. AND XM SATELLITE RADIO INC. TO
NOTICE OF (I) DEBTORS' INTENT
TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

TO:    THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:

XM Satellite Radio Holdings Inc. and XM Satellite Radio Inc. (collectively, "XM Satellite Radio"), by their counsel, Klestadt & Winters, LLP, as and for their Limited Objection and Reservation of Rights to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Limited Objection"), respectfully sets forth and alleges as follows:

1

**Preliminary Statement**

XM Satellite Radio does not object to the Debtors' assumption and assignment of the Debtors' contracts with XM Satellite Radio, but does object to Debtor's list of XM Satellite Radio contracts to be assumed and assigned. Although XM Satellite Radio had received verbal indications that GM planned to assume the XM Satellite Radio Contracts (defined below) and XM Satellite Radio had repeatedly requested to receive a copy of the Assumption and Assignment Notices and/or list of contracts to be assumed, Debtor informed XM Satellite Radio that such list could not be made publicly available as of June 22, 2009 (See email from Gary Donais to Ann Sandor annexed hereto as **Exhibit A**). Thereafter, XM Satellite Radio did not receive any further notification to the Debtors' intention to assume and assign its contracts with XM Satellite Radio until July 8, 2009, did not receive notice of the Purchaser's designation of certain contracts for assumption and assignment until July 9, 2009, and did not receive the Assumption and Assignment Notice (defined below) until July 9, 2009, all (including the email from Gary Donais) well after the objection deadline set forth in the Assumption and Assignment Notice, and well after the closing of the MPA (defined below). XM Satellite Radio does object to the Debtors' asserted Cure Amounts (defined below) in the Assumption and Assignment Notices. Moreover, the Debtors' Assumption and Assignment Notices are incorrect, ambiguous and/or materially incomplete, preventing XM Satellite Radio from performing a complete review of the transactions contemplated by the Assumption Notices. XM Satellite Radio therefore seeks clarification from the Debtors and/or the Purchaser of precisely which contracts between the Debtors and XM Satellite Radio the Debtors intend to assume and assign. XM Satellite Radio has, and will continue to, work with the Debtors and/or the Purchaser in an effort to resolve these

2

issues, but is compelled to file this Limited Objection to preserve its rights and remedies under the XM Satellite Contracts, the Bankruptcy Code, and other applicable law.

**Background**

1.      On June 1, 2009 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      On June 1, 2009, the Debtors filed a Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Other Relief, And (II) Scheduling Sale Approval Hearing (the "Sale Motion") [Docket No. 92]. In the Sale Motion, the Debtors sought authority to, inter alia, assume and assign certain executory contracts as part of the sale of substantially all of their assets to Vehicle Acquisition Holdings LLC, a U.S. Treasury sponsored purchaser (the "Purchaser") pursuant to a Master Sale and Purchase Agreement, dated as of June 1, 2009, by and among the Debtors and the Purchaser (the "MPA").

3.      On June 2, 2009, the Bankruptcy Court entered the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV)

3

Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order"). [Docket No. 274].

4. Pursuant to the Sale Procedures Order, the Debtors were to maintain a schedule of executory contracts and leases that the Purchaser (as defined therein) has designated for assumption and assignment (as defined therein, the "Assumable Executory Contracts"), and the corresponding amounts necessary to cure defaults under the Assumable Executory Contracts as of the Petition Date (as defined therein, the "Cure Amounts"). Sale Procedures Order at ¶ 10.

5. The Sale Procedures Order also provides that in addition to the schedule of Assumable Executory Contracts, the Debtors:

> [s]hall maintain a secure website (the "Contract Website") that the non-Debtor counterparty to an Assumable Executory Contract can access to find current information about the status of its respective Executory Contract or Lease. The Contract Website contains, for each Assumable Executory Contract, (i) an identification of each Assumable Executory Contract that the Purchaser has designated for assumption and assignment and (ii) the Cure Amounts that must be paid to cure any prepetition defaults under such respective Assumable Executory Contract as of the Commencement Date. The information on the Contract Website shall be made available to the non-Debtor counterparty to the Assumable Executory Contract (the "Non-Debtor Counterparty"), but shall not otherwise be publicly available.

