Hearing Date and Time:  August 3, 2009 at 9:00 a.m. (Eastern Time)
Objection Date and Time:  July 29, 2009 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7314
Facsimile: (313) 465-7315

*Special Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In Re**                                                   :          Chapter 11
                                                            :
**MOTORS LIQUIDATION COMPANY** (f/k/a                       :          Case No. 09-50026 (REG)
General Motors Corp.), et al.,                              :          (Jointly Administered)
                                                            :
          Debtors.                                          :          Hon. Robert E. Gerber
                                                            :
------------------------------------------------------------x

**NOTICE OF MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING
REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR
<u>ABANDONMENT OF COLLATERAL TO SECURED CREDITORS</u>**

**PLEASE TAKE NOTICE THAT:**

Upon the annexed motion, dated July 17, 2009, Motors Liquidation Company (f/k/a

General Motors Corp.) and certain of its affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, "**GM**" or the "**Debtors**"), filed the *Motion by*

*Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors* (the "**Motion**").

The Motion seeks authority, pursuant to sections 365 and 554 of title 11 of the United States Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure for entry of an order authorizing the Debtors to reject certain personal property "lease" agreements and related agreements (collectively, the "**Agreements**") and/or abandonment of the personal property subject to the Agreements, as more fully set forth in the Motion. A hearing, with respect to the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **August 3, 2009 at 9:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Debtors, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. Robert B. Weiss, Esq. and Donald F. Baty, Jr., Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: **www.gmcourtdocs.com**.

The deadline to file any objections and responses to the Motion is **July 29, 2009** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn: Robert B. Weiss and Donald F. Baty, Jr. 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corp.), 300 Renaissance Center, Detroit, Michigan 48226 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington. D.C. 20020, (Attn:  Matthew Feldman, Esq.); (v) Vedder Price, attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New

York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H.

Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq. and Gordon Z. Novod, Esq.);

(vii) the attorneys for the International Union, United Automobile, Aerospace and Agriculture

Implement Workers of America ("UAW") 8000 East Jefferson Avenue, Detroit, Michigan 48214

(Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the

UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (ix)

Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New

York 10036 (Attn: Babette Ceccotti, Esq.); (x) the Office of the United States Trustee for the

Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor,

New York, New York 10004; (xi) the affected counterparties to the Executory Contracts on

**Exhibit A** to the Motion; and (xii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street,

Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz,

Esq.), so as to be received no later than the **Objection Deadline.**

> HONIGMAN MILLER SCHWARTZ AND COHN LLP
> Special Counsel to the Debtors and Debtors in
> Possession

Dated: July 17, 2009                    By:  /s/ Donald F. Baty, Jr.
                                             Robert B. Weiss (P28249)
                                             Donald F. Baty, Jr. (P38087)
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226
                                        Telephone: (313) 465-7314
                                        Facsimile: (313) 465-7315
                                        Email: dbaty@honigman.com

DETROIT.3752500

**Hearing Date and Time:  August 3, 2009 at 9:00 a.m. (Eastern Time)**
**Objection Date and Time: July 29, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7314
Facsimile: (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| **In Re** | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY** (f/k/a | : | Case No. 09-50026 (REG) |
| General Motors Corp.), et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hon. Robert E. Gerber |
| | : | |

------------------------------------------------------------x

**MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING
REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS
AND/OR ABANDONMENT OF COLLATERAL TO SECURED
<u>CREDITORS</u>**

To the Honorable Robert E. Gerber, United States Bankruptcy Judge:

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

## Relief Requested

1.     The Debtors request entry of an order pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the rejection of certain personal property "lease" agreements and related agreements (collectively, as amended the "**Agreements**") identified in the attached **Exhibit A**, with the original parties identified on **Exhibit A** (collectively, the "**Parties**"), effective as of July 31, 2009, *nunc pro tunc*.

2.     Additionally, to account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors request entry of an order pursuant to section 554 of the Bankruptcy Code and Rule 6007 of the Bankruptcy Rules authorizing abandonment of the personal property subject to the Agreements (the "**Equipment**") effective July 31, 2009 *nunc pro tunc*, and granting relief from the automatic stay to allow the appropriate Parties to promptly remove the Equipment.

## Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Rejection of the Agreements is in the Best Interest of Debtors' Estates

4.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C.

