UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                              :

In re                                           :          Chapter 11 Case No.

GENERAL MOTORS CORP., *et al.*,     :          09-50026 (REG)

                      Debtors.      :          (Jointly Administered)

----------------------------------------------------------------x

DECLARATION AND DISCLOSURE STATEMENT OF <u>Peter S. Miller, Esquire</u>
ON BEHALF OF <u>Marshall, Dennehey, Warner, Coleman & Goggin</u>

STATE OF PENNSYLVANIA          )
                                            ) ss:
COUNTY OF PHILADELPHIA         )

        Peter S. Miller, Esquire hereby declares, pursuant to section 1746 of title 28 of the United States Code:

        1.     I am Chairman of the Board and Chief Operating Officer of Marshall, Dennehey, Warner, Coleman & Goggin located at 1845 Walnut Street, Philadelphia, PA 19103 (the "**Firm**").

        2.     General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases ( collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

        3.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which my Firm is to be employed.

6. The Debtors owe the Firm $14,142.66 for prepetition services.

7. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 7/8/09.

By: _____

01/5159731.v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
GENERAL MOTORS CORP., *et al.*,             :        09-50026 (REG)
                                            :
                           Debtors.         :        (Jointly Administered)
                                            :
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENERAL MOTORS CORPORATION OR ANY OF ITS DEBTOR SUBSIDIARIES (collectively, the "**Debtors**")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:   Russell B. Brooks

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   Marshall, Dennehey, Warner, Coleman & Goggin

   1845 Walnut Street

   Philadelphia, PA 19103

   _____

2. Date of retention: Marshall, Dennehey, Warner, Coleman & Goggin was

   First engaged to provide legal services on a case by case basis on or about

   June 17, 1988 and has continuously provided services from that time.

3.    Brief description of services to be provided:

Representation of General Motors in workmen's compensation matters

4.    Arrangements for compensation (hourly, contingent, etc.):

Hourly

   (a)    Average hourly rate (if applicable):

       $125.00/hour (rate effective since 10/06)

   (b)    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

       $20,000.00

5.    Prepetition claims against the Debtors held by the firm:

Amount of claim:    $14,142.66

Date claim arose:    Time billed between 2/08-5/09

Source of Claim:    Defense of workmen's compensation claims

6.    Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name:   None

Status: _____

Amount of Claim: $_____

Date claim arose: _____

Source of claim: _____

7. Stock of the Debtors currently held by the firm:

   Class of shares: <u>None</u>

   No. of shares: _____

8. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: <u>None</u>

   Status: _____

   _____

   Class of shares: _____

   No. of shares: _____

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

   <u>(1) The firm currently represents a reseller of a GM Yukon which was allegedly defective. GM is a party defendant and the reseller has tendered its defense to GM. (2) the firm also is defending a case which GM is a co-defendant and there may be crossclaims advanced between defendants including GM.</u>

11. Name of individual completing this form:

    <u>Peter S. Miller, Esquire</u>

01/5159722.v1