**United States Bankruptcy Court**
**Southern District of New York**
**One Bowling Green**
**New York, N.Y. 10004-1408**

## Lead Case # 09-50026

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY, et. al** | ) | Case # 09-0950026 |
| **Debtors** | ) | (Gerber) |
| (formerly General Motors Corp. et. al.) | ) | Jointly Administered |
| | ) | **July 16, 2009** |

### Statement of Issues and Designation of Documents related to my 7-7-2009 Notice of Appeal on 7-5-2009 Decision of Honorable Judge Robert E. Gerber, [on Debtors' Motion for approval of Sec. 363 Sale of Assets, etc. to Motors Liquidation Company et. al. (Formerly General Motors Corp. et. al.)] [1]

### Part One – Statement of Issues

1) Lax and ineffective supervision by the lower court in ensuring that Debtor's Chapter 11 filing notifications to various parties of interest (including the so-called unsecured bondholders - creditors) **are timely** to enable for an intelligent response from them, stifled, emasculated, and decimated the due process rights of such parties of interest and made the evidentiary hearings virtually ineffective [2].

2) Lower court's specific bias against and prohibition of *pro se* **parties of interest** (especially the so-called unsecured bondholders - creditors) from effectively and vigorously participating in the pre-evidentiary hearing discovery (such as request for production of documents), examinations of potential witnesses or participating during deposition of any potential witnesses; and cross-examination of witnesses during

---

[1] I reserve the right to add additional issues or modify the issues noticed here as it is warranted from time to time. Similarly, I reserve the right to identify and designate new documents, as it is warranted from time to time.

[2] In fairness to debtor, once their proper set up came on line, I started receiving information from its serving agent in a fast and efficient manner. For example, an order issued by the lower court on Wednesday, 7-15-2009, was promptly received by me that very evening.



evidentiary hearings on 6-30-2009 and 7-1-2009; and participating the closing arguments on 7-1-2009 and 7-2-2009, had effectively stifled, emasculated, and decimated the procedural and substantive due process rights of such parties of interest and made the evidentiary hearings virtually ineffective.

3)    The entire proceedings of this Chapter 11 case have been infected and consequently vitiated the outcomes in this case by virtue of the fact that the Chief Judge of the SDNY bankruptcy court is the spouse of a partner of the attorneys for the Debtor; and yet the partner another law firm appearing before the lower court happened to be closely associated with the United States Treasury, the Purchaser in the 363 Sale transaction in this case.

4)    The lower court's 7-5-2009 ruling and decision on the issue of treating cash infusion by the U.S. treasury between 12-31-2008 and 5-31-2009, as capital contribution, rather than loans, is perfunctory and a plain error in application of proper law and requires a *de novo* ruling on appeal [3]. A proper application of law would result in a deficiency in purchase prince, since it would not allow the U.S. Treasury to make a credit bid. This would also mean that the U.S. Treasury has to bring in additional funds of $27.0 billion dollars towards the purchase price.

5)    The lower court's 7-5-2009 ruling and decision on the issue of breach of the 12-7-1995 indenture, triggering automatic equal and joint security interest by the so-called unsecured bondholders, is perfunctory and a plain error in application of proper law and requires a *de novo* ruling on appeal. [4] A proper application of the law would/should result in treating the $27.00 billion debt as "secured" and, hence, a better and a much higher equity position in the purchaser's UST sponsored corporation.

6)    The purchase consideration offered by the Purchaser (sponsored by the U.S. Treasury) was totally unfair to the Debtor (and thus indirectly to Creditors, including the so-called unsecured bondholders) in that the Debtor's operating loss carry forward by the Purchaser that would result in an effective federal tax refund of $31.5 billion dollars was not counted at all in arriving at the purchase price. The negotiations about the purchase price were not at arm's length and they were virtually articulated and dictated by the U.S. Treasury (sponsor of the purchaser) to the Debtor. A proper arm's length transaction

---

[3] Since this *pro se* appellant, who has raised most of these issues in his adversarial complaint (docket # 1568) dated 6-16-2009, has been banned/prohibited by the lower court in participating in the pre-evidentiary hearing process (see Issue # 2 above), no effective examination of the witnesses could take place, and no documentary evidence could be established on record during the evidentiary hearing process. **HENCE, THE APPELLANT SHOULD BE AFFORDED AN OPPORTUNITY TO COMPLETE THIS PROCESS BEFORE THE APPEAL COULD BE HEARD.**

[4] See footnote # 2 above.

would command more infusion of cash by the U.S. Treasury.

