LATHAM & WATKINS LLP
George Royle
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
Email: george.royle@lw.com

and

Douglas Bacon
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: douglas.bacon@lw.com

Attorneys for GE Capital Corporation and its
affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **GENERAL MOTORS CORP., et al.** | ) | **Case No. 09-50026 (REG)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |

**SECOND SUPPLEMENTAL OBJECTION OF GE CAPITAL CORPORATION AND
CERTAIN OF ITS AFFILIATES TO NOTICES OF (I) DEBTORS' INTENT
TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

GE Capital Corporation and certain of its affiliates (collectively, "GECC"), by and

through their undersigned counsel, file this objection (the "Second Supplemental Objection") to

the Notices of Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired

Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property (the

"Assumption Notices") and cure amounts related thereto, served upon the GECC and its affiliates by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the requirements of the *Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009* (the "Sale Procedures Order") (Docket No. 274). In support of this Second Supplemental Objection, GECC respectfully represents as follows:

## BACKGROUND

1.     On June 15, 2009, GECC filed the *Objection of GE Capital Corporation and Certain of its Affiliates and U.S. Bank, as Owner Trustee on its Behalf, to (I) Debtors' Motion to Assume and Assign Certain Executory Contracts and (II) to Notice of (A) Debtors' Intent to Assume and Assign Certain Executory Contacts, Unexpired Leases of Personal Property and Unexpired Leases of NonResidential Real Property and (B) Cure Amounts Related Thereto* (the "Initial Assumption Objection") (Docket No. 1143), which set forth GECC's objections to the first series of Assumption Notices received by GECC. The Initial Assumption Objection is hereby incorporated by reference.

2.     On June 19, 2009, GECC filed the *Limited Objection of GE Capital Corporation, and Certain of its Affiliates, and U.S. Bank, as Owner Trustee on its Behalf, to Debtors' Motion to Approve the Sale Pursuant to the Master Sale and Purchase Agreement* (Docket No. 1921)

CH\1113000.1

(the "Sale Objection"), pursuant to which GECC objected to the sale contemplated by the Sale

Procedures Order (the "Sale").

3.      On June 25, 2009, after receiving further Assumption Notices setting forth

additional contracts to be assumed and assigned, GECC filed the *Supplemental Objection of GE*

*Capital Corporation and Certain of its Affiliates to Notice of (I) Debtors' Intent to Assume and*

*Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired*

*Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No.

2491) (the "Supplemental Objection").  The Supplemental Objection is hereby incorporated by

reference.

4.      On July 2, 2009, the Court entered the *So Ordered Stipulation Signed On*

*7/2/2009, Resolving Objection To Sale Re: General Electric Capital Corporation* (Docket No

2947) (the "GECC Stipulation"), pursuant to which the Debtors and GECC resolved for purposes

of the Sale GECC's objections related to the assumption and assignment of certain heavy

equipment leases, and pursuant to which GECC withdrew its Sale Objection.

5.      GECC has now received another series of Assumption Notices setting forth

additional GECC contracts to be assumed by the Debtors.[1]  The Assumption Notices continue to

direct GECC to the same GM-managed and password-protected website (the "Website"),

"contractnotices.com," to learn the proposed cure amounts and other terms of the assumption and

assignment of its contracts.  It is still unclear based on the listing provided on the Website which

specific agreements the Debtors intend to assume and assign.  There is no way for GECC to

---

[1]      In total, GECC has received at least six Assumption Notices, including several "Second
         Notices," that collectively list more than 100 contracts with GECC and its affiliates that
         the Debtors propose to assume.

CH\1113000.1

discern both the specific agreements the Debtors propose to assume and assign, the proposed

cure amounts, and the Debtors' intentions with respect to the agreements listed on the Website.

## OBJECTION

6.     GECC still cannot determine which agreements the Debtors propose to assume

and assign.  The agreements listed on the Website are impossible for GECC to identify, as they

are listed by "GM Contract ID" and other GM numbers that GECC cannot interpret.

Furthermore, the Website lists no other information that would help GECC understand the

Debtors' proposed treatment of its agreements, including the proposed cure amounts for each

contract.  In addition, GECC cannot determine whether its interests are being adequately

protected or who is providing such adequate protection.  GECC has not been provided with

sufficient information to determine which specific agreements the Debtors propose to assume

and assign to the newly created General Motors Company, or how the Debtors propose to

adequately protect GECC's interests.  GECC objects to the assumption and assignment of the

agreements listed on the Assumption Notices on the grounds that the Debtors have failed to

provide adequate notice of the specific agreements that they intend to assume and assign, and

therefore have not and cannot establish their ability to satisfy the conditions to assumption set

forth in section 365(b) and 365(f)(2)(B) of the Bankruptcy Code.

7.     GECC and the Debtors have begun the process of identifying each contract listed

on the Website and the appropriate cure amount related thereto.  However, each Assumption

Notice sets forth a ten-day objection deadline.  Thus, so GECC will not be deemed to have

waived its right to object to assumption and assignment of the agreements listed on the Website,

GECC makes this Second Supplemental Objection and expressly does not consent to the

proposed assumption and assignment of such agreements.  GECC also plans to discuss an

4

arrangement with the Debtors whereby further objection will not be necessary in the event the Website is supplemented in the future or new Assumption Notices are served upon GECC.

8.      GECC reserves all of its rights and remedies, including the opportunity to object pending proper notification by the Debtors of their intent to assume and assign their agreements with GECC and its affiliates.

5

WHEREFORE, GECC respectfully requests that this Court deny the Debtors' proposed

assumption and assignment of certain executory contracts set forth on the Assumption Notices,

and to award such other and further relief as is just and equitable.


Dated:  July 21, 2009                          Respectfully submitted,
New York, NY


                                               **LATHAM & WATKINS LLP**

                                               By: /s/ George Royle _____
                                                   George Royle
                                               885 Third Avenue, Suite 1000
                                               New York, New York 10022
                                               Telephone:  (212) 906-1200
                                               Facsimile:  (212) 751-4864

                                               -and-

                                               Douglas Bacon
                                               233 S. Wacker Drive, Suite 5800
                                               Chicago, Illinois 60606
                                               Telephone:  (312) 876-7700
                                               Facsimile:  (312) 993-9767

                                               Attorneys for GE Capital Corporation and its
                                               affiliates

CH\1113000.1