**Return Date: August 3, 2009**
**Objection Deadline: July 29, 2009**

Andrew K. Lipetz
WASSERMAN GRUBIN & ROGERS, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of Counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
BAZELON LESS & FELDMAN, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319

*Counsel for ACE American*
  *Insurance Company and Affiliated Companies*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | :     Chapter 11 |
| GENERAL MOTORS CORP., et al. | : |
| | :     Case No. 09-50026 (REG) |
| Debtors | : |
| | :     (Jointly Administered) |

### NOTICE OF MOTION BY
### ACE AMERICAN INSURANCE COMPANY AND AFFILIATED COMPANIES
### PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(d)(2)
### FOR AN ORDER REQUIRING THE DEBTORS TO ASSUME OR REJECT
### INSURANCE POLICIES AND RELATED AGREEMENTS

**PLEASE TAKE NOTICE**: upon the annexed motion, dated July 21, 2009, of Ace

American Insurance Company and affiliated companies (collectively "ACE") to Compel Debtors

to Assume or Reject Insurance Policies and related Agreements ("the Motion"), ACE shall on

August 3, 2009 (or at a date thereafter at the convenience of the Court), move before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, of the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004,

for an order pursuant to 11 U.S.C. §§ 105(a) and 365(d)(2): (i) requiring Debtors to determine by

no later than August 9, 2009 whether to assume or reject certain Insurance Policies and related

Agreements as set forth in the accompanying Proposed Order, (ii) in the event of an assumption,

requiring Debtors to cure defaults and provide adequate assurances of future performance; and;

(iii) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE:** that any responses or objections to the Motion

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Rules

of the Bankruptcy Court, Case Management Order #1, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-242 (which may be obtained at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with hard copy delivered

directly to Chambers), and served in accordance with General Order M-242, and upon (a)

counsel for the movant, ACE American Insurance Company and Affiliated Companies, at the

following address: Wasserman Grubin & Rogers LLP, att: Andrew K. Lipetz, 1700 Broadway,

New York, New York 10019; (b) the Office of the United States Trustee for the Southern

District of New York, att: Diane G. Adams, 33 Whitehall Street, 21st Floor, New York, New

York, and (c) counsel for the Purchaser, Cadwalader Wickersham & Taft LLP, att: John G.

Rapisardi, One World Financial Center, New York, New York 10281, so as to be received by no

later than July 29, 2009.  Failure to timely object may result in the entering of the Proposed

Order by the Court without further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      July 21, 2009

                              Respectfully Submitted

                                /s/Andrew K. Lipetz
                              Andrew K. Lipetz
                              Wasserman Grubin & Rogers, LLP
                              1700 Broadway, 42nd Floor
                              New York, NY 10019


                              Of counsel

                              Jeffrey A. Less. Esquire
                              Jennifer L. Hoagland, Esquire
                              Helen Heifets, Esquire
                              Bazelon Less & Feldman, P.C.
                              1515 Market Street, Suite 700
                              Philadelphia, PA 19102
                              *Counsel for ACE American Insurance Company*

Andrew K. Lipetz
Wasserman Grubin & Rogers, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of Counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
Bazelon Less & Feldman, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319
*Counsel for ACE American*
   *Insurance Company and Affiliated Companies*

**Return Date:  August 3, 2009**
**Objection Deadline: July 29, 2009**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | |
|  | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, | : | |
| *et al.* | : | |
|  | : | Case No. 09-50026 (REG) |
| Debtors | : | |
|  | : | (Jointly Administered) |

## MOTION OF ACE AMERICAN INSURANCE COMPANY
## AND AFFILIATED COMPANIES
## TO COMPEL DEBTORS TO ASSUME OR REJECT
## <u>INSURANCE POLICIES AND RELATED AGREEMENTS</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

SUMMARY OF THE MOTION ................................................................................. 1

ACE'S PREVIOUS ATTEMPTS TO COMPEL THE DEBTORS TO DISCLOSE THE
PROPOSED TREATMENT OF THE ACE POLICIES AND AGREEMENTS ......................... 3

JURISDICTION ....................................................................................................... 4

RELEVANT FACTS AND PROCEDURAL HISTORY ............................................... 5

    A.    The ACE  Policies and Agreements........................................................ 5

    B.    The Current Status of the ACE Policies And Agreements ..................... 6

    C.    Debtors' Failure To Provide Adequate Information Concerning the
        Intended Treatment of the ACE Policies and Agreements ..................... 8

    D.    ACE's Pending Limited Objections to the Notices and to the Debtors' Sale
        Motion........................................................................................... 10

