**Return Date: August 3, 2009**
**Objection Deadline: July 29, 2009**

Andrew K. Lipetz
WASSERMAN GRUBIN & ROGERS, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of Counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
BAZELON LESS & FELDMAN, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319

Attorneys for ESIS, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| GENERAL MOTORS CORP., et al. | : | |
| | : | Case No. 09-50026 (REG) |
| Debtors | : | |
| | : | (Jointly Administered) |
| | : | |

**NOTICE OF MOTION BY**
**ESIS, INC. PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(d)(2) FOR AN ORDER**
**REQUIRING THE DEBTORS TO ASSUME OR REJECT**
**CLAIMS ADMINISTRATION SERVICES AGREEMENTS**

**PLEASE TAKE NOTICE**: upon the annexed motion, dated July 21, 2009, of ESIS, Inc.

("ESIS") to Compel Debtors to Assume or Reject Claims Administration Services Agreements

("the Motion"), ESIS shall on August 3, 2009 (or at a date thereafter at the convenience of the

Court), move before the Honorable Robert E. Gerber, United States Bankruptcy Judge, of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, for an order pursuant to 11 U.S.C. §§ 105(a) and 365(d)(2): (i) requiring Debtors to determine by no later than August 9, 2009 whether to assume or reject ESIS Claims Administration Services Agreements as set forth in the accompanying Proposed Order; (ii) in the event of an assumption, requiring Debtors to cure defaults and provide adequate assurances of future performance, and (iii) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE:** that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, Case Management Order #1, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which may be obtained at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), and served in accordance with General Order M-242, and upon (a) counsel for the movant, ESIS, Inc., at the following address: Wasserman Grubin & Rogers LLP, att: Andrew K. Lipetz, 1700 Broadway, New York, New York 10019; (b) the Office of the United States Trustee for the Southern District of New York, att: Diane G. Adams, 33 Whitehall Street, 21st Floor, New York, New York, and (c) counsel for the Purchaser, Cadwalader Wickersham & Taft LLP, att: John G. Rapisardi, One World Financial Center, New York, New York 10281, so as to be received by no later than July 29, 2009. Failure to timely object may result in the entering of the Proposed Order by the Court without further notice or opportunity to be heard offered to any party.

Dated: New York, New York
     July 21, 2009

                Respectfully Submitted

                  /s/Andrew K. Lipetz
                Andrew K. Lipetz
                Wasserman Grubin & Rogers, LLP
                1700 Broadway, 42nd Floor
                New York, NY 10019

                Of counsel

                Jeffrey A. Less. Esquire
                Jennifer L. Hoagland, Esquire
                Helen Heifets, Esquire
                Bazelon Less & Feldman, P.C.
                1515 Market Street, Suite 700
                Philadelphia, PA 19102
                *Counsel for ESIS, Inc.*

Andrew K. Lipetz
Wasserman Grubin & Rogers, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of Counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
Bazelon Less & Feldman, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319
*Counsel for ESIS, Inc.*

**Return Date:  August 3, 2009**
**Objection Deadline: July 29, 2009**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.* | : |
| | : Case No. 09-50026 (REG) |
| Debtors | : |
| | : (Jointly Administered) |
| | : |

**MOTION OF ESIS, INC. TO COMPEL DEBTORS TO ASSUME OR REJECT**
**CLAIMS ADMINISTRATION SERVICES AGREEMENTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF THE MOTION ......................................................................... 1

ESIS'S PREVIOUS ATTEMPTS TO COMPEL THE DEBTORS TO DISCLOSE THE
PROPOSED TREATMENT OF THE ESIS AGREEMENTS ..................................... 2

JURISDICTION ............................................................................................. 4

RELEVANT FACTS AND PROCEDURAL HISTORY ........................................... 4

    A.    The ESIS Agreements .......................................................... 4

    B.    Debtors' Failure To Provide Adequate Information Concerning the
        Intended Treatment of the ESIS Agreements ............................. 5

    C.    ESIS's Pending Limited Objections to the Debtors' Sale Motion ......... 6

THE DEBTORS SHOULD BE COMPELLED TO ASSUME OR REJECT THE ESIS
AGREEMENTS BY AUGUST 9, 2009, AND, IN THE EVENT OF AN ASSUMPTION,
TO CURE DEFAULTS AND PROVIDE ADEQUATE ASSURANCES OF FUTURE
PERFORMANCE ........................................................................................... 7

WAIVER OF MEMORANDUM OF LAW ............................................................ 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008) .................................................5, 7

## FEDERAL STATUTES

11 U.S.C. §105 .................................................................................................................2

11 U.S.C. § 105(a) ........................................................................................................1, 4

11 U.S.C. §363 .................................................................................................................2

11 U.S.C. §365 .............................................................................................................2, 5,7

11 U.S.C. §365(d)(2) ....................................................................................................1, 4, 7

28 U.S.C. §1334...............................................................................................................4

28 U.S.C. §157 .................................................................................................................4

## RULES

Fed. R. Bank. P. 2002 .......................................................................................................2

Fed. R. Bank. P. 6004 .......................................................................................................2

Fed. R. Bank. P. 6006 .......................................................................................................2

Local R. Bank. P. 9013-1(b) .............................................................................................9

## MOTION OF ESIS, INC. TO COMPEL DEBTORS TO ASSUME OR REJECT CLAIMS ADMINISTRATION SERVICES AGREEMENTS

ESIS, Inc. ("**ESIS**") moves through its undersigned counsel, pursuant to 11 U.S.C. §§105(a) and 365(d)(2), to compel the Debtors to assume or reject certain Claims Administration Services Agreements entered into by the Debtors and ESIS, and, in the event of assumption, to cure defaults and provide adequate assurance of future performance.

### SUMMARY OF THE MOTION

1.    For several years, the Debtors and the Movant ESIS have been parties to a series of Claims Administration Services Agreements (the "**ESIS Agreements**").

2.    The ESIS Agreements are part of the Debtors' overall Insurance Program.

3.    ESIS's obligations under the ESIS Agreements include providing third-party administration ("**TPA**") services for certain insurance claims asserted by and against the Debtors.

4.    The ESIS Agreements are executory contracts.

5.    ESIS is submitting this Motion because:

a.    The Debtors have informally represented to ESIS that they intend to assume and assign the ESIS Agreements and that a Notice of Intent To Assume and Assign Executory Contracts (the "**Notice of Intent To Assume**" or the "**Notice**") has been sent to ESIS.

b.    Nevertheless, to date no Notice been received by ESIS.

c.    In addition, the ESIS Agreements have not been listed in the Debtors' schedules of assumed executory contracts.

d.    Despite repeated and ongoing efforts by ESIS to initiate discussions with the Debtors, the Debtors have failed to state their intentions concerning the

1

assumption and assignment of the ESIS Agreements, regarding the satisfaction of any cure amounts, and regarding adequate assurances of future performance.

6.     The Debtors recently closed on the sale of substantially all their assets to the entity that is now known and trading as General Motors Company ("**New GM**" or the "**Purchaser**").

7.     The fact that the Debtors have not yet assumed and assigned the ESIS Agreements causes uncertainty regarding the scope of ESIS's contractual obligations.

8.     For example, it appears that ESIS's obligations do not include the administration of claims the liabilities for which have been assumed by the New GM.

9.     Similarly, ESIS does not know which entity, if any, will perform the Debtors' obligations under the ESIS Agreements.

10.    The uncertainty about whether the Debtors are assuming and assigning the ESIS Agreements will likely impede the performance of the obligations of all parties to the ESIS Agreements, and it may also adversely affect the Insurance Program that has been purchased from the Debtors by the New GM.

## ESIS'S PREVIOUS ATTEMPTS TO COMPEL THE DEBTORS TO DISCLOSE THE PROPOSED TREATMENT OF THE ESIS AGREEMENTS

11.    On June 19, 2009, ESIS filed its Limited Objections to the Debtors' Motion, pursuant to 11 U.S.C. §§105, 363 and 365, and Fed. R. Bank. P. 2002, 6004 and 6006, To Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief (hereinafter, the "**ESIS Limited Objections to the Sale Motion**").

12.     ESIS' Limited Objections to the Sale Motion, like the present motion, were filed primarily for the purpose of inducing the Debtors to state and act upon their intentions with regard to the ESIS Agreements.

13.     The ESIS Limited Objections to the Sale Motion constitute "**Limited Contract Objections**" as that phrase is defined in this Court's Order of July 5, 2009 which, *inter alia*, authorized the sale of Debtors' assets pursuant to the Amended and Restated Master Sale and Purchase Agreements (hereinafter, the "**Order of July 5, 2009**").

14.     All Limited Contract Objections are to be heard on August 3, 2009 (*see id.* at ¶2).

15.     However, the Debtors failed to list the ESIS Limited Contract Objection for a hearing on August 3, 2009.  In particular:

a.      On July 7, 2009, the Debtors filed their Notice of Adjournment and Hearing on Limited Contract Objections.

b.      Exhibit B to the Debtors' Notice of Adjournment and Hearing purports to list the Limited Contract Objections to be heard on August 3, 2009.

c.      However, Exhibit B to the Notice omits ESIS Limited Contract Objections.

16.     On July 10, 2009, ESIS's counsel brought this omission to Debtors' counsel's attention.  *See* the accompanying Declaration of Helen Heifets ("**Heifets Decl.**"), **Exhibit A** hereto at ¶¶8-12, and letter of July 10, 2009, attached as **Exhibit 1** to Heifets Decl.

17.     To date, neither Debtors nor their Counsel has responded to ESIS's request in this regard.[1]  (Heifets Decl. at ¶ 13).

---

[1] Debtors' counsel left a general voicemail for Attorney Heifets on July 20, 2009, which was returned on July 21, 2009, but counsel have not yet spoken.

18.    Under these circumstances, ESIS must file the instant Motion to ensure that it will be heard on issues relating to the assumption and assignment of the ESIS Agreements and the terms of the proposed assignment.

## JURISDICTION

19.    On June 1, 2009, this Chapter 11 bankruptcy proceeding was commenced by the Debtors.

20.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

21.    The basis for relief requested in this Motion is §§ 105(a) and 365(d)(2) of the Bankruptcy Code.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    The ESIS Agreements

22.    As explained above, under the ESIS Agreements, ESIS serves as a TPA of claims asserted by and against the Debtors

23.    The claims that ESIS administers under the ESIS Agreements include first-party and third-party claims for personal injury and property damage, as well as certain products liability claims.

24.    ESIS's obligations under the ESIS Agreements include, without limitation, investigating, adjusting, settling and paying such claims (with payments being made from a Claim Fund funded by the Debtors), maintaining claim files and other claim administration activities.

25.    Debtors' obligations under the ESIS Agreements include, without limitation, payment of all service fees in monthly installments, establishment of a Claim Fund, and payment of period amounts into that Claim Fund on ESIS's request and within one day thereof.

4

26.    By its terms, the latest ESIS Agreement entered into by the parties in January of 2006 will remain in effect until December 31, 2009.

27.    Under the ESIS Agreements, ESIS has numerous on-going and material obligations to the Debtors, and the Debtors have numerous on-going and material obligations to ESIS, so that failure of either party to complete performance would constitute a material breach excusing performance of the other party.

28.    The ESIS Agreements are executory contracts within the meaning of §365 of the Bankruptcy Code. *In re Wireless Data, Inc.*, 547 F.3d 484, 488, n.1 (2d Cir. 2009).

29.    The Debtors have required that ESIS continue to perform all of its obligations under the ESIS Agreements.

**B.    Debtors' Failure To Provide Adequate Information Concerning the Intended Treatment of the ESIS Agreements**

30.    Under this Court's Order of July 2, 2009,[2] this Court's Order of July 5, 2009,[3] and the Amended and Restated Master Sale and Purchase Agreement (the "MPA"), the procedures relating to assumption and assignment of executory contracts include the following:

a.    The Debtors may serve a Counter-Party with a Notice of Intent To Assume which includes instructions for access to a secure website. The website is supposed to provide each Counter-Party with information as to which executory contracts are intended for assumption and assignment and the amount of cure.  (*See* June 2, 2009 Order at ¶10; July 5, 2009 Order at ¶ 23.)

---

[2] This Court's Order dated June 2, 2009 referenced above established, *inter alia*, the procedures that must be followed by the Debtors for assumption and assignment of executory contracts. Hereinafter, we will refer to that Order as the "**Order of June 2, 2009**".

[3] The Order of July 5, 2009 further provides that if a Counter-Party files a Limited Contract Objection, then the executory contracts between the Debtors and that Counter-Party are not assumed until the Objection is overruled or otherwise resolved. (*See* Order of July 5, 2009 at ¶ 23.)

b.  The Debtors also may include one or more executory contracts in Schedules 6.6(a)(i) or 6.6(a)(ii) of the Seller Disclosure Statements.   Schedule 6.6 (a)(ii), is a listing of contracts that were assumed in accordance with the procedure described in sub-paragraph (a) above, *i.e.* through the service of Notices. (*See* MPA at §6.6; July 5, 2009 Order at ¶ 23).

c.  The Purchaser has the right to modify schedules 6.6(a)(i) and 6.6(a)(ii) until the **Executory Contract Designation Deadline**, which will occur thirty (30) days after the **Closing Date**, *i.e.*, on August 9, 2009.  (*See* the MPA at §6.6(a).)

31.  To date, the Debtors have not utilized these procedures to assume any of the ESIS Agreements.

32.  The Debtors have not included the ESIS Agreements in Schedule 6.6(a)(i).

33.  The Debtors have informally represented to ESIS that they intend to assume and assign the ESIS Agreements.

34.  The Debtors have even represented to ESIS that a Notice of Intent To Assume has been sent to it, but no Notice has been received by ESIS to date.

### C.    ESIS's Pending Limited Objections to the Debtors' Sale Motion

35.  On June 19, 2009, ESIS filed its Limited Objections to the Sale Motion, which were docketed as Docket Item No. 2002.

36.  The ESIS Limited Objections to the Sale Motion constitute a "**Limited Contract Objection**" under paragraph 2 of the Order of July 5, 2009.

37.   In its Limited Objections to the Sale Motion, ESIS sought to compel the Debtors to clarify whether they intend to assume and assign the ESIS Agreements, and, if so, on what terms.

38.    However, as explained above, the ESIS Limited Objections to the Sale Motion were omitted by the Debtors from the list of the Limited Contract Objections scheduled for a hearing on August 3, 2009 – the **Limited Contract Objections Hearing.**

39.    ESIS therefore was forced to file the instant Motion to ensure a hearing on the issues of whether the Debtors intend to assume and assign the ESIS Agreements, and if so, on what terms.

40.    To date, ESIS and its counsel have not received any response from the Debtors to the Limited Objections filed by ESIS. (*See* Heifets Decl. at ¶14).

**THE DEBTORS SHOULD BE COMPELLED TO ASSUME OR REJECT THE ESIS AGREEMENTS BY AUGUST 9, 2009, AND, IN THE EVENT OF AN ASSUMPTION, TO CURE DEFAULTS AND PROVIDE ADEQUATE ASSURANCES OF FUTURE PERFORMANCE**

41.    The ESIS Agreements are executory contracts within the meaning of §365 of the Bankruptcy Code. *In re Wireless Data, Inc.,* 547 F.3d at 488, n.1.

42.    Under 11 U.S.C. §365(d)(2), any party may request that the Court order a debtor to determine within a specific period of time whether to assume or reject an executory contract.

43.    To date the Debtors have not assumed their executory contracts with ESIS.

44.    Furthermore, as explained above, to date the Debtors have provided to ESIS ambiguous information concerning the Debtors' intention to assume and assign the ESIS Agreements.

45.    The Debtors' failure to clarify their intentions concerning the assumption and assignment of the ESIS Agreements, regarding the cure of any defaults thereunder and regarding adequate assurances of future performance may adversely affect ESIS, the Debtors, and the New GM.

46.    The Debtors have required that ESIS perform all of its obligations under the ESIS Agreements.

47.    However, absent an assumption and assignment of the ESIS Agreements and in light of the recently approved sale of the majority of the Debtors' assets to the New GM, ESIS is uncertain regarding the scope and nature of its contractual obligations.

48.    For example, absent an assumption and assignment, it appears that ESIS's obligations do not include the administration of claims the liabilities for which have been assumed by the New GM pursuant to the MPA and the Order of July 5, 2009.

49.    Similarly, ESIS does not know which entity, if any, will perform the Debtors' obligations under the ESIS Agreements.

50.    The uncertainty and lack of information described above may impede the performance by the parties of their respective obligations under the ESIS Agreements.

51.    In addition, the extant questions about performance may adversely affect the Insurance Program that has been purchased from the Debtors by the New GM.

52.    The Debtors should be compelled to advise ESIS whether they are assuming and assigning the ESIS Agreements.

53.    Under the MPA, the **Executory Contract Designation Deadline** falls on August 9, 2009, which is thirty (30) days after the **Closing Date** that took place on July 10, 2009. (*See* the MPA at §6.6(a))

54.    ESIS respectfully requests that the Debtors be compelled to advise ESIS whether they intend to assume and assign the ESIS Agreements on or before the **Executory Contract Designation Deadline** of August 9, 2009, or else reject the same.

8

55.     ESIS further submits that, in the event that the Debtors intend to assume the ESIS Agreements, the Debtors should be required to:

a.      Provide for and effectuate a full cure of any defaults and provide adequate assurances that the Debtors would cure any defaults under the ESIS Agreements;

b.      Provide to ESIS the information regarding the financial condition of the New GM, so that ESIS could make an informed decision whether to agree to an assignment of the ESIS Agreements to the New GM; and

c.      Provide to ESIS, as a condition of the assignment of the ESIS Agreements to the New GM, a valid and acceptable written commitment from the New GM to fully perform Debtors' obligations under the ESIS Agreements.

## WAIVER OF MEMORANDUM OF LAW

56.     Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, ESIS respectfully requests that the Court waive the requirement that ESIS file a memorandum of law in support of these Limited Objections.

WHEREFORE, ESIS respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting the following relief:

a.      Directing the Debtors to assume or reject the ESIS Agreements on or before August 9, 2009;

b.      In the event of an assumption, directing the Debtors:

i.      to provide for and effectuate a cure of any defaults and provide adequate assurances that they would cure the defaults under the ESIS Agreements;

      ii.    to provide to ESIS the information regarding the financial condition of the New GM, so that ESIS could make an informed decision whether to agree to an assignment of the ESIS Agreements to the New GM; and

      iii.    to provide to ESIS, as a condition of the assignment of the ESIS Agreements to the New GM, a valid and acceptable written commitment from the New GM to fully perform Debtors' obligations under the ESIS Agreements.

Dated: New York, New York
      July 21, 2009

Respectfully Submitted

   /s/Andrew K. Lipetz
Andrew K. Lipetz
Wasserman Grubin & Rogers, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Of counsel

Jeffrey A. Less
Jennifer L. Hoagland
Helen Heifets
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102
Telephone: 215-568-1155
Facsimile: 215-568-9319

*Counsel for ESIS, Inc.*

# EXHIBIT A

Andrew K. Lipetz, Esquire
Wasserman Grubin & Rogers, LLP
1700 Broadway, 42nd Floor
New York, NY 10019
Tel: 212-581-3320
FAX: 212-956-5255

Counsel for ACE
American Insurance
Company and Affiliated
Companies

Of Counsel

Jeffrey A. Less, Esquire
Jennifer L. Hoagland, Esquire
Helen Heifets, Esquire
Bazelon Less & Feldman, P.C.
1515 Market St., Suite 700
Philadelphia, PA 19102
Tel: 215-568-1155
FAX: 215-568-9319

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | : |
| MOTORS LIQUIDATION COMPANY, *ET AL.* | : Chapter 11 |
| | : |
| | : Case No. 09-50026 (REG) |
| Debtors | : |
| | : (Jointly Administered) |
| | : |

**DECLARATION OF HELEN HEIFETS IN SUPPORT OF MOTION OF ESIS,**
**INC. TO COMPEL DEBTORS TO ASSUME OR REJECT CLAIMS**
**ADMINISTRATION SERVICES AGREEMENTS**

Helen Heifets deposes and says:

1.    I am a shareholder in the law firm of Bazelon Less & Feldman, P.C.

2.    I am one of the attorneys representing ESIS, Inc. ("ESIS") in the above-
caption ed bankruptcy case.   As such I am fully familiar with the facts and
circumstances of this matter.

3.    ESIS and the Debtors are parties to a series of Claims Administration Services Agreements (hereinafter, the "ESIS Agreements").

4.    The ESIS Agreements are executory contracts within the meaning of §365 of the Bankruptcy Code.

5.    To date, the Debtors have not assumed the ESIS Agreements, although they have informally advised ESIS that they intend to assume and assign those Agreements.

6.    On June 19, 2009, ESIS filed with the Court its Limited Objections to the Debtors' Motion, pursuant to 11 U.S.C. §§105, 363 and 365, and Fed. R. Bank. P. 2002, 6004 and 6006, To Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief (hereinafter, the "ESIS Limited Objections to the Sale Motion").

7.    Like the instant Motion, the ESIS Limited Objections to the Sale Motion were filed primarily for the purpose of inducing the Debtors to disclose the intended treatment of the ESIS Agreements.

8.    The ESIS Limited Objections to the Sale Motion constitute "**Limited Contract Objections**" as defined in this Court's Order of July 5, 2009 which, *inter alia*, authorized the sale of Debtors' assets pursuant to the Amended and Restated Master Sale and Purchase Agreements (hereinafter, the "Order of July 5, 2009").

9.    Under the Order of July 5, 2009, all Limited Contract Objections are to be heard on August 3, 2009 (*see id.* at ¶2).

10.   The Debtors, however, failed to list the ESIS Limited Contract Objection for a hearing on August 3, 2009.

11.   In particular:

   a.   all the Limited Contract Objections that are to be heard on that date were, purportedly, listed on Exhibit B to the Notice of Adjournment and Hearing on Limited Contract Objections filed by the Debtors on July 7, 2009.

   b.   However, the list on Exhibit B to the Notice omits the ESIS Limited Contract Objections.

12.   I brought this omission to Debtors' counsel's attention by letter dated July 10, 2009, a true and correct copy of which is attached as Exhibit 1 hereto.

13.   To date, Debtors' counsel have not responded to my July 10, 2009 letter.

14.   In addition, to date, the Debtors have not contacted either the ESIS business people, or the ESIS counsel in response to the ESIS Limited Objections to the Sale Motion.

The foregoing statements are true to the best of my knowledge, information and belief.

*H. Heifets*

Helen Heifets

Date:  July 21, 2009

3

# Exhibit 1
# to Declaration of Helen Heifets

# BLF Bazelon Less & Feldman, P.C.

1515 Market Street   Suite 700   Philadelphia   Pennsylvania 19102-1907   215.568.1155   215.568.9319 fax   www.bazless.com

Richard L. Bazelon•†
Jeffrey A. Less•†
A. Richard Feldman•†
Jerrilyn G. Marston•
Thomas Patrick Kelly•†
Jennifer L. Hoagland•†
Helen R. Heifets•†
Noah H. Charlson•§‡
Lisa A. Barton•
E. McCord Clayton•†

Michael A. Shapiro•†
Matthew Skolnik•
Christina M. Reger•†
Cary Joshi•†

Michael F. R. Harris•
Steven Kudatzky†‡
Peter F. Marvin•
Of Counsel

•Admitted in PA
†Admitted in NJ
§Admitted in NY
‡Admitted in DC

New Jersey Office
6000 Sagemore Drive
Suite 6301
Marlton
New Jersey 08053-3944
856.988.1319
856.988.0194 fax

July 10, 2009

*Helen Heifets*
*hheifets@bazless.com*

*Direct Dial:  (215) 609-3154*
*Direct Fax:  (215) 609-3224*

**VIA FEDERAL EXPRESS**

Harvey R. Miller, Esquire
Joseph H. Smolinksy, Esquire
Stephen Karotkin, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

**VIA FEDERAL EXPRESS**

Joseph R. Sgroi, Esquire
Robert B. Weiss, Esquire
Honigman Miller Schwartz & Cohn
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

Re:    In re General Motors Corporation
       Bankr. S.D.N.Y. No. 09-50026

Dear Counsel:

This firm represents ACE American Insurance Company, including its affiliated insurers and reinsurers ("ACE"),. This firm also represents ACE's affiliated company, ESIS, Inc. ("ESIS").

The purpose of this letter is to bring to your attention that the Debtors have improperly omitted the Limited Contract Objections filed in this case by ACE and ESIS, **Docket Nos. 1999 and 2002 respectively**, from the list attached as Exhibit B to the Notice of Adjournment and Hearing on Limited Contract Objections (the "Notice") filed by the Debtors on July 7, 2009.

Our clients, ACE and ESIS, have a right to have their Objections heard by the Court, and under the Order of the Court date July 5, 2009, their Objections, together with all the other outstanding Limited Contract Objections, are scheduled to be heard on **August 3, 2009**.

To avoid any confusion concerning the Limited Contract Objects that will be heard on that date, <u>we request that you amend Exhibit B to the Notice to include the Limited Objections filed by ACE and ESIS and that you also include the Limited Contract Objections filed by ACE and ESIS on the agenda for the August 3, 2009 hearing.</u>

**ATTORNEYS AT LAW**    A Pennsylvania Professional Corporation

Harvey R. Miller, Esquire
July 10, 2009
Page 2

        Please be further advised that the Limited Objections filed by ACE and ESIS
are in no way limited to the amount of the cure.  For this reason, they should not be
listed under the "Limited to Cure Dispute and Subject to Adjournment" heading,
which is the heading where all the other pending Limited Contract Objections are
currently listed.  Rather, Exhibit B should have another heading for Limited Contract
Objections, like those of ACE and ESIS, that are **not** limited to the amount of the
cure.

        Your prompt attention to this matter will be greatly appreciated.  Should you
have any questions, please do not hesitate to contact Jeffrey A. Less, Esquire, or the
undersigned at 215-568-1155 or at jless@bazless.com and hheifets@bazless.com.

                    Very truly yours,

                    *Helen R. Heifets/ayj*

                    Helen R. Heifets


cc:  Paul B. Bech, Esquire


**ATTORNEYS AT LAW**    A Pennsylvania Professional Corporation

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| GENERAL MOTORS CORP., et al. | : | |
| | : | Case No. 09-50026 (REG) |
| Debtors | : | |
| | : | (Jointly Administered) |
| | : | |

**ORDER PURSUANT TO 11 U.S.C. §§105(a) AND 365(d)(2)**
**REQUIRING DEBTORS TO ASSUME OR REJECT**
**CLAIMS ADMINISTRATION SERVICES AGREEMENTS**

Upon the Motion dated July 21, 2009 of ESIS, Inc. ("ESIS") to Compel Debtors to

Assume or Reject Claims Administration Services Agreements ("**the Motion**"); and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted as provided herein;

**ORDERED** that pursuant to Sections 105(a) and 365(d)(2) of the Bankruptcy Code, the
Debtors must give notice of their intention to assume or reject the ESIS Claims Administration
Services Agreements ("ESIS Agreements"), by no later than August 9, 2009; and

**ORDERED** that should Debtors fail to timely give notice of their intent to assume or
reject the ESIS Agreements, said Agreements shall be deemed to have been assumed by the
Debtors; and

**ORDERED** that in the event of an assumption, Debtors shall:

1.    Provide for and effectuate a cure of any defaults and provide adequate assurance
that they will cure the defaults under the ESIS Agreements; and

2.      Provide to ESIS the information regarding the financial condition of the New
GM, so that ESIS could make an informed decision whether to agree to an assignment of the
ESIS Agreements to the New GM; and

3.      Provide to ESIS, as a condition of the assignment of the ESIS Agreements to the
New GM, a valid and acceptable written commitment from the New GM to fully perform
Debtors' obligations under the ESIS Agreements.


Dated:              _____, 2009
                    New York, New York



                              _____
                              UNITED STATES BANKRUPTCY JUDGE