**Hearing Date and Time: August 3, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: July 29, 2009 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11 Case No.:
                                                                 :
MOTORS LIQUIDATION COMPANY, et al.                               :    09-50026 (REG)
          f/k/a General Motors Corp., et al.                     :
                                                                 :
                              Debtors.                           :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)

# TABLE OF CONTENTS

JURISDICTION ......................................................................................................1

BACKGROUND ....................................................................................................1

RELIEF REQUESTED............................................................................................1

BASIS FOR RELIEF REQUESTED........................................................................5

     *A. Access to Information* ..............................................................................6

     *B. Soliciting and receiving Comments* .......................................................8

     *C. Section 105(a) of the Bankruptcy Code*.................................................8

NOTICE..................................................................................................................9

NO PRIOR REQUEST ...........................................................................................10

KL2 2611014.1

# TABLE OF AUTHORITIES

## CASES

In re Baldwin-United Corp.,
    38 B.R. 802 (Bankr. S.D. Ohio 1984) ...................................................................................7

In re Charter Communications, Inc. et al.,
    Case No. 09-11435 (JMP) .............................................................................................9

In re Lyondell Chemical Company, et al.,
    Case No. 09-10023  (REG).............................................................................................9

In re Paper International, Inc., et al.,
    Case No. 08-13917 (RDD) (Bankr. S.D.N.Y. Jan. 6, 2009)...................................................9

In re Refco Inc.,
    336 B.R. 187 (Bankr. S.D.N.Y. 2006)..............................................................................6, 7

In re Tronox, Inc., et al.,
    Case No. 09-10156 (ALG) ............................................................................................9

In re Wellman, Inc.,
    Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. July 10, 2008)  ................................................9

KL2 2611014.1

TO:    HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of Motors Liquidation Company, debtors and debtors-in-possession herein (the "**Debtors**"), submits this motion (the "**Motion**") for entry of an order, pursuant to sections 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Code (the "**Bankruptcy Code**") establishing procedures for compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code.  In support of the Motion, the Committee represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 105, 107, 1102 and 1103 of the Bankruptcy Code.

## BACKGROUND

2.    On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    On June 3, 2009 (the "**Formation Date**"), the United States Trustee for the State of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

## RELIEF REQUESTED

4.    Pursuant to section 1103(c) of the Bankruptcy Code, the Committee is authorized, among other things, to consult with the Debtors, to investigate the Debtors, to participate in the formulation of a plan and to perform such other services as are in the interest of those

represented.  In addition, as part of the Committee's duties, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee is required to provide access to certain information for creditors represented by the Committee.

5.    By this Motion, the Committee seeks entry of an order, (the "**Order**") attached hereto as <u>Exhibit A</u>, effective as of the Formation Date, clarifying that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate or disclose (a) any non-public information, documents, communications and matter of whatever nature and kind disclosed to the Committee or its representatives by or on behalf of Debtors, whether in writing or orally or in any other format, and designated or marked as confidential by the Debtors (collectively, with all summaries thereof or information derived therefrom, "**Confidential Material**"); <u>provided</u>, <u>however</u>, that Confidential Material shall not include information (i) that is available to or was in the possession of a member of the Committee (a "**Member**") on a non-confidential basis prior to the receipt of such information in its capacity as a Member, (ii) that is separately received on a non-confidential basis by a Member outside of that Member's capacity as a Member, (iii) that is or becomes available to the public generally other than as a result of a breach of any of these provisions, or (iv) that becomes independently available to a Member by a means other than service on or in connection with its membership on the Committee so long as the Member's receipt of such information is not governed, to such Member's knowledge, by any other confidentiality provisions or agreements; and <u>provided</u> <u>further</u>, <u>however</u>, that with respect to clauses (i) or (iii) above, such information became available to the public or was obtained from a source that the Member reasonably believes was not prohibited from disclosing such information publicly; (b) any information or documents generated by the Committee, or by any of the Committee's professionals, or by any Member or counsel to any Member for the use of the

2

Committee (collectively, "**Privileged Information**"), and (c) any communications among Members in their capacity as such and communications among Committee professionals and the Committee, including information regarding specific positions taken by Members (collectively, "**Committee Communications**" (and collectively with Confidential Material and Privileged Information, "**Confidential Communications**")).  For the sake of clarity, it bears emphasis that nothing in the Order extends to information which any Member of the Committee has received other than in its capacity as a Committee Member.

6.    The Committee further requests that the Order (a) clarify the Committee's duties and obligations under Section 1102(b)(3) of the Bankruptcy Code; (b) institute procedures for the Committee to satisfy its statutory obligation to provide access to information to its constituent creditors or solicit and receive comments from its constituent creditors; and (c) institute procedures for the disclosure of Confidential Communications to third-parties who request such information.  The relief requested in this Motion carefully balances the Debtors' interests in safeguarding Confidential Communications from public dissemination with the Committee's interest in performing its statutory obligations.

7.    The Committee intends to maintain a website (the "**Committee Website**") through Epiq Bankruptcy Solutions, LLC ("**Epiq**"), an independent third party web host, to make certain non-confidential material available to general unsecured creditors.[1]  The address of the Committee Website is www.motorsliquidationcreditorscommittee.com.  Among the information available on the Committee Website will be (a) the Petition Date, the case numbers, and general information about the Debtors' bankruptcy cases; (b) the contact information for the Debtors, the Debtors' professionals, the Committee, and the Committee's professionals; (c) information

---

[1] The Committee has contemporaneously filed an application to retain Epiq as the Committee's information agent.

regarding significant events in the case and relevant deadlines, including the claims bar date and

plan voting and objection deadlines and any pleadings that are relevant thereto; (d) any press

releases issued by the Committee; (e) general case information updated periodically; (f) links to

other relevant websites (*e.g.* the Debtors' corporate website, the United States Bankruptcy

Court's website and the Office of the United States Trustee's website); (g) a list of entities that

have purchased claims in the Debtors' chapter 11 cases; and (h) any other information that the

Committee, in its sole discretion, deems appropriate, subject to the restrictions and limitations

imposed by the Court.

8.     In addition to maintaining the Committee Website, Committee counsel will

maintain a telephone number and electronic inquiry form to allow unsecured creditors to send

questions and comments in connection with this case (the "**Creditor Correspondence**").  A link

to the electronic inquiry form and telephone number will be made available on the Committee

Website.  Any written communication with general unsecured creditors either on the Committee

Website or in response to Creditor Correspondence will be made by the Committee's counsel, in

their reasonable discretion.

9.     Accordingly, the Committee seeks entry of the Order, substantially in the form

attached hereto, nunc pro tunc to the Formation Date, clarifying the Committee's requirements

under Bankruptcy Code Sections 1102(b)(3)(A) and (B), and instituting uniform procedures

designed to allow the Committee to satisfy its obligations thereunder, as summarized below: [2]

> a.     <u>Access to Creditor Information</u>.   In satisfaction of its obligation under
> Bankruptcy Code Section 1102(b)(3)(A) to provide information to the
> creditors that it represents, the Committee may establish and maintain the
> Committee Website, telephone number and electronic inquiry form for
> creditors to submit questions and comments to the Committee.

---

[2] The following summary provides an overview of the proposed Order and is qualified in its entirety by
reference to the actual proposed Order, attached hereto. All terms used in this summary and not otherwise
defined shall have the same meaning as ascribed to them in the proposed Order.

KL2 2611014.1

b.      Confidential Communications.  The Committee shall not be required or obligated to disseminate to any entity, without further court order, any Confidential Material, Privileged Information or Committee Communications.

c.      Creditor Information Requests.  The Committee shall respond to a general unsecured creditor's request for information within twenty (20) days of the Committee's receipt of such request. Such response shall provide access to the requested information or reasons why such information will not be provided. If the information request is denied because it requests Confidential Communications which cannot be disclosed or the request is unduly burdensome, such creditor, after good faith attempts to meet and confer with the Committee, can file a motion requesting such information be provided. In responding to an information request, the Committee shall consider certain factors, including, without limitation, the creditor's willingness to enter into a confidentiality agreement and trading restrictions.

d.      Release of Confidential Information to Third Parties.  If the Committee agrees that Confidential Material of the Debtors or another entity should be supplied to any general unsecured creditor, by request or otherwise, it shall do so only upon making a demand to the Debtors or the other entity pursuant to the procedures set forth in the Order.

10.     The requested relief will ensure that confidential, privileged, proprietary, and/or material non-public information is not disseminated to the detriment of the Debtors' estates. Moreover, it will assist the Committee in performing its statutory function and create a cost-effective and efficient process for compliance with Bankruptcy Code Section 1102(b)(3), as is particularly important in cases as large as the Debtors'.

## BASIS FOR RELIEF REQUESTED

11.     Section 1102 of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**"), requires the dissemination of information to creditors holding unsecured claims but who are not appointed to the Committee. BAPCPA specifically added section 1102(b)(3) to the Bankruptcy Code which requires the Committee to "provide access to information" to and to "solicit and receive comments" from similarly situated non-Committee member creditors.  11 U.S.C. § 1102(b)(3).

12. This amendment, however, omits a clear definition of the scope of information which the Committee must make available to its constituency. As such, the specific disclosure requirements of section 1102(b)(3)(A), remain unclear and ambiguous. See In re Refco Inc., 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006). The legislative history behind section 1102(b)(3) also fails to describe, limit or provide any interpretative guidance. The House Report states that:

> Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors, and pursuant to court order, make additional reports or disclosures available to them.

Refco, 336 B.R. at 190 (quoting H.R. Rep. No. 109-31, Pt. 1, 109th Cong. 1st Sess. 87 (2005)).

13. With no definition of the term "information" or guidance on the timing of mechanism for providing access to information, the Committee submits that Bankruptcy Code Section 1102(b)(3)(A) is vague and ambiguous, and thus requests that the Court enter the Order to clarify the Committee's obligations.

## A.    *Access to Information*

14. The Bankruptcy Code requires a committee "to provide access to information," but it fails to establish guidelines for appropriate methods to provide such access or the type, kind and extent of the information to be provided. Read broadly, section 1102(b)(3) could be interpreted to require the Committee to provide access to and disclose all information received in connection with these bankruptcy cases regardless of whether the request seeks confidential or other privileged information. This interpretation would create tension between the Debtors and the Committee to the extent a creditor seeks access to confidential material. Moreover, an overly broad reading of "section 1102(b)(3)(A) might . . . impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's

performance under section 1103 of the Bankruptcy Code." Refco, 336 B.R. at 190.

15.    Section 1102(b)(3) could also arguably be read to require the disclosure of all information requested by the Committee's constituency, irrespective of applicable securities laws and disclosure requirements. See Refco, 336 B.R. at 196 ("When the debtor has public stock or debt . . . the securities laws may preclude the debtor from disclosing material non-public information on a selective basis to committee members absent a binding confidentiality agreement." (Citing 17 C.F.R. § 243.100)).

16.    The statutory provision requiring the Committee to provide access to information to other general unsecured creditors also impacts the attorney-client privilege and work-product privileges between the Committee and its counsel or other agents. Cf. In re Baldwin-United Corp., 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege). In Refco, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege." Refco, 336 B.R. at 197 (citing In re Subpoena Duces Tecum, 978 F.2d 1159, 1161 (9th Cir. 1992)). The Refco court further noted that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)." Id. Requiring the Committee to provide all general unsecured creditors with attorney-client communications pursuant to section 1102(b)(3) arguably immediately destroys the attorney-client privilege.

17.    Without clarification by the Court, the Committee's efforts in this case may be frustrated because the Debtors may be hesitant to share confidential and sensitive information – precisely the information the Committee requires and typically receives to carry out its fiduciary obligations – for fear that the shared information may be disseminated to the members of the

7

public.  Moreover, without Court intervention, the Committee may be deterred from conducting its own independent investigations out of concern that its findings may be disseminated to inappropriate parties.    These concerns could impede the Committee's efforts to obtain information.  For all of the foregoing reasons, the Committee seeks clarification that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate Confidential Communications, and deeming the Committee and its advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the procedures outlined in the Order.

**B.        *Soliciting and Receiving Comments***

18.    The statute also requires a committee to "solicit and receive comments" from creditors, but does not establish acceptable methods for fulfilling a committee's obligation to do so.  Because the cost associated with this requirement will ultimately be born by the Debtors' estates, the means for soliciting and receiving comments must be tailored to reflect the circumstances of the case.

19.    The Committee submits that its proposal to invite creditors to comment on matters related to this bankruptcy proceeding by setting up the Committee Website, telephone number and email inquiry form provides a cost-effective and efficient method for the Committee to satisfy its obligation under Bankruptcy Code Section 1102(b)(3)(B).

**C.        *Section 105(a) of the Bankruptcy Code***

20.    Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code, as described above. Moreover, the requested relief is

KL2 2611014.1

appropriate and within the Court's authority. Indeed, courts in this district routinely grant the relief requested herein. See, e.g., In re Lyondell Chemical Company, et al., Case No. 09-10023 (REG) (Bankr. S.D.N.Y. April 29, 2009); In re Charter Communications, Inc. et al., Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. May 21 2009 ); In re Tronox, Inc., et al., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Feb. 26, 2009); In re Paper International, Inc., et al., Case No. 08-13917 (RDD) (Bankr. S.D.N.Y. Jan. 6, 2009); and In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. July 10, 2008). Absent the relief sought herein, the Committee may be in breach of its obligations under section 1102(b)(3) of the Bankruptcy Code. Accordingly, the relief requested by the Motion is unquestionably "necessary and appropriate" to enable the Committee to fulfill its statutory duties. The Court should thus enter the Order under section 105(a) of the Bankruptcy Code.

21.    The requirements of sections 1102(b)(3) and 1103(c) must be properly balanced. The procedures proposed in the Order will provide a means for general unsecured creditors to contact the Committee or its counsel and will provide those creditors access to information as required by section 1102(b)(3). The procedures also recognize and take into account the interests of the Debtors in protecting the confidential material from being disseminated to the general public. The Committee is prepared to follow the procedures as established herein and in the Order to satisfy the obligations of section 1102(b)(3) of the Bankruptcy Code. The Committee believes that the relief requested in this Motion will aid the Committee in performing its statutory duties and functions.

## NOTICE

22.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States

Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the Debtors, (v) the attorneys for the ad hoc bondholders committee, (vi) the U.S. Attorney's Office, S.D.N.Y., (vii) the attorneys for the agent under the Debtors' prepetition secured term loan agreement, (viii) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, and (ix) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.

### <u>NO PRIOR REQUEST</u>

23.    The Committee has not previously sought the relief requested herein from this or any other Court.

WHEREFORE**,** the Committee requests the entry of an Order (a) granting the Motion; and (b) granting such other or further relief as the Court deems appropriate.


Dated: New York, New York
        July 21, 2009

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Robert T. Schmidt
Thomas Moers Mayer
Kenneth H. Eckstein
Robert T. Schmidt
Adam C. Rogoff
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured Creditors of Motors Liquidation Company, <u>et al</u>.*

KL2 2611014.1

## Exhibit A
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------    X
                                                            :
In re:                                                      :    Chapter 11 Case No.:
                                                            :
MOTORS LIQUIDATION COMPANY, et al.                          :    09-50026 (REG)
          f/k/a General Motors Corp., et al.                :
                                                            :
                                  Debtors.                  :    (Jointly Administered)
                                                            :
--------------------------------------------------------    X
```

## ORDER ESTABLISHING PROCEDURES
## FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)

Upon the motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the

"**Committee**") of Motors Liquidation Company (collectively, the "**Debtors**") for entry of an

order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c);[1] and it

appearing that the relief requested is in the best interests of the Committee, the Debtors' estates

and their creditors; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334; and consideration of the matter being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and good

and sufficient notice of the Motion having been given; and no other or further notice being

required; and sufficient cause appearing therefore; it is hereby ORDERED, that:

1.      The Motion is granted;

2.      <u>Access to Creditor Information</u>.  In full satisfaction of the Committee's

obligations to provide access to information to unsecured creditors in accordance with sections

1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of

dissolution of the Committee, dismissal or conversion of these chapter 11 cases or a further order

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

KL2 2611599.4

of the Court, establish and maintain the following procedures for disseminating information to

unsecured creditors (the "**Creditor Information Protocol**"):

     (a)    Establish and maintain a telephone number and electronic inquiry form for creditors to submit questions, comments and requests for access to information;

     (b)    Establish and maintain an internet-accessed webpage (the "**Committee Website**") that provides non-confidential information, including:

         (1)   highlights of significant events in the cases, including bar dates and other key case deadlines;

         (2)   press releases (if any) issued by the Committee;

         (3)   a link to the Debtors' bankruptcy information website; and

         (4) responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses to individual creditors in the exercise of its reasonable discretion, including in light of the nature of the information requested, and provided further that any inquiry involving confidential information shall be subject to the provisions set forth below, including the creditor's agreement to be bound by appropriate confidentiality and trading constraints, as approved by the Debtors and the United States Trustee.

     3.      Confidential Communications. Except upon further order of the Court, the

Committee and the other Committee Parties (as defined below) shall not be required to

disseminate, provide or disclose to any entity (as defined in section 101(15) of the Bankruptcy

Code, an "**Entity**"):  (a) any non-public information, documents, communications and matter of

whatever nature and kind disclosed to the Committee or its representatives by or on behalf of

Debtors, whether in writing or orally or in any other format, and designated or marked as

confidential by the Debtors (collectively, with all summaries thereof or information derived

therefrom, "**Confidential Material**"); provided, however, that Confidential Material shall not

include information (i) that is available to or was in the possession of a member of the

Committee (a "**Member**") on a non-confidential basis prior to the receipt of such information in

2

its capacity as a Member, (ii) that is separately received on a non-confidential basis by a Member outside of that Member's capacity as a Member, (iii) that is or becomes available to the public generally other than as a result of a breach of any of these provisions, or (iv) that becomes independently available to a Member by a means other than service on or in connection with its membership on the Committee so long as the Member's receipt of such information is not governed, to such Member's knowledge, by any other confidentiality provisions or agreements; and provided further, however, that with respect to clauses (i) or (iii) above, such information became available to the public or was obtained from a source that the Member reasonably believes was not prohibited from disclosing such information publicly; (b) any information or documents generated by the Committee, or by any of the Committee's professionals, or by any Member or counsel to any Member for the use of the Committee (collectively, "**Privileged Information**"), and (c) any communications among Members in their capacity as such and communications among Committee professionals and the Committee, including information regarding specific positions taken by Members (collectively, "**Committee Communications**" and collectively with Confidential Information and Privileged Information, "**Confidential Communications**"). Likewise, the Committee and its past, present and future members and their respective representatives, agents, advisors and professionals (collectively, the "**Committee Parties**") shall not be authorized to disseminate, provide or disclose to any Entity any of the Debtors' Confidential Material, except upon the Debtors' express written advance consent or otherwise in accordance with the terms and conditions of this Order.

       4.      Information Received in Discovery.  Subject to the terms of any protective order, sealing order or confidentiality agreement (the terms of which remain in effect and are not modified by this Order, as set forth in paragraph **11** below), any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order or agreement governing such discovery.

5.    <u>Identification of Confidential Information</u>.  Upon request, the Debtors shall assist the Committee in identifying any Confidential Material concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee and its agents and professionals.  Any documents, information or other materials designated by the Debtors as confidential shall be treated as Confidential Material for purposes of this Order.

6.    <u>Creditor Information Requests</u>. If a creditor (a "**Requesting Creditor**") submits a written request (including on the Committee Website or by electronic mail) (an "**Information Request**") for the Committee to disclose information, the  Committee shall: (a) as soon as practicable, but in any event no more than 20 days after receipt of the Information Request, provide a response to the Information Request (including on the Committee Website) (a "**Response**"), by either providing access to the information requested or stating the reasons that the Information Request cannot be fulfilled; and (b) provide the Debtors with (i) notice and a copy of the Information Request within five business days of the submission of such Information Request and (ii) a copy of the Response concurrently with providing such Response to the Requesting Creditor.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Communications that need not (and/or cannot) be disclosed pursuant to the terms of this Order, the by-laws of the Committee, or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee and the Debtors regarding the Information

Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such

motion shall be served on at least 20 days' notice on counsel to the Debtors, the United States

Trustee and counsel to the Committee, and the hearing on any such motion otherwise shall be

noticed and scheduled pursuant to the terms of rules of the Court.  The Committee shall not

object to any Requesting Creditor's request to participate in any such hearing by telephone

conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting

(or the Committee or Debtors from objecting to such request) that the Committee provide the

Requesting Creditor a log or other index of any information specifically responsive to the

Requesting Creditor's request that the Committee deems to be Confidential Communications,

provided that the Committee shall not be required to disclose Committee Communications.

Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from

requesting that the Court conduct an in camera review of any information specifically responsive

to the Requesting Creditor's request that the Committee claims is Confidential Material or

Privileged Information.

   7. <u>Considerations for Requests for Confidential Information</u>.  In its Response

to an Information Request for access to Confidential Material or Privileged Information, the

Committee shall consider whether (a) the Requesting Creditor (i) is willing to agree to

confidentiality restrictions approved by the Debtors and/or the Committee with respect to such

Confidential Material or Privileged Information and (ii) represents that any trading restrictions

and related information-screening procedures comply with applicable securities laws (if any);

and (b) under the particular facts, any particular confidentiality agreement and any information-

screening process will reasonably protect the confidentiality of such information; <u>provided</u>,

<u>however</u>, that if the Committee elects to (and is permitted to) provide access to Confidential

Material or Privileged Information on the basis of such confidentiality and trading restrictions,

KL2 2611599.4

the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws (if any).  Notwithstanding the foregoing, the Committee shall not disclose the Debtors' Confidential Material to a Requesting Creditor without the Debtors' specific written consent, unless the Bankruptcy Court orders otherwise after notice to the Debtors and a hearing.  Any disputes with respect to this paragraph **7** shall be resolved as provided in paragraph **6** above and, to the extent applicable, paragraph **8** below.

8.      <u>Restrictions on the Release of Confidential Information of Third Parties</u>. In addition, if the Information Request implicates Confidential Material of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Material to creditors, the Committee may make a demand (a "<u>**Demand**</u>") for the benefit of the Debtors' unsecured creditors, subject to the terms of paragraph **11** below, as follows:  (a) if the Confidential Material is information of the Debtors, by submitting a written request, each clearly captioned as a "<u>**Committee Information Demand**</u>," to counsel for the Debtors ("<u>**Debtors' Counsel**</u>"), stating that such information is proposed be disclosed in the manner described in the Demand unless the Debtors file an objection to such Demand on or before 15 days after the service of such Demand and subject to the Committee Parties' compliance with the terms of the applicable confidentiality agreements as set forth in paragraph **11** below; and, after the lodging of any such objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand; and (b) if the Confidential Material is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity files an objection to such Demand on or before 15 days after the service of such

6

Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court pursuant seeking a ruling with respect to the Demand.  In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph **8**, no such information shall be disclosed except to the extent provided in an order by the Court that has become final and non-appealable.

9.        Determination of Creditors Subject to Disclosure. Nothing in this Order shall require the Committee or the Debtors to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee and the Debtors, each in their sole discretion, or to the Court after notice and a hearing, that it holds a claim of the kind described in section 1102(b)(3)(A)(i) of the Bankruptcy Code.

10.        Exculpation.  None of the Debtors (or their non-Debtor direct and indirect subsidiaries) or the Committee Parties (collectively, the "**Exculpated Parties**") shall have or incur any liability to any Entity (including the Debtors and its affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of the Creditor Information Protocol, the Committee Website and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph **10** that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or this Order.  Without limiting the foregoing, the exculpation provided in this paragraph **10** shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

11.        Existing Confidentiality Agreements. Nothing in this Order shall diminish

7

or otherwise modify the obligations of the Committee Parties under any confidentiality agreements with the Debtors or any other Entity or the confidentiality provisions of the Committee's by-laws, all of which shall remain in full force and effect.

12.    <u>Effectiveness</u>.  This Order shall be effective as of the Formation Date.

13.    <u>Binding</u>.  This Order shall be binding in all respects on (a) the Committee Parties and (b) the Debtors and any successors thereto.

14.    <u>Jurisdiction</u>.  This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respect and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: New York, New York
_____, 2009

_____
United States Bankruptcy Judge

KL2 2611599.4