**HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
    f/k/a General Motors Corp., et al.        :
                                              :
                         Debtors.             :    (Jointly Administered)
                                              :
-------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR
ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

PLEASE TAKE NOTICE that upon the annexed Motion, dated July 21, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to sections 105(a) and 331, of title 11, United States Code establishing procedures for interim compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 3**, **2009 at 9:45 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corporation), 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.)  (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H. Eckstein, Esq.,

Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **July 29, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
July 21, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                            :   **Chapter 11 Case No.**
                                     :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
                                     :
                    Debtors.         :   **(Jointly Administered)**
                                     :
------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.   Pursuant to sections 105(a) and 331 of title 11, United States Code (the

"**Bankruptcy Code**") and Rule 2016(a) the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors request that the Court establish an orderly, regular process

US_ACTIVE:\20945232\07\20945232_7.DOC\

for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).  In addition, the Debtors seek approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the statutory committee of unsecured creditors (the "**Creditors' Committee**") appointed in these cases.  A proposed order (the "**Order**") is annexed here as Exhibit "A."

## Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Retention of Professionals

3.  By separate applications filed with the Court, the Debtors have been authorized to employ Weil, Gotshal & Manges LLP as counsel to represent them in these chapter 11 cases, Evercore Group L.L.C., as financial advisor and investment banker, AP Services, LLC as crisis managers, Jenner & Block LLP as general corporate and conflicts counsel, and Honigman Miller Schwartz & Cohn as special counsel.  The Debtors also intend to file applications to employ additional professionals in connection with the continued prosecution of their chapter 11 cases.[1]

---

[1] In addition, "ordinary course" professionals (the "**Ordinary Course Professionals**") may be retained in accordance with the Debtors' Motion Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code for Authorization to Employ Professionals Used in the Ordinary Course of Business (the "**Ordinary Course Professionals Motion**"), filed on June 17, 2009 [Docket No. 1742] and approved by the Court on July 1, 2009 [Docket No. 2900] (the "**OCP Order**").  Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses.  Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the OCP Order.

4.  In addition, by separate applications filed with the Court, the Creditors' Committee has been authorized to employ Kramer Levin Naftalis & Frankel LLP as counsel to represent them in these chapter 11 cases and Butzel Long, PC as special counsel. The Creditors' Committee may file applications to employ additional professionals in connection with the continued prosecution of these chapter 11 cases.

## Proposed Compensation & Reimbursement Procedures

5.  The Debtors propose that the payment of compensation and reimbursement of expenses of professionals be structured as follows:

    (a) Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

    (b) Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

    (c) The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

    (d) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should

        seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)     If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

---

[2]   The Debtors may seek to modify this requirement in the retention application of certain professionals.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)     Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"). At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

**The Proposed Interim Compensation
Procedures Should Be Approved by the Court**

6.     Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides, in part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id*. § 105(a). Thus, the Court has ample authority to enter an order authorizing the interim monthly compensation and reimbursement of expenses procedures requested herein.

7.     The Debtors seek approval of procedures that are in accordance with the standing General Order M-348 of the Bankruptcy Court for the Southern District of New York, dated March 21, 2008, establishing procedures for monthly compensation and reimbursement of

expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

8. The proposed Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. They also will allow the Court and the key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

9. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and therefore should be granted in these chapter 11 cases.

## Notice

10. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the Creditors' Committee, (v) the attorneys for the ad hoc bondholders committee, (vi) the U.S. Attorney's Office, S.D.N.Y., (vii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, (viii) all Retained Professionals as of the date of this Motion, (ix) General Motors Company, and (x) the United States Department of the Treasury. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
July 21, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **EXHIBIT A**

HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al*. :
:
                          Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures for interim compensation and reimbursement of professionals, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided, and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek interim compensation in accordance with the following procedure:

(a)  Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)  Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)  The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)  Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously

    maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e) Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f) Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g) At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

(h) If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i) If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

---

[2] The Debtors may seek to modify this requirement in the retention application of certain professionals.

(k)  The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)  Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)  The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)  Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)  The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

        on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)    The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
          _____, 2009

                                           _____
                                           United States Bankruptcy Judge