HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
     f/k/a General Motors Corp., et al.,  :
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. §§ 327(e) AND FED. R. BANKR. P. 2014 AUTHORIZING**
**RETENTION AND EMPLOYMENT OF BAKER & MCKENZIE AS**
**SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that upon the annexed Application, dated July 21, 2009

(the "**Application**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to

section 327(e), of title 11, United States Code authorizing the retention and employment of

Baker & McKenzie as special counsel, as more fully set forth in the Application, a hearing will

be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **August 3, 2009 at 9:45 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Application must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corporation), 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:  Lawrence S. Buonomo, Esq.)  (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than

**July 29, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Application, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Application, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      July 21, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                              :
**In re**                                     :          **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :          **09-50026 (REG)**
             **f/k/a General Motors Corp.,** *et al*.    :
                                              :
                              **Debtors.**    :          **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. §§ 327(E) AND FED. R. BANKR. P. 2014 AUTHORIZING**
**RETENTION AND EMPLOYMENT OF BAKER & MCKENZIE AS**
**SPECIAL COUNSEL,** *NUNC PRO TUNC* **TO THE COMMENCEMENT DATE**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

> Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession  (collectively, the "**Debtors**") [1], respectfully represent:

**Relief Requested**

> 1.    The Debtors submit this application (the "**Application**") for authority to

employ and retain Baker & McKenzie ("**Baker**") as special counsel for the Debtors, *nunc pro*

---

[1] The Debtors include:  Motors Liquidation Company (09-50026); Saturn, LLC (09-50027); Saturn Distribution Corporation (09-50028); and Chevrolet-Saturn of Harlem, Inc. (09-13558).

*tunc* to June 1, 2009 (the "**Commencement Date**"), the date on which the Debtors' chapter 11

cases were filed, pursuant to sections 327(e) of title 11, United States Code (the "**Bankruptcy

Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**").

### Jurisdiction

2.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Retention of Baker & McKenzie

3.       By this Application, the Debtors request entry of an order, pursuant to

sections 327(e) and 1107(b) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("**Local

Rules**"), authorizing the employment of the law firm of Baker & McKenzie, including partners

and employees in its member firms as special counsel for the Debtors, effective *nunc pro tunc* to

the Commencement Date.  *Nunc pro tunc* retention is appropriate because (i) this Application

was filed as soon as practicable after the Commencement Date, (ii) Baker has provided and will

continue to provide services to the Debtors from and after the Commencement Date, and (iii) a

final hearing on this Application will not be conducted, and a final order will not be entered,

until after the Commencement Date.

4.       The Debtors are seeking to retain Baker with respect to the following

matters (collectively, "**Representative Matters**"):

- Representing and advising the Debtors through identification and
  resolution of all tax claims and exposures in the United States and
  jurisdictions outside of the United States in which the company has
  operations, in the Debtors' bankruptcy cases and otherwise;
- Representing and advising the Debtors in connection with coordination
  and contingency planning relating to global financing in the Asia Pacific

2

region, including advice relating to regulatory requirements and contract
rights;

- Representing and advising the Debtors in connection with certain defined
  strategic alternatives and aspects of potential sales and purchases of assets,
  including any transaction involving Delphi Corporation, its assets and
  affiliates; and

- Representing and advising the Debtors and their European affiliates in
  connection with the negotiation and implementation of potential
  investments and funding arrangements in Europe.

5.    Section 327(e) provides for the appointment of special counsel that has

previously represented the debtor, where the proposed counsel does not possess any interest

materially adverse to the debtor with regard to the matter(s) that will be handled by counsel:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case."

*Id.* § 1107(b).

6.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel that previously represented a debtor prepetition provided that:  (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not amount to conducting the

bankruptcy case for the debtor in possession.  *See DeVlieg-Bullard, Inc. v. Natale (In re Devlieg,*

*Inc.)*, 174 B.R. 497, 502-04 (N.D. Ill. 1994); s*ee also Bank Brussels Lambert v. Coan (In re*

*AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special

3

counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand").  As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Baker and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

7.    The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Declaration of A. Duane Webber (the "**Webber Declaration**"), a Baker partner, sworn to on July 17, 2009, a copy of which is attached as Exhibit "A."

### The Employment and Retention of Baker Is in the Best Interests of the Estates

8.    The Debtors' decision to retain Baker is based on several factors: (a) Baker is well qualified to act as special counsel in the Representative Matters for which it has been asked to provide legal counsel; (b) prior to the Commencement Date, Baker actively represented the Debtors and their affiliates with regard to various matters, including some of the Representative Matters for which the Debtors seek Baker's continuing postpetition counsel; and (c) the Debtors believe that representation by Baker in all such matters, subsequent to the Commencement Date was, and is, in the best interest of the estates.

9.    The Debtors selected Baker as special counsel for the Representative Matters described above because Baker has extensive knowledge, experience and expertise with these kinds of matters.  Baker is one of the world's largest law firms with approximately 4,000 attorneys in 69 offices in 40 countries.  Baker's knowledge, resources and international reach permit it to deliver high quality legal services throughout the world with fluency, consistency, confidence and sensitivity for cultural, social and legal practice differences outside of the U.S. Baker has extensive expertise in virtually all aspects of the law that may arise in the

4

Representative Matters and these chapter 11 cases, including tax, corporate, labor, benefits, immigration and employment, finance, litigation, securities, environmental, intellectual property and restructuring.

10.    Further, based upon Baker's experience with the Debtors and ongoing familiarity with the Representative Matters, continued retention of Baker is essential to avoid duplicative and unnecessary expense.  Finding substitute counsel would necessarily cause increased expenses as that counsel becomes familiar with the Debtors' businesses, operations, corporate and capital structure, restructuring needs and strategic prospects.  As a result, the Debtors believe that the estate will benefit from continuing representation by Baker on the Representative Matters.

11.    The Debtors have been informed that all of Baker's partners, counsel, and associates who may appear before this Court are members in good standing with the bars of the jurisdictions in which they practice.  Further, to the extent such lawyers are admitted to the federal District Courts in New York, they are in good standing in those courts.

12.    Considering its history of representation of the Debtors and its reputation, the Debtors believe the employment of Baker under the terms described herein is in the best interest of the Debtors' estates.

### Baker Holds No Interest Adverse to the Debtors
### or the Debtors' Estates with Respect to the Representative Matters

13.    To the best of the Debtors' knowledge, and except as may be set forth in the Webber Declaration, Baker does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which Baker is to be employed.  *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The

Debtors have been informed that Baker will conduct an ongoing review of its files to ensure that

no disqualifying circumstances arise, and, if any new relevant facts or relationships are

discovered, Baker will supplement its disclosure to the Court.

14.    Baker has informed the Debtors that it is owed approximately $250,000 in

unpaid fees and expenses from the Debtors as of the Commencement Date for services rendered

by Baker unrelated to these chapter 11 cases.  Baker has not received payment of any of these

outstanding amounts.  Baker is, therefore, a prepetition creditor of the Debtors.  However,

Baker's status as a prepetition creditor of the Debtors does not bar its retention by the Debtors

under section 327(e) of the Bankruptcy Code.  3 *Collier on Bankruptcy*, ¶ 327.04[9][d], at 327-

63-64 (15th ed. 2008) ("the disinterested test of section 327(a) does not apply to section 327(e)

because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition

representation of the debtor"); *see also DeVlieg*, 174 B.R. at 503 (holding that proposed attorney

due outstanding prepetition fees did not hold interest adverse to the debtor or its estate for the

matters for which it was to be retained under the "more relaxed conflict-of-interest standard" of

section 327(e)).

15.    Based on the foregoing and the disclosures set forth in the Webber

Declaration, the Debtors submit that Baker does not hold or represent any interest adverse to the

Debtors or the Debtors' estates with respect to the matters on which Baker is to be employed.

## Baker Will Not Conduct the Debtors' Bankruptcy Case

16.    By separate applications, the Debtors have sought the Court's approval to

retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel.  By

contrast, Baker's postpetition work is comprised only of the Representative Matters.  None of

these matters involves the conduct of the bankruptcy cases themselves.  Additionally, because

6

Baker is not serving as the Debtors' bankruptcy counsel, the Debtors believe that Baker has not

rendered "services . . . in contemplation of or in connection with the case" within the meaning of

section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be

performed by Baker will not be duplicative of any bankruptcy-related work performed by Weil,

Gotshal or any other law firms retained by the Debtors.  Furthermore, Baker will coordinate with

the Debtors' other professionals to ensure that its services are, to the maximum extent possible,

consistent with and complimentary to other professionals' services.

### Professional Compensation

17.    The Debtors understand that Baker intends to apply separately to the Court

for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all

guidelines promulgated by the U.S. Trustee, and all orders of this Court governing professional

services performed and expenses incurred after the Commencement Date.  To that end, Baker

has agreed to submit applications for interim and/or final allowances of compensation pursuant

to sections 330 and 331 of the Bankruptcy Code, the rules and orders of this Court, and

according to the terms of retention applicable in each jurisdiction in which Baker will be

providing services.

18.    Baker has further informed the Debtors that the current hourly billing rates

for Baker professionals expected to spend significant time on the Representative Matters range

from:[2]

>            Partners ........................ $325 to $925
>            Of Counsel .................. $200 to $700
>            Associates ................... $150 to $540

---

[2] Such hourly rates may change from time to time in accordance with Baker & McKenzie's established billing
practices and procedures.  U.S. dollar values assigned to billing rates for attorneys outside of the U.S. may fluctuate
based upon applicable exchange rates.

Para-professionals .......... $60 to $250

19.     The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.  Baker & McKenzie's current hourly rates for associates and partners outside of the United States, depending on the jurisdiction, vary from $200 to $1200.  These rates are consistent with hourly rates charged by professionals for similar services in the jurisdictions in which the services are provided.

20.     For services rendered by Baker in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay Baker its customary hourly rates that are in effect from time to time, for each jurisdiction in which services are provided, as set forth in the Webber Declaration.

### Notice

21.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (v) the attorneys for the ad hoc bondholders committee, (vi) the U.S. Attorney's Office, S.D.N.Y., (vii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002, and (xiv) Baker.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

22.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
        July 21, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)**

**Exhibit A**

**Webber Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                    :
                Debtors.            :        (Jointly Administered)
                                    :
------------------------------------------------------------x
```

### DECLARATION OF A. DUANE WEBBER AND DISCLOSURE STATEMENT OF BAKER & McKENZIE PURSUANT TO SECTIONS 327(e), 329 AND 504 OF THE BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE IN SUPPORT OF APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 327(E) AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & McKENZIE AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

I, A. Duane Webber, declare as follows:

1.      Since 1985, I have been duly licensed to practice as an attorney in the State of Maryland and since 1986, I have been duly licensed to practice as an attorney in the District of Columbia.  I am a Partner in the law firm of Baker & McKenzie ("**Baker**," or the "**Firm**"), located at 815 Connecticut Avenue, Suite 900, Washington, D.C. 20006, and other locations in the United States and throughout the world.  I submit this declaration (this "**Declaration**") in support of the Debtors' Application For Entry Of Order Pursuant To 11 U.S.C. §§ 327(e) And Fed. R. Bankr. P. 2014 Authorizing Retention And Employment Of Baker & McKenzie As Special Counsel, *Nunc Pro Tunc* To The Commencement Date (the "**Application**")[1] and to provide the disclosures required under rules 2014(a) and 2016(b) of the Federal Rules of

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Application.

Bankruptcy Procedure (the "**Bankruptcy Rules**") and 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

2.       I have personal knowledge of the matters set forth herein and could testify competently as to the facts contained herein.

3.       To the extent it is brought to my attention that any information disclosed herein requires amendment or modification upon Baker's completion of further review or as additional party in interest information becomes available to it, I intend to file a supplemental declaration to the Court reflecting such amended or modified information.

<u>**Scope of Retention of Baker**</u>

4.       The Debtors[2] are seeking to retain Baker with respect to the following matters (collectively, "**Representative Matters**"):

- Representing and advising the Debtors through identification and resolution of all tax claims and exposures in the United States and jurisdictions outside of the United States in which the company has operations, in the Debtors bankruptcy cases and otherwise;
- Representing and advising the Debtors in connection with coordination and contingency planning relating to global financing in the Asia Pacific region, including advice relating to regulatory requirements and contract rights;
- Representing and advising the Debtors in connection with certain defined strategic alternatives and aspects of potential sales and purchases of assets, including any transaction involving Delphi Corporation, its assets and affiliates; and
- Representing and advising the Debtors and their European affiliates in connection with the negotiation and implementation of potential investments and funding arrangements in Europe.

---

[2] The Debtors include:  Motors Liquidation Company (09-50026); Saturn, LLC (09-50027); Saturn Distribution Corporation (09-50028); and Chevrolet-Saturn of Harlem, Inc. (09-13558).

## **Compensation of Baker**

5.      Baker's current hourly billing rates for Baker professionals expected to spend

significant time on the Representative Matters range from:[3]

> Partners ........................ $325 to $925
> Of Counsel ................... $200 to $700
> Associates .................... $150 to $540
> Para-professionals .......... $60 to $250

Baker & McKenzie's current hourly rates for associates and partners outside of the United

States, depending on the jurisdiction, vary from $200 to $1200.  These rates are consistent with

hourly rates charged by professionals for similar services in the jurisdictions in which the

services are provided.

6.      These rates are designed to fairly compensate Baker for the work of its attorneys

and legal assistants and to cover fixed and routine overhead expenses.  These rates are adjusted

periodically and any modification of such rates is applicable to legal services performed after the

new rates become effective.  Baker will notify the Debtors, the U.S. Trustee, the Court and any

official committee of any change in the hourly rates charged by Baker for services rendered, and

will file such notification with the Court.

7.      The expenses that Baker ordinarily and customarily charges its clients include, but

are not limited to, telephone and telecopier charges, mail and express mail charges, messenger

and hand delivery charges, photocopying charges at the rate of $.10 per page, document

processing, courier services, overnight delivery charges, computer-assisted research, docket and

filing fees, travel expenses, expenses for "working meals," court reporting charges and

---

[3] Such hourly rates may change from time to time in accordance with Baker & McKenzie's established billing practices and procedures.  U.S. dollar values assigned to billing rates for attorneys outside of the U.S. may fluctuate based upon applicable exchange rates.

transcription charges, overtime for secretarial personnel, and other incidental costs advanced by the firm specifically for these matters.

8.      Baker intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and all orders of this Court governing professional services performed and expenses incurred after the Commencement Date.  Baker will submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.

9.      Except as is permitted by section 504(b) of the Bankruptcy Code, Baker has not entered into any agreement respecting the division or sharing of fees arising out of these proceedings with any third party, nor will it enter into any such agreement or any other agreement prohibited by section 504 of the Bankruptcy Code or 18 U.S.C. § 155.

### Qualifications of Baker

10.     Baker is one of the world's largest law firms with approximately 4,000 attorneys in 69 offices in 40 countries.  Baker's knowledge, resources and international reach permit it to deliver high quality legal services throughout the world with fluency, consistency, confidence and sensitivity for cultural, social and legal practice differences outside of the U.S.   Baker has extensive expertise in virtually all aspects of the law that may arise in the Representative Matters and these chapter 11 cases, including tax, corporate, labor, benefits, immigration and employment, finance, litigation, securities, environmental, intellectual property and restructuring.

11.     Baker is well positioned to provide the type of representation required by the Debtors on the Representative Matters.  Based on Baker's knowledge and familiarity with the

Debtors multi-national business and legal affairs, their tax structure and contractual relationships, and the ongoing matters for which Baker represented the Debtors prior to the Commencement Date, the Firm is uniquely qualified to provide counsel to the Debtors with respect to the Representative Matters.

12.    Baker's partners, counsel, and associates who may appear before this Court are members in good standing with the bars of the jurisdictions in which they practice.  Further, to the extent such lawyers are admitted to the federal District Courts in New York, they are in good standing in those courts.

<u>**Connections of Baker to Parties-in-Interest**</u>

13.    In preparing this Declaration, attorneys and employees of Baker compared an extensive list of parties-in-interest and other persons and entities related to the Debtors and their chapter 11 cases (the "**Chapter 11 Cases**") to Baker's conflicts database of present and former clients and adverse parties, including the Debtors and their affiliates; the officers, directors and control persons of the Debtors; creditors, insurers, utility providers, debt instrument holders, vendors and suppliers of the Debtors; counterparties to leases, contracts and financial agreements; adversaries in litigation matters to which the Debtors are parties; the professionals known to Baker sought to be retained by the Debtors in this case; the U.S. Trustee and other persons employed thereby; and other known significant parties in interest in the Chapter 11 Cases.

14.    The conflicts database maintained by Baker includes every matter in which the firm is now or has been engaged over at least the past five years and, in each instance, the identity of related parties and adverse parties.  It is Baker's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with

5

maintaining the conflicts database the information necessary to check each new matter for

conflicts, including the identity of the prospective client, the matter, and related and adverse

parties.

15.    Except as set forth below, and to the best of my knowledge, neither I, Baker, nor

any partner, counsel to, or associate of the Firm holds any interest adverse to the Debtors with

respect to the Representative Matters.  As described below, Baker represents certain interests in

connection with the Representative Matters, but such interests are not materially adverse to

Motors Liquidation Company ("**MLC**") and appropriate waivers have been obtained.

- Baker has been advising MLC and its affiliates in connection with aspects of MLC's proposed acquisition of Delphi Corporation's ("**Delphi**") Steering Business Lines (the "**Transaction**").  Baker provides legal services to Delphi and certain of its affiliates.  Baker has also been engaged to provide competition law advice to Platinum Equity, LLC ("**Platinum**") with respect to its interest in other aspects of Delphi.  Baker has obtained written waivers from MLC, Delphi and Platinum sufficient to allow Baker to be retained as special counsel on the terms set forth in this Application.

- Baker has been advising MLC in connection with the negotiation and implementation of a potential investment by third parties in Adam Opel GmbH, including advice related to funding arrangements involving European governments.  Baker has also been engaged to provide competition law advice related to the potential transaction to Magna International Inc. ("**Magna**") and certain of its affiliates.  Baker has obtained written waivers from MLC and Magna sufficient to allow Baker to be retained as special counsel on the terms set forth in this Application.

16.    Except as set forth below, and to the best of my knowledge, neither Baker, nor

any partner, counsel to, or associate of the Firm has any connection with the Debtors, their

creditors or any other party in interest in the Debtors' cases, their respective attorneys and

advisors, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or the

Bankruptcy Judges for the Southern District of New York.

(a)     Attorneys at Baker have been representing the Debtors in ongoing matters and Baker has represented and intends to continue to represent the Debtors' non-debtor affiliates on terms similar to those set forth herein.

(b)     Baker has appeared in the past, and may appear in the future, in cases unrelated to the Representative Matters, where creditors of the Debtors and other interested parties and/or their respective attorneys and advisors may be involved.

(c)     Baker may have in the past represented, may currently represent, and likely will in the future represent creditors and other parties in interest of the Debtors and in the Chapter 11 Cases in connection with matters unrelated to the Representative Matters.

(d)     Baker may previously have represented, currently represent, or may represent in the future, parties who are or may be parties to past, pending or future litigation with the Debtors.  Baker has not agreed to represent any such party in connection with litigation against the Debtors.

(e)     Baker may have "connections" with many of the attorneys and other professionals involved in the Chapter 11 Cases (collectively, "**Professionals**").  Baker may have referred matters to Professionals, or have been referred matters by Professionals.  Baker may previously have represented, presently represent, or in the future represent one or more of the Professionals in matters unrelated to the Representative Matters.

(f)     Baker may acquire goods and services from one or more of the Debtors' vendors, insurers, utility providers, creditors or contract counterparties.

(g)     Except to the extent it has represented or may now represent those persons or entities listed on the attached Schedule 1, Baker has no professional relationship with the Debtors' known secured and significant unsecured creditors, or the Debtors' vendors or suppliers, counterparties to leases or contracts, insurers, utility providers, equity security holders, or the officers, directors and control persons of the Debtors or other known significant parties in interest in this case.  Baker does not and will not represent any of the entities listed on Schedule 1 in connection with the Representative Matters.

17.     Baker has unpaid invoices to MLC totaling approximately $250,000 as of June 1, 2009, and is, therefore, a creditor in the Chapter 11 Cases at this time.

18.     Neither Baker, nor its principals, counsel or associates, have received or been promised compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

19.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on July 17, 2009.

/s/ A. Duane Webber_____
A. Duane Webber

8

## Schedule 1

American International Group Inc.
Allianz Global Investors AG
A.S.P. Autoliv Inc
ABC Group
ABN AMRO
ABN AMRO Rothschild
ACDelco
Ace USA Inc
Adam Opel GmbH
Advanced Bionics Corporation
Aer Vironment, Inc.
Aesop Corp
AIG Global Investment Group
AIG Life Insurance Company
Aiu North America, Inc.
Alliant Energy Corporation
Allianz
American Airlines Inc.
American Axle & Manufacturing, Inc.
American Bankers Insurance Group
American Express Company
American Travellers Life Insurance Co.
Amico Automatisering B.V.
Android Industries L.L.C.
AON Corporation
Apollo Management L.P.
Apollo Tyres Limited
Applied Intellectual Capital
Arthur Andersen
Associated Aviation Underwriters Inc
AT&T
Atlantic Richfield Company
Atmos Energy Corporation
Aurelius Capital Management, L.P.
Australia & New Zealand Banking Group
Autoliv, Inc.
Avery Dennison Corporation
Avis Budget Car Rental, LLC
Avis Budget Group, Inc.
AVN Air, LLC
Avrinmeritor, Inc.
Banc of America Securities LLC
Banca Intesa S.P.A.
Banco Comercial Portugues, S.A.
Bank of America

Bank of China
Bank of Montreal
Bank of New York
Bank of New York Mellon Corporation
Bank of Nova Scotia
Banque Generale du Luxembourg
Barclays Bank PLC
Barclays Capital Inc.
Barclays Global Investors
Bayerische Landesbank
BBVA Bancomer
Bear Stearns & Co.
Behr America, Inc.
Behr GmbH & Co. KG
BellSouth Corporation
Benteler Automotive Corporation
Biogen Idec Ma Inc
Biogen Inc
Blackstone Group
Blue Cross & Blue Shield Association
BMW Group
BNP Paribas
Board of Regents of The University System
    Of Georgia
Borg Warner Automotive
Bose Corporation
BP Amoco
BP Products North America Inc.
Bp Solar International Ltd.
Brandes Investment Partners, LP
Bridgestone Corporation
Bridgestone/Firestone Inc.
Brunswick Corp.
BT Group plc
Buckeye Technologies Inc.
Burger King Corporation
Cadwalader Wickersham and Taft LLP
California Institute Of Technology
Camden Management Services SA
Campbell Ewald
Canadian Imperial Bank of Commerce
Canadian Linen And Uniform Service Co
Cap Gemini S.A.
Capgemini Canada Inc
Capital International Limited

Capital Research and Management
Carlyle Group, The
Catalys International Inc.
Caterpillar Inc.
Caterpillar Logistics Services Inc.
Chevrolet Nederland B.V.
Chrysler LLC
Chubb Group of Insurance Companies
Canadian Imperial Bank of Commerce
Citibank
Citigroup Global Markets
Citigroup, Inc.
City Of Nogales
Clearstream International SA
Coca-Cola Company
Codina Group Inc
Coller Capital Limited
Columbia Gas
Comcast Corporation
Comerica Bank
Commerzbank AG
Commonwealth Edison Company
Compact Power Systems, Inc.
Compagnie Generale Des Establishments
Compaq Computer Corporation
Computershare Trust Company, Inc.
Connecticut National Bank
ConocoPhillips Company
Consolidated Edison Co of New York, Inc
Continental AG
Continental Tire North America, Inc.
Cooper-Standard Automotive Inc.
Credit Suisse
Cuna Mutual Insurance Society
Daewoo Motor Co Ltd
Daifuku Co., Ltd.
Daimler AG
Daiwa Europe
Dana Corporation
Dana Holding Corporation
Davis Polk & Wardwell
Deloitte & Touche
Delta Air Lines Inc.
Denso Corporation
Denso International America, Inc.
Department of Finance and Administration
Deutsche Bank

Digitas Asia Limited
Discover Financial Services Inc.
Dodge & Cox
Dominion-Virginia Power
Dresdner Bank
DTE Energy Services Inc
Duke Energy Corporation
Dupont Performance Coatings
Eastman Kodak Company
Eaton Corporation
Edison Electric Institute
Electric Power Research Institute
Electronic Data Systems
Eli Lilly & Company
Elliott International, Inc.
Embarq Communications, Inc.
Emcon Technologies LLC
Employers Ins Company Of Wausa
Englishtown, Inc.
Entergy Corporation
Enterprise Rent-A-Car Company, Inc.
Equitable Resources Inc. a/k/a Equitable
    Gas Company
Ericsson Inc.
Ericsson Telecomunicacoes S.A
Ernst & Young
ESIS Inc.
Essex Woodlands Health Ventures
Euroclear Bank SA
European Bank for Reconstruction and
    Development
European Federation of Pharmaceutical
    Industries and Associations
Exxonmobil Oil Corp
Fannie Mae
Faurecia Automotive Seating, Inc.
Federal-Mogul Corporation
Fiat Auto S.p.A.
Fiat Spa
Fidelity Investments
Fidelity Management & Research
Fifth Third Bank
First Data Corporation
First Union Corporation
Ford Motor
Forstmann Little
Fortis Bank N.V.

Franklin Mutual Advisors LLC
Frontier Corp
GE Asset Management Incorporated
GE Capital Corporation
GE Commercial Finance
GE Financial Services
GE Fleet Services
GE Insurance Solutions
General Electric Capital Corporation
General Electric Company
General Motors – Egypt
General Motors (China) Investment
    Company Ltd.
General Motors Acceptance Corporation
General Motors Asia Pacific Pte Ltd
General Motors Canada Limited
General Motors China Inc.
General Motors Colmotores S.A.
General Motors Corp: Taiwan
General Motors Corporation
General Motors Corporation - Hong Kong
General Motors De Mexico
General Motors Europe AG
General Motors Europe Holding SL
General Motors Europe Holdings S.L.
General Motors India Private Limited
General Motors Italia S.R.L.
General Motors Japan Ltd.
General Motors of Canada Limited
General Motors Thailand Ltd.
General Motors Venezolana C.A.
Geocapital LLC
Getrag Corporation
GKN Plc
GM (China) Investment Co Ltd
GM Daewoo Auto & Technology
GM Holden Ltd.
GM LAAM
GMAC
GMAC Commerical Credit, L.L.C.
GMAC LLC
Goldman Sachs
Goodyear Tire & Rubber Company
Goss International Corporation
Granite
Great American Health Plans, Inc.
Greenwich Capital Markets

Grocery Manufacturers of America
GSI Lumonics
Guardian Industries Corporation
Harris Corp.
Hayes Lemmerz International Inc.
Haynes & Boone  LLP
Hec Holdings, Inc.
Heidrick & Struggles International Inc.
Helaba Landesbank Hessen-Thueringen
Hella KGaA Hueck & Co.
Henry Schein Inc.
Hertz
Hess Corporation
Hewlett Packard
Hicom Holdings Berhad
Highbridge Capital Management, LLC
Hitachi
Hitachi Data Systems Corporation
Hli Operating Company, Inc.
Home Depot (The)
Houlihan Lokey Howard & Zukin
HP-Pelzer Beteilgungsholding GmbH
HSB Engineering Insurance Ltd.
HSBC
Hughes Aircraft Company
Hughes Electronics Corporation
Hutchings Automotive Products Inc.
IBC Vehicles Limited
Icahn Enterprises Holdings L.P.
Illinois Tool Works, Inc.
Infomedia Ltd.
ING Bank
Intelsat Corporation
International Automotive Components
Inteva Products LLC
Isuzu Motors
J.P. Morgan Securities Inc.
Jenner & Block
Johnson Controls
Johnson Industries Pty Ltd.
Jones Day USA
JPMorgan Chase Bank, N.A.
Kautex Textron de Mexico
KBC Bank
Key Safety Systems de Mexico
King Street Capital Management, L.P.
Kirkland & Ellis LLP

Kohlberg Kravis Roberts & Co.
Korea Development Bank
KPMG
Krispy Kreme Doughnuts Inc
Lear Corporation
Lehman Brothers
Lehman Brothers Asset Management LLC
Leucadia National Corporation
Lexington Insurance Company
Lincoln National Life Insurance Company
Lio Ho Machine Works Ltd.
Lloyd's
M&T Bank
Mackay Shields LLC USA
Magna International Inc.
Mallesons Stephen Jaques
Maritz Inc.
Marsh USA Inc
Martinrea International Inc.
MCI
MCI WorldCom
Mellon Bank
Mellon Capital Management Corporation
Merck & Co. Inc.
Merrill Lynch
Metiom Inc.
Minnesota Mining & Manufacturing
Mitsubishi Electric Corporation
Mizuho Corporate Bank
Mold-Masters Limited
Morgan Stanley and Co.
Morgan, Lewis & Bockius
Motorola Inc.
MX Energy
Mxenergy Inc
National Car Rental Systems, Inc.
National City Bank
National Grid Holdings Limited
National Safety Council
National Union Fire Insurance Company of
    Pittsburgh, Pa.
National Union Insurance Company
New Cure, Inc.
New York Life Insurance
Nicholas Applegate Capital Management
Nippon Sheet Glass Company
Noble International Limited

Nordea Bank
Nordic Capital
North Carolina Mutual Life Insurance
Northern Trust Company
Northrop Grumman Corporation
Novem Interior Design
Oaktree Capital Management, L.P.
Oklahoma Natural Gas
Omnibus Bb Transportes S.A.
OnStar Corporation
Oppenheimer & Co. Inc.
Osler, Hoskin & Harcourt LLP
P.T. General Motors Indonesia
Pacific Asset Management
Pacific Gas & Electric Company
Pacific Investment Management Company
PanAmSat Corporation
Panasonic Corporation
Panhandle Eastern Pipe Line Co
Penske Automotive Group, Inc.
Penske Corporation
Peugeot SA
Pfizer
Pharmaceutical Research and Manufacturers
    Association of America
Plastic Omnium Auto Exterieur
Portland General Electric Company
PPG Industries International Inc.
Price Waterhouse Coopers
Progressive Corp.
Prostep AG
PT General Motors Indonesia
PTT Chemical Public Company
Publicis Groupe SA
Putnam Investments
Quaker Oats Company
Qwest Communications, Inc.
Rbc Dexia Investor Services Trust
RBS
Remy International Inc.
Republic of Uzbekistan
Research Triangle Institute
RGA Reinsurance Company
Riversource Investments LLC
Robert Bosch Corporation
Robotic Vision Systems, Inc.
Rockwood Specialties Group Inc.

Royal Bank of Scotland
Ruedas De Aluminio
Rush Enterprises, Inc.
Saab
SAIC Motor UK Holdings Limited
Sanford C. Bernstein & Co., Inc.
Sanluis Corporacion S.A.B. de C.V.
Sara Lee Corporation
Saturn Corporation (UK) Limited
Saudi Basic Industries Corporation
SBC
Schaeffler KG
Scottish & Newcastle PLC
Shanghai Automotive Industry
Silverado Management Group, L.P.
Simpson Thacher & Bartlett
SK Telecom Co. Ltd.
Skadden, Arps, Slate, Meagher & Flom LLP
Skandivaviska Enskilda Banken
SMBC
Societe Française de Radio SA (SFR SA)
Societe Generale
Sonnenschein Nath & Rosenthal LLP
Southeastern Asset Management, Inc
Southern California Edison
Southern California Gas Co
Southwestern Bell Corporation
Southwestern Bell Telecom
Sprint Corporation
Standard Chartered Bank
Starcom MediaVest Group, Inc.
State Grid Corporation of China
State Street Bank & Trust Co.
Stewart McKelvey Stirling Scales
Sumitomo Electric Industries Ltd.
SunTrust Banks Inc.
Super Group Automotive Limited
Superior Industries International
Suzuki Motor Corporation
T Rowe Price Associates, Inc.
TCW Group, Inc.
Teachers Insurance and Annuity
    Association-College Retirement Equities
    Fund
Temic Automotive of North America Inc
Tenneco Inc
Tennessee Valley Authority

Texas Instruments, Inc
Textron Inc.
The DIRECTV Group
The First National Bank of Chicago
The University of Chicago
The University of North Carolina
The Vanguard Group Inc
The Warranty Group Inc
Thor Industries Inc.
TI Automotive Ltd.
Time Warner Telecom, Inc.
Tk Holdings, Inc.
Total SA
Toyota
Trust Company of The West
TRW Automotive
TRW Vehicle Safety Systems, S.A. de C.V.
Tunas Ridean TBK PT
U.S. Bank N.A.
UBS
Union Pacific Railroad Company Inc
United Online, Inc.
United Solar Ovonic Corp.
US Federal Trade Commission
Valeo
Vanguard Car Rental USA Inc
Veolia Environnment
Verizon
Vestar Capital Partners Europe
VF Corporation
Visteon Corporation
Vitesse Semiconductor Corporation
VM Holdings B.V.
VM Motori S.p.A
Wachovia Corporation
WBL Corp. Ltd.
Webasto Ag
Weil, Gotshal & Manges LLP
Wellington Management Co. LLP
Wells Fargo Bank - Various Regs.
Western Asset Management Co.
WestLB
White & Case, L.L.P.
Wilmington Trust Company
Wind Point Partners
Winn-Dixie Stores Inc.
Winnebago Industries Inc.

Woodward Governor Company
Xcel Energy
Xerox Corporation
XM Satellite Radio Inc.
Yazaki Corporation
Yazaki North America Inc
ZF Electronics Corporation
Zurich Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                     :
In re                                :          Chapter 11 Case No.
                                     :
MOTORS LIQUIDATION COMPANY, et al.,  :          09-50026 (REG)
       f/k/a General Motors Corp., et al.   :
                                     :
             Debtors.                :          (Jointly Administered)
                                     :
-----------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND**
**FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND**
**EMPLOYMENT OF BAKER & MCKENZIE AS SPECIAL COUNSEL**
**TO THE DEBTORS, _NUNC PRO TUNC_ TO THE COMMENCEMENT DATE**

Upon the Application, dated July 21, 2009 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11, United States

Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of

Baker & McKenzie ("**Baker**") as special counsel to the Debtors, _nunc pro tunc_ to the

Commencement Date, all as more fully described in the Application; and due and proper notice

of the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Application is

in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Application establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Application.

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to sections 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain Baker as special counsel to the Debtors on the terms set forth in the Application and this Order, effective *nunc pro tunc* to the Commencement Date, for the Representative Matters identified in the Application and in accordance with Baker's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Baker shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that Baker shall notify in writing this Court, the Debtors, the U.S. Trustee, and any official committee of any change in the hourly rates charged by Baker for services rendered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
　　　_____, 2009


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge