Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
      f/k/a General Motors Corp., et al.    :
                                            :
                              Debtors.      :    (Jointly Administered)
                                            :
-------------------------------------------------------------x
```

### NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF LOWE, FELL & SKOGG, LLC AS LEGAL COUNSEL *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

PLEASE TAKE NOTICE that upon the annexed Application, dated July 21, 2009

(the "**Application**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to

section 327(e), of title 11, United States Code authorizing the retention and employment of

Lowe, Fell & Skogg, LLC as special counsel, as more fully set forth in the Application, a hearing

will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room

621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **August 3, 2009 at 9:45 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Application must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corporation), 300

Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors

Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:  Lawrence S. Buonomo,

Esq.)  (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of

the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J.

Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue

NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price,

P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New

York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin

Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177

Avenue of the Americas, New York, New York 10036 (Attn:  Kenneth H. Eckstein, Esq.,

Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **July 29, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
July 21, 2009

s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                         :      **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :      **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*  :
                                              :
                      **Debtors.**            :      **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND**
**EMPLOYMENT OF LOWE, FELL & SKOGG, LLC AS LEGAL COUNSEL**
***NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**GM**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      By this Application, the Debtors request entry of an order, pursuant to

sections 327(e) and 1107(b) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("**Local**

**Rules**"), authorizing the employment of Lowe, Fell & Skogg, LLC ("**LFS**" or the "**Firm**") as

special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date, with respect to the following matters (collectively, "**Representative Matters**"): (a) counsel, advise and assist the Debtors in matters related to dealership arrangements including preparation of form Wind-Down Agreements for all applicable Chevrolet, Buick, Cadillac, Pontiac, GMC and Medium Duty Chevrolet and GMC Truck dealers; Participation Agreements and the Participation Agreement Amendment for all applicable Chevrolet, Buick, Cadillac and GMC dealers; Deferred Termination Agreements for all Saturn, Saab and Hummer dealers and all cover letters for each form of agreement; (b) counsel, advise and assist the Debtors in briefing and training the Debtors' employees and representatives on the above-referenced agreements and the circumstances surrounding the Wind-Down Agreements and Participation Agreements; (c) support, guidance and counsel to the Debtors' call center personnel dealing with dealer relations; and (d) corporate, real estate and other defined and finite matters which may arise. *Nunc pro tunc* retention is appropriate because (i) the Debtors requested and received services from LFS dating back to the Commencement Date, (ii) LFS continued to provide services to the Debtors from and after the Commencement Date through July 10, 2009, and (iii) a final hearing on this Application will not be conducted, and a final order will not be entered, until after the Commencement Date.

2.     Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case."

*Id.* § 1107(b).

        3.      Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor pre-petition provided that:  (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not rise to the level of

conducting the bankruptcy case for the debtor in possession.  *See DeVlieg-Bullard, Inc. v. Natale*

*(In re Devlieg, Inc.)*, 174 B.R. 497, 502-04 (N.D. Ill. 1994); s*ee also Bank Brussels Lambert v.*

*Coan (In re AroChem Corp*.), 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest

of the special counsel and the interest of the estate are identical *with respect to the matter for*

*which special counsel is retained*, there is no conflict and the representation can stand").  As

explained more fully below, the Debtors submit that each of these factors is satisfied with respect

to LFS and, therefore, its retention should be approved under section 327(e) of the Bankruptcy

Code.

        4.      The Debtors' knowledge, information, and belief regarding the matters set

forth in this Application are based on and made in reliance upon the Affidavit of David W. Fell

(the **"Fell Affidavit"**), sworn to on July 20, 2009, a copy of which is attached as Exhibit "A."

**Jurisdiction**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Employment and Retention of
LFS Is in the Best Interests of the Estates**

6.      The Debtors' decision to retain LFS is based on several factors: (a) LFS is well qualified to act as special counsel in the Representative Matters for which it has been asked to provide legal counsel; (b) prior to the Commencement Date, LFS actively represented the Debtors and their affiliates with regard to various matters, including the Representative Matters, for which the Debtors need post-petition counsel; and (c) the Debtors believe that representation by LFS in such matters, subsequent to the Commencement Date was, and is, in the best interest of the estates.

7.      Here, the Debtors selected LFS as special counsel with respect to the Representative Matters described above.  As described in the Fell Affidavit, LFS has extensive knowledge and experience with each of these kinds of matters.  LFS was formed in June 2000 and consists of nine attorneys, with five members, one of-counsel and three associates, four paralegals and a full support staff.  Several attorneys from LFS have provided services to the Debtors for more than 15 years on a number of major projects including restructuring of the Debtors' dealer network, dealership acquisitions and dispositions through the Motors Holding Division of the Debtors, and the acquisition, disposition, leasing and development of GM's dealership real estate portfolio.  LFS has extensive experience in corporate, real estate, banking, condemnation and general commercial litigation.  Beyond LFS's general and wide-ranging expertise in multiple areas of the law, the Debtors wish to retain LFS because of its intimate and

extensive knowledge of the Debtors, in particular the details of all aspects of the Debtors' dealership network and because of its pre-petition and ongoing representation of the Debtors in the matters described herein. Indeed, the Debtors believe that without LFS's continuing representation, the Debtors' continued operations, restructuring of its dealership network and consummation of a successful sale would have been difficult, much more time consuming, and expensive. Thus, LFS's services are critical to the Debtors' ability to properly execute their duties as debtors and debtors-in-possession. The Debtors wish to retain LFS to continue to render services related to the Representative Matters as requested by the Debtors through July 10, 2009.

### LFS Holds No Interest Adverse to the Debtors or the Debtors' Estates with Respect to the Representative Matters

8.      To the best of the Debtors' knowledge, and except as may be set forth in the Fell Affidavit, LFS does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which LFS is to be employed. *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that LFS will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and, if any new relevant facts or relationships are discovered, LFS will supplement its disclosure to the Court.

9.      LFS has informed the Debtors that it is owed approximately $85,625.90 in unpaid fees and expenses from the Debtors as of the Commencement Date for services rendered by LFS unrelated to these chapter 11 cases. LFS has not received payment of any of these outstanding amounts. LFS is, therefore, a pre-petition creditor of the Debtors. However, LFS's status as a pre-petition creditor of the Debtors should not be an impediment to its retention by the

Debtors under section 327(e) of the Bankruptcy Code.  3 *Collier on Bankruptcy*, ¶ 327.04[9][d], at 327-63-64 (15th ed. 2008) ("the disinterested test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such pre-petition representation of the debtor"); *see also DeVlieg*, 174 B.R. at 503 (holding that proposed attorney due outstanding pre-petition fees did not hold interest adverse to the debtor or its estate for the matters for which it was to be retained under the "more relaxed conflict-of-interest standard" of section 327(e)).

10.     Based on the foregoing and the disclosures set forth in the Fell Affidavit, the Debtors submit that LFS does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which LFS is to be employed.

### LFS Will Not Conduct the Debtors' Bankruptcy Case

11.     By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel.  By contrast, LFS's post-petition work is comprised substantially of the Representative Matters. None of these matters involves the conduct of the bankruptcy cases themselves.  Additionally, because LFS is not serving as the Debtors' bankruptcy counsel, the Debtors believe that LFS has not rendered "services . . . in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by LFS will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  Furthermore, LFS will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complementary to other professionals' services.

**Professional Compensation**

12.     The Debtors understand that LFS intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court governing professional services performed and expenses incurred after the Commencement Date.  To that end, LFS has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.

13.     The Debtors have historically entered into written agreements with LFS for one or two-year terms, for LFS to provide services to the Debtors related to Motors Holding, Channel Strategy and Worldwide Real Estate ("**WRE**") matters on a fixed fee basis.  The terms of these agreements for 2009 are set forth in two separate letter agreements:  one dated January 12, 2009 for Motors Holding and Channel Strategy; and one dated January 22, 2009 for WRE (collectively, the "**Fixed Fee Agreements**"), copies of which are attached to the Fell Affidavit. For services beyond those set forth in the Fixed Fee Agreements, LFS performs such services on an hourly basis and is compensated based upon LFS's discounted billing rates.  LFS informed the Debtors that the current hourly billing rates for LFS professionals expected to spend significant time on the Representative Matters are set forth in the table below[1]

| Name of Professional | Year Admitted | 2009 Rate | GM Discounted Rate |
|---|---|---|---|
| Henry I. Lowe | 1982 | $340 | $275 |
| David W. Fell | 1986 | $340 | $275 |

---

[1]     Such hourly rates may change from time to time in accordance with LFS's established billing practices and procedures.

| Kenneth K. Skogg | 1987 | $325 | $256 |
|---|---|---|---|
| Curtis L. Clay | 1993 | $275 | $190 |
| Karen L. Brody | 1996 | $285 | $206 |
| Robert H. Patterson | 1981 | $340 | $275 |
| Kirsten J. Pedersen | 2001 | $220 | $161 |
| Dana B. Baggs | 2005 | $195 | $161 |
| Tiffany C. Hung | 2008 | $185 | $161 |
| Donna M. Prete | Paralegal | $160 | $133 |
| Michael F. Drummy | Paralegal | $145 | $104 |
| Lori A. Hovey | Paralegal | $145 | $104 |
| Carol Ann Ortiz | Paralegal | $125 | $90 |
| Jenna Skogg | Document Clerk | $75 | $45 |

14.     The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.  For services rendered by LFS in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay LFS in accordance with the Fixed Fee Agreements.  Debtors prepare to pay LFS under the Fixed Fee Agreements for the entire month of June 2009 and prorata for the first ten (10) days of July (i.e. through July 10, 2009).

**Notice**

15.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the

attorneys for the Creditors' Committee, (v) the attorneys for the ad hoc bondholders committee,

(vi) the U.S. Attorney's Office, S.D.N.Y., (vii) all entities that requested notice in these chapter

11 cases under Fed. R. Bankr. P. 2002, and (viii) LFS.  The Debtors submit that, in view of the

facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       July 21, 2009

s / Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. § 327(e) AND
FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND
EMPLOYMENT OF LOWE, FELL & SKOGG, LLC AS SPECIAL COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon the Application, dated June 1, 2009 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11, United States

Code ("**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

("**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of Lowe,

Fell & Skogg, LLC ("**LFS**") as special counsel to the Debtors, *nunc pro tunc* to the

Commencement Date, all as more fully described in the Application; and due and proper notice

of the Application having been provided, and it appearing that no other or further notice need be

provided; and upon the Affidavit of David W. Fell Pursuant to Local Bankruptcy Rule 1007-2,

dated July 20, 2009 (the "**Fell Affidavit**"); and the Court having found and determined that the

relief sought in the Application is in the best interests of the Debtors, their estates and creditors,

and all parties in interest and that the legal and factual bases set forth in the Application establish

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are authorized to employ and retain LFS as special counsel to the Debtors on the terms set forth

in the Application and this Order, effective *nunc pro tunc* to the Commencement Date, for the

Representative Matters identified in the Application and in accordance with LFS's Fixed Fee

Agreements and for matters outside the scope of the Fixed Fee Agreements, LFS's customary

rates in effect from time to time and its disbursement policies; and it is further

ORDERED that LFS shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures as may be fixed by order of this

Court; and it is further

ORDERED that LFS shall notify in writing this Court, the Debtors, the U.S.

Trustee, and any official committee of any change in the hourly rates charged by LFS for

services rendered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
         [              ], 2009


_____

United States Bankruptcy Judge

## Exhibit A

**Fell Affidavit**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                  :

**In re**                :        **Chapter 11 Case No.**
                :

**MOTORS LIQUIDATION COMPANY, *et al.*,**  :     **09-50026 (REG)**
     **f/k/a General Motors Corp., *et al.***  :
                :

            **Debtors.**    :     **(Jointly Administered)**
                :

------------------------------------------------------------x

**DECLARATION OF DAVID W. FELL AND DISCLOSURE STATEMENT IN**
**SUPPORT OF THE APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e)**
**AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF**
**LOWE, FELL & SKOGG, LLC AS LEGAL COUNSEL**
**_NUNC PRO TUNC_ TO THE COMMENCEMENT DATE**

David W. Fell declares as follows:

1.     I am a managing member in the law firm of Lowe, Fell & Skogg, LLC

("LFS" or the "Firm"), a law firm with its office at 370 17th Street, Suite 4900, Denver, Colorado

80202.

2.     I make this declaration in support of the Application of Debtors for Entry

of Order Pursuant to 11 U.S.C. §§ 327(e) and Fed. R. Bankr. P. 2014 Authorizing Retention and

Employment of Lowe, Fell & Skogg, LLC as Legal Counsel *Nunc Pro Tunc* to the

Commencement Date (the "Application"), and to provide required disclosures under Federal

Rules of Bankruptcy Procedure 2014(a) and 2016(b).

3.      Unless otherwise stated in this Declaration, I have personal knowledge of

the facts and matters set forth herein and if called as a witness, would testify to them.

4.      LFS is a law firm which has members duly authorized to practice law in

the States of Colorado, Michigan and other jurisdictions.

5.      To the best of my knowledge, after due inquiry, neither I, LFS, nor any

member, of-counsel or associate of the firm, has any connection with the Debtors, their creditors,

any party in interest herein, their respective attorneys or accountants, the United States Trustee or

the employees of the United States Trustee, except as set forth in this Declaration.

6.      LFS was formed in June 2000 and consists of nine attorneys, with five

members, one of-counsel and three associates, four paralegals and a full support staff.  Several

attorneys from LFS have provided services to Debtors for more than 15 years on a number of

major projects including restructuring of Debtors' dealer network, dealership acquisitions and

dispositions through the Motors Holding Division of Debtors, and the acquisition, disposition,

leasing and development of GM's dealership real estate portfolio.  LFS has expertise in, among

other practice areas of law, automotive industry legal issues, franchise, corporate, real estate,

banking, condemnation and general commercial litigation.

7.      The relationship between Debtors and LFS has deepened and continued

unabated, as LFS has provided advice and representation to the Debtors on a wide range of

dealership restructuring and networking projects over the last several years.  In particular, LFS

was primary outside counsel to Debtors in planning, negotiating, documenting and executing the

Oldsmobile transition and wind down as well as several other channel strategy projects. LFS has also provided extensive services related to real estate acquisition, leasing and sales for Debtors.

8.      As a result of the above-described expertise, experience and intimate knowledge of Debtors' business and dealer relationships, LFS has the necessary background and experience to deal with matters relating to the above which may arise post-petition and certain other defined and finite matters which may arise as Debtors may request from time to time.

9.      I am informed by the Firm's accounting staff that as of May 31, 2009, LFS had an outstanding balance for pre-petition services owed by Debtors in the amount of $85,625.90.

10.      LFS was provided a list of entities which should be checked for purposes of disclosure by Weil Gotshal & Manges LLP (the "**Master Retention Checklist**"). I directed that the Master Retention Checklist be used to search LFS's conflict checking database. For each relationship that was disclosed, follow up inquiries, investigation and analysis were conducted. Attached hereto as **Exhibit 1** is a table disclosing potential relationships between LFS and persons or entities listed on the Master Retention Checklist.

11.      Based upon the Firm's review, investigation and analysis, there are no conflicts of interest that would require further disclosure.

12.      The Firm conducted an inquiry by email to all of the Firm's attorneys and professional employees to determine whether any such attorney or professional attorney holds a claim against stock in the Debtors. As a result of this inquiry, no LFS attorneys or professional employees own stock in the Debtors. No inquiry was performed to determine whether mutual funds or other similar investments held by attorneys or professional employees held claims against or stock in the Debtors.

13.     Pre-petition LFS represented Debtors under several fee arrangements, including alternative fee arrangements with discounts from LFS's standard hourly rates and, in an effort to provide predictability and continuity for budgeting and expense management, fixed fee arrangements.

14.     For the year 2009, LFS had a written fixed fee agreement dated January 12, 2009 for services related to Motors Holding  and Channel Strategy and a second written fixed fee agreement dated January 22, 2009 for services related to Worldwide Real Estate (collectively, the "Fixed Fee Agreements").  Copies of the Fixed Fee Agreements are attached hereto as **Exhibit 2**.

15.     Attached hereto as **Exhibit 3** is the discounted hourly rate schedule for the LFS professionals who are expected to be providing post-petition services to Debtors.  These hourly rates are subject to periodic increases in the normal course of the Firm's business, generally in January of each year, often due to the increased experience of a particular professional.

16.     Debtors have established policies for the reimbursement of expenses which LFS had been following pre-petition and with which LFS will comply post-petition.

17.     No promises have been received or made by LFS as to payment or compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the local Bankruptcy Rules and the Guidelines.  LFS has not agreed with any other entity to share any compensation it receives in Debtors' cases.

18.     Based on the above, LFS is a disinterested person with respect to the estates of the Debtors.

19.    LFS does not represent or hold an interest adverse to the Debtors or their estates.

20.    LFS intends to apply for allowance of compensation for professional services rendered in these Chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any applicable orders of this Court.

21.    The foregoing constitutes the statement of LFS pursuant to sections 327(e), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).  If it is brought to my attention that any information disclosed herein requires amendment or modification upon LFS's completion of further review or as an additional party in interest information becomes available to it, I intend to file supplemental declarations to the Court reflecting such additional, amended or modified information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

_David W. Fell_____

Executed in Denver, Colorado
On July 20, 2009

**EXHIBIT 1 to Fell Affidavit**

| Name | Relationship to Debtors | Relationship to LF&S |
|------|------------------------|----------------------|
| Atlantic Richfield Co. | Affiliate of Board Member | Adverse to client in unrelated transaction |
| First Data Corporation | Affiliate of Board Member | Adverse to client in unrelated transaction |
| GE Capital Consumer Financial Services | Affiliate of Board Member | Adverse to client in unrelated transaction |
| Citigroup | Bondholder of Debtors | Client on unrelated matter |
| Lehman Brothers, Inc. | Bondholder of Debtors | Related to client on unrelated matter |
| AIG | Insurance Provider | Related to client on unrelated matter |
| Allianz | Insurance Provider | Adverse to client on unrelated matter |
| National Union | Insurance Provider | Adverse to client in unrelated transaction |
| Travellers | Insurance Provider | Adverse to client in unrelated transaction |
| Morgan Stanley & Co. Incorporated | Professional Employed by Debtors | Related to client on unrelated matter |
| Town of Castle Rock | Taxing Authority | Client on unrelated matter |
| ABN AMRO | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |
| Bank of America | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |
| Comerica Bank | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |
| Key Bank | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |
| Mellon Bank | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |
| Northern Trust Company | Credit Revolver Secured Lender | Adverse to client in unrelated transaction |

| Name | Relationship to Debtors | Relationship to LF&S |
|------|------------------------|----------------------|
| GE Capital Corp. | Major Secured Lender | Client on unrelated matter |
| Key Bank | Secured Lender | Related to client on unrelated matter |
| RBS | Secured Lender | Related to client on unrelated matter |
| National City Bank | Term Loan Secured Lender | Related to client in unrelated transaction |
| Deutsche Bank Securities Inc. | Underwriting Investment Bank | Related to client in unrelated transaction |
| Delphi | Unsecured Creditor | Adverse to client in unrelated transaction |
| Electronic Data Systems | Unsecured Creditor | Adverse to client in unrelated transaction |
| Norfolk Southern Railway | Unsecured Creditor | Adverse to client in unrelated transaction |
| Union Pacific Railroad Co. | Unsecured Creditor | Client on unrelated matter |
| Atmos Energy | Utility Company | Related to client on unrelated matter |
| Denver Water | Utility Company | Client on unrelated matter |
| Duke Energy | Utility Company | Adverse to client in unrelated transaction |
| Pacific Gas & Electric Company | Utility Company | Adverse to client on unrelated matter |
| Portland General Electric | Utility Company | Adverse to client on unrelated matter |
| Qwest | Utility Company | Client on unrelated matter |
| Time Warner Telecom | Utility Company | Adverse to client on unrelated matter |

**EXHIBIT 2 to Fell Affidavit**



LOWE, FELL & SKOGG, LLC
370 SEVENTEENTH STREET, SUITE 4900
DENVER, COLORADO 80202
PHONE 720.359.8200
FAX 720.359.8201

January 12, 2009

**VIA FEDERAL EXPRESS**

Deborah Collins, Esq.
General Motors, Legal Staff
300 Renaissance Center
Mail Code 482-C24-C66
Detroit, Michigan 48265

    *Re: 2009 Representation: Motors Holding and Channel Strategy*

Dear Deb:

  This letter sets forth the agreement between General Motors Corporation and Lowe, Fell & Skogg, LLC ("LFS"), concerning LFS's representation of General Motors Corporation and its affiliates (collectively, "GM"), during 2009, on Motors Holding acquisitions and dispositions (the "MH Project"), and Channel Strategy matters for all GM line-makes, including, but not limited to, Saab, Saturn and Hummer dealer network matters (collectively, the "CS Project," and together with the MH Project, "Flat Fee Matters"). In 2009, LFS will represent GM on all Flat Fee Matters in all of the United States in accordance with the following terms.

**I. Motors Holding – Description of Services**

  LFS's representation of GM in connection with the MH Project will include, but is not limited to, the following:

- Dealership asset acquisitions and dispositions.
- Real estate acquisitions and dispositions, including but not limited to disposition of real property by GM in connection with early redemption of GM's preferred stock in Motors Holding dealer companies.
- Stock acquisitions and dispositions.
- Exclusive use agreements, site control documents and other related documents intended to restrict the use of dealership facilities.
- Termination and release of dealer sales and service agreements.
- Lease-leaseback transactions, leases by third-party landlords to GM, and leases and subleases by GM to dealers.
- Performance agreements.
- Review and assistance in the resolution of zoning, subdivision, site-plan and other land use matters. Filing for and obtaining zoning, subdivision, site plan, and other land use approvals are excluded from the Flat Fee Matters.

{ 00830547.1 77777-0102 1/12/2009 09:40 AM}

Deborah Collins, Esq.
January 12, 2009
Page 2

- Review and resolution of ERISA, pension, employee benefit and other employee issues.
- Review and resolution of environmental issues (with GM assistance).

LFS's responsibilities in such transactions will include, but not be limited to, preparation of letters of intent; preparation and negotiation of all necessary transaction documents (including amendments to agreements executed in prior years); review of and advice concerning franchise issues; review of title and survey documents; review and documentation of environmental issues; review of corporate and asset due diligence issues; assistance in the closing of transactions; advising representatives from Motors Holding and other GM entities and/or affiliates; assistance with GM's exercise of its rights of first refusal in connection with the MH Project; holding and disbursing GM funds for MH Project transactions when requested by GM personnel; assistance in UCC and tax bulk sales compliance with respect to dealership termination transactions and asset and real property purchases; preparation of closing transcripts; advice and documentation with respect to all enforcement matters relating to the MH Project (excluding litigation with respect to such enforcement matters); and ERISA, pension, employee benefits and other employee due diligence review.

**II.    Channel Strategy - Description of Services**

LFS's representation of GM in connection with the CS Project will include, but is not limited to, the following:

- Dealership asset acquisitions and dispositions.
- Real estate acquisitions and dispositions.
- Channel strategy transaction documents, such as exclusive use agreements.
- Termination and release of dealer sales and service agreements.
- Site control through recorded use restrictions or other documents.
- Lease-leaseback transactions, leases by third-party landlords to GM, and leases and subleases by GM to dealers.
- Performance agreements.

LFS's responsibilities in such transactions will include, but not be limited to, preparation of letters of intent; preparation and negotiation of all necessary transaction documents (including amendments to agreements executed in prior years); review of and advice concerning franchise issues; review and documentation of environmental issues; review of title and survey documents; review of zoning and other land use compliance issues; review of corporate and asset due diligence issues; assistance in the closing of transactions; advising representatives from Dealer Network Development, Worldwide Real Estate and other GM entities and/or affiliates; assistance with GM's exercise of its rights of first refusal in connection with the CS Project; holding and disbursing GM funds for CS Project transactions when requested by GM personnel; assistance in UCC and tax bulk sales compliance with respect to dealership termination transactions and asset and real property purchases; preparation of closing transcripts; advice and documentation with respect to all enforcement matters relating to the completed CS Project initiatives (excluding litigation with respect to such enforcement matters); and ERISA, pension, employee benefits and other employee due diligence review in connection with GM's exercise of its rights of first refusal.

{ 00815383.2 07138-0085 9/8/2008 10:17 AM}

Deborah Collins, Esq.
January 12, 2009
Page 3

### III.    Additional Services

Individual lawyers in the Denver office will continue to be primarily responsible for supervising work in different regions of the country. GM personnel may call directly the individual lawyers responsible for their respective regions. If lawyers assigned to a region are unavailable for any reason, the GM representative is welcome to call any lawyer at LFS for assistance.

LFS lawyers will be available to consult with GM Legal Staff, Motors Holding and DND personnel on matters not specific to a particular transaction. For example, questions will arise concerning structuring of transactions and provisions of standard-form documents.

LFS's work will also include attendance and participation in periodic meetings, training sessions and workshops for GM personnel relating to Flat Fee Matters. GM will determine the frequency, level and nature of such participation, but it could include, for example, attendance at regional or zone meetings, presentations on issues arising under various transaction documents, or meetings to discuss revision of standardized forms. The creation and revision of standardized forms for Flat Fee Matters is included in the Flat Fee described below. We expect that GM Legal Staff personnel supervising the services we provide will want to meet with us periodically to review the status of the transactions for which we are responsible. LFS will make experienced lawyers available to GM wherever and whenever they are needed for Flat Fee Matters.

### IV.    Excluded Matters

LFS's work for GM under this agreement will not include any work LFS may perform for GM not specifically included in Flat Fee Matters. Without limiting the generality of the foregoing, this agreement does not apply to transfer of real property from GM to dealers under existing leases from Argonaut Holdings, Inc. (other than in connection with early redemption of GM stock in Motors Holding dealer companies); transfer of surplus real estate to third parties; transactions involving non-dealership real estate; obtaining zoning, subdivision, site-plan or other land use approvals; or representation of General Motors Acceptance Corporation or its subsidiaries. As in the past, LFS will also look to GM Legal Staff attorneys for guidance on resolution of environmental issues, although LFS will draft and negotiate provisions in documents addressing those issues.

### V.    Fee Structure

LFS's fees for representing GM on Flat Fee Matters in 2009 will be a fixed fee of $2,100,000 per year (collectively, the "Flat Fee"). The Flat Fee will include all costs, expenses and disbursements of LFS and local counsel, such as copies, faxes, mail, couriers, computerized research, UCC and lien searches, and travel. LFS understands that, to the extent such programs exist, GM will make available to LFS its Lexis and Express Mail programs. LFS will continue to use GM's FedEx billing numbers for overnight delivery services.

LFS will be responsible for paying the fees of local counsel in connection with Flat Fee Matters from the Flat Fee set forth above. If GM directs us to use a particular firm as local counsel, we may ask for GM's assistance in establishing with local counsel a reasonable fee structure in light of LFS's fixed-fee arrangement. GM will have the right to approve LFS's selection of local counsel.

Deborah Collins, Esq.
January 12, 2009
Page 4


GM will approve disbursement of the Flat Fee for 2009 in equal monthly installments on or before the 20th day of each month.  LFS will submit "shadow bills" in a form acceptable to GM on a monthly basis.  The fee arrangements described above will commence on January 1, 2009.

## VI.     Flat Fee Summary

The following is a summary of the Flat Fee for 2009:

|  | Annual Fee 2009 | Monthly Payment 2009 |
|---|---|---|
| **TOTAL:** | **$2,100,000** | **$175,000** |


## VII.    Additional Terms

- To the extent not explicitly stated to the contrary herein, LFS will comply with GM's billing and disbursement policies, as modified from time to time.

- LFS and GM have based the above agreements on the assumptions that, for 2009, the number of MH Project transactions and CS Project transactions will be approximately the same as in 2008.  If there is a significant increase or decrease in the actual or proposed volume of MH Project or CS Project transactions, GM or LFS may request a meeting to discuss whether an adjustment to the Flat Fee is appropriate.

- GM may terminate LFS's representation on Flat Fee Matters at any time by written notice to LFS.  LFS may terminate its representation of GM on Flat Fee Matters upon 90 days' written notice to GM Legal Staff.  If LFS's representation of GM terminates prior to December 31 in either calendar year, GM will pay LFS a prorated portion of the Flat Fee payable during the period of representation for such year.

- GM may at its option obtain representation on one or more of the Flat Fee Matters from counsel other than LFS, provided that there will be no reduction in the Flat Fee as a result.

- LFS currently participates, and will continue to participate, in GM's electronic invoicing programs.  LFS will continue to bear the costs of this program without charging them back to the GM Legal Staff.

- LFS will calculate fees for Flat Fee Matters for 2009 as if such services were to be billed to GM on an hourly basis.  For purposes of such calculations, LFS's 2009 hourly rates for Flat Fee Matters will be LFS's general 2009 hourly rates.  Any services that LFS actually bills to GM on an hourly basis (viz., matters other than Flat Fee Matters to which no specific fee agreement applies) will reflect LFS's 2003 rates.

Deborah Collins, Esq.
January 12, 2009
Page 5

## VIII.    Conclusion

Thank you for your continued confidence in LFS. We value, and are grateful for the opportunity to continue, our relationship with GM. If the terms of this agreement meet with your approval, please so indicate by signing the enclosed copy of this letter and returning it to us.

Very truly yours,

David W. Fell
for
LOWE, FELL & SKOGG, LLC

Approved this _15th_ day of _January_, 2009:

GENERAL MOTORS CORPORATION

By:
Name: Deborah F. Collins
Title: Attorney



LOWE, FELL & SKOGG, LLC
370 SEVENTEENTH STREET, SUITE 4900
DENVER, COLORADO 80202
PHONE 720.359.8200
FAX 720.359.8201

January 22, 2009

**VIA FEDERAL EXPRESS**

Gordon Ing, Esq.
General Motors, Legal Staff
300 Renaissance Center
Mail Code 482-C23-D24
Detroit, Michigan 48265

> Re:  *2009 Representation: WRE*

Dear Gordon:

This letter sets forth the agreement between General Motors Corporation and Lowe, Fell & Skogg, LLC ("LFS"), concerning LFS's representation of General Motors Corporation and its affiliates (collectively, "GM"), during 2009, on real estate matters for the Worldwide Real Estate Group (collectively, the "Real Estate Matters"). In 2009, LFS will represent GM on Real Estate Matters in the United States in accordance with the following terms.

**I.    Description of Services**

LFS's representation of GM in connection with the Real Estate Matters will include, but is not limited to, the following:

- Real estate acquisitions and dispositions
- Lease-leaseback transactions, leases by third-party landlords to GM, leases and subleases by GM to suppliers, and leases and subleases between AHI and dealers.
- Site control documents and other related documents intended to restrict the use of dealership facilities for Argonaut Holdings, Inc. ("AHI")
- Easements and licenses.
- Review and assistance in the resolution of zoning, subdivision, site-plan and other land use matters. Filing for and obtaining zoning, subdivision, site plan, and other land use approvals are excluded from the Real Estate Matters.
- Review and resolution of environmental issues (with GM assistance).

LFS's responsibilities in such transactions will include, but not be limited to, preparation of letters of intent; preparation and negotiation of all necessary transaction documents (including amendments to agreements executed in prior years); review of title and survey documents; review and documentation of environmental issues; review of land use and other due diligence issues; assistance in the closing of transactions; advising representatives from WRE and other GM entities and/or affiliates;

Gordon Ing, Esq.
January 22, 2009
Page 2

holding and disbursing GM funds for Real Estate Matters when requested by GM personnel; and preparation of closing transcripts.

## II. Excluded Matters

LFS's work for GM under this agreement will not include any work LFS may perform for GM not specifically included in Real Estate Matters. Without limiting the generality of the foregoing, this agreement does not apply to transfer of real property from GM to dealers under existing leases from AHI or obtaining zoning, subdivision, site-plan or other land use approvals. As in the past, LFS will also look to GM Legal Staff attorneys for guidance on resolution of environmental issues, although LFS will draft and negotiate provisions in documents addressing those issues.

## III. Fee Structure

LFS's fees for representing GM on Real Estate Matters in 2009 will be a fixed fee of $450,000 per year for all matters that require up to ten (10) billable hours (collectively, the "Flat Fee"). All matters that require more than ten (10) billable hours will be billed at LFS's 2003 (not 2009) hourly rates. The Flat Fee will include all costs, expenses and disbursements of LFS with respect to all Flat Fee matters, such as copies, faxes, mail, couriers, computerized research, and UCC and lien searches. All costs and expenses such as copies, faxes, mail, couriers, computerized research, local counsel, and UCC and lien searches for non-Flat Fee matters will be billed to GM. LFS understands that, to the extent such programs exist, GM will make available to LFS its Lexis and Express Mail programs. LFS will continue to use GM's Fedex billing numbers for overnight delivery services.

GM will approve disbursement of the Flat Fee for 2009 in equal monthly installments on or before the 20th day of each month. All other invoices for non-Flat Fee matters will be billed on a monthly basis. The fee arrangements described above will commence on January 1, 2009.

## IV. Flat Fee Summary

The following is a summary of the Flat Fee for 2009:

|  | Annual Fee 2009 | Monthly Payment 2009 |
| --- | --- | --- |
| TOTAL: | $450,000 | $37,500 |

## V. Additional Terms

- To the extent not explicitly stated to the contrary herein, LFS will comply with GM's billing and disbursement policies, as modified from time to time.

Gordon Ing, Esq.
January 22, 2009
Page 3

- LFS and GM have based the above agreements on the assumptions that, for 2009, the number of Real Estate Matters will be approximately the same as in 2008. If there is a significant increase or decrease in the actual or proposed volume of Real Estate Matters, GM and LFS may request a meeting to discuss whether an adjustment to the Flat Fee is appropriate.

- GM may terminate LFS's representation on Real Estate Matters at any time by written notice to LFS. LFS may terminate its representation of GM on Real Estate Matters upon 90 days' written notice to GM Legal Staff. If LFS's representation of GM terminates prior to December 31 in either calendar year, GM will pay LFS a prorated portion of the Flat Fee payable during the period of representation for such year.

- LFS will calculate fees for Real Estate Matters for 2009 as if such services were to be billed to GM on an hourly basis. For purposes of such calculations, LFS's 2009 hourly rates for Real Estate Matters will be LFS's general 2009 hourly rates. Any services that LFS actually bills to GM on an hourly basis (viz., matters other than Real Estate Matters to which no specific fee agreement applies) will reflect LFS's 2003 rates.

## VI. Conclusion

Thank you for your continued confidence in LFS. We value, and are grateful for the opportunity to continue, our relationship with GM. If the terms of this agreement meet with your approval, please so indicate by signing the enclosed copy of this letter and returning it to us.

Very truly yours,

David W. Fell
for
LOWE, FELL & SKOGG, LLC

Approved this 2nd day of February, 2009:

GENERAL MOTORS CORPORATION

By: _Gordon Ing_
Name: _Gordon Ing_
Title: _Attorney_

**EXHIBIT 3 to Fell Affidavit**

| Name of Professional | Year Admitted | 2009 Rate | GM Discounted Rate |
|---|---|---|---|
| Henry I. Lowe | 1982 | $340 | $275 |
| David W. Fell | 1986 | $340 | $275 |
| Kenneth K. Skogg | 1987 | $325 | $256 |
| Curtis L. Clay | 1993 | $275 | $190 |
| Karen L. Brody | 1996 | $285 | $206 |
| Robert H. Patterson | 1981 | $340 | $275 |
| Kirsten J. Pedersen | 2001 | $220 | $161 |
| Dana B. Baggs | 2005 | $195 | $161 |
| Tiffany C. Hung | 2008 | $185 | $161 |
| Donna M. Prete | Paralegal | $160 | $133 |
| Michael F. Drummy | Paralegal | $145 | $104 |
| Lori A. Hovey | Paralegal | $145 | $104 |
| Carol Ann Ortiz | Paralegal | $125 | $90 |
| Jenna Skogg | Document Clerk | $75 | $45 |