# Byrne & Drechsler, L.L.P.
*Attorneys at Law*

James E. Byrne
Thomas Drechsler

Kenneth H. Anderson
Richard P. Mazzocca
Eric S. Goldman
Jonathan E. Tobin
Joseph A. Merlino

Eastern Harbor Office Park
50 Redfield Street
Boston, Massachusetts 02122

Telephone (617) 265-3900
Telefax (617) 265-3627



July 13, 2009

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    In re: General Motors Corp.
    Chapter 11 Case #09-50026(REG)

    RE:    Mary M. Hanlin
           DOB:
           SSN: ***-**-9197

    In re: General Motors Corp.
    <u>Chapter 11 Case #09-50026(REG)</u>

Dear Sir/Madam:

    Please be advised that I, James E. Byrne, and my father, Charles L. Byrne, have been appointed Guardians of the person and estate of Mary M. Hanlin by the Middlesex Probate Court, Judge William F. McSweeny, on June 4, 2009 (see Certificate of Appointment enclosed).

    Please forward all correspondence concerning Mary M. Hanlin, addressed as follows:

James E. Byrne, Esq., Guardian of Mary M. Hanlin
Byrne & Drechsler, LLP
50 Redfield Street, Suite 201
Boston, MA 02122

    Please contact me if you have any questions. Thank you.

Very truly yours,

James E. Byrne

JEB:bc
cc    Weil, Gotshal & Manges, LLP
       767 Fifth Ave.
       New York, NY 10153

# COMMONWEALTH OF MASSACHUSETTS

Middlesex, SS                                                Probate and Family Court
                                                             Docket No. 09P1105

In Re: Guardianship of     )
                           )
       Mary Hanlin         )
                           )

## STIPULATION OF THE PARTIES

Now come the parties in the above-entitled matter, and voluntarily enter into this stipulation which shall be incorporated into the Court's final judgment of the permanent guardianship.

1. The parties to this matter are:

   A. Attorney James G. Nelligan, counsel for the petitioners;
   B. Attorney Richard O'Reilly, counsel for Mary Hanlin;
   C. Attorney James Byrne and Charles Byrne, cousins of Mary Hanlin.

2. All interested parties, including Protective Services, have agreed that Attorney James Byrne and Charles Byrne shall be appointed as the permanent co-guardians of the person and estate of Mary Hanlin. The co-guardians shall post bond with corporate sureties in the amount of $1,200,000.00.

3. The permanent guardians, Attorney James Byrne and Charles Byrne, agree to retain and maintain the services on an on-going basis of a professional geriatric care manager to assist them with their duties as guardians of Mary Hanlin.

Respectfully Submitted,

Richard C. O'Reilly, Esq.                     James G. Nelligan, Esq.
Law Offices of Richard C. O'Reilly            MEDLAW
Counsel for Mary Hanlin                       Counsel for Petitioners
158 Belmont Street                            440 Broadway
Watertown, MA 02472                           Somerville, MA 02145
Tel. (617) 924-0276                           Tel. (617) 776-3900
B.B.O. No.                                    B.B.O. No. 541797

FILED
JUN 04 2009

*[signature]*  
James Byrne, Esq.  
Byrne & Drechsler  
50 Redfield Street  
Boston, MA 02122

*[signature]*  
Charles Byrne  
80 Keel Cape Drive  
South Yarmouth, MA 02664

Dated:  5-25-09

Commonwealth of Massachusetts
The Trial Court

| llesex Division | Probate and Family Court Department | Docket No. 09P1105 |

## PERMANENT DECREE OF GUARDIANSHIP
## GUARDIAN OF PERSON - AND ESTATE

JUL 15 2009

Name of ward  Mary Hanlin

At a Probate and Family Court held at Cambridge _____ on June 4, 2009 _____ Justice McSweeny _____ presided.
(date)                                              (name of justice)

All persons interested having been notified in accordance with the law and no objections being made - after hearing upon representations of counsel, the ward not being present:

The Court finds that the ward:

☒ is incapable of taking care of himself/herself by reason of mental illness.

☐ is mentally retarded to the degree that he/she is incapable of making informed decisions with respect to the conduct of his/her personal financial affairs and that failure to appoint a guardian would create an unreasonable risk to the ward's health, welfare and property, and that the appointment of a conservator pursuant to G.L.M. c. 201, § 16 would not eliminate the risk.

☐ is unable to make or communicate informed decisions due to physical incapacity or illness.

This guardianship includes:

☐ authorization to admit or commit the ward to a mental health or mental retardation facility, the action being in the best interest of the ward.

☒ the authority to consent to the following extraordinary medical procedure

Administration of antipsychotic medications in accordance with the treatment plan dated May 8, 2008. The authority to consent to treatment with antipsychotic medications will expire on June 4, 2010.

IT IS DECREED that James E. Byrne, Esq. _____
                                        (name of guardian(1))

50 Redfield Street          Boston          MA          02122
(street address)           (city or town)   (state)    (zip code)

X and Charles Byrne _____
                    (name of guardian(2))

80 Keel Cape Drive          South Yarmouth    MA         02664
(street address)            (city or town)   (state)    (zip code)

be appointed the permanent guardian(s) of the person X and X the estate X of the ward pursuant to G.L.M. c. 201, § 6 6A 6B. The guardian(s) first giving bond X with ~~without~~ — sureties for the due performance of said trust.

THE PARTIES SHALL COMPLY WITH THE TERMS OF THE STIPULATION ATTACHED HERETO AND INCORPORATED HEREIN.

Date  JUN 04 2009                        _____
                                         Justice of Probate and Family Court Department

CI.P116(1093)


DATED  JUN 04 2009

I, the undersigned HEREBY CERTIFY that I am the Register of Probate and Family Court in the County of Middlesex, that such as I have Custody of the records of said Court, and I further Certify that the foregoing is a photographic copy of the decree of appointment of the fiduciary, that said fiduciary has given bond as required by the law and that said appointment remains in full force.

Witness, by my hand and seal of Probate Court of the Commonwealth of Massachusetts, in Cambridge.

                                         _____
                                         Register of Probate