**DLA PIPER LLP (US)**
Timothy W. Walsh
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
*Attorneys for Synovate, Inc. and
PT Synovate*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
In re:                                               Chapter 11

General Motors Corporation, *et al.*,                Case No. 09-50026 (REG)

        Debtors.                              (Jointly Administered)

-----------------------------------------------------X

## LIMITED OBJECTION OF SYNOVATE, INC. AND PT SYNOVATE TO DEBTORS' PROPOSED CURE AMOUNTS

Synovate, Inc. and PT Synovate (collectively, "Synovate"), by and through their counsel DLA Piper LLP (US), hereby submit this limited objection (the "Limited Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto, which the Debtors served upon Synovate pursuant to this Court's Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice dated June 2, 2009 (the "Sale Procedures Order") [Doc. No. 274]. In support of this Limited Objection, Synovate states as follows:

1

EAST\42502474.1

## BACKGROUND

1. On June 1, 2009, the Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code.

2. On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the "Sale Motion") [Doc. No. 92].

3. Pursuant to the Sale Motion, the Debtors sought approval of certain procedures for assuming and assigning executory contracts, including contracts between one or more of the Debtors and Synovate (the "Contracts"), and for addressing objections to the Debtors' proposed cure amounts for these contracts.

4. On June 2, 2009, this Court entered the Sale Procedures Order, which approved the procedures set forth in the Sale Motion.

5. Pursuant to the Sale Procedures Order, the Debtors were to mail a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Costs Related Thereto ("Cure Notice") to each non-debtor party, including Synovate, to an executory contract that the Debtors sought to assume and assign.

6. Under the terms of the Sales Procedures Order, June 25, 2009, was the ordered objection deadline for Synovate to object to the Cure Notice.

2

7. Synovate, however, did not receive its Cure Notice until **July 14, 2009**.

8. The Cure Notice referenced a secure website (the "Contract Website") that would display the identities and proposed cure amounts, if any, of all executory contracts to be assumed by the Debtors. Synovate has logged onto the Contract Website as instructed by the Cure Notice and has accessed the corresponding secure pages and the Debtors' proposed cure amounts.

9. On the Contract Website, the Debtors state that the amount necessary to cure all existing defaults under the Contracts is $20,223.59 (the "Stated Cure Amount").

10. Synovate does not object to the assumption and assignment of the Contracts by the Debtors. Rather, Synovate objects to the failure by the Debtors to provide it with a timely Cure Notice, as required under the Sale Procedures Order, and to the Stated Cure Amount set forth by the Debtors on the Contract Website.

11. The Stated Cure Amount is not sufficient to cure all of the Debtors' obligations under the Contracts with Synovate with regard to services rendered to the Debtors prior to the bankruptcy filing.

12. Both Synovate and the Debtors are party to Purchase Order No. GMR88153/GMB07307, Purchase Order No. GMS32012, and Purchase Order No. GMS33715 (collectively, the "Purchase Orders"). The Stated Cure Amount excludes the amounts owed for services rendered by Synovate pursuant to these Purchase Orders. Copies of the Purchase Orders and/or related invoices are attached hereto as **Exhibit A**.

13. Accordingly, Synovate believes that the proper cure amount for the Contracts is $104,933.59. See Exhibit A.

14. Synovate expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file supplemental objections if necessary.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated herein, Synovate respectfully requests that this Court enter an order: (i) permitting Synovate to object to the Cure Notice after the objection deadline; (ii) requiring a cure payment of $104,933.59 with respect to Synovate's Contracts; and (ii) granting such other relief as is just and appropriate.

Dated: New York, New York　　　　　　　　DLA PIPER LLP (US)
　　　　July 23, 2009

　　　　　　　　　　　　　　　　　　　　By:　/s/ Timothy W. Walsh
　　　　　　　　　　　　　　　　　　　　　　Timothy W. Walsh
　　　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, New York  10020
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 335-4500
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 335-4501

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Synovate, Inc.,
　　　　　　　　　　　　　　　　　　　　　　and PT Synovate*