



General Motors Corporation

**PURCHASE ORDER:** GMS32012

PAGE 6

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090  US

VENDOR NUMBER 14-423-4580
SYNOVATE MOTORESEARCH INC

TO: PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243  US

INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636

INVOICE TO:
MAIL INVOICE TO: GM FSS ABP
P.O.BOX 63490, PHOENIX AZ
85082-3490  US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114348969
F. SILVA   Buyer
9210

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B: SHIPPING POINT — FREIGHT COLLECT
DESTINATION UNLESS OTHERWISE INDICATED

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE /% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FOR PURPOSE OF THIS SECTION 4, BUYER'S INFORMATION MEANS ALL INFORMATION (ORAL OR WRITTEN) AND DOCUMENTS (IN ANY MEDIUM) THAT HAVE BEEN FURNISHED TO SELLER BY BUYER, OR HAS BEEN DEVELOPED BY SELLER IN CONNECTION "PERSONALLY IDENTIFIABLE DATA," AS DEFINED IN SECTION 11. BUYER IS WILLING TO DISCLOSE BUYER'S INFORMATION ONLY WITH THE UNDERSTANDING THAT SELLER WILL MAINTAIN ITS CONFIDENTIALITY. SELLER ACKNOWLEDGES THAT BUYER'S INFORMATION IS BEING DISCLOSED TO SELLER FOR THE SOLE PURPOSE OF PERMITTING SELLER TO PERFORM THE SERVICES, AND AGREES THAT IT WILL NOT USE BUYER'S INFORMATION FOR ANY OTHER PURPOSE.  IN ADDITION, SELLER AGREES THAT IT WILL NOT DISCLOSE, DISSEMINATE OR OTHERWISE MAKE AVAILABLE BUYER'S INFORMATION TO ANYONE, OTHER THAN TO THOSE EMPLOYEES WHO HAVE A NEED TO KNOW IN ORDER FOR SELLER TO FULFILL ITS OBLIGATIONS UNDER THIS CONTRACT, WITHOUT THE PRIOR WRITTEN AGREEMENT OF BUYER.  SELLER'S EMPLOYEES, ANY OTHER PERSON CONSENTED TO BY BUYER, TO WHOM BUYER'S INFORMATION IS MADE AVAILABLE SHALL SIGN AN AGREEMENT CONTAINING OBLIGATIONS SIMILAR TO THOSE CONTAINED IN THIS SECTION 4 AND IN SECTION 11. | | | | | | |
| | | | | SELLER SHALL PROVIDE FOR THE PHYSICAL, MANAGERIAL AND ELECTRONIC SECURITY OF BUYER'S INFORMATION SUCH | | | | | | |

CONTINUE PAGE 7   CHMM08 4/93

A007222   USER PREM KUMAR   ORIGINAL

# General Motors Corporation

## PURCHASE ORDER: GMS32012

PAGE 7

**GENERAL MOTORS CORPORATION**
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580

TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636

INVOICE TO:
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490    US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234896 9
F. SILVA
9210    Buyer

PURCHASING AGENT

SHIP VIA
REFER TO WWW.GMSHIPPING.COM

F.O.B    SHIPPING POINT - FREIGHT COLLECT    DESTINATION UNLESS OTHERWISE INDICATED

PAYMENT TERMS: NET    NET 60 DAYS

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE / % | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | THAT THE BUYER'S INFORMATION IS REASONABLY MAINTAINED AND SECURED, ENSURING IT IS SAFE FROM UNAUTHORIZED ACCESS OR USE DURING UTILIZATION, TRANSMISSION AND STORAGE. SHOULD ANY UNAUTHORIZED BREACH OCCUR, SELLER SHALL NOTIFY BUYER AS SOON AS REASONABLY PRACTICABLE, BUT NOT LATER THAN 24 HOURS AFTER THE SELLER BECOMES AWARE OF SUCH BREACH. | | | | | | |
| | | | | AT BUYER'S REQUEST OR UPON COMPLETION OF SELLER'S USE OF BUYER'S INFORMATION, SELLER WILL RETURN ALL COPIES OF BUYER'S INFORMATION TO BUYER OR, AT BUYER'S REQUEST, WILL DESTROY BUYER'S INFORMATION AND CERTIFY SUCH DESTRUCTION TO BUYER. SELLER MAY RETAIN A COPY OF BUYER'S INFORMATION, FOR ARCHIVAL PURPOSES ONLY, SUBJECT TO SELLER'S CONTINUING OBLIGATIONS UNDER THIS SECTION 4. | | | | | | |
| | | | | SELLER FURTHER AGREES TO INDEMNIFY AND HOLD BUYER HARMLESS FROM ALL LIABILITIES, DAMAGES, FINES, PENALTIES, COSTS, CLAIMS, DEMANDS AND EXPENSES (INCLUDING COSTS OF DEFENSE, SETTLEMENT AND REASONABLE ATTORNEY'S FEES), ARISING OUT OF THE DISCLOSURE OR IMPROPER USE OF BUYER'S INFORMATION BY SELLER OR SELLER'S EMPLOYEES. SELLER WILL IMMEDIATELY NOTIFY BUYER UPON LEARNING OF ANY UNAUTHORIZED USE OR DISCLOSURE OF ANY BUYER'S | | | | | | |

CONTINUE PAGE 8

A007222    USER PREM KUMAR    ORIGINAL    CHMM08 4/93

**General Motors Corporation**

**PURCHASE ORDER:** GMS32012

PAGE 8

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090   US

VENDOR NUMBER 14-423-4580

TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243   US
INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY. QUESTIONS TO:

INVOICE TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490   US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234 8969
F. SILVA
9210    Buyer

PURCHASING AGENT

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

| PAYMENT TERMS | | | | | | | |
|---|---|---|---|---|---|---|---|
| NET | NET 60 DAYS | | | | | | |
| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | F.O.B SHIPPING POINT - FREIGHT COLLECT  DESTINATION UNLESS OTHERWISE INDICATED   RFQ NUMBER   DATE REQUIRED   TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |

INFORMATION.

SELLER RECOGNIZES THAT THE DISCLOSURE OF BUYER'S
INFORMATION MAY GIVE RISE TO IRREPARABLE INJURY AND
ACKNOWLEDGES THAT REMEDIES OTHER THAN INJUNCTIVE
RELIEF MAY NOT BE ADEQUATE. ACCORDINGLY, BUYER HAS
THE RIGHT TO SEEK EQUITABLE AND INJUNCTIVE RELIEF TO
PREVENT THE UNAUTHORIZED DISCLOSURE OF ANY BUYER'S
INFORMATION, AS WELL AS SUCH DAMAGES OR OTHER RELIEF
AS IS OCCASIONED BY SUCH UNAUTHORIZED USE OR
DISCLOSURE.

IN THE EVENT SELLER IS REQUIRED TO DISCLOSE BUYER'S
INFORMATION IN CONNECTION WITH ANY JUDICIAL
PROCEEDING OR GOVERNMENT INVESTIGATION, THEN SELLER
SHALL PROMPTLY NOTIFY BUYER AND ALLOW A REASONABLE
TIME FOR BUYER TO SEEK A PROTECTIVE ORDER FROM THE
APPROPRIATE COURT OR GOVERNMENT AGENCY. THEREAFTER,
SELLER MAY DISCLOSE BUYER'S INFORMATION TO THE
EXTENT REQUIRED BY LAW, SUBJECT TO ANY APPLICABLE
PROTECTIVE ORDER.

IN ADDITION, SELLER RECOGNIZES THAT ITS CLOSE
ASSOCIATION WITH BUYER'S PERSONNEL AND ACCESS TO
BUYER'S INFORMATION IN THE COURSE OF PERFORMING THIS
CONTRACT MAY ENABLE SELLER TO EVALUATE PUBLICLY

CONTINUE PAGE 9

A007222   USER PREM KUMAR   ORIGINAL   CHMMOR 4/93



**General Motors Corporation**

**PURCHASE ORDER:** GMS32012   PAGE 10

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090
US

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243 US

INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490 US

VENDOR NUMBER 14-423-4580
TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114 2348969
F. SILVA   Buyer
9210

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B. SHIPPING POINT - FREIGHT COLLECT   DESTINATION UNLESS OTHERWISE INDICATED

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|

BE IN COMPLIANCE WITH ALL APPLICALBE LAWS AND, IN ADDITION, SHALL BE IN COMPLIANCE WITH THE FOLLOWING ETHICAL PRINCIPLE EXCERPTED FROM THE GM GUIDELINES FOR EMPLOYEE CONDUCT:

"THERE ARE, HOWEVER, IMPORTANT LIMITATIONS ON HOW AND WHAT COMPETITIVE INFORMATION MAY BE OBTAINED. NO IMPROPER MEANS MAY BE USED TO ACQUIRE CONFIDENTIAL OR PROPRIETY INFORMATION FROM ANY COMPETITOR, SUPPLIER OR CUSTOMER. IMPROPER MEANS WOULD INCLUDE ANY FORM OF INDUSTRIAL ESPIONAGE, THE PAYMENT OF MONEY OR GIVING OF ANY FAVOR OR CONSIDERATION, OR THE HIRING OF A COMPETITOR'S EMPLOYEES TO OBTAIN CONFIDENTIAL INFORMATION. INFORMATION WHICH MAY NOT BE SOUGHT WOULD INCLUDE DATA ON A COMPETITOR'S UNANNOUNCED NEW PRODUCTS OR CONFIDENTIAL DATA RELATING TO COSTS, PRICES OR PROFITS."

7. RIGHT TO AUDIT

BUYER, AT ITS EXPENSE, HAS THE RIGHT TO ENTER ONTO SELLER'S PREMISES TO REVIEW AND/OR AUDIT THE APPROPRIATE RECORDS, INCLUDING THE ADMINISTRATIVE PROCEDURES OF SELLER, TO SUBSTANTIATE THE CHARGES INVOICED UNDER THIS CONTRACT. SELLER WILL PRESERVE

CONTINUE PAGE 11

A007222   USER PREM KUMAR   ORIGINAL





# General Motors Corporation

**PURCHASE ORDER:** GMS32012

PAGE 11

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580
SYNOVATE MOTORESEARCH INC

TO: PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE TO:
INVOICE FOR SERVICE,MACHINERY
& EQUIP ONLY.QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO:GM FSS ABP
P.O.BOX 63490, PHOENIX AZ
85082-3490    US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234 8969
F. SILVA
9210    Buyer

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE / % | BASE UNIT PRICE | PRICE MULTIPLE | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ALL PERTINENT DOCUMENTS FOR THE PURPOSE OF AUDITING CHARGES INVOICED BY SELLER FOR A PERIOD OF TWO (2) YEARS AFTER FINAL PAYMENT, OR SUCH LONGER PERIOD AS BUYER SPECIFIES IN THIS CONTRACT. SELLER FURTHER AGREES TO COOPERATE FULLY WITH BUYER WITH ALL REASONABLE REQUESTS OF BUYER DURING REVIEW(S) OR AUDIT(S) AND AGREES THAT SUCH AUDIT MAY BE USED AS A BASIS FOR SETTLEMENT OF DISPUTES WHICH MIGHT ARISE REGARDING PAYMENTS UNDER THIS CONTRACT. WHERE SELLER UTILIZES THE SERVICES OF THIRD PARTIES, SELLER MUST INCLUDE IN ITS CONTRACTS WITH SUCH THIRD PARTIES A "RIGHT TO AUDIT" CLAUSE WITH TERMS AND CONDITIONS SIMILAR TO THOSE SET OUT IN THIS SECTION 7. | | | | | | |
| | | | 8. | SELLER'S PERSONNEL | | | | | | |
| | | | | WHEN, IN THE PERFORMANCE OF THIS CONTRACT, SELLER'S PERSONNEL ARE TO BE LOCATED AT BUYER'S SITE, SELLER WILL FURNISH A COMPLETE LIST OF ALL PERSONNEL TO BE LOCATED AT THE BUYER'S SITE AND SELLER SHALL BE RESPONSIBLE FOR ALL ACTIONS OF ITS PERSONNEL. SELLER AGREES TO COMPLY WITH ALL REGULATIONS AND POLICIES AT BUYER'S SITE, AND BUYER RESERVES THE RIGHT TO BAR EMPLOYEES, REPRESENTATIVES OR AGENTS OF SELLER FROM BUYER'S SITE FOR FAILURE TO OBSERVE SUCH REGULATIONS AND POLICIES. SELLER'S PERSONNEL SHALL IN NO EVENT | | | | | | |

CONTINUE PAGE 12

A007222    USER PREM KUMAR    ORIGINAL    CHMM08 4/93

**General Motors Corporation**

PAGE 12

**PURCHASE ORDER:** GMS32012

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

| ORDER DATE | PHONE: 55114234B969 |
|---|---|
| 12/18/08 | F. SILVA |
| ALTERATION ISSUE DATE | 9210   Buyer |
| ALTERATION EFFECTIVE DATE | PURCHASING AGENT |

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

TO:
GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580
SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE TO:
INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490   US

F.O.B  DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

PAYMENT TERMS: NET NET 60 DAYS

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|

BE CONSIDERED EMPLOYEES OF BUYER; SELLER WILL REMAIN
RESPONSIBLE FOR ALL WAGES, TAXES, BENEFITS, PAYROLL
DEDUCTIONS, REMITTANCES, AND OTHER OBLIGATIONS WITH
RESPECT TO ITS PERSONNEL.

9. EXCLUSIVE SERVICES

SELLER AGREES THAT, AT BUYER'S REQUEST OR AS PROVIDED
BY BUYER IN ITS STATEMENT OF REQUIREMENTS, IT WILL
NOT, FOR A PERIOD OF TWELVE (12) MONTHS FOLLOWING
COMPLETION OF THE SERVICES, ASSIGN THOSE PERSONS WHO
DIRECTLY AND SUBSTANTIVELY PERFORMED SERVICES FOR
BUYER UNDER THIS CONTRACT AND HAD ACCESS TO BUYER'S
INFORMATION (SECTION 4) TO PERFORM SIMILAR SERVICES
FOR A COMPETITOR IN THE SAME LINE OF BUSINESS AS
BUYER. THIS CLAUSE IS SUBJECT TO ANY LIMITATIONS
IMPOSED BY LOCAL LAW.

10. MALICIOUS SOFTWARE

SELLER SPECIFICALLY WARRANTS AND AGREES THAT SELLER
WILL NOT INTRODUCE MALICIOUS SOFTWARE INTO BUYER'S
EQUIPMENT, DATABASE(S) OR NETWORK(S). IN THE EVENT
THAT SELLER DOES INTRODUCE MALICIOUS SOFTWARE, SELLER
WILL WORK WITH BUYER TO IMMEDIATELY REMOVE SUCH
MALICIOUS SOFTWARE FROM ALL INFECTED EQUIPMENT,

CONTINUE PAGE 13

A007222  USER PREM KUMAR    ORIGINAL    CHMM08 4/93

**General Motors Corporation**

PAGE 13

## PURCHASE ORDER: GMS32012

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

| ORDER DATE | 12/18/08 |
|---|---|
| ALTERATION ISSUE DATE | |
| ALTERATION EFFECTIVE | |

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PHONE: 55114234896
F. SILVA   9210
Buyer
PURCHASING AGENT

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090   US

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243   US

VENDOR NUMBER 14-423-4580
SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

INVOICE TO:
INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O.BOX 63490, PHOENIX AZ
85082-3490   US

PAYMENT TERMS: NET NET 60 DAYS

F.O.B. DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | INIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | DATABASE(S) AND NETWORK(S) AND WILL RESTORE SUCH EQUIPMENT, DATABASE(S) AND NETWORK(S) TO THEIR ORIGINAL STATE. | | | | | | | |

11. SELLER'S HANDLING OF PERSONALLY IDENTIFIABLE DATA

BUYER HAS PRIVACY STATEMENTS ("PRIVACY STATEMENTS")
IN PLACE THAT EXPLAIN TO THIRD PARTIES, SUCH AS
CUSTOMERS, POTENTIAL CUSTOMERS AND EMPLOYEES, HOW
BUYER HANDLES THEIR "PERSONALLY IDENTIFIABLE DATA,"
THAT IS, ANY INDIVIDUALLY IDENTIFIABLE DATA FROM OR
ABOUT A PERSON OR DATA WHICH, WHEN ASSOCIATED WITH
OTHER DATA IN THE HANDS OF OR AVAILABLE TO SELLER,
ALLOWS FOR EITHER IDENTIFICATION OF AN INDIVIDUAL OR
FOR AN INCREASE IN DATA ABOUT AN IDENTIFIED OR
IDENTIFIABLE INDIVIDUAL. PERSONALLY IDENTIFIABLE
DATA SHALL INCLUDE, BUT NOT BE LIMITED TO:
A) FIRST AND LAST NAME; (B) A HOME ADDRESS OR
OTHER PHYSICAL ADDRESS, INCLUDING STREET NAME AND
NAME OF CITY OR TOWN; (C) AN EMAIL ADDRESS OR OTHER
ONLINE CONTACT DATA (E.G., INSTANT MESSAGING
USER IDENTIFIER); (D) A TELEPHONE NUMBER; (E) A
SOCIAL SECURITY NUMBER; (F) AN INTERNET PROTOCOL
ADDRESS; (G) A PERSISTENT IDENTIFIER (E.G., A
UNIQUE CUSTOMER NUMBER IN A COOKIE); AND (H) ANY
OTHER DATA THAT IS COMBINED WITH ANY OF THE ABOVE.

CONTINUE PAGE 14

ORIGINAL

A007222   USER PREM KUMAR                                                                                 CHMM08 4/93



**GM** General Motors Corporation

## PURCHASE ORDER: GMS32012

PAGE 15

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

| ORDER DATE | PHONE: 5511423489691 |
|---|---|
| 12/18/08 | F. SILVA |
| ALTERATION ISSUE DATE | 9210   Buyer |
| ALTERATION EFFECTIVE DATE | PURCHASING AGENT |

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

**GENERAL MOTORS CORPORATION**
GLOBAL PURCHASING
30009 VAN DYKE
WARREN MI
FAX 602-797-6053
48090    US

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

VENDOR NUMBER 14-423-4580
TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

INVOICE TO:
INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY.QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO:GM FSS ABP
P.O.BOX 63490, PHOENIX AZ
85082-3490    US

PAYMENT TERMS: NET    NET 60 DAYS

F.O.B   DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|

INDEPENDENT CERTIFIED PUBLIC ACCOUNTANTS TO
CONFIRM SELLER'S PERFORMANCE OF ITS OBLIGATIONS
SET FORTH IN THIS AGREEMENT.  IN ADDITION, SELLER
SHALL ALLOW THE AUDIT OF ITS OBLIGATIONS UNDER
THIS AGREEMENT BY BUYER OR ITS AUTHORIZED
REPRESENTATIVE.

12.  DELETED GENERAL TERMS AND CONDITIONS PARAGRAPHS
.
PARAGRAPHS 2,3,4,5,7,9,10,14,15,18,20 AND 22 OF
BUYER'S GENERAL TERMS AND CONDITIONS ARE DELETED.
(7X) 10-24-02

"DO NOT BILL SALES OR USE TAX ON ITEMS DELIVERED TO
ALL SHIPPED TO LOCATIONS WITH THE STATES LISTED
BELOW."  GM HOLDS DIRECT PAYMENT AUTHORITY WITH THESE
STATES.  AS A RESULT, IN ALL OF THE IDENTIFIED STATES
BELOW LISTED GM CORPORATE ENTITIES WILL REMIT
DIRECTLY TO TAXING AUTHORITIES, ALL SALES OR USE TAX
LIABILITY RELATED TO ITS PURCHASE AND USE OF TANGIBLE
PERSONAL PROPERTY AND SERVICES (1).  THEREFORE,
EFFECTIVE IMMEDIATELY, THIS TAX CLAUSE SUPERSEDES ALL
TAX CODE INFORMATION FOUND ON THIS ORDER EXCEPT FOR
THOSE STATES NOT IDENTIFIED BELOW.  FOR THOSE STATES
NOT IDENTIFIED BELOW, PLEASE CONTINUE TO FOLLOW THE
SPECIFIC TAX CODE INSTRUCTIONS FOUND ON THIS ORDER.

CONTINUE PAGE 16

A007222    USER PREM KUMAR    ORIGINAL    CHMM08 4/93

**GM** General Motors Corporation

**PURCHASE ORDER:** GMS32012   PAGE 16

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580

TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
INVOICE TO: CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490    US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234 8969
F. SILVA    9210    Buyer
PURCHASING AGENT

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

F.O.B.    SHIPPING POINT – FREIGHT COLLECT    DESTINATION UNLESS OTHERWISE INDICATED

PAYMENT TERMS: NET    NET 60 DAYS

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | LISTED BELOW ARE DIRECT PAY PERMIT OR SALES TAX LICENSE NUMBERS FOR THE STATES, OR GM LOCATIONS WITHIN A STATE, WHERE GM HOLDS DIRECT PAY AUTHORITY: | | | | | | |
| | | | | * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | | | | |
| | | | | GENERAL MOTORS CORPORATION PERMITS: | | | | | | |
| | | | | GEORGIA #044-38-00894-3 | | | | | | |
| | | | | INDIANA #003-2804890001 | | | | | | |
| | | | | KENTUCKY #0000-10 | | | | | | |
| | | | | KANSAS #98-0003B (FAIRFAX ONLY) | | | | | | |
| | | | | LOUISIANA #6009013-008DP (SHREVEPORT ONLY) | | | | | | |
| | | | | MARYLAND #20 | | | | | | |
| | | | | MICHIGAN #ME-0900440 | | | | | | |
| | | | | MISSISSIPPI #4277 (SPO ONLY) | | | | | | |
| | | | | MISSOURI #11731559 | | | | | | |
| | | | | NEW JERSEY #NJ9-001-683/000 | | | | | | |
| | | | | NEW YORK #DP-003445 | | | | | | |
| | | | | OHIO #98-000613 | | | | | | |
| | | | | OKLAHOMA #137479 | | | | | | |
| | | | | PENNSYLVANIA #02-93450/DP246 | | | | | | |
| | | | | TEXAS #1-38-05725 15-0 | | | | | | |
| | | | | VIRGINIA #9980000793 | | | | | | |
| | | | | WISCONSIN #WDP95-01-01012 | | | | | | |
| | | | | * * * * * * * * * * * * * * * * * * * * * * * | | | | | | |
| | | | | ONSTAR CORPORATION PERMIT: | | | | | | |
| | | | | MICHIGAN #38-3506814 | | | | | | |
| | | | | * * * * * * * * * * * * * * * * * * * * * * * | | | | | | |

A007222    USER PREM KUMAR    ORIGINAL    CONTINUE PAGE    17    CHMM0R 4/93



09-50026-mg   Doc 3372-7   Filed 07/24/09   Entered 07/24/09 14:48:29   Exhibit A (Part 7 of 7)   Pg 13 of 18

**General Motors Corporation**

**PURCHASE ORDER:** GMS32012    PAGE 17

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580
SYNOVATE MOTORESEARCH INC
TO: PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
INVOICE TO: CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490    US

PHONE: 55114234896 9
F. SILVA    Buyer
9210

ORDER DATE 12/18/08

SHIP VIA
REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B. DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

DESCRIPTION:

SATURN CORPORATION PERMITS:
MICHIGAN #38-2577506
TENNESSEE #100315259
* * * * * * * * * * * * * * * * * * * * * * * * *
FURTHER, IF THIS ORDER RELATES TO THE CONSTRUCTION
CONTRACT FOR REAL PROPERTY, ALL APPLICABLE SALES AND
USE TAXES ARE THE RESPONSIBILITY OF THE CONTRACTOR
(WITH THE EXCEPTION OF TEXAS), AND SHOULD BE INCLUDED
IN THE CONTRACTOR'S BID AS REQUIRED PURSUANT TO
SECTION 3.9 AND SECTION R3.2 OF THE GM1638 (05/05) OR
SECTION 6 OF THE GM1638A (08/02), UNLESS THE
RESPONSBILITY FOR PAYMENT OF SALES & USE TAXES ARE
OTHERWISE SPECIFICALLY OUTLINED IN THE CONTRACT. WITH
REFERENCE TO TEXAS: IF THE ORDER RELATES TO A
CONSTRUCTION CONTRACT FOR REAL PROPERTY, THE
CONTRACTOR SHOULD ISSUE ALL CONTRACTS AS SEPARATED
CONTRACTS AND AS SUCH SHOULD NOT INCLUDE SALES TAX
IN THE COST OF INCORPORATED MATERIALS OR EQUIPMENT.
IN ADDITION, THE CONTRACTOR SHOULD NOT BILL GM
(GENERAL MOTORS CORPORATION ONLY) FOR SALES TAX ON
THE SEPARATED COSTS OF MATERIAL OR LABOR. GM WILL
ACCRUE AND REMIT THE APPROPRIATE SALES TAX
DIRECTLY TO THE STATE OF TEXAS UNDER THE DIRECT
PAY PERMIT.
* * * * * * * * * * * * * * * * * * * * * * * * *
ANY QUESTIONS ON THE ABOVE SHOULD BE DIRECTED TO

CONTINUE PAGE 18

ORIGINAL

A007222    USER PREM KUMAR

**General Motors Corporation**

# PURCHASE ORDER: GMS32012

PAGE 18

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490    US

VENDOR NUMBER 14-423-4580
TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234896 9
F. SILVA
9210    Buyer

PURCHASING AGENT

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B.: SHIPPING POINT - FREIGHT COLLECT    DESTINATION UNLESS OTHERWISE INDICATED

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT O MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|

THE FOLLOWING:
*

DISBURSEMENT SERVICES -
CUSTOMER COMMUNICATION CENTER
PHONE: (248) 874-4636
* * * * * * * * * * * * * * * * * * * * * * * *
(1) EXCLUDING ALL TELECOMMUNICATIONS SERVICES,
HOTELS, AND MEAL PURCHASES. TAX IS TO BE PAID
DIRECTLY TO THE SUPPLIER OF THESE ITEMS.

RIGHT TO AUDIT
BY ACCEPTANCE OF A PURCHASE ORDER THE SELLER OF GOODS
AND/OR SERVICES GRANTS BUYER THE RIGHT TO AUDIT ALL
CHARGES AND AGREES THAT ALL RECORDS SUPPORTING
CHARGES (INCLUDING THOSE OF SUBSIDIARIES AND AFFILI-
ATES TO WHOM WORK HAS BEEN CONTRACTED) WILL BE
AVAILABLE FOR AUDIT BY GENERAL MOTORS CORPORATION FOR
A PERIOD OF THREE (3) YEARS BEYOND FINAL PAYMENT.

EXPORT ADMINISTRATION REGULATIONS (EAR) CONTROLLED
PURCHASES
************************************************
THE TECHNICAL DATA ASSOCIATED WITH THIS EQUIPMENT,
SERVICE OR PART IS CONTROLLED UNDER U.S. EXPORT LAWS.
YOU MAY NOT EXPORT OR RE-EXPORT THE TECHNICAL DATA,
INCLUDING BUT NOT LIMITED TO PRINTS, ROUTINGS AND

CONTINUE PAGE 19

A007222    USER PREM KUMAR    ORIGINAL    CHMM08 4/93

# General Motors Corporation

**PURCHASE ORDER:** GMS32012    **PAGE** 19

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580

TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE TO:
INVOICE FOR SERVICE, MACHINERY & EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O.BOX 63490, PHOENIX AZ
85082-3490    US

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PHONE: 55114234896
F. SILVA
9210    Buyer

F.O.B: DESTINATION UNLESS OTHERWISE INDICATED
SHIPPING POINT - FREIGHT COLLECT

**PAYMENT TERMS:** NET NET 60 DAYS

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME / DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|

SPECIFICATIONS ASSOCIATED WITH THIS REQUEST FOR
QUOTATION OR PURCHASE CONTRACT WITHOUT THE PROPER
GOVERNMENTAL AUTHORIZATIONS.

SPECIAL TERM (US) - GOVERNMENT CONTRACTS
*****
BUYER SERVES FROM TIME TO TIME AS A CONTRACTOR FOR
THE UNITED STATES GOVERNMENT. IF SELLER IS A U.S.
ENTITY, SELLER SHALL COMPLY WITH ALL FEDERAL LAWS,
RULES, AND REGULATIONS THAT ARE APPLICABLE TO SELLER
AS A SUBCONTRACTOR OF GOVERNMENT CONTRACTORS,
INCLUDING, WITHOUT LIMITATION, THOSE RELATING TO
(1) EQUAL EMPLOYMENT OPPORTUNITY (PARAGRAPHS (1)
THROUGH (7) OF SECTION 202 OF EXECUTIVE ORDER 11246,
AS AMENDED, 41 CFR 60-741.5, 41 CFR 60-250.5);
AND 41 CFR 60-300.5); (2) UTILIZATION OF SMALL
AND DISADVANTAGED BUSINESS CONCERNS; FAR SUBPARTS
52.219-8 AND 52.219.9); (3) CONTRACTING WITH
BUSINESS CONCERNS OPERATING IN AREAS OF SURPLUS
LABOR (41 CFR 1-1.805); AND (4) CONTRACTING
WITH WOMEN-OWNED BUSINESS CONCERNS
(EXECUTIVE ORDER 12138).                    (4Z)

CONFIDENTIALITY
SELLER, IN ORDER TO PROVIDE THE SERVICES SET FORTH IN
THIS PURCHASE ORDER, WILL REQUIRE INFORMATION FROM

CONTINUE PAGE 20

A007222    USER PREM KUMAR    ORIGINAL    CHMMOR 4/93



# General Motors Corporation

**PURCHASE ORDER:** GMS32012  
**PAGE** 20

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment. Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

GENERAL MOTORS CORPORATION  
GLOBAL PURCHASING  
30009 VAN DYKE  
FAX 602-797-6053  
WARREN MI  
48090 US

VENDOR NUMBER 14-423-4580  
SYNOVATE MOTORESEARCH INC  
TO: PINNACLE RESEARCH CONSULTING  
306 S WASHINGTON STE 500  
ROYAL OAK MI  
48067

SHIP TO:  
GM RENAISSANCE CENTER  
TOWER 300 & 400  
SOUTH DOCK 13'2" CLEARANCE  
FRANKLIN STREET RAMP  
DETROIT MI  
48243    US  
INVOICE FOR SERVICE,MACHINERY

INVOICE TO:  
& EQUIP ONLY.QUESTIONS TO:  
CUSTOMER SERVICE 248/874/4636  
MAIL INVOICE TO: GM FSS ABP  
P.O.BOX 63490, PHOENIX AZ  
85082-3490    US

ORDER DATE: 12/18/08  
PHONE: 55142348969  
F. SILVA    9210    Buyer

ALTERATION ISSUE DATE  
ALTERATION EFFECTIVE DATE

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

PAYMENT TERMS: NET NET 60 DAYS

F.O.B DESTINATION UNLESS OTHERWISE INDICATED  
SHIPPING POINT - FREIGHT COLLECT

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE /% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BUYER WHICH BUYER CONSIDERS CONFIDENTIAL (BUYER'S INFORMATION). BUYER IS WILLING TO DISCLOSE BUYER'S INFORMATION ONLY WITH THE UNDERSTANDING THAT SELLER MAINTAIN ITS CONFIDENTIALITY. | | | | | | |
| | | | | ACCORDINGLY, SELLER ACKNOWLEDGES THAT BUYER'S INFORMATION IS BEING DISCLOSED TO SELLER FOR THE SOLE PURPOSE OF PERMITTING SELLER TO PERFORM THE SERVICES SET FORTH IN THIS PURCHASE ORDER, AND AGREES THAT IT WILL NOT USE THE INFORMATION FOR ANY OTHER PURPOSE. IN ADDITION, SELLER AGREES THAT IT WILL NOT DISCLOSE, DISSEMINATE OR OTHERWISE MAKE AVAILABLE BUYER'S INFORMATION TO ANYONE, OTHER THAN TO THOSE EMPLOYEES WHO HAVE A NEED TO KNOW IT IN ORDER FOR SELLER TO FULFILL ITS OBLIGATIONS UNDER THIS PURCHASE ORDER. SELLER AGREES THAT IT WILL TAKE APPROPRIATE ACTION BY INSTRUCTION, AGREEMENT, OR OTHERWISE, WITH ANY PERSON PERMITTED ACCESS TO BUYER'S INFORMATION. THE BUYER'S INFORMATION AND ANY ADDITIONS THERETO ARE THE SOLE PROPERTY OF BUYER. AT BUYER'S REQUEST OR UPON COMPLETION OF SELLER'S USE OF BUYER'S INFORMATION, SELLER WILL RETURN ALL COPIES OF BUYER'S INFORMATION TO BUYER OR, AT BUYER'S REQUEST, DESTROY BUYER'S INFORMATION AND CERTIFY SUCH DESTRUCTION TO BUYER. SELLER FURTHER AGREES TO INDEMNIFY AND HOLD BUYER | | | | | | |

CONTINUE PAGE 21

ORIGINAL

A007222    USER PREM KUMAR

CHMM08 4/93

**General Motors Corporation**

**PURCHASE ORDER:** GMS32012

PAGE 21

SHIP TO:
GM RENAISSANCE CENTER
TOWER 300 & 400
SOUTH DOCK 13'2" CLEARANCE
FRANKLIN STREET RAMP
DETROIT MI
48243    US

INVOICE FOR SERVICE, MACHINERY
& EQUIP ONLY. QUESTIONS TO:
CUSTOMER SERVICE 248/874/4636
MAIL INVOICE TO: GM FSS ABP
P.O. BOX 63490, PHOENIX AZ
85082-3490    US

This Number Must Appear On All Invoices, Packing Slips, Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel Post.

ORDER DATE: 12/18/08
ALTERATION ISSUE DATE:
ALTERATION EFFECTIVE DATE:

PHONE: 55114234896
F. SILVA
9210
Buyer

PURCHASING AGENT

SHIP VIA: REFER TO WWW.GMSHIPPING.COM

GENERAL MOTORS CORPORATION
GLOBAL PURCHASING
30009 VAN DYKE
FAX 602-797-6053
WARREN MI
48090    US

VENDOR NUMBER 14-423-4580
TO: SYNOVATE MOTORESEARCH INC
PINNACLE RESEARCH CONSULTING
306 S WASHINGTON STE 500
ROYAL OAK MI
48067

PAYMENT TERMS: NET    NET 60 DAYS

F.O.B    SHIPPING POINT - FREIGHT COLLECT    DESTINATION UNLESS OTHERWISE INDICATED

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | RFQ NUMBER | DATE REQUIRED | TAX CODE/% | BASE UNIT PRICE | PRICE MULTIPLE | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | HARMLESS FROM ANY AND ALL LIABILITIES, DAMAGES, FINES, PENALTIES, COSTS, CLAIMS, DEMANDS, AND EXPENSES (INCLUDING COSTS OF DEFENSE, SETTLEMENT, AND REASONABLE ATTORNEY'S FEES), ARISING OUT OF THE DISCLOSURE OR IMPROPER USE OF BUYER'S INFORMATION BY SELLER OR SELLER'S EMPLOYEES. (YC) | | | | | | |
| | | | | TERMS AND CONDITIONS SEPTEMBER 2004, APPLY OF WHICH SUPPLIER HAS RECEIVED A COPY. | | | | | | |

LAST PAGE

A007222    USER PREM KUMAR    ORIGINAL    CHMM08 4/93

## GENERAL TERMS AND CONDITIONS

**1. ACCEPTANCE:**
Seller has read and understands this contract and agrees that Seller's written acceptance or commencement of any work or services under this contract shall constitute Seller's acceptance of these terms and conditions only.

**2. SHIPPING AND BILLING:**
Seller agrees: (a) to properly pack, mark and ship goods in accordance with the requirements of Buyer, the involved carriers, and, if applicable the country of destination; (b) to route shipments in accordance with Buyer's instructions; (c) to make no charge for handling, packaging, storage or transportation of goods, unless otherwise stated as an item on this contract; (d) to provide with each shipment packing slips with Buyer's contract and/or release number and date of shipment marked thereon; (e) to properly mark each package with a label/tag according to Buyer's instructions; (f) to promptly forward the original bill of lading or other shipping receipt for each shipment in accordance with Buyer's instructions. Seller will include on bills of lading or other shipping receipts correct classification identification of the goods shipped in accordance with Buyer's instructions and the carrier's requirements. The marks on each package and identification of the goods on packing slips, bills of lading and invoices (when required) shall be sufficient to enable Buyer to easily identify the goods purchased. Seller further agrees: (a) to accept payment based upon Buyer's Evaluated Receipt Record/Self Billed Invoice, unless an invoice is requested by Buyer; and (b) to accept payment by electronic funds transfer. The payment date is set forth in the Line Item Detail of this contract, or if not stated, shall be the date established by Buyer's Multilateral Netting System (MNS-2), which provides, on average, that payment shall be made on the second day of the second month following, in the case of the Buyer's North American facilities, Seller's shipment date of goods or date of services, and, for all of Buyer's other locations, Buyer's receipt date of the goods or date of services. Buyer may withhold payment pending receipt of evidence, in such form and detail as Buyer may direct, of the absence of any liens, encumbrances and claims on the goods or services under this contract.

**3. DELIVERY SCHEDULES:**
Time is of the essence, and deliveries shall be made both in quantities and at times specified in Buyer's schedules. Buyer shall not be required to make payment for goods delivered to Buyer that are in excess of quantities specified in Buyer's delivery schedules. Buyer may change the rate of scheduled shipments or direct temporary suspension of scheduled shipments, neither of which shall entitle Seller to a modification of the price for goods or services covered by this contract. Where quantities and/or delivery schedules are not specified, Seller shall deliver goods in such quantities and times as Buyer may direct in subsequent releases.

**4. PREMIUM SHIPMENTS:**
If Seller's acts or omissions result in Seller's failure to meet Buyer's delivery requirements and Buyer requires a more expeditious method of transportation for the goods than the transportation method originally specified by Buyer, Seller shall ship the goods as expeditiously as possible at Seller's sole expense.

**5. CHANGES:**
Buyer reserves the right at any time to direct changes, or cause Seller to make changes, to drawings and specifications of the goods or to otherwise change the scope of the work covered by this contract including work with respect to such matters as inspection, testing or quality control, and Seller agrees to promptly make such changes. Any difference in price or time for performance resulting from such changes shall be equitably adjusted by Buyer after receipt of documentation in such form and detail as Buyer may direct. Any changes to this contract shall be made in accordance with Paragraph 31.

**6. SUPPLIER QUALITY AND DEVELOPMENT; INSPECTION:**
Seller agrees to participate in Buyer's supplier quality and development program(s) and to comply with all quality requirements and procedures specified by Buyer, as revised from time to time, including those applicable to Seller as set forth in Quality System Requirements QS-9000. In addition, Buyer shall have the right to enter Seller's facility at reasonable times to inspect the facility, goods, materials and any property of Buyer covered by this contract. Buyer's inspection of the goods, whether during manufacture, prior to delivery or within a reasonable time after delivery, shall not constitute acceptance of any work-in-process or finished goods.

**7. NONCONFORMING GOODS:**
Seller acknowledges that Buyer will not perform incoming inspections of the goods, and waives any rights to require Buyer to conduct such inspections. To the extent Buyer rejects goods as nonconforming, the quantities under this contract will automatically be reduced unless Buyer otherwise notifies Seller. Seller will not replace quantities so reduced without a new contract or schedule from Buyer. Nonconforming goods will be held by Buyer in accordance with Seller's instructions at Seller's risk. Seller's failure to provide written instructions within 10 days, or such shorter period as may be commercially reasonable under the circumstances, after notice of nonconformity shall entitle Buyer, at Buyer's option, to charge Seller for storage and handling or to dispose of the goods without liability to Seller. Payment for nonconforming goods shall not constitute an acceptance of them, limit or impair Buyer's right to assert any legal or equitable remedy, or relieve Seller's responsibility for latent defects.

**8. FORCE MAJEURE:**
Any delay or failure of either party to perform its obligations shall be excused if Seller is unable to produce, sell or deliver, or Buyer is unable to accept delivery, buy or use, the goods or services covered by this contract, as the result of an event or occurrence beyond the reasonable control of the party and without its fault or negligence, including, but not limited to, acts of God, actions by any governmental authority (whether valid or invalid), fires, floods, windstorms, explosions, riots, natural disasters, wars, sabotage, labor problems (including lockouts, strikes and slowdowns), inability to obtain power, material, labor equipment or transportation, or court injunction or order; provided that written notice of such delay (including the anticipated duration of the delay) shall be given by the affected party to the other party as soon as possible after the event or occurrence (but in no event more than 10 days thereafter). During the period of such delay or failure to perform by Seller, Buyer, at its option, may purchase goods and services from other sources and reduce its schedules to Seller by such quantities, without liability to Seller, or have Seller provide the goods and services from other sources in quantities and at times requested by Buyer, and at the price set forth in this contract. In addition, Seller at its expense shall take such actions as are necessary to ensure the supply of goods and services to Buyer for a period of at least 30 days during any anticipated labor disruption or resulting from the expiration of Seller's labor contract(s). If requested by Buyer Seller shall, within 10 days, provide adequate assurances that the delay shall not exceed 30 days. If the delay lasts more than 30 days or Seller does not provide adequate assurance that the delay will cease within 30 days, Buyer may immediately terminate this contract without liability.

**9. WARRANTY:**
Seller warrants/guarantees that the goods covered by this contract will conform to the specifications, drawings, samples, or descriptions furnished to or by Buyer, and will be merchantable, of good material and workmanship and free from defect. In addition, Seller acknowledges that Seller knows of Buyer's intended use and warrants/guarantees that all goods covered by this contract that have been selected, designed, manufactured or assembled by Seller based upon Buyer's stated use will be fit and sufficient for the particular purposes intended by Buyer. The warranty period shall be that provided by applicable law, except that if Buyer offers a longer warranty to its customers for the goods installed on vehicles, such longer period shall apply.

**10. INGREDIENTS DISCLOSURE; SPECIAL WARNINGS AND INSTRUCTIONS:**
If requested by Buyer, Seller shall promptly furnish to Buyer in such form and detail as Buyer may direct: (a) a list of all ingredients in the goods; (b) the amount of all ingredients, and (c) information concerning any changes in or additions to such ingredients. Prior to and with the shipment of the goods, Seller agrees to furnish to Buyer sufficient warning and notice in writing (including appropriate labels on the goods containers and packing) of any hazardous material that is an ingredient or a part of any of the goods, together with such special handling instructions as may be necessary to advise carriers, Buyer and their respective employees of how to exercise that measure of care and precaution that will best prevent bodily injury or property damage in the handling, transportation, processing, use or disposal of the goods, containers and packing shipped to Buyer.

**11. INSOLVENCY:**
Buyer may immediately terminate this contract without liability to Seller in any of the following or any other comparable events: (a) insolvency of Seller; (b) filing of a voluntary petition in bankruptcy by Seller; (c) filing of any involuntary petition in bankruptcy against Seller; (d) appointment of a receiver or trustee for Seller; or (e) execution of an assignment for the benefit of creditors by Seller, provided that such petition, appointment or assignment is not vacated or nullified within 15 days of such event. Seller shall reimburse Buyer for all costs incurred by Buyer in connection with any of the foregoing, including, but not limited to, all attorney's or other professional fees.

**12. TERMINATION FOR BREACH OR NONPERFORMANCE; SALE OF ASSETS OR CHANGE IN CONTROL:**
Buyer reserves the right to terminate all or any part of this contract, without liability to Seller, if Seller: (a) repudiates or breaches any of the terms of this contract, including Seller's warranties; (b) fails to perform services or deliver goods as specified by Buyer; (c) fails to make progress so as to endanger timely and proper completion of services or delivery of goods; and does not correct such failure or breach within 10 days (or such shorter period of time if commercially reasonable under the circumstances) after receipt of written notice from Buyer specifying such failure or breach. In addition, Buyer may terminate this contract upon giving at least 80 days notice to Seller, without liability to Seller, if Seller (i) sells, or offers to sell, a material portion of its assets, or (ii) sells or exchanges, or offers to sell or exchange, or causes to be sold or exchanged, a sufficient amount of its stock that effects a change in the control of Seller.

**13. TERMINATION FOR CONVENIENCE:**
In addition to any other rights of Buyer to terminate this contract, Buyer may, at its option, immediately terminate all or any part of this contract, at any time and for any reason, by giving written notice to Seller. Upon such termination, Buyer shall pay to Seller the following amounts without duplication: (a) the contract price for all goods or services that have been completed in accordance with this contract and have not previously paid for; and (b) the actual costs of work-in-process and raw materials incurred by Seller in furnishing the goods or services under this contract to the extent such costs are reasonable in amount and are properly allocable or apportionable under generally accepted accounting principles to the terminated portion of this contract; less, however, the sum of the reasonable value or cost (whichever is higher) of any goods or materials used or sold by Seller with Buyer's written consent, and the cost of any damaged or destroyed goods or material. Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in delivery releases nor for any undelivered goods that are in Seller's standard stock or that are readily marketable. Payments made under this Paragraph shall not exceed the aggregate price payable by Buyer for finished goods or services that would be produced or performed by Seller under delivery or release schedules outstanding at the date of termination. Except as provided in this Paragraph, Seller shall not be liable for and shall not be required to make payments to Seller, directly or on account of claims by Seller's subcontractors, for loss of anticipated profit, unabsorbed overhead, interest on claims, product development and engineering costs, facilities and equipment rearrangement costs or rental, unamortized depreciation costs, or general and administrative burden charges from termination of this contract. Within 60 days from the effective date of termination, Seller shall submit a comprehensive termination claim to Buyer, with sufficient supporting data to permit Buyer's audit, and shall thereafter promptly furnish such supplemental and supporting information as Buyer shall request. Buyer or its agents shall have the right to audit and examine all books, records, facilities, work, material, inventories and other items relating to any termination claim of Seller.

**14. INTELLECTUAL PROPERTY:**
Seller agrees: (a) to defend, hold harmless and indemnify Buyer, its successors and customers against any claims of infringement (including patent, trademark, copyright, industrial design right, or other proprietary right, or misuse or misappropriation of trade secret) and resulting damages and expenses (including attorney's and other professional fees) arising in any way in relation to the goods or services contracted, including such claims where Seller has provided only part of the goods or services; Seller expressly waives any claim against Buyer that such infringement arose out of compliance with Buyer's specification; (b) that Buyer or Buyer's subcontractor has the right to repair, reconstruct, or rebuild the specific goods delivered under this contract without payment of any royalty to Seller; (c) that parts manufactured based on Buyer's drawings and/or specifications may not be used for its own use or sold to third parties without Buyer's express written authorization; and (d) to the extent that this contract is issued for the creation of copyrightable works, the works shall be considered "works made for hire," to the extent that the works do not qualify as works made for hire. Seller hereby assigns to Buyer all right, title and interest in all copyrights and moral rights therein.

**15. TECHNICAL INFORMATION DISCLOSED TO BUYER:**
Seller agrees not to assert any claim (other than a claim for patent infringement) with respect to any technical information that Seller shall have disclosed or may hereafter disclose to Buyer in connection with the goods or services covered by this contract.

**16. INDEMNIFICATION:**
If Seller performs any work on Buyer's premises or utilizes the property of Buyer, whether on or off Buyer's premises, Seller shall indemnify and hold Buyer harmless from and against any liability, claims, demands or expenses (including attorney's and other professional fees) for damages to the property of or injuries (including death) to Buyer, its employees or any other person arising from or in connection with Seller's performance of work or use of Buyer's property except for such liability, claim or demand arising out of the sole negligence of Buyer.

**17. INSURANCE:**
Seller shall maintain insurance coverage with carriers acceptable to Buyer and in the amounts set forth in the Special Terms. Seller shall furnish to Buyer either a certificate showing compliance with these insurance requirements or certified copies of all insurance policies within 10 days of Buyer's written request. The certificate will provide that Buyer will receive 30 days' prior written notice from the insurer of any termination or reduction in the amount or scope of coverage. Seller's furnishing of certificates of insurance or purchase of insurance shall not release Seller of its obligations or liabilities under this contract.

**18. SELLER'S PROPERTY:**
Unless otherwise agreed to by Buyer, Seller, at its expense, shall furnish, keep in good condition, and replace when necessary all machinery equipment, tools, jigs, dies, gauges, fixtures, molds, patterns and other items ("Seller's Property") necessary for the production of the goods. The cost of changes to Seller's Property necessary to make design and specification changes authorized by Buyer shall be paid for by Buyer. Seller shall insure Seller's Property with full fire and extended coverage insurance for its replacement value. Seller grants Buyer an irrevocable option to take possession of and title to Seller's Property upon payment to Seller of its net book value less any amounts that Buyer has previously paid to Seller for the cost of such items; provided, however, that this option shall not apply if Seller's Property is used to produce goods that are the standard stock of Seller or if a substantial quantity of like goods are being sold by Seller to others.

**19. BUYER'S PROPERTY:**
All supplies, materials, tools, jigs, dies, gauges, fixtures, molds, patterns, equipment and other items furnished by Buyer either directly or indirectly to Seller to perform this contract, or for which Seller has been reimbursed by Buyer, shall be and remain the property of Buyer and held by Seller on a bailment basis ("Buyer's Property"). Seller shall bear the risk of loss of and damage to Buyer's Property. Buyer's Property shall at all times be properly housed and maintained by Seller, at its expense shall not be used by Seller for any purpose other than the performance of this contract, shall be deemed to be personalty; shall be conspicuously marked by Seller as the property of Buyer; shall not be commingled with the property of Seller or with that of a third person and shall not be moved from Seller's premises without Buyer's prior written approval. Buyer shall have the right to enter Seller's premises at all reasonable times to inspect such property and Seller's records with respect thereto. Upon the request of Buyer, Buyer's Property shall be immediately released to Buyer or delivered to Buyer by Seller either (i) F.O.B. transport equipment at Seller's plant, properly packed and marked in accordance with the requirements of the carrier selected by Buyer to transport such property, or (ii) to any location designated by Buyer, in which event Buyer shall pay to Seller the reasonable costs of delivering such property to such location. When permitted by law, Seller waives any lien or other rights that Seller might otherwise have on any of Buyer's Property for work performed on such property or otherwise.

**20. SERVICE AND REPLACEMENT PARTS:**
Seller will sell to Buyer goods necessary for it to fulfill its current model service and replacement parts requirements at the price(s) set forth in this contract. If the goods are systems or modules, Seller will sell the components or parts that comprise the system or module at price(s) that shall not, in the aggregate, exceed the price of the system or module less assembly costs. During the 15-year period after Buyer completes current model purchases, Seller will sell goods to Buyer to fulfill Buyer's past model service and replacement parts requirements. Unless otherwise agreed to by Buyer, the price(s) during the first 3 years of this period shall be those in effect at the conclusion of current model purchases. For the remainder of this period, the price(s) for goods shall be as agreed to by the parties. When requested by Buyer, Seller shall make service literature and other materials available at no additional charge to support Buyer's service part sales activities.

**21. REMEDIES:**
The rights and remedies reserved to Buyer in this contract shall be cumulative with, and additional to, all other or further remedies provided in law or equity. Without limiting the foregoing, should any goods fail to conform to the warranties set forth in Paragraph 9, Buyer shall notify Seller and Seller shall, if requested by Buyer, reimburse Buyer for any incidental and consequential damages caused by such nonconforming goods, including, but not limited to, costs, expenses and losses incurred by Buyer (a) in inspecting, sorting, repairing or replacing such nonconforming goods; (b) resulting from production interruptions, (c) conducting recall campaigns or other corrective service actions, and (d) claims for personal injury (including death) or property damage caused by such nonconforming goods. If requested by Buyer, Seller will enter into a separate agreement for the administration or processing of warranty chargebacks for nonconforming goods.

**22. CUSTOMS; EXPORT CONTROLS:**
Credits or benefits resulting or arising from this contract, including trade credits, export credits or the refund of duties, taxes or fees, shall belong to Buyer. Seller shall provide all information necessary (including written documentation and electronic transaction records) to permit Buyer to receive such benefits or credits, as well as to fulfill its customs related obligations, origin marking or labelling requirements and local content origin requirements, if any. Export licenses or authorizations necessary for the export of the goods shall be the responsibility of Seller unless otherwise indicated in this contract, in which event Seller shall provide such information as may be necessary to enable Buyer to obtain such licenses or authorization(s). Seller shall undertake such arrangements as necessary for the goods to be covered by any duty deferral or free trade zone program(s) of the country of import.

**23. SETOFF/RECOUPMENT:**
In addition to any right of setoff or recoupment provided by law, all amounts due to Seller shall be considered net of indebtedness of Seller and its affiliates/subsidiaries to Buyer and its affiliates/subsidiaries; and Buyer shall have the right to setoff against or to recoup from any amounts due to Seller and its affiliates/subsidiaries from Buyer and its affiliates/subsidiaries.

**24. NO ADVERTISING:**
Seller shall not, without first obtaining the written consent of Buyer, in any manner advertise or publish the fact that Seller has contracted to furnish Buyer the goods or services covered by this contract, or use any trademarks or trade names of Buyer in Seller's advertising or promotional materials.

**25. COMPLIANCE WITH LAWS; EMPLOYMENT/BUSINESS PRACTICES:**
Seller, and any goods or services supplied by Seller, shall comply with all applicable laws, rules, regulations, orders, conventions, ordinances or standards of the country(ies) of destination or that relate to the manufacture, labelling, transportation, importation, exportation, licensing, approval or certification of the goods or services, including, but not limited to, those relating to environmental matters, data protection and privacy, wages, hours and conditions of employment, subcontractor selection, discrimination, occupational health/safety and motor vehicle safety. Seller further represents that neither it nor any of its subcontractors will utilize child, slave, prisoner or any other form of forced or involuntary labor, or engage in abusive employment or corrupt business practices, in the supply of goods or provision of services under this contract. At Buyer's request, Seller shall certify in writing its compliance with the foregoing. Seller shall indemnify and hold Buyer harmless from and against any liability claims, demands or expenses (including attorney's or other professional fees) arising from or relating to Seller's non-compliance.

**26. NO IMPLIED WAIVER:**
The failure of either party at any time to require performance by the other party of any provision of this contract shall in no way affect the right to require such performance at any time thereafter, nor shall the waiver of either party of a breach of any provision of this contract constitute a waiver of any succeeding breach of the same or any other provision.

**27. NON-ASSIGNMENT:**
Unless otherwise specifically prohibited by applicable law, Seller may not assign or delegate its rights or obligations under this contract without Buyer's prior written consent.

**28. RELATIONSHIP OF PARTIES:**
Seller and Buyer are independent contracting parties and nothing in this contract shall make either party the agent or legal representative of the other for any purpose whatsoever, nor does it grant either party any authority to assume or to create any obligation on behalf of or in the name of the other.

**29. GOVERNING LAW; JURISDICTION:**
This contract is to be construed according to the laws of the country (and state/province, if applicable) from which this contract is issued as shown by the address of Buyer, excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods and any conflict of law provisions that would require application of another choice of law. Any action or proceedings by Buyer against Seller may be brought by Buyer in any court(s) having jurisdiction over Seller or, at Buyer's option, in the court(s) having jurisdiction over Buyer's location, in which event Seller consents to jurisdiction and service of process in accordance with applicable procedures. Any actions or proceedings by Seller against Buyer may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which this contract is issued.

**30. SEVERABILITY:**
If any term(s) of this contract is invalid or unenforceable under any statute, regulation, ordinance, executive order or other rule of law, such term(s) shall be deemed reformed or deleted, as the case may be, but only to the extent necessary to comply with such statute, regulation, ordinance, order or rule, and the remaining provisions of this contract shall remain in full force and effect.

**31. ENTIRE AGREEMENT:**
This contract, together with the attachments, exhibits, supplements or other terms of Buyer specifically referenced in this contract, constitutes the entire agreement between Seller and Buyer with respect to the matters contained in this contract and supersedes all prior oral or written representations and agreements. This contract may only be modified by a contract amendment issued by Buyer.

Revised September 2004