**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11
                                                            :
**GENERAL MOTORS CORP.,** *et al.*,                         :    Case No. 09-50026 (REG)
                                                            :
        **Debtors.**                                :
-------------------------------------------------------------

**AGREED PROTECTIVE ORDER ESTABLISHING**
**PROCEDURES FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**

        The Debtors have produced materials responsive to discovery requests in the above-captioned case. The signatories hereto have agreed that all documents produced by the Debtors will receive confidential treatment as follows:

        (1)    When producing confidential information in response to any request for information in connection with the first-day motions or the 363 Motion, the Debtors shall label documents as "Highly Confidential," or in a cover letter or other transmittal document specify that the production (whether in hard copy or electronic format) contains confidential information subject to this Order.

        (2)    Unless otherwise agreed by the Debtors, any person or party receiving confidential information shall use such information only for purposes of these chapter 11 cases and shall not disclose such information to any other person or entity other than:

        a.    Outside counsel of record for the respective parties who requested and received the confidential information (including outside counsel's paralegals and clerical assistants);

    b.  In-house counsel whose primary purpose is the rendering of legal services for the respective parties, including such counsel's paralegal and clerical assistants;

    c.  Any person employed by a party or its outside counsel of record as an independent consulting or testifying expert for purposes of this chapter 11 case (who is not a shareholder, officer, director or employee of a party, any of its affiliates, or of any of its competitors);

    d.  Court reporters and stenographers for hearings or depositions;

    e.  Clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the parties or counsel;

    f.  Any other person to whom the parties agree in writing.

  (3)  Before filing or seeking to introduce into evidence any paper containing confidential information as designated by the Debtors, a party shall first identify such confidential information to the Debtors' counsel in sufficient time to allow Debtor's counsel to determine the propriety of disclosure.

  (4)  If the Debtors' counsel does not consent to public filing or disclosure in open court of the confidential information, then the party shall file any paper containing confidential information under seal or shall submit such confidential information to the Court for *in camera* review.

  (5)  Any party receiving confidential information may seek relief from the requirements of this Order by notifying Debtors' and requesting a discovery conference with the Court.

(6) If a document is inadvertently disclosed that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing, including an identification of the information at issue, and request that the item or items of information be returned, and no party or person shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within five (5) calendar days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such item or items of information in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

(7) Unless the parties agree in writing to the contrary, at the conclusion of these Chapter 11 cases, any originals or reproductions of any documents produced in connection with this Protective Order shall be returned to the producing party or destroyed. However, the attorneys, as defined in Paragraph 2(a) and (b) of this Order, for a party shall be entitled to retain for archival purposes, and on a confidential basis, one copy of all materials which contain or refer to confidential information. Insofar as the provisions of this Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of these chapter 11 proceedings except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

(8) This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

(9) This Order shall operate as a binding agreement between the Debtors and any party signing this Order in the absence of the Court's approval and signature. The parties agree to submit this Order for entry by the Court and to be bound by its terms while waiting its entry by the Court.

**IT IS SO ORDERED.**

Dated: New York, New York
`      ***July 27, 2009***


                                    ***s/ Robert E. Gerber***
                                    United States Bankruptcy Judge