CARSON FISCHER, P.L.C.
Counsel for Karmann U.S.A., Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Robert A. Weisberg (P26698)
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                      :
In re:                                                :     Chapter 11
                                                      :     Case No.: 09-50026 (REG)
MOTORS LIQUIDATION COMPANY, *et al.*,  :     (Jointly Administered)
                                                      :
            Debtors.                                :
------------------------------------------------------------x

## KARMANN U.S.A., INC.'S OBJECTION TO DEBTORS' FOURTH OMNIBUS MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS

**Karmann U.S.A., Inc.** ("**Karmann U.S.A.**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its objection to the *Debtors' Fourth Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Executory Contracts*.

### INTRODUCTION

1.  On June 1, 2009 (the "Petition Date"), General Motors Corporation ("GM") and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3.  On July 10, 2009, the Debtors filed *Debtors' Fourth Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Executory Contracts* (the "Rejection Motion").

4.  The Rejection Motion seeks to reject the contracts identified on Exhibit A to the Rejection Motion. Specifically, the Rejection Motion seeks to reject 8 contracts with Karmann U.S.A. (the "**Karmann Contracts**"). See attached **Exhibit A**.

5.  Each of the Karmann Contracts are identified as "Manufacturing Supply Contract for Pontiac Vehicles" and have a contract date of January 1, 2009. Id. No other information regarding the Karmann Contracts has been provided.

6.  Prior to filing the Rejection Motion, Karmann received notices from the Debtors stating the Debtors' intent to assume and assign certain executory contracts with Karmann U.S.A.

7.  On June 9, 2009, Karmann U.S.A.'s parent entity, Wilhelm Karmann GmbH, received the *Debtors' Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto*[1] (the "**Karmann Assignment Notice**"), which stated the Debtors' intention to assume and assign Debtors' agreements with Karmann U.S.A. The Karmann Assignment Notice contained instructions for accessing information from a contract website (the "**Contract Website**") containing the contracts to be assumed and assigned as well as the proposed cure amount.

8.    Following receipt of the Karmann Assignment Notice, Karmann U.S.A. accessed the Contract Website and reviewed the list of contracts to be assumed. As of the date of the Karmann Assignment Notice, the list of contracts to be assumed, included purchase orders for tooling (the "**Tooling POs**"), production parts (the "**Production POs**") and service parts (the "**Service POs**"). The proposed cure amount was $0.00. (the "**Proposed Cure Amount**").

9.    Although the various purchase orders were listed on the Contract Website separately, the Production POs and the Service POs, as further described herein, were one contract. Although the Karmann Assignment Notice had not been properly served on Karmann U.S.A., Karmann U.S.A. did not oppose the assumption of such contracts and did not object to the Karmann Assignment Notice.

10.   Subsequent to receiving the Karmann Assignment Notice, Karmann U.S.A. received a second notice from the Debtors stating the Debtors intent to assume and assign **additional** executory contracts with Karmann U.S.A. (the "**Second Karmann Assignment Notice**").

11.   Unlike the Karmann Assignment Notice, the Second Karmann Assignment Notice was sent to Karmann U.S.A. and not to its parent entity Wilhelm Karmann GmbH. The Second Karmann Assignment Notice was dated June 15, 2009, however, Karmann U.S.A. did not receive the Second Assignment Notice until sometime after June 22, 2009.

12.   Following receipt of the Second Karmann Assignment Notice, Karmann U.S.A. accessed the Contract Website and reviewed the revised list of contracts to be

3

assumed and assigned. The revised list of contracts to be assumed included the Tooling POs and Service POs but no longer included the Production POs. Additionally, the Proposed Cure Amount was changed from $0.00 to $12,127.42 in favor of the Debtors.

13. On July 1, 2009, Karmann U.S.A. filed an objection to the Second Karmann Assignment Notice asserting that if the Debtors intend to assume the Service POs, the Debtors must also assume the Production POs [Docket No. 2903].

## OBJECTION

14. Karmann U.S.A. objects to the proposed rejection of the Karmann Contracts because Karmann U.S.A. is not aware of what contracts the Debtors are seeking to reject, and, to the extent that the Debtors are seeking to reject the Production POs, Debtors may not simultaneously seek to assume the Service POs because they are part of the same integrated contract.

15. Based on the description of the Karmann Contracts contained in the Rejection Motion, Karmann U.S.A. is uncertain as to what contracts the Debtors are seeking to reject. Therefore, Karmann U.S.A. requests that the Debtors more accurately identify the contracts sought to be rejected so that Karmann U.S.A. can review same and determine if any other objections need to be filed.

16. Prior to the Petition Date, Karmann U.S.A. supplied the Debtors with production component parts pursuant to the Production POs, and in connection therewith, Karmann U.S.A. was obligated to supply Debtors with service parts pursuant to the Service POs. The agreement to supply service parts was integral to the

4

supply of production component parts and both the providing of production component parts and service parts were components of a single contract.

17. To the extent that the Debtors seek to reject the Production POs, the Debtors may not seek to assume the Service POs because the Service POs and Production POs are part of the same integrated contract. Where several contracts are part of an integrated whole, they must be assumed or rejected together. *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D. N.Y. 1999).

18. Accordingly, to the extent that the Debtors seek to reject the Production POs, they must reject the entire contract and thus must also reject the Service POs.

19. Karmann U.S.A. reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Karmann Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Karmann U.S.A. requests that the Court deny the Debtors' Rejection Motion with respect to the Karmann Contracts and grant Karmann U.S.A. such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Karmann U.S.A., Inc.*

By: /s/ Patrick J. Kukla
  Robert A. Weisberg (P26698)
  Patrick J. Kukla (P60465)
  4111 Andover Road, West-2nd Flr.
  Bloomfield Hills, MI 48302
  Tele: (248) 644-4840

Dated: July 27, 2009

# EXHIBIT A

| | Counter-Party/Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 1 | COMCAST CORP. | Comcast Corp. Attn: Steve Burke 1500 Market Street Philadelphia, PA 19102 | Promotional Agreement | 1/1/2008 |
| 2 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc. Attn: Mark Denny, V.P. of U.S. Operations 2800 Center Point Parkway Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 06/10/2002 |
| 3 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc. Attn: Mark Denny, V.P. of U.S. Operations 2800 Center Point Parkway Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 4 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc. Attn: Mark Denny, V.P. of U.S. Operations 2800 Center Point Parkway Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 5 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc. Attn: Mark Denny, V.P. of U.S. Operations 2800 Center Point Parkway Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 02/14/2008 |
| 6 | EDSCHA NORTH AMERICA INC. | EDSCHA North America, Inc. Attn: Mark Denny, V.P. of U.S. Operations 2800 Center Point Parkway Pontiac, MI 483141 | Manufacturing Supply Contract for Chevrolet Vehicles | 03/18/2008 |
| 7 | ELECTRONIC DATA SYSTEMS CORPORATION | Electronic Data Systems Corporation Attn: Chief Executive Officer Mail Stop: H2-7V-40 5400 Legacy Drive Plano, TX 75024  Electronic Data Systems Corporation Attn: General Counsel Mail Stop: H3-3P-05 5400 Legacy Drive Plano, TX 75024 | Separation Agreement | 6/7/1996 |

| | Counter Party/Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 8 | KNOWLEDGE LEARNING CORPORATION | Knowledge Learning Corporation<br>650 NE Holladay, Suite 1400<br>Portland, OR 97232 | Child Care Services Agreement | 10/16/00 |
| 9 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn: Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn: General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Asset Purchase Agreement (MABU) | 3/31/1994 |
| 10 | ITT AUTOMOTIVE ELECTRICAL SYSTEMS, INC. | ITT Automotive Electrical Systems, Inc.<br>c/o ITT Corporation<br>Attn: Secretary<br>1330 Avenue of the Americas<br>New York, NY 10019-5490<br><br>ITT Automotive Electrical Systems, Inc.<br>Attn: General Counsel<br>3000 University Drive<br>Auburn Hills, MI 48321-7016 | Stock Purchase Agreement (ITT) | 3/31/1994 |
| 11 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 12 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 13 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |

| | Counter-Party/Parties | Contact/Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 14 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 15 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 16 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 17 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 18 | KARMANN MANUFACTURING LLC | Karmann Manufacturing LLC<br>Attn: Jerry Anway, V.P. of Sales & Strategic Sourcing<br>14967 Pilot Drive<br>Plymouth, MI 48170 | Manufacturing Supply Contract for Pontiac Vehicles | 01/31/2009 |
| 19 | PLAY BY PLAY SPORTS, LLC D/B/A NOTRE DAME SPORTS PROPERTIES | Play by Play Sports, LLC (D/B/A Notre Dame Sports Properties)<br>Attn: Scott Correira<br>113 Joyce Center<br>Notre Dame, IN 46556 | Promotional Agreement | 10/15/2005 |