Hearing: August 3, 2009 at 9:45 a.m.<br>Objections Due: July 28, 2009 at 4:00 p.m.

BOARDMAN, SUHR, CURRY & FIELD, LLP
1 S. Pinckney St., 4th Floor
P. O. Box 927
Madison, WI 53701-0927
Telephone: (608) 283-1759
Facsimile: (608) 283-1709
Gary L. Antoniewicz (pro hac vice motion pending)
Attorneys for Quinlan's Equipment, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

In re
General Motors Corp., *et al.*,
Debtors.

Chapter 11
Case No. 09-50026 (REG)
(Jointly Administered)

-------------------------------------------------------- x

**AFFIDAVIT OF JOHN J. QUINLAN IN SUPPORT OF OBJECTIONS OF QUINLAN'S EQUIPMENT, INC. TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 365 AUTHORIZING (A) THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH CERTAIN DOMESTIC DEALERS AND (B) GRANTING CERTAIN RELATED RELIEF**

STATE OF WISCONSIN    )
                      ) ss.
LANGLADE COUNTY       )

NOW COMES John J. Quinlan and being first duly sworn, on oath states as follows:

1.  I am an adult resident of the State of Wisconsin, Langlade County, and am the principal shareholder and president of Quinlan's Equipment, Inc. located at 1030 S. Superior Street, Antigo, WI 54409.

2. Quinlan's Equipment, Inc. ("Quinlan's") is a Wisconsin corporation duly registered and in good standing with the State of Wisconsin. Quinlan's is a privately held family corporation.

3. Quinlan's has held a Dealer Sales and Service Agreement ("Dealer Agreement") with General Motors Corporation ("GM") for the sales and service of GMC brand vehicles for over 35 years and has continuously honored its Dealer Agreement with GM for that period of time. Quinlan's current Dealer Agreement expires in October 2010, but my understanding is that Wisconsin law prohibits the nonrenewal of my Dealer Agreement to the extent Quinlan's is in compliance with its terms and requirements.

4. Quinlan's has historically been a profitable dealership and has continued to be profitable including 2007, 2008 and 2009 while GM was losing national market share. Quinlan's is the only GMC dealership in Langlade County, Wisconsin and GMC has maintained a constant market share in the county. Langlade County presently has no dealerships selling non-domestic brand vehicles and the primary competition consists of Ford and Chrysler vehicles. The next closest GMC dealer is located in Marathon County, Wisconsin where both domestic and non-domestic vehicle manufacturers are represented.

5. Pursuant to its Dealer Agreement with GM, Quinlan's has continuously invested in the advertising and promotion of GMC vehicles including newspapers and other local media, dealership signage and identification, participation in community events, all at Quinlan's expense.

6. Pursuant to its Dealer Agreement with GM, Quinlan's has invested over $280,000 in tools and equipment for servicing of GMC vehicles together with numerous leasehold improvements to meet GM's facility requirements.

7.  Pursuant to its Dealer Agreement with GM, Quinlan's has continuously maintained inventories of vehicles, parts and accessories purchased from GM and fully paid for by Quinlan's. At the present time, Quinlan's has approximately $40,000 in parts purchased from GM under its Dealer Agreement even though GM no longer permits Quinlan's to sell GMC vehicles or provide warranty service.

8.  Pursuant to its Dealer Agreement with GM, Quinlan's has made long term real estate commitments at a cost of approximately $90,000 per year which costs will continue to be incurred for a substantial period of time even if Quinlan's is no longer a GMC dealer.

9.  All of the costs necessary for the operations of Quinlan's as a GMC dealer have been paid by Quinlan's without assistance from GM. Quinlan's has paid GM for all inventory and has paid GM for advertising materials and its business support system. Quinlan's pays GM for all GM supported training programs and materials. Any costs incurred by GM incidental to maintaining Quinlan's as a GMC dealer are minimal as compared to Quinlan's purchases from GM.

10. On or about June 1, 2009, Quinlan's received a proposed "Wind-Down Agreement" from GM requiring that Quinlan's execute and return the agreement to GM by no later than June 12, 2009. Quinlan's was informed by representatives of GM that the terms of such agreement were non-negotiable and could not be changed in any respect.

11. Under the terms of the Wind-Down Agreement, Quinlan's could continue to operate as a GMC dealer for a period of time, but no later than October 10, 2010; upon signing the agreement, Quinlan's could no longer purchase any new vehicles to sell

3

through its dealership; Quinlan's would have no rights to have signage, special tools, or parts or other inventory repurchased by GM; Quinlan's would waive current and future rights under Wisconsin franchise law; and GM would pay Quinlan's $31,760 with full payment not being made until after final termination.

12.    As the result of termination of its GMC dealership, Quinlan's will incur tax liabilities well in excess of the proposed GM payment with respect to LIFO inventory accruals, and Quinlan's would receive nothing with respect to its substantial investments.

13.    Quinlan's opted to not execute the Wind-Down Agreement because the agreement provided nothing for its substantial investment, in my opinion the agreement was unconscionable in its waivers of present and future dealer protections, and in my opinion, harms the public and GM's customers.

14.    Quinlan's is a financially strong and profitable dealership, has consistently abided by GM's requirements under the Dealer Agreement and has obtained sales for and profited GM in its local area.

Dated this 28 day of July, 2009.

_____
John J. Quinlan

Subscribed and sworn to before me
this 28 day of July, 2009.

_____
Notary Public, State of Wisconsin
My Commission: Oct. 9, 2011

F:\DOCS\wd\32913\2\A0875576.DOC

4