**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                   :

In re:                                   :        Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,  :        Case No. 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*     :
                                                   :        Jointly Administered
                                Debtors.  :
                                                   :
---------------------------------------------------------x

## SUPPLEMENTAL STIPULATION AND ORDER
## RESOLVING OBJECTION TO SALE MOTION

        This Supplemental Stipulation and Order Resolving Objection to Sale Motion (the "**Supplemental Stipulation**") is entered into by and among (a) Motors Liquidation Company f/k/a General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), (b) General Motors Company, the purchaser of certain of the Debtors' assets ("**GM**"), (c) General Electric Capital Corporation (for purposes hereof General Electric Capital Corporation together with any trust with respect to which General Electric Capital Corporation has a beneficial interest and any affiliate of General Electric Capital Corporation, which leases any personal property to the Debtors, shall be collectively referred to herein as, "**GECC**"), and (d) Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as indenture trustee under the Leveraged Leases (as defined below) (the "**Indenture Trustee**" and, collectively with the Debtors, GM and GECC, the "**Parties**").

## RECITALS

        WHEREAS, on December 18, 2001, the Parties entered into that certain leveraged leasing transaction (the underlying operative documents relating to such

leveraged leasing transaction, including certain indentures and leases, are collectively referred to herein as comprising the "**Leveraged Leases**"), pursuant to which the rights of GECC and the Indenture Trustee under such Leveraged Leases were specified and enumerated; and

WHEREAS, on June 1, 2009, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "**Bankruptcy Code**"); and

WHEREAS, on July 2, 2009, the Court entered that certain Stipulation and Order Resolving Objection to Sale Motion (Docket No. 2947) (the "**July 2nd Stipulation**") by and between the Debtors and GECC; and

WHEREAS, the Indenture Trustee was not a party to the July 2nd Stipulation.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth in this Stipulation, it is agreed between the Parties as follows:

## AGREEMENT

1. Nothing in the July 2nd Stipulation shall be construed to modify, alter, impair, or amend the rights of GECC relative to the Indenture Trustee under the Leveraged Leases or otherwise arising under applicable law.

2. Nothing in the July 2nd Stipulation shall be construed to modify, alter, impair, or amend the rights of the Indenture Trustee relative to GECC under the Leveraged Leases or otherwise arising under applicable law.

3. In the event of any inconsistencies between the July 2nd Stipulation and the Leveraged Leases with respect to (i) the rights of the Indenture Trustee relative to GECC

under the Leveraged Leases or otherwise arising under applicable law, or (ii) the rights of GECC relative to the Indenture Trustee under the Leveraged Leases or otherwise arising under applicable law, the terms of the Leveraged Leases shall govern and control. For the avoidance of doubt, notwithstanding anything in the July 2nd Stipulation or this Supplemental Stipulation to the contrary, any payments made on the Leveraged Leases under the July 2nd Stipulation shall be made to the Indenture Trustee in accordance with the terms of the Leveraged Leases.

4. Nothing in the July 2nd Stipulation modifies, alters, impairs, or amends any of the rights of the Indenture Trustee relative to the Debtors arising under the Leveraged Leases or otherwise under applicable law.

5. Nothing in the July 2nd Stipulation shall be construed as a waiver of the Indenture Trustee's right to receive due and proper notice of any motion to assume, assume and assign, or reject any of the Leveraged Leases as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Bankruptcy Rules for the Southern District of New York.

6. Nothing in the July 2nd Stipulation or this Supplemental Stipulation shall be construed as a waiver of any of the Indenture Trustee's rights under the Leveraged Leases or otherwise under applicable law including, but not limited to, the Indenture Trustee's right to object to the assumption, assumption and assignment, rejection, or recharacterization of the Leveraged Leases, its right to move to compel the assumption or rejection of the Leveraged Leases, and its right to demand adequate protection.

7. Subject to paragraph 9 below, nothing in the July 2nd Stipulation or this Supplemental Stipulation shall be construed as a waiver or modification of any of the

3

Debtor's or GM's, as applicable, rights under the Leveraged Leases or otherwise under applicable law *vis-a-vis* the Indenture Trustee, including, but not limited to, the Debtors' or GM's rights in respect of any objections to the assumption, assumption and assignment, rejection, or recharacterization of the Leveraged Leases, any actions to compel the assumption or rejection of the Leveraged Leases, or any requests for adequate protection.

8. Subject to paragraph 9 below, nothing in this Stipulation shall affect any rights or remedies of Debtors or GM arising under or as a result of any orders entered in Debtors' bankruptcy proceeding.

9. The Indenture Trustee shall not be entitled to any benefits or rights arising under or as a result of the July 2nd Stipulation (including against GM to the extent GM agrees to be bound thereby) unless and until the Indenture Trustee agrees in writing to be bound by all terms and conditions of the July 2nd Stipulation as if references to GECC are deemed to be references to both GECC and the Indenture Trustee, *mutatis mutandis*.

10. All Parties submit to the jurisdiction of the Court to determine any disputes arising under this Supplemental Stipulation.

## ORDER APPROVING SUPPLEMENTAL STIPULATION

Based on the foregoing stipulation of the parties, the Court finding that good cause exists to approve the Supplemental Stipulation as an order of the Court, that adequate notice of the Supplemental Stipulation has been provided, and that no further notice is required,

IT IS HEREBY ORDERED that the foregoing stipulation is incorporated by reference and made a part of this Order.

4

IT IS FURTHER ORDERED that this Court will retain jurisdiction to adjudicate any disputes arising in connection with this Order.

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

Dated: July 29, 2009
New York, NY

**STIPULATED AND AGREED**:

Dated: July 17, 2009

MOTORS LIQUIDATION COMPANY ((f/k/a General Motors Corporation), as Debtors and Debtors in Possession

  /s/ Ted Stengel, EVP
Ted Stengel, EVP
Motors Liquidation Company Legal Staff


GENERAL MOTORS COMPANY (f/k/a Vehicle Acquisitions Holdings LLC), the purchaser of certain of the Debtors' assets ("**GM**")

  /s/ Lawrence S. Buonomo
Lawrence S. Buonomo
General Motors Legal Staff


LATHAM & WATKINS LLP, Attorneys for General Electric Capital Corporation and its affiliates

  /s/ Zachary A. Judd
Douglas Bacon
Zachary A. Judd
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767


MILBANK, TWEED, HADLEY & McCLOY LLP, Attorneys for Wells Fargo Bank Northwest, National Association, as Indenture Trustee

  /s/ Tyson M. Lomazow
Matthew S. Barr
Tyson M. Lomazow
Samuel Khalil
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219