UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING
### AND APPROVING SETTLEMENT AGREEMENTS WITH CERTAIN UNIONS

Upon the Motion, dated June 24, 2009 (the "**Motion**"),[1] of General Motors Corporation (now known as Motors Liquidation Company ("**MLC**")) and its affiliated debtors (collectively, the "**Debtors**"), pursuant to section 363(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing and approving four Settlement Agreements with certain Unions,[2] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and each of the Unions, as applicable, being the authorized representative, as defined in section 1114(c)(1) of the Bankruptcy Code, of those persons receiving retiree benefits, as defined in section 1114(a) of the Bankruptcy Code, pursuant to collectively bargained plans, programs, and/or agreements with MLC; and a hearing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Unions are (a) the International Association of Machinists and Aerospace Workers ("**IAMAW**"), (b) the International Brotherhood of Painters and Allied Trades of the United Sates and Canada, Sign & Display Union Local 591 ("**IBPA**"), (c) the Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045 ("**Locals 687 & 1045**"), and (d) the International Brotherhood of Electrical Workers ("**IBEW**").

having been held with respect to the Motion on July 2, 2009; and upon the record of such hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that each of the respective Unions is the authorized representative, within the meaning of section 1114(c) of the Bankruptcy Code, of those persons receiving retiree benefits, as defined in section 1114(a) of the Bankruptcy Code, pursuant to the collectively bargained plans, programs and/or agreements referred to in each of their respective Settlement Agreements and who are members of the "**Covered Group**" (as such term is defined in each of their respective Settlement Agreements); and it is further

ORDERED that the Settlement Agreements, the transactions contemplated thereby, and the terms and conditions thereof, are approved.  The Debtors, the Purchaser (as such term is defined in the MPA, as amended), and the Unions are authorized and directed to perform their obligations under, or in connection with, the Settlement Agreements and to comply with the terms of the Settlement Agreements; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code, MLC's assumption of each of the Claims Agreements is approved, and MLC, the Unions on behalf of themselves and as representatives of their respective Covered Groups, are authorized to perform their obligations under, or in connection with, the Claims Agreements and comply with the terms of the Claims Agreements; and it is further

ORDERED that effective as of the Closing (as such term is defined in the MPA,

as amended), pursuant to section 365 of the Bankruptcy Code the assumption by MLC and the assignment to Purchaser of the GM-IAMAW 2003 National Agreement, as modified as reflected on Exhibit A to the Newco-IAMAW Settlement Agreement (the "**IAMAW Settlement Agreement**") Regarding Retiree Health Care, Life Insurance & Modification & Assumption of CBA (the "**Amended IAMAW CBA**"), is authorized and approved and shall constitute a "Purchased Contract" under the Order, dated July 5, 2009, (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the "**Sale Order**"); and it is further

ORDERED that effective as of the Closing, pursuant to section 365 of the Bankruptcy Code, the assumption by MLC and the assignment to Purchaser of the GM-IBEW 2003 National Agreement, as modified as reflected on Exhibit A to the Newco-IBEW Settlement Agreement (the "**IBEW Settlement Agreement**") Regarding Retiree Health Care, Life Insurance & Modification & Assumption of CBA (the "**Amended IBEW CBA**"), is authorized and approved and shall constitute a "Purchased Contract" under the Sale Order; and it is further

ORDERED that assumption of the Amended IAMAW CBA and the Amended IBEW CBA shall not constitute assumption of MLC's pre-Closing liabilities under the GM-IAMAW National Agreement (as defined in the IAMAW Settlement Agreement) or the GM-IBEW National Agreement (as defined in the IBEW Settlement Agreement) or assumption of any collective bargaining agreements that are outside the scope of either the Amended IAMAW CBA or the Amended IBEW CBA, including, without limitation, any memorandums of understanding regarding the Delphi restructuring; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       July **29**, 2009

                                      *s/ Robert E. Gerber*
                                      UNITED STATES BANKRUPTCY JUDGE