Jeanine Buckley
175 West 90th Street #5C
New York, New York 10024
212 874 2605

June 29, 2009

United States Bankruptcy Court
Southern District of New York
One Bowling Green, New York, ny 10004

Re: Objection to G m Master Sale & Purchase Agree.
Case # 09-50026 (Chapter 11

Dear Mr. Vito Genna:

Enclosed is my objection
to the master sale & purchase agreement
with attached Exhibits. For your
information I was just notified by
mail of the hearing on 6/30/09 and have
not heard the material. I was informed that
it would arrive on 6/27/09 — So far it has not arrived.
Please accept my unedited and untyped material.
— Thank you — Jeanine Buckley

United States Bankruptcy Court

In re                              Chapter 11 Case No.
                                   09-50026 (REG)
General Motors Corp., et al.,

                 Debtors

Notice & Objection to Sale
Hearing to sell all of Debtors
Assets Pursuant to Master
Sale and Purchase Agreement
with Vehicle Acquisition Holdings LLC,
A US Treasury-Sponsored purchaser

        Please take notice that, I
Jeanine (Erma) Buckley disagree
with the sale and disolve of GM
Corporation to the Fedral Gouerment
as a purchaser with public funds
without consideration of the debt
owed by GM to a Consumer who
for the past 13 years has suffered
and been punnished by GM
actions, Violations, interference with due
Process of the Law by way of their

Treatment of the public and innocent consumers such as my self who were unable to find legal help (with Gm tactics of fear to anyone that attempt to stand up against their corporation when the product is faulty) when the product did not perform as per warrantee by their own liability purchase agreement.

I, Jeanine Buckley was in litigation for 13 years including the investigation, Accident and the thraumatic experience in court alone with the Abuse, and GM intimidation of anyone party such as dealerships, insurance company witness and the legal system such as the Courts. These are not my imagination but a true and personal experience, these are factual statements. Further information maybe substantiated if required. I would Ask the Bankrupt Judge to at least order

Gm to pay all of my expenses accumulated during the investigation and litigation from the terrible accident with my 1996 S-10 Blazer on August 20, 1996. The issue was steering and break problem. I was abused by the Judges on the case, such as the magistrate beginning in 1998 until the end of the case 12/10/08. The Trial judge became Gm attorney and prevented the law from taking its course on my behalf. I am still traumatize and fearful of any Gm vehicles. Just was not served in my experience of Gm products. The Courts were biased.

The statement made in this documents are not out of anger but disappointment and suffering for a vehicle purchased and under warranted when the breaks failed and my son + self was injured with no compensation replace mode of transportation given. Both my son and I have been permanent scared. I suffer everyday of my life.

In summary I'd ask the court to please take into consideration the long period of litigation and suffering I and my son endured during the period of 1996 - 2009. We deserved some form of compensation for the pain, suffering and humiliation endured simply because a Blazer was purchase to get him through college. I'm asking for at least compensation and psychotherapy / medical expenses paid.
See Exhibits attached

United States Bankruptcy Court
Southern District of New York
Gm case # 09-50026

Objection on behalf of Creditors

Exhibits Enclosed

1) Bill of Sales (Heafner Motor

2) Complaint

3) Photo of Wrecked Blazer

4) Recall Info NHTSA

5) copy of national Highway Traffic Safety
   Administrator report (pg. 46 & 89

6) New York Law as used by
   plaintiff to defend her claim
   due the fact Gm removed her assert

7) Appeals Summary order 2003

8) Appeal court decision 2008

United States Bankruptcy Court
Southern District of New York
                Gm   case # 09-50026

Objection   on behalf of Creditors

Exhibits Enclosed

1) Bill of Sales (Heofner Motor

2) Complaint

3) photo of Wrecked Blazer

4) Recall Info NHTSA

5) Copy of national Highway Traffic Safety
   Administrator report (pg. 46 g 89

6) New York Law as used by
   plaintiff to defend her claim
   due the fact Gm removed her expert

7) Appeals Summary order 2003

8) Appeal court decision 2008

CAR INVOICE
BILL OF SALE

(HM) MOTORS

HEAFNER MOTORS
"The Chief Wheel Dealer"
Highway 6 West · P.O. Box 629
BATESVILLE, MISSISSIPPI 38606
563-7631 · Memphis Line 525-1988

CHEVROLET
OLDSMOBILE

CHRYSLER
PLYMOUTH
DODGE
DODGE TRUCK

| | DATE | INVOICE NO. | STOCK NO. |
|---|---|---|---|
| | 01/03/96 | 24617 | 8411 |

VIN  1GMCS13W8T2169616

| NEW OR USED | NO. CYL. | NO. DRS. | COLOR |
|---|---|---|---|
| KEY NOS. | NEW | 6 | 4 | GREEN |
| | USED | RK4A | RK4A | |

| DESCRIPTION | SALESMAN NUMBER | SALE |
|---|---|---|
| NEW CAR SALES | | 22497.00 |
| NEW TRUCK SALES | | |
| USED TRUCK-RETAIL | | |
| USED TRUCK-WHOLESALE | | |
| USED PASS.-RETAIL | | |
| USED PASS.-WHOLESALE | | |
| NEW CAR INVENTORY | | |
| NEW TRUCK INVENTORY | | |
| OTHER/INCOME | | |
| SALES TAX | | 1948 |
| CREDIT LIFE A A.R.H | | 10.00 |
| CHRYSLER SERVICE CONTRACT | | |
| GMC PP | | |
| MIC MBD | | |
| FINANCING | | N/A |
| INSURANCE/COLLISION | | 1124.95 |
| | TOTAL CASH PRICE | 23631.95 |
| FINANCING | | 5973.95 |
| CASH ON DELIVERY | | N/A |
| DEPOSIT | | N/A |
| LIEN PAYOFF | | |
| USED CAR ALLOWANCE | | |
| | TOTAL TIME PRICE | 29605.90 |

THE UNDERSIGNED DEALER HAS THIS DAY SOLD UNDER CONDITIONAL SALES CONTRACT TO THE ABOVE NAMED PURCHASER, THE HEREINABOVE DESCRIBED MOTOR VEHICLE. WARRANTS AND COVENANTS THAT THE UNDERSIGNED DEALER IS THE LAWFUL OWNER THEREOF WITH A GOOD RIGHT TO SELL SAME; THAT THERE IS NO LIEN OR ENCUMBRANCE THEREON EXCEPT THIS CONDITIONAL SALES CONTRACT AND CHATTEL MORTGAGE, SIGNED BY ABOVE PURCHASER AND UNDERSIGNED WILL WARRANT AND DEFEND TITLE AGAINST ALL PERSONS EXCEPT ABOVE LIENHOLDERS.

LIEN HOLDER   GMAC
ADDRESS   P O BOX 12469
JACKSON MS 39236   AMOUNT

GROUP

DESCRIPTION

PRICE

TYPE LIEN

DATE OF LIEN

SWORN TO AND SUBSCRIBED AND ACKNOWLEDGED BEFORE ME THIS _____ DAY OF _____ 19 ____

NOTARY PUBLIC IN AND FOR COUNTY OF

STATE OF MISSISSIPPI

MY COMMISSION EXPIRES _____

NOTARY PUBLIC

NAME OF FINANCE COMPANY:

| | MONTHS | DOLLARS PER MONTH | TOTAL |
|---|---|---|---|
| | 60 | 493.7 | |
| BEG. 02/03/96 | | | 29605.90 |

Always Bring Your
Car Here For
Factory Authorized
Service

| | YEAR | MAKE | MODEL | VEHICLE IDENT. OR SERIAL NO. | BODY | COLOR |
|---|---|---|---|---|---|---|
| USED CAR TRADED | | | | | | |

CTM-131 CUST.   GPD-021918

"All expressed warranties, if any, by a manufacturer or supplier are theirs, not the dealers, unless otherwise provided in writing and furnished to the buyer by the dealer. Mississippi's implied warranty law may give the buyer additional rights."

DISCLAIMER OF WARRANTY

HEAFNER MOTORS, INC.

p3

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK
-----------------------------------------------------X

Erma Jeanine Buckley

Plaintiff,                              Index No. 984587

-against-

General Motors Corporation,                              **COMPLAINT**

Defendant
----------------------------------------------------------------------X

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Erma Jeanine Buckley, respectfully shows
and alleges as follows:

1. The plaintiff herein, Erma Jeanine Buckley, is a resident of the State of
New York. Ms. Buckley resides at 175 West 90th Street, Apartment 5-C, New
York, New York 10024.

2. The defendant herein, General Motors Corporation, has a principal
place of business at 767 5th Avenue, New York, New York 10019. Defendant is
engaged in the business of manufacturing automobiles.

3. Plaintiff Buckley desire to have General Motors Corporation held
responsible for a defective product designed and built by General Motors
Corporation known as a new 1996 Blazer purchased by Ms. Buckley.

4. On August 20, 1996, Plaintiff and son were travelling on route 81
South near Kingsport, Tennessee, when the brake system on the 1996 Blazer
gave way. The Blazer rolled over five (5) times, caught fire, causing injury to
plaintiff and son. Plaintiff spent four (4)days at the Bristol, Tennessee,

hospital center under medical care. The injuries sustained included but not limited to fractured tailboned, hands, legs, feet, arms, knees, head, face, as well as psychologically damages that can never be repaired. The financial burden has caused stress, mental anguish and duress brought on by the accident. The treatment received from defendant was less than professional. Defendant was insensitive, uncaring, unconcern and most of all obstructed progress on the claim by removing parts from the vehicle and denying parts exist. Parts that were alleged to have caused plaintiff concern disappeared from the vehicle upon defendant investigation. Defendant refuse to give access to experts working on plaintiff behalf an opportunity to examine parts defendant removed from the vehicle. Letters were sent asking for information on the location of the missing parts obtained by defendant for investigation and defendant responded by silence. After months of phoning, written correspondence and persistence defendant finally responded by informing plaintiff that the only way plaintiff could receive information from defendant was through an injunction from the courts (a.k.a court order)

    5.  On January 28, 1998 plaintiff spoke with ESIS, defendant Insurance Company and was told that ESIS had closed the file on plaintiff concern. ESIS were a third party and could not assist plaintiff with further information as to the records obtained from the investigation. Plaintiff concluded that the only solution to the dilemma was through the court system.

    6.  Defendant failed to corporate by with holding evidence, removing parts from the vehicle that had a claim in progress and refusing access to parts on the

vehicle plaintiff experts required in order to conclude their investigation.

7. By reason of the facts and circumstances stated above, defendant has denied access to plaintiff of information crucial to allegation that the vehicle caused plaintiff concern by defective brakes.

8. By reason of the facts and circumstances stated above, plaintiff has been damaged by defendant in the sum of $10,000,000.

WHEREFORE, plaintiff demands judgment against defendant in the sum of $10,000,000, plus interest from August 20, 1996, costs and disbursements, together with any other relief the courts finds to be just and proper.

Dated: May 11, 1998

Erma Jeanine Buckley
Plaintiff
175 West 90th Street, Apartment 5-C
New York, New York 10024
212/595-9380

Instructions: Fill i the name 120f the box bel the index number
and the date the index number was purchased. Complete all blanks
in accordance with the directions set forth in bold print.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X

*Erma Jeanine Buckley,*
[YOUR NAME(S)]

             Plaintiff(s),

   - against -

*General Motors Corporation*
[NAME OF PERSON(S) SUED]

            Defendant(s).
------------------------------------------X

Index No. *98401587*
Date the Index Number was
Purchased: _____

SUMMONS

To the Person(s) Named as Defendant(s) Above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer
the complaint of the plaintiff(s) herein and to serve a copy of
your answer on the plaintiff(s) at the address indicated below
within 20 days after the service of this Summons (not counting the
day of service itself), or within 30 days after service is complete
if the Summons is not delivered personally to you within the State
of New York.
    YOU ARE HEREBY NOTIFIED THAT should you fail to answer,
a judgment will be entered against you by default for the relief
demanded in the complaint.

Dated: *May 11* , 199 *8*
[DATE OF SUMMONS]

*Erma Jeanine Buckley*
[YOUR NAME(S)]
*175 W 90th St #5-C*
*New York, New York 10024*
[YOUR ADDRESS(ES) and
PHONE NUMBER(S)]

Defendant(s) Address: *767 5th Avenue, New York, NY 10019*
[ADDRESS(ES) OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) New York County as the place of
trial. The basis of this designation is [CHECK ONE]:
___ Plaintiff(s) Residence in New York County
___ Defendant(s) Residence in New York County
___ Other -- Describe: _____

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

SUMMONS









# The Investigators take a look at allegations that a certain brand of anti-lock brakes installed on millions of General Motors vehicles may be defective.

Most Suburbans, Jimmys, Blazers, and S-10 pickups, made in the early 1990s use the Kelsey Hayes ABS. Seven separate class action lawsuits against GM and Kelsey Hayes have recently been consolidated into one national case. The lawsuit asks for a recall of the Kelsey Hayes RWAL (2-wheel anti-lock braking system) and some 4WAL systems. Even though a judge "sealed" the case because GM successfully argued that items inside the court documents are "trade secrets," The Investigators discovered the suit alleges:

- GM used an ABS system that was dangerous and defective.
- RWAL Extends the stopping distances of many vehicles.
- GM and Kelsey Hayes conspired to keep those facts from the public.
- GM is not living up to it's express and written warranties

The National Highway Traffic Safety Administration (NHTSA) is also investigating allegations of "poor brake performance" involving this system.

The federal government has received more than 7,000 complaints on the Kelsey Hayes system, including reports of 1,600 accidents and more than 500 injuries. An engineering study by NHTSA continues.

According to the court records, here is a partial list of GM vehicles that contain Kelsey Hayes ABS: *

| | |
|---|---|
| Chevy S-10 and GM S-15 Sonoma pick-ups | 1991-1996 |
| Chevy Blazer and GMC Jimmy | 1991-1996 |
| Oldsmobile Bravada | 1990-1995 |
| Chevrolet Suburban and GMC Suburban | 1992-1995 |
| Chevy Astro and GMC Safari vans | 1990-1995 |
| Chevrolet Van; Sport Van; GMC Vandura; GMC Rally Vandura and Rally Van | 1993-1995 |
| *THIS MAY NOT BE A COMPLETE OR FINAL LIST OF VEHICLES | |

THIS IS THE NHTSA LISTING OF VEHICLE/EQUIPMENT PROBLEMS REPORTED BY CONSUMERS. THE SUMMARIES ARE EXTRACTED FROM STATEMENTS MADE BY CONSUMERS IN LETTERS AND/OR VEHICLE OWNER QUESTIONNAIRES WHICH WERE FORWARDED TO THE AGENCY. THE STATEMENTS ALLEGE PROBLEMS HAVE NOT BEEN VERIFIED BY THE AGENCY.

NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION
OFFICE OF DEFECTS INVESTIGATION
OWNER REPORTS

Page 46 of 89

31-MAR-99

| ODINO | Make | Model | Yr/No/Sz | Consumer Last Name | City | St | Zipcode | Complaint Date | Incident Date | Inci | Inju | Death | Mil | Fir | Type | St | Complaint ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 819191 | CHEVROLET TRUCK | BLAZER | 1996 | Confidential | | | | 18-NOV-97 | 27-SEP-97 | | | | 21000 | N | EVOQ | Y | 411936 |

VIN 1GNDT13W2T2247907
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: WHEN DRIVING AT APPROXIMATELY VARIOUS SPEEDS ABS BRAKES WILL ENGAGE. WHEN GOING OVER A SMALL BUMPS EFFECTS ABILITY TO STOP, ABOUT 2 CARS BEFORE COMING TO COMPLETE STOP. WHILE DRIVING OVER A BUMP, BRAKES FAILED, VEHICLE LOST CONTROL, RESULTING IN A CRASH. DEALER SAYS VEHICLE MEETS ALL THE PRESCRIBED STANDARDS. *AK
Cause Fault DESIGN
Result Fault INOPERATIVE

| 819221 | CHEVROLET TRUCK BLAZER | | 1996 | Confidential | | | | 18-NOV-97 | | | | | | N | EVOQ | Y | 411978 |

VIN 1GNCF13R4T2129369
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: ABS BRAKES; WHEN APPLYING THE BRAKES IN A PANIC STOP, THE PEDAL GOES TO THE FLOOR AND THE BRAKES FAIL TO STOP THE VEHICLE. *AK
Cause Fault INOPERATIVE
Result Fault LOSS OF CONTROL, POOR DIRECTION

| 819319 | CHEVROLET TRUCK BLAZER | | 1996 | Confidential | | | | 20-NOV-97 | | | | | 20 | N | EVOQ | Y | 412093 |

VIN 1GNDT13W7T2257185
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: ABS BRAKE PEDAL GOES TO FLOOR WHEN BRAKES WERE APPLIED WHICH RESULTED IN AN ACCIDENT. OWNER NOTES VEHICLE HAS AN EXTENDED STOPPING DISTANCE. CAUSE UNKNOWN. *AK
Cause Fault FADES
Result Fault LOSS OF CONTROL, POOR DIRECTION

| 819458 | CHEVROLET TRUCK BLAZER | | 1996 | Confidential | | | | 25-NOV-97 | 30-OCT-97 | 0 | | 0 | 25000 | N | EVOQ | Y | 412251 |

VIN 1GNCS13W5T2153776
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: WHENEVER THE ABS BRAKES ARE APPLIED, THE VEHICLE WOULD NOT STOP. THE GAS PEDAL GOES TO THE FLOOR. VEHICLE STOPS FURTHER THAN USUAL. TOOK TO DEALER & COULD NOT FIND ANYTHING WRONG. *AK
Cause Fault INOPERATIVE
Result Fault FADES

| 819601 | CHEVROLET TRUCK BLAZER | | 1996 | Confidential | | | | 26-NOV-97 | 25-NOV-97 | | | | 15 | N | EVOQ | Y | 412311 |

VIN 1GNDT13W4T2187449
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: WHEN THE BRAKES ARE APPLIED, THE PEDAL GOES TO THE FLOOR, RESULTING IN EXTENDED STOPPING DISTANCES. THE BRAKE PADS HAS BEEN REPLACED ON THE VEHICLE. THE DEALER HAS BEEN NOTIFIED. *AK
Cause Fault INOPERATIVE
Result Fault FADES

| 520987 | CHEVROLET TRUCK BLAZER | | 1996 | Confidential | | | | 03-OCT-97 | 01-FEB-97 | 0 | | 0 | 0 | N | LETTER | | 413643 |

VIN 1GNDT13X4T2187449
Component Name BRAKES:HYDRAULIC:ANTI-SKID SYSTEM
Description: ANTILOCK BRAKE FAILURE.
Cause Fault ERRATIC OPERATION, POOR PERFORMA
Result Fault INOPERATIVE

defendant's product in a reasonably foreseeable manner is

sufficient to survive summary judgment.  As this Court reads the

relevant New York law, a plaintiff need not specify a particular

defect.

New York law unequivocally states that a plaintiff need not

present proof of a specific defect in order to prove causation.

> [P]laintiff is not required to prove the
> specific defect, especially where the product
> is complicated in nature.  Proof of necessary
> facts may be circumstantial.  Though the
> happening of the accident is not proof of a
> defective condition, a defect may be inferred
> from proof that the product did not perform
> as intended by the manufacturer.

Jarvis, 283 F.3d at 44 (quoting Codling v. Paglia, 32 N.Y.2d 330,

337 (1973)); see also Halloran v. Virginia Chemicals, Inc., 41

N.Y.2d 386, 388 (1977) ("[i]n a products liability case it is now

established that, if plaintiff has proven that the product has

not performed as intended and excluded all causes of the accident

not attributable to defendant, the fact finder may, even if the

particular defect has not been proven, infer that the accident

could only have occurred due to some defect in the product or its

packaging").  One Appellate Division case, Hunter v. Ford Motor

Co., 37 A.D.2d 335 (3d Dep't 1971), takes the next step and

concludes that a plaintiff need not "name" — i.e. specify — a

particular defect in order to state a prima facie case.

In Hunter, the court refused to set aside a verdict

favorable to plaintiff where a plaintiff's expert was unable to

1  UNITED STATES COURT OF APPEALS
2  FOR THE SECOND CIRCUIT

3  **SUMMARY ORDER**

4  THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER
5  AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER
6  COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER
7  COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN
8  ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

9       At a stated term of the United States Court of Appeals for the
10  Second Circuit, held at the United States Courthouse, Foley Square,
11  in the City of New York, on the   6th        day of January        ,
12  two thousand and two.

13  PRESENT:

14       HON. THOMAS J. MESKILL,
15       HON. ROBERT D. SACK,
16       HON. ROBERT A. KATZMANN,

17            Circuit Judges.

18  -------------------------------------------------

19  ERMA JEANINE BUCKLEY,

20            Plaintiff-Appellant,

21       - v. -                                   No. 02-7095

22  GENERAL MOTORS CORPORATION,

23            Defendant-Appellee.

24  -------------------------------------------------

25  Appearing for Appellant:      ERMA JEANINE BUCKLEY, pro se, New
26                                York, NY.

27  Appearing for Appellee:       THOMAS M. KELLY, Tansey, Fanning,
28                                Haggerty, Kelly, Convery & Tracy,
29                                Woodbridge, NJ.

30       Appeal from the United States District Court for the
31  Southern District of New York (Barbara S. Jones, Judge).

1         UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
2  DECREED that the judgment of the district court be, and it hereby
3  is, AFFIRMED in part, and VACATED and REMANDED in part.

4        Plaintiff-appellant Erma Buckley, _pro se_ and proceeding _in_
5  _forma pauperis_, filed a products liability and personal injury
6  action in New York state court alleging that a defect in the left
7  rear axle of her car caused her 1996 Chevrolet Blazer to leave
8  the road and roll over. General Motors Corporation ("GM") removed
9  the case to federal court on the ground of diversity
10  jurisdiction.

11        During discovery, GM moved _in limine_ to exclude Buckley's
12  expert, mechanic J.R. Hulse, arguing that his testimony would not
13  meet the standard for expert testimony required under _Daubert v._
14  _Merrell Pharm._, 509 U.S. 579 (1993). At a hearing held on that
15  motion, the district court, concluding that Hulse's testimony
16  lacked a sufficiently reliable foundation, excluded the testimony
17  and _sua sponte_ granted summary judgment for GM explaining that
18  "there is no expert testimony that supports causation." _Buckley_
19  _v. General Motors Corp._, 98 Civ. 4366, slip op. at *1 (S.D.N.Y.
20  Nov. 15, 2001).

21        Before summary judgment may be entered against a party who
22  is proceeding _pro se_, the litigant is entitled to specific notice
23  of the consequences of failing to respond to a summary judgment
motion and an explanation of what documents must be filed in
order to oppose the motion. _Vital v. Interfaith Med. Ctr._, 168
26  F.3d 615, 620-21 (2d Cir. 1999). Failure to provide a _pro se_
27  litigant with adequate notice before the entry of summary
28  judgment against her will be grounds for reversal. _Sawyer v. Am._
29  _Fed'n of Gov't Employees_, 180 F.3d 31, 34-35 (2d Cir. 1999)
30  (collecting cases).

31        There is no indication on the record before us that Buckley
32  received the notice to which she was entitled. Buckley's
33  statements, both here and in the district court, indicate that
34  she understood neither the nature and consequences of summary
35  judgment, nor that she was entitled to oppose the entry of
36  summary judgment against her. At oral argument, counsel for GM
37  represented to this Court that Buckley had indeed been apprised
38  of her rights regarding summary judgment. Counsel agreed to
39  produce transcripts of a colloquy, not previously included in the
10  records of this case, at which Buckley was allegedly given such
11  notice. Counsel has produced a transcript, but there is no
12  record of Buckley receiving notice of her rights regarding
13  summary judgment. In light of GM's failure to produce any
4  evidence that Buckley received the notice to which she was

2

1   entitled, and without any other indication that Buckley was
2   adequately informed of her right to oppose summary judgment, we
3   are constrained to vacate the district court's entry of summary
4   judgment and to remand the case in order that Buckley may be
5   afforded the opportunity to oppose summary judgment. <u>Vital</u>, 168
6   F.3d at 620-21.

7        While we make no comment as to whether Buckley will
8   ultimately be able to allege facts sufficient to defeat summary
9   judgment, we note our doubt that Buckley's lack of expert
10  testimony in support of her theory of causation is sufficient to
11  justify the grant of summary judgment to appellee.  It would
12  appear that New York law does not require expert witnesses to
13  prove causation in a products liability action, but permits
14  proximate causation to be established solely on the basis of the
15  jury's "consideration of the characteristics of the [product] and
16  plaintiff's description of how the accident happened." <u>Voss v.</u>
17  <u>Black & Decker Mfg. Co.</u>, 59 N.Y.2d 102, 110, 450 N.E.2d 204, 209,
18  463 N.Y.S.2d 398, 403 (1983); <u>accord</u> <u>Jarvis v. Ford Motor Co.</u>,
19  283 F.3d 33, 46-47 (2d Cir.), <u>cert. denied</u>, 71 U.S.L.W. 3191
20  (2002).

21       Buckley has also appealed from the district court's refusal
22  to reopen discovery and to expand the scope of her discovery
23  request.  We conclude that the district court's denial of
24  Buckley's discovery request was entirely within its discretion
25  and its decision on this point is therefore affirmed.  <u>Lyeth v.</u>
    <u>Chrysler Corp.</u>, 929 F.2d 891, 898 (2d Cir. 1991).

27       For the foregoing reasons, the judgment of the district
28  court is hereby AFFIRMED in part, and VACATED and REMANDED in
29  part to afford the plaintiff notice and an opportunity to respond
30  before the entry of summary judgment against her.

31
32                    FOR THE COURT:
                      ROSEANN B. MACKECHNIE, Clerk

33
34                    _Lucille Carr_            1/6/03
                      By:                       Date

3

S.D.N.Y. - N.Y.C.
98-cv-4366
Jones, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the *10th* day of *September*, two thousand eight,

Present:

Hon. Guido Calabresi,
Hon. Barrington D. Parker,
Hon. Peter W. Hall,
*Circuit Judges.*

---

Erma Jeanine Buckley,

*Plaintiff-Appellant,*

v.

General Motors Corporation,

*Defendant-Appellee.*

---

07-4465-cv

Appellant, *pro se*, moves for appointment of counsel, permission to file an oversized brief, and for an extension of time to file a brief. Appellee moves to dismiss the appeal for failure to file a brief. Upon due consideration, it is hereby ORDERED that Appellant's motions are DENIED and the appeal is DISMISSED because it lacks an arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e). It is further ORDERED that the Appellee's motion is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

SAO-MGM

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and eight,

---

Erma Jeanine Buckley,

    Plaintiff-Appellant,

v.

General Motors Corporation,

    Defendant-Appellee.

---

**ORDER**
Docket Number: 07-4465-cv



UNITED STATES COURT OF APPEALS
FILED
DEC 10 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

Erma Jeanine Buckley having filed a petition for panel rehearing, or, in the alternative, for rehearing *en banc*, and the panel that determined the appeal having considered the request for panel rehearing, and the active members of the Court having considered the request for rehearing *en banc*,

    IT IS HEREBY ORDERED that the petition is denied.

For the Court:
Catherine O'Hagan Wolfe, Clerk

By: _____
Frank Perez, Deputy Clerk