Hearing Date: August 3, 2009, 9:45 a.m.
Objection Deadline: July 29, 2009, 4:00 p.m.

MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.
John J. Privitera (JP-0108)
Jacob F. Lamme (JL-0819)
677 Broadway
Albany, New York 12207
Telephone: (518) 447-3200
Facsimile: (518) 426-4260

ATTORNEYS FOR THE STATES OF ST. REGIS MOHAWK TRIBE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                            :    CHAPTER 11
                                                  :
**GENERAL MOTORS CORP.**, *et al.*,               :    Case No. 09-50026 (REG)
                                                  :
                                                  :    (Jointly Administered)
                  Debtors.                        :
-------------------------------------------------------------X

## LIMITED OBJECTION OF THE SAINT REGIS MOHAWK TRIBE TO THE DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The St. Regis Mohawk Tribe ("Tribe") files this Limited Objection to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals ("Motion") (Dkt. No. 3278):

1. On July 28, 2009, the Tribe requested to be included on the list of "Notice Parties" to receive "Monthly Statements" of professionals employed by the Debtors' estate, as set

{M0267640.1}

1

forth in the Motion. The Debtors refused to add the Tribe.

2. The Tribe is compelled to make this limited objection because the procedures set forth in the Motion do not adequately provide notice to all interested parties. The Debtors' estate has sought to employ various professionals, including attorneys, investment bankers, crisis managers, and environmental consultants.

3. The Tribe should be entitled to review the "Monthly Statements" for fees and expenses incurred during the "wind-down" and liquidation activities.

4. The Tribe has been—and continues to be—damaged by the Debtors' contamination of the GM Massena site, which still remains an asset of the Debtors' estate after this Court's Order of July 5, 2009, which approved the sale of assets pursuant to 11 U.S.C. § 363.

5. During the sale motion hearings, the Debtors represented that approximately $1.2 billion will be used for "wind-down" activities at the properties excluded from the asset sale, including the funding of remedial actions at the Debtors' contaminated properties. Presumably, this includes the GM Massena Site.

6. Thus, the Tribe has an interest in assuring that the payment of "wind-down" funds to the various professionals employed by the Debtors' estate are reasonable. There <u>must</u> be sufficient funds remaining to fulfill the Debtors' environmental compliance obligations.

7. On this Motion, the Debtors seek to establish a procedure whereby these professionals are paid without having to file fee applications, on notice, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 16 of the Federal Rules of Bankruptcy Procedure, despite their claim to the contrary. (<u>See</u> Dkt. No. 3278, pg. 3).

8. The Debtors' proposed procedures for interim compensation fail to comply with the fundamental notice requirements of the Bankruptcy Code. The proposed procedures only

{M0267640.1}

require that a professional's "Monthly Statements" be provided to: (i) Debtors, (ii) Debtors' counsel, (iii) counsel to the Creditors' Committee, (iv) and the United States Trustee. (Id. at pg. 4). Then, if none of these select few parties object to the professional's "Monthly Statement", the Debtors will "promptly" pay 80% of the fees and 100% of the expenses sought. (Id.). Finally, the Debtors' proposed procedures call for a fee application **after** the fees have already been paid. (Id. at pp. 4-5).

9. These proposed procedures violate the basic notions of openness and fairness that are inherently incorporated into the Bankruptcy Code. All interested parties, including the Tribe, should be allowed to review the professionals' "Monthly Statements" **before** those fees are paid.

10. The Tribe has been—and continues to be—damaged by the Debtors' contamination of the GM Massena site, which still remains an asset of the Debtors' estate. In Ohio v. Kovacs, the Supreme Court noted that a person in possession of a toxic waste site, even in the context of bankruptcy, "may not maintain a nuisance, pollute the waters of the State or refuse to remove the source of such conditions." Ohio v. Kovacs, 469 U.S. 274, 285 (1985). In this Circuit, the presence of uncontrolled hazardous substances at a site, such as the Debtors' Massena Site, is a *per se* public nuisance. New York v. Shore Realty, 759 F.2d 1032, 1051 (2d Cir. 1985). This is particularly so where, as here, the GM Massena Site is an ongoing source of pollution to the Tribe's waters, fish and other natural resources, and a public health hazard as documented by the New York State Department of Health.

11. Since the Debtors cannot abandon a toxic public nuisance such as the GM Massena Site, see Midlantic National Bank v. New Jersey, 474 U.S. 94 (1986), this Court eventually must formulate conditions that adequately protect the public's health and safety. Thus, there must be funds remaining in the Debtors' estate for this to occur.

12. For all of these reasons, the Tribe prays that this Court add the Tribe to the list of parties receiving notice of the professionals' "Monthly Statements" in the Order approving the Debtors' Motion.

Dated: July 29, 2009
       Albany, New York

                          Respectfully submitted,

                          McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

                          */s/ Jacob F. Lamme*
By:   _____
       John J. Privitera (JP-0108)
       Jacob F. Lamme (JL-0819)
       *Counsel to the St. Regis Mohawk Tribe*
       677 Broadway
       Albany, New York 12207
       Phone (518) 447-3200
       privitera@mltw.com
       lamme@mltw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2009, a true and correct copy of the foregoing was served on all those parties receiving notice via the Court's Electronic Case Filing System (through ECF).

*/s/ Jacob F. Lamme*
_____
Jacob F. Lamme