UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MOTORS LIQUIDATION COMPANY, *et al.*,
    f/k/a General Motors Corporation, *et al.*        Case No. 09-50026 (REG)
                                              (Jointly Administered)
               Debtors.

_____

LIMITED OBJECTION TO DEBTORS'
MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF PROFESSIONALS

The State of New York on behalf of the New York State Department of

Environmental Conservation (collectively the "State") respectfully submits the following

limited objection to the motion by the Chapter 11 debtors, Motors Liquidation Company,

formerly known as General Motors Corporation, and certain of its subsidiaries (the

"Debtors"), for an order establishing certain procedures for interim compensation and

reimbursement of professionals ("Compensation Procedures Motion") pursuant to 11

U.S.C. §§ 105(a) and 331.

      1.      On July 28, 2009, the State requested that counsel for the Debtors include

the State on the list of parties to receive notice of monthly statements of professionals as

set forth in the Compensation Procedures Motion and proposed order approving the

Motion.  The Debtors have refused.

      2.      The State has an interest in reviewing the monthly statements of

professionals and assessing expenditures from the estate during "wind-down" and

liquidation activities, including but not limited to expenditures for the fees of

environmental consultants retained by the Debtors.[1]

3.      On July 5, 2009, the Court issued an order approving the sale of estate

assets pursuant to 11 U.S.C. § 363.  Excluded from the sale were certain environmentally

contaminated properties, at least two of which are located in New York.  The Debtors

and the United States Treasury have represented during this proceeding that a D.I.P.

facility totaling $1.175 billion will be used for "wind-down" activities at the properties

excluded from the asset sale and that such activities would include funding for the

Debtors' environmental compliance obligations.  The Debtors' obligations at these

contaminated properties are not subject to dispute as a matter of law because of the their

ownership of the properties.  One of the New York properties is estimated to have

compliance obligations that will cost in excess of $100 million.

4.      Thus, the State has an interest in assuring that the funds expended from

the D.I.P facility for professionals are reasonable, and in assuring that sufficient funds are

directed to the Debtors' environmental compliance obligations, rather than completely

subsumed by estate professionals, leaving those obligations to the New York taxpayers.

On information and belief, the fees and expenses incurred to date by estate professionals

are significant, but the Debtors thus far have not continued funding their environmental

compliance obligations at the excluded properties in New York.

5.      General Order M-348 (Amended General Order M-219) sets forth the

procedures for monthly compensation and reimbursement of expenses for professionals

and gives the Court discretion to designate additional parties to receive notice of the

---

[1]  The Debtors currently have pending motions for approval to retain several
professionals *nunc pro tunc* to the commencement date of the case, including
environmental consultants.

2

monthly statements.  Because of the State's interest in the reasonable and appropriate

expenditure of estate funds from the D.I.P. facility, including the expenditure of funds for

environmental compliance obligations, the Court's exercise of discretion to include the

State among the parties to receive notice of the monthly statements is proper.  The

Debtors' refusal to consent to include the State among the parties receiving notice is

without basis under the notice requirements of the Bankruptcy Code and Rules.

     WHEREFORE, the State respectfully requests that the Court add the State to the

list of parties receiving notice of monthly statements of professionals in the Order

approving the Debtors' Compensation Procedures Motion.

<div style="margin-left: 50%;">

_____
Maureen F. Leary (ML 3866)
Assistant Attorney General
New York State Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York  12224
(518) 474-7154
</div>

Dated:  Albany, New York
       July 29, 2009