David L. Pollack, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
51ST Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473
Email: pollack@ballardspahr.com

and

Matthew G. Summers, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5679
Facsimile: (410) 361-8930
Email: summersm@ballardspahr.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MOTORS LIQUIDATING COMPANY, *et al.*,** | **Case No. 09-50026 (REG)** |
|   f/k/a General Motors Corp., *et al.*, | |
| Debtors. | **(Jointly Administered)** |

**OBJECTION OF NATIONAL DIGITAL TELEVISION CENTER, INC/ T/A COMCAST MEDIA CENTER AND COMCAST CABLE COMMUNICATIONS, LLC TO DEBTORS' PROPOSED CURE AMOUNTS**

National Digital Television Center, Inc. t/a Comcast Media Center and Comcast Cable Communications, LLC (collectively, "Comcast"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

DMEAST #11657035 v1

**Background**

1. On June 1, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. On June 1, 2009, the Debtors filed a motion pursuant to 11 U.S.C. §§ 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 for, *inter alia*, an order authorizing the assumption and assignment of certain executory contractors and unexpired leases (the "Sale Motion") (Docket No. 92).

3. Pursuant to the Sale Motion, the Debtors sought approval of certain procedures for assuming and assigning contracts and for addressing objections to the Debtors' proposed cure amounts for these contracts.

4. On June 2, 2009, the Court granted the Sale Motion with respect to the sale procedures, including the procedure for assuming and assigning contracts to Vehicle Acquisition Holdings LLC, as "New GM."

**The Debtors' Belated and Insufficient
Attempt to Cure Defaults under the Comcast Contract**

5. On July 21, 2009, the Debtors served a "Second Notice" upon Comcast, indicating that they intended to assume and assign a certain executory contract to which Comcast is a party (the "Comcast Contract"). The Second Notice refers Comcast to a website to view the proposed cure amounts of all executory contracts to be assumed by the Debtors. Comcast logged onto the website as instructed by the Second Notice and accessed the corresponding secure pages and the Debtors' proposed cure amounts.

6. The website indicates that the amount necessary to cure all existing defaults under the Comcast Contract is $456,100.00 (the "Proposed Cure Amount").

7. Comcast does not object to the assumption and assignment of the Comcast Contract by the Debtors. However, Comcast objects to the failure by the Debtors to provide it with a timely notice of cure amounts and to the Proposed Cure Amount set forth by the Debtors.

8. The Proposed Cure Amount is not sufficient to cure all of the Debtors' obligations under the Comcast Contract with regard to services rendered prior to the Petition Date. Copies of the invoices reflecting amounts omitted from the Proposed Cure Amount are attached hereto as Exhibit A. A summary of the invoices included in the Proposed Cure Amount and excluded from the Proposed Cure Amount is attached hereto as Exhibit B.

9. Accordingly, Comcast believes that the proper cure amount for the Comcast Contract is $520,700.00. See Exhibit A and Exhibit B.

10. Comcast expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence support this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file supplemental objections if necessary.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated herein, Comcast respectfully requests this Court enter an order: (i) permitted Comcast to object to the Cure Notice after the objection deadline; (ii) requiring a cure payment of $ 520,700.00 with respect to the Comcast Contract; and (iii) granting such other relief as is just and appropriate.

Dated: July 30, 2009                Respectfully submitted,

/s/ David L. Pollack
David L. Pollack, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51ST Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473
Email: pollack@ballardspahr.com

-and-

Matthew G. Summers, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
Telephone:  (410) 528-5679
Facsimile:  (410) 361-8930
E-mail:  summersm@ballardspahr.com

*Attorneys for National Digital Television Center, Inc. t/a Comcast Media Center & Comcast Cable Communications, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of July, 2009, a copy of the foregoing Objection to Cure Amount was served via first-class mail, postage prepaid, upon:

Harvey R. Miller, Esquire
Stephen Karotkin, Esquire
Joseph H. Smolinsky, Esquire
Weil, Goshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Joseph R. Sgroi, Esquire
Robert B. Weiss, Esquire
Tricia A. Sherick, Esquire
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226

Patrick J. Trostle, Esquire
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, New York 10022

Eric Fisher, Esquire
Butzel Long
380 Madison Avenue, 22nd Floor
New York, New York 10017

Gordon Z. Novod, Esquire
Thomas Moers Mayer
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Andrew D. Velez-Rivera, Esquire
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

              /s/ David L. Pollack
              David L. Pollack