EXHIBIT M

# EXHIBIT M

December 15, 2008

Mrs. Martha Forrest
Mr. Michael Forrest
2400 North Main Street
Cleburne, Texas 76033

RE: LETTER OF INTENT TO PURCHASE
    FORREST CHEVROLET – CADILLAC – BUICK – PONTIAC – GMC TRUCKS

Dear Mrs. Forrest and Michael;

Please accept this as a formal offer to purchase the assets of Forrest Chevrolet - Cadillac, Inc. and Forrest Buick – Pontiac & GMC, Inc. under the following terms and conditions.

1)  All new vehicle inventory of 2008 and 2009 Chevrolet-Cadillac-Buick-Pontiac and GMC model cars and trucks shall be purchased at the dealer invoice cost of such vehicles less any holdback, less any advertising allowances, less any interest credits, less any incentives that are due and payable on said vehicles plus any additional equipment currently installed at dealer cost less any deductible items that have been removed from said vehicle.

Demonstrators of new 2008 and 2009 General Motors model cars and trucks with odometer reading of 6000 miles or less, shall be purchased as new vehicles at a price as determined above. Any vehicle that has more than 6000 miles but less than 7500 miles would have a penalty of thirty cents (.30) per mile for every mile above 6000. Any vehicle in excess of 7500 miles shall be purchased as a used vehicle.

2)  All new, returnable, non obsolete Genuine GM parts and accessories shall be purchased at the price listed in the most current price publication net of any discounts received or to be received by the Seller.

All new, returnable, non-obsolete Jobber parts and accessories shall be purchased at Seller's verifiable cost net of any discounts received or to be received by Seller.

Seller shall assign the "return rights" to Buyer.

Buyer is not obligated to purchase any obsolete, used, damaged or remanufactured inventory. Physical inventory verifications shall be ascertained as soon as practical during the "Management Agreement". Expenses associated with the performance of physical inventory verifications shall be borne equally between the Buyer and Seller.

3)  Used vehicles shall be purchased at a mutually agreed price by Buyer and Seller. If the value is not agreed upon, Seller shall retain the vehicles.

1

4)  Furniture and fixtures shall be purchased at an Appraised Valuation. The cost of the appraisal shall be borne equally by Buyer and Seller.

5)  Existing leases shall be assumed by Buyer on equipment necessary to operate the business.

6)  Buyer shall purchase from Seller the Real Property located at 2406 North Main Street in Cleburne, Texas for $3,600,000.

7)  This entire transaction is subject to Buyer being approved by the General Motors Divisions, General Motors Acceptance Corporation, approval of financing on said real property and obtaining a Dealer License in the state of Texas.

8)  Broker (Eddie McGinnis) shall be paid his fee at Closing pursuant to a separate agreement between Broker and Seller.

9)  Upon execution of this Letter Of Intent to Purchase, Buyer will originate a Buy-Sell agreement for execution and close on real estate as soon as possible following approval by General Motors.

10) An Asset Purchase Agreement will be completed with thirty (30) days from the date this Intent to Purchase is signed by Buyer and Seller.

11) Following the date of execution hereof, at specific times to be determined by Seller in its sole discretion, Seller shall afford to the Buyer and its authorized representatives, free and full access to the properties, books and records of the dealership during normal business hours in order to permit the buyer to make such investigation of the business, properties and operations of the dealership as the Buyer may deem necessary or desirable. Until consummation of the transaction contemplated hereby, the Buyer will hold in confidence all information obtained with respect to the dealership and, except as required by law, will reveal such information to any person other than those to whom it may be necessary in order to finance or consummate the transaction. In the event the transaction contemplated hereby is no consummated, any information furnished to, or obtained by or through any party hereto as a result of its investigations or otherwise in connection with the transaction contemplated hereby, shall be treated as confidential information to the extent it is not otherwise public or generally available to the public. In the event the transaction is not consummated, all such information and all copies thereof shall be returned upon request.

12) Seller agrees that prior to the earlier of the termination of this letter agreement or March 1, 2009, neither Seller nor its Principals will enter into any arrangement or negotiate or otherwise deal with any person or entity for the purpose of any such sale or disposition other than the Buyer.

13) Buyer shall purchase from Seller the plat of land located north of the "Pontiac" dealership, which consists of three (3) acres (more or less) for $2.25 per square foot. The

2

square footage will be determined from a survey, the cost of which will be borne by the seller.

14)   This Letter of Intent is contingent on approval from General Motors allowing the five franchises to be combined using the "Pontiac" facility.

**BUYER:**

_____/s/ Tommy Manuel_____     <u>December   , 2008</u>
TOMMY MANUEL                                  Date

**SELLER:**

_____     <u>December   , 2008</u>
MRS. MARTHA FORREST                           Date

_____     <u>December   , 2008</u>
MICHAEL FORREST                               Date

3

EXHIBIT N

EXHIBIT N

Mrs. Martha Forrest
Mr. Michael Forrest
2400 North Main Street
Cleburne, Texas 76033

RE: LETTER OF INTENT TO PURCHASE
FORREST CHEVROLET – CADILLAC – BUICK – PONTIAC – GMC TRUCKS

Dear Mrs. Forrest and Michael;

Please accept this as a formal offer to purchase the assets of Forrest Chevrolet - Cadillac, Inc. and Forrest Buick – Pontiac & GMC, Inc. under the following terms and conditions.

1) All new vehicle inventory of 2008 and 2009 Chevrolet-Cadillac-Buick-Pontiac and GMC model cars and trucks shall be purchased at the dealer invoice cost of such vehicles less any holdback, less any advertising allowances, less any interest credits, less any incentives that are due and payable on said vehicles plus any additional equipment currently installed at dealer cost less any deductible items that have been removed from said vehicle.

Demonstrators of new 2008 and 2009 General Motors model cars and trucks with odometer reading of 6000 miles or less, shall be purchased as new vehicles at a price as determined above. Any vehicle that has more than 6000 miles but less than 7500 miles would have a penalty of thirty cents (.30) per mile for every mile above 6000. Any vehicle in excess of 7500 miles shall be purchased as a used vehicle.

2) All new, returnable, non obsolete Genuine GM parts and accessories shall be purchased at the price listed in the most current price publication net of any discounts received or to be received by the Seller.

All new, returnable, non-obsolete Jobber parts and accessories shall be purchased at Seller's verifiable cost net of any discounts received or to be received by Seller.

Seller shall assign the "return rights" to Buyer.

Buyer is not obligated to purchase any obsolete, used, damaged or remanufactured inventory. Physical inventory verifications shall be ascertained as soon as practical during the "Management Agreement". Expenses associated with the performance of physical inventory verifications shall be borne equally between the Buyer and Seller.

3) Used vehicles shall not be included in the Buy Sell Agreement.

4) Furniture, fixtures and fixed assets shall be purchased at an Appraised Valuation. The cost of the appraisal shall be borne equally by Buyer and Seller.

1

5) Existing leases shall be assumed by Buyer on equipment necessary to operate the business.

6) Buyer shall purchase from Seller the Real Property located at 2406 North Main Street in Cleburne, Texas for $4,000,000

7) Buyer shall pay seller $800,000 for the goodwill of the business.

8) Buyer agrees to pay $206,625 for the Fixed Assets of the body shop subject to inspection.

9) This entire transaction is subject to Buyer being approved by the General Motors Divisions, General Motors Acceptance Corporation, approval of financing on said real property and obtaining a Dealer License in the state of Texas.

10) Broker (Eddie McGinnis) shall be paid his fee at Closing pursuant to a separate agreement between Broker and Seller.

11) Upon execution of this Letter Of Intent to Purchase, Buyer will originate a Buy-Sell agreement for execution and close on real estate as soon as possible following approval by General Motors.

12) An Asset Purchase Agreement will be completed with thirty (30) days from the date this Intent to Purchase is signed by Buyer and Seller.

13) Following the date of execution hereof, at specific times to be determined by Seller in its sole discretion, Seller shall afford to the Buyer and its authorized representatives, free and full access to the properties, books and records of the dealership during normal business hours in order to permit the buyer to make such investigation of the business, properties and operations of the dealership as the Buyer may deem necessary or desirable. Until consummation of the transaction contemplated hereby, the Buyer will hold in confidence all information obtained with respect to the dealership and, except as required by law, will reveal such information to any person other than those to whom it may be necessary in order to finance or consummate the transaction. In the event the transaction contemplated hereby is no consummated, any information furnished to, or obtained by or through any party hereto as a result of its investigations or otherwise in connection with the transaction contemplated hereby, shall be treated as confidential information to the extent it is not otherwise public or generally available to the public. In the event the transaction is not consummated, all such information and all copies thereof shall be returned upon request.

14) Seller agrees that prior to the earlier of the termination of this letter agreement or March 1, 2009, neither Seller nor its Principals will enter into any arrangement or negotiate or otherwise deal with any person or entity for the purpose of any such sale or disposition other than the Buyer.

15) Buyer has the "Right of First Refusal" regarding the sell of the two plus acres located north of the Buick, Pontiac & GMC facility.

16) Buyer reserves the right to retain the "Forrest" name to be used in sales, service and marketing purposes.

17) This Letter of Intent is contingent on approval from General Motors allowing the five franchises to be combined using the "Pontiac" facility.

**BUYER:**

_____          January ___, 2009
Matt Johnson                                           Date

**SELLER:**

_____          January ___, 2009
MRS. MARTHA FORREST                           Date


_____          January ___, 2009
MICHAEL FORREST                                   Date

3