Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Admission Pending*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:    (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey Heineman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

In re

MOTORS LIQUIDATION COMPANY, et al.,

              Debtors.

------------------------------------- X

: Chapter 11

: Case No. 09-50026(REG)

: (Jointly Administered)

## REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEBTORS BY REMY INTERNATIONAL, INC., CREDITOR

TO:    **Harvey Miller, Esq.**
       **Stephen Karotkin, Esq.**
       **Joseph H. Smolinsky, Esq.**
       **WEIL, GOTSHAL & MANGES LLP**

**PLEASE TAKE NOTICE** that the Debtors are hereby requested to respond to this First Request for Production of Documents ("Request") by submitting a written response to the following and producing the responsive documents, all pursuant to the Local Rules of the United States Bankruptcy Court for the District of New York, and Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure. Unless otherwise agreed by counsel, written responses should be provided, and responsive documents should be produced at the New York office of the undersigned counsel, 17 State Street, Suite 2400, New York, NY 10004, within 30 days of service of this Request.

### Definitions

1.     This request hereby incorporates by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and Civil Rule 26.3 of the Local Rule of the United States Bankruptcy Court for the Southern District of New York.

2.     "Asbestos Claim" means any claim or demand against GM now existing or hereafter arising, whether or not such claim, remedy, liability, or demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether, or not the facts of or legal bases therefore are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness, disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that was or were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability, or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general, and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

3.     "Asbestos Claims Experience" has the same meaning in these Requests that GM used attributed to that term at page 206 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

4.     "Bondholder Representatives" means, collectively and individually, persons or entities who, on behalf of any holders of publicly-issued debt of GM, participated in discussions

-2-

or negotiations with any of the Sponsors concerning any potential private restructuring of the Debtors or any potential bankruptcy plan of reorganization for the Debtors.

5.    "Contingent Matters-Litigation" has the same meaning in these Requests that GM attributed to that term at page 207 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008

6.    "Debtors" means Motors Liquidation Company f/k/a General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and each of their respective subsidiaries, collectively and individually.

7.    "GM" means the Debtors, collectively and individually.

8.    "Product Liability Claims" has the same meaning in these Requests that GM used attributed to the term "product liability claims" at pages 205-206 of the General Motors Corp – GM Form 10-K filed on March 5, 2009, for the period ended December 31, 2008.

9.    "Purchaser" means Vehicle Acquisition Holdings LLC.

10.    "Sponsors" means the United States Treasury, the Government of Canada and the Government of Ontario (including Export Development Canada), collectively and individually.

11.    "Unions" means, collectively and individually, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and any other union representing current employees of GM or retired employees of GM

## Document Requests

1.    All databases or other data compilations concerning past, pending, or future Asbestos Claims against GM.  This request seeks databases or other data compilations that accumulate or summarize, on an aggregate basis or on a claim-by claim basis, information regarding GM's Asbestos Claims Experience, and information about resolved or unresolved Asbestos Claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature and dates of the claimants' alleged exposure to asbestos, the respective jurisdictions in which the claims were filed, the nature of the asbestos-related diseases or conditions asserted, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (e.g., by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims.  This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

2.    Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for asbestos-related matters as of the date of this Request and as of December 31 in 2006, 2007, and 2008.

3.      Any data, forecast, projection, valuation, report or analysis concerning the number or value of Asbestos Claims filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

4.      With respect to GM's engagement of Hamilton Rabinowitz & Associates Inc. or Dr. Francine Rabinowitz (collectively, "Hamilton Rabinowitz"):

  a.      Any document setting forth the terms of Hamilton Rabinowitz's engagement by or on behalf of GM;

  b.      Any forecast, projection, valuation, report or analysis made by Hamilton Rabinowitz with respect to the past, present, or future liability of GM for Asbestos Claims; and

  c.      All data, assumptions, or other information provided to Hamilton Rabinowitz for use or reference in its GM engagement.

5.      With respect to GM's engagement of any expert other than Hamilton Rabinowitz for the forecasting, projection, valuation, or analysis of Asbestos Claims or GM's aggregated liability for Asbestos Claims:

  a.      Any document setting forth the terms of the expert's engagement by or on behalf of GM;

  b.      Any forecast, projection, valuation, report or analysis made by expert with respect to the past, present, or future liability of GM for Asbestos Claims; and

  c.      All data, assumptions, or other information provided to the expert for use or reference in its GM engagement.

6.      All databases or other data compilations concerning Product Liability Claims that have been asserted, or are anticipated to be asserted, Debtors. This request seeks information about resolved or unresolved product liability claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature of the product defects asserted, the respective jurisdictions in which the claims were filed, the nature and extent of the injuries sustained, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (e.g., by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims. This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

7.      Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for Product Liability Claims as of the date of this Request and as of December 31 in 2006, 2007, and 2008.

8.      Any data, forecast, projection, valuation, report or analysis concerning the number or value of Product Liability Claims filed against, to be filed against, resolved, or to be resolved

by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

9.    All databases or other data compilations concerning Contingent Matters Litigation involving claims that have been asserted, or are anticipated to be asserted, against GM. This request seeks information about resolved or unresolved claims that have been asserted against GM, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature of the tort, statutory violation, or other wrong asserted, the respective jurisdictions in which the claims were filed, the nature and extent of the injuries sustained, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (e.g., by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims. This request includes all instructions and software necessary to use electronically any database that is responsive to the request.

10.    Any data, forecast, projection, report or analysis that GM relied on in computing its recorded liabilities for Contingent Matters-Litigation as of the date of this request and as of December 31 in 2006, 2007, and 2008.

11.    Any data, forecast, projection, valuation, report or analysis concerning the number or value of Contingent Matters-Litigation filed against, to be filed against, resolved, or to be resolved by GM, including pending claims and claims projected or anticipated to be asserted at any future time.

12.    All documents setting forth the aggregate amount of the Debtors' insurance applicable to Asbestos Claims, the limits of any such insurance coverage (on a per-claim basis and an aggregated basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

13.    All documents setting forth the aggregate amount of the Debtors' insurance applicable to Product Liability Claims, the limits of any such insurance coverage (on a per-claim basis and an aggregated basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

14.    All documents setting forth the aggregate amount of the Debtors' insurance applicable to Contingent Matters-Litigation, the limits of any such insurance coverage (on a per-claim basis and an aggregated basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

15.    All documents discussing or setting forth estimates, forecasts, or projections with respect to the value of (a) "Excluded Assets" (as defined in section 2.2(b) of the Master Sale and Purchase Agreement), (b) the Retained Liabilities" (as defined in section 2.3(b) of the Master Sale and Purchase Agreement), and (c) insurance available for the "Retained Liabilities."

16.    All documents discussing or setting forth communications between or among the Debtors, the Sponsors, the Purchaser, the Unions, or the Bondholder Representatives from October 1, 2008, to present with respect to the treatment of Asbestos Claims, Product Liability

Claims, or Contingent Matters-Litigation under any private restructuring of the Debtors or under any bankruptcy plan of reorganization for the Debtors.

Dated: San Francisco, California.

    July _30_, 2009

Respectfully submitted,

ROPERS, MAJESKI, KOHN & BENTLEY

By: _N. Kathleen Strickland_

N. KATHLEEN STRICKLAND, Esq.
Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:(415) 543-4800
Facsimile: (415) 972-6301
Email:    kstrickland@rmkb.com

GEOFFREY HEINEMAN, Esq.
Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:(212) 668-5927
Facsimile: (212) 668-5929
Email:    gheineman@rmkb.com

Attorneys for Creditor
REMY INTERNATIONAL, INC.