# LAWRENCE J. SCHLOSS Attorney at Law

| | |
|---|---|
| Rochester Hills Office | Mt. Clemens Office |
| (248) 941-0626 | (586) 463-9911 |
| Email; ljsch@umich.edu | 50 Crocker Blvd., Ste. 100 |
| | Mt. Clemens, MI 48043 |
| | Fax-(586) 469-0018 |

July 23, 2009

Clerk of the Court
Unites States Bankruptcy Court
One Bowling Green
New York, NY 10004

**RE:** *Wice v General Motors Corporation,*
*Case No: 07-cv-10662; Court of Appeals No: 09-1080.*

Dear Clerk,

Enclosed for filing in your Court, please find *Motion For Order Barring GMC From Discharging Plaintiff's Wage Employment Claim Brought Under A.D.A. Pending In The 6th Circuit Court of Appeals* and *Motion For Denial Of GM Liability On An A.D.A. Claim For Wages And Non-Economic Loss Of Plaintiff Employee.*

Please file in your usual manner and advise of any questions.

Very Sincerely,

Lawrence J. Schloss, Esq.

[RECEIVED JUL 28 2009 U.S. BANKRUPTCY COURT, SDNY]

LJS/kw
Enclosed: *Motion For Order Barring GMC From Discharging Plaintiff's Wage Employment Claim Brought Under A.D.A. Pending In The 6th Circuit Court of Appeals* and *Motion For Denial Of GM Liability On An A.D.A. Claim For Wages And Non-Economic Loss Of Plaintiff Employee.*
CC: Alex Alexopolus, Esq., and Harvey R. Miller, Stephen Karotkin and Joseph H. Smolinsky.

UNITED STATES BANRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| General Motors Corp., et al | Case No: 09-50026(REG) |
| Debtors, | (Jointly Administered) |

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Harvey D. Wice,

Case No: 09-1080

Plaintiff,

v

GENERAL MOTORS CORPORATION,

Defendant.

| | |
|---|---|
| Lawrence J. Schloss (P22972) | Lisa Lane (P39226) |
| Attorney for Plaintiff | Alex Alexopoulos (P40547) |
| 50 Crocker Blvd., Ste. 100 | Hardy, Lewis & Page, P.C. |
| Mt. Clemens, MI 48043 | 401 S. Old Woodward, Ste. 400 |
| (586) 463-9911 | Birmingham, MI 48009 |
| | (248) 645-0800 |

### MOTION FOR DENIAL OF GM AVOIDING LIABILITY ON AN A.D.A. CLAIM FOR WAGES AND NON-ECONOMIC LOSS OF PLAINTIFF EMPLOYEE

Now comes your plaintiff, Harvey D. Wice, by and through his attorney, and states as follows unto this Honorable Court:

1. Mr. Wice claims over $150,000.00 in wage overtime losses that are not disputed as to amount, however, GM has asserted legal defenses that are of substantial interest to Plaintiff to have reviewed by the 6th Circuit Court of Appeals.

2.  That one of the key issues is did defendant wrongfully deny the overtime and thus causing plaintiff's loss, resulting in monetary damages to the employee due to his assertion of his rights A.D.A. that he to not be subjected to a general medical exam as an employee without a disability but having been perceived to have a disability by defendant.

3.  That defendant had no palpable nor genuine valid business purpose that excepted the general medical exam under the law from the application of the A.D.A. in order to justify the retaliation against the employee for his refusal to be subjected to such an exam under the guise of safety; Defendant produced no record of an association of general medical testing to safety in the lower court nor did defendant compile nor analyze any safety data in support of an alleged business purpose, contrary to the lower court's opinion.

4.  That if defendant was concerned for safety, it would have accepted the employee's perfect record of over 34 years as a millwright and his skills in passing all training and testing over those years of operating plant mobile equipment rather than impose an invasive process in violation of the A.D.A.

5.  That the lower court thereby made legal errors in its analysis of its application of the A.D.A. to the facts of the case.

6.  That the EEOC's lawyer in Washington, DC., has requested of undersigned counsel that they be permitted to review documents to determine the filing of an amicus brief in favor of the plaintiff in the 6th Circuit, Court of Appeals.

7.  That the 6th Circuit Court of Appeals has issued an order requiring GM to keep the Court abreast of its status in bankruptcy every 90 days.

8.  That the idea born of GM's request for relief in bankruptcy court, that an "old GM" and its tired old real and personal property, ought to be laden with debts and claims of victims of its past wrongdoings now being litigated, while a "new GM" enjoys an immediate fresh start, free of all the past wrongs at issue is perpendicular to the purpose of the total bankruptcy process and is driven by a direction that ignores legal bankruptcy responsibility and the continuity of our system of jurisprudence.

9.  That attached is Mr. Wice's Statement of Claim and Issues filed in the 6th Circuit Court of Appeals. (Exhibit A)

10. That with the rapidity of events transpiring in the bankruptcy of the debtor, Mr. Wice cannot now afford to sit on his hands and wait to see what happens with his lawsuit and civil claims that have been in litigation for over three (3) years now.

11. That Westlaw is reporting the result in the lower court on the opinion in support of the summary judgment and to allow the legal issues to be stayed or terminated without completion of Mr. Wice's appeal serves as an injustice to him as well as the body of law, jurists, Congress and members of the public as an important subject of permissible general medical examinations post hire in the U.S. workplace.

Respectfully Submitted,

LAWRENCE J. SCHLOSS (P22972)
Attorney for Plaintiff
50 Crocker Blvd., Ste. 100
Mt. Clemens, MI 48043
(586) 463-9911

Dated: July 23, 2009

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
## CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: **09-1080**   Case Manager: **Scott J. Swearingen**

Case Name: **Harvey D. Wice v General Motors Corporation**

Is this case a cross appeal?   ☐ Yes   ☒ No
Has this case or a related one been before this court previously?   ☐ Yes   ☒ No
If yes, state:
   Case Name: _____   Citation: _____
   Was that case mediated through the court's program?   ☐ Yes   ☒ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

This is an appeal of Summary Judgment entered for the defendant, GMC, on December 15, 2008, by Judge John Corbett O'Meara in U.S.E.D. of Michigan, Southern Division. The specific issues are: has the employer violated the A.D.A. and 42 USCS 1211(b)(6) and other fed/state applicable laws by conditioning employment and retaliating on the plaintiff/appellant based on requiring a general medical exam of a millwright, who had no accidents, was able to operate all plant equipment for over 30 years and passed all operations tests for individual capability for licensing for plant trucks as part of the job. Plaintiff relied upon the lack of business necessity and the effectiveness of the employer's method to achieve the goal of safety as job related as is the employer's burden to demonstrate, he was discharged from all overtime for 4 years, losing over $150,000.00 in income and other economic and non-economic losses. The Court erroneously made improper assumptions and judged the employer beyond findings of fact on the employer meeting it's burden under the law. The general medical exam is not job related, no necessary for the employer's operation of it's business on the proofs relied upon under applicable law.

This is to certify that a copy of this statement was served on opposing counsel of record this __4th__ day of

_____ February , 2009 __.   **Lawrence J. Schloss**
                                     Name of Counsel for Appellant


EXHIBIT A

6CA-53
Rev. 6/08

UNITED STATES BANRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                    Chapter 11

General Motors Corp., et al                              Case No: 09-50026(REG)

      Debtors,                                     (Jointly Administered)
                                                                                    /

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Harvey D. Wice,
                                    Case No: 09-1080

      Plaintiff,

v

GENERAL MOTORS CORPORATION,

      Defendant.
                                                           /

| Lawrence J. Schloss (P22972) | Lisa Lane (P39226) |
| --- | --- |
| Attorney for Plaintiff | Alex Alexopoulos (P40547) |
| 50 Crocker Blvd., Ste. 100 | Hardy, Lewis & Page, P.C. |
| Mt. Clemens, MI 48043 | 401 S. Old Woodward, Ste. 400 |
| (586) 463-9911 | Birmingham, MI 48009 |
| | (248) 645-0800 |

                                                                                                         /

## CERTIFICATE OF SERVICE

I hereby certify that on   July   , 2009, I emailed the foregoing papers to the following:
Alex Alexopoulus, Harvey R. Miller, Stephen Karotkin and Joseph H. Smolinsky.

                                                  Lawrence J. Schloss
                                                  50 Crocker Blvd., Ste. 100
                                                  Mt. Clemens, MI 48043
                                                  586-463-9911
                                                  ljsch@umich.edu
                                                  (P22972)