Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>54th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>07- 24162 -NP |
|---|---|---|

**Court address**
440 N. GREEN ST., CARO MI 48723

**Court telephone no.**
(989) 672-3720

**Plaintiff name(s), address(es), and telephone no(s).**

LYON STEPHENS

v

**Defendant name(s), address(es), and telephone no(s).**

GENERAL MOTORS CORPORATION
Resident Agent: The Corporation Co.
30600 Telegraph Road
Bingham Farms MI 48025

JUL 24 2009

**Plaintiff attorney, bar no., address, and telephone no.**

MURPHY'S LAW OFFICE, P.C.
James D. Murphy, Jr. (P18095)
24750 Lahser Road
Southfield MI 48033
248-799-2991    FAX: 248-353-0431

**SUMMONS**    **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>3-14-07 | This summons expires<br>6-12-07 | Court clerk<br>Delores Dangly Deputy |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**    *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>County of Tuscola | Defendant(s) residence (include city, township, or village) |
|---|---|

| Place where action arose or business conducted<br>County of Tuscola | |
|---|---|

03/13/2007
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01    (3/06)  **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF TUSCOLA

LYON STEPHENS,

    Plaintiff,

vs.                                                 Case No. 07 24162 -NP
                                                 Hon.

GENERAL MOTORS CORPORATION,

    Defendant.

_____/

James D. Murphy, Jr. (P18095)
Michael D. Ritenour (P32485)
**MURPHY'S LAW OFFICE, P.C.**
Attorneys for Plaintiff
24750 Lahser Rd.
Southfield, MI 48033
(248) 799-2991
Fax (248) 353-0431

TRUE COPY
MARGIE WHITE-CORMIER

_____/

## COMPLAINT AND JURY DEMAND

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT.

NOW COMES Plaintiff, LYON STEPHENS, by and through his attorneys, JAMES D. MURPHY, JR. and MICHAEL D. RITENOUR, and for his Complaint against Defendant, GENERAL MOTORS CORPORATION, states as follows:

## JURISDICTION AND VENUE

1.    Plaintiff, Lyon Stephens, is a resident of the City of Millington, County of Tuscola, State of Michigan.

2.    Defendant, General Motors Corporation ("GM"), an automobile manufacturer, is a Delaware corporation having its principal place of business County of

Wayne, State of Michigan, and is a resident of Tuscola County pursuant to MCL 600.1629(3). Its resident agent for service of process in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

3. The amount in controversy exceeds the sum or value of $25,000 exclusive of interest and costs.

4. The acts giving rise to this action occurred in whole or in part within this jurisdiction and venue.

## **GENERAL ALLEGATIONS**

5. On March 15, 2004, Plaintiff was the operator of a certain 2002 Chevrolet Blazer, VIN 16NDT13W62K127946, manufactured by and purchased from Defendant, GM.

6. On March 15, 2004, Plaintiff was driving the 2002 Chevrolet Blazer in a northerly direction on M-15, near its intersection with Willard Road, in Tuscola County, when the vehicle in front of him slowed, causing Plaintiff's vehicle to strike the vehicle in front of him.

7. Although Plaintiff's vehicle was sold and represented to him as being equipped with a properly functioning inflatable occupant restraint, commonly and hereinafter known as an "airbag", which was part of the vehicle's automatic occupant crash protection system, said airbag failed to inflate, deploy, or otherwise function properly on impact.

8. As a result of the airbag's failure, Plaintiff suffered serious and permanent injuries as stated below in this Complaint.

## COUNT 1: FEDERAL PRODUCT LIABILITY

9.  Plaintiff incorporates all prior allegations as though fully restated herein.

10. Prior to March 15, 2004, Defendant GM designed, produced, created, manufactured, made, constructed, and/or assembled the Chevrolet Blazer and placed it into the stream of commerce.

11. Prior to March 15, 2004, Defendant GM designed, produced, created, manufactured, made, constructed, and/or assembled the airbag, installed it in the Chevrolet Blazer, and placed it into the stream of commerce.

12. The intended use of Plaintiff's Chevrolet Blazer was to transport persons.

13. The intended purpose of the airbag was to prevent or reduce injuries to occupants of the Chevrolet Blazer during a frontal collision of the kind in which Plaintiff was involved on March 15, 2004.

14. At all times pertinent, Defendant GM had a non-delegable duty to produce and place into the stream of commerce a Chevrolet Blazer and an airbag that were reasonably safe when used in a foreseeable and intended manner.

15. At all times pertinent, Defendant GM owed a duty of due care to Plaintiff in the design, testing, manufacture, assembly, marketing and sale of the vehicle and all components and sub-assemblies of the vehicle, including the airbag components.

16. Plaintiff's Chevrolet Blazer involved in the collision was a "motor vehicle" as defined by 49 USC 30102(a)(6), a "passenger car" as defined in 49 USC 30127(a)(3), and/or a "multi-purpose passenger vehicle" as defined in 49 USC 30127(a)(2)

17. Defendant GM was the "manufacturer" of said vehicle as defined in 49 USC 30102(a)(5), and it designed, produced, created, manufactured, made, constructed, and/or assembled the airbag which was part of the vehicle's automatic occupant crash protection system that GM installed in Plaintiff's vehicle. Said airbag is "motor vehicle equipment" designed and installed for the purpose of "motor vehicle safety" pursuant to a "motor vehicle safety standard" as defined in 49 USC 30102(a)(7), (8), and (9).

18. Upon information and belief, no material change was made to Plaintiff's vehicle or the airbag from the date of its manufacture and sale to the time of the collision and injuries that give rise to this action.

19. The airbag was defective in either its design or manufacture in that it did not deploy on impact, or otherwise did not function properly.

20. Defendant GM violated the duty imposed upon it by Federal statute, rules, regulations, or standards (including, but not limited to, Federal Motor Vehicle Safety Standard 208, 49 C.F.R. 571.208) to equip Plaintiff's vehicle with a properly functioning inflatable automatic occupant crash protection system (airbag) that would prevent or reduce injury to occupants of Plaintiff's vehicle, including Plaintiff, in the event of a collision such as the one that occurred March 15, 2004.

21. In addition, Defendant GM was negligent in the design and/or manufacture of said Chevrolet Blazer and/or its airbag in one or more of the following ways:

a. Negligently designing, manufacturing, and/or marketing the Chevrolet Blazer with an airbag that did not function, functioned improperly, or was unreasonably likely to malfunction;

b.  Knowingly and willfully designing, manufacturing, and/or equipping the Chevrolet Blazer with an airbag that was unreasonably likely to malfunction;

c.  Negligently designing, manufacturing, and/or marketing the Chevrolet Blazer with a defective inflatable automatic occupant crash protection system;

d.  Failing to warn Plaintiff that the proper use of the Chevrolet Blazer's inflatable automatic occupant crash protection system (airbag) could fail to protect him from injury;

e.  Failing to warn Plaintiff of the unreasonable risk of severe injury due to malfunction of the airbag or its failure to deploy during a severe frontal collision, thus misleading Plaintiff into believing he was safer in his Chevrolet Blazer than he actually was;

f.  Failing to adequately inspect or test the inflatable automatic occupant crash protection system (airbag), either prior to or after installation, to reasonably assure that it would function properly in a collision of the nature and severity of the one in which Plaintiff was injured; and

g.  Other acts of negligence as yet unknown.

22.  Each of these negligent acts or omissions subjected Plaintiff to an unreasonably increased risk of injury, or to an unreasonable risk of more severe injury.

23.  As a direct and proximate result of the airbag's defect(s), failure to deploy, or its failure to function properly, Plaintiff sustained the injuries set forth below in this Complaint.

24.  At the time of manufacture or distribution, Defendant GM had actual knowledge that the Chevrolet Blazer and/or its inflatable automatic occupant crash

protection system (airbag) was defective and that there was a substantial likelihood that the defect would cause the injuries that are the basis of this action, and Defendant GM willfully disregarded that knowledge in the manufacture or distribution of the Chevrolet Blazer, consistent with MCL 600.2949a.

25. MCL 600.2946a is inapplicable to this action for those reasons, and for the further reasons that said statute violates certain provisions of the United States Constitution found in the First, Seventh, and Fourteenth Amendments.

**WHEREFORE,** Plaintiff requests a verdict in whatever amount a jury may find that he is entitled in excess of $25,000 plus costs, interest, and attorney fees so wrongfully sustained.

### COUNT II: MICHIGAN PRODUCT LIABILITY-NEGLIGENCE

26. Plaintiff incorporates all prior allegations as though fully restated herein.

27. Prior to March 15, 2004, Defendant GM designed, produced, created, manufactured, made, constructed, and/or assembled the Chevrolet Blazer and placed it into the stream of commerce.

28. Prior to March 15, 2004, Defendant GM designed, produced, created, manufactured, made, constructed, and/or assembled the airbag, installed it in the Chevrolet Blazer, and placed it into the stream of commerce.

29. The intended use of Plaintiff's Chevrolet Blazer was to transport persons.

30. The intended purpose of the airbag was to prevent or reduce injuries to occupants of the Chevrolet Blazer during a frontal collision of the kind in which Plaintiff was involved on March 15, 2004.

31. At all times pertinent, Defendant GM had a non-delegable duty to produce and place into the stream of commerce a Chevrolet Blazer and an airbag that were reasonably safe when used in a foreseeable and intended manner.

32. At all times pertinent, Defendant GM owed a duty of due care to Plaintiff in the design, testing, manufacture, assembly, marketing and sale of the vehicle and all components and sub-assemblies of the vehicle, including the airbag components.

33. Upon information and belief, no material change was made to Plaintiff's vehicle or the airbag from the date of its manufacture and sale to the time of the collision and injuries that give rise to this action.

34. The airbag was defective in either its design or manufacture in that it did not deploy on impact, or otherwise did not function properly.

35. Defendant GM violated the duty imposed upon it by Federal and State of Michigan common law, statute, rules, regulations, or standards to equip Plaintiff's vehicle with a properly functioning inflatable automatic occupant crash protection system (airbag) that would prevent or reduce injury to occupants of Plaintiff's vehicle, including Plaintiff, in the event of a collision such as the one that occurred March 15, 2004, and said violation(s) are evidence of Defendant GM's negligence.

36. In addition, Defendant GM was negligent in the design and/or manufacture of said Chevrolet Blazer and/or its airbag in one or more of the following ways:

    a. Negligently designing, manufacturing, and/or marketing the Chevrolet Blazer with an airbag that did not function, functioned improperly, or was unreasonably likely to malfunction;

b. Knowingly and willfully designing, manufacturing, and/or equipping the Chevrolet Blazer with an airbag that was unreasonably likely to malfunction;

c. Negligently designing, manufacturing, and/or marketing the Chevrolet Blazer with a defective inflatable automatic occupant crash protection system;

d. Failing to warn Plaintiff that the proper use of the Chevrolet Blazer's inflatable automatic occupant crash protection system (airbag) could fail to protect him from injury;

e. Failing to warn Plaintiff of the unreasonable risk of severe injury due to malfunction of the airbag or its failure to deploy during a severe frontal collision, thus misleading Plaintiff into believing he was safer in his Chevrolet Blazer than he actually was;

f. Failing to adequately inspect or test the inflatable automatic occupant crash protection system (airbag), either prior to or after installation, to reasonably assure that it would function properly in a collision of the nature and severity of the one in which Plaintiff was injured; and

g. Other acts of negligence as yet unknown.

37. Each of these negligent acts or omissions subjected Plaintiff to an unreasonably increased risk of injury, or to an unreasonable risk of more severe injury.

38. As a direct and proximate result of the airbag's defect(s), failure to deploy, or its failure to function properly, Plaintiff sustained the injuries set forth below in this Complaint.

39. At the time of manufacture or distribution, Defendant GM had actual knowledge that the Chevrolet Blazer and/or its inflatable automatic occupant crash

protection system (airbag) was defective and that there was a substantial likelihood that the defect would cause the injuries that are the basis of this action, and Defendant GM willfully disregarded that knowledge in the manufacture or distribution of the Chevrolet Blazer, consistent with MCL 600.2949a.

40. MCL 600.2946a is inapplicable to this action for those reasons, and for the further reasons that said statute violates certain provisions of the United States Constitution found in the First, Seventh, and Fourteenth Amendments.

**WHEREFORE,** Plaintiff requests a verdict in whatever amount a jury may find that he is entitled in excess of $25,000 plus costs, interest, and attorney fees so wrongfully sustained.

### COUNT III: MICHIGAN PRODUCT LIABILITY-BREACH OF WARRANTY

41. Plaintiff incorporates all prior allegations as though fully restated herein.

42. At all times pertinent, Defendant GM was a merchant as to the Chevrolet Blazer purchased by Plaintiff.

43. At all times pertinent, Defendant GM expressly or impliedly warranted to persons purchasing its products, including Plaintiff, that its products were fit for the ordinary purpose for which such vehicles are used and were of good and merchantable quality and free from defects pursuant to MCL 440.2314.

44. Defendant GM breached its warranties by selling to Plaintiff a Chevrolet Blazer automobile that had, as one of its components, an inflatable automatic occupant crash protection system (airbag) that contained a defect that was attributable to Defendant GM, i.e. it failed to deploy during a collision or otherwise failed to function properly.

45. As a direct and proximate result of said breach of warranties, Plaintiff sustained the injuries set forth below in this Complaint.

**WHEREFORE,** Plaintiff requests a verdict in whatever amount a jury may find that he is entitled in excess of $25,000 plus costs, interest, and attorney fees so wrongfully sustained.

### PLAINTIFF'S INJURIES AND DAMAGES

46. Plaintiff incorporates all prior allegations as though fully restated herein.

47. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff suffered a greater injury than he would otherwise have suffered.

48. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff suffered severe and permanent injuries consisting of, among other things, a fractured hip, fractured knee, and fractured vertebra, and internal injuries, some or all of which are worsening over time.

49. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, the injured Plaintiff sustained severe bodily injuries, which were painful, disabling, and necessitated medical care. In addition thereto, said Plaintiff suffered shock and emotional damage and possible aggravation of dormant conditions, and was unable to attend to his usual affairs and render services as formerly, and was hampered in the enjoyment of the normal pursuit of life as before, and will have impaired earning capacity in the future, continued pain, and suffering as well as permanency, all as a result of Defendants' negligence.

50. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff has been compelled to expend, and may be required to expend in the future, large sums of money for medical care and treatment.

51. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff has lost wages and may continue to lose wages in the future.

52. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff has suffered economic losses.

53. As a direct and proximate result of Defendant GM's violations of law, negligence, and/or breaches of warranty, Plaintiff has suffered non-economic losses including, but not limited to, emotional pain and suffering.

**WHEREFORE,** Plaintiff requests a verdict in whatever amount a jury may find that he is entitled in excess of $25,000 plus costs, interest, and attorney fees so wrongfully sustained.

MURPHY'S LAW OFFICE, P.C.

BY: _____
JAMES D. MURPHY, JR. (P18095)
MICHAEL D. RITENOUR (P32485)
Attorneys for Plaintiff
24750 Lahser Road
Southfield, MI 48033
(248) 799-2991

Dated: March 13, 2007

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF TUSCOLA

LYON STEPHENS,

    Plaintiff,

vs.                                            Case No. 07_____-NP
                                            Hon.

GENERAL MOTORS CORPORATION,

    Defendant.
_____/

James D. Murphy, Jr. (P18095)
Michael D. Ritenour (P32485)
MURPHY'S LAW OFFICE, P.C.
Attorneys for Plaintiff
24750 Lahser Rd.
Southfield, MI 48033
(248) 799-2991
Fax (248) 353-0431
_____/

## JURY DEMAND

**NOW COMES** the above named Plaintiff, LYON STEPHENS, by and through his attorney, JAMES D. MURPHY, JR., and hereby demands a trial by jury of the things and matters as set forth in Plaintiff's Complaint.

                                                         **MURPHY'S LAW OFFICE, P.C.**

                                                      BY: _/s/ James D. Murphy, Jr._____
                                                       **JAMES D. MURPHY, JR. (P18095)**
                                                       **MICHAEL D. RITENOUR (P32485)**
                                                       Attorneys for Plaintiff
                                                       24750 Lahser Road
                                                        Southfield, MI 48033
                                                       (248) 799-2991

Dated: March 13, 2007

## PROOF OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WERE SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED ON THE MOTORS LIQUIDATION COMPANY CASE NUMBER 09-50026 ON July 20, 2009 BY:

X U.S. MAIL        FAX___
___ HAND DELIVERED    ___ OVERNIGHT COURIER
___ FEDERAL EXPRESS   OTHER___
SIGNATURE: _____
           Tatiana Johnson