HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                              :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*            :
:
                                   Debtors.        :    **(Jointly Administered)**
:
------------------------------------------------------------x

### REPLY OF THE DEBTORS TO OBJECTIONS OF THE SAINT REGIS MOHAWK TRIBE AND OF THE STATE OF NEW YORK TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Background**

       1.      On July 21, 2009, the Debtors filed a motion (the "**Motion**") to establish an orderly, regular process (the "**Monthly Interim Compensation Procedures**") for the monthly provisional allowance and payment of compensation and reimbursement of expenses

(the "**Monthly Interim Compensation**") pursuant to monthly statements (the "**Monthly Fee Statements**") for Professionals (as defined in the Motion) whose services are authorized by this Court pursuant to sections 327 or 1103, of title 11, United States Code (the "**Bankruptcy Code**") and who will be required on a regular basis to file applications (the "**Fee Applications**") for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

        2.        On July 29, 2009, the St. Regis Mohawk Tribe (the "**Tribe**") and the State of New York on behalf of the New York State Department of Environmental Conservation (the "**State**," and together with the Tribe, the "**Objectors**"), each filed a "limited" objection to the Motion (collectively, the "**Objections**").

### The Objections Should Be Overruled

        3.        There are several grounds upon which the Objections should be overruled. First, the Objectors are not harmed by the Monthly Interim Compensation Procedures because each of them have a full and fair means to review and, if necessary, object to Professionals' fees each time an interim Fee Application is filed pursuant to section 331 of the Bankruptcy Code. As discussed more fully in the Motion, all Professionals must file a comprehensive and detailed Fee Application covering a 120-day period, providing an explanation of the respective services rendered and costs incurred, and how their respective services benefited the Debtors' estates. Importantly, the Fee Applications, which cover all fees paid under the Monthly Interim Compensation Procedures for the 120-day period covered by that Fee Application, will be served on the list of parties in interest pursuant to Bankruptcy Rule 2002, which includes the State and can include the Tribe in the event it files a notice of appearance. Each Fee Application is subject

to review and objection by parties in interest, *including* the State and the Tribe. Any fees in the Fee Application deemed by the Court to be inappropriate or unreasonable, including any Monthly Interim Compensation that has already been paid pursuant to the Monthly Interim Compensation Procedures, are subject to disallowance and, if necessary, disgorgement to the Debtors' estates. The Motion could not be clearer on this point:

> (p) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

Motion ¶ 5.

4. Second, the Objectors are not harmed by the Monthly Interim Compensation Procedures because the Debtors are not administratively insolvent. Therefore, to the extent the Objectors believe they hold administrative expense claims, there is minimal, if any, risk that the Objectors' interests will be impaired in any way by the Monthly Interim Compensation Procedures. Nevertheless, it is the role of this Court – perhaps at the request of a party in interest – and not an individual creditor to make decisions related to the appropriateness of payments of fees in the face of potential administrative insolvency of a debtor.

5. Third, in contrast to the United States Trustee (the "**UST**") and the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**"), each of which has a detailed and in-depth understanding of the Debtors' chapter 11 cases and the progress being achieved, the Objectors have no foundation upon which to evaluate the services rendered for the month covered by a Monthly Fee Statement. The Monthly Fee Statements do not provide the same level of detail as set forth in the Fee Applications. Because the UST and the Creditors' Committee are familiar with all aspects of these chapter 11

cases, they are in a far better position to evaluate whether the Monthly Interim Compensation is appropriate.  This is in stark contrast to the Objectors, particularly the Tribe which has not even filed a notice of appearance in these chapter 11 cases to date.  The Objectors will have the opportunity to review and object to the fees requested by the Professionals upon being served with the Fee Applications, and this is more than adequate to protect their interests.

6. Fourth, it is inappropriate to allow the Objectors to object to the Monthly Fee Statements.  They are individual creditors that hold parochial interests in these cases.  Giving these individual Objectors the right to object to each Monthly Fee Statement and in effect cutting off the ability for Professionals to receive payments without immediate recourse to this Court would set a dangerous precedent and would enable the Objectors to have undue leverage.  The Objectors should not be given the ability to object to monthly professional fees as a means to advance their own narrow interests.

7. The Bankruptcy Code simply does not contemplate that retained professionals finance the administration of chapter 11 cases, and the Objectors should not be afforded the opportunity to utilize the monthly objection process to promote their unique interests.

8. The estates are sufficiently protected by virtue of the holdbacks proscribed by the proposed Interim Compensation Order and the ability of all parties in interest to assert and prosecute objections to Fee Applications when they are periodically filed.

WHEREFORE the Debtors respectfully request that the Court grant the Motion in all respects, overrule the Objections in their entirety, and grant the Debtors such other and further relief as it deems just and proper.

Dated: New York, New York
      July 31, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession