UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                      :
In re                                                 :       Chapter 11 Case No.
                                                      :
MOTORS LIQUIDATION COMPANY, *et al.*,   :       09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :
                                                      :
                       Debtors.                  :       (Jointly Administered)
                                                      :
---------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF ANDREW KRAMER

Andrew Kramer declares as follows:

1.     This supplemental declaration is submitted in further support of the Application Under 11 U.S.C. § 327(e) Authorizing Debtors to Employ and Retain Jones Day As Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date (Docket No. 3282) (the "**Application**").[1]  The facts set forth in this declaration are personally known to me or derived from information maintained in the ordinary and regular course of business at Jones Day.  I am submitting this supplemental declaration in response to follow-up inquiries from the Office of the United States Trustee.  This declaration is intended to supplement my declaration of July 21, 2009 (the "**Original Declaration**"), which was attached as an exhibit to the Application.

2.     To the extent Jones Day intends to do any new significant work for Motors Liquidation Corporation after July 10, 2009, beyond merely incidental work related to previously pending matters (e.g., communications regarding enforcing the automatic stay) or work related to its fee applications, Jones Day will enter into a new engagement agreement for such work with Motors Liquidation with respect to such matters.

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

US_ACTIVE:\43121634\02\43121634_2.DOC\72240.0639

3. With respect to Section 1(f) of the Application, Jones Day acknowledges that any expansion of services beyond those previously performed (commercial litigation, dealer litigation, pre-merger notification work, competition law filings and advice, ERISA and labor work, or tax work) will be requested by way of notice and approval with this Court to approve the expanded scope of services.

4. With respect to the payment of certain local counsel fees and expert fees, and based on information currently available, Jones Day expects the number of local counsel who have performed work in connection with GM matters since the Petition date to be less than six. Although not all invoices have been received, Jones Day expects that the local counsel fees for services rendered after June 1, 2009 will be just a few hundred dollars for each local counsel and expects the amount in aggregate to be less than $3,000. These expenses are minor incidental expenses akin to other vendors (e.g., court reporter bills), which Jones Day pays as an administrative convenience to the Debtors and which Jones Day charges as an expense. Jones Day understands that the Debtors are agreeable to this arrangement.

5. With respect to the representation of Michael Moore, Jones Day previously represented Mr. Moore in the case of <u>Abercrombie Chevrolet Inc. v. General Motors Corp. et al.</u> where Mr. Moore was named as a co-defendant with the Debtors for alleged acts as an employee of the Debtors undertaken in the scope of his employment. A dismissal entry has been submitted to plaintiff in that case for review and approval. The representation of Mr. Moore was incidental to the representation of the Debtors. Since June 1, 2009, no separate work was done in representing Mr. Moore other than communications on behalf of the Debtors.

6. Jones Day currently represents Old Carco LLC f/k/a/ Chrysler LLC, which is a matter of public record. Jones Day does not believe that any work that Jones Day has done

for Old Carco in connection with the Old Carco bankruptcy proceeding has been, or will be, adverse to the Debtors.    Nevertheless, out of an abundance of caution, attorneys who previously provided labor or antitrust advice to Debtors on potential mergers were screened off from Jones Day's representation of Old Carco.    Jones Day attorneys that represented Motors Liquidation in pending litigation matters before the Debtors filed for Chapter 11 continued to perform limited or incidental services in those particular matters (e.g., filing notices of suggestion of bankruptcy in dealer litigation) and some of those attorneys participated in the representation of Old Carco in Old Carco's bankruptcy proceedings, but there was no adversity of interests in such matters.

       7.    As disclosed in the Original Declaration, Jones Day performs limited services for certain nondebtor affiliates of the Debtors.    Jones Day provides services to GM (China) Investment Co. Ltd., which is a nondebtor affiliate of the Debtors which was used as part of their investments in China and was sold as part of the 363 Transaction.    Jones Day also provides services to GMAC Banque, which is a French subsidiary of GMAC, LLC, which in the past was wholly-owned by the Debtors and in which the Debtors hold a minority interest.    Jones Day also appeared in a lawsuit on behalf of Saab Cars USA, Inc. in which both Liquidation Motors and Saab Cars USA, Inc. were both named as parties.    That lawsuit was subject to the automatic stay upon the filing of the Chapter 11 petition.

       8.    Schedule 2 to the Original Declaration identified a long list of parties in interest who are current clients were clients of Jones Day within the last two years.    The Office of the United States Trustee has requested that Jones Day identify any client listed on Schedule 2 as a party in interest which accounts for more than 1% of its revenue.    One party listed on Schedule 2 may potentially represent more than 1% of Jones Day's revenue on a global basis

over the last 12 months.   Jones Day has not represented and will not represent that entity in matters adverse to the Debtors and related to the Special Counsel Matters.

9. Based on responses to supplemental email inquiries, no attorney at the firm or members of their households hold more than 500 shares of Motors Liquidation Company (f/k/a General Motors Corp.) ("**MLC**") stock, with the exception of two attorneys one of whom owns approximately 1,000 shares of MLC preferred stock, one of whom owns approximately 2,000 MLC common shares, and also with the exception of one attorney's wife who now owns 480 shares of MLC and a generation skipping trust of which the wife is the sole life beneficiary and co-trustee owns another 974 shares in MLC.   Based on the Firm's billing records, none of those Jones Day attorneys have billed time to MLC matters in 2009.   Based on a supplemental email to all currently active Jones Day attorneys, no attorney or members of their households hold any claim against the Debtors.   Jones Day attorneys or members of their households may own mutual funds or other investments that indirectly hold an interest in the Debtors, but Jones Day does not separately track such ownership interests.

10. To the best of my knowledge, information and belief, the contents of this declaration and my prior declaration in this matter are true and correct.

11. I declare under penalty of perjury that the foregoing matters and the matters set forth in my prior declaration in this matter are true and correct.

s/ Andrew Kramer_____<br>
Andrew Kramer

Executed in Washington, D.C. on
July 31, 2009