Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
**In re**                                                    :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,                    :    **09-50026 (REG)**
    **f/k/a General Motors Corp.**, *et al.*                :
:
                             **Debtors.**     :    **(Jointly Administered)**
:
-------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF DAVID W. FELL IN SUPPORT OF THE**
**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e) AND FED. R.**
**BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF LOWE,**
**FELL & SKOGG, LLC AS LEGAL COUNSEL**
***NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Henry I. Lowe declares as follows:

1. I am a managing member in the law firm of Lowe, Fell & Skogg, LLC ("LFS" or the "Firm"), a law firm with its office at 370 17th Street, Suite 4900, Denver, Colorado 80202.

2. I make this declaration to supplement and amend the Declaration of David W. Fell dated July 21, 2009 (the "Declaration"), filed with the Court in support of the Application of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 327(e) and Fed. R. Bankr. P. 2014 Authorizing Retention and Employment of Lowe, Fell & Skogg, LLC as Legal Counsel

*Nunc Pro Tunc* to the Commencement Date (the "Application"), and to provide required disclosures under Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b).

3. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts and matters set forth herein and if called as a witness, would testify to them.

4. The first and second sentences of Paragraph 12 of the Original Declaration are hereby amended and restated to read as follows: "The Firm conducted inquiries by email to all of the Firm's attorneys and professional employees to determine whether any such attorney or professional attorney holds a claim against stock in the Debtors. As a result of these inquiries, the Firm determined that, no LFS attorneys or professional employees, or members of their immediate families, hold any claims against or own stock in the Debtors."

5. Paragraph 10 of the Declaration is hereby amended by the addition of the following: "Except with respect to Qwest, LFS billings to the parties identified in Exhibit 1 to the Declaration for the calendar year 2008, and the 12-month period ending on the Commencement Date, have not exceeded one percent of LFS's total revenues for either of such periods. Billings to Qwest have exceeded one percent of LFS's total revenues for each of such periods. LFS's representation of Qwest to which such billings relate regards matters not involving the Debtors."

6. Under the Application, LFS seeks to be retained by Debtors only from the Commencement Date through July 10, 2009.

7. In clarification of the Application, clause (d) of Paragraph 1 thereof should be amended and restated to read as follows: "(d) real estate due diligence, and preparation of opinion letters and advice regarding local Colorado-real-estate law matters."

8. Paragraph 13 of the Application describes LFS's historical billing arrangements with the Debtors. Under the Application, LFS is not seeking to be retained to perform work to be billed to the Debtors at hourly rates. LFS does not anticipate that, during the period from the Commencement Date through July 10, 2009, it will represent the Debtors on matters historically billed at hourly rates. LFS seeks to represent the Debtors regarding Representative Matters at the fixed fee rates set forth in the Fixed Fee Agreements, prorated for the period from the Commencement Date through July10, 2009, an amount equal to $281,048.39 (one month at $212,500 plus 10/31 of one month at $68,548.39).

9. On matters performed under the Fixed Fee Agreements, at GM's request, LFS has historically provided "shadow bills" to GM through its electronic billing system. The shadow bills provide descriptions of work performed by whom on what day. They are used for informational purposes only. They are not invoices.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

s/ Henry I. Lowe
Henry I. Lowe

Executed in Denver, Colorado
On July 31, 2009