09-50026-mg    Doc 3605    Filed 08/02/09    Entered 08/02/09 14:09:37    Main Document
                                    Pg 1 of 3

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                : **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.***,** : **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*       :
                                                            :
                Debtors.         : (Jointly Administered)
                                                            :
------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT
OF FRANK LORINCZ IN SUPPORT OF THE DEBTORS' APPLICATION
PURSUANT TO 11 U.S.C. §§ 327(a) AND 330 AND FED. R. BANKR. P. 2014
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF LFR INC. AS ENVIRONMENTAL CONSULTANTS
TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

    Frank Lorincz declares as follows:

    1.    I am the Chief Executive Officer of LFR Inc. ("**LFR**"),[1] an environmental management and consulting firm, which maintains its corporate headquarters at 1900 Powell Street, 12th Floor, Emeryville, CA 94608.

    2.    I submit this supplemental declaration (the "**Lorincz Supplemental Declaration**") in support of the application dated July 21, 2009 (the "**Application**") of Motors

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Liquidation Company (f/k/a General Motors Corporation) ("**GM**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for authorization to employ and retain LFR as environmental consultants to the Debtors, *nunc pro tunc* to June 1, 2009 (the "**Commencement Date**"), pursuant to the terms and conditions set forth in the engagement letter entered into by LFR and the Debtors dated June 15, 2009 (the "**Engagement Letter**"). Unless otherwise stated in this Lorincz Supplemental Declaration, I have personal knowledge of the facts set forth herein.

3. This Declaration supplements my affidavit sworn to July 21, 2009 and submitted in support of the Application.

4. LFR and the Debtors entered into the Engagement Letter, whereby LFR agreed to assist the Debtors in determining the costs of actual or potential environmental liabilities arising from the Debtors' prepetition, historic operations. The Debtors also entered into agreements with The Claro Group, LLC ("**Claro Group**") and Brownfield Partners, LLC ("**Brownfield Partners**") to provide related services. Although the Debtors seek to retain LFR, Claro Group and Brownfield Partners to perform similar services, the services rendered by LFR are complementary and not duplicative in any manner with the services to be performed by any other party retained by the Debtors. The Debtors engaged each consultant for its distinct expertise: LFR for its remediation expertise; Claro Group for its financial expertise; and Brownfield Partners for its real estate and property reuse expertise.

5. As disclosed in the Lorincz Affidavit, LFR is a wholly-owned subsidiary of ARCADIS U.S., Inc. ("**ARCADIS**"). ARCADIS is and has been providing environmental and professional consulting services to the Debtors, both prepetition and postpetition, and has a prepetition claim against the Debtors totaling approximately $619,000. LFR, however, is a

2

separate entity from ARCADIS. LFR and ARCADIS have separate management and are engaged by the Debtors under separate agreements. Furthermore, the Debtors have assumed and assigned the ARCADIS contracts to General Motors Company ("**New GM**"), purchaser of substantially all of the Debtors' assets. Accordingly, ARCADIS's prepetition claim for $619,000 will be paid by New GM to cure the assumed and assigned ARCADIS contracts.

6. As described in the Application, LFR has agreed to indemnify the Debtors in certain circumstances specified in the Engagement Letter. The Debtors, however, do not owe any indemnification obligations to LFR.

7. Expenses arising under this engagement may include legal fees incurred by LFR in the ordinary course of providing services to the Debtors, such as the costs associated with retaining real estate counsel or the costs of retaining counsel to negotiate endorsements to insurance policies.

8. LFR continues to perform work related to the management and support of environmental management/compliance activities as described in the fifth bullet statement of Exhibit A to the Engagement Letter entitled, "Scope of Work."

9. LFR did not provide services to the Debtors before June 1, 2009.

By: s/ Frank Lorincz
Frank Lorincz

Date: August 2, 2009

3