UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                               :

**In Re**                                                                 :              Chapter 11

**MOTORS LIQUIDATION COMPANY** (f/k/a  :              Case No. 09-50026 (REG)
General Motors Corp.), et al.,                    :              (Jointly Administered)

        Debtors.                                       :              Hon. Robert E. Gerber

-------------------------------------------------------------------x

### ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS

Upon the Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors, dated July 17, 2009 (the "**Motion**"),[1] debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365 and 554 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of certain unexpired leases of personal property and/or for abandonment of collateral, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under MLC's prepetition secured term loan agreement, (v) the attorneys for the agent under MLC's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, and (xii) the counterparties to the Agreements listed on **Exhibit A** to the Motion, it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that

1. The Motion is granted as to the 2001 A-1 and 2001 A-2 Agreements only. As to the 2001 A-6 Agreement, the Motion is adjourned until August 18, 2009 at 9:45 a.m.

2. This Order is without prejudice to the rights of the Wells Fargo Bank Northwest, N.A., as indenture trustee ("**Indenture Trustee**"), to raise and assert, in connection with the hearing on the Motion as to the 2001 A-6 Agreement or in any other matters in this

bankruptcy proceeding, the matters set forth in the Indenture Trustee's objection filed in connection with the Motion (the "**Objection**").  All of the Indenture Trustee's objections in the Objection and the Debtors' rights to oppose the Objection are expressly reserved and the Court shall draw no inferences from the fact that the Objection was not asserted in connection 2001 A-1 and 2001 A-2 Agreements.

3. If the relief sought by the Motion in respect of the 2001 A-6 Agreement is granted on or before the conclusion of the hearing scheduled pursuant to paragraph 1 above (and any continuances thereof ordered by the Court), such relief will be *nunc pro tunc* to July 31, 2009 and all parties in interest will be deemed to have waived all claims for adequate protection and/or administrative rent for the period after July 31, 2009 through the time such relief is granted.

4. Through September 4, 2009 (or such later date as mutually agreed upon in writing by the parties), General Motors Company ("**GM**") shall, consistent with its existing plan for such activities, continue its dismantling and storage activities for a portion of the assembly line Equipment covered by the 2001 A-1 and 2001 A-2 Agreements while the Debtors, GM and the Indenture Trustee continue to negotiate a mutually satisfactory agreement regarding dismantling and removal of all of the Equipment covered by the 2001 A-1 and 2001 A-2 Agreements. GM shall not be entitled to compensation or reimbursement of expenses incurred or storage charges in respect of the period August 1, 2009 through September 4, 2009 (or such later date as mutually agreed upon in writing by the parties).

5. This Order is without prejudice to the rights of the Debtors or any parties in interest regarding the characterization of the 2001 A-1 and 2001 A-2 Agreements as leases of personal property or as disguised secured financing arrangements.

3

6. If the 2001 A-1 and 2001 A-2 Agreements are later determined to be leases of personal property and not disguised financing arrangements, (a) the 2001 A-1 and 2001 A-2 Agreements are deemed rejected as of July 31, 2009 *nunc pro tunc*, and (b) pursuant to Section 365(p) of the Bankruptcy Code, the automatic stay is terminated as to the Equipment covered by the 2001 A-1 and 2001 A-2 Agreements.

7. If the Agreements are later determined to be disguised secured financing arrangements and not leases of personal property, (a) the Equipment covered by the 2001 A-1 and 2001 A-2 Agreements is deemed abandoned pursuant to section 554 of the Bankruptcy Code as of July 31, 2009 *nunc pro tunc*, and (b) the automatic stay under section 362(a) of the Bankruptcy Code is lifted so that the appropriate parties may take possession of the Equipment covered by 2001 A-1 and 2001 A-2 Agreements.

8. This Order is without prejudice to the Indenture Trustee's right to assert claims against the Debtors or GM relating to the 2001 A-1 and 2001 A-2 Agreements, including, but not limited to, claims for rejection damages or claims in respect of the use of the Equipment that is the subject of the 2001 A-1 and 2001 A-2 Agreements.

9. The Debtors are authorized to execute all documentation the Debtors deem necessary to facilitate the expeditious removal of the Equipment 2001 A-1 and 2001 A-2 Agreements, subject to paragraph 4 above.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: **New York**, New York  
      **August 3, 2009**

*s/ Robert E. Gerber*  
United States Bankruptcy Judge

DETROIT.3751960.4