UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ------------------------------------------------------------ X | |
| In re: : | Chapter 11 Case No.: |
| : | |
| MOTORS LIQUIDATION COMPANY, et al. : | 09-50026 (REG) |
|          f/k/a General Motors Corp., et al. : | |
| : | |
|           Debtors. : | (Jointly Administered) |
| : | |
| ------------------------------------------------------------ X | |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS INFORMATION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY, *NUNC PRO TUNC* TO JUNE 3, 2009

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Motors Liquidation Company (collectively, the "**Debtors**") for entry of an order pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) authorizing the employment and retention of Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as information agent for the Committee, *nunc pro tunc* to June 3, 2009, to, among other things, create a website for the purpose of providing access to information to creditors; and upon the consideration of the Declaration of Daniel. C. McElhinney (the "**McElhinney Declaration**") attached to the Application as Exhibit B; and pursuant to the retention agreement (and pricing schedule annexed thereto) (together, the "**Retention Agreement**") by and between the Committee and Epiq, a true and correct copy of which is attached to the Application as Exhibit C; and it appearing that the relief requested is in the best interests of the Committee, the Debtors' estates and their creditors; and the Court being satisfied that Epiq has the capability and experience to provide such the services for which it is to be retained by the Committee and that Epiq does not hold an interest

**Error! Unknown document property name.**

adverse to the Debtors' estates respecting the matters upon which Epiq is to be engaged; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on representations made in the McElhinney Declaration that Epiq does not hold or represent an interest adverse to the Debtors' estates; and good and sufficient notice of the Application having been given; and no other or further notice being required; and sufficient cause appearing therefor; it is

**ORDERED**, that the Committee is authorized to employ and retain Epiq as its information agent in accordance with the terms and conditions set forth herein and in the Retention Agreement; and it is further

**ORDERED**, that Epiq will undertake, *inter alia*, the following actions and procedures:

(a) Maintain an Internet-accessed website (the "**Committee Website**") at www.motorsliquidationcreditorscommittee.com that provides, without limitation:

   (1) a link or other form of access to the website maintained by the Debtors' notice, claims and balloting agent at http://www.motorsliquidationdocket.com, which shall include, among other things, the case docket and claims register;

   (2) highlights of significant events in the Chapter 11 Cases;

   (3) deadlines for upcoming significant and material events;

   (4) a general overview of the chapter 11 process;

   (5) press releases (if any) issued by the Committee or the Debtors;

   (6) a list of entities that have purchased claims in the Debtors' chapter 11 cases

- 2 -

**Error! Unknown document property name.**

(7) a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

(8) a form to submit creditor questions, comments and requests for access to information;

(9) responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in the light of the nature of the information requested and the creditor's agreement to appropriate confidentiality and trading constraints;

(10) answers to frequently asked questions;

(11) links to other relevant websites;

(12) the names and contact information for the Debtors' counsel and restructuring advisor(s); and

(13) the names and contact information for the Committee's counsel and financial advisor(s);

(b) Maintain an electronic inquiry form for creditors to submit questions and comments.

(c) Assist the Committee with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the Committee and its counsel.

**ORDERED**, that without further order of the Court, the Debtors are authorized and directed to compensate Epiq on a monthly basis in accordance with the terms and conditions of the Retention Agreement, upon Epiq's submission to the Committee, the Debtors and the United States Trustee of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith; and it is further

**ORDERED**, that the Committee, the Debtors and the United States Trustee shall have ten (10) days to advise Epiq of any objections to the monthly invoices. If an objection is raised to an Epiq invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if applicable, will pay the remainder to Epiq upon the resolution of the dispute. All objections

- 3 -

**Error! Unknown document property name.**

that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court; and it is further

**ORDERED**, that the fees and expenses Epiq incurs in the performance of its services shall be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without further application to this Court; <u>provided</u>, <u>however</u>, that to the extent that fees and expenses are disallowed by this Court, Epiq shall not be entitled to an administrative expense for such disallowed fees and expenses; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
          <u>**August 3, 2009**</u>

<u>**s/ Robert E. Gerber**</u>
United States Bankruptcy Judge

- 4 -

**Error! Unknown document property name.**