```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY, et al.                           :   09-50026 (REG)
         f/k/a General Motors Corp., et al.                  :
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
------------------------------------------------------------ X
```

**ORDER ESTABLISHING PROCEDURES
FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)**

Upon the motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Motors Liquidation Company (collectively, the "**Debtors**") for entry of an order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c);[1] and it appearing that the relief requested is in the best interests of the Committee, the Debtors' estates and their creditors; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Motion having been given; and no other or further notice being required; and sufficient cause appearing therefore; it is hereby ORDERED, that:

    1.    The Motion is granted;

    2.    <u>Access to Creditor Information</u>.  In full satisfaction of the Committee's obligations to provide access to information to unsecured creditors in accordance with sections 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these chapter 11 cases or a further order

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

KL2 2613542.2

of the Court, establish and maintain the following procedures for disseminating information to unsecured creditors (the "**Creditor Information Protocol**"):

    (a) Establish and maintain a telephone number and electronic inquiry form for creditors to submit questions, comments and requests for access to information;

    (b) Establish and maintain an internet-accessed webpage (the "**Committee Website**") that provides non-confidential information, including:

        (1) highlights of significant events in the cases, including bar dates and other key case deadlines;

        (2) press releases (if any) issued by the Committee;

        (3) a link to the Debtors' bankruptcy information website; and

        (4) responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses to individual creditors in the exercise of its reasonable discretion, including in light of the nature of the information requested, and provided further that any inquiry involving confidential information shall be subject to the provisions set forth below, including the creditor's agreement to be bound by appropriate confidentiality and trading constraints, as approved by the Debtors and the United States Trustee.

3.    Confidential Communications. Except upon further order of the Court, the Committee and the other Committee Parties (as defined below) shall not disseminate, provide or disclose to any entity (as defined in section 101(15) of the Bankruptcy Code, an "**Entity**"): (a) any non-public information, documents, communications and matter of whatever nature and kind disclosed to the Committee or its representatives by or on behalf of Debtors, whether in writing or orally or in any other format, and designated or marked as confidential by the Debtors (collectively, with all summaries thereof or information derived therefrom, "**Confidential Material**"); provided, however, that Confidential Material shall not include information (i) that is available to or was in the possession of a member of the Committee (a "**Member**") on a non-confidential basis prior to the receipt of such information in its capacity as a Member, (ii) that is

KL2 2613542.2

separately received on a non-confidential basis by a Member outside of that Member's capacity as a Member, (iii) that is or becomes available to the public generally other than as a result of a breach of any of these provisions, or (iv) that becomes independently available to a Member by a means other than service on or in connection with its membership on the Committee so long as the Member's receipt of such information is not governed, to such Member's knowledge, by any other confidentiality provisions or agreements; and <u>provided</u> <u>further</u>, <u>however</u>, that with respect to clauses (i) or (iii) above, such information became available to the public or was obtained from a source that the Member reasonably believes was not prohibited from disclosing such information publicly; (b) any information or documents generated by the Committee, or by any of the Committee's professionals, or by any Member or counsel to any Member for the use of the Committee (collectively, "**Privileged Information**"), and (c) any communications among Members in their capacity as such and communications among Committee professionals and the Committee, including information regarding specific positions taken by Members (collectively, "**Committee Communications**" and collectively with Confidential Information and Privileged Information, "**Confidential Communications**"). Likewise, the Committee and its past, present and future members and their respective representatives, agents, advisors and professionals (collectively, the "**Committee Parties**") shall not be authorized to disseminate, provide or disclose to any Entity any of the Debtors' Confidential Material, except upon the Debtors' express written advance consent or otherwise in accordance with the terms and conditions of this Order.

        4.      <u>Information Received in Discovery</u>.  Subject to the terms of any protective order, sealing order or confidentiality agreement (the terms of which remain in effect and are not modified by this Order, as set forth in paragraph **11** below), any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order or agreement governing such discovery.

        5.    <u>Identification of Confidential Information</u>.  Upon request, the Debtors shall assist the Committee in identifying any Confidential Material concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee and its agents and professionals.  Any documents, information or other materials designated by the Debtors as confidential shall be treated as Confidential Material for purposes of this Order.

        6.    <u>Creditor Information Requests</u>. If a creditor (a "**Requesting Creditor**") submits a written request (including on the Committee Website or by electronic mail) (an "**Information Request**") for the Committee to disclose information, the Committee shall: (a) as soon as practicable, but in any event no more than 20 days after receipt of the Information Request, provide a response to the Information Request (including on the Committee Website) (a "**Response**"), by either providing access to the information requested or stating the reasons that the Information Request cannot be fulfilled; and (b) provide the Debtors with (i) notice and a copy of the Information Request within five business days of the submission of such Information Request and (ii) a copy of the Response concurrently with providing such Response to the Requesting Creditor.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Communications that need not (and/or cannot) be disclosed pursuant to the terms of this Order, the by-laws of the Committee, or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee and the Debtors regarding the Information

Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served on at least 20 days' notice on counsel to the Debtors, the United States Trustee and counsel to the Committee, and the hearing on any such motion otherwise shall be noticed and scheduled pursuant to the terms of rules of the Court. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or Debtors from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Communications, provided that the Committee shall not be required to disclose Committee Communications. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Material or Privileged Information.

       7. <u>Considerations for Requests for Confidential Information</u>. In its Response to an Information Request for access to Confidential Material or Privileged Information, the Committee shall consider whether (a) the Requesting Creditor (i) is willing to agree to confidentiality restrictions approved by the Debtors and/or the Committee with respect to such Confidential Material or Privileged Information and (ii) represents that any trading restrictions and related information-screening procedures comply with applicable securities laws (if any); and (b) under the particular facts, any particular confidentiality agreement and any information-screening process will reasonably protect the confidentiality of such information; <u>provided</u>, <u>however</u>, that if the Committee elects to (and is permitted to) provide access to Confidential Material or Privileged Information on the basis of such confidentiality and trading restrictions,

the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws (if any).  Notwithstanding the foregoing, the Committee shall not disclose the Debtors' Confidential Material to a Requesting Creditor without the Debtors' specific written consent, unless the Bankruptcy Court orders otherwise after notice to the Debtors and a hearing.  Any disputes with respect to this paragraph **7** shall be resolved as provided in paragraph **6** above and, to the extent applicable, paragraph **8** below.

        8.      <u>Restrictions on the Release of Confidential Information of Third Parties</u>. In addition, if the Information Request implicates Confidential Material of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Material to creditors, the Committee may make a demand (a "**<u>Demand</u>**") for the benefit of the Debtors' unsecured creditors, subject to the terms of paragraph **11** below, as follows:  (a) if the Confidential Material is information of the Debtors, by submitting a written request, each clearly captioned as a "**<u>Committee Information Demand</u>**," to counsel for the Debtors ("**<u>Debtors' Counsel</u>**"), stating that such information is proposed to be disclosed in the manner described in the Demand unless the Debtors file an objection to such Demand on or before 15 days after the service of such Demand and subject to the Committee Parties' compliance with the terms of the applicable confidentiality agreements as set forth in paragraph **11** below; and, after the lodging of any such objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand; and (b) if the Confidential Material is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity or the Debtors file an objection to such Demand on or before 15 days after the

6

service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand. In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph **8**, no such information shall be disclosed except to the extent provided in an order by the Court that has become final and non-appealable.

9. <u>Determination of Creditors Subject to Disclosure</u>. Nothing in this Order shall require the Committee or the Debtors to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee and the Debtors, each in their sole discretion, or to the Court after notice and a hearing, that it holds a claim of the kind described in section 1102(b)(3)(A)(i) of the Bankruptcy Code.

10. <u>Exculpation</u>. None of the Debtors (or their non-Debtor direct and indirect subsidiaries) or the Committee Parties (collectively, the "**Exculpated Parties**") shall have or incur any liability to any Entity (including the Debtors and its affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of the Creditor Information Protocol, the Committee Website and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph **10** that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or this Order. Without limiting the foregoing, the exculpation provided in this paragraph **10** shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

11. <u>Existing Confidentiality Agreements</u>. Nothing in this Order shall diminish

7

or otherwise modify the obligations of the Committee Parties under any confidentiality agreements with the Debtors or any other Entity or the confidentiality provisions of the Committee's by-laws, all of which shall remain in full force and effect.

12. _Effectiveness_.  This Order shall be effective as of the Formation Date.

13. _Binding_.  This Order shall be binding in all respects on (a) the Committee Parties and (b) the Debtors and any successors thereto.

14. _Jurisdiction_.  This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated:  New York, New York
        _August 3, 2009_

                                    _s/ Robert E. Gerber_
                                    United States Bankruptcy Judge

KL2 2613542.2