**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                        :    Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    09-50026 (REG)
      f/k/a **General Motors Corp.,** *et al.*   :
                                                             :
                                Debtors.     :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF LFR INC. AS ENVIRONMENTAL CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated July 21, 2009 (the "**Application**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11, United States Code ("**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of LFR Inc. ("**LFR**") as an environmental management and consulting services provider, *nunc pro tunc* to the Commencement Date, as more fully described in the Application; and upon consideration of the Affidavit of Frank Lorincz, Chief Executive Officer of LFR, sworn to July 21, 2009 (the "**Lorincz Affidavit**"), filed in support of the Application, a copy of which is attached to the Application as Exhibit "A;" and upon consideration of the supplement declaration and disclosure statement of Frank Lorincz, Chief Executive Officer of LFR, signed on August 2, 2009 (the "**Lorincz Supplemental Declaration**"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application, the Lorincz Affidavit and the

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Supplemental Lorincz Declaration, that LFR represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(a) and 330 of the Bankruptcy Code, the Debtors are authorized to retain and employ LFR as their environmental management and consulting services provider, *nunc pro tunc* to the Commencement Date, on the terms and conditions generally described in the Application and set forth in the Engagement Letter; and it is further

ORDERED that LFR shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that LFR shall notify in writing this Court, the Debtors, the U.S. Trustee, and any official committee of any change in the hourly rates charged by LFR for services rendered; and it is further

ORDERED that LFR will provide written notice to the Creditors' Committee and the U. S. Trustee if the total cost of services provided exceeds the estimate of $200,000; and it is further

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *August 3, 2009*

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge