**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :        Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :        **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.*            :
                                                             :
                   **Debtors.**                              :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE CLARO GROUP, LLC AS ENVIRONMENTAL CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated July 21, 2009 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 327(a) and 330 of title 11, United

States Code ("**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

("**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of The

Claro Group ("**Claro Group**") as an environmental management and consulting services

provider, *nunc pro tunc* to the Commencement Date, as more fully described in the Application;

and upon consideration of the Affidavit of Douglas H. Deems, the General Counsel and a

Managing Director of Claro Group, sworn to July 21, 2009, filed in support of the Application, a

copy of which is attached to the Application as Exhibit A (the "**Deems Affidavit**"), and upon

consideration of the supplemental declaration and disclosure statement of Douglas H. Deems, the

General Counsel and a Managing Director of Claro Group, sworn to July 31, 2009 (the "**Deems**

---

[1]        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**Supplemental Declaration**"), filed in support of the Application; and the Court being satisfied,

based on the representations made in the Application, the Deems Affidavit and the Deems

Supplemental Declaration, that Claro Group represents or holds no interest adverse to the

Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and

due and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(a) and 330 of the Bankruptcy Code, the

Debtors are authorized to retain and employ Claro Group as their environmental management

and consulting services provider, *nunc pro tunc* to the Commencement Date, on the terms and

conditions generally described in the Application and set forth in the Engagement Letter; and it

is further

ORDERED that Claro Group shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of

New York and orders of the Court, guidelines established by the U.S. Trustee, and such other

procedures as may be fixed by order of this Court; and it is further

ORDERED, that the United States Trustee retains all rights to object to Claro

Group's interim and final fee applications (including expense reimbursement) on all grounds

including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that Claro Group shall notify in writing this Court, the Debtors, the U.S. Trustee, and any official committee of any change in the hourly rates charged by Claro Group for services rendered; and it is further

ORDERED that that all requests of Claro Group for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Claro Group be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED that Claro Group's liability will not be limited to the total compensation received and retained by Claro Group, or the limits of Claro Group's insurance coverage, whichever is greater, in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED that in no event shall Claro Group be indemnified if the Debtors or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, Claro Group's own bad-faith self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED, that in the event that Claro Group seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnity provisions in the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Claro Group's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *__August 3, 2009__*

                            *s/ Robert E. Gerber*
                            United States Bankruptcy Judge