**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*  :
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
                                                        :
---------------------------------------------------------------x


### ORDER PURSUANT TO 11 U.S.C. § 327(e) AUTHORIZING THE EMPLOYMENT AND RETENTION OF JONES DAY AS SPECIAL COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application dated July 21, 2009 (the "**Application**")[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 2014 (a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") for authorization to employ and retain Jones Day ("**Jones Day**") as special

counsel for the Debtors, *nunc pro tunc* to June 1, 2009, the date on which Debtors commenced

their Chapter 11 cases (the "**Petition Date**") pursuant to the terms set forth in the Application;

and upon the Declaration of Andrew Kramer, a partner of Jones Day, dated July 21, 2009, filed

in support of the Application and annexed to the Application as **Exhibit C** (the "**Kramer**

**Declaration**"); and upon the Supplemental Declaration of Andrew Kramer dated July 31, 2009

(the "**Kramer Supplemental Declaration**"), and the Court being satisfied based on the

representations made in the Application, the Kramer Declaration, and the Kramer Supplemental

Declaration, that Jones Day neither holds nor represents any interest adverse to the Debtors and

---
[1] Unless otherwise defined, capitalized terms used herein shall have the same meanings ascribed to them in the Application.

their estates with respect to the matters on which it is being engaged; and notice of the

Application having been provided, and it appearing that no other or further notice need be

provided; and the relief requested in the Application being in the best interests of the Debtors and

their estates and creditors; and the Court having reviewed the Application; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved, *nunc pro tunc* to the Petition Date; and it is

further

ORDERED that pursuant to sections 327(e) of the Bankruptcy Code, the Debtors are

authorized to employ, retain and compensate Jones Day *nunc pro tunc* to the Petition Date on the

terms and conditions set forth in the Application and Kramer Declaration including, without

limitation, compensating Jones Day at the rates described in the Kramer Declaration, except that

any expansion of services beyond (a) commercial litigation (including, but not limited to, dealer

litigation); (b) pre-merger notification work; (c) competition law filings and advice; (d) ERISA

and labor work or (e) tax work shall require written notice provided to the Court, the U.S.

Trustee and the Creditors' Committee; and it is further

ORDERED that Jones Day shall file fee applications for interim and final allowance of

compensation and disbursement of expenses pursuant to the procedures set forth in sections 330

and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, the Local Bankruptcy Rules,

any orders of this Court, and guidelines established by the Office of the United States Trustee;

and it is further

ORDERED that Jones Day is authorized to include invoices for local counsel as itemized

expenses on its fee applications in these cases and such invoices shall be payable as an expense

under any interim compensation procedures established in these cases; and it is further

ORDERED that notice of the Application as provided herein shall be deemed good and

sufficient notice of the Application, and it is further

ORDERED that the requirement, pursuant to Local Rule 9013-1(b), that the Debtors file

a separate memorandum of law in support of the Application is unnecessary and hereby

dispensed with; and it is further

ORDERED that Jones Day shall notify in writing this Court, the Debtors, the U.S.

Trustee, and any official committee of any change in the hourly rates charged by Jones Day for

services rendered; and it is further

ORDERED that to the extent Jones Day intends to do any new significant work for the

Debtors after July 10, 2009, beyond merely incidental work related to previously pending

matters (e.g., communications regarding enforcing the automatic stay) or work related to its fee

applications, Jones Day will enter into a new engagement agreement for such work with the

Debtors with respect to such matters; and it is further

ORDERED, that to the extent this Order is inconsistent with the Special Counsel Matters,

this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated:   New York, New York
          *August 3, 2009*


                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge

US_ACTIVE:\43120560\02\43120560_2.DOC\72240.0639