**HEARING DATE AND TIME: August 3, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 29, 2009 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :     Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :     09-50026 (REG)
    f/k/a General Motors Corp., et al.                       :
                                                             :
                     Debtors.                                :     (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND**
**FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND**
**EMPLOYMENT OF BAKER & MCKENZIE AS SPECIAL COUNSEL**
**TO THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon the Application, dated July 21, 2009 (the "**Application**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of Baker & McKenzie ("**Baker**") as special counsel to the Debtors, *nunc pro tunc* to the Commencement Date, all as more fully described in the Application; and upon the Amended and Restated Declaration of A. Duane Webber dated July 31, 2009, and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

US_ACTIVE:\43120517\02\43120517_2.DOC\72240.0639

legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to sections 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain Baker as special counsel to the Debtors on the terms set forth in the Application and this Order, effective *nunc pro tunc* to the Commencement Date, for the Representative Matters identified in the Application and in accordance with Baker's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Baker shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that Baker shall notify in writing this Court, the Debtors, the U.S. Trustee, and any official committee of any change in the hourly rates charged by Baker for services rendered; and it is further

ORDERED that Baker's retention by the Debtors in connection with potential sales and purchases of assets involving Delphi Corporation, its assets and affiliates is for the period from June 1, 2009 through July 10, 2009; and it is further

ORDERED that Baker's retention by the Debtors in connection with the negotiation and implementation of potential investments and funding arrangements in Europe is for the period from June 1, 2009 through July 10, 2009; and it is further

ORDERED that notwithstanding the above decretal paragraphs, Baker may continue to provide those other services as set forth in the Application; and it is further

ORDERED, that to the extent this Order is inconsistent with the Representative Matters, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
   *August 3, 2009*

            *s/ Robert E. Gerber*
            United States Bankruptcy Judge