| | |
|---|---|
| KLESTADT & WINTERS, LLP<br>Tracy L. Klestadt<br>Samir P. Gebrael<br>292 Madison Avenue, 17th Floor<br>New York, New York 10017<br>(212) 972-3000<br>*Co-Counsel to the Brittinghams* | **Presentment Date:**<br>**August 18, 2009** |

- and -

MEYER & WILLIAMS,
ATTORNEYS AT LAW, P.C.
Robert N. Williams
Pamela Harvey
350 E. Broadway
P.O. Box 2608
(307) 733-8300
*Counsel to the Brittinghams*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re                                                      :     Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, et al.,                        :     Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS, CORP. *et al*.,                      :
                                                           :
            Debtors.                                       :
-----------------------------------------------------------x

**APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND
DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL
EXAMINATION OF INDIVIDUALS DESIGNATED BY THE DEBTORS AND
<u>BELIEVED TO HAVE KNOWLEDGE OF THE RELEVANT MATTERS</u>**

TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

  Julie Brittingham and her husband, David (hereinafter, collectively, "the Brittinghams"),

by their undersigned counsel, hereby move this Court for entry of an order pursuant to Rule 2004

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") directing (A) the

production of documents, and (B) the oral examination of individuals designated by the Debtors

and believed to have knowledge of the relevant matters, as specified below.  In support of their motion (the "<u>Application</u>"), the Brittinghams respectfully represent as follows:

## FACTS

### A. <u>Background Regarding the Brittinghams' Claim</u>

1. On February 8, 2001, through the Meyer & Williams, Attorneys at law, P.C., personal injury law firm, the Brittinghams sued the Debtors and Dr. Virginia Stull ("<u>Stull</u>") in the Common Pleas Court of Montgomery County, Ohio, Brittingham v. General Motors Corporation, et al., Case No. 2001 CV 00664 ("<u>Ohio State Case</u>" or "<u>State Case</u>"), for performing Julie Brittingham's *pre-employment* physical negligently, for failing to notify her that her lung function was severely abnormal, for negligently approving her for employment for which she was not physically fit, and for failing to refer her to a qualified physician, as GM policies and procedures required.

2. The Ohio State Case has been in litigation for many years with one trip to the Sixth Circuit Court of Appeals which took away a summary judgment granted in favor of the Debtors.

3. Julie Brittingham's lung condition has since gotten markedly worse and she is currently waiting to get a lung transplant.

4. In the State Case, the Julie Brittingham seeks damages personal to her such as pain, suffering, medical expense, decreased life expectancy, disability, loss of consortium, loss of enjoyment of life, mental and emotional anguish, loss of wages, transportation, and other expenses, and David Brittingham seeks damages for loss of consortium.  The Brittinghams estimate that their past and future damages will add up to be several million dollars.

**B. Debtors' Chapter 11 Filing**

5.   On June 1, 2009 (the "**Petition Date**"), General Motors Corp. and certain of its affiliates ("**GM**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.   On June 1, 2009, the Court entered an order directing the joint administration of the Debtors' Chapter 11 cases. The Debtors' cases are consolidated for procedural purposes only.

## PREDICATES FOR RELIEF

7.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

8.   By this Application, the Brittinghams require the entry of an order directing the Debtors to (A) produce certain documents, and (B) make available for oral examination certain individuals of the Debtors' choosing believed to have knowledge of the relevant matters. The Brittinghams, a party in interest, wish to investigate the acts, conduct, property, liabilities, and financial condition of the Debtors, and assess Debtors' tort liability insurance coverage pertaining to the State Case vis-à-vis the Brittinghams, including potential causes of action arising from such matters. Thus, it is appropriate to obtain documents and testimony from the Debtors.

9.   Bankruptcy Rule 2004 provides, in relevant part:

   (a)   Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

3

  (b)  Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to anymatter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .

  (c)  Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

  10. It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a 'fishing expedition.'" In re M4 Enterprises, Inc., 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); see also In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("R2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); In re Frigitemp Corp., 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

  11. Examinations under Bankruptcy Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. The information sought by the Brittinghams in connection with this Application is consistent with Rule 2004. At a minimum, the Brittinghams are entitled to determine whether insurance benefits exist as part of the Debtors' bankruptcy assets, either through private policies or through a self-insured program that could apply to their claims in the State Case. The answers to these queries could entitle the Brittinghams to pursue a claim in the instant bankruptcy

4

proceeding regarding any available insurance benefits, and Rule 2004 is precisely intended to facilitate this process. See In Re Ecam, 131 B.R. 556 (Bankr. S.D.N.Y. 1991) (the intended use of Rule 2004 is, "namely, to determine whether there are grounds to bring an action to recover property of the estate.")

12.     The Brittinghams are a "party in interest" entitled to take examination(s) and to request documents under Rule 2004. The Bankruptcy Code does not include a definition of a party in interest.

> "However 11 U.S.C. § 1109 makes clear that any 'party in interest' may appear and be heard in a chapter 11 case. Section 1109(b) provides that '[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.' The term 'party in interest' is not limited by the small list of examples in Section 1109(b)".

See 3 Norton Bankruptcy Law and Practice Section 54.02 at part 54 (1987). Furthermore, Section 1109(b) must be construed broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard. In re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985). "Courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation". In re Texaco, Inc., 81 B.R. 820, 828 (Bankr. S.D.N.Y. 1988) (quoting In re Amatex Corp., 755 F.2d at 1042.); also See In re Ionoshpere, 101 B.R. at 849-850 ("the party requesting standing must either be a creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate"). The Brittinghams will clearly be affected by the instant bankruptcy proceedings; the determination whether their potential future liability judgment against the Debtors will be paid is included in the proceedings.

13. Moreover, Section 101(10) of the Bankruptcy Code defines a creditor as an entity that has a "claim" against either the debtor or the estate, arising at certain specified times. In turn, a claim under Section 101(5) of the Bankruptcy Code is defined as:

> "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

Consequently, the Brittinghams are a "creditor" with a "claim" against the Debtors.

14. Here, the Brittinghams are seeking an examination of the Debtors and the production of documents directly related to assets of the Debtors' estates, including, but not limited to, Debtors' insurance coverage, or lack thereof, (and potential causes of action arising from such matters.) Such an inquiry is clearly within the purview of a Rule 2004 examination. See, In re Texaco, Inc., 79 B.R. 551 (Bankr. S.D.N.Y. 1987), where creditor's overly broad Rule 2004 request for examination and document production was narrowed by the Bankruptcy Court to still include, among other things, production of liability insurance policies and documents with respect to purchase or renewal of director and officer insurance.

15. In In re Int'l Fibercom, Inc., 283 B.R. 290 (Bankr. D. Az. 2002), an insurance company that provided payment and performance bonds for a debtor who failed to complete a construction contract sought discovery regarding those pending claims as well as any other potential claims, because it held a subrogation interest through the debtor. The In re Int'l Fibercom Court held that the insurance company was a party of interest pursuing the intended purpose of Rule 2004, that is "to allow the court to gain a clear picture of the condition and the

6

whereabouts of the bankrupt's estate." (Id at 292), as a result, the Court provided the insurance company broad examination and document production from the debtor under Rule 2004. Likewise, the existence and kind of insurance benefits available from the Debtors' assets for the State Case are squarely within the scope of discovery contemplated by Rule 2004.

16.     Pursuant to Bankruptcy Rule 2004, the Brittinghams seek authority to compel production of the requested documents as identified on Exhibit A to the attached proposed order (the "**Document Request Subpoena**") so as to be received by the Brittinghams' counsel not later than 30 Days from the Date the attached order is entered.

17.     Pursuant to Bankruptcy Rule 2004(c), the Brittinghams request authority to issue a subpoena to individuals designated by the Debtors and within the control of the Debtors and believed to have knowledge of the matters specified in Exhibit A to the attached proposed order (the "**Individual Subpoena**").  The examinations will be conducted on no less than seven (7) days' notice at a location to be determined by the Brittinghams that is within 100 miles of the location of the Debtors or person to be examined.

18.     The Brittinghams request that this Court retain jurisdiction to resolve any objections to the proposed order, to the requested examinations, and production of documents.

## NOTICE

19.     Notice of this Application has been given in accordance with and pursuant to Rules 2004, 9014 and 7004 of the Federal Rules of Bankruptcy Procedure.  The Brittinghams respectfully submit that no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

20.     Because this Application presents no novel issues of law and the authorities relied upon by the Brittinghams are set forth herein, the Brittinghams respectfully

request that the Court waive the requirement for the filing of a separate memorandum of law in support of this Application pursuant to Local Bankruptcy Rule 9013-1(b).

## PRIOR REQUEST FOR RELIEF

WHEREFORE, the Brittinghams respectfully request entry of an order:

(a)   granting the relief requested in the Motion;

(b)   directing the Debtors to produce the documents described in the Document Request Subpoena as **Exhibit "A"** to the attached proposed Order;

(c)   authorizing the Brittinghams to issue a subpoena directing certain individuals of Debtors' choosing believed to have knowledge of the relevant matters to submit to oral examination, pursuant to Rule 2004(c) of the Bankruptcy Rules and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7030, concerning the matters set forth in Exhibit A to the attached proposed Order;

(d)   granting the Brittinghams such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 5, 2009

                                        KLESTADT & WINTERS, LLP

                                        By:  *Samir P. Gebrael*
                                             Tracy L. Klestadt
                                             Samir P. Gebrael

                                        292 Madison Avenue, 17th Floor
                                        New York, New York 10017
                                        Telephone: (212) 972-3000
                                        Facsimile: (212) 972-2245

                                               -   and   -

8

MEYER & WILLIAMS,
ATTORNEYS AT LAW, P.C.
Robert N. Williams
Pamela T. Harvey
350 E. Broadway
P.O. Box 2608
Jackson, WY 83001
Telephone: (307) 733-8300
Facsimile: (307) 733-5258

*Co-Counsel to the Brittinghams*