**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                              :    Chapter 11
                                                                                      :
MOTORS LIQUIDATION COMPANY, *et al*.,       :    Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS, CORP. *et al*.,              :
                                                                                      :    (Jointly Administered)
                                                                                      :
                        **Debtors.**                                          :
---------------------------------------------------------------x

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING (A)
THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL EXAMINATION
OF INDIVIDUALS DESIGNATED BY THE DEBTORS AND BELIEVED TO
<u>HAVE KNOWLEDGE OF THE RELEVANT MATTERS</u>**

TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      Upon application of Julie Brittingham and her husband David, (collectively the "**Brittinghams**"), for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing (A) the production of documents, and (B) the oral examination of individuals designated by the Debtors and believed to have knowledge of the relevant matters, as specified below (the "**Application**"); and notice of the Application having been given to all parties required to receive such notice pursuant to the bankruptcy rules, and no other or further notice being required and sufficient cause appearing therefore, it is hereby

      ORDERED that the Application is granted in its entirety; and it is further

      ORDERED that the Brittinghams are hereby authorized to issue a subpoena or other process to compel the production of documents ("**Document Request Subpoena**") and Debtors are directed to produce in response to the Document Request Subpoena all responsive documents described in Schedule A annexed hereto so as to be received not later than 30 Days from the Date this order is entered, subject to any documents withheld under a claim of privilege, by

delivery via overnight courier, to Tracy L. Klestadt, Esq., and Samir P. Gebrael, Esq., Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017; and it is further

ORDERED that the Debtors are directed to provide a privilege log in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure, for any documents withheld from production on account of a privilege, by delivery via overnight courier, to Tracy L. Klestadt, Esq. and Samir P. Gebrael, Esq, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017, to be received not later than 30 Days from the Date this order is entered; and it is further

ORDERED that the Brittinghams are authorized, but not required, to issue the following subpoenas compelling oral examinations under oath: (i) a subpoena (the "**Individual Subpoena**") compelling an individual designated and within control by the Debtors and believed to have knowledge of the matters concerning Exhibit A to testify; and it is further

ORDERED that the examination conducted pursuant to the Individual Subpoena: (i) shall be upon seven (7) days' notice to the person or entity to be examined and (ii) shall be conducted within 100 miles of the Debtors or other person to be examined, at a location to be determined by the Brittinghams, unless otherwise agreed between the Debtors and the Brittinghams; and it is further

ORDERED that this order is without prejudice to the rights of the Brittinghams to apply for further discovery of the Debtors, or of any other person or entity; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examinations, and the production of documents.

Dated: August ___, 2009
      New York, New York

                                                 _____
                                                 United States Bankruptcy Judge

## SCHEDULE A

### Definitions and Instructions

A. Pursuant to Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

B. "GM" or "Debtors" refers broadly to Motors Liquidation Company (f/k/a/ General Motors Corp.) and all of its affiliates.

C. The term "GM Sale Order" refers to the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief.

D. The term "Insurance Provider" means the insurance company that provides tort liability insurance coverage to GM from claims related to negligence, professional misconduct, negligently approving an employee for employment which they are not physically fit to do, and for failing to refer an employee to a qualified physician.

E. The term "Insurance Commission" means the agency that regulates insurance companies.

F. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

G.    The term "State Case" means the claim filed by Meyer & Williams, Attorneys at law, P.C., on behalf of the Brittinghams against the Debtors and Dr. Virginia Stull ("**Stull**") in the Common Pleas Court of Montgomery County, Ohio, Brittingham v. General Motors Corporation, et al., Case No. 2001 CV 00664.

H.    The term "including" means "including but not limited to."

I.    These requests for the production of documents and things require Debtors to produce all responsive documents and things in their possession, custody, or control, without regard to the physical location of such documents and things.  Debtors have the duty to search for responsive documents and things in all media and sources in their possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities.  Debtors have the duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

J.    In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this action, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive.  If there are no documents responsive to a request herein, the response to such request shall so state.

K.    Each page of all documents and all things produced in response to this subpoena shall be marked by a unique Bates number to allow for accurate identification.

4

L. In accordance with Local Bankruptcy Rule 7034-1, in connection with any objection or request for relief with respect to the document requests herein, Debtors shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following each specification, set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

M. In accordance with Local Bankruptcy Rule 7034-1, if a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, Debtors' written objection to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and Debtors shall provide, at the time of the response to this subpoena, a list setting forth as to each document or portion of document withheld, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not apparent, the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

5

      N.      If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (vii) the reason that the document was destroyed, deleted or otherwise disposed of.

## Documents Requested

**Request No. 1**: Copies of all policies of insurance or indemnity issued to the policyholder, GM or Debtors applicable or related to the State Case.

**Request No. 2**: Documents and things constituting or otherwise sufficient to show, payments or transfers of any kind by Debtors to any Insurance Provider related to the State Case.

**Request No. 3**: Copies of underwriting files relating to the policies issued to the policyholder associated with the State Case.

**Request No. 4**: All documents and things constituting or concerning communications, or meetings, to or from, or by and between, GM and any Insurance Provider applicable or related to the State Case.

**Request No. 5**: All documents related to the identification of coverage defenses principally relied upon by any Insurance Provider.

6

**Request No. 6:** All documents related to GM's calculation of the amount needed to be set aside in order to self-insure the State Case, including but not limited to, actuarial information, risk analysis, and general insurance information.

**Request No. 7:** Identify all policies of insurance, and the limits of coverage for each, that could apply to the claims made against the Debtors named in the State Case. Include self-insured, private, and umbrella policies. For each policy, state the policy number, the dates of coverage, and the company issuing the policy. Provide a complete copy of the declarations and policy for each.

**Request No. 8**: All documents related to Debtors' filing of any claim or notice under any policy of insurance regarding the claims made by the Brittinghams in the State Case.

**Request No. 9**: For any self-insured program relevant to the State Case, identify the State(s) and/or Insurance Commission under which self-insured status was obtained, provide documentation establishing the Debtors' self-insured status, provide documentation establishing the amount of self-insurance coverage, and provide the dates of self-insured status. Provide all documentation establishing the Debtors' compliance with the terms of the self-insured program. Identify the financial institution, with applicable account numbers, that maintained the Debtors' funds for the self-insured program(s); and provide a balance statement for those accounts from 1995 through the present.

**Request No. 10:** All reservation of rights letters issued to Virginia Stull concerning the State Case.

**Request No. 11**: All documents evidencing Delphi Corporation's (*aka* Delphi

7

Automotive Systems Corporation) duty to indemnify General Motors Corporation for any and all claims arising out of the State Case.

**Request No. 12**: All documents related to the sale of the insurance policies and the rights of the proceeds thereof, as indicated in "Section 2.2 Purchased and Excluded Assets" of the GM Sale Order.

**Request No. 13**: All documents and things constituting or concerning communications, or meetings, to or from, or by and between, GM and any Insurance Provider related to the GM Sale Order.

Dated: New York, New York
August 5, 2009

        KLESTADT & WINTERS, LLP

        By: __/s/ Samir Gebrael__
            Tracy L. Klestadt
            Samir P. Gebrael

            292 Madison Avenue, 17th Floor
            New York, New York 10017
            Telephone: (212) 972-3000
            Facsimile: (212) 972-2245

            - and -

            MEYER & WILLIAMS,
            ATTORNEYS AT LAW, P.C.
            Robert N. Williams
            Pamela T. Harvey
            350 E. Broadway
            P.O. Box 2608
            Jackson, WY 83001
            Telephone: (307) 733-8300
            Facsimile: (307) 733-5258