HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                              :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,          :    **09-50026 (REG)**
  f/k/a General Motors Corp., *et al.*             :
:
                                  Debtors.         :    **(Jointly Administered)**
:
------------------------------------------------------------x

# NOTICE OF HEARING ON MOTION OF DEBTORS
# FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
# RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN
# WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

PLEASE TAKE NOTICE that upon the annexed Motion, dated August 5, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), for an order, pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure, enlarging the time within which to file notices of removal of related proceedings, as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 18, 2009 at 9:45 a.m. (Eastern**

**Time**)**,** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:  Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **August 13**, **2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE THAT if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 5, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :   Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :   09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                    :
                      Debtors.      :   (Jointly Administered)
                                    :
------------------------------------------------------------x
```

# MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

## Relief Requested

1.  The Debtors request issuance of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the Debtors' time, under Bankruptcy Rule 9027(a), to file notices of removal (the "**Removal Period**") of the civil

actions and proceedings in state and federal courts to which the Debtors are parties (the "**Civil Actions**") from August 30, 2009 until the date an order is entered confirming any chapter 11 plan in the Debtors' chapter 11 cases.   The Debtors are aware of more than 31,000 litigation claims pending in a variety of state and federal courts as of June 1, 2009 (the "**Commencement Date**").

### Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### The Relief Requested Should Be Approved by the Court

3. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

4. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027.

5. Accordingly, the time within which the Debtors must file motions to remove any pending prepetition Civil Actions currently is set to expire on August 30, 2009.

6. Bankruptcy Rule 9006 permits the Court to enlarge the Removal Period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b)(i).

7. It is well established that this Court is authorized to enlarge the Removal Period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (expansion of time to file notices of removal is authorized under Bankruptcy Rules); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that Supreme Court intended to give bankruptcy judges power to enlarge filing periods set forth in Bankruptcy Rule 9027(a)).

8. The Debtors are continuing to review their records to determine whether they should remove any Civil Actions. Because the Debtors are aware of more than 31,000 pending litigation claims, and because the Debtors' key personnel are assessing these lawsuits while being actively involved in these complex chapter 11 cases, the Debtors require additional time to consider filing notices of removal of the Civil Actions.

9. The Debtors believe that the proposed time extension will provide sufficient additional time to allow them to consider, and make decisions concerning, the removal of the Civil Actions. Unless such enlargement is granted, the Debtors will not have sufficient time to consider the removal of the Civil Actions.

### Notice

10. Notice of this Motion has been provided to (i) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street,

Third Floor, New York, New York 10007 (Attn:   David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (viii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.   The Debtors submit that such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 5, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

09-50026-mg    Doc 3674    Filed 08/05/09    Entered 08/05/09 15:21:02    Main Document
Pg 9 of 10
HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                   :

In re                                               :         Chapter 11 Case No.

MOTORS LIQUIDATION COMPANY, *et al.*,  :         09-50026 (REG)
     f/k/a General Motors Corp., *et al.*   :

                             Debtors.       :         (Jointly Administered)
                                                   :
------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULES
9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH
<u>TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS</u>**

Upon the Motion, dated August 5, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure, for entry of an order enlarging the time within which to file notices of removal of related proceedings, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

        ORDERED that the time provided by Bankruptcy Rule 9027 within which the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Debtors may file notices of removal of Civil Actions is extended until the date an order is entered confirming a chapter 11 plan in the Debtors' chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       [_____], 2009

_____
United States Bankruptcy Judge