HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 13,  2009 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
------------------------------------------------------------x

**NOTICE OF DEBTORS' FIFTH OMNIBUS MOTION PURSUANT
TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated August 5, 2009

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to

section 365, of title 11, United States Code to reject certain executory contracts (collectively, the

"**Executory Contracts**"), as more fully set forth in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **August 18, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan

48265 (Attn:  Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit,

Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft

LLP, attorneys for the United States Department of the Treasury, One World Financial Center,

New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of

the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn:

Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada,

1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and

Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn:  Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st

Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's

Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S.

Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **August 13, 2009,**

**at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

       If no objections are timely filed and served with respect to the Motion, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Motion, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      August 5, 2009

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :      Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :      09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                      :
                    Debtors.          :      (Jointly Administered)
                                      :
------------------------------------------------------------x
```

**DEBTORS' FIFTH OMNIBUS MOTION PURSUANT**
**TO 11 U.S.C § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), respectfully represent:

## Relief Requested

1.      Pursuant to section 365(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory

contracts (the "**Executory Contracts**").  A list of the affected Executory Contracts is attached

hereto as **Exhibit A**.  The Debtors request that the rejection of the Executory Contracts be

effective as of August 18, 2009 (the "**Rejection Date**").  A proposed form of order (the

"**Order**") is attached hereto as **Exhibit B**.

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**"),

requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and

(m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets

pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the

"**MPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors Company) ("**New GM**"),

a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"),

free and clear of liens, claims, encumbrances, and other interests (the "**363 Transaction**"), (ii)

the assumption and assignment of certain executory contracts and unexpired leases of personal

property and of nonresidential real property, and (iii) the approval of the UAW Retiree

Settlement Agreement, subject to higher or better offers.

4.       On July 5, 2009, the Court approved the 363 Transaction and entered the Sale Order (as modified by the Court), and on July 10, 2009, the 363 Transaction closed. Accordingly, the Debtors no longer operate as manufacturers of any GM branded motor vehicles, nor do they retain the rights to use GM trademarks in the wind-down of their business.  All such manufacturing operations and trademark rights have been sold to New GM pursuant to the 363 Transaction.

**The Executory Contracts**

5.       The Debtors are currently undergoing a comprehensive review of their executory contracts to determine which contracts to assume and which to reject.  Because the Debtors have sold substantially all of their assets in the 363 Transaction and are now winding down their remaining operations, the Debtors no longer require certain executory contracts and will seek to reject those contracts that provide no meaningful value or benefit to the Debtors' estates.  The Debtors have reviewed the Executory Contracts that are the subject of this Motion and have determined, in the their sound business judgment, that continuing the Executory Contracts would be burdensome and would provide no corresponding benefit or utility to the Debtors or their estates.

6.       The Executory Contracts include (1) various marketing and sponsorship agreements relating to GM branded vehicles, and (2) an agreement providing for certain work related to displaying GM branded vehicles at auto shows across the United States, including fabrication of exhibits, design work, and on-site setup.  The Executory Contracts all relate to GM brands that were included in the 363 Transaction or will be eliminated as part of the Debtors' wind-down process.  After reviewing the Executory Contracts, New GM elected not to take assignment of any of the Executory Contracts.

7.       The Debtors' business purpose at this stage in their chapter 11 cases is clear and simple: to liquidate any assets remaining following the close of the 363 Transaction as efficiently and cost-effectively as possible in order to maximize the value of the recovery for their creditors.  Following the close of the 363 Transaction, the Debtors no longer manufacture GM branded vehicles.  Therefore, the Executory Contracts are not necessary for the Debtors' continued business operations or the administration of the Debtors' estates, and maintaining the Executory Contracts would impose unnecessary costs and burdens on the Debtors' estates.  The Debtors have also explored the possibility of marketing the Executory Contracts, but have determined that doing so would provide no meaningful benefit or value to the Debtors' estates.  Accordingly, the Debtors submit this Motion to reject the Executory Contracts.

8.       In each instance, the Debtors propose that the rejection of the Executory Contracts be effective as of August 18, 2009.

### Rejection of the Executory Contracts Is Supported by the Debtors' Business Judgment and Should Be Approved by the Court

9.       Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.' " *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

10.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business

judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

11.    The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

12.     As noted above, the Debtors have reviewed the Executory Contracts and have determined that in light of the sale of substantially all of the Debtors' assets and subsequent wind-down, the Executory Contracts are no longer necessary for or beneficial to the Debtors' ongoing business, and create unnecessary and burdensome expenses for the Debtors' estates.  In addition, the Debtors have determined that no meaningful value would be realized by the Debtors if the Executory Contracts were assumed and assigned to third parties.  Accordingly, the Executory Contracts should be rejected.

### Notice

Notice of this Motion has been provided to (i) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:  Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn:  John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington, DC 20220 (Attn:  Matthew Feldman, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn:  Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Diana G. Adams, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn:  David S. Jones, Esq. and Matthew L. Schwartz, Esq.); (viii) the counterparties to the Executory Contracts; and (ix) all entities that requested notice in these

6

chapter 11 cases under Fed. R. Bankr. P. 2002.  The Debtors submit that such notice is sufficient

and no other or further notice need be provided.

       WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
      August 5, 2009

                /s/ Joseph H. Smolinsky
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

## Exhibit A

**Executory Contracts**

| | Contract Counterparty | Counterparty Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 1 | Broadway in Chicago | Broadway in Chicago<br>Attn: Eileen Lacario<br>151 West Randolph Street<br>Chicago, IL 60601-3108 | Promotional Marketing Agreement | 8/30/2004 |
| 2 | Childress Howard Motorsports | Childress Howard Motorsports<br>Attn: Max Crawford<br>3495 Denver Drive<br>Denver, NC 28037 | Sponsorship Agreement | 1/1/2009 |
| 3 | JR Motorsports | JR Motorsports<br>Attn: Kelley Elledge<br>349 Cayuga Drive<br>Mooresville, NC 28117 | Sponsorship Agreement | 1/1/2008 |
| 4 | Kevin Harvick Inc. | Kevin Harvick Inc.<br>Attn: Kevin Harvick<br>703 Park Lawn Court<br>Kernersville, NC 27284 | Sponsorship Agreement | 1/1/2007 |
| 5 | Stihl Incorporated | Stihl Incorporated<br>Attn: Tom Trebi<br>536 Viking Drive<br>Virginia Beach, VA 23452-7316 | Promotional Marketing Agreement | |
| 6 | H. B. Stubbs Co. | H. B. Stubbs Co.<br>27027 Mound Road<br>Warren, MI 48092-2615 | Exhibits and displays for autoshows, including fabrication of exhibits, design work, and on-site setup | 5/8/2008 |
| 7 | Warren Johnson | Warren Johnson<br>700 North Price Road, Sugar Hill<br>Buford, GA 30518 | Sponsorship Agreement | 1/1/2009 |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                             :
In re                                        :        Chapter 11 Case No.
                                             :
MOTORS LIQUIDATION COMPANY, et al.,          :        09-50026 (REG)
      f/k/a General Motors Corp., et al.     :
                                             :
                          Debtors.           :        (Jointly Administered)
                                             :
------------------------------------------------------------x
```

### FIFTH OMNIBUS ORDER PURSUANT TO 11 U.S.C. § 365 OF THE
### BANKRUPTCY CODE TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion, dated August 5, 2009 (the "**Motion**")[1], of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a)

of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the

Debtors to reject certain executory contracts, all as more fully described in the Motion; and due

and proper notice of the Motion having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that each of the Executory Contracts listed on **Annex I** attached hereto is an executory contract capable of being rejected under section 365 of the Bankruptcy Code; and it is further

ORDERED that the rejection of the Executory Contracts, as set forth herein, (1) constitutes an exercise of sound business judgment by the Debtors, made in good faith and for legitimate commercial reasons; (2) is appropriate and necessary under the circumstances described in the Motion; and (3) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Debtors are hereby authorized to reject the Executory Contracts listed on **Annex I** attached hereto and all related amendments and supplements thereto effective as of August 18, 2009; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## **Annex I**

### **Executory Contracts**

| | Contract Counterparty | Counterparty Address | Contract Description | Contract Date |
|---|---|---|---|---|
| 1 | Broadway in Chicago | Broadway in Chicago<br>Attn: Eileen Lacario<br>151 West Randolph Street<br>Chicago, IL 60601-3108 | Promotional Marketing Agreement | 8/30/2004 |
| 2 | Childress Howard Motorsports | Childress Howard Motorsports<br>Attn: Max Crawford<br>3495 Denver Drive<br>Denver, NC 28037 | Sponsorship Agreement | 1/1/2009 |
| 3 | JR Motorsports | JR Motorsports<br>Attn: Kelley Elledge<br>349 Cayuga Drive<br>Mooresville, NC 28117 | Sponsorship Agreement | 1/1/2008 |
| 4 | Kevin Harvick Inc. | Kevin Harvick Inc.<br>Attn: Kevin Harvick<br>703 Park Lawn Court<br>Kernersville, NC 27284 | Sponsorship Agreement | 1/1/2007 |
| 5 | Stihl Incorporated | Stihl Incorporated<br>Attn: Tom Trebi<br>536 Viking Drive<br>Virginia Beach, VA 23452-7316 | Promotional Marketing Agreement | |
| 6 | H. B. Stubbs Co. | H. B. Stubbs Co.<br>27027 Mound Road<br>Warren, MI 48092-2615 | Exhibits and displays for autoshows, including fabrication of exhibits, design work, and on-site setup | 5/8/2008 |
| 7 | Warren Johnson | Warren Johnson<br>700 North Price Road, Sugar Hill<br>Buford, GA 30518 | Sponsorship Agreement | 1/1/2009 |