**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :

**In re**                                                :        **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :        **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*      :
                                                    :
                       **Debtors.**                :        **(Jointly Administered)**
                                                    :
------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF DEBTORS
FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. § 363 AUTHORIZING THE DEBTORS TO AMEND THE
TERMS OF THEIR ENGAGEMENT LETTER WITH AP SERVICES, LLC**

        PLEASE TAKE NOTICE that upon the annexed Motion, dated August 5,

2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors

Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), for an

order, pursuant to section 363 of title 11, United States Code, authorizing an amendment

to the terms of the engagement letter between the Debtors and AP Services, LLC, as

more fully set forth in the Motion, a hearing will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York

US_ACTIVE:\43125970\02\43125970_2.DOC\72240.0639

10004, on **August 18, 2009 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **August 13, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 5, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
   f/k/a General Motors Corp., et al.     :
                                          :
                           Debtors.       :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING THE DEBTORS TO AMEND THE TERMS OF THEIR ENGAGEMENT LETTER WITH AP SERVICES, LLC

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company ("**MLC**" and f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. The Debtors request authority to amend the terms of the engagement letter between the Debtors and AP Services, LLC ("**APS**") under section 363 of title 11, United States

US_ACTIVE:\43117501\06\43117501_6.DOC\72240.0639

Code (the "**Bankruptcy Code**"), as reflected in that certain letter agreement, dated July 23, 2009, a copy of which is annexed hereto as Exhibit "A" (the "**First Amendment**").

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. On July 2, 2009, this Court entered an Order[1] authorizing the Debtors to employ and retain APS to provide crisis management services, *nunc pro tunc* to June 1, 2009 (the "**Commencement Date**"), on the terms set forth in the engagement letter between APS and the Debtors, dated May 29, 2009 (the "**Engagement Letter**"), and as modified by that order.

4. On July 5, 2009, this Court entered its Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser (the "**Purchaser**"); (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the **"Sale Order"**) [Docket No. 2968].

5. In connection with the consummation of the sale pursuant to the Sale Order and by Order dated July 5, 2009, the Court approved that certain Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement (the "**DIP Agreement**") pursuant to which $1,175,000,000 (the "**DIP Facility**") is to be loaned to MLC to fund the wind-down of the Debtors' estates.

---

[1] Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date dated July 2, 2009 [Docket No. 2949].

**The Relief Requested Should Be Approved by the Court**

6.  The Debtors request the Court approve the amendment to the Engagement Letter, as set forth in the First Amendment (the Engagement Letter, as amended by the First Amendment, is hereinafter referred to as the "**APS Agreement**"). The First Amendment is in the best interests of the Debtors and their estates in that it provides certain incentives for APS to maximize value and expedite distributions to holders of allowed claims.

7.  Since the Commencement Date, APS has rendered value-adding services to the Debtors, and following the sale of substantially all of the Debtors' assets to the Purchaser, APS has begun executing the Debtors' orderly wind-down with the goal of proposing a liquidating chapter 11 plan as expeditiously as practicable. The services APS has rendered and will render to the Debtors are essential to the orderly and efficient administration of these cases.

8.  The First Amendment, the terms of which have been agreed to by the United States Department of Treasury (the "**Treasury**") and the Official Committee of Unsecured Creditors (the "**Committee**"), provides for certain modifications to the Engagement Letter which, in principal part, are summarized as follows:

> **(1) Hourly Fee Reductions:** For hours worked after the effective date[2] of the First Amendment, APS will reduce its standard hourly fees contemplated by section 1 of Schedule 1 of the Engagement Letter as follows: (i) for fees incurred after the effective date up to the aggregate amount of $60 million (calculated using 100% of standard hourly rates), APS will discount each bill to 85% of total incurred standard hourly fees; and (ii) for fees incurred after the effective date exceeding $60 million (calculated using 100% of standard hourly rates), APS will discount each bill to 75% of total incurred standard hourly fees.
>
> **(2) Discretionary Fees:** As contemplated by section 2 of Schedule 1 of the Engagement Letter, in addition to the Success

---

[2] The effective date of the First Amendment is July 10, 2009.

Fee of $13 million (half of which has been paid), APS will receive certain fees (the "**Discretionary Fees**") based on APS meeting certain milestones in connection with the administration of these cases:

>   (a) <u>Total Unsecured Creditor Claims</u>.  In the event that the total unsecured claims pool (including bond claims) is less than $35 billion, APS shall be entitled to a Discretionary Fee of $5.0 million.  In the event that the total unsecured claims pool (including bond claims) is equal to or greater than $35 billion but less than $42 billion, APS shall be entitled to a Discretionary Fee of $2.5 million.  In the event that the total unsecured claims pool exceeds $42 billion, APS shall not be entitled to a Discretionary Fee for this milestone; and
>
>   (b) <u>Confirmation of a Plan</u>.  In the event that the Debtors confirm a plan and such plan is effective on or before May 28, 2010, APS shall be entitled to a Discretionary Fee of $2.5 million; and
>
>   (c) <u>Distribution of Stock and Warrants</u>.  In the event that 70% or more of each of the common stock and warrants of the Purchaser, received by the Debtors in connection with the Sale is distributed to unsecured creditors within 60 days of the effective date of a plan, APS shall be entitled to a Discretionary Fee of $2.5 million.

The Discretionary Fees provided above shall supersede any Discretionary Fee payable under the original Engagement Letter.

> **(3) Incentive Payments:**  In consideration of APS' agreement to reduce its standard hourly billings, APS will be paid certain incentive payments (the "**Incentive Payments**") in the event that (i) the amount of allowed priority claims is reduced; or (ii) the costs associated with the wind-down of the Debtors are less than contemplated by the DIP facility.  These payments are as follows:
>
>   (a) <u>Reduction of Priority Claims</u>.  In the event that allowed priority claims, which are currently estimated at $100 million, are reduced by at least $25 million, APS shall receive 5% of such reduction in excess of $25 million at such time as any excess monies are returned to the Lenders under the DIP Agreement, and

(b) <u>Reduction of All Other Net Costs of the Wind-Down</u>. APS shall receive 15% of each dollar that is returned to the Lenders in respect of the DIP Facility. For example, if $50 million is returned to the Lenders, then $42.5 million will be remitted to the Lenders and $7.5 million will be paid to APS. Provided, however, that in calculating monies returned to the Lenders any fees and expenses paid to the professionals and advisors retained by the Committee and any ad-hoc committees in excess of $17.2 million shall be treated as if such excess were available for return to the Lenders. Further provided that calculations pursuant this paragraph 3(b) shall exclude any monies returned in 3(a) above. Any payment(s) made pursuant to this provision during the pendency of the chapter 11 cases will be subject to the approval of the Committee, such approval not to be unreasonably withheld. Upon emergence of the Debtors from bankruptcy and prior to the final dissolution of the estates, any such payments will be subject to approval of the members of the board of directors of the successor entity who are appointed by the Committee (or such other Committee designee that is reasonably acceptable to APS), such approval not to be unreasonably withheld. Upon final dissolution of the Debtors, a final accounting of amounts earned and unpaid will be submitted to the board for approval.

**(4) Termination Without Cause:** Upon termination of the Agreement by the Debtors, unless such termination is by the Debtors for Cause (as defined in the Engagement Letter), APS shall be entitled to immediate payment of (i) the second payment of the Success Fee (as defined in the Engagement Letter); and (ii) any Incentive Payments or Discretionary Fees earned pursuant to the First Amendment, but in no event less than $2.5 million if such termination occurs within one year of the effective date of the First Amendment and $5.0 million if it occurs after one year; and (iii) all fee reductions made pursuant to paragraph 1 above; and (iv) all other accrued but unpaid fees and expenses.

Notably, all of the foregoing discretionary and incentive fees that may be payable to APS are payable from the proceeds of the DIP Facility and it is not expected that such fees would adversely impact amounts available in the Debtors' estates for distributions to creditors.

9. As stated, the Debtors believe that the First Amendment is in the best interests of their estates and creditors. The First Amendment reduces APS' hourly rates and provides certain incentives which should inure to the benefit of the Debtors' creditors. These incentives are reasonable under the circumstances and should help serve to maximize value for the benefit of all stakeholders. The First Amendment also should promote the efficient and expeditious administration of these estates. Moreover, the parties representing the major creditors – the Treasury and the Committee have fully reviewed and considered the First Amendment and have consented to the terms thereof. Accordingly, the Debtors submit that the First Amendment should be approved.

## Notice

10. Notice of this Motion has been provided to (i) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (viii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

11.  Other than the Motion which resulted in the July 2, 2009 Order authorizing APS' retention, no previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       August 5, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

## Exhibit A

**First Amendment**

APServices LLC                    Chicago  Dallas  Detroit  Los Angeles  New York  San Francisco  Washington, DC

July 23, 2009

Board of Directors
Motors Liquidation Company
f/k/a General Motors Corporation
GM Global Headquarters
Attn: Mail Code 482-C37-A99
300 Renaissance Center
Detroit, MI 48265

Re:   Agreement for Interim Management and Restructuring Services – First Amendment

Dear Sirs:

This letter represents the first amendment (the "First Amendment") to the agreement between AP Services, LLC, a Michigan limited liability company ("APS") and General Motors Corporation n/k/a Motors Liquidation Company ("Motors Liquidation", the "Company" or the "Debtor") dated May 29, 2009 (the "Engagement Letter" and, along with this First Amendment, the "Agreement"). Unless otherwise modified herein, the terms and conditions of the Engagement Letter remain in full force and effect.

APS was retained by the Company and certain of its affiliates to act as crisis managers in connection with their chapter 11 reorganization proceeding. In addition, Albert A. Koch was appointed to serve as the Debtors Chief Restructuring Officer. Upon the closing of the Related Section 363 Transactions[1], Mr. Koch was appointed Chief Executive Officer of Motors Liquidation.

This First Amendment shall be effective immediately upon the closing of the Related Section 363 Transactions authorized by that certain Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief (the "Sale Order"), entered on July 5, 2009, in the bankruptcy proceeding of Motors Liquidation and certain of its affiliates pending in the United States Bankruptcy Court for the Southern District of New York, being case no. 09-50026 (the "Bankruptcy Case").

After negotiations with the United States Department of Treasury (the "U.S. Treasury") and the Official Committee of Unsecured Creditors (the "Committee"), and in anticipation of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in that certain Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide For Debtors' Post-Petition Wind-Down Financing (the "Wind-Down Financing Order") or the Sale Order, as hereinafter defined.

# APServices LLC

Motors Liquidation Company
July 23, 2009
Page 2 of 4

wind-down of the Debtor as contemplated by the Wind-Down Financing Order, APS has agreed to modify certain key payment provisions in the Engagement Letter Schedule 1 with Motors Liquidation. Specifically:

1. **Hourly Fee Reductions:** For hours worked after the effective date of this First Amendment, APS agrees that it will reduce its standard hourly fees contemplated by section 1 of Schedule 1 of the Engagement Letter as follows: (i) for fees incurred after the effective date of this First Amendment up to the aggregate amount of $60 million (calculated using 100% of standard hourly rates), APS will discount each bill to 85% of total incurred standard hourly fees; and (ii) for fees incurred after the effective date of this First Amendment exceeding $60 million (calculated using 100% of standard hourly rates), APS will discount each bill to 75% of total incurred standard hourly fees.

2. **Discretionary Fees:** As contemplated by section 2 of Schedule 1 of the Engagement Letter, in addition to the Success Fee of $13 million, APS has obtained the approval of the U.S. Treasury for Discretionary Fees based on APS meeting certain key milestones in connection with the Bankruptcy Case. Each of the Discretionary Fees shall be due and payable at such time as the milestone is met by APS. The components of the Discretionary Fees are as follows:

   a. Total Unsecured Creditor Claims. In the event that the total unsecured claims pool (including bond claims) is less than $35 billion, APS shall be entitled to a Discretionary Fee of $5.0 million. In the event that the total unsecured claims pool (including bond claims) is equal to or greater than $35 billion but less than $42 billion, APS shall be entitled to a Discretionary Fee of $2.5 million. In the event that the total unsecured claims pool exceeds $42 billion, APS shall not be entitled to a Discretionary Fee for this milestone; and

   b. Confirmation of a Plan of Liquidation. In the event that the Debtors confirm a plan of liquidation or any other plan and such plan is effective on or before May 28, 2010, APS shall be entitled to a Discretionary Fee of $2.5 million; and

   c. Distribution of Stock and Warrants. In the event that APS distributes 70% or more of each of the Common Stock and Warrants of the Purchaser, received by the Debtors in connection with the Related 363 Sale Transactions, to the Debtors' unsecured creditors within 60 days of the effective date of a confirmed plan of liquidation, APS shall be entitled to a Discretionary Fee of $2.5 million.

APServices LLC

Motors Liquidation Company
July 23, 2009
Page 3 of 4

3. **Incentive Payments:** In light of APS' agreement to reduce its standard hourly billings, Debtor has agreed to pay APS certain incentive payments in the event that (i) the Debtor reduces priority claims payments; or (ii) provides for the return of monies to the Lenders whether from reductions in expenses, increased assets sale proceeds or any other means related to the administration of the Bankruptcy Case contemplated by the Wind-Down Financing Order ("Incentive Payments") and more specifically outlined in the Wind-Down Budget. The agreed Incentive Payments are outlined below.

   a. Reduction of Priority Claims. In the event that the Debtor reduces required payments on priority claims, which are currently estimated at $100 million, by at least $25 million, Debtors will pay APS 5% of each dollar in reductions in excess of $25 million at such time as excess monies are returned to the lenders, and

   b. Reduction of All Other Net Costs of the Wind-Down Budget. Debtors shall pay APS 15% of each dollar that is returned to the Lenders. For example, if $50 million is returned to the Lenders then $42.5 million will be remitted to the Lenders and $7.5 million will be earned by APS. Provided, however, that in calculating monies returned to the Lenders any fees and expenses paid to the professionals and advisors of the Unsecured Creditors Committee and any ad-hoc committees in excess of $17.2 million shall be treated as if such excess were available for return to the Lender. Further provided that calculations pursuant this paragraph 3(b) shall exclude any monies returned in 3(a) above. The payment(s) made during the bankruptcy proceeding will be subject to the approval of the Unsecured Creditors Committee, such approval not to be unreasonably withheld. Upon emergence from bankruptcy and prior to the final dissolution of the estate payments will be subject to approval of the members of the board of directors appointed by the Unsecured Creditors Committee (or such other Unsecured Creditors' Committee designee that is reasonably acceptable to APS), such approval not to be unreasonably withheld. Upon final dissolution of the Company a final accounting of amounts earned and unpaid will be submitted to the board for approval.

4. **Termination Without Cause:** Upon termination of the Agreement, unless such termination is by the Debtor for Cause (as defined in the Engagement Letter), APS shall be entitled to immediate payment of (i) the Second Payment of the Success Fee (as defined in the Engagement Letter); and (ii) any Incentive Payments or Discretionary Fees earned pursuant to this First Amendment, but in no event less than $2.5 million if such termination occurs within one year of the effective date of the First Amendment and $5.0 million if it occurs after one year; and (iii) all fee reductions made pursuant to paragraph 1 above; and (iv) all other accrued but unpaid fees and expenses.

# APServices LLC

Motors Liquidation Company
July 23, 2009
Page 4 of 4

Each of the U.S. Treasury, the Committee, the Debtor and APS have consented to the Agreement and to pre-approval of the Second Payment of the Success Fee, the Incentive Payment and the Discretionary Fees (collectively, the "Success Fees"). The Debtor agrees that as soon as practicable after the date of the closing of the Section 363 Sale Transactions, the Debtor will file a motion (the "Motion") to modify that certain Amended Order Authorizing the Debtors to Employ and Retain APS as Crisis Managers and Designating Albert A. Koch as Chief Restructuring Officer, entered on July 2, 2009.

\* \* \* \* \*

If these terms meet with your approval, please sign and return a copy of this First Amendment. We look forward to our continuing relationship with you.

Sincerely yours,

AP SERVICES, LLC

By: Albert A. Koch
Its: Authorized Representative


Acknowledged and Agreed to:
MOTORS LIQUIDATION COMPANY
By: _____
        Stephen H. Case
Its:    Chairman of the Board of Directors
Dated:  July 24, 2009

**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: August 13, 2009 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING**
**THE DEBTORS TO AMEND THE TERMS OF THEIR**
**ENGAGEMENT LETTER WITH AP SERVICES, LLC**

Upon the Motion, dated August 5, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 363 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the amendment of the terms of the Engagement Letter, dated May 29, 2009, between the Debtors and AP Services, LLC ("**APS**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the First Amendment is approved; and it is further

ORDERED that all references to the Engagement Letter in the prior Order of this Court, entered on July 2, 2009 authorizing the retention of APS [Docket No. 2949], shall be deemed to include the First Amendment; and it is further,

ORDERED that except to the extent modified by the First Amendment, the terms and provisions of the Engagement Letter remain in full force and effect; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
　　　　August __, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge