**Hearing Date and Time: August 18, 2009 at 9:45 a.m. (Eastern Time)**
**Objection Date and Time: August 13, 2009 at 4:00 p.m. (Eastern Time)**

Robert B. Weiss
Donald F. Baty, Jr.
Judy B. Calton
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7344
Facsimile: (313) 465-7345

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In Re**                                                   :    Chapter 11
                                                            :
**MOTORS LIQUIDATION COMPANY** (f/k/a                       :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                              :    (Jointly Administered)
                                                            :
        Debtors.                                            :    Hon. Robert E. Gerber
                                                            :
------------------------------------------------------------x

**NOTICE OF MOTION FOR ENTRY OF ORDER AUTHORIZING**
**REJECTION OF AGREEMENT FOR ENGINE MAINTENANCE**
**SERVICES FOR GULFSTREAM V AIRCRAFT**

**PLEASE TAKE NOTICE THAT:**

On August 6, 2009, Motors Liquidation Company (f/k/a General Motors Corp.), *et al.* ("**MLC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed their *Motion for Entry of Order Authorizing Rejection of Agreement For Engine Maintenance Services For Gulfstream V Aircraft* (the "**Motion**").

The Motion seeks authority, pursuant to sections 365 of title 11 of the United States Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure for entry of an order

authorizing the Debtors to reject an agreement with Jet Support Services, Inc. for maintenance of the engines associated with certain Gulfstream V aircraft (the "**GV Agreement**"), as more fully set forth in the Motion. A hearing, with respect to the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **August 18, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Debtors, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. Robert B. Weiss, Esq., Donald F. Baty, Jr., Esq. and Judy B. Calton, Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: **www.gmcourtdocs.com**.

The deadline to file any objections and responses to the Motion is **August 13, 2009** at 4**:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting

party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn: Robert B. Weiss, Donald F. Baty, Jr. and Judy B. Calton, 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corp.), 300 Renaissance Center, Detroit, Michigan 48226 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington. D.C. 20020, (Attn: Matthew Feldman, Esq.); (v) Vedder Price, attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq. and Gordon Z. Novod, Esq.); (vii) the attorneys for the International Union, United Automobile, Aerospace and

Agriculture Implement Workers of America ("UAW") 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (ix) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (x) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xi) the attorneys for Jet Support Services, Inc., Novack and Macey LLP, 100 North Riverside Plaza, Chicago, IL 60606-1501 (Attn: Monte L. Mann, Esq.); (xii) Jet Support Services, Inc., 180 N. Stetson, 29th Floor, Chicago, IL 60601 (Attn: John F. Haskins and Susan K. Marr); (xiii) the registered agent for Jet Support Services, Inc., Stephen A. Marcus, 6600 Sears Tower, Chicago, IL 60606; and (xiv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than the **Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing. Failure to appear at the Hearing may result in relief being granted or denied upon default.

|  |  |
|---|---|
|  | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Special Counsel to the Debtors and Debtors in Possession |
| Dated: August 6, 2009 | By: /s/ Judy B. Calton<br>Robert B. Weiss (Michigan Bar No. P28249)<br>Donald F. Baty, Jr. (Michigan Bar No. P38087)<br>Judy B. Calton (Michigan Bar No. P38733)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>Telephone: (313) 465-7344<br>Facsimile: (313) 465-7345<br>Email: jcalton@honigman.com |

DETROIT.3764171.1

4

            **Hearing Date and Time: August 18, 2009 at 9:45 a.m. (Eastern Time)**
            **Objection Date and Time: August 13, 2009 at 4:00 p.m. (Eastern Time)**

Robert B. Weiss
Donald F. Baty, Jr.
Judy B. Calton
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7344
Facsimile: (313) 465-7345

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                         :
**In Re**                      :   Chapter 11
                         :
**MOTORS LIQUIDATION COMPANY** (f/k/a :   Case No. 09-50026 (REG)
General Motors Corp.), *et al.*,        :   (Jointly Administered)
                         :
  Debtors.                :   Hon. Robert E. Gerber
                         :
-----------------------------------------------------------------x

       **MOTION FOR ENTRY OF ORDER AUTHORIZING REJECTION OF**
        **AGREEMENT FOR ENGINE MAINTENANCE SERVICES FOR**
                <u>**GULFSTREAM V AIRCRAFT**</u>

To the Honorable Robert E. Gerber, United States Bankruptcy Judge:

    Motors Liquidation Company (f/k/a General Motors Corp.), *et al.* ("**MLC**") and certain

of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.The Debtors request entry of an order pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the rejection of the JSSI Complete Plus Engine Maintenance Program Contract dated May 20, 2002 as extended (the **"GV Agreement"**).

2.The GV Agreement provides the terms under which JSSI provided repair and maintenance services for engines in certain Gulfstream V aircraft leased by MLC. MLC's leases of the Gulfstream V aircraft with the engines subject to the GV Agreement was rejected by the Order Pursuant to 11 U.S.C. §365 Authorizing The Rejection of Aircraft and Airport Lease Agreements and For Related Relief dated June 18, 2009 (Docket 179). The Gulfstream V aircraft with the engines subject to the GV Agreement were returned to the lessors on or about July 1, 2009.

**Jurisdiction**

3.This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Rejection of the Agreement is in the Best Interest of Debtors' Estates**

4.Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993)

2

(section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see, also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y., 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

5.  Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Riodizio, Inc. 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor. . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See e.g. Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one. . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradless, Inc. (In

3

re Bradless Stores, Inc.), 195 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

6. Debtors no longer are in possession of the Gulfstream V engines and no longer need the services JSSI provides. Moreover, the GV Agreement is burdensome to the Debtors because Debtors owe JSSI funds under the GV Agreement.

7. Accordingly, in the exercise of their business judgment, the Debtors have determined that the rejection of the GV Agreement, pursuant to section 365 of the Bankruptcy Code, is in the best interests of their estates.

**Notice**

8. Notice of this Motion has been provided to (i) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corp.); (ii) attorneys for the United States Department of the Treasury; (iii) the United States Department of the Treasury; (iv) attorneys for Export Development Canada; (v) attorneys for the statutory committee of unsecured creditors; (vi) the attorneys for the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America; (vii) the Office of the United States Trustee for the Southern District of New York; (viii) the attorneys for Jet Support Services, Inc., Novack and Macey LLP, 100 North Riverside Plaza, Chicago, IL 60606-1501 (Attn: Monte L. Mann, Esq.); (ix) Jet Support Services, Inc., 180 N. Stetson, 29th Floor, Chicago, IL 60601 (Attn: John F. Haskins and Susan K. Marr); (x) the registered agent for Jet Support Services, Inc., Stephen A. Marcus, 6600 Sears Tower, Chicago, IL 60606; (xi) the U.S. Attorney's Office, S.D.N.Y.; and (xii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors

4

submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **No Prior Request**

9. No previous request for the relief sought in this Motion has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of the proposed order attached as **Exhibit A** granting the relief requested herein and such other and further relief as is just.

                                      Respectfully submitted,

                                      HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                      Special Counsel to the Debtors and Debtors in Possession

Dated: August 6, 2009             By: /s/ Judy B. Calton
                                          Robert B. Weiss (Michigan Bar No. P28249)
                                          Donald F. Baty, Jr. (Michigan Bar No. P38087)
                                          Judy B. Calton (Michigan Bar No. P38733)
                                      2290 First National Building
                                      660 Woodward Avenue
                                      Detroit, MI 48226
                                      Telephone: (313) 465-7344
                                      Facsimile: (313) 465-7345
                                      Email: jcalton@honigman.com

DETROIT.3764861.1

# EXHIBIT A

Robert B. Weiss
Donald F. Baty, Jr.
Judy B. Calton
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7344
Facsimile: (313) 465-7345

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In Re**                                                        :    Chapter 11
                                                                 :
**MOTORS LIQUIDATION COMPANY** (f/k/a                            :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                                   :    (Jointly Administered)
                                                                 :
        Debtors.                                                 :    Hon. Robert E. Gerber
                                                                 :
-----------------------------------------------------------------x

### ORDER AUTHORIZING REJECTION OF AGREEMENT FOR ENGINE MAINTENANCE SERVICES FOR GULFSTREAM V AIRCRAFT

Upon the filing by Motors Liquidation Company (f/k/a General Motors Corp.), *et al.* ("**MLC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), of their Motion for Entry of Order Authorizing Rejection of Agreement for Engine Maintenance Services For Gulfstream V Aircraft, dated August 6, 2009 (the "**Motion**"),[1] pursuant to sections 365 and 554 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of a certain engine maintenance services agreement for Gulfstream V aircraft (the **"GV Agreement"**), all as more

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corp.); (ii) attorneys for the United States Department of the Treasury; (iii) the United States Department of the Treasury; (iv) attorneys for Export Development Canada; (v) attorneys for the statutory committee of unsecured creditors; (vi) the attorneys for the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America; (vii) the Office of the United States Trustee for the Southern District of New York; (viii) the attorneys for Jet Support Services, Inc., Novack and Macey LLP, 100 North Riverside Plaza, Chicago, IL 60606-1501 (Attn: Monte L. Mann, Esq.); (ix) Jet Support Services, Inc., 180 N. Stetson, 29th Floor, Chicago, IL 60601 (Attn: John F. Haskins and Susan K. Marr); (x) the registered agent for Jet Support Services, Inc., Stephen A. Marcus, 6600 Sears Tower, Chicago, IL 60606; (xi) the U.S. Attorney's Office, S.D.N.Y.; and (xii) those parties requesting notices it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that

1. The Motion is granted as provided herein.

2. The Debtors are hereby authorized to reject the GV Agreement, effective as of August 6, 2009 (the "Rejection Date").

3. Upon service of this Order upon Jet Support Services, Inc. the GV Agreement shall be deemed rejected, effective as of the Rejection Date.

4. Jet Support Services, Inc. shall have until thirty (30) days after the Rejection Date to file a proof of claim arising from the rejection of the GV Agreement.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____                    /s/ _____
                                       UNITED STATES BANKRUPTCY JUDGE
_____, New York

DETROIT.3764905.1

3