# EXHIBIT B

Robert B. Weiss
Donald F. Baty, Jr.
Judy B. Calton
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7314
Facsimile: (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In Re**                                                    :    Chapter 11
                                                             :
**MOTORS LIQUIDATION COMPANY** (f/k/a                        :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                               :    (Jointly Administered)
                                                             :
    Debtors.                                                 :    Hon. Robert E. Gerber
                                                             :
-------------------------------------------------------------x

## DECLARATION OF DAVID RENNER

David Renner declares as follows:

1.     Until on or about July 10, 2009, I was employed by Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") as its Worldwide Travel Services Finance Manager.

2.     I make this Declaration upon personal knowledge. If called as a witness, I would testify to the facts contained herein.

3. My responsibilities at MLC included the financial management of activities associated with travel, such as company aircraft, business travel and company vehicles.

4. The contracts between MLC and Jet Support Services, Inc. ("**JSSI**") for the scheduled and unscheduled (i.e., unexpected) maintenance of the engines on the aircraft leased by MLC were within my responsibility.

5. As of the beginning of MLC's bankruptcy case, MLC and JSSI were party to two engine maintenance contracts covering seven engines (collectively, **the "JSSI Agreements"**):

    (a) the JSSI Complete Plus Engine Maintenance Program Contract dated May 20, 2002 as extended (**the "GV Agreement"**); and

    (b) the JSSI Complete Plus Engine Maintenance Program Contract/General Motors Corporation/Contract Nos. FC-GYX-004013-0, FC-GYX-004016-0, FC-GYX-004026-0 dated October 20, 2003, as extended (**the "G350 Agreement"**).

6. The GV Agreement provides the terms under which JSSI provided scheduled and unscheduled maintenance services for the engines in the GV Gulfstream aircraft leased by MLC from the lessor.

7. Similarly, the G350 Agreement provides the terms under which JSSI provided scheduled and unscheduled maintenance services for the engines in the G350 Gulfstream aircraft leased by MLC from the lessor.

8. Under the JSSI Agreements, MLC made payments, including monthly payments based on flight hours reported for each engine to a specific trust account to be used by JSSI to cover, among other things, the costs of performing unscheduled and scheduled midlife major overhauls of the engines, which overhauls represent a significant expense.

9. MLC rejected its leases of Gulfstream GV and Gulfstream G350 aircraft (and the associated aircraft engines) in the *Order Pursuant to 11 U.S.C. §365 Authorizing The Rejection of Aircraft and Airport Lease Agreements and For Related Relief* dated June 18, 2009.

10. The GV engines were returned to the lessor on July 1, 2009 as follows:

| Aircraft Serial Number | Registration Number | Return Date |
|---|---|---|
| 550 | N 5101 | 7/1/2009 |
| 551 | N 5102 | 7/1/2009 |

11. The GV Agreement provides a formula to determine how much is owed when the engines subject to the GV Agreement are returned to their lessors in Section V(f)(ii). I estimate that under the GV Agreement MLC owes JSSI approximately $600,000 because the cumulative expenditures for these engines, including the midlife major engine overhaul of the GV engines, exceeded the cumulative payments to JSSI as of the date that the aircraft and aircraft engines were returned to the lessor.

12. The G350 Agreement has a provision in Section V(f)(ii) very similar to Section V(f)(ii) of the GV Agreement for the calculation of monies owed under the contract when the engines subject to the G350 Agreement are returned to the lessor.

13. MCL gave JSSI notice on or about June 11, 2009 that the G350 engines were to be returned to the lessor. The G350 engines were returned to the lessor between June 26, 2009 and June 29, 2009, as summarized below:

| Aircraft Serial Number | Registration Number | Return Date |
|---|---|---|
| 4013 | N5113 | 6/26/2009 |
| 4016 | N5114 | 6/29/2009 |
| 4019 | N5115 | 6/29/2009 |
| 4023 | N5116 | 6/26/2009 |
| 4026 | N5117 | 6/27/2009 |

14. I estimate that under the G350 Agreement, JSSI owes MLC approximately $1,750,000. JSSI owes MLC since the cumulative expenditures by JSSI for these engines were significantly less than the cumulative payments from MLC as of date that the aircraft and aircraft engines were returned to the lessor. The significant positive trust balances relate to the fact that the G350 aircraft engines had not reached the hourly threshold for the midlife major overhauls.

15. After the return of the G350 engines to the lessor, MLC does not owe any further performance to JSSI under the G350 Agreement.

16. I make this Declaration under penalty of perjury

_____
David Renner

Executed on August 5, 2009
in Detroit, Michigan

DETROIT.3770045.5

4