# EXHIBIT D

Robert B. Weiss
Donald F. Baty, Jr.
Judy B. Calton
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7344
Facsimile:  (313) 465-7345

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In Re**                                                    :    Chapter 11
                                                             :
**MOTORS LIQUIDATION COMPANY** (f/k/a                        :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                               :    (Jointly Administered)
                                                             :
      Debtors.                                               :    Hon. Robert E. Gerber
                                                             :
-------------------------------------------------------------x

**ORDER AUTHORIZING ASSUMPTION OF AGREEMENT FOR**
**ENGINE MAINTENANCE SERVICES FOR GULFSTREAM 350 AIRCRAFT**

Upon the filing by Motors Liquidation Company (f/k/a General Motors Corp.), *et al,* ("**MLC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), of their Motion for Entry of Order Approving Assumption of Agreement for Engine Maintenance Services For Gulfstream 350 Aircraft, dated August 6, 2009 (the "**Motion**"),[1] pursuant to Section 365 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the assumption of a certain maintenance services agreement for Gulfstream 350 aircraft (the **"G350 Agreement"**), all as more fully described in the Motion and the Declaration of David Renner, Exhibit B to the Motion; and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corp.); (ii) attorneys for the United States Department of the Treasury; (iii) the United States Department of the Treasury; (iv) attorneys for Export Development Canada; (v) attorneys for the statutory committee of unsecured creditors; (vi) the attorneys for the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America; (vii) the Office of the United States Trustee for the Southern District of New York; (viii) the attorneys for Jet Support Services, Inc., Novack and Macey LLP, 100 North Riverside Plaza, Chicago, IL 60606-1501 (Attn: Monte L. Mann, Esq.); (ix) Jet Support Services, Inc., 180 N. Stetson, 29th Floor, Chicago, IL 60601 (Attn: John F. Haskins and Susan K. Marr); (x) the registered agent for Jet Support Services, Inc., Stephen A. Marcus, 6600 Sears Tower, Chicago, IL 60606; (xi) the U.S. Attorney's Office, S.D.N.Y.; and (xii) those parties requesting notices it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that

1. The Motion is granted as provided herein.

2. Pursuant to Section 365(a) of the Bankruptcy Code, Debtors' assumption of the G350 Agreement is hereby approved.

3. Debtors are not required to pay any cure costs to Jet Services Systems, Inc. ("**JSSI**"), the counterparty to the assumed G350 Agreement.

4. JSSI shall not be entitled to assert or take any action to exercise a right to set off any prepetition claim that it might have against MLC or any of the Debtors, including without limitation, claims for damages arising from the rejection of a contract against any sums owed by JSSI to MLC under the G350 Agreement, provided however, that nothing in this Order shall compromise any right JSSI may have to file a claim for damages arising from the rejection of a contract.

5. Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the assumption of the G350 Agreement.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6006(a) and Local Rule 6006-1 are satisfied.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____          /s/_____
                                UNITED STATES BANKRUPTCY JUDGE
_____, New York

DETROIT.3785408.1

3