**Objection Deadline: August 13, 2009 at 4:00 p.m.**
**Hearing Date:     August 18, 2009 at 9:45 a.m.**

DAY PITNEY LLP
(MAIL TO)  P.O. BOX 1945, MORRISTOWN, NJ  07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (R.M. - 7791)
rmeth@daypitney.com
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800

- and -

KILPATRICK & ASSOCIATES, P.C.
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
RICHARDO I. KILPATRICK, ESQ.
LEONORA K. BAUGHMAN, ESQ.
(248) 377-0700

ATTORNEYS FOR WAYNE COUNTY TREASURER
OAKLAND COUNTY TREASURER AND CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.,* | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE WAYNE COUNTY TREASURER, THE OAKLAND COUNTY TREASURER AND THE CITY OF DETROIT TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 (A) ESTABLISHING PROCEDURES FOR THE DISPOSITION OF *DE MINIMIS* ASSETS, AND (B) AUTHORIZING THE DEBTORS TO (i) PAY RELATED FEES, AND (ii) ASSUME, ASSUME AND ASSIGN, OR REJECT RELATED EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

NOW COME Creditors, the Wayne County Treasurer, the Oakland County Treasurer

and the City of Detroit, by and through counsel, Kilpatrick & Associates, P.C., and Day

1

Pitney LLP and for their Limited Objection to Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of *De Minimis* Assets, and (B) Authorizing the Debtors to (i) Pay Related Fees, and (ii) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases says as follows:

## General Allegations

1. On June 1, 2009, General Motors Corporation and certain of its domestic direct and indirect subsidiaries ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Oakland County Treasurer is the tax collecting governmental unit for Oakland County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on both real and personal property located within Oakland County, Michigan.

3. The Wayne County Treasurer is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on real property located within Wayne County, Michigan.

4. The local municipalities in Michigan, whether city, village or township ("Local Taxing Authorities") are responsible for the collection of the current year property taxes which accrue on real and personal property located within that city, village or township.

5. The Local Taxing Authorities in Wayne County are responsible for the collection of the past due property taxes which accrue on personal property located within that city, village or township.

2

6.    It is the duty of the Treasurer of the City of Detroit to collect current year property taxes which accrue on both personal and real property located within the City of Detroit.

7.    The Oakland County Treasurer, the Wayne County Treasurer and the Treasurer for the City of Detroit will be jointly referred to as "Treasurers".

8.    In addition to the concerns relating to unpaid tax claims, the governmental units are responsible for the exercise of various police and regulatory powers within the respective borders, including, but not limited to, police, fire, water and sewer, environmental affairs, homeland security and emergency management, neighborhood revitalization and renaissance zones.

9.    On July 29, 2009, the Debtors filed the Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of *De Minimis* Assets, and (B) Authorizing the Debtors to (i) Pay Related Fees, and (ii) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases ("Motion for Sale of De Minimis Assets").

10.    The Motion for Sale of De Minimis Assets proposes to permit the sale of certain assets deemed by the Debtors as de minimis and to allow the net proceeds to be utilized for purposes other than payment of the outstanding taxes.

**Relief Sought**

11.    The Treasurers seek modification of the proposed Order Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of *De Minimis* Assets, and (B) Authorizing the Debtors to (i) Pay Related Fees, and (ii) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases, to provide for advance notice of all sales of de minimis assets within the borders of Wayne and Oakland County,

3

Michigan and payment of the outstanding taxes on the real and personal property being sold pursuant to the Treasurers' liens in the real and personal property which are first, primary and superior to all other liens.

### Basis for Relief Sought

**Michigan General Property Tax Act**

12. Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended. MCL § 211.1, et seq.

13. The taxable status of persons and real and personal property is determined as of the tax day, which in Michigan is December 31 of the immediately preceding year. MCL § 211.2(2).

14. Most Local Taxing Authorities impose a summer property tax levy each year, which taxes become a lien on July 1 of the year but may be due at various dates between July 31 and September 14 of the same year, depending on local ordinances. MCL § 211.44a(4).

15. All Local Taxing Authorities impose a winter property tax levy each year, which is billed in December of the year but due to be paid by February 14th of the following year. MCL § 211.44.

16. If the real property taxes are unpaid on February 15 of the following year, the Local Taxing Authorities return the unpaid taxes as delinquent to the applicable county treasurer. MCL § 211.44(9).

17. Pursuant to Michigan statute, the amounts assessed for real and personal property taxes become a first lien, superior to all other claims, encumbrances and liens, on December 1; or on a day provided for by the charter of a city or village; or on the day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

**Property Taxes for 2008**

4

18. At the time of the Debtors' filing, the Debtors owned multiple parcels of real and personal property located in Wayne and Oakland County, Michigan, and the City of Detroit.

19. As of the date of the Debtors' filing, the Debtors may owe the Treasurers for real and personal property taxes for the 2008 tax year or the Local Taxing Authorities in Wayne County for personal property taxes for the 2008 tax year.

20. Any obligations for property taxes for the 2008 year are pre-petition and secured by liens on the real and personal property of the Debtors which liens arose pre-petition.

**Property Taxes for 2009**

21. The Debtors' obligation to pay the 2009 property taxes in Michigan accrued prior to the filing of the cases.

22. The real and personal property sold by the Debtors pursuant to any order resulting from the Motion for Sale of De Minimis Assets, will be subject to the Treasurer's claim for 2009 taxes.

23. If an ad valorem property tax comes due after the date of filing the petition, the statutory lien in the property perfects post petition. 11 U.S.C. § 362(b)(18).

24. The Summer 2009 property taxes will come due at various dates between July 31 and September 14, 2009, depending on local ordinances.

25. The Winter 2009 property taxes will come due as to most taxing jurisdictions on February 14, 2010.

26. The unpaid real and personal property taxes for 2009 in Michigan will become statutory liens on the real and personal property of the Debtors as of July 1, 2009, as provided by other local ordinances, or December 1, 2009, at the latest.

**Basis for Relief - Argument**

5

27. Wayne County, Oakland County and the City of Detroit need to be advised of the sale of property and the prospective purchaser of the de minimis assets located within their borders.

28. Notice to the attorney general for the State of Michigan is not sufficient notice to Wayne County, Oakland County and the City of Detroit.

29. This bankruptcy case will have an impact on the economy in this portion of the country.

30. Allowing the Debtors a free hand to sell or transfer the de minimis assets without notice to Wayne County, Oakland County and the City of Detroit of the proposed disposition of real and personal property could create additional concerns.

31. The Treasurers utilize the real and personal property taxes collected to fund schools, roads, fire departments and other municipal and county functions.

32. Pursuant to Michigan statutes, the Treasurers may hold a lien on the personal and real property that is being sold, which lien is a first lien, superior to all other liens.

33. Should the Court allow the utilization of the net proceeds of the sale of any de minimis assets for payment other than the Treasurers' liens, the Treasurers are unlikely to obtain any recovery on its claims.

34. The Order Approving Procedures to Sell Certain De Minimis Assets in the *Chrysler* case provides for advance notice to Wayne County, Oakland County and the City of Detroit of all proposed sales of real property and proposed sales of personal property for more than $1 million within Michigan. See Exhibit A to the Motion for Sale of De Minimis Assets, paragraph 5.

35. This Objection simply seeks that the Court require notice to Wayne County, Oakland County and the City of Detroit prior to any proposed sale or transfer of properties

within their jurisdiction and seeks to ensure that established state law regarding the priority of liens for personal and real property taxes is maintained.

WHEREFORE, Creditors the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit pray that the Court grant the Motion for Sale of De Minimis Assets but require (a) notice of all sale or transfer of property located within Wayne and Oakland County to Wayne County, Oakland County and the City of Detroit and (b) payment of the Treasurers' tax liens from the net proceeds of any sale and for such other and further relief as is just and necessary.

        Respectfully submitted,

        KILPATRICK & ASSOCIATES, P.C.
        Attorneys for Wayne County Treasurer and
        Oakland County Treasurer and the City of
        Detroit

        /S/ *Richardo I Kilpatrick*
        RICHARDO I. KILPATRICK (P35275)
        LEONORA K. BAUGHMAN (P33534)
        903 N. Opdyke Road, Suite C
        Auburn Hills, MI 48326
        (248) 377-0700
Dated: August 10, 2009        ecf@kaalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Objection of the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit to the Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of *De Minimis* Assets, and (B) Authorizing the Debtors to (i) Pay Related Fees, and (ii) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases was duly served to all registered parties through the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York and to the following via e-mail (where applicable), and by first-class mail postage prepaid to:

Office of the Untied State Trustee
Southern District of New York
33 Whitehall Street
New York, NY 10004

Cadwalader, Wickersham &Taft, LLP
Presidential Task Force
One World Financial Center
New York, NY 10281
Attn: J. Rapisardi

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017
Attn: Peter Pantaleo and David Mack

International Union,
United Automobile, Aero
8000 E. Jefferson Avenue
Detroit, MI 48214-3963

Mr. Harvey R. Miller
Weil, Gotshal & Manges LLP,
767 Fifth Ave
New York, NY 10153

Vedder Price P.C.
Counsel – Export Development Canada
1633 Broadway, 47th floor
New York, NY 10019
Attn: M. Edelman

Morgan, Lewis & Bockius, LLP
101 Park Ave.
New York, NY 10178
Attn: Richard Toder

Class Representatives of (1) Intl Union, UAW
MEYER SUOZZI ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, NY 10018-0026

General Motors Corp
300 Renaissance Center
Detroit, MI 48265
Attn: L. Buonomo

McMillan LLP
Attn: Peter Willis
Brookfield Place, Suite 4400
181 Bay St
Toronto Ontario Canada M5J 2T3

International Union of Operating Engineers
c/o Barbara S. Mehlsack, Esq.
Gorlick, Kravitz & Listhaus, P.C.
17 State Street,4th Floor
New York, NY 10004-1519

　　　　　　　　　　　　　　　　/S/ Larissa Robertson　　　　　
　　　　　　　　　　　　　　　 Larissa Robertson
　　　　　　　　　　　　　　　 An Employee of Kilpatrick & Associates

August 10, 2009