UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re

GENERAL MOTORS CORP., ET AL.,
Debtors.

Chapter 11 Case No.
09-50026 (REG)
(Jointly Administered)

NOTICE OF OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. # 365 AUTHORIZING (A) THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH CERTAIN DOMESTIC DEALERS AND (B) GRANTING CERTAIN RELATED RELIEF.

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004



Honorable Robert E. Gerber:

Please consider this document as my objection to the General Motors motion to terminate my Chevrolet Sales and service contract. I am one of the 38 GM dealers that did not sign the General Motors wind down agreement. General Motors personnel used intimidation, coercion, threats and outright lies in telephone conversations to induce me to sign their wind down agreement.

Rapp Chevrolet has been a franchised Chevrolet dealer since September 9, 1932 and I personally have been the dealer principal since April 6, 1964. We operate in a 25,000 square foot steel & masonry building on ten acres of land. We have met all of the training requirements to remain a Chevrolet and Corvette dealer. We provide sales & service to GM customers in three counties of rural South Dakota and have a high customer satisfaction rating. Removing Rapp Chevrolet as a franchised dealer will leave Turner, Hutchinson and McCook counties without a General Motors sales or service facility and this would be detrimental to the future success of the new General Motors. General Motors has as of July 10, 2009 prohibited my dealership from performing warranty repairs on their vehicles. I question their legal right to do this as the hearing to cancel my franchise is not scheduled until August 3, 2009 in your court. Already we have turned away customers that had recall notices to repair safety related issues on their vehicles because of the GM notification to discontinue warranty repair activities as of July 10, 2009. This type of action will only serve to alienate loyal GM customers and encourage them to buy another brand of car or truck.

General Motors' claim that the elimination of my dealership will save them money is a total fraud. We pay a monthly fee for training, the satellite communication system, electronic parts catalog, service bulletins, service manuals, special tools, color charts, new car & truck brochures, upholstery sample books and even the rent on the Chevrolet dealership sign. We pay General Motors about two thousand dollars per month for these services. We created and maintain our own web site and do not receive any advertising assistance from General Motors. Eliminating Rapp Chevrolet as a franchised dealer will not benefit the new General Motors or enhance their chances of becoming a viable company; but instead will further erode the GM market share in rural South Dakota.

I would prefer to verbalize my case to you in person however I was informed that only an attorney licensed In the Southern District of New York would be permitted to appear in your court. Please reject the motion by General Motors to reject my Chevrolet contract. Thank you for your consideration of my request.

Yours truly,

Glen Rapp, president
Rapp Chevrolet, Inc.



**Glen Rapp**

**RAPP CHEVROLET**
P.O. Box 448 700 S. Broadway Ave
Marion, South Dakota 57043
(605) 336-1515 or (605) 648-3604
Home Phone: (605) 648-3663
Cell Phone: (605) 360-6797
www.rappchevrolet.com

CHEVROLET

*Deals You'll Like From People You Can Trust ~ Since 1932*