HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 14, 2009 at 12:00 noon (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.* :
:
              Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

**DEBTORS' MOTION TO STRIKE THE DECLARATION OF OLIVER ADDISON
PARKER FROM HIS DESIGNATION OF THE RECORD AND ISSUES ON APPEAL**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.     The Debtors move for an order, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**s"), striking the Declaration of Oliver Addison Parker, dated July 27, 2009 (the "**Declaration**"), which was filed as part of Oliver Addison Parker's (I) Designation of Items to be Included in the Record on Appeal and (II)

US_ACTIVE:\43128419\08\43128419_8.DOC\72240.0635

Statement of Issues to be Presented [Docket No. 3551], filed on July 28, 2009 (the "**Designation**").[1]

### Background

2.      On June 1, 2009 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  In addition, the Debtors simultaneously filed the 363 Motion seeking to sell substantially all of their assets pursuant to the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser (the "**Purchaser**").  By Order dated June 1, 2009, the Court set June 19, 2009 as the deadline for interested parties to file their objections to the 363 Motion, and June 30, 2009 as the date for the hearing to consider the 363 Motion.

3.      Parker waited until the June 19, 2009 deadline to file his objection to the 363 Motion [Docket # 2194].  He subsequently filed an amended objection and joinder in the objection filed by the Unofficial Committee of the Family and Dissident Bondholders -- a group of similarly situated unsecured bondholders -- on June 22, 2009 [Docket # 2193].  Parker did not serve discovery requests contemporaneously with the filing of his objection or amended objection.

4.      Parker served his first request for discovery on the Debtors by e-mail at 1:34 p.m. on Friday, June 26, 2009.[2]  See Affidavit of Ashish D. Gandhi ("**Gandhi Aff.**"), Ex. A

---

[1] Mr. Parker ("**Parker**") has appealed from this Court's Decision and Order, dated July 5, 2009 (the "**363 Decision**"), granting the relief requested in Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), (m) and 365, Fed. R. Bankr. P. 2002, 6004 and 6006, to (i) Approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (ii) Schedule Sale Approval Hearing (the "**363 Motion**").

(6/26/09 E-mail from Parker to Debtors' counsel). Putting aside the unreasonableness of waiting until four days before the hearing to seek discovery in an expedited proceeding, in his discovery request, Parker largely sought the production of publicly available documents that were listed on the Debtors' Evidence and Witness List for the 363 Hearing [Docket # 2474]. See Gandhi Aff., Ex. B (6/26/09 Request for Discovery and Demand for Production of Documents from Debtors made by Oliver Addison Parker). The Debtors immediately notified Parker that they objected to his request because, among other reasons, the documents he sought were publicly available and his request was untimely. Gandhi Aff., Ex. C (6/26/09 E-mail from Debtors' counsel to Parker). Nevertheless, the Debtors agreed to provide Parker with the documents he requested at the requested time and place (see Gandhi Aff., Ex. I (6/27/09 Email from Debtors' counsel to Parker)), and, on Sunday, June 28, 2009, the day of Mr. Frederick Henderson's deposition, the Debtors produced almost 2,000 pages of documents to him. Gandhi Aff., Ex. D (6/28/09 Letter from Debtors' counsel to Parker enclosing documents). Thereafter, Parker participated fully in the deposition of Mr. Henderson, asking Mr. Henderson questions for over an hour.

5. The following morning, at 7:39 a.m. on Monday, June 29, 2009, Parker submitted a second document request, this time seeking "the larger discovery given to the other parties." Gandhi Aff., Ex. E (6/29/09 E-mail from Parker to Debtors' counsel). That same day -- June 29 -- the Debtors provided Parker with the hard drive containing responsive, non-privileged documents that was produced to other objectors in response to their discovery requests, as well as additional hard copy documents. Gandhi Aff., Exs. F and G (6/29/09 Letters from Debtors'

---

[2] Even then, Parker was in no great hurry to obtain the documents he requested: "I would like to pick [up the documents] on Sunday [June 28, 2009] at Frederick Henderson's deposition . . . ." Id.

counsel to Parker enclosing documents).³ Also, later that same day, Parker fully participated in the deposition of Harry Wilson, asking Mr. Wilson questions for over an hour.

6. This Court conducted an evidentiary hearing and heard oral argument in connection with the 363 Motion on June 30, July 1 and July 2, 2009 (the "**363 Hearing**"). Parker participated fully in the 363 Hearing, cross-examining witnesses and presenting a lengthy closing argument.

7. On July 5, 2009, this Court issued the 363 Decision, granting the relief requested in the 363 Motion. Parker filed a notice of appeal with the Court on July 15, 2009. Thereafter, on July 28, 2009, Parker filed the Designation.⁴

8. Parker's Designation lists the items he wishes to include in the record on appeal. One such item is the Declaration. See Designation at 9 (Item 45). The Declaration is dated July 27, 2009, and was filed with the Court on July 28, 2009 -- 23 days after this Court issued the 363 Decision.

## **Jurisdiction**

9. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

³ The Debtors disagree with Parker's version of the "facts" as to when and what he received in connection with discovery. For example, contrary to Parker's contention that "[a] third delivery of documents was made to my hotel at the conclusion of the first day of trial consisting of a portable hard drive with approximately one hundred thousand (100,000) pages of material," (Declaration at ¶ 4), as Exhibit F to the Gandhi Affidavit makes clear, the Debtors hand delivered a hard drive containing approximately 384,000 pages of material on June 29 -- the day before the 363 Hearing commenced.

⁴ Pursuant to Federal Rule of Bankruptcy Procedure 8006, the designation of the record and issues on appeal is required to be filed within ten days of the date the notice of appeal is filed. Mr. Parker filed his notice of appeal on July 15, 2009, but did not file his designation until July 28, 2009 -- after the ten days had expired.

10. Although Parker has appealed the 363 Decision to the United States District Court for the Southern District of New York, this Court retains jurisdiction to hear this Motion. Under the law of this Circuit, this Court is the proper forum in which to determine the contents of the record on appeal. See, e.g., In re Ames Dep't Stores, Inc., 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (Gerber, J.).

**Cause Exists to Grant the Relief Requested Herein**

11. It is well-settled that the record on appeal from a Bankruptcy Court order should include only the "documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re W.T. Grant Co., 432 F. Supp. 105, 106 (S.D.N.Y. 1977); accord Ames, 320 B.R. at 520-21 ("the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from"); In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting W. T. Grant); In re Barrick Group, Inc., 100 B.R. 152, 154 (Bankr. D. Conn. 1989) ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. Conversely, if an item was not considered by the court, it should be stricken from the record on appeal.") (citations omitted). Parker has violated this rule by including in the Designation an item (the Declaration) that, given its date, could not have been, and was not, considered by this Court in deciding whether to grant the relief requested in the 363 Motion. Parker concedes as much in the Designation, admitting that the Declaration has "not been filed with the Bankruptcy Court and was not admitted into evidence at the [363] Hearing." Designation at 9. For this reason alone, the Debtors' motion to strike the Declaration from the items to be included in the record on appeal should be granted.

12. Further, Parker submits the Declaration in support of his contention that the speed with which the 363 sale proceeded violated due process. But this was an argument that was expressly raised before this Court in connection with the 363 Motion (see, e.g., Objections filed by Radha R.M. Narumanchi [Docket Nos. 1758, 1759]),[5] and rejected by the Court in the 363 Decision. In re Gen. Motors Corp., 407 B.R. 463, 520 (Bankr. S.D.N.Y. 2009) (Gerber, J.) (overruling all objections not expressly addressed in the 363 Decision because "[t]he Court has canvassed them and satisfied itself that no material objections other than those it has specifically addressed were raised and have merit."). Indeed, Parker himself addressed the "due process" issue in his summation. See Gandhi Aff., Ex. H (Hr'g Tr. of July 2, 2009 (A.M. Session)) at 75-76. Simply put, Parker should not be allowed now to reargue the same point on appeal with the benefit of additional -- albeit factually incorrect -- evidence that was never presented to the Bankruptcy Court.

13. Finally, the record demonstrates that Parker's due process claims, in fact, have no merit. For example, contrary to Parker's allegation that "because of the shortness time [sic] between the close of pleadings and the commencement of trial, I did not receive any discovery from the Debtors until two days before trial" (Declaration ¶ 4), Parker had twenty-nine days from the date the 363 Motion was filed on June 1 to take discovery and craft his objection. Nothing prevented Parker from filing an objection and seeking discovery before the June 19 objection deadline. To sit idly by during most of the month of June and now claim -- in a Declaration that was never presented to the Bankruptcy Court -- that "there was insufficient time

---

[5] Numerous other objectors raised similar arguments complaining of "insufficient time" to object to the 363 Motion, including: Objection of Jonathan Lee Riches [Docket No. 1284]; Objection of Marilyn A. Wassenaar [Docket No. 1560]; Objection of Ted Tatro [Docket No. 2101]; Objection of Michael H. Weissman [Docket No. 2219]; Objection of Arnold and Shirley Starks [Docket No. 2246]; Objection of Eduardo R. Latour [Docket No. 2257]; Objection of Rodney Klein [Docket No. 2395].

with which to review [discovery] documents for preparation prior to trial" (Declaration at ¶ 4) is untenable.[6]

14.     In sum, Parker's Declaration should be stricken from the Designation because it was not made part of the record in connection with the 363 Motion and, therefore, was not considered by this Court in connection with the 363 Decision. The incontrovertible applicable authority mandates this conclusion.

## Notice

15.     Notice of this Motion has been provided to (i) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

---

[6] While Parker repeatedly indicates in his pleadings that he is acting pro se in these chapter 11 cases, he is a licensed attorney who was able to file 63 pages of briefs and multiple exhibits in connection with his objection to the 363 Motion, as well as ask questions at depositions and cross-examine witnesses at the 363 Hearing. As such, he merits no special dispensation from complying with the applicable procedural requirements. See Holtz v. Rockefeller & Co., Inc., 258 F.3d, 62, 82 n.4 (2d Cir. 2001) ("pro se attorneys . . . typically 'cannot claim the special consideration which the courts customarily grant to pro se parties.'") (citation omitted).

Adams, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); (viii) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002; and (ix) Oliver Addison Parker, 283 Codrington Drive, Lauderdale By The Sea, FL 33308. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 11, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 14, 2009 at 12:00 noon (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                    Debtors.                                :    (Jointly Administered)
                                                            :
-----------------------------------------------------------------x

**ORDER GRANTING MOTION TO STRIKE THE**
**DECLARATION OF OLIVER ADDISON PARKER**
**FROM HIS DESIGNATION OF THE RECORD ON APPEAL**

Upon the Motion of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively, the "**Debtors**"), dated August 11, 2009 (the "**Motion**"), to strike the Declaration of Oliver Addison Parker, dated July 27, 2009 (the "**Declaration**"), which was filed in connection with Oliver Addison Parker's (I) Designation of Items to be Included in the Record on Appeal and (II) Statement of Issues to be Presented [Docket No. 3551], filed on July 28, 2009 (the "**Designation**"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Motion is granted as set forth herein; and it is further

ORDERED that the Declaration submitted in connection with the Designation shall not be included in the record on appeal with respect to the appeal filed by Oliver Addison Parker from (i) that certain Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief, dated July 5, 2009; and (ii) that certain Decision on Debtors' Motion for Approval of (1) Sale of Assets to Vehicle Acquisition Holdings LLC; (2) Assumption and Assignment of Related Executory Contracts; and (3) Entry into UAW Retiree Settlement Agreement, dated July 5, 2009.

Dated: New York, New York
_____, 2009

_____
United States Bankruptcy Judge