Presentment Date and Time: August 21st, 2009 at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: August 21st, 2009 at 11:00 a.m. (prevailing Eastern Time)

Edward P. Zujkowski (EZ-3095)
Emmet Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100

Attorneys for The Bank of New York Mellon Trust Company, N.A.
As Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11 Case No.**
                                                               :
**GENERAL MOTORS CORP.,** *et al.,*                            :    **09-50026 (REG)**
                                                               :
                                          **Debtors.**         :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER WITH RESPECT TO MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS RESIGNING INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER APPOINTING MANUFACTURERS AND TRADERS TRUST COMPANY AS SUCCESSOR INDENTURE TRUSTEE

**PLEASE TAKE NOTICE** that The Bank of New York Mellon Trust Company, N.A. ("**BNYMTC**") upon the annexed motion (the "**Motion**") will present to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **August 21, 2009 at 12:00 noon (prevailing Eastern Time)** an Order annexed to the Motion appointing Manufacturers and Traders Trust Company as Successor Indenture Trustee to BNYMTC (the "**Proposed Order**").

985083_1.DOC

The deadline to file any objections and responses to the Stipulated Order is **August 21, 2009, at 11:00 a.m. (prevailing Eastern Time) (the "Objection Deadline").**

Objections and responses, if any, to the Proposed Order, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

If a written objection is timely served and filed, the Bankruptcy Court may schedule a hearing to consider the Stipulated Order before the Honorable Robert E. Gerber, United States Bankruptcy Judge, at Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

Objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Any objections or responses must also be served upon the following parties so as to be received no later than the Objection Deadline: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o General Motors Corporation, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the U.S.

Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew

Feldman, Esq.); (v) Vedder Price, PC, attorneys for EDC, 1633 Broadway, 47th Floor, New York,

New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer

Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors,

1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq.

and Thomas Moers Mayer, Esq.); (vii) the UAW, 8000 East Jefferson Avenue, Detroit, Michigan

48214 (Attn: Daniel W. Sherrick, Esq.); (viii) Cleary Gottlieb Steen & Hamilton LLP, attorneys

for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.);

(ix) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New

York 10036 (Attn: Babette Ceccotti, Esq.); (x) the Office of the United States Trustee for the

Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor,

New York, New York 10004; (xi) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street,

Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz,

Esq.); (xii) Bingham McCutchen LLP, attorneys for Travelers Casualty and Surety Company,

One State Street, Hartford, CT 06103 (Attn: Jonathan B. Alter, Esq.); (xiii) Emmet Marvin &

Martin, LLP, attorneys for BNYMTC; and (xiv) and any person or entity with a particularized

interest in the Stipulated Order, so as to be so filed and received by no later than

Dated:     August 11, 2009
           New York, New York

                              **EMMET MARVIN & MARTIN, LLP**

                              */s/ Edward P. Zujkowski*
                              Edward P. Zujkowski (EZ-3095)
                              Emmet Marvin & Martin, LLP
                              120 Broadway
                              New York, New York 10271
                              Telephone: (212) 238-3000
                              Facsimile: (212) 238-3100

                              Attorneys for The Bank of New York Mellon Trust
                              Company, N.A., as Indenture Trustee

**Presentment Date and Time: August 21st, 2009 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: August 21st, 2009 at 11:00 a.m. (prevailing Eastern Time)**

Edward P. Zujkowski (EZ-3095)
Emmet Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100

Attorneys for The Bank of New York Mellon Trust Company, N.A.
As Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
**In Re**                                                  :         Chapter 11
                                                           :
**MOTORS LIQUIDATION COMPANY** (f/k/a                      :         Case No. 09-50026 (REG)
General Motors Corp.), et al.,                             :         (Jointly Administered)
                                                           :
        Debtors.                                           :         Hon. Robert E. Gerber
                                                           :
-----------------------------------------------------------x

**MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS**
**RESIGNING INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER APPOINTING**
**MANUFACTURERS AND TRADERS TRUST COMPANY AS SUCCESSOR**
**INDENTURE TRUSTEE**

        The Bank of New York Mellon Trust Company, N.A. (**"BNYMTC"**), as resigning

Indenture Trustee under the Trust Indenture and Security Agreement (GM 91A-3) dated as of

September 27, 1991, and supplemented pursuant to the Indenture Supplement No. 3A (GM 91A-

3) dated September 27, 1991 (the **"Indenture"**), by and through its undersigned counsel, files

this motion for entry of an order appointing Manufacturers and Traders Trust Company as successor indenture trustee for the 91A-3 Equipment Notes[1], and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On June 1, 2009 (the **"Petition Date"**), the above captioned debtors (**"Debtors"** or **"Old GM"**) commenced the above-captioned cases under chapter 11, title 11 of the United States Code (as amended, the **"Bankruptcy Code"**).  No trustee has been appointed and the Debtors continue to operate their business as debors-in-possession.

3.      On June 3, 2009, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) The Sale Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the **"Sale Motion"**).

---

[1] Capitalized terms used here and not otherwise defined shall have the meaning ascribed to them in the Indenture.

4.      Prior to the Petition Date, Old GM and the Owner Trustee entered into a certain Leveraged Lease of Automobile Manufacturing Equipment (the **"Lease"**) pursuant to which the Owner Trustee leased certain personal property equipment (the **"Equipment"**) to Old GM.  As set forth in the Lease, the Owner Trustee assigned its rights under the Lease to the Indenture Trustee.  Since the completion of the Sale, the Debtors, along with the purchaser desire to resolve certain issues relating to the Lease and the Equipment with the Indenture Trustee, as assignee under the Lease.  However, they have been unable to do so because BNYMTC has resigned as Indenture Trustee and a successor Indenture Trustee has not yet been appointed.

5.      On July 3, 2009, BNYMTC, provided written notice to the Owner Trustee of its resignation as Indenture Trustee, pursuant to Section 9.6(b) of the Indenture, which requires at least thirty days written notice to the Company and the Owner Trustee.

6.      Pursuant to Section 9.6(c) of the Indenture, if an Indenture Trustee  resigns, the "Owner Trustee shall promptly appoint a successor Indenture Trustee."

7.      Since BNYMTC notified the Owner Trustee of its resignation on July 3, the Owner Trustee has informed BNYMTC that it will not appoint a successor indenture trustee absent direction from Phillip Morris Capital Corporation (**"Phillip Morris"**), the Owner Participant under the Participation Agreement (GM 91A-3) dated as of September 23, 1991. BNYMTC and Manufacturers and Traders Trust Company, as potential successor indenture trustee, have had conversations with counsel to Phillip Morris, but as of yet, Phillip Morris has refused to direct the Owner Trustee to appoint a successor trustee.

8.      The delay in appointing a successor indenture trustee has impacted the ability of the Debtor to negotiate terms of a stipulation it has proposed to resolve issues related to the Equipment.

9.      As this Court is aware, this case is moving extremely fast, and the Debtors need to resolve the remaining issues related to the Equipment.  Given the speed at which this case is progressing, it is imperative that a successor trustee be appointed immediately to preserve and protect the rights of the respective parties to the transaction.

## RELIEF REQUESTED

10.     Section 9.6(c) of the Indenture, requires the Owner Trustee to promptly appoint a successor trustee upon notice of resignation from the resigning trustee.

11.     The delay in appointing a successor indenture trustee has caused a delay in negotiating with the Debtors regarding the Equipment.

12.     Pursuant to Section 105(a) of the Bankruptcy Code, the Court may issue any order necessary and appropriate to carry out the provisions of the Bankruptcy Code.  The appointment of the successor trustee is necessary and appropriate for the administration of the case.

**WHEREFORE**, BNYMTC, in its capacity as resigning Indenture Trustee,

respectfully requests this Court appoint Manufacturers and Traders Trust Company as successor

indenture trustee for the 91A-3 Equipment Notes immediately upon entry of the attached Order.


Dated: August 11, 2009


**EMMET MARVIN & MARTIN, LLP**

*/s/ Edward P. Zujkowski*
Edward P. Zujkowski
Emmet Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100

Attorneys for The Bank of New York Mellon Trust
Company, N.A., as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                     :

In Re                                :                Chapter 11

                                  :

MOTORS LIQUIDATION COMPANY (f/k/a     :          Case No. 09-50026 (REG)
General Motors Corp.), et al.,            :          (Jointly Administered)

                                  :

        Debtors.                    :          Hon. Robert E. Gerber

                                  :

--------------------------------------------------------------x

## ORDER APPOINTING MANUFACTURERS AND TRADERS TRUST COMPANY AS SUCCESSOR INDENTURE TRUSTEE FOR THE 91A-3 EQUIPMENT NOTES

        Upon the Motion by The Bank of New York Mellon Trust Company, N.A. for

Entry of Order Appointing Manufacturers and Traders Trust Company, N.A. as Successor

Indenture Trustee, dated August 6, 2009 (the "**Motion**"), and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided; and no objection to the

relief sought by the Motion having been filed by any party; and it appearing that no other or

further notice need be provided or any hearing held to consider the relief requested in the

Motion; and the Court having found and determined that the relief sought in the Motion is in the

best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

985083_1.DOC

after due deliberation and sufficient cause appearing therefor, it is ORDERED that the Motion is

granted and;

Manufacturers and Traders Trust Company is hereby appointed as successor indenture

trustee for the 91A-3 Equipment Notes, pursuant to the Indenture.


Dated: New York, New York
      August 21, 2009                _____
                                     United States Bankruptcy Judge