Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com

**COUNSEL FOR BOYD BRYANT, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **GENERAL MOTORS CORPORATION,** | § | |
| *et al* | § | |
| | § | **CASE NO. 09-50026 (REG)** |
| | § | |
| **Debtor.** | § | **Jointly Administered** |

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN
ORDER PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027
ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES
OF REMOVAL OF RELATED PROCEEDINGS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUTPCY JUDGE:

COMES NOW, Boyd Bryant, on behalf of himself and all others similarly situated

(collectively "Bryant"), and files this his *Objection to Motion of Debtors for Entry of an Order*

*Pursuant to Bankruptcy Rules 9006(b) and 9027 Enlarging the Time Within to File Notices of*

*Removal of Related Proceedings* in the above-referenced Chapter 11 bankruptcy case of Debtor,

General Motors Corporation ("Debtor"), and would respectfully show the Court the following:

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO
FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS – Page 1**

## I. JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## II. BACKGROUND

3. On February 8, 2005, Bryant filed a civil action against Debtor in the Circuit Court of Miller County, State of Arkansas (the "State Action"). The State Action was brought on behalf of himself and a nationwide class of approximately four million vehicle owners. Among other things, the State Action involves causes of action based on warranty, fraud, and unjust enrichment.

4. On January 11, 2007, the Circuit Court certified the State Action as a nationwide class action. The Arkansas Supreme Court later affirmed that certification on June 19, 2008.

5. Debtor commenced the above-styled bankruptcy case by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), on or about June 1, 2009 (the "Petition Date").

6. On or about July 9, 2009, pursuant to 28 U.S.C. § 1452(a), Debtor filed in the United States Bankruptcy Court for the Western District of Arkansas, a Notice of Removal to remove the State Action to federal court. A true and correct copy of the Notice of Removal, without exhibit, is attached hereto as **Exhibit A.**

## III. OBJECTION

7. Bryant objects to the *Motion of Debtors for Entry of an Order Pursuant to Bankruptcy Rules 9006(b) and 9027 Enlarging the Time Within to File Notices of Removal of Related Proceedings* (the "Motion"), on the grounds that the Debtor has failed to show cause

why the period should be enlarged. *See* Fed. R. Bankr. P. 9006(b)(1). Contrary to what Debtor seems to assert in the Motion, the ability to enlarge the removal deadline is not absolute. In fact, in order for the Judge to enlarge the time, he must find in his discretion that cause exists to do so. *See* Fed. R. Bankr. P. 9006(b)(1). Deadlines exist in order to effectuate a timely efficient proceeding. As one court has stated:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure or the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Although the Debtor may be facing a number of pending litigation claims, that alone does not give rise to cause why the deadline should be enlarged.

8.  Further, Bryant objects to the extent that the Motion requests that the Debtor be given until the date an order for confirmation is entered to exercise its rights of removal. Such a request has the result of giving no effect to the deadlines outlined in the Federal Rules of Bankruptcy Procedure. Consequently, the Debtor becomes a moving target. Without deadlines, there is no finality, and it becomes impossible for creditors to know what treatment to expect in a plan of reorganization. Accordingly, Debtor should be required to at least state a date by which it will decide whether to exercise its rights removal rights.

9.  Finally, Bryant objects to the Motion to the extent that it is inapplicable to Bryant. Debtor has already filed a Notice of Removal with regard to the State Action, and thus there is no "cause" to extend the deadline as to Bryant. *See* Fed. Bankr. R. Proc. 9006(b)(1) and 9027.

WHEREFORE, PREMISES CONSIDERED, Bryant respectfully requests that the Court deny the Motion, or in the alternative require the Debtor to specify a date by which it will

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS – Page 3**

exercise its rights of removal, or enter an order stating that the Motion does not apply to Bryant, and grant such other and further relief to which he may show himself justly entitled.

        Respectfully submitted,

        */s/ Rakhee V. Patel*
        Gerrit M Pronske
        State Bar No. 16351640
        Rakhee V. Patel
        State Bar No. 00797213
        PRONSKE & PATEL, P.C.
        2200 Ross Avenue, Suite 5350
        Dallas, Texas 75201
        Telephone: 214.658.6500
        Facsimile: 214.658.6509

        **COUNSEL FOR BOYD BRYANT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served electronically through the Court's ECF System this 13th day of August, 2009, on all parties registered to receive electronic notice.

        */s/ Rakhee V. Patel*
        Rakhee Patel

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS – Page 4**