HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: August 14, 2009 at 12:00 noon (Eastern Time)

Oliver Addison Parker, Pro Se
283 Codrington Drive
Lauderdale By The Sea, FL 33308
Ph: (954) 599-6468
Fax: (954) 772-6468
splitapart@prodigy.net
Florida Bar No. 235891

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- x

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | |
| f/k/a General Motors Corp., et al, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

--------------------------------------------------------------- x

**OBJECTION OF OLIVER ADDISON PARKER TO**
**DEBTORS' MOTION TO STRIKE THE DECLARATION OF OLIVER ADDISON**
**PARKER FROM HIS DESIGNATION OF THE RECORD AND ISSUES ON APPEAL**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Oliver Addison Parker, Pro Se, ("Parker") herewith files this objection (the "Objection") to the Motion of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), made pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy** Rules") to Strike the Declaration of Oliver Addison Parker, dated July 27, 2009 (the "**Declaration**") which was filed as part of Oliver Addison Parker's (I) Designation of Items to be Included in the Record on Appeal and (II) Statement of Issues to be Presented [Docket No. 3551], filed on July 28, 2009 (the "**Designation**"). [Docket No. 3751] (the "Motion to Strike"). In support of his Objection, Parker respectfully states and represents as follows:

**NATURE AND AMOUNT OF CLAIMS OR INTERESTS HELD OR ASSERTED BY THE OBJECTING PARTY AGAINST THE DEBTORS' ESTATES OR PROPERTY**

1. Parker is a bondholder and more specifically is the owner and holder of 200,000 shares of 6.250% Series C Convertible Senior Debentures Due 2033 (stock symbol GPM) with a principle value of $5,000,000.00 plus accrued interest as of June 1, 2009 of $130,208.33, for a total indebtedness owed by GM to Parker as creditor of $5,130,208.33.   Parker claims that these bonds are secured by a lien on all domestic manufacturing subsidiaries, plants and equipment of both the Debtors and of General Motors Company.

**BACKROUND**

2. Parker filed his (I) Designation of Items to be Included in the Record on Appeal and (II) Statement of Issues to be Presented [Docket No. 3551], on July 28, 2009 (the "**Designation**"). Attached to the Designation as Appendix 5 is the Declaration of Oliver Addison Parker (the "**Declaration**").

3. On August 10, 2009 Debtors filed a response, to wit, their Statement of Issues Presented on Appeal and Counterdesignation of Additional Items to be Included in the Record on Appeal in Connection with the Appeal of Oliver Addison Parker [Docket No. 3736] (the "**Counterdesignation**").

4. On the following day, August 11, 2009, Debtors filed and served their Motion to Strike the Declaration.

5. Also on August 11, 2009 this Honorable Court entered its Ex Parte Order directing Parker to file a response to the Motion to Strike before Noon on Friday, August 14, 2009 and setting a hearing for Tuesday, August 18, 2009 at 9:45 A.M.  [Docket No. 3758] (the "**Order**").

6. Both the Motion to Strike and the Order were delivered by Federal Express to Parker in Lauderdale By The Sea, Florida on Wednesday, August 12, 2009 at approximately 2:00 P.M.

**GROUNDS FOR OBJECTION**

7.    Pursuant to the provisions of Rule 8006 of the Bankruptcy Rules, Debtors had until Monday, August 10, 2009 in which to file and serve a response to Parker's Designation.

8.    Debtors timely filed their Counterdesignation on Monday, August 10, 2009.[1]

9.    Debtors did not file their Motion to Strike Parker's Declaration until the next day, Tuesday, August 11, 2009.

10.    Pursuant to the provisions of Rule 8006, the Motion to Strike is untimely.

11.    Further, because the Debtors did not file their Motion to Strike either prior to or simultaneously with their Counterdesignation, the Debtors waived their right to object to the inclusion of Parker's Declaration in the record on appeal.

12.    Further, the purpose of Parker's Declaration is not to present additional facts going to the substantive merits of the Decision [Docket No. 2967] and/or Order [Docket No. 2968] appealed, but rather to bring to the District Court's attention procedural aspects of the Sale Hearing not apparent from the record, some of which were not discovered by Parker until his return to Florida and which Parker was therefore unable to bring to the attention of this Honorable Court.[2]  If the Debtors feel that Parker has misstated these facts, then the proper remedy would be to order the inclusion in the record on appeal of the Debtors' version of these facts, to wit, the Motion to Strike together with the documents and statements attached thereto [Docket No. 3751].

13.    Finally, if the Court decides to strike Parker's Declaration, Parker would request the Court to also strike the Debtors' Statement of Issues Presented on Appeal because (1) Rule 8006

---

[1] Despite the fact that (1) Rule 8006 only allows an appellee who has timely filed a notice of cross appeal to file a statement of issues to be presented and that (2) the Debtors have not filed a notice of cross appeal, the Debtors included in their Counterdesignation a Statement of Issues Presented on Appeal.

[2] In particular, that the depositions were not delivered until the day of trial and for some reason were misdelivered to my office in Broward County, Florida rather than to my hotel in New York and were therefore unavailable for use at trial.

only allows an appellee who has timely filed a notice of cross appeal to file a statement of issues to be presented and (2) the Debtors have not filed a notice of cross appeal.

## MEMORANDUM OF LAW

14.     The Court's Ex Parte Order [Docket No. 3758] has effectively given Parker only one day in which to file an Objection or Response to the Debtors' Motion to Strike.  Accordingly, Parker has had insufficient time with which to research the issues presented by Debtors' motion and would respectfully request the Court to excuse Parker from the necessity of filing a Memorandum of Law in support of his position.

## REQUEST FOR PERMISSION TO ATTEND HEARING BY TELEPHONE

15.     Parker both resides and practices in South Florida.  There is insufficient time for Parker to reschedule his Florida workload so as to physically attend the hearing in New York on Debtors' Motion to Strike.  Further, pursuant to the provisions of Rule 8011(c) of the Bankruptcy Rules, all motions are to be decided without oral argument unless the court orders otherwise.  Accordingly, Parker respectfully requests that he be allowed to attend the hearing on August 18, 2009 telephonically.

## REQUEST FOR RELIEF

Wherefore, Parker respectfully requests this Honorable Court grant him the following relief:

1.     Deny the Debtors' Motion to Strike;

2.     Include in the record on appeal the Debtors' Motion to Strike and the documents attached thereto;

3.     If the Court grants the Debtors' Motion to Strike, then also strike from the Debtors' Counterdisignation [Docket No. 3736] their Statement of Issues Presented on Appeal;

4.     Excuse Parker from providing the Court with a Memorandum of Law; and

4

5. Allow Parker to attend the hearing on August 18, 2009 by telephone.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and accurate copies of the above and foregoing document have been served by United States Mail, Postage Prepaid, to the following named attorneys for each of the following named parties, this 12th day of August 2009:

| **Parties** | **Attorneys** |
|---|---|
| *The Debtors* | Harvey R. Miller<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 |
| General Motors Company | Lawrence S. Buonomo, Esq.<br>General Motors Company<br>300 Renaissance Center<br>Detroit, MI 48265 |
| *Office of the United States Trustee* | Diana G. Adams<br>United States Trustee<br>Office of the United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004 |
| *Counsel to the United States Treasury and NGMCO, Inc.* | Mathew Feldman, Esq.<br>The United States Department of the Treasury<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington D.C. 20220<br><br>-and-<br><br>John J. Rapisardi, Esq.<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br><br>-and- |

5

|  |  |
|---|---|
|  | Lev L. Dassin (Acting US Atty., SDNY)<br>David S. Jones<br>Matthew L. Schwartz<br>86 Chambers Street, Third Floor<br>New York, New York 10007 |
| *Counsel to Export Development Canada* | Michael J. Edelman, Esq.<br>Michael L. Schein<br>Vedder Price P.C.<br>1633 Broadway, 47th Floor<br>New York, NY 10019 |
| *The Official Committee of Unsecured Creditors* | Adam C. Rogoff, Esq.<br>Robert Schmidt, Esq.<br>Amy Canton, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036 |

Oliver Addison Parker, Pro Se
283 Codrington Drive
Lauderdale By The Sea, FL 33308
Ph: (954) 599-6468
Fax: (954) 772-6468
splitapart@prodigy.net
Florida Bar No. 235891

By: _____
     Oliver Addison Parker, Pro Se

6