**HEARING DATE AND TIME: August 18, 2009 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :   09-50026 (REG)
       f/k/a General Motors Corp., et al.                   :
                                                            :
                       Debtors.                             :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

### DEBTORS' REPLY TO THE OBJECTION OF OLIVER ADDISON PARKER TO DEBTORS' MOTION TO STRIKE THE DECLARATION OF OLIVER ADDISON PARKER FROM HIS DESIGNATION OF THE RECORD AND ISSUES ON APPEAL

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), in response to the Objection of Oliver Addison Parker to Debtors' Motion to Strike the Declaration of Oliver Addison Parker From his Designation of the Record and Issues on Appeal (the "**Objection**" or "**Obj.**"), respectfully represent:[1]

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Debtors' Motion to Strike the Declaration of Oliver Addison Parker from His Designation of the Record and Issues on Appeal, dated August 11, 2009 [Docket #3751] (the "**Motion to Strike**").

1. In the Motion to Strike, the Debtors established -- with the support of relevant legal authority -- that Parker's Declaration should not be included as part of the record on appeal because the Declaration "could not have been, and was not, considered by this Court in deciding whether to grant the relief requested in the 363 Motion." Motion to Strike ¶ 11. Parker cannot and does not dispute this in the Objection. Nor does Parker challenge the fact that he could have filed his objection to the 363 Motion earlier and therefore had additional time to conduct discovery and prepare for trial. Instead, Parker contends that the Declaration should not be stricken from the record because (i) the Motion to Strike was untimely filed and (ii) the Declaration is simply an attempt to clarify the record for the District Court. Each contention has no merit and should be rejected.[2]

2. Parker's first contention is that "because the Debtors' did not file their Motion to Strike either prior to or simultaneously with the Counterdesignation, the Debtors waived their right to object to the inclusion of Parker's Declaration in the record on appeal." Obj. ¶ 11. Parker's only support for this argument is his reference to Fed. R. Bankr. P. 8006. However, Rule 8006 prescribes no time in which an appellee must file a motion to strike items that were improperly included in an appellant's designation of the record on appeal. As such, Parker's contention that the Motion to Strike was untimely filed lacks merit.[3]

3. Parker's second contention is that the "purpose" of the Declaration "is not to present additional facts going to the substantive merits of the Decision . . . and/or Order . . .

---

[2] While Parker indicates that "[b]oth the Motion to Strike and the Order [shortening time] were delivered by Federal Express to Parker in Lauderdale By The Sea, Florida on Wednesday, August 12, 2009 at approximately 2:00 p.m." (Obj. ¶ 6), Parker fails to inform the Court that the Debtors caused both sets of papers to served by e-mail and fax to Parker on Tuesday, August 11, at 5:40 p.m. (Eastern Time) and 11:14 p.m. (Eastern Time), respectively.

[3] The Motion to Strike should come as no surprise to Parker, as the Debtors indicated in their Counterdesignation, filed August 10, 2009, that "Parker's Designation of Record seeks to designate a declaration that was neither docketed nor introduced as evidence at the sale hearing; the Debtors intend to file a motion with the Bankruptcy Court to strike this declaration." Counterdesignation at 3 n.2.

appealed, but rather to bring to the District Court's attention procedural aspects of the Sale Hearing not apparent from the record, some of which were not discovered by Parker until his return to Florida and which Parker was therefore unable to bring to the attention of this Honorable Court."  Obj. ¶ 12.  This argument also fails.

4. Notwithstanding Parker's characterization of his Declaration, even a cursory review of the Declaration reveals that its sole purpose is to add additional "facts" to the record for the District Court to consider on appeal in connection with Parker's due process arguments.  For example, in Paragraph 5 of the Declaration, Parker raises for the first time that "there was insufficient time with which to review [discovery] documents for preparation prior to taking [] depositions."  But this contention -- like the others set forth in the Declaration -- was never raised by Parker in this Court in connection with the 363 Motion, and, thus, was not considered by this Court in connection with the 363 Decision.  Accordingly, the Declaration should not be included as part of the record on appeal.  *See NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (Gerber, J.) ("the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from").

5. Moreover, as noted in the Motion to Strike, numerous objectors raised "due process" arguments in connection with the 363 Motion, and the Court overruled those objections in the 363 Decision, finding such objections to be without merit.  Motion to Strike ¶ 12; *In re Gen. Motors Corp.*, 407 B.R. 463, 520 (Bankr. S.D.N.Y. 2009) (Gerber, J.).  Parker himself addressed his due process argument generally in his summation in the Bankruptcy Court, but nevertheless failed to raise any of the points he now raises in the Declaration.  To the extent

Parker, a licensed attorney, had specific concerns about the "procedural aspects of the Sale Hearing," such as those asserted in the Declaration, he could have raised them during the 363 Hearing, but he chose not to do so.[4] Parker thus should not be entitled to now go back and "clarify" the record for the District Court when this Court did not (because it could not) consider those "facts" in the 363 Decision.

WHEREFORE the Debtors respectfully request that the Court grant the Motion to Strike in all respects, overrule the Objection in its entirety, and grant the Debtors such other and further relief as it deems just and proper.

Dated: New York, New York
August 17, 2009

/s/ Stephen Karotkin  _____
Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

---

[4] Parker's claim that he only "discovered" certain aspects of his due process arguments after he returned to Florida (Obj. at ¶ 12) is of no moment. The only example Parker cites is that certain deposition transcripts were delivered to his office in Florida instead of to his New York hotel. The Debtors can only surmise, however, that Parker provided his Florida address to the court reporter and therefore the transcripts were delivered there; the Debtors were not involved in coordinating (or responsible for) the delivery of deposition transcripts to Parker. In any event, Parker surely realized during the 363 Hearing that he had not received transcripts from depositions he attended and at which he asked questions; thus he had ample opportunity -- to the extent he deemed it important -- to raise this issue before this Court at the 363 Hearing, but again chose not to do so.