UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                                    :
In re:                                              :        Chapter 11 Case No.:
                                                    :
MOTORS LIQUIDATION COMPANY, et al.                  :        09-50026 (REG)
    f/k/a General Motors Corp., et al.            :
                                                    :
                 Debtors.            :        (Jointly Administered)
-------------------------------------------------------- X

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 3, 2009

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession herein (the "**Debtors**"), for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the retention and employment of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "**FTI**") as financial advisor to the Committee *nunc pro tunc* to June 3, 2009, and upon the Declaration of Michael Eisenband (the "**Eisenband Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Eisenband Declaration, that such financial advisor represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which FTI is to be engaged, that FTI is a disinterested person as that term is defined under section 101(14) of the

Bankruptcy Code, and that FTI's employment is necessary and in the best interests of the

Debtors' estates and their creditors; and it appearing that proper and adequate notice has been

given and that no other or further notice is necessary; and after due deliberation thereon, and

good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed

to them in the Application; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is

hereby authorized to employ FTI as its financial advisor, in accordance with the terms set forth

in the Application, *nunc pro tunc* to June 3, 2009; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee shall be subject to the

standard of review provided in section 328(a) of the Bankruptcy Code except as noted below;

and it is further

ORDERED that notwithstanding the foregoing, the United States Trustee shall retain the

right to object to the Hourly Compensation, Monthly Fixed Fee and the Completion Fee based on

the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

ORDERED, that the Debtors and their estates shall be bound by the following

indemnification provision:

> FTI and its affiliates, and their respective past, present and future
> directors, officers, shareholders, employees, agents and controlling
> persons (the "**Indemnified Parties**"), shall be indemnified and held
> harmless by the Debtors to the fullest extent lawful, from and against any
> and all losses, claims, damages or liabilities (or actions in respect thereof),
> joint or several, arising out of or related to the Engagement, any actions
> taken or omitted to be taken by an indemnified party in connection with
> FTI's provision of services to the Committee, or any transaction or

proposed transaction contemplated thereby. In addition, the Indemnified Parties shall be reimbursed for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, that the Debtors shall have no liability under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any Indemnified Party,

and it is further

ORDERED that for the periods covered by the Monthly Fixed Fee, FTI shall only be required to, maintain time records for services rendered, in half hour increments.

**Dated:** _August 18, 2009_
       **New York, New York**

                                        _s/ Robert E. Gerber_
                                        **UNITED STATES BANKRUPTCY JUDGE**

KL2 2610675.4