**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :   09-50026 (REG)
      f/k/a General Motors Corp., et al.                    :
                                                            :   (Jointly Administered)
                            Debtors.                        :
                                                            :
------------------------------------------------------------x
```

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 (A) ESTABLISHING PROCEDURES FOR THE DISPOSITION OF *DE MINIMIS* ASSETS, AND (B) AUTHORIZING THE DEBTORS TO (i) PAY RELATED FEES, AND (ii) ASSUME, ASSUME AND ASSIGN, OR REJECT RELATED EXECUTORY CONTRACTS OR UNEXPIRED LEASES

Upon the Motion, dated July 29, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code establishing procedures for the sale of *de minimis* assets, whether by private sale or auction, including the payment of related brokers' commissions and auctioneer fees and the assumption, assumption and assignment, or rejection of related executory contracts or unexpired leases, all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED THAT:

1. The relief requested in the Motion is GRANTED as provided herein.

2. The *De Minimis* Sale Procedures are approved as follows:

A. <u>Sale Price Less than or Equal to $1 Million</u>

3. The Debtors are hereby authorized to sell any asset for total consideration of a value less than or equal to $1 million (a "**Non-Noticed *De Minimis* Sale**") without further Court approval, and without providing notice of the Non-Noticed *De Minimis* Sale to any party, whether by private sale or by auction; <u>provided</u> <u>that</u> (a) all assets with known existing environmental contamination, and (b) the Debtors' interests in the Centerpoint Business Campus in Pontiac, Michigan shall only be sold pursuant to the Noticed *De Minimis* Sale procedures (as defined below). The Debtors are also authorized to take any actions that are reasonable and necessary to close the Non-Noticed *De Minimis* Sale and obtain the sale proceeds.

4. If the Debtors seek to assume, assume and assign, or reject executory contracts or unexpired leases relating to and in connection with an asset sale that would otherwise qualify as a Non-Noticed *De Minimis* Sale, the Debtors shall seek to sell those assets pursuant to the Noticed De Minimis Sale procedures (as defined below). In addition, if the Debtors seek to sell assets encumbered by liens (other than assets encumbered solely by liens granted in favor of the DIP Lenders, as defined and described in more detail below) in connection with an asset sale that would otherwise qualify as a Non-Noticed *De Minimis* Sale, the Debtors shall seek to obtain the consent of the lienholder. If the Debtors are unable to obtain

the consent of the lienholder, the Debtors may sell the encumbered assets pursuant to the Noticed *De Minimis* Sale procedures.

B.  Sale Price Greater than $1 million but Less than or Equal to $15 Million

5.  The Debtors are hereby authorized to sell any asset for total consideration of a value that is greater than $1 million but less than or equal to $15 million (a "**Noticed *De Minimis* Sale**"), without further Court approval, after providing notice of the Noticed *De Minimis* Sale to certain parties in accordance with the following procedures.

6.  If the Debtors propose a Noticed *De Minimis* Sale, the Debtors will serve a notice of such proposed sale (a "**Sale Notice**") by facsimile, email, overnight delivery, hand delivery, or first class mail on the following parties:

(i)   the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

(ii)  counsel for the statutory committee of unsecured creditors (the "**Creditors' Committee**");

(iii) counsel for the lenders under that certain Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of July 10, 2009, among Motors Liquidation Company (f/k/a General Motors Corporation), as Borrower, the Guarantors party thereto, and the Lenders party thereto from time to time;

(iv)  the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.);

(v)   the state Attorney General for the state in which any real property to be sold is located;

(vi)  the treasurer or other appropriate representative of the local taxing jurisdiction or governmental unit in which the property to be sold is located;

(vii) all known parties holding or asserting liens or encumbrances on the assets that are the subject of the proposed Noticed *De Minimis* Sale and their respective counsel, if known; and

  (viii) the counterparties (or such counterparty's counsel) to all executory contracts or unexpired leases related to the property subject of the Sale Notice that the Debtors are seeking to assume and assign to the purchaser of the assets, or reject ((i)-(vi) collectively, the "**Interested Parties**").

Interested Parties shall have ten (10) business days from service of the Sale Notice to file and serve any objections to a Noticed *De Minimis* Sale (the "**Notice Period**").

 7. The Sale Notice will specify:

  (i) a description of the asset proposed to be sold, its location, and a statement whether, at the time of the notice, there is any known existing environmental contamination of such asset;

  (ii) an identification of the executory contracts and unexpired leases, if any, to be assumed and assigned, or rejected in connection with the sale, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code, and a statement regarding the adequate assurance of future performance by the proposed assignee, consistent with section 365 of the Bankruptcy Code;

  (iii) the identities of any parties holding or asserting liens or other interests or potential interests in the property and a statement indicating how the Debtors propose to satisfy section 363(f) with respect thereto;

  (iv) an affidavit of the broker or auctioneer, if any, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), that identifies the broker or auctioneer and the amount of the proposed commissions and contains the disclosures required by Bankruptcy Rule 2014; and

  (v) instructions regarding the procedures to assert objections to the Noticed *De Minimis* Sale.

 8. If the transaction is to be a private sale, the Sale Notice will also specify:

  (i) the identity of the proposed purchaser (including a statement indicating whether the proposed purchaser is an "insider" as defined in section 101(31) of the Bankruptcy Code); and

  (ii) the major economic terms and conditions of the Noticed *De Minimis* Sale;[2]

---

[2] This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

9. If the transaction is to be by auction, the Sale Notice will also specify:

(i) the date, time and place of the auction;

(ii) the minimum acceptable bid; and

(iii) any terms and conditions of sale to be imposed at the auction.

10. Objections to a Noticed *De Minimis* Sale ("**Objections**") must be in writing, filed with the Court, and served on the Interested Parties and counsel to the Debtors so as to be received by all such parties prior to 4:00 p.m. (Eastern Time) on the last day of the Notice Period. Each Objection must state with specificity the grounds for the Objection.

11. If any significant economic terms of a Noticed *De Minimis* Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the Debtors will serve a revised Sale Notice on all Interested Parties describing the proposed Noticed *De Minimis* Sale, as amended. If a revised Sale Notice is required, the Notice Period will expire on the later of the original Notice Period expiration date or five (5) calendar days from service of the revised Sale Notice.

12. If an Objection to a Noticed *De Minimis* Sale is properly filed and served by an Interested Party:

(i) The Debtors may negotiate with the party filing the Objection and may change the terms of the sale without the requirement of further notice, as long as the revised terms are no more onerous to the Debtors than those set forth in the Sale Notice.

(ii) The Noticed *De Minimis* Sale may not proceed absent (a) withdrawal of the Objection; or (b) entry of an order by the Court specifically approving the Noticed *De Minimis* Sale.

(iii) The Debtors may schedule a hearing on the Noticed *De Minimis* Sale and, upon the scheduling of such a hearing, the Debtors will provide notice of the hearing on the party filing the Objection and the Interested Parties.

13. If no Objection to a Noticed *De Minimis* Sale is filed and served by an Interested Party consistent with the Noticed *De Minimis* Sale Procedures, such Noticed *De Minimis* Sale will be deemed final and fully authorized by the Court under the terms of this Order, including the payment of related brokers' commissions or auctioneer fees, if applicable, and the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, if applicable (including the payment of cure costs related thereto), and no further notice or Court approval to consummate the Noticed *De Minimis* Sale will be required or necessary.

14. The Debtors may consummate a Noticed *De Minimis* Sale prior to expiration of the applicable Notice Period if they obtain each Interested Party's written consent to such Noticed *De Minimis* Sale.

15. In the case of a Noticed *De Minimis* Sale to proceed by private sale, in the event the Debtors receive a competing bid the Debtors will only consummate a sale upon consultation with the Creditors' Committee.

16. In the case of a Noticed *De Minimis* Sale to proceed by auction, the Debtors may sell the applicable asset at the auction for any price above the minimum bid, even if the sale price exceeds the applicable threshold for the *De Minimis* Sale Procedures.

C. <u>Effects of Sale</u>

17. The consent of the DIP Lenders is not required to sell estate assets, and all buyers will take title to the assets free and clear of the DIP Lenders' liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code. Additionally, pursuant to section 363(f) of the Bankruptcy Code, all sales of property and interests in property pursuant to this Order shall be free and clear of all liens, claims and encumbrances, if any, and any such valid, and where applicable perfected, liens, claims, and encumbrances, including liens, claims,

and encumbrances of the DIP Lenders, will attach to the proceeds of the sale, subject to the rights, claims, defenses and objections, if any, of the Debtors or the Creditors' Committee. Notwithstanding the foregoing, nothing in this Order shall be construed to invalidate or subordinate any duly perfected, non-voidable, valid liens of governmental units for personal property taxes, real property taxes, special taxes, special assessments, and infrastructure improvement taxes arising before or after the commencement of these chapter 11 cases to the extent that such liens of governmental units take priority over previously granted and perfected consensual liens or security interests in property of the Debtors under applicable non-bankruptcy law.

19. All buyers will take assets sold by the Debtors pursuant to the *De Minimis* Sale Procedures subject to the terms of the documentation executed in connection with the sale, which may include provisions that the buyers are taking the assets "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended purpose or any particular purpose.

19. All sales consummated in compliance with the *De Minimis* Sale Procedures shall be deemed to be the result of an arm's-length transaction and the purchaser shall be deemed a good faith purchaser and shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

20. Upon the closing of a private sale or auction pursuant to the *De Minimis* Sale Procedures above, the Debtors may (a) assume any executory contract or unexpired lease to be assigned to a proposed purchaser or other third party as a part of the proposed sale and provide for the payment of the related cure amount and (b) reject any executory contract or unexpired lease identified for rejection in the Sale Notice. The counterparties to any executory

contracts or unexpired leases identified in the Sale Notice pursuant to the *De Minimis* Sale Procedures are hereby barred from asserting any further cure claims in respect of such executory contracts or unexpired leases after the objection period for a Noticed *De Minimis* Sale has passed.

21. With respect to all Noticed *De Minimis* Sales and Non-Noticed *De Minimis* Sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and all such sales consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

D. <u>The Quarterly Report</u>

22. On or before the 30th day after the commencement of each fiscal quarter commencing with the fiscal quarter beginning on October 1, 2009, the Debtors shall file and serve on the Creditors' Committee a report summarizing (i) any Noticed *De Minimis* Sales that were consummated pursuant to the *De Minimis* Sale Procedures during the immediately preceding fiscal quarter and (ii) any Non-Noticed *De Minimis* Sales for consideration greater

than $250,000 that were consummated pursuant to the *De Minimis* Sale Procedures during the immediately preceding fiscal quarter (a "**Quarterly Report**"). With respect to each applicable sale, each Quarterly Report shall include:

      (i)    a description of the assets sold;

      (ii)    the identity of the purchaser and any relationship such party has with the Debtors; and

      (iii)    the total consideration received in connection with the sale.

E.   <u>Miscellaneous</u>

23.    The Debtors are authorized to pay reasonable brokers' commissions and auctioneer fees for brokers and auctioneers utilized in connection with any sales pursuant to the *De Minimis* Sale Procedures authorized herein.

24.    Any (a) sale to an "insider," as defined in section 101(31) of the Bankruptcy Code, (b) Non-Noticed *De Minimis* Sale of real property, and (c) Non-Noticed *De Minimis* Sale of other property for total consideration of a value in excess of $500,000 may only be consummated after consultation with the Creditors' Committee.

25.    To the extent applicable, the ten-day stay of Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived, and this Order shall be effective immediately. Furthermore, Non-Noticed *De Minimis* Sales and Noticed *De Minimis* Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the ten-day stay of Federal Rule of Bankruptcy Procedure 6004(h) shall be required for the Debtors to consummate a Non-Noticed *De Minimis* Sale or a Noticed *De Minimis* Sale, subject to compliance with the notice and other procedures set forth herein.

26.    The Debtors are authorized, in consultation with the Creditors' Committee, to execute and deliver all instruments and documents, and take such other action as

may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

27. Nothing in this Order or any purchase agreement entered into under this Order releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.  Nothing in this Order shall be deemed to allow the Debtors to abandon real or personal property in violation of any applicable state or federal laws or regulations, including but not limited to environmental laws and regulations.

28. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed sale after notice and an opportunity for a hearing.

29. No further orders of this Court are necessary to effectuate the terms set forth herein for the transactions contemplated herein.

30. Nothing in this Order shall authorize the Debtors to sell assets they do not own, including any leased equipment.

31. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *August 18, 2009*

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge