POLING, McGAW & POLING, P.C.
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
5455 Corporate Drive, Suite 104
Troy, MI 48098
(248) 641-0500

*Attorneys for Creditor DeMaria Building Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/
In Re:

    GENERAL MOTORS CORPORATION,

        Debtor.

Chapter 11
Case No. 09-50026-reg
Hon. Robert E. Gerber

_____/

**CREDITOR DEMARIA BUILDING COMPANY'S OBJECTION TO DEBTOR'S NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO.**

NOW COMES Creditor, DEMARIA BUILDING COMPANY, by and through its attorneys, POLING, McGAW & POLING, P.C., file this Objection to the Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related thereto (the "Assumption Notices") served upon DeMaria Building Company ("DeMaria") by the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") pursuant to the requirements of the *Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III)*

*Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice, dated June 2, 2009* (the "Sale Procedures Order", with Docket No. 274) and *Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting related relief dated July 5, 2009* (the "Sale Authorization Order", with Docket No. 2968), states unto this Honorable Court as follows:

## BACKGROUND

1. This Chapter 11 Bankruptcy Proceeding was voluntarily commenced by the Debtors on June 1, 2009.

2. On June 1, 2009 Debtors filed their Motion Pursuant to 11 U.S.C. §105, §363, and §365 and Fed. Rules of Bankr. Proc. 2002, 6004 and 6006, To (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relieve; and (II) Schedule Sale Approval Hearing ("Motion to Approve Sale").

3. On June 2, 2009 this Court granted Debtors Motion as evidenced by the entry of the Order Approving Procedures for Sale of Debtors' Assets Pursuant to The Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, A U.S. Treasury-Sponsored Purchaser, Scheduling Bid Deadline and Sale Hearing Date, Establishing Assumption and Assignment Procedures and Fixing Notice Procedures and Approving Form of Notice, which scheduled the related hearing to take place on June 30, 2009 at 9:45a.m. before this Court.

4. Further on June 2, 2009 this Court also entered the Order Pursuant to Sections 105,

2

363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings, LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice (the "Sale Procedures Order", with Docket No. 274) wherein this Court outline the general procedures for the Sale of the "Old GM"'s Assets and the Assignment and Assumption of the Old GM's executory contracts to the "New GM" entity.

5.  On July 5, 2009 this Court issued the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting related relief dated July 5, 2009 (the "Sales Authorization Order").

6.  As a result of these issued Orders, the Court permitted the New GM to submit Assumption Notices for those executory contracts it intended to assume and assign.

7.  Creditor DeMaria Building Company ("DeMaria") is a Michigan construction corporation.

8.  DeMaria performed construction improvements to the General Motors Warren Tech Center ("Tech Center") located in Warren, Michigan and the General Motors OnStar Call Center ("Call Center") located in Pontiac, Michigan pursuant to agreements entered into between DeMaria and General Motors Corporation.

9.  DeMaria performed the contracted construction improvements on the Tech Center and the Call Center in compliance with their contracts on the Project, however, General Motors

3

Corporation failed and/or refused to provide full payment to DeMaria for the improvements performed.

10. DeMaria is currently is owed a total of One Million One Hundred Thirty-Two Thousand One Hundred Fifty-Six Dollars and Ninety-Eight Cents ($1,132,156.98) for the improvements it performed to the Tech Center and the Call Center.

11. The Michigan Legislature, through its Public Act 1980, No. 497, elected to replace the Mechanic's Lien Act with Michigan Construction lien Act, MCL 570.1101 *et.seq.* ("the Lien Act"), therefore, any references of mechanic's liens in the General Motors Corporation Chapter 11 Bankruptcy before this Court must include by reference those valid and enforceable construction liens prepared in compliance with the Lien Act.

12. Pursuant to Section 111 of the Lien Act, MCL 570.1111, DeMaria caused Construction Liens for the monies owed by General Motors Corp. to DeMaria to be recorded with the Register of Deeds for the Counties where the improved real property is located, *i.e.* Oakland and Macomb Counties, on December 12, 2008. A copy of the Tech Center Construction Lien is attached as Exhibit A and a copy of the Call Center Construction Lien is attached as Exhibit B.

13. The identified Construction Liens were served upon General Motors Corporation as required under the specifications contained in Section 111 of the Lien Act. MCL 570.1111.

14. DeMaria's Construction Liens on the Tech Center and Call Center are valid and enforceable liens against the real property where these Centers are located.

15. As a result of the valid and enforceable basis of DeMaria's Construction Liens and pursuant to the clear terms of Paragraph 18 of the General Provisions contained in the Sales Authorization Order (see Docket No. 2968), which provides that all "Continuing Liens" "shall constitute an Assumed Liability with respect to which there shall be no recourse to the Purchaser or

4

any property of the Purchaser other than recourse to the property subject to such Continuing Lien", the New GM is required to honor said liens as a result of the Asset Sale that occurred in this Bankruptcy.

16. Despite the clear language in the Sales Authorization Order regarding the recognition and enforcement of DeMaria's valid and enforceable Construction Liens, the Debtors have issued two sets of Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Assumption Notices") to DeMaria for the Tech Center Project and the Call Center Project.

17. The Assumption Notice for the Tech Center Project (a copy is attached as Exhibit C) was issued by Debtors on August 7, 2009 and received by DeMaria on or around August 10, 2009.

18. The Assumption Notice for the Call Center Project (a copy is attached as Exhibit D) was issued by Debtors on August 14, 2009 and received by DeMaria on or around August 17, 2009.

19. These Assumption Notices provided DeMaria will login information to allegedly view the Cure Amounts for the Assumable Executory Contracts at the identified website, however, when accessed the Supplier Details provided at this Website for both the Tech Center Project and the Call Center Project both fail to include the cure amount for the specified Contracts (see Exhibit E - the Tech Center Supplier Detail Sheet, and Exhibit F - the Call Center Supplier Detail Sheet).

20. As a consequence, DeMaria is (a) unable to determine the cure amount that Debtors have indicated it is owed for the Tech Center and Call Center Projects, and (b) is unsure as to the effect of Debtors' Assumption Notices against its valid and enforceable Construction Liens (see Exhibits A and B).

**OBJECTION**

21. DeMaria cannot determine the cure amount for the two Contracts that Debtors propose to assume and assign. The agreements posted on the Debtors' Website lack all information relevant to the cure amount, further, DeMaria was put on hold for over three hours without obtaining any aid from the Debtors' Supplier Information Call Center at 1-888-409-2328. In addition, Debtors' Website fails to provide any information that would help DeMaria understand the Debtors' proposed treatment of its agreements. As such, DeMaria cannot determine if its interests are being adequately protected by Debtors.

22. In addition to Debtors' failure to identify the applicable cure amounts, Debtors have failed and/or refused to explain how these Assumption Notices will effect DeMaria's valid and enforceable Construction Liens against the Tech Center and Call Center, which are Permitted Encumbrances as defined under Article II, Section 2.1 of the MSPA.

23. Therefore DeMaria objects to Debtors' assumption and assignment of the Tech Center and Call Center Projects on the grounds that Debtors have failed and/or refused to provide sufficient information to as to the relevant cure amounts available for DeMaria. As such, Debtors have not and cannot establish their ability to satisfy the conditions to assumption set forth in Section 365(b) and 365(f)(2)(B) of the Bankruptcy Code.

24. While Debtors have assured DeMaria that the deficiencies with Debtors' Assumption Notices will be fixed, each Assumption Notice sets forth a ten-day objection deadline, therefore, DeMaria is required to make this Objection and expressly not consent to the proposed assumption and assignment of such agreements.

25. DeMaria reserves all of its rights and remedies, including the opportunity to object to pending, proper notifications by the Debtors of their intent to assume and assign their agreements with DeMaria.

WHEREFORE, Creditor, DEMARIA BUILDING COMPANY hereby requests that this Honorable Court:

A. Recognize and accept DeMaria Building Company's Objection;

B. Enter an Order that Debtors provide full payment to DeMaria in the amount of One Million One Hundred Thirty-Two Thousand One Hundred Fifty-Six Dollars and Ninety-Eight Cents ($1,132,156.98) in exchange for DeMaria's release of its Construction Liens on the Warren Tech Center and the OnStar Call Center;

C. Or in the alternative enter an order that the cure amount that has yet to be supplied by Debtors for its Assumption Notices to DeMaria indicates payment of One Million One Hundred Thirty-Two Thousand One Hundred Fifty-Six Dollars and Ninety-Eight Cents ($1,132,156.98) to DeMaria for the assumption and assignment of its Contracts with Debtors; and

D. Grant any and all other remedies as this Court deems just and proper.

/s/D. Douglas McGaw
D. Douglas McGaw (P24166)
Kathryn E. Driscoll (P69727)
Poling, McGaw & Poling, P.C.
5455 Corporate Drive, Suite 104
Troy, MI   48098
(248) 641-0500
Pmppc@aol.com
(P24166), Attorneys for DeMaria Building Co.