UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
GENERAL MOTORS CORP., *et al.*,                          :    09-50026 (REG)
                                       Debtors.          :    (Jointly Administered)
---------------------------------------------------------x

RECEIVED
2009 AUG 17 AM 10: 38
DEMARIA BUILDING CO.

5716-01226327
DeMaria
P.O. Box 8018
Novi MI 48376

1. Please carefully review the enclosed Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto.

2. In order to view the Cure Amount for the Assumable Executory Contracts to which you are a party, you must log onto: http://www.contractnotices.com.

3. To log on, please use the user name and password provided to you below.

4. If you have questions about the Assumable Executory Contracts or proposed Cure Amounts, you may call 1-888-409-2328 (in the United States) or 1-586-947-3000 (outside the United States).



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
GENERAL MOTORS CORP., *et al.*,                                :    09-50026 (REG)
                                                               :
                                          Debtors.             :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY,
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) CURE AMOUNTS RELATED THERETO**

PLEASE TAKE NOTICE THAT:

1.  By motion dated June 1, 2009 (the "Motion"), General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"),[1] sought, among other things, authorization and approval of (a) the sale of substantially all the Debtors' assets pursuant to that certain Master Sale and Purchase Agreement and related agreements (the "MPA") among the Debtors (the "Sellers") and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury") (the "363 Transaction"), free and clear of liens, claims, encumbrances, and interests, (b) certain proposed procedures to govern the sale process and provide for the submission of any competing bids for substantially all the Debtors' assets (the "Sale Procedures"), (c) the assumption and assignment of certain executory contracts (the "Contracts") and unexpired leases of personal property and of nonresidential real property (collectively, the "Leases") in connection with the 363 Transaction, (d) that certain settlement agreement between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") to be executed at the closing of the 363 Transaction (the "UAW Retiree Settlement Agreement"), and (e) scheduling a final hearing for approval of the 363 Transaction (the "Sale Hearing").[2]

2.  The MPA, which, together with certain ancillary agreements, contemplates a set of related transactions for the sale of substantially all the Debtors' assets,

---

[1] The Debtors and their respective Tax ID numbers are as follows: General Motors Corporation, Tax ID No. 38-0572515; Saturn, LLC, Tax ID No. 38-2577506; Saturn Distribution Corporation, Tax ID No. 38-2755764; and Chevrolet-Saturn of Harlem, Inc., Tax ID No. 20-1426707.

[2] Copies of the Motion and the MPA (without certain commercially sensitive attachments) may be obtained by accessing the website established by the Debtors' claims and noticing agent, The Garden City Group, Inc., at http://www.gmcourtdocs.com.

defined as the "Purchased Assets" in Section 2.2(a) of the MPA, including certain Contracts and Leases, subject to higher or better offers.

3. The MPA contemplates, and the proposed order approving the Motion (the "Sale Order"), if approved, shall authorize the assumption and assignment to the Purchaser of certain Contracts and Leases pursuant to section 365 of title 11, United States Code (the "Bankruptcy Code"). The Sellers maintain a schedule containing Contracts and Leases that the Debtors may assume and assign to the Purchaser (collectively, the "Assumable Executory Contracts"). You are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts.

4. THE SCHEDULE CONTAINS A LIST OF ASSUMABLE EXECUTORY CONTRACTS THAT MAY BE ASSUMED. THE PURCHASER RESERVES THE RIGHT UNDER THE MPA TO EXCLUDE ANY ASSUMABLE EXECUTORY CONTRACT FROM THE LIST OF ASSUMABLE EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED BY NO LATER THAN THE DESIGNATION DEADLINE DISCUSSED IN PARAGRAPH 13 BELOW.

5. The Debtors maintain a secure website which contains information about your Assumable Executory Contract, including amounts that the Debtors believe must be paid to cure all prepetition defaults under the respective Assumable Executory Contracts as of the Commencement Date in accordance with section 365(b) of the Bankruptcy Code (the "Cure Amounts"). In order to view the Cure Amount for the Assumable Executory Contract to which you are a party, you must log onto http://www.contractnotices.com (the "Contract Website"). To log on, please use the user name and password provided to you with this notice. The username and password will enable you to access the Cure Amount for the particular Assumable Executory Contract to which you are a party.

6. Please review the Cure Amount for your Assumable Executory Contract. In some instances, additional terms or conditions of assumption and assignment with respect to a particular Assumable Executory Contract are provided on the Contract Website.

7. Objections, if any, to the proposed assumption and assignment of the Assumable Executory Contracts (the "Contract Objections"), including objections to the Cure Amount, must be made in writing and filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") so as to be received **no later than ten (10) days after the date of this Notice** (the "Objection Deadline") by (i) the Debtors, c/o General Motors Corporation, Cadillac Building, 30009 Van Dyke Avenue, Warren, Michigan 48090-9025 (Attn: Warren Command Center, Mailcode 480-206-114); (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (iii) the U.S. Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the Purchaser, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the attorneys for the Creditors Committee; (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); and (vii) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.).

8.  If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as hereinafter defined), the Purchaser shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall be determined as follows and paid as soon as reasonably practicable following resolution of such disputed Cure Amount: To resolve the Cure Objection, the Debtors, the Purchaser, and the objecting non-Debtor counterparty to the Assumable Executory Contract (the "Non-Debtor Counterparty") shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention. The Call Center (as defined in paragraph 18) has been established by the Debtors for this purpose. If the Debtors determine that the Cure Objection cannot be resolved without Bankruptcy Court intervention, then the Cure Amount will be determined as follows: (a) with respect to Assumable Executory Contracts pursuant to which the Non-Debtor Counterparty has agreed to an alternative dispute resolution procedure, then, according to such procedure; and (b) with respect to all other Assumable Executory Contracts, by the Bankruptcy Court at the discretion of the Debtors either at the Sale Hearing or such other date as determined by the Bankruptcy Court.

9.  If a timely Contract Objection is filed that objects to the assumption and assignment on a basis other than the Cure Amount, the Debtors, the Purchaser, and the objecting Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention. If the Debtors determine that the Contract Objection cannot be resolved without Bankruptcy Court intervention, then, at the discretion of the Sellers and the Purchaser, the Contract Objection shall be determined by the Bankruptcy Court at the Sale Hearing or such other date as determined by the Bankruptcy Court. If the Bankruptcy Court determines at such hearing that the Assumable Executory Contract should not be assumed and assigned, then such Executory Contract or Lease shall no longer be considered an Assumable Executory Contract.

10. If the Debtors, the Purchaser, and the Non-Debtor Counterparty resolve any Contract Objection, they shall enter into a written stipulation (the "Assumption Resolution Stipulation"), which stipulation is not required to be filed with or approved by the Bankruptcy Court.

11. If you agree with the respective Cure Amount(s) listed in the Contract Website with respect to your Assumable Executory Contract, and otherwise do not object to the Debtors' assumption and assignment of your Assumable Executory Contract, you are not required to take any further action.

12. Unless a Contract Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumable Executory Contract and the Cure Amount for your Assumable Executory Contract, and you shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser.

13. Up to the date that is thirty (30) days following the closing of the 363 Transaction, or if such date is not a Business Day (as defined in the MPA), the next Business Day, or such other later date as mutually agreed upon by the Purchaser and the Debtors (the "Designation Deadline"), the Purchaser may, in its sole discretion, subject to certain limitations specified in the MPA (applicable only as between the parties thereto), exclude any of the Assumable Executory Contracts by providing notice on the Contract Website. Upon such designation, the Contract or Lease referenced therein shall no longer be considered an Assumable Executory Contract, shall not be deemed to be, or to have been, assumed or assigned, and shall remain subject to assumption, rejection, or assignment by the Debtors. Until the Designation Deadline, the Purchaser also may, subject to certain limitations specified in the MPA (applicable only as between the parties thereto) designate additional Contracts or Leases as Assumable Executory Contracts to be assumed and assigned by providing notice to the affected Non-Debtor Counterparties. The Contract Website shall be updated from time to time to reflect the then current status of your Contract or Lease as well as the proposed effective date (the "Proposed Assumption Effective Date"), if any, of the assumption and assignment of particular Contracts or Leases.

14. The Debtors' decision to assume and assign the Assumable Executory Contracts is subject to Bankruptcy Court approval and consummation of the 363 Transaction, and, absent such consummation, each of the Assumable Executory Contracts will not be assumed or assigned to the Purchaser and shall in all respects be subject to further administration under the Bankruptcy Code. All Assumable Executory Contracts will be assumed and assigned to the Purchaser on the date (the "Assumption Effective Date") that is the later of (i) the Proposed Assumption Effective Date and (ii) the date following expiration of the Objection Deadline if no Contract Objection, other than to the Cure Amount, has been timely filed, or, if a Contract Objection, other than to the Cure Amount, has been filed, the date of the Assumption Resolution Stipulation or the date of a Bankruptcy Court order authorizing the assumption and assignment to the Purchaser of the Assumable Executory Contract. Until the Assumption Effective Date, assumption and assignment of the Assumable Executory Contracts is subject to the Purchaser's rights to modify the designation of Assumable Executory Contracts as set forth in paragraph 13 above. Except as otherwise provided by the MPA, the Purchaser shall have no rights in and to a particular Assumable Executory Contract prior to the Assumption Effective Date.

15. The inclusion of any document on the list of Assumable Executory Contracts shall not constitute or be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or Lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

16. Any Contract Objection shall not constitute an objection to the relief generally requested in the Motion (e.g., the sale of the Purchased Assets by the Debtors to the Purchaser free and clear of liens, claims, encumbrances, and interests), and parties wishing to object to the relief generally requested in the Motion must file and serve a separate objection in accordance with the procedures approved and set forth in the order of the Bankruptcy Court approving the Sale Procedures.

17. If a party other than the Purchaser is determined to be the highest or best bidder for the assets to be sold pursuant to the 363 Transaction, you will receive a separate notice providing additional information regarding the treatment of your Contract or Lease; *provided,*

*however*, that if the applicable Cure Amount has been established pursuant to the procedures set forth in this Notice, it shall not be subject to further dispute if the new purchaser seeks to acquire such contract or Lease.

        18. If you have questions about the Assumable Executory Contracts or proposed Cure Amounts, you may call 1-888-409-2328 (in the United States) or 1-586-947-3000 (outside the United States) (the "Call Center").

Dated: New York, New York
        August 14, 2009

    /s/ Stephen Karotkin
    Harvey R. Miller
    Stephen Karotkin
    Joseph H. Smolinsky

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession