*The Clerk of the Court*



United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004-1408

<u>Lead Case # 09-50026</u>

| In Re: | ) | |
|---|---|---|
| | ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et. al | ) | Case # 09-0950026 |
| Debtors | ) | (Gerber) |
| (formerly General Motors Corp. et. al.) | ) | Jointly Administered |
| | ) | August 15, 2009 |

### <u>JOINDER BY "PARTY IN INTEREST" (RADHA R.M. NARUMANCHI) IN OPPOSITION TO DEBTOR'S MOTION TO STRIKE DECLARATION OF OLIVER ADDISON PARKER (Docket # 3751)</u>

The facts in this case [namely that Oliver Addison Parker ("Parker") – a creditor and a *pro se* attorney has timely filed a notice of appeal against the 7-5-2009 "363 Sale Order" of this court, and then designated a number of documents and issues on appeal] are well known; and, hence, I am not reciting them, excepting to identify the following[1] few docket #s that I notice from GM's web site:

Docket # 3751 – Debtor's Motion to Strike Oliver Addison Parker's designations;
"    " # 3754 – Affidavit filed by Ashish Gandhi on behalf of Debtor;
"    " # 3794 – Objection to # 3751 by Oliver Addison Parker.

I am fully aware that Parker is a duly licensed attorney in Florida state, and, hence, is fully competent to take care of his own problems. Nevertheless, it occurs to me that in the interest of equity, fairness, fair play, and justice, I ought to high light the following serious problems that have occurred, and are likely to repeat themselves, <u>**unless checked suitably by this honorable court.**</u>

The information that I gleaned from the various documents is that Parker is a native of Florida. He made it a point to travel all the way from Florida to New York City at a heavy cost to him, to be present at the evidentiary hearings, that took place on 6/30/2009, 7/1/2009, and 7/2/2009, and also take part in the pre-evidentiary hearing discovery process, in terms of participating in depositions and request for production of documents and records on 6/28/2009 and 6/29/2009.

From Exhibit "B" attached to Docket # 3754, it appears that Parker had requested for certain documents to be made available to him, **not at** his home address in Florida, **but at** Debtor's Counsel's office in Manhattan, New York City, at 12.30 pm on **6-28-2009**, to participate in the pre-evidentiary hearing process. However, it appears that a Mr. David Dummer in Debtor's Counsel's office had sent **on**

---

[1] GM's web site does not have any separate docketing information with regard to Parker's appeal on the 7-5-2009 "363 sale order" of this honorable court.

<u>6-29-2009</u> a hard drive to Parker, at his residential address in Florida, **a total of <u>447,814</u> pages[2] which apparently meant the following:**

    a) Parker was probably overwhelmed with the mass of data[3] sent to him (even after his return to Florida, may be at the end of the first week of July 2009) with no useful purpose served ever. **It is clear that this egregious behavior on the part of Debtor's counsel was to overwhelm and intimidate even an experienced attorney.** After all this *pro se* Parker is not collecting a $1,000 per hour fees for his own work.

    b) It did not serve the purpose either during the pre-evidentiary hearing discovery process, or during the evidentiary hearing process itself.

So, how does this all comport with an orderly and scientific process of a full and fair evidentiary hearing on a 363 sale motion, where the debtor had stiffed more than **190,000 middle income families[4]** of USA that held unsecured bonds of GM, to the tune of **$27,000,000,000?** After all, the bankruptcy courts are courts of equity. What happened in Parker's case is a sad commentary on our system of justice!!

Respectfully submitted. Dated at New Haven, Conn. 06513, this 15 day of August, 2009.

    CREDITOR (Interested Party) & *Appellant Pro Se*
    and Plaintiff *Pro Se* in Adversarial Complaint

    *(signature)* 8/15/2009
    (Radha R.M. Narumanchi)
    657 Middletown Avenue
    New Haven, Conn. 06513
    Phone: (203) 562-0536
    Email: rrm_narumanchi@hotmail.com

---

[2] Some where in the process of designating the documents, Parker had complained that he had received about **<u>100,000 pages of stuff</u>**. Poor Parker, he underestimated the ability of Debtor's counsel to flood, overwhelm, and intimidate him with 4-1/2 times that number (volume)!!

[3] Whenever such a thing happens, this honorable court ought to give a fair amount of time to all the parties to scrutinize all such data, and then prepare themselves to examine the proposed deponents and witnesses of Debtor during pre-evidentiary hearing process and even during the evidentiary hearing process.

[4] No wonder the entire hearing process could be deemed by persons of other cultures, other practice, and other nationalities (in line with a latina compared to wise white folks) as skewed and stilted, when, with the exception of one *pro se* attorney, the bankruptcy court, which is a court of equity, did not spend at least a week's worth of time to hear their heart-broken stories and do a modicum of justice to them.

### Certification

This is to certify that a copy of the aforementioned was mailed by first class mail, postage paid this 15th day of August, 2009 to:

1) Weil, Gotshal & Manges LLP, Attorneys for Debtors, 767 Fifth Avenue, New York, N.Y. 10153 - Attn: Harvey R. Miller/Stephen Karotkin/Joseph H. Smolinsky;
2) Cadwalader, Wickersham & Taft LLP, Attorneys for the Purchaser, One World Financial Center, New York, N.Y. 10281 - Attn: John J. Rapisardi;
3) Kramer Levin Naftalis & Frankel LLP, Attorneys for the Creditors Committee, Attorneys for the Creditors Committee, 1177 Avenue of the Americas, New York, N.Y. 10036, Attn: Kenneth H. Eckstein;
4) Cleary Gottlieb Steen & Hamilton LLP, Attorneys for the UAW, One Liberty Plaza, New York, N.Y. 10006 - Attn: James L. Bromley;
5) Cohen, Weiss and Simon LLP, Attorneys for the UAW, 330 West 42nd Street, New York, N.Y. 10036 - Attn: Babette Ceccotti;
6) Vedder Price, P.C., Attorneys for Export Development Canada, 1633 Broadway - 47th Floor, New York, N.Y. 10019 - Attn: Michael J. Edelman/Michael L. Schein;
7) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, N.Y. 10004 - Attn: Diana G. Adams;
8) U.S. Attorney's General Office, S.D.N.Y., 86 Chambers Street - Third Floor, New York, N.Y. 10007 - Attn: David S. Jones/Matthew L. Schwartz;
9) The Coleman Law Firm, 77 West Wacker Drive, Suite 4800. Chicago, Ill. 6060, Attn: Steve Jakubowski/Elizabeth Richert;
10) Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, 47th Floor, New York, N.Y. 10166, Attn: Adam Offenhartz/David Feldman,
11) Oliver Addison Parker, 283 Codrington Drive, Lauderdale By The Sea, Fl. 33308; and
12) Courtesy Copy to the Chambers of Honorable Judge Robert E. Gerber, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, N.Y. 10004-1408

*[signature]* 8/15/2009
(Radha R.M. Narumanchi)