Endorsed Order

Request denied for failure to allege a prima facie entitlement to relief.

*s/ Robert E. Gerber 8/19/2009*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re                             :    Chapter 11
                                  :
GENERAL MOTORS CORP., et al.,     :    Case No. 09-50026(REG)
                                  :
           Debtors.               :    (Jointly Administered)
                                  :
----------------------------------x

APPLICATION FOR EX PARTE RELIEF ENTRY PAYMENT ENTERED ON JUNE 30, 2009, IN COMPLIANCE WITH ELECTRONIC FUND TRANSFER (REGULATION E) PURSUANT TO 12 CFR PARTS 205 AND 229 AND THE FEDERAL GOVERNMENT'S PARTICIPATION IN THE AUTOMATED CLEARING HOUSE PURSUANT TO 31 CFR PARTS 210, 240 AND 256.60 TO INITIATE THIS AUTOMATIC TRANSFER BY JPMORGAN CHASE BANK N.A. - PAYEE LAFONZA EARL WASHINGTON'S ACCOUNT-HOLDING FINANCIAL INSTITUTION WHO IS AUTHORIZED BY LAW TO INITIATE THIS TRANSFER "WITHOUT" A SPECIFIC REQUEST AND ASSISTANCE IS REQUIRED TO BE PROVIDED BY THE CLERK'S OFFICE OF THE ABOVE-NAMED COURT UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, BY LAW

Electronic Funds Transfer Application:

SECTION 1

1. NAME OF PAYEE
   Lafonza Earl Washington
   P.O. Box 966
   Grand Blanc, MI  48480
   Tel: 810.922.0308

2. NAME OF PERSON ENTITLED TO PAYMENT
   Lafonza Earl Washington

3. PAYMENT GRANTED IN CASE NO. 09 - 50026(REG)

4. TYPE OF DEPOSITOR ACCOUNT
   Checking

5. DEPOSITOR ACCOUNT NUMBER
   832106090

6. TYPE OF PAYMENT
   31 USC § 1304 (a)(1);
   12 USC § 90;
   Federal Rules of Bankruptcy Procedure, Rule 4001(a)(2);
   28 USC § 2201 and Federal Rules of Bankruptcy Procedure, Rule 57.

7. PAYMENT TYPE
    Ex Parte relief granted in the above-numbered case

8. AMOUNT
    $1,596,931,740.00

## PAYEE CERTIFICATION

I CERTIFY that I am entitled to the payment identified above and in signing this form I authorize my payment to be sent to the financial institution named below to be deposited in the above-designated account.

*[Signature]*  August 12, 2009
Signature:                                Dated

*[Signature]*   August 18, 2009

*[Signature]* SECTION 2

GOVERNMENT AGENCY NAME

Office of the Clerk
United States Bankruptcy Court
Southern District of New York
Vito Geena, Clerk / IN c/o HELENE BLUM - Deputy Clerk to Judge GERBER
One Bowling Green
New York, New York  10004
Tel: 212.668.2870  and  212.668.5660

## SECTION 3

NAME AND ADDRESS OF FINANCIAL INSTITUTION

JP MORGAN CHASE BANK, N.A.
6481 W. Pierson Road
Flushing, MI  48433
Tel: 810.659.4986
Fax: 810.659.5286

ROUTING NUMBER
    072000326

DEPOSITOR ACCOUNT TITLE
    Lafonza E. Washington

# FINANCIAL INSTITUTION CERTIFICATION

I CONFIRM the identity of the above-named payee and the account number and title. As representative of the above-named financial institution, I CERTIFY that the financial institution agrees to initiate and deposit the payment identified above in accordance with 12 CFR Parts 205 and 229 and 31 CFR Parts 210, 240, and 256.60.

_____
Print or type Representative's Name


_____
Signature of Representative


_____
Telephone Number


_____
Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re                               :   Chapter 11
                                    :
                                    :   Case No. 09-50026(REG)
GENERAL MOTORS CORP., et al.,       :
                                    :   (Jointly Administered)
                  Debtors.          :
------------------------------------x

## CERTIFICATE OF SERVICE

I, Lafonza Earl Washington, CERTIFY that on Tuesday, August 18, 2009, I caused the below-identified papers to be mailed to the below-named entities:

1. Application For Ex Parte Relief Entry Payment Entered on June 30, 2009, In Compliance With Electronic Fund Transfer (REGULATION E) Pursuant To 12 CFR Parts 205 and 229 and the Federal Government's Participation In the Automated Clearing House Pursuant To 31 CFR Parts 210, 240 and 256.60 To Initiate This Automatic Transfer By JPMorgan Chase Bank N.A. - Payee Lafonza Earl Washington's Account - Holding Financial Institution Who Is Authorized By Law To Initiate This Transfer "WITHOUT" A Specific Request and Assistance Is Required To Be Provided By the Clerk's Office Of the Above-Named Court Under the Federal Rules of Civil Procedure.

2. Clerk's Certificate Of Entry For Order To Pay To the Order Of Lafonza Earl Washington the Specific Related Relief Granted In Order Authorizing Sale Of Assets That Is Demanded To Be Paid By Electronic Fund Transfer.

3. Ex Parte Application - Nunc Pro Tunc To Correct Clerical Omission In Previous Order Relating To Docket Numbers 2477 and 3656 Filed By Petitioner Lafonza Earl Washington.

4. In re Motors Liquidation Company, Case No. 09-50026, Court Docket No. 2477.

5. In re Motors Liquidation Company, Case No. 09-50026, Court Docket No. 3656.

6. In re General Motors Corp., et al., Debtors, Chapter 11, Case No. 09-50026 (REG) reference to Docket No. 2968 ORDER, "Order (1) Authorizing Sale Of Assets Pursuant To Amended and Restated Master Sale and Purchase Agreement

With NGMCO, Inc., A U.S. Treasury-Sponsored Purchaser...and Granting Related Relief.

7. In re General Motors Corp., et al., Debtors, Chapter 11, Case No. 09-50026 (REG), reference to Docket No. 2969 ORDER, "Order Pursuant To Bankruptcy Code Sections 105(a), 361, 362, 363...and Bankruptcy Rules 2002 4001...(A) Approving Amendment To DIP Credit Facility To Provide For Debtors' Post-Petition Wind-Down Financing.

8. Copy of Title 31 USC § 3333 - Relief for payments made without negligence.

9. Copy of Title 31 uSC § 3335 - Timely disbursement of Federal Funds.

I CERTIFY that the foregoing statements made by me are true to the best of my information, knowledge, and belief under penalty of perjury.

Dated: Flint, Michigan
       August 18, 2009

By: Lafonza Earl Washington
Applicant/Account-Holder
P.O. Box 966
Grand Blanc, MI  48480
Tel:  810.922.0308

MAILED TO:

JPMorgan Chase Bank N.A.
Office Location Flushing Point
Attention Ernest M. Garcia
Branch Manager
6481 W. Pierson Road
Flushing, MI  48433
Tel:  810.659.4986
Fax:  810.659.5286

United States Bankruptcy Court
Clerk of the Bankruptcy Court
Vito Geena
One Bowling Green
New York, New York  10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                               : Chapter 11
                                    :
GENERAL MOTORS CORP., et al.,       : Case No. 09-50026(REG,
                                    :
         Debtors.                   : (Jointly Administered,
                                    :
------------------------------------x

CLERK'S CERTIFICATE OF ENTRY FOR ORDER TO PAY
TO THE ORDER OF LAFONZA EARL WASHINGTON THE
SPECIFIC RELATED RELIEF GRANTED IN ORDER
AUTHORIZING SALE OF ASSETS THAT IS DEMANDED
TO BE PAID BY ELECTRONIC FUND TRANSFER

It appears to the Court that the Order previously entered or required to have been entered by the clerk or Judge Robert E. Gerber's Deputy Clerk Helene Blum in the above-entitled action is incorrect as stated because of the omission of the specific entry of the Order and Final Judgment granting this above-named Petitioner his demand for judgment which shall or should have granted the relief demanded in the pleadings to which this party in whose favor it is rendered is or was entitled to.

It further appears that the omission mentioned in Paragraph 1 of this Order occurred through an inadvertent clerical error unintentionally, based on the clerk/deputy clerk was NOT attentive to the record that proved no plan was filed classifying Petitioner's claim or interest and any plan filed is/was required, BY LAW, to leave unaltered the legal, equitable and contractual rights to which the involved claims or interest entitled this Holder of such claims or interests.

IT IS THEREFORE ORDERED that the Order previously entered on

the minutes of the Court, numbered _____, and dated June 30, 2009, be corrected where necessary Petitioner is a pro se party and the Federal Rules of Civil Procedure Rule 12 does NOT require the expertise of licensed attorneys, but include the words IT IS HEREBY ORDERED that the Amended Motion Application of Petitioner/Applicant Lafonza Earl Washington is hereby granted in the sum of $1,596,931,740.00 and the direction of the Electronic Fund Transfer Application to transfer this amount to the designated account at JPMorgan Bank N.A. be satisfied immediately.

IT IS THEREFORE ORDERED that the related Order previously entered on the minutes of the Court, numbered _____, and dated June 30, 2009, include the words IT IS THEREFORE ORDERED that Judge Gerber's deputy clerk assist in executing the individual Blue Cross/Blue Shield medical cards individually, one separately for Petitioner's legal wife Joan A. Washington and one separately for Petitioner above-named.

IT IS FURTHER ORDERED that this Order, as corrected, be entered nunc pro tunc to appear of record as of June 30, 2009, that being the date when the Order was originally entered and erroneously transcribed and satisfy the unpaid interest of $556,940.00 (per day) thru Friday, August 14, 2009, that is already computed in the total amount herein demanded.

Dated:           , 2009

_____
United States Bankruptcy Court
Southern District of New York

Cornell Law School

LII / Legal Information Institute



# U.S. Code collection

Prev | Next

**TITLE 31 > SUBTITLE III > CHAPTER 33 > SUBCHAPTER II > § 3333**
### § 3333. Relief for payments made without negligence

*How Current is This?*

Search this title:

Notes
Updates
Parallel authorities (CFR)
Your comments

(a)
   (1) The Secretary of the Treasury is not liable for a payment made by the Secretary or depositary in due course and without negligence, of a—

      (A) check, draft, or warrant drawn on the Treasury or the depositary; and

      (B) debt obligation guaranteed or assumed by the United States Government.

   (2) The Comptroller General shall credit the accounts of the Treasury or the depositary for the payment.

(b) This section does not relieve another individual from civil or criminal liability for a check, draft, warrant, or debt obligation of the Government.

Prev | Next

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

Cornell Law School

LII / Legal Information Institute

# U.S. Code collection

Prev | Next

**TITLE 31 > SUBTITLE III > CHAPTER 33 > SUBCHAPTER II > § 3335**

## § 3335. Timely disbursement of Federal funds

*How Current is This?*

(a) Each head of an executive agency (other than the Tennessee Valley Authority) shall, under such regulations as the Secretary of the Treasury shall prescribe, provide for the timely disbursement of Federal funds through cash, checks, electronic funds transfer, or any other means identified by the Secretary.

(b) The Secretary may collect from any executive agency which does not comply with subsection (a) a charge in an amount the Secretary determines to be the cost to the general fund of the Treasury caused by such noncompliance.

(c) The amounts of charges collected from an executive agency under this section shall be deposited in the Treasury and credited as miscellaneous receipts.

(d) Any charge assessed by the Secretary under this section, to the maximum extent practicable—

(1) shall be paid out of appropriations available for executive agency operations; and

(2) shall not be paid from amounts available for funding programs of an executive agency.

Search this title:

Notes
Updates
Parallel authorities (CFR)
Your comments

Prev | Next

LII has no control over and does not endorse any external Internet site that contains links to or references LII.

Search Documents

Docket Date: (mm/dd/yyyy)    (mm/dd/yyyy) To (optional):

Docket No.: 2477    To (optional):

Search Description for:

Search Within Results

[ Search ]  [ Clear Search Results ]

## Court Documents

United States Bankruptcy Court Southern District of New York
*In re Motors Liquidation Company*
Case No. 09-50026

### 1 Results Found

*The docket is currently displayed in **reverse chronological order**. To display the docket in chronological order, please click here.*

| Date | Court Docket Number | Description |
|---|---|---|
| 06/19/2009 | 2477 | Objection to Debtors' Motion filed by LaFonza Earl Washington. (Ho, Amanda) (Entered: 06/25/2009) |

- Home
- Case Information
- Key Documents
- First Day Motions and Orders
- 363 Transaction Pleadings
- UAW-Related Court Documents
- Stock Trading Order and Related Information
- Court Documents
- Scheduled Hearings
- Claims Register

http://www.motorsliquidationdocket.com/maincase.php3

8/10/2009

Search Documents

Docket Date: _____ (mm/dd/yyyy) To (optional): _____ (mm/dd/yyyy)

Docket No.: 3656    To (optional):

Search Description for:

☐ Search Within Results

[ Search ]    [ Clear Search Results ]

# Court Documents

United States Bankruptcy Court Southern District of New York
*In re Motors Liquidation Company*
Case No. 09-50026

## 1 Results Found

*The docket is currently displayed in **reverse chronological order**. To display the docket in **chronological order**, please click here.*

- Home

| Date | Court Docket Number | Description |
|---|---|---|
| 07/30/2009 | 3656 | Application for Ex Parte Relief Entry - Nunc Pro Tunc - To Debtors' Unnoticed Amended sales Order Approval (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. a U.S. Treasury Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale: and (III) Granting Related Relief that Includes the Amended Motion Application of Applicant/Petitioner LaFonza Earl Washington Pursuant to the Federal Rules of Bankruptcy |

Procedure Rules 4001(d)(3) and (4) Including the Federal • <u>Case</u>
Rules of Civil Procedure Rules 70, 77, 79, and Title 11
U.S.C. section 363 and 541 filed by LaFonza Earl
Washington. (Ho, Amanda) (Entered: 08/04/2009)

<u>Information</u>
- <u>Key Documents</u>
- <u>First Day Motions and Orders</u>
- <u>363 Transaction Pleadings</u>
- <u>UAW-Related Court Documents</u>
- <u>Stock Trading Order and Related Information</u>
- <u>Court Documents</u>
- <u>Scheduled Hearings</u>
- <u>Claims Register</u>

© 2009 The Garden City Group, Inc. - All Rights Reserved

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
                                 :   Chapter 11
In re                            :
                                 :   Case No. 09-50026(REG)
GENERAL MOTORS CORP., et al.,    :
                                 :   (Jointly Administered)
        Debtors.                 :
                                 :
---------------------------------x

### EX PARTE APPLICATION - NUNC PRO TUNC TO CORRECT CLERICAL OMISSION IN PREVIOUS ORDER RELATING TO DOCKET NUMBERS 2477 AND 3656 FILED BY PETITIONER LAFONZA EARL WASHINGTON

The above-named Petitioner makes application to the Court to grant the statutory and procedurally entitled to Order authorizing the clerk to enter on the minutes of this Court an Order nunc pro tunc, and as grounds for this application shows the following:

1. A hearing of the Voluntary Petition and this entity's filings etc., was held on June 30, 2009, and the noncontest, nondispute, nondenial of this Petitioner's "3" separate Amended Motion Applications and "2" separate Affidavits were in favor of the above-named Petitioner. An entry of Order for relief was made on June 1, 2009, and Order authorizing sale of assets and granting related relief that included the relief demanded by this Petitioner - By Law - as well as an Order approving amendment to provide for Debtors' post-petition wind-down financing was entered on June 30, 2009. Because of clerical errors the following omission was made in the Orders:

2. With specificity, an Order granting related relief was required to be entered in the name of Lafonza Earl Washington and the Clerk's Certificate of Entry was bound by law to enter

on the record the payment to the Order of this entity in the amount of $1,594,147,040.00 that is calculated thru Friday, August 14, 2009, which is updated; and the issuance of individual Blue Cross/Blue Shield account cards in the separate names of Lafonza Earl Washington and Joan A. Washington.

3. If the matter set forth above is NOT entered in the Orders of this Court, the relief intended cannot be secured.

4. Debtor GM or the New GM Co., is NOT required to waive Notice of this Application in compliance with the Federal Rules of Bankruptcy Procedure, Rule 4001(a)(2) authorizes and provides for Ex Parte Relief immediately from the clearly provenced repeated irreparable injuries, losses, and damages uncontestedly being caused by GM etc.

"I DECLARE THAT THE STATEMENTS ABOVE ARE
TRUE TO THE BEST OF MY INFORMATION,
KNOWLEDGE AND BELIEF."

Dated: August 18, 2009

By: Lafonza Earl Washington