**OBJECTION DEADLINE:  Aug. 19, 2009**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Irwin H. Warren
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Debtors in
Possession and for Frederick A. Henderson

Robert D. Joffe
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY  10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Kent Kresa

PREET BHARARA
United States Attorney
By:     David S. Jones
        Jeffrey S. Oestericher
        Matthew L. Schwartz
        Joseph N. Cordaro
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2800
Facsimile:  (212) 637-2750

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                            :

In re                        :           Chapter 11 Case No.
                            :

MOTORS LIQUIDATION COMPANY, *et al.*,  :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                            :

                  Debtors.     :        (Jointly Administered)
                            :
-------------------------------------------------------------x

**JOINT OBJECTION OF THE DEBTORS, THE UNITED STATES OF AMERICA,
FREDERICK A. HENDERSON AND KENT KRESA TO (I) MOTION OF RADHA
R.M. NARUMANCHI TO GIVE ACCESS TO CERTAIN DOCUMENTS FILED
UNDER SEAL AS WELL AS OTHER DOCKETED DOCUMENTS; AND (II)
SUPPLEMENTAL MOTION OF RADHA R.M. NARUMANCHI TO GIVE ACCESS
TO CERTAIN DOCUMENTS FILED UNDER SEAL IN ADDITION TO
DEPOSITIONS OF CERTAIN INDIVIDUALS ALREADY REQUESTED**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        1.       Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), submit this Objection to

the motion [Docket No. 3642] (the "**Initial Motion**") and supplemental motion [Docket No.

3753] (the "**Supplemental Motion**," and together with the Initial Motion, the "**Motions**") filed

by Radha R.M. Narumanchi ("**Narumanchi**") requesting access to certain documents filed under

seal in connection with (i) Narumanchi's appeal of this Court's order authorizing and approving

the sale of assets (the "**Sale**") to NGMCO, Inc., a U.S. Treasury-sponsored purchaser (the

"**Appeal**"), and (ii) the adversary proceeding styled *Radha Raman Murty Narumanchi v. General

Motors Corporation, et al.*, Adv. No. 09-00501 (the "**Adversary Proceeding**").  Frederick A.

Henderson and Kent Kresa, individual defendants in the Adversary Proceeding, and the United

States of America (the "**Government**") join in this Objection.

2.      The Motions seek access to the deposition transcripts of "Harry Parker,"[1]

Frederick Henderson, and Michael Raleigh, each of which was filed with this Court under seal,[2]

as well as other exhibits that were offered into evidence at the hearing to consider the Sale and

that were filed under seal (collectively, the "**Sealed Documents**").

## Background Facts

3.      Narumanchi's assertion that he "was not given any access at all to any of

the pre-evidentiary proceedings (that includes participating fully in depositions, discovery and

requests for production of records)," Initial Motion at 1 n.1; Supplemental Motion at 1 n.2, is

simply false.  The Debtors provided full and prompt discovery to *every* party that requested it.

*See* Affidavit of Irwin H. Warren ("**Warren Aff.**") at ¶ 2.  Such discovery included, but was not

limited to, the Debtors' production of over 384,000 pages of responsive, non-privileged

documents, as well as making Messrs. Henderson and Raleigh available for depositions, both in

their individual capacities and as designees under Fed. R. Civ. P. 30(b)(6).  *Id.*  The Government

likewise provided extensive document discovery and made Mr. Wilson available for deposition

pursuant to Rule 30(b)(6).  *Id.*  The scope and immediate turnaround time of the Debtors' and

Government's responses to such requests are a matter of record.[3]  Furthermore, *pro se* objectors

---

[1] The Debtors are not aware of any "Harry Parker" and assume that Narumanchi meant to seek
access to the deposition transcript of Harry Wilson.

[2] The Motions also request access to any deposition transcripts of William C. Repko, J. Stephen
Worth, and Albert Koch -- but none of these individuals were deposed.

[3] Indeed, at the hearing to consider the Sale, counsel for objectors Callan Campbell, *et al.*,
acknowledged and praised the Debtors' conduct in the discovery process:

> [Mr. Jakubowski:   I also would like to thank the lawyers from
> Weil Gotshal [and] the U.S. Attorneys Office.   We have been
> acting under extreme pressures . . . .   And in fact your Honor, so
> within that short time frame, I can say that Weil Gotshal has been
> fantastic in terms of responding to document requests promptly,

received from the Debtors and the Government the same discovery, courtesies, and

responsiveness as any other party.  Warren Aff. ¶ 3.  Thus, Oliver Addison Parker, who, like

movant Narumanchi, is an unsecured bondholder objector *pro se* litigant[4] in these chapter 11

cases, belatedly sought, but nevertheless promptly received, the Debtors' document production;

and Mr. Parker participated in both the deposition of Mr. Henderson on June 28, 2009 and the

deposition of Mr. Wilson on June 29, 2009, questioning each of these witnesses for over one

hour.  *Id.*  Narumanchi, in contrast, never served any document requests on the Debtors or the

Government (or even made an informal request for documents), nor did he seek to attend the

depositions of Messrs. Wilson, Henderson, or Raleigh.  Warren Aff. ¶ 4.

### Access to Sealed Documents in Connection with the Appeal
### Should Be Conditioned on Narumanchi's Execution of the Agreed Protective Order

4.    The Debtors do not object to giving Narumanchi access to the Sealed

Documents for use in connection with his Appeal, *provided* that he executes and agrees to be

bound by the Agreed Protective Order Establishing Procedures for the Protection of Confidential

Information, dated July 27, 2009 [Docket No. 3399] (the "**Agreed Protective Order**") in the

same manner by which every other person or entity that sought discovery in connection with the

Sale agreed.  A copy of the Agreed Protective Order is annexed hereto as Exhibit "A."  The

Government likewise does not object to giving Narumanchi access to the Sealed Documents, so

long as he executes the agreed Confidentiality Order [Docket No. 2434] and Privacy Act Order

---

providing thirty-five gig data – document production that had a full
Concordance index that was fully OCR-ed that enabled us quickly
to get to the heart of the issues and I think that's why the trial was
as speedy as it was and again the same for the U.S. Attorneys'
Office.

Hr'g Tr. July 1, 2009 at 296.

[4] Although Mr. Parker is an attorney licensed in the State of Florida, he is appearing *pro se*.

[Docket No. 2453], both dated June 24, 2009 (the "**Government Confidentiality Orders**"),

which govern the confidentiality of certain materials produced by the United States Department

of the Treasury.  Copies of the Confidentiality Order and the Privacy Act Order are annexed

hereto as Exhibits "B" and "C," respectively.

**Access to Sealed Documents for Use in Connection
With the Adversary Proceeding Is Not Appropriate**

5.      Narumanchi's contention that he needs access to the Sealed Documents

not only for the Appeal, but also "in order to enable [him] to fully answer the three sets of

Motions to Dismiss filed by defendants' in [his] adversary complaint," Supplemental Motion

¶ 4.0, demonstrates both his misapprehension of the nature of the Motions to Dismiss (as

hereinafter defined), as well as his burden in responding to same.  Accordingly, the use to which

Narumanchi may put the Sealed Documents should be limited to the Appeal.

6.      The Debtors and all of the other defendants named in Narumanchi's

Adversary Proceeding Complaint (the "**Complaint**") have moved to dismiss the Complaint (on

July 16 and 21, 2009), pursuant to Fed. R. Civ. P. 12(b)(6) (as incorporated by Fed. R. Bankr. P.

7012) for failure to state a claim upon which relief can be granted (the "**Motions to Dismiss**").[5]

As such, the Motions to Dismiss were directed to the sufficiency, or more precisely, the

insufficiency, of the allegations of the Complaint; but the defendants necessarily were limited to

attacking the face of the Complaint.  The only material outside of the express allegations of the

Complaint upon which the defendants could and permissibly did rely were those documents

incorporated into the Complaint by reference or of which the Court could take judicial notice.

*See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on a motion to

---

[5] Narumanchi is incorrect in asserting that "the federal government defendants (five in number),"
Initial Motion at 2 n.4; Supplemental Motion at 2 n.3, did not move to dismiss the Complaint.
They did.  *See* Adv. Pro. Docket Nos. 15, 16, 17, 18.

dismiss, courts may consider "documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice"); *Leonard v. Israel Discount Bank*, 199 F.3d

99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its

consideration to 'facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice

may be taken.'") (citations omitted).[6]

       7.     The Sealed Documents sought by Narumanchi in his Motions do not

include any documents incorporated into the Complaint by reference or matters of which this

Court may take judicial notice.  Warren Aff. ¶ 5.  Accordingly, Narumanchi is not entitled to the

Sealed Documents on the basis that he requires them to respond to the Motions to Dismiss; and

he certainly may not utilize the Sealed Documents to respond to the Motions to Dismiss.  Any

Court order granting Narumanchi access to the Sealed Documents should so provide.  A

proposed form of order is annexed hereto as Exhibit "D."

### The Request for "Deferral"

       8.     Finally, Narumanchi requests a "deferral (or postponement)" of the date

on which he must file his response to the Motions to Dismiss (which he received one month ago)

from August 21, 2009 until October 30, 2009 and a "scheduled hearing on pre-trial hearing (as

well as the [M]otions to [D]ismiss)" on December 2, 2009 or a date suitable to the Court.  *See*

Initial Motion at 2 n.4; Supplemental Motion at 2 n.5.  The request for a two and a half month

extension to respond to the Motions to Dismiss seems unnecessary and perhaps was based

---

[6] In addition, the Government submitted a Certification by the then-Acting United States
Attorney for the Southern District of New York in support of its argument that Narumanchi's
claims against the federal defendants are barred by the doctrine of sovereign immunity.  *See*
Adv. Proc. Docket No. 16.  This is the Government's right, pursuant to 28 U.S.C. § 2679(d) and
28 C.F.R. § 15.4(a), and does not create an opportunity for Narumanchi to use the Sealed
Documents -- or any other documents -- in opposition to the Motions to Dismiss.

(incorrectly) on the assumption that Narumanchi could and would be using the Sealed

Documents in his opposition to such Motions.

9.      The Debtors, however, will agree to:  (i) extend the time for Narumanchi

to file his response to the Motions to Dismiss to September 30, 2009, thereby giving him an

additional five weeks (and almost eleven weeks in total) to respond, so long as the Debtors (and

Messrs. Henderson and Kresa, who also are defendants named in the Complaint) may file their

reply papers within thirty (30) days of receipt of Narumanchi's opposition; and (ii) adjourn the

hearing to consider the Motions to Dismiss to a date in early November 2009 that is agreeable to

all parties to the Adversary Proceeding and the Court.  Messrs. Henderson and Kresa, the

Government and Wilmington Trust Company consent to this schedule, as well, so long as their

time to file reply papers is also so extended.

WHEREFORE the Motions should be denied and the Debtors be granted such

other and further relief as is just.

Dated:  New York, New York
        August 19, 2009

> /s/ Irwin H. Warren
> Harvey R. Miller
> Stephen Karotkin
> Joseph H. Smolinsky
> Irwin H. Warren
>
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone: (212) 310-8000
> Facsimile: (212) 310-8007
>
> Attorneys for Debtors and Debtors in
> Possession and for Frederick A. Henderson

/s/ Robert D. Joffe_____
Robert D. Joffe

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 310-8007

Attorneys for Kent Kresa

PREET BHARARA
United States Attorney

/s/ Matthew L. Schwartz_____
By:     David S. Jones
        Jeffrey S. Oestericher
        Matthew L. Schwartz
        Joseph N. Cordaro
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2800
Facsimile:  (212) 637-2750

Attorneys for the United States of America

**Exhibit A**

**Agreed Protective Order Establishing Procedures for the Protection of Confidential Information, dated July 27, 2009 [Docket No. 3399]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                        :

In re                              :           Chapter 11
                                          :

GENERAL MOTORS CORP., *et al.*,       :           Case No. 09-50026 (REG)
                                          :

                 Debtors.              :
-------------------------------------------------------------

**AGREED PROTECTIVE ORDER ESTABLISHING
PROCEDURES FOR THE PROTECTION OF CONFIDENTIAL  INFORMATION**

           The Debtors have produced materials responsive to discovery requests in the above-captioned case.  The signatories hereto have agreed that all documents produced by the Debtors will receive confidential treatment as follows:

           (1)       When producing confidential information in response to any request for information in connection with the first-day motions or the 363 Motion, the Debtors shall label documents as "Highly Confidential," or in a cover letter or other transmittal document specify that the production (whether in hard copy or electronic format) contains confidential information subject to this Order.

           (2)       Unless otherwise agreed by the Debtors, any person or party receiving confidential information shall use such information only for purposes of these chapter 11 cases and shall not disclose such information to any other person or entity other than:

                 a.       Outside counsel of record for the respective parties who requested and received the confidential information (including outside counsel's paralegals and clerical assistants);

AGREED PROTECTIVE ORDER
*IN RE GENERAL MOTORS CORP.*, CASE NO. 09-50026 (REG)

      b.      In-house counsel whose primary purpose is the rendering of legal services for the respective parties, including such counsel's paralegal and clerical assistants;

      c.      Any person employed by a party or its outside counsel of record as an independent consulting or testifying expert for purposes of this chapter 11 case (who is not a shareholder, officer, director or employee of a party, any of its affiliates, or of any of its competitors);

      d.      Court reporters and stenographers for hearings or depositions;

      e.      Clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the parties or counsel;

      f.      Any other person to whom the parties agree in writing.

(3)      Before filing or seeking to introduce into evidence any paper containing confidential information as designated by the Debtors, a party shall first identify such confidential information to the Debtors' counsel in sufficient time to allow Debtor's counsel to determine the propriety of disclosure.

(4)      If the Debtors' counsel does not consent to public filing or disclosure in open court of the confidential information, then the party shall file any paper containing confidential information under seal or shall submit such confidential information to the Court for *in camera* review.

(5)      Any party receiving confidential information may seek relief from the requirements of this Order by notifying Debtors' and requesting a discovery conference with the Court.

AGREED PROTECTIVE ORDER
*IN RE GENERAL MOTORS CORP.*, CASE NO. 09-50026 (REG)

(6)     If a document is inadvertently disclosed that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing, including an identification of the information at issue, and request that the item or items of information be returned, and no party or person shall thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within five (5) calendar days of receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such item or items of information in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

(7)     Unless the parties agree in writing to the contrary, at the conclusion of these Chapter 11 cases, any originals or reproductions of any documents produced in connection with this Protective Order shall be returned to the producing party or destroyed.  However, the attorneys, as defined in Paragraph 2(a) and (b) of this Order, for a party shall be entitled to retain for archival purposes, and on a confidential basis, one copy of all materials which contain or refer to confidential information.  Insofar as the provisions of this Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of these chapter 11 proceedings except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

(8)     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

US_ACTIVE:\43084127\02\43084127_2.DOC\.                    3

AGREED PROTECTIVE ORDER
*IN RE GENERAL MOTORS CORP.*, CASE NO. 09-50026 (REG)

(9)     This Order shall operate as a binding agreement between the Debtors and

any party signing this Order in the absence of the Court's approval and signature.  The parties

agree to submit this Order for entry by the Court and to be bound by its terms while waiting its

entry by the Court.

**IT IS SO ORDERED.**

Dated: New York, New York
`        _**July 27, 2009**_



                                        _**s/ Robert E. Gerber**_
                                        United States Bankruptcy Judge

**Exhibit B**

**Confidentiality Order [Docket No. 2434]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS CORP., *et al.*, | ) | Case No. 09-50026 (REG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## <u>CONFIDENTIALITY ORDER</u>

Pursuant to the provisions of Federal Rule of Civil Procedure 26 and Rules 7026 and

9018 of the Federal Rules of Bankruptcy Procedure, the Court enters this Confidentiality Order

for the purpose of assuring the confidentiality of certain information that may be disclosed by the

United States Department of the Treasury ("United States Treasury") in the course of discovery.

1.      As used in this Confidentiality Order, the term "confidential information"

includes any information that is disclosed by the United States Treasury in the course of

discovery that takes place in the context of the above-captioned chapter 11 proceedings and

which at or before the time of disclosure has been designated as "confidential" by the United

States Treasury in one or more of the following ways:

(a)      Information set forth in an answer to an interrogatory may be so

designated by including the words "Subject to Protective Order" in the answer.

(b)      Information contained in any document or part thereof may be so

designated by marking the words "Subject to Protective Order" on the document or any

copy of it delivered to another party or its counsel or by giving written notice to counsel

for the other party, describing the document or part thereof either specifically or by

category.

(c)    Information contained in an answer to any question asked during an oral

deposition may be so designated by a statement made on the record during the course of

the deposition and on the same day that the answer is given, or upon 20 days receipt of a

transcript of the oral deposition.

2.    "Confidential information" disclosed to another party or its counsel during the

course of discovery proceedings in these chapter 11 cases:

(a)    Shall be used by the other party and counsel only for purposes of these

chapter 11 cases.

(b)    Shall not be published to the public in any form by the other party or

counsel, nor used by the other party for any business or commercial purposes.

(c)    Shall be disclosed by the other party or its counsel only to the following

persons:

(i)    The other party or attorneys of record for the other party, including

any attorneys employed by a law firm of record that represents the other party;

(ii)    Secretarial, clerical and paralegal or student personnel employed

full-time or part-time by attorneys or a law firm that represents the other party;

(iii)    Independent (non-employee) expert witnesses or advisors retained

by the other party in connection with this action;

(iv)    Officers and managerial or supervisory personnel of the other

party;

(v)    Court reporters or stenographers engaged to record deposition

testimony, and their employees; and

(vi)    Such other persons as hereafter may be authorized by the Court

upon motion of either party.

3.    A copy of this Confidentiality Order shall be delivered to each party and to each

person within categories (iii), (iv) and (vi) of paragraph 2(c) above to whom a disclosure of

confidential information is made, at or before the time of disclosure, by the party making the

disclosure or by its counsel.  The provisions of this Confidentiality Order shall be binding upon

each such person to whom disclosure is made.

4.    The provisions of this Order shall not be construed as preventing:

(a)    Any disclosure of confidential information by the United States Treasury.

(b)    Any disclosure of confidential information to any judge, magistrate, or

employee of this Court for purposes of these chapter 11 cases.

(c)    Any disclosure of confidential information to or by any governmental

entity for the purpose of the enforcement of the civil or criminal laws.

5.    All information subject to confidential treatment in accordance with the terms of

this Confidentiality Order that is filed with the Court, and any pleadings, motions or other papers

filed with the Court disclosing any confidential information, shall be filed under seal and kept

under seal until further order of the Court.  Where possible only the confidential portions of

filings with the Court shall be filed under seal.

6.    This Confidentiality Order shall not: (a) operate as an admission by any party that

any particular discovery material contains or reflects trade secrets, proprietary or commercial

information or other confidential matter; (b) prejudice in any way the right of a party to object to

the production of documents it considers not subject to discovery; or (c) prejudice in any way the

right of a party to seek a Court determination (i) whether particular discovery material should be

3

produced or (ii) if produced, whether such material should be subject to the terms of this

Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a

further protective order relating to any confidential information.

      7.      Upon the conclusion of this litigation, all confidential information supplied by the

United States Treasury and all copies thereof, shall be returned to the United States Treasury or

such confidential discovery material shall be certified to have been destroyed.

SO ORDERED this **_24th_** day of **_June_**, 2009

                             **_/s/ Robert E. Gerber_**
                             HON. ROBERT E. GERBER
                             UNITED STATES BANKRUPTCY JUDGE

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**AGREED TO BY:**

Dated:    New York, New York
          June 23, 2009

WEIL GOTSHAL & MANGES LLP
*Attorneys for the Debtors*

 /s/  Harvey R. Miller
Harvey R. Miller, Esq.
Steven Karotkin, Esq.
Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, New York 10153

Dated:    New York, New York
          June 23, 2009

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
*Proposed attorneys for the Official
Committee of Unsecured Creditors*

 /s/  Gordon Novod
Thomas Moers Mayer, Esq.
Kenneth H. Eckstein, Esq.
Gordon Novod, Esq.
1177 Avenue of the Americas
New York, New York 10036

Dated:    New York, New York
          June 23, 2009

LEV L. DASSIN
Acting United States Attorney for
the Southern District of New York
*Attorney for the United States*

 /s/  Matthew L. Schwartz
David S. Jones
Jeffrey S. Oestericher
Matthew L. Schwartz
Joseph N. Cordaro
86 Chambers Street
New York, New York 10007

**AGREED TO BY:**

| | | |
|---|---|---|
| Dated: | New York, New York<br>June 23, 2009 | KENNEDY, JENNIK & MURRAY<br>*Attorneys for the IUE-CWA* |

  /s/  Susan M. Jennik
Thomas M. Kennedy, Esq.
Susan M. Jennik, Esq.
113 University Place, 7th Floor
New York, New York 10003

| | | |
|---|---|---|
| Dated: | New York, New York<br>June 24, 2009 | LEVY RATNER, P.C.<br>*Attorneys for the United Steelworkers* |

  /s/  Suzanne Hepner
Suzanne Hepner, Esq.
80 Eighth Avenue, 8th Floor
New York, New York 10011

| | | |
|---|---|---|
| Dated: | New York, New York<br>June 23, 2009 | GORLICK KRAVITZ &<br>LISTHAUS, P.C.<br>*Attorneys for International Union of*<br>*Operating Engineers* |

  /s/  Barbara Mehlsack
Barbara Mehlsack, Esq.
17 State Street
New York, New York 10004

**AGREED TO BY:**

Dated:     Chicago, Illinois            THE COLEMAN LAW FIRM
           June 23, 2009                *Attorneys for Callan Campbell, et al.*

                                         /s/  Steve Jakubowski
                                        Steve Jakubowski, Esq.
                                        Elizabeth Richert, Esq.
                                        77 West Wacker Drive, Suite 4800
                                        Chicago, Illinois 60601

Dated:     Washington, D.C.            PUBLIC CITIZEN LITIGATION
           June 24, 2009               GROUP
                                        *Attorneys for Center for Auto Safety,
                                        et al.*

                                         /s/  Adina H. Rosenbaum
                                        Adina H. Rosenbaum, Esq.
                                        Allison M. Zieve, Esq.
                                        1600 20th Street, N.W.
                                        Washington, D.C. 20009

**AGREED TO BY:**

Dated:      New York, New York           SCHNADER HARRISON SEGAL
               June 23, 2009               & LEWIS LLP
                                      *Attorneys for the Ad Hoc Committee*
                                      *Of Consumer Victims of General*
                                      *Motors*

                                      /s/  Benjamin P. Deutsch
                                      Benjamin P. Deutsch, Esq.
                                      140 Broadway, Suite 3100
                                      New York, New York 10005

                                          - and -

                                      Barry E. Bressler, Esq.
                                      Richard A. Barkasy, Esq.
                                      1600 Market Street, Suite 3600
                                      Philadelphia, Pennsylvania 19103

**Exhibit C**

**Privacy Act Order [Docket No. 2453]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

## PRIVACY ACT ORDER

The United States Department of the Treasury (the "Treasury Department"), having been served with discovery in this Chapter 11 proceeding, and expecting to object to certain discovery on the ground that the Treasury Department is prohibited from such production by the Privacy Act of 1974, 5 U.S.C. § 552a, and it appearing that such disclosure is in the interests of justice and is subject to the Confidentiality Order being entered simultaneously herewith, it is

ORDERED, that:

1.      To the extent that the Treasury Department objects to any information or material sought by any interested party during the course of this action on the ground that such production is prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a, the Treasury Department's objections are overruled and the Treasury Department shall produce the requested documents and other information or material. *See* 5 U.S.C. § 552a(b)(11).

2.      This Order is without prejudice to any other objections the Treasury Department may have to any party's discovery requests.

SO ORDERED this *24th* day of *June*, 2009

*/s/ Robert E. Gerber*
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO BY:**

| | | |
|---|---|---|
| Dated: | New York, New York | WEIL, GOTSHAL & MANGES LLP |
| | _____, 2009 | *Attorneys for the Debtors* |

Harvey R. Miller, Esq.
Steven Karotkin, Esq.
Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, New York 10153

| | |
|---|---|
| Dated: | New York, New York |
| | _____, 2009 |

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
*Proposed attorneys for the Official*
*Committee of Unsecured Creditors*

Thomas Moers Mayer, Esq.
Kenneth H. Eckstein, Esq.
Gordon Novod, Esq.
1177 Avenue of the Americas
New York, New York 10036

| | |
|---|---|
| Dated: | New York, New York |
| | June 23, 2009 |

LEV L. DASSIN
Acting United States Attorney for
the Southern District of New York
*Attorney for the United States*

David S. Jones
Jeffrey S. Oestericher
Matthew L. Schwartz
Joseph N. Cordaro
86 Chambers Street
New York, New York 10007

2

SO ORDERED this ___ day of _____, 2009

_____
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO BY:**

Dated:      New York, New York                    WEIL GOTSHAL & MANGES LLP
            _____, 2009                  *Attorneys for the Debtors*

                                                  _____
                                                  Harvey R. Miller, Esq.
                                                  Steven Karotkin, Esq.
                                                  Joseph H. Smolinsky, Esq.
                                                  767 Fifth Avenue
                                                  New York, New York 10153

Dated:      New York, New York                    KRAMER LEVIN NAFTALIS &
            June 23 , 2009                         FRANKEL LLP
                                                  *Proposed attorneys for the Official*
                                                  *Committee of Unsecured Creditors*

                                                  _____
                                                  Thomas Moers Mayer, Esq.
                                                  Kenneth H. Eckstein, Esq.
                                                  Gordon Novod, Esq.
                                                  1177 Avenue of the Americas
                                                  New York, New York 10036

Dated:      New York, New York                    LEV L. DASSIN
            _____, 2009                  Acting United States Attorney for
                                                  the Southern District of New York
                                                  *Attorney for the United States*

                                                  _____
                                                  David S. Jones
                                                  Jeffrey S. Oestericher
                                                  Matthew L. Schwartz
                                                  Joseph N. Cordaro
                                                  86 Chambers Street
                                                  New York, New York 10007

2

**AGREED TO BY:**

Dated:       New York, New York

                 _6/23_ , 2009

KENNEDY, JENNIK & MURRAY
*Attorneys for the IUE-CWA*

_____
Thomas M. Kennedy, Esq.
Susan M. Jennik, Esq.
113 University Place, 7th Floor
New York, New York 10003

Dated:       New York, New York

                 _____, 2009

LEVY RATNER, P.C.
*Attorneys for the United Steelworkers*

_____
Suzanne Hepner, Esq.
80 Eighth Avenue, 8th Floor
New York, New York 10011

Dated:       New York, New York

                 _____, 2009

GORLICK KRAVITZ &
LISTHAUS, P.C.
*Attorneys for International Union of
Operating Engineers*

_____
Barbara Mehlsack, Esq.
17 State Street
New York, New York 10004

3

**AGREED TO BY:**

Dated:    New York, New York
          _____, 2009

KENNEDY, JENNIK & MURRAY
*Attorneys for the IUE-CWA*

_____
Thomas M. Kennedy, Esq.
Susan M. Jennik, Esq.
113 University Place, 7th Floor
New York, New York 10003

Dated:    New York, New York
          4 | 24  , 2009

LEVY RATNER, P.C.
*Attorneys for the United Steelworkers*

_____
Suzanne Hepner, Esq.
80 Eighth Avenue, 8th Floor
New York, New York 10011

Dated:    New York, New York
          _____, 2009

GORLICK KRAVITZ &
LISTHAUS, P.C.
*Attorneys for International Union of
Operating Engineers*

_____
Barbara Mehlsack, Esq.
17 State Street
New York, New York 10004

3

**AGREED TO BY:**

Dated:    New York, New York  
                _____, 2009

KENNEDY, JENNIK & MURRAY  
*Attorneys for the IUE-CWA*

_____  
Thomas M. Kennedy, Esq.  
Susan M. Jennik, Esq.  
113 University Place, 7th Floor  
New York, New York 10003

Dated:    New York, New York  
                _____, 2009

LEVY RATNER, P.C.  
*Attorneys for the United Steelworkers*

_____  
Suzanne Hepner, Esq.  
80 Eighth Avenue, 8th Floor  
New York, New York 10011

Dated:    New York, New York  
                _____, 2009

GORLICK KRAVITZ &  
LISTHAUS, P.C.  
*Attorneys for International Union of*  
*Operating Engineers*

Barbara Mehlsack, Esq.  
17 State Street  
New York, New York 10004

3

**AGREED TO BY:**

Dated:    Chicago, Illinois
          6/23/     , 2009

THE COLEMAN LAW FIRM
*Attorneys for Callan Campbell, et al.*

Steve Jakubowski, Esq.
Elizabeth Richert, Esq.
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601

Dated:    New York, New York
          6/24   , 2009

PUBLIC CITIZEN LITIGATION
GROUP
*Attorneys for Center for Auto Safety,
et al.*

Adina H. Rosenbaum, Esq.
Allison M. Zieve, Esq.
1600 20th Street, N.W.
Washington, D.C. 20009

4

**AGREED TO BY:**

Dated:      New York, New York
              June 23 , 2009

SCHNADER HARRISON SEGAL
& LEWIS LLP
*Attorneys for the Ad Hoc Committee*
*Of Consumer Victims of General*
*Motors*

Benjamin P. Deutsch, Esq.
140 Broadway, Suite 3100
New York, New York 10005

- and -

Barry E. Bressler, Esq.
Richard A. Barkasy, Esq.
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

5

**Exhibit D**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

ORDER DENYING (I) MOTION OF RADHA R.M. NARUMANCHI TO GIVE ACCESS
TO CERTAIN DOCUMENTS FILED UNDER SEAL AS WELL AS OTHER
DOCKETED DOCUMENTS; AND (II) SUPPLEMENTAL MOTION
OF RADHA R.M. NARUMANCHI TO GIVE ACCESS
TO CERTAIN DOCUMENTS FILED UNDER SEAL IN ADDITION
<u>TO DEPOSITIONS OF CERTAIN INDIVIDUALS ALREADY REQUESTED</u>

Upon the motion, dated July 23, 2009 (the "**Initial Motion**") and supplemental

motion, dated August 5, 2009 (the "**Supplemental Motion**," and together with the Initial

Motion, the "**Motions**") of Radha R.M. Narumanchi ("**Narumanchi**"), requesting access to

certain documents filed under seal in connection with (i) Narumanchi's appeal of this Court's

order authorizing and approving the sale of assets (the "**Sale**") to NGMCO, Inc., a U.S.

Treasury-sponsored purchaser (the "**Appeal**"), and (ii) the adversary proceeding styled *Radha*

*Raman Murty Narumanchi v. General Motors Corporation, et al.*, Adv. No. 09-00501 (the

"**Adversary Proceeding**"); and upon the joint objection (the "**Objection**") of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (the "**Debtors**"), the United States of America, Frederick A. Henderson and Kent

Kresa (individual defendants in the Adversary Proceeding), and the Affidavit of Irwin H. Warren

in support of the Objection; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motions are denied except to the limited extent otherwise provided herein; and it is further

ORDERED that the Objection is granted as provided herein; and it is further

ORDERED that Narumanchi shall only be allowed to access the Sealed Documents[1] if he executes and agrees to be bound by the Agreed Protective Order and the Government Confidentiality Orders; and it is further

ORDERED that Narumanchi shall not be permitted to utilize the Sealed Documents provided to him pursuant to this Order in order to respond to the Motions to Dismiss; and it is further

ORDERED that (i) the deadline for Narumanchi to file his response to the Motions to Dismiss is extended to September 30, 2009; (ii) the Debtors (and Messrs. Henderson and Kresa), the United States of America, and Wilmington Trust Company shall file their replies to Narumanchi's response not later than the thirtieth (30th) day after their receipt of Narumanchi's response; and (iii) the hearing to consider the Motions to Dismiss shall be adjourned to November __, 2009; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
     August __, 2009

_____
United States Bankruptcy Judge

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Objection.