**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 365 AUTHORIZING (A) REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH CERTAIN DOMESTIC DEALERS AND (B) GRANTING CERTAIN RELATED RELIEF

Upon the Motion, dated July 6, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and 365 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing (a) the rejection of executory contracts and unexpired leases with certain domestic Dealers and (b) granting certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth in the findings of fact and conclusions of law set forth on the record of the Hearing, the Motion is granted as provided herein; and it is further;

ORDERED that each of the Affected Dealer Agreements is an executory contract capable of being rejected under section 365 of the Bankruptcy Code; and it is further

ORDERED that the rejection of the Affected Dealer Agreements, as set forth herein, (1) constitutes an exercise of sound business judgment by the Debtors, made in good faith and for legitimate commercial reasons; (2) is appropriate and necessary under the circumstances described in the Motion; and (3) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006; and it is further

ORDERED that the Debtors are authorized to reject the Affected Dealer Agreements with respect to the Dealers and Dealership locations identified on **Annex I** attached hereto and incorporated herein by reference. Effective as of July 10, 2009 (the "**Rejection Effective Date**"), all such Affected Dealer Agreements are rejected pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that as provided for under the MPA, approved by this Court on July 5, 2009, only those Dealers that were offered, and accepted, Participation Agreements or Wind-Down Agreements (collectively, the "**Authorized Dealers**") will be allowed to continue their Dealership operations, as provided for in those agreements, as part of New GM; and New GM has determined not to accept an assignment of any of the Affected Dealer Agreements; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code, as a result of the rejection of the Affected Dealer Agreements, each Affected Dealer shall have no further rights (direct, indirect, contractual or otherwise) to act as an Authorized Dealer of the Debtors.  As such, immediately as of the Rejection Effective Date, each such Affected Dealer is no longer authorized to, among other things:

(a) undertake any advertising, sales, repair or service of any of the Debtors' or New GM's products as an Authorized Dealer under the terms of the Affected Dealer Agreements;

(b) hold itself out to any third party as an Authorized Dealer of the Debtors or New GM for any purpose;

(c) display, distribute or otherwise use any signage, promotional or other materials bearing or containing the Debtors' or New GM's trademarks, tradenames and servicemarks, except that it may use the Debtors' or New GM's descriptive brand and vehicle model names solely for the purpose of identifying and advertising its inventory for sale to the extent permitted by applicable law for a party that is not an Authorized Dealer of the Debtors; and

(d) to the extent not inconsistent with this Order, the Debtors may exercise any and all of their rights provided for in the Affected Dealer Agreements' termination provisions; provided, however, that nothing herein shall be a waiver of any Affected Dealer's rights or defenses thereto"; and it is further

ORDERED that all Affected Dealers who wish to assert claims against the Debtors arising out of or related to the rejection of the Affected Dealer Agreements (collectively, "**Rejection Damages Claims**") must file a proof of claim for such Rejection Damages Claims no later than the general bar date to be established by the Court in these cases under Bankruptcy Rule 3003(c)(3) or make any administrative claim request by such other applicable deadline, and in accordance with such other procedures, as may be established by the Court for the assertion of such claims under section 503(a) of the Bankruptcy Code.  If an Affected Dealer fails to file a timely and proper Rejection Damages Claim, such Affected Dealer shall be forever barred,

3

estopped and enjoined from asserting such Rejection Damages Claim against the Debtors or voting or receiving distributions under any plan in these cases on account of such Rejection Damages Claim.  All issues relating to the allowance, amount, priority and treatment of any Rejection Damage Claim or any other claim, right or remedy asserted by the Affected Dealers are preserved.  The Debtors and other parties in interest reserve and retain the right to object to any Rejection Damages Claims or other claims filed or asserted by the Affected Dealers (including as to allowance, amount, priority and treatment of such claims), or any other asserted rights or remedies, on any and all available grounds; and it is further

ORDERED that to the extent that any Dealer Laws conflict with the terms of this Order or the impact of the rejection of the Affected Dealer Agreements under the Bankruptcy Code and applicable case law, such laws are preempted by the Bankruptcy Code, pursuant to the Supremacy Clause of the United States Constitution; and it is further

ORDERED that this Court shall retain jurisdiction to resolve all matters relating to the implementation, enforcement and interpretation of this Order.  Without limiting the foregoing, the Court also shall retain jurisdiction with respect to this Order and the Affected Dealer Agreements over (a) any actions by the Affected Dealers against New GM, or the Debtors or the property of their estates, including, without limitation, any actions in violation of the automatic stay under section 362 of the Bankruptcy Code; and (b) any Rejection Damages Claims or other claims alleged against the Debtors' estates, and any objections or defenses thereto.

Dated: New York, New York
       *August 21, 2009*

                                          *s/ Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDGE