Hearing Date:       September 14, 2009
Hearing Time:       9:45 a.m. (prevailing Eastern Time)
Hearing Place:      New York, New York
Objection Deadline: September 9, 2009
                    at 4:00 p.m. (prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*<br><br>Debtors. | CHAPTER 11<br>CASE NO. 09-50026 (REG)<br>(Jointly Administered) |

### NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 COMPELLING AN EXAMINATION AND PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE**, that upon the annexed Motion, The Schaefer Group Inc., ("*Schaefer*"), will move this Court before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Southern District of New York at Room 621 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 on **September 14, 2009 at 9:45 a.m.** (prevailing Eastern Time) pursuant to 11 U.S.C. §362 (the "*Code*"), Rules 4001, 4004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and applicable Local Bankruptcy Rules for (A) an order substantially in the form attached to the annexed Motion as Exhibit "A", modifying the automatic stay to allow continuation of litigation entitled <u>Jan E. Hondusky v. Schaefer Furnaces, Inc. et al. v. General Motors Corporation</u> proceeding in Supreme Court, State of New York, County of St. Lawrence, Index Number CA2008-0128254 (the "*Litigation*"), including but not limited to the completion of discovery of all claims, defenses, cross-claims and third-party claims, up to the point of filing a judgment against the Debtor; or in the alternative (B) for an order substantially in the form attached hereto to the annexed

HISCOCK & BARCLAY, LLP

SYLIB01\714133\1

Motion as Exhibit "B", directing i) the production of documents relative to the outstanding issues of insurance coverage, the manufacturing, repair, reconstruction and maintenance records associated with the furnace and other documents relative to the Litigation as more fully set forth on Schedule 1 of Exhibit "B"; and ii) the oral examination of individuals designated by the Debtor and believed to have knowledge of the relevant matters, as set forth on Schedule 1 of Exhibit "B"; and for such other and further relief as to this Court may deem just and proper.

Dated: August 24, 2009

**HISCOCK & BARCLAY, LLP**

By:   /s/ Susan R. Katzoff
      Susan R. Katzoff, Esq.

Attorneys for The Schaefer Group, Inc.
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202
Telephone: (315) 425-2880

TO:
Counsel for GM

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Harvey R. Miller, Esq.
        Stephen Karotkin, Esq.
        Joseph H. Smolinsky, Esq.

Debtor

General Motors Corporation
c/o Motors Liquidation Company
300 Renaissance Center
Detroit, MI 48265
Attn: Ted Stenger

General Motors Company
300 Renaissance Center
Detroit, MI 48265
Attn: Lawrence S. Buonomo, Esq.

U.S. Trustee's Office

The Office of the United States Trustee
for the Southern District of NY
33 Whitehall Street
21st Floor
New York, NY 10004
Attn: Diana G. Adams, Esq.

Creditors' Committee

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn:   Kenneth H. Eckstein, Esq.
        Thomas Moers Mayer, Esq.
        Adam C. Rogoff, Esq.
        Gordon Z. Novod, Esq.

20 Largest Unsecured Creditors

Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890
Attn: Geoffrey J. Lewis

International Union, United Automobile,
Aerospace and Agricultural Implement
Workers of America (UAW)
8000 East Jefferson
Detroit, MI 48214
Attn: Ron Gettlefinger

Deutsche Bank AG,
London As Fiscal Agent
Attn: Stuart Harding
Theodor-Heuss-Allee 70
Frankfurt, 60262
Germany

International Union of Electronic, Electrical,
Salaried, Machine and Furniture Workers –
Communications
Workers of America (IUE-CWA)
3461 Office Park Drive
Kettering, OH 45439
Attn: Mr. James Clark

Bank of New York Mellon
One Wall Street
New York, NY 10286
Attn: Gregory Kinder

Starcom Mediavest Group, Inc.
35 W. Wacker Drive
Chicago, IL 60601
Attn: Laura Desmond

Delphi Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: Rodney O'Neal

Robert Bosch GmbH
38000 Hills Tech Drive
Farmington Hills, MI 48331
Attn: Franz Fehrenbach

Lear Corp.
21557 Telegraph Road
Southfield, MI 48033
Attn: Robert Rossiter

Renco Group, Inc.
1 Rockefeller Plaza,
29th Floor
New York, NY 10020
Attn: Lon Offenbacher

Enterprise Rent A Car
6929 N Lakewood Ave
Suite 100
Tulsa, OK 74117
Attn: Greg Stubblefiled

Johnson Controls, Inc.
5757 N. Green Bay Avenue
Glendale, WI 53209
Attn: Stephen A. Roell

Denso Corp.
24777 Denso Drive
Southfield, MI 48086
Attn: Haruya Maruyama

TRW Automotive
Holdings, Corp.
12025 Tech Center Dr.
Livonia, MI 48150
Attn: John Plant

Magna International, Inc.
Attn: Don Walker
337 Magna Drive
Aurora, ON L4G 7K1
Canada

American Axle & Mfg Holdings, Inc.
One Dauch Drive
Detroit, MI 48211-1198
Attn: Richard Dauch

Maritz Inc.
1375 North Highway Drive
Fenton, MO 63099
Attn: Steve Maritz

Publicis Groupe S.A.
Attn: Maurice Levy
133 Ave des Champs Elysees
Paris, 75008
France

Hewlett Packard Co.
3000 Hanover Street
Palo Alto, CA 94304
Attn: Mike Nefkens

Interpublic Group of
Companies, Inc.
1114 Avenue of the Americas
New York, NY 10036
Attn: Michael Roth

Others

U.S. Treasury
Attn: Matthew Feldman, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220

Cadwalader, Wickersham & Taft, LLP
Attn: John J. Rapisardi, Esq.
One World Financial Center
New York, New York 10281

Vedder Price, P.C.
Michael J. Edelman, Esq.
Michael L. Schein, Esq.
1633 Broadway, 47th Floor
New York, NY 10019

HISCOCK & BARCLAY, LLP

SYLIB01\714133\1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

    MOTORS LIQUIDATION COMPANY, *et al.*,
    f/k/a General Motors Corp., *et al.*

    Debtors.

CHAPTER 11
CASE NO. 09-50026 (REG)
(Jointly Administered)

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 COMPELLING AN EXAMINATION AND PRODUCTION OF DOCUMENTS

The Schaefer Group Inc., ("***Schaefer***"), as both defendant and third party plaintiff, in a personal injury action pending in St. Lawrence County Supreme Court in New York state entitled Jan E. Hondusky v. Schaefer Furnaces, Inc. et al. v. General Motors Corporation proceeding in Supreme Court, State of New York, County of St. Lawrence, Index Number CA2008-0128254 (the "***Litigation***"), by and through its attorneys, Hiscock & Barclay, LLP, bring this motion pursuant to 11 U.S.C. §362 (the "***Code***"), Rules 4001, 4004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and applicable Local Bankruptcy Rules respectfully requesting that this Court (A) enter an order substantially in the form attached to the annexed Motion as Exhibit "A", modifying the automatic stay to allow continuation of the Litigation, including but not limited to the completion of discovery of all claims, defenses, cross-claims and third-party claims, up to the point of filing a judgment against the Debtor; or in the alternative (B) enter an order substantially in the form attached hereto to the annexed Motion as Exhibit "B", directing i) the production of documents relative to the outstanding issues of insurance coverage, the manufacturing, repair, reconstruction and maintenance records associated with the furnace and other documents relative to the Litigation as more fully set forth on Schedule 1 of Exhibit "B"; and ii)

SYLIB01\710830\1

the oral examination of individuals designated by the Debtor and believed to have knowledge of the relevant matters, as set forth on Schedule 1 of Exhibit "B".

## BACKGROUND

1. Prior to the instant filing, the Debtor purchased 10 furnaces (the *"Furnaces"*) between 1995 and 2001 which are currently being maintained by the Debtor at its plant in Massena, New York. The Furnaces were allegedly manufactured by Schaefer.

2. On April 13, 2006, Jan E. Hondusky (*"Hondusky"*) was injured by the door on one of the Furnaces while performing his duties as an employee of the Debtor. Hondusky commenced an action against Schaefer on July 29, 2008 in the Supreme Court of the State of New York, St. Lawrence County (the *"Cause of Action"*). On February 13, 2009, Schaefer commenced a third-party action for common law contribution and indemnity against the Debtor (the *"Third-Party Claim"* and together with the Cause of Action, the *"Litigation"*). Hondusky's injuries are likely to be determined to meet the "Grave Injury" standard set forth in Section 11 of the N.Y. Worker's Compensation Law.

3. A protective order was issued by St. Lawrence County Supreme Court Justice David Demarest on December 1, 2006, ordering the Debtor to maintain one of the production castlines, which includes two of the Furnaces, including the furnace that Hondusky was allegedly using at the time of his injury. This Order remains in effect.

4. Both preliminary discovery and a physical inspection of the plant revealed that the Furnaces were moved and interchanged prior to Hondusky's injury. As of the Petition Date, the Debtor failed, despite numerous pre-petition demands, to adequately identify, by serial number or other identifier, the furnace that Hondusky was using at the time of his claimed injury. As such, the manufacturing, repair, reconstruction and maintenance records associated with the furnace can not be presently identified.

HISCOCK & BARCLAY, LLP

SYLIB01\710830\1

5. In addition, the furnace door that injured Hondusky has been removed from its original furnace and placed on one of the other Furnaces at the site. Its current whereabouts is unknown. Schaefer served a pre-petition demand for inspection of the furnace door which remained outstanding as of the Petition Date.

6. In addition, while the Debtor provided some insurance information and certain policies regarding its general liability and excess coverages pre-petition, this Litigation involves an alleged injury to the Debtor's own employee. As such, the policies submitted do not provide coverage for the claims alleged by Schaffer. Coverage for a third-party claim against an employer for a work-related injury to an employee is typically provided by the employer's liability coverage, also known as Worker's Compensation 1B coverage. Debtor failed to provide any information regarding the existence of Worker's Compensation 1B coverage prior to the Petition Date.

7. As a result of automatic stay, Schaefer has been unable to obtain this information post petition.

8. This matter is distinguishable from a products liability case and other direct claims against the Debtor. Schaefer is not a plaintiff seeking recovery for personal injuries or other damages. Rather, Schaefer is a defendant in the Litigation, seeking contribution and indemnity from the Debtor *via* a third-party action. Unlike a plaintiff in a direct claim, Schaefer is not in control of the progress of the Litigation.

9. Indeed, Hondusky has moved to sever Schaefer's (as well as the other named defendants') third-party claims from the primary Litigation. If the state court grants Hondusky's request, the Litigation will proceed against Schaefer and the other defendants, while the third-party claims against the Debtor remain stayed.

SYLIB01\710830\1

- 3 -

10. At the time the stay was imposed, discovery was incomplete. Particularly, the availability of Worker's Compensation 1B coverage or other security to indemnify the Debtor for the claims in the Litigation. Moreover, critical factual discovery, including outstanding physical inspections, depositions and paper discovery had not been completed. This discovery is vital to the defense of Hondusky's claims in the Litigation, *irrespective* of the Debtor's participation in the Litigation.

11. If Schaefer and the other defendants are not permitted to conduct this discovery, they will be severely prejudiced in their ability to defend against Hondusky's claims.

12. Unless this Court grants the requested relief, Schaefer and the other defendants will have no ability to obtain the information necessary to defend the Litigation commenced by Hondusky. Moreover, if the state court grants Hondusky's motion to sever, Schaefer will have no ability to stay the Litigation until such time as the Debtor has a claims procedure in place.

## JURISDICTION

13. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 an 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

## THE BANKRUPTCY PROCEEDINGS

14. On June 1, 2009, the Debtor and certain affiliates filed voluntary petitions (the *"Petition Date"*) for relief under Chapter 11 of the Code in the United States Bankruptcy Court for the Southern District of New York (the *"Court"*). As a result, the Litigation (as defined herein) as well as the attendant discovery, was stayed.

## ARGUMENT

A. <u>The Stay Should be Lifted:</u>

15. 11 U.S.C. Section 362 imposes the automatic stay (the *"Stay"*) upon the commencement or continuation of any action or proceeding against the Debtor or property of the estate.

SYLIB01\710830\1

- 4 -

16. As a result, Schaefer, and the other named defendants, have been stalled in their abilities to garner information necessary to defend themselves against the claims interposed by Hondusky.

17. As set forth above, Schaefer does not control the timing or progression of the Litigation but nonetheless is bound by the Stay.

18. Such restriction imposes an undue hardship upon Schaefer and the other named defendants in the Litigation. The Stay effectively prevents Schaefer and the other defendants from defending themselves in the Litigation.

19. Conversely, the relief requested will not result in the imposition of a judgment against the Debtor but rather will permit Schaefer the ability to properly defend the Litigation and will ultimately assist in the valuation of Schaefer's claim in this case.

B. **The Court Should Grant a 2004 Exam:**

20. Rule 2004 of the Code provides that any party in interest may seek relief to conduct an examination of the Debtor.

21. Schaefer, as a creditor in this case, is an interested party. *See, In re Texaco, Inc.*, 79 B.R. 551 (Bankr. S.D.N.Y. 1987).

22. In addition, Rule 2004 provides that the scope of such examination shall relate to, but not be limited to, the property or liabilities and financial condition of the Debtor.

23. This Court, and others, have routinely held that the scope of an examination under Rule 2004 is broad. In the 1984 case of *In re: Johns-Manville Corp.*, 42 B.R. 362, 1984 U.S. Dist. LEXIS 24736 (S.D.N.Y. 1984), this Court went so far as to compare the scope of the examination to a fishing-expedition. (*See also, In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D.Mass. 1981) the inquiry may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had

SYLIB01\710830\1

- 5 -

business dealings with him."; and *In re Frigitemp Corp.*, 15 B.R. 263, 264 (Bankr. S.D.N.Y. 1981), holding that creditors and third parties, as well as the debtor, may be examined).

24. In addition, the production of documents in support of the examination is similarly broad and includes, but is not limited to, the production of insurance policies. *(See In re Lufkin*, 255 B.R. 204 (Bankr. E.D. Tenn. 2000) and *In re Texaco, Inc.*, 79 B.R. 551 (Bankr. S.D.N.Y. 1987)).

25. As set forth above, without such information and testimony, Schaefer and the other defendants will suffer an undue hardship. The Debtor is the only entity that possesses the information required to defend the Litigation. Schaefer does not have the legal ability to control the timing or progression of the Litigation.

26. As noted previously, the plaintiff in the Litigation has a motion to sever pending in the Litigation. If granted, the Litigation will immediately proceed. As such, unlike plaintiffs in direct claims, Schaefer, as a creditor in this matter, will be unduly harmed if it is required to wait until the Debtor has a "claims procedure" in place.

### NO PRIOR REQUEST

27. No prior request for the relief sought herein has been made to this or any other court.

### NOTICE

28. Notice of this motion has been given in accordance with Rules 4001, 7004 and 9014.

### WAVIER OF MEMORANDUM OF LAW

29. Because this Motion presents no novel issues of law and the authorities relied upon by Schaefer are set forth herein, Schaefer respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule 9013-1(b).

SYLIB01\710830\1

## CONCLUSION

For the reasons set forth above, Schafer respectfully requests that this Court (A) enter an order substantially in the form attached hereto as Exhibit "A", modifying the automatic stay to allow continuation of the Litigation, including but not limited to the completion of discovery of all claims, defenses, cross-claims and third-party claims, up to the point of filing a judgment against the Debtor; or in the alternative (B) enter an order substantially in the form attached hereto as Exhibit "B", directing i) the production of documents relative to the outstanding issues of insurance coverage, the manufacturing, repair, reconstruction and maintenance records associated with the furnace and other documents relative to the Litigation as more fully set forth on Schedule 1 of Exhibit "B"; and ii) the oral examination of individuals designated by the Debtor and believed to have knowledge of the relevant matters, as set forth on Schedule 1 of Exhibit "B"; and (C) granting such other and further relief as the Court may deem just and proper.

DATED:   Syracuse, New York
         August 24, 2009

**HISCOCK & BARCLAY, LLP**

/s/ Susan R. Katzoff
By: Susan R. Katzoff, Esq.
HISCOCK & BARCLAY, LLP
Attorneys for The Schaefer Group Inc.
One Park Place
300 South State Street
Syracuse, New York 13202
(315)425-2880

SYLIB01\710830\1