Matthew S. Barr
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000

-and-

David S. Cohen (admitted pro hac vice)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
International Square Building
1850 K Street, N.W.
Suite 1100
Washington, D.C. 20006-5417
Telephone: (202) 835-7517
Email: dcohen2@milbank.com

*Attorneys for Wells Fargo Bank Northwest, National Association, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                     :    Chapter 11
:
MOTORS LIQUIDATION COMPANY, *et al.*,                      :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*,                  :
:    Jointly Administered
                    Debtors.                               :
:
---------------------------------------------------------------x

**VERIFIED STATEMENT OF WELLS FARGO BANK NORTHWEST,
NATIONAL ASSOCIATION PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2019**

Wells Fargo Bank Northwest, National Association ("**Wells Fargo**," or the

"**Indenture Trustee**") is a commercial bank having an address at 299 S. Main Street, 12th Floor,

Salt Lake City, UT 84111. Scott Rosevear, Vice President, is duly authorized to make this

verified statement pursuant to rule 2019 of the Federal Rules of Bankruptcy Procedure (the

"**Verified Statement**") on behalf of Wells Fargo.

1. **Pertinent Facts and Circumstances**

Motors Liquidation Company (formerly known as General Motors Corporation) ("**GM**," and collectively with its debtor affiliates in the above-captioned chapter 11 cases, the "**Debtors**") is a party to that certain leveraged lease transaction, commonly known as "GM 2001A," by and among GM, as lessee, U.S. Bank National Association, as successor owner trustee (the "**Owner Trustee**"), certain owner participants, and Wells Fargo, as Indenture Trustee (the "**2001A Transaction**").

Pursuant to the 2001A Transaction, Wells Fargo is the Indenture Trustee under the following (each, an "**Indenture**," and collectively, the "**Indentures**"):

    a. Trust Indenture and Security Agreement (GM 2001A-1), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

    b. Trust Indenture and Security Agreement (GM 2001A-2), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

c. Trust Indenture and Security Agreement (GM 2001A-3), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

d. Trust Indenture and Security Agreement (GM 2001A-4), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

e. Trust Indenture and Security Agreement (GM 2001A-5), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

f. Trust Indenture and Security Agreement (GM 2001A-6), dated as of December 18, 2001, between State Street Bank and Trust

     Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo;

g. Trust Indenture and Security Agreement (GM 2001A-7), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo; and

h. Trust Indenture and Security Agreement (GM 2001A-8), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo.

Copies of the Indentures and other operative documents executed in connection with the 2001A Transaction (the "**Operative Documents**") are not annexed hereto in light of their voluminous nature.

4

The respective names and addresses of the holders of equipment notes (the "**Notes**") issued by the Owner Trustee pursuant to the 2001A Transaction (collectively, the "**Noteholders**") are maintained by the Indenture Trustee in accordance with the provisions of the applicable Indenture. The names and addresses of the Noteholders may be furnished to any party in interest who is entitled to such information in accordance with the terms of the applicable Indenture, the Operative Documents, and/or applicable law. The identities of the Noteholders may change from time to time during the proceedings of these cases.

2.  **Nature and Amount of Claims**

The claims of the Noteholders and the Indenture Trustee under the Indentures and Operative Documents consist of the following: (i) all unpaid principal and unpaid interest on all outstanding Notes, plus other amounts due under the applicable Indenture and Operative Documents; (ii) the Indenture Trustee's fees, disbursements, expenses, and advances incurred or made by the Indenture Trustee, including the reasonable compensation, disbursements and expenses of the Indenture Trustee's agents and counsel; and (iii) all other amounts, including all indemnification rights, that are due or become due to the Noteholders and/or the Indenture Trustee under the Indentures and the Operative Documents.

As of June 1, 2009, the date of the filing of the petitions in these cases, Wells Fargo, as Indenture Trustee, holds claims on behalf of the Noteholders in the aggregate principal amount of approximately $247 million, plus fees and expenses.

3.  **Claims Or Interests Held By Indenture Trustee**

The Indenture Trustee holds claims or interests under the Indentures or the Operative Documents for the benefit of the Noteholders. The Indenture Trustee does not hold any of the Notes in its own name, although it may hold certain Notes on behalf of record or

beneficial owners. In addition to its right to take action in its own name and to collect on the claims of the Noteholders or as otherwise as provided in the Indentures, the Operative Documents, or applicable law, the Indenture Trustee holds claims for reimbursement of reasonable fees and expenses (including reasonable fees and expenses of counsel) for pre- and post-petition services, and performance of its duties under the Indentures and the Operative Documents. The Indenture Trustee reserves the right to assert claims for payment of all such amounts, whether incurred by Wells Fargo and/or its predecessor in interest, as administrative expenses of the Debtors' estates.

The Indenture Trustee reserves the right to supplement or amend this Verified Statement at any time for any reason. Nothing stated herein is with prejudice to any right or remedy the Indenture Trustee may have on behalf of itself or the Noteholders, and all such rights are expressly reserved.

Dated: New York, New York
August 28, 2009

**WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION**

Scott Rosevear
Vice President
Wells Fargo Bank Northwest, National Association
299 S. Main Street, 12th Floor
Salt Lake City, UT 84111
Telephone: (801) 246-5630
scott.rosevear@wellsfargo.com