**HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                            :   **Chapter 11 Case No.**
                                                     :
**MOTORS LIQUIDATION COMPANY,** *et al.*,            :   **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*         :
                                                     :
                            Debtors.                 :   (Jointly Administered)
                                                     :
------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' MOTION
### TO STRIKE ALBERT L. BURDICK'S DESIGNATION AND
### AMENDED DESIGNATIONS OF THE RECORD AND ISSUES ON APPEAL

PLEASE TAKE NOTICE that upon the annexed Motion, dated August 31, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (the "**Debtors**"), for an order: (i) pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**s"), striking the "Designation of Items to be Included in the Record," including the "Statement of Issues" contained therein, filed by Albert L. Burdick ("**Burdick**") on July 20, 2009 (the "**Designation**")  [Docket No. 3317], and each of the amended Designations, including the "Statement of Issues" contained therein, filed by Burdick on

July 23, 29, and 31 and on August 4, 12, 17, and 19, 2009 [Docket Nos. 3677, 3679, 3681, 3881, 3882, 3892, and 3893] (collectively, the "**Amended Designations**"), except that the Debtors are not seeking to strike the "Statement of Issues" contained in the amended Designation filed by Burdick on August 19, 2009 [Docket No. 3893]; and (ii) pursuant section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), enjoining Burdick from filing any additional designations or amended designations of items to be included in the record on appeal, as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 14, 2009 at 9:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., Irwin H. Warren, Esq., and John A. Neuwirth, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **September 9, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
August 31, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                                   :    **Chapter 11 Case No.**
                                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*            :
                                                                            :
               Debtors.                           :    **(Jointly Administered)**
                                                                            :
------------------------------------------------------------x

**DEBTORS' MOTION TO STRIKE ALBERT L. BURDICK'S DESIGNATION
AND AMENDED DESIGNATIONS OF THE RECORD AND ISSUES ON APPEAL**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

        1.    The Debtors move for an order, pursuant to Rule 8006 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**s"), striking (i) the "Designation of Items

to be Included in the Record," including the "Statement of Issues" contained therein, filed by

Albert L. Burdick ("**Burdick**") on July 20, 2009 (the "**Designation**") [Docket No. 3317], (ii) the

first amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 23, 2009 [Docket No. 3677], (iii) the second amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 29, 2009 [Docket No. 3679], (iv) the third amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 31, 2009 [Docket No. 3681], (v) the fourth amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on August 4, 2009 [Docket No. 3881], (vi) the fifth amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on August 12, 2009 [Docket No. 3882], (vii) the sixth amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on August 17, 2009 [Docket No. 3892], and (viii) the seventh amended Designation filed by Burdick on August 19, 2009 [Docket No. 3893] (collectively, the "**Amended Designations**"), except that the Debtors **are not** seeking to strike the "Statement of Issues" contained in the seventh amended Designation.[1]

2.   The Debtors also move for an order, pursuant to section 105 the Bankruptcy Code, enjoining Burdick from filing any additional designations of items to be included in the record on appeal in connection with his appeal from this Court's decision and order dated July 5, 2009 (the "**363 Decision**") granting the Debtors' 363 Motion.

---

[1] Although the Debtors are not seeking to strike the most recent purported "Statement of Issues" filed by Burdick, which is contained in the amended Designation filed on August 19, 2009 [Docket No. 3893], the Debtors expressly reserve their right to oppose and challenge that "Statement of Issues" -- and the improper arguments asserted therein -- in their brief opposing Burdick's appeal, including on the grounds that **none** of the "issues" or "arguments" asserted therein were presented to this Court in connection with the Debtors' motion, pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), to sell substantially all of their assets pursuant to the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser (the "**363 Motion**"), and, therefore, **none** of those "issues" or "arguments" was preserved for appeal.

**Background**

3. Burdick, who is acting *pro se* in these proceedings, filed a two-paragraph objection to the 363 Motion on June 19, 2009 [Docket No. 2264], seeking to have the proposed sale halted pending his receipt of a "lump sum to protect [his] retirement money."

4. This Court conducted an evidentiary hearing and heard oral argument in connection with the 363 Motion on June 30, July 1, and July 2, 2009 (the "**363 Hearing**"). Burdick did not participate in the 363 Hearing, nor did he submit any evidence or further argument in support of his objection to the 363 Motion.

5. On July 5, 2009, this Court issued the 363 Decision granting the relief requested in the 363 Motion. Burdick filed a notice of appeal from the 363 Decision on July 10, 2009 [Docket No. 3109]. Thereafter, on July 20, 2009, Burdick filed the Designation. The Designation does not list a single piece of evidence presented to this Court in connection with the 363 Motion or during the 363 Hearing; instead, it consists of a list of legal authorities (such as the United States Constitution, cases, and various federal statutes) and news articles collected from the Internet. The Designation also contains a purported "Statement of Issues," which is nothing more than a litany of allegations against the federal government and its policies that were never raised in this Court.

6. Burdick subsequently filed the Amended Designations on July 23, July 29, July 31, August 4, August 12, August 17, and August 19, 2009. The Amended Designations supplement the Designation with additional legal authorities and news articles from the Internet -- none of which were presented to this Court. The Amended Designations also contain Burdick's ever-evolving purported "Statement of Issues."

**Jurisdiction**

7. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. Although Burdick has appealed the 363 Decision to the United States District Court for the Southern District of New York, this Court retains jurisdiction to hear this Motion. Under the law of this Circuit, this Court is the proper forum in which to determine the contents of the record on appeal. *See, e.g.*, *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (Gerber, J.); *see also* Transcript of Hr'g, *In re Motors Liquidating Co.*, Ch. 11 Case No. 09-50026 at 13-21 (Bankr. S.D.N.Y. Aug. 18, 2009) (Gerber, J.) [hereinafter, "**Aug. 18 Transcript**"] (granting Debtors' motion to strike Declaration of Oliver Addison Parker from designation of record).

**Cause Exists to Grant the Relief Requested Herein**

9. Burdick's Designation and Amended Designations should be stricken for the simple reason that **none** of the "exhibits" designated therein were presented to or considered by this Court in connection with the 363 Decision.

10. As this Court recently noted in connection with a similar motion to strike made by the Debtors, "[i]t's fundamental, at least in this district, if not across the country, that the record on appeal is supposed to provide the appellate court with the information it needs to decide the appeal in the context of the matters that were either presented to the lower court or, whether or not they were presented to the lower court, were utilized by the lower court in making its decision." Aug. 18 Transcript at 16-17; *accord In re W.T. Grant Co.*, 432 F. Supp. 105, 106 (S.D.N.Y. 1977) (the record on appeal from a Bankruptcy Court order should include only the

"documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision"); *Ames*, 320 B.R. at 520-21 ("the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from").

11. Burdick has violated this well-established rule by including in his Designation and Amended Designations items -- such as the news articles collected from the Internet -- that were never presented to or considered by this Court in deciding whether to grant the relief requested in the 363 Motion or in issuing the 363 Decision. While Burdick can certainly rely upon the United States Constitution and the various other legal authorities included in his Designation and Amended Designations in his brief on appeal, those legal authorities are not properly designated as part of the record on appeal; nor do they have to be so designated to be considered by the District Court. As such, the Court should strike each item designated by Burdick in the Designation and Amended Designations.

12. The Designation and Amended Designations also contain Burdick's ever-evolving "Statement of Issues" that goes well beyond what is contemplated by Bankruptcy Rule 8006. *See* Aug. 18 Transcript at 18 ("And identifying the issues [in a Statement of Issues] is more of a use in helping the appellate court get a first sense of the issues that are going to be raised, and not a full exposition of either parties' needs and concerns."). In addition, the numerous iterations of Burdick's "Statement of Issues" serve only to confuse the record on appeal. Accordingly, the "Statement of Issues" contained in the Designation and Amended Designations should be stricken in their entirety, except that the Debtors do not object to the

most recent "Statement of Issues," which is contained in the seventh amended Designation filed on August 19, 2009 [Docket No. 3893], being submitted to the District Court.[2]

13. Finally, Burdick should be enjoined from filing any additional designations of items to be included in the record on appeal, including any additional "statement of issues," pursuant to section 105 of the Bankruptcy Code. His serial filings are disruptive to the Debtors, as well as to this Court and the appellate process; indeed, these filings have now delayed the transmission of the record on appeal to the District Court for more than one month. This Court, therefore, should enter an order, pursuant to its inherent equitable powers under section 105 of the Bankruptcy Code, enjoining Burdick from filing any additional designations of items to be included in the record on appeal.

## Notice

14. Notice of this Motion has been provided to Albert L. Burdick, 4232 County Road 18, Canandaiguia, New York 14424, and to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

---

[2] The Debtors reserve the right to challenge this "Statement of Issues," as discussed *supra*, note 1.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 31, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Irwin H. Warren
John A. Neuwirth

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME:** September 14, 2009 at 9:00 a.m. (Eastern Time)
**OBJECTION DEADLINE:** September 9, 2009 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
   f/k/a General Motors Corp., *et al.* :
:
   Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

**ORDER (i) GRANTING DEBTORS' MOTION TO STRIKE ALBERT L. BURDICK'S DESIGNATION AND AMENDED DESIGNATIONS OF THE RECORD ON APPEAL AND (ii) ENJOINING ALBERT L. BURDICK FROM FILING ANY ADDITIONAL <u>PURPORTED DESIGNATIONS OF THE RECORD ON APPEAL</u>**

Upon the Motion of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively, the "**Debtors**"), dated August 31, 2009 (the "**Motion**"), to strike (i) the "Designation of Items to be Included in the Record," including the "Statement of Issues" contained therein, filed by Albert L. Burdick ("**Burdick**") on July 20, 2009 (the "**Designation**") [Docket No. 3317], (ii) the first amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 23, 2009 [Docket No. 3677], (iii) the second amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 29, 2009 [Docket No. 3679], (iv) the third amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on July 31, 2009 [Docket No. 3681], (v) the fourth amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on August 4, 2009 [Docket No. 3881], (vi) the fifth amended Designation, including the "Statement of Issues" contained therein, filed by Burdick on August 12, 2009 [Docket No. 3882], (vii) the sixth amended Designation, including the Statement of

Issues" contained therein, filed by Burdick on August 17, 2009 [Docket No. 3892], and (viii) the seventh amended Designation filed by Burdick on August 19, 2009 [Docket No. 3893] (collectively, the "**Amended Designations**"), as more fully set forth in the Motion; and due and proper notice of the Motion having been provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Motion is granted as set forth herein; and it is further

ORDERED that the Designation and Amended Designations, including the "Statement of Issues" contained in each, are stricken and shall not constitute part of the record on appeal, except that the "Statement of Issues" contained in the Amended Designation filed by Burdick on August 19, 2009 [Docket No. 3893] shall not be stricken and shall be submitted to the District Court; and it is further

ORDERED that Burdick is enjoined from filing any further designations or amended designations of the record on appeal in connection with his appeal of this Court's 363 Decision (as defined in the Motion).

Dated: New York, New York
_____, 2009

_____
United States Bankruptcy Judge