**HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 8, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                          Debtors.        :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## NOTICE OF HEARING ON MOTION OF DEBTORS
## FOR ORDER PURSUANT TO SECTION 365(d)(4)
## OF THE BANKRUPTCY CODE EXTENDING TIME TO ASSUME
## OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

PLEASE TAKE NOTICE that upon the annexed Motion, dated September

1, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors

Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), for an

order, pursuant to section 365(d)(4) of title 11, United States Code extending the time to

assume or reject unexpired leases of nonresidential real property, as more fully set forth

in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United

States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on

**September 14, 2009 at 9:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:  Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue

of the Americas, New York, New York 10036 (Attn:  Adam C. Rogoff, Esq., Robert T.

Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York

10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq.

and Matthew L. Schwartz, Esq.), so as to be received no later than **September 8, 2009, at

4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed

and served with respect to the Motion, the Debtors may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Motion, which order may be entered with no further notice

or opportunity to be heard offered to any party.

Dated: New York, New York
       September 1, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 8, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ORDER PURSUANT**
**TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**
**EXTENDING TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.       By this Motion, the Debtors request, pursuant to section

365(d)(4)(B) of title 11, United States Code (the "**Bankruptcy Code**") that the Court

extend the initial 120-day period to assume or reject their unexpired leases of

nonresidential real property (the "**Unexpired Leases**") by an additional 90 days from

September 29, 2009 to December 28, 2009.  A proposed order is annexed hereto as
Exhibit "A."

### Jurisdiction

2.    This Court has jurisdiction to consider this matter pursuant to 28
U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### The Debtors' Unexpired Leases

3.    The Debtors are currently undergoing a comprehensive review of
their Unexpired Leases to determine which ones to assume and which to reject.  The
Debtors remain party to approximately 21 Unexpired Leases.  A list of all or substantially
all of the lessors and the respective Unexpired Leases to which they are parties is
annexed hereto as Exhibit "B."

### Basis for Relief Requested

4.    Section 365(d)(4) of the Bankruptcy Code provides, in pertinent
part:

> an unexpired lease of nonresidential real property under
> which the debtor is the lessee shall be deemed rejected, and
> the trustee shall immediately surrender that nonresidential
> real property to the lessor, if the trustee does not assume or
> reject the unexpired lease by the earlier of –
>
> (i) the date that is 120 days after the date of the
> order for relief; or
>
> (ii) the date of the entry of an order confirming a
> plan.

11 U.S.C. § 365(d)(4)(A).  Thus, the Debtors' Unexpired Leases that are not assumed
within the initial 120 days of filing their chapter 11 cases, and are not the subject of a
motion to extend the statutory period filed prior to the 120th day, are deemed rejected.

5.      Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the

Court may extend the 120-day period for 90 days "for cause."  *Id*. § 365(d)(4)(B).  In

determining whether cause exists to extend the time to assume or reject unexpired leases

of nonresidential real property, courts have considered the following factors:

      (i)    whether the debtor was paying for the use of the property;

      (ii)    whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

      (iii)    whether the debtor has had sufficient time to formulate a plan of reorganization;

      (iv)    whether the case is complex; and

      (v)    the number of leases that the debtor must evaluate.

*See, e.g.*, *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d

755, 761-62 (2d. Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y.

1987); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs.,

Inc.)*, 989 F.2d 682, 689 (3d Cir.) ("[N]othing prevents a bankruptcy court from granting

an extension because a particular debtor needs additional time to determine whether the

assumption or rejection of particular leases is called for by the plan of reorganization that

it is attempting to develop."), *cert. denied*, 510 U.S. 865 (1993); *In re 611 Sixth Ave.

Corp.,* 1991 B.R. 295, 298 (Bankr. S.D.N.Y. 1996) ("The bankruptcy court may extend

the … period if the debtor makes a timely motion and establishes 'cause.'"); *In re Unit

Portions of Del., Inc.*, 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that

there may be times when it is not possible for the trustee to make a careful and informed

assessment of the benefits and burdens of the lease within this [] period.  Accordingly, it

empowered the court to grant a trustee who demonstrates cause for extension additional

time to make this assessment.").

## Cause Exists to Grant the Requested Extension

6.      The Debtors will be unable to make reasoned decisions as to whether to assume or reject their remaining Unexpired Leases within the 120-day period specified in section 365(d)(4)(A) of the Bankruptcy Code, i.e., by September 29, 2009. In order to make informed decisions regarding whether to assume or reject each of their Unexpired Leases, the Debtors will require more time to adequately assess the potential value of each of the Unexpired Leases in the context of their wind-down effort.  This assessment necessarily will include determining whether any Unexpired Leases can generate value for the estates by reason of an assignment thereof or whether any Unexpired Lease may otherwise have value or use in connection with the formulation of a chapter 11 plan.

7.      These chapter 11 cases are among the largest and most complex ever filed in the United States. While the Debtors are parties to a relatively moderate number of Unexpired Leases, other elements of their cases, particularly the sale of substantially all of their assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, have prevented the Debtors from devoting the requisite time and effort necessary to carefully evaluate the economics of the Unexpired Leases in the perspective of the Bankruptcy Code to determine whether the assumption or rejection of each of the Unexpired Leases would inure to their benefit.

8.      The Debtors do not want to permanently forfeit their right to assume any Unexpired Lease as a result of the "deemed rejected" provision of section 365(d)(4), or to be compelled to assume any Unexpired Leases by September 29, 2009 in

order to avoid deemed rejections, with the resultant imposition of potentially substantial administrative expenses on their estates.

9.      Further, the deemed rejection of the Debtors' Unexpired Leases would abruptly displace the Debtors' ongoing wind-down efforts, which, in turn, may reduce the value obtained through such efforts.  As the Debtors remain, and intend to remain, current with respect to all undisputed postpetition obligations under the Unexpired Leases in compliance with section 365(d)(3) of the Bankruptcy Code, the requested extension does not adversely affect the Debtors' lessors with respect to the Unexpired Leases.  Notably, the Debtors will continue to evaluate the Unexpired Leases on an ongoing basis as expeditiously as practicable and will file appropriate motions as soon as informed decisions can be made.

10.      The Debtors submit that the relief requested herein will (i) avert the statutory forfeiture of valuable assets, (ii) promote the Debtors' ability to maximize the value of their chapter 11 estates, and (iii) avoid the incurrence of needless administrative expenses by minimizing the premature assumption of what  may turn out to be burdensome Unexpired Leases.

11.      In light of the foregoing, the Debtors submit the extension of the period within which the Debtors may assume or reject the Unexpired Leases to and including December 28, 2009 is in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and should be granted.

**Notice**

12.      Notice of this Motion has been provided to the lessors of the Unexpired Leases and parties in interest in accordance with the Order Pursuant to 11

U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case

Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit

that such notice is sufficient and no other or further notice need be provided.

13.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       September 1, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*            :
                                                            :
                                        **Debtors.**        :        **(Jointly Administered)**
                                                            :
--------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 365(d)(4)**
**OF THE BANKRUPTCY CODE EXTENDING TIME TO ASSUME**
**OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the Motion, dated September 1, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 365(d)(4) of title 11, United States

Code (the "**Bankruptcy Code**"), for entry of an order extending the time to assume or reject

unexpired leases of nonresidential real property (the "**Unexpired Leases**"), all as more fully

described in the Motion; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the time in which the Debtors may assume or reject the Unexpired Leases is extended to and including December 28, 2009; and it is further

ORDERED that the entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject their Unexpired Leases in accordance with section 365(d)(4) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2009

_____
United States Bankruptcy Judge

**Exhibit B**

|    | Property Address | Landlord Noticing Information |
|----|------------------|------------------------------|
| 1  | South Saginaw Street<br>Flint, Michigan | GLTC, LLC<br>19550 Harper Ave.<br>Harper Woods, MI 48225-2037 |
| 2  | 31 East Judson Street<br>Pontiac, Michigan | Pontiac Downtown Development Authority<br>2 N. Saginaw St.<br>Pontiac MI 48342-2110 |
| 3  | Port Royal Road and Saturn Parkway<br>Spring Hill, Tennessee | Crown Enterprises, Inc.<br>Attn: Richard Bartscht<br>12225 Stephens Rd.<br>Warren MI 48089-2010 |
| 4  | 1870 Technology Drive<br>Troy, Michigan | South Troy Tech, LLC<br>5700 Crooks Rd., Fourth Floor<br>Troy MI 48098 |
| 5  | 387 Shuman Boulevard<br>Naperville, Illinois | Transwestern Investment Company<br>Attn: Owner's Representative<br>150 S. Wacker Dr., Suite 800<br>Chicago, IL 60606-4102 |
| 6  | 336 East Ogden Avenue<br>Hinsdale, Illinois | North American Real Estate Management<br>1 E. Oakhill Dr.,  Suite 100<br>Westmont, IL 60559-5540 |
| 7  | 4002 James Cole Blvd<br>Flint, Michigan | Wilmington Trust Co.<br>1100 North Market St.<br>Wilmington, DE 19890-0001 |
| 8  | 1215 North Center Road<br>Burton, Michigan | General Warehouse Corporation<br>5213 N. Luce Rd.<br>Alma, MI 48801 |
| 9  | 33500 Mound Road<br>Sterling Heights, Michigan | M-Tech Associates<br>28388 Franklin Rd.<br>Southfield, MI 48034-5503 |
| 10 | 10101 Claude Freeman Drive<br>Charlotte, North Carolina | Mainstreet Real Estate Services, Inc.<br>2101 West Commercial Blvd., Suite 1200<br>Fort Lauderdale, FL 33309 |
| 11 | 2625 Tyler Road<br>Ypsilanti, Michigan | Insite Real Estate Development, LLC<br>Attn: Legal Dept.<br>1603 W. 16th St.<br>Oak Brook, IL 60523 |
| 12 | 2321John R Road<br>Troy, Michigan | Kessler Property Group LLC<br>31461 W. Stonewood Ct.<br>Farmington Hills, MI 48334-2545 |
| 13 | 3023 Airpark Drive N.<br>Flint, Michigan | MEK Investments LLC<br>7550 S. Saginaw St.<br>Grand Blanc, MI 48439 |

| 14 | 2901 SW 149th Avenue<br>Miramar, Florida | Metropolitian Life Insurance Company<br>c/o Taylor & Mathis, Inc.<br>2901 S.W. 149th Ave., Suite 120<br>Miramar, FL 33027<br><br>Metropolitan Life Insurance Company<br>2400 Lakeview Parkway, Suite 400<br>Alpharetta ,GA 30004-1976 |
| --- | --- | --- |
| 15 | 1 Pepsi Way P.O. Box 8500Somers,<br>New York | MeK Investments LLC<br>7550 S. Saginaw St.<br>Grand Blanc, MI 48439 |
| 16 | 225 E. John Carpenter Fwy<br>Irving, Texas | Las Colinas Towers, LP<br>c/o Colonnade Properties<br>225 East John Carpenter Freeway, Suite 100<br>Irving, TX 75062<br><br>Colonnad Properties LLC<br>One Rockefeller Plaza, Suite 2300<br>New York, NY 10020 |
| 17 | 125 Fountain Lakes Industrial Drive<br>St. Charles, Missouri | Fountain Lakes I, LLC<br>c/o Balke Brown Associates, Inc.<br>1001 Highlands Plaza Drive West, Suite 150<br>St. Louis, MO 63110-1341 |
| 18 | 891 Auto Parts Place<br>Martinsburg, West Virginia | Berkeley Business Park Associates II, L.C.<br>1057 Martinsburg Pike<br>P.O. Box 2530<br>Winchester, VA 22603-5409 |
| 19 | 25 Massachusetts Avenue N.W.<br>Washington, District of Columbia | 25 Massachusetts Avenue Property LLC<br> c/o Republic Property Trust<br>Attn: Peter J. Cole, Frank Pieruccini<br>1280 Maryland Ave. S.W.<br>Washington, D.C. 20024<br><br>Republic Property Trust<br>Attn Property Mgr.<br>25 Massachusetts Avenue N.W.<br>Washington, D.C. 20001-1431 |
| 20 | 4134 Davison Road<br>Burton, Michigan | Porrett Investments, LLC<br>Attn: President/ CEO<br>5510 Clio Rd.<br>Flint, MI 48504 |
| 21 | 525 Baltimore Pike<br>Clifton Heights, Pennsylvania | SN & JN1<br>8 Clover Lane<br>New Town Square, PA 19073 |