HEARING DATE AND TIME: September 14, 2009 at 10:30 a.m. (Eastern Time)
(subject to Court approval)
OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*                :
                                                            :
                              **Debtors.**                  :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330 AUTHORIZING THE DEBTORS TO AMEND THE TERMS OF THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 2,

2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession (the "**Debtors**"), for an order, pursuant to sections

327(a) and 330 of title 11, United States Code authorizing the Debtors to amend the terms of

their engagement with Brownfield Partners, LLC, as more fully set forth in the Motion, a hearing

will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room

621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **September 14, 2009 at 10:30 a.m. (Eastern Time)**

**(subject to Court approval),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan

48265 (Attn:  Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit,

Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft

LLP, attorneys for the United States Department of the Treasury, One World Financial Center,

New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of

the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn:

Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada,

1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and

Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn:  Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st

Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's

Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S.

Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **September 9,**

**2009, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
       September 2, 2009

                                            /s/ Stephen Karotkin
                                            Harvey R. Miller
                                            Stephen Karotkin
                                            Joseph H. Smolinsky

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

HEARING DATE AND TIME: September 14, 2009 at 10:30 a.m. (Eastern Time)
(subject to Court approval)
OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                   :

**In re**                                     :           **Chapter 11 Case No.**
                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :         **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  :
                                   :

                      **Debtors.**       :           **(Jointly Administered)**
                                     :
-------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330**
**AUTHORIZING THE DEBTORS TO AMEND THE TERMS OF**
**THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company ("**MLC**" and f/k/a General Motors Corporation)

and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

        1.      The Debtors request authority to amend the fee cap in the Engagement

Letter between the Debtors and Brownfield Partners, LLC ("**Brownfield Partners**"), dated June

15, 2009 (the "**Engagement Letter**"), under sections 327(a) and 330 of title 11 of the United

States Code (the "**Bankruptcy Code**"), as reflected in that certain letter agreement, dated August

31, 2009, a copy of which is annexed hereto as Exhibit "A" (the "**Letter Agreement**").

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      On August 3, 2009, this Court entered an Order[1] authorizing the Debtors

to retain and employ Brownfield Partners to provide environmental consulting services, *nunc pro*

*tunc* to June 1, 2009 (the "**Commencement Date**"), on the terms set forth in the Engagement

Letter, and as modified by that Order.  In the Engagement Letter, Brownfield Partners agreed to

provide environmental consulting services for a total cost of consultant labor not to exceed

$100,000, unless otherwise approved in advance in writing by a representative of the Debtors.

4.      On August 31, 2009, the Debtors executed the Letter Agreement

authorizing Brownfield Partners to continue providing the services described in the Engagement

Letter for a total cost of consultant labor not to exceed $200,000 (the "**Amended Fee Cap**"),

unless otherwise approved in advance in writing by a representative of the Debtors, which

approval will not be unreasonably withheld.

## The Relief Requested Should Be Approved by the Court

5.      The Debtors request the Court approve the amendment to the Engagement

Letter, as set forth in the Letter Agreement (the Engagement Letter, as amended by the Letter

Agreement, is hereinafter referred to as the "**Amended Agreement**").  Brownfield Partners is a

---

[1] Order Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and
Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors *Nunc Pro Tunc* to the
Commencement Date, dated August 3, 2009 [Docket No. 3638].

leading real estate development company specializing in the acquisition, master planning,

entitlement, and redevelopment of urban infill and environmentally impaired real estate.  The

Debtors originally engaged Brownfield Partners to assist in determining the costs of actual or

potential environmental liabilities arising from the Debtors' prepetition, historic operations in

connection with the sale of substantially all of the Debtors assets to General Motors Company on

July 10, 2009.  The Debtors have determined that they require ongoing services from Brownfield

Partners to assist with the management and support of environmental activities.  Brownfield

Partners will continue to provide the following services, all as set forth in the Engagement Letter,

in connection with the Debtors' liquidation and disposition of its remaining assets:

> (a)    Evaluating existing information regarding plant sites,
>         ongoing investigations and remediation;
>
> (b)    Coordinating the work of other consultants in developing
>         technical summaries and cost estimates;
>
> (c)    Determining the potential and options for disposition
>         and/or reuse of certain of the Debtors' sites, whether as
>         "brownfield" sites or otherwise;
>
> (d)    Advising and assisting the Debtors with the potential to
>         integrate remediation with redevelopment;
>
> (e)    Assisting in the determination of appropriate remedial
>         options and technologies in light of potential
>         redevelopment plans;
>
> (f)    Advising and assisting the Debtors with risk management
>         strategies with respect to the Debtors' sites, including, as
>         appropriate, the use of insurance and other financial
>         products as a part thereof; and
>
> (g)    Structuring transactions with respect to the Debtors' sites.

The Debtors seek the Court's approval to increase the fee cap by $100,000 so that Brownfield

Partners may continue to provide the foregoing services as requested by the Debtors.  The

US_ACTIVE_MLC - MOTION TO AMEND BROWNFIELD PARTNERS_ RETENTION DOC_43146710_2.DOC

Amended Fee Cap is in the best interests of the Debtors and their estates in that it will assist the

Debtors in addressing environmental matters and facilitate the efficient and economic

administration of their estates.  Accordingly, the Debtors submit that the Amended Fee Cap

should be approved.

### Notice

6.      Notice of this Motion has been provided to parties in interest in

accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and

9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No.

3629].  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.

7.      Other than the Motion which resulted in the Order entered August 3, 2009,

authorizing Brownfield Partners' retention, no previous request for the relief sought herein has

been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  New York, New York
        September 2, 2009

                                            /s/ Stephen Karotkin
                                            Harvey R. Miller
                                            Stephen Karotkin
                                            Joseph H. Smolinsky

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

## **Exhibit A**

**Letter Agreement**

# Motors Liquidation Company

GM Global Headquarters
Mail Code 482-C37-A99
300 Renaissance Center
Detroit, MI  48265

Phone: 313.665.2012
Fax: 313.665.0977

August 31, 2009

Stuart L. Miner
Brownfield Partners, LLC
475 17th Street, Suite 950
Denver, CO 80202

Re: Authorization to Increase By $100,000 the Cap on the Total Cost of Consultant
Labor Performed by Brownfield Partners, LLC Pursuant to the Environmental Consultant
Retention Agreement, Dated July 15, 2009

Stuart:

Motors Liquidation Company hereby authorizes Brownfield Partners, LLC to perform the
services described in the Environmental Consultant Retention Agreement entered into
between Motors Liquidation Company and Brownfield Partners, LLC, dated June 15,
2009, for a total cost of consultant labor not to exceed $200,000, unless otherwise
approved in advance in writing by a representative of Motors Liquidation Company,
which approval will not be unreasonably withheld.

Sincerely,

James M. Redwine
Motors Liquidation Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :       Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :       09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                :
                                                            :
                                Debtors.                    :       (Jointly Administered)
                                                            :
------------------------------------------------------------x


            ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330
        AUTHORIZING THE DEBTORS TO AMEND THE TERMS OF
        THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC

        Upon the Motion, dated September 2, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11 of the

United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the amendment

of the terms of the Engagement Letter, dated June 15, 2009, between the Debtors and Brownfield

Partners, LLC ("**Brownfield Partners**"), all as more fully described in the Motion; and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Amended Fee Cap is approved; and it is further

ORDERED that all references to the Engagement Letter in the prior Order of this

Court authorizing the retention of Brownfield Partners, entered on August 3, 2009 [Docket No.

3638], shall be deemed to include the Letter Agreement; and it is further,

ORDERED that except to the extent modified by the Letter Agreement, the terms

and provisions of the Engagement Letter remain in full force and effect; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:  New York, New York
        September __, 2009


                                _____
                                United States Bankruptcy Judge