HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)
OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :       Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :       09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                    Debtors.            :       (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

### NOTICE OF MOTION FOR ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), ESTABLISHING THE  DEADLINE FOR FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO AND <u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 2,

2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors (the "**Debtors**"), for entry of an order establishing **November 9,**

**2009** at **5:00 p.m. (Eastern Time)** as the deadline for all persons or entities, other than

Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code) to file

proofs of claim (including claims under section 503(b)(9) of the Bankruptcy Code) and

**November 30, 2009** at **5:00 p.m. (Eastern Time)** as the deadline for all Governmental Units to

file proofs of claim, establishing procedures relating thereto, and approving the form and manner

of notice thereof, as more fully set forth in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One

Bowling Green, New York, New York 10004, on **September 14, 2009 at 9:00 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the

Local Rules of the Bankruptcy Court, and any applicable orders of the Bankruptcy Court, and

shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-

242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with a hard copy delivered directly to Chambers), in accordance with General Order M-

182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General

Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth

Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and

Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance

Center, Detroit, Michigan 48265 (Attn:  Ted Stenger); (iii) General Motors Company, 300

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, DC 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Adam C. Rogoff, Esq., Robert T. Schmidt, Esq.,

and Amy Caton, Esq.); (xii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **September 9**, **2009, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
        September 2, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 9, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :     Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :     09-50026 (REG)
        f/k/a General Motors Corp., et al.   :
                                    :
                    Debtors.        :     (Jointly Administered)
                                    :
------------------------------------------------------------x
```

## DEBTORS' MOTION FOR ORDER PURSUANT TO
## SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY
## RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING
## PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE
## BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO
## <u>AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

# TABLE OF CONTENTS

**Page**

Relief Requested ............................................................................................................ 1

The Bar Dates ............................................................................................................... 2

The Proposed Procedures for Filing Proofs of Claim .................................................. 3

Consequences of Failure to File a Proof of Claim ....................................................... 6

Notice of the Bar Dates ................................................................................................ 6

The Proof of Claim Form.............................................................................................. 8

The Bar Date Notice ..................................................................................................... 8

The Proposed Bar Date and Notice Procedures Are Reasonably Calculated to Provide
     Due and Proper Notice ........................................................................................ 9

Objections to Claims and Reservation of Rights ....................................................... 10

Notice .......................................................................................................................... 11

i

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL STATUTES

11 U.S.C. § 101(2) .........................................................................................................5
11 U.S.C. § 101(5) .........................................................................................................1
11 U.S.C. § 101(27) .......................................................................................................1
11 U.S.C. § 105(a) .......................................................................................................10
11 U.S.C. § 501 .............................................................................................................2
11 U.S.C. § 502(b)(9) .................................................................................................1, 2
11 U.S.C. § 503(b) .........................................................................................................5
11 U.S.C. § 503(b)(9) ...........................................................................................1, 5, 6, 8
11 U.S.C. § 507(a)(2) .....................................................................................................5

Fed. R. Bankr. P. 1015(c) ............................................................................................10
Fed. R. Bankr. P. 3003(c)(2).......................................................................................2, 6
Fed. R. Bankr. P. 3003(c)(3).........................................................................................1
Fed. R. Bankr. P. 2002(a)(7)......................................................................................6, 9
Fed. R. Bankr. P. 2002(f)..............................................................................................6
Fed. R. Bankr. P. 2002(*l*) .......................................................................................6, 7
Fed. R. Bankr. P. 2002(p)(2).........................................................................................9
Fed. R. Bankr. P. 9007.................................................................................................11

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      By this Motion, the Debtors request that, pursuant to section 502(b)(9) of

the title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court:

(a)      establish **November 9, 2009** at **5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims, including claims under section 503(b)(9) of the Bankruptcy Code (each a "**503(b)(9) Claim**") against any of the Debtors (the "**General Bar Date**");

(b)      establish **November 30, 2009** at **5:00 p.m. (Eastern Time)** as the deadline for governmental units (as defined in section 101 (27) of the Bankruptcy Code) ("**Governmental Units**") to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**", together with the General Bar Date, the "**Bar Dates**");

(c)      approve the proposed model Proof of Claim form (the "**Proof of Claim Form**");

(d)      approve the proposed procedures for filing Proofs of Claim; and

(e)      approve the proposed procedures for notice of the Bar Dates, including, among other things, the form of notice substantially in the form annexed as <u>Annex I</u> to the Proposed Order (the "**Bar Date Notice**").

A proposed order is attached hereto as <u>Exhibit A</u> (the "**Proposed Order**").  As stated, the

proposed Bar Date Notice is attached as <u>Annex I</u> to the Proposed Order.  The proposed Proof of

Claim Form is attached as <u>Annex II</u> to the Proposed Order.

### The Bar Dates

2.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which claimants must file a Proof of Claim in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against the Debtors that (a) is not scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**") or (b) is listed on the Schedules as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court.  The Debtors intend to file their Schedules prior to the hearing on this Motion.

3.      Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11 U.S.C. § 502(b)(9).

4.      The Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York, dated March 27, 2008, established by the Board of Judges for the Southern District of New York (General Order M-350, Amended General Order M-279) (the "**Procedural Guidelines**") require that all requests for bar orders conform substantially to the standard order and notice provided for in the Procedural Guidelines.

5.      The Debtors believe that tens of thousands of individuals or entities may be creditors in these cases.  Establishing the Bar Dates, thus, will enable the Debtors to receive, process, and begin their analysis of creditors' claims in a timely and efficient manner and proceed to formulate and file a chapter 11 plan and conclude the administration of these chapter 11 cases expeditiously.  Based on the procedures set forth below, the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

## The Proposed Procedures for Filing Proofs of Claim

6.      The Debtors propose the following procedures for filing Proofs of Claim:

(a)      Unless otherwise provided herein, the General Bar Date shall be **November 9, 2009** at **5:00 p.m. (Eastern Time)**.

(b)      Unless otherwise provided herein, the Governmental Bar Date shall be **November 30, 2009** at **5:00 p.m. (Eastern Time)**.

(c)      Proofs of Claims must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of June 1, 2009 (the "**Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[1]; (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)      If a claimant asserts a claim against more than one Debtor, the claimant must file a separate Proof of Claim against each Debtor.

(e)      Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually** **received** by the Debtors' court approved claims agent, The Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the applicable Bar Date at –

>       If by hand delivery or overnight courier:
>                         The Garden City Group, Inc.
>                         Attn: Motors Liquidation Company Claims Processing
>                         5151 Blazer Parkway, Suite A
>                         Dublin, Ohio 43017

>       If by first-class mail:
>                         The Garden City Group, Inc.
>                         Attn: Motors Liquidation Company
>                         P.O. Box 9386
>                         Dublin, Ohio 43017-4286

>       OR

---

[1]  Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

If by hand delivery:

> United States Bankruptcy Court, SDNY
> One Bowling Green
> Room 534
> New York, New York 10004

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty days** following the entry of the order approving such rejection, or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (j) below applies.

(i)     In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment.  The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

(j)     The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1.     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

2.     any person or entity whose claim has been paid in full;

3.     any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4.     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a 503(b)(9) Claim);

5.     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6.     any holder of a claim for which a separate deadline is fixed by this Court;

7.     any Debtor in these cases having a claim against another Debtor;

8.     any entity that, as of the Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor;

9.     any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG against any of the Debtors, utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10; or

10.    any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

(k)     Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

## Consequences of Failure to File a Proof of Claim

7.      Bankruptcy Rule 3003(c)(2) states that any creditor that is required to file a Proof of Claim before the applicable Bar Date but fails to do so "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any holder of a claim (including a holder of a 503(b)(9) Claim) against any of the Debtors that is required to file a Proof of Claim for such claim in accordance with the Bar Date Order, but fails to do so on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such claim. Moreover, the holder of such claim shall not be permitted to vote to accept or reject any chapter 11 plan filed in these cases, participate in any distribution in these chapter 11 cases on account of such claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.

## Notice of the Bar Dates

8.      Pursuant to Bankruptcy Rules 2002(a)(7), (f), (*l*), and the Procedural Guidelines, the Debtors propose to provide notice of the Bar Dates in accordance with the following procedures:

(a)     Within **ten days** of entry of an order granting the relief requested herein, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a Bar Date Notice to the following parties:

1.      the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

2.      the attorneys for the statutory committee of unsecured creditors;

3.       all known holders of claims listed on the Schedules at the addresses stated therein;

4.       all parties known to the Debtors as having potential claims against any of the Debtors' estates;

5.       all counterparties to any of the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein, which shall not include the counterparties to executory contracts and unexpired leases that have been assumed by the Purchaser pursuant to the sale of substantially all of the Debtors' assets;[2]

6.       the attorneys of record to all parties to pending litigation against any of the Debtors (as of the date of the entry of the Bar Date Order);

7.       the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

8.       all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)       The Debtors shall also post the Proof of Claim Form and Bar Date Notice on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com.

9.       Given the complex and global nature of the Debtors' operations, the Debtors believe that it is appropriate to supplement notice of the Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.") and the Procedural Guidelines. Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) creditors with

---

[2] On July 5, 2009, the Court entered an order (i) authorizing the sale of substantially all of the Debtors' assets pursuant to an Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (n/k/a General Motors Company), a U.S. Treasury-sponsored purchaser (the "**Purchaser**"), (ii) authorizing the assumption and assignment of executory contracts and unexpired leases in connection with the sale and (iii) granting related relief [Docket No. 2968].

potential claims unknown by the Debtors.  Accordingly, the Debtors propose to publish the Bar

Date Notice, with any necessary modifications for ease of publication, once in each of <u>Financial</u>

<u>Times</u>, <u>The Wall Street Journal</u> (Global Edition—North America, Europe, and Asia), <u>The New</u>

<u>York Times</u> (National), <u>USA Today</u> (Monday through Thursday, National), <u>Detroit Free</u>

<u>Press/Detroit News</u>, <u>Le Journal de Montreal</u> (French), <u>Montreal Gazette</u> (English), <u>The Globe</u>

<u>and Mail</u> (National), and <u>The National Post</u> at least **thirty days** prior to the General Bar Date.

The Debtors also request authority, in their sole discretion, to publish the Bar Date Notice in

other newspapers, trade journals, or similar publications.

### The Proof of Claim Form

10.     With the assistance of GCG, the Debtors have prepared the Proof of Claim

Form.  The Proof of Claim Form substantially conforms to Official Form 10, but is tailored to

these chapter 11 cases.  The substantive modifications to the Official Form 10 proposed by the

Debtors include the following:

(a)     adding a field to determine whether a 503(b)(9) Claim is being asserted;

(b)     indicating how the Debtors have identified each creditor's respective
claim on the Schedules, including the amount or the claim and whether the
claim has been listed as contingent, unliquidated, or disputed; and

(c)     adding certain instructions.

11.     When sent to a creditor, the Proof of Claim Form will be further

customized (to the extent possible) to contain certain information about the creditor and the

Debtor against which it may have a claim.

### The Bar Date Notice

12.     The proposed Bar Date Notice substantially conforms to the form annexed

to the Procedural Guidelines.  The Bar Date Notice notifies parties of:

(a)     the Bar Dates;

(b)     who must file a Proof of Claim;

(c)     the procedure for filing a Proof of Claim;

(d)     the consequences for failing to timely file a Proof of Claim; and

(e)     where parties can find further information.

**The Proposed Bar Date and Notice Procedures Are
Reasonably Calculated to Provide Due and Proper Notice**

13.     Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty days' notice of the deadline to file proofs of claim.  Bankruptcy Rule 2002(p)(2) requires thirty days' notice to creditors with a foreign address.  The Procedural Guidelines require at least thirty-five days' notice, for all creditors.

14.     Under the Proposed Order, the Debtors will be providing at least forty-six days' notice to all known creditors, more than is required under the Bankruptcy Code, Bankruptcy Rules, and Procedural Guidelines.  Forty-six days is calculated as follows:  GCG will have ten days from the date of the Proposed Order to complete the mailing of the Bar Date Notices.  If the Court enters the Proposed Order on September 14, 2009, GCG's mailing would be completed by September 24, 2009, which is forty-six days prior to the proposed General Bar Date of November 9, 2009.  GCG has advised the Debtors that it expects to complete the mailing in less than ten days, which would provide for a notice period of even greater than forty-six days. Accordingly, the Debtors submit that the proposed Bar Dates and notice procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims. Further, because the proposed procedure will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases.

15.     GCG will also post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in these chapter 11 cases (www.motorsliquidationdocket.com).  The Bar Date Notices will also provide that the Debtors' Schedules may be accessed through the same website or by contacting GCG at (703) 386-6401.

16.     Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed notice procedures provide due and proper notice of the Bar Dates.

### Objections to Claims and Reservation of Rights

17.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any claim listed on their Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

18.     Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

19.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice

20.     Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and

9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No.

3629].  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.

       21.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

      WHEREFORE, the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just and appropriate.

Dated: September 2, 2009
     New York, New York

                     /s/ Stephen Karotkin
                     Harvey R. Miller
                     Stephen Karotkin
                     Joseph H. Smolinsky

                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

## Exhibit A

**Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                          :

In re                          :            **Chapter 11 Case No.**
                          :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :     **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                          :

             **Debtors.**       :        **(Jointly Administered)**
                          :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM
(INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(B)(9))
AND PROCEDURES RELATING THERETO AND
<u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

Upon the motion, dated September 2, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 502(b)(9) of

the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (a) establishing (i) **November 9 , 2009** at

**5:00 p.m. (Eastern Time)** (the "**General Bar Date**") as the deadline for each person or entity

(including without limitation, each individual, partnership, joint venture, corporation, estate, or

trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to

file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in

section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the **Commencement**

**Date**, including any unsecured claim, secured claim, priority claim, or claim under section

503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") and (ii) **November 30, 2009** at **5:00**

**p.m. (Eastern Time)** (the "**Governmental Bar Date**" together with the General Bar Date, the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

"**Bar Dates**") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim and (b) approving the (i) proposed model Proof of Claim form (the "**Proof of Claim Form**"), (ii) proposed procedures for filing Proofs of Claim, and (iii) proposed procedures for and the form of notice of the Bar Dates (the "**Notice Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following procedures for filing Proofs of Claim are approved:

(a)      Unless otherwise provided herein, the General Bar Date shall be **November 9, 2009** at **5:00 p.m. (Eastern Time)**.

(b)      Unless otherwise provided herein, the Governmental Bar Date shall be **November 30, 2009** at **5:00 p.m. (Eastern Time)**.

(c)      Proofs of Claims must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of June 1, 2009 (the "**Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)      If a claimant asserts a Claim against more than one Debtor, the claimant **must** file a separate Proof of Claim against each Debtor.

---

[2]  Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim
are **actually** **received** by the Debtors' court approved claims agent, the
Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the
applicable Bar Date at –

If by hand delivery or overnight courier:
                The Garden City Group, Inc.
                Attn: Motors Liquidation Company Claims Processing
                5151 Blazer Parkway, Suite A
                Dublin, Ohio 43017

If by first-class mail:
                The Garden City Group, Inc.
                Attn: Motors Liquidation Company
                P.O. Box 9386
                Dublin, Ohio 43017-4286

        OR

If by hand delivery:
                United States Bankruptcy Court, SDNY
                One Bowling Green
                Room 534
                New York, New York 10004

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail
transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals,
partnerships, corporations, joint ventures, trusts, and Governmental Units)
that asserts a Claim that arises from the rejection of an executory contract
or unexpired lease must file a Proof of Claim based on such rejection by
the later of (i) the applicable Bar Date and (ii) the date that is **thirty days**
following the entry of the order approving such rejection, or be forever
barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or
unexpired lease that asserts a Claim on account of unpaid amounts accrued
and outstanding as of the Commencement Date pursuant to such executory
contract or unexpired lease (other than a rejection damages Claim) must
file a Proof of Claim for such amounts on or before the applicable Bar
Date unless an exception identified in paragraph (j) below applies.

(i)     In the event the Debtors amend their Schedules to (a) designate a Claim as
disputed, contingent, unliquidated, or undetermined, (b) change the
amount of a Claim reflected therein, (c) change the classification of a
Claim reflected therein, or (d) add a Claim that was not listed on the
Schedules, the Debtors shall notify the claimant of the amendment. The

deadline for any holder of a Claim so designated, changed, or added to file a Proof of Claim on account of any such Claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

(j)    The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1.    any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

2.    any person or entity whose claim has been paid in full;

3.    any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert Claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a 503(b)(9) Claim);

5.    any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6.    any holder of a Claim for which a separate deadline is fixed by this Court;

7.    any Debtor in these cases having a Claim against another Debtor;

8.    any entity that, as of the Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor;

9.    any holder of a Claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG, against any of the

Debtors utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10; or

10.   any person or entity whose Claim is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such Claim on or before the Bar Date, unless another exception identified herein applies.

(k)   Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules.

ORDERED that any holder of a Claim against the Debtors that is required but fails to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases,  participate in any distribution in any of the Debtors' chapter 11 cases on account of such Claim, or receive further notices with respect to any of the Debtors' chapter 11 cases; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached hereto as Annex I, and the proposed notice of the Bar Dates, substantially in the form attached hereto as Annex II (the "**Bar Date Notice**"), are hereby approved; and it is further

ORDERED that the Debtors are authorized to customize the Proof of Claim Form

to contain certain information about the creditor to which it is sent and the Debtor against which

the creditor might have a Claim; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)    Within **ten days** of entry of this Bar Date Order, the Debtors shall cause to
be mailed (i) a Proof of Claim Form and (ii) a Bar Date Notice to the
following parties:

1.    the United States Trustee for the Southern District of New York;

2.    the attorneys for the statutory committee of unsecured creditors;

3.    all known holders of Claims listed on the Schedules at the
addresses stated therein;

4.    all parties known to the Debtors as having potential Claims against
any of the Debtors' estates;

5.    all counterparties to any of the Debtors' executory contracts and
unexpired leases listed on the Schedules at the addresses stated
therein, which shall not include the counterparties to executory
contracts and unexpired leases that have been assumed by the
Purchaser pursuant to the sale of substantially all of the Debtors'
assets;

6.    the attorneys of record to all parties to pending litigation against
any of the Debtors (as of the date of the entry of the Bar Date
Order);

7.    the Internal Revenue Service, the Securities and Exchange
Commission, the United States Attorney's Office for the Southern
District of New York, and all applicable government entities; and

8.    all parties who have requested notice pursuant to Bankruptcy
Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)    The Debtors shall post the Proof of Claim Form and Bar Date Notice on
the website established by GCG for the Debtors' cases:
www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in each of <u>Financial Times</u>, <u>The Wall Street Journal</u> (Global Edition—North America, Europe, and Asia), <u>The New York Times</u> (National), <u>USA Today</u> (Monday through Thursday, National), <u>Detroit Free Press/Detroit News</u>, <u>Le Journal de Montreal</u> (French), <u>Montreal Gazette</u> (English), <u>The Globe and Mail</u> (National), and <u>The National Post</u> at least **thirty days** prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that the Debtors may, in their sole discretion, publish the Bar Date Notice in other newspapers, trade journals, or similar publications; and it is further

ORDERED that the Debtors and GCG are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

ORDERED that notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the

Bar Dates established herein must file such Claims against the Debtors or be forever barred from

doing so; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
    _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

## **Annex I**

**Notice of Bar Dates**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                        :

In re                       :        **Chapter 11 Case No.**
                         :

**MOTORS LIQUIDATION COMPANY**  :        **09-50026 (REG)**
**f/k/a GENERAL MOTORS CORPORATION,**  :
*et al.,*                   :
                       :

             **Debtors.**    :        **(Jointly Administered)**
                       :

--------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH
CLAIMS (INCLUDING CLAIMS UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE)
AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation)** | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC)** | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation)** | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.)** | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |

PLEASE TAKE NOTICE THAT, on September __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "Debtors") entered an order (the "**Bar Date Order**") establishing (i) **November 9, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at motorsliquidation@alixpartners.com**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**1.     WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that occurred prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

**2.     WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a)     Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b)     Your claim has been paid in full;

(c)     You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)     You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date**;

(e)     You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f)     You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g)     You are a Debtor in these cases having a claim against another Debtor;

(h)     You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

(i)     You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j)     You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so.  Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:         If by first-class mail, to:

The Garden City Group, Inc.                          The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing   Attn: Motors Liquidation Company
5151 Blazer Parkway, Suite A                         P.O. Box 9386
Dublin, Ohio 43017                                   Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.      WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidationdocket.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred, estopped and enjoined from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

7.      **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidationdocket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-386-6401

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment.  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this notice, such as whether the holder should file a Proof of Claim.**


DATED:  September ___, 2009                        BY ORDER OF THE COURT
New York, New York


WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**<u>Annex II</u>**

**Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One):                                                     **Case No.**

- ❑ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
- ❑ MLCS, LLC (f/k/a Saturn, LLC)                                     09-50027 (REG)
- ❑ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
- ❑ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)      09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising **after** the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

❑  Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Telephone number:
Email Address:

Name and address where payment should be sent (if different from above):

❑  Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❑  Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

❑  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ❑ Real Estate   ■ Motor Vehicle   ❑ Equipment   ❑ Other
Describe:

**Value of Property: $**_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any: $**_____

**Basis for perfection:** _____

**Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
- ❑  Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ❑  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
- ❑  Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
- ❑  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
- ❑  Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ❑  Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
- ❑  Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary.  (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. **IF BY HAND OR OVERNIGHT COURIER**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

### THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS NOVEMBER 9, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number:**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.**

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

|  ___DEFINITIONS___  |  | ___INFORMATION___ |

### Debtor
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. | |
| (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) |

### Creditor
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

### Claim
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

### Proof of Claim
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

### Secured Claim Under 11 U.S.C. § 506(a)
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

### Section 503(b)(9) Claim
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

### Unsecured Claim
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Claim Entitled to Priority Under 11 U.S.C. § 507(a)
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Redacted
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

### Evidence of Perfection
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### Acknowledgment of Filing of Claim
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

### Offers to Purchase a Claim
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

### Additional Information
If you have any questions with respect to this claim form, please contact Alix Partners at 1(800) 414-9603 or by email at motorsliquidation@alixpartners.com