**Hearing Date and Time: October 6, 2009 at 10 a.m. (Eastern Time)**
**Objection Date and Time: September 29, 2009 at 4 p.m. (Eastern Time)**

HODGSON RUSS LLP
Deborah J. Piazza
60 East 42nd Street
New York, N.Y. 10165
(212) 661-3535

DICKINSON WRIGHT PLLC
James A. Plemmons
Michael C. Hammer
Trent B. Collier
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226
(313) 223-3500

*Attorneys for Johnson Controls, Inc.,*
*Intertec Systems, LLC, and JCIM, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :  Chapter 11
In re:                                                     :
                                                           :  Case No. 09-50026 (REG)
MOTORS LIQUIDATION COMPANY                                 :
(f/k/a General Motors Corporation),                        :
                                                           :  (Jointly Administered)
                                        Debtor.            :
-----------------------------------------------------------x

**JOHNSON CONTROLS, INC.'S MOTION TO COMPEL ARBITRATION**
**PURSUANT TO CURE DISPUTE RESOLUTION PROCESS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Johnson Controls, Inc., Intertec Systems, LLC, JCIM, LLC, on behalf of themselves and their subsidiaries, affiliates and related entities (collectively, "Johnson Controls"), through their undersigned attorneys, state as follows for their Motion to Compel Arbitration Pursuant to Cure Dispute Resolution Process:

**Relief Requested**

1. Johnson Controls executed a Trade Agreement with Debtor Motors Liquidation Company (f/k/a General Motors Corporation) (the "Debtor") at the outset of this case.[1] Pursuant to the Trade Agreement, any dispute between Johnson Controls and the Debtor regarding the assumption and assignment of its executory contracts with the Debtor are to be submitted to binding arbitration as set forth in the Cure Dispute Resolution Process. After Johnson Controls filed a timely objection to the Debtor's Cure Notice, Johnson Controls and the Debtor completed all of the conditions precedent to binding arbitration under the Cure Dispute Resolution Process. Under the plain language of the Trade Agreement, the Debtor is now required to submit the parties' dispute to binding arbitration. The Debtor, however, has unreasonably failed to do so. Therefore, Johnson Controls respectfully seeks an order compelling the Debtor to submit Johnson Controls' objection to the Debtor's Cure Notice to binding arbitration pursuant to the Trade Agreement and the Cure Dispute Resolution Process.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district according to 28 U.S.C. §§ 1408 and 1409.

**Background and Procedural History**

3. Johnson Controls, Inc. is (a) one of the world's leading manufacturers of interior systems for light vehicles, including seating, overhead, doors, instrument panels, storage and electronics ("Automotive Systems"), (b) the world's largest manufacturer of

---

[1] The Debtor has asserted that the Trade Agreement is confidential. Although Johnson Controls disagrees with this assertion, it has omitted the demand letter as a courtesy to the Debtor. Johnson Controls can provide a copy of the Trade Agreement for *in camera* inspection upon request.

lead acid automotive batteries and is a developer of advanced battery chemistries ("Power Systems"), and (c) the world's building efficiency leader in providing products and services that optimize energy use and improve comfort and security ("Building Efficiency Systems").[2] Johnson Controls is a party to thousands of purchase orders and supply agreements with the Debtors for the supply of component parts and other services related to automotive systems, power systems, and building efficiency systems.

4.   On June 5, 2009, in accordance with this Court's order,[3] the Debtors filed and served their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Cure Notice"). The Cure Notice advised that the Debtors maintained a secure website that contained information about contracts to be assumed and cure amounts that the Debtors believe will satisfy their obligations under 11 U.S.C. § 365(b). The secured website provided that Debtors intended to assume various executory contracts (the "Executory Contracts") with Johnson Controls, Inc., Intertec Systems, LLC, JCIM, LLC and tender a cure amount of $60,997,855.65 to Johnson Controls, Inc., $11,229.65, to Intertec Systems, LLC, and $978,361.97 to JCIM, LLC (the "Debtors' Cure Amounts").

5.   Johnson Controls filed a timely objection to the Cure Notice (the "JCI Objection") on June 15, 2009. Johnson Controls' primary objection was to the Debtors' Cure Amount. Based on the information available to Johnson Controls as of June 15,

---

[2] Intertec Systems, LLC and JCIM, LLC are affiliates of Johnson Controls, Inc., and are also automotive component and parts suppliers to the Debtors.

[3] *Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (I) Approving Procedures For Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement With Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Noti*ce (the "Order").

2009, the amount required to pay the balance of the Executory Contracts and to cure defaults for all three companies was no less than $103,411,665.00 ($91,597,296.64 to Johnson Controls, Inc., $377,525.84, to Intertec Systems, LLC, and $11,436,842.97 to JCIM, LLC).

6.   Pursuant to the Debtor's request, Johnson Controls withdrew the JCI Objection as set forth in a June 25, 2009 stipulation. This stipulation expressly reserved Johnson Controls' rights and provided that disputes would be determined in accordance with the Cure Dispute Resolution Process set forth in the Trade Agreement.

**The Debtor Should Be Compelled To Immediately Issue a Demand For Arbitration**

7.   According to the Trade Agreement, the JCI Objection is to be resolved through the Cure Dispute Resolution Process. The Cure Dispute Resolution Process provides for a "Pre-Arbitration Procedure" as follows:

> (a) For a period of twenty (20) days from the date a Claimant files an Objection to a Proposed Cure Amount (the "Initial Meeting Period"), a representative of Claimant and a representative from Debtors' purchasing group will meet and confer, in person or by telephone, in good faith, and attempt to resolve the Disputed Cure Claim.
>
> (b) If at the end of the Initial Meeting Period, the Parties are unable to resolve the Disputed Cure Claim, unless the Parties agree in writing to extend the Initial Meeting Period, such matter will be elevated to the Debtors' purchasing group Executive Director level and the Parties will attempt to resolve the Disputed Cure Claim for an additional twenty (20) days.
>
> (c) If the parties are unable to resolve the Disputed Cure Claim at a business level pursuant to (a) and (b) above, the matter *will* be submitted to binding arbitration ("Arbitration") as set forth below.

(emphasis added). These provisions unambiguously provide that, once the Pre-Arbitration Procedure has been completed, the dispute *must* be submitted to arbitration.

8.  The Cure Dispute Resolution Process further provides, with added emphasis:

> *Upon expiration of the applicable periods set forth in paragraph 6* above, if the Parties have not resolved the Disputed Cure Claim, the Debtors *will* serve a Demand for Arbitration (an "Arbitration Demand") on the Claimant and the Arbitration Association, thereby commencing the Arbitration Procedure. The arbitration of all Disputed Cure Claims under this ADR Procedure will be governed by this ADR Procedure.

This language unambiguously provides that the Debtor is required to issue a Demand for Arbitration "[u]pon the expiration of the applicable periods set forth in paragraph 6" – language that clearly indicates the Debtor must do so *as soon as the applicable periods set forth in Paragraph 6 have expired*. This language must be enforced as written. *See, e.g., In re Delta Air Lines, Inc.,* 381 B.R. 57, 64 (Bankr. S.D.N.Y. 2008) ("The Court cannot make an agreement for the parties, nor can it fill in gaps in the parties' written contract in the guise of 'interpretation.' The Court must take the parties' contract as it is written and construe the words used by the parties in accordance with their common and usual meaning and usage.").

9.  Johnson Controls and the Debtor have completed both of the 20-day negotiation periods required by the Pre-Arbitration Procedure and have been unable to resolve Johnson Controls' Disputed Cure Claim. Indeed, although the Cure Dispute Resolution Process requires the issuance of a Demand for Arbitration forty (40) days after the submission of a cure objection, well over *sixty* (60) days have passed since Johnson Controls filed its objection on June 15, 2009.

10. Accordingly, the Debtors are required to serve a Demand for Arbitration and initiate the arbitration process. The Cure Dispute Resolution Process is unequivocal on this point

11. On August 7, 2009, Johnson Controls issued a written request that the Debtor issue a Demand for Arbitration and submit the JCI Objection to arbitration.[4]

12. Despite Johnson Controls' letter and the mandatory language of the Trade Agreement, the Debtors have failed to submit Johnson Controls' Disputed Cure Claim to arbitration.

13. The Cure Dispute Resolution Process requires that the parties – including the Debtor – participate in good faith. By failing to promptly issue a Demand for Arbitration when the period contemplated by the Pre-Arbitration Procedure expired and essentially ignoring Johnson Controls' August 7, 2009 correspondence, the Debtor has breached its duty to perform its obligations under the Trade Agreement in good faith.

14. Enforcement of the parties' arbitration agreement in this case will advance the widely recognized federal policy favoring arbitration. *See, e.g., PPG Industries, Inc. v. Webster Auto Parts, Inc.,* 128 F.3d 103, 107-108 (2d Cir. 1997) (noting strong federal policy in favor of arbitration); *In re Crysen/Montenay Energy Co.,* 226 F.3d 160, 162-163 (2d Cir. 2000) (same). In addition, compelling arbitration in this case would be consistent with the Federal Arbitration Act, "which mandates enforcement of valid arbitration agreements." *See, e.g., In re U.S. Lines, Inc.,* 197 F.3d 631, 639 (2d Cir. 1999).

---

[4] The Debtor has asserted that Johnson Controls' arbitration demand letter contains confidential information. Again, Johnson Controls disagrees with this assertion but has omitted the demand letter as a courtesy to the Debtor. Johnson Controls can provide a copy of the demand letter for *in camera* inspection upon request.

15. Accordingly, Johnson Controls respectfully requests that this Court direct the Debtor to issue an arbitration demand and to promptly submit to the alternative dispute resolution process to which the Debtor stipulated in the Trade Agreement.

### Notice

16. Notice of this Motion has been provided to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the "Committee"), 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq.

and Matthew L. Schwartz, Esq.), and (x) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002.

17.  Johnson Controls submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**No Prior Request**

18.  No previous request for the relief sought in this Motion has been made by Johnson Controls to this or any other Court.

WHEREFORE Johnson Controls respectfully requests entry of the proposed order attached as **Exhibit A** granting the relief requested herein and such other and further relief as is just.

Dated: September 3, 2009
       New York, New York

Respectfully submitted,

HODGSON RUSS LLP

By: /s/ Deborah J. Piazza
Deborah J. Piazza
60 East 42nd Street
New York, N.Y. 10165
(212) 661-3535

DICKINSON WRIGHT PLLC

By: /s/ James A. Plemmons
James A. Plemmons
Michael C. Hammer
Trent B. Collier
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226
(313) 223-3500

*Attorneys for Johnson Controls, Inc., Intertec Systems, LLC, and JCIM, LLC*