PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA  95814
Telephone:  (916) 329-7400
Facsimile:  (916) 329-7435
Email:  ppascuzzi@ffwplaw.com

Attorneys for The McClatchy Company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENERAL MOTORS CORP., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026<br>(Jointly Administered)<br><br>Honorable Robert E. Gerber |

**LIMITED OBJECTION OF THE MCCLATCHY COMPANY TO THE DEBTORS'
NOTICE OF ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS**

The McClatchy Company on behalf of the Charlotte Observer, the Dallas Star Telegram, the Fort Worth Star Telegram, the Kansas City Star, the Miami Herald, Vida En El Valle, the Modesto Bee, the Raleigh News & Observer, the Sacramento Bee, the Tacoma News Tribune, the Wichita Eagle, and any other newspapers owned by The McClatchy Company for which a purported notice of assumption has been issued (collectively the "McClatchy Newspapers") by and through its undersigned counsel, respectfully submits this objection and reservation of rights (the "Cure Objection") to the Debtors' Notice of Assumption and Assignment and Proposed Cure Amounts.

1. On June 2, 2009, this Court entered an order (the "Sales Procedures Order") [Docket No. 274] which, among other things, includes procedures regarding the Debtors' assumption and assignment of certain executory contracts.

2. Pursuant to the Sale Procedures Order, the Debtors delivered a Notice of Intent to Assume and Assign Additional Executory Contracts (the "First Notice").  The First Notice instructed the McClatchy Newspapers to go to the following website,

http://www.contractnotices.com and put in a specific user ID and password to view the cure amount. The McClatchy Company checked the website and at that time it only listed one contract with the McClatchy Company but it did not list a cure amount.

3. Pursuant to the Sale Procedures Order, the Debtors delivered a Second Notice of Intent to Assume and Assign Additional Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property. The notice again directed the McClatchy Newspapers to check the same website using a user ID and password to view the contracts being assumed and assigned and the cure amount. The McClatchy Company again checked the website. This time there were eleven contracts listed as being assumed and assigned but again no cure amounts were listed.

4. The McClatchy Newspapers then contacted the 1-888-409-2328 help line listed on the notice and discovered it was no longer in service. Thus, the McClatchy Newspapers have no information regarding the proposed cure amounts for each of the contracts being assumed.

5. Pursuant to 11 U.S.C. §365(b), the contracts cannot be assumed absent payment of all cure amounts. In prior written communications from Starcom Media Vest Group, the approximate cure amounts for all McClatchy Newspapers was stated as $1.7 million, a figure close to the actual cure about, but subject to further adjustments.

6. The McClatchy Newspapers do not object *per se* to the assumption of executory contracts between the McClatchy Newspapers and the Debtors and the assignment thereof to the Purchaser. However, in addition to the objections stated above, the McClatchy Newspapers object to the notices of intent on the following grounds: (a) to the extent that any of the proposed cure amounts is incorrect; (b) because the improper definition of cure amounts would permit assumption and assignment without either the Purchaser or the Debtors satisfying all of the requirements of the Bankruptcy Code; (c) because the McClatchy Newspapers have not been provided with adequate assurance of future performance; and (d) to the extent, if any, that each of the notices purports to require the McClatchy Newspapers to perform for the Purchaser pursuant to any executory contract prior to the proper assumption and assignment, including paying all cure amounts and satisfying all requirements of section 365.

7. Due to the limited information currently available, the McClatchy Newspapers are unable to determine whether a Contract Objection or a Cure Objection is necessary or required. However, the McClatchy Newspapers file this limited objection out of an abundance of caution and reserve all rights to further supplement this limited objection as more information becomes available.

WHEREFORE, the McClatchy Newspapers respectfully request that (a) the Court order the Debtors to provide the McClatchy Newspapers proper and sufficient notice regarding the proposed assumption and assignment of any executory contracts to which the McClatchy Newspapers are a party, including adequate notice of the proposed cure amounts; (b) all of the McClatchy Newspapers' rights be preserved, including without limitation, the right to adequate notice of any cure amount, and the right to file a further cure objection within 10 days of receiving proper and sufficient notice from the Debtor; and (c) such other and further relief as the Court deems just.

Dated: September 8, 2009

>
> */s/ Paul J. Pascuzzi*_____
> PAUL J. PASCUZZI,
> FELDERSTEIN FITZGERALD
> WILLOUGHBY & PASCUZZI LLP
> 400 Capitol Mall, Suite 1450
> Sacramento, CA  95814
> 916/329-7400
> 916/329-7435 (facsimile)
> ppascuzzi@ffwplaw.com
>
> Attorneys for The McClatchy Company

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2009, a copy of the foregoing **LIMITED OBJECTION OF THE MCCLATCHY COMPANY TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS** was sent to those receiving documents via the CM/ECF system and sent by first class mail, postage prepaid, to:

*Debtor*
General Motors Corporation
300 Renaissance Center
Detroit, MI 48265-3000

*Debtor's Counsel*
Harvey R. Miller
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

*Debtor's Counsel*
Joseph R. Sgroi
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

*Debtor's Counsel*
Robert B. Weiss
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

*Debtor's Counsel*
Stephen Karotkin
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Debtor's Counsel*
Tricia A. Sherick
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

*U.S. Trustee*
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

*Counsel for U.S. Trustee*
Brian Shoichi Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

        _/s/ Lori N. McCleerey_____
        Lori N. McCleerey