Hearing Date and Time:  September 14, 2009 at 9:00 a.m. (Eastern Time)
Objection Deadline:  September 9, 2009 at 4:00 p.m. (Eastern Time)

Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter D'Apice
Jo E. Hartwick  (Admitted *Pro Hac Vice*)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

COUNSEL FOR AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                              )
In re                                                         )    Chapter 11
                                                              )
MOTORS LIQUIDATION COMPANY,  *et al.,*  )
f/k/a GENERAL MOTORS CORP., *et al.*,        )
                                                              )    Case No. 09-50026 (REG)
                                                              )
                                         Debtors.     )    Jointly Administered
------------------------------------------------------------X

# OBJECTION OF THE AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO MOTION FOR ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO AND <u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... ii

TABLE OF AUTHORITIES ....................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

GROUNDS FOR THE OBJECTION .......................................................................... 4

    A.    ESTABLISHING A BAR DATE FOR ASBESTOS PERSONAL INJURY CLAIMS WOULD SERVE NO PURPOSE IN THESE CASES. ................................................................................................. 4

        1.    *It is not required that creditors file claims nor is this Court required to set a Bar Date.* ...................... 4

        2.    *Debtors have conducted an on-going analysis of their potential liability for asbestos personal injury claims.* ......................................................... 6

    B.    THE PROPOSED BAR DATE AND NOTICE PROCEDURES ARE NOT REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE TO HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS. ............................................................. 8

REQUEST FOR RELIEF ........................................................................................... 11

# TABLE OF AUTHORITIES

### CASES

*In re Dow Corning, Corp.*,
   142 F.3d 433, No. 97-1177, 1998 WL 180594
   (6th Cir. April 6, 1998)..................................................................................10

*In re Eagle-Picher Indus., Inc.*,
   137 B.R. 679 (Bankr. S.D. Ohio 1992).......................................................4, 9

*In re Eagle-Picher Indus. Inc.*,
   175 B.R. 943 (Bankr. S.D. Ohio 1994)..........................................................10

*In re Robintech, Inc.*,
   863 F.2d 393 (5th Cir. 1989), *cert. denied, Bullock v.
   Oppenheim, Appel, Dixon & Co.*, 493 U.S. 811 (1989) .................................9

*In re Simmons*,
   765 F.2d 547 (5th Cir. 1985).........................................................................4

*In re U.S. Lines, Inc.*,
   262 B.R. 223 (S.D.N.Y. 2001), *reconsideration denied by*, No.
   0 CIV 3800 (RWS), 2001 WL 1152824 (S.D.N.Y. Sept. 25,
   2001), *judgment aff'd*, 318 F.3d 432 (2d Cir. 2003) ....................................10

*In re U.S. Wireless Data, Inc.*,
   547 F.3d 484 (2d Cir. 2008) ..........................................................................9

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*,
   277 B.R. 20 (S.D.N.Y. 2002).........................................................................4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ......................................................................................9

### STATUTES

11 U.S.C. § 105(a) ..................................................................................................5

28 U.S.C. § 157(b)(2)(O) ........................................................................................7

28 U.S.C. § 157(b)(5)..............................................................................................7

iii

28 U.S.C. § 1411(a) ........................................................................................ 8

**<u>RULES</u>**

Fed. R. Bankr. P. 3002(c) ............................................................................ 11

Fed. R. Bankr. P. 3003(c) ............................................................................. 5

Fed. R. Bankr. P. 9006(c) ........................................................................... 11

The Ad Hoc Committee of Asbestos Personal Injury Claimants[1] (the "**Ad Hoc Committee**") respectfully submits this Objection to Debtors' Motion for Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Motion**").[2]

### PRELIMINARY STATEMENT

Debtors' contend that granting the Bar Date Motion will enable them to process and analyze creditors' claims in order to formulate a chapter 11 plan and expeditiously conclude administration of these bankruptcy cases. As demonstrated below, there is no reason to establish a bar date for asbestos personal injury claims—doing so would serve no purpose. As also shown below, the proposed bar date and notice procedures do not provide adequate notice to the numerous and far-flung holders of asbestos personal injury claims.

---

[1] The Ad Hoc Committee of Asbestos Personal Injury Claimants is comprised of William J. Lewis a mesothelioma claimant with a settled but unpaid claim, represented by SimmonsCooper LLC; Maureen Tavaglione, Personal Representative of the Estate of Robert J. Tavaglione, represented by Waters & Kraus; Terry Roth, a lung cancer claimant, represented by Brayton Purcell LLP; Jene Moore, Sr., a mesothelioma claimant represented by Early Ludwick & Sweeney L.L.C.; Edward Levitch, a mesothelioma claimant represented by Paul & Hanley LLP and Kenneth Knight, a mesothelioma claimant, represented by The Lanier Law Firm PLLC. Asbestos personal injury claimants represented by Cooney and Conway and Steven Kazan, Kazan, McClain, Lyons, Greenwood & Harley, PLC, serve as an *ex officio members*.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed in the Bar Date Motion.

1

There are ordinarily two alternatives in treating asbestos personal injury claims under a plan of reorganization pursuant to chapter 11 of the Bankruptcy Code.  First, the debtors may seek the protections of 11 U.S.C. § 524(g) and channel asbestos personal injury claims to a trust upon complying with all of the requirements of Section 524(g), including obtaining approval of the plan by the requisite super-majority votes of holders of asbestos personal injury claims.  Alternatively, the debtors may allow asbestos personal injury claims to pass through the bankruptcy unimpaired, in which case holders of asbestos personal injury claims are deemed to vote to approve the plan.

Under either option, there is no need for holders of asbestos personal injury claims to submit proofs of claim.  If there will be a 524(g) asbestos personal injury trust, all asbestos claims against the Debtors, whether presently known or unknown, are submitted to and liquidated by that trust, post-confirmation.  Even those claimants who did not file proofs of claim will have their claims liquidated by the trust.  In those instances, debtors commonly allow counsel for holders of asbestos claims to submit master ballots on behalf of their clients for purpose of calculating the super-majority vote rather than requiring individual proofs of clams to be filed.  If the asbestos claims pass through the bankruptcy unimpaired, holders of those claims are free to prosecute or settle those claims against the reorganized debtors.

Basic notions of fairness to claimants also counsel against an accelerated bar date for asbestos claims in these cases. These are extraordinary bankruptcy cases. Debtors obtained approval of the sale of substantially all of their assets to a U.S. Treasury-sponsored purchaser within 34 days of filing for bankruptcy protection. Asbestos claimants were left behind and received no readily apparent benefits from that sale. Now Debtors are working on formulating a plan under chapter 11. So far, Debtors have given no indication regarding their proposed treatment of asbestos personal injury claims under a chapter 11 plan. Debtors have obtained estimates of the amounts and types of current and future asbestos personal injury claims against them on an on-going basis that can serve as the basis for negotiations with holders of asbestos personal injury claims regarding their proposed treatment, without the need for proofs of claim. Discussions in that regard should be included in Debtors' dialogue with their constituencies in their effort to formulate a consensual plan.[3]

Holders of asbestos personal claims cannot help but regard as fundamentally unfair Debtors' failure to include them in discussions regarding a consensual plan while seeking to impose an unreasonably accelerated bar date for their claims. This should not be a "gotcha" process but one that, if undertaken, is done with sufficient and fair notice and gives all a chance to participate. Further, at this time and under these

---

[3] In connection with these issues, but independently, the Ad Hoc Committee renews its requests for 2007 and 2009 asbestos claims forecasts and estimates and the data backing up those estimates.

3

circumstances, there is no reason to establish a bar date for asbestos personal injury claims.

GROUNDS FOR THE OBJECTION

A.  ESTABLISHING A BAR DATE FOR ASBESTOS PERSONAL INJURY CLAIMS WOULD SERVE NO PURPOSE IN THESE CASES.

### 1. *It is not required that creditors file claims nor is this Court required to set a Bar Date.*

As a preliminary matter, creditors are not required by the Bankruptcy Code to file proofs of claim. *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985). Indeed, proofs of claim should only be filed "when some purpose would be served," such as when a claim appears incorrectly on the debtor's schedules, or when a claim's secured status needs to be determined. *Id.* However, here there are no such legitimate purposes to be served by setting a bar date and requiring asbestos creditors to file proofs of claim. Debtors cite no such purposes in the Bar Date Motion.

The setting of a bar date is entirely discretionary with this Court, and under the facts and circumstances of this cases, setting a bar date would not be appropriate. As recognized by the court in *Eagle-Picher*, a debtor does not have an absolute right to a bar date, and "[W]hile such bar dates are commonly set in Chapter 11 cases, upon good cause shown, the court may dispense with one in a given case." *In re Eagle-Picher Indus., Inc.*, 137 B.R. 679, 680 (Bankr. S.D. Ohio 1992); *Official Comm. of Asbestos Claimants of G-I Holdings, Inc. v. Heyman*, 277 B.R. 20, 34 n.8 (S.D.N.Y. 2002) (noting that

"in many asbestos bankruptcies, no bar date [is] ever set"). In fact, in *In re Quigley Co., Inc.*, Case No. 04-157 (Bankr. S.D.N.Y.) asbestos personal injury claims were expressly excluded from the bar date order. Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Docket No. 405].

Bankruptcy Rule 3003(c) should not be read to remove the discretion the Court is entitled to exercise over the bar date process, especially in light of the broad grant of discretion to the Court over case administration pursuant to Section 105(a) of the Bankruptcy Code.

Debtors acknowledge that "tens of thousands of individuals or entities may be creditors in these cases." Bar Date Motion at 2. Assuming tens of thousands of claimants can even manage to file their claims within forty-six days, the massive number of claims and potential claims objections by the Debtors will saddle the Court's docket and will do little to either promote judicial economy or to facilitate the expeditious administration of what little is left of these Debtors' estates.

It is entirely within this Court's discretion to deny the Debtors' request for a bar date for asbestos creditors. The Court should not require holders of asbestos personal injury claims to file proofs of claim by a certain date where, as here, filing those claims would serve no purpose whatsoever.

### 2. *Debtors have conducted an on-going analysis of their potential liability for asbestos personal injury claims.*

Debtors contend that establishing a bar date will enable them to "begin their analysis of creditors' claims." Bar Date Motion at 2, ¶ 5. However, Debtors continuously have updated their analysis of asbestos personal injury claims asserted against them.

In the 2007 Annual Report to Shareholders of General Motors Corporation, Motors Liquidation Company (then known as General Motors Corporation) stated that its "liability recorded for asbestos-related matters was $627 million, $648 million and $628 million at March 31, 2009, December 31, 2008 and March 31, 2008, respectively." 2007 Annual Report to Shareholders of General Motors Corporation at page 109. In its Quarterly Report (Form 10-Q) filed with the Securities Exchange Commission on May 8, 2009, Motors Liquidation Company reported that it had hired the firm of "Hamilton Rabinovitz & Associates, Inc., a firm specializing in estimating asbestos claims, to assist us in determining our potential liability for pending and unasserted asbestos personal injury claims." General Motors Corporation, Form 10-Q filed May 8, 2009, for the Period Ending March 31, 2009. In response to the Ad Hoc Committee's First Request for Production of Documents to the Debtors, served on June 25, 2009 and pursuant to a confidentiality agreement, the Debtors produced a Technical Report: Estimated Pending and Future Potential Asbestos Personal Injury Liabilities dated January 14, 2009 prepared by Hamilton, Rabinovitz & Associates, Inc.

6

Accordingly, there is no need for Debtors to analyze individual asbestos personal injury claims; they have a current analysis in that regard.

Debtors have admitted that they have estimated their liability for pending and potential asbestos personal injury claims. There is no reason that Debtors cannot consult their historical records and identify asbestos personal injury claimants that had pending but unresolved cases against them on the petition date. There is no need to impose a bar date on the holders of asbestos personal injury claims when Debtors have adequate information regarding the universe of such clams. Even if such claims were filed, however, this Court cannot liquidate them.

Congress has divested bankruptcy courts of jurisdiction to liquidate personal injury claims. Core proceedings that bankruptcy courts may hear and determine have been defined to include "all other proceedings affecting the liquidation of the assets of the estate…*except personal injury tort or wrongful death claims.*" 28 U.S.C. § 157(b)(2)(O) (emphasis added). Further, Congress has conferred exclusive jurisdiction over personal injury tort and wrongful death claims on the *district* courts, stating:

> The district court *shall order* that personal injury tort and wrongful death claims *shall be tried in the district court* in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (emphasis added).

7

Additionally, Congress intended that personal injury claimants in bankruptcy cases should retain their rights to have their claims heard by a jury, notwithstanding anything under the Bankruptcy Code. 28 U.S.C. § 1411(a) states in relevant part:

> [T]his chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

28 U.S.C. § 1411(a).

If the Debtors seek to have individual asbestos personal injury claims filed as a mechanism to obtain rulings on individual claims, the individual claimants are entitled to exercise their entire array of due process rights in that regard, including reciprocal discovery and the right to a jury trial. Because this Court cannot use this proceeding to adjudicate the merits of individual asbestos personal injury claims, there is no reason to set a bar date for those claims. Because the Debtors have not identified any useful purpose in imposing a bar date for asbestos personal injury claims, the Bar Date Motion should be denied in that respect.

B.  THE PROPOSED BAR DATE AND NOTICE PROCEDURES ARE NOT REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE TO HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS.

Debtors make vague statements regarding their need to begin analyzing creditors' claims so that they may proceed to "formulate and file a chapter 11 plan and conclude the administration of these chapter 11 cases expeditiously." However, Debtors give no reason why such speed for setting a bar date for asbestos claims is needed.

8

.       Notice of a bar date must be communicated to claimants "so that they will have a full and fair opportunity to file proofs of claim" and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their claims." *In re Eagle-Picher Indus., Inc.*, 137 B.R. 679, 682 (Bankr. S.D. Ohio 1992) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) and *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953)).

What constitutes sufficient notice to creditors does not depend solely upon any bright-line rule, but rather, upon the facts and circumstances of each case. *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, *Bullock v. Oppenheim, Appel, Dixon & Co.*, 493 U.S. 811 (1989). Further, notice of a bar date in a bankruptcy case "should be prominently announced and accompanied by an explanation of its significance." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 398 (1993); *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 492 (2d. Cir. 2008). If a bar date for asbestos claims is set here, then the notice to claimants should at a minimum include all those claims who have filed suit against Debtors or of which they are otherwise aware and should be published in asbestos-related publications reasonably calculated to reach asbestos personal injury counsel, such as Mealey's publications, as well as publications suggested by Debtors.

In cases involving mass torts—such as asbestos personal injury claims in this case—the bar date commonly affords much more time for the submission of claims than the mere 46 days that the Debtors propose here. For example, in *In re Dow Corning Corp.*, 142 F.3d 433, No. 97-1177, 1998 WL 180594, at *1-2 (6th Cir. April 6, 1998), the court entered its order on August 7, 1996 setting the bar date as January 15, 1997, thus providing six months' notice of the bar date. While other mass tort cases set bar dates on less that sixth months' notice, those cases had been pending for much longer than theses cases and claimants were afforded more that 46 days notice. *In re U.S. Lines, Inc.*, 262 B.R. 223, 252 (S.D.N.Y. 2001) (case had been pending for almost ten months and more than 65 days' notice of bar date was provided), *reconsideration denied by*, No. 00 CIV 3800 (RWS), 2001 WL 1152824 (S.D.N.Y. Sept. 25, 2001), *judgment aff'd*, 318 F.3d 432 (2d Cir. 2003); *In re Eagle-Picher Indus.*, 175 B.R. 943, 944 (Bankr. S.D. Ohio 1994) (case had been pending for over three years and more than 100 days' notice of bar date was provided).

Forty-six days is not reasonably calculated to provide holders of asbestos personal injury claims with notice sufficient to have an opportunity to present their claims. Asbestos personal injury claimants and their counsel need time to evaluate any claims they may have against the Debtors and cannot reasonably be expected to submit claims within such a short time period, especially in light of the fact that the bankruptcy cases were filed only

10

slightly more than three months ago. Indeed, creditors in a chapter 7 case are provide with a least 90 day's notice of the bar date—a notice period that cannot be shortened. FED. R. BANKR. P. 3002(c) and 9006(c).

Additionally, the form of the notice of proposed by Debtors is flawed. The Notice of Deadlines for Filing Proofs of Claim (the "Notice") is difficult to read and extremely wordy. It seems inevitable that some, perhaps many, holders of asbestos personal injury claims will not understand that they need to file proofs of claim upon inappropriately short notice or their claims will be "forever barred, estopped and enjoined."

## REQUEST FOR RELIEF

For all of the foregoing reasons, the Ad Hoc Committee of Asbestos Claimants respectfully requests the Court to deny the Bar Date Motion or, in the alternative, hold that holders of asbestos personal injury claims need not file claims by the bar date, and to grant it such other and further relief to which the Court finds it is entitled.

Dated: September 9, 2009         Respectfully submitted,


/s/ *Peter C. D'Apice*

Sander L. Esserman (Admitted *pro hac vice*)
Robert T. Brousseau (Admitted *pro hac vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *pro hac vice*)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900


**COUNSEL FOR THE AD HOC
COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS**

12