HEARING DATE AND TIME: September 14, 2009 at 9:00 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                              :
In re                                         :        Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :        09-50026 (REG)
        f/k/a General Motors Corp., et al.    :
                                              :
                         Debtors.             :        (Jointly Administered)
                                              :
-----------------------------------------------------------x
```

**REPLY OF DEBTORS TO OBJECTION OF AD HOC COMMITTEE OF**
**ASBESTOS PERSONAL INJURY CLAIMANTS TO MOTION OF DEBTORS**
**FOR ORDER PURSUANT TO SECTION 502(B)(9) OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 3003(C)(3), ESTABLISHING THE DEADLINE FOR**
**FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(B)(9)**
**OF THE BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), in reply to the objection

(the "**Objection**") of the Ad Hoc Committee of Asbestos Personal Injury Claimants (the "**Ad**

**Hoc Committee**") to the Debtors' Motion for an Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of

Claim (Including Claims Under Section 503(b)(9) of the Bankruptcy Code) and Procedures

Relating Thereto and Approving the Form and Manner or Notice Thereof (the "**Bar Date**

**Motion**"),[1] respectfully represent:

### Preliminary Statement

1.     The establishment of a claims bar date to enable a debtor to identify its

creditors and the universe of claims entitled to share in the assets of a debtor's estate through a

chapter 11 plan is a fundamental tenet of bankruptcy law.  It is especially critical in the Debtors'

cases, where a plan essentially will be a liquidating plan and the ability of the Debtors to make

distributions will be dependent on determining the size of the claim pool.  Yet, the Ad Hoc

Committee, a committee of seven claimants asserting claims against the Debtors based on

injuries relating to asbestos exposure (and an unspecified number of additional asbestos

claimants serving as *ex officio members*), is asking this Court to treat their claims differently

from all other claimants with respect to the requirement to file proofs of claims against the

Debtors.  Despite the Ad Hoc Committee's assertions, these are not asbestos-driven cases, and

there is absolutely no reason to treat asbestos claims differently from all other personal injury

claims or any other type of claim in these cases.

2.     In an attempt to obfuscate the fact that the members of the Ad Hoc

Committee are *no* different from the plaintiffs in hundreds of other cases that have filed personal

injury lawsuits, the Objection is full of conclusory allegations regarding the treatment of asbestos

claims that have no basis in law or in fact.  Indeed, the fundamental premise of the Objection, set

forth in its preliminary statement, is entirely misplaced.  It is simply not true that asbestos claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in a chapter 11 case must either be handled through a trust under section 524(g) of the

Bankruptcy Code or be left unimpaired.   *See* Objection, pg. 2.  Moreover, even if section 524(g)

is or becomes relevant in these cases, nothing in section 524(g) is inconsistent with establishing a

bar date for existing asbestos-related claims.

        3.      The Ad Hoc Committee's arguments that the Bar Date notice and

procedures are inadequate are similarly without merit.  The Debtors' proposed procedures ensure

due process for all parties, including the members of the Ad Hoc Committee and other holders of

asbestos claims, and the Ad Hoc Committee has provided no basis to conclude that holders of

existing asbestos claims should not be subject to such procedures.

**A Claims Bar Date is Necessary and Should
<u>Apply to Asbestos Personal Injury Claimants</u>**

        4.      As set forth in the Bar Date Motion, the Debtors are seeking a General Bar

Date of November 9, 2009 so that they can begin the process of assessing the claims against

them, a necessary prerequisite to formulating a chapter 11 plan and providing a distribution to

their stakeholders.  No cognizable reason exists why holders of present asbestos claims are

entitled to unique treatment, particularly here, where it is clear that these cases are not asbestos-

related cases.

        5.      In furtherance of its mission to seek special treatment for asbestos

claimants, the Ad Hoc Committee posits that creditors are not required to file proofs of claim

under the Bankruptcy Code.  *See* Objection, pg. 4.  In support of that proposition, the Ad Hoc

committee cites a case concerning treatment of a particular construction lien in a particular

chapter 11 plan.  *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985).  Not only does that case have

no applicability to the Debtors' cases, but the Ad Hoc Committee fails to point out that the court

in that case noted that "the filing of a proof of claim may be a prerequisite to the allowance of certain claims." *Id.*

6.       The Ad Hoc Committee further argues that the Court has complete discretion in fixing a bar date in chapter 11 cases, and that the General Bar Date should not apply to asbestos claimants in these cases. *See* Objection, pg. 5.  Importantly, all of the cases cited in the Objection as examples of a bar date not applying to "asbestos bankruptcies," *In re Eagle-Picher Indus., Inc.*, 137 B.R. 943 (Bankr. S.D. Ohio 1994) and *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman (In re G-I Holding, Inc.)*, 277 B.R. 20 (S.D.N.Y. 2002), are easily distinguishable from the Debtors' cases because the sole purpose of those chapter 11 cases was to deal with asbestos liability.[2]  Unlike the cases on which the Objection relies, these are *not* asbestos-driven cases – the Debtors estimate that potential asbestos claims exposure constitutes only approximately 0.5% of the Debtors' total liabilities.  Moreover, even if these were asbestos-driven chapter 11 cases, there is no reason why current claimants should not be subject to a bar date.

7.       In fact, the Ad Hoc Committee has failed to set forth a single legitimate reason as to why asbestos personal injury claimants should be exempted from the requirement to file proofs of claim that is applicable to all other creditors in these cases.  The fact that it may be inconvenient or an imposition on the asbestos-plaintiff lawyers simply does not pass muster.

8.       The fact that the Debtors created a reserve for potential asbestos liability prepetition in connection with their financial statements, is irrelevant.  *See* Objection, pgs. 6-7. Financial statement reserves are not a substitute for a claims bar date.  If that were the case, then

---

[2] The other case cited in the Objection for this proposition, *In re Quigley Co., Inc.,* Case No. 04-15739 (Bankr. S.D.N.Y.), is also an asbestos case.  The order is attached as <u>Exhibit A</u>.

a bar date would not be necessary for a host of contingent liabilities –which clearly is not the case.

9.      The Ad Hoc Committee's argument that Bankruptcy Courts have been divested of the right to liquidate personal injury claims and, therefore, the imposition of a bar date for asbestos personal injury claimants should not be permitted, also is of no moment.  *See* Objection, pg. 7.  The universe of existing claims is needed to advance the plan process and it is clear that the Bankruptcy Court has jurisdiction with respect to estimation of a debtor's liability for asbestos claims for the purpose of determining the allocation of funds under a plan.  See, e.g., *In re Eagle-Picher Indus.*, 1996 U.S. Dist. LEXIS 22742 (S.D. Ohio Sept. 25, 1996) ("The bankruptcy court clearly has the authority to estimate personal injury and wrongful death claims for purposes of confirming a plan of reorganization, determining the feasibility of a plan, or voting on a plan."); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. Va. 1986) ("…estimations of the debtors' potential personal injury tort liabilities as an incident of the debtors' potential personal injury tort liabilities as an incident of the development of a plan of reorganization are core proceedings within the bankruptcy courts jurisdiction…"); *In re Johns-Manville Corp.*, 45 B.R. 823, 824 (S.D.N.Y. 1984) ("Jurisdiction remains with the bankruptcy court, however, to make findings and conclusions for de novo review by the district court for the purposes of distribution when liquidation is not by trial and to estimate the claims for purposes of allowance.").

### The Proposed Bar Date and Notice Procedures
### Are Reasonably Calculated to Provide Due and Proper Notice

10.      The Debtors' proposed Bar Date and notice procedures ensure due process for all parties.

11.     Under the Proposed Order, the Debtors will be providing at least forty-six days' notice to all known creditors, more than is required under the Bankruptcy Rules or the Procedural Guidelines.  Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty days' notice of the deadline to file proofs of claim and Bankruptcy Rule 2002(p)(2) requires thirty days' notice to creditors with a foreign address.  The Procedural Guidelines require at least thirty-five days' notice for all creditors.  Further, courts in other large chapter 11 cases have approved notice periods significantly shorter than forty-six days.  *See, e.g., In re Lyondell Chemical Co., et al..,* Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009) [Docket No. 1741] (providing for thirty-five days' notice); *In re Bearing Point, Inc., et al.*, Case No. 09-10691 (providing for thirty days' notice) [Docket No. 191]; *In re Stone Barn Manhattan LLC (f/k/a Steve & Barry's LLC), et al.,* Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. Jul. 9, 2008) [Docket No. 1073] (providing for forty-two days' notice.). [3]

12.     A conclusory statement that asbestos personal injury claimants "need time to evaluate any claims they may have against the Debtors," *see* Objection, pg. 10, does not establish that forty-six days is insufficient time to evaluate such claims and the Objection does not provide a single concrete reason why a longer period is necessary or required.  These are not asbestos or mass tort cases, nor is there anything complicated about the claims filing process, particularly where it is likely that most existing claimants are represented by counsel.

13.     The Ad Hoc Committee also argues that notice of the General Bar Date should be published in "asbestos-related publications, reasonably calculated to reach asbestos-

---

[3] The *Lyondell motion*  was filed on a notice of presentment and there were no objections filed. The *Bearing Point* motion was filed on a notice presentment and received one limited objection filed by the committee of unsecured creditors, which related to the treatment of inter-debtor claims.  It appears that the objection was resolved out of court and did not affect the order. The *Stone Barn* motion was filed on the consent of the Notice Parties (as defined therein) and no objections were filed.  Copies of the orders are attached hereto as Exhibit B.

personal injury counsel." *See* Objection, pg. 9.  These chapter 11 cases are widely-publicized and to suggest that the asbestos-plaintiff lawyers who are among the most well organized in the country will not receive adequate notice of the General Bar Date through the notice and publication provided for in the Proposed Order is ludicrous.

**<u>Conclusion</u>**

14.      The Ad Hoc Committee has failed to set forth any reason why holders of asbestos personal injury claims should be treated differently from holders of other claims or why they should be excluded from something as fundamental as a bar date.  The Objection should be overruled and the relief sought in the Bar Date Motion should be granted.

Dated:  New York, New York
          September 11, 2009

                              /s/ Stephen Karotkin
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re                                                             :        Chapter 11
                                                                  :
QUIGLEY COMPANY, INC.,                                            :        Case No. 04-15739 (PCB)
                                                                  :
                                                                  :
                              Debtor.                             :
                                                                  :
------------------------------------------------------------------x

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Quigley Company, Inc. ("Quigley"), as debtor in possession, having moved (the

"Motion," as modified by an amendment, dated July 22, 2005)[1] on June 22, 2005, for an order

under 11 U.S.C. §§ 105(a) and 502 and Fed. R. Bankr. P. 2002(a)(7), 3003(c), 9007 and 9008:

(i) fixing a General Claims Bar Date for the filing of proofs of claim for Prepetition Claims other

than Excluded Claims, (ii) approving the form of proof of claim form for Prepetition Claims

other than Excluded Claims, and (iii) approving the form and manner of notice of the General

Claims Bar Date; and the Court having determined that the relief requested in the Motion is in

the best interests of Quigley, its estate, its creditors and other parties in interest; and it appearing

that notice of the Motion was good and sufficient under the particular circumstances and that no

other or further notice need be given; and upon the record herein; and after due deliberation

thereon; and good cause appearing therefor, it is hereby

### ORDERED THAT:

1.      Except as otherwise provided herein, all persons and entities (including,

without limitation, individuals, partnerships, corporations, joint ventures, trusts and

---

[1]      Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Motion.

9928469.1

governmental units) that assert a claim, other than an Excluded Claim, against Quigley that arose

on or before Petition Date shall file a proof of such claim in writing so that it is received on or

before September 15, 2005 at 5:00 p.m. Eastern Time (the "General Claims Bar Date").

    2.      The following procedures for filing the proofs of claim shall apply:

        **(i)Proofs of claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms.**

        **(ii)Proofs of claim must be filed by mailing or by delivering the original proof of claim by hand or overnight courier to the following address:**

| If sent by U.S. Mail: | If sent by Hand or Overnight Courier: |
|---|---|
| Quigley Company, Inc. | Quigley Company, Inc. |
| c/o The Trumbull Group, L.L.C. | c/o The Trumbull Group, L.L.C. |
| P.O. Box 721 | 4 Griffin Rd. North |
| Windsor, CT 06095 | Windsor, CT 06095 |
| (860) 687-7579 | (860) 687-7579 |

        **(iii)Proofs of claim will be deemed filed only when _received_ by The Trumbull Group, L.L.C., Quigley's claims and noticing agent.**

        **(iv)Proofs of claim must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.**

    3.      Holders of the following claims (the "Excluded Claims") need not and

should not file a proof of claim on or prior to the General Claims Bar Date:

        **(i)Any claim in a form substantially similar to Official Bankruptcy Form No. 10 that has already been filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York or The Trumbull Group;**

        **(ii)Any claim listed on the Schedules, provided that (i) (x) the claim is _not_ scheduled as "disputed," "contingent," or "unliquidated;" _and_ (y) is the same nature and amount as set forth in the Schedules or (ii) the claim is _not_ an asbestos-related personal injury claim.**

        **(iii)Any claim that previously has been allowed by order of this Court;**

        **(iv)Any claim that has been paid in full by Quigley;**

(v) **Any claim for which specific deadlines previously have been fixed by this Court;**

(vi) **Any claim allowable under §§ 503(b) and 507(a) of the Bankruptcy Code as an expense of administration of Quigley's chapter 11 estate; or**

(vii) **Any Asbestos-Related PI Claim (other than a claim for contribution, indemnity, reimbursement or subrogation).**

4.      Any holder of a Prepetition Claim against Quigley who is required, but fails, to file a proof of claim for such Prepetition Claim on or before the General Claims Bar Date in accordance with the provisions of this order:  (i) shall be forever barred, estopped, and enjoined from asserting such Prepetition Claim against Quigley or its property (or filing a proof of claim with respect thereto), and Quigley and its property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim; (ii) shall not be permitted to vote on any plan of reorganization or participate in any distribution in this chapter 11 case on account of such Prepetition Claim, and (iii) shall not be entitled to receive further notices regarding such Prepetition Claim.

5.      Any person or entity that holds a Prepetition Claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of this order, must file a proof of claim based on such rejection on or before the General Claims Bar Date.  Any person or entity that holds a Prepetition Claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of this order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

6.      If Quigley amends or supplements the Schedules after the date of entry of this order, Quigley shall give notice of such amendment or supplement to the holders of

9928469.1

3

Prepetition Claims affected thereby, and such holders, to the extent they are required to file a

proof of claim by the General Claims Bar Date, shall be afforded 30 days from the date of such

notice to file proofs of claim with respect to their Prepetition Claims or be forever barred from

doing so, and shall be given notice of such deadline.

7.      Nothing in this order shall prejudice the rights of Quigley or any other

party in interest to dispute or assert offsets or defenses to any Prepetition Claim reflected in the

Schedules.

8.      Pursuant to Bankruptcy Rule 3003(c)(2), all holders of Prepetition Claims

that fail to comply with this order by timely filing a proof of claim in appropriate form shall not

be treated as creditors with respect to such claims for purposes of voting on and distributions

under any plan of reorganization in this case.

9.      The form of proof of claim attached to the Motion as <u>Exhibit C</u> is

approved.

10.      The form of Notice of the General Claims Bar Date attached to the Motion

as <u>Exhibit A</u> is approved and shall be deemed adequate and sufficient if served by first class mail

at least 35 days prior to the General Claims Bar Date on:  (i) the United States Trustee; (ii)

counsel for the Committee; (iii) all persons or entities having filed notice or notices of

appearance in this case; (iv) all creditors or other known holders of Prepetition Claims as of the

date of the General Claims Bar Date Order, including all persons or entities listed in the

Schedules as holding Prepetition Claims **<u>other than holders of Asbestos-Related PI Claims</u>**;

(v) all parties to Quigley's executory contracts and unexpired leases; (vi) all parties to litigation

with Quigley, **<u>other than holders of Asbestos-Related PI Claims</u>**; (vii) the Internal Revenue

Service for the Northeast Region; (viii) counsel for Pfizer; and (ix) counsel for the

Representative.

11.     Pursuant to Bankruptcy Rule 2002(f), Quigley shall publish notice of the

Bar Date in substantially the form attached to the Motion as Exhibit B, once in each of USA

Today, The Wall Street Journal, National Edition, and Mealey's Litigation Report: Silica, at least

25 days prior to the General Claims Bar Date.  Such publication notice is hereby approved and

shall be deemed good, adequate and sufficient publication notice of the General Claims Bar

Date.

12.     Any person or entity who desires to rely on the Schedules will have the

responsibility of determining that  his, her, or its claim is accurately listed in the Schedules.

13.     Quigley and The Trumbull Group, L.L.C. are authorized and empowered

to take such steps and perform such acts as may be necessary to implement and effectuate the

terms of this order.

14.     Entry of this order is without prejudice to Quigley's right to seek a further

order of this Court fixing a date by which holders of claims or interests not subject to the General

Claims Bar Date must file such proofs of claim or interest or be barred from doing so.

Dated:  New York, New York
        July 26, 2005


                        /s/ Prudence Carter Beatty
                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                        :

In re:                               :

                                 :        **Chapter 11**

                                 :

**LYONDELL CHEMICAL COMPANY, et al.,** :        **Case No. 09-10023 (REG)**

                                 :

                                 :        **Jointly Administered**

                   **Debtors.**      :

                                 :
-------------------------------------------------------------x

### AMENDED ORDER ESTABLISHING DEADLINE AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated April 3, 2009 (the "Bar Date Motion"), of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") pursuant to sections 105(a), 501, 502 and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and General Order M-350 of the United States Bankruptcy Court for the Southern District of New York (the "Court"), dated March 27, 2008, for entry of an order establishing the deadline and procedures for filing proofs of claim in the Debtors' chapter 11 cases and approving the form and manner of notice thereof, all as more fully described in the Bar Date Motion; and upon the order of the Court dated April 16, 2009 (the "Bar Date Order"), granting the Bar Date Motion; and upon the order of the Court dated May 1, 2009, pursuant to section 105(a) of the Bankruptcy Code, among other things, making the Bar Date Motion and Bar Date Order applicable to the cases of the Debtors listed on Addendum 2 hereto, which were commenced on April 24, 2009; and the cases of the Debtors listed on Addendum 3 hereto having been commenced on May 8, 2009; and upon the statements made at the hearing

held before the Court on April 30, 2009 (the "April 30 Hearing") requesting that the Bar Date

Motion and Bar Date Order be made applicable to the cases of the Debtors listed on Addendums

2 and 3; and the Court having jurisdiction to consider the Bar Date Motion and the relief

requested therein, as amended by the statements made at the April 30 Hearing, pursuant to 28

U.S.C. § 1334; and consideration of the Bar Date Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Bar Date Motion

having been provided; and it appearing that no further notice need be provided; and the Debtors,

the Official Committee of Unsecured Creditors and the Office of the United States Trustee for

the Southern District of New York having agreed that a fifteen (15) day extension of the deadline

to file proofs of claim in the Debtors' chapter 11 cases is appropriate; and the relief requested

being in the best interest of the Debtors and their estates and creditors; and the Court having

reviewed the Bar Date Motion and having heard the statements in support of the relief requested

at the hearings before the Court related thereto; and the Court having determined that the legal

and factual bases set forth in the Bar Date Motion and at the hearings related thereto establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise

provided herein, each person or entity (including, without limitation, each individual,

partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim

(as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose (a) on or

prior to January 6, 2009 with respect to all Debtors listed on Addendum 1 hereto, (b) on or prior

to April 24, 2009 with respect to all Debtors listed on Addendum 2, or (c) on or prior to May 8,

2009 with respect to the Debtors listed on Addendum 3 (each, a "Petition Date"), shall file an

original, written proof of such claim which substantially conforms to <u>Exhibit A</u> attached to the

Bar Date Motion (the "<u>Proof of Claim Form</u>"), which form is hereby approved, or Official Form

No. 10, so as to be received on or before **June 30, 2009 at 5:00 p.m. (prevailing Eastern Time)**

(the "<u>Bar Date</u>"); and it is further

ORDERED that the following procedures for the filing of proofs of claim shall

apply:

a.    proofs of claim must conform substantially with the Proof of Claim Form or Official Bankruptcy Form No. 10;

b.    proofs of claim must be delivered either (i) by mailing such original proof of claim to:  Lyondell Chemical Company, <u>et al.</u> Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5013, New York, New York 10150-5013, or (ii) by messenger or overnight courier to:  Lyondell Chemical Company, <u>et al.</u> Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017 (together, the "<u>Lyondell Chemical Company, et al. Claims Processing Center</u>");

c.    proofs of claim will be deemed timely filed only if **<u>actually</u> <u>received</u>** by the Lyondell Chemical Company, <u>et al.</u> Claims Processing Center on or before the Bar Date;

d.    proofs of claim must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States (<u>provided</u>, <u>however</u>, that the Debtors reserve the right to convert a claim denominated in non-U.S. currency into U.S. currency using the applicable exchange rate as of the applicable Petition Date, unless the Debtors deem another date more appropriate);

e.    Lyondell Chemical Company, <u>et al.</u> Claims Processing Center shall **<u>not</u>** accept proofs of claim sent by facsimile, telecopy or electronic mail; and

f.    proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim must be filed with respect to each Debtor; and it is further

ORDERED that the following persons or entities are **<u>not</u>** required to file a proof

of claim on or before the Bar Date:

a.    any person or entity that has **already** properly filed, with the Lyondell Chemical Company, et al. Claims Processing Center, a proof of claim against all Debtors against which such person or entity has a claim utilizing a proof of claim form which substantially conforms to the Proof of Claim Form or Official Form No. 10;

b.    any person or entity (i) whose claim is listed on the Schedules (as defined in the Motion, as amended or supplemented); (ii) whose claim is **not** described as "disputed," "contingent," or "unliquidated;" **and** (iii) who does not dispute the amount, nature or priority of the claim for such person or entity as set forth in the Schedules;

c.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

d.    any person or entity whose claim has already been paid in full by the Debtors;

e.    any holder of a claim for which a specific deadline to file a proof of claim has previously been fixed by this Court;

f.    any Debtor holding a claim against another Debtor or any of the non-debtor affiliates of the Debtors holding a claim against any of the Debtors;

g.    any person or entity that holds a claim allowable under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

h.    any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

i.    any current employee of the Debtors, or any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the first day wage order approved by the Court on January 26, 2009 (see Docket No. 420), provided, however, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later of either (i) the Bar Date; or (ii) thirty (30) calendar days from the date of service of such written notice, to file a proof of such claim; and

j.    professionals whose retentions in these chapter 11 cases have been approved by the Court, to the extent that such person's claim against the Debtors is for postpetition amounts due; and it is further

ORDERED that pursuant to Bankruptcy Rule 3005, the last date and time by which guarantors, sureties, indorsers, and other co-debtors may file claims under section 501(b) of the Bankruptcy Code is July 30, 2009 at 5:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that the last date for any person or entity asserting a claim arising from the recovery by the Debtors of a voidable transfer to file a proof of such claim against the Debtors is the later of either (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that notwithstanding any other provision hereof, the last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file proofs of claim under section 502(b)(9) of the Bankruptcy Code against the Debtors is (a) July 6, 2009 at 5:00 p.m. (prevailing Eastern Time) with respect to all Debtors listed on Addendum 1, (b) October 21, 2009 at 5:00 p.m. (prevailing Eastern Time) with respect to all Debtors listed on Addendum 2, or (c) November 4, 2009 at 5:00 p.m. (prevailing Eastern Time) with respect to all Debtors listed on Addendum 3; and it is further

ORDERED that any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture (together, the "Debt Instruments") shall not be required to file a proof of such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt Representative") files a proof of claim against each Debtor, on or before the Bar Date, on account of all Debt Claims of such person or entity against such Debtor under the applicable Debt Instruments, provided, however, that any holder of a Debt Claim wishing to assert a claim

arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a proof of such claim on or before the Bar Date, unless another exception identified herein applies; and it is further

ORDERED that holders of the Debtors' equity securities do not need not to file a proof of such interest; provided, however, that if any such equity security holder asserts any rights as a creditor of any of the Debtors' estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, a proof of such claim must be filed on or before the Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of such claim on or before the later of either (i) the Bar Date; (ii) the first business day that is at least thirty (30) calendar days after entry of the order authorizing the rejection of the respective executory contract or unexpired lease; or (iii) such date as this Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED that any person or entity that holds a claim that arises under section 503(b)(9) of the Bankruptcy Code must file a proof of such claim on or before the Bar Date to the extent that such claim has not been paid; and it is further

ORDERED that all timely reclamation demands delivered in accordance with the procedures (the "Reclamation Procedures") established by this Court in its "Order Pursuant to Sections 105, 362, 503 and 546 of the Bankruptcy Code and Bankruptcy Rule 9019 (i) Establishing Procedures for Resolution and Payment of Reclamation Claims; and (ii) Granting Related Relief" (see Docket No. 965) shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in the Debtors' chapter 11 cases, but only with respect to the claims asserted pursuant to the Reclamation Procedures; provided, however, that any person or

entity who failed to timely deliver a reclamation demand in accordance with the Reclamation Procedures shall not be entitled to file a proof of such reclamation claim and any person or entity who intends to assert a claim in excess of or in addition to the claim asserted in the reclamation demand shall be required to file a proof of claim by the Bar Date for such additional claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and 364 of the Bankruptcy Code (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code); and it is further

ORDERED that with regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more Proof of Claim Form(s) (as appropriate) substantially similar to the Proof of Claim Form, indicating on each Proof of Claim Form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by first-class mail at least thirty-five (35) days prior to the Bar Date upon:

   a.      the Office of the United States Trustee for the Southern District of New York;

b.      counsel to each official committee appointed in the Debtors' chapter 11 cases;

c.      all persons or entities that have requested notice of the proceedings in the Debtors' chapter 11 cases;

d.      all persons or entities that have filed a proof of claim;

e.      all creditors and other known holders of claims as of the date of entry of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

f.      all parties to executory contracts and unexpired leases of the Debtors;

g.      all parties to litigation with the Debtors;

h.      the District Director of Internal Revenue for the Southern District of New York and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

i.      all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated January 7, 2009 (see Docket No. 56)) as of the date of this Order; and

j.      such additional persons and entities as deemed appropriate by the Debtors; and it is further

ORDERED that if the Debtors amend or supplement the Schedules subsequent to the date hereof but before service of the Bar Date Notice, then service of the personalized Proof of Claim Form attached to the Bar Date Notice shall be good and sufficient notice under Bankruptcy Rule 1009(a), and no other notice of amendment of the Schedules shall be required; and it is further

ORDERED that if the Debtors amend or supplement the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the Debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a proof of claim in advance of the Bar Date with respect to such scheduled claim must file a proof of claim on the later of either

(i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; and it is further

ORDERED that if an amendment to the Schedules is made after the Bar Date that increases the scheduled amount of an undisputed, liquidated, non-contingent claim, the holder of such claim is not be entitled to file a proof of claim; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that any holder of a claim against the Debtors that is guaranteed by a non-debtor affiliate or a claim against a non-debtor affiliate that is guaranteed by the Debtors who fails to timely file a proof of claim in the Debtors' chapter 11 cases may be enjoined from seeking recovery from such affiliate and such claim may be discharged if the Debtors seek and successfully obtain such relief after the Bar Date; and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish the Bar Date Notice in a form substantially similar to the notice attached as Exhibit C to the Motion (the "Publication Notice"), which Publication Notice is hereby approved in all respects, in the publications listed on Exhibit D to the Motion on at least one occasion at least twenty (20) days prior to the Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in their chapter 11 cases; and it is further

ORDERED that the Debtors and their claims agent, Epiq Bankruptcy Solutions, LLC, are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Date established herein must file such proofs of claim or be barred from doing so; and it is further

ORDERED that nothing in this Order shall prejudice the right of any party in interest to object to any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claims reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or relating to the implementation of this Order.

Dated:    **_May 14, 2009_**
New York, New York

**_S/ Robert E. Gerber_**
UNITED STATES BANKRUPTCY JUDGE

**ADDENDUM 1**

| No. | Debtor | Case Number |
|---|---|---|
| 1. | Basell Finance USA Inc. | 09-10021 |
| 2. | Basell Germany Holdings GmbH | 09-10048 |
| 3. | Basell North America Inc. | 09-10034 |
| 4. | Basell USA Inc. | 09-10033 |
| 5. | Circle Steel Corporation | 09-10032 |
| 6. | Duke City Lumber Company, Inc. | 09-10035 |
| 7. | Equistar Chemicals, LP | 09-10036 |
| 8. | Equistar Transportation Company, LLC | 09-10049 |
| 9. | Glidco Leasing, Inc. | 09-10037 |
| 10. | Glidden Latin America Holdings Inc. | 09-10040 |
| 11. | HOISU Ltd. | 09-10022 |
| 12. | Houston Refining LP | 09-10038 |
| 13. | HPT 28 Inc. | 09-10042 |
| 14. | HPT 29 Inc. | 09-10043 |
| 15. | H.W. Loud Co. | 09-10039 |
| 16. | IMWA Equities II, Co., L.P. | 09-10047 |
| 17. | ISB Liquidating Company | 09-10044 |
| 18. | LBI Acquisition LLC | 09-10045 |
| 19. | LBIH LLC | 09-10025 |
| 20. | LeMean Property Holdings Corporation | 09-10027 |

| 21. | Lyondell Asia Pacific, Ltd. | 09-10050 |
|---|---|---|
| 22. | Lyondell Chemical Company | 09-10023 |
| 23. | Lyondell Chemical Delaware Company | 09-10051 |
| 24. | Lyondell Chemical Espana Co. | 09-10052 |
| 25. | Lyondell Chemical Europe, Inc. | 09-10053 |
| 26. | Lyondell Chemical International Co. | 09-10054 |
| 27. | Lyondell Chemical Nederland, Ltd. | 09-10055 |
| 28. | Lyondell Chemical Products Europe, LLC | 09-10056 |
| 29. | Lyondell Chemical Properties, L.P. | 09-10057 |
| 30. | Lyondell Chemical Technology Management, Inc. | 09-10058 |
| 31. | Lyondell Chemical Technology 1 Inc. | 09-10101 |
| 32. | Lyondell Chemical Technology, L.P. | 09-10059 |
| 33. | Lyondell Chimie France LLC | 09-10060 |
| 34. | Lyondell-Equistar Holdings Partners | 09-10072 |
| 35. | Lyondell Europe Holdings Inc. | 09-10026 |
| 36. | Lyondell Greater China, Ltd. | 09-10061 |
| 37. | Lyondell Houston Refinery Inc. | 09-10028 |
| 38. | Lyondell LP3 GP, LLC | 09-10062 |
| 39. | Lyondell LP3 Partners, LP | 09-10063 |
| 40. | Lyondell LP4 Inc. | 09-10029 |
| 41. | Lyondell (Pelican) Petrochemical L.P. 1, Inc. | 09-10067 |
| 42. | Lyondell Petrochemical L.P. Inc. | 09-10030 |
| 43. | Lyondell Refining Company LLC | 09-10064 |

| 44. | Lyondell Refining I LLC | 09-10094 |
| 45. | LyondellBasell Advanced Polyolefins USA Inc. | 09-10065 |
| 46. | LyondellBasell Finance Company | 09-10066 |
| 47. | MHC Inc. | 09-10073 |
| 48. | Millennium America Holdings Inc. | 09-10074 |
| 49. | Millennium America Inc. | 09-10031 |
| 50. | Millennium Chemicals Inc. | 09-10075 |
| 51. | Millennium Holdings, LLC | 09-10071 |
| 52. | Millennium Petrochemicals GP LLC | 09-10070 |
| 53. | Millennium Petrochemicals Inc. | 09-10069 |
| 54. | Millennium Petrochemicals LP LLC | 09-10100 |
| 55. | Millennium Petrochemicals Partners, LP | 09-10099 |
| 56. | Millennium Realty Inc. | 09-10077 |
| 57. | Millennium Specialty Chemicals Inc. | 09-10076 |
| 58. | Millennium US Op Co LLC | 09-10098 |
| 59. | Millennium Worldwide Holdings I Inc. | 09-10097 |
| 60. | MWH South America LLC | 09-10096 |
| 61. | National Distillers & Chemical Corporation | 09-10078 |
| 62. | NDCC International II Inc. | 09-10079 |
| 63. | Nell Acquisition (US) LLC | 09-10080 |
| 64. | Penn Export Company, Inc. | 09-10081 |
| 65. | Penn Navigation Company | 09-10082 |
| 66. | Penn Shipping Company, Inc. | 09-10085 |

| 67. | Penntrans Company | 09-10095 |
| 68. | PH Burbank Holdings, Inc. | 09-10103 |
| 69. | Power Liquidating Company, Inc. | 09-10084 |
| 70. | Quantum Acceptance Corporation | 09-10083 |
| 71. | SCM Plants, Inc. | 09-10102 |
| 72. | Suburban Propane GP, Inc. | 09-10086 |
| 73. | Tiona, Ltd. | 09-10087 |
| 74. | UAR Liquidating Inc. | 09-10088 |
| 75. | USI Chemicals International, Inc. | 09-10089 |
| 76. | USI Credit Corp. | 09-10090 |
| 77. | USI Puerto Rico Properties, Inc. | 09-10091 |
| 78. | Walter Kidde & Company, Inc. | 09-10092 |
| 79. | Wyatt Industries, Inc. | 09-10093 |

## ADDENDUM 2

| No. | Debtor | Case Number |
|-----|--------|-------------|
| **1.** | LyondellBasell AFGP S.á.r.l. | 09-12519 |
| **2.** | LyondellBasell Industries AF S.C.A. | 09-12518 |

**ADDENDUM 3**

| No. | Debtor | Case Number |
|-----|--------|-------------|
| 1. | Basell Capital Corporation | 09-12940 |
| 2. | Basell Impact Holding Company | 09-12942 |
| 3. | Equistar Bayport, LLC | 09-12943 |
| 4. | Equistar Funding Corporation | 09-12956 |
| 5. | Equistar Polypropylene, LLC | 09-12944 |
| 6. | LPC Partners Inc. | 09-12953 |
| 7. | Lyondell Bayport, LLC | 09-12949 |
| 8. | Lyondell Chemical Holding Company | 09-12950 |
| 9. | Lyondell Chemical Wilmington, Inc. | 09-12952 |
| 10. | Lyondell General Methanol Company | 09-12945 |
| 11. | Lyondell Intermediate Holding Company | 09-12947 |
| 12. | Quantum Pipeline Company | 09-12951 |
| 13. | SCM Chemicals Inc. | 09-12955 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------x
                                           :

<u>In re</u>                             :
                                           :

BE NEW YORK HOLDINGS, INC.,          :
BEARINGPOINT, INC.,                :
BEARINGPOINT, LLC,               :
BEARINGPOINT AMERICAS, INC.,       :
BEARINGPOINT BG, LLC,            :
BEARINGPOINT ENTERPRISES HOLDINGS, LLC,  :
BEARINGPOINT GLOBAL, INC.,          :
BEARINGPOINT GLOBAL OPERATIONS, INC.,   :
BEARINGPOINT INTERNATIONAL I, INC.,    :
BEARINGPOINT ISRAEL, LLC,          :
BEARINGPOINT PUERTO RICO, LLC,     :
BEARINGPOINT RUSSIA, LLC,          :
BEARINGPOINT SOUTH PACIFIC, LLC,    :
BEARINGPOINT SOUTHEAST ASIA LLC,    :
BEARINGPOINT TECHNOLOGY PROCUREMENT  :
    SERVICES, LLC,                   :
BEARINGPOINT USA, INC.,            :
I2 MID ATLANTIC LLC,             :
I2 NORTHWEST LLC,               :
OAD ACQUISITION CORP.,           :
OAD GROUP, INC.,                :
METRIUS, INC.,                 :   **Chapter 11**
PELOTON HOLDINGS, L.L.C.,          :
SOFTLINE ACQUISITION CORP.,       :   **Case Nos. 09 - 10690 (REG)**
SOFTLINE CONSULTING AND INTEGRATORS, INC.  :   **Through 09 - 10713 (REG)**
                                         :
      Debtors.                    :   **(Jointly Administered)**
                                         :
--------------------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM <u>AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

Upon the motion, dated February 27, 2009 (the "***Motion***"), of BearingPoint, Inc.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "***Debtors***," and together with their non-debtor affiliates,

"***BearingPoint***"), for an order pursuant to section 502(b)(9) of the Bankruptcy Code and

Bankruptcy Rule 3003(c)(3) (a) establishing (i) **April 17, 2009** at **5:00 p.m. (Eastern Time)** (the

"*General Bar Date*") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim against any Debtor to assert any Claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to **February 18, 2009** (the "*Commencement Date*") and (ii) **August 17, 2009** at **5:00 p.m. (Eastern Time)** (the "*Governmental Bar Date*" together with the General Bar Date, the "*Bar Dates*") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim that arose prior to the Commencement Date, (b) approving the procedures to provide notice of the Bar Dates (the "*Notice Procedures*"), all as more fully described in the Motion; and all of the proceedings before the Court, the Court finds and determines the following:

(a)     Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b)     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c)     The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d)     The Debtors have provided due and proper notice of the Motion and Hearing to (i) the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") (Attn: Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn: Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the

administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray LLP, 1211

Avenue of the Americas, New York, New York 10036-8704 (Attn: Mark R. Somerstein, Esq.

and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint

Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "**Series**

**A Debentures**") and the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures

Due December 15, 2024 (the "**Series B Debentures**"), (iv) Bracewell & Giuliani LLP, 1177

Avenue of the Americas, 19th Floor, New York, New York, 10036-2714 (Attn: Mark B.

Joachim, Esq. and Robert T. Carey, Esq.), as counsel for the informal committee of holders of

the BearingPoint, Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "**Series**

**C Debentures**"), (v) The Bank of New York, 101 Barclay Street, 8W, New York, New York

10286 (Attn: Corporate Trust Division – Corporate Finance Unit), as trustee under the

indentures governing the Series A Debentures, the Series B Debentures, and the Series C

Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San

Francisco, California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers

(the "**Purchasers**") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated

Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park Avenue, New York, New

York 10022 (Attn: Neil W. Townsend, Esq.), as counsel for the Purchasers, and (viii) the

holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis) and

no further notice is necessary.

       (e)     Notice of the Bar Date and Governmental Bar Date as provided herein is

due and proper and no further notice is necessary.

       (f)     The legal and factual bases set forth in the Motion establish just and

sufficient cause to grant the relief requested therein.

(g)     The relief granted herein is in the best interests of the Debtors, their

estates, creditors, and all parties in interest.

Therefore, it is hereby ORDERED that:

1.     The Motion is granted to the extent set forth herein.

2.     The following procedures for filing Proofs of Claim is APPROVED:

(a)     Unless otherwise provided herein, the deadline to file a Proof of Claim for
each person or entity (including, without limitation, each individual,
partnership, joint venture, corporation, estate, or trust) other than a
Governmental Unit (as defined by section 101(27) of the Bankruptcy
Code) to assert a claim (as defined by section 101(5) of the Bankruptcy
Code, and including claims under section 503(b)(9) of the Bankruptcy
Code) against any Debtor that arose prior to the Commencement Date is
**April 17, 2009** at **5:00 p.m. (Eastern Time)**.

(b)     Unless otherwise provided herein, the deadline to file a Proof of Claim for
any Governmental Unit to assert a claim (as defined by section 101(5) of
the Bankruptcy Code) against any Debtor that arose prior to the
Commencement Date is **August 17, 2009** at **5:00 p.m. (Eastern Time)**.

(c)     Proofs of Claims must:  (i) be written in the English language; (ii) be
denominated in lawful currency of the United States as of the
Commencement Date; (iii) conform substantially with the Proof of Claim
Form or the Official Bankruptcy Form No. 10 ("***Official Form 10***")[1];
(iv) specify the Debtor against which the Proof of Claim is filed; (v) set
forth with specificity the legal and factual basis for the alleged claim; (vi)
include supporting documentation or an explanation as to why
documentation is not available; and (vii) be signed by the claimant or, if
the claimant is not an individual, by an authorized agent of the claimant.

(d)     If a claimant asserts a claim against more than one Debtor, the claimant
must file a separate Proof of Claim against each Debtor.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim
are **actually received** by the Debtors' claim agent, the Garden City Group,
Inc. ("***GCG***"), or by the Court, on or before the applicable Bar Date at –

           If by hand delivery or overnight courier:
                     The Garden City Group, Inc.
                     Attn: BearingPoint, Inc.

---

[1]  Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United
States Bankruptcy Courts.

105 Maxess Road
Melville, New York 11747

If by first-class mail:
The Garden City Group, Inc.
Attn: BearingPoint, Inc.
P.O. Box 9000 #6525
Merrick, New York 11566-9000

If by hand delivery:
United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** following the entry of the order approving such rejection or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph **Error! Reference source not found.** below applies

(i)     In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty (30) days** after the Debtors provide notice of the amendment.

(j)     The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1.  any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or nature of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

2.  any person or entity whose claim has been paid in full by the Debtors;

3.  any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; **provided**, **however**, Claims asserted on account of section 503(b)(9) of the Bankruptcy Code, are subject to the General Bar Date;

5.  any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6.  any holder of a claim for which a separate deadline is fixed by this Court;

7.  any Debtor in these cases having a claim against another Debtor; and

8.  any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or the Claims Agent, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form.

(k)  Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

3.  Any holder of a claim against the Debtors that is required but fails to file a

proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date

shall be barred from asserting such claim against the Debtors and their estates, and such holder

shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11

cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such

claim.

4.      The form Proof of Claim, attached hereto as Exhibit 1 (the "***Proof of***

***Claim Form***") and the proposed notice of the Bar Dates, attached hereto as Exhibit 2 (the "***Bar***

***Date Notice***") are hereby APPROVED.

5.      The following Notice Procedures are hereby APPROVED:

(a)     With **five (5) business days** of entry of an order granting the relief
        requested herein, the Debtors shall mail (i) a Proof of Claim Form,
        substantially in the form attached hereto as Exhibit 1 and (ii) a Bar Date
        Notice, substantially in the form attached hereto as Exhibit 2, to the
        following parties:

        1.      the U.S. Trustee;

        2.      attorneys for the Creditors' Committee;

        3.      all known holders of claims listed on the Schedules at the
                addresses stated therein;

        4.      all parties known to the Debtors as having potential claims against
                the Debtors' estates;

        5.      all counterparties to the Debtors' executory contracts and
                unexpired leases listed on the Schedules at the addresses stated
                therein;

        6.      all parties to litigation with the Debtors;

        7.      in accordance with Bankruptcy Rule 2002(j), the Internal Revenue
                Service, the United States Attorney's Office for the Southern
                District of New York, and all applicable government entities; and

        8.      all parties who have requested notice pursuant to Bankruptcy Rule
                2002 (1-8, collectively, the "***Notice Parties***").

(b)     At least **twenty-five (25) days** prior the General Bar Date, the Debtors
        shall publish the Bar Date Notice, with any necessary modifications for

ease of publication, once in <u>The Wall Street Journal</u> (National Edition), and <u>The Washington Post</u>.

(c)    The Debtors shall also post the Proof of Claim Form and Bar Date Notice on GCG's website at [www.bearingpointinfo.com](www.bearingpointinfo.com).

6.    The Debtors and the Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

7.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **<u>not</u>** subject to the Bar Dates established herein must file such claims against the Debtors or be barred from doing so

8.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
   <u>***March 11, 2009***</u>

          <u>***S/ Robert E. Gerber***</u>
          UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Notice of Bar Dates**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

In re                                                        :
                                                            :
BE NEW YORK HOLDINGS, INC.,                                 :
BEARINGPOINT, INC.,                                         :
BEARINGPOINT, LLC,                                          :
BEARINGPOINT AMERICAS, INC.,                                :
BEARINGPOINT BG, LLC,                                       :
BEARINGPOINT ENTERPRISES HOLDINGS, LLC,                     :
BEARINGPOINT GLOBAL, INC.,                                  :
BEARINGPOINT GLOBAL OPERATIONS, INC.,                       :
BEARINGPOINT INTERNATIONAL I, INC.,                         :
BEARINGPOINT ISRAEL, LLC,                                   :
BEARINGPOINT PUERTO RICO, LLC,                              :
BEARINGPOINT RUSSIA, LLC,                                   :
BEARINGPOINT SOUTH PACIFIC, LLC,                            :
BEARINGPOINT SOUTHEAST ASIA LLC,                            :
BEARINGPOINT TECHNOLOGY PROCUREMENT               :
      SERVICES, LLC,                                        :
BEARINGPOINT USA, INC.,                                     :
I2 MID ATLANTIC LLC,                                        :
I2 NORTHWEST LLC,                                           :
OAD ACQUISITION CORP.,                                      :
OAD GROUP, INC.,                                            :    Chapter 11
METRIUS, INC.,                                              :
PELOTON HOLDINGS, L.L.C.,                                   :    Case Nos. 09 - 10690 (REG)
SOFTLINE ACQUISITION CORP.,                                 :    Through 09 - 10713 (REG)
SOFTLINE CONSULTING AND INTEGRATORS, INC.       :
                                                            :    (Jointly Administered Under
      Debtors.                                              :    Case No. 09 - 10691 (REG))
--------------------------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## (INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(B)(9))

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST A DEBTOR SET FORTH BELOW:

        PLEASE TAKE NOTICE THAT, on March __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "*Court*"), having jurisdiction over the chapter 11 cases of BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "*Debtors*," and together with their non-debtor affiliates, "*BearingPoint*"),[1] entered an order (the "*Bar Date Order*") establishing (i) **April 17, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (including claims under section 503(b)(9) of the Bankruptcy Code) ("*Proof of Claim*") based on prepetition claims against the Debtors (the "*General Bar Date*"); and (ii) **August 17, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors (the "*Governmental Bar Date*" and, together with the General Bar Date, the "*Bar Dates*")．  The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **February 18, 2009**, the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

---

[1] A list of the debtor entities, including case numbers, Tax ID numbers, and trade names is attached at the end.

**If you have any questions with respect to this Notice, please feel free to contact Alix Partners at 1-888-703-3663 or by e-mail at bearingpoint@alixpartners.com.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**1.    WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in the Debtors' estate if you have a claim that arose prior to **February 18, 2009**, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before **February 18, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **February 18, 2009.**  Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.    WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, priority, or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(4)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; **provided**, **however**, **Claims asserted on account of section 503(b)(9) of the Bankruptcy Code, are subject to the General Bar Date as provided above**. Section 503(b)(9) provides in part as follows: "..there shall be allowed administrative expenses … including … (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."   **Accordingly, if you have a Claim under Bankruptcy Code section 503(b)(9), you must file a proof of claim on or before the General Bar Date**;

(5)    You hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(6)    You hold a claim for which a separate deadline is fixed by this Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(7)    You are a Debtor in these cases having a claim against another Debtor; or

(8)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or the Agent, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, governmental unit or trust) must file a Proof of Claim, as described herein, before the applicable Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is thirty days following the entry of an order rejecting or be forever barred from doing so.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:          If by first-class mail, to:

The Garden City Group, Inc.                               The Garden City Group, Inc.
Attn: BearingPoint, Inc.                                      Attn: BearingPoint, Inc.
105 Maxess Road                                              P.O. Box 9000 #6525
Melville, New York 11747                                  Merrick, New York 11566

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by the Agent or the Court on or before the applicable Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.      WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially with the form attached to this Notice ("***Proof of Claim Form***"); (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor, separate Proofs of Claim must be filed against each such Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above.

Additional Proof of Claim forms may be obtained at www.uscourts.gov/bkforms/ or the Claims Agent's website at www.bearingpointinfo.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form for any claim such creditor holds or wishes to assert against the Debtors, will be barred from asserting such claim against the Debtors and their estates, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim.**

**7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a proof of claim.  Otherwise, or if you decide, to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.bearingpointinfo.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

The Garden City Group, Inc.
Attn: BearingPoint, Inc.
P.O. Box 9000 #6525
Merrick, New York 11566-9000.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

DATED:  March ___, 2009                                    BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| BE New York Holdings, Inc. | 09-10690 | 13-6160278 | Peatmarwick, Inc. |
| BearingPoint, Inc. | 09-10691 | 22-3680505 | KPMG Consulting, Inc. |
| BearingPoint, LLC | 09-10692 | 22-3680806 | KPMG Consulting, LLC |
| BearingPoint Americas, Inc. | 09-10693 | 22-3680464 | KPMG Consulting Americas, Inc. |
| BearingPoint BG, LLC | 09-10694 | N/A | Barents Group, L.L.C. |
| BearingPoint Enterprise Holdings, LLC | 09-10695 | 22-3509182 | KPMG Enterprise Holdings LLC |
| BearingPoint Global, Inc. | 09-10696 | 51-0521163 | BearingPoint Espana, Inc. |
| BearingPoint Global Operations, Inc. | 09-10697 | 54-2054530 | KPMG Consulting Global Operations, Inc. |
| BearingPoint International I, Inc. | 09-10698 | 03-0463038 | KPMG Consulting International I, Inc. |
| BearingPoint Israel, LLC | 09-10699 | N/A | KPMG Consulting Israel, LLC |
| BearingPoint Puerto Rico, LLC | 09-10700 | 32-0038941 | Barents Group Puerto Rico LLC; Barents Group Puerto Rico, Inc. |
| BearingPoint Russia, LLC | 09-10701 | 98-0159262 | Barents Group Russia, LLC |
| BearingPoint South Pacific, LLC | 09-10702 | N/A | KPMG South Pacific, LLC |
| BearingPoint Southeast Asia LLC | 09-10703 | 51-0372618 | Barents Group CIS, L.L.C.; K Consulting Southeast Asia, L.L.C. |
| BearingPoint Technology Procurement Services, LLC | 09-10704 | 58-2234947 | KPMG Enterprise Integration Services LLC |
| BearingPoint USA, Inc. | 09-10705 | 43-1965085 | KPMG Consulting USA, Inc. |
| i2 Mid Atlantic LLC | 09-10706 | 22-3658793 | N/A |
| i2 Northwest LLC | 09-10707 | 22-3658792 | N/A |
| Metrius, Inc. | 09-10708 | 77-0424082 | N/A |
| OAD Acquisition Corp. | 09-10709 | 22-3614324 | N/A |
| OAD Group, Inc. | 09-10710 | 77-0309329 | N/A |
| Peloton Holdings, L.L.C. | 09-10711 | 52-1946615 | N/A |
| Softline Acquisition Corp. | 09-10712 | 22-3680455 | N/A |
| Softline Consulting and Integrators, Inc. | 09-10713 | 77-0405750 | N/A |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                      :
In re                                 :        Chapter 11 Case No.
                                      :
STONE BARN MANHATTAN LLC              :
(f/k/a Steve & Barry's Manhattan LLC), et al.,  :        08-12579 (ALG)
                                      :
          Debtors.                    :        (Jointly Administered)
                                      :
------------------------------------------------------------x
```

## ORDER PURSUANT TO SECTIONS 502(b)(9) AND 503(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AND ADMINISTRATIVE EXPENSE CLAIM REQUESTS <u>AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

Upon the motion, dated November 7, 2008 (the "<u>Motion</u>")[1], of Stone Barn

Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC) and its affiliates, as debtors and debtors

in possession in the above referenced chapter 11 cases[2] (collectively, the "<u>Debtors</u>"), pursuant to

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] The Debtors in these cases are Stone Barn Manhattan LLC f/k/a Steve & Barry's Manhattan LLC (08-12579 (ALG)); 4004 Incorporated (08-12580 (ALG)); 4004 LLC (08-12581 (ALG)); Baller Brands LLC (08-12582 (ALG)); Favored Brands LLC (08-12583 (ALG)); Pro Air LLC (08-12584 (ALG)); Stone Barn Industries Inc. f/k/a S&B Industries Inc. (08-12585 (ALG)); Stone Barn Retail China LLC f/k/a S&B Retail China LLC (08-12586 (ALG)); Stone Barn Retail India LLC f/k/a S&B Retail India LLC (08-12587 (ALG)); Star Band LLC (08-12589 (ALG)); Steel Bolt Construction LLC (08–12590 (ALG)); Stellar Brands LLC (08–12591 (ALG)); Stone Barn Alabama LLC f/k/a Steve & Barry's Alabama LLC (08-12592 (ALG)); Stone Barn Arizona LLC f/k/a Steve & Barry's Arizona LLC (08-12593 (ALG)); Stone Barn Arkansas LLC f/k/a Steve & Barry's Arkansas LLC (08-12594 (ALG)); Stone Barn California LLC f/k/a Steve & Barry's California LLC (08-12595 (ALG)); Stone Barn Colorado LLC f/k/a Steve & Barry's Colorado LLC (08-12596 (ALG)); Stone Barn Connecticut LLC f/k/a Steve & Barry's Connecticut LLC (08-12599 (ALG)); Stone Barn CP LLC f/k/a Steve & Barry's CP LLC (08-12600 (ALG)); Stone Barn Florida LLC f/k/a Steve & Barry's Florida LLC (08-12601 (ALG)); Stone Barn Georgia LLC f/k/a Steve & Barry's Georgia LLC (08-12602 (ALG)); Stone Barn GLC LLC f/k/a Steve & Barry's GLC LLC (08-12603 (ALG)); Stone Barn Hawaii LLC f/k/a Steve & Barry's Hawaii LLC (08-12604 (ALG)); Stone Barn Idaho LLC f/k/a Steve & Barry's Idaho LLC (08-12605 (ALG)); Stone Barn Illinois LLC f/k/a Steve & Barry's Illinois LLC (08-12607 (ALG)); Stone Barn Indiana LLC f/k/a Steve & Barry's Indiana LLC (08-12609 (ALG)); Stone Barn International LLC f/k/a Steve & Barry's International LLC (08-12610 (ALG)); Stone Barn Iowa LLC f/k/a Steve & Barry's Iowa LLC (08-12611 (ALG)); Stone Barn Kansas LLC f/k/a Steve & Barry's Kansas LLC (08-12612 (ALG)); Stone Barn

sections 502(b)(9) and 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3)

establishing the deadline for filing proofs of claim and administrative expense claim requests and

approving the form and manner of notice thereof, all as more fully set forth in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to

the Notice Parties; and it appearing that no other or further notice need be provided; and the

Court having determined that the relief sought in the Motion is in the best interests of the

---

Kentucky LLC f/k/a Steve & Barry's Kentucky LLC (08-12613 (ALG)); Steel Bolt LLC f/k/a Steve & Barry's LLC (08-12615 (ALG)); Stone Barn Louisiana LLC f/k/a Steve & Barry's Louisiana LLC (08-12616 (ALG)); Stone Barn Maine LLC f/k/a Steve & Barry's Maine LLC (08-12617 (ALG)); Stone Barn Maryland LLC f/k/a Steve & Barry's Maryland LLC (08-12618 (ALG)); Swift Building Massachusetts LLC f/k/a Steve & Barry's Massachusetts LLC (08-12619 (ALG)); Stone Barn Michigan LLC f/k/a Steve & Barry's Michigan LLC (08-12620 (ALG)); Stone Barn Midwest LLC f/k/a Steve & Barry's Midwest LLC (08-12621 (ALG)); Stone Barn Minnesota LLC f/k/a Steve & Barry's Minnesota LLC (08-12622 (ALG)); Stone Barn Mississippi LLC f/k/a Steve & Barry's Mississippi LLC (08-12623 (ALG)); Stone Barn Missouri LLC f/k/a Steve & Barry's Missouri LLC (08-12624 (ALG)); Stone Barn Nebraska LLC f/k/a Steve & Barry's Nebraska LLC (08-12625 (ALG)); Stone Barn Nevada LLC f/k/a Steve & Barry's Nevada LLC (08-12626 (ALG)); Stone Barn New Jersey LLC f/k/a Steve & Barry's New Jersey LLC (08-12627 (ALG)); Stone Barn New Mexico LLC f/k/a Steve & Barry's New Mexico LLC (08-12628 (ALG)); Stone Barn New York LLC f/k/a Steve & Barry's New York LLC (08-12629 (ALG)); Stone Barn North Carolina LLC f/k/a Steve & Barry's North Carolina LLC (08-12630 (ALG)); Stone Barn Oakland LLC f/k/a Steve & Barry's Oakland LLC (08-12631 (ALG)); Stone Barn Ohio LLC f/k/a Steve & Barry's Ohio LLC (08-12632 (ALG)); Stone Barn Oklahoma LLC f/k/a Steve & Barry's Oklahoma LLC (08-12633 (ALG)); Stone Barn Pennsylvania LLC f/k/a Steve & Barry's Pennsylvania LLC (08-12634 (ALG)); Stone Barn South Carolina LLC f/k/a Steve & Barry's South Carolina LLC (08-12635 (ALG)); Stone Barn South Michigan LLC f/k/a Steve & Barry's South Michigan LLC (08-12637 (ALG)); Stone Barn Tennessee LLC f/k/a Steve & Barry's Tennessee LLC (08-12638 (ALG)); Stone Barn Texas LLC f/k/a Steve & Barry's Texas LLC (08-12639 (ALG)); Stone Barn Utah LLC f/k/a Steve & Barry's Utah LLC (08-12640 (ALG)); Stone Barn Virginia LLC f/k/a Steve & Barry's Virginia LLC (08-12641 (ALG)); Stone Barn Washington LLC f/k/a Steve & Barry's Washington LLC (08-12642 (ALG)); Stone Barn West Virginia LLC f/k/a Steve & Barry's West Virginia LLC (08-12643 (ALG)); Stone Barn Wisconsin LLC f/k/a Steve & Barry's Wisconsin LLC (08-12644 (ALG)); Stone Barn LLC (08–12645 (ALG)); Stone Barn Trading LLC (08–12646 (ALG)); Striking Brands LLC (08–12647 (ALG)); Swift Building LLC (08–12648 (ALG)); and Symbolic Brands LLC (08–12649 (ALG)).

Debtors, its creditors and all parties in interest; and the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, **December 29, 2008, at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "General Bar Date") for each person or entity (including, without

limitation, each individual, partnership, joint venture, corporation, estate, and trust) to file proofs

of claim (each a "Proof of Claim") based on prepetition claims (as defined in section 101(5) of

title 11 of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that, pursuant to section 502(b)(9) of the Bankruptcy Code, **January**

**5, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the

"Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates") for

governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of

Claim against the Debtors; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and section

503(a) of the Bankruptcy Code, and except as otherwise provided herein, the later of (i)

**December 29, 2008, at 5:00 p.m. (prevailing Eastern Time)** and (ii) the date that is thirty (30)

days after the occurrence of the event giving rise to a claim under section 503 of the Bankruptcy

Code (the "Administrative Expense Claim") is established as the deadline (the "Administrative

Expense Bar Date") for all parties, except those specifically excluded below, to file an

Administrative Expense Claim Request against the Debtors (including a claim for payment under

section 503(b)(9) of the Bankruptcy Code for value of goods received by the Debtors within 20

days before the Petition Date and which were sold to the Debtors within the ordinary course of

the Debtors' business); and it is further

ORDERED that all Proofs of Claim and Administrative Expense Claim Requests

filed against the Debtors must substantially conform to the form annexed hereto as <u>Exhibit C</u>

("<u>Proof of Claim Form</u>") and must be received on or before the applicable Bar Date or

Administrative Bar Date, respectively, by the official noticing and claims agent in the Debtors'

chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") or the Court.  The original Proof of

Claim Form should be sent to the following address:

| If by overnight mail, to: | If by first-class mail, to: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017 | Steve & Barry's Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5286<br>New York, New York  10150 |
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br><br>or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Steve & Barry's Claims Processing<br>One Bowling Green<br>New York, New York 10004 | |

; and it is further

ORDERED that Proofs of Claim or Administrative Expense Claim Requests will

be deemed timely filed only if **actually received** by Epiq or the Court on or before the applicable

Bar Date or Administrative Expense Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of

Claim or Administrative Expense Claim Requests sent by facsimile, telecopy, or electronic mail

transmission; and it is further

ORDERED that the following persons or entities are **<u>not</u>** required to file a Proof

of Claim on or before the applicable Bar Date:

    (a)    any person or entity whose claim is listed on the Schedules and (i) whose claim is **<u>not</u>** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim set forth in the Schedules;

    (b)    any person or entity whose claim has been paid in full by the Debtors;

    (c)    any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **<u>provided</u>**, **<u>however</u>**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

    (d)    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    (e)    any holder of a claim for which a separate deadline is fixed by this Court; and

    (f)    any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form;

and it is further

ORDERED that any person or entity that holds a claim arising from the rejection

of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by

the later of (i) the applicable Bar Date and (ii) the date which is forty-five (45) days following

the effective date of such rejection or be forever barred from doing so; and it is further

ORDERED that the following persons or entities are **not** required to file a

Administrative Expense Claim Request:

(a)     any person or entity who has already properly filed an Administrative
Expense Claim Request with the Clerk of the Court or Debtors' court-
approved claims agent, Epiq, against the Debtors, which request sets forth
with specificity the legal and factual basis for the Administrative Expense
Claim and includes supporting documentation upon which the claimant
relied to support the request; and

(b)     professionals retained by the Debtors or the Creditors' Committee under
sections 327, 328, or 1103 of the Bankruptcy Code and whose
Administrative Expense Claim is for services performed and
reimbursements of expenses incurred in these cases;

and it is further

ORDERED that the Administrative Expense Bar Date shall not apply to any

person or entity who has a claim (as defined in section 101(5) of title 11 of the Bankruptcy Code)

for goods delivered or services provided to the Debtors (or to the purchaser of substantially all of

the Debtors' assets pursuant to any executory contract or unexpired lease with the Debtors that

have not yet been rejected or assumed by the Debtors) on or after the Petition Date in the

ordinary course of the Debtors' business; provided, however, that the Debtors may establish a

deadline at a later date for the filing of such claims; and it is further

ORDERED that each Proof of Claim and Administrative Expense Claim Request

must: (i) be written in the English language; (ii) be denominated in lawful currency of the United

States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) state

the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the

alleged claim; (vi) include supporting documentation or an explanation as to why documentation

is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; and it is further

ORDERED that Proofs of Claim and Administrative Claim Requests must be filed separately against each Debtor; and it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date or Administrative Expense Bar Date shall be barred from asserting such claim against the Debtors and their estates, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the applicable Bar Date and Administrative Expense Bar Date in substantially the form annexed hereto as Exhibits A and B, respectively, (collectively, the "Bar Date Notices"), which Bar Date Notices are approved, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before November 18, 2008 upon:

(a)     the U.S. Trustee;

(b)     attorneys for the Creditors' Committee;

(c)     all known holders of claims listed on the Schedules at the addresses stated therein;

(d)     all parties known to the Debtors as having potential claims against the Debtors' estates;

(e)     all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(f)     all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order); and

(g)     all known potential creditors, other than the Excluded Entities, who may assert Administrative Expense Claims against the Debtors; and

(h)     all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, together with instructions for filing a Proof of Claim or Administrative Expense Claim Request; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that holders of equity security interests in the Debtors need not file Proofs of Claim with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest of the purchase or sale of such equity interest), a proof of such claim must be filed on or before the General Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates or the Administrative Expense Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors; and it is further

ORDERED that the Debtors give notice by email to the parties on the Master Service List (as defined in the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007, Implementing Certain Notice and Case Management Procedures, dated July 10, 2008) that an order establishing the deadlines for filing Proofs of Claim and for filing Administrative Expense Claim Requests has been filed, is being mailed to

parties in interest, and that a copy is also available on the internet at

http://chapter11.epiqsystems.com/steveandbarrys.

Dated:  November 13, 2008
      New York, New York

                     */s/ Allan L. Gropper*
                  UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

**Notice of Bar Dates**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

In re                                    :          **Chapter 11 Case No.**
                                                :

**STONE BARN MANHATTAN LLC**      :
**(f/k/a Steve & Barry's Manhattan LLC), et al.,**  :          **08-12579 (ALG)**
                                                :

            **Debtors.**                 :          **(Jointly Administered)**
                                                :
------------------------------------------------------------x

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

        PLEASE TAKE NOTICE THAT, on November __, 2008, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC) and its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases[1] (collectively, the "<u>Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing (i)

---

[1] The Debtors in these cases are Stone Barn Manhattan LLC f/k/a Steve & Barry's Manhattan LLC (08-12579 (ALG)); 4004 Incorporated (08-12580 (ALG)); 4004 LLC (08-12581 (ALG)); Baller Brands LLC (08-12582 (ALG)); Favored Brands LLC (08–12583 (ALG)); Pro Air LLC (08–12584 (ALG)); Stone Barn Industries Inc. f/k/a S&B Industries Inc. (08-12585 (ALG)); Stone Barn Retail China LLC f/k/a S&B Retail China LLC (08-12586 (ALG)); Stone Barn Retail India LLC f/k/a S&B Retail India LLC (08-12587 (ALG)); Star Band LLC (08–12589 (ALG)); Steel Bolt Construction LLC (08–12590 (ALG)); Stellar Brands LLC (08–12591 (ALG)); Stone Barn Alabama LLC f/k/a Steve & Barry's Alabama LLC (08-12592 (ALG)); Stone Barn Arizona LLC f/k/a Steve & Barry's Arizona LLC (08-12593 (ALG)); Stone Barn Arkansas LLC f/k/a Steve & Barry's Arkansas LLC (08-12594 (ALG)); Stone Barn California LLC f/k/a Steve & Barry's California LLC (08-12595 (ALG)); Stone Barn Colorado LLC f/k/a Steve & Barry's Colorado LLC (08-12596 (ALG)); Stone Barn Connecticut LLC f/k/a Steve & Barry's Connecticut LLC (08-12599 (ALG)); Stone Barn CP LLC f/k/a Steve & Barry's CP LLC (08-12600 (ALG)); Stone Barn Florida LLC f/k/a Steve & Barry's Florida LLC (08-12601 (ALG)); Stone Barn Georgia LLC f/k/a Steve & Barry's Georgia LLC (08-12602 (ALG)); Stone Barn GLC LLC f/k/a Steve & Barry's GLC LLC (08-12603 (ALG)); Stone Barn Hawaii LLC f/k/a Steve & Barry's Hawaii LLC (08-12604 (ALG)); Stone Barn Idaho LLC f/k/a Steve & Barry's Idaho LLC (08-12605 (ALG)); Stone Barn Illinois LLC f/k/a Steve & Barry's Illinois LLC (08-12607 (ALG)); Stone Barn Indiana LLC f/k/a Steve & Barry's Indiana LLC (08-12609 (ALG)); Stone Barn International LLC f/k/a Steve & Barry's International LLC (08-12610 (ALG)); Stone Barn Iowa LLC f/k/a Steve & Barry's Iowa LLC (08-12611 (ALG)); Stone Barn Kansas LLC f/k/a Steve & Barry's Kansas LLC (08-12612 (ALG)); Stone Barn Kentucky LLC f/k/a Steve & Barry's Kentucky LLC (08-12613 (ALG)); Steel Bolt LLC f/k/a Steve & Barry's LLC (08-12615 (ALG)); Stone Barn Louisiana LLC f/k/a Steve & Barry's Louisiana LLC (08-12616 (ALG)); Stone Barn Maine LLC f/k/a Steve & Barry's Maine LLC (08-12617 (ALG)); Stone Barn Maryland LLC f/k/a Steve & Barry's Maryland LLC (08-12618 (ALG)); Swift Building Massachusetts LLC f/k/a Steve & Barry's Massachusetts LLC (08-12619 (ALG)); Stone Barn Michigan LLC f/k/a Steve & Barry's Michigan LLC (08-12620 (ALG)); Stone Barn Midwest LLC f/k/a Steve & Barry's Midwest LLC (08-12621 (ALG)); Stone Barn Minnesota LLC f/k/a Steve & Barry's Minnesota LLC (08-12622 (ALG)); Stone Barn Mississippi LLC f/k/a Steve & Barry's Mississippi LLC (08-12623 (ALG)); Stone Barn Missouri LLC f/k/a Steve & Barry's Missouri LLC (08-12624 (ALG)); Stone Barn Nebraska LLC f/k/a Steve & Barry's Nebraska LLC (08-12625 (ALG)); Stone Barn Nevada LLC f/k/a Steve & Barry's Nevada LLC (08-12626 (ALG)); Stone Barn New Jersey LLC f/k/a Steve & Barry's New Jersey LLC (08-12627 (ALG)); Stone Barn New Mexico LLC f/k/a Steve & Barry's New Mexico LLC (08-12628 (ALG)); Stone Barn New York LLC f/k/a Steve & Barry's New York LLC (08-12629 (ALG)); Stone Barn North Carolina LLC

**December 29, 2008, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "General Bar Date"); and (ii) **January 5, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates").  The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to July 9, 2008, the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

      **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (646) 282-2500 or by email at stonebarn@epiqsystems.com.**

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**1.**      **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a **Proof of Claim** to share in the Debtors' estate if you have a claim that arose prior to July 9, 2008, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before July 9, 2008, may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to July 9, 2008.  Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.**      **WHO NEED NOT FILE A PROOF OF CLAIM**

      You need not file a Proof of Claim if:

      (1)    Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules;

      (2)    Your claim has been paid in full by the Debtors;

      (3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided, however,** that interest

---

f/k/a Steve & Barry's North Carolina LLC (08-12630 (ALG)); Stone Barn Oakland LLC f/k/a Steve & Barry's Oakland LLC (08-12631 (ALG)); Stone Barn Ohio LLC f/k/a Steve & Barry's Ohio LLC (08-12632 (ALG)); Stone Barn Oklahoma LLC f/k/a Steve & Barry's Oklahoma LLC (08-12633 (ALG)); Stone Barn Pennsylvania LLC f/k/a Steve & Barry's Pennsylvania LLC (08-12634 (ALG)); Stone Barn South Carolina LLC f/k/a Steve & Barry's South Carolina LLC (08-12635 (ALG)); Stone Barn South Michigan LLC f/k/a Steve & Barry's South Michigan LLC (08-12637 (ALG)); Stone Barn Tennessee LLC f/k/a Steve & Barry's Tennessee LLC (08-12638 (ALG)); Stone Barn Texas LLC f/k/a Steve & Barry's Texas LLC (08-12639 (ALG)); Stone Barn Utah LLC f/k/a Steve & Barry's Utah LLC (08-12640 (ALG)); Stone Barn Virginia LLC f/k/a Steve & Barry's Virginia LLC (08-12641 (ALG)); Stone Barn Washington LLC f/k/a Steve & Barry's Washington LLC (08-12642 (ALG)); Stone Barn West Virginia LLC f/k/a Steve & Barry's West Virginia LLC (08-12643 (ALG)); Stone Barn Wisconsin LLC f/k/a Steve & Barry's Wisconsin LLC (08-12644 (ALG)); Stone Barn LLC (08–12645 (ALG)); Stone Barn Trading LLC (08–12646 (ALG)); Striking Brands LLC (08–12647 (ALG)); Swift Building LLC (08–12648 (ALG)); and Symbolic Brands LLC (08–12649 (ALG)).

holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(4)    You hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date; and

(5)    You hold a claim for which a separate deadline is fixed by this Court;

(6)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) must file a Proof of Claim, as described herein, before the applicable Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

| If by overnight mail, to: | If by first-class mail, to: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017 | Steve & Barry's Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5286<br>New York, New York  10150 |
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br><br>              or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Steve & Barry's Claims Processing<br>One Bowling Green<br>New York, New York 10004 | |

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the applicable Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.      **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of July 9, 2008; (iii) conform substantially with the form attached to this Notice ("Proof of Claim Form"); (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor, separate Proofs of Claim must be filed against each such Debtor.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date for any claim such creditor holds or wishes to assert against the Debtors, will be barred from asserting such claim against the Debtors and their estates, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://chapter11.epiqsystems.com/steveandbarrys and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      November __, 2008                                    BY ORDER OF THE COURT
            New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## <u>Exhibit B</u>

**Notice of Administrative Expense Bar Date**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                    :

In re                  :        Chapter 11 Case No.
                    :

STONE BARN MANHATTAN LLC    :
(f/k/a Steve & Barry's Manhattan LLC), et al.,  :     08-12579 (ALG)
                    :

        Debtors.        :      (Jointly Administered)
                    :

---------------------------------------------------------------x

## NOTICE OF DEADLINE FOR FILING
## ADMINISTRATIVE EXPENSE CLAIM REQUESTS

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

      PLEASE TAKE NOTICE THAT, on November __, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC) and its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases[1] (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing the

---

[1] The Debtors in these cases are Stone Barn Manhattan LLC f/k/a Steve & Barry's Manhattan LLC (08-12579 (ALG)); 4004 Incorporated (08-12580 (ALG)); 4004 LLC (08-12581 (ALG)); Baller Brands LLC (08-12582 (ALG)); Favored Brands LLC (08–12583 (ALG)); Pro Air LLC (08–12584 (ALG)); Stone Barn Industries Inc. f/k/a S&B Industries Inc. (08-12585 (ALG)); Stone Barn Retail China LLC f/k/a S&B Retail China LLC (08-12586 (ALG)); Stone Barn Retail India LLC f/k/a S&B Retail India LLC (08-12587 (ALG)); Star Band LLC (08–12589 (ALG)); Steel Bolt Construction LLC (08–12590 (ALG)); Stellar Brands LLC (08–12591 (ALG)); Stone Barn Alabama LLC f/k/a Steve & Barry's Alabama LLC (08-12592 (ALG)); Stone Barn Arizona LLC f/k/a Steve & Barry's Arizona LLC (08-12593 (ALG)); Stone Barn Arkansas LLC f/k/a Steve & Barry's Arkansas LLC (08-12594 (ALG)); Stone Barn California LLC f/k/a Steve & Barry's California LLC (08-12595 (ALG)); Stone Barn Colorado LLC f/k/a Steve & Barry's Colorado LLC (08-12596 (ALG)); Stone Barn Connecticut LLC f/k/a Steve & Barry's Connecticut LLC (08-12599 (ALG)); Stone Barn CP LLC f/k/a Steve & Barry's CP LLC (08-12600 (ALG)); Stone Barn Florida LLC f/k/a Steve & Barry's Florida LLC (08-12601 (ALG)); Stone Barn Georgia LLC f/k/a Steve & Barry's Georgia LLC (08-12602 (ALG)); Stone Barn GLC LLC f/k/a Steve & Barry's GLC LLC (08-12603 (ALG)); Stone Barn Hawaii LLC f/k/a Steve & Barry's Hawaii LLC (08-12604 (ALG)); Stone Barn Idaho LLC f/k/a Steve & Barry's Idaho LLC (08-12605 (ALG)); Stone Barn Illinois LLC f/k/a Steve & Barry's Illinois LLC (08-12607 (ALG)); Stone Barn Indiana LLC f/k/a Steve & Barry's Indiana LLC (08-12609 (ALG)); Stone Barn International LLC f/k/a Steve & Barry's International LLC (08-12610 (ALG)); Stone Barn Iowa LLC f/k/a Steve & Barry's Iowa LLC (08-12611 (ALG)); Stone Barn Kansas LLC f/k/a Steve & Barry's Kansas LLC (08-12612 (ALG)); Stone Barn Kentucky LLC f/k/a Steve & Barry's Kentucky LLC (08-12613 (ALG)); Steel Bolt LLC f/k/a Steve & Barry's LLC (08-12615 (ALG)); Stone Barn Louisiana LLC f/k/a Steve & Barry's Louisiana LLC (08-12616 (ALG)); Stone Barn Maine LLC f/k/a Steve & Barry's Maine LLC (08-12617 (ALG)); Stone Barn Maryland LLC f/k/a Steve & Barry's Maryland LLC (08-12618 (ALG)); Swift Building Massachusetts LLC f/k/a Steve & Barry's Massachusetts LLC (08-12619 (ALG)); Stone Barn Michigan LLC f/k/a Steve & Barry's Michigan LLC (08-12620 (ALG)); Stone Barn Midwest LLC f/k/a Steve & Barry's Midwest LLC (08-12621 (ALG)); Stone Barn Minnesota LLC f/k/a Steve & Barry's Minnesota LLC (08-12622 (ALG)); Stone Barn Mississippi LLC f/k/a Steve & Barry's Mississippi LLC (08-12623 (ALG)); Stone Barn Missouri LLC f/k/a Steve & Barry's Missouri LLC (08-12624 (ALG)); Stone Barn Nebraska LLC f/k/a Steve & Barry's Nebraska LLC (08-12625 (ALG)); Stone Barn Nevada LLC f/k/a Steve & Barry's Nevada LLC (08-12626 (ALG)); Stone Barn New Jersey LLC f/k/a Steve & Barry's New Jersey LLC (08-12627 (ALG)); Stone Barn New Mexico LLC f/k/a Steve & Barry's New Mexico LLC (08-12628 (ALG)); Stone

later of (a) **December 29, 2008, at 5:00 p.m. (prevailing Eastern Time)** and (b) thirty (30) days after the occurrence of the event giving rise to a claim pursuant to section 503 of the Bankruptcy Code, including, without limitation, a claim pursuant to section 503(b)(9) of the Bankruptcy Code for value of goods received by the Debtors within 20 days before July 9, 2008 and which were sold to the Debtors within the ordinary course of the Debtors' business, (the "Administrative Expense Claim") as the last date and time for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to assert such Administrative Expense Claims (the "Administrative Expense Bar Date"), provided, however, that the Administrative Expense Bar Date does not apply to (i) professional fee applications and U.S. Trustee fees and (ii) any person or entity who has a claim (as defined in section 101(5) of title 11 of the Bankruptcy Code) for goods delivered or services provided to the Debtors (or to the purchaser of substantially all of the Debtors' assets pursuant to any executory contract or unexpired lease with the Debtors that has not yet been rejected or assumed by the Debtors) on or after July 9, 2008, in the ordinary course of the Debtors' business (the "Ordinary Course Claims"). The Bar Date Order, the Administrative Expense Bar Date and the procedures set forth below for filing an Administrative Expense Claim Request apply to all claims against Debtors arising after July 9, 2008, other than the Ordinary Course Claims, and all claims arising under section 503(b)(9) of the Bankruptcy Code (the "Administrative Expense Period").

  **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (646) 282-2500 or by email at stonebarn@epiqsystems.com.**

  **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST.**

**1.**  **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST**

  You **MUST** file an **Administrative Expense Claim Request** if you hold an Administrative Expense Claim that arose during the Administrative Expense Period, and such claim is not one of the types described in section 2 below.

**2.**  **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST**

  You need not file an Administrative Expense Claim Request if:

   (1) You have already properly filed an Administrative Expense Claim Request with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, which request sets forth with specificity the legal and factual basis for the Administrative Expense Claim and includes supporting documentation upon which the claimant relied to support the request; and

---

Barn New York LLC f/k/a Steve & Barry's New York LLC (08-12629 (ALG)); Stone Barn North Carolina LLC f/k/a Steve & Barry's North Carolina LLC (08-12630 (ALG)); Stone Barn Oakland LLC f/k/a Steve & Barry's Oakland LLC (08-12631 (ALG)); Stone Barn Ohio LLC f/k/a Steve & Barry's Ohio LLC (08-12632 (ALG)); Stone Barn Oklahoma LLC f/k/a Steve & Barry's Oklahoma LLC (08-12633 (ALG)); Stone Barn Pennsylvania LLC f/k/a Steve & Barry's Pennsylvania LLC (08-12634 (ALG)); Stone Barn South Carolina LLC f/k/a Steve & Barry's South Carolina LLC (08-12635 (ALG)); Stone Barn South Michigan LLC f/k/a Steve & Barry's South Michigan LLC (08-12637 (ALG)); Stone Barn Tennessee LLC f/k/a Steve & Barry's Tennessee LLC (08-12638 (ALG)); Stone Barn Texas LLC f/k/a Steve & Barry's Texas LLC (08-12639 (ALG)); Stone Barn Utah LLC f/k/a Steve & Barry's Utah LLC (08-12640 (ALG)); Stone Barn Virginia LLC f/k/a Steve & Barry's Virginia LLC (08-12641 (ALG)); Stone Barn Washington LLC f/k/a Steve & Barry's Washington LLC (08-12642 (ALG)); Stone Barn West Virginia LLC f/k/a Steve & Barry's West Virginia LLC (08-12643 (ALG)); Stone Barn Wisconsin LLC f/k/a Steve & Barry's Wisconsin LLC (08-12644 (ALG)); Stone Barn LLC (08–12645 (ALG)); Stone Barn Trading LLC (08–12646 (ALG)); Striking Brands LLC (08–12647 (ALG)); Swift Building LLC (08–12648 (ALG)); and Symbolic Brands LLC (08–12649 (ALG)).

(2)    You are a professional retained by the Debtors or the Creditors' Committee under sections 327, 328, or 1103 of the Bankruptcy Code and your Administrative Expense Claim is for services performed and reimbursements of expenses incurred in this case.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of an Administrative Expense Claim Request.

You need not file an Administrative Expense Claim Request by the Administrative Expense Bar Date if you hold an Ordinary Course Claim, but the Debtors may establish a deadline to file an Administrative Expense Claim Request for Ordinary Course Claims at a later date.

Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) must file an Administrative Expense Claim Request, as described herein, before the Administrative Expense Bar Date.

**YOU SHOULD NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## 3.    WHEN AND WHERE TO FILE

All Administrative Expense Claim Requests (other than those that are specifically excluded above) must be filed so as to be **actually received** on or before the Administrative Expense Bar Date at the following address:

| If by overnight mail, to: | If by first-class mail, to: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017 | Steve & Barry's Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5286<br>New York, New York  10150 |
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Steve & Barry's Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br><br>or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Steve & Barry's Claims Processing<br>One Bowling Green<br>New York, New York 10004 | |

Administrative Expense Claim Requests will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Administrative Expense Bar Date.  Administrative Expense Claim Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

## 4.    WHAT TO FILE

If you file an Administrative Expense Claim Request, your filed Administrative Expense Claim Request must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of July 9, 2008; (iii) conform substantially with the form attached to this Notice ("Proof of Claim Form"); (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include

supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor, separate Administrative Expense Claim Requests, as applicable, must be filed against each such Debtor.

**YOU SHOULD ATTACH TO YOUR COMPLETED ADMINISTRATIVE EXPENSE CLAIM REQUEST FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

5.    **CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST BY THE ADMINISTRATIVE EXPENSE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file an Administrative Expense Claim Request on or before the Administrative Expense Bar Date for any claim such creditor holds or wishes to assert against the Debtors, will be barred from asserting such claim against the Debtors and their estates, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

DATED:    November __, 2008                                    BY ORDER OF THE COURT
               New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Exhibit C

**Proof of Claim Form**

**PROOF OF CLAIM / REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

*United States Bankruptcy Court Southern District of New York*

Steve and Barry's Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, NY 10150-5286

| In Re: STONE BARN MANHATTAN LLC, et al., Debtors. Formerly known as Steve & Barry's Manhattan LLC | Chapter 11 Case No. 08-12579 (ALG) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
  (*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.  Type of Claim:**

☐  Claim existing as of the Date Case was Filed.  **Amount of Claim as of Date Case Filed:**  $_____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐  Administrative expense claim under 11 U.S.C. § 503(b)(9).  **Amount of Claim:**  $_____

☐  All other administrative expense claims under 11 U.S.C. § 503.  **Amount of Claim:**  $_____

☐  Check this box if claim is filed by a governmental unit.

☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

**2.  Basis for Claim:** _____
   (See instruction #2 on reverse side.)

**3.  Last four digits of any number by which creditor identifies debtor:** _____
   **3a.  Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4.  Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

   Describe: _____

   Value of Property:  $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____   Basis for perfection: _____

   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

   **Amount entitled to priority:**

   $_____

**6.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

*Items to be completed in Proof of Claim form*

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number. A complete list of Debtors can be found on the Claims Agent's website (http://chapter11.epiqsystems.com/steveandbarrys).
If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Type of Claim:**
State the type of claim being filed and the total amount owed to the creditor. Follow the instructions concerning whether to complete items 4 and 5. Check the box if you are filing the claim on behalf of a governmental unit or if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____ **D E F I N I T I O N S** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form at <u>one</u> of the following addresses:

**If by mail:**
**Steve and Barry's Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5286**
**New York, NY 10150-5286**

**If by overnight mail or hand delivery:**
**Epiq Bankruptcy Solutions, LLC**
**Attn: Steve and Barry's Claims Processing**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Alternate overnight mail or hand delivery address:**
**Clerk of the United States Bankruptcy Court**
**Attn: Steve & Barry's Claims Processing**
**One Bowling Green**
**New York, NY 10004**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____ **I N F O R M A T I O N** _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://chapter11.epiqsystems.com/steveandbarrys) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Governmental Unit**
A governmental unit means the United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under title 11), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.  See 11 U.S.C. § 101(27).