Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                                       :

In re                                                  :        **Chapter 11 Case No.**

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :        **09-50026 (REG)**
      f/k/a **General Motors Corp.,** *et al.*  :

                           **Debtors.**        :        **(Jointly Administered)**
                                                 :
-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS AND THE ENVIRONMENTAL TESTING CORPORATION**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**MLC**"), and the Environmental Testing Corporation and/or its parents, affiliates and subsidiaries ("**ETC**" and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

## RECITALS

A. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases.

B. On June 1, 2009, the Debtors also filed a motion requesting joint administration of these Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C. The Debtors entered a long-term lease (the "**Lease**") in 1971 for certain property owned by ETC located in Denver, Colorado (the "**Property**"). Subsequent to the commencement of these chapter 11 cases, the Debtors moved to reject the Lease ( the "**Rejection Motion**"), together with a number of other unexpired leases and subleases [**Docket No. 937**]. The Rejection Motion was granted on July 2, 2009, and the Lease was deemed rejected as of June 30, 2009.

D. ETC has subsequently filed a Verified Motion for Payment of Administrative Expenses [**Docket No. 3140**] (the "**Administrative Expense Motion**") requesting an allowed administrative expense in respect of certain claims against the Debtors' estates, including amounts allegedly due for real property taxes, post-petition services, restoration of the leased premises, and costs of environmental remediation, together with a Motion For Order Directing Payment on Account of Administrative Expense [**Docket No. 3141**]

2

(the "**Payment Motion**") requesting a Court order directing payment of the administrative expenses claimed in the Administrative Expense Motion (the Administrative Expense Motion and together with the Payment Motion, the "**Motions**"). ETC also filed a memorandum of law in support of the Motions [**Docket No. 3765**] (the "**Brief**").

    E.  The Parties have agreed to resolve the Motions pursuant to the terms of the Stipulation in order to avoid the expense and uncertainty of litigation.

## **STIPULATION**

    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

    1.  ETC shall be granted an allowed administrative expense in the amount of $65,000.00 against MLC (the "**Allowed Administrative Expense**") in full and final satisfaction of any and all entitlements alleged under the Motions or otherwise for administrative expenses against the Debtors. The Allowed Administrative Expense shall be paid within seven (7) business days from the date this Stipulation is approved by the Bankruptcy Court and becomes a final and non-appealable order.

    2.  ETC shall be granted an allowed prepetition unsecured claim in the amount of $975,000.00 against MLC (the "**Rejection Damage Claim**") in full and final satisfaction of any and all remaining claims of ETC under the Motions, the Property, the Lease or otherwise, including, without limitation, damages arising out of the rejection of the Lease.

    3.  This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

    4.  This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be

3

A/73061607.2

referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

5. This Stipulation sets forth the entire understanding of the Parties hereto and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

6. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

7. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or Portable Document Format ("**PDF**") signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

*[signatures to Stipulation on next page]*

4

A/73061607.2

**STIPULATED AND AGREED:**

| **ROBINSON WATERS & O'DORISIO, P.C.** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Anthony L. Leffert<br>Anthony L. Leffert | /s/ Joseph H. Smolinsky<br>Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky |
| 1099 18th Street, Suite 2600<br>Denver, CO 80202<br>Telephone: (303) 297-2600<br>Facsimile: (303) 297-2750 | 767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |
| Attorneys for the Environmental Testing Corporation | Attorneys for Debtors and Debtors in Possession |

Dated: **_September 14, 2009_**
         New York, New York


 *s/ Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE