**PRESENTMENT DATE: September 28, 2009 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: September 28, 2009 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                      :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    09-50026 (REG)
f/k/a General Motors Corp., *et al.*       :
:
Debtors.                      :    (Jointly Administered)
:
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) FOR AUTHORITY TO REIMBURSE FORMER DIRECTORS OF GENERAL MOTORS CORPORATION

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 15, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (the "**Debtors**"), the undersigned will present the attached proposed order to the Honorable Judge Robert E. Gerber, United States Bankruptcy Judge, for signature on September 28, 2009 at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned not later than 11:30 a.m., September 28, 2009.  Unless objections are received by

US_ACTIVE:\43136879\03\43136879_3.DOC\

that time, the order may be signed.

Dated: New York, New York
September 15, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**PRESENTMENT DATE: September 28, 2009 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: September 28, 2009 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                       :   Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                            :
                        Debtors.            :   (Jointly Administered)
                                            :
------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105(a)**
**FOR AUTHORITY TO REIMBURSE FORMER**
**DIRECTORS OF GENERAL MOTORS CORPORATION**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.   The Debtors request authorization to reimburse, by direct payment,

the former independent directors (the "**Independent Directors**") of General Motors Corporation

("**Old GM**") for legal fees and related expenses incurred by the Independent Directors through

US_ACTIVE:\43136879\03\43136879_3.DOC\

their retention of Cravath, Swaine & Moore LLP ("**Cravath**") pursuant to sections 363 and 105(a) of title 11, United States Code (the "**Bankruptcy Code**").

## Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.  On June 1, 2009 (the "**Commencement Date**"), Old GM and certain of its subsidiaries commenced with this Court voluntary cases under the Bankruptcy Code. On July 9, 2009, Old GM closed the Master Sale and Purchase Agreement pursuant to which it sold substantially all of its assets to Vehicle Acquisition Holdings LLC (a/k/a "**New GM**") (the "**363 Sale**").

## Cravath's Retention

4.  In December 2006, the Independent Directors of Old GM retained Cravath to advise and represent them with respect to various corporate governance matters and in carrying out their duties as directors (the "**Representation**"). Cravath was selected to represent the Independent Directors because of its extensive experience counseling corporations and their independent directors in connection with complex and sophisticated transactions and other matters requiring strategic planning and considerations.

5.  In connection with the Independent Directors' engagement of Cravath, Old GM agreed to pay Cravath's fees and expenses for representing the Independent Directors individually, thereby reimbursing the Independent Directors' expense of retaining counsel, independent of Old GM's counsel, for themselves in connection with their Board service. It is

typical and in the ordinary course of business for Old GM to reimburse its directors for any actual expenses incurred, including legal expenses, related to the directors' service on Old GM's board.

6.  Cravath's work on behalf of the Independent Directors continued through the Commencement Date and until the closing of the 363 Sale, at which time Cravath concluded its representation of the Independent Directors, except to the extent of any litigation against the Independent Directors, as described below.

7.  Cravath has completed its representation of the Independent Directors except for work related to pending litigation against Old GM and the Independent Directors (the "**Pending Litigation**").  The fees and expenses earned by Cravath in connection with its work on the Pending Litigation have been and are currently expected to be nominal.  To the extent the Pending Litigation is not promptly resolved and becomes a significant engagement for Cravath and expense for the Independent Directors, Debtors will file an appropriate application under Section 363(b) of the Bankruptcy Code seeking authority to use property of the estate to compensate Cravath for fees incurred in representing the Independent Directors in the Pending Litigation.

## Professional Compensation

8.  In connection with the Representation, in December 2008 Cravath received a retainer of $1,000,000 that was applied monthly to fees and costs and expenses as they were incurred.  Old GM replenished the retainer monthly to $1,000,000.00.  Immediately before the Commencement Date, Cravath applied $700,201.00 of the retainer in payment due from Old GM as compensation for professional services, including services preformed in connection with

the commencement of Old GM's chapter 11 cases and the 363 Sale, as well as for the reimbursement of reasonable and necessary expenses incurred in connection therewith, leaving a retainer balance as of the Commencement Date of $299,799.00.

9. Since the Commencement Date and through August 24, 2009, the Independent Directors have incurred over $280,000.00 in fees and $413.56 in costs and expenses for work done by Cravath in connection with the Representation, including the 363 Sale and the matters required to assist counsel for Old GM in the preparation of this matter. The Debtors propose to allow Cravath to use the retainer balance to satisfy the amounts owing to Cravath by the Independent Directors as of August 24, 2009, in the amount of $280,413.56. The remaining $19,385.44 of funds in the retainer would then be returned to the Debtors.

### The Relief Requested Should Be Approved by the Court

10. Section 363(c)(1) of the Bankruptcy Code provides in relevant part that the trustee "may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Further, under section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under applicable case law in this and other circuits, where, as here, the Debtors' proposed use of its assets is in the ordinary course of business, such use is permitted. *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (S.D.N.Y. 1986) ("ordinary course uses of estate property do not require a prior hearing" or court approval).

11. Reimbursing the costs incurred by the Independent Directors' retention of Cravath is in the ordinary course of business. In this case, allowing such reimbursement would not require any cash disbursement from the estate and would result in a return of funds to the

estate.  Moreover, the Debtors believe that Cravath provided services that benefited the Debtors' estates and creditors.  In light of the foregoing, the Debtors believe that reimbursing the costs incurred by the Independent Directors' retention of Cravath as requested herein is appropriate and in the best interests of the Debtors and their estates and creditors.

### Notice

12.     Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 15, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :    09-50026 (REG)
     f/k/a General Motors Corp., et al.    :
                                           :
                 Debtors.                  :    (Jointly Administered)
                                           :
------------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105(a)**
**FOR AUTHORITY TO REIMBURSE FORMER**
**DIRECTORS OF GENERAL MOTORS CORPORATION**

Upon the Motion, dated September 15, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation, the "**Old GM**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 363 and 105(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the reimbursement of former independent directors of Old GM (the "**Independent Directors**") for fees and expenses incurred as a result of their retention of Cravath, Swaine & Moore LLP ("**Cravath**") as special counsel, as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43136879\03\43136879_3.DOC\

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to sections 363(c) and 105(a) of the Bankruptcy Code, the Debtors are authorized to reimburse the Independent Directors for fees and expenses incurred as a result of their retention of Cravath, nunc pro tunc to June 1, 2009, the date on which the Debtors commenced their Chapter 11 cases; and it is further

ORDERED that Cravath is entitled to $280,413.56 as compensation for fees and expenses incurred by the Independent Directors since June 1, 2009 which amount shall be paid from the balance of the retainer previously received by Cravath; and it is further

ORDERED that Cravath shall return to the Debtors the $19,385.44 remaining of the retainer previously received by Cravath.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2009

_____
United States Bankruptcy Judge