**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** ) | **Chapter 11 Case No.** |
| ) | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, ) | **09-50026 (REG)** |
| **f/k/a General Motors Corporation**, *et al.*, ) | |
| ) | **(Jointly Administered)** |
| **Debtors.** ) | |
| ) | |
| ) | |

# SCHEDULES OF ASSETS AND LIABILITIES FOR

## MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)

## Case No: 09-50028

**MOTORS LIQUIDATION COMPANY**
**(f/k/a General Motors Corporation)**, *et al.*
**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND**
**DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**
September 15, 2009

On June 1, 2009 (the "***Commencement Date***"), Motors Liquidation Company (f/k/a General Motors Corporation) ("***MLC***") and three of its affiliates, MLCS, LLC (f/k/a Saturn Corporation) ("***MLCS***"), MLCS Distribution Corporation (f/k/a Saturn Distribution Company) ("***MLCS Distribution***"), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem Inc.) ("***MLCS Harlem***" and collectively with MLC, MLCS, and MLCS Distribution, the "***Debtors***") commenced cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 09-50026 (REG) pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). As described below in more detail, on July 10, 2009, each of the Debtors sold substantially all of its assets to General Motors Company ("***New GM***"), an entity formed by the United States Treasury (the "***GM Asset Sale***").

A description of each of the Debtors is set forth below:

- *Motors Liquidation Company* – MLC, a Delaware corporation, historically was the primary operating company of the Debtors, although certain operations were conducted through direct and indirect subsidiaries. As such, MLC now owns most of the assets, liabilities and contracts that were retained by the Debtors following the GM Asset Sale.

- *MLCS, LLC* – MLCS, a Delaware corporation and a direct subsidiary of MLC, was formed in 1985 to develop, manufacture, and market a line of passenger cars under the "Saturn" brand.

- *MLCS Distribution Corporation* – MLCS Distribution, a Delaware corporation and a direct subsidiary of MLCS, was formed in 1987 to distribute automobiles produced by MLCS and was the primary contracting entity with the Saturn retailer network.

- *MLC of Harlem, Inc.* – MLC Harlem, a Delaware corporation and a direct subsidiary of MLC, was formed in 2004 to operate an automobile dealership in New York, New York.

**OVERVIEW OF GLOBAL NOTES**

Each of the Debtors has herewith filed separate Schedules of Assets and Liabilities ("***Schedules***") and Statements of Financial Affairs ("***Statements***"). These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements ("***Global Notes***") relate to the each of the Debtors' Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These Global Notes comprise an integral part of the Statements and Schedules and should be referred to and considered in connection with any review of the Statements and Schedules**. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Information in these Global Notes is presented on an individual Debtor-by-Debtor basis unless otherwise noted. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, or continuation sheet.

**The Schedules and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 by the Debtors' management with the assistance of their advisors. Financial information is presented on an unaudited basis. While management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights with respect to the chapter 11 cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

## THE GM ASSET SALE AND THE SCHEDULES

On July 10, 2009 (the "**Closing Date**"), each of the Debtors consummated a sale of substantially all of its assets (the GM Asset Sale) to New GM pursuant to (i) that certain Amended and Restated Master Sale and Purchase Agreement (the "**MSPA**"), dated June 26, 2009, among the Debtors and New GM and (ii) an order of the Bankruptcy Court, dated July 5, 2009 (Docket Number 2968) (the "**Sale Order**").

The purchase price paid by New GM for the Debtors' assets equaled the sum of (i) a credit bid of certain amounts outstanding under MLC's prepetition credit agreement with the U.S. Treasury and MLC's debtor-in-possession financing facility (the "**DIP Facility**"), (ii) the U.S. Treasury's return of warrants previously issued to the U.S. Treasury by MLC, (iii) the issuance by New GM to MLC of (a) 50,000,000 shares (10%) of New GM's common stock and (b) warrants to acquire newly issued shares of New GM common stock initially exercisable for a total of 90,909,090 shares of New GM's common stock (15% of New GM's common stock on a fully diluted basis) on the respective terms specified therein, and (iv) the assumption by New GM or its designated subsidiaries of certain specified liabilities of the Debtors. The MSPA also provides that in the event that the estimated aggregate general unsecured claims against the Debtors, as determined by the Bankruptcy Court upon the request of MLC, exceeds $35 billion, New GM is required to issue, as an adjustment to the purchase price, up to approximately an additional 2% of its common stock (the "**Adjustment Shares**" and collectively with the New GM common stock and warrants (and any securities received in respect thereof) set forth in (iii), the "**New GM Equity Interests**") to MLC, based on the extent to which such claims exceed $35 billion, with the full amount of the Adjustment Shares being payable if such excess amount is greater than or equal to $7 billion.

In light of the foregoing and the unique nature of these cases, the Debtors endeavored to present their assets, liabilities, and contracts on their Schedules in a manner that would be most beneficial to parties in interest. The Debtors believe that presenting their assets and liabilities as of the Commencement Date would not provide parties in interest with an accurate understanding of the assets available for distribution and the claims against the Debtors, because (i) substantially all of those assets were sold to New GM, (ii) the Debtors assumed and assigned to New GM the majority of their executory contracts and unexpired leases, and (iii) the Debtors paid, pursuant to first day orders, or New GM assumed a substantial portion of the Debtors' prepetition liabilities. Therefore, **the Schedules and certain other information, as noted, are presented as of September 1, 2009.** Accordingly, the Schedules only contain assets that remain under the Debtors' ownership after the GM Asset Sale which are subsequently available to the estate for distribution to creditors, and prepetition liabilities that have not as of such date been satisfied or assumed by the Purchaser. In respect of executory contracts and unexpired leases, the process of assuming and assigning such contracts to the Purchaser is ongoing and accordingly, schedules of executory contracts exclude those contracts that have been assumed and assigned as of September 1, 2009 in accordance with the GM Asset Sale.

In evaluating the Schedules and the assets available for distribution to creditors, it should be noted that in connection with the closing of GM Asset Sale, on July 10, 2009, the Debtors entered into an amended and restated DIP Facility (as restructured, amended and restated, the "**Wind Down Facility**") with the U.S. Treasury. The Wind Down Facility, which was approved by an order of the Bankruptcy Court, dated July 5, 2009 (Docket Number 2969), provides for loans in a principal amount of $1,175,000,000 (with principal paid in kind), all of

which was drawn by the Debtors the day before the Closing Date.   The Wind Down Facility is non-recourse to the Debtors, and the obligations thereunder are secured by substantially all assets of the Debtors' assets (other than the New GM Equity Interests and certain other assets that were excluded from the assets constituting collateral).   The Debtors currently expect that (i) the Wind Down Facility and the proceeds they recover from their remaining assets will be sufficient to pay the administrative expenses of winding down their estates and administering a chapter 11 plan and (ii) the proceeds of such asset sales will not be sufficient to pay down the Wind Down Facility in full.   Given the non-recourse nature of the Wind Down Facility, these two points together mean that **it is expected that the only assets that will be available for distribution to the Debtors' creditors (not including the U.S. Treasury) are the New GM Equity Interests** and it is currently anticipated that all of the New GM Equity Interests will be available for distribution to the Debtors' creditors (not including the U.S. Treasury).   However, if the Wind Down Facility and the proceeds of the asset sales are insufficient to pay the administrative expenses of winding down the Debtors' estates and administering a chapter 11 plan, the Debtors will have to use the New GM Equity Interests to pay such expenses.

## NOTES PERTAINING TO ALL DEBTORS

1. **Basis of Presentation:** For financial reporting purposes, prior to the Commencement Date, the Debtors, along with certain non-Debtor affiliates, prepared consolidated financial statements that were audited annually. Unlike such consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.   Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with United States Generally Accepted Accounting Principles, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.

2. **Amendment:** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements.   Despite these efforts, inadvertent errors or omissions may exist.   The Debtors reserve all rights to, but are not required to, amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

3. **Causes of Action:** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.   The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

4. **Assumption and Assignment of Executory Contracts:** As part of the GM Asset Sale, the Debtors assumed and then assigned hundreds of thousands of executory contracts and unexpired leases to New GM.   Under the MSPA, for each assumed and assigned contract, New GM is required to pay all associated cure costs, thereby satisfying all prepetition claims arising under the assigned contracts.   As a result, the Schedules do not include (i) any contract or lease assumed by the Debtors and assigned to New GM as of September 1, 2009 or (ii) prepetition amounts owed to counterparties to such contracts or leases. New GM continues to review contracts for possible designation for assumption and assignment pursuant to the MSPA.

5. **Recharacterization:** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.   However, due to the complexity and size of the Debtors' businesses and operations, the Debtors may have improperly characterized, classified, categorized, or designated certain items.   The Debtors thus reserve all of their rights to recharacterize, reclassify,

recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

6. **Claim Description:** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated, or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated, or "disputed." Moreover, the Debtors reserve all of their rights to, but are not required to, amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

7. **Unliquidated Claim Amounts:** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated".

8. **Undetermined Amounts:** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

9. **Bankruptcy Court Orders:** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, lienholders, and certain other prepetition creditors. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a Court order that preserves such rights to contest.

10. **Valuation:** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of June 30, 2009. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of September 1, 2009. Certain other assets, such as investments in subsidiaries, are listed at undetermined amounts, as the net book values may differ materially from fair market values or the amounts ultimately realized. Similarly, the value of the New GM Equity Interests is undetermined. The Debtors do not intend to amend these Schedules to reflect actual values.

11. **Liabilities:** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate in this regard.

12. **Guarantees and Other Secondary Liability Claims:** The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified they have been included in the relevant Schedule F for the Debtor or Debtors affected by such Guarantees. The Debtors, however, believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to, but are not required to, amend the Schedules to the extent that additional Guarantees are identified.

13. **Intellectual Property Rights:** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition,

or other transaction.    Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.    Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

14. **Currency:**    Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **Property and Equipment:**    Unless otherwise indicated, owned property and equipment are stated at net book value.    The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements.    Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

16. **Claims of Third-Party Related Entities:** While the Debtors have made every effort to classify properly each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.

17. **Insiders:**    In connection with statement questions 3c and 21, the Debtors have listed the members of their respective boards of directors and all employees that held any of the following titles:    Group Vice President, President, General Auditor, Chief Executive Officer, Chief Operating Officer, Chairman, Corporate Secretary, Chief Information Officer, Executive Vice President, Chief Financial Officer, Vice Chairman, General Counsel, and Corporate Treasurer.    Persons have been included in the Statements for informational purposes only, and the listing of an individual as an "insider," however, is not intended to be, and should not be construed as, a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.    Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

Information about payments and prior relationships with AP Services LLC is disclosed in the affidavits and supplements thereto that accompany the Debtors' Motion Pursuant to 11 U.S.C. § 363 for an Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date (related Docket Numbers 952, 2949, 3133, 3591, 3686, 3831, and 3964).

18. **Confidentiality:**    Addresses of current and former employees of the Debtors are generally not included in the Schedules and Statements.    The Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

19. **Payments:** The financial affairs and business of the Debtors were complex.    Prior to the Commencement Date, the Debtors participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.    A description of the Debtors' prepetition cash management system is set forth in the Debtors' motion for authorization, among other things, to continue using their cash management system, as modified, dated June 1, 2009 (Docket Number 30).    Moreover, as noted, only payments made to parties that remain as creditors to MLC or have executory contracts that have not been assumed and assigned are listed in the Statements.

20. **Intercompany Transactions:** Prior to the Commencement Date, the Debtors engaged in intercompany transactions resulting in intercompany accounts payable and receivable. The respective intercompany accounts payable and receivable as of the Commencement Date have not been fully reconciled. Accordingly, intercompany account balances are generally not listed in the Schedules.

21. **Totals:** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined". To the extent that there are unknown or undetermined amounts, the actual total may be materially different than the listed total.

22. **Schedules:**

    a. **Schedule D – Creditors Holding Secured Claims:** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties, which may hold security deposits, have not been listed on Schedule D. Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements; no attempt has been made to identify such agreements for purposes of Schedule D. Based on a UCC lien search, all parties that have filed liens against the Debtors are listed in Schedule D, with the exception of certain parties. However, the Debtors have not confirmed the validity of these liens or the appropriate amounts owed. Therefore, these liabilities are listed at undetermined amounts and marked as contingent, unliquidated, and disputed (C/U/D).

    b. **Schedule E – Creditors Holding Priority Claims:** Listing a claim on Schedule E as "priority" does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

    c. **Schedule F – Creditors Holding Unsecured Nonpriority Claims:** Schedule F does not include certain deferred charges, deferred liabilities or general reserves, as such accruals do not represent specific claims as of the Commencement Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While reasonable efforts have been made to list the date that each claim arose, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

    Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the identity of the Debtors that are the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor. The inclusion of any litigation action in these Schedules and Statements does not constitute an admission by the

Debtors of liability, the validity of any litigation action, or the amount or treatment of any claims, defenses, counterclaims, and cross-claims with respect to any litigation action and the amount or treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

The claims of individual creditors are listed at the amounts recorded on the Debtor's books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights with respect to such credits or allowances.

d.  **Schedule G – Executory Contracts:**    The historical businesses of the Debtors were large and complex.    While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred.    The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.

Schedule G contains all known executory contracts and unexpired leases entered into prior to the Commencement Date that have not been assumed and assigned to Purchaser as of September 1, 2009.    Schedule G may include contracts and leases that have expired by their terms prior to September 1, 2009.

Nothing herein shall be construed as a concession or evidence that any of the contracts, agreements, and leases identified on Schedule G: (i) constitute an "executory contract" within the meaning of section 365 of the Bankruptcy Code and other applicable law; or (ii) have not expired or been terminated or otherwise currently are in full force and effect.    Rather, the Debtors expressly reserve all of their rights with respect thereto, including their right to seek a later determination of these issues and their right to dispute the validity, status, characterization or enforceability of any contracts leases or set forth therein.    Certain of these contracts or leases may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed herein, but are nonetheless incorporated herein by this reference.    Moreover, omission of a contract or lease from Schedule G does not constitute an admission that such contract or lease is not an executory contract or unexpired lease.

In some cases, the same supplier or provider appears multiple times in Schedule G.    This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the contracts and leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.    Such rights, powers, duties and obligations may not be set forth on Schedule G.    In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.    Such documents may also not be set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.    The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts and leases listed on Schedule G may have been entered into by more than one of the Debtors.    Finally, certain of the contracts and leases listed on Schedule G may not have been memorialized and could be subject to dispute.

Schedule G includes a column entitled "Note", and certain contracts and leases on Schedule G include number (1) or (2) under the Note column. This information relates to whether the Debtors have taken any action toward assuming the contract or lease and assigning it to the Purchaser under the MSPA. The Sale Order, the order approving certain procedures in relation to the GM Asset Sale, dated June 2, 2009 (Docket Number 274), and the MSPA set forth certain procedures for the Debtors to assume contracts and leases and assign them to New GM. Among other things, the procedures provide that New GM may designate a contract or lease for assumption (such designated contract or lease, an "***Assumable Executory Contract***") until a specified date (the "***Executory Contract Designation Deadline***"), which date may be extended by mutual agreement of the Debtors and New GM (in whole or for any particular contract or lease or groups of contracts or leases). As of the date of the filing of the Schedules, the Executory Contract Designation has been extended to September 30, 2009. After a contract or lease has been designated as an Assumable Executory Contract, the Debtors must provide notice and a 10-day opportunity to object to the counterparty to the contract. Even after the deadline for filing an objection has passed, an Assumable Executory Contract is not assumed and assigned until the later of the date any non-cure objections, if any, have been resolved or overruled and the date that New GM designates as the assumption effective date (the "***Assumption Effective Date***"). Prior to such Assumption Effective Date, New GM can un-designate for assumption any Assumable Executory Contract, such that any Assumable Executory Contract may ultimately not be assumed and assigned to New GM. Note (1) refers to contracts and leases that have been designated as Assumable Executory Contracts as of September 1, 2009, but for which the Assumption Effective Date has not occurred as of September 1, 2009 because the counterparty has filed an objection to such Assumption Effective Date, and the objection has not been resolved as of September 1, 2009. The Debtors and New GM are currently working toward resolving such objections. Note (2) refers to contracts and leases that have been designated as Assumable Executory Contracts as of September 1, 2009, but for which the Assumption Effective Date has not occurred as of such date because either the objection period has not expired or because the Purchaser has not determined the Assumption Effective Date. If the Note column does not include a number, then the contract or lease is not an Assumable Executory Contract as of September 1, 2009.

e.  **Schedule H – Co-Debtors:**    In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because of the volume of such claims, because all are contingent, disputed or unliquidated, and because such claims are listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

23. **Statements**

a.  **Statements – Question 3b - 90 Day Payments:**    The dates set forth in the "Date of Payment" column relate to one of the following:    (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the clearance date for a check or money order. In addition to the payments disclosed in response to this Question, the Debtors engaged in numerous transactions, including payments and other transfers, with their Debtor and non-debtor affiliates on a daily basis under a consolidated cash management system. Given the significant volume and ordinary course nature of such transactions, the Debtors may not have listed all such intercompany transfers and transactions.

b.  **Statements – Question 17 - Environmental:**    The Debtors historically maintained property and operations in many locations. At some of these locations, the Debtors no longer have any operations, and, as of the Commencement Date, may no longer have had relevant records, or the records may no longer be complete or reasonably accessible and reviewable. Some individuals who once possessed responsive information are no longer employed by the Debtors. For all of these reasons, it may not be reasonably possible to identify and supply the requested information for every "site" and "proceeding" literally responsive to Question 17. Nonetheless, the Debtors

have devoted substantial internal and external resources to identifying and providing the requested information for as many responsive sites and proceedings as reasonably possible. The Debtors prioritized identifying all active or open matters. The Debtors reserve all of their rights to, but are not required to, supplement or amend this response in the future if additional information becomes available.

Due to the number of potentially responsive matters for the Debtors, the practical burdens of compiling information on inactive matters, and the presumably lower relevance of information on matters that have been inactive for a longer period of time, the Debtors generally have attempted to compile information on inactive matters only where there has been some activity within the last few years.

Where a site is the subject of a proceeding, settlement, or order listed in the response to Question 17(c), the site and notices related to it are not also listed in the responses to Questions 17(a) or 17(b). Similarly, sites that are listed in the response to Question 17(a) (sites for which the Debtors have received notice from a governmental unit) are not repeated in the response to Question 17(b) (sites at which the Debtors have provided notice to a governmental unit).

Where a site identified in Attachment 17(a) or 17(b) is the subject of multiple notices, or notices that preceded and were related to proceedings listed in the response to Question 17(c), all such notices may not be listed.

The response to Question 17(b) (concerning notices by the Debtors of releases) does not list routine reports and submissions, to the extent they exist, concerning discharges resulting from normal operations where such reports and submissions were made in compliance with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions, and submissions concerning air emissions.

c.  **Statements – Questions 19a and 19c – Books and Records:**  The Debtors historically employed hundreds of individuals with various bookkeeping responsibilities. Ultimately, all of these individuals reported to Nicholas Cyprus, MLC's prepetition Chief Accounting Officer as the primary individual who directly kept or was in possession of the Debtors' books and records. Due to the voluminous nature of this detail, only Mr. Cyprus is listed in the responses to these Questions.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: __MLCS Distribution Corporation__

Case No.    __09-50028__

Chapter    __11__

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 6 | $0 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $0 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 1 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 2 | | $0 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 2 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 15 | | | |

Total Assets > $0

Total Liabilities > $0

**In re: MLCS Distribution Corporation**                    **Case No.**        09-50028

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑  Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|
|  |  |  |  |

**Specific Notes**

Refer to Global Notes section regarding asset values.

| In re: | **MLCS Distribution Corporation** | Case Number: | **09-50028** |
|---|---|---|---|
| | Debtor | | (if known) |

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

In re:  **MLCS Distribution Corporation**                          Case Number:  **09-50028**
_____                                    _____
            Debtor                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. | X | | |
| 13.  Stock and interests in incorporated and unincorporated business. Itemize. | | See Attached Exhibit B-13 | Undetermined |
| 14.  Interests in partnerships or joint ventures.  Itemize. | | See Attached Exhibit B-14 | Undetermined |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16.  Accounts receivable. | X | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18.  Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

In re:  **MLCS Distribution Corporation**                    Case Number:  **09-50028**
                    Debtor                                                                  (if known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | X | | |
| 29.  Machinery, fixtures, equipments, and supplies used in business. | X | | |
| 30.  Inventory | X | | |

In re:  **MLCS Distribution Corporation**                              Case Number:  **09-50028**
                          Debtor                                                                      (if known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 31.  Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | |

**Motors Liquidation Company**
Case Number: 09-50026
Exhibit B-13 & B-14

| Debtor | Legal Entity | Parent | % Ownership | Tax ID | State of Incorporation / Formation | Date of Formation | Type |
|---|---|---|---|---|---|---|---|
| X | Motors Liquidation Company (f/k/a "General Motors Corp.") | | | 38-0572515 | Delaware | 10/13/1916 | Debtor Entity |
| | Alan Reuber MLCT, Inc. (f/k/a "Alan Reuber Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 75-2960772 | Delaware | 10/24/2001 | Dealership Related Entity |
| | Albany Auto Group, LLC | Motors Liquidation Company | 100.00% | 14-1826374 | Delaware | 08/23/2000 | Dealership Related Entity |
| | Alhambra Pontiac GMC Buick, Inc. | Motors Liquidation Company | 100.00% | 95-4649729 | Delaware | 08/25/1997 | Dealership Related Entity |
| | Alternative Energy Services LLC | Motors Liquidation Company | 100.00% | 74-3159708 | Delaware | 01/17/2006 | Other Entity |
| | Amherst MLCT, Inc. (f/k/a "Amherst Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 20-0815593 | Delaware | 02/25/2004 | Dealership Related Entity |
| | Anixter International, Inc. | Motors Liquidation Company | 0.010% | 94-1658138 | Delaware | 12/06/1967 | Historical Investment Entity |
| | Auburn MLCT, Inc. (f/k/a "Auburn Chevrolet Oldsmobile Cadillac, Inc.") | Motors Liquidation Company | 100.00% | 03-0449443 | Delaware | 05/20/2002 | Dealership Related Entity |
| | Autocity MLC, Inc. (f/k/a "Autocity Buick Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 65-0930869 | Delaware | 06/17/1999 | Dealership Related Entity |
| | Beacon MLCT, Inc. (f/k/a "Beacon Chevrolet Oldsmobile, Inc.") | Motors Liquidation Company | 100.00% | 36-4357010 | Delaware | 01/03/2000 | Dealership Related Entity |
| | Beil Acquisition Corporation | Motors Liquidation Company | 100.00% | 52-2455545 | Delaware | 03/23/2005 | Other Entity |
| | Bennett MLCT, Inc. (f/k/a "Bennett Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 42-1531241 | Delaware | 03/06/2002 | Dealership Related Entity |
| | Bensonhurst Chevrolet, Inc. | Motors Liquidation Company | 100.00% | 20-1736788 | Delaware | 10/12/2004 | Dealership Related Entity |
| | Buick GMC of Milford, Inc. | Motors Liquidation Company | 100.00% | 20-0409941 | Delaware | 12/18/2003 | Dealership Related Entity |
| | Cadillac of Lynbrook, Inc. | Motors Liquidation Company | 100.00% | 20-2123418 | Delaware | 01/10/2005 | Dealership Related Entity |
| | Carnahan MLCT, Inc. (f/k/a "Carnahan Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 01-0712895 | Delaware | 06/24/2002 | Dealership Related Entity |
| | Champion MLC, Inc. (f/k/a "Champion Buick Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 51-0599585 | Delaware | 11/14/2005 | Dealership Related Entity |
| | MLCT of Clarks Summit, Inc. (f/k/a "Chevrolet Of Clarks Summit, Inc.") | Motors Liquidation Company | 100.00% | 20-0438033 | Delaware | 12/17/2003 | Dealership Related Entity |
| | MLC of Chicopee, Inc. (f/k/a "Chevrolet-Oldsmobile-Cadillac of Chicopee, Inc.") | Motors Liquidation Company | 100.00% | 04-3395345 | Delaware | 10/02/1997 | Dealership Related Entity |
| X | MLC of Harlem, Inc. (f/k/a "Chevrolet-Saturn of Harlem, Inc.") | Motors Liquidation Company | 100.00% | 20-1426707 | Delaware | 06/08/2004 | Dealership Related Entity |
| | Cobb Parkway MLCT, Inc. (f/k/a "Cobb Parkway Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 58-2658274 | Delaware | 10/24/2001 | Dealership Related Entity |
| | Colchester Chevrolet, Inc. | Motors Liquidation Company | 65.00% | 20-2668164 | Delaware | 01/24/2005 | Dealership Related Entity |
| | Commerce MLC, Inc. (f/k/a "Commerce Buick Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 26-0071506 | Delaware | 09/10/2003 | Dealership Related Entity |
| | Commonwealth On The Lynnway, Inc. | Motors Liquidation Company | 100.00% | 04-3109519 | Delaware | 01/17/1991 | Dealership Related Entity |
| | Dadeland MLCT, Inc. (f/k/a "Dadeland Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 22-3658088 | Delaware | 03/10/1999 | Dealership Related Entity |
| | DDH Investments of South Texas, Inc. | Motors Liquidation Company | 100.00% | 76-0679954 | Delaware | 05/11/2001 | Dealership Related Entity |
| | Decatur Buick Pontiac GMC, Inc. | Motors Liquidation Company | 100.00% | 58-2584426 | Delaware | 11/14/2000 | Dealership Related Entity |
| | Douglaston Chevrolet, Inc. | Motors Liquidation Company | 100.00% | 11-3293334 | Delaware | 10/18/1995 | Dealership Related Entity |
| | DP Compressors L.L.C. | Motors Liquidation Company | 50.00% | Unknown | Delaware | 01/14/1998 | Historical Operating Entity |
| | Elk Grove Buick Pontiac GMC, Inc. | Motors Liquidation Company | 68.00% | 68-0417912 | Delaware | 08/17/1998 | Dealership Related Entity |
| | Elk Grove MLST Auto, Inc. (f/k/a "Elk Grove Saturn Auto, Inc.") | Motors Liquidation Company | 100.00% | 73-1698288 | Delaware | 03/16/2004 | Dealership Related Entity |
| | El-Mo Holding I Corporation | Motors Liquidation Company | 100.00% | 38-1357921 | Delaware | 10/30/1970 | Historical Operating Entity |
| | El-Mo Holding II Corporation | Motors Liquidation Company | 100.00% | 38-2010333 | Delaware | 01/11/1973 | Historical Operating Entity |
| | El-Mo Leasing II Corporation | Motors Liquidation Company | 100.00% | 38-3538137 | Delaware | 05/05/2000 | Historical Operating Entity |
| | El-Mo Leasing III Corporation | Motors Liquidation Company | 100.00% | 38-3559694 | Delaware | 12/12/2000 | Historical Operating Entity |
| | El-Mo-Mex, Inc. | Motors Liquidation Company | 100.00% | 38-3485651 | Delaware | 07/19/1999 | Historical Operating Entity |
| | Environmental Corporate Remediation Company, Inc. | Motors Liquidation Company | 100.00% | 41-1650789 | Delaware | 10/06/1989 | Historical Operating Entity |
| | Ernie Patti Pontiac GMC, Inc. | Motors Liquidation Company | 69.00% | 43-1780750 | Delaware | 05/09/1997 | Dealership Related Entity |
| | Exeter MLC, Inc. (f/k/a "Exeter Chevrolet Buick Pontiac, Inc.") | Motors Liquidation Company | 100.00% | 47-0860309 | Delaware | 04/05/2002 | Dealership Related Entity |
| | Fairway Automotive Group, Inc. | Motors Liquidation Company | 100.00% | 23-3097685 | Delaware | 10/23/2001 | Dealership Related Entity |
| | Falls MLC, Inc. (f/k/a "Falls Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 11-3706327 | Delaware | 09/26/2003 | Dealership Related Entity |
| | Family MLC, Inc. (f/k/a "Family Buick Pontiac GMC, Inc.") | Motors Liquidation Company | 100.00% | 68-0573171 | Delaware | 11/06/2003 | Dealership Related Entity |
| | Fernandez MLC, Inc. (f/k/a "Fernandez GMC Pontiac Buick, Inc.") | Motors Liquidation Company | 100.00% | 75-2673072 | Delaware | 10/10/1996 | Dealership Related Entity |
| | Florence MLCT, Inc. (f/k/a "Florence Buick GMC, Inc.") | Motors Liquidation Company | 77.00% | 31-1490945 | Delaware | 12/20/1996 | Dealership Related Entity |
| | Freeborough Automotive, Inc. | Motors Liquidation Company | 70.00% | 16-1688770 | Delaware | 12/03/2003 | Dealership Related Entity |
| | Freehold MLCT, Inc. (f/k/a "Freehold Chevrolet-Geo, Inc.") | Motors Liquidation Company | 100.00% | 13-3787761 | Delaware | 09/23/1994 | Dealership Related Entity |
| | Frontier MLCT, Inc. (f/k/a "Frontier Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 16-1540413 | Delaware | 11/24/1997 | Dealership Related Entity |
| | GEM Motors, Inc. | Motors Liquidation Company | 100.00% | 04-3212356 | Delaware | 11/23/1993 | Dealership Related Entity |
| | MLC Commercial Corporation (f/k/a "General Motors Commercial Corporation") | Motors Liquidation Company | 100.00% | 38-2091491 | Delaware | 09/04/1975 | Historical Operating Entity |
| | MLC Export Corporation (f/k/a "General Motors Export Corporation") | Motors Liquidation Company | 100.00% | 38-1975283 | Delaware | 06/12/1920 | Historical Operating Entity |
| | General Motors Foreign Sales Corporation | | 100.00% | Not required, non-US entity | | | Foreign Entity |
| | MLC Indonesia, Inc. (f/k/a "General Motors Indonesia, Inc.") | Motors Liquidation Company | 100.00% | 38-2939018 | Delaware | 01/16/1990 | Historical Operating Entity |
| | MLC International Operations, Inc. (f/k/a "General Motors International Operations, Inc.") | Motors Liquidation Company | 100.00% | 38-3193621 | Delaware | 08/17/1994 | Historical Operating Entity |
| | General Motors Nova Scotia Finance Company | | 100.00% | Not required, non-US entity | | | Foreign Entity |
| | MLC Receivables Corporation (f/k/a "General Motors Receivables Corporation") | Motors Liquidation Company | 100.00% | 51-0332668 | Delaware | 03/25/1991 | Historical Operating Entity |
| | General Motors Strasbourg | | 100.00% | Not required, non-US entity | | | Foreign Entity |
| | General Motors Trade Receivables LLC | Motors Liquidation Company | 100.00% | 20-1319076 | Delaware | 06/29/2004 | Historical Operating Entity |
| | Gilroy MLCT, Inc. (f/k/a "Gilroy Chevrolet Cadillac, Inc.") | Motors Liquidation Company | 100.00% | 57-1191244 | Delaware | 10/23/2003 | Dealership Related Entity |
| | MLC Auto Receivables Co. (f/k/a "GM Auto Receivables Co.") | Motors Liquidation Company | 100.00% | 38-3077777 | Delaware | 11/02/1992 | Historical Operating Entity |
| | MLC DriverSite Incorporated (f/k/a "GM DriverSite Incorporated") | Motors Liquidation Company | 100.00% | 38-3470687 | Delaware | 05/14/1999 | Other Entity |
| | GM Facilities Trust No. 1999-1 | Motors Liquidation Company | 100.00% | 51-6512692 | Delaware | 05/28/1999 | Other Entity |
| | MLC National Car International, Ltd. (f/k/a "GM National Car International, Ltd.") | Motors Liquidation Company | 100.00% | 41-0963925 | Delaware | 08/17/1970 | Historical Operating Entity |
| | MLCETR Finance Company Receivables LLC (f/k/a "GMETR Finance Company Receivables LLC") | Motors Liquidation Company | 100.00% | 26-3362510 | Delaware | 09/12/2008 | Historical Operating Entity |
| | MLCETR Service Parts Receivables LLC (f/k/a "GMETR Service Parts Receivables LLC") | Motors Liquidation Company | 100.00% | 26-3362441 | Delaware | 09/12/2008 | Historical Operating Entity |
| | MLCLG Ltd. (f/k/a "GMLG Ltd.") | Motors Liquidation Company | 100.00% | 38-2674542 | Delaware | 01/21/1986 | Historical Operating Entity |
| | MLS USA, Inc. | MLCLG Ltd. (f/k/a "GMLG Ltd.") | 100.00% | 16-1279965 | Delaware | Unknown | Historical Operating Entity |
| | Hawaii Automotive Retailing Group, Inc. | Motors Liquidation Company | 72.100% | 77-0498685 | Delaware | 04/08/2004 | Dealership Related Entity |
| | Hope Automotive, Inc. | Motors Liquidation Company | 100.00% | 71-0853410 | Delaware | 02/20/2001 | Dealership Related Entity |
| | InQBate Corporation | Motors Liquidation Company | 0.010% | 75-2926440 | Delaware | 10/13/2000 | Historical Investment Entity |
| | Integrity Saturn of Chattanooga, Inc. | Motors Liquidation Company | 79.100% | 20-0295892 | Delaware | 10/10/2003 | Dealership Related Entity |
| | Jennings Motors, Inc. | Motors Liquidation Company | 100.00% | 06-1344000 | Michigan | Unknown | Dealership Related Entity |
| | John H. Powell, Jr. Chevrolet Oldsmobile, Inc. | Motors Liquidation Company | 100.00% | 75-2745066 | Delaware | 03/10/1998 | Dealership Related Entity |
| | Joseph Motors, Inc. | Motors Liquidation Company | 100.00% | 22-3695177 | Delaware | 10/18/1999 | Dealership Related Entity |
| | Kaufman Automotive Group, Inc. | Motors Liquidation Company | 100.00% | 20-1386149 | Delaware | 07/01/2004 | Dealership Related Entity |
| | Kings Mountain MLCT, Inc. (f/k/a "Kings Mountain Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 20-1697839 | Delaware | 09/27/2004 | Dealership Related Entity |
| | LBK, LLC | Motors Liquidation Company | 100.00% | 26-2006935 | Delaware | 02/05/2008 | Historical Investment Entity |
| | Leo Stec MLST, Inc. (f/k/a "Leo Stec Saturn, Inc.") | Motors Liquidation Company | 100.00% | 30-0264427 | Delaware | 08/05/2004 | Dealership Related Entity |
| | Lexington Motors, Inc. | Motors Liquidation Company | 72.000% | 54-2140120 | Delaware | 01/09/2004 | Dealership Related Entity |
| | Lou Sobh Cerritos Saturn, Inc. | Motors Liquidation Company | 82.000% | 76-0707693 | Delaware | 08/07/2002 | Dealership Related Entity |
| | Lou Sobh Saturn, Inc. | Motors Liquidation Company | 85.000% | 36-4484409 | Delaware | 12/06/2001 | Dealership Related Entity |
| | Lou Sobh Saturn of Elmhurst, Inc. | Lou Sobh Saturn, Inc. | 100.00% | 52-2406272 | Delaware | 10/17/2003 | Dealership Related Entity |
| | Lowell MLC, Inc. (f/k/a "Lowell Pontiac Buick GMC, Inc.") | Motors Liquidation Company | 100.00% | 04-3408702 | Delaware | 12/17/1997 | Dealership Related Entity |
| | Manual Transmissions of Muncie, LLC | Motors Liquidation Company | 100.00% | 38-3653287 | Delaware | 06/20/2002 | Historical Operating Entity |
| | Martino MLC, Inc. (f/k/a "Martino Pontiac-GMC, Inc.") | Motors Liquidation Company | 100.00% | 36-4440115 | Delaware | 04/26/2001 | Dealership Related Entity |
| | MDIP-Norcal, Inc. | Motors Liquidation Company | 100.00% | 16-1670883 | Delaware | 06/02/2003 | Dealership Related Entity |
| | Merry MLC, Inc. (f/k/a "Merry Oldsmobile, Inc.") | Motors Liquidation Company | 100.00% | 94-2299495 | Delaware | 07/25/1975 | Dealership Related Entity |
| | Metro MLCT, Inc. (f/k/a "Metro Chevrolet, Inc.") | Motors Liquidation Company | 100.00% | 47-0904148 | Delaware | 01/09/2003 | Dealership Related Entity |
| | Metropolitan Auto Center, Inc. | Motors Liquidation Company | 100.00% | 95-4320384 | Delaware | 04/19/1991 | Dealership Related Entity |
| | Miami Lakes MLP, Inc. (f/k/a "Miami Lakes Pontiac, Inc.") | Motors Liquidation Company | 100.00% | 65-0444763 | Delaware | 10/18/1993 | Dealership Related Entity |
| | Millington Chevrolet, Inc. | Motors Liquidation Company | 100.00% | 20-1609974 | Delaware | 10/01/2004 | Dealership Related Entity |
| | Miracle Mile MLC, Inc. (f/k/a "Miracle Mile Chevrolet Buick, Inc.") | Motors Liquidation Company | 100.00% | 57-1170062 | Delaware | 06/06/2003 | Dealership Related Entity |
| | Motor Enterprises, Inc. | Motors Liquidation Company | 100.00% | 39-1914795 | Delaware | 04/10/1970 | Historical Operating Entity |
| | Motors Trading Corporation | Motors Liquidation Company | 100.00% | 38-2286181 | Michigan | 11/26/1979 | Historical Operating Entity |
| | Multiple Dealerships Holdings of Albany, Inc. | Motors Liquidation Company | 100.00% | 38-3486555 | Delaware | 05/04/1999 | Dealership Related Entity |

Motors Liquidation Company
Case Number:  09-50026
Exhibit B-13 & B-14

| Debtor | Legal Entity | Parent | % Ownership | Tax ID | State of Incorporation / Formation | Date of Formation | Type |
|---|---|---|---|---|---|---|---|
|  | MLCRH Kansas City, Inc. (f/k/a "GMRH Kansas City, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494175 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | MLCRH Philadelphia, Inc. (f/k/a "GMRH Philadelphia, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494169 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | MLCRH Pittsburgh, Inc. (f/k/a "GMRH Pittsburgh, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494166 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | MLCRH Seattle, Inc. (f/k/a "GMRH Seattle, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494174 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | MLCRH St. Louis, Inc. (f/k/a "GMRH St. Louis, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494180 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | MLCRHLA, Inc. (f/k/a "GMRHLA, Inc.") | Multiple Dealerships Holdings of Albany, Inc. | 100.000% | 38-3494164 | Delaware | 09/09/1999 | Dealership Related Entity |
|  | TX Holdco, LLC | Multiple Dealerships Holdings of Albany, Inc. | 1.000% | Unknown | Delaware | 01/18/2000 | Dealership Related Entity |
|  | New Castle Automotive, Inc. | Motors Liquidation Company | 100.000% | 47-0871327 | Delaware | 07/01/2002 | Dealership Related Entity |
|  | New Rochelle MLCT, Inc. (f/k/a "New Rochelle Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 13-4027155 | Delaware | 10/15/1998 | Dealership Related Entity |
|  | New United Motor Manufacturing, Inc. | Motors Liquidation Company | 50.000% | 94-2930678 | California | 12/23/1983 | Historical Investment Entity |
|  | New-Cen Commercial Corporation | Motors Liquidation Company | 100.000% | 38-2290968 | Michigan | 07/23/1979 | Historical Operating Entity |
|  | North Bay Auto Group, LLC | Motors Liquidation Company | 100.000% | 04-3539017 | Delaware | 11/06/2000 | Dealership Related Entity |
|  | North Bay Multi-Site, Inc. | Motors Liquidation Company | 100.000% | Unknown | Unknown | Unknown | Dealership Related Entity |
|  | North Orange County MLST, Inc. (f/k/a "North Orange County Saturn, Inc.") | Motors Liquidation Company | 100.000% | 26-2138396 | Delaware | 03/03/2008 | Dealership Related Entity |
|  | Northpoint MLC Truck, Inc. (f/k/a "Northpoint Pontiac-Buick-GMC Truck, Inc.") | Motors Liquidation Company | 100.000% | 76-0468386 | Delaware | 04/24/1995 | Dealership Related Entity |
|  | Oakland Automotive Center, Inc. | Motors Liquidation Company | 100.000% | 22-3900799 | Delaware | 04/27/2004 | Dealership Related Entity |
|  | Pacific Dealership Group, Inc. | Motors Liquidation Company | 100.000% | 94-3387843 | Delaware | 02/08/2002 | Dealership Related Entity |
|  | Park Plaines MLCT, Inc. (f/k/a "Park Plaines Chevrolet-Geo, Inc.") | Motors Liquidation Company | 100.000% | 36-3785446 | Delaware | 08/02/1991 | Dealership Related Entity |
|  | Peninsula MLC, Inc. (f/k/a "Peninsula Pontiac GMC Buick, Inc.") | Motors Liquidation Company | 100.000% | 33-0780926 | Delaware | 11/07/1997 | Dealership Related Entity |
|  | Pontiac Buick GMC Of Abilene, Inc. | Motors Liquidation Company | 100.000% | 75-2731302 | Delaware | 10/03/1997 | Dealership Related Entity |
|  | Pontiac GMC of Latham, Inc. | Motors Liquidation Company | 100.000% | 16-1667631 | Delaware | 05/21/2003 | Dealership Related Entity |
|  | Port Arthur Chevrolet, Inc. | Motors Liquidation Company | 100.000% | 71-0935975 | Delaware | 02/24/2003 | Dealership Related Entity |
|  | Premier Investment Group, Inc. | Motors Liquidation Company | 100.000% | 38-3375453 | Delaware | 08/07/1997 | Dealership Related Entity |
|  | Prestige Saturn of Jacksonville, Inc. | Motors Liquidation Company | 65.100% | 16-1678030 | Delaware | 09/04/2003 | Dealership Related Entity |
|  | Puente Hills Pontiac GMC Buick, Inc. | Motors Liquidation Company | 100.000% | 95-4599171 | Delaware | 10/02/1996 | Dealership Related Entity |
|  | Rancho Mirada MLCT, Inc. (f/k/a "Rancho Mirada Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 34-1992240 | Delaware | 06/08/2004 | Dealership Related Entity |
|  | Remediation And Liability Management Company, Inc. | Motors Liquidation Company | 100.000% | 38-2529430 | Michigan | 05/08/1984 | Historical Operating Entity |
|  | Riverfront Development Corporation | Motors Liquidation Company | 100.000% | 38-2035876 | Delaware | 02/26/1973 | Other Entity |
|  | MLC Cars Holdings Overseas Corp. (f/k/a "Saab Cars Holdings Overseas Corp.") | Motors Liquidation Company | 100.000% | 58-2192172 | Delaware | 05/13/1995 | Historical Operating Entity |
|  | San Francisco Multiple Dealer Holdings, Inc. | Motors Liquidation Company | 100.000% | 38-3593543 | Delaware | 04/06/2000 | Dealership Related Entity |
| X | MLCS, LLC (f/k/a "Saturn Corporation") | Motors Liquidation Company | 100.000% | 38-2577506 | Delaware | 02/21/1985 | Debtor Entity |
| X | MLCS Distribution Corporation (f/k/a "Saturn Distribution Corporation") | MLCS, LLC (f/k/a "Saturn Corporation") | 100.000% | 38-2755764 | Delaware | 08/10/1987 | Debtor Entity |
|  | Saturn Retail of South Carolina, LLC | MLCS Distribution Corporation (f/k/a "Saturn Distribution Corporation") | 100.000% | 62-1801884 | Delaware | 11/09/1999 | Dealership Related Entity |
|  | Saturn of Central Florida, Inc. | Motors Liquidation Company | 87.000% | 20-0334836 | Delaware | 10/17/2003 | Dealership Related Entity |
|  | Saturn of Charlotte Market Area, Inc. | Motors Liquidation Company | 56.800% | 46-0490751 | Delaware | 07/11/2002 | Dealership Related Entity |
|  | Saturn of New York City, Inc. | Motors Liquidation Company | 100.000% | 20-0364060 | Delaware | 10/21/2003 | Dealership Related Entity |
|  | Saturn of Ontario, Inc. | Motors Liquidation Company | 57.800% | 33-0653643 | Delaware | 01/06/1995 | Dealership Related Entity |
|  | Saturn of Raleigh Market Area, Inc. | Motors Liquidation Company | 69.100% | 30-0097449 | Delaware | 07/11/2002 | Dealership Related Entity |
|  | Saturn of Wilkes Barre, Inc. | Motors Liquidation Company | 78.000% | 80-913060 | Delaware | 10/10/2002 | Dealership Related Entity |
|  | Sherwood Pontiac Buick GMC, Inc. | Motors Liquidation Company | 100.000% | 71-0825327 | Delaware | 05/05/1999 | Dealership Related Entity |
|  | Simpsonville MLCT, Inc. (f/k/a "Simpsonville Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 56-2110938 | Delaware | 11/05/1998 | Dealership Related Entity |
|  | South Bay Multi-Site, Inc. | Motors Liquidation Company | 100.000% | Unknown | Unknown | Unknown | Dealership Related Entity |
|  | SW Houston Motors, Inc. | Motors Liquidation Company | 100.000% | 76-0570241 | Unknown | Unknown | Dealership Related Entity |
|  | Tampa Bay MLB, Inc. (f/k/a "Tampa Bay Buick, Inc.") | Motors Liquidation Company | 100.000% | 59-3536510 | Delaware | 10/27/1998 | Dealership Related Entity |
|  | Tiens Biotech Group (USA), Inc. | Motors Liquidation Company | 0.010% | 75-2926439 | Delaware | 10/13/2000 | Historical Investment Entity |
|  | Torrance Buick GMC, Inc. | Motors Liquidation Company | 100.000% | 95-4660149 | Delaware | 11/07/1997 | Dealership Related Entity |
|  | Tracy MLP MLCC, Inc. (f/k/a "Tracy Pontiac GMC Cadillac, Inc.") | Motors Liquidation Company | 100.000% | 68-0485219 | Delaware | 12/18/2000 | Dealership Related Entity |
|  | Trenton MLCT, Inc. (f/k/a "Trenton Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 22-3479559 | Delaware | 12/04/1996 | Dealership Related Entity |
|  | TX Holdco, LLC | Motors Liquidation Company | 99.000% | Unknown | Delaware | 01/18/2000 | Dealership Related Entity |
|  | Valley Stream Automotive, Inc. | Motors Liquidation Company | 100.000% | 20-0438121 | Delaware | 12/03/2003 | Dealership Related Entity |
|  | Valley Stream Motors, Inc. | Motors Liquidation Company | 100.000% | 13-4187064 | Delaware | 08/29/2001 | Dealership Related Entity |
|  | Vanguard Car Rental USA Inc. | Motors Liquidation Company | 0.100% | 75-3123548 | Delaware | 07/08/2003 | Other Entity |
|  | Vector SCM Mexico S. de R.L. de CV | Motors Liquidation Company | 0.095% | Not required, non-US entity |  |  | Foreign Entity |
|  | Vector SCM, LLC | Motors Liquidation Company | 100.000% | 38-3557035 | Delaware | 09/05/2000 | Historical Operating Entity |
|  | Vector SCM Asia Pacific Pte., Ltd. | Vector SCM, LLC | 100.000% | Not required, non-US entity |  |  | Foreign Entity |
|  | Vector SCM do Brasil Ltda. | Vector SCM, LLC | 100.000% | Not required, non-US entity |  |  | Foreign Entity |
|  | Vector SCM Mexico S. de R.L. de CV | Vector SCM, LLC | 99.900% | Not required, non-US entity |  |  | Foreign Entity |
|  | Vector SCM Shanghai Co., Ltd. | Vector SCM, LLC | 100.000% | Not required, non-US entity |  |  | Foreign Entity |
|  | W. Babylon MLCT, Inc. (f/k/a "W. Babylon Chevrolet-Geo, Inc.") | Motors Liquidation Company | 100.000% | 13-3787760 | Delaware | 09/23/1994 | Dealership Related Entity |
|  | Walsh MLCT, Inc. (f/k/a "Walsh Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 20-1172565 | Delaware | 05/20/2004 | Dealership Related Entity |
|  | Washington MLCT, Inc. (f/k/a "Washington Chevrolet, Inc.") | Motors Liquidation Company | 100.000% | 52-2286520 | Delaware | 07/11/2001 | Dealership Related Entity |
|  | Westminster MLC (f/k/a "Westminster Pontiac GMC Buick, Inc.") | Motors Liquidation Company | 100.000% | 33-0730188 | Delaware | 11/04/1996 | Dealership Related Entity |

**MLCS Distribution Corporation**

**Case Number: 09-50028**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.)  Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C | U | D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|---|---|
| See Attached Exhibit D-1 | | UCC Liens; Date: Various | ☑ | ☑ | ☑ | Undetermined | Undetermined | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |
| | | | ☐ | ☐ | ☐ | | | |

<u>1</u>        continuation sheets attached        **Total**        **Undetermined**   **Undetermined**

**MLCS Distribution Corporation**

**Case Number:  09-50028**

**Exhibit  D-1**

**UCC Liens**

| <u>Name</u> | <u>Address</u> | <u>City, State & Zip</u> | <u>C</u> | <u>U</u> | <u>D</u> | Claim<br>Amount | Collateral<br>Value |
|---|---|---|---|---|---|---|---|
| ARAB BANKING CORPORATION (B.S.C.) | AS COLLATERAL AGENT 600 THIRD AVENUE | NEW YORK, NY 10016 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| CARIBEX RECEIVABLES FINANCE CO. | C/O DEUTSCHE BANK AG, NEW YORK BRANCH WALL STREET 25TH FLOOR | NEW YORK, NY 10005 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| CITICORP USA, INC. | GLOBAL LOAN SUPPORT SERVICES TWO PENNS WAY SUITE 2 | NEW CASTLE, DE 19720 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| DEUTSCHE BANK TRUST COMPANY AMERICAS | AS COLLATERAL AGENT 60 WALL STREET 25TH FLOOR | NEW YORK, NY 10005 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| GMODC TRADE RECEIVABLES LLC | C/O GENERAL MOTORS OVERSEAS DISTRIBUTION CORPORATION RENAISSANCE CENTER, TOWER 100, 32ND FLOOR | DETROIT, MI 48265 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | ONE LIBERTY PLAZA, 5TH FLOOR | NEW YORK, NY 10006 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |
| THE UNITED STATES DEPARTMENT OF THE TREASURY | 1500 PENNSYLVANIA AVENUE, NW | WASHINGTON, DC 20220 | ☑ | ☑ | ☑ | UNDETERMINED | $0 |

$0

**MLCS Distribution Corporation**

**Case Number: 09-50028**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☑    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐    Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(2).

☐    Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(3).

☐    Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐    Certain farmers and fisherman

Claims of certain farmers and fisherman, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(5).

☐    Deposits by individuals

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(6).

☐    Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony,  maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☐    Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐    Commitments to Maintain the capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

☐    Administrative Expense Claims

Claims for the value of any goods received by the debtor within 20 days before the Petition Date in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

Refer to Exhibit E-1 for Motors Liquidation Company for listing of Taxing Authorities.

<u>0</u>  continuation sheets attached

**MLCS Distribution Corporation**

**Case Number:  09-50028**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|
| See Attached Exhibit F-1 | | Other Litigation; Date: Various | ☑ ☑ ☑ | Undetermined |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |
| | | | ☐ ☐ ☐ | |

<u>1</u>    total continuation sheets attached                    **Total**                    **$0**

**MLCS Distribution Corporation**

**Case Number:  09-50028**

**Exhibit  F-1**

**Other Litigation**

| Creditor Name | Address | City, State & Zip | C | U | D | Total Claim Amount |
|---|---|---|---|---|---|---|
| LASSER, STUART | HARWOOD LLOYD LLC 130 MAIN STREET | HACKENSACK,NJ,07601 | ✔ | ✔ | ✔ | UNDETERMINED |
| SATURN OF DENVILLE NJ LIMITED PARTNERSHIP | HARWOOD LLOYD LLC 130 MAIN STREET | HACKENSACK,NJ,07601 | ✔ | ✔ | ✔ | UNDETERMINED |
| **Total** | | | | | | UNDETERMINED |

In re: __MLCS Distribution Corporation__                    Case No.     __09-50028_____

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Global Purchasing Service Center | See Attached Exhibit G-1 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

<u>1</u>    total continuation sheets attached

**MLCS Distribution Corporation**

**Case Number:  09-50028**

**Exhibit  G-1**

**Global Purchasing Service Center**

| Name | Description | Contract ID | Address | Note |
|------|-------------|-------------|---------|------|
| MAGNA  INTERNATIONAL | GM CONTRACT ID: OSEC GLOBAL LONG-TERM AGREEMENT EXTENSION | 5716-01220095 | JOHN FENECH 600 WILSHIRE DR TROY, MI 48084 | 1 |
| MAGNA  INTERNATIONAL | GM CONTRACT ID: OSEC GLOBAL LONG-TERM AGREEMENT | 5716-01220094 | JOHN FENECH 600 WILSHIRE DR TROY, MI 48084 | 1 |
| MAGNA  INTERNATIONAL | GM CONTRACT ID: GMT900 BING TO MAGNA BUSINESS TRANSITION AGREEMENT (GMT900 RIGHT TO GS BUT NOT MOVE, OSEC) | 5716-01220093 | JOHN FENECH 600 WILSHIRE DR TROY, MI 48084 | 1 |

**TOTAL NUMBER OF CONTRACTS:  3**

<u>**Specific Notes**</u>

Refer to Schedule G section of the Global Notes for an explanation of footnotes 1 and 2.

In re: <u>MLCS Distribution Corporation</u>                      Case No.        <u>09-50028</u>

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑    Check this box if debtor has no codebtor

**NAME AND ADDRESS OF CODEBTOR**            **DESCRIPTION**

**MLCS Distribution Corporation**                                **Case Number:  09-50028**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signatory of MLCS Distribution Corporation, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.

**Date:**      **September 15, 2009**                **Signature: /s/ David F. Head**

David F. Head, Vice President and Assistant Secretary
**Name and Title**

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*