**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                :
                                                            :
                        Debtors.                            :   **(Jointly Administered)**
                                                            :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM
(INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(B)(9))
AND PROCEDURES RELATING THERETO AND
<u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

Upon the motion, dated September 2, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (a) establishing (i) **November 9, 2009** at **5:00 p.m. (Eastern Time)** (the "**General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the **Commencement Date**, including any unsecured claim, secured claim, priority claim, or claim under section 503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") and (ii) **November 30, 2009** at **5:00 p.m. (Eastern Time)** (the "**Governmental Bar Date**" together with the General Bar Date, the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

"**Bar Dates**") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim and (b) approving the (i) proposed model Proof of Claim form (the "**Proof of Claim Form**"), (ii) proposed procedures for filing Proofs of Claim, and (iii) proposed procedures for and the form of notice of the Bar Dates (the "**Notice Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the hearing held before the Court on September 14, 2009 (the "**Hearing**") and the Court's decision as stated on the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following procedures for filing Proofs of Claim are approved:

(a) Unless otherwise provided herein, the General Bar Date shall be **November 30, 2009** at **5:00 p.m. (Eastern Time)**.

(b) Unless otherwise provided herein, the Governmental Bar Date shall be **November 30, 2009** at **5:00 p.m. (Eastern Time)**.

(c) Proofs of Claims must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of June 1, 2009 (the "**Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d) If a claimant asserts a Claim against more than one Debtor, the claimant **must** file a separate Proof of Claim against each Debtor.

---

[2] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

(e) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by the Debtors' court approved claims agent, the Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the applicable Bar Date at –

If by hand delivery or overnight courier:
> The Garden City Group, Inc.
> Attn: Motors Liquidation Company Claims Processing
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017

If by first-class mail:
> The Garden City Group, Inc.
> Attn: Motors Liquidation Company
> P.O. Box 9386
> Dublin, Ohio 43017-4286

OR

If by hand delivery:
> United States Bankruptcy Court, SDNY
> One Bowling Green
> Room 534
> New York, New York 10004

(f) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

(g) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty days** following the entry of the order approving such rejection, or be forever barred from doing so.

(h) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages Claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (j) below applies.

(i) In the event the Debtors amend their Schedules to (a) designate a Claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a Claim reflected therein, (c) change the classification of a Claim reflected therein, or (d) add a Claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment.  The

deadline for any holder of a Claim so designated, changed, or added to file a Proof of Claim on account of any such Claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

(j) The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1. any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

2. any person or entity whose claim has been paid in full;

3. any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert Claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a 503(b)(9) Claim);

5. any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6. any holder of a Claim for which a separate deadline is fixed by this Court;

7. any Debtor in these cases having a Claim against another Debtor;

8. any entity that, as of the Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor;

9. any holder of a Claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG, against any of the

        Debtors utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10; or

  10. any person or entity whose Claim is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided,** however, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such Claim on or before the Bar Date, unless another exception identified herein applies.

(k) Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules;

and it is further

  ORDERED that any holder of a Claim against the Debtors that is required but fails to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of such Claim, or receive further notices with respect to any of the Debtors' chapter 11 cases; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached hereto as Annex I, and the proposed notice of the Bar Dates, substantially in the form attached hereto as Annex II (the "**Bar Date Notice**"), are hereby approved; and it is further

ORDERED that the Debtors are authorized to customize the Proof of Claim Form to contain certain information about the creditor to which it is sent and the Debtor against which the creditor might have a Claim; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)   Within **ten days** of entry of this Bar Date Order, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a Bar Date Notice to the following parties:

   1. the United States Trustee for the Southern District of New York;

   2. the attorneys for the statutory committee of unsecured creditors;

   3. all known holders of Claims listed on the Schedules at the addresses stated therein;

   4. all parties known to the Debtors as having potential Claims against any of the Debtors' estates;

   5. all counterparties to any of the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein, which shall not include the counterparties to executory contracts and unexpired leases that have been assumed by the Purchaser pursuant to the sale of substantially all of the Debtors' assets;

   6. the attorneys of record to all parties to pending litigation against any of the Debtors (as of the date of the entry of the Bar Date Order);

   7. the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

   8. all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

    (b)  The Debtors shall post the Proof of Claim Form and Bar Date Notice on the website established by GCG for the Debtors' cases: www.motorsliquidation.com;

and it is further

  ORDERED that the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in each of <u>Financial Times</u>, <u>The Wall Street Journal</u> (Global Edition—North America, Europe, and Asia), <u>The New York Times</u> (National), <u>USA Today</u> (Monday through Thursday, National), <u>Detroit Free Press/Detroit News</u>, <u>Le Journal de Montreal</u> (French), <u>Montreal Gazette</u> (English), <u>The Globe and Mail</u> (National), and <u>The National Post</u> at least **thirty days** prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

  ORDERED that the Debtors may, in their sole discretion, publish the Bar Date Notice in other newspapers, trade journals, or similar publications; and it is further

  ORDERED that the Debtors and GCG are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

  ORDERED that notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the Debtors in these chapter 11 cases; and it is further

  ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the Bar Dates established herein must file such Claims against the Debtors or be forever barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
September **16**, 2009

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

# Annex I

## Notice of Bar Dates

US_ACTIVE:\43159772\04\43159772_4.DOC\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
**In re**                                     :    Chapter 11 Case No.
                                                              :
**MOTORS LIQUIDATION COMPANY**   :    09-50026 (REG)
**f/k/a GENERAL MOTORS CORPORATION,**   :
*et al.*,                                       :
                                                              :
                        **Debtors.**         :    (Jointly Administered)
                                                              :
---------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
### (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH
CLAIMS (INCLUDING CLAIMS UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE)
AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |

PLEASE TAKE NOTICE THAT, on September __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "Debtors") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1,**

**2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.  In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1. **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

2. **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a) Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b) Your claim has been paid in full;

(c) You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d) You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date**;

(e) You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f) You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g) You are a Debtor in these cases having a claim against another Debtor;

(h) You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

(i) You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j) You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

| If by overnight courier or hand delivery to: | If by first-class mail, to: |
|---|---|
| The Garden City Group, Inc. | The Garden City Group, Inc. |
| Attn: Motors Liquidation Company Claims Processing | Attn: Motors Liquidation Company |
| 5151 Blazer Parkway, Suite A | P.O. Box 9386 |
| Dublin, Ohio 43017 | Dublin, Ohio 43017-4286 |

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.     WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

**7.     THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**"). If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-386-6401

     In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment.  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this notice, such as whether the holder should file a Proof of Claim.**

DATED:  September ___, 2009                                   BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**Certain Debt Instruments**

|   | **Debt Instrument** | **CUSIP, ISN, or Swiss Security Numbers** |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| | | |
|---|---|---|
| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

## Annex II

**Proof of Claim Form**