**Hearing Date and Time:  October 6, 2009, at 9:45 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2009 at 4:00 p.m. (prevailing Eastern Time)**

Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:     (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Admission Granted*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:     (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey W. Heineman, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------- x | |
| In re : | Chapter 11 |
| : | Case No. 09-50026(REG) |
| MOTORS LIQUIDATION COMPANY, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| ------------------------------------- x | |

**DECLARATION OF N. KATHLEEN STRICKLAND IN SUPPORT OF MOTION OF REMY INTERNATIONAL, INC. FOR AN ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO INCLUDE CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR ALTERNATIVELY, <u>ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105</u>**

I, N. KATHLEEN STRICKLAND, hereby declare pursuant to Section 1746 of Title 28 of the United States Code:

1.    I am above the age of 21. I am counsel, in good standing in the state bars of California, Colorado and Texas, a partner of the law firm Ropers, Majeski, Kohn and Bentley. I

have been admitted pro hac vice in this General Motors Corporation ("GM") Bankruptcy proceeding, and am counsel of record in this proceeding for Remy International, Inc. ("Remy"). I am competent to give sworn testimony and have personal knowledge of the facts stated herein, except as to those matters stated upon information and belief, and as to those matters I believe them to be true. I am sufficiently familiar with the facts set forth herein to testify competently if required.

2.      In my capacity as counsel to Remy, I was provided with a case list from Mr. Jeremiah Shives, containing a list of 19 cases which had been tendered to GM. Upon review of said list and contacting the named courts in which such cases were filed, to the best of my knowledge, and on information and belief, there are currently 3 open pending cases in which GM has accepted Remy's tender and in which GM has been defending Remy, prior to the June 1, 2009 filing of GM's bankruptcy petition with this Court. There is also one case (*Bynum*) in which a tender has been made to GM, but no response was received.[1] I have since been informed that post GM bankruptcy filing, Remy has been served with the *Nangle* case complaint.

3.      The plaintiff's names in the five pending cases are: *Timothy Bynum, William Cawlfield, Robert Phillips, Clement Wydra* and *James Nangle*.

4.      Attached hereto as Exhibits A, B, C, D and E are true and correct copies of the face sheets of the complaints in those five actions. I have reviewed the complaints filed in the above cases and have served plaintiffs counsel in the above five cases with notice and copies of this motion.[2]

5.      My review of each complaint, copies of which I have in my possession, reveals that both GM and Remy (also named as Delco Remy International, Inc.) are named in each complaint, with the exception of the recently filed *Nagle* complaint.

---

[1] In *Bynum*, after speaking with plaintiffs counsel, he informed me that he has no objection to dismissing Remy, and our office is in the process of securing said dismissal. This is an action in which plaintiffs counsel informed counsel for Remy that a response to the complaint need not be filed. Hence, my office is in the process of obtaining this dismissal.

[2] The *Nangle* complaint as to Remy alleges exposure during the time period of the GM defense and indemnity obligation and hence comes within the scope of the APA Agreement.

2

3

      6.      I have reviewed the exhibits to Mr. Jeremiah Shives declaration, and based thereon, upon information and belief, GM has accepted the tender of the *Cawlfield*, *Phillips* and *Wydra* cases from Remy and that through July 16, 2009 GM has been defending Remy in those cases. As of today's date, Remy has received no notification that GM is no longer defending Remy in these cases except for the July 16, 2009 email received from Mr. Timm regarding a sixth matter, the *Lewis* case, referred to in this motion and in the Declaration of Jeremiah Shives of Remy. Since that time, our office has secured a dismissal of the *Lewis* case from plaintiff's counsel, so that case is not included within the count of five pending cases.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this ____th day of September, 2009.

                                          /S/ N. Kathleen Strickland
                                          N. Kathleen Strickland