**HEARING DATE AND TIME: October 6, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 1, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------x | | |

**NOTICE OF DEBTORS' THIRD OMNIBUS MOTION TO REJECT CERTAIN
<u>UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated September 23, 2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 365 of title 11, United States Code to reject certain unexpired leases of nonresidential real property (collectively, the "**Leases**"), as more fully set forth in the Motion, a

hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 6, 2009 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and

Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., Robert T. Schmidt, Esq., and Amy Caton, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **October 1, 2009 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
September 23, 2009

                                      /s/ Joseph H. Smolinsky
                                      Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: October 6, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 1, 2009 at 4:00 p.m. (Eastern Time)**

# IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                : **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
       f/k/a **General Motors Corp.,** *et al.*   :
                                                            :
                                     **Debtors.**      : **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## DEBTORS' THIRD OMNIBUS MOTION PURSUANT TO 11 U.S.C § 365 TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. Pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain unexpired leases (the "**Leases**"[1]) of nonresidential real property identified on **Exhibit A** attached hereto,[2] effective as of rejection dates (the "**Rejection Dates**") set forth on **Exhibit A**.[3] A proposed order is attached hereto as **Exhibit B**.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**"), requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors Company) ("**New GM**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"),

---

[1] Each Lease includes any modifications, amendments, addenda, or supplements thereto or restatements thereof.

[2] Copies of individual Leases will be made available to any party in interest upon request to the Debtors' undersigned attorneys. This Motion is without prejudice to the Debtors' right to claim that any one or all of the Leases expired by their own terms or were terminated prior to the effective date of rejection, as the case may be. Moreover, nothing herein shall be deemed an admission that the Leases are enforceable obligations of the Debtors, are executory in nature, or that the landlord identified on **Exhibit A** has a valid claim against the Debtors as a result of the rejection requested herein. The terms of the Leases described in this Motion are not intended to modify or represent the Debtors' interpretation of the terms of any Lease.

[3] The proposed Rejection Dates represent the dates by which the Debtors' intend to vacate each of the premises listed on **Exhibit A**, and coincide with the day before the next monthly rental period would commence.

2

free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers (the "**363 Transaction**").

4. On July 5, 2009, the Court approved the 363 Transaction and entered the Sale Order, and on July 10, 2009, the 363 Transaction closed. Accordingly, the Debtors no longer operate as manufacturers of any GM branded motor vehicles, nor do they retain the rights to use GM trademarks in the wind-down of their business. All such manufacturing operations and trademark rights have been sold to New GM pursuant to the 363 Transaction.

### The Leases

5. The Debtors are currently undergoing a comprehensive review of their respective unexpired leases of nonresidential real property to determine which leases to assume and which leases to reject. Because the Debtors have sold substantially all of their assets in the 363 Transaction and are now winding down their remaining operations, the Debtors no longer require certain office space, warehouses, training centers, manufacturing plants and other facilities. The Debtors have reviewed the Leases that are the subject of this Motion and have determined, in their sound business judgment, that continuing the Leases would be burdensome to the Debtors' estates and would provide no corresponding benefit or value to the Debtors or their estates. Accordingly, the Debtors submit this Motion to reject the Leases.

6. The Leases include: (1) office space no longer needed for the Debtors' continued business operations, (2) a sandwich ground lease relating to a GM franchised dealership that is no longer operational, and (3) a warehouse lease that is no longer being utilized

3

by the Debtors. After reviewing the Leases, New GM elected not to take assignment of any of the Leases.

7. The Debtors' primary business purpose at this stage in their chapter 11 cases is to liquidate the assets remaining following the close of the 363 Transaction in an efficient and cost-effective manner to maximize the value of the recovery for their creditors. The Leases are not necessary for the Debtors' continuing business operations or the administration of the Debtors' estates, and maintaining the Leases would impose unnecessary costs and burdens on the Debtors' estates. The Debtors have also explored the possibility of marketing the Leases, but have determined that doing so would provide no meaningful benefit or value to the Debtors' estates. Accordingly, the Debtors submit this Motion to reject the Leases.

## Rejection of the Leases Is Supported by the Debtors' Business Judgment and Should Be Approved by the Court

8. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

9. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve

4

rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

10. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

11. As noted above, the Debtors have reviewed the Leases and have determined that in light of the sale of substantially all of the Debtors' assets and subsequent wind-down, the Leases are no longer necessary for or beneficial to the Debtors' ongoing

5

business, and create unnecessary and burdensome expenses for the Debtors' estates.  In addition, the Debtors have determined that no meaningful value would be realized by the Debtors if the Leases were assumed and assigned to third parties.  Accordingly, the Leases should be rejected.

## Notice

12.    Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
       September 23, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

**Unexpired Leases of Nonresidential Real Property**

| | **Contract Counterparty** | **Counterparty Address** | **Property Location** | **Contract Description** | **Termination Date** | **Rejection Date** |
|---|---|---|---|---|---|---|
| 1 | Metropolitan Life Insurance Company | Metropolitan Life Insurance Company c/o Taylor & Mathis, Inc. Attn: Legal Department 2901 S.W. 149th Avenue Suite 120 Miramar, FL 33207<br><br>Metropolitan Life Insurance Company Attn: Legal Department 2400 Lakeview Parkway Suite 400 Alpharetta, GA 30004-1976 | 2901 SW 149th Avenue Miramar, FL | Lease Agreement | 12/31/2010 | 11/30/2009 |
| 2 | Milex Properties, III, LLC | Milex Properties, III, LLC Attn.: John Hynansky 911 Tatanall Street Wilmington, DE 19801 | 525 Baltimore Pike Clifton Heights, PA | Ground Lease Sublease (Sandwich Lease) | 5/31/2014 | 9/30/2009 |
| 3 | SN&JN, LP | SN&JN, LP Attn: Legal Department 18 Clover Lane New Town Square, PA 19073 | 525 Baltimore Pike Clifton Heights, PA | Ground Lease Agreement (Sandwich Lease) | 5/31/2014 | 9/30/2009 |
| 4 | Wilmington Trust Company, Verizon Capital Corp. / Bell Atlantic TriContinental Leasing Corp. | Wilmington Trust Co. Attn: Legal Department 1100 North Market Street Wilmington, DE 19890-0001<br><br>Fullbright & Jaworski L.L.P. Attn: Liz Boydston 2200 Ross Avenue Suite 2800 Dallas, Texas 75201-2784 | 4002 James Cole Blvd. Flint, MI | Warehouse Lease Agreement | Varies | 9/24/2009 |
| 5 | Willow Run Business Center I, LLC | Willow Run Business Center I, LLC Attn: Legal Department 1603 W. 16th Street Oak Brook, IL 60523<br><br>Insite Real Estate Development, LLC Attn: Legal Department 1603 W. 16th Street Oak Brook, IL 60523 | 2625 Tyler Road Ypsilanti, MI | Lease Agreement | 8/31/2010 | 9/30/2009 |

## Exhibit B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                                     :        **Chapter 11 Case No.**
                                                                                   :
**MOTORS LIQUIDATION COMPANY**, *et al.*,        :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                  :
                                                                                   :
                                                     Debtors.         :        **(Jointly Administered)**
                                                                                   :
------------------------------------------------------------x

**THIRD OMNIBUS ORDER PURSUANT TO 11 U.S.C. § 365 TO REJECT CERTAIN**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion, dated September 23, 2009 (the "**Motion**")[1], of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to reject certain unexpired leases of nonresidential real property, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that each of the Leases listed on **Annex I** attached hereto is an unexpired lease of nonresidential real property capable of being rejected under section 365 of the Bankruptcy Code; and it is further

ORDERED that the rejection of the Leases, as set forth herein, (1) constitutes an exercise of sound business judgment by the Debtors, made in good faith and for legitimate commercial reasons; (2) is appropriate and necessary under the circumstances described in the Motion; and (3) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Leases listed on **Annex I** attached hereto and all related amendments and supplements thereto is hereby authorized and approved, effective as of the rejection dates (the "**Rejection Dates**") set forth on **Annex I**; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2009
       New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

# **Annex I**

## **Unexpired Leases of Nonresidential Real Property**

| | **Contract Counterparty** | **Counterparty Address** | **Property Location** | **Contract Description** | **Termination Date** | **Rejection Date** |
|---|---|---|---|---|---|---|
| 1 | Metropolitan Life Insurance Company | Metropolitan Life Insurance Company c/o Taylor & Mathis, Inc. Attn: Legal Department 2901 S.W. 149th Avenue Suite 120 Miramar, FL 33207<br><br>Metropolitan Life Insurance Company Attn: Legal Department 2400 Lakeview Parkway Suite 400 Alpharetta, GA 30004-1976 | 2901 SW 149th Avenue Miramar, FL | Lease Agreement | 12/31/2010 | 11/30/2009 |
| 2 | Milex Properties, III, LLC | Milex Properties, III, LLC Attn.: John Hynansky 911 Tatanall Street Wilmington, DE 19801 | 525 Baltimore Pike Clifton Heights, PA | Ground Lease Sublease (Sandwich Lease) | 5/31/2014 | 9/30/2009 |
| 3 | SN&JN, LP | SN&JN, LP Attn: Legal Department 18 Clover Lane New Town Square, PA 19073 | 525 Baltimore Pike Clifton Heights, PA | Ground Lease Agreement (Sandwich Lease) | 5/31/2014 | 9/30/2009 |
| 4 | Wilmington Trust Company, Verizon Capital Corp. / Bell Atlantic TriContinental Leasing Corp. | Wilmington Trust Co. Attn: Legal Department 1100 North Market Street Wilmington, DE 19890-0001<br><br>Fullbright & Jaworski L.L.P. Attn: Liz Boydston 2200 Ross Avenue Suite 2800 Dallas, Texas 75201-2784 | 4002 James Cole Blvd. Flint, MI | Warehouse Lease Agreement | Varies | 9/24/2009 |
| 5 | Willow Run Business Center I, LLC | Willow Run Business Center I, LLC Attn: Legal Department 1603 W. 16th Street Oak Brook, IL 60523<br><br>Insite Real Estate Development, LLC Attn: Legal Department 1603 W. 16th Street Oak Brook, IL 60523 | 2625 Tyler Road Ypsilanti, MI | Lease Agreement | 8/31/2010 | 9/30/2009 |

1 of 1