**HEARING DATE AND TIME: October 6, 2009 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 1, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
MOTORS LIQUIDATION COMPANY, et al.,      :        09-50026 (REG)
         f/k/a General Motors Corp., et al.  :
                                         :
                      Debtors.           :        (Jointly Administered)
                                         :
------------------------------------------------------------x
```

## NOTICE OF MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 AND 9019(b) AUTHORIZING THE DEBTORS TO (I) FILE OMNIBUS CLAIMS OBJECTIONS AND (II) ESTABLISH PROCEDURES FOR SETTLING CERTAIN CLAIMS

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 24,

2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), for entry of an order, pursuant to section 105(a) of title 11 of the

United States Code and Rules 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**") authorizing the Debtors to (i) file omnibus claims objections and (ii)

establish procedures for settling certain claims, as more fully set forth in the Motion, a hearing

will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room

621 of the United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **October 6**, **2009**

**at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan

48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance Center, Detroit,

Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft

LLP, attorneys for the United States Department of the Treasury, One World Financial Center,

New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of

the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn:

Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633

Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and

Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn: Adam C. Rogoff, Esq. and Amy Caton, Esq.); (xii) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York

10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Matthew L. Schwartz, Esq.), so as to be received no later than **October 1**, **2009 at 4:00 p.m.**

**(Eastern Time),** (the "**Objection Deadline**").

        If no objections are timely filed and served with respect to the Motion, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Motion, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       September 24, 2009

                   /s/ Joseph H. Smolinsky
                   Harvey R. Miller
                   Stephen Karotkin
                   Joseph H. Smolinsky

                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   Telephone: (212) 310-8000
                   Facsimile: (212) 310-8007

                   Attorneys for Debtors
                   and Debtors in Possession

HEARING DATE AND TIME: October 6, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: October 1, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
MOTORS LIQUIDATION COMPANY, et al.,      :    09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                         :
                    Debtors.             :    (Jointly Administered)
                                         :
------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 AND 9019(b)**
**AUTHORIZING THE DEBTORS TO (I) FILE OMNIBUS CLAIMS OBJECTIONS**
**AND (II) ESTABLISH PROCEDURES FOR SETTLING CERTAIN CLAIMS**

# TABLE OF CONTENTS

**Page**

Relief Requested ............................................................................................................. 1

Jurisdiction ...................................................................................................................... 1

Background ....................................................................................................................... 1

    A.    Omnibus Objections ........................................................................... 2

    B.    Settlement Procedures ......................................................................... 4

Basis for Relief ................................................................................................................ 6

    A.    The Debtors' Proposal for Filing Omnibus Objections to Claims Is
            Appropriate and Should Be Approved ................................................... 6

    B.    The Settlement Procedures Are Appropriate and Should Be Approved ................ 8

Notice ............................................................................................................................. 11

C:\NRPORTBL\US_ACTIVE\RODRIGUI\43134170_13.DOC

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Chinichian v. Campolongo* (*In re Chinichian*),
784 F.2d 1440 (9th Cir. 1986) ...................................................................................6

*Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*),
722 F.2d 1063 (2d Cir. 1983)....................................................................................7

*Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599 (2d Cir. 1983).........................................9

*Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618 (S.D.N.Y. 1997)...........................9

*In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993),
*aff'd*, 17 F.3d 600 (2d Cir. 1994) ...........................................................................9

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
390 U.S. 414 (1968)..................................................................................................9

*In re Spielfogel*, 211 B.R. 133 (Bankr. E.D.N.Y. 1997)...............................................9

*Vaughn v. Drexel Burnham Lambert Group, Inc.*
(*In re Drexel Burnham Lambert Group, Inc.*), 134 B.R. 499
(Bankr. S.D.N.Y. 1991) ............................................................................................9

## Statutes

11 U.S.C. § 105......................................................................................................7

11 U.S.C. § 105(a) ................................................................................1, 6, 6 n.2, 11

11 U.S.C. § 501......................................................................................................2

11 U.S.C. § 502(a) ................................................................................................2

11 U.S.C. § 502(e)(1).............................................................................................4

11 U.S.C. § 507......................................................................................................3

11 U.S.C. § 1111(a) ...............................................................................................2

28 U.S.C. § 157......................................................................................................1

28 U.S.C. § 157(b) .................................................................................................1

C:\NRPORTBL\US_ACTIVE\RODRIGUI\43134170_13.DOC

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

28 U.S.C. § 1334 .................................................................................................................1

## Rules

Fed. R. Bankr. P. 1015(c) .................................................................................6 n.1, 11

Fed. R. Bankr. P. 3007 ......................................................................................1, 4, 7

Fed. R. Bankr. P. 3007(c) ....................................................................................2, 6

Fed. R. Bankr. P. 3007(d) ....................................................................................2, 3

Fed. R. Bankr. P. 3007(e) ..................................................................................3, 4, 7

Fed. R. Bankr. P. 9007 .....................................................................................6 n.1, 11

Fed. R. Bankr. P. 9019 .................................................................................5, 6, 9, 10

Fed. R. Bankr. P. 9019(b) ...................................................................................1, 8

## Unreported Decisions

*In re Lyondell Chemical Company, et al.,* Case No. 09-10023 (REG) (Bankr.
S.D.N.Y. Jan. 6, 2009) ..........................................................................10, 10 n.3

*In re Ziff Davis Media*, Case No. 08-10768 (BRL) (Bankr. S.D.N.Y. Nov. 13,
2008) ..........................................................................................................7

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), respectfully represent:

## Relief Requested

1.      In the interest of expediting the claims reconciliation process and reducing

the administrative and financial burden imposed on the Court and the Debtors' estates, by this

Motion (the "**Motion**"), the Debtors hereby request, pursuant to section 105(a) of title 11 of the

United States Code (the "**Bankruptcy Code**") and Bankruptcy Rules 3007 and 9019(b): (i)

authority to file Omnibus Claims Objections (as defined herein) to no more than 100 claims in a

single motion on the terms and procedures set forth herein, and (ii) approval of proposed

procedures to settle certain claims without further court approval (the "**Settlement**

**Procedures**").

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      On September 16, 2009, the Court entered an order establishing November

30, 2009 at 5:00 p.m. (Eastern Time) as the deadline (the "**Bar Date**") by which proofs of claim

(each a "**Proof of Claim**") are required to be filed to assert unsecured and secured claims (each a

"**Claim**") in these chapter 11 cases [Docket No. 4079].  Even prior to the entry of the order

establishing the Bar Date, the Debtors had already received more than 1,000 Proofs of Claim and

expect that there will be thousands, if not tens of thousands, of additional Proofs of Claim filed in these cases.  The Debtors would like to begin the claims reconciliation process to enable them to propose a chapter 11 plan, emerge from chapter 11, and provide a distribution to creditors as expeditiously as possible.

A.    **Omnibus Objections**

4.    All the Proofs of Claim filed in these cases must be reviewed for possible objections as part of the claims administration process.  *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *see also id.* § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").

5.    Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)."  *See* Fed. R. Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis for the objection is that the claims subject to objection:

(1)    duplicate other claims;

(2)    have been filed in the wrong case;

(3)    have been amended by subsequently filed proofs of claim;

(4)    were not timely filed;

(5)    have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6)    were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7)    are interests, rather than claims; or

(8)    assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* at 3007(d).  Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus objection on these grounds for up to 100 claims at a time.  *Id*. at 3007(e).

6.    The Debtors anticipate that although they will object to a number of the Claims on the grounds that such Claims are either duplicative or have been satisfied, they will also object to many Claims on additional grounds not set forth in Bankruptcy Rule 3007(d).  These grounds include that a claim does not comport with the Debtors' books and records or that the Debtors are not liable to the claimant for the amount claimed.  Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be a time consuming and costly process.  As such, the Debtors believe that objecting to multiple Claims in an omnibus fashion on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtors' estates during the claims reconciliation process.  Accordingly, the Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they, and other parties in interest, be permitted to file omnibus objections seeking reduction, reclassification and/or disallowance of Claims (the "**Omnibus Claims Objections**") on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**"):

(a)    the amount claimed contradicts the Debtors' books and records;

(b)    the Claims were incorrectly classified;

(c)    the Claims seek recovery of amounts for which the Debtors are not liable;

(d)    the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

(e)    the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

3

7.    The Debtors will comply with Bankruptcy Rule 3007 in all other respects, including that each Omnibus Claims Objection will:

(1)    state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(2)    list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(3)    state the grounds of the objection to each Claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(4)    state in the title the identity of the objector and the grounds for the objections;

(5)    be numbered consecutively with other omnibus objections filed by the same objector; and

(6)    contain objections to no more than 100 Claims.

Fed. R. Bankr. P. 3007(e).

**B.    <u>Settlement Procedures</u>**

8.    In addition to the relief relating to objections to Claims, the Debtors are also seeking approval of procedures for settling Claims.  The Debtors anticipate that a large number of objections to the Claims can be settled for relatively small amounts when compared with the overall value of the Debtors' estates.  Absent the relief requested in this Motion, the Debtors would be required to seek specific Court approval for each individual compromise and settlement of a Claim.  The Debtors believe that it would be far more efficient and cost effective for their estates and creditors if they were authorized to settle certain Claims under the terms and conditions outlined in this Motion.  If the Debtors are so authorized, their estates will be spared not only the expense, delay and uncertainty that otherwise would be associated with litigating those Claims, but also the unnecessary administrative costs attendant to drafting, serving, and

filing perhaps hundreds or even thousands of pleadings, as well as time incurred by attorneys for

Court appearances for seeking separate Court approval of each Claim settlement.

9.    Pursuant to the proposed Settlement Procedures:

- The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (i) the aggregate amount to be allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities, so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "***De Minimis* Settlement Amount**"); **provided**, **however**, *De Minimis* Settlement Amounts shall not include (x) any settlement of a Claim to which General Motors Company is a party or beneficiary or any present or former insider of the Debtors is a party, or (y) any settlement of a Claim that includes a release by any of the Debtors of a claim they may have against a creditor pursuant to chapter 5 of the Bankruptcy Code.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee.  Within five (5) business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within which to object.  If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount and is greater than $50 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 days' notice.

- Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

- On a quarterly basis, on the thirtieth day after the start of the quarter, beginning on the quarter that starts on October 1, 2009, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order,[1] a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

- On a monthly basis, beginning on November 1, 2009, the Debtors will provide the Creditors' Committee with a separate report of all settlements of a *De Minimis* Settlement Amount entered into in the preceding calendar month.

**Basis for Relief**

A.    **The Debtors' Proposal for Filing Omnibus
Objections to Claims Is Appropriate and Should Be Approved**

10.    Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as

---

[1] *See* Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures [Docket No. 3629].

necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

11.     Authorizing the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and conforms with the spirit of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.  Similar relief has been granted in other cases in this district.  *See, e.g., In re Ziff Davis Media*, Case No. 08-10768 (BRL) (Bankr. S.D.N.Y. Nov. 13, 2008) (authorizing the debtors to file omnibus claims objections on additional permitted grounds).[2]  A copy of this order is attached hereto as Exhibit A.

12.     Here, allowing the Debtors to file Omnibus Claims Objections to no more than 100 Claims at a time on the Additional Permitted Grounds is not likely to prejudice the rights of creditors.  Bankruptcy Rule 3007(e) already allows the Debtors to file omnibus objections to no more than 100 Claims, albeit on other grounds.  The Debtors, however, will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.  The Debtors will serve affected claimants with notice of an Omnibus Claims Objection at least thirty days prior to the hearing on such objection and continue to comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e).

13.     The Debtors submit that granting them authority to file Omnibus Claims Objections on the Additional Permitted Grounds will allow them to complete the claims

---

[2] The motion was filed on notice and the order was entered on a final basis after a hearing.  The order contains a factual finding that sufficient notice was provided.  There were no objections to the motion.

administration process in a timely, cost-effective, and efficient manner.  There are expected to be

tens of thousands of Claims filed or scheduled in these chapter 11 cases.  The ability to file

Omnibus Claims Objections on the Additional Permitted Grounds obviates the need for the

Debtors to prepare and file and the Court to review hundreds, if not thousands, of individual

objections – a time consuming, expensive, and potentially duplicative endeavor for the Debtors

and an unnecessarily burdensome task for the Court.

14.     Further, due to the increased time and expense that would be required to

file numerous individual claim objections, such action could delay the claims resolutions

process, and, ultimately, the distribution to the estates' creditors.  Therefore, allowing the

Debtors to file Omnibus Claims Objections may in fact enhance the rights of creditors by not

only preserving the value of the Debtors' estates ultimately available for distribution but also

expediting when creditors will be paid.  Accordingly, the Court should authorize the Debtors to

file Omnibus Claims Objections on the Additional Permitted Grounds.

**B.     The Settlement Procedures Are Appropriate and Should Be Approved**

15.     The Debtors submit that allowing them to settle the Claims without further

Court approval is an appropriate use of the Court's power under Bankruptcy Rule 9019(b).

Bankruptcy Rule 9019(b) permits a court, after a hearing on such notice as the court may direct,

to "fix a class or classes of controversies and authorize the trustee to compromise or settle

controversies within such class or classes without further hearing or notice."  Fed. R. Bankr. P.

9019(b).

16.     Rule 9019 empowers bankruptcy courts to approve settlements "if they are

in the best interests of the estate."  *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel*

*Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see Fisher v.*

*Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere*

*Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The

settlement need not result in the best possible outcome for the debtor, but must not "fall beneath

the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at

505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re

Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

17. The Debtors will continue to exercise their reasonable business judgment

in negotiating compromises and settlements and will continue to be guided by the factors

relevant to a determination of the reasonableness of such settlements, including:

(f)    the probability of success in the litigation;

(g)    the complexity, expense and likely duration of the litigation;

(h)    all other factors relevant to making a full and fair assessment of the
       wisdom of the proposed compromise; and

(i)    whether the proposed compromise is fair and equitable to the Debtors,
       their creditors and other interested parties.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414,

424 (1968). Basic to the process of evaluating proposed settlements is "the need to compare the

terms of the compromise with the likely rewards of litigation." *Id*. at 425.

18. The Debtors believe, in their reasonable business judgment, that the

Settlement Procedures constitute a cost-effective method for resolving outstanding claims and

avoid the expense and risk inherent in litigating those Claims. Given the number of Claims that

the Debtors believe can be settled for relatively moderate amounts compared with the overall

value of the Debtors' estates, filing individual pleadings for each proposed settlement, noticing

each compromise and settlement to every one of the over 470 parties in interest on the master

service list on file with the Court, and holding individual hearings would be an expensive,

cumbersome, and highly inefficient way to resolve many of the Claims. Additionally, the

Debtors submit that the settlements entered into pursuant to the Settlement Procedures would meet the standards set forth in *TMT Trailer*. Specifically, the Debtors will not settle any Claims unless the settlement is reasonable in the judgment of the Debtors upon consideration of all the relevant factors (and in situations where the Settlement Amount exceeds $1 million and is not a *De Minimis* Settlement Amount, the judgment of the Creditors' Committee) and falls within the requirements of types of Claims to be settled under the Settlement Procedures.

19.    Accordingly, because the Settlement Procedures will benefit the Debtors' estates without prejudice to any creditors, the requested relief satisfies the requirements of Bankruptcy Rule 9019 and should be granted.

20.    Similar relief has been granted in other cases in this district. *See, e.g., In re Lyondell Chemical Company, et al.,* Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009) (approving settlement procedures in which (i) claims up to $500,000 can be settled without approval of the Court or other parties in interest, (ii) claims greater than $500,000 but less than $20 million can be settled with the approval of the creditors' committee and other parties in interest, without the need for Court approval, and (iii) settlement agreements for claims greater than $20 million must be filed with the Court on ten days' notice).[3] A copy this order is attached hereto as Exhibit B. Given the extraordinary size and complexity of the Debtors' cases and claims pool, the Creditors' Committee has reviewed and approved the thresholds set forth in the proposed procedures that reflect the unique circumstances the Debtors will be facing during the claims reconciliation process.

---

[3] Two limited objections were filed in connection with the *Lyondell* motion, but neither relate to the settlement procedures set forth in the motion. The motion was filed on notice and the order was entered on a final basis after a hearing. With respect to factual findings, the order indicates that sufficient notice was provided.

21.     The Debtors reserve the right to seek modification of the Settlement

Procedures and the procedures related to Omnibus Claims Objections as they deem appropriate.

**Notice**

22.     Notice of this Motion has been provided to parties in interest in

accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and

9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No.

3629].  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as the Court may deem just and

appropriate.

Dated: September 24, 2009
        New York, New York

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| Ziff Davis Media Inc., *et al.*,[1] | ) | Case No. 08-10768 (BRL) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING THE REORGANIZED DEBTORS TO FILE OMNIBUS**
**CLAIM OBJECTIONS AND ESTABLISHING CLAIM SETTLEMENT PROCEDURES**

Upon the motion (the "Motion") of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") seeking entry of an order (this "Order") authorizing the Reorganized Debtors to file omnibus objections to claims on certain substantive grounds and to settle certain claims without notice, a hearing or Court approval;[2] it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtors and their estates, their creditors and other parties in interest; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, the Motion is granted; and it is further

ORDERED, notwithstanding anything to the contrary in Rule 3007 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtors are hereby authorized to file Omnibus

---

[1]   The Reorganized Debtors in these cases are:  Ziff Davis Media Inc.; Ziff Davis Holdings Inc.; Ziff Davis Internet Inc.; Ziff Davis Publishing Inc.; and Ziff Davis Publishing Holdings Inc.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Objections to Claims seeking reduction, reclassification and/or disallowance of Claims on one or more of the following grounds (the "Permitted Grounds"):

    (a)    the amount claimed contradicts the Reorganized Debtors' books and records;

    (b)    the claims do not include sufficient documentation to ascertain the validity of the claim;

    (c)    the claims were incorrectly filed as secured claims; and

    (d)    the claims seek recovery of amounts for which the Reorganized Debtors are not liable;

and it is further

ORDERED, the Permitted Grounds shall supplement the permitted grounds expressly set forth in Bankruptcy Rule 3007(d); and it is further

ORDERED, except as expressly provided herein, the Reorganized Debtors will comply with the requirements for Omnibus Objections set forth in Bankruptcy Rule 3007(e) and will include a customized notice with each Omnibus Objection served upon a claimant providing the name and address of such claimant and the number of the claimant's claim that is subject to objection; and it is further

ORDERED, any order granting an Omnibus Objection shall be a final order with respect to each Claim subject to the order as if each Claim had been subject to an individual objection; and it is further

ORDERED, the Reorganized Debtors are authorized to settle the following types of Claims ("Affected Claims") directly with the respective claimant without filing an objection to the claim, without providing notice of the settlement to any creditor or party in interest, without filing a motion to approve the settlement, without presenting the settlement at a Court hearing and without obtaining Court approval of the settlement:

2

(i)    any Claim that was filed or scheduled in a face amount not in excess of $300,000;

(ii)    any Claim that will be settled for an amount not in excess of $50,000; and

(iii)    any Claim that will be disallowed or withdrawn;

and it is further

ORDERED, the Reorganized Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Affected Claims; and it is further

ORDERED, nothing in this Order shall obligate the Reorganized Debtors to settle or pursue settlement of any particular Claim and all settlements of Affected Claims may be negotiated and compromised by the Reorganized Debtors within their sole discretion; and it is further

ORDERED, nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in these cases; and it is further

ORDERED, entry of this Order is without prejudice to the Reorganized Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  November 13, 2008
New York, New York

/s/Burton R. Lifland_____
UNITED STATES BANKRUPTCY JUDGE

3

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                    :

**In re:**                            :

                                    :          **Chapter 11**

                                    :

**LYONDELL CHEMICAL COMPANY, <u>et al.</u>,** :          **Case No. 09-10023 (REG)**

                                    :

                                    :          **Jointly Administered**

                      **Debtors.**     :

                                    :

------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR (I) OMNIBUS OBJECTIONS TO
PROOFS OF CLAIM AND (II) COMPROMISING DISPUTED PROOFS OF CLAIM**

           Upon the motion dated July 29, 2009 (the "<u>Motion</u>")[1] of Lyondell Chemical

Company and certain of its affiliates, as debtors and debtors-in-possession in the above-

captioned cases (collectively, the "<u>Debtors</u>"), pursuant to sections 105(a), 363(b) and 502(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (as amended, the "<u>Bankruptcy</u>

<u>Code</u>") and rules 2002(a), 3007, 9006, 9014 and 9019(a) of the Federal Rules of Bankruptcy

Procedure, for entry of an order establishing procedures for omnibus objections to proofs of

claim and compromising disputed proofs of claims filed in these chapter 11 cases, all as more

fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided; and it appearing that no further notice of the

Motion need be provided; and the relief being requested is in the best interests of the Debtors,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on [ ], 2009 (the "Hearing"); and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that all objections to the Motion not resolved are overruled; and it is further

**ORDERED** that the Objection Procedures set forth in the attached Exhibit A, including the form of Objection Notice, are hereby approved; and it is further

**ORDERED** that in addition to the grounds set forth in Bankruptcy Rule 3007(d), the Debtors may include in omnibus objections those claims that the Debtors believe should be disallowed, in whole or in part, because the Proofs of Claim: (a) do not include sufficient documentation to ascertain the validity of the claim; (b) were incorrectly filed as secured, administrative or priority claims; (c) seek recovery of amounts for which the Debtors are not liable; and (d) assert an amount that is inconsistent with the Debtors' books and records; and it is further

**ORDERED** that the Debtors may settle any disputed Proofs of Claim pursuant to the Settlement Procedures described in Exhibit A; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an admission of the validity, nature, amount or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity, nature, amount or priority of any claim asserted; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an assumption or rejection under section 365 of the Bankruptcy Code of any contract, lease or other agreement; and it is further

**ORDERED** that approval of the Objection Procedures and the Settlement Procedures by this Order is without prejudice to the Debtors' right to seek an order of the Court approving additional or different procedures with respect to specific Proofs of Claim or categories of Proofs of Claim, or to modify the Objection Procedures or the Settlement Procedures; and it is further

**ORDERED** that nothing in this Order or the Objection Procedures limits, expands, or modifies any party's rights, if any, with respect to discovery under Rule 9014 of the Federal Rules of Bankruptcy Procedure or other applicable rules in connection with an Objection Notice, Response or other contested matter or adversary proceeding in respect thereof; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: New York, New York
 _**August 11, 2009**_

                                        _**s/ Robert E. Gerber**_
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Objection and Settlement Procedures

## I.    Objection Procedures[1]

The following procedures apply to all objections to Proofs of Claim filed in the chapter 11 cases of the Debtors:

### A.    Tier I Objections.

1.    Tier I Objections – includes objections to Proofs of Claim that:

(a)    Are duplicates of one or more other Proofs of Claim;

(b)    Were filed in the wrong Debtor's case;

(c)    Have been amended or superseded by later filed Proofs of Claim;

(d)    Were not timely filed;

(e)    Have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or Court order;

(f)    Were presented in a form that does not comply with the applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(g)    Represent interests, rather than claims;

(h)    Assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code;

(i)    Do not include sufficient documentation to ascertain the validity of the claim;

(j)    Were incorrectly filed as secured, administrative or priority claims;

(k)    Seek recovery of amounts for which the Debtors are not liable; or

(l)    Are inconsistent with the Debtors' books and records (collectively, the "Tier I Objections").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

      2.      <u>Tier I Objection Procedures</u>.   The following procedures apply to Tier I Objections:

(a)      An exhibit will be attached to each Tier I Objection.  The exhibit will describe the pertinent information about the relief sought, including (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the claims register or other information identifying the Proof of Claim, (iii) the name of the Debtor entity against which the Proof of Claim is asserted, (iv) the nature, priority and amount of the Proof of Claim, and (v) the proposed treatment of the Proof of Claim;[2]

(b)      Copies of the Proofs of Claim to which the Debtors are objecting will not be attached to the Tier I Objection.  **An objection notice (the "Objection Notice"), a form of which is appended as <u>Exhibit B</u>,** indicates that copies of the Proofs of Claim can be downloaded from the Debtors' Claims and Noticing Agent's website: http://chap11.epiqsystems.com, or may be requested from Lyondell Chemical Company, <u>et al.</u> Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, or by calling Epiq Bankruptcy Solutions, LLC at (646) 282-2400;[3]

(c)      The Objection Notice informs Claimants that their claims may be disallowed or expunged and encourages them to read the Tier I Objection carefully;[4]

(d)      The Objection Notice and Tier I Objection, **without copies of the Proofs of Claim**, will be served on the parties identified on the face (first page) of the Proof of Claim and the Master Service List.  The method of service for all parties served with a Tier I Objection shall be as set forth in the Case Management Order;

(e)      A timely response (a "<u>Response</u>") must be filed with the Court and received by the Debtors within fourteen (14) calendar days after

---

[2] Note that the surviving claim may also be subject to a Tier II Objection.

[3] The Debtors' Claims and Noticing Agent has developed a comprehensive web site containing information about the Proofs of Claim.  The site contains detailed information including the ability to download each Proof of Claim, information comparing the scheduled claim with the filed Proof of Claim and the date upon which each Proof of Claim was filed.  In addition, each Objection will instruct parties that they can call the Claims and Noticing Agent to obtain copies of particular claims.

[4] Although the Objection Notice will be in the form provided by <u>Exhibit B</u>, the Objection Notice will be specifically tailored to address each Claimant.

service of the Objection Notice and Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)). The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(f)  A hearing on a Tier I Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date. The date of such hearing will be clearly stated in the Objection Notice. If Responses are timely filed and served and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection. At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier I Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g)  If the Debtors determine that discovery is necessary in advance of a hearing on the matter, the Debtors will serve notice on the affected Claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissing or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice; and

(h)  At the hearing on each Tier I Objection, the Debtors may submit to the Court a form of order sustaining each Tier I Objection to which the Debtors do not receive a timely, written Response. The order may also identify those claims subject to the Tier I Objection that the Debtors and Claimant consensually resolved prior to the hearing.

3.  <u>Responses to Tier I Objections</u>.  Parties who disagree with the relief requested in a Tier I Objection are required to file a Response. Each such Response must contain, at a minimum, the following:

(a)  A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b)  The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c)    A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d)    Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e)    A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f)    The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g)    To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h)    The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i)    To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court with respect to a Tier I Objection shall be deemed a separate order with respect to each Proof of Claim;

(j)    The Debtors may file a reply to any Response to a Tier I Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier I Objection (unless a later date is agreed to by the holder of the Proof of Claim that is the subject of an objection); and

(k)    If a Claimant whose Proof of Claim is subject to a Tier I Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures and attend the scheduled hearing on the

objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the Objection without further notice to the Claimant.

**B.    Tier II Objections.**

1.    <u>Tier II Objections</u> – includes substantive objections that are not based, in whole or in part, on one of the Tier I Objection grounds (collectively, the "<u>Tier II Objections</u>"). Tier II Objections are further divided into two sub-tiers, Tier II(A) and Tier II(B).  Tier II(A) Objections consist of substantive objections that the Debtors contend raise only questions of law and may be resolved on their merits without additional fact discovery.  Tier II(B) Objections consist of substantive objections that the Debtors have determined may require additional fact discovery. Nothing in the Objection Procedures limits, expands, or modifies any Claimant's otherwise existing rights, if any, with respect to discovery.

2.    <u>Tier II Objection Procedures</u>.   The following procedures apply to Tier II Objections:

(a)    Each Tier II Objection will be accompanied by an Objection Notice and an affidavit, declaration or verification to support the basis of the objection;

(b)    Each Tier II Objection and associated Objection Notice, along with a copy of the Proofs of Claim that are the subject of the objection, will be served on (i) the Claimant at the address set forth on the face of the Proof of Claim and (ii) the Master Service List.  Where a Proof of Claim is voluminous, the Debtors may serve only a copy of the Proof of Claim form or cover sheet;

(c)    The Objection Notice will set forth (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the register or other information identifying the Proof of Claim, and (iii) a brief description of the basis of the objection.  The Objection Notice will inform Claimants that their Proofs of Claim may be disallowed or expunged and encourages them to read the objection carefully.  The Objection Notice will also include a description of, and instructions regarding, the applicable response and hearing procedures.   The Objection Notice will provide contact information for a Debtor representative that affected Claimants may contact to discuss, and potentially resolve, the objection;

(d)    A timely Response must be filed with the Court and received by the Debtors no later than fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after service of the Objection Notice and Tier II Objection.  The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(e)    If no Response to a Tier II Objection is timely filed and served by the established deadline with respect to a particular Proof of Claim, the Debtors may submit a form of order sustaining the objection with respect to the Proof of Claim without any further hearing;

(f)    With respect to each Tier II(A) Objection, a hearing on a Tier II(A) Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier II(A) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date.  The date of such hearing will be clearly stated in the Objection Notice.  If timely Responses are filed and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection.  At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier II(A) Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g)    The Debtors are permitted to file a reply to any Response to a Tier II(A) Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier II(A) Objection; and

(h)    With respect to each Tier II(B) Objection, an initial hearing will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one calendar (21) days after service of the Tier II(B) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date.  The initial hearing will be a status and scheduling conference (the "Initial Status Conference").

3.    <u>Responses to Tier II Objections</u>.    Parties who disagree with a Tier II Objection are required to file a Response.  Each such Response must contain, at a minimum, the following:

(a)    A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b)    The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c)    A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d)    Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e)    A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f)    The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g)    To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h)    The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i)    To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any

order entered by the Court with respect to a Tier II Objection shall be deemed a separate order with respect to each Proof of Claim;

(j)     If a Claimant whose Proof of Claim is subject to a Tier II Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures <u>and</u> attend the scheduled hearing on the objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the objection without further notice to the Claimant;

(k)     Claimants filing a Response to a Tier II(B) Objection are required to meet and confer with the Debtors (either in person or telephonically) within ten (10) calendar days after filing the Response, but in any event, at least three (3) days prior to the Initial Status Conference, to discuss the preparation of an agreed scheduling order setting forth applicable discovery and briefing deadlines. If the parties reach agreement on a scheduling order, the agreed order will be presented to the Court for entry at the Initial Status Conference. If the parties are unable to reach agreement on a scheduling order, the parties may request that the Court enter a scheduling order at the Initial Status Conference; and

(l)     Claimants filing a Response to a Tier II(B) Objection are required to attend the Initial Status Conference even if the Claimant and the Debtors reach agreement on a scheduling order. If a Claimant subject to a Tier II(B) Objection fails to both comply with the meet <u>and</u> confer requirements and appear at the Initial Status Conference, the Claimant will be deemed to have waived its right to conduct any discovery or to present any evidence at the hearing on the Tier II(B) Objection that was not included with or identified in its Response or Proof of Claim.

## II.     <u>Settlement Procedures</u>

To promote an efficient claims resolution process, the Settlement Procedures establish the following categories of settlements and criteria for settling Proofs of Claim based on the amount of the Proof of Claim and other factors:

### A.     <u>Category 1 Settlements.</u>

Category 1 Settlements include any written agreement between the Debtors and a Claimant for (i) the disallowance of any Proof of Claim; (ii) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, where no corresponding amount is listed for that

Proof of Claim in the Debtors' Schedules; or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, provided that the amount allowed is no greater than $100,000 more than the amount listed for that Proof of Claim in the Debtors' Schedules (collectively, the "Category 1 Settlements").  Category 1 Settlements exclude any settlements that include any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code.  The Debtors may enter into Category 1 Settlements without further order of the Court or prior notice to any party.  The Debtors shall provide on a monthly basis to counsel for the Official Committee of Unsecured Creditors (the "Committee") a summary of all Category 1 Settlements the Debtors have entered into as of on or about the date of the summary then being provided.

      **B.**        **Category 2 Settlements**.

Category 2 Settlements include any written agreement between the Debtors and a Claimant for (i) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, where the amount allowed is greater than $100,000 more than the amount listed for that Proof of Claim in the Debtors' Schedules, (ii) any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code (a "Chapter 5 Waiver"), or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount greater than $500,000 but less than $20,000,000 (collectively, the "Category 2 Settlements").

Category 2 Settlements are subject to the following streamlined notice and objection procedures (the "Notice Procedures").  The Debtors shall provide written notice describing the basic terms of the proposed settlement and a copy of the proposed settlement to (i) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (ii) counsel to the agents for the Debtors' post-petition financing facilities (the "DIP Agents") and (iii) counsel to the Ad Hoc Group of Senior Secured Lenders (collectively, the "Notice Parties").  If a proposed Category 2 Settlement provides

for a Chapter 5 Waiver the notice to the Notice Parties shall also set forth the basis for the Chapter 5 Waiver.  The Notice Parties will have five (5) business days after the notice is sent to object to or request additional time to evaluate the proposed settlement.  If no written objection or written request for additional time is received by the Debtors' counsel prior to the expiration of the five-day period, the Debtors may enter into the proposed settlement without need for further Court approval or notice to any party.  If any Notice Party provides a written request to Debtors' counsel for additional time to evaluate the proposed settlement, the requesting Notice Party will have an additional five (5) business days to file and serve a formal written object to the proposed settlement. The Debtors may enter into a proposed settlement promptly upon obtaining approval of the Notice Parties.  Objections that are not resolved may be presented to the Court for determination.

C.    **Category 3 Settlements**.

Unless otherwise ordered by the Court, the Debtors will provide notice of any settlements that provide for an allowed claim in excess of $20,000,000 (collectively, the "Category 3 Settlements").  As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), the Debtors will serve settlement stipulations allowing claims in excess of $20,000,000 on the Master Service List and file them on the docket of these cases for presentment on ten (10) calendar days' notice (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)).  Objections that are not resolved may be presented to the Court for determination.

D.    **Other Settlement Motions**.

Notwithstanding anything in the Settlement Procedures, the Debtors may file a motion to approve any settlement under section 502 of the Bankruptcy Code, Bankruptcy Rule 9019 and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules.  As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), any

hearing on a settlement motion may be heard on ten (10) calendar days' notice (inclusive of the

three additional days provided under Bankruptcy Rule 9006(f)).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :      Chapter 11 Case No.
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :      **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*  :
                                              :
                Debtors.                      :      **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 AND 9019(b) AUTHORIZING THE DEBTORS TO (I) FILE OMNIBUS CLAIMS OBJECTIONS AND (II) ESTABLISH PROCEDURES FOR SETTLING CERTAIN CLAIMS

Upon the motion, dated September 24, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for entry of an order authorizing for the Debtors to (i) file Omnibus Claims Objections and (ii) establish procedures for settling certain claims without further Court approval (the "**Settlement Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**"):

    (a)    the amount claimed contradicts the Debtors' books and records;

    (b)    the Claims were incorrectly classified;

    (c)    the Claims seek recovery of amounts for which the Debtors are not liable;

    (d)    the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

    (e)    the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to file Omnibus Claims Objections to no more than 100 Claims at a time on the Additional Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to settle Claims in accordance with

the following Settlement Procedures:

- The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (i) the aggregate amount to be allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities, so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "***De Minimis* Settlement Amount**"); **provided**, **however**, *De Minimis* Settlement Amounts shall not include (x) any settlement of a Claim to which General Motors Company is a party or beneficiary or any present or former insider of the Debtors is a party, or (y) any settlement of a Claim that includes a release by any of the Debtors of a claim they may have against a creditor pursuant to chapter 5 of the Bankruptcy Code.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee.  Within five (5) business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within which to object.  If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount and is greater than $50 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 days' notice.

- Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

- On a quarterly basis, on the thirtieth day after the start of the quarter, beginning on the quarter that starts on October 1, 2009, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order,[2] a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019.  Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

- On a monthly basis, beginning on November 1, 2009, the Debtors will provide the Creditors' Committee with a separate report of all settlements of a *De Minimis* Settlement Amount entered into in the preceding calendar month.

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

---

[2] *See* Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures [Docket No. 3629].

ORDERED that the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from the interpretation and/or implementation of this Order.

Dated:  New York, New York
        [_____], 2009


_____
United States Bankruptcy Judge