RECEIVED
SEP - 9 2009
U.S. BANKRUPTCY COURT, SDNY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------X

IN RE                      :   Chapter 11

GENERAL MOTORS CORP., et al.,   :   Case No. 09-50026(REG)

         Debtors.        :   (Jointly Administered)

:   JURY TRIAL RIGHT PRESERVED

-------------------------------------X

### AFFIDAVIT

OF UNIFORM DECLARATORY JUDGMENT ACT ENTITLED APPLICANT/
PETITIONER LAFONZA EARL WASHINGTON SHOWING CAUSE FOR
NEED FOR TIMELY ISSUANCE OF EXECUTION - TO AVOID
STATUTORILY PREVENTALE LOSS

I, Lafonza Earl Washington, hereby state under penalty
of perjury that,

1. He is the "IMPLIED" judgment creditor based on an Order,
Final Judgment, and Out-Of-Court Settlement dated July 31, 2008,
against Defendant General Motors Corporation witnessed to by the
"Notice To Debtors' Retirees Represented By The International
Union, United Automobile, Aerospace and Agricultural Implement
Workers Of America Of Sale Of Debtors' Assets And Approval Of
UAW Retiree Settlement Agreement" testifying of, '"the 2008
Settlement Agreement" approved by the United States District
Court for the Eastern District of Michigan in the class action
styled Int'l Union UAW, et al. v. General Motors Corporation,
Civil Action No. 07-14074 (E.D. Mich. filed Sept. 9, 2007)
(final order entered July 31, 2008)', on Page 2 of this Notice.

2. On July 31, 2008, final order for Attorney Fees and
Expenses and the unauthorized 'Findings of Facts and Conclusions

of Law' prohibited by the Federal Rules of Civil Procedure were
made as witnessed to by Attorney (? no bar # cited or filed) Steve
Karotkin, Harvey R. Miller, Joseph H. Smolinsky of WEIL, GOTSHAL &
MANGES LLP, and testimony made on Page 4 of the Notice To Debtors'
Retirees Represented By...", the UAW.

    3.  The Defendant in the Michigan class action who is the
Debtor in this above-numbered action, the General Motors Corpora-
tion, was NOT an "adverse" party to this Petitioner/Applicant, a
timely Claimant in the Michigan class action, whereby the "IMPLIED"
agreement upon this Petitioner's demanded rights and GM's obliga-
tions that was NOT controverted by GM eliminated the necessity of
a judicial resolution of the out-of-court settlement owed and
demanded by this party in the sum of $1,564,629,220.00 at 15%
annual interest or at $556,940.00 per day calculated thru Monday,
June 15, 2009.

    4.  No part of the Uniform declaratory Judgment Act remedy
or "IMPLIED" agreement to the out-of-court settlement entitlement
and demand has been paid, and the whole of such debt is now due
and remains unsatisfied.

    5.  This SWORN party is in danger of losing the amount of
his constitutionally and Federal Laws protected (monetary)
property "OWNERSHIP" rights payment by prohibited delay in
issuing execution on money required to be deposited in the U.S.
Treasury or a designated depositary.

    6.  This SWORN party declares that he is justified in his
belief in the danger arising from such delay by the following

facts and circumstances:

(i) Title 11 U.S.C. § 363 prohibits such a sale by
GM based on ONLY the trustee 'MAY' use, sell, or
lease, other than in the ordinary course of business,
property of the estate NOT Debtor GM, regardless of
VOID, nonenforceable resolved resolution frauds etc.,
by GM's Board of Directors.

(ii) However, § 363 (b)(1)(B)(ii) prohibits a
Trustee, who has NOT been appointed in this case,
in the first instance due to clear facts proving that
applicable and cited "NONBANKRUPTCY" laws, multiple
of them have been violated which divest the trustee
also from such use, sale, or lease of GM's assets.

(iii) The U.S. District Court for the Southern
District of New York, which this bankruptcy court is
only a unit of, is required to have EXCLUSIVE
jurisdiction of Debtor GM's assets beginning June 1,
2009, under Title 28's NONBANKRUPTCY law, yet GM's
Notice Of Sale Hearing frauds a purchaser sponsored
by the U.S. Treasury has purchased substantially
all of Debtor GM's assets free and clear of all
liens, claims, encumbrances and other interests
that directly threatens the ownership and will
cause the losses.

(iv) The immediate direction of the Court to
deliver the demanded sum to this rightful "OWNER"

is the only act that will prevent these losses

and until the Direction from the Court to comply

with statutory delivery of this money prohibited

losses will repeatedly continue; BY LAW this Court

has the duty to administrate justice and the

immediate delivery, if deprived the losses and

deliberate causing of financial hardship will

continue with the Courts having full knowledge of

these civil and criminal activities by natural

persons abusing unauthorized corporate processes

which EQUITY of justice always is required to enjoin.

"I DECLARE THAT THE STATEMENTS ABOVE ARE
TRUE TO THE BEST OF MY INFORMATION
KNOWLEDGE AND BELIEF."


Dated:    June 15, 2009

By / Lafonza Earl Washington
Applicant/Petitioner
7010 Cranwood Drive
Flint, MI   48505
Tel:   810.922.0308

Lafonza Earl Washington
Applicant/Petitioner
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.922.0308

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
                                 :
IN RE                            :    Chapter 11
                                 :
GENERAL MOTORS CORP., et al.,    :    Case No. 09-50026 (REG,
                                 :
           Debtors.              :    (JOINTLY ADMINISTERED,
                                 :
---------------------------------X    JURY TRIAL (DEMAND) *PRESERVED*

## NOTICE

OF "AMENDED MOTION APPLICATION" BY LAFONZA EARL
WASHINGTON TO BE IMMEDIATELY GRANTED ON THE SAME
DATE AS DEBTORS' NOTICE OF SALE HEARING TO SELL
SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO
MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE
ACQUISITION HOLDING LLC, A U.S. TREASURY-SPONSORED
PURCHASER WITH RESPONSE AND PETITION TO COMPEL
PAYMENT IN THE NATURE OF A PEREMPTORY WRIT OF
MANDAMUS INVOLVING RES ADJUDICATA AND COLLATERAL
ESSTOPPEL ISSUES PREVIOUSLY DISPOSED OF IN DEFENDANT
GENERAL MOTORS CLASS ACTION'S ORDER, FINAL JUDGMENT
AND OUT OF COURT SETTLEMENT AGREEMENT IN CASE NO.
07-CV-14074 IN THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
(DETROIT) PURSUANT TO THE BELOW-CITED SECTIONS OF
TITLES 11, 28, AND 31 of the UNITED STATES CODE
                        OR
IF THIS "OWNER'S" MONEY IS NOT PAID IMMEDIATELY
DEMANDED "WITHDRAWAL" OF THIS ENTIRE PROCEEDING
BASED ON 28 U.S.C. §§ 157(d), 1334 (e) ETC.,
MOTION IS FILED-PETITIONER WASHINGTON DOES NOT
"CONSENT" TO THE BANKRUPTCY JUDGE/COURT DETERMINING
THAT RESOLUTION OF THESE QUESTIONABLE PROCEEDINGS
REQUIRES CONSIDERATION OF BOTH TITLE 11 AND OTHER
LAWS OF THE UNITED STATES REGULATING ORGANIZATIONS
OR ACTIVITIES AFFECTING INTERSTATE COMMERCE AND
DEMANDS A JURY TO FIND ALL FACTS IN THE PROPER
VENUED U.S. DISTRICT COURT

TO:    United States Bankruptcy Court
       Vito Geena, Clerk
                and
       WEIL, GOTSHAL & MANGES LLP
       Attorneys for the Debtors
       Attn:  Harvey R. Miller, Esq.
              Stephen Karotkin, Esq.
              Joseph H. Smolinsky, Esq.
                and
       U.S. Attorney's Office
       Southern District of New York
       Attn:  David S. Jones, Esq.
              Matthew L. Schwartz, Esq.
                and
       CADWALADER, WICKERSHAM & TAFT LLP
       Attorneys for the Purchaser
       Attn:  John J. Rapisardi, Esq.
                and
       CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
       Attorneys for the UAW
       Attn:  James L. Bromley, Esq.
                and
       COHEN, WEISS & SIMON LLP
       Attorneys for the UAW
       Attn:  Babette Ceccotti, Esq.
                and
       VEDDER PRICE, P.C.
       Attorneys for Export Development Canada
       Attn:  Michael J. Edelman, Esq.
              Michael L. Schein, Esq.
                and
       Office of the U.S. Trustee for the
       Southern District of New York
       Attn:  Diana G. Adams, Esq.
                and
       Eric Holder
       United States Attorney General
                and
       Barack H. Obama, President
       United States of America
                and
       Frederick A. Henderson
       President and Chief executive Office

       and a Proper Officer of the
       Board of Directors of the
       General Motors Corporation


       **PLEASE TAKE NOTICE** that on June 19, 2009, pursuant to the

Federal Rules of Civil Procedure (FRCP), Rules 11(a) and 12(f),

the pleadings filed by the Debtors' attorney are MOTIONED to be

is the only act that will prevent these losses
and until the Direction from the Court to comply
with statutory delivery of this money prohibited
losses will repeatedly continue; BY LAW this Court
has the duty to administrate justice and the
immediate delivery, if deprived the losses and
deliberate causing of financial hardship will
continue with the Courts having full knowledge of
these civil and criminal activities by natural
persons abusing unauthorized corporate processes
which EQUITY of justice always is required to enjoin.

"I DECLARE THAT THE STATEMENTS ABOVE ARE
TRUE TO THE BEST OF MY INFORMATION
KNOWLEDGE AND BELIEF."

Dated:    June 15, 2009

By:    Lafonza Earl Washington
       Applicant/Petitioner
       7010 Cranwood Drive
       Flint, MI  48505
       Tel:  810.922.0308

## Search Documents

Docket Date:
(mm/dd/yyyy)

(mm/dd/yyyy) To (optional):

Docket No.: 2477          To (optional):

Search Description for:

☐  Search Within Results

[ Search ]    [ Clear Search Results ]

## Court Documents

United States Bankruptcy Court Southern District of New York
*In re Motors Liquidation Company*
Case No. 09-50026

### 1 Results Found

*The docket is currently displayed in **reverse chronological order**. To display the docket in **chronological order**, please* click here.

| Date | Court Docket Number | Description |
|---|---|---|
| 06/19/2009 | 2477 | Objection to Debtors' Motion filed by LaFonza Earl Washington. (Ho, Amanda) (Entered: 06/25/2009) |

- Home
- Case Information
- Key Documents
- First Day Motions and Orders
- 363 Transaction Pleadings
- UAW-Related Court Documents
- Stock Trading Order and Related Information
- Court Documents
- Scheduled Hearings
- Claims Register

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - X
                                          :
                                          :
In Re                                     :      Chapter 11
                                          :
GENERAL MOTORS CORP., et al.,             :      Case No. ~~09-50026(REG~~
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - X

*RECEIVED SEP - 9 2009 U.S. BANKRUPTCY COURT, SDNY*

APPLICATION FOR ISSUANCE OF WRIT OF EXECUTION
AGAINST DEBTOR GENERAL MOTORS CORPORATION AFTER
**GRANT** OF MONEY JUDGMENT/ORDER IN FAVOR OF
JUDGMENT CREDITOR LAFONZA EARL WASHINGTON AND
AS A FINAL REMEDY - BY LAW

To:  The Clerk of the United States Bankruptcy Court For the Southern
     District of New York.

     1.  On June 1, 2009, this Court made and entered its judgment/Order
in the above - entitled and numbered action.

     2.  The judgment/order was in favor of this Applicant and against
the Debtors' in the sum of $1,604,171,960.00 at 15% annual interest or
at the rate of $556,940.00 per day and is calculated thru Thursday,
August 27, 2009 and is recorded at docket number 3656.

     3.  No part of the judgment/order "GRANTING RELATED RELIEF" has
ever been satisfied that was granted on June 30, 2009, though due
demand for satisfaction has been made on Debtors' et al.

     4.  There is due and owing to this entity from the Debtors' the
sum of $1,604,171,960.00 and demanded interest is 15% annually and is
computed thru Thrusday, August 27, 2009.

     WHEREFORE, this Applicant requests that the Court issue a Writ of
Execution against Debtors' General Motors Corporation et al., on the
grant of relief entered for Creditor Lafonza Earl Washington at
docket number 3656 in this action and be "DIRECTED" to the levying
officer or United States Marshal's office for the Southern District of
New York in and for this Federal District and to any registered process
server, including the CT Corporation Systems and Order or Command the
levying officer to make a Return of the Writ specifying what was done
to comply with the Writ and to file and serve the Return on or before
Monday, August 31, 2009.

          "I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST
          OF MY INFORMATION, KNOWLEDGE, AND BELIEF. "

"I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE
BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF."

Dated:   August 27, 2009

BY: Lafonza Earl Washington,
    Judgment Creditor
    7010 Cranwood Drive
    Flint, MI   48505
    Tel: 810.922.0308

## Search Documents

Docket Date:                    (mm/dd/yyyy) To (optional)
                (mm/dd/yyyy)

Docket No.:    3656    To (optional):

Search Description for:

☐ Search Within Results

| Search | | Clear Search Results |

# Court Documents

United States Bankruptcy Court Southern District of New York
*In re Motors Liquidation Company*
Case No. 09-50026

**1 Results Found**

*The docket is currently displayed in **reverse chronological order**. To
display the docket in **chronological order**, please <u>click here</u>.*

| Date | Court Docket Number | Description |
|------|------|------|
| 07/30/2009 | 3656 | Application for Ex Parte Relief Entry - Nunc Pro Tunc - To Debtors' Unnoticed Amended sales Order Approval (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. a U.S. Treasury Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale: and (III) Granting Related Relief that Includes the Amended Motion Application of Applicant/Petitioner LaFonza Earl Washington Pursuant to the Federal Rules of Bankruptcy |

• <u>Home</u>

Procedure Rules 4001(d)(3) and (4) Including the Federal • Case
Rules of Civil Procedure Rules 70, 77, 79, and Title 11
U.S.C. section 363 and 541 filed by LaFonza Earl
Washington. (Ho, Amanda) (Entered: 08/04/2009)

Information
- Key Documents
- First Day Motions
  and Orders
- 363 Transaction Pleadings
- UAW-Related Court Documents
- Stock Trading Order and Related Information
- Court Documents
- Scheduled Hearings
- Claims Register

© 2009 The Garden City Group, Inc. - All Rights Reserved

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In Re                               :    Chapter 11
                                    :
GENERAL MOTORS CORP., et al.,       :    Case No. 09-50026(REG)
                                    :
                Debtors.            :    (Jointly Administered)
                                    :
------------------------------------x

<u>DIRECTIONS</u>

TO EXECUTION OFFICER TO LEVY ON MONETARY PROPERTY
GRANTED TO JUDGMENT/ORDER CREDITOR LAFONZA EARL
WASHINGTON DATED JUNE 30, 2009 AND JULY 30, 2009
AGAINST DEBTORS' GENERAL MOTORS CORPORATION
ASSETS LOCATED IN THIS FEDERAL DISTRICT

TO:   The United States Marshal's Office for the Southern District
      of New York and the CT Corporation Systems.

      By virtue of the attached Writs of Execution, you are hereby
instructed to levy on $1,604,171,960.00 of Debtors' General Motors
Corporation which assets are located at 767 Fifth Avenue, New York,
New York, at WEIL, GOTSHAL & MANGES LLP, telephone 212.310.8000.

      Please file with the above-named Court the required return
and deliver the Certified check to Lafonza Earl Washington at
7010 Cranwood Drive, Flint, Michigan, by next day delivery which
expense is to be paid by this creditor, by August 31, 2009.

Dated:   August 27, 2009

                              By: Lafonza Earl Washington
                                  Creditor
                                  7010 Cranwood Drive
                                  Flint, MI  48505
                                  Tel:  810.922.0308

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                   :
In re                              :   Chapter 11
                                   :
GENERAL MOTORS CORP., et al.,      :   Case No. 09-50026(REG)
                                   :   U.S. BANKRUPTCY COURT, SDNY
                Debtors.           :   (Jointly ~~Administered~~)
                                   :
-----------------------------------x

### EX PARTE APPLICATION - NUNC PRO TUNC TO CORRECT CLERICAL OMISSION IN PREVIOUS ORDER RELATING TO DOCKET NUMBERS 2477 AND 3656 FILED BY PETITIONER LAFONZA EARL WASHINGTON

The above-named Petitioner makes application to the Court to grant the statutory and procedurally entitled to Order authorizing the clerk to enter on the minutes of this Court an Order nunc pro tunc, and as grounds for this application shows the following:

1.  A hearing of the Voluntary Petition and this entity's filings etc., was held on June 30, 2009, and the noncontest, nondispute, nondenial of this Petitioner's "3" separate Amended Motion Applications and "2" separate Affidavits were in favor of the above-named Petitioner.  An entry of Order for relief was made on June 1, 2009, and Order authorizing sale of assets and granting related relief that included the relief demanded by this Petitioner - By Law - as well as an Order approving amendment to provide for Debtors' post-petition wind-down financing was entered on June 30, 2009.  Because of clerical errors the following omission was made in the Orders:

2.  With specificity, an Order granting related relief was required to be entered in the name of Lafonza Earl Washington and the Clerk's Certificate of Entry was bound by law to enter

on the record the payment to the Order of this entity in the
amount of $1,594,147,040.00 that is calculated thru Friday,
August 14, 2009, which is updated; and the issuance of individual
Blue Cross/Blue Shield account cards in the separate names of
Lafonza Earl Washington and Joan A. Washington.

3.  If the matter set forth above is NOT entered in the
Orders of this Court, the relief intended cannot be secured.

4.  Debtor GM or the New GM Co., is NOT required to waive
Notice of this Application in compliance with the Federal Rules of
Bankruptcy Procedure, Rule 4001(a)(2) authorizes and provides for
Ex Parte Relief immediately from the clearly proven ed repeated
irreparable injuries, losses, and damages uncontestedly being
caused by GM etc.

"I DECLARE THAT THE STATEMENTS ABOVE ARE
TRUE TO THE BEST OF MY INFORMATION,
KNOWLEDGE AND BELIEF."

Dated:   August 13, 2009

{ RENEWED }
{    OR    }
{ RESERSED }
September 4, 2009

By:  Lafonza Earl Washington

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
In re                                   :   Chapter 11
                                        :
GENERAL MOTORS CORP., et al.,           :   Case No. 09-50026(REG)
                                        :
                    Debtors.            :   (Jointly Administered)
                                        :
----------------------------------------x

CLERK'S CERTIFICATE OF ENTRY FOR ORDER TO PAY
TO THE ORDER OF LAFONZA EARL WASHINGTON THE
SPECIFIC RELATED RELIEF GRANTED IN ORDER
AUTHORIZING SALE OF ASSETS THAT IS DEMANDED
TO BE PAID BY ELECTRONIC FUND TRANSFER

        It appears to the Court that the Order previously entered or

required to have been entered by the clerk or Judge Robert E.

Gerber's Deputy Clerk Helene Blum in the above-entitled action is

incorrect as stated because of the omission of the specific entry

of the Order and Final Judgment granting this above-named

Petitioner his demand for judgment which shall or should have

granted the relief demanded in the pleadings to which this party

in whose favor it is rendered is or was entitled to.

        It further appears that the omission mentioned in Paragraph 1

of this Order occurred through an inadvertent clerical error

unintentionally, based on the clerk/deputy clerk was NOT attentive

to the record that proved no plan was filed classifying Petitioner's

claim or interest and any plan filed is/was required, BY LAW, to

leave unaltered the legal, equitable and contractual rights to

which the involved claims or interest entitled this Holder of such

claims or interests.

        IT IS THEREFORE ORDERED that the Order previously entered on

the minutes of the Court, numbered _____, and dated

June 30, 2009, be corrected where necessary Petitioner is a pro se

party and the Federal Rules of Civil Procedure Rule 12 does NOT

require the expertise of licensed attorneys, but include the words

IT IS HEREBY ORDERED that the Amended Motion Application of

Petitioner/Applicant Lafonza Earl Washington is hereby granted in

the sum of $1,596,931,740.00 and the direction of the Electronic

Fund Transfer Application to transfer this amount to the

designated account at JPMorgan Bank N.A. be satisfied immediately.

   IT IS THEREFORE ORDERED that the related Order previously

entered on the minutes of the Court, numbered _____,

and dated June 30, 2009, include the words IT IS THEREFORE ORDERED

that Judge Gerber's deputy clerk assist in executing the

individual Blue Cross/Blue Shield medical cards individually,

one separately for Petitioner's legal wife Joan A. Washington

and one separately for Petitioner above-named.

   IT IS FURTHER ORDERED that this Order, as corrected, be

entered nunc pro tunc to appear of record as of June 30, 2009,

that being the date when the Order was originally entered and

erroneously transcribed and satisfy the unpaid interest of
                    (PER day)
$556,940.00 thru Friday, August 14, 2009, that is already

computed in the total amount herein demanded.


Dated:       , 2009


                              _____
                              United States Bankruptcy Court
                              Southern District of New York

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
                                     :   Chapter 11
In re                                :
                                     :   Case No. 09-50026(REG,
GENERAL MOTORS CORP., et al.,        :
                                     :   (Jointly Administered,
          Debtors.                   :
-------------------------------------x

## *RENEWED*

### CERTIFICATE OF SERVICE

I, Lafonza Earl Washington, CERTIFY that on Tuesday, August 18, 2009, I caused the below-identified papers to be mailed to the below-named entities:

1. Application For Ex Parte Relief Entry Payment Entered on June 30, 2009, In Compliance With Electronic Fund Transfer (REGULATION E) Pursuant To 12 CFR Parts 205 and 229 and the Federal Government's Participation In the Automated Clearing House Pursuant To 31 CFR Parts 210, 240 and 256.60 To Initiate This Automatic Transfer By JPMorgan Chase Bank N.A. - Payee Lafonza Earl Washington's Account - Holding Financial Institution Who Is Authorized By Law To Initiate This Transfer "WITHOUT" A Specific Request and Assistance Is Required To Be Provided By the Clerk's Office Of the Above-Named Court Under the Federal Rules of Civil Procedure.

2. Clerk's Certificate Of Entry For Order To Pay To the Order Of Lafonza Earl Washington the Specific Related Relief Granted In Order Authorizing Sale Of Assets That Is Demanded To Be Paid By Electronic Fund Transfer.

3. Ex Parte Application - Nunc Pro Tunc To Correct Clerical Omission In Previous Order Relating To Docket Numbers 2477 and 3656 Filed By Petitioner Lafonza Earl Washington.

4. In re Motors Liquidation Company, Case No. 09-50026, Court Docket No. 2477.

5. In re Motors Liquidation Company, Case No. 09-50026, Court Docket No. 3656.

6. In re General Motors Corp., et al., Debtors, Chapter 11, Case No. 09-50026 (REG) reference to Docket No. 2968 ORDER, "Order (1) Authorizing Sale Of Assets Pursuant To Amended and Restated Master Sale and Purchase Agreement

RECEIVED
SEP - 9 2009
U.S. BANKRUPTCY COURT, SDNY

## Search Documents

Docket Date: _____ (mm/dd/yyyy) To (optional): _____
(mm/dd/yyyy)

Docket No.:    3656    To (optional): _____

Search Description for: _____

☐ Search Within Results

[ Search ]        [ Clear Search Results ]

## Court Documents

United States Bankruptcy Court Southern District of New York
*In re Motors Liquidation Company*
Case No. 09-50026



**1 Results Found**

*The docket is currently displayed in **reverse chronological order**. To display the docket in **chronological order**, please click here.*

• Home

| Date | Court Docket Number | Description |
|---|---|---|
| 07/30/2009 | 3656 | Application for Ex Parte Relief Entry - Nunc Pro Tunc - To Debtors' Unnoticed Amended sales Order Approval (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. a U.S. Treasury Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale: and (III) Granting Related Relief that Includes the Amended Motion Application of Applicant/Petitioner LaFonza Earl Washington Pursuant to the Federal Rules of Bankruptcy |

Procedure Rules 4001(d)(3) and (4) Including the Federal • Case
Rules of Civil Procedure Rules 70, 77, 79, and Title 11
U.S.C. section 363 and 541 filed by LaFonza Earl
Washington. (Ho, Amanda) (Entered: 08/04/2009)

Information
- Key Documents
- First Day Motions
  and Orders
- 363 Transaction Pleadings
- UAW-Related Court Documents
- Stock Trading Order and Related Information
- Court Documents
- Scheduled Hearings
- Claims Register

© 2009 The Garden City Group, Inc. - All Rights Reserved

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                           :

**In re**                              :        **Chapter 11 Case No.**

                                           :

**GENERAL MOTORS CORP.,** *et al.,*       :        **09-50026 (REG)**

                                           :

              **Debtors.**          :        **(Jointly Administered)**

                                           :

-----------------------------------------------------------------x

RECEIVED
SEP - 9
U.S. BANKRUPTCY COURT, SDNY

### ORDER (I) AUTHORIZING SALE OF ASSETS PURSUANT TO AMENDED AND RESTATED MASTER SALE AND PURCHASE AGREEMENT WITH NGMCO, INC., A U.S. TREASURY-SPONSORED PURCHASER; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated June 1, 2009 (the "**Motion**"), of General Motors Corporation ("**GM**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 365 of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for, among other things, entry of an order authorizing and approving (A) that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, by and among GM and its Debtor subsidiaries (collectively, the "**Sellers**") and NGMCO, Inc., as successor in interest to Vehicle Acquisition Holdings LLC (the "**Purchaser**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), together with all related documents and agreements as well as all exhibits, schedules, and addenda thereto (as amended, the "**MPA**"), a copy of which is annexed hereto as Exhibit "A" (excluding the exhibits and schedules thereto); (B) the sale of the Purchased Assets[1] to the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion or the MPA.

US_ACTIVE:\43085833\07\43085833_7.DOC\

Purchaser free and clear of liens, claims, encumbrances, and interests (other than Permitted

Encumbrances), including rights or claims based on any successor or transferee liability; (C) the

assumption and assignment of the Assumable Executory Contracts; (D) the establishment of

certain Cure Amounts; and (E) the UAW Retiree Settlement Agreement (as defined below); and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with this Court's Order, dated June 2, 2009 (the

"**Sale Procedures Order**"), and it appearing that no other or further notice need be provided;

and a hearing having been held on June 30 through July 2, 2009, to consider the relief requested

in the Motion (the "**Sale Hearing**"); and upon the record of the Sale Hearing, including all

affidavits and declarations submitted in connection therewith, and all of the proceedings had

before the Court; and the Court having reviewed the Motion and all objections thereto (the

"**Objections**") and found and determined that the relief sought in the Motion is necessary to

avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by

Bankruptcy Rule 6003 and is in the best interests of the Debtors, their estates and creditors, and

other parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

amendment, or supplement does not have a material adverse effect on the Debtors' estates. Any

such proposed modification, amendment, or supplement that does have a material adverse effect

on the Debtors' estates shall be subject to further order of the Court, on appropriate notice.

       69.    The provisions of this Order are nonseverable and mutually dependent on

each other.

       70.    As provided in Fed.R.Bankr.P. 6004(h) and 6006(d), this Order shall not

be stayed for ten days after its entry, and instead shall be effective as of 12:00 noon, EDT, on

Thursday, July 9, 2009. The Debtors and the Purchaser are authorized to close the 363

Transaction on or after 12:00 noon on Thursday, July 9. Any party objecting to this Order must

exercise due diligence in filing any appeal and pursuing a stay or risk its appeal being foreclosed

as moot in the event Purchaser and the Debtors elect to close prior to this Order becoming a Final

Order.

       71.    This Court retains exclusive jurisdiction to enforce and implement the

terms and provisions of this Order, the MPA, all amendments thereto, any waivers and consents

thereunder, and each of the agreements executed in connection therewith, including the Deferred

Termination Agreements, in all respects, including, but not limited to, retaining jurisdiction to (a)

compel delivery of the Purchased Assets to the Purchaser, (b) compel delivery of the purchase

price or performance of other obligations owed by or to the Debtors, (c) resolve any disputes

arising under or related to the MPA, except as otherwise provided therein, (d) interpret,

implement, and enforce the provisions of this Order, (e) protect the Purchaser against any of the

Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any

kind or nature whatsoever, against the Purchased Assets, and (f) resolve any disputes with

respect to or concerning the Deferred Termination Agreements. The Court does not retain

jurisdiction to hear disputes arising in connection with the application of the Participation

| Deleted: Pursuant to Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for ten days after its entry and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the 363 Transaction immediately upon entry of this Order. |
| --- |

Agreements, stockholder agreements or other documents concerning the corporate governance of

the Purchaser, and documents governed by foreign law, which disputes shall be adjudicated as

necessary under applicable law in any other court or administrative agency of competent

jurisdiction.

Dated: New York, York
  July <u>5</u>, 2009

<u>   s/Robert E. Gerber   </u><br>
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
In Re                                     :    Chapter 11
                                          :
GENERAL MOTORS CORP., et al.,             :    Case No. 09-50026(REG)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
------------------------------------------x

## CERTIFICATE OF SERVICE

    I, Lafonza Earl Washington, certify that on Thursday,
August 27, 2009, I caused the documents identified below to be
mailed to the below-named offices, postage prepaid via UPS Next
Day Air and United States Postal Service first class mail as
follows:

    1.  Application For Issuance Of Writ Of Execution
        Against Debtor General Motors Corporation
        After Grant Of Money Judgment/Order In Favor
        Of Judgment Creditor Lafonza Earl Washington
        And As A Final Remedy - By Law

    2.  Directions To Execution Officer To Levy On
        Monetary Property Granted To Judgment/Order
        Creditor Lafonza Earl Washington Dated June
        30, 2009 and July 30, 2009 Against Debtors'
        General Motors Corporation Assets Located
        In This Federal District *And EXHIBITS.*

    Please process according to law.  Thank you.

                              By:  Lafonza Earl Washington
                                   Judgment Creditor
                                   7010 Cranwood Drive
                                   Flint, MI  48505
                                   Tel:  810.922.0308

Mailed To:

        United States Bankruptcy Court
        Vito Genna, Clerk
        One Bowling Green
        New York, New York  10004
        Tel:  212.668.2870



United States Marshal's Office
Southern District of New York
Executions Division
500 Pearl Street
New York, New York  10007
Tel:  212.331.7200

General Motors Corporation
c/o CT Corporation Systems
111 8th Avenue    13th Floor
New York, New York  10011
Tel:  212.894.8940

Acting Treasurer of the United States
President Barack H. Obama
1600 Pennsylvania Avenue, N.W.
Washington, D.C.  20220

Department of Justice
United States Attorney General
Eric Holder U.S. Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C.  20530