Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                          :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,          :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*             :
:
               Debtors.              :    **(Jointly Administered)**
:
------------------------------------------------------------x

**DEBTORS' RECLAMATION NOTICE UNDER THE ORDER PURSUANT TO 11 U.S.C.
§§ 105(a) AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND
GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Background**

       1.    On June 1, 2009 (the "**Commencement Date**"), the Debtors filed the

Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and

Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims [Docket

No. 47] (the "**Motion**") and requested that the Court establish reclamation procedures (the

"**Reclamation Procedures**") to govern the resolution of reclamation claims ("**Reclamation**

**Claims**") expected to be asserted by the Debtors' Sellers[1] against the Debtors' pursuant to section 546(c) of the Bankruptcy Code.  On the Commencement Date, the Court entered the Order Pursuant to 11 U.S.C. §§ 105(a) and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims [Docket No. 169] (the "**Order**").

2. Pursuant to the Reclamation Procedures set forth in the Order, any Seller asserting a Reclamation Claim was required to deliver to the Debtors its reclamation demand ("**Reclamation Demand**") such that the Reclamation Demand was received by the Debtors and their counsel in accordance with the deadlines set forth in section 546(c) of title 11, United States Code (the "**Bankruptcy Code**").  To date, the Debtors have received approximately 72 Reclamation Demands by the Sellers, each listed on the schedule attached hereto as Exhibit "A"[2] (each, a "**Requesting Seller**," and, collectively, the "**Requesting Sellers**").

3. As required by the Reclamation Procedures, the Debtors hereby file this Reclamation Notice listing the Reclamation Claims and the amount (if any) of each such Reclamation Claim that the Debtors determine to be valid.  For the reasons set forth below, the Debtors submit that all Reclamation Claims presented in the Reclamation Demands are invalid, as more fully described on Exhibit A.

### Prima Facie Elements and Valid Legal Defenses

4. Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code.  Section 546(c)(1) provides, in relevant part:

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and Order.

[2] The Debtors reserve the right to revise and supplement the list of Reclamation Claims set forth on Exhibit A, as well as their objections thereto.

> [S]ubject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee ... are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—(A) not later than 45 days after the date of receipt of such goods by the debtor; or (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case …

11 U.S.C. § 546(c)(1). "The seller has the burden to prove all elements of its right to reclamation by a fair preponderance of the evidence." *See, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 302 B.R. 128, 133 (Bankr. S.D.N.Y 2003); *Galey & Lord, Inc. v. Arley Corp.* (*In re Arlco, Inc.*), 239 B.R. 261, 266 (Bankr. S.D.N.Y. 1999); *In re Child World, Inc.*, 145 B.R. 5, 6 (Bankr. S.D.N.Y. 1992); I*n re Pittsburgh Canfield Corp.*, 309 B.R. 277, 284 (6th Cir. B.A.P. 2004); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1344 (11th Cir. 1988); *In re Adventist Living Ctrs., Inc.*, 171 B.R. 310, 312–13 (N.D. Ill. 1994), *aff'd*, 52 F.3d 159 (7th Cir. 1995); *see also* 5 COLLIER ON BANKRUPTCY ¶ 546.04[2] (Lawrence P. King et al. eds. 15th rev. ed. 2008).[1]

     5.     By its terms, section 546(c) of the Bankruptcy Code limits the reclamation rights of sellers of goods. Most notable is that section 546(c)(1) subordinates the rights of sellers of goods to the prior interests of secured parties. Thus, a secured lender that holds a floating lien on the debtor's property holds a security interest in all of the debtor's inventory such that "a reclaiming seller is entitled to a lien or administrative expense only to the extent that the value of the specific inventory in which the reclaiming seller asserts an interest exceeds the amount of the floating lien in the debtor's inventory." *In re Dana Corp.*, 367 B.R. 409, 419 (Bankr. S.D.N.Y.

---

[1] The Debtors reserve the right to argue that additional elements must be proven to establish a *prima facie* case under the current formulation of section 546(c) of the Bankruptcy Code.

2007) (quoting *In re Pittsburgh-Canfield Corp.*, 309 B.R. 277, 287 (6th Cir. B.A.P. 2004)) (holding that BAPCPA did not create a new federal reclamation right and that reclamation claimants were subject to a debtor's legal defense rendering reclamation claims valueless where the reclaimed goods were subject to an existing creditor's prior lien); *see also In re Dairy Mart Convenience Stores, Inc.*, 302 B.R. 128, 134-36 (Bankr. S.D.N.Y 2003) (holding that reclamation claims were without value in light of a secured lender's prior floating lien on the debtor's inventory[1]); *In re Pester*, 964 F.2d. 842, 847 (8th Cir. 1992) (citing cases); *In re Incredible Auto Sales LLC*, 2007 Bankr. LEXIS 1024 (Bankr. D. Mont. Mar. 26, 2007) (creditor's liens on inventory trumped another creditor's reclamation rights); *In re Advanced Marketing Services, Inc.*, 360 B.R. 421, 426–27, 429 (Bankr. D. Del. 2007) (finding vendor "failed to establish any likelihood . . . of success of establishing it has a valid reclamation right" where lenders' interests were secured by prior liens in all of debtor's inventory); *In re Houlihan's Restaurant, Inc.*, 286 B.R. 137, 140 (Bankr. W.D. Mo. 2002) (only when the reclaiming vendors' goods exceed the amount of the senior secured claims in such goods does the reclamation claim have value so as to entitle the vendor to an administrative claim or a lien); *Galey & Lord, Inc. v. Arley Corp.* (*In re Arlco, Inc.*), 239 B.R. 261, 270-72 (Bankr. S.D.N.Y. 1999) (same); *In re Primary Health Sys. Inc.*, 258 B.R. 111, 117–18 (Bankr. D. Del. 2001). Similarly, in *In re Delphi Corporation*, Bankruptcy Judge Drain recently held that "based on the logic of the *Arlco* decision, … reclamation creditors took subject to the rights of the prepetition secured lenders who had a lien on their goods as well as substantially all of the debtors' other property," and that such secured creditors are not required to marshal their property in asserting

---

[1] Furthermore, in *Dairy Mart*, pre-petition liens were released in exchange for payment from post-petition financing. The *Dairy Mart* Court held that the reclaiming creditors were still subordinate to the post-petition liens. *Id.* at 136.

their rights and remedies for the benefit of reclamation creditors. Transcript of Record at 70-71, *In re Delphi Corp.*, Case No. 05-44481 (Bankr. S.D.N.Y. June 16, 2009).

6. The Debtors' pre-petition indebtedness and post-petition indebtedness[1] were secured by liens (the "**Liens**") on substantially all of the Debtors' assets, including the Goods described in the Reclamation Demands. Therefore, prior to the Commencement Date and for the entire duration of the Reclamation Period (as defined below), secured liens existed on substantially all of the Debtors' assets, including the Goods described in the Reclamation Demands. Accordingly, the Debtors, following the analysis in *Dairy Mart* and *Dana* and the provision of section 546(c) of the Bankruptcy Code, have concluded that the existence of these Liens renders the Reclamation Claims valueless. The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called "**Prior Security Interest**."

7. The statute limits the reclamation rights of a seller of goods to instances in which the chapter 11 debtor to whom such seller delivered goods was insolvent at the time that the goods were delivered. The Debtors make no admission at this time as to whether they were or were not insolvent during the 45-day period preceding the Commencement Date.

8. The statute places additional limitations on the reclamation rights of sellers of goods that may or may not be applicable to render invalid the particular Reclamation Claims of each of the Requesting Sellers. For example, reclamation rights arise only in connection with the sale of goods. Courts generally apply the definition of the word "goods" contained in section 2-105(1) of the Uniform Commercial Code (the "**UCC**"). *See, e.g.*, *In re*

---

[1] Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 2529] and Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing [Docket No. 2969].

*GIC Government Sec.*, 64 B.R. 161 (Bankr. M.D. Fla. 1986). Section 2-105(1) of the UCC provides that "[g]oods mean all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." Thus Requesting Sellers' Reclamation Claims are invalid to the extent that they seek to reclaim services rather than goods.

9. In addition, a Seller has no right pursuant to section 546(c) to reclaim goods delivered to the Debtors on a date that was not within the period beginning on the date that preceded the Commencement Date by 45 days, or April 17, 2009, and ending on the day immediately preceding the Commencement Date, or May 31, 2009 (in its entirety, the "**Reclamation Period**"). Accordingly, Requesting Sellers' Reclamation Claims are invalid to the extent that they seek to reclaim goods that were delivered to the Debtors on a date prior to the Reclamation Period or on or after the Commencement Date. The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called "**Outside 45 Day Reclamation Period**."

10. Because rights arising under section 546(c) of the Bankruptcy Code are rooted in the ability of a seller of goods to reclaim physical possession of the goods it has delivered to a debtor, and because of state law protection of good faith purchasers, courts routinely impose the additional requirements on reclamation claimants that the subject goods be identifiable and in the possession of the debtor on the date of the reclamation demand. *See, e.g.*, *Galey & Lord, Inc. v. Arley Corp.* (*In re Arlco, Inc.*), 239 B.R. 261, 266-67 (Bankr. S.D.N.Y. 1999) (stating that "to be subject to reclamation, goods must be identifiable and cannot have been processed into other products … if the goods are not identifiable, the debtor could not identify or extract the goods to return them to the reclaiming seller."); *In re Rawson Food*

*Service*, 846 F.2d 1343, 1344 (11th Cir. 1988) ("We conclude that an implicit requirement of a § 546(c) reclamation claim is that the debtor must possess the goods when the reclamation demand is made and therefore that the seller must prove possession as part of its prima facie case."); *Matter of Adventist Living Centers, Inc.*, 171 B.R. 310, 312–13 (N.D. Ill. 1994), *aff'd*, 52 F.3d 159 (7th Cir. 1995); *In re Pester*, 964 F.2d. 842, 846 n.5 (8th Cir. 1992) (stating that the prerequisites of possession and control "reflect the origins of reclamation as a recissional, possessory remedy").

11.    In *In re Landy Beef Co.*, 30 B.R. 19, 21 (Bankr. D. Mass. 1983), for example, the court found the seller had no right to reclamation because the buyer had either already sold to the buyer's customers or processed the goods, beef, into other products such that the goods were "non-identifiable" on the day the buyer received the seller's timely-delivered demand.  By such date, therefore, the goods were no longer identifiable or in the buyer's control and therefore were not subject to reclamation.  Fungible goods that have been commingled by the buyer with goods purchased from other vendors must be traced to a mass of goods in the buyer's possession and control of like kind and grade.  *See, e.g.*, *In re Braniff, Inc.*, 113 B.R. 745, 753–54 (Bankr. M.D. Fla. 1990); *In re The Charter Co.*, 54 B.R. 91, 93 (Bankr. M.D. Fla. 1985).

12.    Courts require that the form of a reclamation claimant's demand sufficiently identify the goods the seller seeks to reclaim.  *See, e.g.*, *In re Braniff, Inc.*, 113 B.R. at 752.  In *Braniff*, for example, the court stated that due to the "fundamental purpose of a demand for reclamation," such demand, to be sufficient, "must identify the goods as to which reclamation is sought so as to permit their return pursuant to the demand at the time the demand is made," and that an insufficient demand "must of necessity fail as a matter of law." *Id.*; *see*

*also In re Hechinger Investment Co. of Delaware, Inc.*, 274 B.R. 402, 406–07 (Bankr. D. Del. 2001) (finding that a reclamation demand must describe the subject goods in a manner that would allow the debtor to identify them upon reasonable investigation).  The Debtors submit that the Requesting Sellers' Reclamation Claims are invalid to the extent that (i) the Debtors were not able to reasonably identify from their books and records the goods the Requesting Seller sought to reclaim or (ii) the Requesting Seller did not clearly specify a total dollar amount for the Reclamation Claim.  The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called "**Unidentifiable – Books and Records**."

13.     Many Sellers entered into a trade agreement (the "**Trade Agreement**") with the Debtors pursuant to the Final Order Pursuant to 11 U.S.C. §§ 105, 363, and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors, and Service Providers, (II) Continue Troubled Supplier Assistance Program, and (III) Continue Participation in the United States Treasury Auto Supplier Support Program [Docket No. 2533] ("**Essential Suppliers**").  Section 11 of the Trade Agreement provides that an Essential Supplier may not assert any reclamation claim or similar claim, including any claim under section 503(b)(9) of the Bankruptcy Code, on account of any goods shipped prepetition and for which they have not been paid.  Moreover, payment to such Essential Suppliers for goods shipped prepetition either have been made or are in the process of being made.  Therefore, Reclamation Claims asserted by Sellers who signed a Trade Agreement are invalid.  The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called "**Trade Agreement**."

14.     Many Sellers have contracts with the Debtors that were assumed and assigned or only assumed.  In certain cases, contracts are anticipated to be assumed and/or assigned or otherwise satisfied by General Motors Company, the purchaser of substantially all

the Debtors' assets (the "**Purchaser**").  The Debtors believe many of the Reclamation Claims have been resolved through the assumption and assignment process or will be resolved after the anticipated assumption and assignment process.  Therefore, Reclamation Claims asserted by Sellers which have been cured through the assumption and assignment process or are anticipated to be cured through the assumption and assignment process or otherwise satisfied by the Purchaser are invalid.  The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called either "**Assumed and Assigned Contracts**," "**Assumed Contracts**" or "**Anticipated Assumed, Assigned or Satisfied Contracts**."

15. Certain goods were delivered to the Debtors, payment for which was authorized pursuant to the Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing Payment of Certain Prepetition (I) Shipping and Delivery Charges for Goods in Transit, (II) Customs Duties, and (III) Tooling and Mechanics Lien Charges [Docket No. 22] ("**Common Carrier Order**").  Such payments have been made by the Debtors; therefore, Reclamation Claims asserted by Sellers for goods covered by the Common Carrier Order are invalid.  The "Basis for Valid Amount" on Exhibit A for such Reclamation Claims is called "**Common Carrier**."

16. The applicability of the foregoing limitations to each Requesting Sellers' Reclamation Claim is set forth in more detail on Exhibit A.  Accordingly, the Debtors submit that each of the Reclamation Demands listed on Exhibit A are invalid.

### Reservation of Rights and Defenses

17. Exhibit A represents the Debtors' analysis of the Reclamation Claims and the defenses related to them.  The Debtors hereby reserve all of their rights to supplement or amend Exhibit A based upon their further (a) review of information already received from, or

additional information supplied by, Requesting Sellers or (b) discussions and/or negotiations with the Requesting Sellers regarding the possible amendment, resolution or withdrawal of their Reclamation Claims, or (c) review of the Debtors' books and records and information received from the Purchaser.  Moreover, the Debtors reserve the right to assert all available legal and factual defenses of any nature to each Reclamation Claim at any time (including, but not limited to, the eventual litigation of any Reclamation Claim), regardless of whether information relating to any such defenses is set forth on Exhibit A.

### Notice

18. Notice of this Motion has been provided to (i) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand and (ii) parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

Dated: New York, New York
       September 29, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| AAF International | 6/16/2009 | $18,152.00 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period |
| AJACS | 6/15/2009 | $216,060.66 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| ArcelorMittal | 6/11/2009 | $377,848.49 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| ArcelorMittal | 6/15/2009 | $22,458,387.00 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| ArcelorMittal Dofasco Inc. | 6/18/2009 | $972,895.09 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| AW Transmission Engineering, U.S.A., Inc. | 6/20/2009 | $385,000.00 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Ballard Material Products Inc. | 6/3/2009 | $168,890.03 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Bemis Company, Inc. | 6/5/2009 | $11,000.00 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Buehler Motor, Inc. | 6/19/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Buehler Motor, Inc. | 6/19/2009 | $24,984.00 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Burgess-Norton Mfg. Co. | 6/18/2009 | $6,395.60 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Cummins Inc. | 6/17/2009 | $23,222.16 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Curbell Plastics | 6/2/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Dow Chemical Company | 6/2/2009 | $511,196.02 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Dow Chemical Company | 6/2/2009 | $478,087.72 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Emerson Electric | 6/4/2009 | $133,842.83 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts<br>• Common Carrier |
| Ferguson Enterprises, Inc. | 6/19/2009 | $958,421.78 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Flextronics International, Ltd., Flextronics Manufacturing (Shanghai) Co. Ltd. | 6/11/2009 | $33,472.22 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Gates Corporation; Gates de Mexico, S.A. de C.V.; Gates Canada Inc. | 6/23/2009 | $4,450,000.00 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| GKN Driveline North America, Inc. | 6/23/2009 | $24,094.63 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| GKN Sinter Metals, LLC | 6/23/2009 | $2,145,296.42 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Guardian Industries Corp. | 6/20/2009 | $215,137.18 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed Contracts |
| Hagemeyer | 6/16/2009 | $1,770,088.15 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Hirata Corporation of America | 6/19/2009 | $15,876.00 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Honeywell Consumer Products Group - FMP Group (Australia) Pty Ltd | 6/18/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Honeywell Consumer Products Group - Friction Materials LLC | 6/18/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Anticipated Assumed, Assigned or Satisfied Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Honeywell International, Inc. | 6/4/2009 | $146,310.34 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Honeywell International, Inc. | 6/17/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Honeywell International, Inc. | 6/16/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Unidentifiable – Books and Records<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| INEOS Fluor Americas LLC | 6/22/2009 | $111,058.80 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Inteva Products, LLC | 6/2/2009 | $21,184,980.98 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| JIT Automation, Inc. | 6/22/2009 | $167,090.00 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contract |
| Lee Company | 6/9/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| LEM USA | 6/12/2009 | $6,063.28 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Len Industries, Inc. | 6/19/2009 | $29,003.13 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed Contracts |
| LUK Puebla S.A. de C.V. | 6/8/2009 | $604,640.70 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| LUK Savaria Kft. | 6/9/2009 | $1,903.16 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| LUK Transmission Systems LLC | 6/8/2009 | $337,698.13 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Luvata Ohio Inc. | 6/2/2009 | $21,080.00 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Magid Glove and Safety Manufacturing Co. LLC | 6/9/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Nissin Brake Ohio, Inc. | 5/28/2009 | $18,414.87 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| NSK Corporation | 6/23/2009 | $187,974.92 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Packaging Corporation of America | 6/23/2009 | $176,433.34 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Panasonic Automotive Systems Company of America | 6/10/2009 | $4,089,078.09 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Panasonic Electric Works Corporation of America | 6/19/2009 | $338,759.01 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Praxair, Inc.; Praxair Distribution Inc. | 6/19/2009 | $344,493.44 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Precision Resource | 6/12/2009 | $9,253.44 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Progressive Stamping Co. | 6/5/2009 | $81,942.85 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Remy International, Inc.; Remy Inc.; Remy Power Products, LLC | 6/19/2009 | $1,027,109.50 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Satterlund Supply Company | 6/9/2009 | $2,584.00 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Schaeffler Canada Inc. | 6/9/2009 | $237,314.66 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Schaeffler Chain Drive Systems | 6/8/2009 | $1,143,000.00 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Schaeffler Group USA | 6/8/2009 | $4,418,366.35 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |

09-50026-mg    Doc 4123    Filed 09/29/09    Entered 09/29/09 10:51:29    Main Document
Pg 17 of 19

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Schaeffler KG | 6/11/2009 | $96,430.00 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Schrader Bridgeport International, Inc. | 6/23/2009 | $55,328.93 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Schrader Electronics, Ltd. | 6/23/2009 | $1,720,000.00 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| SRG Global, Inc.; Siegel-Robert, Inc. | 6/20/2009 | $47,027.34 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed Contracts |
| SRG Global, Inc.; Siegel-Robert, Inc. | 6/20/2009 | $47,027.34 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed Contracts |
| SRG Global, Inc.; Siegel-Robert, Inc. | 6/20/2009 | $2,973,003.29 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed Contracts |
| Sun Microsystems Global Financial Services, LLC; Sun Microsystems Inc. | 6/18/2009 | $42,270.24 | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records |
| Superior Industries International, Inc. | 6/4/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Talcup, Inc. dba RS Electronics | 6/12/2009 | $5,508.08 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Textron Inc.; CWC Division Textron Inc.; Kautex Corporation; Kautex Inc. - Avilla; Kautex Inc. - Wilmington; Kautex of Georgia Inc.; Kautex de mexico S.L. de C.V.; Kautex Textron CVS Ltd. | 6/23/2009 | $5,220,000.00 | $0.00 | • Prior Security Interest<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Timken Company | 6/4/2009 | Not Stated | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Unico | 6/16/2009 | $7,513.60 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| Unico | 6/17/2009 | $33,391.60 | $0.00 | • Prior Security Interest<br>• Assumed and Assigned Contracts |
| US Steel | 6/23/2009 | $7,428,711.10 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Visteon Corporation | 6/19/2009 | $5,153,497.72 | $0.00 | • Prior Security Interest<br>• Outside 45 Day Reclamation Period<br>• Anticipated Assumed, Assigned or Satisfied Contracts |
| Winkelmann SP. z o.o. | 6/19/2009 | $664,000.00 | $0.00 | • Prior Security Interest<br>• Unidentifiable – Books and Records |

| Name of Claimant | Date Demand Received | Amount of Demand | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|---|
| Yazaki North America | 6/8/2009 | $16,502,266.66 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Yazaki North America | 6/9/2009 | $10,268,125.23 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |
| Yazaki North America | 6/19/2009 | $226,773.00 | $0.00 | • Prior Security Interest<br>• Trade Agreement<br>• Assumed and Assigned Contracts |