Hearing Date and Time: October 6, 2009 at 9:45 a.m. (Prevailing Eastern Time)
Objection Deadline: October 1, 2009 at 4:00 p.m. (Prevailing Eastern Time)

John Deaton, Esq. (*Pro Hac Vice*, pending)
THE DEATON LAW FIRM
1 Richmond Square, Suite 163W
Providence, RI 02906
Telephone: (401) 351-6400
Facsimile: (401) 351-6401

COUNSEL FOR INDIVIDUAL MESOTHELIOMA PLAINTIFFS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.* | Case No. 09-50026 (REG) |
| Debtors, | (Jointly Administered) |

## MOTION TO JOIN THE AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' OBJECTION TO MOTION OF DETROIT DIESEL CORPORATION FOR ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362(a) TO COVER CERTAIN LITIGATION RELATING TO DETROIT DIESEL CORPORATION, OR ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

The individual Plaintiffs indentified below hereby join the Ad Hoc Committee's objection filed in the present case. On August 27, 2009, Defendant Detroit Diesel, in the following mesothelioma cases that were originally filed in Rhode Island Superior Court; Arletta Cone v. AGCO Corp., *et al.* (C.A. No. 08-0575), Janice Makin v. 84 Lumber Company, *et al.* (C.A. No. 09-0736), Jo-Ann Messerlian v. A.O. Smith Corporation, *et al.* (C.A. No. 08-5037), and Lisa Kroskob, *et al.* v. AAMCO Transmissions, *et al.* (C.A. No. 07-6435), filed a removal petition in the United State District Court for the District of Rhode Island seeking to ultimately ask the Rhode Island Federal District Court to transfer its removal petition to the United States

Bankruptcy Court for the Southern District of New York.[1] On September 10, 2009, Defendant Detroit Diesel was granted an extension by the Rhode Island Federal District Court until October 12, 2009 to file certified copies of the case files and appropriate pleadings. Simultaneously, Detroit Diesel filed a Motion in the United States Bankruptcy Court for the Southern District of New York seeking an Order extending and enforcing the Stay imposed under 11 U.S.C. § 362(a) to cover certain litigation relating to Detroit Diesel Corporation, or alternatively enjoining such litigation pursuant to 11 U.S.C. § 305.

The aforementioned mesothelioma cases were originally filed in the Superior Court of Rhode Island at various times between 2007 and 2009. These Plaintiffs had expected trial dates within the next six (6) months. By way of example, the Kroskob matter, a living mesothelioma victim, had a tentative trial date of February 22, 2010. The other three matters, along with the Kroskob matter, have been on the trial calendar in Rhode Island Superior Court for approximately the last 12 months.

The above-listed plaintiffs individually and collectively join in the objection filed by the Ad Hoc Committee and incorporate by reference all arguments in law stated therein. In addition to the arguments found in the Ad Hac Commitees brief, the Plaintiffs further state that pursuant to the provisions of the bankruptcy code, this Honorable Court has jurisdiction over matters that are relevant to the administration of the bankruptcy proceedings related to debtor General Motors filing for bankruptcy protection. Defendant Detroit Diesel's **claim** for indemnification is not relevant to the administration of the General Motors bankruptcy. Detroit Diesel claims indemnification from the debtor when there is a judgment, hence any claim, although not

---

[1] Once these Deaton Law Firm cases were removed to the United States District Court for the District of Rhode Island they were assigned the following Federal Court case numbers; Arletta Cone v. AGCO Corp., *et al.* (C.A. No. 09-394), Janice Makin v. 84 Lumber Company, *et al.* (C.A. No. 09-395), Jo-Ann Messerlian v. A.O. Smith Corporation, *et al.* (C.A. No. 09-393), and Lisa Kroskob, *et al.* v. AAMCO Transmissions, *et al.* (C.A. No. 09-396).

relevant to the administration of the bankruptcy proceeding, is not ripe because there is no judgment pending. Put simply, a claim for indemnification of this nature only occurs when and if there is a judgment. Detroit Diesel is asking this Honorable Court to shield it under the umbrella of the bankruptcy petition based on hypothetical scenarios. This type of tactic and strategy has been attempted before and has failed.

Defendant Detroit Diesel's claim for indemnification based on a future possibility of receiving a judgment certainly should not be afforded any protection above any other individual plaintiff alleging tort liability against debtor General Motors.


Dated: October 1, 2009
       Providence, Rhode Island

                                      PLAINTIFFS,

                                      By: _____
                                      John Deaton, Esq.
                                      THE DEATON LAW FIRM
                                      1 Richmond Square, Suite 163W
                                      Providence, RI 02906
                                      (401) 351-6400
                                      (401) 351-6401 facsimile

## CERTIFICATE OF SERVICE

I, Vanessa Dennis, Esq. hereby certify that a copy of the foregoing document was sent via U.S. Mail to all the parties in interest listed below:

Weil, Gotshal, and Manges
Attorneys for the Debtors
767 Fifth Avenue
New York, NY 10153
(Attention Harvey R. Miller, Esq., Stephen Karorkin, Esq., Joseph H. Smolinsky, Esq.)

The Debtors
c/o Motor Liquidation Company
300 Renaissance Center
Detroit, Michigan 48265
Attention Ted Stenger

General Motors Company
300 Renaissance Center
Detroit, Michigan 48265
Attention: Lawrence Buonomo, Esq.

Cadwalader, Wickersham, and Taft LLP
Attorneys for the United State Department of the Treasury
1 World Financial Center
New York, NY 10281
Attention: John Rapisardi, Esq.

United State Department of Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220
Attention: Matthew Feldman, Esq.

Vetter Price
Attorneys for Export Development Canada
1633 Broadway, 47 Floor
New York, NY 10019
Attention: Michael J. Edelman, Esq. & Michael L. Schein, Esq.

Kramer, Levine, Nafialis & Frankel
Attorneys for the Statutory Committee of Unsecured Creditors (The "Committee")
1177 Avenue of the Americas
New York, NY 10036
Attention: Kenneth Eckstein, Esq., Thomas Moers Mayer, Esq., Adam Rogoff, Esq., Gordon Novod, Esq.

The Office of the United States Trustee for the Southern District of New York
33 White Hall Street, 21st Floor
New York, NY 10004
Attention: Diana Adams, Esq.

The U.S. Attorney's Office S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY 10007
Attention: David Jones, Esq. and Matthew Schwartz, Esq.

Counsel for Detroit Diesel Corporation
LeClairRyan, a Professional Corporation
830 Third Avenue, 5th Floor
New York, NY 10022
Attention: Michael Conway, Esq.

/s/ Vanessa Dennis
_____
Vanessa Dennis, Esq.