Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Admission Granted*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:    (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey W. Heineman, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

In re

MOTORS LIQUIDATION COMPANY, et al.,

Debtors.

------------------------------------- x

Chapter 11

Case No. 09-50026(REG)

(Jointly Administered)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO STRIKE THE OBJECTION OF AD COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE MOTION OF REMY INTERNATIONAL FOR AN ORDER EXTENDING AND ENFORCING THE STAY TO CERTAIN LITIGATION

On September 16, 2009 Remy International filed a notice of hearing, memorandum of points and authorities and proposed order extending the stay to certain litigation relating to Remy or alternatively, enjoining such litigation against Remy. On the notice, attached hereto as Exhibit A, it clearly states that any opposition to this motion Must be filed by 4pm on October 1, 2009. It also states this filing deadline on the upper right hand corner of all papers filed. Attached hereto

RC1/5393132.3/KNS

as Exhibit B is the Certificate of Service which shows this motion was filed on the master service

listed parties as well as on all individual plaintiffs counsel in the cases for which Remy seeks to

obtain the stay, as well as the names of the individual plaintiffs in those specific cases. The

Certificate of Service also clearly states the filing deadline. The motion papers were also

electronically served and filed with this court on September 16, 2009.

From September 16, 2009 until after the Objection Deadline of 4pm Eastern Time on

October 1, 2009, Remy International not only did not receive any objections filed to this motion

by anyone, nor by any plaintiffs counsel served personally with a copy of the motion, but no

word by email, phone call or otherwise evidencing or indicating any objection to the motion.

Hence, Remy filed the Certificate of No Objection Filed and Certificate of Service attached

hereto as Exhibit C.

It was only after the Objection Deadline of 4pm Eastern Time on October 1, 2009, that an

objection was filed by the Ad Hoc Committee of Asbestos Personal Injury claimants. Attached

as Exhibit D is the Notice of Electronic Filing showing that the Objection to the Motion of Remy

International for an Order Extending  the Stay to Certain Litigation was filed at 4:36 p.m., well

after the 4pm deadline despite that fact that the caption page of their objection acknowledges the

Objection Deadline as October 1, 2009 at 4:00 p.m.(Prevailing Eastern Time).  Remy requests

that the objection be struck as untimely filed pursuant to this court's general orders and that the

content of that objection not be considered by this Court in ruling on Remy's motion. Hence,

Remy's motion remains unopposed.

### ARGUMENT

### The Untimely Filing Violates The Court's Case Management Procedures as established in its August 3, 2009 Order.

On August 3, 2009 this court signed an order entitled, "Order Pursuant to 11 U.S.C.

§105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management

Procedures" attached hereto as Exhibit E.  On page 10 under section g) Objection Deadlines, it

clearly states that the "deadline to file an objection with respect to any paper shall be 4:00p.m.

(prevailing Eastern Time) on the date that is three (3) business days before the applicable hearing

date. The papers Remy filed with the underlying motion clearly indicated this date, in the upper

right hand corner of each document as well as in the body of the notice that the Objection

Deadline is October 1, 2009 at 4:00p.m. (prevailing Eastern Time). It is undisputed that as of

4:00 p.m. on October 1, 2009 no objection had been filed against Remy's underlying motion.

There is no dispute here that again, as of the Objection Deadline, there was no objection filed to

Remy's underlying motion.

       These proceedings require rules and do have rules which guide the conduct of the parties.

Hence, there is a reason why this court established Case Management procedures to which all

parties to this proceeding are required to comply. This is a substantial matter, because it is either

an unopposed motion which should be granted or an opposed motion, untimely filed. Looking at

the merits, no one individual plaintiff in the named asbestos cases to which Remy seeks to

extend the stay has opposed this motion, nor has anyone on the master service list opposed this

motion.  If this court examines the plaintiffs counsel who were noticed of Remy's motion they

are: John Townsend, Robert Sweeney, John Barnard, Linda George for the 5 cases of *Cawlfield*,

*Phillips*, *Bynum*, *Nangle* and *Wydra*.  Mr. Barnard of Simmons Cooper is counsel for 2 of the 5

plaintiffs, *Nangle* and *Cawlfield*.  Again, we have received no opposition from any individual

plaintiff's counsel for any individual plaintiff in these named cases. Remy filed its motion

electronically on September 16, 2009, thereby giving 5 days additional notice to all parties to the

motion. Plaintiffs counsel for each of the named plaintiffs had plenty of time, an extra week, to

object to Remy's motion. No one filed any objection. Instead, the sole objection filed is on

behalf of a committee of persons who have no relationship to Remy's motion and no standing to

file such objection. This Committee, who filed a "me too" motion as to Remy really have zero

relevance or standing to object to Remy's motion. The committee purportedly represents

individual plaintiffs who are named in a footnote, and again who are not plaintiffs in the 5 cases

Remy seeks to have stayed. Hence, this untimely objection is irrelevant to any indemnity

obligation between Remy and GM and irrelevant to the 5 cases Remy seeks to stay. No one

counsel on behalf of the individual 5 cases Remy seeks to stay have filed any objection to

Remy's motion. Remy's motion remains unopposed and should be granted. This untimely

motion filed by a committee irrelevant to the 5 individual cases Remy seeks to stay should be

struck as untimely filed and lacking in relevance to the cases to which the instant motion pertains.

Herein, since not one individual plaintiff nor their counsel has objected to the stay, there is just

no relevance for an ad hoc committee, who does not represent these individual plaintiffs, to file

an objection to Remy's motion when the counsel for the individual plaintiffs have not filed any

objection, especially in light of the fact that said counsel had more than ample notice and

opportunity to file an objection to Remy's motion should they have wished to have done so.

## **CONCLUSION**

For the foregoing reasons, and in the interest of following this court's clearly established

rules and procedures for this proceeding, Remy respectfully requests that the objection of the ad

///

///

///

///

///

///

///

hoc committee of asbestos claimants be struck and not considered by this court when ruling on

Remy's underlying motion to extend the stay to certain clearly enumerated cases.

Dated: October 1, 2009
     San Francisco, CA

Respectfully submitted,

ROPERS, MAJESKI, KOHN & BENTLEY

By: /S/ N. KATHLEEN STRICKLAND
    N. KATHLEEN STRICKLAND, Esq.
    Ropers Majeski Kohn & Bentley
    201 Spear Street, Suite 1000
    San Francisco, CA 94105
    Telephone:(415) 543-4800
    Facsimile: (415) 972-6301
    Email:    kstrickland@rmkb.com

    GEOFFREY W. HEINEMAN, Esq.
    Ropers Majeski Kohn & Bentley
    17 State Street, Suite 2400
    New York, NY 10004
    Telephone:(212) 668-5927
    Facsimile: (212) 668-5929
    Email:    gheineman@rmkb.com

    Attorneys for Creditor
    REMY INTERNATIONAL, INC.

**EXHIBIT A**

**Hearing Date and Time:  October 6, 2009, at 9:45 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2009 at 4:00 p.m. (prevailing Eastern Time)**

Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Admission Granted*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:    (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey W. Heineman, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------- x
                                       :    Chapter 11
In re                                  :
                                       :    Case No. 09-50026(REG)
MOTORS LIQUIDATION COMPANY, et al.,    :
                                       :    (Jointly Administered)
           Debtors.                    :
                                       :
                                       :
-------------------------------------- x

**NOTICE OF HEARING ON MOTION OF REMY INTERNATIONAL, INC. FOR AN
ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. §
362 (a) TO COVER CERTAIN LITIGATION RELATING TO REMY
INTERNATIONAL, OR ALTERNATIVELY, ENJOINING SUCH LITIGATION
PURSUANT TO 11 U.S.C. § 105**

PLEASE TAKE NOTICE, that on October 6, 2009, at 9:45 a.m., Remy International,

Inc. ("Remy"), will bring its Motion for an Order Extending and Enforcing the Stay Imposed

under 11 U.S.C. § 362 (a) to Cover Certain Litigation Relating to Remy International, or

Alternatively, Enjoining Such Litigation Pursuant to 11 U.S.C. § 105 (the "Motion"), before the

Honorable Robert E. Gerber, United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-

1408. The Motion will seek an Order extending and enforcing the automatic stay pursuant to 11

U.S.C. § 362 to include non-debtor Remy or, alternatively, issuance of a preliminary injunction

pursuant to 11 U.S.C. § 105, to prevent the continued or future prosecution of asbestos claims in

various courts around the United States, or elsewhere, as against Remy.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must be in

writing; filed electronically with the Court on the docket of In re Motors Liquidation Co., Ch. 11

Case No. 09-50026 (REG) in accordance with General Order M-242 (available at

www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing

system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document

Format (PDF), Microsoft Word, or any other Windows-based word processing format; and

served upon: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue,

New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph

H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors Company, 300 Renaissance

Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader,

Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World

Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United

States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington,

D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J.

Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP,

attorneys for the statutory committee of unsecured creditors (the "Committee"), 1177 Avenue of

the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers

Mayer, Esq., Adam C. Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York 10004, (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Matthew L. Schwartz, Esq.); (x) counsel for Remy International, Inc., Ropers Majeski Kohn &

Bentley, 201 Spear Street, Suite 1000, San Francisco, CA 94105 (Attn: N. Kathleen Strickland,

Esq.); and (xi) all entities that requested notice in these chapter 11 cases under Bankruptcy rule

2002; with a copy to Judge Gerber's Chambers, so as to be received no later than 4:00 p.m. on

October 1, 2009 (prevailing Eastern Time).


Dated: September 16, 2009              Respectfully submitted,
       San Francisco, CA
                                       ROPERS, MAJESKI, KOHN & BENTLEY

                                       By: /S/ N. Kathleen Strickland
                                           N. KATHLEEN STRICKLAND, Esq.
                                           Ropers Majeski Kohn & Bentley
                                           201 Spear Street, Suite 1000
                                           San Francisco, CA 94105
                                           Telephone:(415) 543-4800
                                           Facsimile: (415) 972-6301
                                           Email:    kstrickland@rmkb.com

                                           GEOFFREY W. HEINEMAN, Esq.
                                           Ropers Majeski Kohn & Bentley
                                           17 State Street, Suite 2400
                                           New York, NY 10004
                                           Telephone:(212) 668-5927
                                           Facsimile: (212) 668-5929
                                           Email:    gheineman@rmkb.com

                                           Attorneys for Creditor
                                           REMY INTERNATIONAL, INC.

**EXHIBIT B**

Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Granted*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:    (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey W. Heineman, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------- x | | |
| | : | Chapter 11 |
| In re | : | |
| | : | Case No. 09-50026(REG) |
| MOTORS LIQUIDATION COMPANY, et al., | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| ------------------------------------- x | | |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 16, 2009, copies of the following

documents were served by overnight courier upon the entities on the attached service list and by

electronic mail on all parties receiving notice via the Court's ECF System.

NOTICE OF HEARING ON MOTION OF REMY INTERNATION FOR AN ORDER
EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO
COVER CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR
ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

MOTION OF REMY INTERNATION FOR AN ORDER EXTENDING AND ENFORCING
THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO COVER CERTAIN LITIGATION
RELATING TO REMY INTERNATIONAL, OR ALTERNATIVELY, ENJOINING SUCH
LITIGATION PURSUANT TO 11 U.S.C. § 105

DECLARATION OF JEREMIAH SHIVES IN SUPPORT OF THE MOTION OF REMY
INTERNATIONAL, INC. FOR AN ORDER EXTENDING THE AUTOMATIC STAY
IMPOSED UNDER 11 USC §362(a) TO REMY INTERNATIONAL TO INCLUDE
LITIGATION FILED AGAINST REMY INTERNATIONAL, OR ALTERNATIVELY
ENJOINING SUCH LITIGATION PURSUANT TO 11 USC §105

ORDER GRANTING MOTION OF REMY INTERNATION FOR AN ORDER EXTENDING
AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO COVER
CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR
ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

Date:  September 16, 2009                    Respectfully submitted,


                                             /S/ Stephan Choo_____
                                             Stephan Choo

## SERVICE LIST

| | |
|---|---|
| The Debtors,<br>c/o Motors Liquidation Company<br>Attn: Ted Stenger<br>300 Renaissance Center<br>Detroit, MI 48265 | General Motors Corporation<br>c/o Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Wil, Gotchal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| The Debtors,<br>c/o Motors Liquidation Company<br>Attn: Warren Command Center<br>Mailcode 480-206-114<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren MI 48090-9025 | U.S. Treasury<br>Attn: Mathew Feldman<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, DC 20220 |
| Purchaser<br>Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi<br>One World Financial Center<br>New York, NY 10281 | Export Development Canada<br>Vedder Price, P.C.<br>Attn: Michael J. Edelman and<br>    Michael L. Schein<br>1633 Broadway, 47th Floor<br>New York, NY 10019 |
| Office of the U.S. Trustee of the SDNY<br>Attn: Diana G. Adams<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 | Office Committee of Unsecured Creditors<br>Attn: Thomas Moers Mayer<br>    Gordon Z. Novod<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |
| John F. Townsend, III<br>Townsend & Townsend<br>230 East Ohio Street<br>Indianapolis, IN 46204 | Robert J. Sweeney<br>Early, Ludwick & Sweeney, LLC<br>265 Church Street, 11th Floor<br>P.O. Box 1866<br>New Haven, CT 06508-1866 |
| John A. Barnerd<br>SIMMONS COOPERS LLC<br>707 Berkshire Boulevard<br>East Alton, IL 64024 | Linda George<br>Laudig George Rutherford & Sipes<br>156 East Market Street, Suite 600<br>Indianapolis, IN 46204 |

**EXHIBIT C**

Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email: kstrickland@rmkb.com
N. Kathleen Strickland, Esq. (*Pro Hac Vice Granted*)

Ropers Majeski Kohn & Bentley
17 State Street, Suite 2400
New York, NY 10004
Telephone:    (212) 668-5927
Facsimile:    (212) 668-5929
Email: gheineman@rmkb.com
Geoffrey W. Heineman, Esq.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                        :

In re                         :

MOTORS LIQUIDATION COMPANY, et al.,  :

       Debtors.            :
                         :
------------------------------------- x

Chapter 11

Case No. 09-50026(REG)

(Jointly Administered)

## CERTIFICATE OF NO OBJECTION FILED TO MOTION OF REMY
## INTERNATIONAL, INC. FOR AN ORDER EXTENDING AND ENFORCING THE
## STAY OR ALTERNATIVELY ENJOINING LITIGATION

The undersigned hereby certifies that on September 16, 2009, copies of the following

documents, filed in support of the Motion of Remy International, Inc. for an Order Extending

and Enforcing the Stay Imposed under 11 U.S.C. § 362 (A) to Cover Certain Litigation Relating

to Remy International, or Alternatively, Enjoining Such Litigation Pursuant to 11 U.S.C. § 105,

(the "Remy Stay Motion") were served by overnight courier upon the entities on the attached

service list, Exhibit A hereto, and by electronic mail on all parties receiving notice via the

Court's ECF System:

RC1/5391458.3/KNS

NOTICE OF HEARING ON MOTION OF REMY INTERNATIONAL, INC. FOR AN ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO COVER CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

MOTION OF REMY INTERNATIONAL, INC. FOR AN ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO COVER CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

DECLARATION OF JEREMIAH SHIVES IN SUPPORT OF THE MOTION OF REMY INTERNATIONAL, INC. FOR AN ORDER EXTENDING THE AUTOMATIC STAY IMPOSED UNDER 11 USC §362(a) TO REMY INTERNATIONAL TO INCLUDE LITIGATION FILED AGAINST REMY INTERNATIONAL, OR ALTERNATIVELY ENJOINING SUCH LITIGATION PURSUANT TO 11 USC §105

ORDER GRANTING MOTION OF REMY INTERNATIONAL, INC. FOR AN ORDER EXTENDING AND ENFORCING THE STAY IMPOSED UNDER 11 U.S.C. § 362 (a) TO COVER CERTAIN LITIGATION RELATING TO REMY INTERNATIONAL, OR ALTERNATIVELY, ENJOINING SUCH LITIGATION PURSUANT TO 11 U.S.C. § 105

Based upon the October 6, 2009 hearing date and this Court's Order Pursuant to 11

U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case

Management Procedures, dated August 3, 2009, the Objection Deadline regarding the Remy Stay

Motion was October 1, 2009 at 4:00 p.m. (prevailing Eastern Time). The undersigned hereby

certifies that as of the Objection Deadline regarding the Remy Stay Motion, no opposition or

request for a hearing has been timely filed or served upon the moving party. Additionally, no

notice has been given by any of the served parties who are identified below, whether by letter,

email or phone call, of any intent to oppose the Remy Stay Motion.[1]

Hence, the undersigned certifies that no objection to, or request for hearing regarding, the motion

has been timely filed or served upon the moving party.

---

[1] In the *Phillips* case, the service packet of papers was returned because plaintiff's counsel, Linda George had moved to a new address. Service was re-effected on September 28, 2009 by email as well as by overnight delivery, with a request to contact counsel for Remy if Ms. George had any questions. Additionally, the court clerk's office in the *Phillips* case has informed my assistant Stephan Choo that the *Phillips* case has been stayed since 2004, is currently on the inactive docket and is expected to remain on the inactive docket at least for another six months. Defense counsel has informed me that this case is not likely to come off the stay for another couple of years at least.

Dated: October 1, 2009
     San Francisco, CA

Respectfully submitted,

ROPERS, MAJESKI, KOHN & BENTLEY

By: /S/ N. KATHLEEN STRICKLAND
    N. KATHLEEN STRICKLAND, Esq.
    Ropers Majeski Kohn & Bentley
    201 Spear Street, Suite 1000
    San Francisco, CA 94105
    Telephone:(415) 543-4800
    Facsimile: (415) 972-6301
    Email:    kstrickland@rmkb.com

    GEOFFREY W. HEINEMAN, Esq.
    Ropers Majeski Kohn & Bentley
    17 State Street, Suite 2400
    New York, NY 10004
    Telephone:(212) 668-5927
    Facsimile: (212) 668-5929
    Email:    gheineman@rmkb.com

    Attorneys for Creditor
    REMY INTERNATIONAL, INC.

## Exhibit A

## SERVICE LIST

| | |
|---|---|
| The Debtors,<br>c/o Motors Liquidation Company<br>Attn: Ted Stenger<br>300 Renaissance Center<br>Detroit, MI 48265 | General Motors Corporation<br>c/o Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Wil, Gotchal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| General Motors Company<br>Attn: Lawrence S. Buonomo, Esq.<br>300 Renaissance Center<br>Detroit, MI 48265 | U.S. Attorney's Office, S.D.N.Y.<br>Attn: David S. Jones, Esq.<br>Matthew L. Schwartz, Esq.<br>86 Chambers Street, Third Floor<br>New York, New York 10007 |
| The Debtors,<br>c/o Motors Liquidation Company<br>Attn: Warren Command Center<br>Mailcode 480-206-114<br>Cadillac Building<br>30009 Van Dyke Avenue<br>Warren MI 48090-9025 | U.S. Treasury<br>Attn: Joseph Samarias, Esq.<br>1500 Pennsylvania Avenue NW<br>Room 2312<br>Washington, DC 20220 |
| Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi, Esq.<br>One World Financial Center<br>New York, NY 10281 | Export Development Canada<br>Vedder Price, P.C.<br>Attn: Michael J. Edelman, Esq.<br>Michael L. Schein, Esq.<br>1633 Broadway, 47th Floor<br>New York, NY 10019 |
| Office of the U.S. Trustee of the SDNY<br>Attn: Diana G. Adams, Esq.<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 | Office Committee of Unsecured Creditors<br>Attn: Thomas Moers Mayer<br>Amy Caton<br>Adam C. Rogoff,<br>Gregory G. Plotki, Esq.<br>Gordon Z. Novod, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |

| | |
|---|---|
| John F. Townsend, III<br>Townsend & Townsend<br>230 East Ohio Street<br>Indianapolis, IN 46204 | Robert J. Sweeney<br>Early, Ludwick & Sweeney, LLC<br>265 Church Street, 11th Floor<br>P.O. Box 1866<br>New Haven, CT 06508-1866 |
| John A. Barnerd<br>SIMMONS COOPERS LLC<br>707 Berkshire Boulevard<br>East Alton, IL 64024 | Linda George<br>Laudig George Rutherford & Sipes<br>156 East Market Street, Suite 600<br>Indianapolis, IN 46204 |

**EXHIBIT D**

## Choo, Stephan

| | |
|---|---|
| **From:** | nysbinfo@nysb.uscourts.gov |
| **Sent:** | Thursday, October 01, 2009 1:37 PM |
| **To:** | courtmail@nysb.uscourts.gov |
| **Subject:** | 09-50026-reg Objection to Motion |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Peter D'Apice entered on 10/1/2009 at 4:36 PM and filed
on 10/1/2009

| | |
|---|---|
| **Case Name:** | Motors Liquidation Company |
| **Case Number:** | 09-50026-reg |
| **Document Number:** | 4149 |

**Docket Text:**
Objection to Motion *of Remy International for an Order Extending and Enforcing the Stay Imposed
Under 11 U.S.C. Sec. 362(a) to Include Certain Litigation Against Remy International* (related
document(s)[4086]) filed by Peter D'Apice on behalf of Ad Hoc Committee of Asbestos Personal Injury
Claimants. (D'Apice, Peter)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** F:\HH\GM\Filings\10.1.09\Stay Objection Remy International - File.pdf

**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=10/1/2009] [FileNumber=7498017-0]
[531c41fd92d917a456d03ee9a1a3aa3c3d20bbe53af9fdca4b5ca1a4693ea9cb145d0
cbdc63719a371953ecc02f1a8e7e2c5f531dac8ade9d59983edadb8c432]]

**09-50026-reg Notice will be electronically mailed to:**

David B. Aaronson on behalf of Creditor QEK Global Solutions (US) LP
david.aaronson@dbr.com

Letitia Accarrino on behalf of Unknown Bob Maguire Chevrolet, Inc.

**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                 :

In re                          :        Chapter 11 Case No.
                               :

MOTORS LIQUIDATION COMPANY, *et al.,*   :        09-50026 (REG)
      f/k/a General Motors Corp., *et al.*   :
                               :

               Debtors.       :        (Jointly Administered)
                               :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c) AND 9007 ESTABLISHING NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11,

United States Code (the "**Bankruptcy Code**") and Rules 1015(c) and 9007 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order

establishing notice and other administrative case management procedures (the

"**Procedures**"), all as more fully described in the Motion; and due and proper notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Shorten Time.

ORDERED that the notice and other administrative procedures set forth in the Motion (the "**Procedures**") are approved and shall govern all aspects of these chapter 11 cases; and it is further

ORDERED that the Procedures establish requirements for the filing and service of all papers filed in these chapter 11 cases, including, but not limited to, all pleadings, notices, motions, applications, other requests for relief, objections, responses, and replies to objections; and it is further

ORDERED that the following Procedures are approved:

**Filing and Notification Procedures**

*a) General*

    a.    All papers filed in these chapter 11 cases, including, but not limited to, all pleadings, notices, motions, applications, other requests for relief, objections, responses, and replies to objections, shall be filed electronically with the Court on the docket of *In re Motors Liquidation Co.*, Ch. 11 Case No. 09-50026 (REG) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format.

*b)*  *Master Service List*

    a.       The Debtors shall establish a master service list (the "**Master**

**Service List**"), which shall include: (i) Weil, Gotshal & Manges

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,

and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors

Liquidation Company, 300 Renaissance Center, Detroit, Michigan

48265 (Attn: Ted Stenger); (iii) General Motors Company, 300

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S.

Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP,

attorneys for the United States Department of the Treasury, One

World Financial Center, New York, New York 10281 (Attn: John

J. Rapisardi, Esq.); (v) the United States Department of the

Treasury, 1500 Pennsylvania Avenue NW, Room 2312,

Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (vi)

Vedder Price, P.C., attorneys for Export Development Canada,

1633 Broadway, 47th Floor, New York, New York 10019 (Attn:

Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors (the "**Committee**"), 1177

Avenue of the Americas, New York, New York 10036 (Attn:

Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C.

Rogoff, Esq., and Gordon Z. Novod, Esq.); (viii) the Office of the

United States Trustee for the Southern District of New York, 33
Whitehall Street, 21st Floor, New York, New York 10004, (Attn:
Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y.,
86 Chambers Street, Third Floor, New York, New York 10007
(Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), and
(x) all entities that requested notice in these chapter 11 cases under
Bankruptcy Rule 2002.

b.      The Debtors shall update the Master Service List on a weekly basis
to add names, addresses, and e-mail addresses of any party in
interest who has made a written request for notice since the prior
week.

c.      Any creditor or party in interest that wishes to receive notice, in
addition to what is required by the Bankruptcy Rules, must file a
notice of appearance and request for service of papers (a "**Notice
Request**") with the Clerk of the Court.  Each Notice Request must
include (i) the requesting party's name and address; (ii) the name
of the client, if applicable; (iii) the requesting party's e-mail
address for service by electronic transmission; (iv) the requesting
party's address for service by U.S. mail, hand delivery, and/or
overnight delivery; and (v) the requesting party's facsimile number
for service by facsimile.

d.      To the extent a Notice Request fails to contain an e-mail address,
the creditor or party in interest that filed the Notice Request shall

not be entitled to service of papers by means other than electronic transmission until such creditor or party in interest (i) files a request to be exempted from providing an e-mail address and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as of the date thereof.

e.      Each creditor or party in interest that files a Notice Request shall be deemed to have consented to service of papers by electronic transmission.  For the avoidance of doubt, the United States Trustee has not consented to electronic service of papers in these cases, and service of papers upon the United States Trustee must be accomplished by regular mail, overnight mail, facsimile, or hand delivery.

c) *Notice of Pleadings*

a.      Subject to the following decretal paragraph, service of papers in these chapter 11 cases shall be limited to service upon: (i) the parties listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, made a Notice Request no later than two (2) business days prior to the service of such papers; and (iii) any party against which direct relief is sought in the paper served (collectively, the "**Notice Parties**"); *provided, however,* that any attorney who represents multiple parties listed on the Master Service List need only be served with one copy of the paper being served.

b.       Service of papers to the Notice Parties as set forth in the preceding

paragraph would apply with respect to all matters covered by

Bankruptcy Rule 2002 and the Local Rules, with the express

exception of the following: (i) notice of a meeting of creditors

pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed

for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

(iii) the time fixed for filing objections to, and the hearings to

consider approval of, a disclosure statement and a plan of

reorganization; and (iv) notice of and transmittal of ballots for

accepting or rejecting a plan of reorganization, which notices

would be given in accordance with Bankruptcy Rule 2002 and

other applicable Bankruptcy Rules, unless otherwise ordered by

the Court or otherwise prescribed by the Bankruptcy Code.

d) *Electronic Service*

a.       If service is effected by the Debtors or the Committee via

electronic transmission, the Debtors or the Committee, as

applicable, shall not be required to serve paper copies on interested

parties; service by electronic transmission shall satisfy the Court's

rules for service and shall be effective as of the date the paper is

electronically transmitted to the e-mail addresses listed on the

Master Service List.  Parties other than the Debtors and the

Committee shall not be authorized to effect service by electronic

transmission.

b.    All papers served by the Debtors or the Committee by electronic
transmission shall attach a file containing the entire paper served,
including any proposed form of order, exhibits, attachments, and
other relevant materials, in ".pdf" format, readable by Adobe
Acrobat or an equivalent program.  Notwithstanding the foregoing,
if a particular paper cannot be sent by electronic transmission
(because of the paper's size, technical difficulties, or other
concerns), the Debtors or the Committee may, in their sole
discretion, (i) serve the entire paper, including the portions that
cannot be sent by electronic transmission, by regular or overnight
mail, as appropriate, including any proposed form of order,
exhibits, attachments, and other relevant materials or (ii) include a
notation in the electronic transmission that the paper cannot be
annexed because of the paper's size, technical difficulties, or other
concerns and that the paper will be (a) sent by regular or overnight
mail, as appropriate, if requested by the recipient of the electronic
transmission or (b) posted on any website maintained in
connection with these chapter 11 cases.

### **Hearings and Related Procedural Matters**

*a)  Omnibus Hearings*

a.    The Debtors are authorized to schedule, in consultation with the
Court, periodic omnibus hearings (the **"Omnibus Hearings"**), to
which the following guidelines would apply:

*b) Adversary Proceedings and Claim Objections*

    a.    The Court shall schedule (i) pre-trial conferences and trials in connection with adversary proceedings and (ii) hearings to consider objections to claims on dates other than those scheduled for Omnibus Hearings. Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least **forty-five (45) days** after the filing of the applicable complaint.

*c) Hearings Scheduled Inconsistent with the Procedures*

    a.    If a notice, motion, or application is filed by a non-Debtor party that purports to set a hearing date inconsistent with the Procedures, the hearing shall be scheduled for the first Omnibus Hearing date after the expiration of the notice period under the applicable Bankruptcy Rules and Local Rules.

*d) Emergency Relief*

    a.    If a non-Debtor intends to file a notice, motion, or application that the non-Debtor believes requires emergency or expedited relief, the non-Debtor shall telephonically contact the Debtors' attorneys requesting that such paper be considered on an expedited basis. If the Debtors disagree with the non-Debtor's determination regarding the emergency or expedited nature of the relief requested, the non-Debtor shall: (i) inform the Court of the disagreement via telephone; and (ii) arrange for a chambers

conference (either telephonically or in chambers) to be held with
the Debtors' attorneys to discuss the disagreement.  If the Court
agrees with the position of the non-Debtor regarding the necessity
for expedited consideration, the non-Debtor may, by order to show
cause, request an expedited hearing.

e) *Guidelines for Setting a Hearing Date*

    a.    Unless a request for expedited consideration is granted by the
Court, no paper shall be considered by the Court unless it is filed
and served in accordance with the time limits set forth in the
applicable Bankruptcy Rules and Local Rules and served in
accordance with the Procedures.

f) *Notice of Hearing*

    b.    A "Notice of Hearing" shall be affixed to all motions, applications,
and other requests for relief and shall set forth the following:  (i)
the title of the paper; (ii) the parties upon whom any objection to
the paper is required to be served; (iii) the date and time of the
applicable deadline to file an objection to the paper; (iv) the date of
the hearing on which the Court shall consider the paper; and (v) a
statement that the relief requested may be granted without a
hearing if no objection is timely filed and served in accordance
with the Procedures.  The applicable objection deadline and
hearing date shall also appear in the upper right corner of the first
page of the Notice of Hearing.

g) *Objection Deadlines*

    a.    Except with respect to papers scheduled for expedited or
emergency hearings, the deadline (the **"Objection Deadline"**) to
file an objection with respect to any paper shall be (i) **4:00 p.m.
(prevailing Eastern Time)** on the date that is **three (3) business
days** before the applicable hearing date or (ii) any date otherwise
ordered by the Court. The Objection Deadline may be extended
with the consent of the party filing the paper. Objections to any
paper will not be considered timely unless they are filed with the
Court and received by the party filing the paper and the parties
listed on the Notice of Hearing for such paper on or before the
applicable Objection Deadline. All parties filing an Objection
shall include their telephone and facsimile numbers in the
signature block on the last page of the Objection.

h) *Reply Deadlines*

    a.    Except with respect to papers scheduled for expedited or
emergency hearings, the deadline to file a reply to an objection to
any paper (the **"Reply Deadline"**) shall be (i) **12:00 noon
(prevailing Eastern Time)** on the date that is **one (1) business
day** before the applicable hearing date, or (ii) any date otherwise
ordered by the Court. The Reply Deadline may be extended with
the consent of the party filing the paper. All parties filing a Reply

shall include their telephone and facsimile numbers in the signature block on the last page of the Reply.

i)  *Relief Without a Hearing*

a.   The Court may approve the relief requested in an application, motion, or other paper without a hearing provided that (i) no objection or request for a hearing has been timely filed by the applicable Objection Deadline, (ii) after the Objection Deadline, the attorney for the moving party files with the Court (and if the motion, application, or other paper was filed by a non-Debtor, serves by hand delivery or overnight mail upon the attorneys for the Debtors), a certificate stating that no objections to the motion, application, or other paper have been timely filed and served upon the moving party, and (iii) on the next business day following filing and serving such a certificate, the attorney for the moving party delivers to the Court, by U.S. mail, electronic transmission, or hand or overnight delivery, each of the following: (a) the certificate described in subsection (ii) above, and (b) an electronic copy of an order granting the relief requested in the applicable motion, application, or other paper (collectively, the **"Presentment Package"**).  Upon receipt of the Presentment Package, the Court may grant the relief requested in the motion, application, or other paper without further submission, hearing, or request.  If the Court does not enter the order provided with the Presentment Package at

least one **(1) business day** prior to the hearing date set in

accordance with the Procedures, the motion, application, or other

paper will be considered by the Court at such hearing.

*j) Proposed Agenda for Hearings*

    a.    By approximately **5:00 p.m. (prevailing Eastern Time)** on the

business day before a scheduled hearing, the Debtors shall file with

the Court a letter (the **"Agenda Letter"**) setting forth each matter

to be heard at the hearing (the letter may and should be updated

after the initial submission if necessary) and shall serve the Agenda

Letter, by electronic transmission or facsimile on the Notice Parties

and any parties that filed a paper that will be considered at the

hearing; *provided, however,* that an Agenda Letter shall not be

required if emergency relief is sought on less than forty-eight (48)

hours notice.  The Agenda Letter shall list disputed matters first

and must be limited to submissions of substance – motions,

opposing pleadings and briefs—and need not, and must not,

include the supporting affidavits, exhibit binders, or miscellaneous

filings, such as notices of adjournment and affidavits of service.

*k) Settlements*

    a.    If discussions as to settlement are ongoing and are proceeding

constructively, telephonic and e-mail notice of such to Chambers

(gerber.chambers@nysb.uscourts.gov), by joint call or by a

representative with the authority of anyone else concerned, is

required.  To minimize the Court's expenditure of preparation time on settled matters, parties must call and e-mail Chambers immediately (even before or after traditional business hours) when an agreement in principle as to settlement is reached. This requirement applies even (and especially) when an agreement as to settlement has been reached on a weekend.

b.  If the Court determines that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute had been fully litigated, the Court may approve the Settlement at the hearing without further notice.  If the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## Relief from the Automatic Stay

*a) Automatic Relief Provision Inapplicable*

a.  Notwithstanding section 362(e) of the Bankruptcy Code, if, in accordance with the Procedures, a Stay Relief Motion is scheduled for or adjourned to a hearing date that falls on or after the **thirtieth (30th) day** after the Stay Relief Motion has been filed, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of the hearing to

consider the Stay Relief Motion and shall be deemed to have

waived its right to assert that the automatic stay has been

terminated under section 362(e) of the Bankruptcy Code; and it is

further

ORDERED that the Debtors may amend the Procedures from time to time

throughout these chapter 11 cases and shall submit any such amendments to the Court by

notice of presentment of an amended order in accordance with this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of the Motion; and it is further

ORDERED that in the event of any actual or perceived conflict between

the notice procedures set forth in this Order and the Local Rules, then the procedures

listed in this Order shall govern.  In the event of any actual or perceived conflict between

the procedures set forth in this Order and the procedures set forth in Case Management

Order #1 in these chapter 11 cases, dated and entered June 1, 2009, the procedures set

forth in Case Management Order #1 shall govern; and it is further

ORDERED that the Debtors shall serve a printed copy of this Order upon

all parties on the Master Service List on the date this Order is entered, or as soon

thereafter as is practicable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated:  New York, New York
        *August 3, 2009*

                              *s/ Robert E. Gerber*
                              United States Bankruptcy Judge