Robert W. Phillips
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
707 Berkshire Boulevard
East Alton, IL 62024
Telephone: (618) 259-2222
Facsimile: (618) 259-2251

*Counsel for the Simmons Cancer Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :   Case No. 09-50026-reg
MOTORS LIQUIDATION COMPANY, et al.,                               :
                                                                  :
        Debtors.                                                  :
------------------------------------------------------------------x

### JOINDER TO OBJECTION OF AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE MOTION OF REMY INTERNATIONAL

COME NOW the various individuals represented by Simmons Browder Gianaris Angelides & Barnerd LLC (fka SimmonsCooper LLC) with mesothelioma or other cancer caused by exposure to asbestos ("Simmons Cancer Claimants"), by and through counsel, and hereby join in the Objection filed by the Ad Hoc Committee of Asbestos Personal Injury Claimants ("Ad Hoc Committee") to the motion of Remy International for an order extending and enforcing the automatic stay (Docket No. 4149).

By way of explanation, the Simmons Cancer Claimants believed the Objection filed by the Ad Hoc Committee sufficed to oppose the relief requested by Remy International, and did not believe a separate objection (or joinder) was necessary. The Ad Hoc Committee fully represents the interests of the individual Simmons Cancer Claimants represented by the Simmons firm. However, given the Motion to Strike filed by Remy International concerning the Objection filed by the Ad Hoc Committee (Docket No. 4153), the Simmons Cancer Claimants file this joinder in an effort to disabuse any misconception that they oppose the relief requested.

If the logic of Remy International's Motion to Strike is followed to its logical conclusion, and the Court deems the Ad Hoc Committee's representational status insufficient to oppose the Motion, then the Court necessarily is requiring that every asbestos claimant file his/her individualized response to any relief requested by any party that might affect his/her interests. As a result, either the docket will become clogged with serial pleadings and responses by individual claimants, or else the pleadings of the Ad Hoc Committee will become mired in voluminous footnotes and/or appendices detailing which claimants are responding to which issue and which are not. Asking for this sort of legal practice on behalf of the dying or deceased is hardly in the interests of judicial economy or justice. The Court previously deemed it unnecessary to appoint an official committee to represent the interests of asbestos or tort claimants; a ruling such as that requested by Remy International in this instance certainly should cause the Court to revisit the issue.

Respectfully submitted,

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC


By_____/s/ Robert W. Phillips_____
Robert W. Phillips, Admitted *Pro Hac Vice*
rphillips@simmonsfirm.com
707 Berkshire Boulevard
East Alton, IL 62024
Phone (618) 259-2222
Fax (618) 259-2251

Counsel for the Simmons Cancer Claimants