Sander L. Esserman (Admitted *Pro Hac Vice*)
Peter C. D'Apice
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

COUNSEL FOR THE AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ )
                                                             )
                                                             )   Chapter 11
In re                                                        )
                                                             )   Case No. 09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.                           )
f/k/a General Motors Corp., et al.                           )   (Jointly Administered)
                                                             )
                     Debtors.                                )
                                                             )
------------------------------------------------------------ )


AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS' RESPONSE TO THE MOTION TO STRIKE THE OBJECTION OF
AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO
THE MOTION OF REMY INTERNATIONAL FOR AN ORDER EXTENDING AND
ENFORCING THE STAY TO CERTAIN LITIGATION AND REQUEST FOR
LEAVE TO FILE THE OBJECTION LATE UNDER
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

I.     BACKGROUND ............................................................................................... 1

II.    RESPONSE ....................................................................................................... 3

    A.     Remy has improperly requested injunctive relief in the form of a motion instead of initiating an adversary proceeding and cannot complain that the Ad Hoc Committee's objection was filed 36 minutes after a deadline that was not properly imposed. ................................................ 3

    B.     This Court must consider its subject matter jurisdiction over the non-debtor action at issue here, even in the absence of an objection. ............................................................................. 5

    C.     In the alternative, the Ad Hoc Committee's filing of its objection 36 minutes after the purported deadline constitutes excusable neglect ................................................................. 7

III.   CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

## CASES

*A.H. Robbins Co., Inc. v. Piccinin*,
   788 F.2d 994 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986) .......................... 5

*Adelphia Commc'ns Corp. v. Associated Elec. & Gas Ins. Servs., Ltd. (In re Adelphia Commc'ns Corp.)*, 302 B.R. 439 (Bankr. S.D.N.Y. 2003) ...................... 4

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) ............................................................................................ 6

*Cave v. East Meadow Union Free School Dist.*,
   514 F.3d 240 (2d Cir. 2008) ............................................................................... 6

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*,
   No. 06 Civ. 5358(PKC), 2006 WL 3755175 (S.D.N.Y. Dec. 20, 2006) ................. 3

*In re Franklin*,
   210 B.R. 560 (Bankr. N.D. Ill. 1997) .................................................................. 6

*In re Nunez*,
   196 B.R. 150 (B.A.P. 9th Cir. 1996) ................................................................... 7

*In re Philadelphia Newspapers, LLC*,
   407 B.R. 606 (E.D. Pa. 2009) .............................................................................. 5

*Keene Corp. v. ACSTAR Ins. Co. (In re Keene Corp.)*,
   168 B.R. 285 (Bankr. S.D.N.Y. 1994), *appeal dismissed, In re Keene Corp.*, 182 B.R. 379 (S.D.N.Y. 1995) ................................................................. 4

*Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ........................................................................................ 7, 8

*SMF Realty Co. v. Consolini*,
   903 F. Supp. 656 (S.D.N.Y. 1995) ...................................................................... 3

*Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*,
   945 F. Supp. 603 (S.D.N.Y. 1996) ...................................................................... 3

*Wynn v. AC Rochester*,
   273 F.3d 153 (2d Cir. 2001) ............................................................................... 6

STATUTES

11 U.S.C. § 105(a) ........................................................................................................ 3

11 U.S.C. § 362............................................................................................................... 3

RULES

FED. R. BANKR. P. 7001(7)............................................................................................ 3

FED. R. BANKR. P. 7012(a)............................................................................................ 4

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUTPCY JUDGE:

The Ad Hoc Committee of Asbestos Personal Injury Claimants (the "**Ad Hoc Committee**")[1] hereby files this Response to the Motion to Strike the Objection of Ad Hoc Committee of Asbestos Personal Injury Claimants to the Motion of Remy International for an Order Extending and Enforcing the Stay to Certain Litigation (the "**Motion to Strike**"), and shows this Court as follows:

## I.
## BACKGROUND

On September 16, 2009, Remy International ("**Remy**") filed its Motion of Remy International for an Order Extending and Enforcing the Stay Imposed Under 11 U.S.C. § 362(a) to Include Certain Litigation Against Remy International, or Alternatively, Enjoining Such Litigation Pursuant to 11 U.S.C. § 105 (the "**Remy Stay Motion**").[2] In the Remy Stay Motion, Remy improperly seeks injunctive relief

---

[1] The Ad Hoc Committee of Asbestos Personal Injury Claimants is comprised of William J. Lewis a mesothelioma claimant with a settled but unpaid claim, represented by SimmonsCooper LLC; Maureen Tavaglione, Personal Representative of the Estate of Robert J. Tavaglione, represented by Waters & Kraus; Terry Roth, a lung cancer claimant, represented by Brayton Purcell LLP; Jene Moore, Sr., a mesothelioma claimant represented by Early Ludwick & Sweeney L.L.C.; Edward Levitch, a mesothelioma claimant represented by Paul & Hanley LLP and Kenneth Knight, a mesothelioma claimant, represented by The Lanier Law Firm PLLC. Asbestos personal injury claimants represented by Cooney and Conway and Steven Kazan, Kazan, McClain, Lyons, Greenwood & Harley, PLC, serve as an *ex officio members*.

[2] The Remy Stay Motion is almost identical to Detroit Diesel Corporation's Motion of Detroit Diesel Corporation for an Order Extending and Enforcing the Stay Imposed Under 11 U.S.C. § 362(a) to Cover Certain Litigation Relating to Detroit Diesel Corporation, or Alternatively Enjoining Such Litigation Pursuant to 11 U.S.C. § 105 (the "**DD Stay Motion**") filed two weeks earlier. Little more than the names of the parties differentiate the two motions.

1

by way of a contested matter instead of commencing an adversary proceeding as required by the Federal Rules of Bankruptcy Procedure. The Remy Stay Motion indicates that objections to the injunctive relief sought therein were purportedly due on or before October 1, 2009 at 4:00 p.m. prevailing Eastern Time—just 15 days after Remy's filing of the motion and far short of the 30 day period to which respondents are entitled when answering a complaint in an adversary proceeding.

On October 1, 2009, the Ad Hoc Committee filed objections to both the Remy Stay Motion[3] and the DD Stay Motion.[4] The Ad Hoc Committee filed its DD Stay Objection at 2:51 p.m. prevailing Eastern Time; it filed its Remy Stay Objection at 4:36 p.m. prevailing Eastern Time. Because the Remy Stay Motion and the DD Stay Motion were essentially identical, the Ad Hoc Committee's grounds for objection are the same for both motions. The Ad Hoc Committee, instead of providing this Court duplicative briefing, referenced and incorporated into the Remy Stay Objection the argument and authority provided in the DD Stay Objection. Now, Remy seeks to avoid addressing the clear deficiencies of the Remy Stay Motion by having the Ad Hoc Committee's objection struck, presumably hoping

---

[3] The Ad Hoc Committee of Asbestos Personal Injury Claimants' Objection to the Motion of Remy International for an Order Extending and Enforcing the Stay Imposed Under 11 U.S.C. § 362(a) to Include Certain Litigation Against Remy International, or Alternatively, Enjoining Such Litigation Pursuant to 11 U.S.C. § 105 (the "**Remy Stay Objection**").

[4] The Ad Hoc Committee of Asbestos Personal Injury Claimants' Objection to the Motion of Detroit Diesel Corporation for an Order Extending and Enforcing the Stay Imposed Under 11 U.S.C. § 362(a) to Include Certain Litigation Against Detroit Diesel Corporation, or Alternatively, Enjoining Such Litigation Pursuant to 11 U.S.C. § 105 (the "**DD Stay Objection**").

2

that, in the absence of any objections, this Court will grant Remy's improper, insufficient, and ill-conceived motion without scrutinizing it. Remy's Motion to Strike should be denied for the reasons set forth below.

## II.
## RESPONSE

A.  **Remy has improperly requested injunctive relief in the form of a motion instead of initiating an adversary proceeding and cannot complain that the Ad Hoc Committee's objection was filed 36 minutes after a deadline that was not properly imposed.**

The plain language of Bankruptcy Code, section 362 limits the application of an automatic stay to a "proceeding against the debtor." 11 U.S.C. § 362; *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996). When bankruptcy courts act to extend the automatic stay to a non-debtor, they do so by means of their authority under Bankruptcy Code, section 105(a).[5] *SMF Realty Co. v. Consolini*, 903 F. Supp. 656, 662 (S.D.N.Y. 1995). "A request by a debtor for an injunction under section 105(a) pending confirmation of the debtor's plans for reorganization is regarded as a request for a preliminary injunction." *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*, No. 06 Civ. 5358(PKC), 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006) (citing *In re United Health Care Org.*, 210 B.R. 228, 233-35 (S.D.N.Y. 1997)). Federal Rule of Bankruptcy Procedure 7001(7) provides that "a proceeding to obtain an injunction or other equitable relief" is an adversary proceeding and must be commenced as such. FED. R. BANKR. P. 7001(7). "The issuance of a preliminary

---

[5] Section 105 gives the court equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a).

3

injunction requires notice, an evidentiary hearing and more extensive review of the underlying merits of the case." *Keene Corp. v. ACSTAR Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994), *appeal dismissed*, *In re Keene Corp.*, 182 B.R. 379 (S.D.N.Y. 1995).

  Here, Remy has erroneously asked this Court for injunctive relief in this contested matter. *See Adelphia Commc'ns Corp. v. Associated Elec. & Gas Ins. Servs., Ltd. (In re Adelphia Commnc'ns Corp.)*, 302 B.R. 439, 442 (Bankr. S.D.N.Y. 2003) (recognizing that a request for an extension of the automatic stay under Bankruptcy Code, section 105(a) requires commencement of an adversary proceeding). Had Remy commenced an adversary proceeding as required by the rules, respondents would have been provided 30 days from issuance of the summons to answer. FED. R. BANKR. P. 7012(a). Instead, Remy provided respondents 15 days to respond to the Remy Stay Motion. This Court should not allow Remy to point to the rules of motion practice—rules that do not even apply to Remy's requested injunctive relief—in an effort to shortchange respondents of the proper notice and due process provided under the Bankruptcy Rules. After Remy itself has used an improper procedure to commence this proceeding, it should not be heard to complain that it is prejudiced by the Ad Hoc Committee's filing of its objection a mere 36 minutes after a deadline that was not even properly imposed.

B.  **This Court must consider its subject matter jurisdiction over the non-debtor action at issue here, even in the absence of an objection.**

Furthermore, Remy is in no way prejudiced by the Ad Hoc Committee's filing of the Remy Stay Objection 36 minutes after the purported deadline, because the Ad Hoc Committee's objections are jurisdictional and may be raised at any time and should be considered by this Court even absent an objection.

In the Remy Stay Objection, the Ad Hoc Committee, by adoption of its DD Stay Objection, asserts that:

- Movant has failed to allege facts sufficient for this Court to determine that a sufficient nexus exists between the non-debtor action to be enjoined and the Debtors' estate to invoke the Court's subject matter jurisdiction;

- Movant has failed to allege facts that would warrant an extension of the Debtors' automatic stay under the *A.H. Robins*' "unusual circumstances" test; and

- Movant has failed to satisfy the factors required to obtain a preliminary injunction under Bankruptcy Code, section 105(a).

Whether this Court may extend the Debtors' automatic stay to enjoin the non-debtor action Remy seeks to be stayed is inherently an issue of this Court's subject matter jurisdiction. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986) (couching the issue of whether to extend an automatic stay to non-debtor actions in terms of "the court's jurisdiction to grant a stay or injunction of suits in other courts against co-defendants of the debtor or of third parties"), *cert. denied*, 479 U.S. 876 (1986); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 611 (E.D. Pa. 2009) ("In order to enjoin the Appellants from prosecuting litigation

5

against the Non-Debtors, the Bankruptcy Court was required to conclude that it had jurisdiction over the claims of the Appellants against the Non-Debtors").

Consequently, the objections raised by the Ad Hoc Committee in its Remy Stay Objection may be raised at any time by the Ad Hoc Committee, even on appeal. *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*"). Moreover, this Court would be obliged to conduct a jurisdictional analysis, even in the absence of the Ad Hoc Committee's objection, because, as the Supreme Court of the United States has recognized, "courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction").

Furthermore, the Court is obliged to consider the merits of Remy's request for relief, which are wholly lacking, even if the Remy Stay Motion is considered to be uncontested. *See In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997). As the court in *Franklin* recognized, "the relevant authorities indicate (1) that a bankruptcy court may review the merits of an uncontested motion prior to granting relief, and (2) that the motion should be denied if there are not good grounds for the relief sought." *Id.* "The granting of an uncontested motion is not an empty exercise

6

but requires that the court find merit to the motion." *In re Nunez*, 196 B.R. 150, 156-57 (B.A.P. 9th Cir. 1996).

Because the Court would have to consider the issues raised by the Ad Hoc Committee even in the absence of the Ad Hoc Committee's objection, and because the issues raised by the Ad Hoc Committee are jurisdictional and may be raised at any time, Remy cannot show prejudice and its Motion to Strike should be denied.

**C.    In the alternative, the Ad Hoc Committee's filing of its objection 36 minutes after the purported deadline constitutes excusable neglect**

The Ad Hoc Committee's filing of the Remy Stay Objection 36 minutes after the purported deadline constitutes excusable neglect under Bankruptcy Rule 9006(b)(1) and *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993). As the Supreme Court recognized in *Pioneer*, "by empowering the courts to accept late filing 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted where appropriate to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495 (1993) (*quoting in part*, FED. R. BANKR. P. 9006(b)(1)).

The Supreme Court has indicated that the determination as to whether to allow a late filed pleading is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 1498. This Court should take into account "the danger of prejudice to the debtor, the length of the

7

delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Id.*

As discussed above, Remy cannot show any prejudice by the Ad Hoc's Committee's late filing of its Remy Stay Objection. Furthermore, the length of the delay in filing the Remy Stay Objection is negligible—a mere 36 minutes. Finally, the Ad Hoc Committee timely filed its objection to the DD Stay Motion, but due to inadvertence and internal confusion, its counsel filed the Ad Hoc Committee's objection to the Remy Stay Motion (an almost identical motion to the DD Stay Motion) less than an hour after the deadline. The Ad Hoc Committee's 36 minute delay in filing does not indicate—nor has Remy alleged—that the Ad Hoc Committee has acted in bad faith. Therefore, the *Pioneer* factors show that excusable neglect exists, and this Court should allow the late filing of the Remy Stay Objection and deny Remy's Motion to Strike.

## III.
## CONCLUSION

WHEREFORE the Ad Hoc Committee for Asbestos Personal Injury Claimants respectfully requests that the Court enter an order (1) denying the relief requested in the Motion to Strike the Objection of Ad Hoc Committee of Asbestos Personal Injury Claimants to the Motion of Remy International For an Order Extending and Enforcing the Stay to Certain Litigation; and (2) granting the Ad Hoc Committee for Asbestos Personal Injury Claimants such other and further relief to which it may be entitled.

Dated: October 5, 2009

Respectfully submitted,

STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION

By: *Peter C. D'Apice*
    Peter C. D'Apice

Sander L. Esserman (admitted *pro hac vice*)
Peter C. D'Apice
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

COUNSEL FOR THE AD HOC
COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS

9