**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                           :    Chapter 11 Case No.
                                                               :
**MOTORS LIQUIDATION COMPANY**, *et al.*,       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                               :
                    Debtors.                    :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 AND 9019(b) AUTHORIZING THE DEBTORS TO (I) FILE OMNIBUS CLAIMS OBJECTIONS AND (II) ESTABLISH PROCEDURES FOR SETTLING CERTAIN CLAIMS**

Upon the motion, dated September 24, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for entry of an order authorizing for the Debtors to (i) file Omnibus Claims Objections and (ii) establish procedures for settling certain claims without further Court approval (the "**Settlement Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**"):

(a) the amount claimed contradicts the Debtors' books and records;

(b) the Claims were incorrectly classified;

(c) the Claims seek recovery of amounts for which the Debtors are not liable;

(d) the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

(e) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to file Omnibus Claims Objections to no more than 100 Claims at a time on the Additional Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to settle Claims in accordance with the following Settlement Procedures:

- The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (i) the aggregate amount to be

allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities, so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "***De Minimis* Settlement Amount**"); **provided**, **however**, *De Minimis* Settlement Amounts shall not include (x) any settlement of a Claim to which General Motors Company is a party or beneficiary or any present or former insider of the Debtors is a party, or (y) any settlement of a Claim that includes a release by any of the Debtors of a claim they may have against a creditor pursuant to chapter 5 of the Bankruptcy Code.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee. Within five (5) business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within which to object. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

- If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount and is greater than $50 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 days' notice.

- Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

- On a quarterly basis, on the thirtieth day after the start of the quarter, beginning on the quarter that starts on October 1, 2009, the Debtors will file with the Court and serve, pursuant to the

Debtors' Case Management Order,[2] a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

- On a monthly basis, beginning on November 1, 2009, the Debtors will provide the Creditors' Committee with a separate report of all settlements of a *De Minimis* Settlement Amount entered into in the preceding calendar month.

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

---

[2] *See* Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures [Docket No. 3629].

Dated: **_October 6, 2009_**
      New York, New York

                                          **_s/ Robert E. Gerber_**
                                          UNITED STATES BANKRUPTCY JUDGE