Sander L. Esserman (Admitted *Pro Hac Vice*)　　　　　　　　Presentment Date: November 6, 2009
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter D'Apice
Jo E. Hartwick  (Admitted *Pro Hac Vice*)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

COUNSEL FOR THE AD HOC COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　)
In re　　　　　　　　　　　　　　　　　　　　　)　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　)
MOTORS LIQUIDATION COMPANY, *et al.*,　　　)
f/k/a GENERAL MOTORS CORP., *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)　　　　　Case No. 09-50026 (REG)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Debtors.　　　　　　　　　)　　　　　Jointly Administered
---------------------------------------------------------------X

**APPLICATION OF THE AD HOC COMMITTEE OF PERSONAL INJURY
ASBESTOS CLAIMANTS PURSUANT TO RULE 2004 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING
(A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL EXAMINATION
OF INDIVIDUALS DESIGNATED BY THE DEBTORS AND BELIEVED TO
<u>HAVE KNOWLEDGE OF THE RELEVANT MATTERS</u>**

TO:　　THE HONORABLE ROBERT E. GERBER,
　　　　UNITED STATES BANKRUPTCY JUDGE:

　　　　The Ad Hoc Committee of Personal Injury Asbestos Claimants ("**Committee**"), by its

undersigned counsel, moves this Court for entry of an order pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") directing (a) the production

of documents, and (b) the oral examination of individuals designated by the Debtors to testify

on behalf of Debtors as to certain relevant matters, as specified below. In support of its motion (the "*Application*"), the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. After decades of manufacturing and selling vehicles that contain asbestos products, Debtors face tens of thousands of pending and future asbestos-related personal injury claims. Over the years, the Debtors have estimated their asbestos liabilities, using expert consultants who have analyzed the tens of thousands of claimant files in Debtors records and databases to estimate current liability and forecast future claims. One such analysis and forecast was prepared by Hamilton, Rabinovitz & Associates, Inc., in January 2009, for Debtors use in these proceedings. This report has been produced to the Committee, but public filings by Debtors indicate previous analyses and forecasts have been prepared. Counsel for the Committee has tried to obtain such analyses and forecasts by contacting counsel for the Debtors, but has not been provided with that information.

By this Application, the Committee seeks all reports of analyses and forecasts by Debtors as to the scope of their present and projected asbestos liabilities, the back-up information for such reports, as well as insurance coverage available to cover those liabilities, so the Committee can properly represent the interests of asbestos claimants in these cases.

## FACTS

2. On June 1, 2009 (the "*Petition Date*"), General Motors Corp. and certain of its affiliates ("*GM*" or the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On June 1, 2009, the Court entered an order directing the joint administration of the Debtors' Chapter 11 cases. The Debtors' cases are consolidated for procedural purposes only.

2

4.  GM is one of the "big Three" U.S. automakers. Each year it sells millions of vehicles to American consumers, some of whom unfortunately suffer injuries, sometimes catastrophic, as a result of manufacturing defects and other legally culpable conduct on the part of the Debtors.

## PREDICATES FOR RELIEF

5.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

6.  By this Application, the Committee requests the entry of an order directing the Debtors to (a) produce certain documents, and (b) make available for oral examination certain individuals of the Debtors' choosing believed to have knowledge of the relevant matters. The Committee, a party in interest, wishes to investigate the acts, conduct, property, liabilities, and financial condition of the Debtors, the scope of Debtors' present and projected asbestos liability exposure, and assess Debtors' product liability insurance coverage pertaining to asbestos liabilities. Thus, it is appropriate to obtain documents and testimony from the Debtors.

7.  Bankruptcy Rule 2004 provides, in relevant part:

(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the doctor's right to a discharge.

(c) Compelling Attendance and Production of Documentary Evidence. The attendance of any entity for examination and the production of

3

>documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

8. It is well established that the scope of an examination under Bankruptcy Rule 2004 is broad. *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a 'fishing expedition.'" *In re M4 Enterprises, Inc., 190 B.R. 471, 474* (Bankr. N.D. Ga. 1995); see also *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("R2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

9. Examinations under Bankruptcy Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. The information sought by the Committee in connection with this Application is consistent with Rule 2004. At a minimum, the Committee is entitled to determine the extent of the present and forecasted exposure to asbestos liabilities of the Debtors' and the extent of insurance covering such exposure. The answers to these queries could entitle the Committee members to assess and pursue a claim in the instant bankruptcy proceeding regarding any available insurance benefits, and Rule 2004 is precisely intended to facilitate this process. *See In Re Ecam, Inc.,* 131 B.R. 556 (Bankr. S.D.N.Y. 1991) (the intended use of Rule 2004 is, "namely, to determine whether there are grounds to bring an action to recover property of the estate.")

10. The Committee is a "party in interest" entitled to take examinations and to request documents under Rule 2004. The Bankruptcy Code does not include a definition of a party in interest, however, the 11 U.S.C. §1109 makes clear that:

> "any 'party in interest' may appear and be hard in a chapter 11 case. Section 1109(b) provides that [a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. The term 'party in interest' is not limited by the small list of examples in Section 1109(b)".

*See 3 Norton Bankruptcy Law and Practice §54.02* at part 54 (1987) (internal citations omitted). Furthermore, section 1109(b) must be construed broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard. *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3rd Cir. 1985); *see also In re Ionoshpere Clubs, Inc.*, 101 B.R. 844, 849-850 (Bankr. S.D.N.Y. 1989). Courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation. *In re Texaco, Inc.*, 81 B.R. 820, 828 (Bankr. S.D.N.Y. 1988) (*quoting In re Amatex Corp.*, 755 F.2d at 1042); *see also In re Ionoshpere,* 101 B.R. at 849-850 ("the party requesting standing must either be a creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate"). The Committee members will clearly be affected by the instant bankruptcy proceedings; the determination whether Committee clients with present and potential future liability judgments against the Debtors will be paid is included in the proceedings.

11. Moreover, Section 1019(10) of the Code defines a creditor as an entity that has a "claim" against either the debtor or the estate, arising at certain specified times. In turn, a claim under Section 101(5) of the Code is defined as:

> "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,

5

whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

Consequently, the Committee consists of "creditors with claims" against the Debtors.

12. Here, the Committee is seeking an examination of the Debtors and the production of documents directly related to assets of the Debtors' estates, including, but not limited to, any present and future asbestos liability assessments and forecasts and related information, and Debtors' product liability insurance coverage, or lack thereof. Such an inquiry is within the purview of a Rule 2004 examination.

13. In *In re Int'l Fibercom, Inc.*, 283 B.R. 290 (Bankr. D. Az. 2002), an insurance company that provided payment and performance bonds for a debtor who failed to complete a construction contract sought discovery regarding those pending claims as well as any other potential claims, because it held a subrogation interest through the debtor. The *In re Int'l Fibercom* Court held that the insurance company was a party of interest pursuing the intended purpose of Rule 2004, that is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." (*Id* at 292), as a result, the Court provided the insurance company broad examination and document production from the debtor under Rule 2004. Likewise, the existence and kind of insurance benefits available from the Debtors' assets for asbestos claims are squarely within the scope of discovery contemplated by Rule 2004.

14. Pursuant to Bankruptcy Rule 2004, the Committee seeks authority to compel production of the requested documents as identified on Exhibit A to the attached proposed order (the "**Document Request Subpoena**") so as to be received by the Committee's counsel not later than fifteen (15) days from the date of entry of that order.

15. Pursuant to Bankruptcy Rule 2004(c), the Committee requests authority to issue a subpoena to individuals designated by the Debtors to testify on Debtors' behalf regarding the

matters specified in Exhibit A to the attached proposed order (the "*Individual Subpoena*"). The examinations will be conducted on no less than seven days' notice at a location to be determined by the Committee that is within 100 miles of the location of the Debtors or person to be examined.

16.     The Committee requests that this Court retain jurisdiction to resolve any objections to the proposed order, to the requested examinations, and production of documents.

## NOTICE

17.     Notice of this Application has been given in accordance with pursuant to Rules 2004, 9014 and 7004 of the Federal Rules of Bankruptcy Procedure. The Committee respectfully submits that no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

18.     Because this Application presents no novel issues of law and the authorities relied upon by the Committee are set forth herein, the Committee respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this Application pursuant to Local Bankruptcy Rule 9013-1(b).

## REQUEST FOR RELIEF

WHEREFORE, the Committee respectfully requests entry of an order:

(a)     granting the relief requested in this Application;

(b)     directing the Debtors to produce the documents described in the Document Request Subpoena as Exhibit A to the attached proposed order;

(c)     authorizing the Committee to issue a subpoena directing certain individuals of Debtors' choosing believed to have knowledge of the relevant matters to submit to oral examination, pursuant to Rule 2004(c) of the Bankruptcy Rules and Rule 30(b)(6) of the

Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7030, concerning the matters set forth in Exhibit A to the attached proposed order;

  (d)  granting the Committee such other and further relief as the Court deems just and proper.

Date: October 7, 2009

               Respectfully submitted,

               **STUTZMAN, BROMBERG,**
               **ESSERMAN & PLIFKA,**

               A Professional Corporation

               By: */s/ Peter C. D'Apice*
                 Sander L. Esserman (Admitted *Pro Hac Vice*)
                 Robert T. Brousseau (Admitted *Pro Hac Vice*)
                 Peter C. D'Apice
                 Jo E. Hartwick (Admitted *Pro Hac Vice*)

               2323 Bryan Street, Suite 2200
               Dallas, Texas  75201-2689
               Telephone:  (214) 969-4900
               Facsimile:  (214) 969-4999

               **ATTORNEYS FOR THE AD HOC**
               **COMMITTEE OF PERSONAL INJURY**
               **ASBESTOS CLAIMANTS**