UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                               )
In re                                       )                 Chapter 11
                                               )
MOTORS LIQUIDATION COMPANY, *et al.,*  )
f/k/a GENERAL MOTORS CORP., *et al.*,    )
                                             )                 Case No. 09-50026 (REG)
                                             )
                   Debtors.          )                 Jointly Administered
---------------------------------------------------------------X

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL EXAMINATION OF AN INDIVIDUAL DESIGNATED BY THE DEBTORS AND BELIEVED TO HAVE KNOWLEDGE <u>OF THE RELEVANT MATTERS</u>**

TO:    THE HONORABLE ROBERT E. GERBER,
         UNITED STATES BANKRUPTCY JUDGE

Upon application of the Ad Hoc Committee of Personal Injury Asbestos Claimants ("***Committee***"), for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing (A) the production of documents, and (B) the oral examination of individuals designated by the Debtors to testify on behalf of Debtors on the relevant matters, as specified below (the "***Application***"), and notice of the Application having been given to all parties required to receive such notice pursuant to the bankruptcy rules, and no other or further notice being required and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted in its entirety, and it is further

ORDERED that the Committee is hereby authorized to issue a subpoena or other process to compel the production of documents ("***Document Request Subpoena***") and Debtors are directed to produce in response to the Document Request Subpoena all responsive documents described in Exhibit A annexed hereto so as to be received not later than 15 days after entry of

this Order, subject to any documents withheld under a claim of privilege, by delivery via overnight courier, or electronic means to Peter C. D'Apice, Stutzman, Bromberg, Esserman & Plifka, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201; and it is further

ORDERED that the Debtors are directed to provide a privilege log in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure, for any document withheld for production on account of a privilege, by delivery via overnight courier to Peter C. D'Apice, Stutzman, Bromberg, Esserman & Plifka, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201, to be received not later than 25 days after entry of this Order; and it is further

ORDERED that the Committee is authorized, but not required, to issue the following subpoenas compelling oral examinations under oath: (i) a subpoena (the "**Individual Subpoena**") compelling an individual designated and within control by the Debtors to testify on behalf of Debtors on the matters set forth in Exhibit A pursuant to Rule 30(b)(6); and it is further

ORDERED that the examination conducted pursuant to the Individual Subpoena: (i) shall be held upon seven days' notice to the person or entity to be examined, at a location to be determined by the Committee, unless otherwise agreed between the Debtors and the Committee; and it is further

ORDERED that this order is without prejudice to the rights of the Committee to apply for further discovery of the Debtors, or of any other person or entity; and it is further

3

      ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this order, the requested examinations, and the production of documents.

Dated: _____, 2009
       New York, New York

                                _____
                                United States Bankruptcy Judge

# EXHIBIT A

## INSTRUCTIONS

1. The documents covered by this request include all documents in your possession, custody or control, including but not limited to documents that may be in the possession of your agents or managers, including without limitation Weil, Gotshal & Manges LLP, Evercore Group, LLC, AP Services, LLC, or Hamilton, Rabinovitz and Associates.

2. Each request for the production of documents shall be deemed continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

3. Please produce documents in the same form and same order as they are kept in the ordinary course of business, or otherwise organize and label them to correspond with the categories of these requests. A request for a document shall be deemed to include a request for any and all file folders, bindings, or other containers in which the document was maintained. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original. Documents attached to each other should not be separated.

4. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database(s) as you would access such electronic document(s) or database(s) in the ordinary course of your business.

5. Documents shall be produced in such a fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6. If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object and specifically identify the respect in which the request is objectionable.

7. If, in responding to these requests, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. Any document withheld from production based on privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document, including the author(s) of the document, the addressee(s) of the document, any recipient of the document, whether or not identified on the face of the document, and, where not

1

apparent, the relationship of the author(s) and the addressee(s) to each other. The nature of each claim of privilege shall be set forth.

9. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in the document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

10. Documents not otherwise responsive to this request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by these requests.

11. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

## DEFINITIONS

1. This Request hereby incorporates by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, including, without limitation, the fact that "document" includes, without limitation, "electronic and computerized data compilations."

2. "Asbestos Claim" means any claim or demand against GM now existing or hereafter arising, whether or not such claim, remedy, liability or demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases therefore are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness, disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

3. "Asbestos Claim Experience" has the same meaning as ascribed to it in the General Motors Corporation 2007 Annual Report, Note 17, page 109.

2

4.  "Debtors" means the debtors in these jointly administered bankruptcy cases: General Motors Corporation, Chevrolet-Saturn of Harlem, Inc., Saturn, LLC, and Saturn Distribution Corporation.

5.  "GM", "You", or "Yours" means Motors Liquidation Company, General Motors Corporation, and all of their affiliates, subsidiaries, and predecessors, including the officers, directors, employees, agents, consultants, attorneys, and any other representatives of each and its affiliates, subsidiaries, and predecessors, specifically including Weil, Gotshal & Manges LLP, Evercore Group, LLC, AP Services, LLC and Hamilton, Rabinovitz and Associates.

6.  "Relating to" or "related to" when used with respect to any given subject, shall mean constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, concerns, deals with, or is in any manner whatsoever reasonably pertinent to that subject.

**REQUEST NO. 1:**

Produce all documents relating to reports, estimations or forecasts of asbestos-related liability for any or all Debtors, including without limitation the Technical Report: Estimated Pending and Future Potential Asbestos Personal Injury Liabilities dated January 14, 2009, prepared by Hamilton, Rabinovitz & Associates, the asbestos claims report prepared by Francine F. Rabinovitz of Hamilton, Rabinovitz & Associates referenced in the General Motors Corporation 2007 Annual Report, Note 17, page 109, and the report referenced in General Motors Corporation Form 10-K for the year ended December 31, 2008, p. 206, and any other such reports, estimations or forecasts and updates, revisions or supplements to any such reports, estimation or forecasts.

**REQUEST NO. 2:**

With respect to GM's engagement of Hamilton, Rabinovitz & Associates, or Dr. Francine Rabinovitz (collectively "Hamilton Rabinovitz"), produce all documents:

a.  setting forth the terms of Hamilton Rabinovitz's engagement by or on behalf of GM;

3

    b.    related to any forecast, projection, valuation, report or analysis made by Hamilton Rabinovitz with respect to the past, present or future liability of GM for Asbestos Claims;

    c.    related to data, assumptions or other information provided to Hamilton Rabinovitz for use or reference in its GM engagement.

**REQUEST NO. 3:**

With respect to GM's engagement of any consultant other than Hamilton Rabinovitz for the forecasting, projection, valuation or analysis of Asbestos Claims or GM's liability for Asbestos Claims, produce all documents:

    a.    setting forth the terms of the expert's engagement by or on behalf of GM;

    b.    related to any forecast, projection, valuation, report or analysis made by the expert with respect to the past, present or future liability of GM for Asbestos Claims;

    c.    related to data, assumptions or other information provided to the expert for use or reference in its GM engagement.

**REQUEST NO. 4:**

Produce all documents that you generated or received as a result of your retention of Hamilton Rabinovitz, or any other consultants, related to any third-party forecast and any in-house studies or reports of the projected incidence of malignant asbestos related disease likely to occur in the general population of individuals occupationally exposed to asbestos.

**REQUEST NO. 5:**

Produce all documents related to data concerning Asbestos Claims filed against GM and resolved, amounts paid, and the nature of the asbestos related disease or condition asserted during GM's Asbestos Claims Experience.

4

**REQUEST NO. 6:**

Produce all documents related to the estimated rate of Asbestos Claims likely to be asserted against GM in the future based on its Asbestos Claims Experience.

**REQUEST NO. 7:**

Produce all documents that you generated or received as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to the projected incidence of asbestos related disease in the general population of individuals occupationally exposed to asbestos.

**REQUEST NO. 8:**

Produce all documents related to the estimated rate of dismissal of Asbestos Claims against GM by disease type based on GM's Asbestos Claims Experience.

**REQUEST NO. 9:**

Produce all documents related to the estimated indemnity value of any projected asbestos claims against GM based on its Asbestos Claims Experience.

**REQUEST NO. 10:**

Produce all documents related to an increase in GM's reserve for pending and future liability for asbestos claims.

**REQUEST NO. 11:**

Produce all documents related to GM's estimation of probable liability for pending and future liability for asbestos claims.

**REQUEST NO. 12:**

Produce all documents setting forth the aggregate amount of the Debtors' insurance applicable to Asbestos Claims, the limits of any such insurance coverage (on a per claim basis and an aggregate basis), any exclusions applicable thereto, and any retentions or self-insured amounts applicable to such coverage.

**REQUEST NO. 13:**

Produce all documents sufficient to identify payments made by you on account of Asbestos Claims, broken down by disease.

**REQUEST NO. 14:**

Produce all documents sufficient to identify the number of suits filed against you based on or related to Asbestos Claims, broken down by disease.

**REQUEST NO. 15:**

Produce all documents reflecting any lawsuits, proceedings or actions in which you are or have been a party relating to any dispute or contested matter concerning the Debtors' insurance coverage for Asbestos Claims.

**REQUEST NO. 16:**

To the extent not already produced in response to any Request above, produce all electronic or computerized data compilations or databases of Asbestos Claims related histories or other Asbestos Claims related information.

    Respectfully submitted,

    **STUTZMAN, BROMBERG,**
    ESSERMAN & PLIFKA,
    A Professional Corporation

    By:   */s/ Peter C. D'Apice*
        Sander L. Esserman (Admitted *Pro Hac Vice*)
        Robert T. Brousseau (Admitted *Pro Hac Vice*)
        Peter C. D'Apice
        Jo E. Hartwick (Admitted *Pro Hac Vice*)

    2323 Bryan Street, Suite 2200
    Dallas, Texas 75201-2689
    Telephone: (214) 969-4900
    Facsimile: (214) 969-4999

    **ATTORNEYS FOR THE AD HOC**
    **COMMITTEE OF PERSONAL INJURY**
    **ASBESTOS CLAIMANTS**