Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                                        :    **Chapter 11 Case No.**
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                        :    **09-50026 (REG)**
   **f/k/a General Motors Corp.,** *et al.*                      :
                                                                 :
                                        Debtors.                 :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

**NOTICE OF SECOND AMENDMENT TO DIP CREDIT FACILITY**

    PLEASE TAKE NOTICE that on June 25, 2009, this Court entered the *Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral, and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties (as amended, the "Final DIP Order")* **[Docket No. 2529]**.[1]

    PLEASE TAKE FURTHER NOTICE that, pursuant to the Final DIP Order, the parties to the DIP Credit Facility may, from time to time, enter into amendments with respect thereto without further order of this Court; provided, that, (i) the DIP Credit Facility, as amended, is not materially different from the form approved by the Final DIP Order, (ii) notice of all amendments is filed with this Court, and (iii) notice of all amendments (other

---

[1] On July 5, 2009, this Court entered the *Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing* **[Docket No. 2969]**.

than those that are ministerial or technical and do not adversely affect the Debtors) are provided in advance to counsel for the committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**") and any other statutory committee, all parties requesting notice in these cases, and the United States Trustee (the "**U.S. Trustee**").

PLEASE TAKE FURTHER NOTICE that on September 29, 2009 the parties to the DIP Credit Facility entered into an amendment (the "**Second Amendment**") to the DIP Credit Facility, a copy of which is annexed hereto as Exhibit A. The Second Amendment contains only ministerial and technical changes to the DIP Credit Facility and, as such, no advance notice thereof to the Creditors' Committee, the U.S. Trustee, or other parties requesting notice in these chapter 11 cases of the Second Amendment was required under the Final DIP Order.

Dated: New York, New York
       October 7, 2009

/s/ Steve Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

C:\DOCUMENTS AND SETTINGS\RODRIGUI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\3IDEJM6Q\US_ACTIVE_MLC_ NOTICE OF SECOND DIP AMENDMENT_43151261_4.DOC

2

## Exhibit A

C:\DOCUMENTS AND SETTINGS\RODRIGUI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\3IDEJM6Q\US_ACTIVE_MLC_ NOTICE OF SECOND DIP AMENDMENT_43151261_4.DOC

<u>EXECUTION VERSION</u>

SECOND AMENDMENT TO
AMENDED AND RESTATED SECURED SUPERPRIORITY
DEBTOR-IN-POSSESSION CREDIT AGREEMENT

SECOND AMENDMENT, dated September 29, 2009, but effective as of September 1, 2009 (this "<u>Amendment</u>") to the AMENDED AND RESTATED SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT, dated as of July 10, 2009 (as amended by the First Amendment, dated as of July 29, 2009, and as otherwise amended, supplemented or modified from time to time, the "<u>Credit Agreement</u>"; capitalized terms used and not defined herein shall have the meanings ascribed to them in the Credit Agreement), among MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION), a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code (the "<u>Borrower</u>"), the Guarantors, the several lenders from time to time parties thereto (the "<u>Lenders</u>") and others.

<u>W I T N E S S E T H</u>:

WHEREAS, the Borrower has requested that the Lenders amend certain provisions of the Credit Agreement;

WHEREAS, the Lenders have agreed to make certain amendments to the Credit Agreement as described herein solely upon the terms and conditions provided for in this Amendment;

NOW, THEREFORE, in consideration of the premises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Amendments to Section 1.1 of the Credit Agreement (Defined Terms)</u>. Section 1.1 of the Credit Agreement is hereby amended by deleting from the definition of "Interest Period" appearing therein the phrase "(i) initially, the period commencing on the Borrowing Date (as defined in the Existing Credit Agreement) with respect to such Loan and ending three months thereafter;" and replacing the same with the phrase "(i) initially, the period commencing on July 10, 2009 and ending three months thereafter;".

2. <u>Amendment to Schedule 1.1B to the Credit Agreement (Guarantors)</u>. Schedule 1.1B to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 1.1B attached as Exhibit A hereto.

3. <u>Amendment to Schedule 1.1D to the Credit Agreement (Pledgors)</u>. Schedule 1.1D to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 1.1D attached as Exhibit B hereto.

4. <u>Amendment to Schedule 1.1G to the Credit Agreement (Excluded Subsidiaries)</u>. Schedule 1.1G to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 1.1G attached as Exhibit C hereto.

5. <u>Amendment to Schedule 3.10 to the Credit Agreement (Chief Executive Office and Chief Operating Office)</u>. Schedule 3.10 to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 3.10 attached as Exhibit D hereto.

6. <u>Amendment to Schedule 3.15 to the Credit Agreement (Subsidiaries)</u>. Schedule 3.15 to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 3.15 attached as Exhibit E hereto.

7. <u>Amendment to Schedule 3.16 to the Credit Agreement (Ownership of North American Group Members)</u>. Schedule 3.16 to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 3.16 attached as Exhibit F hereto.

8. <u>Amendment to Schedule 3.21 to the Credit Agreement (Jurisdiction and Recording Offices)</u>. Schedule 3.21 to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 3.21 attached as Exhibit G hereto.

9. <u>Amendment to Schedule 3.28 to the Credit Agreement (Excluded Collateral)</u>. Schedule 3.28 to the Credit Agreement is hereby deleted in its entirety and replaced with the Schedule 3.28 attached as Exhibit H hereto.

10. <u>Accrued Interest</u>. For the avoidance of doubt, the Borrower and the Lender hereby acknowledge and agree that the aggregate amount of interest accrued as of September 1, 2009 on the Loans is set forth on <u>Schedule I</u> hereto.

11. <u>Conditions to Effectiveness</u>. This Amendment shall become effective upon the date (the "<u>Second Amendment Effective Date</u>") on which each Lender shall have received (i) this Amendment executed and delivered by a duly authorized officer of the Borrower and the Required Lenders and (ii) the Acknowledgement and Consent, dated the date hereof, (the "<u>Acknowledgement and Consent</u>") executed and delivered by the duly authorized officers of the Guarantors and Pledgors party thereto.

12. <u>Representations and Warranties</u>. The Borrower hereby represents and warrants to each Lender in each case subject to the Wind-Down, the Orders, the Related Section 363 Transactions, the Cases, the Bankruptcy Code and all orders of the Bankruptcy Court issued in connection with the Cases, that as of the Second Amendment Effective Date (before and after giving effect to this Amendment):

(a) Each Loan Party has all necessary corporate or other power, authority and legal right to execute, deliver and perform its obligations under this Amendment and the Acknowledgment and Consent to which it is a party. The execution, delivery and performance by each Loan Party of this Amendment and the Acknowledgment and Consent to which it is a party has been duly authorized by all necessary corporate or other action on its part. This Amendment and the Acknowledgment and Consent have been duly and validly executed and delivered by each Loan Party party thereto and constitutes

a legal, valid and binding obligation of all of the Loan Parties party thereto, enforceable against such Loan Parties in accordance with its terms, subject to the Bankruptcy Exceptions. Except as required under applicable state and federal bankruptcy rules, no authorizations, approvals or consents of, and no filings or registrations with, any Governmental Authority, or any other Person, are necessary for the execution, delivery or performance by each Loan Party of this Amendment and the Acknowledgement and Consent and to which it is a party for the legality, validity or enforceability hereof and thereof.

(b)    Subject to the terms of the Orders, the execution and delivery of this Amendment will not (a) conflict with or result in a breach of (i) the charter, by laws, certificate of incorporation, operating agreement or similar organizational document of any Loan Party, (ii) any Requirement of Law, (iii) any Applicable Law, rule or regulation, or any order, writ, injunction or decree of any Governmental Authority, (iv) any material Contractual Obligation to which any Loan Party is a party or by which any of them or any of their Property is bound or to which any of them or any of their Property is subject, or (b) constitute a default under any material Contractual Obligation to which any Loan Party is a party or by which any of them or any of their Property is bound or to which any of them or any of their Property is subject, or (c) (except for Permitted Liens) result in the creation or imposition of any Lien upon any property of any Loan Party, pursuant to the terms of any such agreement or instrument.

(c)    Each of the representations and warranties made by the Borrower herein or in or pursuant to the Loan Documents is true and correct in all material respects on and as of the Second Amendment Effective Date as if made on and as of such date (except that any representation or warranty that by its terms is made as of an earlier date is true and correct in all material respects as of such earlier date).

(d)    After giving effect to this Amendment, no Default or Event of Default has occurred and is continuing, or will result from the consummation of the transactions contemplated by this Amendment.

13.    Limited Effect. Except as expressly provided hereby, all of the terms and provisions of the Credit Agreement and the other Loan Documents are and shall remain in full force and effect. The amendments, consents and waivers contained herein shall not be construed as a waiver or amendment of any other provision of the Credit Agreement or the other Loan Documents or for any purpose except as expressly set forth herein or a consent to any further or future action on the part of the Borrower or the Guarantors that would require the waiver or consent of the Lenders.

14.    GOVERNING LAW. THIS AMENDMENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

15.    Miscellaneous. This Amendment may be executed by one or more of the parties to this Amendment on any number of separate counterparts, and all of said counterparts taken together shall be deemed to constitute one and the same instrument. Copies of this

Amendment signed by all parties hereto and thereto shall be lodged with the Borrower and each of the Lenders. This Amendment may be delivered by facsimile or other electronic transmission of the relevant signature pages hereof.

16. <u>Orders</u>. The terms and conditions hereunder shall be subject to the terms and conditions of the Orders. In the event of any inconsistency between the terms or conditions of this Amendment and the terms and conditions of the Orders, the terms and conditions of the Orders shall control.

[Signature Pages Follow]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed and delivered by their respective proper and duly authorized officers as of the day and year first above written.

MOTORS LIQUIDATION COMPANY

By: _____
Name: Kyle Braden
Title: Vice President, Secretary and Chief Restructuring Officer

UNITED STATES DEPARTMENT OF THE TREASURY, as a Lender

By: _____
Name: Herbert M. Allison, Jr.
Title: Assistant Secretary for Financial Stability

[Signature Page to Second Amendment]

EXPORT DEVELOPMENT CANADA, as a Lender

By: _____
Name: Geoff Bleich
Title: Senior Asset Manager

By: _____
Name: DAVID STEVENSON
Title: LOAN PORTFOLIO MANAGER

[Signature Page to Second Amendment]

SCHEDULE I
INTEREST ACCRUED AS OF SEPTEMBER 1, 2009

| Period | Interest Rate (Eurodollar Rate plus Applicable Margin) | Principal Balance of the Loans | Accrued Interest as of September 1, 2009 |
|---|---|---|---|
| July 10, 2009 – September 1, 2009 | 5% | $1,175,000,000 | $8,812,500 |

<u>Exhibit A</u>

<u>Schedule 1.1B</u>

See Attached.

Schedule 1.1B

Guarantors

|   | **Guarantor Name** | **Form of Organization** | **Jurisdiction of Organization** |
|---|---|---|---|
| 1. | MLC of Harlem, Inc. | Corporation | Delaware |
| 2. | Environmental Corporate Remediation Company, Inc. | Corporation | Delaware |
| 3. | Remediation and Liability Management Company, Inc. | Corporation | Michigan |
| 4. | MLCS, LLC | Limited Liability Company | Delaware |
| 5. | MLCS Distribution Corporation | Corporation | Delaware |

<u>Exhibit B</u>

<u>Schedule 1.1D</u>

See Attached.

Schedule 1.1D

Pledgors

|   | **Pledgor Name** | **Form of Organization** | **Jurisdiction of Organization** |
|---|---|---|---|
| 1. | Motors Liquidation Company | Corporation | Delaware |
| 2. | MLCS, LLC | Corporation | Delaware |
| 3. | MLCS Distribution Corporation | Corporation | Delaware |

WGM_TRAILER

[Additional Schedules Omitted]