UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

          Plaintiff,

                                    Case No. 5:07-CV-408 OC

vs.

                                    Hon. William Terrell Hodges

GENERAL MOTORS HOURLY-RATE       Magistrate Judge Gary R. Jones
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

          Defendants.

_____/

Walter J. Lawrence, In Pro Per
3101 SW 34th Avenue, # 905
Ocala, Florida 34474

David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

Cynthia L. May (0029297)
Co-Counsel for Defendants
Greenberg Taurig, P.A.
625 E. Twiggs Street, Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700

_____/


**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE
OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
RE: DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**


David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      I.      Plaintiff's Renewed Motion is Untimely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      II.     Defendants Properly Raised the Affirmative Defense of Failure to Exhaust
            Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      III.    The Appeal Procedure contained in the GM Supplemental Agreement to the
            Pension Plan Applies to Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      IV.    Plaintiff Failed to Exhaust his Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INDEX OF AUTHORITIES

Legal Decisions

Bickley v. Caremark RX, Inc.,
461 F.3d 1325 (11th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Duncan v. General Motors Corp.,
2006 WL 375343 (W.D.Ark. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Engers v. AT & T,
428 F.Supp.2d 213 (D. N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Legal Aid Society v. City of New York,
114 F.Supp.2d 204 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lloyd v. General Motors Hourly Rate Employees Pension Plan, et al.,
1 Fed.Appx 789 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Perrino v. Southern Bell Telephone & Telegraph Co.,
209 F.3d 1309 (11th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Pitchford v. General Motors Corp.,
248 F.Supp.2d 675 (W.D. Mich.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Resolution Trust Corp. v. Williams,
1994 WL 477231 (D. Kan. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Reyher v. Trans World Airlines, Inc,
881 F.Supp. 574 (M.D.Fla.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rosales v. Citibank,
133 F.Supp.2d 1177 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Williams v. MacArthur,
2007 WL 64169 (D. Nev. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statutory Authority

ERISA, 29 U.S.C. §§1001, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ERISA, § 503, 29 U.S.C. § 1133 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Court Rules

F.R.C.P. 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

F.R.C.P. 8(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Other Authority

Moore's Federal Practice 3d, § 12.37[5] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Moore's Federal Practice, 3d, § 12.37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

                    Plaintiff,

                                                    Case No. 5:07-CV-408 OC

vs.

                                                    Hon. William Terrell Hodges
GENERAL MOTORS HOURLY-RATE                          Magistrate Judge Gary R. Jones
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

                    Defendants.
_____/

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE
OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
RE: DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

Plaintiff, Walter Lawrence, a tax evader and a very litigious retired employee of Defendant

General Motors Corporation ("GM"), claims: (1) that Defendants General Motors and the General

Motors Hourly-Rate Pension Plan ("Defendants") improperly alienated his pension in violation of

the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. §§1001, *et*

*seq.* by honoring a Notice of Tax Levy and remitting pension benefits to the Internal Revenue

Service ("IRS"), and (2) that Defendants are not entitled to recover the resulting $32,985.00

overpayment of pension benefits received by Plaintiff. Although the claims administrator forwarded

$32,985.00 to the IRS pursuant to the Levy, Plaintiff apparently feels that he has no obligation to

reimburse the pension fund or to pay his federal taxes.

In any event, Plaintiff failed to exhaust available administrative remedies under the

Supplement Agreement Covering Pension Plan with respect to the recovery of the $32,985.00

overpayment. Under the Employee Retirement Income Security Act of 1974, as amended, ERISA,

29 U.S.C. §§ 1001 *et seq.*, a claimant who fails to exhaust his administrative remedies prior to filing

suit should have his case dismissed. Accordingly, Defendants properly asserted failure to exhaust remedies as an Affirmative Defense in this case.

On or about December 5, 2007, Plaintiff filed "Plaintiff's Rule #11 Motion for Sanctions" against Defendants alleging that Defendants violated Rule 11 when they asserted in their Affirmative Defenses to Plaintiff's original Complaint that "Plaintiff cannot maintain his claims because he has failed to fully exhaust administrative appeals available under the Supplemental Agreement Covering Pension Plan." (AD # 3). Exhibit A, attached hereto.

Plaintiff's Motion was promptly denied by the Court on January 29, 2008 (Exhibit B, attached hereto). The Court's Order states:

> "Here, the Plaintiff has failed to establish that the affirmative defenses, which raise the issue of Plaintiff's failure to exhaust, should be stricken. Rather, the affirmative defenses that Plaintiff seeks to strike actually raise substantial questions of fact that the Court cannot and should not resolve on a motion to strike, before the record has been developed by the parties. Whether or not the Plaintiff has met all of ERISA's jurisdictional prerequisites is an issue that the Court can only address based upon a developed factual record and not, as here, simply because a party alleges that he has fully exhausted his administrative remedies. Accordingly, for these reasons, Plaintiff Rule #11 Motion For Sanctions (Doc. 17)-construed as a motion to strike-is due to be **DENIED.**
>
> **IT IS SO ORDERED."**

Exhibit B.

On February 29, 2008, Plaintiff filed an Amended Complaint (Exhibit C, attached hereto). Defendants' filed their Answer and Affirmative Defenses to the Amended Complaint on March 17, 2008, again raising the same Affirmative Defense of failure to exhaust remedies (Exhibit D, attached hereto).

On April 16, 2008, Plaintiff filed a "Renewed Motion" to strike Defendants' Affirmative Defense based on his failure to exhaust administrative remedies, making the same arguments as in his initial Motion. However, in his Renewed Motion, Plaintiff relies on Federal Rule of Civil Procedure 12(f), which provides:

> "**Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days

after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

For all the reasons that follow, Plaintiff's Renewed Motion must be denied in its entirety.

STATEMENT OF FACTS

The GM/UAW Supplemental Agreement covering Pension Plan contains, at Appendix D, Section K, the appeal procedure available to participants to contest computation of their pension benefits or partial or complete suspension of their pension benefits:

1.      Any employee who disputes a determination with respect to such employee's...(iii) computation of pension benefits or supplements under the Pension Plan, (iv) partial or complete suspension of supplements...may file with the Center a written claim on form BA 1, "Employee Claim to Pension Committee". Such claim shall be filed within 60 days, including the 60th day, or receipt of such determination.

2.      In all cases where the employee has filed a claim on form BA 1, the Pension Committee shall review such claim with the employee, return one copy of form BA 1 to the employee with a written answer to the claim and, if the claim is rejected, the reasons therefor.

3.      If the employee is not satisfied with the answer, such employee may request the Pension Committee, in writing on form BA 1, to refer the case to the Board for decision. Such claim shall be filed with the Pension Committee within 60 days, including the 60th day, of the employee's receipt of such answer. The Pension Committee shall then forward form BA 1, with material pertinent to the case and the answer to the employee's claim, to the Board.

4.      If the Pension Committee should fail to agree upon the disposition of any application or authorization, or of any claim filed by an employee, the case shall be referred to the Board for determination on form BA 2, "Notice of Appeal to Board of Administration." A written signed statement setting forth all the facts and circumstances surrounding the case, and any material pertinent to the case, shall accompany the referral. Such statement may be submitted jointly by the members of the Pension Committee or separate signed statements may be submitted provided such statements are exchanged by the Pension Committee members prior to being submitted to the Board.

5.      All material with respect to cases referred to the Board shall be submitted in duplicate and shall be mailed to the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarters, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.

6.      The Board shall advise the Pension Committee in writing of the disposition of any case referred to the Board by the Pension Committee. The Pension Committee shall forward a copy of such disposition to the employee.

- 3 -

7.      Forms BA 1 and BA 2 for each appeal must be requested from the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarters, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000. (Defs.' Cross Motion for Summary Judgment, Ex D at 117-118).

In the present case, Plaintiff failed to utilize the above appeal procedure. He never submitted the designated form, or any other documents, to the Secretary of the Pension Board of Administration as required under the procedure.   Instead, Plaintiff mailed letters to the Plan Administrator and the GM Benefits & Service Center on June 16, 2007 (45 pages), June 25, 2007 (55 pages) and July 11, 2007 (106 pages) (plus attachments) (*See* Pl. Rule #11 Motion for Sanctions, Exs I, J, K).

## LAW AND ARGUMENT

I.      Plaintiff's Renewed Motion is Untimely

Unlike his earlier Motion which was brought under Federal Rule of Civil Procedure 11 and denied by the Court, Plaintiff brings his current Motion under Federal Rule of Civil Procedure 12(f). First, Plaintiff should not get two bites at the apple on this issue simply by relying on and citing a different court rule. The Court has already ruled on this matter and Plaintiff is bound by that ruling.

Moreover, Plaintiff does not cite the language of Rule 12(f) correctly. (Pl. Renewed Motion, p. 8).  He also erroneously asserts that, because Defendants can respond to his Amended Complaint, this somehow means that he "can bring this motion under Rule 12(f) more than 20 days, in contrast to within 20 days, after plaintiff was served with Defendants's [sic] Answer to Plaintiff's Amended Complaint." (Pl's Renewed Motion, p. 8).  The correct language and interpretation of Rule 12(f) however, mandates that Plaintiff should have filed his Renewed Motion "within 20 days after the service of the pleading," i.e., the Defendants' Answer and Affirmative Defenses to his Amended Complaint.  Contrary to Plaintiff's interpretation of the Rule, it is not whether *Defendants* can file a response to his Amended Complaint, but whether *he* can respond to Defendants' Answer and Affirmative Defenses.  The "pleading," as intended by Rule 12(f), is the pleading which contains the allegedly offensive allegation and which the opposing party seeks to strike.

Plaintiff's construction of Rule 12(f) is wholly nonsensical. See Williams v. MacArthur, 2007 WL 64169 (D. Nev. 2007); Moore's Federal Practice 3d, § 12.37[5] ("If a party wishes the court to remove any matter from a pleading, it must move to strike before responding (e.g., filing an answer) or within 20 days of service of the offending pleading.").

Plaintiff's Renewed Motion was filed on April 16, 2008. Undisputedly, the pleading of Defendants to which his Renewed Motion responds is Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint, which were filed on March 17, 2008 (Exhibit A). Twenty days from March 17, 2008 is April 7, 2008. Clearly, therefore, Plaintiff has not filed his current Renewed Motion timely and the Motion should be summarily denied on these grounds.

II.    Defendants Properly Raised the Affirmative Defense of Failure to Exhaust Remedies

Should the Court decide to consider Plaintiff's Motion despite its untimeliness, the Motion is nonetheless without merit and should be denied.

Federal Rule of Civil Procedure 8(c) provides:

> "**Affirmative Defenses**. In pleading to a preceding pleading, a party **shall** set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, **and any other matter constituting an avoidance or affirmative defense...**". (Emphasis added)

Clearly, it was entirely proper and in compliance with the Rules of Civil Procedure for Defendants to plead the Affirmative Defense of Failure to Exhaust Administrative Remedies in their responsive pleadings. Moreover, Defendants would have risked waiving this defense had it never been raised. See, Engers v. AT & T, 428 F.Supp.2d 213, 226-228 (D. N.J. 2006); Legal Aid Society v. City of New York, 114 F.Supp.2d 204, 222 (S.D.N.Y. 2000).

Plaintiff's attempt to strike Defendants' Affirmative Defense as "insufficient" under Federal Rule of Civil Procedure 12(f) is without merit. It is well-settled that motions to strike are disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to the other party. Motions to strike will not be granted unless the insufficiency of

the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits. See Resolution Trust Corp. v. Williams, 1994 WL 477231 (D. Kan. 1994). Further, Rule 12(f) motions are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal court. Rosales v. Citibank, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001). The court must view the challenged pleading in the light most favorable to the pleader, i.e., Defendants, treating as admitted all material facts alleged and all reasonable presumptions that can be drawn therefrom. *Id.*

Courts also disfavor motions to strike because it proposes a drastic remedy. Moore's Federal Practice, 3d, § 12.37. The movant must make a strong showing to succeed in striking an affirmative defense, and the affirmative defense should be stricken only when it is insufficient on the face of the pleadings. Id. If sufficiency of the defense depends on disputed questions of fact or questions of law, a motion to strike should not be granted. *Id.*

In this case, not only must the Court look beyond the pleadings to determine the sufficiency of Defendants' exhaustion defense, thereby making Plaintiff's Motion improper, but, as shown below, the Affirmative Defense is unequivocally a meritorious one that must be allowed to stand.

III.    The Appeal Procedure contained in the GM Supplemental Agreement to the Pension
        Plan Applies to Plaintiff

Just as he did in his original Motion, Plaintiff, in his Renewed Motion, erroneously contends that he does not meet the definition of "employee" under the Supplemental Agreement Covering Pension Plan and therefore was not required to exhaust his administrative remedies prior to filing suit (Pl. Renewed Motion at pp. 9-20). Such a claim has no merit and once again should be rejected by the Court.

Section 503 of ERISA, 29 U.S.C. § 1133, requires every employee benefit plan to include a procedure affording participants review of an adverse decision of a claim for benefits. The law is clear that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court. Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1328 (11th Cir.2006). This exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA

itself. Id. (citations omitted). Exhaustion of administrative remedies is a jurisdictional defense that when proven results in dismissal of the plaintiff's claims. Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla.1995). The 11th Circuit strictly enforces the exhaustion requirement on ERISA claims with certain caveats reserved for exceptional circumstances. Perrino v. Southern Bell Telephone & Telegraph Co., 209 F.3d 1309, 1315 (11th Cir.2000).

As stated above, Plaintiff claims the appeal procedure in the Supplemental Agreement Covering Pension Plan does not apply to him because he is not an "employee." Contrary to his belief, courts have found that the appeal procedure contained in the Supplemental Agreement applies to retirees and even other non-employees despite those individuals not being specifically identified in the appeal procedure.[1]

Furthermore, an examination of the appeal procedure itself shows it is applicable to retirees. Many of the appealable issues identified in the Supplemental Agreement are clearly issues which would only impact a retiree. These issues include: computation of pension benefits or supplements under the Pension Plan; partial or complete suspension of supplements; and credited service under the Pension Plan (Defs.'Cross Motion for Summary Judgment, Ex. D at 117). Despite his attempts to wriggle out from the appeal procedure in the Supplemental Agreement, the appeal procedure is applicable to Plaintiff and had to be exhausted before he filed this present action.

Plaintiff also claims that Defendants cannot rely upon the summary plan description ("SPD") to show he failed to exhaust his administrative remedies because the SPD was never integrated into the Plan (Pl. Motion for Summary Judgment at 24-25). However, the SPD also contains an appeal procedure:

---

[1]    See Pitchford v. General Motors Corp., 248 F.Supp.2d 675, 678 fn.1 (W.D. Mich.2003) (Even if former employee properly brought his claims under ERISA, such claims would have failed because he failed to exhaust his administrative remedies under Section K of Appendix D under the Plan); Lloyd v. General Motors Hourly Rate Employees Pension Plan, et al., 1 Fed.Appx 789, 790 (10th Cir. 2001) (Retiree's claims dismissed because he failed to exhaust the administrative remedies available to him.); Duncan v. General Motors Corp., 2006 WL 375343 (W.D.Ark. 2006) (Surviving spouse who sought benefits had her case terminated to enable her to exhaust her administrative remedies under the Supplemental Agreement Covering Pension Plan).

If you do not agree with a GM decision that has been made with respect to (1) your age, (2) the amount of your credited service, or (3) the computation of your benefits, you may appeal this decision to your local pension committee. If (1) the local pension committee is unable to agree on your appeal, or (2) the committee agrees but you do not, your case may be referred to the GM-UAW Pension Board of Administration. If the Board members fail to agree, the Board may appoint an impartial chairman to resolve the dispute. The decision of the (1) Board, or (2) impartial chairman, will be binding on all parties. (Defs.' Cross Motion for Summary Judgment, Ex E).

Plaintiff's pension benefits are payable under the GM Pension Plan, incorporated within the Supplemental Agreement Covering Pension Plan, and he is subject to, and must utilize, the appeal procedure set forth at Section K of the Supplemental Agreement. Plaintiff should be in the same position as other GM retirees who have attempted to sue Defendants without exhausting their administrative remedies and hence, his claims should be dismissed.

IV.    Plaintiff Failed to Exhaust his Remedies

Even if Plaintiff is correct, which he is not, and Defendants failed to comply with the technical requirements of ERISA by not delineating an appeal procedure, it still does not excuse Plaintiff's failure to exhaust his administrative remedies.

In Perrino v. Southern Bell Telephone & Telegraph Co., *supra*, the plaintiffs attempted to claim they were excused from exhausting their administrative remedies because the defendants failed to comply with ERISA by providing a summary plan description or a formal claims procedure. The court soundly rejected this argument, holding that non-compliance with ERISA does not excuse a retiree's duty to exhaust his administrative remedies:

> We find Appellants' arguments unpersuasive. After reviewing the relevant federal regulations and our prior precedent, we decline to create an exception to the exhaustion requirement in this case.
>
> *  *  *  *
>
> Our prior precedent makes clear that the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy.

Perrino, 209 F.3d at 1316-1317.

The result should be no different in this case. Although Plaintiff sent multiple letters to GM's Service & Benefit Center and the Plan Administrator, apparently in an attempt to exhaust administrative remedies, he did not follow the proper procedure set forth in the Supplemental

Agreement and in the Summary Plan Description. Thus, Plaintiff failed to exhaust his administrative remedies before filing suit and as explained below, his claims should be dismissed.

In the present case, Plaintiff was a participant in the GM Pension Plan. That Plan is incorporated within the Supplemental Agreement covering Pension Plan. Both documents were collectively bargained between General Motors and the International Union, UAW. Appendix D of the Supplemental Agreement contains the detailed procedure for employees to contest decisions with which they disagree, including computation of pension benefits and/or partial or complete suspension of payments (*See* Section I(B); Defs.' Cross Motion for Summary Judgment, Ex. D at 117). By law Plaintiff had to exhaust this procedure before filing the instant suit. If not, his suit can be dismissed. *See* Section II(A), *supra*.

The appeal procedure in the Supplemental Agreement Covering Pension Plan is very specific. All appeals must be submitted on the designated form and mailed to the Secretary, Pension Board of Administration (Defs.' Cross Motion for Summary Judgment, Ex. D at 118). Here, Plaintiff sent letters to the GM Benefits & Service Center and the Plan Administrator. That is not the proper procedure. Plaintiff was required to strictly comply with the appeal procedure contained in the GM/UAW Supplemental Agreement Covering Pension Plan if he wished to challenge Defendants' decision to recover an overpayment by reducing his pension. Plaintiff's failure to exhaust his administrative remedies should result in the dismissal of his claims.[2]

## CONCLUSION

Plaintiff's Renewed Motion is untimely as it was filed more than 20 days after Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint. In addition,

---

[2]    Pitchford v. General Motors Corp., 248 F. Supp.2d 675, 678 fn.1 (W.D. Mich.2003)(Even if former employee properly brought his claims under ERISA, such claims would have failed because he failed to exhaust his administrative remedies under Section K of Appendix D under the Plan); Lloyd v. General Motors Hourly Rate Employees Pension Plan, et al., 1 Fed. Appx 789, 790 (10th Cir. 2001) (Retiree's claims dismissed because he failed to exhaust the administrative remedies available to him.); Duncan v. General Motors Corp., 2006 WL 375343 (W.D. Ark. 2006) (Surviving spouse who sought benefits had her case terminated to enable her to exhaust her administrative remedies under the Supplemental Agreement Covering Pension Plan).

Plaintiff's Motion is improper where it cannot be decided solely by looking at the pleadings. Further, Defendants' Affirmative Defense is properly raised and should be allowed to stand where the evidence beyond the pleadings clearly shows that Plaintiff failed to exhaust his remedies.

WHEREFORE, Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defense should be denied and Defendants should be awarded any and all applicable costs, sanctions and attorney fees for having to defend this Motion.

Respectfully submitted:

/s/ David M. Davis
David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
Fax Number: (248) 645-2602
E-Mail: dmd@hardylewis.com

Dated: April 28, 2008
00206050 WPD

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

        Plaintiff,

                                                        Case No. 5:07-CV-408 OC

vs.

                                                        Hon. William Terrell Hodges
GENERAL MOTORS HOURLY-RATE                  Magistrate Judge Gary R. Jones
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

        Defendants.
_____/

CERTIFICATE OF SERVICE

        I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and

the Notice of Electronic Filing by first-class mail to the following non-CM/ECF participant:

Walter J. Lawrence, 3101 SW 34th Avenue, # 905, Ocala, Florida 34474.

                                            /s/ David M. Davis
                                          David M. Davis (MI Bar No. P24006)
                                          Attorney for Defendants
                                          Hardy, Lewis & Page, P.C.
                                          401 South Old Woodward Avenue, Ste. 400
                                          Birmingham, Michigan 48009
                                          Telephone: (248) 645-0800
                                          Fax Number: (248) 645-2602
                                          E-Mail: dmd@hardylewis.com

Dated: April 28, 2008