UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

        Plaintiff,

vs.

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

        Defendants.

Case No. 5:07-CV-408 OC

Hon. William Terrell Hodges
Magistrate Judge Gary R. Jones

---

Walter J. Lawrence, In Pro Per
3101 SW 34th Avenue, # 905
Ocala, Florida 34474

David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

Cynthia L. May (0029297)
Co-Counsel for Defendants
Greenberg Taurig, P.A.
625 E. Twiggs Street, Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700

---

**DEFENDANTS' ANSWER AND BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT RE: AMENDED COMPLAINT**

David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI 48009
Telephone: (248) 645-0800

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    The Events That Led to the Overpayment of Pension Benefits to Plaintiff in the Amount of $32,985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Description of the Available Appeal Procedure Under the General Motors Hourly-Rate Employees Pension Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    II.    The Summary Plan Description is Binding . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    III.   Defendants Did Not Violate the Notification Provision of ERISA . . . . . . . . . . . 9
    IV.   The Arbitrary and Capricious Standard of Review Applies to the Review of Determinations Made Under the GM Pension Plan . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION AND RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **INDEX OF AUTHORITIES**

Legal Decisions

Adams v. Thiokol Corporation,
231 F.3d 837 (11th Cir. 2000) .................................................. 11, 12

Alday v. Container Corp.,
906 F.2d 660 (11th Cir. 1990) ...................................................... 7, 8

Campbell v. Chevron Phillips Chemical Co.,
2006 WL 2380896 (E.D.Tex. 2006) ................................................ 8

Carnaghi v. Phoenix American Life Insurance Company,
238 F.Supp. 1373 (N.D.Ga. 2002) ................................................ 12

Firestone Tire and Rubber Co. v. Bruch,
489 U.S. 101 (1989) ...................................................................... 10

Hardt v. Reliance Standard Life Ins. Co.,
494 F. Supp.2d 391 (E.D. Va. 2007) ............................................. 10

Hawkins-Dunn v. General Motors Corp.,
225 Fed.Appx. 358 (6th Cir.2007) (copy attached) ...................... 11

Lord v. General Motors Corp.,
39 F.3d 1182 (6th Cir. 1994) (unpublished, copy attached) ......... 11

Neathery v. Chevron Texaco Corp.,
2006 WL 4690902 (S.D. Cal. 2006) .............................................. 10

Perrino v. Southern Bell Telephone & Telegraph Co.,
209 F.3d 1309 (11th Cir. 2000) ...................................................... 6

Roberson v. General Motors Corporation,
801 F.2d 176 (6th Cir. 1986) ........................................................ 11

Shaw v. Connecticut General Life Ins. Co.,
353 F.3d 1276 (11th Cir. 2003) .................................................. 8, 9

Slomcenski v. Citibank, N.A.,
432 F.3d 1271 (11th Cir. 2005) ...................................................... 8

Statutory Authority

Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ..................... 1

ERISA, 29 U.S.C. § 1022(a) ......................................................... 7

ERISA, 29 U.S.C. § 1024(b) .................................................... 7

ERISA, 29 U.S.C. § 1102(a)(1) ................................................. 7

ERISA, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ............................... 11

Federal Regulations

29 C.F.R. § 2520.102-2 ......................................................... 7

29 C.F.R. § 2560.503-1(b) ...................................................... 6

29 C.F.R. § 2560.503-1(f) ...................................................... 9

29 C.F.R. § 2560.503-1(l) ...................................................... 9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

        Plaintiff,

vs.

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

        Defendants.

Case No. 5:07-CV-408 OC

Hon. William Terrell Hodges
Magistrate Judge Gary R. Jones

---

Walter J. Lawrence, In Pro Per
3101 SW 34th Avenue, # 905
Ocala, Florida 34474

David M. Davis (MI Bar No. P24006)
Mark D. Filak (MI Bar No. P61633)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

Cynthia L. May (0029297)
Co-Counsel for Defendants
Greenberg Taurig, P.A.
625 E. Twiggs Street, Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700

---

**DEFENDANTS' ANSWER AND BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT RE: AMENDED COMPLAINT**

INTRODUCTION

      Plaintiff, Walter Lawrence, filed his original Complaint in this matter on October 9, 2007, alleging that Defendants violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. by reducing his pension benefits following payment by General Motors Corporation of an outstanding IRS tax levy incurred by Plaintiff.

      Defendants filed their Answer and Affirmative Defenses thereto on November 16, 2007. In Affirmative Defense No. 3, Defendants asserted that "Plaintiff cannot maintain his claims because

he has failed to fully exhaust administrative appeals available under the Supplemental Agreement Covering Pension Plan."

On February 12, 2008, Plaintiff filed his initial Motion for Summary Judgment. Shortly thereafter, on February 29, 2008, Plaintiff filed an Amended Complaint. The amendments included a substantial number of additional factual allegations, but the legal causes of action asserted in the Amended Complaint are essentially the same as in the original Complaint, with the exception of additional claims in Count II of the Amended Complaint wherein Plaintiff contends that he was denied adequate notice of and opportunity to respond to the denial of his pension benefit claims and a "full and fair review"(Amended Complaint, Paras. 58-60).

On March 7, 2008, Defendants filed a Response in Opposition to Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment (hereafter, Defs' Cross-Motion for Summary Judgment). Both Plaintiff's initial Motion for Summary Judgment and Defendants' Cross-Motion remain pending for decision by the Court.

On March 17, 2008, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint. Again, in Affirmative Defense No. 3, Defendants asserted that "Plaintiff cannot maintain his claims because he has failed to fully exhaust administrative appeals available under the Supplemental Agreement Covering Pension Plan."

Now, on April 28, 2008, Plaintiff has filed yet another Motion for Summary Judgment regarding his Amended Complaint. Defendants respond to this latest Motion as follows:

STATEMENT OF FACTS

    A.    The Events That Led to the Overpayment of Pension Benefits to Plaintiff in the Amount of $32,985

The complete, relevant facts have already been presented to the Court in Defendants' initial Brief in Opposition to Plaintiff's first Motion for Summary Judgment and Cross-Motion for Summary Judgment. Therefore, a condensed version of the facts follows simply to refresh the Court's recollection of this case.

- 2 -

Plaintiff is a former General Motors hourly employee whose terms and conditions of employment were governed by the GM-UAW Collective Bargaining Agreements, and its Supplemental Agreements. Plaintiff retired from General Motors with benefits commencing on March 1, 1993. Upon his retirement Plaintiff began receiving a monthly pension benefit of $1,045.50 per month.

In 1999 GM received a notice from the Internal Revenue Service ("IRS") that Plaintiff had failed to pay his income taxes in 11 different years. Plaintiff's failure to pay his income taxes resulted in a tax liability and penalties of over $267,000.00 (Defs.' Cross-Motion for Summary Judgment, Ex A). The IRS' notice included a levy against Plaintiff's pension benefits. Based on the levy, GM remitted Plaintiff's monthly pension benefits to the IRS, thereby reducing Plaintiff's monthly benefit to $0.00.

In 2005 the Plan switched claims administrators from Electronic Data Systems Corporation ("EDS") to Fidelity Investments Institutional Operations Company, Inc., ("Fidelity"). In approximately January 2005, due to a mis-communication between EDS and Fidelity, Plaintiff's monthly pension benefit of $1,045.50 was restored. However, Fidelity continued to remit to the IRS $1,099.50 per month on behalf of Plaintiff to satisfy his tax liability, without concurrently reducing his pension. Fidelity continued to make these payments to the IRS without the concurrent deduction from Plaintiff's pension benefits until June 2007, when the error was discovered. In total, $32,985.00 was paid to the IRS, thus resulting in an overpayment to Plaintiff in that amount.

On May 14, 2007 the Fidelity / GM Benefits & Service Center advised Plaintiff of the overpayment and informed him of the steps to be taken to recover the overpayment. (Defs.' Cross-Motion for Summary Judgment, Ex B.)

Effective July 1, 2007, Plaintiff's monthly pension benefit was reduced to $0.00 to recoup the overpayments. Id. Subsequently, on September 5, 2007, Plaintiff was informed that he would

receive 50% of his pension until the overpayment was recouped. (Defs.' Cross-Motion for Summary Judgment, Ex C).

     B.    Description of the Available Appeal Procedure Under the General Motors Hourly-Rate Employees Pension Plan

The GM/UAW Supplemental Agreement Covering Pension Plan contains, at Appendix D, Section K, the appeal procedure available to participants to contest computation of their pension benefits or partial or complete suspension of their pension benefits:

> 1.    Any employee who disputes a determination with respect to such employee's...(iii) computation of pension benefits or supplements under the Pension Plan, (iv) partial or complete suspension of supplements...may file with the Center a written claim on form BA 1, "Employee Claim to Pension Committee". Such claim shall be filed within 60 days, including the 60th day, or receipt of such determination.
>
> 2.    In all cases where the employee has filed a claim on form BA 1, the Pension Committee shall review such claim with the employee, return one copy of form BA 1 to the employee with a written answer to the claim and, if the claim is rejected, the reasons therefor.
>
> 3.    If the employee is not satisfied with the answer, such employee may request the Pension Committee, in writing on form BA 1, to refer the case to the Board for decision. Such claim shall be filed with the Pension Committee within 60 days, including the 60th day, of the employee's receipt of such answer. The Pension Committee shall then forward form BA 1, with material pertinent to the case and the answer to the employee's claim, to the Board.
>
> 4.    If the Pension Committee should fail to agree upon the disposition of any application or authorization, or of any claim filed by an employee, the case shall be referred to the Board for determination on form BA 2, "Notice of Appeal to Board of Administration." A written signed statement setting forth all the facts and circumstances surrounding the case, and any material pertinent to the case, shall accompany the referral. Such statement may be submitted jointly by the members of the Pension Committee or separate signed statements may be submitted provided such statements are exchanged by the Pension Committee members prior to being submitted to the Board.
>
> 5.    All material with respect to cases referred to the Board shall be submitted in duplicate and shall be mailed to the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarters, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.
>
> 6.    The Board shall advise the Pension Committee in writing of the disposition of any case referred to the Board by the Pension Committee. The Pension Committee shall forward a copy of such disposition to the employee.

> 7. Forms BA 1 and BA 2 for each appeal must be requested from the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarters, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.

Defs.' Cross-Motion for Summary Judgment, Ex D at pp. 117-118.

In the present case, Plaintiff failed to utilize the above appeal procedure. He never submitted the designated form, or any other documents, to the Secretary of the Pension Board of Administration as required under the procedure. Instead, Plaintiff mailed letters to the Plan Administrator and the GM Benefits & Service Center on June 16, 2007 (45 pages), June 25, 2007 (55 pages) and July 11, 2007 (106 pages) (plus attachments) (*See* Pls' Rule # 11 Motion for Sanctions, Exs I, J, K).

LEGAL ARGUMENT

In his present Motion, which is extremely repetitive in its unfounded factual and legal allegations, and, to the extent Defendants comprehend his convoluted claims, Plaintiff now takes the position that he had no obligation to exhaust his administrative remedies because 1) Defendants had no procedures in place pursuant to which he could pursue his benefit claim; 2) the parties never entered into a "written authorization" which permitted Defendants to "alienate" Plaintiff's pension benefits; and 3) Defendants allegedly never responded to Plaintiff's "administrative claims of appeal" on three alleged occasions. Because of these alleged violations of ERISA, Plaintiff maintains that he should be "deemed" to have exhausted his administrative remedies such that his civil lawsuit may be maintained. In fact, Plaintiff asserts that "deemed exhausted" is the *standard of review* that should be applied in this case. (Pl's Motion, p. 2)

   I.   Defendants Had Clear and Specific Procedures Pursuant to Which Benefit Claims Could Be Appealed

In the present case, Plaintiff asserts that "defendants' [sic] failed to have any procedures through which plaintiff could have pursued his benefit claim." (Pl's Motion, p. 4). To the contrary, Defendants' Pension Plan fully complies with the ERISA Regulations which mandate that an employee benefit plan establish and maintain "reasonable procedures governing the filing of benefit

- 5 -

claims, notification of benefit determinations, and appeal of adverse benefit determinations." 29 C.F.R. § 2560.503-1(b). Because Plaintiff's allegations pertain only to his appeal of an adverse benefit decision, the applicable provision for appeals is set forth above in The GM-UAW Supplemental Agreement Covering Pension Plan, Appendix D, Section K. Defendants' ERISA-mandated appeal procedures are unassailable in this case. In addition, contrary to Plaintiff's argument, these procedures existed long before Plaintiff filed his suit for benefits in federal court (Pl's Brief, p. 4).

Even if Plaintiff is correct, which he is not, and Defendants failed to comply with the technical requirements of ERISA by not delineating an appeal procedure, it still does not excuse Plaintiff's failure to exhaust his administrative remedies.

In Perrino v. Southern Bell Telephone & Telegraph Co., 209 F.3d 1309 (11th Cir. 2000), the plaintiffs attempted to claim they were excused from exhausting their administrative remedies because the defendants failed to comply with ERISA by providing a summary plan description or a formal claims procedure. The Court soundly rejected this argument, holding that non-compliance with ERISA does not excuse a retiree's duty to exhaust his administrative remedies:

> We find Appellants' arguments unpersuasive. After reviewing the relevant federal regulations and our prior precedent, we decline to create an exception to the exhaustion requirement in this case.
> * * * *
> Our prior precedent makes clear that the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy.

209 F.3d at 1316-1317.

The result should be no different in this case. Although Plaintiff sent multiple letters to GM's Service & Benefit Center and the Plan Administrator, apparently in an attempt to exhaust administrative remedies, he did not follow the proper procedure set forth in the Supplemental Agreement and in the Summary Plan Description. Thus, Plaintiff failed to exhaust his administrative remedies before filing suit and his claims should be dismissed.

- 6 -

## II. The Summary Plan Description is Binding

Next, Plaintiff alleges that he should be deemed to have exhausted his administrative remedies because he appealed the denial of his claims by using the addresses contained in the Summary Plan Description ("SPD"). He asserts that not only is the SPD a document which was not agreed to, negotiated by the Defendants or incorporated into the Pension Plan, but contends Defendants have "rejected" the SPD and therefore, his reliance on those addresses should be excused (Pl's Motion, pp. 3-4). Plaintiff could not be more wrong.

First, SPDs are *required* to be maintained and furnished to every plan participant and beneficiaries. ERISA, 29 U.S.C. § 1102(a)(1); 29 U.S.C. § 1024(b). SPDs are also required to be filed in compliance with ERISA's reporting and disclosure requirements. It is the "statutorily established means of informing participants of the terms of the plan and its benefits." 29 U.S.C. §§ 1022(a) and 1102; 29 C.F.R. § 2520.102-2. SPDs are generally considered part of the ERISA plan documents. Alday v. Container Corp., 906 F.2d 660, 665 (11th Cir. 1990).

In addition, the SPD in this case specifically states in its preamble that "This booklet summarizes all of the outstanding benefit plans covering you and your family. Changes resulting from the GM-UAW negotiations are included in the benefit program descriptions contained in this booklet." (AR p.92)[1] Not only is the SPD a summary of the Pension Plan itself, but contrary to Plaintiff's belief, it is not an "amendment" to the Plan that must be negotiated or agreed to. Nonetheless, the SPD specifically states:

> "The GM-UAW Pension Board of Administration and the GM-UAW SUB and GIS Boards of Administration have reviewed and approved the explanatory material related to pensions, supplemental unemployment benefits and guaranteed income stream benefits, respectively. The International Union, UAW, has reviewed and approved the material related to life and disability and health care coverages, the Profit Sharing Plan and the Personal Savings Plan."

---

[1] AR refers to the Administrative Record filed in this case.

09-50026-mg    Doc 4202-5    Filed 10/05/09    Entered 10/08/09 16:25:45    Exhibit D
Pg 12 of 18

(AR p. 94) Plaintiff erroneously allege that the SPD terms were not "negotiated," when it fact the SPD is simply a summary of the *negotiated* Pension Plan terms.

Plaintiff relies on Shaw v. Connecticut General Life Ins. Co., 353 F.3d 1276 (11th Cir. 2003), and Slomcenski v. Citibank, N.A., 432 F.3d 1271 (11th Cir. 2005), for the proposition that the SPD is not part of the underlying Pension Plan. In Shaw, the underlying plan did not grant the administrator discretionary authority to decide claims for benefits, but the SPD did grant such authority. However, the plan expressly provided for an "amendment" procedure and also contained an "integration clause" precluding changes unless done in compliance with the amendment procedure. The court held that because the employer and insurance company in Shaw did not follow the amendment procedure and there was "integration" language, they could not rely on the discretionary language provision contained in the SPD. Id. at 1284.

Shaw is easily distinguished Here the grant of discretionary authority in this case is clearly spelled out in the Pension Plan itself (Defs.' Cross-Motion for Summary Judgment, Ex D, p. 9). Similarly, in Slomcenski, the disputed language was present in the SPD but not in the underlying or original disability benefits plan. The Slomcenski court, although acknowledging the holding in Shaw, *supra*, nonetheless held that the "SPD is sufficiently formal to meet the amendment procedure requirements of the both [sic] ERISA and our circuit..." Id. at 1279. Therefore, Slomcenski does not support Plaintiff's position in this case. See also, Campbell v. Chevron Phillips Chemical Co., 2006 WL 2380896 (E.D.Tex. 2006) (summary plan descriptions are considered ERISA documents, and may serve as a written plan the terms of which are binding, citing Alday v. Container Corp., *supra*, 906 F.2d 660, 665 (11th Cir. 1990).

Finally, Plaintiff's argument that the Pension Plan contains a "zipper clause" which does not provide for an SPD is wholly meritless, where, as stated above, SPDs are a *requirement* under ERISA.

- 8 -

### III. Defendants Did Not Violate the Notification Provision of ERISA

Finally, Plaintiff relies on the "deemed exhausted" language based on his misguided belief that Defendants did not timely respond to his appeals, allegedly in violation of 29 C.F.R. § 2560.503-1(f) which states that "the plan administrator shall notify the claimant...of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan, unless the plan administrator determines that special circumstances require an extension of time for processing the claim..." Id. In the present case, Plaintiff contends that Defendants did not respond at all to his appeals, and therefore "the 90 day time period was ignored." (Pl's Motion, p. 2-3). However, this argument is without merit because Defendants have no legal obligation to respond to improperly submitted appeals. Plaintiff did not file his appeals according to the correct procedure, thereby obviating Defendants' need to comply with 29 C.F.R. § 2560.503-1(f). The language in the Regulation is clear that, for the ninety day period to apply, there must be "receipt of the claim by the plan." This presupposes that the claim must be properly submitted to the appropriate entity in order to entitle the claimant to the notification period set forth in Section 2560.503-1(f). Because Plaintiff did not properly follow the claim procedures, he cannot justifiably rely on the ninety day notice of denial period.

### IV. The Arbitrary and Capricious Standard of Review Applies to the Review of Determinations Made Under the GM Pension Plan

Because Shaw does not govern the facts of this case, the discretionary authority granted to the Plan administrator must be honored by the court, unless the administrator's decision is determined to have been arbitrary or capricious. The arbitrary and capricious standard of review applies in this case.

First, it must be pointed out that Plaintiff argues that the applicable standard of review in this case is the 'deemed exhausted' standard. However, the "deemed exhausted" principle is not a standard of review, but is a Department of Labor Regulation implemented in 2000 and applicable to ERISA claims filed on or after January 1, 2002. 29 C.F.R. § 2560.503-1(l). The Regulation provides:

> (l) Failure to establish and follow reasonable claims procedures. In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502 (a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

Moreover, contrary to Plaintiff's claim, it remains proper for the Court to apply the "abuse of discretion" standard of review when reviewing the administrative record even if the plaintiff is deemed to have exhausted his administrative remedies. See e.g., Hardt v. Reliance Standard Life Ins. Co., 494 F. Supp.2d 391 (E.D. Va. 2007); Neathery v. Chevron Texaco Corp., 2006 WL 4690902 (S.D. Cal. 2006).

In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the United States Supreme Court defined the standard of review applicable to an administrator's decision to deny benefits under an ERISA-covered plan:

> [A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Id. at 115.

The Court reasoned that general principles of trust law should govern the choice of the standard of review. Because a trustee's discharging of his duties under a trust agreement is accorded deferential treatment only when the instrument grants the trustee discretion, the Court concluded that deference to an administrator's decision is appropriate when discretion is delegated to the decision maker. Id. at 108-15.

The GM-UAW Supplemental Agreement Covering Pension Plan delegates to the Board of Administration the responsibility for considering appeals arising from a denial of benefits, such as in this case. The parties have collectively bargained that decisions of the Board of Administration are final and binding on the Union and its members, the employee or employees involved, and on General Motors:

> (9)    There shall be no appeal from any ruling by the Board which is within its authority. Each such ruling shall be final and binding on the Union, its members, the employee or employees involved, and on the Corporation, subject only to the

- 10 -

arbitrary and capricious standard of judicial review. (Defs.' Cross-Motion for Summary Judgment, Ex D at pp. 9-10).

Three decisions have considered the applicable standard of review for determinations made by the Board under the above procedures. In <u>Lord v. General Motors Corp.</u>, 39 F.3d 1182 (6th Cir. 1994) (unpublished, copy attached) the Court reviewed the decision of the Pension Board of Administration which denied a claim under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). The Court explained:

> Section 502(a)(1)(B) of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B), provides the exclusive remedy for a person seeking to clarify his rights and benefits under an ERISA-covered employee benefit plan. The "arbitrary and capricious" standard of review applies when a plan affords the administrator discretionary authority to construe the terms of the plan or to determine eligibility. Here, Section 3(a) of the Supplemental Agreement Covering Pension Plan empowered the Board of Administration to make final decisions regarding matters within its authority. In addition, Section 3(c) authorized the Board of Administration to formulate procedures for resolving disputes. The procedures enacted generally provided that independent doctors were to make final and binding determinations concerning benefit eligibility. Therefore, in view of this discretionary authority vested in the administrator, the "arbitrary and capricious" standard applies. <u>Lord</u>, slip opinion at p.2 (citations omitted)

Similarly, in <u>Roberson v. General Motors Corporation</u>, 801 F.2d 176 (6th Cir. 1986), the Court reviewed a section 502(a)(1)(B) claim for benefits arising from a decision under the GM Pension Plan. Again the Court explained that the standard of review was whether the determination was arbitrary and capricious:

> The district court properly concluded that the appropriate standard of review of the board's denial of disability pension benefits to appellant is whether such action was arbitrary or capricious. "The standard for court review of a determination to deny pension benefits is whether the denial was arbitrary, capricious, or in bad faith." <u>Id.</u> at 180 (citations omitted).

*See also* <u>Hawkins-Dunn v. General Motors Corp.</u>, 225 Fed.Appx. 358, 360 (6th Cir.2007) (Court found that the GM Pension Plan "gives the plan administrator authority to construe the terms of the plan, courts will only overturn the administrator's decision if it is arbitrary and capricious.")

The Eleventh Circuit has taken the same approach. In <u>Adams v. Thiokol Corporation</u>, 231 F.3d 837 (11th Cir. 2000), the Court explained the application of <u>Firestone</u>:

> In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court discussed the appropriate standard of review in 29

> U.S.C. § 1132(a)(1)(B) actions challenging a denial of benefits based on plan interpretations. A review under the arbitrary and capricious standard is appropriate where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bruch*, 489 U.S. at 115, 109 S.Ct. 948. However, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.' " *Id.* (quoting Restatement (Second) of Trusts § 187, Comment *d* (1959)). "[T]he beneficiary need only show that the fiduciary allowed himself to be placed in a position where his personal interest *might* conflict with the interest of the beneficiary." *Brown v. Blue Cross and Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1565 (11th Cir.1990) (quoting *Fulton Nat'l Bank v. Tate*, 363 F.2d 562, 571 (5th Cir.1966) (underlined emphasis added, italicized emphasis in original)).

Id. at 842. Nevertheless, even under the heightened standard, the Court explained that when the issue involves interpretation of a plan provision, if the administrator's interpretation was correct, the inquiry ends:

> Under the heightened standard, we must first determine the legally correct interpretation of the disputed plan provision. *Brown*, 898 F.2d at 1570; *Newell*, 904 F.2d at 651. If the administrator's interpretation was legally correct, the inquiry ends. *Collins v. American Cast Iron Pipe Co.*, 105 F.3d 1368, 1370 (11th Cir.1997). If the administrator's interpretation differs, we must then determine whether the administrator was arbitrary and capricious in employing a different interpretation. *Brown*, 898 F.2d at 1570; *Newell*, 904 F.2d at 651.

Id. at 843. (emphasis added).   See also Carnaghi v. Phoenix American Life Insurance Company, 238 F.Supp. 1373 (N.D.Ga. 2002), where the Court, relying on Eleventh Circuit precedent, explained:

> As the court explained in *Jones [v. Champion International Corporation,* Civil Action No. 00- CV-1186-JOF*]*:
>
> > Under the line of cases dealing with the legal interpretation of the plan, if the administrator's interpretation was legally correct, the inquiry ends because the conclusion would be the same under any of the three standards of review. *See, e.g., Yochum v. Barnett Banks, Inc. Severance Pay Plan*, 234 F.3d 541, 544 (11th Cir.2000) (per curiam); *Collins v. American Cast Iron Pipe Co.*, 105 F.3d 1368, 1370 (11th Cir.1997); *Marecek v. BellSouth Telecommunications, Inc.*, 49 F.3d 702, 705 (11th Cir.1995).

Id. at 1376.

As explained above, in this case the Board of Administrators has the authority to interpret and apply the provisions of the General Motors Hourly-Rate Pension Plan. Thus, the question here

is whether the determination of General Motors was arbitrary and capricious. That question cannot be answered until the Court conducts its review of the Administrative Record.

In summary, the Court's review of determinations made by the Board of Administration under the GM Pension Plan is subject to the arbitrary and capricious standard. Further, Plaintiff cannot avoid the application of this standard merely because he failed to exhaust the available appeal procedure.

CONCLUSION AND RELIEF REQUESTED

Plaintiff's Second Motion for Summary Judgment should be denied. Plaintiff's claims should fail because he failed to exhaust his administrative remedies under the Supplemental Agreement. There was, at all relevant times, a valid, enforceable and binding appeal procedure in place which Plaintiff did not follow. He neither submitted his appeal on the designated form nor did he send his "appeal" to the Secretary, Pension Board of Administration as required by the appeal procedure.

Further, Defendants' Cross Motion for Summary Judgment filed on March 7, 2008 should be granted. Accordingly, Plaintiff's claims should be dismissed in their entirety and Defendants should be awarded any and all applicable costs, sanctions and attorney fees for having to defend this action.

Respectfully submitted:

s/ David M. Davis
David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-mail: dmd@hardylewis.com

Dated: May 12, 2008
00206218.WPD

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

       Plaintiff,

vs.

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

       Defendants.

Case No. 5:07-CV-408 OC

Hon. William Terrell Hodges
Magistrate Judge Gary R. Jones

---

| | |
|---|---|
| Walter J. Lawrence, In Pro Per<br>3101 SW 34th Avenue, # 905<br>Ocala, Florida 34474 | David M. Davis (MI Bar No. P24006)<br>Attorney for Defendants<br>Hardy, Lewis & Page, P.C.<br>401 South Old Woodward Avenue, Ste. 400<br>Birmingham, Michigan 48009<br>Telephone: (248) 645-0800<br><br>Cynthia L. May (0029297)<br>Co-Counsel for Defendants<br>Greenberg Taurig, P.A.<br>625 E. Twiggs Street, Ste. 100<br>Tampa, FL 33602<br>Telephone: (813) 318-5700 |

---

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Walter J. Lawrence, #162, 3101 S.W. 34th Avenue, #90 Ocala, FL 34474.

Dated: May 12, 2008

        /s/ David M. Davis
       David M. Davis (MI Bar No. P24006)
       Attorney for Defendants
       Hardy, Lewis & Page, P.C.
       401 South Old Woodward Avenue, Ste. 400
       Birmingham, Michigan 48009
       Telephone: (248) 645-0800
       E-mail: dmd@hardylewis.com