IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 2 6 2009

THOMAS K. KAHN
CLERK

No. 09-11975-E

Dist.Ct. Docket No. 07-00408-CV-OC-10GRJ

IN RE:

WALTER J. LAWRENCE,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

**BEFORE:**  BLACK and BARKETT, Circuit Judges

**BY THE COURT:**

Walter J. Lawrence, proceeding pro se, has filed a petition for a writ of mandamus, requesting that this Court order the district court to rule on several pending motions, including his: (1) March 2008 motion to amend his reply in opposition to the defendants' motion and brief in opposition to his motion for summary judgment and cross-motion for summary judgment; (2) April 2008 motion to strike one of the defendants' affirmative defenses; (3) second motion for summary judgment; (4) "motion for entry of order for the court to take judicial notice"; (5) motion for reconsideration of various orders; (6) motion to strike one of the defendants' affirmative defenses; (7) motion to determine whether the statute of limitations has expired

L

regarding an IRS levy; (8) motion for sanctions against the defendants for failure to comply with Fed.R.Civ.P. 26(A)(3); and (9) motion for recusal of the district court judge.

Mandamus relief is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. Id. The petitioner has the burden of showing that the claimed right to issuance of the writ is clear and indisputable. In re Lopez-Lukis, 113 F.3d 1187, 1188 (11th Cir. 1997). Mandamus may be used to direct a district court to decide a pending case where there has been an unreasonable delay in rendering a decision. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978).

Lawrence has not established a clear and indisputable right to mandamus relief. See Lopez-Lukis, 113 F.3d at 1188. To the extent that Lawrence is asking this Court to order the district court to rule on his March 2008 motion to amend, the petition is moot because the district court granted that motion in May 2008. With respect to the pending motions, Lawrence has the adequate alternative remedy of moving the district court to rule. The district court docket sheet reveals no attempt by Lawrence to file such a motion. Therefore, we **DENY** the mandamus petition.