## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| WALTER J. LAWRENCE )<br>    **Plaintiff** )<br>          )<br>    -vs- )<br>          )<br>**GENERAL MOTORS HOURLY-RATE** )<br>  **EMPLOYEES PENSION PLAN, and** )<br>**GENERAL MOTORS CORPORATION** )<br>    **Defendants** | **CAUSE No.5:07-CV-408-OC-10 GRJ**<br>**Assigned to the Honorable:**<br>**WILLIAM TERRELL HODGES**<br><br>**Magistrate Judge:**<br>**GARY R. JONES** |

_____/

| | |
|---|---|
| Walter J. Lawrence<br>#162<br>3101 SW 34th Ave. #905<br>Ocala, FL 34474<br>No Telephone number<br>No Email<br>Plaintiff in pro per | Cynthia L. May<br>GREENBURG TRAURIG, P.A.<br>625 E. Twiggs Street, Suite 100<br>Tampa, FL 33602<br>(813) 316-5700 - Telephone<br>(813) 318-5900 - Facsimile<br>Attorney for Defendants |

_____ /.

### AMENDED COMPLAINT FOR DAMAGES

1.  This is an action brought by WALTER J. LAWRENCE, a former employee,
pensioner, beneficiary and participant of the General Motors Corporation Hourly-
Rate Employees Pension Plan against   Defendants, GENERAL MOTORS
HOURLY-RATE EMPLOYEES PENSION PLAN and GENERAL MOTORS
CORPORATION .

#### I.    Parties

2.  Plaintiff has been, is, or will be a Beneficiary of the General Motors Corporation

*Exhibit B*

Hourly-Rate Employees Pension Plan at all times relevant to this action.

3.      Plaintiff, WALTER J. LAWRENCE's address is #162, 3101 SW 34th Ave #905., Ocala, Florida, 34474.

4.      Plaintiff, WALTER J. LAWRENCE, receives pension benefits from the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement and has received those payments since March 1, 1993, after approximately 31 years of employment with General Motors Corporation.

5.      Defendant, the Plan, is administered by General Motors Corporation ( "GM").

6.      Among the questions of law an fact in this action are:

a.      whether Defendants have violated ERISA by reducing an/or denying certain pension benefit payments to Plaintiff; and

b.      whether plaintiff has been damaged by the conduct of Defendants, and, if so, the appropriate measure of those damages.

## II.    Venue

7.      Venue is proper in this jurisdiction under 29 U.S.C. § 1132(e)(2) in that Defendant does business in the this Federal District.

8.      Venue is proper for Plaintiff under 29 U.S.C. § 1132(e)(2) in that plaintiff's address is #162, 3101 SW 34th Ave #905., Ocala, Florida, 34474, which is located within the jurisdiction of this court.

## III.    Jurisdiction

9.      Jurisdiction is proper under 29 U.S.C. § 1132(e)(1) 28 U.S.C. § 1331 ( Federal question jurisdiction i.e. ERISA), 29 C.F.R. § 2560.503-1(l) ("In the case of the

failure of a plan to establish or follow claims procedure consistent with the

requirements of this section, a claimant shall be deemed to have exhausted the

administrative remedies available under th plan and shall be entitled to pursue any

available remedies....on the basis that the plan has failed to provide a reasonable

claims procedure that would yield a decision on the merits of the claim.").

### IV.   Factual Allegations

10.   Plaintiff has exhausted any and all available administrative remedies.

11.   On May 14, 2007, plaintiff received a letter from Defendant ( **Exhibit 'A"**). This

letter, in part, states that:

> Our records indicate you have received an overpayment of retirement benefits
> from 01-01-2005 through 06/01-2007, a total of 30 month(s). The total
> amount of the overpayment is $32,985.00.  Because the Plan is an ERISA
> Qualified Plan, we are required to collect overpayments and return them to
> the Plan's Trust Fund.
> Please made your check or money order payable to General Motors
> Corporation and sent it to the Benefit Service Center in the self addressed
> envelope enclosed for your convenience. On the check or money order,
> indicate that this is to repay an overpayment, clearly print your full name and
> include your Social Security Number.

12.   On June 25, 2007, in an attempt by plaintiff to exhaust his administrative remedies,

plaintiff mailed to Defendant by certified mail # 7006 3450 0000 2799 6510 **(Exhibit**

**"B" and is also marked as exhibit "A" in INDEX OF EXHIBIT RE:**

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' BRIEF IN**

**SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS**

**AND REQUESTS FOR ADMISSIONS filed concurrently with this Amended**

**Complaint** ) a 55 page document along with exhibits.[1] The 55 page document along with exhibits was received by Defendant on June 28, 2007, according to the U.S. Postal Service Track and Confirm, **Exhibit "C"**.

13.    Defendants have failed and refused to respond to any and all attempts on the part of plaintiff to exhaust all available administrative remedies.

14.    Plaintiff, WALTER J. LAWRENCE, has received GM/UAW ERISA and IRS qualified pension plan payments from Defendant starting with March 1, 1993.

15.    Starting with October 1, 2007, Defendant has violated the GM/UAW Employee Retirement Income Security Act ("ERISA") and Internal Revenue Code ("IRC") qualified pension plan payments by reducing those payments..

16.    Starting with October 1, 2007, Defendant has alienated the GM/UAW ERISA and IRC qualified pension plan payments by reducing those payments.

17.    Article VII, Section 3 of the GM/UAW Pension Plan Agreement provides that:

> The pension fund shall not in any manner be liable for or subject to the debts or liability of any employee, separated employee, retired employee, pensioner, or surviving spouse. No right, benefit, pension or supplement at any time under the Plan shall be subject in any manner to alienation, sale, transfer, assignment t, pledge or encumbrances of any kind except in accord with the provisions of a Qualified Domestic Relations Order within the meaning of I.R.C. Section 414(p). If any person shall attempt to, or shall, alienate, sell, transfer, assign, pledge or otherwise encumber accrued rights, benefits, pensions, or supplements under the Plan or any part thereof, or if by reason of bankruptcy or other event happening at any time such benefits would otherwise be received or enjoyed by anyone else, the Corporation may terminate the interest of such employee, pensioner or surviving spouse in any

---

[1] The documents twice mailed to defendants' were filed concurrently with the Complaint under separate cover entitled "Index of Exhibits." Those separately filed exhibits are separate from the exhibits attached to this Amended Complaint.

such benefit and instruct the trustee to hold or apply it to or for the benefit of such employee, pensioner or surviving spouse, spouse, children or other dependents, or any of them as the Corporation may instruct, provided, however, that any pensioner, or surviving spouse, entitled to a monthly benefit under the Plan:

(e) may have amounts of not less than $80.00, but in no event more than 10% of the retired employee's monthly pension, withheld to repay any outstanding overpayment owing to any benefit plan of the Corporation, pursuant to written authorization and direction acceptable to the corporation.

18.  Plaintiff and Defendant have never entered into any agreement or arrangement thereby authorizing Defendants to extract, alienate or reduce any amount of the pension plan payments that Defendant is obligated to pay to Plaintiff under the GM/UAW Pension Plan Agreement.

19.  Defendant voluntarily elected to pay to the Internal Revenue Service the amount of $32,985.00, the same amount that Defendant is now alienating under Plaintiff's rights under General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement.

20.  The defendant sent a second letter to Plaintiff. This second letter from Defendant to plaintiff is dated September 5, 2007, states in part that:

Our records indicate you have received an overpayment of retirement benefits. The total amount of the overpayment is $32,985.00. Because the Plan is an ERISA qualified Plan, we required to collect overpayments and return them to the Plan's Trust Fund.
Please make your check or money order payable to **FHOC** "Fidelity Investments Institutional Operating Company" and send it to the Benefit Service Center in the self addressed envelope enclosed for your convenience. On the check or money order, indicate that this is to repay an overpayment, clearly print your full name and include your Social Security number.
If the payment in a lump sum is not received, beginning 10-01-2007, your monthly benefit will be reduced by 50% until the total amount of the overpayment has been recovered. This means that your gross monthly benefit will be $418.75 until 03/01/2014. On 04/01/2014, you will receive $515.00

completing the recovery of your overpayment of $32,985.00. Thereafter, your gross monthly benefit of $837.50 will be restored.

21.    Starting with October 1, 2007, Defendants' erroneously withheld from, alienated, and levied from Plaintiff's interest in the GM/UAW ERISA and IRS qualified pension plan payments the amounts of $680.75. Defendant has alienated the GM/UAW ERISA and IRC qualified pension plan payments by reducing those payments of $1,099.50 from $1,099.50 to $418.75 in Defendant's attempt at violating the provisions of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement..

22.    Based on the reduction of Plaintiff's **$1,099.50** from the $1,099.50 to $418.75, Defendant has denied the pension benefits of Plaintiff to recover an alleged overpayment of pension plan benefits all in violation of General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement and 29 U.S.C. § 1056(d)(1).

23    Defendants' letters to Plaintiff dated May 14, 2007, and September 5, 2007, does not set forth the specific reason or reasons for the adverse determination

24.    Defendants' letters to Plaintiff dated May 14, 2007, and September 5, 2007, does not Reference to the specific plan provisions on which the determination is based.

25.    Defendants' letters to Plaintiff dated May 14, 2007, and September 5, 2007,, does not set forth a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

26.    Defendants' letters to Plaintiff May 14, 2007, and September 5, 2007,, does not set

forth a description of the plan's review procedures and the time limits applicable to

such procedures, including a statement of the claimant's right to bring a civil action

under section 502(a) of the Act following an adverse benefit determination on

review.

27.    Article X, Section 1(a) of the GM/UAW Supplemental Pension Plan defines an

employee as:

> (a) Any person regularly employed in the United States by the corporation or
> by a wholly owned or substantially wholly-owned domestic subsidiary in
> accordance with I.R.C. Section 414(b), and (m) thereof, including:

This definition of the word "employee" in the Article X, Section 1(a) of the

GM/UAW Supplemental Pension Plan uniformly and promptly settled upon an

interpretation the is clear to Defendants' and Plaintiff at all material times.

This above definition of the word "employee" in the Plan serves to notify an

"employee" that the Plan Administrator had to rely on in making his determination

to levy on Plaintiff's pension plan payments

28.    The GM/UAW Pension Plan, Section 3. Non-alienation of Benefits, paragraph (d)

provides that;

> "...any pensioner [ not "employee"], or surviving spouse, entitled to a
> monthly benefit under the Plan:
> (D) may have amounts of not less than $40.00, but in no event more than
> 10% of the retired employee's monthly *pension*, withheld to repay any
> outstanding overpayment owing to any benefits plan of the Corporation,
> ***pursuant to written authorization and direction acceptable to the
> Corporation***. ( Italics and bold by Plaintiff).

29.    Plaintiff has never signed any "....***written authorization and direction acceptable to
the Corporation***," or otherwise  thereby authorizing an alienation or reduction of

Page 7 of 21

Plaintiff's pension plan payments.

30.     The Notice of Levy dated 05-19-1999, **( Plaintiff's Exhibit "C" Doc. #17)** provides

in the near of the middle of this one (1) page document that:

> **THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED
> INDIVIDUALS RETIREMENT PLANS OR ANY OTHER
> RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL,
> UNLESS IT IS SIGNED BY THE BLOCK TO THE RIGHT.**

**The Internal Revenue Service** Notice of Levy dated 05-19-1999, **is unsigned in**

**the "...BLOCK TO THE RIGHT."**

31.     **Starting with the year 1999 Defendants' have levied on Plaintiff's interest in the**

**GM/UAW Pension Plan payments even though the Internal Revenue Service**

Notice of Levy dated 05-19-1999, **provides within the four (4) corners of that**

**document that "THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-**

**EMPLOYED INDIVIDUALS RETIREMENT PLANS OR ANY OTHER**

**RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT**

**IS SIGNED BY THE BLOCK TO THE RIGHT."**

32.     The administrative appeal scheme set out in the GM/UAW ERISA  and Internal

Revenue Code  qualified Supplemental Pension Plan is limited exclusively to

employees and not to former employees or pensioners.

33.     The "AGREEMENT IMPLEMENTING SECTION 3( c ) OF THE

SUPPLEMENTAL AGREEMENT, PENSION PLAN, DATED OCTOBER 24, 1993

BETWEEN GENERAL MOTORS CORPORATION AND THE UAW,

ESTABLISHED BY THE BOARD OF ADMINISTRATION, SEPTEMBER 22,

1994, Section K. APPEAL PROCEDURE in the 2003, GM/UAW Supplemental

Pension Plan agreement, **(Exhibit "D", Doc. #17))** at pages 107-108, provides that:

K. APPEAL PROCEDURE

1.  Any **employee** who disputes a determination with respect to such **employee's** ( I ) age, (ii) credited service under the Pension Plan, (iii) computation of pension benefits or supplements under the Pension Plan, (iv) partial or complete suspension of supplements, or (v) whether such **employee** is engaged in gainful except for purposes of rehabilitation, may file with Center a written claim on form BA 1, "Employee Claim to Pension committee". Such claim shall be filed within 30 days of receipt of such determination.

2.  In all cases where the **employee** has filed a claim on form BA 1, the Pension committee shall review such claim with the **employee**, return one copy of form BA 1 to the **employee** with a written answer to the claim and, if the claim is rejected, the reasons therefor.

3.  If the **employee** is not satisfied with the answer, such **employee** may request the Pension committee, in writing on form BA 1, to refer the case to the Board for decision. Such claim shall be filed with the Pension Committee within 30 days of the **employee's** receipt of such answer. The Pension Committee shall then forward form BA 1, with material pertinent to the case and the answer to the **employee's** claim to the Board.

34.  Plaintiff is not an employee under the explicit terms of the Plan. Article X, Section

1(a) of the  Plan defines an employee as:

(a) Any person regularly employed in the United States by the corporation or by a wholly owned or substantially wholly-owned domestic subsidiary in accordance with I.R.C. Section 414(b), and (m) thereof, including:

(1) hourly-rate *persons employed* on a full time basis;
(2) hourly-rate on incentive pay plans;
(3) students from educational institutions who are enrolled in cooperative training courses on hourly rate;
(4) part-time hourly-rate *employees* who, on a regular and continuing basis, perform jobs having definitely established working hours, but the complete performance of which requires fewer hours of work than the regular work week, provided such employees work one-half or more of the employing unit's regular work week.
(5) hourly-rate *employees* of Delco Electronics Corporation (DEC).
(6) Represented employees of the Saturn Corporation who have made a positive election to participate in the GM Plan pursuant to the Memorandum of Agreement

dated October 16, 1993.. Underline in original and not provided by Plaintiff.

35.    Plaintiff is not a regularly employed in the United States by the General Motors

Corporation or by a wholly owned or substantially wholly-owned domestic subsidiary

of General Motors Corporation

36.    Plaintiff has not been regularly employed by General Motors Corporation since

March 1, 1993.

37.    In regards to , the plan administrator did not notify the Plaintiff, of the plan's adverse

benefit determination within a reasonable period of time, *but not later than 30 days*

*after receipt of the claim.*

38.    Plaintiff's *AMENDED AND SUPPLEMENTAL* **NOTICE OF**

**ADMINISTRATIVE CLAIM AND APPEAL OF THE DECISION OF THE**

**GENERAL MOTORS CORP. DECISION DATED MAY 14, 2007** was mailed

on January 7, 2008 <u>**U.S. Certified Mail # 7006 3450 0000 2799 6510**</u> (Exhibit "D")

to Defendants' at the addresses of:

> Plan Administrator
> General Motors Corp.
> P.O. Box 300,
> 300 Renaissance Center
> Mail Code 482-C26-A68
> Detroit, MI 48265-3000

39.    The *AMENDED AND SUPPLEMENTAL* **NOTICE OF ADMINISTRATIVE**

**CLAIMS AND APPEAL OF THE DECISION OF THE GENERAL MOTORS**

**CORP. DECISION DATED MAY 14, 2007** of Plaintiff that was mailed to Plan

Administrator, General Motors Corp., P.O. Box 300, 300 Renaissance Center, Mail

Code 482-C26-A68,  Detroit, MI 48265-3000on January 7, 2008, ny **U.S. Certified**

**Mail # 7006 3450 0000 2799 6510**, was received at that above address on June 28,

2007, according to the U.S. Postal Service Track and Confirm. **Exhibit "C"**.

40.    The *AMENDED AND SUPPLEMENTAL* **NOTICE OF ADMINISTRATIVE**

**CLAIMS AND APPEAL OF THE DECISION OF THE GENERAL MOTORS**

**CORP. DECISION DATED MAY 14, 2007,** of Plaintiff  that was mailed to Plan

Administrator, General Motors Corp., P.O. Box 300, 300 Renaissance Center, Mail

Code 482-C26-A68,  Detroit, MI 48265-3000on January 7, 2008, ny **U.S. Certified**

**Mail # 7006 3450 0000 2799 6510**, was received at that above address on June 28,

2007,  according to the U.S. Postal Service Track and Confirm, **Exhibit "C" has**

**never been replied to by Defendants' since that above document was receipted**

**by Defendants' on June 28, 2007. .**

41.    Article VI, Administration, Section 1, 2 of the GM/UAW Supplemental Pension Plan

provides that;

> Section 1
> The Corporation shall  be responsible for the general administration of the
> Plan and for carrying out the provisions thereof.
> Section 2
> (a)  The Corporation shall have all such powers as may be necessary to carry
> out  the provisions  of the Plan *except as the powers and duties of the*
> *Corporatioin may be modified by any collective bargaining agreement*.
> (b)    Subject to the limitations of (a) above, the Corporation may from time
> to time establish rules for the administration of the Plan and the transaction of
> the Plan's business.
> ( c )   In making any such determination or rule, the Corporation shall pursue
> uniform policies and shall not discriminate in favor of, or against any
> *employee* or group of *employees*.

42.    In this case,  the failure of the Plan to establish or follow claims procedures, Plaintiff

shall be deemed to have exhausted the administrative remedies available under the plan and Plaintiff shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

43.    The plan that was in effect on March 1, 1993, that applies to Plaintiff, a former employee and pensioner, does not    :

> (i) provide Plaintiff, a  claimant at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination; (ii) does not provide Plaintiff, a  claimant, the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits; (iii) Provide that Plaintiff, a claimant, shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section; (iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

<h2 style="text-align:center">V.    Causes of Acton</h2>

<h3 style="text-align:center">Count I</h3>

<h3 style="text-align:center">Wrongful Denial of Benefits</h3>

Page 12 of 21

### Under ERISA, 29 U.S.C. §§ 1056, 1132

44.     Plaintiff incorporates herein by reference as though fully stated paragraphs 1 through

and including paragraph 43 and paragraphs 52 through and including paragraph 67.

45.     Defendant, the Plan as administered by GM. Has wrongfully denied and/or reduced

the pension benefits of Plaintiff in violation of ERISA and the Plantiff for the

following reasons:

      a.     Pursuant to ERISA, Defendant has no right to the amounts of General

Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement

that represent the amounts allegedly overpaid by Defendant to

Plaintiff.

      b.     Pursuant to ERISA, Plaintiff does not become a general creditor of

Defendant for any alleged overpayments.

      c.     Pursuant to ERISA, Defendant does not have any right to the pension

benefits of Plaintiff; and

      d.     Pursuant to ERISA, Defendant failed to give proper notice of its partial

and/or complete denial of benefits to Plaintiff.

46.     Plaintiff is a person empowered to bring this civil action, since he is a participant of

General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement and

has been continuously since March 1, 1993..

47.     Plaintiff is a person empowered to bring this civil action for the relief provided for in

29 U.S.C. § 1132.

48.    Plaintiff is a person with standing to recover benefits due to him under the terms of
the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement,
to enforce his rights under the terms of the General Motors/United Auto Workers
("GM/UAW") Pension Plan Agreement, and to clarify his rights to future benefits
under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension
Plan Agreement.

49.    All of the monies extracted and alienated from plaintiff's interest General
Motors/United Auto Workers ("GM/UAW") Pension Plan ("Plan")Agreement that
was in effect when plaintiff retired from defendant on March 1, 1993, were extracted
and alienated prior to defendant having distributed those monies and assets to
plaintiff. In short, those pension plan payments that defendant wrongfully extracted
and alienated never reached the hands of plaintiff.

50.    Defendant has failed and refused to discharge their duties to plaintiff in accordance
with documents and instruments governing the plan. 29 U.S.C. 1104(a)(1)(D).

51.    The plan in this case is considered qualified by the IRS ( Regulation Section 1.401(a)-
13(b)(1)) precisely because the plan precludes both voluntary and involuntary
assignments with exceptions not applicable here.

WHEREFORE, for all of the foregoing, Plaintiff prays that this Court:

1.    Enter an award for Plaintiff for the pension benefits wrongfully not
paid by Defendant with interest a permitted by ERISA

2.    Enter an order awarding Plaintiff under the Equal Access to Justice
Act all reasonable fees, costs and expenses incurred as a result of the

wrongful denial of benefits.

3.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

_____
#162,
3101 SW 34th Ave #905.,
Ocala, Florida, 34474.

## Count II

### Breach of Fiduciary Duties
### Under ERISA 29 U.S.C. § 1132

52.    Plaintiff incorporates herein by reference as though fully stated paragraphs 1 through

and including paragraph 51 and paragraphs 61 through and including paragraph 67.

53.    Defendant, the Plan, as administered by GM has wrongfully denied and/or reduced the

pension benefits of Plaintiff in violation of ERISA and the **Plan** for the following

reasons:

a.    Pursuant to ERISA, Defendant has no right to the amounts of General

Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement

that represent the amounts allegedly overpaid by Defendant to

Plaintiff.

b.    Pursuant to ERISA, Plaintiff does not become a general creditor of

Defendant for any alleged overpayments.

c.    Pursuant to ERISA, Defendant hoes not have any right to the pension

benefits of Plaintiff; and

d.      Pursuant to ERISA, Defendant failed to give proper notice of its partial and/or complete denial of benefits to Plaintiff.

54.    Plaintiff is a person empowered to bring this civil action since he is a participant to General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement.

55.    Plaintiff is a person empowered to bring this civil action for the relief provided for in 29 U.S.C. § 1132.

56.    Plaintiff is a person with standing to recover benefits due to him under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement, to enforce his rights under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement, and to clarify his rights to future benefits under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement.

57.    Defendant is an ERISA fiduciary under 29 U.S.C. § 1002(21)(A)(iii). Pursuant to this fiduciary authority, defendant is given and maintains discretionary authority to administer pension plan benefit claims through its methodologies and administrative procedures. Pursuant to that discretion, defendant is responsible for determining whether or not benefit claims are paid or denied within the confines of the plan provisions, and for otherwise representing and determining the rights of plan participants and beneficiaries with respect to such benefits received through ERISA qualified plans. As a result of this discretion and authority, defendant is a fiduciary of the ERISA plan for which it administers pension plan benefit claims.

Page 16 of 21

58.    Defendant's pension benefits plan does establish and maintain a procedure by which Plaintiff shall have a reasonable opportunity to appeal any adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim of Plaintiff and the adverse benefit determination.

59.    The GM/UAW Pension Plan claims procedure is not deemed to provide Plaintiff, a claimant, with a reasonable opportunity for a full and fair review of Plaintiff's Claims and adverse benefit determination since the GM/UAW Pension Plan since the claims procedure of the GM/UAW Pension Plan does not:

(i) Provide Plaintiff at least 60 days following receipt of a notification of a an adverse benefit determination within which to appeal the determination;

(ii) Provide Plaintiff, a claimant, the opportunity to submit written comments, documents, records, and other information relating to Plaintiff claim for benefits.

(iii) Provide that Plaintiff, a claimant, shall be provided, upon request and free of charge, reasonable access to, and copies of , all documents, records, and other information relevant to the Plaintiff's claim for benefits;

(iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by Plaintiff, a claimant, relating to each of the claims of Plaintiff, without regard to whether such information was submitted or considered in the initial determination.

60,    Plaintiff is deemed to have exhausted all availabel administrative remedies when

Defendant's failed and refused to respond to Plaintiff's Administrative Claims of

Appeals dated June 25, 2007, July 11, 2007, and

WHEREFORE, for all of the foregoing, Plaintiff prays that this Court:

1.    Enter an award for Plaintiff for the pension benefits wrongfully not

paid by Defendant with interest a permitted by ERISA

2.    Enter an order awarding Plaintiff under the Equal Access to Justice

Act all reasonable fees, costs and expenses incurred as a result of the

wrongful denial of benefits.

3.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

_____

#162,
3101 SW 34th Ave #905.,
Ocala, Florida, 34474

## Count III

### Liquidated Damages Claim
### Under ERISA, 29 U.S.C. § 1132

61.    Plaintiff incorporates herein by reference as though fully stated paragraphs 1 through

and including paragraph 60..

62.    Plaintiff wrote to General Motors Corporation GM/UAW Plan Administrator and

General Motors Benefits & Service Center on June 25, 2007. This letter date June 25,

2007 was an attempt on the part of plaintiff to exhaust his administrative remedies.

The United States Postal Service Track and Confirm document shows that Plaintiff's letter to .GM/UAW Plan Administrator dated June 25, 2007, was received by the GM/UAW Plan Administrator and General Motors Benefits & Service Center on June 28, 2007. These documents are all included under separate cover and filed with the Court concurrently with the Complaint and marked as "Exhibits to Plaintiff's Complaint." Plaintiff never received any reply from defendants relative to plaintiff's letter dated June 25, 2007.

63.    The letter of July 10, 2007, in part states that:

> These are the ERISA provisions I am relying on to support my request for "...a copy of the latest updated summary plan description, and latest annual report, an terminal report, the bargaining agreement [**that was in effect on March 1, 1993 when I retired**], trust agreement, contract, or other instrument under which the plan is established or operated."

64.    Plaintiff never received "...a copy of the latest updated summary plan description, and latest annual report, and terminal report, the bargaining agreement [**that was in effect on March 1, 1993 when I retired**], trust agreement, contract, or other instrument under which the plan is established or operated."

65.    Plaintiff is a person with standing to recover benefits due to him under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement, to enforce his rights under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement, and to clarify his rights to future benefits under the terms of the General Motors/United Auto Workers ("GM/UAW") Pension Plan Agreement.

66.    Defendant's act and omissions with regard to Plaintiff's request for "...a copy of the latest updated summary plan description, and latest annual report, an terminal report, the bargaining agreement **[that was in effect on March 1, 1993 when I retired]**, trust agreement, contract, or other instrument under which the plan is established or operated.," constitutes violations of ERISA, 29 U.S.C. § 1132(e)(1).

67.    Plaintiff has been damaged by Defendant's ERISA violations.

WHEREFORE, Plaintiff prays that this Court:

1.    Enter an award for Plaintiff for liquidated damages in the amounts of $100.00 for each day and for each document for each day that Defendant is in violation of under  ERISA, 29 U.S.C. § 1132(e)(1) along with interest as permitted by ERISA.

2.    Enter an order awarding Plaintiff under the Equal Access to Justice Act all reasonable fees, costs and expenses incurred as a result of the wrongful denial of benefits.

3.    Enter an order for defendant to and refund to plaintiff and for plaintiff to recover  the amounts which is in violation of the terms of the  pension plan payments wrongfully extracted and alienated from plaintiff' interest in the pension plan

4.     Enter an order that defendant deliver to plaintiff the documents requested by plaintiff from defendant.

5.    Enter an order that defendant be permanently injuncted from any further violations of the terms of the plan.

6.    Enter an order that defendant pay to plaintiff the amount of One Million

Dollars in compensatory and punitive damages along with interest.

3.    Enter an award for such other relief as may be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues and facts so triable.

Dated: February 29, 2008                    Respectfully submitted,

                                            Walter J. Lawrence
                    #162
                                            3101 SW 34th Ave. #905
                                            Ocala, FL 34474

### Declaration of Service

Pursuant to 28 U.S.C. 1746, I, Walter J. Lawrence, declares under the penalty of perjury that

on February 29, 2008, I did place a copy of Plaintiff's **AMENDED COMPLAINT FOR**

**DAMAGES** in a U.S. mail receptacle with U.S. postage first being fully prepaid for first class U.S.

Certified Mail # 7007 1490 0004 4466 0509 with the address being:


                        Cynthia L. May
                        GREENBURG TRAURIG, P.A.
                        625 E.. Twiggs Street, Suite 100
                        Tampa, FL 33602