**HEARING DATE AND TIME: October 28, 2009 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                                       :        **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*           :
:
                                          **Debtors.**              :        **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF HEARING ON APPLICATION FOR AN ORDER**
**PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**EVERCORE GROUP L.L.C. AS INVESTMENT BANKER AND FINANCIAL**
**ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

PLEASE TAKE NOTICE that on **October 28, 2009**, or as soon thereafter

as counsel may be heard, the adjourned hearing (the "**Hearing**") will be held on the

Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code

and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Evercore

Group L.L.C. as Investment Banker and Financial Advisor for the Debtors *Nunc Pro*

*Tunc* to the Petition Date (the "**Application**") before the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

US_ACTIVE:\43187640\02\43187640_2.DOC\72240.0639

the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New

York, New York 10004 at **9:45 a.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that timely objections were filed to

the Application by (a) the Office of the United States Trustee (the "**US Trustee**"); (b) the

statutory committee of unsecured creditors (the "**Creditors' Committee**"); (c) the Ad

Hoc Committee of Personal Injury Asbestos Claimants (the "**Ad Hoc Committee**"); and

(d) the Ad Hoc Committee of Consumer Victims (the "**Consumer Committee**").  The

objection filed by the Consumer Committee has since been withdrawn.  The Debtors, the

US Trustee, the Creditors' Committee, and the Ad Hoc Committee have agreed to resolve

the remaining objections to the Application as provided in the annexed proposed order

which will be considered by the Bankruptcy Court at the Hearing.

Dated: New York, New York
      October 08, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Proposed Order**

US_ACTIVE:\43187640\02\43187640_2.DOC\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                   :          **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                    :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*             :
                                                             :
                                    **Debtors.**             :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x


### ORDER AUTHORIZING THE EMPLOYMENT AND
### RETENTION OF EVERCORE GROUP L.L.C. AS
### INVESTMENT BANKER AND FINANCIAL ADVISOR
### FOR THE DEBTORS NUNC *PRO TUNC* TO THE PETITION DATE

Upon the Application (the "**Application**")[1] of General Motors Corporation and

certain of its subsidiaries and affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**" and each, a "**Debtor**"), for an

order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), authorizing and approving the employment and retention of Evercore

Group L.L.C. ("**Evercore**") as their investment banker and financial advisor in the

above-captioned chapter 11 cases, pursuant to the terms set forth in the Application; and upon

the Declaration of William C. Repko, a Senior Managing Director of Evercore, filed in support

of the Application, annexed to the Application as Exhibit B (the "**Repko Declaration**"), and the

Court being satisfied, based on the representations made in the Application and in the Repko

Declaration, that Evercore is a "disinterested person" as such term is defined in section 101(14)

---

[1] Capitalized terms used herein and not otherwise defined herein have the meanings ascribed to such terms in the Application.

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors and their estates; and the Court having jurisdiction to consider the Application and the relief requested therein; and due and proper notice of the Application having been provided; and a hearing (the **"Hearing"**) having been held with respect to the Application on October 28, 2009; and the Objections of the Unsecured Creditors' Committee, the United States Trustee, and the Ad Hoc Committee of Personal Injury Asbestos Claimants having been resolved as reflected in this Order, and the other objection to the Application having been withdrawn; and upon the record of the Hearing; and the Court being satisfied that just cause has been presented for the relief requested in the Application; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Evercore as their investment banker and financial advisor, nunc pro tunc to the Petition Date, on the terms set forth in the Application and the GM Engagement Letter, as hereinafter modified; and it is further

ORDERED that the terms of the GM Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified; and it is further

ORDERED that Evercore shall be compensated in accordance with the terms of the GM Engagement Letter (as hereinafter modified) pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review under section 330(a) of the Bankruptcy Code (except as to the United States Trustee, as set forth below); provided, however, that Evercore (a) shall only be required to maintain time records for services rendered

postpetition, in half-hour increments and (b) shall not be required to provide or conform to any

schedule of hourly rates; and it is further

ORDERED that, notwithstanding anything contained herein, in the Application,

or in the GM Engagement Letter to the contrary, the Newco Transaction Fee which has a balance

payable in the amount of $13 million, shall be paid to Evercore as follows:

(i)     $8,667,000 shall be payable upon entry of this Order; and

(ii)    the balance of $4,333,000 shall be payable on entry of an order confirming a plan of reorganization (the **"Plan"**) with respect to Motors Liquidation Company which provides that (x) holders of allowed general unsecured claims will receive the stock and warrants of General Motors Company (the **"New GM Securities"**) paid to the Debtors' estates in connection with the consummation of the sale under section 363 of the Bankruptcy Code authorized and approved by Order of this Court, dated July 5, 2009, and (y) there are sufficient funds and other assets in the Debtors' estates to pay all allowed priority and allowed administrative expense claims under the Plan without the necessity of selling or otherwise affecting the New GM Securities;

and it is further

ORDERED that upon entry of this Order, the Debtors are authorized to and shall

pay to Evercore the DIP Structuring Fee in the amount of $2,500,000 and Evercore's monthly

fees for the period June 1, 2009 through July 10, 2009 in the aggregate amount of $529,032, plus

documented, reasonable reimbursable expenses in an amount not to exceed $20,000; and it is

further

ORDERED that, notwithstanding anything to the contrary set forth above, the

United States Trustee retains all rights to object to Evercore's final fee application (including

expense reimbursement) on all grounds, including, but not limited to, the reasonableness

standard set forth in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of Evercore for payment of indemnity pursuant to

the GM Engagement Letter shall be made by means of an application (interim or final, as the

case may be) and shall be subject to approval by the Court, after notice and a hearing, <u>provided</u>,

<u>however</u>, that in no event shall Evercore be indemnified in the case of its own bad faith,

self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is

further

**ORDERED** that in no event shall Evercore be indemnified if the Debtors or a

representative of their estates asserts a claim for, and a court determines by final order that such

claim arose out of, Evercore's own bad faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

**ORDERED** that, except as set forth above, no additional fees or expenses shall

be payable by the Debtors to Evercore in connection with the Application; and it is further

**ORDERED** that this Court will retain jurisdiction to construe and enforce the

terms of the Application, the GM Engagement Letter, and this Order.

Dated:    New York, New York
          October ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE