**Hearing Date and Time: November 6, 2009 at 9:45 a.m. (EST)**
**Objection Deadline: November 3, 2009 at 4:00 p.m. (EST)**

Joshua I. Divack
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
jdivack@hahnhessen.com

James C. Morton
Georgia Bar No. 526025
Suite 1350, Two Midtown Plaza
1349 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 966-5133
jcm-law@comcast.net

*Attorneys for Bonnie J. Reynolds and Garland Reynolds, Jr.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
:
In re                                                    :       Chapter 11
                                                         :
Motors Liquidation Company, et al.,                      :       Case No. 09-50026 (REG)
                                                         :
    Debtors.                                             :       (Jointly Administered)
                                                         :
----------------------------------------------------------------------x

**MOTION OF BONNIE J. REYNOLDS AND GARLAND REYNOLDS, JR .**
**FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT…………………………………………………… 1

JURISDICTIONAL STATEMENT…………………………………………………… 2

BACKGROUND ……………………………………………………………………… 2

      The Underlying Litigation ………………………………………………….. 2

RELIEF REQUESTED ……………………………………………………………….. 3

DISCUSSION OF *SONNAX* FACTORS …………………………………………... 3 – 11

CONCLUSION ………………………………………………………………………. 11

CERTIFICATION ……………………………………………………………………. 12

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*In re Keene Corp.*,
    171 B.R. 180 (Bankr. S.D. N.Y. 1994) …………………………………….... 4

*In re Mego International, Inc.*,
    28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) ……………………………….......4

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)*,
    907 F.2d 1280, 1286 (2d Cir. 1990) …………………………………………. 4, 5

*Mazzeo v. Lenhart (In re Mazzeo)*,
    167 F.3d 139, 142-143 (2d Cir. 1999) ……………………………………..… 4, 5

*In re Lyondell Chemical Co.*,
    402 B.R. 596 (Bankr.S.D.N.Y. 2009) ………………………………………. 5, 8, 9

*In re Enron Corp.*,
    306 B.R. 465, 475-476 (Bankr.S.D.N.Y.2004) ……………………………..….. 5

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. Partnership*,
    2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004) …………………………..… 5

*Teachers Insurance and Annuity Association of America v. Butler*,
    803 F.2d 61, 64-65 (2nd Cir. 1986) …………………………………………… 8

**STATUTES**

28 U.S.C. § 157(b) …………………………………………………………………. 2

28 U.S.C. § 1334 …………………………………………………………………… 2

28 U.S.C. § 157(b)(2) ……………………………………………………………..... 2

11 U.S.C. § 362(a) ………………………………………………………………….. 3

11 U.S.C. § 362(d) ………………………………………………………………..... 4

**RULES**

Fed. R. Bank. P. 4001(a)(3) ……………………………………………...…… 11

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Bonnie J. Reynolds and Garland Reynolds, Jr., individually and as Administrator of the Estate of Matthew John Reynolds (the "Movants" or "Plaintiffs"), by and through their undersigned counsel, hereby respectfully file this "Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362" ("Motion") and in support hereof, respectfully represent as follows:

## PRELIMINARY STATEMENT

1. This Motion concerns a final judgment of the United States District Court for the Northern District of Georgia (the "District Court") in a product-liability case involving wrongful death and catastrophic personal injury. After trial, the District Court entered judgment on a jury verdict, in the amount of approximately $3.5 million (the "Judgment"). Debtor Motors Liquidation Company, formerly General Motors Corporation ("GM" or the "Debtor"), appealed that Judgment and posted a $4.5 million supersedeas bond in the trial court. The parties fully briefed the appeal pre-petition, but the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") stayed issuing its decision on the appeal based on the automatic stay under 11 U.S.C. §362.

2. This Motion seeks an order modifying the bankruptcy automatic stay in two respects: first, to permit the Eleventh Circuit to rule on the fully briefed appeal by the Debtors in Reynolds v. General Motors Corp., Docket No. 08-16182-CC, pending before that Court; and second, if the Eleventh Circuit affirms the Judgment appealed from, to permit the Movants to enforce that Judgment against Travelers Casualty and Surety Company ("Travelers") as surety on the $4.5 million supersedeas bond the Debtors filed in the District Court. The Movants respectfully submit that this motion presents exceptional facts justifying the requested stay modification at this stage of this chapter 11 case.

-1-

## JURISDICTIONAL STATEMENT

3.     This Court has jurisdiction over this case, and the parties and property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334. This motion is a core proceeding under 28 U.S.C. § 157(b)(2).

## BACKGROUND

4.     On June 1, 2009, Debtor Motors Liquidation Company ("MLC") and certain affiliates commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The commencement of this chapter 11 case triggered the automatic stay of all litigation pending against the Debtors pursuant to section 362 of the Bankruptcy Code.

5.     On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors Company) (the "Purchaser") pursuant to that certain Amended and Restated Master Sale and Purchase Agreement ("MPA"). Simultaneous with closing on the MPA, General Motors Corporation changed its name to Motors Liquidation Company.

<u>The Underlying Litigation</u>

6.     On June 3, 2002, 14-year old Matthew Reynolds suffered fatal head injuries when he was ejected from a 1995 Chevrolet Blazer driven by his mother, as the vehicle rolled over after being struck by another vehicle. On June 2, 2004, Matthew's parents, Garland Reynolds, Jr. and Bonnie J. Reynolds, filed suit in the District Court against the manufacturer of the Blazer, GM. <u>Reynolds v. General Motors Corp.</u>, Civil Action File No. 2:04-CV-0106-RWS. The Complaint alleged defective design and warning product liability claims against GM and sought damages for Matthew's wrongful death, and for Mrs. Reynolds' injuries, among other claims. The jury returned a verdict in the plaintiffs' favor on June 17, 2008, and the District Court

entered judgment on that verdict on June 23, 2008 in the approximate amount of $3.5 million. On October 29, 2008, GM filed a Notice of Appeal to the Eleventh Circuit, and the appeal was docketed as Reynolds v. General Motors Corp., Docket No. 08-16182-CC. On December 1, 2008 GM filed a supersedeas bond in the District Court in the amount of up to $4.5 million as a condition of obtaining a stay from the District Court pending appeal, with Travelers as surety on the supersedeas bond. See Exhibit A attached hereto.

7. The Plaintiffs and GM have fully briefed the appeal, and the Court scheduled oral argument for July 28, 2009. On June 10, 2009, the Eleventh Circuit requested letter briefs from the parties on the effect of this chapter 11 case on the pending appeal. The parties submitted their letter briefs, and on July 7, 2009 the Eleventh Circuit stayed the appeal until further order.

## RELIEF REQUESTED

8. By this motion, the Movants seek modification of the bankruptcy automatic stay to allow the Eleventh Circuit to decide GM's pending appeal, and, upon affirmance, to permit the Movants to enforce the Judgment against Travelers, the surety on the supersedeas bond.

## DISCUSSION

9. Section 362(a) of the Bankruptcy Code provides, in relevant part, that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial action or proceeding against the debtor that was commenced prepetition, and any act to collect, assess or recover a claim against the debtor that arose prepetition. The Movants recognize that the automatic stay affords a debtor fundamental protections under the Bankruptcy Code, including giving the debtor a "breathing spell", relieving "the financial pressures that drove [the debtors] into bankruptcy", and shielding it from "creditor harassment" at a time when the debtor's personnel should be focusing on restructuring and generating revenue. The Movants also recognize that the

-3-

automatic stay is designed to prevent creditors from reaching the assets of the debtor's estate piecemeal and to preserve the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding. However, none of those very laudable policy grounds has any application in this case, since GM is not operating in any traditional sense, has substantially liquidated and continues doing so, and is now in the hands of its legal and insolvency professionals for completion of the winding up of its affairs.

10.     The automatic stay is not absolute; indeed Section 362(d) of the Bankruptcy Code provides that a party is <u>entitled</u> to relief from the automatic stay under certain circumstances, 11 U.S.C. § 362(d), particularly in the circumstances presented by this motion. <u>In re Keene Corp., 171 B.R. 180 (Bankr. S.D. N.Y. 1994).</u> Section 362(d) of the Bankruptcy Code provides, in relevant part, that on request of a party in interest and after notice and a hearing, the Court <u>shall</u> grant relief from the stay, such as by terminating, annulling, modifying, or conditioning such stay, "for cause". It is axiomatic that "cause" for stay relief is not defined in the Bankruptcy Code, but rather is determined by the Court on a case by case basis. Courts in this circuit have determined that in examining whether cause exists they "must consider [the] particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." <u>In re Mego International, Inc.</u>, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983). The Movants recognize that they bear the initial burden of production showing that good cause exists for lifting the stay, <u>Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"); <u>Mazzeo v. Lenhart (In re Mazzeo)</u>, 167 F.3d 139, 142-143 (2d Cir. 1999), but that once they meet that burden of production the debtor bears both the burden of going forward to show why relief should not be granted, and the ultimate risk of non-persuasion in a close case.

-4-

11.     In <u>Sonnax,</u> the Second Circuit outlined twelve factors generally discussed in the context of pending litigation in considering whether good cause exists to lift the stay to allow the litigation to proceed.[1] The Court has broad discretion in determining which of those factors to apply. Not all of the <u>Sonnax</u> factors are applicable in every case, and they are not entitled to equal weight when deciding whether or not to lift the stay. <u>See, e.g.</u>, <u>Mazzeo</u>, 167 F.3d at 142-143; <u>In re Lyondell Chemical Co.,</u> 402 B.R. 596 (Bankr.S.D.N.Y. 2009); <u>In re Enron Corp.</u>, 306 B.R. 465, 475-476 (Bankr.S.D.N.Y.2004). The decision whether to grant relief from the automatic stay to an unsecured creditor is not a mechanical or mathematical exercise. As the District Court observed in an analogous context, a list of considerations employed in making a decision is

> simply . . . a guide to the required inquiry; the wise exercise of discretion is rarely a matter of score-keeping or bean-counting. Ultimately, the pursuit of "equit[y]," "justice" and "comity" involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances.

<u>Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. Partnership</u>, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004).

12.     The facts underlying this motion are sufficiently extraordinary to demonstrate that <u>good</u> cause exists to grant the requested relief, and the <u>Sonnax</u> factors applicable to this motion, on balance, support it.

---

[1] The 12 *Sonnax* factors are: (a) whether relief would result in a partial or complete resolution of the issues, (b) the lack of any connection with or interference with the bankruptcy case, (c) whether the other proceeding involves the debtor as a fiduciary, (d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (e) whether the debtor's insurer has assumed full responsibility for defending the action, (f) whether the action primarily involves third parties, (g) whether litigation in another forum would prejudice the interests of other creditors, (h) whether the judgment claim arising from the other action is subject to equitable subordination, (i) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor, (j) the interests of judicial economy and the expeditious and economical resolution of litigation, (k) whether the parties are ready for trial in the other proceeding and (l) the impact of the stay on the parties and the balance of harms. <u>Sonnax</u>, 907 F.2d at 1285-87.

**(a)     Relief will result in a partial or complete resolution of the issues.**

13.     Since the underlying action is before the Eleventh Circuit for a decision, the potential exists for that Court to resolve all pending issues by an affirmance, with the entire judgment then collectible from the supersedeas bond.  If the Eleventh Circuit reverses the trial court judgment, and remands for further proceedings, the Movants recognize that they will be required to return to this Court for further stay relief in order to retry the case.

**(b)     There will be no connection with or interference with the bankruptcy case.**

14.     Allowing the Eleventh Circuit to rule in this fully briefed appeal will not interfere with the bankruptcy case or distract the Debtors' remaining executives and professionals involved in the case from their efforts toward an orderly liquidation of the Debtors.

**(c)     The other proceeding does not involve the Debtors as a fiduciary.**

15.     This factor is not relevant to this Motion.

**(d)     A specialized tribunal with the necessary expertise has been established to hear the case.**

16.     The Eleventh Circuit is the sole tribunal with jurisdiction to handle the pending appeal, and, because this is a personal injury and death case, the Movants' jury trial right must be preserved by conducting any further litigation in the District Court.  The Eleventh Circuit has an expertise in Georgia law and trial evidence issues raised on appeal, and the sole ability to certify questions on Georgia law to the Georgia Supreme Court, if appropriate.

**(e)     The Debtors' insurer has assumed full responsibility for defending the action.**

17.     This factor is not relevant to this motion, since (i) the requested relief requires no further defense since this is a fully briefed appeal merely awaiting a decision by the Eleventh Circuit and (ii) this Judgment is within the Debtors' self-insured retention but is secured by a supersedeas bond from Travelers.

**(f)     The action primarily involves third parties.**

18.     Although the Debtors are a party to the underlying litigation, the relief that the Movants seek will primarily involve only Travelers if the Eleventh Circuit affirms the Judgment that has been appealed. If the Eleventh Circuit reverses and remands the case to the trial court, the stay will continue in effect pending further order of this Court.

**(g)     Litigation in the other forum will not prejudice the interests of other creditors.**

19.     If this Court grants the relief the Movants seek in this Motion, no other creditor's interests will be prejudiced. Allowing the appeal to proceed to a decision will not result in any broadly applicable issue-preclusive ruling, in contrast to a case involving mass-tort claimants. There will be no material additional expense to the estate from allowing the Eleventh Circuit to issue its decision on GM's appeal[2], and collection of the judgment, if affirmed, will be from the existing supersedeas bond. That bond is only available to pay the Movants' Judgment, and is not otherwise available to other creditors. According to the Stipulation and Agreed Order Between the Debtors and Travelers entered June 19, 2009 [Docket No. 1949], allowing the Movants to recover from Travelers on the bond will merely substitute an equal claim by Travelers for the Movants claim, with no net increase or decrease in the value of the estate, with Travelers fully secured in the money market funds in pledged accounts at SmithBarney.[3]

**(h)     The Judgment claim arising from the other action is not subject to equitable subordination.**

20.     There is no basis for any contention that the Judgment in the underlying case is subject to equitable subordination, in whole or in part. In particular, the Judgment does not

---

[2] The Movants agree to waive oral argument before the Eleventh Circuit. If the debtors insist on oral argument, that should not be counted against the Movants.

[3] According to that Stipulation and Agreed Order, as of the Commencement Date of this case, the pledged accounts were valued at approximately $200 million (including interest) to secure $192.5 million in bond obligations.

-7-

include any punitive damages against GM, the most commonly argued basis for equitable subordination in catastrophic injury products liability cases.

**(i)    The Movants' success in the other proceeding will not result in a judicial lien avoidable by the Debtors.**

21.    This factor has no application to this case.

**(j)    The interests of judicial economy and the expeditious and economical resolution of litigation favor granting this motion.**

22.    As the Court noted in In re Lyondell Chemical Co., 402 B.R. 596 (Bankr. S.D.N.Y. 2009), these factors are among the most important in any Sonnax analysis. Unlike in Lyondell, however, these factors are not in equipoise in this case.

23.    The Movants' interest in the expeditious resolution of litigation weighs strongly in favor of granting this Motion. In the pending appeal, the Debtors seek reversal and remand for a new trial. If the Debtors prevail, the Movants will be prejudiced by delay in that retrial. Evidence rarely improves through the passage of time. Witnesses move, die and forget. The cohesive presentation of a plaintiff's case gradually becomes harder to repeat. And the intangible right of these parents to have their day in court and to move forward with their lives (to the extent such a thing is possible) is suspended, resulting in injury that may not be quantifiable but nonetheless is very real. This human factor alone distinguishes this case from the litigation between multinational corporations over chemical contracts.

24.    In contrast, the Debtor gains no benefit from continued delay in resolving its appeal. Until the appeal is resolved, the Movants hold a non-contingent, liquidated and fully secured claim. See Teachers Insurance and Annuity Association of America v. Butler, 803 F.2d 61, 64-65 (2nd Cir. 1986) (bankruptcy court is precluded from relitigating judgments rendered by courts of competent jurisdiction, absent a showing that the judgment was procured by fraud or

collusion); <u>Lyondell</u>, 402 B.R. at 609.  Travelers is not likely to relinquish its rights to the Debtors' liquid collateral in the SmithBarney money market accounts until its liability on the supersedeas bond is resolved.  If the Eleventh Circuit affirms the District Court Judgment, the bond will be paid to Movants.  If the Eleventh Circuit does not affirm, the bond will expire by its terms.  Until one of those occurs, the Debtors' collateral will remain unavailable to them and the estate.

25.     This case is unlike <u>Lyondell</u> in at least two other respects.  First, since that judgment was some sixty (60) times larger than the Judgment here, one reasonably can infer that the judgment in that case relatively is more significant to Lyondell than is the Judgment in this case to GM.  It thus seems intuitive that the Judgment in this case has relatively less importance to the future course of this Debtors' case.

26.     Second, Lyondell continues to operate and to assert that it expects to reorganize.  GM has liquidated substantially all of its operating assets and thus cannot assert the same "distraction from the primary goal of reorganizing".  Moving the underlying case toward final resolution is consistent with the Debtors' liquidation and winding up of its affairs.

**(k)     The parties are ready . . . in the other proceeding.**

27.     Although the trial in the other proceeding has been completed and Judgment entered, the appeal has been fully briefed by the parties and is awaiting a decision by the Eleventh Circuit.

**(l)     The impact of the stay on the parties and the balance of harms favors granting this Motion.**

28.     As discussed above, the prejudice to the Movants by denying this Motion outweighs any harm to the Debtors from granting it.  The relief the Movants seek will not require any effort from or expense to the Debtors.  The Eleventh Circuit will simply render its decision

-9-

on the Debtors' pending appeal, either affirming the District Court Judgment or not. If the Judgment is affirmed, the Movants will seek payment from Travelers. If not, the Movants will return to this Court, if appropriate, and argue for further stay relief to allow a retrial.

29.  However, forcing the Movants to wait months or years before even allowing the Eleventh Circuit to rule will prejudice the Movants. As noted above, the passage of time rarely improves the search for truth, since evidence tends to become less available and reliable as time passes. As the Debtors have informed the Court in a previous filing opposing stay relief, "following the sale of their assets . . . the Debtors have no more legal staff, . . . no longer employ the engineers or other personnel designing the subject vehicle, and do not possess the other records and documents necessary to defend [the lawsuit]." See *Debtors' Opposition to the Motion of Sang Chul Lee and Dukson Lee for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying The Automatic Stay to Allow Continuation of Pre-Petition Litigation* [Docket #3485], paragraph 26. Thus if the Movants are required to re-try the underlying litigation, their interests, and the interests of justice and the integrity of the litigation process, dictate that such retrial be expedited. The Movants respectfully submit that the Court should give this factor great weight.

30.  The Movants are unaware of any other injury claims against the Debtors involving a final judgment on appeal by the Debtors, which is ripe for a decision and fully bonded. It therefore appears that this case is *sui juris*. Thus the Debtors cannot plausibly argue, as they did in opposing the Lee stay relief motion, that granting this Motion will "open the floodgates" for similar litigation or "result in an avalanche" of "copycat" motions. See *Debtors' Opposition to the Motion of Sang Chul Lee and Dukson Lee, supra* [Docket #3485], paragraph 23. Granting this Motion will have little, if any, precedential value.

31.     Accordingly, the Movants have demonstrated that any alleged prejudice the Debtors might suffer from automatic stay modification is outweighed by the certain prejudice to the Movants described above, and that balancing the harms to be suffered by the parties clearly favors modifying the automatic stay.

32.     The Movants request that the Court grant them relief from the automatic stay *instanter*, without the necessity of any ten day stay, all as authorized by Fed. R. Bank. P. 4001(a)(3).

## **CONCLUSION**

**WHEREFORE**, the Movants request entry of an order modifying, annulling and/or lifting the automatic stay pursuant to 11 U.S.C. §362 in order to (i) allow the Eleventh Circuit to render its decision in the Debtors' pending appeal before that Court and (ii) if the Judgment of the District Court is affirmed, to collect their final judgment from Travelers under the supersedeas bond, and granting the Movants such other and further relief as is just and equitable.

*[The Remainder of the Page Has Been Intentionally Left Blank]*

## **CERTIFICATION**

On several occasions on and prior to August 26, 2009, James C. Morton, Esq. conferred by telephone with an associate attorney at Weil, Gotshal & Manges, LLP, Debtors' counsel, with respect to consensual resolution of this motion.  Debtors' counsel reported that the Debtors were unable to consent to the requested relief at that time.

Dated:   New York, New York
         October 8, 2009

**HAHN & HESSEN LLP**

By:  /s/ Joshua I. Divack
      Joshua I. Divack

488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
jdivack@hahnhessen.com

- and -

James C. Morton
Georgia Bar No. 526025
Suite 1350, Two Midtown Plaza
1349 West Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 966-5133
jcm-law@comcast.net

*Attorneys for Bonnie J. Reynolds and Garland Reynolds, Jr.*