Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :      09-50026 (REG)
        f/k/a General Motors Corp., et al.:
                                          :
                Debtors.                  :      (Jointly Administered)
                                          :
------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
REMEDIATION AND LIABILITY                 :      09- 50029 (___)
MANAGEMENT COMPANY, INC.,                 :
                                          :
                Debtors.                  :
                                          :
------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
ENVIRONMENTAL CORPORATE                   :      09-50030 (___)
REMEDIATION COMPANY, INC.,                :
                                          :
                Debtors.                  :
                                          :
------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C § 105(a) DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11
CASES OF MOTORS LIQUIDATION COMPANY, *ET AL.*, F/K/A GENERAL
MOTORS CORP., *ET AL.* BE MADE APPLICABLE TO SUBSEQUENT DEBTORS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession, each of which commenced a case under chapter 11

of title 11, United States Code (the "**Bankruptcy Code**") on June 1, 2009 (collectively, the

"**First Filed Debtors**"),[1] together with certain subsidiaries of MLC and affiliates of the First

Filed Debtors, as debtors in possession (collectively, the "**New Debtors**"[2] and together with the

First Filed Debtors, the "**Debtors**"), respectfully represent as follows:

<u>**Relief Requested**</u>

1.      The Debtors request that, pursuant to section 105(a) of the Bankruptcy

Code, the Court direct that all generally applicable orders previously entered, as identified on

Exhibit "A" attached hereto, and any generally applicable proposed orders pending before the

Court, in the First Filed Debtors' chapter 11 cases (collectively, the "**First Filed Debtors'**

**Orders**") apply to the New Debtors in their chapter 11 cases.  Specifically, the Debtors seek to

have (i) those orders previously entered in the First Filed Debtors' chapter 11 cases, as identified

on Exhibit A, applied to the New Debtors, effective *nunc pro tunc* to the date of commencement

of the New Debtors' chapter 11 cases (the "**New Debtors Commencement Date**"), and (ii) any

orders entered after the New Debtors Commencement Date on motions that were pending in the

---

[1]      The First Filed Debtors in these chapter 11 cases is as follows:  Motors Liquidation Company (f/k/a
General Motors Corporation); MLCS, LLC (f/k/a/ Saturn, LLC); MLCS Distribution Corporation (f/k/a Saturn
Distribution Corporation); and MLC of Harlem, Inc. (f/k/a/ Chevrolet-Saturn of Harlem, Inc.).

[2]      The New Debtors in these chapter 11 cases are: (i) Remediation and Liability Management Company, Inc.
and (ii) Environmental Corporate Remediation Company, Inc.

First Filed Debtors' jointly administered cases on or before the New Debtors Commencement

Date applied to the New Debtors effective as of entry of any such orders.  In addition, to the

extent that the New Debtors identify any additional prior orders that should be made applicable

to their cases, the New Debtors will file a notice with an amended Exhibit A attached thereto.

The New Debtors request that, absent an objection within ten (10) calendar days to any such

notice, any newly identified orders be deemed applicable to the New Debtors effective *nunc pro*

*tunc* to the New Debtors Commencement Date.  The Debtors seek this relief in an effort to

eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on

this Court and parties in interest.  Assuming joint administration of the New Debtors' and the

First Filed Debtors' cases, each of the First Filed Debtors' Orders would apply to the New

Debtors as if the New Debtors had commenced their chapter 11 cases on the First Filed Debtors'

Commencement Date.

2.       To the extent a First Filed Debtors' Order provides for a shorter period of

time (a "**Shortened Time Period**") as would otherwise be allowed under the Bankruptcy Code,

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), or the Local Rules of the

Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), such Shortened

Time Period will not apply to the New Debtors.

3.       A proposed order is attached hereto as Exhibit "F".

**Jurisdiction**

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.       On June 1, 2009 (the "**Commencement Date**"), the First Filed Debtors

each commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The First Filed

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to Bankruptcy Rule 1015(b)[3].  The First Filed Debtors are

authorized to continue to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### The Relief Requested Should Be Approved by the Court

6.    Section 105(a) of the Bankruptcy Code provides, in relevant part that

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title."  11 U.S.C. § 105(a).  Pursuant to section 105(a) of the

Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that

is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g., In re*

*Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the

bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy

Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988)

("The overriding consideration in bankruptcy . . . is that equitable principles govern."); *In re*

*Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("The

Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor

may have in property for the benefit of its creditors as long as that protection is implemented in a

manner consistent with the bankruptcy laws.").

7.    The relief set forth in the First Filed Debtors' Orders is necessary to

facilitate a smooth transition into chapter 11 and to maximize the value of the New Debtors'

estates for the benefit of all parties in interest.

---

[3]        Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases [Docket
No. 156].

8.      Entry of an order directing that the First Filed Debtors' Orders be made applicable to the New Debtors will obviate the need for duplicative notices, motions, applications, and orders to be filed in the New Debtors' chapter 11 cases.  The Debtors seek to save considerable time and expense for their estates and reduce the burden on the Court and parties in interest by proceeding in this manner.  The New Debtors require the protections and authorizations that are set forth in the First Filed Debtors' Orders to enter chapter 11 in an orderly manner and to maintain their ability to reorganize successfully.  If this Motion is not granted, the New Debtors would seek substantially the same substantive relief granted in the First Filed Debtors' Orders.  Those orders address many of the matters that most debtors must deal with in their chapter 11 cases.  For example, the orders deal with, among other things, the retention and compensation of professionals, the payment of taxes, and insurance and employee related issues.

9.      Had the New Debtors filed chapter 11 petitions at the same time as the First Filed Debtors, they would have been movants with respect to the First Filed Debtors' Orders.  By proceeding in the manner of this Motion, the Debtors seek to streamline the motion practice for requesting such relief, while at the same time providing the same requisite facts and justification for such relief as if the New Debtors had filed such motions.

10.      The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code.  Similar procedures have been authorized in other complex chapter 11 cases.  *See, e.g.*, *In re General Growth Properties, Inc., et al.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 23, 2009) [Docket No. 117]; *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 17, 2008) [Docket No. 3562]; and *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 21, 2001)

[Docket No. 925][4].  Copies of the referenced orders for each of *General Growth*, *Lehman*, *Delphi*, and *Enron* are attached hereto as Exhibits "B," "C" and "D", respectively.

## **Notice**

11. Notice of this Motion has been provided to the holders of the unsecured claims against the New Debtors and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

12.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[4]    All orders were entered on notice, were unopposed and were entered on a final basis.  The extent to which the court relied on the relevant provisions is not clear from the orders.  With respect to findings of fact or conclusions of law, the orders indicate that sufficient notice was provided, that the relief was in the best interests of the debtors and that section 105(a) provided an appropriate legal basis for the relief requested.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       October 9, 2009

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**Exhibit A**

**Certain Orders Entered in Motors Liquidation Company, *et al.*,
f/k/a General Motors Corp. *et al.*, Case No. 09-50026 (REG)**

| Date | Docket Number | Order |
|------|---------------|-------|
| 6/1/2009 | 156 | Order Granting Motion for Joint Administration (Related Doc # 16 ) |
| 6/1/2009 | 157 | Case Management Order #1 |
| 6/1/2009 | 158 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Sections 105 (a), 342(a), and 521(a)(1), Fed. R. Bankr. P. 1007(a) and 2002(a), (d), (f) and (l), and Local Bankruptcy Rule 1007-1 (I) Waiving Requirement to File Lists of Creditors and Equity Security Holders and (II) Approving Form and Manner of Notifying Creditors of Commencement of Debtors' Chapter 11 Cases and First Meeting of Creditors (Related Doc # 17 ) |
| 6/1/2009 | 161 | Order Granting Administrative Expense Status to Undisputed Obligations to Vendors Arising from Postpetition Delivery of Goods and Services Ordered Prepetition and Authorizing Debtors to Pay Such Obligations in Ordinary Course of Business (Related Doc # 27 ) |
| 6/1/2009 | 162 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Section 105(a) Enforcing Protection of 11 U.S.C. Sections 362, 365(e)(1), and 525 (Related Doc # 23 ) |
| 6/1/2009 | 164 | Order Motion of Debtors Authorizing Debtors to (a) Pay Certain Employee Compensation and Benefits and (b) Maintain and Continue Such Benefits and other Employee-Related Programs and (II) Directing Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (Related Doc # 33 ) |
| 6/1/2009 | 169 | Order Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims (Related Doc # 47 ) |
| 6/1/2009 | 170 | Order Authorizing Payment of Certain Prepetition (I) Shipping and Delivery Charges for Goods in Transit, (II) Customs Duties, and (III) Tooling and Mechanics Lien Charges (Related Doc # 53 ) |
| 6/1/2009 | 172 | Order Authorizing Debtors to (a) Continue Their Liability, Product, Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (Related Doc # 72 ) |
| 6/1/2009 | 173 | Interim Order Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service (related document(s) 58 ) |
| 6/1/2009 | 174 | Order Authorizing Debtors to Pay Prepetition Taxes and Assessments (Related Doc # 55 ) |
| 6/1/2009 | 175 | Interim Order signed on 6/1/2009 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program (related document(s) 76) |

| Date | Docket Number | Order |
|------|---------------|-------|
| 6/1/2009 | 179 | Interim Order  Authorizing Debtors to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to Use of Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) Extending Time to Comply with 11 U.S.C. Section 345(b); and (C) Scheduling a Final Hearing (related document(s) 30) |
| 6/2/2009 | 292 | Interim Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant thereto, (B) Granting Related Liens and Super-Priority Status (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling a Final Hearing (Related Docs # 64, 68). |
| 6/25/2009 | 2529 | Final Order (A) Approving A Dip Credit Facility And Authorizing The Debtors To Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens And Super-Priority Status, (C) Authorizing The Use Of Cash Collateral And (D) Granting Adequate Protection To Certain Pre-Petition Secured Parties (related document(s) 64) |
| 6/25/2009 | 2533 | Final Order Authorizing Debtors To (I) Pay Prepetition Claims Of Certain Essential Suppliers, Vendors, And Service Providers, (II) Continue Troubled Supplier Assistance Program, And (III) Continue Participation In The United States Treasury Auto Supplier Support Program (related document(s) 76) |
| 6/25/2009 | 2534 | Order Authorizing The Debtors To Employ And Retain Ap Services, Loc As Crisis Managers And To Designate Albert A. Koch As Chief Restructuring Officer, Nunc Pro Tunc To The Petition Date (Related Doc # 952) |
| 6/25/2009 | 2542[1] | Final Order (A) Authorizing The Debtors To (I) Continue Using Existing Cash Management System, (II) Honor Certain Prepetition Obligations Related To The Use Of The Cash Management System, And (III) Maintain Existing Bank Accounts And Business Forms; And (B) Extending Time To Comply With 11 U.S.C. § 345(B) (Related Doc # 30) |
| 6/25/2009 | 2545 | Order Granting Debtor Additional Time To File Reports Of Financial Information Or To Seek Modification Of Reporting Requirements Pursuant To Bankruptcy Rules 2015.3 . (Related Doc # 727). |
| 6/25/2009 | 2546 | OrderAuthorizing Employment Of Weil, Gotshal & Manges LLP As Attorneys for The Debtors Nunc Pro Tunc To The Commencement Date. (Related Doc # 949) |
| 6/25/2009 | 2548 | Order Authorizing The Employment Of Honigman Miller Schwartz And Cohn LLP As Special Counsel For The Debtors Nunc Pro Tunc To The Petition Date. (Related Doc # 951) |
| 6/25/2009 | 2549 | Order Authorizing Retention And Employment Of The Garden City Group, Inc. As Notice And Claims Agent Nunc Pro Tunc To The Commencement Date. (Related Doc # 953) |
| 7/1/2009 | 2854 | Order Approving Retention Of Kramer Levin Naftalis & Frankel LLP As Counsel To The Official Committee Of Unsecured Creditors Nunc Pro Tunc To June 3, 2009. (Related Doc # 1744). |
| 7/1/2009 | 2900 | Order Authorizing Debtors To Employ Professionals Utilized In Ordinary Course Of Business. (Related Doc # 1742) |

---

[1]     Exhibit A to this Order shall be amended to include the bank accounts of the New Debtors which are listed in Exhibit "E" attached to the Motion.

| Date | Docket Number | Order |
|---|---|---|
| 7/5/2009 | 2969 | Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 AND 507 And Bankruptcy Rules 2002, 4001 AND 6004 (A) Approving Amendment to DIP Credit Facility To Proivde Debtors Post-Petition Wind-Down Financing |
| 7/13/2009 | 3124 | Order Granting Application to Employ Butzel Long as Special Counsel Nunc Pro Tunc to June 10, 2009 (Related Doc # 2847) |
| 7/27/2009 | 3399 | Agreed Protective OrderEstablishing Procedures for the Protection of Confidential Information. |
| 8/3/2009 | 3625 | Order Authorizing the Employment and Retention of Epiq Bankruptcy Solutions, LLC as The Committees Information Agent Nunc Pro Tunc to June 3, 2009 (Related Doc # 3268 ) |
| 8/3/2009 | 3626 | Order Granting Motion of The Official Committee of Unsecured Creditors for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c)(Related Doc # 3276) |
| 8/3/2009 | 3629 | Revised Order Establishing Notice and Case Management Procedures. |
| 8/3/2009 | 3630 | Order Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3279) |
| 8/3/2009 | 3632 | Order Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3281) |
| 8/3/2009 | 3633 | Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel For the Debtors, Nunc Pro Tunc to the Petition Date (Related Doc # 3282) |
| 8/3/2009 | 3634 | Order Authorizing Retention and Employment of Baker & McKenzie as Special Counsel, Nunc Pro Tunc to the Commencement Date (Related Doc # 3283) |
| 8/3/2009 | 3638 | Order Authorizing the Retention and Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3280) |
| 8/7/2009 | 3711 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Related Doc # 3278) |
| 8/18/2009 | 3829 | Order Authorizing the Retention and Employment of FTI Consulting, Inc., as its Financial Advisor, Nunc Pro Tunc to June 3, 2009 (Related Doc # 3659) |
| 8/18/2009 | 3830 | Order Granting Motion Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of De Minimis Assets, and (B) Authorizing the Debtors to (I) Pay Related Fees, and (II) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases(Related Doc # 3478) |
| 8/18/2009 | 3831 | Order Granting Motion Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter With AP Services, LLC (Related Doc # 3686) |
| 8/18/2009 | 3832 | Order Granting Additional Time to File Reports of Financial Information or to Seek Modification of Reporting Requirements Pursuant to Bankruptcy Rule 2015.3 (Related Doc # 3662) |
| 8/20/2009 | 3860 | Order Granting Motion to Enlarging the Time Within Which to File Notices of Removal of Related Proceedings (Related Doc # 3674) |
| 9/15/2009 | 4048 | Recusal Order Re: Candace Arthur Volunteer Law Clerk |
| 9/15/2009 | 4052 | Order Authorizing the Debtors to Amend the Terms of Their Engagement with Brownfield Partners, LLC. (Related Doc # 3938) |

## Exhibit B

## *General Growth* Certain Orders Motion

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **GENERAL GROWTH** | : | **09 - 11977 (ALG)** |
| **PROPERTIES, INC., et al.,** | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |

-------------------------------------------------------------------x
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **10 CCC BUSINESS TRUST,** | : | **09 – 12457 (ALG)** |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **20 CCC BUSINESS TRUST,** | : | **09 – 12458 (ALG)** |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **30 CCC BUSINESS TRUST,** | : | **09 – 12459 (ALG)** |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **CAPITAL MALL L.L.C.,** | : | **09 – 12462 (ALG)** |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **GGP-COLUMBIANA TRUST,** | : | **09 – 12464 (ALG)** |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x


0911977090423000000000015

```
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
GGP-GATEWAY MALL L.L.C.,                         :     09 – 12467 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
GRAND TRAVERSE MALL PARTNERS, LP,                :     09 – 12469 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
GREENWOOD MALL L.L.C.,                           :     09 – 12471 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
KALAMAZOO MALL L.L.C.,                           :     09 – 12472 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
LANCASTER TRUST,                                 :     09 – 12473 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
MONDAWMIN BUSINESS TRUST,                        :     09 – 12474 (ALG)
                                                 :
            Debtor.                              :
---------------------------------------------------------------x
```

2

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
RUNNING BROOK BUSINESS TRUST,            :    09 – 12475 (ALG)
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
TOWN CENTER EAST BUSINESS TRUST,         :    09 – 12476 (ALG)
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
BURLINGTON TOWN CENTER II LLC,           :    09 – 12477 (ALG)
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
GGP-MALL OF LOUISIANA, INC.,             :    09 – 12478 (ALG)
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
STONESTOWN SHOPPING CENTER               :    09 – 12479 (ALG)
HOLDING L.L.C.,                          :
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
CAPITAL MALL, INC.,                      :    09 – 12480 (ALG)
                                         :
         Debtor.                         :
-------------------------------------------------------------------x
```

3

```
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
GGP-GATEWAY MALL, INC.,                     :     09 – 12481 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
GGP-MALL OF LOUISIANA II, L.P.,             :     09 – 12482 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
GRAND TRAVERSE MALL HOLDING, INC.,          :     09 – 12483 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
GREENWOOD MALL, INC.,                       :     09 – 12484 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
KALAMAZOO MALL, INC.,                       :     09 – 12485 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                       :     Chapter 11 Case No.
                                            :
PARCIT-IIP LANCASTER VENTURE,               :     09 – 12486 (ALG)
                                            :
            Debtor.                         :
------------------------------------------------------------x
```

```
---------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
PARCITY L.L.C.,                           :        09 – 12487 (ALG)
                                          :
            Debtor.                       :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
PARCITY TRUST,                            :        09 – 12488 (ALG)
                                          :
            Debtor.                       :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
PARK CITY HOLDING, INC.,                  :        09 – 12489 (ALG)
                                          :
            Debtor.                       :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
PC LANCASTER L.L.C.,                      :        09 – 12490 (ALG)
                                          :
            Debtor.                       :
---------------------------------------------------------------x
---------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
PC LANCASTER TRUST,                       :        09 – 12491 (ALG)
                                          :
            Debtor.                       :
---------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF GENERAL GROWTH PROPERTIES, INC., ET AL. BE MADE APPLICABLE TO A NEW DEBTOR

Upon the motion, dated April 23, 2009 (the "**Motion**")[1] of South Street Seaport

---

[1]        Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5

Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their

debtor affiliates, as debtors and debtors in possession (collectively, the "**First Filed Debtors**"),

and certain subsidiaries of GGP and affiliates of the First Filed Debtors, as debtors and debtors in

possession, (collectively, the "**New Debtors**" and together with the First Filed Debtors, the

"**Debtors**"), pursuant to section 105(a) of the title 11 of the United States Code (the

"**Bankruptcy Code**"), requesting entry of an order directing that orders entered in the chapter 11

cases of the First Filed Debtors be made applicable to the New Debtors, all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and grant the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion

and Hearing (as defined below) to: (i) the Office of the United States Trustee for the Southern

District of New York (Attn: Greg M. Zipes); (ii) the Securities and Exchange Commission; (iii)

the Internal Revenue Service; (iv) EuroHypo AG, New York Branch, administrative agent for

the lenders to certain of the Debtors under (a) the Second Amended and Restated Credit

Agreement dated as of February 24, 2006 and (b) the Loan Agreement, dated as of July 11, 2008,

as amended; (v) Deutsche Bank Trust Company Americas, as administrative agent for the

lenders to certain of the Debtors under certain Loan Agreements, dated as of January 2, 2008 and

February 29, 2009, respectively; (vi) Goldman Sachs Mortgage Company, as administrative

agent for the lenders to certain of the Debtors under the Amended and Restated Credit

Agreement, dated as of November 3, 2008; (vii) Wilmington Trust, FSB, as indenture trustee

under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture, dated as

of April 16, 2007; (viii) LaSalle Bank National Association and Wilmington Trust, FSB,[2] as

indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24,

2006; (ix) The Bank of New York Mellon Corporation, as indenture trustee under that certain

Indenture, dated as of February 24, 1995; (x) those creditors holding the 100 largest unsecured

claims against the Debtors' estates (on a consolidated basis); and (xi) parties entitled to receive

notice in these chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 2002; and the

Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the

Declarations, the record of the Hearing, and all of the proceedings before the Court, the Court

finds and determines that the requested relief is in the best interests of the Debtors, their estates,

creditors, and all parties in interest; the Debtors have provided due and proper notice of the

Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the

Motion establish just and sufficient cause to grant the requested relief herein; and therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is

further

ORDERED that any and all generally applicable orders heretofore entered in the

First Filed Debtors' chapter 11 cases, as identified on **Schedule "A"** attached hereto, are

applicable to the New Debtors effective <u>nunc pro tunc</u> to the date of commencement of the New

Debtors' chapter 11 cases (the "**New Debtors Commencement Date**"), and any orders entered

after the New Debtors Commencement Date on motions that were pending in the First Filed

---

[2]    Wilmington Trust, FSB recently entered into an agreement pursuant to which it will assume the indenture trustee assignments of LaSalle Bank National Association.  As of the Commencement Date, the trustee assignment with respect to this indenture has not yet been transferred to Wilmington Trust, FSB; however, Wilmington Trust, FSB will succeed LaSalle Bank National Association as indenture trustee for this series of notes upon the transfer of the trustee assignment.

Debtors' jointly administered cases on or before the New Debtors Commencement Date, are

applicable to the New Debtors effective as of entry of any such orders; provided, however, that

to the extent that the New Debtors identify any additional prior orders that should be made

applicable to their cases, the New Debtors shall file a notice with an amended Exhibit A attached

thereto, and absent an objection within ten (10) calendar days to any such notice, such newly

identified orders shall be deemed applicable to the New Debtors effective nunc pro tunc to the

New Debtors Commencement Date; and it is further

ORDERED that any and all generally applicable orders hereafter entered in the

First Filed Debtors' chapter 11 cases in respect of requests for relief pending before the Court on

the date hereof shall be applicable to the New Debtors, effective as of the dates of entry of such

orders in the First Filed Debtors' chapter 11 cases, and as if the New Debtors were Debtors as set

forth in such orders; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: April 23, 2009
        New York, New York

_____ /s/ Allan L. Gropper_____
HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE

## Schedule A

## Orders Entered in General Growth Properties, Inc., et al.,
## Case No. 09-11977 (ALG)

| Date | Docket # | Order |
|------|----------|-------|
| April 17, 2009 | 35 | Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure |
| April 17, 2009 | 36 | Order Pursuant to 28 U.S.C. § 156(c) Approving the Retention of Kurtzman Carson Consultants LLC as Notice and Claims Agent for the Debtors |
| April 17, 2009 | 37 | Order (I) Granting the Debtors an Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, (II) Waiving the Requirement that Debtors File a List of Creditors, (III) Waiving the Requirement that Debtors Serve Notice of Commencement on Equity Security Holders, and (IV) Approving the Form and Manner of the Commencement Notice |
| April 17, 2009 | 38 | Interim Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 to Implement Certain Notice and Case Management Procedures |
| April 17, 2009 | 39 | Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing, But Not Directing, the Debtors to Pay Certain Prepetition Claims of Critical Service Providers and (II) Approving Procedures Related Thereto |
| April 17, 2009 | 40 | Interim Order Pursuant to Sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of the Bankruptcy Code Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation, (II) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, and (III) Authorize Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests |

| Date | Docket # | Order |
|---|---|---|
| April 17, 2009 | 43 | Interim Order Pursuant to Sections 105(a), 345(b), 363(b), 363(c) and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (A) Authorizing the Debtors to (I) Continue Using Existing Centralized Cash Management System (II) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (III) Maintain Existing Bank Accounts and Business Forms; (B) Granting an Extension of Time to Comply with Section 345(b) of the Bankruptcy Code and (C) Scheduling a Final Hearing |
| April 17, 2009 | 44 | Interim Order Pursuant to Sections 361, 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing on Use of Cash Collateral |

**Exhibit C**

**_Lehman_ Certain Orders Motion**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
                                                    :
         **Debtors.**                               :    **(Jointly Administered)**
                                                    :
                                                    :
------------------------------------------------------------------x
                                                    :
In re                                               :    **Chapter 11 Case No.**
                                                    :
**LB 2080 KALAKAUA OWNERS LLC,**                    :    **09 - 12516 (JMP)**
                                                    :
                                                    :
         **Debtor.**                                :
                                                    :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE DIRECTING THAT**
**CERTAIN ORDERS AND OTHER PLEADINGS ENTERED OR**
**FILED IN THE CHAPTER 11 CASES OF AFFILIATED DEBTORS BE MADE**
**APPLICABLE TO THE CHAPTER 11 CASE OF LB 2080 KALAKAUA OWNERS LLC**

Upon the motion, dated May 4, 2009 (the "Motion"), jointly filed by the above

referenced debtors (collectively, the "Debtors"), as debtors in possession, seeking an order that

certain orders and other pleadings entered or filed in these chapter 11 cases (Case No. 08-13555)

be made applicable to the chapter 11 case of LB 2080 Kalakaua Owners LLC (Case No. 09-

12516 (JMP)), all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered February 13, 2009 governing case management and

administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be provided;

the Court finds and determines, after due deliberation, that the relief sought in the Motion is in

the best interests of the Debtors, their estates, and all parties in interest therein and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the orders set forth on <u>Exhibit A</u> annexed to the Motion from the jointly

administered chapter 11 cases (Case No. 08-13555 (JMP)) are hereby made applicable to LB

2080 Kalakaua Owners LLC nunc pro tunc to the date of commencement of its chapter 11 case,

as if LB 2080 Kalakaua Owners LLC was one of the Debtors referred to in said orders; and it is

further

ORDERED that the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local

Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and

Applications [Docket No. 2] and the Declaration of David Coles Pursuant to Rule 1007-2 of the

Local Bankruptcy Rules for the Southern District of New York [Docket No. 1325] are hereby

2

made applicable to LB 2080 Kalakaua Owners LLC as if LB 2080 Kalakaua Owners LLC was

one of the Debtors referred to in said affidavits; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


Dated: New York, New York
      May 13, 2009

                           *s/ James M. Peck*
                           UNITED STATES BANKRUPTCY JUDGE

## Exhibit D

## *Enron* Certain Orders Motion

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                    :
In re                               :         Chapter 11
                                    :
ENRON CORP., ET AL.,                :         Case No. 01-16034 (AJG)
                                    :
                                    :         Jointly Administered
              Debtors.              :
-------------------------------------------------------------    x
```

### ORDER DIRECTING THAT CERTAIN ORDERS ENTERED IN THE CHAPTER 11 CASES OF ENRON CORP., ET AL. BE MADE APPLICABLE TO ENRON GLOBAL MARKETS LLC

Upon consideration of the motion (the "Motion") jointly filed by Enron Corp. and certain of its affiliated debtor entities (collectively, the "Enron Debtors"), as debtors and debtors in possession, and Enron Global Markets LLC ("EGM," and collectively with the Enron Debtors, the "Debtors"), as debtor and debtor in possession, seeking entry of an order pursuant to section 105(a) of the Bankruptcy Code directing that certain orders entered in the chapter 11 cases of the Enron Debtors be made applicable to EGM; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that due notice of the Motion has been given and no further notice need be given; and upon the proceedings before the Court; and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1.      The Motion is hereby granted.

2.       The orders in the Enron Debtors' chapter 11 cases set forth on Exhibit A hereto are hereby made applicable to EGM, effective as of the date set forth on Exhibit A, and as if EGM were an Enron Debtor referred to in said orders.

3.       Unless a party in interest objects and requests a hearing prior to the date that is 15 days after the date the Motion is served (the "DIP Finalization Date"), the Final DIP Order (as defined in the Motion) shall hereby be made applicable to EGM in its chapter 11 case on and as of the DIP Finalization Date, as if EGM were a Debtor referred to in said order.

4.       If a party-in-interest does file an objection prior to the DIP Finalization Date, a hearing shall be scheduled to consider such objection, and the Interim DIP Order shall continue to apply as to EGM until the resolution of such objection.

5.       Any and all other previous and subsequent orders entered in the Enron Debtors' chapter 11 cases are hereby made applicable to EGM, effective as of entry of such orders in the Debtors' chapter 11 cases, as if EGM were a Debtor referred to in said orders.

6.      Notwithstanding the relief granted herein, and the filing of further affiliates of the Enron Debtors under chapter 11 of the Bankruptcy Code, in no event shall the Debtors exceed the aggregate dollar limitations contained in each of the orders listed above or agreed to on the record at the hearing held before this Court on December 3, 2001, unless otherwise ordered by this Court.

Dated:   January 11, 2002

                              s/Arthur J. Gonzalez
                              HONORABLE ARTHUR J. GONZALEZ,
                              UNITED STATES BANKRUPTCY JUDGE

## Exhibit E

### Bank Accounts of New Debtors

## Environmental Corporate Remediation Company, Inc.
## Domestic Bank Accounts

| | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Citibank, N.A.<br>1 Penn's Way<br>New Castle, DE  19720 | DEP | Citibank, N.A. | 6071 |

## Remediation And Liability Management Company, Inc.
## Domestic Bank Accounts

| | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Citibank, N.A.<br>1 Penn's Way<br>New Castle, DE  19720 | DEP | Citibank, N.A. | 0578 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 2083 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 9624 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 9474 |

**<u>Exhibit F</u>**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                            :
          **Debtors.** :          **(Jointly Administered)**
                                            :
-------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11 Case No.**
                                            :
**REMEDIATION AND LIABILITY**               :          **09-50029 (___)**
**MANAGEMENT COMPANY, INC.,**               :
                                            :
          **Debtors.** :
                                            :
-------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11 Case No.**
                                            :
**ENVIRONMENTAL CORPORATE**                 :          **09-50030 (___)**
**REMEDIATION COMPANY, INC.,**              :
                                            :
          **Debtors.** :
                                            :
-------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11**
**CASES OF MOTORS LIQUIDATION COMPANY,** *ET AL.,* **F/K/A GENERAL**
**MOTORS CORP.,** *ET AL.,* **BE MADE APPLICABLE TO SUBSEQUENT DEBTORS**

       Upon the motion, dated October 9, 2009 (the "**Motion**")[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**First Filed Debtors**"), and certain subsidiaries of MLC and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

affiliates of the First Filed Debtors, as debtors in possession, (collectively, the "**New Debtors**"

and together with the First Filed Debtors, the "**Debtors**")[2], pursuant to section 105(a) of the title

11, United States Code (the "**Bankruptcy Code**"), for entry of an order directing that orders

entered in the chapter 11 cases of the First Filed Debtors be made applicable to the New Debtors,

all as more fully described in the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that any and all generally applicable orders heretofore entered in the

First Filed Debtors' chapter 11 cases, as identified on Exhibit A attached hereto, are applicable to

the New Debtors effective *nunc pro tunc* to the date of commencement of the New Debtors'

chapter 11 cases (the "**New Debtors Commencement Date**"), and any orders entered after the

New Debtors Commencement Date on motions that were pending in the First Filed Debtors'

jointly administered cases on or before the New Debtors Commencement Date, are applicable to

the New Debtors effective as of entry of any such orders; provided, however, that to the extent

that the New Debtors identify any additional prior orders that should be made applicable to their

cases, the New Debtors shall file a notice with an amended Exhibit A attached thereto, and

absent an objection within ten (10) calendar days to any such notice, such newly identified orders

---

[2]         The First Filed Debtors in these chapter 11 cases is as follows:  Motors Liquidation Company (f/k/a
General Motors Corporation); MLCS, LLC (f/k/a/ Saturn, LLC); MLCS Distribution Corporation (f/k/a Saturn
Distribution Corporation); and MLC of Harlem, Inc. (f/k/a/ Chevrolet-Saturn of Harlem, Inc.).

shall be deemed applicable to the New Debtors effective *nunc pro tunc* to the New Debtors

Commencement Date; and it is further

ORDERED that any and all generally applicable orders hereafter entered in the

First Filed Debtors' chapter 11 cases in respect of requests for relief pending before the Court on

the date hereof shall be applicable to the New Debtors, effective as of the dates of entry of such

orders in the First Filed Debtors' chapter 11 cases, and as if the New Debtors were Debtors as set

forth in such orders; and it is further

ORDERED that to the extent a First Filed Debtors' Order provides for a shorter

period of time (a "**Shortened Time Period**") as would otherwise be allowed under the

Bankruptcy Code, Bankruptcy Rules, or Local Rules with respect to the New Debtors, such

Shortened Time Period will not apply to the New Debtors; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated:  New York, New York
            _____, 2009


_____
United States Bankruptcy Judge

**Exhibit A**

**Certain Orders Entered in Motors Liquidation Company, *et al.*,
f/k/a General Motors Corp. *et al.*, Case No. 09-50026 (REG)**

| Date | Docket Number | Order |
|---|---|---|
| 6/1/2009 | 156 | Order Granting Motion for Joint Administration (Related Doc # 16 ) |
| 6/1/2009 | 157 | Case Management Order #1 |
| 6/1/2009 | 158 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Sections 105 (a), 342(a), and 521(a)(1), Fed. R. Bankr. P. 1007(a) and 2002(a), (d), (f) and (l), and Local Bankruptcy Rule 1007-1 (I) Waiving Requirement to File Lists of Creditors and Equity Security Holders and (II) Approving Form and Manner of Notifying Creditors of Commencement of Debtors' Chapter 11 Cases and First Meeting of Creditors (Related Doc # 17 ) |
| 6/1/2009 | 161 | Order Granting Administrative Expense Status to Undisputed Obligations to Vendors Arising from Postpetition Delivery of Goods and Services Ordered Prepetition and Authorizing Debtors to Pay Such Obligations in Ordinary Course of Business (Related Doc # 27 ) |
| 6/1/2009 | 162 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Section 105(a) Enforcing Protection of 11 U.S.C. Sections 362, 365(e)(1), and 525 (Related Doc # 23 ) |
| 6/1/2009 | 164 | Order Motion of Debtors Authorizing Debtors to (a) Pay Certain Employee Compensation and Benefits and (b) Maintain and Continue Such Benefits and other Employee-Related Programs and (II) Directing Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (Related Doc # 33 ) |
| 6/1/2009 | 169 | Order Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims (Related Doc # 47 ) |
| 6/1/2009 | 170 | Order Authorizing Payment of Certain Prepetition (I) Shipping and Delivery Charges for Goods in Transit, (II) Customs Duties, and (III) Tooling and Mechanics Lien Charges (Related Doc # 53 ) |
| 6/1/2009 | 172 | Order Authorizing Debtors to (a) Continue Their Liability, Product, Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (Related Doc # 72 ) |
| 6/1/2009 | 173 | Interim Order Approving Debtors Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections By Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service (related document(s) 58 ) |
| 6/1/2009 | 174 | Order Authorizing Debtors to Pay Prepetition Taxes and Assessments (Related Doc # 55 ) |
| 6/1/2009 | 175 | Interim Order signed on 6/1/2009 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors and Services Providers Providers; (II) Continue Troubled Supplier Assistance Program; and (III) Continue Participation in The United States Treasury Auto Supplier Support Program (related document(s) 76) |

| Date | Docket Number | Order |
|---|---|---|
| 6/1/2009 | 179 | Interim Order  Authorizing Debtors to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to Use of Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) Extending Time to Comply with 11 U.S.C. Section 345(b); and (C) Scheduling a Final Hearing (related document(s) 30) |
| 6/2/2009 | 292 | Interim Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant thereto, (B) Granting Related Liens and Super-Priority Status (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling a Final Hearing (Related Docs # 64, 68). |
| 6/25/2009 | 2529 | Final Order (A) Approving A Dip Credit Facility And Authorizing The Debtors To Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens And Super-Priority Status, (C) Authorizing The Use Of Cash Collateral And (D) Granting Adequate Protection To Certain Pre-Petition Secured Parties (related document(s) 64) |
| 6/25/2009 | 2533 | Final Order Authorizing Debtors To (I) Pay Prepetition Claims Of Certain Essential Suppliers, Vendors, And Service Providers, (II) Continue Troubled Supplier Assistance Program, And (III) Continue Participation In The United States Treasury Auto Supplier Support Program (related document(s) 76) |
| 6/25/2009 | 2534 | Order Authorizing The Debtors To Employ And Retain Ap Services, Loc As Crisis Managers And To Designate Albert A. Koch As Chief Restructuring Officer, Nunc Pro Tunc To The Petition Date (Related Doc # 952) |
| 6/25/2009 | 2542[1] | Final Order (A) Authorizing The Debtors To (I) Continue Using Existing Cash Management System, (II) Honor Certain Prepetition Obligations Related To The Use Of The Cash Management System, And (III) Maintain Existing Bank Accounts And Business Forms; And (B) Extending Time To Comply With 11 U.S.C. § 345(B) (Related Doc # 30) |
| 6/25/2009 | 2545 | Order Granting Debtor Additional Time To File Reports Of Financial Information Or To Seek Modification Of Reporting Requirements Pursuant To Bankruptcy Rules 2015.3 . (Related Doc # 727). |
| 6/25/2009 | 2546 | OrderAuthorizing Employment Of Weil, Gotshal & Manges LLP As Attorneys for The Debtors Nunc Pro Tunc To The Commencement Date. (Related Doc # 949) |
| 6/25/2009 | 2548 | Order Authorizing The Employment Of Honigman Miller Schwartz And Cohn LLP As Special Counsel For The Debtors Nunc Pro Tunc To The Petition Date. (Related Doc # 951) |
| 6/25/2009 | 2549 | Order Authorizing Retention And Employment Of The Garden City Group, Inc. As Notice And Claims Agent Nunc Pro Tunc To The Commencement Date. (Related Doc # 953) |
| 7/1/2009 | 2854 | Order Approving Retention Of Kramer Levin Naftalis & Frankel LLP As Counsel To The Official Committee Of Unsecured Creditors Nunc Pro Tunc To June 3, 2009. (Related Doc # 1744) |
| 7/1/2009 | 2900 | Order Authorizing Debtors To Employ Professionals Utilized In Ordinary Course Of Business. (Related Doc # 1742) |

---

[1]    Exhibit A to this order shall be amended to include the bank accounts of the New Debtors which are listed in Exhibit "B" attached hereto.

| Date | Docket Number | Order |
|---|---|---|
| 7/5/2009 | 2969 | Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 AND 507 And Bankruptcy Rules 2002, 4001 AND 6004 (A) Approving Amendment to DIP Credit Facility To Proivde Debtors Post-Petition Wind-Down Financing |
| 7/13/2009 | 3124 | Order Granting Application to Employ Butzel Long as Special Counsel Nunc Pro Tunc to June 10, 2009 (Related Doc # 2847) |
| 7/27/2009 | 3399 | Agreed Protective OrderEstablishing Procedures for the Protection of Confidential Information. |
| 8/3/2009 | 3625 | Order Authorizing the Employment and Retention of Epiq Bankruptcy Solutions, LLC as The Committees Information Agent Nunc Pro Tunc to June 3, 2009 (Related Doc # 3268 ) |
| 8/3/2009 | 3626 | Order Granting Motion of The Official Committee of Unsecured Creditors for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c)(Related Doc # 3276) |
| 8/3/2009 | 3629 | Revised Order Establishing Notice and Case Management Procedures. |
| 8/3/2009 | 3630 | Order Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3279) |
| 8/3/2009 | 3632 | Order Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3281) |
| 8/3/2009 | 3633 | Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel For the Debtors, Nunc Pro Tunc to the Petition Date (Related Doc # 3282) |
| 8/3/2009 | 3634 | Order Authorizing Retention and Employment of Baker & McKenzie as Special Counsel, Nunc Pro Tunc to the Commencement Date (Related Doc # 3283) |
| 8/3/2009 | 3638 | Order Authorizing the Retention and Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date (Related Doc # 3280) |
| 8/7/2009 | 3711 | Order Granting Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Related Doc # 3278) |
| 8/18/2009 | 3829 | Order Authorizing the Retention and Employment of FTI Consulting, Inc., as its Financial Advisor, Nunc Pro Tunc to June 3, 2009 (Related Doc # 3659) |
| 8/18/2009 | 3830 | Order Granting Motion Pursuant to 11 U.S.C. §§ 105 and 363 (A) Establishing Procedures for the Disposition of De Minimis Assets, and (B) Authorizing the Debtors to (I) Pay Related Fees, and (II) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases(Related Doc # 3478) |
| 8/18/2009 | 3831 | Order Granting Motion Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter With AP Services, LLC (Related Doc # 3686) |
| 8/18/2009 | 3832 | Order Granting Additional Time to File Reports of Financial Information or to Seek Modification of Reporting Requirements Pursuant to Bankruptcy Rule 2015.3 (Related Doc # 3662) |
| 8/20/2009 | 3860 | Order Granting Motion to Enlarging the Time Within Which to File Notices of Removal of Related Proceedings (Related Doc # 3674) |
| 9/15/2009 | 4048 | Recusal Order Re: Candace Arthur Volunteer Law Clerk |
| 9/15/2009 | 4052 | Order Authorizing the Debtors to Amend the Terms of Their Engagement with Brownfield Partners, LLC. (Related Doc # 3938) |

## Exhibit B

### Bank Accounts of New Debtors

## Environmental Corporate Remediation Company, Inc.
## Domestic Bank Accounts

|  | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Citibank, N.A.<br>1 Penn's Way<br>New Castle, DE  19720 | DEP | Citibank, N.A. | 6071 |

## Remediation And Liability Management Company, Inc.
## Domestic Bank Accounts

|  | Account Type | Account Name | Account Number (Last Four Digits) |
|---|---|---|---|
| Citibank, N.A.<br>1 Penn's Way<br>New Castle, DE  19720 | DEP | Citibank, N.A. | 0578 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 2083 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 9624 |
| JPMorgan Chase<br>270 Park Ave. #12<br>New York,NY,10017-7924 | DEP | JPMorgan Chase | 9474 |