**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | |
| f/k/a General Motors Corp., *et al.* | : | **09-50026 (REG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                    ) ss:
COUNTY OF SUFFOLK    )

I, Barbara Kelley Keane, being duly sworn, depose and state:

1. I am an Assistant Director with The Garden City Group, Inc., the claims and noticing agent for the debtors and debtors-in-possession (the "Debtors") in the above-captioned proceeding. Our business address is 105 Maxess Road, Melville, New York 11747.

2. Between September 24, 2009 and September 26, 2009, at the direction of Weil, Gotshal & Manges LLP, counsel for the Debtors in the above-captioned case, I caused to be served true and correct copies of the documents identified below addressed to each of the individuals and entities in the service lists attached hereto as Exhibit "A" (all parties listed in the Debtor's Schedules of Assets and Liabilities) and Exhibit "B" (including but not limited to all parties who filed a Notice of Appearance, the master service list, the creditor matrix and all other parties in interest) as follows:

   (i) **Notice Of Bar Dates for Filing of Proofs of Claim (the "Notice")** and a customized **Proof of Claim** form addressed to each of the individuals and entities identified in the service list attached hereto as Exhibit "A"; and

   (ii) **Notice** and a **Proof of Claim** form addressed to each of the individuals and entities identified in the service list attached hereto as Exhibit "B"

by depositing same in sealed, postage paid envelopes at a United States Post Office for delivery by the United States Postal Service via First Class Mail.

/s/  Barbara Kelley Keane

Sworn to before me this
14th day of October, 2009

/s/  Eamon Mason
Notary Public – State of New York
No 01MA6187254
My Commission Expires May 19, 2012

**UNITED STATES BANKRUPTCY COURT**
**SOURTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                            :   Chapter 11 Case No.
                                                                 :
**MOTORS LIQUIDATION COMPANY**                                   :   09-50026 (REG)
f/k/a **GENERAL MOTORS CORPORATION,**                            :
*et al.*,                                                        :
                                                                 :
                              Debtors.                           :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
### (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc.<br>CKS of Harlem |

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.  In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**1.    WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

**2.    WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a) Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b) Your claim has been paid in full;

(c) You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d) You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date**;

(e) You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f) You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g) You are a Debtor in these cases having a claim against another Debtor;

(h) You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

(i) You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j) You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

| If by overnight courier or hand delivery to: | If by first-class mail, to: |
|---|---|
| The Garden City Group, Inc.<br>Attn: Motors Liquidation Company Claims Processing<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017 | The Garden City Group, Inc.<br>Attn: Motors Liquidation Company Claims Processing<br>P.O. Box 9386<br>Dublin, Ohio 43017-4286 |

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.     **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.     **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

7.     **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-286-6401

      In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**

DATED: September 16, 2009                                                            BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**Certain Debt Instruments**

|   | **Debt Instrument** | **CUSIP, ISIN, or Swiss Security Numbers** |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| | | |
|---|---|---|
| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

09-50026-mg    Doc 4238    Filed 10/14/09    Entered 10/14/09 12:17:18    Main Document
Pg 8 of 8