UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                        :

In re                                            :         Chapter 11 Case No.

MOTORS LIQUIDATION COMPANY, *et al.*,  :         09-50026 (REG)
    f/k/a General Motors Corp., *et al.*   :
                  Debtors.        :         (Jointly Administered)
                                                        :
------------------------------------------------------------x

SECOND SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT
ON BEHALF OF WEIL, GOTSHAL & MANGES LLP PURSUANT
TO SECTIONS 327, 328(a), 329 AND 504 OF THE
BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(a) AND 2016(b)

STATE OF NEW YORK          )
                                      ) ss:
COUNTY OF NEW YORK        )

        Stephen Karotkin, being duly sworn, deposes and says:

        1.     I am a member of the firm of Weil, Gotshal & Manges LLP ("**WG&M**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Providence, Rhode Island; Wilmington, Delaware; and Menlo Park, California; and foreign offices in London, United Kingdom; Budapest, Hungary; Warsaw, Poland; Brussels, Belgium; Frankfurt and Munich, Germany; Prague, The Czech Republic; Paris, France; Beijing, Hong Kong and Shanghai, China; and Dubai, United Arab Emirates.

        2.     I submit this second supplemental affidavit (the "**Supplemental Affidavit**") in connection with the application dated June 12, 2009 (the "**Application**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for approval of the Debtors' retention of WG&M, as their attorneys in the above-

captioned chapter 11 cases, nunc pro tunc to the date of commencement of these cases, at their normal hourly rates in effect from time to time and in accordance with their normal reimbursement policies, in compliance with sections 328(a), 329, and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Unless otherwise stated in this Supplemental Affidavit, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon WG&M's completion of further review or as additional party-in-interest information becomes available to it, a further supplemental declaration will be filed stating such amended or modified information.

3. This affidavit supplements my affidavit sworn to on June 12, 2009 and filed consistent with WG&M's continuing obligation to make required disclosures, and also supplements my first supplemental affidavit sworn to on June 23, 2009 that was filed in further support of the Application. By order of the Court dated June 25, 2009 (the **"Order"**) [Docket No. 2546], the Court granted the relief requested in the Application.

4. On June 1, 2009, a motion was filed by the Debtors seeking entry of an order authorizing and approving the sale of substantially all of their assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, together with all documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the **"MPA"**) [Docket No. 92].

5. On July 5, 2009, an order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered (the **"Sale Order"**) [Docket No. 2968].

6. On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company ("**GMCo.**").

7. On July 10, 2009, pursuant to the MPA and the Sale Order, GMCo. acquired substantially all of the assets of the Debtors (the **"363 Transaction"**). In connection with the consummation of the 363 Transaction, WG&M continued to perform certain services that had commenced prior to the closing that were critical to the consummation of such transaction, including services related to various financing arrangements to be entered into by GMCo. As a result of the need to consummate the transaction expeditiously to preserve value for the benefit of all stakeholders, these services were performed on behalf of GMCo. with the consent of both the Debtors and GMCo.

8. On October 16, 2009, GMCo. filed the required documentation to change its name to General Motors LLC. General Motors LLC and its affiliates are referred to herein as "**GM LLC**".

9. Since the consummation of the 363 Transaction, WG&M has had discussions with both the Debtors and GM LLC with respect to the ongoing representation of both entities. In view of WG&M's unique knowledge base and experience by reason of its historical representation of the Debtors and in connection with the closing of the 363 Transaction, GM LLC desires to engage WG&M to continue to perform such professional services relating to the ongoing enterprise that are not adverse to the Debtors and may enhance the value of GM LLC and, thereby, inure to the benefit of the Debtors as the owners of 10% of the equity interests in GM LLC and warrants to require additional equity. WG&M also would

continue to serve as attorneys for the Debtors pursuant to the Order, and perform all professional services required by the Debtors in connection with the administration of the Debtors' chapter 11 cases. GM LLC would be responsible for the costs and expenses of its engagement of WG&M.

10. The following is a summary of the principal matters as to which WG&M has performed services relating to GM LLC in connection with the consummation of the 363 Transaction as well as those areas where it is contemplated that WG&M will continue to perform legal services to GM LLC on an ongoing basis:

   (A) <u>Services Related to Consummation of 363 Transaction</u>

   - Financing arrangements relating to GM LLC entered into in connection with the closing of the 363 Transaction including (a) an approximate $7 billion secured facility representing a portion of the Debtors' debtor in possession financing facility assumed by GM LLC, (b) an approximate $1.288 billion secured facility representing a portion of loans previously made by Economic Development Canada ("**EDC**") to General Motors of Canada Limited ("**GMCL**") and assumed by GM LLC and its subsidiaries, (c) an approximate $3.887 billion credit facility provided by EDC to GMCL; and (d) a $2.5 billion secured note agreement with the UAW Retiree Medical Benefits Trust.

   - Issues in connection with the assumption and assignment of executory contracts and unexpired leases under the MPA, including resolution of cure amount disputes and other related matters.

   - All matters relating to Delphi Corporation ("**Delphi**"), including the purchase of assets from Delphi and the resolution of its chapter 11 cases.

   (B) <u>Ongoing Services Projected to be Provided to GM LLC</u>

   - Continued representation with respect to the financing transactions described above, including covenant monitoring, reporting, amendments and various post-closing matters.

   - Potential new financings or refinancings of GM LLC and/or its affiliates.

   - Participation in the automotive supplier liquidity program.

   - All matters relating to Delphi.

   - Executory contracts and unexpired leases to be assumed and assigned to GM LLC under the MPA.

- Representation of GM LLC in connection with the structure and placement of directors' and officers' insurance and related coverage.

- The implementation of the MPA, including any litigation with third parties (other than the Debtors) in connection therewith.

- GM LLC's international operations.

- Other matters specifically requested by GM LLC from time to time which are not adverse to the Debtors.

WG&M promptly will notify the United States Trustee of any material additional services that may be requested by GM LLC.

11. Pursuant to the applicable rules of professional conduct, and consistent with section 327(a) of the Bankruptcy Code, WG&M will not represent GM LLC or its affiliates in any litigation or contested matters (including litigation and contested matters in the chapter 11 cases) where the interests of GM LLC or its affiliates are adverse to the Debtors.

12. The Debtors and GM LLC and its affiliates have consented to WG&M's joint representation as described in this affidavit on the terms and conditions set forth herein.

13. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe WG&M does not hold or represent an interest adverse to the Debtors

[*The remainder of this page is intentionally left blank*]

or their estates in the matters upon which WG&M is to be employed, and WG&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

/s/ Stephen Karotkin
Stephen Karotkin
A Member of the Firm

Sworn before me on this,
23rd day of October 2009.

/s/ Ilusion Rodriguez
Notary Public

ILUSION RODRIGUEZ
NOTARY PUBLIC, State of New York
No. 01RO6188069
Qualified in Kings County
Commission Expires June 02, 2012