HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, Michigan 48226
Telephone: (313) 465-7596
Facsimile: (313) 465-7597
Robert B. Weiss

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re                                                                   :    Chapter 11 Case No.
                                                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,                                   :    09-50026 (REG)
                                                                        :
                                Debtors.                                :    (Jointly Administered)
------------------------------------------------------------------------x

**SECOND SUPPLEMENTAL DECLARATION
OF ROBERT B. WEISS IN CONNECTION WITH
DEBTORS' APPLICATION TO RETAIN
HONIGMAN MILLER SCHWARTZ AND COHN LLP**

    I, Robert B. Weiss, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

    1.    I am a partner of Honigman Miller Schwartz and Cohn LLP (**"Honigman"** or the **"Firm"**), a law firm with offices in Detroit, Michigan. I am duly authorized to make this Declaration (the **"Supplemental Declaration"**) on behalf of Honigman. Except as otherwise indicated, the facts set forth in this Supplemental Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

    2.    I submit this Supplemental Declaration in connection with the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel for the Debtors, *Nunc*

*Pro Tunc* to the Petition Date (the **"Retention Application"**), which was filed on June 12, 2009 [Docket No. 951] in the above-captioned Chapter 11 cases (the **"Chapter 11 Cases"**) of Motors Liquidation Company and its affiliated debtors (collectively, the **"Debtors"**).[1] In support of the Retention Application, I filed an initial declaration (the **"Initial Declaration"**), dated June 12, 2009, disclosing connections with certain identified persons and entities (the **"Potential Parties in Interest"**). I filed a Supplemental Declaration of Robert B. Weiss in Connection with Debtors' Application to Retain Honigman Miller Schwartz and Cohn LLP, dated June 23, 2009 [Docket No. 2254], in further support of the Retention Application. On June 25, 2009, the Court entered the Order Granting Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) of the Federal Rules of Bankruptcy Procedure For Authorization To Employ and Retain Honigman Miller Schwartz and Cohn LLP As Special Counsel For the Debtors, *Nunc Pro Tunc* to the Petition Date (the **"Order"**) [Docket No. 2548].

    3.    On June 1, 2009, a motion was filed by the Debtors seeking entry of an order authorizing and approving the sale of assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, together with all related documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the **"MPA"**) [Docket No. 92].

    4.    On July 5, 2009, this Court entered its Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain

---

[1] The Debtors are: Motors Liquidation Company f/k/a General Motors Corporation (Case No. 09-50026), Chevrolet-Saturn of Harlem, Inc. (Case No. 09-13558), Saturn, LLC (Case No. 09-50027), and Saturn Distribution Corporation (Case No. 09-50028).

Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the **"Sale Order"**) [Docket No. 2968].

5. On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company.

6. On July 10, 2009, pursuant to the MPA and this Court's Sale Order, General Motors Company acquired substantially all of the assets of the Debtors (the **"363 Transaction"**).

7. On October 16, 2009, General Motors Company filed the required documentation to change its name to General Motors LLC. General Motors LLC and its affiliates are referred to herein as **"GM LLC"**.

8. Following the consummation of the 363 Transaction, Honigman has had discussions with both the Debtors and GM LLC concerning ongoing representation of the two entities.

9. In order to provide for an efficient and seamless implementation of the MPA in the most cost-effective manner possible, as well as to utilize Honigman's unique expertise regarding the acquired assets and GM LLC's business operations by reason of its prior representation of the Debtors, GM LLC and its affiliates wish to engage the services of Honigman, which continues to serve as special counsel for the Debtors pursuant to Section 327(e) of the Bankruptcy Code.

10. In light of: (a) the closing of the 363 Transaction; (b) the efficiency of one counsel representing the estate to the maximum extent practical; and (c) the desire to reduce the possibility of conflict of interest issues relating to Honigman's representation of GM LLC on matters relating to the estate, Honigman and the Debtors have agreed that effective upon the filing of this Declaration, except as provided below, Honigman's representation of the Debtors

will be limited to the resolution of certain equipment lease and utility contract matters involving General Electric Capital Corporation ("GECC Matters").

Neither the Debtors nor GM LLC believes there is any conflict between the interests of GM LLC and the Debtors regarding the GECC Matters. Upon completion of this matter, it is contemplated that, at the Debtors' election, Honigman's representation of the Debtors will either cease or be limited to providing counsel on matters where Honigman represented the Debtors pre-petition.

11. The following is a summary of principal matters to which Honigman has performed services relating to or for GM LLC:

    a) rendered legal opinions in connection with acquisition financing;

    b) troubled supplier matters;

    c) issues in connection with the assumption and assignment of executory contracts and unexpired leases under the MPA, including resolution of cure amount disputes and other related matters;

    d) matters relating to Delphi Corporation, including the purchase of keep site and steering business; and

    e) transactional matters (including the Hummer and Saturn sales).

12. It is anticipated that Honigman will continue to provide the above services for GM LLC and additional services involving litigation, arbitration, real estate, environmental and tax matters.

13. The Debtors and GM LLC and its affiliates have consented to Honigman's joint representation as described in this Declaration on the terms and conditions set forth herein.

4

14.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Honigman does not hold or represent an interest adverse to the Debtors' or their estates in the matters upon which Honigman is to be employed.

15.     Pursuant to applicable rules of professional ethics and Section 327(e) of the Bankruptcy Code, Honigman will not represent GM LLC or its affiliates in litigation or contested matters (including litigation and contested matters in these chapter 11 proceedings of the Debtors) where the interest of GM LLC or its affiliates is directly adverse to the Debtors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this [23rd] day of October 2009, in Detroit, Michigan.

/s/ Robert B. Weiss
Robert B. Weiss

3793552.6

5