JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :    09-50026 (REG)
                                                :
                    Debtors.                    :    (Jointly Administered)
---------------------------------------------------------------------x

**SECOND SUPPLEMENTAL DECLARATION**
**OF DANIEL R. MURRAY IN CONNECTION WITH**
**DEBTORS' APPLICATION TO RETAIN JENNER & BLOCK LLP**

I, Daniel R. Murray, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of Jenner & Block LLP (**"Jenner & Block"** or the **"Firm"**), a law firm with offices in Chicago, Illinois; New York, New York; Washington, D.C.; and Los Angeles, California. I am currently resident in the Firm's Chicago office. I am duly authorized to make this Declaration (the **"Second Supplemental Declaration"**) on behalf of Jenner & Block. Except as otherwise indicated, the facts set forth in this Second Supplemental

1

Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. I submit this Second Supplemental Declaration in connection with the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date (the **"Retention Application"**), which was filed on June 12, 2009 [Docket No. 950] in the above-captioned Chapter 11 cases (the **"Chapter 11 Cases"**) of Motors Liquidation Company and its affiliated debtors (collectively, the **"Debtors"**). In support of the Retention Application, I filed an initial declaration (the **"Initial Declaration"**), dated June 12, 2009, disclosing connections with certain identified persons and entities (the **"Potential Parties in Interest"**). I filed a Supplemental Declaration of Daniel R. Murray in Connection with Debtors' Application to Retain Jenner & Block LLP, dated June 23, 2009 [Docket No. 2325], in further support of the Retention Application. On June 26, 2009, the Court entered the Order Granting Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure For Authorization To Employ and Retain Jenner & Block LLP As Attorneys For the Debtors, *Nunc Pro Tunc* to the Commencement Date (the **"Order"**) [Docket No. 2608].

**I.     Jenner & Block's Disinterestedness: Continued Representation of the Debtors and General Motors LLC.**

    **A.     Background of the 363 Transaction.**

3. On June 1, 2009, a motion was filed by the Debtors seeking entry of an order authorizing and approving the sale of assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser,pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated

2

as of June 26, 2009, together with all related documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the **"MPA"**) [Docket No. 92].

4. On July 5, 2009, this Court entered its Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the **"Sale Order"**) [Docket No. 2968].

5. On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company.

6. On July 10, 2009, pursuant to the MPA and the Sale Order, General Motors Company acquired substantially all of the assets of the Debtors (the **"363 Transaction"**). In connection with the consummation of the 363 Transaction, Jenner & Block continued to perform certain services for General Motors Company that had commenced prior to the closing that were critical to the consummation of such transaction. As a result of the need to consummate the transaction expeditiously to preserve value for the benefit of all stakeholders, these services were performed on behalf of General Motors Company with the consent of both the Debtors and General Motors Company.

7. On October 16, 2009, General Motors Company filed the required documentation to change its name to General Motors LLC. General Motors LLC and its affiliates are referred to herein as "**GM LLC**".

### B. The Nature of Jenner & Block's Continued Representation.

8. Following the consummation of the 363 Transaction, Jenner & Block has had discussions with both the Debtors and GM LLC with respect to ongoing representation of both

3

entities. In order to provide for an efficient and seamless implementation of the MPA in the most cost-effective manner possible, as well as to utilize Jenner & Block's unique expertise regarding the acquired assets and assumed liabilities by reason of its prior representation of the Debtors, GM LLC wishes to engage Jenner & Block to continue to perform such professional services relating to the ongoing enterprise that will also serve to enhance the value of GM LLC and, thereby, inure to the benefit of the Debtors as the owners of 10% of the equity interests in General Motors LLC and warrants to acquire additional equity. Jenner & Block also would continue to serve as special counsel for the Debtors with respect to certain matters pursuant to Section 327(e) of the Bankruptcy Code. GM LLC would be responsible for the costs and expenses of its engagement of Jenner & Block.

9. The following is a summary of the principal matters as to which Jenner & Block has performed services relating to GM LLC in connection with the consummation of the 363 Transaction as well as those areas where it is contemplated that Jenner & Block will continue to perform legal services to GM LLC in the future:

(A) Services Related to Consummation of 363 Transaction

- Restructuring of certain equipment leases which may be assigned to and assumed by, and for the benefit of, GM LLC;

(B) Ongoing Services Projected to be Provided to GM LLC:

- General corporate law and securities law advice, including counsel in connection with GM LLC's public disclosure obligations, potential holding company reorganization and potential funding of pension plans;
- Assistance with certain real estate matters, including negotiations regarding new and amended leases to be entered into by GM LLC;
- Certain litigation matters, including government investigations and product liability suits, in which GM LLC directly or indirectly is alleged to be liable or in which current or former employees and officers of GM LLC and/or the Debtors are witnesses; and

4

- Other matters specifically requested by GM LLC from time to time.

10. Further, in light of the closing of the 363 Transaction and the completion of Jenner & Block's substantial role in that process, Jenner & Block and the Debtors have agreed that Jenner & Block's post-closing representation of the Debtors under Section 327(e) will be limited to the following:

   a) Specific bankruptcy matters for which Weil, Gotshal & Manges LLP (**"WGM"**) cannot represent the Debtors because of a conflict;

   b) Certain product liability suits retained by the Debtors, disputes with respect to equipment financing, and contract and lease rejections and related negotiations; and

   c) Any other matters as the Debtors may specifically request during the pendency of the chapter 11 cases for which WGM is not advising the Debtors. Jenner & Block will notify the United States Trustee of any material additional engagements.

11. The Debtors and GM LLC have consented to Jenner & Block's joint representation as described in this affidavit on the terms and conditions set forth herein.

12. Pursuant to applicable rules of professional ethics and Section 327(e) of the Bankruptcy Code, Jenner & Block will not represent GM LLC in litigation (including these chapter 11 proceedings of the Debtors) where the interest of GM LLC is directly adverse to the Debtors with respect to specific matters on which Jenner & Block is employed on the Debtors' behalf.

## II.    Jenner & Block's Disinterestedness:  Other Supplemental Disclosures of Connections.

13.    By way of further disclosure, subsequent to the filing of the Application, the Initial Declaration, and the Supplemental Declaration, Jenner & Block continued to follow its Firm Disclosure Procedures, as defined below, with respect to additional parties for which Jenner & Block will undertake, or has undertaken, representation with respect to various matters.

14.    In preparing this Second Supplemental Declaration, and in order to ascertain Jenner & Block's "connections," as that term is used in Bankruptcy Rule 2014(a), with the Debtors, the Debtors' creditors, and other parties-in-interest in the Chapter 11 Cases, I caused a set of procedures developed by Jenner & Block to be used to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the retention of professionals under the Bankruptcy Code (the **"Firm Disclosure Procedures"**).  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Supplemental Declaration and to ascertain Jenner & Block's connection to such parties:

   a.    A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the Jenner & Block attorneys who have provided services to the Debtors and in consultation with the Debtors' proposed general bankruptcy counsel, Weil, Gotshal & Manges (**"WGM"**) and senior management of the Debtors (the **"Retention Checklist"**).

   b.    Jenner & Block obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and review of the documents provided by the Debtors.  Jenner & Block then used that information, together with other information provided by WGM and the Debtors' senior management, to compile a list of the names of the Potential Parties in Interest in the Chapter 11 Cases.

   c.    Jenner & Block entered the names of the Potential Parties in Interest into a computer database (the **"Client Database"**) containing the names of

6

      all clients and conflict information concerning such clients of Jenner & Block.

  d.  Jenner & Block compared the names of each of the Potential Parties in Interest to additional client matters entered into the Client Database with respect to potentially new representation. Any matches to names in the Client Database generated by the comparison were noted and brought to my, and other Jenner & Block attorneys', attention.

  e.  I, and other Jenner & Block attorneys, then reviewed these memoranda noting these matches and disregarded obvious name coincidences and individuals or entities that were adverse to Jenner & Block's clients both in this matter and the matter referenced.

  f.  Using information in the Client Database, and making general and, if applicable, specific inquiries of the Jenner & Block personnel, Jenner & Block verified that it has not taken on representation in connection with the Debtors of the Chapter 11 Cases.

  15.  As previously disclosed in the Initial Declaration, Jenner & Block, its partners, attorneys, and counsel have represented in the past, may currently represent, and/or may in the future represent, creditors of the Debtors and various other parties-in-interest in these chapter 11 cases with respect to matters which are completely unrelated to the Debtors and their affiliates. Jenner & Block's, its partners', attorneys', and counsels' supplemental disclosure of connections with these creditors and other parties-in-interest are described below:

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| **American Electric Power** | Utility Company | Current client on unrelated matter |
| **Eaton Corporation** | Top 100 Supplier | Current client on unrelated matter |
| **Thomas H. Lee Partners** | Investment as a Limited Partnership | Affiliate of current client on unrelated matter |
| **Sumitomo Electric Industries** | Top 100 Supplier | Affiliate of current client on unrelated matter |

  16.  None of the matters upon which any of the above-mentioned parties were or are represented was or is in connection with the Debtors' chapter 11 bankruptcy. Jenner & Block

7

will not undertake the representation of any of these parties or other parties-in-interest or their affiliates in any transaction in connection with the Debtors' chapter 11 bankruptcy.

17. Jenner & Block will provide the Court with supplemental information regarding Jenner & Block's connections with the Debtors or other parties-in-interest within the meaning of Bankruptcy Rule 2014(a) as such information becomes available.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of October, 2009, in Chicago, Illinois.

*/s/*
Daniel R. Murray