UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Return Date: <u>November 12, 2009 at 2:00 p.m.</u>

| | |
|---|---|
| In Re:<br>GENERAL MOTORS CORP., et al.<br><br>Debtors | Chapter 11 Case No. 09-50026 (REG)<br><br>JUDGE ROBERT E. GERBER<br><br>**MOTION PURSUANT TO 11 U.S.C. § 362(d)**<br>**TO MODIFY THE AUTOMATIC STAY**<br>**IMPOSED BY 11 U.S.C. § 362(a)** |

      Undersigned counsel requests a limited relief from automatic stay on behalf of Richard Turk and Jeanette Turk, Creditors.

      The Movants seek only to dismiss General Motors Corporation from a law suit pending in the Court of Common Pleas of Portage County, Ohio.[1] Movants intend to amend the suit to join the purchaser, General Motors Company, and to proceed only on claims which have been assumed by General Motors Company pursuant to the Sale Order and the Master Sale and Purchase Agreement, as well as claims against another defendant who is not a party to this Bankruptcy proceeding.

      Although Movants believe that the automatic stay does not apply to claims assumed by the purchaser, General Motors Company, nor to claims against the unrelated defendant, Serpentini Chevrolet, Inc., Movants seek an order from this Court because the Court of Common Pleas has stated that it will not act without an Order from this Court.[2]

### MEMORANDUM IN SUPPORT

**Background.**

      Richard and Jeanette Turk purchased a 2004 Chevrolet Aveo on September 30, 2006 from Serpentini Chevrolet. General Motors' 3-year/36,000 mile New Vehicle Limited Warranty applied to this vehicle. Immediately after the purchase, the Chevy Aveo exhibited mechanical defects and Plaintiffs returned the vehicle to Serpentini Chevrolet for warranty service and repair.

---

[1] *Richard Turk, et al, v. Serpentini Chevrolet, Inc.*, Portage County Common Pleas Case No. 2007 CV 1356.

[2] See: Exhibit 1 - Order of Portage County Court of Common Pleas (9/21/09); Exhibit 2 - Turk Motion to Lift Common Pleas Stay; Exhibit 3 - Reply brief; Exhibit 4 - Proposed Second Amended Complaint.

A few days after the Chevy Aveo was returned to Plaintiffs, the engine compartment of the vehicle erupted into flames, and the vehicle was destroyed.

The Turks filed Case No. 2007 CV 1356 in October 2007. The named defendants are Serpentini Chevrolet, Inc. and General Motors Corporation. The First Amended Complaint asserted claims against both defendants under express and implied warranties, Ohio Consumer Sales Practices Act, and common law fraud.

On June 2, 2009, the common pleas court ordered a stay due to the bankruptcy petition filed by General Motors Corporation.[3] The plaintiffs, Richard and Jeanette Turk, argued that the automatic bankruptcy stay applied only to the petitioner in bankruptcy. The court did not respond, presumably because the case was closed by the clerk due to the order of stay.

The plaintiffs then awaited the predicted speedy resolution of the General Motors bankruptcy. On July 5, 2009, this Court approved a sale to a new corporation, General Motors Company. Pursuant to the Sale Order and the Master Sale and Purchase Agreement,[4] the New GM assumed claims under the "express written warranties" (as well as "lemon law" claims) for new and used GM cars sold before or after the sale.

The plaintiffs – Movants here – elect to abandon all remaining claims which were asserted in their complaint against General Motors Corporation, the petitioner in bankruptcy. With respect to General Motors, Movants seek to proceed only on its claim under the express warranty, the General Motors 3-year/36,000 mile New Vehicle Limited Warranty – a claim which has been assumed by the new General Motors Company, pursuant to this Court's Order.

1. **Movants request an Order of Relief from Automatic Stay from this Court so that Movants may dismiss General Motors Corporation from the state court action and proceed against the new General Motors Company on claims assumed by the new GM.**

As stated in the attached order issued 9/21/09, the court of common pleas will not reopen its case without an order from this Court, even to allow the plaintiffs to dismiss General Motors

---

[3] The Court entered the stay on June 2, 2009, based upon the widespread publicity of the General Motors Bankruptcy. Serpentini formally notified the court of the General Motors Bankruptcy the following day, 6/3/09. General Motors filed a notice of bankruptcy on 6/11/09.

[4] Docket No. 2968: Order, pp. 44-45, ¶56; MSPA, Section 2.3 (a).

Corporation. Movants therefore ask this Court to expressly grant relief from the automatic stay for that purpose.

Such relief will benefit the Debtor. If the relief from stay is granted, Movant will dismiss the Debtor, General Motors Corporation, as defendant in the common pleas court, and will abandon the claims which must otherwise be submitted to this Court.

2. **Movants request an Order of Relief from Automatic Stay from this Court so that Movants may proceed on claims against Serpentini Chevrolet, Inc., a party who is not a Debtor in bankruptcy.**

As stated in the attached order, the court of common pleas has declined to reopen its case even to allow the plaintiffs to proceed on claims against Serpentini Chevrolet, Inc. Movants are aware that the automatic stay in bankruptcy applies only to a "proceeding against the debtor." 11 U.S.C. § 362(a)(1).[5] However, the state court states that its will to await notice from this Court.

Movants therefore ask this Court to expressly grant relief from the automatic stay to allow Movants to proceed against Serpentini Chevrolet, Inc.

3. **Movants request an Order of Relief from Automatic Stay from this Court so that Movants may proceed on claims assumed by the new General Motors Company.**

As stated in the attached order, the court of common pleas has declined to reopen its case even to allow the plaintiffs to join the new General Motors Company and proceed on claims expressly assumed, pursuant the Order of Sale of this Court. Movants therefore ask this Court to expressly grant relief from the automatic stay for this purpose.

Such relief will benefit the Debtor. Even before General Motors Corporation filed its bankruptcy petition, General Motors and the Government publicized their intention that express warranty claims would be honored, both for old and new General Motors vehicles. This was said

---

[5] See, *Parry v. Mohawk Motors of Michigan, Inc.*, (6th Cir. 2000), 236 F.3d 299, 314-315, rehearing denied, certiorari denied 533 U.S. 951; *Patton v. Bearden* (6th Cir.1993), 8 F.3d 343, 349. Accord, *Ayad v. Russo*, (8th Dist.) 2008-Ohio-5881, 2008 WL 4885058, ¶1; *Waco Scaffolding & Equipment Co. v. Schaffer and Sons* (5th Dist.), 2003-Ohio-6775, 2003 WL 22949006, ¶¶20-22; *Carpet Gallery of Akron, Inc. v. Bloniarz* (9th Dist.), 2002-Ohio-3737, 2002 WL 1625863, ¶¶7-10.; *Cardinal Federal S. & L. Assn. v. Flugum* (9th Dist. 1983), 10 Ohio App.3d 243, 245.

3

to be essential to maintain consumer confidence. This Court agreed, and approved a sale in which the new General Motors Company has expressly assumed

> all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws;

Docket No. 2968, MSPA, Section 2.3 (a)

An Order granting the requested relief from stay will carry out the intention of this Court's Order of Sale.

## CONCLUSION

Movants therefore ask this Court to vacate the automatic stay with respect to the claims of the Movants, specifically to permit Movants:

- to dismiss their claims against Debtor, General Motors Corporation;

- to proceed against purchaser, General Motors Company, on claims expressly assumed by new General Motors Company pursuant to the Sale Order and the Master Sale and Purchase Agreement;

- and to proceed on any claims against any party other than Debtor General Motors Corporation.

Respectfully submitted,

*s/ Nancy Grim*
NANCY GRIM (Ohio Bar #0014376)
237 East Main Street
Kent, OH 44240-2526
330-678-6595 / Fax 330-678-6517
nancy.grim@nancygrimlaw.net
Counsel for Creditors Richard and Jeanette Turk

PROOF OF SERVICE

This document is filed electronically this 26th day of October 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Nancy Grim*
NANCY GRIM

4