



COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

| | |
|---|---|
| RICHARD TURK, et al | CASE NO. 2007 CV 1356 |
| Plaintiffs | JUDGE JOHN A. ENLOW |
| vs. | |
| SERPENTINI CHEVROLET, INC., et al | **MOTION TO LIFT STAY** |
| Defendants | |

Plaintiffs move the Court to lift the stay which was ordered because of the bankruptcy filing by Defendant General Motors Corporation. Further, Plaintiffs ask to substitute the New General Motors company, known as NGMCO, Inc., for the old General Motors Corporation, and to proceed to trial as previously scheduled.

**Bankruptcy Proceedings and Order**

Defendant General Motors Corporation filed bankruptcy on June 1, 2009. See, *In Re General Motors Corporation,* Case No. 09-50026 (REG), U.S. Bankruptcy Court, S.D. N.Y. On June 3, 2009, Defendant Serpentini Chevrolet, Inc. filed a Notice of Suggestion of Bankruptcy. On June 4, 2009, Plaintiffs responded, explaining that the automatic bankruptcy stay should not apply to the non-bankrupt defendant, Serpentini Chevrolet. On June 11, 2009, Defendant General Motors Corporation filed a Notice of Bankruptcy. Prior to those filings, on June 2, this Court ordered that this matter shall be stayed pending the General Motors bankruptcy. The Court directed the parties to notify the Court when the stay should be lifted.

On July 5, 2009, the U.S. Bankruptcy Court of the Southern District of New York issued an order confirming the sale of assets to NGMCO, Inc. *In Re General Motors Corporation,*

Docket No. 2968.[1] Pursuant to the Order and the Amended and Restated Master Sale and Purchase Agreement, purchaser NGMCO, Inc. has assumed all express warranties from the old General Motors.[2]

## CONCLUSION

Plaintiffs ask the Court to lift the stay, order that NGMCO, Inc. be substituted for the General Motors Corporation, and proceed to trial.

---

[1] A full copy of the Order is available at http://www.motorsliquidationdocket.com/pleadings.php3. The Amended and Restated Master Sale and Purchase Agreement (MSPA) is Exhibit A to the Order.

[2] The Order states,

> The Purchaser is assuming the obligations of the Sellers pursuant to and subject to conditions and limitations contained in their express written warranties, which were delivered in connection with the sale of vehicles and vehicle components prior to the Closing of the 363 Transaction and specifically identified as a "warranty."

Order, pp. 44-45, ¶56.

> The Amended and Restated Master Sale and Purchase Agreement states that the Assumed Liabilities include
>
> (vii) (A) all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws;

MSPA, Section 2.3 (a).

2

Respectfully submitted,

*[signature]*

LAURA McDOWALL (#0038072)
McDowall Co., LPA
503 Canton Road P.O. Box 6600
Akron, OH 44312
PH: 330.784.9999
FX: 330.784.9994
LM@YoungMcDowall.com

NANCY GRIM (0014376)
237 East Main Street
Kent, OH 44240-2526
330-678-6595 / Fax 330-678-6517
nancy.grim@nancygrimlaw.net
Counsel for Plaintiffs

## PROOF OF SERVICE

This document was served by U.S. mail this 1st day of September 2009 to:

Harry A. Tipping & Brian Seitz
Stark & Knoll Co., LPA
3475 Ridgewood Rd.
Akron, OH 44333

Shana O. See & Colleen O'Donnell
Carpenter & Lipps LLP
280 Plaza, Suite 1300
280 N. High St.
Columbus, OH 43215

*[signature]*

NANCY GRIM

3