COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

| | |
|---|---|
| RICHARD TURK, et al<br><br>    Plaintiffs<br><br>vs.<br><br>SERPENTINI CHEVROLET, INC.<br><br>and<br><br>GENERAL MOTORS COMPANY<br>c/o Ct Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio  44114<br><br>    Defendants | CASE NO. 2007 CV 1356<br><br>JUDGE JOHN A. ENLOW<br><br>**SECOND AMENDED COMPLAINT** |

## **PRELIMINARY ALLEGATIONS**

1.    Defendant Serpentini Chevrolet, Inc. ("Serpentini") is a corporation authorized to do business in the State of Ohio, engaged in the business of selling and leasing automobiles and other consumer transactions.

2.    At all relevant times, Defendant Serpentini was an authorized dealer and warranty service provider for General Motors Corporation and/or General Motors Company.

3.    Defendant General Motors Company is a corporation authorized to do business in the State of Ohio, engaged in the business of manufacturing motor vehicles, selling and leasing motor vehicles, selling and administering motor vehicle warranties and service contracts, providing warranty service, and other consumer transactions.

4.    Defendant General Motors Company, formerly known as NGMCO, Inc., has assumed the obligations under express written warranties and state lemon laws for new and used

General Motors cars manufactured by former Defendant General Motors Corporation, whether the cars were sold before or after the purchase of assets by NGMCO, Inc. now known as General Motors Company.

5. On or about September 30, 2006, Plaintiffs bought a 2004 Chevrolet Aveo automobile, manufacturer's serial number KL1TJ52644B173613, from Defendant Serpentini. The vehicle was manufactured by General Motors Corporation, and was subject to the balance of the manufacturer's 3-year/36,000 mile New Vehicle Limited Warranty.

6. In addition to the manufacturer's warranty, Defendant Serpentini provided Plaintiffs with express and implied warranties from the dealer.

7. Immediately after the purchase, the vehicle exhibited mechanical defects and Plaintiffs returned the vehicle to Serpentini Chevrolet for service and repair under the warranties.

8. Defendant Serpentini was the agent of General Motors Corporation for the purpose of providing warranty repairs to Plaintiffs' vehicle and for fulfilling General Motors' obligations under its warranties.

9. Defendant Serpentini and General Motors Corporation acted jointly and in conjunction with each other to perform the warranty repairs and services on Plaintiffs' vehicle.

10. As a part of the obligations under the General Motors express warranty and other express and implied warranties provided by Serpentini, Defendant Serpentini, acting jointly with General Motors Corporation, replaced the engine and performed other repairs and services.

11. Shortly after the engine was replaced, the engine compartment of the vehicle erupted into flames, and the vehicle was destroyed.

12. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered damages including money paid for purchase of the vehicle; loss of the vehicle; loss of

use of the vehicle; great aggravation, inconvenience, frustration, and anxiety; and other damages to be proven at the trial of this case.

## **COUNT I – Consumer Sales Practices Act**

13. Plaintiffs incorporate by reference all previous paragraphs.

14. Plaintiffs are consumers as defined in R.C. 1345.01(D).

15. Defendant Serpentini is a supplier as defined in R.C. 1345.01(C).

16. The transaction at issue is a consumer transaction as defined in R.C. 1345.01(A).

17. In connection with the consumer transaction, Defendant Serpentini committed unfair, deceptive, and/or unconscionable acts and practices in violation of R.C. 1345.02 and R.C. 1345.03, in violation of rules promulgated pursuant to said Chapter and in violation of prior decisions available for public inspection at the office of the Ohio Attorney General. Said acts and practices include, but are not limited to, misrepresentations regarding the history and condition of the vehicle; entering a consumer transaction with the knowledge of the consumer's inability to receive a substantial benefit from the subject of the transaction; misrepresentation of the terms of the transaction; failure to provide disclosures required by law; failure to provide the consumer with a repair order at the time of service; failure to return replaced parts; performing repairs in a grossly unworkmanlike manner; failing to honor an express warranty; breaching an express warranty; stalling and evading legal obligations; and other acts and practices to be proven at the trial of this matter.

18. Said acts and practices were committed knowingly and with deliberate disregard for the rights and safety of Plaintiffs.

19. Defendant Serpentini is liable to Plaintiffs for its violations of R.C. 1345.02 and R.C. 1345.03.

45. Plaintiffs further seek a declaratory judgment that the acts and

3

practices committed by Defendant Serpentini in connection with the transaction are unfair, deceptive, and unconscionable acts in violation of Ohio's Consumer Sales Practices Act.

## COUNT II – Warranties

20. Plaintiffs incorporate by reference all previous paragraphs.

21. The vehicle had defects and nonconformities that substantially impair the use and value of the vehicle to Plaintiffs.

22. The vehicle did not conform to the express and implied warranties applicable to the vehicle.

23. After a reasonable opportunity, Defendants have failed and refused to conform the vehicle to the express and implied warranties, and have failed and refused to honor the express and implied warranties.

24. Defendants performed work under express warranties in such a manner as to create new defects in the vehicle, which resulted in malfunctions causing damage to the vehicle and other injury to Plaintiffs.

25. The vehicle is not fit for the ordinary purposes for which automobiles are used.

26. The vehicle is so riddled with defects that the warranties fail in their essential purpose.

27. Defendants have breached the express and implied warranties to Plaintiffs.

28. Defendant General Motors Company is liable to Plaintiffs for breach of the express General Motors 3-year/36,000 mile New Vehicle Limited Warranty.

29. Defendant Serpentini is liable to Plaintiffs for breach of the express and implied warranties provided by Defendant Serpentini, and jointly liable with Defendant General Motors Company for breach of the new vehicle warranty.

## COUNT III – Fraud

30. Plaintiffs incorporate by reference all previous paragraphs.

31. In connection with the transaction, Defendant Serpentini, by and through its employees, representatives, and agents, misrepresented facts to the Plaintiffs and concealed from the Plaintiffs material facts which Defendant was under a duty to disclose. Said misrepresentations and concealments occurred on or about September 30, 2006 and include without limitation the following: representing that the vehicle was a "General Motors Certified Used Vehicle"; concealing the true condition of the vehicle; concealing the fact that the vehicle was returned to Serpentini because the former owner was dissatisfied with the condition of the vehicle; representing that the vehicle was a former rental vehicle; and other misrepresentations and concealments.

32. The representations and concealments were false and Defendant Serpentini knew them to be false when made.

33. The false statements and concealments were made for the purpose of inducing Plaintiffs to enter a transaction and pay money to Defendant Serpentini.

34. Plaintiffs reasonably relied on the misrepresentations and concealments made by Defendant Serpentini.

35. Defendant Serpentini acted with actual malice and/or deliberate disregard for the rights and safety of Plaintiffs, and/or committed egregious fraud.

36. As a direct and proximate result of the fraud, Plaintiffs have incurred expenses and suffered damages in an amount to be proven at trial. Further Defendants are liable for punitive damages in a sum to be determined at trial.

## COUNT IV – Conspiracy to Defraud

37. Plaintiffs incorporate by reference all previous paragraphs.

38. The vehicle purchased by Plaintiffs had been returned to Defendant Serpentini by its previous owner on or about September 5, 2006, because the vehicle had exhibited numerous and repeated mechanical problems despite multiple returns for warranty service.

39. Defendant Serpentini treated the vehicle return as a trade-in.

40. Defendants John Doe, James Roe and Jesse Poe, unknown officers or employees of Defendant Serpentini, personally engaged with Defendant Serpentini in a conspiracy to defraud Plaintiffs, by approving or directing that the returned vehicle be treated as a trade-in and returned to the inventory for sale without informing customers, including Plaintiff, of the history of mechanical malfunctions.

## COUNT V – Declaratory Judgment, Constitutionality

41. Plaintiffs incorporate by reference all previous paragraphs.

42. R.C. 1345.09, as purportedly amended by Am. Sub. S.B. 117, is unconstitutional, and the amendment as set forth in Am. Sub. S.B. 117 cannot be applied to this case.

43. Plaintiffs seek a declaratory judgment by this Court that Am. Sub. S.B. 117 is unconstitutional, and further seek application of R.C. 1345.09 as it existed before the unconstitutional amendment.

44. Plaintiffs further seek a declaratory judgment by this Court that the purported amendments to R.C. 1345.09 as set forth in Am. Sub. S.B. 117 cannot be retroactively applied to cases such as this one pending before the effective date of the amendments.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, including:

      a.      Count I (Consumer Practices Act): Judgment against Serpentini Chevrolet, Inc. for compensatory and punitive damages in an amount exceeding $25,000.00, for treble and statutory damages as provided by law; attorney fees and litigation; Declaratory judgment that the conduct of Defendant Serpentini Chevrolet, Inc. is unfair, deceptive, and unconscionable, and Injunction restraining and enjoining Serpentini Chevrolet, Inc. from committing further violations of Ohio's Consumer Sales Practices Act;

      b.      Count II (Warranties): Judgment against Serpentini Chevrolet, Inc. for breach of express and implied warranties; Judgment against General Motors Company for violations of the express written warranty; damages as shown by trial, and for such other relief as may be reasonable and proper.

      c.      Count III (Fraud): Judgment against Serpentini Chevrolet, Inc. for compensatory and punitive damages in an amount exceeding $25,000.00, for attorney fees and the costs of this action; and for such other relief as may be reasonable and proper.

      d.      Count IV (Conspiracy to Defraud): Judgment against Serpentini Chevrolet, Inc. and Defendants John Doe, James Roe and Jesse Poe for compensatory and punitive damages in an amount exceeding $25,000.00, for attorney fees and the costs of this action; and for such other relief as may be reasonable and proper.

      e.      Count V (Declaratory Judgment, Constitutionality): Declaratory judgment that the amendments set forth in Am. Sub. S.B. 117 are unconstitutional and cannot be applied to this case.

      f.      Court costs, and such other relief as may be reasonable and proper.

7

Respectfully submitted,

_____
LAURA McDOWALL  (#0038072)
McDowall Co., LPA
503 Canton Road P.O. Box 6600
Akron, OH 44312
PH: 330.784.9999
FX: 330.784.9994
LM@YoungMcDowall.com

NANCY GRIM (0014376)
237 East Main Street
Kent, OH 44240-2526
330-678-6595 / Fax 330-678-6517
nancy.grim@nancygrimlaw.net
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

This document is served by U.S. mail this 21st day of September 2009 to:

Harry A. Tipping                    Daniel R. Mordarski
Stark & Knoll Co., LPA              5 East Long Street
3475 Ridgewood Rd.                  Suite 1100
Akron, OH 44333                     Columbus, OH 43215

Shana O. See
Carpenter & Lipps LLP
280 Plaza, Suite 1300
180 N. High St.
Columbus, OH 43215

_____
NANCY GRIM

8