**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                         :    09-50026 (REG)
   f/k/a General Motors Corp., *et al.*                 :
                                                                 :
           Debtors.                       :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

**ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF EVERCORE GROUP L.L.C. AS
INVESTMENT BANKER AND FINANCIAL ADVISOR
FOR THE DEBTORS NUNC *PRO TUNC* TO THE PETITION DATE**

Upon the Application (the "**Application**")[1] of General Motors Corporation and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and each, a "**Debtor**"), for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the employment and retention of Evercore Group L.L.C. ("**Evercore**") as their investment banker and financial advisor in the above-captioned chapter 11 cases, pursuant to the terms set forth in the Application; and upon the Declaration of William C. Repko, a Senior Managing Director of Evercore, filed in support of the Application, annexed to the Application as Exhibit B (the "**Repko Declaration**"), and the Court being satisfied, based on the representations made in the Application and in the Repko Declaration, that Evercore is a "disinterested person" as such term is defined in section 101(14)

---

[1] Capitalized terms used herein and not otherwise defined herein have the meanings ascribed to such terms in the Application.

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors and their estates; and the Court having jurisdiction to consider the Application and the relief requested therein; and due and proper notice of the Application having been provided; and a hearing (the **"Hearing"**) having been held with respect to the Application on October 28, 2009; and the Objections of the Unsecured Creditors' Committee, the United States Trustee, and the Ad Hoc Committee of Personal Injury Asbestos Claimants having been resolved as reflected in this Order, and the other objection to the Application having been withdrawn; and upon the record of the Hearing; and the Court being satisfied that just cause has been presented for the relief requested in the Application; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Evercore as their investment banker and financial advisor, nunc pro tunc to the Petition Date, on the terms set forth in the Application and the GM Engagement Letter, as hereinafter modified; and it is further

**ORDERED** that the terms of the GM Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified; and it is further

**ORDERED** that Evercore shall be compensated in accordance with the terms of the GM Engagement Letter (as hereinafter modified) pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review under section 330(a) of the Bankruptcy Code (except as to the United States Trustee, as set forth below); <u>provided</u>, <u>however</u>, that Evercore (a) shall only be required to maintain time records for services rendered

postpetition, in half-hour increments and (b) shall not be required to provide or conform to any schedule of hourly rates; and it is further

**ORDERED** that, notwithstanding anything contained herein, in the Application, or in the GM Engagement Letter to the contrary, the Newco Transaction Fee which has a balance payable in the amount of $13 million, shall be paid to Evercore as follows:

(i) $8,667,000 shall be payable upon entry of this Order; and

(ii) the balance of $4,333,000 shall be payable on entry of an order confirming a plan of reorganization (the **"Plan"**) with respect to Motors Liquidation Company which provides that (x) holders of allowed general unsecured claims will receive the stock and warrants of General Motors Company (the **"New GM Securities"**) paid to the Debtors' estates in connection with the consummation of the sale under section 363 of the Bankruptcy Code authorized and approved by Order of this Court, dated July 5, 2009, and (y) there are sufficient funds and other assets in the Debtors' estates to pay all allowed priority and allowed administrative expense claims under the Plan without the necessity of selling or otherwise affecting the New GM Securities;

and it is further

**ORDERED** that upon entry of this Order, the Debtors are authorized to and shall pay to Evercore the DIP Structuring Fee in the amount of $2,500,000 and Evercore's monthly fees for the period June 1, 2009 through July 10, 2009 in the aggregate amount of $529,032, plus documented, reasonable reimbursable expenses in an amount not to exceed $20,000; and it is further

**ORDERED** that, notwithstanding anything to the contrary set forth above, the United States Trustee retains all rights to object to Evercore's final fee application (including expense reimbursement) on all grounds, including, but not limited to, the reasonableness standard set forth in section 330 of the Bankruptcy Code; and it is further

**ORDERED** that all requests of Evercore for payment of indemnity pursuant to the GM Engagement Letter shall be made by means of an application (interim or final, as the

case may be) and shall be subject to approval by the Court, after notice and a hearing, provided, however, that in no event shall Evercore be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

**ORDERED** that in no event shall Evercore be indemnified if the Debtors or a representative of their estates asserts a claim for, and a court determines by final order that such claim arose out of, Evercore's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

**ORDERED** that, except as set forth above, no additional fees or expenses shall be payable by the Debtors to Evercore in connection with the Application; and it is further

**ORDERED** that this Court will retain jurisdiction to construe and enforce the terms of the Application, the GM Engagement Letter, and this Order.

Dated:   New York, New York
         October **28**, 2009

                                        *s/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE