Sharon Butler, as Guardian ad Litem
for Brooke Alexis Love, a minor
In Propria persona
%5990 Sepulveda Bl., #330
Van Nuys, California 91411-2523
(818)779-1720 Phone
(818)779-1730 Fax

Return Date: November 12, 2009

Creditor Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler, In Propria persona

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY f/k/a GENERAL MOTORS CORPORATION, et al.,**<br><br>Debtor. | Chapter 11<br><br>Case No.: 09-50026 (REG)<br><br>(Jointly Administered)<br><br>**MOTION OF CREDITOR BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER, FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE CONTINUED PURSUIT OF AN INSURED PERSONAL INJURY ACTION AND REQUEST FOR RULE 9011 SANCTIONS; [CERTIFICATE OF CONFERENCE AND DECLARATION OF SUZANNE E. RAND-LEWIS FILED CONCURRENTLY HEREWITH]** |

**MOTION OF CREDITOR BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER, FOR
RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE CONTINUED PURSUIT OF AN INSURED PERSONAL INJURY ACTION AND REQUEST FOR RULE 9011
SANCTIONS**

Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler, Creditor, ("Movant"), in propria persona, hereby submits this Motion for Relief from the Automatic Stay, pursuant to 11 U.S.C. Sec. 362(d)(1), and seeks an Order modifying the stay as to **Motors Liquidation Company f/k/a General Motors Corporation,**

1

**et al.,** ("Debtors"), and Debtors' bankruptcy estate as to Movant, and permitting Movant to proceed under applicable non-bankruptcy law to prosecute her personal injury claim against Debtors to its conclusion, but to enforce any award rendered or judgment entered against Debtor only against available insurance proceeds and for Rule 9011 sanctions as more fully set forth below.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Sec. 157(b). Venue is proper in the Court pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicate for the relief requested herein is section 362(d) of the Bankruptcy Code and Local Rule of Bankruptcy Procedure 4001-11. This Court may order sanctions <u>sua sponte</u> pursuant to Rule 9011.

2. Movant is in pro per. Movant's counsel in her civil action, (see below) is Gary Rand & Suzanne E. Rand-Lewis, PLCS. Movant requests all notices be served on her in care of Gary Rand & Suzanne E. Rand-Lewis, PLCS, at 5590 Sepulveda Boulevard, Suite #330, Van Nuys, California 91411-2523. <u>Movant also requests that the Court proceed without a hearing on this matter and waives oral argument.</u>

3. Movant's Certificate of Conference is filed concurrently herewith.

## BACKGROUND

4. Movant has brought a civil action, YC059488 entitled <u>"Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler v. Olga Edgar Purington, General Motors Corporation, et al."</u>, in the Los Angeles County Superior Court, Southwest District, [hereinafter referred to as "the State Court Action"], to recover for injuries and damages sustained by her when she was struck by a vehicle operated by Defendant, Olga Edgar Purington, a GENERAL MOTORS CORPORATION's agent/employee while in the course and scope of employment and while driving a vehicle owned by Defendant, General Motors Corporation (hereinafter referred to as "GM"), at Hawthorne Boulevard and 164th Street in Lawndale, California on January 16, 2008. This is <u>not</u> a product liability claim relating to a GM product. GM is insured for this auto accident as stated below, through a "Business Auto" insurance policy (Exhibit "B").

5. On June 9, 2009, Movant propounded discovery to Defendants including Debtor/Defendant, General Motors Corporation, and its employee/agent, Defendant, Olga Edgar Purington consisting of Form Interrogatories, Special Interrogatories and Request for Production of Documents. Said discovery has not been responded to by Defendant, General Motors Corporation due to the Bankruptcy Stay; however, said discovery has been responded to by GM agent/employee, Defendant, Olga Edgar Purington, wherein she verified she was covered under Co-Defendant, General Motors Corporation's $300,000 Business Auto liability policy with excess coverage up to $9,700,000 with National Union Fire Insurance Company of Pittsburgh, to whom Debtor/Defendant, General Motors Corporation had tendered its defense in this matter and which defense had been accepted. Although discovery was stayed as to Debtor/Defendant General Motors Corporation as stated above, the verified response provided by Defendant, Olga Edgar Purington and the Declaration page of the insurance policy provided (Exhibit "B") constitutes evidence of the business insurance coverage of Debtor/Defendant, General Motors Corporation. Said discovery also contains Defendant, Olga Edgar Purington's admission that she was at all times Defendant GM's agent and the accident occurred within the course and scope of her employment. Attached hereto and incorporated herein by this reference is a copy of Defendant, Olga Edgar Purington's verified response to Form Interrogatories marked **Exhibit "A"**. See response to No. 4.1 therein relative to said coverage.

6. Defendants have $300,000 business automobile liability insurance limits for this automobile accident with excess coverage up to $9,700,000 with National Union Fire Insurance Company of Pittsburgh. Attached hereto and incorporated herein by this reference is a true and correct copy of the Declaration page of Defendant's applicable insurance marked **Exhibit "B"**, showing the coverage by this insurer for which Defendant paid $75,036.00 in premiums. Defendant's insurance is sufficient to compensate Movant for her severe injuries and damages.

7. There are no Cross-Complaints for Indemnity in the civil action. There are no other known claims against the $300,000 business auto liability coverage or $9,700,000 excess coverage.

8. The Defendants in the case are General Motors Corporation's agent/employee, Olga

Edgar Purington and Debtor/Defendant, General Motors Corporation. Defendants are both represented by the same counsel. Defendants' counsel is Dykema Gossett, LLP and bankruptcy counsel refused to stipulate to the relief herein on the contention that Defendant, GM is self insured. To date, bankruptcy counsel has not provided anything to support this claim.

9. On June 9, 2009 Defendants, Olga Edgar Purington and Debtor/Defendant, General Motors Corporation, advised Movant of the Bankruptcy Stay applying to Defendant/Debtor, General Motors Corporation. The State Court Action continues as to Defendant GM's agent/employee, Olga Edgar Purington.

## ARGUMENT

I.  **Debtor's Available Liability Insurance Coverage**.

10. Defendant, Olga Edgar Purington provided, during discovery, responses in the State Court Action stating she and Defendant, General Motors Corporation were insured for the accident under business auto insurance policies issued to Co-Defendant/Debtor, General Motors Corporation, through National Union Fire Insurance Company of Pittsburgh, for claims of the type asserted against Debtor in the State Court Action by Movant, with $300,000 liability coverage and excess insurance coverage of $9,700,000. (See Exhibit "B"). Although discovery was stayed as to Debtor/Defendant, General Motors Corporation as stated above, the response provided by Defendant, Olga Edgar Purington and the Declaration page of the business auto insurance policy provided indicates that coverage was under the name of Debtor/Defendant, General Motors Corporation, so that said Debtor/Defendant has the same exact coverage for purposes of Plaintiff's civil lawsuit. There is no dispute that available insurance exists to satisfy any claim, and Movant agrees not to seek any excess judgment over and above any policy limits which may exist through said insurance coverages.

II.  **Cause Exists to Modify the Automatic Stay.**

11. Movant seeks relief from the automatic stay imposed by Sec. 362 of Title 11 of the United States Code, for the purpose of allowing The State Court action to proceed with its determination of the relative duties of the parties under California Law. Specifically, Sec. 362(d)(1) provides that:

> *"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .(1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . ."*

12. The word *"cause"* is not defined by the Bankruptcy Code. As a result, the Bankruptcy Court must decide what constitutes *"cause"* to lift the automatic stay on a case by case basis. See, In re Rexene Products Company, 141 B.R. 574, 576 (Bankr. D.Del. 1992), citing In re Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991). As per the legislative history concerning Sec. 362, *"cause"* may be established by a single factor such as *"a desire to permit an action to proceed . . .in another tribunal"*, or *"lack of any connection with or interference with the pending bankruptcy case."* See In re Rexene, 141 B.R. at 576, citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

13. Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. Id. at 576.

14. The Court in In re Rexene stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

   a. the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;
   b. The hardship to the movant by maintenance of the automatic stay considerable outweighs the hardship to the debtor; and
   c. The movant has a reasonable chance of prevailing on the merits.

15. Additionally, cause for relief from the automatic stay to permit a pending litigation to continue to exist where the liquidation of the claim may be more conveniently determined in the court in which the claim is pending. See, e.g., 2 Collier on Bankruptcy Para. 362.07 (15th ed. 1995); see also First Jersey Nat'l Bank v. Brown, F.2d 564 (3d Cir. 1991). As stated in a Senate Report prepared during enactment of the Code, *"[i[t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy court from many duties that may be handled elsewhere."* See S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted 1978 U.S.C.A.N. 5787, 5836.

16. The above listed elements are met in the instant case for the following reasons:

   a. Movant's injuries occurred in California;

      b.    All witnesses are readily available in California, or within close proximity;

      c.    There are no witnesses of any party, including any witnesses of the Debtor, for whom venue before this Bankruptcy Court would be more convenient;

      d.    Movant and Debtors are each represented by counsel in California;

      e.    The issues presented are issues of California law;

      f.    The trial could be completed in one proceeding;

      g.    A trial before the Bankruptcy Court of the matters pending before the State Court Action would impose an unnecessary and undue burden of this Court;

      h.    The additional cost of trying this matter before this Court would unduly burden these impecunious Movant and her counsel; and

      i.    The Bankruptcy Court is no more convenient of a forum that the State Court.

### III. Movant will Suffer Irreparable Harm.

17. The automatic stay has prevented Movant from resolving the State Court Action which has been pending since April, 2009.

18. Therefore, Movant has suffered irreparable harm from delay in the State Court Action being concluded, and will continue to suffer such harm until relief from the stay is granted.

19. Based on the foregoing, Movant would suffer irreparable harm if the stay is not modified to allow her to pursue her personal injury claim to its conclusion in State Court, especially because she would not be executing against Debtors or Debtors' estate to recover any award granted.

### IV. Prosecution of the Action Against Debtors Would Not Burden Debtor's Estate.

20. Debtor's estate will not be burdened by Movant's prosecution of the State Court Action because Movant is willing to limit an award or judgment obtained to Defendant, General Motors Corporation's insurance proceeds and not against any assets of Debtor or Debtor's

estate. Movant had requested, by her counsel, a consensual, stipulated order granting such relief, but Debtor's counsel has refused. Accordingly, Movant now has had to move for such relief.

### V.    Perpetuation of the Automatic Stay Would Not Serve the Public Interest.

21. In addition to the public interest in allowing Debtor to reorganize its affairs, there is a substantial public interest in allowing injured parties access to the courts to obtain redress for their injuries. Balancing these conflicting policies under the facts presented here, the public interest would best be served by allowing continued prosecution of the coordinated actions. Movant is willing to forego all recovery against Debtor's estate and execute only against insurance available to Debtor.

### VI.    Abstention is Mandated.

22. This Court should therefore abstain from hearing the issues raised in the State Court Action pursuant to 28 U.S.C. Sec, 1334. Specifically, Sec. 1334(c)(2) defines those situations in which a bankruptcy court must abstain as follows:

> *Upon timely motion of a party in a proceeding based upon a State Law claim or State Law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State form of appropriate jurisdiction.*

28 U.S.C. Sec. 1334(c)(2). See In the Matter of Total Tech. Svcs., 142 B.R. 96, 99 (Bankr. D. Del. 1992); see, also Mona v. Citizens Bank & Trust Co., 143 B.R. 375, 381 (D. Md. 1992), quoting Allen County Bank & Truck Co. v. Valvmatic Int'l Corp., B.R. 578, 583 (N.D. Ind. 1985) ("Section 1334(c)(2) provides for mandatory abstention in those cases where (1) the action is only related to a bankruptcy; (2) the action could not be brought in federal court absent its relatedness to a bankruptcy; and (3) the action can be timely adjudicated in State Court").

23. The State Action meets the criteria for abstention because:

    a. This motion is "timely";
    b. The State Court Action is "related to" the bankruptcy only because Movant's Claim, once determined in the State Court Action, would entitle Movant to recover against the proceeds of Debtor's insurance policy;
    c. The action could not have been brought in federal court because of the absence of complete diversity, and the state law claims of negligence do not present federal questions of jurisdiction; and

    d. The action can be timely adjudicated where it has already been pending for several years and has been assigned to a judge for efficient case management.

24. Moreover, even if abstention were not required, it would be appropriate for this Court to abstain, utilizing its discretionary power to do so.

25. Section 1334(c) of Title 28 of the United States Code manifests a "clear Congressional policy . . . to give state law claimants a right to ave claims heard in State Court" where doing so will not adversely affect the conduct of the bankruptcy proceeding. See, In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986).

26. The State Court Action concerning Movant is underway and this Court's abstention from those issues raised in that action will not adversely affect the conduct of this bankruptcy proceeding. There is no connection between this bankruptcy matter and the causes of action underlying the State Court Action. Based on the foregoing, the criteria for this Court to apply its discretionary power to abstain are met.

27. Whether on the grounds of comity or respect for the State Court, judicial efficiency and economy, or simply the desire to avoid duplicating the effort of the State Court, this Court should abstain. See, In the Matter of Continental Airlines, Inc., 156 B.R. 441 (Bankr. D. Del 1993) (discretionary abstention granted, in part, due to consideration of judicial economy and efficiency).

## SANCTIONS

28. Because of Debtors' counsel's refusal to stipulate and refusal to diligently inquire as to the existing insurance, Movant requests the Court, sua sponte, pursuant to Rule 9011(c)(1)(b) grant Movant sanctions in the amount of $1,650.00 as set forth in the Certificate of Conference filed herewith.

## CONCLUSION

29. For the reasons stated above, Movant has established that cause exists to modify the automatic stay.

**WHEREFORE**, Movant requests that an Order be entered, granting the following: (i) relief from the automatic stay afforded by 11 U.S.C. Sec. 362 with respect to the State Court

1  Action, and that this Court abstain from hearing the issues raised in the State Court Action, so as
2  to permit the litigation to continue in the State Court and for such other and further relief as this
3  Court deems just and appropriate; (ii) permission to proceed under applicable non-bankruptcy
4  law to litigate her personal injury claims against Debtor to a final conclusion, but to enforce any
5  judgment or award rendered against Debtor only against the Debtor's available insurance
6  proceeds, and not any assets of Debtor or Debtor's estate-the stay to remain in effect with respect
7  to enforcement of any judgment against Debtor or Debtor's estate property; (iii) that the Order be
8  binding and effective despite any conversion in this bankruptcy case to a case under any other
9  chapter of Title 11 of the United States Code; and (iv) sanctions in the amount of $1,650.00
10 Dated: Van Nuys, California
11         October 23, 2009                    Respectfully submitted,
12
                                               _____
                                               Sharon Butler, as Guardian ad Litem of
13                                             Brooke Alexis Love, a minor,
                                               Movant, in propria persona

DYKEMA GOSSETT LLP
DEREK S. WHITEFIELD, SBN: 165731
MONICA J. FRASCONA, SBN: 242308
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
OLGA EDGAR PURINGTON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SOUTHWEST DISTRICT

| | |
|---|---|
| BROOKE ALEXIS LOVE, a minor, by and through her Guardian ad Litem, SHARON BUTLER,<br><br>Plaintiff,<br><br>vs.<br><br>OLGA EDGAR PURINGTON, GENERAL MOTORS CORPORATION, and Does 1 through 20,<br><br>Defendants. | Case No. YC059488<br><br>[Assigned for All Purposes to Hon. Cary Nishimoto, Dept. SW "E"]<br><br>DEFENDANT OLGA EDGAR PURINGTON'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES<br><br>Complaint Filed: April 8, 2009<br>Trial Date: Not Set |

PROPOUNDING PARTY:   Plaintiff Brooke Alexis Love

RESPONDING PARTY:    Defendant Olga Edgar Purington

SET NO.:             ONE

Pursuant to California Code of Civil Procedure, Section 2030.210, Defendant Olga Edgar Purington, hereby responds to Plaintiff Brooke Alexis Love's First Set of Form Interrogatories.

**FORM INTERROGATORY NO. 1.1:**

State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

DEFENDANT'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES

EXHIBIT A

(f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)  the name, **ADDRESS**, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Yes.

(a)  Liability;

(b)  National Union Fire Insurance Company of Pittsburgh, Pennsylvania;

(c)  General Motors Corporation;

(d)  RMCA 1606897;

(e)  Liability coverage up to $300,000.00; excess coverage up to $9,700,000.00

(f)  N/A;

(g)  General Motors Corporation.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

Ms. Purington refers Plaintiff to Response to Form Interrogatory No. 4.1. Beyond this, Ms. Purington objects on the grounds that this interrogatory is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 12.1:**

State the name, **ADDRESS**, and telephone number of each individual:

(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

(b)  who made any statement at the scene of the **INCIDENT**;

(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and

DEFENDANT'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES

# VERIFICATION

I have read the foregoing RESPONSES OF DEFENDANT OLGA EDGAR PURINGTON TO PLAINTIFF'S FORM INTERROGATORIES, SET ONE, and know its contents.

I am a party to this action. I am informed and believe and on that ground allege that the matters stated in the forgoing document are true.

Executed on August 4, 2009, at Thousand Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Olga Edgar Purington

**AIG** AMERICAN INTERNATIONAL COMPANIES ®
70 Pine Street, New York, NY 10270
(212) 770-7000
Coverage is provided by
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
(a capital stock company)

## BUSINESS AUTO DECLARATIONS

M ONE   Named Insured & Mailing Address
GENERAL MOTORS CORPORATION

300 RENAISSANCE CENTER
DETROIT, MI 48265-3000

Producer's Name & Mailing Address
AON RISK SERVICES, INC. OF MI
3000 TOWN CENTER #3000
P O BOX 5156
SOUTHFIELD, MI 48086-5156

M OF BUSINESS:

ORPORATION  ☐ PARTNERSHIP  ☐ LIMITED LIABILITY COMPANY  ☐ INDIVIDUAL  ☐ OTHER

CY PERIOD: From 09/01/2007 to 09/01/2008 at 12:01 A.M. Standard Time at your mailing address.
TURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE
NSURANCE AS STATED IN THIS POLICY.

CY PREMIUM:         $    75,036

im for Terrorism Coverage:
$1,306 Included In Policy Premium

DULE OF STATE TAXES, FEES AND SURCHARGES, IF APPLICABLE:*

ntucky
chigan                    $99.50
N Jersey                   $1.00
N York                     $7.00
xas                    $2,720.00
                         $553.00

axes, Fees and Surcharges shown are in addition to the above referenced Policy Premium.

SEMENTS ATTACHED TO THIS POLICY:
O 17 - Common Policy Conditions (IL 01 46 in Washington)
O 21 - Broad Form Nuclear Exclusion (Not Applicable in New York)
TACHED FORMS SCHEDULE

HESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY
NDITIONS, COVERAGE FORMS, AND FORMS AND ENDORSEMENTS IF ANY ISSUED TO FORM A PART THEREOF COMPLETE THE
ABOVE NUMBERED POLICY
06   Includes copy                                                                          Date Issued: 10/26/2007
                         ervices Office, Inc., with its permission. ©ISO Properties

EXHIBIT B

M TWO   SCHEDULE OF COVERAGE AND COVERED AUTOS

policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those ...s" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the ...red Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LITY | 1 | $300,000 | |
| ONAL INJURY PROTECTION (uivalent No-fault Coverage) | 5 | SEPARATELY STATED IN EACH PERSONAL INJURY PROTECTION ENDORSEMENT MINUS ____ DEDUCTIBLE FOR EACH ACCIDENT | $ 75,036 $INCLUDED |
| D PERSONAL INJURY ECTION (or equivalent added ult Coverage) | | | $ |
| RTY PROTECTION ANCE (Michigan only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE ENDORSEMENT MINUS $ ____ DEDUCTIBLE FOR EACH ACCIDENT. | $ |
| MEDICAL PAYMENTS | | $ | $ |
| AL EXPENSE AND INCOME BENEFITS (Virginia only) | | SEPARATELY STATED IN EACH MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | $ |
| URED MOTORISTS | 2 | SEPARATELY STATED IN EACH UNINSURED MOTORISTS ENDORSEMENT | $INCLUDED |
| INSURED MOTORISTS not included in Uninsured ts Coverage) | 2 | SEPARATELY STATED IN EACH UNDERINSURED MOTORISTS ENDORSEMENT | $INCLUDED |
| CAL DAMAGE REHENSIVE COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $ ____ DEDUCTIBLE FOR EACH COVERED AUTO, BUT NO DEDUCTIBLE APPLIES TO LOSS CAUSED BY FIRE OR LIGHTNING. See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| CAL DAMAGE IED CAUSES OF LOSS AGE | | $25 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY MISCHIEF OR VANDALISM. See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| CAL DAMAGE ION COVERAGE | | $ ____ DEDUCTIBLE FOR EACH COVERED AUTO. See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| CAL DAMAGE TOWING BOR | | $ ____ For Each Disablement Of A Private Passenger "Auto". | $ |
| | | PREMIUM FOR ENDORSEMENTS | $INCLUDED |
| *This policy may be subject to final audit. | | *ESTIMATED TOTAL PREMIUM | $ 75,036 |

THREE   SCHEDULE OF COVERED AUTOS YOU OWN

| DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|
| Year, Model, Trade Name, Body Type Serial Number(s) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where The Covered Auto Will Be Principally Garaged |
| PER SCHEDULE ON FILE WITH COMPANY | | | |

| CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| Radius Of Operation | Business Use S=service R=retail C=commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. / Phy. Dam. | Secondary Rating Factor | Code | EXCEPT For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below As Interests May Appear At the Time Of The Loss. |
| PER SCHEDULE ON FILE WITH COMPANY | | | | | | | |

'06
03 06   Includes copyrighted material of Insurance Services Office, Inc., with its permission.   ©ISO Properties, Inc., 2005   Page 2 of 5

INSURED'S COPY

## PROOF OF SERVICE

STATE OF CALIFORNIA           )
                              )
COUNTY OF LOS ANGELES         )

I am employed in Los Angeles County. My business address is 5990 Sepulveda Boulevard, Suite #330, Van Nuys, California 91411-2523. I am over the age of 18 years and am not a party to this cause.

On October 23, 2009, I served the following documents:

**MOTION OF CREDITOR BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER, FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE CONTINUED PURSUIT OF AN INSURED PERSONAL INJURY ACTION AND REQUEST FOR RULE 9011 SANCTIONS; [CERTIFICATE OF CONFERENCE AND DECLARATION OF SUZANNE E. RAND-LEWIS FILED CONCURRENTLY HEREWITH]**

on:

| | |
|---|---|
| Brianna N. Benfield Esq.<br>Joseph H. Smolinsky, Esq.<br>Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, New York 10153 | Monica J. Frascona, Esq.<br>Dykema Gossett LLP<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071 |

[ X ]  **BY MAIL-**I placed such envelope/s for collection and mailing on this date following ordinary business practices at Van Nuys, California. The envelope was mailed with postage thereon fully prepaid.

[  ]  **BY PERSONAL SERVICE-**I delivered such envelope by hand to said party at,_____ _____ at _____ m. o'clock.

[  ]  **BY OVERNITE EXPRESS MAIL-**I placed such envelope/s for collection and Overnite Express mail on this date following ordinary business practices directed to the addresses above.

[  ]  **BY FACSIMILE TRANSMISSION-**I caused to be served by facsimile transmission at the number(s) listed above:

[  ]  STATE I declare under penalty of perjury that the foregoing is true and correct.

[ X ]  FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 23, 2009, at Van Nuys, California

_____
Chris Meyer