Sharon Butler, as Guardian ad Litem for
Brooke Alexis Love, a minor
in Propria Persona
%5990 Sepulveda Boulevard, Suite #330          Return Date: November 12, 2009
Van Nuys, California 91411-2523
(818)779-1720 phone
(818)779-1730 Fax

Creditor Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler in
Propria Persona

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | Chapter 11 |
| In re: | Case No.: 09-50026 (REG) |
| **MOTORS LIQUIDATION COMPANY f/k/a GENERAL MOTORS CORPORATION, et al.,** | (Jointly Administered) |
| | **CERTIFICATE OF CONFERENCE DECLARATION OF CREDITOR, BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER; REQUEST FOR RULE 9011 SANCTIONS IN THE AMOUNT OF $1650.00** |
| Debtors. | |

## CERTIFICATE OF CONFERENCE
### DECLARATION OF CREDITOR, BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER

I, BROOKE ALEXIS LOVE, a minor, by and through my Guardian ad Litem, SHARON

BUTLER, hereby declare:

1. I am the Guardian ad Litem for my granddaughter, a minor, who is a Creditor in the

above-entitled bankruptcy matter and I am filing this matter in propria persona.

2.  As to the efforts to resolve this matter by way of Stipulation, I declare that these

efforts were made by my attorney in my civil lawsuit, Suzanne E. Rand-Lewis, Esq., with Gary

Rand & Suzanne E. Rand-Lewis, PLCS, [hereinafter referred to as "my counsel"] or by

personnel in her office.

3. On June 9,  2009, Monica J. Frascona, Esq. with the Los Angeles law offices of

1  Dykema Gossett, LLP, counsel representing Debtor/Defendant, General Motors Corporation , in

2  my personal injury civil lawsuit [The State Court Action] filed in the County of Los Angeles,

3  State of California, notified my attorneys, Gary Rand & Suzanne E. Rand-Lewis, PLCS; that

4  Debtor/Defendant, General Motors Corporation, filed a voluntary petition seeking bankruptcy

5  protection under Chapter 11 of Title 11 of the United States Code in the United States

6  Bankruptcy Court for the Southern District of New York.

7         4.  On or about August 28, 2009, my attorneys office spoke to Derek S. Whitefield, Esq.

8  of Dykema Gossett, LLP, inquiring about entering into a Stipulation to Lift the Bankruptcy Stay

9  so I could pursue recovery under the insurance policy limits available to Debtor/Defendant,

10 General Motors Corporation.  Mr. Whitefield advised my counsel he would review the file and

11 get back to them.   However, Mr. Whitefield never called back.  My lawyers corresponded

12 numerous times and had no response.

13        5.  Because of the upcoming claim bar date, my lawyers prepared and sent a Stipulation

14 for Relief from the Stay on October 19, 2009.  The Stipulation is attached hereto as **Exhibit "A"**.

15        6.  On October 22, 2009 bankruptcy counsel for GENERAL MOTORS

16 CORPORATION, Brianna Benfield, Esq. of Weil, Gotshal & Manges, LLP refused to stipulate

17 to lift the stay, incorrectly stating that "MOTORS LIQUIDATION COMPANY, is self-insured

18 up to 25 million" for Plaintiff's accident.  In fact, GENERAL MOTORS CORPORATION is the

19 insured and has  "Business Auto" insurance policies for its employees auto accidents in the

20 amount of $300,000 (primary) and 9.7 million dollars (excess), which Declaration Page we

21 attached to the Stipulation.

22        7.  On October 23, 2009, my counsel called bankruptcy counsel, Brianna Benfield to

23 determine why she was refusing to stipulate and why she incorrectly stated that MOTORS

24 LIQUIDATION COMPANY f/k/a GENERAL MOTORS is self insured.  She continued to

25 refuse to stipulate to relief claiming that she had been told by someone at "new GENERAL

26 MOTORS" that GENERAL MOTORS was self insured, even though this case is for GENERAL

27 MOTORS' driver's liability insured under its "Business Auto" policy;  not product liability.  My

28 counsel again asked her to review the Declaration sheet.  She could not explain why an insurance

1  company would issue a Declaration sheet if GENERAL MOTORS was in fact self insured.  She

2  had no explanation other than that "someone" at new GM had told her this.

3      8.  As bankruptcy counsel has refused the requested Stipulation,  my counsel has drafted

4  on my behalf Motion for Relief from Automatic Stay which I am filing in pro per concurrently

5  herewith.

6      9.  My counsel has spent at least 6 hours  trying to resolve this matter informally with

7  Debtors' counsel, drafting and researching the Stipulation to Lift the Bankruptcy Stay, drafting

8  and researching the instant Motion and time which will be required to assist me with appearance

9  for the instant motion.  My counsel bills me at the rate of $250.00 per hour so that sanctions are

10  requested in the amount of $1,500.00 in fees I have incurred plus filing fee for this Motion of

11  $150.00 or total sanctions requested of $1,650.00, pursuant to Rule 9011.

12      I declare under penalty of perjury that the foregoing is true and correct.

13      Executed this 22nd day of October, 2009 at Van Nuys, California.

14

15

16      Sharon Butler, as Guardian ad Litem
        For Brooke Alexis Love, a minor

17      In Propria Persona

18

19

20

21

22

23

24

25

26

27

28

1  Gary Rand & Suzanne E. Rand-Lewis
   Professional Law Corporations
2  Gary Rand, Esq., State Bar No. 38184
   5990 Sepulveda Boulevard, Suite 330
3  Van Nuys, California 91411-2523
   (818) 779-1720
4

5  Attorney for Plaintiff, Brooke Alexis Love

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

10

11  BROOKE ALEXIS LOVE, etc.,                    CASE NO. YC059488

12        Plaintiff,                             **STIPULATION FOR RELIEF FROM
                                                 BANKRUPTCY STAY AS TO
13  vs.                                          DEFENDANT, GENERAL MOTORS
                                                 CORPORATION**
14  OLGA EDGAR PURINGTON, et al.,
                                                 Assigned for all purposes to
15        Defendants.                            Judge Richard B. Wolfe, Dept. Q

16  ─────────────────────────────

17        COMES NOW PLAINTIFF, BROOKE ALEXIS LOVE, a minor, by and through her

18  Guardian ad Litem, SHARON BUTLER and Defendant, GENERAL MOTORS

19  CORPORATION,  and agree to enter into Stipulation in this matter based upon the following:

20                          STATEMENT OF FACTS

21        This is an action brought by Plaintiff, BROOKE ALEXIS LOVE, a minor, by and

22  through her Guardian ad Litem, SHARON BUTLER,  to recover for injuries and damages

23  sustained by her when she was struck by a vehicle driven by Defendant, OLGA EDGAR

24  PURINGTON, who was employed by Defendant, GENERAL MOTORS CORPORATION and

25  was driving a vehicle owned by Defendant, GENERAL MOTORS CORPORATION, at the time

26  of the accident.

27        On August 8, 2008, Plaintiff's counsel wrote to the insurance carrier for Defendants

28  requesting the policy limits of Defendant, GENERAL MOTORS CORPORATION insurance

                                    1
                              STIPULATION

EXHIBIT "A"

1  policy.

2      On October 15, 2008, Sharon Brown of ESIS/GM Claims responded to said request for

3  policy limits by directing a letter to Plaintiff's counsel enclosing a copy of Defendant,

4  GENERAL MOTORS CORPORATION's policy Declaration with National Union Fire

5  Insurance Company which provided a limit of $300,000.00 for liability coverage.  Attached is a

6  copy of said policy Declaration which is incorporated herein by this reference marked **Exhibit**

7  **"A"**.

8      On February 10, 2009, after forwarding all Plaintiff's special items of damages,

9  Plaintiff's counsel directed a letter to Sharon Brown of ESIS/GM Claims demanding remittance

10  of Defendant, GENERAL MOTORS CORPORATION's policy limits of $300,000.00 and, that

11  said  Defendant must also provide a letter signed under penalty of perjury that the $300,000.00

12  was the full extent of liability coverage available to Defendants, Olga Purington and GENERAL

13  MOTORS CORPORATION,  for the injuries and damages sustained by Plaintiff.  Said letter

14  further requested if there was additional coverage and amounts available above the $300,000.00

15  that Defendants provide same.

16      On March 10, 2009, Sharon Brown with ESIS/GM Claims wrote Plaintiff's counsel

17  advising that the settlement demand of $300,000.00 was rejected.

18      Plaintiff, filed lawsuit on April 8, 2009.

19      On June 9, 2009, Plaintiff propounded discovery to Defendants, GENERAL MOTORS

20  CORPORATION and OLGA PURINGTON, consisting of Form Interrogatories, Special

21  Interrogatories and Request for Production of Documents.

22      Also on June 9, 2009, Monica J. Frascona, Esq.  with Dykema Gossett, LLP, counsel for

23  Defendants in the instant matter directed a letter to Plaintiff's counsel advising Defendant,

24  GENERAL MOTORS CORPORATION, filed voluntary petition seeking bankruptcy protection

25  under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York

26  and that an *"Automatic Stay"* went into effect prohibiting commencement or continuation of any

27  actions or proceedings against Defendant, GENERAL MOTORS CORPORATION.

28      As indicated above, Defendant, GENERAL MOTORS CORPORATION, has at least

STIPULATION

1    $300,000.00 insurance limits. See Exhibit "A".

2    There are no Cross-Complaints for Indemnity in this matter. There are no other claims

3    against the $300,000.00 coverage.

4    Therefore, Plaintiff and Defendant, GENERAL MOTORS CORPORATION, seek the

5    following stipulation to set aside the Stay and allow Plaintiff, BROOKE LOVE, a minor, by and

6    through her Guardian ad Litem, SHARON BUTLER to proceed with civil action as to any and

7    all available insurance proceeds, including, but not limited to, that stated in Exhibit "A" for said

8    Defendant.

9    ## STIPULATION FOR RELIEF FROM BANKRUPTCY STAY

10    Based upon facts above, the sufficiency and availability of the insurance proceeds, the

11    parties hereby stipulate that any and all Stays including any Stay pursuant to Section 362(a) of

12    the Bankruptcy Code shall be set aside; that Plaintiff, BROOKE ALEXIS LOVE, a minor, by

13    and through her Guardian ad Litem, SHARON BUTLER, will not seek a judgment or settlement

14    as to Defendant, GENERAL MOTORS CORPORATION, in excess of the $300,000.00

15    available to Defendant, GENERAL MOTORS CORPORATION, unless it is determined there is

16    an excess or umbrella policy which provides further insurance which would cover said Defendant

17    for the injuries and damages sustained by Plaintiff in this matter. In said event, Plaintiff,

18    BROOKE ALEXIS LOVE, a minor, by and through her Guardian ad Litem, SHARON

19    BUTLER, will not seek a judgment or settlement as to Defendant, GENERAL MOTORS

20    CORPORATION, in excess of umbrella policy which may exist which would provide additional

21    coverage for the injuries and damages sustained by Plaintiff over and above the $300,000.00

22    policy referred to above;   that the civil action pending between the parties, Case No.:

23    YC059488 entitled Brooke Alexis Love, a minor, by and through her Guardian ad Litem,

24    Sharon Butler vs. Olga Edgar Purington, General Motors Corporation, et al., shall proceed

25    unabated; that said Defendant, GENERAL MOTORS CORPORATION, its parent, subsidiary,

26    agents, affiliates or assigns will not seek a further Stay; that the civil case above listed may

27    proceed absent any further order from the Bankruptcy Court,

28    ///

1    or if required by law, the Bankruptcy Court may relieve the parties of the Stay and allow the civil

2    action to proceed.

3    DATED: October 16, 2009

4                                          Gary Rand & Suzanne E. Rand-Lewis
                                           Professional Law Corporations
5
6                                          By: _____
7                                               Gary Rand
                                                Attorney for Plaintiffs
8                                               Brooke Alexis Love, a minor, by and
                                                through her Guardian ad Litem, Sharon
9                                               Butler

    DATED:_____,2009                   Weil, Gotshal & Manges, LLP
10                                         Attorneys for Debtor, General Motors
                                           Corporation
11
                                           By:_____
12                                              Joseph H. Smolinsky, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**AIG**

# AMERICAN INTERNATIONAL COMPANIES ®

70 Pine Street, New York, NY 10270
(212) 770-7000

Coverage is provided by

# NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
(a capital stock company)

## BUSINESS AUTO DECLARATIONS

VI ONE    Named Insured & Mailing Address
GENERAL MOTORS CORPORATION

300 RENAISSANCE CENTER
DETROIT, MI 48265-3000

Producer's Name & Mailing Address
AON RISK SERVICES, INC. OF MI
3000 TOWN CENTER #3000
P O BOX 5156
SOUTHFIELD, MI 48086-5156

M OF BUSINESS:

ORPORATION   ☐ PARTNERSHIP   ☐ LIMITED LIABILITY COMPANY   ☐ INDIVIDUAL   ☐ OTHER

CY PERIOD:  From 09/01/2007  to 09/01/2008   at 12:01 A.M. Standard Time at your mailing address.
TURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE
INSURANCE AS STATED IN THIS POLICY.

CY PREMIUM:           $        75,036

m for Terrorism Coverage:
$1,306 Included In Policy Premium

DULE OF STATE TAXES, FEES AND SURCHARGES, IF APPLICABLE: *

ntucky
chigan                              $99.50
N Jersey                            $1.00
N York                              $7.00
xas                              $2,720.00
                                  $553.00

axes, Fees and Surcharges shown are in addition to the above referenced Policy Premium.

SEMENTS ATTACHED TO THIS POLICY:

0 17 - Common Policy Conditions (IL 01 46 in Washington)
0 21 - Broad Form Nuclear Exclusion (Not Applicable in New York)

TACHED FORMS SCHEDULE

HESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY
NDITIONS, COVERAGE FORMS, AND FORMS AND ENDORSEMENTS IF ANY ISSUED TO FORM A PART THEREOF COMPLETE THE
ABOVE NUMBERED POLICY

EXHIBIT

06   Includes copy

rvices Office, Inc., with its permission.  ©ISO Properties  Date Issued: 10/26/2007

M TWO  ...SCHEDULE OF COVERAGE  AND COVER...

policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those
...s" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the
...red Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| ...LITY | 1 | | |
| ...ONAL INJURY PROTECTION (...quivalent No-fault Coverage) | 5 | $ 300,000 SEPARATELY STATED IN EACH PERSONAL INJURY PROTECTION ENDORSEMENT MINUS ___ DEDUCTIBLE FOR EACH ACCIDENT | $ 75,036 $ INCLUDED |
| ...D PERSONAL INJURY ...CTION (or equivalent added ...ult Coverage) | | | |
| ...ERTY PROTECTION ...ANCE (Michigan only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE ENDORSEMENT MINUS $ DEDUCTIBLE FOR EACH ACCIDENT. | $ |
| ...MEDICAL PAYMENTS | | | $ |
| ...AL EXPENSE AND INCOME ...BENEFITS (Virginia only) | | SEPARATELY STATED IN EACH MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | $ |
| ...URED MOTORISTS | 2 | SEPARATELY STATED IN EACH UNINSURED MOTORISTS ENDORSEMENT | $ INCLUDED |
| ...INSURED MOTORISTS ...not included in Uninsured ...ts Coverage) | 2 | SEPARATELY STATED IN EACH UNDERINSURED MOTORISTS ENDORSEMENT | $ INCLUDED |
| ...CAL DAMAGE ...REHENSIVE COVERAGE | | "ACTUAL $___ DEDUCTIBLE FOR EACH COVERED AUTO, BUT CASH NO DEDUCTIBLE APPLIES TO LOSS CAUSED BY FIRE OR VALUE OR LIGHTNING. See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| ...CAL DAMAGE ...IED CAUSES OF LOSS ...AGE | | COST OF $25 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS REPAIR, CAUSED BY MISCHIEF OR VANDALISM. See ITEM FOUR For WHICHEVER Hired Or Borrowed "Autos". | $ |
| ...CAL DAMAGE ...ION COVERAGE | | IS LESS, DEDUCTIBLE FOR EACH COVERED AUTO. MINUS See ITEM FOUR For Hired Or Borrowed "Autos". | $ |
| ...AL DAMAGE TOWING ...BOR | | $___ For Each Disablement Of A Private Passenger "Auto". | |
| | | PREMIUM FOR ENDORSEMENTS | $ INCLUDED |
| | | *ESTIMATED TOTAL PREMIUM | $ 75,036 |

* This policy may be subject to final audit.

## THREE   SCHEDULE OF COVERED AUTOS YOU OWN

| DESCRIPTION | | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| Year, Model, Trade Name, Body Type Serial Number (s) Vehicle Identification Number (VIN) | | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where The Covered Auto Will Be Principally Garaged |
| PER SCHEDULE ON FILE WITH COMPANY | | | | |
| | | | | |
| | | | | |
| | | | | |

| CLASSIFICATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Radius Of Operation | Business Use S = service R = retail C = commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Primary Rating Factor | | Secondary Rating Factor | Code | EXCEPT For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below As Interests May Appear At The Time Of The Loss. |
| | | | | Liab. | Phy. Dam. | | | |
| PER SCHEDULE ON FILE WITH COMPANY | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## PROOF OF SERVICE

STATE OF CALIFORNIA       )

                                 )

COUNTY OF LOS ANGELES    )

      I am employed in Los Angeles County.  My business address is 5990 Sepulveda Boulevard, Suite #330, Van Nuys, California 91411-2523.  I am over the age of 18 years and am not a party to this cause.

      On October 23,   2009, I served the following documents:

**CERTIFICATE OF CONFERENCE DECLARATION OF CREDITOR, BROOKE ALEXIS LOVE, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHARON BUTLER; REQUEST FOR RULE 9011 SANCTIONS IN THE AMOUNT OF $1650.00**

      on:

Brianna N.Benfield Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Monica J. Frascona, Esq.
Dykema Gossett LLP
333 South Grand Avenue, Suite 2100
Los Angeles, California  90071

[ X ]    **BY MAIL**-I placed such envelope/s for collection and mailing on this date following ordinary business practices at Van Nuys, California .  The envelope was mailed with postage thereon fully prepaid.

[  ]    **BY PERSONAL SERVICE**-I delivered such envelope by hand to said party at,_____ _____ at _____ m. o'clock.

[  ]    **BY OVERNITE EXPRESS MAIL**-I placed such envelope/s for collection and Overnite Express  mail on this date following ordinary business practices directed to the addresses above.

[  ]    **BY FACSIMILE TRANSMISSION**-I caused to be served by facsimile transmission at the number(s) listed above:

[  ]    STATE I declare under penalty of perjury that the foregoing is true and correct.

[ X ]    FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 23 , 2009, at Van Nuys, California

_____
Chris Meyer