Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
In re                                            :         **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY**, *et al.*,        :         **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*         :
                                                 :
                            Debtors.             :         **(Jointly Administered)**
                                                 :
------------------------------------------------------------x

**EX PARTE MOTION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 2002(a)(2)**
**AND 9006(c) TO SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS'**
**MOTION PURSUANT TO SECTIONS 363(b) AND 105 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR**
**APPROVAL OF SETTLEMENT AGREEMENT WITH CERTAIN LABOR UNIONS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      By this motion (the "**Motion to Shorten Time**"), the Debtors request,

pursuant to Rule 2002(a)(2) and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), that the Court shorten the notice period for the Additional Notice Parties

(as defined below) who inadvertently did not get notice of the Debtors' *Motion Pursuant to*

*Sections 363(b) and 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) for Approval of Settlement Agreement with Certain Labor Unions*, dated October 14, 2009 (the "**Union Settlement Motion**"), that is scheduled to be heard on November 12, 2009 at 2:00 p.m. (Eastern Time) (the "**Union Settlement Hearing**"), or as soon thereafter as counsel may be heard.  In support of this Motion to Shorten Time, the Debtors submit the Declaration of Stephen Karotkin, annexed hereto as Exhibit "A."  A proposed order is annexed hereto as Exhibit "B."

2. Pursuant to the Union Settlement Motion, the Debtors request entry of an order, pursuant to sections 363(b) and 105 of title 11, United States Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, approving that certain Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, and Modification and GMCO Assumption of MLC-IUE-CWA CBA, a copy of which is annexed to the Union Settlement Motion as Exhibit A (the "**Settlement Agreement**"), and authorizing the Debtors to perform all of their obligations thereunder, all as more fully set forth in the Union Settlement Motion.

3. On October 14, 2009, the Debtors filed the Union Settlement Motion, and immediately thereafter, served notice to the Unions,[1] the Splinter Unions, General Motors, LLC, known retirees and surviving spouses covered by the Settlement Agreement, and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  In order to serve the Union Settlement Motion on all the parties covered by the Settlement Agreement, the Debtors obtained information from Fidelity Investments (General Motors, LLC's third-party retiree benefits administrator) which had comprised a database (the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Union Settlement Motion.

"**Original Union Database**") listing the contact information of each and every retiree and surviving spouse covered by the Settlement Agreement. Accordingly, the Debtors caused notice of the Union Settlement Motion to be served on such parties (i.e., approximately 63,000 parties).

4.   On October 27, 2009, the Debtors were informed that the Original Union Database had been updated (the "**Updated Union Database**") and that approximately 1,817 parties (the "**Additional Notice Parties**") were not included in the Original Union Database and, therefore, were not served with notice of the Union Settlement Motion. Upon information and belief, the Updated Union Database includes contact information for new retirees and surviving spouses, as well as new addresses for parties that were included in the Original Union Database.

5.   The Debtors intend to cause notice to be served on the Additional Notice Parties no later than October 30, 2009.

## Basis for Relief Requested

6.   Bankruptcy Rule 2002(a)(2) provides that parties in interest must be provided with at least twenty days' notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2). In addition, Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required under Bankruptcy Rule 2002(a). The Debtors submit that ample cause exists to shorten the notice period for the Additional Notice Parties, as requested herein.

7.   The Union Settlement Hearing has been scheduled for November 12, 2009 at 2:00 p.m. As stated, notice of the Union Settlement Hearing has already been provided to approximately 63,000 parties. Rather than adjourning the Union Settlement Hearing and re-noticing approximately 63,000 parties, the Debtors request that the Court authorize the Debtors to shorten the notice period for the Additional Notice Parties, which equate to less than 3% of the

total number of parties covered by the Settlement Agreement.  Inasmuch as the Debtors intend to serve notice to the Additional Notice Parties by no later than October 30, 2009, the Additional Notice Parties will be given 13 days notice of the Union Settlement Hearing.

8. The Debtors submit that shortening the notice period for the Additional Notice Parties still will permit such parties adequate time to review and, if they desire, respond to the Union Settlement Motion and more than adequately protect their rights.  Moreover, it will avoid an unnecessary adjournment of the Union Settlement Hearing and the time and expense of re-noticing the same to approximately 63,000 parties.

9. Based on the forgoing, the Debtors submit that cause exists to shorten the notice period with respect to the Motion.

## Jurisdiction

10. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

11. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice.  Accordingly, no notice of this Motion to Shorten Time has been given.

[*The Remainder Of This Page Is Intentionally Left Blank*]

12. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court approve the shortened notice periods requested herein, and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

## Declaration of Stephen Karotkin

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                  :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
                                                            :
                    Debtors.               :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF EX PARTE MOTION
OF THE DEBTORS PURSUANT TO FED. R. BANKR. P. 2002(a)(2) AND
9006(c) TO SHORTEN NOTICE PERIOD WITH RESPECT
TO THE DEBTORS' MOTION PURSUANT TO SECTIONS 363(b) AND 105
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR
APPROVAL OF SETTLEMENT AGREEMENT WITH CERTAIN LABOR UNIONS**

I, Stephen Karotkin, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**").

2. I submit this Declaration in support of the Debtors' ex parte motion (the "**Motion to Shorten Time**") to shorten the notice period for the Additional Notice Parties (as defined below) who inadvertently were not served with notice of the Debtors' *Motion Pursuant to Sections 363(b) and 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) for Approval*

*of Settlement Agreement with Certain Labor Unions*, dated October 14, 2009 (the "**Union Settlement Motion**"), that is scheduled to be heard on November 12, 2009 at 2:00 p.m. (Eastern Time) (the "**Union Settlement Hearing**").

3. Pursuant to the Union Settlement Motion, the Debtors request entry of an order, pursuant to sections 363(b) and 105 of title 11, United States Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, approving that certain Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, and Modification and GMCO Assumption of MLC-IUE-CWA CBA, a copy of which is annexed to the Union Settlement Motion as Exhibit A (the "**Settlement Agreement**"), and authorizing the Debtors to perform all of their obligations thereunder, all as more fully set forth in the Union Settlement Motion.

4. All statements contained herein are based on personal knowledge or made upon information and belief.

## The Need for Shortened Notice with Respect to the Motion

5. The Motion to Shorten Time seeks to have the Court shorten the notice period only for 1,817 additional notice parties that did not receive notice of the Debtors' Union Settlement Motion. The Debtors submit that cause exists to shorten the notice period for the Additional Notice Parties.

6. As more fully explained in the Motion to Shorten Time, the Debtors timely served the Union Settlement Motion upon all the known parties covered by the Settlement Agreement (i.e., approximately 63,000 parties). The Debtors obtained from Fidelity Investments (General Motors, LLC's third-party retiree benefits administrator) a database (the "**Original Union Database**") listing the contact information of each and every retiree and surviving spouse covered by the Settlement Agreement. On October 27, 2009, the Debtors were informed that the

Original Union Database had been updated (the "**Updated Union Database**") and that approximately 1,817 parties (the "**Additional Notice Parties**") were not included in the Original Union Database and, therefore, were not served with notice of the Union Settlement Motion. Upon information and belief, the Updated Union Database includes contact information for new retirees and surviving spouses, as well as new addresses for parties that were included in the Original Union Database.

7. The Debtors propose to shorten the notice period for the Additional Notice Parties instead of adjourning the Union Settlement Hearing and re-noticing approximately 63,000 parties. As explained in the Motion to Shorten Time, the Additional Notice Parties equal less than 3% of the total number of parties covered by the Settlement Agreement. Inasmuch as the Debtors intend to serve notice to the Additional Notice Parties by no later than October 30, 2009, the Additional Notice Parties will be given 13 days notice of the Union Settlement Hearing.

8. In light of the foregoing, the Debtors request that this Court shorten notice for the Additional Notice Parties with respect to the Union Settlement Hearing.

Dated:  New York, New York
        October 28, 2009

                                        /s/ Stephen Karotkin
                                        Stephen Karotkin

## Exhibit B

**Proposed Order**

C:\NRPORTBL\US_ACTIVE\RODRIGUI\43206947_1.DOC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                  :    Chapter 11 Case No.
                                                       :
**MOTORS LIQUIDATION COMPANY**, *et al.*,              :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*               :
                                                       :
                            Debtors.                   :    (Jointly Administered)
                                                       :
------------------------------------------------------------x

<u>ORDER PURSUANT TO FED. R. BANKR. P. 2002(a)(2) AND 9006(c)
SHORTENING NOTICE PERIOD WITH RESPECT TO
DEBTORS' MOTION PURSUANT TO SECTIONS 363(b) AND 105 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR
APPROVAL OF SETTLEMENT AGREEMENT WITH CERTAIN LABOR UNIONS</u>

Upon the ex parte motion, dated October 28, 2009 (the "**Motion to Shorten Time**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order shortening the notice period for the Additional Notice Parties[1] with respect to the Debtors' *Motion Pursuant to Sections 363(b) and 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) for Approval of Settlement Agreement with Certain Labor Unions* (the "**Union Settlement Motion**"), all as more fully described in the Motion to Shorten Time and the Declaration of Stephen Karotkin in support of the Motion to Shorten Time (the "**Karotkin Declaration**"), and the Court having found and determined that the relief sought in the Motion to Shorten Time is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion to Shorten Time establish just

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Shorten Notice.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion to Shorten Time is granted as provided herein; and it is further

ORDERED that the Debtors shall serve via first class mail by no later than October 30, 2009, notice of the Union Settlement Hearing by sending a copy of this Order, the Karotkin Declaration, and the Union Settlement Motion to: (i) the Additional Notice Parties; (ii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iv) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (v) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vi) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.); (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Diana G. Adams, Esq.); (viii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); (ix) the United Steelworkers c/o David R. Jury, Associate General Counsel, Five Gateway Center, Room 807, Pittsburgh, Pennsylvania 15222; and (x)

Kennedy, Jennick & Murray, P.C., attorneys for the IUE-CWA, 113 University Place, 7th Floor, New York, New York 10003 (Attn: Thomas M. Kennedy); and it is further

ORDERED that the objection deadline for the Additional Notice Parties to respond or object to the relief requested in the Union Settlement Motion is **November 9, 2009 at 4:00 p.m. (Eastern Time)**; and it is further

ORDERED that objections and responses, if any, to the Union Settlement Motion, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); (x) the United Steelworkers c/o David R. Jury, Associate General Counsel, Five Gateway Center, Room 807, Pittsburgh, Pennsylvania 15222; and (xi) Kennedy, Jennick & Murray, P.C., attorneys for the IUE-CWA, 113 University Place, 7th Floor, New York, New York 10003 (Attn: Thomas M. Kennedy); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2009

UNITED STATES BANKRUPTCY JUDGE