Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                                    :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*               :
:
                                              Debtors.           :    (Jointly Administered)
:
------------------------------------------------------------x

**DEBTORS' OBJECTION TO CERTAIN 503(b)(9) CLAIMS**
**UNDER THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 503(b)(9)**
**ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND**
**SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Background**

1. On June 1, 2009 (the "**Commencement Date**"), the Debtors filed the Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) [Docket No. 51] (the "**503(b)(9) Motion**") and requested that

the Court establish procedures (the **"503(b)(9) Procedures"**) to govern the resolution of 503(b)(9) claims ("**503(b)(9) Claims**") expected to be asserted by the Debtors' Sellers[1] against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code. On the Commencement Date, the Court entered the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) [Docket No. 166] (the "**503(b)(9) Order**").

2. Pursuant to the 503(b)(9) Procedures set forth in the 503(b)(9) Order, any Seller asserting a 503(b)(9) Claim was required to deliver to the Debtors its proof of 503(b)(9) claim (the "**Proof of 503(b)(9) Claim**") such that the Proof of 503(b)(9) Claim would be received by the Debtors and their counsel by the ninetieth day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**").[2] As of the 503(b)(9) Claim Filing Deadline, the Debtors have received approximately twenty-three (23) 503(b)(9) Claims by the Sellers, each listed on the schedule attached hereto as Exhibit "A" (each, a "**Requesting Seller**," and, collectively, the "**Requesting Sellers**").[3]

3. As required by the 503(b)(9) Procedures, for the reasons set forth below and on Exhibit A, the Debtors hereby object to the 503(b)(9) Claims except to the extent noted on Exhibit A as valid.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 503(b)(9) Motion and (503(b)(9) Order.

[2] Pursuant to the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(B)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof [Docket No. 4079], the new deadline to submit 503(b)(9) Claims is November 9, 2009.

[3] The Debtors reserve the right to revise and supplement the list of 503(b)(9) Claims set forth on Exhibit A, as well as their objections thereto.

**Objection**

4. Section 503(b)(9) of the Bankruptcy Code provides that upon notice and a hearing, a creditor's claim shall be allowed as an administrative expense for

> the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9) (emphasis added).

5. Many Sellers entered into a trade agreement (the "**Trade Agreement**") with the Debtors pursuant to the Final Order Pursuant to 11 U.S.C. §§ 105, 363, and 364 Authorizing Debtors to (I) Pay Prepetition Claims of Certain Essential Suppliers, Vendors, and Service Providers, (II) Continue Troubled Supplier Assistance Program, and (III) Continue Participation in the United States Treasury Auto Supplier Support Program [Docket No. 2533] ("**Essential Suppliers**"). Section 11 of the Trade Agreement provides that an Essential Supplier may not assert any reclamation claim or similar claim, including any claim under section 503(b)(9) of the Bankruptcy Code, on account of any goods shipped prepetition and for which they have not been paid. Moreover, payment to such Essential Suppliers for goods shipped prepetition either have been made or are in the process of being made. Therefore, 503(b)(9) Claims asserted by Requesting Sellers who signed a Trade Agreement are invalid. The "Basis for Valid Amount" on Exhibit A for such 503(b)(9) Claims is called "**Trade Agreement**."

6. Many Sellers have contracts with the Debtors that were assumed and assigned or assumed by the Debtors. In certain cases, contracts are anticipated to be assumed and/or assigned or otherwise satisfied by General Motors, LLC (f/k/a General Motors Company), the purchaser of substantially all the Debtors' assets (the "**Purchaser**"). The Debtors believe many of the 503(b)(9) Claims have been satisfied through the assumption and assignment process or will be resolved after the anticipated assumption and assignment process. Therefore,

503(b)(9) Claims asserted by Requesting Sellers which have been cured through the assumption and assignment process or are anticipated to be cured through the assumption and assignment process or otherwise satisfied by the Purchaser are invalid. The "Basis for Valid Amount" on Exhibit A for such 503(b)(9) Claims is called "**Contract Assumption.**"

7. The Debtors are also objecting to the 503(b)(9) Claims of Requesting Sellers to the extent that the Debtors (i) were not able to reasonably identify from their books and records the goods subject to the Requesting Seller's 503(b)(9) Claims or (ii) were able to verify that all payments have been made to the Requesting Seller according to the Debtors' books and records. The "Basis for Valid Amount" on Exhibit A for such 503(b)(9) Claims is called "**Books and Records**."

8. To the extent the Debtors determine some portion of the 503(b)(9) Claim is valid, the "Basis for Valid Amount" on Exhibit A for such 503(b)(9) Claims is called "**Valid Amount**."

9. To the extent the Debtors determine the Requesting Seller's 503(b)(9) Claim is invalid because the Requesting Seller withdrew its 503(b)(9) Claim, the "Basis for Valid Amount" on Exhibit A for such 503(b)(9) Claim is called "**Claim Withdrawn**."

**Reservation of Rights and Defenses**

10. Exhibit A represents the Debtors' analysis of the 503(b)(9) Claims and the defenses related to them. The Debtors hereby reserve all of their rights to supplement or amend Exhibit A based upon their further (a) review of information already received from, or additional information supplied by, Requesting Sellers or (b) discussions and/or negotiations with the Requesting Sellers regarding the possible amendment, resolution or withdrawal of their

503(b)(9) Claims, or (c) review of the Debtors' books and records and information received from the Purchaser.

### Requesting Sellers' Response

11.     In accordance with the 503(b)(9) Order, any response to this Objection must be filed no later than twenty (20) days after October 29, 2009 (the "**Objection Deadline**").

### Notice

12.     Notice of this Objection is being provided to (i) each Requesting Seller listed on Exhibit A, at the address indicated in their respective Proof of 503(b)(9) Claim and (ii) parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

Dated:  New York, New York
        October 29, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

| Name of Claimant | Amount of 503(b)(9) Claim | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|
| Ballard Material Products Inc. | $168,890 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Progressive Stamping Co. | $81,942.85 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Satterlund Supply Company | $2,584.00 | $0.00 | • Trade Agreement |
| Unico | $7,513.60 | $0.00 | • Contract Assumption |
| Burgess-Norton Mfg. Co. | $5,115.20 | $0.00 | • Contract Assumption |
| Winkelmann SP. z o.o. | $286,298.15 | $0.00 | • Books and Records |
| Visteon Corporation | $4,636,512.26 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Yazaki North America | $226,773.06 | $0.00 | • Contract Assumption |
| US Steel | $7,428,711.10 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| CUNO Incorporated | $5,630.90 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Ashland, Inc. | $40,131.24 | $40,131.24 | • Valid Amount |
| Flextronics Manufacturing (Shanghai) Co., Ltd. and Flextronics Automotive, Inc. | $97,717.69 | $55,587.64 | • Contract Assumption<br>• Valid Amount |

| Name of Claimant | Amount of 503(b)(9) Claim | Valid Amount | Objections and Basis for Valid Amount |
|---|---|---|---|
| Nidec Motors & Actuators | $100,000 | $0.00 | • Contract Assumption |
| Honeywell Consumer Products Group | $1,156,430.17 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Toyota Tsusho Canada, Inc. | $336.35 | $0.00 | • Contract Assumption |
| Dow Chemical Company | $789,519.23 | $0.00 | • Contract Assumption<br>• Claim Withdrawn |
| Gates De Mexico SA DE CV | $40,578.33 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Schrader Electronics | $37,343.42 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Toyota Motor Sales USA | $160,968.81 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Arizona Department of Revenue | $19,006.94 | $0.00 | • Claim Withdrawn |
| LEM U.S.A., Inc. | $6,063.28 | $0.00 | • Trade Agreement<br>• Contract Assumption |
| Philadelphia Newspapers LLC | $75,387.31 | $0.00 | • Books and Records |
| Iroquois Industries, Inc. | $203,571.21 | $0.00 | • Trade Agreement<br>• Contract Assumption |