**Hearing Date and Time:  November 12, 2009 at 2:00 p.m. (Eastern Time)**
**Objection Date and Time:  November 6, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7314
Facsimile: (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :

**In Re**                                           :          Chapter 11

**MOTORS LIQUIDATION COMPANY** (f/k/a  :          Case No. 09-50026 (REG)
General Motors Corp.), et al.,                :          (Jointly Administered)

Debtors.                            :          Hon. Robert E. Gerber

---------------------------------------------------------------x

**NOTICE OF MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING
REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR
<u>ABANDONMENT OF COLLATERAL TO SECURED CREDITORS</u>**

**PLEASE TAKE NOTICE THAT:**

Upon the annexed motion, dated October 30, 2009, Motors Liquidation Company, f/k/a General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "**Debtors**"), filed the *Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors* (the "**Motion**").

The Motion seeks authority, pursuant to sections 365 and 554 of title 11 of the United States Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure for entry of an order authorizing the Debtors to reject certain personal property "lease" agreements and related agreements (collectively, the "**Agreements**") and/or abandonment of the personal property subject to the Agreements, as more fully set forth in the Motion. A hearing, with respect to the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **November 12, 2009 at 2:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Debtors, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. Robert B. Weiss, Esq. and Donald F. Baty, Jr., Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: **www.motorsliquidationdocket.com**

The deadline to file any objections and responses to the Motion is **November 6, 2009** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party

2

against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn: Robert B. Weiss and Donald F. Baty, Jr. 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48226 (Attn: Kari Larson Esq.); (iii) the Debtors, Motors Liquidation Company f/k/a General Motors Corp. et al., AlixPartners, LLP, 2000 Town Center, Suite 2400, Southfield, Michigan 48075 (Attn: Michelle Smith) and Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Evan S. Lederman, Esq. and Lacey Laken, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Room 2312, Washington. D.C. 20020, (Attn: Matthew Feldman, Esq.); (vi) Vedder Price, attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq., Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq. and Gordon Z. Novod, Esq.); (viii) the attorneys

3

for the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America ("UAW") 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel W. Sherrick, Esq.); (ix) Cleary Gottlieb Steen & Hamilton LLP, attorneys for the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (x) Cohen, Weiss and Simon LLP, attorneys for the UAW, 330 W. 42nd Street, New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xi) the Office of the United States Trustee for the Southern District of New York (Attn: Diana G. Adams, Esq.), 33 Whitehall Street, 21st Floor, New York, New York 10004; (xii) the affected counterparties to the Executory Contracts on **Exhibit A** to the Motion; and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than the **Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing. Failure to appear at the Hearing may result in relief being granted or denied upon default.

|  |  |
|---|---|
|  | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Special Counsel to the Debtors and Debtors in Possession |
| Dated: October 30, 2009 | By: /s/ Donald F. Baty, Jr.<br>Robert B. Weiss (P28249)<br>Donald F. Baty, Jr. (P38087)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>Telephone: (313) 465-7314<br>Facsimile: (313) 465-7315<br>Email: dbaty@honigman.com |

DETROIT.3922718.1

Hearing Date and Time:  November 12, 2009 at 2:00 p.m. (Eastern Time)
Objection Date and Time:  November 6, 2009 at 4:00 p.m. (Eastern Time)

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7314
Facsimile:  (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In Re** | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY** (f/k/a General Motors Corp.), et al., | : | Case No. 09-50026 (REG) |
| | : | (Jointly Administered) |
| Debtors. | : | Hon. Robert E. Gerber |
| | : | |

---------------------------------------------------------------x

**MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING
REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS
AND/OR ABANDONMENT OF COLLATERAL TO SECURED
CREDITORS**

To the Honorable Robert E. Gerber, United States Bankruptcy Judge:

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. The Debtors request entry of an order pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the rejection of certain personal property "lease" agreements and related agreements (collectively, as amended the "**Agreements**")[1] identified in the attached **Exhibit A**, with the original parties identified on **Exhibit A** (collectively, the "**Parties**"), effective as of December 31, 2009.

2. Additionally, to account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors request entry of an order pursuant to section 554 of the Bankruptcy Code and Rule 6007 of the Bankruptcy Rules authorizing abandonment of the personal property subject to the Agreements (the "**Assembly Line**") effective December 31, 2009, and granting relief from the automatic stay to allow the appropriate Parties to promptly remove the Assembly Line.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Rejection of the Agreements is in the Best Interest of Debtors' Estates**

4. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign, or reject executory

---

[1] The Agreements are so-called "leveraged leases." See Debtor's *Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts* filed October 30, 2009 (the "**Leveraged Lease Motion**"). The Debtors incorporate herein by reference Leveraged Lease Motion.

2

contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see, also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y., 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

5. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Riodizio, Inc. 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor. . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See e.g. Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a

flexible one. . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradless, Inc. (In re Bradless Stores, Inc.), 195 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

6. The Assembly Line in question is located in General Motors LLC's[2] ("**GM**") Tonawanda, NY plant. It was specially designed to manufacture a specific marine engine that is currently being produced by GM. The marine engine produced using the Assembly Line will be out of production in the next several weeks. After the production of the marine engine ceases, GM will have no further need or use for the Assembly Line. Also, GM's customer for the marine engine has no interest in acquiring the Assembly Line. GM has agreed to pay all administrative rent owing in respect of the Agreements until the December 31, 2009 rejection date.

7. The Debtors also believe that, given current market conditions, assuming and assigning the Agreements or attempting to sell the Assembly Line would not be beneficial to their estates as the value of the equipment is substantially less than the aggregate amount owed to the underlying lessors and debt holders. In fact, Debtors and GM believe that the cost to orderly remove the Assembly Line significantly exceeds its value.

---

[2] f/k/a General Motors Company, the purchaser of substantially all of the assets of the former General Motors Corporation pursuant to a Section 363 sale and order by this Court.

4

8. Accordingly, in the exercise of their business judgment, the Debtors have determined that the rejection of the Agreements, pursuant to section 365 of the Bankruptcy Code, is in the best interests of their estates.

9. Section 365(p) of the Bankruptcy Code provides that when "a lease of personal property is rejected . . . the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." Subject to the Court granting this Motion, GM has agreed to allow the appropriate Parties access to promptly remove the Assembly Line from GM's property effective December 31, 2009.

**If the Agreements are Disguised Secured Financing Arrangements and Not True Leases, Debtors May Abandon the Equipment as Burdensome and of Inconsequential Value and Benefit to the Estate**

10. To account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors seek authority to abandon the Assembly Line pursuant to section 554 of the Bankruptcy Code, which provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

11. As summarized above, the Debtors have determined that the Assembly Line has no value or benefit to their estates and if the Agreements are not true leases, the Assembly Line should be abandoned. See McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1167 (4th Cir. 1997) (holding that where liens exceeded value of the property, the property could be abandoned).

5

12. The Debtors request that the Assembly Line be abandoned and the automatic stay under section 362(a) of the Bankruptcy Code be lifted effective December 31, 2009 so that the appropriate parties may take possession of the Assembly Line. Subject to the Court granting this Motion, GM has agreed to allow the appropriate Parties access to promptly remove the Assembly Line from GM's property effective December 31, 2009.

13. For the purposes of this Motion, it is not necessary for the Debtors to take a position regarding whether the Agreements are true leases or disguised financing arrangements, and the Debtors reserve all rights regarding the proper characterization of the Agreements.

**Debtors Should Be Granted Authority to Execute All Documentation Necessary to Facilitate Transfer of the Assembly Line to the Appropriate Parties**

14. The Debtors also request that they be permitted to execute all documentation necessary to facilitate the expeditious removal of the Assembly Line.

**The Parties Parties Should Be Required to Remove the Assembly Line from GM's Premises within a Reasonable Time or be Deemed to Have Abandoned Their Interests so GM Can Commence Environmental Decommissioning and Removal**

15. Finally, the space where the Assembly Line is located is being targeted for use by GM for another program. The Parties with interests in the Assembly Line should be required to remove the Assembly Line within a reasonable period of time or be deemed to have abandoned their interests in the Assembly Line so GM can commence environmental decommissioning and removal of the equipment in any way it deems appropriate. GM has advised Debtors that it believes it is reasonable to remove the Assembly Line in 100 days so Debtors are requesting that the Court set April 15, 2010 as the deadline for removal. If GM is forced to decommission and remove the Assembly Line, GM has advised Debtors that it will reserve all rights it may have against all parties in interest for the costs so incurred.

**Notice**

16. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under Debtor's prepetition secured term loan agreement, (v) the attorneys for the agent under Debtor's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers— Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the counterparties to the Agreements listed on **Exhibit A**, and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**No Prior Request**

17. No previous request for the relief sought in this Motion has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of the proposed order attached as **Exhibit B** granting the relief requested herein and such other and further relief as is just.

[the remainder of this page is intentionally blank]

        Respectfully submitted,

        HONIGMAN MILLER SCHWARTZ AND COHN LLP
        Special Counsel to the Debtors and Debtors in Possession

Dated: October 30, 2009      By:   /s/ Donald F. Baty, Jr.
            Robert B. Weiss (P28249)
            Donald F. Baty, Jr. (P38087)
        2290 First National Building
        660 Woodward Avenue
        Detroit, MI 48226
        Telephone: (313) 465-7314
        Facsimile: (313) 465-7315
        Email: dbaty@honigman.com

09-50026-mg    Doc 4324    Filed 10/30/09    Entered 10/30/09 15:24:26    Main Document
Pg 13 of 19

# Exhibit A
# Description of Agreements and Parties

9

| | Counter Party/Parties | Contact/Address | Counsel | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | General Foods Credit Investors No. 2 Corporation | General Foods Credit Investors No. 2 Corporation c/o Philip Morris Capital Corporation 225 High Ridge Road, Suite 300 West Stamford, CT 06905 | KAYE SCHOLER LLP Richard G. Smolev 425 Park Avenue New York, NY 10022-3598 and KAYE SCHOLER LLP Richard G. Smolev 311 South Wacker Drive Chicago, IL 60606 | Participation Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| | | | | Tax Indemnity Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| 2 | State Street Bank and Trust Company of Connecticut, National Association | State Street Bank and Trust Company of Connecticut, National Association 225 Asylum Street, 23rd Floor Hartford, CT 06103 | EDWARDS ANGELL PALMER & DODGE LLP Richard Hiersteiner Jeanne P. Darcey Amy A. Zuccarello Judy A. Groves Charlotte P. Bodell 111 Huntington Avenue Boston, Massachusetts 02199 | Participation Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Supplement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| 3 | Wells Fargo Bank Northwest, National Association | Wells Fargo Bank Northwest, National Association 79 South Main Street 3rd Floor Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP Matthew S. Barr Tyson M. Lomazow Samuel Khalil One Chase Manhattan Plaza New York, New York 10005 and DRINKER BIDDLE & REATH LLP Stephanie Wickouski Kristin K. Going 140 Broadway, 39th Floor New York, New York 10005 | Participation Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |
| 4 | Various Note Purchasers Regarding GM 2001A-1, GM 2001A-2 and GM 2001A-6 Transactions | c/o Wells Fargo Bank Northwest, National Association 79 South Main Street 3rd Floor Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP Matthew S. Barr Tyson M. Lomazow Samuel Khalil One Chase Manhattan Plaza New York, New York 10005 and DRINKER BIDDLE & REATH LLP Stephanie Wickouski Kristin K. Going 140 Broadway, 39th Floor New York, New York 10005 | Participation Agreement (GM 2001A-7) | 12/18/2001 | 7/31/2009 |

| | Counter Party/Parties | Contact/Address | Counsel | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | General Electric Capital Corporation | General Electric Capital Corporation<br>120 Long Ridge Road 3rd Floor<br>Stamford, CT 06927-4900 | LATHAM & WATKINS LLP<br>Douglas Bacon<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, Illinois 60606<br><br>and<br><br>LATHAM & WATKINS LLP<br>George Royle<br>885 Third Avenue<br>New York, New York 10022 | Participation Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| | | | | Tax Indemnity Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| 2 | State Street Bank and Trust Company of Connecticut, National Association | State Street Bank and Trust Company of Connecticut, National Association<br>225 Asylum Street, 23rd Floor<br>Hartford, CT 06103 | EDWARDS ANGELL PALMER & DODGE LLP<br>Richard Hiersteiner<br>Jeanne P. Darcey<br>Amy A. Zuccarello<br>Judy A. Groves<br>Charlotte P. Bodell<br>111 Huntington Avenue<br>Boston, Massachusetts 02199 | Participation Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| | | | | Lease Supplement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| 3 | Wells Fargo Bank Northwest, National Association | Wells Fargo Bank Northwest, National Association<br>79 South Main Street<br>3rd Floor<br>Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP<br>Matthew S. Barr<br>Tyson M. Lomazow<br>Samuel Khalil<br>One Chase Manhattan Plaza<br>New York, New York 10005<br><br>and<br><br>DRINKER BIDDLE & REATH LLP<br>Stephanie Wickouski<br>Kristin K. Going<br>140 Broadway, 39th Floor<br>New York, New York 10005 | Participation Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |
| 4 | Various Note Purchasers Regarding GM 2001A-1, GM 2001A-2 and GM 2001A-6 Transactions | c/o Wells Fargo Bank Northwest, National Association<br>79 South Main Street<br>3rd Floor<br>Salt Lake City, UT 84111 | MILBANK, TWEED, HADLEY & McCLOY LLP<br>Matthew S. Barr<br>Tyson M. Lomazow<br>Samuel Khalil<br>One Chase Manhattan Plaza<br>New York, New York 10005<br><br>and<br><br>DRINKER BIDDLE & REATH LLP<br>Stephanie Wickouski<br>Kristin K. Going<br>140 Broadway, 39th Floor<br>New York, New York 10005 | Participation Agreement (GM 2001A-8) | 12/18/2001 | 7/31/2009 |

# **Exhibit B**
# **Proposed Order**

Robert B. Weiss
Donald F. Baty, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
Telephone: (313) 465-7314
Facsimile:  (313) 465-7315

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In Re**                                                      :    Chapter 11
                                                               :
**MOTORS LIQUIDATION COMPANY** (f/k/a                          :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                                 :    (Jointly Administered)
                                                               :
       Debtors.                                                :    Hon. Robert E. Gerber
                                                               :
---------------------------------------------------------------x

**ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY**
**AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED**
<u>**CREDITORS**</u>

Upon the Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors dated October 30, 2009 (the "**Motion**"),[1] filed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365 and 554 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of certain

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

unexpired leases of personal property and/or for abandonment of collateral, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that:

    1. The Motion is granted.

    2. This Order is without prejudice to the rights of the Debtors or any parties in interest regarding the characterization of the Agreements as leases of personal property or as disguised secured financing arrangements.

    3. If the Agreements are later determined to be leases of personal property and not disguised financing arrangements, (i) the Agreements are deemed rejected effective as of December 31, 2009 and (ii) pursuant to section 365(p) of the Bankruptcy Code, the automatic stay will be terminated as to the Assembly Line effective as of December 31, 2009.

    4. If the Agreements are later determined to be disguised secured financing arrangements and not leases of personal property, (i) the Agreements will be deemed abandoned pursuant to section 554 of the Bankruptcy Code effective as of December 31, 2009 and (ii) the automatic stay under section 362(a) of the Bankruptcy Code will be lifted effective as of December 31, 2009 so that the appropriate Parties may take possession of the Assembly Line as of such date.

    5. Through December 31, 2009, GM shall make all administrative rent payments due under the Agreements.

3

6. The Debtors are authorized to execute all documentation Debtors deem necessary to facilitate the expeditious removal of the Assembly Line.

7. Parties claiming an interest in the Assembly Line shall have until April 15, 2010 to remove the Assembly Line or they will be deemed to have abandoned their interests in the Assembly Line and GM may thereafter commence decommissioning and removal and thereafter they shall have no claims against GM in respect of the methods used in decommissioning and removing the Assembly Lines. The rights, claims, obligations and defenses, if any, of all parties in interest in respect of liability for the cost of decommissioning and removing the Assembly Line are expressly reserved.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

New York, New York  
November ____, 2009                              _____  
                                                  United States Bankruptcy Judge