Hearing Date and Time:  November 12, 2009 at 2:00 p.m. (Eastern Time)
Objection Date and Time:  November 6, 2009 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Heather D. McArn

353 N. Clark St.
Chicago, Illinois 60654
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray
Michael S. Terrien

Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :
**In Re**                                           :    Chapter 11
                                                    :
**MOTORS LIQUIDATION COMPANY, et al.,**             :    Case No. 09-50026 (REG)
                                                    :    (Jointly Administered)
                                                    :
       Debtors.                                     :    Hon. Robert E. Gerber
                                                    :
------------------------------------------------------------------x

**MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING
REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS
<u>AND/OR ABANDONMENT OF EQUIPMENT</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

1.    The Debtors request entry of an order pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the rejection of certain personal property "lease" agreements and related agreements (collectively, as amended the "**Agreements**") identified in the attached **Exhibit A**, effective as of October 30, 2009, *nunc pro tunc*.

2.    Additionally, to account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors request entry of an order pursuant to section 554 of the Bankruptcy Code and Rule 6007 of the Bankruptcy Rules authorizing abandonment of the personal property subject to the Agreements (the "**Equipment**") effective October 30, 2009 *nunc pro tunc*.

### Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Rejection of the Agreements is in the Best Interest of Debtors' Estates

4.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C.

2

§ 365(a). Courts routinely approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see, also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y., 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

5.  Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Riodizio, Inc. 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor. . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See e.g. Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a

3

flexible one. . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradless, Inc. (In re Bradless Stores, Inc.), 195 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

6. The Equipment at issue consists of the following:

| "Lease" Number | Description | Remaining Principal Balance (estimate) |
| --- | --- | --- |
| 2000 A-2 | Six stamping presses located in Wentzville, MO (1), Pontiac, MI (1), Mansfield, OH (1) and Parma, OH (3) | $86.7 million |
| 2000 A-3 | Two stamping presses located in Pontiac, MI and Grand Rapids, MI | $44 million |

As the Debtors are in liquidation, they have no need for the Equipment. In addition, General Motors, LLC (**"New GM"**), the purchaser of a substantial portion of the Debtors' assets, has advised the Debtors that it does not intend to take assignment of the Agreements.[1] As a result, further delay in rejecting the Agreements only adds expense.

7. The Debtors also believe that, given current market conditions, assuming and assigning the Agreements, or attempting to sell the Equipment, to another party would not be beneficial to their estates as the value of the Equipment is substantially less than the amounts

---

[1] The Debtors are advised that New GM is in discussions with all Parties to the 2000A-2 Agreements about the possibility of acquiring the Equipment that is presently subject to those Agreements. If those negotiations are successful, the Debtors expect to benefit by the elimination of the rejection damages claims associated with the 2000A-2 agreements.

4

owed to the Parties under the Agreements. In fact, the Debtors believe that the cost to remove the Equipment may exceed the value of the Equipment.

8.    Accordingly, in the exercise of their business judgment, the Debtors have determined that the rejection of the Agreements, pursuant to section 365 of the Bankruptcy Code, is in the best interests of their estates.

**If the Agreements are Disguised Secured Financing Arrangements and Not True Leases, Debtors May Abandon the Equipment as Burdensome and of Inconsequential Value and Benefit to the Estate**

9.    To account for the possibility of the Agreements later being determined to be disguised secured financing arrangements and not true leases, the Debtors seek authority to abandon the Equipment pursuant to section 554 of the Bankruptcy Code, which provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

10.    As summarized above, the Debtors have determined that the Equipment has no value or benefit to their estates and if the Agreements are not true leases, the Equipment should be abandoned. See McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1167 (4th Cir. 1997) (holding that where liens exceeded value of the property, the property could be abandoned).

11.    For the purposes of this Motion, it is not necessary for the Debtors to take a position regarding whether the Agreements are true leases or disguised financing arrangements, and the Debtors reserve all rights regarding the proper characterization of the Agreements.

5

## **Notice**

12. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada (iv) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (v) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (vi) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America, (ix) the United States Department of Labor, (vii) the attorneys for the National Automobile Dealers Association, (viii) the attorneys for the ad hoc bondholders committee, (ix) the U.S. Attorney's Office, S.D.N.Y., (x) the counterparties to the Agreements on **Exhibit A**, and (xi) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **No Prior Request**

13. No previous request for the relief sought in this Motion has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of the proposed order attached as **Exhibit B** granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
October 30, 2009

Respectfully submitted,

*/s/ Daniel R. Murray*
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray
Michael S. Terrien

Attorneys for the Debtors
and Debtors in Possession