# LIMITED OBJECTION OF
# LINDEN DEVELOPMENT, LLC

# EXHIBIT D

THIS INSTRUMENT PREPARED BY:

David W. Fell, Esq.
Lowe, Fell & Skogg, LLC
370 Seventeenth St.
Suite 4900
Denver, CO 80202

By: *[signature]*
Name: DAVID FELL

**Record and Return to:**
LandAmerica Commercial Services
PO Box 700, Summit NJ 07902-0700
File No: 07-000006

## DEED

STATE OF NEW JERSEY    )
                       ) ss.  KNOW ALL PERSONS BY THESE PRESENTS:
COUNTY OF UNION        )

THIS DEED ("Deed"), is made on December 21, 2007, between GENERAL MOTORS CORPORATION, a Delaware corporation, whose address is c/o Worldwide Real Estate, 200 Renaissance Center, Mail Code: 482-B38-C96, P.O. Box 200, Detroit, Michigan 48265-2000, referred to as the "Grantor", and LINDEN DEVELOPMENT, LLC, a New Jersey limited liability company, whose address is c/o Duke Realty Corporation, 5600 Blazer Parkway, Suite 200, Dublin, Ohio 43017, referred to as the "Grantee."

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property ("Property"), described below to the Grantee. This transfer is made for the sum of One Million, Three Hundred Eighty-Three Thousand, Eight Hundred Fifty and No/100 Dollars ($1,383,850.00). The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15.1-1) Municipality of Union, Block 470 Lot 9

X   No property tax identification number is available on the date of this Deed. (Check box if applicable).

**Property.** The Property consists of the land and all the buildings and structures on the land in the City of Linden, County of Union and State of New Jersey. The legal description for the Property is attached hereto as Exhibit A.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights that affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Deed Restriction.** Notwithstanding anything to the contrary, Grantee takes the Property subject to those matters shown on Exhibit B attached hereto and made a part hereto and to the following restrictions, which restrictions shall run with the Property and bind Grantee, its successors and assigns:

{ 00786758.2 07138-0375 12/21/2007 09:11 AM}

DB5693-0261

Received & Recorded  Deed-1
Union County, NJ    Inst# 191787
1/17/2008 11:07              Pgs-17
Joanne Rajoppi    Consider. 1,383,850.00
County Clerk      RT Fee      28,059.90
Operator
MCDEVITT

or administrative orders, including any and all permits, licenses, or authorizations issued thereunder, including, but not limited to, any and all due care requirements under New Jersey law and all Federal and State requirements/guidelines (collectively "Environmental Laws"), in connection with or related to the use, operations, development, excavation, (including off-site disposal of site soils and the mitigation of vapor intrusion with respect to the remediation/redevelopment of the Property) grading, construction, or demolition, at, in, on, or below the Property. Grantee, its successors and assigns shall be solely responsible and liable for any and all issues related to the migration of water within the Property and off of the Property. Grantee, its successors and assigns shall be solely responsible and liable for any and all alleged or actual violations of any applicable Environmental Laws concerning or related to the Property.

(ii)    Grantee acknowledges and agrees that use of groundwater at, in, or under the Property by any person or entity for any purpose, including potable and non-potable uses, shall be strictly prohibited.

(iii)    Grantee represents, acknowledges, and agrees that, at Closing, the Property may contain various discarded materials, including, but not limited to, building materials from demolition activities; domestic and industrial trash; tires; automotive parts; used containers which held materials such as paint, antifreeze, gasoline, and other chemical substances; materials painted with lead-based paints or otherwise, wood, concrete, brick, and floorblock; and building materials which may contain asbestos-containing materials, and roof shingles (these discarded materials are herein collectively referred to as "Debris"). Grantee acknowledges and agrees that Grantee, and not Grantor, shall be solely liable and responsible for such Debris and all matters relating thereto, including the proper management and disposal of such Debris. By way of example, but not limitation, Grantee shall comply with all guidance/policy directives of the New Jersey Department of Environmental Protection ("NJDEP") regarding the recycling/re-use of concrete waste generated by demolition of buildings located on the property. Grantee further represents, acknowledges, and agrees that any and all soil and/or Debris management and surface water and/or groundwater management required or necessary under applicable laws or regulations or because of excavation, demolition, or soil disturbance related to the use, operations, development, excavation, grading, construction, or demolition, at, in, on, or below the Property is the sole obligation and liability of Grantee. Such soil and/or Debris management and surface water and/or groundwater management may include in-place management, excavation, sediment and erosion control, and disposal or other soil and Debris management options which are allowed or required under applicable Environmental Laws. Seller shall waive the requirement that this subparagraph (iii) relating to the Debris be included in any deed, lease or other agreement as set forth above provided that Purchaser delivers to Seller evidence (which shall include photographic evidence of the Property), reasonably acceptable to Seller, that Purchaser has removed all Debris from the Property in accordance with all applicable laws, including, without limitation, all Environmental Laws. Seller shall be entitled to, but not obligated to, audit and conduct its own investigations to confirm such evidence provided by Purchaser. In the event that such audit or investigations indicate that Purchaser has not removed all such Debris from the Property, Seller shall not waive the requirement that this subparagraph (iii) be included in any deed, lease or other agreement and Purchaser shall promptly reimburse Seller for the reasonable costs and expenses incurred by Seller in conducting such audit or investigation.

(iv)    Grantee covenants and agrees that it shall not "treat," "store" or "dispose" of any "hazardous substances," "hazardous wastes" or "toxic substances" as those terms are defined under CERCLA, 42 U.S.C. 9601 et. seq., RCRA, 42 U.S.C. 6901 et. seq., or TSCA, 15 U.S.C. 2601 et. seq., or under similar New Jersey law, statute, or regulation, on, at, or below the Property, and shall maintain generator-only status; provided, however, that Grantee may (A)

accumulate such substances or wastes as allowed under applicable Environmental Laws for off-site treatment, off-site storage, or off-site disposal, and (B) use and/or store commercial products on-site which may contain such substances.

(v)     Grantee acknowledges and agrees that the Property may only be used by Grantee, its successors, assigns, and tenants for industrial and commercial uses except as otherwise permitted in subparagraph (viii) below. Such prohibited uses include, but are not limited to, residential uses, day care centers, schools, hospitals, and long-term care facilities or other similar uses that would typically require cleanup to unrestricted use standards under applicable New Jersey law. Grantee further acknowledges and agrees that any site modifications or redevelopment limitations required at, in, on, or below the Property or modification to building design or construction to accommodate allowable industrial and commercial uses (and residential uses if permitted by Grantor) hereunder consistent with Environmental Laws, remedial systems on the Property of any kind, or otherwise, is the sole obligation and liability of Grantee (or the owner of the Property at the time of such activities) and will be conducted at Grantee's sole expense.

(vi)    Grantee acknowledges and agrees that, at Closing, the Property may contain underground process or utility lines or piping, including, without limitation, sanitary or storm sewers and gas, water, electrical, fire protection and septic systems, and any other similar utility lines or piping which may be present at or below the Property (herein collectively referred to as "Utility Lines"). Grantee further acknowledges and agrees that Grantee, and not Grantor, shall be solely liable and responsible for such Utility Lines and all matters relating thereto. Further, Grantee acknowledges and agrees that any and all management, including, but not limited to, maintenance, removal, repair, or associated cleanup of the environment, of or due to any such Utility Lines that may be required or necessary: (a) under applicable Environmental Laws or other laws or regulations, (b) to properly maintain the Property, or (c) because of excavation, demolition, or soil disturbance related to future use, development, or construction at or of the Property, is the sole obligation and liability of Grantee or the owner of the Property at the time of such activities.

(vii)   In the event (a) Grantor is notified by United States Environmental Protection Agency (the "USEPA"), the NJDEP, any other local, state or federal agency or governmental entity or any other third party (that has a right or standing under applicable law to compel or seek any action) that Grantee has failed (or Grantor becomes aware of any such failure) to complete any Response Activities (as defined below) with respect to the Property in accordance with the foregoing, the Orders (as defined below) or any applicable law, and (b) Grantor is required by USEPA, NJDEP, any other local, state or federal agency or governmental entity or any other third party (that has a right or standing under the applicable law to compel or seek any action) to take any Response Activities with respect to the Property, and (c) Grantee fails, within sixty (60) days (or such shorter time period as required by USEPA, NJDEP, any other local, state or federal agency or governmental entity or such other third party) after the date Grantee receives a default notice from Grantor or USEPA, NJDEP, or otherwise, to either complete such Response Activities in accordance with this Deed and the Orders or any applicable law, or notify Grantor and USEPA, NJDEP, or other state agency that Grantee is contesting such default notice, Grantor shall be entitled to, but shall not be obligated to, complete such Response Activities at Grantee's sole cost and expense. Notwithstanding the foregoing, if Grantee elects to contest such default notice, Grantee shall promptly provide Grantor with reasonable evidence of the basis for such objection and shall indemnify, defend (with counsel reasonably acceptable to Grantor) and hold Grantor, each affiliate of Grantor, and their respective members, partners, venturers, stockholders, officers, directors, employees, agents, spouses, legal representatives, successors and assigns harmless from and against any and all claims, including without limitation, any and all costs, liability, damages, penalties, causes of action, judgments and expenses, including, without limitation, reasonable

attorneys' fees and costs, arising out of or related to Grantee's contest. Grantee shall deliver to Grantor all default notices received by Grantee from USEPA, NJDEP, or any other local, state or federal agency or governmental entity relating to any remediation action with respect to the Property in accordance with this Deed, the Orders or any applicable law. If, following the procedures set forth above, (a) Grantor is required to take such action to cure Grantee's failure as described above, or (b) the USEPA, NJDEP, or any other local, state or federal agency or governmental entity requires Grantor to reimburse USEPA, NJDEP, or any other local, state or federal agency or governmental entity for any amounts relating to Grantee's operations at or remediation of the Property, Grantee shall, within ten (10) business days after receipt of an invoice from Grantor, reimburse Grantor for all costs and expenses or other payments incurred by Grantor, by wire transfer to an account designated by Grantor. Grantor hereby reserves unto itself, its representatives, contractors, and assigns, the right of access to, and an easement to and over, the Property to enter the Property with persons and such equipment as determined necessary in Grantor's sole discretion and judgment to complete Grantee's obligations in accordance with this Deed, the Orders or any applicable law, and to implement the remediation and corrective actions required thereunder, subject to the terms of subparagraph (vi) above. In the event Grantor wishes to exercise its right of access to the Property as set forth in this subparagraph (vii), Grantor shall (a) provide Grantee with at least 24 hours prior notice (which may be telephonic notice), except in the case of an emergency, in which event no notice shall be required, (b) shall use reasonable efforts to minimize the interference with Grantee's operations, and (c) obtain and maintain, at Grantor's sole cost, and provide a certificate of insurance to Grantee, of general liability insurance in the amount of One Million Dollars ($1,000,000) combined single limit for personal injury and property damage per occurrence. Notwithstanding the foregoing, Grantee acknowledges that Grantor shall be entitled to self-insure any or all of the insurance requirements above. For purposes of this subparagraph (vii), (a) "Response Activities" shall mean Purchaser's agreement to undertake cleanup, remediation, investigation, sampling, monitoring, inspection, evaluation, construction, installation, operation and maintenance of any remedial systems installed at, in, on, or in connection with the Property, and make all filings associated therewith (including but not limited to Deed Notices and Classification Exception Areas) and undertake periodic assessments and/or certifications regarding the continued protectiveness of the environmental remediation required to be taken by Purchaser relating to the environmental conditions on, under, in, or migrating from the Property pursuant to and in accordance with all Environmental Laws, the Orders, and any other corrective action agreement entered into by Purchaser and USEPA, NJDEP or any other governmental agency, and any subsequent agreements or orders entered into with or issued by USEPA, NJDEP or other governmental agencies related to the Property, at Purchaser's sole cost and expense; and (b) "Order" shall mean any agreement to complete the Response Activities with respect to the Property.

(viii) Notwithstanding subparagraph (v) above, a portion of the Property described on Exhibit C hereto (the "Parcel") may be used for residential uses only upon satisfaction of the following terms and conditions: Grantee acknowledges and agrees that, prior to any such change in use, Grantee shall conduct an appropriate investigation of the Parcel acceptable to Grantor to determine whether the environmental condition of the Parcel meets applicable regulatory cleanup criteria or standards for the proposed residential use (including investigation and mitigation of vapor intrusion) which assessment will, at a minimum, be consistent with American Standard for Testing Materials ("ASTM") standards (or other similar industry standard which is generally recognized and accepted at the time of the investigation) for a Phase I site assessment. Grantee shall conduct a Phase II site assessment acceptable to Grantor to determine whether the environmental condition of the Parcel meets applicable regulatory cleanup criteria or standards for the proposed residential use (including investigation and mitigation of vapor intrusion). The Phase II investigation will, at a minimum, investigate (a) VOCs, SVOCs and metals in

accordance with a statistically derived sampling plan for the Parcel and based on the parameters for such substances as set forth in the Quality Assurance Project Plan previously delivered to Grantee (and which shall be part of the Environmental Reports), and (b) any recognized environmental conditions identified in the Phase I. If such Phase I and/or Phase II environmental site assessments disclose conditions which do not meet regulatory cleanup criteria or standards for the proposed residential use, Grantee acknowledges and agrees that Grantee will be solely responsible and liable for conducting cleanup or remediation at or of the Parcel required or necessary to achieve such applicable cleanup criteria or standards for the proposed residential use prior to conducting such proposed residential use. Grantee shall provide Grantor with copies of the reports of any Phase I and/or Phase II site assessments conducted at the Parcel and any reports detailing cleanup or remediation conducted by Grantee at the Parcel, if required, to meet applicable regulatory cleanup criteria or standards (including vapor mitigation) for the proposed residential use. Grantor will waive the provisions of this subparagraph (viii) and will record such waiver with the deed to the Parcel if Grantor is reasonably satisfied that Grantee has met its obligations under this subparagraph (viii).

**(Signature page follows)**

WHEN RECORDED RETURN TO:

Elizabeth C. Belden, Esq.
Vice President, Corporate Counsel
& Assistant Secretary
Duke Construction Limited Partnership, an Indiana limited partnership
3950 Shackleford Road, Suite 300
Duluth, Georgia 30096

SEND SUBSEQUENT TAX BILL TO:

Real Estate Tax Advisors LLC
PO Box 40509
Indianapolis, IN 46240

## EXHIBIT A TO DEED
## LEGAL DESCRIPTION

**Block 470, Lot 9**

Beginning at a point on the southwesterly right of way line of Pleasant Street (60' wide ROW) where the same is intersected by the northwesterly right of way line of Edgar Road (a.k.a US Routes 1 and 9 variable width ROW) and from said beginning point running thence,

1. Along by the northwesterly right of way line of Edgar Road on a curve to the right having a radius of 90.00 feet, and turning a central angle of 87° 02' 00", for an arc length of 136.71 feet, the chord of which bears South 08° 21' 00" East for a distance of 123.94 feet to a point; thence
2. Continuing along said Edgar Road, South 35° 10' 00" West a distance of 44.15 feet to a point, thence
3. Along the dividing line between tax map Lot 9 and tax map Lot 10 through 25, North 51° 42' 00" West a distance of 1063.80 feet to a point, thence
4. Along the southeasterly line of lands n/f Merck & Co., North 38° 05' 30" East a distance of 126.34 feet to a point, thence
5. Along the southwesterly right of way line of Pleasant Street, South 51° 52' 00" East a distance of 971.72 feet to the point and place of beginning.

**EXHIBIT B TO DEED**
**Permitted Exceptions**

1. 2007 taxes, charges and assessments, not yet due and payable.

2. Easements, or claims of easements, not shown by the public record.

3. Subject to possible additional taxes assessed or levied under R.S.54:4-63.1 et seq.

4. Subject to Slope and Drainage Rights to the State of New Jersey as set forth in Deed Book 1173, page 229; Deed Book 1180, page 376; Deed Book 1180, page 377; Deed Book 1186, page 75; Deed Book 1190, page 538; Deed Book 1203, page 007; Deed Book 1360, page 476; Deed Book 1358, page 159 and subject to condition and reversionary right as set forth in Deed Book 1358, page 159.

5. Subject to terms and conditions of grant to the City of Linden together with reversionary right and reservation right to the grantor, General Motors Corporation as set forth in Deed Book 1330, page 005.

6. Subject to reversionary right as set forth in Deed Book 1890, page 001.

7. Subject to the terms, conditions, restrictions and other provisions as recorded in Deed Book 1292, page 196; which said terms, conditions, restrictions and other provisions were modified by Agreement as recorded in Deed Book 1328, page 482; and further modified by Agreement as recorded in Deed Book 1835, page 321; and further modified by Agreement as recorded in Deed Book 2269, page 55; and further modified by Agreement as recorded in Deed Book 2416, page 288.

8. Subject to the terms and conditions of Agreement for a 15' perpetual drainage easement as recorded in Deed Book 2024, page 512.

9. Subject to the terms and conditions of Agreement for a 36' water line easement as recorded in Deed Book 2259, page 231.

10. Subject to Easement for a Gas Line as recorded in Deed Book 4731, page 209.

11. Subject to the right of the State of New Jersey to construct and maintain highway facility and, utility easement as recited in Deed Book 3623, page 0005.

12. Subject to terms and conditions of Construction and Maintenance Easement of a traffic signal to the City of Linden together with the benefits of reservation, restrictions reversionary rights to General Motors Corporation as set forth in Deed Book 5093, page 0063.

{00786758.2 07138-0375 12/21/2007 09:11 AM}    B-1

DB5693-0268

**EXHIBIT C TO DEED**
**PARCEL**





GIT/REP-3
(11-07)

State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

### SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

GENERAL MOTORS CORPORATION, a Delaware corporation

Current Resident Address:

| Street: 200 Renaissance Center, Mail Code: 482-B38-C96 | Michigan | 48265-2000 |
|---|---|---|
| City, Town, Post Office | State | Zip Code |
| Detroit | | |

### PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| SEE ATTACHED EXHIBIT A | | |

Street Address:

| City of Linden | New Jersey | |
|---|---|---|
| City, Town, Post Office | State | Zip Code |
| 100% | $1,383,850.00 | 12/21/07 |
| Seller's Percentage of Ownership | Consideration | Closing Date |

### SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 8 apply to NON-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☒ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

### SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

| 1-04-08 | Debra H. Klopp |
|---|---|
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

| | |
|---|---|
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

DB5693-0270

RTF-1 (Rev. 2/19/07)                                   STATE OF NEW JERSEY
MUST SUBMIT IN DUPLICATE              AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER
              (Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
              BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

                                                                    **FOR RECORDER'S USE ONLY**
                          } SS.   County Municipal Code    Consideration    $ 1,383,850.00
COUNTY      UNION                     2009                 RTF paid by seller $ 23,059.40
                                                           Date 1/17/08    By ___

MUNICIPALITY OF PROPERTY LOCATION   LINDEN                 *Use symbol "C" to indicate that fee is exclusively for county use.

(1) PARTY OR LEGAL REPRESENTATIVE *(See Instructions #3 and #4 on reverse side)*

Deponent,  Debra Homic Hoge          , being duly sworn according to law upon his/her oath,
                  (Name)
deposes and says that he/she is the Director              in a deed dated December    , 2007    transferring
       (Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  SEE ATTACHED          Lot number _____ located at

CITY OF LINDEN, NEW JERSEY                                               and annexed thereto.
              (Street Address, Town)

(2) CONSIDERATION  $           1,383,850.00        *(See Instructions #1 and #5 on reverse side)*

(3) Property transferred is Class (4A)  4B   4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A COMMERCIAL PROPERTY TRANSACTIONS:
     *(See Instructions #5A and #7 on reverse side)*
     **Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

     $    732,000.00   ÷    44.05 % = $    1,661,748.01
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in
excess of 100%, the assessed value will be equal to the equalized valuation.

(4) FULL EXEMPTION FROM FEE *(See Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.


(5) PARTIAL EXEMPTION FROM FEE *(See Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) *only*. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic Fee, Supplemental
Fee, and General Purpose Fee, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following
reason(s):

A.   SENIOR CITIZEN   Grantor(s) ☐ 62 years of age or over. * *(See Instruction #9 on reverse side for A or B)*
B.  { BLIND PERSON     Grantor(s) ☐ legally blind or; *
    { DISABLED PERSON Grantor(s) ☐ permanently and totally disabled ☐ Receiving disability payments ☐ Not gainfully employed*

     Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
     ☐ Owned and occupied by grantor(s) at time of sale.      ☐ Resident of State of New Jersey.
     ☐ One or two-family residential premises.                ☐ Owners as joint tenants must all qualify.

     *IN THE CASE OF HUSBAND AND WIFE/CIVIL UNION PARTNERS, ONLY ONE GRANTOR NEEDS TO QUALIFY IF TENANTS BY THE
     ENTIRETY.

C.   LOW AND MODERATE INCOME HOUSING *(See Instruction #9 on reverse side)*
     ☐ Affordable according to H.U.D. standards.    ☐ Reserved for occupancy.
     ☐ Meets income requirements of region.          ☐ Subject to resale controls.

(6) NEW CONSTRUCTION *(See Instructions #2, #10 and #12 on reverse side)*
     ☐ Entirely new improvement.                    ☐ Not previously occupied.
     ☐ Not previously used for any purpose.          ☐ "NEW CONSTRUCTION" printed clearly at
                                                      the top of the first page of the deed.

(7) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me                                      General Motors Corporation
this  4th day of  January  , 2008         _____                  Grantor Name
                                          200 Renaissance Center
      _____                     Detroit, MI 48265         200 Renaissance Center, Detroit, MI
      DIANE K. KRATZ                      Deponent Address          Grantor Address at Time of Sale 48265-2000
      NOTARY PUBLIC, STATE OF MI          XXX-XXX-  5  1  5
      COUNTY OF WAYNE                     Last 3 digits in Grantor's Social Security Number   Name/Company of Settlement Officer
      MY COMMISSION EXPIRES Nov 28, 2011                            FOR OFFICIAL USE ONLY
      ACTING IN COUNTY OF  Wayne          Instrument Number  191-787    County _____
                                          Deed Number _____    Book _____ Page _____
                                          Deed Dated 12/21/07    Date Recorded 1/17/08

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Seller when Section 3A is completed.
                          STATE OF NEW JERSEY- DIVISION OF TAXATION
                                       PO BOX 251
                                 TRENTON, NJ 08695-0251
                          ATTENTION: REALTY TRANSFER FEE UNIT
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and may not be altered or amended
without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at:
                          www.state.nj.us/treasury/taxation/lpt/localtax.htm

DB5693-0271

**EXHIBIT A**

**Tax Map Reference.** (N.J.S.A. 46:15.1-1) Municipality of Union, Block 470 Lot 9

## EXHIBIT A

**Tax Map Reference.** (N.J.S.A. 46:15.1-1)  Municipality of Union, Block 470 Lot 9

{ 00786511.1 07138-0375 12/19/2007 08:18 AM}         A-1

DB5693-0273

RTF-1EE (Rev. 2/19/07)                             STATE OF NEW JERSEY
MUST SUBMIT IN DUPLICATE            AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER
                    (Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
          BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM

STATE OF ~~NEW JERSEY~~ Georgia

COUNTY  Gwinnett          County Municipal Code 2009

FOR RECORDER'S USE ONLY
Consideration $ 1,383,850.00
RTF paid by buyer $
Date 1/17/08   By

MUNICIPALITY OF PROPERTY LOCATION  Linden, NJ

(1) PARTY OR LEGAL REPRESENTATIVE (See Instructions #3 and #4 on reverse side)     XXX-XX-X 4 2 3
                                                                        Last 3 Digits in Grantee's Social Security Number

Deponent, Elizabeth C. Belden being duly sworn according to law upon his/her oath,
             (Name)
deposes and says that he/she is the VP Legal & Assistant Secretary in a deed dated 12/21/07 ~~January 2, 2008~~ transferring
(Grantee, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  470            Lot number  9            located at

                      Linden, NJ                             and   annexed   thereto.
          (Street Address, Town)

(2) CONSIDERATION $  1,383,850.00          (See Instructions #1, #5, and #11 on reverse side)

**Entire consideration is in excess of $1,000,000:**

PROPERTY CLASSIFICATION CHECKED BELOW SHOULD BE TAKEN FROM THE OFFICIAL TAX LIST (A PUBLIC RECORD)
OF THE MUNICIPALITY WHERE THE REAL PROPERTY IS LOCATED IN THE YEAR THAT THE TRANSFER IS MADE.

(A) When Grantee is required to remit the 1% fee, complete below:

☐ Class 2 - Residential                              ☒ Class 4A – Commercial Properties
☐ Class 3A - Farm property (Regular) and any           (if checked, calculation on (C) required below)
  other real property transferred to same grantee    ☐ Class 4C - Residential Cooperative Unit
  in conjunction with transfer of Class 3A property    (4 Families or less)

(B) When Grantee is not required to remit the 1% fee, complete below:

☐ Property class. Circle applicable class(es):    1       4B       4C       15
  Property classes: 1-Vacant Land, 4B-Industrial properties, 4C-Apartments (other than cooperative unit), 15-Public Property
☐ Exempt Organization pursuant to federal Internal Revenue Code of 1986
☐ Incidental to corporate merger or acquisition and equalized assessed valuation less than 20% of total value of
  all assets exchanged in merger or acquisition (If checked, calculation in (C) below required and **MUST ATTACH
  COMPLETED RTF-4**)

(C) **REQUIRED CALCULATION OF EQUALIZED ASSESSED VALUATION FOR ALL CLASS 4A COMMERCIAL
    PROPERTY TRANSACTIONS:** (See Instructions #6 and #7 on reverse side)
Total Assessed Valuation ÷ Director's Ratio = Equalized Valuation

$ 732,000.00  ÷  44.05 % = $1,661,748.01

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed valuation. If Director's Ratio
is equal to or in excess of 100%, the assessed valuation will be equal to the equalized value.

(3) TOTAL EXEMPTION FROM FEE (See Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee Imposed by C. 49, P.L. 1968, as amended
through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.

(4) Deponent makes Affidavit of Consideration for Use by Buyer to induce county clerk or register of deeds to record the deed and
accept the fee submitted herewith pursuant to the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this 2nd day of Jan. , 2008

Elizabeth C Belden     Linden Development, LLC
  Signature of Deponent          Grantee Name

Linda Ann Lovelace

3950 Shackleford Rd.     5600 Blazer Pkwy, S-100
   Deponent Address        Grantee Address at Time of Sale
Duluth, GA 30096         Dublin, OH 43017

Name/Company of Settlement Officer
FOR OFFICIAL USE ONLY
Instrument Number 19178-7  County
Deed Number              Book 5693  Page 274
Deed Dated 12/21/07      Date Recorded 1/17/08

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Buyer recorded with deeds to:
STATE OF NEW JERSEY- DIVISION OF TAXATION
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended
without prior approval of the Director. For further information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at
www.state.nj.us/treasury/taxation/lpt/localtax.htm

Notary Public, Gwinnett County, Georgia
My Commission Expires April 1, 2008

DB5693-0274

## EXHIBIT A

**Tax Map Reference.** (N.J.S.A. 46:15.1-1) Municipality of Union, Block 470 Lot 9

## EXHIBIT A

**Tax Map Reference.** (N.J.S.A. 46:15.1-1) Municipality of Union, Block 470 Lot 9

**Signatures.** This Deed is signed and attested to by the Grantor's proper corporate officers as of the date at the top of the first page.

ATTESTED BY:                                                        GENERAL MOTORS COPORATION, a
                                                                     Delaware corporation

By: _/s/ Fred Zelenock_____                           By: _/s/ Debra H. Hoge_____
Name: _Fred Zelenock_____                             Name: Debra Homic Hoge
Title: _GM Project Manager__                            Title: Director Worldwide Real Estate


STATE OF MICHIGAN          )
                           ) ss.
COUNTY OF WAYNE            )

I CERTIFY that on __January 4__ 2008, _Debra H. Hoge_ personally came before me and stated to my satisfaction that this person

(a) was the maker of the attached Deed;

(b) was authorized to and did execute this deed as __Director_____ of __Worldwide Real Estate__, the entity named in this Deed; and

(c) made this Deed for $_____ as the full and actual consideration paid or to be paid for the transfer of title (such consideration is defined in N.J.S.A. 46:15-5); and

(d) executed this instrument as the act of the entity named in this Deed.

Signed and sworn to before me on __January 4__, 2008.

_____/s/ Diane K. Kratz_____
NOTARY PUBLIC

**END OF DOCUMENT**

LANDAMERICA COMMERCIAL
SERVICES
P O BOX 700
SUMMIT                    NJ 07902-0700    Paid
                          Recording Fee   200.00
Deed                      RT Fee       28,059.90  +.50¢

Inst.#
191787

DIANE K. KRATZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Nov 28, 2011
ACTING IN COUNTY OF Wayne

{ 00786758.2 07138-0375 12/21/2007 09:11 AM}

DB5693-0277