UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                             :    Chapter 11
:
**GENERAL MOTORS CORP., et al.,**   :    Case No. 09-50026 (REG)
:
Debtors.                        :    Jointly Administered
:
-----------------------------------------------------------------x

### OBJECTION OF KNOWLEDGE LEARNING CORPORATION TO DEBTORS' EIGHTH OMNIBUS MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

TO:    **THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE**

Knowledge Learning Corporation ("KLC"), by its undersigned counsel, hereby objects to the Debtors' Eighth Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property (the "Lease Rejection Motion") filed by Motors Liquidation Company and certain of its affiliates, as debtors in possession herein (collectively, the "Debtors"), and respectfully represents as follows:

### BACKGROUND

1.     On June 1, 2009 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.     The Debtors are continuing to operate their business and manage their affairs as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.    Prior to the Filing Date, Saturn, LLC ("Saturn") and KLC entered into a certain lease agreement (the "Lease Agreement") relating to certain real property located in Spring Hill, Tennessee.

## THE SALE MOTION AND ASSUMPTION NOTICE

4.    On June 1, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (i) Approve (a) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances and Other Interests; (b) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (c) Other Relief; and (ii) Schedule Sale Approval Hearing (the "Sale Motion").

5.    Pursuant to the Sale Motion, the Debtors sought to sell substantially all of their assets, and in connection therewith, to assume and assign certain of their executory contracts and unexpired leases.

6.    In connection with the Sale Motion, the Debtors sought to assume and assign the Lease Agreement and to fix any cure amount thereunder at $0.00.

7.    On July 7, 2009, KLC filed an objection (the "Cure Amount Objection") to this cure amount and asserted that the appropriate cure amount under the Lease Agreement, as of the date of the Cure Amount Objection, was $123,316.60, not $0.00 as indicated by the Debtors.

8.    As part of these jointly administered cases, an Internet website under the address www.contractnotices.com (the "Contract Website") was established and maintained relating to the status of the Debtors' numerous executory contracts and unexpired leases.

**THE DEBTORS ASSUME THE LEASE AGREEMENT AND ASSIGN IT TO NEW GM**

9.  By Order dated July 5, 2009, the Court authorized the sale of the Debtors' assets to NGMCO, Inc. and the assumption and assignment of executory contracts and unexpired leases.

10. On July 10, 2009, the transaction between the Debtors and NGMCO, Inc. closed. As part of this transaction, the Lease Agreement, assumed by the Debtors, was assigned to NGMCO, Inc.

11. NGMCO, Inc. subsequently became known as General Motors Company ("New GM").

12. On August 14, 2009, KLC and New GM executed that certain Agreement to Resolve Objection to Cure Notice (the "Settlement Agreement"), a true and correct copy of which is attached as Exhibit A hereto.

13. The Settlement Agreement provides that the status of the Lease Agreement on the Contract Website would be changed to reflect that the Lease Agreement had been assumed. The Settlement Agreement further provides for payment to KLC by New GM of the proper cure amount of $128,307.60 and withdrawal by KLC of the Cure Amount Objection. The Settlement Agreement also states that New GM "will perform all obligations that arise or come due under the [Lease] Agreement(s) on or after the Petition Date as and when such obligations come due in accordance with the [Lease] Agreement(s)' terms in the ordinary course of business . . ."

14. Pursuant to the Settlement Agreement, KLC withdrew the Cure Amount Objection.

15. Also pursuant to the Settlement Agreement, the status of the Lease Agreement on the Contract Website was changed to "Assumed July 10, 2009." A copy of a screen print-out

from the Contract Website showing this status as of July 23, 2009, is attached as <u>Exhibit B</u> hereto. A copy of a screen print-out from the Contract Website continuing to show this status as of November 2, 2009, is attached as <u>Exhibit C</u>.

16. The Contract Website includes a Contract Status Legend that defines "Assumed" as follows: "The contract has been fully and finally assigned to New GM as of the date indicated." Although this Contract Status Legend can be viewed, it cannot be printed.

17. Prior to the assumption of the Lease Agreement by the Debtors and assignment of the Lease Agreement to New GM, the Contract Website designated the Lease Agreement as "Noticed," which the Contract Website defines as a contract "that has been designated by [New GM] for potential assumption and assignment to New GM."

## OBJECTION TO LEASE REJECTION MOTION

18. KLC objects to the proposed rejection of the Lease Agreement. The Debtors are no longer parties to the Lease Agreement and, thus, cannot reject it. As stated on the Contract Website, the Lease Agreement "has been fully and finally assigned to New GM" as of July 10, 2009. Moreover, New GM has agreed to "perform all obligations that arise or come due" under the Lease Agreement, as provided in the Settlement Agreement.

19. Section 365(k) of the Bankruptcy Code provides that "[a]ssignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment." 11 U.S.C. § 365(k).

20. Additionally, this Court does not have jurisdiction to authorize the Debtors to reject the Lease Agreement given that the Lease Agreement has been assigned to New GM and is no longer property of the bankruptcy estate.

21. KLC objects to the Lease Rejection Motion because it was not properly served on KLC or its counsel.

22. To the extent the Court permits the Debtors to reject the Lease Agreement, KLC objects to any rejection of the Lease Agreement being effective to a date before the Court determines that the Debtors are permitted to reject the Lease Agreement.

23. KLC expressly reserves its rights to amend or supplement this objection and to assert any and all claims and causes of action it may have against the Debtors under the Agreement or otherwise, including, but not limited to, the right to assert an administrative expense or claim under Section 365(g)(2).

WHEREFORE, Knowledge Learning Corporation respectfully requests that this Court deny the Lease Rejection Motion as it relates to the Lease Agreement and grant such other and further relief as is just and appropriate.

DATED: November 2, 2009.

    Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
Email: AMcMullen@BABC.com

*Attorneys for Knowledge Learning Corporation*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing systems and electronically or by U.S. Mail, postage prepaid, to:

Motors Liquidation Company
<u>Attn</u>:  Ted Stenger
300 Renaissance Center
Detroit, MI 48265

General Motors Company
<u>Attn</u>:  Lawrence S. Buonomo, Esq.
300 Renaissance Center
Detroit, MI 48265

U.S. TREASURY
<u>Attn</u>:  Matthew Feldman, Esq.
1500 Pennsylvania Avenue, N.W.
Room 2312
Washington, D.C. 20220

Kramer Levin Naftalis & Frankel LLP
<u>Attn</u>:  Adam C. Rogoff, Esq.
       Robert T. Schmidt, Esq.
       Amy Caton, Esq.
1177 Avenue of the Americas
New York, NY 10036

U.S. Attorney's Office
<u>Attn</u>:  David S. Jones, Esq.
       Matthew L. Schwartz, Esq.
86 Chambers Street, Third Floor
New York, NY 10007

WEIL, GOTSHAL & MANGES LLP
<u>Attn</u>:  Harvey R. Miller, Esq.
       Stephen Karotkin, Esq.
       Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, New York 10153

Cadwalader, Wickersham & Taft LLP
<u>Attn</u>:  John J. Rapisardi, Esq.
One World Financial Center
New York, New York 10281

VEDDER PRICE, P.C.
<u>Attn</u>:  Michael J. Edelman, Esq.
       Michael L. Schein, Esq.
1633 Broadway, 47th Floor
New York, New York 10019

Office of the U.S. Trustee
<u>Attn</u>:  Diana G. Adams, Esq.
33 Whitehall Street, Suite 2100
New York, NY 10004

on this the 2nd day of November, 2009.

                                         /s/ Austin L. McMullen_____
                                         Austin L. McMullen