**MORGAN LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Wendy S. Walker
Telephone:     212-309-6000
Facsimile:     212-309-6001

*Attorneys for Toyota Motor Sales, U.S.A., Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, et al., | ) | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., et al., | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE OF TOYOTA MOTOR SALES, U.S.A., INC. TO DEBTORS'
OBJECTION TO CERTAIN 503(b)(9) CLAIMS UNDER THE ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) and 503(b)(9) ESTABLISHING
PROCEDURES FOR THE ASSERTION, RESOLUTION AND SATISFACTION
OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**

Toyota Motor Sales U.S.A., Inc. ("TMS/USA"), by and through its undersigned counsel, hereby responds to the objection (the "Objection") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to the claim filed by TMS/USA (the "TMS/USA Claim") pursuant to 11 U.S.C. §503(b)(9) and respectfully states as follows:

**Background**

1. For many years, TMS/USA, its parent, Toyota Motor Corporation, and their subsidiaries and affiliates have engaged in a variety of business arrangements with the Debtors. Among other things, TMS/USA is a long standing supplier of parts to the Debtors and has done so for many years.

2. On June 1, 2009 (the "Petition Date"), the Debtors commenced cases under Chapter 11 of Title 11, U.S. Code (the "Bankruptcy Code").

### Assumption Notices

3.  Shortly after the Petition Date, the Debtors served certain parties to executory contracts with *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Assumption Notices"). TMS/USA filed objections (Docket Nos. 863, 2516 and 2616) to the Assumption Notices and has been engaged in discussions with the Debtors since then concerning the Assumption Notices and the objection.

### Bar Dates

4.  On the Petition Date, the Debtors obtained entry of an order purporting to set the date that is 90 days after the Petition Date as the deadline for filing claims pursuant to Bankruptcy Code §503(b)(9). In response to that order, TMS/USA filed the TMS/USA Claim asserting against the Debtors both general unsecured claims and claims under Bankruptcy Code §503(b)(9) for goods supplied within 20 days prior to the Petition Date.

5.  On September 16, 2009, the Debtors obtained an order of this Court setting November 30, 2009 as the new deadline for the submission of general unsecured claims and claims under Bankruptcy Code §503(b)(9).[1]

### Response to Objection

6.  Given that November 30, 2009 has been established as the deadline in these cases for filing general unsecured claims and claims under Bankruptcy Code §503(b)(9), the TMS/USA Claim is timely filed and should remain as a valid claim against the Debtors' estates until it is actually -- as opposed to hypothetically -- resolved.

---

[1]  Footnote 2 to the Objection erroneously states that the new deadline is November 9, 2009. Pursuant to both the Order and the *Notice of Deadlines for Filing Proofs of Claim) Including Claims Under Section 503(b)(9) of the Bankruptcy Code*, however, the deadline for filing both general unsecured claims and claims under Bankruptcy

7. The Debtors assert that the TMS/USA Claim is invalid because TMS/USA has entered into a Trade Agreement (as defined in the Objection) pursuant to which TMS/USA allegedly agreed not to assert a claim under Bankruptcy Code §503(b)(9) and/or because such claims have been satisfied pursuant to the assignment and assumption process.

8. First, TMS/USA has not entered into a Trade Agreement with the Debtors and, as such, it is not bound by any agreement not to file claims under Bankruptcy Code §503(b)(9) or otherwise.

9. Moreover, TMS/USA's objections to the Assumption Notice have not been resolved, no agreements have been assumed and no cure or other amounts have been paid by the Debtors to TMS/USA for amounts asserted in the TMS/USA Claim. As a result, the sole basis put forward by the Debtors for objecting to the TMS/USA Claim is that it *"will be* resolved after the anticipated assumption and assignment process" and that claims that are *anticipated* to be cured through that process are "invalid." Objection at ¶6 (emphasis added).

10. Thus, the only alleged basis for expunging the TMS/USA Claim is an anticipated -- not an actual -- assumption of agreements and payment of cure amounts. At best, the Objection is premature and, in any event, it should be denied with respect to the TMS/USA Claim.

---

Code §503(b)(9) is November 30, 2009. See Docket No. 4079; see also *Affidavit of Service* and *Certificate of Publication* [Docket Nos. 4238 and 4290].

## **CONCLUSION**

WHEREFORE, TMS/USA respectfully requests that the Objection be denied with respect to the TMS/USA Claim and such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 5, 2009

MORGAN LEWIS & BOCKIUS LLP

By:      s/ Wendy S. Walker
Wendy S. Walker (WW-1967)
101 Park Avenue
New York, NY 10178
Tel:    212-309-6000
Fax:   212-309-6001
Email: wwalker@morganlewis.com
*Attorneys for Toyota Motor Sales U.S.A., Inc.*