Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In Re**                                                  :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,                  :     **09-50026 (REG)**
f/k/a General Motors Corp., *et al.*,   :
:     **(Jointly Administered)**
:
**Debtors.**                          :
:
------------------------------------------------------------x

**STIPULATED ORDER RESOLVING (A) MOTION FOR ENTRY OF ORDER
AUTHORIZING REJECTION OF AGREEMENT FOR ENGINE MAINTENANCE
SERVICES FOR GULFSTREAM V AIRCRAFT, AND (B) MOTION FOR
ENTRY OF ORDER APPROVING ASSUMPTION OF AGREEMENT
<u>FOR ENGINE MAINTENANCE SERVICES FOR GULFSTREAM 350 AIRCRAFT</u>**

This matter having come on to be considered upon the filing by Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain of its affiliates, as debtors and debtors in possession in the above captioned Chapter 11 cases (collectively, the "**Debtors**") of their Motion for Entry of Order Authorizing Rejection of Agreement For Engine Maintenance Services for Gulfstream V Aircraft dated August 6, 2009 (Docket No. 3690) (the "**Rejection Motion**") seeking entry of an order authorizing the rejection of certain engine maintenance service agreements for Gulfstream V aircraft (the "**GV Agreement**") and the Motion for Entry of

Order Approving Assumption of Agreement for Engine Maintenance Services for Gulfstream 350 Aircraft, dated August 6, 2009 (Docket No. 3702) (the "**Assumption Motion**"),[1] seeking entry of an order authorizing the assumption of certain maintenance services agreements for Gulfstream 350 aircraft (the "**G350 Agreement**"), the absence of any objection to the Rejection Motion or the Assumption Motion and the agreement of the Debtors, the Official Committee of Unsecured Creditors of MLC (the "**Committee**"), General Motors Company ("**GM**") and Jet Support Services, Inc. ("**JSSI**", and together with the Debtors, the Committee and GM, the "**Parties**").

The Court having jurisdiction to consider the entry of this Order, the Rejection Motion and the Assumption Motion, the relief requested therein being in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); consideration of the Rejection Motion and the Assumption Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided to (i) the Debtors, c/o Motors Liquidation Company (f/k/a General Motors Corporation); (ii) attorneys for the United States Department of the Treasury; (iii) the United States Department of the Treasury; (iv) attorneys for Export Development Canada; (v) attorneys for the Committee; (vi) attorneys for the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America; (vii) the Office of the United States Trustee for the Southern District of New York; (viii) attorneys for Jet Support Services, Inc.; (ix) Jet Support Services, Inc., 180 N. Stetson, 29th Floor, Chicago, IL 60601 (Attn: Susan K. Marr); (x) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Assumption Motion.

registered agent for Jet Support Services, Inc., Stephen A. Marcus, 6600 Sears Tower, Chicago, IL 60606; (xi) the U.S. Attorney's Office, S.D.N.Y.; and (xii) those parties requesting notices; it appearing that no other or further notice or hearing need be provided; and the Court having found and determined that the relief agreed to in this Stipulated Order is in the best interests of the Debtors, their estates, creditors, and all parties in interest; there is no just cause for delay of entry of this Order as a final order because the parties will be acting in reliance on this Order; and there is just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is ORDERED that

1. The Rejection Motion and Assumption Motion are granted upon the terms provided herein.

2. The GV Agreement and all related amendments and supplements thereto are deemed rejected pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, effective as of the date of this Order.

3. The Debtors' assumption of the G350 Agreement and all related amendments and supplements thereto and assignment to GM is hereby approved pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, effective as of the date of this Order. GM and JSSI are authorized to enter into an agreement modifying the G350 Agreement after the assumption and assignment.

4. Neither JSSI nor GM shall file a claim against the Debtors' estates based on rejection of the GV Agreement or assumption and assignment of the G350 Agreement, nor shall any claim against the Debtors (filed or otherwise) be allowed as a result of the rejection of the GV Agreement and assumption and assignment of the G350 Agreement. Any claims against the

3

Debtors arising as a result of the rejection of the GV Agreement and assumption and assignment of the G350 Agreement are waived and discharged.

5.  The Debtors are not required to pay any cure costs to JSSI (the counterparty to the G350 Agreement) that may arise from the assumption and assignment of the G350 Agreement.

6.  The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the rejection of the GV Agreement and the assumption and assignment of the G350 Agreement.

7.  Notice of the Rejection Motion and the Assumption Motion as provided therein shall be deemed good and sufficient notice of such motions and the requirements of Bankruptcy Rule 6006(a) and Local Rule 6006-1 are satisfied.

8.  Notwithstanding anything in this Order, the Parties agree that the Debtors reserve all of their rights to assert claims against JSSI (including any claims for indemnification arising under section III(r) of the GV Agreement), if any should arise, arising out of JSSI performance or nonperformance of its obligations under the GV Agreement, and JSSI reserves all defenses of any sort to any such claims.

9.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

10. The stay provided by Bankruptcy Rule 6006(d) shall not apply.

11. The Court directs entry of this Order as a final order.

Dated: **_November 5, 2009_**
   New York, New York

                              _s/ Robert E. Gerber_
                              UNITED STATES BANKRUPTCY JUDGE

4