**Hearing Date and Time: November 5, 2009 at 9:45 a.m. (prevailing Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :         09-50026 (REG)
                                                               :    (Jointly Administered)
**MOTORS LIQUIDATION COMPANY,** *et al.,*                      :
        f/k/a General Motors Corp., *et al.*                   :
                                                               :
                Debtors.                                       :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 FILED
BY BONNIE J. REYNOLDS AND GARLAND REYNOLDS, JR [DOCKET NO. 4215]**

WHEREAS, Movants Bonnie J. Reynolds and Garland Reynolds, Jr. (the "Plaintiffs") were the plaintiffs in a civil action against, among other defendants, General Motors Corporation (n/k/a Motors Liquidation Company) (the "Defendant Debtor"), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed in the United States District Court for the Northern District of Georgia (the "Trial Court") and captioned as *Reynolds v. General Motors Corp.*, Civil Action File No.: 2:04-CV-0106-RWS (the "Litigation");

WHEREAS, the Plaintiffs asserted in the Litigation, among other claims, product liability and wrongful death claims related to injuries sustained by (and the eventual death of)

Matthew Reynolds, and injuries sustained by Bonnie J. Reynolds in a motor vehicle manufactured by the Defendant Debtor;

WHEREAS, the Trial Court entered a judgment in the Litigation against the Defendant Debtor in the approximate amount of $3.5 million (the "Judgment");

WHEREAS, on October 29, 2008, the Defendant Debtor appealed from the Judgment to the Eleventh United States Circuit Court of Appeals ("Eleventh Circuit"), which appeal is docketed as *Reynolds v. General Motors Corp.*, Docket No. 08-16182-CC (the "Appeal");

WHEREAS, on December 1, 2008, the Defendant Debtor filed a supersedeas bond in the Trial Court in the amount of up to $4.5 million (the "Supersedeas Bond") as a condition of obtaining a stay from the Trial Court pending resolution of the Appeal, with Travelers Casualty and Surety Company ("Travelers") as surety on the Supersedeas Bond;

WHEREAS, pre-petition, the Plaintiffs and the Defendant Debtor filed with the Eleventh Circuit all required briefs in the Appeal and the Eleventh Circuit scheduled oral argument in the Appeal;

WHEREAS, the Eleventh Circuit has stayed oral argument and further proceedings in the Appeal based on the automatic stay (the "Stay") imposed by section 362 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

WHEREAS, the enforcement of the Judgment is subject to the Stay;

WHEREAS, the Plaintiffs have filed the Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 [Docket No. 4215] (the "Motion") seeking relief from the Stay to allow the Eleventh Circuit to re-schedule and conduct oral argument in the Appeal, to issue its orders, decision, judgment and mandate in the Appeal, and to allow the Plaintiffs to enforce,

against Travelers only under the Supersedeas Bond, any Judgment entered by the Trial Court in the Plaintiff's favor based upon the Eleventh Circuit's judgment and mandate in the Appeal (the "Final Judgment"), from and to the extent of the Supersedeas Bond; and

WHEREAS, the undersigned parties (the "Parties") agree to the conditions relating to the modification of the Stay and resolution of the Motion set forth in this Stipulation and Agreed Order (the "Stipulation and Agreed Order").

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties to this Stipulation and Agreed Order, through their undersigned counsel, that:

1. The Stay shall be modified solely to the extent set forth herein.

2. The Eleventh Circuit may re-schedule and conduct (no earlier than sixty (60) days after entry of this Stipulation and Agreed Order) oral argument in the Appeal, and may issue in the Appeal its orders, decision, judgment and mandate as otherwise provided by law without regard to the Stay.

3. The Plaintiffs may enforce and execute upon the Final Judgment, against Travelers under the Supersedeas Bond, to the extent such enforcement or execution (a) is consistent with the terms, conditions and limitations of this Stipulation and Agreed Order and (b) is consistent with the terms, conditions and limitations of the Supersedeas Bond.

4. Except as expressly set forth herein, the Plaintiffs shall not take any action outside this Court to collect any amount from the Defendant Debtor, the other Debtors or their respective properties.

5. To the extent not otherwise satisfied, the Plaintiffs may assert any prepetition claim against the Defendant Debtor arising from the Judgment or the Final Judgment solely by filing by the applicable bar date a proof of claim in this Court evidencing the Defendant Debtor's asserted

indebtedness to the Plaintiffs, in accordance with the Order Establishing the Deadline for Filing Proofs of Claim (including Claims under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof [Docket No. 4079], entered by the Court on September 16, 2009.

6. The Motion shall be deemed withdrawn upon the Court's entry of this Stipulation and Agreed Order.

7. This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court. No statement made or action taken in the negotiation of this Stipulation and Agreed Order, not set forth herein, may be used by any party for any purpose whatsoever.

8. This Stipulation and Agreed Order is the entire agreement between the Parties in respect of the subject matter hereof and may be signed in counterpart originals.

9. The Eleventh Circuit shall have exclusive jurisdiction over the Parties with respect to any matters related to or arising in the Appeal. The Trial Court shall have exclusive jurisdiction over the Parties and Travelers with respect to any matters related to or arising in connection with enforcement of the Final Judgment against Travelers under the Supersedeas Bond. This Court shall retain jurisdiction over the Parties with respect to any other matters related to or arising from the Motion or the implementation of this Stipulation and Agreed Order.

10. The ten-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Agreed Order shall be immediately effective upon its entry.

| | |
|---|---|
| Dated:  November 4, 2009 | Respectfully submitted, |

| | |
|---|---|
| /s/ James C. Morton__ | /s/ David R. Berz |
| James C. Morton | Harvey R. Miller |
| Georgia Bar No. 526025 | Stephen Karotkin |
| Suite 1350, Two Midtown Plaza | Joseph H. Smolinsky |
| 1349 West Peachtree Street | David R. Berz |
| Atlanta, Georgia 30309 | Weil, Gotshal & Manges LLP |
| Telephone: (404) 966-5133 | 767 Fifth Avenue |
| jcm-law@comcast.net | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Joshua I. Divack | |
| HAHN & HESSEN LLP | |
| 488 Madison Avenue | Attorneys for Debtors |
| New York, New York   10022 | and Debtors In Possession |
| Telephone:   (212) 478-7200 | |
| Facsimile:   (212) 478-7400 | |
| jdivack@hahnhessen.com | |

Attorneys for Movants

IT IS SO ORDERED.

| | |
|---|---|
| Dated: New York, New York | *s/ Robert E. Gerber* |
|     ***November 5, 2009*** | THE HONORABLE ROBERT E. GERBER |
| | UNITED STATES BANKRUPTCY JUDGE |