**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                           :        Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                        Debtors.                :        (Jointly Administered)
                                                :
---------------------------------------------------------------x

### STIPULATION AND AGREED ORDER REGARDING ASSUMPTION AND REJECTION OF CERTAIN EXECUTORY CONTRACTS WITH KARMAN U.S.A., INC.

This Stipulation and Order (the "**Stipulation and Order**") is entered into among Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), General Motors Company (f/k/a NGMCO, Inc.) ("**New GM**"), and Karmann U.S.A., Inc. ("**Karmann**" and collectively with the Debtors and New GM, the "**Parties**"), for the purpose of authorizing the Debtors, pursuant to section 365 of title 11, United States Code (the "**Bankruptcy Code**"), to (i) assume and assign to New GM certain executory contracts between the Debtors and Karmann relating to the manufacture and assembly of convertible tops for Pontiac brand vehicles under the GMX381 Program (the "**Program**"), including contracts for tooling (the "**Tooling Contracts**") and contracts for service parts (the "**Service Contracts**"), (ii) reject outstanding production contracts related to the Program (the "**Production Contracts**"), and (iii) settle and release any claims Karmann may have against the Debtors with respect to the Tooling Contracts and Service Contracts and any claims the Debtors may have against Karmann with respect to the Tooling Contracts and Service Contracts.

# RECITALS

**WHEREAS** the Debtors and Karmann are party to certain Tooling Contracts, Service Contracts, and Production Contracts that provide for the manufacturing and assembly of convertible tops for Pontiac brand vehicles under the Program; and

**WHEREAS,** on June 1, 2009, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"); and

**WHEREAS** on June 1, 2009 the Debtors filed a motion (the "**Sale Procedures Motion**") seeking entry of an order pursuant to Bankruptcy Code sections 105(a) and 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules"**), (i) authorizing and approving certain proposed procedures to govern the sale process and provide for the submission of any competing bids for substantially all the Debtors' assets and the form and manner of notices of (a) the hearing to consider authorization and approval of the sale, (b) the assumption and assignment of executory contracts and unexpired leases of personal property and of nonresidential real property pursuant to section 365 of the Bankruptcy Code, and (c) the approval of the UAW Retiree Settlement Agreement, and (ii) setting a hearing to consider the sale on June 30, 2009, which was approved by this Court on June 2, 2009; and

**WHEREAS**, on June 1, 2009, the Debtors filed a motion (the "**Sale Motion**"), requesting, *inter alia*, entry of an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors and New GM, a purchaser sponsored by the United States Department of the Treasury, free and clear of liens, claims, encumbrances, and other

interests (the "**363 Transaction**"), (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers [Docket No. 92], which was approved by this Court on July 5, 2009; and

**WHEREAS** on or around June 15, 2009, the Debtors mailed to Karmann the Second Notice of the Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto pursuant to the 363 Transaction (the "**Assumption Notice**"); and

**WHEREAS** on July 1, 2009, Karmann filed an objection (the "**Assumption Objection**") [Docket No. 2903] to the Assumption Notice; and

**WHEREAS** on July 10, 2009, the Debtors filed their Fourth Omnibus Motion to Reject Certain Executory Contracts (the "**Rejection Motion**") [Docket No. 3107], seeking authorization to reject certain executory contracts including the Production Contracts.

**WHEREAS** on July 27, 2009, Karmann filed an objection to the Rejection Motion (the "**Rejection Objection**", and together with the Assumption Objection, the "**Objections**") [Docket No. 3405] to the Rejection Motion; and

**WHEREAS** on August 3, 2009, this Court held a hearing to consider the Objections and on August 4, 2009 the Court ruled that (i) the Production Contracts and Service Contracts are separate agreements and do not constitute single, integrated contracts, (ii) the Debtors are authorized to reject the Production Contracts without also rejecting the Service Contracts, and (iii) a determination as to whether the Tooling Contracts are executory contracts requires an evidentiary hearing (the "**Ruling**"); and

**WHEREAS**, based on the foregoing, the Parties have determined that, with the guidance of the Ruling, it is in their best interests to consensually resolve the Objections by entering into this Stipulation and Order which provides for the (i) assumption and assignment the Service Contracts and Tooling Contracts (ii) the rejection of the Production Contracts, and (iii) settlement and release of any claims Karmann may have against the Debtors with respect to the Tooling Contracts and Services Contracts, pursuant to the terms set forth herein.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties that:

## AGREEMENT

1. Pursuant to section 365 of the Bankruptcy Code and the Court's Ruling, the Production Contracts, identified on the schedule annexed hereto as Schedule "A," are deemed rejected by the Debtors, effective as of August 3, 2009 (the "**Rejection**"). The parties further agree not to appeal the Ruling and this Stipulation and Order shall resolve, on a consensual basis, all matters that are the subject of the Ruling.

2. The Parties agree that any claim that may arise from the Rejection of the Production Contracts (the "**Rejection Claim**") is preserved, is not resolved by this stipulation and order, and may be asserted by Karmann against the Debtors as a claim in the Debtors' bankruptcy case, subject to the ability of the Debtors and other parties in interest to assert any objections or defenses thereto.

3. The Tooling Contracts, identified on the schedule annexed hereto as Schedule "B," are executory contracts capable of being assumed and assigned under section 365 of the Bankruptcy Code and shall be assumed and assigned to New GM effective as of the date of entry of this Stipulation and Order, subject only to the payment by New GM of an agreed cure amount

of $505,730.00 (the "**Tooling Contracts Cure Payment**").  New GM shall pay to Karmann the Tooling Contracts Cure Payment within five (5) business days of entry of this Stipulation and Order.  Upon such assignment and payment of the Tooling Contracts Cure Payment, Karmann shall have no claims against the Debtors with respect to the Tooling Contracts and the Debtors shall have no claims against Karmann with respect to the Tooling Contracts.  As of the date of the assignment of the Tooling Contracts, and upon payment of the Tooling Contracts Cure Payment, Karmann shall have no claims against New GM under the Tooling Contracts and New GM shall have no monetary claims against Karmann with respect to the Tooling Contracts, but reserves all claims related to non-monetary performance under the Tooling Contracts.

4. The Service Contracts, identified on the schedule annexed hereto as Schedule "C," are executory contracts that shall be assumed and assigned to New GM effective as of the date of entry of this Stipulation and Order, subject to an agreed cure amount of $0.00.  Upon such assignment, Karmann shall have no claims against the Debtors with respect to the Service Contracts and the Debtors shall have no claims against Karmann with respect to the Service Contracts.  As of the date of the assignment of the Service Contracts, Karmann shall have no claims against New GM under the Service Contracts and New GM shall have no monetary claims against Karmann under the Service Contracts, but reserves all claims related to non-monetary performance under the Service Contracts.

5. The Parties agree that the Service Contracts, Tooling Contracts, and Production Contracts listed on Schedules "A," "B," and "C" annexed hereto, represent all outstanding agreements between the Debtors and Karmann.

6. Notwithstanding anything to the contrary contained in this Stipulation and Order, upon the assumption and assignment of the Tooling Contracts and Service Contracts, New GM

and Karmann shall have whatever rights and obligations existed under the Tooling Contracts and Service Contracts and related documents.

7. This Stipulation and Order contains the entire understanding of the Parties hereto with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings, and agreements, whether oral or written, express or implied, between and among the Parties regarding the subject matter of this Stipulation and Order.

8. This Stipulation and Order is binding upon the Parties, and may not be changed, altered or modified except in writing, signed by the Parties or their duly authorized attorneys and approved by the Court.

9. This Stipulation and Order may be executed in counterparts.

Dated: October 14, 2009
      New York, New York

Stipulated and Agreed:

**MOTORS LIQUIDATION COMPANY**         **KARMANN U.S.A., INC.**

By: /s/ David Head                                      By: /s/ Stephen Chesna
    David Head                                              Stephen Chesna
    Vice President                                          Vice-President and C.F.O.


**GENERAL MOTORS COMPANY**

By: /s/ Susanna Webber
    Susanna Webber
    Executive Director




**SO ORDERED** this *5th* day of
*November*, 2009

                                        *s/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE