LATHAM & WATKINS LLP
George Royle
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
Email: george.royle@lw.com

and

Douglas Bacon
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: douglas.bacon@lw.com

Attorneys for GE Capital Corporation and its affiliates

EDWARDS ANGELL PALMER & DODGE LLP
Richard Hiersteiner
Jeanne P. Darcey
111 Huntington Avenue
Boston, MA 02199
Telephone:  (617) 239-0100
Facsimile:  (617) 227-4420

Attorneys for U.S. Bank National Association and U.S. Bank Trust National Association, as Owner Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GENERAL MOTORS CORP., et al.**<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 09-50026 (REG)<br>)<br>) Jointly Administered<br>)<br>)<br>) |

**LIMITED OBJECTION OF GE CAPITAL CORPORATION AND U.S. BANK, AS OWNER TRUSTEE ON ITS BEHALF, TO DEBTORS' MOTION TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES OF EQUIPMENT AND RELATED EXECUTORY CONTRACTS**

GE Capital Corporation and certain of its affiliates (collectively, "GECC"), and U.S. Bank National Association and U.S. Bank Trust National Association (together, "US Bank" or the "Owner Trustee"), by and through their undersigned counsel, submit this limited objection (the "Limited Objection") to the Debtors' Motion To Assume And Assign Certain Unexpired Leases of Equipment and Related Executory Contracts, dated October 30, 2009 (Docket No.

CH\1132908.2

4331) (the "Motion").[1]  In support of this Limited Objection, GECC and the Owner Trustee respectfully represent as follows:

## BACKGROUND

1. On June 1, 2009, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On June 1, 2009, the Debtors also moved the Court to approve the assumption and assignment of certain executory contracts and unexpired leases in connection with a proposed sale of substantially all of the Debtors' assets (Docket No. 92).

3. On June 15, 2009, GECC objected to the Debtors' proposed assumption and assignment of GECC's executory contracts and unexpired leases (Docket No. 1143) and objected to the proposed sale of the Debtors' assets.  (Docket No. 1921).

4. On July 2, 2009, the Court entered a Stipulation and Order resolving GECC's objection to the sale (Docket No. 2947), which, among other things, provided that the Debtors would assume or reject certain of GECC's executory contracts and unexpired leases no later than December 31, 2009.

5. On October 30, 2009, the Debtors filed the Motion, which seeks to assume, among other contracts, the GM 2001 A-3 Lease (in which Phillip Morris Capital Corporation is the owner participant) and the GM 2001 A-4 Lease (in which GECC is the owner participant). As noted in paragraph 4 of the Motion, the GM 2001A-3 Lease and the GM 2001A-4 Lease both involve undivided interests in the same automobile manufacturing equipment (the "A-3/A-4 Equipment").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

CH\1132908.2

## LIMITED OBJECTION

6. Pursuant to the GM 2001 A-4 Lease, GECC, as owner participant, holds an undivided 50% interest in the A-3/A-4 Equipment. GECC and the Owner Trustee are not opposed to the assumption of the GM 2001A-4 Lease pursuant to documentation acceptable to GECC and the Owner Trustee and the payment of the Cure Amounts with respect to the GM 2001A-4 Lease (as identified in the Motion) and the Additional Cure Amounts with respect thereto (also as identified in the Motion).

7. Although the Motion requests authority to assume both the GM 2001A-3 Lease and the GM 2001A-4 Lease, and the proposed form of Order submitted with the Motion expressly provides, at page 4, that "all of the assumptions and assignments authorized hereby shall occur simultaneously and the effectiveness of each shall be contingent upon the effectiveness of all," GECC and the Owner Trustee have not received an unequivocal commitment from the Debtors that they will complete the assumption of the GM 2001A-4 Lease contemporaneously with the assumption of the GM 2001A-3 Lease. Because the GM 2001A-3 Lease and the GM 2001A-4 Lease each concern an undivided interest in the same property, such contemporaneous assumption is necessary and appropriate.

8. GECC and the Owner Trustee believe that a fair reading of the Motion and the proposed form of Order conditions the assumption of the GM 2001A-3 Lease on a substantially contemporaneous assumption of the GM 2001A-4 Lease. If the Debtors seek to modify the Motion or the proposed form of Order at any time, GECC and the Owner Trustee request an opportunity to respond to any such modified motion in order to protect all of their rights under the 2001A-4 Lease and in the A-3/A-4 Equipment.

9. This Limited Objection is being filed to ensure that GECC and the Owner Trustee will have an opportunity to appear and be heard on the Motion if the Debtors or General Motors Company seek to modify the relief requested in the Motion to allow the Debtors to assume and

3

assign the GM 2001A-3 Lease without a substantially contemporaneous assumption of the GM 2001A-4 Lease. Moreover, because the Debtors and General Motors Company have yet to negotiate any of the definitive documentation that would be required to effectuate the assumption of the GM 2001A-4 Lease, GECC and the Owner Trustee request that a provision be included in any Order granting the Motion to require that all such documentation be in form and substance acceptable to GECC and the Owner Trustee as a condition precedent to the effectiveness of the assumption of either the GM 2001A-3 Lease or the GM 2001A-4 Lease.

WHEREFORE, GECC and the Owner Trustee request the right to appear and be heard with regard to the Motion and that any Order approving the Motion be substantively consistent with the proposed form of Order filed with the Motion, but also modified in accordance with paragraph 9 above, and that GECC and the Owner Trustee be afforded an opportunity to file a further response and be heard with respect to any proposed amendment of the Motion or proposed form of Order, and for such further relief as is just and equitable.

Dated:  November 5, 2009
New York, NY

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ *Douglas Bacon*_____
    George Royle
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

-and-

Douglas Bacon
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Attorneys for GE Capital Corporation and its affiliates

4

-and-

**Edwards Angell Palmer & Dodge LLP**

By: /s/  *Richard Hiersteiner*
Richard Hiersteiner
Jeanne P. Darcey
111 Huntington Avenue
Boston, MA 02199
Telephone:  (617) 239-0100
Facsimile:  (617) 227-4420

Attorneys for U.S. Bank National Association (and U.S. Bank Trust National Association), as Owner Trustee