**Hearing Date and Time: November 12, 2009 at 2:00 p.m.**
**Response Deadline: November 6, 2009 at 4:00 pm.**

KENNEDY, JENNIK & MURRAY, P.C.
113 University Place, 7th Floor
New York, New York 10003
Telephone:   (212) 358-1500
Facsimile:   (212) 358-0207
Thomas M. Kennedy (TK 0993)

Attorneys for IUE-CWA

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
In re:                                                           :   Chapter 11
    MOTORS LIQUIDATION COMPANY, *et al.*,                :
        f/k/a General Motors Corp, *et al.*,                :   Case No. 09-50026(REG)
                                                                 :
            Debtors.                                          :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------X

**STATEMENT OF THE IUE–CWA IN SUPPORT OF THE**
**DEBTORS' MOTION PURSUANT TO SECTIONS 363(b) AND 105**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9010(a) FOR**
**APPROVAL OF SETTLEMENT AGREEMENT WITH CERTAIN LABOR UNIONS**

      The IUE-CWA hereby files this Statement in Support of the Motion by Debtors for approval of the Settlement Agreement that has been reached with certain labor unions including the IUE-CWA. The Settlement Agreement resolves difficult issues concerning retiree health care and pension protection for more than 30,000 retirees of General Motors Corporation. The Settlement Agreement was reached after hard arms length negotiations between multiple parties and represents a compromise that is in the best interest of all concerned. The alternatives to this Settlement Agreement involve lengthy delay and uncertainty and will substantially burden the estate of the Debtors. For the reasons set forth below, the Settlement Agreement should be approved.

1.  **The Settlement Agreement Was Reached After Extensive and Difficult Negotiations and Is A Reasonable Compromise By the Debtors**

On July 10, 2009, the IUE-CWA filed an appeal of this Court's Order approving the Section 363 transaction in which General Motors Corp. sold its assets to a new General Motors. The IUE-CWA was concerned that many of GM's liabilities, including its pension and post retirement health care obligations to the members of IUE-CWA and their families would remain with the bankrupt entity to be known as Motors Liquidation Company ("MLC"). GM, IUE-CWA and the United Steelworkers Union ("USW") were engaged in an intensive effort to create a solution to several difficult issues. Those issues included:

1. protecting the pensions of thousands of IUE-CWA and the USW represented Delphi Hourly employees whose GM guaranteed pensions were being assumed by the Pension Benefit Guarantee Corporation. PBGC limits on early retirements, which are common in the auto industry, could reduce these pensions in some cases by 50%;

2. protecting the health benefits of pre-65 General Motors retirees who would be completely deprived of health benefits under the proposed MLC plan of liquidation;

3. securing some compensation for the thousands of post-65 General Motors retirees who had been promised health insurance benefits for life;

4. protecting the pension and other benefits that had been secured for IUE-CWA represented employees at the Morraine, Ohio facility as a result of the plant closing negotiations between GM and the IUE-CWA in 2008; and

5. securing life insurance benefits for GM retirees, even if in a reduced amount.

These were each difficult and important issues to the IUE-CWA and its members.

The parties held extensive negotiations in face-to-face meetings and telephone conferences from July 16 to August 31, 2009. The final agreement achieves some measure of protection in each area for the Delphi and General Motors retirees but compromises, to a very significant degree, the benefits that were owed them under their collective bargaining contracts. For example, the compromises included an agreement to reduce the unsecured claim that the post-65 retirees would otherwise submit from $4 billion to $1 billion, an agreement to reduce the levels of health insurance available for pre-65 retirees and an agreement to reduce the amount of life insurance available for retirees. Each of these difficult compromises was reached only in the context of an overall package of benefits which did protect the GM guaranteed Delphi Hourly pensions, did provide a substantial level of pre-65 health care for GM retirees, did continue a program of life insurance for GM retirees and did protect the Morraine closing benefits.

In the absence of this agreement, the IUE-CWA would have aggressively litigated its appeal of the 363 Order, vigorously contested any effort to reduce the health insurance and life insurance benefits owed to its retirees under Section 1114 and mounted an equally robust effort to prevent any of the Morraine shutdown benefits from being reduced in a Section 1113 proceeding. The arms' length and detailed negotiations that resulted in the Settlement Agreement represent an acceptable outcome for the IUE-CWA and a reasonable compromise by the Debtors.

2. The Settlement Agreement Should Be Approved Under Sections 363(b) and 105(a) of the Bankruptcy Code

The IUE-CWA concurs with the Debtors that the proposed Settlement Agreement is in the best interests of the MLC estate and its creditors, which now include the retired members

of the IUE-CWA. A decision to accept or reject a compromise or settlement is within the sound discretion of the Court, 10 Collier on Bankruptcy, p. 9019.02 (15th ed. Rev. 2009) and the criteria for analyzing the reasonableness of a proposed settlement were long ago summed in *Protective Cttee TMT Trailer Ferry Inc. v Anderson*, 390 U.S. 414 (1968). Those factors include the probability of success in the litigation, the complexity of the litigation with its attendant expense, inconvenience and delay and the paramount interests of creditors. We submit that the difficulties and risks for the estate in litigating hotly contested Section 1114 and 1113 proceedings with multiple unions including the IUE-CWA and the USW, as well as the likely $4 billion dollar unsecured claim against the estate that could result, even if the Debtors were successful in those proceedings, plainly warrant approval of this settlement.

The IUE-CWA concurs with the Debtors that the Settlement Agreement can and should be approved by the Court.

3. Reservation of Rights

The IUE-CWA reserves its right to reply to any Objections that may be filed to the Motion to Approve the Settlement Agreement.

Dated: New York, New York
November 6, 2009

Respectfully submitted,

KENNEDY, JENNIK & MURRAY, P.C.

_____
Thomas M. Kennedy, Esq. (TK 0993)
113 University Place, 7th Floor
New York, New York  10003
(212) 358-1500
Attorneys for IUE-CWA