**Hearing Date and Time: November 12, 2009 at 2:00 p.m. (Eastern Time)**
**Objection Date and Time: November 6, 2009 at 4:00 p.m. (Eastern Time)**

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169-0075
Telephone: (212) 661-9100
Facsimile: (212) 682-6104
Jonathan N. Helfat
Steven B. Soll

Attorneys for Wachovia
Financial Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    Chapter 11 Case No.
                                                               :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                      :    09-50026 (REG)
                                                               :    (Jointly Administered)
                                                               :
                              Debtors.                         :    Hon. Robert E. Gerber
                                                               :
---------------------------------------------------------------x

**LIMITED OBJECTION OF WACHOVIA FINANCIAL SERVICES, INC. TO MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF EQUIPMENT**

**TO THE HONORABLE ROBERT E. GERBER,**
**UNITED STATES BANKRUPTCY JUDGE:**

WACHOVIA FINANCIAL SERVICES, INC., successor-in-interest to First Union Commercial Corporation, by and through its attorneys, Otterbourg, Steindler, Houston & Rosen, P.C., files this Limited Objection (the "Limited Objection") to the *Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Equipment* (Dkt. No. 4328, the "Rejection Motion") filed by Motors Liquidation Company

f/k/a General Motors Corporation ("MLC") and certain of its subsidiaries (together with MLC, collectively, the "Debtors"), as debtors and debtors-in-possession in the above captioned chapter 11 cases before the United States Bankruptcy Court for the Southern District of New York (the "Court"), and respectfully states as follows:

## FACTUAL BACKGROUND

1.   Wachovia Financial Services, Inc. is the Owner Participant (the "Owner Participant") pursuant to that certain Participation Agreement (the "Participation Agreement"), dated as of December 15, 2000, by and among MLC, Owner Participant, Manufacturers and Traders Trust Company, as successor to State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee (in such capacity, "Owner Trustee"), and Wilmington Trust Company. In addition to and in connection with the Participation Agreement, Owner Participant and Owner Trustee entered into that certain Trust Agreement (the "Trust Agreement"), dated as of December 15, 2000. Simultaneously with the execution of the Participation Agreement and Trust Agreement, MLC, as Lessee, and Owner Trustee, acting for the benefit of Owner Participant, as Lessor, entered into that certain Lease Agreement (the "2000 A-2 Lease"), dated as of December 15, 2000. In addition to and in connection with the foregoing, MLC and Owner Participant entered into that certain Tax Indemnity Agreement (the "Tax Indemnity Agreement", and together with the 2000 A-2 Lease and the Participation Agreement, as each has been amended, the "Agreements"), dated as of December 15, 2000.

2.   On October 30, 2009, the Debtors filed the Rejection Motion seeking, *inter alia*, entry of an order authorizing the rejection of the Agreements, effective as of October 30, 2009

2

and/or for abandonment of the equipment subject to the 2000 A-2 Lease (the "Equipment") effective as of October 30, 2009.

## LIMITED OBJECTION TO REJECTION MOTION

3.    Owner Participant does not object to the proposed rejection of the Agreements or the proposed abandonment of the Equipment. However, to the extent this Court permits the Debtors to reject the Agreements and/or to abandon the Equipment, Owner Participant objects to any such rejection and/or abandonment becoming effective as of October 30, 2009, or as of any date prior to the date the Court enters an order authorizing the rejection of the Agreements and/or the abandon the Equipment. BP Energy Co. v. Bethlehem Steel Corp., 2002 WL 31548723, at *3-4 (S.D.N.Y. Nov. 15, 2002)(holding that a Bankruptcy Court may assign a retroactive rejection date to a contract rejected under Section 365 of the Bankruptcy Code only when the principles of equity so dictate). Owner Participant is advised that MLC used the Equipment prior to the sale of substantially all of its assets to General Motors, LLC ("New GM") and has assigned its right to use the Equipment to New GM subsequent to the closing of the sale. Therefore, the Debtors continue to benefit from the use of the Equipment until the date of rejection, notwithstanding the fact that neither MLC nor New GM has made any payments under the 2000 A-2 Lease during the pendency of these cases. In recognition of this fact, the "principles of equity" dictate that any order rejecting the Agreements and/or abandoning the Equipment should be effective as of the date of the entry of the rejection order, and not a prior date.

4.    In the Rejection Motion, the Debtors indicate that it is not necessary for purposes of the relief that they request to characterize the Agreements as either "true leases" or "disguised secured financing arrangements" and the Debtors reserve their rights regarding such

3

characterization. Although the Owner Participant agrees that it is not necessary to determine the characterization of the Agreements to grant the relief requested in the Rejection Motion, since the relief sought is plead in the alternative, the possibility that the Agreements may be characterized at a later date as something other than "executory contracts" creates an uncertainty as to the bar date for filing Proofs of Claim arising from an order authorizing the rejection of the Agreements and/or the abandonment of the Equipment pursuant to the provision of the <u>Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3000(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof</u> (Dkt. No. 4079) (the "Bar Date Order") which establishes a general Bar Date of November 30, 2009 but provides a Bar Date for rejected executory contracts of thirty (30) days following the entry of a rejection order. In the event that this Court enters an order authorizing the rejection of the Agreements and/or the abandonment of the Equipment Owner Participant requests that, to avoid of any ambiguity as to the deadline for filing any resulting Proofs of Claim, the rejection order should state that the applicable deadline for filing Proofs of Claim is thirty (30) days following the entry of the rejection order.

5. Owner Participant expressly reserves its right to assert any and all claims it may have against the Debtors under the Agreements or otherwise, including, but not limited to, the right to assert claims under, *inter alia*, Sections 502, 503, 506 and 365 of the Bankruptcy Code.

6. **WHEREFORE**, Owner Participant respectfully requests that the Court decline to grant retroactively rejection of the Agreements and/or the abandonment of the Equipment, establish a definitive bar date for filing claims arising from such rejection and for such other relief as is equitable and just.

Dated: New York, New York
       November 6, 2009

/s/ Steven B. Soll
Jonathan N. Helfat
Steven B. Soll
OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
230 Park Ave
New York, New York 10169-0075
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

Attorneys for Wachovia
Financial Services, Inc.