**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>                           Debtor. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**ORDER MODIFYING THE BAR DATE ORDER TO PROVIDE THAT NO PROOF OF CLAIM NEED BE FILED RELATED TO CERTAIN GUARANTEE CLAIMS AGAINST MOTORS LIQUIDATION COMPANY OR, IN THE ALTERNATIVE, DEEMING THE MOTION A PROOF OF CLAIM AS TO SUCH CLAIMS, AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[4] of Aurelius Capital Management, LP; Drawbridge Special Opportunities Advisors, LLC; Fortress Credit Opportunities Advisors LLC; Appaloosa Management L.P.; Elliot Associates, LP; Perry Partners, L.P.; and Perry Partners International, Inc. (collectively, the "**Moving Parties**") on behalf of all of the holders (the "**Noteholders**") of the £350,000,000 8.375% Guaranteed Notes due December 7, 2015 (the "**2015 Notes**") and the £250,000,000 8.875% Guaranteed Notes due July 10, 2023 (the "**2023 Notes**" and, collectively with the 2015 Notes, the "**Notes**") issued by General Motors Nova Scotia Finance Company ("**Finance**") and fully and unconditionally guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "**Debtor**"), by and through their undersigned counsel, as and for their Motion for an Order modifying the bar date order to provide that no proofs of claim need be filed with regard to the guarantee claims against the Debtor related to the Notes or, in the alternative, deeming this Motion a proof of claim with regard to such claims and certain related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that this matter is core pursuant to 28

---

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

U.S.C. § 157(b)(2)(B); and it appearing that the Noteholders, Finance and the Debtor entered into that certain Fiscal and Paying Agency Agreement under which the Debtor fully and unconditionally guaranteed the Notes; and it appearing that the Noteholders, Finance and the Debtor entered into that certain Lock-Up Agreement; and it appearing that the Noteholders and the Debtor have certain mutual rights and obligations with respect to the Guarantee Claim; and this Court having issued the Bar Date Order; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. The Bar Date Order shall be modified to provide that no proof of claim shall be required to be filed with respect to the 2015 Guarantee Claim. The 2015 Guarantee Claim shall be deemed to have been filed for the benefit of each of the Noteholders upon entry of this Order in the amount of $615,903,887.20 plus certain unliquidated fees, interest (including post-petition interest), charges and other amounts in connection with the Fiscal and Paying Agency Agreement.

3. The Bar Date Order shall be modified to provide that no proof of claim shall be required to be filed with respect to the 2023 Guarantee Claim. The 2023 Guarantee Claim shall be deemed to have been filed for the benefit of each of the Noteholders upon entry of this Order in the amount of $456,653,644.52 plus certain unliquidated fees, interest (including post-petition interest), charges and other amounts in connection with the Fiscal Paying and Agency Agreement.

4. [The Motion shall be deemed a proof of claim for the benefit of each of the

Noteholders with respect to the 2015 Guarantee Claim in the amount of $615,903,887.20 plus certain unliquidated fees, interest (including post-petition interest), charges and other amounts in connection with the Fiscal Paying and Agency Agreement.]

5. [The Motion shall be deemed a proof of claim for the benefit of each of the Noteholders with respect to the 2023 Guarantee Claim in the amount of $456,653,644.52 plus certain unliquidated fees, interest (including post-petition interest), charges and other amounts in connection with the Fiscal Paying and Agency Agreement.]

6. Upon entry of this Order, a copy of this Order shall be entered by the claims agent on the claims register in the case.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:   New York, New York
         November __, 2009                    _____
                                              ROBERT E. GERBER
                                              UNITED STATES BANKRUPTCY JUDGE

NY 239,912,409 v1