Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :    09-50026 (REG)
                                                            :    (Jointly Administered)
MOTORS LIQUIDATION COMPANY, et al.,                         :
       f/k/a General Motors Corp., et al.                   :
                                                            :
           Debtors.                                         :
------------------------------------------------------------x
```

**DEBTORS' OPPOSITION TO THE DECLARATION OF SUZANNE E. RAND-
LEWIS REGARDING STATUS OF INSURANCE COVERAGE FOR
GENERAL MOTORS CORPORATION [DOCKET NO. 4421]**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company, (f/k/a General Motors Corporation)

("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this

opposition to the Declaration of Suzanne E. Rand-Lewis Regarding Status of Insurance

Coverage for General Motors Corporation [Docket No. 4421] (the "**Declaration**").  In

support hereof, the Debtors respectfully represent:

## BACKGROUND

1. Ms. Rand-Lewis is counsel for Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler (the "**Plaintiff**") in a civil action styled *Brooke Alexis Love, a minor, by and through her Guardian ad Litem, Sharon Butler v. Olga Edgar Purington, General Motors Corporation, et al.*, case number YC059488, pending in California Superior Court for the County of Los Angeles (the "**State Court Action**").

2. On November 6, 2009, an employee of Ms. Suzanne Rand-Lewis served the Declaration on the Debtors' counsel. The Declaration was filed with this Court on November 9, 2009. The Declaration states that it was filed by the Plaintiff in Propria Persona. The Declaration bares a return date of November 12, 2009.

3. The Declaration asks this Court to order MLC to provide a complete and full copy of the insurance policy applicable to the State Court Action and proof that MLC is permissibly self-insured in the State of California. (Decl. ¶ 4.) As discussed further below, the relief requested in the Declaration should be denied.

## ARGUMENT

4. The relief requested in the Declaration should be denied because it is procedurally improper. The Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") outline specific rules for conducting discovery and requesting documents in a bankruptcy case. Simply filing a declaration seeking documents, without more, is insufficient to request documents or discovery in a bankruptcy case and the Debtors should not be ordered to comply with an improper request.

5. Further, the Declaration does not comply with this Court's rules for the timing and filing of motions or other requests for relief. Under this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures [Docket No. 3629] (the "**Case Management Order**"), "[u]nless a request for expedited consideration is granted by the Court, no paper shall be considered by the Court unless it is filed and served in accordance with the time limits set forth in the applicable Bankruptcy Rules and Local Rules." (Case Mgmt. Order 9.)

6. Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") require that "[u]nless the Court orders otherwise, all other motion papers shall be served at least 10 days before the return date." The Declaration was served only six days before the return date and thus the Debtors have not been allowed sufficient time to respond in advance of the return date. Accordingly, the relief requested in the Declaration should not be heard on November 12, 2009.[1]

*[Intentionally Left Blank]*

---

[1] The Debtors reserve all rights to object to the merits of Plaintiff's request in the event that the Plaintiff requests documents or discovery in accordance with the proper Bankruptcy Rules, the Case Management Order, and the Local Rules.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court deny the relief requested in the Declaration.

Dated: November 11, 2009
       New York, New York

    /s / David R. Berz_____
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession