Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (312) 310-8007

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
**In Re** : Chapter 11
: 
**MOTORS LIQUIDATION COMPANY** (f/k/a : Case No. 09-50026 (REG)
General Motors Corp.), et al., : (Jointly Administered)
: 
Debtors. : Hon. Robert E. Gerber
: 
------------------------------------------------------------------------x

**STIPULATION TO ADJOURN (I) MOTION FOR ENTRY OF ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS [DKT. # 3212]; (II) DEBTORS' MOTION TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES OF EQUIPMENT AND RELATED EXECUTORY CONTRACTS [DKT. # 4331]; (III) MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF EQUIPMENT [DKT. # 4328]; AND (IV) MOTION BY DEBTORS FOR ENTRY OF ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS [DKT. # 4324]**

Motors Liquidation Company (f/k/a General Motors Corporation) and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Wells Fargo Bank Northwest, National Association, not individually but solely in its capacity as Indenture Trustee ("**Wells Fargo**") under those certain

1814148.1

leveraged lease transactions known as 2001A-1, 2001A-2, 2001A-3, 2001A-4, 2001A-5, 2001A-6, 2001A-7, and 2001A-8 (collectively, the "**2001 Leveraged Lease Transactions**") and Manufacturers and Traders Trust Company, not individually but solely in its capacity as Indenture Trustee ("**M&T**" and collectively with Wells Fargo, the "**Indenture Trustees**") under those certain leveraged lease transactions known as 2000A-1, 2000A-2, and 2000A-3 (collectively, the "**2000 Leveraged Lease Transactions**") and General Electric Capital Corporation (for purposes hereof General Electric Capital Corporation together with any trust with respect to which General Electric Capital Corporation has a beneficial interest and any affiliate of General Electric Capital Corporation, which leases any personal property to the Debtors, shall be collectively referred to herein as, "**GECC**") and Philip-Morris Capital Corporation (for purposes hereof Philip Morris Capital Corporation together with any trust with respect to which Philip Morris Capital Corporation has a beneficial interest and any affiliate of Philip Morris Capital Corporation, which leases any personal property to the Debtors, shall be collectively referred to herein as, "**PMCC**" and together with GECC, as the "**Owner Participants**"), not individually but solely in their capacities as Owner Participants in various of the 2000 Leveraged Lease Transactions and the 2001 Leveraged Lease Transactions, by their counsel, agree as follows:

1. Wells Fargo has objected to the Motion For Entry Of Order Authorizing Rejection Of Certain Personal Property Agreements And/Or Abandonment Of Collateral To Secured Creditors [Dkt. # 3212] (the "**A6 Rejection Motion**");

2. The Indenture Trustees have informally advised the Debtors that they object to the following: (a) Debtors' Motion To Assume And Assign Certain Unexpired Leases Of Equipment And Related Executory Contracts [Dkt. # 4331]; (b) the Motion By Debtors For

2

1814148.1

Entry Of Order Authorizing Rejection Of Certain Personal Property Agreements And/Or Abandonment Of Equipment [Dkt. # 4328]; and (c) the Motion By Debtors For Entry Of Order Authorizing Rejection Of Certain Personal Property Agreements And/Or Abandonment Of Collateral To Secured Creditors [Dkt. # 4324] (collectively, the "**2000 and 2001 Motions**" and together with the A6 Rejection Motion, the "**Motions**") and that but for the agreement to adjourn the hearing would have filed written objections to the 2000 and 2001 Motions prior to the objection deadline.

3. On November 4, 2009, Wells Fargo, GECC and the Debtors filed a Stipulation to Adjourn the hearing on the A6 Rejection Motion [Dkt. # 4171] until November 12, 2009 at 2:00 p.m.

4. The Parties have agreed to adjourn the hearing to consider each of the Motions to **November 24, 2009 at 10:30 a.m. (Eastern Time)** (the **"Hearing"**).

5. In consideration of the agreement to adjourn the Hearings,

(a) the Indenture Trustees have stipulated and agreed to toll the running of, and extend the respective expiration dates of, the 180-day periods set forth in Sections 8.3(a) of the Trust Indenture and Security Agreements with respect to the 2000 Leveraged Lease Transactions and the 2001 Leveraged Lease Transactions for a period of twelve days through and including December 9, 2009;

(b) the undersigned Owner Participants have stipulated and agreed to toll the running of, and extend the respective expiration dates of, the 180-day periods set forth in Sections 8.3(e)(iv) of the Indentures with respect to the 2000 Leveraged Lease Transactions and the 2001 Leveraged Lease Transactions for a period of twelve days through and including December 9, 2009;

3

1814148.1

(c)  Wells Fargo, GECC and the Debtors further agree that if the relief sought by the A6 Rejection Motion is granted on or before the conclusion of the Hearing (and any continuances thereof ordered by the Court), such relief will be *nunc pro tunc* to July 31, 2009 and all parties in interest will be deemed to have waived all claims for adequate protection and/or administrative rent for the period after July 31, 2009 through the time such relief is granted;

(d)  Wells Fargo, GECC and the Debtors further agree that (i) with respect to the dismantling or storage of the portion of the assembly line equipment covered by the leveraged lease transactions known as 2001A-1 and 2001A-2 rejected pursuant to the *Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors* [Dkt. #3619] (the "**Prior Order**") (such portion of the equipment, the "**Equipment**"), the Debtors and General Motors, LLC ("**GM**") will waive any claims to compensation or reimbursement of expenses incurred or storage charges for the period July 31, 2009 through November 24, 2009 and (ii) GECC and Wells Fargo will waive any claims to administrative rent arising from the Debtors' or GM's use or possession of the Equipment for the period July 31, 2009 through November 24, 2009.

(e)  Wells Fargo and GECC further agree that GM will have no obligation under the Prior Order to continue dismantling the Equipment or providing storage in respect of the Equipment; provided, however, that if GM elects to continue dismantling and providing storage for the Equipment, GM shall use reasonable care and GM will not be entitled to compensation or reimbursement of expenses incurred or storage charges for the period August 1, 2009 through November 24, 2009.

1814148.1

**STIPULATED AND AGREED**

Dated:  November 12, 2009

MILBANK, TWEED, HADLEY & McCLOY LLP, Attorneys for Wells Fargo Bank Northwest, National Association, and Manufacturers' and Traders' Trust, as Indenture Trustees


 /s/ Tyson M. Lomazow
Matthew S. Barr
Tyson M. Lomazow
One Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:   (212) 530-5219

WEIL, GOTSHAL & MANGES LLP, Attorneys for the Debtors


 /s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (312) 310-8007

1814148.1

LATHAM & WATKINS LLC, Attorneys for General Electric Capital Corporation and its affiliates

 /s/ Douglas Bacon
Douglas Bacon
Zachary A. Judd
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

KAYE SCHOLER LLP, Attorneys for Philip Morris Capital Corporation and its affiliates

 /s/ Stewart B. Herman
Richard G. Smolev
Stewart B. Herman
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

1814148.1