**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                              :
In re                                                         :     Chapter 11 Case No.
                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :     09-50026 (REG)
    f/k/a General Motors Corp., *et al.*          :
                                                              :
                      Debtors.              :     (Jointly Administered)
                                                              :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 363(b) AND 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) APPROVING SETTLEMENT AGREEMENT WITH CERTAIN LABOR UNIONS

Upon the Motion, dated October 14, 2009 (the "**Motion**")[1], of Motors Liquidation Company (formerly, General Motors Corporation ("**MLC**")) and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving that certain Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, and Modification and GMCO Assumption of MLC-IUE-CWA CBA, a copy of which is annexed to the Motion as Exhibit A (the **"Settlement Agreement"**), and authorizing the Debtors to perform all of their obligations thereunder, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and a hearing having been held in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

respect of the Motion on November 12, 2009 (the **"Hearing"**); and the Debtors having noted on the record of the Hearing that the following Splinter Unions have became Participating Splinter Unions:  (i) International Brotherhood of Electrical Workers (**"IBEW"**), (ii) Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045 (**"Carpenters and Interior"**), (iii) International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 59 (**"IBPA"**), (iv) International Union of Operating Engineers Locals 101(S), 832(S) and 18(S) (collectively, the **"IUOE"**), and (iv) United Catering Restaurant Bar & Hotel Workers (**"UCW"**); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted; and it is further

ORDERED that the Settlement Agreement is hereby approved; and it is further

ORDERED that each of the IBEW, Carpenters and Interior, IBPA, IUOE and UCW are Participating Splinter Unions; and it is further

ORDERED that the Debtors are authorized and directed to implement and to perform all of their obligations under the Settlement Agreement; and it is further

ORDERED that the Unions and the Participating Splinter Unions be, and hereby are, granted an allowed, prepetition, general unsecured claim in MLC's chapter 11 case in an amount equal to such union's respective **"Percentage Share"** of the aggregate amount of $1 billion (the "**Allowed Claim**"). For purposes hereof, the **"Percentage Share"** of each of the

Unions and the Participating Splinter Unions is set forth on Exhibit A annexed hereto; and it is further

ORDERED that the Unions and the Participating Splinter Unions referenced in the third decretal paragraph hereof shall not be required to file a proof of claim with respect to their respective Percentage Shares of the Allowed Claim; and it is further

ORDERED that the Allowed Claim shall be in full settlement and satisfaction of any and all claims that the Unions, the Participating Splinter Unions, any and all employees, retirees or other persons or beneficiaries represented by or subject to agreements entered by the Unions and the Participating Splinter Unions with MLC have against MLC, the other Debtors and their respective affiliates, officers and directors; and it is further

ORDERED that, except for the Allowed Claim, the Unions and the Participating Splinter Unions, as authorized Bankruptcy Code section 1114 and 1113 representatives, shall promptly withdraw, with prejudice, all claims filed or otherwise made against MLC, the other Debtors, General Motors LLC (f/k/a General Motors Corporation) and their respective subsidiaries, employees, officers, directors, and agents relating to retiree health care benefits and basic life insurance and pursuant to any collective bargaining agreements, or any other claims, and shall not bring or assert any such claims against any such entities in the future; and it is further

ORDERED that, except for the Allowed Claim, the Unions and all Participating Splinter Unions, as authorized Bankruptcy Code section 1114 and 1113 representatives, on their own behalf and on behalf of all represented members, employees, beneficiaries and/or retirees, hereby release, and are deemed to release, and forever discharge MLC, the other Debtors, General Motors LLC (f/k/a General Motors Corporation) and their respective current or former

officers, directors, employees, agents, subsidiaries, affiliates and any and all of their welfare and pension benefit plans and their fiduciaries, with respect to any and all rights, claims or causes of action that any of them have or may have, known or unknown, arising out of, based upon or otherwise related to any claim arising out of their employment with MLC and/or General Motors LLC (f/k/a General Motors Corporation), including, without limitation, any claim or cause of action with respect to alleged breaches of a collective bargaining agreement, the Combs Settlement, any alleged entitlement to health care in retirement and any alleged entitlement to life insurance in retirement; and it is further

ORDERED that within five (5) business days of the date of this Order, the IUE-CWA shall withdraw the Appeal, with prejudice; and it is further

ORDERED that, as provided in the Settlement Agreement, the Communication Workers of America, the IUE-CWA and USW and their local unions and the Participating Splinter Unions, including each of their respective current and former officers, members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents and other representatives in connection with or related to these chapter 11 cases, shall be released from all liability arising from or related to the formulation, preparation, negotiation, dissemination,

implementation, administration, or consummation of the Settlement Agreement, or any section 1113 or section 1114 proceedings; and it is further

ORDERED that if by the date MLC makes an initial distribution to prepetition unsecured creditors pursuant to a confirmed chapter 11 plan, any of the Splinter Unions constituting the International Association of Machinists and Aerospace Workers, the International Brotherhood of Teamsters or the International Brotherhood of Boilermakers has not become a party to an agreement with MLC granting to them their Percentage Share of the Allowed Claim, then such Percentage Share of the Allowed Claim attributable to any such Splinter Union shall be reallocated ratably among the Unions, the Participating Splinter Unions and those Splinter Unions that have became party to such an agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: November *12*, 2009
       New York, New York

                                        *s/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

|     | **UNION** | **PERCENTAGE SHARE** |
|-----|-----------|----------------------|
| 1.  | IUE-CWA | 79.39% |
| 2.  | USW | 14.73% |
| 3.  | International Association of Machinists and Aerospace Workers | 4.32% |
| 4.  | International Brotherhood of Electrical Workers | 0.42% |
| 5.  | Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045 | 0.29% |
| 6.  | International Brotherhood of Painters & Allied Trades of the U.S. and Canada, Sign & Display Union Local 59 | 0.09% |
| 7.  | International Brotherhood of Teamsters | 0.25% |
| 8.  | International Brotherhood of Boilermakers | 0.10% |
| 9.  | International Union of Operating Engineers | 0.18% |
| 10. | United Catering Restaurant Bar & Hotel Workers | 0.23% |