| | Hearing Date and Time: | 12/16/09 @ 2:00 P.M. |
| --- | --- | --- |
| | Objection Deadline: | To be Determined |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                             :     Chapter 11
                                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :     Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*,                 :
                                                                   :     (Jointly Administered)
                                    Debtors.             :
------------------------------------------------------------------------x

COVER PAGE TO FIRST INTERIM APPLICATION OF LFR INC. FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT
OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR
THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

| | |
| --- | --- |
| Name of Applicant: | LFR Inc. |
| Authorized to Provide Professional Services to: | Motors Liquidation Company (f/k/a General Motors Corporation), *et al.* |
| Services Provided: | Environmental Consultant |
| Date of Retention: | August 3, 2009, *nunc pro tunc* to June 1, 2009 |
| Period for which Compensation and reimbursement is sought: | June 1, 2009 to September 30, 2009 |
| Amount of Compensation sought as actual, reasonable, and necessary (100% of fees): | $633,772.80 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary (100% of expenses): | $ 43,447.98 |
| Total Amount Requested: | $677,220.78 |

This is an:  X  Interim _____ Final Application

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                          :        Chapter 11
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,            :        Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*,                 :
                                                                :        (Jointly Administered)
                  Debtors.                  :
------------------------------------------------------------------------x

FIRST INTERIM APPLICATION OF LFR INC. FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT
OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR
THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       LFR INC. (the "Applicant" or "LFR"), environmental consultants to the above-captioned debtors and debtors in possession herein (collectively, the "Debtors"), submits this interim application (the "Application") for allowance and payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary costs and expenses incurred by Applicant on behalf of the Debtors for the period June 1, 2009 through September 30, 2009 (the "Fee Period"), pursuant to sections 330 and 331of the Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101, *et seq*. and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully represents as follows:

       1.    Applicant submits this Application for interim allowance and payment of fees and reimbursement of expenses in the amount of $677,220.78.

       2.    By this Court's Order dated August 7, 2009 and Pursuant to Sections 331 and 105(a) of the Bankruptcy Code Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), the Court established a

1

procedure for interim compensation and reimbursement of expenses for all professionals in these cases. In particular, the Administrative Order provides that, absent objection, upon the expiration of forty-five days after service of monthly fee statements by retained professionals, the Debtors are authorized to pay each professional an amount equal to 80% of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

        3.      Pursuant to the Administrative Order, LFR has served monthly fee statements in these cases for the months of June 2009 through September 2009 (collectively, the "Monthly Statements"), copies of which are attached as <u>Exhibit A</u>.[1] To date, the Debtors have paid to LFR $246,569.08 in fees and $10,306.24 in expenses incurred during the Fee Period.

        4.      By this Application, LFR seeks interim allowance of compensation and reimbursement of expenses incurred during the Fee Period and reflected in LFR's Monthly Statements. LFR also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

        5.      By Order of this Court dated August 3, 2009 (the "Retention Order"), a copy of which is annexed hereto as <u>Exhibit B</u>, Applicant was retained as environmental consultants to the Debtors.

        6.      This Application has been prepared and submitted to be in compliance with sections 330 and 331 of the Bankruptcy Code, the Amended Guidelines for Fees and Disbursements of Professionals in the Southern District of New York Bankruptcy Cases, adopted by this Court on April 19, 1995 (the "Amended Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §

---

[1] Because of its voluminous nature, Exhibit A has only been provided to the Debtors and the United States Trustee. Applicant can provide a copy of Exhibit A to other interested parties upon request.

2

330, adopted on January 30, 1996 (the "UST Guidelines").  Pursuant to the Amended Guidelines, a certification regarding compliance is attached hereto as <u>Exhibit C</u>.

7. The services contemplated at the time of Applicant's retention as environmental consultants as described in the Application dated July 21, 2009 (the "Retention Application"), supporting Affidavit of Frank Lorincz, Chief Executive Officer of LFR Inc. and the engagement agreement attached to the Retention Application, involved assisting Debtors in their determination of costs of actual or potential environmental liabilities arising from Debtors' historic operations, including, without limitation, the following:  reviewing the Debtors' existing remedial/environmental and real estate site files; evaluating existing regulatory actions and/or pending litigation associated with Debtors' sites; developing future cost estimates using appropriate methodologies; determine the potential for reuse of certain of the Debtors' sites and ensure that potential reuse opportunities are considered in determining cost estimates; strategic planning related to optimization of asset value net of environmental costs and disposition of environmentally impaired assets; management and support of environmental management/compliance activities, including evaluating existing information regarding plate sites, ongoing investigations and remediation; advising and assisting Debtors with the potential to integrate remediation with redevelopment; assisting in the determination of appropriate remedial options and technologies in light of potential redevelopment plans; advising Debtors with risk management strategies with respect to Debtors' sites; performing such other work as requested by Debtors in furtherance of assisting Debtors in their determination of the costs of actual or potential environmental liabilities arising from sites.

8. During the Fee Period, Applicant assisted the Debtors in all aspects of defining the environmental liabilities associated with the real estate assets controlled by the debtors-

3

in-possession. These services included the following: performed environmental due diligence of site information provided by GM including but not limited to existing remedial/environmental and real estate site files, engineering reports, remedial action plans, agency correspondence, financial accounting reserve, site location information, tax records, and regulatory financial assurance information; assisted Debtors in its determination of costs of actual or potential environmental liabilities arising from General Motors pre-bankruptcy as well as historic operations; coordinated with other retained professionals engaged to provide related services in real estate and Brownfield redevelopment and reuse as it relates to environmental liabilities; evaluated existing regulatory actions and/or pending actions associated with the Sites; developed costing template to establish debtor-in-possession budgets; developed environmental cost scenarios for all the Sites reviewed as part of the due diligence; developed environmental summary documents for all sites reviewed as part of the due diligence; developed on line document management system for housing all environmental and real estate related data; developed future cost estimates using NPV methodologies, including but not limited to probabilistic estimating techniques; developed potential options for reuse and redevelopment of certain Sites and their impact on environmental costs and liabilities; participated in client meetings with stakeholders including the USEPA, State Lead Regulatory Agencies, State Attorneys General, DOJ and others as request by the Debtors; and supported the Debtors with technical information for presentations to the Presidential Task Force on the Auto Industry.

    9. During the Fee Period, Applicant devoted 3,630.3 hours in the rendition of professional services on behalf of the Debtors. A schedule setting forth the number of hours expended by Applicant and its employees accompanies this Application as <u>Exhibit D</u>. In addition, Applicant is requesting reimbursement of disbursements in the amount of $43,447.98 for expenses

incurred and posted during the Fee Period.  An itemization of the disbursements incurred by Applicant is set forth on <u>Exhibit E</u> attached hereto.

10. Pursuant to section II.D. of the UST Guidelines, a schedule setting forth a description of the project categories utilized by Applicant in the Debtors' cases, the number of hours expended by Applicant's professionals by project category, and the aggregate fees associated with each project category is attached hereto as <u>Exhibit F</u>.

11. Applicant respectfully submits that its efforts on behalf of the Debtors were reasonable and necessary under the circumstances, were performed by personnel with the requisite skills and experience, and were of benefit to the Debtors.

WHEREFORE, Applicant respectfully requests that this Court enter an order: (i) allowing Applicant's request for compensation in the sum of $633,772.80 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the Fee Period; (ii) directing the Debtors to pay to Applicant the full amount of such compensation to the extent not already paid; (iii) allowing Applicant's request for reimbursement of actual, reasonable and necessary expenses in the sum of $43,447.98 incurred during the Fee Period; (iv) directing the Debtors to pay to Applicant the full amount of such expenses to the extent not already paid; and (v) granting such other and further relief as is just and proper.

Dated: November 12, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　LFR INC.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Frank Lorincz
　　　　　　　　　　　　　　　　　　　　　　　Frank Lorincz, Chief Executive Officer
　　　　　　　　　　　　　　　　　　　　　　　LFR Inc.
　　　　　　　　　　　　　　　　　　　　　　　1900 Powell Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　　　　Emeryville, California 94608