**HEARING DATE AND TIME: November 24, 2009 at 10:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: November 18, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
    f/k/a General Motors Corp., et al. :
                                    :
            Debtors.                :        (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

**NOTICE OF DEBTORS' NINTH OMNIBUS MOTION PURSUANT
TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS
<u>AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated November 12,
2009 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and
its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order,
pursuant to section 365, of title 11, United States Code to reject certain executory contracts
(collectively, the "**Executory Contracts**") and unexpired leases of nonresidential real property

(collectively, the "**Leases**"), all as more fully set forth in the Motion, a hearing will be held

before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **November 24, 2009 at 10:30 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **November 18, 2009, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

> If no objections are timely filed and served with respect to the Motion, the
Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order
substantially in the form of the proposed order annexed to the Motion, which order may be
entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
       November 12, 2009

       /s/ Joseph H. Smolinsky
       Harvey R. Miller
       Stephen Karotkin
       Joseph H. Smolinsky

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtors
       and Debtors in Possession

**HEARING DATE AND TIME: November 24, 2009 at 10:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: November 18, 2009 at 4:00 p.m. (Eastern Time)**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :        Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                      :
                Debtors.              :        (Jointly Administered)
                                      :
------------------------------------------------------------x
```

**DEBTORS' NINTH OMNIBUS MOTION PURSUANT**
**TO 11 U.S.C § 365 TO REJECT CERTAIN  EXECUTORY CONTRACTS**
**<u>AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), respectfully represent:

## Relief Requested

1.       Pursuant to section 365(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory

contracts (the "**Executory Contracts**") and unexpired leases of nonresidential real property

(collectively, the "**Leases**").  A list identifying and describing the affected Executory Contracts

and Leases is attached hereto as **Exhibit A**.  A proposed form of order (the "**Order**") is attached

hereto as **Exhibit B**.

2.       The Debtors' request that the rejection of the Executory Contracts and

Leases be effective as of November 30, 2009, except with respect to the Debtors' Lease with M-

Tech Associates, LLC ("**M-Tech**"), which the Debtors' request be effective as of October 31,

2009.  The Debtors vacated and surrendered the premises leased from M-Tech prior to October

31, 2009, and provided advance notice to counsel for M-Tech of its intention to vacate and seek

a proposed rejection date of October 31, 2009.

3.       The Debtors also request that the deadline to file a proof of claim with

respect to any claim for damages arising from the rejection of the Executory Contracts or Leases

be **5:00 p.m. (Eastern Time)** of the date that is **thirty (30) days** after service of the order

approving the relief requested herein.

## Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.      On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**"),

requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and

(m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets

pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the

"**MPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors LLC) ("**New GM**"), a

purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"),

free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and

assignment of certain executory contracts and unexpired leases of personal property and of

nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement,

subject to higher or better offers (the "**363 Transaction**").

6.      On July 5, 2009, the Court approved the 363 Transaction and entered the

Sale Order, and on July 10, 2009, the 363 Transaction closed.  Accordingly, the Debtors no

longer operate as manufacturers of any GM branded motor vehicles, nor do they retain the rights

to use GM trademarks in the wind-down of their business.  All such manufacturing operations

and trademark rights have been sold to New GM pursuant to the 363 Transaction.

**The Executory Contracts and the Leases**

7.      The Debtors are currently undergoing a comprehensive review of their

executory contracts and unexpired leases of nonresidential real property to determine which

contracts and leases to assume and which to reject.  Because the Debtors have sold substantially

all of their assets in the 363 Transaction and are now winding down their remaining operations,

the Debtors no longer require certain executory contracts and unexpired leases and will seek to

reject those contracts and leases that provide no meaningful value or benefit to the Debtors'

estates.  The Debtors have reviewed the Executory Contracts and Leases that are the subject of

this Motion and have determined, in the exercise of their sound business judgment, that

continuing the Executory Contracts and Leases would be burdensome and would provide no

corresponding benefit or utility to the Debtors or their estates.

8.      The Executory Contracts include:  (1) a take or pay gas supply agreement

with rates well above current spot prices for natural gas, and (2) various agreements between

Toyota Motor Corporation ("**Toyota**") and MLC concerning a joint venture that is in the process

of being wound down by New GM and Toyota.  The Leases include:  (1) a lease for

manufacturing space the Debtors have vacated and no longer need for their continuing business

operations, and (2) a warehouse lease for storage space that has been consolidated in other

warehouses and is no longer being utilized by the Debtors.  After reviewing the Executory

Contracts and Leases, New GM elected not to take assignment of any of the Executory Contracts

or Leases.

9.      The Debtors' primary business purpose at this stage in their chapter 11

cases is to liquidate the assets remaining following the close of the 363 Transaction in an

efficient and cost-effective manner to maximize the value of the recovery for their creditors.  The

Executory Contracts and Leases are not necessary for the Debtors' continuing business

operations or the administration of the Debtors' estates, and maintaining the Executory Contracts

and the Leases would impose unnecessary costs and burdens on the Debtors' estates.  The

Debtors have also explored the possibility of marketing the Executory Contracts and Leases, but

have determined that doing so would provide no meaningful benefit or value to the Debtors'

estates.  Accordingly, the Debtors submit this Motion to reject the Executory Contracts and

Leases.

**Rejection of the Executory Contracts and Leases is Supported by the
Debtors' Business Judgment and Should Be Approved by the Court Effective as of the
Proposed Rejection Dates**

10.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor in possession, "subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521

(1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997).   "[T]he purpose behind

allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-

possession to use valuable property of the estate and to 'renounce title to and abandon

burdensome property.' " *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures

Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

11.    Courts defer to a debtor's business judgment in rejecting an executory

contract or unexpired lease, and upon finding that a debtor has exercised its sound business

judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco &

Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve

rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein

Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment"

standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d

Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an

executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y.

1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because

such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89

(Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under

§ 365(a) in the exercise of its "business judgment").

12.    The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)).  Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

13.    In addition, many courts in this district (including this Court) and elsewhere have authorized rejection retroactively to a date prior to entry of the order authorizing such rejection.  *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602 (2d Cir. 2007) (affirming this Court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided);  *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp., et al.)*, No. 02 Civ. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief).

14.     As noted above, the Debtors have reviewed the Executory Contracts and Leases and have determined that in light of the sale of substantially all of the Debtors' assets and subsequent wind-down, the Executory Contracts and Leases are no longer necessary for or beneficial to the Debtors' ongoing business, and create unnecessary and burdensome expenses for the Debtors' estates.  In addition, the Debtors have determined that no meaningful value would be realized by the Debtors if the Executory Contracts or Leases were assumed and assigned to third parties.  Accordingly, the Debtors are exercising their sound business judgment in seeking rejection of the Executory Contracts and Leases subject to this Motion.

15.     Finally, with respect to the proposed rejection date for the Debtors' Lease with M-Tech, the Debtors notified M-Tech well in advance that it intended to seek a rejection date of October 31, 2009 and would vacate and surrender the premises on or before that date. Indeed, it is the Debtors' understanding that part of the premises previously leased by MLC have been reletted or are being used with the landlord's permission by third parties unrelated to the Debtors.  Therefore, M-Tech is not prejudiced by an October 31, 2009 rejection date and the Debtors should not be responsible for any administrative rent past that date.

## Notice

16.     Notice of this Motion has been provided to (1) all counterparties to the Executory Contracts and Leases and (2) parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No.3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
      November 12, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Executory Contracts and Unexpired Leases of Nonresidential Real Property**

**EXECUTORY CONTRACTS**

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | Renover Shreveport, LLC | Department Of Public Works, City Of Shreveport Attn: Mr. Fred Williams, Superintendent-Solid Waste Po Box 31109 Shreveport, LA 71130-1109 | N/A | Landfill Gas Purchase Contract | 1/24/2002 | 11/30/2009 |
| 2 | Toyota Motor Corporation | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571 Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 Email: mriopelle@foley.com | N/A | Product Responsibility Agreement | 5/24/1994 | 11/30/2009 |
| 3 | Toyota Motor Corporation and TABC, Inc. | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571 Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 | N/A | Agreement on Manufacture of Toyota-Specific Vehicles | 4/24/1989 | 11/30/2009 |
| 4 | Toyota Motor Corporation | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571 Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 | N/A | Agreement on Manufacture of Toyota-Specific Vehicles | 3/31/1986 | 11/30/2009 |
| 5 | Toyota Motor Corporation & Toyota Motor Sales of USA, Inc. | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571 Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 Email: mriopelle@foley.com | N/A | Product Responsibility Agreement for Toyota-Specific Vehicles | 3/31/1986 | 11/30/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 6 | Toyota Motor Corporation | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542<br>Email: mriopelle@foley.com | N/A | Agreement for Dispatch of Technical Service Instructor | 4/20/1993 | 11/30/2009 |
| 7 | Toyota Motor Corporation | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542<br>Email: mriopelle@foley.com | N/A | Memorandum of Understanding Regarding Pricing and Production | 3/22/2006 | 11/30/2009 |
| 8 | Toyota Motor Corporation & Toyota Motor Sales of USA, Inc. | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542<br>Email: mriopelle@foley.com | N/A | Agreement for Allocation of NUMMI Production between GM and Toyota Motor Corporation | 9/1/1986 | 11/30/2009 |
| | | | **UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY** | | | |
| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
| 1a | Fountain Lakes I, LLC | Fountain Lakes I, LLC<br>Balke Brown Associates, Inc.<br>1001 Highlands Plaza Dr. West, Ste. 150<br>St. Louis, MO 63110-1341 | Fountain Lakes II<br>St. Charles, MI | Office/Warehouse Lease | 9/22/2005 | 11/30/2009 |
| 1a | Fountain Lakes I, LLC | Fountain Lakes I, LLC<br>Balke Brown Associates, Inc.<br>Attn: Legal Department<br>1001 Highlands Plaza Dr. West, Ste. 150<br>St. Louis, MO 63110-1341 | Fountain Lakes II<br>St. Charles, MI | Confirmation Agreement of Lease Term | 11/1/2005 | 11/30/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 2 | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Property Lease Agreement | 8/28/1986 | 10/31/2009 |
| 2a | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Extension Agreement | 3/1/1996 | 10/31/2009 |
| 2b | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034 | 33500 Mound Road<br>Sterling Heights, MI | Lease Amendment Agreement | 7/19/2001 | 10/31/2009 |
| 2c | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Subordination Agreement | 4/28/1998 | 10/31/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 2d | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI  48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI  48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Amendment Agreement | 6/5/2006 | 10/31/2009 |

## Exhibit B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : |  |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------x

### NINTH OMNIBUS ORDER PURSUANT TO 11 U.S.C. § 365 OF THE BANKRUPTCY CODE TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated November 12, 2009 (the "**Motion**")[1], of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to reject certain executory contracts and unexpired leases of nonresidential real property, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that each of the Executory Contracts listed on **Annex I** attached hereto is an executory contract capable of being rejected under section 365 of the Bankruptcy Code; and it is further

ORDERED that each of the Leases listed on **Annex I** attached hereto is an unexpired lease of nonresidential real property capable of being rejected under section 365 of the Bankruptcy Code; and it is further

ORDERED that the rejection of the Executory Contracts and the Leases, as set forth herein, (1) constitutes an exercise of sound business judgment by the Debtors, made in good faith and for legitimate commercial reasons; (2) is appropriate and necessary under the circumstances described in the Motion; and (3) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Executory Contracts and Leases listed on **Annex I** attached hereto and all related agreements, amendments and supplements thereto is hereby authorized and approved, effective as of the rejection dates (the "**Rejection Dates**") set forth on **Annex I**; and it is further

ORDERED that the parties to the Executory Contracts and Leases shall have until **5:00 p.m. (Eastern Time)** on the date that is **thirty (30) days** after service of this Order to file a proof of claim with respect to any claim for damages arising from the rejection of the Executory Contracts or Leases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2009
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

## Annex I

**Executory Contracts and Unexpired Leases of Nonresidential Real Property**

| | | | | | | |
|---|---|---|---|---|---|---|
| **EXECUTORY CONTRACTS** | | | | | | |
| | **Contract Counterparty** | **Counterparty Address** | **Property Address** | **Contract Description** | **Contract Date** | **Rejection Date** |
| 1 | Renover Shreveport, LLC | Department Of Public Works, City Of Shreveport<br>Attn: Mr. Fred Williams, Superintendent-Solid Waste<br>Po Box 31109<br>Shreveport, LA 71130-1109 | N/A | Landfill Gas Purchase Contract | 1/24/2002 | 11/30/2009 |
| 2 | Toyota Motor Corporation | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542<br>Email: mriopelle@foley.com | N/A | Product Responsibility Agreement | 5/24/1994 | 11/30/2009 |
| 3 | Toyota Motor Corporation and TABC, Inc. | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542 | N/A | Agreement on Manufacture of Toyota-Specific Vehicles | 4/24/1989 | 11/30/2009 |
| 4 | Toyota Motor Corporation | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542 | N/A | Agreement on Manufacture of Toyota-Specific Vehicles | 3/31/1986 | 11/30/2009 |
| 5 | Toyota Motor Corporation & Toyota Motor Sales of USA, Inc. | Toyota Motor Corporation<br>Attn: Mr. Katsumi Ikeda<br>General Manager, International Legal Affairs<br>1 Toyota-Cho, Toyota-Shu<br>Aichi 471-8571<br><br>Foley & Lardner LLP<br>Attn: Matthew Riopelle, Esq.<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101-3542<br>Email: mriopelle@foley.com | N/A | Product Responsibility Agreement for Toyota-Specific Vehicles | 3/31/1986 | 11/30/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 6 | Toyota Motor Corporation | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571<br><br>Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 Email: mriopelle@foley.com | N/A | Agreement for Dispatch of Technical Service Instructor | 4/20/1993 | 11/30/2009 |
| 7 | Toyota Motor Corporation | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571<br><br>Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 Email: mriopelle@foley.com | N/A | Memorandum of Understanding Regarding Pricing and Production | 3/22/2006 | 11/30/2009 |
| 8 | Toyota Motor Corporation & Toyota Motor Sales of USA, Inc. | Toyota Motor Corporation Attn: Mr. Katsumi Ikeda General Manager, International Legal Affairs 1 Toyota-Cho, Toyota-Shu Aichi 471-8571<br><br>Foley & Lardner LLP Attn: Matthew Riopelle, Esq. 402 West Broadway, Suite 2100 San Diego, CA 92101-3542 Email: mriopelle@foley.com | N/A | Agreement for Allocation of NUMMI Production between GM and Toyota Motor Corporation | 9/1/1986 | 11/30/2009 |

### UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 1a | Fountain Lakes I, LLC | Fountain Lakes I, LLC Balke Brown Associates, Inc. 1001 Highlands Plaza Dr. West, Ste. 150 St. Louis, MO  63110-1341 | Fountain Lakes II St. Charles, MI | Office/Warehouse Lease | 9/22/2005 | 11/30/2009 |
| 1a | Fountain Lakes I, LLC | Fountain Lakes I, LLC Balke Brown Associates, Inc. Attn: Legal Department 1001 Highlands Plaza Dr. West, Ste. 150 St. Louis, MO  63110-1341 | Fountain Lakes II St. Charles, MI | Confirmation Agreement of Lease Term | 11/1/2005 | 11/30/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 2 | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Property Lease Agreement | 8/28/1986 | 10/31/2009 |
| 2a | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Extension Agreement | 3/1/1996 | 10/31/2009 |
| 2b | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034 | 33500 Mound Road<br>Sterling Heights, MI | Lease Amendment Agreement | 7/19/2001 | 10/31/2009 |
| 2c | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Subordination Agreement | 4/28/1998 | 10/31/2009 |

| | Contract Counterparty | Counterparty Address | Property Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|
| 2d | M-Tech Associates | M-Tech Associates<br>Attn: Legal Department<br>28388 Franklin Road<br>Southfield, MI 48034<br><br>MADDIN HAUSER WARTELL ROTH & HELLER, P.C.<br>Attn: Kathleen H. Klaus, Esq.<br>28400 Northwestern Highway<br>Third Floor<br>Southfield, MI 48034<br>Email: KHK@maddinhauser.com | 33500 Mound Road<br>Sterling Heights, MI | Lease Amendment Agreement | 6/5/2006 | 10/31/2009 |