UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :      Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :      09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                    :
                                    Debtors.        :      (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND INTESA SANPAOLO S.P.A. PROVIDING FOR LIMITED MODIFICATION TO THE BAR DATE ORDER**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**MLC**"), and Intesa Sanpaolo S.p.a. ("**Banca Intesa** " and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

## RECITALS

A.      On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the chapter 11 cases.  The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

B.      On September 16, 2009, the Court entered an order (the "**Bar Date Order**")

establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the **Commencement Date**.

C.  In the Debtors' notice of the Bar Dates[1] (the "**Bar Date Notice**"), the Debtors provide that certain persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date, including persons or entities holding claims (a "**Debt Claim**") limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**"), if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments; provided, however, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, is required to file a Proof of Claim with respect to such claim on or before the Bar Date.

D.  The Bar Date Notice expressly referenced certain agreements as Debt Instruments, including (i) the Fiscal and Paying Agency Agreement, dated as of July 3, 2003 (the "**July 3 Agreement**"), between MLC, Deutsche Bank AG London ("**DB AG**"), as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A. ("**Banque Générale**"), as paying

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

agent;[2] and (ii) the Fiscal and Paying Agency Agreement, dated as of July 10, 2003 (the "**July 10 Agreement**" and together with the July 3 Agreement, the "**Agreements**"), between General Motors Nova Scotia Finance Company, MLC, as guarantor, Deutsche Bank Luxembourg S.A. ("**DB Luxembourg**"), as fiscal agent and paying agent, and Banque Générale, as paying agent.[3]

E. On October 13, 2009, DB AG notified all holders of the 2013 Notes and the 2033 Notes that it would not be filing Proofs of Claim on behalf of any such holders. While DB Luxembourg and Banque Generale have not given a similar notice, neither has indicated that it will file a Proof of Claim on behalf of holders of Debt Instruments

F. Over 3,300 of the retail customers of Banca Intesa and its affiliates (the "**Customers**") hold Debt Claims related to the Agreements (the "**Customer Debt Claims**"). While the above-described Debt Instruments related to the Agreements are ultimately held of record by and are registered in the name of a central securities depository (such as Euroclear) or its nominee, the Customers, through Banca Intesa or its affiliates, and possibly other intermediaries, ultimately hold the beneficial and economic interests therein.

G. Many of the Customers are individuals who reside outside the United States, do not speak English and lack familiarity with U.S. bankruptcy laws and the claims filing process in a U.S. bankruptcy case. Allowing Banca Intesa or its affiliates to file a global proof of claim in respect of Customer Debt Claims would facilitate the orderly, economic and efficient processing of claims and reduce any unnecessary expenses to the Debtors' estates that would be incurred by

---

[2]   Two series of notes were issued under the July 3 Agreement: (i) EUR 1,000,000,000 of 7.250% Notes due 2013 (the "**2013 Notes**") (ISIN XS0171942757) and (ii) EUR 1,500,000,000 of 8.375 Notes due 2033 (the "**2033 Notes**") (ISIN XS0171943649).

[3]   Two series of notes were issued under the July 10 Agreement: GBP 350,000,000 of 8.375% Notes due 2015  (ISIN XS0171922643 ) and GBP 250,000,000 8.875% Notes due 2023 (ISIN XS0171908063 ( collectively, the "**GM Nova Scotia Notes**" and together with the 2013 Notes and the 2033 Notes, the "**Notes**").

requiring each Customer to file a separate proof of claim, and the Debtors to review and reconcile numerous claims.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth in this Stipulation, it is agreed between the Parties as follows:

### AGREEMENT

1. Notwithstanding anything to the contrary in the Bar Date Order, Banca Intesa and/or any of its affiliates listed on Exhibit A hereto (Banca Intesa and each such affiliate, an "**Intesa Group Member**") is permitted to file a global Proof of Claim (a "**Global Proof of Claim**") on behalf of any of the Customers (each, a "**Participating Customer**") solely with respect to such Customer's Debt Claims. A Global Proof of Claim in respect of Customer Debt Claims of Participating Customers will set forth therein (i) the ISIN or CUSIP number of the issue, series or class of the Debt Instruments in respect to which such Global Proof of Claim is filed (the "**Covered Debt Instruments**"), (ii) the aggregate principal amount of the Customer Debt Claims in respect of each such issue, class or series of such Covered Debt Instruments as to which such Global Proof of Claim is filed, setting forth separately the aggregate claim for principal and the aggregate claim for interest of all such Customer Debt Claims for each such issue, class or series of Covered Debt Instruments, and (iii) a Euroclear electronic instruction reference number, a Clearstream blocking reference number, or other depository blocking reference number, as appropriate, for each Covered Debt Instrument constituting part of the Participating Customers' Customer Debt Claims covered by such Global Proof of Claim. No documentation supporting the Customer Debt Claims covered by a Global Proof of Claim is required to be attached to or submitted with such Global Proof of Claim; provided, however, that the Debtors and other parties in interest reserve all rights available to them under applicable law (including the

Bankruptcy Code) to seek production of all documentation in connection with the claims reconciliation process and any objections that may be filed.  For the avoidance of doubt, except as provided above, an Intesa Group Member shall not be required to provide identifying information for any holders of any Customer Debt Claims for which it files a Global Proof of Claim.  The filing of a Global Proof of Claim by an Intesa Group Member shall be deemed a consent by such Intesa Group Member to, and authorization by such Intesa Group Member of, Clearstream, Euroclear or any other depositary to disclose to the Debtors (for the purpose of reconciling claims and distributions in respect of Customer Debt Claims relating to Covered Debt Instruments) the holdings of Covered Debt Instruments by such Intesa Group Member.

2. The form of the Global Proof of Claim will be substantially similar to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**").  Other than as specifically provided herein, all provisions of the Bar Date Order apply to holders of Claims under any Debt Instrument, and except as expressly provided herein, holders of Claims based on Debt Instruments are required to comply with all provisions of the Bar Date Order.

3. All Customer Debt Claims in respect of the Covered Debt Instruments will be stated both in the stated currency thereof and in United States dollars, using the exchange rate in effect on the Commencement Date, June 1, 2009 (1.4186 Euros/Dollar; 1.645 GBP/Dollar).

4. Customer Debt Claims based on any Covered Debt Instrument in respect of which a timely Global Proof of Claim has been filed, shall not be disallowed on the ground that such Customer Debt Claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b).

5. The filing by an Intesa Group Member of a Global Proof of Claim, shall be deemed to be the filing of such Proof of Claim by each Participating Customer covered by such

Global Proof of Claim with respect to such Participating Customer's Customer Debt Claim.

6.  An Intesa Group Member, by filing the Global Proof of Claim in respect of the Covered Debt Instruments, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a plan of organization filed in the Chapter 11 Cases, and may (but shall not be required to) respond to any objections interposed as to any Claims asserted in the Global Proof of Claim.  Notice to the Intesa Group Member filing a Global Proof of Claim shall be, and shall be deemed to be, sufficient notice to all Participating Customers covered by such Global Proof of Claim.

7.  Amounts received by an Intesa Group Member in respect to any Customer Debt Claim covered by a Global Proof of Claim shall be remitted by it to the relevant Customer in accordance with the agreement between such Intesa Group Member and such Customer.

8.  Nothing in this Stipulation shall impose a duty or obligation on any Intesa Group Member to file a Global Proof of Claim or to include therein a Customer Debt Claim of any Customer or, except as expressly provided herein, to take any other action on behalf of, or provide any information to, any Customer or in respect of any Debt Claim (including any Customer Debt Claim), any Debt Instrument (including any Covered Debt Instrument), any Agreement or the Chapter 11 Cases.

9.  The Debtors' agreement herein to permit the filing by Intesa Group Members of Global Proofs of Claim is intended solely for the purpose of administrative convenience and neither this Stipulation and Order nor the filing of any Global Proof of Claim shall (I) affect the substantive rights of any Intesa Group Member or any Customer, including without limitation any right of any Intesa Group Member and each Customer (a) to vote independently on any plan

of reorganization proposed in the Debtors' chapter 11 cases or (b) to file a proof of claim other than one based on the Debt Claim; or (II) in any way prejudice the right of any Debtor or any other party in interest to object to the allowance of any Global Proof of Claim.

10. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation and Order and to the filing of the Global Proofs of Claim pursuant to this Stipulation.

11. This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

12. This Stipulation sets forth the entire understanding of the Parties hereto with respect to the matters addressed herein and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

13. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

14. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Delivery of signed counterparts of this Stipulation by facsimile transmission or as PDF attachment to an email message shall have the same effect as the manual delivery of an original signed counterpart of this Stipulation, and all signatures on such counterpart will be deemed to be as valid as an original signature whether or not a Party delivers manually an original signed counterpart of this Stipulation, although it is the Parties' intention to deliver original signed counterpart after any facsimile or email delivery.

Date: November 4, 2009

New York, New York

| **WEIL, GOTSHAL & MANGES LLP** | **WHITE & CASE LLP** |
|---|---|
| Attorneys for the Debtors and Debtors in Possession<br>767 Fifth Avenue<br>New York, New York 10153<br>Attention: Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br>Phone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Email: Stephen.Karotkin@weil.com<br><br>/s/ Stephen Karotkin | Counsel to Intesa Sanpaolo S.p.a.<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Attention: Abraham Zylberberg<br>Phone: (212) 819 8500<br>Facsimile: (212) 354-8113<br>Email: azylberberg@whitecase.com<br><br>/s/   Abraham Zylberberg |

**ORDER APPROVING STIPULATION**

Based on the foregoing stipulation of the parties, the Court finding that good cause exists to approve the Stipulation as an order of the Court, that adequate notice of the Stipulation has been provided, and that no further notice is required,

IT IS HEREBY ORDERED that the foregoing stipulation is approved and incorporated by reference and made a part of this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction to adjudicate any disputes arising in connection with this Order.

Date: ***November 13, 2009***
New York, New York

***s/ Robert E. Gerber***
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

<u>List of Intesa Group Members</u>

| |
|---|
| Intesa Sanpaolo |
| Banco Napoli |
| Cassa di Risparmio di Venezia |
| Cassa di Risparmio di Bologna |
| Cassa di Risparmio del Veneto |
| Cassa di Risparmio del Friuli Venezia Giulia |
| Banca dell'Adriatico |
| Banca Fideuram |
| Cassa dei Risparmi di Forlì e della Romagna |
| Banca Prossima |
| Banca di Trento e Bolzano |
| Intesa Sanpaolo Private Banking |
| Mediocredit Italiano S.p.A. |
| Banca di Credito Sardo |
| BIIS |
| Cassa di Risparmio di Civitavecchia |
| Cassa di Risparmio di Pistoia |
| Cassa di Risparmio di La Spezia |
| Cassa di Risparmio di Firenze |
| Cassa di Risparmio di Spoleto |
| Cassa di Risparmio di Città di Castello |
| Cassa di Risparmio di Foligno |
| Cassa di Risparmio di Rieti |
| Cassa di Risparmio di Terni e Narni |
| Cassa di Risparmio della Prov. di Viterbo |
| Cassa di Risparmio di Ascolo Piceno |