**Presentment Date & Time: December 16, 2009 at 2:00 p.m. (ET)**
**Objection Deadline: December 9, 2009 at 5:00 p.m. (ET)**

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Samir P. Gebrael
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

- and -

BEASLEY ALLEN
Rick Morrison
218 Commerce Street
Post Office Box 4160
Montgomery, AL 36104
(800) 898-2034

*Co-Counsel for Florian Hinrichs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :  Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                            :
f/k/a GENERAL MOTORS CORP., et al.,                            :  Case No. 09-50026 (REG)
                                                               :
Debtors.                                                       :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**APPLICATION OF FLORIAN HINRICHS FOR AN ORDER PURSUANT TO RULE
2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING
AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL
EXAMINATION OF INDIVIDUALS DESIGNATED BY THE DEBTORS AND
<u>BELIEVED TO HAVE KNOWLEDGE OF THE RELEVANT MATTERS</u>**

TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Florian Hinrichs ("**Hinrichs**"), by his undersigned counsel, hereby (1) moves this Court

for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") directing (A) the production of documents, and (B) the oral examination

of individuals designated by the Debtors and believed to have knowledge of the relevant matters, as specified below. In support of its motion (the "**Application**"), Hinrichs respectfully represents as follows:

## FACTS

### A. Background Regarding Hinrichs' Claim

1. In 2007, an uninsured drunk motorist rammed a GM (defined herein) truck in which Hinrichs, then a 27-year old German Army officer, was a passenger. Hinrichs was stationed at Ft. Rucker, Alabama for training. Hinrichs' vehicle rolled over, crushing his neck, rendering him a paraplegic for life. Hinrichs is in Germany under extensive care.

2. Through an Alabama personal injury law firm, Hinrichs sued GM on various product liability counts (defective roof and seat belt systems), main action entitled: *Florian Hinrichs* v. *General Motors Corp., et al.,* Circuit Court for Geneva County, Alabama, Case No. CV-2008-900009 ("**Alabama State Case**"). In the Alabama State Case, Hinrichs seeks damages personal to him such as pain and suffering and for medical, wages, transportation, and other expenses. Hinrichs estimates that his past and future damages will add up to be several million dollars.

3. As a result of the accident to Hinrichs, pursuant to German Law, the Federal Republic of Germany ("**FRG**")[1] has paid and continues to pay medical and related expenses.

### B. Debtors' Chapter 11 Filing

---

[1] The FRG has also filed its own application for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing and directing the production of documents and the oral examination of individuals designated by the debtors and believed to have knowledge of the relevant matters [Docket No. 3520] ("FRG 2004 Application"). At the applicants' discretion, both the FRG 2004 Application and this Application will be presented at the same time because, for the most part, they relate to the same underlying facts.

4. On June 1, 2009 (the "**Petition Date**"), General Motors Corp. and certain of its affiliates ("**GM**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On June 1, 2009, the Court entered an order directing the joint administration of the Debtors' Chapter 11 cases. The Debtors' cases are consolidated for procedural purposes only.

6. GM is one of the "Big Three" U.S. automakers. Each year it sells millions of vehicles to American consumers, some of whom unfortunately suffer injuries, sometimes catastrophic, as a result of manufacturing defects and other legally culpable conduct on the part of the Debtors.

## PREDICATES FOR RELIEF

7. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

8. By this Application, Hinrichs requests the entry of an order directing the Debtors to (A) produce certain documents, and (B) make available for oral examination certain individuals of the Debtors' choosing believed to have knowledge of the relevant matters. Hinrichs, a party in interest, wishes to investigate the acts, conduct, property, liabilities, and financial condition of the Debtors, and assess, among other things, the Debtors' product liability insurance coverage pertaining to the Alabama State Case. Thus, it is appropriate to obtain documents and testimony from the Debtors.

9. Bankruptcy Rule 2004 provides, in relevant part:

3

(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to anymatter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .

(c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

10. It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a 'fishing expedition.'" In re M4 Enterprises, Inc., 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); see also In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("R2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); In re Frigitemp Corp., 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

11. Examinations under Bankruptcy Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. The information sought by Hinrichs in connection with this Application is consistent with Rule 2004. At a minimum, Hinrichs is entitled to determine whether insurance benefits exist as part of the Debtors' bankruptcy assets, either through private policies or through a self-insured program that could apply to Hinrichs' claims in the Alabama State Case. The answers to these queries could entitle Hinrichs to pursue a claim in the instant bankruptcy proceeding regarding

4

any available insurance benefits, and Rule 2004 is precisely intended to facilitate this process. See In Re Ecam, Inc., 131 B.R. 556 (Bankr. S.D.N.Y. 1991) (the intended use of Rule 2004 is, "namely, to determine whether there are grounds to bring an action to recover property of the estate.")

12. Hinrichs is a "party in interest" entitled to take examination(s) and to request documents under Rule 2004. The Bankruptcy Code does not include a definition of a party in interest, however, the 11 U.S.C. §1109 makes clear that:

> "any 'party in interest' may appear and be heard in a chapter 11 case. Section 1109(b) provides that [a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. The term 'party in interest' is not limited by the small list of examples in Section 1109(b)".

See 3 Norton Bankruptcy Law and Practice § 54.02 at part 54 (1987) (internal citations omitted). Furthermore, Section 1109(b) must be construed broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard. In re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985); also See In re Ionoshpere Clubs, Inc., 101 B.R. 844, 849-850 (Bankr. S.D.N.Y. 1989). Courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation. In re Texaco, Inc., 81 B.R. 820, 828 (Bankr. S.D.N.Y. 1988) (quoting In re Amatex Corp., 755 F.2d at 1042); also See In re Ionoshpere, 101 B.R. at 849-850 ("the party requesting standing must either be a creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate"). Hinrichs will clearly be affected by the instant bankruptcy proceedings; the determination of whether Hinrichs' potential future liability judgment against the Debtors will be paid is included in the proceedings.

5

13. Moreover, Section 101(10) of the Code defines a creditor as an entity that has a "claim" against either the debtor or the estate, arising at certain specified times. In turn, a claim under Section 101(5) of the Code is defined as:

> "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

Consequently, Hinrichs is a "creditor" with a "claim" against the Debtors. In fact, Hinrichs has already filed two proofs of claim against the Debtors. See Debtors Claim Registrar, Claims Nos. 631 and 815.

14. Here, Hinrichs is seeking an examination of the Debtors and the production of documents directly related to assets of the Debtors' estates, including, but not limited to, Debtors' product liability insurance coverage, or lack thereof. Such an inquiry is clearly within the purview of a Rule 2004 examination. See In re Texaco, Inc., 79 B.R. 551 (Bankr. S.D.N.Y. 1987), where creditor's overly broad Rule 2004 request for examination and document production was narrowed by the Bankruptcy Court to still include, among other things, production of liability insurance policies and documents with respect to purchase or renewal of director and officer insurance.

15. In In re Int'l Fibercom, Inc., 283 B.R. 290 (Bankr. D. Az. 2002), an insurance company that provided payment and performance bonds for a debtor who failed to complete a construction contract sought discovery regarding those pending claims as well as any other potential claims, because it held a subrogation interest through the debtor. The In re Int'l Fibercom Court held that the insurance company was a party of interest pursuing the intended purpose of Rule 2004, that is "to allow the court to gain a clear picture of the condition and the

6

whereabouts of the bankrupt's estate." (Id at 292), as a result, the Court provided the insurance company broad examination and document production from the debtor under Rule 2004. Likewise, the existence and kind of insurance benefits available from the Debtors' assets for the Alabama State Case are squarely within the scope of discovery contemplated by Rule 2004.

16. Pursuant to Bankruptcy Rule 2004, Hinrichs seeks authority to compel production of the requested documents as identified on Exhibit A to the attached proposed order (the "**Document Request Subpoena**") so as to be received by Hinrichs's counsel not later than December 1, 2009.

17. Pursuant to Bankruptcy Rule 2004(c), Hinrichs requests authority to issue a subpoena to individuals designated by the Debtors and within the control of the Debtors and believed to have knowledge of the matters specified in Exhibit A to the attached proposed order (the "**Individual Subpoena**"). The examinations will be conducted on no less than seven (7) days' notice at a location to be determined by Hinrichs that is within 100 miles of the location of the Debtors or person to be examined.

18. Hinrichs requests that this Court retain jurisdiction to resolve any objections to the proposed order, to the requested examinations, and production of documents.

## NOTICE

19. Notice of this Application has been given in accordance with pursuant to Rules 2004, 9014 and 7004 of the Federal Rules of Bankruptcy Procedure. Hinrichs respectfully submits that no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

20. Because this Application presents no novel issues of law and the authorities relied upon by HINRICHS are set forth herein, Hinrichs respectfully requests that the

Court waive the requirement for the filing of a separate memorandum of law in support of this Application pursuant to Local Bankruptcy Rule 9013-1(b).

### REQUEST FOR RELIEF

WHEREFORE, HINRICHS respectfully requests entry of an order:

(a)    granting the relief requested in the Motion;

(b)    directing the Debtors to produce the documents described in the Document Request Subpoena as Exhibit A to the attached proposed order;

(c)    authorizing Hinrichs to issue a subpoena directing certain individuals of Debtors' choosing believed to have knowledge of the relevant matters to submit to oral examination, pursuant to Rule 2004(c) of the Bankruptcy Rules and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7030, concerning the matters set forth in Exhibit A to the attached proposed order;

(d)    granting Hinrichs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 13, 2009

KLESTADT & WINTERS, LLP

By: _/s/ Samir P. Gebrael_____
    Tracy L. Klestadt
    Samir P. Gebrael
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000

-    and    -

BEASLEY ALLEN
Rick Morrison
218 Commerce Street
Post Office Box 4160
Montgomery, AL 36104
Telephone: (800) 898-2034

*Co-Counsel for Florian Hinrichs*

8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, et al., | : | Case No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP., et al., | : | |
| | : | (Jointly Administered) |
| **Debtors.** | : | |

-----------------------------------------------------------------x

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL EXAMINATION OF AN INDIVIDUALS DESIGNATED BY THE DEBTORS AND BELIEVED TO HAVE KNOWLEDGE OF THE RELEVANT MATTERS**

TO:   THE HONORABLE ROBERT E. GERBER,
        UNITED STATES BANKRUPTCY JUDGE

Upon application of Florian Hinrichs ("**Hinrichs**"), for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing (A) the production of documents, and (B) the oral examination of individuals designated by the Debtors and believed to have knowledge of the relevant matters, as specified below (the "**Application**"); and notice of the Application having been given to all parties required to receive such notice pursuant to the bankruptcy rules, and no other or further notice being required and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted in its entirety; and it is further

ORDERED that Hinrichs is hereby authorized to issue a subpoena or other process to compel the production of documents ("**Document Request Subpoena**") and Debtors are directed to produce in response to the Document Request Subpoena all responsive documents described in **Schedule A** annexed hereto so as to be received not later than December 1, 2009, subject to any documents withheld under a claim of privilege, by delivery via overnight courier, to Tracy L. Klestadt, and Samir P. Gebrael, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York  10017; and it is further

9

ORDERED that the Debtors are directed to provide a privilege log in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure, for any document withheld for production on account of a privilege, by delivery via overnight courier, to Tracy L. Klestadt, and Samir P. Gebrael, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York 10017, to be received not later than December 1, 2009; and it is further

ORDERED that any written objections to the relief sought herein shall be served upon Klestadt & Winters, LLP 292 Madison Avenue, 17th Floor, New York, New York 10017- 6314, Attention: Tracy L. Klestadt & Samir P. Gebrael., attorneys for the Debtors, no later than **5:00 p.m. on December 9, 2009**.

ORDERED That Hinrichs is authorized, but not required, to issue the following subpoenas compelling oral examinations under oath: (i) a subpoena (the "**Individual Subpoena**") compelling an individual designated and within control by the Debtors and believed to have knowledge of the matters concerning **Exhibit A** to testify; and it is further

ORDERED that the examination conducted pursuant to the Individual Subpoena: (i) shall be upon seven (7) days' notice to the person or entity to be examined and (ii) shall be conducted within 100 miles of the Debtors or other person to be examined, at a location to be determined by HINRICHS, unless otherwise agreed between the Debtors and Hinrichs; and it is further

ORDERED that this order is without prejudice to the rights of Hinrichs to apply for further discovery of the Debtors, or of any other person or entity; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this order, the requested examinations, and the production of documents.

Dated: November __, 2009
      New York, New York

                                        _____
                                        United States Bankruptcy Judge

**SCHEDULE A**

**Definitions and Instructions**

A. Pursuant to Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

B. "GM" or "Debtors" refers broadly to General Motors Corp. and all of its affiliates.

C. The term "GM Sale Order" refers to the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief.

D. The term "Insurance Provider" means the insurance company that provides product liability insurance coverage to GM from claims related to the manufacture or sale of products or other goods to the public, this coverage includes, but is not limited to, claims of manufacturing or production flaws, design defect, and defective warnings or instructions.

E. The term "Insurance Commission" means the agency that regulates insurance companies.

F. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

11

G. The term "Alabama State Case" means *Florian Hinrichs* v. *General Motors Corp., et al.,* Circuit Court for Geneva County, Alabama, Case No. CV-2008-900009

H. The term "including" means "including but not limited to."

I. These requests for the production of documents and things require Debtors to produce all responsive documents and things in their possession, custody, or control, without regard to the physical location of such documents and things. Debtors have the duty to search for responsive documents and things in all media and sources in their possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. Debtors have the duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

J. In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this action, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

K. Each page of all documents and all things produced in response to this subpoena shall be marked by a unique Bates number to allow for accurate identification.

L. In accordance with Local Bankruptcy Rule 7034-1, in connection with any objection or request for relief with respect to the document requests herein, Debtors shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following

12

each specification, set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

      M.      In accordance with Local Bankruptcy Rule 7034-1, if a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, Debtors' written objection to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and Debtors shall provide, at the time of the response to this subpoena, a list setting forth as to each document or portion of document withheld, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not apparent, the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

      N.      If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (vii) the reason that the document was destroyed, deleted or otherwise disposed of.

**Documents Requested**

**Request No. 1**: Copies of all policies of insurance or indemnity issued to the policyholder, GM or Debtors related to the Alabama State Case.

**Request No. 2**: Documents and things constituting or otherwise sufficient to show, payments or transfers of any kind by Debtors to any Insurance Provider related to the Alabama State Case.

**Request No. 3**: Copies of underwriting files relating to the policies issued to the policyholder associated with the Alabama State Case.

**Request No. 4**: All documents and things constituting or concerning communications, or meetings, to or from, or by and between, GM and any Insurance Provider applicable or related to the Alabama State Case.

**Request No. 5**: All documents related to the identification of coverage defenses principally relied upon by any Insurance Provider.

**Request No. 6:** All documents related to GM's calculation of the amount needed to be set aside in order to self-insure the Alabama State Case, including but not limited to, actuarial information, risk analysis, and general insurance information.

**Request No. 7:** Identify all policies of insurance, and the limits of coverage for each, that could apply to the claims made against the Debtors named in the Alabama State Case. Include self-insured, private, and umbrella policies. For each policy, state the policy number, the dates of coverage, and the company issuing the policy. Provide a complete copy of the declarations and policy for each.

**Request No. 8**: All documents related to Debtors' filing of any claim or notice under any policy of insurance regarding the claims made by Hinrichs in the Alabama State Case.

14

**Request No. 9**: For any self-insured program relevant to the Alabama State Case, identify the State(s) and/or Insurance Commission under which self-insured status was obtained, provide documentation establishing the Debtors' self-insured status, provide documentation establishing the amount of self-insurance coverage, and provide the dates of self-insured status. Provide all documentation establishing the Debtors' compliance with the terms of the self-insured program. Identify the financial institution, with applicable account numbers, that maintained the Debtors' funds for the self-insured program(s); and provide a balance statement for those accounts from 2007 through the present.

**Request No. 10**: All documents related to the sale of the insurance policies and the rights of the proceeds thereof, as indicated in "Section 2.2 Purchased and Excluded Assets" of the GM Sale Order.

**Request No. 11**: All documents and things constituting or concerning communications, or meetings, to or from, or by and between, GM and any Insurance Provider related to the GM Sale Order.

Dated: New York, New York
November 13, 2009

          KLESTADT & WINTERS, LLP

          By: _/s/ Samir P. Gebrael_____
              Tracy L. Klestadt
              Samir P. Gebrael
              292 Madison Avenue, 17th Floor
              New York, New York 10017
              Telephone: (212) 972-3000

              - And -

          BEASLEY ALLEN
          Rick Morrison

218 Commerce Street  
Post Office Box 4160  
Montgomery, AL 36104  
(800) 898-2034  

*Co-Counsel for Florian Hinrichs*