**HEARING DATE AND TIME: December 1, 2009, 2009 at 9:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: November 24, 2009 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*             :
                                                             :
                        **Debtors.**                         :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**REMEDIATION AND LIABILITY**                                :        **09- 50029 (REG)**
**MANAGEMENT COMPANY, INC.,**                                :
                                                             :
                        **Debtor.**                          :
                                                             :
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**ENVIRONMENTAL CORPORATE**                                  :        **09-50030 (REG)**
**REMEDIATION COMPANY, INC.,**                               :
                                                             :
                        **Debtor.**                          :
                                                             :
-------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF REALM/ENCORE DEBTORS
FOR ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3003(c)(3), ESTABLISHING THE DEADLINE FOR
FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF
THE BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO
<u>AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

PLEASE TAKE NOTICE that upon the annexed Motion, dated November 16,

2009 (the "**Motion**"), of Remediation and Liability Management Company, Inc. ("**REALM**")

and Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with

REALM, the "**REALM/ENCORE Debtors**"), for an order, pursuant to sections 502(b)(9) of

title 11, United States Code (the "**Bankruptcy Code**") and Rule 3003(c)(3) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing **February 1, 2010** at **5:00**

**p.m. (Eastern Time)** as the deadline for all persons or entities, other than Governmental Units

(as such term is defined in section 101(27) of the Bankruptcy Code) to file proofs of claim

(including claims under section 503(b)(9) of the Bankruptcy Code) and **April 16, 2010** at

**5:00 p.m. (Eastern Time)** as the deadline for all Governmental Units to file proofs of claim,

establishing procedures relating thereto, and approving the form and manner of notice thereof, all

as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**December 1, 2009 at 9:30 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **November 24**, **2009, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
       November 16, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
       f/k/a General Motors Corp., et al.  :
                                      :
                   Debtors.           :    (Jointly Administered)
                                      :
------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
REMEDIATION AND LIABILITY             :    09- 50029 (REG)
MANAGEMENT COMPANY, INC.,             :
                                      :
                   Debtor.            :
                                      :
------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
ENVIRONMENTAL CORPORATE               :    09-50030 (REG)
REMEDIATION COMPANY, INC.,            :
                                      :
                   Debtor.            :
                                      :
------------------------------------------------------------x
```

**REALM/ENCORE DEBTORS' MOTION FOR ORDER PURSUANT TO
SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING
PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE) AND PROCEDURES RELATING THERETO
<u>AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

Relief Requested ........................................................................................................ 1

Background ................................................................................................................. 2

The REALM/ENCORE Bar Dates ............................................................................. 3

The Proposed Procedures for Filing Proofs of Claim ................................................ 4

Consequences of Failure to File a Proof of Claim ..................................................... 6

Notice of the REALM/ENCORE Bar Dates ............................................................... 7

The Proof of Claim Form ........................................................................................... 9

The REALM/ENCORE Bar Date Notices .................................................................. 9

The Proposed REALM/ENCORE  Bar Date and Notice Procedures Are  Reasonably
    Calculated to Provide Due and Proper Notice ...................................................... 10

Objections to Claims and Reservation of Rights ....................................................... 11

Notice ........................................................................................................................ 11

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

11 U.S.C. § 101(2) ............................................................................................6

11 U.S.C. § 101(5) ..........................................................................................1, 2

11 U.S.C. § 101(27) .........................................................................................1

11 U.S.C. § 501 ...............................................................................................3

11 U.S.C. § 502(b)(9) .....................................................................................1, 3

11 U.S.C. § 503(b) ..........................................................................................6

11 U.S.C. § 503(b)(9) ...............................................................................1, 2, 6, 9

11 U.S.C. § 507(a)(2) ......................................................................................6

### FEDERAL RULES

Fed. R. Bankr. P. 2002(a)(7) .........................................................................7, 10

Fed. R. Bankr. P. 2002(f) ...............................................................................7

Fed. R. Bankr. P. 2002(*l*) .............................................................................7, 8

Fed. R. Bankr. P. 2002(p)(2) ..........................................................................10

Fed. R. Bankr. P. 3003(c)(2) ..........................................................................3, 6

Fed. R. Bankr. P. 3003(c)(3) ..........................................................................1, 3

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Remediation and Liability Management Company, Inc. ("**REALM**") and

Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM,

the "**REALM/ENCORE Debtors**"), respectfully represent:

**Relief Requested**

1.      By this Motion, the REALM/ENCORE Debtors request that, pursuant to

section 502(b)(9) of the title 11 of the United States Code (the "**Bankruptcy Code**") and Rule

3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court:

    (a)    establish **February 1, 2010** at **5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) other than Governmental Units (as defined below) to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims, and including claims under section 503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") against either of the REALM/ENCORE Debtors (the "**REALM/ENCORE General Bar Date**");

    (b)    establish **April 16, 2010** at **5:00 p.m. (Eastern Time)** as the deadline for governmental units (as defined in section 101 (27) of the Bankruptcy Code) ("**Governmental Units**") to file a Proof of Claim in respect of a prepetition claim against either of the REALM/ENCORE Debtors (the "**REALM/ENCORE Governmental Bar Date**", together with the REALM/ENCORE General Bar Date, the "**REALM/ENCORE Bar Dates**");

    (c)    approve the proposed model Proof of Claim form (the "**Proof of Claim Form**");

    (d)    approve the proposed procedures for filing Proofs of Claim; and

    (e)    approve the proposed procedures for notice of the REALM/ENCORE Bar Dates, including, among other things, the forms of notice substantially in the forms annexed hereto as Annex I and Annex II (the "**REALM/ENCORE Bar Date Notices**").

A proposed order (the "**Proposed Order**") granting the relief sought herein is annexed hereto as Exhibit A and the proposed Proof of Claim Form is annexed hereto as Annex III.

## Background

2.      Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and three of its affiliated debtors (the "**First Filed Debtors**" and together with the REALM/ENCORE Debtors, the "**Debtors**") each commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2009.  On July 10, 2009, the First Filed Debtors consummated the sale of substantially all of their assets to a company now known as General Motors LLC.  The First Filed Debtors are currently conducting an orderly liquidation and wind-down of their remaining assets and operations, including the assets and obligations of MLC's numerous subsidiaries.  On September 16, 2009, the Court entered an order (the "**Initial Bar Date Order**") [Docket No. 4079] establishing November 30, 2009 at 5:00 p.m. (Eastern time) as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims, including 503(b)(9) Claims against any of the First Filed Debtors (the "**Initial Bar Date**").

3.      On October 9, 2009 (the "**REALM/ENCORE Commencement Date**"), the REALM/ENCORE Debtors, both direct subsidiaries of MLC, each commenced a voluntary case under chapter 11 of the Bankruptcy Code.  Their case are being jointly administered with the First Filed Debtors' chapter 11 cases.

4.      On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities (the "**Schedules**").

## The REALM/ENCORE Bar Dates

5.        Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time

within which claimants must file a Proof of Claim in a chapter 11 case pursuant to section 501 of

the Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who

asserts a claim against a debtor that (a) is not scheduled in the Schedules or (b) is listed on the

Schedules as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed

by the Court.

6.        Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a

governmental unit shall be timely filed if it is filed before 180 days after the date of the order for

relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11

U.S.C. § 502(b)(9).

7.        The Amended Procedural Guidelines for Filing Requests for Bar Orders in

the United States Bankruptcy Court for the Southern District of New York, dated March 27,

2008, established by the Board of Judges for the Southern District of New York (General Order

M-350, Amended General Order M-279) (the "**Procedural Guidelines**") require that all requests

for bar orders conform substantially to the standard order and notice provided for in the

Procedural Guidelines.

8.        The REALM/ENCORE Debtors believe that although a limited number of

entities are creditors against their estates, promptly establishing the REALM/ENCORE Bar

Dates will enable the joint administration of the REALM/ENCORE Debtors' chapter 11 cases

and the First Filed Debtors' chapter 11 cases in a timely and efficient manner.  Based on the

procedures set forth below, the proposed REALM/ENCORE Bar Dates will give creditors ample

opportunity to prepare and file Proofs of Claim.

## The Proposed Procedures for Filing Proofs of Claim

9.      The REALM/ENCORE Debtors propose the following procedures for

filing Proofs of Claim:

(a)     Unless otherwise provided herein, the REALM/ENCORE General Bar
Date shall be **February 1, 2010** at **5:00 p.m. (Eastern Time)**.

(b)     Unless otherwise provided herein, the REALM/ENCORE Governmental
Bar Date shall be **April 16, 2010** at **5:00 p.m. (Eastern Time)**.

(c)     Proofs of Claims must:  (i) be written in the English language; (ii) be
denominated in lawful currency of the United States as of the
REALM/ENCORE Commencement Date; (iii) conform substantially to
the Proof of Claim Form or the Official Bankruptcy Form No. 10
("**Official Form 10**")[1]; (iv) specify the REALM/ENCORE Debtor against
which the Proof of Claim is filed; (v) set forth with specificity the legal
and factual basis for the alleged claim; (vi) include supporting
documentation or an explanation as to why such documentation is not
available; and (vii) be signed by the claimant or, if the claimant is not an
individual, by an authorized agent of the claimant.

(d)     If a claimant asserts a claim against more than one REALM/ENCORE
Debtor, the claimant must file a separate Proof of Claim against each
REALM/ENCORE Debtor.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim
are **actually received** by the REALM/ENCORE Debtors' court approved
claims agent, The Garden City Group, Inc. ("**GCG**"), or by the Court, on
or before the applicable REALM/ENCORE Bar Date at –

If by hand delivery or overnight courier:
> The Garden City Group, Inc.
> Attn: Motors Liquidation Company Claims Processing
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017

If by first-class mail:
> The Garden City Group, Inc.
> Attn: Motors Liquidation Company
> P.O. Box 9386
> Dublin, Ohio 43017-4286

OR

---

[1]  Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United
States Bankruptcy Courts.

If by hand delivery:

     United States Bankruptcy Court, SDNY
     One Bowling Green
     Room 534
     New York, New York 10004

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable REALM/ENCORE Bar Date and (ii) the date that is **thirty days** following the entry of the order approving such rejection, or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the REALM/ENCORE Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable REALM/ENCORE Bar Date unless an exception identified in paragraph (j) below applies.

(i)     In the event that the REALM/ENCORE Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the REALM/ENCORE Debtors shall notify the claimant of the amendment.  The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (a) the applicable REALM/ENCORE Bar Date and (b) the date that is **thirty days** after the REALM/ENCORE Debtors provide notice of the amendment.

(j)     The following persons or entities are **not** required to file a Proof of Claim on or before the applicable REALM/ENCORE Bar Date, with respect to the claims described below:

1.     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific REALM/ENCORE Debtor against which the claim is listed on the Schedules;

2.      any person or entity whose claim has been paid in full;

3.      any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a 503(b)(9) Claim);

4.      any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable REALM/ENCORE Bar Date;

5.      any holder of a claim for which a separate deadline is fixed by this Court;

6.      any Debtor in these cases having a claim against another Debtor;

7.      any entity that, as of the REALM/ENCORE Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor; or

8.      any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG against the REALM/ENCORE Debtors, utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10.

(k)      Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

## Consequences of Failure to File a Proof of Claim

10.      Bankruptcy Rule 3003(c)(2) provides that any creditor that is required to file a Proof of Claim before the applicable REALM/ENCORE Bar Date but fails to do so "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Pursuant to Bankruptcy Rule 3003(c)(2), the REALM/ENCORE Debtors request that any holder of a claim (including a holder of a 503(b)(9) Claim) against the REALM/ENCORE Debtors that is required to file a Proof of Claim for such claim in accordance with the REALM/ENCORE Bar Date Order, but fails to do so on or before the applicable REALM/ENCORE Bar Date shall be forever barred, estopped and enjoined from asserting such claim against each of the REALM/ENCORE Debtors and their respective estates (or filing a

Proof of Claim with respect thereto), and each of the REALM/ENCORE Debtors and their

respective chapter 11 estates, successors, and property shall be forever discharged from any and

all indebtedness or liability with respect to such claim.  Moreover, the holder of such claim shall

not be permitted to vote to accept or reject any chapter 11 plan filed in these cases, participate in

any distribution in these chapter 11 cases on account of such claim, or receive further notices

with respect to the REALM/ENCORE Debtors' chapter 11 cases.

### Notice of the REALM/ENCORE Bar Dates

11.    Pursuant to Bankruptcy Rules 2002(a)(7), (f), (*l*), and the Procedural

Guidelines, the REALM/ENCORE Debtors propose to provide notice of the REALM/ENCORE

Bar Dates in accordance with the following procedures:

> (a)    Within **ten days** of entry of an order granting the relief requested herein, the REALM/ENCORE Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a REALM/ENCORE Bar Date Notice substantially in the form annexed hereto as Annex I (the "**General Notice**") to the following parties:
>
>> 1.    the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");
>>
>> 2.    the attorneys for the statutory committee of unsecured creditors;
>>
>> 3.    all known holders of claims listed on the Schedules at the addresses stated therein;
>>
>> 4.    all parties known to the REALM/ENCORE Debtors as having potential claims against any of the REALM/ENCORE Debtors' estates;
>>
>> 5.    all counterparties to any of the REALM/ENCORE Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;
>>
>> 6.    the attorneys of record for all parties to pending litigation against any of the REALM/ENCORE Debtors (as of the date of the entry of the REALM/ENCORE Bar Date Order);

7.      the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

8.      all parties who have requested notice in any of the Debtors' cases pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)      The REALM/ENCORE Debtors shall also post the Proof of Claim Form and Bar Date Notices on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com.

12.      In addition to the foregoing, the REALM/ENCORE Debtors propose to mail by first class mail a copy of the REALM/ENCORE Bar Date Notice, substantially in the form annexed hereto as Annex II (the "**Local Notice**"), and a Proof of Claim Form, to all known residents within an approximate 0.5 mile radius of each of the properties owned by either of the REALM/ENCORE Debtors and listed on Exhibit B annexed hereto (the "**REALM/ENCORE Properties**").

13.      The Debtors also believe that it is appropriate to supplement notice of the REALM/ENCORE Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice") and the Procedural Guidelines. Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the REALM/ENCORE Debtors; (ii) known creditors with addresses unknown by the REALM/ENCORE Debtors; and (iii) creditors with potential claims unknown by the REALM/ENCORE Debtors.  Accordingly, the Debtors propose to publish (a) the General Notice, with any necessary modifications for ease of publication, once in each of USA Today (National Edition) and The New York Times (National Edition), at least **thirty days** prior to the REALM/ENCORE General Bar Date; and (b) the Local Notice, with the legend on the top of the first page omitted and with any necessary modifications for ease of

publication, once in each of the newspapers set forth on Exhibit C annexed hereto (which

newspapers are local newspapers in the geographic vicinity of the REALM/ENCORE

Properties), at least **thirty days** prior to the REALM/ENCORE General Bar Date.

### The Proof of Claim Form

14.    With the assistance of GCG, the REALM/ENCORE Debtors have

prepared the Proof of Claim Form.  The Proof of Claim Form substantially conforms to Official

Form 10, but is tailored to these chapter 11 cases.  The substantive modifications to the Official

Form 10 proposed by the REALM/ENCORE Debtors include the following:

    (a)    adding a field to determine whether a 503(b)(9) Claim is being asserted;

    (b)    indicating how the REALM/ENCORE Debtors have identified each creditor's respective claim on the Schedules, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed; and

    (c)    adding certain instructions.

15.    When sent to a creditor, the Proof of Claim Form will be further

customized (to the extent possible) to contain certain information about the creditor and the

REALM/ENCORE Debtor against which it may have a claim.

### The REALM/ENCORE Bar Date Notices

16.    The proposed REALM/ENCORE Bar Date Notices substantially conform

to the form annexed to the Procedural Guidelines.  The REALM/ENCORE Bar Date Notices

notify parties of:

    (a)    the REALM/ENCORE Bar Dates;

    (b)    who must file a Proof of Claim;

    (c)    the procedure for filing a Proof of Claim;

    (d)    the consequences for failing to timely file a Proof of Claim; and

    (e)    where parties can find further information.

**The Proposed REALM/ENCORE**
**Bar Date and Notice Procedures Are**
**Reasonably Calculated to Provide Due and Proper Notice**

17.     Bankruptcy Rule 2002(a)(7) requires the REALM/ENCORE Debtors to

provide at least twenty days' notice of the deadline to file proofs of claim.  Bankruptcy Rule

2002(p)(2) requires thirty days' notice to creditors with a foreign address.[2]  The Procedural

Guidelines require at least thirty-five days' notice, for all creditors.

18.     Under the Proposed Order, the REALM/ENCORE Debtors will be

providing approximately 60 days' notice to all known creditors.  Accordingly, the

REALM/ENCORE Debtors submit that the proposed Bar Dates and notice procedures provide

sufficient time for all parties in interest to assert their claims.  Further, because the proposed

procedure will provide notice to all known parties in interest by mail and notice to any unknown

parties in interest by publication, the REALM/ENCORE Debtors submit that the proposed notice

procedures are reasonably calculated to provide notice to all parties that may wish to assert a

claim in these chapter 11 cases.

19.     GCG will also post the Proof of Claim Form, along with instructions for

filing Proofs of Claim, on the website established in these chapter 11 cases,

(www.motorsliquidationdocket.com).  The REALM/ENCORE General Notice will also provide

that the REALM/ENCORE Debtors' Schedules may be accessed through the same website or by

contacting GCG at (703) 386-6401.

20.     Accordingly, the REALM/ENCORE Debtors submit that no further or

other notice of the REALM/ENCORE Bar Dates is necessary and that the proposed notice

procedures provide due and proper notice of the REALM/ENCORE Bar Dates.

---

[2]   The REALM/ENCORE Debtors do not believe they have any foreign creditors.

**Objections to Claims and Reservation of Rights**

21.     The REALM/ENCORE Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds.  The REALM/ENCORE Debtors also reserve all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.  To the extent the REALM/ENCORE Debtors dispute any claim listed on their Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the REALM/ENCORE Debtors shall amend their Schedules as appropriate.

22.     Further, the REALM/ENCORE Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the REALM/ENCORE Bar Dates must file Proofs of Claim against the REALM/ENCORE Debtors or be forever barred from doing so.

23.     Based on the foregoing, the REALM/ENCORE Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

24.     Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629] and to all creditors listed in the voluntary petitions for relief under chapter 11 of the Bankruptcy Code filed by the REALM/ENCORE Debtors on October 9, 2009.  The REALM/ENCORE Debtors submit that such notice is sufficient and no other or further notice need be provided.

11

25.     No previous request for the relief sought herein has been made by the

REALM/ENCORE Debtors to this or any other Court.

WHEREFORE, the REALM/ENCORE Debtors respectfully request that the

Court enter the Proposed Order and grant to the Debtors such other and further relief as is just

and appropriate.

Dated: November 16, 2009
         New York, New York

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                  :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|     **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **REMEDIATION AND LIABILITY** | : | **09- 50029 (REG)** |
| **MANAGEMENT COMPANY, INC.,** | : | |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **ENVIRONMENTAL CORPORATE** | : | **09-50030 (REG)** |
| **REMEDIATION COMPANY, INC.,** | : | |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)**
**ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM**
**(INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9))**
**AND PROCEDURES RELATING THERETO AND**
**APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the Motion, dated November 16, 2009 (the "**Motion**"),[1] of Remediation and

Liability Management Company, Inc. ("**REALM**") and Environmental Corporate Remediation

Company, Inc. ("**ENCORE**" and together with REALM, the "**REALM/ENCORE Debtors**"),

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

for entry of an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule

3003(c)(3) (a) establishing (i) **February 1, 2010** at **5:00 p.m. (Eastern Time)** (the

"**REALM/ENCORE General Bar Date**") as the deadline for each person or entity (including

without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other

than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof

of claim (a "**Proof of Claim**") against either REALM or ENCORE to assert any claim (as

defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the

REALM/ENCORE Commencement Date, including any unsecured claim, secured claim, priority

claim, or claim under section 503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") and

(ii) **April 16, 2010,** at **5:00 p.m. (Eastern Time)** (the "**REALM/ENCORE Governmental Bar**

**Date**" and together with the REALM/ENCORE General Bar Date, the "**REALM/ENCORE Bar**

**Dates**") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim,

and (b) approving the (i) proposed model Proof of Claim form (the "**Proof of Claim Form**"), (ii)

proposed procedures for filing Proofs of Claim, and (iii) proposed procedures for and the forms

of notice of the REALM/ENCORE Bar Dates (the "**Notice Procedures**"), all as more fully

described in the Motion; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the REALM/ENCORE

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted as provided herein; and it is further

   ORDERED that the following procedures for filing Proofs of Claim are approved:

(a)     Unless otherwise provided herein, the REALM/ENCORE General Bar Date shall be **February 1, 2010** at **5:00 p.m. (Eastern Time)**.

(b)     Unless otherwise provided herein, the REALM/ENCORE Governmental Bar Date shall be **April 16, 2010** at **5:00 p.m. (Eastern Time)**.

(c)     Proofs of Claims must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of October 9, 2009 (the "**REALM/ENCORE Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the REALM/ENCORE Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)     If a claimant asserts a Claim against more than one REALM/ENCORE Debtor, the claimant **must** file a separate Proof of Claim against each REALM/ENCORE Debtor.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by the Debtors' court approved claims agent, the Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the applicable Bar Date at –

> If by hand delivery or overnight courier:
> > The Garden City Group, Inc.
> > Attn: Motors Liquidation Company Claims Processing
> > 5151 Blazer Parkway, Suite A
> > Dublin, Ohio 43017

> If by first-class mail:
> > The Garden City Group, Inc.
> > Attn: Motors Liquidation Company
> > P.O. Box 9386
> > Dublin, Ohio 43017-4286

> OR

---

[2]  Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

        If by hand delivery:

              United States Bankruptcy Court, SDNY
              One Bowling Green
              Room 534
              New York, New York 10004

(f)      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)      Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable REALM/ENCORE Bar Date and (ii) the date that is **thirty days** following the entry of the order approving such rejection, or be forever barred from doing so.

(h)      Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the REALM/ENCORE Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages Claim) must file a Proof of Claim for such amounts on or before the applicable REALM/ENCORE Bar Date unless an exception identified in paragraph (j) below applies.

(i)      In the event the REALM/ENCORE Debtors amend their Schedules to (a) designate a Claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a Claim reflected therein, (c) change the classification of a Claim reflected therein, or (d) add a Claim that was not listed on the Schedules, the REALM/ENCORE Debtors shall notify the claimant of the amendment.  The deadline for any holder of a Claim so designated, changed, or added to file a Proof of Claim on account of any such Claim is the later of (a) the applicable REALM/ENCORE Bar Date and (b) the date that is **thirty days** after the REALM/ENCORE Debtors provide notice of the amendment.

(j)      The following persons or entities are **not** required to file a Proof of Claim on or before the applicable REALM/ENCORE Bar Date, with respect to the claims described below:

      1.      any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific REALM/ENCORE Debtor against which the Claim is listed on the Schedules;

                                     4

2.     any person or entity whose claim has been paid in full;

3.     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a 503(b)(9) Claim);

4.     any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable REALM/ENCORE Bar Date;

5.     any holder of a Claim for which a separate deadline is fixed by this Court;

6.     any Debtor in these cases having a Claim against another Debtor;

7.     any entity that, as of the REALM/ENCORE Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor; or

8.     any holder of a Claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG, against any of the REALM/ENCORE Debtors utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10.

(k)     Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules;

and it is further

ORDERED that any holder of a Claim against the REALM/ENCORE Debtors that is required but fails to file a Proof of Claim in accordance with this REALM/ENCORE Bar Date Order on or before the applicable REALM/ENCORE Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against each of the REALM/ENCORE Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the REALM/ENCORE Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in either of the REALM/ENCORE

Debtors' chapter 11 cases on account of such Claim, or receive further notices with respect to

any of the REALM/ENCORE Debtors' chapter 11 cases; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached as

Annex III to the Motion, and the proposed notices of the REALM/ENCORE Bar Dates,

substantially in the forms attached to the Motion as Annex I and Annex II (the

"**REALM/ENCORE Bar Date Notices**"), are hereby approved; and it is further

ORDERED that the REALM/ENCORE Debtors are authorized to customize the

Proof of Claim Form to contain certain information about the creditor to which it is sent and the

REALM/ENCORE Debtor against which the creditor might have a Claim; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)     Within **ten days** of entry of this Order, the REALM/ENCORE Debtors
        shall cause to be mailed (i) a Proof of Claim Form and (ii) a General
        Notice to the following parties:

    1.      the United States Trustee for the Southern District of New York;

    2.      the attorneys for the statutory committee of unsecured creditors;

    3.      all known holders of Claims listed on the Schedules at the
            addresses stated therein;

    4.      all parties known to the REALM/ENCORE Debtors as having
            potential Claims against either of the REALM/ENCORE Debtors'
            estates;

    5.      all counterparties to either of the REALM/ENCORE Debtors'
            executory contracts and unexpired leases listed on the Schedules at
            the addresses stated therein;

    6.      the attorneys of record to all parties to pending litigation against
            either of the REALM/ENCORE Debtors (as of the date of the
            entry of this Order);

    7.      the Internal Revenue Service, the Securities and Exchange
            Commission, the United States Attorney's Office for the Southern
            District of New York, and all applicable government entities; and

8.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)    The REALM/ENCORE Debtors shall post the Proof of Claim Form and REALM/ENCORE Bar Date Notices on the website established by GCG for the Debtors' cases: www.motorsliquidation.com;

and it is further

ORDERED that within **ten days** of the entry of this Order, the REALM/ENCORE Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a Local Notice to all known residents within an approximate 0.5 mile radius of each of the REALM/ENCORE Properties; and it is further

ORDERED that the REALM/ENCORE Debtors shall publish (i) the General Notice, with any necessary modifications for ease of publication, once in each of USA Today (National Edition) and The New York Times (National Edition), at least **thirty days** prior to the REALM/ENCORE General Bar Date, and (ii) the Local Notice, with the legend at the top of the first page omitted and any other any necessary modifications for ease of publication, once in each of the newspapers set forth on Exhibit C to the Motion at least **thirty days** prior to the REALM/ENCORE General Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the REALM/ENCORE Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that the REALM/ENCORE Debtors may, in their sole discretion, publish the General Notice or the Local Notice in other newspapers, trade journals, or similar publications; and it is further

ORDERED that the REALM/ENCORE Debtors and GCG are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the REALM/ENCORE Debtors in these chapter 11 cases; and it is further

ORDERED that nothing in this Order shall prejudice the right of the REALM/ENCORE Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the REALM/ENCORE Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the REALM/ENCORE Bar Dates established herein must file such Claims against the REALM/ENCORE Debtors or be forever barred from doing so; and it is further

ORDERED that notwithstanding anything contained herein to the contrary, in the event pursuant to this Order a holder of a Claim against REALM files such Claim against ENCORE or a holder of a Claim against ENCORE files such Claim against REALM, then any such Claim shall not be subject to disallowance solely on the basis that it was filed against the wrong Debtor; and it is further

ORDERED that notwithstanding anything contained herein to the contrary, in the event a holder of a Claim against either REALM or ENCORE files a timely Proof of Claim against any of the First Filed Debtors, any such Claim shall not be subject to disallowance solely on the basis that it was filed against the wrong entity; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
       _____, 2009

                       _____
                       UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

## **REALM/ENCORE Properties**

| Site Name | Address | City, State Zip |
|---|---|---|
| 6560 CASS AVENUE (NEW CENTER COMPLEX) | 6560 CASS AVENUE | DETROIT, MICHIGAN 48202 |
| BAY CITY- CROTTY STREET | 1001 WOODSIDE AVENUE | BAY CITY, MICHIGAN 48708 |
| DANVILLE CENTRAL FOUNDRY LANDFILL | I-74 @ G STREET | DANVILLE,  ILLINOIS 61832 |
| DELPHI I - COLDWATER ROAD (LANDFILL & WWTP CLOSURE) | WWTP AT 6220 HORTON STREET, LANDFILL AT 1245 EAST | FLINT, MICHIGAN 48505 |
| DELPHI SAGINAW PLANT 2 - LANDFILL | 79 WEST CENTER STREET | SAGINAW, MICHIGAN 48605 |
| ELYRIA LANDFILL (LORAINE) | 1400 LOWELL STREET | ELYRIA, OHIO  44035 |
| FORMER DELCO CHASSIS PLANT | 12950 ECKLES ROAD | LIVONIA, MICHIGAN 48150 |
| GMPT - TOLEDO REALM PARCEL | 1455 WEST ALEXIS ROAD | TOLEDO, OHIO 43612 |
| GREENPOINT LANDFILL | 77, 79 WEST CENTER STREET AND 3305, 3307 GABRIEL | SAGINAW, MICHIGAN 48602 |
| LEEDS ASSEMBLY LAND | LAND SOUTH OF 6817 STADIUM DRIVE | KANSAS CITY, MISSOURI 64129 |
| LEY CREEK SITE (SALINA) | FACTORY AVENUE AND/OR MALLOY ROAD EAST | SALINA, NEW YORK 13209 |
| LINDEN ROAD | 1200 SOUTH LINDEN ROAD | FLINT TOWNSHIP, MICHIGAN 48532 |
| PEREGRINE - COLDWATER ROAD (PLANT) | 1245 EAST COLDWATER ROAD (G-1245 EAST COLDWATER ROAD) | FLINT, MICHIGAN 48505 |
| SOUTH LAGOON (MORAINE COMPLEX) | 3801 DRYDEN | MORAINE, OHIO 45439 |
| SUMMERFIELD (LAND ALONG STANLY ROAD) | STANLEY ROAD | MT. MORRIS, MICHIGAN 48458 |
| TEXTILE ROAD LAND | BUNTON & TEXTILE ROADS | YPSILANTI, MICHIGAN 48197 |
| TONAWANDA LANDFILL | 2520 KENMORE AVENUE | TONAWANDA, NEW YORK 14207 |
| VACANT LAND SOUTH OF VAN BORN | 5000 ECORSE ROAD | BELLEVILLE, MICHIGAN 48111 |

## Exhibit C

## Local Newspapers

| Site Name | Newspaper Name | Newspaper Address | Newspaper City, State, Zip |
|---|---|---|---|
| 6560 CASS AVENUE (NEW CENTER COMPLEX) | DETROIT FREE PRESS | 600 WEST FORT STREET | DETROIT, MICHIGAN 48226 |
| BAY CITY- CROTTY STREET | BAY CITY TIMES | 311 5TH STREET | BAY CITY, MICHIGAN 48708 |
| DANVILLE CENTRAL FOUNDRY LANDFILL | COMMERCIAL NEWS | 17 WEST NORTH STREET | DANVILLE, ILLINOIS 61832 |
| DELPHI I - COLDWATER ROAD (LANDFILL & WWTP CLOSURE) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| DELPHI SAGINAW PLANT 2 - LANDFILL | SAGINAW NEWS | 203 SOUTH WASHINGTON AVENUE | SAGINAW, MICHIGAN 48607 |
| ELYRIA LANDFILL (LORAINE) | THE CHRONICLE-TELEGRAM | 225 EAST AVENUE | ELYRIA, OHIO 44035 |
| FORMER DELCO CHASSIS PLANT | OBSERVER & ECCENTRIC | 36251 SCHOOLCRAFT ROAD | LIVONIA, MICHIGAN 48150 |
| GMPT - TOLEDO REALM PARCEL | THE TOLEDO BLADE | 541 NORTH SUPERIOR STREET | TOLEDO, OHIO 43601 |
| GREENPOINT LANDFILL | SAGINAW NEWS | 203 SOUTH WASHINGTON AVENUE | SAGINAW, MICHIGAN 48607 |
| LEEDS ASSEMBLY LAND | KANSAS CITY BUSINESS JOURNAL | 1100 MAIN STREET | KANSAS CITY, KANSAS 64105 |
| LEY CREEK SITE (SALINA) | SYRACUSE NEW TIMES | 1415 WEST GENESEE STREET | SYRACUSE, NEW YORK 13204 |
| LINDEN ROAD | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| PEREGRINE - COLDWATER ROAD (PLANT) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| SOUTH LAGOON (MORAINE COMPLEX) | DAYTON DAILY NEWS | 45 SOUTH LUDLOW STREET | DAYTON, OHIO 45402 |
| SUMMERFIELD (LAND ALONG STANLEY ROAD) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| TEXTILE ROAD LAND | YPSILANTI COURIER | 133 WEST MICHIGAN AVENUE | YPSILANTI, MICHIGAN 48197 |
| TONAWANDA LANDFILL | TONAWANDA NEWS | 435 RIVER ROAD | NORTH TONAWANDA, NEW YORK 14120 |
| VACANT LAND SOUTH OF VAN BORN | THE NEWS-HERALD | 1 HERITAGE DRIVE # 100 | SOUTHGATE, MICHIGAN 48195 |

## Annex I

**General Notice of REALM/ENCORE Bar Dates**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.* :
                                          :
                **Debtors.**              :        **(Jointly Administered)**
                                          :
----------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**REMEDIATION AND LIABILITY**             :        **09- 50029 (REG)**
**MANAGEMENT COMPANY, INC.,**             :
                                          :
                **Debtor.**               :
                                          :
----------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**ENVIRONMENTAL CORPORATE**               :        **09-50030 (REG)**
**REMEDIATION COMPANY, INC.,**            :
                                          :
                **Debtor.**               :
                                          :
----------------------------------------------------------x

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**
**(INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE)**

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(b)(9)
OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Remediation and Liability Management Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50029 (REG) | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50030 (REG) | 41-1650789 | GM National Hawaii, Inc.  NCRS Hawaii, Inc. |

PLEASE TAKE NOTICE THAT, on December __, 2009, the United States Bankruptcy Court for the Southern
District of New York (the "**Court**") having jurisdiction over the chapter 11 cases of Remediation and Liability
Management Company, Inc. and Environmental Corporate Remediation Company, Inc., as debtors in possession (each
subsidiaries of **General Motors Corporation**) (collectively, the "**REALM/ENCORE Debtors**") entered an order (the
"**REALM/ENCORE Bar Date Order**") establishing (i) **February 1, 2010, at 5:00 p.m. (Eastern Time)** as the last date
and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures,
and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims including a claim under section
503(b)(9) of the Bankruptcy Code (as described more fully below (a "**503(b)(9) Claim**")), against any of the

REALM/ENCORE Debtors (the "**REALM/ENCORE General Bar Date**"); and (ii) **April 16, 2010, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the REALM/ENCORE Debtors (the "**REALM/ENCORE Governmental Bar Date**" and, together with the REALM/ENCORE General Bar Date, the "**REALM/ENCORE Bar Dates**").

The REALM/ENCORE Bar Date Order, the REALM/ENCORE Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the REALM/ENCORE Debtors (other than those set forth below as being specifically excluded) that arose prior to **October 9, 2009**, the date on which the REALM/ENCORE Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**The REALM/ENCORE Debtors were subsidiaries of General Motors Corporation.  The properties owned by the REALM/ENCORE Debtors may have been known to you as property of General Motors Corporation.**

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.  In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the REALM/ENCORE Debtors or to share in any of the REALM/ENCORE Debtors' estates if you have a claim that arose prior to **October 9, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the REALM/ENCORE Debtors that occurred before **October 9, 2009** may give rise to claims against the REALM/ENCORE Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **October 9, 2009**.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims.

2.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a)    Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific REALM/ENCORE Debtor against which the claim is listed on the Schedules;

(b)    Your claim has been paid in full;

(c)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the REALM/ENCORE General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the REALM/ENCORE General Bar Date**;

(d)    You hold a claim that has been allowed by an order of the Court entered on or before the applicable REALM/ENCORE Bar Date;

(e)    You hold a claim against any of the REALM/ENCORE Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(f)    You are a REALM/ENCORE Debtor in these cases having a claim against another Debtor;

(g)    You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any REALM/ENCORE Debtor as of the REALM/ENCORE Bar Date; or

(h)    You hold a claim for which you have already properly filed a Proof of Claim against any of the REALM/ENCORE Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE REALM/ENCORE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE REALM/ENCORE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable REALM/ENCORE Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so.  Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of October 9, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable REALM/ENCORE Bar Date unless an exception identified above applies.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable REALM/ENCORE Bar Date at the following address:

If by overnight courier or hand delivery to:                      If by first-class mail, to:

The Garden City Group, Inc.                                               The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing      Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A                                           P.O. Box 9386
Dublin, Ohio 43017                                                          Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable REALM/ENCORE Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.    WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the REALM/ENCORE Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE REALM/ENCORE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH REALM/ENCORE DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC REALM/ENCORE DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT REALM/ENCORE DEBTOR'S BANKRUPTCY CASE. THE NAMES OF THE REALM/ENCORE DEBTORS AND THEIR CASE NUMBERS ARE SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable REALM/ENCORE Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the REALM/ENCORE Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the REALM/ENCORE Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the REALM/ENCORE Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the REALM/ENCORE Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the REALM/ENCORE Debtors' chapter 11 cases.*

**7.      THE REALM/ENCORE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the REALM/ENCORE Debtors in the REALM/ENCORE Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the REALM/ENCORE Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the REALM/ENCORE Debtors' Schedules, and if you do not dispute that your claim is only against the specified REALM/ENCORE Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable REALM/ENCORE Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the REALM/ENCORE Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the REALM/ENCORE Debtors' Schedules may also be obtained by written request to the REALM/ENCORE Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-286-6401

In the event that the REALM/ENCORE Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the REALM/ENCORE Debtors will notify you of the amendment.  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable REALM/ENCORE Bar Date and (b) the date that is **thirty days** after the REALM/ENCORE Debtors provide notice of the amendment.

**A holder of a possible claim against the REALM/ENCORE Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**


DATED:  December __, 2009                        BY ORDER OF THE COURT
        New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## **Annex II**

**Local Notice of REALM/ENCORE Bar Date**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU RESIDE NEAR ONE OF THE PROPERTIES LISTED AT THE END OF THIS NOTICE WHICH WAS FORMERLY OWNED BY GENERAL MOTORS.**
>
> **THE DEBTORS ARE NOT AWARE OF ANY PARTICULAR HARM TO YOU OR YOUR PROPERTY AS A RESULT OF IT BEING LOCATED NEAR A GENERAL MOTORS PROPERTY OR ANY OTHER PARTICULAR REASON WHY YOU MAY HAVE A CLAIM.  HOWEVER, IF YOU BELIEVE YOU HAVE A CLAIM, YOU SHOULD FILE A CLAIM ON OR BEFORE FEBRUARY 1, 2010 IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN THIS NOTICE.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                     :

In re                         :       **Chapter 11 Case No.**
                                       :

**MOTORS LIQUIDATION COMPANY,** *et al.*,   :       **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   :

                                     :

              **Debtors.**       :       **(Jointly Administered)**
                                     :
------------------------------------------------------------x
                                     :

In re                         :       **Chapter 11 Case No.**
                                     :

**REMEDIATION AND LIABILITY**        :       **09- 50029 (REG)**
**MANAGEMENT COMPANY, INC.,**      :

                                     :

              **Debtor.**        :
------------------------------------------------------------x
                                     :

In re                         :       **Chapter 11 Case No.**
                                     :

**ENVIRONMENTAL CORPORATE**       :       **09-50030 (REG)**
**REMEDIATION COMPANY, INC.,**      :

                                     :

              **Debtor.**        :
------------------------------------------------------------x

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Remediation and Liability Management Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50029 (REG) | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50030 (REG) | 41-1650789 | GM National Hawaii, Inc.<br><br>NCRS Hawaii, Inc. |

PLEASE TAKE NOTICE THAT, on December __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") having jurisdiction over the chapter 11 cases of Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc., as debtors in possession (each subsidiaries of **General Motors Corporation**) (collectively, the "**REALM/ENCORE Debtors**") entered an order (the "**Bar Date Order**") establishing **February 1, 2010, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims against any of the REALM/ENCORE Debtors (the "**Bar Date**").

The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the REALM/ENCORE Debtors that arose prior to **October 9, 2009**, the date on which the REALM/ENCORE Debtors commenced their cases under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

**The REALM/ENCORE Debtors were subsidiaries of GENERAL MOTORS CORPORATION. The properties owned by the REALM/ENCORE Debtors may have been known to you as property of General Motors Corporation.**

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the REALM/ENCORE Debtors or to share in any of the REALM/ENCORE Debtors' estates if you have a claim that arose prior to **October 9, 2009**. Acts or omissions that occurred before **October 9, 2009** may give rise to claims against the REALM/ENCORE Debtors that must be filed by **February 1, 2010**, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **October 9, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## 2.    WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be **actually received** on or before **February 1, 2010** at the following address:

| | |
|---|---|
| If by overnight courier or hand delivery to: | If by first-class mail, to: |

The Garden City Group, Inc.                    The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing    Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A                    P.O. Box 9386
Dublin, Ohio 43017                              Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before **February 1, 2010**.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

## 3.    WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in dollars; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the REALM/ENCORE Debtor against which it is filed; (v) set forth the factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

## 4.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

*If you do not file a Proof of Claim on or before February 1, 2010 in the appropriate form in accordance with the procedures described in this Notice for any claim you wish to assert, you will be forever prohibited and forbidden from asserting the claim in the future, and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from and will not be liable or responsible for anything relating to the claim, and you will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, receive any distribution in any of the REALM/ENCORE Debtors' chapter 11 cases on account of your claim, or receive further notices with respect to any of the REALM/ENCORE Debtors' chapter 11 cases.*

**A holder of a possible claim should consult an attorney as to whether the holder should file a Proof of Claim.**

DATED:  December __, 2009                                   BY ORDER OF THE COURT
               New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## LIST OF PROPERTIES

| Site Name | Address | City, State Zip |
|---|---|---|
| 6560 CASS AVENUE (NEW CENTER COMPLEX) | 6560 CASS AVENUE | DETROIT, MICHIGAN 48202 |
| BAY CITY- CROTTY STREET | 1001 WOODSIDE AVENUE | BAY CITY, MICHIGAN 48708 |
| DANVILLE CENTRAL FOUNDRY LANDFILL | I-74 @ G STREET | DANVILLE,  ILLINOIS 61832 |
| DELPHI I - COLDWATER ROAD (LANDFILL & WWTP CLOSURE) | WWTP AT 6220 HORTON STREET, LANDFILL AT 1245 EAST | FLINT, MICHIGAN 48505 |
| DELPHI SAGINAW PLANT 2 - LANDFILL | 79 WEST CENTER STREET | SAGINAW, MICHIGAN 48605 |
| ELYRIA LANDFILL (LORAINE) | 1400 LOWELL STREET | ELYRIA, OHIO  44035 |
| FORMER DELCO CHASSIS PLANT | 12950 ECKLES ROAD | LIVONIA, MICHIGAN 48150 |
| GMPT - TOLEDO REALM PARCEL | 1455 WEST ALEXIS ROAD | TOLEDO, OHIO 43612 |
| GREENPOINT LANDFILL | 77, 79 WEST CENTER STREET AND 3305, 3307 GABRIEL | SAGINAW, MICHIGAN 48602 |
| LEEDS ASSEMBLY LAND | LAND SOUTH OF 6817 STADIUM DRIVE | KANSAS CITY, MISSOURI 64129 |
| LEY CREEK SITE (SALINA) | FACTORY AVENUE AND/OR MALLOY ROAD EAST | SALINA, NEW YORK 13209 |
| LINDEN ROAD | 1200 SOUTH LINDEN ROAD | FLINT TOWNSHIP, MICHIGAN 48532 |
| PEREGRINE - COLDWATER ROAD (PLANT) | 1245 EAST COLDWATER ROAD (G-1245 EAST COLDWATER ROAD) | FLINT, MICHIGAN 48505 |
| SOUTH LAGOON (MORAINE COMPLEX) | 3801 DRYDEN | MORAINE, OHIO 45439 |
| SUMMERFIELD (LAND ALONG STANLY ROAD) | STANLEY ROAD | MT. MORRIS, MICHIGAN 48458 |
| TEXTILE ROAD LAND | BUNTON & TEXTILE ROADS | YPSILANTI, MICHIGAN 48197 |
| TONAWANDA LANDFILL | 2520 KENMORE AVENUE | TONAWANDA, NEW YORK 14207 |
| VACANT LAND SOUTH OF VAN BORN | 5000 ECORSE ROAD | BELLEVILLE, MICHIGAN 48111 |

## **<u>Annex III</u>**

**Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor  (Check Only One):

Case No.

☐ Remediation and Liability Management Company, Inc.(subsidary of **General Motors Corporation**) 09-50029 (REG)
☐ Environmental Corporate Remediation Company, Inc. (subsidary of **General Motors Corporation**) 09-50030 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising **after** the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Telephone number:
Email Address:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1.  Amount of Claim as of Date Case Filed, October 9, 2009:**    $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐    Check this box if claim includes interest or other charges in addition to the principal amount of claim.  Attach itemized statement of interest or charges.

**2. Basis for Claim:**
(See instruction #2 on reverse side.)

**3.**  Last four digits of any number by which creditor identifies debtor: _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe:**

**Value of Property:** $_____    **Annual Interest Rate**____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**5.**    **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any  portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐  Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐  Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐  Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐  Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6.  Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary.  (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date:

**Signature:**  The person filing this claim must sign it.  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above.  Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. **IF BY HAND OR OVERNIGHT COURIER**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO: THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004.  **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

**THE GENERAL BAR DATE IS FEBRUARY 1, 2010 AND THE GOVERNMENTAL BAR DATE IS APRIL 16, 2010.**

**Court, Name of Debtor, and Case Number:**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on October 9, 2009. You should select the debtor against which you are asserting your claim.

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.**

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, environmental claim, damage to property, money loaned, services performed, personalinjury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services,limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before October 9, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

Remediation and Liability Management Company, Inc.
(subsidary of **General Motors Corporation**)
 09-50029 (REG)

Environmental Corporate Remediation Company, Inc.
(subsidary of **General Motors Corporation**)
09-50030 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's

## INFORMATION _____

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com.