# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                      :

In re                                        :          Chapter 11 Case No.

**MOTORS LIQUIDATION COMPANY,** *et al.*,   :          09-50026 (REG)
     f/k/a General Motors Corp., *et al.*

                           Debtors.         :          (Jointly Administered)

------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures for interim compensation and reimbursement of professionals, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe (the "**Tribe Objection**") and the State of New York on behalf of the New York State Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the Objections; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth on the record of the Hearing, the Motion is granted as provided herein; and it is further

ORDERED that the Objections are hereby overruled in their entirety; <u>provided, however</u>, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly Letter (as defined below); and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek interim compensation in accordance with the following procedure:

(a) Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b) Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c) The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e) Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f) Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g) At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2] The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)  If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)  If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)  All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)  The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)  Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)  The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q) The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r) On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements. The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements. The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; *provided*, *however*, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *August 7, 2009*

*s/ Robert E. Gerber*
United States Bankruptcy Judge