**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                 :

In re:                           :        Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY, et al.  :        09-50026 (REG)
     f/k/a General Motors Corp., et al.    :

                      Debtors.      :        (Jointly Administered)

-----------------------------------------------------------x

## FIRST INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 3, 2009 THROUGH SEPTEMBER 30, 2009

Name of Applicant:                  FTI Consulting, Inc.

Authorized to Provide
Professional Services to:            THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY, et al.

Date of Retention:                August 18, 2009 (effective June 3, 2009)

Period for which compensation
and reimbursement is sought:      June 3, 2009 to September 30, 2009

Amount requested in this fee app
    Compensation requested:       $4,435,036.25
    Expense reimbursement requested:  $74,500.84

Amount previously requested
    Compensation requested:       Not applicable
    Expense reimbursement requested:  Not applicable

This is an (a): __X__ Interim ____Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
                                                             :
In re:                                                       :        Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY, et al.                           :        09-50026 (REG)
        f/k/a General Motors Corp., et al.                   :
                                                             :
                                        Debtors.             :        (Jointly Administered)
                                                             :
                                                             :
-------------------------------------------------------------x

## FIRST INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 3, 2009 THROUGH SEPTEMBER 30, 2009

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official Committee of Unsecured Creditors (the "Committee") of Motors Liquidation Company, et al. ("MLC"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates, hereby submits its first application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of compensation for services rendered and for reimbursement of expenses incurred in these cases.

## INTRODUCTION

1.      By this application, FTI seeks a first interim allowance of compensation for professional services rendered as financial advisors to the Committee for the period June 3, 2009 through and including September 30, 2009 (the "First Interim Period") in the amount of

$4,435,036.25, representing 8,312.8 hours in professional services, and actual and necessary expenses of $74,500.84. In support of this application, the Applicant represents as follows:

2.      This application is submitted pursuant to the terms of the Order Pursuant to 11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated August 7, 2009 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $4,435,036.25 in fees and $74,500.84 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the First Interim Period. Included in the $4,435,036.25 fee amount is $887,007.25 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of June 3, 2009 through September 30, 2009.

## BACKGROUND

3.      On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 3, 2009, the Office of the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

5.      On June 3, 2009, the Committee selected Kramer Levin Naftalis & Frankel LLP as its Counsel ("Committee Counsel") and FTI Consulting as its Financial Advisor.

6.     By an Order dated August 18, 2009, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to June 3, 2009.

7.     On July 10, 2009, General Motors Company ("New GM"), formerly known as NGMCO, Inc. and successor-in-interest to Vehicle Acquisition Holdings LLC, completed the acquisition of substantially all of the assets of Motors Liquidation Company ("Old GM" or "MLC"), formerly known as General Motors Corporation, and its direct and indirect subsidiaries, Saturn LLC ("Saturn LLC"), Saturn Distribution Corporation ("Saturn Distribution") and Chevrolet-Saturn of Harlem, Inc. ("Harlem", and collectively with Old GM, Saturn LLC and Saturn Distribution, the "Sellers"). The sale was consummated pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, as amended (the "Purchase Agreement"), between the Sellers and New GM. The Purchase Agreement was entered into in connection with the Sellers' filing of voluntary petitions for relief under the Bankruptcy Code in this Court, and was completed pursuant to Section 363(b) of the Bankruptcy Code (the "363 Sale") and the Order of this Court dated July 5, 2009. Subsequent to the 363 Sale, the Debtors continue to manage the remaining assets in the Estate and are in the process of winding down the Estate.

8.     As stated in the FTI Retention Application and the Retention Order entered by the Court on August 18, 2009, FTI has agreed to seek compensation (a) on an hourly basis from the commencement of the FTI Committee Engagement on June 3, 3009 to the date of closing of the 363 Sale, which closed during the morning of July 10, 2009 and (b) on a fixed monthly fee basis for the period thereafter, plus reimbursement of actual and necessary expenses.

## SUMMARY OF SERVICES RENDERED

9.      The Debtors' chapter 11 cases have presented and continue to present

numerous complex issues that had to be addressed in order to preserve and maximize value for

unsecured creditors.  The Retention Order authorizes FTI to render essential financial advisory

services to the Official Committee of Unsecured Creditors, which included, but were not limited

to the following services during the First Interim Period:

### PCD 1 Current Operating Results & Events

FTI reviewed and analyzed information distributed by the Debtors, including SEC filings, First

Day Motions and the Henderson Affidavit.  In addition, FTI monitored the court docket for any

key filings as well as news articles for any activity that may impact potential recoveries to the

unsecured creditors.  FTI participated on calls with the Debtors and the Debtors' advisors to

discuss operating results and key motions filed.  FTI expended significant time developing and

presenting numerous reports to the Committee that (a) highlighted the major developments in

these cases, including a detailed analysis of the proposed sale transaction, (b) provided financial

analyses on matters impacting recoveries to unsecured creditors and (c) summarized complex

issues facing the Debtors.  These services were essential to ensure the Committee had a complete

understanding of these issues and to ensure that value was being maximized.

### PCD 4 Trade Vendor Issues

FTI reviewed and analyzed various motions and proposals relating to vendor issues including the

Critical Vendor motion, Foreign Supplier motion, and proposed assumptions and rejections of

certain executory contracts.  In addition, FTI reviewed the Debtors' proposals to pay certain

suppliers' pre-petition balances and the continuation of the existing UST Auto Supplier Support and Troubled Supplier Assistance Programs. FTI met with the Debtors on a regular basis to discuss the Debtors' proposed actions and related analyses. FTI reviewed these documents to assess the proposed payments to certain suppliers pursuant to the Critical Vendor motion and Foreign Vendor motion and potential claims arising from rejections of certain executory contracts and the overall impact on recoveries to unsecured creditors.

## PCD 5 Real Estate Issues

FTI reviewed and analyzed various motions and proposals relating to the assumption and rejection of certain real property leases. In addition, FTI expended a significant amount of time reviewing and analyzing the assumptions made by the Debtors' in the development of potential remediation costs and environmental claims estimated as part of the Debtors' wind down budget. FTI met with the Debtors' advisors on a regular basis to discuss (a) their work plan in addressing pending environmental issues, (b) their proposed approach to negotiate with regulatory authorities regarding environmental remediation, (c) their proposed approach to develop an insurance program to cover environmental expenses and (d) transition timeline to shut down certain manufacturing plants that are being leased to NewGM. FTI presented its findings to the Committee on same. These services were essential to ensure the Committee had a complete understanding of these issues and to ensure that asset values were being maximized and liabilities were being dealt with in a responsible manner.

**PCD 6 Asset Sales**

During this period, FTI met on a regular basis with the Debtors, their advisors, the Purchaser and other key parties in interest to discuss the 363 transaction as well as the sale of certain non-core assets and to develop a strategy to maximize value.  FTI reviewed the master purchase agreement and related materials and exhibits, the Evercore valuation report, and the transition services agreement to identify issues critical to unsecured creditors.  FTI also met with Committee Counsel to discuss same and assisted Committee Counsel in preparing a limited objection to the 363 sale.  FTI also reviewed the economics of the proposed sale of certain non-core assets including Hummer, Saturn, Strasbourg, Saab and AC Delco and presented its findings to the Committee.

**PCD 7 Analysis of Business Plan**

FTI reviewed the Debtors' preliminary business plans and viability plans in order to identify issues critical to unsecured creditors as future equity owners of the business.  FTI researched various industry reports and macro-economic factors impacting the Debtors' business plan.  Moreover, FTI analyzed the Debtors projections relating to volume and mix, cash flows and cost structure in order to assess and evaluate the Debtors' underlying assumptions made in developing their business plan.  FTI participated in meetings with the Debtors and their advisors on same.  In addition, FTI reviewed and assessed other related issues impacting the Debtors business plan including the Cash for Clunkers Program and the Debtors' dealership rationalization program.  FTI presented its findings to the Committee on same.

## PCD 8 Valuation and Related Matters

FTI reviewed various financial reports provided by the Debtors including their liquidation

analysis and Evercore's fairness opinion to evaluate and assess potential recoveries to unsecured

creditors. FTI developed independent analyses to assess the value of potential recoveries to

unsecured creditors under various valuation methodologies. During this period, FTI prepared

various analyses including a comparable analysis based on publicly traded comparable

companies, valuations on GM warrants, and comparisons between the GM bankruptcy and the

Chrysler bankruptcy relating to their hypothetical liquidation analyses, wind-down budgets, and

potential recoveries to unsecured creditors.

## PCD 9 Analysis of Employee Comp Programs

FTI worked with Committee Counsel, the Debtors and the Debtors' advisors to understand the

implications of the proposed treatment of VEBA, CBAs, benefits plans, OPEB and modifications

to existing programs to assess whether the proposed treatment would result in potential claims

against Old GM. In addition, FTI reviewed proposed settlements with various unions and also

prepared sensitivity analyses regarding the Debtors' pension assets and obligations.

## PCD 13 Analysis of Other Miscellaneous Motions

FTI reviewed various First Day motions, the Henderson Affidavit and other materials provided

by the Debtors in order to identify issues impacting unsecured creditors. Moreover, FTI

reviewed certain key motions filed in the Chrysler bankruptcy case and prepared a comparison to

those filed in the GM bankruptcy. FTI also prepared a fee analysis to assess whether the

proposed engagement terms of the Debtors' professionals were within market. FTI also

reviewed various omnibus rejection motions relating to certain executory contracts and leases to

ascertain potential claims that may arise as a result of these rejections. FTI presented its findings

and recommendations to the Committee on same.

## PCD 14 Analysis of Claims/Liab Subject to Compromise

FTI performed due diligence with respect to the allocation of claims between MLC and New

GM and the overall impact on recoveries to unsecured creditors. FTI met regularly with the

Debtors and their advisors to understand and assess the Debtors' latest claims estimates and to

develop a strategy to facilitate the claims review and reconciliation process. These meetings

were critical to ensure that claims are resolved in an efficient manner and to facilitate an

expeditious exit from bankruptcy.

## PCD 17 Wind Down Monitoring

FTI performed due diligence with respect to the Debtors' proposed wind-down budget, transition

services agreement with New GM and wind-down procedures. FTI met with the Debtors and

their advisors to understand and assess the underlying assumptions in the development of the

wind-down budget and presented its findings to the Committee on same.

## PCD 19 Case Management

FTI established project teams to facilitate engagement management. Time expended in this

category includes developing and coordinating work plans and meetings to update FTI team

members on current case issues. These hours were limited and valuable to the overall project

planning of this engagement and ensured services were provided in the most coordinated, cost efficient and effective manner.


## PCD 20 General Meetings with Debtors & Debtors' Professionals

FTI attended and participated in meetings and telephonic conferences with the Debtors and their advisors regarding various case issues including the 363 transaction and sale of certain non-core assets, cash flows, business plan, wind down budget, environmental issues, proposed executory contract and lease rejections, and proposed settlements with the Debtors' organized labor. FTI updated the Committee on issues raised at these meetings and the potential impact on recoveries to unsecured creditors.


## PCD 21 General Meetings with UCC & UCC Counsel

FTI attended and participated in meetings and telephonic conferences with the Committee and Committee Counsel to provide updates on various case issues relating to the 363 transaction and sale of certain non-core assets, cash flows, business plan, wind-down budget, environmental issues, proposed contract and lease rejections, and employee compensation programs. These meetings and calls are essential as they help ensure the Committee is fully apprised of all issues and potential impact on recoveries.


## PCD 24 Preparation of Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of

Professionals dated August 7, 2009. Time in this category includes preparing the Monthly Fee Statements for the fee periods of June 2009 through September 2009, as well as the time spent in beginning to prepare the First Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

10. All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

11. During the First Interim Period, FTI professionals expended an aggregate of 8,312.8 hours in rendering services on behalf of the Committee for a total fee of $4,435,036.25. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

12. FTI incurred out-of-pocket expenses of $74,500.84 in connection with the rendition of the professional services described above during this First Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

## **APPLICATION**

13.    This application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of First Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated August 18, 2009 authorizing the employment and retention of FTI Consulting, Inc. effective as of June 3, 2009 to provide professional services as Financial Advisors to the Official Committee of Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for each of the months covered in the First Interim Period;

D.    Exhibit D -- Summary of time by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category incurred during the First Interim Period;

G.    Exhibit G[1] -- Detail of time by task codes, including detailed time entry by professional with description of task performed for the time period June 3, 2009 through July 9, 2009;

H.    Exhibit H[1] -- Detail of expenses by category and professional incurred during the First Interim Period.

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the Office of the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; and (v) counsel for the Committee.

## CONCLUSION

14.     No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

15.     No prior application has been made to this or any other Court for the relief requested herein for the First Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.  approving the allowance of $4,435,036.25 for compensation for services rendered during the First Interim Period, and reimbursement of $74,500.84 for out of pocket expenses,

b.  directing the payment of such fees by the Debtors, and

c.  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
          November 16, 2009

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
## Certification

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                               :
In re:                                         :        Chapter 11 Case No.
                                               :
MOTORS LIQUIDATION COMPANY, et al.             :        09-50026 (REG)
      f/k/a General Motors Corp., et al.       :
                                               :
                            Debtors.           :        (Jointly Administered)
                                               :
------------------------------------------------------------ x
```

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FIRSTAPPLICATION OF FTI
CONSULTING, INC., FINANCIAL ADVISOR TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
JUNE 3, 2009 THROUGH AND INCLUDING SEPTEMBER 30, 2009**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Motors Liquidation Company and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's first application for allowance of compensation for services rendered and

for reimbursement of expenses, dated November 16, 2009 (the "Application"), for the period of

June 3, 2009 through and including September 30, 2009 (the "First Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the First Interim Period, in accordance with the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court; (b) the Office of the United States Trustee; (c) counsel for the Debtors; (d) the Debtors; and (e) counsel for the Committee.

3

Dated:          New York, New York
                November 16, 2009

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                          :
In re:                                    :          Chapter 11 Case No.:
                                          :
MOTORS LIQUIDATION COMPANY, et al.        :          09-50026 (REG)
    f/k/a General Motors Corp., et al.    :
                                          :
                                          :
                     Debtors.             :          (Jointly Administered)
------------------------------------------------------------ X

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 3, 2009

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession herein (the "**Debtors**"), for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the retention and employment of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "**FTI**") as financial advisor to the Committee *nunc pro tunc* to June 3, 2009, and upon the Declaration of Michael Eisenband (the "**Eisenband Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Eisenband Declaration, that such financial advisor represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which FTI is to be engaged, that FTI is a disinterested person as that term is defined under section 101(14) of the

Bankruptcy Code, and that FTI's employment is necessary and in the best interests of the

Debtors' estates and their creditors; and it appearing that proper and adequate notice has been

given and that no other or further notice is necessary; and after due deliberation thereon, and

good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed

to them in the Application; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is

hereby authorized to employ FTI as its financial advisor, in accordance with the terms set forth

in the Application, *nunc pro tunc* to June 3, 2009; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee shall be subject to the

standard of review provided in section 328(a) of the Bankruptcy Code except as noted below;

and it is further

ORDERED that notwithstanding the foregoing, the United States Trustee shall retain the

right to object to the Hourly Compensation, Monthly Fixed Fee and the Completion Fee based on

the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

ORDERED, that the Debtors and their estates shall be bound by the following

indemnification provision:

> FTI and its affiliates, and their respective past, present and future
> directors, officers, shareholders, employees, agents and controlling
> persons (the "**Indemnified Parties**"), shall be indemnified and held
> harmless by the Debtors to the fullest extent lawful, from and against any
> and all losses, claims, damages or liabilities (or actions in respect thereof),
> joint or several, arising out of or related to the Engagement, any actions
> taken or omitted to be taken by an indemnified party in connection with
> FTI's provision of services to the Committee, or any transaction or

proposed transaction contemplated thereby. In addition, the Indemnified Parties shall be reimbursed for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, that the Debtors shall have no liability under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any Indemnified Party,

and it is further

ORDERED that for the periods covered by the Monthly Fixed Fee, FTI shall only be required to, maintain time records for services rendered, in half hour increments.

Dated: _August 18, 2009_
        **New York, New York**

                                    _s/ Robert E. Gerber_
                                    **UNITED STATES BANKRUPTCY JUDGE**

EXHIBIT C
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
SUMMARY OF FEES & EXPENSES BY MONTH
*FOR THE PERIOD JUNE 3, 2009 TO SEPTEMBER 30, 2009*

| | June 3, 2009 - June 30, 2009 (Hourly Fees) | July 1, 2009 - July 9, 2009 (Hourly Fees) | July 10, 2009 - July 31, 2009 (Fixed Fees) | August 1, 2009 - August 31, 2009 (Fixed Fees) | September 1, 2009 - September 30, 2009 (Fixed Fees) | Total |
|---|---|---|---|---|---|---|
| **Fees** | | | | | | |
| Incurred | $2,046,840.50 | $365,847.00 | $550,000.00 | $750,000.00 | $750,000.00 | $4,462,687.50 |
| Travel Reduction (50%) | (22,596.25) | (5,055.00) | - | - | - | (27,651.25) |
| Billed | 2,024,244.25 | 360,792.00 | 550,000.00 | 750,000.00 | 750,000.00 | 4,435,036.25 |
| Paid | (1,619,395.40) | (288,633.60) | (440,000.00) | (600,000.00) | | (2,948,029.00) |
| Unpaid | 404,848.85 | 72,158.40 | 110,000.00 | 150,000.00 | 750,000.00 | 1,487,007.25 |
| | | | | | | |
| **Expenses** | | | | | | |
| Incurred & Billed | 39,744.04 | 8,235.39 | 670.79 | 12,964.09 | 12,886.53 | 74,500.84 |
| Paid | (39,744.04) | (8,235.39) | (670.79) | (12,964.09) | | (61,614.31) |
| Unpaid | - | - | - | - | 12,886.53 | 12,886.53 |
| | | | | | | |
| **Total Fees and Expenses** | | | | | | |
| Incurred | 2,086,584.54 | 374,082.39 | 550,670.79 | 762,964.09 | 762,886.53 | 4,537,188.34 |
| Travel Reduction | (22,596.25) | (5,055.00) | - | - | - | (27,651.25) |
| Billed | 2,063,988.29 | 369,027.39 | 550,670.79 | 762,964.09 | 762,886.53 | 4,509,537.09 |
| Paid | (1,659,139.44) | (296,868.99) | (440,670.79) | (612,964.09) | | (3,009,643.31) |
| Unpaid | $404,848.85 | $72,158.40 | $110,000.00 | $150,000.00 | $762,886.53 | $1,499,893.78 |

**EXHIBIT D**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROFESSIONAL**
*FOR THE PERIOD JUNE 3, 2009 TO SEPTEMBER 30, 2009*

| Professional | Position | June 3, 2009 - July 9, 2009 | July 10, 2009 - September 30, 2009 | Total Hours |
|---|---|---|---|---|
| Phillips, Anna | Senior Managing Director | 347.9 | 314.4 | 662.3 |
| Tully, Conor | Senior Managing Director | 230.9 | 252.5 | 483.4 |
| Eisenband, Michael | Senior Managing Director | 113.4 | 103.4 | 216.8 |
| Smalstig, David | Senior Managing Director | 151.1 | 21.2 | 172.3 |
| Woodward, David | Senior Managing Director | 57.0 | 104.5 | 161.5 |
| Gray, DeLain E | Senior Managing Director | 116.0 | 29.5 | 145.5 |
| Griesmer, Paul | Senior Managing Director | 48.8 | 56.3 | 105.1 |
| Donoghue, Patrick | Senior Managing Director | 91.2 | 1.5 | 92.7 |
| Selwood, Michael J | Senior Managing Director | 51.0 | 37.0 | 88.0 |
| Beckman, David J | Senior Managing Director | 7.0 | 66.6 | 73.6 |
| Shapss-Herringer, Wendy | Senior Managing Director | 27.6 | 11.3 | 38.9 |
| Joffe, Steven | Senior Managing Director | 29.5 | 7.5 | 37.0 |
| Koskiewicz, John A. | Senior Managing Director | 22.0 | - | 22.0 |
| Star, Samuel | Senior Managing Director | 11.9 | 7.7 | 19.6 |
| Hershman, Richard | Senior Managing Director | 11.6 | 2.3 | 13.9 |
| Granger, Simon | Senior Managing Director | 10.0 | 3.0 | 13.0 |
| Hewitt, Kevin | Senior Managing Director | 11.0 | 1.0 | 12.0 |
| Barovick, Barry | Senior Managing Director | 8.5 | - | 8.5 |
| Stern, Philip H. | Senior Managing Director | 3.5 | - | 3.5 |
| Watson, Gregory | Senior Managing Director | 1.0 | - | 1.0 |
| Santambrogio, Juan | Managing Director | 84.6 | 493.4 | 578.0 |
| Siwinski, Steven | Managing Director | 293.1 | 37.0 | 330.1 |
| Braun, Richard | Managing Director | 53.0 | 256.0 | 309.0 |
| Ellis, Melissa | Managing Director | 122.3 | 171.5 | 293.8 |
| Chin, Gregory | Managing Director | 187.1 | 1.6 | 188.7 |
| Hansen, Paul A | Managing Director | 8.7 | 107.9 | 116.6 |
| Eaton, Mark | Managing Director | 91.1 | 3.8 | 94.9 |
| Jernigan, Steve | Managing Director | 28.7 | - | 28.7 |
| Rosenberg, Jeffrey | Managing Director | 23.4 | - | 23.4 |
| Michael, Matthew | Managing Director | 6.8 | 13.4 | 20.2 |
| Cristiano, John | Managing Director | 18.6 | - | 18.6 |
| Hain, Danielle | Managing Director | 2.4 | 6.0 | 8.4 |
| Cordasco, Michael | Managing Director | - | 1.2 | 1.2 |
| Korn, Gary | Director | 23.0 | 276.0 | 299.0 |
| Booth, Roy | Director | 224.4 | 4.2 | 228.6 |
| Noorigian, Andrew | Director | 191.5 | - | 191.5 |
| Nores, Juan | Director | - | 74.0 | 74.0 |
| Coogan, Ronda | Director | - | 69.9 | 69.9 |
| Gonzalez, Robert | Director | 69.5 | - | 69.5 |
| Shah, Amit | Director | 51.5 | - | 51.5 |
| Manalo, Caroline | Director | 13.9 | 32.7 | 46.6 |
| Martz, Peter | Director | 6.4 | 38.6 | 45.0 |
| Eversmann, Thomas | Director | 21.3 | 1.9 | 23.2 |
| Fosbinder, Brandon | Director | - | 7.5 | 7.5 |
| Chalmers, Robert | Director | 4.2 | - | 4.2 |
| Rickelton, Lisa | Director | - | 3.5 | 3.5 |
| Hofstad, Ivo J | Director | 3.5 | - | 3.5 |
| Decaro, Peter Michael | Director | 1.9 | - | 1.9 |
| Fonda, Jeffrey | Director | - | 1.2 | 1.2 |
| Rizvi, Tabish | Manager | - | 73.3 | 73.3 |
| Lake, Brett | Manager | - | 67.2 | 67.2 |
| Dunec, Mark | Manager | - | 35.1 | 35.1 |
| Crowder, Mark | Senior Consultant | 27.5 | 321.5 | 349.0 |
| Kim, Jin Tae | Senior Consultant | 83.0 | 63.1 | 146.1 |
| Sharma, Manjunath | Senior Consultant | 143.2 | - | 143.2 |
| Couladis, George | Senior Consultant | 128.6 | - | 128.6 |
| Reeves, John | Senior Consultant | 117.8 | - | 117.8 |
| Brokmeier, Christopher | Senior Consultant | 65.6 | 50.1 | 115.7 |
| Miller, Amanda | Senior Consultant | 79.1 | - | 79.1 |
| Graybeal, Brian | Senior Consultant | 56.1 | 3.3 | 59.4 |
| Nickerson, Kelly | Senior Consultant | 37.0 | 16.6 | 53.6 |
| Terry, Adam | Senior Consultant | - | 45.6 | 45.6 |
| Aboona, Sana | Senior Consultant | - | 40.1 | 40.1 |
| Mischell, David | Senior Consultant | 16.7 | 20.2 | 36.9 |
| Bernsohn, Sean | Senior Consultant | 24.7 | 2.7 | 27.4 |

**EXHIBIT D**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROFESSIONAL**
*FOR THE PERIOD JUNE 3, 2009 TO SEPTEMBER 30, 2009*

| Professional | Position | June 3, 2009 - July 9, 2009 | July 10, 2009 - September 30, 2009 | Total Hours |
|---|---|---|---|---|
| Rudder, Vanessa | Senior Consultant | 5.0 | - | 5.0 |
| Farber, Arnold | Senior Consultant | 3.3 | 0.4 | 3.7 |
| Korsman, Lynn | Senior Consultant | - | 3.6 | 3.6 |
| Heller, Justin | Consultant | 117.1 | 119.2 | 236.3 |
| O'Brien, Shawn | Consultant | 52.6 | 74.6 | 127.2 |
| Walsh, Timothy | Consultant | 21.8 | 94.2 | 116.0 |
| Henderson, Austin | Consultant | 55.1 | 59.2 | 114.3 |
| Finley, Steven | Consultant | - | 108.5 | 108.5 |
| Bhatia, Kunal | Consultant | - | 34.4 | 34.4 |
| Lundsten, Kirsten | Consultant | - | 16.0 | 16.0 |
| Vinson, Kelsey | Consultant | - | 15.5 | 15.5 |
| Wicker, Raven | Consultant | - | 15.2 | 15.2 |
| Thompson, Kimberly | Consultant | - | 13.5 | 13.5 |
| Lloyd, Brian | Consultant | 9.0 | - | 9.0 |
| Denyer, Emma | Consultant | 8.0 | - | 8.0 |
| Hellmund-Mora, Marili | Associate | 109.8 | 338.7 | 448.5 |
| Sutter, Justin | Associate | - | 43.9 | 43.9 |
| Herold, Christopher | Associate | 3.0 | 0.5 | 3.5 |
| Finan, Ciara | Intern | 23.0 | 10.4 | 33.4 |
| Stern, Jeremy | Intern | 20.0 | - | 20.0 |
| Bagai, Mehak | Intern | 6.3 | 4.0 | 10.3 |
| Schwarz, David | Intern | 4.3 | - | 4.3 |
| Ballesteros, Justin | Intern | 2.0 | - | 2.0 |
| **Sub-Total** | | **4,101.4** | **4,311.6** | **8,413.0** |
| Less: 50% discount for non-working travel time | | (45.6) | (54.7) | (100.3) |
| **Total** | | **4,055.8** | **4,257.0** | **8,312.8** |

EXHIBIT E
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
SUMMARY OF HOURS BY PROJECT CODE
*FOR THE PERIOD JUNE 3, 2009 T0 SEPTEMBER 30, 2009*

| Project Code | Description | June 3, 2009 - June 30, 2009 | July 1, 2009 - July 9, 2009 | July 10, 2009 - July 31, 2009 | August 1, 2009 - August 31, 2009 | September 1, 2009 - September 30, 2009 | Total |
|---|---|---|---|---|---|---|---|
| 1 | Current Operating Results & Events | 166.3 | 9.1 | 90.7 | 127.2 | 114.6 | 507.9 |
| 2 | Cash & Liquidity Analysis | 59.2 | 27.8 | 0.5 | - | - | 87.5 |
| 3 | Financing Matters (DIP, Exit, Other) | 36.3 | 11.5 | - | 7.8 | - | 55.6 |
| 4 | Trade Vendor Issues | 51.6 | - | 75.1 | 107.2 | 29.8 | 263.7 |
| 5 | Real Estate Issues | 95.1 | 14.7 | 18.9 | 148.9 | 416.5 | 694.1 |
| 6 | Asset Sales | 460.8 | 77.8 | 40.6 | 113.6 | 28.7 | 721.5 |
| 7 | Analysis of Business Plan | 794.7 | 52.0 | 3.8 | 2.6 | 12.2 | 865.3 |
| 8 | Valuation and Related Matters | 259.2 | - | 213.0 | 279.0 | 263.0 | 1,014.2 |
| 9 | Analysis of Employee Comp Programs | 166.0 | 10.8 | 68.3 | 127.6 | 42.4 | 415.1 |
| 10 | Analysis of Tax Issues | 22.6 | 0.9 | 2.9 | 3.9 | 1.5 | 31.8 |
| 11 | Prepare for and Attend Court Hearings | 29.2 | 43.2 | 1.9 | 3.8 | - | 78.1 |
| 12 | Analysis of SOFAs & SOALs | - | - | - | - | 151.7 | 151.7 |
| 13 | Analysis of Other Miscellaneous Motions | 181.4 | 59.1 | 80.5 | 4.3 | 31.3 | 356.6 |
| 14 | Analysis of Claims/Liab Subject to Compromise | 205.8 | 15.5 | 77.7 | 94.3 | 54.0 | 447.3 |
| 15 | Analyze Interco Claims, RP Trans, SubCon | 10.1 | - | - | - | 40.1 | 50.2 |
| 16 | Analysis, Negotiate and Form of POR & DS | - | - | - | 3.5 | 35.6 | 39.1 |
| 17 | Wind Down Monitoring | 66.2 | 44.7 | 52.9 | 38.8 | 8.7 | 211.3 |
| 18 | Potential Avoidance Actions & Litigation | - | - | 21.0 | 6.3 | - | 27.3 |
| 19 | Case Management | 155.5 | 8.0 | 83.6 | 69.0 | 58.8 | 374.9 |
| 20 | General Mtgs with Debtor & Debtors' Prof | 182.6 | 44.8 | 41.2 | 85.9 | 35.8 | 390.3 |
| 21 | General Mtgs with UCC & UCC Counsel | 161.5 | 68.5 | 53.0 | 43.5 | 84.7 | 411.2 |
| 22 | Meetings with Other Parties | 25.7 | 2.8 | 10.0 | 4.6 | 1.0 | 44.1 |
| 23 | Firm Retention | 151.6 | 38.4 | 53.2 | 22.3 | 6.0 | 271.5 |
| 24 | Preparation of Fee Application | 9.0 | 8.9 | 91.4 | 249.1 | 106.5 | 464.9 |
| 25 | Travel Time | 75.0 | 16.2 | - | 58.2 | 51.1 | 200.5 |
| 30 | Dealers | 45.7 | - | 2.0 | - | - | 47.7 |
| 31 | Non US Asset/Business Review | 39.1 | 2.0 | 1.0 | 3.0 | - | 45.1 |
| 32 | Analysis of Insurance Coverage & Claims | 93.2 | 1.3 | 5.6 | 22.4 | 22.0 | 144.5 |
| Sub-Total | | 3,543.4 | 558.0 | 1,088.8 | 1,626.8 | 1,596.0 | 8,413.0 |
| Less: 50% discount for non-working travel time | | (37.5) | (8.1) | - | (29.1) | (25.6) | (100.3) |
| Total | | 3,505.9 | 549.9 | 1,088.8 | 1,597.7 | 1,570.5 | 8,312.8 |

**EXHIBIT F**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD JUNE 3, 2009 TO SEPTEMBER 30, 2009*

| Expense Category | June 3, 2009 - June 30, 2009 | July 1, 2009 - July 31, 2009 | August 1, 2009 - August 31, 2009 | September 1, 2009 - September 30, 2009 | Total |
|---|---|---|---|---|---|
| Airfare | $15,969.26 | $515.81 | $6,092.22 | $6,851.74 | $29,429.03 |
| Lodging | 10,976.34 | 4,221.29 | 1,960.49 | 4,044.76 | 21,202.88 |
| Meals | 2,928.96 | 1,191.87 | 522.86 | 192.22 | 4,835.91 |
| Transportation | 9,630.16 | 2,966.25 | 1,948.85 | 1,743.30 | 16,288.56 |
| Other | 239.32 | 10.96 | 2,439.67 | 54.51 | 2,744.46 |
| **Total Out-of-Pocket Expenses** | **$39,744.04** | **$8,906.18** | **$12,964.09** | **$12,886.53** | **$74,500.84** |