**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Thomas Moers Mayer
Adam C. Rogoff
Amy D. Caton
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured*
*Creditors of Motors Liquidation Co., (f/k/a General Motors Corp.) et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| MOTORS LIQUIDATION COMPANY., et al. | ) | Chapter 11 |
| (f/k/a General Motors Corp., et al.) | ) | |
| | ) | Case No. 09-50026 (REG) |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

# FIRST INTERIM APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM JUNE 3, 2009 THROUGH SEPTEMBER 30, 2009

| | |
|---|---|
| Name of Applicant: | Kramer Levin Naftalis & Frankel LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Interim Fee Period: | June 3, 2009 through September 30, 2009, inclusive |
| Fees Requested: | $ 4,593,910.50 |
| Expenses Requested: | $ 85,047.77 |
| Total Amount Requested: | $ 4,678,958.27 |
| Amount Paid to Date: | $ 3,768,801.58[1] |
| **Net Amount to be Requested:** | **$ 910,156.69** |

---

[1] Although this amount includes Kramer Levin's fees in respect of the professional services rendered and expenses incurred between September 1, 2009 and September 30, 2009 (80% of the fees in the amount of $354,866.80 and 100% of the expenses in the amount of $10,298.99), at the time of filing of this Fee Application, Kramer Levin had not yet received payment of such fees and expenses. Kramer Levin anticipates receiving payment in respect of its September fees and expenses by the hearing date on this Fee Application.

KL2 2625536.3

This is an __X__ Interim  or _____ Final Fee Application

## PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Hold-Back (if any) |
|---|---|---|---|---|---|---|---|
| n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

## SUMMARY OF FIRST INTERIM FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR SERVICES RENDERED FOR THE PERIOD
### JUNE 3, 2009 THROUGH SEPTEMBER 30, 2009

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS[2] | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| MAYER, THOMAS MOERS | BANKRUPTCY | 1982 | PARTNER | 168.70 | 930 | 156,891.00 |
| ECKSTEIN, KENNETH H. | BANKRUPTCY | 1980 | PARTNER | 169.40 | 930 | 157,542.00 |
| ROGOFF, ADAM C | BANKRUPTCY | 1989 | PARTNER | 344.30 | 795 | 273,718.50 |
| SCHMIDT, ROBERT T. | BANKRUPTCY | 1990 | PARTNER | 384.30 | 735 | 282,460.50 |
| CATON, AMY | BANKRUPTCY | 2000 | PARTNER | 340.80 | 680 | 231,744.00 |
| KOPELMAN, KENNETH P. | CORPORATE | 1978 | PARTNER | 308.50 | 835 | 257,597.50 |
| WECHSLER, ERNEST S. | CORPORATE | 1991 | PARTNER | 103.50 | 700 | 72,450.00 |
| MOLNER, THOMAS E. | CORPORATE | 1989 | PARTNER | 112.90 | 735 | 82,981.50 |
| WARREN, CHARLES S | ENVIRONMENT | 1965 | PARTNER | 127.10 | 735 | 93,418.50 |
| HERZOG, BARRY | TAX | 1992 | PARTNER | 72.10 | 750 | 54,075.00 |
| TRACHTMAN, JEFFREY S. | LITIGATION | 1985 | PARTNER | 72.50 | 760 | 55,100.00 |
| ROCHON, JENNIFER | LITIGATION | 1998 | PARTNER | 82.60 | 680 | 56,168.00 |

---

[2]    Please note that non-working travel time is billed at 50%.  In addition, consistent with the Applicant's billing practices, associates' billing rates increased on September 1, 2009.

KL2 2625536.3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS[2] | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| DIENSTAG, ABBE L. | CORPORATE | 1983 | PARTNER | 25.70 | 715 | 18,375.50 |
| FRIEDMAN, ALAN R. | LITIGATION | 1977 | PARTNER | 21.10 | 810 | 17,091.00 |
| KROUNER, SHARI K. | CORPORATE | 1985 | PARTNER | 3.40 | 715 | 2,431.00 |
| JANOVER, THOMAS T. | BANKRUPTCY | 1987 | PARTNER | 1.00 | 705 | 705.00 |
| BENTLEY, PHILIP | BANKRUPTCY | 1985 | PARTNER | 0.90 | 760 | 684.00 |
| LUTGENS, CHRISTINE | EMPLOYEE BENEFITS | 2000 | PARTNER | 41.70 | 810 | 33,777.00 |
| GODMAN, JAMES P. | REAL ESTATE | 1991 | PARTNER | 42.00 | 710 | 29,820.00 |
| REZNICK, ALLAN E. | CORPORATE | 1982 | PARTNER | 18.70 | 775 | 14,492.50 |
| CHIN, KENNETH | CORPORATE | 1988 | PARTNER | 10.10 | 715 | 7,221.50 |
| AUGUSTE, CHRISTOPHER S | CORPORATE | 1984 | PARTNER | 60.30 | 700 | 42,210.00 |
| HOROWITZ, GREGORY A. | LITIGATION | 1991 | PARTNER | 1.40 | 715 | 1,001.00 |
| STOOPACK, HELAYNE O. | TAX | 1982 | SPEC COUNSEL | 65.90 | 695/700 | 45,815.00 |
| FEIN, MICHAEL | REAL ESTATE | 1994 | SPEC COUNSEL | 179.60 | 685/890 | 123,033.50 |
| FREJKA, ELISE SCHERR | BANKRUPTCY | 1991 | SPEC COUNSEL | 81.50 | 670 | 54,605.00 |
| CHASS, MARK | BANKRUPTCY | 1991 | ASSOCIATE | 24.70 | 645 | 15,931.50 |
| DAVIS, JOSHUA | CORPORATE | 2000 | ASSOCIATE | 206.40 | 650 | 134,160.00 |
| RIGEL, BLAKE | CORPORATE | 2002 | ASSOCIATE | 30.60 | 650 | 19,890.00 |
| NOVOD, GORDON | BANKRUPTCY | 2002 | ASSOCIATE | 405.60 | 615 | 249,444.00 |
| FINGER, TONI | ENVIRONMENT | 2002 | ASSOCIATE | 42.30 | 650/660 | 27,764.00 |
| SCHULMAN, BRENDAN M. | LITIGATION | 2001 | ASSOCIATE | 84.10 | 650 | 54,665.00 |
| ROSENSAFT, JODI | CORPORATE | 2004 | ASSOCIATE | 15.30 | 600 | 9,180.00 |

KL2 2625536.3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS[2] | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| TAYLOR, JEFFREY | CORPORATE | 2001 | ASSOCIATE | 200.40 | 635/650 | 127,291.50 |
| FOLB, KERRI | ENVIRONMENT | 2001 | ASSOCIATE | 139.50 | 635/650 | 89,239.50 |
| LEVINE, DAVID J | CORPORATE | 1999 | ASSOCIATE | 54.80 | 660 | 36,168.00 |
| CAMPANA, KRISTEN V | CORPORATE | 2000 | ASSOCIATE | 155.20 | 650 | 100,880.00 |
| RUSKAY-KIDD, SCOTT | LITIGATION | 1999 | ASSOCIATE | 70.10 | 660 | 46,266.00 |
| OLIVEIRA, JULIANA | LITIGATION | 2008 | ASSOCIATE | 3.00 | 360 | 1,080.00 |
| BLADES, MELISSA | TAX | 2005 | ASSOCIATE | 32.90 | 520/560 | 17,236.00 |
| VELLUT, LAETITIA | CORPORATE | 2005 | ASSOCIATE | 17.80 | 560 | 9,968.00 |
| KATZ, ALYSSA R | CORPORATE | 2007 | ASSOCIATE | 119.00 | 485/520 | 57,764.00 |
| WAXMAN, HADASSA R | LITIGATION | 2001 | ASSOCIATE | 48.20 | 635 | 30,607.00 |
| FREEDMAN, ALEXANDER J | CORPORATE | 2006 | ASSOCIATE | 289.70 | 520/560 | 150,660.00 |
| WEINER, AMY | LITIGATION | 2009 | ASSOCIATE | 27.30 | 440 | 12,012.00 |
| WEBBER, AMANDA | CORPORATE | 2008 | ASSOCIATE | 90.90 | 440/485 | 40,081.50 |
| SHARRET, JENNIFER | BANKRUPTCY | 2008 | ASSOCIATE | 521.15 | 440/485 | 233,725.00 |
| DANIELS, ELAN | BANKRUPTCY | * Not Yet Admitted | ASSOCIATE | 2.40 | 560 | 1,344.00 |
| CHO, DANNIE | LITIGATION | 2009 | ASSOCIATE | 246.80 | 385/440 | 95,227.00 |
| FORD, SAMANTHA | LITIGATION | * Not Yet Admitted | ASSOCIATE | 73.40 | 385 | 28,259.00 |
| GREENBERG, EZRA S | LITIGATION | * Not Yet Admitted | ASSOCIATE | 47.70 | 385 | 18,364.50 |
| PATT, EILEEN | LITIGATION | 2009 | ASSOCIATE | 24.30 | 385 | 9,355.50 |
| REGAL, VICTOR | LITIGATION | * Not Yet Admitted | ASSOCIATE | 97.80 | 385 | 37,653.00 |
| LUCAS, DIANE | LITIGATION | 2008 | ASSOCIATE | 16.00 | 440 | 7,040.00 |

KL2 2625536.3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS[2] | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| BLABEY, DAVID E | BANKRUPTCY | 2005 | ASSOCIATE | 170.90 | 560 | 95,704.00 |
| VESSEY, JONATHAN B | CORPORATE | 2000 | ASSOCIATE | 54.80 | 485 | 26,578.00 |
| MACKSOUD, LAUREN M | BANKRUPTCY | 2004 | ASSOCIATE | 600.75 | 585/600 | 353,661.75 |
| CHERNYAK, YEKATERINA | BANKRUPTCY | 2007 | ASSOCIATE | 11.75 | 485 | 5,698.75 |
| PLOTKO, GREGORY G | BANKRUPTCY | 1999 | ASSOCIATE | 100.10 | 660/665 | 66,357.00 |
| AMSTER, JASON S | CORPORATE | * Not Yet Admitted | ASSOCIATE | 56.40 | 520 | 29,328.00 |
| SCHMIDT, SHAI | BANKRUPTCY | * Not Yet Admitted | ASSOCIATE | 22.00 | 385 | 8,470.00 |
| RINGER, RACHAEL LYNN | BANKRUPTCY | * | SUMMER ASSOC | 46.10 | 320 | 14,752.00 |
| WONG, ANITA | BANKRUPTCY | * | SUMMER ASSOC | 10.00 | 320 | 3,200.00 |
| CIPOLLA, SANTO A. | LITIGATION | * | PARALEGAL | 27.00 | 260 | 7,020.00 |
| GOLDBERG, MERYL | REAL ESTATE | * | PARALEGAL | 22.60 | 250 | 5,650.00 |
| WEFELS, MICHAEL | REAL ESTATE | * | PARALEGAL | 16.30 | 250 | 4,075.00 |
| BARRON, DRUSILLA | LITIGATION | * | PARALEGAL | 54.30 | 260 | 14,118.00 |
| CWIECEK, ANYA W | GENERAL | * | PARALEGAL | 11.50 | 255 | 2,932.50 |
| ALMEDA, DOMINADOR E | CORPORATE | * | PARALEGAL | 117.90 | 270 | 31,833.00 |
| PAREDEZ, ROBERT | GENERAL | * | PARALEGAL | 63.40 | 260 | 16,484.00 |
| MAKINDE, MICHAEL A | BANKRUPTCY | * | PARALEGAL | 9.00 | 275 | 2,475.00 |
| CHAIKIN, REBECCA B. | BANKRUPTCY | * | PARALEGAL | 269.70 | 260 | 70,122.00 |
| CHOUPROUTA, ANDREA | BANKRUPTCY | * | PARALEGAL | 8.30 | 275 | 2,282.50 |
| HOCHBERG, MICHAEL | BANKRUPTCY | * | PARALEGAL | 10.00 | 80 | 800.00 |
| HUSAIN, NAVED | BANKRUPTCY | * | PARALEGAL | 40.50 | 80 | 3,240.00 |

KL2 2625536.3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS[2] | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| KAPLAN, EVAN | GENERAL | * | PARALEGAL | 18.00 | 80 | 1,440.00 |
| SURIS, LILIYA | MANAGING ATTORNEY | * | OTHER TKPR | 8.40 | 105 | 882.00 |
| GREGORY, BRANDON | MANAGING ATTORNEY | * | OTHER TKPR | 1.50 | 95 | 142.50 |
| **TOTALS** | | | | **7,678.55** | | **$4,593,910.50** |

Blended hourly rate for attorneys is $633.00

KL2 2625536.3

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Adam C. Rogoff
Amy D. Caton
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured*
*Creditors of Motors Liquidation Co., (f/k/a General Motors Corp.) et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | ) |
| | ) |
| MOTORS LIQUIDATION COMPANY., et al. | ) Chapter 11 |
| (f/k/a General Motors Corp., et al.) | ) |
| | ) Case No. 09-50026 (REG) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

_____

**FIRST INTERIM APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM
JUNE 3, 2009 THROUGH SEPTEMBER 30, 2009**

TO:     THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE:

Kramer Levin Naftalis & Frankel LLP (the "Applicant" or "Kramer Levin"),

counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above

captioned as debtors and debtors-in-possession in these chapter 11 cases (collectively, the

"Debtors"), hereby submits its first interim application (the "Application"), pursuant to sections

330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of

compensation for the professional services performed by the Applicant for and on behalf of the

Committee for the period commencing June 3, 2009, through and including September 30, 2009 (the "First Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the First Interim Fee Period.  In support of the Application, the Applicant respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    These chapter 11 cases have tackled extraordinarily complex issues affecting a wide variety of creditor constituencies, including bondholders, unions, dealers, suppliers, product liability claimants and asbestos claimants.  Since its selection as proposed counsel for the Committee, the Applicant's efforts have been fully devoted to maximizing the benefit for unsecured creditors through negotiations with the Debtors and the United States Department of Treasury (the "U.S. Treasury"), which provided both pre- and post-petition financing to the Debtors as well as other parties-in-interest.  These cases have progressed at an unprecedented pace with the consummation of a sale of substantially all the Debtors' assets (the "Sale Transaction") to an entity now known as General Motors Company ("New GM") within the first thirty-seven days of bankruptcy case.  In this expedited time frame, the Applicant worked with great speed and urgency to navigate the intricate issues involved in the Sale Transaction and address critical paths to an orderly wind down of the remaining estates.

2.    During the First Interim Fee Period, services rendered by the Applicant, on behalf of the Committee, yielded significant benefits for the Debtors' estates and general unsecured creditors.  These services were not only those customarily attendant to any major chapter 11 case, but more importantly, include significant services in furtherance of the Sale Transaction and the wind down of the remaining estates.  Without limitation of the many projects undertaken, during the First Interim Fee Period, the Applicant:

2

- reviewed all of the "first-day" pleadings and negotiated with the Debtors to obtain consensual modifications – including advance consultation rights, where appropriate;

- reviewed and negotiated the terms of the motion, the interim and final orders approving a Debtor-in-Possession credit facility, as well as the underlying Debtor-in-Possession credit agreement with the U.S. Treasury and Export Development Canada;

- reviewed and negotiated the terms of the motion, the interim order and final orders authorizing the Debtors to use cash collateral and granting adequate protection to the pre-petition bank lenders;

- attended and participated in the hearings relating to the Sale Transactions (the "Sale Hearing"), drafted pleadings relating to the Sale Transaction; and negotiated the form of the order approving the Sale Transaction (the "Sale Order");

- reviewed, commented on and negotiated the terms of a Master Sale and Purchase Agreement governing the terms of the Sale Transaction and all of the ancillary documents in connection therewith;

- reviewed, commented on and negotiated the terms of a transition services agreement with the Debtors and New GM;

- reviewed, analyzed and conferred with the Debtors on environmental issues affecting the Debtors' properties and the attendant remediation costs;

- participated in negotiations with Debtors and U.S. Treasury to obtain a global consensus regarding an Amended Debtor-In-Possession Credit Agreement to fund the wind-down of the Debtors' estates (the "Wind-Down Facility"), plan treatment and distributions, and the Debtors' governance.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

3.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"),

3

and the Order Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals [Docket No. 1334] (the "Interim Compensation Order") and, collectively with the Local Guidelines and UST Guidelines, the "Guidelines"). Pursuant to the Local Guidelines, a certification of Adam C. Rogoff regarding compliance with same is attached hereto as Exhibit "A."

4.      The Applicant seeks interim allowance of fees for professional services rendered during the First Interim Fee Period in the aggregate amount of $4,593,910.50 (the "First Interim Fees") and reimbursement of expenses incurred in connection with rendition of those services in the aggregate amount of $85,047.77 (the "First Interim Expenses").

5.      During the First Interim Fee Period, the Applicant's attorneys and paraprofessionals expended a total of 7,678.55 hours for which compensation is requested.

6.      There is no agreement or understanding between the Applicant and any other person, other than members of the Applicant, for the sharing of compensation to be received for services rendered in these cases.

7.      The fees charged by the Applicant in these cases are billed in accordance with its existing billing rates and procedures set forth in the Application of the Committee to Employ Kramer Levin Naftalis & Frankel LLP [Docket No. 1744] in effect during the First Interim Fee Period. The rates the Applicant charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates that the Applicant charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

8.    Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all professionals and paraprofessionals employed by the Applicant who have performed services in these chapter 11 cases during the First Interim Fee Period, the capacities in which each such individual is employed by the Applicant, the department in which each individual practices, the year in which the individual was first licensed to practice law in the state of New York, the hourly billing rate charged by the Applicant for services performed by such individual and the aggregate number of hours expended and fees billed.

9.    Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which the Applicant is seeking reimbursement, the total amount for each such expense category and a detailed listing of each of the expenses.

10.    Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit "D" is a summary of the Applicant's time billed during the First Interim Fee Period, broken down by project categories as hereinafter described.

11.    The Applicant maintains computerized records of the time spent by all of the Applicant's attorneys and paraprofessionals in connection with the representation of the Committee.  These records were used to prepare detailed time descriptions in accordance with the UST Guidelines, which were organized the project codes, summarized in Exhibit D.  These detailed time records, along with the detailed listings of the expenses incurred in connection with the services rendered, were submitted to the "Notice Parties" specified in the Interim Compnesation Order as part of the Monthly Statements (defined below).  Copies of the final detailed time records and expenses for the First Interim Fee Period are being provided herewith

5

to the Court and the Notice Parties. Due to the size of such computerized records, they are not attached to this Application but are available upon request.

12.    Since the commencement of these cases, the Applicant has provided the appropriate notice parties with a monthly fee statement for each month for which compensation was sought. During the First Interim Fee Period, the Applicant provided the appropriate notice parties with the following monthly fee statements:

- For June 3, 2009 through June 30, 2009, fees of $2,774,082.00 and expenses of $42,612.75 ("June Statement");

- For July 1, 2009 through July 31, 2009, fees of $1,066,444.5 and expenses of $28,710.84 ("July Statement");

- For August 1, 2009 through August 31, 2009, fees of $316,107.5 and expenses of $7,005.00 ("July Statement"); and

- For September 1, 2009 through September 31, 2009, fees of $443,583.5 and expenses of $10,298.99 ("September Statement" and together with the June Statement, the July Statement and the August Statement, collectively, "Monthly Statements").

13.    In total, the Applicant has submitted Monthly Statements during the First Interim Fee Period for fees of $4,600,217.50 and expenses of $88,627.58. As of the date of this Application, no notice party has objected to the Applicant's monthly statements for the First Interim Fee Period.

14.    Prior to the service of each Monthly Statement, the Applicant conducted an internal review of fees and expenses incurred during that month. As a result of such review, the Applicant determined to write off $179,196.00 in fees and $22,616.53 in expenses. The Monthly Statements reflected the reduced amounted after write offs. In addition, prior to the filing of this Application, the Applicant conducted a further review and determined to write off an additional $6,307.00 in fees and $3,579.81 in expenses. Accordingly, the Applicant hereby

6

seeks allowance of fees incurred for the First Interim Fee Period in the amount of $4,593,910.50, and the reimbursement of actual and necessary expenses incurred for the First Interim Fee Period in the amount of $85,047.77.

15.    In accordance with the Interim Compensation Order, the Applicant sought payment for 80% of its fees and 100% of its expenses incurred, pursuant to each Monthly Statement filed with the Court.  With respect to the June Statement, the Applicant received a payment of $2,261,878.35, representing 80% of fees ($2,219,265.60) and 100% of expenses ($42,612.75) requested.  With respect to the July Statement, the Applicant received a payment of $881,866.44, representing 80% of fees ($853,155.60) and 100% of expenses ($28,710.84).  With respect to the August Statement, the Applicant received a payment of $259,891.00, representing 80% of fees ($252,886.00) and 100% of expenses ($7,005.00).  With respect to the September Statement, the Applicant has not yet received any payments.[3]

16.    In total, therefore, pursuant to this Application, the Applicant respectfully requests that the Court enter an order approving the payments received pursuant to the Monthly Statements and directing the Debtors to pay the Applicant $910,156.69, representing 20% of the First Interim Fees (reflecting the deduction of the additional write-offs).

17.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the First Interim Fee Period, but were not processed prior to the preparation of this Application, the Applicant reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## **BACKGROUND**

---

[3] Kramer Levin anticipates receiving payment of 80% of fees for the September Statement, and 100% of expenses for the September Statement by the hearing date on this Application.

KL2 2625536.3

18.    On June 1, 2009 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly-administered.

19.    On June 3, 2009 (the "Formation Date"), the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the Committee consisting of fifteen members.   The eleven current members of the Committee are: (1) Wilmington Trust Company, (2) Law Debenture Trust Company of New York, (3) The Industrial Division of Communications Workers of America, AFL-CIO, (4) International Union, United Automobile Aerospace and Agricultural Implement Workers of America, (5) United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, (6) DENSO International America, Inc., (7) Inteva Products, LLC, (8) Serra Chevrolet of Birmingham, Inc., (9) Mark Buttita, (10) Genoveva Bermudez, and (11) Kevin Schoenl.[4]

20.    On the Formation Date, the Committee selected the Applicant as its general bankruptcy counsel.  Immediately thereafter, the Applicant commenced rendering legal services to the Committee, pending the approval of its retention by this Court.  By the order of this Court dated July 1, 2009 (the "Retention Order"), the Applicant's retention was approved *nunc pro tunc* to June 3, 2009, pursuant to section 1103 of the Bankruptcy Code.

## SUMMARY OF LEGAL SERVICES RENDERED

21.    During the First Interim Fee Period, the Applicant's efforts were largely focused on monitoring, analyzing and providing recommendations on the sale of substantially

---

[4] As a result of the consummation of the Sale Transaction, four Committee members – Pension Benefit Guaranty Corporation, Interpublic Group, Paddock Chevrolet, and Saturn of Hempstead, Inc. – have resigned from the Committee.

8

all the Debtors' assets to New GM; responding to motions to stay the closing of the 363 Sale; coordinating with the Debtors and the other interested parties on key issues concerning the orderly wind down of the Debtors' remaining estates; monitoring and coordinating on post-Sale Transaction issues as between the Debtors and New GM, including analysis of claims and issues as between the parties resulting from the Sale Transaction; analyzing and providing recommendations on the material motions, stipulations, agreements, and other requests for relief filed by the Debtors and third parties; researching legal, factual, and business issues regarding the Debtors' estates and businesses; and conducting negotiations and discussions with the Debtors and other parties-in-interest to further the interests of the Committee on behalf of all the general unsecured creditors.  In connection with its efforts, Applicant participated in numerous conferences with the Debtors and their professionals, and attended dozens of Bankruptcy Court hearings on issues of importance to the administration of these cases.  In addition to the considerable energy expended on the projects described above, during the Interim Fee Period Applicant also performed many of the more routine tasks typically required of Committee counsel.   Those tasks included, among other things, conferences and correspondence with Committee members regarding the status of these cases and financial affairs of the Debtors, attention to routine motions and applications, and meetings with the Debtors, the U.S. Treasury and their professionals to discuss issues related to the development of a consensual plan of liquidation and otherwise attendant to the orderly wind down of the remaining estates.

22.    The Applicant respectfully submits that its services throughout the First Interim Fee Period warrant this Court's approval of its requested fees and expenses, including the payment of the 20% "hold-back" of the First Interim Fees.

9

KL2 2625536.3

23.     The legal services rendered by the Applicant during the First Interim Fee Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in time records submitted to the Court and the Notice Parties.  Rather, in compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered by the Applicant to and for the benefit of the Committee, and identifies some of the issues to which the Applicant devoted significant time and efforts during the First Interim Fee Period.

24.     The summary is divided according to the project billing codes that the Applicant created to best reflect the categories of tasks that it was required to perform in connection with these chapter 11 cases.  Nevertheless, under the circumstances, and given the interconnectedness of all the issues in these chapter 11 cases, certain of these categories may overlap with each other.

**A.     Case Administration**
        **Billing Code:  00001**
        **(Fees: $165,115.50/Hours Billed:  322.70)**

25.     As a result of the highly accelerated time frame surrounding the sale of the Debtors' assets to New GM, during the First Interim Fee Period, it was important for the Applicant to keep abreast of the enormous flow of information, schedules, motions and other pleadings filed in the Debtors' bankruptcy cases.  The Applicant devoted a significant amount of time to the administrative tasks necessary for the efficient day-to-day management of these cases, including, but not limited to: internal organizational meetings; coordinating conferences and meeting with the Committee members and professionals; maintaining a work-in-progress report detailing the status of current pending items; monitoring calendars of critical dates; routine communications and correspondences; monitoring the case docket on a daily basis; and

10

continuously updated files in connection with its monitoring of the docket and the Debtors' bankruptcy cases.

26.    During the First Interim Fee Period, the Applicant was required to undertake certain categories of tasks that will not require as much time during subsequent fee periods.  For example, during the First Interim Fee Period, the Applicant spent time informing the Committee members of their rights and duties as members of the Committee, preparing contact sheets, distributing lists and e-mail macros for Committee members, and discussing information sharing protocols and processes with the Debtors.  Moreover, given the size and complexity of the Debtors' bankruptcy cases, in order to ensure that it would be able to efficiently function going forward, during the First Interim Fee Period, the Applicant needed to spend a significant amount of time organizing and cataloging files with respect to these bankruptcy cases, coordinating, organizing and tabulating the documents produced in connection with informal discovery, and ensuring that the information gleaned from these documents continued to flow between the Debtors, the Committee professionals, and the Committee in an efficient and effective manner.   In order to get quickly up to speed and positioned to address the fundamental transactions and issues from the very inception of these cases, the Applicant had to coordinate in a matter of mere weeks what certain of the Debtors' professionals had been coordinating for many months prior to the filing.

27.    In performing the above tasks, to conserve costs, the Applicant utilized paraprofessionals whenever possible to perform administrative non-legal tasks.   Such paraprofessional fees were incurred directly in connection with the administration of the case and were necessary and appropriate to deal with the volume of documents involved in these cases.

11

**B.      General Adversary Proceedings**
          <u>Billing Code: 00002</u>
          **(Fees: $14,655.50/Hours Billed: 33.30)**

28.      During the First Interim Fee Period, the Committee, through Butzel Long as conflicts counsel, initiated an adversary proceeding against the Prepetition Term Loan Lenders investigating the perfection of certain liens.  As the Applicant had performed the initial collateral review, the Applicant assisted Butzel Long through review of the complaint and other pertinent pleadings.  The Applicant continues to work with Butzel Long and monitor this adversary proceeding to be available to any inquiries made by Committee members.

29.      In addition, the Applicant monitored the adversary proceeding commenced by Mr. Narumanchi (a bondholder) against the Debtors, the U.S. Treasury and Wilmington Trust, as indenture trustee.  In connection with the adversary proceedings, the Applicant reviewed, analyzed and summarized the underlying complaints as well as the other pleadings filed in connection therewith.

**C.      Automatic Stay Matters/Relief**
          <u>Billing Code: 00003</u>
          **(Fees: $2,514.00/Hours Billed: 4.90)**

30.      During the First Interim Fee Period, the Applicant reviewed, analyzed, summarized, and provided recommendations to the Committee with respect to the legal and financial aspects of motions filed by third parties to obtain relief from the Automatic Stay (collectively, "<u>Automatic Stay Motions</u>").  The Applicant consulted with the Debtors, and when directed by the Committee, took a position at the hearings on the Automatic Stay Motions.  In addition, the Applicant focused its attention on the automatic stay issues surrounding the Debtors' involvement in another debtor's bankruptcy case (the Bill Heard estate, a former franchisee) pending in the Bankruptcy Court of the Northern District of Alabama.

12

D.    **Meetings With Debtors/Other Major Constituents**
      Billing Code:  00005
      (Fees: $165,285.50/Hours Billed:  249.70)

31.    During the First Interim Fee Period, the Applicant was actively involved in negotiations among the Debtors, the United States Treasury, the ad hoc group of noteholders, and other key constituencies on a multitude of issues and disputes, including with respect to the sale of substantially all of the Debtors' assets to New GM, global wind down negotiations and general case strategy.  These negotiations required the Applicant's participation on numerous conference calls and in-person meetings with the Debtors' professionals.  One noteworthy in-person meeting was held on June 10, 2009 which was attended by all of the members of the Committee, the Applicant, the Debtors and the Debtors' professionals.  During this meeting, the parties spent several hours discussing the 363 Sale Transaction, certain assets and liabilities to be assumed by New GM, and the proposed treatment for the various types of general unsecured creditors including bondholders, suppliers, dealers, product liability claimants, asbestos claimants and current and former employees.  Moreover, to adequately prepare for such negotiations and strategize about the Debtors' cases generally, the Applicant spent time coordinating, and preparing for such meetings with the professionals and the Committee.

32.    In addition, after the 363 Sale Transaction closed, the Applicant began actively negotiating and consulting with the Debtors on wind down operations, including assessing environmental concerns and developing the structure for a plan of liquidation.

E.    **DIP Financing/Cash Collateral**
      Billing Code:  00006
      (Fees:  $240,942.50/Hours Billed: 392.00)

33.    After reviewing the proposed debtor-in-possession financing facility and the terms of the cash collateral use as well as the adequate protection measures afforded to the

13

pre-petition bank lenders, the Committee and its professionals identified a number of significant concerns that could have negatively impacted unsecured creditors. In furtherance of the Committee's position in the Debtors' bankruptcy cases, the Applicant spent significant time reviewing, understanding, summarizing, commenting on and negotiating the terms of (as applicable):

- the Motion [Docket No. 64] (the "DIP Motion"), the Interim Order [Docket No. 292] and the Final Order Approving A DIP Credit Facility And Authorizing The Debtors To Obtain Post-Petition Financing Pursuant Thereto [Docket No. 2529] (the "Final DIP Order"), as well as the Amended and Restated Secured Superpriority Debtor-In-Possession Credit Agreement among Motors Liquidation Company (f/k/a General Motors Corporation), the guarantors and the lender parties, dated as of July 10, 2009; and

- the Motion [Docket No. 60] (the "Cash Collateral Motion"), the Interim Order [Docket No. 180] (the "Interim Cash Collateral Order"), the Final Order Authorizing the Debtors to Use Cash Collateral and Granting Adequate Protection to the Pre-Petition Revolver Secured Parties [Docket No. 2551] and the Final Order Authorizing the Debtors to Use Cash Collateral and Granting Adequate Protection to Certain Pre-Petition Secured Parties (the "Final Cash Collateral Orders").

34.    At the outset of this case, the Applicant was concerned about the priority of the Prepetition Lenders' liens and began negotiating the terms of the Final Cash Collateral Orders to address this concern. The Applicant drafted and filed a limited reservation of rights to the Final Cash Collateral Orders noting that negotiations were ongoing and in the absence of a consensual resolution, the Committee reserved its right to object to the Cash Collateral Motion. The Applicant was ultimately successful in negotiating modifications to the Final Cash Collateral Orders to provide the Committee with sixty days to investigate and commence an action challenging the security interests of the Prepetition Lenders. As discussed in other sections of this Application, the Applicant completed a comprehensive collateral review and Butzel Long, as the Committee's conflicts counsel, ultimately commenced an adversary proceeding against the Prepetition Lenders.

14

35.    The Applicant was very active in negotiations over the Final DIP Order and Amended DIP Credit Agreement governing the Wind-Down Facility.  In particular, the Applicant negotiated certain modifications to the Final DIP Order to provide that the DIP liens would not extend to avoidance actions against the Prepetition Lenders or to the 10% stock and 15% warrants issued by New GM to the Debtors pursuant to the Master Sale and Purchase Agreement (the "New GM Equity Interests").  The Amended DIP Agreement provided that the loans would be non-recourse to the New GM Equity Interests.

36.    It is a fundamental expectation that the New GM Equity Interests will be reserved exclusively for distribution to general unsecured creditors of the Debtors' estates and not used to fund the wind down of the Debtors' estates or otherwise pay administrative and priority creditors.   As such, it is acutely important to ensure that the Debtors are administratively solvent so that secured and administrative and priority creditors will not need to have their claims repaid from the New GM Equity Interests.  The Applicant, together with the Committee's financial advisor, FTI Consulting, Inc. ("FTI"), spent many hours analyzing the budget for the Wind-Down Facility to ensure that the various buckets for administrative, priority and environmental remediation claims would be sufficient to cover the projected costs. In the days between entry of the Final DIP Order (entered on June 25, 2009) and Order Approving the Amended DIP Credit Agreement (entered on July 5, 2009), the Applicant participated in several rounds of negotiations with the interested parties.  The Applicant drafted a limited objection to the Amended DIP Credit Facility noting that the $950 million was insufficient to cover the estimated claims, costs, expenses and other liabilities that the Debtors anticipate will need to be paid out of the proceeds of the Wind Down Budget.  It was not

15

necessary for the Applicant to file this limited objection as the U.S. Treasury ultimately agreed to increase the funding for the Wind-Down Facility from $950 million to $1.175 billion.

**F.    Claims Administration and Objections**
    **Billing Code:  00007**
    **(Fees:  $ 10,593.50/Hours Billed: 17.30)**

37.    During the First Interim Fee Period, the Applicant reviewed and analyzed the Debtors' proposed bar date motion as compared to bar date motions in other cases.  The Applicant consulted with the Debtors and provided comments on the proposed bar date order and notice, which resulted in a consensual order being submitted to the Court for approval.  In addition, the Applicant reviewed and analyzed the claims settlement procedures motion, and again provided comments that resulted in a consensual order being submitted to the Court for approval.

**G.    Corporate & Securities Matters**
    **Billing Code: 00008**
    **(Fees:  $ 130,477.00/Hours Billed: 202.60)**

38.    During the First Interim Fee Period, the Applicant spent time reviewing and analyzing the unsecured notes and the Debtors' public filings.  In conjunction with the analysis of the Sale Transaction, the Applicant prepared an overview memorandum of the Debtors' assets and liabilities and analyzed public reporting issues for New GM.  In the days leading up to the Sale Hearing, the Applicant spent a significant amount of time on corporate governance issues for Debtors' post-sale.  In particular, the Applicant reviewed, analyzed and negotiated the corporate governance documents and participated in meetings to interview potential board candidates.

39.    In addition, during the First Interim Fee Period, the Applicant began researching and analyzing SEC issues surrounding potential plan of liquidation structures.

16

H.    **Creditor Communications**
**Billing Code: 00009**
**(Fees:  $ 97,236.00/Hours Billed: 175.60)**

40.    During the First Interim Fee Period, the Applicant spent a significant amount of time discharging its duties under section 1102 of the Bankruptcy Code, providing general information to and answering specific questions, calls, e-mails and letters from thousands of concerned general unsecured creditors on a variety of issues related to the Debtors bankruptcy cases.

41.    In order to ease the administrative burden of communicating with thousands of creditors, the Debtors established a website with Epiq Bankruptcy Solutions (the "Committee Website").  The Applicant spent time setting up the content and continually updating the Committee Website, which contained general case information, frequently asked questions and answers, a chapter 11 overview, information on buying and selling claims, the deadlines and forms for filing proofs of claim in the Debtors' bankruptcy cases, the contact information for the primary parties in the Debtors' bankruptcy cases, and access to key court documents in the Debtors bankruptcy cases.

42.    Creditors may submit questions through either an e-mail inquiry form (maintained through the Committee Website) or the dedicated General Motors Committee hotline.  During the First Interim Fee Period, the Applicant responded to approximately 275 e-mails, 1,240 telephone calls and scores of faxes and letters.

I.    **Committee Meetings/Communications**
**Billing Code: 00010**
**(Fees:  $ 269,442.00/Hours Billed: 443.40)**

43.    In order to facilitate communications and sharing of information to and among the Committee members, the Applicant drafted and negotiated the Committee's by-laws

17

governing the Committee actions (the "<u>Committee Bylaws</u>").  Many of the documents shared with the Committee were highly confidential in nature and the Debtors refused to share such confidential or sensitive information with the Committee absent certain confidentiality provisions to be contained in the Committee Bylaws which ensured the efficient flow of confidential information between the Debtors and the Committee.

44.     During the First Interim Fee Period, the Applicant spent substantial amount of time communicating with the members of the Committee.  At the outset of these cases, the Applicant conducted bi-weekly (and sometimes daily) meetings with the members, either in-person or telephonically, to keep them up to speed on current issues in the bankruptcy cases, discuss and analyze and to vote on Committee positions with respect to certain matters requiring the Committee's stance.  At such meetings, the Applicant updated the Committee members on important events in the Debtors bankruptcy cases and answered Committee questions and concerns.  Due to the high level of activity in and the rapid speed of these bankruptcy cases, the Committee meetings sometimes lasted hours and required extensive preparation by the Applicant, in conjunction with the other professionals of the Committee.

45.     The Applicant also drafted agendas of the matters to be discussed and prepared materials to be reviewed in connection with each meeting and took the minutes of each meeting, which were then subsequently approved by the Committee.  When appropriate, in lieu of in-person or telephonic meetings, the Applicant corresponded with the Committee members electronically.

18

**J.    Employee Benefits//Labor Issues**
**Billing Code: 00011**
**(Fees:  $ 46,834.50/Hours Billed: 71.20)**

46.    During the First Interim Fee Period, the Applicant devoted a significant

amount of time to the negotiations, and ultimate proposed settlement, among the Debtors, the

IUE-CWA, USW and certain other unions (the "Unions") over modification of health care

benefits.  The Applicant researched the facts and applicable law surrounding whether such

health care benefits were vested and drafted a comprehensive memorandum on the issues.  As a

result of Applicant's involvement in the negotiations and its analysis of the issues and

discussions with the Committee, the Committee ultimately supported a settlement agreement

between the Debtors and the Unions which fixed the amount of the Union's allowed unsecured

claim and substantially reduced potential claims against the Debtors' estates.

47.    In addition, as more fully described in other sections of this Application,

the Applicant's work during the First Interim Fee Period included the review of those

provisions in the Master Sale and Purchase Agreement (as defined below) that would have

potentially affected the benefit rights of the Debtors' current and former employees.

**K.    Supplier Matters**
**Billing Code: 00013**
**(Fees:  $19,302.50/Hours Billed: 26.60)**

48.    During the First Interim Period, the Applicant addressed various issues of

particular importance to the Debtors' suppliers.  Soon after the Formation Date, the Committee

formed an informal sub-committee comprised of those members interested in supplier-specific

issues, which sub-committee held numerous meetings with the Applicant to analyze various

supplier issues of importance.  The Applicant organized and participated in various conference

calls with the Debtors to ensure that supplier issues, i.e., the timing and protocol for assumption

19

and/or rejection of suppliers and the resolution of cure disputes, would be adequately addressed in furtherance of these goals.

49.    The Applicant also spent a significant amount of time reviewing, analyzing and negotiating the terms of the proposed sale order approving the Sale Transaction, including the implementation thereof, focusing on the supplier issues.  It is without doubt that the suppliers (as with the dealers, discussed below) comprised material creditor constituency groups directly impacted by the Sale Transaction and, as such, had numerous issues and concerns to be timely identified and addressed by the Applicant.

50.    Time billed on this matter included time spent reviewing and summarizing pleadings, agreements, deposition testimony and other documents; monitoring and participating in various judicial conferences and hearings, researching case law, negotiating with various parties-in-interest and organizing and attending various supplier-related meetings.

**L.    Dealership Matters**
**Billing Code:  00014**
**(Fees:  $130,436.50/Hours Billed: 190.10)**

51.    It is well-recognized that issues concerning dealers – "affected" or otherwise – were a major part of these bankruptcy cases.  During the First Interim Period, the Applicant devoted a significant amount of time to addressing issues of particular importance to dealers.  Soon after the Formation Date, the Committee formed an informal sub-committee comprised of those members interested in dealer-specific issues, which held numerous meetings with the Applicant to address and analyze the material dealer related issues.  The Applicant organized conference calls to discuss each of the agreements presented to the dealers.  This included review and analysis of the Participation Agreements, the Deferred Termination Agreements and the Deferred Termination Agreements specific to Saturn, Saab and Hummer branded dealers.

20

52.     The Applicant also played a key role in negotiating the terms of the order seeking authority to reject executory contracts and unexpired leases with 38 domestic dealers (the "<u>Dealer Rejection Order</u>").  The Applicant negotiated with the Debtors and other parties-in-interest to ensure that all proposed injunctive relief against the "rejected dealers" and governmental entities was eliminated from the Dealer Rejection Order and that the only protection afforded to New GM would be found in the Sale Order.

53.     The Applicant also worked with the Debtors to ensure the prompt and effective dissemination of all information concerning the various dealer programs.

54.     Time billed on this matter included time spent reviewing and summarizing pleadings, agreements, and other documents; monitoring and participating in various judicial conferences, hearings, researching case law, negotiating with various parties-in-interest and organizing and attending various dealer-related meetings.

**M.    Environmental Issues**
       **Billing Code: 00015**
       **(Fees:  $346,727.00/Hours Billed: 520.90)**

55.     Without doubt, the identification, analysis and approprirate resolution of the material environmental claims against the Debtors' remaining properties constitutes a major aspect of the orderly wind down of these estates.  The impact of this issue alone dwarfs those confronted in many other capter 11 cases.  During the First Interim Fee Period, the Applicant, along with the Committee's financial advisor, FTI, devoted a significant amount of time to reviewing the environmental liabilities associated with the Debtors' various manufacturing sites left behind in the wake of the Sale Transaction.  The Debtors owned and operated over 200 properties that were left behind following the Sale Transaction.  The Applicant organized and participated in various conference calls with FTI, the Debtors and their environmental consultants in order to understand the costs of environmental remediation associated with each

21

site.  In addition, the Applicant extensively researched the interplay of environmental issues with bankruptcy law.

58.    In addition, the Applicant reviewed the environmental provisions and schedules of the Transition Services Agreement to ensure that the allocation of liabilities during the term of the Transition Services Agreement would not prejudice the Debtors after the sale and that New GM would provide the services necessary to deal with environmental issues during the transition period.  The Applicant further reviewed the Sale Order and the decision approving the Sale Transaction to understand how environmental liabilities may be addressed in this case.

57.    Time billed on this matter included time spent reviewing and summarizing the above referenced documents, attending and participating in various meetings with the debtors and their professionals, researching case lawand conferring with the FTI to review all information provided by the Debtors.

**N.    Hearings**
**Billing Code:  00016**
**(Fees:  $277,606.00/Hours Billed: 499.00)**

58.    During the First Interim Fee Period, the Court held fourteen hearings, both omnibus and special hearings, with respect to myriad of issues related to the Debtors' bankruptcy cases.  The Applicant spent a significant amount of time preparing for and participating in the following hearings:

- final hearing on the "first day" motions, including the DIP Motion and the Cash Collateral Motion;
- hearings regarding requests to appoint various additional official committees;
- the three-day hearing with respect to the Sale Transaction;
- the hearing with respect to the motion to stay pending appeal of the Sale Order, held in the District Court for the Southern District of New York; and
- the numerous omnibus hearings before the Court.

22

59.     As noted in further detail in other sections of the Application, the Applicant played a critical role at a number of such hearings, including, but not limited to, the hearings on the DIP and Cash Collateral Motion, motions to appoint other official committees and the Sale Transaction.

60.     The Applicant also spent a significant amount of time resolving disputes relating to these various matters prior to certain of the hearings to ensure that relief could be obtained for the benefit of the Debtors' estates in a consensual and efficient manner.

61.     Finally, the Applicant devoted time to the preparation of hearing agendas, hearing binders, and other documents required for each hearing conducted before the Court.

**O.      363 Transaction: Master Purchase Agreement Issues**
    **Billing Code:  00017**
    **(Fees:  $381,361.50/Hours Billed: 585.60)**

62.     During the First Interim Fee Period, the Applicant spent significant time reviewing, analyzing and negotiating numerous aspects of the proposed sale of substantially all of the Debtors' assets to New GM.  Specifically, the Applicant spent substantial time reviewing and analyzing the complicated structure and the potential legal ramifications of the Sale Transaction, including – as may be noted in further detail in other sections of the Application – reviewing, understanding, commenting on and negotiating the terms of the following documents (collectively, the "Sale Transaction Documents"):

a.   the Master Sale and Purchase Agreement, dated as of July 10, 2009 (the "Master Sale and Purchase Agreement"), by and among certain Debtors and New GM including the amendments thereto, and other ancillary documents related thereto;

b.   the Transition Services Agreement, dated as of July 10, 2009, by and between the Debtors and New GM (the "Transition Services Agreement");

c.   the Master Lease Agreement, dated as of June 26, 2009, by and between the Debtors and New GM (the "Master Lease Agreement")

23

d.  the Sale Order authorizing the Debtors' to sell substantially all of their assets to New GM [Docket No. 2968].

63.    During the First Interim Fee Period, a team of corporate specialists from the Applicant reviewed and negotiated the terms of the Master Sale and Purchase Agreement. This corporate team coordinated with the Applicant's tax, intellectual property, employee benefits, environmental and real estate professionals in analysis of this key transactional document.    The Applicant also prepared and presented to the Committee summaries and memoranda containing analysis of the potential issues under the Master Sale and Purchase Agreement and recommendations for the Committee.

64.    Over the course of negotiations, the Applicant raised numerous issues with New GM and the Debtors on the terms of the Master Sale and Purchase Agreement, including: that assumption of dealer agreements by New GM should be absolute; the Sale Order should not provide for preemption of state law; there should be greater transparency with respect to assumption and rejection of assumable executory contracts; it should be clear that the Debtors do not bear any liability for tax liabilities of subsidiaries that are sold to New GM; the Debtors should have greater rights with respect to tax matters relating to taxes for which the Debtors are liable; New GM should assume product liabilities with respect to tort claims post-closing; New GM should assume implied warranties; the Debtors should retain product liability insurance policies; no representation or warranties should survive closing; adjustment shares should be excluded from collateral securing the Wind-Down Facility; and clarification that New GM is assuming all liabilities with respect to assumed plants that constitute purchased assets.  These comments had a material impact upon the final transaction and its effect on the Debtors' unsecured creditors and estates.

24

65.    In addition, the Applicant devoted a substantial amount of time to analyzing the form of the registration rights agreement and warrants for the New GM Equity Interests.   In particular, the Applicant argued for the following modifications: the New GM Equity Interests should be registered under the Securities Exchange Act of 1934 and be listed on a national exchange prior to specific date; the Debtors should be granted "most favored nation" status along with other stockholders of New GM; and the Debtors should not be required to indemnify New GM to a greater degree than New GM's other stockholders.

**P.    Executory Contracts/Leases**
   **Billing Code:  00018**
   **(Fees: $38,175.50/Hours Billed: 57.90)**

66.    During the First Interim Fee Period, the Applicant reviewed and summarized for the Committee the material terms of the Debtors' numerous motions rejecting the executory contracts and leases pursuant to section 365 of the Bankruptcy Code.    In particular, the Applicant spent time reviewing and analyzing two motions (one to reject and one to assume) contracts with the same counterparty (Jet Support Services, Inc.) and negotiated a consensual resolution whereby the counterparty waived claims against the Debtors' estates.   In addition, the Applicant analyzed the implications of a proposed stipulation to assume and assign insurance policies with ACE American Insurance Company.   Each of these latter transactions implicated issues with New GM and the Committee reviewed these transactions carefully to assure that there were no potential conflicts between the Debtors' estates and New GM's interests.   As such, the Applicant carefully analyzed these transactions.

**Q.    Fee Application/Monthly Invoices**
   **Billing Code:  00019**
   **(Fees:  $44,090.00/Hours Billed: 109.10)**

67.    During the First Interim Fee Period, the Applicant prepared, reviewed and served each of the Monthly Statements – which were voluminous given the size of these

25

bankruptcy cases – in accordance with the Order Establishing Procedures for Interim Monthly Compensation for Professionals [Docket No. 3711]. The Applicant also drafted and submitted requests for the reimbursement of expenses incurred by members of the Committee in the course of Committee functions.

68. In addition, during the First Interim Fee Period, the Applicant began negotiating with the Debtors and the United States Trustee on a fee auditor order.

**R.   Discovery/ Depositions**
**Billing Code: 00021**
**(Fees: $ 106,253.50/Hours Billed: 185.10)**

69. The Applicant conducted due diligence with respect to the fairness of the terms of the Sale Transaction. In the week leading up to the Sale Hearing, the Applicant prepared for, attended and participated in all-day depositions of Fritz Henderson, Michael Raleigh and Harry Wilson. In addition, the Applicant reviewed many documents from the Debtors and the U.S. Treasury on the events leading up to the bankruptcy filing and the decision to engage in the Sale Transaction. This discovery was a fundamental part of seeking approval of the Sale Transaction and Applicant's participation in the same.

**S.   Appellate Issues**
**Billing Code: 00022**
**(Fees: $60,380.50/Hours Billed: 101.10)**

70. During the First Interim Fee Period, the Applicant litigated motions to stay the closing of the Sale Transaction pending appeal. After this Court entered the Sale Order, the Ad Hoc Committee of Asbestos Personal Injury Claimants (the "Ad Hoc Asbestos Committee") and the Individual Accident Litigants each filed motions for an order certifying the Sale Order for immediate appeal to the United States Court of Appeals (the Ad Hoc Asbestos Committee alternatively sought a stay of the Sale Order). The Applicant researched, drafted and filed an

26

objection to these motions and assisted FTI in preparing an accompanying affidavit on the proper

amount of the appeal bond.  The Applicant prepared for and participated in a telephonic hearing,

during which the Court denied the motions and specifically found the Committee's objection

persuasive on the amount of an appeal bond.  After this Court denied the motions, the Ad Hoc

Asbestos Committee filed an emergency motion before the District Court for the Southern

District of New York for an expedited appeal and a stay pending appeal.  The Applicant

similarly drafted and filed an objection to this emergency motion.  The Applicant prepared for

and participated in oral argument before Judge Kaplan in the District Court, where Judge Kaplan

denied the motion for an expedited appeal and a stay pending appeal.  The Applicant coordinated

with the Debtors in opposing these motions.

71.    The Applicant also monitored and updated the Committee with respect to

other appeals to the Sale Order filed in these chapter 11 matters.

**T.    Tax Issues**
   **Billing Code:  00023**
   **(Fees:  $137,560.50/Hours Billed: 202.40)**

72.    In reviewing the "First Day" motions, the Applicant reviewed, analyzed

and negotiated modifications to the motion establishing notification procedures regarding

restrictions on certain transfers of interests in the Debtors.  During the First Interim Fee Period,

the Applicant devoted a substantial amount of time to analyzing the tax consequences of the

Sale Transaction.  This analysis included identifying the material tax exposures retained by

Debtors' estates after the Sale Transaction and assessing the tax consequences of the Master

Sale and Purchase Agreement, the dealer termination agreements and other Sale Transaction

Documents to minimize any adverse impacts on the potential distributions to the general

unsecured creditors.  As part of these efforts, the Applicant analyzed the pre-sale and post-sale

tax structure of the Debtors; performed diligence on the Debtors' tax reserves; reviewed the tax-related provisions of the Sale Transaction Documents, offered recommendations to Debtors that optimized the tax efficiency of the sale transaction; and negotiated material changes to the Sale Transaction Documents through discussions with counsel for the Debtors.

73.    In addition, the Applicant reviewed and conferred with the Debtors on the Internal Revenue Service ruling requests.    The Applicant also began to analyze the tax implications of potential plan of liquidation structures.

**U.    Retention of Professionals**
**Billing Code:  00026**
**(Fees:  $182,247.00/Hours Billed: 304.30)**

74.    During the First Interim Fee Period, the Applicant spent time preparing, filing and negotiating (with the United States Trustee) the terms of its retention application. The Applicant also spent time reviewing and assisting in the preparation of retention applications for various other Committee professionals, including Butzel Long, the conflicts counsel to the Committee [Docket No. 2847];  FTI Consulting, Inc. , the financial advisors to the Committee [Docket No. 3659] and Epiq Bankruptcy Solutions, the Committee Website's provider [Docket No. 3268].

75.    In addition, the Applicant reviewed and analyzed the Debtors' applications to retain estate professionals.    In particular, the Applicant negotiated the terms of the AP Services retention agreements (to serve as the Debtors' chief restructuring officer).    The Applicant spent a significant amount of time reviewing, analyzing and researching the application to retain Evercore Group, LLC ("Evercore") as the Debtors' financial advisor. The Applicant initially filed an objection on behalf of the Committee objecting to Evercore's retention.    After extensive negotiations, the Applicant negotiated certain modifications to the

28

terms of Evercore's retention to defer a portion of their success fee until confirmation of a plan of liquidation, thereby directly aligning the "success" fee with the distribution of New GM's equity to unsecured creditors under a confirmed plan.

### V.    Plan and Disclosure Statement
**Billing Code:  00027**
**(Fees:  $22,272.50/Hours Billed: 31.20)**

76.    During the First Interim Fee Period, the Applicant reviewed the Debtors' motion to extend the exclusive periods in which to file a plan of liquidation and drafted and filed a statement in support of such motion.  In addition, the Applicant began analyzing and preparing models for potential plan structures.    As described in other sections of this Application, the Applicant analyzed the tax and SEC implications of plan structures and met with the Debtors on developing the outline of a plan.

### W.    Travel
**Billing Code:  00031**
**(Fees:  $6,503.50/Hours Billed: 18.10)[5]**

77.    The non-working travel matter includes time for traveling to and from various destinations as part of its representation of the Committee, including, but not limited to, this Court, the locations for depositions of directors and officers of the Debtors, the offices of Weil Gotshal and Manges, LLP (as bankruptcy counsel to the Debtors) for several meetings with the Debtors, and Detroit, Michigan for a meeting on environmental issues.  The Applicant has agreed that non-working travel time will be billed at 50% and the billed time reflects this reduction.

---

[5] Note that the cumulative hours billed includes 9.05 hours of travel time in order to reflect the 50% reduction.

X.    **Motions**
      **Billing Code:  00032**
      **(Fees:  $297,659.50/Hours Billed: 587.10)**

78.    During the First Interim Fee Period, the Applicant, in consultation with the

Committee's financial advisor, reviewed, analyzed summarized and provided recommendations

to the Committee with respect to the legal and financial aspects of the motions filed by the

Debtors and other parties-in-interest in these cases.   To adequately assert the Committee's

positions, the Applicant, when directed to do so by the Committee, prepared formal and

informal responses and/or objections to motions and other requests for relief or negotiated a

resolution on behalf of the Committee.   In each case, every effort was made to resolve disputes

efficiently and consensually.   As a result, the Committee participated in relatively few contested

proceedings in these cases.

79.    In addition to the specific motions discussed in other sections of this

Application, during the First Interim Fee Period, the Applicant focused on the following salient

motions:

- The Debtors' "First-Day" Motions.  The Applicant, with the assistance of the
  Committee's financial advisors, made recommendations to the Committee
  regarding all of the Debtors' "first-day" motions and negotiated consensual
  modifications to the orders where appropriate.   For example, the Applicant
  negotiated with the Debtors to make changes to "essential suppliers" and
  "foreign creditors" order [Docket Nos. 2533 and 2537], to provide the
  Committee with an oversight role over payments to essential suppliers and
  foreign creditors.   The Applicant also negotiated modifications to the cash
  management order [Docket No. 2542], to provide the Committee with (i) the
  right to object to a bank's potential assertion of cash collateral or setoff
  rights; (ii) a summary of monthly postpetition intercompany activity and
  balances and (iii) consultation rights on whether any restrictions should be
  placed on further intercompany transfers subsequent to the closing of Sale
  Transaction.

- Appointment of Additional Official Committee Motions.   The Applicant
  believes that the Committee was and continues to uphold its fiduciary duty to
  all general unsecured creditors and that the appointment of additional official

30

committees (which leads to additional administrative expenses) was unnecessary. To that end, the Applicant successfully objected to motions to form additional official committees filed by the following ad hoc groups: (i) ad hoc committee of family and dissident GM bondholders; (ii) Ad Hoc Asbestos Committee; (iii) ad hoc committee of consumer victims; and (iv) General Motors Retirees Association.

- <u>De Minimis Asset Sale Motion</u>. The Applicant negotiated an Order Establishing Procedures for the Disposition of De Minimis Assets [Docket No. 3830] which increased scrutiny and reporting requirements for such sales.

- <u>1102 Order</u>. The Applicant drafted and filed a motion establishing procedures for compliance with Sections 1102(b)(3) and 1103(c) of the Bankruptcy Code.

**Y.    Pre-Petition Collateral Review**
**Billing Code:  00033**
**(Fees: $163,571.00/Hours Billed: 387.50)**

80.    During the First Interim Fee Period, pursuant to the terms of the Final Cash Collateral Orders, the Applicant investigated, reviewed, analyzed, and summarized the collateral position of the bank lenders in connection with the pre-petition loan documents. The Applicant's collateral review took place in several phases.

81.    First, the Applicant obtained copies of all credit and security documents for each of the pre-petition secured credit facilities and created a data room to organize each of the documents and facilitate analysis. Second, the Applicant conducted diligence with respect to legal, financial and business aspects of the prepetition lenders' collateral under the pre-petition secured credit facilities, including: reviewing and summarizing various credit documents, collateral documents, intercreditor agreements, mortgages, trademark filings, copyright filings and patent filings, stock certificates, and debt instruments. In conducting such review and summary, the Applicant conducted and obtained numerous UCC, intellectual property and real estate searches and analyzed the results of such searches. Third, the Applicant synthesized its analysis of the applicable documentation with search results, updating

31

such analyses as additional security documents were delivered. This analysis contained comparisons of the collateral pledged under each of the pre-petition secured credit facilities.

82.     The Applicant presented its completed analysis with respect to the validity of the prepetition lenders' liens on collateral to the Committee, identifying any property of the Debtors that was not subject to perfected liens.

**Z.     363 Sale Issues**
        **Billing Code: 00034**
        **(Fees: $344,250.00/Hours Billed: 558.60)**

83.     As noted in other sections of this Application, the Applicant devoted a substantial amount of time to analyzing the Sale Transaction. The Applicant summarized and analyzed the motion seeking approval of the Sale Transaction and the hundreds of objections filed by the parties-in interest to the Sale order. In conjunction with analysis of the Sale Transaction Documents, the Applicant researched the bankruptcy issues surrounding a 363 sale.

84.     After a comprehensive review of the Sale Transaction Documents and relevant research, the Applicant drafted and filed a limited objection to the sale [Docket No. 2362], that supported the sale provided certain important modifications for the benefit of unsecured creditors were implemented.

85.     After continued negotiations over the Sale Order and Sale Transaction Documents, the Committee ultimately decided to support the sale, and the Applicant spoke at the conclusion of the sale hearings in support thereof. Promptly thereafter, the Applicant diligently worked with the other estate professionals on a consensual form of the Sale Order. The Applicant then reviewed and analyzed the documents in connection with the opinion issued by this Court setting forth the rationale for affirming the Sale Transaction and Sale Order.

32

**AA.     Tort and Successor Liability Issues**
       **Billing Code: 00035**
       **(Fees: $228,060.00/Hours Billed: 416.10)**

           86.     The Applicant devoted a substantial amount of time to analyzing the

successor liability issues raised by the Sale Transaction.  The Applicant researched and drafted

two comprehensive memorandums for the Committee:  The first memorandum addressed the

scope of the bankruptcy court's authority to authorize a sale of substantially all assets free and

clear of successor liability claims.  The second memorandum addressed successor liability

under state law.  In preparing these memorandums, the Applicant reviewed and analyzed the

Master Sale and Purchase Agreement and proposed Sale Order, extensively researched the

bankruptcy issues and state law on successor liability issues.  These memorandums served as

the basis for the Debtors' limited objection to the Sale Transaction.  As discussed in other

sections of this Application, the Master Sale and Purchase Agreement was amended to provide

that New GM would assume liability for product liability claims arising out of damages

incurred post-closing.

           87.     In addition, during the First Interim Fee Period, the Applicant

communicated with product liability and asbestos creditors on their specific issues in the

bankruptcy case, including the availability of insurance coverage and future asbestos

representatives.

**BB.     Schedules and Statements of Financial Affairs**
       **Billing Code: 00036**
       **(Fees: $2,511.00/Hours Billed: 5.20)**

           88.     During the First Interim Fee Period, the Applicant reviewed the Debtors'

Schedules of Assets and Liabilities and Statements of Financial Affairs.

KL2 2625536.3

**CC.   Delphi**
<u>**Billing Code: 00037**</u>
**(Fees: $62,999.50/Hours Billed: 116.10)**

89.   Delphi Corporation ("<u>Delphi</u>"), an auto parts supplier, spun off from GM in 1999. Since the spin-off, Delphi was GM's largest component parts supplier. Delphi filed for bankruptcy in the Southern District of New York in October 2005. Prior to the Petition Date, the Debtors had engaged in discussions to purchase a portion of Delphi's assets through Delphi's bankruptcy case. The Debtors filed a motion for an order approving (i) Master Disposition Agreement for Purchase of Certain Assets of Delphi Corporation, (ii) Related Agreements and Assumption and Assignment of Executory Contracts and (iii) Agreement with Pension Benefit Guaranty Corporation and Entry into Alternative Transaction (the "<u>Delphi Motion</u>").

90.   The Applicant reviewed the Delphi Motion and prepared a detailed summary and analysis for the Committee. This memorandum summarized the salient terms of the Master Disposition Agreement and analyzed the cost and benefits to the estate in entering into either the Master Disposition Agreement or an Alterative Transaction. The Applicant actively negotiated with the Debtors, New GM and other counterparties to the Master Disposition Agreement to ensure that the Debtors' estates would not be saddled with any additional liabilities if Delphi failed to consummate either the Master Disposition Agreement or an Alternative Transaction.

**DD.   363 Transaction: Transition Services Agreement**
<u>**Billing Code: 00038**</u>
**(Fees: $400,252.00/Hours Billed: 585.00)**

91.   As noted in other sections of this Application, the Applicant devoted a substantial amount of time to analyzing the Sale Transaction, including the Transition Services

34

Agreement.   The Applicant's dedicated corporate team coordinated with the Applicant's tax, intellectual property, employee benefits, environmental and real estate professionals in analysis of this document.   The Applicant also prepared and presented to the Committee summaries and memoranda containing analysis of the potential issues under the Transition Services Agreement and recommendations for the Committee.

92.    Over the course of negotiations, the Applicant raised many issues with New GM and the Debtors on the terms of the Transition Services Agreement, including: increasing the cap on liability and limited remedies; limiting New GM's ability to terminate the Transition Services Agreement; assuring the sufficient and quality of services that the Debtors receive; implementing a traditional overall objective performance standard for all services; eliminating any requirement for the Debtors to perform additional services; New GM should be responsible for performance of its third party providers, environmental conditions it causes and absence of landlord consents; the Debtors should receive traditional arms-length real estate protections; the Debtors must be assured access to appropriate New GM personnel and information; and enhancing the coordination and dispute resolution process.   Each of these points was critical to the wind down of the Debtors' estates and assuring that the Debtors would obtain the necessary support from New GM in furtherance thereof.

**EE.    363 Transaction: Real Estate Issues**
**Billing Code: 00039**
**(Fees: $198,595.00/Hours Billed: 287.90)**

93.    As noted in other sections of this Application, the Applicant devoted a substantial amount of time to analyzing the Sale Transaction, including the Master Lease Agreement.   The Applicant's real estate team closely coordinated with the dedicated corporate team in analysis of this document.   The Applicant also prepared and presented to the Committee

35

summaries and memoranda containing analysis of the potential issues under the Master Lease Agreement and recommendations for the Committee.

94.    Over the course of negotiations, the Applicant raised many issues with New GM and the Debtors on the terms of the Master Lease Agreement including: the Debtors should be entitled to a creditworthy tenant; the Debtors should receive traditional arms-length real estate provisions; the shortened notice periods (which unduly disadvantage the Debtors) should be increased; the Debtors should be entitled to true holdover rent; the tenant should be responsible for environmental conditions it causes; and Michigan law should not govern out-of-state properties.

## STATEMENT OF KRAMER LEVIN

95.    The foregoing professional services performed by the Applicant were appropriate and necessary.  They were in the best interests of creditors, the Debtors and other parties-in-interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.   The professional services were performed in an appropriately expeditious and efficient manner.

96.    The professional services performed by the Applicant on behalf of the Committee during the First Interim Fee Period required an aggregate expenditure of 7,678.55 recorded hours by the Applicant's members, counsel, associates and paraprofessionals.  Of the aggregate time expended, 2,840.00 recorded hours were expended by partners and counsel of the Applicant, 4,160.15 recorded hours were expended by associates, and 678.40 recorded hours were expended by paraprofessionals of the Applicant.

97.    During the First Interim Fee Period, the Applicant's hourly billing rates for attorneys ranged from $385 to $930 per hour.  Non-working travel time was billed at 50%.

36

Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $633 per hour (based upon 7,000.15 recorded hours for attorneys at the Applicant's regular billing rates in effect at the time of the performance of services), and a total blended hourly billing rate for the Applicant's members, counsel, associates, and paraprofessionals of $598.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.  As noted, attached hereto in Exhibit "B" is a schedule listing each the Applicant professional and paraprofessional who performed services in these cases during the First Interim Fee Period, the hourly rate charged by the Applicant for services performed by each individual and the aggregate number of hours and charges by each individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF KRAMER LEVIN

98.    As set forth in Exhibit "C" hereto, the Applicant has disbursed $85,452.58 as expenses incurred in providing professional services during the First Interim Fee Period.  Pursuant to the Applicant's policies (which we believe are comparable to those of other New York City law firms), the Applicant has (and will continue) to pay certain expenses of professionals who work past 8:00 p.m. and on weekends and holidays in the service of its clients.  For example, the Applicant seeks reimbursement for up to $20 in meal charges for late-working professionals in accordance with the UST Guidelines.[6]    The Applicant's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred

---

[6] To the extent the cost of the meal was over $20, the Applicant has limited its request for reimbursement to $20.  In applying such guidelines during the First Interim Fee Period, the Applicant did not request reimbursement relating to meal expenses incurred in the amount of $936.72.

during the regular course of the rendition of services. These expenses are routinely billed to and paid by the Applicant's clients, who recognize the efficiency of having a few professionals working long hours, with increased disbursements, as opposed to larger and less efficient teams.

99. However, the Applicant has adopted more stringent guidelines and procedures for the Debtors bankruptcy cases. For example, the Applicant determined that its average car service expense is approximately $75 per trip and determined that it will not seek reimbursement of car service charges for late-working professionals to the extent that such charges exceed the $75 average – that is, where the charge is less than $75, the Applicant seeks reimbursement of the actual charge, and where the charge exceeds $75, the Applicant limits its request for reimbursement to $75.

100. With respect to photocopying expenses, the Applicant charged $0.10 per page. The Applicant does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than $1.25 per page as permitted by the Guidelines. Each of these categories of expenses does not exceed the maximum rate set by the Guidelines. These charges are intended to cover the Applicant's direct operating costs, which costs are not incorporated into the Applicant's hourly billing rates. Only clients who actually use services of the types set forth in Exhibit "C" are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow the Applicant to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

38

101.   In addition, due to the location of Committee members, long-distance telephone calls were required.  On several occasions, overnight delivery of documents and other materials was required.   On other occasions, in-person meetings were required.   These disbursements are not included in the Applicant's overhead for the purpose of setting billing rates.

102.   The Applicant has made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

103.   Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded..., the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

39

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

104.   Here, the Applicant respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of, the Committee.  The Applicant further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee.  The services rendered by the Applicant were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  The Applicant respectfully submits that approval of the compensation sought herein is warranted.

## **NOTICE**

105.   Notice of this Application has been provided in accordance with the Interim Compensation Order.  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need be given to any party.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

40

## **<u>CONCLUSION</u>**

WHEREFORE, the Applicant respectfully requests that the Court enter an order

(i) awarding the Applicant the interim allowance of (a) fees for the First Interim Fee Period in

the aggregate amount of $4,593,910.50, and (b) the reimbursement for actual and necessary

expenses the Applicant incurred during the First Interim Fee Period in the amount of $85,047.77;

(ii) authorizing and directing the Debtors to pay the Applicant $910,156.69, representing all

unpaid amounts for the First Interim Fee Period; and (iii) granting such other relief as is just.


Dated: November 16, 2009
      New York, New York

          _/s/ Adam C. Rogoff_____
          Adam C. Rogoff

          KRAMER LEVIN NAFTALIS & FRANKEL LLP
          Thomas Moers Mayer
          Adam C. Rogoff
          Amy D. Caton
          1177 Avenue of the Americas
          New York, New York  10036
          Telephone:  (212) 715-3275
          Facsimile:  (212) 715-8000

          *Counsel for the Official Committee of Unsecured*
          *Creditors of Motors Liquidation Co., (f/k/a*
          *General Motors Corp.) <u>et</u> <u>al</u>.*

## DECLARATION OF SERVICE

I, Jennifer Sharret, hereby declare, pursuant to 28 U.S.C. § 1746, that on November 16, 2009, I caused a true and complete copy of the *First Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from June 3, 2009 through September 30, 2009* to be served via overnight delivery or next-day hand-delivery upon (i) the Debtors, Motors Liquidation Company, (Attn. Ted Stenger), 300 Renaissance Center, Detroit, Michigan 48265; (ii) Weil, Gotshal & Manges LLP, counsel to the Debtors, (Attn. Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.) 767 Fifth Avenue New York, New York 10153; (iii) the U.S Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn.: Diana G. Adams, Esq.); and (iv) The Honorable Robert E. Gerber, Chambers, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 16, 2009
      New York, New York

/s/ Jennifer Sharret
Jennifer Sharret

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Adam C. Rogoff
Amy D. Caton
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-3275
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Unsecured
Creditors of Motors Liquidation Co., (f/k/a
General Motors Corp.) et al.*

2

KL2 2625536.3

# EXHIBIT A

## Certification of Adam C. Rogoff

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Adam C. Rogoff
Amy D. Caton
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured*
*Creditors of Motors Liquidation Co., (f/k/a General Motors Corp.) et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| MOTORS LIQUIDATION COMPANY., et al. | ) | Chapter 11 |
| (f/k/a General Motors Corp., et al.) | ) | |
| | ) | Case No. 09-50026 (REG) |
| Debtors. | ) | Jointly Administered |
| | ) | |

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Adam C. Rogoff, hereby certify that:

1.      I am a member of Kramer Levin Naftalis & Frankel LLP (the "Applicant"), with responsibility for the Official Committee of Unsecured Creditors (the "Committee") of the Debtors bankruptcy cases of Motors Liquidation Company, (f/k/a General Motors Corp.) et al. as debtors and debtors-in-possession in the Debtors bankruptcy cases (collectively, the "Debtors"), and I submit this first application for interim compensation in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to sections 105(a) and 331 of

the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing

Procedures for Interim Monthly Compensation for Professionals [Docket No. 3711] (the "Interim

Compensation Order") and, collectively with the Local Guidelines and UST Guidelines, the

"Guidelines").

        2.     This certification is made in respect of the Applicant's application, dated

November 16, 2009 (the "Application"), for interim compensation and reimbursement of

expenses for the period commencing June 3, 2009 through and including September 30, 2009

(the "First Interim Fee Period") in accordance with the Guidelines.

        3.     In respect of section B.1 of the Local Guidelines, I certify that:

     a.     I have read the Application;

     b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

     c.     the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients; and

     d.     in providing a reimbursable service, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third party.

        4.     In respect of section B.2 of the Local Guidelines and as required by the

Interim Compensation Order, I certify that the Applicant has complied with the provision

requiring it to provide the appropriate notice parties, on a monthly basis, with a statement of the

Applicant's fees and disbursements accrued during the previous month.

2

5.     In respect of section B.3 of the Local Guidelines, I certify that counsel for

the Debtors and the United States Trustee for the Southern District of New York are each being

provided with a copy of this Application.


Dated:    New York, New York
          November 16, 2009



                                        /s/ Adam C. Rogoff
                                        Adam C. Rogoff










                                        3

**EXHIBIT B**

**Summary of Professionals**

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS | RATE[7] | AMOUNT |
|---|---|---|---|---|---|---|
| MAYER, THOMAS MOERS | BANKRUPTCY | 1982 | PARTNER | 168.70 | 930 | 156,891.00 |
| ECKSTEIN, KENNETH H. | BANKRUPTCY | 1980 | PARTNER | 169.40 | 930 | 157,542.00 |
| ROGOFF, ADAM C | BANKRUPTCY | 1989 | PARTNER | 344.30 | 795 | 273,718.50 |
| SCHMIDT, ROBERT T. | BANKRUPTCY | 1990 | PARTNER | 384.30 | 735 | 282,460.50 |
| CATON, AMY | BANKRUPTCY | 2000 | PARTNER | 340.80 | 680 | 231,744.00 |
| KOPELMAN, KENNETH P. | CORPORATE | 1978 | PARTNER | 308.50 | 835 | 257,597.50 |
| WECHSLER, ERNEST S. | CORPORATE | 1991 | PARTNER | 103.50 | 700 | 72,450.00 |
| MOLNER, THOMAS E. | CORPORATE | 1989 | PARTNER | 112.90 | 735 | 82,981.50 |
| WARREN, CHARLES S | ENVIRONMENT | 1965 | PARTNER | 127.10 | 735 | 93,418.50 |
| HERZOG, BARRY | TAX | 1992 | PARTNER | 72.10 | 750 | 54,075.00 |
| TRACHTMAN, JEFFREY S. | LITIGATION | 1985 | PARTNER | 72.50 | 760 | 55,100.00 |
| ROCHON, JENNIFER | LITIGATION | 1998 | PARTNER | 82.60 | 680 | 56,168.00 |
| DIENSTAG, ABBE L. | CORPORATE | 1983 | PARTNER | 25.70 | 715 | 18,375.50 |
| FRIEDMAN, ALAN R. | LITIGATION | 1977 | PARTNER | 21.10 | 810 | 17,091.00 |
| KROUNER, SHARI K. | CORPORATE | 1985 | PARTNER | 3.40 | 715 | 2,431.00 |
| JANOVER, THOMAS T. | BANKRUPTCY | 1987 | PARTNER | 1.00 | 705 | 705.00 |
| BENTLEY, PHILIP | BANKRUPTCY | 1985 | PARTNER | 0.90 | 760 | 684.00 |
| LUTGENS, CHRISTINE | EMPLOYEE BENEFITS | 2000 | PARTNER | 41.70 | 810 | 33,777.00 |
| GODMAN, JAMES P. | REAL ESTATE | 1991 | PARTNER | 42.00 | 710 | 29,820.00 |

---

[7]   Please note that non-working travel time is billed at 50%. In addition, consistent with the Applicant's billing practices, associates' billing rates increased on September 1, 2009.

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS | RATE[7] | AMOUNT |
|---|---|---|---|---|---|---|
| REZNICK, ALLAN E. | CORPORATE | 1982 | PARTNER | 18.70 | 775 | 14,492.50 |
| CHIN, KENNETH | CORPORATE | 1988 | PARTNER | 10.10 | 715 | 7,221.50 |
| AUGUSTE, CHRISTOPHER S | CORPORATE | 1984 | PARTNER | 60.30 | 700 | 42,210.00 |
| HOROWITZ, GREGORY A. | LITIGATION | 1991 | PARTNER | 1.40 | 715 | 1,001.00 |
| STOOPACK, HELAYNE O. | TAX | 1982 | SPEC COUNSEL | 65.90 | 695/700 | 45,815.00 |
| FEIN, MICHAEL | REAL ESTATE | 1994 | SPEC COUNSEL | 179.60 | 685/890 | 123,033.50 |
| FREJKA, ELISE SCHERR | BANKRUPTCY | 1991 | SPEC COUNSEL | 81.50 | 670 | 54,605.00 |
| CHASS, MARK | BANKRUPTCY | 1991 | ASSOCIATE | 24.70 | 645 | 15,931.50 |
| DAVIS, JOSHUA | CORPORATE | 2000 | ASSOCIATE | 206.40 | 650 | 134,160.00 |
| RIGEL, BLAKE | CORPORATE | 2002 | ASSOCIATE | 30.60 | 650 | 19,890.00 |
| NOVOD, GORDON | BANKRUPTCY | 2002 | ASSOCIATE | 405.60 | 615 | 249,444.00 |
| FINGER, TONI | ENVIRONMENT | 2002 | ASSOCIATE | 42.30 | 650/660 | 27,764.00 |
| SCHULMAN, BRENDAN M. | LITIGATION | 2001 | ASSOCIATE | 84.10 | 650 | 54,665.00 |
| ROSENSAFT, JODI | CORPORATE | 2004 | ASSOCIATE | 15.30 | 600 | 9,180.00 |
| TAYLOR, JEFFREY | CORPORATE | 2001 | ASSOCIATE | 200.40 | 635/650 | 127,291.50 |
| FOLB, KERRI | ENVIRONMENT | 2001 | ASSOCIATE | 139.50 | 635/650 | 89,239.50 |
| LEVINE, DAVID J | CORPORATE | 1999 | ASSOCIATE | 54.80 | 660 | 36,168.00 |
| CAMPANA, KRISTEN V | CORPORATE | 2000 | ASSOCIATE | 155.20 | 650 | 100,880.00 |
| RUSKAY-KIDD, SCOTT | LITIGATION | 1999 | ASSOCIATE | 70.10 | 660 | 46,266.00 |
| OLIVEIRA, JULIANA | LITIGATION | 2008 | ASSOCIATE | 3.00 | 360 | 1,080.00 |

2

KL2 2625536.3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS | RATE[7] | AMOUNT |
|---|---|---|---|---|---|---|
| BLADES, MELISSA | TAX | 2005 | ASSOCIATE | 32.90 | 520/560 | 17,236.00 |
| VELLUT, LAETITIA | CORPORATE | 2005 | ASSOCIATE | 17.80 | 560 | 9,968.00 |
| KATZ, ALYSSA R | CORPORATE | 2007 | ASSOCIATE | 119.00 | 485/520 | 57,764.00 |
| WAXMAN, HADASSA R | LITIGATION | 2001 | ASSOCIATE | 48.20 | 635 | 30,607.00 |
| FREEDMAN, ALEXANDER J | CORPORATE | 2006 | ASSOCIATE | 289.70 | 520/560 | 150,660.00 |
| WEINER, AMY | LITIGATION | 2009 | ASSOCIATE | 27.30 | 440 | 12,012.00 |
| WEBBER, AMANDA | CORPORATE | 2008 | ASSOCIATE | 90.90 | 440/485 | 40,081.50 |
| SHARRET, JENNIFER | BANKRUPTCY | 2008 | ASSOCIATE | 521.15 | 440/485 | 233,725.00 |
| DANIELS, ELAN | BANKRUPTCY | * Not Yet Admitted | ASSOCIATE | 2.40 | 560 | 1,344.00 |
| CHO, DANNIE | LITIGATION | 2009 | ASSOCIATE | 246.80 | 385/440 | 95,227.00 |
| FORD, SAMANTHA | LITIGATION | * Not Yet Admitted | ASSOCIATE | 73.40 | 385 | 28,259.00 |
| GREENBERG, EZRA S | LITIGATION | * Not Yet Admitted | ASSOCIATE | 47.70 | 385 | 18,364.50 |
| PATT, EILEEN | LITIGATION | 2009 | ASSOCIATE | 24.30 | 385 | 9,355.50 |
| REGAL, VICTOR | LITIGATION | * Not Yet Admitted | ASSOCIATE | 97.80 | 385 | 37,653.00 |
| LUCAS, DIANE | LITIGATION | 2008 | ASSOCIATE | 16.00 | 440 | 7,040.00 |
| BLABEY, DAVID E | BANKRUPTCY | 2005 | ASSOCIATE | 170.90 | 560 | 95,704.00 |
| VESSEY, JONATHAN B | CORPORATE | 2000 | ASSOCIATE | 54.80 | 485 | 26,578.00 |
| MACKSOUD, LAUREN M | BANKRUPTCY | 2004 | ASSOCIATE | 600.75 | 585/600 | 353,661.75 |
| CHERNYAK, YEKATERINA | BANKRUPTCY | 2007 | ASSOCIATE | 11.75 | 485 | 5,698.75 |
| PLOTKO, GREGORY G | BANKRUPTCY | 1999 | ASSOCIATE | 100.10 | 660/665 | 66,357.00 |

3

| TIMEKEEPER | DEP'T | YEAR ADMITTED TO NEW YORK BAR | TITLE | HOURS | RATE[7] | AMOUNT |
|---|---|---|---|---|---|---|
| AMSTER, JASON S | CORPORATE | * Not Yet Admitted | ASSOCIATE | 56.40 | 520 | 29,328.00 |
| SCHMIDT, SHAI | BANKRUPTCY | * Not Yet Admitted | ASSOCIATE | 22.00 | 385 | 8,470.00 |
| RINGER, RACHAEL LYNN | BANKRUPTCY | * | SUMMER ASSOC | 46.10 | 320 | 14,752.00 |
| WONG, ANITA | BANKRUPTCY | * | SUMMER ASSOC | 10.00 | 320 | 3,200.00 |
| CIPOLLA, SANTO A. | LITIGATION | * | PARALEGAL | 27.00 | 260 | 7,020.00 |
| GOLDBERG, MERYL | REAL ESTATE | * | PARALEGAL | 22.60 | 250 | 5,650.00 |
| WEFELS, MICHAEL | REAL ESTATE | * | PARALEGAL | 16.30 | 250 | 4,075.00 |
| BARRON, DRUSILLA | LITIGATION | * | PARALEGAL | 54.30 | 260 | 14,118.00 |
| CWIECEK, ANYA W | GENERAL | * | PARALEGAL | 11.50 | 255 | 2,932.50 |
| ALMEDA, DOMINADOR E | CORPORATE | * | PARALEGAL | 117.90 | 270 | 31,833.00 |
| PAREDEZ, ROBERT | GENERAL | * | PARALEGAL | 63.40 | 260 | 16,484.00 |
| MAKINDE, MICHAEL A | BANKRUPTCY | * | PARALEGAL | 9.00 | 275 | 2,475.00 |
| CHAIKIN, REBECCA B. | BANKRUPTCY | * | PARALEGAL | 269.70 | 260 | 70,122.00 |
| CHOUPROUTA, ANDREA | BANKRUPTCY | * | PARALEGAL | 8.30 | 275 | 2,282.50 |
| HOCHBERG, MICHAEL | BANKRUPTCY | * | PARALEGAL | 10.00 | 80 | 800.00 |
| HUSAIN, NAVED | BANKRUPTCY | * | PARALEGAL | 40.50 | 80 | 3,240.00 |
| KAPLAN, EVAN | GENERAL | * | PARALEGAL | 18.00 | 80 | 1,440.00 |
| SURIS, LILIYA | MANAGING ATTORNEY | * | OTHER TKPR | 8.40 | 105 | 882.00 |
| GREGORY, BRANDON | MANAGING ATTORNEY | * | OTHER TKPR | 1.50 | 95 | 142.50 |
| TOTALS | | | | 7,678.55 | | $4,593,910.50 |

4

**EXHIBIT C**

**Summary of Disbursements**

| DESCRIPTION | AMOUNT |
|---|---:|
| CAB FARES | 12,305.74 |
| CORP. DOCUMENTS & MATERIALS | 16.54 |
| COURTLINK SEARCHES | 5,706.83 |
| DEPT MTG/OTHER MTGS | 4,421.65 |
| DOCUMENT RETRIEVAL FEES | 56.00 |
| INSIDE MESSENGER | 9,627.46 |
| LEXIS/NEXIS ON-LINE RESEARCH | 8,893.48 |
| LONG-DISTANCE TEL. | 524.54 |
| MEALS/IN-HOUSE | 664.84 |
| MEALS/T & E | 792.29 |
| MESSENGER/COURIER | 76.88 |
| OUT-OF-TOWN TRAVEL | 718.24 |
| OUTSIDE PHOTOCOPYING | 6,648.87 |
| PHOTOCOPYING | 1.73 |
| POSTAGE | 1,707.24 |
| PRINTING & BINDING | 2,947.00 |
| RESEARCH SERVICES | 416.00 |
| TABS | 16.50 |
| TELECOPIER | 15,201.30 |
| TRANSCRIPT FEES | 300.00 |
| VELOBINDINGS | 712.51 |
| WESTLAW ON-LINE RESEARCH | 13,292.13 |
| **TOTAL** | **$85,047.77** |

## EXHIBIT D

## Summary of Time by Billing Category

| GM CREDITORS COMMITTEE | | | |
|---|---|---|---|
| Time from June 3, 2009 through September 30, 2009 | | | |
| **Matter Number** | **Matter Name** | **Hours** | **Fees** |
| 068000-00001 | CASE ADMINISTRATION | 322.70 | 165,115.50 |
| 068000-00002 | GENERAL ADVERSARY PROCEEDINGS | 33.30 | 14,655.50 |
| 068000-00003 | AUTOMATIC STAY MATTERS/RELIEF | 4.90 | 2,514.00 |
| 068000-00005 | MEETINGS WITH DEBTORS/OTHER MAJOR CONSTITUENTS | 249.70 | 165,285.50 |
| 068000-00006 | DIP FINANCING/CASH COLLATERAL | 392.00 | 240,942.50 |
| 068000-00007 | CLAIMS ADMINISTRATION & OBJECTIONS | 17.30 | 10,593.50 |
| 068000-00008 | CORPORATE & SECURITIES MATTERS | 202.60 | 130,477.00 |
| 068000-00009 | CREDITOR COMMUNICATIONS | 175.60 | 97,236.00 |
| 068000-00010 | COMMITTEE MEETINGS/COMMUNICATIONS | 443.40 | 269,442.00 |
| 068000-00011 | EMPLOYEE BENEFITS/LABOR ISSUES | 71.20 | 46,834.50 |
| 068000-00013 | SUPPLIER MATTERS | 26.60 | 19,302.50 |
| 068000-00014 | DEALERSHIP MATTERS | 190.10 | 130,436.50 |
| 068000-00015 | ENVIRONMENTAL ISSUES | 520.90 | 346,727.00 |
| 068000-00016 | HEARINGS | 499.00 | 277,606.00 |
| 068000-00017 | 363 TRANSACTION: MASTER PURCHASE AGREEMENT ISSUES | 585.60 | 381,361.50 |
| 068000-00018 | EXECUTORY CONTRACT | 57.90 | 38,175.50 |
| 068000-00019 | FEE APPLICATION/MONTHLY INVOICES | 109.10 | 44,090.00 |
| 068000-00021 | DISCOVERY/DEPOSITIONS | 185.10 | 106,253.50 |
| 068000-00022 | APPELLATE ISSUES | 101.10 | 60,380.50 |
| 068000-00023 | TAX ISSUES | 202.40 | 137,560.50 |
| 068000-00026 | RETENTION OF PROFESSIONALS | 304.30 | 182,247.00 |
| 068000-00027 | PLAN & DISCLOSURE STATEMENT | 31.20 | 22,272.50 |
| 068000-00031 | TRAVEL | 9.05[8] | 6,503.50 |
| 068000-00032 | MOTIONS | 587.10 | 297,659.50 |
| 068000-00033 | PRE-PETITION COLLATERAL REVIEW | 387.50 | 163,571.00 |
| 068000-00034 | 363 SALE ISSUES | 558.60 | 344,250.00 |
| 068000-00035 | TORT AND SUCCESSOR LIABILITY ISSUES | 416.10 | 228,060.00 |
| 068000-00036 | SCHEDULE AND STATEMENT OF FINANCIAL AFFAIRS | 5.20 | 2,511.00 |
| 068000-00037 | DELPHI | 116.10 | 62,999.50 |
| 068000-00038 | 363 TRANSACTION: TRANSITION SERVICES AGREEMENT | 585.00 | 400,252.00 |
| 068000-00039 | 363 TRANSACTION: REAL ESTATE ISSUES | 287.90 | 198,595.00 |
| **TOTAL** | | **7,678.55** | **4,593,910.50** |

---

[8] This billed time reflects the 50% reduction for non-working travel.

# K R A M E R  L E V I N  N A F T A L I S  &  F R A N K E L LLP

1177 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
PHONE 212.715.9100
FAX 212.715.8000

November 16, 2009

MOTORS LIQUIDATION COMPANY

When remitting,
please reference:
Invoice Number:  523067,
526639, 526931, 529238
068000

---

FOR PROFESSIONAL SERVICES rendered June 3, 2009 through September 30, 2009,
as per the attached time detail.

| | |
|---|---|
| FEES ................................................................................................ | $4,600,414.00 |
| LESS 50% DISCOUNT ON TRAVEL MATTER 31 ......................................... | (6,503.50) |
| TOTAL FEES ................................................................................................ | $4,593,910.50 |
| DISBURSEMENTS AND OTHER CHARGES .................................................. | 85,047.77 |
| INVOICE TOTAL  ................................................................................................ | $4,678,958.27 |

---

Amounts due may be remitted by wire transfer.

| | |
|---|---|
| **To:** | Citibank, N.A. |
| | Citicorp Center 153 E. 53rd Street NY, N.Y. 10043 |
| | ABA #021000089 |
| **Account:** | Kramer Levin Naftalis & Frankel LLP Money Market A\C 37613572 |
| **By Order of:** | Invoice No. Multiple Invoices |
| **Citibank Contact:** | Deborah Hosking (212) 559-8634 |

**TIME AND DISBURSEMENT AMOUNTS POSTED AFTER THE BILLING PERIOD SHOWN
ON THIS INVOICE WILL APPEAR ON A SUBSEQUENT INVOICE.**

**DUE AND PAYABLE UPON RECEIPT.  THE LEGAL RATE OF INTEREST WILL BE
CHARGED FOR BALANCES OUTSTANDING OVER 30 DAYS.
TAX ID#  13-1944339**

KL4 2265151.2

GENERAL MOTORS CREDITORS COMMITTEE                           November 16, 2009
068000-00001 CASE ADMINISTRATION                          Invoice No. Multiple Invoices

### SUMMARY OF SERVICES

| TIMEKEEPER[1] | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| DIENSTAG, ABBE L. | PARTNER | 2.00 | 715.00 | 1,430.00 |
| ECKSTEIN, KENNETH H. | PARTNER | 12.40 | 930.00 | 11,532.00 |
| KOPELMAN, KENNETH P. | PARTNER | 2.50 | 835.00 | 2,087.50 |
| SCHMIDT, ROBERT T. | PARTNER | 2.80 | 735.00 | 2,058.00 |
| SCHMIDT, ROBERT T. | PARTNER | 18.80 | 735.00 | 13,818.00 |
| MAYER, THOMAS MOERS | PARTNER | 5.20 | 930.00 | 4,836.00 |
| CATON, AMY | PARTNER | 12.10 | 680.00 | 8,228.00 |
| ROCHON, JENNIFER | PARTNER | 3.40 | 680.00 | 2,312.00 |
| WECHSLER, ERNEST S. | PARTNER | 2.50 | 700.00 | 1,750.00 |
| MOLNER, THOMAS E. | PARTNER | 2.00 | 735.00 | 1,470.00 |
| AUGUSTE, CHRISTOPHER S. | PARTNER | 1.00 | 700.00 | 700.00 |
| HERZOG, BARRY | PARTNER | 1.50 | 750.00 | 1,125.00 |
| ROGOFF, ADAM C | PARTNER | 39.20 | 795.00 | 31,164.00 |
| ROGOFF, ADAM C | PARTNER | 3.70 | 795.00 | 2,941.50 |
| NOVOD, GORDON | ASSOCIATE | 6.90 | 615.00 | 4,243.50 |
| NOVOD, GORDON | ASSOCIATE | 23.70 | 615.00 | 14,575.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 2.50 | 650.00 | 1,625.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 2.80 | 650.00 | 1,820.00 |
| RUSKAY-KIDD, SCOTT | ASSOCIATE | 1.00 | 660.00 | 660.00 |
| WAXMAN, HADASSA R | ASSOCIATE | 0.60 | 635.00 | 381.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 0.20 | 520.00 | 104.00 |
| SHARRET, JENNIFER | ASSOCIATE | 18.50 | 440.00 | 8,140.00 |
| SHARRET, JENNIFER | ASSOCIATE | 5.60 | 485.00 | 2,716.00 |
| CHO, DANNIE | ASSOCIATE | 1.30 | 385.00 | 500.50 |
| PATT, EILEEN | ASSOCIATE | 0.50 | 385.00 | 192.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 4.40 | 585.00 | 2,574.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 14.20 | 585.00 | 8,307.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.50 | 600.00 | 900.00 |

---

[1] Please note that certain timekeepers are listed more than once in a particular category because either (i) the associate's billing rate increased on September 1, 2009 or (ii) certain time entries were moved to the appropriate matter number (resulting in multiple entries for a particular timekeeper).

Kramer Levin Naftalis & Frankel LLP                                    Page No. 3

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00001 CASE ADMINISTRATION                          Invoice No. Multiple Invoices

| TIMEKEEPER[1] | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| CHERNYAK, YEKATERINA | ASSOCIATE | 0.20 | 485.00 | 97.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.50 | 660.00 | 990.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.60 | 665.00 | 399.00 |
| SCHMIDT, SHAI | ASSOCIATE | 0.50 | 385.00 | 192.50 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 12.00 | 320.00 | 3,840.00 |
| BARRON, DRUSILLA | PARALEGAL | 42.70 | 260.00 | 11,102.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.80 | 260.00 | 468.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 56.60 | 260.00 | 14,716.00 |
| HOCHBERG, MICHAEL | PARALEGAL | 7.00 | 80.00 | 560.00 |
| HUSAIN, NAVED | PARALEGAL | 7.00 | 80.00 | 560.00 |
| **TOTAL** | | **322.70** | | **165,115.50** |

## SUMMARY OF DISBURSEMENTS AND OTHER CHARGES

| DESCRIPTION | AMOUNT |
|---|---|
| TELECOPIER | 16.50 |
| VELOBINDINGS | 300.00 |
| TABS | 416.00 |
| PHOTOCOPYING | 6,648.87 |
| INSIDE MESSENGER | 56.00 |
| RESEARCH SERVICES | 2,947.00 |
| POSTAGE | 1.73 |
| LONG-DISTANCE TEL. | 8,893.48 |
| WESTLAW ON-LINE RESEARCH | 13,292.13 |
| PRINTING & BINDING | 1,707.24 |
| LEXIS/NEXIS ON-LINE RESEARCH | 9,627.46 |
| COURTLINK SEARCHES | 16.54 |
| OUTSIDE PHOTOCOPYING | 76.88 |

Kramer Levin Naftalis & Frankel LLP                                                      Page No. 4

GENERAL MOTORS CREDITORS COMMITTEE                        November 16, 2009
068000-00001 CASE ADMINISTRATION                     Invoice No. Multiple Invoices

| **DESCRIPTION** | **AMOUNT** |
|---|---|
| MESSENGER/COURIER | 664.84 |
| CORP. DOCUMENTS & MATERIALS | 712.51 |
| CAB FARES | 12,329.65 |
| MEALS/IN-HOUSE | 4,472.95 |
| OUT-OF-TOWN TRAVEL | 792.29 |
| MEALS/T & E | 524.54 |
| DOCUMENT RETRIEVAL FEES | 718.24 |
| TRANSCRIPT FEES | 15,201.30 |
| DEPT MTG/OTHER MTGS | 5,706.83 |
| **TOTAL DISBURSEMENTS AND OTHER CHARGES** | **$85,122.98** |

Kramer Levin Naftalis & Frankel LLP                                    Page No. 5

GENERAL MOTORS CREDITORS COMMITTEE                        November 16, 2009
068000-00002 GENERAL ADVERSARY PROCEEDINGS              Invoice No. Multiple Invoices

**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 0.30 | 735.00 | 220.50 |
| CATON, AMY | PARTNER | 2.80 | 680.00 | 1,904.00 |
| ROGOFF, ADAM C | PARTNER | 0.60 | 795.00 | 477.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.40 | 440.00 | 616.00 |
| CHO, DANNIE | ASSOCIATE | 12.60 | 385.00 | 4,851.00 |
| CHO, DANNIE | ASSOCIATE | 3.80 | 440.00 | 1,672.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.40 | 660.00 | 924.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.40 | 665.00 | 266.00 |
| SCHMIDT, SHAI | ASSOCIATE | 9.00 | 385.00 | 3,465.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.00 | 260.00 | 260.00 |
| **TOTAL** | | **33.30** | | **14,655.50** |

Kramer Levin Naftalis & Frankel LLP                                                    Page No. 6

GENERAL MOTORS CREDITORS COMMITTEE                             November 16, 2009
068000-00003 AUTOMATIC STAY MATTERS/RELIEF                    Invoice No. Multiple Invoices

**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ROGOFF, ADAM C | PARTNER | 0.40 | 795.00 | 318.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.30 | 485.00 | 630.50 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.50 | 660.00 | 330.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.70 | 665.00 | 465.50 |
| SCHMIDT, SHAI | ASSOCIATE | 2.00 | 385.00 | 770.00 |
| **TOTAL** | | **4.90** | | **2,514.00** |

Kramer Levin Naftalis & Frankel LLP                                                          Page No. 7

GENERAL MOTORS CREDITORS COMMITTEE                                          November 16, 2009
068000-00005 MEETINGS WITH DEBTORS/OTHER MAJOR CONSTITUENTSInvoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---:|---:|---:|
| ECKSTEIN, KENNETH H. | PARTNER | 7.90 | 930.00 | 7,347.00 |
| KOPELMAN, KENNETH P. | PARTNER | 3.20 | 835.00 | 2,672.00 |
| SCHMIDT, ROBERT T. | PARTNER | 8.50 | 735.00 | 6,247.50 |
| MAYER, THOMAS MOERS | PARTNER | 3.40 | 930.00 | 3,162.00 |
| MAYER, THOMAS MOERS | PARTNER | 22.10 | 930.00 | 20,553.00 |
| CATON, AMY | PARTNER | 27.50 | 680.00 | 18,700.00 |
| WECHSLER, ERNEST S. | PARTNER | 9.00 | 700.00 | 6,300.00 |
| MOLNER, THOMAS E. | PARTNER | 10.10 | 735.00 | 7,423.50 |
| WARREN, CHARLES S | PARTNER | 6.60 | 735.00 | 4,851.00 |
| ROGOFF, ADAM C | PARTNER | 1.00 | 795.00 | 795.00 |
| ROGOFF, ADAM C | PARTNER | 12.20 | 795.00 | 9,699.00 |
| FREJKA, ELISE SCHERR | SPEC COUNSEL | 2.50 | 670.00 | 1,675.00 |
| NOVOD, GORDON | ASSOCIATE | 25.40 | 615.00 | 15,621.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 0.70 | 650.00 | 455.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 1.30 | 520.00 | 676.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 0.20 | 560.00 | 112.00 |
| WEBBER, AMANDA | ASSOCIATE | 2.30 | 440.00 | 1,012.00 |
| SHARRET, JENNIFER | ASSOCIATE | 22.60 | 440.00 | 9,944.00 |
| SHARRET, JENNIFER | ASSOCIATE | 5.10 | 485.00 | 2,473.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 37.20 | 585.00 | 21,762.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 19.90 | 600.00 | 11,940.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 12.00 | 660.00 | 7,920.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 3.40 | 665.00 | 2,261.00 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 3.80 | 320.00 | 1,216.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.80 | 260.00 | 468.00 |
| **TOTAL** | | **249.70** | | **165,285.50** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                                    Page No. 8

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00006 DIP FINANCING/CASH COLLATERAL                  Invoice No. Multiple Invoices

**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 2.50 | 930.00 | 2,325.00 |
| KOPELMAN, KENNETH P. | PARTNER | 7.10 | 835.00 | 5,928.50 |
| SCHMIDT, ROBERT T. | PARTNER | 8.90 | 735.00 | 6,541.50 |
| MAYER, THOMAS MOERS | PARTNER | 0.60 | 930.00 | 558.00 |
| MAYER, THOMAS MOERS | PARTNER | 1.30 | 930.00 | 1,209.00 |
| CATON, AMY | PARTNER | 6.20 | 680.00 | 4,216.00 |
| CATON, AMY | PARTNER | 105.00 | 680.00 | 71,400.00 |
| LUTGENS, CHRISTINE | PARTNER | 1.60 | 810.00 | 1,296.00 |
| ROCHON, JENNIFER | PARTNER | 8.50 | 680.00 | 5,780.00 |
| CHIN, KENNETH | PARTNER | 1.70 | 715.00 | 1,215.50 |
| CHIN, KENNETH | PARTNER | 3.80 | 715.00 | 2,717.00 |
| ROGOFF, ADAM C | PARTNER | 1.00 | 795.00 | 795.00 |
| ROGOFF, ADAM C | PARTNER | 3.70 | 795.00 | 2,941.50 |
| FEIN, MICHAEL | SPEC COUNSEL | 3.50 | 685.00 | 2,397.50 |
| DAVIS, JOSHUA | ASSOCIATE | 1.20 | 650.00 | 780.00 |
| NOVOD, GORDON | ASSOCIATE | 14.30 | 615.00 | 8,794.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 23.60 | 650.00 | 15,340.00 |
| TAYLOR, JEFFREY | ASSOCIATE | 3.70 | 635.00 | 2,349.50 |
| CAMPANA, KRISTEN V | ASSOCIATE | 11.80 | 650.00 | 7,670.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 64.30 | 650.00 | 41,795.00 |
| KATZ, ALYSSA R | ASSOCIATE | 52.60 | 485.00 | 25,511.00 |
| KATZ, ALYSSA R | ASSOCIATE | 1.40 | 520.00 | 728.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 4.60 | 520.00 | 2,392.00 |
| SHARRET, JENNIFER | ASSOCIATE | 14.80 | 440.00 | 6,512.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.00 | 485.00 | 485.00 |
| CHO, DANNIE | ASSOCIATE | 27.80 | 385.00 | 10,703.00 |
| BLABEY, DAVID E | ASSOCIATE | 12.00 | 560.00 | 6,720.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.90 | 660.00 | 594.00 |
| AMSTER, JASON S | ASSOCIATE | 1.70 | 520.00 | 884.00 |
| AMSTER, JASON S | ASSOCIATE | 0.50 | 520.00 | 260.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 0.40 | 260.00 | 104.00 |
| **TOTAL** | | **392.00** | | **240,942.50** |

Kramer Levin Naftalis & Frankel LLP                                                          Page No. 9

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00007 CLAIMS ADMINISTRATION & OBJECTIONS              Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| MAYER, THOMAS MOERS | PARTNER | 0.10 | 930.00 | 93.00 |
| CATON, AMY | PARTNER | 2.00 | 680.00 | 1,360.00 |
| ROGOFF, ADAM C | PARTNER | 1.90 | 795.00 | 1,510.50 |
| SHARRET, JENNIFER | ASSOCIATE | 0.30 | 440.00 | 132.00 |
| SHARRET, JENNIFER | ASSOCIATE | 0.60 | 485.00 | 291.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 6.60 | 600.00 | 3,960.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.50 | 660.00 | 330.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 3.80 | 665.00 | 2,527.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.50 | 260.00 | 390.00 |
| **TOTAL** | | **17.30** | | **10,593.50** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                              Page No. 10

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00008 CORPORATE & SECURITIES MATTERS                Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| DIENSTAG, ABBE L. | PARTNER | 3.70 | 715.00 | 2,645.50 |
| DIENSTAG, ABBE L. | PARTNER | 17.70 | 715.00 | 12,655.50 |
| ECKSTEIN, KENNETH H. | PARTNER | 11.10 | 930.00 | 10,323.00 |
| KOPELMAN, KENNETH P. | PARTNER | 17.50 | 835.00 | 14,612.50 |
| KROUNER, SHARI K. | PARTNER | 3.40 | 715.00 | 2,431.00 |
| SCHMIDT, ROBERT T. | PARTNER | 9.90 | 735.00 | 7,276.50 |
| MAYER, THOMAS MOERS | PARTNER | 1.70 | 930.00 | 1,581.00 |
| CATON, AMY | PARTNER | 7.80 | 680.00 | 5,304.00 |
| CATON, AMY | PARTNER | 16.50 | 680.00 | 11,220.00 |
| WECHSLER, ERNEST S. | PARTNER | 5.50 | 700.00 | 3,850.00 |
| MOLNER, THOMAS E. | PARTNER | 5.40 | 735.00 | 3,969.00 |
| DAVIS, JOSHUA | ASSOCIATE | 6.50 | 650.00 | 4,225.00 |
| NOVOD, GORDON | ASSOCIATE | 2.10 | 615.00 | 1,291.50 |
| ROSENSAFT, JODI | ASSOCIATE | 15.30 | 600.00 | 9,180.00 |
| TAYLOR, JEFFREY | ASSOCIATE | 8.20 | 635.00 | 5,207.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 4.50 | 650.00 | 2,925.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 1.10 | 520.00 | 572.00 |
| WEBBER, AMANDA | ASSOCIATE | 1.60 | 440.00 | 704.00 |
| SHARRET, JENNIFER | ASSOCIATE | 7.80 | 440.00 | 3,432.00 |
| VESSEY, JONATHAN B | ASSOCIATE | 48.10 | 485.00 | 23,328.50 |
| AMSTER, JASON S | ASSOCIATE | 7.20 | 520.00 | 3,744.00 |
| **TOTAL** | | **202.60** | | **130,477.00** |

Kramer Levin Naftalis & Frankel LLP                                          Page No. 11

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00009 CREDITOR COMMUNICATIONS                    Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 2.40 | 735.00 | 1,764.00 |
| MAYER, THOMAS MOERS | PARTNER | 1.80 | 930.00 | 1,674.00 |
| LUTGENS, CHRISTINE | PARTNER | 0.80 | 810.00 | 648.00 |
| ROGOFF, ADAM C | PARTNER | 9.40 | 795.00 | 7,473.00 |
| NOVOD, GORDON | ASSOCIATE | 0.70 | 615.00 | 430.50 |
| NOVOD, GORDON | ASSOCIATE | 5.90 | 615.00 | 3,628.50 |
| SHARRET, JENNIFER | ASSOCIATE | 1.10 | 440.00 | 484.00 |
| SHARRET, JENNIFER | ASSOCIATE | 24.10 | 440.00 | 10,604.00 |
| SHARRET, JENNIFER | ASSOCIATE | 7.10 | 485.00 | 3,443.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 72.90 | 585.00 | 42,646.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 29.90 | 600.00 | 17,940.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.70 | 660.00 | 1,122.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.20 | 665.00 | 798.00 |
| SCHMIDT, SHAI | ASSOCIATE | 1.50 | 385.00 | 577.50 |
| CHAIKIN, REBECCA B. | PARALEGAL | 10.00 | 260.00 | 2,600.00 |
| CHOUPROUTA, ANDREA | PARALEGAL | 5.10 | 275.00 | 1,402.50 |
| **TOTAL** | | **175.60** | | **97,236.00** |

Kramer Levin Naftalis & Frankel LLP     Page No. 12

GENERAL MOTORS CREDITORS COMMITTEE     November 16, 2009
068000-00010 COMMITTEE MEETINGS/COMMUNICATIONS     Invoice No. Multiple Invoices

### SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 21.60 | 930.00 | 20,088.00 |
| KOPELMAN, KENNETH P. | PARTNER | 13.70 | 835.00 | 11,439.50 |
| SCHMIDT, ROBERT T. | PARTNER | 1.90 | 735.00 | 1,396.50 |
| SCHMIDT, ROBERT T. | PARTNER | 27.80 | 735.00 | 20,433.00 |
| MAYER, THOMAS MOERS | PARTNER | 4.30 | 930.00 | 3,999.00 |
| MAYER, THOMAS MOERS | PARTNER | 37.70 | 930.00 | 35,061.00 |
| CATON, AMY | PARTNER | 1.10 | 680.00 | 748.00 |
| CATON, AMY | PARTNER | 16.30 | 680.00 | 11,084.00 |
| LUTGENS, CHRISTINE | PARTNER | 2.50 | 810.00 | 2,025.00 |
| MOLNER, THOMAS E. | PARTNER | 6.90 | 735.00 | 5,071.50 |
| WARREN, CHARLES S | PARTNER | 1.50 | 735.00 | 1,102.50 |
| ROGOFF, ADAM C | PARTNER | 27.80 | 795.00 | 22,101.00 |
| FREJKA, ELISE SCHERR | SPEC COUNSEL | 4.50 | 670.00 | 3,015.00 |
| DAVIS, JOSHUA | ASSOCIATE | 1.50 | 650.00 | 975.00 |
| NOVOD, GORDON | ASSOCIATE | 18.30 | 615.00 | 11,254.50 |
| NOVOD, GORDON | ASSOCIATE | 28.10 | 615.00 | 17,281.50 |
| FOLB, KERRI | ASSOCIATE | 1.00 | 635.00 | 635.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 1.90 | 520.00 | 988.00 |
| WEBBER, AMANDA | ASSOCIATE | 1.80 | 440.00 | 792.00 |
| SHARRET, JENNIFER | ASSOCIATE | 31.90 | 440.00 | 14,036.00 |
| SHARRET, JENNIFER | ASSOCIATE | 61.40 | 440.00 | 27,016.00 |
| SHARRET, JENNIFER | ASSOCIATE | 13.90 | 485.00 | 6,741.50 |
| BLABEY, DAVID E | ASSOCIATE | 2.40 | 560.00 | 1,344.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 5.50 | 585.00 | 3,217.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 35.40 | 585.00 | 20,709.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 15.00 | 600.00 | 9,000.00 |
| CHERNYAK, YEKATERINA | ASSOCIATE | 0.20 | 485.00 | 97.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.80 | 660.00 | 1,188.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 3.80 | 665.00 | 2,527.00 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 9.70 | 320.00 | 3,104.00 |
| CIPOLLA, SANTO A. | PARALEGAL | 4.00 | 260.00 | 1,040.00 |

Kramer Levin Naftalis & Frankel LLP                                        Page No. 13

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00010 COMMITTEE MEETINGS/COMMUNICATIONS         Invoice No. Multiple Invoices

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|------------|-------|-------|------|--------|
| CIPOLLA, SANTO A. | PARALEGAL | 3.50 | 260.00 | 910.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 3.30 | 260.00 | 858.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 31.40 | 260.00 | 8,164.00 |
| **TOTAL** | | **443.40** | | **269,442.00** |

Kramer Levin Naftalis & Frankel LLP                                    Page No. 14

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00011 EMPLOYEE BENEFITS/LABOR ISSUES            Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 3.90 | 735.00 | 2,866.50 |
| MAYER, THOMAS MOERS | PARTNER | 8.10 | 930.00 | 7,533.00 |
| LUTGENS, CHRISTINE | PARTNER | 22.30 | 810.00 | 18,063.00 |
| ROGOFF, ADAM C | PARTNER | 0.10 | 795.00 | 79.50 |
| NOVOD, GORDON | ASSOCIATE | 0.50 | 615.00 | 307.50 |
| WEBBER, AMANDA | ASSOCIATE | 1.00 | 440.00 | 440.00 |
| SHARRET, JENNIFER | ASSOCIATE | 10.90 | 440.00 | 4,796.00 |
| SHARRET, JENNIFER | ASSOCIATE | 14.30 | 485.00 | 6,935.50 |
| VESSEY, JONATHAN B | ASSOCIATE | 1.00 | 485.00 | 485.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.50 | 585.00 | 877.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.10 | 600.00 | 660.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.00 | 660.00 | 660.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 4.20 | 665.00 | 2,793.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.30 | 260.00 | 338.00 |
| **TOTAL** | | **71.20** | | **46,834.50** |

Kramer Levin Naftalis & Frankel LLP                                      Page No. 15

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00013 SUPPLIER MATTERS                                  Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 9.30 | 735.00 | 6,835.50 |
| ROGOFF, ADAM C | PARTNER | 10.60 | 795.00 | 8,427.00 |
| NOVOD, GORDON | ASSOCIATE | 5.10 | 615.00 | 3,136.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.50 | 585.00 | 877.50 |
| CHAIKIN, REBECCA B. | PARALEGAL | 0.10 | 260.00 | 26.00 |
| **TOTAL** | | **26.60** | | **19,302.50** |

Kramer Levin Naftalis & Frankel LLP                                                    Page No. 16

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00014 DEALERSHIP MATTERS                                      Invoice No. Multiple Invoices

### SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 0.50 | 735.00 | 367.50 |
| MAYER, THOMAS MOERS | PARTNER | 0.30 | 930.00 | 279.00 |
| AUGUSTE, CHRISTOPHER S. | PARTNER | 58.60 | 700.00 | 41,020.00 |
| ROGOFF, ADAM C | PARTNER | 39.10 | 795.00 | 31,084.50 |
| NOVOD, GORDON | ASSOCIATE | 1.70 | 615.00 | 1,045.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 1.10 | 650.00 | 715.00 |
| LEVINE, DAVID J | ASSOCIATE | 53.80 | 660.00 | 35,508.00 |
| SHARRET, JENNIFER | ASSOCIATE | 0.40 | 440.00 | 176.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 34.60 | 585.00 | 20,241.00 |
| **TOTAL** | | **190.10** | | **130,436.50** |

Kramer Levin Naftalis & Frankel LLP                                              Page No. 17

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00015 ENVIRONMENTAL ISSUES                          Invoice No. Multiple Invoices


**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| KOPELMAN, KENNETH P. | PARTNER | 11.80 | 835.00 | 9,853.00 |
| SCHMIDT, ROBERT T. | PARTNER | 28.10 | 735.00 | 20,653.50 |
| MAYER, THOMAS MOERS | PARTNER | 0.20 | 930.00 | 186.00 |
| CATON, AMY | PARTNER | 15.40 | 680.00 | 10,472.00 |
| GODMAN, JAMES P. | PARTNER | 0.20 | 710.00 | 142.00 |
| MOLNER, THOMAS E. | PARTNER | 3.40 | 735.00 | 2,499.00 |
| WARREN, CHARLES S | PARTNER | 115.00 | 735.00 | 84,525.00 |
| ROGOFF, ADAM C | PARTNER | 0.60 | 795.00 | 477.00 |
| ROGOFF, ADAM C | PARTNER | 28.50 | 795.00 | 22,657.50 |
| FEIN, MICHAEL | SPEC COUNSEL | 4.20 | 685.00 | 2,877.00 |
| DAVIS, JOSHUA | ASSOCIATE | 4.50 | 650.00 | 2,925.00 |
| FINGER, TONI | ASSOCIATE | 15.40 | 650.00 | 10,010.00 |
| FINGER, TONI | ASSOCIATE | 26.90 | 660.00 | 17,754.00 |
| FOLB, KERRI | ASSOCIATE | 93.20 | 635.00 | 59,182.00 |
| FOLB, KERRI | ASSOCIATE | 43.80 | 650.00 | 28,470.00 |
| OLIVEIRA, JULIANA | ASSOCIATE | 3.00 | 360.00 | 1,080.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 7.40 | 520.00 | 3,848.00 |
| WEINER, AMY | ASSOCIATE | 12.70 | 440.00 | 5,588.00 |
| SHARRET, JENNIFER | ASSOCIATE | 7.20 | 440.00 | 3,168.00 |
| SHARRET, JENNIFER | ASSOCIATE | 0.10 | 485.00 | 48.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 22.10 | 585.00 | 12,928.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 58.50 | 600.00 | 35,100.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 6.20 | 660.00 | 4,092.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 12.20 | 665.00 | 8,113.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 0.30 | 260.00 | 78.00 |
| **TOTAL** | | **520.90** | | **346,727.00** |

Kramer Levin Naftalis & Frankel LLP                                Page No. 18

GENERAL MOTORS CREDITORS COMMITTEE                    November 16, 2009
068000-00016 HEARINGS                              Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 52.50 | 930.00 | 48,825.00 |
| SCHMIDT, ROBERT T. | PARTNER | 10.00 | 735.00 | 7,350.00 |
| SCHMIDT, ROBERT T. | PARTNER | 32.50 | 735.00 | 23,887.50 |
| MAYER, THOMAS MOERS | PARTNER | 4.30 | 930.00 | 3,999.00 |
| MAYER, THOMAS MOERS | PARTNER | 24.80 | 930.00 | 23,064.00 |
| CATON, AMY | PARTNER | 23.20 | 680.00 | 15,776.00 |
| ROCHON, JENNIFER | PARTNER | 0.30 | 680.00 | 204.00 |
| AUGUSTE, CHRISTOPHER S. | PARTNER | 0.40 | 700.00 | 280.00 |
| ROGOFF, ADAM C | PARTNER | 0.20 | 795.00 | 159.00 |
| ROGOFF, ADAM C | PARTNER | 16.00 | 795.00 | 12,720.00 |
| NOVOD, GORDON | ASSOCIATE | 11.80 | 615.00 | 7,257.00 |
| NOVOD, GORDON | ASSOCIATE | 22.60 | 615.00 | 13,899.00 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 2.10 | 650.00 | 1,365.00 |
| SHARRET, JENNIFER | ASSOCIATE | 7.30 | 440.00 | 3,212.00 |
| SHARRET, JENNIFER | ASSOCIATE | 35.00 | 440.00 | 15,400.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.80 | 485.00 | 873.00 |
| CHO, DANNIE | ASSOCIATE | 2.90 | 385.00 | 1,116.50 |
| REGAL, VICTOR | ASSOCIATE | 0.50 | 385.00 | 192.50 |
| BLABEY, DAVID E | ASSOCIATE | 21.30 | 560.00 | 11,928.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 78.70 | 585.00 | 46,039.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 6.70 | 600.00 | 4,020.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.20 | 660.00 | 792.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 2.60 | 665.00 | 1,729.00 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 8.00 | 320.00 | 2,560.00 |
| CIPOLLA, SANTO A. | PARALEGAL | 3.00 | 260.00 | 780.00 |
| BARRON, DRUSILLA | PARALEGAL | 3.30 | 260.00 | 858.00 |
| CWIECEK, ANYA W | PARALEGAL | 11.50 | 255.00 | 2,932.50 |
| PAREDEZ, ROBERT | PARALEGAL | 19.80 | 260.00 | 5,148.00 |
| MAKINDE, MICHAEL A | PARALEGAL | 8.50 | 275.00 | 2,337.50 |
| CHAIKIN, REBECCA B. | PARALEGAL | 66.70 | 260.00 | 17,342.00 |
| HUSAIN, NAVED | PARALEGAL | 19.50 | 80.00 | 1,560.00 |
| **TOTAL** | | **499.00** | | **277,606.00** |

GENERAL MOTORS CREDITORS COMMITTEE                                November 16, 2009
068000-00017 363 TRANSACTION: MASTER PURCHASE AGREEMENT ISSUESInvoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| DIENSTAG, ABBE L. | PARTNER | 2.00 | 715.00 | 1,430.00 |
| ECKSTEIN, KENNETH H. | PARTNER | 2.90 | 930.00 | 2,697.00 |
| KOPELMAN, KENNETH P. | PARTNER | 35.40 | 835.00 | 29,559.00 |
| SCHMIDT, ROBERT T. | PARTNER | 47.80 | 735.00 | 35,133.00 |
| MAYER, THOMAS MOERS | PARTNER | 1.00 | 930.00 | 930.00 |
| CATON, AMY | PARTNER | 9.00 | 680.00 | 6,120.00 |
| LUTGENS, CHRISTINE | PARTNER | 10.50 | 810.00 | 8,505.00 |
| GODMAN, JAMES P. | PARTNER | 1.40 | 710.00 | 994.00 |
| WECHSLER, ERNEST S. | PARTNER | 80.70 | 700.00 | 56,490.00 |
| MOLNER, THOMAS E. | PARTNER | 66.60 | 735.00 | 48,951.00 |
| AUGUSTE, CHRISTOPHER S. | PARTNER | 0.30 | 700.00 | 210.00 |
| ROGOFF, ADAM C | PARTNER | 4.10 | 795.00 | 3,259.50 |
| DAVIS, JOSHUA | ASSOCIATE | 4.50 | 650.00 | 2,925.00 |
| DAVIS, JOSHUA | ASSOCIATE | 26.30 | 650.00 | 17,095.00 |
| NOVOD, GORDON | ASSOCIATE | 26.90 | 615.00 | 16,543.50 |
| TAYLOR, JEFFREY | ASSOCIATE | 133.70 | 635.00 | 84,899.50 |
| TAYLOR, JEFFREY | ASSOCIATE | 2.50 | 650.00 | 1,625.00 |
| LEVINE, DAVID J | ASSOCIATE | 1.00 | 660.00 | 660.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 7.50 | 650.00 | 4,875.00 |
| KATZ, ALYSSA R | ASSOCIATE | 0.50 | 485.00 | 242.50 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 63.40 | 520.00 | 32,968.00 |
| WEBBER, AMANDA | ASSOCIATE | 52.60 | 440.00 | 23,144.00 |
| WEBBER, AMANDA | ASSOCIATE | 1.90 | 485.00 | 921.50 |
| SHARRET, JENNIFER | ASSOCIATE | 1.60 | 440.00 | 704.00 |
| BLABEY, DAVID E | ASSOCIATE | 0.30 | 560.00 | 168.00 |
| CIPOLLA, SANTO A. | PARALEGAL | 1.20 | 260.00 | 312.00 |
| **TOTAL** | | **585.60** | | **381,361.50** |

GENERAL MOTORS CREDITORS COMMITTEE                         November 16, 2009
068000-00018 EXECUTORY CONTRACT                           Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| CATON, AMY | PARTNER | 0.20 | 680.00 | 136.00 |
| REZNICK, ALLAN E. | PARTNER | 18.70 | 775.00 | 14,492.50 |
| ROGOFF, ADAM C | PARTNER | 14.40 | 795.00 | 11,448.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 0.20 | 560.00 | 112.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.50 | 485.00 | 727.50 |
| SHARRET, JENNIFER | ASSOCIATE | 3.40 | 440.00 | 1,496.00 |
| SHARRET, JENNIFER | ASSOCIATE | 17.80 | 485.00 | 8,633.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.70 | 665.00 | 1,130.50 |
| **TOTAL** | | **57.90** | | **38,175.50** |

Kramer Levin Naftalis & Frankel LLP                                          Page No. 21

GENERAL MOTORS CREDITORS COMMITTEE                           November 16, 2009
068000-00019 FEE APPLICATION/MONTHLY INVOICES           Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 7.20 | 735.00 | 5,292.00 |
| MAYER, THOMAS MOERS | PARTNER | 3.10 | 930.00 | 2,883.00 |
| ROGOFF, ADAM C | PARTNER | 1.00 | 795.00 | 795.00 |
| NOVOD, GORDON | ASSOCIATE | 0.20 | 615.00 | 123.00 |
| SHARRET, JENNIFER | ASSOCIATE | 33.50 | 440.00 | 14,740.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.90 | 485.00 | 921.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 2.50 | 585.00 | 1,462.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 2.80 | 600.00 | 1,680.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 0.50 | 660.00 | 330.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.10 | 660.00 | 726.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.80 | 665.00 | 1,197.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 51.50 | 260.00 | 13,390.00 |
| CHOUPROUTA, ANDREA | PARALEGAL | 2.00 | 275.00 | 550.00 |
| **TOTAL** | | **109.10** | | **44,090.00** |

Kramer Levin Naftalis & Frankel LLP                                    Page No. 22

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00021 DISCOVERY/DEPOSITIONS                          Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|------------|-------|-------|------|--------|
| ECKSTEIN, KENNETH H. | PARTNER | 2.00 | 930.00 | 1,860.00 |
| TRACHTMAN, JEFFREY S. | PARTNER | 4.50 | 760.00 | 3,420.00 |
| SCHMIDT, ROBERT T. | PARTNER | 9.40 | 735.00 | 6,909.00 |
| MAYER, THOMAS MOERS | PARTNER | 1.10 | 930.00 | 1,023.00 |
| ROCHON, JENNIFER | PARTNER | 6.10 | 680.00 | 4,148.00 |
| ROCHON, JENNIFER | PARTNER | 41.10 | 680.00 | 27,948.00 |
| ROGOFF, ADAM C | PARTNER | 4.70 | 795.00 | 3,736.50 |
| NOVOD, GORDON | ASSOCIATE | 7.20 | 615.00 | 4,428.00 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 9.50 | 650.00 | 6,175.00 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 34.70 | 650.00 | 22,555.00 |
| RUSKAY-KIDD, SCOTT | ASSOCIATE | 0.70 | 660.00 | 462.00 |
| WAXMAN, HADASSA R | ASSOCIATE | 6.60 | 635.00 | 4,191.00 |
| SHARRET, JENNIFER | ASSOCIATE | 4.10 | 440.00 | 1,804.00 |
| CHO, DANNIE | ASSOCIATE | 3.50 | 385.00 | 1,347.50 |
| FORD, SAMANTHA | ASSOCIATE | 12.60 | 385.00 | 4,851.00 |
| PATT, EILEEN | ASSOCIATE | 3.70 | 385.00 | 1,424.50 |
| MACKSOUD, LAUREN M | ASSOCIATE | 3.80 | 585.00 | 2,223.00 |
| BARRON, DRUSILLA | PARALEGAL | 8.30 | 260.00 | 2,158.00 |
| PAREDEZ, ROBERT | PARALEGAL | 19.80 | 260.00 | 5,148.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.70 | 260.00 | 442.00 |
| **TOTAL** | | **185.10** | | **106,253.50** |

Kramer Levin Naftalis & Frankel LLP                                         Page No. 23

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00022 APPELLATE ISSUES                          Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 3.30 | 930.00 | 3,069.00 |
| TRACHTMAN, JEFFREY S. | PARTNER | 0.30 | 760.00 | 228.00 |
| SCHMIDT, ROBERT T. | PARTNER | 8.50 | 735.00 | 6,247.50 |
| MAYER, THOMAS MOERS | PARTNER | 19.80 | 930.00 | 18,414.00 |
| ROCHON, JENNIFER | PARTNER | 0.20 | 680.00 | 136.00 |
| ROGOFF, ADAM C | PARTNER | 1.80 | 795.00 | 1,431.00 |
| NOVOD, GORDON | ASSOCIATE | 1.70 | 615.00 | 1,045.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 0.30 | 650.00 | 195.00 |
| SHARRET, JENNIFER | ASSOCIATE | 11.80 | 440.00 | 5,192.00 |
| SHARRET, JENNIFER | ASSOCIATE | 0.20 | 485.00 | 97.00 |
| BLABEY, DAVID E | ASSOCIATE | 26.60 | 560.00 | 14,896.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 9.50 | 585.00 | 5,557.50 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.10 | 660.00 | 726.00 |
| WONG, ANITA | SUMMER ASSOC | 4.50 | 320.00 | 1,440.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 1.90 | 260.00 | 494.00 |
| CHOUPROUTA, ANDREA | PARALEGAL | 1.20 | 275.00 | 330.00 |
| SURIS, LILIYA | OTHER TKPR | 8.40 | 105.00 | 882.00 |
| **TOTAL** | | **101.10** | | **60,380.50** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                                      Page No. 24

GENERAL MOTORS CREDITORS COMMITTEE                                     November 16, 2009
068000-00023 TAX ISSUES                                               Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| MAYER, THOMAS MOERS | PARTNER | 0.70 | 930.00 | 651.00 |
| HERZOG, BARRY | PARTNER | 70.60 | 750.00 | 52,950.00 |
| STOOPACK, HELAYNE O. | SPEC COUNSEL | 63.00 | 695.00 | 43,785.00 |
| STOOPACK, HELAYNE O. | SPEC COUNSEL | 2.90 | 700.00 | 2,030.00 |
| RIGEL, BLAKE | ASSOCIATE | 30.60 | 650.00 | 19,890.00 |
| NOVOD, GORDON | ASSOCIATE | 0.80 | 615.00 | 492.00 |
| BLADES, MELISSA | ASSOCIATE | 29.70 | 520.00 | 15,444.00 |
| BLADES, MELISSA | ASSOCIATE | 3.20 | 560.00 | 1,792.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 0.90 | 585.00 | 526.50 |
| **TOTAL** | | **202.40** | | **137,560.50** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                              Page No. 25

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00026 RETENTION OF PROFESSIONALS                    Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 9.30 | 930.00 | 8,649.00 |
| SCHMIDT, ROBERT T. | PARTNER | 6.20 | 735.00 | 4,557.00 |
| SCHMIDT, ROBERT T. | PARTNER | 34.30 | 735.00 | 25,210.50 |
| MAYER, THOMAS MOERS | PARTNER | 5.50 | 930.00 | 5,115.00 |
| CATON, AMY | PARTNER | 4.80 | 680.00 | 3,264.00 |
| CATON, AMY | PARTNER | 14.00 | 680.00 | 9,520.00 |
| ROCHON, JENNIFER | PARTNER | 0.40 | 680.00 | 272.00 |
| WECHSLER, ERNEST S. | PARTNER | 1.30 | 700.00 | 910.00 |
| ROGOFF, ADAM C | PARTNER | 1.60 | 795.00 | 1,272.00 |
| FREJKA, ELISE SCHERR | SPEC COUNSEL | 54.00 | 670.00 | 36,180.00 |
| NOVOD, GORDON | ASSOCIATE | 3.00 | 615.00 | 1,845.00 |
| NOVOD, GORDON | ASSOCIATE | 29.40 | 615.00 | 18,081.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 1.70 | 650.00 | 1,105.00 |
| WEBBER, AMANDA | ASSOCIATE | 5.50 | 440.00 | 2,420.00 |
| SHARRET, JENNIFER | ASSOCIATE | 18.70 | 440.00 | 8,228.00 |
| SHARRET, JENNIFER | ASSOCIATE | 7.80 | 485.00 | 3,783.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 4.20 | 585.00 | 2,457.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 54.80 | 585.00 | 32,058.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 3.70 | 600.00 | 2,220.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 3.90 | 660.00 | 2,574.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 4.80 | 665.00 | 3,192.00 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 6.30 | 320.00 | 2,016.00 |
| CIPOLLA, SANTO A. | PARALEGAL | 12.10 | 260.00 | 3,146.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 15.50 | 260.00 | 4,030.00 |
| GREGORY, BRANDON | OTHER TKPR | 1.50 | 95.00 | 142.50 |
| **TOTAL** | | **304.30** | | **182,247.00** |

Kramer Levin Naftalis & Frankel LLP                                                    Page No. 26

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00027 PLAN & DISCLOSURE STATEMENT                        Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| DIENSTAG, ABBE L. | PARTNER | 0.30 | 715.00 | 214.50 |
| JANOVER, THOMAS T. | PARTNER | 1.00 | 705.00 | 705.00 |
| MAYER, THOMAS MOERS | PARTNER | 2.20 | 930.00 | 2,046.00 |
| CATON, AMY | PARTNER | 2.40 | 680.00 | 1,632.00 |
| ROGOFF, ADAM C | PARTNER | 13.50 | 795.00 | 10,732.50 |
| WEBBER, AMANDA | ASSOCIATE | 0.60 | 440.00 | 264.00 |
| SHARRET, JENNIFER | ASSOCIATE | 2.70 | 485.00 | 1,309.50 |
| PLOTKO, GREGORY G | ASSOCIATE | 7.80 | 665.00 | 5,187.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 0.70 | 260.00 | 182.00 |
| **TOTAL** | | **31.20** | | **22,272.50** |

Kramer Levin Naftalis & Frankel LLP

Page No. 27

GENERAL MOTORS CREDITORS COMMITTEE
068000-00031 TRAVEL

November 16, 2009
Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|------------|-------|-------|------|--------|
| SCHMIDT, ROBERT T. | PARTNER | 1.00 | 735.00 | 735.00 |
| MAYER, THOMAS MOERS | PARTNER | 3.40 | 930.00 | 3,162.00 |
| WARREN, CHARLES S | PARTNER | 8.00 | 735.00 | 5,880.00 |
| NOVOD, GORDON | ASSOCIATE | 0.60 | 615.00 | 369.00 |
| SHARRET, JENNIFER | ASSOCIATE | 0.50 | 440.00 | 220.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 4.10 | 585.00 | 2,398.50 |
| CHERNYAK, YEKATERINA | ASSOCIATE | 0.50 | 485.00 | 242.50 |
| **TOTAL** | | **18.10** | | **13,007.00** |

LESS 50% DISCOUNT ON TRAVEL MATTER 31 .......................................... (6,503.50)

Kramer Levin Naftalis & Frankel LLP

GENERAL MOTORS CREDITORS COMMITTEE                    November 16, 2009
068000-00032 MOTIONS                                  Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 1.30 | 930.00 | 1,209.00 |
| TRACHTMAN, JEFFREY S. | PARTNER | 15.70 | 760.00 | 11,932.00 |
| SCHMIDT, ROBERT T. | PARTNER | 4.30 | 735.00 | 3,160.50 |
| SCHMIDT, ROBERT T. | PARTNER | 19.90 | 735.00 | 14,626.50 |
| MAYER, THOMAS MOERS | PARTNER | 0.40 | 930.00 | 372.00 |
| CATON, AMY | PARTNER | 10.50 | 680.00 | 7,140.00 |
| LUTGENS, CHRISTINE | PARTNER | 2.10 | 810.00 | 1,701.00 |
| ROCHON, JENNIFER | PARTNER | 0.20 | 680.00 | 136.00 |
| ROGOFF, ADAM C | PARTNER | 5.30 | 795.00 | 4,213.50 |
| ROGOFF, ADAM C | PARTNER | 58.50 | 795.00 | 46,507.50 |
| FEIN, MICHAEL | SPEC COUNSEL | 1.50 | 690.00 | 1,035.00 |
| FREJKA, ELISE SCHERR | SPEC COUNSEL | 9.80 | 670.00 | 6,566.00 |
| NOVOD, GORDON | ASSOCIATE | 12.50 | 615.00 | 7,687.50 |
| NOVOD, GORDON | ASSOCIATE | 35.80 | 615.00 | 22,017.00 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 1.10 | 650.00 | 715.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 1.30 | 650.00 | 845.00 |
| RUSKAY-KIDD, SCOTT | ASSOCIATE | 1.00 | 660.00 | 660.00 |
| SHARRET, JENNIFER | ASSOCIATE | 8.30 | 440.00 | 3,652.00 |
| SHARRET, JENNIFER | ASSOCIATE | 68.90 | 440.00 | 30,316.00 |
| SHARRET, JENNIFER | ASSOCIATE | 15.10 | 485.00 | 7,323.50 |
| CHO, DANNIE | ASSOCIATE | 187.40 | 385.00 | 72,149.00 |
| FORD, SAMANTHA | ASSOCIATE | 1.40 | 385.00 | 539.00 |
| GREENBERG, EZRA S | ASSOCIATE | 1.10 | 385.00 | 423.50 |
| PATT, EILEEN | ASSOCIATE | 1.90 | 385.00 | 731.50 |
| BLABEY, DAVID E | ASSOCIATE | 0.40 | 560.00 | 224.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 43.60 | 585.00 | 25,506.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.50 | 600.00 | 900.00 |
| CHERNYAK, YEKATERINA | ASSOCIATE | 0.30 | 485.00 | 145.50 |
| PLOTKO, GREGORY G | ASSOCIATE | 6.60 | 660.00 | 4,356.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 7.40 | 665.00 | 4,921.00 |
| SCHMIDT, SHAI | ASSOCIATE | 9.00 | 385.00 | 3,465.00 |

Kramer Levin Naftalis & Frankel LLP                                    Page No. 29

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00032 MOTIONS                                    Invoice No. Multiple Invoices

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 2.90 | 320.00 | 928.00 |
| WONG, ANITA | SUMMER ASSOC | 5.50 | 320.00 | 1,760.00 |
| CIPOLLA, SANTO A. | PARALEGAL | 3.20 | 260.00 | 832.00 |
| PAREDEZ, ROBERT | PARALEGAL | 16.30 | 260.00 | 4,238.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 5.60 | 260.00 | 1,456.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 9.50 | 260.00 | 2,470.00 |
| HOCHBERG, MICHAEL | PARALEGAL | 3.00 | 80.00 | 240.00 |
| HUSAIN, NAVED | PARALEGAL | 7.00 | 80.00 | 560.00 |
| **TOTAL** | | **587.10** | | **297,659.50** |

Kramer Levin Naftalis & Frankel LLP                                          Page No. 30

GENERAL MOTORS CREDITORS COMMITTEE                          November 16, 2009
068000-00033 PRE-PETITION COLLATERAL REVIEW             Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| SCHMIDT, ROBERT T. | PARTNER | 1.30 | 735.00 | 955.50 |
| MAYER, THOMAS MOERS | PARTNER | 1.30 | 930.00 | 1,209.00 |
| MAYER, THOMAS MOERS | PARTNER | 0.30 | 930.00 | 279.00 |
| CATON, AMY | PARTNER | 12.60 | 680.00 | 8,568.00 |
| ROCHON, JENNIFER | PARTNER | 0.20 | 680.00 | 136.00 |
| CHIN, KENNETH | PARTNER | 4.60 | 715.00 | 3,289.00 |
| ROGOFF, ADAM C | PARTNER | 0.10 | 795.00 | 79.50 |
| CHASS, MARK | ASSOCIATE | 3.30 | 645.00 | 2,128.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 3.30 | 650.00 | 2,145.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 11.30 | 650.00 | 7,345.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 42.40 | 650.00 | 27,560.00 |
| VELLUT, LAETITIA | ASSOCIATE | 17.80 | 560.00 | 9,968.00 |
| KATZ, ALYSSA R | ASSOCIATE | 64.50 | 485.00 | 31,282.50 |
| SHARRET, JENNIFER | ASSOCIATE | 2.70 | 440.00 | 1,188.00 |
| AMSTER, JASON S | ASSOCIATE | 47.00 | 520.00 | 24,440.00 |
| GOLDBERG, MERYL | PARALEGAL | 22.60 | 250.00 | 5,650.00 |
| WEFELS, MICHAEL | PARALEGAL | 16.30 | 250.00 | 4,075.00 |
| ALMEDA, DOMINADOR E | PARALEGAL | 117.90 | 270.00 | 31,833.00 |
| KAPLAN, EVAN | PARALEGAL | 18.00 | 80.00 | 1,440.00 |
| **TOTAL** | | **387.50** | | **163,571.00** |

Kramer Levin Naftalis & Frankel LLP

Page No. 31

GENERAL MOTORS CREDITORS COMMITTEE
068000-00034 363 SALE ISSUES

November 16, 2009
Invoice No. Multiple Invoices

**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 23.60 | 930.00 | 21,948.00 |
| KOPELMAN, KENNETH P. | PARTNER | 4.20 | 835.00 | 3,507.00 |
| TRACHTMAN, JEFFREY S. | PARTNER | 30.90 | 760.00 | 23,484.00 |
| SCHMIDT, ROBERT T. | PARTNER | 10.20 | 735.00 | 7,497.00 |
| SCHMIDT, ROBERT T. | PARTNER | 24.60 | 735.00 | 18,081.00 |
| MAYER, THOMAS MOERS | PARTNER | 2.60 | 930.00 | 2,418.00 |
| MAYER, THOMAS MOERS | PARTNER | 5.70 | 930.00 | 5,301.00 |
| CATON, AMY | PARTNER | 15.20 | 680.00 | 10,336.00 |
| LUTGENS, CHRISTINE | PARTNER | 1.00 | 810.00 | 810.00 |
| LUTGENS, CHRISTINE | PARTNER | 0.50 | 810.00 | 405.00 |
| ROCHON, JENNIFER | PARTNER | 11.10 | 680.00 | 7,548.00 |
| WECHSLER, ERNEST S. | PARTNER | 2.50 | 700.00 | 1,750.00 |
| MOLNER, THOMAS E. | PARTNER | 5.20 | 735.00 | 3,822.00 |
| ROGOFF, ADAM C | PARTNER | 8.70 | 795.00 | 6,916.50 |
| ROGOFF, ADAM C | PARTNER | 34.10 | 795.00 | 27,109.50 |
| CHASS, MARK | ASSOCIATE | 21.40 | 645.00 | 13,803.00 |
| DAVIS, JOSHUA | ASSOCIATE | 5.30 | 650.00 | 3,445.00 |
| NOVOD, GORDON | ASSOCIATE | 30.20 | 615.00 | 18,573.00 |
| NOVOD, GORDON | ASSOCIATE | 56.70 | 615.00 | 34,870.50 |
| SCHULMAN, BRENDAN M. | ASSOCIATE | 5.90 | 650.00 | 3,835.00 |
| TAYLOR, JEFFREY | ASSOCIATE | 3.00 | 635.00 | 1,905.00 |
| CAMPANA, KRISTEN V | ASSOCIATE | 6.90 | 650.00 | 4,485.00 |
| RUSKAY-KIDD, SCOTT | ASSOCIATE | 5.80 | 660.00 | 3,828.00 |
| WAXMAN, HADASSA R | ASSOCIATE | 41.00 | 635.00 | 26,035.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 32.80 | 520.00 | 17,056.00 |
| WEBBER, AMANDA | ASSOCIATE | 2.80 | 440.00 | 1,232.00 |
| SHARRET, JENNIFER | ASSOCIATE | 2.70 | 440.00 | 1,188.00 |
| DANIELS, ELAN | ASSOCIATE | 2.40 | 560.00 | 1,344.00 |
| CHO, DANNIE | ASSOCIATE | 7.50 | 385.00 | 2,887.50 |
| PATT, EILEEN | ASSOCIATE | 18.20 | 385.00 | 7,007.00 |
| REGAL, VICTOR | ASSOCIATE | 8.30 | 385.00 | 3,195.50 |

Kramer Levin Naftalis & Frankel LLP

Page No. 32

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00034 363 SALE ISSUES                                        Invoice No. Multiple Invoices

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| REGAL, VICTOR | ASSOCIATE | 19.80 | 385.00 | 7,623.00 |
| LUCAS, DIANE | ASSOCIATE | 16.00 | 440.00 | 7,040.00 |
| BLABEY, DAVID E | ASSOCIATE | 48.60 | 560.00 | 27,216.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 20.20 | 585.00 | 11,817.00 |
| RINGER, RACHAEL LYNN | SUMMER ASSOC | 3.40 | 320.00 | 1,088.00 |
| PAREDEZ, ROBERT | PARALEGAL | 7.50 | 260.00 | 1,950.00 |
| MAKINDE, MICHAEL A | PARALEGAL | 0.50 | 275.00 | 137.50 |
| CHAIKIN, REBECCA B. | PARALEGAL | 4.60 | 260.00 | 1,196.00 |
| HUSAIN, NAVED | PARALEGAL | 7.00 | 80.00 | 560.00 |
| **TOTAL** | | **558.60** | | **344,250.00** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                           Page No. 33

GENERAL MOTORS CREDITORS COMMITTEE                              November 16, 2009
068000-00035 TORT AND SUCCESSOR LIABILITY ISSUES               Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 3.10 | 930.00 | 2,883.00 |
| ECKSTEIN, KENNETH H. | PARTNER | 13.30 | 930.00 | 12,369.00 |
| TRACHTMAN, JEFFREY S. | PARTNER | 21.10 | 760.00 | 16,036.00 |
| BENTLEY, PHILIP | PARTNER | 0.90 | 760.00 | 684.00 |
| SCHMIDT, ROBERT T. | PARTNER | 1.50 | 735.00 | 1,102.50 |
| MAYER, THOMAS MOERS | PARTNER | 1.30 | 930.00 | 1,209.00 |
| MAYER, THOMAS MOERS | PARTNER | 6.10 | 930.00 | 5,673.00 |
| CATON, AMY | PARTNER | 34.90 | 680.00 | 23,732.00 |
| ROCHON, JENNIFER | PARTNER | 11.10 | 680.00 | 7,548.00 |
| HOROWITZ, GREGORY A. | PARTNER | 1.40 | 715.00 | 1,001.00 |
| FREJKA, ELISE SCHERR | SPEC COUNSEL | 10.70 | 670.00 | 7,169.00 |
| NOVOD, GORDON | ASSOCIATE | 1.10 | 615.00 | 676.50 |
| RUSKAY-KIDD, SCOTT | ASSOCIATE | 61.60 | 660.00 | 40,656.00 |
| WEINER, AMY | ASSOCIATE | 14.60 | 440.00 | 6,424.00 |
| SHARRET, JENNIFER | ASSOCIATE | 1.10 | 440.00 | 484.00 |
| FORD, SAMANTHA | ASSOCIATE | 59.40 | 385.00 | 22,869.00 |
| GREENBERG, EZRA S | ASSOCIATE | 10.60 | 385.00 | 4,081.00 |
| GREENBERG, EZRA S | ASSOCIATE | 36.00 | 385.00 | 13,860.00 |
| REGAL, VICTOR | ASSOCIATE | 64.00 | 385.00 | 24,640.00 |
| BLABEY, DAVID E | ASSOCIATE | 59.30 | 560.00 | 33,208.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 3.00 | 585.00 | 1,755.00 |
| **TOTAL** | | **416.10** | | **228,060.00** |

Kramer Levin Naftalis & Frankel LLP                                          Page No. 34

GENERAL MOTORS CREDITORS COMMITTEE                         November 16, 2009
068000-00036 SCHEDULE AND STATEMENT OF FINANCIAL AFFAIRS Invoice No. Multiple Invoices

**SUMMARY OF SERVICES**

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|------------|-------|-------|------|--------|
| SHARRET, JENNIFER | ASSOCIATE | 0.40 | 485.00 | 194.00 |
| MACKSOUD, LAUREN M | ASSOCIATE | 1.00 | 600.00 | 600.00 |
| PLOTKO, GREGORY G | ASSOCIATE | 1.80 | 665.00 | 1,197.00 |
| CHAIKIN, REBECCA B. | PARALEGAL | 2.00 | 260.00 | 520.00 |
| **TOTAL** | | **5.20** | | **2,511.00** |

Kramer Levin Naftalis & Frankel LLP                                    Page No. 35

GENERAL MOTORS CREDITORS COMMITTEE                    November 16, 2009
068000-00037 DELPHI                                   Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| KOPELMAN, KENNETH P. | PARTNER | 1.40 | 835.00 | 1,169.00 |
| SCHMIDT, ROBERT T. | PARTNER | 12.60 | 735.00 | 9,261.00 |
| WECHSLER, ERNEST S. | PARTNER | 2.00 | 700.00 | 1,400.00 |
| NOVOD, GORDON | ASSOCIATE | 26.70 | 615.00 | 16,420.50 |
| TAYLOR, JEFFREY | ASSOCIATE | 10.40 | 635.00 | 6,604.00 |
| WEBBER, AMANDA | ASSOCIATE | 20.80 | 440.00 | 9,152.00 |
| SHARRET, JENNIFER | ASSOCIATE | 21.20 | 440.00 | 9,328.00 |
| REGAL, VICTOR | ASSOCIATE | 5.20 | 385.00 | 2,002.00 |
| VESSEY, JONATHAN B | ASSOCIATE | 5.00 | 485.00 | 2,425.00 |
| CHERNYAK, YEKATERINA | ASSOCIATE | 10.80 | 485.00 | 5,238.00 |
| **TOTAL** | | **116.10** | | **62,999.50** |

KL4 2265151.2

Kramer Levin Naftalis & Frankel LLP                                                    Page No. 36

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00038 363 TRANSACTION: TRANSITION SERVICES AGREEMENTInvoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| ECKSTEIN, KENNETH H. | PARTNER | 2.60 | 930.00 | 2,418.00 |
| FRIEDMAN, ALAN R. | PARTNER | 20.10 | 810.00 | 16,281.00 |
| KOPELMAN, KENNETH P. | PARTNER | 9.50 | 835.00 | 7,932.50 |
| KOPELMAN, KENNETH P. | PARTNER | 172.40 | 835.00 | 143,954.00 |
| SCHMIDT, ROBERT T. | PARTNER | 2.00 | 735.00 | 1,470.00 |
| SCHMIDT, ROBERT T. | PARTNER | 16.40 | 735.00 | 12,054.00 |
| CATON, AMY | PARTNER | 1.30 | 680.00 | 884.00 |
| LUTGENS, CHRISTINE | PARTNER | 0.40 | 810.00 | 324.00 |
| MOLNER, THOMAS E. | PARTNER | 13.30 | 735.00 | 9,775.50 |
| ROGOFF, ADAM C | PARTNER | 0.50 | 795.00 | 397.50 |
| DAVIS, JOSHUA | ASSOCIATE | 4.50 | 650.00 | 2,925.00 |
| DAVIS, JOSHUA | ASSOCIATE | 145.80 | 650.00 | 94,770.00 |
| NOVOD, GORDON | ASSOCIATE | 5.80 | 615.00 | 3,567.00 |
| TAYLOR, JEFFREY | ASSOCIATE | 38.90 | 635.00 | 24,701.50 |
| FOLB, KERRI | ASSOCIATE | 1.50 | 635.00 | 952.50 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 26.20 | 520.00 | 13,624.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 122.60 | 520.00 | 63,752.00 |
| VESSEY, JONATHAN B | ASSOCIATE | 0.70 | 485.00 | 339.50 |
| CHAIKIN, REBECCA B. | PARALEGAL | 0.50 | 260.00 | 130.00 |
| **TOTAL** | | **585.00** | | **400,252.00** |

Kramer Levin Naftalis & Frankel LLP                                                  Page No. 37

GENERAL MOTORS CREDITORS COMMITTEE                                    November 16, 2009
068000-00039 363 TRANSACTION: REAL ESTATE ISSUES                Invoice No. Multiple Invoices

## SUMMARY OF SERVICES

| TIMEKEEPER | TITLE | HOURS | RATE | AMOUNT |
|------------|-------|-------|------|--------|
| FRIEDMAN, ALAN R. | PARTNER | 1.00 | 810.00 | 810.00 |
| KOPELMAN, KENNETH P. | PARTNER | 29.80 | 835.00 | 24,883.00 |
| SCHMIDT, ROBERT T. | PARTNER | 12.00 | 735.00 | 8,820.00 |
| GODMAN, JAMES P. | PARTNER | 40.40 | 710.00 | 28,684.00 |
| FEIN, MICHAEL | SPEC COUNSEL | 170.40 | 685.00 | 116,724.00 |
| DAVIS, JOSHUA | ASSOCIATE | 6.30 | 650.00 | 4,095.00 |
| NOVOD, GORDON | ASSOCIATE | 0.20 | 615.00 | 123.00 |
| FREEDMAN, ALEXANDER J | ASSOCIATE | 27.80 | 520.00 | 14,456.00 |
| **TOTAL** | | **287.90** | | **198,595.00** |