Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                    :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*  :
                                                             :
        Debtors.     :    **(Jointly Administered)**
                                                             :
------------------------------------------------------------x

**REPLY OF DEBTORS TO MOTION
OF CERTAIN NOTEHOLDERS FOR AN ORDER MODIFYING
THE BAR DATE ORDER TO PROVIDE THAT NO PROOFS OF CLAIM
NEED BE FILED RELATED TO CERTAIN GUARANTEE CLAIMS AGAINST
MOTORS LIQUIDATION COMPANY OR, IN THE ALTERNATIVE, DEEMING THIS
MOTION A PROOF OF CLAIM AS TO SUCH CLAIMS, AND FOR RELATED RELIEF**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), in reply to the motion (the "**Motion**") of Certain Noteholders (the "**Noteholders**") for an Order Modifying the Bar Date Order to Provide that No Proofs of Claim Need Be Filed Related to Certain Guarantee

Claims Against Motors Liquidation Company or, in the Alternative, Deeming this Motion a Proof of Claim as to Such Claims, and for Related Relief,[1] respectfully represent:

## Background

1. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the chapter 11 cases. The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2. On September 16, 2009, the Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the Commencement Date.

3. In the Debtors' notice of the Bar Date (the "**Bar Date Notice**"), the Debtors provide that certain persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date, including persons or entities holding claims (a "**Debt Claim**") limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements governing any debt security issued by any of the Debtors pursuant to an

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

C:\DOCUMENTS AND SETTINGS\RODRIGUI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\3IDEJM6Q\US_ACTIVE_MLC_ REPLY TO MOTION OF CERTAIN NOTEHOLDERS_43226573_3.DOC

indenture (together, the "**Debt Instruments**"), if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments; <u>provided</u>, <u>however</u>, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, is required to file a Proof of Claim with respect to such claim on or before the Bar Date.

4. The Bar Date Notice expressly referenced certain agreements as Debt Instruments including, *inter alia* the Fiscal and Paying Agency Agreement, dated as of July 10, 2003 (the "**July 10 Agreement**"), between General Motors Nova Scotia Finance Company, MLC, as guarantor, Deutsche Bank Luxembourg S.A. ("**DB Luxembourg**"), as fiscal agent and paying agent, and Banque Générale, as paying agent (together, with DB Luxemboug, the "**Fiscal and Paying Agents**").[2]

## Argument

5. The establishment of a claims bar date to enable a debtor to identify its creditors and the universe of claims entitled to share in the assets of a debtor's estate through a chapter 11 plan is a fundamental tenet of bankruptcy law. It is critical to ensure that all claimants with appropriate claims are on record. The Bar Date is particularly critical in these chapter 11 cases, where the ability of the Debtors to make distributions under a chapter 11 plan will be dependent on determining the size of the claim pool.

6. Pursuant to the Bar Date Notice, the Noteholders must file Proofs of

---

[2] Two series of notes were issued under the July 10 Agreement: (i) GBP 350,000,000 of 8.375 Notes due 2015, (ISIN XS0171922643) (the "**2015 Notes**"), and (ii) GBP 250,000,000 8.875 Notes due 2023, (XS0171908063) (the "**2023 Notes**", and together with the 2013 Notes, the 2033 Notes and the 2015 Notes, the "**Notes**").

C:\DOCUMENTS AND SETTINGS\RODRIGUI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\3IDEJM6Q\US_ACTIVE_MLC_ REPLY TO MOTION OF CERTAIN NOTEHOLDERS_43226573_3.DOC

Claim unless "the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor…." The Noteholders have failed to provide any reasonable justification as to why they should be exempt from filing Proofs of Claim. The fact that the Noteholders contest the designation by the Debtors of the Noteholders' claims as contingent and unliquidated in the Debtors' schedules of assets and liabilities supports the notion that the Noteholders must file Proofs of Claim to reserve their rights with respect to any potential Debt Claims that they assert.

7. Further, the Debtors do not believe that the Motion itself constitutes or should be treated as an informal Proof of Claim. An informal claim, by definition, is something that is not intended to be a proof of claim, i.e., a party may not set out to protect its rights as a claimant by filing an informal proof of claim. *In re Dietz*, 136 B.R. 459, 464 (Bankr. E.D. Mich. 1992). As set forth in Colliers, "[i]nformal proofs of claim are not recognized in the [Bankruptcy] Code or [Bankruptcy] Rules, and a court presumably would not exercise its equity powers to recognize an informal proof of claim knowing that the claimant chose not to file a formal proof of claim." 9 Collier on Bankruptcy P 3001.05 (15th ed. 2008). In this case, the Noteholders have had ample time and notice and are sophisticated creditors represented by able counsel, and, as such, are required to comply with the Bar Date Order and Bankruptcy Rule 3003(c) and file Proofs of Claim in accordance therewith.

8. Although the Debtors do not agree to the Noteholders' request that they be exempt from the requirement of filing Proofs of Claim, the Debtors would not object, for the purpose of administrative convenience, to the Noteholders' counsel filing a global Proof of Claim (a "**Global Proof of Claim**") on behalf of the Noteholders solely with respect to the Noteholders' Debt Claims in the event that the Fiscal and Paying Agents do not intend to file a

4

proof of claim on behalf of the Noteholders. However, the Debtors and other parties in interest must maintain all of their respective rights to object to the allowance of a Global Proof of Claim or any individual Proofs of Claim filed on behalf of the Noteholders.

9. For the reasons set forth above, the Debtors respectfully request that the Motion be denied and that the Noteholders be required to file Proofs of Claim in accordance with the Bar Date Order, the Bar Date Notice, and Rule 3003. In the event that counsel to the Noteholders files a Global Proof of Claim on behalf of the Noteholders' Debt Claims, the Debtors will not object on the basis that counsel had no authority to do so.

Dated:  New York, New York
        November 17, 2009

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession