WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

*Attorneys for Flextronics International Ltd., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **MOTORS LIQUIDATION COMPANY** *et al., f/k/a* **General Motors Corp.,** *et al.*, | Case No. 09-50026(REG) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF FLEXTRONICS INTERNATIONAL, LTD. ET. AL.**
**TO DEBTORS' OBJECTION TO SECTION 509(b)(9) CLAIM**

Flextronics International, Ltd., its subsidiaries and affiliates[1] (hereinafter collectively "Flextronics") hereby file their response (the "Response") to *Debtors' Objection To Certain 503(b)(9) Claims Under The Order Pursuant to 11 U.S.C. §§ 105(a) And 503(b)(9) Establishing Procedures For The Assertion, Resolution, And Satisfaction Of Claims Asserted Pursuant to 11*

---

[1] Including but not limited to Flextronics Manufacturing (Shanghai) Company, Ltd., Flextronics Automotive, Inc., and Flextronics Corporation (fka Solectron Corpo9ration).

C:\NrPortbl\PHLDMS1\KARPEK\5827285_1.DOC            1

5827285v.1

*U.S.C. §503(b)(9)* (the "Objection") filed by Motors Liquidation Company (f/k/a General Motor Corporation.) and its affiliated debtors (collectively, the "Debtors").

### Summary of Flextronics' Response

Flextronics seeks entry of an order (1) requiring the Debtors to pay an amount not less than **$64,245.47** that remains due and owing by Debtors to Flextronics pursuant to the Trade Agreement[2] between the Parties and the Section 503(b)(9) Claim[3] filed by Flextronics, and (2) denying the Objection to the extent that such objection limits or otherwise affects the Debtors obligation to pay $64,245.47 (and such additional amounts as may be determined to remain due and owing in this matter) to Flextronics on account of the Trade Agreement and the Section 503(b)(9) Claim.

### Background

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their individual petitions for relief in the United States Bankruptcy Court, Southern District of New York (the "Court") under Chapter 11 of the U.S. Bankruptcy Code and, continually since that date, have operated their respective estates as debtors-in-possession.

2. On June 1, 2009, the Court entered an order (the "Supplier Order") authorizing the Debtors to enter into trade agreements with certain suppliers to pay prepetition claims subject to certain terms and conditions authorized by the Court.

3. On or about July 7, 2009, the Court approved the sale of substantially all of the Debtors' assets (the "Sale") to General Motors LLC (f/k/a General Motors Corporation) (the

---

[2] *See* ¶5 of this Response for definition of the Trade Agreement between the Parties.

"Purchaser") and, in conjunction with the Sale, certain executory contracts were designated as "Noticed Executory Contracts" that the Debtor was authorized to assume and to assign to the Purchaser upon the Purchaser's direction. Executory contracts to which Flextronics is a counterparty were among the contracts initially identified as Noticed Executory Contracts.

4. Ultimately, Flextronics understands that the Debtors filed a *Notice of Withdrawal of Designation Of Contracts For Assumption And Assignment* that states the Purchaser no longer seeks to have any executory contracts to which Flextronics is a counterparty assumed by the Debtors or assigned to the Purchaser despite their previous identification as "Noticed Executory Contracts." Accordingly, to the best of Flextronics' information, none of its executory contracts with the Debtors have been assumed and assigned to the Purchaser.

5. On or about July 30, 2009, the Debtors and Flextronics entered into a Trade Agreement, dated July 30, 2009 (the "Trade Agreement") pursuant to the Supplier Order that provided for the Debtors' payment of (a) US$33,472.22 to Flextronics Manufacturing (Shanghai) Co. Ltd and (b) US$75,388.04 to Flextronics Automotive, Inc. The Trade Agreement also provided, in pertinent part, that Flextronics would not assert any reclamation claim or claim pursuant to 11 U.S.C. §503(b)(9) on account of any goods (i) shipped to the Debtors prior to the Petition D and (ii) *for which Flex had been paid pursuant to this trade agreement or otherwise*. *See* paragraph 5 of the Trade Agreement. [Emphasis added.] Flextronics has not waived, released or otherwise compromised its right to full payment due, or to assert the Section 503(b)(9) Claim, under the Trade Agreement in the event *Flex has been not paid the full amount due pursuant to the Trade Agreement or otherwise*. A true and accurate copy of the Trade

---

[3] *See* ¶6 of this Response for definition of the Section 503(b)(9) Claim.

Agreement is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth.

6. On August 27, 2009, Flextronics filed a proof of claim asserting that the Debtors are indebted to Flextronics in the aggregate amount of $97,717.69 (the "Section 503(b)(9) Claim") for (a) goods received by Debtors in the twenty day period prior to the Petition Date and (ii) *for which Flex had been not paid pursuant to the Trade Agreement or otherwise.* More specifically, the Section 503(b)(9) Claims asserts that, as August 27, 2009, (i) US$ 38,199.00 was due and owing to Flextronics Manufacturing (Shanghai) Co. Ltd. and (ii) US$ 59,518.69 was due and owing to Flextronics Automotive, Inc., f or such delivered goods.

7. Subsequent to filing the Section 503(b)(9) Claim, the Debtors paid Flextronics US$ 33,472.22 with regard to goods subject to the Section 503(b)(9) Claim that were delivered by Flextronics Manufacturing (Shanghai) Co. Ltd within the 20 days prior to the Petition Date. After applying these monies, the Debtors continue to owe Flextronics **not less than the aggregate amount of US$ 64,245.47** on account of the Section 503(b)(9) Claim, which more specifically includes (a) the additional US$ 4,726.78 owed to Flextronics Manufacturing (Shanghai) Co. Ltd and (b) the amount of US$ 59,518.69 owed Flextronics Automotive, Inc.

8. On or about October 29, 2009, the Debtors filed the Objection To §503(b)(9) Claims and contended that the Section 503(b)(9) Claim should be disallowed because (a) the underlying contract had been assumed, *see* Objection at ¶6 and Exhibit "A", and (b) the "Valid" Amount of the claim is $55,587.64. *See* Objection at ¶8 and Exhibit "A." No other grounds were asserted in the Objection to the validity or allowance of the Section 503(b)(9) Claim.

# LEGAL ARGUMENT

A. <u>The Proof of Claim Is *Prima Facie* Evidence of the Validity and Amount of the Claim</u>

The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. *See* Fed. R. Bankr. P. 3001(f); *see also, In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 – 74 (3rd Cir. 1992); *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. BP 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996). A proof of claim that is *prima facie* valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant [.]" *In re Allegheny Int'l, Inc.*, 954 F.2d at 173 – 74. The proof of claim filed by Flextronics constitutes *prima facie* evidence of its amount and validity of the Section 503(b)(9) Claim.

B. <u>The Debtor Has Failed To Submit Evidence Rebutting The Prima Facie Validity and Amount of the Proof of Claim</u>

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989). In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir. 2000). Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such

objections. *See e.g.*, *In re Garner*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000). The *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).

    C.    <u>Debtors Have Not Carried Their Burden In Objecting To Flextronics's Section 503(b)(9) Claim</u>

Section 503(b)(9) provides, in pertinent part, that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including ...
> …
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

"Thus, to qualify for administrative priority treatment, a claim must be (1) for goods, (2) that are received by the debtor within the 20 days prior to case commencement, and (3) that are sold to the debtor in the ordinary course of its business." *In re Pilgrim's Pride Corporation*, --- B.R. ---, 2009 WL 2959717 at 4 (Bankr. N.D. Tex. 2009).

An administrative claim under section 503(b)(9) covers only the value of the goods delivered. For purposes of Section 503(b)(9), the measure of the value of the goods afforded administrative expense status focuses on the "valuation of property a debtor intended to retain and use (as opposed to a valuation to determine a creditor's realization at foreclosure). . . Here, where the goods retained by Debtors will be used by Debtors, Debtors should also pay as an administrative expense under section 503(b)(9) what it would have cost Debtors to acquire similar goods." *In re Pilgrim's Pride Corporation*, 2009 WL 2959717 at 9.

In the case at bar, the Debtors have failed to carry their burden of proof to show a substantial factual basis overcoming the *prima facie* validity of the Section 503(b)(9) Claim asserted by Flextronics.  First, the Debtors' Objection, by its failure to dispute any of the elements of Section 503(b)(9), concedes the validity of the Section 503(b)(9) Claim:  that is, that such claim is for goods shipped, that such goods were received by Debtors within 20 days prior to Petition Date, and that such goods were sold to the Debtors in the ordinary course of its business.   By its failure to dispute any of these elements of Section 503(b)(9), the Debtors have not carried their "initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim . . . ."  *In re Hinkely*, 58 B.R. at 348.  The Debtors' *pro forma* Flextronics's Section 503(b)(9) Claim, on its face, constitutes *prima facie* evidence of each element of a claim under Section 503(b)(9) as asserted by Flextronics.  *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173 – 74.  In contrast, the Debtors' Objection lacks any evidentiary basis overcoming the *prima facie* validity of the Section 503(b)(9) Claim asserted by Flextronics.  *See In re Garner*, *supra*; *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).

At most, the Debtors' Objection makes an unsubstantiated assertion that the correct amount of the Section 503(b)(9) Claim is $55,587.64,[4] rather than US$ 97,717.69.[5] initially asserted by Flextronics.   Flextronics concession that it received a  US$ 33,472.22 payment from Debtors pursuant to the Trade Agreement and, thus, the total amount now due and owing under the Section 503(b)(9) Claim is $64,245.47, only means that the amount due is less than the initial

---

[4]  *See* Objection at ¶8 and Exhibit "A" thereto.

[5]  The Section 503(b)(9) Claim asserts that, for such delivered goods as August 27, 2009, (i) US$38,199.00 was due and owing to Flextronics Manufacturing (Shanghai) Co. Ltd., and (ii) US$59,518.69 was due and owing to Flextronics Automotive, Inc.

amount asserted in the Section 503(b)(9). This acknowledgement of the receipt of some monies due under the Trade Agreement does not represent a waiver of the right to receive the full amounts due under the Trade Agreement (*see*, below). Here, the Debtors' have failed to submit any evidence supporting any contention that less than $64,245.47 remains due and owing to Flextronics on account of the Section 503(b)(9) Claim.

    D.   The Trade Agreement Does Not Bar The Section 503(b)(9) Claim.

Pursuant to the Trade Agreement between the Parties, Flextronics retains the right to assert a claim pursuant to 11 U.S.C. §503(b)(9) where (a) goods were delivered to the Debtors within twenty (20) days prior to the Petition Date and (b) the amount set forth in the Trade Agreement has not been paid in full. *Cf.* Trade Agreement at ¶6 (which provides, in pertinent part, that no right to assert a Section §503(b)(9) claim if the amounts under the agreement have been paid. Here, Flextronics has not waived, released or otherwise compromised its right to full payment, or to assert the Section 503(b)(9) Claim, under the Trade Agreement because *Flex has been not paid the full amount due pursuant to the Trade Agreement or otherwise*. Therefore, because $64,245.47 remains due and owing under the Trade Agreement, the Section 503(b)(9) Claim remains valid and enforceable in that amount.

WHEREFORE, Flextronics requests entry of an order (1) requiring the Debtors to pay an amount not less than the aggregate amount of **$64,245.47** remains due and owing by Debtors to Flextronics pursuant to the Trade Agreement and the Section 503(b)(9) Claim, (2) denying the Objection To §503(b)(9) Claims to the extent that such objection limits or otherwise affects the Debtors obligation to pay $64,245.47 (and such additional amounts as may be determined to

remain due and owing in this matter), and (3) for such other and further relief as is appropriate under the circumstances.

Dated:  New York, New York
        November 18, 2009

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY  10119
Telephone:  (212) 631-4421

And

BIALSON, BERGEN & SCHWAB

Thomas M. Gaa (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone:  (650) 857-9500

*Attorneys for Flextronics International Ltd.*