UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: <br><br> **GENERAL MOTORS CORP.**, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-50026 (REG) <br><br> Hon. Robert E. Gerber <br><br> (Jointly Administered) |

### RESPONSE OF NIDEC MOTORS & ACTUATORS TO DEBTORS' OBJECTION TO CERTAIN 503(b)(9) CLAIMS UNDER THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9) ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)

Nidec Motors & Actuators ("Nidec") states for its response to Debtors' Objection to Certain 503(b)(9) Claims Under the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution and Satisfaction of Claims Pursuant to 11 U.S.C. § 503(b)(9) (the "Objection"), as follows:

1.  On June 1, 2009 (the "Commencement Date"), the Debtors filed the Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Motion") and requested that the Court establish procedures (the "503(b)(9) Procedures") to govern the resolution of potential 503(b)(9) claims ("503(b)(9) Claims"). On the Commencement Date, the Court entered the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Order").

2.     Pursuant to the 503(b)(9) Procedures set forth in the 503(b)(9) Order, claimants were required to deliver to the Debtors their proof of claim by the 90th day after the commencement date.

3.     As required by the 503(b)(9) procedures, Nidec filed its proof of 503(b)(9) claim with the Debtors' claims agent, The Garden City Group, Inc., on August 31, 2009.

4.     On October 29, 2009, the Debtors filed the Objection to Nidec's 503(b)(9) claim on the alternate bases that Nidec's 503(b)(9) claim has either (i) been cured through the assumption and assignment process, (ii) is anticipated to be cured through the assumption and assignment process, or (iii) has otherwise been satisfied by General Motors LLC. Currently, Nidec's 503(b)(9) claim has not been cured through the assumption and assignment process nor has it otherwise been satisfied by General Motors LLC. In addition, Nidec has no information and has no assurance that it's 503(b)(9) claim will be cured through the assumption and assignment process.

5.     Accordingly, the Debtors cannot limit Nidec's 503(b)(9) claim solely on the basis that such claim is *anticipated* to be cured through the assumption and assignment process.

6.     To the extent that the Debtors are attempting to extinguish Nidec's 503(b)(9) claim on the speculative basis that the claim may be cured sometime in the future through the assumption and assignment process, Nidec objects.

WHEREFORE, Nidec Motors & Actuators respectfully requests that the Debtors' Objection to its claim be denied and that this Court grant such further relief as it deems appropriate.

Respectfully submitted,

ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C.
Attorneys for Nidec Motors & Actuators

By:   /s/ David M. Eisenberg
    David M. Eisenberg (P68678)
    400 Galleria Officentre, Ste. 444
    Southfield, MI 48034
    Tel:   248/827-4100
    Fax:  248/827-4106
    deisenberg@ermantericher.com

DATED:   November 18, 2009

F:\CHAP11\GENERAL MOTORS\Nidec Motors\response to motion.doc