**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., ) | |
| f/ka/ GENERAL MOTORS CORP., et al., ) | Case No. 09-50026 (REG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | Re: Docket No. 4312 |
| _____ ) | |

**RESPONSE OF 3M PURFICATION INC. (f/k/a CUNO INCORPORATED)**
**TO DEBTORS' OBJECTION TO CERTAIN 503(b)(9) CLAIMS UNDER**
**THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 503(b)(9) ESTABLISHING**
**PROCEDURES FOR THE ASSERTION, RESOLUTION AND SATISFACTION**
**OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

3M Purification Inc (formerly known as CUNO Incorporated) ("CUNO"), by and through its undersigned attorney, hereby responds to Debtors' Objection to Certain 503(b)(9) Claims Under the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) (Docket No. 4312), specifically CUNO's claim pursuant to 11 U.S.C. § 503(b)(9) (the "CUNO Claim"), respectfully states as follows:

## Background

1.     CUNO is a supplier of air filters to customers that include Debtors.

2.     On June 1, 2009 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

## Response to Objection

3.     Under 11 U.S.C. §503(b)(9), CUNO is entitled to an administrative expense claim for an amount of debt that is the value of the goods received by Motors Liquidation Company f/k/a General Motors Corporation ("General Motors") within 20 days of the Petition Date in the ordinary course of the parties' business.

4.      Pursuant to the Bankruptcy Code and the procedures established by the Court (Docket No. 166), CUNO filed the CUNO Claim in the amount of $5,630.90 on August 24, 2009, of which Debtors have paid $1,642.14 so the remaining claim amount is $3,988.76.

5.      CUNO's claim was timely filed and should remain a valid claim against Debtors.

6.      Debtors assert that CUNO's claim is invalid because CUNO entered into a Trade Agreement (as defined in the Objection), which prohibits CUNO from asserting a 503(b)(9) claim.

7.      Debtors did not request that CUNO enter into a Trade Agreement.  See Affidavit of Frank A. Zagarino at ¶ 7, attached hereto as Exhibit A.  Therefore, CUNO has not signed any Trade Agreement that would impose any restrictions on its ability to file claims under Bankruptcy Code 503(b)(9) or otherwise.  See Id.

8.      Debtors also assert that CUNO has a contract that was assumed and assigned by Debtors.  See Id at ¶ 8.  In the Objection, Debtors state that some 503(b)(9) claims have been satisfied through that assumption and assignment process or "will be resolved."

9.      CUNO is unaware of any agreement with Debtors that was assumed and assigned by Debtors.  See Id.  If Debtors did attempt to assume and assign any such agreement, Debtors have failed to: (a) provide adequate notice of such assumption and assignment to CUNO; (b) pay the appropriate cure amount for debts arising before the Petition Date; and (c) pay for goods it purchased after the Petition Date.  See Id at ¶ 6.  In fact, Debtors currently owe CUNO for both the remainder of the CUNO Claim ($3,988.76) and $5,277.26 in debt arising on or after the Petition Date.  See CUNO Account Balance Information attached hereto as Exhibit B.  In the Objection, the Debtors state that they anticipate that claims such as the CUNO Claim will be resolved in the future.  It would be premature for the Court to deem the CUNO Claim invalid now because Debtors anticipate that the CUNO Claim may be resolved at some time in the future.

2

## Conclusion

Wherefore, for all of the foregoing reasons, CUNO respectfully requests that the Bankruptcy Court: (a) deny the Debtors' Objection with respect to the CUNO Claim; (b) order Debtors to pay the $5,277.26; (c) allow the payment of the remaining pre-petition administrative claim due in the amount of $3,988.76; and (d) grant such other and further relief as the Court determines is just and proper.

Dated:  November 18, 2009
       Wilmington, Delaware

**ELLIOTT GREENLEAF**

_/s/ T.A. Kittila TK-6715_

Rafael X. Zahralddin-Aravena
Theodore A. Kittila (TK-6715)
Shelley A. Kinsella
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone:  (302) 384-9400
Facsimile:  (302) 384-9399
Email:  rxza@elliottgreenleaf.com
Email:  tak@elliottgreenleaf.com
Email:  sak@elliottgreenleaf.com

Attorney for 3M Purification Inc. f/k/a
CUNO Incorporated

3