GREENBERG TRAURIG, LLP                    Hearing Date:  November 20, 2009
Counsel for Aurelius Capital Management, LP, *et al*.    Hearing Time:  9:45 am
200 Park Avenue
New York, New York 10166
(212) 801-9200 (Tel)
(212) 801-6400 (Fax)
Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Allen G. Kadish, Esq.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| | Jointly Administered |
| Debtor. | |

**RESPONSE OF CERTAIN NOTEHOLDERS
(i) TO (a) REPLY OF DEBTORS, AND (b) OBJECTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND
(ii) IN SUPPORT OF MOTION OF CERTAIN NOTEHOLDERS FOR
AN ORDER MODIFYING THE BAR DATE ORDER TO PROVIDE
THAT NO PROOFS OF CLAIM NEED BE FILED RELATED
TO CERTAIN GUARANTEE CLAIMS AGAINST MOTORS
LIQUIDATION COMPANY OR, IN THE ALTERNATIVE, DEEMING THIS
MOTION A PROOF OF CLAIM AS TO SUCH CLAIMS, AND FOR RELATED RELIEF**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Aurelius Capital Management, LP; Drawbridge Special Opportunities Advisors, LLC;

Fortress Credit Opportunities Advisors LLC; Appaloosa Management L.P.; Elliott Associates,

LP; Perry Partners, L.P.; and Perry Partners International, Inc. (collectively, the "**Moving**

**Parties**") on behalf of all of the holders (the "**Noteholders**") of the £350,000,000 8.375%

Guaranteed Notes due December 7, 2015 (the "**2015 Notes**") and the £250,000,000 8.875%

Guaranteed Notes due July 10, 2023 (the "**2023 Notes**" and, collectively with the 2015 Notes,

the "**Notes**") issued by General Motors Nova Scotia Finance Company and fully and

unconditionally guaranteed by Motors Liquidation Company f/k/a General Motors Corporation,

by and through their undersigned counsel, hereby respond (i) to (a) the *Reply of Debtors to Motion of Certain Noteholders for an Order Modifying the Bar Date Order to Provide that no Proof of Claim Need be Filed Related to Certain Guarantee Claims Against Motors Liquidation Company or, in the Alternative, Deeming this Motion a Proof of Claim as to Such Claims, and for Related Relief,* filed on behalf of the debtors herein (the "Debtors") on November 17, 2009 [Docket No. 4462] (the "Debtors' Response"), and (b) the *Objection of the Official Committee of Unsecured Creditors to the Motion of Certain Noteholders for an Order to Provide that no Proofs of Claim Need be Filed Related to Certain Guarantee Claims Against Motors Liquidation Company or, in the Alternative Deeming the Motion a Proof of Claim as to such Claim,* filed on behalf of the Official Committee of Unsecured Creditors herein (the "Committee") on November 16, 2009 [Docket No. 4452] (the "Committee's Objection"), and (ii) in support of their *Motion of Certain Noteholders for an Order Modifying the Bar Date Order to Provide that No Proofs of Claim Need be Filed Related to Certain Guarantee Claims Against Motors Liquidation Company or, in the Alternative, Deeming this Motion a Proof of Claim as to Such Claims, and for Related Relief* [Docket No. 4412] (the "Motion"), and respectfully represent:[1]

      1.      The Motion requests an Order modifying the Bar Date Order in order to obviate the requirement for each Noteholder to file individual proofs of claims on account of the Guarantee Claims related to each of the two series of Notes.   In the alternative, the Moving Parties sought an Order deeming the Motion as proofs of claim on behalf of all Noteholders.  The relief requested is appropriate because there is no indenture trustee or other fiduciary to file such proofs of claim, and it would be inequitable if the claims of individual Noteholders were barred because of any mistaken belief that they need not file individual claims.

---

[1] Undefined capitalized terms are as set forth in the Motion.

2.      Contrary to the objection of the Committee, the Motion seeks no determination at this time that the Guarantee Claims should be allowed or any other determination regarding the merits of such Claims.  Although the Committee raises a number of objections to the allowance of the Guarantee Claims, these objections are irrelevant to the relief requested at this time.  If, as and when appropriate proceedings are before the court with respect to the allowance of claims, the Moving Parties, and presumably other Noteholders not currently before the court, will respond to and address any objections properly made.  The only matter before the court at this time is a request for a mechanism to assure that <u>all</u> Noteholder claims are either filed or deemed filed and that no Noteholder claim be barred as a result of the Bar Date Order.

3.      In the Debtors' Response, the Debtors suggest for the purpose of administrative convenience that the Noteholders file a "Global Proof of Claim," which would by definition protect all Noteholders (whether or not individually identified therein) from a failure to file a timely proof of claim, and with the Debtors and all other parties maintaining all of their other rights to object to allowance of the Global Proof of Claim or any individual proofs of claim filed by individual Noteholders.  The Debtors suggest that the filing of the Global Proof of Claim would obviate objections that some Noteholders simply failed to file a threshold, timely proof of claim on or before the Bar Date.

4.      The Debtors' suggestion authorizing the Moving Parties to file Global Proofs of Claim would be an acceptable means by which to protect all of the Noteholders with respect to their claims under the Guarantee Claims.  We understand that the Court has already approved stipulations in these cases authorizing parties to file Global Proofs of Claim on behalf of creditors.

3

WHEREFORE, the Noteholders respectfully request an Order either deeming all

Noteholders claims timely filed or, in the alternative, authorizing the Moving Parties to file

Global Proofs of Claim on behalf of all Noteholders, and such other and further relief as is just.

Dated:  New York, New York   GREENBERG TRAURIG, LLP
   November 19, 2009


    By: */s/ Allen G. Kadish* _____
     Bruce R. Zirinsky
     Nancy A. Mitchell
     Allen G. Kadish
    200 Park Avenue
    New York, New York 10166
    (212) 801-9200 (Tel)
    (212) 801-6400 (Fax)

    Attorneys for Aurelius Capital Management, LP;
    Drawbridge Special Opportunities Advisors, LLC;
    Fortress Credit Opportunities Advisors LLC;
    Appaloosa Management L.P.; Elliot Associates, LP;
    Perry Partners, L.P.; and Perry Partners
    International, Inc.

NY 239,934,949v3