**Hearing Date and Time: November 24, 2009 at 10:30 a.m. ET**
**Objection Deadline: November 19, 2009 at 4:00 p.m. ET[1]**
**Related to Docket No. 4337**

David L. Pollack, Esquire
Ballard Spahr LLP
51ST Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473
Email: pollack@ballardspahr.com

and

Matthew G. Summers, Esquire
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5679
Facsimile: (410) 361-8930
Email: summersm@ballardspahr.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**                                                )  | **Chapter 11** |
|                                                                   ) | |
| **MOTORS LIQUIDATION CORP.**, *et al.*,   ) | **Case No. 09-50026 (REG)** |
|     f/k/a **General Motors Corp.**, *et al.*,         ) | |
|                                                                   ) | **(Jointly Administered)** |
|                                  **Debtors.**        ) | |
|                                                                   ) | |

**OBJECTION OF FOUNTAIN LAKES I, L.L.C. TO DEBTORS'**
**NINTH OMNIBUS MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF**
<u>**NONRESIDENTIAL REAL PROPERTY**</u>

---

[1] The Motion as filed established a deadline of November 18, 2009 at 4:00 p.m. E.T. (which deadline was a mere four business days after the Motion was filed). Evan Lederman, one of the Debtor's attorneys, consented to a one day extension of time for Fountain Lakes to respond to the Motion, e.g., until November 19, 2009 at 4:00 p.m. ET.

DMEAST #11992337 v1

Fountain Lakes I, L.L.C. ("Fountain Lakes"), by its undersigned attorneys, hereby files this Objection to Debtors' Ninth Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property (the "Motion") and in support thereof avers:

1.  Pursuant to a Lease Agreement dated September 2005 (as amended, the "Lease"), by and between Fountain Lakes and General Motors Corporation (the "Debtor"), Fountain Lakes leased approximately 190,932 square feet of office/warehouse space located on Industrial Boulevard in St. Charles, Missouri (as more particularly described in the Lease, the "Premises") to the Debtor. A true and correct copy of the Lease is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

2.  On November 12, 2009, the Debtor filed the Motion, seeking to reject the Lease. The Debtor has left substantial personal property in the Premises, including a large industrial racking system that occupies a substantial portion of the Premises. The racking system renders a substantial portion of Premises unusable by Fountain Lakes.

3.  As this Court knows, all too often debtors simply leave the premises with property (equipment, goods, supplies and furniture, fixtures and equipment) remaining therein. The landlord is then left with the task of removing equipment, cleaning out the premises, and attempting to determine if any of the remaining property may be subject to the rights of the debtors or third parties.

4.  This case is vastly different than the typical retail case where cash registers and store shelves are abandoned. This Debtor is an automotive manufacturer and the Premises consist of 190,000 square feet of industrial warehouse space much of which is occupied by a large racking system. To remove the racking system and other equipment, Fountain Lakes

would have to retain skilled laborers. Removal, even with skilled labor, could take weeks. The cost of removing large pieces of equipment and the industrial racking system in this matter could reach into the hundreds of thousands of dollars.

5.     As a result, the Debtor should not be permitted to reject the Lease without first removing the racking system and its other personal property. To allow the Debtor to simply leave personal property behind results in the Debtor improperly shifting the cost of removal to Fountain Lakes.

6.     Alternatively, the Debtor should be required to formally abandon the racking system and other personal property it intends to leave at the Premises before the Lease is rejected and provide formal notice of such abandonment to all parties that may assert a lien or lease interest in the abandoned property. The Motion does not purport to abandon the property, including the racking system. The Motion simply ignores the racking system and other property the Debtor apparently intends to leave behind.

7.     It is a virtual certainty that property the Debtor may abandon is leased or subject to lien claims. Fountain Lakes should not be required to sort through lien or property rights to the property. Fountain Lakes does not have a direct relationship with any third parties who may have interests in any property which the Debtor may to decide to abandon, and, as a result, Fountain Lakes may have to perform, *inter alia*, UCC-1 searches to determine whether or not any third party has any interest in property remaining in the Premises.

8.     Fountain Lakes should not be put in the position of fulfilling Debtor's fiduciary obligations to its secured creditors and/or equipment lessors. The Debtor is the party seeking to have its Lease rejected. A condition to the order for rejection being effective should be that the Premises must be returned to Fountain Lakes in such a condition as will enable the landlord to

take immediate control of same without fear of being subjected to third party claims. Notice, abandonment, and termination of lien and lease rights is necessary for such to occur.

9. As a result, any rejection order should be conditioned upon an abandonment of the property remaining at the Premises by the Debtor and any Order entered by the Court approving rejection should provide that any of Debtors' property remaining in the Premises as of the rejection date is deemed abandoned. Further, the Order should provide that if any property remaining in the Premises belongs to a third party, or is property in which a third party claims an interest, whether a security interest or otherwise, Debtor shall give ten (10) days notice to each and every third party who may have a claim in such property to remove the property or in default thereof the third party's interest shall be deemed terminated and the property abandoned without any liability to the landlord for the disposal thereof.

10. Finally, the Order should make clear that it is not cutting off the right of Fountain Lakes to assert an administrative claim in the event that property is abandoned by the Debtor and, instead, should expressly preserve the rights of Fountain Lakes to seek allowance of administrative claims for the cost of removing the same in the event the Debtor elects (and this Court permits the Debtor) to abandon property at Premises.

11. Approval of the Motion as filed, and the failure to require the Debtors to comply with the requirements set forth above, would deprive Fountain Lakes of the use of its property without just compensation and delay Fountain Lake's ability to mitigate damages (thereby causing potential harm to the Debtor's estates, including its unsecured creditors).

WHEREFORE, Fountain Lakes I, LLC, requests that this Court require the Debtor to remove the racking system and all other personal property before the rejection is effective, or, alternatively, take affirmative action to abandon any personal property left behind in the

Premises and terminate lien and lease claims against any property abandoned, and expressly preserve the ability of Fountain Lakes to assert administrative claims for the costs incurred in removing any property the Debtor abandons at the Premises.

Dated: November 19, 2009             Respectfully submitted,

/s/ David L. Pollack
David L. Pollack, Esquire
BALLARD SPAHR LLP
51ST Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473
Email: pollack@ballardspahr.com

and

Matthew G. Summers, Esquire
BALLARD SPAHR LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5679
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Counsel for Fountain Lakes I, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Limited Objection to Debtors' Ninth Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property was served via first-class mail and/or electronic mail, upon:

>Harvey R. Miller, Esquire
>Stephen Karotkin, Esquire
>Joseph H. Smolinsky, Esquire
>Evan Lederman, Esquire
>Weil, Gotschal & Manges LLP
>767 Fifth Avenue
>New York, New York 10153
>
>Daniel N. Adams, Esquire
>Honigman Miller Schwartz and Cohn LLP
>660 Woodward Avenue
>2290 First National Building
>Detroit, MI 48226-3506
>
>Joseph R. Sgroi, Esquire
>Robert B. Weiss, Esquire
>Tricia A. Sherick, Esquire
>Honigman Miller Schwartz & Cohn LLP
>2290 First National Building
>660 Woodward Avenue
>Detroit, Michigan 48226
>
>Patrick J. Trostle, Esquire
>Jenner & Block LLP
>919 Third Avenue, 37th Floor
>New York, New York 10022
>
>Eric Fisher, Esquire
>Butzel Long
>380 Madison Avenue, 22nd Floor
>New York, New York 10017

Gordon Z. Novod, Esquire
Thomas Moers Mayer
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Andrew D. Velez-Rivera, Esquire
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

/s/ David L. Pollack
David L. Pollack, Esquire