Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
**In re**                                    :    **Chapter 11 Case No.**
:    **09-50026 (REG)**
:    **(Jointly Administered)**
**MOTORS LIQUIDATION COMPANY,** *et al.,*    :
**f/k/a General Motors Corp.,** *et al.*    :
:
**Debtors.**                          :
-------------------------------------------------------------x

### AMENDED STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, NATIXIS, NEW YORK BRANCH, ND NATIXIS FUNDING CORP., PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and

certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively with MLC, the "**Debtors**"), Natixis, New York Branch and Natixis Fund

Corp. (collectively with Natixis, New York Branch and the Debtors, the "**Parties**"), by and

through their respective undersigned counsel, hereby enter into this Amended Stipulation and

Agreed Order (this "**Stipulation**") and stipulate as follows:

## <u>RECITALS</u>

A.      On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the

"**Chapter 11 Cases**").    No trustee or examiner has been appointed.  On or about June 3, 2009,

an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter

11 Cases.

B.      On June 1, 2009, the Debtors also filed a motion requesting joint

administration of these chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C.      In the ordinary course of their business, the Debtors were frequently

required to provide to third parties financial assurance in the form of letters of credit to secure

the Debtors' payment or performance of certain obligations and to comply with certain statutory

requirements.

D.      Arrowood Indemnity Company ("**Arrowood**") and MLC previously

entered into a Collateral and Reimbursement agreement dated July 16, 2008 (the "**Arrowood**

**Agreement**") whereby MLC was required to procure and maintain at all times for the benefit of

Arrowood a clean, unconditional, irrevocable and "evergreen" letter of credit in the face amount

of the Aggregate Collateral Obligation, as defined in the Arrowood Agreement.

E.      In fulfillment of this obligation, on or about July 31, 2008, MLC provided

to Arrowood a letter of credit issued by Natixis, New York Branch in the face amount of $14.5

million (the "**Arrowood LC**").

F.      MLC and Natixis, New York Branch had previously entered into a Letter

of Credit Reimbursement Agreement dated as of December 18, 2006 and amended as of

December 27, 2007, and as of May 22, 2008 (as amended, the "**Prepetition Reimbursement**

**Agreement**"). Pursuant to the Prepetition Reimbursement Agreement, Natixis, New York Branch is entitled to recover, among other things, the full amount of its payments on letters of credit from the Debtors subject to the terms and conditions thereunder ("**MLC's Reimbursement Obligation**").

G.      As security for issuing the Arrowood LC, Natixis, New York Branch required MLC to obtain and provide collateral to support, secure, and back MLC's obligations to Natixis, New York Branch under the Prepetition Reimbursement Agreement. Per that certain Amended and Restated Pledge Agreement dated as of May 20, 2008, MLC granted Natixis, New York Branch a first priority lien on "all guaranteed investment contracts or other investment agreements" that MLC may enter into with, purchase or otherwise acquire from Natixis Funding Corp. As of the date hereof, there is available $14.5 million in collateral pursuant to that certain Investment Agreement between MLC and Natixis Funding Corp. dated as of July 30, 2008 (the "**Collateral**").

H.      Pursuant to the terms of the Arrowood Agreement, Arrowood has the right to draw on the Arrowood LC and demand has been made upon Natixis, New York Branch by Arrowood for payment under the Arrowood LC. Natixis, New York Branch requires the use of the Collateral to reimburse it for payment on the Arrowood LC.

I.      As the relief contemplated by this Stipulation is similar in nature to the relief attained in the Order Pursuant to 11 U.S.C. §§ 363(b), 503(b), and 105(a) and FED. R. BANKR. P. 6003 and 6004 (I) Authorizing Debtors to (a) Continue Their Liability, Product Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Docket No. 172] and other "First Day Orders" entered by the Court

on June 1, 2009, further relief may not be required to allow Natixis, New York Branch to apply

the Collateral to MLC's Reimbursement Obligation.  To the extent such further relief is required,

MLC acknowledges that Natixis, New York Branch is entitled to such relief under 11 U.S.C.

§ § 362(d)(1) and (d)(2).

J.    The Parties have entered into this Stipulation to consensually modify the

automatic stay in the Chapter 11 Cases to the extent necessary to allow Natixis, New York

Branch to apply the Collateral to MLC's Reimbursement Obligation as and when demand is

made under the Arrowood LC.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS

FOLLOWS:

1.    The automatic stay provided for under section 362(a) of the Bankruptcy Code is

modified solely to the extent necessary to allow Natixis, New York Branch to apply the

Collateral and/or the proceeds thereof to MLC's Reimbursement Obligation as and when demand

is made under the Arrowood LC.  Natixis, New York Branch reserves its right to assert any

claims or defenses relating to any demand under the Arrowood LC.  Natixis, New York Branch

and Natixis Funding Corp. agree to waive any claims against MLC with respect to the Arrowood

LC, conditioned upon the indefeasible receipt by Natixis, New York Branch of the Collateral

pursuant to this Stipulation.  Natixis Funding Corp. is authorized and directed to comply with

any request by Natixis, New York Branch to liquidate the Collateral and to release to Natixis,

New York Branch the Collateral and/or the proceeds thereof in accordance herewith.  Notice of

payments made by Natixis, New York Branch on the Arrowood LC will be provided to the

Debtors and the Committee within the later of (a) 3 business days of the date of payment or (b) 3

business days of the entry of an order of the Court approving this Stipulation.

2.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to the limited modification of the automatic stay under section 362(a) of the Bankruptcy Code provided in Paragraph 1 of this Stipulation.

3.      Nothing contained herein shall constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code.

4.      This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation.  If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

5.      This Stipulation sets forth the entire understanding of the Parties hereto and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court.  Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

6.      The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

7.      This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF

signatures will be deemed to be as valid as an original signature whether or not confirmed by

delivering the original signatures in person, by courier or mail, although it is the Parties'

intention to deliver original signatures after delivery of facsimile signatures.

8.    This Stipulation supersedes and replaces in its entirety the prior stipulation the

Parties filed on November 3, 2009 [Docket No. 4350].

Dated:  November 11, 2009
        New York, New York

**SAUL EWING LLP**                              **WEIL, GOTSHAL & MANGES LLP**


/s/ Adam H. Isenberg                            /s/ David R. Berz
Adam H. Isenberg                                Harvey R. Miller
Centre Square West                              Stephen Karotkin
1500 Market Street, 38th Floor                  Joseph H. Smolinsky
Philadelphia, PA  19102                         David R. Berz
Telephone: (215) 972-8662                       767 Fifth Avenue
Facsimile:  (215) 972-1853                      New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007


Attorney for Natixis, New York Branch and       Attorneys for the Debtors and Debtors in
Natixis Funding Corp.                           Possession



Dated: November 19, 2009
       New York, New York
                                APPROVED AND SO ORDERED:


                                /s/ Robert E. Gerber
                                HONORABLE ROBERT E. GERBER
                                UNITED STATES BANKRUPTCY JUDGE