## EMPLOYMENT AGREEMENT

This AGREEMENT, entered into by and between CLIENT and Edward O. Moody, P.A., 801 West Fourth Street, Little Rock, Arkansas, 72201, hereinafter called ATTORNEY, WITNESSETH:

1. Client, or his/her legal representative, hereby retains and employs Attorney to represent him/her in the prosecution of any and all claims and causes of action for damages, injury or death sustained by Client as a result of exposure to asbestos. This does not include Workers' Compensation, FELA or Seamen's claims unless specifically agreed to by Client and Attorney. This Agreement shall be binding upon Client, his/her heirs, successors or assigns.

2. Attorney agrees to undertake the representation of Client's claims using his highest professional skill to advance the interests and diligently pursue the claims and causes of action of Client in all matters. Attorney and Client agree to fully assist and cooperate with each other in prosecuting this claim. Client agrees to keep Attorney informed as to any change of address or of any contact by a defendant or anyone representing a defendant in these claims. Client understands additional medical tests may be required to maximize recovery, and agrees to have these tests timely performed, as requested.

If Client is unable to be located for consultation, Attorney shall have the right to act on behalf of Client. Attorney shall have the right, on behalf of Client, under those circumstances only, to make any and all decisions regarding settlement offers, voting, ballots and class action opt-outs.

3. Attorney shall have the right to obtain and disclose with proper discretion and professional care any and all medical reports pertaining to Client's medical treatment and diagnosis to any physician or health care provider, co-counsel or expert witness for the purpose of evaluating Client's physical condition as it pertains to this matter.

«LAST_NAME», «FIRST_NAME»
«SSAN»

Employment Agreement – Page 2

4. Attorney shall have the right to associate with and retain other legal counsel to assist in the prosecution of these claims. Attorney will be responsible for compensating additional legal counsel from his share of any recovery received in this matter.

5. Client agrees to pay Attorney for his services rendered pursuant to this Agreement a fee of Forty Percent (40%) of all sums collected for client, whether such sums so collected for client is by settlement or trial. As to legal services performed against the Manville Trust, the attorney's fee shall be Twenty-Five Percent (25%).

6. Any necessary and reasonable costs, expenses, investigations and fees for expert witnesses, shall be paid by Attorney and then deducted from the Sixty Percent (60%) recovery of the client. These costs include court filing fees for filing the lawsuit, payment of the service of the lawsuit on all defendants, and any medical records, X-rays, pathology reports, social security records, etc.

7. Client understands that approximately fifty-five potential defendants in the asbestos litigation filed bankruptcy, and it is probable that others will likely do the same. As a result, total settlement proceeds in his/her case will probably be lower than otherwise expected.

8. Client further understands while defendants may make settlement offers to several claimants at a time, each claim is individually evaluated; and based upon his or her medical findings, type of work, and the date of filing the claim, each claimant will probably receive different settlement amounts than other claimants and at probably different times.

9. In the event Client dies or died without a will, and it becomes necessary for Attorney to begin legal proceedings in a probate court to begin or continue prosecution of the claim, Attorney will be paid according to applicable probate law for his services in probate court in additional to the work on the asbestos claim.

«LAST_NAME», «FIRST_NAME»
«SSAN»

Revised 9-13-04

Employment Agreement – Page 3

Additionally, in the event of client's death, this employment agreement shall be binding upon the duly appointed representative of Client's estate, without need for a new employment agreement to be signed by such representative.

10. In the event Client has a claim, if Client, or Client's estate, decides to discontinue this claim, or retains another law firm to handle this claim, Edward O. Moody, P.A., will be immediately compensated for all of the expenses incurred and for the reasonable value of the legal services provided for at that time and this shall constitute a lien on any settlement or judgment proceeds in the case and the same shall be binding upon Client and Client's heirs, successors or assigns.

IN WITNESS WHEREOF, the parties hereto have executed this instrument in duplicate originals this _____ day of _____, 20___.

_____
Client's Signature

_____
Attorney's Signature

**«LAST_NAME», «FIRST_NAME»**
**«SSAN»**

Revised 9-13-04