# EXHIBIT C

| | | |
|---|---|---|
| **Attorneys**<br>**Russell R. Johnson III**<br>**John M. Craig**<br>**John M. Merritt** | **RUSSELL R. JOHNSON III**<br>Law Firm Of Russell R. Johnson III, PLC<br>2258 Wheatlands Drive<br>Manakin-Sabot, Virginia 23103<br>Telephone (804) 749-8861<br>Facsimile (804) 749-8862 | |

Northern Virginia Office
John M. Craig
14890 Washington Street
First Floor
Haymarket, VA 20169
Phone: (571) 261-5641
Facsimile: (571) 261-5642

Atlanta, Georgia Office
John M. Merritt
Providence Park
3535 Roswell Road, Suite 49
Marietta, GA 30062
Phone: (770) 509-2600
Facsimile: (678) 990-4919

June 26, 2009

**Via Email**

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
E-mail: joseph.smolinsky@weil.com

*In re General Motors Corp., et al.*, Debtors, JA, Case No. 09-50026 (REG)
**Settlement Offer Pursuant To Rule 408 Of The Federal Rules Of Evidence**

Dear Mr. Smolinsky:

As you know, my firm has been retained by Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("DVP"), The East Ohio Gas Company, d/b/a Dominion East Ohio ("DEO"), Salt River Project ("SRP"), Duke Energy Indiana, Inc. ("DEI"), Duke Energy Ohio, Inc. ("Duke Ohio"), Duke Energy Carolinas, LLC ("DEC"), American Electric Power ("AEP"), Michigan Consolidated Gas Company ("MichCon"), Consolidated Edison Company Of New York, Inc. ("ConEd"), Southern California Edison Company ("SCE"), Baltimore Gas and Electric Company ("BGE"), Massachusetts Electric Company, d/b/a National Grid ("MECO"), Niagara Mohawk Power Corporation, d/b/a National Grid ("NIMO"), The Commonwealth Edison Company ("ComEd") and PECO Energy Company ("PECO") (collectively, the "Utilities") and Delta Township Utilities, LLC ("Delta I"), Delta Township Utilities II, LLC ("Delta II"), Suez/VWNA/DEGS of Lansing, LLC ("Lansing"), Shreveport Red River Utilities, LLC ("Shreveport"), and Veolia Water Partners VI ("Veolia") (collectively, the "Joint Venture Utilities") to address their requests for adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code and the *Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors' Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service* (the "Utility Motion").

Based upon our recent discussions, Debtors are aware of the Utilities' and the Joint Venture Utilities' *Objection Of Certain Utility Companies To Motion Of Debtors For Entry Of*

June 26, 2009
Page 2

*Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors' Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service* (the "Objection").[1]

The Utilities and the Joint Venture Utilities have provided my firm with authority to make the following settlement offer to resolve the matter prior to the rescheduled June 30, 2009, final hearing on the Utility Motion:

I. **DVP**

   A. DVP maintained a prepetition cash deposit on the Debtors' account, which with interest, was in the amount of $141,345.76. The prepetition debt on the Debtors' account is $53,488.41. Accordingly, DVP shall recoup the cash deposit against the Debtors' prepetition account pursuant to Section 366(c)(4) which shall leave a surplus prepetition credit on the Debtors' prepetition account in the amount of $87,857.35 (the "DVP Surplus").

   B. DVP shall apply the DVP Surplus as payment in full of the Debtors' postpetition deposit to DVP, which shall constitute adequate assurance of payment pursuant to Section 366(c).

II. **SRP**

   A. SRP maintained a prepetition cash deposit on the Debtors' accounts in the amount of $151,059.00, which has accrued interest of $1,364.79. The estimated prepetition debt on the Debtors' accounts is $62,482.82. Accordingly, SRP shall recoup the cash deposit against the Debtors' prepetition account pursuant to Section 366(c)(4) leaving a surplus prepetition deposit in the approximate amount of $89,940.97 (the "SRP Surplus").

   B. The Debtors have sent SRP a letter requesting that service be terminated to 23 of the 24 accounts that SRP has with the Debtors effective June 30, 2009. As a result the only account that SRP will have with the Debtors as of July 1, 2009 is the following account: Account No. 561-313-003, 9831 S. 51st Street, Suite 136. The one month deposit for this account is $3,227, which shall be paid from the SRP Surplus.

   C. SRP retain the remainder of the SRP Surplus as its post-petition deposit pursuant to Section 366(c). Once the Debtors pay the final post-petition invoices for the closing accounts identified above, SRP shall return the SRP Surplus, minus the $3,227 amount that was applied as a deposit to the remaining active account.

---

[1] On June 17, 2009, ComEd and PECO retained my firm. These utilities are included as parties under the Objection via the *Joinder Of The Commonwealth Edison Company And PECO Energy Company To Objection Of Certain Utility Companies To Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(a) And 366 (I) Approving Debtors' Proposed Form Of Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Objections By Utility Companies, And (III) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service* filed in the Debtors' Bankruptcy Cases on June 17, 2009.

III. **SCE**

    A.    SCE maintained a prepetition cash deposit on the Debtors' accounts in the amount of $319,150.00, which has accrued interest of $45,333.44. The estimated prepetition debt on the Debtors' accounts is $47,464.26. Accordingly, SCE shall recoup the cash deposit against the Debtors' prepetition account pursuant to Section 366(c)(4) leaving a surplus prepetition deposit in the approximate amount of $317,019.18 (the "SCE Surplus").

    B.    SCE shall apply the SCE Surplus as payment in full of Debtors' post-petition deposit which shall constitute adequate assurance of payment as to SCE. Accordingly, Debtors are not required to remit further funds to SCE as payment for a post-petition deposit.

IV. **JOINT VENTURE UTILITIES**

During previous settlement negotiations, Debtors expressed their intentions to treat the Joint Venture Utilities as Essential Vendors pursuant to the *Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105, 363, And 364 Authorizing Debtors To (I) Pay Prepetition Claims Of Certain Essential Suppliers, Vendors And Service Providers; (II) Continue Troubled Supplier Assistance Program; And (III) Continue Participation In The United States Treasury Auto Supplier Support Program* (the "Critical Vendor Motion") [Docket No. 76]. Accordingly, and pursuant to the Debtors' authority as granted by the Court under the *Interim Order Pursuant To 11 U.S.C. §§ 105, 363, And 364 Authorizing Debtors To (I) Pay Prepetition Claims Of Certain Essential Suppliers, Vendors And Service Providers, (II) Continue Troubled Supplier Assistance Program, And (III) Continue Participation In The United States Treasury Auto Supplier Support Program* (the "Interim Critical Vendor Order") [Docket No. 175], the Debtors, in lieu of providing the Joint Venture Utilities with the postpetition deposits requested by the Joint Venture Utilities in the Objection, shall, pursuant to their authority under the Interim Critical Vendor Order:

    A.    Pay all prepetition invoices issued by the Joint Venture Utilities in the ordinary course of business;

    B.    Debtors shall send their payments of the Joint Venture Utilities' prepetition invoices to the person and at the address set forth on each invoice and in the following amounts:

        1.    Delta Township Utilities, LLC -- $70,984.43
        2.    Delta Township Utilities II, LLC -- $525,772.44
        3.    Suez/VWNA/DEGS of Lansing, LLC -- $213,637.43
        4.    Shreveport Red River Utilities, LLC -- $804,164.44
        5.    Veolia Water Partners VI -- $266,387.04

    C.    Pay all postpetition invoices issued by the Joint Venture Utilities in the ordinary course of business to the person and at the address set forth on each invoice.

V.   **AMERICAN ELECTRIC POWER**

   A.   Southwestern Electric Power Company ("SWEPCO") maintained a $850,000 letter of credit (the "SWEPCO LOC") on its account with the Debtors at 7600 General Motors Blvd., Shreveport, LA (the "LA Account"). The final prepetition debt owed by the Debtors to SWEPCO on the LA Account is $519,142.06. Accordingly, SWEPCO has made a demand upon the SWEPCO LOC and has received a payment for the $519,142.06 amount, which leaves a balance of $330,857.94 remaining on the SWEPCO LOC.

   B.   As adequate assurance of payment to SWEPCO pursuant to Section 366(c), the Debtors agree to promptly increase the SWEPCO LOC from its current $330,857.94 balance to $632,585.

   C.   With respect to the Debtors' remaining accounts with AEP, AEP maintained a $420,000 leter of credit (the "AEP LOC"). AEP has made a demand upon the AEP LOC for the Indiana accounts in the amount of $321,389.71. After the foregoing balance is paid, there will be a balance of $98,610.29 remaining on the AEP LOC. The one month deposit for AEP's Indiana and Ohio accounts would be $236,926 (Indiana) and $29,521 (Ohio), respectively. Accordingly, in order to provide AEP with adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code, the Debtors shall promptly increase the AEP LOC from its current $98,610.29 balance to $266,447, which shall cover the Indiana and Ohio accounts.

VI.   **ONE-MONTH DEPOSITS**

   A.   On or before July 2, 2009, the Debtors shall tender the following one-month cash deposits to the following Utilities:

   1.   The East Ohio Gas Company, d/b/a Dominion East Ohio -- $37,397.00
        Attn: Sherry R. Ward
        701 East Cary Street
        Richmond, Virginia 23219

   2.   Duke Energy Indiana, Inc. -- $377,880.00
        Duke Energy Ohio, Inc. -- $59,610.00
        Attn: Tanya A. Schweitzer
        Duke Energy Shared Services, Inc.
        139 East Fourth Street
        Room 25, Atrium II
        Cincinnati, Ohio 45201-0960

   3.   Duke Energy Carolinas, LLC -- $20,230.00
        Attn: Yvonne C. Crenshaw
        Duke Energy Corporation
        Office of General Counsel
        526 South Church Street – ECO3T
        Charlotte, NC 28202

4. Michigan Consolidated Gas Company -- $96,844
   Attn: Michael T. Wood, Esq.
   DTE Energy Company
   One Energy Plaza
   Suite 688 WCB
   Detroit, Michigan 48226

5. Consolidated Edison Company Of New York, Inc. ("Con Ed") - $42,635
   Attn: Leon Z. Mener, Esq.
   4 Irving Place – Room 18755
   New York, New York 10003

This agreed upon deposit number is based on the Debtors' representation that they are received electric commodity from a supplier and that they do not need Con Ed to supply the Debtors with electric commodity.

6. Baltimore Gas and Electric Company -- $26,276
   Attn: Don Dove
   110 W. Fayette Street
   6th Floor
   Baltimore, MD 21201

7. Massachusetts Electric Company, d/b/a National Grid -- $37,791.
   Niagara Mohawk Power Corporation, d/b/a National Grid -- $657,966
   Attn: Christopher Aronson, Esq.
   Senior Counsel
   National Grid
   201 Jones Road
   Waltham, MA 02451

8. The Commonwealth Edison Company -- $7,873.00
   Attn: Brandy Glashin, Revenue Management
   Commonwealth Edison Company
   2100 Swift Drive
   Oak Brook, IL 60523

9. PECO Energy Company -- $55,885
   Attn: Michael Murphy
   Exelon Corporation
   2301 Market Street, S23-1
   Philadelphia, Pennsylvania 19103

VII. **PROVISIONS APPLICABLE TO ALL UTILITIES**

   A. If the Debtors fail to tender a deposit payment required by this agreement, the applicable Utility can terminate service to the Debtors after providing the Debtors and their counsel with notice of the default and five (5) business days to cure the default (the "Cure Period"). If the Debtors cure the deposit payment default within the Cure Period, the

      applicable Utility cannot terminate service for the payment default. The notices required by this paragraph shall be sent, via facsimile and e-mail to:

1. Joseph H. Smolinsky, Esq.
   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York  10153
   Facsimile: (212) 310-8007
   E-mail: joseph.smolinsky@weil.com

2. Upon execution of this letter agreement, the Debtors shall promptly provide their contact information to counsel for the Utilities and the Joint Venture Utilities.

B. In the event the Utilities subsequently identify accounts not previously identified for the purpose of this settlement, the Debtors agree to promptly provide the applicable Utility with a one-month cash deposit for the additional account(s) not covered by this settlement agreement.

C. The Debtors shall pay all post-petition bills received from the Utilities and the Joint Venture Utilities for post-petition service by the applicable due date on the invoice, which is a due date in accordance with the Utilities' applicable state laws, rules and/or regulations and/or tariffs (collectively, the "Tariffs") and in accordance with the applicable billing and payment terms between the Debtors and the Joint Venture Utilities.

D. If the Debtors no longer require service at an account or at various accounts, the Debtors shall contact the applicable Utility and request that service be terminated to the applicable account or accounts. After a post-petition account has been closed and all post-petition bills have been paid in full for that account, the applicable Utility shall promptly refund the deposit attributable to that closed account to the Debtors.

E. Once all final post-petition bills are paid, the Utilities shall either apply the respective deposits to the final post-petition invoices or promptly refund the deposits.

F. The Utilities and the Joint Venture Utilities agree that the provisions of this letter agreement and the payments by the Debtors of the cash deposits according to the terms set forth herein constitute adequate assurance of payment to the Utilities and to the Joint Venture Utilities pursuant to Section 366 of the Bankruptcy Code. Accordingly, the Utilities and the Joint Venture Utilities shall be expressly exempted from the Final Utility Order.

G. This offer must be accepted in writing or via e-mail notification no later than 1:00 p.m. on Monday, June 29, 2009.

Please acknowledge the Debtors' agreement to resolve the Utilities' and the Joint Venture Utilities' adequate assurance of payment requests and the Utility Motion pursuant to the above-terms by signing this letter on the space set forth below and returning a signed copy to me. Should you have any questions concerning this settlement agreement, please give me a call.

Sincerely,

*Russell R. Johnson III*

SEEN AND AGREED:

By: _____
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
E-mail: joseph.smolinsky@weil.com

*Counsel for Debtors*