**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE:

                                            Chapter 11

MOTORS LIQUIDATION COMPANY, *et al.*,
    f/k/a GENERAL MOTORS CORP., *et al.*,    Case No. 09-50026 (REG)

                       Debtors.          Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE**
**UNITED STATES OF AMERICA REGARDING THE UNITED STATES**
**DEPARTMENT OF THE TREASURY'S PROOF OF CLAIM**

Motors Liquidation Company (f/k/a General Motors Corporation) and its

debtor affiliates (collectively, the "Debtors"), together with the United States of

America (the "Government"), on behalf of the United States Department of the

Treasury ("Treasury") as lender under the Loan and Security Agreement by and

between Borrower and the United States Department of the Treasury as Lender,

dated as of December 31, 2008 (the "Prepetition Loan," and, together with all

related and ancillary documentation, the "Prepetition Agreements") and the

Secured Superpriority Debtor-in-Possession Credit Agreement among General

Motors Corporation, as Borrower, the Guarantors, and the Lenders parties thereto

from time to time, including the United States Department of the Treasury and

Export Development Canada, dated as of June 3, 2009 (the "DIP Loan," and

together with all related and ancillary documentation, the "DIP Agreements"),

respectfully submit this stipulation and order and agree as follows:

WHEREAS, on June 1, 2009 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C.

§ 1101, *et seq.*, as amended (the "Bankruptcy Code");

WHEREAS, on the Petition Date, General Motors Corporation ("GM"), a Debtor in these chapter 11 cases, and certain other Debtors, were party to the Prepetition Loan and the Prepetition Agreements;

WHEREAS, on June 3, 2009, GM and certain other Debtors became parties to the DIP Loan and the DIP Agreements;

WHEREAS, on June 25, 2009, the Court entered an order approving the DIP Loan and the DIP Agreements [docket no. 2529];

WHEREAS, on September 2, 2009, the Debtors filed their *Motion for Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), Establishing the Deadline for Filing Proofs of Claim (Including Claims under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* [docket no. 3940];

WHEREAS, on September 16, 2009, the Court entered an order approving the Bar Date Motion (the "Bar Date Order") [docket no. 4079], setting a deadline for the filing of proofs of claim;

WHEREAS, pursuant to the Bar Date Order, "[i]f a claimant asserts a Claim against more than one Debtor, the claimant **must** file a separate Proof of Claim against each Debtor";

WHEREAS, the Debtors and the Government desire to clarify the obligations of the Government with respect to the filing of a proof of claim on behalf of the United States Department of the Treasury as lender under the Prepetition

Agreements and the DIP Agreements;

THEREFORE, the Debtors and the Government stipulate and agree and the Court orders that:

1. Notwithstanding anything to the contrary in the Bar Date Order, the Federal or Local Rules of Bankruptcy Procedure or other applicable law, the Government, on behalf of Treasury, is authorized and permitted, but not directed, to file a single, consolidated proof of claim in the chapter 11 case captioned *In re Motors Liquidation Company*, Case No. 09-50026 (REG) (the "Lead Case") in connection with all of the claims arising under or in connection with the applicable Prepetition Agreements and DIP Agreements (and all documents related thereto).  Unless otherwise agreed by the Government, this Stipulation shall also apply to any amendment to the proof of claim filed by the Government, on behalf of Treasury.

2. The Government may file such proof of claim without annexing the supporting documents thereto; provided that the Government shall make a copy of all such documents available for inspection by the Debtors or any statutory committee appointed in the Debtors' chapter 11 cases upon request made in writing to the Government.

3. Neither the Debtors, any statutory committee appointed in the Debtors' chapter 11 cases, nor any other party in interest waive their right to object to any claims identified in any proof of claim, whether

as to amount, classification, priority, or otherwise, or to any liability

therefrom.

AGREED TO BY:

Dated:    New York, New York    WEIL, GOTSHAL & MANGES LLP
               November 11, 2009       Attorneys for the Debtors

                                  /s/ Joseph H. Smolinsky
                               Harvey R. Miller, Esq.
                               Steven Karotkin, Esq.
                               Joseph H. Smolinsky, Esq.
                               767 Fifth Avenue
                               New York, New York 10153
                               Telephone:  (212) 310-8500
                               Facsimile: (212) 310-8077
                               E-mail: joseph.smolinsky@weil.com


Dated:    New York, New York    PREET BHARARA
               November 11, 2009       United States Attorney
                               Attorney for the United States

                       By:    /s/ Matthew L. Schwartz
                               DAVID S. JONES
                               JEFFREY S. OESTERICHER
                               MATTHEW L. SCHWARTZ
                               JOSEPH N. CORDARO
                               Assistant United States Attorneys
                               86 Chambers Street, 3rd Floor
                               New York, New York 10007
                               Telephone: (212) 637-1945
                               Facsimile:  (212) 637-2750
                               E-mail:  matthew.schwartz@usdoj.gov

SO ORDERED:

Dated:    New York, New York
               _____, 2009


_____
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE