Steven B. Eichel
Mark S. Lichtenstein
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone No.: (212) 803-4019
Fax No.: (212) 223-4134
*Attorneys for Winkelmann Sp. z.o.o.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

### RESPONSE OF WINKELMANN SP. Z.O.O. TO DEBTORS' OBJECTION TO CERTAIN 503(b)(9) CLAIMS UNDER THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9) ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)

Winkelmann Sp. z.o.o. ("Winkelmann"), by and through its undersigned counsel, hereby responds to the objection (the "Objection") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to the claim filed by Winkelmann (the "Winkelmann Claim") pursuant to 11 U.S.C. § 503(b)(9), and respectfully states as follows:

1. On June 1, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11, U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On June 1, 2009, the Bankruptcy Court entered the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction

of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) (the "Section 503(b)(9) Procedures Order").

3.    Winkelmann sold goods (the "Goods") to Debtor General Motors Corp. ("GMC") in the ordinary course of GMC's business, which Goods were received by GMC within twenty days before the date of commencement of GMC's bankruptcy case and for which Winkelmann did not receive payment.

4.    Pursuant to the Section 503(b)(9) Procedures Order, Winkelmann filed the Winkelmann Claim. In the Winkelmann Claim, Winkelmann requested an administrative expense claim in the amount of $286,298.15.[1] The Winkelmann Claim (i) described the Goods received by GMC within 20 days before the Petition Date, and (ii) attached (a) GMC's forecast orders for Winkelmann, (b) a report that indicated, among other things, the date and time of receipt of the Goods by GMC from the warehouse and the quantity of Goods received from the warehouse, and (c) a summary of the outstanding and unpaid invoices. Thus, the Winkelmann Claim satisfied the criteria under Bankruptcy Code Section 503(b)(9) because it demonstrated that (i) Winkelmann, as vendor, sold Goods to the Debtors, (ii) the Goods were received within 20 days prior to the filing of the Debtors' bankruptcy cases, (iii) the Goods were sold to the Debtors in the ordinary course of their business, and (iv) Winkelmann did not receive payment for these Goods.

5.    "A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim." *Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) (quoting *In re*

---

[1] $286.298.15 is the equivalent of €202,216.52 based on the exchange rate for June 1, 2009 (the Petition Date) as published in the Tuesday, June 2, 2009 edition of *The Wall Street Journal*.

2

*Reilly*, 245 B.R. 786, 773 (2d Cir. BAP 2000)(citing Fed. R. Bankr. P. 3001(f)). Similar to properly filed claims under Bankruptcy Rule 3001(f) and Bankruptcy Code Section 502(a), the Winkelmann Claim constitutes *prima facie* evidence of the validity and amount of its section 503(b)(9) claim. "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Id.* (quoting *In re Reilly*, 245 B.R. 786, 773 (2d Cir. BAP 2000)) Unless the Debtors, as objectors, introduce evidence that refutes at least one allegation of the Winkelmann Claim, Winkelmann does not need to offer further proof of the merits of its claim.

6. Here, the Debtors have not submitted any evidence in support of their Objection, and thus have failed to satisfy their burden. As a result, the Objection must be overruled.

7. Notwithstanding that the Debtors have not satisfied their burden, Winkelmann is submitting the declaration of Mr. Helge Himmeröder (the "Himmeröder Declarartion") as additional evidence that the invoices totaling $286,298.15 have not been paid. A copy of the Himmeröder Declaration (with exhibits) is attached hereto as Exhibit 1. Furthermore, attached as Exhibit 2 is an additional spreadsheet summarizing the outstanding unpaid invoices and the 20 invoices supporting the entries on the spreadsheet for the section 503(b)(9) claim.[2]

8. Moreover, the Objection is improper because it violates Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bankruptcy Rule 3007(d) provides as follows:

---

[2] To facilitate the matching of the underlying invoices with the spreadsheet, a key was placed in the fifth column of the spreadsheet. That column contains the numbers 1 through 20, which represents the 20 unpaid invoices. The exhibit also attaches the corresponding invoices, which are numbered 1 to 20 on the top of each invoice.

Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:[3]

(1) they duplicate other claims;

(2) they have been filed in the wrong case;

(3) they have been amended by subsequently filed proofs of claim;

(4) they were not timely filed;

(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6) they were presented in a form that does not comply with the applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7) they are interests, rather than claims; or

(8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

9. The Debtors objected to the Winkelmann Claim "to the extent that the Debtors (i) were not able to reasonably identify from their books and records the goods subject to [Winkelmann's] 503(b)(9) Claims or (ii) were able to verify that all payments have been made to [Winkelmann] according to the Debtors' books and records." Objection at ¶7 and Exhibit A to Objection. The Debtors characterize this objection as a "Books and Records" objection.

10. However, under Bankruptcy Rule 3007(d), the Debtors are not authorized to file a "Books and Records" objection in an omnibus objection. Thus, the Objection must be overruled.

---

[3] On October 29, 2009, the Debtors filed the Objection against more than 20 different claimants, including Winkelmann. Thus, the Debtors' Objection -- an omnibus objection -- is subject to the requirements of Bankruptcy Rule 3007(d).

WHEREFORE, Winkelmann respectfully requests that, based on all of the above, the Winkelmann Claim must be allowed in the amount filed, the Objection be overruled, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
November 24, 2009

CROWELL & MORING LLP

By: /s/ Steven B. Eichel
Steven B. Eichel
Mark S. Lichtenstein
590 Madison Avenue
New York, New York 10022
Telephone No.: (212) 803-4019
Fax No.: (212) 223-4134

*Attorneys for Winkelmann Sp. z.o.o.*

NYIWDMS: 11375501_7