**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE:

MOTORS LIQUIDATION COMPANY, *et al.*,
    f/k/a GENERAL MOTORS CORP., *et al.*,

                   Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 09-50026 (REG)

Jointly Administered

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE UNITED STATES OF AMERICA REGARDING THE UNITED STATES DEPARTMENT OF THE TREASURY'S PROOF OF CLAIM**

Motors Liquidation Company (f/k/a General Motors Corporation) and its debtor affiliates (collectively, the "**Debtors**"), together with the United States of America (the "**Government**"), on behalf of the United States Department of the Treasury ("**Treasury**") as lender under the Loan and Security Agreement by and between Borrower and the United States Department of the Treasury as Lender, dated as of December 31, 2008 (the "**Prepetition Loan**," and, together with all related and ancillary documentation, the "**Prepetition Agreements**") and the Secured Superpriority Debtor-in-Possession Credit Agreement among General Motors Corporation, as Borrower, the Guarantors, and the Lenders parties thereto from time to time, including the United States Department of the Treasury and Export Development Canada, dated as of June 3, 2009 (the "**DIP Loan**," and together with all related and ancillary documentation, the "**DIP Agreements**"), respectfully submit this stipulation and order and agree as follows:

WHEREAS, on June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C.

§ 1101, *et seq.*, as amended (the "**Bankruptcy Code**");

WHEREAS, on the Petition Date, General Motors Corporation ("**GM**"), a Debtor in these chapter 11 cases, and certain other Debtors, were party to the Prepetition Loan and the Prepetition Agreements;

WHEREAS, on June 3, 2009, GM and certain other Debtors became parties to the DIP Loan and the DIP Agreements;

WHEREAS, on June 25, 2009, the Court entered an order approving the DIP Loan and the DIP Agreements [docket no. 2529];

WHEREAS, on September 2, 2009, the Debtors filed their *Motion for Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), Establishing the Deadline for Filing Proofs of Claim (Including Claims under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* [docket no. 3940];

WHEREAS, on September 16, 2009, the Court entered an order approving the Bar Date Motion (the "**Bar Date Order**") [docket no. 4079], setting a deadline for the filing of proofs of claim;

WHEREAS, pursuant to the Bar Date Order, "[i]f a claimant asserts a Claim against more than one Debtor, the claimant **must** file a separate Proof of Claim against each Debtor";

WHEREAS, the Debtors and the Government desire to clarify the obligations of the Government with respect to the filing of a proof of claim on behalf of the United States Department of the Treasury as lender under the Prepetition Agreements and the DIP Agreements;

THEREFORE, the Debtors and the Government stipulate and agree and the Court orders that:

1. Notwithstanding anything to the contrary in the Bar Date Order, the Federal or Local Rules of Bankruptcy Procedure or other applicable law, the Government, on behalf of Treasury, is authorized and permitted, but not directed, to file a single, consolidated proof of claim in the chapter 11 case captioned *In re Motors Liquidation Company*, Case No. 09-50026 (REG) (the "**Lead Case**") in connection with all of the claims arising under or in connection with the applicable Prepetition Agreements and DIP Agreements (and all documents related thereto). Unless otherwise agreed by the Government, this Stipulation shall also apply to any amendment to the proof of claim filed by the Government, on behalf of Treasury.

2. The Government may file such proof of claim without annexing the supporting documents thereto; provided that the Government shall make a copy of all such documents available for inspection by the Debtors or any statutory committee appointed in the Debtors' chapter 11 cases upon request made in writing to the Government.

3. Neither the Debtors, any statutory committee appointed in the Debtors' chapter 11 cases, nor any other party in interest waive their right to object to any claims identified in any proof of claim,

whether as to amount, classification, priority, or otherwise, or to

any liability therefrom.

AGREED TO BY:

Dated: New York, New York            WEIL, GOTSHAL & MANGES LLP
   November 11, 2009            Attorneys for the Debtors

               /s/ Joseph H. Smolinsky
              Harvey R. Miller, Esq.
              Steven Karotkin, Esq.
              Joseph H. Smolinsky, Esq.
              767 Fifth Avenue
              New York, New York 10153
              Telephone:  (212) 310-8500
              Facsimile: (212) 310-8077
              E-mail: joseph.smolinsky@weil.com


Dated: New York, New York            PREET BHARARA
   November 11, 2009            United States Attorney
              Attorney for the United States

           By:  /s/ Matthew L. Schwartz
              DAVID S. JONES
              JEFFREY S. OESTERICHER
              MATTHEW L. SCHWARTZ
              JOSEPH N. CORDARO
              Assistant United States Attorneys
              86 Chambers Street, 3rd Floor
              New York, New York 10007
              Telephone: (212) 637-1945
              Facsimile:  (212) 637-2750
              E-mail:  matthew.schwartz@usdoj.gov

SO ORDERED:

Dated:  New York, New York
     **_November 24, 2009_**


**_s/ Robert E. Gerber_**
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE