Joshua I. Divack
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
jdivack@hahnhessen.com

*Attorneys for William Hardee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

In re

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a General Motors Corp., et al.,

Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

---------------------------------------------------------

## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

William Hardee, by and through counsel, hereby requests payment of administrative expenses pursuant to 11 U.S.C. § 503(b), as follows:

Factual Basis for Administrative Claim

1.  On June 11, 2009, William Hardee, age 19, sustained catastrophic injuries when the 1995 Chevrolet S-10 pickup truck manufactured and sold by Debtor General Motors Corp. n/k/a Motors Liquidation Company (the "Debtor") rolled over in Georgia and sustained excessive roof crush. The severe injury to Mr. Hardee's spinal cord occurred as a result of the

unreasonable danger of the roof of the pickup and the debtor's post-sale failure to warn about these dangers.

2.      Because the Debtor commenced this Chapter 11 case on June 1, 2009, the crash occurred post-petition. On July 5, 2009, the Court entered an Order [Docket #2968] approving the Debtor's sale of substantially all its operating assets to a newly-formed company ("New GM") pursuant to the Amended and Restated Master Sale and Purchase Agreement ("MPA") attached to the Order. That sale closed on July 10, 2009.

3.      Article II of the MPA addresses "Assumed Liabilities" for tort claims. Under Article II, "at the closing" New GM assumed all of a list of "Assumed Liabilities." Article 2.1. Section 2.3(a)(ix) of the MPA states that the Assumed Liabilities include:

> all liabilities to third parties for death, personal injury, or other injury....(collectively, "Product Liabilities"), which arise directly out of accidents [or] incidents...<u>that happen on or after the Closing Date</u> and arise from such motor vehicles' operation or performance... (emphasis added).

4.      Under Section 2.3(b)(ix) of the MPA, New GM expressly "shall not assume" what the MPA describes as "Retained Liabilities", including "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences <u>that happen prior to the Closing Date</u>." (emphasis added)

5.      Thus under the MPA, personal injury product liability claims such as Mr. Hardee's arising from accidents or incidents that occurred before the July 10, 2009 closing are claims against the Debtor. Because Mr. Hardee's claims arose post-petition, they are administrative expenses, based upon the authorities discussed below.

### Legal Authority Supporting Administrative Expense Claim

6.      Under Georgia law, the Debtor's obligation to warn Mr. Hardee about the dangers of the vehicle's dangerous and defective roof design continued post-petition and up to the time of

the crash on June 11, 2009. Mr. Hardee therefore holds state law claims based upon the Debtor's post-petition breach of its duty to warn him about those dangers.

7. Since Mr. Hardee's claim against the Debtor arises from an accident or incident that occurred between the June 1 petition date and the July 10 asset sale, the Court should "allow" the claim, in whole or in part, as an administrative expense of the bankruptcy case under Section 503(b) of the Bankruptcy Code.[1] In *Reading Company v. Brown*, 391 U.S. 471 (1968), the Supreme Court held that owners of property adjoining the debtor's were entitled to administrative priority for their claims based upon fire damage from a post-petition fire at the debtor's building, caused by an employee whose negligence was attributable to the bankruptcy receiver. The Court held that damages arising from negligent acts of a receiver were appropriately classified as administrative priority expenses, as costs ordinarily incident to the operation of the debtor's business. The Court concluded that the statutory objective of fairness dictated the result, as the injured party "did not merely suffer injury at the hands of the business: it had an insolvent business thrust upon it by operation of law." *Id.* at 478. With this decision, the Court determined that torts committed by the insolvent entity post-petition should be treated as administrative expenses. *Reading*, 391 U.S. at 483.[2]

8. Similarly, because Georgia law recognizes a continuing post vehicle sale duty to warn of defective design, and because these claims arose post-petition, Mr. Hardee's claims should be allowed as administrative expenses.

---

[1] Prior to the asset sale to New GM, the Debtor publicly represented that post-petition product liability personal injury claims would be given this priority.

[2] Although decided under the Bankruptcy Act of 1898, the Reading exception survived the enactment of the Bankruptcy Code in 1978. See, e.g., In re N.P. Mining Co., 963 F.2d 1449 (11th Cir. 1992); Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc., 178 F.3d 685 (3rd Cir. 1999); 4-503 *Collier on Bankruptcy* ¶ 503-06[2][c][i]-[iv] (15th ed. 2008).

WHEREFORE, William Hardee requests an order pursuant to 11 U.S.C. §503(b) that, upon liquidation as provided by law, the damages arising from his injuries in the June 11, 2009 rollover be allowed and paid as administrative expenses entitled to the priority afforded under Section 507 of the Bankruptcy Code. Those damages include payment for his past and future medical and necessary expenses, past and future mental and physical pain and suffering, past and future loss of enjoyment of life, past and future lost earnings, and decreased earning capacity.

Dated:   November 24, 2009
         New York, New York

### HAHN & HESSEN LLP

By:   /s/ Joshua I. Divack
      Joshua I. Divack

488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
jdivack@hahnhessen.com

OF COUNSEL:

George W. Fryhofer III
Georgia Bar No. 279110
Leigh Martin May
Georgia Bar No. 473389
Alan J. Hamilton
Georgia Bar No. 320698
BUTLER, WOOTEN & FRYHOFER, LLP
2719 Buford Highway
Atlanta, Georgia 30324
Telephone:  (404) 321-1700
Facsimile:  (404) 321-1713
george@butlerwooten.com
leigh@butlerwooten.com
alan@butlerwooten.com

James C. Morton

-5-

Georgia Bar No. 526025
Suite 1350, Two Midtown Plaza
1349 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 966-5133
jcm-law@comcast.net

Stephen C. Carter
Georgia Bar No. 114675
P.O. Box 368
Hartwell, GA 30643-0368
Telephone: (706) 376-4754
Facsimile: (706) 376-3322
scc30643@yahoo.com