UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GMC | : | Case No. 09-50026 |
| Debtor | : |  |

**ORDER REQUIRING ANSWER**

     AND NOW, this ___ day of _____, 2009, it is ORDERED that all interested persons are required to serve upon Movant's attorney, whose address is set forth below, and file with the clerk, an answer to the Motion for Relief from the Automatic Stay, which has been served upon it, within 15 days after service of this Order, exclusive of service. If no answer is filed, an Order may be entered granting the relief demanded in the Motion.

     A hearing will be held before the Honorable _____ United States Bankruptcy Judge, in Courtroom _, at the United States Courthouse on ____, ____, 2009 at ___ a.m./p.m. or as soon thereafter as counsel can be heard to consider the Motion. The hearing scheduled may be adjourned from time to time without further notice to interested parties by announcement of such adjournment in the Court on the date scheduled for the hearing.

                                             BY THE COURT:

                                             _____
                                             BANKRUPTCY JUDGE

(Interested parties are listed on page 2)

Eric G. Zajac, Esquire
Zajac & Arias, LLC
1818 Market Street
30th Floor
Philadelphia, PA 19103
*Attorney for Plaintiff*

Michael P. Kinkopf, Esquire
ECKERT, SEAMANS
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215)851-8426 (Gray Direct #)
(215)851-8451 (Kinkopf Direct #)
(215)851-8383 (Fax #)
email:  egray@eckertseamans.com;
mkinkopf@eckertseamans.com
**Counsel for: General Motors Corporation**

Nancy E. Campbell, Esquire
Kennedy, Lipski & McDade
1818 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
(215) 430-6350
(215) 430-6351 (Fax #)
Email: nancy.campbell@zurichna.com
**Counsel for: Pompey Dodge, Inc.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GMC | : | Case No. 09-50026 |
| Debtor | : |  |

**O R D E R**

AND NOW, upon consideration of the Motion for Relief from the Automatic Stay, and after notice and hearing, it is hereby ORDERED, ADJUDGED and DECREED that the stay afforded by 11 U.S.C. § 362 be, and hereby is, LIFTED to allow SARAJUAN GILVARY to litigate to conclusion claims against Pompey Dodge, Inc. in the case captioned <u>Sara Gilvary v. Pompey Dodge, Inc. et al.,</u> Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736.  The stay otherwise remains in effect.

BY THE COURT:

_____
BANKRUPTCY JUDGE


By:   Eric G. Zajac, Esquire
      Zajac & Arias, LLC
      1818 Market Street
      30th Floor
      Philadelphia, PA 19103
      *Attorney for Plaintiff*

(Other interested parties to receive the Order-see next page)

OTHER INTERESTED PARTIES:

Michael P. Kinkopf, Esquire
ECKERT, SEAMANS
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215)851-8426 (Gray Direct #)
(215)851-8451 (Kinkopf Direct #)
(215)851-8383 (Fax #)
email:  egray@eckertseamans.com;
mkinkopf@eckertseamans.com
**Counsel for: General Motors Corporation**

Nancy E. Campbell, Esquire
Kennedy, Lipski & McDade
1818 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
(215) 430-6350
(215) 430-6351 (Fax #)
Email: nancy.campbell@zurichna.com
**Counsel for: Pompey Dodge, Inc.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| GMC | : |  |
| Debtor | : | Case No. 09-50026 |

**MOTION OF SARAJUAN GILVARY FOR RELIEF
FROM THE AUTOMATIC STAY
TO CONTINUE A SEPARATE LITIGATION**

AND NOW comes Sarajuan Gilvary (the Movant), by and through her attorneys, Zajac & Arias, LLC, pursuant to Bankruptcy Rule 4001 and 11 U.S.C. § 362(d), respectfully seeking an Order granting Relief from the Automatic Stay Provisions of §362 of the Bankruptcy Code. In support of this Motion, Movant alleges as follows:

I. INTRODUCTION

1. GMC, (herein identified as the "Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York at Case No. 09-50026, on or about June 1, 2009.

2. This is a proceeding, arising under Title 11, over which this Court has jurisdiction pursuant to 28 U.S.C. §157(a) and 157(b)(2)(g).

3. Prior to the bankruptcy proceeding, in March, 2007, Movant filed suit in the Philadelphia County Court of Common Pleas, Pennsylvania, for strict liability, negligence and breach of warranty claims brought against debtor and against an intermediate seller of an automobile, seeking damages in connection with her claims. See Exhibit A.

4. The action referred to above is a product liability action with docket no. March Term, 2007 No. 3736 (hereafter "state court action.").

5. Movant alleges in the state court action that a 1995 Chevrolet Lumina is defective primarily in two respects: (1) inadequate warnings against the risks of reclining the front passenger seat while the vehicle is in motion; and (2) failure to design the vehicle in such a way as to actively warn (such as with a bell or light) that the front passenger seat is reclined while the vehicle is in motion, or to mechanically prevent the front passenger seat from reclining while the vehicle is in motion. See generally reports of Ken Laughery and William Muzzy, attached as Exhibit B.

6. Movant alleges that as a result of these defects, she was rendered a quadriplegic at the age of 19.

7. In Pennsylvania, a dealership or distributor is liable for design defects as though it were the manufacturer. *Forry v. Gulf Oil Corp.*, 428 Pa. 334, 340, 237 A.2d 593, 597 (1968).

8. Pompey Dodge, Inc. admits that it was an intermediate seller of the subject vehicle.

9. Consistent with Pennsylvania law, the design defects summarized above could have been brought against Pompey Dodge, Inc. only.

10. Although bankrupt General Motors Corp. was self-insured, Defendant Pompey Dodge, Inc. is insured to ten million dollars through multiple carriers.

11. The state court litigation progressed all the way through a Pretrial Conference, and trial was scheduled to commence in late June, 2009.

12. On or about June 9, 2009, shortly after the Pretrial Conference, and days before trial was to commence, Defendant General Motors Corp. filed a Suggestion of Bankruptcy, and the state court action was placed in deferred status in its entirety.  See Exhibit C.

13. A Motion to Sever the GMC claims from the Pompey Dodge, Inc. claims has been denied by the state court judge without explanation.  See Exhibit D.  However, in a similar Chrysler claim, another Judge of the Philadelphia Court of Common Pleas has described the issue as being a "matter for the bankruptcy court" to resolve.  See Exhibit E.

I.  STATEMENT OF LAW AND ARGUMENT

14. On June 2, 2009, this Honorable Court entered its Order (a) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement; (b) Scheduling Bid Deadline and Sale Hearing Date; (c) Establishing Assumption and Assignment Procedures; and (d) Fixing Notice Procedures and Approving Form of Notice (Docket #274).

15. The June 2, 2009 Order of This Honorable Court approved bidding procedures for the sale of substantially all of the Debtors' tangible, intangible and operating assets between and among Vehicle Acquisition Holdings LLC (the purchaser), and General Motors Corporation and its Debtor subsidiaries. The purchaser is hereafter referred to as "New GM."

16. The authorized sale of assets to New GM is to be free and clear of all liens, claims, encumbrances, rights, remedies, restrictions, interests, liabilities and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability.

17. Liabilities, including consumer litigation claims and personal injury claims such as that of the Movant, would remain with "Old GM." It is expected that any liquidation of assets would take two or more years and result in pennies on the dollar, if any money at all, for claimants.

18. Notwithstanding the filing of a bankruptcy petition by a defendant manufacturer, pending products liability suits involving the manufacturer's products may be continued against co-defendants who have not gone into bankruptcy. See 11 U.S.C. § 362(a) (providing for the automatic stay of judicial proceedings against the debtor, does not mandate a stay of proceedings against joint tortfeasors who are the debtor's codefendants). The Chapter 11

debtor is not an indispensable party under Fed. R. Civ. P. 19 in whose absence the products liability suit against solvent joint tortfeasors would have to be stayed. CONTINUATION OF SUITS AGAINST JOINT TORTFEASORS NOT IN BANKRUPTCY, Am. L. Prod. Liab. 3d § 59:11 (May 2009 ed.) (citations & footnotes omitted).

19. This very Court has already recognized that state court litigants such as Movant may need "to resort to dealers" to be made whole on their personal injury claims, see *In Re GMC Bankruptcy*, 407 B.R. 463, 506 n. 110, and this is exactly what Movant is seeking to do through this request for relief.

20. Thus, both the interests of justice and judicial economy will be best served by this Court permitting Movant to proceed against the remaining state court defendant as opposed to staying the entire case indefinitely pending the lifting of the bankruptcy stay as to General Motors. *See, e.g.*, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983):

> We join those courts concluding that the protections of § 362 neither apply to codefendants **nor preclude severance**.
> \* \* \* \* \*
> We are persuaded that the requisite balancing of the competing interests involved in these cases weighs in favor of allowing the remaining actions to proceed. The realities of the hardship of a stay on the plaintiffs . . . is substantial and, in some instances, permanent. The grim reaper has called while judgment waits. Just as obviously, the bankruptcy proceedings are not likely to conclude in the immediate future. A stay hinged on completion of those proceedings is manifestly "indefinite." *Id*. at 544; 545.

21. Movant thus moves this Court, pursuant to established precedent, and consistent with this Honorable Court's own remarks, to permit severance of the state court action -- severing the claims against debtor General Motors Corporation from those claims against the insured co-defendant in the state court litigation.

22. Put simply, the automatic stay applicable to debtor General Motors Corp. should not stay the action against the insured co-defendant. To the contrary, claims against that defendant can, and should move forward, requiring severance of the state court action. *Wedgewood v. Fireboard Corp., 706 F.2d 541 (C.A.La., 1983); Wllford v. Armstrong World industries, Inc., 715 F.2d 124 (C.A.N.C., 1983).*

23. Philadelphia trial courts have used severance as a means of allowing plaintiffs to timely proceed against solvent co-defendants in the event of a bankruptcy of one or more defendants in the course of the litigation. *Westerby v. Johns-Manville Corp.*, 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982); *McMillan v. Johns-Manville et. al.,* 15 Phila. Cty. Rptr. 650 (1987); *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982). However, as stated above, there are at least two Philadelphia County Judges who are not following this precedent, one of whom is viewing the issue as a matter for the bankruptcy court.  See Exhibit E.

24. Further, even if Defendant General Motors were not indemnifying co-Defendant Pompey Dodge, "nothing precludes the solvent [defendants]… from obtaining contribution from the bankrupts when (and if) they emerge from reorganization proceedings. To hold otherwise would be to require an exercise in futility, for any finding of fault against the bankrupt manufacturers would be unenforceable under the automatic stay provisions of the Bankruptcy Code." *Ottavio v. Fibreboard Corp*., 421 Pa. Super. 284, 293 (1992).

WHEREFORE, Movant, Sarajuan Gilvary, respectfully requests this Honorable Court to lift the Automatic Stay provision of §362 of the Bankruptcy Code to the extent that the stay is preventing her from litigating to conclusion her claims against Pompey Dodge in <u>Gilvary v. GM and Pompey Dodge</u>, Philadelphia Court of Common Pleas, March Term, 2007 no. 3736.

    Respectfully submitted,

    **ZAJAC & ARIAS, LLC**

                                                BY:_____
                                                    ERIC G. ZAJAC, ESQUIRE
                                                    COUNSEL FOR PLAINTIFFS

DATED:       November 25, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GMC : |  |  |
| Debtor | : | Case No. 09-50026 |

CERTIFICATE OF SERVICE

      A true and correct copy of this Motion for Relief is being served by first class mail on November 25, 2009 as follows:

Michael P. Kinkopf, Esquire
ECKERT, SEAMANS
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215)851-8426 (Gray Direct #)
(215)851-8451 (Kinkopf Direct #)
(215)851-8383 (Fax #)
email:  egray@eckertseamans.com;
mkinkopf@eckertseamans.com
**Counsel for: General Motors Corporation**

Nancy E. Campbell, Esquire
Kennedy, Lipski & McDade
1818 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
(215) 430-6350
(215) 430-6351 (Fax #)
Email: nancy.campbell@zurichna.com
**Counsel for: Pompey Dodge, Inc.**