

# www.TeamLawyers.com

# EXHIBIT A

**THE ZAJAC LAW GIRM, LLC**
**BY: Eric G. Zajac, Esquire**
**Attorney No. 66003**                                              **Counsel for Plaintiff**
**1818 Market Street, 30th Floor**
**Philadelphia, PA 19103**
**Phone:  215-575-7615**
**Facsimile:  215-575-7640**
Email:  eric@zajacfirm.com
www.zajacfirm.com

_____
SARAHJUAN GILVARY              :       IN THE COURT OF COMMON PLEAS
834 Linden Street                       :       PHILADELPHIA COUNTY
Avoca, Pennsylvania 18641        :       CIVIL ACTION - LAW
         v.                                    :
GENERAL MOTORS CORPORATION   :              MARCH TERM, 2007
c/o C.T. Corporation Systems     :
1635 Market Street                  :       NO.    3736
Philadelphia, PA 19103             :
         and                               :
POMPEY DODGE, INC.               :       **JURY TRIAL DEMANDED**
303 Wyoming Avenue               :
Kingston, PA 18704                 :
_____

## CIVIL ACTION COMPLAINT

Ms. Sarahjuan Gilvary ("Ms. Gilvary" or "Plaintiff") through her attorney, Eric G. Zajac, Esquire, THE ZAJAC LAW FIRM, L.L.C., alleges the following against the above Defendants:

**I.    JURISDICTION AND VENUE**

1.    Jurisdiction is proper in this Court because the Defendant, GENERAL MOTORS CORPORATION, is present in the county of Philadelphia, can be given notice here, has purposefully availed itself to do business in the county of Philadelphia, and was in fact served with process here.

 **2.** Venue is proper in this Court because the Defendant, GENERAL MOTORS CORPORATION, regularly conducts business activities in the county of Philadelphia.

## II. THE PARTIES

3. Plaintiff is Sarahjuan Gilvary, citizen and resident of the Commonwealth of Pennsylvania residing at 834 Linden Street, Avoca, PA, 18641.

4. Defendant, General Motors Corporation (hereinafter "GM") is a Delaware corporation, licensed to transact business and which does transact business in the Commonwealth of Pennsylvania, including in Philadelphia, Pennsylvania. GM can be served with process through its registered agent for service in the Commonwealth of Pennsylvania at C.T. Corporation Systems, 1635 Market Street, Philadelphia, PA 19103.

5. Defendant Pompey Dodge, Inc. (hereinafter "Pompey") is a corporation duly licensed to conduct business in the Commonwealth of Pennsylvania with a registered office or principal place of business where it can be served with process at 303 Wyoming Avenue, Kingston, PA, 18704. Pompey is in the business of selling automobiles including the subject vehicle.

## III. FACTUAL BACKGROUND

6. Defendant GM designed, manufactured, marketed and/or sold the 1995 Buick Regal with motor vehicle identification number 264WB52M951459192 which was involved in this incident.

7. Defendant Pompey purchased, marketed and sold the 1995 Buick Regal mentioned above. Defendant Pompey was therefore in the stream of distribution of the subject vehicle between its manufacture and the date of the incident.

8. On April 16, 2005 at approximately 7:00am, and at all relevant times, Plaintiff Sarahjuan Gilvary was riding in the front passenger seat of the Buick Regal involved in this incident, which was owned and operated by Richard Gross ("Mr. Gross"), her co-worker. Upon information and belief, Mr. Gross has or does live in Wilkes-Barre.

9. On April 16, 2005, at approximately 7:00am, Plaintiff and Mr. Gross were traveling south on SR 309.

10. As Mr. Gross operated the vehicle, it struck the guard rail on the west side of SR 309, then traveled left across both lanes and struck a concrete center barrier and rolled in a clock-wise manner until it came to rest in the left south-bound lane, facing west.

11. While the vehicle was rolling, Plaintiff was partially or fully ejected through the right rear passenger door, which flew open during the incident.

12. As a direct result of the above-mentioned incident, Plaintiff, who was a healthy 19-year-old before the incident, sustained severe injuries and now has no feeling in her body from the shoulders downwards. She is paralyzed.

13. Plaintiff has been forced to expend substantial sums of money for medical treatment, care and medications in an attempt to alleviate and cure her injuries and suffering and will be forced to incur these expenses for an indefinite time in the future.

14. Defendant GM designed, manufactured, assembled and sold the 1995 Buick Regal in a defective and unreasonably dangerous condition including but not limited to as follows:

15. The unsafe design of the vehicle's occupant containment system generally, and its door latch system specifically, caused the right rear door to fly open during the incident and as a result, Plaintiff was ejected from the vehicle; and

16. The vehicle did not possess a crashworthy rear door latch.

17. The above-mentioned defective system and the unreasonably dangerous conditions it created were substantial factors in producing the serious and grievous injuries sustained by Plaintiff.

18. Mr. Gross acquired the defective 1995 Buick Regal through the chain of distribution indirectly from Defendant Pompey, a dealership and distributor, which sold him the vehicle in the defective condition.

19. The above-mentioned sale of the 1995 Buick Regal to Plaintiff was a substantial factor in producing the serious and grievous injuries sustained by Plaintiff.

## COUNT 1:

### PLAINTIFF v. GM (STRICT LIABILITY)

20. Plaintiff incorporates by reference all above Paragraphs.

21. Defendant GM designed, manufactured, assembled and sold the 1995 Buick Regal involved in this incident. At the time of the sale, Defendant was in the business of designing, manufacturing, assembling and selling automotive vehicles such as Plaintiff's 1995 Buick Regal.

4

22. Defendant GM, through media advertising, by its appearance, and through the dissemination of brochures, manuals and pamphlets, made representations about the character, quality and/or recommended uses of the 1995 Buick Regal.

23. At the time the 1995 Buick Regal was designed, manufactured, assembled and sold by Defendant GM, the vehicle was defective in its design and unreasonably dangerous with respect to its door latch system, its crashworthiness, its occupant containment capabilities, its seatback design, and other defects regarding its crashworthiness as may be discovered. This defect and/or these defects caused an unreasonably dangerous condition, and was/were a factual cause in the injuries sustained by Plaintiff.

24. The actions of Defendant GM, as detailed above, constituted willful and wanton misconduct in disregard for the rights and safety of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

## COUNT 2:

### PLAINTIFF v. GM (NEGLIGENCE)

25. Plaintiff incorporates by reference all above Paragraphs.

26. The subject vehicle was designed, manufactured, assembled and sold by Defendant GM and was being used for its intended and reasonably anticipated use and purpose at the time of this incident.

5

27. Defendant GM had a duty to design, manufacture, assemble and sell this vehicle in a condition with no defects which would cause unreasonably unsafe conditions and owed a duty to design, manufacture, market and sell a crashworthy vehicle.

28. At the times relevant hereto, the subject vehicle was being operated in such a manner as was reasonably foreseeable and/or anticipated and/or intended and her injuries directly and proximately resulted from the negligent conduct of the Defendant GM in the following manners:

   i. Failing to incorporate reasonable engineering methodology to design a crashworthy vehicle;

   ii. failing to provide adequate warnings and/or cautions and/or directions concerning the dangerous condition of the vehicle;

   iii. failing to adequately or properly test and inspect the vehicle to provide a safe product that would not cause new or enhanced injuries due to its defective design;

   iv. failing to give adequate instruction to foreseeable users of the 1995 Buick Regal regarding the likelihood or possibility of injuries resulting from the vehicle's defective design;

   v. failing to adequately, properly or completely supervise its personnel in the manufacture and assembly of the vehicle so that it would not cause injuries; and

   vi. failing to recall the vehicle in a timely and/or reasonable manner without government intervention so as to correct the defective conditions set forth above.

29. The actions and/or inactions of Defendant GM constituted willful and wanton misconduct in total disregard of the rights and safety of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

## COUNT 3:

### PLAINTIFF v. GM (BREACH OF WARRANTY)

30. Plaintiff incorporates by reference all above Paragraphs.

31. As a result of the defective and unreasonably dangerous condition of the Buick Regal as set forth above, Defendant GM, in selling the vehicle in such condition, breached implied warranties of merchantability and fitness; these breaches were factual causes in the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

## COUNT 4:

### PLAINTIFF v. POMPEY (STRICT LIABILITY)

32. Plaintiff incorporates by reference all above Paragraphs.

33. Defendant Pompey marketed and sold the 1995 Buick Regal involved in this incident.

34. At the time of its sale of the 1995 Buick Regal involved in this incident, Defendant was in the business of purchasing, marketing and selling vehicles such as Plaintiff's Buick Regal.

7

35. Defendant Pompey, through media advertising, by its appearance, and through the dissemination of brochures, manuals and pamphlets, made representations about the character, quality and/or recommended uses of the 1995 Buick Regal.

36. At the time the 1995 Buick Regal was marketed and sold by Defendant Pompey, the vehicle was unreasonably dangerous and defective. Said defect(s) and the unreasonably dangerous conditions it/they created were factual causes in the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Pompey for compensatory damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

## COUNT 5:

### PLAINTIFF v. POMPEY (BREACH OF WARRANTY)

37. Plaintiff incorporates by reference all above Paragraphs.

38. As a result of the defective and unreasonably dangerous condition of the Buick Regal as set forth above, Defendant Pompey in selling the vehicle in such condition breached implied warranties of merchantability and fitness; these breaches were factual causes in the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Pompey for compensatory damages in excess of $50,000 plus interest and costs as well as any other relief this Court deems appropriate.

**THE ZAJAC LAW FIRM, LLC**

**BY:**_____
    Eric G. Zajac, Esquire
    Counsel for Plaintiffs

DATED:_____

9