BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
seidel@butzel.com
fishere@butzel.com

Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Case No. 09-50026 (REG)** |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, f/k/a General Motors Corp., *et al.* | **Chapter 11** |
| **Debtors.** | **(Jointly Administered)** |

**SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT OF BARRY N. SEIDEL RELATING TO THE EMPLOYMENT OF BUTZEL LONG AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Barry N. Seidel declares as follows:

1. I am an attorney admitted to practice in the State of New York and the United States Bankruptcy Court for the Southern District of New York. I am a shareholder of the law firm of Butzel Long, a professional corporation ("Butzel Long"), which maintains an office at 380 Madison Avenue, New York, New York 10017.

2. I submit this supplemental declaration ("Supplemental Declaration") in connection with the application dated June 30, 2009 (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors

(collectively, the "Debtors") for the entry of an order authorizing the Committee's retention of Butzel Long as Special Counsel to the Committee in these cases pursuant to Section 1103 of Title 11, United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires subsequent amendment or modification upon Butzel Long's completion of further analysis or as additional creditor information becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

4. This Supplemental Declaration supplements my declaration sworn to on June 30, 2009 (the "Declaration") submitted in support of the Application.

### A. Goertz + Schiele Corporation

5. On July 31, 2009, the Committee commenced an adversary proceeding (the "Adversary Proceeding") challenging, *inter alia*, the security interest of more than 400 lenders (collectively, the "Defendants") to a certain term loan agreement, dated as of November 29, 2006, as amended by that certain first amendment dated as of March 4, 2009, and sought to recover each Defendant's ratable share of more than $1.4 billion paid by the Debtors to the Defendants, in the aggregate.

6. Deutsche Bank – New York and Deutsche Bank AG Cayman Island were two of the Defendants named in the Adversary Proceeding.

7. In or about mid-September, 2009, Butzel Long undertook the representation of Deutsche Bank AG in connection with loans extended and other financial accommodations made by several lenders (including Deutsche Bank AG) to Goertz + Schiele Corporation, which filed a

2

voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 11, 2009 in the United States Bankruptcy Court for the Eastern District of Michigan (the "Deutsche Bank AG Engagement").

8.      Deutsche Bank AG and the Committee have each granted consent to the Deutsche Bank AG Engagement and waived all objections in connection therewith.  The waiver granted by Deutsche Bank AG to Butzel Long specifically contemplates that Butzel Long can represent the Committee in matters which may be adverse to Deutsche Bank AG and its affiliates, including the Adversary Proceeding.  In addition, the Office of the United States Trustee has been advised about the particulars of the Deutsche Bank AG Engagement and does not object to such representation.

### B. Delphi

9.      Delphi Corporation ("Delphi") and several of its affiliates (collectively, the "Delphi Debtors") filed petitions for reorganization under chapter 11 of the Bankruptcy Code in October 2005.  I disclosed in my Declaration that Butzel Long represents many auto suppliers, including Delphi, in various commercial matters.  The plan of reorganization of the Delphi Debtors, as modified (the "Delphi Modified Plan") was confirmed by Bankruptcy Judge Drain on July 30, 2009 and the Delphi Modified Plan was consummated on or about October 6, 2009.  The Delphi Modified Plan provides, in part, for the liquidation of certain real estate and other residual assets owned by the Delphi Debtors and the prosecution of certain avoidance actions retained by the Delphi Debtors (the "Delphi Liquidation").  My understanding is that, as part of the Delphi Modified Plan, the Delphi Debtors' operating businesses were sold to certain of their creditors and that Delphi's corporate name was changed so that it is now known as DPH Holdings, Corp. ("DPH").

3

10. Butzel Long has been engaged by DPH to provide legal services incident to the Delphi Liquidation and implementation of the Delphi Modified Plan, and serves as plan administrator pursuant to the Delphi Modified Plan (the "DPH Engagement"). I understand that pursuant to an agreement between Delphi and General Motors Corporation n/k/a Motors Liquidation Company ("General Motors") reached during the Delphi bankruptcy case and effected through the Delphi Modified Plan, the Debtors in this case have relinquished all claims they had or may have had against DPH and the Delphi Debtors. I further understand that certain assets that the Debtors had agreed to acquire from Delphi have been acquired by "New GM." Accordingly, any future disputes regarding that acquisition would be between "New GM" and an entity other than DPH.

11. In sum, insofar as I have been able to ascertain based upon our analysis and review of the Deutsche Bank AG Engagement and DPH Engagement, Butzel Long remains a "disinterested person" as defined in 11 U.S.C. § 101(14), and does not represent any entity having an adverse interest in this case within the meaning of 11 U.S.C. § 1103(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       November 30, 2009

                                            /s/Barry N. Seidel
                                            Barry N. Seidel