Gerrit M. Pronske
Rakhee V. Patel
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier

**Hearing Date: January 20, 2010 at 9:45 a.m (EST)**
**Objection Deadline: January 15, 2010 at 4:00 p.m. (EST)**

**COUNSEL FOR BOYD BRYANT, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY,** | § | |
| *et al.,* **f/k/a General Motors Corp., et al.** | § | **CASE NO. 09-50026 (REG)** |
| | § | |
| Debtors. | § | **Jointly Administered** |

**NOTICE OF MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014**

PLEASE TAKE NOTICE that on November 30, 2009, Plaintiffs Boyd Bryant, on behalf of himself and all others similarly situated (the **"Plaintiffs"**), filed their Motion for An Order Allowing Plaintiffs to File a Class Proof of Claim and Alternative Motion, Subject to Motion for An Order Allowing Plaintiffs to File a Class Proof of Claim, for the Application of Federal Rule of Bankruptcy Procedure 7023 Pursuant to Federal Rule of Bankruptcy Procedure 9014 (the **"Motion"**).

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion and entry of the proposed order annexed thereto shall be held before the Honorable

**NOTICE OF MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 1**

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **January 20, 2010 at 9:45 a.m. (Eastern Time).**

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Motion and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 upon: (1) Pronske & Patel, P.C., counsel for the plaintiffs, 2200 Ross Avenue, Suite 5350, Dallas, Texas 75201 (Attn: Ms. Rakhee V. Patel); (2) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, counsel to the Debtors, (Attn: Harvey R. Miller, Esq.); (3) the Debtors c/o Motors Liquidation Company, 200 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (4) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (5) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (6) the United States Department of the Treasury, 1500

**NOTICE OF MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 2**

Pennsylvania Avenue NW, Room 2312 Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(7) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (8)

Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York

10036, attorneys for the Unsecured Creditors' Committee (Attn: Thomas Moers Mayer, Esq.

(facsimile 212-715-8000)); and (9) the Office of the United States Trustee, 33 Whitehall Street,

21st Floor, New York, New York, 10004 (Attn: Diana G. Adams, Esq./Brian Masumoto, Esq.),

so as to be actually received by no later than **4:00 p.m. (prevailing Eastern Time) on January**

**15, 2010** (the **"Objection Deadline"**). Only those responses that are timely filed, served and

received will be considered at the hearing.

If no objections are timely filed and served with respect to the Motion, the Debtors may,

on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the

form of the proposed order annexed to the Motion which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: November 30, 2009

/s/ Rakhee V. Patel
Gerrit M. Pronske
Rakhee V. Patel
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier

**COUNSEL FOR BOYD BRYANT, ON
BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY
SITUATED**

Gerrit M. Pronske                **Hearing Date: January 20, 2010 at 9:45 a.m (EST)**
Rakhee V. Patel                  **Objection Deadline: January 15, 2010 at 4:00 p.m. (EST)**
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier

**COUNSEL FOR BOYD BRYANT, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY,** | § | |
| *et al.,* **f/k/a General Motors Corp., et al.** | § | **CASE NO. 09-50026 (REG)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

## MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUTPCY JUDGE:

Plaintiffs Boyd Bryant, on behalf of himself and all others similarly situated

(**"Plaintiffs"**), file this their *Motion for An Order Allowing Plaintiffs to File a Class Proof of*

*Claim and Alternative Motion, Subject to Motion for An Order Allowing Plaintiffs to File a Class*

*Proof of Claim, for the Application of Federal Rule of Bankruptcy Procedure 7023 Pursuant to*

*Federal Rule of Bankruptcy Procedure 9014* (the **"Motion"**) in the above-referenced Chapter 11

bankruptcy case of Debtor, Motors Liquidation Company f/k/a General Motors Corporation

(**"Old GM"** or **"Debtor"**), and would respectfully show the Court the following:

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

2.      Determination of this Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      This Motion is brought pursuant to 11 U.S.C. §§ 105, 501 and 502 and Federal Rules of Bankruptcy Procedure 3001, 3002, 3003(c), 9013, 9014 and 7023.

## II.  RELEVANT BACKGROUND

4.      On February 4, 2005, Mr. Bryant, on behalf of himself and all others similarly situated, sued Debtor by filing his original Class Action Complaint in the Circuit Court for Miller County, Arkansas (the **"Action"**).  One amendment of the original pleading has occurred since the filing of the original Class Action Complaint.  A true and correct copy of the First Amended Class Action Complaint (the **"Complaint"**) is attached hereto as **Exhibit "1."**  Generally, this lawsuit is a nationwide class action based on a defective parking brake in nearly four million 1999-2002 GMC and Chevrolet pickups and/or SUVs (collectively the **"Class Vehicles"**).  The Complaint alleges causes of action for: 1) breach of express warranty; 2) breach of the implied warranty of merchantability; 3) violation of the Magnuson-Moss Warranty Act (**"MMWA"**), 15 U.S.C. § 2301 *et seq.*; 4) unjust enrichment; and 5) non-disclosure fraud.

5.      On April 7, 2005, the Debtor removed the Action to the United States District Court for the Western District of Arkansas, Texarkana Division (the **"Arkansas District Court"**).  Plaintiffs timely sought a remand to Arkansas state court.  On September 12, 2005, the Arkansas District Court ordered a remand.

6.      Following the remand, discovery and class certification briefing occurred.  On September 28, 2006, an evidentiary class certification hearing was held.  In a very detailed and

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 5**

extensive order dated January 11, 2007 (the **"Certification Order"**), the state court certified the Action as a nationwide class action. A true and correct copy of the Certification Order is attached hereto as **Exhibit "2."** In the Certification Order, the state court appointed Mr. Bryant as the class representative and charged him with "all duties such an appointment entails."

7.    On June 19, 2008, following an appeal taken by the Debtor, the Arkansas Supreme Court unanimously affirmed the state court's class certification. A true and correct copy of the Arkansas Supreme Court Opinion is attached hereto as **Exhibit "3**." On September 4, 2008, the Arkansas Supreme Court stayed its mandate to permit the Debtor to further appeal the class certification to the United States Supreme Court. The Debtor filed a petition for *writ of certiorari* to the United States Supreme Court. It was denied on January 12, 2009. A true and correct copy of the United States Supreme Court's opinion denying Certiorari is attached hereto as **Exhibit "4."** On January 22, 2009, the Arkansas Supreme Court lifted the stay of mandate as to its decision, thereby returning jurisdiction to the Miller County Circuit Court.

8.    On June 1, 2009, the Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) in this Court. Shortly thereafter, Debtor filed its Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), (k), and (m), and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing (the **"Sale Motion"**) [Docket No. 92].

9.    On July 5, 2009, this Court, issued an order approving the Sale Motion (the **"Sale Order"**) [Docket No. 2968]. The sale transferred all of Debtor's express warranty liabilities to

New GM, (see Sale Order at ¶ 56; p. 26 of MPSA, § 2.3(vii); p. 69 of MPSA, § 6.15) and also

transferred implied warranty liability and Magnuson-Moss Warranty Act liability.  Based upon

subsequent pleadings filed by the Debtor in connection with Plaintiffs' claims, Plaintiffs intend

to file a motion before this Court seeking clarification that the foregoing liabilities were

transferred.

10.    On or about July 9, 2009, on the eve of the closing with New GM, Debtor

removed the pre-petition litigation from the Circuit Court to the United States Bankruptcy Court

for the Western District of Arkansas (the **"Arkansas Bankruptcy Court"**).  On or about July

10, 2009, Debtor f/k/a General Motors Corporation changed its name to Motors Liquidation

Company.  New GM operates as General Motors Company.

11.     On or about September 16, 2009, this Court entered its Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for

Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9) and

Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof) (the **"Bar**

**Date Order"**).  The Bar Date Order, inter alia, sets November 30, 2009 as the deadline for any

person or entity to file a proof of claim against the Debtor to asset any claim, as defined by

Section 101(5) of the Bankruptcy Code, that arose prior to or as of June 1, 2009.  (Bar Date

Order at pp. 1-2).

12.    The Bar Date Order further provides that "any holder of a Claim against the

Debtors that is required but fails to file a Proof of Claim in accordance with this Bar Date Order

on or before the applicable Bar Date shall be forever barred, stopped and enjoined from asserting

such Claim against each of the Debtors and their respective estates (or filing a Proof of claim

with respect thereto), and each of the Debtors and their respective Chapter 11 estates, successors,

and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim."

13.    On November 27, 2009, Plaintiffs filed a class proof of claim.  Because their class has previously been certified, Plaintiffs believe they are permitted to file their class proof of claim unilaterally, without seeking Court approval to do so.  However, out of an abundance of caution, and in complete deference to the Court's authority to pass on such matters, Plaintiffs hereby file this Motion to allow a class proof of claim.  The class proof of claim is necessary to facilitate the liquidation of the unjust enrichment and the fraudulent concealment claims against Debtor.  This Motion is not filed, at this time, for purposes of determining the propriety of allowing a class claim for any claims relating to liability or liabilities assumed by New GM post-petition.  Plaintiffs reserve their right to amend this Motion to include such relief, however, at any time.

### III.    ARGUMENT AND ANALYSIS

**A.    Class claims relating to pre-petition certified classes are permissible and consistent with the Bankruptcy Code.**

14.    Although the Bankruptcy Code does not specifically acknowledge whether class proofs of claims are permissible, the majority of courts around the country, including several courts in the Second Circuit and this district, allow them. *See In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616 (Bankr. S.D.N.Y. 2009), *aff'd*, 411 B.R. 142, 145 (S.D.N.Y. 2009); *Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, 1997 Bankr. LEXIS 825 (Bankr. S.D.N.Y. 1997); *In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005); *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16, 21 (Bankr. E.D. Pa. 1995)("since *American Reserve,* almost every court faced with a class proof of claim has not followed the earlier cases dismissing claims out of

hand"); *American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)(holding that class proofs of claim

are permissible); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989)(holding that class

claims could be permissible in certain circumstances); *In re Charter Co.*, 876 F.2d 866 (11th Cir.

1989), *cert denied*, 496 U.S. 944 (1990)(holding that Fed. R. Civ. P. 23 applies through Fed. R.

Bankr. P. 7023 to class proofs of claims and were thus permissible); *Iles v. LTV Aerospace and

Defense Co. (In re Chateaugay)*, 104 B.R. 626 (S.D.N.Y. 1989).

15.     A class proof of claim is consistent with the Bankruptcy Code in the following

situations: 1) when the proposed class was certified pre-petition; 2) when the members of the

putative class received adequate notice of the bar date; and 3) when class certification will not

adversely affect the administration of the estate.  *See In re Bally Total Fitness of Greater New

York, Inc.*, 411 B.R. 142, 145 (S.D.N.Y. 2009).

### 1.     The Plaintiffs' class was certified pre-petition.

16.     Pre-petition class certification is a significant factor in determining whether to

allow a class proof of claim. *See Bailey v. Jamesway Corp. (In re Jamesway)*, 1997 Bankr.

LEXIS 825 (Bankr. S.D.N.Y. June 12, 1997)(class proofs of claim are particularly applicable in

bankruptcy in generally two principal situations: (1) where a class has been certified pre-petition

by a non-bankruptcy court; and (2) where there has been no actual or constructive notice.); *In re

Sacred Heart*, 177 B.R. at 22 (noting that pre-petition certified classes are the best candidates for

filing allowing a class proof of claim); *In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005) ('[i]f a

class is certified and its representation established prepetition," no further analysis is needed as

to propriety of filing class proof of claim); *Trebol Motors Distrib. Corp. v. Bonilla (In re Trebol

Motors Distrib. Corp.)*, 220 B.R. 500, 502 (B.A.P. 1st Cir. 1998)(class certified by district court

may file class proof of claim); *In re Retirement Builders, Inc.*, 96 B.R. 390 (Bankr. S.D. Fla.

1988)(where class was certified pre-petition under state law, class proof of claim was proper);

*Zenith Laboratories, Inc. v. Sinay (In re Zenith)*, 104 B.R. 659 (D. N.J. 1989)(class proof of

claim certified pre-petition was proper situation for allowing class proof of claim).

> **2.    The members of the Plaintiff Class have failed to receive actual notice
> or constructive notice such that they were apprised of their rights in
> bankruptcy.**

17.     Generally, known claimants who have received actual notice of the bar date must

proceed through the claims process on a level playing field.  *In re Chateaugay*, 177 B.R. at 22-

23.  However, "bar dates are generally not binding on known creditors who have not received

appropriate notice of bar dates, and they may not be binding on unnotified unknown creditors."

*Id.* at 23.  Thus, a class claim is "often appropriate to comport with due process of law and

expand the scope of a debtor's bankruptcy discharge." *Id.*

18.     In fact, the Bar Date Order specifically required Debtor to mail a proof of claim

form and a Bar Date Notice, as defined in the Bar Date Order, to "all parties known to the

Debtors as having potential Claims against any of the Debtors' estates."  Debtor is aware of the

nationwide class action certified pre-petition, particularly in light of Debtor's removal of the

litigation immediately prior to the closing of the sale to New GM.  Further, Debtor is the sole

party, at this juncture, with knowledge of the names and last known addresses of the owners of

the 3,905,480 Class Vehicles belonging to the individual class members.  In fact, as shown in

pre-petition discovery, Debtor knew or had access to the names and address of the individual

class members.  Yet, actual notice of the Bar Date has only been given to Mr. Boyd Bryant, by

and through his counsel of record "on behalf of himself and all others similarly situated."  Upon

information and belief, no actual notice of the Bar Date has been given to the remaining

individual class members.  Thus, the Debtor knew millions of individuals held potentials Claims, as defined in the Bar Date Order, and knew how to contact them, but failed to provide notice of the claims to these individuals, despite the mandate to provide notice to the class members.

19.     Debtor will likely argue its publication in the various print media proscribed in the Bar Date Order is sufficient to give constructive notice of the bar date.  As one court succinctly stated, "[r]eliance on published notice to reach a class of claimants may not be adequate.  It will not always reach every class member such that the rules of due process are satisfied.  Even in cases . . . where the class is apparently clearly identifiable, actual notice may prove insufficient. . .[i]f a class claim is not allowed, class members without notice will have non-dischargeable claims."  *In re Craft*, 321 B.R. 189, 194 (Bankr. N.D. Tex. 2005).  Any constructive notice would be ineffective with regard to any of the members of the Plaintiffs' class.  In this case, with the exception of some members of the Plaintiffs' class residing in California, the class members have not even received notice of the class action case.  Thus, at this juncture, a majority of the class members do not even know that they have a claim and that the Bar Date Order applies.  If Plaintiffs are denied the opportunity to file a class proof of claim, millions of class members will be deprived notice of their right to file a claim.  As such, a class proof of claim is not only prudent but is required in order to comport with notions of due process.

### 3.     A class proof of claim promotes the efficient administration of the estate.

20.     Considering that the Plaintiffs' class consists of potentially millions of claimants, a class proof of claim will save hundreds of thousands of dollars in administrative expenses that would otherwise be spent by the Debtor providing actual notice to all class members.

Additionally, the bankruptcy process will be able to proceed more expeditiously because the Bar Date Order will not have to be extended in order to allow GM to provide notice to the millions of class members.  Thus, the Court should allow a class proof of claim.

21.    Plaintiffs timely filed their class proof of claim and this Motion prior to the Bar Date.  To date, the Debtor has not filed a plan of reorganization or disclosure statement. Therefore, there is no prejudice to the estate or the estate's creditors to allow the filing of a class proof of claim at this time.

### 4.    Application of Federal Rule of Bankruptcy Procedure 7023 is unnecessary.

22.    A number of cases have held that when a putative class representative is attempting to file a class proof of claim the court must determine whether the class satisfies the requirements of Federal Rule of Civil Procedure 23. *See e.g. In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.NY. 2007); *Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997).  However, these cases exclusively involve a class action that was not certified pre-petition. *See Id.*  Thus, an application of Rule 23's requirements, in those instances, is understandable and necessary, since the class has never undergone a certification analysis. When a class is certified pre-petition the analysis is significantly different. *See In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005) (Federal Rule of Civil Procedure 23, made applicable by Federal Rule of Bankruptcy Procedure 7023, analysis unnecessary where pre-petition class certified and class representative appointed); *In re Sacred Heart Hospital*, 177 B.R. at 22 (holding that when a class is certified by a nonbankruptcy forum pursuant to requirements similar to FRCP 23 the class representative will be deemed to have met the requirements of FRCP 23).

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 12**

23.     In this regard, this issue is more similar to *In re Retirement Builders, Inc*. In that case, a class representative sought permission to file a class proof of claim on behalf of a class certified pre-petition under Florida law. *See In re Retirement Builders, Inc.*, 96 B.R. at 391. Relying on *American Reserve*, the Florida bankruptcy court held that class proofs of claim were permissible and thus allowed the class proof of claim to be filed without applying the requirements of Rule 23. *In re Retirement Builders*, 96 B.R. at 392. The facts in this case are strikingly similar. The Plaintiffs' class was certified pre-petition pursuant to state law just as the claimants in *In re Retirement Builders*. Because the Plaintiffs' class has already been certified it is unnecessary to reanalyze whether this case should be certified pursuant to Bankruptcy Rule 7023 and/or Federal Rule 23.

**D.     Alternative Motion Pursuant Federal Rule of Bankruptcy Procedure 9014 Allowing Application of Federal Rule of Bankruptcy Procedure 7023.**

24.     In *In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005), the bankruptcy court found that "[i]f a class is certified and its representation established prepetition," then no further rule 7023 analysis is needed. The *Craft* court specifically noted that "[a]bsent extraordinary circumstances, this court will accept a prior judicial determination of Rule 23 issues. The court also does not see the need to first make Rule 23 applicable simply to allow filing of a claim by fiduciary class representatives already named by a certifying class action court." *Id*. at 198 n.14.

25.     Nevertheless, certain courts, including courts in this jurisdiction, have stated that "the proponent of a class claim must (1) make a motion to extend the application of Rule 23 to some contested matter, (2) satisfy the requirements of Rule 23, and (3) show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy. *Bailey v. Jamesway Corp. (In re Jamesway)*, 1997 Bankr. LEXIS 825 (Bankr. S.D.N.Y. June 12,

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 13**

1997).  These cases generally involve class actions filed prior to the bankruptcy that were not certified prior to the bankruptcy filing and thus any standard established in these cases is *dicta* with respect to pre-petition certified classes.   Plaintiffs assert that the *Craft* case, which did involve a pre-petition certified class, takes the correct approach when a class was certified pre-petition and a class representative has been duly appointed.  Nevertheless, out of an abundance of caution, Plaintiffs file this Alternative Motion.

26.    Federal Rule of Bankruptcy Procedure (**"FRBP"**) 7023 provides "Rule 23 F.R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. 7023.   Federal Rule of Civil Procedure 23 generally pertains to and governs class action lawsuits.  *See generally* Fed. R. Civ. P. 23.  Bankruptcy Rule 9014 provides that in contested matters, "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII [which includes FRBP 7023] shall apply." *See* Fed. R. Bankr. P. 9014(c).   Thus, where a contested matter exists, a bankruptcy court has the option of electing to incorporate Bankruptcy Rule 7023 and consequently allow a class proof of claim.

**1.    Plaintiffs have satisfied the elements of Rule 23.**

27.    Federal Rule 23 provides, in relevant part, as follows:

(a)    Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.
(b)    Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

    (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D) the likely difficulties in managing a class action.

28.     Arkansas Rule of Civil Procedure 23 provides, in relevant part, as follows:

    (a) **Prerequisites to Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

    (b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 15**

maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.

29. The Certification Order, and the subsequent appellate record, all of which are attached hereto, evidence that Plaintiffs meet the requirements of Rule 23, or a sufficiently similar standard. The Certification Order goes through a detailed analysis of Arkansas Rule of Civil Procedure 23 and its requirements and why the Plaintiffs' class action meets each and every one of those requirements. Rule 23 of the Arkansas Rules of Civil Procedure is comparable to Rule 23 of the Federal Rules of Civil Procedure, and the Arkansas Courts interpret Arkansas Rule 23 in the same manner as the federal courts interpret the federal counterpart. *Williamson v. Sanofi Winthrop Pharm., Inc.*, 60 S.W.3d 428, 434-35 (Ark. 2001)(citing *Farm Bureau Mut. Ins. Co. v. Farm Bureau Policy Holders*, 918 S.W.2d 129 (Ark. 1996)).

30. Federal Rule of Bankruptcy Procedure 9027(i) states that "[a]ll . . . orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court." *See In re Briarpatch Film Corp.,* 281 B.R. 820, 830 (Bankr. S.D.N.Y. 2002) (Gropper, J.). Since this Court has not dissolved or modified the Certification Order, and Debtor has made no motion for the Court to do so before the Bar Date, the Certification Order remains in effect.

31. Further, the doctrines of law of the case and collateral estoppel mandate that the Arkansas trial court's Certification Order stand in this matter. In a recent opinion, one Southern District of New York District Court summarized the law of the case doctrine as follows:

The law of the case doctrine generally applies to decisions made by a state court prior to removal to federal district court. *See Rekhi v. Wildwood*

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE 16**

> *Industries, Inc.*, 61 F.3d 1313, 1317-18 (7th Cir. 1995); *Bogosian v. Board
> of Education of Community School District 200*, 73 F. Supp. 2d 949, 954
> (N.D. Ill. 1999); 18 MOORE'S FEDERAL PRACTICE § 134.22 [3][c][i] (3d ed.
> 1999) ("When an action is removed from a state court to a federal court,
> the law of the case doctrine applies to the decisions entered by the state
> court prior to removal."). Pursuant to that doctrine, a court may review a
> matter previously decided in any of three circumstances: (1) where there
> has been an intervening change of controlling law, (2) where new
> evidence has become available, or (3) where there is a need to correct a
> clear error or prevent manifest injustice. *See United States v. Minicone*, 26
> F.3d 297, 300 (2d Cir. 1994). No such factor is present in this action.

*Torah Soft Ltd. v. Drosnin*, 224 F.Supp.2d 704, __ (S.D.N.Y. 2002). There has been no

intervening change of controlling law, new evidence, or need to correct clear error or prevent

manifest injustice. This is all shown by the extensive appellate record stemming from the

Certification Order. The Certification Order has been reviewed by many courts, all of which

have upheld the Certification Order. Thus, the law of the case doctrine mandates that Plaintiffs'

class meets certification requirements.

     32.    Further, the doctrine of collateral estoppel mandates that the Certification Order

satisfies the requirements of Rule 23. "[C]ollateral estoppel may be used with respect to class

certification by a federal court based upon a state court's prior class certification." *Johns v. Rozet*,

141 F.R.D. 211, 214 (D. D.C. 1992); *In re Dalkon Shield Punitive Damages Litigation*, 613 F.

Supp. 1112 (E.D. Va. 1985); *Lee v. Criterion Ins. Co.*, 659 F. Supp. 813 (S.D. Ga. 1987); *In re

Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003).

     33.    Accordingly, for the foregoing reasons, Plaintiffs have met the requirements of

Rule 23 and the class proof of claim should be allowed.

**MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM AND
ALTERNATIVE MOTION, SUBJECT TO MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO
FILE A CLASS PROOF OF CLAIM, FOR THE APPLICATION OF FEDERAL RULE OF BANKRUPTCY
PROCEDURE 7023 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 – PAGE
17**

**2.    The Benefits of Allowing Plaintiffs' class proof of claim are consistent with the goals of bankruptcy.**

34.    A class proof of claim is consistent with the Bankruptcy Code in the following situations: 1) when the proposed class was certified pre-petition; 2) when the members of the putative class received adequate notice of the bar date; and 3) when class certification will not adversely affect the administration of the estate.  *See In re Bally Total Fitness of Greater New York, Inc.*, 411 B.R. 142, 145 (S.D.N.Y. 2009).  As set forth in Section A, paragraphs 15 to 21*, supra*, Plaintiffs have shown that a class proof of claim in this instance are consistent with the goals of bankruptcy.

## IV.  CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Plaintiffs hereby seek an Order of this Court allowing the Plaintiffs to file a class proof of claim and for such other and further relief as they may show themselves entitled in law or equity.

Dated: November 30, 2009

/s/ Rakhee V. Patel
Gerrit M. Pronske
Rakhee V. Patel
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier

**COUNSEL FOR BOYD BRYANT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**