B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |

Name of Debtor: Motors Liquidation Company f/k/a General Motors Corporation, et al
Case Number: 09-50026

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Forrest Chevrolet-Cadillac, Inc.

Name and address where notices should be sent:
Jeffrey S. Davis, Attorney at Law
1422 Berry Drive
Cleburne, Texas 76033

Telephone number:
(817) 602-7999

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
Forrest Chevrolet-Cadillac, Inc.
2400 North Main
Cleburne, Texas 76031

Telephone number:
(817) 645-4351

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**    $_____14,000,000.00_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** __termination of franchise__
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** __2300__

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate_____%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: 11/30/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Jeffrey S. Davis, Attorney for Creditor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*1. While Debtor has sought to reject the franchise agreement it has with Forrest Chevrolet-Cadillac, Inc., Creditor and Party-in-Interest, the Court has neither approved nor denied the rejection. Rather, the Court has requested additional briefing on the issues raised in the Debtor's Limited Objection to Omnibus Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 365 Authorizing (A) the Rejection of Executory Contracts and Unexpired Leases with Certain Domestic Dealers and (B) Granting Certain Related Relief. Should the Court deny the relief sought by Debtor, then Forrest Chevrolet-Cadillac, Inc., reserves the right to supplement and amend their Proof of Claim for the damages that pertain thereto.

7. Summary of Documents:

In addition to the documents produced in support of this proof of claim, Forrest Chevrolet-Cadillac, Inc., also relies upon its bank records which establish expenses paid to remain in operation after Debtor failed to assist Forrest Chevrolet-Cadillac, Inc., when GMAC pulled its line of credit on May 26, 2008. Due to the actions of Debtor and GMAC, which resulted in Forrest Chevrolet-Cadillac, Inc., not receiving any new vehicle inventory, Forrest Chevrolet-Cadillac, Inc., has been unable to operate profitably, much less at all, since at least May 26, 2008. The expenses of Forrest Chevrolet-Cadillac, Inc., are also reflected in the General Motors Operating Reports for the years 2008 and 2009.

The Balance Sheet of Forrest Cleburne Properties, L.P., reflects the sums owing to Forrest Chevrolet-Cadillac, Inc., for (1) sale of real property to Forrest Cleburne Properties, L.P., and (2) financing the construction of the Forrest Pontiac-Buick-GMC Trucks, Inc., facility. Interest has not been calculated by the CPA for Forrest Chevrolet-Cadillac, Inc., or Forrest Cleburne Properties, Inc., from January 1, 2009, through May 31, 2009. In addition, lease payments may have been improperly

credited to the outstanding balance of one or more of the loans, which matter is currently under investigation, and a recalculation of the loan balances may, very likely, be warranted.

Based upon the actions of Debtor and its "Turn-and-Earn" policy, Forrest Chevrolet-Cadillac, Inc., established damages of approximately $2.5 million for years 1994-1998, based upon a report from Technical Associates. The damages report has not, as of this time, been updated. The estimated losses to Forrest Chevrolet-Cadillac, Inc., for the time frame May 2005, through May 2009, is $7.0 million