**Hearing Date and Time: December 16, 2009 at 2:00 p.m. (Eastern Time)**
**Objection Deadline: December 11, 2009 at 4:00 p.m. (Eastern Time)**

**Burke, Warren, MacKay & Serritella, P.C.**
330 North Wabash Avenue, Floor 22
Chicago, Illinois 60611
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
Email: JKim@burkelaw.com; Gring@Burkelaw.com
Gerard D. Ring
June Y. Kim

And

**Teitelbaum & Baskin, LLP**
3 Barker Avenue
White Plains, New York 10601
Telephone: (914) 437-7670
Facsimile: (914) 437- 7672
Email: **jteitelbaum@tblawllp.com**
Jay Teitelbaum
**Attorneys for Napleton Investment Partnership, LP**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re:                                              Case No. 09-50026 (REG)
                                                    Chapter 11 (Jointly Administered)

MOTORS LIQUIDATION COMPANY, *et al.*,

                Debtors.
----------------------------------------------------------------x

## MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Napleton Investment Partnership, LP, successor-in-interest to New England Mutual Life

Insurance Company ("Napleton Investment"), by its attorneys, Gerard D. Ring and June Y. Kim

of the law firm of Burke, Warren, MacKay & Serritella, P.C., moves for allowance and payment

of its administrative expense claim against Motors Liquidation Company (f/k/a General Motors

Corporation) and its affiliated debtors, as debtors in possession (the "Debtors"), pursuant to 11 U.S.C. § 503(b). In support hereof, Napleton Investment states the following:

1. On December 2, 1955, Debtors entered into a lease with Napleton Investment's predecessor, New England Mutual Life Insurance Company, for the lease of real property located at 336 East Ogden Avenue, Hinsdale, Illinois (the "Leased Premises"), as assigned by a certain Assignment and Assumption of Lease Agreement dated December 28, 1992, as amended by an Amendment to Lease dated April 28, 1999, and a Lease Extension and Amendment Agreement dated June 20, 2005 (collectively, the "Lease"). Napleton Investment subsequently purchased the Property and took assignment of the Lease. A copy of relevant portions of the Lease is attached hereto as Exhibit A.

2. Under Sections 2.01 and 2.02 of the Lease, the Debtors are required to pay, *inter alia*, base rent and real estate taxes for their use and occupancy of the Leased Premises on the first day of each month.

3. The Debtors voluntarily filed for relief pursuant to Chapter 11 of the United States Bankruptcy Code on June 1, 2009.

4. At all times relevant since the filing of the Debtors' bankruptcy, the monthly rent due under the Lease has been $71,991.92, pursuant to Section 3 of the June 20, 2005 Lease Extension and Amendment Agreement.

5. On September 1, 2009, the Debtors moved for an order extending the time to assume or reject unexpired leases of nonresidential property, including the Lease ("Motion to Extend"). (Bkr. Dkt. No. 3922). Napleton Investment was properly identified as the landlord of the Leased Premises and received a copy of the Motion to Extend.

6. On September 15, 2009, the Court granted Debtors' Motion to Extend (Bkr. Dkt. No. 4050).

7. Debtors paid rent post-petition through August 2009, but failed to pay monthly rent in the sum of $71,991.92 for September 2009 when it became due on the first of the month.

8. On September 10, 2009, Napleton Investment's counsel sent a letter to Debtors' counsel, demanding payment of September rent. On September 14, 2009, Debtors' counsel informed Napleton Investment's counsel that Debtors had sought the rejection of the Lease by their sixth omnibus motion dated August 25, 2009 ("Motion to Reject"). However, the Motion to Reject listed the incorrect landlord and notice address information concerning the Lease. (Bkr. Dkt. No. 3894). Napleton Investment did not receive notice of the Motion to Reject, as required by Bankruptcy Rule 6006(c).

9. The court granted the Debtors' Motion to Reject after it granted the Motion to Extend on September 15, 2009. (Bkr. Dkt. No. 4059).

10. Section 365(d)(3) of the Bankruptcy Code provides that the trustee or debtor in possession shall timely perform all obligations arising from and after the petition date under any unexpired lease of nonresidential real property until such lease is assumed or rejected. 11 U.S.C. § 365(d)(3). Failure to pay such sums entitles the landlord to an administrative claim for unpaid post-petition rent prior to rejection. The majority of courts hold that § 365(d)(3) gives landlords a right to payment in the full amount of rent and other charges under the lease without showing that the amount is reasonable or of benefit to the estate. *See In re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 692 (S.D.N.Y. 1999).

11. Regarding the effective date of the rejection, "courts have held that the effective date of rejection is the date of the bankruptcy court's order approving rejection" while other

courts "have concluded that rejection is effective when the lessor receives unequivocal notice of the trustee's intent to reject." *Matter of Federated Dept. Stores, Inc.*, 131 B.R. 808, 814 (S.D.Ohio 1991).

12.     Here, Napleton Investment did not receive notice of the Debtors' Motion to Reject until September 14, 2009. By that date, September 2009 rent was due and owing. Moreover, Debtors' Motion to Extend was granted in mid-September prior to the rejection of the Lease.

13.     Further, Debtors continue to store their personal property on the Leased Premises and have not yet moved to abandon that personal property. Therefore, since Debtors continue to use the Leased Premises notwithstanding the rejection of the Lease, Napleton Investment is entitled to the full September 2009 rent, in the sum of $71,991.92. *See In re Ames Department Stores, Inc.*, 306 B.R. 43, 62 (Bankr. S.D.N.Y. 2004) (distinguishing *Ames* from *In re Trak Auto Corporation*, 277 B.R. 655 (Bankr. E.D.Va. 2002)).

WHEREFORE, Napleton Investment Partnership, LP respectfully requests entry of an order, substantially in the form of the proposed order attached as Exhibit B, for allowance and payment of an administrative claim in the amount of $71,991.92, which is the rent due and owing for September 2009, and for payment of such additional administrative rent for such periods after September 2009 as for which the Debtors continue to occupy the Leased Premises,

4

and for such other relief as the Court deems just and equitable.

Dated: November 30, 2009

**Teitelbaum & Baskin, LLP**
By: /s/ Jay Teitelbaum
3 Barker Avenue
White Plains, New York 10601
Telephone: (914) 437-7670
Facsimile: (914) 437- 7672
Email: **jteitelbaum@tblawllp.com**

**and**

**Burke, Warren, MacKay & Serritella, P.C.**
330 North Wabash Avenue, Floor 22
Chicago, Illinois 60611
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
Email: JKim@burkelaw.com; Gring@Burkelaw.com
Gerard D. Ring
June Y. Kim
**Attorneys for Napleton Investment Partnership, LP**