# EXHIBIT A

**EXHIBIT A**

## LEASE EXTENSION AND AMENDMENT AGREEMENT

THIS LEASE EXTENSION AND AMENDMENT AGREEMENT (this "Agreement") is made this 28'th day of Jun, 2005, NAPLETON INVESTMENT PARTNERSHIP, LP with its principle address at 406 North Monroe, Hinsdale, Illinois 60521 ("Landlord"), as successor-in-interest to NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation ("Original Landlord"), and GENERAL MOTORS CORPORATION, with its principal address at 300 Renaissance Center, P.O. Box 300, Detroit, Michigan 48265 ("Tenant").

### RECITALS

A. Original Landlord and Tenant entered into that certain Lease Agreement dated December 2, 1955, as amended (collectively, the "Lease"), covering approximately 37,561 square feet located at 336 East Ogden Avenue in Hinsdale, Illinois, as more particularly described in the Lease (the "Premises").

B. Original Landlord and Landlord entered into that certain Assignment and Assumption of Lease dated December 28, 1992, whereby Original Landlord assigned all of its right, title and interest in and to the Lease to Landlord.

C. Landlord and Tenant wish to amend the Lease on the terms set forth herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, Landlord and Tenant agree as follows:

1. **Defined Terms.** All initially capitalized terms used but not defined herein shall have the meanings set forth for such terms in the Lease.

2. **Term.** The term of the Lease for the Premises is hereby extended for a period of three (3) years (the "Extension Term"). The Extension Term shall commence on January 1, 2006, and expire on December 31, 2008. The Extension Term will be extended for an additional three (3) years unless the Tenant notifies the Landlord in writing of their intention to vacate the Premises on or before December 31, 2008. This written notification must be received by the Landlord at the above noted Hinsdale, Illinois address no earlier than December 15, 2007 nor later than January 15, 2008.

3. **Rent.** Effective January 1, 2006, and for the Extension Term, yearly fixed rent under the Lease shall be Eight Hundred Sixty-Three Thousand Nine Hundred Three and No/100 Dollars ($863,903.00). The foregoing yearly fixed rent shall be paid in advance in equal monthly installments of Seventy-One Thousand Nine Hundred Ninety-One and 92/100 Dollars ($71,991.92), in accordance with the terms of the Lease. In addition to fixed rent, Tenant acknowledges and agrees that it is responsible for additional costs pursuant to Section 2.02 of the Lease.

4. **Tenant Parking Space.** Landlord and Tenant hereby acknowledge and agree that Landlord has the option to exclude from the Premises the approximately .827 acres of land currently used by Tenant for parking (the "Option Space"), as depicted on **Exhibit A** attached hereto, and lease the Option Space to a smaller retail tenant. In the event Landlord exercises its option to lease the Option Space to a tenant other than Tenant, Landlord will reduce Tenant's fixed rent by One Hundred Thousand

{#00723446.2 77777-0168 4/29/2005 01:23 PM}

and No/100 Dollars ($100,000.00) per year, and Landlord and Tenant will enter into an amendment to the Lease effectuating the same.

5. **Effect of Agreement**. Except as otherwise expressly modified by the terms of this Agreement, the Lease shall remain unchanged and continue in full force and effect. All terms, covenants and conditions of the Lease not expressly modified herein are hereby confirmed and ratified and remain in full force and effect, and, as further amended hereby, constitute valid and binding obligations of the parties hereto enforceable according to the terms thereof.

6. **Counterparts**. This Agreement may be executed in multiple counterparts, each of which shall be an original, but all of which shall constitute one and the same Agreement.

7. **Review**. Landlord has had the opportunity to review this Agreement with its legal, tax or other advisors. Landlord has carefully and fully read this Agreement and understands all of its rights and alternatives. In executing this Agreement, Landlord acknowledges that Landlord's decisions and actions are entirely voluntary and free from any mental, physical or economic duress.

8. **Brokerage**. Lessee's broker, Jones Lang LaSalle, will be paid a commission of 1½% of the total lease amount over the three-year term by the Landlord. The commission will be paid in a lump sum after this lease amendment is executed by both parties.

[balance of page intentionally left blank]

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement as of the date first above written.

**LANDLORD:**

<u>NAPLETON INVESTMENT PARTNERSHIP, LP</u>

By: _[signature]_
Name: E.F. Napleton
Title: MGR

**TENANT:**

GENERAL MOTORS CORPORATION, a Delaware corporation

By: _[signature]_
Name: JOHN K. BLANCHARD
Title: DIRECTOR
        WORLDWIDE REAL ESTATE

EXECUTION RECOMMENDED
WORLDWIDE REAL ESTATE
BY _MLH_



Hinsdale, IL

LEASE dated December 2, 1955 between NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation, with a principal place of business at 501 Boylston Street, Boston 17, Massachusetts, (herein called the "Lessor") and GENERAL MOTORS CORPORATION, a Delaware corporation, having a principal place of business at 3044 West Grand Boulevard, Detroit 2, Michigan, (herein called the "Lessee"),

## W I T N E S S E T H

Lessor leases to Lessee and Lessee hires from Lessor for the term, at the rental and subject to the provisions herein set forth, that certain parcel of land situated in the County of DuPage, State of Illinois, together with all buildings thereon, and more particularly described as follows:

### Parcel One

Lots 14, 15, 16 and Lot 71 (except the South 60 feet and except the West 30 feet thereof) in Hinsdale Highlands, being a subdivision of part of the Northeast quarter of Section 1, Township 38 North, Range 11 East of the Third Principal Meridian, according to the plat thereof recorded April 8, 1922, as document 155000, in DuPage County, Illinois; also

### Parcel Two

A part of the Northeast quarter of Section 1, Township 38 North, Range 11 East of the Third Principal Meridian, described as follows: Commencing on the East line of said Northeast quarter 279 feet South of the Northeast corner of said quarter section, thence South 79 degrees 48 minutes West 938.41 feet to the Northwest corner of Lot 16 in Hinsdale Highlands, hereinafter described for a place of beginning,

> thence South parallel with the East line
> of said quarter 300 feet, thence South
> 79 degrees 48 minutes West 200 feet, thence
> North parallel with the East line of said
> Northeast quarter 300 feet to an iron stake
> on the South line of Ogden Avenue, thence
> North 79 degrees 48 minutes East 200 feet
> to the place of beginning.
>
> Being the same premises conveyed to General
> Motors Corporation by deeds recorded in the
> Recorder's office of DuPage County, Illinois
> in Book 732, page 287, Book 733, page 389,
> and Book 752, page 523.

together with all and singular the building or buildings, privileges and advantages, with the appurtenances to the same belonging or in any wise appertaining and there is included in the within letting any and all interest in and to the sidewalks, curbs, gutters and public street or streets to the same extent as the interest acquired by the Lessor in the conveyance of said property to it, subject only, however, to such easements as exist in the public.

The within letting is subject to local zoning ordinances and to restrictions in deed recorded November 9, 1926 as document 224,623 affecting that portion of Lot 71 herein leased.

-2-

an extended term of five (5) years, beginning January 1, 1991 and ending December 31, 1995.

D. If this lease is renewed for the extended terms hereinabove in this Section 1.02 provided and Lessee is not in default hereunder and Lessee notifies Lessor on or before December 31, 1994 that it elects to renew this lease, and not otherwise, this lease shall be renewed for an extended term of five (5) years, beginning January 1, 1996 and ending December 31, 2000.

E. If this lease is renewed for the extended terms hereinabove in this Section 1.02 provided and Lessee is not in default hereunder and Lessee notifies Lessor on or before December 31, 1999 that it elects to renew this lease, and not otherwise, this lease shall be renewed for an extended term of five (5) years, beginning January 1, 2001 and ending December 31, 2005.

ARTICLE II

Rent

Section 2.01. As fixed rent, Lessee shall pay to Lessor, at its office, 501 Boylston Street, Boston 17, Massachusetts, or to such other person at such other place as Lessor designates, without previous demand therefor and in coin or currency of the United States of America which at the time of payment is legal tender for public and private debts, the following sums in the following manner:

-4-

(a) For the first twelve (12) years during the initial term Thirty-eight Thousand One Hundred Thirty-five Dollars and Eighty-five Cents ($38,135.85) per annum, in equal monthly instalments of Three Thousand One Hundred Seventy-seven Dollars and Ninety-nine Cents ($3,177.99) each, in advance on the first business day of each month;

(b) For the next eight (8) years during the initial term Twenty-eight Thousand Two Hundred Eighty-three Dollars and Sixty-five Cents ($28,283.65) per annum, in equal monthly instalments of Two Thousand Three Hundred Fifty-six Dollars and Ninety-seven Cents ($2,356.97) each, in advance on the first business day of each month;

(c) During the extended term for which this lease is renewed as provided in subdivision A of Section 1.02 Thirteen Thousand One Hundred Fifty Dollars and Twenty-nine Cents ($13,150.29) per annum, in equal monthly instalments of One Thousand Ninety-five Dollars and Eighty-six Cents ($1,095.86) each, in advance on the first business day of each month;

(d) During the extended term or terms for which this lease is renewed as provided in subdivisions B, C, D and E of Section 1.02 Ten Thousand Five Hundred Twenty Dollars and Twenty-four Cents ($10,520.24) per annum, in equal monthly instalments of Eight Hundred Seventy-six Dollars and Sixty-nine Cents ($876.69) each, in advance on the first business day of each month;

such fixed rent to be net to Lessor without deduction for any amounts payable by Lessee under Section 2.02.

Section 2.02. As additional rent, Lessee shall pay, from the operative date of this lease, all:

(a) Taxes, assessments and other governmental charges except as hereinafter stated in paragraph (e) of this section;

(b) Water rent;

(c) Insurance premiums;

(d) Expenses of occupying, operating, altering, maintaining and repairing the premises;

(e) Other expenses and charges;

which during any term of this lease shall be levied, assessed or imposed by any governmental authority upon or with respect to, or incurred in connection with the ownership, possession, occupation, operation, alteration, maintenance, repair and use

**EXHIBIT B**

7

Gerard D. Ring
June Y. Kim
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Floor 22
Chicago, Illinois 60611
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                              Case No. 09-50026 (REG)
                                                                    Chapter 11 (Jointly Administered)

MOTORS LIQUIDATION COMPANY, *et al.*,

                Debtors.
-----------------------------------------------------------------x

## ORDER GRANTING MOTION FOR ALLOWANCE AND
## PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon the Motion[1] of Napleton Investment Partnership, LP, successor-in-interest to New England Mutual Life Insurance Company ("Napleton Investment") for allowance and payment of its administrative expense claim against Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "Debtors"), pursuant to 11 U.S.C. § 503(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is granted; and it is further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

592621

ORDERED that Napleton Investment's administrative claim of $71,991.92 for September 2009 rent on the Leased Premises is allowed; and it is further

ORDERED that Napleton Investment's administrative claim for the period after September 2009 is allowed in the amount of $_____; and it is further

ORDERED that the Debtors are directed to immediately pay to Napleton Investment the sum of $_____, for the full amount of its administrative claim.

Dated: New York, New York
     December __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

592621