**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.***,**    :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al***.**    :
:
                        **Debtors.**    :    **(Jointly Administered)**
:
----------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE HOLDERS
OF UNLIQUIDATED DEX-COOL AND ANDERSON CLAIMS TO ALLOW CLASS
PROOFS OF CLAIM FOR DEX-COOL AND ANDERSON CLASS CLAIMANTS**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**MLC**"), and the holders of Unliquidated Dex-Cool Claims (as defined below), and the holders of Unliquidated Anderson Claims (as defined below), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A.      On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to Rule

1015(b) of the Bankruptcy Rules.

B.     On September 16, 2009, the Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the Commencement Date.

C.     On April 29, 2003 certain consumers filed class actions against MLC in the 16th Judicial Circuit Court (Jackson County) of the State of Missouri (the "**Gutzler Class Action**") and in the Superior Court of the State of California for the County of Alameda (the "**Sadowski Class Action**" and together with the Gutzler Class Action, the "**Dex-Cool Class Actions**"). In both the Gutzler Class Action and the Sadowski Class Action, the parties entered into a settlement agreement approved by each court (collectively, the "**Dex-Cool Settlement Agreement**"). Prior to the Commencement Date, the administration of the Dex-Cool Settlement Agreement had been substantially completed. However, certain claims in connection with the Dex-Cool Class Actions had not yet been liquidated pursuant to the terms of the Dex-Cool Settlement Agreement (the "**Unliquidated Dex-Cool Claims**").

D.     On May 18, 2004 certain consumers filed a class action against MLC in the Superior Court of the State of California for the County of Los Angeles, Central Civil West Courthouse (the "**Anderson Class Action**"). In the Anderson Class Action, the parties entered into a settlement agreement approved by the court (the "**Anderson Settlement Agreement**"). Prior to the Commencement Date, the administration of the Anderson Settlement Agreement had been initiated. However, certain claims in connection with the Anderson Class Action had not

yet been liquidated pursuant to the terms of the Anderson Settlement Agreement (the "**Unliquidated Anderson Claims**").

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth in this Stipulation, it is agreed as follows:

### AGREEMENT

1. On behalf of the holders of Unliquidated Dex-Cool Claims, undersigned class counsel may file a Class Proof of Claim aggregating the holders' respective claims against Debtors, and the Debtors agree that the undersigned class counsel has authority under Fed. R. Bankr. P. 3001 and the Bankruptcy Code to execute and file such claim on behalf of the holders of the Unliquidated Dex-Cool Claims.

2. On behalf of the holders of Unliquidated Anderson Claims, undersigned class counsel may file a Class Proof of Claim aggregating the holders' respective claims against Debtors and the Debtors agrees that undersigned class counsel has authority under Fed. R. Bankr. P. 3001 and the Bankruptcy Code to execute and file such claim on behalf of the holders of the Unliquidated Anderson Claims.

3. The undersigned class counsel, by filing the Class Proofs of Claim in respect of the Unliquidated Dex-Cool Claims and the Unliquidated Anderson Claims, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a chapter 11 plan filed in the Chapter 11 Cases, and may (but shall not be required to) respond to any objections interposed as to any claims asserted in each applicable Class Proof of Claim. Notice to the undersigned class counsel shall be, and shall be deemed to be, sufficient notice to all class members in the Dex-Cool Class Action and the Anderson Class Action.

4. The Debtors' agreement herein to permit the filing by the undersigned class counsel of each Class Proof of Claim is intended solely for the purpose of administrative convenience and neither this Stipulation and Order nor the filing of any Class Proof of Claim shall in any way prejudice the right of any Debtor or any other party in interest to object to the allowance of any Class Proof of Claim.

5. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation and Order and to the filing of the Class Proofs of Claim pursuant to this Stipulation.

6. This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any of the parties hereto (the "**Parties**") in either the Chapter 11 Cases or in any other forum.

7. This Stipulation sets forth the entire understanding of the Parties with respect to the matters addressed herein and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

8. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Delivery of signed counterparts of this Stipulation by facsimile transmission or as PDF attachment to an email message shall have the same effect as the manual delivery of an original signed counterpart of this Stipulation, and all signatures on such counterpart will be deemed to be as valid as an original signature whether or not a Party delivers manually an original signed counterpart of this Stipulation, although it is the Parties' intention to deliver an original signed counterpart after any facsimile or email delivery.

DATED: November __, 2009                                    Respectfully submitted,

**GIRARD GIBBS LLP**                                        **POLSINELLI SHUGHART P.C.**

By: /s/ A. J. de Bartolomeo                                 By: P. John Brady
A. J. De Bartolomeo                                         P. John Brady

Eric H. Gibbs                                               Twelve Wyandotte Plaza
Dylan Hughes                                                120 West 12th Street
Geoffrey A. Munroe                                          Kansas City, Missouri 64105
601 California Street, 14th Floor                           Telephone: (816) 421-3355
San Francisco, California 94108                             Facsimile: (816) 374-0509
Telephone: (415) 981-4800
Facsimile: (415) 981-4846                                   *Court-Appointed Class Counsel in Dex-Cool*

*Court-Appointed Class Counsel in Dex-Cool*
*Class Action and Anderson*

**WEIL, GOTSHAL & MANGES LLP**

By: <u>Joseph H. Smolinsky</u>
Joseph H. Smolinsky

767 Fifth Avenue
New York, New York 10153
Attention: Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Phone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*

## ORDER APPROVING STIPULATION

Based on the foregoing stipulation of the parties, the Court finding that good cause exists to approve the Stipulation as an order of the Court, that adequate notice of the Stipulation has been provided, and that no further notice is required,

IT IS HEREBY ORDERED that the foregoing stipulation is approved and incorporated by reference and made a part of this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction to adjudicate any disputes arising in connection with this Order.

Date:  ***December 1, 2009***
       New York, New York

                                      *s/ Robert E. Gerber*
                                      UNITED STATES BANKRUPTCY JUDGE