**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                                      :         **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,              :         **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                          :
:
                                       Debtors.                          :         **(Jointly Administered)**
:
------------------------------------------------------------x
:
**In re**                                                                      :         **Chapter 11 Case No.**
:
**REMEDIATION AND LIABILITY**                             :         **09- 50029 (REG)**
**MANAGEMENT COMPANY, INC.,**                         :
:
                                       Debtor.                            :
:
------------------------------------------------------------x
:
**In re**                                                                      :         **Chapter 11 Case No.**
:
**ENVIRONMENTAL CORPORATE**                         :         **09-50030 (REG)**
**REMEDIATION COMPANY, INC.,**                        :
:
                                       Debtor.                            :
:
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM
(INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9))
AND PROCEDURES RELATING THERETO AND
<u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

Upon the Motion, dated November 16, 2009 (the "**Motion**"),[1] of Remediation and

Liability Management Company, Inc. ("**REALM**") and Environmental Corporate Remediation

Company, Inc. ("**ENCORE**" and together with REALM, the "**REALM/ENCORE Debtors**"),

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

for entry of an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (a) establishing (i) **February 1, 2010** at **5:00 p.m. (Eastern Time)** (the "**REALM/ENCORE General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (a "**Proof of Claim**") against either REALM or ENCORE to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the REALM/ENCORE Commencement Date, including any unsecured claim, secured claim, priority claim, or claim under section 503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") and (ii) **April 16, 2010,** at **5:00 p.m. (Eastern Time)** (the "**REALM/ENCORE Governmental Bar Date**" and together with the REALM/ENCORE General Bar Date, the "**REALM/ENCORE Bar Dates**") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim, and (b) approving the (i) proposed model Proof of Claim form (the "**Proof of Claim Form**"), (ii) proposed procedures for filing Proofs of Claim, and (iii) proposed procedures for and the forms of notice of the REALM/ENCORE Bar Dates (the "**Notice Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the REALM/ENCORE Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following procedures for filing Proofs of Claim are approved:

(a) Unless otherwise provided herein, the REALM/ENCORE General Bar Date shall be **February 1, 2010** at **5:00 p.m. (Eastern Time)**.

(b) Unless otherwise provided herein, the REALM/ENCORE Governmental Bar Date shall be **April 16, 2010** at **5:00 p.m. (Eastern Time)**.

(c) Proofs of Claims must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of October 9, 2009 (the "**REALM/ENCORE Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the REALM/ENCORE Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d) If a claimant asserts a Claim against more than one REALM/ENCORE Debtor, the claimant **must** file a separate Proof of Claim against each REALM/ENCORE Debtor.

(e) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by the Debtors' court approved claims agent, the Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the applicable Bar Date at –

If by hand delivery or overnight courier:
    The Garden City Group, Inc.
    Attn: Motors Liquidation Company Claims Processing
    5151 Blazer Parkway, Suite A
    Dublin, Ohio 43017

If by first-class mail:
    The Garden City Group, Inc.
    Attn: Motors Liquidation Company
    P.O. Box 9386
    Dublin, Ohio 43017-4286

    OR

---

[2] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

    If by hand delivery:
      United States Bankruptcy Court, SDNY
      One Bowling Green
      Room 534
      New York, New York 10004

(f)   Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

(g)   Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable REALM/ENCORE Bar Date and (ii) the date that is **thirty days** following the entry of the order approving such rejection, or be forever barred from doing so.

(h)   Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the REALM/ENCORE Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages Claim) must file a Proof of Claim for such amounts on or before the applicable REALM/ENCORE Bar Date unless an exception identified in paragraph (j) below applies.

(i)   In the event the REALM/ENCORE Debtors amend their Schedules to (a) designate a Claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a Claim reflected therein, (c) change the classification of a Claim reflected therein, or (d) add a Claim that was not listed on the Schedules, the REALM/ENCORE Debtors shall notify the claimant of the amendment. The deadline for any holder of a Claim so designated, changed, or added to file a Proof of Claim on account of any such Claim is the later of (a) the applicable REALM/ENCORE Bar Date and (b) the date that is **thirty days** after the REALM/ENCORE Debtors provide notice of the amendment.

(j)   The following persons or entities are **not** required to file a Proof of Claim on or before the applicable REALM/ENCORE Bar Date, with respect to the claims described below:

  1.   any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific REALM/ENCORE Debtor against which the Claim is listed on the Schedules;

  2. any person or entity whose claim has been paid in full;

  3. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a 503(b)(9) Claim);

  4. any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable REALM/ENCORE Bar Date;

  5. any holder of a Claim for which a separate deadline is fixed by this Court;

  6. any Debtor in these cases having a Claim against another Debtor;

  7. any entity that, as of the REALM/ENCORE Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor; or

  8. any holder of a Claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG, against any of the REALM/ENCORE Debtors utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10.

(k) Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules;

and it is further

  ORDERED that any holder of a Claim against the REALM/ENCORE Debtors that is required but fails to file a Proof of Claim in accordance with this REALM/ENCORE Bar Date Order on or before the applicable REALM/ENCORE Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against each of the REALM/ENCORE Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the REALM/ENCORE Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in either of the REALM/ENCORE

Debtors' chapter 11 cases on account of such Claim, or receive further notices with respect to any of the REALM/ENCORE Debtors' chapter 11 cases; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached as Annex III to the Motion, and the proposed notices of the REALM/ENCORE Bar Dates, substantially in the forms attached to the Motion as Annex I and Annex II (the "**REALM/ENCORE Bar Date Notices**"), are hereby approved; and it is further

ORDERED that the REALM/ENCORE Debtors are authorized to customize the Proof of Claim Form to contain certain information about the creditor to which it is sent and the REALM/ENCORE Debtor against which the creditor might have a Claim; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a) Within **ten days** of entry of this Order, the REALM/ENCORE Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a General Notice to the following parties:

1. the United States Trustee for the Southern District of New York;

2. the attorneys for the statutory committee of unsecured creditors;

3. all known holders of Claims listed on the Schedules at the addresses stated therein;

4. all parties known to the REALM/ENCORE Debtors as having potential Claims against either of the REALM/ENCORE Debtors' estates;

5. all counterparties to either of the REALM/ENCORE Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

6. the attorneys of record to all parties to pending litigation against either of the REALM/ENCORE Debtors (as of the date of the entry of this Order);

7. the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

        8.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)    The REALM/ENCORE Debtors shall post the Proof of Claim Form and REALM/ENCORE Bar Date Notices on the website established by GCG for the Debtors' cases: www.motorsliquidation.com;

and it is further

ORDERED that within **ten days** of the entry of this Order, the REALM/ENCORE Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a Local Notice to all known residents within an approximate 0.5 mile radius of each of the REALM/ENCORE Properties; and it is further

ORDERED that the REALM/ENCORE Debtors shall publish (i) the General Notice, with any necessary modifications for ease of publication, once in each of USA Today (National Edition) and The New York Times (National Edition), at least **thirty days** prior to the REALM/ENCORE General Bar Date, and (ii) the Local Notice, with the legend at the top of the first page omitted and any other any necessary modifications for ease of publication, once in each of the newspapers set forth on Exhibit C to the Motion at least **thirty days** prior to the REALM/ENCORE General Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the REALM/ENCORE Bar Dates and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that the REALM/ENCORE Debtors may, in their sole discretion, publish the General Notice or the Local Notice in other newspapers, trade journals, or similar publications; and it is further

ORDERED that the REALM/ENCORE Debtors and GCG are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the REALM/ENCORE Debtors in these chapter 11 cases; and it is further

ORDERED that nothing in this Order shall prejudice the right of the REALM/ENCORE Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the REALM/ENCORE Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the REALM/ENCORE Bar Dates established herein must file such Claims against the REALM/ENCORE Debtors or be forever barred from doing so; and it is further

ORDERED that notwithstanding anything contained herein to the contrary, in the event pursuant to this Order a holder of a Claim against REALM files such Claim against ENCORE or a holder of a Claim against ENCORE files such Claim against REALM, then any such Claim shall not be subject to disallowance solely on the basis that it was filed against the wrong Debtor; and it is further

ORDERED that notwithstanding anything contained herein to the contrary, in the event a holder of a Claim against either REALM or ENCORE files a timely Proof of Claim against any of the First Filed Debtors, any such Claim shall not be subject to disallowance solely on the basis that it was filed against the wrong entity; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      December 2, 2009                    *s/ Robert E. Gerber*
                                               UNITED STATES BANKRUPTCY JUDGE