1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 09-50026

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


MOTORS LIQUIDATION COMPANY, ET AL.,

    f/k/a General Motors Corp, et al.

      Debtors.


- - - - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        December 1, 2009

        9:41 AM


B E F O R E:

HON. ROBERT E. GERBER

U.S. BANKRUPTCY JUDGE

2

1

2    HEARING re Realm/Encore Debtors' Motion for Order Pursuant to

3    Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule

4    3003(c)(3), Establishing the Deadline for Filing Proofs of

5    Claims (Including Claims Under Section 503(b)(9) of the

6    Bankruptcy Code) and Procedures Relating Thereto and Approving

7    the Form and Manner of Notice Thereof.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Penina Wolicki

3

1

2    A P P E A R A N C E S :

3    WEIL, GOTSHAL & MANGES LLP

4          Attorneys for Motors Debtors

5          767 Fifth Avenue

6          New York, NY 10153

7

8    BY:   STEPHEN KAROTKIN, ESQ.

9

10

11   KRAMER LEVIN NAFTALIS & FRANKEL LLP

12         Attorneys for Creditors' Committee

13         1117 Avenue of the Americas

14         New York, NY 10036

15

16   BY:   GREGORY PLOTKO, ESQ.

17

18

19   U.S. DEPARTMENT OF JUSTICE

20         U.S. Attorney's Office

21         86 Chambers Street

22         New York, NY 10007

23

24   BY:   DAVID S. JONES, AUSA

25

4

1                P R O C E E D I N G S

2        THE COURT:  I'm going to take GM now.  Then we'll have

3    a very short recess, and then I'll take the Lyondell matters.

4        Mr. Karotkin, good morning.

5        MR. KAROTKIN:  Good morning, Your Honor.  Stephen

6    Karotkin, Weil, Gotshal & Manges for Motors Liquidation Company

7    and its affiliated debtors.  Your Honor, the only matter on the

8    calendar today is a motion to set a bar date for the Realm and

9    Encore debtors.

10        As Your Honor may recall, at the first day hearing on

11   this matter, some issues were raised by the Court with respect

12   to the scope of the bar date, notice of the bar date.  And what

13   we have done, I believe, in the motion, is to address the

14   concerns that you raised with respect to the motion;

15   particularly with respect to giving notice to people adjacent

16   to the properties owned by the Realm and Encore debtors.

17        THE COURT:  Right.

18        MR. KAROTKIN:  And we've provided for, in the proposed

19   order, that notice be given to known residents within a half a

20   mile radius of each of the properties that are listed on the

21   exhibit to the motion, as well as publication in local

22   newspapers in areas in which those properties are located.  In

23   addition, we have provided, of course, general notice, with

24   respect to the bar date, a more formal-type notice that would

25   be typical in any type of case, that would be given to all

5

1    creditors scheduled, as well as known creditors, parties to

2    litigation, typical for a normal bar date.

3           So there are two different forms of notice.  One is a

4    more convent -- what I would call a more conventional-style

5    notice, and the second one is --

6           THE COURT:  Was fined tuned to the needs and concerns

7    of people who might be raising environmental claims because

8    they lived in the vicinity?

9           MR. KAROTKIN:  Exactly, sir.  And I believe -- the

10   other issue you raised, Your Honor, was if one of these

11   entities were to file a claim against Realm instead of Encore,

12   or vice versa, or against MLC or General Motors, as opposed to

13   either of these particular entities, that on that basis alone,

14   their claim would not be subject to disallowance.  And we have

15   specifically addressed that in the proposed order as well.

16          So I think -- and again, the committee, we've shared

17   all of this with the committee in advance of the hearing.  I

18   believe that -- the committee is here, obviously.  I believe

19   that they are comfortable with the proposed order and the form

20   of notice that we have provided for.

21          Now, the only thing I will raise, Your Honor, in terms

22   of the date.  I believe you indicated you would like sixty-days

23   notice.  And I think what we propose in the order is February

24   1st.  Since it will take a week or ten days to actually mail,

25   perhaps you would feel more comfortable if we extended it out a

6

1    week or so to make it formally sixty days.

2            THE COURT:  I'm going to let you be the judge of that,

3    Mr. Karotkin.  I want to give the creditors' committee a chance

4    to be heard if it wants.  But it sounds to me, subject to the

5    committee's right to be heard, that you responded to exactly

6    what was troubling me, which was that when you had people

7    surrounding the plant or plants, who might have environmental

8    issues, that you fine tune the notice to give them the

9    opportunity to know what they need to do.  And I'm not going to

10    quibble with a few days as long as you act reasonably in

11    getting out your notice.

12            Does the creditors' committee want to be heard in any

13    way?

14            MR. PLOTKO:  Your Honor, Gregory Plotko with the law

15    firm of Kramer Levin Naftalis & Frankel, representing the

16    committee.  We reviewed the notice with the statements you made

17    in mind at the last hearing.  We think it conforms exactly with

18    what you provided.  And we're comfortable with the time frames

19    that debtors' counsel has set forth.

20            THE COURT:  Okay.  Good enough.  Then, Mr. Karotkin,

21    I'd ask you or your designee to just work with my chambers to

22    see that we have the appropriate paperwork and floppy, and

23    we'll enter that order later today.

24            MR. KAROTKIN:  All right.  If I could just raise one

25    other issue, Your Honor?

7

1          THE COURT:  Yes, sure.

2          MR. KAROTKIN:  When you raised this issue with respect

3     to these properties, these are not the only properties and

4     manufacturing facilities owned by the General Motors debtors.

5     MLC happens to own manufacturing properties as well.  So

6     this -- the original bar date order that was entered does not

7     provide for similar-type notice with respect to properties

8     owned by MLC.  So what we are proposing to do, and again we are

9     working with the creditors' committee and have provided them

10    with a proposed motion and form of order, is to do a

11    supplemental bar date with respect to MLC, solely with respect

12    to the manufacturing facilities owned by MLC, which would

13    provide for a similar type notice, just the property-type --

14    what I call the property-type notice, for properties owned

15    by -- manufacturing properties owned by MLC.

16          The other three debtors, I don't believe own

17    manufacturing facilities.  To the extent that they do, they

18    would obviously be included.  But for example, the dealership

19    up in Harlem, we would not propose to give notice to residents

20    within a half a mile of that facility --

21          THE COURT:  I understand.

22          MR. KAROTKIN:  -- because we don't think it raises the

23    same type of issues.

24          THE COURT:  I must confess that that hadn't occurred

25    to me, but obviously I endorse that, certainly.  Thank you.

8

1          MR. KAROTKIN:  Okay.  So what we would propose to do,

2     again, subject to whatever views Your Honor has, in order to

3     save time and hopefully to keep this case moving on track, what

4     we would propose to do, if we could submit that proposed order

5     on consent with the creditors' committee, Mr. Jones from the

6     government, as well as the United States Trustee's Office,

7     rather than having a hearing.  I believe that's appropriate

8     under the rules, with respect to bar dates.  And as long as

9     Your Honor doesn't have an issue with that, we would ask if we

10    would be able to do that?

11         THE COURT:  The answer is sure.  And if you act

12    diligently, you want to just set up that same date for the bar

13    date that you have for the --

14         MR. KAROTKIN:  Yes, I would --

15         THE COURT:  -- new debtors?

16         MR. KAROTKIN:  -- that would be great.  I would love

17    to do that.

18         THE COURT:  Yes.

19         MR. KAROTKIN:  Thank you, sir.

20         THE COURT:  Yes, okay.  Good.  All right.  That takes

21    care of GM, right?

22         MR. KAROTKIN:  Yes, sir.

23         THE COURT:  All right.  Five minute recess, that's

24    all, to allow people on Lyondell to get up here.

25         (Proceedings concluded at 9:47 a.m.)

9

1

2                                  I N D E X

3

4                                   RULINGS

5                              Page      Line

6    Realm/Encore Debtors'     6         23

7    Motion for Order

8    Establishing the

9    Deadline for Filing

10   Proofs of Claims will be

11   Entered

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10

1

2                        C E R T I F I C A T I O N

3

4      I, Penina Wolicki, certify that the foregoing transcript is a

5      true and accurate record of the proceedings.

6

7      _____

8      Penina Wolicki

9

10     Veritext

11     200 Old Country Road

12     Suite 580

13     Mineola, NY 11501

14

15     Date:   December 2, 2009

16

17

18

19

20

21

22

23

24

25