UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

      MOTORS LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*

          Debtors.

CHAPTER 11
CASE NO. 09-50026(REG)
(Jointly Administered)

## NOTICE OF APPEAL TO UNITED STATES DISTRICT COURT

WALTER J. LAWRENCE, the debtor hereby appeals to the United States District Court from

the order of the Bankruptcy Judge entered in this case on November 24, 2009,  (Docket entry _#),

a copy of which is attached hereto.

In *In re Chateaugay Corp.* 880 F.2d 1509, 1511 (CA2, 1989) , the Second Circuit held that:

> The automatic stay provisions of section 362 of the Bankruptcy code provide the unique
> content in this case for  application of these finality principles. Courts have uniformly held
> an order lifting the automatic stay to be final and appealable, see Tringali v. Hathaway
> Machinery Co., 796 F.2d 553, 557-58 (CA1, 1986); 1 Colier on Bankruptcy at ¶ 3.03(6)(e)
> (15[th] ed. 19880 (hereafter "Collier"). Moreover, although 'courts have had a more difficult
> time' deciding whether orders denying relief from the stay are final, see 1 Collier at ¶
> 3,03(6)(e), most circuits that have considered the issue have held that such orders are final.
> See In re American Mariner Industries, Inc., 734 F.2d 426, 429 (CA9, 1984); In re Leimer,
> 724 F.2d 744, 745 (CA8, 1984); Borg-Warner Acceptance corp v. Hall, 685 F.2d 1306, 1308
> (CA11, 1982). This Court has held denial of relief from the automatic stay to be final order,
> appealable order because such denial is the functional equivalent of a permanent injunction.:
>                Bankruptcy Judge Parente's denial of relief from the automatic stay
> was the equivalent        of a permanent injunction.....It was a final order disposing of Di
> Pierro's petition for relief from the automatic stay, and was therefodre appealable as of right
> to the district court...An order graninting a permanent injunction is a fianl odrder. See
> Vicksburg v. Henson, 231 U.S. 259, 266-67, 34 S.Ct. 95, 97-98, 58 L.Ed. 209 (1913).
> Congress manifestly intended to treat final denial of relief from the automatic stay as a final
> ordder

Since the ultimate determination on whether to lift or deny a stay 'depends upon the facts underlying a given motion," *In re Bogdanovich*, 292 F.2d 104, 110 (CA2, 2002), the bankruptcy court's granting or denying a motion to lift the automatic stay is reviewed for an abuse of discretion. *In re Sonnax Indusries, Inc. v. Tri Component Products Corp.*, 907 F.2d 1280, 1286 (CA2, 1990) ("[W]e may overturn a denial of a motion to lift the automatic stay only upon a showing of abuse of discretion.") (internal citations omitted but relief on). Thus, appellant now turns to the test for determining abuse of discretion

"Abuse of discretion occurs when a court ignores important and relevant factors in making its decision, considers important factors, or errs in balancing factors that were properly considered." *Peerless Inc. Co. V. Rivera*, 208 B.R. 313, 315 (D.R.I, 1997).

Dated: November 30, 2009

Walter J. Lawrence

Secured Creditor, pre se.

:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :        **09-50026 (REG)**
                                          :        **(Jointly Administered)**
**MOTORS LIQUIDATION COMPANY,** *et al.,* :
    **f/k/a General Motors Corp.,** *et al.* :
                                          :
    **Debtors.**                    :
-----------------------------------------------------------x

## ORDER DENYING MOTION OF WALTER J. LAWRENCE FOR RELIEF FROM THE AUTOMATIC STAY

        Upon the motion, dated October 5, 2009 (the "**Motion**") of Walter J. Lawrence, requesting relief from the automatic stay, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors Liquidation Company and its affiliated debtors having filed their opposition to the Motion [Docket No. 4327] (the "**Opposition**"); and the Court having held a hearing to consider the requested relief on November 5, 2009 (the "**Hearing**"); and based upon the Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

        ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation, interpretation and/or

enforcement of this Order.

Dated: November _24_, 2009

New York, New York

> _s/ Robert E. Gerber_
> THE HONORABLE ROBERT E. GERBER
> UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

IN RE:                                                      CHAPTER 11
                                                   CASE NO. 09-50026(REG)
   MOTORS LIQUIDATION COMPANY, *et al.*,        (Jointly Administered)
   f/k/a General Motors Corp., *et al.*

                    Debtors.
_____

### CERTIFICATE OF SERVICE OF NOTICE OF APPEAL

This is to certify that on November 30, 2009. Walter J. Lawrence did place in a U.S. mail

receptacle his Notice of Appeal of the Bankruptcy Court order entered on November 24, 2009, a

copy of which is attached, to: .

        Weil, Gotshal & Manges, LLP
        767 Fifth avenue
        New York, NY 10153
        Attn:   Harvey R. Miller, Esq.
                Stephen Karotkin, Esq.
                Joseph H. Smolinsky, Esq.

RECEIVED
DEC - 3 2009
U.S. BANKRUPTCY COURT, SDNY

by placing the same in a U.S. Mail receptacle with U.S. postage fully prepaid for first class
delivery.

Dated: November 30, 2009          By: _____

                                       Walter J. Lawrence

                                       Plaintiff in pro per.

Page 1 of 2