UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------x
                                               :
In re                                          :        Chapter 11 Case No.
                                               :
MOTORS LIQUIDATION COMPANY, et al.,            :        09-50026 (REG)
        f/k/a General Motors Corp., et al.     :
                                               :
                Debtors.                       :        (Jointly Administered)
                                               :
-----------------------------------------------x
```

## DECLARATION AND DISCLOSURE STATEMENT
## OF JEFFREY T. SHEFFIELD, P.C. ON BEHALF OF KIRKLAND & ELLIS LLP

```
STATE OF ILLINOIS              )
                               ) ss:
COUNTY OF COOK                 )
```

Jeffrey T. Sheffield, P.C. hereby declares, pursuant to section 1746 of title 28 of the United States Code:

1.      I am a partner of Kirkland & Ellis LLP, located at 300 North LaSalle Street, Chicago, Illinois 60654 ("**K&E**").

2.      Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**General Motors**"), have requested that K&E provide legal services to the Debtors, and K&E has consented to provide such services.

3.      K&E may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, K&E is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. K&E does not perform services for any such person with respect to the matters on which K&E is to be employed herein. In addition, K&E does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which K&E is to be employed.

4.    Neither I, nor any principal of, or professional employed by K&E has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of K&E.

5.    Except as described in the disclosures set forth in **Exhibit 1** attached hereto, neither I, nor any principal of, or professional employed by K&E, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on K&E is to be employed.

6.    As described in greater detail in K&E's "Retention Questionnaire," filed concurrently herewith, the Debtors owe K&E approximately $107,650 for prepetition legal services and expenses. K&E continues to receive bills for prepetition services and expenses, and such additional amounts will be reflected on any claim or claims filed and submitted by K&E with this Court.

7.    K&E is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if K&E should discover any facts bearing on the matters described herein, K&E will supplement the information contained in this Declaration or set forth in the Retention Questionnaire.

2

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 21, 2009.

By: _____

Jeffrey T. Sheffield, P.C.

K&E 15401219.

**<u>Exhibit 1</u>**

**<u>Disclosures</u>**

**K&E's Disclosures With Respect to Matters on Which K&E Is to Be Employed**

     1.     K&E and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest in the Debtors' chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and their chapter 11 cases.    K&E has searched its electronic database for its connection to the entities provided by the Debtors in the categories listed below.    All of the information and disclosures herein are to the best of K&E's knowledge as of the date hereof.

     2.     The following is a list of the categories that K&E has searched:[1]

| Schedule | Category |
|---|---|
| 1(a) | Debtor Affiliates (at the time of the chapter 11 filing) |
| 1(b) | Current Directors and Officers (at the time of the chapter 11 filing) |
| 1(c) | Former Directors and Officers |
| 1(d) | Counterparties to Major Contracts (at the time of the chapter 11 filing) |
| 1(e) | Current Significant Shareholder (at the time of the chapter 11 filing) |
| 1(f) | Entities in Which General Motors Owns an Equity Interest (at the time of the chapter 11 filing) |
| 1(g) | Former General Motors Entities |
| 1(h) | Governmental and State Regulatory Agencies |
| 1(i) | Indenture Trustees (at the time of the chapter 11 filing) |
| 1(j) | Insurance Providers (at the time of the chapter 11 filing) |
| 1(k) | Investments as a Limited Partnership (at the time of the chapter 11 filing) |
| 1(l) | Joint Venture Parties (at the time of the chapter 11 filing) |
| 1(m) | Largest 50 Bondholders (at the time of the chapter 11 filing) |
| 1(n) | Major Customers (at the time of the chapter 11 filing) |
| 1(o) | Major Litigation Claimants (at the time of the chapter 11 filing) |
| 1(p) | Major Secured Lenders (at the time of the chapter 11 filing) |
| 1(q) | North American Dealerships (at the time of the chapter 11 filing) |
| 1(r) | North American Joint Ventures (at the time of the chapter 11 filing) |
| 1(s) | North American Special Purpose Vehicles (at the time of the chapter 11 filing) |
| 1(t) | Other Key Executives (at the time of the chapter 11 filing) |
| 1(u) | Professionals Employed (at the time of the chapter 11 filing) |
| 1(v) | Professionals Retained by Significant Creditor Groups (at the time of the chapter 11 filing) |

---

[1]   Inclusion of an entity on the conflicts list in any category shall not constitute an admission for any purpose, and all rights to amend the category description at any time are reserved.

| Schedule | Category |
|----------|----------|
| 1(w) | Retention Applicants (at the time of the chapter 11 filing) |
| 1(x) | Secured Creditors (at the time of the chapter 11 filing) |
| 1(y) | Southern District of New York - Judges |
| 1(z) | Southern District of New York - United States Trustees |
| 1(aa) | Strategic Alliances (at the time of the chapter 11 filing) |
| 1(bb) | Top 100 Suppliers (at the time of the chapter 11 filing) |
| 1(cc) | Top 100 Unsecured Creditors (at the time of the chapter 11 filing) |
| 1(dd) | Top 25 Shareholders (at the time of the chapter 11 filing) |
| 1(ee) | Underwriting Investment Banks for General Motors' Securities (at the time of the chapter 11 filing) |
| 1(ff) | Unions/Non-Debtor Parties to Collective Bargaining Agreements (at the time of the chapter 11 filing) |
| 1(gg) | Utilities (at the time of the chapter 11 filing) |
| 1(hh) | Taxing Authorities |
| 1(ii) | Affiliates of Current Board Members (at the time of the chapter 11 filing) |
| 1(jj) | Affiliates of Current Chevy-Saturn Board (at the time of the chapter 11 filing) |
| 1(kk) | Miscellaneous |

3.     K&E's conflicts search of the parties in interest provided by the Debtors reveals, to the best of K&E's knowledge, that certain of K&E's attorneys and paraprofessionals who previously worked at other law firms that represented certain potential parties in interest in the Debtors' chapter 11 cases have not worked on matters relating to the Debtors' restructuring efforts while at K&E, except as disclosed or otherwise described herein.

4.     Based on the conflicts search conducted to date and described herein, to the best of K&E's knowledge, neither K&E, nor any partner or associate thereof, has any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as disclosed or otherwise described herein.

5.     Generally, it is K&E's policy to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client already has been disclosed herein in one capacity (e.g., a customer), and the client appears in a subsequent conflicts search in a different

3

capacity (e.g., a utility), K&E does not disclose the same client again in supplemental declarations unless the circumstances are such in the latter capacity that additional disclosure is necessary.

6.    From time to time, K&E has referred work to other professionals to be retained in the Debtors' chapter 11 cases. Likewise, certain such professionals have referred work to K&E.

7.    Certain insurance companies pay the legal bills of certain K&E clients. Some of these insurance companies may be involved in the Debtors' chapter 11 cases. None of these insurance companies, however, is a K&E client as a result of this situation.

### Specific Disclosures

8.    As specifically set forth below, K&E represents certain of the Debtors' creditors, equity security holders, or other parties in interest in ongoing matters unrelated to the matters for which K&E is to be employed by the Debtors. None of the representations described herein create an adverse interest to the Debtors or their estates with respect to the matters on which K&E is to be employed.

### A.    K&E's Relationships with Certain Directors and Officers

9.    Raymond Wexler has been serving as the Chief Tax Officer for the Debtors since 2006, where he was responsible for the management of the Debtors' worldwide direct and indirect taxes. Mr. Wexler is currently of counsel to K&E, where he has been employed as an attorney since July 1972. Mr. Wexler's employment at K&E does not represent an adverse interest with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

10.    Thomas Gottschalk served as Executive Vice President for Law & Public Policy for the Debtors from 2001 through 2007 and served as the Debtors' Senior Vice President from 1994 through 2001. Mr. Gottschalk, employed as an attorney at K&E from October 1967 until

4

July 1997, has been of counsel to K&E since he joined the firm in 2007.  Mr. Gottschalk's employment at K&E and former positions at the Debtors do not represent adverse interests with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

**B.    Representation of Creditors in the Debtors' Chapter 11 Cases**

11.    K&E is currently representing Avis Budget Group, Inc. ("**Avis**") and providing it with general restructuring advice in connection with Avis's role as a creditor in the Debtors' chapter 11 cases.  Pursuant to the terms of the May 26, 2009 retention letter between Avis and K&E, Avis agreed to K&E's continued representation of the Debtors, including such representation that may be adverse to Avis.  K&E is not representing the Debtors adverse to Avis and K&E's representation of Avis does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

12.    K&E represents Tenneco Inc. ("**Tenneco**") in connection with their contract claims in the Debtors' chapter 11 cases.  Pursuant to an agreement between K&E and Tenneco, Tenneco agreed that K&E would not appear in court on Tenneco's behalf in matters adverse to the Debtors.  Tenneco and the Debtors ultimately resolved their contract dispute in the Debtors' chapter 11 cases and K&E did not represent the Debtors adverse to Tenneco with respect to this matter.  K&E's representation of Tenneco does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

**C.    Automotive Supplier Representation**

13.    In addition to the automotive supplier representations disclosed herein, K&E has represented, continues to represent, and will represent in the future automotive suppliers and

5

other companies with whom General Motors did business. K&E's representations of those automotive suppliers does not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

### D.    Bankruptcy Representations

14.    K&E represents Visteon Corporation and certain of its affiliates and subsidiaries (collectively, "**Visteon**") in their ongoing chapter 11 cases. The Debtors are a customer and a party in interest in Visteon's chapter 11 cases. K&E stated in the *Declaration of Marc Kieselstein, P.C. in Support of the Debtors' Application for Entry of Order Authorizing Employment and Retention of Kirkland & Ellis LLP as Attorneys for Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 33][2] that "K&E (a) does not and will not represent [General Motors, the Debtors in their chapter 11 cases] in connection with [Visteon's] chapter 11 cases, and (b) does not and will not represent [Visteon] in connection with matters that are directly adverse to [General Motors, the Debtors in their chapter 11 cases]." In re Visteon Corp., Case No. 09-11786 (Bankr. D. Del. May 28, 2009).

15.    K&E represents Lear Corporation and certain of its affiliates and subsidiaries (collectively, "**Lear**") in their ongoing chapter 11 cases. The Debtors are a customer and a party in interest in Lear's chapter 11 cases. K&E stated in the *Declaration of James H.M. Sprayregen P.C. in Support of the Debtors' Application for Entry of An Order Authorizing The Employment and Retention of Kirkland & Ellis LLP as Attorneys for Debtors and Debtors in Possession*

---

[2]    The court approved and entered the *Order Authorizing Employment and Retention of Kirkland & Ellis LLP As Attorneys For Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date* on June 19, 2009 [Docket No. 366].

K&E 15401219.

*Effective Nunc Pro Tunc to the Petition Date* [Docket No. 29][3] that "K&E (a) does not and will not represent [General Motors, the Debtors in their chapter 11 cases] in connection with [Lear's] chapter 11 cases, and (b) does not and will not represent [Lear] in connection with matters that are directly adverse to [General Motors, the Debtors in their chapter 11 cases]." In re Lear Corp., Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 7, 2009).

16.    K&E represents W.R. Grace & Company and certain of its affiliates and subsidiaries (collectively, "**W.R. Grace**") in their ongoing chapter 11 cases. The Debtors are a creditor and have filed a claim in W.R. Grace's chapter 11 cases. W.R. Grace filed an objection to the Debtors' claim. K&E is not representing the Debtors adverse to W.R. Grace with respect to this matter. Moreover, K&E's representation of W.R. Grace does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

17.    K&E represented Dura Automotive Systems, Inc., Tower Automotive LLC, Collins & Aikman, and J.L. French Automotive Castings, Inc., and certain of their affiliates and subsidiaries, which are all automotive parts manufacturers, in their chapter 11 cases, for which chapter 11 plans have been consummated. The Debtors were creditors in those chapter 11 cases. K&E's prior representations described in this paragraph do not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

18.    K&E represented Masonite Corporation, Source Interlink Companies, SIRVA, Inc., ATS Holding USA, Inc., Wellman, Inc., Newcor, Inc., and National Energy & Gas Transmission, Inc., in their chapter 11 cases, for which chapter 11 plans have been

---

[3]    The court approved and entered the *Order Authorizing The Employment and Retention of Kirkland & Ellis LLP As Attorneys For Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date* on July 31, 2009 [Docket No. 258].

K&E 15401219.

consummated.    The Debtors were creditors in those chapter 11 cases.    K&E's prior representations described in this paragraph do not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

### E.    General Litigation Matters

19.    K&E serves as national coordinating counsel to W.W. Grainger, Inc. ("**W.W. Grainger**") in connection with approximately 560 personal injury lawsuits alleged against W.W. Grainger.    The Debtors and W.W. Grainger. are co-defendants in those matters.    K&E's representation of W.W. Grainger does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

20.    K&E represents Honeywell International Inc. ("**Honeywell**") in litigation in which parties are alleging that Honeywell violated international and United States law by supporting South Africa's Apartheid regime from 1948-1994 (the "**Apartheid matter**").    The Debtors and Honeywell are co-defendants in the Apartheid matter.    K&E's representation of Honeywell does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

### F.    Patent Infringement Litigation

21.    K&E represents Fuji Heavy Industries, Ltd. ("**Fuji**").    The Debtors and Fuji are co-defendants in a patent infringement litigation matter.    K&E's representation of Fuji does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

K&E 15401219.

22.     K&E represents, VTI Technologies Oy ("**VTI**"). The Debtors and VTI are co-defendants in a patent infringement litigation matter. K&E's representation of VTI does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

23.     K&E represents DENSO CORPORATION ("**DENSO**"). The Debtors and DENSO are co-defendants in a patent infringement litigation matter. K&E's representation of DENSO does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

### G.     Environmental Litigation

24.     K&E represents Repsol YPF S.A. ("**Repsol**") in an environmental lawsuit filed by the New Jersey Department of Environmental Protection in connection with alleged contamination of the Passaic River in New Jersey. The Debtors are third party defendants in that lawsuit. K&E's representation of Repsol does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

25.     K&E represents Berry Plastics Corporation ("**Berry**"), a potentially responsible party ("**PRP**") at the BKK Corporation Landfill Superfund Site (the "**BKK Site**"), located in West Covina, California. The Debtors are a co-PRP at the BKK Site. K&E does not represent the Debtors in connection with the BKK Site. Pursuant to an agreement between Berry and K&E, K&E will discontinue its representation of Berry with respect to the BKK Site in the event litigation ensues against the Debtors in connection with that site. K&E's representation of Berry does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

9

26.     K&E represents 3M Company ("**3M**"), a PRP in connection with the IWI Inc. Superfund Site (the "**IWI** Site"), located in Summit, Illinois and the Lake Calumet Superfund Site (the "**Lake Calumet Site**"), located in northeastern Illinois and northwestern Indiana. The Debtors are co-PRP's at both the IWI Site and Lake Calumet Site. K&E does not represent the Debtors in connection with the IWI Site or the Lake Calumet Site. Pursuant to an agreement between K&E and 3M, K&E will discontinue its representation of 3M with respect to the IWI Site and the Lake Calumet Site in the event litigation ensues against the Debtors in connection with those sites. K&E's representation of 3M does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

## H.     Fuel Emission Matters

27.     K&E represents Ford Motor Company ("**Ford**"), Old Carco, LLC (f/k/a Chrysler LLC) ("**Old Carco**"), Isuzu Motors Ltd. ("**Isuzu**"), Alliance of Automobile Manufacturers, Inc. ("**Alliance**"), and the Debtors in their various challenges to California emissions standards regulations. K&E's representations of Ford, Old Carco, Isuzu, Alliance, and the Debtors do not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

## I.     Asbestos Related Litigation

28.     K&E represents Packaging Corporation of America ("**Packaging Corp.**"). The Debtors and Packaging Corp. are co-defendants in various asbestos related litigation matters. K&E's representations of Packaging Corp. do not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

10

29.    K&E represents S&C Electric Company ("**S&C**"). The Debtors and S&C are co-defendants in an asbestos related litigation matter. K&E's representation of S&C does not represent an adverse interest to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

30.    K&E represents Briggs & Stratton Corporation ("**Briggs & Stratton**"). The Debtors and Briggs & Stratton are co-defendants in asbestos related litigation matters. K&E's representations of Briggs & Stratton do not represent adverse interests to the Debtors' estates with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

## J.    K&E Attorney & Employee Investments

31.    From time to time, K&E partners, of counsel, associates, and employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be the Debtor, often without K&E's knowledge. The investing K&E person(s) generally own substantially less than 1% of such Investment Fund, do not manage or otherwise control such Investment Fund, and have no influence over the Investment Fund's decision to buy, sell, or vote any particular security. The Investment Fund is generally operated as a blind pool, meaning that when the K&E person(s) make an investment in the Investment Fund, he, she, or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

32.    From time to time one or more K&E partners and of counsel voluntarily choose to form an entity (a "**Passive-Intermediary Entity**") to invest in one or more Investment Funds. Such Passive-Intermediary Entity is composed only of persons who were K&E partners and of

11

counsel at the time of the Passive-Intermediary Entity's formation (although some are now former K&E partners and of counsel). Participation in such a Passive-Intermediary Entity is wholly voluntary and only a portion of K&E's partners and of counsel choose to participate. The Passive Intermediary Entity generally owns substantially less than 1% of any such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund in which a Passive-Intermediary Entity invests is operated as a blind pool, so that the Passive Intermediary Entity does not know what securities the blind pool Investment Funds will purchase or sell, and has no control over such purchases or sales. And, indeed, the Passive-Intermediary Entity often arranges for statements and communications from the Investment Funds to be sent solely to a blind administrator who edits out all information regarding the identity of the Investment Fund's underlying investments, so that the Passive-Intermediary Entity does not learn (even after the fact) identity of the securities purchased, sold, or held by the Investment Fund.

33.     From time to time, K&E partners, of counsel, associates, and employees personally directly acquire a debt or equity security of a company which may be the Debtor. K&E has a long-standing policy prohibiting attorneys and employees from using confidential information that may come to their attention in the course of their work. In this regard, all K&E attorneys and employees are barred from trading in securities with respect to which they possess confidential information.

## K.     Other Disclosures

34.     James H.M. Sprayregen, a current partner at K&E, worked as an attorney at K&E from July 1990 until June 2006 and rejoined the firm in December 2008. From June 2006 until December 2008, prior to rejoining the firm, Mr. Sprayregen, was co-head of Goldman Sachs' Americas' ("**Goldman Sachs**") restructuring group, where he advised domestic and international

12

clients, in restructuring and distressed situations. Goldman Sachs is a secured lender to the Debtors (designated on the list of "Major Secured Lenders"), an underwriting investment bank for General Motors' Securities in the Debtors' chapter 11 cases, and a client of K&E. Mr. Sprayregen's prior employment at Goldman Sachs and K&E's representation of Goldman Sachs do not represent adverse interests with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

35.     Prior to joining the firm in March, 2007, K&E partner Albert Cho represented numerous clients adverse to K&E's current and former restructuring clients, including chapter 11 debtors. Out of an abundance of caution, Mr. Cho will not perform any legal services for the Debtors related to their chapter 11 cases. K&E has instituted formal screening measures to screen Mr. Cho from all aspects of K&E's representation of the Debtors. Mr. Cho's former representations do not represent adverse interests with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

36.     Prior to joining the firm in March, 2008, K&E partner Paul J. Astolfi represented numerous clients adverse to K&E's current and former restructuring clients, including chapter 11 debtors. Out of an abundance of caution, Mr. Astolfi will not perform any legal services for the Debtors related to their chapter 11 cases. K&E has instituted formal screening measures to screen Mr. Astolfi from all aspects of K&E's representation of the Debtors. Mr. Astolfi's former representations do not represent adverse interests with respect to the matters for which K&E is sought to be retained, but K&E has disclosed them out of an abundance of caution.

37.     Prior to joining the firm in October, 2008, K&E associate Dana Yankowitz was employed by the United States Bankruptcy Court for the Southern District of New York as a law clerk to Judge Gerber between September 2007 and September 2008, during which time

Ms. Yankowitz worked on matters unrelated to the Debtors' chapter 11 cases. In the event Ms. Yankowitz, who is currently not performing work in connection with the Debtors' chapter 11 cases, is assigned to this matter, she will not appear before this Court until September 2010. Ms. Yankowitz's former employment does not represent an adverse interest with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

38.     The spouse of K&E partner Helen E. Witt, P.C. is a managing director of J.P. Morgan Chase Co. ("**JP Morgan**"). Highbridge Capital Management and JP Morgan Securities Inc, affiliates of JP Morgan, are designated on the list of "Largest 50 Bondholders" of the Debtors. K&E has instituted formal screening measures to screen Ms. Witt from all aspects of K&E's representation of the Debtors. The employment of Ms. Witt's spouse does not represent an adverse interest with respect to the matters for which K&E is sought to be retained, but K&E has disclosed it out of an abundance of caution.

39.     Under K&E's screening procedures, K&E's conflicts department distributes a memorandum to all K&E attorneys and legal assistants directing them as follows: (a) not to discuss any aspects of K&E's representation of the Debtors with the screened K&E attorneys; (b) to conduct meetings, phone conferences, and other communications regarding K&E's representation of the Debtors in a manner that avoids contact with the screened K&E attorneys; (c) to take all measures necessary or appropriate to prevent access by the screened K&E attorneys to the files or other information related to K&E's representation of the Debtors; and (d) to avoid contact between the screened K&E attorneys and all K&E personnel working on the representation of the Debtors unless there is a clear understanding that there will be no discussion of any aspects of K&E's representation of the Debtors. Furthermore, K&E has

already implemented procedures to block the screened K&E attorneys from accessing files and documents related to the Debtors that are stored in K&E's electronic document managing system.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
     f/k/a General Motors Corp., et al.,  :
                                    :
              Debtors.              :        (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY MOTORS LIQUIDATION
COMPANY (F/K/A GENERAL MOTORS CORPORATION) OR ANY OF ITS DEBTOR
SUBSIDIARIES (collectively, the "**Debtors**")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:   Russell B. Brooks

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

    1.    Name and address of firm:

        Kirkland & Ellis LLP ("**K&E**")

        300 North LaSalle Street

        Chicago, Illinois 60654

    2.    Date of retention:

        K&E has been representing the Debtors since at least 1974.

3.    Brief description of services to be provided:

The services K&E will be providing to the Debtors includes representation related to:  (a) litigation matters related to dealerships and franchises, intellectual property, environmental issues, securities, collection, and claims matters, among others; (b) environmental compliance matters and investigations; (c) tax matters; and (d) employment and labor matters.

4.    Arrangements for compensation (hourly, contingent, etc.):

K&E will be compensated at an hourly rate with reimbursement for expenses.

(a)    Average hourly rate (if applicable):

The average hourly blended rate for attorneys, including partners, of counsel, and associates, who will be working on these matters for K&E is approximately $575 per hour.

(b)    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

K&E's average compensation from the Debtors for the two years preceding the chapter 11 filing was approximately $2,000,000 per month. K&E estimates that its average compensation beginning in June 2009 will be approximately $75,000 per month.  K&E's estimated average monthly compensation after the July 10, 2009 asset sale is at or below $20,000.

5.    Prepetition claims against the Debtors held by the firm:

Amount of claim:    As of November 18, 2009, approximately $142,947.76.[1]

---

[1]    K&E continues to receive bills for prepetition amounts incurred by third parties on behalf of the Debtors, and such amounts will be reflected on any claim or claims K&E files with this Court.  Additionally, K&E received certain payments from the Debtors prepetition that were not applied to the Debtors' obligations prepetition.

(Continued…)

2

Date claim arose:      Between approximately May 6, 2008 and May 31, 2009.

Source of Claim:      Prepetition legal services and expenses.

6.    Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

None specifically identified.  As described in Exhibit 1 attached to the

Declaration and Disclosure Statement of Jeffrey T. Sheffield, P.C. on behalf of

Kirkland & Ellis LLP (the "**Declaration**") in Section A (paragraphs 9 and 10),

certain K&E attorneys have held positions with the Debtors, which could form the

basis of prepetition claims against the Debtors.

Name:  N/A

Status:  N/A

Amount of Claim:   N/A

Date claim arose:  N/A

Source of claim:  N/A

7.    Stock of the Debtors currently held by the firm:

Class of shares:  N/A

No. of shares:   0

8.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

---

K&E reserves the right to pursue appropriate remedies to apply such amounts by setoff or otherwise.   The amount disclosed is net of potential setoff of the amount of approximately $119,460.

3

Various K&E attorneys and other professionals hold nominal amounts of the

Debtors' stock.

Name:  See Exhibit 1 attached hereto

Status:  See Exhibit 1 attached hereto


Class of shares:  See Exhibit 1 attached hereto

No. of shares:  See Exhibit 1 attached hereto

9.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

Except as otherwise disclosed in the Declaration, K&E does not hold or represent

any material adverse interests to the Debtors with respect to the matters on which

K&E is to be employed.  Out of an abundance of caution, K&E has searched its

electronic database for its connection to the parties in interest in the Debtors'

chapter 11 cases, which was compiled by the Debtors, and conducted a conflicts

analysis with respect to those parties.  Please see Exhibit 1 to the Declaration for

the results of the conflicts analysis, which may be supplemented from time to

time.


10.    Name of individual completing this form:

Jeffrey T. Sheffield, P.C.

4

# EXHIBIT 1

## K&E Individual Stock Ownership

K&E 15409324.

| Individual | Position | Amount/Value of Owned Stock |
|---|---|---|
| J. Andrew Langan, P.C. | Partner | 8 shares |
| Lisa M. Holubar | Partner | 20 certificate shares 42.3 plan shares |
| David Sussman | Associate | 100 shares |
| Julie LaEace | Attorney/Firmwide Pro Bono Manager | $500 |