**Hearing Date and Time: December 16, 2009 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: December 9, 2009 at 5:00 p.m. (prevailing Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
**In re**                                        :   **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.,*        :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*         :
                                                 :
                    **Debtors.**                 :   **(Jointly Administered)**
                                                 :
----------------------------------------------------------------x

**DEBTORS' OPPOSITION TO THE APPLICATION OF**
**FLORIAN HINRICHS FOR AN ORDER PURSUANT TO**
**FED. R. BANKR. P. 2004 AUTHORIZING AND DIRECTING**
**(A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL**
**EXAMINATION OF INDIVIDUALS DESIGNATED BY**
**THE DEBTORS AND BELIEVED TO HAVE KNOWLEDGE**
<u>**OF THE RELEVANT MATTERS**</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ................................................................................................................ 6

I.    Good Cause Does Not Exist For The Rule 2004 Examination .............................. 6

II.   The Rule 2004 Examination Hinrichs Seeks Is An Improper Attempt To
Gain Discovery Outside The Bankruptcy Claims Process .................................... 8

III.  The Requested Rule 2004 Examination Would Unduly Burden The
Debtors' Administration Of The Estates............................................................... 10

# TABLE OF AUTHORITIES

## CASES

*In re Bakalis*,
    199 B.R. 443 (Bankr. E.D.N.Y. 1996)..................................................................................9

*Balabar-Strauss v. Tartaglione (In re Tartaglione)*,
    2008 U.S. Dist. LEXIS 8520 (S.D.N.Y. Feb. 5, 2008).................................................10, 11

*In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*,
    258 B.R. 580 (Bankr. S.D.N.Y. 2001)..................................................................................6

*In re Bennett Funding Group, Inc.*,
    203 B.R. 24 (Bankr. N.D.N.Y. 1996) ...................................................................................9

*In re Coffee Cupboard, Inc.*,
    128 B.R. 509 (Bankr. E.D.N.Y. 1991)....................................................................6, 10, 11

*In re Drexel Burnham Lambert Group, Inc.*,
    123 B.R. 702 (Bankr. S.D.N.Y. 1991).........................................................................7, 10

*In re Eagle-Picher Indus., Inc.*,
    169 B.R. 130(Bankr. S.D. Ohio 1994).................................................................................10

*In re: Ecam, Inc.*,
    131 B.R. 556 (Bankr. S.D.N.Y. 1991)..................................................................................9

*In re Express One Int'l, Inc.*,
    217 B.R. 215 (Bankr. E.D. Tex. 1998) ...................................................................6, 7, 10

*First Financial Sav. Assoc. v. Kipp (In re Kipp)*,
    86 B.R. 490 (Bankr. W.D. Tex. 1988)..................................................................................9

*In re Hammond*,
    140 B.R. 197 (S.D. Ohio 1992) ....................................................................................6, 10

*Intercontinental Enters., Inc. v. Keller ( In re Blinder, Robinson & Co., Inc.)*,
    127 B.R. 267 (D. Colo. 1991).........................................................................................8, 9

*Reid v. White Motor Corp.*,
    886 F.2d 1462 (6th Cir. 1989) ..............................................................................................8

*In re Texaco Inc.*,
    79 B.R. 551 (Bankr. S.D.N.Y 1987).....................................................................................7

*In re Valley Forge Assocs.*,
    109 B.R. 669 (Bankr. E.D. Pa. 1990) ...........................................................................9, 10

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), hereby submit this opposition to the *Application of Florian Hinrichs* ("**Hinrichs**") *for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) The Production of Documents and (B) The Oral Examination of Individuals Designated by the Debtors and Believed to Have Knowledge of the Relevant Matters* (Docket No. 4443) (the "**Motion**" or "**Rule 2004 Application**"). In support hereof, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. Hinrichs seeks an examination of the Debtors and the production of documents relating to the Debtors' product liability insurance coverage applicable to a prepetition lawsuit in which Hinrichs is the plaintiff alleging causes of action for products liability against MLC. Hinrichs fails to satisfy his requisite burden of establishing that the information he requests is necessary to establish his claim against the estate or that the denial of his requests would cause undue hardship or injustice. Hinrichs cannot demonstrate necessity for the insurance information he seeks because the Debtors are self-insured up to $35 million on products liability claims. Hinrichs' claim against the estate is for only $25 million, accordingly, there is no outside insurance carrier that would be liable for the judgment.

2. Notwithstanding that Hinrichs' claims do not exceed the $35 million self-insured retention applicable to the relevant insurance, the Debtors have

sought to provide Hinrichs with reasonable information in order to understand the Debtors' insurance coverage. At the request of counsel, the Debtors provided a sworn declaration demonstrating that the Debtors are self-insured up to $35 million on products liability claims. Debtors have worked diligently to provide Hinrichs' counsel with information in response to its requests and to facilitate the exchange of information outside of Debtors' possession. The Debtors are not in a position to provide Hinrichs with the additional documentation or testimony because the Debtors are not in possession, custody, or control of the relevant insurance policies.

3. The Motion is an improper attempt to gain discovery related to an underlying, prepetition lawsuit currently pending in another tribunal. Should the Debtors object to Hinrichs' claim, discovery may be sought under to the Bankruptcy Rules as part of the bankruptcy claims process. Moreover, even if relevant, the Debtors are not in a position to provide Hirinchs with the information he seeks. Allowing Hinrichs to engage in far-reaching discovery into matters the Debtors have already done their best to provide the relevant information would set a negative precedent that could expose the Debtors to countless Rule 2004 applications by numerous similarly situated claimants seeking information at best tenuously related to their claims. Accordingly, the Court should deny the Rule 2004 Application.

### BACKGROUND

4. On June 1, 2009, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC) ("**NGMCO**" or "**General Motors,**

**LLC**") pursuant to that certain Amended and Restated Master Sale and Purchase Agreement , dated June 26, 2009, as amended and an order of this Court dated July 5, 2009 (D. I. 2968) ("**MPA**").

5. On July 29, 2009, the Federal Republic of Germany ("**FRG**") filed with this Court an application pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") seeking documents and oral testimony relating to the Debtors' product liability insurance coverage ("**FRG Motion**") (Docket No. 3520). The FRG Motion stated that FRG is responsible for the medical expenses of Hinrichs, as he was a German army officer at the time he was injured in a prepetition automobile accident while riding in an automobile manufactured by MLC when the automobile was struck by a drunk driver. (FRG Mot. ¶ 3.)

6. On October 20, 2009, the Debtors filed an opposition to the FRG Motion based in part on FRG's lack of standing as a party in interest entitled to seek discovery pursuant to Bankruptcy Rule 2004 (D. I. 4325).

7. On November 2, 2009, counsel for FRG adjourned the hearing scheduled on the FRG Motion and subsequently filed the instant Rule 2004 Application on behalf of Hinrichs seeking the identical list of documents and information previously sought in the FRG Motion.

8. Hinrichs' Rule 2004 Application seeks documents and testimony regarding the Debtors' product liability insurance coverage applicable to a prepetition products liability action Hinrichs commenced against MLC in Alabama state court (the "**Alabama State Case**"). The Alabama State Case arises from the alleged injuries

Hinrichs suffered while riding as a passenger in an automobile that was manufactured by MLC when the automobile was struck by a drunk driver. (Mot. ¶ 8.)

9. The Debtors have already provided Hinrichs with all relevant information regarding the insurance. On July 30, 2009, in response to the FRG Motion, the Debtors' bankruptcy counsel informed counsel for Hinrichs and FRG that the Debtors are self-insured up to $35 million on products liability claims, meaning that the Debtors themselves are responsible for at least the first $35 million of any liability imposed for a single claim, an amount in excess of the relief sought in the Alabama State Case. On July 31, 2009, the Debtors' bankruptcy counsel reaffirmed this position in an email to counsel for FRG and Hinrichs. On September 3, 2009, the Debtors provided counsel for Hinrichs and FRG with a declaration of Howard Chu, a former claims manager for MLC, with knowledge of the insurance policies maintained by the Debtors prior to the sale to NGMCO. *See Declaration of Howard Chu in Response to the Application of Federal Republic of Germany Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* ("**Chu Declaration**" attached hereto as "**Exhibit A**"). The Chu declaration explains the $35 million self-insured retention and responds to request numbers 4, 5, and 8 of the Document Request Subpoena affixed as Schedule A to Hinrichs' and FRG's respective Rule 2004 Applications. (Ex. A ¶¶ 2-4.) On December 2, 2009, the Debtors again sent the Chu Declaration to Hinrichs' counsel and reiterated that the insurance applicable to Hinrichs' claim includes the $35 million self-insured retention.

10. As indicated in the Chu Declaration, the Debtors are self-insured with respect to products liability claims to the extent of a self-insured retention in the amount of $35 million per occurrence. (Ex. A ¶ 2.) Thus, the Debtors would be directly

responsible for any judgment entered in the Alabama State Case up to $35 million including legal defense expenses. (*Id*.). Because of the self-insured retention, there are no insurance policies directly relevant the Alabama State Case at this time (Ex. A ¶ 3.)

11. Hinrichs filed a claim in the Debtors' bankruptcy case for $25 million.[1]

12. In an effort to resolve the Motion, on December 2, 2009 the Debtors and General Motors, LLC offered to provide the declaration page for the Debtors' insurance coverage above the $35 million self-insured retention. This effort was not successful.

13. The Debtors cannot provide Hinrichs with the further documentation or testimony it seeks because, as has been explained to Hinrichs' counsel, the Debtors are not in possession, custody or control of the insurance documents Hinrichs seeks. The insurance documents sought are in the possession of General Motors, LLC.

14. Hinrichs further requests authority to issue a subpoena to individuals "within the control of the Debtors." (Mot. ¶ 17.) The parties with possession, ownership and control of the requested insurance information are not within the control of the Debtors.

---

[1] The claims register in these chapter 11 cases reflects duplicate claims filed by Hinrichs: claim number 631 and claim number 815. The claims are identical, however, claim 631 does not bear the Court's date stamp and was sent to the claims agent a week prior to the Court sending the claims agent claim 815, bearing the Court's date stamp. Accordingly, the Debtors' Fourth Omnibus Objection, dated December 8, 2009 (Docket No. 4625), objects to claim 631 on the grounds that it is duplicative and reserves all rights to object to claim 815.

**ARGUMENT**

15. A request for discovery under Rule 2004 is committed to the sound discretion of the bankruptcy court. *See In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) ("Rule 2004 provides that the Court 'may' order disclosure thereunder, giving the Court significant discretion."). The Court should exercise its discretion to deny Hinrich's Rule 2004 Application because Hinrichs has failed to satisfy his burden under Rule 2004.

**I.    GOOD CAUSE DOES NOT EXIST FOR THE RULE 2004 EXAMINATION**

16. While Rule 2004 is admittedly broad, it is precisely because of that breadth that courts have recognized the need to impose limits and safeguards to keep the rule from being abused. It is well-established that a party in interest seeking authority to use Bankruptcy Rule 2004 bears the burden to establish "good cause" for the relief requested. *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) ("[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." (quoting *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994)); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (holding that "the examiner has the burden of establishing that 'good cause' exists for the taking of the [Rule 2004] examination"); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (holding that just because "documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production.").

17.     "The burden of showing good cause is an affirmative one in that it is not satisfied merely by a showing that justice would not be impeded by production of the documents." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). Instead, good cause only exists where the "examination sought is *necessary* to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner *undue hardship or injustice*." *In re Express One Int'l*, 217 B.R. at 217 (citing *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993)) (emphasis added). Even Hinrichs concedes that "the intended use of Rule 2004 is, 'namely, to determine whether there are grounds to bring an action to recover property of the estate.'" (Mot. ¶ 11, quoting *In re: Ecam, Inc.*, 131 B.R. 556, 560 (Bankr. S.D.N.Y. 1991). Further, Courts have held that a Rule 2004 application should be denied where the requested information is "duplicative of previously furnished information." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y 1987).

18.     Hinrichs cannot demonstrate that the documents and information he seeks are necessary to establish his claim. Rather, the only purpose for Hinrichs' 2004 Application is to determine "whether Hinrichs' potential future liability judgment against the Debtors will be paid" by insurance. (*See* Mot. ¶ 12.)

19.     Likewise, Hinrichs cannot meet his burden to establish that denial of his request for insurance information would cause undue hardship or injustice, for two reasons. First, the Debtors have already provided sufficient information to Hinrichs regarding the applicable insurance coverage. Second, there is no insurance coverage provided by an outside carrier relevant to the Alabama State Case because the self-insured retention far exceeds the amount sought by, or likely to be awarded to, Hinrichs.

20. As discussed above, the Debtors' counsel informed Hinrichs' counsel shortly after FRG's 2004 Application was filed that the Debtors are self-insured up to $35 million on products liability claims. The Debtors' counsel has since reaffirmed this information through correspondence and a sworn statement. As indicated in that sworn statement insurance coverage is not available for any judgment in Hinrichs' favor less than $35 million. (*See* Ex. A ¶ 2.) Given that Hinrichs' claim is only for $25 million further discovery on this issue is not warranted. Indeed, to allow Hinrichs to engage in further discovery on this issue, including issuing individual subpoenas compelling oral examinations under oath, would only yield information duplicative of that which Hinrichs has already received. Accordingly, Hinrichs has failed to establish good cause sufficient to justify the discovery requested and his Motion should be denied.

## II.    THE RULE 2004 EXAMINATION HINRICHS SEEKS IS AN IMPROPER ATTEMPT TO GAIN DISCOVERY OUTSIDE THE BANKRUPTCY CLAIMS PROCESS

21. Hinrichs' Rule 2004 Application also is an improper attempt to gain discovery outside of the bankruptcy claims process and the discovery rules governing such process. Should the Debtors object to Hinrichs' claim, it will give rise to a contested matter. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1470 (6th Cir. 1989) ("[T]he filing of an objection to a proof of claim . . . creates a dispute which is a contested matter.") (citing Advisory Committee Note to Fed. R. Bankr. P. 9014)). It is a well recognized rule that once a contested matter has been commenced, discovery is made pursuant to the Bankruptcy Rules, rather than by a Rule 2004 examination. *See Intercontinental Enters., Inc. v. Keller ( In re Blinder, Robinson & Co., Inc.),* 127 B.R. 267, 275 (D. Colo. 1991) (holding that Bankruptcy Rules 7026 through 7037, which

adopt various provisions of the Federal Rules of Civil Procedure, provide for discovery in adversary proceeding and contested matters and "Rule 2004 should not be used"); *see also In re Bakalis,* 199 B.R. 443, 447-48 (Bankr. E.D.N.Y. 1996) (holding that Rule 2004 examinations are "typically implemented in the pre-litigation stage of a bankruptcy case" and "once a matter becomes contested or an adversary proceeding is commenced, further discovery should be obtained pursuant to the Federal Rules of Civil Procedure" ); *In re Ecam Publications,* 131 B.R. 556, 560 (Bankr. S.D.N.Y. 1991) (noting that "[d]iscovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure" and once a contested matter has been initiated, parties must proceed with discovery under the Fed. R. Civ. P.); *First Financial Sav. Assoc. v. Kipp (In re Kipp),* 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (same). Courts are wary of attempts to utilize Rule 2004 to avoid the restrictions of the Federal Rules of Civil Procedure in the context of contested matters. *Valley Forge,* 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) ("The admonition that the Federal Rules of Civil Procedure in general apply to discovery in adversary proceedings and contested matters has been specifically applied to prevent attempts to avoid the proscriptions of Fed. R. Civ. P. 26(b)(4)"); *see also Blinder, Robinson,* 127 B.R. at 274 (finding that "[m]any courts have expressed distaste for efforts of parties to use Rule 2004 examinations to circumvent the restrictions of the Federal Rules of Civil Procedure); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (noting that "courts are wary of attempts to utilize Rule 2004 to avoid the restrictions of Fed. R. Civ. P.").

### III. THE REQUESTED RULE 2004 EXAMINATION WOULD UNDULY BURDEN THE DEBTORS' ADMINISTRATION OF THE ESTATES

22. Even if the Rule 2004 Application established good cause for the discovery sought by Hinrichs, which it does not, Hinrichs would also have to demonstrate that the benefit of allowing such discovery outweighs the burden to the Debtors and their estates. Rule 2004 requires the "balanc[ing] [of] the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. at 712; *See also Hammond*, 140 B.R. at 201; *Eagle-Picher*, 169 B.R. at 134. "[I]f the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." *In re Express One Int'l*, 217 B.R. at 217.

23. Under such a balancing test, the burdens the requested examinations would place on the Debtors, their estates, and their professionals far outweigh the relevance or necessity of the requested information to Hinrichs. As discussed above, the insurance information Hinrichs requests will only reveal that which has already been sworn to: MLC does not have outside insurance applicable to Hinrichs' claims in the Alabama State Case or these chapter 11 cases. The Debtors are parties to thousands of litigations that need to be addressed in these cases. It would be untenable to require the Debtors to sit through examinations and be subject to discovery in each of those matters whenever a request is made by the adversary, particularly where, as here, the requesting party has been provided the relevant information and the Debtors are not in the possession, custody, or control of the records sought. One cannot be compelled to produce information which it does not possess. *Balabar-Strauss v. Tartaglione (In re*

*Tartaglione)*, 2008 U.S. Dist. LEXIS 8520, at *15 (S.D.N.Y. Feb. 5, 2008) (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (interpreting Fed. R. Civ. P. 34)). Given the fact that Hirinchs has all the information pertinent to his requests, the Court should deny the Rule 2004 Application.

WHEREFORE the Debtors respectfully request entry of an order denying the 2004 Application and grant the relief requested herein.

Dated: December 9, 2009
       New York, New York

/s/ David R. Berz
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession