# UNITED STATES TAX COURT

WALTER JESSE LAWRENCE
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE
Respondent

**Docket No.20370-09**

_____/

## AMENDED PETITION

1. Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☒ Notice of Deficiency

☐ Notice of Determination concerning Your Request for Relief From Joint and Several Liability. (If you requested relief from joint and several liability but the IRS has not made a determination, please see the Information for Pro Se Taxpayers booklet or the Tax Court's Web site.)

☐ Notice of Determination Concerning Collection action

☐ Notice of Determination Concerning Worker Classification.

2. Provide the date(s) the IRS issued the NOTICE(s) checked above and city and State of the IRS office(s) issuing the NOTICE(s):May 29, 2009; July 1, 2009; Ogden, Utah.

3. Provide the years(s) or period(s) for the NOTICE(S) were issued: 2003, 2004, and 2005

4. SELECT ONE OF THE FOLLOWING:

If you want your case conducted under small tax case procedures, check here: ☐ (CHECK
If you want your case conducted under regular tax case procedures, check here:☒ ONE BOX)

NOTE: A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case ( please list each point separately): See below argument

6. State the facts upon which you rely ( please list each point separately): See below Relevant

Facts.

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts. <u>Please do not submit tax forms, receipts, or other types of evidence with this petition.</u>**

## I.

As provided for in Tax Court Rule 34(b)(4) and (5), 26 U.S.C. foll. § 7453, which provides that the petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error," Petitioner now provides in this petition the "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error," and "clear and concise lettered statement of the facts on which petitioner bases the assignments of error."

## II.    Introduction of Credible Evidence

Petitioner alleges the introduction of credible evidence with respect to any factual issue relevant to ascertaining the Commissioner/Respondent/Secretary's alleged liability of petitioner for any tax imposed by subtitle A or B of title 26. Petitioner has complied with requirements, if any, under title 26 to substantiate any item. Petitioner has maintained all records require under title 26 and has cooperated with reasonable requests by the secretary for witnesses, information, documents, meetings, and interviews. However, petition will add that neither the Commissioner nor the Respondent nor the Secretary has requested from petitioner, reasonable or otherwise, "...witnesses, information, documents, meetings, [or] interviews," thereby precluding any evidentiary tie between the parties. Petitioner' credible and admissible evidence that petitioner introduces are the

Commissioner's May 19, 1999, Notice of Levy and the Order of the United States Bankruptcy Court, Northern District of Florida, Tallahassee, case no. 01-70047-TLH2, entered on the eighth (8th) day of May, 2001. Thus, petitioner has introduced credible evidence with respect to each and every factual issue in determining that the GM/UAW ERISA and IRC qualified pension plan payments and social security payments that were never actually nor constructively received by Petitioner for his own use where the IRS May 19, 1999, Notice of Levy restricted petitioner from having complete dominion and control over those payments constitutes income to Petitioner..Exhibits "E", "F".

The Tenth Circuit Court of Appeals in the case of *Rendall v. Commissioner*, 535 F.3d 1221, (CA10, 2008), held that: "[C]redible evidence,' as used § 7491(a) means 'the quality of evidence, which after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted." Here, the "credible evidence" is the order of the: (1) United States Bankruptcy Court, Northern District of Florida, Tallahassee, case no. 01-70047-TLH2, entered on the eighth (8th) day of May, 2001; (2) the IRS May 19, 1999, Notice of Levy. These "credible evidence" documents are attached to Petitioner's Motion to Amend Petition and are incorporated herein by reference as though fully stated. Thus, petitioner claims that the burden of proof has shifted to the Respondent under section 7491(a) and that petitioner ha satisfied herein the requirements of section 7491(a)(1), (2) and Tax Court Rule 142.

### III.    Facts on Which Petitioner Bases the Assignments of Error Petitioner Alleges to Have Been Committed by the Commissioner in the Determination of the Alleged Deficiency and Liability

A.    Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example , on May 19, 1999, the Commissioner/Respondent/Secretary issued a Notice of Levy. The Commissioner/Respondent/Secretary has used and is using the May 19, 1999, Notice of Levy as a restrictive document to restrict petitioner from having complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments. The Commissioner/Respondent/Secretary has used May 19, 1999, Notice of Levy, which is credible evidence, as an instrument to determine an income tax deficiency liability against petitioner for each of the tax years 2003, 2004, and 2005. As a result of execution of this restrictive document to restrict petitioner from having complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments has thus resulted in the Commissioner/Respondent/Secretary's acts being invalid, arbitrary and capricious.

B.    Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example, starting with the May 19, 1999, Notice of Levy executed by Commissioner/Respondent/Secretary's on petitioners GM/UAW ERISA and IRC qualified pension plan payments and social security payments has been ordered barred by the United States Bankruptcy Court, Northern District of Florida, Tallahassee, case no. 01-70047-TLH2, entered on the eighth (8th) day of May, 2001. The list of exemptions referred to in that order,

which is credible evidence, includes "Debtor's interest in the GM/UAW Pension Plan Payments" and "Social Security Payments" which are "Debtor's exemption claimed in Schedule C of [Petitioner's Bankruptcy Court ] petition" were automatically granted when there was no objections to those claimed exemptions within thirty days of the completion of the section 341 meeting of the creditors." constitutes the violation of the eighth (8th) day of May, 2001, order an order which involved "Debtor's interest in the GM/UAW Pension Plan Payments" and "Social Security Payments." See attached exhibits "E" and "F".

C.     Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example, the subsequent to issuance of the IRS Notice of Levy dated May 19, 1999, the IRS served as an instrument to execute the Notice of Levy on petitioner's interest in the GM/UAW ERISA and IRC qualified pension plan payments and social security payments which included the tax years involved here, 2003, 2004, and 2005.

D.     Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example at no time has petitioner ever had unrestricted dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments as those payments relate to the IRS Notice of Levy dated May 19, 1999, and the execution of that Notice of Levy over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments for the tax years 2003, 2004, and 2005.

E.    Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example, based on the execution of the restrictive document, Notice of Levy dated May 19, 1999, petitioner had no guarantee that he would be entitled to enjoy complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments since that Notice of Levy dated May 19, 1999, was first executed on or near May 19, 1999. Thus, Respondent erred in its determination.

F.    Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example, given that it is only income that is be included in gross income for the tax years 2003, 2004, and 2005 and given that petitioner has been denied complete control and dominion over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments, the restrictive nature of the Notice of Levy dated May 19, 1999, which is credible evidence, has barred petitioner from actually or constructively receiving any income nor an income tax liability for each of the years 2003, 2004, and 2005.

G.    Petitioner presents clear and concise lettered statement of the fact on which petitioner bases the assignments of error and in respect of which the burden of proof is on the Commissioner. The assignments of error includes issues in respect of which the burden of proof is on the Commissioner. For example, the burden of proof is on the Commissioner to prove with

credible and admissible evidence that income although not actually reduced to petitioner's possession and is not constructively received by petitioner in the taxable year it is credited, 2003, 2004, and 2005, to petitioner's account set apart for petitioner, or otherwise made available so that petitioner may draw upon that income at any time so that petitioner could have drawn upon it during each of the taxable yeas 2003, 2004, and 2005, if notice of intention to withdraw had been given. However, where, as is the case here, income has not been constructively received by petitioner given that petitioner's control of its receipt is and has been denied to petitioner by respondent since May 19, 1999, subject to the substantial limitations and restrictions of the May 19, 1999, Notice of Levy there has not been, therefore, any income. Further, the seizure by the May 19, 1999, Notice of Levy barred petitioner from any intention to withdraw the levied on the GM/UAW ERISA and IRC qualified pension plan payments and social security payments. 26 USC 6502(b) provides that the date "..on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given. " Here, that date is May 19, 1999. Thus, no intention to withdraw could have been given where here the Notice of Levy barred petitioner from withdrawing from the Commissioner/Secretary/Respondent any of the levied on GM/UAW ERISA and IRC qualified pension plan payments and social security payments.

## IV. Assignments of Error Petitioner Alleges to Have Been Committed by the Commissioner in the Determination of the Deficiency and Liability

A..    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof

is on the Commissioner. For example, in determining that the GM/UAW ERISA and IRC qualified pension plan payments and social security payments that were never actually nor constructively received by Petitioner for his own use where the IRS May 19, 1999, Notice of Levy restricted petitioner from having complete dominion and control over those payments constitutes income to Petitioner.. page #2 of Petitioner's Petition, the Commissioner erred in determining that petitioner had any income, gross income or any income tax deficiency liability.

B.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example,  the Commissioner/Respondent/Secretary has failed in each of the Notices of Deficiency to meet its burden with respect to the alleged liability of petitioner for any penalty, addition to tax, or additional amount imposed by title 26.

C.    . The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, is  the Commissioner/Respondent/Secretary erred

where here he had full and prior knowledge of the restrictive nature of the May 19, 1999, Notice of Levy and petitioner's interest GM/UAW ERISA and IRC qualified pension plan payments and social security payments the Commissioner/Respondent/Secretary commenced continued to execute the May 19, 1999, Notice of Levy on petitioner's interest GM/UAW ERISA and IRC qualified pension plan payments and social security payments a levy/seizure

that has continued unabated since May 19, 1999, thereby resulting in continuous acts that are invalid, capricious and arbitrary.

D.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, the Commissioner erred n determining that taxable income that Petitioner did not receive and that he was prohibited from receiving because of the restriction placed on Petitioner's interest in GM/UAW ERISA and IRC qualified pension plan payments and social security payments vis-a-vis the Commissioner's May 19, 1999, Notice of Levy seizure petitioner had no income, gross income or income tax deficiency liability. Thus, the Commissioner's determination is invalid, capricious an arbitrary.

E..    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, where the Commissioner determined that the May

19, 1999, IRS issued Notice of Levy did not authorize a levy on Petitioner's interest in GM/UAW ERISA and IRC qualified pension plan payments and social security payments which is in direct conflict with the Commissioner's determination on the Commissioner's May 19, 1999, Notice of Levy where the IRS issued a Notice of Levy which provides that **"THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS RETIREMENT PLANS OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED BY THE BLOCK TO THE RIGHT."** The May 19, 1999, Notice of Levy is not signed in the block to the right. Thus, given that the GM/UAW ERISA and IRC qualified pension plan payments and social security payments constitutes " **OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL,** that is under the control of General Motors Corporation. Thus, the levy on this property is invalid, arbitrary and capricious

F.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability" is that the May 19, 1999, Notice of Levy executed by Commissioner/Respondent/Secretary's on petitioners GM/UAW ERISA and IRC qualified pension plan payments and social security payments has been ordered barred by the United States Bankruptcy Court, Northern District of Florida, Tallahassee, case no. 01-70047-TLH2, entered on the eighth (8th) day of May, 2001, and the list of exemptions referred to in that order which includes "Debtor's interest in the GM/UAW Pension Plan Payments" and

"Social Security Payments" which are "Debtor's exemption claimed in Schedule C of [Petitioner's Bankruptcy Court ] petition "were automatically granted when there was no objections to those claimed exemptions within thirty days of the completion of the section 341 meeting of the creditors." constitutes the violation of the eighth (8th) day of May, 2001, order an order which involved "Debtor's interest in the GM/UAW Pension Plan Payments" and "Social Security Payments" that has resulted in the Commissioner/Respondent/Secretary's acts involving the May 19, 1999, Notice of Levy against Petitioner's interest in the GM/UAW Pension Plan Payments as not only being violative of the the eighth (8th) day of May, 2001, order but is also invalid, arbitrary

and capricious.

G.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability" is that the eighth (8th) day of May, 2001, order and order  does not prejudice the Commissioner given that the Commissioner/Respondent/Secretary had full knowledge of the United States Bankruptcy Court, Northern District of Florida, Tallahassee, case no. 01-70047-TLH2, entered on the eighth (8th) day of May, 2001, proceedings and where the  Commissioner/Respondent/Secretary participated fully in those proceedings and where  based on the order of the eighth (8th) day of May, 2001, the exemptions claimed by petitioner on his Schedule C "were automatically granted when there was no objections to those claimed exemptions within thirty days of the completion of the section 341 meeting of the creditors.," the determination of the Commissioner/Respondent/Secretary in each of the Notices of deficiency is invalid, arbitrary and capricious.

H..     The "[c]lear and concise assignments of each and every error which the petitioner alleges
to have been committed by the Commissioner in the determination of the deficiency or
liability" is in subsequent to issuance of the IRS Notice of Levy dated May 19, 1999, the IRS
executed on that Notice of Levy which included the tax years involved here, 2003, 2004, and
2005, when the Commissioner determined and notified General Motors Corporation in IRS
Notice of Levy dated May 19, 1999, **that: THIS LEVY WON'T ATTACHE FUNDS IN
THE IRA's, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLAN OR ANY
OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS
IT IS SIGNED BY THE BLOCK TO THE RIGHT.** The May 19, 1999, Notice of Levy
is not


signed in the block to the right. Given that the Commissioner determined in the May 19, 1999,
Notice of Levy, that the levy won't attach to  GM/UAW ERISA and IRC qualified pension plan
payments the levy is, therefore, invalid, arbitrary and capricious.

I.     The "[c]lear and concise assignments of each and every error which the petitioner alleges to
have been committed by the Commissioner in the determination of the deficiency or liability" is that
at no time has petitioner ever had unrestricted dominion and control over the GM/UAW ERISA and
IRC qualified pension plan payments and social security payments as those payments relate to the
IRS Notice of Levy and the execution of that Notice of Levy for the tax years 2003, 2004, and
2005.". While  the execution of the Notice of Levy on  the GM/UAW ERISA and IRC qualified
pension plan payments and social security payments that is invalid, arbitrary and capricious is illegal
under 29 U.S.C. 1202( c ), the levy is likewise illegal since there was a deniable of accession of

wealth to petitioner that was not clearly realized by petitioner, and over which petitioner did not have complete dominion over.

J.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that based on the execution of the Notice of Levy dated May 19, 1999, petitioner had no guarantee that he would be entitled to enjoy complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments ", thereby resulting in a determination by the Commissioner that is invalid, arbitrary and capricious.

K.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability," For example,  based on the IRS restriction ( May 19, 1999, Notice of Levy) placed on the GM/UAW ERISA and IRC qualified pension plan payments and social security payments there is no income that petitioner has complete dominion and control over. Thus, given that

there is no income and no income tax upon which there could be derived any income tax deficiency,  the Commissioner's determination is invalid, capricious and arbitrary. .

L..    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that there was no guarantee starting with the Notice of Levy dated May 19, 1999, followed by the Notices of Deficiency dated: May 29, 2009, for the tax year ending 2003; May 19, 2009, for the tax year ending 2004; and  July 1, 2009,for the tax year ending  2005    that the Petitioner would be guaranteed to enjoy complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments where the IRS determined a federal income tax

deficiency liability for each of the tax years at issue here, 2003, 2004, and 2005. Accordingly, there is no guarantee that the future, like the present and past, GM/UAW ERISA and IRC qualified pension plan payments and social security payments would be income to since petitioner would not be receiving the GM/UAW ERISA and IRC qualified pension plan payments and social security payments without restriction .The Notice of Deficiency for each of the tax years 2003, 2004, and 2005, and federal income tax deficiency liability alleged to be owing in each of those documents is invalid, capricious and arbitrary.

M.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that here, the "cash equivalent" of the "property of the taxpayer" that the IRS exercises unrestrictive complete dominion and control is the payment to petitioner of the

property called GM/UAW ERISA and IRC qualified pension plan payments and social security payments. It is this exercise of unrestrictive complete dominion and control by the Respondent/Commissioner/Secretary that is invalid, arbitrary and capricious.

N.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that Respondent/Commissioner/Secretary erred in determining an income tax deficiency and then preparing and filing a return on the behalf of petitioner, claiming

exemption on the behalf of petitioner, charging petitioner for the accrual of interest and penalties since those items only apply to income s. Petitioner exercised absolutely no control, and no dominion over the GM/UAW levy ERISA and IRC qualified pension plan payments and social security payments." It is this exercise of a determination by the Respondent/Commissioner/Secretary of any unrestrictive complete dominion and control by the Respondent/Commissioner/secretary that is invalid, arbitrary and capricious.

O.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that petitioner here did not have control over the events that petitioner asserts constituted a material breach of the judicially created exemption.. Here, the IRS Notice of Levy dated May 19, 1999, which is the document in this case that clearly provides the evidence that the IRS and not petitioner is exercising unrestrictive control and dominion over the GM/UAW d levy ERISA and IRC qualified pension plan payments and social security payments. Thus, there is no income upon which to base a determination of a federal income tax deficiency liability and, therefore, the Commissioner's determination is invalid, capricious and arbitrary.

P.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that on the record before this Court, it is clear that petitioner would absolutely have no guarantee that, for each monthly period of GM/UAW ERISA and IRC qualified pension plan payments and social security payments that petitioner would be allowed to

keep the amounts of these monthly payments set forth as provided for in the General Motors Corporation/United Auto Workers and applicable social security law not withstanding the execution of the May 19, 1999, Notice of Levy. Thus, the Commissioner's determination is invalid, capricious and arbitrary.

Q.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that here, petitioner did not have "full control" or any control, full or otherwise over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments because of the execution of the IRS Notice of Levy dated May 19, 1999 on these items of non-income." While s the execution of this Notice of Levy dated May 19, 1999, on the GM/UAW ERISA and IRC qualified pension plan payments and social security payments that is invalid, capricious and arbitrary based on the facts and law set forth herein, the levy is likewise invalid, arbitrary and capricious as provided for in 29 U.S.C. § 1202( c ). .

R     The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that here" petitioner never had any "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." It is this characterization by the Commissioner, of the  the GM/UAW ERISA and IRC qualified pension plan payments and social security payments that constitutes an  "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Is invalid, capricious and arbitrary given that it was the Commissioner who possessed and controlled an "...undeniable accessions to wealth, clearly realized, and over which the [ Commissioner

had] complete dominion."

S.    The subsequent Notice of Levy dated May 19, 1999, and its execution on the GM/UAW

ERISA and IRC qualified pension plan payments and social security payments

transmogrified those subsequent GM/UAW ERISA and IRC qualified pension plan payments

and social security payments from income to petitioner to income to the Commissioner since

petitioner was restricted by the Notice of Levy and because of this Notice of Levy restriction

on petitioner barred him from having any control or complete dominion over the subsequent

GM/UAW ERISA and IRC qualified pension plan payments and social security payments.

Thus, petitioner had no income upon which an income tax could be derived from and since

there was no income tax there could be no income tax deficiency.".

T.    Because General Motors Corporation and the U.S. Department of Treasury, the IRS and the

Social Security administration controlled the ultimate disposition of these economic benefits based

on the IRS Notice of Levy dated 1999, Petitioner has no guarantee that he would be allowed to keep

the GM/UAW ERISA and IRC qualified pension plan payments and social security payments and,

therefore, since petitioner had no guarantee

that he would be allowed to keep these earnings they were not income. Therefore, since there

is no income, Respondent/Commissioner/secretary's determination of an income tax

deficiency is in error. .

U.    " petitioner has never had "complete dominion" over those payments because General Motors Corporation, at the behest of the IRS, has intercepted those payments before petitioner received them thus denying to petitioner "complete dominion" over those payments and denying transformation of those payments from being pension plan payments and social security payments into income."

V.    "General Motors Corporation and the Social Security Administration are the payors of the ERISA and IRS qualified pension plan payments and the Department of Treasury is the payor of the Social Security payments. But for the restriction placed on these payments Petitioner would be the recipient of these payor payments. Thus, General Motors Corporation and the Department of Treasury are the entities that have complete dominion and control, as payors, of these non-income items of ERISA and IRS qualified pension plan payments and of the Social Security payments."

W.    The clear and concise assignment of each and every error which the petitioner alleges to have been committed by the Commissioner is the determination of the deficiency or liability.

Based on the IRS Notice of Levy petitioner had and has no guarantee that could retain the full amount of the GM/UAW ERISA and IRC qualified pension plan payments and social security payments, thus petitioner has no economic benefit from those earnings. Thus, since

petitioner did not have unrestricted dominion and control over such amount when received, he had no income."

X.    Petitioner assigns error to Respondent/Commissioner/secretary in that the case of Tucker v, Commissioner 69 T.C. 657 (1978) does not apply to this case for the reason that "...the taxpayer [ in Tucker v, Commissioner ] did not dispute the fact that she had violated State law and incurred a debt as a result of such. Nor did the taxpayer [ in Tucker v, Commissioner ] dispute the fact that the withholding of the penalty from her wages satisfied such debt. In the present case, [Duffy v. Commissioner T.C. Memo, 1996-556, 1996 WL 732830 U.S. Tax Court, 1996], however, petitioner vigorously disputed the auditor's determination that he was liable to the school district for excess advances, and the parties dispute was not resoled by the New York courts by the end of 1990."

In this case, as was the case in Duffy v. Commissioner T.C. Memo, 1996-556, 1996 WL 732830 U.S. Tax Court, 1996, petitioner" vigorously dispute[s] the [Commissioner's] determination that, as is more fully set forth and developed herein, that Respondent/Commissioner/secretary determined that Petitioner did not have income for the tax years 2003, 2004, and 2005, when Respondent/Commissioner/Secretary  Thus, Respondent/Commissioner/Secretary's dispute with Petitioner was resolved by Respondent/Commissioner/secretary regarding Respondent/Commissioner/secretary's determination of an alleged federal income deficiency liability when

Respondent/Commissioner/secretary executed on the IRS May 19, 1999, Notice of Levy

when by that very document the Respondent/Commissioner/secretary denied to Petitioner any economic benefit or complete dominion and control over each and every month of the continuing levy on the GM/UAW ERISA and IRC qualified pension plan payments and social security payments. With this restriction placed on those payments by Respondent/Commissioner/secretary to satisfy an alleged income tax deficiency for the tax years 2003, 2004, and 2005, the Commissioner erred in it's determination of an income tax deficiency or an increase in an income tax.

Y.    Petitioner assigns error to Respondent/Commissioner/secretary in that under the circumstances of this case the seizure of Respondent/Commissioner/secretary vis-a-vis the IRS May 19, 1999, Notice of Levy, a restrictive document, conclusively proves that Respondent/Commissioner/secretary stripped Petitioner of complete dominion and control of the GM/UAW ERISA and IRC qualified pension plan payments and social security payments thus establishing that Respondent/Commissioner/secretary's income tax deficiency liability. Thus. The deficiency determined by the Commissioner is erroneous and arbitrary with respect to the income tax deficiency liability thus shifting the burden of proof to the Commissioner because the taxpayer established that the Commissioner's determination of a tax deficiency was arbitrary, excessive and invalid.

Z.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that the "cash equivalent" of the "property of the taxpayer" that the IRS exercises unrestrictive complete dominion and control over is the payment of income to petitioner of the property called GM/UAW ERISA and IRC qualified pension plan payments and social

security payments is taxable income to Petitioner.

AA.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.

For example, when the Commissioner seized Petitioner's interest in the GM/UAW ERISA and I  RC qualified pension plan payments and social security payments vis-a-vis the May 19, 1999, Notice of Levy Respondent/Commissioner/secretary took title to the levied upon property thereby reaping the proceeds of and on the property of the taxpayer that property being Petitioner's interest in the GM/UAW ERISA and IRC qualified pension plan payments and social security payments thereby denying to Petitioner any and all taxable income for each of the tax years 2003, 2004, and 2005. .

BB.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that when the Commissioner determined an income tax deficiency and then prepared and filing an unsigned return on the behalf of petitioner, claiming exemption on the behalf of petitioner, charging petitioner for the accrual of interest and penalties since those items only apply to income since petitioner exercised absolutely no control, and no dominion over the GM/UAW d levy ERISA and IRC qualified pension plan payments and social security payments. This error is clearly invalid, arbitrary and capricious.

CC.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that when the Commissioner determined that Petitioner had "...undeniable

accessions to wealth, clearly realized, and over which the taxpayers have complete

dominion" over the ERISA and IRC qualified pension plan payments and social security payments when it was the Respondent/Commissioner/Secretary who had unrestricted and an "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" over the ERISA and IRC qualified pension plan payments and social security payments when the Respondent/Commissioner/secretary executed the May 19, 1999, Notice of Levy and seized Petitioner's the ERISA and IRC qualified pension plan payments and social security payments.

DD.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" is that when Respondent/Commissioner/Secretary erroneously, invalidly, arbitrarily and capriciously determined that the May 19, 1999, Notice of Levy seizure of Petitioner's the ERISA and IRC qualified pension plan payments and social security payments constituted an economic benefit to Petitioner that would qualify as income when any economic benefit to Petitioner for each of the tax years 2003, 2004, and 2005 can only be imputed to Petitioner if the May 19, 1999, Notice of Levy seizure of Petitioner's the ERISA and IRC qualified pension plan payments and social security payments does not constitute "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion."

EE    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or

liability" is that when the Commissioner determined that the May 19, 1999, Notice of Levy

seizure of Petitioner's the ERISA and IRC qualified pension plan payments and social

security payments does constitute "undeniable accessions to wealth, clearly realized, and

over which the taxpayers have complete dominion," where the .key here Petitioner has no

guarantee that he will be allowed to keep the ERISA and IRC qualified pension plan

payments and social security payments as a result of the commissioner's May 19, 1999,

Notice of Levy seizure of Petitioner's the ERISA and IRC qualified pension plan payments

and social security payments

FF.    The "[c]lear and concise assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination of the deficiency or

liability" is that when the Commissioner determined that the recipient, the Commissioner,

has some guaranty that it will be allowed to keep the money, and hence, the recipient, the

Commissioner, enjoys complete dominion over the ERISA and IRC qualified pension plan

payments and social security payments as a result of the commissioner's May 19, 1999,

Notice of Levy seizure of Petitioner's the ERISA and IRC qualified pension plan payments

and social security payments.

GG.    the Commissioner. The assignments of error includes issues in respect of which the burden

of proof is on the Commissioner. For example, the burden of proof is on the Commissioner

to prove with credible and admissible evidence that income although not actually reduced

to petitioner's possession and is not constructively received by petitioner in the taxable year

it is credited, 2003, 2004, and 2005, to petitioner's account set apart for petitioner, or

otherwise made available so that petitioner may draw upon that income at any time  so that petitioner could have drawn upon it during each of the taxable yeas 2003, 2004, and 2005, if notice of intention to withdraw had been given. However, where, as is the case here,

income has not been constructively received by petitioner  given that petitioner's control of its receipt is and has been since May 19, 1999, subject to the substantial limitations and restrictions of the May 19, 1999, Notice of Levy there has not been, therefore, any income. Further, the seizure by the May 19, 1999, Notice of Levy barred petitioner from any intention to withdraw the levied on the  GM/UAW ERISA and IRC qualified pension plan payments and social security payments. Thus, no of intention to withdraw could have been given that the  Notice  of  Levy  barred  petitioner  from  withdrawing  from    the Commissioner/Secretary/Respondent  any of the levied on GM/UAW ERISA and IRC qualified pension plan payments and social security payments.

HH.   The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, rather than petitioner receiving an economic benefit as a direct of the Commissioner having divested petitioner of any and all control and dominion over  the GM/UAW ERISA and IRC qualified pension plan payments and social security payments that were never  actually nor constructively  received by Petitioner for his own use where  the IRS May 19, 1999, Notice of Levy restricted petitioner from having

complete dominion and control over those payments constitutes income to Petitioner, it was

the Commissioner/Respondent/Secretary who received an economic benefit equal to the

amount of the GM/UAW ERISA and IRC qualified pension plan payments and social

security payments, an economic benefit  that was denied to petitioner vis-a-vis the

Commissioner/Respondent/Secretary's May 19, 1999, Notice of Levy. It was this seizure

device that resulted in the

receipt of income to the Commissioner and not to  petitioner.

II.    The "[c]lear and concise assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination of the deficiency [and]

liability."The assignments of error includes issues of in respect of which the burden of proof

is on the Commissioner. For example, where, as here, the GM/UAW ERISA and IRC

qualified pension plan payments and social security payments, was not constructively

received by petitioner where control of  the GM/UAW ERISA and IRC qualified pension

plan payments and social security payments, was subjected to te substantial limitations and

restrictions placed on , the GM/UAW ERISA and IRC qualified pension plan payments and

social security payments, by Commissioner/Respondent/Secretary as a direct result of the

execution of the May 19, 1999, continuing notice of levy claim.

JJ.    The "[c]lear and concise assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination of the deficiency [and]

liability."The assignments of error includes issues of in respect of which the burden of proof

is on the Commissioner. For example, the Commissioner used tax tables in the preparation

of the unsigned Returns for each of the tax years 2003, 2004, and 2005, then without publishing these tax tables in accordance with the APA and the Federal Register, the Commissioner committed error by using those tax tables to reduce an alleged income liability against petitioner where the alleged income, the GM/UAW ERISA and IRC qualified pension plan payments and social security payments, was denied to petitioner by either actual or constructive control. Rather the actual and constructive control of the the GM/UAW ERISA and IRC qualified pension plan payments and social security payments was received by the Commissioner and then imputed to petitioner by Commissioner. Thus, it was the Commissioner who should be held liable for any and all income tax liability and not petitioner.

"[P]etitioner's claim that the Commissioner violated the Administrative Procedure Act while promulgating the 'tax tables' for the years at issue...". is correct. Petitioner further admits, based on knowledge and information, that "[R]espondent publishes tax tables for each year I Revenue Procedures and includes these tax tables in the instructions to Form 1040." page #8 of Respondent's Motion. Respondent then goes on to state: "See Rev. Proc. 2002-70, 2002 C.B. 845: Rev. Proc. 2003-85, 2003-2 C.B. 1184; Rev. Proc. 2004-71, 2004-50 I.R.B. 970." Publication of the tax tables in the Federal Register and Form 1040 instructions does not constitute compliance with APA and FRA.

In *Marandola. v. United States*, 76 Fed. Cl. 237 FN14 (Fed. Cl. 2007), the Court held that "[T]he tax regulations define 'Revenue Procedure' as 'a statement of procedure that affects the rights or duties of taxpayers or other members of the public under [ sections 1 and 3 Internal Revenue of the ] Code and related statutes or information that, although not necessarily affecting the rights and

duties of the public, should be a matter of public knowledge.' Treas. Reg. § 601.601(d)(2)( I )(b).").

Here, respondent has erroneously used "Rev. Proc. 2002-70, 2002 C.B. 845: Rev. Proc. 2003-85, 2003-2 C.B. 1184; Rev. Proc. 2004-71, 2004-50 I.R.B. 970" to affect the rights of Petitioner by using tax tables published in "Rev. Proc. 2002-70, 2002 C.B. 845: Rev. Proc. 2003-85, 2003-2 C.B. 1184; Rev. Proc. 2004-71, 2004-50 I.R.B. 970" and that have not been published in accordance with the APA and the FRA. Thus, Petitioner's position herein does set forth a justiciable controversy given that the tax tables can only be used to reduce an income ta liability. Where, as here, there is no income there is, therefore, no need for the invocation for the use of tax tables to

reduce a non-existent income tax liabilities. *Marandola. v. United States,* 76 Fed. Cl. 237 FN14 (Fed. Cl. 2007) ( The Revenue Procedures "...are not equivalent to public rules that have the force and effect of law," and cases cited therein).

However, even it is assumed that somehow or some way the tax tables for the tax years 2003, 2004, and 2005, are legal, Respondent has glaringly omitted from their erroneous allegations any Revenue Procedure for the tax year 2005. This admission would only be relevant if, as is more fully developed herein, that if Petitioner had any "...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" that he would keep,  that tax tables could be applied here. . Given that Petitioner has had no "...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" that he would keep for the tax years 2003, 2004 or 2005, what Respondent included in any Revenue Procedure or 1040 form instructions is irrelevant.

The publishing of the substantive tax tables in "Rev. Proc. 2002-70, 2002 C.B. 845: Rev.

Proc. 2003-85, 2003-2 C.B. 1184; Rev. Proc. 2004-71, 2004-50 I.R.B. 970", is not and cannot be a substitute for publishing of those substantive tax tables as provided for the Administrative Act or the Federal Register Act. 5 U.S.C. § 552(a)(1) ("Each agency shall....currently publish in the Federal Register...(D) substantive rule of general applicability..."). Substantive rules, such as the Respondent's tax tables are rules the must be promulgated in accordance with the notice and comment procedures of the APA and published in the Federal Register in accordance with section 552(a)(1)(D). Publishing the tax tables in the Respondent's Revenue Procedures and the 1040 form instructions does not constitute publication in accordance with the APA and the Federal Register.

Specifically, the IRS's substantive tax tables, proposed and final IRS shall be published in the Federal Register, 5 U.S.C. § 55(b) ("General notice of proposed rule making shall be published in the Federal Register."); § 553(d) ("The required publication or service of a substantive rule shall be made not less than 30 days before its effective date."). Absent publication, the IRS's tax tables are deemed void. See Zhang v. Slattery, 55 F.3d 732, 748 (CA2, 1995) ("Nonpublication in the Federal Register is a strong indication that a rule has not taken effect."); see also Natural Res. Def. Council v. Abraham, 355 F.3d 179, 204 (CA2, 2004) ( stating that section 553's requirements "should be narrowly construed and only reluctantly countenanced.") (internal quotations omitted but relied on). D&W Food Centers, Inc., v. Block, 786 F.2d 751, 757 (CA6, 1986) ( "a rule required to be published which is not published is void, and may not be enforced against a non-complying party," and cases cited.).

Respondent is in error in positing that  "[N]o justiciable error has been alleged in the petition with respect to the Commissioner's determination set forth in the notices of deficiency and

no facts in support of any such error are apparent therein." In reply, Petitioner states, as is more fully set forth an developed herein, that Petitioner's Petition does se forth specific justiciable allegations of error and of supporting facts to permit this Court to grant Petitioner's Petition and to deny Respondent's motion.

Respondent has erred given that Petitioner has shown vis-a-vis this Amended Petition and Petitioner's Motion to Amend that it is beyond doubt that Petitioner has not had any income for any of the tax years 2003, 2004, or 2005. Thus, having presented a justiciable controversy in that with no income that can legally be imputed to Petitioner, there cannot, therefore, be any income tax deficiency that could conceivably give rise to any income tax deficiency liability.

Petitioner could not filed this petition "as a protest to paying income taxes," since in the absence of any income that can legally be imputed to Petitioner, there cannot, therefore, be any income tax deficiency that could conceivably give rise to any income tax deficiency liability. Thus, Petitioner's action does not fall within the conduct proscribed in I.R.C. § 6673, given that petitioner has advanced multiple legitimate claims in Petitioner's Petition as is fully set forth and documented herein.

In *Ficalora v. C.I.R.* 751 F.2d 85 (CA2, 1984), a tax protestor, in contrast to this case a Respondent's protestor case, the Second Circuit set forth the statutory authority to impose an income tax on individuals and the definition of taxable income. The Court held that:

Section 1 of the Internal Revenue Code of 1954 (26 U.S.C.) (hereinafter the Code) provides in plain, clear and precise language that "[t]here is hereby imposed on the taxable [*"...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" ]*of every individual ... a tax determined in accordance with" tables set-out later in the statute. In equally clear language, Section 63 of the Code defines taxable income as "gross income, minus the

deductions allowed by this chapter ...", gross income, in turn, is defined in Section 61 of the Code as "all income from whatever source derived, including (but not limited to)," (11) pensions. .

Thus, given that, as is more fully developed herein, that Petitioner has never had "... a tax determined [by Respondent in accordance with" tables set-out later in the statute, " id, there cannot be, therefor, any income derive from Petitioner's "pension" upon which an income or income deficiency could be laid.

The Court in *Ficalora*, id, went on to hold that:

> The constitutionality of Congress' enactment of tax penalties, such as ss 6651(a)(1) and 6653(a)(1), has been upheld by the Supreme Court. See Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938); Oceanic Steamship Navigation Co. v. Stranahan, 214 U.S. 320, 339, 29 S.Ct. 671, 676, 53 L.Ed. 1013 (1909). These sections, on their face, by their clear language, impose additions to tax on the appellant for failing to file a proper return and for failing to make timely payment *of his income tax due*

Given that Respondent has not shown that Petitioner has not shown nor been able to overcome the great weight of the body of applicable law set forth herein that Petitioner does not have an "*income tax due*," and that Petitioner has conclusively shown "justiciable error" on the part of Respondent, the conduct provided for in section 6673 is not applicable here. Rather, it is Respondent who should have sanctions imposed for raising groundless and illegal positions.

26 U.S.C. § 7491 provides that:

> (a) BURDEN SHIFTS WHERE TAXPAYER PRODUCES CREDIBLE EVIDENCE. — (1) General rule. If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

> (2) LIMITATIONS. — Paragraph (1) shall apply with respect to an issue only if —

(A) the taxpayer has complied with the requirements under this title to substantiate any item;

Petitioner has introduced "... credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B,...". For example, petitioner has shown by credible and admissible evidence that the IRS: May 19, 1999, Notice of Levy completely divested petitioner of even a scintilla of income since complete dominion and control of petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement payments was denied to P]etitioner because of the seizure of this property by the Commissioner. Thus, given that the "...factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, " has been successfully refuted by petitioner vis-a-via the IRS May 19, 1999, Notice of Levy and the IRS's receipt of the levied and seized the GM/UAW ERISA qualified Supplemental Hourly Pension Plan agreement payments petitioner has presented "... credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B,..." thereby resulting in a justiciable controversy.

Under 26 U.S.C. § 7491( c ) "[N]otwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." Based upon the foregoing applicable law and facts "the Secretary [has failed] the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." Thus, given that Petitioner has advanced legitimate claims in his petition, petitioners clams are endowed with merit. Accordingly, dismissal under T.C. rule 52 is inappropriate.

## Legal Definition of Deficiency

Finally, and more importantly, the Commissioner erred in determining a deficiency based on

the legal definition of a deficiency by the Commissioner, 26 C.F.R. § 301.**6211-1 defines deficiency**

**as**

> (a) In the case of the income tax imposed by subtitle A of the Code, the estate tax imposed by chapter 11, subtitle B, of the Code, the gift tax imposed by chapter 12, subtitle B, of the Code, and any excise tax imposed by chapter 41, 42, 43, or 44 of the Code, the term ``deficiency" means the excess of the tax, (income, estate, gift, or excise tax as the case may be) over the sum of the amount shown as such tax by the taxpayer upon his return and the amounts previously assessed (or collected without assessment) as a deficiency; but such sum shall first be reduced by the amount of rebates made. If no return is made, or if the return (except a return of income tax pursuant to sec. 6014) does not show any tax, for the purpose of the definition ``the amount shown as the tax by the taxpayer upon his return" shall be considered as zero. Accordingly, in any such case, if no deficiencies with respect to the tax have been assessed, or collected without assessment, and no rebates with respect to the tax have been made, the deficiency is the amount of the *["...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" [that he would keep [that is the] tax imposed by subtitle A,* the estate tax imposed by chapter 11, the gift tax imposed by chapter 12, or any excise tax imposed by chapter 41, 42, 43, or 44. Any amount shown as additional tax on an ``amended

> return," so-called (other than amounts of additional tax which such return clearly indicates the taxpayer is protesting rather than admitting) filed after the due date of the return, shall be treated as an amount shown by the taxpayer ``upon his return" for purposes of computing the amount of a deficiency. (b) For purposes of the definition, the income tax imposed by subtitle A and the income tax shown on the return shall both be determined without regard to the credit provided in section 31 for income tax withheld at the source and without regard to so much of the credit provided in section 32 for income taxes withheld at the source as exceeds 2 percent of the interest on tax-free covenant bonds described in section 1451. Payments on account of estimated income tax, like other payments of tax by the taxpayer, shall likewise be disregarded in the determination of a deficiency. Any credit resulting from the collection of amounts assessed under section 6851 or 6852 as the result of a termination assessment shall not be taken into account in determining a deficiency. © The computation by the Internal Revenue Service, pursuant to section 6014, of the income tax imposed by

subtitle A shall be considered as having been made by the taxpayer and the tax so computed shall be considered as the tax shown by the taxpayer upon his return. (Bold an italics added by petitioner).

Under this regulation there does not exist any deficiency that consists of *["...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" ]that he would keep [that is the] tax imposed by subtitle A.", id* . For example, 26 C.F.R. § 301.6211-1, in relevant part, provides that "[I]n the case of the income tax imposed by subtitle A of the Code,...... the term ``deficiency'' means the excess of the tax, (income, estate, gift, or excise tax as the case may be) over the sum of the amount shown as such tax by the taxpayer upon his return and the amounts previously assessed (or collected without assessment) as a deficiency.' However, where as here no return has been filed ``the amount shown as the tax by the taxpayer upon his return'' shall be considered as zero. Accordingly, in any such case, if no deficiencies with respect to the tax have been assessed, or collected without assessment, and no rebates with respect to the tax have been made, the deficiency is the amount of the income tax imposed by subtitle A." Respondent has claimed that the income tax has been imposed against Petitioner under section 61 a section that is contained in "subtitle A." Thus, ..."the deficiency is the amount of the *["...undeniable accession to wealth, clearly realized, and over which the [petitioner has] complete dominion," and which petitioner had any "guarantee" that he is guaranteed that he would keep is the]* tax imposed by...," section 61. Given that the definition of deficiency "...is the amount of the income tax imposed by ..," section and given that based upon the above definition of income, there cannot, be, therefore, any deficiency. Thus, since there is no deficiency the determination by the Commissioner of a

deficiency is nothing more than wishful and erroneous thinking on the part of Respondent.

KK.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, the Commissioner determined that petitioner received unreported income where the evidentiary foundation inextricably linking anybody to the GM/UAW ERISA and IRC qualified pension plan payments and social security payments, the alleged income producing activity, or to introduce evidence demonstrating that the only one who received any unreported income, is the Commissioner given that the definition of an unrestrictive control and dominion of the GM/UAW ERISA and IRC qualified pension plan payments and social security payments by the Commissioner is the only income involved here and it is this income that is the income that has been receipted by the Commissioner based on the Commissioner's May 19, 1999, Notice of Levy and the transfer of those funds from General Motors Corporation to the Commissioner/Respondent/Secretary. In short, it is the Commissioner/Respondent/Secretary who is the only one who has received any income and it is the Commissioner/Respondent/Secretary who is in receipt of that income - the GM/UAW ERISA and IRC qualified pension plan payments and social security payments.

LL.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof

is on the Commissioner. For example, the Commissioner's Form 1 instructions inform petitioner that petitioner should not "...**submit tax forms, receipts, or other types of evidence with this petition.**" This instruction conflicts with the instructions on each of the four (4) Notices of deficiency which provides that petitioner should "[A]ttach a copy of this letter to the petitioner." Given that each of the three (3) Notices of Deficiency post-dates the tax form instructions, petitioner will follow the instructions on each of the three (3) Notices of Deficiency. Petitioner has, therefore, attached each of the three (3) Notices of Deficiency to this proposed Amended Tax Court Petition. Exhibits "A", "B", and ""C".

MM.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner. For example, the Commissioner/Respondent/Secretary has impliedly consented to the "credible evidence" - the Commissioner/Respondent/Secretary May 19, 1999, Notice of Levy that the Commissioner/Respondent/Secretary has guaranteed to himself that the the GM/UAW ERISA and IRC qualified pension plan payments and social security payments, the property that Commissioner/Respondent/Secretary has completely and totally seized to offset the income that is strictly and completely incurred by Commissioner/Respondent/Secretary, could not have been incurred by petitioner given that the Commissioner/Respondent/Secretary has complete dominion and control over the GM/UAW ERISA and IRC qualified pension plan payments and social security payments as a result of the Commissioner/Respondent/Secretary's seizure devise called the IRS May 19, 1999, Notice of Levy. Thus, given that the Commissioner/Respondent/Secretary has

petitioner's GM/UAW ERISA and IRC qualified pension plan payments and social security payments and yet "...determined that there is a deficiency (increase) in [petitioner's] income tax as shown above," when it is only Commissioner/Respondent/Secretary and not petitioner who had any accession to wealth..

NN.  The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability." The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner." For example, the Commissioner has erred when the commissioner "...determined that there is a deficiency (increase) in [petitioner's] income tax as shown above," when this determination is yet another diatribe of protests by the Commissioner/Respondent/Secretary designed to take property from petitioner for public use without just compensation while denying to petitioner any and all control and dominion over petitioner's GM/UAW ERISA and IRC qualified pension plan payments and social security payments while guaranteeing to itself - the Commissioner/Respondent/Secretary's - complete dominion and control over those GM/UAW ERISA and IRC qualified pension plan payments and social security payments., payments which petitioner did not receive and that he was prohibited from receiving vis-a-vis the Commissioner/Respondent/Secretary's May 19, 1999, Notice of Levy which is "credible evidence." *Commissioner v. First Security,* 405 U.S. 394 (19720 ("We know of no decision of this Court where a person has been found to have taxable income that he did not receive and that he was prohibited from receiving."). Given that Commissioner/Respondent/Secretary has complete dominion and complete control over petitioner's GM/UAW ERISA and IRC qualified pension plan payments and

social security payments and given that this is a guarantee of "accession to wealth" to Commissioner/Respondent/Secretary to the exclusion of petitioner that petitioner "...did not receive and that he was prohibited from receiving,", id, the Commissioner/Respondent/Secretary became the owner of the GM/UAW ERISA and IRC qualified pension plan payments and social security payments vis-a-vis the Commissioner/Respondent/Secretary's May 19, 1999, Notice of Levy. Accordingly, the Commissioner/Respondent/Secretary erred when the Commissioner/Respondent/Secretary "...determined that there is a deficiency (increase) in [petitioner's] income tax as shown above,"

OO.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability." The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner." For example, the fact is that petitioner was prohibited from receiving the GM/UAW ERISA and IRC qualified pension plan payments and social security payments because the IRS May 19, 1999, Notice of Levy was a seizure devise that goes to the issue of control under section 61(a). In other words, it makes all of the difference that the seizure device, the IRS May 19, 1999, Notice of Levy, controlled the GM/UAW ERISA and IRC qualified pension plan payments and social security payments and it is this same seizure device that denied control of the GM/UAW ERISA and IRC qualified pension plan payments and social security payments and gave control over this property to Commissioner/Respondent/Secretary. Thus, given that petitioner could never have received the GM/UAW ERISA and IRC qualified pension plan payments and social security

payments in the first place because of the absolute bar of actual and constructive receipt by petitioner, petitioner could not have "...been found to have taxable income that [petitioner] did not receive and that he was prohibited from receiving." 405 U.S. at 403, 92 S.Ct. At 1091; Bank of Coushatta v. United States, 650 F.2d 75 (CA5, 1981), citing First Security, id. The erroneous, invalid, arbitrary and capricious assignment of income by Commissioner/Respondent/Secretary to petitioner does not require that petitioner be taxed on income that he did not receive and that he was prohibited from receiving . Thus, the question is not whether the GM/UAW ERISA and IRC qualified pension plan payments and social security payments seized by Commissioner/Respondent/Secretary is gross income; the question is whose gross income is it? The Commissioner/Respondent/Secretary erred in determining that it is petitioner's. *Commissioner v. First Security,* 405 U.S. 394 (19720 ("We know of no decision of this Court where a person has been found to have taxable income that he did not receive and that he was prohibited from receiving.").

PP.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability."The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner." For example, given that the question is not whether the GM/UAW ERISA and IRC qualified pension plan payments and social security payments seized by Commissioner/Respondent/Secretary is gross income but rather that the question is whose gross income it is, the Commissioner erred in determining that the GM/UAW ERISA and IRC qualified pension plan payments and social security payments seized by Commissioner/Respondent/Secretary is gross income does not meet the Glenshaw Glass

standard of "undeniable accessions to wealth, clearly .realized, and over which the [petitioner has] complete dominion." 348 U.S. at 432. Regardless of the vagaries of a Notice of Levy the Internal Revenue Code, Regulations and well and long applicable case law provide that once a seizure takes place vis-a-vis a Notice of Levy the recipient of the proceeds of that Notice of Levy - here the GM/UAW ERISA and IRC qualified pension plan payments and social security payments - the wealth embodied in that property is not enjoyed by petitioner but rather is enjoyed by the Commissioner/Respondent/Secretary being the one who clearly realizes the amount of the seized GM/UAW ERISA and IRC qualified pension plan payments and social security payments. It is then that the Commissioner/Respondent/Secretary has complete dominion over the seized GM/UAW ERISA and IRC qualified pension plan payments and social security payments. Thus, Commissioner/Respondent/Secretary erred in determining that petitioner had "undeniable accessions to wealth, clearly .realized, and over which the [petitioner has] complete dominion." 348 U.S. at 432, when the Commissioner/Respondent/Secretary seized the GM/UAW ERISA and IRC qualified pension plan payments and social security payments. *Commissioner v. First Security,* 405 U.S. 394 (19720 ("We know of no decision of this Court where a person has been found to have taxable income that he did not receive and that he was prohibited from receiving.").

QQ.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liability." The assignments of error includes issues of in respect of which the burden of proof is on the Commissioner." For example, one of the underlying reasons as t why the

aCommssioer erroneously determined an income tax deficiency against petitioner, while knowing full well that the definition of income - "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion,"- could not have been attributable to petitioner given that the Commissioner/Respondent/Secretary determined that the GM/UAW ERISA and IRC qualified pension plan payments and social security was property for purposes of the definition of income - "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion," Thus, when the Commissioner/Respondent/Secretary determined that the GM/UAW ERISA and IRC qualified pension plan payments and social security was property for purposes of the definition of income - an "...undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion," and then denied any guarantee of attribution to petitioner of any and control or constructive receipt over the - "...undeniable accessions to wealth, clearly realized, and over which the [petitioner was denied] complete dominion," vis-a-vis the IRS May 19, 1999, Notice of Levy - the seizure instrument - the Commissioner/Respondent/Secretary denied to petitioner an "...undeniable accessions to wealth, clearly realized, and over which the the [petitioner was denied] complete dominion."

When Respondent levied on Petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement, those funds had to first be "...subject to the [May 19, 1999 notice of] levy..". I.R.C. 6332(a) only requires the possessor of the property [that is] subject to the levy to surrender it to the IRS....." LaRosa International v. United States, 499 F.3d 1324 ( Fed. Cir. 2007), cert denied. 2008 U.S. LEXIS 4564 (June 2, 2008).

of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as

it did in 29 U.S.C. § 1202( c ) with §§ 410(a), 411 and 412 of the I.R.C. We thus refuse to read  §

401 as applicable to ERISA."

      At fn9 of Reklau, id, the Seventh Circuit stated, in quoting 29 U.S.C. § 1202( c ), that:

As we previously noted, Title 29 , . § 1202( c ) clearly states that §§ 410(a), 411 and 412 of
Title 26 are applicable to ERISA:

> Regulations prescribed by the Secretary of Treasury under sections §§ 410(a), 411
> and 412 of Title 26 (relating to minimum participation standards, minimum vesting
> standards, and minimum funding standards respectively) shall also apply to the
> Minimum participation, vesting, and funding standards set forth in parts 2 and 3 of
> subtitle B of subchapter I of this chapter.

*Bilello v. J.P. Morgan Retirement Plan*, 2009 WL 1108576, (U.S.D.C.S.D. of New York) ("Stamper

and Reklau both noted that '*had Congress intended that § 401 [ and thus, 26 .C.F.R. § 1.401(a)-13(b)

(1), (2) given that this regulation is promulgated under § 401] of the I.R.C. be applicable to ERISA,

it would have so stated in clear and unambiguous language, as it did in ERISA § 3003©), 29 U.S.C.

§ 1202( c ), with §§ 410(a0, 411 and 412 of I.R.C..' Rekalu, 808 F.2d at 631; Stamper, 188 F.3d at

1238 (quoting Reklau).", citing *Stamper v. Total Petroleum, Inc.*, 188 F.3d 1233, 1238 (CA10, 1999)

("There is no basis, under . . . ERISA, to find that the provisions of [26 U.S.C.] § 401--which relate

solely to the criteria for tax qualification under the Internal Revenue Code--are imposed on pension

plans by the substantive terms of ERISA. We are convinced that had Congress intended that § 401

of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as

it did in 29 U.S.C. § 1202© with §§ 410(a), 411 and 412 of the I.R.C. We thus refuse to read §

401(a) of the I.R.C. as applicable to ERISA. *Reklau v. Merchants Nat'l Corp.*, 808 F.2d 628, 631 (7th

Cir. 1986) (internal citation, quotation, and footnote omitted); *see also West v. Clarke Murphy, Jr.*

*Self Employed Pension Plan*, 99 F.3d 166, 169 (4th Cir. 1996) (discussing Reklau with approval and

observing that § 401 of the Internal Revenue Code does not modify ERISA)."); *Eaton v. Onan Corp*,

116 F.Supp. 2d 812 (S.D.Ind. 2000) ("Defendants rely on the seventh Circuit's holding in *Reklau v. Merchants National Corporation*, 808 F.2d 628 (CA7, 1986) , in which the court found that 26 U.S.C. § 401and the Treasury Regulations promulgated [under 26 U.S.C. § 401] were not enforceable by plan participants through ERISA. The court recognized that Treasury Regulations promulgated under 26 U.S.C. §§ 410(a), 411 and 412 relating to minimum participation, vesting, and funding standards are enforceable through ERISA pursuant to 29 U.S.C. . § 1202( c ). However, the Court rejected the plaintiff's argument that, because § 401(a)(4) was 'coordinated' with § 411(d)(1), it and the Treasury Regulations promulgated thereunder should also be enforceable through ERISA. The Court explained that " had congress intended that § 401 of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as it did in 29 U.S.C. § 1202( c ) with §§ 410(a), 411 and 412 of the I.R.C.." The court also upheld the district court's finding 'that § 401 of the I.R.c. does not create substantive rights under ERISA that can be enforced by an individual in a private cause of action as a participant under a tax qualified pension plan,'Id. "). Thus, the issue here becomes one of whether 26 U.S.C. § 401 and 26 .C.F.R. § 1.401(a)-13(b) (1), a regulation that was promulgated under 26 U.S.C. § 401 is enforceable in regards to a levy under 26 U.S.C. § 6331. See General Motors Corporation v. Buha, 623 F.2d 455 (CA6, 1980), relying on 29 U.S.C. § 1202( c ).

Congress did not intend that 26 U.S.C. § 401 and the regulation promulgated under that section being 26 .C.F.R. § 1.401(a)-13(b) (1) is applicable to execute and enforce a levy on Petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement. Quoting again from Reklau, id that " had congress intended that § 401 of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as it did in 29 U.S.C. § 1202( c ) with §§

410(a), 411 and 412 of the I.R.C.." Thus, given that § 6332(a) of the I.R.C. only "requires the possessor of the property [that is allegedly] subject to the levy to surrender it to the Internal Revenue Service," *LaRosa's Inter., v. United States,* 499 F.3d 1324 ( Fed. Cir., 2007 ) cert denied 2008 U.S. LEXIS 4564 (June 2, 2008), and given that the ERISA qualified GM/UAW Supplemental Hourly Pension Plan agreement .is not subject to the IRS May 19, 1999, Notice of Levy based on the instructions to General Motors Corporation, instructions that contained within the four (4) corners of that Notice of levy and given that Congress expressed it's intent in 29 U.S.C. . § 1202( c ) that 26 U.S.C. § 401, and thus 26 .C.F.R. § 1.401(a)-13(b) (1) since that regulation was promulgated under 26 U.S.C. § 401, 26 .C.F.R. § 1.401(a)-13(b) (1) cannot stand for the Internal Revenue Service and General Motors Corporation to levy on Petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement. Thus, given all of the above, it is clear that the agents and/or employees of the Commissioner . have joined hands and minds with General Motors Corporation and the IRS in a criminal conspiracy to violate Petitioner's Constitutional right under the Taking-Without-Just-Compensation Clause of the Fifth Amendment

Moreover, in the course of IRS. having joined hands and minds with General Motors Corporation in a criminal conspiracy to violate Petitioner's Constitutional right under the Taking-Without-Just-Compensation Clause of the Fifth Amendment vis-a-vis the illegal levy on Petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement, Respondent . has exercised complete, unfettered dominion and control for over ten (10) years. It is this completely unfettered dominion and control for over ten (10) years of the illegal levy on Petitioner's interest in the GM/UAW Supplemental Hourly Pension Plan agreement that has resulted in no income to Petitioner's

He who possess "attributes of ownership" - such as is the case here - "control"- is the owner

of the income and it is the owner of this income that incurs the tax liability on that income. For

example, in the case of *Paster v. Commissioner*, 245 F.2d 381 (CA8, 1957), the Court held that:

> In view of the rules in the preceding paragraph and of the very broad scope given, in the various revenue acts (here section 22(a) of the 1936 Act, 26 U.S.C.A. Int. Rev. Code § 22(a), to the definition of gross income subject to taxation, the Supreme Court has stated general criterion there has to do with possession of attributes of ownership by the taxpayer - such as control by (Harrison v. Schaffner, 312 U.S. 579, 580, 61 S.Ct. 759, 85 L.Ed. 1055: Helvering v. Horst, 311 U.S. 112, 119, 61 S.Ct. 144, 95 L.Ed. 75, 131 A.L.r. 655; Helvering v.Clifford, 309 U.S. 331, 335, 60 S.Ct. 554, 84 L.Ed. 788' corliss v. Bosers, 281 .S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916) or benefits to him (Helvering v. Horst, 311 U.S. 112, 119, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.r. 655; Douglas v. Willcuts, 296 U.S. 1, 9, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391.***

Here, given that Petitioner never had any control over the GM/UAW Supplemental Hourly

Pension Plan agreement payments and that these payments went straight to the IRS while they were

in a pay out status, and given that the IRS May 19, 1999, Notice of Levy placed a restriction on that

property resulting in the interception of those from General Motors Corporation directly to the

I.R.S.., that property - the GM/UAW Supplemental Hourly Pension Plan agreement payments - not

only never became property of the estate under applicable ERISA provisions, that property never

became income to Petitioner since none of the indices of income - "...undeniable accessions to

wealth, clearly realized, and over which the taxpayers have complete dominion," - can be attributable

to Petitioner. While granted that the property might not arguably have been owned by General

Motors Corporation, it most certainly was owned by the IRS at the time of each and every monthly

seizure.

Further, the credible and admissible evidence that clearly and unambiguously evidences that

the  GM/UAW Supplemental Hourly Pension Plan agreement payments the IRS has thus reduced

the alleged federal income tax liability in the exact same amounts levied denied to petitioner any

ownership rights to the GM/UAW Supplemental Hourly Pension Plan agreement payments and

transferred nay ownership rights to Commissioner/Respondent/Secretary. On this point, there is no

dispute here as to the IRS's ownership of the GM/UAW Supplemental Hourly Pension Plan

agreement payments, *Rosenbaum v. United States* 323 U.S. 658 , 662, 65 S.Ct. 536, 89 L.Ed. 535

(-----) is controlling. See also, Stead v. United States 419 F.3d 944, 947-48 (CA9, 2005) 26 C.F.R.

§ 1.411(a)-7(a)(1)(ii), 1.411(c)-1(e)(1). (These regulations, though issued under a tax statute, also

apply to the cognate portions of ERISA as a result of a delegation from the Department of Labor to

the Department of the Treasury. See 29 U.S.C. §1202©; 29 C.F.R. §2530.200a-2; Reorganization

Plan No. 4 of 1978, §101, 43 Fed. Reg. 47713.)"). Thus, since 26 U.S.C. § 401 and 26 .C.F.R. §

1,401(a)-13(b) (1), (2) has been explicitly excluded from the cognate portions of ERISA, 29 U.S.C.

§1202( c ), 26 .C.F.R. § 1,401(a)-13(b) (1), (2) does not authorize a levy on Petitioner's interest in

the GM/UAW Supplemental Hourly Pension Plan agreement payments.

Here, it is the issuance of the Notice of Levy that transferred ownership of those funds to the

IRS. When the IRS "...collects on the property of the taxpayer." (" ,,,the IRS ordinarily does not

take title to a levied upon property until the government reaps the proceeds of a tax sale *or otherwise*

*collects on the property of the taxpayer.* Id *In re Challenge Air Int'l, Inc.*, 952 F.2d 384, 386-87

(11th Cir. 1992). This framework applies to cash and cash equivalents. See id. at 387; see also

Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 21, 133 L. Ed. 2d 258, 116 S. Ct. 286 (1995)."). Here,

each and every month when General Motors Corporation actually levied on Petitioner's interest in

the GM/UAW Supplemental Hourly Pension Plan agreement payments ownership of those ERISA

qualified pension plan payments those continuing payments were transferred to the IRS, thereby

denying to petitioner and granting to Commissioner all ownership rights to the GM/UAW ERISA

and IRC qualified pension plan payments and social security payments.

Similarly, in *James v. United States*, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed. 833 and it's

progeny, the James Court held that:

> The starting point in all cases dealing with question of the scope of what is included in 'gross income' begins with the basic premise that the purpose of congress was 'to use the full measure of its taxing power. * * * And the Court has given a liberal construction to the broad phraseology of the 'gross income' definition statues in recognition of the intention of Congress to tax all gains except those specifically exempted. * * * The language of § 22(a) of the 1939 code, gains or profits and income derived from any source whatever,' and the more simplified language of § 61(a) of the 1954 Code, 'all income from whatever source derived.' have been held to encompass all 'accessions to wealth, clearly realized, and over which the taxpayer have complete dominion.' * * * A gain 'constitutes taxable income when its recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it.' ( Citations omitted.) * * *'

Here, the it is the GM/UAW ERISA and IRC qualified pension plan payments and social

security payments that encompass all "accessions to wealth, clearly realized, and over which the

[Commisioner has] complete dominion," and over which the Commissioner/Respondent/Secretary

has guaranteed that these funds can never be attributable to petitioner as "accessions to wealth,

clearly realized, and over which the [ petitioner has] complete dominion." Thus, the Commissioner

erred in its determination that petitioner had "accessions to wealth, clearly realized, and over which

the [ petitioner  has] complete dominion,"

Similarly, in a case citing James, id, the Court in C.I.R. v. Banks, 543 U.S. 426 (2005), held

that:

> In an ordinary case attribution of income is resolved by asking whether a taxpayer exercises complete dominion over the income in question. Glenshaw Glass Co., supra, at 431, 99 L. Ed. 2d 483, 75 S. Ct. 473; see also Commissioner v. *Indianapolis Power & Light Co.*, 493 U.S. 203, 209, 107 L. Ed. 2d 591, 110 S. Ct. 589 (1990); Commissioner v. First Security Bank of Utah, N. A., 405 U.S. 394, 403, 31 L. Ed. 2d 318, 92 S. Ct. 1085 (1972).

In the context of assignment by levy , in this case the IRS May 19, 1999, Notice of Levy, the

Petitioner did not have dominion over the income at the moment of receipt based upon the Notice

of Levy. In that instance the question becomes whether the Respondent retains dominion over the

pension plan payments , because the Respondent "who owns or controls the source of the income,

also controls the disposition of that which he could have received himself and diverts the payment

from himself to others as the means of procuring the satisfaction of his wants." *Horst*, supra, at 116-

117, 85 L. Ed. 75, 61 S. Ct. 144. See also Lucas, supra, at 114-115, 74 L. Ed. 731, 50 S. Ct. 241;

Helvering v. Eubank, 311 U.S. 122, 124-125, 85 L. Ed. 81, 61 S. Ct. 149, 1940-2 C.B. 209 (1940);

Sunnen, supra, at 604, 92 L. Ed. 898, 68 S. Ct. 715. Looking to control over the income-generating

asset, then, preserves the principle that income should be taxed to the party who earns the income

and enjoys the consequent benefits. Baum v. United States, 1975 WL 601 (S.D.N.Y. 1975) ("Upon

service of a notice of levy the 'effects a seizure that is tantamount to a transfer of ownership' citing

*U.S. v. Pittman*, 449 F.2d 623, 626 (CA7, 1971) ("The levy therefore gave the United States full

legal right to the [property] levied upon as against the claim of the petitioner receiver.' *Phelps v.*

*United States,* 421 U.S. 330.").

Similarly, in *Brewer v. United States*, 1991 WL 338331 (S.D.N.Y., 1991), the Court held that

The government contends, however, that title to intangible property such as cash or cash
equivalents passes when the notice of levy is served. "Notice of levy and demand are
equivalent to seizure." Phelps v. United States [75-1 USTC § 9467], 421 U.S. 330, 337
(1975). Under the Government's scenario, because the levy was made on Mr. Brewer's
benefits held by the Union on February 21, 1990, title passed to the Government at that time.
We agree with the Government's position. "In the situation where a taxpayer's property is
held by another, a notice of levy upon the custodian...give the IRS the right to all property
levied upon, and creates a custodial relationship between the person holding the property and
[the] IRS so that the property comes into the constructive possession of the Government."
United States v. National Bank of Commerce [85-2 USTC § 94821, 472 U.S. 713, 720
(1985) (citations omitted). Here, the government acquired the right to the funds held for Mr

Brewer's benefit at the Iron Workers' Union prior to the filing of the complaint.

*In re Reese* 14 B.R. 113 (Bkrtcy., N.Y. 1981) (" A levy effects a seizure of the delinquent taxpayer's property, *United States v. Sullivan*, (3rd.) 333 F.2d 100. Having seized the property prior to the filing of the taxpayer's petition fo relief under Chapter 7, the United States acquired full legal right to the funds as against the trustee in bankruptcy. *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201. The $2,173.74 in question should be turned over to the United States and it is so ordered."). Same *Chevron, U.S.A., Inc. V. United States*, 705 F.2d 1487 (CA9, 1983).").

Similarly, in American Acceptance Corp v. Glendora, 550 F. 2d 1220 (CA9, 1977) the Ninth circuit held that:

> The Supreme Court recently analyzed the effect of a notice of levy in *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975). When faced with competing claims of the IRS and a receiver in bankruptcy, it held that the IRS's notice of levy served before bankruptcy gave the IRS' full legal right' to the money as against the receiver's claim. Id. at 337, 95 S.Ct. 1728. It further held that 'actual possession' of the money was not necessary because 'Historically, service of notice has been sufficient to seize a debt, and notice of levy and demand are equivalent to seizure.' Id. at 336-37, 95 S.Ct. At 1732 (citations omitted). Accord, United States v. Pittman, 449 F.2d 623, 627 )7 cir. 1971); United States v. Eiland, 223 F.2d 118, 123-24 (4 Cir. 1955).

Here, the Notice of Levy was served on the General Motors Corporation immediately after its issuance on May 19, 1999. ERISA's non-alien ability provisions prevent both voluntary and involuntary encroachments on vested benefits being a part of the GM/UAW Supplemental Pension. Plan. *In re Moore*, 907 F.2d 1476 (CA4, 1990) (" ERISA's non-alien ability provisions prevent both voluntary and involuntary encroachments on vested benefits. General Motors Corp. v. Buha, 623 F.2d 455, 460 (6th Cir.1980). Thus, neither plan participants nor general creditors may reach benefits under an ERISA-qualified profit-sharing and pension fund. See *Smith v. Mirman*, 749 F.2d at 183

(with narrow exceptions not relevant here, "an employees's accrued benefits under a qualified plan may not be reached by judicial process in aid of a third party creditor"); see also *Tenneco, Inc. v. First Virginia Bank of Tidewater,* 698 F.2d 688, 689-90 (4th Cir.1983); Seiden, supra, 61 Am.Bankr.L.J. at 242 ("ERISA-required plan provisions prohibiting assignment and alienation are enforceable under nonbankruptcy law against participants and their creditors."). Appellant's position would provide creditors with a means to circumvent this restriction on their access. We see no evidence that Congress intended to invite a creditor to push a debtor into involuntary bankruptcy in order to reach his ERISA funds."). Accordingly, the Commissioner erred in determining that petitioner received an immediate economic benefit at the time the funds were levied equal to the amount of petitioner's tax liabilities within the meaning of I.R.C. § 61.

RR.    The "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency [and] liabilityassignaments of error includes issues of in respect of which the burden of proof is on the Commissioner." For example, the term "income" is not ambiguous, but rather has a well-defined meaning and common usage within the framework of the Internal Revenue Code, the Treasury Regulations, and well-established and applicable case law. The Courts have recognized that words in a revenue act interpreted in their "ordinary, everyday senses.' *Comm'r v. Soliman,* 506 U.S. 168, 174, 113 S.Ct. 701, 121 L.Ed.2d 634 (1993) (quoting *Mlat v. Riddell,* 383 U.S. 569, 571 (1966) (quoting *Crane. V. Comm'r* 331 U.S. U.S. 1 (1947); see alos Helvering v. Horst, 311 U.S. 112, 118 (1940) ("Commonunderstanding and experience ae the touchstones for the

interpetation of revenue laws."). Here, the Respondent has presented no compelling argument that the language of "undeniable accessions to wealth, clearly .realized, and over which the [respondent has] complete dominion," is contrary to the common understanding and natural and plain meaning of the word income. Respondent defies the long and well-established meaning of income as judicially created

and in section 61(a) and section 1.61-2(a)(1) of Respondent's Tax Regulations.

Respondent's litigation position as to the common understanding of income denies that the the GM/UAW ERISA and IRC qualified pension plan payments and social security payments is not income. *United States v. Burke*, 504 U.S. 229, 233 (1992) ("The definition of gros income under the Internal Revenue Code sweeps broadly. See I.R.C. § 61(a) ("gross income means all income from whatever source derived," subject only to exclusions specifically enumerated elsewhere in the Internal Revenue Code); *United States v. Burke* , 504 U.S. 229, 233 (1992) ("The definition of gross income under the Internal Revenue Code sweeps broadly . . . ." (citing § 61(a)). This expansive description, using "sweeping term[inology]" reflects Congress's "obvious purpose to tax income comprehensively," *Comm'r v. Jacobson* , 336 U.S. 28, 49 (1949), using "'the full measure of its taxing power' . . . to bring within the definition of income 'any accessio[n] to wealth.'" *Burke* , 504 U.S. at 233 (quoting *Helvering v. Clifford* , 309 U.S. 331, 334 (1940) and *Comm'r v. Glenshaw Glass Co.* , 348 U.S. 426, 431 (1955), respectively (alteration in *Burke* )).

Finally, and more importantly Congress has spoken and it has not excluded the application of section 6334(a) to Respondent given the proviso that the "...undeniable accessions to wealth, clearly realized, and over which the [ Respondent has] have complete dominion," applies here and

that this being a provision that applies exclusively to Respondent and does not conflict of with the provisions of 6334(a) or any other law of the United States, it is Respondent who is liable for any income tax liability or deficiency liability and not Respondent base on the arguments provided herein. Accordiingly, while petitioner has multiple justiciable errors on the part of respondent, petitioner has, therefore, presented a claim upon which this Court has jurisdiction to resolve. .

For the foregoing, petitioner prays that this Court redetermine Respondent's alleged income tax deficiency liability and redetermine that no: (1) income tax liability deficiency exists; (2) penalty, addition to tax, or additional amount imposed by the Commissioner; and (3) that petitioner is not entitled to claim or any claim be imputed to petitioner that petitioner is entitled to any allowances, exemptions or deductions.

_Walter J. Lawrence,_
Petitioner in pro per

ENCLOSURES: Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☒     A copy of the Determination or Notice the IRS issued to you.
☐     A (Statement of Taxpayer Identification Number (Form 4) ( See PRIVACY NOTICE below)
☐     The request for Place of Trial (Form 5)     ☐  The filing fee

PRIVACY NOTICE: /Form 4) ( Statement of Taxpayer Identification Number) will not be part of the Court's public files. All other documents filed with the Court, including this Petition and IRS Notice that yo enclose with this Petition, will become part of the Court's public files. To protect your privacy, you are strongly encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., yur Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case File". Available at www.ustaxcourt.gov.

_Walt J. Lawn_    10-14-19        (269) 838-5076
SIGNATURE OF PETITIONER    DATE        (AREA CODE) TELEPHONE NO.

MAILING ADDRESS                CITY, STATE, ZIP CODE
#103
2609 N. Forest Ridge Blvd
Hernando, FL                Page 51 of 52
34442

State of legal residence (if different frm the mailing address)

_____N /A_____

SIGNATURE OF ADDITIONAL PETITIONER

_____N /A_____

State of legal residence (if different frm the mailing address)

_____N /A_____

SIGNATURE, NAME, ADDRESS, TELEPHONE NO.. AND TAX COURT AR NO. OF
COUNSEL, IF RETAINED BY PETITIONER/(S).

**IRS** Department of the Treasury
Internal Revenue Service

Ogden, UT  84201-0040

Letter Number: 3219(SC/CG)
Letter Date:  May 29, 2009

Taxpayer Identification Number:
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

7112 7667 8555 2152 0497

Tax Form:  1040

Tax Year Ended and Deficiency
DECEMBER 31, 2003        $558.00

Contact Person:

WALTER J LAWRENCE
2609 N FOREST RIDGE BLVD BOX 103
HERNANDO, FL  34442-5123093

MS.GREEN        29-12033
Contact Telephone Number:
  1 866-899-9083
  (TOLL FREE NUMBER)
Hours to Call:

  7:00 AM TO 7:00 PM MON-FRI

Last Date to Petition Tax Court:
  August 27, 2009

Penalties/Additions to Tax
IRC Section  6651(a)(1)        $125.55
IRC Section  6651(a)(2)        $139.50

Dear Taxpayer:

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have until the Last Date to Petition Tax Court (90 days from the date of this letter or 150 days if the letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a redetermination of the amount of your tax. You can get a petition form and the rules for filing a petition from the Tax Court. You should file the petition with the United States Tax Court, 400 Second Street NW, Washington D.C. 20217. Attach a copy of this letter to the petition.

The time in which you must file a petition with the court (90 days or 150 days as the case may be) is fixed by law and the Court cannot consider your case if the petition is filed late. As required by law, separate notices are sent to spouses. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure, as well as a petition form you can use, by writing to the Clerk of the United States Tax Court at 400 Second Street, NW, Washington, D.C. 20217. You should write promptly if you intend to file a petition with the Tax Court.

If you decide not to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**IRS** Department of the Treasury
Internal Revenue Service

Ogden, UT  84201-0040

Letter Number: 3219(SC/CG)
Letter Date:  May 29, 2009

Taxpayer Identification Number:
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

7112 7667 8555 2152 0503

Tax Form:  1040

Tax Year Ended and Deficiency

DECEMBER 31, 2004        $548.00

WALTER J LAWRENCE
2609 N FOREST RIDGE BLVD BOX 103
HERNANDO, FL  34442-5123093

Contact Person:

MS.GREEN     29-12033
Contact Telephone Number:
1 866-899-9083
(TOLL FREE NUMBER)
Hours to Call:

7:00 AM TO 7:00 PM MON-FRI

Last Date to Petition Tax Court:
August 27, 2009

Penalties/Additions to Tax

IRC Section  6651(a)(1)                        $123.30
IRC Section  6651(a)(2)                        $131.52

Dear Taxpayer:

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have until the Last Date to Petition Tax Court (90 days from the date of this letter or 150 days if the letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a redetermination of the amount of your tax. You can get a petition form and the rules for filing a petition from the Tax Court. You should file the petition with the United States Tax Court, 400 Second Street NW, Washington D.C. 20217. Attach a copy of this letter to the petition.

The time in which you must file a petition with the court (90 days or 150 days as the case may be) is fixed by law and the Court cannot consider your case if the petition is filed late. As required by law, separate notices are sent to spouses. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure, as well as a petition form you can use, by writing to the Clerk of the United States Tax Court at 400 Second Street, NW, Washington, D.C. 20217. You should write promptly if you intend to file a petition with the Tax Court.

If you decide not to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**IRS** Department of the Treasury
Internal Revenue Service

Ogden, UT  84201-0040

Letter Number: 3219(SC/CG)
Letter Date:  July 1, 2009

Taxpayer Identification Number:
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

7112 7667 8555 2152 6697

Tax Form:  1040

Tax Year Ended and Deficiency

DECEMBER 31, 2005    $2,399.00

Contact Person:

WALTER J LAWRENCE
2609 N FOREST RIDGE BLVD BOX 103
HERNANDO, FL  34442-5123093

MS. GREEN    29-12033

Contact Telephone Number:
1 866-899-9083
(TOLL FREE NUMBER)
Hours to Call:

7:00 AM TO 7:00 PM MON-FRI

Last Date to Petition Tax Court:
September 29, 2009

Penalties/Additions to Tax

IRC Section 6651(a)(1)    $292.28
IRC Section 6651(a)(2)    $253.31

Dear Taxpayer:

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have until the Last Date to Petition Tax Court (90 days from the date of this letter or 150 days if the letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a redetermination of the amount of your tax. You can get a petition form and the rules for filing a petition from the Tax Court. You should file the petition with the United States Tax Court, 400 Second Street NW, Washington D.C. 20217. Attach a copy of this letter to the petition.

The time in which you must file a petition with the court (90 days or 150 days as the case may be) is fixed by law and the Court cannot consider your case if the petition is filed late. As required by law, separate notices are sent to spouses. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure, as well as a petition form you can use, by writing to the Clerk of the United States Tax Court at 400 Second Street, NW, Washington, D.C. 20217. You should write promptly if you intend to file a petition with the Tax Court.

If you decide not to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

# Notice of Levy

DATE: 04/19/1999

DISTRICT: Michigan

TELEPHONE NUMBER OF IRS OFFICE: (810)493-4540

REPLY TO:

INTERNAL REVENUE SERVICE
GARY R SNYDER  38-04082
GROUP 26
22500 HALL RD. - STE 102
CLINTON TWP, MI 48036

NAME AND ADDRESS OF TAXPAYER:

WALTER J LAWRENCE
23205 GRATIOT APT 188
EASTPOINTE, MI 48021-1541

TO:

GENERAL MOTORS CORPORATION
NBD BANK TRUSTEE
P.O. BOX 330222
DETROIT, MI 48232-6222

IDENTIFYING NUMBER(S): 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

LAWR

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1980 | 21199.79 | 14107.64 | 35307.43 |
| 1040 | 12/31/1981 | 38726.27 | 25903.66 | 64629.93 |
| 1040 | 12/31/1982 | 24736.99 | 2570.63 | 27307.62 |
| 1040 | 12/31/1983 | 62684.71 | 12640.20 | 75324.91 |
| 1040 | 12/31/1988 | 3933.44 | 3320.84 | 7254.28 |
| 1040 | 12/31/1989 | 3448.37 | 4862.96 | 8311.33 |
| 1040 | 12/31/1990 | 7109.23 | 8133.12 | 15242.35 |
| 1040 | 12/31/1991 | 5954.81 | 1384.82 | 7339.63 |
| 1040 | 12/31/1992 | 7808.55 | 1874.66 | 9683.21 |
| 1040 | 12/31/1993 | 6489.26 | 1603.95 | 8093.21 |
| 1040 | 12/31/1994 | 7515.38 | 1919.63 | 9435.01 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.

Total Amount Due ▶ 267928.91

We figured the interest and late payment penalty to ———— 05-19-1999

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative _____ Title

GARY R SNYDER                              REVENUE OFFICER

Part 2 - FOR TAXPAYER                      FORM 668-A(c) (DO) (Rev. 9-97) 15707



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

IN RE:

WALTER J. LAWRENCE,

         CASE NO.:    01-70047-TLH4

    Debtor

_____/

## ORDER DENYING DEBTORS MOTION TO STRIKE THE UNITED STATES' OBJECTIONS TO DEBTOR'S CLAIMED EXEMPTIONS

THIS CASE is before the Court on the Debtor's Motion to Strike the United States' Objections to Debtor's Claimed Exemptions (Docket Entry #20). The United States of America did not object to the Debtor's claimed exemptions. *See* Docket Entry #17, page 3, lines 16-17 and page 4, lines 2-3. The Debtor's exemptions claimed in Schedule C of his petition were automatically granted when there was no objection to those claimed exemptions within thirty days of the completion of the section 341 meeting of the creditors. Therefore, it is hereby

ORDERED AND ADJUDGED that the Debtor's motion to strike objections to his claimed exemptions is MOOT, and therefore is DENIED.

DONE AND ORDERED at Tallahassee, Florida this _____8TH_____ day of May, 2001.

Lewis M. Killian, Jr.
United States Bankruptcy Judge

CLERK

U.S. BANKRUPTCY COURT
Northern District of Florida
DATE ENTERED ON DOCKET
5/7/01

*Docket entry #1*

FORM 96C (600)

In re___WALTER J. LAWRENCE   S.S.#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___          Case No. 01-70047TLHE   *4 wJL*
                 Debtor          (If known)

## SECOND AMENDED

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

o   11 U.S.C.. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

o   11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1992 Chevrolet Van | F.S #222.25(1) ($1,000.00) plus Florida Constitution Article X Sec 4(A)(2) ($1,000.00) = | $2,000.00 | $2,000.00 |
| Debtor's interest in GM/UAW ERISA Qualified Pension Plan payments | 29 USC 1144(D) 11 USC 522 (d)(10)(E) F.S. 222.201 F.S. 222.21(2)(a) F.S. 222.20 | undetermined | " |
| Debtor's interest is excluded from property of the estate pursuant to 11 USC 541(a)(1), (c) (2). | | | |
| Social Security payments | 11 USC 522 (d)(10)(A) | " | " |
| Debtor's interest is excluded from property of the estate pursuant to 11 USC 541(a)(1), (c) (2). | | | |
| 32' Travel Trailer | F.S. 222.25 F.S. 222.20 Fla. Const. Article X Section 4(a)(1) F.S. 222.05 F.S. 222.01 | $4,000.00 | $4,000.00 |
| Life Insurance | F.S. 222.13 | $150,000.00 | $150,000.00 |

*I declare that this document ... are (1) sheet is true + correct to the ... with the penalties of ...*