Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
         f/k/a General Motors Corp., et al. :
                                          :
                          Debtors.        :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**NOTICE OF DEBTORS' OBJECTION TO PROOFS OF CLAIM**
**NOS. 04620 & 07291 FILED BY THERESA L. MARCHBANKS**

**PLEASE TAKE NOTICE** that on December 11, 2009, Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), filed their objection (the "**Objection**") to Proofs of

Claim Nos. 04620 and 07291 filed by Theresa L. Marchbanks (together, the "**Claims**"), and that

a hearing (the "**Hearing**") to consider the Debtors' Objection will be held before the Honorable

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **February 10, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv)

Theresa L. Marchbanks, 801 North Shortridge Road, Apt. B3, Indianapolis, Indiana 46219-4941,

so as to be received no later than **February 3, 2010 at 4:00 p.m. (Eastern Time)** (the

"**Response Deadline**").

> **PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and

served with respect to the Debtors' Objection, the Debtors may, on or after the Response

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Debtors' Objection, which order may be entered with no further notice or

opportunity to be heard offered to any party.


Dated: New York, New York
   December 11, 2009

        /s/ Joseph H. Smolinsky
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtors
        and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                     :
In re                                :    Chapter 11 Case No.
                                     :
MOTORS LIQUIDATION COMPANY, et al.,  :    09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                     :
                    Debtors.         :    (Jointly Administered)
                                     :
-------------------------------------------------------------x
```

## DEBTORS' OBJECTION TO PROOFS OF CLAIM
## NOS. 04620 & 07291 FILED BY THERESA L. MARCHBANKS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

1.      The Debtors file this Objection (the "**Objection**"), pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

establishing the deadline for filing proofs of claim against MLC and certain other Debtors (the

"**Bar Date**") and the procedures relating to the filing of proofs of claim (the "**Bar Date Order**")

[Docket No. 4079], seeking entry of an order disallowing and expunging Proofs of Claim Nos.

04620 and 07291 (together, the "**Claims**") filed by Theresa L. Marchbanks ("**Ms.**

**Marchbanks**").  Copies of the Claims are annexed hereto as Exhibit "A."

      2.     The Debtors have examined the Claims and have made every effort to

ascertain the nature and validity of the Claims.  However, in light of the failure of the Claims to

set forth the legal and factual basis thereof, as well as the insufficient documentation provided by

Ms. Marchbanks, the Debtors request the entry of an order disallowing and expunging the

Claims from the Debtors' claims register in their entirety.

### Jurisdiction

      3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relevant Facts to Ms. Marchbanks's Claims

      4.     On September 16, 2009, this Court entered the Bar Date Order which,

among other things, established November 30, 2009 as the Bar Date and set forth procedures for

filing proofs of claims.  The Bar Date Order requires, among other things, that a proof of claim

must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include

supporting documentation or an explanation as to why such documentation is not available."  Bar

Date Order at 2.[1]

      5.     Ms. Marchbanks filed two proofs of claim against MLC in different

amounts, for apparently the same set of alleged events, but with no supporting documentation

that would allow the Debtors to effectively analyze the asserted liability:

---

[1] Notices of the Bar Date Order contained express references to this requirement.

2

(i)     On October 5, 2009, Ms. Marchbank filed Proof of Claim No. 04620 claiming $2.5

billion on the basis of an alleged personal injury.  There, Ms. Marchbank identified

$10,950 of the claim amount as a priority claim corresponding to unpaid wages,

salaries, or commissions earned within 180 days of the petition date.  However, no

supporting documentation or other information indicating the nature or validity of the

claim was provided.

(ii)    On October 9, 2009, Ms. Marchbank filed Proof of Claim No. 07291 claiming

"$22.5"[2] on the basis of an alleged personal injury.  As with Proof of Claim No.

04620, Ms. Marchbank identified $10,950 as a priority claim corresponding to unpaid

wages, salaries, or commissions earned within 180 days of the petition date.  Aside

from not being clear as to the precise claim amount, Proof of Claim No. 07291 does

not indicate that it amended or superseded Proof of Claim No. 04620, although it

appears to be based on the same events.  In any event, no supporting documentation

or other information indicating the nature or validity of the claim was provided.

6.      In light of the claim amount alleged in Proof of Claim No. 04620, the

Debtors requested, by letter dated October 21, 2009, more information on the alleged claim and

informed Ms. Marchbanks that she had provided insufficient documentation in support of her

claim.  A copy of the letter is annexed hereto as Exhibit "B."

7.      In response, Ms. Marchbanks, by e-mail dated October 28, 2009, declined

to provide any additional information, stating that she had "done [her] part in this matter."  The

next day, the Debtors, by e-mail dated October 29, 2009, maintained their position that either

---

[2] It is unclear what amount Ms. Marchbanks is claiming under Proof of Claim No. 07291.  The proof of claim
identifies "$22.5" as the amount of the claim, yet indicates that $10,950 of the claim is entitled to priority under
section 507(a) of the Bankruptcy Code.

Ms. Marchbank provide a description of her alleged personal injuries and the basis for her wage claim, or the Debtors would be forced to object to the Claims.  A copy of the e-mail exchange is annexed hereto as Exhibit "C."

8.    As of the date herein, Ms. Marchbanks has not provided any supporting information for the Claims.

### Ms. Marchbank Has Failed to Allege Sufficient Facts in Support of the Claims

9.    The Debtors object to the Claims because neither of them allege facts sufficient to support either a claim for unpaid wages or for personal injury.  A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules.  *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  Further, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.    Here, Ms. Marchbanks did not provide *any* legal or factual support for her alleged personal injury and unpaid wages, salaries, or commissions claims, and, thus, the Claims cannot be afforded prima facie validity under the Bankruptcy Code.

### The Claims Violate the Bar Date Order

11.    The Claims fall far short of the standard unambiguously required in the Bar Date Order.  The Claims allege billions of dollars for an alleged personal injury, but they do

not provide any information regarding the cause of the injury, the type of injury, when the injury occurred, or where the injury occurred.

12.     Despite multiple requests to Ms. Marchbanks that she provide information in support of the Claims, she has refused.  *See* Exs. B and C.  Notwithstanding, the Debtors have reviewed their books and records and have found that Ms. Marchbanks was employed with Delphi Automotive Systems (formerly an affiliate of MLC) until December 31, 1998.  Given that Ms. Marchbanks's employment ended over ten years prior to the date on which these chapter 11 cases were commenced, Ms. Marchbanks cannot have a claim against the Debtors for unpaid wages, salaries, or commissions earned within 180 days of the petition date.  Accordingly, the Claims, to the extent allowed, should not be entitled to any priority status.

13.     Having failed to meet the threshold requirement of containing even the most basic information regarding the basis of the Claims, particularly after the Debtors' specifically requested it, the Claims should be disallowed in their entirety.

### Notice

14.     Notice of this Objection has been provided to Ms. Marchbanks and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.


Dated: December 11, 2009
      New York, New York

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11 Case No.
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*   :
                                              :
        **Debtors.**                    :        **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION TO PROOFS OF CLAIM NOS. 04620 & 07291 FILED BY THERESA L. MARCHBANKS

Upon the objection dated December 11, 2009 (the "**Objection**")[1] to Proofs of

Claim Nos. 04620 and 07291 filed by Theresa L. Marchbanks (the "**Claims**") of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11 of the United

States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing

proofs of claim of certain Debtors and procedures relating to the filing of proofs of claim (the

"**Bar Date Order**") [Docket No. 4079], seeking entry of an order disallowing and expunging the

Claims on the grounds that such Claims do not include sufficient documentation to ascertain the

validity of the Claims, all as more fully described in the Objection; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Objection is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of title 11 of the United States Code,

the Claims are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
      February __, 2010


                                            _____
                                            United States Bankruptcy Judge

**<u>Exhibit A</u>**

01186300

APS0552660217



## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

Name of Debtor (Check Only One)                                                    Case No

☐ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                                   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8 ) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  MARCHBANKS, THERESA L

Name and address where notices should be sent

MARCHBANKS THERESA L
APT B3
801 NORTH SHORTRIDGE ROAD
INDIANAPOLIS IN 46219-4941

Telephone number 317-356-2659
Email Address marchbanks.theresa@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)

FILED - 04620
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009   $ 2.5 billion

If all or part of your claim is secured, complete item 4 below, however, if all or part of your claim is unsecured complete item 5  If all or part of your claim is entitled to priority complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim   Personal Injury
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor   0026

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim· $_____   Amount Unsecured  $_____

6  Credits   The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents   Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  **Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any  portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$10,950

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 9/29/09

**Signature:** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

Theresa L. Marchbanks

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim*   Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. **IF BY HAND OR OVERNIGHT COURIER**: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN ROOM 534, NEW YORK, NEW YORK 10004. **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a. Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.
For a claim pursuant to 11 U.S.C. § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases. (See DEFINITIONS, below.) Attach documentation supporting such claim.

**6. Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7. Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 3. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name, and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

---

## INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc. please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

03738806
APS0709517462

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)** | **Case No**
☑ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows.**

Name of Creditor (the person or other entity to whom the debtor owes money or property) **THERESA L MARCHBANKS**

Name and address where notices should be sent

THERESA L MARCHBANKS
801 N SHORTRIDGE RD APT B3
INDIANAPOLIS, IN 46219-4941

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

Telephone number 317-356 2659
Email Address marchbanks.theresa@yahoo.com

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (this scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)

FILED - 07291
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1. Amount of Claim as of Date Case Filed, June 1, 2009** $ 23.3

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** personal injury
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** 0026

   **3a Debtor may have scheduled account as** _____
   (See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection  _____

Amount of Secured Claim  $_____  Amount Unsecured  $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of "redacted" on reverse side)*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) § 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**
$ 10,950

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 10/1/09 | **Signature.** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any | **FOR COURT USE ONLY** |

Theresa L. Marchbanks

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

THE GARDEN CITY GROUP, INC.
OCT 9 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law  In certain circumstances  such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules  The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc , are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS  IF BY MAIL  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O  BOX 9386, DUBLIN, OH 43017-4286  IF BY HAND OR OVERNIGHT COURIER  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M   (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on  June  1  2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below )  A claim may be partly priority and partly non-priority  For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of  commencement of these cases  (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem  Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  §101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with the Garden City Group, Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security, individual's

---

## INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Abt Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

**<u>Exhibit B</u>**

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE

NEW YORK, NY 10153

(212) 310-8000

FAX: (212) 310-8007

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

JOSEPH H. SMOLINSKY
DIRECT LINE (212) 310-8767
E-MAIL: joseph.smolinsky@weil.com

October 21, 2009

**VIA FEDEX**

Theresa L. Marchbanks
801 North Shortridge Road
Apt. B3
Indianapolis, IN 46219-4941

>   Re:   **In re Motors Liquidation Company, et al.**
>        **(f/k/a In re General Motors Corporation, et al.)**
>        **Case No.: 09-50026 (REG) (Jointly Administered)**

Dear Ms. Marchbanks:

We are the attorneys for Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and its affiliated debtors, as debtors in possession in the above-referenced chapter 11 cases. We are in receipt of your Proof of Claim form, a copy of which is enclosed herein, filed against MLC in the amount of $2.5 billion (the "Asserted Claim").

The purpose of this letter is to inform you that you have provided insufficient documentation in support of your Asserted Claim against MLC. If you do not provide such additional information as is necessary to assess the nature of the claim in accordance with the procedures set forth in the Debtors' Bar Date Notice and the Proof of Claim form by November 6, 2009 at 5:00 p.m. (Eastern Time), the Debtors will be left with no choice but to object to your Asserted Claim on the basis of insufficient documentation.

WEIL, GOTSHAL & MANGES LLP

Theresa L. Marchbanks
October 21, 2009
Page 2


Should you have any questions regarding this matter, please contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may also contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.


Sincerely,

Joseph H. Smolinsky

Enclosure

cc: Carrianne Basler (via email w/o enclosure)

**<u>Exhibit C</u>**

## RE: Proof of Claim and insufficient documentation

Smolinsky, Joseph

**Sent:** Thursday, October 29, 2009 10:48 AM

**To:** moore.theresa@yahoo.com

**Cc:** cbasler@alixpartners.com; Laken, Lacey; Smolinsky, Joseph

---

Theresa --

Thanks for responding.  A proof of claim is supposed to contain sufficient supporting documentation that would allow the debtor to understand the nature of the claim and evaluate the claim for allowance or objection.  Garden City Group, as our claims agent, receives the claims but does not review and approve them.  Your claim, in the amount of $2,500,000,000 has two components: (i) a claim for unpaid wages earned within 90 day of the bankruptcy filing on June 1, 2009; and (ii) a personal injury claim.  We are not aware of any wages that remain unpaid and have no record of the commencement of a personal injury action by you that would assist us in understanding the basis of your claim and what would be an appropriate claim for any damages that you have suffered.  It would be acceptable to us if you would simply write in a letter about your claim which describes your injuries and why you believe you are entitled to such a large claim.  Additionally, you should describe where and when you worked for GM for which you were not paid.  That information would be helpful to the evaluation of the claim.

The purpose of the letter was to provide you with an opportunity to supplement your claim so we are not forced to have multiple hearings before the Bankruptcy Court.  While of course we reserve the right to object to any claim you file, we would rather deal with the merits of your claim rather than on a technical basis of requiring even the basic information.

Best regards.

Joe


Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
joseph.smolinsky@weil.com
(212) 310-8767

---

**From:** Theresa Moore [mailto:marchbanks.theresa@yahoo.com]
**Sent:** Wednesday, October 28, 2009 10:23 PM
**To:** Smolinsky, Joseph
**Cc:** marchbanks.theresa@yahoo.com
**Subject:** Proof of Claim and insufficient documentation

Hi Joesph,

Could you please let me know what is wrong with my proof of claim?  I don't know how more information you need from me.  I've done my part in this matter of my claim.  There is no clarity to what the claim is to state, in order for me to receive any money from this bankruptcy with MLC. The Garden City Group did accept my proof of claim and it is before the bar date deadline which is Nov. 6, 2009.  I've not receive any other information concerning this claim. Thank you.  Take care. Theresa