WOLFF & SAMSON PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500
Robert Nies, Esq. (REN-3034)
Attorneys for Advanced Environmental
Technology Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>Motors Liquidation Company (f/k/a General Motors Corp., et al.,<br><br>Debtor. | Case No. 09-50026(REG)<br><br>Chapter 11<br><br>Hearing Date: January 20, 2010<br>9:45 a.m. |
|---|---|

### MOTION REQUESTING AN ENLARGEMENT OF THE TIME IN WHICH TO FILE A PROOF OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)(2)

TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

Advanced Environmental Technology Corporation ("AETC"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order, in the form submitted herewith, enlarging the time for filing AETC's proof of claim and for such additional relief as the Court deems appropriate (the "Motion"); and in support thereof respectfully states as follows:

### INTRODUCTION

1.    On June 1, 2009 (the "Petition Date"), Motors Liquidation Company (f/k/a General Motors Corp., et al.) (the "Debtor") filed a voluntary petition for relief (the "Petition") under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, (the "Bankruptcy Court").

1210646.1

2. On September 16, 2009, the Bankruptcy Court entered an order establishing November 30, 2009, at 5:00 p.m. as the claims bar date (the "Bar Date"). Notice of the Bar Date (the "Bar Date Notice") was mailed to known creditors the following day.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are §§ 105, 501, and 502 of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b).

## BACKGROUND

4. AETC is named as a potentially responsible party in connection with the Atlantic Resources Superfund Site located in Sayreville, New Jersey, and is a member of the ARC Site Participating Parties Group ("Participating Parties Group"). Declaration of Diana L. Buongiorno, Esq. (hereinafter "Buongiorno Declaration") at ¶ 2.

5. On June 15, 2007, the Participating Parties Group, including, but not limited to, General Motors Corporation ("GM") and AETC, entered into a Consent Decree with the United States Environmental Protection Agency ("USEPA") covering Remedial Design/Remedial Action activities relating to Operable Unit 2 ("OU-2 Consent Decree") at the ARC Site. Buongiorno Declaration at ¶ 3.

6. Pursuant to the OU-2 Consent Decree, which was entered pursuant to the applicable provisions of the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act, 42 U.S.C. § 9601 et. seq. ("CERCLA"), the Participating Parties Group, including GM, assumed responsibility for remedial design and remedial action activities at the ARC Site. The Participating Parties Group also agreed to perform the remedial design activities at the

2

1210646.1

Horseshoe Road Drum Dump ("HRDD"), which is part of the adjacent Horseshoe Road Superfund Site. Buongiorno Declaration at ¶ 4.

7.  In addition to the OU-2 Consent Decree, certain members of the Participating Parties Group, including GM, entered into Administrative Orders on Consent with the USEPA relating to other removal/remediation actions and investigatory activities at the ARC Site and the HRDD. Pursuant to these Administrative Orders on Consent, the members of the Performing Parties Group, including GM, agreed to fund certain remedial design, remedial action and investigatory activities at the ARC and HRDD Sites. Buongiorno Declaration at ¶ 5.

8.  GM also entered into the ARC Site Performing Parties Group Agreements, under which it also agreed to pay response costs incurred under the OU-2 Consent Decree, and other related costs. Buongiorno Declaration at ¶ 6.

9.  Documents, records and other information collected by USEPA indicate that GM disposed, or arranged for the disposal of, hazardous substances at the ARC Site. These records establish that GM may be liable for response and/or remediation costs which may be incurred in the future, in order to clean up the Sites under Section 107(a) of CERCLA. Section 113 (f) of CERCLA provides that potentially responsible parties, such as AETC, may seek contribution from other potentially responsible parties for response costs incurred or which may be incurred in connection with a site. Buongiorno Declaration at ¶ 7.

10. On or about November 23, 2009, the Participating Parties Group, including AETC, filed a Proof of Claim, which was assigned claim number 44509 (the "Group Proof of Claim"), seeking to recover any and all such future costs that GM may be responsible for in connection with the ARC Superfund Site. The exact amount of this claim is currently unknown, but is estimated to be $226,800.00, which includes the remaining costs for Operable

3

1210646.1

Unit 2, as well as future costs that may be required as a result of the recent entry of a Record of Decision for Operable Unit 3. In addition to the claim for $226,800.00, there may be future unknown costs, such as natural resources damages, oversight costs, torts, or other alleged damages and costs by the USEPA, the NJDEP or other government agencies and private parties, for which GM is also obligated. Buongiorno Declaration at ¶ 8. A true and complete copy of the Group Proof of Claim is annexed to the Buongiorno Declaration as Exhibit A.

11. On or about November 25, 2009, Wolff & Samson PC, as defense counsel for AETC, prepared a Proof of Claim arising from the same facts and circumstances as the Group Proof of Claim. Buongiorno Declaration at ¶ 9. A true and complete copy of the Proof of Claim is annexed to the Buongiorno Declaration as Exhibit B.

12. The Proof of Claim was completed and prepared for delivery to the claims administrator, The Garden City Group Inc., by Federal Express on Wednesday, November 25, 2009, to ensure delivery on or before November 30, 2009, given the Thanksgiving holiday schedule.

13. On December 7, 2009, Wolff & Samson PC received filed copies of the Proof of Claim from the Garden City Group indicating that AETC's Proof of Claim was filed on December 1, 2009. AETC's Proof of Claim was assigned claim number 67808.

14. Upon the firm's internal investigation, Wolff & Samson PC learned that the Federal Express package containing the Proof of Claim was entered into the firm's newly implemented internal Pitney Bowes mailing system by a member of the firm's administrative staff on November 25, 2009, at 2:27 p.m. and placed into one of the mail bins located throughout the office for pickup by the mail room staff. Buongiorno Declaration at ¶ 12. A

4

1210646.1

true and complete copy of the Pitney Bowes Package Details is annexed to the Buongiorno Declaration as Exhibit C.

15. Due to the Thanksgiving holiday, Wolff & Samson PC closed at 3:00 pm on November 25, 2009, and the last mail collection was conducted at 2:30 p.m. in accordance with standard early dismissal procedures.

16. However, the Proof of Claim was inadvertently not picked up during that collection and, instead, was left in the mail bin until discovered on Monday November 30, 2009, the first day the office provided mail collection after the Thanksgiving holiday.

17. The Pitney Bowes System utilized by Wolff & Samson PC does not provide for a method by which to select a delivery date, but rather allows only for a service type to be selected. Therefore, there was no way for staff to detect that the package was intended for shipment on November 25th and delivery on November 30th or arrangements would have been made for the Proof of Claim to be hand delivered to the Court.

18. The package was scanned into the Federal Express system on November 30, 2009, at 11:07 a.m. and was received by the Garden City Group on December 1, 2009 at 8:45 a.m., less than 16 hours after the Bar Date. <u>Buongiorno Declaration</u> at ¶ 16. A true and complete copy of the Federal Express Tracking Results is annexed to the Buongiorno Declaration as Exhibit D.

### RELIEF REQUESTED

19. By way of this Motion, AETC seeks the entry of an Order, substantially in the form submitted herewith, pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)(2) granting AETC an enlargement of the time period within which to file its Proof of Claim.

5

1210646.1

## ARGUMENT

20. Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)(2), the Bankruptcy Court may enlarge the time period set for filing a proof of claim under Federal Rule of Bankruptcy Procedure 3003(c)(3), when the failure to meet the filing deadline is the result of excusable neglect. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 382 (1993).

21. In determining whether excusable neglect exists in a given circumstance, courts consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Services Co., 507 U.S. at 395.

22. Here, the Debtor has not yet made a distribution to unsecured creditors nor has Debtor undertaken, to AETC's knowledge, a comprehensive review, analysis and/or challenge to the validating of timely filed proofs of claim. As such, accepting as timely AETC's proof of claim filed with The Garden City Group on December 1, 2009, will not prejudice the Debtor or otherwise unduly delay the bankruptcy proceeding.

23. Moreover, AETC's delay in seeking to file a proof of claim by the Bar Date was not the result of its own inaction. Instead, it was the result of an administrative error in implementing a newly installed mailing system at counsel's office on the eve of an extended holiday weekend. Upon learning of the error, AETC, through its counsel, acted quickly to petition the Court and protect its rights. Under these circumstances, AETC's failure to timely file a proof of claim is the product of excusable neglect. Therefore, AETC should be entitled to an enlargement of the time period within which to file a proof of claim. See Pioneer Inv. Services Co., 507 U.S. at 395.

6

1210646.1

## CONCLUSION

24. For the foregoing reasons, AETC respectfully requests that this Court (i) grant AETC's Motion, (ii) enter an Order substantially in the form submitted herewith, and (iii) grant such other and further relief as is just and proper.

        Wolff & Samson PC
        The Offices at Crystal Lake
        One Boland Drive
        West Orange, New Jersey 07052
        Attorneys for Advanced Environmental
         Technology Corporation

        By: _____
           ROBERT NIES (REN-3034)

Dated: December 11, 2009

7

1210646.1