WOLFF & SAMSON PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500
Robert Nies, Esq. (REN-3034)
Attorneys for Advanced Environmental
Technology Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Motors Liquidation Company (f/k/a General Motors Corp., et al.,<br><br>Debtor. | **Case No. 09-50026(REG)**<br><br>**Chapter 11**<br><br>**Hearing Date:  January 20, 2010**<br>**9:45 a.m.** |

### DECLARATION OF DIANA L. BUONGIORNO, ESQ.

Diana L. Buongiorno, of full age, hereby certifies as follows:

1.        I am an associate with the law firm of Wolff and Samson PC, which serves as defense counsel for Advanced Environmental Technology Corporation ("AETC") in matters concerning the Atlantic Resources Superfund Site located in Sayreville New Jersey.  I make this Certification based on my knowledge of the facts asserted herein based on the firm's internal investigation, in support of the motion of AETC requesting an enlargement of the time period within which to file a proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)(2).

2.        AETC is named as a potentially responsible party in connection with the Atlantic Resources Superfund Site located in Sayreville, New Jersey, and is a member of the ARC Site Participating Parties Group ("Participating Parties Group").

1210897.1

3      On June 15, 2007, the Participating Parties Group, including, but not limited to, General Motors Corporation ("GM") and AETC, entered into a Consent Decree with the United States Environmental Protection Agency ("USEPA") covering Remedial Design/Remedial Action activities relating to Operable Unit 2 ("OU-2 Consent Decree") at the ARC Site.

4.      Pursuant to the OU-2 Consent Decree, which was entered pursuant to the applicable provisions of the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act, 42 U.S.C. § 9601 et. seq. ("CERCLA"), the Participating Parties Group, including GM, assumed responsibility for remedial design and remedial action activities at the ARC Site. The Participating Parties Group also agreed to perform the remedial design activities at the Horseshoe Road Drum Dump ("HRDD"), which is part of the adjacent Horseshoe Road Superfund Site.

5.      In addition to the OU-2 Consent Decree, certain members of the Participating Parties Group, including GM, entered into Administrative Orders on Consent with the USEPA relating to other removal/remediation actions and investigatory activities at the ARC Site and the HRDD. Pursuant to these Administrative Orders on Consent, the members of the Performing Parties Group, including GM, agreed to fund certain remedial design, remedial action and investigatory activities at the ARC and HRDD Sites.

6.      GM also entered into the ARC Site Performing Parties Group Agreements, under which it also agreed to pay response costs incurred under the OU-2 Consent Decree, and other related costs.

1210897.1                                    2

7.     Documents, records and other information collected by USEPA indicate that GM disposed, or arranged for the disposal of, hazardous substances at the ARC Site. These records establish that GM may be liable for response and/or remediation costs which may be incurred in the future, in order to clean up the Sites under Section 107(a) of CERCLA. Section 113 (f) of CERCLA provides that potentially responsible parties, such as AETC, may seek contribution from other potentially responsible parties for response costs incurred or which may be incurred in connection with a site.

8.     On or about November 23, 2009, the Participating Parties Group, including AETC, filed a Proof of Claim, which was assigned claim number 44509 (the "Group Proof of Claim"), seeking to recover any and all such future costs that GM may be responsible for in connection with the ARC Superfund Site. The exact amount of this claim is currently unknown, but is estimated to be $226,800.00, which includes the remaining costs for Operable Unit 2, as well as future costs that may be required as a result of the recent entry of a Record of Decision for Operable Unit 3. In addition to the claim for $226,800.00, there may be future unknown costs, such as natural resources damages, oversight costs, torts, or other alleged damages and costs by the USEPA, the NJDEP or other government agencies and private parties, for which GM is also obligated. A true and complete copy of the Group Proof of Claim is annexed hereto as Exhibit A.

9.     On or about November 25, 2009, Wolff & Samson PC, as defense counsel for AETC, prepared a Proof of Claim arising from the same facts and circumstances as the Group Proof of Claim. A true and complete copy of the Proof of Claim is annexed hereto as Exhibit B.

10.    The Proof of Claim was completed and prepared for delivery to the claims administrator, The Garden City Group Inc., by Federal Express on Wednesday, November 25, 2009, to ensure delivery on or before November 30, 2009, given the Thanksgiving holiday schedule.

11.    On December 7, 2009, Wolff & Samson PC received filed copies of the Proof of Claim from the Garden City Group indicating that AETC's Proof of Claim was filed on December 1, 2009. AETC's Proof of Claim was assigned claim number 67808.

12.    Upon the firm's internal investigation, Wolff & Samson PC learned that the Federal Express package containing the Proof of Claim was entered into the firm's newly implemented internal Pitney Bowes mailing system by a member of the firm's administrative staff on November 25, 2009, at 2:27 p.m. and placed into one of the mail bins located throughout the office for pickup by the mail room staff. A true and complete copy of the Pitney Bowes Package Details is annexed hereto as Exhibit C.

13.    Due to the Thanksgiving holiday, Wolff & Samson PC closed at 3:00 pm on November 25, 2009, and the last mail collection was conducted at 2:30 p.m. in accordance with standard early dismissal procedures.

14.    However, the Proof of Claim was inadvertently not picked up during that collection and, instead, was left in the mail bin until discovered on Monday November 30, 2009, the first day the office provided mail collection after the Thanksgiving holiday.

15.    The Pitney Bowes System utilized by Wolff & Samson PC does not provide for a method by which to select a delivery date, but rather allows only for a service type to be selected. Therefore, there was no way for staff to detect that the package was intended for

shipment on November 25th and delivery on November 30th or arrangements would have been made for the Proof of Claim to be hand delivered to the Court.

16.    The package was scanned into the Federal Express system on November 30, 2009, at 11:07 a.m. and was received by the Garden City Group on December 1, 2009, at 8:45 a.m., less than 16 hours after the Bar Date.  A true and complete copy of the Federal Express Tracking Results is annexed hereto as Exhibit D.

I certify that the foregoing statements made by me are true.  I am aware that if they are willfully false, I am subject to punishment.

Dated:  December 11, 2009

DIANA L. BUONGIORNO
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500

1210897.1                                      5