53. Nothing in the preceding Paragraph or in this Consent Decree shall be deemed to limit any authority of the United States a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Sites, or b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Sites, subject to Section XXI (Covenants Not to Sue by Plaintiff).

## XVI. _Payments for Response Costs_

54.    As soon as reasonably practicable after the Effective Date, and consistent with subparagraph 54.b., the United States, on behalf of the Settling Federal Agency, shall make the payments described in this paragraph:

a.    The United States will pay $1,739,245.62, which the parties agree is an amount equal to the sum of Settling Federal Agency's allocated share of Past Costs, Future Costs (including Interim Costs), Settling Defendants' Operable Unit One Response Costs, and the estimated total of Settling Defendants' Operable Unit Two Response Costs. This payment amount was calculated based upon an estimated cost for performance of the Work of $4,329,082. Settling Federal Agency's payment shall be made as follows:

(i).    $863,579.41 will be paid to the EPA Hazardous Substance Superfund to cover the entirety of Past Response Costs:

48

(A). The total amount to be paid pursuant to this subparagraph shall be deposited into the ARC Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the ARC Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

(B). If the payment to the EPA Hazardous Substance Superfund required by this subparagraph is not made as soon as reasonably practicable, the appropriate EPA Regional Branch Chief may raise any issues relating to payment to the appropriate U.S. Department of Justice ("DOJ") Assistant Section Chief for the Environmental Defense Section. In any event, if this payment is not made within 120 days after the Effective Date, EPA and DOJ have agreed to resolve the issue within 30 days, in accordance with a letter agreement dated December 28, 1998.

(ii). The remaining $875,666.21 shall be paid to the ARC/HRDD RD/RA Trust Fund ("RD/RA Trust Fund"), pursuant to the executed RD/RA Trust Fund Agreement or Declaration of Trust attached hereto as Appendix F. Payment shall be made by Electronic Funds Transfer as follows:

> **To:** Citibank, N.A. for the account of Citigroup Global Markets/Smith Barney, New York, N.Y. 10004, Account Code 30604518;
>
> **For further credit to:** ARC/HRDD RD/RA Trust # 726-07403-16-210; and
>
> **ABA routing number:** 021000089.

Money paid into the RD/RA Trust Fund by the Settling Federal Agency shall be used solely to pay for the Work pursuant to this Consent Decree.

49

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 3 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 52 of 91

(iii). In the event that payments required by this paragraph are not made within 120 days of the Effective Date, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), commencing on the Effective Date and accruing through the date of the payment.

b.    The United States, on behalf of the Settling Federal Agency, further agrees that it shall make additional payments equal to its allocated share of the Settling Defendants' Operable Unit Two Response Costs in the event that the cost to perform the Work exceeds the Settling Defendants' estimated cost of $4,329,082. The United States, on behalf of the Settling Federal Agency, shall pay into the RD/RA Trust Fund its allocated share of Settling Defendants' Operable Unit Two Response Costs in excess of $4,329,082 (the "Reopener Amount") incurred performing the Work under this Consent Decree, including the Settling Federal Agency's allocated share of the Future Response Costs paid by the Settling Defendants and any response actions taken pursuant to Section VII.

(i). The United States' allocated share of Settling Defendants' Operable Unit Two Costs shall be based upon the Settling Federal Agency's volumetric share of 4,395,461.04 pounds of material reportedly shipped to the ARC Site as a proportion of the total volumetric share of 15,950,992.80 pounds of material reportedly shipped to the ARC Site by the Settling Defendants, the Settling Federal Agency and other ARC Site customers who are participating in a private allocation process with the Settling Defendants. In the event that any Settling Defendant files for bankruptcy and cannot pay its share, the Settling Defendants shall notify the Settling Federal Agency and shall allocate said bankrupt Settling Defendant's share of

50

such contribution proportionately among all other Settling Defendants and the Settling Federal Agency.

       (ii)   Settling Defendants' claims for payment shall be made in accordance with the following provisions:

       A. The Settling Defendants may submit claims to the Section Chief of the Environmental Defense Section, whose address is listed in Section XXXIII, no more often than every six months.

       B. The Settling Defendants shall include with such claims a certified accounting as to the incurrence and payment of the Reopener Amount (with the first submission); EPA's request for Future Response Costs; a statement of Settling Defendants' Operable Unit Two Response Costs incurred during the period covered by the statement; sufficient documentation to allow verification of the accuracy and payment of the costs claimed; and the following certification:

> Being duly authorized by each Settling Defendant, I, _____, certify (1) that Settling Defendants have incurred Operable Unit Two Costs in excess of $4,329,082; (2) that the Settling Defendants Operable Unit Two Costs in excess of $4,329,082 and referenced in the attached invoice were properly incurred during the period beginning _____ and ending _____ ("Covered Period"); (3) that the invoiced costs were incurred consistent with the National Contingency Plan, the EPA Operable Unit 2 Record of Decision for the Horseshoe Road and Atlantic Resources Corporation Sites, and the RD/RA Consent Decree, entered on or about _____ ,2006 in the case styled United States v. _____, Civil Action No. _____ ("RD/RA Consent Decree"); (4) that the invoiced costs have been paid in full; and (5) that payment by the

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 5 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 54 of 91

United States of the invoiced costs (in full or as agreed at
the conclusion of any dispute resolution) shall be accepted
by Settling Defendants as payment in full of all sums owed
by the United States under the RD/RA Consent Decree for
the Settling Federal Agency's allocated share of response
costs incurred during the Covered Period.

(iii)   The Dispute Resolution provisions of this Consent Decree do not
apply to disputes raised pursuant to this paragraph or payment disputes between the Settling
Defendants and the Settling Federal Agency. Instead, if the Settling Federal Agency in good
faith questions or contests any invoiced Settling Defendants' Operable Unit Two Response Costs
under this subparagraph, the Settling Federal Agency shall have the right to request additional
documentation from the Settling Defendants. The Settling Federal Agency shall further have the
right to withhold payment of such disputed amount; provided, however, that the Settling Federal
Agency shall give the Settling Defendants written notice concisely describing the matter(s) in
dispute within 60 days of the receipt of such demand for payment of additional Response Costs
and shall promptly make a good faith offer to resolve the dispute. Representatives of each party
involved in the dispute shall promptly confer and expeditiously attempt, in good faith, to resolve
the dispute. The negotiations may involve such consultation, communications and meetings as
may be effective in satisfactorily resolving the dispute. Any party may apply to the Court for
relief if the dispute is not resolved by the parties within 60 days after receipt of the notice. Any
such dispute shall not excuse performance by the Settling Defendants of their obligations under
this Consent Decree.

(iv)   In the event that payment of undisputed costs contained in the
written demand is not made within 120 days of the date of receipt of the demand for payment of

52

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 6 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 55 of 91

such costs, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S. C. § 9607(a), commencing on the 121st day after the Settling Federal Agency agreement to pay the additional response costs and accruing through the date of payment.

(v)    Sums paid under this subparagraph (b) shall be paid to the RD/RA Trust Fund. Payment shall be made by Electronic Funds Transfer in accordance with instructions to be provided by the Settling Defendants.

55.    The United States, on behalf of the Settling Federal Agency, shall not be responsible for any portion of Settling Defendants' Stipulated Penalties, as described in Section XX, relating to any Work conducted under this Consent Decree.

56.    The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Settling Federal Agency under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

57.    Payments for Future Response Costs.

a.    Settling Defendants shall pay to EPA all Future Response Costs not inconsistent with the National Contingency Plan. On a periodic basis the United States will send Settling Defendants bills requiring payment that include a SCORPIOS Report and DOJ-prepared

53

cost summary. Settling Defendants shall make all payments within 30 days of Settling

Defendants' receipt of each bill requiring payment, except as otherwise provided in Paragraph

58. Payment shall be made to EPA by Electronic Funds Transfer ("EFT") to Mellon Bank,

Pittsburgh, Pennsylvania, as follows: Settling Defendants shall provide the following information

to their bank: (i) Amount of payment; (ii) Title of Mellon Bank Account to receive the payment:

EPA; (iii) Account Code for Mellon Bank Account receiving the payment: 9108544; (iv) Mellon

Bank ABA Routing Number: 043000261; (v) Name of Settling Defendants; (vi) Docket Number

CERCLA 02-2005-2010; and (viii) Site/Spill Identifier: 02-BT.

   b. At the time of payment, Settling Defendants shall send notice that

payment has been made to the United States, to EPA and to the EPA Financial Management

Officer, in accordance with Section XXVI (Notices and Submissions).

   c. The total amount to be paid by Settling Defendants pursuant to

Subparagraph 57.a. shall be deposited in the ARC or HRDD Site Special Accounts within the

EPA Hazardous Substance Superfund to be retained and used to conduct or finance response

actions at or in connection with the ARC or HRDD Sites, or to be transferred by EPA to the EPA

Hazardous Substance Superfund.

  58. Settling Defendants may contest payment of any Future Response Costs under

Paragraph 57 if they determine that the United States has made a mathematical error or if they

allege that a cost item that is included represents costs that are inconsistent with the NCP. Such

objection shall be made in writing within 30 days of receipt of the bill and must be sent to the

United States pursuant to Section XXVI (Notices and Submissions). Any such objection shall

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 8 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 57 of 91

specifically identify the contested Future Response Costs and the basis for objection. In the event of an objection, the Settling Defendants shall within the 30 day period pay all uncontested Future Response Costs to the United States in the manner described in Paragraph 57. Simultaneously, the Settling Defendants shall establish an interest-bearing escrow account in a federally-insured bank duly chartered in the State of New Jersey and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendants shall send to the United States, as provided in Section XXVI (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account. Simultaneously with establishment of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in Section XIX (Dispute Resolution). If the United States prevails in the dispute, within 5 days of the resolution of the dispute, the Settling Defendants shall pay the sums due (with accrued interest) to the United States in the manner described in Paragraph 57. If the Settling Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall pay that portion of the costs (plus associated accrued interest) for which they did not prevail to the United States in the manner described in Paragraph 57; Settling Defendants shall be disbursed any balance of the escrow account. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants' obligation to reimburse the United States for its Future Response Costs.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 9 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 58 of 91

59.    In the event that the payments required by Subparagraph 57.a. are not made within 30 days of the Effective Date or the payments required by Paragraph 57 are not made within 30 days of the Settling Defendants' receipt of the bill, Settling Defendants shall pay Interest on the unpaid balance. The Interest to be paid on Past Response Costs under this Paragraph shall begin to accrue on the Effective Date. The Interest on Future Response Costs shall begin to accrue on the date of the bill. The Interest shall accrue through the date of the Settling Defendants' payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Paragraph 74. The Settling Defendants shall make all payments required by this Paragraph in the manner described in Paragraph 57.

## XVII. *Indemnification and Insurance*

60.    Settling Defendants' Indemnification of the United States.

a.    The United States does not assume any liability by entering into this agreement or by virtue of any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA. Settling Defendants shall indemnify, save and hold harmless the United States (with the exception of the Settling Federal Agencies) and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 10 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 59 of 91

any designation of Settling Defendants as EPA's authorized representatives under Section 104(e)

of CERCLA. Further, the Settling Defendants agree to pay the United States all costs it incurs

including, but not limited to, attorneys fees and other expenses of litigation and settlement

arising from, or on account of, claims made against the United States based on negligent or other

wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents,

contractors, subcontractors, and any persons acting on their behalf or under their control, in

carrying out activities pursuant to this Consent Decree. The United States shall not be held out

as a party to any contract entered into by or on behalf of Settling Defendants in carrying out

activities pursuant to this Consent Decree. Neither the Settling Defendants nor any such

contractor shall be considered an agent of the United States.

        b.    The United States shall give Settling Defendants notice of any claim for

which the United States plans to seek indemnification pursuant to Paragraph 60, and shall

consult with Settling Defendants prior to settling such claim.

        61.    Settling Defendants waive all claims against the United States for damages or

reimbursement or for set-off of any payments made or to be made to the United States, arising

from or on account of any contract, agreement, or arrangement between any one or more of

Settling Defendants and any person for performance of Work on or relating to the Sites,

including, but not limited to, claims on account of construction delays. In addition, Settling

Defendants shall indemnify and hold harmless the United States with respect to any and all

claims for damages or reimbursement arising from or on account of any contract, agreement, or

arrangement between any one or more of Settling Defendants and any person for performance of

Work on or relating to the Sites, including, but not limited to, claims on account of construction delays.

62.     No later than 15 days before commencing any on-site Work, and except as otherwise provided in this paragraph, Settling Defendants shall secure, or shall require their contractors to secure, and shall maintain until the first anniversary of EPA's Certification of Completion pursuant to Subparagraph 51.b. of Section XIV (Certification of Completion) comprehensive general liability insurance with limits of 5 million dollars, combined single limit, and automobile liability insurance with limits of 5 million dollars, combined single limit, naming the United States as an additional insured. Settling Defendants may maintain comprehensive general liability insurance and automobile liability insurance with limits of 1 (one) million dollars each in the period between the first anniversary of EPA's Completion of Construction Certification pursuant to Subparagraph 50.b. of Section XIV and the first anniversary of EPA's Certification of Completion of the Work pursuant to Subparagraph 51.b. of Section XIV (Certification of Completion). In addition, for the duration of this Consent Decree, Settling Defendants shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendants in furtherance of this Consent Decree. Prior to commencement of the Work under this Consent Decree, Settling Defendants shall provide to EPA certificates of such insurance and a copy of each insurance policy. Settling Defendants shall resubmit such certificates and copies of policies each year on the anniversary of the Effective Date. If Settling Defendants demonstrate by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 12 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 61 of 91

subcontractor, Settling Defendants need provide only that portion of the insurance described

above which is not maintained by the contractor or subcontractor.

## XVIII. _Force Majeure_

63.    "Force majeure," for purposes of this Consent Decree, is defined as any event

arising from causes beyond the control of the Settling Defendants, of any entity controlled by

Settling Defendants, or of Settling Defendants' contractors, that delays or prevents the

performance of any obligation under this Consent Decree despite Settling Defendants' best

efforts to fulfill the obligation. The requirement that the Settling Defendants exercise "best

efforts to fulfill the obligation" includes using best efforts to anticipate any potential force

majeure event and best efforts to address the effects of any potential force majeure event (1) as it

is occurring and (2) following the potential force majeure event, such that the delay is minimized

to the greatest extent practicable. "Force Majeure" does not include financial inability to

complete the Work or a failure to attain the Performance Standards.

64.    If any event occurs or has occurred that may delay the performance of any

obligation under this Consent Decree, whether or not caused by a force majeure event, the

Settling Defendants shall notify orally EPA's Project Coordinator or, in his or her absence, the

Director of the Emergency and Remedial Response Division, EPA Region 2, within forty-eight

(48) hours of when Settling Defendants first knew that the event might cause a delay. Within

five (5) days thereafter, Settling Defendants shall provide in writing to EPA an explanation and

description of the reasons for the delay; the anticipated duration of the delay; all actions taken or

to be taken to prevent or minimize the delay; a schedule for implementation of any measures to

be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendants'

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 13 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 62 of 91

rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Defendants shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Settling Defendants from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants, any entity controlled by Settling Defendants, or Settling Defendants' contractors knew or should have known.

65.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendants in writing of its decision. If EPA agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

66.    If the Settling Defendants elect to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution), they shall do so no later than 15 days after receipt of EPA's notice. In any such proceeding, Settling Defendants shall have the burden of

60

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 14 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 63 of 91

demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or

will be caused by a force majeure event, that the duration of the delay or the extension sought

was or will be warranted under the circumstances, that best efforts were exercised to avoid and

mitigate the effects of the delay, and that Settling Defendants complied with the requirements of

Paragraphs 63 and 64, above. If Settling Defendants carry this burden, the delay at issue shall be

deemed not to be a violation by Settling Defendants of the affected obligation of this Consent

Decree identified to EPA and the Court.

## *XIX. Dispute Resolution*

67.    Unless otherwise expressly provided for in this Consent Decree, the dispute

resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising

under or with respect to this Consent Decree. However, the procedures set forth in this Section

shall not apply to actions by the United States to enforce obligations of the Settling Defendants

that have not been disputed in accordance with this Section.

68.    Any dispute which arises under or with respect to this Consent Decree shall in

the first instance be the subject of informal negotiations between the parties to the dispute. The

period for informal negotiations shall not exceed 30 days from the time the dispute arises, unless

it is modified by written agreement of the parties to the dispute. The dispute shall be considered

to have arisen when one party sends the other parties a written Notice of Dispute.

69.    Statements of Position.

a.    In the event that the parties cannot resolve a dispute by informal

negotiations under the preceding Paragraph, then the position advanced by EPA shall be

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 15 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 64 of 91

considered binding unless, within fourteen (14) days after the conclusion of the informal

negotiation period, Settling Defendants invoke the formal dispute resolution procedures of this

Section by serving on the United States a written Statement of Position on the matter in dispute,

including, but not limited to, any factual data, analysis or opinion supporting that position and

any supporting documentation relied upon by the Settling Defendants. The Statement of Position

shall specify the Settling Defendants' position as to whether formal dispute resolution should

proceed under Paragraph 70 or Paragraph 71.

      b.    Within thirty (30) days after receipt of Settling Defendants' Statement of

Position, EPA will serve on Settling Defendants its Statement of Position, including, but not

limited to, any factual data, analysis, or opinion supporting that position and all supporting

documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to

whether formal dispute resolution should proceed under Paragraph 70 or 71. Within fourteen

(14) days after receipt of EPA's Statement of Position, Settling Defendants may submit a Reply.

      c.    If there is disagreement between EPA and the Settling Defendants as to

whether dispute resolution should proceed under Paragraph 70 or 71, the parties to the dispute

shall follow the procedures set forth in the paragraph determined by EPA to be applicable.

However, if the Settling Defendants ultimately appeal to the Court to resolve the dispute, the

Court shall determine which paragraph is applicable in accordance with the standards of

applicability set forth in Paragraphs 70 and 71.

70.    Formal dispute resolution for disputes pertaining to the selection or adequacy

of any response action and all other disputes that are accorded review on the administrative

record under applicable principles of administrative law shall be conducted pursuant to the

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 16 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 65 of 91

procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation: (1) the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendants regarding the validity of the ROD's provisions.

    a.    An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

    b.    The Director of the Emergency and Remedial Response Division, EPA Region 2, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 70.a. This decision shall be binding upon the Settling Defendants, subject only to the right to seek judicial review pursuant to Paragraph 70.c. and d.

    c.    Any administrative decision made by EPA pursuant to Paragraph 70.b. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendants with the Court and served on all Parties within 10 days of receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendants' motion.

63

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 17 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 66 of 91

d.    In proceedings on any dispute governed by this Paragraph, Settling Defendants shall have the burden of demonstrating that the decision of the Emergency and Remedial Response Division Director is arbitrary and capricious or otherwise not in accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 70.a.

71.    Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

a.    Following receipt of Settling Defendants' Statement of Position submitted pursuant to Paragraph 69, the Director of the Emergency and Remedial Response Division, EPA Region 2, will issue a final decision resolving the dispute. The Emergency and Remedial Response Division Director's decision shall be binding on the Settling Defendants unless, within 10 days of receipt of the decision, the Settling Defendants file with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendants' motion.

b.    Notwithstanding Paragraph M of Section I (Background) of this Consent Decree, judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

c.    The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of the Settling Defendants

64

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 18 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 67 of 91

under this Consent Decree, not directly in dispute, unless EPA or the Court agrees otherwise.
Stipulated penalties with respect to the disputed matter shall continue to accrue but payment shall
be stayed pending resolution of the dispute as provided in Paragraph 80. Notwithstanding the
stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any
applicable provision of this Consent Decree. In the event that the Settling Defendants do not
prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in
Section XX (Stipulated Penalties).

## XX. _Stipulated Penalties_

72.    Settling Defendants shall be liable for stipulated penalties in the amounts set
forth in Paragraphs 73 and 74 to the United States for failure to comply with the requirements
of this Consent Decree specified below, unless excused under Section XVIII (Force Majeure).
"Compliance" by Settling Defendants shall include completion of the activities under this
Consent Decree or any work plan or other plan approved under this Consent Decree identified
below in accordance with all applicable requirements of law, this Consent Decree, the SOW, and
any plans or other documents approved by EPA pursuant to this Consent Decree and within the
specified time schedules established by and approved under this Consent Decree.

73.    Stipulated Penalty Amounts - Work/Reports

a.    The following stipulated penalties shall accrue per violation per day for
any noncompliance identified in Subparagraph 73.b.:

65

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $2,500 | 1st through 14th day |
| $5,000 | 15th through 30th day |
| $10,000 | 31st day and beyond |

    b.   Compliance Milestones.

    (1)    Implementation of the substantive Work Activities required in the submittals listed in (3) through (10), below, and as further described in the Remedial Design Work Plan;

    (2) Implementation of any substantive Work Activities in accordance with any Work Plan submitted by Settling Defendant and approved by EPA pursuant to Section VII of this Consent Decree;

    (3)    Deadlines for submission and, if necessary, revision and resubmission of the Remedial Design Work Plan;

    (4) Deadlines for submission and, if necessary, revision and resubmission of the Preliminary (35%) Design Report;

    (5) Deadlines for submission and, if necessary, revision and resubmission of the Pre-Final (95%) Design Report;

    (6) Deadlines for submission and, if necessary, revision and resubmission of the Final (100%) Design Report;

66

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 20 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 69 of 91

(7) Deadlines for submission and, if necessary, revision and resubmission of the Remedial Action Work Plan;

(8) Deadlines for Remedial Action, as specified in the Remedial Action Work Plan or approved Design Report;

(9) Deadlines for submission and, if necessary, revision and resubmission of the long-term Monitoring Plan associated with the remediation of the source areas; and,

(10)    Deadlines for submission and, if necessary, revision and resubmission of the Notice of Completion and Final Report for Remedial Action.

74.    Stipulated Penalty Amounts - Miscellaneous

a.    The following stipulated penalties shall accrue per violation per day for failure to submit timely or adequate reports, payments, or other written documents pursuant to any of the following requirements specified in 1 through 5 below:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 1,000 | 1st through 14th day |
| $ 2,000 | 15th through 30th day |
| $ 4,000 | 31st day and beyond |

1. Performance Guarantee pursuant to Section XIII of the Consent Decree;

67

2. Submission of the name of the Project Coordinator to EPA;

3. Reporting Requirements set forth in Section X;

4. Compliance with any requirement of this Consent Decree not otherwise included in 1-10 in Paragraph 73.b., above; and,

5. Requirements for the payment of all costs or interest required by this Consent Decree

75.    In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 87 of Section XXI (Covenants by Plaintiff), Settling Defendants shall be liable for a stipulated penalty in the amount of $750,000. EPA agrees that any stipulated penalty assessed against Settling Defendants pursuant to this paragraph shall be reduced, if appropriate, by the percentage of Work completed by Settling Defendants (to be determined by EPA in its sole discretion).

76.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue: (1) with respect to a deficient submission under Section XI (EPA Approval of Plans and Other Submissions), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency; (2) with respect to a decision by the Director of the Emergency and Remedial Response Division, EPA Region 2, under Paragraph 70.b. or 71.a. of Section XIX (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendants' reply

68

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 22 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 71 of 91

to EPA's Statement of Position is received until the date that the Director issues a final decision

regarding such dispute; or (3) with respect to judicial review by this Court of any dispute under

Section XIX (Dispute Resolution), during the period, if any, beginning on the 31st day after the

Court's receipt of the final submission regarding the dispute until the date that the Court issues a

final decision regarding such dispute. Nothing herein shall prevent the simultaneous accrual of

separate penalties for separate violations of this Consent Decree.

77.    Following EPA's determination that Settling Defendants have failed to comply

with a requirement of this Consent Decree, EPA may give Settling Defendants written

notification of the same and describe the noncompliance. EPA may send the Settling Defendants

a written demand for the payment of the penalties. However, penalties shall accrue as provided

in the preceding Paragraph regardless of whether EPA has notified the Settling Defendants of a

violation.

78.    All penalties accruing under this Section shall be due and payable to the

United States within 30 days of the Settling Defendants' receipt from EPA of a demand for

payment of the penalties, unless Settling Defendants invoke the Dispute Resolution procedures

under Section XIX (Dispute Resolution). All payments to the United States under this Section

shall be paid in accordance with the payment procedures set forth in Paragraph 57. All payments

shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and

Site/Spill ID #02-BT, the DOJ Case Number 90-11-3-480/2, and the name and address of the

party making payment. At the time of payment, Settling Defendants shall send notice that

payment has been made to the United States, to EPA, and to the EPA Financial Management

Officer, in accordance with Section XXVI (Notices and Submissions).

69

79.     The payment of penalties shall not alter in any way Settling Defendants' obligation to complete the performance of the Work required under this Consent Decree.

80.     Penalties shall continue to accrue as provided in Paragraph 77 during any dispute resolution period, but need not be paid until the following:

        a.     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owing shall be paid to EPA within 15 days of the agreement or the receipt of EPA's decision or order;

        b.     If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendants shall pay all accrued penalties determined by the Court to be owed to EPA within 60 days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

        c.     If the District Court's decision is appealed by any Party, Settling Defendants shall pay all accrued penalties determined by the District Court to be owing to the United States into an interest-bearing escrow account within 60 days of receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every 60 days. Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to Settling Defendants to the extent that they prevail.

81.     If Settling Defendants fail to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as interest. Settling Defendants

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 24 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 73 of 91

shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 78.

82.    Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA, provided, however, that the United States shall not seek civil penalties pursuant to Section 122(l) of CERCLA for any violation for which a stipulated penalty is provided herein, except in the case of a willful violation of the Consent Decree.

83.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XXI.  Covenants  by Plaintiff

84.    Covenant Not to Sue Settling Defendants.  In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 86 of this Section, the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA for performance of the Work and for recovery of Past Response Costs and Future Response Costs. These covenants not to sue shall take effect upon the receipt by EPA of the payments required by Paragraph 54.a of Section XVI (Payments for Response Costs). These covenants not to sue are conditioned upon the satisfactory

71

performance by Settling Defendants of their obligations under this Consent Decree. These covenants not to sue extend only to the Settling Defendants and do not extend to any other person.

85. <u>Covenant Not to take Administrative Action against Settling Federal Agency</u>. In consideration of the payments that will be made by the Settling Federal Agency under the terms of the Consent Decree, and except as specifically provided in Paragraph 86 of this Section, EPA covenants not to take administrative action against the Settling Federal Agency pursuant to Sections 106 and 107(a) of CERCLA for performance of the Work, the performance of Operable Unit One at the ARC Site and for recovery of Past Response Costs and Future Response Costs. EPA's covenant shall take effect upon the receipt of the payments required by Paragraph 54.a(i) of Section XVI (Payments for Response Costs). EPA's covenant is conditioned upon the satisfactory performance by the Settling Federal Agency of its obligations under this Consent Decree. EPA's covenant extends only to the Settling Federal Agency and does not extend to any other person.

86. <u>General reservations of rights</u>. The covenants set forth above do not pertain to any matters other than those expressly specified in Paragraphs 84 and 85. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the federal natural resources trustees reserve, and this Consent Decree is without prejudice to, all rights against the Settling Federal Agency, with respect to all matters other than those expressly included in Paragraphs 84 and 85, including but not limited to, the following:

72

00-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 26 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 75 of 91

       a.    claims based on a failure by Settling Defendants or the Settling Federal Agency to meet a requirement of this Consent Decree;

       b.    liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Sites;

       c.    liability for future disposal of Waste Material at the Sites, other than as provided in the ROD, the Work, or otherwise ordered by EPA;

       d.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

       e.    criminal liability;

       f.    liability for violations of federal or state law which occur during or after implementation of the Remedial Action;

       g.    liability, prior to Certification of Completion of the Work, for additional response actions that EPA determines are necessary to achieve Performance Standards, but that cannot be required pursuant to Paragraph 13 (Modification of the SOW or Related Work Plans);

       h.    liability for remedial action for the HRDD Site and additional operable units at the Sites or the final response action; and

       i.    liability for costs that the United States will incur related to the Sites but are not within the definition of Past or Future Response Costs.

87.    Work Takeover.

(a)    In the event EPA determines that Settling Defendants have (i) ceased implementation of any portion of the Work, or (ii) are seriously or repeatedly deficient or late in their performance of the Work, or (iii) are implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may issue a written notice ("Work Takeover Notice") to the Settling Defendants. Any Work Takeover Notice issued by EPA will specify the grounds upon which such notice was issued and will provide Settling Defendants a period of 30 days within which to remedy the circumstances giving rise to EPA's issuance of such notice.

(b)    If, after expiration of the 30-day notice period specified in Paragraph 87(a), Settling Defendants have not remedied to EPA's satisfaction the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice, EPA may at any time thereafter assume the performance of all or any portions of the Work as EPA deems necessary ("Work Takeover"). EPA shall notify Settling Defendants in writing (which writing may be electronic) if EPA determines that implementation of a Work Takeover is warranted under this Paragraph 87(b).

(c)    Settling Defendants may invoke the procedures set forth in Section XIX (Dispute Resolution), Paragraph 70, to dispute EPA's implementation of a Work Takeover under Paragraph 87(b). However, notwithstanding Settling Defendants' invocation of such dispute resolution procedures, and during the pendency of any such dispute, EPA may in its sole discretion commence and continue a Work Takeover under Paragraph 87(b) until the earlier of (i) the date that Settling Defendants remedy, to EPA's satisfaction, the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice or (ii) the date that a final decision is

74

rendered in accordance with Section XIX (Dispute Resolution), Paragraph 70, requiring EPA to terminate such Work Takeover.

      (d)    After commencement and for the duration of any Work Takeover, EPA shall have immediate access to and benefit of any performance guarantee(s) provided pursuant to Section XIII of this Consent Decree, in accordance with the provisions of Paragraph 48 of that Section. If and to the extent that EPA is unable to secure the resources guaranteed under any such performance guarantee(s) and the Settling Defendants fail to remit a cash amount up to but not exceeding the estimated cost of the remaining Work to be performed, all in accordance with the provisions of Paragraph 48, any unreimbursed costs incurred by EPA in performing Work under the Work Takeover shall be considered Future Response Costs that Settling Defendants shall pay pursuant to Section XVI (Payment for Response Costs).

    88.    Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

## XXII. Covenants by Settling Defendants and Settling Federal Agency

    89.    Covenant Not to Sue by Settling Defendants. Subject to the reservations in Paragraph 91, and except as otherwise provided herein, including without limitation in Paragraph 54.b., Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Work, past response actions at the ARC Site for OU1 and OU2, Settling Defendants' Operable Unit One Response Costs. and Past and Future Response Costs as defined herein, or this Consent Decree, including, but not limited to:

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 29 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 78 of 91

a.    any direct or indirect claim for reimbursement from the Hazardous

Substance Superfund (established pursuant to the Internal Revenue

Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107,

111, 112, 113 or any other provision of law;

b.    any claims against the United States, including any department, agency

or instrumentality of the United States under CERCLA Sections 107 or

113 related to the Sites, or

c.    any claims arising out of response actions at or in connection with the

Sites, including any claim under the United States Constitution, the

Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28

U.S.C. § 2412, as amended, or at common law.

Except as provided in Paragraph 97 (waiver of Claim-Splitting Defenses), these covenants not to

sue shall not apply in the event that the United States brings a cause of action or issues an order

pursuant to the reservations set forth in Paragraph 86(b) - (d) or 86(g) - (i), but only to the extent

that Settling Defendants' claims arise from the same response action, response costs, or damages

that the United States is seeking pursuant to the applicable reservation.

90.    <u>Covenant by Settling Federal Agency.</u> Settling Federal Agency hereby agrees not

to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund

(established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA

Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to the Work,

past response actions and Past and Future Response Costs as defined herein. This covenant does

76

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 30 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 79 of 91

not preclude demand for reimbursement from the Superfund of costs incurred by a Settling

Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as

lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

91.    The Settling Defendants reserve, and this Consent Decree is without prejudice

to: (a) claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the

United States Code, for money damages for injury or loss of property or personal injury or death

caused by the negligent or wrongful act or omission of any employee of the United States while

acting within the scope of his office or employment under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred. However, any such claim shall not include a claim for any

damages caused, in whole or in part, by the act or omission of any person, including any

contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall

any such claim include a claim based on EPA's selection of response actions, or the oversight or

approval of the Settling Defendants' plans or activities. The foregoing applies only to claims

which are brought pursuant to any statute other than CERCLA and for which the waiver of

sovereign immunity is found in a statute other than CERCLA; (b) Settling Defendants further

reserve, and this Consent Decree is without prejudice to claims against the United States for

failure to meet the Settling Federal Agency's payment requirements of this Consent Decree; and

(c) contribution claims against the Settling Federal Agency for response costs relating to

Operable Unit Three or (d) contribution claims against the Settling Federal Agency in the event

any claim is asserted by the United States against the Settling Defendants under the authority of

or under Paragraph 86(a)-(d) or 86(g)-(i) of Section XXI (Covenants by Plaintiff), but only to the

77

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 31 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 80 of 91

same extent and for the same matters, transactions, or occurrences as are raised in the claim of
the United States against Settling Defendants.

92.    Nothing in this Consent Decree shall be deemed to constitute preauthorization
of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. §
300.700(d).

## XXIII. Effect of Settlement; Contribution Protection

93.    Nothing in this Consent Decree shall be construed to create any rights in, or
grant any cause of action to, any person not a Party to this Consent Decree. The preceding
sentence shall not be construed to waive or nullify any rights that any person not a signatory to
this decree may have under applicable law. Each of the Parties expressly reserves any and all
rights (including, but not limited to, any right to contribution), defenses, claims, demands, and
causes of action which each Party may have with respect to any matter, transaction, or
occurrence relating in any way to the Sites against any person not a Party hereto.

94.    The Parties agree, and by entering this Consent Decree this Court finds, that
the Settling Defendants and the Settling Federal Agency are entitled, as of the Effective Date, to
protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42
U.S.C. § 9613(f)(2) for matters addressed in this Consent Decree. The "matters addressed" in
this settlement are Settling Defendants' Operable Unit One Response Costs and Settling
Defendants' Operable Unit Two Response Costs as defined herein, Past, Interim, and Future
Response Costs as defined herein and the Work as defined herein.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 32 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 81 of 91

95.    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

96.    The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States within 10 days of service of the complaint on them. In addition, Settling Defendants shall notify the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

97.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Sites, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXI (Covenants by Plaintiff).

## XXIV. Access to Information

98.    Settling Defendants shall provide to EPA, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at the Sites or to the implementation of this Consent Decree,

79

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 33 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 82 of 91

including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Work. Settling Defendants shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

99.    <u>Business Confidential and Privileged Documents</u>.

a.    Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Settling Defendants.

b.    The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each

80

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 34 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 83 of 91

addressee and recipient; (5) a description of the contents of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

100.    No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Sites.

## XXV. _Retention of Records_

101.    Until 10 years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 51.b of Section XIV (Certification of Completion of the Work), each Settling Defendant shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Sites, provided, however, that Settling Defendants who are potentially liable as owners or operators of the Sites must retain, in addition, all documents and records that relate to the liability of any other person under CERCLA with respect to the Sites. Each Settling Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work, provided, however, that each Settling Defendant (and its contractors

81

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 35 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 84 of 91

and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

102.     At the conclusion of this document retention period, Settling Defendants shall notify the United States at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall deliver any such records or documents to EPA. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiff with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants.  However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

103.     Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Sites since notification of potential liability by the United States or the State or the filing of suit against it regarding the Sites and that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and

82

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 36 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 85 of 91

122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. §
6927.

104.    The United States acknowledges that each Settling Federal Agency (1) is
subject to all applicable Federal record retention laws, regulations, and policies; and (2) has
certified that it has fully complied with any and all EPA requests for information pursuant to
Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of
RCRA, 42 U.S.C. § 6927.

## XXVI. *Notices and Submissions*

105.    Whenever, under the terms of this Consent Decree, written notice is required
to be given or a report or other document is required to be sent by one Party to another, it shall be
directed to the individuals at the addresses specified below, unless those individuals or their
successors give notice of a change to the other Parties in writing. All notices and submissions
shall be considered effective upon receipt, unless otherwise provided. Written notice as
specified herein shall constitute complete satisfaction of any written notice requirement of the
Consent Decree with respect to the United States, EPA, the Settling Federal Agencies, and the
Settling Defendants, respectively.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 37 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 86 of 91

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-480/2

and

Chief, Environmental Defense Section
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 23986
Washington D.C. 20026-3986
90-11-6-16233

As to EPA:

Director, ERRD
United States Environmental Protection Agency
Region II
290 Broadway
New York, NY 10007-1866

and

Attn: ARC Site RPM
ERRD
United States Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866

As to the EPA Financial Management Officer

AcctsReceivable.CINWD@EPA.GOV  or
U.S. EPA
26 West Martin Luther King Drive
Cincinnati Finance Center, MS:NWD
Cincinnati, Ohio  45268

As to the State:

Attn: Site Manager
Bureau of Federal Case Management
New Jersey Dept. of Environmental Protection
401 East State Street
P.O. Box 028
Trenton, N.J. 08625-0028

84

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 38 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 87 of 91

As to the Settling Defendants:                    Lori Mills, Esq.
                                                  Drinker Biddle & Reath
                                                  105 College Road East, Suite 300
                                                  P.O. Box 627
                                                  Princeton, N.J. 08542-0627

## XXVII. *Effective Date*

106.    The effective date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court, except as otherwise provided herein.

## XXVIII. *Retention of Jurisdiction*

107.    This Court retains jurisdiction over both the subject matter of this Consent

Decree and the Settling Defendants for the duration of the performance of the terms and

provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the

Court at any time for such further order, direction, and relief as may be necessary or appropriate

for the construction or modification of this Consent Decree, or to effectuate or enforce

compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute

Resolution) hereof.

## XXIX. *Appendices*

108.    The following appendices are attached to and incorporated into this Consent

Decree:

"Appendix A" is the ROD.

"Appendix B" is the SOW.

85

09-50026-mg   Doc 4655-2   Filed 12/11/09   Entered 12/11/09 17:02:37   Exhibit A
(part two)   Pg 39 of 53
Case 2:06-cv-06077-FSH-PS   Document 5   Filed 06/15/2007   Page 88 of 91

"Appendix C" is the description and/or map of the Sites.

"Appendix D" is the draft easement.

"Appendix E" is the ARC/HRDD RD/RA Trust Fund Agreement

## XXX. Community Relations

109.   Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Sites.

## XXXI. Modification

110.   Schedules specified in this Consent Decree for completion of the Work may be modified by agreement of EPA and the Settling Defendants. All such modifications shall be made in writing.

111.   Except as provided in Paragraph 13 (Modification of the SOW or Related Work Plans), no material modifications shall be made to the SOW without written notification to and written approval of the United States, Settling Defendants, and the Court, if such modifications fundamentally alter the basic features of the selected remedy within the meaning

86

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 40 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 89 of 91

of 40 C.F.R. § 300.435(c)(2)(B)(ii). Prior to providing its approval to any modification, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the SOW that do not materially alter that document, or material modifications to the SOW that do not fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(B)(ii), may be made by written agreement between EPA, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants.

112.    Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XXXII.  Lodging and Opportunity for Public Comment

113.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

114.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

87

### XXXIII. *Signatories/Service*

115.     Each undersigned representative of a Settling Defendant to this Consent

Decree and the Assistant Attorney General for the Environment and Natural Resources Division

of the Department of Justice certifies that he or she is fully authorized to enter into the terms and

conditions of this Consent Decree and to execute and legally bind such Party to this document.

116.     Each Settling Defendant hereby agrees not to oppose entry of this Consent

Decree by this Court or to challenge any provision of this Consent Decree unless the United

States has notified the Settling Defendants in writing that it no longer supports entry of the

Consent Decree.

117.     Each Settling Defendant shall identify, on the attached signature page, the

name, address and telephone number of an agent who is authorized to accept service of process

by mail on behalf of that Party with respect to all matters arising under or relating to this Consent

Decree.  Settling Defendants hereby agree to accept service in that manner and to waive the

formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any

applicable local rules of this Court, including, but not limited to, service of a summons. The

parties agree that Settling Defendants need not file an answer to the complaint in this action

unless or until the court expressly declines to enter this Consent Decree.

88

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 42 of 53
Case 2:06-cv-06077-FSH-PS    Document 5    Filed 06/15/2007    Page 91 of 91

## XXXIV.  *Final Judgment*

118.    This Consent Decree and its appendices constitute the final, complete, and
exclusive agreement and understanding among the parties with respect to the settlement
embodied in the Consent Decree.  The parties acknowledge that there are no representations,
agreements or understandings relating to the settlement other than those expressly contained in
this Consent Decree.

119.    Upon approval and entry of this Consent Decree by the Court, this Consent
Decree shall constitute a final judgment between and among the United States and the Settling
Defendants.  The Court finds that there is no just reason for delay and therefore enters this
judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS ⁴ᵗ DAY OF _May_, 200 7

United States District Judge

89

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 43 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 1 of 73

FOR THE UNITED STATES OF AMERICA

12/12/06
Date

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

11/21/06
Date

ALFRED S. IRVING, JR.
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Ph: (202) 305-8307
Fax: (202) 616-2427

12/14/06
Date

MICHAEL D. ROWE
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Ph: (202) 514-3144
Fax: (202) 514-8865


SUSAN J. STEELE
Chief, Civil Division
U.S. Attorney's Office
District of New Jersey

90

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 44 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 2 of 73

9|18|06
Date

GEORGE PAVLOU , Director
Emergency and Remedial Response Division
U.S. Environmental Protection Agency,
    Region II
290 Broadway, New York, NY 10007

9|14|2006
Date

CLAY MONROE
Assistant Regional Counsel
U.S. Environmental Protection Agency,
    Region II
290 Broadway, New York, NY 10007

91

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 45 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 3 of 73

FOR _Advanced Environmental Technology Corp._ ~~COMPANY, INC.~~ */

_____
Date

Signature: _Robert W Landmesser_
Name (print): _Robert W Landmesser_
Title: _Pres_
Address: _400 Ocean Rd_
_#176_
_Vero Beach_
_Florida 32963_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Thomas Sabino, Esq._
Title: _Wolff & Samson_
Address: _One Boland Drive_
_West Orange, N.J. 07052_

Ph. Number: _973-530-2044_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 46 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 4 of 73

FOR _____ COMPANY, INC. */

Chevron Environmental Management Company
for itself and on behalf of
Kewanee Industries, Inc.

9/12/06
Date

Signature: _Robert R. John_
Name (print): _Robert R. John_
Title: _Assistant Secretary_
Address: _6001 Bollinger Canyon Road_
_San Ramon, CA 94583_
_____
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Corporation Service Company_
Title: _____
Address: _830 Bear Tavern Road_
_West Trenton, NJ 08628_

Ph. Number: _800 222 2122_

*/ A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 47 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 5 of 73

FOR _____ Essex Chemical Corporation
COMPANY, INC. */

9/14/06
Date

Signature: _Sandi VanWormer_ (signature)
Name (print): Sandi VanWormer
Title: __Authorized Representative__
Address: 2030 Dow Center
Midland, MI   48674

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): The Corporation Trust Company
Title: Authorized Agent
Address: 820 Bear Tavern Rd 3rd Floor
West Trenton, NJ   08628

Ph. Number:

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 48 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 6 of 73

FOR FRY'S METALS, INC.

9/14/06
Date

Signature: _____

Name (print): William S. Gorgone

Title: Vice President/Secretary

Address: One Cookson Place

Providence, RI 02903

_____

_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Franklin W. Boenning, Esq.

Title: Attorney at Law

Address: 1577 Grouse Lane

Mountainside, New Jersey 07092

_____

Ph. Number: 908-928-0301

95

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 49 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 7 of 73

FOR  General Motors Corporation */

Sept. 7, 2006
Date

Signature: _James P. Walle_
Name (print): James P. Walle
Title:  Attorney    P3198
Address: General Motors Corporation
  M.C. 482-C24-D24, 300 Renaissance Center
  Detroit, MI  48243

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): CT Corporation
Title:
Address: 820 Bear Tavern Rd.
  W. Trenton, NJ  08628

Ph. Number: 800-990-1074

*/ A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.

ARC/HROD OU 2
RD/RA Consent Decree

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 50 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 8 of 73

FOR    JOHNSON & JOHNSON

09/11/06
Date

Signature:    Kathryn A. Meisel
Name (print):    Kathryn A. Meisel, Esq.
Title:    Assistant General Counsel
Address:    One Johnson & Johnson Plaza
New Brunswick, NJ    08933


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):    Lori A. Mills, Esq.
Title:    Partner
Address:    Drinker Biddle & Reath LLP
105 College Road East - Suite 300
Princeton, NJ    08543
Ph. Number:    (609) 716-6632


*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

FOR _____ COMPANY, INC. */
Lionetti Oil Recovery, Inc.

9/14/06
Date

Signature: _____
Name (print): John Lionetti
Title: President
Address: 450 South Front Street
        Elizabeth, NJ    07202
        _____
        _____
        _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Scott T. Smith
Title: Attorney at Law of State of New Jersey
Address: Smith, Smith & Curley, PC
        149 Avenue at the Common
        Shrewsbury, NJ    07702
Ph. Number: (732) 935-7246

*/ A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 52 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 10 of 73

FOR NOVARTIS PHARMACEUTICALS CORP.

**9|13|06**
Date

Signature: _____
Name (print): Gary Rosenthal
Title: V.P. and Chief Financial Officer
Address: One Health Plaza
East Hanover, NJ 07930
_____
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):    Irvin M. Freilich, Esq.
Title:    Outside Counsel
Address:    Robertson, Freilich, Bruno & Cohen, LLC
The Legal Center
One Riverfront Plaza, Newark, NJ 07102
Ph. Number:    (973) 848-2105

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

09-50026-mg    Doc 4655-2    Filed 12/11/09    Entered 12/11/09 17:02:37    Exhibit A
(part two)    Pg 53 of 53
Case 2:06-cv-06077-FSH-PS    Document 5-2    Filed 06/15/2007    Page 11 of 73

PERMACEL, A NITTO DENKO Co.

FOR _____ COMPANY, INC. */

_____ (TRISHA L. SMITH)

08 - 13 - 06
Date

Signature: ON BEHALF OF
Name (print): KENY M. QUINONES, ESQ.
Title: GENERAL COUNSEL
Address: PERMACEL, A NITTO DENKO Co.
ONE TOWER CENTER BLVD.
14th FLOOR
EAST BRUNSWICK, NEW JERSEY
08816

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): TRISHA L. SMITH
Title: ENVIRONMENTAL COUNSEL
Address: NIXON PEABODY LLP
50 JERICHO QUADRANGLE, SUITE 300
JERICHO, N.Y. 11753-2228
Ph. Number: (516) 832-7572

*/ A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.