**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                            :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*     :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*      :
:
                          **Debtors.**           :          **(Jointly Administered)**
:
-------------------------------------------------------------x

## ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF EQUIPMENT

Upon the Motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Equipment, dated October 30, 2009 (the **"Motion"**) [Docket # 4328],[1] debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**), pursuant to sections 365 and 554 of title 11, United States Code (the **"Bankruptcy Code"**), request entry of an order authorizing the rejection of certain unexpired leases of personal property and related agreements and/or for abandonment of certain equipment, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided, it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the **"Hearing"**); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is ORDERED THAT

1.      The Motion is granted to the extent provided herein.

2.      Subject to Paragraph 3 below, pursuant to section 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the 2000 A-2 and 2000 A-3 Agreements listed on **Annex I** attached hereto and all amendments and supplements thereto (or the abandonment of the Equipment subject thereto) is hereby authorized and approved, effective as of October 30, 2009 *nunc pro tunc*.

3.      The rejection of the 2000 A-2 and 2000 A-3 Agreements shall not become effective immediately but shall become effective only after the following occurs:

(a) with respect to the 2000 A-2 Agreements listed on **Annex I,** the rejections shall become effective immediately upon the effectiveness of a Settlement Agreement among Motors Liquidation Company, General Motors LLC, Manufacturers and Traders Trust Company, as 2000 A-2 Indenture Trustee and 2000 A Pass Through Trustee, Wachovia Financial Services, Inc., as 2000 A-2 Owner Participant, and U.S. Bank Trust National Association as 2000 A-2 Owner Trustee; and

(b)  with respect to the 2000 A-3 Agreements listed on **Annex I**, the rejections shall become effective immediately upon the entry of a Court Order authorizing the Debtors to

2

enter into, and ratifying, a Settlement Agreement among at least Motors Liquidation Company, General Motors LLC, and Manufacturers and Traders Trust Company, as 2000 A-3 Indenture Trustee and 2000 A Pass Through Trustee.

4.      If the rejection of the 2000 A-2 or the 2000 A-3 Agreements shall fail to become effective pursuant to the terms of this Order, such failure shall be without prejudice to the rights of the Debtors to subsequently seek to assume, assign, reject or recharacterize those Agreements, or abandon the Equipment, pursuant to a subsequent motion brought before this Court, and the rights of any counterparties to the 2000 A-2 or the 2000 A-3 Agreements to object thereto.

5.      If the 2000 A-2 Agreements listed on **Annex I** are rejected pursuant to Paragraph 3(a) of this Order, then none of the 2000 A-2 Indenture Trustee, the 2000 A-2 Owner Trustee, the 2000 A-2 Owner Participant nor the 2000 A Pass Through Trustee shall assert any claims against the Debtors on account of such rejections.

6.      With respect to any appeal, this Order shall be deemed two separate Orders authorizing, respectively, the rejection of the 2000 A-2 Agreements listed on **Annex I** and the rejection of the 2000 A-3 Agreements listed on **Annex I**. Any stay of this Order pending appeal by any party shall only apply to the rejection of the Agreements which involve such claimant and shall not act to stay the applicability or finality of this Order with respect to the rejection of other Agreements covered hereby.

7.      This Order shall be deemed entered as of the date hereof for all purposes under rules of this Court, including without limitation the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3

US_ACTIVE:\43256622\01\72240.0639

8.      This Order is without prejudice to the rights of the Debtors or any parties in interest regarding the characterization of the 2000 A-2 or 2000 A-3 Agreements as leases of personal property or as disguised secured financing arrangements.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: December __16__, 2009
        New York, New York

                                        _s/ Robert E. Gerber_
                                        UNITED STATES BANKRUPTCY JUDGE

4

**ANNEX I**

| Leveraged Lease Transaction | Agreements |
|---|---|
| GM 2000A-2 | GM 2000 A-2 Participation Agreement<br>GM 2000 A-2 Lease (together with 2000 A-2 Lease Supplement)<br>GM 2000 A-2 Tax Indemnity Agreement |
| GM 2000A-3 | GM 2000 A-3 Participation Agreement<br>GM 2000 A-3 Lease (together with GM 2000 A-3 Lease Supplement)<br>GM 2000 A-3 Tax Indemnity Agreement |

5

US_ACTIVE:\43256622\01\72240.0639