**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　:
**In re**　　　　　　　　　　　　　　　　　　　:　　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　　:
**MOTORS LIQUIDATION COMPANY**, *et al.*,　　:　　09-50026 (REG)
　　f/k/a General Motors Corp., *et al.*　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Debtors.　　　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER REGARDING DEBTORS' REJECTION OF NONRESIDENTIAL REAL PROPERTY LEASE WITH FOUNTAIN LAKES I, LLC

This Stipulation and Order (the "**Stipulation and Order**") is entered into among Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") and Fountain Lakes I, LLC ("**Fountain Lakes**" and together with the Debtors, the "**Parties**"), for the purpose of authorizing the Debtors to reject that certain nonresidential real property lease by and between Fountain Lakes and the Debtors, dated as of September, 2005 (the "**Lease Agreement**"), and to resolve the Fountain Lakes Objection (defined below).

### RECITALS

**WHEREAS**, pursuant to the Lease Agreement, Fountain Lakes leased approximately 190,932 square feet of office/warehouse space located on Industrial Boulevard in St. Charles, Missouri to MLC (the "**Premises**"); and

**WHEREAS**, on November 12, 2009, the Debtors filed that certain Ninth Omnibus Motion Pursuant to 11 U.S.C § 365 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property (the "**Rejection Motion**"); and

NY\1154592.5

**WHEREAS**, the Rejection Motion included the Lease Agreement among those leases to be rejected; and

**WHEREAS**, on November 19, 2009, Fountain Lakes filed that certain Objection of Fountain Lakes to Debtors' Ninth Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases (the "**Fountain Lakes Objection**"); and

**WHEREAS**, the Parties have agreed to consensually resolve the Fountain Lakes Objection on the terms set forth below.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties that:

## AGREEMENT

1. The Lease Agreement and all related agreements, exhibits, amendments and supplements thereto are deemed rejected pursuant to section 365 of the Bankruptcy Code, effective as of November 30, 2009.

2. Subject to the deadline for the filing of claims against the Debtors set forth in paragraph 4 below, all issues relating to the allowance, amount, priority and treatment of any claim, right or remedy asserted by Fountain Lakes with respect to the rejection of the Lease Agreement or the abandonment of property by the Debtors are preserved, including, the right (to the extent such exists) to file a motion seeking an administrative claim for the cost of removing any property abandoned by the Debtors, and the Debtors' defense(s) and/or right to object to the allowance, amount, priority and treatment of any claim, right or remedy asserted by Fountain Lakes with respect to the rejection of the Lease Agreement or the abandonment of property are so too preserved.

3. All property and equipment left in the premises that were used by the Debtors, including that certain large industrial racking system referenced in the Fountain Lakes Objection, is owned by the Debtors free and clear of any liens, claims, security interests, and encumbrances and, effective upon the approval of this Stipulation and Order, shall be deemed abandoned.

4. Fountain Lakes shall have until **5:00 p.m. (Eastern Time)** on the date that is **thirty (30) days** after entry of this Stipulation and Order to file a proof of claim with respect to any claim for damages arising from the rejection of the Lease Agreement.

5. This Stipulation and Order contains the entire understanding of the Parties hereto with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings, and agreements, whether oral or written, express or implied, between and among the parties hereto regarding the subject matter of this Stipulation and Order.

6. This Stipulation and Order is binding upon the Parties, and may not be changed, altered or modified except in writing, signed by the Parties or their duly authorized attorneys and approved by the Court.

7. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation and Order.

[**Signature Page Follows**]

Stipulated and Agreed:

**MOTORS LIQUIDATION COMPANY**       **FOUNTAIN LAKES I, LLC**

By: /s/ David Head                                   By: /s/ Deborah R. Chambers
    David Head                                         Deborah R. Chambers
    Vice President                                      President


**SO ORDERED** this ***16th*** day of December, 2009

                                            ***s/ Robert E. Gerber***
                                            UNITED STATES BANKRUPTCY JUDGE