UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| | :     Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et: | : |
| al., f/k/a General Motors Corp., et al. | :     Case No. 0950026 REG) |
| | : |
| Debtors | : |

## OBJECTION TO STIPULATION AND AGREED ORDER RESOLVING MOTION OF SARAJUAN GILVARY FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE A SEPARATE LITIGATION

Pompey Dodge, Inc. ("Pompey Dodge"), by its undersigned attorney, hereby files this Objection to the proposed Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation.

Pompey requests the Court sustain Pompey's Objection to this Stipulation and *reject* the Agreed Order as this Court has no jurisdiction over the matter which is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.

## I.
## BACKGROUND

1.    The state court matter[1] involves personal injuries suffered in a single vehicle accident on April 16, 2005. Plaintiff contends that she was the front passenger in a 1995 Buick Regal owned and driven by Richard Gross. On that day, Plaintiff avers that the driver Richard Gross fell asleep at the wheel and lost control of the car. A copy of the state court docket is attached hereto as Exhibit A.

2.    Plaintiff, in the passenger seat that she claims was in the reclined position, claims that she was injured in the single vehicle accident. Plaintiff argues that the vehicle

was defective in that it failed to have proper warnings within the vehicle to warn of the dangers of occupying the passenger seat in a reclined position while the vehicle is in motion.

3. Plaintiff has brought a strict liability, negligence and breach of warranty claims against General Motors and strict liability and breach of warranty (no negligence claim) against Defendant Pompey Dodge. Pompey Dodge is but one seller in a chain of eight sales of the vehicle at issue.

- 1995 vehicle is manufactured by General Motors
- April 15, 1995, vehicle sold to and registered by John Doe Rental Company
- March, 1996, vehicle sold by John Doe Rental Company at auction.
- Vehicle owned by private individual March 6, 1998 through March, 2003
- March 18, 2003, vehicle sold by Brush & Palette Auto to Frank Iorio's Auto Sales
- March 25, 2003, vehicle sold by Frank Iorios Auto Sales to Pompey Dodge
- April 22, 2003, vehicle sold by Pompey Dodge to private individual
- January 13, 2005, vehicle traded-in at Pompey Dodge
- January 25, 2005, vehicle sold by Pompey Dodge through Northeast Auto Auction, Inc. to Susquehanna Auto Sales
- February 7, 2005, vehicle sold by Susquehanna Auto Sales to America's Choice Cars & Credit
- March 25, 2005, vehicle sold by America's Choice Cars & Credit to Richard Gross
- Date of accident - April 16, 2005

---

[1] Plaintiff filed an action the Court of Common Pleas of Philadelphia County, Pennsylvania on March 29, 2007 in the matter of *Gilvary v. General Motors Corporation, et al.* March Term, 2007 No. 3736.

4. Pompey Dodge did not sell the vehicle to Richard Gross. The vehicle was purchased by Richard Gross from America's Choice Cars & Credit and Richard Gross was the registered owner on the day of the accident.

5. It is undisputed that Pompey Dodge, a dealership affiliated with Chrysler Corporation, did not manufacture or design this GM vehicle or any of its systems. Defendant Pompey Dodge made no change to the vehicle while it was in its possession. Pompey Dodge's inclusion in this matter is solely based on its pass through position as a seller of an allegedly defective vehicle. As such, Pompey Dodge has requested complete indemnification from the manufacturer General Motors. The only theory of liability against Pompey Dodge is as a seller of a defectively designed and/or manufactured GM vehicle.

6. General Motors sought bankruptcy protection under Chapter 11 on June 1, 2009. Pursuant to 11 U.S.C.A. Section 362, an automatic stay was imposed on all claims against General Motors Corporation. The automatic stay was noticed on the state court docket on June 11, 2009.

7. By Motion filed on September 8, 2009 in the state court action, Plaintiff Sarajuan Gilvary requested the state court to sever General Motors from the action so that Plaintiff could proceed against Pompey Dodge. A copy of the Motion filed by Plaintiff is attached hereto as Exhibit B.

8. On September 25, 2009, Pompey Dodge filed a response to the Plaintiff's Motion in state court. A copy of that response is attached hereto as Exhibit C.

9. By Order dated October 21, 2009, the state court **denied** Plaintiff's Motion to sever General Motors from the state court action. A copy of the Order is attached hereto as Exhibit D.

10. Plaintiff now seeks relief from the automatic stay in this bankruptcy case to proceed against Pompey Dodge only in the state court action when the state court has already ruled on the issue.

11. In essence, Plaintiff Sarajuan Gilvary, not happy with the decision of the state court, which has proper jurisdiction over the issue, brings the matter to this Bankruptcy Court that has no jurisdiction over the Defendant Pompey Dodge to seek relief that was already denied by the state court.

12. The automatic stay pursuant to 11 U.S.C.A. Section 362 is in place in the state court. This Bankruptcy Court has no other involvement in the state court case as the state court has continued that stay in the state court action.

## II.

### THE MATTER HAS BEEN DECIDED BY THE STATE COURT AND IS NOT PROPERLY BEFORE THIS BANKRUPTCY COURT

In essence, Plaintiff seeks herein to do an "end around" the Order issued by the state court judge that she did not like by requesting this Bankruptcy Court to approve a Stipulation and Agreed Order under the guise of "relief" from the automatic stay. There is no "relief" and what Plaintiff seeks is an Order severing GM from the state court action from this Bankruptcy Court when the state court that has jurisdiction over the issue has already denied her request.

The issue of severance of General Motors from the state court action in *Gilvary v. GM, et al*, Court of Common Pleas Philadelphia County, Pennsylvania March Term,

2007 No. 3736 is a matter to be decided by the state court pursuant to application of state law. In this case, the matter has been decided by Order dated October 21, 2009 wherein the Court of Common Pleas, Manfredi, J. denied Plaintiff Gilvary's request to sever GM from the state court action. Plaintiff Gilvary cannot now come to this Bankruptcy Court seeking another order that is contrary to that which is already of record. This Bankruptcy Court has jurisdiction over the Debtor only - General Motors. As part of the bankruptcy that was filed, the automatic stay pursuant to Section 362 of the Bankruptcy Code was put into effect. Any relief from the stay that may be considered by this Court is relief that deals only with the Debtor.

The relief requested by Plaintiff Gilvary herein and which is the subject of the Stipulation and Agreed Order is not specifically directed to relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code. The Debtors acknowledge in the Stipulation *"WHEREAS, the Debtors do not believe that relief from the automatic stay is necessary to proceed with the Litigation solely against non-debtor co-defendant Pompey Dodge...."*

This is a matter that is not properly before this Bankruptcy Court. This is a matter that is properly before the state court and which Plaintiff Gilvary acknowledges is properly before the state court as she filed her original motion to sever with that Court. Then being dissatisfied with the Order handed down by the state court, she chooses to ignore the state court's position and file the same Motion with this Court.

## III
## CONCLUSION

Pompey objects to the Stipulation and Agreed Order as proposed and requests this Court *reject* the Stipulation and proposed Agreed Order as it is not a proper request for relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code.

Respectfully Submitted,
**KENNEDY, CAMPBELL, LIPSKI & DOCHNEY**

*Nancy E Campbell*

NANCY E. CAMPBELL, ESQUIRE
E-Mail: nancy.campbell@zurichna.com
Direct Dial: 215 430-6385