# EXHIBIT "B"

PHILADELPHIA COURT OF COMMON PLEAS
**PETITION/MOTION COVER SHEET**

| CONTROL NUMBER: |
| --- |
| 09091068 |
| *(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)* |

| FOR COURT USE ONLY | |
| --- | --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |
| | 09/29/2009 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.
Status may be obtained online at http://courts.phila.gov*

March    Term, 2007
Month         Year
No.         03736

GILVARY VS GENERAL MOTORS CORP ETAL

Name of Filing Party:
SARAH GILVARY-PLF

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*    ☒ Motion
☐ Answer to Petition    ☐ Response to Motion

Has another petition/motion been decided in this case?    ☒ Yes    ☐ No
Is another petition/motion pending?    ☐ Yes    ☒ No

*If the answer to either question is yes, you must identify the judge(s):*
JUDGE MANFREDI

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| MOTION TO REINSTATE | MTREI |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE WILLIAM
MANFREDI
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NANCY E CAMPBELL
1818 MARKET STREET SUITE 2510 ,
PHILADELPHIA PA 19103
ERIC G ZAJAC
ZAJAC & ARIAS, LLC 1818 MARKET STREET
30TH FLOOR , PHILADELPHIA PA 19103
EDWARD A GRAY
ECKERT SEAMANS CHERIN MELLOTT TWO
LIBERTY PLACE 50 S 16TH STREET 22ND
FLOOR , PHILADELPHIA PA 19102
MICHAEL P. KINKOPF
ECKERT SEAMANS CHERIN MELLOTT TWO
LIBERTY PLACE 50 S 16TH STREET 22ND
FLOOR , PHILADELPHIA PA 19102

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

September 8, 2009    ERIC G. ZAJAC

*(Attorney Signature/Unrepresented Party)*    *(Date)*    *(Print Name)*    *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.
No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 0909010810
09-SEP-09 12:54:35

**FILED**

08 SEP 2009 06:04 pm

**Civil Administration**

A. LEBRON

| | | |
|---|---|---|
| SARAH GILVARY | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | MARCH TERM, 2007 |
| GENERAL MOTORS CORPORATION | : | NO.   3736 |
| and | : | |
| POMPEY DODGE, INC. | : | JURY TRIAL DEMANDED |

## ORDER SEVERING CLAIMS AGAINST GENERAL MOTORS CORPORATION
## AND LIFTING BANKRUPTCY STAY

AND NOW, this          day of September, 2009, upon consideration of Plaintiff's

Motion to Sever Claims against General Motors Corp. from All Other Claims, and upon

consideration of any response, it is ORDERED and DECREED as follows:

1. The STAY imposed on or about June 8, 2009 is LIFTED;

2. All claims against General Motors Corporation are SEVERED;

3. The Prothonotary is directed to assign a new Court Term and Number to all claims

   against General Motors Corporation;

4. An Order scheduling a new Pretrial Conference will be issued shortly.

BY THE COURT:

_____ J.

0

Case ID: 070303736
Control No.: 09091068


ZAJAC &
ARIAS, LLC

By:   Eric G. Zajac, Esquire
Identification No.: 66003
1818 Market Street, 30th Floor
Philadelphia, PA 19103                    COUNSEL FOR:  PLAINTIFF
215.575.7615
215.575.7640 (Fax)
email: Eric@TeamLawyers.com

| | | |
|---|---|---|
| SARAH GILVARY | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | MARCH TERM, 2007 |
| GENERAL MOTORS CORPORATION | : | NO.   3736 |
| and | : | |
| POMPEY DODGE, INC. | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION TO SEVER CLAIMS AGAINST
### DEFENDANT GENERAL MOTORS CORPORATION

Plaintiff Sarah Gilvary ("Plaintiff"), by and through her undersigned attorney, Eric G.

Zajac, Esquire, ZAJAC & ARIAS, LLC, hereby moves this Honorable Court for an Order

Severing Claims Against Defendant General Motors Corporation and in support thereof, avers as

follows:

1.  This is a product liability action.

2.  Plaintiff alleges that a 1995 Chevrolet Lumina is defective primarily in two respects: (1)

    inadequate warnings against the risks of reclining the front passenger seat while the

    vehicle is in motion; and (2) failure to design the vehicle in such a way as to actively

    warn (such as with a bell or light) that the front passenger seat is reclined while the

    vehicle is in motion, or to mechanically prevent the front passenger seat from reclining

    while the vehicle is in motion.  See generally reports of Ken Laughery and William

    Muzzy, attached as Exhibit A.

1

3.  Plaintiff alleges that as a result of these defects, she was rendered a quadriplegic at the age of 19.

4.  In Pennsylvania, a dealership or distributor is liable for design defects as though it were the manufacturer.[1] See Plaintiff's Memorandum of Law.

5.  Co-Defendant Pompey Dodge, Inc. admits that it was an intermediate seller of the subject vehicle.  See Exhibit B, Title Documents.

6.  The design defects summarized in Paragraph 2, above, could have been brought against Defendant Pompey Dodge only.

7.  Although bankrupt Defendant General Motors Corp. was self-insured, Defendant Pompey Dodge is insured to ten million dollars through multiple carriers.

8.  This litigation progressed all the way through a Pretrial Conference, and trial was scheduled to commence in late June, 2009.

9.  Defendant Pompey Dodge identified no experts and refused to make any settlement offers, despite wide-spread public expectation that General Motors would go bankrupt.

10. On or about June 9, 2009, shortly after the Pretrial Conference, Defendant General Motors Corp. filed a Suggestion of Bankruptcy, and this action was placed in deferred status.

11. On or about July 1, 2009, Defendant General Motors Corp. emerged from bankruptcy.

12. As part of the federal bankruptcy proceedings, all existing causes of action against Defendant General Motors for product liability were DISCHARGED.

13. Accordingly, for the reasons set forth below, Plaintiff moves this Honorable Court for an Order severing claims against Defendant General Motors Corp., or in the alternative,

---

[1]    Approximately thirty of the fifty states of the Union have similar laws.

Case ID: 070303736
Control No.: 09091068

dismissing Defendant General Motors Corp. without prejudice, so that either way, the remaining claims against the remaining insured Defendant can proceed.

14. Defendant General Motors Corporation filed a Voluntary Petition (Chapter 11) in Bankruptcy on or about June 1, 2009, in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 09-50026.

15. On June 2, 2009, the bankruptcy court entered its Order (a) Approving Procedures for Sale of Debtors' Assets  Pursuant to Master Sale and Purchase Agreement; (b) Scheduling Bid Deadline and Sale Hearing Date; (c) Establishing Assumption and Assignment Procedures; and (d) Fixing Notice Procedures and Approving Form of Notice (Docket #274).

16. The June 2, 2009 Order of the bankruptcy court approved bidding procedures for the sale of substantially all of the Debtors' tangible, intangible and operating assets between and among Vehicle Acquisition Holdings LLC (the purchaser), and General Motors Corporation and its Debtor subsidiaries.  The purchaser is hereafter referred to as "New GM."

17. The authorized sale of assets to New GM is to be free and clear of all liens, claims, encumbrances, rights, remedies, restrictions, interests, liabilities and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability.

18. Only liabilities for negligence, strict liability, design defect, manufacturing defect, failure to warn or breach of the express or implied warranties or merchantability or fitness for a particular purpose to third parties for death or personal injury arising out of products

3

<u>delivered</u> to a consumer, lessee or other purchaser of a product <u>at or after the closing</u> are

assumed by the New GM.

19. Liabilities, including consumer litigation claims and personal injury claims such as that

of the plaintiffs, would remain with "Old GM." It is expected that any liquidation of

assets would take two or more years and result in pennies on the dollar, if any money at

all, for claimants.

20. Notwithstanding the filing of a bankruptcy petition by a defendant manufacturer,
pending products liability suits involving the manufacturer's products may be
continued against codefendants who have not gone into bankruptcy. 11 U.S.C. §
362(a), providing for the automatic stay of judicial proceedings against the debtor,
does not mandate a stay of proceedings against joint tortfeasors who are the
debtor's codefendants. The Chapter 11 debtor is not an indispensable party under
Fed. R. Civ. P. 19 in whose absence the products liability suit against solvent joint
tortfeasors would have to be stayed.

CONTINUATION OF SUITS AGAINST JOINT TORTFEASORS NOT IN BANKRUPTCY, Am.
L. Prod. Liab. 3d § 59:11 (May 2009 ed.) (citations & footnotes omitted).

21. Both the interests of justice and judicial economy will be best served by this Court

permitting Plaintiff to proceed against the remaining Defendants as opposed to staying

the entire case indefinitely pending the lifting of the bankruptcy stay as to Defendant

General Motors. *See, e.g., Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.

1983):

We join those courts concluding that the protections of § 362 neither apply to co-
defendants **nor preclude severance.**
                                *    *    *    *    *
We are persuaded that the requisite balancing of the competing interests involved
in these cases weighs in favor of allowing the remaining actions to proceed. The
realities of the hardship of a stay on the plaintiffs . . . is substantial and, in some
instances, permanent. The grim reaper has called while judgment waits. Just as
obviously, the bankruptcy proceedings are not likely to conclude in the immediate
future. A stay hinged on completion of those proceedings is manifestly
"indefinite." *Id.* at 544; 545 (emphasis added).

4

Case ID: 070303736

Control No.: 09091068

22. Plaintiff thus moves this Court, pursuant to Pennsylvania Rule of Civil Procedure 213, to sever this action -- severing the claims against debtor General Motors Corporation from those claims against the insured co-Defendant.

23. This court retains jurisdiction to determine if the automatic stay applies to Plaintiff's Motion. *Wilds v. Heckstall,* 2009 WL 1351773 (N.Y.Sur., 2009); *In re Baldwin-United Corp. Litig.,* 765 F.2d 343 (2nd Cir., 1985).

24. The automatic stay does not apply to deciding this Motion, as severance would not affect the rights of debtor General Motors Corp. and would hold in abeyance all claims against General Motors Corp.. *Wedgewood v. Fireboard Corp., 706 F.2d 541 (C.A.La., 1983); Wllford v. Armstrong World industries, Inc., 715 F.2d 124 (C.A.N.C., 1983).*

25. The automatic stay applicable to debtor General Motors Corp. does not stay the action against the insured co-defendant. To the contrary, claims against those defendants can, and should move forward, requiring severance of the action. *Wedgewood v. Fireboard Corp., 706 F.2d 541 (C.A.La., 1983); Wllford v. Armstrong World industries, Inc., 715 F.2d 124 (C.A.N.C., 1983).*

26. Philadelphia trial courts have used severance as a means of allowing plaintiffs to timely proceed against solvent co-defendants in the event of a bankruptcy of one or more defendants in the course of the litigation. *Westerby v. Johns-Manville Corp.,* 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982); *McMillan v. Johns-Manville et. al.,* 15 Phila. Cty. Rptr. 650 (1987); *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982).

27. Further, even if Defendant General Motors were not indemnifying co-Defendant Pompey Dodge, "nothing precludes the solvent [defendants]… from obtaining contribution from

Case ID: 070303736
Control No.: 09091068

the bankrupts when (and if) they emerge from reorganization proceedings. To hold

otherwise would be to require an exercise in futility, for any finding of fault against the

bankrupt manufacturers would be unenforceable under the automatic stay provisions of

the Bankruptcy Code." *Ottavio v. Fibreboard Corp.*, 421 Pa. Super. 284, 293 (1992)

WHEREFORE, Plaintiff respectfully request that this Court grant the relief requested in

the attached proposed order.

ZAJAC & ARIAS, L.L.C.

BY:  ERIC G. ZAJAC, ESQUIRE
Attorney for Plaintiff

DATED: September 8, 2009

6

Case ID: 070303736
Control No.: 09091068

 ZAJAC &
ARIAS, LLC

By:    Eric G. Zajac, Esquire
Identification No.: 66003
1818 Market Street, 30th Floor
Philadelphia, PA 19103
215.575.7615
215.575.7640 (Fax)
email: Eric@TeamLawyers.com

COUNSEL FOR:  PLAINTIFF

| | | |
|---|---|---|
| SARAH GILVARY | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | MARCH TERM, 2007 |
| GENERAL MOTORS CORPORATION | : | NO.    3736 |
| and | : | |
| POMPEY DODGE, INC. | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO SEVER CLAIMS AGAINST
## DEFENDANT GENERAL MOTORS CORPORATION

### I. MATTER BEFORE THE COURT

Presently before the Court is Plaintiff's Motion to Sever Claims Against Defendant General

Motors Corporation.

### II. STATEMENT OF QUESTION INVOLVED

Whether claims against bankrupt Defendant General Motors Corp. should be severed so that

claims against Pompey Dodge, which is insured for ten million dollars, should proceed?

SUGGESTED ANSWER: yes

### III. RELEVANT FACTS

Plaintiff alleges that a 1995 Chevy Lumina is defective primarily in two respects: (1)

inadequate warnings against the risk of reclining the front passenger seat while the vehicle is in

motion; and (2) failure to design the vehicle in such a way to actively warn (such as with a bell

or light) that the front passenger seat is reclined while the vehicle is in motion, or to

1

Case ID: 070303736
Control No.: 09091068

mechanically prevent the front passenger seat from reclining while the vehicle is in motion. See

generally reports of and, attached as Exhibit A. Plaintiff alleges that as a result of these defects,

she was rendered a quadriplegic at the age of 19.

Co-Defendant Pompey Dodge, Inc. admits that it was an intermediate seller of the subject

vehicle. See Exhibit B, Title Documents. Although bankrupt Defendant General Motors Corp.

was self-insured, Defendant Pompey Dodge is self-insured to ten million dollars.

This litigation progressed all the way through a Pretrial Conference, and trial was scheduled

to commence in late June, 2009.

Defendant Pompey Dodge identified no experts and refused to make any settlement offers,

despite wide-spread public expectation that General Motors would go bankrupt.

On or about June 9, 2009, Defendant General Motors Corp. filed a Suggestion of

Bankruptcy, and this action was placed in deferred status. On or about July 1, 2009, Defendant

General Motors Corp. emerged from bankruptcy. As part of the federal bankruptcy proceedings,

all existing causes of action against Defendant General Motors for product liability were

DISCHARGED.

## IV. STATEMENT OF LAW AND ARGUMENT

### A. Summary of Argument

The bankruptcy filing of defendant General Motors Corp. imposes the automatic stay of §

362(a) on all claims pending against it. However, General Motors Corp.'s bankruptcy does not

stay Plaintiff's claims in this action against the other, solvent defendant, Pompey Dodge. In

order to expedite and resolve those claims, Plaintiff has filed this Motion to sever her action,

removing General Motors Corp. from the other claims, allowing for a resolution, by trial if

necessary, against the remaining defendant.

2

Case ID: 070303736
Control No.: 09091068

This is a sensible and approved way of dealing with the situation created by the automatic stay. However, to delay the litigation, the solvent co-defendants is likely to oppose Plaintiff's motion and attempt to require the resolution of claims against it to await the far distant resolution of the General Motors Corp. bankruptcy. If so, Defendant's position is baseless and Plaintiff is entitled to have her Motion for severance granted. Several considerations demand this conclusion.

First, Plaintiff has a direct claim against Pompey Dodge. Her claims are neither derivative nor ancillary. As such she is entitled to have those claims decided expeditiously, regardless of General Motors Corp.'s bankruptcy.

Second, this Court enjoys the power and authority to grant Plaintiff's motion. This Court's jurisdiction is not impaired by the automatic stay. As severance would not affect the rights of bankrupt defendant General Motors Corp., an order severing General Motors Corp. from the other defendant would not violate the automatic stay and is within the competency of this Court.

Third, the automatic stay applicable to Defendant General Motors Corp. does not stay any action against the solvent co-defendant. To the contrary, claims against that Defendants can, and should, move forward, requiring a severance of the action.

Fourth, claims for indemnification or contribution against General Motors Corp. do not stay the proceeding. To the contrary, those claims, like Plaintiff's direct claims against General Motors Corp. are stayed pending resolution of the bankruptcy.

Fifth, complications in the pursuit of discovery caused by General Motors Corp.'s bankruptcy are not a basis for denying Plaintiff's Motion or staying the actions against the solvent co-defendant. Case-law holds that the stay does not shield General Motors Corp. from

3

Case ID: 070303736
Control No.: 09091068

responding to discovery directed toward claims against the other defendants. There is no
indication that discovery will be in any way hampered by General Motors Corp.'s bankruptcy. In
fact, discovery had closed before the stay was imposed. And even if inconveniences in discovery
are created by the bankruptcy, case-law holds that this is not a basis for denying Plaintiff's
Motion or staying the claims against Pompey Dodge.

Finally, Pennsylvania case-law favors severance as a mechanism for allowing Plaintiff to
continue her claims against Pompey Dodge, while holding in abeyance all claims against the
debtor General Motors Corp..

Each of these issues is discussed in more detail below.

B.  Plaintiff's Claims against Pompey Dodge are Direct Claims and are not Derivative or
    Ancillary to Plaintiff's Claims against General Motors Corp.

It is anticipated that Pompey Dodge will claim that any action against it is ancillary or
derivative to any action against the manufacturer and therefore the case against it is stayed by
General Motors Corp.'s bankruptcy. However, that claim is neither factually nor legally correct.
Plaintiff has a distinct and separate claim against every seller of the product, including Pompey
Dodge -- the car dealership that admittedly and undeniably was in the chain of distribution of
the vehicle.

Pennsylvania adopted section 402A of the Restatement (Second) of Torts in *Webb v.
Zern*, 422 Pa. 424, 220 A.2d 853 (1966) and has consistently applied that section in product
liability cases. 402A speaks strictly in terms of liability for "sellers". Indeed, the word
manufacturer is never used in that section. 402A refers to "One who **sells** any product in a
defective condition...", if "the **seller** is engaged in the business of **selling** a product" *Restatement
(Second) of Torts, § 402A* (1965)(*emphasis added*).

4

Case ID: 070303736
Control No.: 09091068

Shortly after *Webb,* the Pennsylvania Supreme Court made clear that 402A applied to all

**sellers** of a product, not just the manufacturer.  In a case involving an allegedly defective

automobile tire, the court writes, "Goodrich, the manufacturer, Gulf Tire, the wholesaler, and

Keller, the retailer and immediate vendor, would all be considered 'sellers' (Comment f., Section

402A).  Liability, if it exists, arises from Section 402A." *Forry v. Gulf Oil Corp.*, 428 Pa. 334,

340, 237 A.2d 593, 597 (1968).

Comment f to 402A explains, "The rule stated in this Section applies to any person

engaged in the business of selling products for use or consumption.  It therefore applies to any

manufacturer of such a product, to any wholesale or retail dealer or distributor..."  Comment c to

402A explains the rational for applying liability to any and every member of the chain of

distribution: "On whatever theory, the justification for the strict liability has been said to be that

the **seller**, by marketing his product for use and consumption, has undertaken and assumed a

special responsibility toward any member of the consuming public who may be injured by it."

*Restatement (Second) of Torts, § 402A, Comment c (emphasis added).*

Citing Comments c and f, the Pennsylvania Supreme Court writes; "We have also stated

[402A's] applicability to sellers as well as manufacturers in a number of factual settings,

adopting comment f and applying the rule to cases involving suppliers other than sellers as well."

*Coyel by Coyel v. Richardson-Merrell, Inc.,* 526 Pa. 208, 212, 584 A.2d 1383, 1385 (1991); *see*

*also Francioni v. Gibsonia Trucking Company,* 472 Pa. 362, 372 A.2d 736 (1977) (citing

comment f to support holding that plaintiff had a right of action against the lessor of a product).

That Plaintiff's claims against Pompey Dodge are neither ancillary nor derivative of

claims against General Motors Corp. is demonstrated by a simple test.  In this action, Plaintiff

could have originally filed against Pompey Dodge only, without ever naming General Motors

5

Corp. as a defendant. Plaintiff has a direct action against Pompey Dodge that is not derivative.

While Pompey Dodge may find the bankruptcy of General Motors Corp. inconvenient, its

inconvenience is no different from that of the Plaintiff, and there is no basis for delay of the

resolution of claims against Pompey Dodge.

C. The Automatic Stay Does not Strip this Court of Jurisdiction, and the Court has the
Power to Decide Plaintiff's Motion for Severance.

Pompey Dodge may claim that the trial court has no authority to do anything, as one

party to the litigation is now subject to the automatic stay. However, trial courts are not stripped

of jurisdiction by the automatic stay. To the contrary, the trial court has authority to determine if

the stay is applicable to any action taken in its court. If the court finds that action does not

violate the stay, the trial court has authority to continue the action. As a severance of the present

action would not affect the debtor, General Motors Corp., and does not violate the automatic

stay, this Court enjoys jurisdiction to sever the action and to allow the litigation to continue as to

Pompey Dodge.

The principle has been stated, "The law is clear that the non bankruptcy court has

jurisdiction to determine the applicability of the automatic stay to litigation before it. 'The court

in which the litigation claimed to be stayed is pending has jurisdiction to determine...whether the

proceeding before it is subject to the automatic stay.'" *Wilds v. Heckstall,* 2009 WL 1351773, 3

(N.Y.Sur., 2009) (quoting *Sawalski v. NLRB,* 158 BR 971 (Bkry.Ct., E.D.Mi., 1993).

*Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374 (6th Cir., 2001) describes

jurisdiction between the bankruptcy court and another court in which an action is pending as

"concurrent". *Chao* states, "[T]he exclusivity of the bankruptcy court's jurisdiction reaches only

as far as the automatic stay provisions of 11 U.S.C. § 362. That is, if the automatic stay applies

to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy

6

Case ID: 070303736
Control No.: 09091068

court. If the automatic stay does not apply- *e.g.*, if an exception to the stay covers the action in question- the bankruptcy court's jurisdiction is concurrent with that of any other court of competent jurisdiction." *Id. at* 383.

    *Chao* continues, "Not surprisingly, courts have uniformly held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (*i.e.*, stays) the proceedings. Assuming its jurisdiction is otherwise sound, the non-bankruptcy court may enter orders not inconsistent with the terms of the stay and orders entered by the bankruptcy court respecting the stay." *Id. at* 384 (citations and quotations omitted). *See also In re Baldwin-United Corp. Litig.,* 765 F.2d 343, 347 (2nd Cir., 1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending…and the bankruptcy court."); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir., 1986) ("other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.").

    *Vasile v. Dean Witter Reynolds, Inc.,* 20 F.Supp.2d 465, 499 (E.D.N.Y., 1998) quotes *In re Baldwin-United, supra.,* to conclude, "The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceedings pending before it is subject to the automatic stay." *See also S.E.C. v. Bilzerian,* 131 F.Supp.2d 10 (D.D.C., 2001) (court where action is pending has authority to determine if the automatic stay is applicable.); *Covanta Onondaga, Ltd. V. Onondaga County Resource Recovery Agency,* 283 B.R. 651, 654 (N.D.N.Y., 2002) ("The court

Case ID: 070303736
Control No.: 09091068

in which the litigation claimed to be stayed is pending and has jurisdiction to determine not only its own jurisdiction, but also the more precise question whether the proceeding pending before it is subject to the automatic stay.")

While much of the published opinions deal with the federal district courts' jurisdiction, the principle is equally applicable to state tribunals. *See In re Ivani,* 308 B.R. 132, 135 (Bkrtcy. E.D.N.Y., 2004) ("[T]he majority rule finds that federal and state courts have concurrent jurisdiction over the matter.").

Indeed, Pennsylvania trial courts have exercised their authority to sever cases pursuant to Pennsylvania Rule of Civil Procedure 213(b), where one or more defendant has filed for bankruptcy during the pendency of the litigation. *See Westerby v. Johns-Manville Corp.,* 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982); *McMillan v. Johns-Manville et. al.,* 15 Phila.Cty. Rptr. 650 (1987); *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982). In so doing, these courts allowed litigation to continue against solvent co-defendants, while claims against the debtor were held in abeyance by the automatic stay. Accordingly, this Court may and should exercise its power to sever the instant action. As stated in *Arnold v. Garlock,* 278 F.3d 426, 436 (5th Cir., 2001), "[W]e join [the cited courts] in concluding that the protections of § 362 neither apply to co-defendants **nor preclude severance**." (emphasis added).

D.   The Automatic Stay Applicable to a bankrupt Defendant Does not Stay Any Action against a Solvent Co-defendant.

It is anticipated that Pompey Dodge will argue that the action against it, too, is stayed by the bankruptcy filing of General Motors Corp.. However, case-law is abundantly clear that an action stayed as to a bankrupt defendant is not stayed as to any solvent co-defendant.

8

This argument -- that the automatic stay applies to a solvent co-defendant -- was rejected

in *Wedgeworth v. Fireboard Corp.,* 706 F.2d 541 (C.A. La., 1983). There the appellate court

writes:

> We begin our inquiry by examining the plain language of the statute. That language
> clearly focuses on the insolvent party. There are repeated references to *the debtor.* The stay
> envisioned is "applicable to all entities," § 362A, but only in the sense that it stays all entities
> proceeding against the debtor. To read the "all entities" language as protecting co-debtors would
> be inconsistent with the specifically defined scope of the stay "against the debtor," § 362(a)(1).
> Continuing, we note that the remaining clauses of § 362(a) carefully list the kinds of proceedings
> stayed, in each instance explicitly or implicitly referring to "the debtor".
> *Id. at* 544.

In upholding the trial court's decision to allow the matter to proceed against solvent

defendants, the *Wedgeworth* court recognizes that bankruptcy proceedings would not likely

conclude in the near future and to require the plaintiff to wait would be manifestly unjust. Nor

did the court give any credence to the argument that discovery would be difficult because of the

bankruptcy of a defendant, finding this to be one inconvenience incumbent to litigation.

Similarly, in *Willford v. Armstrong World Industries, Inc.,* 715 F.2d 124 (C.A.N.C.,

1983) the court declined to countenance arguments that the stay applies, or, by discretion should

apply, to solvent co-defendants when the action is stayed as to one defendant as a result of a

bankruptcy filing. That court writes:

> In concluding that the remaining co-defendants cannot avail themselves of the
> automatic stay provisions of 11 U.S.C. § 362(a), applicable to those defendants under
> the protection of the bankruptcy court, we need only examine the plain wording of the
> statute itself. It provides only for an automatic stay of any judicial proceedings "against
> the debtor". Section 362(a)(1). The words "applicable to all entities" denotes that the
> stay accorded the "debtor" is without limit or exception and that the "debtor" is
> protected from the pursuit of actions by any party of any character during the period of
> the stay. That insulation, however, belongs exclusively to the "debtor" in bankruptcy.
> *Id. at* 126.

Nor did the *Wilford* court find reason to extend the stay to the solvent co-defendants. It

dismissed arguments of "piecemeal litigation", finding it a matter imbedded in the bankruptcy

9

Case ID: 070303736
Control No.: 09091068

procedure. It likewise dismissed arguments of complications in discovery. The court states, "In any event, the position in which the appellants find themselves, while taxing and burdensome, does not constitute a sufficient offset to the plaintiff's rights to have his case resolved without undue delay." *Id. at* 128.

In *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194 (C.A., Ohio, 1983) another circuit court reached the same result. The *Lynch* court reviews not only the language of § 362(a), but the legislative history as well, finding no intention on Congress' part to extend the stay to solvent co-defendants. "Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as a debtor's co-defendants, rather than the debtor or its creditors." *Id. at* 1196.

The *Lynch* court likewise rejects arguments that duplicative or multiple litigation could form a basis for extending the stay. The *Lynch* court simply acknowledges that this is a by-product of bankruptcy proceedings. *Id. at* 1199.

*Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068 (3rd Cir., 1983) is a Third Circuit case reaching the same result. Applying the same reasoning cited in the cases above, the *Gold* court found that the automatic stay did not apply to solvent co-defendants. In upholding the trial court's refusal to impose a discretionary stay, the court found the burden on the plaintiff took precedence to any burden to the co-defendants.

In *Gold,* the defendants argued that Johns-Manville was the primary defendant, and, as such, bore the burden of defense for all defendants. The court responds, "The decision to allocate such responsibility to Johns-Manville was part of a consciously chosen trial strategy, and while we do not find fault with petitioners for dividing the tasks of trial preparation, it would be

Case ID: 070303736
Control No.: 09091068

unfair to burden plaintiff with the unexpected and untoward consequences of defendants' decisions." *Id. at* 1076.

The *Gold* court concludes, "We are not persuaded that the hardship imposed on defendants by proceeding to trial without Johns-Manville or our legitimate interest in judicial economy is sufficient to force these plaintiffs to forebear until the bankruptcy defendants emerge from the reorganization proceedings. The defendants may be seriously inconvenienced by the resumption of the actions against them; under the standard announced in *Landis* [*v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)], however, the balance of hardship weighs in favor of the injured plaintiffs." *Id. at* 1076.

Defendants will maintain that as the facts and proofs surrounding the various claims are inter-related, the stay somehow applies to all defendants, or that the trial court should stay the action until the bankruptcy is resolved. *Wilds v. Heckstall,* 2009 WL 1351773 (N.Y.Sur., 2009) is a recent case in which this argument was pursued by defendants but rejected by the trial court. Although unreported, the reasoning of the *Wilds* opinion is applicable here. "Thus, when there are multiple parties to the litigation, the action may continue against the other parties, even though the action is stayed against the debtor. This is so even if the action against the non-debtors has a similar legal or factual connection to the debtor's property." *Id. at* 3 (citing *Croyden Assocs. V. Alleco, Inc.,* 969 F.2d 675 (8th Cir., 1992) and *Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194 (3rd Cir., 2009)).

Ample case law supports a conclusion that, in this action, Plaintiff is not stayed from pursuing claims against Pompey Dodge, and that the action should be severed to permit the Plaintiff to move forward against it. *See Fortier v. Dona Anna Plaza partners,* 747 F.2d 1324 (C.A.N.M., 1984); *Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.,* 2009 WL 385583

Case ID: 070303736
Control No.: 09091068

(N.D.Ohio, 2009); *GATX Aircraft Corp. v. Safety Guide of Alabama, LLC*, 2008 WL 5045065

(M.D.Ala., 2008); *Arnold v. Garlock*, 278 F.3d 426 (5th Cir., 2001); *Seiko Epson Corp. v. Nu-*

*Kote Intern., Inc.*, 190 F.3d 1360 (C.A.Cal., 1999).

   E.  Claims for Indemnification or Contribution against the Bankrupt Defendant do not
       Stay the Action as to Pompey Dodge or Prevent Severance of the Action.

   Common law claims for indemnification by Pompey Dodge against the debtor, General

Motors Corp., do not preclude severance of the action or prevent Plaintiff from pursuing claims

against Pompey Dodge during the pendency of General Motors Corp.'s bankruptcy.  Courts have

consistently held that the stay of claims of indemnification against the bankrupt party is not

grounds for a stay of plaintiff's claims as to solvent co-defendants.  Rather, Pompey Dodge's

claims for indemnification are simply stayed, as are Plaintiff's direct claims, until the stay is

lifted.

   In ruling that the trial court had correctly refused to stay an action against bankrupt's co-

defendants, a federal circuit court held that considerations of co-defendants' claims for

indemnification were not a basis for staying the action against the debtor's co-defendants.  The

court, in *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1199 (C.A.Ohio, 1983), writes;

"Confronting these arguments, it is initially observed that any duplicative or multiple litigation

which may occur is a direct by-product of bankruptcy law.  As such, the duplication, to the

extent that it may exist, is congressionally created and sanctioned.  More importantly, however,

any benefits which may derive to the solvent co-defendants from a stay are clearly outweighed

by the countervailing interests of the plaintiffs."

   Arguments that claims of indemnification against the bankrupt party should preclude the

action from proceeding against other defendants were also rejected in *Wedgeworth v. Fireboard*

*Corp.*, 706 F. 2d 541 (C.A.La., 1983).  *Wedgeworth* states:

Case ID: 070303736
Control No.: 09091068

Questions of contribution, indemnity and apportioned liability are serious issues which will neither self-destruct nor disappear. They will have to be confronted and resolved at some time in some forum. Defendants have not shown that any hardship complained of is the result of proceeding to trial now. Nor is there any showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' rights to proceed without inordinate delay to a resolution of their claims.
*Id. at* 546.

*Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124 (C.A.N.C., 1983 reaches the

same conclusion. That court writes:

Piecemeal litigation no doubt will result from the absence of the defendants now in bankruptcy court. Conceivably, certain of the claims may need to be relitigated in that court or elsewhere. However, we are convinced that the requisite balancing of the competing interests of the plaintiff and the non-bankrupt defendants in this case weighs in favor of permitting the trial to proceed against appellants. We can discern no clear case of hardship or inequity in requiring the appellants (the remaining defendants below) from proceeding to trial. The defendants protected by the shield of a stay under § 362(a) will in time in some forum have the allegations of the complaint against them and any claims they may have against co-defendants fully litigated. The results of the litigation in bankruptcy will not be squandered.
*Id. at* 128.

As discussed in *Austin v. UNARCO Industries, Inc.,* 705 F.2d 1, 5 (C.A.Me., 1983)

claims for indemnification or contribution are simply claims like the plaintiff's direct claim

against the bankrupt defendant. They are stayed by the bankruptcy petition, but are not an

impediment to resolving plaintiff's claims directly against Pompey Dodge. As such, claims

against Pompey Dodge in this case should be severed from claims against the bankrupt General

Motors Corp., those being both Plaintiff's direct claims and any claims for indemnification or

contribution. These claims must await resolution of the bankruptcy. However, that does not

prevent severance and resolution of all claims against the solvent co-defendants.

    F.   The Automatic Stay does not Shield the Debtor, General Motors Corp., from the Requirement of Responding to Discovery, and Inconveniences in the Discovery Process Engendered by a Bankruptcy is not a Basis for Refusing to Sever the Case.

Case ID: 070303736
Control No.: 09091068

Defendant Pompey Dodge may claim that the action should not be severed because it would still require discovery directed to debtor General Motors Corp.. However, courts have repeatedly held that discovery directed to a debtor is not stayed, if that discovery is related to a claim against a non-debtor party, even where that discovery might later be used in a claim against the debtor. Further, courts have repeatedly held that any inconvenience caused by a bankruptcy is not grounds to stay an action.

*In re Richard B. Vance and Co.,* 289 B.R. 692, 697 (Bkrtcy., C.D.Ill., 2003) states this concisely; "[I]t is now generally accepted that discovery pertaining to claims against the bankrupt's co-defendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor." *See also Peter Rosenbaum Photography Corp.* 2004 WL 2973822, 2 (N.D.Ill., 2004) (holding that discovery as to the debtor was no basis for a stay for solvent co-defendants).

*Rosenbaum* cites *In re Miller,* 262 B.R. 499 (9th Cir. BAP, 2001) for the established proposition that the automatic stay does not protect the debtor from complying with discovery requests pertaining to claims against the other non-debtor defendants. Indeed, in this case there is no indication that discovery from General Motors Corp. will be in anyway impeded. Discovery had been closed, experts reports had been exchanged, a Pretrial Conference had been conducted, and the case was only a couple weeks from trial when the stay was imposed. Even if the bankruptcy creates some inconvenience, courts have consistently held that that is no basis for a stay as to solvent co-defendants.

This issue was examined at length in *Wedgeworth v. Fireboard Corp.,* 706 F.2d 541 (C.A.La., 1983) with the trial court and then the circuit court rejecting inconveniences of discovery as a basis for staying the action against non-bankrupt defendants. In *Wedgeworth* the

Case ID: 070303736
Control No.: 09091068

bankruptcy court had, in fact, imposed restrictions on discovery directed to the debtor, Johns-Manville, a factor not present here. Still the court rejected this as a basis for a stay as to other defendants. *Id. at* 545.

The same result was reached by the circuit court in *Willford v. Armstrong World Industries, Inc.,* 715 f.2d 124 (C.A.N.C., 1983). That court found that, "[T]here is no specific meaningful complaint by any of the appellants that discovery has been thwarted, or that specific problems exist." *Id. at* 128. So too, in this action there is no indication that discovery from "old" General Motors Corp. or "new" General Motors Corp. would be in any way impeded. Even if that were so, case-law shows that such impediment is not a basis for a stay as to solvent co-defendants. As the *Wilford* court wrote, "In any event, the position in which the appellants find themselves, while taxing and burdensome, does not constitute a sufficient offset to the plaintiff's right to have his case resolved without undue delay." *Id. at 1*28.

Because discovery directed to a bankrupt is not stayed as to claims against other defendants, because discovery had long been closed, and because, even if the bankruptcy creates some impediments to discovery, inconvenience in discovery is not a basis for staying claims against solvent co-defendants, this action should be severed to allow Plaintiff to pursue claims against Pompey Dodge.

G. Pennsylvania Caselaw Favors Severance of this Action.

While, as would be expected, most written opinions dealing with severance and continuation of a lawsuit against co-defendants in a case in which one defendant files for bankruptcy, appear in federal courts, it is apparent that severance is permitted and approved in Pennsylvania state courts.

Case ID: 070303736
Control No.: 09091068

In *Ottavio v. Fireboard Corp.*, 421 Pa. Super. 284, 617 A.2d 1296 (1991) the Superior

Court upheld the trial court in allowing the case to go to the jury as to all non-bankrupt

defendants. Noting that Pennsylvania has adopted the Uniform Contribution Among Joint Tort-

feasors Act at 42 Pa.C.S. § 8321 *et. seq.*, the court concluded that remaining claims for

contribution could and must wait the resolution of the bankruptcy and the lifting of the automatic

stay.

Pennsylvania trial courts have exercised their discretion under Pa.R.C.P. 213(b) to sever

claims against non-bankrupt co-defendants from those of the debtor.  Rule 213(b) provides:

> (b) The court, in furtherance of convenience or to avoid prejudice, may, on its own
> motion or on  motion of any party, order a separate trial of any cause of action, claim, or
> counterclaim, set-off, or cross suit, or of any separate issue, or of any number of causes of
> action, claims, counterclaims, set-offs, cross-suits, or issues.

In *Westerby v. Johns-Manville Corp.*, 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982) the court

recounts that the action was severed on motion of the plaintiff to allow the action to proceed to

trial against only non-bankrupt defendants, following the bankruptcy filing of two defendants.

That court writes:

> We held that while the stay remained effective as to Johns-Manville and UNARCO,
> nothing in the bankruptcy laws hinders the presentation or continuation of an individual
> plaintiff's claims against the remaining co-defendants.  Therefore, assuming we retained
> jurisdiction in the instant case and Mr. Westerby thereafter elected to sever the
> bankrupt-debtors, plaintiff would be able to proceed only against the non-bankrupt
> defendants, and, pursuant to the bankruptcy laws, any claims he had against Johns-
> Manville and UNARCO would be held in abeyance until such time as the statutory stay
> was lifted. *Westerby at* 181-182.

Likewise in *McMillan v. Johns-Manville et. al.*, 15 Phila. Cty. Rptr. 650 (1987) the trial

court, on motion by the plaintiff, severed claims against non-bankrupt co-defendants from the

same claims against the bankrupt defendant, and permitted that case to proceed to trial.

Reaching the same decision, the trial court in *Matthews v. Johnsmanville Corp.*, 33

Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982) writes:

Case ID: 070303736
Control No.: 09091068

The plain language of the above section, its legislative history and the relevant caselaw charting its contours and scope point to the inescapable conclusion that the § 362(a) automatic stay is designed solely as a mechanism for the protection of the debtor-bankrupt and the property of the bankruptcy estate; not for the benefit of related but independent co-defendants. Congress did not intend, and the express language of the statute does not provide a windfall benefit to non-bankrupt co-defendants.

And in *Brown v. Philadelphia Asbestos Corp.*, 443 Pa. Super. 131, 639 A.2d 1245 (1994), a Pennsylvania appellate court exercised its discretion by severing an appeal following bankruptcy of some defendants. The court notes, "As Keene's appeal arises from an action brought against Keene before the filing of his bankruptcy petition, we must stay Keene's appeal pending the conclusion of the bankruptcy proceedings. Moreover, as the automatic stay applies only to the bankrupt debtor, we must severe Keene from the instant appeal." *Brown at* 135, 639 A.2d at 1247. The court concludes that even if it were disposed to find in favor of Keene on the pending appeal, it is still stayed from any action, but not stayed from deciding the appeals of co-defendants. *See also DiDio v. Philadelphia Asbestos Corp.*, 434 Pa. Super. 191, 642 A.2d 1088 (1994) *and Murray v. Philadelphia Asbestos Corp.*, 433 Pa. Super. 206, 640 A.2d 446 (1994) (reaching the same result in related cases.)

In *Temtex Products, Inc. v. Kramer*, 330 Pa. Super. 183, 479 A.2d 500 (1984) the appellate court upheld the trial court's refusal to stay an action where a named defendant filed for bankruptcy. Finding that the named defendant had no actual ownership interest in the disputed property, the action was permitted to move forward despite the stay.

V. CONCLUSION

Because Rule 213(b) allows severance, because Plaintiff has a direct action against the non-bankrupt co-defendants, and because matters of indemnification can be resolved, this matter should be severed to allow the action to proceed against Pompey Dodge.

Case ID: 070303736
Control No.: 09091068

WHEREFORE, Plaintiff respectfully request that this Court grant the relief requested in the attached proposed order.

ZAJAC & ARIAS, L.L.C.

BY:    ELIZA G. ZAJAC, ESQUIRE
       Attorney for Plaintiff

DATED: September 8, 2009

## CERTIFICATION OF SERVICE

I do hereby certify that the service of a true and correct copy of the within Motion was made on the 8th day of September, 2009, to the counsel below named via e-filing and First Class Mail, postage prepaid.

Michael P. Kinkopf, Esquire
ECKERT, SEAMANS
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
mkinkopf@eckertseamans.com
**Counsel for: General Motors Corporation**

Nancy E. Campbell, Esquire
Kennedy, Lipski & McDade
1818 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Email: nancy.campbell@zurichna.com
**Counsel for: Pompey Dodge**

ZAJAC & ARIAS, LLC

BY:    **Eric G. Zajac, Esquire**
       Attorney for Plaintiff

DATED:    September 8, 2009

18