# EXHIBIT "C"

## PHILADELPHIA COURT OF COMMON PLEAS
# PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 09091068 |
| *(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)* |

| FOR COURT USE ONLY | |
| --- | --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

March _____ Term, 2007
Month                                   Year
No. _____ 03736 _____

GILVARY VS GENERAL MOTORS CORP ETAL

Name of Filing Party:
POMPEY DODGE INC-DFT

**INDICATE NATURE OF DOCUMENT FILED:**
☐ Petition *(Attach Rule to Show Cause)*   ☐ Motion
☒ Answer to Petition          ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes  ☐ No
Is another petition/motion pending?                ☐ Yes  ☐ No

*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| ANSWER (MOTION/PETITION) FILED | MTANS |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
MTREI – MOTION TO REINSTATE

**I. CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE WILLIAM MANFREDI
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

NANCY E CAMPBELL
    1818 MARKET STREET SUITE 2510 ,
    PHILADELPHIA PA 19103
ERIC G ZAJAC
    ZAJAC & ARIAS, LLC 1818 MARKET STREET
    30TH FLOOR , PHILADELPHIA PA 19103
EDWARD A GRAY
    ECKERT SEAMANS CHERIN MELLOTT TWO
    LIBERTY PLACE 50 S 16TH STREET 22ND
    FLOOR , PHILADELPHIA PA 19102
MICHAEL P. KINKOPF
    ECKERT SEAMANS CHERIN MELLOTT TWO
    LIBERTY PLACE 50 S 16TH STREET 22ND
    FLOOR , PHILADELPHIA PA 19102

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

September 25, 2009      NANCY E. CAMPBELL

_____        _____        _____        _____
*(Attorney Signature/Unrepresented Party)*        *(Date)*        *(Print Name)*        *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 0909038880

28-SEP-09 09:35:55

**FILED**

25 SEP 2009 03:13 pm

**Civil Administration**

| | |
|---|---|
| SARAH GILVARY<br>v.<br>GENERAL MOTORS COPRORATION, and<br>POMPEY DODGE, INC. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>MARCH TERM 2007; NO.: 3736<br><br>TRIAL BY JURY OF 12 DEMANDED |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2009, upon

consideration of Plaintiff's Motion to Sever General Motors, and the responses thereto, it

is hereby ORDERED and DECREDD that said Motion is DENIED.


BY THE COURT,


_____
                                         J.


Case ID: 070303736
Control No.: 09091068

| | |
|---|---|
| SARAH GILVARY<br>v.<br>GENERAL MOTORS COPRORATION, and<br>POMPEY DODGE, INC. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>MARCH TERM 2007; NO.: 3736<br><br>TRIAL BY JURY OF 12 DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2009, upon

consideration of the Defendant Pompey Dodge's New Matter Request for Leave to File a

Joinder Complaint, same is GRANTED.


BY THE COURT,


_____
                                            J.


Case ID: 070303736
Control No.: 09091068

| | |
|---|---|
| SARAH GILVARY<br>v.<br>GENERAL MOTORS COPRORATION, and<br>POMPEY DODGE, INC. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>MARCH TERM 2007; NO.: 3736<br><br>TRIAL BY JURY OF 12 DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2009, upon

consideration of Defendant Pompey Dodge's New Matter Motion to Transfer, same is

GRANTED. The Prothonotary is directed to transfer this matter to Luzerne County, all

costs to be paid by Defendant.


BY THE COURT,


_____
J.


Case ID: 070303736
Control No.: 09091068

NANCY E. CAMPBELL, ESQUIRE
E-Mail: nancy.campbell@zurichna.com
Attorney I.D. No: 36247
**KENNEDY, CAMPBELL, LIPSKI & DOCHNEY**
1818 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
(215) 430-6350

**ATTORNEY FOR DEFENDANT**
POMPEY DODGE, INC.

SARAH GILVARY

v.

GENERAL MOTORS COPRORATION, and
POMPEY DODGE, INC.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

MARCH TERM 2007; NO.: 3736

TRIAL BY JURY OF 12 DEMANDED

## RESPONSE OF DEFENDANT POMPEY DODGE, INC. TO PLAINTIFF'S MOTION TO SEVER CLAIMS AGAINST DEFENDANT GENERAL MOTORS CORPORATION AND NEW MATTER MOTION FOR LEAVE TO JOIN AND MOTION FOR LEAVE TO TRANSFER

1.      It is admitted that the Complaint filed by Plaintiff sets forth product liability claims.

2.      It is admitted only that the reports of Ken Laughery and William Muzzy are writings that speak for themselves.

3.      Denied as stated. Defendant Pompey Dodge has insufficient knowledge to admit or deny the allegations contained in this paragraph. By way of further response, it is admitted that Plaintiff claims injuries based on the claims set forth in her Complaint which is a writing that speaks for itself.

4.      Denied. This is a conclusion of law to which no response is required. By way of further response, this statement is a misstatement of the law. See Defendant's Memorandum of Law attached hereto.

5.      Denied as stated.

Case ID: 070303736
Control No.: 09091068

6.    Denied as stated.

7.    Denied as stated.

8.    It is admitted that a Pre-Trial Conference was held in this case.

9.    Denied as stated. Defendant herein did list witnesses.

10.    It is admitted that General Motors Corporation filed for bankruptcy on June 1,

2009 and this matter was placed into deferred status upon the filing of a Suggestion of

Bankruptcy.

11.    Denied. It is specifically denied that General Motors Corp came out of

bankruptcy on July 1, 2009. On the contrary, General Motors is still in bankruptcy. On

July 1, 2009, certain assets of the company were sold with the proceeds brought into the

bankruptcy proceedings.

12.    Denied. On the contrary, claims have been made for causes of action existing at

the time of the bankruptcy in the bankruptcy proceeding. These claims include

individuals such as Plaintiff herein. It should be further noted that General Motors has

sold and continues to sell assets that are generating funds into the bankruptcy proceeding.

The status of the tort claimants who have filed claims with the bankruptcy court are

unresolved as they continue to pursue remedies against the old General Motors.

13.    Denied. Plaintiff cannot be permitted to sever only General Motors and not

Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated

herein by reference, the protection of the bankruptcy stay must be extended to Pompey

Dodge because it has an absolute right of indemnity against the debtor General Motors

and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's

Case ID: 070303736
Control No.: 09091068

motion is premature given the ongoing proceeding in the bankruptcy court which is just a

little over 90 days old.

14.    Admitted.

15.    Admitted.

16.    Denied as stated. The order is a writing that speaks for itself.

17.    Denied. The final order of the sale of certain assets from the old GM to the new

GM was entered on July 2, 2009. This is a 95 page order that outlines the assets and

liabilities to be sold. *See* Decision On Debtors' Motion For Approval Of (1) Sale Of

Assets To Vehicle Acquisition Holdings LLC; (2) Assumption And Assignment Of

Related Executory Contracts; And (3) Entry Into UAW Retiree Settlement Agreement.

(Docket #2967) Attached hereto as Exhibit A are pages 1 through 25 of the decision. The

full 95 page decision will be supplied to the Court upon request.

18.    Denied as stated. The decision of the Bankruptcy Court is a writing that speaks

for itself.

19.    Denied as state. It is admitted that certain liabilities were retained by the old GM.

By way of further response, for the reasons set forth in the attached Memorandum of

Law, which is incorporated herein by reference, General Motor's bankruptcy has been

specifically tailored for brevity and has thus far proceeded at an expedited pace. There is

simply no reason to believe that it will not continue to do so and thus Plaintiff's

statements that any liquidation of assets would take two years or more is unfounded.

20.    Denied. Plaintiff cannot be permitted to sever only General Motors and not

Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated

herein by reference, the protection of the bankruptcy stay must be extended to Pompey

Case ID: 070303736

Control No.: 09091068

Dodge because it has an absolute right of indemnity against the debtor General Motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

21.    Denied. Plaintiff cannot be permitted to sever only General Motors and not Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated herein by reference, the protection of the bankruptcy stay must be extended to Pompey Dodge because it has an absolute right of indemnity against the debtor General motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

22.    Denied. Plaintiff cannot be permitted to sever only General Motors and not Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated herein by reference, the protection of the bankruptcy stay must be extended to Pompey Dodge because it has an absolute right of indemnity against the debtor General motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

23.    Denied. This is a conclusion of law to which no response is required.

24.    Denied. This is a conclusion of law to which no response is required.

25.    Denied. This is a conclusion of law to which no response is required. Moreover, Plaintiff cannot be permitted to sever only General Motors and not Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated herein by reference,

the protection of the bankruptcy stay must be extended to Pompey Dodge because it has an absolute right of indemnity against the debtor General motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

26.    Denied. This is a conclusion of law to which no response is required. Moreover, Plaintiff cannot be permitted to sever only General Motors and not Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated herein by reference, the protection of the bankruptcy stay must be extended to Pompey Dodge because it has an absolute right of indemnity against the debtor General motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

27.    Denied. This is a conclusion of law to which no response is required. Moreover, Plaintiff cannot be permitted to sever only General Motors and not Pompey Dodge. As outlined in the attached Memorandum of Law which is incorporated herein by reference, the protection of the bankruptcy stay must be extended to Pompey Dodge because it has an absolute right of indemnity against the debtor General motors and in light of legitimate equitable concerns for judicial economy. Moreover, Plaintiff's motion is premature given the ongoing proceeding in the bankruptcy court which is just a little over 90 days old.

WHEREFORE, Defendant Pompey Dodge respectfully requests this Honorable Court deny Plaintiff's Motion to Sever the Claims Against General Motors and to enter the Order as submitted by Defendant Pompey Dodge.

## NEW MATTER DEFENDANT'S PETITION FOR LEAVE TO JOIN ADDITIONAL DEFENDANT

28.    On May 21, 2007, Plaintiff filed a Civil Action Complaint, alleging personal injuries and damages from a single vehicle accident.  A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit B.

29.    More specifically, Plaintiff alleges that she was injured due to a defective condition of the vehicle.  Exhibit B.

30.    Defendant Pompey Dodge's inclusion in this lawsuit is as a seller of the vehicle in a chain of eight sales.  There is no independent tort claim asserted against Defendant Pompey Dodge.

31.    Co-Defendant General Motors Corporation defended the claim as the manufacturer through June 1, 2009 when it filed for bankruptcy.  That bankruptcy continues to move forward in the Bankruptcy Court.

32.    This matter was deferred on June 8, 2009.

33.    Without waiving the arguments set forth above in opposition to Plaintiff's Motion to Sever General Motors and without waiving Defendant Pompey's arguments to extend the bankruptcy stay as to it, Defendant Pompey requests this Court grant its request for leave to join other sellers of the vehicle in question.

34.    The vehicle in question was sold by America's Choice Cars and Credit, 391 Kidder Street, Wilkes Barre, PA 18702.  See Exhibit C.

35.    The vehicle in question was sold by Susquehanna Auto Sales, Route 92, Harding, Pittston, PA.  See Exhibit C.

36.    The vehicle in question was sold by Frank Iorio's Auto Sales, 68-70 E. Main Street, Wilkes Barre, PA 18705.  See Exhibit C.

Case ID: 070303736
Control No.: 09091068

37.    The vehicle in question was sold by Brush & Palette Auto, 598 Owego Road (Rte .96), Candor, NY 13743.  See Exhibit C.

38.    The vehicle in question was sold by John Doe Rental Company of South Carolina.

39.    The liability of each seller in the chain of the sale of this vehicle is the same as Defendant Pompey.

40..    Defendant Pompey hereby seeks leave of court to join America's Choice Cars and Credit, Susquehanna Auto Sales, Frank Iorio's Auto Sales, Brush & Palette Auto and John Doe Rental Company as an Additional Defendants in this action to preserve its right to seek indemnity and/or contribution in the event that it is found liable to Plaintiff.

41.    If the allegations of Plaintiff's Complaint are proven, Defendant Pompey believes and therefore avers that proposed Additional Defendants are jointly and/or severally liable with Defendant Pompey on Plaintiff's cause of action, and/or liable over to Defendant by way of contribution, any liability on the part of Defendant Pompey being expressly denied.

42.    Defendant has filed this Petition promptly after the bankruptcy filing of General Motors puts into issue the complete indemnification required of General motors as the vehicle manufacturer.

43.    Neither the Plaintiff nor the proposed Additional Defendants will be prejudiced by the proposed joinder.

44.    The proposed Additional Defendants will not be prejudiced by the proposed joinder as the relief sought is in the nature of indemnity and/or contribution.

Case ID: 070303736
Control No.: 09091068

45.    The allowance of this Petition will permit the liabilities and rights of the various parties to be heard and determined at the same time, thereby avoiding a multiplicity of cases and fostering judicial economy.

46.    Defendant Pompey will be adversely prejudiced by the denial of this Petition as it has a good and meritorious action for indemnity and/or contribution against the proposed Additional Defendants which can be adjudicated at the same time as Plaintiff's case against Defendant Pompey.

WHEREFORE, Defendant Pompey respectfully requests that this Honorable Court grant its Petition for Leave to Join Additional Defendants America's Choice car and Credit, Susquehanna Auto Sales, Frank Iorio's Auto Sales, Bush & Palette Auto and John Doe Rental Company and enter an Order permitting Defendant to file a the Joinder Complaint against Additional Defendants.

## NEW MATTER MOTION OF DEFENDANT POMPEY TO TRANSFER VENUE TO LUZERNE COUNTY COURT OF COMMON PLEAS PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 1006(d)(1)

47.    Plaintiff commenced this suit in Philadelphia County as Defendant General Motors Corporation regularly conducts business in Philadelphia County. Specially, Plaintiff alleged in her Complaint:

1. Jurisdiction is proper in this Court because the Defendant GENERAL MOTORS CORPORATION, is present in the county of Philadelphia, can be given notice here, has purposefully availed itself to do business in the county of Philadelphia, and was in fact served with process here.

Case ID: 070303736
Control No.: 09091068

    2. Venue is proper in this Court because the Defendant, GENERAL MOTORS

    CORPORATION, regularly conducts business activities in the county of

    Philadelphia.

See Plaintiff's Complaint attached hereto as Exhibit B.

48.    With respect to Pompey Dodge, Plaintiff admits that Pompey has its principal

place of business where it was served with process at 303 Wyoming Avenue, Kingston,

Luzerne County, PA. See Plaintiff's Complaint attached hereto as Exhibit B, paragraph

5.

49.    In her Complaint, Plaintiff alleges, *inter alia,* that the subject accident occurred as

a result of a defective vehicle which was involved in a single vehicle accident on SR 309,

Luzerne County, Pennsylvania.

50.    Plaintiff's Complaint sets forth causes of action against Defendant Pompey  based

on theories of strict liability and breach of warranty.

51.    With respect to the moving Defendant, Pompey, Plaintiff alleges that it sold the

vehicle as part of the chain of distribution.

52.    Pursuant to Pa.R.C.P. 2179(a)(1), venue is proper for Defendant Pompey in

Luzerne County.

53.    Pennsylvania Rule of Civil Procedure 1006(d)(1) permits the transfer of a case

from one county to another "(f)or the conveniences of the parties and witnesses."

54.    The transfer of this case to Luzerne County is clearly warranted under the criteria

established in Cheeseman v. Lethal Exterminator, Inc., 701 A.2d 156 (Pa. 1997), because

a Luzerne County venue will provide much easier access to witnesses and other sources

of proof.

55.    More specifically, the transfer of this case to Dauphin County will provide the parties with easier access to the fact witnesses to the accident who reside in Luzerne and Lackawanna Counties, all of who have been deposed in Luzerne County during the discovery of this case.

56.    Pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, Luzerne County is the appropriate venue for this action.

WHEREFORE, Defendant Pompey respectfully requests that this Court grant this Motion to transfer and to order this case transferred to the Luzerne County Court of Common Pleas.

KENNEDY, CAMPBELL, LIPSKI
& DOCHNEY

NANCY E. CAMPBELL, ESQUIRE
Attorney for Defendant
Pompey Dodge

Case ID: 070303736
Control No.: 09091068

NANCY E. CAMPBELL, ESQUIRE      **ATTORNEY FOR DEFENDANT**
E-Mail: nancy.campbell@zurichna.com      POMPEY DODGE, INC.
Attorney I.D. No: 36247
**KENNEDY, CAMPBELL, LIPSKI & DOCHNEY**
1818 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
(215) 430-6350

SARAH GILVARY      PHILADELPHIA COUNTY
     v.      COURT OF COMMON PLEAS
GENERAL MOTORS COPRORATION, and      MARCH TERM 2007; NO.: 3736
POMPEY DODGE, INC.

TRIAL BY JURY OF 12 DEMANDED

## MEMORANDUM OF LAW OF DEFENDANT POMPEY DODGE, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO SEVER CLAIMS AGAINST DEFENDANT GENERAL MOTORS CORPORATION

### I.    MATTER BEFORE THE COURT

Defendant Pompey Dodge (hereinafter Pompey) opposes Plaintiff's Motion to Sever the claims of General Motors Corporation and submits this Memorandum of Law in support of its position.

### II.    STATEMENT OF QUESTION INVOLVED

1.    Whether the automatic stay of this proceeding under 11 U.S.C. Section 362 as to the claims against Defendant General Motors (the old GM) should be extended to Defendant Pompey because the interests of Pompey and the old GM are so intertwined that allowing Plaintiff to separate the claims of the two would offend judicial economy? Suggested Answer: Yes

2.    Whether Plaintiff's Motion to Sever is premature as the General Motors bankruptcy proceedings are just a little over ninety into the proceedings?

Case ID: 070303736
Control No.: 09091068

Suggested Answer: Yes

III. **STATEMENT OF THE CASE**

This matter involves personal injuries (plaintiff is a quadriplegic) suffered in a single vehicle accident on April 16, 2005. Plaintiff was the front passenger in a 1995 Buick Regal owned and driven by Richard Gross. On that day, Plaintiff avers that the driver Richard Gross fell asleep at the wheel and lost control of the car. In the process, Plaintiff who se passenger seat was in the reclined position, claims that she was injured in the single vehicle accident. Plaintiff argues that the vehicle was defective in that it failed to have proper warnings within the vehicle to warn of the dangers of occupying the passenger seat in a reclined position while the vehicle is in motion. Plaintiff has brought a strict liability and breach of warranty claim only against Defendant Pompey. Pompey is but one seller in a chain of eight sales of the vehicle at issue.

- 1995 vehicle is manufactured by General Motors
- April 15, 1995, vehicle sold to and registered by John Doe Rental Company
- March, 1996, vehicle sold by John Doe Rental Company at auction.
- Vehicle owned by private individual March 6, 1998 through March, 2003
- March 18, 2003, vehicle sold by Brush & Palette Auto to Frank Iorio's Auto Sales
- March 25, 2003, vehicle sold by Frank Iorio's Auto Sales to Pompey Dodge
- April 22, 2003, vehicle sold by Pompey Dodge to private individual
- January 13, 2005 vehicle traded-in at Pompey Dodge
- January 25, 2005, vehicle sold by Pompey Dodge through Northeast Auto Auction, Inc. to Susquehanna Auto Sales

Case ID: 070303736
Control No.: 09091068

- February 7, 2005 vehicle sold by Susquehanna Auto Sales to America's Choice cars & Credit

- March 25, 2005, vehicle sold by America's Choice Cars & Credit to Richard Gross

- Date of accident - April 16, 2005

Pompey did not sell the vehicle to Richard Gross. The vehicle was purchased by Richard Gross from America's Choice Cars & Credit and he was the registered owner on the day of the accident.

It is undisputed that Pompey did not manufacture or design this GM vehicle or any of its systems. Defendant Pompey made no change to the vehicle while it was in its possession. Pompey's inclusion in this matter is solely based on its pass through position as a seller of an allegedly defective vehicle. As such, Pompey has requested complete indemnification from the manufacturer General Motors. The only theory of liability against Pompey is as a seller of a defectively designed and/or manufactured vehicle.

General Motors sought bankruptcy protection under Chapter 11 on June 1, 2009. *See*, In re Motorist Liquidation Company, Case No. 09- 50026 (S.D.N.Y.). Pursuant to 11 U.S.C.A. Section 362, an automatic stay was imposed on all claims against General Motors Corporation. Plaintiff now seeks to severe General Motors from this case and to proceed against Pompey. Given the facts of this case and the legal claims made by Plaintiff, there will be a judicial waste and risk of inconsistent adjudications inherent in the maintenance of separate actions against Pompey and General Motors. Moreover, this Motion is premature as the old GM bankruptcy proceeds with expediency.

Case ID: 070303736
Control No.: 09091068

## IV.    ARGUMENT

**A.    The automatic stay of this proceeding under 11 U.S.C. Section 362 as to the claims against Defendant General Motors (the old GM) should be extended to Defendant Pompey because the interests of Pompey and the old GM are so intertwined that allowing Plaintiff to separate the claims of the two would offend judicial economy**

Pompey requests this Court extent the bankruptcy stay entered on behalf of the old GM to include Pompey. This request is supported by caselaw. Plaintiff contends that the vehicle manufactured by General Motors and sold by Pompey, as one of several sellers, was defective and caused her to suffer the injuries outlined in her Complaint. Plaintiff further contends that Pennsylvania law permits her to sue anyone in the chain of distribution including Pompey, one of eight sellers, for design and manufacturing defects despite the fact that it had no active role in the design or manufacture of the vehicle involved. However, Pennsylvania law gives the seller an absolute right of indemnity against the manufacturer when the seller's liability is predicated simply on its sale and not a separate theory of liability. Here it is undisputed that the theory of liability against Pompey is simply that it sold the vehicle as part of several sales of the vehicle. Plaintiff even admits that Pompey did not sell the vehicle to the person who owned the vehicle at the time of the accident.

It is this relationship between seller and manufacturer which supports Pompey's inclusion in the stay for several reasons and distinguishes the cases on which the Plaintiff relies in support of her request for severance. Courts have recognized the need to include those with indemnity rights against the debtor in bankruptcy stays. Moreover, Plaintiff is maintaining her action against General Motors. She has not dismissed it. She has not petitioned the Bankruptcy Court to lift the Stay so she can pursue it. At some point,

either the stay will be lifted by the bankruptcy court or the Plaintiff's claim against General Motors will be tried in the Bankruptcy Court. Plaintiff has every right to protect her claim with the bankruptcy court and to pursue her claim once the stay is lifted. Plaintiff seeks herein to assert the same theory of liability, namely a defect in the vehicle, against Pompey and General Motors separately, which is contrary to any judicial economy.

While an automatic stay under 11 U.S.C.A. Section 362(a)(1) typically extends only to the debtor in the bankruptcy, this application is not without exception. *See, e.g.,* A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986). Where an extension of such a stay to solvent co-defendants has been considered, the courts have often cited to circumstances that involve a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that is rendered against them. *See, id.* at 999. ("to refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.") "(E)ven in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligation will necessarily affect that creditor's status vis a vis other creditors and the administration of the estate therefore depends on the outcome of that litigation." *See, e.g.,* In re Bretano's, 27 Bankr. 90 (S.D.N.Y. 1983).[1]

In the case at bar, Pompey cannot be excluded from the benefit of the stay as Plaintiff requests. Plaintiff continues to maintain her claim against General Motors. There has been not request to dismiss the action against General Motors. Plaintiff acknowledges that her claim against Pompey is based solely on Pompey having sold the

allegedly defective vehicle to someone other that the owner at the time of her accident.

Plaintiff admits that her claims that the vehicle is defective are directed against General

Motors who designed and manufactured the vehicle. The only cause of action against

Pompey is one in which it would be entitled to complete indemnity from General Motors.

General Motors would bear primary responsibility as the designer and manufacturer for

the any successful claim made by Plaintiff. There is no allegation that Pompey breached

a duty separately owed to Plaintiff. If Pompey is found liable to Plaintiff, Pompey would

only be secondarily liable and would have an absolute right of indemnity against General

motors. These points are uncontested and Plaintiff's concession in this regard is

paramount because it eliminates any doubt of Pompey's right to indemnity from General

Motors under the law and thus should be considered absolute. _See, e.g.,_ Mixter v. Mack

Truck, Inc., 308 A. 2d 139 (Pa. Super. 1973); Sochanski v. Sears, Roebuck & Co, 689

F.2d 45 (#rd Cir. 1982). The inseparability inherent in the relationship between a product

manufacturer and a seller who does nothing more than sell an allegedly defective product

has been recognized in other circumstances. _See,_ Sochanski, supra, (release in favor of

product manufacturer also releases retailer who is only secondarily liable as a mere

conduit between the manufacturer and purchaser.) Therefore, the automatic stay under

Section 362(a)(1) must extend to Pompey as well and Plaintiff cannot be permitted to

sever General Motors only.

Pompey concedes that Plaintiff could have brought this action against Pompey

only or solely against General Motors, or as she did here, against both. However,

Plaintiff is not permitted to divide what are clearly identical claims as between General

---

[1] In contrast, _See,_ In re Metal Center, 31 Bankr 458 (D. Conn. 1983) which held that where a solvent co-defendant's liability stems from his own breach of an independent duty, he would not be entitled to receive

Case ID: 070303736

Control No.: 09091068

Motors and Pompey and pursue them separately. By filing this motion, this is precisely what Plaintiff seeks. Plaintiff's claims against Pompey and General Motors are all based on common theories of strict liability.[2] The legal issues as to General Motors and Pompey are the same. Moreover, Plaintiff admits that her claims against Pompey and General Motors are based on one set of facts - proof that the vehicle was defective. Plaintiff seeks to prove that the General Motors vehicle was defective and further seeks to recover from Pompey the damages which resulted from that defect. The claims against Pompey and General Motors are identical.

Granting Plaintiff's Motion herein would in essence lead to piecemeal litigation that would waste both party and court resources. The result would be two trials of the same legal theories based on the same set of facts and evidence in front of different fact-finders. This would lead to two separate adjudications and even separate appeals for inconsistent judgments that a severance would invite. The greater interests of judicial economy are served with a denial of this motion. *See,* In re the Loewen Group, Inc. Sec. Litig., 98-6740, 2001 U.S. Disct LEXIS 6482, at *10-13 (E.D. Pa 2001)(staying entire action because "fragmentation of such claims and discovery will waste judicial resources and may result in prejudice to the rights of the solvent co-defendants.")

Plaintiff has cited many cases from the asbestos claims which address the severance issue in the context of multiple defendant manufacturers of various asbestos products that caused injury to claimants. In those cases, mostly involving the bankruptcies of Johns-Manville and UNARCO, the remaining solvent manufacturers sought to gain protection of the bankruptcy stay on the claims against the bankrupt

---

protection of the stay.

parties. Plaintiff's reliance on these cases herein is misplaced because the parties that

sought the benefit of the stay in those cases were co-defendant **manufacturers.** The basis

for their liability was independent of the liability of the bankrupt defendants. Walton v.

Atco, 610 A.2d 454 (Pa. 1992). None of those cases applies to the facts here. Pompey's

relationship to General Motors is one where Pompey has an automatic right of indemnity

under the law because it can only be secondarily liable for what is the debtor's primary

responsibility. "(T)here is such identity between the debtor and the third-party defendant

that the debtor may be said to be the real party defendant and that a judgment against the

third-party defendant will in effect be a judgment or finding against the debtor." A.H.

Robins Co, 788 F.2d at 999.

### B.    Plaintiff's Motion to Sever is premature as the General Motors' bankruptcy proceedings are just a little over ninety into the proceedings

This Motion is premature. The bankruptcy matter continues and this Court should

wait for the pending bankruptcy proceeding to further clarify. The General Motors

bankruptcy is not typical. At this point, the bankruptcy proceedings are a little over

ninety days old and many assets have already been sold. Events continue to move

swiftly. Plaintiff's contention that the bankruptcy will continue for two years or more is

not supported by the proceeding to date. Therefore, there is no prejudice to Plaintiff in

waiting for the bankruptcy to run its course and the moneys brought in through the sale of

assets to be distributed.

Plaintiff is a member of a coalition of tort claimants known as the Ad Hoc

Committee of Consumer Victims of General Motors who have maintained claims against

General Motors. This Committee continues to maintain a presence in the bankruptcy

---

[2] Plaintiff has not asserted any negligence claims against Pompey and since Pompey did not sell the vehicle

proceedings. Moreover, there is still action that could be taken by the Obama Administration or the United States legislature. A bill was recently filed by House of Representatives member Andrew Carson, D-Ind. that seeks to force the newly emerged General Motors to cover product defect claims for those products manufactured by the now bankrupt debtor. Given the relationship between Pompey and General Motors on the facts of this case, allowing the severance of General Motors so early into the bankruptcy proceeding would be premature, especially in light of the unresolved status of the tort claimants. Additional time should be allowed to see what continues to move through the bankruptcy courts as well as the legislature.

## V.    CONCLUSION

Pompey requests this Honorable Court extend the bankruptcy stay given its absolute right to indemnity against General Motors and in light of the legitimate equitable concerns for judicial economy. In the alternative, Plaintiff's Motion is premature given the character of the unprecedented bankruptcy proceeding in the General Motors bankruptcy and at the very least, Plaintiff's Motion should be denied as premature.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S NEW MATTER PETITION FOR LEAVE TO JOIN ADDITIONAL DEFENDANTS

## I.    MATTER BEFORE THE COURT

Pursuant to Pa.R.C.P. 2253(a), Defendant Pompey seeks leave to file a joinder complaint against Additional Defendants identified as other sellers of the vehicle at issue.

---

to the owner at the time of the accident, Pompey has denied any warranty claims.

Case ID: 070303736
Control No.: 09091068

## II.    STATEMENT OF QUESTION INVOLVED

Whether this Court should permit Defendant Pompey leave to file a joinder complaint against Additional Defendants identified as other sellers of the vehicle at issue?

Suggested Answer: Yes

## III.    STATEMENT OF FACTS

See the Statement of Facts listed above. Specifically, Pompey is but one seller in a chain of eight sales of the vehicle at issue.

- 1995 vehicle is manufactured by General Motors

- April 15, 1995, vehicle sold to and registered by John Doe Rental Company

- March, 1996, vehicle sold by John Doe Rental Company at auction.

- Vehicle owned by private individual March 6, 1998 through March, 2003

- March 18, 2003, vehicle sold by Brush & Palette Auto to Frank Iorio's Auto Sales

- March 25, 2003, vehicle sold by Frank Iorio's Auto Sales to Pompey Dodge

- April 22, 2003, vehicle sold by Pompey Dodge to private individual

- January 13, 2005 vehicle traded-in at Pompey Dodge

- January 25, 2005, vehicle sold by Pompey Dodge through Northeast Auto Auction, Inc. to Susquehanna Auto Sales

- February 7, 2005 vehicle sold by Susquehanna Auto Sales to America's Choice cars & Credit

- March 25, 2005, vehicle sold by America's Choice Cars & Credit to Richard Gross

- Date of accident - April 16, 2005

Case ID: 070303736
Control No.: 09091068

Pompey did not sell the vehicle to Richard Gross. The vehicle was purchased by Richard Gross from America's Choice Cars & Credit and he was the registered owner on the day of the accident.

## IV.    ARGUMENT

Pa.R.C.P. 2252 provides that a defendant may join as an additional defendant any person, whether a party or not, who may be:

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a). A primary purpose behind this procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of the parties in a single cause of action. Indeed the rule regarding joinder of parties should be broadly construed to effectuate its purpose of avoiding multiple lawsuits and by settling in one action all claims arising out of the transaction or occurrence which gives rise to Plaintiffs' Complaint. Olson v. Grutza, 428 Pa. Super. 378, 631 A.2d 191 (1993).

Rule 2253 of the Pennsylvania Rules of Civil Procedure provides that an additional defendant may be joined after the sixty day permissive joinder period for good cause shown. The determination of whether good cause has been shown is a matter within the sound discretion of this Honorable Court. Joinder beyond the time permitted by the rules may provide a method of expeditiously litigating disputes involving multiple parties. Riccobono v. Keystone Helicopter Corp., 352 Pa. Super. 186, 507 A.2d 834

(1986). Whether there is sufficient cause to allow late joinder of an additional defendant is a matter within the sound discretion of the trial court. Mutual Industries, Inc. v. Weinberg, 423 Pa. Super. 328, 621 A.2d 140, 143 (1993). Joinder should be granted when it can "simplify and expedite the disposition of matters involving numerous parties without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970).

When requesting the late joinder of an additional defendant, a party must show (1) that the joinder is based on proper grounds, (2) that some reasonable excuse exists for the delay in commencing joinder proceedings, and (3) that the original plaintiff will not be prejudiced by the late joinder. Francisco v. Ford Motor Co., Inc., 406 Pa. Super. 144, 593 A.2d 1277 (1991). Potential prejudice to the potential additional defendant is also considered. Prime Properties Development Corp v. Binns, 397 Pa. Super. 492, 580 A.2d 405 (1990).

The Zakian court noted that the length of the delay after the expiration of the sixty (60) day period specific in Rule 2252 for joinder of additional defendants was not, in and of itself, determinative. Zakian, 264 A.2d at 641-642. Rather, the length of delay is to be viewed in the context of the particular case. Id. at 642.

Joinder Nunc Pro Tunc has been permitted after the expiration of the sixty (60) day period set forth in Rule 2253 on numerous occasions. The Court in Lamoree v. Penn Central, et al., 235 Pa. Super. 380, 385-386, 357 A.2d 595 (1976), held that a delay of 8 1/2 months was excused by the fact that plaintiff's deposition had been continued in two occasions and because of the time involved in obtaining and evaluating Plaintiff's medical records. In response to the potential additional defendant's allegation that he

Case ID: 070303736
Control No.: 09091068

would be unduly prejudiced by the passage of time, the <u>Lamoree</u> court noted that any

possible prejudice was not so severe as to preclude joinder. In reaching its decision to

allow late joinder, the court observed that "[more importantly, there is no indication that

permitting the joinder of Dr. Salerno at this date will substantially delay and <u>prejudice the</u>

<u>disposition of the plaintiffs'</u> cause of action." <u>Id.</u> at 386 [emphasis added]. Likewise,

there is no indication that permitting late joinder in the case at bar would substantially

prejudice or delay the plaintiff's cause of action.

Late joinder was also permitted in the well-reasoned cause of <u>Azcon Corporation</u>

<u>v. Dual State Builders, Inc.</u>, in which the Court held that the substantive rights of

defendant would not be affected by allowing late joinder after the eighteen (18) month

delay. 8 D. & C. 3d 499, 502 (1978). The <u>Azcon</u> court noted the following:

> To be sure, additional defendant will be prejudiced by
> the joinder. Being joined as parties will ipso facto
> expose them to a liability and to this extent it may be
> said that their position is worsened. But, if this were to
> be the criteria for allowing extension for joinder of a
> party on cause shown, then there could never be a late
> joinder and the rule, authorizing the late joinder after 60
> days, is a nullity.

<u>Id,</u> at 502-503. <u>See also</u>, <u>Scott v. I. Reindollar & Son, Inc.</u>, 87 York 173 (1974). (joinder

permitted 22 months but did not preclude joinder).

Here, proper grounds exist for the joinder of America's Choice Cars and Credit,

Susquehanna Auto Sales, Frank Iorio's Auto Sales, Brush & Palette Auto and John Doe

Rental Company as additional defendants in this action. Plaintiff contends that her

injuries were cause by a defect in the vehicle in which she rode as a passenger.

Defendant Pompey was joined as one seller in a chain of sellers of the vehicle. The

Case ID: 070303736
Control No.: 09091068

Plaintiff's claim was against the vehicle manufacturer, General Motors who filed for bankruptcy on June 1, 2009.

The reason for the delay in adding these parties is that each proposed additional defendant is in the same position as Pompey - potentially liable to plaintiff as a distributor/seller of an alleged defective product. But each potential additional defendant is entitled to full and complete indemnity from General Motors, the designer and manufacturer of the allegedly defective product. Joinder of these parties as additional defendants was unnecessary as long as the manufacturer is in the case.

Now that there is an issue as to the ability to secure indemnification from the manufacturer, Defendant Pompey is entitled to seek contribution from others in the chain of distribution. Pompey had no reason to believe that complete indemnification from General Motors would be at issue. Despite the influx of millions of dollars from the federal government, General Motors, one of the largest companies in the Untied States over the last eighty-five years, was forced into bankruptcy.

Neither Plaintiff nor the proposed Additional Defendants will be prejudiced by the joinder of America's Choice Cars and Credit, Susquehanna Auto Sales, Frank Iorio's Auto Sales, Brush & Palette Auto and John Doe Rental Company as Additional Defendants at this stage in the litigation. On the other hand, if joinder is not permitted, Defendant Pompey will be deprived of an opportunity to seek valid and potentially meritorious claims for contribution and indemnity against the other sellers in the chain of sales of the vehicle in question. Accordingly, because the proposed joinder does not cause any prejudice, Defendant's Petition must be granted.

Case ID: 070303736
Control No.: 09091068

## V.   CONCLUSION

Defendant respectfully requests that this Honorable Court grant its Petition for

Leave to Join Additional Defendants America's Choice Cars and Credit, Susquehanna

Auto Sales, Frank Iorio's Auto Sales, Brush & Palette Auto and John Doe Rental

Company and enter an Order permitting Defendant to file a Joinder Complaint against

Additional Defendants America's Choice Cars and Credit, Susquehanna Auto Sales,

Frank Iorio's Auto Sales, Brush & Palette Auto and John Doe Rental Company.

**MEMORANDUM OF LAW OF DEFENDANT, POMPEY IN SUPPORT OF ITS
NEW MATTER MOTION TO TRANSFER VENUE TO LUZERNE COUNTY
COURT OF COMMON PLEAS PURSUANT TO PENNSYLVANIA RULE OF
CIVIL PROCEDURE 1006(d)(1)**

## I.   MATTER BEFORE THE COURT

Without waiving the arguments set forth above requesting this Court deny Plaintiff's

Motion to Sever Defendant General Motors without waiving the arguments set forth

above to extent the bankruptcy stay to include Defendant Pompey, Defendant Pompey

files this Motion to Transfer Venue to Luzerne County pursuant to Pennsylvania Rule

Civil Procedure 1006(d)(1) should General Motors Corporation be severed from the case.

## II.   STATEMENT OF QUESTION INVOLVED

1.      Whether venue is properly transferred to Luzerne County Court of Common Pleas

pursuant to Pa.R.C.P 1006(d)(1)?

Suggested Answer:  Yes

## III.   STATEMENT OF FACTS

See the Statement of Facts above.   In addition, Plaintiff's Complaint sets forth its

allegation to establish jurisdiction and venue through General Motors Corporation only.

There is no allegation in the Plaintiff's Complaint that Defendant Pompey conducts any

Case ID: 070303736
Control No.: 09091068

business let alone regular business in Philadelphia County. Moreover, Plaintiff states in her Complaint that the accident happened on Rte 309 in Luzerne County. None of the proposed additional defendants have business connections in Philadelphia County.

## IV.    ARGUMENT

Plaintiff's claims bear no meaningful nexus to Philadelphia County other than her ability to aver that General Motors regularly conducts business in Philadelphia County. The accident giving rise to this lawsuit occurred in Luzerne County. The accident was investigated by the State Police in Luzerne County. All fact witnesses depositions have been of witnesses from Luzerne and Lackawanna County and all of those depositions have been taken in Luzerne County.

While Defendant Pompey argues that General Motors should not be severed from this case at this time, or that the bankruptcy stay should be extended to it, if General Motors is not in the case at trial, it would be oppressive to the Defendant Pompey to try this case in Philadelphia, as it will be difficult and needlessly inconvenient to secure the attendance at a trial in Philadelphia County of key witnesses who are geographically distant from Philadelphia. The key witnesses are located in Luzerne and Lackawanna Counties.

Pennsylvania courts evaluate *forum non conveniens* arguments using the standard set forth in the case of Cheeseman v. Lethal Exterminator, Inc., 549 Pa. 200, 701 A.2d 156 (1997). In the instant case, as demonstrated below, the Cheeseman criteria are clearly satisfied here, and, as a result, this case should be transferred to Luzerne County, Pennsylvania.

Initially, it is noted that this claim is properly venued in Luzerne County.

Defendant, Pompey's business was located in Kingston, Luzerne County, Pennsylvania.

Pursuant to Pa.R.C.P. 2179(a)(1), venue is proper for Pompey in Luzerne County.

Pennsylvania Rule of Civil Procedure 1006(d)(1) permits the transfer of an action

in Pennsylvania from one county to another on the basis of *forum non conveniens*. The

*Rule* provides:

> For the convenience of parties and witnesses the court upon
> petition of any party may transfer an action to the
> appropriate court of any other county where the action
> could originally have been brought.

PA. R. CIV. P. 1006(d)(1).

Pennsylvania courts evaluate *forum non conveniens* arguments using the standard

set forth in Cheeseman v. Lethal Exterminator, Inc., 549 Pa. 200, 701 A.2d 156 (1997).

In Cheeseman, the Pennsylvania Supreme Court established that in order to transfer

venue, a defendant must demonstrate, "with detailed information on the record, that the

plaintiff's chosen forum is oppressive or vexatious to the defendant." Id., at 213, 701

A.2d at 162. The Court went on to explain the circumstances under which a defendant

may demonstrate that the chosen forum is oppressive or vexatious:

> [T]he defendant may meet its burden of showing that the
> plaintiff's choice of forum is vexatious to him by
> establishing with facts on the record that the plaintiff's
> choice of forum was designed to harass the defendant, even
> at some inconvenience to the plaintiff himself.
> Alternatively, the defendant may meet his burden by
> establishing on the record that trial in the chosen forum is
> oppressive to him; for instance, that trial in another county
> would provide easier access to witnesses or other sources
> of proof, or to the ability to conduct a view of premises
> involved in the dispute.

Id.

As the Cheeseman court explained, a chosen forum may be shown to be oppressive where trial in another county would provide easier access to witnesses or other sources of proof. Id. Subsequent opinions interpreting Cheeseman have, appropriately, given great weight to the location of key witnesses in determining whether transfer of venue is warranted, and Pennsylvania courts have affirmed the transfer of cases based on forum non conveniens where key witnesses are located significantly closer to the requested venue than to plaintiff's chosen venue. See Wood v. E.I. du Pont de Nemours & Co., 829 A.2d 707, 712-713 (Pa. Super. Ct. 2003), appeal denied, 580 Pa. 699, 860 A.2d 124 (2004) (key defense witnesses located 173-190 miles from chosen venue and only several miles from requested venue); Borger v. Murphy, 797 A.2d 309, 312-313 (Pa. Super. Ct. 2002) (many witnesses were either located in requested venue or would only have to travel a short distance to requested venue, while chosen venue was 80 miles or more away); see also Mateu v. Stout, 819 A.2d 563 (Pa. Super. Ct. 2003) (litigation of action in requested venue provided easier access to witnesses since medical witness was located within requested venue and all other identified witnesses were located outside of chosen venue).

Transfer of the instant action to Luzerne County would unquestionably provide much easier access to most of the witnesses and other sources of proof upon which Defendant Pompey will rely, since the main fact witnesses identified in the party Pre-Trial Statements, including Plaintiff, who will be providing important information at trial are located in Luzerne and Lackawanna Counties. In fact, all of the depositions of these witnesses were conducted in Luzerne County.

Case ID: 070303736
Control No.: 09091068

In light of Luzerne County's ease of access to witnesses and other sources of proof, Philadelphia County plainly is an oppressive forum. Cheeseman, supra, at 213, 701 A.2d at 162. Transfer to Luzerne County is, therefore, warranted. Moreover, the transfer of the instant action to Luzerne County at this stage in the litigation is opportune if this Court makes the decision to sever Defendant General Motors Corporation from the case. (Again it is noted that Defendant Pompey argues strongly that General Motors should not be severed or in the alternative that the bankruptcy stay should be extended to it.) Rule 1006(d)(1) imposes no time limit on a party seeking to transfer venue, Wood, supra, 829 A.2d at 710; Zappala v. Brandolini Prop Mgmt., 909 A.2d 1272 (Pa. 2006).

Moreover, Plaintiff's choice of Philadelphia County as the venue for this action is vexatious. The Court in Cheeseman stated that vexation in the choice of venue may be shown by establishing "that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself." Cheeseman, supra, at 213, 701 A.2d at 162. In this case, all transactions related to the purchase of the motor vehicle occurred in Luzerne County. Pompey conducts no business in Philadelphia County. Nor does Pompey have any connection with Philadelphia County. In fact, Plaintiff herself is a long time resident of Luzerne County.

Philadelphia County has no interest in the personal injuries caused by the allegedly defective motor vehicle. While it is admitted that venue was proper at the time the case was commenced because of the claims made against Defendant General Motors Corporation, if this Court decides to sever General Motors from this case because of the pending bankruptcy, then venue as to Defendant Pompey becomes improper and Defendant Pompey may bring this Motion to Transfer the matter to Luzerne County.

Case ID: 070303736
Control No.: 09091068

All of the circumstances warranting transfer of venue to Luzerne County under the doctrine of *forum non conveniens* as expressed in Rule 1006(d)(1)are present in the instant case. As detailed above, the key fact witnesses are located in Luzerne and Lackawanna Counties. In addition, the parties to this case, including Plaintiff, are located in Luzerne County. None of the parties has a physical office in Philadelphia County. Plaintiff's claims bear no connection to Philadelphia County,[3] and Pompey has clearly demonstrated that trial in Philadelphia County would be oppressive to it under the standard set forth in Cheeseman. Moreover, it is apparent that the choice of venue of Philadelphia County was done to harass the Defendants. As such, Defendants have shown that the Plaintiff's choice of venue is vexatious.

## V.    CONCLUSION

Defendant Pompey thus respectfully requests that this Honorable Court grant its Motion to Transfer Venue to the Luzerne County Court of Common Pleas, pursuant to Pennsylvania Rule of Civil Procedure 1006(d)(1), and enter the proposed Order attached hereto.

KENNEDY, CAMPBELL, LIPSKI
& DOCHNEY

NANCY E. CAMPBELL, ESQUIRE
Attorney for Defendant
Pompey Dodge

---

[3] Although, under Cheeseman, a claim that no significant aspect of a case involves the chosen forum does not amount to a showing that the chosen forum is oppressive or vexatious, courts have nonetheless noted such a lack of connection in their analysis supporting transfer of venue based on *forum non conveniens*. See, e.g., Mateu v. Stout, 819 A.2d 563, 567 (Pa. Super. Ct. 2003) (noting that parties were located outside of chosen forum and defendants were served notice of the action outside of chosen forum); Caiazzo v. North American Specialty Insurance Co., 80 Pa. D. & C. 4th 507, 512, 2007 WL 1453829 (Pa. Com. Pl. 2007) (finding the only connection between the case and plaintiff's chosen forum to be that plaintiff's attorney, an estate administrator, and a guardian of a minor worked or resided there).

## VERIFICATION

The undersigned counsel for defendants verifies that the facts contained herein are true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

NANCY E. CAMPBELL, ESQUIRE
Attorney for Defendant,
Pompey Dodge, Inc.

Case ID: 070303736
Control No.: 09091068

NANCY E. CAMPBELL, ESQUIRE
E-Mail: nancy.campbell@zurichna.com
Attorney I.D. No: 36247
KENNEDY, LIPSKI & McDADE
1818 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
(215) 430-6350

ATTORNEY FOR DEFENDANT(S)
POMPEY DODGE, INC.

SARAH GILVARY
v.
GENERAL MOTORS COPRORATION, and
POMPEY DODGE, INC.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

MARCH TERM 2007; NO.: 3736

TRIAL BY JURY OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I, Nancy E. Campbell, Esq., do hereby certify that a true and correct copy of the

foregoing was mailed via first class mail, postage prepaid to counsel listed below.

Eric G. Zajac, Esquire
The Zajac Law Firm, LLC
1818 Market St., 30th Floor
Philadelphia, PA 19103

Michael Kinkopf, Esquire
Eckert, Seamans, Cherin, & Mellott, LLC
Two Liberty Place, 22nd Floor
Philadelphia, PA 19102

KENNEDY, DANIEL & LIPSKI

_Nancy E Campbell_

NANCY E. CAMPBELL, ESQ.
Attorney for Defendant,
Pompey Dodge, Inc.

Date: September 25, 2009

Case ID: 070303736
Control No.: 09091068