# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GMC | : | Case No. 09-50026 |
| Debtor | : |  |

## ORDER REQUIRING ANSWER

AND NOW, this ___ day of _____, 2010, it is ORDERED that all interested persons are required to serve upon Movant's attorney, whose address is set forth below, and file with the clerk, an answer to the Motion for Relief from the Automatic Stay, which has been served upon it, within 15 days after service of this Order, exclusive of service. If no answer is filed, an Order may be entered granting the relief demanded in the Motion.

A hearing will be held before the Honorable _____ United States Bankruptcy Judge, in Courtroom _____, at the United States Courthouse on _____, _____, 2010 at _____ a.m./p.m. or as soon thereafter as counsel can be heard to consider the Motion. The hearing scheduled may be adjourned from time to time without further notice to interested parties by announcement of such adjournment in the Court on the date scheduled for the hearing.

BY THE COURT:

_____
BANKRUPTCY JUDGE

(Interested parties are listed on page 2)

Eric G. Zajac, Esquire
**Zajac & Arias, LLC**
1818 Market Street
30th Floor
Philadelphia, PA 19103
*Attorney for Plaintiff*

Walter F. Kawalec, III, Esquire
Eric Weiss, Esquire
**Marshall Dennehey Warner Coleman & Goggin**
1845 Walnut Street
Philadelphia, PA 19103-4797
*Pennsylvania and NJ Trial and Appellate Attorneys for M&M Motors*

Francis J. Grey, Esquire
Robert J. Martin, Esquire
**Lavin O'Neil Ricci Cedrone & Ricci**
190 North Independence Mall West, Suite 500
Philadelphia, PA 19106
*Pennsylvania and NJ Trial Appellate Attorneys for GM*

Muller Chevrolet Isuzu, Inc.
164 Route 173
Stewartsville, NJ 08886
*(Unrepresented Party)*

Hector Gonzalez
312 A. 17th Street
Apartment 3
Easton, PA 18042
*(Unrepresented Party)*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
:
In re:                                          :    Chapter 11
                                                :
GMC                                             :    Case No. 09-50026
                            Debtor              :
_____

# **O R D E R**

AND NOW, upon consideration of the Motion for Relief from the Automatic Stay, and after notice and hearing, it is hereby ORDERED, ADJUDGED and DECREED that the stay afforded by 11 U.S.C. § 362 be, and hereby is, LIFTED to allow MARLA SOFFER, ADMINISTRATRIX of the ESTATE OF DAVID ARENAS, DECEASED to litigate to conclusion claims against M&M MOTORS in the case captioned Marla Soffer, Administratrix of the Estate of David Arenas, Deceased v. M&M Motors, et al., Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008. The stay otherwise remains in effect.

BY THE COURT:

_____
BANKRUPTCY JUDGE

By:   Eric G. Zajac, Esquire
      Zajac & Arias, LLC
      1818 Market Street
      30th Floor
      Philadelphia, PA 19103
      *Attorney for Plaintiff*

(Other interested parties to receive the Order-see next page)

## OTHER INTERESTED PARTIES:

Walter F. Kawalec, III, Esquire
Eric Weiss, Esquire
**Marshall Dennehey Warner Coleman & Goggin**
1845 Walnut Street
Philadelphia, PA 19103-4797
*Pennsylvania and NJ Trial and Appellate Attorneys for M&M Motors*

Francis J. Grey, Esquire
Robert J. Martin, Esquire
**Lavin O'Neil Ricci Cedrone & Ricci**
190 North Independence Mall West, Suite 500
Philadelphia, PA 19106
*Pennsylvania and NJ Trial Appellate Attorneys for GM*

Muller Chevrolet Isuzu, Inc.
164 Route 173
Stewartsville, NJ 08886
*(Unrepresented Party)*

Hector Gonzalez
312 A. 17th Street
Apartment 3
Easton, PA 18042
*(Unrepresented Party)*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

In re:  : Chapter 11

GMC  : Case No. 09-50026

Debtor :

_____

**MOTION OF MARLA SOFFER, ADMINISTRATRIX OF THE ESTATE OF DAVID ARENAS, DECEASED, FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE A SEPARATE LITIGATION**

AND NOW comes Marla Soffer, Administratrix of the Estate of David Arenas, Deceased (the Movant), by and through her attorneys, Zajac & Arias, LLC, pursuant to Bankruptcy Rule 4001 and 11 U.S.C. § 362(d), respectfully seeking an Order granting Relief from the Automatic Stay Provisions of §362 of the Bankruptcy Code. In support of this Motion, Movant alleges as follows:

**I. PROCEDURAL HISTORY**

1. GMC, (herein identified as the "Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York at Case No. 09-50026, on or about June 1, 2009.

2. This is a proceeding, arising under Title 11, over which this Court has jurisdiction pursuant to 28 U.S.C. §157(a) and 157(b)(2)(g).

3. This litigation has an extensive, multijurisdictional history, which is briefly summarized below.

4. Prior to the bankruptcy proceeding, in November, 2007, Movant filed suit in the Philadelphia County Court of Common Pleas, Pennsylvania, for strict liability, negligence and breach of warranty claims brought against debtor and against an intermediate seller of an automobile, seeking damages in connection with her claims. See "**Exhibit A**," Philadelphia Court of Common Pleas Complaint.

5. The action referred to above is a product liability action with the Docket No: Philadelphia Court of Common Pleas, November Term, 2007 No. 2064 (hereafter "Pennsylvania state court action").

6. The Pennsylvania state court action was dismissed on a venue challenge pursuant to an Order of *forum non conveniens*. See "**Exhibit B**," Order June 25, 2008, Phila.C.C.P. The Order directed Plaintiff to re-file her claims in the state court of New Jersey, despite binding case law requiring the Pennsylvania State Court to retain the case as the statute of limitations had otherwise run.

7. On July 3, 2008, Movant filed a Notice of Appeal of the Order referred to above, to the Pennsylvania Superior Court. See "**Exhibit C**," Soffer's Notice of Appeal. All briefing in this appeal had been completed, and oral argument had been scheduled when GM filed for Bankruptcy protection.

8. The appeal referred to above has the Docket No: Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008 (hereafter "Pennsylvania Appeal").

9. Further, on August 22, 2008, as directed by the Philadelphia Court of Common Pleas, and only as a savings matter, Movant filed a Complaint in the New Jersey Superior Court of Camden. See "**Exhibit D**," New Jersey Superior Court Complaint.

10. However, on October 10, 2008, the New Jersey State Court found that it lacked jurisdiction, and dismissed the New Jersey action. See "**Exhibit E**," Order New Jersey Superior Court, Law Division, October 10, 2008.

11. Defendants, M&M Motors and GM appealed the New Jersey State Action's Dismissal. See "**Exhibit F**," Superior Court of New Jersey, Appellate Division Notice.

12. This New Jersey appeal referred to above was identified as Docket Nos: 001933-08T2 and 001938-08T2 New Jersey Superior Court, Appellate Division, (hereafter "New Jersey appeal"). All briefing in this appeal had been completed at the time GM filed for Bankruptcy protection.

13. Simply, at the time of bankruptcy, Plaintiff/Movant had an appeal in Pennsylvania to reinstate her Pennsylvania State Court claim and, at the time of GM's bankruptcy, Defendants/Respondents had an appeal pending in New Jersey, which originated purely as a savings matter by the Movant.

## II. FACTUAL HISTORY

14. Movant alleges in her state court actions that the driver-side air bag in Mr. Arenas' vehicle, a Chevrolet Cavalier Z24 coupe, did not deploy, and the shoulder harness of his seat belt failed upon impact, being torn from its lap belt. Mr. Arenas was killed on impact.

15. Movant alleges that as a result of these defects, her decedent, Mr. Arenas, was killed at the age of 22.

16. In Pennsylvania, a dealership or distributor is liable for design defects as though it were the manufacturer. Forry v. Gulf Oil Corp., 428 Pa. 334, 340, 237 A.2d 593, 597 (1968).

17. M&M Motors admits that it was an intermediate seller of the subject vehicle.

18. Consistent with Pennsylvania law, the design defects summarized above could have been brought against M&M Motors only.

19. Although bankrupt General Motors Corp. was self-insured, Defendant M&M Motors is insured.

20. As stated above, the Pennsylvania Appeal had progressed all the way through briefing, and oral arguments were scheduled to commence in late June, 2009.

21. On or about June 9, 2009, days before oral arguments were to commence, Defendant General Motors Corp. filed a Suggestion of Bankruptcy, and on June 22, 2009 the Pennsylvania Appellate court action was dismissed without prejudice. "**See Exhibit G**," Order Superior Court of Pennsylvania, June 22, 2009.

22. A Motion to Sever the GMC claims from the M&M Motors claims has been pending in the Pennsylvania Appeal for the past three months. "**See Exhibit H**," Soffer's

Motion to Sever. It is unknown why the Pennsylvania Superior Court has failed to decide the Motion to Sever. However, in a similar Chrysler claim, a County Judge of the Philadelphia Court of Common Pleas has described the issue as being a "matter for the bankruptcy court" to resolve. See "**Exhibit I**," Order July 27. 2009, Phila. C.C.P. June Term 2008, No. 3546.

### III. STATEMENT OF LAW AND ARGUMENT

23. On June 2, 2009, this Honorable Court entered its Order (a) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale and Purchase Agreement; (b) Scheduling Bid Deadline and Sale Hearing Date; (c) Establishing Assumption and Assignment Procedures; and (d) Fixing Notice Procedures and Approving Form of Notice (Docket #274).

24. The June 2, 2009 Order of This Honorable Court approved bidding procedures for the sale of substantially all of the Debtors' tangible, intangible and operating assets between and among Vehicle Acquisition Holdings LLC (the purchaser), and General Motors Corporation and its Debtor subsidiaries. The purchaser is hereafter referred to as "New GM."

25. The authorized sale of assets to New GM is to be free and clear of all liens, claims, encumbrances, rights, remedies, restrictions, interests, liabilities and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability.

26. Liabilities, including consumer litigation claims and personal injury claims such as that of the Movant, would remain with "Old GM." It is expected that any liquidation of assets would take two or more years and result in pennies on the dollar, if any money at all, for claimants.

27. Notwithstanding the filing of a bankruptcy petition by a defendant manufacturer, pending products liability suits involving the manufacturer's products may be

continued against co-defendants who have not gone into bankruptcy. See 11 U.S.C. § 362(a) (providing for the automatic stay of judicial proceedings against the debtor, does not mandate a stay of proceedings against joint tortfeasors who are the debtor's codefendants). The Chapter 11 debtor is not an indispensable party under Fed. R. Civ. P. 19 in whose absence the products liability suit against solvent joint tortfeasors would have to be stayed. CONTINUATION OF SUITS AGAINST JOINT TORTFEASORS NOT IN BANKRUPTCY, Am. L. Prod. Liab. 3d § 59:11 (May 2009 ed.) (citations & footnotes omitted).

28. This very Court has already recognized that state court litigants such as Movant may need "to resort to dealers" to be made whole on their personal injury claims, see In Re GMC Bankruptcy, 407 B.R. 463, 506 n. 110, and this is exactly what Movant is seeking to do through this request for relief.

29. Thus, both the interests of justice and judicial economy will be best served by this Court permitting Movant to proceed against the remaining state court defendant as opposed to staying the entire case indefinitely pending the lifting of the bankruptcy stay as to General Motors. See, e.g., Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir.1983):

> We join those courts concluding that the protections of § 362 neither apply to codefendants **nor preclude severance**.
> \* \* \* \* \*
> We are persuaded that the requisite balancing of the competing interests involved in these cases weighs in favor of allowing the remaining actions to proceed. The realities of the hardship of a stay on the plaintiffs . . . is substantial and, in some instances, permanent. The grim reaper has called while judgment waits. Just as obviously, the bankruptcy proceedings are not likely to conclude in the immediate future. A stay hinged on completion of those proceedings is manifestly "indefinite." Id. at 544; 545.

30. Movant thus moves this Court, pursuant to established precedent, and consistent with this Honorable Court's own remarks, to permit severance of the Pennsylvania appeal

-- severing the claims against debtor General Motors Corporation from those claims against the insured co-defendant in the Pennsylvania state appeal.

31. Put simply, the automatic stay applicable to debtor General Motors Corp. should not stay the action against the insured co-defendant. To the contrary, claims against that defendant can, and should move forward, requiring severance of the state court action. <u>Wedgewood v. Fireboard Corp.</u>, 706 F.2d 541 (C.A.La., 1983); <u>Williford v. Armstrong World Industries, Inc.</u>, 715 F.2d 124 (C.A.N.C., 1983).

32. Philadelphia trial courts have used severance as a means of allowing plaintiffs to timely proceed against solvent co-defendants in the event of a bankruptcy of one or more defendants in the course of the litigation. <u>Westerby v. Johns-Manville Corp.</u>, 32 Pa.D.&C.3d 163 (Phila. Cty., 1982); <u>McMillan v. Johns-Manville et. al.</u>, 15 Phila. Cty. Rptr. 650 (1987); <u>Matthews v. Johnsmanville Corp.</u>, 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982).

33. Additionally, other courts have recognized the severability of claims when one defendant files for bankruptcy protection. <u>Daniels v. GM, et al.</u>, No. 08-5154, 95th District Court Dallas County, Texas, 2009; <u>Williams v. GM, et al.</u>, No. 08-04293, 191st District Court Dallas County, Texas, 2009; <u>Kaul v. GM, et al.</u>, No. 09-03933, 192nd District Court Dallas County, Texas, 2009; and <u>Josil, et al v. GM, et al.</u>, No. 16-2006-CA-000193, 4th Judicial Circuit Court, Duvall County Florida, 2009; attached as "**Exhibit J**," **Exhibit K**," "**Exhibit L**" and "**Exhibit M**," respectively.

34. Further, even if Defendant General Motors were not indemnifying co-Defendant M&M Motors, "nothing precludes the solvent [defendants]… from obtaining contribution from the bankrupts when (and if) they emerge from reorganization

proceedings. To hold otherwise would be to require an exercise in futility, for any finding of fault against the bankrupt manufacturers would be unenforceable under the automatic stay provisions of the Bankruptcy Code." Ottavio v. Fibreboard Corp., 421 Pa. Super. 284, 293 (1992).

WHEREFORE, Movant, Marla Soffer, Administratrix of the Estate of David Arenas, Deceased, respectfully requests this Honorable Court to lift the Automatic Stay provision of §362 of the Bankruptcy Code to the extent that the stay is preventing her from litigating to conclusion her claims against M&M Motors in Marla Soffer, Administratrix of the Estate of David Arenas, Deceased v. M&M Motors, et al., Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008.

    Respectfully submitted,
    **ZAJAC & ARIAS, LLC**

BY:_____
    ERIC G. ZAJAC, ESQUIRE
    COUNSEL FOR PLAINTIFF

DATED:    December 23, 2009

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                            :
In re:                                      :    Chapter 11
                                            :
GMC                                         :    Case No. 09-50026
                    Debtor                  :
_____

### CERTIFICATE OF SERVICE

A true and correct copy of this Motion for Relief is being served by first class mail on December 23, 2009 as follows:

Walter F. Kawalec, III, Esquire
Eric Weiss, Esquire
**Marshall Dennehey Warner Coleman & Goggin**
1845 Walnut Street
Philadelphia, PA 19103-4797
*Pennsylvania and NJ Trial and Appellate Attorneys for M&M Motors*

Francis J. Grey, Esquire
Robert J. Martin, Esquire
**Lavin O'Neil Ricci Cedrone & Ricci**
190 North Independence Mall West, Suite 500
Philadelphia, PA 19106
*Pennsylvania and NJ Trial Appellate Attorneys for GM*

Muller Chevrolet Isuzu, Inc.
164 Route 173
Stewartsville, NJ 08886
*(Unrepresented Party)*

Hector Gonzalez
312 A. 17th Street
Apartment 3
Easton, PA 18042
*(Unrepresented Party)*

Respectfully submitted,
**ZAJAC & ARIAS, LLC**

BY:_____

DATED:    December 23, 2009                    ERIC G. ZAJAC, ESQUIRE