

www.TeamLawyers.com

# EXHIBIT A



**ZAJAC & ARIAS, LLC**

BY:    Eric G. Zajac, Esquire
**Attorney Identification No. 66003**
**1818 Market Street, 30th Floor**
**Philadelphia, PA 19103**
**215.575.7615 (Phone)**
**215.575.7640 (Fax)**
**E-mail: Eric@TeamLawyers.com**

**ATTORNEY FOR PLAINTIFF**

**www.TeamLawyers.com**

| | |
|---|---|
| MARLA SOFFER, Administratrix of <br> the Estate of DAVID ARENAS, Deceased | IN THE COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY |
| V. | NOVEMBER TERM, 2007 <br> NO. 2064 |
| GENERAL MOTORS CORPORATION <br> and <br> M & M MOTORS | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

| "NOTICE | "AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <br> THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| LAWYER REFERENCE SERVICE <br> One Reading Center <br> 1101 Market Street <br> Philadelphia, Pennsylvania 19107 <br> 215.238.6333 | SERVICIO DE REFERENCIA LEGAL <br> One Reading Center <br> 1101 Market Street <br> Filadelfia, Pennsylvania 19107 <br> Teléfono (215) 238-6333 |

**ZAJAC & ARIAS, L.L.C.**
BY:   Eric G. Zajac, Esquire                          **Attorney for Plaintiff**
**Attorney I.D. No. 66003**                           **www.TeamLawyers.com**
**1818 Market Street, 30TH Floor**
**Philadelphia, PA  19103**
**215. 575.7615**
**215.575.7640 (Fax #)**
**E-mail: Eric@TeamLawyers.com**

---

MARLA SOFFER, Administratrix of        :      IN THE COURT OF COMMON PLEAS
the Estate of DAVID ARENAS, Deceased   :      PHILADELPHIA COUNTY
                                       :
              V.                       :      NOVEMBER TERM, 2007
                                       :      NO. 2064
GENERAL MOTORS CORPORATION             :
              and                      :      **JURY TRIAL DEMANDED**
M & M MOTORS                           :

---

## CIVIL ACTION COMPLAINT

Marla Soffer, Esquire, Administratrix of the Estate of David Arenas, deceased, through

her attorney, Eric G. Zajac, Esquire, ZAJAC & ARIAS, L.L.C., alleges the following against the

above Defendants:

## I.    JURISDICTION AND VENUE

1.    Jurisdiction is proper in this Court because the Defendant, GENERAL MOTORS

CORPORATION, is present in the county of Philadelphia, can be given notice here, has

purposefully availed itself to do business in the county of Philadelphia, and was in fact served with

process here.

2.    Venue is proper in this Court because the Defendant, GENERAL MOTORS

CORPORATION, regularly conducts business activities in the county of Philadelphia.

## II.    THE PARTIES

3.    Plaintiff is Marla Soffer, Esquire, a citizen and resident of the Commonwealth of Pennsylvania residing at 2401 Pennsylvania Avenue, Unit 21A9, Philadelphia, PA 19130.  Ms. Soffer was duly appointed the Administratrix of the Estate of Plaintiff-decedent on or about October 13, 2006.

4.    Defendant, General Motors Corporation (hereinafter "GM") is a Delaware corporation, licensed to transact business and which does transact business in the Commonwealth of Pennsylvania, including in Philadelphia, Pennsylvania.  GM can be served with process through its registered agent for service in the Commonwealth of Pennsylvania at C.T. Corporation Systems, 1635 Market Street, Philadelphia, PA 19103.

5.    Defendant M & M Motors (hereinafter "M & M") is a corporation duly licensed to conduct business in the Commonwealth of Pennsylvania with a registered office or principal place of business where it can be served with process at 2500 Dearborn Street, Palmer, PA 18045.  M & M is in the business of selling automobiles including the subject vehicle.

## III.    FACTUAL BACKGROUND

6.    Defendant GM designed, manufactured, marketed and/or sold the 1998 Chevrolet Cavalier with motor vehicle identification number 1G1F12TOW7114752 which was involved in this incident.

7.    Defendant M & M purchased, marketed and sold the 1998 Chevrolet Cavalier mentioned above.  Defendant Pompey was therefore in the stream of distribution of the subject vehicle between its manufacture and the date of the incident.

8.      On December 2, 2005, while seat-belted, Plaintiff-decedent was operating the subject vehicle when it traveled at moderate speed onto the opposite lane of travel. There was a head-on impact. The driver air bag in his vehicle, a Chevrolet Cavalier Z24 coupe, did not deploy, and the shoulder harness of his seat belt failed upon impact, being torn from its lap belt. Mr. Arenas was killed on impact.

9.      Defendant GM designed, manufactured, assembled and sold the 1998 Chevrolet Cavalier in a defective and unreasonably dangerous condition including but not limited to as follows:

10.     The unsafe design of the vehicle's occupant containment system generally, and its air bag system specifically, caused death-producing injuries; and

11.     The vehicle did not possess a crashworthy occupant containment system.

12.     The above-mentioned defective system and the unreasonably dangerous conditions it created were substantial factors in producing the serious and fatal injuries sustained by Plaintiff-decedent.

13.     The owner of the vehicle acquired the defective 1998 Chevrolet Cavalier through the chain of distribution directly from M & M, a dealership and distributor, which sold him the vehicle in the defective condition.

14.     The above-mentioned sale of the vehicle to the owner was a substantial factor in producing the serious and fatal injuries sustained by Plaintiff-decedent.


## <u>COUNT 1</u>:  PLAINTIFF v. GM (STRICT LIABILITY)

15.     Plaintiff incorporates by reference all above Paragraphs.

16.    Defendant GM designed, manufactured, assembled and sold the 1998 Chevrolet Cavalier involved in this incident.  At the time of the sale, Defendant was in the business of designing, manufacturing, assembling and selling automotive vehicles such as the Cavalier.

17.    Defendant GM, through media advertising, by its appearance, and through the dissemination of brochures, manuals and pamphlets, made representations about the character, quality and/or recommended uses of the 1998 Chevrolet Cavalier.

18.    At the time the 1998 Chevrolet Cavalier was designed, manufactured, assembled and sold by Defendant GM, the vehicle was defective in its design and unreasonably dangerous with respect to its air bag system, its crashworthiness, its occupant containment capabilities, its seat design, and other defects regarding its crashworthiness as may be discovered. This defect and/or these defects caused an unreasonably dangerous condition, and was/were a factual cause in the fatal injuries sustained by Plaintiff-decedent.

19.    The actions of Defendant GM, as detailed above, constituted willful and wanton misconduct in disregard for the rights and safety of Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.


### COUNT 2:    PLAINTIFF v. GM (NEGLIGENCE)

20.    Plaintiff incorporates by reference all above Paragraphs.

21.    The subject vehicle was designed, manufactured, assembled and sold by Defendant GM and was being used for its intended and reasonably anticipated use and purpose at the time of this incident.

22.    Defendant GM had a duty to design, manufacture, assemble and sell this vehicle in a condition with no defects which would cause unreasonably unsafe conditions and owed a duty to design, manufacture, market and sell a crashworthy vehicle.

23.    At the times relevant hereto, the subject vehicle was being operated in such a manner as was reasonably foreseeable and/or anticipated and/or intended and Plaintiff-decedent's fatal injuries directly and proximately resulted from the negligent conduct of the Defendant GM in the following manners:

(a)    Failing to incorporate reasonable engineering methodology to design a crashworthy vehicle;

(b)    Failing to provide adequate warnings and/or cautions and/or directions concerning the dangerous condition of the vehicle;

(c)    Failing to adequately or properly test and inspect the vehicle to provide a safe product that would not cause new or enhanced injuries due to its defective design;

(d)    Failing to give adequate instruction to foreseeable users of the 1998 Chevrolet Cavalier regarding the likelihood or possibility of injuries resulting from the vehicle's defective design;

(e)    Failing to adequately, properly or completely supervise its personnel in the manufacture and assembly of the vehicle so that it would not cause injuries; and

(f)    Failing to recall the vehicle in a timely and/or reasonable manner without government intervention so as to correct the defective conditions set forth above.

24.    The actions and/or inactions of Defendant GM constituted willful and wanton misconduct in total disregard of the rights and safety of Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

### COUNT 3:  PLAINTIFF v. GM (BREACH OF WARRANTY)

25.    Plaintiff incorporates by reference all above Paragraphs.

26.    As a result of the defective and unreasonably dangerous condition of the 1998 Chevrolet Cavalier as set forth above, Defendant GM, in selling the vehicle in such condition, breached implied warranties of merchantability and fitness; these breaches were factual causes in the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

### COUNT 4:  PLAINTIFF v. M & M (STRICT LIABILITY)

27.    Plaintiff incorporates by reference all above Paragraphs.

28.    Defendant M & M marketed and sold the 1998 Chevrolet Cavalier involved in this incident.

29.    At the time of its sale of the 1998 Chevrolet Cavalier involved in this incident, Defendant was in the business of purchasing, marketing and selling vehicles such as the Chevrolet Cavalier.

30.    Defendant M & M, through media advertising, by its appearance, and through the dissemination of brochures, manuals and pamphlets, made representations about the character,

quality and/or recommended uses of the 1998 Chevrolet Cavalier.

31.    At the time the 1998 Chevrolet Cavalier was marketed and sold by Defendant M & M, the vehicle was unreasonably dangerous and defective. Said defect(s) and the unreasonably dangerous conditions it/they created were factual causes in the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant M & M for compensatory damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

### COUNT 5:  PLAINTIFF v. M & M (BREACH OF WARRANTY)

32.    Plaintiff incorporates by reference all above Paragraphs.

33.    As a result of the defective and unreasonably dangerous condition of the 1998 Chevrolet Cavalier as set forth above, Defendant M & M in selling the vehicle in such condition breached implied warranties of merchantability and fitness; these breaches were factual causes in the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant M & M for compensatory damages in excess of $50,000 plus interest and costs as well as any other relief this Court deems appropriate.

### COUNT 6: WRONGFUL DEATH

34.    Plaintiff incorporates by reference all above Paragraphs.

35.    Plaintiff brings this action on behalf of the survivors of the Decedent under and by virtue of the laws of the Commonwealth, 42 Pa. Cons. Stat. Ann. § 830l and Pa. R.C.P. No. §

2202(a).

36.    In addition to Plaintiff, Plaintiff's Decedent left surviving him the following persons entitled to recover for damages and on their behalf this action is brought:  his infant son, David Arenas, 74 North Fourth Street, 2nd Floor, Easton, PA 18042 and/or Plaintiff-decedent's parents, Gustavo Rafael Arenas and Elda Beltran Acosta, #143 Cuarta Etopa, Entre Paseo Playa Linda y Acuario, Infonavid Buena Vista, Vera Cruz Mexico 91850.

37.    The Plaintiff claims damages for pecuniary loss suffered by Decedent's survivors by reason of his death, as well as reimbursement for the medical bills, funeral expenses, and other expenses incurred in connection therewith.

38.    As the result of the death of Plaintiff's Decedent, his survivors may have been deprived of the earnings, maintenance, guidance, support and comfort that they would have received from him for the rest of his natural life.

39.    At no time during his lifetime did Plaintiff's Decedent bring an action for his personal injuries and no other action for his death has been commenced against defendants.

WHEREFORE, Plaintiff demands damages against all defendants jointly and severally in an amount in excess of $ 50,000, exclusive of interest and costs.

## COUNT 7: SURVIVAL ACTION

40.    Plaintiff incorporates by reference all above Paragraphs.

41.    Plaintiff, as Executrix of the Estate of Plaintiff's Decedent, brings this action on behalf of the estate of Plaintiff's Decedent under and by virtue of the laws of the Commonwealth, *20 Pa. Cons. Stat. Ann. § 3373* and *42 Pa. Cons. Stat. Ann. § 8302.*

42.    As a direct and proximate result of the aforesaid acts of negligence, Decedent suffered and Defendants are liable for the following damages:

(a)    Decedent's pain and suffering between the time of his injuries and the time of death;

(b)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(c)    Decedent's loss of retirement and Social Security income;

(d)    Decedent's other financial losses suffered as a result of his death;

(e)    Decedent's loss of enjoyment of life; and

(f)    All other legally compensable damages.

WHEREFORE, Plaintiff demands damages against all defendants jointly and severally in the amount in excess of $50,000, exclusive of interest and costs.

**ZAJAC & ARIAS, L.L.C.**


BY: _____
ERIC G. ZAJAC
Attorney for Plaintiff

DATED: January 16, 2008

# VERIFICATION

Eric G. Zajac, Esquire of Zajac & Arias, L.L.C., attorney for the Plaintiff in the foregoing matter, verifies that he is authorized to sign this Verification on behalf of said Plaintiff.  He has reviewed the facts set forth in the foregoing Complaint and the facts set forth therein are true and correct to the best of his knowledge, information and belief.  These statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


**ZAJAC & ARIAS, L.L.C.**


BY: _____
ERIC G. ZAJAC
Attorney for Plaintiff


DATE: January 16, 2008



www.TeamLawyers.com

# EXHIBIT B

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| SOFFER | : | NOVEMBER TERM, 2007 |
| | : | |
| | : | NO. 2064 |
| | : | |
| v. | : | CONTROL NO. 031217 |
| | : | |
| GENERAL MOTORS, ET AL | : | |

## ORDER

**AND NOW**, this        day of                  , 2008, upon consideration

of Defendants' Motion to Dismiss, pursuant to 42 Pa.S.C.S. § 5322(e), the

response thereto, and in specific reliance upon Defendants agreement to waive

their statute of limitations defenses, it is hereby **ORDERED** and **DECREED** that

Defendants' motion is **GRANTED** and the action is **DISMISSED**, without

prejudice to re-file in New Jersey.[1]

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)
JUN 25 2008
FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

BY THE COURT:

WILLIAM J. MANFREDI, J.

---

[1] By Order dated April 21, we granted the parties leave to conduct discovery on issues of venue and thereafter to file supplemental memoranda. Plaintiff and Defendants have each made supplemental submissions. 42 Pa.C.S. § 5322(e) permits a trial court to dismiss a case, even where jurisdictional requirements are met, upon a determination that in the interest of substantial justice the matter should be heard in another forum. In conducting this analysis, we considered both the public and private factors. *Engstrom v. Bayer Corp.*, 855 A,2d 52, 56 (Pa. Super 2004). The Court finds that defendants have met their burden in this motion to dismiss for *forum non conveniens*, by showing with detailed information of record that weighty reasons exist to overcome the plaintiff's choice of forum. *Farley v. McDonnell Douglas Truck Services, Inc.*, 638 A.2d 1027, 1030 (Pa. Super. 1994). Although, the statute of limitations has run in both Pennsylvania and New Jersey, defendants may waive the statute of limitations. Accordingly, dismissal under 42 Pa.C.S. § 5322(e) may be had as there is an alternative forum available to plaintiff. See *Poley v. Delmarva Power*, 779 A.2d 544, 546 (Pa. Super. 2001).



07110206400046



www.TeamLawyers.com

# EXHIBIT C



**BY: Eric G. Zajac, Esquire**
**Attorney No. 66003**
**1818 Market Street, 30th Floor**
**Philadelphia, PA 19103**
**Phone:  215-575-7615**
**Facsimile:  215-575-7640**
email: **Eric@TeamLawyers.com**

**Counsel for Plaintiff**
**www.TeamLawyers.com**

---

| | | |
|---|---|---|
| MARLA SOFFER, Administratrix of | : | IN THE COURT OF COMMON PLEAS |
| the Estate of DAVID ARENAS, Deceased | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | NOVEMBER TERM, 2007 |
| | : | NO. 2064 |
| GENERAL MOTORS CORPORATION | : | |
| and | : | **JURY TRIAL DEMANDED** |
| M & M MOTORS | : | |

---

### NOTICE OF APPEAL

       Plaintiffs above hereby give notice that they APPEAL as of automatic right to the
Superior Court of Pennsylvania the Order entered in this matter on June 20, 2008.  This order has
been entered in the docket as evidenced by the attached copy of the docket entry.

                    **ZAJAC & ARIAS, L.L.C.**

                    _____
                    BY:    ERIC G. ZAJAC, ESQUIRE

DATED: July 3, 2008

**ZAJAC & ARIAS, L.L.C.**
**BY: Eric G. Zajac, Esquire**
**Attorney No. 66003**                          **Counsel for Plaintiff**
**1818 Market Street, 30th Floor**              **www.TeamLawyers.com**
**Philadelphia, PA 19103**
**Phone:  215-575-7615**
**Facsimile:  215-575-7640**
email: **Eric@TeamLawyers.com**

---

| | |
|---|---|
| MARLA SOFFER, Administratrix of | :    IN THE COURT OF COMMON PLEAS |
| the Estate of DAVID ARENAS, Deceased | :    PHILADELPHIA COUNTY |
| | : |
| v. | :    NOVEMBER TERM, 2007 |
| | :    NO. 2064 |
| GENERAL MOTORS CORPORATION | : |
| and | :    **JURY TRIAL DEMANDED** |
| M & M MOTORS | : |

---

### PROOF OF SERVICE OF NOTICE OF APPEAL

    I, Eric G. Zajac, hereby certify that on this 3rd day of July, 2008, I served true and correct copies of the

Notice of Appeal as follows:

The Honorable William J. Manfredi (via Hand Delivery)
Court of Common Pleas of Philadelphia County
Trial Division - Civil
Room 510, City Hall
Philadelphia, PA 19107

Eric A. Weiss, Esquire (via first class mail)       Hector Gonzalez (via first class mail)
Marshall Dennehey Warner                            312 A. 17th Street
Coleman & Goggin                                    Apartment 3
1845 Walnut Street                                  Easton, PA 18042
Philadelphia, PA 19103-4797                          (Unrepresented Party)
**Counsel for Defendant: M&M Motors**

Robert J. Martin, Esquire (via first class mail)    Muller Chevrolet Isuzu, Inc. (via 1st class mail)
Lavin O'Neil Ricci Cedrone & Ricci                  164 Route 173
190 North Independence Mall West                    Stewartsville, NJ 08886
Suite 500, 6th & Race Streets                        (Unrepresented Party)
Philadelphia, PA 19106
**Counsel for Defendant: General Motors Corporation**

---

    BY:    ERIC G. ZAJAC
    Counsel for Plaintiff

DATE: July 3, 2008



www.TeamLawyers.com

# EXHIBIT D


ZAJAC
ARIAS, LLC

BY:    Eric G. Zajac, Esquire                           **Attorney for Plaintiff**
**Attorney I.D. No. 66003**                             **www.TeamLawyers.com**
**1818 Market Street, 30TH Floor**
**Philadelphia, PA  19103**
**215. 575.7615**
**215.575.7640 (Fax #)**
**E-mail: Eric@TeamLawyers.com**

F I L E D
AUG 2 2 2008
CAMDEN COUNTY SUPERIOR COURT

---

MARLA SOFFER, Administratrix of          :        SUPERIOR COURT OF NEW JERSEY
the Estate of DAVID ARENAS, Deceased     :        LAW DIVISION
                                         :        CAMDEN COUNTY
                    V.                   :
                                         :
GENERAL MOTORS CORPORATION               :
                and                      :        **L    4326  08**
M & M MOTORS                             :

---

### CIVIL ACTION COMPLAINT

Marla Soffer, Esquire, Administratrix of the Estate of David Arenas, deceased, through

her attorney, Eric G. Zajac, Esquire, ZAJAC & ARIAS, L.L.C., alleges the following against the

above Defendants:

This action is filed purely as a savings action while Plaintiff appeals an Order of the

Philadelphia Court of Common Pleas, and is filed without prejudice to Plaintiff's appeal pending

in Pennsylvania.

### I.    THE PARTIES

1.    Plaintiff is Marla Soffer, Esquire, a citizen and resident of the Commonwealth of

Pennsylvania residing at 2401 Pennsylvania Avenue, Unit 21A9, Philadelphia, PA 19130.  Ms.

Soffer was duly appointed the Administratrix of the Estate of Plaintiff-decedent on or about

October 13, 2006.

2.      Defendant, General Motors Corporation (hereinafter "GM") is a Delaware corporation. GM can be served with process through its registered agent for service in the Commonwealth of Pennsylvania at C.T. Corporation Systems, 1635 Market Street, Philadelphia, PA 19103.

3.      Defendant M & M Motors (hereinafter "M & M") is a corporation duly licensed to conduct business in the Commonwealth of Pennsylvania with a registered office or principal place of business where it can be served with process at 2500 Dearborn Street, Palmer, PA 18045. M & M is in the business of selling automobiles including the subject vehicle.

## II.    FACTUAL BACKGROUND

4.      Defendant GM designed, manufactured, marketed and/or sold the 1998 Chevrolet Cavalier with motor vehicle identification number 1G1F12TOW7114752 which was involved in this incident.

5.      Defendant M & M purchased, marketed and sold the 1998 Chevrolet Cavalier mentioned above. Defendant M & M was therefore in the stream of distribution of the subject vehicle between its manufacture and the date of the incident.

6.      On December 2, 2005, while seat-belted, Plaintiff-decedent was operating the subject vehicle when it traveled at moderate speed onto the opposite lane of travel. There was a head-on impact. The driver air bag in his vehicle, a Chevrolet Cavalier Z24 coupe, did not deploy, and the shoulder harness of his seat belt failed upon impact, being torn from its lap belt. Mr. Arenas was killed on impact.

7.    Defendant GM designed, manufactured, assembled and sold the 1998 Chevrolet Cavalier in a defective and unreasonably dangerous condition including but not limited to as follows:

8.    The unsafe design of the vehicle's occupant containment system generally, and its air bag system specifically, caused death-producing injuries; and

9.    The vehicle did not possess a crashworthy occupant containment system.

10.    The above-mentioned defective system and the unreasonably dangerous conditions it created were substantial factors in producing the serious and fatal injuries sustained by Plaintiff-decedent.

11.    The owner of the vehicle acquired the defective 1998 Chevrolet Cavalier through the chain of distribution directly from M & M, a dealership and distributor, which sold him the vehicle in the defective condition.

12.    The above-mentioned sale of the vehicle to the owner was a substantial factor in producing the serious and fatal injuries sustained by Plaintiff-decedent.

### COUNT 1:  PLAINTIFF v. GM (STRICT LIABILITY)

13.    Plaintiff incorporates by reference all above Paragraphs.

14.    Defendant GM designed, manufactured, assembled and sold the 1998 Chevrolet Cavalier involved in this incident.  At the time of the sale, Defendant was in the business of designing, manufacturing, assembling and selling automotive vehicles such as the Cavalier.

15.    Defendant GM, through media advertising, by its appearance, and through the dissemination of brochures, manuals and pamphlets, made representations about the character, quality and/or recommended uses of the 1998 Chevrolet Cavalier.

16.    At the time the 1998 Chevrolet Cavalier was designed, manufactured, assembled and sold by Defendant GM, the vehicle was defective in its design and unreasonably dangerous with respect to its air bag system, its crashworthiness, its occupant containment capabilities, its seat design, and other defects regarding its crashworthiness as may be discovered. This defect and/or these defects caused an unreasonably dangerous condition, and was/were a factual cause in the fatal injuries sustained by Plaintiff-decedent.

17.    The actions of Defendant GM, as detailed above, constituted willful and wanton misconduct in disregard for the rights and safety of Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.


**COUNT 2:    PLAINTIFF v. GM (NEGLIGENCE)**

18.    Plaintiff incorporates by reference all above Paragraphs.

19.    The subject vehicle was designed, manufactured, assembled and sold by Defendant GM and was being used for its intended and reasonably anticipated use and purpose at the time of this incident.

20.    Defendant GM had a duty to design, manufacture, assemble and sell this vehicle in a condition with no defects which would cause unreasonably unsafe conditions and owed a duty to design, manufacture, market and sell a crashworthy vehicle.

21.    At the times relevant hereto, the subject vehicle was being operated in such a manner as was reasonably foreseeable and/or anticipated and/or intended and Plaintiff-decedent's

fatal injuries directly and proximately resulted from the negligent conduct of the Defendant GM in the following manners:

    (a)    Failing to incorporate reasonable engineering methodology to design a crashworthy vehicle;

    (b)    Failing to provide adequate warnings and/or cautions and/or directions concerning the dangerous condition of the vehicle;

    (c)    Failing to adequately or properly test and inspect the vehicle to provide a safe product that would not cause new or enhanced injuries due to its defective design;

    (d)    Failing to give adequate instruction to foreseeable users of the 1998 Chevrolet Cavalier regarding the likelihood or possibility of injuries resulting from the vehicle's defective design;

    (e)    Failing to adequately, properly or completely supervise its personnel in the manufacture and assembly of the vehicle so that it would not cause injuries; and

    (f)    Failing to recall the vehicle in a timely and/or reasonable manner without government intervention so as to correct the defective conditions set forth above.

22.    The actions and/or inactions of Defendant GM constituted willful and wanton misconduct in total disregard of the rights and safety of Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and punitive damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.

## COUNT 3:  PLAINTIFF v. GM (BREACH OF WARRANTY)

23.      Plaintiff incorporates by reference all above Paragraphs.

24.      As a result of the defective and unreasonably dangerous condition of the 1998
Chevrolet Cavalier as set forth above, Defendant GM, in selling the vehicle in such condition,
breached implied warranties of merchantability and fitness; these breaches were factual causes in
the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant GM for compensatory and
punitive damages in excess of $50,000, plus interest and costs as well as any other relief this
Court deems appropriate.

## COUNT 4:  PLAINTIFF v. M & M (STRICT LIABILITY)

25.      Plaintiff incorporates by reference all above Paragraphs.

26.      Defendant M & M marketed and sold the 1998 Chevrolet Cavalier involved in
this incident.

27.      At the time of its sale of the 1998 Chevrolet Cavalier involved in this incident,
Defendant was in the business of purchasing, marketing and selling vehicles such as the
Chevrolet Cavalier.

28.      Defendant M & M, through media advertising, by its appearance, and through the
dissemination of brochures, manuals and pamphlets, made representations about the character,
quality and/or recommended uses of the 1998 Chevrolet Cavalier.

29.      At the time the 1998 Chevrolet Cavalier was marketed and sold by Defendant
M & M, the vehicle was unreasonably dangerous and defective.  Said defect(s) and the

unreasonably dangerous conditions it/they created were factual causes in the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant M & M for compensatory damages in excess of $50,000, plus interest and costs as well as any other relief this Court deems appropriate.


### COUNT 5:  PLAINTIFF v. M & M (BREACH OF WARRANTY)

30.    Plaintiff incorporates by reference all above Paragraphs.

31.    As a result of the defective and unreasonably dangerous condition of the 1998 Chevrolet Cavalier as set forth above, Defendant M & M in selling the vehicle in such condition breached implied warranties of merchantability and fitness; these breaches were factual causes in the fatal injuries sustained by Plaintiff-decedent.

WHEREFORE, Plaintiff demands judgment against Defendant M & M for compensatory damages in excess of $50,000 plus interest and costs as well as any other relief this Court deems appropriate.


### COUNT 6: WRONGFUL DEATH

32.    Plaintiff incorporates by reference all above Paragraphs.

33.    Plaintiff brings this action on behalf of the survivors of the Decedent under and by virtue of the laws of the State of New Jersey.

34.    In addition to Plaintiff, Plaintiff's Decedent left surviving him the following persons entitled to recover for damages and on their behalf this action is brought:  his infant son, David Arenas, 74 North Fourth Street, 2nd Floor, Easton, PA 18042 and/or Plaintiff-decedent's

parents, Gustavo Rafael Arenas and Elda Beltran Acosta, #143 Cuarta Etopa, Entre Paseo Playa

Linda y Acuario, Infonavid Buena Vista, Vera Cruz Mexico 91850.

35.    The Plaintiff claims damages for pecuniary loss suffered by Decedent's survivors

by reason of his death, as well as reimbursement for the medical bills, funeral expenses, and

other expenses incurred in connection therewith.

36.    As the result of the death of Plaintiff's Decedent, his survivors may have been

deprived of the earnings, maintenance, guidance, support and comfort that they would have

received from him for the rest of his natural life.

37.    At no time during his lifetime did Plaintiff's Decedent bring an action for his

personal injuries and no other action for his death has been commenced against defendants.

WHEREFORE, Plaintiff demands damages against all defendants jointly and severally in

an amount in excess of $ 50,000, exclusive of interest and costs.


**COUNT 7: SURVIVAL ACTION**

38.    Plaintiff incorporates by reference all above Paragraphs.

39.    Plaintiff, as Executrix of the Estate of Plaintiff's Decedent, brings this action on

behalf of the estate of Plaintiff's Decedent.

40.    As a direct and proximate result of the aforesaid acts of negligence, Decedent

suffered and Defendants are liable for the following damages:

(a)    Decedent's pain and suffering between the time of his injuries and the time of

death;

(b)    Decedent's total estimated future earning power less his estimated cost of personal

maintenance;

(c)    Decedent's loss of retirement and Social Security income;

(d)    Decedent's other financial losses suffered as a result of his death;

(e)    Decedent's loss of enjoyment of life; and

(f)    All other legally compensable damages.

WHEREFORE, Plaintiff demands damages against all defendants jointly and severally in the amount in excess of $50,000, exclusive of interest and costs.

ZAJAC & ARIAS, L.L.C.

BY: _____

ERIC G. ZAJAC
Attorney for Plaintiff

DATED:        August 22, 2008



# www.TeamLawyers.com

# EXHIBIT E

TRUE COPY

MARLA SOFFER, Administratrix of
the Estate of DAVID ARENAS, Deceased

   v.

GENERAL MOTORS CORPORATION
   and
M & M MOTORS

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
CAMDEN COUNTY

CIVIL ACTION
DOCKET NO.: ATL-L-4326-08
**ORDER DECLINING JURISDICTION
OVER THIS MATTER**

**GRANTED**, without prejudice.

THIS MATTER, having been open to the Court by Zajac & Arias, LLC, attorneys for

Plaintiff, Marla Soffer on a Motion for Declaratory Relief pursuant to N.J.S.A. 2A:16-52; the

Court having read the moving papers and being of the opinion that good cause has been shown;

and for reasons set forth this day on the record,

It is on this 10th day of October, 2008; ORDERED that this Honorable Court DECLINES

TO ACCEPT JURISDICTION over this action, respectfully instructing Plaintiff to refile in the

Court of Common Pleas of Philadelphia County, ~~consistent with and pursuant to the earlier~~

~~directives of that Court. See Lombardi v. Simon, 639 A.2d 426, 427-28 (N.J. Super. 1993)~~

~~(holding that in New Jersey, a statute of limitations is substantive and not procedural).~~

It is further ORDERED that a copy of this ORDER shall be served upon all counsel within

seven days of the date below.

BY THE COURT:

HONORABLE RONALD J. FREEMAN, J.

OPPOSED ✓

UNOPPOSED _____

**"Reasons Set Forth on Record"**

3

1010108

OCT 2 0 '08



# www.TeamLawyers.com

# EXHIBIT F

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.    A -001933-08T2
                      A -001938-08T2

FILED
APPELLATE DIVISION

FEB 23 2009

CLERK

MARLA SOFFER ET AL
VS
GENERAL MOTORS CORP ET AL

SCHEDULING ORDER

RECEIVED
MAR - 2 2009

An appeal having been filed in the above matter,

IT IS HEREBY ORDERED that the time for filing and serving briefs and appendices shall not be later than as follows:

(a)   Brief and appendix of appellant:        04/09/09

(b)   Brief and appendix, if any,
      of each respondent:                      05/11/09

(c)   Reply, if any, of appellant:            05/21/09

IT IS FURTHER ORDERED that when service of a brief is made by ordinary mail on its due date, three days shall be added to the due date of the next brief as provided in R.1:3-3; and

IT IS FURTHER ORDERED that if appellant has not already filed three additional copies of the transcript with the Clerk and served one copy on any one respondent for the use of all the respondents, same are to be filed and served within ten days hereof; and

IT IS FURTHER ORDERED that five copies of each brief and appendix shall be filed with the Clerk, along with a proof of service indicating that two copies were served on each party to the appeal and one copy of the transcript was served on any one respondent; and

IT IS FURTHER ORDERED that in the event of default by appellant regarding any provision of this order, THE APPEAL WILL BE SUBJECT TO DISMISSAL WITHOUT FURTHER NOTICE; and

IT IS FURTHER ORDERED that if any respondent fails to file a brief within the time directed by this order, such respondent will be subject to preclusion from further participation in the appeal.

WITNESS, the Honorable Edwin H. Stern, Presiding Judge for Administration, at Trenton, this 23 day of February, 2009.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

JOSEPH N. ORLANDO
CLERK OF THE APPELLATE DIVISION

JUCCF

APPELLATE DIVISION CHECKLIST FOR PREPARATION OF BRIEF

1.   **CONTENTS** [R. 2:6-2, R. 2:6-4]

( )   Table of contents, including point headings to be argued.  Any point not presented below must be so indicated in the point heading.  If the appendix is bound with the brief, there shall be a single table of contents for both.

( )   Table of citations of cases, alphabetically arranged, statutes, rules and other authorities. [Not required in a letter brief.]

( )   Any preliminary statement shall not exceed three pages nor contain footnotes.

( )   Separate procedural history with page references to the appendix.

( )   Separate statement of facts with page references to the appendix and transcript. [A separate statement of facts is optional for respondent.  A respondent not including such a statement shall be deemed to have adopted appellant's.]

( )   Chronological listing in a footnote in the procedural history of the appellant's brief of the dates of the various volumes of the transcript and their numbered designations (i.e., 1T, 2T, etc.) and transcript references (in any brief) which include the numbered designations.

( )   Legal argument divided, under appropriate point headings, into as many parts as there are points to be argued.

2.   **FORM** [R. 2:6-7, R. 2:6-10]

( )   Pages shall be 8.5" by 11", with one-inch margins.

( )   Each page shall contain no more than 26 double-spaced lines of no more than 65 characters, including spaces, each of no less than 10-pitch or 12-point type.  The pitch or point type also applies to footnotes.

( )   Page limitations (not including tables of contents and citations):

>       Initial brief of any party - 65     Respondent/cross-appellant - 90
>       Reply brief - 20                    Appellant/cross-respondent - 65
>       Letter brief - 20

( )   Securely fastened, either bound along the left margin or stapled in the upper left-hand corner. Metal fasteners should be covered.

3.   **COVER** - not glassine [R. 2:6-6]

( )   Color:

>       Appellant - white              Respondent or respondent/cross-appellant - blue
>       Amicus - green                 Reply or appellant/cross-respondent - buff

( )   Name of appellate court and docket number.

( )   Complete caption as it was in the trial court or agency plus designation of appellant and respondent.  [Do not abbreviate or use "et al."]

( )   Nature of the proceedings, name of the court and judge or agency below.

( )   Title of the document and designation of party for whom filed.

( )   Name, office address and telephone number of the attorney of record and names of any attorneys "of counsel" or "on the brief."

4.   **NUMBER OF COPIES AND PROOF OF SERVICE**  [R. 2:6-12]

( )   Five copies of the brief for the Clerk's office and two for each party.

( )   Proof of service on each party to be filed simultaneously.

5.   **LEGIBILITY** [R. 2:6-10]

( )   Check all copies for legibility.

CONTINUED ON THE BACK

### APPELLATE DIVISION CHECKLIST FOR PREPARATION OF APPENDIX
#### [APPENDIX IS OPTIONAL FOR RESPONDENT]

1.   **CONTENTS** [R. 2:6-1, R. 2:6-3]

( )   Table of contents.  Indicate the initial page of each document.  Attachments to a document shall be separately identified and the initial page of each noted.  Each volume of a separately bound appendix must be prefaced with the full table of contents and shall specify on its cover the pages included therein. If bound with the brief, there shall be a single table of contents for both.

( )   In civil actions, the complete pretrial order, if any, and the pleadings.

( )   If a motion decision is being appealed, the motion and any supporting or opposing affidavit/certification.

( )   In criminal, quasi-criminal or juvenile delinquency actions, the indictment, accusation or complaint.

( )   Judgment, order or determination appealed from, including any jury verdict sheet.

( )   Trial judge's charge to the jury, if at issue, and any opinions or statement of findings and conclusions.

( )   Notice of appeal.

( )   Such other parts of the record, excluding the stenographic transcript, as are essential to the proper consideration of the issues.

( )   Trial briefs shall not be included in the appendix, unless either the question of whether an issue was raised in the trial court is germane to the appeal, in which event only the material pertinent to that issue shall be included, or the brief is referred to in the decision of the court or agency.

( )   Any document already in the appendix, for example annexed to a motion, should not be reproduced again.

( )   A document that is included in full in the appellant's appendix should not be duplicated in the respondent's appendix.

2.   **FORM** [R. 2:6-1, R. 2:6-10]

( )   Pages shall be 8.5" by 11".

( )   Bound with the brief or separately into volumes containing no more than 200 sheets each.

( )   Filing date of each paper shall be stated at the head of the copy as well as its subject matter.

( )   Each page shall be numbered consecutively followed by the letter "a" (e.g. 1a, 2a, etc.).

( )   Securely fastened, either bound along the left margin or stapled in the upper left-hand corner.

3.   **COVER** [R. 2:6-6]

( )   If separate from the brief, cover of the appendix shall be the same as the brief.

4.   **NUMBER OF COPIES AND PROOF OF SERVICE** [R. 2:6-12]

( )   Five copies of the appendix for the Clerk's office and two for each party.

( )   Proof of service on each party to be filed simultaneously.

5.   **LEGIBILITY** [R. 2:6-10]

( )   Check all copies for legibility.



www.TeamLawyers.com

# EXHIBIT G

J. A18044/09

| | | |
|---|---|---|
| MARLA SOFFER, ADMINISTRATRIX OF | : | IN THE SUPERIOR COURT OF |
| THE ESTATE OF DAVID ARENAS, | : | PENNSYLVANIA |
| DECEASED, | : | |
| | : | |
| Appellant | : | |
| | : | JUN 2 3 2009 |
| v. | : | |
| | : | No. 2011 Eastern District Appeal 2008 |
| GENERAL MOTORS CORPORATION AND | : | |
| M & M MOTORS, | : | |

Appeal from the Order Entered June 20, 2008,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 2064, November Term, 2007

BEFORE:  FORD ELLIOTT, P.J., BENDER AND GANTMAN, JJ.


ORDER

AND NOW, to-wit this 22nd  day of June, 2009, the court having
received a Notice of Bankruptcy involving one of the parties to this appeal,
the appeal is dismissed without prejudice to any party to petition for
reinstatement in the event that such is necessary after bankruptcy
proceedings are concluded or if the Bankruptcy Court issues an order lifting
the automatic stay under the Bankruptcy Code.

PER CURIAM



www.TeamLawyers.com

# EXHIBIT H

| | | |
|---|---|---|
| MARLA SOFFER, Administratrix of the Estate of | : | SUPERIOR COURT OF |
| DAVID ARENAS, Deceased | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION and | : | No. 2011 EDA 2008 |
| M & M MOTORS | : | |

**ORDER REINSTATING**
**THIS APPEAL AND SEVERING CLAIMS AGAINST**
**GENERAL MOTORS CORPORATION AND LIFTING BANKRUPTCY STAY**

AND NOW, this _____ day of September, 2009, upon consideration of

Plaintiff/Appellants's Motion to Reinstate this Appeal and Sever Claims against General Motors

Corp. from All Other Claims, and upon consideration of any response, it is ORDERED and

DECREED as follows:

1. The STAY imposed by the Court on or about June 8, 2009 is LIFTED and this appeal is

   REINSTATED;

2. All claims against General Motors Corporation are SEVERED;

3. This matter is re-listed for oral argument to be held on _____, 2009.


BY THE COURT:


_____
                                                                 J.



By:     Eric G. Zajac, Esquire
Identification No.:  66003
1818 Market Street, 30th Floor
Philadelphia, PA 19103                    COUNSEL FOR:  PLAINTIFF
215.575.7615
215.575.7640 (Fax)
email:  Eric@TeamLawyers.com

| | | |
|---|---|---|
| MARLA SOFFER, Administratrix of the Estate of | : | SUPERIOR COURT OF |
| DAVID ARENAS, Deceased | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION and | : | No. 2011 EDA 2008 |
| M & M MOTORS | : | |

### PLAINTIFF/APPELLANT'S MOTION TO REINSTATE HER APPEAL AND
### TO SEVER CLAIMS AGAINST DEFENDANT GENERAL MOTORS CORPORATION

Plaintiff/Appellant Marla Soffer ("Plaintiff"), as Administratrix of the estate of David

Arenas, by and through her undersigned attorney, Eric G. Zajac, Esquire, ZAJAC & ARIAS,

LLC, hereby moves this Honorable Court for an Order Severing Claims Against

Defendant/Appellee General Motors Corporation ("General Motors"), to reinstate the appeal, and

to relist this matter for oral argument.   She avers as follows in support:

1.  This is a product liability action.  It arises from a collision which occurred in December,

    2005.

2.  Plaintiff alleges that a Chevrolet Cavalier Z24 coupe is defective in design and

    unreasonably dangerous with respect to its airbag and seatbelt "safety" systems.

3.  Plaintiff alleges that as a result of these defects, when the subject vehicle was involved in

    a crash on the highway, the subject vehicle's driver-side airbag did not deploy and the

1

driver-side shoulder harness was torn from its lap belt.  Mr. Arenas died as a result of these defects.

4.  In Pennsylvania, a dealership or distributor is liable for design defects as though it were the manufacturer.[1] See Plaintiff's Memorandum of Law.

5.  Co-Defendant/Appellee M&M Motors ("M&M") was an intermediate seller of the subject vehicle.

6.  The design defects summarized in Paragraph 2, above, could have been brought against Defendant M&M only.

7.  Although bankrupt Defendant General Motors Corp. was self-insured, M&M is insured, possibly through multiple carriers.

8.  On June 25, 2008, the Honorable William J. Manfredi of the Philadelphia Court of Common Please issued an Order dismissing Plaintiff/Appellant's claims pursuant to 42 Pa.C.S § 5322(e).

9.  Subsequently, Plaintiff instituted this appeal in the Pennsylvania Superior Court to vacate the lower court's June 25, 2008 Order and remand the case to the Philadelphia Court of Common Pleas.

10. On or about June 9, 2009, shortly before oral argument was to be held, Defendant General Motors Corp. filed a Suggestion of Bankruptcy.

11. As a result of the bankruptcy, on June 22, 2009, the appeal was dismissed without prejudice "to any party to petition for reinstatement in the event that such is necessary after bankruptcy proceedings are concluded or if the Bankruptcy Court issues an order

---

[1]    Approximately thirty of the fifty states of the Union have similar laws.

lifting the automatic stay under the Bankruptcy Code." See June 22, 2009 Order,

attached as Exhibit A.

12. On or about July 1, 2009, Defendant General Motors Corp. emerged from bankruptcy.

13. Accordingly, for the reasons set forth below, Plaintiff moves this Honorable Court for an

    Order reinstating the appeal, severing claims against Defendant General Motors Corp., or

    in the alternative, reinstating the appeal and dismissing Defendant General Motors Corp.

    without prejudice, so that either way, the remaining claims against the remaining insured

    Defendant can proceed.

14. Defendant General Motors Corporation filed a Voluntary Petition (Chapter 11) in

    Bankruptcy on or about June 1, 2009, in the U.S. Bankruptcy Court for the Southern

    District of New York, Case No. 09-50026.

15. On June 2, 2009, the bankruptcy court entered its Order (a) Approving Procedures for

    Sale of Debtors' Assets  Pursuant to Master Sale and Purchase Agreement; (b)

    Scheduling Bid Deadline and Sale Hearing Date; (c) Establishing Assumption and

    Assignment Procedures; and (d) Fixing Notice Procedures and Approving Form of

    Notice (Docket #274).

16. The June 2, 2009 Order of the bankruptcy court approved bidding procedures for the sale

    of substantially all of the Debtors' tangible, intangible and operating assets between and

    among Vehicle Acquisition Holdings LLC (the purchaser), and General Motors

    Corporation and its Debtor subsidiaries.  The purchaser is hereafter referred to as "New

    GM."

17. The authorized sale of assets to New GM is to be free and clear of all liens, claims,

    encumbrances, rights, remedies, restrictions, interests, liabilities and contractual

3

commitments of any kind or nature whatsoever, whether arising before or after the

Petition Date, whether at law or in equity, including all rights or claims based on any

successor or transferee liability.

18. Only liabilities for negligence, strict liability, design defect, manufacturing defect, failure

to warn or breach of the express or implied warranties or merchantability or fitness for a

particular purpose to third parties for death or personal injury arising out of products

<u>delivered</u> to a consumer, lessee or other purchaser of a product <u>at or after the closing</u> are

assumed by the New GM.

19. Liabilities, including consumer litigation claims and personal injury claims such as that

of the plaintiff, would remain with "Old GM."  It is expected that any liquidation of

assets would take two or more years and result in pennies on the dollar, if any money at

all, for claimants.

20.        Notwithstanding the filing of a bankruptcy petition by a defendant
           manufacturer, pending products liability suits involving the
           manufacturer's products may be continued against codefendants who have
           not gone into bankruptcy.  11 U.S.C. § 362(a), providing for the automatic
           stay of judicial proceedings against the debtor, does not mandate a stay of
           proceedings against joint tortfeasors who are the debtor's codefendants.
           The Chapter 11 debtor is not an indispensable party under Fed. R. Civ. P.
           19 in whose absence the products liability suit against solvent joint
           tortfeasors would have to be stayed.

     CONTINUATION OF SUITS AGAINST JOINT TORTFEASORS NOT IN BANKRUPTCY, Am.
     L. Prod. Liab. 3d § 59:11 (May 2009 ed.) (citations & footnotes omitted).

21. Both the interests of justice and judicial economy will be best served by this Court

permitting Plaintiff to proceed against the remaining Defendants as opposed to staying

the entire case indefinitely pending the lifting of the bankruptcy stay as to Defendant

General Motors.  *See* Appellant/Plaintiff's Memorandum of Law in Support, attached;

*See e.g.*, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983):

> We join those courts concluding that the protections of § 362 neither apply to co-defendants **nor preclude severance**.
>
> \*     \*     \*     \*     \*
>
> We are persuaded that the requisite balancing of the competing interests involved in these cases weighs in favor of allowing the remaining actions to proceed. The realities of the hardship of a stay on the plaintiffs . . . is substantial and, in some instances, permanent. The grim reaper has called while judgment waits. Just as obviously, the bankruptcy proceedings are not likely to conclude in the immediate future. A stay hinged on completion of those proceedings is manifestly "indefinite."

*Id.* at 544; 545 (emphasis added).

22. Plaintiff thus moves this Court, pursuant to Pennsylvania Rule of Civil Procedure 213, to sever this action -- severing the claims against debtor General Motors Corporation from those claims against the insured co-Defendant.

23. This court retains jurisdiction to determine if the automatic stay applies to Plaintiff's Motion. *Wilds v. Heckstall,* 2009 WL 1351773 (N.Y.Sur., 2009); *In re Baldwin-United Corp. Litig.,* 765 F.2d 343 (2nd Cir., 1985).

24. The automatic stay does not apply to deciding this Motion, as severance would not affect the rights of debtor General Motors Corp. and would hold in abeyance all claims against General Motors Corp. *Wedgewood v. Fireboard Corp., 706 F.2d 541 (C.A.La., 1983); Wllford v. Armstrong World industries, Inc., 715 F.2d 124 (C.A.N.C., 1983).*

25. The automatic stay applicable to debtor General Motors Corp. does not stay the action against the insured co-defendant. To the contrary, claims against those defendants can, and should move forward, requiring severance of the action. *Wedgewood v. Fireboard Corp., 706 F.2d 541 (C.A.La., 1983); Wllford v. Armstrong World industries, Inc., 715 F.2d 124 (C.A.N.C., 1983).*

26. Philadelphia courts have used severance as a means of allowing plaintiffs to timely proceed against solvent co-defendants in the event of a bankruptcy of one or more

defendants in the course of the litigation. *Westerby v. Johns-Manville Corp.*, 32

Pa.D.&C.3d 163 ( Phila. Cty., 1982); *McMillan v. Johns-Manville et. al.,* 15 Phila. Cty.

Rptr. 650 (1987); *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila.

Cty., 1982).

27. Further, "nothing precludes the solvent [defendants]… from obtaining contribution from

the bankrupts when (and if) they emerge from reorganization proceedings. To hold

otherwise would be to require an exercise in futility, for any finding of fault against the

bankrupt manufacturers would be unenforceable under the automatic stay provisions of

the Bankruptcy Code." *Ottavio v. Fibreboard Corp*., 421 Pa. Super. 284, 293 (1992)

WHEREFORE, Plaintiff/Appellant respectfully request that this Court grant the relief

requested in the attached proposed order.

**ZAJAC & ARIAS, L.L.C.**

_____
BY:    ERIC G. ZAJAC, ESQUIRE
Attorney for Plaintiff

DATED: September 14, 2009



By:    Eric G. Zajac, Esquire
Identification No.:  66003
1818 Market Street, 30th Floor
Philadelphia, PA 19103                    COUNSEL FOR:  PLAINTIFF
215.575.7615
215.575.7640 (Fax)
email:  Eric@TeamLawyers.com

| | | |
|---|---|---|
| MARLA SOFFER, Administratrix of the Estate of | : | SUPERIOR COURT OF |
| DAVID ARENAS, Deceased | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION and | : | No. 2011 EDA 2008 |
| M & M MOTORS | : | |

### PLAINTIFF/APPELLANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO REINSTATE HER APPEAL AND SEVER CLAIMS AGAINST DEFENDANT GENERAL MOTORS CORPORATION

Plaintiff/Appellant Marla Soffer ("Plaintiff"), as Administratrix of the estate of David

Arenas, by and through her undersigned attorney, Eric G. Zajac, Esquire, ZAJAC & ARIAS,

LLC, hereby files this Memorandum of Law in Support of Her Motion to Sever Claims Against

Defendant/Appellee General Motors Corporation:

### I.   MATTER BEFORE THE COURT

Presently before the Court is Plaintiff/Appellant's Motion to Sever Claims Against

Defendant/Appellee General Motors Corporation.

### II.   STATEMENT OF QUESTION INVOLVED

Whether this appeal should be reinstated and relisted for oral argument, and claims

against bankrupt Defendant/Appellee General Motors Corp. ("Defendant General Motors" or

"GM") should be severed so that claims against co-Defendant/Appellee M&M Motors

("M&M"), which is separately insured should proceed.

SUGGESTED ANSWER: yes

III. RELEVANT FACTS

This crashworthiness action arises from a collision which occurred in December, 2005. Mr. Arenas, the seat-belted driver of a Chevrolet Cavalier Z24 coupe, was traveling at a moderate rate of speed on a two-lane highway in Warren County, New Jersey. Mr. Arenas was returning to Pennsylvania from his place of employment in New Jersey, when the vehicle traveled onto the opposite lane of travel. There was a head-on impact. In the collision, the subject vehicle's driver-side airbag did not deploy and the driver-side shoulder harness was torn from its lap belt. Mr. Arenas was killed on impact.

Subsequently, in October of 2006, Mr. Arenas' estate was raised by a duly appointed Administratrix, Marla Soffer, Esquire. Mr. Arenas died while his girlfriend was pregnant with his child; his son was born posthumously.

M&M Motors was an intermediate seller of the subject vehicle. The design defects summarized above, could have been brought against M&M only.

On June 25, 2008, the Honorable William J. Manfredi of the Philadelphia Court of Common Please issued an Order dismissing Appellant's claims pursuant to 42 Pa.C.S § 5322(e). Subsequently, Plaintiff instituted this appeal in the Pennsylvania Superior Court to vacate the lower court's June 25, 2008 Order and remand the case in the Philadelphia Court of Common Pleas. On or about June 9, 2009, Defendant General Motors Corp. filed a Suggestion of Bankruptcy. As a result of the bankruptcy, on June 22, 2009, the appeal was dismissed without prejudice "to any party to petition for reinstatement in the event that such is necessary after bankruptcy proceedings are concluded or if the Bankruptcy Court issues an order lifting the automatic stay under the Bankruptcy Code." See June 22, 2009 Order, attached as Exhibit A.

2

On or about July 1, 2009, Defendant General Motors Corp. emerged from bankruptcy. As part of the federal bankruptcy proceedings, all existing causes of action against Defendant General Motors for product liability were DISCHARGED.

## IV. STATEMENT OF LAW AND ARGUMENT

### A.  Summary of Argument

The bankruptcy filing of Defendant General Motors Corp. imposes the automatic stay of § 362(a) on all claims pending against it.  However, General Motors Corp.'s bankruptcy does not stay Plaintiff's claims in this action against the other, solvent defendant, M&M, or against any other Defendants.  In order to expedite and resolve those claims, Plaintiff has filed this Motion to reinstate her appeal and sever her action, removing General Motors Corp. from the other claims, allowing for a resolution, by trial if necessary, against the remaining defendants.

This is a sensible and approved way of dealing with the situation created by the automatic stay.  However, to delay the litigation, the solvent co-defendants are likely to oppose Plaintiff's Motion and attempt to require the resolution of claims against it to await the far distant resolution of the General Motors Corp. bankruptcy.  If so, Defendant's position is baseless and Plaintiff is entitled to have her Motion for severance granted.  Several considerations demand this conclusion.

First, Plaintiff has a direct claim against M&M.  Her claims are neither derivative nor ancillary.  As such she is entitled to have those claims decided expeditiously, regardless of General Motors Corp.'s bankruptcy.

Second, this Court enjoys the power and authority to grant Plaintiff's motion.  This Court's jurisdiction is not impaired by the automatic stay.  As severance would not affect the rights of bankrupt defendant General Motors Corp., an order severing General Motors Corp.

from the other defendant would not violate the automatic stay and is within the competency of this Court.

Third, the automatic stay applicable to Defendant General Motors Corp. does not stay any action against any other solvent co-defendants. To the contrary, claims against those Defendants can, and should, move forward, requiring a severance of the action.

Fourth, complications in the pursuit of discovery caused by General Motors Corp.'s bankruptcy are not a basis for denying Plaintiff's Motion or staying the actions against the solvent co-defendant. Case-law holds that the stay does not shield General Motors Corp. from responding to discovery directed toward claims against the other defendants. There is no indication that discovery will be in any way hampered by General Motors Corp.'s bankruptcy. And even if inconveniences in discovery are created by the bankruptcy, case-law holds that this is not a basis for denying Plaintiff's Motion or staying the claims against M&M.

Finally, Pennsylvania case-law favors severance as a mechanism for allowing Plaintiff to continue her claims against M&M and the other remaining Defendants, while holding in abeyance all claims against the debtor General Motors Corp..

Each of these issues is discussed in more detail below.

B. Plaintiff's Claims against M&M are Direct Claims and are not Derivative or Ancillary to Plaintiff's Claims against General Motors Corp.

It is anticipated that M&M will claim that any action against it is ancillary or derivative to any action against the manufacturer and therefore the case against it is stayed by General Motors Corp.'s bankruptcy. However, that claim is neither factually nor legally correct. Plaintiff has a distinct and separate claim against every seller of the product, including M&M -- the car dealership that admittedly and undeniably was in the chain of distribution of the vehicle.

Pennsylvania adopted section 402A of the Restatement (Second) of Torts in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966) and has consistently applied that section in product liability cases.  402A speaks strictly in terms of liability for "sellers".  Indeed, the word manufacturer is never used in that section.  402A refers to "One who <u>sells</u> any product in a defective condition…", if "the <u>seller</u> is engaged in the business of <u>selling</u> a product" *Restatement (Second) of Torts, § 402A* (1965)(*emphasis added*).

 Shortly after *Webb,* the Pennsylvania Supreme Court made clear that 402A applied to all <u>sellers</u> of a product, not just the manufacturer.  In a case involving an allegedly defective automobile tire, the court writes, "Goodrich, the manufacturer, Gulf Tire, the wholesaler, and Keller, the retailer and immediate vendor, would all be considered 'sellers' (Comment f., Section 402A).  Liability, if it exists, arises from Section 402A." *Forry v. Gulf Oil Corp.*, 428 Pa. 334, 340, 237 A.2d 593, 597 (1968).

Comment f to 402A explains, "The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption.  It therefore applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor…"  Comment c to 402A explains the rational for applying liability to any and every member of the chain of distribution: "On whatever theory, the justification for the strict liability has been said to be that the <u>seller</u>, by marketing his product for use and consumption, has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it." *Restatement (Second) of Torts, § 402A, Comment c (emphasis added).*

Citing Comments c and f, the Pennsylvania Supreme Court writes; "We have also stated [402A's] applicability to sellers as well as manufacturers in a number of factual settings, adopting comment f and applying the rule to cases involving suppliers other than sellers as well."

*Coyel by Coyel v. Richardson-Merrell, Inc.,* 526 Pa. 208, 212, 584 A.2d 1383, 1385 (1991); *see also Francioni v. Gibsonia Trucking Company,* 472 Pa. 362, 372 A.2d 736 (1977) (citing comment f to support holding that plaintiff had a right of action against the lessor of a product).

That Plaintiff's claims against M&M are neither ancillary nor derivative of claims against General Motors Corp. is demonstrated by a simple test. In this action, Plaintiff could have originally filed against M&M only, without ever naming General Motors Corp. as a defendant. Plaintiff has a direct action against M&M that is not derivative. While M&M may find the bankruptcy of General Motors Corp. inconvenient, its inconvenience is no different from that of the Plaintiff, and there is no basis for delay of the resolution of claims against M&M.

C.  <u>The Automatic Stay Does not Strip this Court of Jurisdiction, and the Court has the Power to Decide Plaintiff's Motion for Severance.</u>

M&M may claim that this court, or the trial court, has no authority to do anything, as one party to the litigation is now subject to the automatic stay. However, neither this court nor the trial court is stripped of jurisdiction by the automatic stay. To the contrary, both courts have authority to determine if the stay is applicable to any action taken in its court. If the court finds that action does not violate the stay, the court has authority to continue the action. As a severance of the present action would not affect the debtor, General Motors Corp., and does not violate the automatic stay, this Court enjoys jurisdiction to sever the action and to allow the litigation to continue as to M&M.

The principle has been stated, "The law is clear that the non bankruptcy court has jurisdiction to determine the applicability of the automatic stay to litigation before it. 'The court in which the litigation claimed to be stayed is pending has jurisdiction to determine…whether the proceeding before it is subject to the automatic stay.'" *Wilds v. Heckstall,* 2009 WL 1351773, 3 (N.Y.Sur., 2009) (quoting *Sawalski v. NLRB,* 158 BR 971 (Bkry.Ct., E.D.Mi., 1993).

*Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374 (6th Cir., 2001) describes

jurisdiction between the bankruptcy court and another court in which an action is pending as

"concurrent".  *Chao* states, "[T]he exclusivity of the bankruptcy court's jurisdiction reaches only

as far as the automatic stay provisions of 11 U.S.C. § 362.  That is, if the automatic stay applies

to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy

court.  If the automatic stay does not apply- *e.g.*, if an exception to the stay covers the action in

question- the bankruptcy court's jurisdiction is concurrent with that of any other court of

competent jurisdiction." *Id. at* 383.

*Chao* continues, "Not surprisingly, courts have uniformly held that when a party seeks to

commence or continue proceedings in one court against a debtor or property that is protected by

the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court

properly responds to the filing by determining whether the automatic stay applies to (*i.e.*, stays)

the proceedings.  Assuming its jurisdiction is otherwise sound, the non-bankruptcy court may

enter orders not inconsistent with the terms of the stay and orders entered by the bankruptcy

court respecting the stay." *Id. at* 384 (citations and quotations omitted).  *See also In re Baldwin-

United Corp. Litig.,* 765 F.2d 343, 347 (2nd Cir., 1985) ("Whether the stay applies to litigation

otherwise within the jurisdiction of a district court or court of appeals is an issue of law within

the competence of both the court within which the litigation is pending…and the bankruptcy

court."); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir., 1986) ("other district courts

retain jurisdiction to determine the applicability of the stay to litigation pending before them, and

to enter orders not inconsistent with the terms of the stay.").

*Vasile v. Dean Witter Reynolds, Inc.,* 20 F.Supp.2d 465, 499 (E.D.N.Y., 1998) quotes *In

re Baldwin-United, supra.,* to conclude, "The court in which the litigation claimed to be stayed is

pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceedings pending before it is subject to the automatic stay." *See also S.E.C. v. Bilzerian,* 131 F.Supp.2d 10 (D.D.C., 2001) (court where action is pending has authority to determine if the automatic stay is applicable.); *Covanta Onondaga, Ltd. V. Onondaga County Resource Recovery Agency,* 283 B.R. 651, 654 (N.D.N.Y., 2002) ("The court in which the litigation claimed to be stayed is pending and has jurisdiction to determine not only its own jurisdiction, but also the more precise question whether the proceeding pending before it is subject to the automatic stay.")

While much of the published opinions deal with the federal district courts' jurisdiction, the principle is equally applicable to state tribunals. *See In re Ivani,* 308 B.R. 132, 135 (Bkrtcy. E.D.N.Y., 2004) ("[T]he majority rule finds that federal and state courts have concurrent jurisdiction over the matter.").

Indeed, Pennsylvania courts have exercised their authority to sever cases pursuant to Pennsylvania Rule of Civil Procedure 213(b), where one or more defendant has filed for bankruptcy during the pendency of the litigation. *See Westerby v. Johns-Manville Corp.*, 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982); *McMillan v. Johns-Manville et. al.,* 15 Phila.Cty. Rptr. 650 (1987); *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982).  In so doing, these courts allowed litigation to continue against solvent co-defendants, while claims against the debtor were held in abeyance by the automatic stay.  Accordingly, this Court may and should exercise its power to sever the instant action.  As stated in *Arnold v. Garlock,* 278 F.3d 426, 436 (5th Cir., 2001), "[W]e join [the cited courts] in concluding that the protections of § 362 neither apply to co-defendants nor preclude severance." (emphasis added).

D.  <u>The Automatic Stay Applicable to a bankrupt Defendant Does not Stay Any Action against a Solvent Co-defendant.</u>

8

It is anticipated that M&M will argue that the action against it, too, is stayed by the

bankruptcy filing of General Motors Corp..  However, case-law is abundantly clear that an action

stayed as to a bankrupt defendant is not stayed as to any solvent co-defendant.

This argument --  that the automatic stay applies to a solvent co-defendant -- was rejected

in *Wedgeworth v. Fireboard Corp.,*  706 F.2d 541 (C.A. La., 1983).  There the appellate court

writes:

> We begin our inquiry by examining the plain language of the statute.  That language
> clearly focuses on the insolvent party.  There are repeated references to *the debtor*.  The stay
> envisioned is "applicable to all entities," § 362A, but only in the sense that it stays all entities
> proceeding against the debtor.  To read the "all entities" language as protecting co-debtors would
> be inconsistent with the specifically defined scope of the stay "against the debtor," § 362(a)(1).
> Continuing, we note that the remaining clauses of § 362(a) carefully list the kinds of proceedings
> stayed, in each instance explicitly or implicitly referring to "the debtor".
> *Id. at* 544.

In upholding the court's decision to allow the matter to proceed against solvent

defendants, the *Wedgeworth* court recognizes that bankruptcy proceedings would not likely

conclude in the near future and to require the plaintiff to wait would be manifestly unjust.  Nor

did the court give any credence to the argument that discovery would be difficult because of the

bankruptcy of a defendant, finding this to be one inconvenience incumbent to litigation.

Similarly, in *Willford v. Armstrong World Industries, Inc.,* 715 F.2d 124 (C.A.N.C.,

1983) the court declined to countenance arguments that the stay applies, or, by discretion should

apply, to solvent co-defendants when the action is stayed as to one defendant as a result of a

bankruptcy filing.  That court writes:

> In concluding that the remaining co-defendants cannot avail themselves of the
> automatic stay provisions of 11 U.S.C. § 362(a), applicable to those defendants under
> the protection of the bankruptcy court, we need only examine the plain wording of the
> statute itself.  It provides only for an automatic stay of any judicial proceedings "against
> the debtor".  Section 362(a)(1).  The words "applicable to all entities" denotes that the
> stay accorded the "debtor" is without limit or exception and that the "debtor" is

protected from the pursuit of actions by any party of any character during the period of the stay. That insulation, however, belongs exclusively to the "debtor" in bankruptcy.

*Id. at* 126.

Nor did the *Wilford* court find reason to extend the stay to the solvent co-defendants. It dismissed arguments of "piecemeal litigation", finding it a matter imbedded in the bankruptcy procedure. It likewise dismissed arguments of complications in discovery. The court states, "In any event, the position in which the appellants find themselves, while taxing and burdensome, does not constitute a sufficient offset to the plaintiff's rights to have his case resolved without undue delay." *Id. at* 128.

In *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194 (C.A., Ohio, 1983) another circuit court reached the same result. The *Lynch* court reviews not only the language of § 362(a), but the legislative history as well, finding no intention on Congress' part to extend the stay to solvent co-defendants. "Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as a debtor's co-defendants, rather than the debtor or its creditors." *Id. at* 1196.

The *Lynch* court likewise rejects arguments that duplicative or multiple litigation could form a basis for extending the stay. The *Lynch* court simply acknowledges that this is a by-product of bankruptcy proceedings. *Id. at* 1199.

*Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068 (3rd Cir., 1983) is a Third Circuit case reaching the same result. Applying the same reasoning cited in the cases above, the *Gold* court found that the automatic stay did not apply to solvent co-defendants. In upholding the court's refusal to impose a discretionary stay, the court found the burden on the plaintiff took precedence to any burden to the co-defendants.

In *Gold,* the defendants argued that Johns-Manville was the primary defendant, and, as such, bore the burden of defense for all defendants. The court responds, "The decision to allocate such responsibility to Johns-Manville was part of a consciously chosen trial strategy, and while we do not find fault with petitioners for dividing the tasks of trial preparation, it would be unfair to burden plaintiff with the unexpected and untoward consequences of defendants' decisions." *Id. at* 1076.

The *Gold* court concludes, "We are not persuaded that the hardship imposed on defendants by proceeding to trial without Johns-Manville or our legitimate interest in judicial economy is sufficient to force these plaintiffs to forebear until the bankruptcy defendants emerge from the reorganization proceedings. The defendants may be seriously inconvenienced by the resumption of the actions against them; under the standard announced in *Landis* [*v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)], however, the balance of hardship weighs in favor of the injured plaintiffs." *Id. at* 1076.

Defendants will maintain that as the facts and proofs surrounding the various claims are inter-related, the stay somehow applies to all defendants, or that the court should stay the action until the bankruptcy is resolved. *Wilds v. Heckstall,* 2009 WL 1351773 (N.Y.Sur., 2009) is a recent case in which this argument was pursued by defendants but rejected by the trial court. Although unreported, the reasoning of the *Wilds* opinion is applicable here. "Thus, when there are multiple parties to the litigation, the action may continue against the other parties, even though the action is stayed against the debtor. This is so even if the action against the non-debtors has a similar legal or factual connection to the debtor's property." *Id. at* 3 (citing *Croyden Assocs. V. Alleco, Inc.,* 969 F.2d 675 (8th Cir., 1992) and *Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194 (3rd Cir., 2009)).

Ample case law supports a conclusion that, in this action, Plaintiff is not stayed from

pursuing claims against M&M, and that the action should be severed to permit the Plaintiff to

move forward against it.  *See Fortier v. Dona Anna Plaza partners,* 747 F.2d 1324 (C.A.N.M.,

1984); *Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.,* 2009 WL 385583 (N.D.Ohio,

2009); *GATX Aircraft Corp. v. Safety Guide of Alabama, LLC,* 2008 WL 5045065 (M.D.Ala.,

2008); *Arnold v. Garlock,* 278 F.3d 426 (5th Cir., 2001); *Seiko Epson Corp. v. Nu-Kote Intern.,*

*Inc.,* 190 F.3d 1360 (C.A.Cal., 1999).

> E.   <u>The Automatic Stay does not Shield the Debtor, General Motors Corp., from the
> Requirement of Responding to Discovery, and Inconveniences in the Discovery
> Process Engendered by a Bankruptcy is not a Basis for Refusing to Sever the Case.</u>

Defendant M&M may claim that the action should not be severed because it would still

require discovery directed to debtor General Motors Corp.  However, courts have repeatedly held

that discovery directed to a debtor is not stayed, if that discovery is related to a claim against a

non-debtor party, even where that discovery might later be used in a claim against the debtor.

Further, courts have repeatedly held that any inconvenience caused by a bankruptcy is not

grounds to stay an action.

*In re Richard B. Vance and Co.,* 289 B.R. 692, 697 (Bkrtcy., C.D.Ill., 2003) states this

concisely; "[I]t is now generally accepted that discovery pertaining to claims against the

bankrupt's co-defendants is not stayed, even if the discovery requires a response from the debtor,

and even if the information discovered could later be used against the debtor." *See also Peter*

*Rosenbaum Photography Corp.* 2004 WL 2973822, 2 (N.D.Ill., 2004) (holding that discovery as

to the debtor was no basis for a stay for solvent co-defendants).

*Rosenbaum* cites *In re Miller*, 262 B.R. 499 (9th Cir. BAP, 2001) for the established

proposition that the automatic stay does not protect the debtor from complying with discovery

requests pertaining to claims against the other non-debtor defendants.  Indeed, in this case there

is no indication that discovery from General Motors Corp. will be in anyway impeded.  Discovery

had been closed, experts reports had been exchanged, a Pretrial Conference had been conducted,

and the case was only a couple weeks from trial when the stay was imposed.  Even if the

bankruptcy creates some inconvenience, courts have consistently held that that is no basis for a

stay as to solvent co-defendants.

This issue was examined at length in *Wedgeworth v. Fireboard Corp.,* 706 F.2d 541

(C.A.La., 1983) with the court and then the circuit court rejecting inconveniences of discovery as

a basis for staying the action against non-bankrupt defendants.  In *Wedgeworth* the bankruptcy

court had, in fact, imposed restrictions on discovery directed to the debtor, Johns-Manville, a

factor not present here.  Still the court rejected this as a basis for a stay as to other defendants. *Id.*

*at* 545.

The same result was reached by the circuit court in *Willford v. Armstrong World*

*Industries, Inc.,* 715 f.2d 124 (C.A.N.C., 1983).  That court found that, "[T]here is no specific

meaningful complaint by any of the appellants that discovery has been thwarted, or that specific

problems exist." *Id. at* 128.  So too, in this action there is no indication that discovery from "old"

General Motors Corp. or "new" General Motors Corp. would be in any way impeded.  Even if

that were so, case-law shows that such impediment is not a basis for a stay as to solvent co-

defendants.  As the *Wilford* court wrote, "In any event, the position in which the appellants find

themselves, while taxing and burdensome, does not constitute a sufficient offset to the plaintiff's

right to have his case resolved without undue delay." *Id. at 1*28.

Because discovery directed to a bankrupt is not stayed as to claims against other

defendants, and because, even if the bankruptcy creates some impediments to discovery,

inconvenience in discovery is not a basis for staying claims against solvent co-defendants, this action should be severed to allow Plaintiff to pursue claims against M&M.

F.  Pennsylvania Case Law Favors Severance of this Action.

While, as would be expected, most written opinions dealing with severance and continuation of a lawsuit against co-defendants in a case in which one defendant files for bankruptcy, appear in federal courts, it is apparent that severance is permitted and approved in Pennsylvania state courts.

In *Ottavio v. Fireboard Corp.*, 421 Pa. Super. 284, 617 A.2d 1296 (1991) the Superior Court upheld the court's decision to allow the case to go to the jury as to all non-bankrupt defendants.  Noting that Pennsylvania has adopted the Uniform Contribution Among Joint Tort-feasors Act at 42 Pa.C.S. § 8321 *et. seq.*, the court concluded that remaining claims for contribution could and must wait the resolution of the bankruptcy and the lifting of the automatic stay.

Pennsylvania courts have exercised their discretion under Pa.R.C.P. 213(b) to sever claims against non-bankrupt co-defendants from those of the debtor.  Rule 213(b) provides:

> (b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues.

In *Westerby v. Johns-Manville Corp.*, 32 Pa.D.&C.3d 163 ( Phila. Cty., 1982) the court recounts that the action was severed on motion of the plaintiff to allow the action to proceed to trial against only non-bankrupt defendants, following the bankruptcy filing of two defendants. That court writes:

> We held that while the stay remained effective as to Johns-Manville and UNARCO, nothing in the bankruptcy laws hinders the presentation or continuation of an individual plaintiff's claims against the remaining co-defendants.  Therefore,

14

> assuming we retained jurisdiction in the instant case and Mr. Westerby thereafter elected to sever the bankrupt-debtors, plaintiff would be able to proceed only against the non-bankrupt defendants, and, pursuant to the bankruptcy laws, any claims he had against Johns-Manville and UNARCO would be held in abeyance until such time as the statutory stay was lifted.

*Westerby at* 181-182.

Likewise in *McMillan v. Johns-Manville et. al.,* 15 Phila. Cty. Rptr. 650 (1987) the trial court, on motion by the plaintiff, severed claims against non-bankrupt co-defendants from the same claims against the bankrupt defendant, and permitted that case to proceed to trial.

Reaching the same decision, the court in *Matthews v. Johnsmanville Corp.,* 33 Pa.D.&C.3d 233, 236-237 (Phila. Cty., 1982) writes:

> The plain language of the above section, its legislative history and the relevant caselaw charting its contours and scope point to the inescapable conclusion that the § 362(a) automatic stay is designed solely as a mechanism for the protection of the debtor-bankrupt and the property of the bankruptcy estate; not for the benefit of related but independent co-defendants.  Congress did not intend, and the express language of the statute does not provide a windfall benefit to non-bankrupt co-defendants.

And in *Brown v. Philadelphia Asbestos Corp.,* 443 Pa. Super. 131, 639 A.2d 1245 (1994), a Pennsylvania appellate court exercised its discretion by severing an appeal following bankruptcy of some defendants.  The court notes, "As Keene's appeal arises from an action brought against Keene before the filing of his bankruptcy petition, we must stay Keene's appeal pending the conclusion of the bankruptcy proceedings.  Moreover, as the automatic stay applies only to the bankrupt debtor, we must severe Keene from the instant appeal."  *Brown at* 135, 639 A.2d at 1247.  The court concludes that even if it were disposed to find in favor of Keene on the pending appeal, it is still stayed from any action, but not stayed from deciding the appeals of co-defendants.  *See also DiDio v. Philadelphia Asbestos Corp.*, 434 Pa. Super. 191, 642 A.2d 1088

(1994) *and Murray v. Philadelphia Asbestos Corp.,* 433 Pa. Super. 206, 640 A.2d 446 (1994)

(reaching the same result in related cases.)

In *Temtex Products, Inc. v. Kramer*, 330 Pa. Super. 183, 479 A.2d 500 (1984) the

appellate court upheld the court's refusal to stay an action where a named defendant filed for

bankruptcy.  Finding that the named defendant had no actual ownership interest in the disputed

property, the action was permitted to move forward despite the stay.

V.  CONCLUSION

Pursuant to the terms of this Court's June 22, 2009 Order, this appeal should be

reinstated.  *See* Exhibit A.  Further, because Rule 213(b) allows severance and because Plaintiff

has a direct action against the non-bankrupt co-defendants, this matter should be severed to allow

the action to proceed against M&M.

WHEREFORE, Plaintiff respectfully request that this Court grant the relief requested in

the attached proposed order.

**ZAJAC & ARIAS, L.L.C.**

_____
BY:     ERIC G. ZAJAC, ESQUIRE
Attorney for Plaintiff

DATED: September 14, 2009

16

By:    Eric G. Zajac, Esquire
Identification No.:  66003
1818 Market Street, 30th Floor
Philadelphia, PA 19103                          COUNSEL FOR:  PLAINTIFF
215.575.7615
215.575.7640 (Fax)
email:  Eric@TeamLawyers.com

| | | |
|---|---|---|
| MARLA SOFFER, Administratrix of the Estate of | : | SUPERIOR COURT OF |
| DAVID ARENAS, Deceased | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION and | : | No. 2011 EDA 2008 |
| M & M MOTORS | : | |

## CERTIFICATION OF SERVICE

I do hereby certify that the service of a true and correct copy of the within Motion was

made on the 14th day of September, 2009, to the counsel below named via regular mail.

Eric A. Weiss, Esquire
Charles W. Craven, Esquire
Marshall Dennehey Warner
 Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797
**Counsel for Defendant: M&M Motors**

Robert J. Martin, Esquire
Francis J. Grey, Esquire
Thomas Finarelli, Esquire
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
Suite 500
6th & Race Streets
Philadelphia, PA 19106
**Counsel for Defendant: General Motors Corporation**

**ZAJAC & ARIAS, LLC**

_____
BY:    **Eric G. Zajac, Esquire**
Attorney for Plaintiff

DATED:        September 14, 2009

17



# www.TeamLawyers.com

# EXHIBIT A

J. A18044/09

| | |
|---|---|
| MARLA SOFFER, ADMINISTRATRIX OF : | IN THE SUPERIOR COURT OF |
| THE ESTATE OF DAVID ARENAS, : | PENNSYLVANIA |
| DECEASED, : | |
| : | |
| Appellant : | |
| : | |
| : | JUN 2 3 2009 |
| v. : | |
| : | No. 2011 Eastern District Appeal 2008 |
| GENERAL MOTORS CORPORATION AND : | |
| M & M MOTORS, : | |

Appeal from the Order Entered June 20, 2008,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 2064, November Term, 2007

BEFORE:  FORD ELLIOTT, P.J., BENDER AND GANTMAN, JJ.

ORDER

AND  NOW,  to-wit  this  22nd   day  of  June,  2009,  the  court  having

received  a  Notice  of  Bankruptcy  involving  one  of  the  parties  to  this  appeal,

the  appeal  is  dismissed  without  prejudice  to  any  party  to  petition  for

reinstatement  in  the  event  that  such  is  necessary  after  bankruptcy

proceedings  are  concluded  or  if  the  Bankruptcy  Court  issues  an  order  lifting

the  automatic  stay  under  the  Bankruptcy  Code.

PER CURIAM



www.TeamLawyers.com

# EXHIBIT I

**FILED**
20 JUL 2009 03:58 pm
Civil Administration

| | |
|---|---|
| MISTY PETERSON, an Incapacitated Person, | COURT OF COMMON PLEAS |
| By her Guardian Paula Peterson | PHILADELPHIA COUNTY |
| v. | JUNE TERM, 2008 |
| CHRYSLER, LLC and KEVIN B. | |
| TRI STAR CONNELLSVILLE, INC. and TRW | |
| AUTOMOTIVE HOLDINGS CORP. and | **DOCKETED** |
| TRW AUTOMOTIVE, INC. and TRW | |
| VEHICLE SAFETY SYSTEMS, INC. | NO.   3546    JUL 27 2009 |

L. KELLY
DAY FORWARD

### ORDER

**AND NOW**, this _27_ day of _July_, 2009, upon

consideration of Plaintiff's Motion To Sever Claims Of Debtor Chrysler, and any responses

thereto, it is hereby **ORDERED** and **DECREED** that ~~all claims against Chrysler LLC and Tri~~ *Dismissed,*

~~Star Connellsville, Inc. are hereby severed from this action in accordance with Pa. R.C.P. 213,~~

~~and that the stay of these proceedings under 11 U.S.C.A §362 is applicable to both Chrysler LLC~~

~~(now "Old CarCo") and Tri Star Connellsville, Inc. without prejudice to the right to renew this~~

~~request at a later date.~~ *The Motion is properly addressed to the B.R. Court.*

**BY THE COURT:**

_/s/ Geo. Abramson_
                                                    J.

Peterson Vs Chrysler LI-ORDER

08060354600049

Case ID: 080603546
Control No.: 09063298

Case ID: 070303736
Control No.: 09091068



# www.TeamLawyers.com

# EXHIBIT J

COPY

CAUSE NO. 08-5154

| | | |
|---|---|---|
| SEAN DANIELS, INDIVIDUALLY, AND AS | § | IN THE DISTRICT COURT OF |
| NEXT FRIEND OF NATALIE DANIELS AND | § | |
| TESSA DANIELS, MINORS, AND AS | § | |
| NEXT FRIEND OF MICHELLE DANIELS; | § | |
| MICHELLE DANIELS, INDIVIDUALLY, | § | |
| AND BLYTHE LAUREN DANIELS, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| DONOVAN TENNANT, | § | |
| GENERAL MOTORS CORPORATION, | § | |
| FRANK PARRA AUTOPLEX, INC. | § | |
| TAKATA CORPORATION, | § | |
| TK HOLDINGS INC., | § | |
| TAKATA SEAT BELTS INC., | § | |
| TK-TAITO L.L.C. | § | |
| | § | |
| DEFENDANTS | § | 95TH JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' MOTION TO SEVER

BEFORE THE COURT IS Plaintiffs' Motion for Severance in the above styled and numbered cause. The Court, having considered the motion and applicable law, is of the opinion that the motion should be **GRANTED.**

It is therefore **ORDERED, ADJUDGED and DECREED** that Plaintiffs' Motion for Severance is hereby **GRANTED** and the Court severs General Motors Corporation and orders the clerk of the court to assign the severed action a separate cause number and that the following documents be included in the new cause:

1.    Plaintiff's Second Amended Petition;

2.    All discovery on file in this case;

3.    All motions and responses on file in this case;

1

4.    All notices sent by the Court to the parties on file in this case;

5.    All signed Orders on file in this case;

6.    Any other relevant matter from the original file;

7.    A copy of the docket sheet;

8.    A copy of this Order.

SIGNED this **31st** day of July_____, 2009.

_____
Judge Presiding



www.TeamLawyers.com

# EXHIBIT K

NO. 08-04293

| | | |
|---|---|---|
| BRIDGETTE LASHAWN WILLIAMS, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF XAVIER DEMOND WILLIAMS, A DECEASED MINOR | § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| GENERAL MOTORS CORPORATION, ADRIAN JAMON CHILDS, SANDRA FIELDS, and MANNIX TODD | § § § § § | |
| Defendants. | § | 191st JUDICIAL DISTRICT |

## ORDER SEVERING CLAIMS OF
## BANKRUPT GENERAL MOTORS CORPORATION

On this day the Court considered the Motion for Relief From the Automatic Stay and To Sever Claims of Bankrupt, General Motors Corporation. The Motion is GRANTED.

The Court severs General Motors Corporation and orders the clerk of the court to assign the claims of Plaintiffs against General Motors Corporation a separate cause number which action is subject to the automatic stay.

SO ORDERED.

August 21, 2009

JUDGE PRESIDING

Order Granting Motion To Sever Claims of Bankrupt General Motors Corporation – Solo Page



# www.TeamLawyers.com

# EXHIBIT L

CAUSE NO. DC-09-03933-K

| | |
|---|---|
| HEATHER L. KAUL, Individually and § | IN THE DISTRICT COURT OF |
| as Next Friend of AMY KAUL, a Minor, § | |
| § | |
| Plaintiffs, § | |
| v. § | DALLAS COUNTY, TEXAS |
| § | |
| GENERAL MOTORS CORPORATION,§ | |
| LONE STAR BUICK-GMC II, L.P. d/b/a§ | |
| LONE STAR PONTIAC BUICK GMC; § | |
| LONE STAR BUICK-GMC INC. d/b/a § | |
| LONE STAR PONTIAC BUICK GMC § | |
| and BRENDA A. FEE, § | |
| § | *192nd* |
| Defendants. § | ~~102~~nd JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN CASE AND TO SEVER GM

BEFORE THE COURT is Plaintiffs' motion to reopen the case and to sever GM in the above styled and numbered cause. The Court, having considered the motion and applicable law, is of the opinion that the motion should be summarily **GRANTED**.

It is therefore **ORDERED, ADJUDGED and DECREED** that Plaintiffs' motion to reopen the case is **GRANTED**. Plaintiffs' motion to sever GM is **GRANTED**. The Court further orders the clerk of the court to assign the severed action a separate cause number and that the following documents be included in the new cause:

1.  Plaintiffs' Original Petition;

2.  All discovery on file in this case;

3.  All motions and responses on file in this case;

4.  All notices sent by the Court to the parties on file in this case;

5.  All signed Orders on file in this case;

6.    Any other relevant matter from the original file;

7.    A copy of the docket sheet;

8.    A copy of this Order.

The Court further sets the severed case for a Scheduling Conference on the _____ day of

_____, 2009.

SIGNED this _10_ day of ___Sept___, 2009.


_____
Judge Presiding



www.TeamLawyers.com

# EXHIBIT M

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

ANOM JOSIL, individually, and as the Personal Representative of the Estate of DENISE JOSIL, deceased,
    Plaintiffs,

v.

MICHELIN NORTH AMERICA, INC., et al.
    Defendants,

_____/

CASE NO.: 16-2006-CA-000193-XXXX-MA
DIVISION: CV-A
**Consolidated with:**
  **CASE NO: 16-2007-CA-005860: Div. CV-B**
  **CASE NO: 16-2007-CA-005861: Div. CV-C**
  **CASE NO: 16-2007-CA-008501: Div. CV-B**

PIERRE E. MILORD, as the Personal Representative of the Estate of JEAN PAUL MILOR, deceased,
    Plaintiff,

v.

MICHELIN NORTH AMERICA, INC., et al.
    Defendants

_____/

CASE NO.: 16-2007-CA-005860-XXXX-MA
DIVISION: CV-B
**Consolidated with:**
  **CASE NO: 16-2006-CA-000193: Div. CV-A**

JEAN F. DESANGES and FRANCOIS J. DESANGES, his wife,
    Plaintiffs,

v.

MICHELIN NORTH AMERICA, INC., et al.
    Defendants,

_____/

CASE NO.: 16-2007-CA-005861-XXXX-MA
DIVISION: CV-C
**Consolidated with:**
  **CASE NO: 16-2006-CA-000193: Div. CV-A**

PIERRE E. MILORD, as the Personal Representative of the Estate of MARIE ALINA MILORD, deceased,
    Plaintiff,

v.

MICHELIN NORTH AMERICA, INC., et al.
    Defendants,

_____/

CASE NO.: 16-2007-CA-008501-XXXX-MA
DIVISION: CV-B
**Consolidated with:**
  **CASE NO: 16-2006-CA-000193: Div. CV-A**

## ORDER GRANTING PLAINTIFFS' MOTION TO SEVER GENERAL MOTORS CORPORATION

This cause came to be heard on August 20, 2009, upon the Consolidated Plaintiffs' Motion to Sever General Motors Corporation, the Court having heard argument of counsel, considered the pleadings, and being otherwise fully advised in the premises herein, it is hereby ORDERED AND ADJUDGED as follows:

1.    Plaintiffs' Motion to Sever General Motors Corporation is GRANTED, and the Court hereby abates the portion of the action against General Motors Corporation and Orders the Clerk of Court to assign a separate case number with the following documents be included in the new cause:

A.    Plaintiff's Amended Complaints (Case Nos. 16-2006-CA-000193; 16-2007-CA-005860; 16-2007-CA-005861; & 16-2007-CA-008501); Defendant General Motors Corporation's Answers; & Plaintiff's Replies.

B.    All filed discovery.

C.    All motions and responses involving Defendant General Motors Corporation.

D.    All signed Orders on file.

E.    Any other relevant matter from the original file.

F.    A copy of this Order.

DONE and ORDERED in chambers, Jacksonville, Duval County, Florida, this _____ day of _____, 2009.

ENTERED

AUG 2 4 2009

_____
**The Honorable James L. Harrison Circuit Judge**

**Copies to Counsel of Record:**

| | |
|---|---|
| William A. Bald, Esquire<br>200 Forsyth Street, Suite 1100<br>Jacksonville, FL 32202<br>*Co-counsel for Plaintiffs* | Stuart C. Poage, Esquire<br>Jessica L. Lanifero, Esquire<br>1660 Prudential Drive #204<br>Jacksonville, FL 32207<br>*Attorney for Dieubeny Cyrius* |
| Kyle H. Dryer, Esquire<br>Deron L. Wade, Esquire<br>Giovanna C. Tarantino, Esquire<br>6688 North Central Expressway<br>Suite 1000<br>Dallas, TX 75206<br>*Attorney for General Motors* | Michael D. Begey, Esquire<br>Post Office Box 1873<br>Orlando, FL 32802-1873<br>*Attorney for General Motors* |

2

| | |
|---|---|
| Robert P. Monyak, Esquire<br>Bonnie Lassiter, Esquire<br>950 East Paces Ferry Road, NE<br>One Atlanta Plaza, Suite 2275<br>Atlanta, GA 30326<br>*Attorney for Michelin North America, Inc.* | R.H. Farnell, II, Esquire<br>Amanda Eaton Ferrelle, Esquire<br>101 E. Adams Street<br>Jacksonville, FL 32202<br>*Attorney for Michelin North America, Inc.* |
| Lee P. Teichner, Esquire<br>Lyndall M. Lambert, Esquire<br>701 Brickell Avenue, Suite 3000<br>Miami, FL 33131<br>*Attorney for BFS Retail* | Michelle Bedoya Barnett, Esquire<br>50 North Laura Street<br>Suite 3900<br>Jacksonville, FL 32202<br>*Attorney for BFS Retail* |
| Raymond P. Reid, Jr., Esquire<br>Benjamin E. Richard, Esquire<br>Stephen J. Pajcic, Esquire<br>1 Independent Drive, Suite 1900<br>Jacksonville, FL 32202<br>*Attorneys for Plaintiffs* | |

cc:   The Honorable Jim Fuller
      Clerk of Court Duval County 4th Judicial Circuit
      Duval County Courthouse
      330 East Bay Street, Room 103
      Jacksonville, FL 32202