**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re　　　　　　　　　　　　　　　　　　　　　　　　:　　　Case No. 09-50026 (REG)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
MOTORS LIQUIDATION COMPANY, *et al.*　　:　　　Chapter 11
　　f/k/a General Motors Corp., *et al.*　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Debtors.　　　　　:　　　(Jointly administered)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION OF CERTAIN NOTEHOLDERS FOR AN ORDER MODIFYING THE BAR DATE ORDER**

　　　Upon the motion dated November 9, 2009 (the "**Motion**") of Aurelius Capital Management, LP, Drawbridge Special Opportunities Advisors, LLC, Fortress Credit Opportunities Advisors, LLC, Appaloosa Management L.P., Elliot Associates, LP, Perry Partners, L.P., and Perry Partners International, Inc. (collectively, the "**Moving Parties**") as holders or managers of funds that are holders of the £350,000,000 8.375% Guaranteed Notes due December 7, 2015 (the "**2015 Notes**"), and the £250,000,000 8.875% Guaranteed Notes due July 10, 2023 (the "**2023 Notes**" and collectively with the 2015 Notes, the "**Nova Scotia Notes**") guaranteed by Motors Liquidation Company f/k/a General Motors Corporation ("**MLC**" or the "**Debtor**"), for entry of an order modifying the Order of this Court dated September 16, 2009 (the "**Bar Date Order**") which, inter alia, established November 30, 2009 (the "**Bar Date**") as the deadline for all entities to file claims in these chapter 11 cases, to provide that no proofs of claim need be filed in respect of guarantee claims against MLC relating to the Nova Scotia Notes or, in the alternative, deeming the Motion a proof of claim as to such claims, and for related relief, all as more fully described in the Motion; and upon the responses to the Motion filed by the Debtors and by the Official Committee of Unsecured Creditors; and a hearing (the

"**Hearing**") having been held before this Court on November 20, 2009 with respect to the Motion; and upon the ruling of the Court made on the record of the Hearing, it is hereby:

ORDERED, that the Motion is denied with respect to the Moving Parties; and it is further

ORDERED, that the Moving Parties are subject to the Bar Date Order in all respects; and it is further

ORDERED, that Onex Debt Opportunity Fund, Ltd and Redwood Master Fund, Ltd., the other holders of Nova Scotia Notes who contacted the attorneys for the Moving Parties ("**Greenberg**") prior to the Hearing, with respect to the Bar Date Order (the "**Contacting Noteholders**"), also shall be subject to the Bar Date Order in all respects, except that, solely with respect to such Contacting Noteholders' "Debt Claims" (as such term is defined in the Bar Date Order) related to the Nova Scotia Notes, the Bar Date shall be extended to 5:00 p.m. (New York time) on December 10, 2009; and it is further

ORDERED, that with respect to all holders of the Nova Scotia Notes other than the Moving Parties and the Contacting Noteholders (the "**Other Noteholders**"), Greenberg is hereby authorized to file a global proof of claim (the "**Global Claim**") with respect to the Debt Claims held by such Other Noteholders with respect to the Nova Scotia Notes; and it is further

ORDERED, that with respect to the Debt Claims related to the Nova Scotia Notes of the Other Noteholders and the Global Claim, the Bar Date shall be extended to 5:00 p.m. (New York time) on December 10, 2009, subject, as to the Global Claim, to a further extension of twenty (20) calendar days for cause shown; and it is further

ORDERED, that unless filed prior to the date of this Order, Greenberg shall file an amended statement pursuant to Federal Rule of Bankruptcy Procedure 2019 within five (5)

2

business days of the entry of this Order, providing the additional information for each of the Moving Parties so as to comply with Bankruptcy Rule 2019; and it is further

ORDERED that nothing herein shall affect the allowance or disallowance of any claim related to the Nova Scotia Notes, except that any such claims as to which an individual proof of claim or a Global Claim is filed in accordance with this Order shall not be subject to objection on the basis that it was not timely filed or that, in the case of the Global Claim, it was not filed by the appropriate person or entity; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated  New York, New York
       December **23**, 2009

                              */s/ Robert E. Gerber*
                              Robert E. Gerber, United States Bankruptcy Judge