**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
| | |
|---|---|
| **In re:** | : |
| | :    **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY, et al.,** | :    **Case No. 09-50026-REG** |
| | :    **Jointly Administered** |
| **Debtors.** | : |

-----------------------------------------------------------------X

## STIPULATION AND ORDER WITH RESPECT TO APPOINTMENT OF A FEE EXAMINER

**RECITALS:**

    A.    On June 1, 2009 (the "**Commencement Date**"), General Motors Corporation (k/n/a Motors Liquidation Company) and certain of its affiliates (collectively, the "Debtors") each filed with this Court a petition for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). On June 3, 2009, Diana G. Adams, the United States Trustee, appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 356].

    B.    On June 1, 2009, a motion was filed by the Debtors seeking entry of an order authorizing and approving the sale of substantially all of their assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, together with all documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the "**MPA**") [Docket No. 92].

C.      On July 5, 2009, an Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered (the "**Sale Order**") [Docket No. 2968].

D.      On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company ("**GMCo.**").

E.      On July 10, 2009, pursuant to the MPA and this Court's Sale Order, GMCo. acquired substantially all of the assets of the Debtors.

F.      On August 7, 2009, the Court entered its Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Compensation Order**") [Docket No. 3711].

G.      The United States Trustee has proposed to the Debtors and Committee that, in light of the size and complexity of the chapter 11 cases and the potential costs and expenses of the professionals subject to the Compensation Order (collectively, the **"Retained Professionals"**), a qualified person or persons should be appointed to review and prepare appropriate reports to the Court, the United States Trustee, the Debtors, the Committee and the respective Retained Professionals on all applications for allowances of compensation and reimbursement of expenses filed by Retained Professionals pursuant to the Compensation Order to assist the Court in determining and ruling on the applications, as well as to provide transparency in the administration of the chapter 11 cases.

H. The Debtors and the Committee concur in the proposal of the United States Trustee, and join in the request of the United States Trustee that the Court appoint a qualified person as the Fee Examiner, subject to the following terms and conditions.

**UPON THE CONSENT OF THE PARTIES, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The United States Trustee, the Debtors and the Committee have met and conferred to consider the selection of qualified persons who are disinterested and unaffiliated with the parties in the Debtors' bankruptcy cases as the recommended candidate for Fee Examiner.

2. Based upon such discussions, the United States Trustee hereby recommends to the Court that Brady C. Williamson be appointed as the Fee Examiner. Attached hereto is Brady C. Williamson's affidavit of disinterestedness.

3. Upon entry of this Order approving this Stipulation and Order, the Fee Examiner shall review and assess all fee applications filed by Retained Professionals in these chapter 11 cases for professional services performed subsequent to the Commencement Date, consistent with section 330 and 331 of the Bankruptcy Code. The Fee Examiner shall submit periodic reports to the Court, the United States Trustee, the Debtors, the Committee and each Retained Professional applying for compensation and reimbursement of expenses pursuant to the Compensation Order.

4. The Debtors, the Committee and all Retained Professionals shall cooperate with the Fee Examiner in the discharge of his duties hereunder, and shall promptly respond to any reasonable requests for information that the Fee Examiner may make in respect of any application for compensation and reimbursement of expenses, budgets, and

3

the overall status of the Debtors' bankruptcy cases. The Fee Examiner may meet and confer with representatives of the Debtors, the Creditors' Committee and Retained Professionals, together or separately, in connection with the discharge of his duties at such dates, times and places as may be reasonably requested.

5. The Fee Examiner shall institute a monthly budgeting system, which shall consist of proposed monthly budgets prepared by all Retained Professionals. As the basis for this system, each Retained Professional shall provide to the Fee Examiner a budget for the particular month, beginning with the month of February, 2010, setting forth an estimate of the projected fees and expenses for such month, and a general description of the categories of services that may be performed during that month and an explanation for any significant increase over the previous month's fees. The budgets shall be furnished to the Fee Examiner on or before the 15th day of the preceding month, commencing on the 15th day of the first month after the appointment of the Fee Examiner. The Fee Examiner may consult with each Retained Professional regarding such budgets. The budgets, however, shall not constitute a limit on the amount of any fees or expenses which may be allowed to a Retained Professional, or otherwise restrict the professional services that any Retained Professional may deem necessary to perform in the discharge of its professional responsibilities.

6. The Fee Examiner may retain or consult with attorneys and other professionals if he or she determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

4

7. The Fee Examiner and such professionals as he or she may retain pursuant to approval by the Court, shall be compensated and reimbursed for their expenses consistent with the procedures set forth in the Compensation Order.

8. The Fee Examiner shall inform each Retained Professional of any issue relating to such Professional's application for compensation or expenses prior to filing a report regarding such application, so that each Retained Professional has a reasonable opportunity to respond to the Fee Examiner for the purpose of resolving the issues identified by the Fee Examiner, or amending its application, prior to the filing of the Fee Examiner's applicable report. The Fee Examiner shall file its periodic report on any Retained Professionals' application for compensation or expenses, after the application is filed with the Court, and serve the same on the United States Trustee, the Debtors and the Committee at least seven days prior to the hearing date set by the Court to hear such application.

9. In addition to the reporting requirements set forth above in this Stipulation and Order, the Fee Examiner may file periodic reports with respect to additional subjects regarding professional fees and expenses as he deems appropriate.

10. Nothing contained herein shall affect the right of any party in interest to object or otherwise respond to any monthly fee statement, or interim or final fee application.

Dated: December _____, 2009

        DIANA G. ADAMS
        UNITED STATES TRUSTEE
        33 Whitehall Street, 21st Floor
        New York, New York  10004
        (212) 510-0500


        By:_____
           Attorney for United States Trustee


        WEIL, GOTSHAL & MANGES LLP
        Attorneys for the Debtors
        767 Fifth Avenue
        New York, New York  10153
        (212) 310-8000


        By:_____
           A Member of the Firm


        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        Attorneys for the Unsecured Creditors' Committee
        1177 Avenue of the Americas
        New York, New York  10036
        (212) 715-9100


        By:_____
           A Member of the Firm


SO ORDERED, this
\_\_\_\_ day of December, 2009


_____
Robert E. Gerber
United States Bankruptcy Judge

4497360_1

Dated: December 23, 2009

    DIANA G. ADAMS
    UNITED STATES TRUSTEE
    33 Whitehall Street, 21st Floor
    New York, New York 10004
    (212) 510-0500

    By: _____
    Attorney for United States Trustee

    WEIL, GOTSHAL & MANGES LLP
    Attorneys for the Debtors
    767 Fifth Avenue
    New York, New York 10153
    (212) 310-8000

    By: _____
    A Member of the Firm

    KRAMER LEVIN NAFTALIS & FRANKEL LLP
    Attorneys for the Unsecured Creditors' Committee
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

    By: _____
    A Member of the Firm

SO ORDERED, this
____ day of December, 2009

_____
Robert E. Gerber
United States Bankruptcy Judge

4497360_1