Presentment Date and Time: December 23, 2009 at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: December 23, 2009 at 11:00 a.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :    Chapter 11 Case No.
                                                             :    09-50026 (REG)
                                                             :    (Jointly Administered)
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :
     f/k/a General Motors Corp., *et al.*                    :
                                                             :
          **Debtors.**                                       :
-------------------------------------------------------------x

**MOVANT SARAJUAN GILVARY'S RESPONSE IN OPPOSITION TO THE OBJECTIONS OF POMPEY DOGE, INC. TO THE PROPOSED STIPULATION AND AGREED ORDER RESOLVING MOTION OF SARAJUAN GILVARY FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE A SEPARATE LITIGATION**

The objections of non-debtor Pompey Dodge, Inc. (hereafter Respondent), asserted in document no.4699 must be overruled.

The gist of Respondent's objections is that this Honorable Court lacks jurisdiction over the issue.

Respondent's objections are easily disposed of.

State courts enjoy concurrent jurisdiction with the bankruptcy courts to determine the nature, applicability, and extent of an automatic stay. 28 U.S.C. § 1334(b); *In re Baldwin-United Corp.*, 765 F. 2d 343, 347 (2d. Cir. 1985). However, the bankruptcy court may nevertheless enter orders extending or imposing the automatic stay, or may exercise its equitable powers under 11 U.S.C. § 105. While a stay is not *supposed to* impair claims against a non-debtor, state court judges unfamiliar with federal bankruptcy practice often impose blanket stays or request that

creditors' counsel obtain "comfort orders" from the bankruptcy court prior to taking any action which might arguably be in violation of the automatic stay.

Such was the case recently in *In re Crescent Resources, LLC*, case no. 09-11507, Western District of Texas Bankruptcy Court (Memorandum Order, document No. 442, Craig Gargotta, J., filed Sept. 23, 2009). There, the U.S. Bankruptcy Court directed a Florida state court Judge to sever claims against the debtor from those against non-debtor defendants in a state tort action. The issue presented there was strikingly similar to the one presented here.

That state court judges sometimes incorrectly stay claims even against non-debtors is why §362(d) exists for those in Movant's place. Relief from the automatic stay imposed by *11 U.S.C. §362*(a) should be granted to the Movant according to the provisions of *11 U.S.C. §362*(d) which states: "On request of a part in interest and after notice and a hearing, the court shall grant relief from the stay provided under Subsection (a) of the Section, such as by terminating, annulling, modifying or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest .."

In determining whether "cause" exists for relief from the automatic stay under *11 U.S.C. §362*(d)(1) to permit the continuation of a state court proceeding, the courts have developed a balancing of interests test whereby the interests of the Debtor's estate are weighed against the hardships that will be incurred to the Movant. The elements of this balancing test are: (a) will any "great prejudice" to *either the bankruptcy estate or the debtor* result from continuation of the civil suit, (b) would the hardship to the plaintiff by maintenance of the stay considerably outweigh the hardship to the debtor, and (c) [does] the creditor-plaintiff have a probability of prevailing on the merits of his/her case (emphasis provided). *In re Bock Laundry Mach. Co., 37*

*B.R. 564, 566 (Bkrtcy N.D.OH. 1984); Matter of McGraw, 18 B.R. 140 (Bkrtcy. W.D. Wis. 1982),* see also,*Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982).*

Because of the considerable burden placed upon plaintiffs of having to wait to litigate their cases, and effectively being denied the opportunity to litigate, due to aging evidence, loss of witnesses and crowded court dockets, the courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.  *Id.* These same courts have also considered the significant judicial economy of continuing existing actions rather than beginning a suit anew in another forum. *Id.,* citing *In re Palmer Const. Co., Inc.,7 B.R. 232* (Bkrtcy. S.D. 1980); *In re Philadelphia Athletic Club, Inc.,* 9 B.R. 280 (Bkrtcy. E.D. Pa. 1981)*; In re Rounseville*, 20 B.R. 892 (Bkrtcy. R.I. 1982); In re James Hunter Mach. Co., Inc., 31 B.R. 528 (Bkrtcy. Mass. 1983). For instance, bankruptcy courts have lifted and /or modified the stay in cases where debtors are required to participate in their defense, despite the fact that the debtors were uninsured. *In re Terry,* 12 B.R. 578 (Bkrtcy. E.D. Wis. 1981); *In re McGraw*, supra*.*

Movant meets all criteria for lifting the Automatic Stay imposed by U.S.C. § 362. Here, the Movant will be unduly burdened by a continued suspension of her state court action. Not only has the Movant – a young quadriplegic—already lost one trial date, but she will also have to bear the expense of considerable amounts of time and money which commonly results from protracted litigation.[1]  The Movant must bear the risk that any delay may compromise her right to a fair trial because of the aging of the evidence and loss of witnesses. *In re Bock Mach. Co., supra.* Moreover, considering the size and nature of this bankruptcy case, requiring the Movant to forego prosecution of her state tort claim against Respondent non-debtor until the stay is no

---

[1] For instance, Movant is incurring hundreds of dollars of litigation costs each month to keep the subject vehicle in a secured storage facility.

longer in effect will add to the Movant's hardship and compromise her right to litigate her claims against the Respondent non-debtor. The Movant's opportunity to litigate the issues of liability is a significant right which cannot easily be set aside, despite the existence of this bankruptcy. *Matter of Holtkamp, supra.* Continued delay would be a significant detriment to the Movant.

By contrast, Debtor here will not be prejudiced *at all* by the relief requested. It bears repeating that an element of the balancing test is whether there is any "great prejudice" to *either the bankruptcy estate or the debtor* from continuation of the state civil suit against a non-debtor. One needs only to recognize that the debtor *agrees* to the relief requested to resolve this issue in favor of Movant. Respondent has not even attempted to articulate any prejudice *to the debtor* in granting the relief requested.

Finally, it is not too cynical to point out the internal inconsistencies of Respondent's position. Here and now, and without citation to any authority, Respondent argues that this Honorable Court lacks jurisdiction and that the issue is better left to the state court Judge. But there and then in the state court action, it argued in opposition to the Motion to Sever that the issue is controlled by the federal Bankruptcy system. Respondent itself attached to its response an Order from another Philadelphia Judge denying a similar Motion to Sever on the grounds that the "Motion is properly addressed to the Bankruptcy Court." Respondent about-faced its argument once Movant proceeded accordingly.

In conclusion, this very Court has already recognized that state court litigants such as Movant may need "to resort to dealers" to be made whole on their personal injury claims, see *In Re GMC Bankruptcy*, 407 B.R. 463, 506 n. 110, and this is exactly what Movant is seeking to do through this request for relief.

WHEREFORE, Movant urges this Court to OVERRULE these objections.

5

Respectfully submitted,

**ZAJAC & ARIAS, LLC**

BY:_____
     ERIC G. ZAJAC, ESQUIRE
     COUNSEL FOR PLAINTIFFS

DATED:    December 24, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| GMC         : | : |  |
| Debtor | : | Case No. 09-50026 |

CERTIFICATE OF SERVICE

A true and correct copy of this Response to Objections is being served by first class mail on December 24, 2009 as follows:

Michael P. Kinkopf, Esquire
ECKERT, SEAMANS
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
email:  egray@eckertseamans.com;
mkinkopf@eckertseamans.com
**Counsel for: General Motors Corporation**

Nancy E. Campbell, Esquire
Kennedy, Lipski & McDade
1818 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Email: nancy.campbell@zurichna.com
**Counsel for: Pompey Dodge, Inc.**

Respectfully submitted,

**ZAJAC & ARIAS, LLC**

BY:_____
ERIC G. ZAJAC, ESQUIRE
COUNSEL FOR PLAINTIFFS

DATED:     December 24, 2009

6