# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, et al.,<br>f/k/a General Motors Corp., et al. | Chapter 11<br><br>Docket: 09-50026 |

### ORDER DENYING THE MOTION FOR RELIEF FROM AUTOMATIC STAY

    AND NOW, this _____ day of _____, 2010, upon

consideration of the motion and the Opposition to the Motion for Relief from Automatic Stay, it

is hereby ORDERED and DECREED that the Appellant's Motion is DENIED.


                                                                                BY THE COURT:


                                                                       _____
                                                                                                      J.

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, et al.,<br>f/k/a General Motors Corp., et al. | Chapter 11<br><br>Docket: 09-50026 |

**OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY**

  M&M Motors, Inc., ("M&M"), by and through its attorneys, Eric A. Weiss, Esquire and Marshall, Dennehey, Warner, Coleman & Goggin respectfully file this Opposition to the Motion of Marla Soffer, Administratrix of the Estate of David Arenas, Deceased, (hereinafter "Soffer" or "the plaintiff") for Relief from Automatic Stay.

  M&M respectfully requests this Court to deny Soffer's motion as this Court is the improper forum for this motion as it is actually seeking a severance of the claims against M&M from the claims asserted against General Motors, and the Superior Court of Pennsylvania – where the case is docketed – is the proper forum for that relief. Further, this motion should be denied because M&M is a party for whom the automatic stay under 11 U.S.C. §362(a)(1) should be extended, as the plaintiff's design defect claim against M&M would have an immediate adverse economic consequence for the debtor's estate. Under Pennsylvania law, a distributor such as M&M is only secondarily liable while manufacturers such as GM are primary liable and owe complete indemnification to the secondarily liable parties.

**I.     RELEVANT FACTS**

  This case originated with a fatal car accident which occurred on CR 620, in White Township, Warren County, New Jersey on December 2, 2005. (See, plaintiff's exhibit "A") The

1

decedent, David Arenas, was a citizen of Mexico who worked in Parsippany, New Jersey and was returning to his home in Easton, Pennsylvania when the accident occurred.

Suit was commenced on November 16, 2007 in the Court of Common Pleas in Philadelphia County, in the Commonwealth of Pennsylvania, by praecipe for writ of summons, issued against General Motors and M&M. (Id.) General Motors was the manufacturer of the 1998 Chevrolet Cavalier in which the decedent was driving at the time of his death. M&M is an automobile retailer, located in Palmer, Northampton County, Pennsylvania, which sold the vehicle to Mr. Hector Gonzales, Mr. Arenas's roommate. The plaintiff claim is one based on a design defect theory. (Id.)

On March 14, 2008, the defendants filed a Motion to Dismiss in the Philadelphia Court of Common Pleas, arguing that the doctrine of <u>forum non conveniens</u> mandated the dismissal, in light of the fact that Warren County, New Jersey, the situs of the accident which killed Mr. Arenas, was the proper forum to bring this action. The motion to dismiss was granted by the Honorable William J. Manfredi on June 20, 2008, and Judge Manfredi denied the plaintiff's motion for reconsideration on July 18, 2008. (Plaintiff's Exhibit "B") The plaintiff appealed the decision of Judge Manfredi on July 3, 2009. (Plaintiff's Exhibit "C")

On August 22, 2008, the plaintiff filed a second complaint in Superior Court, Law Division of New Jersey against General Motors and M&M, but not in Warren County, where it would have been appropriate, but in Camden County. (Plaintiff's Exhibit "D") She also immediately requested that the trial court dismiss her case. That request was granted by the Honorable Ronald Freeman on October 10, 2008. (Plaintiff's Exhibit "E") An appeal of that order was filed by M&M and docketed at A-1933-08T2. Another appeal filed by General Motors is docketed at docket A-1938-08T2.

2

With appeals proceeding in both the Pennsylvania Superior Court and in the New Jersey Superior Court, Appellate Division, General Motors filed its Notice of Suggestion of Bankruptcy.  On June 23, 2009, the Pennsylvania Superior Court entered an order dismissing the appeal without prejudice to any party to reinstitute the appeal if necessary "after bankruptcy proceedings are concluded" or if this Court orders the automatic stay applicable to General Motors lifted.  (Plaintiff's Exhibit "G")  The New Jersey Appellate Division dismissed the appeals of M&M and GM, without prejudice, on August 21, 2009.  (M&M Exhibit "A", attached hereto)

On September 14, 2009, the plaintiff filed a motion to sever the claims against M&M from the claims against GM, and to reinstate the M&M claims.  (Plaintiff's Exhibit "H")  Opposition was filed by M&M, premised on the grounds that 1) the motion is premature, as the bankruptcy proceedings in this Court are still continuing; 2) the automatic stay should be extended to M&M under the theory of A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986), which was found to apply in Pennsylvania law under the case of Graziani v. Randolph, 887 A.2d 1244 (Pa. Super. 2005); and, 3) the court's discretion should not be exercised in severing the claims against M&M because of the great prejudice which would accrue to M&M should the case proceed while GM remained in bankruptcy, with the automatic stay in place.  (M&M Exhibit "B," attached hereto.)

The motion is still pending in the Pennsylvania Superior Court.

The plaintiff's motion to this Court follows.

**IV.    LEGAL ARGUMENT**

The plaintiff's motion in this matter should be denied.

3

First, the relief that the plaintiff appears to be seeking in this matter is severance of her claims against M&M Motors, Inc. from those asserted against GM, all asserted in Pennsylvania state court and not relief from the automatic stay. This Court does not have the jurisdiction to grant the relief the plaintiff is actually seeking – severance. Second, the plaintiff's design defect claims are such that M&M's liability, if any, would be secondary to the primary liability of General Motors as the designer and manufacturer of the automobile in question, under Pennsylvania law. As such, the stay provided for by 11 U.S.C. 362(a) should be extended to reach M&M because permitting the case against M&M to proceed would have immediate adverse economic consequence for the debtor's estate.

### A. The Plaintiff's Motion Should Be Denied As This Court Is Not The Proper Court To Decide The Issue Of Severance.

The plaintiff's motion in this case is titled a motion for relief from the automatic stay to continue a separate litigation, but what the plaintiff is really seeking is to have the claims against M&M Motors severed from those asserted against GM. The plaintiff specifically states that she is specifically asking this court to "permit severance of the Pennsylvania appeal – severing the claims against debtor General Motors Corporation from those claims against the insured co-defendant in the Pennsylvania state appeal." (Plaintiff's motion at ¶30)

However, the question of whether or not the Superior Court of Pennsylvania should sever a case in that Court is not a matter with which this Court should waste its time and limited judicial resources. That is a matter exclusively for the Superior Court of Pennsylvania to determine. Indeed, the plaintiff recognized that fact by filing a motion to sever and reinstate in the Superior Court of Pennsylvania. That motion is currently pending before that Court. To the extent that Federal Courts have the power to sever claims where there are sufficient reasons to do so, that power is found in Rule 21 of the Federal Rules of Civil Procedure. Wyndham Assocs. v.

4

Pg 6 of 13

Bintliff, 398 F.2d 614, 618 (2d Cir., 1968).  However, because the underlying case was filed in the Pennsylvania Court of Common Pleas and is currently dismissed without prejudice from the Superior Court of Pennsylvania, the Federal Rules of Procedure are not applicable to the underlying case and this Court has no jurisdiction to order the severance of the claims against M&M.

The plaintiff has attached as exhibits to her motion a number of orders in cases in which severance was permitted.  (See, Plaintiff's Exhibits L-M)  However, in each case, the orders were entered in the court where the cases were docketed.  The plaintiff has supplied no basis for concluding that it would be in any way appropriate for this Court to sever the action filed in a state court in Pennsylvania.

Furthermore, while M&M argued in the Pennsylvania Superior Court that the automatic stay provision of Section 362 should be extended to M&M under the rationale of A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986), on the grounds that Pennsylvania law recognizes that in design defect cases that the company which designed the product is primarily liable and that any seller which might be sued is only secondarily liable and entitled under the law to complete indemnification.  As a consequence, any finding against M&M on the design defects issue *would* constitute a finding against GM, something which goes completely against the purpose of the stay under the Act.

However, the Pennsylvania Superior Court has not ruled on the plaintiff's motion, so there has been no finding to date by any Court that M&M is subject to the automatic stay under Section 362.  As such, it is unclear as to exact what the plaintiff's motion in this Court is intended to do in this case: the plaintiff is not seeking to have the automatic stay lifted against General Motors in order to pursue her claim against the manufacturer who is primarily liable under

5

Pennsylvania law; nor has there been a determination by the Pennsylvania Superior Court that the automatic stay extends to M&M. The plaintiff simply cannot be asserting that this Court somehow has the authority or jurisdiction to order the Pennsylvania Superior Court to sever the claims against M&M – a docket-management act which is solely the providence of the Pennsylvania Superior Court.

As a result, the only possible conclusion that can be drawn is that the plaintiff is seeking an advisory opinion from this Court, on whether the Pennsylvania Superior Court should find that the automatic stay applies to M&M, in the hopes of influencing that Court's decision on the issue of severance. However, even if this Court were to find that the automatic stay provision should not be extended to M&M, the Pennsylvania Superior Court might still choose not to sever the cases, given the requirements under Pennsylvania law and the potential or prejudice to M&M should the matter continue against M&M alone.

As such, until such time as the Pennsylvania Superior Court decides the motion before it, this Court should decline the plaintiff's invitation to become involved in this matter and deny the plaintiff's motion.

B.   *The Automatic Stay Under Section 362 Should Extend To M&M Motors.*

However, if this Court somehow finds it appropriate to consider this motion, it is respectfully that this motion be denied and that this Court should find that the stay provided by 11 U.S.C. 362 extends to M&M Motors.

The automatic stay provision in bankruptcy law generally applies only to the party filing bankruptcy, however, that is not always the case. The law recognizes that where the continuation of a case against a non-debtor third party can have "immediate adverse economic consequence for the debtor's estate," the automatic stay provision applies to parties other than the

6

party filing for bankruptcy. Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287-288 (2d Cir. 2003) Given the nature of Pennsylvania law as it applies to design defect strict liability claims, permitting the continuance of the case against M&M would have just an "immediate adverse economic consequence for the debtor's estate" because any finding of liability against M&M would be a finding of liability against GM.

The Second Circuit's decision in Queenie provides a basis for extending the automatic stay to reach M&M in this litigation. In Queenie, the Second Circuit discussed the issue of whether and when the automatic stay of §362(a) applied to non-bankrupt co-defendants. It first noted that the statute applied to debtors, but does not automatically apply to non-debtor co-defendants. Queenie, 321 F.3d at 287. However, the Queenie Court, citing to A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. Va. 1986), among others, noted that the automatic stay *can* be extended to such non-debtor co-defendants, in certain circumstances.

> The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an *immediate adverse economic consequence for the debtor's estate*. Examples are a claim to establish an obligation of which the debtor is a guarantor, McCartney v. Integra National Bank North, 106 F.3d 506, 510-11 (3d Cir. 1997), a claim against the debtor's insurer, Johns-Manville Corp. v. Asbestos Litigation Group (In re Johns-Manville Corp.), 26 B.R. 420, 435-36 (Bankr. S.D.N.Y. 1983) (on rehearing), and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . .," A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

Queenie, 321 F.3d at 287-288, (emphasis added.) In A.H. Robins, the Court of Appeals for the Fourth Circuit held that where the specifics of a case constitutes "unusual circumstances," the automatic stay provision can apply to non-bankrupt parties. One of the situations which the A.H. Robins Court identified is when the non-bankrupt party is entitled to complete indemnification

7

from the bankrupt party. In such cases, the case against the non-bankrupt defendant cannot proceed because it would defeat the purpose of the stay:

> "[T]here are cases [under 362(a)(1)] where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants" but... in order for relief for such non-bankrupt defendants to be available under (a)(1), ***there must be "unusual circumstances"*** and certainly '"something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties."' ***This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.*** An illustration of such a situation would be a suit against a third-party who is entitled to absolute ***indemnity by the debtor*** on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

A.H. Robins, 788 F.2d at 999(emphasis supplied). Pennsylvania law has recognized the holding of A.H. Robins, and the fact that a stay can extend, under §362(a)(1), to non-bankrupt parties. See, e.g., Graziani v. Randolph, 887 A.2d 1244, 1250 (Pa. Super. 2005), citing A.H. Robins. See, also, McCartney v. Integra National Bank North, 106 F.3d 506, 510 (3d Cir. 1997).

This Court, in In re: McCormick, 381 B.R. 594 (Bankr. S.D.N.Y. 2008), described the Rule in Queenie, and detailed the types of "immediate adverse economic consequences" which the Second Circuit held to justify extending the automatic stay under §362 to non-bankrupt third parties. The McCormick identified situations where a judgment against the non-debtor will be effectively a judgment against the bankrupt debtor as a situation justifying the extension of the automatic stay:

> The Second Circuit listed several examples of immediate adverse economic consequences including: (1) a claim against a non-debtor for an obligation for which the debtor was a guarantor, (2) a claim against a debtor's insurer, and (3) actions where there is an identity between the debtor and third-party defendant that ***a***

8

> *judgment against the third-party defendant will in effect be a judgment or finding against the debtor.*

In re McCormick, 381 B.R. at 601 (emphasis added.) Because the underlying case is proceeding under Pennsylvania law, the last of these three is most important, because under the theory of this case, a judgment against M&M Motors will, in effect, be a judgment against General Motors and a finding on the issue of defective design. Under Pennsylvania products liability law, sellers such as M&M are only secondarily liable and manufacturers of the alleged defective products, such as GM, are primarily liable and owe complete indemnification:

> [The Manufacturer] argues that in a strict liability case under Section 402A the seller of a defective vehicle is as responsible for resulting injury as the manufacturer of the vehicle and thus should not be entitled to a right of indemnification from the manufacturer. However, the general rule is that indemnification is proper in such a case. *The law places final responsibility in such instances upon the party primarily responsible for the defective product, in most instances its manufacturer.*

Walasavage v. Marinelli, 483 A.2d 509, 518 (Pa. Super. 1984)(emphasis added.) Moreover, the Pennsylvania Supreme Court, in Burbage v. Boiler Engineering and Supply Co., Inc., 249 A.2d 563 (1969), a strict liability case brought under Section 402A, discussed the extent of this right to indemnification and emphasized that...

> [t]he right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by law to an injured party. *The right to indemnity enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another.* The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence but rather on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. *Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of a failure*

9

> *to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.*

Burbage, 249 A.2d 563 at 567 (emphasis supplied.)  See, also, Moran v. G. & W.H. Corson, Inc., 586 A.2d 416, 428 (Pa. Super. 1991)(recognizing that Pennsylvania permits indemnification to completely shift liability from secondarily liable party to primarily liable party.)  See, also, Mixter v. Mack Trucks, 308 A.2d 139, 142 (Pa. Super. Ct. 1973)(recognizing that in products liability cases, manufacturers are primarily liable parties and parties such as sellers are secondarily liable for purposes of indemnification.); Mak v. Rosenbloom, 23 Phila. 333, 344-345 (Pa. C.P. 1991)(same.)

Applying this law here, the right to indemnification in this action is the type recognized by the Queenie Court as being an "immediate adverse economic consequence" and by the A.H. Robins Court as sufficient to constitute "unusual circumstances," sufficient to permit the stay under section 362(a) to be extended to M&M.

If the plaintiff's case against M&M were permitted to go forward without GM, any finding against the secondarily liable party, M&M, would – *by necessity* – be a finding against GM as the primarily liable party, by virtue of the fact that liability against M&M is imputed and exists by virtue of the fact that GM caused the alleged defective condition.  This is necessarily so because there is simply no way that M&M could be liable on a design defect theory without GM also being liable.  GM designed and manufactured the product in question, so M&M's liability under that theory is at most secondary and imputed.

It is exactly this situation for which the rules in Queenie and A.H. Robins were designed to address.  To refuse to extend the automatic stay in this case would defeat the intent and purpose of the automatic stay provision, because it would permit GM's liability to be determined while the bankruptcy is continuing in this Court.  Bankruptcy law exists as it does in order to

10

effectuate the orderly disposition of the bankruptcy estate and to prevent parties from attempting to affect the bankrupt party's rights outside of that process, even in a collateral fashion, as would result by a finding of liability on the design defect theory in this case.

As such, the automatic stay should be extended to M&M Motors, and the plaintiff's motion should be denied.

### V.     CONCLUSION

For all the foregoing reasons, defendant M&M Motors respectfully requests this Honorable Court to deny the plaintiff's motion.

Respectfully Submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:     /s/ Eric A. Weiss, Esq.
ERIC A. WEISS, ESQ.
Attorneys for Defendant,
M&M Motors

**Certificate of Service**

I, the undersigned, hereby certify that service of a true and correct copy of the foregoing Opposition To The Motion For Relief From Automatic Stay was served upon the following persons in the following fashions:

Service by first class mail, postage pre-paid:

| | |
|---|---|
| Eric G. Zajac, Esquire<br>Erin A. Novak, Esquire<br>**Zajac & Arias, LLC**<br>1818 Market Street<br>30th Floor<br>Philadelphia, PA 19103 | Hector Gonzales<br>312 A. 27th Street<br>Apartment 3<br>Easton, Pa 18042 |
| Robert J. Martin, Esq.<br>Rebecca E. Leonard, Esquire<br>**Lavin, O'Neil, Ricci, Cedrone & DiSipio**<br>Suite 500<br>190 North Independence Mall West<br>6th & Race Streets<br>Philadelphia, Pennsylvania 19106 | Muller Chevrolet Isuzu, Inc.<br>164 Route 173<br>Stewartsville, NJ 08886 |

                MARSHALL, DENNEHEY, WARNER,
                 COLEMAN & GOGGIN

                BY:/s/ Eric A. Weiss, Esq.
                   ERIC A. WEISS, ESQ.
                   1845 Walnut Street
                   21st Floor
                   Philadelphia, PA 19103
                   (215) 575-2600

Date: 1/4/10