# EXHIBIT "B"

# *In the Superior Court of Pennsylvania*

MARLA SOFFER, Administratix of the Estate of DAVID ARENAS, Deceased
Appellant

v.

GENERAL MOTORS CORPORATION and M&M MOTORS
Appellees

Docket: 2011 EDA 2008

### ORDER DENYING THE MOTION TO REINSTATE THE APPEAL

AND NOW, this _____ day of _____, 2009, upon consideration of the Appellant's motion and the Opposition to the Motion to Reinstate the Appeal, filed by Appellee, M&M Motors, it is hereby ORDERED and DECREED that the Appellant's Motion is DENIED.

BY THE COURT:

_____
J.

1

| | |
|---|---|
| **MARSHALL, DENNEHEY, WARNER,** <br> **COLEMAN & GOGGIN** <br> By: Walter F. Kawalec, III, Esq. <br> Pa. I.D. No. 82783 <br> 200 Lake Drive East, Suite 300 <br> Cherry Hill, NJ 08012 | Attorneys for the Defendant, <br> M&M Motors. |

## *In the Superior Court of Pennsylvania*

| | |
|---|---|
| MARLA SOFFER, Administratix of the Estate of DAVID ARENAS, Deceased <br> Appellant <br><br> v. <br><br> GENERAL MOTORS CORPORATION and M&M MOTORS <br> Appellees | Docket: 2011 EDA 2008 |

### OPPOSITION TO THE MOTION TO REINSTATE THE APPEAL

Appellee, M&M Motors, by and through its attorneys, Eric Weiss, Esquire and Walter F. Kawalec, III, Esquire, respectfully files this Opposition to the Motion of the Plaintiff to Reinstate her appeal and sever the claims against General Motors, as follows:

Reply to Plaintiff's Averments

1.    Admitted. By way of further answer, the accident at issue occurred in Warren County, New Jersey.

2.    Admitted.

3.    Admitted.

4.    Denied. This averment is a conclusion of law. By way of further response, under the law of Pennsylvania, a dealership or distributor is not "liable for design defects as though it were the manufacturer." Rather, while a claim can be brought against a dealer or distributor, in design defect cases, the law recognizes that the manufacturer is primarily liable and the dealer is only secondarily liable with a right to indemnification from the primarily liable manufacturer.

1

5. Admitted.

6. Denied as stated. A claim for design defects could have been brought against M&M only, however, it would constitute secondary liability, leading to the primarily liable manufacturer being brought into the case as an additional defendant for indemnification purposes.

7. Admitted. Moreover, the level and type of insurance which a party has is wholly improper and completely irrelevant to the legal questions presented in this motion.

8. Admitted.

9. Denied as incomplete. While the plaintiff did file this appeal, the plaintiff also filed a complaint in New Jersey, the proper state for bringing the action. The plaintiff then moved to dismiss her own complaint. This was granted by the Superior Court, Law Division, and is subject to appeal in the Appellate Division. It was dismissed, as was the appeal in this case, without prejudice pending the conclusion of GM's bankruptcy.

10. Admitted.

11. Admitted.

12. Denied. By way of further response, the proceedings in the Bankruptcy Court for the Southern District of New York, at docket 09-50026, are active and continuing.

13. The statement in this numbered paragraph is not an averment of fact. By way of further response, it is admitted that the plaintiff has made this motion for the reasons asserted, however, as the brief accompanying this opposition establishes, this Court should deny the relief sought.

14. Admitted.

15. Admitted.

16. Admitted.

17. The assertion at this numbered paragraph is a conclusion of law.

18. The assertion at this numbered paragraph is a conclusion of law.

19. The assertion at this numbered paragraph is a conclusion of law.

20. The assertion at this numbered paragraph is a quote from a treatise which speaks for itself.

21. Denied.  Neither the interests of justice or judicial economy would be served by granting the plaintiff the relief she seeks.  To the contrary, it is premature, as the conditions stated in this Court's order have not been met.  Further, granting the motion will cause enormous prejudice to M&M, who can be no more than secondarily liable on the design defect claims.

22. Admitted.  By way of further action, although this is the relief the plaintiff seeks, this Court should deny this motion.

23. Admitted.

24. Admitted in part and denied in part.  It is admitted that the automatic stay does not affect the ability of this Court to hear this motion.  However, it is denied that this motion would not affect the rights of General Motors or hold the claims in abeyance.  To the contrary, because Pennsylvania law recognizes that in design defect cases that the company which designed the product is primarily liable and that any seller which might be sued is only secondarily liable and entitled under the law to complete indemnification, any finding against M&M on the design defects issue *must* constitute a finding against GM, something which goes completely against the purpose of the stay.  As such, this claim constitute the type of "unusual circumstance" which affects the rights of the bankrupt.

25. Denied. Because the law of Pennsylvania is such that M&M's liability could only be secondary to the primary liability of General Motors, and given that Pennsylvania recognizes that a seller in this situation would be entitled to complete indemnification from General Motors, it is an "unusual circumstance" under which the automatic stay provision can and should be extended to M&M. By way of further answer, these same considerations should lead this Court to deny to exercise its discretion in severing the case, as the real defendant in interest on this design defect claim would be the party who actually designed the alleged defective product – GM.

26. It is admitted that severance has been used. It is denied that such would be appropriate here.

27. It is admitted that the quotation in this paragraph is a near verbatim quotation from <u>Ottavio v. Fibreboard Corp.</u>, 421 Pa. Super. 284, 293 (1992), however it is denied that it has any applicability in this case. M&M would not merely be a joint tortfeasor with General Motors, subject to contribution. Rather, M&M would merely be secondarily liable to General Motors' primary liability, with a right to complete indemnification.

WHEREFORE, defendant M&M Motors respectfully requests this Honorable Court DENY the Plaintiff's motion.

                        Respectfully Submitted,

                        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                        By:_____
                            WALTER F. KAWALEC, III, ESQ.
                            Attorneys for Defendant,
                            M&M Motors

4

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**                                  Attorneys for the Defendant,
By: Walter F. Kawalec, III, Esq.                      M&M Motors.
Pa. I.D. No. 82783
200 Lake Drive East, Suite 300, Cherry Hill, NJ 08012

# *In the Superior Court of Pennsylvania*

| | |
|---|---|
| MARLA SOFFER, Administratix of the Estate of DAVID ARENAS, Deceased<br>Appellant<br><br>v.<br><br>GENERAL MOTORS CORPORATION and M&M MOTORS<br>Appellees | Docket: 2011 EDA 2008 |

### BRIEF IN OPPOSITION TO THE MOTION TO REINSTATE THE APPEAL

Appellee, M&M Motors, by and through its attorneys, Eric Weiss, Esquire and Walter F. Kawalec, III, Esquire, respectfully files this Brief in Opposition to the Motion of the Plaintiff to Reinstate her appeal and sever the claims against General Motors.

**I.    MATTER BEFORE THE COURT**

Before the Court is M&M Motors' opposition to the motion to reinstate the appeal and sever the claims of General Motors Corporation.

**II.    STATEMENT OF QUESTION INVOLVED**

Whether this appeal should be reinstated and the claims of GM severed, in light of the fact that the conditions in the order dismissing the appeal have not occurred and the fact that the claims against M&M are only secondary to GM's primary liability, implicates M&M's right to complete indemnification, which constitutes both a "unusual circumstance" justifying applying the stay to M&M, as well as a basis for this Court to exercise its discretion and not sever the claims against M&M?

*Suggested Answer:* No.

1

### III.     RELEVANT FACTS

This case originated with a fatal car accident which occurred on CR 620, in White Township, Warren County, New Jersey on December 2, 2005. The decedent, David Arenas, was a citizen of Mexico who worked in Parsippany, New Jersey and was returning to his home in Easton, Pennsylvania when the accident occurred.

Suit was commenced on November 16, 2007 by praecipe for writ of summons, against General Motors and M&M. General Motors was the manufacturer of the 1998 Chevrolet Cavalier in which the decedent was driving at the time of his death. M&M is an automobile retailer, located in Palmer, Northampton County, Pennsylvania, which sold the vehicle to Mr. Hector Gonzales, Mr. Arenas's roommate. The plaintiff claim is one based on a design defect theory.

On March 14, 2008, the defendants filed a Motion to Dismiss, arguing that the doctrine of <u>forum non conveniens</u> mandated the dismissal, in light of the fact that Warren County, New Jersey, the situs of the accident which killed Mr. Arenas, was the proper forum to bring this action. Limited discovery on the matter was permitted. The defendants assured the court that they would waive any statute-of-limitation defense which they might have, should the case be re-filed in New Jersey. This procedure – explicitly endorsed by the Pennsylvania Supreme Court – ensured that the plaintiff's failure to timely file in New Jersey would not result in dismissal under the statute of limitations.

The motion to dismiss was granted by the Honorable William J. Manfredi on June 20, 2008, and Judge Manfredi denied the plaintiff's motion for reconsideration on July 18, 2008. On August 22, 2008, the plaintiff filed the complaint in Superior Court, Law Division of New Jersey against General Motors and M&M, but not in Warren County, where it would have been

appropriate, but in Camden County. She also immediately requested that the trial court dismiss her case. That request was granted by the Honorable Ronald Freeman on October 10, 2008. An appeal of that order was filed by M&M and is currently pending in the Appellate Division of the New Jersey Superior Court, at docket A-1933-08T2. An appeal filed by General Motors is docketed at docket A-1938-08T2.

With appeals proceeding in both this Court and in the New Jersey Superior Court, Appellate Division, General Motors filed its Notice of Suggestion of Bankruptcy. This Court, on June 23, 2009, entered its order dismissing the appeal without prejudice to reinstitute the appeal if necessary "after bankruptcy proceedings are concluded" or if the Bankruptcy Court order the automatic stay lifted.[1] The GM bankruptcy was docketed in the Bankruptcy Court for the Southern District of New York, at docket number 09-50026 and is currently proceeding.

The plaintiff has not sought, and the Bankruptcy Court has not issued, any order lifting the automatic stay.

## IV.    LEGAL ARGUMENT

The plaintiff's motion in this matter should be denied. First, the order by which this Court dismissed the plaintiff's appeal specified conditions for reinstatement which have not occurred. As such, the plaintiff's motion is premature. Second, the plaintiff's design defect claims are such that M&M's liability, if any, would be secondary to the primary liability of General Motors as the designer and manufacturer of the automobile in question. Because Pennsylvania law mandates that those primarily liable in those situations provide indemnification to those only secondarily liable, this case is one of the "unusual circumstances" where relief for non-bankrupts in available under 11 U.S.C. 362(a)(1). At the very least, that fact and the

---

[1] The New Jersey appeals were also dismissed without prejudice.

3

prejudice which would result from granting the plaintiff's motion, should counsel this Court into denying the plaintiff's motion pending the outcome of the GM bankruptcy.

    *A.    The Plaintiff's Motion Is Premature*

In response to the filing of GM's Notice of Bankruptcy, on June 22, 2009, this Court entered its order dismissing the appeal. The Order allowed for a petition for reinstatement under certain conditions. Specifically, the Order stated:

> AND NOW, to-wit this 22nd day of June, 2009, the court having received a Notice of Bankruptcy involving one of the parties to this appeal, the appeal is dismissed without prejudice to any party to petition for reinstatement *in the event that such is necessary after bankruptcy proceedings are concluded or if the Bankruptcy Court issues an order lifting the automatic stay under the Bankruptcy Code.*

(Plaintiff's Exhibit "A", emphasis supplied). The GM bankruptcy is currently pending in the Bankruptcy Court for the Southern District of New York, at docket number 09-50026. The plaintiff asserts that GM has "emerged from bankruptcy." However, that phrase – if it has any legal meaning at all – merely reflects the result of the sale of the operating assets of GM within the context of the continuing bankruptcy proceedings. It does not mean, however, that "the bankruptcy proceedings are concluded" or that the stay has been lifted. Indeed, an examination of the docket through PACER shows that the bankruptcy proceedings are continuing at a robust fashion, as one would expect with a bankruptcy of this magnitude. Thus, the first condition has not been met.

Secondly, there is no indication that the Bankruptcy Court has issued an order lifting the automatic stay under the Bankruptcy Code, or that the plaintiff even sought such relief. Thus, the second condition has not been met.

This Court's dismissal of the appeal conditioned the ability of a party to move for reinstatement of the appeal on either one of these two conditions being met. As neither has been

4

met, the plaintiff's motion is, at best, premature. This Court should deny the motion until such time as one of the conditions precedent to the motion for reinstatement has been met.

> B.    *The Appeal Should Not Be Reinstated, and the Claims Should Not Be Severed.*

If this Court somehow finds that the conditions in the June 22, 2009 order have been met, it is respectfully that this motion be denied. This Court should find that the stay provided by 11 U.S.C. 362 extends to M&M Motors. The immunity in Pennsylvania law from one primarily responsible for design defects, such as GM, and one who can be no more than secondarily liable, such as M&M, establishes that these are the kind of "unusual circumstances" under which the automatic stay would extend to M&M. Because there is no way under Pennsylvania law to find M&M liable on the design defect claim without also decided the issue against GM, continuing the action would improperly affect the rights of GM, which goes directly against the purpose of the automatic stay provision.

Moreover, even if this Court somehow finds that the immunity in Pennsylvania law is not sufficient to establish the "unusual circumstances," the fact that Pennsylvania law recognizes that M&M can only be secondary liability for design and manufacturing defect for the happenstance of its role in this case, and the fact that discovery will be made much more difficult in GM's absence, this Court should decline to exercise its discretion to sever the case under Rule 215(b), and to permit the matter to continue only after the conclusion of the bankruptcy.

> **1)    THE BANKRUPTCY STAY SHOULD BE HELD TO APPLY TO M&M**

The automatic stay provision in bankruptcy law generally applies only to the party filing bankruptcy, however, that is not always the case. The law recognizes that in "unusual circumstances," the automatic stay provision applies to parties other than the party filing for

5

bankruptcy. Given the nature of Pennsylvania law as it applies to design defect strict liability claims, this is one such "unusual circumstance."

The Court of Appeals for the Fourth Circuit, in <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986), addressed the situations which constitute "unusual circumstances" sufficient to permit the automatic stay provision to apply to non-bankrupt parties. One of the situations which the <u>A.H. Robins</u> Court identified is when the non-bankrupt party is entitled to complete indemnification from the bankrupt party. In such cases, the case against the non-bankrupt defendant cannot proceed because it would defeat the purpose of the stay:

> "[T]here are cases [under 362(a)(1)] where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants" but... in order for relief for such non-bankrupt defendants to be available under (a)(1), ***there must be "unusual circumstances"*** and certainly '"something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties."' ***This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.*** An illustration of such a situation would be a suit against a third-party who is entitled to absolute ***indemnity by the debtor*** on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

<u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. Va. 1986)(emphasis supplied). This Court has recognized the holding of <u>A.H. Robins Co.</u>, and the fact that a stay can extend, under §362(a)(1), to non-bankrupt parties. See, e.g., <u>Graziani v. Randolph</u>, 887 A.2d 1244, 1250 (Pa. Super. 2005), citing <u>A.H. Robins</u>; <u>McCartney v. Integra National Bank North</u>, 106 F.3d 506, 510 (3d Cir. 1997); and <u>State of Oklahoma v. Medical Management Group, Inc., (In re Medical Management Group, Inc.)</u>, 302 B.R. 112, 2003 WL 21487310, at *6 (B.A.P. 10th Cir. 2003).

6

In Graziani, an automobile accident occurred when a truck, owned by Burlington Motor Carriers ("BMC") and driven by defendant Eric Randolph impacted the car driven by the plaintiff. After the accident, but before suit was filed, BMC filed for bankruptcy. A complaint was filed, but neither BMC nor Randolph filed an answer. A default judgment was eventually obtained. Subsequently, the applicable bankruptcy court issued an order holding that such proceedings after the filing of the bankruptcy petition were void, in light of the automatic stay provision. On a motion to strike the default judgment, the trial court refused to strike the default judgment entered against Rudolf, because he had not filed for bankruptcy and so, the court found, the automatic stay provision did not directly apply to him.

On appeal, the plaintiff argued in this Court that while the stay may be applicable to BMC, it was not applicable to Randolph. This Court, however, citing to Turman v. Ameritruck Refrigerated Transport, Inc., No. 99-2325-JWL, 2001 U.S. Dist. LEXIS 1744, 2001 WL 135843, 45 Collier Bankr. Cas. 2d 964 (D. Kan Feb. 6, 2001), held that because any finding against Randolph would be akin to a finding against BMC, that constituted an "unusual circumstance" which justified extending the reach of the stay provision to cover Randolph.

> As with Turman, any liability imposed upon Randolph would likely be imputed to BMC under the doctrine of respondeat superior and such a finding would impact the assets of the debtor's estate and at the very least would constitute a finding of liability on the part of BMC.
>
> ...To allow Graziani to proceed against Randolph, when any judgment against him would likely be imputed to BMC, and at the very least would be binding on BMC, would also constitute an impermissible violation of BMC's right to due process. Therefore, we find that the 2005 Clarification Order requires a finding that the trial court erred when it refused to strike the default judgment against Randolph as well as BMC.

7

Graziani, 887 A.2d at 1251.  The case at bar does not present a case of respondeat superior, but of indemnification.  However, notwithstanding that distinction, the principle applied in Graziani applies with equal force here.

Under Pennsylvania products liability law, M&M can be sued as a result of having sold the car in question.  However, Pennsylvania law also holds that sellers such as M&M are only secondarily liable, and that GM, as the manufacturer of the alleged defective product, is primarily liable.

> [The Manufacturer] argues that in a strict liability case under Section 402A the seller of a defective vehicle is as responsible for resulting injury as the manufacturer of the vehicle and thus should not be entitled to a right of indemnification from the manufacturer. However, the general rule is that indemnification is proper in such a case. ***The law places final responsibility in such instances upon the party primarily responsible for the defective product, in most instances its manufacturer.***

Walasavage v. Marinelli, 483 A.2d 509, 518 (Pa. Super. 1984)(emphasis added.)  Moreover, the Pennsylvania Supreme Court, in Burbage v. Boiler Engineering and Supply Co., Inc., 249 A.2d 563 (1969), a strict liability case brought under Section 402A, discussed the extent of this right to indemnification and emphasized that...

> [t]he right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by law to an injured party. ***The right to indemnity enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another.***  The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence but rather on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. ***Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of a failure***

8

> ***to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.***

Burbage, 249 A.2d 563 at 567, emphasis supplied. See, also, Moran v. G. & W.H. Corson, Inc., 586 A.2d 416, 428 (Pa. Super. 1991)(recognizing that Pennsylvania permits indemnification to completely shift liability from secondarily liable party to primarily liable party.) Applying this law here, the right to indemnification in this action is the type recognized by the A.H. Robins Court as sufficient to constitute "unusual circumstances." This would permit the stay to be extended to M&M.

As in Graziani, where this Court was concerned with the finding against the driver would impact the assets of the estate and constitute a finding against the debtor, if the plaintiff's motion were granted, any finding against the secondarily liable party, M&M, would – ***by necessity*** – be a finding against GM as the primarily liable party, by virtue of the fact that liability against M&M is imputed and exists by virtue of the fact that GM caused the alleged defective condition. This is necessarily so because there is simply no way that M&M could be liable on a design defect theory without GM also being liable, because M&M's liability under that theory is secondary and imputed.

It is exactly this situation for which the rule in A.H. Robins and Graziani were designed to address. To refuse to extend the automatic stay in this case would defeat the intent and purpose of the automatic stay provision, because it would permit GM's liability to be determined while the bankruptcy is continuing. That the plaintiff may not wish to wait while the bankruptcy court and bankruptcy law to do its appointed work is simply irrelevant. Indeed, bankruptcy law exists as it does, in order to effectuate the orderly disposition of the bankruptcy estate and to prevent parties from attempting to affect the bankrupt party's rights outside of that process, even

9

in a collateral fashion as would result by a finding of liability on the design defect theory in this case.

As such, the automatic stay should be extended to M&M Motors, and the plaintiff's motion should be denied.

### 2) THIS COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION IN SEVERING THE CLAIMS

The plaintiff is requesting that this Court exercise its discretion and sever the claims asserted by the plaintiff against GM and against M&M, under Pa.R.Civ.P. 213(b).  If this Court somehow finds that there are no "unusual circumstances" to apply the stay order to M&M, as discussed, supra., it should decline to exercise its discretion in severing the claims, due to the prejudice to M&M which would result from severing the claim against M&M from those against GM.

Severing the action is discretionary with this Court, and the prejudice to a party in exercising that discretion should be taken into consideration.  See, e.g., Feld v. Merriam, 461 A.2d 225, 238 (Pa. Super. 1983), rev'd on other grounds, 506 Pa. 383 (1984).  Should this Court grant the plaintiff's motion, great prejudice would accrue to M&M Motors.  First, as previously noted, M&M was not the manufacturer nor designer of the product in question.  As such, it can be no more than secondarily liable, a position which, along with the indemnification to which it is entitled, might be imperiled should the primarily liable party, GM, be severed from the litigation.

Further, given that discovery on the design and manufacturing aspects of this case would be overwhelmingly, if not exclusively, in the hands of General Motors, any discovery problems which would arise as a result of the bankruptcy would accrue to the prejudice of M&M Motors. While the plaintiff cites to a number of cases which purports to establish that a bankrupt party is

10

required to participate in discovery against a co-defendant, that is not the universal rule. Other Courts have disagreed. See, e.g., Burdett v. Manown (In re Manown), 213 B.R. 411, 412 (Bankr. N.D. Ga. 1997). Burdett cited to the Eastern District of Pennsylvania, in In re Ronald Perlstein Enterprises, Inc., 70 B.R. 1005 (Bankr. E.D. Pa. 1987) for the proposition that the automatic stay is designed to protect the debtor from the burden of responding to discovery and defending a court action, even if the creditor agrees to proceed no further than judgment and to refrain from any execution of judgment against the debtor.

Nevertheless, even in those cases which permit discovery regarding claims against a co-defendant, the cases are clear that a line is drawn between discovery that is directed for the litigation of a co-defendant, and those which are directed at the bankrupt defendant. In In re Richard B. Vance and Co., 289 B.R. 692, 697 (Bkrtcy., C.D.Ill, 2003), the Court distinguished these types of claims and held that discovery related to claims against the bankrupt party were subject to the stay.

Here, given the nature of the claims asserted by the plaintiff, it is unavoidable that the discovery requests from GM would be primarily related to claims against GM, given its status as the designer and manufacturer of the automobile. The discovery requests very well may be the subject of litigation either in this Court or in the bankruptcy court, on whether it is subject to the automatic stay. If so, it would be unavailable to M&M to use in its defense. M&M should not be prejudiced by the possibility that this discovery will be unavailable.

For those reasons, this Court is requested to decline its discretion in this matter and deny the request to sever the case.

11

## V.     CONCLUSION

For all the foregoing reasons, defendant M&M Motors respectfully requests this Honorable Court to deny the plaintiff's motion.

                              Respectfully Submitted,

                              **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

                              By:_____
                                  WALTER F. KAWALEC, III, ESQ.
                                  Attorneys for Defendant,
                                  M&M Motors

12

**Certificate of Service**

I, the undersigned, hereby certify that service of a true and correct copy of the foregoing Opposition to the Motion to Reinstate the Appeal was served upon the following persons in the following fashions:

<u>Service by first class mail, postage pre-paid</u>:

| | |
|---|---|
| Eric G. Zajac, Esquire<br>Erin A. Novak, Esquire<br>**Zajac & Arias, LLC**<br>1818 Market Street<br>30th Floor<br>Philadelphia, PA 19103 | Hector Gonzales<br>312 A. 27th Street<br>Apartment 3<br>Easton, Pa 18042 |
| Robert J. Martin, Esq.<br>Rebecca E. Leonard, Esquire<br>**Lavin, O'Neil, Ricci, Cedrone & DiSipio**<br>Suite 500<br>190 North Independence Mall West<br>6th & Race Streets<br>Philadelphia, Pennsylvania 19106 | Muller Chevrolet Isuzu, Inc.<br>164 Route 173<br>Stewartsville, NJ 08886 |

          MARSHALL, DENNEHEY, WARNER,
           COLEMAN & GOGGIN

BY:_____
    WALTER F. KAWALEC, III, ESQ.
    I.D. No. 82783
    200 Lake Drive East, Suite 300
    Cherry Hill, NJ 08012
    (856) 414-6024

Date:_____