**Objection Deadline: January 13, 2010 at 4:00 p.m. (Prevailing Eastern Time)**
**Presentment Date and Time: January 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed): TBD**

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
Timothy F. Nixon (TN 2644)

*Proposed Attorneys for Fee Examiner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
                                       :
In re                                  :
                                       :   Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,    :
                                       :   Case No. 09-50026 (REG)
                        Debtors.       :
                                       :   (Jointly Administered)
------------------------------------- X

**APPLICATION OF THE FEE EXAMINER FOR AUTHORIZATION
TO EMPLOY AND RETAIN GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE
EXAMINER, *NUNC PRO TUNC* TO DECEMBER 28, 2009**

TO:   THE HONORABLE ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company) ("GM") and certain of its affiliates in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), submits this Application pursuant to the Stipulation and Order With Respect to Appointment of a Fee Examiner [Docket No. 4708] (the "Fee Examiner Order") for Authorization to Employ, *Nunc Pro Tunc*, Godfrey & Kahn, S.C. ("G&K" or the "Firm") as counsel for the Fee Examiner (this "Application") and respectfully represents:

**Preliminary Statement**

1.      The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases in a December 23, 2009 Order.  With this Application, the Fee Examiner seeks entry of an order, pursuant to the Fee Examiner Order, authorizing the employment of G&K to assist the Fee Examiner in his analysis of the fees and expenses of Retained Professionals[1] in these cases, effective as of December 28, 2009.  The scope and estimated costs of the engagement of G&K are outlined in this Application.  In support of this Application, the Fee Examiner relies on his own affidavit, already on file, and on the Affidavit of Timothy F. Nixon, Partner of G&K (the "Nixon Affidavit"), attached as **Exhibit A**.

**Background**

2.      Commencing on June 1, 2009 and periodically thereafter (as applicable, the "Commencement Date"), Debtors commenced in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

3.      On June 3, 2009, Diana G. Adams, the United States Trustee appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "Creditors' Committee").

4.      On December 23, 2009, the United States Trustee nominated Brady C. Williamson as examiner in the above-captioned chapter 11 cases (the "Fee Examiner") and, by the Fee Examiner Order of the same date, the Court approved the U.S. Trustee's appointment.

---

[1] Terms not defined in this pleading have the meaning ascribed to them in the Fee Examiner Order.

### Jurisdiction

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### GM's Business

6. Prior to the events leading up to these chapter 11 cases, for over 100 years GM and its approximately 463 direct and indirect wholly-owned subsidiaries have been a major component of the United States manufacturing and industrial base, as well as the market leader in the United States automotive industry.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Frederick A. Henderson Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York filed on June 1, 2009 [Docket No. 21].

### Basis for Relief Requested

8. The U. S. Trustee and the Fee Examiner have determined that the volume of fee and expense applications from retained professionals warrants assistance from counsel who can contribute to the Examiner's analyses of requests and appear before the Court, if necessary, for or with him. Accordingly, the Fee Examiner has selected G&K, the firm with which he has long been associated, as the best qualified and most cost-effective professional to support the Fee Examiner, in his review of fee and expense requests.

### G&K's Qualifications

9. G&K's Bankruptcy and Restructuring Practice Group represents clients in matters ranging from informal workouts to sophisticated corporate reorganizations. It has represented clients in cases before the United States Supreme Court, and before the Courts of Appeal as well as appearing in bankruptcy courts throughout the United States, including some of the country's

3

largest bankruptcies among others: Lehman Brothers Holdings, Inc., Lillian Vernon, Saint Vincent's Catholic Medical Centers, Tower Automotive, Calpine, Dana Corporation, Delphi Corporation, Northwestern Corporation and Global Crossing, Ltd. It has specifically been involved in fee analysis and fee litigation.

10. In 2009 alone, G&K successfully filed and completed one of the only Chapter 15 cases outside of New York and Delaware, representing a Canadian receiver, as well as completed the first successful pre-packaged bankruptcy of a bank holding company under the Bankruptcy Code.

11. The Fee Examiner seeks to retain G&K as his counsel because, among other things, G&K has provided and can provide high-quality bankruptcy services to its clients in a timely and cost-effective manner.

## Services to Be Provided by G&K

12. The Fee Examiner has engaged G&K to provide services including:

(a) Reviewing the Fee Applications and Invoices for compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules and Orders of the Court;

(b) Assist the Fee Examiner in appearing at hearings;

(c) Assist the Fee Examiner with legal issues raised by inquiries to and from the Retained Professionals and any other professional services provider retained by the Fee Examiner (the "Provider");

(d) Where necessary, attend meetings between the Fee Examiner, Provider, and the Retained Professionals;

(e) Assist the Fee Examiner with the preparation of periodic reports with respect to additional subjects regarding professional fees and expenses;

(f) Assist the Fee Examiner in developing protocols and making reports and recommendations; and

(g) Such other services as the Fee Examiner may request.

4

13. Other than in connection with legal advice to the Fee Examiner and assisting in his analysis, G&K will not duplicate the work performed by the Fee Examiner or any other professionals.

14. The employment of G&K is in the best interest of the Debtors' estates and of these cases as a whole because it will aid in the Fee Examiner's analysis of fees and expenses, provide another point of contact for the Retained Professionals, and augment the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames. From the inception of these cases through December 23, 2009, it appears the Retained Professionals have submitted applications for fees and expenses in excess of $36.2 million.

15. The Fee Examiner believes that G&K will materially aid in reviewing these and future fee and expense requests, and that G&K's bankruptcy experience in this area will enable the Debtors to achieve substantial benefits by maximizing cost control and efficiency.

### Compensation

16. The Fee Examiner, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to have the Debtors compensate G&K at the Firm's regular hourly rates for legal and non-legal personnel and to reimburse G&K for all reasonable and necessary expenses under 11 U.S.C. §§ 330 and 331. G&K's hourly rate structure ranges from $525 to $325 for partners, $495 to $205 for associates and special counsel, and $195 to $110 for paraprofessionals. These rates may change from time to time in accordance with G&K's established billing practices and procedures.

17. G&K will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals (the "Compensation Order") dated August 7, 2009 [Docket No. 3711] with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

18. According to G&K's books and records, after a comprehensive review, it has not received any compensation for services rendered in the Debtors' chapter 11 cases.

### Other Provisions

19. G&K's engagement may be terminated by the Fee Examiner at any time without liability, except that following such termination, G&K shall remain entitled to any fees accrued but not yet paid prior to such termination.

### G&K's Connections with Parties in Interest and Possible Conflicts of Interest

20. To the best of the Fee Examiner's knowledge, information, and belief, other than as set forth in the Nixon Affidavit and the Affidavit and Disclosure Statement on behalf of Brady C. Williamson with respect to Appointment of Fee Examiner and Counsel, G&K has not represented and has no relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustees, in any matter relating to these cases.

### Applicable Legal Authority

21. On December 23, 2009, the Court entered the Fee Examiner Order [Docket No. 4708]. The Fee Examiner Order, in relevant part, provides that the "Fee Examiner may retain or consult with attorneys or other professionals if he or she determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." *Id.*, at ¶ 6.

22.     The Fee Examiner has determined that he requires qualified counsel to help him and to provide legal counsel in the course of his work. Pursuant to this authority, the Fee Examiner has selected G&K.

### Procedure

23.     This Application presents no novel issues of law and the Fee Examiner requests that the requirement of the service and filing of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Application.

24.     No previous application for the relief sought has been made to this or any court.

### *Nunc Pro Tunc*

25.     G&K has performed work in good faith, beginning on December 28, 2009, to assist the Fee Examiner in analyzing the Retained Professionals' fees and expenses. G&K performed this work at the direction of the Fee Examiner. Accordingly, it is appropriate that G&K be retained *nunc pro tunc* to December 28, 2009. *See* Nixon Affidavit at ¶ 8.

### Conclusion

WHEREFORE, the Fee Examiner respectfully requests the entry of an order, substantially in the form annexed hereto, as **Exhibit B**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 5, 2010.

**Fee Examiner**

By:   */s/ Brady C. Williamson*
          Brady C. Williamson
          Fee Examiner

4503805_4