# Exhibit A

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**   PROOF OF CLAIM

| Name of Debtor (Check Only One) | Case No |
| --- | --- |
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows:**

EXHIBIT

THE GARDEN CITY GROUP, INC.   NOV 6 2009

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 11 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) **LIBERTY MUTUAL INSURANCE COMPANY**

Name and address where notices should be sent
c/o Grace Winkler Cranley
Leo & Weber, P C
One N LaSalle Street, Ste 3600
Chicago, IL 60602
Telephone number   312/857-0910
Email Address   gcranley@leoweber com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)

**FILED - 20947
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS COMPANY
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  [This scheduled amount of your claim may be an amendment to a previously scheduled amount ] If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instruction, you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009   $10,618,029 contingent/   See attached Statement of Claim   2139175.55 liquidated

If all or part of your claim is secured complete item 4 below  however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim   Contract Indemnity
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   Describe   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☒ Other

Value of Property $25,000,482   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $ _____

Basis for perfection   possession

Amount of Secured Claim $ _____   Amount Unsecured $ _____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders invoices itemized statements of running accounts  contracts, judgments, mortgages and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐  Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐  Wages, salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐  Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐  Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐  Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐  Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 11-5-09 | Signature  The person filing this claim must sign it  Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any   [signature] Grace Cranley     Attorney for Liberty Mutual Insurance Company | FOR COURT USE ONLY |
| --- | --- | --- |

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/09)

In re Motors Liquidation Company (f/k/a General Motors Corporation)

Case No.: 09-50026

Amount of Claim: $10,618,029 Contingent / $21,951.55 Liquidated

The claim of Liberty Mutual Insurance Company ("Liberty") is based upon the General Agreement of Indemnity executed by Indemnitors, including Debtor, General Motors Corporation, in favor of Liberty and dated September 29, 2004, and is based upon common law rights of subrogation to seek reimbursement and exoneration for claims and losses from Debtor. A copy of the General Agreement of Indemnity is attached hereto as Exhibit "A". Liberty as a Surety also has a common law right of indemnity, reimbursement, and exoneration from Debtor arising from losses as a result of bonds issued by Liberty where General Motors Corporation is principal.

The claim is partially contingent insofar as the General Agreement of Indemnity secures Liberty from losses it incurs by reason of the issuance of surety bonds. Liberty issued on behalf of General Motors Corporation, and in favor of various obligees, current surety bonds in the total penal sum of $10,618,029. A list of the bonds and the amount of the bonds is attached to this statement as Exhibit "B". Liberty issued numerous other bonds that are not currently in-force, but on which Liberty may continue to have exposure and, therefore, Liberty reserves its rights to amend this claim amount.

As of October 2009, the claim is partially liquidated in attorney fees, consulting fees, costs, and expenses as allowed by the General Agreement of Indemnity for a total liquidated claim of $21,951.55.

Liberty is holding collateral in the form of proceeds of letters of credit in the amount of approximately $25,000,482 posted pursuant to a Collateral Pledge Agreement. The collateral has been transferred to the new entity GM and is not property of the estate; however, Liberty sets forth the collateral amount since it may be used to offset amounts claimed by Liberty.

Liberty continues its investigation of its bond exposure and therefore Liberty reserves the right to amend its proof of claim. Submission of this proof of claim is not a waiver of any of Liberty's rights under the General Agreement of Indemnity and should not be construed as a release of any of the non-debtor indemnitors and/or third parties.

LIBERTY MUTUAL INSURANCE COMPANY

By one of its attorneys

T. Scott Leo, ARDC # 03127352
Grace W. Cranley, ARDC # 6215920
Leo & Weber, P.C.
One North LaSalle Street, Ste. 3600
Chicago, Illinois 60602
312-857-0910
312-857-1240 fax

# GENERAL AGREEMENT OF INDEMNITY
## COMMERCIAL SURETY

WHEREAS, the undersigned (hereinafter called "INDEMNITOR"), desires one or more of Liberty Mutual Insurance Company, a Massachusetts corporation; LM Insurance Corporation, an Iowa corporation; The First Liberty Insurance Corporation, an Iowa corporation; Liberty Mutual Fire Insurance Company, a Massachusetts corporation; Liberty Insurance Corporation, a Vermont corporation; and any other company that is part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services (collectively hereinafter called "SURETY") to execute bonds, undertakings, recognizances, instruments of guarantee and other like obligations, including those which predate this Agreement (hereinafter called "BONDS") on it behalf; and on behalf of any majority-owned or controlled subsidiaries or any affiliates, whether present or future, and whether directly or indirectly held; and, upon the written request of the undersigned, any other corporation, partnership or person; and as to all of the foregoing, whether they act alone or in joint venture with others (collectively hereinafter called "PRINCIPAL") to renew or to refrain from cancelling the BONDS;

NOW, THEREFORE, in consideration of the SURETY executing the BONDS, or renewing or refraining from canceling the BONDS, the INDEMNITOR hereby agrees that:

1. **BENEFICIAL INTEREST** - The undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each of the BONDS.

2. **PREMIUMS** - The INDEMNITOR shall pay to the SURETY all premiums and charges due for any BONDS in accordance with its rate filings, its manual of rates, or as otherwise established by the SURETY, until the PRINCIPAL or INDEMNITOR shall serve evidence satisfactory to the SURETY of its discharge or release from all liability under any BONDS.

3. **INDEMNITY** - The INDEMNITOR shall exonerate, indemnify and save harmless the SURETY from and against any and all loss, damage or expense (including, but not limited to, interest, costs and attorney's fees) which the SURETY shall at any time sustain or incur by reason of: the request to execute, procure, or deliver any BONDS; or the executing, procuring or delivering of any BONDS, whether already or hereafter executed; or the renewal or continuation thereof; or from making any investigation on account thereof; or any payment thereunder; or as a result of prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, or recovering or attempting to recover any salvage in connection therewith; or by reason of the failure of the INDEMNITOR to perform or comply with the terms of this Agreement; or in the enforcement of the terms of this Agreement. An itemized statement of loss and expense incurred by the SURETY, sworn to by an officer of the SURETY, shall be prima facie evidence of the fact and extent of the liability of the undersigned to the SURETY in any claim or suit by the SURETY against the undersigned.

4. **CLAIMS AND SETTLEMENTS** - The SURETY shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any BONDS shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed. SURETY may incur such expenses, including reasonable attorney's fees, as SURETY deems necessary or advisable in the investigation, defense and payment of such claims. It is the SURETY's exclusive right at its option and sole discretion to adjust, settle or compromise any claim, demand, suit or judgment upon the BONDS, unless the PRINCIPAL and the INDEMNITOR shall request the SURETY to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the SURETY, at the time of such request, cash or collateral satisfactory to the SURETY in kind and amount to be used in paying any award(s) or judgment(s) rendered or that may be rendered. The SURETY shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration and the right of subrogation, and nothing contained herein shall be construed to waive or diminish any right, defense or remedy which the SURETY might have if this instrument were not executed.

5. **DISCHARGE/PLACE IN FUNDS** - The INDEMNITOR will, within thirty (30) days after the SURETY's written demand, either: a) procure the discharge of the SURETY from any BONDS and all liability by reason thereof; or b) if unable to secure such discharge, the INDEMNITOR will place funds in funds that are immediately available and sufficient to meet all of SURETY's liabilities or potential liabilities (including attorney's fees, costs and expenses) arising from any BONDS or request therefor (as may or may not be evidenced by the establishment of a reserve), as determined by the SURETY in its sole discretion, whether or not any payments have been made by the SURETY. The SURETY shall send its written demand to the INDEMNITOR's last known address by registered or certified mail. Alternatively, at the SURETY's sole discretion and election, INDEMNITOR and SURETY may make other provisions satisfactory to the SURETY for the funding of any bonded obligation(s). The INDEMNITOR hereby acknowledges that if the INDEMNITOR breaches its obligations as set forth in this paragraph, the SURETY will have no adequate remedy at law and shall be entitled to injunctive relief, including without limitation specific performance of the terms of this Agreement.

6. **TRUST FUND, ASSIGNMENT AND OTHER REMEDIES** - The PRINCIPAL and INDEMNITOR hereby agree that all of their interest, title and rights in the contract or undertaking referred to in the BONDS, or in, or growing in any manner out of the BONDS, or out of any fund in which the SURETY has an interest, and shall inure to the benefit of the SURETY for any liability or loss it may have or sustain under any of the BONDS, and this Agreement constitutes notice of such trust. The PRINCIPAL and the INDEMNITOR hereby do and will assign, pledge and convey to the SURETY, as collateral security for the full performance of their obligations under this Agreement and for the payment of any other indebtedness or liability of the PRINCIPAL and INDEMNITOR to the SURETY, whether heretofore or hereafter incurred, the PRINCIPAL and/or INDEMNITOR's interest, title and rights in, and growing in any matter out of, all contracts referred to in the BONDS, or in, or growing in any manner out of the BONDS, but only in the event of: 1) any abandonment, forfeiture or breach of any contract referred to in the BONDS or any breach of any BONDS; or 2) a default in discharging any other indebtedness or liability incurred in connection therewith, when due; or 3) any breach of this Agreement; or 4) assignment by the PRINCIPAL for the benefit of creditors, or upon PRINCIPAL's involvement in any agreement or proceeding of liquidation, receivership, or bankruptcy, whether insolvent or not. Upon the happening of any of the events described in 1) through 4) herein, the SURETY shall have the right, with or without exercising any other right conferred upon it by law or under the terms of this Agreement, to take possession of any part or all of the work under any contract(s) covered by any BOND, and at the expense of the PRINCIPALS and INDEMNITORS to complete or arrange for the completion of the same, and the PRINCIPALS and INDEMNITORS shall promptly, upon demand, pay to the SURETY all losses, fees, costs and expenses so incurred. The PRINCIPALS and INDEMNITORS hereby irrevocably constitute and appoint the SURETY as their attorney-in-fact with the full right and authority, but not the obligation, to exercise all rights of the PRINCIPALS and INDEMNITORS assigned and set over to the SURETY in this Agreement, including the authority to execute on behalf of the PRINCIPALS and INDEMNITORS any documents or agreements deemed necessary and proper by the SURETY in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be given to the SURETY under all other provisions of this Agreement. The PRINCIPALS and INDEMNITORS hereby ratify all actions taken and done by the SURETY as attorney-in-fact.

7. **BOOKS AND RECORDS** - Until the SURETY shall have been furnished with competent evidence of its discharge, without loss, from any and all BONDS, the SURETY shall have the right to free access to the books, records and accounts of each of the undersigned for the purpose of examining them. Each of the undersigned hereby authorizes and requests any depositories in which funds of any of the undersigned may be deposited to furnish to the SURETY the amount of such deposits as of any date requested; and, any person, firm or corporation doing business with the undersigned is hereby authorized to furnish any information requested by the SURETY concerning any transaction. The SURETY may furnish copies of any information which it now has or may hereafter obtain concerning each of the undersigned to other persons or companies for the purpose of procuring co-suretyship or reinsurance or complying with regulatory requirements or advising interested persons or companies.

8. **OTHER INDEMNITY** - The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the PRINCIPAL and/or the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said BONDS, from the PRINCIPAL or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the SURETY may have or acquire against the PRINCIPAL and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.


EXHIBIT

LDS-CSL

9. **UNIFORM COMMERCIAL CODE** – This Agreement shall constitute a Security Agreement in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the SURETY without in any way abrogating, restricting or limiting the rights of the SURETY under this Agreement or under law, or in equity. A carbon, photographic or other reproduction of this Agreement may be filed as a Financing Statement.

10. **SURETIES** – In the event the SURETY procures the execution of the BONDS by other sureties, or executes the BONDS with co-sureties, or reinsures any portion of the BONDS with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of any such other sureties, co-sureties and reinsurers, as their interests may appear.

11. **DECLINE EXECUTION** – The SURETY may decline to execute, renew or extend any BONDS, including final bonds, and may cancel any BONDS unless the BONDS state otherwise, and the PRINCIPAL and INDEMNITOR shall make no claim to the contrary. The PRINCIPAL and INDEMNITOR shall make no claim relating to the failure or refusal of any person or entity to accept any of the SURETY's BONDS or to award any contract to any PRINCIPAL.

12. **CHANGES, WAIVER OF NOTICE** – The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR or PRINCIPAL, to assent to changes in any BONDS, and/or in the contracts or obligations covered by any BONDS, or to refuse so to assent, it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement, even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of: the execution of the BONDS; acceptance of this Agreement; any default; and/or any other acts which may give rise to a bond claim or liability of the SURETY under the BONDS.

13. **INVALIDITY** – Invalidity of any provision of this Agreement by reason of the laws of any jurisdiction shall not render the other provisions hereof invalid. In case the execution of this Agreement by the INDEMNITOR is defective or invalid for any reason, such defect or invalidity shall not affect the validity or enforceability of this Agreement or the liability hereunder of the INDEMNITOR executing the same.

14. **ENFORCEMENT** – Separate suits may be brought under this Agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by SURETY. The undersigned authorize SURETY to join any and all of the undersigned as parties defendant in any action, regardless of venue or forum, against SURETY on account of any BONDS, and to enforce the obligations hereunder directly against any of the undersigned without the necessity of first proceeding against the PRINCIPAL. All funds which shall become due from the INDEMNITOR to the SURETY under any of the terms of this Agreement shall bear prejudgment interest at the legal rate.

15. **GOVERNING LAW** – This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without giving effect to the conflict of laws principles thereof), except to the extent superseded by federal law.

16. **TERMINATION** – This Agreement may be terminated by the INDEMNITOR upon 30 days' written notice sent by registered or certified mail to SURETY at its home office at Liberty Bond Services, 450 Plymouth Road, Suite 400, Plymouth Meeting, PA 19462-1644, but any such notice of termination shall not operate to modify, bar, or discharge the INDEMNITOR as to the BONDS that may have been theretofore executed or approved, or renewed or extended. Such termination by any undersigned shall in no way affect the obligation of any other undersigned who has not given notice of termination as herein provided.

17. **JOINT/SEVERAL** – The INDEMNITOR and its successors and assigns are jointly and severally bound by this Agreement.

Executed this __29th__ day of __September__, in the year __2004__.

General Motors Corporation
FEIN # 38-0572515
300 Renaissance Center
Detroit, MI 48265-3000

By: _____
(signature)
Walter G. Borst, Treasurer
(name and title)

(CORPORATE SEAL)

Attest: _____
(signature)
Nancy E. Polis, Secretary
(name and title)

## CORPORATE ACKNOWLEDGMENT

STATE of _Michigan_

County of _Wayne_                    ss.

On this _29_ day of _Sept._, 2004, before me personally appeared ___Walter G. Borst___ and ___Nancy E. Polis___ known by me to be the ___Treasurer___ and ___Secretary___ of the corporation described in and which executed the foregoing Agreement; that they know the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that they signed their names thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

_____
(Signature of Notary Public)

(SEAL)

Notary Public, residing at _300 Renaissance Center, Detroit, MI_
My commission expires ___June 12, 2011___

GINGER A. SMITH
NOTARY PUBLIC - MICHIGAN
WAYNE COUNTY
MY COMMISSION EXPIRES JUNE 12, 2011

LBS-CSL                    Page 2 of 2

At its June 3, 2003 meeting, a quorum being present, the Board of Directors of General Motors Corporation (hereinafter called the "Corporation"), adopted the following Preamble and Resolutions:

"WHEREAS, the Corporation has agreed to enter into a certain General Agreement of Indemnity in favor of Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty Insurance Corporation, and any other company that is part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services or Liberty Mutual Surety (individually and collectively hereinafter called the 'Surety');

WHEREAS, the Corporation has a financial, material and beneficial interest in transactions in which (i) the Corporation, ___; (ii) any of its subsidiaries or affiliates, whether present or future, and whether directly or indirectly held; and (iii) any other entity or person in response to a request from any party described in items (i) or (ii) above (including requests from their agents, brokers or producers); and as to all of the foregoing, whether they act alone or in joint venture with others whether or not said others are named herein (individually and collectively hereinafter called "Principals"), have applied or will apply to the Surety for certain bonds, undertakings, recognizances, reinsurances, instruments of guarantee or other surety obligations (hereinafter called 'Bonds'); and

WHEREAS, the Surety has executed or is willing to consider the execution of the Bonds, as surety, upon being furnished with the written indemnity of the Corporation;

NOW, THEREFORE, BE IT:

RESOLVED, that the officers authorized to execute documents on behalf of the Corporation are authorized and empowered, at any time prior to or subsequent to the Surety's execution of any Bonds, to execute any indemnity agreement(s) that the Surety requires or may require as consideration for the Surety's execution of Bonds, of whatever kind or nature, on behalf of the Principal; the officers authorized to execute documents on behalf of the Corporation include: Walter G. Borst, Treasurer.

RESOLVED FURTHER, that said officers are authorized and empowered, at any time prior to or subsequent to the Surety's execution of any Bonds, to execute any and all amendments to any and all indemnity agreement(s); and to execute any other or further agreements relating to any such Bonds or to any collateral that may have been deposited with the Surety in connection therewith; and to take any and all other actions that may be requested or required by the Surety, in connection with any such Bonds;

RESOLVED FURTHER, that said officers are authorized and empowered to affix the corporate seal to any and all indemnity agreement(s), to any and all amendments to said indemnity agreement(s), and to any other or further agreements; and

RESOLVED FURTHER, that any and all actions heretofore taken by any representative of the Corporation in order to carry into effect the purposes of the foregoing resolutions, including the execution and delivery of any indemnity agreement(s) are hereby approved, ratified and confirmed."

Given under my hand and the seal of the Corporation, in the City of Detroit State of Michigan on the 3 day of November, 2004.

Nancy E. Polis, Secretary

04/2004



ACCOUNT SUMMARY (INFORCE)   As of 10/26/2009

TERSTU

ACCOUNT EB73  GENERAL MOTORS CORPORATION

|  | BOND COUNT | OUTSTANDING LIABILITY |
|---|---|---|
| OFFICIAL BONDS | 9 | 75,000 |
| COURT & FIDUCIARY | 1 | 124,000 |
| CONTRACT | 0 | 0 |
|   SUPPLY | 0 | 0 |
|   SUBDIVISION | 0 | 0 |
| LICENSE & PERMIT | 34 | 867,950 |
|   CUSTOMS | 3 | 6,312,500 |
| MISCELLANEOUS | 4 | 138,579 |
|   WORKERS COMP | 3 | 3,100,000 |
|   MISC CONTRACTS | 0 | 0 |
|     ACCOUNT TOTAL | 54 | 10,618,029 |



EXHIBIT
B

S-2145 2/00

Liberty
Mutual                                    ACCOUNT REPORT (INFORCE)                              As of 10/26/2009
                                                                                                    TERSTU

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6665029 | 09/03/09 | 09/03/10 | 38,100 | 191 | 5 | 571 | NY | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      PEOPLE OF STATE OF NEW YORK, DEPT. OF STATE-MISC. RECORDS U*
- DESCRIPTION  GAME OF CHANCE - GMC ULTIMATE SUPER BOWL SWEEPSTAKES

| 6595088 | 09/03/09 | 09/03/10 | 50,000 | 250 | 2 | 938 | MS | | |

- PRINCIPAL    SATURN CORPORATION
- OBLIGEE      STATE OF MISSISSIPPI, MISSISSIPPI PUBLIC SERVICE COMMISSION
- DESCRIPTION  DO NOT CALL BOND

| 6571113 | 05/20/09 | 05/20/10 | 50,000 | 375 | 2 | 521 | NJ | | |

- PRINCIPAL    GENERAL MOTORS CORPORATION
- OBLIGEE      STATE OF NEW JERSEY, BUREAU OF PRIVATE PLAN
- DESCRIPTION  PRIVATE PLAN UNDER THE NEW JERSEY TEMPORARY DISABILITY
              BENEFITS LAW

| 6571084 | 05/14/09 | 05/14/10 | 25,000 | 125 | 2 | 579 | MI | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      MICHIGAN DEPARTMENT OF STATE, MOTOR VEHICLE ADMINISTRATION
- DESCRIPTION  INFORMATION PURCHASER'S UNIFORM SURETY BOND

| 6571078 | 05/15/08 | 05/15/12 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL    DIANA GOWING
- OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND

| 6571067 | 05/06/09 | 05/06/10 | 25,000 | 125 | 1 | 994 | MI | | |

- PRINCIPAL    G.M. SAFE DRIVING PROGRAM
- OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  INFORMATION PURCHASERS UNIFORM SURETY BOND

| 6555141 | 03/07/08 | 03/07/12 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL    NESTELYNN L. GARRETT
- OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND

| 6522312 | 09/25/09 | 09/25/10 | 2,500 | 100 | 2 | 993 | ND | | |

- PRINCIPAL    ONSTAR CORPORATION
- OBLIGEE      STATE OF NORTH DAKOTA, PUBLIC SERVICE COMMISSION
- DESCRIPTION  TELLECOMMUNICATIONS RESELLER

| 6490037 | 05/01/09 | 05/01/10 | 50,000 | 250 | 2 | 930 | NC | | |

- PRINCIPAL    SATURN CORPORATION
- OBLIGEE      NORTH CAROLINA DIVISION OF MOTOR VEHICLES, DIVISION OF MOTO*
- DESCRIPTION  MOTORO VEHICLE DEALER

09-50026-mg    Doc 4752-1    Filed 01/07/10    Entered 01/07/10 13:08:20    Exhibit
Exhibits A & B to Liberty Mutual Ins. Co.s    Pg 9 of 28
Page 003
As of 10/26/2009
ACCOUNT REPORT (INFORCE)
TRRSTU

**Liberty Mutual**

## ACCOUNT EB73 GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6490036 | 05/01/09 | 05/01/10 | 50,000 | 250 | 2 | 930 | NC | | |

. PRINCIPAL    SATURN DISTRIBUTION CORPORATION
. OBLIGEE      NORTH CAROLINA DIVISION OF MOTOR VEHICLES, DIVISION OF MOTO*
. DESCRIPTION  MOTORO VEHICLE DEALER

| 6449949 | 10/25/06 | 12/20/12 | 10,000 | 100 | 5 | 105 | MI | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    S. HAYES
. OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
. DESCRIPTION  NOTARY BOND/MI

| 6412067 | 06/01/06 | 05/31/10 | 5,000 | 100 | 5 | 105 | AZ | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    CRISTINA VARGAS
. OBLIGEE      STATE OF ARIZONA, SECRETARY OF STATE - NOTARY PUBLIC SECTION
. DESCRIPTION  NOTARY PUBLIC BOND

| 6387880 | 01/01/09 | 01/01/10 | 25,000 | 125 | 4 | 927 | MO | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE      STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
. DESCRIPTION  MOTOR VEHICLE DEALER, ADESA, KANSAS CITY

| 6387773 | 12/12/08 | 12/12/09 | 30,000 | 150 | 2 | 930 | CO | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GM CAR COMPANY LLC
. OBLIGEE      STATE OF COLORADO, DEPARTMENT OF REVENUE - MOTOR VEHICLE DI*
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6387744 | 12/02/08 | 12/02/09 | 25,000 | 125 | 2 | 930 | MO | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GM CAR COMPANY LLC
. OBLIGEE      STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6387743 | 12/02/08 | 12/02/09 | 50,000 | 250 | 2 | 930 | NM | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GM CAR COMPANY LLC
. OBLIGEE      STATE OF NEW MEXICO, MOTOR TRANSPORTATION DIVISION
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6387708 | 11/30/08 | 11/30/09 | 25,000 | 125 | 2 | 930 | MO | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GM CAR COMPANY LLC
. OBLIGEE      STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6380117 | 04/30/09 | 04/30/10 | 25,000 | 125 | 3 | 930 | FL | | |
|---|---|---|---|---|---|---|---|---|---|

. PRINCIPAL    GM CAR COMPANY LLC
. OBLIGEE      THE STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTO*
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

09-50026-mg    Doc 4752-1    Filed 01/07/10    Entered 01/07/10 13:08:20    Exhibit
Exhibits A & B to Liberty Mutual Ins. Co.s    Pg 10 of 28
ACCOUNT REPORT (INFORCE)
Page 004
As of 10/26/2009
TERSTU

Liberty Mutual.

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6380057 | 11/04/05 | 05/26/11 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL    PAMELLA SIMON GRANT
- OBLIGEE    STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND

| 6351257 | 07/26/05 | 07/26/11 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL    NESTELYNN L. GARRETT
- OBLIGEE    STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND

| 6307874 | 11/04/08 | 11/04/09 | 50,000 | 750 | 2 | 521 | NY | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE    STATE OF NEW YORK, CHAIR, WORKERS' COMPENSATION BOARD
- DESCRIPTION  SELF-INSURER - DISABILITY BENEFITS LAW

| 6286393 | 06/23/04 | 06/23/12 | 5,000 | 100 | 5 | 105 | IN | | |

- PRINCIPAL    JIMMIE E. KING
- OBLIGEE    STATE OF INDIANA, NOTARY DEPARTMENT
- DESCRIPTION  NOTARY BOND

| 6286392 | 06/23/04 | 06/23/12 | 5,000 | 100 | 5 | 105 | IN | | |

- PRINCIPAL    RICHARD L. BROWN
- OBLIGEE    STATE OF INDIANA, NOTARY DEPARTMENT
- DESCRIPTION  NOTARY BOND

| 6286296 | 07/16/04 | 07/16/10 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL    LISA A. ALTIZER
- OBLIGEE    STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND

| 6273676 | 04/23/09 | 04/23/10 | 124,000 | 620 | 1 | 257 | OK | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE    ELLA M. HANNER REPRESENTING THE ESTATE OF TROY KEITH MAINORD
- DESCRIPTION  APPEAL BOND

| 6273595 | 04/08/04 | 04/08/11 | 25,479 | 889 | 5 | 553 | FL | | |

- PRINCIPAL    GENERAL MOTORS ACCEPTANCE CORPORATION
- OBLIGEE    BANK OF AMERICA
- DESCRIPTION  LOST INSTRUMENT BOND
  CHECK NO 3142227, DATED 3-2-04 IN THE AMT OF $12,739.74

| 6267256 | 03/31/09 | 03/31/10 | 20,000 | 100 | 4 | 930 | GA | | |

- PRINCIPAL    GENERAL MOTORS COMPANY - GM AUCTION DEPARTMENT
- OBLIGEE    STATE OF GEORGIA
- DESCRIPTION  USED MOTOR VEHICLE DEALER

S-2145 2/00

JED

**Liberty Mutual**

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6256932 | 01/01/09 | 01/01/10 | 5,000 | 100 | 2 | 930 | CA | | |
| · PRINCIPAL | VICTORIA LYNN PROCK OF GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | STATE OF CALIFORNIA, DMV-ACCOUNTS PROCESSING MS H221 | | | | | | | | |
| · DESCRIPTION | VEHICLE VERIFIER BONDD | | | | | | | | |
| | | | | | | | | | |
| 6256931 | 01/01/09 | 01/01/10 | 1,000 | 100 | 2 | 949 | TN | | |
| · PRINCIPAL | SATURN CORPORATION | | | | | | | | |
| · OBLIGEE | STATE OF TENNESSEE | | | | | | | | |
| · DESCRIPTION | BOND FOR PETROLEUM PRODUCTS & ALTERNATIVE FUELS | | | | | | | | |
| | | | | | | | | | |
| 6256930 | 01/01/09 | 01/01/10 | 100,000 | 500 | 2 | 930 | MD | | |
| · PRINCIPAL | SATURN CORPORATION | | | | | | | | |
| · OBLIGEE | MARYLAND DEPARTMENT OF TRANSPORTATION | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE MANUFACTURER | | | | | | | | |
| | | | | | | | | | |
| 6256909 | 12/29/08 | 12/29/09 | 1,000 | 100 | 2 | 950 | TN | | |
| · PRINCIPAL | CHEVROLET-PONTIAC-CANADA GROUP, GENERAL MOTORS COMPANY, A D* | | | | | | | | |
| · OBLIGEE | STATE OF TENNESSEE | | | | | | | | |
| · DESCRIPTION | FUEL TAX BOND | | | | | | | | |
| | | | | | | | | | |
| 6256907 | 12/29/08 | 12/29/09 | 400 | 100 | 2 | 950 | CO | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY DBA CHEVROLET MOTOR DIVISION | | | | | | | | |
| · OBLIGEE | COLORADO DEPT. OF REVENUE | | | | | | | | |
| · DESCRIPTION | MILEAGE AND FUEL TAX BOND | | | | | | | | |
| | | | | | | | | | |
| 6256906 | 12/29/08 | 12/29/09 | 2,000 | 100 | 2 | 950 | NM | | |
| · PRINCIPAL | CHEVROLET MOTOR DIVISION, GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | STATE OF NEW MEXICO | | | | | | | | |
| · DESCRIPTION | MOTOR FEE & TAX BOND | | | | | | | | |
| | | | | | | | | | |
| 6256905 | 12/29/08 | 12/29/09 | 1,000 | 100 | 2 | 993 | MI | | |
| · PRINCIPAL | PONTIAC MOTOR DIVISION, GENERAL MOTORS CORPORATION | | | | | | | | |
| · OBLIGEE | CITY OF PONTIAC | | | | | | | | |
| · DESCRIPTION | ERECT A FENCE ON CITY PUBLIC RIGHT OF WAY AT MANSFIELD | | | | | | | | |
| · | & TENNYSON BETWEEN BALDWIN & ALLEY | | | | | | | | |
| 6251579 | 10/14/09 | 10/14/10 | 10,000 | 100 | 2 | 927 | CT | | |
| · PRINCIPAL | SAAB CARS USA INC | | | | | | | | |
| · OBLIGEE | STATE OF CONNECTICUT | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE LEASING BOND | | | | | | | | |
| | | | | | | | | | |
| 6251573 | 10/10/09 | 10/10/10 | 50,000 | 250 | 2 | 927 | NM | | |
| · PRINCIPAL | SATURN DISTRIBUTION CORPORATION | | | | | | | | |
| · OBLIGEE | STATE OF NEW MEXICO | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE DEALER BOND | | | | | | | | |

ACCOUNT REPORT (INFORCE)

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6251517 | 11/13/08 | 11/13/09 | 50,000 | 250 | 2 | 938 | MS | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | STATE OF MISSISSIPPI | | | | | | | | |
| · DESCRIPTION | ITINERANT MERCHANTS | | | | | | | | |
| · | DO NOT CALL BOND | | | | | | | | |
| 6251516 | 11/13/08 | 11/13/09 | 20,000 | 100 | 2 | 938 | LA | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | STATE OF LOUISIANA | | | | | | | | |
| · DESCRIPTION | ITINERANT MERCHANTS | | | | | | | | |
| · | DO NOT CALL BOND | | | | | | | | |
| 6251482 | 12/31/08 | 12/31/09 | 25,000 | 125 | 2 | 922 | NH | | |
| · PRINCIPAL | SAAB LEASING CO., INC. | | | | | | | | |
| · OBLIGEE | STATE OF NEW HAMPSHIRE | | | | | | | | |
| · DESCRIPTION | SALES FINANCE BOND | | | | | | | | |
| · | | | | | | | | | |
| 6246326 | 09/09/09 | 09/09/10 | 50,000 | 250 | 1 | 579 | NH | | |
| · PRINCIPAL | SAAB CARS USA, INC. | | | | | | | | |
| · OBLIGEE | STATE OF NEW HAMPSHIRE | | | | | | | | |
| · DESCRIPTION | EXTENDED SERVICE CONTRACT | | | | | | | | |
| · | GMAC ACCT. # | | | | | | | | |
| 6246299 | 10/31/09 | 10/31/10 | 25,000 | 125 | 4 | 927 | DC | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | DISTRICT OF COLUMBIA | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE DEALER BOND | | | | | | | | |
| 6241164 | 09/30/09 | 09/30/10 | 10,000 | 100 | 4 | 930 | AL | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY | | | | | | | | |
| · OBLIGEE | STATE OF ALABAMA | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE DEALER BOND | | | | | | | | |
| 6241114 | 09/30/09 | 09/30/10 | 10,000 | 100 | 3 | 930 | AL | | |
| · PRINCIPAL | GENERAL MOTORS COMPANY/GM AUCTION DEPT. | | | | | | | | |
| · OBLIGEE | STATE OF ALABAMA | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE DEALER BOND | | | | | | | | |
| 6213039 | 08/27/08 | 08/27/10 | 75,000 | 750 | 2 | 950 | FC | | |
| · PRINCIPAL | 3033898 = GENERAL MORTORS DU CANADA LIMITEE | | | | | | | | |
| · OBLIGEE | SOCIETE DE L'ASSURANCE AUTOMOBILE DU QUEBEC | | | | | | | | |
| · DESCRIPTION | LIEN DE COMMERCANT DE BEHICULE A MOTEUR (FOR THE RENEWAL OF | | | | | | | | |
| · | COMPANY CAR LICENSES) | | | | | | | | |
| 6205213 | 02/23/09 | 02/23/10 | 10,000 | 100 | 1 | 927 | CT | | |
| · PRINCIPAL | SAAB LEASING LLT. | | | | | | | | |
| · OBLIGEE | STATE OF CONNECTICUT | | | | | | | | |
| · DESCRIPTION | MOTOR VEHICLE LEASING BOND | | | | | | | | |

S-2145 2/00

00-50026-mg  Doc 4752-1  Filed 01/07/10  Entered 01/07/10 13:08:20  Exhibit
Exhibits A & B to Liberty Mutual Ins. Co.s  Pg 13 of 28

Liberty
Mutual.

Page 007
ACCOUNT REPORT (INFORCE)                As of 10/26/2009
TERSTU

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6205176 | 03/27/09 | 03/27/10 | 3,000,000 | 18,000 | 4 | 521 | MA | | |

- PRINCIPAL  GENERAL MOTORS COMPANY
- OBLIGEE  COMMONWEALTH OF MASSACHUSETTS
- DESCRIPTION  WORKER' COMPENSATION

| 6198930 | 03/04/09 | 03/04/10 | 5,000,000 | 25,000 | 2 | 972 | NY | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  GENERAL MOTORS CORPORATION    -CUSTOM BOND #380301574
- OBLIGEE  U. S. CUSTOMS SERVICE
- DESCRIPTION  DRAWBACK - ACTIVITY CODE 1A
  I.R.S #38-057251500

| 6198900 | 02/22/09 | 02/22/10 | 6,300 | 100 | 2 | 908 | NV | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  SAAB FINANCIAL SERVICES LLC
- OBLIGEE  STATE OF NEVADA
- DESCRIPTION  SALES/USE TAX PERMIT BOND

| 6198899 | 02/20/09 | 02/20/10 | 10,000 | 100 | 2 | 927 | CA | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  GENERAL MOTORS COMPANY, DBA GM AUCTION DEPARTMENT
- OBLIGEE  STATE OF CALIFORNIA
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6198898 | 02/03/09 | 02/03/10 | 50,000 | 250 | 2 | 927 | CA | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  GENERAL MOTORS COMPANY
- OBLIGEE  STATE OF CALIFORNIA
- DESCRIPTION  COMMERCIAL REQUESTER ACCT. SURETY BOND

| 6198885 | 01/17/09 | 01/17/10 | 10,000 | 100 | 1 | 927 | CT | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  SAAB CARS USA, INC
- OBLIGEE  STATE OF CONNECTICUT, DEPARTMENT OF MOTOR VEHICLES
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6184935 | 08/26/09 | 08/26/10 | 18,750 | 100 | 2 | 952 | FC | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  TM0003011044=GENERAL MOTORS OF CANADA LIMITED
- OBLIGEE  HER MAJESTY THE QUEEN, MINISTER OF NATIONAL REVENUE
- DESCRIPTION  WHOLESALER'S SALES TAX BOND

| 6184928 | 07/10/09 | 07/10/10 | 1,125,000 | 5,625 | 2 | 972 | FC | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  TM0003011037=GENERAL MOTORS OF CANADA LIMITED
- OBLIGEE  CANADA CUSTOMS AND REVENUE AGENCY
- DESCRIPTION  CUSTOM BOND

| 6184918 | 04/01/09 | 04/01/10 | 187,500 | 938 | 2 | 972 | FC | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL  TM0003009793=GENERAL MOTORS CORPORATION
- OBLIGEE  CANADA CUSTOMS AND REVENUE AGENCY
- DESCRIPTION  CUSTOMS TEMPORARY IMPORTATION OF GOODS BOND

09-50026-mg   Doc 4752-1   Filed 01/07/10   Entered 01/07/10 13:08:20   Exhibit
Exhibits A & B to Liberty Mutual Ins. Co.s   Pg 14 of 28
ACCOUNT REPORT (INFORCE)

Liberty
Mutual.

Page 007
As of 10/26/2009
TERSTU

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6205176 | 03/27/09 | 03/27/10 | 3,000,000 | 18,000 | 4 | 521 | MA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE    COMMONWEALTH OF MASSACHUSETTS
. DESCRIPTION   WORKER' COMPENSATION

| 6198930 | 03/04/09 | 03/04/10 | 5,000,000 | 25,000 | 2 | 972 | NY | | |

. PRINCIPAL    GENERAL MOTORS CORPORATION   -CUSTOM BOND #380301574
. OBLIGEE    U. S. CUSTOMS SERVICE
. DESCRIPTION   DRAWBACK - ACTIVITY CODE 1A
.     I.R.S #38-057251500

| 6198900 | 02/22/09 | 02/22/10 | 6,300 | 100 | 2 | 908 | NV | | |

. PRINCIPAL    SAAB FINANCIAL SERVICES LLC
. OBLIGEE    STATE OF NEVADA
. DESCRIPTION   SALES/USE TAX PERMIT BOND

| 6198899 | 02/20/09 | 02/20/10 | 10,000 | 100 | 2 | 927 | CA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY, DBA GM AUCTION DEPARTMENT
. OBLIGEE    STATE OF CALIFORNIA
. DESCRIPTION   MOTOR VEHICLE DEALER BOND

| 6198898 | 02/03/09 | 02/03/10 | 50,000 | 250 | 2 | 927 | CA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE    STATE OF CALIFORNIA
. DESCRIPTION   COMMERCIAL REQUESTER ACCT. SURETY BOND

| 6198885 | 01/17/09 | 01/17/10 | 10,000 | 100 | 1 | 927 | CT | | |

. PRINCIPAL    SAAB CARS USA, INC
. OBLIGEE    STATE OF CONNECTICUT, DEPARTMENT OF MOTOR VEHICLES
. DESCRIPTION   MOTOR VEHICLE DEALER BOND

| 6184935 | 08/26/09 | 08/26/10 | 18,750 | 100 | 2 | 952 | FC | | |

. PRINCIPAL    TM0003011044=GENERAL MOTORS OF CANADA LIMITED
. OBLIGEE    HER MAJESTY THE QUEEN, MINISTER OF NATIONAL REVENUE
. DESCRIPTION   WHOLESALER'S SALES TAX BOND

| 6184928 | 07/10/09 | 07/10/10 | 1,125,000 | 5,625 | 2 | 972 | FC | | |

. PRINCIPAL    TM0003011037=GENERAL MOTORS OF CANADA LIMITED
.. OBLIGEE    CANADA CUSTOMS AND REVENUE AGENCY
. DESCRIPTION   CUSTOM BOND

| 6184918 | 04/01/09 | 04/01/10 | 187,500 | 938 | 2 | 972 | FC | | |

. PRINCIPAL    TM0003009793=GENERAL MOTORS CORPORATION
. OBLIGEE    CANADA CUSTOMS AND REVENUE AGENCY
. DESCRIPTION   CUSTOMS TEMPORARY IMPORTATION OF GOODS BOND

# Exhibit B

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☒ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc ) | 09-1355B (REG) |

**Your Claim Is Scheduled As Follows.**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item 11 5) All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) **LIBERTY MUTUAL INSURANCE COMPANY**

Name and address where notices should be sent
c/o Grace Winkler Cranley
Leo & Weber, P C
One N  LaSalle Street, Ste 3600
Chicago, IL 60602

Telephone number   312/857-0910
Email Address   gcranley@leoweber com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(*If known*)

Filed on _____

Name and address where payment should be sent (if different from above)

FILED - 20950
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1** Amount of Claim as of Date Case filed, June 1, 2009    $10,618,029 contingent/      See attached
If all or part of your claim is secured, complete item 4 below  however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

unliquidated - Statement of Claim

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2** Basis for Claim   Contract Indemnity
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☒ Other
Describe

Value of Property $25,000,482   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection   possession

Amount of Secured Claim $_____    Amount Unsecured $_____

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available  please explain in an attachment

**Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| Date 11-5-09 | Signature  The person filing this claim must sign it  Sign and print name and title  if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any  [signature] Grace Cranley   Attorney for Liberty Mutual Insurance Company | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**STATEMENT OF CLAIM OF**
**LIBERTY MUTUAL INSURANCE COMPANY**
**In re MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)**
**Case No.: 09-50028**
**Amount of Claim: $10,618,029 Contingent / $21,951.55 Liquidated**

The claim of Liberty Mutual Insurance Company ("Liberty") is based upon the General Agreement of Indemnity executed by Indemnitors, including Debtor, in favor of Liberty and dated September 29, 2004, and is based upon common law rights of subrogation to seek reimbursement and exoneration for claims and losses from Debtor. A copy of the General Agreement of Indemnity is attached hereto as Exhibit "A". Liberty as a Surety also has a common law right of indemnity, reimbursement, and exoneration from Debtor arising from losses as a result of bonds issued by Liberty where Debtor is principal.

The claim is partially contingent insofar as the General Agreement of Indemnity secures Liberty from losses it incurs by reason of the issuance of surety bonds. Liberty issued on behalf of Debtor, and in favor of various obligees, current surety bonds in the total penal sum of $10,618,029. A list of the bonds and the amount of the bonds is attached to this statement as Exhibit "B". Liberty issued numerous other bonds that are not currently in-force, but on which Liberty may continue to have exposure and, therefore, Liberty reserves its rights to amend this claim amount.

As of October 2009, the claim is partially liquidated in attorney fees, consulting fees, costs, and expenses as allowed by the General Agreement of Indemnity for a total liquidated claim of $21,951.55.

Liberty is holding collateral in the form of proceeds of letters of credit in the amount of approximately $25,000,482 posted pursuant to a Collateral Pledge Agreement. The collateral has been transferred to the new entity GM and is not property of the estate; however, Liberty sets forth the collateral amount since it may be used to offset amounts claimed by Liberty.

Liberty continues its investigation of its bond exposure and therefore Liberty reserves the right to amend its proof of claim. Submission of this proof of claim is not a waiver of any of Liberty's rights under the General Agreement of Indemnity and should not be construed as a release of any of the non-debtor indemnitors and/or third parties.

LIBERTY MUTUAL INSURANCE COMPANY

By one of its attorneys

T. Scott Leo, ARDC # 03127352
Grace W. Cranley, ARDC # 6215920
Leo & Weber, P.C.
One North LaSalle Street, Ste. 3600
Chicago, Illinois 60602
312-857-0910
312-857-1240 fax

LIBERTY
BOND SERVICES

# GENERAL AGREEMENT OF INDEMNITY
## COMMERCIAL SURETY

WHEREAS, the undersigned (hereinafter called "INDEMNITOR", desires one or more of Liberty Mutual Insurance Company, a Massachusetts corporation; LM Insurance Corporation, an Iowa corporation; The First Liberty Insurance Corporation, an Iowa corporation; Liberty Mutual Fire Insurance Company, a Massachusetts corporation; Liberty Insurance Corporation, a Vermont corporation; and any other company that is part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services (collectively hereinafter called "SURETY") to execute bonds, undertakings, recognizances, instruments of guarantee and other like obligations, including those which predate this Agreement (hereinafter called "BONDS") on its behalf; and on behalf of any majority-owned or controlled subsidiaries or any affiliates, whether present or future, and whether directly or indirectly held; and, upon the written request of the undersigned, any other corporation, partnership or person; and as to all of the foregoing, whether they act alone or in joint venture with others (collectively hereinafter called "PRINCIPAL"), to renew or to refrain from canceling the BONDS;

NOW, THEREFORE, in consideration of the SURETY executing the BONDS, or renewing or refraining from canceling the BONDS, the INDEMNITOR hereby agrees that:

1. **BENEFICIAL INTEREST** – The undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each of the BONDS.

2. **PREMIUMS** – The INDEMNITOR shall pay to the SURETY all premiums and charges due for any BONDS in accordance with its rate filings, its manual of rates, or as otherwise established by the SURETY, until the PRINCIPAL or INDEMNITOR shall serve evidence satisfactory to the SURETY of its discharge or release from all liability under any BONDS.

3. **INDEMNITY** – The INDEMNITOR shall exonerate, indemnify and save harmless the SURETY from and against any and all loss, damage or expense (including, but not limited to, interest, costs and attorney's fees) which the SURETY shall at any time sustain or incur by reason of: the request to execute, procure, or deliver any BONDS; or the executing, procuring or delivering of any BONDS, whether already or hereafter executed; or the renewal or continuation thereof; or from making any investigation on account thereof; or any payment thereunder; or as a result of prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, or recovering or attempting to recover any salvage in connection therewith; or by reason of the failure of the INDEMNITOR to perform or comply with the terms of this Agreement; or in the enforcement of the terms of this Agreement. An itemized statement of loss and expense incurred by the SURETY, sworn to by an officer of the SURETY, shall be prima facie evidence of the fact and extent of the liability of the undersigned to the SURETY in any claim or suit by the SURETY against the undersigned.

4. **CLAIMS AND SETTLEMENTS** – The SURETY shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any BONDS shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed. SURETY may incur such expenses, including reasonable attorney's fees, as SURETY deems necessary or advisable in the investigation, defense and payment of such claims. It is the SURETY's exclusive right at its option and sole discretion to adjust, settle or compromise any claim, demand, suit or judgment upon the BONDS, unless the PRINCIPAL and the INDEMNITOR shall request the SURETY to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the SURETY, at the time of such request, cash or collateral satisfactory to the SURETY in kind and amount to be used in paying any award(s) or judgment(s) rendered or that may be rendered. The SURETY shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration and the right of subrogation, and nothing contained herein shall be construed to waive or diminish any right, defense or remedy which the SURETY might have if this instrument were not executed.

5. **DISCHARGE/PLACE IN FUNDS** – The INDEMNITOR will, within thirty (30) days after the SURETY's written demand, either a) procure the discharge of the SURETY from any BONDS and all liability by reason thereof; or b) if unable to secure such discharge, the INDEMNITOR will place the SURETY in funds that are immediately available and sufficient to meet all of SURETY's liabilities or potential liabilities (including attorney's fees, costs and expenses) arising from any BONDS or request therefor (as may or may not be evidenced by the establishment of a reserve), as determined by the SURETY in its sole discretion, whether or not any payments have been made by the SURETY. The SURETY shall send its written demand to the INDEMNITOR's last known address by registered or certified mail. Alternatively, at the SURETY's sole discretion and election, INDEMNITOR and SURETY may make other provisions satisfactory to the SURETY for the funding of any bonded obligation(s). The INDEMNITOR hereby acknowledges that if the INDEMNITOR breaches its obligations set forth in this paragraph, the SURETY will have no adequate remedy at law and shall be entitled to injunctive relief, including without limitation specific performance of the terms of this Agreement.

6. **TRUST FUND, ASSIGNMENT AND OTHER REMEDIES** – The PRINCIPAL and INDEMNITOR hereby agree that all of their interest, title and rights in the contract or undertaking referred to in the BONDS, or in, or growing in any manner out of the BONDS shall be held as a trust fund in which the SURETY has an interest, and shall inure to the benefit of the SURETY for any liability or loss it may have or sustain under any of the BONDS, and this Agreement constitutes notice of such trust. The PRINCIPAL and the INDEMNITOR hereby do and will assign, pledge and convey to the SURETY, as collateral security for the full performance of their obligations under this Agreement and for the payment of any other indebtedness or liability of the PRINCIPAL and INDEMNITOR to the SURETY, whether heretofore or hereafter incurred, the PRINCIPAL and/or INDEMNITOR's interest, title and rights in, and growing in any matter out of, all contracts referred to in the BONDS, or in, or growing in any manner out of the BONDS, but only in the event of: 1) any abandonment, forfeiture or breach of any contract referred to in the BONDS or any breach of any BONDS; or 2) a default in discharging any other indebtedness or liability incurred in connection therewith, when due; or 3) any breach of this Agreement; or 4) any assignment by the PRINCIPAL for the benefit of creditors, or upon PRINCIPAL's involvement in any agreement or proceeding of liquidation, receivership, or bankruptcy, whether insolvent or not. Upon the happening of any of the events described in 1) through 4) herein, the SURETY shall have the right, with or without exercising any other right conferred upon it by law or under the terms of this Agreement, to take possession of any part or all of the work under any contract(s) covered by any BONDS, and at the expense of the PRINCIPALS and INDEMNITORS to complete or arrange for the completion of the same, and the PRINCIPALS and INDEMNITORS shall promptly, upon demand, pay to the SURETY all losses, fees, costs and expenses so incurred. The PRINCIPALS and INDEMNITORS hereby irrevocably constitute and appoint the SURETY as their attorney-in-fact with the full right and authority, but not the obligation, to exercise all rights of the PRINCIPALS and INDEMNITORS assigned and set over to the SURETY in this Agreement, including the authority to execute on behalf of the PRINCIPALS and INDEMNITORS any documents or agreements deemed necessary and proper by the SURETY in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be given to the SURETY under all other provisions of this Agreement. The PRINCIPALS and INDEMNITORS hereby ratify all actions taken and done by the SURETY as attorney-in-fact.

7. **BOOKS AND RECORDS** – Until the SURETY shall have been furnished with competent evidence of its discharge, without loss, from any and all BONDS, the SURETY shall have the right to free access to the books, records and accounts of each of the undersigned for the purpose of examining them. Each of the undersigned hereby authorizes and requests any depositories in which funds of any of the undersigned may be deposited to furnish to the SURETY the amount of such deposits as of any date requested; and, any person, firm or corporation doing business with the undersigned is hereby authorized to furnish any information requested by the SURETY concerning any transaction. The SURETY may furnish copies of any information which it now has or may hereafter obtain concerning each of the undersigned to other persons or companies for the purpose of procuring co-suretyship or reinsurance or complying with regulatory requirements or advising interested persons or companies.

8. **OTHER INDEMNITY** – The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the PRINCIPAL and/or the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said BONDS, from the PRINCIPAL or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the SURETY may have or acquire against the PRINCIPAL and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.


EXHIBIT

9. UNIFORM COMMERCIAL CODE - This Agreement shall constitute a Security Agreement to the SURETY and also a Financing Statement in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the SURETY without in any way abrogating, restricting or limiting the rights of the SURETY under this Agreement or under law, or in equity. A carbon, photographic or other reproduction of this Agreement may be filed as a Financing Statement.

10. SURETIES - In the event the SURETY procures the execution of the BONDS by other sureties, or executes the BONDS with co-sureties, or reinsures any portion of the BONDS with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of any such other sureties, co-sureties and reinsurers, as their interests may appear.

11. DECLINE EXECUTION - The SURETY may decline to execute, renew or extend any BONDS, including final bonds, and may cancel any BONDS unless the BONDS state otherwise, and the PRINCIPAL and INDEMNITOR shall make no claim to the contrary. The PRINCIPAL and INDEMNITOR shall make no claim relating to the failure or refusal of any person or entity to accept any of the SURETY's BONDS or to award any contract to any PRINCIPAL.

12. CHANGES, WAIVER OF NOTICE - The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR or PRINCIPAL, to assent to changes in any BONDS, and/or in the contracts or obligations covered by any BONDS, or in refuse so to assent, it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement, even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of: the execution of the BONDS; acceptance of this Agreement; any default; and/or any other acts which may give rise to a bond claim or liability of the SURETY under the BONDS.

13. INVALIDITY - Invalidity of any provision of this Agreement by reason of the laws of any jurisdiction shall not render the other provisions hereof invalid. In case the execution of this Agreement by the INDEMNITOR is defective or invalid for any reason, such defect or invalidity shall not affect the validity or enforceability of this Agreement or the liability hereunder of the INDEMNITOR executing the same.

14. ENFORCEMENT - Separate suits may be brought under this Agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by SURETY. The undersigned authorize SURETY to join any and all of the undersigned as parties defendant in any action, regardless of venue or forum, against SURETY on account of any BONDS, and to enforce the obligations hereunder directly against any of the undersigned without the necessity of first proceeding against the PRINCIPAL. All funds which shall become due from the INDEMNITOR to the SURETY under any of the terms of this Agreement shall bear prejudgment interest at the legal rate.

15. GOVERNING LAW - This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without giving effect to the conflict of laws principles thereof), except to the extent superseded by federal law.

16. TERMINATION - This Agreement may be terminated by the INDEMNITOR upon 30 days' written notice sent by registered or certified mail to SURETY at its home office at Liberty Bond Services, 450 Plymouth Road, Suite 400, Plymouth Meeting, PA 19462-1644, but any such notice of termination shall not operate to modify, bar, or discharge the INDEMNITOR as to the BONDS that may have been theretofore executed or approved, or renewed or extended. Such termination by any undersigned shall in no way affect the obligation of any other undersigned who has not given notice of termination as herein provided.

17. JOINT/SEVERAL - The INDEMNITOR and its successors and assigns are jointly and severally bound by this Agreement.

Executed this ___29th___ day of ___September___, in the year __2004__.

General Motors Corporation
FEIN # 38-0572515
300 Renaissance Center
Detroit, MI 48265-3000

By: _____    Attest: _____    (CORPORATE SEAL)
        (signature)                                (signature)
Walter G. Borst, Treasurer                         Nancy E. Polis, Secretary
        (name and title)                               (name and title)

CORPORATE ACKNOWLEDGMENT

STATE OF __Michigan__
                                                    ss.
County of __Wayne__

On this __29__ day of __Sept.__, 2004, before me personally appeared ___Walter G. Borst___ and
___Nancy E. Polis___ known to me to be the ___Treasurer___ and
___Secretary___ of the corporation described in and which executed the foregoing Agreement; that they know the seal of
the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said
corporation, and that they signed their names thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

                                        ___George A. Smith___
                                              (Signature of Notary Public)
            (SEAL)                 Notary Public, residing at __300 Renaissance Center, Detroit, Mi__
                                   My commission expires ___June 12, 2011___

                        ┌─────────────────────────────────┐
                        │   GINGER A. SMITH                │
                        │   NOTARY PUBLIC - MICHIGAN       │
                        │   WAYNE COUNTY                   │
                        │   MY COMMISSION EXPIRES JUNE 12, 2011 │
                        └─────────────────────────────────┘

## CORPORATE RESOLUTION

At its June 3, 2003 meeting, a quorum being present, the Board of Directors of General Motors Corporation (hereinafter called the "Corporation"), adopted the following Preamble and Resolutions:

"WHEREAS, the Corporation has agreed to enter into a certain General Agreement of Indemnity in favor of Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty Insurance Corporation, and any other company that is part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services or Liberty Mutual Surety (individually and collectively hereinafter called the 'Surety');

WHEREAS, the Corporation has a financial, material and beneficial interest in transactions in which (I) the Corporation, ___; (II) any of its subsidiaries or affiliates, whether present or future, and whether directly or indirectly held; and (III) any other entity or person in response to a request from any party described in items (I) or (II) above (including requests from their agents, brokers or producers); and as to all of the foregoing, whether they act alone or in joint venture with others whether or not said others are named herein (individually and collectively hereinafter called "Principals"), have applied or will apply to the Surety for certain bonds, undertakings, recognizances, reinsurances, instruments of guarantee or other surety obligations (hereinafter called 'Bonds'); and

WHEREAS, the Surety has executed or is willing to consider the execution of the Bonds, as surety, upon being furnished with the written indemnity of the Corporation;

NOW, THEREFORE, BE IT:

RESOLVED, that the officers authorized to execute documents on behalf of the Corporation are authorized and empowered, at any time prior to or subsequent to the Surety's execution of any Bonds, to execute any indemnity agreement(s) that the Surety requires or may require as consideration for the Surety's execution of Bonds, of whatever kind or nature, on behalf of the Principal; the officers authorized to execute documents on behalf of the Corporation include: <u>Walter G. Borst, Treasurer.</u>

RESOLVED FURTHER, that said officers are authorized and empowered, at any time prior to or subsequent to the Surety's execution of any Bonds, to execute any and all amendments to any and all indemnity agreement(s); and to execute any other or further agreements relating to any such Bonds or to any collateral that may have been deposited with the Surety in connection therewith; and to take any and all other actions that may be requested or required by the Surety, in connection with any such Bonds;

RESOLVED FURTHER, that said officers are authorized and empowered to affix the corporate seal to any and all indemnity agreement(s), to any and all amendments to said indemnity agreement(s), and to any other or further agreements; and

RESOLVED FURTHER, that any and all actions heretofore taken by any representative of the Corporation in order to carry into effect the purposes of the foregoing resolutions, including the execution and delivery of any indemnity agreement(s) are hereby approved, ratified and confirmed."

Given under my hand and the seal of the Corporation, in the City of <u>Detroit</u> State of <u>Michigan</u> on the <u>3</u> day of <u>November, 2004.</u>

Nancy E. Polis, Secretary

**Liberty Mutual.**

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| | BOND COUNT | OUTSTANDING LIABILITY |
|---|---|---|
| OFFICIAL BONDS | 9 | 75,000 |
| COURT & FIDUCIARY | 1 | 124,000 |
| CONTRACT | 0 | 0 |
| SUPPLY | 0 | 0 |
| SUBDIVISION | 0 | 0 |
| LICENSE & PERMIT | 34 | 867,950 |
| CUSTOMS | 3 | 6,312,500 |
| MISCELLANEOUS | 4 | 138,579 |
| WORKERS COMP | 3 | 3,100,000 |
| MISC CONTRACTS | 0 | 0 |
| ACCOUNT TOTAL | 54 | 10,618,029 |



EXHIBIT
B

S-2145 2/00

09-50026-mg  Doc 4752-1  Filed 01/07/10  Entered 01/07/10 13:08:20  Exhibit
Exhibits A & B to Liberty Mutual Ins. Co.s  Pg 22 of 28  Page 002

**Liberty Mutual.**  ACCOUNT REPORT (INFORCE)  As of 10/26/2009
TERSTU

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6665029 | 09/03/09 | 09/03/10 | 38,100 | 191 | 5 | 571 | NY | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE      PEOPLE OF STATE OF NEW YORK, DEPT. OF STATE-MISC. RECORDS U*
. DESCRIPTION  GAME OF CHANCE - GMC ULTIMATE SUPER BOWL SWEEPSTAKES

| 6595088 | 09/03/09 | 09/03/10 | 50,000 | 250 | 2 | 938 | MS | | |

. PRINCIPAL    SATURN CORPORATION
. OBLIGEE      STATE OF MISSISSIPPI, MISSISSIPPI PUBLIC SERVICE COMMISSION
. DESCRIPTION  DO NOT CALL BOND

| 6571113 | 05/20/09 | 05/20/10 | 50,000 | 375 | 2 | 521 | NJ | | |

. PRINCIPAL    GENERAL MOTORS CORPORATION
. OBLIGEE      STATE OF NEW JERSEY, BUREAU OF PRIVATE PLAN
. DESCRIPTION  PRIVATE PLAN UNDER THE NEW JERSEY TEMPORARY DISABILITY
.              BENEFITS LAW

| 6571084 | 05/14/09 | 05/14/10 | 25,000 | 125 | 2 | 579 | MI | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE      MICHIGAN DEPARTMENT OF STATE, MOTOR VEHICLE ADMINISTRATION
. DESCRIPTION  INFORMATION PURCHASER'S UNIFORM SURETY BOND

| 6571078 | 05/15/08 | 05/15/12 | 10,000 | 100 | 5 | 105 | MI | | |

. PRINCIPAL    DIANA GOWING
. OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
. DESCRIPTION  NOTARY BOND

| 6571067 | 05/06/09 | 05/06/10 | 25,000 | 125 | 1 | 994 | MI | | |

. PRINCIPAL    G.M. SAFE DRIVING PROGRAM
. OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
. DESCRIPTION  INFORMATION PURCHASERS UNIFORM SURETY BOND

| 6555141 | 03/07/08 | 03/07/12 | 10,000 | 100 | 5 | 105 | MI | | |

. PRINCIPAL    NESTELYNN L. GARRETT
. OBLIGEE      STATE OF MICHIGAN, SECRETARY OF STATE
. DESCRIPTION  NOTARY BOND

| 6522312 | 09/25/09 | 09/25/10 | 2,500 | 100 | 2 | 993 | ND | | |

. PRINCIPAL    ONSTAR CORPORATION
. OBLIGEE      STATE OF NORTH DAKOTA, PUBLIC SERVICE COMMISSION
. DESCRIPTION  TELLECOMMUNICATIONS RESELLER

| 6490037 | 05/01/09 | 05/01/10 | 50,000 | 250 | 2 | 930 | NC | | |

. PRINCIPAL    SATURN CORPORATION
. OBLIGEE      NORTH CAROLINA DIVISION OF MOTOR VEHICLES, DIVISION OF MOTO*
. DESCRIPTION  MOTORO VEHICLE DEALER

**Liberty Mutual.**

ACCOUNT REPORT (INFORCE)

As of 10/26/2009

TERSTU

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6490036 | 05/01/09 | 05/01/10 | 50,000 | 250 | 2 | 930 | NC | | |

- PRINCIPAL   SATURN DISTRIBUTION CORPORATION
- OBLIGEE     NORTH CAROLINA DIVISION OF MOTOR VEHICLES, DIVISION OF MOTO*
- DESCRIPTION  MOTORO VEHICLE DEALER

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6449949 | 10/25/06 | 12/20/12 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL   S. HAYES
- OBLIGEE     STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION  NOTARY BOND/MI

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6412067 | 06/01/06 | 05/31/10 | 5,000 | 100 | 5 | 105 | AZ | | |

- PRINCIPAL   CRISTINA VARGAS
- OBLIGEE     STATE OF ARIZONA, SECRETARY OF STATE - NOTARY PUBLIC SECTION
- DESCRIPTION  NOTARY PUBLIC BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6387880 | 01/01/09 | 01/01/10 | 25,000 | 125 | 4 | 927 | MO | | |

- PRINCIPAL   GENERAL MOTORS COMPANY
- OBLIGEE     STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
- DESCRIPTION  MOTOR VEHICLE DEALER, ADESA, KANSAS CITY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6387773 | 12/12/08 | 12/12/09 | 30,000 | 150 | 2 | 930 | CO | | |

- PRINCIPAL   GM CAR COMPANY LLC
- OBLIGEE     STATE OF COLORADO, DEPARTMENT OF REVENUE - MOTOR VEHICLE DI*
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6387744 | 12/02/08 | 12/02/09 | 25,000 | 125 | 2 | 930 | MO | | |

- PRINCIPAL   GM CAR COMPANY LLC
- OBLIGEE     STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6387743 | 12/02/08 | 12/02/09 | 50,000 | 250 | 2 | 930 | NM | | |

- PRINCIPAL   GM CAR COMPANY LLC
- OBLIGEE     STATE OF NEW MEXICO, MOTOR TRANSPORTATION DIVISION
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6387708 | 11/30/08 | 11/30/09 | 25,000 | 125 | 2 | 930 | MO | | |

- PRINCIPAL.  GM CAR COMPANY LLC
- OBLIGEE     STATE OF MISSOURI, MOTOR VEHICLE COMMISSION
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6380117 | 04/30/09 | 04/30/10 | 25,000 | 125 | 3 | 930 | FL | | |

- PRINCIPAL   GM CAR COMPANY LLC
- OBLIGEE     THE STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTO*
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

S-2145 2/00

**Liberty Mutual.**

ACCOUNT REPORT (INFORCE)

ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6380057 | 11/04/05 | 05/26/11 | 10,000 | 100 | 5 | 105 | MI | | |

- PRINCIPAL   PAMELLA SIMON GRANT
- OBLIGEE   STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION   NOTARY BOND

| 6351257 | 07/26/05 | 07/26/11 | 10,000 | 100 | 5 | 105 | MI |

- PRINCIPAL   NESTELYNN L. GARRETT
- OBLIGEE   STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION   NOTARY BOND

| 6307874 | 11/04/08 | 11/04/09 | 50,000 | 750 | 2 | 521 | NY |

- PRINCIPAL   GENERAL MOTORS COMPANY
- OBLIGEE   STATE OF NEW YORK, CHAIR, WORKERS' COMPENSATION BOARD
- DESCRIPTION   SELF-INSURER - DISABILITY BENEFITS LAW

| 6286393 | 06/23/04 | 06/23/12 | 5,000 | 100 | 5 | 105 | IN |

- PRINCIPAL   JIMMIE E. KING
- OBLIGEE   STATE OF INDIANA, NOTARY DEPARTMENT
- DESCRIPTION   NOTARY BOND

| 6286392 | 06/23/04 | 06/23/12 | 5,000 | 100 | 5 | 105 | IN |

- PRINCIPAL   RICHARD L. BROWN
- OBLIGEE   STATE OF INDIANA, NOTARY DEPARTMENT
- DESCRIPTION   NOTARY BOND

| 6286296 | 07/16/04 | 07/16/10 | 10,000 | 100 | 5 | 105 | MI |

- PRINCIPAL   LISA A. ALTIZER
- OBLIGEE   STATE OF MICHIGAN, SECRETARY OF STATE
- DESCRIPTION   NOTARY BOND

| 6273676 | 04/23/09 | 04/23/10 | 124,000 | 620 | 1 | 257 | OK |

- PRINCIPAL   GENERAL MOTORS COMPANY
- OBLIGEE   ELLA M. HANNER REPRESENTING THE ESTATE OF TROY KEITH MAINORD
- DESCRIPTION   APPEAL BOND

| 6273595 | 04/08/04 | 04/08/11 | 25,479 | 889 | 5 | 553 | FL |

- PRINCIPAL   GENERAL MOTORS ACCEPTANCE CORPORATION
- OBLIGEE   BANK OF AMERICA
- DESCRIPTION   LOST INSTRUMENT BOND
  CHECK NO 3142227,DATED 3-2-04 IN THE AMT OF $12,739.74

| 6267256 | 03/31/09 | 03/31/10 | 20,000 | 100 | 4 | 930 | GA |

- PRINCIPAL   GENERAL MOTORS COMPANY - GM AUCTION DEPARTMENT
- OBLIGEE   STATE OF GEORGIA
- DESCRIPTION   USED MOTOR VEHICLE DEALER

**Liberty Mutual.**

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6256932 | 01/01/09 | 01/01/10 | 5,000 | 100 | 2 | 930 | CA | | |

- PRINCIPAL    VICTORIA LYNN PROCK OF GENERAL MOTORS COMPANY
- OBLIGEE       STATE OF CALIFORNIA, DMV-ACCOUNTS PROCESSING MS H221
- DESCRIPTION  VEHICLE VERIFIER BONDD

| 6256931 | 01/01/09 | 01/01/10 | 1,000 | 100 | 2 | 949 | TN | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SATURN CORPORATION
- OBLIGEE       STATE OF TENNESSEE
- DESCRIPTION  BOND FOR PETROLEUM PRODUCTS & ALTERNATIVE FUELS

| 6256930 | 01/01/09 | 01/01/10 | 100,000 | 500 | 2 | 930 | MD | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SATURN CORPORATION
- OBLIGEE       MARYLAND DEPARTMENT OF TRANSPORTATION
- DESCRIPTION  MOTOR VEHICLE MANUFACTURER

| 6256909 | 12/29/08 | 12/29/09 | 1,000 | 100 | 2 | 950 | TN | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    CHEVROLET-PONTIAC-CANADA GROUP, GENERAL MOTORS COMPANY, A D*
- OBLIGEE       STATE OF TENNESSEE
- DESCRIPTION  FUEL TAX BOND

| 6256907 | 12/29/08 | 12/29/09 | 400 | 100 | 2 | 950 | CO | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    GENERAL MOTORS COMPANY DBA CHEVROLET MOTOR DIVISION
- OBLIGEE       COLORADO DEPT. OF REVENUE
- DESCRIPTION  MILEAGE AND FUEL TAX BOND

| 6256906 | 12/29/08 | 12/29/09 | 2,000 | 100 | 2 | 950 | NM | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    CHEVROLET MOTOR DIVISION, GENERAL MOTORS COMPANY
- OBLIGEE       STATE OF NEW MEXICO
- DESCRIPTION  MOTOR FEE & TAX BOND

| 6256905 | 12/29/08 | 12/29/09 | 1,000 | 100 | 2 | 993 | MI | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    PONTIAC MOTOR DIVISION, GENERAL MOTORS CORPORATION
- OBLIGEE       CITY OF PONTIAC
- DESCRIPTION  ERECT A FENCE ON CITY PUBLIC RIGHT OF WAY AT MANSFIELD
- & TENNYSON BETWEEN BALDWIN & ALLEY

| 6251579 | 10/14/09 | 10/14/10 | 10,000 | 100 | 2 | 927 | CT | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SAAB CARS USA INC
- OBLIGEE       STATE OF CONNECTICUT
- DESCRIPTION  MOTOR VEHICLE LEASING BOND

| 6251573 | 10/10/09 | 10/10/10 | 50,000 | 250 | 2 | 927 | NM | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SATURN DISTRIBUTION CORPORATION
- OBLIGEE       STATE OF NEW MEXICO
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

**Liberty Mutual.**

ACCOUNT REPORT (INFORCE)

TERSTU

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6251517 | 11/13/08 | 11/13/09 | 50,000 | 250 | 2 | 938 | MS | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      STATE OF MISSISSIPPI
- DESCRIPTION  ITINERANT MERCHANTS
-              DO NOT CALL BOND

| 6251516 | 11/13/08 | 11/13/09 | 20,000 | 100 | 2 | 938 | LA | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      STATE OF LOUISIANA
- DESCRIPTION  ITINERANT MERCHANTS
-              DO NOT CALL BOND

| 6251482 | 12/31/08 | 12/31/09 | 25,000 | 125 | 2 | 922 | NH | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SAAB LEASING CO., INC.
- OBLIGEE      STATE OF NEW HAMPSHIRE
- DESCRIPTION  SALES FINANCE BOND

| 6246326 | 09/09/09 | 09/09/10 | 50,000 | 250 | 1 | 579 | NH | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SAAB CARS USA, INC.
- OBLIGEE      STATE OF NEW HAMPSHIRE
- DESCRIPTION  EXTENDED SERVICE CONTRACT
-              GMAC ACCT. #

| 6246299 | 10/31/09 | 10/31/10 | 25,000 | 125 | 4 | 927 | DC | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      DISTRICT OF COLUMBIA
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6241164 | 09/30/09 | 09/30/10 | 10,000 | 100 | 4 | 930 | AL | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE      STATE OF ALABAMA
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6241114 | 09/30/09 | 09/30/10 | 10,000 | 100 | 3 | 930 | AL | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    GENERAL MOTORS COMPANY/GM AUCTION DEPT.
- OBLIGEE      STATE OF ALABAMA
- DESCRIPTION  MOTOR VEHICLE DEALER BOND

| 6213039 | 08/27/08 | 08/27/10 | 75,000 | 750 | 2 | 950 | FC | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    3033898 = GENERAL MORTORS DU CANADA LIMITEE .
- OBLIGEE      SOCIETE DE L'ASSURANCE AUTOMOBILE DU QUEBEC
- DESCRIPTION  LIEN DE COMMERCANT DE BEHICULE A MOTEUR (FOR THE RENEWAL OF
-              COMPANY CAR LICENSES)

| 6205213 | 02/23/09 | 02/23/10 | 10,000 | 100 | 1 | 927 | CT | | |
|---|---|---|---|---|---|---|---|---|---|

- PRINCIPAL    SAAB LEASING LLT.
- OBLIGEE      STATE OF CONNECTICUT
- DESCRIPTION  MOTOR VEHCILE LEASING BOND

**Liberty Mutual.**

ACCOUNT REPORT (INFORCE)

TERSTU

## ACCOUNT EB73  GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6205176 | 03/27/09 | 03/27/10 | 3,000,000 | 18,000 | 4 | 521 | MA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE      COMMONWEALTH OF MASSACHUSETTS
. DESCRIPTION  WORKER' COMPENSATION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198930 | 03/04/09 | 03/04/10 | 5,000,000 | 25,000 | 2 | 972 | NY | | |

. PRINCIPAL    GENERAL MOTORS CORPORATION     -CUSTOM BOND #380301574
. OBLIGEE      U. S. CUSTOMS SERVICE
. DESCRIPTION  DRAWBACK - ACTIVITY CODE 1A
              I.R.S #38-057251500

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198900 | 02/22/09 | 02/22/10 | 6,300 | 100 | 2 | 908 | NV | | |

. PRINCIPAL    SAAB FINANCIAL SERVICES LLC
. OBLIGEE      STATE OF NEVADA
. DESCRIPTION  SALES/USE TAX PERMIT BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198899 | 02/20/09 | 02/20/10 | 10,000 | 100 | 2 | 927 | CA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY, DBA GM AUCTION DEPARTMENT
. OBLIGEE      STATE OF CALIFORNIA
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198898 | 02/03/09 | 02/03/10 | 50,000 | 250 | 2 | 927 | CA | | |

. PRINCIPAL    GENERAL MOTORS COMPANY
. OBLIGEE      STATE OF CALIFORNIA
. DESCRIPTION  COMMERCIAL REQUESTER ACCT. SURETY BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198885 | 01/17/09 | 01/17/10 | 10,000 | 100 | 1 | 927 | CT | . | |

. PRINCIPAL    SAAB CARS USA, INC
. OBLIGEE      STATE OF CONNECTICUT, DEPARTMENT OF MOTOR VEHICLES
. DESCRIPTION  MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184935 | 08/26/09 | 08/26/10 | 18,750 | 100 | 2 | 952 | FC | | |

. PRINCIPAL    TM0003011044=GENERAL MOTORS OF CANADA LIMITED
. OBLIGEE      HER MAJESTY THE QUEEN, MINISTER OF NATIONAL REVENUE
. DESCRIPTION  WHOLESALER'S SALES TAX BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184928 | 07/10/09 | 07/10/10 | 1,125,000 | 5,625 | 2 | 972 | FC | | |

. PRINCIPAL .  TM0003011037=GENERAL MOTORS OF CANADA LIMITED
. OBLIGEE      CANADA CUSTOMS AND REVENUE AGENCY
. DESCRIPTION  CUSTOM BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184918 | 04/01/09 | 04/01/10 | 187,500 | 938 | 2 | 972 | FC | | |

. PRINCIPAL    TM0003009793=GENERAL MOTORS CORPORATION
. OBLIGEE      CANADA CUSTOMS AND REVENUE AGENCY
. DESCRIPTION  CUSTOMS TEMPORARY IMPORTATION OF GOODS BOND

**Liberty Mutual.**

## ACCOUNT EB73 GENERAL MOTORS CORPORATION

| BOND NUMBER | EFF DATE | EXP DATE | BOND AMOUNT | BILL AMOUNT | RM | CLASS | STATE | CLM | CN |
|---|---|---|---|---|---|---|---|---|---|
| 6205176 | 03/27/09 | 03/27/10 | 3,000,000 | 18,000 | 4 | 521 | MA | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE       COMMONWEALTH OF MASSACHUSETTS
- DESCRIPTION   WORKER' COMPENSATION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198930 | 03/04/09 | 03/04/10 | 5,000,000 | 25,000 | 2 | 972 | NY | | |

- PRINCIPAL    GENERAL MOTORS CORPORATION    -CUSTOM BOND #380301574
- OBLIGEE       U. S. CUSTOMS SERVICE
- DESCRIPTION   DRAWBACK - ACTIVITY CODE 1A
               I.R.S #38-057251500

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198900 | 02/22/09 | 02/22/10 | 6,300 | 100 | 2 | 908 | NV | | |

- PRINCIPAL    SAAB FINANCIAL SERVICES LLC
- OBLIGEE       STATE OF NEVADA
- DESCRIPTION   SALES/USE TAX PERMIT BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198899 | 02/20/09 | 02/20/10 | 10,000 | 100 | 2 | 927 | CA | | |

- PRINCIPAL    GENERAL MOTORS COMPANY, DBA GM AUCTION DEPARTMENT
- OBLIGEE       STATE OF CALIFORNIA
- DESCRIPTION   MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198898 | 02/03/09 | 02/03/10 | 50,000 | 250 | 2 | 927 | CA | | |

- PRINCIPAL    GENERAL MOTORS COMPANY
- OBLIGEE       STATE OF CALIFORNIA
- DESCRIPTION   COMMERCIAL REQUESTER ACCT. SURETY BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6198885 | 01/17/09 | 01/17/10 | 10,000 | 100 | 1 | 927 | CT | | |

- PRINCIPAL    SAAB CARS USA, INC
- OBLIGEE       STATE OF CONNECTICUT, DEPARTMENT OF MOTOR VEHICLES
- DESCRIPTION   MOTOR VEHICLE DEALER BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184935 | 08/26/09 | 08/26/10 | 18,750 | 100 | 2 | 952 | FC | | |

- PRINCIPAL    TM0003011044=GENERAL MOTORS OF CANADA LIMITED
- OBLIGEE       HER MAJESTY THE QUEEN, MINISTER OF NATIONAL REVENUE
- DESCRIPTION   WHOLESALER'S SALES TAX BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184928 | 07/10/09 | 07/10/10 | 1,125,000 | 5,625 | 2 | 972 | FC | | |

- PRINCIPAL .  TM0003011037=GENERAL MOTORS OF CANADA LIMITED
- OBLIGEE       CANADA CUSTOMS AND REVENUE AGENCY
- DESCRIPTION   CUSTOM BOND

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6184918 | 04/01/09 | 04/01/10 | 187,500 | 938 | 2 | 972 | FC | | |

- PRINCIPAL    TM0003009793=GENERAL MOTORS CORPORATION
- OBLIGEE       CANADA CUSTOMS AND REVENUE AGENCY
- DESCRIPTION   CUSTOMS TEMPORARY IMPORTATION OF GOODS BOND

S-2145 2/00