Milissa A. Murray
**BINGHAM MCCUTCHEN LLP**
2020 K Street
Washington, DC 20006
Phone: (202) 373-6000

*Attorney for Claimant ILCO Site Remediation Group.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case Number: |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

RESPONSE OF CLAIMANT ILCO SITE REMEDIATION GROUP TO
DEBTOR'S THIRD OMNIBUS OBJECTION TO CLAIMS (Duplicate Claims)

Claimant ILCO Site Remediation Group ("ILCO"), by its undersigned counsel, hereby files its response (the "Response") to the Debtors' Third Omnibus Objection to Claims (Duplicate Claims) and states as follows:

1. As a precautionary measure, ILCO filed a copy of its proof of claim with the Court as well as with the Debtors' Claims Agent, each an expressly authorized recipient under the Claims Bar Date Order. This act apparently is considered by Debtors to constitute the filing of duplicate claims. Both submissions, however, relate to a single claim arising from the Debtors' obligations at or related to the ILCO environmental site. ILCO so stipulates. The Debtors need no more. "Disallowance and expungement" of one of the two submissions as a

A/73259601.1

fully "disallowed and expunged proof of claim," is excessive relief unfairly prejudicial to ILCO and not necessary to protect the Debtors or their estates.

2. Disallowance and expungement would make it more difficult (if not impossible) for ILCO to revive or otherwise rely upon the timely filed but "disallowed and expunged" copy of its claim in the event the "Surviving Claim" (unilaterally designated by Debtors), is subject to a technical or other objection (i.e. place of filing) to which the disallowed and expunged claim would not be applicable. Indeed, Debtors expressly seek in the Proposed Order to preserve their rights to object to the Surviving Claim on any and all grounds. Moreover, under the Debtors' Proposed Order, the disallowance and expungement would have preclusive effect on the disallowed and expunged claim. *See* Debtors' proposed Order Granting Debtors' Third Omnibus Objection to Claims. ("Proposed Order"). In short, so long as Debtors seek to preserve their rights to object to ILCO's claim on the basis of place or time of filing, ILCO's defenses to such objection (including that a copy of its proof of claim was timely filed in an alternative (and permissive) location), should not be barred, compromised or forfeited as a consequence of a "disallowed and expunged" proof of claim.

3. To the extent that the Court believes that ILCO's stipulation herein is insufficient to protect the Debtors and their estates, ILCO submits that it would be less prejudicial and more equitable and appropriate to acknowledge a merging of the two ILCO submissions as a single proof of claim to which there would be assigned a single claim number for all future references. Such relief, if now necessary, is more narrowly tailored to address the small risk, if any, that the Debtors suffer as a result of ILCO having filed copies of its proof of claim in each of the two locations expressly authorized in the Claims Bar Date Order.

A/73259601.1

4.     ILCO also objects to the Debtors' Proposed Order. Pursuant to Section 502(a) of the Bankruptcy Code, a proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C § 502(a). Although the Debtors are expressly *not* objecting to the "Surviving Claim," the Proposed Order provides that the Surviving Claim "shall be neither allowed nor disallowed at this time." *See* the Proposed order at 2. Debtors provide no basis in the Objection for stripping ILCO of its "deemed-allowed" proof of claim and is overreaching with the terms in the Proposed Order. Again, given that ILCO is prepared to stipulate that its two submissions constitute a single proof of claim, there is simply no justification for diminishing its statutory rights solely on the grounds that ILCO filed a copy of its proof of claim in each of the two forums expressly authorized by the Court.

**WHEREFORE,** ILCO respectfully requests that the Debtors' Third Omnibus Objection to Claims, as it relates to ILCO, be overruled, or, in the alternative, that the Court enter an order (attached) merging ILCO's two submissions and assigning ILCO's Surviving Claim a single claim number for future reference. In addition, ILCO requests that the Court decline Debtors' invitation to strip ILCO of the

A/73259601.1

"deemed-allowed" status of its Surviving Claim.

Dated:  New York, New York
        January 7, 2009

                                            BINGHAM MCCUTCHEN LLP

                                            _____
                                            Melissa A. Murray
                                            2020 K Street, NW
                                            Washington, DC 20006
                                            (202) 373-6000
                                            M.Murray@bingham.com

                                            *Attorney for Claimant ILCO*
                                            *Site Remediation Group*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp, *et al.*<br><br>Debtors. | Chapter 11 Case Number:<br><br>09-50026 (REG)<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response of Claimant ILCO Site Remediation Group to Debtor's Third Omnibus Objection to Claims was served this 7th day of January, 2010 *via* U.S. mail, postage prepaid, on the parties in interest below and additionally the Response of Claimant ILCO Site Remediation Group to Debtor's Third Omnibus Objection to Claims was sent by facsimile to the Debtors' counsel at Weil, Gotshal & Manges LLP.

| | |
|---|---|
| Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br><br>Fax: (212) 310-8007<br><br>*Attorneys for Debtors* | Ted Stenger<br>Debtors<br>c/o Motors Liquidation Company<br>500 Renaissance Center<br>Suite 1400<br>Detroit, Michigan 48243 |
| Lawrence S. Buonomo, Esq.<br>General Motors, LLC<br>300 Renaissance Center<br>Detroit, Michigan 48265 | John J. Rapisardi, Esq.<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, New York 10281<br><br>*Attorneys for United States Department of the Treasury* |

| | |
|---|---|
| Thomas Moers Mayer, Esq.<br>Amy Caton, Esq.<br>Adam C. Rogoff, Esq.<br>Gregory G. Plotko, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br><br>*Attorneys for the Statutory Committee of Unsecured Creditors* | Diana G. Adams, Esq.<br>Office of the United States Trustee for the Southern District of New York<br>33 Whitehall Street<br>21st Floor<br>New York, New York  10004 |
| David S. Jones, Esq.<br>Matthew L. Schwartz, Esq.<br>United States Attorney's Office<br>Southern District of New York<br>86 Chambers Street<br>Third Floor<br>New York, New York  10007 | |

_____
Melissa A. Murray

- 2 -