Hearing Date: February 10, 2010
Opposition Due By January 28, 2010

Patrick A. Klingman (PK-3658)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Email: pklingman@sfmslaw.com

**Attorneys for Movants**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| MOTORS LIQUIDATION COMPANY | : | Case No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS | : |  |
| CORPORATION | : |  |
|  | : |  |
| Defendant. | : |  |

**MOTION OF PLAINTIFFS IN THE ACTION ENTITLED *O'CONNOR et al. v. GENERAL MOTORS CORPORATION*, FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

# TABLE OF CONTENTS

CERTIFICATION OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**CASES**

*In re Balco Equities Ltd., Inc.*,
 312 B.R. 734 (Bankr. S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Curtis*,
 40 B.R. 795 (Bankr.D.Utah 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Diplomat Elecs. Corp.*,
 82 B.R. 688 (Bankr. S.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Elmira Litho Inc.*,
 174 B.R. 892 (Bankr. S.D.N.Y. 1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re de Kleinman*,
 156 B.R. 131 (Bankr. S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Touloumis*,
 170 B.R. 825 (Bankr. S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*,
 907 F.2d 1280 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**OTHER AUTHORITIES**

Song-Beverly Consumer Warranty Act, Civil Code § 1790, *et seq.* . . . . . . . . . . . . . . . . . . . 1, 2

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

 Federal Rules of Bankruptcy 4001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## CERTIFICATION OF COUNSEL

On Friday, January 8, 2010, counsel for Movants, William and Melody O'Connor, conferred with Evan Lederman of Weil, Gotshal & Manges, LLP, counsel for Debtor, General Motors Corporation, regarding Movants' request that they be granted relief from the automatic stay resulting from General Motors Corporation's Bankruptcy filing. Mr. Lederman indicated that his client was unwilling to agree to lift the stay in order to allow Movants to pursue their actions against General Motors Corporation. As a result, Movants are filing the instant motion. The parties agreed that General Motors Corporation would respond to the instant motion seventeen (17) days after its filing, or by Thursday, January 28, 2010.

## INTRODUCTION

William and Melody O'Connor ("**Movants**" or "**O'Connor**"), plaintiffs in the action captioned *O'Connor et al. v. General Motors Corporation,* 2:07-cv-0892-FCD-GGH, and pending in the United States District Court for the Eastern District of California, on behalf of himself and all other similarly situated, by their undersigned attorneys, seek an order modifying the automatic stay pursuant to Section 362(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy (the "**Bankruptcy Rules**") to enable them to proceed with their action for breach of express warranty and related claims against General Motors Corporation (the "**Debtor**"). In support of this motion, Movants respectfully allege as follows:

## BACKGROUND

1.    The Class Action Complaint ("**CAC**") in this matter was filed by Movants on May 10, 2007, and asserted claims under the Song-Beverly Consumer Warranty Act ("**Song**

**Beverly Act**"), and Unfair Competition Law ("**UCL**") and for breach of express warranty. Debtor filed its answer on June 15, 2007.

  2. The CAC is attached hereto as **Exhibit "A"** and its allegations are incorporated as if set forth fully herein.

  3. The CAC alleges claims, on behalf of a state-wide Class of GTO owners and lessees in the state of California, that Pontiac's GTO automobiles, which were marketed and sold in the United States by Debtor, contain a uniformly defective suspension and alignment system that substantially affects their use, value, and safety. (CAC, ¶¶ 1-3.) As a result, GTO purchasers and lessees are being deprived of the normal and reasonable use of the Vehicles.

  4. Debtor provided Movants and each owner and lessee of the Vehicles with the same uniform 3 year, 36,000 mile bumper-to-bumper factory warranty. Debtor's express warranty, in pertinent part, provides:

> The warranty covers repairs to correct any vehicle defect related to materials or workmanship occurring during the warranty period.
>
>  * * * * * * *
>
> Warranty repairs, including towing, parts, and labor, will be made at no charge.
>
>  * * * * * * *
>
> The tires supplied with your vehicle are covered against defects in material or workmanship under the Bumper-to-Bumper coverage. Any tire replaced will continue to be warranted for the remaining portion of the Bumper-to-Bumper coverage period.

Under this warranty, Debtor was obligated, *inter alia*, (1) to replace Plaintiff's prematurely worn tires at no charge; (2) to repair and adjust the improper suspension and alignment settings, which was necessitated by the defect, at no charge; and (3) to repair the defect at no charge. Debtor has

-2-

these same obligations with respect to Movants and all Class members, but has failed to satisfy these obligations.  (CAC ¶ 7.)

5. Debtor also included misleading and deceptive information in the warranty information provided to Movants and Class members, by its (false) promise that the factory alignment was sufficient for the vehicle.  According to the GTO owner manual:  "The wheels on your vehicle were aligned and balanced carefully at the factory to give you the longest tire life and best overall performance.  Scheduled wheel alignment and wheel balancing are not needed.  However, if you notice unusual tire wear or your vehicle pulling one way or the other, the alignment may need to be reset.  If you notice your vehicle vibrating when driving on a smooth road, your wheels may need to be rebalanced."  Despite these promises and obligations, GM denied warranty coverage to Movants and Class members.

6. As set forth fully in the CAC, Debtor's breach of warranty resulted in substantial economic losses to Movants and Class members.

7. On June 1, 2009 (the "**Petition Date**"), Debtor filed a voluntary Chapter 11 petition (the "**Petition**") in this Court.

8. On June 9, 2009, the United States District Court for the Eastern District of California stayed Movants' action against Debtor as a result of the bankruptcy filing.

9. On or about November 24, 2009, Movants filed a Proof of Claim on behalf of themselves and all other similarly situated against Debtor.

## **ARGUMENT**

Movants are entitled to relief from the automatic stay because the Debtor is unable to provide adequate protection and because their action is the type of action for which this Court found relief to be appropriate and available in its July 5, 2009 Order (the "**Order**").

Section 362(d) of the Bankruptcy Code provides, in relevant part:

(d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay ...

   (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362 (d).

If a movant can demonstrate that any of the grounds set forth in § 362(d) are met, a court must grant relief from the automatic stay. *See In re Elmira Litho Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (*citing In re Touloumis*, 170 B.R. 825, 827 (Bankr. S.D.N.Y. 1994); *In re de Kleinman*, 156 B.R. 131, 136 (Bankr. S.D.N.Y. 1993); *In re Diplomat Elecs. Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988)).

Here, Movants respectfully submit that unless the automatic stay is lifted, Movants, and Class members, will be completely deprived of their ability to pursue their meritorious claims for breach of warranty, Song Beverly Act and UCL violations against Debtor. Without relief from the automatic stay, Movants stand to forfeit those claims and there is no adequate, substitute relief available to Movants. As a result, under § 362(d)(1), Movants should be granted relief from the automatic stay.

Further, the Court, in its Order, specifically protected the types of claims being asserted by Movants. In paragraph 56 of the Order, the Court ordered that "[t]he Purchaser is assuming the obligations of the Seller pursuant to and subject to conditions and limitations contained in their express written warranties ..." Movants seeks to pursue their claims against Debtor arising from Debtor's failure to conform their vehicle to the warranty they received. Because the claims of Movants, and the Class, fall within the rubric of claims protected by Court's Order, Movants should be granted relief from the stay.

The Bankruptcy Code does not define what constitutes "cause" for relief from the automatic stay; rather, the bankruptcy court has discretion to decide on a case-by-case basis whether cause for relief from the automatic stay exists. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285-86 (2d Cir. 1990); *In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004).

The court in *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280 (2d Cir. 1990), listed a dozen factors which may be considered in deciding whether litigation should be permitted to continue in another forum. *Id.* at 1286 (*citing In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984)). These factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim

arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Id.* Courts have recognized that only those factors relevant to a particular case need be considered and the court need not assign them equal weight. *See In re Touloumis,* 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

Here, there are at least two factors which weigh heavily in favor of lifting the stay and permitting the Movants to pursue their claims: (1) the interests of judicial economy and the expeditious and economical resolution of litigation; and (2) the impact of the stay on the parties and the balance of harms. With regard to the interests of judicial economy, relief from the stay will allow Movants to move forward with their action against Debtor. Relief will greatly aid the resolution of that action and will in no way hinder the bankruptcy action. As such, this factor dictates that the stay be lifted. The balance of harms on the parties weighs even more heavily in favor of lifting the stay. Without relief from the stay, thousands of potential Class members will lose their ability to pursue legitimate, well-founded claims against Debtor. In contrast, granting Movants' the requested relief would have little or no impact on the bankruptcy proceeding and would cause Debtor and other creditors limit or no harm. Because of the unique nature of Movant's action - they are seeking redress for themselves and potential Class members as a result of an alleged defect in a specific type of vehicle - granting them relief from the stay would not result in "the flood gates" being opened for other litigants to seek relief from the stay. The harm caused to Movants and potential Class members greatly outweighs whatever harm Debtor might

incur in defending the claims against it. This factor alone mandates that the stay be lifted and that Movants be permitted to pursue their claims.

## CONCLUSION

Here, there are multiple reasons why the Court should determine that "cause" exists and that the automatic stay should be lifted in order to allow Movants to adequately and appropriately protect their interests by pursuing their claims against Debtor in the Eastern District of California.

Dated: January 11, 2010        By:     /s/Patrick A. Klingman
                                       James E. Miller
                                       Patrick A. Klingman (PK-3658)
                                       SHEPHERD, FINKELMAN, MILLER
                                       & SHAH, LLP
                                       65 Main Street
                                       Chester, CT 06412
                                       Telephone: (860) 526-1100
                                       Email: jmiller@sfmslaw.com
                                       Email: pklingman@sfmslaw.com

                                       Mark F. Anderson (SBN 44787)
                                       ANDERSON, OGILVIE & BREWER LLP
                                       600 California Street, 18th Floor
                                       San Francisco, CA 94108
                                       Telephone: (415) 651-1951
                                       Email: mark@aoblawyers.com

>James C. Shah
>Natalie Finkelman Bennett
>Nathan C. Zipperian
>SHEPHERD, FINKELMAN, MILLER
>& SHAH, LLP
>35 E. State Street
>Media, PA 19063
>Telephone: (610) 891-9880
>Email: jshah@sfmslaw.com
>Email: nfinkelman@sfmslaw.com
>Email: nzipperian@sfmslaw.com
>
>Attorneys for Movants