# EXHIBIT A

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A -
Plaintiffs Class Action Complaint    Pg 2 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 1 of 11

1  Mark F. Anderson (SBN 44787)
   KEMNITZER, ANDERSON, BARRON & OGILVIE LLP
2  445 Bush St, 6th Floor
   San Francisco, CA 94108
3  Telephone: (415) 623-3784
   Fax: (415) 861-3151
4  Email: mark@kabolaw.com

5  Attorneys for Plaintiffs

6  [Additional Counsel Listed on Signature Page]

7  **IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF CALIFORNIA**
8

9  WILLIAM O'CONNOR and                    :    Case No.
   MELODY O'CONNOR, On Behalf Of           :
10 Themselves And All Others               :
   Similarly Situated,                     :
11                                         :    Class Action
                Plaintiffs,                :
12                                         :
   v                                       :
13                                         :
   GENERAL MOTORS CORPORATION,             :    JURY TRIAL DEMANDED
14                                         :
                Defendant.                 :
15

16                        **CLASS ACTION COMPLAINT**

17         Plaintiffs, William and Melody O'Connor ("Plaintiffs" or "O'Connor"), husband and

18  wife, on behalf of themselves and all others similarly situated, allege, upon information and

19  belief, except as to their own actions, the investigation of their counsel, and the facts that are a

20  matter of public record, as follows:

21                    **INTRODUCTION AND FACTUAL BACKGROUND**

22         1.      This class action is brought against Defendant, General Motors Corporation

23  ("GM" or "Defendant"), for the benefit and protection of all current and former owners and

24  lessees of model year 2004 and 2005 Pontiac GTOs ("subject vehicles" or "GTOs") purchased or

25  leased in the State of California, to obtain damages and restitution and injunctive and other relief.

26         2.      The tires on each of the subject vehicles wear unevenly and prematurely and

27  are prone to failure because the tires are oversized for the subject vehicles, causing the inside

28  front tires to graze the struts during normal operation and use, resulting in uneven and premature

Class Action Complaint - O'Connor v. General Motors Corporation                                      1

1  tire wear and tire failure.

2      3.    The subject vehicles are built on the same platform as their Australian
3  counterpart, the Holden Monaro ("Monaro"), which was manufactured and sold in Australia
4  by GM Holden Limited ("Holden"), a manufacturer and GM subsidiary based in Melbourne,
5  Australia. When GM, through its subsidiary, Holden, sold the Monaro vehicles in Australia, the
6  vehicles were equipped with 17" wheels and 235 mm wide tires. When GM marketed and sold
7  the GTOs in the United States, however, GM distributed the subject vehicles with 17" wheels
8  and 245 mm wide tires, which were larger than the tires that had been placed on the Monaro
9  vehicles. The oversized 245 mm tires placed on the subject vehicles graze the struts during the
10 course of normal operation and use of the GTOs, resulting in, *inter alia,* uneven and premature
11 tire wear and tire failure.

12     4.    On April 25, 2005, Plaintiffs purchased a new 2005 Pontiac GTO, VIN
13 6G2VX12U15L376341, from Weaver Auto & Truck Center ("Weaver"), an authorized Pontiac
14 GTO dealer located in Grass Valley, California. The vehicle was purchased pursuant to a written
15 contract of sale, under which Plaintiffs agreed to pay $37,661 for the vehicle, including tax and
16 license. Plaintiffs purchased the vehicle for their personal and family use.

17     5.    On November 21, 2006, with the odometer only reading 16,056 miles, Plaintiffs
18 took their vehicle to Weaver and reported that the right front tire was significantly worn. After
19 examining Plaintiffs' vehicle, the representative from Weaver determined that the inner edge of
20 the tire was worn and that the cord was showing. This premature and uneven tire wear was the
21 result of the tire grazing the vehicle's strut during normal operation and use by Plaintiffs.
22 Weaver replaced the tire and performed an alignment, at a cost to Plaintiffs of $295.01.

23     6.    Shortly thereafter, Mr. O'Connor telephoned GM's Customer Service Department
24 and complained that he should not have been required to pay for the prematurely worn tire
25 because its replacement was necessitated by a defect with the vehicle. Although GM's
26 representative first denied any responsibility during the telephone call, subsequently, another GM
27 representative telephoned Mr. O'Connor and offered to pay $147.50, which amounted to fifty
28 percent (50%) of the cost of the new tire and alignment. Mr O'Connor responded that he should

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A -
Plaintiffs Class Action Complaint    Pg 4 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 3 of 11

1 | not be responsible for any of the costs incurred as a result of the defect.

2 |       7.      Defendant provided Plaintiffs and each owner and lessee of the subject vehicles with a 3 year, 36,000 mile bumper-to-bumper factor warranty. Defendant's express warranty, in pertinent part, provides:

> The warranty covers repairs to correct any vehicle defect related to materials or workmanship occurring during the warranty period.
>
> \*   \*   \*   \*   \*   \*   \*
>
> Warranty repairs, including towing, parts, and labor, will be made at no charge.
>
> \*   \*   \*   \*   \*   \*   \*
>
> The tires supplied with your vehicle are covered against defects in material or workmanship under the Bumper-to-Bumper coverage. Any tire replaced will continue to be warranted for the remaining portion of the Bumper-to-Bumper coverage period.

Under this warranty, Defendant was obligated, *inter alia*, (1) to replace Plaintiffs' prematurely worn tire at no charge; (2) to perform the alignment, which was necessitated by the defect, at no charge; and (3) to repair the defect at no charge. Defendant has these same obligations with respect to Plaintiffs and all Class members, but has failed to satisfy these obligations.

      8.      On or about March 23, 2007, Plaintiffs sent a letter to GM demanding that it provide appropriate relief to Plaintiffs and the proposed Class members, but Defendant has refused to provide full and complete relief to Plaintiffs and Class members.

      9.      Plaintiffs have been damaged and suffered injury in fact as a result of Defendant's conduct, including, but not limited to, having to pay for a replacement tire and alignment due to the defect with the vehicle, and by purchasing a vehicle with diminished value as a result of the defect. The other owners of the subject vehicles have, or will, suffer the same or substantially similar damages as a result of Defendant's conduct.

      10.     By this action, Plaintiffs seek relief under the Unfair Competition Law ("UCL" or Section 17200), California Business & Business Code § 17200, the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Civil Code § 1790 *et seq.*, and the California Commercial Code § 2313.

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A -
Plaintiffs Class Action Complaint    Pg 5 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 4 of 11

## PARTIES

11. Plaintiffs are, and at all times relevant to this action have been, residents of Rocklin, California.

12. Defendant, GM, is a Delaware corporation that does business throughout this judicial district.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the Class members and Defendant are citizens of different states.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendant engages in business activities throughout this judicial district, many of the acts complained of took place within this district, Plaintiffs reside in this district, and numerous Class members reside in this district.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs request that this Court certify the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All current and former owners and lessees of model year 2004 and 2005 Pontiac GTOs purchased or leased in the State of California (the "Class").

Excluded from the Class definition are officers and employees of GM, its subsidiaries and its dealers, anyone sustaining personal injuries as a result of the defect alleged herein, as well as any judge to whom this action is assigned.

16. This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Rules of Civil Procedure. This action satisfies the requirements of numerosity, typicality, adequacy, predominance and superiority.

17. <u>Numerosity</u>. On information and belief, the members of the Class number in at least the thousands. As a result, the Class is so numerous that joinder of all members in a single action is impracticable. The members of the Class are readily identifiable from information and

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A - Plaintiffs Class Action Complaint    Pg 6 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 5 of 11

records maintained or available to GM.

18. <u>Commonality and Predominance</u>. There is a well-defined community of interest among the Class members. Common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions do not vary among members of the Class and may be determined without reference to the individual circumstances of the members of the Class. These common questions include, but are not limited to, the following:

   a. Whether the subject vehicles are defective;
   b. Whether GM's conduct violated the UCL;
   c. Whether GM breached its express warranty;
   d. Whether GM breached its implied warranty;
   e. Whether GM concealed the defect from Plaintiffs and Class members; and
   f. Whether, as a result of GM's misconduct, Plaintiffs and the Class members are entitled to damages, restitution, and equitable relief, and, if so, the amount and nature of such relief.

19. <u>Typicality</u>. The representative Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all members of the Class were injured by the same wrongful practices in which GM engaged and are based on the same legal theories. The only differences may be the amount of damages sustained by each Class member, which can be determined readily, and does not bar class certification.

20. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent the Class. Plaintiffs understand the nature of the claims herein, as well as their role in the proceedings, and will vigorously represent the interests of the Class. Plaintiffs have retained Class counsel who are experienced and qualified in prosecuting class actions and other forms of complex litigation. Neither Plaintiffs nor their attorneys have interests that are contrary to or conflict with those of the Class.

21. <u>Superiority/Manageability</u>. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of the members of the Class would be economically unfeasible and procedurally

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A - Plaintiffs Class Action Complaint    Pg 7 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 6 of 11

1 impracticable. While the aggregate damages sustained by the Class are likely millions of dollars,
2 the individual damages incurred by each member resulting from GM's wrongful conduct are too
3 small to warrant the expense of individual lawsuits. The likelihood of individual members of the
4 Class prosecuting separate claims is remote and, even if every person could afford individual
5 litigation, the court system would be unduly burdened by individual litigation of such cases.
6 Individual members of the Class do not have significant interest in individually controlling the
7 prosecution of separate actions, and individualized litigation would also present the potential for
8 varying, inconsistent, or contradictory judgments. Plaintiffs know of no difficulty to be
9 encountered in the management of this action that would preclude its maintenance as a class
10 action.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE SONG-BEVERLY ACT - EXPRESS WARRANTY

22. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

23. Plaintiffs' vehicle and the subject vehicles are and, at all pertinent times, were new motor vehicles within the meaning of the Song-Beverly Act.

24. As an express warrantor and manufacturer, Defendant had certain obligations under the Song-Beverly Act to conform the subject vehicles to the express warranty that accompanied the subject vehicles.

25. The express warranty applicable to the subject vehicles specifically required Defendant to replace all of the tires each time the tires were worn prior to 36,000 miles or 3 years, or otherwise prematurely worn as a result of a defect with the subject vehicles and/or the tires themselves, and to pay for any related repairs on the subject vehicles (such as alignment), as well as to repair the defect causing the premature and uneven tire wear.

26. Defendant and its agent dealers have been unable to conform Plaintiffs' vehicle and the subject vehicles of the Class members to the express warranty after a reasonable number of attempts at repair.

27. At all pertinent times, Defendant knew and was aware of its obligations under its

warranty to pay for new tires (and resulting necessary services - such as alignment), which were damaged by the defect(s) described herein. Defendant, however, willfully refused to pay for the new tires, repairs and services as required under the warranty.

28. Defendant knew of its obligations under its warranty to repair the defect to the subject vehicles as described herein. Defendant, however, has refused to remedy the defect.

29. Defendant and its agent dealers have failed and refused to conform the subject vehicles to its warranties and Defendant's conduct has voided any attempt on its part to disclaim liability for its actions.

30. Plaintiffs have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct.

31. Plaintiffs and Class members are entitled to all remedies available under the Song-Beverly Act for breach of express warranty.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE SONG-BEVERLY ACT - IMPLIED WARRANTY

32. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

33. At all pertinent times, Defendant also was a merchant in the sale of the subject vehicles to Plaintiffs and the Class members and, by operation of law, Defendant provided Plaintiffs and the Class members with an implied warranty of merchantability in the sale and lease of the subject vehicles.

34. Plaintiffs' vehicle and the subject vehicles are not fit for the ordinary purposes for which such automobiles are used, because the premature tire wear caused by the condition at issue results in the occupants of the subject vehicles being forced to drive on significantly impaired tires, or face the risk of having to do so, which does not meet with the reasonable expectations of Plaintiffs or any other owners and lessees as to the manner in which the subject vehicles should perform when used for their ordinary purposes, because the manner in which the subject vehicles perform is so deficient and below a minimum level of quality so as to render

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A -
Plaintiffs Class Action Complaint    Pg 9 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 8 of 11

1  them unfit for their ordinary use and purpose. Moreover, as a result of the premature tire wear
2  caused by the condition at issue, the subject vehicles are not capable of providing reliable
3  transportation since they are highly susceptible to suffering flat and failing tires, in light of the
4  defect described herein.

5      35.    By marketing and selling the subject vehicles with the condition described in this
6  Complaint, as well as by failing to repair the subject vehicles, perform necessary alignments and
7  replace tires as needed, Defendant breached the implied warranty of merchantability.

8      36.    Plaintiffs and the Class members have been damaged as a result of Defendant's
9  breach of the implied warranty of merchantability.

10     37.    Plaintiffs and Class members are entitled to all remedies available under the Song-
11  Beverly Act for breach of implied warranty.

**THIRD CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**

14     38.    Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth
15  herein.

16     39.    As an express warrantor and manufacturer, GM had certain obligations under the
17  California Commercial Code § 2313 to conform the subject vehicles to the express warranty.

18     40.    Defendant's express warranty covered the subject vehicles.

19     41.    Pursuant to the express warranty, Defendant was obligated to pay for (or
20  reimburse) Class members for costs incurred in replacing the prematurely worn tires.

21     42.    Pursuant to the express warranty, Defendant also was obligated to repair the
22  defect causing the tires to wear prematurely.

23     43.    Defendant and its agent dealers have failed and refused to conform the subject
24  vehicles to the express warranty and Defendant's conduct has voided any attempt on its part to
25  disclaim liability for its actions.

26     44.    GM knew of its obligations under its warranty to pay to replace the prematurely
27  worn tires, which resulted from the defect described herein. GM, however, willfully refused to
28  pay for the new tires as required under the warranty.

09-50026-mg   Doc 4777-2   Filed 01/11/10   Entered 01/11/10 18:25:59   Exhibit A -
Plaintiffs Class Action Complaint   Pg 10 of 12

Case 2:07-cv-00892-FCD-GGH   Document 1   Filed 05/10/2007   Page 9 of 11

45. GM knew of its obligations under its warranty to repair the defect to the subject vehicles as described herein. GM, however, has refused to remedy the defect.

46. Plaintiffs have performed each and every duty required of them under the terms of the warranty, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct.

47. In addition, Defendant has received, on information and belief, hundreds, if not thousands, of complaints and other notices from consumers advising them of the defects associated with the tires on the subject vehicles.

48. As a result of Defendant's breach of express warranties, Plaintiffs and the other members of the Class have suffered damages.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE UCL

49. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

50. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

51. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Section 17200.

52. Defendant's conduct of marketing, distributing and selling the subject vehicles when Defendant knew that the subject vehicles had a defect that would cause the tires to experience uneven and premature wear, and even complete failure, was an unfair, unlawful and fraudulent business practice within the meaning of Section 17200.

53. Defendant's challenged policies and practices cause harm to victims (here, the Class), which outweighs any purported benefit attributable to these policies and practices.

54. Defendant's challenged conduct has deceived and/or is likely to deceive members of the consuming public and impact the public interest.

55. Defendant's acts and practices are unlawful because they violate Civ. Code §§ 1572, 1709, 1710, 1770 *et seq.*, 1790 *et seq.*, California Commercial Code § 2313, and because

09-50026-mg    Doc 4777-2    Filed 01/11/10    Entered 01/11/10 18:25:59    Exhibit A -
Plaintiffs Class Action Complaint    Pg 11 of 12

Case 2:07-cv-00892-FCD-GGH    Document 1    Filed 05/10/2007    Page 10 of 11

1 | they rise to the level of the breach of the implied warranty of merchantability.

56. To the extent that Defendant's offer to pay fifty percent (50%) of the cost of Plaintiffs' tire and alignment reflected its adoption or implementation of an "adjustment program" within the meaning of the California Secret Warranty Act, Civ. Code § 1795.92, Defendant's failure to provide notice to Plaintiffs and the Class violated the Secret Warranty Act.

57. Defendant's violations of Section 17200 continue through the date of this Complaint's filing and, absent a Court order, Defendant will not comply with its obligations under Section 17200.

58. Plaintiffs and members of the Class have suffered injury in fact as a result of the above-described acts and practices.

59. Plaintiffs, on behalf of themselves and the Class, seek an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under Section 17200, plus interest, attorneys' fees and costs, pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant providing the following relief:

A. An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B. Restitution and disgorgement to the extent permitted by applicable law, together with interest thereon from the date of payment, to the victims of such violations;

C. Actual damages for injuries suffered by Plaintiffs and the Class;

D. Civil penalties and punitive damages to the extent permitted by applicable law;

E. To the extent that GM has continued to market and sell the subject vehicles in the manner challenged in this action, an order requiring GM to immediately cease its wrongful conduct as set forth above, as well as enjoining GM from continuing to conduct business via the unlawful and unfair business acts and practices complained of herein; an order requiring GM to engage in a corrective notice campaign; and an order requiring GM to refund to Plaintiffs and all

1 | members of the Class the funds paid to GM for the defective product;

2 |     F.    Reasonable attorneys' fees and the costs of prosecuting this action;

3 |     G.    Statutory pre-judgment and post-judgment interest; and

4 |     H.    Such other and additional relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Dated: May 10, 2007

By: /s/ Mark F Anderson

Mark F Anderson (SBN 44787)
Matthew Da Vega (SBN 195443)
KEMNITZER, ANDERSON, BARRON &
OGILVIE, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Email: mark@kabolaw.com
Email: matthew@kabolaw.com

James E. Miller
Karen M. Leser (SBN 231189)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Email: jmiller@sfmslaw.com
Email: kleser@sfmslaw.com

James C. Shah
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Email: jshah@sfmslaw.com

Attorneys for Plaintiffs