Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                      :
                  Debtors.            :    (Jointly Administered)
                                      :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF DEBTORS**
**FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a) AND**
**GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION**

PLEASE TAKE NOTICE that upon the annexed Motion, dated January 11, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**")

and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order,

pursuant to section 105(a) of title 11, United States Code and General Order M-390, for

authorization to implement alternative dispute resolution procedures, all as more fully set forth in

the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **February 10, 2010 at 9:45**

**a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE that you may be receiving this Notice because you are the holder of an unliquidated claim against the Debtors (a claim that is not fixed in an amount) or a claim against the Debtors that arises out of (a) personal injury, (b) wrongful death, (c) tort, (d) product liability, (e) rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code, (f) indemnity, (g) lemon law violation to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "MPA"), (h) breach of warranty to the extent applicable under section 6.15 of the MPA, (i) environmental claim that constitutes a prepetition unsecured claim, (j) tax claim, and (k) class action claim.**

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (viii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **February 3, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
     January 11, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: February 10, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 3, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                Debtors.                :        (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## MOTION OF DEBTORS FOR ENTRY OF ORDER
## PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390
## AUTHORIZING IMPLEMENTATION OF ALTERNATIVE
## <u>DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION</u>

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................. i

Summary of Relief Requested ..................................................................................1

Jurisdiction ...............................................................................................................3

Background ...............................................................................................................3

Claims Subject to ADR Procedures .........................................................................4

The Capping Procedures ..........................................................................................5

Summary of the Proposed ADR Procedures ............................................................6

Multiple Locations .................................................................................................14

Selection of Mediators ...........................................................................................14

Retention of American Arbitration Association .....................................................14

Basis for Relief Requested .....................................................................................15

Conclusion ..............................................................................................................16

Notice .....................................................................................................................17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Adelphia Commc'ns Corp)*, 368 B.R. 140 (Bankr. S.D.N.Y. 2007) ........................16

*Adelphia Commc'ns Corp. v. The Am. Channel (In re Adelphia Commc'ns Corp)*,
   345 B.R. 69 (Bankr. S.D.N.Y. 2006) ...........................................................15

*Lyondell Chemical Co. v. Centerpoint Energy Gas Servs. Inc. (In re Lyondell
   Chemical Co.)*, 402 B.R. 571 (Bankr. S.D.N.Y. 2009)................................15

*Nat'l Broad. Co., Inc. v. Bear Stearns & Co., Inc.*, 165 F.3d 184 (2d Cir. 1999) ............15

## FEDERAL STATUTES AND RULES

9 U.S.C. § § 1, *et seq.*................................................................................10

11 U.S.C. § 105 ........................................................................................15

11 U.S.C. § 105(a) ............................................................................1, 15, 16

11 U.S.C. § 105(d)(2) ...............................................................................15

11 U.S.C. § 362.............................................................................5, 13 n.13

11 U.S.C. § 365...........................................................................................5

11 U.S.C. § 365(b)(2)(D) .....................................................................11 n.2

11 U.S.C. § 502(b)................................................................................11 n.2

11 U.S.C. § 506(b) ...............................................................................11 n.2

28 U.S.C. § 157..........................................................................................3

28 U.S.C. § 157(b) .....................................................................................3

28 U.S.C. § 157(b)(5) .........................................................................13 n.14

28 U.S.C. § 1334.......................................................................................3

28 U.S.C. § 1334(c) ..................................................................................12

Fed. R. Evid. 408 .................................................................................6 n.8

Fed. R. Bankr. P. 9006(a) ....................................................................7 n.10

## MISCELLANEOUS

General Order M-211................................................................................15

General Order M-390..................................................................................1

i

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

### Summary of Relief Requested

1.       As the Debtors continue down the path of winding down their affairs, they

are motivated to resolve claims and distribute the proceeds from the sale of the Debtors'

businesses pursuant to a confirmed chapter 11 plan as efficiently and expeditiously as possible.

With the recent passage of the November 30, 2009 bar date for the filing of claims against four

of the Debtors (the "**Initial Debtors**"),[1] the Debtors now face over 68,000 proofs of claim, a

large number of which are either unliquidated or have an excessive claim amount.  These factors

undermine the Debtors' duty to distribute meaningful value to their creditors in an acceptable

timeframe.

2.       Accordingly, by this Motion, pursuant to section 105(a) of title 11, United

States Code (the "**Bankruptcy Code**") and the Court's General Order M-390 (the "**Standing**

**Order**"), the Debtors request the implementation of the alternative dispute resolution procedures

described herein (the "**ADR Procedures**") to facilitate the efficient resolution of a large number

of the unliquidated and/or litigation claims (collectively, the "**Unliquidated/Litigation Claims**")

filed against them.  The proposed ADR Procedures are designed to promote the efficient

resolution of each Unliquidated/Litigation Claim that is selected by the Debtors (each a

"**Designated Claim**") without full-blown litigation, while safeguarding the procedural rights of

---

[1]       The Initial Debtors are comprised of (i) Motors Liquidation Company (f/k/a/ General Motors Corporation);
(ii) MLCS, LLC (f/k/a Saturn, LLC); (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation);
and (iv) MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

the holders of these claims (the "**Designated Claimants**") and the Debtors.  The proposed ADR

Procedures provide a structure that will (a) promote direct settlement discussions and exchange

of information between the parties; and (b) absent a settlement as a result of direct discussions

between the parties, promote resolution of the Designated Claims through mediation or

arbitration with the assistance of a neutral outside party.  The Debtors propose to implement the

ADR Procedures on the terms set forth on **Exhibit A** annexed hereto and incorporated herein by

reference.

3.      Furthermore, to accelerate the transfer of value to the Debtors' creditors,

the Debtors request the establishment of a procedure (the "**Capping Procedure**," and together

with the ADR Procedures, the "**Procedures**") whereby those holders of Unliquidated/Litigation

Claims who agree to cap their total claim amount at a level acceptable to the Debtors within 30

days of the entry of the order approving these ADR Procedures (the "**ADR Order**"), will have

the *first* opportunity to attempt consensual resolution and allowance of their claims under the

ADR Procedures.

4.      Without the implementation of the Procedures, the Debtors may be forced

to individually litigate the Unliquidated/Litigation Claims.  This would unduly delay the

resolution of these chapter 11 cases and the reconciliation of these claims, possibly for years,

deplete the assets of the estates, reduce initial distribution to holders of allowed claims, and

consume substantial resources of the judiciary.  The sheer magnitude of the

Unliquidated/Litigation Claims, coupled with their aggregate claim amount (approximately $217

billion), will, if not resolved expeditiously and economically, drain the Debtors' remaining assets

and jeopardize creditor recoveries.  Absent the Procedures, the full scale litigation of these

Unliquidated/Litigation Claims will unnecessarily consume tens of thousands of judicial hours

and cause the expenditure of hundreds of millions of dollars of the estate.  Moreover, individual

creditors will have to wait in line to litigate their Unliquidated/Litigation Claims, *perhaps for*

*years*, while not having the ability to monetize their Unliquidated/Litigation Claims.

5.    The Debtors have consulted with the statutory committee of unsecured

creditors (the "**Creditors' Committee**") and with the self-styled "Ad Hoc Committee of

Consumer Victims of General Motors," whose members include tort and personal injury

claimants throughout the country, to address their concerns in advance.  The Debtors are hopeful

that the Procedures will create an environment where a substantial portion of the

Unliquidated/Litigation Claims can be resolved with little expenditure of resources that

otherwise would be dilutive of creditors' recoveries.  If the Procedures are not approved or are

not successful, the Debtors may need to request supplemental or different relief in order to

address this major obstacle to the Debtors' confirmation and effective implementation of a

chapter 11 plan.

## Jurisdiction

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

7.    On June 1, 2009, the Initial Debtors each commenced voluntary cases

under chapter 11 of the Bankruptcy Code (the "**Initial Debtors' Commencement Date**"), and

on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[2] each commenced

voluntary cases under chapter 11 of the Bankruptcy Code (the "**Realm/Encore Debtors'**

**Commencement Date**," and together with the Initial Debtors' Commencement Date, the

---

[2]    The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., Case No. 09-50029
and Environmental Corporate Remediation Company, Inc., Case No. 09-50030.

"**Commencement Dates**") which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009, as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors' Bar Date**").  On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010, as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010, as the deadline to file proofs of claim).

8.    As of the Initial Debtors' Bar Date, the Debtors have received over 68,000 proofs of claim of which, over 30,000 are litigation related.  The aggregate amount of all claims filed to date exceeds $217 billion.

**Claims Subject to the ADR Procedures**

9.    The Designated Claims are any and all claims, other than Excluded Claims (as defined below), (i) for which the Debtors, in their business judgment and sole discretion, believe the ADR Procedures would promote resolution and serve the intended objectives of the ADR Procedures, and (ii) that the Debtors designate by the notice procedures set forth in the ADR Procedures.  Designated Claims may include, without limitation, (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code, (f) indemnity claims, (g) lemon law claims to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims to the extent applicable under section 6.15 of the MPA, (i) environmental claims that

constitute prepetition unsecured claims, (j) tax claims and (k) class action claims. Excluded

claims (the "**Excluded Claims**") not subject to the ADR Procedures include (i) claims for which

the automatic stay under section 362 of the Bankruptcy Code was modified by prior order of the

Court to allow the litigation of the claim to proceed in another forum, (ii) claims asserted in

liquidated amounts of $500,000 or less, (iii) asbestos-related claims (other than indemnity

claims), and (iv) claims subject to a separate order of the Bankruptcy Court providing for

arbitration or mediation.

### The Capping Procedures

10.     The Debtors recognize that there are too many Unliquidated/Litigation

Claims to designate for mediation immediately after approval of this Motion. In thinking about

the fairest way of staging this major effort, the Debtors determined that the estate's interest is in

maximizing initial distributions to holders of allowed claims and minimizing the segregation of

estate assets in disputed claims reserves. Those holders of Unliquidated/Litigation Claims that

are willing to review their Unliquidated/Litigation Claims and cap them at a reasonable amount

would be providing a service to all other creditors and should be incentivized to do so.[3] On the

other hand, those holders that continue to assert an unliquidated Unliquidated/Litigation Claim or

an Unliquidated/Litigation Claim with a face amount that is not representative of the potential

underlying liability will be putting the Debtors in a position where they may need to expend

efforts and resources to estimate such claims prior to emergence from chapter 11.[4] Thus, the

Debtors propose the following Capping Procedures:

---

[3] Among other incentives, the Debtors propose to pay for the fees and expenses of the mediation instead of sharing those costs with the Designated Claimant.

[4] Of course, the Debtors will also consider for immediate designation those Unliquidated/Litigation Claims that have initially been filed in a reasonable amount based on the assumption that resolution on an agreed basis is likely to occur.

(a) Within 30 days from the entry of the ADR Order, any holder of an Unliquidated/Litigation Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**")[5] to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**").

(b) Upon receiving a Capping Proposal Letter, the Debtors will, to the extent such Claim Amount Cap is accepted, initiate the ADR Procedures[6] by designating the claim in accordance with the ADR Procedures and shall indicate in the ADR Notice (as defined below) that the Claim Amount Cap has been accepted. At such time, the Claim Amount Cap will become binding on the claimant, and the ultimate value of his or her claim will not exceed the Claim Amount Cap. To the extent the Debtors accept the Claim Amount Cap, the Debtors will pay for all of the Mediator's (as defined below) fees and costs associated with any subsequent mediation.

(c) If the Claim Amount Cap is not accepted, the Debtors shall notify the claimant that the Claim Amount Cap has been rejected and the Claim Amount Cap shall not bind any party and shall not be admissible to prove the amount of the claim. In all respects, the Debtors will be free to resort to such other relief as available under the Bankruptcy Code to address the claim, including the ADR Procedures.

### **Summary of the ADR Procedures**[7]

(a)    Offer Exchange Procedures. The first stage of the ADR Procedures requires the parties to exchange settlement offers[8] as follows (the "**Offer Exchange Procedures**"):

---

[5] The form of the Capping Proposal Letter is annexed hereto as **Exhibit B** and incorporated herein by reference. Although the Debtors anticipate that the Capping Proposal Letter will be substantially in the form of Exhibit B, the Debtors reserve the right to modify the Capping Proposal Letter, as necessary or appropriate, consistent with the terms of the Capping Procedures.

[6] If the Debtors do not accept the proposed cap, they are not obliged to initiate the ADR Procedures.

[7] The description of the ADR Procedures contained herein is intended to be a summary for the convenience of the Court and parties in interest and is not intended to modify any of the ADR Procedures set forth more fully in Exhibit A hereto. As such, the descriptions of the ADR Procedures in this Motion are qualified in all respects by the terms of Exhibit A. In the event of any conflict between the text of this Motion and Exhibit A hereto, Exhibit A shall govern.

[8] Rule 408 of the Federal Rules of Evidence shall apply to the ADR Procedures. Except as permitted by Rule 408, no person may rely on or introduce as evidence in connection with any arbitral, judicial, or other proceeding, any offers, counteroffers, or any other aspects of the ADR Procedures.

- <u>Designation of Claims for ADR Procedures</u>.  At any time following the entry of the ADR Order, the Debtors may designate a Designated Claim for resolution through the ADR Procedures by serving the Designated Claimant the following materials (collectively, the "**ADR Materials**")[9]: (i) a notice that the Designated Claim has been submitted to the ADR Procedures (an "**ADR Notice**"), (ii) a copy of the ADR Order, and (iii) a copy of the ADR Procedures as set forth on Exhibit A.

- <u>ADR Notice</u>.  The ADR Notice will (i) request that the Designated Claimant verify or, as needed, correct, clarify, or supplement certain information regarding the Designated Claim; and (ii) include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along with the Claimant's Response (as defined below) to the Debtors so that it is received by the Debtors no later than 21 days[10] after the mailing of the ADR Notice (the "**Settlement Response Deadline**").  Failure to sign and return the ADR Notice or to include the Claimant's Response with the returned ADR Notice by the Settlement Response Deadline will result in (i) the Offer Exchange Procedures being terminated with respect to the Designated Claim, and (ii) the Designated Claim will be submitted to nonbinding mediation.

- <u>The Claimant's Response</u>.  The only permitted responses to a Settlement Offer (the "**Claimant's Response**") are (i) acceptance of the Settlement Offer or (ii) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**").  Failing to provide a Claimant's Response shall not excuse the Designated Claimants from complying with the ADR Order and participating in mandatory mediation.

- <u>The Counteroffer</u>.  A Counteroffer shall (i) provide sufficient facts as well as documents for the Debtors to evaluate and substantiate the value of the Designated Claim; (ii) state the proposed dollar amount of the Designated Claim (the "**Proposed Claim Amount**"), which may not (A) improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim Amount Cap, if applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an explanation of the calculation and basis for the Proposed Claim Amount; and (iii) provide the name and address of counsel representing the Designated Claimant with respect to

---

[9] For transferred claims, the Debtors also will serve a copy of the ADR Materials on the transferee identified in the notice of transfer of claim.

[10] Bankruptcy Rule 9006(a) will apply to all time periods calculated in the ADR Procedures.

the Designated Claim, unless the Designated Claimant is a natural person, in which case the Designated Claimant shall either provide the name of such counsel or state that he or she is appearing without counsel. The Counteroffer is presumed to offer the allowance of the Designated Claim as a general unsecured claim in the Proposed Claim Amount against the Debtor identified in the applicable proof of claim. If the Debtors accept the Counteroffer, the Designated Claimant shall not seek recovery from the Debtors of any consideration other than the consideration ultimately distributed to holders of other allowed general unsecured claims against the relevant Debtor. A Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority.

- <u>Consent to Subsequent Binding Arbitration</u>. In the absence of a settlement at the conclusion of the Offer Exchange Procedures, Designated Claims shall be submitted to nonbinding mediation and, if such mediation is unsuccessful, upon consent of the parties, to binding arbitration. A Designated Claimant is required to notify the Debtors when it returns the ADR Notice whether it does not consent to, and thereby seeks to opt out of, binding arbitration in the event that its Designated Claim ultimately is not resolved through the Offer Exchange Procedures and the nonbinding mediation. Any Designated Claimant that does not consent to binding arbitration when it returns the ADR Notice may later consent in writing to binding arbitration, subject to the agreement of the Debtors. Consent to binding arbitration, once given, cannot subsequently be withdrawn without consent of the Debtors.

- <u>The Debtors' Response to a Counteroffer</u>. The Debtors must respond to any Counteroffer within 15 days after receipt of the Counteroffer (the "**Response Deadline**") by returning a written response (a "**Response Statement**") indicating that the Debtors (i) accept the Counteroffer; or (ii) reject the Counteroffer, with or without making a revised Settlement Offer (each a "**Revised Settlement Offer**"). If the Debtors fail to respond to the Counteroffer by the Response Deadline, (x) the Counteroffer will be deemed rejected by the Debtors; (y) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim; and (z) the Designated Claim will be submitted to the Mediation Stage (as hereinafter defined).

- <u>Revised Settlement Offer</u>. If the Debtors make a Revised Settlement Offer by the Response Deadline, the Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than 10 days after the date of service of the Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**"). If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim will be submitted to the Mediation Stage.

- <u>Request for Additional Information</u>.  The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation of any particular Designated Claim.  If the Debtors request additional information or documentation by the Response Deadline, the Designated Claimant shall serve such additional information or documentation in the Designated Claimant's (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation) of so that it is received by the Debtors within 15 days after such request.  If the Designated Claimant timely responds, the Debtors shall have 15 days to provide an amended Response Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer.  If the Debtors do not provide an amended Response Statement within this period, or if the Designated Claimant fails to provide the requested information or documentation within the time allotted, the Designated Claim will be submitted to the Mediation Stage.

(b)     <u>Offer Exchange Termination Date</u>.  Upon mutual written consent, the Debtors and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers for a limited timeframe defined in the ADR Procedures.  Otherwise, the "**Offer Exchange Termination Date**" will be the earliest to occur of: (i) the date upon which the Designated Claim automatically advances to the Mediation Stage; (ii) the date that any Settlement Offer for a Designated Claim is accepted or deemed accepted; (iii) the date upon which a Response Statement was served by the Debtors, if the Debtors notified the Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to the Mediation Stage; or (iv) such earlier date as is agreed upon by the Debtors and the Designated Claimant.

(c)     <u>Nonbinding Mediation</u>.  After completion of the Offer Exchange Procedures, any Designated Claims subject to the ADR Procedures that remain unresolved will be submitted to mediation (the "**Mediation Stage**") on the following terms:

- <u>The Mediation Notice</u>.  The Debtors shall serve a notice of mediation (the "**Mediation Notice**") on the Designated Claimant no later than 30 days

after the Offer Exchange Termination Date, or as soon thereafter as is reasonably practicable.

- <u>Mediation Procedures</u>.  The ADR Procedures set forth in detail the procedures for appointment of a mediator, briefing, mediation sessions and related matters.

- <u>Fees and Expenses</u>.  Except for those Designated Claims for which the Debtors have accepted the Claim Amount Cap or as otherwise agreed, the mediator's fees and the costs[11] of any mediation will be shared equally by the Debtors and the Designated Claimant.

(d)    <u>Arbitration</u>.  At the Debtors' sole discretion, after completion of the Mediation Stage, and to the extent a Designated Claimant has consented or is deemed to have consented, any Designated Claims subject to the ADR Procedures that remain unresolved may be submitted to binding arbitration on the following terms:

- <u>The Arbitration Notice</u>.  The Debtors will serve a notice of arbitration (the "**Arbitration Notice**") with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").

- <u>Arbitration Procedures</u>.  The ADR Procedures set forth in detail the procedures for appointment of the arbitrator(s), briefing, pre-hearing matters, arbitration hearings, awards, and related matters.

- <u>Fees and Expenses</u>.  The fees of the AAA and the arbitrator(s) and the costs of any binding arbitration proceeding will be shared equally by the Debtors and the Designated Claimant, unless otherwise ordered by the arbitrator(s) in accordance with governing law or agreed to by the parties.

- <u>Appeal of Arbitration Awards</u>.  All arbitration awards will be final and binding.  No party will have the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal Arbitration Act, in which case any appeal must be to the United States District Court for the Southern District of New York.  Any appeal will be governed by the Federal Arbitration Act.

- <u>Treatment of Claim under Arbitration Award</u>.  Unless otherwise indicated by the arbitrator(s) in the arbitration award, the Designated Claim for any

---

[11] For purposes of clarity, these costs shall not include travel expenses of the parties.

Arbitration Award shall be a general unsecured claim against the Debtor identified in the Designated Claimant's most recently filed proof of claim prior to the service of the Arbitration Notice.  In all cases, the awarded claim shall be subject to treatment in the Debtors' chapter 11 cases as set forth in a confirmed chapter 11 plan or in such other applicable order of the Bankruptcy Court.  The entry of an Arbitration Award will not grant the Designated Claimant any enforcement or collection rights.[12]

(e)    Settlements.  The ADR Procedures do not limit, expand, or otherwise modify the Debtors' authority to settle claims pursuant to orders of the Bankruptcy Court then in effect, including without limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims Procedures Order**"), and any future order(s) confirming a chapter 11 plan or plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of claims under or in connection with the ADR Procedures shall be approved consistent with the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.  The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to the extent that (a) such approval is required by the terms of the Settlement Authority Orders or (b) the settlement falls outside of the authority granted in the Settlement Authority Orders and otherwise requires Bankruptcy Court approval.

(f)    ADR Injunction.  Upon service of the ADR Notice on a Designated Claimant, such Designated Claimant (and any other person or entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or

---

[12] The arbitration award may not award the Designated Claimant with: (a) punitive damages; (b) interest, attorneys' fees or other fees and costs, unless permissible under section 506(b) of the Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief, or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable law.

11

proceeding in any manner or any place, including in this Court, seeking to establish, liquidate,

collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than

(i) through the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable

Debtors' chapter 11 cases (collectively, the "**ADR Injunction**").  Notwithstanding the forgoing,

the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to

an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or

plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated

Claimant from seeking estimation of its Designated Claim solely for voting purposes in

connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11

cases.  The ADR Injunction will expire with respect to a Designated Claim only when the

Designated Claim has been resolved or the ADR Procedures have been completed as to that

Designated Claim.

      (g)      <u>Designated Claims Not Resolved Through the ADR Procedures</u>.  If any

Designated Claim is not resolved by the ADR Procedures (an "**Unresolved Designated Claim**"),

litigation of such Unresolved Designated Claim shall proceed in this Court by the Debtors'

commencement of proceedings consistent with the terms, conditions, and limitations set forth in

the Claims Procedures Order, as soon as practicable upon completion of the ADR Procedures for

the Unresolved Designated Claim, to the extent that (i) this Court has subject matter jurisdiction

over the Unresolved Designated Claim and (ii) the Unresolved Designated Claim is not subject

to the abstention provisions of 28 U.S.C. § 1334(c).  If the Unresolved Designated Claim cannot

be adjudicated in this Court as a result of abstention or because of lack of or limitations upon

subject matter jurisdiction (as determined by this Court), then, subject to the terms of Section

II.E.4 of the ADR Procedures,[13] litigation of such Unresolved Designated Claim shall, unless

otherwise provided, proceed in either (i) the nonbankruptcy forum in which the Unresolved

Designated Claim was pending on the date of the Debtors' respective Commencement Date, if

any, subject to the Debtors' right to seek removal or transfer of venue;[14] or (ii) if the Unresolved

Designated Claim was not pending in any forum on the Commencement Date, then in the United

States District Court for the Southern District of New York or such other nonbankruptcy forum

that, as necessary, (A) has personal jurisdiction over the parties, (B) has subject matter

jurisdiction over the Unresolved Designated Claim, (C) has in rem jurisdiction over the property

involved in the Unresolved Designated Claim (if applicable), and (D) is a proper venue.

(h)    <u>Sanctions for Failure to Participate</u>.  For the ADR Procedures to succeed,

the Designated Claims must be resolved equitably according to established procedures.  If some

Designated Claimants were permitted to reject, disregard, or abuse the ADR Procedures, the

goals of the ADR Procedures would be frustrated to the detriment of the Debtors and their

estates.  Accordingly, the ADR Procedures provide that the Bankruptcy Court may, after notice

and a hearing, as a penalty for a Designated Claimant's material noncompliance or failure to

---

[13] Section II.E.4 of the ADR Procedures provides that the automatic stay imposed by section 362 of the Bankruptcy Code or any subsequent injunction pursuant to a confirmed chapter 11 plan (collectively, the "**Stay**") will be modified solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum.  Under the ADR Procedures, no later than 45 days after the conclusion of the mediation session or at such other time as agreed to by the parties, the Debtors will either (a) file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with this Court and serve a copy of such notice on the Designated Claimant or (b) file a motion seeking an order governing the terms upon which the Stay will be modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant.  Furthermore, the Stay will be modified solely to the extent set forth above (a) as of the date that is 45 days after the filing of a Notice of Stay Modification, unless the Court orders otherwise; or (b) as ordered by the Court in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay will remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum.

[14] The Debtors intend to file a motion pursuant to 28 U.S.C. § 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim where the underlying claim is a personal injury claim or a wrongful death claim.

participate in good faith, grant sanctions which could include disallowance and expungement of

the applicable Designated Claims in whole or part, or grant such other or further remedy deemed

just and appropriate under the circumstances, including, without limitation, awarding attorneys'

fees, other fees, and costs to the Debtors.

## Multiple Locations

11.    In an effort to minimize costs for the Designated Claimants, the Debtors

are prepared to conduct both mediation and arbitration proceedings in four different geographic

locations: (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; and (iv) San

Francisco, California (collectively, the "**Mediation and Arbitration Locations**").  A vast

majority of the anticipated Designated Claimants reside near at least one of the Mediation and

Arbitration Locations.  The Debtors are confident that the Mediation and Arbitration Locations

will further induce parties to participate in the ADR Procedures as other relief applicable under

the Bankruptcy Code would require claimants to travel to the Bankruptcy Court in New York for

possibly many days at the Designated Claimants' cost.

## Selection of Mediators

12.    The Debtors are currently evaluating potential mediators to serve on a

panel of mediators at each of the Mediation and Arbitration Locations (collectively, the

"**Mediation Panels**").  To that end, a proposed schedule of mediators will be filed with this

Court (with the curriculum vitae of each proposed mediator available from counsel for the

Debtors upon request) no later than 10 days prior to the hearing.

## Retention of American Arbitration Association

13.    Prior to seeking Court approval of the ADR Procedures, the Debtors

conducted a general search of arbitration service providers and selected the AAA to conduct all

arbitrations under the ADR Procedures based upon a number of factors, including its national

reputation and expertise in alternative dispute resolution.

14.    AAA's rates are competitive with the rates of similar service providers.

The Debtors seek this Court's approval of the retention of AAA to provide services to implement

the ADR Procedures on the terms set forth in the ADR Procedures, which were arrived at

through arm's-length negotiations in good faith.    The Debtors believe these fees are fair and

reasonable and that AAA should be compensated for its services.

### **Basis for Relief Requested**

15.    There is a "strong federal policy favoring arbitration [and mediation] as . .

. alternative means of dispute resolution[s]."    *Nat'l Broad. Co., Inc. v. Bear Stearns & Co. Inc.*,

165 F.3d 184, 190 (2d Cir. 1999).    This policy has been embraced by the Bankruptcy Court by

virtue of adopting the Standing Order where the Bankruptcy Court noted, in an earlier version of

the Standing Order, that "the court wishes to *encourage and promote*, at appropriate stages in

bankruptcy proceedings, *the use of innovative, cost efficient, speedy methods of resolving*

*disputes other than adjudication by a presiding judge.*"    General Order M-211 (emphasis added).

16.    In addition, section 105 of the Bankruptcy Code grants bankruptcy courts

authority to "issue any order, process, or judgment that is necessary or appropriate" to ensure

that bankruptcy cases are "handled expeditiously and economically."    11 U.S.C. §§ 105(a),

(d)(2); *see also Adelphia Commc'ns Corp. v. The Am. Channel (In re Adelphia Comm'ns Corp.)*,

345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) ("Section 105(a) provides broad equitable power for a

[b]ankruptcy Court to maintain its own jurisdiction and to facilitate the [chapter 11] process");

*Lyondell Chemical Co. v. Centerpoint Energy Gas Servs. Inc. (In re Lyondell Chemical Co.)*, 402

B.R. 571 (Bankr. S.D.N.Y. 2009).    The proposed ADR Procedures are modeled after similar

procedures approved in a number of large and complex cases in this district.

17.    Both the Capping Procedures and the ADR Procedures further this well-established federal policy by providing a vehicle for maximization of recoveries for creditors – which is the focus of chapter 11 cases.  *See Adelphia Commc'ns Corp.*, 368 B.R. 140, 273 n.203 (Bankr. S.D.N.Y. 2007) (noting that "[b]ankruptcy judges focus on the *maximization of recoveries* for the creditors in the cases under their watch").

## Conclusion

18.    In light of the size of this historic case and the need for expeditious and equitable resolution of the multitude of disputed, unliquidated, and contingent claims to facilitate confirmation of a feasible plan, the exercise of the Court's broad powers under section 105(a) is both necessary and appropriate.

[*The Remainder of This Page Is Intentionally Left Blank*]

## Notice

19.     Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
        January 11, 2010

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**Exhibit A**
**The ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                           :
In re                                                      :        Chapter 11 Case No.
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,    :        09-50026 (REG)
       f/k/a General Motors Corp., *et al.*       :
                                                           :
                             Debtors.                    :        (Jointly Administered)
                                                           :
-------------------------------------------------------------x

<u>ALTERNATIVE DISPUTE RESOLUTION PROCEDURES</u>

        The alternative dispute resolution procedures (the "**ADR Procedures**") adopted

in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set

forth below:

        I.        **CLAIMS SUBJECT TO THE ADR**
                  **PROCEDURES AND ADR INJUNCTION**

        A.        <u>**Claims Subject to the ADR Procedures**</u>

        1.        The claims subject to the ADR Procedures (collectively, the "**Designated**

**Claims**") include any and all claims (other than an Excluded Claim as defined below) designated

by the Debtors under the notice procedures set forth below that assert or involve claims based on

one or more of the following theories of recovery, whether or not litigation previously has been

commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort

claims, (d) product liability claims, (e) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code,

(f) indemnity claims, (g) lemon law claims, to the extent applicable under section 6.15 of the

Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under

section 6.15 of the MPA, (i) environmental claims that constitute prepetition unsecured claims,

(j) tax claims, and (k) class action claims ("**Class Claims**").  The Debtors may identify as a

Designated Claim any proof of claim asserted in these cases, other than Excluded Claims as

defined in Section I.B below, if the Debtors believe, in their business judgment and sole

discretion, that the ADR Procedures would promote the resolution of such claim and serve the

intended objectives of the ADR Procedures.

      2.     The holders of the Designated Claims are referred to herein as the

"**Designated Claimants**."

**B.**    <u>**Excluded Claims**</u>

      The Debtors shall not identify as a Designated Claim any proof of claim within

any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the

automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**")

was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of

the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or

less; (c) asbestos-related claims (other than indemnity claims); and (d) claims subject to a

separate order of the Bankruptcy Court providing for arbitration or mediation.  Notwithstanding

the foregoing, any of the Excluded Claims, any disputed postpetition administrative expenses,

and any claims or counterclaims asserted by the Debtors may be submitted to the ADR

Procedures by agreement of the applicable Debtor and the applicable claimant or by further order

of the Bankruptcy Court.

**C.**    <u>**The ADR Injunction**</u>

      Upon service of the ADR Notice (as defined below) on a Designated Claimant

under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting

an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**"). Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated Claimant from seeking estimation of its Designated Claim solely for voting purposes in connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases. The ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim. Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

## II.    THE ADR PROCEDURES

### A.    Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange procedures, requiring the parties to exchange settlement offers and thereby providing an opportunity to resolve the underlying Designated Claim on a consensual basis without any further proceedings by the parties (the "**Offer Exchange Procedures**"). Rule 408 of the Federal

Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no

person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other

proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

1. *Designation of Designated Claims and Settlement Offer by the Debtors*

(a)    At any time following the entry of an order approving the ADR

Procedures (the "**ADR Order**") and subject to the terms and conditions in Sections I.A and I.B

above, the Debtors may designate a Designated Claim for resolution through the ADR

Procedures by serving upon the Designated Claimant, at the address listed on the Designated

Claimant's most recently filed proof of claim or amended proof of claim, as well as to any

counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[1] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

(b)    The ADR Notice will (i) advise the Designated Claimant that his or her

Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the

Designated Claim (including the addresses for notices under the ADR Procedures); and (iii)

include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The

ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along

with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is

---

[1] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  Although the Debtors anticipate that the ADR Notice will be substantially in the form of Annex 1, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

received by the Debtors no later than twenty-one (21) days[2] after the mailing of the ADR Notice

(the "**Settlement Response Deadline**").

(c)      If the Designated Claimant fails to sign and return the ADR Notice or to

include a Claimant's Response (as defined below) with the returned ADR Notice by the

Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated

with respect to the Designated Claim and (ii) the Designated Claim will be submitted to

nonbinding mediation.

2.      *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**")

are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a

counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned

without a response or with a response that is not a permitted response, the Designated Claim

shall be treated as set forth in Section II.A.1(c) above.

3.      *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim

and that are sufficient for the Debtors to evaluate the validity and amount of the Designated

Claim; (ii) provide all documents that the Designated Claimant contends support the Designated

Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"),

which may not (A) improve the priority set forth in the Designated Claimant's most recent

timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim

Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the

Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but

---

[2] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an

explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the

name and address of counsel representing the Designated Claimant with respect to the

Designated Claim, unless the Designated Claimant is a natural person, in which case the

Designated Claimant shall either provide the name of such counsel or state that he or she is

appearing without counsel.

       The Counteroffer is presumed to offer the allowance of the Designated Claim as a

general unsecured claim in the Proposed Claim Amount against the Debtor identified in the

applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall

not seek recovery from the Debtors of any consideration other than the consideration ultimately

distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A

Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the

Designated Claim shall be treated as set forth in Section II.A.1(c) above.

       4.      *Consent to Subsequent Binding Arbitration*

       As described in Sections II.B and II.C below, in the absence of a settlement at the

conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding

mediation and, if such mediation is unsuccessful, upon consent of the parties, to binding

arbitration.  A Designated Claimant is required to notify the Debtors whether it consents to, and

thereby seeks to participate in, binding arbitration in the event that its Designated Claim

ultimately is not resolved through the Offer Exchange Procedures and the nonbinding mediation.

A Designated Claimant shall make an election to either consent or not consent to binding

arbitration by checking the appropriate box in the ADR Notice (an "**Opt-In/Opt-Out Election**").

Any Designated Claimant that does not consent to binding arbitration in its response to the ADR

Notice may later consent in writing to binding arbitration, subject to the agreement of the

Debtors.  Consent to binding arbitration, once given, cannot subsequently be withdrawn without consent of the Debtors.

5.        *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as further defined below, each a "**Response Statement**").  The Response Statement shall indicate that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without making a revised Settlement Offer (a "**Revised Settlement Offer**").

(a)        *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline, (i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim will be submitted to nonbinding mediation.

(b)        *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than ten (10) days after the date of service of the Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim automatically will be submitted to nonbinding mediation.

(c)        *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation

of any particular Designated Claim.  If the Debtors request additional information or

documentation by the Response Deadline, the Designated Claimant shall serve such additional

information or documentation (with the exception, in the Designated Claimant's sole discretion,

of privileged information or information prepared expressly in contemplation of litigation) so

that it is received by the Debtors within fifteen (15) days after such request.  If the Designated

Claimant timely responds, the Debtors shall have fifteen (15) days to provide an amended

Response Statement, which may include a Revised Settlement Offer as a counter to the

Counteroffer.  If the Debtors do not provide an amended Response Statement within this period,

or if the Designated Claimant fails to provide the requested information or documentation within

the time allotted, the Designated Claim will be submitted to nonbinding mediation.

       6.     *Offer Exchange Termination Date*

      Upon mutual written consent, the Debtors and a Designated Claimant may

exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days

after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the

applicable timeframes provided for in Section II.A.5(c) above with respect to requesting,

receiving, and responding to additional information or documentation.  Otherwise, the Offer

Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer

Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically

advances to nonbinding mediation under the provisions set forth above; (ii) the date that any

settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the

date upon which a Response Statement was served by the Debtors, if the Debtors notified the

Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to

nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the

Designated Claimant.

7.    *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time.  All such settlements shall be subject to the terms of Section II.D.2 below.

**B.    Nonbinding Mediation ("Mediation")**

1.    *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination Date, or as soon thereafter as is reasonably practicable.[3]  The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

2.    *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Mediation Locations**"), unless the parties agree to a different location.  Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the

---

[3] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference.  The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

Designated Claimant.  Notwithstanding the foregoing, within ten (10) business days after service

of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court,

on notice to the Debtors and any previously appointed mediator, for an order directing that the

Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated

Claimant can demonstrate that traveling to any of the Mediation Locations presents a

"substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that,

absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated

Claimant if the primary representative for a Designated Claimant resides in a location that is less

than 750 miles from the Mediation Location or is less than a three-hour plane trip from the

Mediation Location (based on typical commercial schedules for the fastest route, excluding any

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall

be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by

the Bankruptcy Court, taking into account the convenience of the parties and any agreements

reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in

the original location may be replaced by a Mediator in the new location (selected by mutual

agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that

that the Debtors and the Designated Claimant share the costs of the Mediation.

> 3.    *Mediation Rules*

The Mediation of Designated Claims shall be governed by the Mediator's regular

procedures, except where expressly modified in the ADR Procedures.  In the event of any

conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in

good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

(a)    *Impartiality and Qualifications of Mediators*

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the mediation.

(b)    *Fees and Costs for Mediation*

For each Mediation conducted under these ADR Procedures, the Mediator selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant.  For purposes of clarity, these costs shall not include travel expenses of the parties.

(c)    *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's claims and identifying each and every cause of action or theory the Designated Claimant asserts, including a short and plain statement of the facts and law upon which the Designated Claimant

relies for recovery and maintains entitle it to relief.  The Designated Claimant shall include, as exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous documents), affidavits, and other evidentiary materials on which the Designated Claimant relies. Unless the parties agree otherwise, on or before fifteen (15) days after service of the Opening Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential response statement (the "**Mediation Response Statement**") not to exceed fifteen (15) pages, excluding attachments.  The Debtors shall provide copies of the Opening Statement and Mediation Response Statement to counsel to the statutory committee of unsecured creditors (the "**Creditors' Committee**") upon request, on a confidential basis.  At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

> (d)      *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation session must occur no later than sixty (60) days after the date on which the Mediator is appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel, and insurers (if any).

> (e)      *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does not result in a settlement of the Designated Claim, the Designated Claim shall be subject to Section II.C or II.E below.

(f)    *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

C.    **Arbitration**

1.    *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the Designated Claimant has expressly indicated that it does not consent to binding arbitration in its response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that fails to participate in the arbitration in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

2.    *Arbitration Notice*

To initiate the arbitration process for a Designated Claim, the Debtors shall serve a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").[4]

---

[4] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference.  The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

3.        *Arbitration Rules and Procedures*

For Designated Claims that are not designated by the Debtors as Complex

Designated Claims (as defined below), the arbitration of all Designated Claims shall be

conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the

AAA.  The arbitrator shall be governed by the commercial arbitration rules of the AAA then in

effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in

the ADR Procedures.[5]

The Debtors may, at their discretion, designate certain Designated Claims as

complex designated claims (the "**Complex Designated Claims**").  The arbitration of all

Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant

to the Commercial Arbitration Rules of the AAA.  The AAA Procedures for Large, Complex

Commercial Disputes shall be used for arbitration of all Complex Designated Claims, in addition

to the Commercial Rules of Arbitration.[6]  Finally, the AAA Supplementary Rules for Class

Arbitrations shall also be used for all Class Claims, including those related to class certification

and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for

Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as

defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a

Class Claim is not arbitrable for failure for each class member to have entered into an arbitration

---

[5] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

[6] In the event of any conflict between the AAA Procedures for Large, Complex Commercial Disputes and the ADR Procedures, the ADR Procedures shall control.

agreement, the Court having specifically found that the ADR Procedures are applicable to Class

Claims notwithstanding the absence of a written agreement to arbitrate.[7]

    (a)    *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by

the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "**Federal Arbitration Act**"), and the

enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act,

except as modified herein.

    (b)    *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition

or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs

charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the

Designated Claimant; *provided, however*, that the arbitrator(s), in the arbitrator(s)' sole

discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or

unduly delaying the arbitration process.  The AAA shall submit invoices to the Designated

Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect

and subject to the AAA's ordinary payment terms then in effect.  For purposes of clarity, these

costs shall not include travel expenses of the parties.

    (c)    *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below,

the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person

appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either

from past arbitrations or former employment) in the law that is the subject of the Designated

---

[7] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise

agreed by the parties, in any related matter; and (iv) upon appointment, disclose any

circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator

discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be

replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten

(10) days after such disclosure.

(d)    <em>Time and Location of Arbitration Hearings</em>

All arbitration hearings shall be conducted in either (i) New York, New York; (ii)

Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the

"**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of

arbitration hearings shall give due consideration to the proximity of the Designated Claimant and

to the convenience of the parties to the Arbitration Location.  Within ten (10) days of

appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial

Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the

contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the

arbitration hearings to the same extent the Creditors' Committee would be permitted to

participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b),

or any other applicable section of the Bankruptcy Code.

(e)    <em>Appeals of Arbitration Awards</em>

All arbitration awards shall be final and binding.  Other than the identities of the

applicable Debtors and Designated Claimants, the claims register number(s) assigned to the

applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated

Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed

upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have

the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal

Arbitration Act, in which case any appeal must be to the United States District Court for the

Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act.

The parties shall have ten (10) days from the date the arbitration award is served to appeal such

award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their

chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated

Claim that they deem necessary or appropriate for such purpose.

(f)     *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the

mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall

consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)     *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall

commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of**

**Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to

the Debtors and the applicable Designated Claimant, an identical list of the names of at least

eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[8]  The

Debtors and the applicable Designated Claimant shall have seven (7) business days from the date

this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names

---

[8] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential
arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern.
Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the
arbitrator selection process.

in order of preference, and (iii) return the list to the AAA.  In the event that the Designated

Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to

scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a

Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to the

scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in

accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its

receipt of the applicable Arbitration Notice.

      (h)    *Pre-Hearing Matters*

      Unless otherwise agreed to by the parties, any pre-hearing issues, matters or

disputes (other than with respect to merits issues) shall be presented to the arbitrator(s)

telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for

expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order

that a substantive motion, such as a motion for summary judgment, be heard in person rather

than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits

issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the

arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by

telephonic or electronic communication at least five days prior to the arbitration hearing.

      (i)    *Discovery*

      Unless the Designated Claim is a Complex Designated Claim, there shall be no

interrogatories.  Any requests for production of documents, electronically-stored information and

things ("**Document Requests**") shall be made in writing and shall be limited to no more than

twenty (20) requests, including discrete subparts.  Items requested in the Document Requests

must be produced within thirty (30) days after service of the Document Requests.  All documents

from discovery shall be confidential and shall not be (i) disclosed to any person or party not

participating in the arbitration proceeding or (ii) used for any purpose other than in connection

with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon

request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a

confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i)

for any particular Designated Claim.

        (j)     *Pre-Arbitration Statement*

        Unless otherwise agreed by the parties, on or before ten (10) days prior to the

scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other

party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to

exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the

scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to

exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the

arbitration.

        (k)     *Arbitration Hearing*

        Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein,

the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after

the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties

and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding

anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee,

through its counsel, shall be permitted to attend and participate in the arbitration hearing to the

same extent the Creditors' Committee would be permitted to participate in claims litigation in the

Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of

the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be

submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to

the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

(l)    *Awards*

The arbitrator(s) shall issue a written, reasoned opinion and award (the

"**Arbitration Award**") within fourteen (14) days after the arbitration hearing.  The arbitrator(s)

shall not be compensated for more than eight hours of deliberations on and preparation of the

Arbitration Award for a Designated Claim.  Any Arbitration Award shall be an allowed general

unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no

Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor

identified in the Designated Claimant's applicable proof of claim included with the service of the

Arbitration Notice, unless otherwise ordered by the Bankruptcy Court).  The Arbitration Award

may not award a priority claim or otherwise determine the priority of the claim under the

Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an

Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to

determine that some or all of the Arbitration Award is subject to treatment as a priority claim if

the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR

Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any

Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b)

interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the

Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified

in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the Creditors' Committee shall have the right within thirty (30) days after the issuance of an Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the preceding sentence and obtain the disallowance of any portion of a claim included in an Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s) confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court. The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or collection rights.

> **D.**      **Settlements of Designated Claims**

> > 1.      *Settlements Permitted at Any Stage of the ADR Procedures*

Designated Claims may be settled by the Debtors and a Designated Claimant through the Offer Exchange Procedures, Mediation, or by agreement at any point during these ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

> > 2.      *Settlement Authority and Approvals*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to settle claims pursuant to orders of the Bankruptcy Court then in effect, including without limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims**

**Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or

plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of

claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with

the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.

The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to

the extent that (a) such approval is required by the terms of the Settlement Authority Orders or

(b) the settlement falls outside of the authority granted in the Settlement Authority Orders and

otherwise requires Bankruptcy Court approval.

E.    <u>**Failure to Resolve a Designated Claim Through ADR Procedures**</u>

1.    <u>*Litigation Generally*</u>

Claims not resolved through the ADR Procedures shall proceed to litigation for

resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at

any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim

as set forth herein.

2.    <u>*Litigation in the Bankruptcy Court*</u>

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved**

**Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the

Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the

terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable

procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures

for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject

matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated

Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the

subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be

determined by the Bankruptcy Court.

        3.        *Litigation in Other Courts*

        If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy

Court as a result of abstention or because of lack of or limitations upon subject matter

jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions

set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed

(a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the

Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"),

then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of

venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the

Debtors;[9] or (b) if the Unresolved Designated Claim was not pending in any forum on the

Commencement Date, then in the United States District Court for the Southern District of New

York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the

parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem

jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and

(iv) is a proper venue.  If necessary, any disputes regarding the applicability of this Section II.E.3

shall be determined by the Bankruptcy Court.

        4.        *Modification of the Automatic Stay*

        If litigation of an Unresolved Designated Claim in a forum other than the

Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

---

[9] The Debtors may elect to file a motion pursuant to 28 U.S.C.§ 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum;

*provided, however*, that any such liquidated claim (a) shall be subject to treatment under the

applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general

unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court

in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a

Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall

remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant

may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay

must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3

above.

**F.**     **Failure to Comply with the ADR Procedures**

If a Designated Claimant or the Debtors fail to comply with the ADR Procedures,

negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the

Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the

ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute

the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other

things, disallow and expunge the Designated Claim, in whole or part, or grant such other or

further remedy deemed just and appropriate under the circumstances, including, without

limitation, awarding attorneys' fees, other fees, and costs to the other party.

**Exhibit B**
**Form of Capping Claim Letter**

US_ACTIVE:\43275463\02\72240.0639

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, Michigan 48243
Attn.: Carrianne Basler
cbasler@alixpartners.com

      Re:     **In re Motors Liquidation Company,** *et al*. (**"Debtors"**)
                  **Case No. 09-50026 (REG) – Capping Claim Letter**

Dear Ms. Basler,

           By this letter, I hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. _____] entered by the United States Bankruptcy Court for the Southern District of New York on February __, 2010.

           Accordingly, I hereby propose to cap my claim at $[___] (the "**Claim Amount Cap**") from the original [$[___]/ or unliquidated amount] claim amount (the "**Claim Amount**"). I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs.  To the extent the Claim Amount Cap is accepted by the Debtors, I submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

                      Very truly yours,

                By    _____
                Address  _____
                State    _____
                Proof of Claim No._____

cc:    Pablo Falabella, Esq.
        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, NY 10153
        pablo.falabella@weil.com

<u>ANNEX 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*  :
                                              :
                Debtors.                      :        **(Jointly Administered)**
                                              :
------------------------------------------------------------x

<u>**ALTERNATIVE DISPUTE RESOLUTION NOTICE**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

        By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February __, 2010.  A complete copy of the ADR Procedures is enclosed for your reference.

        The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

        *You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs) of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**").  Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

---

implemented in the Debtors' chapter 11 cases:

Debtor: _____

Amount:  $_____

Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By: _____

Printed Name

<u>ANNEX 2</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            :          **Chapter 11 Case No.**
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                        :          **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                                                                 :
        **Debtors.**                  :          **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

        By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February __, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

        As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location.  As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

**ANNEX 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*             :
                                                             :
                        **Debtors.**                         :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**NOTICE OF BINDING ARBITRATION**

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

        By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February __, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

        PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

        As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**").  The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :          **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.*     :
                                                    :
                          **Debtors.**              :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x


**ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF**
**ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**


Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of title 11, United States

Code and General Order M-390, for authorization to implement alternative dispute procedures,

including mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion and in the ADR Procedures annexed to the Motion as **Exhibit A**.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that ADR Procedures, as set forth in Exhibit A to the Motion, are approved; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the "**Capping Period**"), any holder of a Unliquidated/Litigation Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**," the form of which is annexed to the Motion as **Exhibit B**) to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**"); and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, to the extent the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will indicate in the ADR Notice that the Claim Amount Cap has been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap. To the extent the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs associated with any subsequent mediation. If the Claim Amount Cap is not accepted, the Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the

Debtors will provide counsel for the statutory committee of unsecured creditors (the "**Creditors'**

**Committee**") a privileged and confidential report containing information on the status of the

Unliquidated/Litigation Claims (the "**Committee Report**").  The Debtors shall provide the

Creditors' Committee with an updated Committee Report once a month; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are

necessary or appropriate to implement the ADR Procedures, including, without limitation, by

implementing any arbitration awards or settlements with respect to Designated Claims achieved

under the terms of the ADR Procedures; provided however, that nothing in this Order or the

ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular

Designated Claim; further provided that any such settlements may be pursued and agreed upon

as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms

and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other

than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures

(as determined by this Court), then the Stay shall be modified subject to the terms and conditions

set forth in Section II.E.4 of the ADR Procedures.  Any such modification of the Stay shall be

solely to the extent necessary to permit the liquidation of the amount of such Unresolved

Designated Claim in the appropriate forum.  If the Debtors fail to file a Notice of Stay

Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim,

as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect

to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of

this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy

forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Order shall be deemed to preclude any

party in interest from objecting to any Designated Claim to the extent such entity has standing to

assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors'

Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and

(ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No.

4180]; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all

aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the ADR Procedures.

Dated: New York, New York
       February __, 2010


                                                  _____
                                                  United States Bankruptcy Judge