UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GMC | : | Case No. 09-50026 |
| Debtor | : |  |

**PLAINTIFF MARLA SOFFER'S REPLY TO THE RESPONSE OF M&M MOTORS TO PLAINTIFF'S MOTION TO SEVER THE CLAIM AGAINST BANKRUPT GENERAL MOTORS CORPORATION**

The gist of the Response of M&M Motors is that because General Motor's Corporation is "primarily" liable for a product defect, and because M&M Motors is only "secondarily" liable for a product defect, the claim against General Motors should not be severed due to the effect that severance would have on M&M's ability to pursue a common law indemnification claim.

The fallacy behind this argument is obvious: Strict product liability does not distinguish between so-called "primary" and "secondary" liability. Strict product liability looks only to whether the Defendant is a seller. It does not attempt to distinguish, rank, prioritize, or weight liability based on whether the seller is the manufacturer or a retail distributor. This is exemplified by M&M's admission that Ms. Soffer could have sued only M&M for the same defect claims made against General Motors Corporation.

Severance remains the fairest and best approach to this entire situation. Attached as "**Exhibit A,**" are Court Orders from other parts of the Nation which have recognized the need to sever claims against bankrupt General Motors Corporation so that those who have suffered injuries at the hands of a defective product can reasonably expect to someday have their day in

court. That Defendant M&M's indemnification claim may suffer the same fate as Plaintiff's direct claim against General Motors changes nothing.

Defendant M&M Motors also argues that the "proper forum" for the determination of Ms. Soffer's requested severance is the forum from which this claims came; the Superior Court of Pennsylvania. This is both factually and legally inaccurate. *First*, please find the attached "**Exhibit B**," an Order from the Superior Court of Pennsylvania, issued in this case, directing Ms. Soffer to Petition the Appellate Court for reinstatement **in the event that this Bankruptcy Court lifts the stay-** this Order can also be found as "Exhibit A" to the Respondent's Opposition. The Superior Court of Pennsylvania has already taken measures to direct the Movant to the proper forum for this request of relief from the automatic stay. *Second*, even if Ms. Soffer were to file a similar Motion within the Superior Court of Pennsylvania, this Court would be final arbiter of the relief from the stay- since this is the Court that originated and imposed this stay. Please see "**Exhibit B**." *Third*, pursuant to the above "Suggestion of Bankruptcy" filed in the Superior Court of Pennsylvania, that Court has dismissed this matter and does not enjoy jurisdiction over this, or any request for relief, filed by Ms. Soffer. Please see "**Exhibit C**." Thus, M&M's assertion that Ms. Soffer should simply file this request for relief in a different jurisdiction is impossible and simply another dilatory tactic to delay Ms. Soffer's day in court.

Further, this Court is the only jurisdiction that may issue an Order granting Ms. Soffer's requested relief. State courts enjoy concurrent jurisdiction with the bankruptcy courts to determine the nature, applicability, and extent of an automatic stay. 28 U.S.C. § 1334(b); In re Baldwin-United Corp, 765 F. 2d 343, 347 (2d. Cir. 1985). However, the bankruptcy court may nevertheless enter orders extending or imposing the automatic stay, or may exercise its equitable powers under 11 U.S.C. § 105; a power unfettered by the powers of state courts. While a stay is

not *supposed to* impair claims against a non-debtor, state court judges unfamiliar with federal bankruptcy practice often impose blanket stays or request that creditors' counsel obtain "comfort orders" from the bankruptcy court prior to taking any action which might arguably be in violation of the automatic stay.

Such was the case recently in In re Crescent Resources, LLC, case no. 09-11507, Western District of Texas Bankruptcy Court (Memorandum Order, document No. 442, Craig Gargotta, J., filed Sept. 23, 2009). There, the U.S. Bankruptcy Court directed a Florida state court Judge to sever claims against the debtor from those against non-debtor defendants in a state tort action. The issue presented there was strikingly similar to the one presented here.

That state court judges sometimes incorrectly stay claims even against non-debtors is why §362(d) exists for those in Movant's place. Relief from the automatic stay imposed by 11 U.S.C. §362(a) should be granted to the Movant according to the provisions of 11 U.S.C. §362(d) which states: "On request of a part in interest and after notice and a hearing, the court shall grant relief from the stay provided under Subsection (a) of the Section, such as by terminating, annulling, modifying or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest .."

In determining whether "cause" exists for relief from the automatic stay under 11 U.S.C. §362(d)(1) to permit the continuation of a state court proceeding, the courts have developed a balancing of interests test whereby the interests of the Debtor's estate are weighed against the hardships that will be incurred to the Movant. The elements of this balancing test are: (a) will any "great prejudice" to *either the bankruptcy estate or the debtor* result from continuation of the civil suit, (b) would the hardship to the plaintiff by maintenance of the stay considerably out- weigh the hardship to the debtor, and (c) [does] the creditor-plaintiff have a probability of prevailing on the

merits of his/her case (emphasis provided).  In re Bock Laundry Mach. Co., 37 B.R. 564, 566 (Bkrtcy N.D.OH. 1984); Matter of McGraw, 18 B.R. 140 (Bkrtcy. W.D. Wis. 1982), see also, Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982).

    Because of the considerable burden placed upon plaintiffs of having to wait to litigate their cases, and effectively being denied the opportunity to litigate, due to aging evidence, loss of witnesses and crowded court dockets, the courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.  Id.  These same courts have also considered the significant judicial economy of continuing existing actions rather than beginning a suit anew in another forum. Id., citing In re Palmer Const. Co., Inc.,7 B.R. 232 (Bkrtcy. S.D. 1980); In re Philadelphia Athletic Club, Inc., 9 B.R. 280 (Bkrtcy. E.D. Pa. 1981); In re Rounseville, 20 B.R. 892 (Bkrtcy. R.I. 1982); In re James Hunter Mach. Co., Inc., 31 B.R. 528 (Bkrtcy. Mass. 1983).  For instance, bankruptcy courts have lifted and/or modified the stay in cases where debtors are required to participate in their defense, despite the fact that the debtors were uninsured. In re Terry, 12 B.R. 578 (Bkrtcy. E.D. Wis. 1981); In re McGraw, supra.

    Movant meets all criteria for lifting the Automatic Stay imposed by 11 U.S.C. § 362.  Here, the Movant will be unduly burdened by a continued suspension of her state court action.  Not only has the Movant – Adminstratrix for the estate of David Arenas, a young man who left behind an unborn child as his sole heir —already lost her hearing date in the Superior Court of Pennsylvania last June, but she will also have to bear the expense of considerable amounts of time and money which commonly results from protracted litigation.[1]  The Movant must bear the risk that any delay may compromise her right to a fair trial because of the aging of the evidence and

---

[1] For instance, Movant is incurring hundreds of dollars of litigation costs each month to keep the subject vehicle in a secured storage facility.

loss of witnesses.  In re Bock Mach. Co., supra.  Moreover, considering the size and nature of this bankruptcy case, requiring the Movant to forego prosecution of her state tort claim against Respondent non-debtor until the stay is no longer in effect will add to the Movant's hardship and compromise her right to litigate her claims against the Respondent non-debtor. The Movant's opportunity to litigate the issues of liability is a significant right which cannot easily be set aside, despite the existence of this bankruptcy.  Matter of Holtkamp, supra. Continued delay would be a significant detriment to the Movant.

By contrast, Debtor here will not be prejudiced *at all* by the relief requested.  It bears repeating that an element of the balancing test is whether there is any "great prejudice" to *either the bankruptcy estate or the debtor* from continuation of the state civil suit against a non-debtor. One needs only to recognize that the debtor *agrees* to the relief requested to resolve this issue in favor of Movant.  Respondent has not even attempted to articulate any prejudice *to the debtor* in granting the relief requested.

In conclusion, this very Court has already recognized that state court litigants such as Movant may need "to resort to dealers" to be made whole on their personal injury claims, see In Re GMC Bankruptcy, 407 B.R. 463, 506 n. 110, and this is exactly what Movant is seeking to do through this request for relief.

WHEREFORE, Movant urges this Court to OVERRULE these objections.

Respectfully submitted,

**ZAJAC & ARIAS, LLC**

BY:_____
Eric G. Zajac, Esquire

PA ID No. 66003
**Zajac & Arias, L.L.C.**
1818 Market St.  30th Floor
Philadelphia, PA 19103
215-575-7615
215-575-7640 (fax)
eric@teamlawyers.com
*Appellate & Trial Counsel for Marla Soffer, Administratrix for the Estate of David Arenas*

DATED:     January 12, 2010

PA ID No. 66003
**Zajac & Arias, L.L.C.**
1818 Market St.  30th Floor
Philadelphia, PA 19103
215-575-7615
215-575-7640 (fax)
eric@teamlawyers.com
*Appellate & Trial Counsel for Marla Soffer, Administratrix for the Estate of David Arenas*

DATED:     January 12, 2010

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GMC | : | Case No. 09-50026 |
| Debtor | : | |

**CERTIFICATE OF SERVICE**

It is certified that a true and correct copy of Reply to the Response of M&M Motors to Plaintiff's Motion to Sever the Claim against Bankrupt General Motors Corporation is being served on all counsel of record via regular first class mail as follows:

Eric A. Weiss, Esquire
Charles W. Craven, Esquire
**Marshall Dennehey Warner
 Coleman & Goggin**
1845 Walnut Street
Philadelphia, PA 19103-4797
*Counsel for M&M Motors*

Walter Kawalec, Esquire
**Marshall Dennehey Warner
 Coleman & Goggin**
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, NJ 08002

Robert J. Martin, Esquire
Francis J. Grey, Esquire
**Lavin O'Neil Ricci Cedrone & Ricci**
190 North Independence Mall West
Suite 500
6th & Race Streets
Philadelphia, PA 19106
*Counsel for General Motors Corporation*

Hector Gonzalez
312 A. 17th St., Apt. #3
Easton, PA 18042
*Pro Se Appellant*

Muller Chevrolet Isuzu, Inc.
164 Route 173
Stewartsville, NJ 08886

**Zajac & Arias, LLC**

BY: _____
Eric G. Zajac, Esquire
PA ID No. 66003
**Zajac & Arias, L.L.C.**
1818 Market St.  30th Floor
Philadelphia, PA 19103
215-575-7615
215-575-7640 (fax)
eric@teamlawyers.com
*Appellate & Trial Counsel for Marla Soffer, Administratrix for the Estate of David Arenas*

DATE: January 12, 2010