**Hearing Date and Time:  February 10, 2010 at 9:45 a. m. (Eastern Time)**
**Objection Date and Time:  February 3, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Milller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :      Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :      09-50026 (REG)
     f/k/a General Motors Corp., et al.  :
                                    :
                        Debtors.    :      (Jointly Administered)
                                    :
------------------------------------------------------------x
```

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FIRST INTERIM FEE APPLICATION**

Name of Applicant:        **Weil, Gotshal & Manges LLP**

Time Period:              June 1, 2009 through and including September 30, 2009

Role in the Case:         Attorneys for the Debtors and Debtors in Possession

Current Application:      Total Fees Requested:  $17,910,963.25
                          Total Expenses Requested:  $595,206.67

Prior Applications:       N/A

## SUMMARY OF FIRST INTERIM FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
## FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED[1] | | HOURLY BILLING RATE[2] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSELS:** | | | | | |
| Miller, Harvey R. | BFR | 1958 | $950.00 | 435.20 | $ 412,490.00 |
| Berz, David R. | LR | 1973 | $860.00 | 853.70 | $ 730,527.00 |
| Waksman, Ted S. | CORP | 1974 | $925.00 | 180.90 | $ 167,332.50 |
| Warren, Irwin H. | LR | 1975 | $950.00 | 414.80 | $ 394,060.00 |
| Guy, Ray T. | LR | 1976 | $850.00 | 189.90 | $ 161,415.00 |
| Karotkin, Stephen | BFR | 1977 | $950.00 | 620.20 | $ 582,492.50 |
| Hird, David B. | LR | 1977 | $790.00 | 69.70 | $ 55,063.00 |
| Tanenbaum, Jeffrey L. | BFR | 1977 | $950.00 | 228.00 | $ 216,600.00 |
| Bernstein, Andrea | CORP | 1978 | $860.00 | 24.50 | $ 21,070.00 |
| Epstein, Michael A. | CORP | 1980 | $950.00 | 16.70 | $ 15,865.00 |
| Francies, Mike (London Office) | CORP | 1981 | $1,000.00 | 31.70 | $ 31,700.00 |
| Gietz, Raymond O. | CORP | 1982 | $900.00 | 227.00 | $ 199,575.00 |
| Blanchard, Kimberly S. | TAX | 1982 | $900.00 | 122.20 | $ 109,980.00 |
| Bahlke, Conrad G. | CORP | 1985 | $790.00 | 22.20 | $ 17,538.00 |
| Gregory, Holly J. | CORP | 1987 | 810.00 | 11.10 | $ 8,991.00 |
| Kam, Michael K. | TAX | 1987 | $875.00 | 53.80 | $ 47,075.00 |
| Peck, Steven M. | CORP | 1987 | $790.00 | 23.70 | $ 18,723.00 |
| Connolly, Annemargaret | CORP | 1988 | $790.00 | 43.30 | $ 34,207.00 |
| Chandler, Todd R. | CORP | 1993 | $790.00 | 51.70 | $ 40,843.00 |
| Goldring, Stuart J. | TAX | 1984 | $900.00 | 149.70 | $ 134,730.00 |
| Mette, Daniel J. | CORP | 1984 | $825.00 | 28.60 | $ 23,595.00 |

---

[1] BFR- Business Finance & Restructuring,  CORP – Corporate,  LR – Litigation/Regulatory,  TAX – Tax,      S – Securitization,  LS – Litigation Support,  SA – Summer Associate,  * Not yet admitted to the bar.

[2] The conversion date used for determining billing rates in U.S. dollars for our European offices was the first day of the month for each billing period.

| | | | | | | |
|---|---|---|---|---|---|---|
| Lefkowitz, David S. | CORP | 1987 | $950.00 | 50.20 | $ | 47,690.00 |
| Dedyo, John J. | CORP | 1989 | $850.00 | 21.00 | $ | 17,850.00 |
| Smolinsky, Joseph H. | BFR | 1989 | $825.00 | 781.00 | $ | 642,881.25 |
| Reid, Penny P. | LR | 1989 | $850.00 | 42.30 | $ | 35,955.00 |
| Boerst, Juergen (Frankfurt Office) | CORP | 1991 | $805.00 | 148.60 | $ | 119,623.00 |
| Boerst, Juergen (Frankfurt Office) | CORP | 1991 | $745.00 | 60.40 | $ | 44,998.00 |
| Grauke, Stephan K. (Frankfurt Office) | CORP | 1991 | $805.00 | 22.90 | $ | 18,434.50 |
| Ginsburg, Richard A. | CORP | 1994 | $790.00 | 193.70 | $ | 153,023.00 |
| Landau, Malcolm E. | CORP | 1994 | $790.00 | 11.90 | $ | 9,401.00 |
| Azcuy-Diaz, Beatriz | CORP | 1994 | $725.00 | 147.00 | $ | 106,575.00 |
| Cole, James (London Office) | CORP | 1994 | $1,000.00 | 1.50 | $ | 1,500.00 |
| Cole, James (London Office) | CORP | 1994 | $970.00 | 16.50 | $ | 16,005.00 |
| Druon, Philippe (Paris Office) | BFR | 1996 | $910.00 | 24.70 | $ | 22,477.00 |
| Osterman, Jeffrey D. | CORP | 1996 | $790.00 | 62.50 | $ | 49,375.00 |
| Albanese, Anthony J. | LR | 1997 | $760.00 | 73.20 | $ | 55,632.00 |
| Neuwirth, John A. | LR | 1997 | $760.00 | 257.00 | $ | 195,320.00 |
| Zawadowski, Artur (Warsaw Office) | CORP | 1997 | $695.00 | 6.20 | $ | 4,309.00 |
| Zawadowski, Artur (Warsaw Office) | CORP | 1997 | $645.00 | 5.50 | $ | 3,547.50 |
| Shim, Soo-Jin | CORP | 1998 | $725.00 | 384.00 | $ | 278,400.00 |
| Do, Danielle D. | CORP | 2000 | $725.00 | 37.40 | $ | 27,115.00 |
| Lemons, Robert J. | BFR | 2001 | $725.00 | 192.60 | $ | 139,635.00 |
| Sipple, John M. (Counsel) | LR | 1980 | $740.00 | 46.90 | $ | 34,706.00 |
| Baer, Lawrence J. (Counsel) | LR | 1984 | $700.00 | 100.30 | $ | 70,210.00 |
| Ferrillo, Paul A. (Counsel) | LR | 1989 | $700.00 | 158.70 | $ | 111,090.00 |
| Meises, Michele J. (Counsel) | BFR | 1992 | $650.00 | 757.30 | $ | 492,245.00 |
| O'Loughlin, Jr. John B. (Counsel) | LR | 1996 | $650.00 | 39.90 | $ | 25,935.00 |
| Waldbaum, Brian A. (Counsel) | CORP | 1999 | $650.00 | 29.50 | $ | 19,175.00 |
| Bronson, Ardith (Counsel) | LR | 2000 | $650.00 | 73.20 | $ | 47,580.00 |
| Other Partners and Counsel (fewer than 10 hours per person) | | | $490.00 - $1,000.00 | 114.70 | $ | 95,310.00 |
| **Total Partners and Counsel** | | | | **7659.20** | **$6,309,869.25** | |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Nagar, Roshelle A. | CORP | 1989 | $640.00 | 23.50 | $ 15,040.00 |
| Butenas, John | CORP | 1991 | $600.00 | 48.80 | $ 29,280.00 |
| Smith, Leslie S. | CORP | 1995 | $640.00 | 334.30 | $ 213,952.00 |
| Martialay, Elizabeth A. | CORP | 1996 | $580.00 | 12.20 | $ 7,076.00 |
| Adamich, JoLee | CORP | 1998 | $580.00 | 125.60 | $ 72,848.00 |
| Dummer, David W. | LR | 1999 | $640.00 | 280.00 | $ 176,512.00 |
| Jarmer, Christine T. | CORP | 1999 | $630.00 | 52.30 | $ 32,949.00 |
| Meyrowitz, Melissa | CORP | 1999 | $640.00 | 10.40 | $ 6,656.00 |
| Buchwaldt, Konrad V. (Frankfurt Office) | CORP | 2000 | $525.00 | 6.70 | $ 3,517.50 |
| Buchwaldt, Konrad V. (Frankfurt Office) | CORP | 2000 | $485.00 | 30.20 | $ 14,647.00 |
| Law, Erin J. | LR | 2000 | $640.00 | 104.50 | $ 66,880.00 |
| Shiffman, Jonathan | LR | 2000 | $640.00 | 187.00 | $ 119,680.00 |
| Spizzichino, Lionel (Paris Office) | BFR | 2000 | $700.00 | 35.00 | $ 24,500.00 |
| Amsel, Joshua S. | LR | 2001 | $640.00 | 337.80 | $ 216,192.00 |
| Morton, Matthew D. | LR | 2001 | $580.00 | 309.60 | $ 178,698.00 |
| Perheentupa, Ilkka I. | CORP | 2001 | $580.00 | 51.60 | $ 29,928.00 |
| Platkov, Margarita | LR | 2001 | $580.00 | 29.80 | $ 17,284.00 |
| Auchterlonie, Sarah J. | LR | 2002 | $610.00 | 56.90 | $ 34,709.00 |
| Berkovich, Ronit J. | BFR | 2002 | $630.00 | 832.10 | $ 523,750.50 |
| Burshtine, Ram | CORP | 2002 | $640.00 | 443.00 | $ 283,520.00 |
| Gandhi, Ashish D. | LR | 2002 | $630.00 | 236.30 | $ 148,869.00 |
| Hahn, Arlene A. | CORP | 2002 | $640.00 | 107.20 | $ 68,608.00 |
| Kohl, Michael (Frankfurt Office) | CORP | 2002 | $585.00 | 42.50 | $ 24,862.50 |
| Kohl, Michael (Frankfurt Office) | CORP | 2002 | $630.00 | 85.30 | $ 53,739.00 |
| Landen, Ronald A. | CORP | 2002 | $640.00 | 76.80 | $ 49,152.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Malloy, Lavell | LR | 2002 | $610.00 | 22.90 | $ | 13,969.00 |
| Bremer, Carmen | LR | 2003 | $580.00 | 46.30 | $ | 26,854.00 |
| Davis, Amanda L. | CORP | 2003 | $580.00 | 18.80 | $ | 10,904.00 |
| Frontczak, Morgan F. | LR | 2003 | $630.00 | 141.30 | $ | 89,019.00 |
| Goslin, Thomas D. | LR | 2003 | $500.00 | 475.40 | $ | 237,700.00 |
| Krausgrill, Björn (Frankfurt Office) | TAX | 2003 | $420.00 | 16.00 | $ | 6,720.00 |
| Krausgrill, Björn (Frankfurt Office) | TAX | 2003 | $390.00 | 4.80 | $ | 1,872.00 |
| Mapes, Justin G. | CORP | 2003 | $580.00 | 319.90 | $ | 185,542.00 |
| Oken, Rima J. | LR | 2003 | 610.00 | 29.50 | $ | 17,995.00 |
| Allen, Margaret H. | LR | 2004 | $540.00 | 131.30 | $ | 69,147.00 |
| Delaney, Edwin M. | LR | 2004 | $540.00 | 33.00 | $ | 17,820.00 |
| Empting, Tobias (Frankfurt Office) | CORP | 2004 | $420.00 | 25.00 | $ | 10,500.00 |
| Empting, Tobias (Frankfurt Office) | CORP | 2004 | $390.00 | .50 | $ | 195.00 |
| Firestone, Michael | LR | 2004 | $580.00 | 17.30 | $ | 10,034.00 |
| Goodman, Max A. | TAX | 2004 | $580.00 | 168.90 | $ | 97,962.00 |
| Herman, Michelle F. | CORP | 2004 | $580.00 | 34.20 | $ | 19,836.00 |
| Karl, Jeannie | CORP | 2004 | $540.00 | 10.20 | $ | 5,508.00 |
| Konig, Robert | CORP | 2004 | $500.00 | 30.80 | $ | 15,400.00 |
| Schroeder, Friederike (Frankfurt Office) | CORP | 2004 | $385.00 | 37.20 | $ | 14,322.00 |
| Schroeder, Friederike (Frankfurt Office) | CORP | 2004 | $355.00 | 30.00 | $ | 10,650.00 |
| Solow, Heather R. | LR | 2004 | $580.00 | 33.20 | $ | 19,256.00 |
| Stewart, Benjamin | LR | 2004 | $500.00 | 33.20 | $ | 16,600.00 |
| Westerman, Gavin | CORP | 2004 | $580.00 | 31.50 | $ | 18,270.00 |
| Bailhache, Geoffrey W. (London Office) | CORP | 2005 | $660.00 | 8.90 | $ | 5,874.00 |
| Bailhache, Geoffrey W. (London Office) | CORP | 2005 | $620.00 | 49.00 | $ | 30,380.00 |
| Blanchard, Aimee N. | LR | 2005 | $500.00 | 264.00 | $ | 129,875.00 |
| Breidenbach, Michael | TAX | 2005 | $500.00 | 34.30 | $ | 17,150.00 |
| Comer, Samuel J. | CORP | 2005 | $540.00 | 12.50 | $ | 6,750.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Godhard, Peter | CORP | 2005 | $465.00 | 166.30 | $ | 77,329.50 |
| Imam, Anwar | LR | 2005 | $500.00 | 44.30 | $ | 22,150.00 |
| Jacobs, Barry A. | CORP | 2005 | $540.00 | 138.10 | $ | 73,359.00 |
| Kim, Hyun K. | CORP | 2005 | $540.00 | 19.20 | $ | 10,368.00 |
| Lederman, Evan S. | BFR | 2005 | $500.00 | 948.90 | $ | 474,450.00 |
| Lichter, Jason | LR | 2005 | $540.00 | 25.90 | $ | 13,986.00 |
| Maletic, Michael T. | LR | 2005 | $500.00 | 35.60 | $ | 17,800.00 |
| Meade, Kevin F. | LR | 2005 | $540.00 | 15.30 | $ | 8,262.00 |
| Morneau, Jeff M. | CORP | 2005 | $540.00 | 295.50 | $ | 159,570.00 |
| Ostroff, Eric W. | LR | 2005 | $540.00 | 63.50 | $ | 34,290.00 |
| Protzmann, Laura J. | LR | 2005 | $540.00 | 20.40 | $ | 11,016.00 |
| Razavilar, Pejman | CORP | 2005 | $580.00 | 31.80 | $ | 18,444.00 |
| Roesch, Robert C. | LR | 2005 | $500.00 | 30.00 | $ | 15,000.00 |
| Taylor, Amber D. | LR | 2005 | $500.00 | 64.70 | $ | 32,350.00 |
| Vron, Victoria | BFR | 2005 | $540.00 | 96.90 | $ | 52,326.00 |
| Woller, Scott D. | LR | 2005 | $540.00 | 58.90 | $ | 31,806.00 |
| Woodworth, Andrew J. | CORP | 2005 | $540.00 | 27.60 | $ | 14,904.00 |
| Bayles, Seth A. | LR | 2006 | $500.00 | 224.40 | $ | 112,200.00 |
| Chandis, Vanessa | LR. | 2006 | $465.00 | 108.50 | $ | 50,452.50 |
| Chapman, Hillary G. | LR | 2006 | $465.00 | 49.20 | $ | 22,878.00 |
| Chow, Bernice | CORP | 2006 | $465.00 | 317.50 | $ | 147,637.50 |
| Compagna, Brian | LR | 2006 | $465.00 | 88.40 | $ | 41,106.00 |
| Kaplan, Jaime S. | LR | 2006 | $500.00 | 100.10 | $ | 50,050.00 |
| Kulawik, Tomasz | CORP | 2006 | $355.00 | 78.00 | $ | 27,690.00 |
| Levine, Alexander | LR | 2006 | $500.00 | 112.00 | $ | 56,000.00 |
| Magno, Georgia | LR | 2006 | $540.00 | 131.30 | $ | 70,902.00 |
| Ng, Alexander W. | LR | 2006 | $500.00 | 48.20 | $ | 24,100.00 |
| Noury, Anne-Sophie (Paris Office) | BFR | 2006 | $525.00 | 50.50 | $ | 26,512.50 |
| O'Connell, Dean W. (London Office) | LR | 2006 | $560.00 | 19.80 | $ | 11,088.00 |
| Pellafone, Ricardo P. | LR | 2006 | $465.00 | 48.90 | $ | 22,738.50 |
| Rosenthal, Danielle | LR | 2006 | $500.00 | 13.30 | $ | 6,650.00 |
| Sadlak, Kristina A. | LR | 2006 | $465.00 | 16.40 | $ | 7,626.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Seltzer, Steven | CORP | 2006 | $465.00 | 50.50 | $ | 23,482.50 |
| Spencer, Danitra T. | LR | 2006 | $540.00 | 51.60 | $ | 27,864.00 |
| Vermeille, Sophie (Paris Office) | CORP | 2006 | $525.00 | 4.00 | $ | 2,100.00 |
| Vermeille, Sophie (Paris Office) | CORP | 2006 | $485.00 | 7.00 | $ | 3,395.00 |
| White, Sean (London Office) | CORP | 2006 | $660.00 | 24.90 | $ | 16,434.00 |
| White, Sean (London Office) | CORP | 2006 | $620.00 | 56.80 | $ | 35,216.00 |
| Baldwin, Kristin L. | LR | 2007 | $465.00 | 23.60 | $ | 10,974.00 |
| Bosshard-Blackey, Elizabeth | LR | 2007 | $415.00 | 71.50 | $ | 29,672.50 |
| Carter, Startlett A. | CORP | 2007 | $465.00 | 69.70 | $ | 32,410.50 |
| Christensen, Evert J. | LR | 2007 | $415.00 | 336.60 | $ | 139,689.00 |
| Grabill, Jeremy T. | LR | 2007 | $465.00 | 116.10 | $ | 53,986.50 |
| Hewitt, Penelope (London Office) | CORP | 2007 | $530.00 | 36.70 | $ | 19,451.00 |
| Hewitt, Penelope (London Office) | CORP | 2007 | $470.00 | 52.90 | $ | 24,863.00 |
| Jaclyn, Elisa | LR | 2007 | $465.00 | 108.50 | $ | 50,452.50 |
| Lehson, Alexandra | CORP | 2007 | $415.00 | 149.70 | $ | 60,154.25 |
| O'Connor, John T. | LR | 2007 | $415.00 | 72.40 | $ | 30,046.00 |
| Pais, Harsh | CORP | 2007 | $465.00 | 498.00 | $ | 231,570.00 |
| Pancholy, Ritu | LR | 2007 | $465.00 | 91.20 | $ | 42,408.00 |
| Pierce, Nathan M. | BFR | 2007 | $415.00 | 576.40 | $ | 239,206.00 |
| Powers, Dana K. | LR | 2007 | $415.00 | 28.90 | $ | 11,993.50 |
| Rosen, Marc B. | CORP | 2007 | $465.00 | 57.40 | $ | 26,691.00 |
| Seymour, Jennifer A. | CORP | 2007 | $415.00 | 137.90 | $ | 57,228.50 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $595.00 | .80 | $ | 476.00 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $530.00 | 5.60 | $ | 2,968.00 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $495.00 | 14.00 | $ | 6,930.00 |
| Tran, Diem | LR | 2007 | $465.00 | 126.40 | $ | 58,776.00 |
| Wagener, Jackson P. | LR | 2007 | $500.00 | 135.40 | $ | 67,700.00 |
| White, Richard L. | CORP | 2007 | $415.00 | 110.70 | $ | 45,940.50 |
| Wine, Jennifer L. | LR | 2007 | $465.00 | 82.60 | $ | 38,409.00 |
| Benfield, Brianna N. | LR | 2008 | $355.00 | 431.20 | $ | 153,076.00 |

| Beyer, Stefanie K. | BFR | 2008 | $415.00 | 11.10 | $ | 4,606.50 |
|---|---|---|---|---|---|---|
| Biernacki, Jakub | CORP | 2008 | $415.00 | 40.50 | $ | 16,807.50 |
| Bronder, Vigdis | CORP | 2008 | $415.00 | 43.80 | $ | 18,177.00 |
| Burns, Gregory C. | TAX | 2008 | $465.00 | 148.80 | $ | 69,192.00 |
| Crews, Kevin T. | CORP | 2008 | $355.00 | 72.70 | $ | 25,808.50 |
| Davidson, Kasara E. | CORP | 2008 | $415.00 | 113.30 | $ | 47,019.50 |
| Forlenza, Justin | CORP | 2008 | $415.00 | 325.90 | $ | 135,248.50 |
| Freda, Lucia | LR | 2008 | $415.00 | 62.60 | $ | 25,979.00 |
| Gail, David B. | CORP | 2008 | $355.00 | 87.10 | $ | 30,920.50 |
| Hines, Nichole | LR | 2008 | $415.00 | 172.30 | $ | 71,504.50 |
| Kalayoglu, Sinan | CORP | 2008 | $415.00 | 79.40 | $ | 32,951.00 |
| Laken, Lacey | BFR | 2008 | $415.00 | 742.40 | $ | 308,096.00 |
| Lee, June K. | LR | 2008 | $415.00 | 12.40 | $ | 5,146.00 |
| Nerwal, Mavnick B. (London Office) | TAX | 2008 | $470.00 | 19.10 | $ | 8,977.00 |
| Nerwal, Mavnick B. (London Office) | TAX | 2008 | $440.00 | 6.80 | $ | 2,992.00 |
| Offir, Itay | CORP | 2008 | $415.00 | 51.50 | $ | 21,372.50 |
| Pae, Joonbeom | TAX | 2008 | $415.00 | 115.20 | $ | 47,808.00 |
| Pathmanaban, Giriraj | LR | 2008 | $415.00 | 24.40 | $ | 10,126.00 |
| Pruzansky, Jason | LR | 2008 | $415.00 | 156.00 | $ | 64,740.00 |
| Quinn, Georgia P. | CORP | 2008 | $415.00 | 85.50 | $ | 35,482.50 |
| Roistacher, Layne | LR | 2008 | $415.00 | 41.80 | $ | 17,347.00 |
| Smith, Jeremy (London Office) | CORP | 2008 | $495.00 | 51.40 | $ | 25,443.00 |
| Smith, Jeremy (London Office) | CORP | 2008 | $440.00 | 34.30 | $ | 15,092.00 |
| Smith, Michael C. | LR | 2008 | $465.00 | 31.70 | $ | 14,740.50 |
| Trivedi, Sujan H. | LR | 2008 | $465.00 | 99.40 | $ | 46,221.00 |
| Weinstock, David Duffo | CORP | 2008 | $415.00 | 50.70 | $ | 21,040.50 |
| Yarnall, Jessica L. | LR | 2008 | $415.00 | 32.20 | $ | 13,363.00 |
| Arons, Andrew | CORP | 2009 | $355.00 | 408.50 | $ | 145,017.50 |
| Astorga, Patricia | LR | 2009 | $355.00 | 84.20 | $ | 29,891.00 |
| Baudler, Matthew | LR | 2009 | $355.00 | 112.40 | $ | 39,902.00 |
| Cutting, Dionne | CORP | 2009 | $415.00 | 141.40 | $ | 58,681.00 |
| Depowski, Kristen Leigh | CORP | 2009 | $355.00 | 32.70 | $ | 11,608.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Evans, Christopher L. | LR | 2009 | $355.00 | 76.50 | $ | 27,157.50 |
| Falabella, Pablo | BFR | 2009 | $415.00 | 706.00 | $ | 292,990.00 |
| Fasbender, Jordan R. | CORP | 2009 | $355.00 | 12.80 | $ | 4,544.00 |
| Foley, Jared | LR | 2009 | $355.00 | 103.70 | $ | 36,813.50 |
| Hatcher, R. Todd T. | TAX | 2009 | $355.00 | 82.40 | $ | 29,252.00 |
| House, Maxine (London Office) | CORP | 2009 | $470.00 | .80 | $ | 376.00 |
| House, Maxine (London Office) | CORP | 2009 | $295.00 | .90 | $ | 265.50 |
| House, Maxine (London Office) | CORP | 2009 | $280.00 | 44.90 | $ | 12,572.00 |
| Howatt, Matthew | LR | 2009 | $355.00 | 45.70 | $ | 16,223.50 |
| Hren, Eileen | LR | 2009 | $355.00 | 123.40 | $ | 43,807.00 |
| James, Cheryl A. | LR | 2009 | $355.00 | 26.10 | $ | 9,265.50 |
| Khachaturian, S.A. | LR | 2009 | $415.00 | 12.70 | $ | 5,270.50 |
| Klein, Daniel S. | LR | 2009 | $465.00 | 91.10 | $ | 42,361.50 |
| Luise, Christopher T. | LR | 2009 | $355.00 | 117.50 | $ | 41,712.50 |
| Lutzker, Stacey | LR | 2009 | $355.00 | 15.60 | $ | 5,538.00 |
| Meshkov, David S. | BFR | 2009 | $355.00 | 440.80 | $ | 156,217.75 |
| Meyer, Jill D. | CORP | 2009 | $355.00 | 30.30 | $ | 10,756.50 |
| Newell, Ariane | LR | 2009 | $415.00 | 72.90 | $ | 30,253.50 |
| Pearson, Tashanna B. | LR | 2009 | $355.00 | 11.00 | $ | 3,905.00 |
| Perry, Adrian | CORP | 2009 | $355.00 | 20.80 | $ | 7,384.00 |
| Radetsky, Alex | CORP | 2009 | $355.00 | 10.80 | $ | 3,834.00 |
| Rana, Faraz | CORP | 2009 | $415.00 | 93.80 | $ | 38,927.00 |
| Salcedo, Nadya | LR | 2009 | $355.00 | 158.30 | $ | 56,196.50 |
| Speiser, Matthew M. | CORP | 2009 | $355.00 | 46.00 | $ | 16,330.00 |
| Spritz, Matthew M. | LR | 2009 | $355.00 | 255.90 | $ | 90,844.50 |
| Van Deurzen, Josh | CORP | 2009 | $355.00 | 270.00 | $ | 95,850.00 |
| Veit, Cheri | LR | 2009 | $355.00 | 92.50 | $ | 32,837.50 |
| Woodley, RaShawn | LR | 2009 | $355.00 | 85.00 | $ | 30,175.00 |
| Yates, Erin K. | LR | 2009 | $355.00 | 122.80 | $ | 43,594.00 |
| Yung, Kevin | CORP | 2009 | $355.00 | 47.30 | $ | 16,791.50 |
| Yunis, Benjamin | LR | 2009 | $415.00 | 80.00 | $ | 33,200.00 |
| Bergman, Matthew D. | CORP | 2009 | $355.00 | 308.40 | $ | 109,482.00 |
| McCaffrey, Meghan A. | LR | 2009 | $355.00 | 13.70 | $ | 4,863.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Turner, Kim P. | LR | 2009 | $355.00 | 15.70 | $ | 5,573.50 |
| Brooks, Russell | BFR | * | $355.00 | 832.10 | $ | 295,395.50 |
| Chhean, Chhunny | LR | * | $355.00 | 18.90 | $ | 6,709.50 |
| Esposito, Michael J. | CORP | * | $355.00 | 41.30 | $ | 14,661.50 |
| Pendleton, Megan | CORP | * | $355.00 | 98.30 | $ | 34,896.50 |
| Other Associates (fewer than 10 hours per person) | | | $260.00 - $720.00 | 215.70 | $ | 106,513.00 |
| Total Associates | | | | **21271.60** | **$10,042,200.50** | |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **SUMMER ASSOCIATES:** | | | | | |
| Bryk, Jordan | SA | * | $250.00 | 53.10 | $        13,275.00 |
| Diaz, Ondrej S. | SA | * | $250.00 | 114.40 | $        28,600.00 |
| Friedman, Jill M. | SA | * | $250.00 | 32.50 | $          8,125.00 |
| Gordon, Arielle | SA | * | $250.00 | 29.30 | $          7,325.00 |
| Harp, Katherine | SA | * | $250.00 | 31.90 | $          7,975.00 |
| Jacobson, Daniel J. | SA | * | $250.00 | 43.90 | $        10,975.00 |
| Jia, Joanna | SA | * | $250.00 | 11.50 | $          2,875.00 |
| Kyriacou, Stephen | SA | * | $250.00 | 15.20 | $          3,800.00 |
| Lavine, Adam | SA | * | $250.00 | 107.90 | $        26,975.00 |
| Linden, Christopher | SA | * | $250.00 | 184.90 | $        46,225.00 |
| Martin, Daniel J. | SA | * | $250.00 | 28.20 | $          7,050.00 |
| Pedone, Joanne | SA | * | $250.00 | 10.40 | $          2,600.00 |
| Pierson, Lauren | SA | * | $250.00 | 37.70 | $          9,425.00 |
| Rosenstock, Marisa B. | SA | * | $250.00 | 18.90 | $          4,725.00 |
| Silverman, Cliff | SA | * | $250.00 | 26.80 | $          6,700.00 |
| Simpson, Britt | SA | * | $250.00 | 14.50 | $          3,625.00 |
| **Total Summer Associates** | | | | **761.10** | **$        190,275.00** |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **LAW CLERKS**: | | | | |
| Whittingham, Luwisha (London Office) | CORP – N/A | $280.00 | 16.80 | $ 4,704.00 |
| Carter, William J. (London Office) | BFR – N/A | $280.00 | 11.90 | $ 3,332.00 |
| Hasek, Alexander (London Office) | BFR – N/A | $280.00 | 31.50 | $ 8,820.00 |
| Whittingham, Luwisha (London Office) | CORP – N/A | $265.00 | 42.50 | $ 11,262.50 |
| Rosen, Chelsea | BFR – N/A | $225.00 | 75.40 | $ 16,965.00 |
| Szoke, Judit (Budapest Office) | CORP – N/A | $195.00 | 31.40 | $ 6,123.00 |
| Szymczak, Aleksandra (Warsaw Office) | CORP – N/A | $155.00 | 15.90 | $ 2,464.50 |
| Szymczak, Aleksandra (Warsaw Office) | CORP – N/A | $145.00 | 8.20 | $ 1,189.00 |
| **Total Law Clerks** | | | **233.60** | **$ 54,860.00** |

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION | |
|---|---|---|---|---|---|
| **Paralegals, Clerks, Library Staff, and Other Non-Legal Staff:** | | | | | |
| Mills, Patrick G. | LR – N/A | $255.00 | 29.90 | $ | 7,624.50 |
| Inglis, Suzanne | LR – N/A | $245.00 | 25.60 | $ | 6,272.00 |
| Lee, Kathleen | BFR – N/A | $245.00 | 264.50 | $ | 64,802.50 |
| Petropoulos, Christine | LR – N/A | $245.00 | 19.70 | $ | 4,826.50 |
| Stauble, Christopher A. | BFR – N/A | $245.00 | 59.20 | $ | 14,504.00 |
| Viola, Matthew | CORP – N/A | $245.00 | 29.40 | $ | 7,203.00 |
| Shiroma, Lance Y. | CORP – N/A | $230.00 | 66.90 | $ | 15,387.00 |
| O'Connor, Colin | CORP – N/A | $230.00 | 10.00 | $ | 2,300.00 |
| Ellsworth, John A. | CORP – N/A | $230.00 | 189.00 | $ | 43,470.00 |
| Hausman, Jeffrie | LR – N/A | $230.00 | 185.20 | $ | 42,596.00 |
| Ko, Jae | LR – N/A | $230.00 | 19.20 | $ | 4,416.00 |
| Burns, Jo N. | LR – N/A | $230.00 | 15.40 | $ | 3,542.00 |
| Jones, Peggy | CORP – N/A | $230.00 | 273.90 | $ | 62,997.00 |
| Flinn, Deborah C. | LR – N/A | $210.00 | 14.90 | $ | 3,129.00 |
| Quinn, Gayle | CORP – N/A | $210.00 | 24.30 | $ | 5,103.00 |
| Kerley, Peggy N. | LR – N/A | $210.00 | 243.90 | $ | 50,484.00 |
| Phillips, Lesley | LR – N/A | $210.00 | 73.20 | $ | 15,372.00 |
| George, Camille A. | BFR – N/A | $210.00 | 525.80 | $ | 110,418.00 |
| Siebel, Peter A. | BFR – N/A | $210.00 | 211.50 | $ | 44,415.00 |
| Schell, Peter | CORP – N/A | $205.00 | 195.60 | $ | 40,098.00 |
| Maravilla, Mel C. | CORP – N/A | $200.00 | 32.70 | $ | 6,540.00 |
| Marquez, Francheska | CORP – N/A | $200.00 | 31.90 | $ | 6,380.00 |
| Gordon, Willaim H. | LR – N/A | $195.00 | 88.20 | $ | 17,199.00 |
| Reid, Tashan Q. | CORP – N/A | $195.00 | 76.80 | $ | 14,976.00 |
| Guthrie, Christine | CORP – N/A | $195.00 | 19.50 | $ | 3,802.50 |
| Oh, Doe Y. | CORP – N/A | $195.00 | 248.50 | $ | 48,457.50 |
| Chan, Herbert | LR – N/A | $195.00 | 141.10 | $ | 27,514.50 |

| | | | | | |
|---|---|---|---|---|---|
| Bennett, Victoria A. | LR – N/A | $195.00 | 19.10 | $ | 3,724.50 |
| Malkovich, Yovanka | LR – N/A | $190.00 | 187.20 | $ | 35,568.00 |
| Chan, Bill K. | CORP – N/A | $180.00 | 47.50 | $ | 8,550.00 |
| Koul, Yashomati B. | BFR – N/A | $180.00 | 28.30 | $ | 5,094.00 |
| Potter, Lougran | LR – N/A | $180.00 | 24.70 | $ | 4,446.00 |
| Prindle, Kaitlin C. | BFR – N/A | $180.00 | 161.00 | $ | 28,980.00 |
| Rodriguez, Ilusion | BFR – N/A | $180.00 | 684.00 | $ | 123,120.00 |
| Devaney, Sean P. | CORP – N/A | $180.00 | 326.00 | $ | 58,680.00 |
| Joseph, Christine | LR – N/A | $170.00 | 19.00 | $ | 3,230.00 |
| Moffitt, Andrea N. | CORP – N/A | $170.00 | 165.60 | $ | 28,152.00 |
| Maurissaint, Walden | LR – N/A | $170.00 | 19.70 | $ | 3,349.00 |
| Castillero, Francene S. | LR – N/A | $170.00 | 31.70 | $ | 5,389.00 |
| Perkari, Harish | CORP – N/A | $170.00 | 186.00 | $ | 31,620.00 |
| Topaz, Richard H. | CORP – N/A | $160.00 | 39.00 | $ | 6,240.00 |
| Schiffman, Stephanie A. | LR – N/A | $160.00 | 16.50 | $ | 2,640.00 |
| Park, Jiwon | LR – N/A | $160.00 | 14.60 | $ | 2,336.00 |
| Steigerwald, Katharine L. | CORP – N/A | $160.00 | 12.60 | $ | 2,016.00 |
| McGrath, Caitlin M. | LR – N/A | $160.00 | 62.10 | $ | 9,936.00 |
| Aliseo, Nicole K. | BFR – N/A | $160.00 | 37.30 | $ | 5,968.00 |
| Etienne, Donald | BFR – N/A | $160.00 | 69.10 | $ | 11,056.00 |
| Grossman, Genna D. | CORP – N/A | $160.00 | 29.70 | $ | 4,752.00 |
| Kim, Andrew | LR – N/A | $160.00 | 46.10 | $ | 7,376.00 |
| Mehta, Mona V. | LR – N/A | $160.00 | 113.00 | $ | 18,080.00 |
| Lynch, Michael R. | CORP – N/A | $160.00 | 12.60 | $ | 2,016.00 |
| Mitrayon, Michael | LR – N/A | $160.00 | 27.70 | $ | 4,432.00 |
| Schoenfeld, Matthew | BFR – N/A | $160.00 | 117.90 | $ | 18,864.00 |
| Shapiro, Rachel | BFR – N/A | $160.00 | 201.50 | $ | 32,240.00 |
| Swaney, Nicole | LR – N/A | $160.00 | 12.80 | $ | 2,048.00 |
| Ventura, Carol | LR – N/A | $160.00 | 61.90 | $ | 9,904.00 |
| Chung, Candace | CORP – N/A | $160.00 | 13.20 | $ | 2,112.00 |
| Choi, Jessica | LR – N/A | $160.00 | 50.40 | $ | 7,424.00 |
| Quinn, Timothy F. | LR – N/A | $160.00 | 30.10 | $ | 4,816.00 |
| Wilmer, Andrea | BFR – N/A | $160.00 | 137.00 | $ | 21,080.00 |

| | | | | | |
|---|---|---|---|---|---|
| Tily, Michael T. | CORP – N/A | $160.00 | 56.80 | $ | 9,088.00 |
| Adler, Jonathan H. | CORP – N/A | $160.00 | 23.20 | $ | 3,712.00 |
| Stewart, LaSonya R. | LR – N/A | $160.00 | 20.70 | $ | 3,312.00 |
| Prado Filho, Jose Luiz | LR – N/A | $160.00 | 13.30 | $ | 2,128.00 |
| Collier, Amanda B. | CORP – N/A | $160.00 | 17.60 | $ | 2,816.00 |
| Dhanaraj, Ramesh | BFR – N/A | $95.00 | 24.50 | $ | 2,327.50 |
| Sully, Dawil R. | BFR – N/A | $95.00 | 69.60 | $ | 6,612.00 |
| Bailey, Gregory | Managing Clerk | $170.00 | 41.90 | $ | 7,123.00 |
| Pasion, Luis L. | Managing Clerk | $140.00 | 29.00 | $ | 4,060.00 |
| Burdette, Leslie A. | Managing Clerk | $140.00 | 41.00 | $ | 5,740.00 |
| Ribaudo, Mark | Managing Clerk | $170.00 | 13.10 | $ | 2,227.00 |
| Sam, Mili | Litigation Support | $235.00 | 64.40 | $ | 15,134.00 |
| Quarry, Michael | Litigation Support | $215.00 | 28.10 | $ | 6,041.50 |
| Nudelman, Peter | Litigation Support | $215.00 | 54.30 | $ | 11,674.50 |
| Bell, Andrew | Litigation Support | $190.00 | 10.30 | $ | 1,957.00 |
| Other Paraprofessionals and Other Staff (fewer than 10 hours per person) | | $85.00 - $260.00 | 215.70 | $ | 40,738.50 |
| **Total Paraprofessionals and Other Staff** | | | **6844.20** | **$1,313,758.50** | |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | **$823.83** | 7,659.20 | $    6,309,869.25 |
| Associates | **$472.09** | 21,271.60 | $   10,042,200.50 |
| Summer Associates | **$250.00** | 761.10 | $       190,275.00 |
| Law Clerks | **$234.85** | 233.60 | $        54,860.00 |
| Paraprofessionals and Other Staff | **$191.95** | 6,844.20 | $    1,313,758.50 |
| **Total Fees Incurred** | | **36,769.70** | **$   17,910,963.25** |
| **Blended Attorney Rate (excluding summer associates and law clerks)** | **$565.21** | | |
| | | | |
| **Grand Total Fees Requested** | | **36,769.70** | **$   17,910,963.25** |

**Hearing Date and Time: February 10, 2010 at 9:45 a. m. (Eastern Time)**
**Objection Date and Time: February 3, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                  Debtors.                :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM JUNE 1 2009 THROUGH SEPTEMBER 30, 2009</u>

# TABLE OF CONTENTS

**Page**

Preliminary Statement...................................................................................................... 1

Background......................................................................................................................... 6

Summary of Professional Compensation and Reimbursement of Expenses Requested................ 7

Summary of Services Performed by WGM During the Compensation Period ........................... 10

Actual and Necessary Disbursements of WGM ....................................................................... 29

The Requested Compensation Should Be Allowed .................................................................. 31

Notice ............................................................................................................................... 33

Conclusion ......................................................................................................................... 33

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*In re Gen. Motors Corp.*,
    407 B.R. 463 (Bankr. S.D.N.Y. 2009) ........................................................................4

*In re Gen. Motors Corp.*,
    Ch. 11 Case No. 09-50026 (REG), 2009 Bankr.
    LEXIS 1800 (Bankr. S.D.N.Y. July 7, 2009) ...............................................................4

**Statutes & Rules**

11 U.S.C. § 105(a) ..............................................................................................................33

11 U.S.C. § 327 ...................................................................................................................31

11 U.S.C. § 330 ..............................................................................................................31, 32

11 U.S.C. § 330(a) ................................................................................................................1

11 U.S.C. § 330(a)(1) .........................................................................................................32

11 U.S.C. § 330(a)(3) .........................................................................................................32

11 U.S.C. § 331 ...............................................................................................................1, 31

11 U.S.C. § 341 ...................................................................................................................16

11 U.S.C. § 345 ...................................................................................................................16

11 U.S.C. § 363(b) ................................................................................................................1

11 U.S.C. § 1102 ...................................................................................................................6

11 U.S.C. § 1107(a) ..............................................................................................................6

11 U.S.C. § 1108 ...................................................................................................................6

28 U.S.C. § 158(d)(2) ...........................................................................................................4

Fed. R. Bank. P. 1015(b)........................................................................................................6

Fed. R. Bank. P. 1015(c)......................................................................................................33

Fed. R. Bank. P. 2004 .........................................................................................................26

**Statutes & Rules**                                                      **Page(s)**

Fed. R. Bank. P. 2015.3 ...................................................................................16

Fed. R. Bank. P. 2016 .......................................................................................1

Fed. R. Bank. P. 9007 ......................................................................................33

Local Bankr. R. S.D.N.Y. 1007-2....................................................................17

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("**WGM**"), attorneys for Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors in these chapter

11 cases, as debtors and debtors in possession (together with MLC, the "**Debtors**"), for its first

application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11, United States

Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services

performed by WGM for the period commencing June 1, 2009 through and including September

30, 2009 (the "**Compensation Period**"), and for reimbursement of its actual and necessary

expenses incurred during the Compensation Period, respectfully represents:

<u>**Preliminary Statement**</u>

1.      These chapter 11 cases are among the largest and most complex ever filed

in the United States.  At the inception of these cases, General Motors Corporation ("**GM**," now

known as Motors Liquidation Company) was the largest Original Equipment Manufacturer

("**OEM**") of automobiles in the United States and the second largest in the world, employed

approximately 235,000 employees worldwide, and had, as of March 31, 2009, consolidated

reported global assets and liabilities of approximately $82,290,000,000 and $172,810,000,000,

respectively.  As a result of the economic collapse and liquidity crisis that began to surface during

the end of 2007 and exploded in 2008, GM and its affiliated debtors commenced these chapter 11

cases with the objective of expeditiously implementing the *only* available means to preserve and

maximize the value, viability, and continuation of their business and, by extension, preserve and

provide jobs for their employees and others, and enhance the interests of their economic

stakeholders through a sale of substantially all their assets pursuant to section 363(b) of the

Bankruptcy Code to NGMCO, Inc. ("**New GM**"), a purchaser sponsored by the United States

Department of the Treasury (the "**U.S. Treasury**") (the "**363 Transaction**").

      2.      WGM played a critical role in one of the most significant efforts in history

to preserve the value of a vast enterprise that was compelled not only to initiate a chapter 11 case

but also to complete a perhaps unprecedented asset sale in a matter of a few weeks.  The

Herculean task of initiating the chapter 11 cases, assuring a smooth transition into chapter 11,

prosecuting the 363 Transaction, and consummating the sale of America's largest OEM in this

period of time required WGM to marshal its resources worldwide.  WGM assembled a team of

professionals of sufficient capacity and expertise devoted to serving the needs of the Debtors and

critical to preserving the value of the GM enterprise, not only for creditors, employees, and other

stakeholders, but also for the communities in which GM conducts operations.

      3.      The size, complexity, and pace of the Debtors' chapter 11 cases is

astonishing by any measurement.  WGM's professional services were required to be, and indeed

were, on virtually a 24-hour-a-day, seven-day-a-week schedule.  WGM coordinated its efforts

with those of the Debtors' workforce and newly-retained chief restructuring officer, Al Koch, and

the personnel provided by AP Services, LLC ("**APS**"), as restructuring experts.

      4.      In addition to advising the Debtors on the issues typically faced by debtors

at the outset of chapter 11 cases, WGM personnel worked around the clock to implement and

effectuate the 363 Transaction, as part of the effort to preserve and enhance value for the Debtors,

protect the Debtors' customers, limit turmoil in the national economy, and benefit the Debtors'

stakeholders, employees, and communities in which their facilities were operating.  During this

period, WGM worked diligently with the Debtors' management and the statutory committee of

general unsecured creditors (the "**Committee**") and its professionals, as well as the Office of the

United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

       5.       WGM personnel worked under enormous pressure to complete an asset sale

of unprecedented magnitude and historical significance.  While asset sales have been conducted in

shorter time periods, through WGM's efforts, the Debtors were able to address all due process

concerns and effectively manage over approximately 650 objections to the 363 Transaction.

Further, during this process WGM coordinated and managed discovery virtually unprecedented in

its scope and timetable, producing literally 384,000 pages of documents and scheduling and

participating in numerous depositions, all within a 30-day period.

       6.       Further, WGM was instrumental in assuring that GM's transition into

chapter 11 was as seamless and smooth as possible.  In this regard, WGM prepared and

prosecuted numerous "first day motions" obtaining a broad range of relief that not only preserved

and protected value, but also assured that the 363 Transaction could be pursued economically and

expeditiously.

       7.       After the Court approved the 363 Transaction, WGM played an

instrumental role with the Debtors in closing the 363 Transaction and in negotiating and preparing

the multitude of documents associated therewith.  WGM also addressed on an expedited basis

various efforts to stay implementation of the 363 Transaction in the appellate courts, successfully

opposing the same and thereby permitting the 363 Transaction to be promptly consummated and

avoiding any erosion in the going concern value of the GM business.

       8.       Subsequent to the closing of the 363 Transaction, WGM continued to play a

major role in the administration of these cases.  Specifically, following the consummation of the

363 Transaction, WGM coordinated with New GM to assist the Debtors in reviewing and

organizing an unprecedented volume of information and data needed to administer the Debtors'

chapter 11 cases.  This undertaking was exacerbated by the transfer of substantially all MLC

employees to New GM pursuant to the 363 Transaction.  The loss of such employees left MLC

shorthanded and required APS to employ substantial manpower to administer the chapter 11

cases.  To overcome the projected result of the employee transfers, WGM assisted the Debtors in

the negotiation and implementation of a transition services agreement ("**TSA**") with New GM.

The TSA was essential for the Debtors to maximize the value of their assets while preserving their

ability to effectively administer their estates.

9.     During the Compensation Period, WGM was required to prepare, review, or

respond to more than 4,100 motions, notices, applications, objections, briefs, orders, and other

pleadings in the Debtors' chapter 11 cases, including an adversary proceeding and several appeals

of this Court's order approving the 363 Transaction– an average of 34 pleadings each day, seven

days a week.  Additionally, during the Compensation Period, WGM interfaced on a regular basis

with the Committee and successfully opposed the efforts of four unofficial committees to obtain

official status, resulting in significant savings to the estates.  Further, during the Compensation

Period, WGM participated in 18 Court hearings and the Court rendered two published opinions.

*See In re Gen. Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009) (approving the 363

Transaction) and *In re Gen. Motors Corp.*, Ch. 11 Case No. 09-50026 (REG), 2009 Bankr. LEXIS

1800 (Bankr. S.D.N.Y. July 7, 2009) (denying motions to certify sale order pursuant to 28 U.S.C.

§158(d)(2) and motion to stay the sale order pending appeal).

10.     Because regular and open communication with creditors is a fundamental

goal of the Debtors, throughout the Compensation Period, WGM has represented the Debtors in

their formal and informal meetings and conferences with the U.S. Trustee, the Committee, and

their respective professionals and in numerous meetings and communications with individual

claimants and parties in interest.  Additionally, the Debtors and WGM have made every effort to

keep such entities informed of developments in these cases on a real-time basis through their

published websites, www.motorsliquidation.com and www.motorsliquidationdocket.com.

Further, together with Mr. Koch and other APS professionals, WGM has responded to countless

direct inquiries from various creditors, many of which have been received through a hotline WGM

established for MLC-related inquiries.

       11.     WGM's efforts to advise and represent the Debtors in all facets of these

unprecedented cases and with respect to the affairs of the entire MLC enterprise during the

Compensation Period were necessary and of substantial benefit to the administration of the

chapter 11 estates.  The professional services performed and expenses incurred were actual and

necessary to preserve and protect the value of the Debtors' assets.  In the perspective of the

complexity and scale of these cases, WGM's charges for professional services performed and

expenses incurred are reasonable under the applicable standards.  WGM respectfully asks that the

Court grant the Application and allow interim compensation for professional services performed

and reimbursement for expenses as requested.

       12.     This Application has been prepared in accordance with the Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on June 20, 1991 (the "**Fee and Disbursement Guidelines**") and the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "**Amended Guidelines**," and

together with the Fee and Disbursement Guidelines, the "**Local Guidelines**"), the U.S. Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order

Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals [Docket No. 3711] (the "**Administrative Order**,"

and together with the Local Guidelines and the UST Guidelines, the "**Guidelines**").  Pursuant to

the UST Guidelines, the Debtors have reviewed this Application and approved and support

interim allowance of the amounts requested by WGM for professional services performed and

expenses incurred during the Compensation Period.

### Background

13.     On June 1, 2009 (the "**Commencement Date**"), MLC and certain of its

subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

14.     On June 12, 2009, the Debtors filed an application to employ WGM as their

attorneys [Docket No. 949].  No objections were filed to WGM's retention, and, pursuant to an

order, dated June 25, 2009, the Debtors were authorized to retain WGM as their attorneys to

render legal services in the prosecution of their chapter 11 cases [Docket No. 2546].

15.     On June 3, 2009, the U.S. Trustee appointed the Committee pursuant to

section 1102 of the Bankruptcy Code.

16.     The Debtors have advised WGM that, to date, all quarterly fees due to the

U.S. Trustee have been paid.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

17.    WGM seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $17,910,963.25, and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $595,206.67.  During the Compensation Period, WGM attorneys and paraprofessionals expended a total of approximately 37,000 hours in connection with the necessary services performed.

18.    In accordance with the Administrative Order, WGM received payments totaling $14,957,236.05 for the Compensation Period, which consist of $14,359,669.80, representing 80% of the fees invoiced for the Compensation Period, and $597,565.85, representing 100% of the expenses invoiced for the Compensation Period.  WGM now seeks payment[1] by the Debtors of all amounts allowed but previously held back pursuant to the Administrative Order.

19.    WGM regularly monitors its charges and expenses before and after the submission of monthly fee statements for potential errors.  As a result, during the Compensation Period, WGM reduced its charges for services rendered by $38,624 and reduced its expenses by $2,359.18.  WGM will continue to diligently monitor its charges and expenses and, where appropriate, make appropriate reductions.

---

[1] Recently, New GM agreed to pay 50% of the fees and expenses associated with the services rendered by WGM in connection with the appeals of this Court's order approving the 363 Transaction (the "**Appeals**").  Although the full amount of WGM's fees and expenses for services rendered in connection with the Appeals have been and continue to be billed to the Debtors, New GM will reimburse the Debtors for 50% of such fees and expenses paid by the Debtors to WGM.  Total fees and expenses for services rendered in connection with the Appeals during the Compensation Period are approximately $852,130.00 and $27,894.98, respectively.  Therefore, New GM will reimburse the Debtors 50% of such amounts (i.e., approximately $426,065.00 in fees and $13,947.49 in expenses).

20.     There is no agreement or understanding between WGM and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.  Except as explained in the following paragraph, during the Compensation Period, other than pursuant to the Administrative Order, WGM has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

21.     Prior to the commencement of these chapter 11 cases, GM paid WGM an aggregate amount of approximately $54 million in respect of professional services rendered and as retainers for services to be rendered and for disbursements incurred and expenses advanced for disbursements to be incurred in connection with (i) GM's efforts prior to the commencement of these chapter 11 cases to restructure its obligations out of court, (ii) the preparation for GM's chapter 11 cases, and (iii) certain other related matters.  As of the Commencement Date, WGM had a retainer balance in the amount of approximately $5.9 million that may be applied against payment for services to be rendered and expenses to be incurred.

22.     The fees charged by WGM in these cases are billed in accordance with WGM's existing billing rates and procedures in effect during the Compensation Period.  The rates WGM charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WGM charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

23.     Annexed hereto as Exhibit "A" is a certification regarding compliance with the Guidelines.

24.     Annexed hereto as Exhibit "B," pursuant to the UST Guidelines, is a schedule of WGM professionals and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each such individual is employed by WGM, the department in which each individual practices, the hourly billing rate charged by WGM for services performed by such individuals, the year in which each professional was first licensed to practice law, and the aggregate number of hours expended in this matter and fees billed therefor.

25.     Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which WGM is seeking reimbursement and the total amount for each such expense category.  An itemized schedule of all such expenses has been provided to the Debtors, the Court, the attorneys for the Committee, and the U.S. Trustee.

26.     Annexed hereto as Exhibit "D," pursuant to the UST Guidelines, is a summary of WGM's time records billed during the Compensation Period using project categories hereinafter described.  WGM maintains computerized records of the time spent by all WGM attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Copies of these computerized records have been furnished to the Debtors and, subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, the Court, the attorneys for the Committee, and the U.S. Trustee in the format specified by the UST Guidelines.

27.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WGM reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Summary of Services Performed by**
**WGM During the Compensation Period**

28.     As described above, in the initial four months of these chapter 11 cases,

WGM rendered an extraordinary and unprecedented level of professional services in order to

obtain Court approval of, and consummate, the 363 Transaction, while supporting the Debtors'

businesses and operations, coordinating activities to protect the value of the Debtors' assets, and

assisting the Debtors in their initial efforts to wind down their estates.  During this period, WGM

was required to render a substantial amount of professional services, very frequently under

extraordinary time constraints, to deal with various critical issues pertinent to the 363 Transaction,

the inception of the chapter 11 cases, and the preservation of the value of the GM business

enterprise.  In addition to the 363 Transaction described above, the following are descriptions of

some of the most significant tasks performed by WGM.

29.     Wind-Down Process and Debtor in Possession Financing.  After the

commencement of these chapter 11 cases and the consummation of the 363 Transaction, WGM

assisted the Debtors in beginning an orderly liquidation and wind-down of the Debtors' remaining

assets and properties.  This process is ongoing and, in addition to the physical assets owned by the

Debtors, has involved analyzing the assets and obligations of MLC's numerous remaining

subsidiaries to determine the most appropriate means of liquating each subsidiary.  This has

included reviewing and analyzing the corporate and organizational documents of MLC's

subsidiaries, and reviewing and analyzing agreements such as promissory notes, dealership

agreements, and other agreements to which MLC or its subsidiaries are a party to determine the

correct procedure for properly liquidating the stock and/or assets of such subsidiaries.  To fund the

extensive wind-down process, WGM worked intimately with the Debtors, the U.S. Treasury, and

Export Development Canada ("**EDC**") to establish an appropriate debtor in possession financing

facility ("**DIP Facility**") and subsequently sought an increase in such facility to assure that

adequate financing was available to assure that an orderly wind-down could be achieved.  In

connection therewith, WGM worked with the Debtors, the U.S. Treasury, EDC, and their

respective counsel on an expedited basis to establish a debtor in possession credit agreement, as

well as a wind-down credit agreement, and security documentation to grant the U.S. Treasury and

EDC a security interest in certain assets of the Debtors to secure the credit agreements.  WGM

also worked with the Debtors, the U.S. Treasury, EDC, and their respective counsel to release the

liens on the assets pledged to the U.S. Treasury and EDC under existing agreements to facilitate

the sale of the Debtors' assets.  WGM also has worked with counsel for the U.S. Treasury and

EDC to review and prepare the documentation necessary for the liquidation of the assets of MLC

and the stock of MLC's subsidiaries, including amendments to the debtor in possession and wind-

down credit agreements, releases of liens, assignments of promissory notes, and other documents.

WGM also coordinated with the Debtors, U.S. Treasury, EDC, and their respective counsel to

exchange and return certain possessory collateral under the credit agreements, including stock

certificates and promissory notes.

       30.     <u>Claims Reconciliation</u>.  As of the Commencement Date, the Debtors had

approximately 2,500,000 creditors and equity security holders and were parties to more than

700,000 executory contracts (many of which were assumed and assigned to New GM).

Streamlined procedures for reconciling claims is a critical aspect of the administration of these

estates, and WGM, during the Compensation Period, developed and refined a work plan for

addressing various claims issues such as (a) intercompany claims; (b) setoff; (c) reclamation and

503(b)(9) claims and the implementation of the Court-approved reclamation and 503(b)(9) claims

procedures; and (d) claims bar date.

31.     <u>Dealership Matters.</u>  The Debtors had approximately 6,000 dealerships in their network at the commencement of these chapter 11 cases.  WGM worked with the Debtors to further the implementation of a comprehensive dealer rationalization program and to implement thousands of participation and wind-down agreements enabling successful dealerships to continue with New GM while providing underperforming dealerships with significant economic support to wind down their businesses.  In addition, during the Compensation Period, WGM prepared, prosecuted, and defended the rejection of 70 dealership agreements and negotiated voluntary termination agreements with several others. WGM also responded to substantive inquires from hundreds of dealers and reviewed and analyzed thousands of dealer-related agreements and documents.

32.     <u>Executory Contracts and Unexpired Leases.</u>  As stated, as of the Commencement Date, the Debtors were parties to in excess of 700,000 executory contracts and unexpired leases of real and personal property.  In connection with the 363 Transaction and the continued operation of New GM's businesses, WGM played a pivotal role in the assumption and assignment process, which was critical to the sale process and the continuation of the GM enterprise.  In addition, WGM has been working with the Debtors to evaluate the remaining executory contracts and unexpired leases to determine the appropriate disposition of them in the context of the ongoing wind-down of the Debtors.  During the Compensation Period, WGM prepared seven omnibus motions to reject certain executory contracts and three omnibus motions to reject certain unexpired leases, in addition to several other rejection motions regarding individual executory contracts.  WGM also drafted and reviewed hundreds of assumption and assignment agreements in conjunction with counsel for New GM and in furtherance of the 363 Transaction.

33.    <u>Environmental Issues</u>.  An appropriate resolution of environmental issues with respect to the Debtors' owned properties is critical to the administration of these estates and the formulation and consummation of a chapter 11 plan.  Accordingly, during the Compensation Period, WGM assisted the Debtors in their interactions with appropriate governmental entities, regulators, and other parties in interest to discuss environmental-remediation obligations at the properties now under the Debtors' control and the manner in which such obligations should be addressed in a way that protects public health and the environment while being consistent with the interests of creditors in these chapter 11 cases and the Debtors' responsibilities and rights as debtors in possession under the Bankruptcy Code.  WGM has assisted the Debtors and their other retained professionals in analyzing environmental liabilities at owned sites, superfund sites, and other third-party owned sites, and worked extensively with environmental consultants on estimating potential environmental liabilities, including reviewing site reports and studies to project remediation costs.  WGM has assisted the Debtors in various discussions with governmental regulators and U.S. Treasury officials regarding estimates and approaches for resolving environmental claims and liabilities, as well as prepared presentations to federal and state officials regarding environmental obligations and appropriate methods for resolution, including the United States Environmental Protection Agency, the United States Department of Justice (the "**USDOJ**"), and state officials from New York, New Jersey, Ohio, Michigan, and Indiana.  Throughout all of this, WGM has focused on achieving the most efficient and prudent manner to address these issues in the context of a chapter 11 liquidation plan and consistent with the Debtors' obligations and responsibilities under the Bankruptcy Code.

34.    <u>Retention of Ordinary Course and Other Professionals</u>.  WGM's efforts were essential to the coordination and retention of the Debtors' 36 ordinary course professionals

(the "**Ordinary Course Professionals**").  The Ordinary Course Professionals are law firms

representing the Debtors in matters such as litigation, corporate, tax, regulatory, real estate, and

employment matters.  Because it was also necessary for the Debtors to employ certain other

professionals who did not fall within the limitations set for the Ordinary Course Professionals,

WGM devoted a significant amount of time to working with and preparing applications for these

professionals' retention.  WGM also worked with the U.S. Trustee to ensure that the requisite

disclosures and retention applications were adequate and appropriate.

      35.    <u>Asset Sales Other than the 363 Transaction</u>.  In addition to completing the

363 Transaction as described above, during the Compensation Period WGM assisted MLC in

establishing procedures for the sale of de minimis assets.  WGM also reviewed and revised

agreements relating to asset sales involving General Motors Strasbourg S.A.S. ("**GM**

**Strasbourg**"), with respect to product supply, technology licensing, and engineering services.  In

addition, WGM assisted the Debtors in evaluating alternative uses for various parcels of real

estate.

      36.    <u>Additional Services</u>.  During the Compensation Period, WGM rendered

professional services in furtherance of the foregoing activities and others, including, among other

things, (i) meeting and discussing numerous issues and matters with the Committee; (ii)

responding to the myriad of creditor inquiries concerning these chapter 11 cases; (iii) conferences

and negotiations with the U.S. Treasury, EDC, and the Committee regarding the Debtors' ongoing

efforts to wind down and dispose of their properties with the goal of formulating a liquidating

plan; and (iv) addressing, on behalf of the Debtors, the various motions and disputed matters

initiated by third parties.  In this regard, during the Compensation Period, WGM prepared,

assisted in the filing of, and/or filed, on behalf of the Debtors, numerous motions, applications, stipulations, and related court pleadings.

37.    <u>Summary of Services</u>.  The following is a summary of the significant professional services rendered by WGM during the Compensation Period, organized in accordance with WGM's internal system of project or work codes.

a.    Case Administration Issues

(i)    General Case Administration

- prepared and filed chapter 11 petitions and related documents, including a corporate ownership statement and board resolutions;
- conducted internal team meetings, conferences, and teleconferences with the Debtors, their professionals, the Committee, and other parties in interest regarding case strategy, status of chapter 11 cases, and various business issues;
- responded to numerous requests for information from parties in interest;
- coordinated with Garden City Group, Inc. ("**GCG**"), the Debtors' noticing and claims agent, to maintain and update master service list;
- conducted document review in connection with assets and liabilities of the Debtors and their affiliates, the 363 Transaction, and ongoing and potential litigations;
- coordinated and supervised service of notice of commencement of cases and first day pleadings;
- prepared and maintained various corporate structure charts for the Debtors and their respective subsidiaries;
- assisted APS and GCG in establishing and maintaining websites containing information regarding the Debtors, their professionals and management, meetings of creditors, and copies of relevant documents, including those memorializing the 363 Transaction and proofs of claim;
- engaged in various e-mail and telephone communications with the Debtors, the Committee, and the U.S. Trustee;
- maintained case calendar; and
- organized and participated in weekly meetings and conference calls with WGM professionals and client to promote efficiency in the administration of the chapter 11 cases.

(ii)    Hearings and Court Matters

- prepared for and attended court hearings, including 12 omnibus hearings and additional hearings granted on expedited bases;

- coordinated with the Court regarding hearings and agenda items;
- prepared agenda letters;
- revised case management order for notice and other hearing procedures;
- prepared for and participated in telephonic and in-person conferences in the Court's chambers;
- monitored dockets for main cases, adversary proceeding, and various state and federal court dockets for Debtor-related matters; and
- reviewed all pleadings and objections and prepared hearing summaries of same for the Debtors.

    (iii)    U.S. Trustee

- conferred on a regular basis with U.S. Trustee regarding all case matters, including the 363 Transaction, retention issues, employee matters, hearing items, schedules and statements, cash management, bank accounts, and proposed investments;
- obtained Court orders extending time regarding compliance with section 345 of Bankruptcy Code;
- ensured compliance with U.S. Trustee Guidelines; and
- assisted the Debtors in preparation and filing of monthly operating reports and reports pursuant to Bankruptcy Rule 2015.3.

    b.    Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

- prepared for and participated in meetings and teleconferences with the Committee and its professionals regarding the status and administration of the cases, settlement of estate causes of actions, document demands, the 363 Transaction, and various other issues;
- prepared for and participated in two meetings of creditors pursuant to section 341 of the Bankruptcy Code;
- responded to thousands of telephone and e-mail inquiries from foreign and domestic creditors regarding chapter 11 cases and the 363 Transaction; and
- reviewed and negotiated by-laws and related confidentiality requirements with Committee.

    c.    Secured Creditors Issues/Meetings/Communications

- conducted lien review;
- reviewed and researched rights of secured creditors to exercise rights of setoff and other remedies;
- prepared and filed motions to satisfy claims of senior secured bank lenders;
- reviewed analysis of possible challenges to security interests of senior lenders;

- negotiated agreements and stipulations with swap counterparties regarding disposition of collateral;
- negotiated agreements with U.S. Treasury and the Voluntary Employee Benefit Association regarding collateral security interests and releases;
- assisted in preparation of intellectual property schedules and deliverables due under such agreements;
- reviewed and negotiated settlement of claims; and
- reviewed and negotiated agreements relating to the sale of collateral.

d.    Schedules/Statements of Financial Affairs

- prepared and filed motion to extend the Debtors' time to file their Statements of Financial Affairs and Schedules of Assets and Liabilities, Schedules of Current Income and Expenditure, and Schedules of Executory Contracts and Unexpired Leases;
- filed affidavit and all related schedules and exhibits pursuant to Local Rule 1007-2;
- prepared and filed schedules required in connection with chapter 11 petitions;
- reviewed drafts of and participated in conferences and teleconferences with APS regarding preparation of schedules and statements; and
- participated in numerous teleconferences with U.S. Trustee regarding proper presentation of schedules and statements in light of the 363 Transaction.

e.    Corporate Governance/Corporate/Securities

- assisted in the selection and qualification of new board of directors for the Debtors and their non-Debtor subsidiaries upon closing of the 363 Transaction;
- implemented corporate name changes for various subsidiaries;
- coordinated with outside counsel for directors of the Debtors and non-Debtor subsidiaries regarding all aspects of chapter 11 cases;
- prepared for and attended meetings of the Debtors' and the non-Debtors' subsidiaries' boards of directors and drafted resolutions, minutes, and consents for same;
- prepared for and attended meetings with the Debtors and APS regarding reporting, compliance, organizational, and related matters and conducted research regarding same;
- analyzed alternatives for wind-down and dissolution of certain non-Debtor subsidiaries;
- prepared corporate resolutions and consents required for various transactions, including the 363 Transaction and the appointment and election of officers and directors for the Debtors' foreign and domestic affiliates;
- reviewed and revised various corporate organization charts;

- reviewed documents related to numerous transactions with respect to the Debtors' businesses and investments and provided related advice;
- reviewed and summarized the termination and setoff provisions of various swap agreements and facilitated resolution of various issues regarding same;
- prepared various documents, including Form 8-k, for filing with the Securities and Exchange Commission;
- researched various corporate governance issues;
- negotiated and reviewed the agreement of resignation, appointment, and acceptance which replaces the Bank of New York Mellon as trustee with Law Debenture Trustee for several series of outstanding industrial revenue bonds issued by MLC;
- advised on and drafted memo on the terms of and various claims arising out of certain debt instruments;
- engaged in discussions with the fiscal paying agent of Nova Scotia notes and Euro bonds regarding claims process and communications with note holders through Euroclear and Clearstream;
- advised the Debtors with respect to their joint venture arrangements, and reviewed, revised, and negotiated amendments to governing documents;
- advised the Debtors with respect to strategic alternatives in connection with certain subsidiaries;
- negotiated, drafted, and reviewed various nondisclosure agreements;
- prepared confidentiality agreement for use in connection with proposed GM Strasbourg sale process;
- reviewed and provided advice regarding proposed supply agreement extension with New GM; and
- reviewed and revised proposed engagement letter with Merrill Lynch with respect to GM Strasbourg.

f.    Financing

(i)    DIP Financing/Cash Collateral

- negotiated terms of DIP Facility from U.S. Treasury and EDC and drafted, revised, and reviewed documentation for DIP Facility, including term sheets, loan documents, amendments, payoff letters, wind-down facility, and notices of corporate name changes;
- coordinated and reviewed various lien searches;
- reviewed and coordinated compliance with reporting requirements under DIP Facility agreement;
- drafted a motion and proposed order and prepared for and participated in hearing to obtain authorization for the Debtors' postpetition financing and conducted related research;
- corresponded and participated in meetings and teleconferences regarding same; and

- drafted a motion and proposed order, responded to objections, and prepared for and participated in hearing to obtain authorization for the Debtors' use of cash collateral and conducted related research.

(ii)    Financing (prior to closing the 363 Transaction)

- reviewed financing documents including term sheets, guarantor resolutions, certificates, security documents, payoff letters, schedules, post-closing letters and related stock purchase agreements for U.S. Treasury loan and corresponded, prepared opinions, and participated in meetings regarding same;
- reviewed and analyzed VEBA facility, drafted and reviewed financing documents relating to same, including term sheets, guarantor resolutions, certificates, security documents, schedules, post-closing letters, and corresponded and participated in meetings regarding same;
- reviewed issues relating to financing documents, including amendments to credit agreement and equity pledge agreement, and lien searches; and
- reviewed and analyzed issues and reviewed and prepared financing documents relating to the Canadian facility, including resolutions and certificates, and corresponded and participated in meetings regarding same.

(iii)    General Business Operations

- prepared, filed, and prosecuted motion authorizing continued use of consolidated cash management system and conducted related research;
- analyzed and assisted the Debtors in understanding effect of chapter 11 cases on intercompany transfers and accounts;
- negotiated wholesale floor plan financing from GMAC for one of the Debtors;
- responded to general inquiries regarding bankruptcy process from third parties, including customers, vendors, shareholders, secured and unsecured creditors, and potential purchasers of assets;
- prepared for commencing chapter 11 cases for Remediation and Liability Management Company, Inc. and for Environmental Corporate Remediation Company, Inc.;
- conferred with the Debtors, APS, and the Committee regarding case administration and general operations in the ordinary course of business; and
- coordinated and conducted conferences, teleconferences, and meetings with the Debtors, APS, and various banking institutions regarding prepetition bank accounts, postpetition administrative freezes, threatened and potential setoffs, and postpetition account administration.

g.    Employee/ERISA/Benefits

- filed and prosecuted motion to authorize payment of employee wages and other obligations and conducted related research;
- assisted in negotiating and finalizing 363 Transaction documentation and schedules thereto and wind-down credit agreement with respect to employee issues;
- negotiated and documented United Auto Workers Retiree Settlement Agreement;
- negotiated settlements with various splinter unions and drafted motion regarding same;
- drafted reply brief to salaried retirees' motion to establish a retiree committee;
- analyzed workers compensation liabilities in various states and issues related to surety bonds;
- established employee benefits post-363 Transaction and evaluated compliance with state and federal regulations, including advice on COBRA obligations;
- responded to hundreds of telephone and e-mail inquiries from employees, former employees, and their respective beneficiaries regarding impact of chapter 11 cases on employee benefit plans and pensions;
- evaluated employee benefit claims and counseled the Debtors with respect to such claims;
- advised the Debtors with respect to Troubled Asset Relief Program ("**TARP**") executive compensation requirements;
- advised the Debtors on how to wind down their equity plans;
- reviewed the Debtors' 8-K filings for accuracy with respect to employee issues; and
- reviewed the Debtors' Form 10 filing to notify the Pension Benefit Guaranty Corporation ("**PBGC**") of bankruptcy filing.

h.    Asset Disposition/Section 363

(i)    363 Transaction

- drafted motion and related pleadings to approve the 363 Transaction, the assumption and assignment of certain executory contracts and unexpired leases, and other relief, and scheduling hearing;
- conducted and participated in numerous conferences and teleconferences with the Debtors, the U.S. Treasury, EDC, the Ad Hoc Committee of Bondholders, the USDOJ, JP Morgan Chase Bank, as syndication agent, and CiticorpUSA, Inc. as administrative agent for the prepetition revolving credit agreement, and the Committee's professionals regarding the 363 Transaction;
- negotiated and drafted 363 Transaction documents, including schedules and riders, and prepared and finalized closing checklist,

drafted closing documents, bill of sale, and indemnification agreements;

- met and conferred with board of directors and drafted resolutions regarding the 363 Transaction;

- participated in hearings to obtain Court approval of procedures for approval of the 363 Transaction;

- participated in extensive discovery regarding the 363 Transaction, including responding to numerous document requests and interrogatories, producing over 384,000 pages of documents, defending the depositions of two witnesses for the Debtors, and attending the deposition of a witness for the U.S. Treasury;

- prepared for and argued at three-day evidentiary hearing to consider approval of the 363 Transaction;

- addressed at trial a myriad of objections to the 363 Transaction and prepared and filed brief in response to the objections and in support of the 363 Transaction;

- reviewed and conducted research regarding various regulatory and real estate issues relating to the 363 Transaction;

- prepared for and attended closing of the 363 Transaction;

- responded to third-party inquiries regarding the 363 Transaction;

- responded to the motions of the Individual Accident Litigants and the Ad Hoc Committee of Asbestos Claimants, filed in the Court, for certification of appeal of the Court's Order approving the 363 Transaction directly to the United States Court of Appeals for the Second Circuit, and the motion of the Asbestos Claimants, in the alternative, for a stay pending appeal to the District Court, including researching, drafting and filing briefs and other supporting documents opposing the motions on an expedited schedule and preparing for and attending a telephonic oral argument on the motions;

- responded to the motion of the Ad Hoc Committee of Asbestos Claimants, filed in the District Court, for a stay of the order approving the 363 Transaction and an expedited appeal to the District Court, including researching, drafting and filing a brief and other supporting documents opposing the motion on an expedited schedule and preparing for and attending a video conference oral argument on the motion;

- responded to Notices of Appeal from the Court's order approving the 363 Transaction, filed by (1) the Individual Accident Litigants, (2) Radha R.M. Narumanchi, (3) Oliver Addison Parker, (4) Jin Ah Lee, Jungil Lee, Sang Chul Lee, and Dukson Lee, (5) the Ad Hoc Committee of Asbestos Claimants, (6) the IUE-CWA, and (7) Albert L. Burdick, including filing counterdesignations of additional items to be included in the record on appeal, communicating with the District Court and opposing counsel regarding coordinating related appeals, and filing motions to strike items that were improperly designated by various appellants to be included in the record on appeal; and

- researched and prepared briefs in response to the various appeals of the order approving the 363 Transaction.

(ii)    Sales of Assets Other than the 363 Transaction

- drafted, filed, and prosecuted motion to approve de minimis asset sale procedures;
- coordinated with MLC on the execution of de minimis asset sales, including drafting and negotiating sale agreements, and potential sales of shares in subsidiary dealerships;
- reviewed and revised agreements relating to GM Strasbourg, with respect to product supply, technology licensing, and engineering services; and
- evaluated alternative uses for real estate.

i.    Executory Contracts/365 Issues/Contracts/Leases/Real Property

- drafted motion to establish procedures for the assumption and assignment of prepetition executory contracts;
- established detailed procedures and formal process for assumption and assignment and rejection of executory contracts and unexpired leases of nonresidential real property;
- assisted the Debtors in formulating detailed systems and review procedures for assessing and assigning over 800,000 contracts and addressed over 650 individual objections to assumption and assignment;
- drafted seven omnibus motions to reject executory contracts and three omnibus motions to reject unexpired leases of nonresidential real property, in addition to several other rejection and assumption motions regarding specific executory contracts and leases;
- drafted rejection motion regarding dealership franchise agreements for dealers who did not accept a wind-down or participation agreement and a reply brief responding to objections filed by various dealers to the proposed rejection of their dealership franchise agreements;
- responded to discovery requests and conducted document review regarding limited discovery granted to certain dealers who objected to the rejection of their dealership franchise agreements;
- responded to creditors regarding objections to cure amounts and rejection damages claims;
- negotiated and drafted various stipulations and settlement agreements regarding the rejection and/or assumption/assignment of executory contracts and unexpired leases of nonresidential real property;
- provided detailed analyses regarding potential rejection damages claims; and
- negotiated treatment of almost $2 billion in fixed and mobile equipment leases including analysis and legal research with respect to lease agreements.

j.      Bar Date and Claims Reconciliation

    (i)     Claims Objection Litigation

- conducted research regarding class actions and class proofs of claim in bankruptcy.

    (ii)    Bar Date Motion and General Claims Reconciliation

- drafted, filed and prosecuted motion to establish bar dates;
- responded to inquiries regarding the filing of proofs of claim and the scheduling of a bar date; and
- worked with GCG to establish a claims reconciliation process.

    (iii)   Reclamation and 503(b)(9)

- filed and prosecuted motion to establish global procedures to respond to reclamation claims;
- filed and prosecuted motion to establish global procedures to respond to 503(b)(9) claims;
- reviewed and catalogued all reclamation claims and 503(b)(9) claims, and worked with GCG and the Debtors to review validity of such claims; and
- drafted the Debtors' reclamation notice which objected to various reclamation claims.

    (iv)   Administrative Expenses

- reviewed and responded to motion for payment of administrative expenses from the Environmental Testing Corporation, conducted related legal research, and drafted stipulations and orders regarding same.

k.      Automatic Stay

- reviewed and analyzed numerous motions seeking relief from automatic stay, and researched and drafted objections to and/or stipulations resolving certain of such motions;
- researched and drafted memorandum regarding applicability of automatic stay to various litigation issues, and advised the Debtors and outside counsel accordingly;
- drafted and sent hundreds of letters to prepetition and postpetition plaintiffs advising of automatic stay of litigation; and
- responded to numerous questions from plaintiffs and outside counsel regarding effect of automatic stay on litigation and possible stipulations to modify the automatic stay.

l.    Plan

- drafted, filed and prosecuted motion to obtain and subsequently obtained an extension of the Debtors' exclusive period to file chapter 11 plans and solicit acceptances thereof.

m.    Tax

- revised procedures and restrictions regarding the transfer of interests in the Debtors;
- provided advice in connection with the Master Sale and Purchase Agreement ("**MSPA**") and ancillary documents regarding the 363 Transaction and tax issues related thereto;
- negotiated and commented on the MSPA and ancillary documents regarding the DIP Facility;
- provided tax advice with respect to the organizational documents of New GM;
- assisted in responding to state taxing authorities with respect to certain of the Debtors' state tax liabilities;
- analyzed tax issues regarding the 363 Transaction;
- assisted in drafting various tax filings with respect to the 363 Transaction;
- analyzed certain property tax issues and prepetition tax issues;
- analyzed tax issues in connection with the liquidation of the Debtors' estates;
- analyzed and researched plan-related tax considerations; and
- conferred with tax counsel to the Committee regarding the 363 Transaction and plan-related considerations.

n.    Delphi

- finalized master disposition agreement (the "**Delphi DIP Lenders Agreement**") with Parnassus Holdings II, LLC ("**Parnassus**");
- negotiated loan and security agreement and other related agreements related to Parnassus;
- reviewed drafts of Delphi's chapter 11 plan modifications and supplement to disclosure statement order;
- prepared amendments to accommodation agreement;
- attended to Delphi's litigation with plan investors;
- prepared and prosecuted motion to approve entry into Delphi DIP Lenders Agreement and related agreements and attended to resolving objections to same;
- attended Delphi hearings to approve entry into the Delphi DIP Lenders Agreement and related financing documents;
- participated in numerous calls and meetings with the Debtors, Evercore Group, L.L.C. ("**Evercore**"), the U.S. Treasury, counsel to the U.S. Treasury, Delphi, counsel to Delphi, and Delphi's DIP lenders

regarding Delphi plan modifications and the Delphi DIP Lenders Agreement;

- analyzed issues relating to auction and bidding procedures with respect to Delphi DIP Lenders Agreement, including issues regarding credit bidding;
- reviewed and participated in settlement negotiations with PBGC; and
- responded to Delphi Creditors' Committee's subpoena and discovery requests regarding same.

o.     Insurance

- filed and prosecuted motion and proposed order to obtain authority for the Debtors to continue their workers compensation, liability, property, and other insurance programs and to pay certain prepetition obligations in connection therewith;
- reviewed and analyzed the Debtors' various insurance policies and coverage, and corresponded and participated in meetings and teleconferences with the Debtors regarding the same;
- addressed issues and responded to multiple inquiries from the Debtors regarding insurance coverage;
- engaged in multiple telephone calls and discussions with the Debtors and obtained extensions/renewals of certain insurance policies; and
- performed research regarding various insurance-related issues.

p.     Customer/Vendor/Supplier/Dealer

- filed and prosecuted motion to pay essential suppliers and foreign vendors;
- reviewed and filed monthly critical vendor payment reports submitted to the U.S. Trustee;
- negotiated voluntary dealership franchise termination agreements with several dealerships;
- conducted discovery regarding the rejection of certain dealership franchise agreements;
- negotiated and executed supplier assumption and assignment agreements;
- addressed issues and responded to thousands of substantive inquiries from customers, vendors, suppliers and dealers;
- coordinated the termination of dealership franchise agreements with several bankrupt dealerships; and
- reviewed and analyzed dealership rationalization and reduction program.

q.    Utilities

- filed and prosecuted motion to establish procedures for resolving objections by utility companies, and to prohibit utilities from altering, refusing, or discontinuing service;
- researched utilities issues and conferred with the Debtors and utility providers regarding same; and
- assisted the Debtors in maintaining utility services for each of their respective properties.

r.    Litigation

- drafted motion to dismiss complaint filed by Narumanchi and drafted affidavit relating to same;
- drafted reply memorandum of law in further support of the Debtors' motion to dismiss Narumanchi complaint;
- prepared for and participated in oral argument on the motion to dismiss Narumanchi complaint;
- drafted order and final judgment dismissing the Narumanchi complaint and the notice of settlement of order;
- reviewed and responded to non-bankruptcy litigation claims, class action issues, and Bankruptcy Rule 2004 discovery requests;
- coordinated with various state courts regarding non-bankruptcy litigation;
- drafted motion and researched issues regarding enlarging removal period;
- responded to document requests, motions and applications pursuant to Bankruptcy Rule 2004 filed by Remy International; Federal Republic of Germany; David and Julie Brittingham; and The Schaefer Group Inc.; and
- coordinated document collection and investigation matters with New GM, and communicated with above parties in attempting to resolve Bankruptcy Rule 2004 motions consensually.

s.    International

- negotiated English law security documentation relating to EUR 1.5 billion revolving credit facility including guarantees, share charges, and fixed security agreements;
- negotiated deeds of subordination in relation to intercompany lending arrangements;
- drafted and negotiated corporate approval documentation in relation to General Motors UK Limited, IBC Vehicles Limited, VHC Sub-Holdings (UK) and GM Automotive UK;
- drafted English law legal opinion and satisfaction of conditions relating to English security providers under the terms of the revolving credit facility;

- finalized GM Europe reorganization;
- reviewed documentation and coordinated WGM London team in relation to Adam Opel bridge facility agreement;
- drafted local share transfer documentation in relation to transfer of GM Europe first-tier subsidiaries in connection with the 363 Transaction and coordinated completion of European aspects of 363 Transaction;
- participated in discussions regarding transfer of joint ventures and required consents from joint venture counterparties;
- participated in discussions regarding assumption of contracts in relation to 363 Transaction and assignment of security; and
- coordinated with MLC and counsel to U.S. Treasury regarding payment of United Kingdom stamp duty in connection with the 363 Transaction.

t.    Environmental

- analyzed environmental liabilities at owned sites, superfund sites, and other third-party owned sites;
- worked with environmental consultants on analysis of environmental liabilities, including review of site reports and studies to project environmental liabilities;
- attended meetings with governmental regulators and U.S. Treasury officials regarding budget for resolving environmental claims and liabilities;
- prepared presentations to federal and state officials regarding environmental issues, including the United States Environmental Protection Agency, the USDOJ, and state officials from New York, New Jersey, Ohio, Michigan, and Indiana; and
- interviewed and attended meetings with environmental staff and attorneys regarding environmental liabilities.

u.    WGM Retention/Billing/Fee Applications

- prepared and filed WGM retention application, affidavit, and supplemental affidavits and conducted related research;
- maintained and updated list of parties in interest for conflicts purposes for WGM and other retained professionals; and
- reviewed monthly billing summary report and prepared monthly fee statements in compliance with the Guidelines.

v.    Retention of Professionals

(i)    Ordinary Course Professionals

- reviewed and assessed the Debtors' needs to retain professionals and drafted and filed motion to retain professionals in the ordinary course of business;

- drafted and reviewed retention questionnaire and form declaration in connection with same and conducted related research;
- conferred with the Debtors and ordinary course professionals regarding retention procedures and conflicts issues;
- assisted the Debtors in negotiating engagement letters with ordinary course professionals and reviewed historic payment terms;
- conferred with U.S. Trustee regarding ordinary course professional issues and confirmed compliance with the Guidelines; and
- conferred with ordinary course professionals regarding impact of the 363 Transaction on engagement.

(ii)     Other Professionals

- filed and prosecuted motion and proposed order approving procedures for interim compensation of retained professionals and conducted related research;
- drafted the Debtors' applications to retain various professionals, including APS and Evercore, and assisted with affidavits and monthly fee statements;
- reviewed retention applications for professionals retained by the Committee;
- participated in hearings regarding retention applications;
- conferred with various applicants regarding scope of retention, terms of compensation, and related issues;
- conferred with U.S. Trustee regarding various retention issues;
- drafted application and obtained Court approval to retain GCG;
- reviewed monthly fee statements of various professionals;
- assisted in implementation of the MSPA regarding assumption of certain professional expenses; and
- responded to objections to retention applications and facilitated resolution thereof.

38.    The foregoing professional services performed by WGM were actual,

necessary, and appropriate to the administration of the Debtors' chapter 11 cases.  The

professional services performed by WGM were in the best interests of the Debtors and other

parties in interest and critical to the successful implementation of the 363 Transaction.

Compensation for such services as requested is commensurate with the complexity, importance,

and nature of the issues and tasks involved.  The professional services were performed

expeditiously and efficiently.

39.     The professional services performed by members and associates of WGM were rendered by the Business Finance & Restructuring, Corporate, Litigation, and Tax Departments in several offices.  WGM has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 115 attorneys that specialize in this area of law.

40.     The professional services performed by WGM on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 36,769.70 recorded hours by WGM's members, counsel, associates, summer associates, law clerks, and paraprofessionals. Of the aggregate time expended, 7,659.20 recorded hours were expended by partners and counsel of WGM, 21,271.60 recorded hours were expended by associates, 761.10 recorded hours were expended by summer associates, 233.60 hours were expended by law clerks, and 6,844.20 recorded hours were expended by paraprofessionals of WGM.

41.     During the Compensation Period, WGM billed the Debtors for time expended by attorneys based on hourly rates ranging from $355 to $950 per hour for domestic attorneys and $260 to $1,000 for foreign attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $565.21 (based on 28,930.80 recorded hours for attorneys at WGM's regular billing rates in effect at the time of the performance of services).

**Actual and Necessary Disbursements of WGM**

42.     As set forth in Exhibit C hereto, WGM has disbursed $595,206.67 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases. For example, the novel legal issues involved by reason of the scope of the Debtors' businesses and

the need to proceed expeditiously with the 363 Transaction to maximize value required WGM attorneys to work long hours, engage in numerous long distance and international communications, and perform considerable computerized research in order to effectively prosecute the 363 Transaction and the Debtors' chapter 11 cases.

43.     The time constraints facing the Debtors, along with the sheer magnitude of tasks generated by these cases, have required WGM's attorneys and other employees to devote significant time during the evenings and on weekends to perform legal services on behalf of the Debtors.  Such services were essential to the maximization of enterprise value, timely respond to motions and objections, and to satisfy the extraordinary demands of the Debtors' businesses and the administration of these complex chapter 11 cases, and, in particular, effecting the 363 Transaction.

44.     While WGM has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of WGM who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation from the office to home.  WGM's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the UST Guidelines.

45.     With respect to photocopying expenses, WGM charges all of its clients $.10 per page.  With respect to facsimile expenses, in compliance with the UST Guidelines, WGM does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than the $1.25 per page amount permitted by the UST Guidelines.  Each of these categories of expenses does not exceed the maximum rate set

by the UST Guidelines.  These charges are intended to cover WGM's direct operating costs,

which costs are not incorporated into the WGM hourly billing rates.  Only clients who actually

use services of the types set forth in Exhibit B are separately charged for such services.  The effect

of including such expenses as part of the hourly billing rates would impose that cost upon clients

who do not require extensive photocopying and other facilities and services.  The amount of the

standard photocopying charge is intended to allow WGM to cover the related expenses of

its photocopying service.  A determination of the actual expenses per page for photocopying,

however, is dependent on both the volume of copies and the total expenses attributable to

photocopying on an annual basis.

46.     In addition, because of the global scope of the Debtors' businesses, frequent

long distance and international telephone calls were required.  On many occasions, overnight

delivery of documents and other materials was required as a result of circumstances necessitating

the use of such express services.  These disbursements are not included in WGM's overhead for

the purpose of setting billing rates.  WGM has made every effort to minimize its disbursements in

these cases.  The actual expenses incurred in providing professional services were absolutely

necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors,

their estates, and creditors.

## The Requested Compensation Should Be Allowed

47.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a

professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  *Id.*

§ 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

48.     In the instant case, WGM submits that the services for which it seeks

compensation and the expenditures for which it seeks reimbursement in this Application were

necessary for and beneficial to the preservation and maximization of value for all stakeholders and

to the orderly administration of the Debtors' chapter 11 estates.  WGM worked assiduously to

anticipate or respond to the issues that have arisen and played a critical role in assuring that the

363 Transaction was effected expeditiously, economically and seamlessly.  Such services and

expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  The

compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

49.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed expediently and efficiently.  Whenever possible, WGM sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration.  Groups of the same WGM attorneys were utilized for similar tasks in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances.

50.     In sum, the services rendered by WGM were necessary and beneficial to the Debtors' estate and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

51.     Notice of this Application has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

52.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## Conclusion

53.     WGM respectfully requests the Court enter an Order authorizing (i) an interim allowance of compensation for professional services rendered during the Compensation

Period in the amount of $18,506,169.92, consisting of $17,910,963.25, representing 100% of fees

incurred during the Compensation Period, and reimbursement of $595,206.67, representing 100%

of actual and necessary expenses incurred during the Compensation Period; (ii) that the allowance

of such compensation for professional services rendered and reimbursement of actual and

necessary expenses incurred be without prejudice to WGM's right to seek additional

compensation for services performed and expenses incurred during the Compensation Period,

which were not processed at the time of this Application; (iii) directing payment by the Debtors of

the difference between the amounts allowed and the amounts previously paid by the Debtors

pursuant to the Administrative Order; and (iv) such other and further relief as is just.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: New York, New York
      January 13, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **Exhibit A**

## **Certification**

**Hearing Date and Time: February 10, 2010 at 9:45 a. m. (Eastern Time)**
**Objection Date and Time:  February 3, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :     09-50026 (REG)
        f/k/a General Motors Corp., et al.     :
                                          :
                    Debtors.              :     (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**CERTIFICATION UNDER GUIDELINES FOR FEES
AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT
OF FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Stephen Karotkin, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges LLP

("**WGM**"), with responsibility for the chapter 11 cases of Motors Liquidation Company (f/k/a

General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors and debtors in

possession in the above-captioned cases (collectively with MLC, the "**Debtors**"), in respect of

compliance with the Guidelines for Fees and Disbursements for Professionals in Southern District

of New York Bankruptcy Cases adopted by the Court on June 20, 1991 (the "**Fee and

Disbursement Guidelines**") and the Amended Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "**Amended Guidelines**," and together with the Fee and Disbursement Guidelines, the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711] (the "**Administrative Order**," and together with the Local Guidelines and the UST Guidelines, the "**Guidelines**").

2.       This certification is made in respect of WGM's application, dated January 13, 2010 (the "**Application**"), for interim compensation and reimbursement of expenses for the period commencing June 1, 2009 through and including September 30, 2009 (the "**Compensation Period**") in accordance with the Guidelines.

3.       In respect of section 2 of the Fee and Disbursement Guidelines, I certify that the Debtors reviewed the fee application and have approved it.

4.       In respect of section B.1 of the Local Guidelines, I certify that:

      a.       I have read the Application;

      b.       to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

      c.       the fees and disbursements sought are billed at rates in accordance with those customarily charged by WGM and generally accepted by WGM's clients; and

      d.       in providing a reimbursable service, WGM does not make a profit on that service, whether the service is performed by WGM in-house or through a third party.

5.       In respect of section B.2 of the Amended Guidelines and as required by the Administrative Order, I certify that WGM has complied with these provisions requiring it to

provide counsel for the statutory committee of unsecured creditors appointed in these cases (the

"**Committee**") and the Debtors, with a statement of WGM's fees and disbursements accrued

during the previous month, although, due to the exigencies of these cases, such statements were

not always provided within the exact timetables set forth in the Administrative Order.

   6. In respect of section B.3 of the Local Guidelines, I certify that the Debtors,

attorneys for the Committee, and the United States Trustee for the Southern District of New York

are each being provided with a copy of the Application.

Dated:  New York, New York
   January 13, 2010


         /s/ Stephen Karotkin
         Harvey R. Miller
         Stephen Karotkin
         Joseph H. Smolinsky

         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for Debtors
         and Debtors in Possession

**Exhibit B**

**Summary of First Interim Fee Application of
Weil, Gotshal & Manges LLP for Services Rendered
for the Period June 1, 2009 Through September 30, 2009**

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED[1] | | HOURLY BILLING RATE[2] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSELS:** | | | | | |
| Miller, Harvey R. | BFR | 1958 | $950.00 | 435.20 | $   412,490.00 |
| Berz, David R. | LR | 1973 | $860.00 | 853.70 | $   730,527.00 |
| Waksman, Ted S. | CORP | 1974 | $925.00 | 180.90 | $   167,332.50 |
| Warren, Irwin H. | LR | 1975 | $950.00 | 414.80 | $   394,060.00 |
| Guy, Ray T. | LR | 1976 | $850.00 | 189.90 | $   161,415.00 |
| Karotkin, Stephen | BFR | 1977 | $950.00 | 620.20 | $   582,492.50 |
| Hird, David B. | LR | 1977 | $790.00 | 69.70 | $   55,063.00 |
| Tanenbaum, Jeffrey L. | BFR | 1977 | $950.00 | 228.00 | $   216,600.00 |
| Bernstein, Andrea | CORP | 1978 | $860.00 | 24.50 | $   21,070.00 |
| Epstein, Michael A. | CORP | 1980 | $950.00 | 16.70 | $   15,865.00 |
| Francies, Mike (London Office) | CORP | 1981 | $1,000.00 | 31.70 | $   31,700.00 |
| Gietz, Raymond O. | CORP | 1982 | $900.00 | 227.00 | $   199,575.00 |
| Blanchard, Kimberly S. | TAX | 1982 | $900.00 | 122.20 | $   109,980.00 |
| Bahlke, Conrad G. | CORP | 1985 | $790.00 | 22.20 | $   17,538.00 |
| Gregory, Holly J. | CORP | 1987 | 810.00 | 11.10 | $   8,991.00 |
| Kam, Michael K. | TAX | 1987 | $875.00 | 53.80 | $   47,075.00 |
| Peck, Steven M. | CORP | 1987 | $790.00 | 23.70 | $   18,723.00 |
| Connolly, Annemargaret | CORP | 1988 | $790.00 | 43.30 | $   34,207.00 |
| Chandler, Todd R. | CORP | 1993 | $790.00 | 51.70 | $   40,843.00 |
| Goldring, Stuart J. | TAX | 1984 | $900.00 | 149.70 | $   134,730.00 |

---

[1] BFR- Business Finance & Restructuring,  CORP – Corporate,  LR – Litigation/Regulatory,  TAX – Tax,      S – Securitization,  LS – Litigation Support,  SA – Summer Associate,  * Not yet admitted to the bar.

[2] The conversion date used for determining billing rates in U.S. dollars for our European offices was the first day of the month for each billing period.

| | | | | | | |
|---|---|---|---|---|---|---|
| Mette, Daniel J. | CORP | 1984 | $825.00 | 28.60 | $ | 23,595.00 |
| Lefkowitz, David S. | CORP | 1987 | $950.00 | 50.20 | $ | 47,690.00 |
| Dedyo, John J. | CORP | 1989 | $850.00 | 21.00 | $ | 17,850.00 |
| Smolinsky, Joseph H. | BFR | 1989 | $825.00 | 781.00 | $ | 642,881.25 |
| Reid, Penny P. | LR | 1989 | $850.00 | 42.30 | $ | 35,955.00 |
| Boerst, Juergen (Frankfurt Office) | CORP | 1991 | $805.00 | 148.60 | $ | 119,623.00 |
| Boerst, Juergen (Frankfurt Office) | CORP | 1991 | $745.00 | 60.40 | $ | 44,998.00 |
| Grauke, Stephan K. (Frankfurt Office) | CORP | 1991 | $805.00 | 22.90 | $ | 18,434.50 |
| Ginsburg, Richard A. | CORP | 1994 | $790.00 | 193.70 | $ | 153,023.00 |
| Landau, Malcolm E. | CORP | 1994 | $790.00 | 11.90 | $ | 9,401.00 |
| Azcuy-Diaz, Beatriz | CORP | 1994 | $725.00 | 147.00 | $ | 106,575.00 |
| Cole, James (London Office) | CORP | 1994 | $1,000.00 | 1.50 | $ | 1,500.00 |
| Cole, James (London Office) | CORP | 1994 | $970.00 | 16.50 | $ | 16,005.00 |
| Druon, Philippe (Paris Office) | BFR | 1996 | $910.00 | 24.70 | $ | 22,477.00 |
| Osterman, Jeffrey D. | CORP | 1996 | $790.00 | 62.50 | $ | 49,375.00 |
| Albanese, Anthony J. | LR | 1997 | $760.00 | 73.20 | $ | 55,632.00 |
| Neuwirth, John A. | LR | 1997 | $760.00 | 257.00 | $ | 195,320.00 |
| Zawadowski, Artur (Warsaw Office) | CORP | 1997 | $695.00 | 6.20 | $ | 4,309.00 |
| Zawadowski, Artur (Warsaw Office) | CORP | 1997 | $645.00 | 5.50 | $ | 3,547.50 |
| Shim, Soo-Jin | CORP | 1998 | $725.00 | 384.00 | $ | 278,400.00 |
| Do, Danielle D. | CORP | 2000 | $725.00 | 37.40 | $ | 27,115.00 |
| Lemons, Robert J. | BFR | 2001 | $725.00 | 192.60 | $ | 139,635.00 |
| Sipple, John M. (Counsel) | LR | 1980 | $740.00 | 46.90 | $ | 34,706.00 |
| Baer, Lawrence J. (Counsel) | LR | 1984 | $700.00 | 100.30 | $ | 70,210.00 |
| Ferrillo, Paul A. (Counsel) | LR | 1989 | $700.00 | 158.70 | $ | 111,090.00 |
| Meises, Michele J. (Counsel) | BFR | 1992 | $650.00 | 757.30 | $ | 492,245.00 |
| O'Loughlin, Jr. John B. (Counsel) | LR | 1996 | $650.00 | 39.90 | $ | 25,935.00 |
| Waldbaum, Brian A. (Counsel) | CORP | 1999 | $650.00 | 29.50 | $ | 19,175.00 |
| Bronson, Ardith (Counsel) | LR | 2000 | $650.00 | 73.20 | $ | 47,580.00 |
| Other Partners and Counsel (fewer than 10 hours per person) | | | $490.00 - $1,000.00 | 114.70 | $ | 95,310.00 |
| **Total Partners and Counsel** | | | | **7659.20** | | **$6,309,869.25** |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Nagar, Roshelle A. | CORP | 1989 | $640.00 | 23.50 | $ 15,040.00 |
| Butenas, John | CORP | 1991 | $600.00 | 48.80 | $ 29,280.00 |
| Smith, Leslie S. | CORP | 1995 | $640.00 | 334.30 | $ 213,952.00 |
| Martialay, Elizabeth A. | CORP | 1996 | $580.00 | 12.20 | $ 7,076.00 |
| Adamich, JoLee | CORP | 1998 | $580.00 | 125.60 | $ 72,848.00 |
| Dummer, David W. | LR | 1999 | $640.00 | 280.00 | $ 176,512.00 |
| Jarmer, Christine T. | CORP | 1999 | $630.00 | 52.30 | $ 32,949.00 |
| Meyrowitz, Melissa | CORP | 1999 | $640.00 | 10.40 | $ 6,656.00 |
| Buchwaldt, Konrad V. (Frankfurt Office) | CORP | 2000 | $525.00 | 6.70 | $ 3,517.50 |
| Buchwaldt, Konrad V. (Frankfurt Office) | CORP | 2000 | $485.00 | 30.20 | $ 14,647.00 |
| Law, Erin J. | LR | 2000 | $640.00 | 104.50 | $ 66,880.00 |
| Shiffman, Jonathan | LR | 2000 | $640.00 | 187.00 | $ 119,680.00 |
| Spizzichino, Lionel (Paris Office) | BFR | 2000 | $700.00 | 35.00 | $ 24,500.00 |
| Amsel, Joshua S. | LR | 2001 | $640.00 | 337.80 | $ 216,192.00 |
| Morton, Matthew D. | LR | 2001 | $580.00 | 309.60 | $ 178,698.00 |
| Perheentupa, Ilkka I. | CORP | 2001 | $580.00 | 51.60 | $ 29,928.00 |
| Platkov, Margarita | LR | 2001 | $580.00 | 29.80 | $ 17,284.00 |
| Auchterlonie, Sarah J. | LR | 2002 | $610.00 | 56.90 | $ 34,709.00 |
| Berkovich, Ronit J. | BFR | 2002 | $630.00 | 832.10 | $ 523,750.50 |
| Burshtine, Ram | CORP | 2002 | $640.00 | 443.00 | $ 283,520.00 |
| Gandhi, Ashish D. | LR | 2002 | $630.00 | 236.30 | $ 148,869.00 |
| Hahn, Arlene A. | CORP | 2002 | $640.00 | 107.20 | $ 68,608.00 |
| Kohl, Michael (Frankfurt Office) | CORP | 2002 | $585.00 | 42.50 | $ 24,862.50 |
| Kohl, Michael (Frankfurt Office) | CORP | 2002 | $630.00 | 85.30 | $ 53,739.00 |
| Landen, Ronald A. | CORP | 2002 | $640.00 | 76.80 | $ 49,152.00 |
| Malloy, Lavell | LR | 2002 | $610.00 | 22.90 | $ 13,969.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Bremer, Carmen | LR | 2003 | $580.00 | 46.30 | $ | 26,854.00 |
| Davis, Amanda L. | CORP | 2003 | $580.00 | 18.80 | $ | 10,904.00 |
| Frontczak, Morgan F. | LR | 2003 | $630.00 | 141.30 | $ | 89,019.00 |
| Goslin, Thomas D. | LR | 2003 | $500.00 | 475.40 | $ | 237,700.00 |
| Krausgrill, Björn (Frankfurt Office) | TAX | 2003 | $420.00 | 16.00 | $ | 6,720.00 |
| Krausgrill, Björn (Frankfurt Office) | TAX | 2003 | $390.00 | 4.80 | $ | 1,872.00 |
| Mapes, Justin G. | CORP | 2003 | $580.00 | 319.90 | $ | 185,542.00 |
| Oken, Rima J. | LR | 2003 | 610.00 | 29.50 | $ | 17,995.00 |
| Allen, Margaret H. | LR | 2004 | $540.00 | 131.30 | $ | 69,147.00 |
| Delaney, Edwin M. | LR | 2004 | $540.00 | 33.00 | $ | 17,820.00 |
| Empting, Tobias (Frankfurt Office) | CORP | 2004 | $420.00 | 25.00 | $ | 10,500.00 |
| Empting, Tobias (Frankfurt Office) | CORP | 2004 | $390.00 | .50 | $ | 195.00 |
| Firestone, Michael | LR | 2004 | $580.00 | 17.30 | $ | 10,034.00 |
| Goodman, Max A. | TAX | 2004 | $580.00 | 168.90 | $ | 97,962.00 |
| Herman, Michelle F. | CORP | 2004 | $580.00 | 34.20 | $ | 19,836.00 |
| Karl, Jeannie | CORP | 2004 | $540.00 | 10.20 | $ | 5,508.00 |
| Konig, Robert | CORP | 2004 | $500.00 | 30.80 | $ | 15,400.00 |
| Schroeder, Friederike (Frankfurt Office) | CORP | 2004 | $385.00 | 37.20 | $ | 14,322.00 |
| Schroeder, Friederike (Frankfurt Office) | CORP | 2004 | $355.00 | 30.00 | $ | 10,650.00 |
| Solow, Heather R. | LR | 2004 | $580.00 | 33.20 | $ | 19,256.00 |
| Stewart, Benjamin | LR | 2004 | $500.00 | 33.20 | $ | 16,600.00 |
| Westerman, Gavin | CORP | 2004 | $580.00 | 31.50 | $ | 18,270.00 |
| Bailhache, Geoffrey W. (London Office) | CORP | 2005 | $660.00 | 8.90 | $ | 5,874.00 |
| Bailhache, Geoffrey W. (London Office) | CORP | 2005 | $620.00 | 49.00 | $ | 30,380.00 |
| Blanchard, Aimee N. | LR | 2005 | $500.00 | 264.00 | $ | 129,875.00 |
| Breidenbach, Michael | TAX | 2005 | $500.00 | 34.30 | $ | 17,150.00 |
| Comer, Samuel J. | CORP | 2005 | $540.00 | 12.50 | $ | 6,750.00 |
| Godhard, Peter | CORP | 2005 | $465.00 | 166.30 | $ | 77,329.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Imam, Anwar | LR | 2005 | $500.00 | 44.30 | $ | 22,150.00 |
| Jacobs, Barry A. | CORP | 2005 | $540.00 | 138.10 | $ | 73,359.00 |
| Kim, Hyun K. | CORP | 2005 | $540.00 | 19.20 | $ | 10,368.00 |
| Lederman, Evan S. | BFR | 2005 | $500.00 | 948.90 | $ | 474,450.00 |
| Lichter, Jason | LR | 2005 | $540.00 | 25.90 | $ | 13,986.00 |
| Maletic, Michael T. | LR | 2005 | $500.00 | 35.60 | $ | 17,800.00 |
| Meade, Kevin F. | LR | 2005 | $540.00 | 15.30 | $ | 8,262.00 |
| Morneau, Jeff M. | CORP | 2005 | $540.00 | 295.50 | $ | 159,570.00 |
| Ostroff, Eric W. | LR | 2005 | $540.00 | 63.50 | $ | 34,290.00 |
| Protzmann, Laura J. | LR | 2005 | $540.00 | 20.40 | $ | 11,016.00 |
| Razavilar, Pejman | CORP | 2005 | $580.00 | 31.80 | $ | 18,444.00 |
| Roesch, Robert C. | LR | 2005 | $500.00 | 30.00 | $ | 15,000.00 |
| Taylor, Amber D. | LR | 2005 | $500.00 | 64.70 | $ | 32,350.00 |
| Vron, Victoria | BFR | 2005 | $540.00 | 96.90 | $ | 52,326.00 |
| Woller, Scott D. | LR | 2005 | $540.00 | 58.90 | $ | 31,806.00 |
| Woodworth, Andrew J. | CORP | 2005 | $540.00 | 27.60 | $ | 14,904.00 |
| Bayles, Seth A. | LR | 2006 | $500.00 | 224.40 | $ | 112,200.00 |
| Chandis, Vanessa | LR. | 2006 | $465.00 | 108.50 | $ | 50,452.50 |
| Chapman, Hillary G. | LR | 2006 | $465.00 | 49.20 | $ | 22,878.00 |
| Chow, Bernice | CORP | 2006 | $465.00 | 317.50 | $ | 147,637.50 |
| Compagna, Brian | LR | 2006 | $465.00 | 88.40 | $ | 41,106.00 |
| Kaplan, Jaime S. | LR | 2006 | $500.00 | 100.10 | $ | 50,050.00 |
| Kulawik, Tomasz | CORP | 2006 | $355.00 | 78.00 | $ | 27,690.00 |
| Levine, Alexander | LR | 2006 | $500.00 | 112.00 | $ | 56,000.00 |
| Magno, Georgia | LR | 2006 | $540.00 | 131.30 | $ | 70,902.00 |
| Ng, Alexander W. | LR | 2006 | $500.00 | 48.20 | $ | 24,100.00 |
| Noury, Anne-Sophie (Paris Office) | BFR | 2006 | $525.00 | 50.50 | $ | 26,512.50 |
| O'Connell, Dean W. (London Office) | LR | 2006 | $560.00 | 19.80 | $ | 11,088.00 |
| Pellafone, Ricardo P. | LR | 2006 | $465.00 | 48.90 | $ | 22,738.50 |
| Rosenthal, Danielle | LR | 2006 | $500.00 | 13.30 | $ | 6,650.00 |
| Sadlak, Kristina A. | LR | 2006 | $465.00 | 16.40 | $ | 7,626.00 |
| Seltzer, Steven | CORP | 2006 | $465.00 | 50.50 | $ | 23,482.50 |

| Spencer, Danitra T. | LR | 2006 | $540.00 | 51.60 | $ | 27,864.00 |
|---|---|---|---|---|---|---|
| Vermeille, Sophie (Paris Office) | CORP | 2006 | $525.00 | 4.00 | $ | 2,100.00 |
| Vermeille, Sophie (Paris Office) | CORP | 2006 | $485.00 | 7.00 | $ | 3,395.00 |
| White, Sean (London Office) | CORP | 2006 | $660.00 | 24.90 | $ | 16,434.00 |
| White, Sean (London Office) | CORP | 2006 | $620.00 | 56.80 | $ | 35,216.00 |
| Baldwin, Kristin L. | LR | 2007 | $465.00 | 23.60 | $ | 10,974.00 |
| Bosshard-Blackey, Elizabeth | LR | 2007 | $415.00 | 71.50 | $ | 29,672.50 |
| Carter, Startlett A. | CORP | 2007 | $465.00 | 69.70 | $ | 32,410.50 |
| Christensen, Evert J. | LR | 2007 | $415.00 | 336.60 | $ | 139,689.00 |
| Grabill, Jeremy T. | LR | 2007 | $465.00 | 116.10 | $ | 53,986.50 |
| Hewitt, Penelope (London Office) | CORP | 2007 | $530.00 | 36.70 | $ | 19,451.00 |
| Hewitt, Penelope (London Office) | CORP | 2007 | $470.00 | 52.90 | $ | 24,863.00 |
| Jaclyn, Elisa | LR | 2007 | $465.00 | 108.50 | $ | 50,452.50 |
| Lehson, Alexandra | CORP | 2007 | $415.00 | 149.70 | $ | 60,154.25 |
| O'Connor, John T. | LR | 2007 | $415.00 | 72.40 | $ | 30,046.00 |
| Pais, Harsh | CORP | 2007 | $465.00 | 498.00 | $ | 231,570.00 |
| Pancholy, Ritu | LR | 2007 | $465.00 | 91.20 | $ | 42,408.00 |
| Pierce, Nathan M. | BFR | 2007 | $415.00 | 576.40 | $ | 239,206.00 |
| Powers, Dana K. | LR | 2007 | $415.00 | 28.90 | $ | 11,993.50 |
| Rosen, Marc B. | CORP | 2007 | $465.00 | 57.40 | $ | 26,691.00 |
| Seymour, Jennifer A. | CORP | 2007 | $415.00 | 137.90 | $ | 57,228.50 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $595.00 | .80 | $ | 476.00 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $530.00 | 5.60 | $ | 2,968.00 |
| Speake, Alicia L. (London Office) | CORP | 2007 | $495.00 | 14.00 | $ | 6,930.00 |
| Tran, Diem | LR | 2007 | $465.00 | 126.40 | $ | 58,776.00 |
| Wagener, Jackson P. | LR | 2007 | $500.00 | 135.40 | $ | 67,700.00 |
| White, Richard L. | CORP | 2007 | $415.00 | 110.70 | $ | 45,940.50 |
| Wine, Jennifer L. | LR | 2007 | $465.00 | 82.60 | $ | 38,409.00 |
| Benfield, Brianna N. | LR | 2008 | $355.00 | 431.20 | $ | 153,076.00 |
| Beyer, Stefanie K. | BFR | 2008 | $415.00 | 11.10 | $ | 4,606.50 |

| Biernacki, Jakub | CORP | 2008 | $415.00 | 40.50 | $ | 16,807.50 |
|---|---|---|---|---|---|---|
| Bronder, Vigdis | CORP | 2008 | $415.00 | 43.80 | $ | 18,177.00 |
| Burns, Gregory C. | TAX | 2008 | $465.00 | 148.80 | $ | 69,192.00 |
| Crews, Kevin T. | CORP | 2008 | $355.00 | 72.70 | $ | 25,808.50 |
| Davidson, Kasara E. | CORP | 2008 | $415.00 | 113.30 | $ | 47,019.50 |
| Forlenza, Justin | CORP | 2008 | $415.00 | 325.90 | $ | 135,248.50 |
| Freda, Lucia | LR | 2008 | $415.00 | 62.60 | $ | 25,979.00 |
| Gail, David B. | CORP | 2008 | $355.00 | 87.10 | $ | 30,920.50 |
| Hines, Nichole | LR | 2008 | $415.00 | 172.30 | $ | 71,504.50 |
| Kalayoglu, Sinan | CORP | 2008 | $415.00 | 79.40 | $ | 32,951.00 |
| Laken, Lacey | BFR | 2008 | $415.00 | 742.40 | $ | 308,096.00 |
| Lee, June K. | LR | 2008 | $415.00 | 12.40 | $ | 5,146.00 |
| Nerwal, Mavnick B. (London Office) | TAX | 2008 | $470.00 | 19.10 | $ | 8,977.00 |
| Nerwal, Mavnick B. (London Office) | TAX | 2008 | $440.00 | 6.80 | $ | 2,992.00 |
| Offir, Itay | CORP | 2008 | $415.00 | 51.50 | $ | 21,372.50 |
| Pae, Joonbeom | TAX | 2008 | $415.00 | 115.20 | $ | 47,808.00 |
| Pathmanaban, Giriraj | LR | 2008 | $415.00 | 24.40 | $ | 10,126.00 |
| Pruzansky, Jason | LR | 2008 | $415.00 | 156.00 | $ | 64,740.00 |
| Quinn, Georgia P. | CORP | 2008 | $415.00 | 85.50 | $ | 35,482.50 |
| Roistacher, Layne | LR | 2008 | $415.00 | 41.80 | $ | 17,347.00 |
| Smith, Jeremy (London Office) | CORP | 2008 | $495.00 | 51.40 | $ | 25,443.00 |
| Smith, Jeremy (London Office) | CORP | 2008 | $440.00 | 34.30 | $ | 15,092.00 |
| Smith, Michael C. | LR | 2008 | $465.00 | 31.70 | $ | 14,740.50 |
| Trivedi, Sujan H. | LR | 2008 | $465.00 | 99.40 | $ | 46,221.00 |
| Weinstock, David Duffo | CORP | 2008 | $415.00 | 50.70 | $ | 21,040.50 |
| Yarnall, Jessica L. | LR | 2008 | $415.00 | 32.20 | $ | 13,363.00 |
| Arons, Andrew | CORP | 2009 | $355.00 | 408.50 | $ | 145,017.50 |
| Astorga, Patricia | LR | 2009 | $355.00 | 84.20 | $ | 29,891.00 |
| Baudler, Matthew | LR | 2009 | $355.00 | 112.40 | $ | 39,902.00 |
| Cutting, Dionne | CORP | 2009 | $415.00 | 141.40 | $ | 58,681.00 |
| Depowski, Kristen Leigh | CORP | 2009 | $355.00 | 32.70 | $ | 11,608.50 |
| Evans, Christopher L. | LR | 2009 | $355.00 | 76.50 | $ | 27,157.50 |

| Falabella, Pablo | BFR | 2009 | $415.00 | 706.00 | $ | 292,990.00 |
|---|---|---|---|---|---|---|
| Fasbender, Jordan R. | CORP | 2009 | $355.00 | 12.80 | $ | 4,544.00 |
| Foley, Jared | LR | 2009 | $355.00 | 103.70 | $ | 36,813.50 |
| Hatcher, R. Todd T. | TAX | 2009 | $355.00 | 82.40 | $ | 29,252.00 |
| House, Maxine (London Office) | CORP | 2009 | $470.00 | .80 | $ | 376.00 |
| House, Maxine (London Office) | CORP | 2009 | $295.00 | .90 | $ | 265.50 |
| House, Maxine (London Office) | CORP | 2009 | $280.00 | 44.90 | $ | 12,572.00 |
| Howatt, Matthew | LR | 2009 | $355.00 | 45.70 | $ | 16,223.50 |
| Hren, Eileen | LR | 2009 | $355.00 | 123.40 | $ | 43,807.00 |
| James, Cheryl A. | LR | 2009 | $355.00 | 26.10 | $ | 9,265.50 |
| Khachaturian, S.A. | LR | 2009 | $415.00 | 12.70 | $ | 5,270.50 |
| Klein, Daniel S. | LR | 2009 | $465.00 | 91.10 | $ | 42,361.50 |
| Luise, Christopher T. | LR | 2009 | $355.00 | 117.50 | $ | 41,712.50 |
| Lutzker, Stacey | LR | 2009 | $355.00 | 15.60 | $ | 5,538.00 |
| Meshkov, David S. | BFR | 2009 | $355.00 | 440.80 | $ | 156,217.75 |
| Meyer, Jill D. | CORP | 2009 | $355.00 | 30.30 | $ | 10,756.50 |
| Newell, Ariane | LR | 2009 | $415.00 | 72.90 | $ | 30,253.50 |
| Pearson, Tashanna B. | LR | 2009 | $355.00 | 11.00 | $ | 3,905.00 |
| Perry, Adrian | CORP | 2009 | $355.00 | 20.80 | $ | 7,384.00 |
| Radetsky, Alex | CORP | 2009 | $355.00 | 10.80 | $ | 3,834.00 |
| Rana, Faraz | CORP | 2009 | $415.00 | 93.80 | $ | 38,927.00 |
| Salcedo, Nadya | LR | 2009 | $355.00 | 158.30 | $ | 56,196.50 |
| Speiser, Matthew M. | CORP | 2009 | $355.00 | 46.00 | $ | 16,330.00 |
| Spritz, Matthew M. | LR | 2009 | $355.00 | 255.90 | $ | 90,844.50 |
| Van Deurzen, Josh | CORP | 2009 | $355.00 | 270.00 | $ | 95,850.00 |
| Veit, Cheri | LR | 2009 | $355.00 | 92.50 | $ | 32,837.50 |
| Woodley, RaShawn | LR | 2009 | $355.00 | 85.00 | $ | 30,175.00 |
| Yates, Erin K. | LR | 2009 | $355.00 | 122.80 | $ | 43,594.00 |
| Yung, Kevin | CORP | 2009 | $355.00 | 47.30 | $ | 16,791.50 |
| Yunis, Benjamin | LR | 2009 | $415.00 | 80.00 | $ | 33,200.00 |
| Bergman, Matthew D. | CORP | 2009 | $355.00 | 308.40 | $ | 109,482.00 |
| McCaffrey, Meghan A. | LR | 2009 | $355.00 | 13.70 | $ | 4,863.50 |
| Turner, Kim P. | LR | 2009 | $355.00 | 15.70 | $ | 5,573.50 |

| Brooks, Russell | BFR | * | $355.00 | 832.10 | $ 295,395.50 |
|---|---|---|---|---|---|
| Chhean, Chhunny | LR | * | $355.00 | 18.90 | $ 6,709.50 |
| Esposito, Michael J. | CORP | * | $355.00 | 41.30 | $ 14,661.50 |
| Pendleton, Megan | CORP | * | $355.00 | 98.30 | $ 34,896.50 |
| Other Associates (fewer than 10 hours per person) | | | $260.00 - $720.00 | 215.70 | $ 106,513.00 |
| **Total Associates** | | | | **21271.60** | **$10,042,200.50** |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **SUMMER ASSOCIATES**: | | | | | |
| Bryk, Jordan | SA | * | $250.00 | 53.10 | $ 13,275.00 |
| Diaz, Ondrej S. | SA | * | $250.00 | 114.40 | $ 28,600.00 |
| Friedman, Jill M. | SA | * | $250.00 | 32.50 | $ 8,125.00 |
| Gordon, Arielle | SA | * | $250.00 | 29.30 | $ 7,325.00 |
| Harp, Katherine | SA | * | $250.00 | 31.90 | $ 7,975.00 |
| Jacobson, Daniel J. | SA | * | $250.00 | 43.90 | $ 10,975.00 |
| Jia, Joanna | SA | * | $250.00 | 11.50 | $ 2,875.00 |
| Kyriacou, Stephen | SA | * | $250.00 | 15.20 | $ 3,800.00 |
| Lavine, Adam | SA | * | $250.00 | 107.90 | $ 26,975.00 |
| Linden, Christopher | SA | * | $250.00 | 184.90 | $ 46,225.00 |
| Martin, Daniel J. | SA | * | $250.00 | 28.20 | $ 7,050.00 |
| Pedone, Joanne | SA | * | $250.00 | 10.40 | $ 2,600.00 |
| Pierson, Lauren | SA | * | $250.00 | 37.70 | $ 9,425.00 |
| Rosenstock, Marisa B. | SA | * | $250.00 | 18.90 | $ 4,725.00 |
| Silverman, Cliff | SA | * | $250.00 | 26.80 | $ 6,700.00 |
| Simpson, Britt | SA | * | $250.00 | 14.50 | $ 3,625.00 |
| **Total Summer Associates** | | | | **761.10** | **$ 190,275.00** |

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **LAW CLERKS**: | | | | |
| Whittingham, Luwisha (London Office) | CORP – N/A | $280.00 | 16.80 | $ 4,704.00 |
| Carter, William J. (London Office) | BFR – N/A | $280.00 | 11.90 | $ 3,332.00 |
| Hasek, Alexander (London Office) | BFR – N/A | $280.00 | 31.50 | $ 8,820.00 |
| Whittingham, Luwisha (London Office) | CORP – N/A | $265.00 | 42.50 | $ 11,262.50 |
| Rosen, Chelsea | BFR – N/A | $225.00 | 75.40 | $ 16,965.00 |
| Szoke, Judit (Budapest Office) | CORP – N/A | $195.00 | 31.40 | $ 6,123.00 |
| Szymczak, Aleksandra (Warsaw Office) | CORP – N/A | $155.00 | 15.90 | $ 2,464.50 |
| Szymczak, Aleksandra (Warsaw Office) | CORP – N/A | $145.00 | 8.20 | $ 1,189.00 |
| **Total Law Clerks** | | | **233.60** | **$ 54,860.00** |

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **Paralegals, Clerks, Library Staff, and Other Non-Legal Staff:** | | | | |
| Mills, Patrick G. | LR – N/A | $255.00 | 29.90 | $ 7,624.50 |
| Inglis, Suzanne | LR – N/A | $245.00 | 25.60 | $ 6,272.00 |
| Lee, Kathleen | BFR – N/A | $245.00 | 264.50 | $ 64,802.50 |
| Petropoulos, Christine | LR – N/A | $245.00 | 19.70 | $ 4,826.50 |
| Stauble, Christopher A. | BFR – N/A | $245.00 | 59.20 | $ 14,504.00 |
| Viola, Matthew | CORP – N/A | $245.00 | 29.40 | $ 7,203.00 |
| Shiroma, Lance Y. | CORP – N/A | $230.00 | 66.90 | $ 15,387.00 |
| O'Connor, Colin | CORP – N/A | $230.00 | 10.00 | $ 2,300.00 |
| Ellsworth, John A. | CORP – N/A | $230.00 | 189.00 | $ 43,470.00 |
| Hausman, Jeffrie | LR – N/A | $230.00 | 185.20 | $ 42,596.00 |
| Ko, Jae | LR – N/A | $230.00 | 19.20 | $ 4,416.00 |
| Burns, Jo N. | LR – N/A | $230.00 | 15.40 | $ 3,542.00 |
| Jones, Peggy | CORP – N/A | $230.00 | 273.90 | $ 62,997.00 |
| Flinn, Deborah C. | LR – N/A | $210.00 | 14.90 | $ 3,129.00 |
| Quinn, Gayle | CORP – N/A | $210.00 | 24.30 | $ 5,103.00 |
| Kerley, Peggy N. | LR – N/A | $210.00 | 243.90 | $ 50,484.00 |
| Phillips, Lesley | LR – N/A | $210.00 | 73.20 | $ 15,372.00 |
| George, Camille A. | BFR – N/A | $210.00 | 525.80 | $ 110,418.00 |
| Siebel, Peter A. | BFR – N/A | $210.00 | 211.50 | $ 44,415.00 |
| Schell, Peter | CORP – N/A | $205.00 | 195.60 | $ 40,098.00 |
| Maravilla, Mel C. | CORP – N/A | $200.00 | 32.70 | $ 6,540.00 |
| Marquez, Francheska | CORP – N/A | $200.00 | 31.90 | $ 6,380.00 |
| Gordon, Willaim H. | LR – N/A | $195.00 | 88.20 | $ 17,199.00 |
| Reid, Tashan Q. | CORP – N/A | $195.00 | 76.80 | $ 14,976.00 |
| Guthrie, Christine | CORP – N/A | $195.00 | 19.50 | $ 3,802.50 |
| Oh, Doe Y. | CORP – N/A | $195.00 | 248.50 | $ 48,457.50 |
| Chan, Herbert | LR – N/A | $195.00 | 141.10 | $ 27,514.50 |

| | | | | | |
|---|---|---|---|---|---|
| Bennett, Victoria A. | LR – N/A | $195.00 | 19.10 | $ | 3,724.50 |
| Malkovich, Yovanka | LR – N/A | $190.00 | 187.20 | $ | 35,568.00 |
| Chan, Bill K. | CORP – N/A | $180.00 | 47.50 | $ | 8,550.00 |
| Koul, Yashomati B. | BFR – N/A | $180.00 | 28.30 | $ | 5,094.00 |
| Potter, Lougran | LR – N/A | $180.00 | 24.70 | $ | 4,446.00 |
| Prindle, Kaitlin C. | BFR – N/A | $180.00 | 161.00 | $ | 28,980.00 |
| Rodriguez, Ilusion | BFR – N/A | $180.00 | 684.00 | $ | 123,120.00 |
| Devaney, Sean P. | CORP – N/A | $180.00 | 326.00 | $ | 58,680.00 |
| Joseph, Christine | LR – N/A | $170.00 | 19.00 | $ | 3,230.00 |
| Moffitt, Andrea N. | CORP – N/A | $170.00 | 165.60 | $ | 28,152.00 |
| Maurissaint, Walden | LR – N/A | $170.00 | 19.70 | $ | 3,349.00 |
| Castillero, Francene S. | LR – N/A | $170.00 | 31.70 | $ | 5,389.00 |
| Perkari, Harish | CORP – N/A | $170.00 | 186.00 | $ | 31,620.00 |
| Topaz, Richard H. | CORP – N/A | $160.00 | 39.00 | $ | 6,240.00 |
| Schiffman, Stephanie A. | LR – N/A | $160.00 | 16.50 | $ | 2,640.00 |
| Park, Jiwon | LR – N/A | $160.00 | 14.60 | $ | 2,336.00 |
| Steigerwald, Katharine L. | CORP – N/A | $160.00 | 12.60 | $ | 2,016.00 |
| McGrath, Caitlin M. | LR – N/A | $160.00 | 62.10 | $ | 9,936.00 |
| Aliseo, Nicole K. | BFR – N/A | $160.00 | 37.30 | $ | 5,968.00 |
| Etienne, Donald | BFR – N/A | $160.00 | 69.10 | $ | 11,056.00 |
| Grossman, Genna D. | CORP – N/A | $160.00 | 29.70 | $ | 4,752.00 |
| Kim, Andrew | LR – N/A | $160.00 | 46.10 | $ | 7,376.00 |
| Mehta, Mona V. | LR – N/A | $160.00 | 113.00 | $ | 18,080.00 |
| Lynch, Michael R. | CORP – N/A | $160.00 | 12.60 | $ | 2,016.00 |
| Mitrayon, Michael | LR – N/A | $160.00 | 27.70 | $ | 4,432.00 |
| Schoenfeld, Matthew | BFR – N/A | $160.00 | 117.90 | $ | 18,864.00 |
| Shapiro, Rachel | BFR – N/A | $160.00 | 201.50 | $ | 32,240.00 |
| Swaney, Nicole | LR – N/A | $160.00 | 12.80 | $ | 2,048.00 |
| Ventura, Carol | LR – N/A | $160.00 | 61.90 | $ | 9,904.00 |
| Chung, Candace | CORP – N/A | $160.00 | 13.20 | $ | 2,112.00 |
| Choi, Jessica | LR – N/A | $160.00 | 50.40 | $ | 7,424.00 |
| Quinn, Timothy F. | LR – N/A | $160.00 | 30.10 | $ | 4,816.00 |
| Wilmer, Andrea | BFR – N/A | $160.00 | 137.00 | $ | 21,080.00 |

| | | | | | |
|---|---|---|---|---|---|
| Tily, Michael T. | CORP – N/A | $160.00 | 56.80 | $ | 9,088.00 |
| Adler, Jonathan H. | CORP – N/A | $160.00 | 23.20 | $ | 3,712.00 |
| Stewart, LaSonya R. | LR – N/A | $160.00 | 20.70 | $ | 3,312.00 |
| Prado Filho, Jose Luiz | LR – N/A | $160.00 | 13.30 | $ | 2,128.00 |
| Collier, Amanda B. | CORP – N/A | $160.00 | 17.60 | $ | 2,816.00 |
| Dhanaraj, Ramesh | BFR – N/A | $95.00 | 24.50 | $ | 2,327.50 |
| Sully, Dawil R. | BFR – N/A | $95.00 | 69.60 | $ | 6,612.00 |
| Bailey, Gregory | Managing Clerk | $170.00 | 41.90 | $ | 7,123.00 |
| Pasion, Luis L. | Managing Clerk | $140.00 | 29.00 | $ | 4,060.00 |
| Burdette, Leslie A. | Managing Clerk | $140.00 | 41.00 | $ | 5,740.00 |
| Ribaudo, Mark | Managing Clerk | $170.00 | 13.10 | $ | 2,227.00 |
| Sam, Mili | Litigation Support | $235.00 | 64.40 | $ | 15,134.00 |
| Quarry, Michael | Litigation Support | $215.00 | 28.10 | $ | 6,041.50 |
| Nudelman, Peter | Litigation Support | $215.00 | 54.30 | $ | 11,674.50 |
| Bell, Andrew | Litigation Support | $190.00 | 10.30 | $ | 1,957.00 |
| Other Paraprofessionals and Other Staff (fewer than 10 hours per person) | | $85.00 - $260.00 | 215.70 | $ | 40,738.50 |
| **Total Paraprofessionals and Other Staff** | | | **6844.20** | **$1,313,758.50** | |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| **TOTALS:** | | | |
| Partners and Counsel | **$823.83** | 7,659.20 | $     6,309,869.25 |
| Associates | **$472.09** | 21,271.60 | $   10,042,200.50 |
| Summer Associates | **$250.00** | 761.10 | $       190,275.00 |
| Law Clerks | **$234.85** | 233.60 | $         54,860.00 |
| Paraprofessionals and Other Staff | **$191.95** | 6,844.20 | $     1,313,758.50 |
| **Total Fees Incurred** | | **36,769.70** | **$   17,910,963.25** |
| **Blended Attorney Rate (excluding summer associates and law clerks)** | **$565.21** | | |
| | | | |
| **Grand Total Fees Requested** | | **36,769.70** | **$   17,910,963.25** |

### Exhibit C

**Expense Summary by Weil, Gotshal & Manges LLP for the
First Interim Period of June 1, 2009 Through September 30, 2009**

| EXPENSES | AMOUNTS |
|---|---|
| Local Transportation | $ 34,835.46 |
| Domestic Travel/Domestic Travel Meals | $ 110,244.91 |
| Meals | $ 19,290.37 |
| Postage | $ 355.08 |
| Telecommunications | $ 3,433.87 |
| Facsimile – (Outside) | $ 199.00 |
| Duplicating – Firm | $ 134,998.36 |
| Duplicating – External | $ 40,107.74 |
| Air Courier/Express Mail/UPS | $ 8,835.75 |
| Computerized Research | $ 79,750.30 |
| E-Discovery Services | $ 8,750.50 |
| Filing Fees | $ 6,140.21 |
| Court Reporting | $ 11,021.89 |
| Books: Material Used and Prepared for Hearing | $ 217.02 |
| Other Client Charges- Material Used and Prepared for Hearing (special order supplies) | $ 40.82 |
| Document Scanning and Coding Material Used and Prepared for Hearing | $ 104.10 |
| Translation Fees | $ 611.25 |
| Leased Equipment for use during press conference | $ 3,180.78 |
| Food Service for use during press conference | $ 149.88 |
| Outside Temps- Paralegals | $ 2,483.00 |
| Other Client Charges: Computer Equipment for use during press conference | $ 9,556.93 |
| Legal Notices and Publication | $ 21,939.28 |
| Edgar Filings | $ 215.00 |
| Clipping Service/SEC Watch | $ 340.00 |
| Corporation Services | $ 14,467.52 |
| Business Meals | $ 2,004.95 |

| | | |
|---|---|---|
| Meetings and Conference Meals | $ | 81,932.70 |
| **Total Expenses Requested:** | **$** | **595,206.67** |

**Exhibit D**

**Compensation by Work Task Code for Services
Rendered by Weil, Gotshal & Manges LLP for First
Interim Period of June 1, 2009 Through September 30, 2009**

| PROJECT CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 010 | Case Administration | 2,239.60 | $ 665,706.00 |
| 020 | Unsecured Creditors Issues/Meetings/Communications | 833.50 | $ 376,543.50 |
| 030 | Secured Creditors Issues/Meetings/Communications | 27.30 | $ 16,459.50 |
| 040 | General Case Strategy | 418.70 | $ 253,500.00 |
| 050 | Hearings and Court Matters | 887.80 | $ 373,517.00 |
| 060 | WG&M Retention/Billing/Fee Applications | 1,331.70 | $ 353,233.00 |
| 070 | Retention/Fee Application: Ordinary Course Professionals | 114.30 | $ 49,139.00 |
| 080 | Retention/Fee Application: Other Professionals | 671.30 | $ 310,814.50 |
| 090 | Schedules/Statement of Financial Affairs | 187.50 | $ 92,328.50 |
| 100 | US Trustee Issues/Meetings/Communications | 124.90 | $ 63,624.00 |
| 110 | Corporate Governance | 457.50 | $ 217,372.00 |
| 120 | DIP Financing / Cash Collateral | 1,783.30 | $ 923,552.00 |
| 130 | Exit Financing | 1,801.60 | $ 845,804.00 |
| 140 | Insurance Issues | 368.10 | $ 246,337.00 |
| 150 | Employee/ERISA/Benefits Issues | 771.80 | $ 448,532.00 |
| 160 | 363 Transaction (MPA, sale of substantially all assets) | 12,951.20 | $ 6,302,070.00 |
| 161 | Other asset sales | 235.20 | $ 106,579.00 |
| 170 | 365/Executory Contracts/ Leases/ Real Property | 1,840.10 | $ 880,328.00 |
| 190 | Adversary Proceedings | 563.60 | $ 272,439.00 |
| 200 | Claims Objection Litigation | 154.20 | $ 92,935.50 |
| 210 | Bar Date Motion and Claims Reconciliation Issues | 315.70 | $ 145,868.50 |
| 220 | Automatic Stay | 580.50 | $ 255,990.50 |
| 230 | Business Plan | 78.90 | $ 40,023.00 |
| 240 | Disclosure Statement/Solicitation/Voting | 3.10 | $ 1,372.50 |
| 250 | Exclusivity | 43.90 | $ 19,922.00 |
| 260 | Plan of Reorganization/Plan Confirmation | 87.50 | $ 52,880.50 |

| PROJECT CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 270 | Tax Issues | 652.90 | $ 416,044.00 |
| 280 | Delphi Chapter 11 Case | 2,013.20 | $ 1,196,189.50 |
| 290 | Customer/Vendor/Supplier/Dealer Issues | 525.30 | $ 280,226.00 |
| 300 | Utility Issues | 221.70 | $ 95,622.00 |
| 310 | Reclamation & 503(b)(9) Issues | 155.20 | $ 51,549.00 |
| 320 | Corporate/Securities | 666.60 | $ 321,401.50 |
| 330 | Non-Bankruptcy Litigation | 296.50 | $ 121,035.50 |
| 340 | Non-Working Travel | 138.50 | $ 48,206.75 |
| 350 | Communication with Client | 92.30 | $ 67,241.50 |
| 360 | Administrative Claims | 104.90 | $ 50,357.50 |
| 380 | Europe | 1,157.70 | $ 666,472.50 |
| 390 | Asia Pacific | 2.90 | $ 2,051.00 |
| 400 | Mexico | 1.70 | $ 1,071.00 |
| 410 | LAAM | 16.00 | $ 4,121.50 |
| 420 | Canada | 221.60 | $ 120,260.00 |
| 430 | Environmental Issues | 1,530.90 | $ 1,012,702.00 |
| 440 | 2004 Examinations/Other Investigatory Matters | 99.00 | $ 49,541.50 |
| **TOTAL** | | **36,769.70** | **$ 17,910,963.25** |