**PRESENTMENT DATE AND TIME: January 28, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 28, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :      09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### NOTICE OF PRESENTMENT OF ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21, 2009

PLEASE TAKE NOTICE that upon the annexed Application, dated January 14, 2010 (the "**Application**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 327(a) of title 11, United States Code (the "**Bankruptcy Code**") authorizing the employment and retention of Togut, Segal & Segal, LLP as conflicts counsel for the Debtors *nunc pro tunc* to December 21, 2009, all as more fully set forth in the Application, the Debtors will present the attached proposed order to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **January 28, 2010 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

proposed order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv)

Togut, Segal & Segal, LLP, One Penn Plaza, New York, New York 10119 (Attn:  Albert Togut,

Esq.) so as to be received no later than **11:30 a.m.** on **January 28, 2010 (Eastern Time)** (the

"**Objection Deadline**").  Unless objections are received by the Objection Deadline, the order

may be signed.

Dated: New York, New York
      January 14, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      09-50026 (REG)
         f/k/a General Motors Corp., et al.  :
                                        :
                        Debtors.        :      (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT**
**TO 11 U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS**
**COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21, 2009**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**<u>Relief Requested</u>**

1.      The Debtors make this application (the "**Application**") pursuant to section

327(a) and 330of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1

and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "**Local Bankruptcy Rules**")for entry of an order, in

substantially the form attached hereto as Exhibit "A," authorizing the employment and retention

of Togut, Segal & Segal, LLP (the "**Togut Firm**") as conflicts counsel for the Debtors.   In

support of this Application, the Debtors rely on the Declaration of Albert Togut, a member of the

Togut Firm (the "**Togut Declaration**"), a copy of which is attached hereto as Exhibit "B" and

incorporated herein by reference.

### Jurisdiction

2.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### The Relief Requested Should Be Approved by the Court

3.       The Debtors have retained Weil, Gotshal & Manges LLP ("**WG&M**") as

their attorneys under a general retainer to represent them in these chapter 11 cases.  There are

matters with respect to which WG&M cannot represent the Debtors because of a conflict.  The

Debtors seek court approval to employ and retain the Togut Firm as their conflicts counsel, *nunc*

*pro tunc* to December 21, 2009, the first date on which the Togut Firm began to provide legal

services to the Debtors, to handle matters involving transactions, motions, claims or litigation

that the Debtors may encounter which are not appropriately handled by WG&M or other

professionals because of a potential conflict of interest or, alternatively, which can be more

efficiently handled by the Togut Firm.  This will avoid unnecessary litigation and reduce the

overall expense of administering these Chapter 11 cases.  Pursuant to section 327(a) of the

Bankruptcy Code, the Debtors request that the Court approve the retention of the Togut Firm as

their conflicts counsel, to perform services that will be necessary during these Chapter 11 cases

in accordance with the Togut Firm's normal hourly rates and policies in effect when the Togut

Firm renders the services or incurs the expenses. For those matters in which the Debtors are clearly adverse to any WG&M client and WG&M has a conflict, the Togut Firm will be responsible for handling the matter.

4.      The Debtors have selected the Togut Firm as their attorneys because of the firm's knowledge in the field of debtors' protections and creditors' rights and complex business reorganizations under chapter 11 of the Bankruptcy Code, particularly in the automobile sector. In addition, the Togut Firm possesses extensive expertise, experience and knowledge practicing before this and other bankruptcy courts.

5.      The Togut Firm has been actively involved in major chapter 11 cases, and has represented debtors in many cases in this Court and others including, without limitation: *In re Chrysler LLC, et al.*, Case No. 09-50002 (AJG); *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP); *In re Tronox Incorporated, et al.*, Case No. 09-10156 (ALG); *In re Frontier Airlines Holdings, Inc. et al.*, Case No. 08-11298 (RDD); *In re FFJS (f/k/a Fortunoff Fine Jewelry, Inc., et al.*, Case No. 08-10353; *In re Dura Automotive Systems, Inc., et al.*, Case No. 06-11202 (KJC); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD); *In re Collins and Aikman Corporation et al.*, Case No. 05-55927 (SWR); *In re Tower Automotive, Inc. et al.*, Case No. 05-10578 (ALG); *In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al.*, Case No. 05-14945 (PCB); *In re Allegiance Telecom, Inc.*, Case No. Case No. 03-13057 (RDD); *In re Enron Corp. et al.*, Case No. 01-16034 (AJG); *In re Ames Department Stores*, Case No. 01-42217 (REG); *In re Loews Cineplex Entertainment Corp.*, Case No. 01-40346 (ALG); *In re Onsite Access, Inc.*, Case No. 01-12879 (RLB); *In re Daewoo International (America) Corp.*, Case No. 00-11050 (BRL); *In re Contifinancial Corp.*,

Case No. 00-12184 (ALG); *In re Lois/USA, Inc.*, Case No. 99-45910 (REG);  and *In re Rockefeller Center Properties*, Case No. 95-420789 (PCB).

6.        The Debtors believe that rather than resulting in any extra expense to the Debtors' estates, the retention of the Togut Firm as conflicts counsel will promote the effective and economical representation of the Debtors in these chapter 11 cases.  WG&M and the Togut Firm will coordinate their efforts and function cohesively to ensure that the legal services provided to the Debtors by each firm are not duplicative.  The Debtors believe that the Togut Firm is well qualified to act as its conflicts counsel in these cases.  The Debtors have been informed that each of the Togut Firm's attorneys who will be engaged in these services is duly admitted to practice in this Court as well as the Courts of the State of New York.

## Scope of Services

7.        Subject to the Court's approval, the Togut Firm will render professional services to the Debtors for certain discrete matters in which WG&M cannot represent the Debtors because of a conflict or which can be more efficiently handled by the Togut Firm.  Such matters may include, but are not limited to transactions, motions, claims or litigation involving the following:

(a)        advise the Debtors regarding their powers and duties in the continued management of their businesses and properties;

(b)        take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

(c)        prepare on the Debtors' behalf motions, applications, adversary proceedings, answers, orders, reports and papers necessary to the administration of the estates;

(d)     advise the Debtors in connection with any potential sale of assets;

(e)     appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts;  and

(f)     perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these chapter 11 cases.

The Togut Firm has indicated its willingness to render the necessary professional services described above as conflicts counsel.

8.     The Togut Firm will perform the duties of conflicts counsel to the Debtors on all matters where WG&M cannot perform such services, and while certain aspects of the representation will necessarily involve both the Togut Firm and WG&M, the services that the Togut Firm will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel.  The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of the Togut Firm's role as conflicts counsel.

## Compensation

9.     In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate the Togut Firm on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by the Togut Firm. The primary members of the Togut Firm who will be handling the above matters and their current standard hourly rates are: (i) partners $800 to $935; (ii) associates and counsel $275 to $720; (iii) paralegals and law clerks $185 to $285.

10.     As set forth in the Togut Declaration filed in support of the Application, the hourly rates described above are subject to periodic adjustments to reflect economic and

other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the

matters for which the Togut Firm's retention is sought. The Togut Firm's rates are set at a level

designed to compensate the firm fairly for the work of its attorneys and paralegals, and to cover

fixed and routine overhead expenses. It is the Togut Firm's policy to charge its clients in all

areas of practice for all other expenses incurred in connection with the client's case. The

expenses charged to clients include, among other things, telecopier toll and other charges, mail

and express mail charges, special or hand delivery charges, document processing, photocopying

charges, travel expenses, expenses for "working meals," computerized research, messengers,

couriers, postage, witness fees and other fees related to trials and hearings, transcription costs,

and non-ordinary overhead expenses such as secretarial and other overtime. The Togut Firm will

charge the Debtors for these expenses in a manner and at rates consistent with charges generally

made to the Togut Firm's other clients. The Togut Firm believes that it is fairer to charge these

expenses to the client incurring them than to increase the hourly rates and spread the expenses

among all clients.

      11.    The Togut Firm will submit applications for compensation in accordance

with Order, dated August 7, 2009, establishing procedures for interim compensation and

reimbursement of expenses of professionals entered by the Court, [Docket No. 3711], as well as

the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and such other and further

Orders as the Court may direct.

## **Disinterestedness**

      12.    To the best of the Debtors' knowledge, and based upon the Togut

Declaration, the Togut Firm does not represent or hold any interest adverse to the Debtors or

their estates with respect to the matters on which the firm is to be employed. Further, to the best

of the Debtors' knowledge and based on the Togut Declaration, the Togut Firm does not have

any connection with any creditors or other parties in interest, or their respective attorneys or

accountants, or the United States Trustee or any of its employees, except as set forth in the Togut

Declaration.

## Basis for Relief

13.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to

Court approval:

> Except as otherwise provided in this section, the trustee, with the
> Court's approval, may employ one or more attorneys,
> accountants, appraisers, auctioneers, or other professional
> persons, that do not hold or represent an interest adverse to the
> estate, and that are disinterested persons, to represent or assist the
> trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

14.     Moreover, Bankruptcy Rule 2014 requires that an application for retention

include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed
> arrangement for compensation, and, to the best of the applicant's
> knowledge, all of the [firm's] connections with the debtor,
> creditors, any other party in interest, their respective attorneys
> and accountants, the United States trustee, or any person
> employed in the office of the United States trustee.

15.     For the reasons stated above, the Debtors seek to employ and retain the

Togut Firm as conflicts counsel pursuant to section 327(a) of the Bankruptcy Code.  As

discussed herein, the Debtors believe that the retention of the Togut Firm as conflicts counsel is

necessary and in the best interests of the Debtors' estates, and that the Togut Firm neither holds

nor represents interests adverse to the Debtors or their estates.

## **Notice**

16.     Notice of this Application has been provided to the Togut Firm and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 14, 2010

                            /s/ Stephen Karotkin
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

**Exhibit A**

**Proposed Order**

**PRESENTMENT DATE AND TIME: January 28, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 28, 2010 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :          09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                          :
                          Debtors.        :          (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

### ORDER PURSUANT TO 11 U.S.C. § 327(a)
### AUTHORIZING THE EMPLOYMENT AND RETENTION
### OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL
### FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21, 2009

Upon the Application, dated January 14, 2010 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11, United

States Code (the "**Bankruptcy Code**") for entry of an order authorizing the employment

and retention of Togut, Segal & Segal, LLP (the "**Togut Firm**") as conflicts counsel for the

Debtors, all as more fully described in the Application, and upon the declaration of Albert Togut,

dated January 14, 2010 (the "**Togut Declaration**"), which is annexed to the Application; and it

appearing that the members and associates of the Togut Firm who will be engaged in these

chapter 11 cases are duly admitted to practice before this Court; and it appearing that:  (a) the

Togut Firm neither represents nor holds any interest adverse to the Debtors or their estates with

respect to the matters upon which it is to be engaged, except as set forth in the Togut

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Declaration, and (b) the Togut Firm is a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code; and due and proper notice of the Application having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Application is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Application is granted as provided herein and it is further

      ORDERED that in accordance with section 327(a) of the Bankruptcy Code, the

Debtors are authorized in accordance with the terms and conditions set forth in the Application

to retain the Togut Firm as their conflicts counsel, *nunc pro tunc* to December 21, 2009, the first

date on which the Togut Firm began to provide legal services to the Debtors, to represent the

Debtors with respect to transactions, motions, claims or litigation matters for which Weil,

Gotshal & Manges LLP ("**WG&M**"), the Debtors' general bankruptcy counsel, or the Debtors'

other professionals (together with WG&M, "**Counsel**") cannot handle because such matters

involve their respective client[s] ("**Counsel's Client**") and present a conflict or adverse interest,

and other discrete matters which can be more efficiently handled by the Togut Firm, as

generally described in the Application and the Togut Declaration; and it is further

      ORDERED that if the Debtors are adverse to any Counsel's Client giving rise to a

conflict, the Togut Firm, and not Counsel, shall represent the Debtors in such matter; and it is

further

      ORDERED that the Togut Firm shall apply for compensation and reimbursement

in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure

of the United States District Court for the Southern District of New York, the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern

District of New York, the guidelines established by the United States Trustee, the Order, dated

August 7, 2009, establishing procedures for interim compensation and reimbursement of

expenses of professionals entered by the Court [Docket No. 3711], and such other procedures as

may be fixed by order of this Court; and it is further

ORDERED that notice of the Application as provided therein shall be deemed

good and sufficient notice of such Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation or interpretation of this Order.

Dated:    New York, New York
          _____, 2010

_____
United States Bankruptcy Judge

**Exhibit B**

**Togut Declaration**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------------x

### DECLARATION OF ALBERT TOGUT IN SUPPORT
### OF APPLICATION OF DEBTORS FOR ENTRY OF ORDER
### PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT
### AND RETENTION OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS
### COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21,
### 2009

Albert Togut, being duly sworn, states the following under penalty of perjury:

1.      I am the senior member of Togut, Segal & Segal LLP (the "**Togut Firm**")

located at One Penn Plaza, New York, New York 10119. I am a member in good standing of the

Bar of the State of New York, and am admitted to practice in the Southern District of New York.

2.      I am in all respects competent to make this Declaration in support of the

application (the "**Application**") to retain the Togut Firm as conflicts counsel for the above-

captioned debtors and debtors in possession (the "**Debtors**") pursuant to sections 327(a) of title

11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**Disinterestedness**

3.    Based on the conflicts search conducted to date by the Togut Firm and described herein, to the best of my knowledge, neither the Togut Firm, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, or their respective attorneys and accountants, nor with the United States Trustee for the Southern District of New York (the "**United States Trustee**") or any person employed by the United States Trustee, except as disclosed herein.

4.    The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that the Togut Firm, its partners, counsel and associates, except as disclosed herein:

(a)    are not creditors, equity security holders or insiders of the Debtors;

(b)    are not and were not within two years before the date of the filing of the petition, a director, officer or employee of the debtor;  and

(c)    do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5.    I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

6.      Pursuant to section 327(c) of the Bankruptcy Code, the Togut Firm is not disqualified from acting as the Debtors' counsel merely because it represents creditors, equity security holders, and/or other parties in interest in matters unrelated to these chapter 11 cases.

7.      The Togut Firm will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

**The Togut Firm's Connections
with Parties in Interest in Matters
<u>Unrelated to These Chapter 11 Cases</u>**

8.      The Togut Firm and certain of its partners, counsel, and associates may have in the past represented, and may likely in the future represent, parties-in-interest of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases.  The Togut Firm has reviewed the list of interested parties furnished by the Debtors, including a comprehensive list of the types of entities that may have contacts with the Debtors (the "Retention Checklist"), a copy of the Retention Checklist is attached hereto as Exhibit 1, which list includes, but is not limited to:  (i) the Debtors and their affiliates and subsidiaries;  (ii) entities in which the Debtors own an equity interest;  (iii) joint venture parties;  (iv) current and recent former directors and officers (within the last 3 years);  (v) the largest 50 bondholders;  (vi) credit revolver secured lenders;  (vii) major customer;  (viii) secured lenders;  (ix) professionals;  (x) taxing authorities;  (xi) 100 largest unsecured creditors (on a consolidated basis);  (xii) the top 100 suppliers;  (xiii) United States Trustee for the Southern District of New York (and key staff members);  (xiv) unions and parties to collective bargaining agreements;

(xv) insurance providers;  (xvi) counter-parties to major contracts;  (xvii) major litigation claimants;  and (xvii) utilities.

9.    The Togut Firm was conflicts counsel for Delphi Corporation and its affiliates as debtors in their Chapter 11 cases before Bankruptcy Judge Drain the Southern District of New York, Case No.: 05-44481 (RDD).  Delphi is listed as a material supplier, creditor, litigation party and former entity of Debtor Motors Liquidation Company, f/k/a General Motors Corporation ("**GM**").  Skadden, Arps, Slate, Meagher & Flom LLP, Delphi's lead bankruptcy counsel, and not the Togut Firm, was responsible for all of the GM issues in Delphi's Chapter 11 case.  On July 30, 2009, Bankruptcy Judge Drain entered an order that approved modifications to Delphi's First Amended Joint Plan of Reorganization (the "**Modified Plan**").  Delphi's Modified Plan became effective on October 6, 2009.  Pursuant to that Modified Plan, among other things, GM received certain releases from Delphi and Delphi's assets were sold and transferred to three entities:  GM purchased Delphi's steering and other operating divisions;  Delphi's remaining operating assets were purchased by Delphi's secured lenders through an entity known as DIP Holco3, LLP ("**New Delphi**");  and Delphi's non-operating assets were transferred to DPH Holdings Corp. ("**DPH**").  The Togut Firm has not been retained by New Delphi.  It assisted in the transition of discreet matters to DPH but it has not been retained by DPH.  Moreover, the Togut Firm will not handle any Delphi matters for the Debtors nor will the Togut Firm handle any matters concerning the Debtors on behalf of New Delphi or DPH.  Weil, Gotshal & Manges LLP ("**WG&M**"), lead counsel for the Debtors, will handle all matters concerning Delphi and the Debtors.

10.     In the event any new facts or relationships are subsequently discovered during the pendency of these chapter 11 cases, the Togut Firm will supplement this Declaration and file the same with the Court.

### Services to Be Rendered

11.     The Debtors seek Court approval, pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(d), to employ and retain the Togut Firm as their conflicts counsel in connection with these chapter 11 cases to perform services on matters which WG&M or the Debtors' other professionals (together with WG&M, "**Counsel**") cannot handle as a consequence of a conflict and to perform such other discrete duties as are assigned by WG&M and the Debtors as generally described in the Application and this Declaration. This will minimize litigation and reduce the overall expenses of administering these cases. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have requested that the Court approve the retention of the Togut Firm under a general retainer as their attorneys to perform the foregoing services that will be necessary in accordance with the Togut Firm's normal hourly rates and policies in effect when the Togut Firm renders the services or incurs the expenses.

### Professional Compensation

12.     Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by the Togut Firm for services to be rendered to the Debtors shall be the same rates charged to other clients, which are currently in the range of $800 to $935 for partners, $275 to $720 for associates and counsel to the Togut Firm and $185 to $285 for paralegals and law clerks. The Togut Firm will promptly advise the Court and the United States Trustee of such annual adjustments when made. The Togut Firm intends to apply for

compensation for professional services rendered in connection with these chapter 11 cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), further Orders of this Court, and guidelines established by the United States Trustee, on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs. The Togut Firm will charge the Debtors hourly rates consistent with the rates it charges in other matters of this type.

13.     It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. The Togut Firm will charge the Debtors for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines. The Togut firm believes that it is fairer to charge these expenses to the particular client on whose behalf they are incurred rather than to increase its hourly rates and spread these expenses among all of its clients.

14.     No promises have been received by the Togut Firm nor by any partner, counsel or associate thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with these chapter 11 cases.

15.     The Togut Firm further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of the Togut Firm or (b) any compensation another person or party has received or may receive.

16.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:   New York, New York
         January 14, 2010

_____
ALBERT TOGUT