Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
PHONE: (212) 310-8000
FAX: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :    09-50026 (REG)
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### FIFTH SUPPLEMENTAL DECLARATION OF ALBERT A. KOCH OF AP SERVICES, LLC AS CRISIS MANAGERS AND CHIEF RESTRUCTURING OFFICER TO THE DEBTORS AND DEBTORS IN POSSESSION

I, Albert A. Koch being duly sworn, state the following under penalty of perjury.

1.  I am a managing director of AlixPartners, LLP ("**AlixPartners**"). AlixPartners is an affiliate of AP Services, LLC ("**APS**"), a Michigan limited liability corporation, which has as its principal place of business 2000 Town Center, Suite 2400, Southfield, Michigan 48075.

2.  Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

3. On June 12, 2009, I executed my original declaration (the "**Original Declaration**") in support of the application (the "**Application**")[1], dated June 12, 2009, of General Motors Corporation n/k/a Motors Liquidation Company, and its affiliated debtors and debtors in possession (the "**Debtors**") for entry of an order authorizing the Debtors to employ and retain APS, as their crisis manager and designating Albert A. Koch as Chief Restructuring Officer under the terms and conditions set forth in the Application. The Original Declaration was supplemented by my first supplemental declaration filed on June 24, 2009, my second supplemental declaration filed on July 13, 2009, my third supplemental declaration filed on July 31, 2009 and my fourth supplemental declaration filed on September 4, 2009.

4. On or about July 2, 2009, this Court entered an Amended Order approving the Application (the "**Retention Order**"). The Retention Order supersedes a prior order approving the Application entered on June 25, 2009.

5. In accordance with the Retention Order, APS hereby gives notice that effective as of January 1, 2010, Mr. Albert A. Koch's hourly billing rate was adjusted in accordance with the normal billing practices of APS to $860 per hour. In accordance with the Retention Order, APS will not bill for any professional at a rate higher than the adjusted rate of Mr. Albert A. Koch.

6. In the Original Declaration, I stated that APS reserved the right to supplement its declaration in the event that APS discovered any facts bearing on matters described in the Original Declaration regarding APS' employment by the Debtors. Accordingly, APS wishes to disclose the following items noted below.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Engagement Letter.

7. APS has learned that a significant claimant of Debtors with respect to a products liability matter (the "**Products Liability Claim**") is also a significant claimant of Hayes Lemmerz Corporation ("**Hayes**"), a client of APS. Hayes is currently in chapter 11 bankruptcy proceedings pending in the United States Bankruptcy Court for the District of Delaware. While Debtors may have cross-claims against Hayes for contribution, Debtors did not file a claim in the Hayes bankruptcy and are not pursuing claims against Hayes. In addition, Hayes did not file a claim in the Debtors' chapter 11 cases. No APS personnel who previously worked on the Hayes engagement will have contact with Hayes regarding the Products Liability Claim. APS believes it remains disinterested and that this connection does not represent a conflict of interest.

8. On or about November 12, 2009, APS, the Debtors and General Motors Strasbourg SAS ("**GMS**"), a non-debtor foreign subsidiary of Debtors, entered into a Second Amendment to the Engagement Letter[2] (the "**Second Amendment**") to clarify (i) the services that APS and its affiliates are providing to GMS; and (ii) the payment arrangements to APS with respect to such services. A copy of the Second Amendment is attached to this Fourth Supplemental Declaration.

9. The Second Amendment provides that GMS will pay APS directly for its hourly fees and expenses for services performed pursuant to the Second Amendment with respect to GMS, which rates will not be subject to the hourly fee reductions set forth in the First Amendment. APS has agreed to reflect the staffing, fees and expenses relative to the GMS services under the Second Amendment, in each of its Monthly Staffing Reports and Quarterly Compensation Reports.

---

[2] The Engagement Letter was modified by a First Amendment to the Engagement Letter dated as of July 23, 2009 (the "**First Amendment**"). The First Amendment was approved by this Court pursuant to an Order dated August 18, 2009.

10. In as much as the Second Amendment is limited to services regarding GMS and fees and expenses for such services will be paid by GMS, APS does not believe that the Second Amendment requires approval from this Court.

11. APS continues to submit that it holds no adverse interest as to the matters for which it has been employed by the Debtors and continues to reserve the right to supplement this and the Original Declaration in the event that APS discovers any facts bearing on matters described in this Fourth Supplemental Declaration regarding APS' employment by the Debtors. If any new material relevant facts or relationships are discovered or arise, APS will promptly file a supplemental affidavit pursuant to Bankruptcy Rule 2014(a).

Dated this ____ day of January, 2010

_____
Albert A. Koch



**APServices** LLC
*When it really matters.*

Chicago  Dallas  Detroit  Düsseldorf  London  Los Angeles  Milan
Munich  New York  Paris  San Francisco  Shanghai  Tokyo  Washington, DC

November 12, 2009

Board of Directors
Motors Liquidation Company
f/k/a General Motors Corporation
GM Global Headquarters
Attn: Mal Code 482-C37-A99
300 Renaissance Center
Detroit, MI 48265

Re:   Motors Liquidation Company Engagement – Second Amendment

Dear Sirs:

This letter represents the second amendment (the "Second Amendment") to the agreement between AP Services, LLC, a Michigan limited liability company ("APS") and Motors Liquidation Company (the "Company") dated May 29, 2009 (as first amended on July 21, 2009, the "Engagement Letter"). Unless otherwise modified herein, the terms and conditions of the Engagement Letter remain in full force and effect. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Engagement Letter.

Pursuant to the Engagement Letter, APS was retained to provide certain crisis management services to the Company in connection with their chapter 11 proceedings, including, without limitation, assisting the Company in relation to its investments in subsidiaries and affiliates and for the liquidation of same. In connection with the engagement APS Temporary Staff have and will continue to spend time and energy on MLC's investment in General Motors Strasbourg SAS ("GMS") a 100% owned subsidiary of MLC. .

The purposes of this Second Amendment are to clarify (i) the services that APS and its affiliates are providing to the Company's non-debtor foreign subsidiary, GMS, including the possible disposition of assets or interests of GMS; and (ii) the payment arrangements to APS with respect to such services. While such services are within the scope of the Engagement Letter, this Second Amendment memorializes and acknowledges payment by GMS for GMS Services, as defined below.

<u>Services to be provided by APS</u>

With effect from September 1, 2009 (the "Commencement Date"), and in accordance with the Engagement Letter, APS and its affiliates have performed and will perform, without limitation, the following tasks in connection with GMS (the "GMS Services"):

07/3262665_1                                                                                                    1


*When it really matters.*

Motors Liquidation Company
November 12, 2009
Page 2 of 4

*Strategy-related services*

- Advise and assist the management of GMS with the development of the Company's 2010 budget, business plan and forecast, and other such forecasts as may be required and requested by the management of GMS;

- Advise and assist the management of GMS in the development, with other advisors to GMS, of contingency and other plans with respect to its business operations;

- Advise and assist the management of GMS in the negotiation and implementation of restructuring initiatives and evaluation of strategic alternatives; and

- Advise and support the management of GMS in the preparation of bid materials, presentations and negotiations with respect to new business;

*Financial services*

- Advise and assist the management of GMS in the supervision of its performance of financial and treasury functions;

- Advise and assist the management of GMS in developing and implementing its cash management strategies, tactics, forecasts and processes; and

- Advise and assist the management of GMS in the preparation and negotiation of new credit facilities as may be required and requested by the management of GMS;

*Human Resources services*

- Advise and assist the management of GMS in the selection and recruitment of a Chief Financial Officer ("CFO") and help transition the new CFO into GMS;

*Sale of GMS*

- Advise and assist the management of GMS in pursuing the sale of GMS to a third party, including, without limitation, assisting in negotiations with stakeholders, preparing materials and presentations and maintaining a data room for potential purchasers; and

- Advise and assist the management of GMS in preparing transition services and other agreements between GMS, General Motors Company and Adam-Opel as appropriate;



APServices LLC
*When it really matters.*

Motors Liquidation Company
November 12, 2009
Page 3 of 4

*Other services*

- At the request of GMS, assist with such other matters as may be requested that fall within APS' expertise and that are mutually agreeable.

### Staffing

The Engagement Letter and subsequent Monthly Staffing Reports identify personnel of APS and its affiliates serving as "Temporary Staff" for the Company and certain of its affiliates, including those acting in officer roles. In addition, it is anticipated that Albert A. Koch and Ted Stenger of APS may be appointed as General Managers ("Directeurs Generaux") and/or members of the board of directors of GMS. Until such appointment, no Temporary Staff of APS are acting as officers or directors of GMS or participating in decision making for GMS. Additional Temporary Staff expected to assist and advise GMS include Laurent Petizon, Giacomo Cantu, Nicolas Deniau, Reese McNeel and Bruce Conforto. The parties agree that Exhibit A to the Engagement Letter can be amended by APS from time to time to add or delete staff, and the Monthly Staffing Reports shall be treated by the parties as such amendments.

Monthly Staffing Reports and Quarterly Compensation Reports, as they are filed with respect to the Company's chapter 11 case, will reflect the staffing, fees and expenses (and any allocation of same) relative to the GMS Services.

### Payment

GMS shall pay APS directly for its hourly fees and expenses associated with the GMS Services. Services performed by Temporary Staff outside of North America providing GMS Services shall be billed at APS' standard hourly rates as set forth below, and shall not be subject to the Hourly Fee Reductions in the First Amendment. The standard hourly rates for the Temporary Staff currently expected to provide GMS Services are set forth below:

> Laurent Petizon: €730
> Giacomo Cantu: €555
> Reese McNeel: £290
> Nicolas Deniau: €495
> Bruce Conforto: $595

Work performed by the above Temporary Staff with respect to GMS Services will be charged at the above local rates converted to U.S. dollars on the last day of the billing period. Any fees and expenses for GMS Services not paid by GMS shall be paid by the Company. APS shall submit monthly invoices for the GMS Services to GMS, which invoices shall be due




**APServices** LLC
*When it really matters.*

Motors Liquidation Company
November 12, 2009
Page 4 of 4

within 15 days of receipt. Time and expenses incurred by Messrs. Koch, Stenger and other Temporary Staff not specifically assigned to GMS will not be charged to GMS.

\* \* \*

If these terms meet with your approval, please sign and return the enclosed copy of this Second Amendment.

We look forward to our continuing relationship with you.

Sincerely yours,

AP SERVICES, LLC

*/s/ Ted Stenger*
Ted Stenger
Managing Director

Acknowledged and Agreed to:
MOTORS LIQUIDATION COMPANY
By: _____
Its: Chairm/BOD
Dated: December 17, 2009

GENERAL MOTORS STRASBOURG SAS
By: _____
Its: Stephen Jenkins
Dated: 20 Nov 09