**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>    **f/k/a General Motors Corp., et al.,**<br><br>    **Debtors.** | **Chapter 11 Case No. 09-50026 (REG)**<br><br>**NOTICE OF HEARING OF**<br>**D&M REAL ESTATE, LLC, T/A THE**<br>**HORSE TAVERN & GRILL AND THE**<br>**HORSE, INC., T/A THE HORSE**<br>**TAVERN & GRILL'S MOTION FOR**<br>**RELIEF FROM AUTOMATIC STAY**<br><br>**Judge Robert E. Gerber**<br>**Returnable: 3/2/10** |

**TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of William Dirk Pastorick, Esquire duly affirmed January 21, 2010, together with the Exhibits annexed hereto and upon all the proceedings heretofore had herein, the undersigned will move this Honorable Court at the Motion Part thereof, on the 2nd day of March, 2010 at 11:00 in the forenoon or as soon thereafter as counsel can be heard, for an Order for relief from the automatic stay imposed by 11 U.S.C. §362 of the Bankruptcy Code, for the limited purpose of conducting discovery in the action, Frei v. D&M Real Estate, LLC et al., Docket No. 2008-11271-31-2, presently pending in the Court of Common Pleas for Bucks County, Pennsylvania.

PLEASE TAKE FURTHER NOTICE that the answering affidavits, if any, are to be served upon the undersigned within seven (7) days prior to the return date of the within application.

Dated: Cherry Hill, NJ
January 21, 2010

          Respectfully submitted,

          **NELSON, LEVINE, de LUCA & HORST, LLC**

         By: *s/ William Dirk Pastorick*
          William Dirk Pastorick, Esquire
          457 Haddonfield Road
          Suite 710
          Cherry Hill, NJ 08002
          Attorneys for Defendant, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill

TO: **VIA ELECTRONIC FILING**
   All counsel on Master Service List

   **VIA REGULAR MAIL**
   William C. Roeger, Jr. Esquire
   William G. Roark, Esquire
   Hamburg, Rubin, Mulin, Maxwell & Lupin
   210 W. Walnut Street
   P.O. Box 259
   Perkasie, PA 18944

   Francis J. Grey, Jr., Esquire
   Monica V. Pennisi Marsico, Esquire
   Lavin, O'Neil, Ricci, Cedrone & Disipio
   190 North Independence Mall West
   Suite 500
   6th and Race Streets
   Philadelphia, PA 19106

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>    **f/k/a General Motors Corp., et al.,**<br><br>        **Debtors.** | **Chapter 11 Case No.  09-50026 (REG)** |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill's Motion for Relief from Automatic Stay and any response thereto, IT IS HEREBY ORDERED AND DECREED THAT:

1.  D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill's Motion is granted.

2.  The automatic stay imposed under 11 U.S.C. § 362 is so modified as to allow continuation of the action, <u>Frei v. D&M Real Estate, LLC et al.</u>, Docket No. 2008-11271-31-2, presently pending in the Court of Common Pleas for Bucks County, Pennsylvania for the limited purpose of conducting discovery.

    **BY THE COURT:**

    _____
    ROBERT R. GERBER
    United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>**f/k/a General Motors Corp., et al.,**<br><br>**Debtors.** | Chapter 11 Case No. 09-50026 (REG)<br><br>**<u>AFFIRMATION IN SUPPORT OF</u>**<br>**<u>D&M REAL ESTATE, LLC, T/A THE</u>**<br>**<u>HORSE TAVERN & GRILL AND THE</u>**<br>**<u>HORSE, INC., T/A THE HORSE</u>**<br>**<u>TAVERN & GRILL'S MOTION FOR</u>**<br>**<u>RELIEF FROM AUTOMATIC STAY</u>**<br><br>**Judge Robert E. Gerber**<br>**Returnable: 3/2/10** |

WILLIAM DIRK PASTORICK, ESQUIRE, an attorney admitted to practice before this Federal Court affirms the truth of the following under penalty of perjury:

1. I am counsel for Moving Parties, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill (hereinafter jointly referred to as "Moving Party") and as such I am fully familiar with the facts and circumstances of this action based upon my review of the case and the investigation materials contained therein.

2. This Affirmation is submitted in support of Moving Party's application seeking an Order for relief from the automatic stay imposed against litigation involving debtor, General Motors Corporation (hereinafter "General Motors Corporation") pursuant to 11 U.S.C.A. §362 and for such other relief as this Court deems just and proper.

**BACKGROUND**

3. On or about October 31, 2008, Plaintiff, Jamie Medford Frei (hereinafter "Plaintiff") filed a Complaint sounding in personal injury/ negligence against Moving Party in Bucks County Court of Common Pleas located in Doylestown, Pennsylvania. The Complaint alleges that Plaintiff was injured during a motor vehicle accident, which allegedly occurred as a

result of Moving Party's negligence. The Complaint was assigned docket no. 2008-11271-31-2). (See Plaintiff's Complaint, of which a true and correct copy is attached hereto as Exhibit "A.")

4. On or about January 20, 2009, Moving Party filed an Answer with New Matter to Plaintiff's Complaint. As part of the New Matter, Moving Party alleged that Plaintiff's injuries were not due to the negligence of Moving Party, but due to conduct of persons, entities and/or associations over which Moving Party had no directional control. (See Moving Party's Answer to Plaintiff's Complaint, of which a true and correct copy is attached hereto as Exhibit "B.")

5. On or about January 14, 2009, Moving Party filed a Joinder Complaint against General Motors Corporation. (See Moving Party's Joinder Complaint, of which a true and correct copy is attached hereto as Exhibit "C.")

6. Moving Party alleges that General Motors Corporation is responsible for the damages alleged by the Plaintiff. Specifically, Moving Party alleges that General Motors Corporation negligently designed and/or manufactured the vehicle that Plaintiff was operating at the time of the motor vehicle accident, which is the subject of Plaintiff's Complaint. (See Exhibit "A" and Exhibit "C.")

7. On or about February 23, 2009, General Motors Corporation filed an Answer with New Matter to Moving Party's Joinder Complaint. (See General Motors Corporation's Answer with New Matter, of which a true and correct copy is attached hereto as Exhibit "D.")

8. On or about June 1, 2009, General Motors Corporation filed a voluntary petition in this court, seeking bankruptcy protection under Chapter 11, Title 11 of the United States Code. (See General Motors Corporation's Notice of Bankruptcy and voluntary petition for bankruptcy, of which a true and correct copy is attached hereto as Exhibit "E.")

9.   Pursuant to its petition for bankruptcy protection, General Motors Corporation advised Moving Party that any new or further action against it is stayed pursuant to Section 362 of the Bankruptcy Code.  (See Exhibit "E" and 11 U.S.C. §362(a)(1)&(3).)

10.   Following the receipt of General Motors Corporation's Notice of Bankruptcy, all discovery in the state action ceased.

11.   The motor vehicle accident at issue in the state action occurred over two (2) years prior to General Motors Corporation's voluntary petition for bankruptcy.  (See Exhibit "A.")

**RELIEF REQUESTED**

12.   Moving Party respectfully requests that this Honorable Court enter an Order under 11 U.S.C.A. §362(d)(1) of the Bankruptcy Code lifting the automatic stay for the limited purpose of allowing the parties to proceed with discovery in the action, Frei v. D&M Real Estate, LLC et al., Docket No. 2008-11271-31-2, presently pending in the Court of Common Pleas for Bucks County, Pennsylvania.

**BASIS FOR REQUESTED RELIEF**

13.   Moving Party is entitled to relief from the automatic stay pursuant to 11 U.S.C.A. §362(d)(1) because Moving Party will suffer irreparable harm absent relief from the automatic stay, which substantially outweighs any potential harm from the modification of the automatic stay to General Motors Corporation. Further, conducting discovery in the state action will not result in any prejudice or harm to General Motors Corporation.

14.   Moving Party will suffer irreparable harm if it is not permitted to proceed with the process of discovery in the state court action.

15.   Several non-party fact witnesses observed important events relevant to the motor vehicle accident, which is the subject of the Plaintiff's Complaint. The deposition testimony of

3

these fact witnesses has not been obtained due to the automatic stay. As the motor vehicle accident occurred over two (2) years ago, it is crucial that the depositions of all fact witnesses in the state court action are scheduled as soon as possible to avoid memory loss regarding the facts at issue in the Plaintiff's Complaint. Further, although the location of all fact witnesses is currently known, it is possible that witnesses may relocate, thereby depriving the Moving Party of the opportunity to obtain their deposition testimony.

16.    Plaintiff in the state action is on active duty with the United States Military and was previously stationed in Afghanistan. Counsel for Moving Party has recently been advised that Plaintiff has returned from Afghanistan for a limited period of time. It is unknown when Plaintiff will be deployed next overseas. As such, Moving Party only has a limited period of time to obtain the deposition testimony of the Plaintiff in the state action before the Plaintiff is possibly deployed for another tour of duty. Pursuant to the automatic stay, counsel for Moving Party has been unable to conduct the deposition of the Plaintiff and obtain responses to Interrogatories and Requests for Admission from the Plaintiff in the state action. (See correspondence from Plaintiff's counsel dated June 22, 2009, of which a true and correct copy is attached as Exhibit "E.")

17.    Pursuant to 11 U.S.C.A. §362, an automatic stay is imposed upon the commencement or continuation of an action against the debtor once a petition for bankruptcy is filed. However, pursuant to 11 U.S.C.A. §362(d)(1), upon request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay for cause. The Bankruptcy Code does not define "cause" as used in 11 U.S.C.A. §362(d)(1).

18.     The United States Congress and the federal bankruptcy courts have recognized that relief from a stay is permissible in limited circumstances. The bankruptcy courts have wide discretion to grant relief and lift the automatic stay. See In re Sonnax Industries, Inc., 907 F.2d 1280 (1990).

19.     Specifically, courts have altered the terms of an automatic stay to permit the continuation of a civil action against a debtor, where the following two (2) conditions were met:

    a.  No great prejudice to either the bankruptcy estate or the debtor must result from continuance of the civil action; and

    b.  The hardship to the Plaintiff caused by the stay considerably outweighs the hardship caused to the debtor by the modification of the stay.

See In re Terry, 12 B.R. 578, 7 B.C.D. 1218, 1220 (Bkrtcy. E.D.Wis. 1981); In re Holtkamp, 669 F.2d 505 (7th Cir. 1982). Additionally, it has been held that the cost of defending litigation does not, by itself, constitute "great prejudice" of a kind precluding relief from an automatic stay. In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).

20.     Furthermore, in determining whether or not a stay should be lifted to allow litigation to proceed against a debtor in a nonbankruptcy forum, the court should also consider the following factors:

    a.  Whether relief would result in a partial or complete resolution of issues;

    b.  Lack of connection to or interference with bankruptcy case;

    c.  Whether other proceeding involves debtor as fiduciary;

    d.  Whether specialized tribunal with the necessary expertise has been established to hear cause of action;

  e. Whether debtor's insurer has assumed full responsibility for defending action;

  f. Whether action primarily involves third parties;

  g. Whether litigation in another forum would prejudice the interests of other creditors;

  h. Whether judgment claim arising from the other action is subject to equitable subordination;

  i. Whether movant's success in other proceeding would result in judicial lien avoidable by debtor;

  j. Interest of judicial economy and expeditious and economical resolution of litigation;

  k. Whether parties are ready for trial in other proceeding; and

  l. The impact of stay upon parties and the balance of harms.

See In re Mazzeo, 167 F.3d 139, at 142-143, 33 Bankr. Ct. Dec. 1155 (1999); 11 U.S.C.A. §362(d). However, an assignment of equal weight to each factor is not required and all factors may not be relevant in a given case. *Id.*

21. The court should also consider whether the stay is being used by the debtor to shield misconduct. See In re Unioil, 54 B.R. 192 (Bankr.D.Colo. 1985); In re Highcrest Management Co., Inc., 30 B.R. 776, 778 (1983).

22. In this matter, all relevant factors weigh in favor of granting relief from the automatic stay to allow Moving Party to proceed with its state court action.

23. The state action is unrelated to General Motor Corporation's bankruptcy. Thus, relief from the automatic stay for the limited purpose of conducting discovery between the

6

parties in the state action would not interfere with the bankruptcy case or prejudice the interests of General Motors Corporation's creditors.

24. Furthermore, to allow relief from the automatic stay would expedite the resolution of the state action between Moving Party and General Motors Corporation. Such resolution promotes judicial economy and minimizes the expense of litigation in the state action. Failure to allow relief from the automatic stay would cause litigation between the parties to continue for an unspecified period of time in contrast to the interest of judicial economy.

25. Moving Party's ability to investigate the state action will be irreparably impaired if immediate relief from the automatic stay is not granted.

26. As such, potential prejudice to Moving Party from further delay of the state action under the automatic stay substantially outweighs any potential prejudice to General Motors Corporation.

27. Based upon the foregoing, there is substantial cause for relief from the automatic stay in this action.

**WHEREFORE**, Moving Party, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill respectfully request that this Honorable Court lift the automatic stay against General Motors Corporation for the limited purpose of allowing the parties to conduct discovery in the state action, <u>Frei v. D&M Real Estate, LLC et al.</u>, Docket

No. 2008-11271-31-2, presently pending in the Court of Common Pleas for Bucks County, Pennsylvania and for such other relief as this Court deems just and proper.

Dated: Cherry Hill, NJ
       January 21, 2010

                        Respectfully submitted,

                        **NELSON, LEVINE, de LUCA & HORST, LLC**

                    By: *s/ William Dirk Pastorick*
                        William Dirk Pastorick, Esquire
                        457 Haddonfield Road
                        Suite 710
                        Cherry Hill, NJ 08002
                        Attorneys for Defendant, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill

TO: **VIA ELECTRONIC FILING**
      All counsel on Master Service List

      **VIA REGULAR MAIL**
      William C. Roeger, Jr. Esquire
      William G. Roark, Esquire
      Hamburg, Rubin, Mulin, Maxwell & Lupin
      210 W. Walnut Street
      P.O. Box 259
      Perkasie, PA 18944

      Francis J. Grey, Jr., Esquire
      Monica V. Pennisi Marsico, Esquire
      Lavin, O'Neil, Ricci, Cedrone & Disipio
      190 North Independence Mall West
      Suite 500
      6th and Race Streets
      Philadelphia, PA 19106

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>f/k/a General Motors Corp., et al.,<br><br>**Debtors.** | **Chapter 11 Case No. 09-50026 (REG)**<br><br><u>**CERTIFICATE OF SERVICE**</u> |

I, William Dirk Pastorick, hereby certify that a true and correct copy of D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill's Motion for Relief from Automatic Stay was served on January 21, 2010, upon counsel listed below by United States Mail, postage prepaid.

| | |
|---|---|
| Monica V. Pennisi Marsico, Esquire<br>Lavin, O'Neil, Ricci, Cedrone & DiSipio<br>Suite 500<br>190 North Independence Mall West<br>6th and Race Streets<br>Philadelphia, PA  19106 | William C. Roeger, Jr., Esquire<br>William G. Roark, Esquire<br>Hamburg, Rubin, Mullin, Maxwell & Lupin<br>210 W. Walnut Street<br>P.O. Box 259<br>Perkasie, PA  18944 |

**NELSON LEVINE de LUCA & HORST, LLC**

**BY:**   *s/ William Dirk Pastorick*
             William Dirk Pastorick, Esq.