# EXHIBIT B

RECEIVED
PROTHONOTARY
OF BUCKS COUNTY

09 JAN 20 PM 12: 14

NOTICE TO DEFEND
TO: Plaintiff
You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from the date of service hereof or a judgment may be entered against you.

_____
William Dirk Pastorick, Esquire
Brian M. Andris, Esquire
ATTORNEYS FOR DEFENDANTS D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL

| NELSON LEVINE de LUCA & HORST, LLC<br>WILLIAM DIRK PASTORICK (PA77070)<br>BRIAN M. ANDRIS (PA93544)<br>457 HADDONFIELD ROAD<br>SUITE 710<br>CHERRY HILL, NJ 08002<br>856.665.8500<br>856-665-8501 (fax) | ATTORNEYS FOR DEFENDANTS<br>D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL |
|---|---|
| JAMIE MEDFORD FREI<br>      Plaintiff<br>v.<br>D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL<br>      Defendant(s) | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO: 2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

### ANSWER OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL, TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

The Defendants, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill (hereinafter "answering parties"), hereby respond to Plaintiff's Complaint as follows.

1. After reasonable investigation the answering parties have insufficient information from which to either admit or deny the allegations contained within this paragraph of Plaintiff's Complaint and, therefore, strict proof thereof is demanded at the time of trial.

2. Admitted.

3. Admitted in part. D&M Real Estate, LLC owns the real property located at 1000 Old Bethlehem Pike, Sellersville, Pennsylvania, whereas The Horse, Inc. operates The Horse Tavern & Grill.

4. Admitted.

5. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

6. Admitted.

7. After reasonable investigation the answering parties have insufficient information from which to either admit or deny the allegations contained within this paragraph of Plaintiff's Complaint and, therefore, strict proof thereof is demanded at the time of trial.

8. Admitted.

9. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied.

10. Denied. A good faith effort was made to determine the validity of the identification presented pursuant to CSC Enterprises v. Pennsylvania State Police, Bureau of Liquor Control Enforcement, 782 A.2d 57 (Pa Cmwlth, 2001).

11. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

12. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied.

13. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied. By way of further answer, the answering party has no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering party are denied and proof thereof is demanded at the time of trial.

14. After reasonable investigation the answering parties have insufficient information from which to either admit or deny the allegations contained within this paragraph of Plaintiff's Complaint and, therefore, strict proof thereof is demanded at the time of trial.

15. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied.

16. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied.

17. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied. By way of further answer, the answering parties have no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering parties are denied and strict proof thereof is demanded at the time of trial.

18. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied. By way of further answer, the answering parties have no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering parties are denied and strict proof thereof is demanded at the time of trial.

19. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's

Complaint is denied. By way of further answer, the answering parties have no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering parties are denied and strict proof thereof is demanded at the time of trial.

20. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied. By way of further answer, the answering parties have no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering parties are denied and strict proof thereof is demanded at the time of trial.

21. The allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law to which no response of pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that an answer is required, this paragraph of Plaintiff's Complaint is denied. By way of further answer, the answering parties have no independent knowledge of what, if any, injuries or damages the Plaintiff sustained. Further, it is denied, that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth within Plaintiff's Complaint. All averments pertaining to the answering parties are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, the answering parties, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill, demand judgment in their favor and

dismissal of all claims against them in the Complaint with prejudice, together with interest, cost of suit and such other relief as the Court deems equitable and just.

## NEW MATTER

1. The answering parties were not negligent.

2. The answering parties breached no duty, if any, that was owed to the Plaintiff.

3. The answering parties were not guilty of any negligence that was the proximate or producing cause of the damages claimed by the Plaintiff.

4. The averred injuries and/or damages, if proven, resulted from independent and/or intervening causes that were unrelated to the cause of action described in Plaintiff's Complaint.

5. Any injury or damages resulted fully from the negligence and/or inattentiveness of the Plaintiff.

6. If the answering parties are proven to be negligent, which negligence is specifically denied, the Plaintiff was also negligent and said negligence was greater than any negligence chargeable to the answering parties and, therefore, Plaintiff is not entitled to damages.

7. The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

8. The events, circumstances, injuries and/or damages averred in Plaintiff's Complaint arose from the conduct of persons, entities and/or associations, over which the answering parties had no directional control.

9. Plaintiff's claims are limited to violations of 47 P.S. 4-497 and all other allegations should be stricken.

10. Plaintiff's cause of action is barred by the applicable statute of limitations and/or laches.

11. Plaintiff's claims asserted herein lack reasonable foundation or support of law and, therefore, the answering parties are entitled to attorneys' fees and costs associated with the defense of this matter.

12. Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and/or waiver.

13. To the extent Plaintiff requests delay damages pursuant to Rule 238 or any similar Rule, the answering parties aver that said Rule is unconstitutional under State and Federal Constitutions as drafted and/or as applied amounts to a denial of the answering parties' rights without due process of law.

14. Plaintiff's claims are barred by the doctrine of accord and satisfaction and/or release.

15. The answering parties specifically reserve the right to amend and/or add defenses as discovery progresses.

**WHEREFORE**, the answering parties, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill, demand judgment in their favor and dismissal of all claims against them in the Complaint with prejudice, together with interest, cost of suit and such other relief as the Court deems equitable and just.

**NELSON LEVINE de LUCA & HORST, LLC**

BY: _____
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS (PA93544)
ATTORNEYS FOR DEFENDANTS D&M
REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE,
INC., T/A THE HORSE TAVERN & GRILL

Dated: January 16, 2009

## VERIFICATION

I, WILLIAM DIRK PASTORICK, ESQUIRE/BRIAN M. ANDRIS, ESQUIRE do hereby state that I am counsel for Defendants, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill, in the within action, and as such do hereby verify that the statements made in the foregoing Answer to Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
WILLIAM DIRK PASTORICK
BRIAN M. ANDRIS

Dated: __1-16-09__

| | |
|---|---|
| NELSON LEVINE de LUCA & HORST, LLC<br>WILLIAM DIRK PASTORICK (PA77070)<br>BRIAN M. ANDRIS (PA93544)<br>457 HADDONFIELD ROAD<br>SUITE 710<br>CHERRY HILL, NJ 08002<br>856.665.8500<br>856-665-8501 (fax) | ATTORNEYS FOR DEFENDANTS<br>D&M REAL ESTATE, LLC, T/A THE<br>HORSE TAVERN & GRILL AND THE<br>HORSE, INC., T/A THE HORSE<br>TAVERN & GRILL |

| | |
|---|---|
| JAMIE MEDFORD FREI<br>　　　Plaintiff<br>v.<br>D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL<br>　　　Defendant(s) | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO: 2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Tara C. Leary, Secretary to Brian M. Andris, Esquire, Esquire, hereby certify that a true and correct copy of the ANSWER OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL, TO PLAINTIFF'S COMPLAINT WITH NEW MATTER was served on January 16, 2009, upon counsel listed below by United States Mail, postage prepaid:

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin
210 W. Walnut Street
P.O. Box 259
Perkasie, PA  18944

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
　　Tara C. Leary, Legal Secretary

Date: January 16, 2009