# EXHIBIT D

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
BY: Francis J. Grey, Jr., Esquire
Identification Number: 56145                          ***Attorneys for Third-Party Defendant,***
BY: Monica V. Pennisi Marsico, Esquire                ***General Motors Corporation***
Identification Number: 83681
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

| | |
|---|---|
| JAMIE MEDFORD FREI | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| D&M REAL ESTATE, LLC, T/A THE HORSE | : NO.: 2008-11271-31-2 |
| TAVERN & GRILL AND THE HORSE, INC., | : |
| T/A/ THE HOARSE TAVERN & GRILL | : |
| | |
| Defendant | |
| | |
| v. | |
| | |
| GENERAL MOTORS CORPORATION | |
| | |
| Third-Party Defendant | |

**GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER TO JOINDER COMPLAINT
PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

Third-Party Defendant, General Motors Corporation (hereinafter "General Motors" or "GM"),

by and through its undersigned counsel, hereby answers the Joinder Complaint pursuant to Pa.R.C.P.

2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A

The Horse Tavern & Grill, as follows:

1.    Denied. After reasonable investigation, General Motors is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph (1) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

2.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (2) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

3.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (3) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

4.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (4) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

5.      Denied. General Motors is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan. It is admitted only that GM does business in the Commonwealth of Pennsylvania.

6.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (6) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

7.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (7) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

8.    Denied as stated. General Motors admits only that it designed in part, manufactured in part and sold to an authorized GM dealership, the 2008 Chevrolet Cobalt bearing Vehicle Identification Number 1G1AL12F657609040 referenced in the defendants' Joinder Complaint.

9.    Denied. The allegations contained in Paragraph (9) of Plaintiff's Complaint constitute conclusions of law to which no response is required.

10.    Denied. The allegations contained in Paragraph (10) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that it was negligent in the manner described in the Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (10). In further response, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

11.    Denied. The allegations contained in Paragraph (11) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that it was negligent in the manner described in the defendants' Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (11). By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages.

12.    Denied. The allegations contained in Paragraph (12) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages.

13.    Denied. The allegations contained in Paragraph (13) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that it is alone liable, jointly and/or severally liable or liable over to D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill on any of the causes of action set forth in plaintiff's Complaint or the New Matter of said defendants, or liable for contribution and/or indemnity. General Motors further denies that defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill, are entitled to contribution and/or indemnification from General Motors.

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

### NEW MATTER

By way of further answer, General Motors Corporation sets forth the following New Matter:

14.    General Motors incorporates by reference plaintiff's Complaint against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, in this matter.

15.    The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill.

16.    The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions, in whole or in part, of additional individuals or entities other than General Motors, and over whom General Motors exercises no authority or control.

17.    Plaintiff's alleged injuries may have been caused by the intervening or superseding acts of negligence of persons over whom General Motors exercises no control and for whose conduct General Motors bears no responsibility.

18.    The defendants' Joinder Complaint fails to state a claim upon which relief may be granted.

19.    Plaintiff's claims may be barred by the applicable statute of limitations.

20.    Plaintiff may not have been wearing, or properly wearing, the available occupant restraints at the time of the accident described in the defendants' Joinder Complaint.

21    Abuse and/or misuse of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint, including but not limited to the failure to maintain said vehicle, may constitute the sole and exclusive cause of the injuries referenced in the Complaint.

22.    Plaintiff may have been negligent in the operation of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint so as to bar or reduce any recovery by operation of the provisions of the Pennsylvania Comparative Negligence Act.

23.    Plaintiff's claims may be barred and/or limited by the statutes of the Commonwealth of Pennsylvania relating to motor vehicle insurance and/or motor vehicle accidents.

24.    Some or all of the damages requested by the plaintiff are not recoverable in this action.

25.    General Motors hereby pleads any and all releases entered, or to be entered into, by the defendants, as a reduction, in whole or in part, of any damages to which the defendants may be entitled to recover from General Motors; it being specifically denied that General Motors is liable to the defendants in any respect.

26.    To the extent that plaintiff failed to maintain or preserve the 2003 Chevrolet Silverado referenced in the defendants' Joinder Complaint and/or its component parts in their immediate post-accident condition, plaintiff is guilty of spoliation and the defendants may not maintain an action against General Motors.

27.    The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint may have been substantially altered or modified after it left the possession of General Motors.

28.    It is specifically denied that the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was in a defective or dangerous condition at the time that it left the possession and/or control of General Motors Corporation.

29.    The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in compliance with congressionally enacted safety standards.

30.    The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in conformity with the prevailing scientific and technological knowledge at the time the vehicle left the possession and/or control of General Motors Corporation.

31.    The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint should have been delivered to the purchaser with a written Limited New Car Warranty. Said warranty speaks for itself and General Motors hereby pleads the limitations contained in said warranty.

32.    Plaintiff may have failed to mitigate his or her damages.

33.    General Motors reserves the right upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO

DATE: 2/23/09

BY: _____
FRANCIS J. GREY, JR., ESQUIRE
MONICA V. PENNISI MARSICO, ESQUIRE
*Attorneys for Third-Party Defendant,*
*General Motors Corporation*

## VERIFICATION

| | | |
|---|---|---|
| STATE OF MICHIGAN | ) | |
| | ) | SS. |
| COUNTY OF WAYNE | ) | |

DIANE L RORAI being first duly sworn, deposes and says that she is authorized pursuant to

applicable law and rules to verify, on behalf of General Motors Corporation, the forgoing

**GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER
TO JOINDER COMPLAINT PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS,
D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND
THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

And that the same are hereby verified on behalf of General Motors Corporation.

*Diane L. Rorai*
_____
DIANE L. RORAI
Authorized Agent

Sworn to and subscribed before me
This 20th day of February, 2009.

MARY J. VERSEY-LANDRUM
NOTARY PUBLIC, MICHIGAN
WAYNE COUNTY
MY COMMISSION EXPIRES JAN. 13, 2012

Notary Public

*Re: Jamie Medford Frei v. D&M Real Estate, LLC, et al v. General Motors Corporation*

## CERTIFICATE OF SERVICE

I, Monica V. Pennisi Marsico, hereby certify that on this 23rd day of February, 2009, a copy of the foregoing, *General Motors Corporation's Answer with New Matter to Joinder Complaint pursuant to Pa.R.C.P. 2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill*, was served upon on all counsel listed below via United States Mail, postage prepaid:

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
210 W. Walnut Street
P.O. Box 259
Perkasie, PA 18944

William Dirk Pastorick, Esquire
Brian M. Ardis, Esquire
NELSON LEVINE deLUCA & HORST, LLC
457 Haddonfield Road
Suite 710
Cherry Hill, NJ 08002

_____
Monica V. Pennisi Marsico, Esquire