HEARING DATE AND TIME:  February 10, 2010

KAYE SCHOLER LLP
Richard G. Smolev (RS 2222)
425 Park Avenue
New York, NY  10022-3598
Telephone:     (212) 836-8000
Facsimile:      (212) 836-8689

*Counsel for Phillip Morris Capital Corporation and certain of its subsidiaries and affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re: | : | **Chapter 11 Case No.** |
| MOTORS LIQUIDATION CORPORATION, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., et al. | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**REPLY OF GENERAL FOODS CREDIT INVESTORS NO. 2 CORPORATION TO LIMITED OBJECTION OF GE CAPITAL CORPORATION AND U.S.B ANK, AS OWNER TRUSTEE ON ITS BEHALF, TO DEBTORS' MOTION TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES OF EQUIPMENT AND <u>RELATED EXECUTORY CONTRACTS</u>**

General Foods Credit Investors No. 2 Corporation ("<u>GF</u>"), by and through its undersigned counsel, submits this reply to the limited objection (the "<u>Limited Objection</u>") of GE Capital Corporation and certain of its affiliates ("<u>GECC</u>") and U.S. Bank National Association and U.S. Bank Trust National Association, as owner trustee under the GM 2001 A-4 Lease referred to therein[1] (the "<u>A4 Owner Trustee</u>") to the Debtor's Motion to Assume and Assign Certain Expired Leases of Equipment and Related Executory Contracts (the "<u>Motion</u>"), dated October 30, 2009 (Docket No. 4331).

---

[1]  The Limited Objection does not state which of these two entities acts as owner trustee under the GM 2001 A-4 Lease.

GF[2] is the owner participant in the GM 2001 A-3 Lease referred to in the Limited Objection.  In the Limited Objection, GECC and the A4 Owner Trustee argue that because the GM 2001 A-3 Lease and GM 2001 A-4 Lease concern an undivided interest in the same property (certain automotive manufacturing equipment), an assumption of one such lease requires a contemporaneous assumption of the other.  GECC and the A4 Owner Trustee go on to assert that the GM 2001A-3 Lease may not be assumed unless and until "definitive documentation" acceptable to GECC and the A4 Owner Trustee for the assumption of the GM 2001 A-4 Lease is negotiated and entered into.

Although the parties contemplate that both such leases will be assumed and assigned contemporaneously, and although provisions of the respective leases support contemporaneous assumption, when these leases were entered into, all parties contemplated that the leases might be treated separately.  The leases are not linked in the way GECC and the A4 Owner Trustee suggest.  A contemporaneous assumption is not required by the terms of either the GECC or GF lease.  Also, the GM 2001 A-3 Lease may be assumed without additional documentation beyond the settlement agreement already entered into by GF and General Motors Company.  Whatever documentation will be required for the GM 2001 A-4 lease to be assumed will be negotiated by GECC and General Motors Company.   It is not correct, however, as GECC asserts, that the GM 2001 A-3 Lease cannot be assumed until GECC and General Motors Company negotiate the assumption documents for the GM 2001 A-4 Lease.  This would have the effect of holding the assumption of the GM 2001A-3 Lease hostage to a negotiation -- hopefully successful but which would likely involve delay in any event-- of documents on a separate transaction to which GF is not a party and has no role.

---

[2] Paragraph 5 of the Limited Objection states that Phillip Morris Capital Corporation is the owner participant, but the owner participant is its affiliate GF.

31931725.DOC                                            2

GECC and the A4 Owner Trustee are asking this Court to rewrite the terms of both leases. This Court, of course, cannot do so. Accordingly, the Court may order the assumption of the GM 2001 A-3 Lease whether or not it also orders the assumption of the GM 2001 A-4 Lease. Moreover, even if the GM 2001 A-4 Lease is to be assumed, the effectiveness of the assumption of the GM 2001-A3 Lease cannot be conditioned on the negotiation of assumption documents for the GM 2001 A-4 Lease. Therefore GF objects to GECC and the A4 Owner Trustee's request that any order granting the Motion condition the assumption of the GM 2001 A-3 Lease on the contemporaneous assumption of the GM 2001 A-4 Lease, or on the negotiation or execution of satisfactory documentation for the assumption of the GM 2001A-4 Lease.

WHEREFORE, GF requests that the limited objection be overruled.

Dated: New York, New York
      January 21, 2010

KAYE SCHOLER LLP

  /s/ Richard G. Smolev
Richard G. Smolev (RS 2222)
425 Park Avenue
New York, NY 10022-3598
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: rsmolev@kayescholer.com

*Counsel for Phillip Morris Capital Corporation and certain of its subsidiaries and affiliates*

31931725.DOC

3