| | |
|---|---|
| ZACHARY MOSNER, WSBA# 9566<br>Assistant Attorney General<br>Bankruptcy & Collections Unit<br>800 Fifth Avenue, Suite 2000<br>Seattle, Washington 98104-3188<br>(206) 389-2198 | Judge Robert E. Gerber<br>Chapter 11 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY;<br>ET AL., fka General Motors Corp., et al.<br><br>Debtors. | NO. 09-50026<br><br>(Jointly Administered)<br><br>STATE OF WASHINGTON<br>JOINDER IN OBJECTION OF<br>TEXAS TO ADR PROCEDURES. |

COMES NOW counsel for the State of Washington, Department of Revenue and JOINS in the reply filed by the State of Texas, Office of the Comptroller and FURTHER STATES:

1. <u>Pending Audit Compliance Issues</u>. There are outstanding audit compliance issues which require the cooperation of the debtor. Until such time as documents are provided it is impossible to enter into good faith negotiations.

2. <u>Similar Issues In Complex Cases</u>. The State faced similar issues in <u>Chrysler</u> and obtained audit compliance and entered into settlement dialogue quickly and with minimal expense without the benefit of ADR. This court will note how quickly the matter came on for settlement therein.

3. <u>No Clearly Demonstrated Need</u>. The State does not deny the obvious benefits of ADR in many cases, but the debtor has not demonstrated the need for the process at this time. It would

1  not be efficient or economical to force the process at a time when the debtor controls the flow of

2  information and the parties would need to bargain on wholly speculative positions.

3      4. <u>Considerable Costs To States</u>.  The States are in dire financial condition.  There are

4  employees and attorneys in place right now that have a demonstrated track record in quickly and

5  economically fixing tax claims and negotiating payment in a timely and practical manner.

6  Everyone involved clearly understands the limited economic resources available for litigation and

7  ultimate payment of claims.

8      5. <u>Conditioning of ADR</u>.  At the very least, the imposition of ADR should await a

9  certification by debtor of full tax discovery compliance on outstanding audits.  In addition that

10 certification should also require some elaboration of good faith efforts thereafter to settle claims.

11 A maximum time period should be set for tax discovery completion and a sixty day minimum

12 claims negotiation process should follow before the court considers ADR on a case-by-case basis.

13     WHERUPON, the State of Washington PRAYS the court defer consideration of this issue,

14 or at least impose deadlines as set forth in paragraph five and continue this matter until the

15 expiration of those time periods for further argument at that time.

16     DATED this 21st day of January, 2010.

ROBERT M. MCKENNA
Attorney General

/s/ Zachary Mosner
ZACHARY MOSNER, WSBA No. 9566
Assistant Attorney General
Bankruptcy & Collections Unit

STATE OF WASHINGTON JOINDER IN         2         OFFICE OF THE ATTORNEY GENERAL
OBJECTION OF TEXAS TO ADR                        Bankruptcy & Collections Unit
PROCEDURES                                       800 Fifth Avenue, Suite 2000
                                                 Seattle, Washington 98104-3188
                                                 (206) 389-2187 phone – (206) 587-5150 fax