Robert B. Weiss
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7596
Facsimile: (313) 465-7597
E-Mail: rweiss@honigman.com

*Special Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
**In Re**                                             :    Chapter 11
:
**MOTORS LIQUIDATION COMPANY** (f/k/a    :    Case No. 09-50026 (REG)
General Motors Corp.), et al.,                         :    (Jointly Administered)
:
Debtors.                                       :    Hon. Robert E. Gerber
:
-----------------------------------------------------------x

**DECLARATION OF DISINTERESTEDNESS AND DISCLOSURE
STATEMENT OF ROBERT B. WEISS ON BEHALF OF
HONIGMAN MILLER SCHWARTZ AND COHN LLP
AS ORDINARY COURSE PROFESSIONAL**

Robert B. Weiss hereby declares, pursuant to Section 1746 of Title 28 of the United States Code:

1. I am a partner of Honigman Miller Schwartz and Cohn LLP, located in Detroit, Michigan ("**Honigman**").

2. Honigman has been approved by the Court to serve as special counsel to the Debtors pursuant to the Order Under 11 U.S.C. §§327(e) and 328(a) Authorizing the Employment and Retention of Honigman Miller Schwartz and Cohn LLP as Special Counsel to

the Debtors *Nunc Pro Tunc* to the Petition Date (the "**Honigman Employment Order**") [Docket No. 2548].

3.    Honigman represented Debtor Motors Liquidation Company f/k/a/ General Motors Corp., et al ("**Defendants**") for nearly 20 years prepetition with respect to purchasing issues, supplier and customer financial distress, insolvencies and bankruptcies, and certain other discrete areas.  In connection with Debtors' cases, Honigman was retained UNDER THE Honigman Employment Order to counsel Debtor in connection with all aspects of management of Debtor's supply chain and the bankruptcy issues attendant thereto, and to continue representing Debtors in the types of matters it had represented Debtors prepetition, such as representing Debtors in bankruptcy cases of suppliers and dealers, real estate, taxes, certain litigation, environmental and Michigan law issues.  Through the closing of the sale of substantially all of Debtor's assets (the "**363 Transaction**") to NGMCO, Inc. n/k/a as General Motors LLC ("**GM LLC**"), Honigman rendered substantial professional services in furtherance of the Debtors' chapter 11 cases.  Among other tasks, Honigman worked with the Debtors to develop, implement and execute a supplier call center to address all of the purchasing-related aspects of the bankruptcy, including identifying Essential Vendors, negotiating Trade Agreements and establishing cure costs and managing the assumption and assignment of executory contracts from Debtors to GM LLC.

4.    Following the consummation of the 363 Transaction, Honigman had discussions with both Debtors and GM LLC, and it was agreed that Honigman's representation of Debtors would be limited primarily to the resolution of certain equipment lease, utility contract and executory contract matters involving General Electric Capital Corporation ("**GECC Matters**"), and certain financing and collection issues, but that Honigman's fees and expenses in connection with the GECC Matters would be billed to and paid by GM LLC.  It is possible that the Debtors

may ask Honigman to handle additional discrete tasks related to matters it previously handled or Michigan law issues.

5. Thus, after the closing of the 363 Transaction on July 10, 2009, Honigman's representation of the Debtors has substantially declined so that Honigman currently is doing minimal work billed to the Debtors. Certainly the monthly fees currently incurred by Honigman or likely to be incurred by Honigman are far below the threshold for ordinary course of business professionals.

6. Debtors and Honigman have agreed that, instead of Honigman continuing to serve as special counsel under the Honigman Employment Order, Honigman shall, going forward, be available to assist the Debtors as requested as ordinary course of business professionals under the Order Pursuant to 11 U.S.C. §§105(a), 327, 328, and 330 Authorizing Debtors to Employ Professionals Utilized in Ordinary Course of Business (the "**Ordinary Course Professionals Order**") [Docket No. 1742]. Honigman shall file a final fee application for its services under the Honigman Employment Order through December 31, 2009.

7. Honigman may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. Honigman is acting for GM LLC in these chapter 11 proceedings, but not in matters directly adverse to the estate with respect to the matters on which Honigman is to be employed by the estate. As part of its customary practice, Honigman is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Honigman has disclosed such representations and relationships in the Declaration of Robert B. Weiss and Disclosure Statement in Support of the Application Under 11 U.S.C. §§327(e) and

328(a) to Employ and Retain Honigman Miller Schwartz and Cohn LLP as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date (Docket No. 951) and supplements thereto. (See Docket Nos. 2254 and 4288).

8.  Neither I, nor any principal of, or professional employed by Honigman has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of Honigman.

9.  Neither I, nor any principal of, or professional employed by Honigman, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which Honigman is to be employed.

10. As of the Debtors' petition date, Honigman held a fund in an interest bearing account the amount of $583,394.66, which fund had earned $1,467.18 in interest, as of November 5, 2009, so that on November 5, 2009 the fund balance was $584,861.84, which fund constitutes a retainer (the "**Retainer**"). Honigman has since reconciled the estimated charges for professional services to be performed and expenses to be incurred in the days immediately before the petition date with the actual charges for professional services performed and expenses incurred which were billed by Honigman, and determined those fees not paid by prepetition application of retainer were $9,598.97. Honigman has requested authority to apply the Retainer to pay these $9,598.97 in outstanding prepetition fees. After that application of the Retainer, the balance of the Retainer would be $575,262.87 (plus interest accrued after November 5, 2009). To the extent the Retainer exceeds Honigman's unpaid fees and costs from the petition date through September 30, 2009. Honigman has sought leave to pay its awarded but unpaid fees and costs and its $9,598.97 in unpaid prepetition fees from the Retainer, and to deliver the remainder of the Retainer to the Debtors.

11. If at any time during the period of its employment under the Ordinary Course Professionals Order, Honigman should discover any facts bearing on the matters described herein, Honigman will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2010.

By: _____
ROBERT B. WEISS

DETROIT.4015969.2

5