PRESENTMENT DATE AND TIME: February 9, 2010 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: February 9, 2010 at 11:00 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :   09-50026 (REG)
                                                            :   (Jointly Administered)
MOTORS LIQUIDATION COMPANY, et al.,                         :
        f/k/a General Motors Corp., et al.                  :
                                                            :
                Debtors.                                    :
------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED**
**ORDER BETWEEN THE DEBTORS AND ALIDA ALBERTINI**
**PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") will present the Stipulation and Agreed Order Between Debtors and Alida Albertini Providing for Limited Modification of the Automatic Stay (the "**Stipulated Order**") attached hereto to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **February 9, 2010 at 12:00 p.m. (Eastern Time)**.

1

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulated Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Suite 1400 Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:

Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as to be received no later than **February 9, 2010 at 11:00 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulated Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the Stipulated Order, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 26, 2010
New York, New York

**WEIL, GOTSHAL & MANGES LLP**

**/s/** Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**PRESENTMENT DATE AND TIME: February 9, 2010 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: February 9, 2010 at 11:00 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :   09-50026 (REG)
                                                             :   (Jointly Administered)
MOTORS LIQUIDATION COMPANY, et al.,                          :
     f/k/a General Motors Corp., et al.                      :
                                                             :
              Debtors.                                       :
-------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER BETWEEN DEBTORS AND ALIDA**
**ALBERTINI PROVIDING FOR LIMITED**
**MODIFICATION OF THE AUTOMATIC STAY**

Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Alida Albertini ("**Plaintiff**" and collectively with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

4

**RECITALS**

A On June 1, 2009, MLC commenced a voluntary case (the "**Bankruptcy Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B Plaintiff commenced a civil action against MLC and a former-MLC employee, Eddie Garces, on April 13, 2009, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Alida Albertini v. General Motors Corporation and Eddie Garces*, case number 09-29963CA25 (the "**State Court Action**").  The State Court Action seeks to recover for Ms. Albertini's alleged injuries and alleged damages related to an incident on November 9, 2007, in which a vehicle Ms. Albertini was driving was allegedly struck by an automobile owned by MLC and driven by Mr. Garces.

C Pursuant to section 362 of the Bankruptcy Code, the State Court Action was automatically stayed as to MLC due to the commencement of the Bankruptcy Case.

D MLC is a named insured under an automobile liability insurance policy written by National Union Fire Insurance Company of Pittsburgh, Pennsylvania, providing certain liability coverage up to $300,000 and excess coverage up to $9,700,000 (the "**National Union Policy**"), subject to the terms and provisions thereof.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

**STIPULATION**

1.       Upon entry of an order of the Court approving this Stipulation (the "**Effective Date**"), the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified solely to the limited extent necessary to enable (a) the State Court Action to proceed to final judgment or settlement; and (b) the Plaintiff to attempt to recover any liquidated final judgment or settlement with respect to the State Court Action from the available liability coverage, if any, under the National Union Policy.

2.       Except as provided in paragraph 1 above, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3.       Plaintiff will not seek discovery from MLC in the State Court Action and will withdraw the proof of claim she filed regarding the State Court Action in the Bankruptcy Case, proof of claim number 60001.

4.       Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand (a) the terms and conditions of any insurance policy of the Debtors; or (b) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy of the Debtors.

5.       Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or their insurance carriers with respect to the State Court Action.

The defendants in the State Court Action reserve the right to assert any and all defenses in the State Court Action and reserve all rights with respect to any insurance coverage.

6. The Debtors reserve all rights with respect to any claim that may be filed in their chapter 11 cases by the Plaintiff with respect to the State Court Action or otherwise.

7. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

8. This Stipulation is subject to the approval of the Court. If this Stipulation is not approved by the Court, this Stipulation shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either the chapter 11 cases or the State Court Action.

9. This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

10. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation and to bind the Parties.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same

instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

Dated: January 26, 2010

| | |
|---|---|
| /s/ Gary A. Fiedman | /s/ Joseph H. Smolinsky |
| Gary A. Friedman, Esq. | Harvey R. Miller |
| Friedman & Friedman, P.A. | Stephen Karotkin |
| 2600 Douglas Road, Suite 1011 | Joseph H. Smolinsky |
| Coral Gables, Florida 33134 | David R. Berz |
| Phone: 305-446-6485 | Weil, Gotshal & Manges LLP |
| | 767 Fifth Avenue |
| | New York, New York 10153 |
| Attorney for Plaintiff | Telephone: (212) 310-8000 |
| | |
| | Attorneys for Debtors |
| | and Debtors In Possession |

IT IS SO ORDERED.

Dated: New York, New York
, 2010         THE HONORABLE ROBERT E. GERBER

UNITED STATES BANKRUPTCY JUDGE

8