Presentment Date and Time:  January 28, 2010 at 12:00 Noon (Eastern Time)
Objection Date and Time:  January 28, 2010 at 11:30 a.m. (Eastern Time)

Timothy F. Nixon
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
:
In re                                                      :
:    Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.*,    :
    f/k/a General Motors Corp., *et al.*,    :    09-50026 (REG)
:
                    Debtors.    :    (Jointly Administered)
:
---------------------------------------------------------- x

**FEE EXAMINER'S LIMITED OBJECTION TO APPLICATION OF DEBTORS FOR
ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL
<u>FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21, 2009</u>**

**TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE**

      The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company) and certain of its affiliates in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, "GM" or the "**Debtors**"), objects to the application for the employment and retention of Togut, Segal & Segal, LLP ("**Togut**") as conflicts counsel to the Debtors (the "**Application**").

## I.    INTRODUCTION

The Court appointed the Fee Examiner pursuant to the December 23, 2009 Stipulation and Order With Respect to Appointment of a Fee Examiner [Docket No. 4708] (the "**Fee Examiner Order**") to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals.  The scope of the Fee Examiner's appointment, at least with respect to newly-retained professionals, properly includes an evaluation of the necessity of retaining the professionals at the outset and the terms of that retention.  If it does not, the Fee Examiner may raise these same issues at the time of the first fee application.

With this objection, the Fee Examiner does not *per se* oppose Court approval of Togut's retention but to better define the retention and to determine the reasons that Weil, Gotshal & Manges LLP ("**WG&M**") or one of the five other firms already retained as special counsel or conflicts counsel cannot fulfill the Debtors' needs.  While the Fee Examiner has raised these matters informally with the Debtor's counsel, he files this objection to memorialize his concerns and to establish the basis for an objection should a consensual resolution fail.  This limited objection is without prejudice to the Fee Examiner's obligation under the Fee Examiner Order to object to the fees requested by Togut or any other firm—including the hourly rates charged—after the submission of any application for compensation.

The Debtors seek to retain Togut as counsel for "certain discrete matters in which WG&M cannot represent the Debtors because of a conflict or which can be more efficiently handled by the Togut Firm."  Application ¶ 7.  Among the specific "discrete matters" cited are:

> (a) advise the Debtors regarding their powers and duties in
> the continued management of their businesses and properties;

2

    (b) take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

    (c) prepare on the Debtors' behalf motions, application, adversary proceedings, answers, orders, reports and papers necessary to the administration of the estates;

    (d) advise the Debtors in connection with any potential sale of assets;

    (e) appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts; and

    (f) perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these chapter 11 cases.

*Id.*

## II. GROUNDS FOR LIMITED OBJECTION

These are the grounds for the Fee Examiner's limited objection:

1. The Debtors sought—and obtained—this Court's permission to hire Baker & McKenzie to work on, among other things, "defined strategic alternatives and aspects of potential sales and purchases of assets including [but not limited to] any transaction involving Delphi Corporation, its assets and affiliates." Application of Debtors for Entry of Order Pursuant to 11 U.S.C. § 327(E) and Fed. R. Bank. P. 2014 Authorizing Retention And Employment of Baker & McKenzie as Special Counsel, *Nunc Pro Tunc* to the Commencement Date at p. 3 [Docket No. 3283] and Order at p. 2 [Docket No. 3634]. The Declaration of Albert Togut in Support of Application of Debtors for Entry of Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Employment And Retention of Togut, Segal & Segal, LLP As Conflicts Counsel for the Debtors *Nunc Pro Tunc* to December 21, 2009 ("**Togut Declaration**") may explain why Togut

3

cannot provide counsel on transactions related to the Delphi Corporation. Togut Declaration at ¶ 9. However, it does not explain why yet another law firm is required to "advise the Debtors in connection with any potential sale of assets" when it has already hired Baker & McKenzie to engage in similar work, presumably if WG&M cannot perform it.

2. The proposed retention of the Togut firm also includes general litigation, including "representing debtors interest in negotiations concerning litigation including objections to claims filed against the estate…" The Debtors sought—and obtained—this Court's permission to hire the Jones Day firm to handle various commercial litigation matters, including commercial litigation defense. Application Under 11 U.S.C. §327(e) Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date at p. 2 [Docket No. 3282] and Order at p. 2 [Docket No. 3633]. The Debtors have not established that new or additional litigation counsel is required or why one of the other firms representing the Debtors cannot manage claims objections and other routine matters.

3. Togut requests appointment *nunc pro tunc* to December 21, 2009; yet the application does not establish a basis for the pre-approval retention of a new professional. Togut should either explain the need to have a new case professional provide more than a month of service without Court approval or should await Court approval before commencing work.

4. The Togut Declaration outlines the proposed compensation of the Togut firm at rates "currently in the range" of $185 (for paralegals and law clerks) to $935 (for partners) per hour, Togut Declaration ¶ 12, without any reference to the Fee Examiner Order. If the Court approves the Togut firm's retention, any compensation—including claims for expense reimbursement and hourly rates—will be subject to the Fee Examiner's review. The Debtor's proposed Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Employment and Retention of

4

Togut, Segal & Legal, LLP As Conflicts Counsel for the Debtors *Nunc Pro Tunc* to December 21, 2009 (the "**Proposed Order**") should be amended to reflect that all compensation is subject to Fee Examiner review.

5.      The Proposed Order states that the Togut firm's representation is for "matters involving transactions, motions, claims or litigation that the Debtors may encounter which are not appropriately handled by WG&M or other professionals because of a potential conflict of interest or, alternatively, which can be more efficiently handled by the Togut Firm." Proposed Order at p. 2.

A.      With respect to efficiency, the rates proposed by the Togut firm are comparable to the rates proposed for other firms.

B.      With respect to the application in general, these questions should be addressed:

- Which specific matters does the newly-retained professional propose to undertake?
- What efforts have been made to determine whether these matters can be assigned to existing case professionals?
- What is the source of the conflict or adverse interest at issue and what efforts have been made to disclose and resolve those conflicts?
- What is the basis for the assertion that the Togut firm will handle matters "more efficiently" than other professionals?
- How will Togut's retention "promote the effective and economical representation of the Debtors in these chapter 11 cases"? Application ¶ 6.
- How will Togut's retention "minimize litigation and reduce the overall expenses of administering these cases"? *See* Togut Declaration at ¶ 11.

5

## JURISDICTION

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## APPLICABLE LEGAL AUTHORITY

7. This objection presents no novel issues of law, and the Fee Examiner requests that the requirement of the service and filing of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this limited objection.

8. No previous objection or application for the relief sought has been made by the Fee Examiner to this or any other court.

## CONCLUSION

WHEREFORE, the Fee Examiner respectfully requests that the Application be denied subject to the re-submission of an application that addresses the concerns the Fee Examiner has expressed in this limited objection.

Dated: Green Bay, Wisconsin
January 28, 2010

GODFREY & KAHN, S.C.

By: _/s/ Timothy F. Nixon_
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: tnixon@gklaw.com

*Attorneys for Fee Examiner*

4608869_2