**PRESENTMENT DATE AND TIME: January 28, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 28, 2010 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
In re                                                             :   Chapter 11 Case No.
                                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*,      :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                :
                                                                  :
                                        Debtors.          :   (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 21, 2009

Upon the Application, dated January 14, 2010 (the "**Application**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11, United States Code (the "**Bankruptcy Code**") for entry of an order authorizing the employment and retention of Togut, Segal & Segal, LLP (the "**Togut Firm**") as conflicts counsel for the Debtors, all as more fully described in the Application, and upon the declaration of Albert Togut, dated January 14, 2010 (the "**Togut Declaration**"), which is annexed to the Application; and it appearing that the members and associates of the Togut Firm who will be engaged in these chapter 11 cases are duly admitted to practice before this Court; and it appearing that: (a) the Togut Firm neither represents nor holds any interest adverse to the Debtors or their estates with respect to the matters upon which it is to be engaged, except as set forth in the Togut

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Declaration, and (b) the Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein and it is further

ORDERED that in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized in accordance with the terms and conditions set forth in the Application to retain the Togut Firm as their conflicts counsel, *nunc pro tunc* to December 21, 2009, the first date on which the Togut Firm began to provide legal services to the Debtors, to represent the Debtors with respect to transactions, motions, claims or litigation matters for which Weil, Gotshal & Manges LLP ("**WG&M**"), the Debtors' general bankruptcy counsel, or the Debtors' other professionals (together with WG&M, "**Counsel**") cannot handle because such matters involve their respective client[s] ("**Counsel's Client**") and present a conflict or adverse interest, and other discrete matters which can be more efficiently handled by the Togut Firm, as generally described in the Application and the Togut Declaration; and it is further

ORDERED that if the Debtors are adverse to any Counsel's Client giving rise to a conflict, the Togut Firm, and not Counsel, shall represent the Debtors in such matter; and it is further

ORDERED that the Togut Firm shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the United States Trustee, the Order, dated August 7, 2009, establishing procedures for interim compensation and reimbursement of expenses of professionals entered by the Court [Docket No. 3711], and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of such Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
         **_January 29, 2010_**

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge