**Presentment Date and Time:  February 16, 2010 at 1:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time:  February 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (Admitted *Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re                                                    :
                                                         :    Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.,*    :
         f/k/a General Motors Corp., *et al.,*    :    09-50026 (REG)
                                                         :
                    Debtors.                       :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTION 327(A) OF THE**
**BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**THE STUART MAUE FIRM AS CONSULTANT TO THE FEE EXAMINER**
***NUNC PRO TUNC* TO JANUARY 22, 2010**

        **PLEASE TAKE NOTICE** that upon the attached Application (the "**Application**") of

the Fee Examiner of Motors Liquidation Company and its affiliated debtors in the above-

referenced chapter 11 cases, pursuant to the *Stipulation and Order with Respect to Appointment*

*of a Fee Examiner* [Docket No. 4708] and 11 U.S.C. § 327, for an order authorizing the

employment and retention of  Stuart Maue as consultant to the Fee Examiner, *nunc pro tunc* to

January 22, 2010, all as more fully described in the accompanying Application to the Honorable

Robert E. Gerber, United States Bankruptcy Judge, for approval and signature on **February 16,**

**2010 at 1:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or any other Windows-based word processing format (with two hard copies delivered directly to Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges, LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi); (vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York, 10019 (Attn: Michael J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Amy Caton, Adam C. Rogoff, and Gregory G. Plotko); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn:

Diana G. Adams); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York, 10007 (Attn: David S. Jones and Matthew L. Schwartz) and (xi) Godfrey

& Kahn, S.C., 780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon),

**so as to be filed and received no later than <u>February 11, 2010, at 4:00 p.m.</u> (Prevailing**

**Eastern Time)** (the "**Objection Deadline**").

   **PLEASE TAKE FURTHER NOTICE** that the relief requested may be granted without

a hearing if no objection is timely filed and served in accordance with the procedures outlined

above.  If a written objection is timely filed and served, a hearing will scheduled by the Court to

be held at the United States Bankruptcy Court for the Southern District of New York, Judge

Robert E. Gerber, presiding, One Bowling Green, New York, New York 10004-1408.  If an

objection is filed, the moving and objecting parties are required to attend the hearing, and failure

to appear may result in relief being granted or denied upon default.

   Dated:  Madison, Wisconsin
      January 29, 2010.

        GODFREY & KAHN, S.C.


      By:   /s/ *Katherine Stadler*
          Timothy F. Nixon (TN 2644)
          Katherine Stadler (KS 6831)

          GODFREY & KAHN, S.C.
          780 North Water Street
          Milwaukee, Wisconsin 53202
          Telephone: (414) 273-3500
          Facsimile: (414) 273-5198
          E-mail: tnixon@gklaw.com
             kstadler@gklaw.com

          *Attorneys for the Fee Examiner*

**Presentment Date and Time: February 16, 2010 at 1:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: February 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (Admitted *Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re                                                     :
                                                          :    Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.,*  :
          f/k/a General Motors Corp., *et al.,*       :    09-50026 (REG)
                                                          :
                    Debtors.                        :    (Jointly Administered)
                                                          :
--------------------------------------------------------- x

**FEE EXAMINER'S APPLICATION TO AUTHORIZE THE LIMITED RETENTION**
**AND EMPLOYMENT OF THE STUART MAUE FIRM AS CONSULTANT**
**TO THE FEE EXAMINER AS OF JANUARY 22, 2010**

TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Liquidation Company, Inc. (n/k/a Motors

Liquidation Company) ("**GM**"), appointed on December 23, 2009, submits this Application

pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket

No. 4708] (the "**Fee Examiner Order**") for authorization to employ the firm of Stuart Maue as

consultant to the Fee Examiner for a limited purpose (this "**Application**") and respectfully

represents:

## PRELIMINARY STATEMENT

1.      The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals.  With this Application, the Fee Examiner seeks entry of an order, pursuant to the Fee Examiner Order and 11 U.S.C. § 327, authorizing the appointment of Stuart Maue as consultant to the Fee Examiner for the initial limited purpose of assisting in the review of the fees and expenses requested in the first interim fee applications of the following professionals:  Jenner and Block, LLP; Brownfield Partners, LLC; Kramer Levin Naftalis and Frankel, LLP; LFR, Inc.; and Claro Group, LLC ("**Selected Case Professionals**"), effective as of January 22, 2010.

2.      The limited scope and costs of the Fee Examiner's proposed engagement of Stuart Maue are outlined in this Application.  In support of this Application, the Fee Examiner relies on the Affidavit of James P. Quinn, President and Chief Operating Officer ("**Quinn Affidavit**"), attached as **Exhibit A**.

## BACKGROUND

3.      Commencing on June 1, 2009 and periodically thereafter (as applicable, the "**Commencement Date**"), General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

4.     On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

5.     On December 23, 2009, the United States Trustee proposed Brady C. Williamson as examiner in the above-captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and by the Fee Examiner Order of the same date, the Court approved the appointment.

6.     On January 5, 2010, the Fee Examiner submitted an *Application for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an order authorizing the employment of Godfrey & Kahn, S.C., as counsel to the Fee Examiner on January 19, 2010.

## JURISDICTION

7.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BASIS FOR RELIEF REQUESTED

8.     The Fee Examiner has determined that the initial volume of fee applications from case professionals to date, in excess of 4,000 pages of time records, warrants—at least on an interim and limited basis—assistance from a consultant that can contribute to the Fee Examiner's quantitative analysis of the fee applications and the preparation of reports to facilitate that analysis.  Accordingly, after reviewing the firms potentially qualified to undertake this assignment, the Fee Examiner has initially selected Stuart Maue as one of the best qualified and, initially, most cost-effective professionals to support the Fee Examiner in his review of the first interim fee applications of the Selected Case Professionals.

### STUART MAUE QUALIFICATIONS

9.     Stuart Maue is a legal auditing and bill review firm that employs licensed attorneys and accountants.  The firm is engaged in reviewing legal bills resulting from complex litigation and bankruptcies.  It has been appointed fee examiner and/or consultant to fee committees in several large bankruptcy cases including The Tribune Company, Merisant Worldwide, Inc.,  Stone & Webster, Incorporated, and K-Mart Corporation.

### SERVICES TO BE PROVIDED BY STUART MAUE

10.     The Fee Examiner seeks to engage Stuart Maue to provide a defined range of services, including:

A.     Assisting the Fee Examiner in analyzing the fee applications of the Selected Case Professionals for compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines of the United States Trustee, the Code of Federal Regulations, and the Local Rules and Orders of the Court;

B.     Assisting the Fee Examiner with the preparation of periodic reports with respect to additional subjects regarding professional fees and expenses; and

C.     Such other services as the Fee Examiner may request, including the review of other applications consistent with the terms of this Application.

11.     Other than in connection with assisting the Fee Examiner in his analysis, Stuart Maue will not duplicate the work performed by the Fee Examiner or any other professionals.

12.     The employment of Stuart Maue is in the best interest of the Debtors' estates and of these cases as a whole because it will aid in the Fee Examiner's analysis of fees and expenses, augmenting the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests.

13.    The Fee Examiner believes that Stuart Maue will materially aid in reviewing the

fee and expense requests of the Selected Case Professionals and that Stuart Maue's experience in

analyzing fee applications, filed in bankruptcy and nonbankruptcy cases, will enable the Debtors

to achieve substantial benefits.

A.    The Fee Examiner wishes to engage Stuart Maue for the limited purpose

of processing the fee applications of the Selected Case Professionals in part to evaluate the

efficacy and utility of Stuart Maue's services and to determine whether retention of Stuart Maue

on a larger scale will create an overall benefit for the Debtors' estates.

B.    In this regard, the Fee Examiner designated the Selected Case

Professionals because they reflect the diversity—in size, services, and client and case

responsibility—of professionals retained in the entire case.  In fact, they are a representative

sample.

C.    Within the defined limits of compensation described in this application,

the Fee Examiner may utilize Stuart Maue's services with respect to the applications of other

professionals.

14.    The Fee Examiner may return to the Court before or after the completion of the

work authorized by this Application to extend, expand or terminate the authorization of Stuart

Maue.

## PROPOSED COMPENSATION

15.    The Fee Examiner, subject to the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to have the Debtors

compensate Stuart Maue at the firm's regular hourly rates for legal and non-legal personnel and

to reimburse Stuart Maue for all reasonable and necessary expenses under 11 U.S.C. §§ 330

and 331.  Stuart Maue's current hourly rate structure ranges from $375.00 for the project

manager; $275.00 to $350.00 for legal auditors and senior legal auditors; $175.00 for IT

personnel; and $75.00 for data control personnel; however, that compensation shall not exceed a

total of $85,000.00 for the review of the first interim fee applications of the Selected Case

Professionals.

16.    Stuart Maue will apply to the Court for the allowance of compensation and

reimbursement of expenses in accordance with the *Order Pursuant to 11 U.S.C. § 105(a)*

*and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "**Compensation Order**") dated August 7, 2009 [Docket No. 3711] and with

§§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise

applicable administrative orders and guidelines.  However, Stuart Maue will not apply for the

approval of compensation until the conclusion of its initial assignment described in this

Application.

17.    Stuart Maue has not received any compensation for services rendered in the

Debtors' chapter 11 cases.

## STUART MAUE'S CONNECTIONS WITH PARTIES IN INTEREST

18.    To the best of the Fee Examiner's knowledge, information, and belief, other than

as set forth in the Affidavit and Disclosure Statement of James P. Quinn, Stuart Maue has no

relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other

parties-in-interest; (iv) the respective attorneys and accountants for any of the foregoing; or

(v) the United States Trustee or any person employed in the Office of the United States Trustees,

in any matter relating to these cases.

## APPLICABLE LEGAL AUTHORITY

19.    On December 23, 2009, the Court entered the Fee Examiner Order [Docket

No. 4708].  The Fee Examiner Order, in relevant part, provides that the "Fee Examiner may

6

retain or consult with attorneys or other professionals if he or she determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." *Id.* at ¶ 6.

20.     The Fee Examiner determined that he requires a qualified consultant to assist him and to provide legal auditing services in the course of his work.  Pursuant to this authority, the Fee Examiner selected Stuart Maue to review the first interim fee applications of the Selected Case Professionals.

21.     Stuart Maue has performed work in good faith, beginning on January 22, 2010, to assist the Fee Examiner in analyzing the first interim fee applications of the Selected Case Professionals.  Stuart Maue commenced performing this work at the direction of the Fee Examiner.  Accordingly, it is appropriate that Stuart Maue be retained *nunc pro tunc* to January 22, 2010.

## PROCEDURE

22.     This Application presents no novel issues of law, and the Fee Examiner requests that the requirement of the service and filing of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Application.

23.     No previous application for the relief sought has been made by the Fee Examiner to this or any other court.

**CONCLUSION**

WHEREFORE, the Fee Examiner respectfully requests the entry of an order,

substantially in the form annexed hereto as **<u>Exhibit B</u>**, granting the relief requested herein and

such other and further relief as the Court may deem just and proper.

Dated: Madison, Wisconsin
      January 29, 2010.

GODFREY & KAHN, S.C.


By:          /s/ *Katherine Stadler*
      Timothy F. Nixon (TN 2644)
      Katherine Stadler (KS 6831)

      GODFREY & KAHN, S.C.
      780 North Water Street
      Milwaukee, Wisconsin 53202
      Telephone: (414) 273-3500
      Facsimile: (414) 273-5198
      E-mail: tnixon@gklaw.com
             kstadler@gklaw.com

      *Attorneys for Fee Examiner*

4586119_1

# **EXHIBIT A**

(Affidavit of James P. Quinn)

Timothy F. Nixon
Katherine Stadler (Admitted *Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re                                                    :
                                                         :    Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.,*  :
         f/k/a General Motors Corp., *et al.,*    :    09-50026 (REG)
                                                         :
                    Debtors.                       :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x

**AFFIDAVIT OF JAMES P. QUINN IN SUPPORT OF ORDER**
**AUTHORIZING THE APPOINTMENT AND EMPLOYMENT**
**OF STUART MAUE AS CONSULTANT TO FEE EXAMINER**

STATE OF WISCONSIN          )
                                             ) ss:
COUNTY OF DANE               )

        James P. Quinn, being duly sworn and on oath, states as follows:

        1.        This Affidavit is submitted in support of Stuart Maue's appointment as Consultant to Fee

Examiner, Brady C. Williamson, in the above-captioned bankruptcy proceeding for the purpose of

assisting in the review of the fees and expenses requested in the first interim fee applications of the

following case professionals:  Jenner and Block, LLP, Brownfield Partners, LLC, Kramer Levin Naftalis

and Frankel, LLP, LFR, Inc, and Claro Group, LLC ("**Selected Case Professionals**").

2.      I am President and Chief Operating Officer of Stuart Maue, which is a legal auditing and bill review firm located at 3840 McKelvey Road, St. Louis, Missouri, 63044, and employs licensed attorneys, accountants, and IT personnel; however, Stuart Maue is not engaged in the practice of law.

3.      This Affidavit is executed on behalf of Stuart Maue and, unless otherwise stated, the facts set forth herein are based upon my best personal knowledge, information, and belief.

4.      In preparing this Affidavit, I requested and was provided by the Fee Examiner a list of parties-in-interest and professionals connected with these chapter 11 cases.  A copy of that list is attached as **Exhibit A**.

5.      Any facts set forth in this Affidavit as to the relationship between Stuart Maue and the parties-in-interest and the professionals are based on my review of **Exhibit A**.

6.      Insofar as I have been able to ascertain, Stuart Maue does not have connections with any of the parties-in-interest and professionals listed on **Exhibit A**, except Stuart Maue has or is providing legal auditing services to clients, including in other bankruptcy proceedings, and in that capacity has or is analyzing the fees and expenses of certain listed case professionals.

7.      Stuart Maue has been appointed fee examiner and/or consultant to fee committees in several large bankruptcy cases including, but not limited to:  The Tribune Company, Merisant Worldwide, Inc., Stone & Webster, Incorporated and K-Mart Corporation.  Copies of the orders retaining Stuart Maue in each of the cases listed are attached as **Exhibit B**.

8.      Subject to this Court's approval, Stuart Maue will charge for its services on an hourly basis, in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.  Stuart Maue shall be entitled to receive compensation for its services based on the following hourly rates for 2010:  Project Manager - $375.00; Legal Auditors and Senior Legal Auditors - $275.00 to $350.00 per hour; Computer Programmers/Consultants - $175.00 per hour; and Data Control Personnel - $75.00 per hour; however, said compensation shall not exceed $85,000.00 for the review of the first interim fee applications of the Selected Case Professionals.

2

9.      Stuart Maue will maintain detailed, contemporaneous time records in increments of tenths of an hour, will  request reimbursement for actual and necessary expenses incurred in connection with rendering its services, and will apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Guidelines of the United States Trustee, the administrative order governing the payment of case professionals, and any other applicable orders entered in these cases.

10.     To the best of my knowledge, information and belief, neither I nor any employee or representative of Stuart Maue has any relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustees, in any matter relating to these cases.

11.     In this case, Stuart Maue has not shared or agreed to share any compensation paid or to be paid with any person, other than a managing director, professional, or employee of Stuart Maue.

12.     I submit this Affidavit based upon the information available to me as of the date so executed and will promptly supplement this Affidavit if previously unknown or undisclosed and relevant information comes to my attention.


**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

13.     This affidavit constitutes the statement of James P. Quinn pursuant to sections 327(a),

328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2012(a) and 2016(b)

Dated:  January 28, 2010.


_____/s/ *James P. Quinn*_____
James P. Quinn
Stuart Maue
3840 McKelvey Road
St. Louis, MO 63044
Telephone:   314-291-3030
Facsimile:   314-291-6546
E-mail:       j.quinn@smmj.com


Subscribed and sworn to before me
this 28th day of January, 2010.


_____/s/ *Zerithea Gale Raiche*_____
Notary Public, State of Wisconsin
My Commission:  Expires June 9, 2013

4615378_1

4

# **EXHIBIT A**

**EXHIBIT A**

| | |
|---|---|
| **Debtor** | General Motors Corporation |
| **Other Names for General Motors Corporation** | GM Corporation<br>National Car Rental |
| **Former GM Entities** | GMAC<br>Delphi |
| **Debtors' Counsel** | Weil, Gotshal & Manges LLP |
| **Chairman** | Edward J. Whiteacre Jr |
| **Debtor's Board of Directors (Current)** | Armando M. Codina<br>Karen L. Katen |
| **Debtor's Board of Directors (Past 3 years)** | G. Richard Wagoner Jr.<br>Jerome B. York |
| **Debtor's Corporate Officers (Current)** | Gary L. Cowger<br>Walter G. Borst |
| **Debtor's Corporate Officers (Past 3 Years)** | Eric A. Feldstein<br>John M. Devine |
| **Debtor's Other Key Executives and Professionals of Affiliates** | G.L. Cowger |
| **Debtor's Significant Shareholders (Current - Top 5%)** | State Street Global Advisors (US) |
| **Debtor's Top 25 Shareholders** | Barclays Global Investors Limited<br>Barclays Global Investors, National Association<br>BNY Mellon Wealth Management<br>Brandes Investment Partners, L.P.<br>Capital International Limited<br>College Retirement Equities Fund<br>Credit Suisse Securities (USA) LLC, Investment Arm<br>Dodge & Cox<br>Lehman Brothers Asset Management Inc<br>Mellon Capital Management Corporation<br>New York State Common Retirement Fund<br>Northern Trust Investments, N.A.<br>RiverSource Investments, LLC<br>Southeastern Asset Management, Inc.<br>State Street Global Advisors, Inc.<br>T. Rowe Price Associates, Inc.<br>TCW Asset Management Company<br>Tiger Management Corp<br>Van Kampen Asset Management |
| **Largest 50 Bondholders** | AIG Global Investment Group Inc.<br>Barclays Capital Inc.<br>BNY GCM (Belgium)<br>Calamos Advisors LLC<br>Capital Research & Management Co.<br>Citicorp Securities Services Inc.<br>Citigroup<br>Davidson Kempner Capital Management<br>Deutsche Bank AG<br>Elliott International LP<br>Euroclear Bank<br>Fidelity Management & Research Co. |

**EXHIBIT A**

| | |
|---|---|
| **Largest 50 Bondholders (continued)** | Franklin Advisers |
| | GE Asset Management Inc. |
| | Highbridge Capital Management |
| | J.P. Morgan Securities Inc. |
| | Kamunting Street Capital Management |
| | King Street Capital Management |
| | Lehman Brothers Inc. |
| | Liverpool LP |
| | Loomis Sayles & Co. LP |
| | Lord, Abbett & Co., LLC |
| | MacKay Shields LLC |
| | Nicholas Applegate Capital Management |
| | Northwestern Investment Management Co. |
| | Oaktree Capital Management LLC |
| | Pacific Asset Management |
| | Pacific Investment Management Co. LLC |
| | Polygon Investment Partners |
| | Sandelman Partners, LP |
| | Scepter Holdings Inc. |
| | UBS AG London |
| | UBS Global Asset Management (US) Inc. |
| | Wellington Management Co. LLP |
| | Whitebox Advisors LLC |
| | |
| **Official Creditors' Committee Members** | DENSO International America, Inc. |
| | Law Debenture Trust Company of New York |
| | Pension Benefit Guaranty Corporation |
| | The Industrial Division of Communications Workers of America, AFL-CIO |
| | United Steelworkers |
| | Wilmington Trust Company |
| | |
| **Official Creditors' Committee Attorneys** | Kramer Levin Naftalis & Frankel LLP |
| | |
| **Top 100 Unsecured Creditors (Other than individual bondholders)** | ABC Group Inc |
| | AK Steel Corp |
| | American Axle & Mfg Inc |
| | Autoliv Inc |
| | Automotive Lighting Corp |
| | Benteler Automotive |
| | Blue Care Network Of Michigan |
| | Blue Cross Blue Shield |
| | Borg Warner Automotive Inc |
| | International Union, United Automobile, Aerospace and Agricultural |
| | Brake Parts Inc |
| | Bridgestone/Firestone Inc |
| | Cellco Partnership |
| | Cobalt Group Inc |
| | Cooper Standard Automotive |
| | CSX Transportation Inc |
| | Dana Corporation |
| | Delphi |
| | Denso International America Inc |
| | Deutsche Bank AG |
| | Electronic Data Systems |
| | Enterprise Rent-A-Car |
| | Exxonmobil Oil Corp |
| | Federal Mogul Corp |
| | Fidelity Investments |

2

**EXHIBIT A**

**Top 100 Unsecured Creditors
(Other than individual bondholders (continued)**

Getrag Corporation
Health Alliance Plan
Henniges Automotive
Hertz
Hitachi Automotive Prods
International Automotive
Implement Workers of America
Johnson Controls LP
L & W Engineering Co Inc
Lear Corporation
Magna Inc.
Maritz Inc
Mitsubishi Electric
Mittal/Ispat Inland
Nemak SA
Norfolk Southern Railway
NYX Inc
Panasonic Corporation
PPG Industries Inc
Robert Bosch Corp
Shiloh Industries Inc
Starcom Media Vest Group
Temic Automotive Of North
Tenneco Inc
Textron / Kautex
Union Pacific Railroad Co
US Steel Inc
US Treasury
Vanguard Car Rental USA
Franklin Templeton Investments
Hitachi Automotive Products (USA), Inc.
Hitachi, Ltd. Automotive Systems
Magna International Inc.
Marathon Asset Management
Tokico (USA), Inc.
Visteon Corporation
Western Asset Management Company

**Utility Companies**

AEP (Columbus Southern Power)
Allegheny Power (Potomac Ed)
Alliant Energy (WP&L)
Ameren UE
American Fiber Systems
ANR Pipeline Co
AT&T
AT&T Corp.
AT&T Teleconference
AT&T Worldnet
Atmos Energy
Atmos Energy Marketing LLC
Baltimore Gas & Electric Co
Bedford City Utilities
BellSouth
BellSouth Long Distance
BP Canada Energy Mktg Corp
BP Energy Co USA
BP Products N America Inc
California-American Water Comp
CenterPoint Energy Arkla
CenterPoint Energy Entex
CenterPoint Energy Gas Trans

**EXHIBIT A**

**Utility Companies (continued)**

Century Telephone
Cincinnati Bell
Cincinnati Bell Telephone
Citizens Gas & Coke Utility
City of Baltimore
Columbia Gas of Ohio
Columbia Gas Transmission Corp
Commonwealth Edison IL
ConocoPhillips Company
Consolidated
Consolidated Edison
Constellation NewEnergy
Consumers Energy
Coral Energy Resources LP
County of Wayne
Dayton Power & Light Co
Delta Charter Township
Denver Water
Dominion East Ohio
Dominion Virginia Power
DPL Energy Resources
DTE Energy
Duke Energy
EDS LLC
Elizabethtown Gas
Embarq Communications Inc
Empire Natural Gas Corp
EnergyUSA - TPC IN
Entergy (Power & Light)
Equitable Gas Comp
Fairpoint Communications
Frontier
Frontier Corp.
Georgia Natural Gas
Georgia Power Co
Granite
Hawaiian Telcom Inc.
Hess Corporation
Indianapolis Power & Light Co
Jacksonville Electric Authority
Kansas Gas Service KS
Laclede Gas Company
MCI
MCI Worldcom
Memphis Light Gas & Water Division
Monroe County Water Authority
National Grid
New Jersey-American Water Company
New York Power Authority
NICOR Gas
Northern Indiana Public Service Company
Northwest Natural Gas
NV ENERGY USA
Ohio Edison Company
Oklahoma Gas & Electric USA
Oklahoma Natural Gas Co USA
Pacific Gas & Electric Comp
PECO Energy Company
Pennsylvania-American Water Company
Piedmont Natural Gas Company
Portland General Electric
Potomac Electric Power Company

4

**EXHIBIT A**

**Utility Companies (continued)**

PSE&G
Qwest
Reliant Energy Solutions LLC
SBC
SBC Internet Services
Seminole Energy Services
Shell Energy N America (US)
Sierra Pacific Power Co
Solar LLC
Southern California Edison
Southern California Gas Co
Southwest Gas Corporation
Sprint
SRP - Salt River Project
Time Warner Telecom
Toledo Edison Company
Trunkline Gas Company LLC
TXU Energy
TXU Gas Co
Vectren Energy Delivery
Verizon
Verizon Communications
Xcel Energy

**Insurance Providers**

Chubb
ESIS
General International Limited
GMAC Re
Goss
Great American
Lexington
Lloyds
Marsh Inc.
National Union
National Union Fire Insurance Company of Pittsburgh
Vigilant
Zurich

**Counterparties to Major Contracts (financing agreements, executory contracts, leases, and other agreements)**

Barclays Bank of Kenya Limited
Barclays Bank PLC
Citibank Istanbul
Citibank Japan Ltd
Citibank Korea Inc.
Citibank N.A., Bangkok Branch
Citibank N.A., Taipei Branch
Daewoo Motor Co Ltd
General Electric Capital Corporation
General Motors Canada Limited
GM Europe Treasury Company
Isuzu Motors Limited
Isuzu Motors Polska SP.
Kensington Capital Corporation
Maryland Economic Development Corporation
Michigan Strategic Fund
Ohio Water Development Authority
Penske Corporation
SAAB Automobile A.B.
SAAB Cars Holdings Corp.
State Street Bank and Trust Company of Connecticut National Association

**EXHIBIT A**

**Counterparties to Major Contracts (financing agreements, executory contracts, leases, and other agreements) (continued)**

Suzuki
U.S. Bank Trust National Association
UAW
Arizona Department of Revenue
Ascension Parish
Assumption Parish
Avoyelles Parish
Baldwin County
Beauregard Parish
c/o Wachovia Bank
Caddo Parish
Calcasieu Parish
Caldwell Parish
City of Abbeville
City of Auburn
City of Aurora
City of Bellevue
City of Birmingham
City of Bowling Green
City of Brighton
City of Canon City
City of Chandler
City of Daphne
City of Decatur
City of Englewood
City of Fort Collins
City of Glendale
City of Golden
City of Jasper
City of Lakewood
City of Mesa
City of Olympia
City of Portland
Claiborne Parish
Colbert County
Commonwealth of Pennsylvania
Connecticut Department of Revenue Services
Cullman County
Delaware Division of Revenue
Department of Finance & Administration
Department of Finance
Desoto Parish
Evangeline Parish
Florida Department of Revenue
Franchise Tax Board
Georgia Department of Revenue
Indiana Department of Revenue
Massachusetts Department of Revenue
Minnesota Department of Revenue
Mississippi Tax Commission
Missouri Department of Revenue
Morgan County
Nebraska Department of Revenue
NYS Sales Tax Processing Jaf Building
Ohio Department of Taxation
Oklahoma Tax Commission
Plaquemines Parish
Puerto Rico Department of Treasury
South Dakota Dept of Revenue
State Board of Equalization
State of Nevada

6

**EXHIBIT A**

| | |
|---|---|
| **Counterparties to Major Contracts (financing agreements, executory contracts, leases, and other agreements) (continued)** | State of Washington |
| | State Tax Commission |
| | Tennessee Department of Revenue |
| | Texas Comptroller |
| | Tuscaloosa County |
| | Utah State Tax Commission |
| | Vermont Department of Taxes |
| | Virginia Department of Taxation |
| | West Virginia State Tax Department |
| | Wisconsin Department of Revenue |
| | Apollo Management, L.P. |
| | General Motors Investment Management Corporation |
| | Thomas H. Lee Partners, L.P. |
| | Vista Equity Partners |
| | Wind Point Partners |
| | |
| **Debtors' Joint Venture Parties** | Caterpillar Logistics Services Inc. |
| | Government of the Republic of Uzbekistan |
| | Isuzu Motors Limited |
| | OnStar Corporation |
| | Suzuki Motor Corporation |
| | |
| **Indenture Trustees (including any parties to GM municipal bond financing arrangements)** | Bank of New York |
| | Citibank, N.A. |
| | Deutsche Bank AG London |
| | U.S. Bank N.A. |
| | |
| **Underwriting Investment Banks for GM's securities (for all securities issued or outstanding and for the prior 3 years, including investment banks used in private placement transactions)** | ABNAMRO Rothschild LLC |
| | Banc of America Securities LLC |
| | Barclays Capital Inc. |
| | Bear, Stearns & Co. Inc. |
| | Citigroup Global Markets Inc. |
| | Credit Suisse Securities (USA) LLC |
| | Deutsche Bank Securities Inc. |
| | Goldman, Sachs & Co. |
| | Greenwich Capital Markets, Inc. |
| | J. P. Morgan Securities Inc. |
| | Merrill Lynch |
| | Morgan Stanley & Co. Incorporated |
| | Pierce, Fenner & Smith Incorporated |
| | Samuel A. Ramirez & Co., Inc. |
| | The Williams Capital Group, L.P. |
| | UBS Securities LLC |
| | Utendahl Capital Partners, L.P. |
| | |
| **Governmental and State Regulatory Agencies** | California Air Resources Board (CARB) |
| | Department of Labor |
| | Department of the Interior |
| | Department of the Treasury |
| | Department of Transportation |
| | Equal Employment Opportunity Commission |
| | Federal Trade Commission |
| | Internal Revenue Service |
| | Michigan Department of Treasury |
| | National Labor Relations Board |
| | Rhode Island Department of Environmental Management |
| | Securities and Exchange Commission |

**EXHIBIT A**

**Governmental and State Regulatory Agencies (continued)**

U.S. Environmental Protection Agency
United States Department of Justice

**Secured Creditors Other Than Major Secured Lenders**

Citicorp USA, Inc.
GE Corporate Financial Services
GELCO Corporation
JPMorgan Chase Bank, N.A.

**Term Loan Secured Lenders**

Aegon Transamer MFS Hi Yld
American Intl Group Inc.
Arch Reinsurance Ltd
Ares Enhanced LN Inv IR
Ares IIIR IVR CLO Ltd
Ares IX CLOLtd
Ares VIII CLI Ltd
Ares VIR CLO Ltd
Ares VR CLO Ltd
Ares XI CLO Ltd
Atrium IV
Atrium V
Avenue CLO V Ltd
Avery Point CLO Ltd
Ballyrock CLO 2006-1 Ltd
Ballyrock CLO 2006-2 Ltd
Big Sky III Senior Loan TR
Bank Of America, N.A.
Black Diamond CLO 2005 I
Black Diamond CLO 2006-I Caymn
Blackrock BD FD Inc Hi Inc FD
Blackrock Corp Hi Yld Fd III I
Blackrock Corp Hi Yld Fd Inc
Blackrock Corp Hi Yld Fd V Inc
Blackrock Corp Hi Yld Fd VI In
Blackrock Debt Strt Fd Inc
Blackrock Div Inc Strt Fd Inc
Blackrock Fltg Rt Inc Strt
Blackrock Senior Inc Ser II
Blackrock Sr Inc Ser IV
Canadian Imperial Bk Comm
Canyon Cap Cdo 2002-1 Ltd
Castle Garden Fdg
Chatham Light II CLO
Chatham Light III CLO Ltd
Citibank NA-N Y
Continental Casualty Co
Csam Syndicated Loan Fd
Cuna Mutual Insurance Society
Cypress Tree Intl Ln Holding C
Delaware Delchester Fd
Eaton Vance Cdo IX Ltd
Eaton Vance Cdo VIII Ltd
Eaton Vance Cdo X PLC
Eaton Vance Fltg Rt Inc Tr
Eaton Vance Instl Sr Ln Fd
Eaton Vance Loan Opp Fd Ltd
Eaton Vance Ltd Duration Inc F
Eaton Vance Medallion Floating
Eaton Vance Sht Dur Div Inc Fd
Eaton Vance Sr Fltg Rt Tr
Eaton Vance Sr Inc Tr
Eaton Vance Vt Fltg Rt Inc Fd
Emerald Orchard Ltd
Fairview Funding LLC

**EXHIBIT A**

**Term Loan Secured Lenders (continued)**

Fidelity Puritan Tr-Puritan Fd
First Tr Highland Cap Fltg Rt
Flagship CLO IV
Flagship CLO V
Flagship CLO VI
Foothill CLO I Ltd
Foothill Group Inc
Foothill Group Inc
Fortress Cr Invs I Ltd
Fortress Cr Invs II Ltd
Galaxite Master Unit Trust
Genesis CLO 2007-1 Ltd
Genesis CLO 2007-2 Ltd
Goldman Sachs Cr Parts LP
Goldman Sachs-Abs Loans 2007 L
GPC 69 LLC
Grand Cent Asset Tr Bdc
Grand Cent Asset Tr Gslf
Grand Cent Asset Tr Wam
Grayson & Co
Harbour Town Funding LLC
Hewett's Island CLO V Ltd
Hewetts Island CLO IV
Hewlett-Packard Co
Highland Floating Rate Fund
Highland Offshore Ptnrs LP
Iowa Public Employees Retirement
Jersey Street CLO, Ltd
JP Morgan Whitefriars Inc
Katonah III, Ltd.
Katonah IV Ltd
Kil Loan Funding LLC
Loan Funding XI LLC
Loan Star State Tr
Logan Circle - Alameda Cty Tra
Madison Park Funding III Ltd
Madison Park Funding I Ltd
Madison Park Funding II
Marathon CLO I
Mariner LDC
Marlborough Street CLO Ltd
Mayport CLO Ltd
Merrill Lynch Cap Serv Inc
Mfs Fltg Rt Hi Inc Fd
Mfs Fltg Rt Inc Fd
Mfs Intermarket Inc Tr I
Mfs Intermediate High Income F
Mfs Spcl Vl Tr
Mfs Sr III Tr Hi Yld Opp Fd
Mfs Variable Ins Tr Mfs High I
Mfs Vit II High Yeild Portolio
Mfs-Dif-Diversified Income Fun
Morgan Stanley Sr Fd Inc
Nash Point CLO
Nash Point CLO III B.V.
National City Bank
Oak Hill Credit Partners V Ltd
Oaktree-Bill & Melinda Gates
Obsidian Master Fd
OCM High Yield Plus Fd LP
Octagon Invsmnt Part XI Ltd
OHA Park Avenue CLO I Ltd

**EXHIBIT A**

**Term Loan Secured Lenders (continued)**

OHSF Financing Ltd
OHSF II Financing Ltd
Phoenix Edge-Multi-Sec Fix Inc
Pimco Fairway Loan Funding Co
Pimco2496-Fltg Rt Inc Fd
Pimco2497-Fltg Rt Strt Fd
Pimco3813- Cayman Bk Ln Fd
Pimco6819 Portola CLO Ltd
Pimco706-Fd Private Hi Yd Pt
Primus CLO I Ltd
Primus CLO II Ltd
Race Point III CLO
Race Point IV CLO Ltd
Reams-Prudential Ret Ins & Ann
RGA Reinsurance Co
Sankaty High Yield Part II LP
Sankaty Hy Part III LP
Secondary Loan And Distressed
Sf-3 Segregated Portfolio
Silverado CLO 2006-I Ltd
State Of Connecticut
Talon Total Return Ptnrs LP
Talon Total Return Qp Ptnrs LP
TCW Absolute Return Credit Fd
Trilogy Portfolio Co LLC
Vitesse CLO Ltd
Vulcan Ventures Inc
Wells - 13702900
Wells - 13823100
Wells - 14945000
Wells - 16017000
Wells 16959701-John Hancock In
Wells Cap Mgmt - 13923601
Wells Cap Mgmt 12222133
Wells 16463700 La Dept W&Pwr Em
Wells 16959700-Jh Hi Yld
West Bend Mutual Insurance Com
XX - Mfs - High Yield Var Acct
XX - Wells Cap Mgmt 18866500
XX -Lehman Brothers First Trust
XX -Lehman Brothers High Income

**Credit Revolver Secured Lenders**

ABN AMRO
Australia & New Zealand Bank
Banca Intesa (Intesa BCI)
Bank of America
Bank of China
Bank of Montreal
Bank of New York
Bank of Nova Scotia
Barclays Bank
Bayerische Landesbank
BBVA (a.k.a. Banco Bilbao Vizcaya Argentaria)
Bear Stearns
BNP Paribas
Calyon
CIBC
Citibank, N.A.
Citigroup
Comerica Bank
Commerzbank AG
Credit Suisse

**EXHIBIT A**

**Credit Revolver Secured Lenders (continued)**

Deutsche Bank
Dresdner Bank
Fifth Third Bank
Fortis
Helaba (Landesbank Hessen)
HSBC
ING Bank
JP Morgan Chase
KBC Bank
Key Bank
M&T Bank
Mellon Bank
Merrill Lynch Bank
Mizuho Corporate Bank
Morgan Stanley
Nordea Bank
Northern Trust Company
RBS (Royal Bank of Scotland)
SE Banken
SMBC
Societe Generale
Standard Chartered Bank
UBS AG
West LB

**Professionals Employed**

ABN AMRO, Inc.
AG Edwards Inc.
Alix Partners
Arthur Andersen
Baker & McKenzie
Bank of New York Mellon Corporation
Bear Stearns International Limited
Bear, Stearns & Co. Inc.
Blackstone Group L.P.
BNP Paribas
Brownfield Partners, LLC
Butzel Long
Citibank, National Association (Las Vegas, NV)
Citigroup CIB
Cravath, Swaine & Moore LLP
Credit Suisse
Davis Polk & Wardwell
Deloitte & Touche (Deloitte Touche Tohmatsu & Deloitte LLP)
Deutsche Bank Securities Inc.
Ernst & Young
Evercore Partners Inc.
Evercore Group LLC
FTI Consulting, Inc.
Goldman Sachs Group Inc.
Goldman, Sachs & Co.
Honigman Miller Schwartz and Cohn LLP
J.P. Morgan & Co. Inc.
JPMorgan Chase & Co
Jenner & Block LLP
Jones Day
Kirkland & Ellis LLP
KPMG LLP
LFR Inc.
Lowe, Fell & Skogg, LLC
Merrill Lynch & Co., Inc.
Merrill Lynch International Limited

**EXHIBIT A**

| | |
|---|---|
| **Professionals Employed (continued)** | Merrill Lynch, Pierce, Fenner & Smith Incorporated |
| | Morgan Stanley & Co. Incorporated |
| | Osler, Hoskin & Harcourt LLP |
| | Price Waterhouse Coopers |
| | Richards, Layton & Finger |
| | Stewart McKelvey Stirling Scales |
| | The Claro Group, LLC |
| | Togut, Segal & Segal, LLP |
| | Weil, Gotshal & Manges LLP |
| | White & Case, L.L.P. |
| | |
| **Major Customers** | AMERCO |
| | Avis Budget Group, Inc. |
| | Barloworld Ltd. |
| | BMW Group |
| | Brunswick Corp. |
| | Coachmen Industries Inc. |
| | Delphi Corp. |
| | GMAC LLC |
| | Imperial Holdings Ltd. |
| | Residential Capital LLC |
| | Sonic Automotive Inc. |
| | The Hertz Corporation |
| | XM Satellite Radio, Inc. |
| | |
| **Top 100 Suppliers** | Aisin Seiki Co Ltd. |
| | Allison Transmission Inc. |
| | American Axle & Mfg Holdings Inc. |
| | Android Industries-Delta Township |
| | Arvinmeritor Inc. |
| | Ballard Power Systems Inc. |
| | Behr GmbH & Co. |
| | Borg Warner Inc. |
| | Bosch, Robert Stiftung GmbH |
| | Bose Corp. |
| | Bridgestone Corp. |
| | Dana Holding Corp. |
| | Delphi Corp. |
| | Denso Corp. |
| | Eaton Corp. |
| | Getrag Getriebe-Und Zahnradfabrik |
| | GKN Plc |
| | Goodyear Tire & Rubber Co. |
| | Guardian Industries Corp. |
| | Hayes Lemmerz International Inc. |
| | Hella Kgaa Hueck & Co. |
| | Hitachi Ltd. |
| | Illinois Tool Works Inc. |
| | International Automotive Components |
| | Johnson Controls Inc. |
| | Key Safety Systems Inc. |
| | Kohlberg & Co LLC |
| | L&W Inc. |
| | Lear Corp. |
| | Martinrea International Inc. |
| | Morgan, JP Chase & Co |
| | Nyx Inc. |
| | Peugeot SA |
| | Remy International Inc. |
| | Renco Group Inc. |
| | Sanluis Corporacion SA De Cv |
| | Schaeffler Kg |
| | Sumitomo Electric Industries Ltd. |

**EXHIBIT A**

**Top 100 Suppliers (continued)**                                         Textron Inc.
                                                                          TI Automotive Ltd.
                                                                          Timken Co. Inc.
                                                                          Tomkins Plc
                                                                          Total SA
                                                                          Toyota Industries Corp.
                                                                          TRW Automotive Holdings Corp.
                                                                          Valero
                                                                          Visteon Corp.
                                                                          Windsor Mold Inc.
                                                                          Yazaki Corp.
                                                                          Yorozu Corp.
                                                                          Zeppelin-Stiftung

**Strategic Alliances**                                                   Apollo Tyres Ltd.
                                                                          Applied Intellectual Capital
                                                                          Carnegie Mellon University
                                                                          Daimler AG
                                                                          Duke Energy Corp.
                                                                          Ford Motor Co.
                                                                          Freudenberg-NOK General Partnership
                                                                          GAZ Group
                                                                          GMAC LLC
                                                                          HSBC Finance Corp.
                                                                          HSBC Financial Corp Ltd.
                                                                          Nicholas Financial Inc.
                                                                          Ontario Power Generation Inc.
                                                                          Rockwood Holdings Inc.
                                                                          Segway, Inc.
                                                                          SK Telecom Co. Ltd.
                                                                          State Grid Corporation of China

**Unions/Non-Debtor Parties to Collective Bargaining Agreements**         IAM
                                                                          IBEW
                                                                          International Association of Machinists
                                                                          International Brotherhood of Electrical Workers

**Major Litigation Claimants**                                            Amico
                                                                          Barnevik
                                                                          Bryant
                                                                          California Attorney General
                                                                          Stanley Zielezienski

**Professionals Retained by Significant Creditor Groups**                 Brown Rudnick
                                                                          Cadwalader Wickersham and Taft LLP
                                                                          Haynes & Boone LLP
                                                                          Houlihan Lokey
                                                                          Lazard Ltd.
                                                                          Morgan, Lewis & Bockius
                                                                          Otterbourg, Steindler, Houston & Rosen, P.C.
                                                                          Paul, Weiss, Rifkind, Wharton & Garrison LLP
                                                                          Rothschild LLP
                                                                          Simpson Thacher & Bartlett LLP
                                                                          Skadden, Arps, Slate, Meagher & Flom LLP
                                                                          Sonnenschein Nath & Rosenthal LLP

**Entities in which GM owns an equity interest**                          Asia Pacific General Motors (China) Investment
                                                                          Company Ltd.
                                                                          General Motors Daewoo Auto and
                                                                          Technology CIS
                                                                          General Motors Powertrain (Thailand)

13

**EXHIBIT A**

| | |
|---|---|
| **Entities in which GM owns an equity interest (continued)** | GM Daewoo Auto & Technology Company<br>Latin America, Africa, and Middle East Boco<br>(Proprietary) Limited<br>General Motors Do Brazil LTDA.<br>Europe Adam Opel GmbH<br>Caterpillar Logistics LLC<br>General Motors Asset Management Limited<br>GM Europe A.G.<br>North America – Dealerships GMAC Auto<br>Lease Purchase Corporation |
| **North America – Joint Ventures** | Aerovironment, Inc.<br>Electric Scientific, Inc.<br>General Motors De Mexico, S. De R.L. De C.V.<br>GMAC Holding S.A. De C.V.<br>New Cure, Inc.<br>New United Motor Manufacturing, Inc.<br>United Online, Inc.<br>XM Satellite Radio Holdings Inc. |
| **North America – Operating Entities** | General Motors Investment Management<br>Corporation<br>General Motors Of Canada Limited<br>GMAC Auto Lease Payment Corp. |
| **North America – Operating Entities** | GMAC LLC<br>GMAM Real Estate I, LLC |
| **Miscellaneous** | GMAC<br>GMAC Banque<br>GMACCommercial Credit (Holdings) Limited<br>OnStar, LLC |

14

# **EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | *RE DOC NO. 540* |

### ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") on January 15, 2009 [Docket No. 225]; and the Court having determined that the size and complexity of these cases will result in numerous and lengthy written applications for payment of professional fees and reimbursement of expenses; and it appearing that the appointment of a fee examiner pursuant to section 105(a) of the Bankruptcy Code, Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court is in the best interests of the Debtors' estates, their creditors, and all parties-in-interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the Office of the United States Trustee having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Employment of Fee Examiner. Stuart Maue is hereby appointed and employed as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2.  Scope of Order. This Order applies to: (i) all professionals employed or to be employed in these cases pursuant to sections 327, 328, or 1103 of Title 11 of the United States Code (the "Bankruptcy Code"); (ii) all members of any official committee (the "Committee Members") appointed in these cases and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 227], dated January 15, 2009 (the "Ordinary Course Professionals Order"); provided, however, that to the extent the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation cap set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or

2

(c) as otherwise ordered by the Court. In addition, and for the avoidance of doubt, the terms of this Order shall not apply to services rendered by Case Professionals (as defined below) on behalf of non-Debtor affiliates of the Debtors. The parties subject to the terms of this Order are hereinafter referred to as "Case Professionals."

3.    Purpose of Order. The Court has determined that, in conjunction with the appointment of the Fee Examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2]

4.    Effect on Interim Compensation Procedures. The terms of the Interim Compensation Order shall be modified by this Order to provide that the Monthly Fee Applications and Quarterly Fee Application Requests (as defined in the Compensation Order) filed by all Case Professionals shall also be sent to the Fee Examiner, including the time entries and itemized expenses that comprise portions of the Monthly Fee Applications and Quarterly Fee Application Requests (the "Fee and Expense Detail"). The Monthly Fee Applications and Quarterly Fee Application Requests may be sent to the Fee Examiner, via e-mail to l.cooper@smmj.com or hard-copy format via first-class U.S. Mail to: Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, MO 63044.

The Fee and Expense Detail shall be sent to the Fee Examiner via e-mail in a searchable electronic format, such as LEDES or Excel. If the Fee and Expense Detail has been submitted in an electronic format with the Monthly Fee Applications, it shall not be necessary to resubmit such detail in conjunction with the filing of a Quarterly Fee Application Request, unless the Fee and Expense Detail has been changed or modified. If a Case Professional is unable to convert its Fee and Expense Detail to the LEDES or Excel formats, the Case Professional may discuss an alternative electronic format with the Fee Examiner.

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 ("Guidelines").

With respect to any Monthly Fee Applications that have been filed prior to the entry of this Order, the Case Professionals shall provide the Fee and Expense Detail to the Fee Examiner within fifteen (15) days of the entry of this Order.

5.    Duties of Fee Examiner and Related Procedures.    During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases.  The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

The Fee Examiner shall review and analyze in detail the Monthly Fee Applications, Quarterly Fee Application Requests, and final fee applications submitted by each Case Professional pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines.  Within thirty (30) days of receipt of a particular Case Professional's Quarterly Fee Application Request or final fee application and the electronic copy of the Fee and Expense Detail respecting such Quarterly Fee Application Request or final fee application, the Fee Examiner shall provide a preliminary report regarding such review (the "Preliminary Report") to the Case Professional.  This period may be extended by mutual consent of the Fee Examiner and the Case Professional.  The Preliminary Report will not be filed with the Court or sent to the Notice Parties.

The Case Professional shall thereafter have twenty (20) days to provide to the Fee Examiner additional information or comments in response to the Preliminary Report, which period may be extended by mutual consent of the Fee Examiner and the Case Professional. The response to the Preliminary Report shall be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by e-mail.  The Case Professional may also respond telephonically to the Preliminary Report.

Within thirty (30) days after the date of the Case Professional's response to the Preliminary Report, the Fee Examiner shall file a final report (the "Final Report") with the Court regarding each Quarterly Fee Application Request or final fee application.  This period

4

may be extended by mutual consent of the Fee Examiner and the Case Professional. The Fee Examiner shall serve the Final Report upon the respective Case Professional and the Notice Parties (as defined in the Interim Compensation Order). The Final Report shall be in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines. Within fifteen (15) days after the date of the Final Report for each Quarterly Fee Application Request and final fee application, the Case Professional may file with the Court a response to such Final Report. This response shall be served upon the Notice Parties and the Fee Examiner.

Hearings on the Quarterly Fee Application Requests shall be scheduled after the Fee Examiner has filed Final Reports for all Quarterly Fee Application Requests submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

Should a Case Professional fail to meet one or more deadlines set forth herein for the review of a Quarterly Fee Application Request, and, in the discretion of the Fee Examiner, the Case Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed with respect to such Quarterly Fee Application Request, such Quarterly Fee Application Request shall be heard at a subsequent hearing date.

The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the United States Trustee, any official committee appointed in these cases, and other parties-in-interest in the Debtors' chapter 11 cases, consistent with Rule 706 of the Federal Rules of Evidence.

6. <u>Fees and Expenses of the Fee Examiner</u>. The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in

accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

7.    <u>Statutory Rights and Obligations of Interested Parties Unaffected</u>.    This Order does not limit the statutory rights and obligations of parties-in-interest in these cases, including, but not limited to, the rights of parties-in-interest to object to Monthly Fee Applications, Quarterly Fee Application Requests, and/or final fee applications.

8.    <u>Service of this Order</u>.    Counsel for the Debtors shall promptly cause a copy of this Order to be served on the Notice Parties and each of the Case Professionals retained in these cases, and shall file a certificate of service upon completion of such service.

9.    <u>Effect of this Order</u>.    This Order shall be effective *nunc pro tunc* to February 20, 2009 and shall remain in effect unless and until the Court orders otherwise.

10.    <u>Power of the Court</u>.    The Court shall retain authority to modify this Order upon notice to the parties.  Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy Code.

Dated: March __19__, 2009

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MERISANT WORLDWIDE, INC., et al.,[1] | Case No. 09-10059 (PJW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. **459** |

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Compensation Order"), on February 13, 2009 [Docket No. 115]; and the Court having determined that the size and complexity of these cases will result in numerous and lengthy written applications for payment of professional fees and reimbursement of expenses in significant amounts; and it further appearing that the appointment of a fee examiner pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, Rule 706 of the Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") and the procedures of this Court, is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors and the Official Committee of Unsecured Creditors ("Committee") having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

---

[1] The Debtors are: Merisant Worldwide, Inc., (Tax ID No. XX-XXX9000), Merisant Company (Tax ID No. XX-XXX8321), Merisant Foreign Holdings I, Inc., (Tax ID No. XX-XXX6579), Merisant US, Inc., (Tax ID No. XX-XXX7233), Whole Earth Sweetner Company LLC, (Tax ID No. XX-XXX3024), and Whole Earth Foreign Holdings LLC., (Tax ID No. XX-XXX3024). The mailing address for all of the Debtors is 33 North Dearborn, Suite 200, Chicago, Illinois 60602.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      <u>Employment of Fee Examiner</u>.  Stuart Maue is hereby appointed and employed as fee examiner to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2.      <u>Scope of Order</u>.  This Order applies to: (i) all professionals in these cases employed or to be employed pursuant to section 327, 328, or 1103 of Title 11 of the United States Code ("Bankruptcy Code"); (ii) all members of official committees ("Committee Members") appointed in these cases; and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the *Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 114], dated February 13, 2009 ("Ordinary Course Professionals Order"); provided however, to the extent that the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation cap set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or (c) as otherwise ordered by the Court. The parties subject to the terms of this Order are hereinafter referred to as "case professionals."

3.      <u>Purpose of Order</u>.  The Court has determined that, in conjunction with the appointment of a fee examiner, it is necessary to establish uniform procedures for the review,

allowance, and payment of fees and expenses of case professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2]

4.    <u>Effect on Interim Compensation Procedures</u>.    The terms of the Compensation Order shall be modified by this Order to provide that the monthly and quarterly interim fee application (as defined in the Compensation Order) filed by the case professional shall also be sent to the Fee Examiner, together with the time entries and itemized expenses ("fee and expense detail"). The application may be sent to the Fee Examiner, via e-mail to l.cooper@smmj.com or hard-copy format via first class, U.S. Mail, to Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, MO 63044.

The fee and expense detail shall be sent to the Fee Examiner via e-mail in a searchable electronic format, such as LEDES or Excel. If the fee and expense detail has been submitted in the electronic format with the monthly applications, it is not necessary to resubmit that detail in conjunction with the filing of an interim quarterly fee application, unless the detail has been changed or modified.

If a case professional is unable to convert its fee and expense detail to the LEDES or Excel formats, the case professional may discuss an alternative electronic format with Stuart Maue. With respect to any fee applications that have been filed prior to the entry of this Order, the case professionals shall provide the fee and expense detail to the Fee Examiner within fifteen (15) days of the entry of this Order.

5.    <u>Duties of Fee Examiner and Related Procedures</u>.    During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases. The Fee Examiner shall be deemed to have filed a request for notice of papers filed in

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 ("Guidelines").

these cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

The Fee Examiner shall review and analyze in detail the monthly, interim quarterly, and final fee applications submitted by each case professional pursuant to sections 330 and 331 of the Bankruptcy Code, Local Rules, and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within thirty (30) days of receipt of the interim quarterly and final fee applications and the electronic copy of the fee and expense detail, the Fee Examiner shall provide a preliminary report regarding such review to the case professional. This period may be extended by mutual consent of the Fee Examiner and the case professional. The preliminary report will not be filed with the Court or sent to the Notice Parties.

The case professional shall thereafter have twenty (20) days to provide to the Fee Examiner additional information or comments in response to the preliminary report. The response to the preliminary report shall be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by e-mail. The case professional may also respond telephonically to the preliminary report.

Within thirty (30) days after the date of the case professional's response to the preliminary report, the Fee Examiner shall file a final report with the Court regarding each quarterly interim or final fee application. This period may be extended by mutual consent of the Fee Examiner and the case professional. The Fee Examiner shall serve the final report upon the respective case professional and the Notice Parties (as defined in the Compensation Order). The final report shall be in a format designed to opine whether the requested fees of the case professional meet the applicable standards of section 330 of the Bankruptcy Code, the Local

4

Rules and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within fifteen (15) days after the date of the final report for each interim and final fee application, the case professional may file with the Court a response to such final report. This response shall be served upon the Notice Parties and the Fee Examiner.

Hearings on the quarterly interim fee applications shall be scheduled after the Fee Examiner has filed final reports for all quarterly interim fee applications submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

Should a case professional fail to meet one or more deadlines set forth herein for the review of a quarterly interim fee application, and, in the discretion of the Fee Examiner, the case professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such quarterly interim fee application shall be heard at a subsequent hearing date.

The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Committee, the United States Trustee, and other interested parties, consistent with Rule 706 of the Federal Rules of Evidence.

6.    <u>Fees and Expenses of the Fee Examiner</u>.  The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

5

7.    Statutory Rights and Obligations of Interested Parties Unaffected.  This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties in interest to object to monthly fee applications, quarterly interim fee applications, and/or final fee applications.

8.    Service of this Order.  Counsel for the Debtors shall promptly serve a copy of this Order on the Notice Parties and each of the case professionals retained in these cases, and shall file a certificate of service upon completion of such service.

9.    Effect of this Order.  This Order shall be effective *nunc pro tunc* to July 8, 2009 and shall remain in effect unless and until the Court orders otherwise.

10.    Power of the Court.  The Court shall retain authority to modify this Order upon notice to the parties.  Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy Code.

Dated:  July 3 0 , 2009

_____
Peter J. Walsh
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) ) ) ) | Chapter 11 |
|  |  | Case No. 00-2142 (PJW) |
| STONE & WEBSTER, INCORPORATED, et al., | ) ) ) | Jointly Administered |
|  | ) ) | Re: The Equity Committee's Request for An Order Appointing Fee Reviewer |
| Debtors. | ) ) ) | |
|  |  | **Docket No.: 3823** |
|  | ) ) |  |

**ORDER GRANTING THE EQUITY COMMITTEE'S**
**REQUEST FOR APPOINTMENT OF A FEE REVIEWER**

Upon the Request for Order Appointing a Fee Reviewer (the "Fee Reviewer Request") of the

Official Committee of Equity Security Holders (the "Equity Committee") of Stone & Webster,

Incorporated ("SWINC"), seeking an Order pursuant to 11 U.S.C. § 105 and 11 U.S.C. § 330

appointing a fee reviewer to examine all professional fees billed to and paid by SWINC and its debtor

affiliates (the "Debtors"), including the professional fees paid to all counsel and financial professionals

for the Debtors, the Creditors' Committee and the Equity Committee; and it appearing that notice of

the Fee Reviewer Request was good and sufficient under the circumstances and that no other or further

notice need be given; and the Court having determined that granting the relief requested in the Fee

Reviewer Request is in the best interests of the Debtors, their estates, creditors, and interest holders;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Fee Reviewer Request is GRANTED; and it is further

**ORDERED** that Stuart Maue Mitchell & James, Ltd. is hereby appointed as fee reviewer in the

above-captioned cases (the "Fee Reviewer"); and it is further

**ORDERED** that the proposal of the Fee Reviewer attached as Exhibit A hereto (the "Maue Proposal") is hereby approved; and it is further

**ORDERED** that the Fee Reviewer is hereby authorized to (i) examine the professional fees incurred in these cases from the Petition Date through the date of the Confirmation Hearing, and (ii) make recommendations to the Court at interim and final fee application hearings with respect to the requirements of section 330 of the Bankruptcy Code; and it is further

**ORDERED** that the fees of the Fee Reviewer are hereby capped as set forth at page four of the Maue Proposal.

Dated:    _____ April 4 _____, 2003

_____

UNITED STATES BANKRUPTCY JUDGE

# STUART/MAUE
LEGAL COST MANAGEMENT   3840 McKELVEY ROAD, ST. LOUIS, MO 63044   VOICE 314.291.3030   FAX 314.291.6546

<u>Via E-Mail and Federal Express</u>

March 12, 2003.

Carmen Lonstein, Esq.
Bell, Boyd & Lloyd LLC
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, IL  60602

Re:  Proposal to Act as Fee Examiner in Stone & Webster, Inc. Chapter 11 Bankruptcy

Dear Ms. Lonstein:

Thank you for extending Stuart, Maue, Mitchell & James, Ltd. (Stuart Maue) an opportunity to submit a proposal to the Equity Committee to serve as the Court-appointed fee examiner in the Stone & Webster, Inc. Chapter 11.

Stuart Maue is a St. Louis, Missouri, company engaged in the business of legal auditing. For over 18 years Stuart Maue has provided legal auditing serviced throughout the United States involving hundreds of millions of dollars in legal fees and expenses. As you may be aware Stuart Maue has recently been selected as a member of the fee review committee in the K-Mart Chapter 11 filed in the Northern District of Illinois. In addition, Stuart Maue also served in a number of other Chapter 11 bankruptcy cases including, but not limited to, the following:

1.  Lernout and Hauspie Chapter 11, District of Delaware.

2.  FoxMeyer Drug Company Chapter 7, District of Delaware (current).

3.  Beanett Funding Group Chapter 11, Northern District of New York (current).

4.  Phar-Mor Chapter 11, Northern District of Ohio.

Stuart Maue employs a staff of attorneys, accountants, computer professionals, and other personnel to perform its legal audits. Stuart Maue has made a significant investment in its computer system and has designed its auditing methodology to utilize its computer capabilities. This allows Stuart Maue to provide the highest quality of professional services in a most cost-effective manner.

As can be seen from the above listing, Stuart Maue has significant experience with the local rules and requirements in the District of Delaware. Thus, Stuart Maue is able to efficiently and effectively identify potential violations of the local rules and to identify other items that may require more careful scrutiny by the Court.



Carmen Lonstein, Esq.
Page Two
March 12, 2003

Stuart Maue's proposal to serve as the Court-appointed fee examiner in the Chapter 11 bankruptcies listed above is set forth below:

## I.  Audit Procedures

Stuart Maue's methodology for analyzing professional fees and expenses submitted in bankruptcy fee applications includes several related activities:  (A) reconciliation of hours/fees and expenses set forth in the fee application (i.e., recalculation of the bills); (B) analysis of professional fee activities set forth in the fee application; (C) analysis of expenses set forth in the fee application and, if appropriate, reconciliation of outside charges with vendor receipts; and (D) evaluation of noncompliance with guidelines or rules of court.  The scope of the review performed by Stuart Maue is determined by the Court's needs and can be altered during the pendency of the matters.

For each case professional fee application within the scope of the Court's fee auditor retention order, Stuart Maue will prepare a report containing its audit findings.  Stuart Maue's reports are designed to quantify and present factual data relevant to whether the requested fees and expenses meet the applicable standards for professional billings in bankruptcy cases in this jurisdiction.  For each fee application, Stuart Maue will initially create a computer database of all time entries and costs shown on the fee applications.

### A.  Reconciliation of Hours/Fees and Expenses

Stuart Maue's auditors ascertain the mathematical accuracy of the fee application submitted by the professional firm through manual and computerized recomputation of fees and expenses.  Stuart Maue's auditors recompute the total hours and fees submitted on the fee application, using the hourly rates provided by the professional firm.  Discrepancies between the amount billed and the amount computed are reconciled whenever possible.  Discrepancies that cannot be reconciled are itemized.  Stuart Maue's auditors also recompute the amount of expenses incurred as submitted on the fee application, and itemize any discrepancies.

### B.  Analysis of Professional Activities

The methodology employed by Stuart Maue's auditors for analysis of fee applications involves several integrated steps.  Initially, Stuart Maue's auditors review the fee application for any facial irregularities such as billings to the wrong case, the absence of task descriptions, and double billings.  Stuart Maue's auditors scrutinize the billing entries from several perspectives: chronologically, by individual, and by professional activity.  Chronological review of the fee application permits an overview of case activity.  Examination of each individual's billing entries provides information about the participation of various staff in the proceeding.  It also highlights any irregular patterns (e.g., repetitive entries, excessive daily hours).

Carmen Lonstein, Esq.
Page Three
March 12, 2003

Examination of the billing statements by professional activity supplements the chronological review and the review by individual. For certain identifiable categories of activity engaged in by the professional firm, Stuart Maue's auditors attempt to identify the billed hours, the number of persons involved in the preparation, and the precise tasks each person performed.

Professional activities often fall into more than one category. For example, efforts by attorneys to prosecute an adversary proceeding for recovery of a preferential payment may require research, drafting motions, taking depositions, and appearance at hearings or trial. To the extent possible, Stuart Maue's auditors segregate and organize the professional activities and the time charged into various categories and subcategories, depending on the circumstances of the proceedings and the billing entries.

## C.    Analysis of Expenses

Stuart Maue's auditors review and identify the expense charges that appear to conflict with guidelines promulgated by the Court, as well as charges that appear to conflict with generally recognized billing practices. Stuart Maue's auditors also identify expense charges that the Court may wish to examine for the necessity, relevance, and reasonableness. When provided with underlying documentation, such as expense receipts, Stuart Maue's auditors reconcile this documentation to the fee application charges.

## D.    Evaluation for Noncompliance With Guidelines or Rules of Court

Stuart Maue's auditors review the fee application for activities and expenses that appear to violate specific court or United States Trustee guidelines. Stuart Maue's auditors also review the fee application for specificity and relevance to the proceedings. They examine the task descriptions and hours billed to identify any billings that the Court may wish to examine for necessity, relevance, and reasonableness.

At the Court's request, Stuart Maue's auditors will also perform an interfirm comparison of activities and projects performed by multiple Case Professionals. This analysis is contained in a separate report prepared by Stuart Maue's auditors. Stuart Maue's auditors identify projects on which more than one professional firm worked and quantify the time and fees billed by each firm for the projects. Stuart Maue's auditors also identify meetings and hearings attended by members of multiple professional firms, and quantify the time and fees billed for the multiple attendance. Stuart Maue's auditors analyze the combined hours and fees billed by the Case Professionals to the various subject matters, and also analyze the combined expense charges billed by the Case Professionals by category.

Carmen Lonstein, Esq.
Page Four
March 12, 2003

II.    Costs

Stuart Maue typically charges for auditing services in Chapter 11 cases on an hourly basis.  Other courts have required Stuart Maue to bill on an hourly basis and submit detailed fee applications to the Court and other Case Professionals on the service list.  The Case Professionals then have the ability to review Stuart Maue's fee application.  We are, therefore, proposing that Stuart Maue be appointed on an hourly basis according to our current hourly rate structure as follows:

| | |
|---|---|
| Legal Auditors | $275.00 |
| Assistant Legal Auditors | $175.00 |
| Computer Programmers/Consultants | $175.00 |
| Data Entry Personnel | $45.00 |

Stuart Maue will agree to place a cap on our fee at 1 percent of the total fees and expenses reviewed.  This fee cap contemplates that Stuart Maue will be able to contact the Case Professionals to obtain the fee entries (fee application) in an electronic format preferably ASCII delimited.  In the event Stuart Maue is required to perform manual data entry of the fee entries on the major firms' applications and that Stuart Maue is required to review all supporting documentation for expenses, we will have the right to increase the fee cap by an additional 0.25 percent of the total fees and expenses.

Stuart Maue will also charge for the following expenses on a direct-cost basis:

A.  Express delivery service (on a direct-cost basis).

B.  Photocopying ($0.15 per page).

C.  Out-of-town travel costs (e.g., air fare, meals, lodging) on a direct-cost basis.

Should you have any questions please do not hesitate to call John L. Decker, Esq. or me at your convenience.

Sincerely yours,

STUART MAUE

James P. Quinn
Executive Vice President, Chief Operating Officer

JPQ/sjs

JUL 18 2003

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 02-B02474 |
|  | ) | (Jointly Administered) |
| KMART CORPORATION, et al., | ) | Chapter 11 |
|  | ) | Honorable Susan Pierson Sonderby |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

### ORDER UNDER 11 U.S.C. § 327(a)
### AUTHORIZING THE EMPLOYMENT AND RETENTION OF
### STUART, MAUE, MITCHELL & JAMES, LTD.

Upon the application dated March 11, 2003 (the "Application"), of Kmart

Corporation ("Kmart") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

on behalf of the Joint Fee Review Committee, for entry of an order, pursuant to 11 U.S.C. §

327(a) and Fed. R. Bankr. P. 2014(a), authorizing the employment and retention of Stuart,

Maue, Mitchell & James, Ltd. ("Stuart Maue") and appointing Stuart Maue as a Fee Exam-

iner; and it appearing to the Court that (i) it has jurisdiction over the matters raised in the

Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of

the Debtors, their estates and their creditors; (iv) proper and adequate notice of the Applica-

tion and the hearing thereon has been given and that no other or further notice is necessary;

and (v) upon the record herein after due deliberation thereon, that the relief should be granted

as set forth below,

1.     The Debtors are authorized to employ Stuart Maue on behalf of the

Joint Fee Review Committee to assist the Joint Fee Review Committee in carrying out its

responsibilities under that certain Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establish-

ing a Joint Fee Review Committee, entered by this Court on March 20, 2002 (Docket No.

1732) (the "Fee Order").  Stuart Maue is authorized and directed to review all fee applica-

tions filed in this case pursuant to the Fee Order.

2.     Stuart Maue is authorized to apply for compensation and reimburse-

ment of expenses in accordance with the existing administrative orders in these cases at

Stuart Maue's then current hourly rates not to exceed one-half of one percent (0.5%) of the

total fees and expenses reviewed, plus reimbursement of expenses on a direct-cost basis.

Dated: Chicago, Illinois
       May \_\_\_, 2003

Honorable Susan Pierson Sonderby
UNITED STATES BANKRUPTCY JUDGE
7 · 2 · 0 3

2

# **EXHIBIT B**

(PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :
                                                           :    Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.,*                      :
        f/k/a General Motors Corp., *et al.,*              :    09-50026 (REG)
                                                           :
                Debtors.                                   :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE**
**STUART MAUE FIRM AS CONSULTANT TO THE FEE EXAMINER**
***NUNC PRO TUNC* AS OF JANUARY 22, 2010**

Upon the application (the "**Application**") of the Fee Examiner for an order, pursuant to

the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708],

and 11 U.S.C. § 327, authorizing the Fee Examiner to retain Stuart Maue as consultant for the

initial limited purpose of assisting in the review and analysis of the first interim fee applications

of the following case professionals:  Jenner and Block, LLP; Brownfield Partners, LLC; Kramer

Levin Naftalis and Frankel, LLP; LFR, Inc.; and Claro Group, LLC., and upon the Affidavit of

James P. Quinn, annexed to the Application as **Exhibit A**; and notice of the Application having

been given as set forth in the Notice of Presentment; and it appearing that such notice is due and

sufficient and that no further or other notice is required; and the Court being satisfied that Stuart

Maue does not hold or represent an interest adverse to the Debtors' estates and that Stuart Maue

is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code,

and that the employment of Stuart Maue is necessary and in the best interests of the Fee

Examiner and these cases; and the Court having determined that the legal and factual basis set

forth in the Application establishes just cause for the relief granted; and after due deliberation

and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Application is granted.

2.      The terms not otherwise defined herein shall have the meaning ascribed to them

in the Application.

3.      The Fee Examiner is authorized to employ, retain, compensate, and reimburse

Stuart Maue as consultant to Fee Examiner on the terms and conditions set forth in the

Application and this Order, effective as of January 22, 2010.

4.      Stuart Maue shall be compensated in an amount not to exceed $85,000.00 and

reimbursed for its expenses consistent with the *Order Granting Application of Debtors for Entry*

*of Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711].  However,

Stuart Maue will not apply for the approval of compensation until the conclusion of its initial

assignment described in the Application.

5.      To the extent that the Application is inconsistent with this Order, the terms of this

Order shall control.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

7.      This Order is entered without prejudice to the ability of the Fee Examiner to apply

to this Court for the authority to extend, expand, or terminate Stuart Maue's retention.

Dated:  New York, New York
                  _____, 2010.


                                    _____
                                    Hon. Robert E. Gerber
                                    United States Bankruptcy Judge


4586092_1