**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MOTORS LIQUIDATION COMPANY, *et al.*,
    *f/k/a* General Motors Corp., et al.

        Debtors.

CHAPTER 11

NO.  09-50026

(Jointly Administered)

Hon. Robert E. Gerber

**STATE OF MICHIGAN JOINDER**
**IN TEXAS COMPTROLLER'S RESPONSE TO DEBTORS' MOTION**
**REGARDING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

Now comes the Department of Treasury of the State of Michigan (Michigan Treasury) by

and through its attorneys, Michael A. Cox, Attorney General, Julius Curling, Assistant Attorney

General and Kathleen A. Gardiner, Assistant Attorney General and files its Joinder in Texas

Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution

Procedures.  This Joinder is filed solely on behalf of the Department of Treasury of the State of

Michigan and does not raise objections which other agencies of the State of Michigan may

assert.   The Department of Treasury of the State of Michigan joins in the Response filed by the

State of Texas, Office of the Comptroller and further states:

1

1.      Tax Claims of the Department of Treasury of the State of Michigan.  The

Department of Treasury of the State of Michigan has filed tax claims exceeding $114 million in

this case.  Such claims are based substantially on state tax audits that are in various stages of

completion.

2.      Pending Audit Compliance Issues. There are outstanding audit compliance issues

which require the cooperation of the debtor.  Until such time as documents are provided it is

impossible to enter into good faith negotiations.

3.      No Clearly Demonstrated Need.  The State does not deny the obvious benefits of

alternative dispute resolution in many cases, but the debtor has not demonstrated the need for the

process at this time.  It would not be efficient or economical to force the process at a time when

the debtor controls the flow of information and the parties would need to bargain on wholly

speculative positions.

4.       Considerable Costs to States.  The States are in dire financial condition.  There

are employees and attorneys in place right now that have a demonstrated track record in quickly

and economically fixing tax claims and negotiating payment in a timely and practical manner.

Everyone involved clearly understands the limited economic resources available for litigation

and ultimate payment of claims.

5.      Conditioning of Alternative Dispute Resolution.  At the very least, the imposition

of alternative dispute resolution should await a certification by debtor of full tax discovery

compliance on outstanding audits.   In addition that certification should also require some

elaboration of good faith efforts thereafter to settle claims.  A maximum time period should be

set for tax discovery completion and a sixty day minimum claims negotiation process should

follow before the court considers alternative dispute resolution on a case-by-case basis.

2

6.      Similarly to many states' tax laws, Michigan Tax Code MCL 205.20 *et seq* and

MCL205.3(a) require taxpayers, including bankruptcy debtors, to cooperate with tax audits,

including maintaining and providing to auditors business records necessary to conduct such

audits.

7.      An additional procedural issue with respect to pending tax audits is presented by

the Debtor having requested administrative redetermination proceedings with respect to assessed

tax audits.  Debtor has requested informal conferences on tax assessments.  Like all taxpayers,

the Debtor has the right under Michigan law to contest audit assessments in administrative

proceedings before an administrative law judge, with the further right to appeal any final order

entered in such proceedings to state courts. The Debtor has invoked its administrative

redetermination rights under Michigan law.  The process outlined in the Claims Procedures

Motion conflicts with the Debtor's existing redetermination requests.  If the Debtor has decided

it wishes to resolve the Michigan Department of Treasury's claims in federal court, either

through the bankruptcy court claims process or through mediation at an appropriate time, the

Debtor should withdraw its pending administrative redetermination requests.

WHERUPON, the State of Michigan requests that (i) tax audit claims be carved out of

the types of "designated claims" proposed in the Claims Procedures Motion, (ii) alternatively,

implementation of mandatory mediation of tax audit claims be deferred until after the Debtors

have complied with statutory requirements to provide documentation to auditors, (iii) if, contrary

to the Michigan Department of Treasury's position, mandatory mediation is ordered, the Debtors

be required to withdraw their pending administrative redetermination requests under state law,

(iv) that the Debtor's Motion be denied and that any conflict with the Debtor regarding its tax

claims be subject to the ordinary bankruptcy court claims process, following the completion of

tax audits in progress, and (v) the Michigan Department of Treasury shall have such other relief

to which it may be entitled.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/Julius O. Curling*
Julius O. Curling ( P58248)
*/s/Kathleen A. Gardiner*
Kathleen A. Gardiner (P45245)
Assistant Attorneys General
Revenue Division
3030 W. Grand Blvd Ste 10-220
Detroit, MI 48202
Telephone:  (313) 456-0140
curlingj@michigan.gov
gardinerk@michigan.gov

Dated:  February 2, 2010

4