**HARRIS BEACH PLLC**
100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

-and-

**HARRIS BEACH PLLC**
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
Lee Woodard, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OPPOSITION OF TOWN OF SALINA, NEW YORK TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES INCLUDING MANDATORY MEDIATION**

The Town of Salina ("Town of Salina"), appearing through the undersigned counsel, responds to the Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "Claims Procedures Motion"), and respectfully states as follows:

229314 1322901.2

1. The Town of Salina has filed three claims in the Debtors' cases, each for reimbursement and payment of funds resulting from environmental contamination of various sites within the Town of Salina and the County of Onondaga.

2. These claims filed assert the following claims against the Debtors: (i) approximately $12,498,818.63 for reimbursement for environmental contamination at the Onondaga Lake Superfund Site; (ii) approximately $18,577,319.00 for reimbursement for environmental contamination at the former-Town of Salina Landfill; and (iii) an amount to be determined, but estimated to be in excess of $10,000,000.00 for reimbursement for environmental contamination at the Lower Ley Creek subsite (collectively, the "Town of Salina Claims").

3. The Claims Procedures Motion seeks to establish alternative dispute resolution procedures to efficiently resolve unliquidated and/or litigation claims filed against the Debtors, while protecting the procedural rights of the claimants and the Debtors.

4. Included as Designated Claims to be resolved through the Claims Procedures Motion are "environmental claims that constitute prepetition unsecured claims". *See Claims Procedures Motion*, ¶ 9, at pp. 4-5.

5. Even though the Town of Salina Claims are unliquidated, they should nevertheless be excepted from the Claims Procedures Motion for a variety of reasons.

6. First, the Town of Salina Claims are not ripe for determination and thus cannot be resolved at this time in mediation. Specific steps, as set out below, need to be taken to begin to finalize the actual extent and amounts of the claims.

7. Second, the Town of Salina Claims are part of a relatively small number of claims filed in these cases that deal only with environmental issues and even a smaller set of claims that have been brought by municipalities that are facing environmental liabilities arising from the

HARRIS BEACH
ATTORNEYS AT LAW

2

Debtors' operations. The Town of Salina's claims are integrated with certain claims asserted by the State of New York and the New York State Department of Environmental Conservation and arise from the same facts and circumstances. The Debtors have carved out environmental claims brought by the United States, the State of New York, and other States. Excluding the Town of Salina Claims from the mediation process is consistent with the carve-out provided to New York State and would not significantly prejudice the Debtors or cause considerable cost or delay to the administration of the cases. In fact, excepting the Town of Salina Claims will result in greater efficiencies for the estates and preserve the estates' resources because they will be considered at the same time as New York State's carved out claims that are not subject to the motion.

8. Third, the proposed ADR Procedures provide for an improper and overly broad ADR Injunction that leaves the claimants in an uncertain position in not being able to move forward with liquidating the claims while valuable time elapses within which certain testing to be conducted by the New York Department of Environmental Conservation and the United States Environmental Protection Agency, as well as further steps are to be taken to allocate liability to the Debtors' estates. These steps should occur to fully evaluate the Town of Salina Claims. This ADR Injunction disregards the express exception from the automatic stay for governmental entities like the Town of Salina for activities that constitute enforcement of police and regulatory authority. See 11 U.S.C. § 362(b)(4).

9. Moreover, there are no procedures, terms, provisions or other protections in the Debtors' proposed ADR Procedures to ensure that the requisite discovery is undertaken to fully develop the underlying facts surrounding environmental claims and the underlying environmental contamination.

10. Fourth, the proposed panels of mediators filed by the Debtors on or about January 29, 2010 do not appear to have any expertise in the environmental arena or in regulatory matters related to the protection of human health and the environment. Indeed, the debtors do not list any panel member as designated to handle environmental claims. The issues to be dealt with in liquidating, the Town of Salina Claims, are legally and factually complex and will require significant expertise in environmental liability, clean-up and related areas. A cursory review of the list of individuals that are to comprise the panels that was submitted by the Debtors do not have the necessary experience that will be required to value the Town of Salina Claims.

11. Given that the issues involve the health and welfare of the public, as well as developing a manner to protect the environment from prepetition contaminants, it is important to ensure that the parties are in the appropriate forum to properly and fully adjudicate the matters.

12. In the event the Town of Salina is not excepted from the ADR Procedures, the mediators would have to engage the services of experts to assess the parties' positions which could be very costly to the estate. Moreover, a determination of the value of the claims will likely be time-intensive and would delay the other, more easily resolved claims that are the type of claim to be governed by the proposed process.

13. Finally, the Town of Salina is a budget-constrained municipality that relies on public tax-dollars to funds its operations, and does not have funds to pay for mediation costs and fees. The Debtors should be required to fully fund any mediation of the Town's claims with a mediator agreed upon by all parties.

WHEREFORE, the Town of Salina respectfully requests: (i) that the Town of Salina Claims be excluded from the ADR Process; and (2) such other and further relief as is deemed just and proper.

Dated: February 2, 2010

/s/ Lee E. Woodard
Lee E. Woodard, Esq.
HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

-and-

100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

Attorneys for Town of Salina.