Id.

6. The Sale Procedures Order further provides, in relevant part:

> Following the designation of an Executory Contract or Lease as an Assumable Executory Contract, the Debtors shall provide notice (the "Assumption and Assignment Notice") to the Non-Debtor Counterparty to the Assumable Executory Contract, substantially in the form annexed hereto as Exhibit "D," setting forth (i) instructions for accessing the information on the Contract Website relating to such Non-Debtor Counterparty's Assumable Executory Contract and (ii) the procedures for objecting to the proposed assumption and assignment of the Assumable Executory Contract.

Id.

7. The Sale Procedures Order also provides, in relevant part:

> Objections, if any, to the proposed assumption and assignment of the Assumable Executory Contracts (the "Contract Objections") must be made in writing, filed with the Court, and served on the Objection Deadline Parties (as defined below) so as to be received no later than ten (10) days after the date of the Assumption and Assignment Notice (the "Contract Objection Deadline") and must specifically identify in the objection the grounds therefor. If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then…. To resolve the Cure Objection, the Debtors, the Purchaser, and the objecting Non-Debtor Counterparty may meet and confer in good faith to attempt to resolve any such objection without Court intervention…. If the Debtors determine that the Cure Objection cannot be resolved without judicial intervention, then the Cure Amount will be determined…by the Court at the discretion of the Debtors either at the Sale Hearing or such other date as determined by the Court.

Id.

8.      Finally, the Sale Procedures Order provides, in relevant part:

> Unless a Contract Objection is filed and served before the Contract Objection Deadline, the Non-Debtor Counterparty shall be deemed to have consented to the assumption and assignment of its respective Assumable Executory Contract and the respect Cure Amount and shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Sellers, their estates, or the Purchaser.

Id.

## Limited Objection and Reservation of Rights

9.      Although XM Satellite Radio had received indications that Debtor planned to assume the XM Satellite Radio Contracts, XM Satellite Radio first learned of which contracts the Debtors intended to assume and assign when XM Satellite Radio received via email a schedule of the contracts proposed to be assumed and assigned on July 8, 2009. See email from Richard Lee to Ann Sandor (without attachments) annexed hereto as **Exhibit B**. On July 9, 2009, XM Satellite Radio received, again, via email, a total of fourteen (14) notices, addressing twenty (20) contracts that were designated for assumption and assignment. See email from Seth A. Drucker, Esq. to Ann Sandor (without attachments) annexed hereto as **Exhibit C**. Thereafter, on July 9, 2009, XM Satellite Radio received, via email, for the first time, the Assumption and Assignment

5

Notice (dated June 5, 2009) contemplated by the Sale Procedures Order. See email from Seth A. Drucker, Esq. to Ann Sandor (without attachments) annexed hereto as **Exhibit D** and email from the GM Command Center to Ann Sandor (without attachments) annexed hereto as **Exhibit E**. Thus, XM Satellite Radio was afforded notice of the proposed assumption and assignment only *after* the purported deadline to object to the proposed assumption and assignment, *after* the Sale Order was entered, and *after* the closing of the MPA.

10. Notwithstanding, XM Satellite Radio does not object to the assumption and assignment of the XM Satellite Contracts (defined below) to the Purchaser, but, in light of the lack of notice as required by the Sale Procedures Order, requests that the Court excuse XM Satellite Radio from the provisions of the Sale Procedures Order deeming Non-Debtor Counterparties from deemed consent to the Cure Amount,[1] pending the outcome of continuing discussions among the parties to determine the correct Cure Amount and the universe of executory contracts that the Debtors proposed be assumed and assigned.

11. Upon receiving notification of the Debtors' intent to assume and assign the Assumable Executory Contracts on July 8, 2009, XM Satellite Radio promptly accessed the Contract Website and began the process of attempting to ascertain which contracts the Debtors proposed to assume and assign and the correct the Cure Amounts thereunder.

12. XM Satellite Radio believes that the schedule of Assumable Executory Contracts set forth on the Contract Website is incomplete, ambiguous, and, in some cases, incorrect[2]. In addition, the Debtors assert that the Cure Amounts total $3,011,446.90, which is incorrect.

---

[1] XM Satellite Radio files this limited objection ten (10) days after receipt of actual notice of the Debtors' proposed assumption and assignment of the Assumable Executory Contracts.
[2] For example, the Debtors list certain agreements which have been amended and superceded by other agreements. In addition, the Debtors list other agreements which are not executory at all and in fact have been fully performed by both parties.

6

13.     Annexed hereto as **<u>Exhibit F</u>** is a complete list of executory contracts in effect between XM Satellite Radio and the Debtors (the "<u>XM Satellite Contracts</u>") as of the Petition Date, and the amounts due under the XM Satellite Contracts according to the books and records of XM Satellite Radio as of the Petition Date. As set forth in **<u>Exhibit F</u>**, the aggregate cure amount due under all of the XM Satellite Contracts is $3,027,116.82. Thus, there is a discrepancy of $15,669.92 between the aggregate Cure Amount of the Assumable Executory Contracts identified by the Debtors and the Cure Amount of the XM Satellite Contracts.

14.     Due to this discrepancy, XM Satellite objects to the Cure Amount, and requests that the Court condition the assumption and assignment of the XM Satellite Contracts on prompt payment of the correct cure amount.

15.     Furthermore, inasmuch as the schedule of Assumable Executory Contracts and the XM Satellite Contracts do not appear to be consistent, XM Satellite Radio requests that the Court require the Debtors and/or the Purchaser to confirm that the XM Satellite Contracts are the executory contracts they proposed to assume and assign.

### <u>Conclusion</u>

As stated above, notwithstanding the lack of notice of the Debtors' proposed assumption and assignment of the XM Satellite Contracts, XM Satellite does not object to such assumption and assignment, provided that the Debtors or the Purchaser pay the correct Cure Amounts and the Debtors or the Purchaser clarify the universe of contracts that they propose be assume and assigned.

**WHEREFORE**, XM Satellite Radio respectfully requests that the Court enter an order consistent with this Limited Objection, together with such other, further or different relief as is appropriate under the circumstances.

Dated: New York, New York
July 17, 2009

> KLESTADT & WINTERS, LLP
>
> By: _/s/ Joseph C. Corneau_
> Tracy L. Klestadt
> Joseph C. Corneau
> 292 Madison Avenue, 17th Floor
> New York, New York 10017
> Tel.: (212) 972-3000
> Fax: (212) 972-2245
>
> Attorneys for XM Satellite Radio Holdings Inc. and XM Satellite Radio Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of July, 2009, I caused to be served, by Federal Express overnight service, the Limited Objection and Reservation of Rights of Sirius XM Radio Inc. to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto on persons listed on Schedule 1 attached hereto.

Dated: New York, New York
         July 17, 2009

                                KLESTADT & WINTERS, LLP

                                By: _/s/ Joseph C. Corneau____
                                   Ian R. Winters
                                   Joseph C. Corneau
                              292 Madison Avenue, 17th Floor
                              New York, New York 10017-6314
                              Phone:  (212) 972-3000
                              Fax:  (212) 972-2245

**Schedule 1**

General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn: Warren Command Center, Mailcode 480-206-114

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Harvey R. Miller, Esq.
       Stephen Karotkin, Esq.
       Joseph H. Smolinsky, Esq.

U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Attn: Matthew Feldman, Esq.

Calwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attn: John J. Rapisardi, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Thomas M. Mayer, Esq.

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Attn: Michael J. Edelman, Esq.
       Michael L. Schein, Esq.

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Diana G. Adams, Esq.