2

§ 365(a).  Courts routinely approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  See Orion Pictures Corp. v. Showtime Networks, inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see, also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y., 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

5.      Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  See In re Riodizio, Inc. 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor.  . . .  Courts should generally defer to a debtor's decision whether to reject an executory contract.").  The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  See e.g. Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a

3

flexible one. . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradless, Inc. (In re Bradless Stores, Inc.), 195 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

6.     The Equipment at issue consists of the following:

| "Lease" Number | Description | Remaining Principal Balance (estimate) |
|---|---|---|
| 2001 A-1 and A-2 | Engine assembly line and related equipment located at Flint, Michigan | $250 million |
| 2001 A-6 | 3 stamping presses and related equipment located at Parma, Ohio and Shreveport, Mississippi | $43 million |

Neither the Debtors nor General Motors Company ("GM"), the purchaser of a substantial portion of the Debtors' assets, have a future need for the Equipment. Further, the Equipment is located in plants that are needed for other purposes.

7.     The Debtors also believe that, given current market conditions, assuming and assigning the Agreements or attempting to sell the Equipment would not be beneficial to their estates as the value of the Equipment is substantially less than the amounts owed to the Parties under the Agreements. In fact, the Debtors believe that the cost to remove the Equipment may exceed the value of the Equipment.

8.    Accordingly, in the exercise of their business judgment, the Debtors have determined that the rejection of the Agreements, pursuant to section 365 of the Bankruptcy Code, is in the best interests of their estates.

9.    Section 365(p) of the Bankruptcy Code provides that when "a lease of personal property is rejected . . . the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." Accordingly, upon approval of the rejection of the Agreements, the Debtors will make the Equipment available to allow the appropriate Parties to promptly remove the Equipment from the Debtors' property.

**If the Agreements are Disguised Secured Financing Arrangements and Not True Leases, Debtors May Abandon the Equipment as Burdensome and of Inconsequential Value and Benefit to the Estate**

10.    To account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors seek authority to abandon the Equipment pursuant to section 554 of the Bankruptcy Code, which provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

11.    As summarized above, the Debtors have determined that the Equipment has no value or benefit to their estates and if the Agreements are not true leases, the Equipment should be abandoned. See McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1167 (4th Cir. 1997) (holding that where liens exceeded value of the property, the property could be abandoned).

12.    The Debtors request that the Equipment be abandoned and the automatic stay under section 362(a) of the Bankruptcy Code be lifted so that the appropriate parties may take

possession of the Equipment.  Upon abandonment of the Equipment and lifting of the automatic stay, the Debtors will make the Equipment available to allow the appropriate Parties to promptly remove the Equipment from the Debtors' property.

13.    For the purposes of this Motion, it is not necessary for the Debtors to take a position regarding whether the Agreements are true leases or disguised financing arrangements, and the Debtors reserve all rights regarding the proper characterization of the Agreements.

## Debtors Should Be Granted Authority to Execute All Documentation Necessary to Facilitate Transfer of the Equipment to the Appropriate Parties

14.    The Debtors also request that they be permitted to execute all documentation necessary to facilitate the expeditious removal of the Equipment from the Debtors' property.

## Notice

15.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the counterparties to the Agreements listed on

**Exhibit A**, and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R.

Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is

sufficient and no other or further notice need be provided.

### No Prior Request

16.    No previous request for the relief sought in this Motion has been made by the

Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of the proposed order attached as

**Exhibit B** granting the relief requested herein and such other and further relief as is just.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Special Counsel to the Debtors and Debtors in
Possession

Dated:  July 17, 2009

By:   /s/ Donald F. Baty, Jr.
       Robert B. Weiss (P28249)
       Donald F. Baty, Jr. (P38087)
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
Telephone:  (313) 465-7314
Facsimile:  (313) 465-7315
Email:  dbaty@honigman.com

DETROIT.3716205.4

# **EXHIBIT A**

## **AGREEMENTS**

Exhibit A

| | Counter Party/Parties | Contact/Address | Counsel | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | General Foods Credit Investors No. 2 Corporation | General Foods Credit Investors No. 2 Corporation c/o Philip Morris Capital Corporation 225 High Ridge Road, Suite 300 West Stamford, CT 06905 | KAYE SCHOLER LLP Richard G. Smoley 425 Park Avenue New York, NY 10022-3598 and KAYE SCHOLER LLP Richard G. Smoley 311 South Wacker Drive Chicago, IL 60606 | Participation Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Tax Indemnity Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| 2 | General Electric Capital Corporation | General Electric Capital Corporation 120 Long Ridge Road 3rd Floor Stamford, CT 06927-4900 | LATHAM & WATKINS LLP Douglas Bacon Sears Tower, Suite 5800 233 South Wacker Drive Chicago, Illinois 60606 and LATHAM & WATKINS LLP George Royle 885 Third Avenue New York, New York 10022 | Participation Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Tax Indemnity Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |
| | | | | Tax Indemnity Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |
| 3 | State Street Bank and Trust Company of Connecticut, National Association | State Street Bank and Trust Company of Connecticut, National Association 225 Asylum Street, 23rd Floor Hartford, CT 06103 | EDWARDS ANGELL PALMER & DODGE LLP Richard Hiersteiner Jeanne P. Darcey Amy A. Zuccarello Judy A. Groves Charlotte P. Bodell 111 Huntington Avenue Boston, Massachusetts 02199 | Participation Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Supplement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Supplement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Supplement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |
| 4 | Wells Fargo Bank Northwest, National Association | Wells Fargo Bank Northwest, National Association 79 South Main Street 3rd Floor Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP Matthew S. Barr Tyson M. Lomazow Samuel Khalil One Chase Manhattan Plaza New York, New York 10005 and DRINKER BIDDLE & REATH LLP Stephanie Wickouski Kristin K. Going 140 Broadway, 39th Floor New York, New York 10005 | Participation Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |

Exhibit A

| | Counter Party/Parties | Contact/Address | Counsel | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 5 | Various Note Purchasers Regarding GM 2001A-1, GM 2001A-2 and GM 2001A-6 Transactions | c/o Wells Fargo Bank Northwest, National Association 79 South Main Street 3rd Floor Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP Matthew S. Barr Tyson M. Lomazow Samuel Khalil One Chase Manhattan Plaza New York, New York 10005 and DRINKER BIDDLE & REATH LLP Stephanie Wickouski Kristin K. Going 140 Broadway, 39th Floor New York, New York 10005 | Participation Agreement (GM 2001A-1) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-2) | 12/18/2001 | 7/31/2009 |
| | | | | Participation Agreement (GM 2001A-6) | 12/18/2001 | 7/31/2009 |

## EXHIBIT B


**PROPOSED ORDER AUTHORIZING REJECTION
OF CERTAIN PERSONAL PROPERTY AGREEMENTS
AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS**

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7314
Facsimile: (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                               :

**In Re**                                    :          Chapter 11
                                                 :

**MOTORS LIQUIDATION COMPANY** (f/k/a   :          Case No. 09-50026 (REG)
General Motors Corp.), et al.,            :          (Jointly Administered)
                                               :

          Debtors.                    :          Hon. Robert E. Gerber
                                           :
-------------------------------------------------------------x

### ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS

Upon the Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors, dated July 17, 2009 (the "**Motion**"),[1] debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365 and 554 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of certain unexpired leases of personal property and/or for abandonment of collateral, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under MLC's prepetition secured term loan agreement, (v) the attorneys for the agent under MLC's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers— Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, and (xii) the counterparties to the Agreements listed on **Exhibit A** to the Motion, it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that

1.      The Motion is granted as provided herein.

2.      This Order is without prejudice to the rights of the Debtors or any parties in interest regarding the characterization of the Agreements as leases of personal property or as disguised secured financing arrangements.

3.      If the Agreements are later determined to be leases of personal property and not disguised financing arrangements, (a) the Agreements are deemed rejected as of July 31, 2009 *nunc pro tunc*, and (b) pursuant to Section 365(p) of the Bankruptcy Code, the automatic stay is terminated as to the Equipment.

4.      If the Agreements are later determined to be disguised secured financing arrangements and not leases of personal property, (a) the Equipment is deemed abandoned pursuant to section 554 of the Bankruptcy Code as of July 31, 2009 *nunc pro tunc*, and (b) the automatic stay under section 362(a) of the Bankruptcy Code is lifted so that the appropriate parties may take possession of the Equipment.

5.      The Debtors are authorized to execute all documentation Debtors deem necessary to facilitate the expeditious removal of the Equipment.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: _____, New York
       _____, 2009                    _____
                                                 United States Bankruptcy Judge



DETROIT.3751960