7) No consideration was given at all by the lower court to equitably subordinate the claims of the U.S. Treasury to that of the so-called unsecured bondholders. This would have severe impact on the purchase price articulated and dictated by the U.S. Treasury.

8) The lower court's action in decimating the claims of the so-called unsecured bondholders (See issue # 5 above) is in violation of the "takings" clause of the U.S. Constitution, inasmuch as the so-called unsecured bondholders have, in fact, a "property interest" in the collaterals of GM. Also, the "public policy" declarations by President O'Bama should result in directly nationalizing the GM by using a fair market value approach, at taxpayer's expense.

9) Is there a bankruptcy fraud?

## Part Two – Designation of Documents

A) Depositions of Harry Wilson, Frederick Henderson, William C. Repko, J. Stephen Worth, Albert Koch, and Michael Raleigh.[5]

B) Affidavits of Harry Wilson (# 2577) and Frederick Henderson (#sm 21 and 102).

C) Declarations of David Curson (# 2518) and Michael Raleigh (# 3109). However, applicant is unable to locate the declarations of William Repko, J. Steven Worth, and Albert Koch.

D) Case Management Order # 1 (Docket # 157).

E) Decision of Lower Court (Docket #s 2967, 2968, and 2985).

F) Motion on Sale (Docket # 92).

G) Appellant's Memorandum of Law (Docket # 2357)

H) Appellant's Adversarial Complaint (Docket # 1568)

I) Debtor's Memorandum of Law (Docket # 105)

J) Evidentiary Hearing Testimonies of Frederick Henderson, Harry Wilson, William Repko, Albert Koch, Michael Raleigh, and David Curson; and final arguments – on 6/30/2009,

_____

[5] This appellant is unable to locate these documents in the court's docket sheet. In fact, even the PDF files are missing. However, it seems that the debtor is in possession of such documents.

7/1/2009, and 7/2/2009 (Docket #s 2922, 2926, 2927, 2928, 2930, 2931, 2932, 2972, 2973, 2974, 3062). **All PDF files are missing in these docket entries**.

K)   Debtor's indentures dated 11-15-1990 and 12-7-1995 and other supplements thereto. Appellant is unable to locate the docket numbers.

L)   Loan Agreement between U.S. Treasury and GM dated 12-31-2008 and all supplements and modifications thereof. Appellant is unable to locate the docket numbers.

M)   All UCC filings made by secured bondholders, as well as by U.S. Treasury. Appellant is unable to locate the docket numbers.

N)   Informal Note-holders' group (Docket # 316).

O)   Objections to late Notice: (#s 1260, 1277, 1290, 1692, 2025, 2104, 2123, 2128, 2193, 2194, 2211, 2216 – just to name a few).

Respectfully submitted.

Dated at New Haven, Conn. 06513, this 16th h day of July, 2009.

CREDITOR (Interested Party) *Pro Se*

7/16/2009

(Radha R.M. Narumanchi)
657 Middletown Avenue
New Haven, Conn. 06513
Phone: (203) 562-0536
Email: rrm_narumanchi@hotmail.com

**Certification**

This is to certify that a copy of the aforementioned was mailed by first class mail, postage paid this 16th day of July, 2009 to:

1) Weil, Gotshal & Manges LLP, Attorneys for Debtors, 767 Fifth Avenue, New York, N.Y. 10153 - Attn: Harvey R. Miller/Stephen Karotkin/Joseph H. Smolinsky;

2) Cadwalader, Wickersham & Taft LLP, Attorneys for the Purchaser, One World Financial Center, New York, N.Y. 10281 - Attn: John J. Rapisardi;

3) Kramer Levin Naftalis & Frankel LLP, Attorneys for the Creditors Committee, Attorneys for the Creditors Committee, 1177 Avenue of the Americas, New York, N.Y. 10036, Attn: Kenneth H. Eckstein;

4) Cleary Gottlieb Steen & Hamilton LLP, Attorneys for the UAW, One Liberty Plaza, New York, N.Y. 10006 - Attn: James L. Bromley;

5) Cohen, Weiss and Simon LLP, Attorneys for the UAW, 330 West 42nd Street, New York, N.Y. 10036 - Attn: Babette Ceccotti;

6) Vedder Price, P.C., Attorneys for Export Development Canada, 1633 Broadway - 47th Floor, New York, N.Y. 10019 - Attn: Michael J. Edelman/Michael L. Schein;

7) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, N.Y. 10004 - Attn: Diana G. Adams;

8) U.S. Attorney's General Office, S.D.N.Y., 86 Chambers Street - Third Floor, New York, N.Y. 10007 - Attn: David S. Jones/Matthew L. Schwartz.

*7/16/2009*

(Radha R.M. Narumanchi)