THE DEBTORS SHOULD BE COMPELLED TO ASSUME OR REJECT THE ACE
POLICIES AND AGREEMENTS BY AUGUST 9, 2009, AND, IN THE EVENT OF
AN ASSUMPTION, TO CURE DEFAULTS AND PROVIDE ADEQUATE
ASSURANCES OF FUTURE PERFORMANCE ..................................................... 11

WAIVER OF MEMORANDUM OF LAW. ............................................................. 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*In re Wireless Data, Inc.,* 547 F.3d 484 (2d Cir. 2008) ................................................7, 11

### FEDERAL STATUTES

11 U.S.C. §105 ................................................................................................................3

11 U.S.C. §105(a) .........................................................................................................1, 5

11 U.S.C. §363 ................................................................................................................3

11 U.S.C. §365 .............................................................................................................3, 7

11 U.S.C. §365(d)(2) ................................................................................................1, 5, 11

28 U.S.C. §157 ................................................................................................................5

28 U.S.C. §1334 ..............................................................................................................5

### RULES

Fed. R. Bank. P. 2002 ......................................................................................................3

Fed. R. Bank. P. 6004 ......................................................................................................3

Fed R. Bank. P. 6006 .......................................................................................................3

Local R. Bank. P. 9013-1(b) ............................................................................................13

**MOTION OF ACE AMERICAN INSURANCE COMPANY
AND AFFILIATED COMPANIES
TO COMPEL DEBTORS TO ASSUME OR REJECT
INSURANCE POLICIES AND RELATED AGREEMENTS**

ACE American Insurance Company, on behalf of itself and its affiliated insurers and reinsurers (collectively "**ACE**"), moves pursuant to 11 U.S.C. §§105(a) and 365(d)(2) to compel the Debtors to assume or reject Insurance Policies and related Agreements entered into by the Debtors and ACE and, in the event of assumption, to cure defaults and provide adequate assurance of future performance.

## SUMMARY OF THE MOTION

1.      ACE American Insurance Company and its affiliates (collectively, "**ACE**") have entered into numerous insurance policies and related agreements (hereinafter, the "**ACE Policies and Agreements**") with the Debtors.

2.      The ACE Policies and Agreements include, but are not limited to, a Foreign Casualty Insurance Program that has been in place for many years.   The ACE Policies and Agreements also include, but are not limited to, directors and officers liability insurance policies, excess casualty insurance policies and other types of insurance policies.[1]

3.      The ACE Policies and Agreements also include, but are not limited to, numerous agreements concerning, among other things, the payment of premiums, the identification and handling of claims, the collateral security provided to ACE in order to protect ACE against a default by the Debtors, and many other related subjects.

---

[1] The ACE Policies and Agreements are numerous and voluminous. Since the filing of the instant bankruptcy case, ACE has been working diligently to identify all of the documents that comprise the ACE Policies and Agreements. However, due to the unusually fast pace of this proceeding, the process of identification of all such documents is not yet complete.

4.      The ACE Policies and Agreements are typically integrated with one another, and therefore they operate as overall insurance programs.

5.      The ACE Policies and Agreements are executory contracts.

6.      ACE is submitting this Motion because:

   a.      To date, the Debtors have not assumed or rejected the ACE Policies and Agreements.

   b.      The Debtors have served on ACE two vague and indefinite Notices of Intent To Assume and Assign Certain Executory Contracts (the "**Notices of Intent To Assume**" or the "**Notices**"). However, the limited information provided in those Notices, including the extremely limited information that could be and was accessed by using the instructions therein, was unintelligible.

   c.      Despite repeated and ongoing efforts by ACE to initiate discussions with the Debtors, the Debtors have failed to state their intentions concerning the assumption and assignment of the ACE Policies and Agreements, regarding the satisfaction of any cure amounts, and regarding adequate assurances of future performance.

7.      The Debtors recently closed on the sale of substantially all their assets to the entity that is now known and trading as General Motors Company ("**New GM**" or the "**Purchaser**").

8.      In light of the fact that the Debtors have not yet assumed any of the ACE Policies and Agreements, it appears that New GM does not have coverage under the ACE Policies and Agreements.

2

9.      Moreover, it appears that a number of the Debtors' foreign subsidiaries and affiliates that were insured under the ACE Foreign Casualty Insurance Program also may not have coverage, because they are no longer subsidiaries or affiliates of the Debtors.

10.     Under these circumstances, ACE is unable to determine the scope of its obligations, if any, to the Debtors and/or to New GM and its subsidiaries and affiliates.

11.     The uncertainty about whether the Debtors are assuming and assigning the ACE Policies and Agreements will likely impede the performance of the obligations of all parties to the ACE Policies and Agreements.

## ACE'S PREVIOUS ATTEMPTS TO COMPEL THE DEBTORS TO DISCLOSE THE PROPOSED TREATMENT OF THE ACE POLICIES AND AGREEMENTS

12.     On June 19, 2009, ACE filed its Limited Objections to the Debtors' Motion, pursuant to 11 U.S.C. §§ 105, 363 and 365, and Fed. R. Bank. P. 2002, 6004 and 6006, To Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief (hereinafter, "ACE's Limited Objections to the Sale Motion").

13.     ACE's Limited Objections to the Sale Motion, like the present motion, were filed primarily for the purpose of inducing the Debtors to state and act upon their intentions with regard to the ACE Policies and Agreements.

14.     ACE's Limited Objections to the Sale Motion constitute "**Limited Contract Objections**" as that phrase is defined in this Court's Order of July 5, 2009 which, *inter alia*, authorized the sale of Debtors' assets pursuant to the Amended and Restated Master Sale and Purchase Agreements (hereinafter, the "**Order of July 5, 2009**").

3

15.    All **Limited Contract Objections** are to be heard on August 3, 2009 (*see id.* at ¶2).

16.    However, the Debtors failed to list ACE's Limited Contract Objection for hearing on August 3, 2009. In particular:

a.    On July 7, 2009, the Debtors filed their Notice of Adjournment and Hearing on Limited Contract Objections.

b.    Exhibit B to the Debtors' Notice of Adjournment and Hearing purport to list the **Limited Contract** Objections to be heard on August 3, 2009.

c.    However, Exhibit B to the document omits ACE's Limited Contract Objections.

17.    On July 10, 2009, ACE's counsel brought this omission to the attention of Debtors' counsel. *See* the accompanying Declaration of Helen Heifets ("**Heifets Decl.**"), **Exhibit A** hereto at ¶¶20-23, and letter of July 10, 2009, attached as **Exhibit 1** to Heifets Decl.

18.    To date, neither Debtors nor their Counsel has responded to ACE's request in this regard.[2] (*See* Heifets Decl. at ¶24.)

19.    Under these circumstances, ACE must file the instant Motion to ensure that it will be heard on issues relating to the assumption and assignment of the ACE Policies and Agreements and the terms of the proposed assignment.

## JURISDICTION

20.    On June 1, 2009, this Chapter 11 bankruptcy proceeding was commenced by the Debtors.

---

[2] Debtors' counsel left a general voicemail for Attorney Heifets on July 20, 2009, which was returned on July 21, 2009, but counsel have not yet spoken.

21.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

22.    The basis for relief requested in this Motion is §§ 105(a) and 365(d)(2) of the

Bankruptcy Code.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    The ACE Policies and Agreements

23.    For over twenty years, ACE provided various forms of insurance to the

Debtors.    This has included, without limitation, general liability, automobile, workers

compensation, excess, directors and officers, and other forms of insurance.

24.    The insurance provided to the Debtors over the years has included a Foreign

Casualty Insurance Program.  The coverages extended under the Foreign Casualty Insurance

Program alone have included -- and still include -- general liability, employee benefits,

automobile, and contingent automobile liability insurance.

25.    The Debtors and their foreign affiliates and subsidiaries have purchased the

Foreign Casualty Insurance Program from ACE principally on a "fronted" basis.

26.    A "fronted" insurance policy cedes the risk from the insurer to either a reinsurer

or back to the insured.

27.    In this case, the majority of the insured risk was ceded to General International

Limited ("GIL"), a captive reinsurer that was a wholly-owned subsidiary of the Debtors.   Upon

information and belief, GIL may be among the assets recently sold by the Debtors to New GM.

28.    The Foreign Casualty Insurance Program involved -- and still involves -- a

"**Master Policy**" issued by ACE to the Debtors and "**Local Policies**" issued by ACE and ACE

partner companies to the Debtors and/or to foreign subsidiaries and affiliates of the Debtors.

5

29.    Under the Foreign Casualty Insurance Program, ACE was and is responsible for the payment of claims covered by the Master Policy and the Local Policies, and (with the exceptions noted below) ACE was and is entitled to obtain reimbursement for such payments from the reinsurer GIL.

30.    The principal exception to this arrangement concerns the first £100,000 (one hundred thousand pounds sterling) per claim presented under the Employer Liability policy issued to the Debtors for their business operations in the United Kingdom (hereinafter, the "**UKEL Policy**"), which the Debtors are obligated to reimburse to ACE.

31.    The Master Policy was and is one of many policies and agreements entered into by ACE and the Debtors in connection with the ACE Foreign Casualty Insurance Program. Other agreements under that program include, but are not limited to the UKEL Policy, a Security Agreement and ACE Global Underwriters Foreign Casualty Cash Flow Binder. [3]

32.    In addition, over the years, ACE has entered into other insurance policies and agreements with the Debtors.  For purposes of these objections, all such other policies and agreements shall be included within the ACE Policies and Agreements.

**B.    The Current Status of the ACE Policies And Agreements**

33.    Before the bankruptcy petitions were filed, the Debtors renewed the Foreign Casualty Insurance Program.  It remains in effect.

34.    The other ACE Policies and Agreements also remain in effect to the extent required by their terms and conditions.

35.    Debtors' continuing obligations under the ACE Policies and Agreements include, without limitation:

---

[3]    As noted above, because the ACE Policies and Agreements are numerous and voluminous, they are not attached hereto.  They may be obtained from the undersigned counsel for ACE upon request.

     a.      payment of premiums;

     b.      reimbursement of ACE for certain claims;

     c.      provision and maintenance of collateral security;  and

     d.      provision and maintenance of paid loss deposit funds and similar funds for

payment of claims.

36.     ACE's obligations under the ACE Policies and Agreements include, without limitation, providing insurance coverage and paying covered claims in accordance with the terms of the relevant policies.

37.     Thus, under the ACE Policies and Agreements, ACE has on-going and material obligations to the Debtors, and the Debtors have on-going and material obligations to ACE, such that failure of either party to complete performance would constitute a material breach excusing performance of the other party.

38.     The ACE Policies and Agreements are executory contracts within the meaning of §365 of the Bankruptcy Code. *In re Wireless Data, Inc.,* 547 F.3d 484, 488, n.1 (2d Cir. 2008).

39.     To date, the Debtors have required ACE to perform all of its obligations under the ACE Policies and Agreements, even though -- as explained below -- the Debtors have not yet assumed the ACE Policies and Agreements.

**C.    Debtors' Failure To Provide Adequate Information Concerning the Intended Treatment of the ACE Policies and Agreements**

40.    Under this Court's Order of June 2, 2009,[4] this Court's Order of July 5, 2009, and the Amended and Restated Master Sale and Purchase Agreement (the "**MPA**"), the procedures relating to assumption and assignment of executory contracts include the following:

a.    The Debtors may serve a Counter-Party with a Notice of Intent To Assume which includes instructions for access to a secure website. The website is supposed to provide each Counter-Party with information as to which executory contracts are intended for assumption and assignment and the amount of cure.    (*See* June 2, 2009 Order at ¶ 10; July 5, 2009 Order at ¶ 23.)

b.    The Debtors also may include one or more executory contracts in Schedule 6.6(a)(i) of the Seller Disclosure Statements.    (Schedule 6.6 (a)(ii) is a listing of contracts that were assumed in accordance with the procedure described in sub-paragraph (a) above, *i.e.* through the service of Notices.) (*See* MPA at § 6.6; July 5, 2009 Order at ¶ 23).

c.    The Purchaser has the right to modify schedules 6.6(a)(i) and 6.6(a)(ii) until the **Executory Contract Designation Deadline**, which will occur thirty (30) days after the **Closing Date**, *i.e.*, on August 9, 2009.  (*See* the MPA at §6.6(a).) [5]

41.    To date, the Debtors have not utilized these procedures to assume any of the executory ACE Policies and Agreements.

---

[4] This Court's Order dated June 2, 2009 referenced above established, *inter alia*, the procedures that must be followed by the Debtors for assumption and assignment of executory contracts. Hereinafter, we will refer to that Order as the "**Order of June 2, 2009**".

[5] The Order of July 5, 2009 further provides that if a Counter-Party files a Limited Contract Objection, then the executory contracts between the Debtors and that Counter-Party are not assumed until the Objection is overruled or otherwise resolved. (*See* Order of July 5, 2009 at ¶23).

42.     The Debtors have not included the ACE Policies and Agreements in Schedule 6.6(a)(i).

43.     ACE has received two Notices of Intent To Assume. *See* Heifets Decl., <u>Exh. A</u> at ¶5.

44.     However, with regard to each Notice, counsel for ACE followed all the instructions but was unable to gain any intelligible information as to which, if any, of the ACE Policies and Agreements were the intended subject of the Notice. (*Id.* at ¶¶ 7-15).

45.     When counsel for ACE gained access to the website in accordance with the instructions in the first Notice, the only information displayed was the name of the Counter-Party to the purportedly assumed and assigned contract – "ACE American Insurance Company." There was no other information to identify which of the ACE Policies and Agreements was intended by the Debtors for an assumption and assignment. (*Id.* at ¶7).

46.     Similarly, when counsel for ACE gained access to the website in accordance with the instructions in the second Notice, the only information displayed was that the name of the Counter-Party to the purportedly assumed and assigned contract was "ACE USA", which is not even a name of a company, but a description of a group of affiliated companies. (*Id.* at ¶¶ 11-12).

47.     In each case, counsel for ACE followed the instructions in the Notices and on the website and clicked on "view the cure amount detail," but no information about the amount of the cure was displayed. (*Id.* at ¶¶ 10,13).

48.     In each case, counsel for ACE called the telephone number of the help line provided in the Notice, but people who answered the help line were unable to provide any

additional information as to which contracts the Debtors intended to assume and assign, or the amount of cure for those contracts. (*Id.* at ¶¶ 14-15).

### D. ACE's Pending Limited Objections to the Notices and to the Debtors' Sale Motion

49.    On June 19, 2009, ACE filed its Limited Objections to the Sale Motion, which were docketed as Docket Item No. 1999.

50.    ACE's Limited Objections to the Sale Motion included objections to the first Notice of Assumption, which was dated June 2, 2009 but not received by ACE until June 15, 2009.

51.    In its Limited Objections to the Sale Motion, ACE sought to compel the Debtors to clarify whether they intend to assume and assign the ACE Policies and Agreements, and, if so, the terms of the proposed assignment.

52.    ACE's Limited Objections to the Sale Motion constitute a "**Limited Contract Objection**" under paragraph 2 of the Order of July 5, 2009.

53.    However, as explained above, ACE's Limited Objections to the Sale Motion were omitted by the Debtors from the list of the Limited Contract Objections scheduled for a hearing on August 3, 2009 – the **Limited Contract Objections Hearing.**

54.    ACE therefore was forced to file the instant Motion to ensure a hearing on the issues of whether the Debtors intend to assume and assign the ACE Policies and Agreements, and the terms of the proposed assignment.

55.    On July 13, 2009, ACE filed its Limited Objections to the second Notice of Assumption and Assignment, docketed as Docket Item No. 3135.

56.    ACE's Limited Objections to the second Notice of Assumption and Assignment were filed, in accordance with the Order of June 2, 2009, to preserve ACE's rights to object to the second Notice, which, as discussed above, contained no intelligible information.

57.    ACE's Limited Objections to the second Notice of Assumption and Assignment constitute a "**Limited Contract Objection**" under the Order of July 5, 2009.

58.    To date, ACE and its counsel have not received any response from the Debtors to the two Limited Objections filed by ACE. (*See* Heifets Decl. at ¶27).

### THE DEBTORS SHOULD BE COMPELLED TO ASSUME OR REJECT THE ACE POLICIES AND AGREEMENTS BY AUGUST 9, 2009, AND, IN THE EVENT OF AN ASSUMPTION, TO CURE DEFAULTS AND PROVIDE ADEQUATE ASSURANCES OF FUTURE PERFORMANCE

59.    The ACE Policies and Agreements are executory contracts within the meaning of §365 of the Bankruptcy Code. *In re Wireless Data, Inc.,* 547 F.3d at 488, n.1.

60.    Under 11 U.S.C. §365(d)(2), any party may request that the Court order a debtor to determine within a specific period of time whether to assume or reject an executory contract.

61.    To date the Debtors have not assumed their executory contracts with ACE.

62.    Furthermore, as explained above, to date the Debtors have provided to ACE ambiguous information concerning the Debtors' intention to assume and assign the ACE Policies and Agreements.

63.    The Debtors' failure to state clearly their intentions concerning the treatment of the ACE Policies and Agreements and future performance thereunder may adversely affect ACE, the Debtors, and the New GM.

64.    Many of the Debtors' foreign subsidiaries and affiliates that were insured under the ACE Foreign Casualty Insurance Program appear to have been purchased by the New GM.

65.    Since the Debtors have not yet assumed and assigned the ACE Policies and Agreements, it appears that neither the New GM nor the subsidiaries and affiliates acquired by it from the Debtors have coverage under the ACE Foreign Casualty Insurance Program.

66.    It is also unknown to ACE which party, if any, should be performing the obligations of the Debtors and GIL under the ACE Policies and Agreements.

67.    Under these circumstances, ACE is unable to determine the scope of its own obligations, if any, to the Debtors or the New GM.

68.    The uncertainties and the lack of information described above are likely to impede the performance by the parties of their respective obligations under the ACE Policies and Agreements.

69.    In addition, the extant questions about insurance coverage for the foreign subsidiaries and affiliates purchased by the New GM from the Debtors may have a detrimental effect on the operations of the New GM.

70.    The Debtors should be compelled to advise ACE whether they are assuming and assigning the ACE Policies and Agreements.

71.    Under the MPA, the **Executory Contract Designation Deadline** falls on August 9, 2009, which is thirty (30) days after the **Closing Date** that took place on July 10, 2009. (*See* MPA at § 6.6(a))

72.    ACE respectfully requests that the Debtors be compelled to assume and assign the ACE Policies and Agreements on or before the **Executory Contract Designation Deadline** of August 9, 2009, or else reject the same.

73.    Furthermore, in the event that the Debtors intend to assume the ACE Policies and Agreements, the Debtors must:

a.      Provide for and effectuate a full cure of any defaults and provide adequate assurances that the Debtors would cure any defaults under the ACE Policies and Agreements;

b.      Provide to ACE the information regarding the financial condition of the New GM, so that ACE could make an informed decision whether to agree to an assignment of the ACE Policies and Agreements to the New GM; and

c.      Provide to ACE, as a condition of the assignment of the ACE Policies and Agreements to the New GM, a valid and acceptable written commitment from the New GM to fully perform Debtors' obligations under the ACE Policies and Agreements.

## WAIVER OF MEMORANDUM OF LAW.

74.     Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, ACE respectfully requests that the Court waive the requirement that ACE file a memorandum of law in support of these Limited Objections.

WHEREFORE, ACE American Insurance Company respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting the following relief:

a.      Directing the Debtors to assume or reject the ACE Policies and Agreements on or before August 9, 2009;

b.      In the event of an assumption, directing the Debtors:

i.      to provide for and effectuate a cure of any defaults and provide adequate assurances that they would cure the defaults under the ACE Policies and Agreements;

13

        ii.     to provide to ACE the information regarding the financial condition of the New GM, so that ACE could make an informed decision whether to agree to an assignment of the ACE Policies and Agreements to the New GM; and

        iii.     to provide to ACE, as a condition of the assignment of the ACE Policies and Agreements to the New GM, a valid and acceptable written commitment from the New GM to fully perform Debtors' obligations under the ACE Policies and Agreements.

Dated: New York, New York
      July 21, 2009

Respectfully Submitted

_/s/ Andrew K. Lipetz_

Andrew K. Lipetz
Wasserman Grubin & Rogers, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102
Telephone: 215-568-1155
Facsimile: 215-568-9319

*Counsel for ACE American*
*Insurance Company and Affiliated Companies*

14

# EXHIBIT A

Andrew K. Lipetz, Esquire                          Counsel for ACE
Wasserman Grubin & Rogers, LLP                     American Insurance
1700 Broadway, 42nd Floor                          Company and Affiliated
New York, NY 10019                                 Companies
Tel: 212-581-3320
FAX: 212-956-5255

Of Counsel

Jeffrey A. Less, Esquire
Jennifer L. Hoagland, Esquire
Helen Heifets, Esquire
Bazelon Less & Feldman, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|                                   |     |                              |
| --------------------------------- | --- | ---------------------------- |
| In re                             | :   |                              |
|                                   | :   | Chapter 11                   |
| MOTORS LIQUIDATION COMPANY,       | :   |                              |
| *ET AL.*                          | :   |                              |
|                                   | :   | Case No. 09-50026 (REG)      |
| Debtors                           | :   |                              |
|                                   | :   | (Jointly Administered)       |

---

**DECLARATION OF HELEN HEIFETS IN SUPPORT OF MOTION OF ACE
AMERICAN INSURANCE COMPANY AND AFFILIATED COMPANIES TO
COMPEL DEBTORS TO ASSUME OR REJECT INSURANCE POLICIES AND
RELATED AGREEMENTS**

Helen Heifets deposes and says:

1.    I am a shareholder in the law firm of Bazelon Less & Feldman, P.C.

2.    I am one of the attorneys representing ACE American Insurance Company

      and Affiliated Companies (collectively, "ACE") in the above-captioned

bankruptcy case.    As such I am fully familiar with the facts and

circumstances of this matter.

**The Debtors' Failure To Provide Adequate Information Concerning
the Intended Treatment of the ACE Policies and Agreements**

3.      ACE is a party to numerous insurance policies and related agreements with

the Debtors (hereinafter, the "ACE Policies and Agreements").

4.      The ACE Policies and Agreements are executory contracts within the meaning

of §365 of the Bankruptcy Code.

5.      To date, ACE has received from the Debtors two Notices of Intent to Assume

and Assign Certain Executory Contracts (hereinafter, the "Notices").

6.      Each Notice included instructions for accessing a secure website, including a

User ID and Password, so that ACE could learn which of the ACE Policies

and Agreements were intended for an assumption and assignment pursuant to

the Notice.

7.      I followed the instructions in each Notice, but was unable to gain any

intelligible information.

8.      In particular, when I gained access to the website in accordance with the

instructions in the first Notice, the only information displayed was the name

of the Counter-Party to the purportedly assumed and assigned contract –

"ACE American Insurance Company."

9.      There was no other information to identify the ACE Policies and Agreements

that were intended by the Debtors for an assumption and assignment.

10.     Following the instructions in the Notice, I then clicked on the "view the cure

amount detail," but no information about the amount of cure was displayed.

2

11.    Similarly, when I gained access to the website in accordance with the

instructions in the second Notice, the only information displayed was that the

name of a Counter-Party to the purportedly assumed and assigned contract

was "ACE USA".

12.    "ACE USA" is not a party to any of the ACE Policies and Agreements

Rather, it is a name used to describe a group of affiliated companies.

13.    Furthermore, no information about the amount of cure was displayed when,

following the instructions in the second Notice, I clicked on the "view the cure

amount detail."

14.    In each case, I called the telephone number of a help line provided in the

Notice and explained to the person who answered that the information

available on the website did not allow me to determine which of the policies

and agreements entered into by ACE and the Debtors were the intended

subject of the assumption and assignment.

15.    In each case, the person who answered the help line was unable to provide any

additional information on this matter.

**ACE's Previous Attemps To Compel the Debtors To Disclose the
Proposed Treatment of the Ace Policies and Agreements**

16.    On June 19, 2009, ACE filed with the Court its Limited Objections to the

Debtors' Motion, pursuant to 11 U.S.C. §§105, 363 and 365, and Fed. R.

Bank. P. 2002, 6004 and 6006, To Approve (A) the Sale Pursuant to the

Master Sale and Purchase Agreement with Vehicle Acquisition Holdings,

LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims,

Encumbrances, and Other Interests; (B) the Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases; and (C) Other Relief (hereinafter, "ACE's Limited Objections to the Sale Motion").

17.    Like the instant Motion, ACE's Limited Objections to the Sale Motion were filed primarily for the purpose of inducing the Debtors to disclose the intended treatment of the ACE Policies and Agreements.

18.    ACE's Limited Objections to the Sale Motion also included ACE's Objections to the first Notice described above (the second Notice was not received until after the June 19, 2009 deadline for filing of ACE's Limited Objections to the Sale Motion).

19.    ACE's Limited Objections to the Sale Motion constitute "**Limited Contract Objections**" as defined in this Court's Order of July 5, 2009 which, *inter alia*, authorized the sale of Debtors' assets pursuant to the Amended and Restated Master Sale and Purchase Agreements (hereinafter, the "Order of July 5, 2009").

20.    Under the Order of July 5, 2009, all Limited Contract Objections are to be heard on August 3, 2009 (*see id.* at ¶2).

21.    The Debtors, however, failed to list ACE's Limited Contract Objection for a hearing on August 3, 2009.

22.    In particular:

a.    all the Limited Contract Objections that are to be heard on that date were, purportedly, listed on Exhibit B to the Notice of Adjournment and Hearing on Limited Contract Objections filed by the Debtors on July 7, 2009.

4

      b. However, the list on Exhibit B to the Notice omits ACE's Limited Contract Objections.

23.     I brought this omission to Debtors' counsel's attention by letter dated July 10, 2009, a true and correct copy of which is attached as <u>Exhibit 1</u> hereto.

24.     To date, Debtors' counsel have not responded to my July 10, 2009 letter.

25.     In addition to its Limited Objections to the Sale Motion, on July 13, 2009, ACE also filed with the Court its Limited Objections to the Notice of Intent To Assume and Assign Certain Executory Contract, Docket Item No. 3136.

26.     ACE's Limited Objections to the Notice of Intent To Assume and Assign were filed in response to the second Notice described above.

27.     To date, the Debtors have not contacted either the ACE business people or the ACE counsel in response to the two sets of Limited Objections filed by ACE

The foregoing statements are true to the best of my knowledge, information and belief.

_H. Heifets_

Helen Heifets

Date: July 21, 2009

# Exhibit 1
# to Declaration of Helen Heifets

# BLF Bazelon Less & Feldman, P.C.

1515 Market Street   Suite 700   Philadelphia   Pennsylvania 19102-1907   215.568.1155   215.568.9319 fax   www.bazless.com

Richard L. Bazelon·†
Jeffrey A. Less·†
A. Richard Feldman·†
Jerrilyn G. Marston·
Thomas Patrick Kelly·†
Jennifer L. Hoagland·†
Helen R. Heifets·†
Noah H. Charlson·§†
Lisa A. Barton·†
E. McCord Clayton·†

Michael A. Shapiro·†
Matthew Skolnik·
Christina M. Reger·†
Cary Joshi·†

Michael F. R. Harris·
Steven Kudatzky·†
Peter F. Marvin·
Of Counsel

·Admitted in PA
†Admitted in NJ
§Admitted in NY
‡Admitted in DC

New Jersey Office
6000 Sagemore Drive
Suite 6301
Marlton
New Jersey 08053-3944
856.988.1319
856.988.0194 fax

July 10, 2009

*Helen Heifets*
*hheifets@bazless.com*

*Direct Dial:* *(215) 609-3154*
*Direct Fax:* *(215) 609-3224*

**VIA FEDERAL EXPRESS**

Harvey R. Miller, Esquire
Joseph H. Smolinksy, Esquire
Stephen Karotkin, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

**VIA FEDERAL EXPRESS**

Joseph R. Sgroi, Esquire
Robert B. Weiss, Esquire
Honigman Miller Schwartz & Cohn
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

Re:    In re General Motors Corporation
       Bankr. S.D.N.Y. No. 09-50026

Dear Counsel:

This firm represents ACE American Insurance Company, including its affiliated insurers and reinsurers ("ACE"),. This firm also represents ACE's affiliated company, ESIS, Inc. ("ESIS").

The purpose of this letter is to bring to your attention that the Debtors have improperly omitted the Limited Contract Objections filed in this case by ACE and ESIS, **Docket Nos. 1999 and 2002 respectively**, from the list attached as Exhibit B to the Notice of Adjournment and Hearing on Limited Contract Objections (the "Notice") filed by the Debtors on July 7, 2009.

Our clients, ACE and ESIS, have a right to have their Objections heard by the Court, and under the Order of the Court date July 5, 2009, their Objections, together with all the other outstanding Limited Contract Objections, are scheduled to be heard on **August 3, 2009**.

To avoid any confusion concerning the Limited Contract Objects that will be heard on that date, <u>we request that you amend Exhibit B to the Notice to include the Limited Objections filed by ACE and ESIS  and that you also include the Limited Contract Objections filed by ACE and ESIS on the agenda for the August 3, 2009 hearing.</u>

**ATTORNEYS AT LAW**    A Pennsylvania Professional Corporation

Harvey R. Miller, Esquire
July 10, 2009
Page 2

Please be further advised that the Limited Objections filed by ACE and ESIS are in no way limited to the amount of the cure. For this reason, they should not be listed under the "Limited to Cure Dispute and Subject to Adjournment" heading, which is the heading where all the other pending Limited Contract Objections are currently listed. Rather, Exhibit B should have another heading for Limited Contract Objections, like those of ACE and ESIS, that are **not** limited to the amount of the cure.

Your prompt attention to this matter will be greatly appreciated. Should you have any questions, please do not hesitate to contact Jeffrey A. Less, Esquire, or the undersigned at 215-568-1155 or at jless@bazless.com and hheifets@bazless.com.

Very truly yours,

Helen R. Heifets

cc: Paul B. Bech, Esquire

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | |
| | : | Chapter 11 |
| GENERAL MOTORS CORP., et al. | : | |
| | : | Case No. 09-50026 (REG) |
| Debtors | : | |
| | : | (Jointly Administered) |
| | : | |

**ORDER PURSUANT TO 11 U.S.C. §§105(a) AND 365(d)(2)**
**REQUIRING DEBTORS TO ASSUME OR REJECT**
**INSURANCE POLICIES AND RELATED AGREEMENTS**

Upon the Motion dated July 21, 2009 of ACE American Insurance Company and

affiliated companies ("ACE"), to Compel Debtors to Assume or Reject Insurance Policies and

Related Agreements ("**the Motion**"); and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted as provided herein;

**ORDERED** that pursuant to Sections 105(a) and 365(d)(2) of the Bankruptcy Code, the
Debtors must give notice of their intention to assume or reject the ACE Policies and Agreements,
by no later than August 9, 2009; and

**ORDERED** that should Debtors fail to timely give notice of their intent to assume or
reject the ACE Policies and Agreements, said Policies and Agreements shall be deemed to have
been assumed by the Debtors; and

**ORDERED** that in the event of an assumption, Debtors shall:

1.    Provide for and effectuate a cure of any defaults and provide adequate assurances that they would cure the defaults under the ACE Policies and Agreements; and

2.    Provide to ACE the information regarding the financial condition of the New GM, so that ACE could make an informed decision whether to agree to an assignment of the ACE Policies and Agreements to the New GM; and

3.    Provide to ACE, as a condition of the assignment of the ACE Policies and Agreements to the New GM, a valid and acceptable written commitment from the New GM to fully perform Debtors' obligations under the ACE Policies and Agreements.

Dated: New York, New York
       _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE