HEARING DATE AND TIME: February 10, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 3, 2010 at 4:00 p.m. (Eastern Time)

Barry M. Lasky
Scott L. Steinberg
Lasky & Steinberg, P.C.
595 Stewart Avenue, Suite 410
Garden City, N.Y. 11530
Attorneys for Atlas Technologies, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re                                                          Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY, et al               09-50026(REG)
f/k/a General Motors Corp., et al.
                                                               (Jointly Administered)
                    Debtors.
------------------------------------------------------------X

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

ATLAS TECHNOLOGIES, INC., ("ATLAS") a Claimant, respectfully represents and alleges as follows:

A. Response of ATLAS TECHNOLOGIES, INC., to Debtors' Seventh Omnibus Objection to Claims.

1. Pursuant to this Court's Order regarding the filing of Proofs of Claim and Objections thereto in these Jointly Administered Chapter 11 cases (the "Procedures Order") (Docket No.:4180), ATLAS filed its Proof of Claim with this Court on November 27, 2009 indicating that its claim was for $1,493,750.00 regarding the non-payment of purchase orders and/or additional work requested by the Debtor or its Predecessor in Interest GENERAL MOTORS CORPORATION.

2. The Proof of Claim filed by ATLAS was filed in a timely fashion.

3. Pursuant to the Seventh Omnibus Objection to claims, filed by the Debtor under Section 502(b) of title 11 of the United States Bankruptcy Court, Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's Order approving procedures for the filing of Omnibus Objections to Proofs of Claim filed in these Jointly Administered Chapter 11 cases, the Debtor has moved to disallow and expunge what it refers to as "Duplicative Claims" alleging that such claims are duplicates of the earlier-filed corresponding claims identified under the heading "Surviving Claims".

4. In its request for relief, the Debtors state that the Seventh Omnibus Objection to Claim does not effect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. The Debtors reserve their rights to object on any other basis to any duplicate claims.

5. Pursuant to the entry of an Order of this Court on September 16, 2009, this Court entered an Order establishing November 30, 2009 as the deadline for each person or entity to file a Proof of Claim. Following the procedures mandated by this Court, ATLAS filed its Proof of Claim with The Garden City Group, Inc., the Debtor's authorized agent on November 27, 2009. A copy of the Proof of Claim is attached here to as Exhibit "A".

6. Attached as Exhibit "A" to the Notice of Motion in Support of the Debtor's Seventh Omnibus Objections to Claims is a schedule which contains the headings "CLAIMS TO BE DISALLOWED AND EXPUNGED" and "SURVIVING CLAIMS". The claim filed by ATLAS in is Proof of Claim is contained on page 2 of the schedule. The Official Claim Date for the filing by ATLAS is November 27, 2009. By virtue of the procedures established by this Court on September 16, 2009 which established November 30, 2009 as a deadline to file a Proof of Claim, the claim filed by ATLAS is deemed to be timely. The claim filed by ATLAS was designated as

Claim Number 60044, and this claim is deemed to be a "Surviving Claim".

7. The claims to be disallowed and expunged are Claim Numbers: 65226 and 66709. The Official Claim Date for each of these claims according to the Debtors is November 30, 2009.

8. On the specific condition that the claim filed by ATLAS designated as Claim Number: 60044, is deemed to be a "Surviving Claim", ATLAS has no objection to the Debtors expunging the Duplicative Claims Numbers: 65226 and 66709.

9. Should the Debtors request that this Court expunge what has been deemed to be the Surviving Claim as designated on page 2 of Exhibit "A" attached to the Motion papers of the Debtor dated January 7, 2010, then ATLAS intends to request that this Court deny the application by the Debtor to expunge claim number 60044, 65226 and 66709.

B. Response of ATLAS TECHNOLOGIES, INC., to Debtors' request for the entry of an Order pursuant to 11 USC §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, including Mandatory Mediation.

10. In their Notice of Motion, the Debtors in the section captioned "Summary of Relief Requested", indicate that they "face over 68,000 Proofs of Claim, a large number of which are either unliquidated or have an excessive claim amount."

11. The Debtors therefore move to request implementation of the Alternative Dispute Resolution Procedures "ADR Procedures" to facilitate the efficient resolution of a large number of the unliquidated and/or litigation claims (collectively, the "Unliquidated Litigation Claims") filed against the Debtors.

12. The Debtors have requested the establishment of a procedure which they have denominated as the "Capping Procedure" whereby "those holders of Unliquidated/Litigation Claims who agree to cap their total claim amount at a level acceptable to the Debtors within 30 days of the

entry of the order approving these ADR Procedures (the "ADR Order"), will have the first opportunity to attempt consensual resolution and allowance of their claims under the ADR Procedures."

13. Having cited the jurisdiction of the Court and Background, the Debtors recite that they "have received over 68,000 Proofs of Claim of which, over 30,000 are litigation related. The aggregate amount of all claims filed to date exceeds $217 billion."

14. The proposed ADR Procedures contemplated by the Debtors are set forth in their Notice of Motion in paragraph 9 as follows:

> "Claims Subject to the ADR Procedures
> 9. The Designated Claims are any and all claims, other than Excluded Claims (as defined below), (i)for which the Debtors, in their business judgment and sole discretion, believe the ADR Procedures would promote resolution and serve the intended objectives of the ADR Procedures, and (ii) that the Debtors designate by the notice procedures set forth in the ADR Procedures. Designated Claims may include, without limitation, (a) personal injury claims, (b) wrongful death claims, ( c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code, (f) indemnify claims; (g) lemon law claims to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "MPA"), (h) warranty claims to the extent applicable under section 6.15 of the MPA, (i)environmental claims that constitute prepetition unsecured claims, (j) tax claims and (k) class action claims. Excluded claims (the "Excluded Claims") not subject to the ADR Procedures include (i)claims for which the automatic say under section 362 of the Bankruptcy Code was modified by prior order of the Court to allow the litigation of the claim to proceed in another forum, (ii) claims asserted in liquidated amounts of $500,000 or less, (iii) asbestos-related claims (other than indemnity claims), and (iv) claims subject to a separate order of the Bankruptcy Court providing for arbitration or mediation.

15. Counsel for ATLAS has been served with the Notice of Hearing on Motion of Debtors for the entry of an Order Authorizing Implementation of Alternative Dispute Resolution Procedures.

16. Paragraph 9 of the Notice of Motion sets out the "Claims Subject to the ADR Procedures". ATLAS, a Claimant having timely filed its Proof of Claim for $1,493,750.00 on November 27, 2009 with The Garden City Group, Inc., Debtors authorized agent for the service and filing of Proofs of Claims cannot ascertain with any certainty if the ADR Procedures applicable to certain claimants is applicable to it.

17. The application indicates that the Debtors may "in their business judgment and sole discretion" determine that the ADR Procedures would "promote resolution and serve the intended objectives of the ADR Procedures". In the event that the Debtors determine that the Proof of Claim filed by ATLAS an underlying claim with respect thereto is subject to the ADR Procedures, ATLAS has no objection to participating and exhibiting its Proof of Claim before the ADR Tribunal appointed to adjudicate the claim.

18. ATLAS cannot at this juncture determine if it chooses to participate in the "Capping Procedures" set forth in the Notice of Motion, and since there has not been a definitive determination if ATLAS is subject to the ADR Procedures chosen by the Debtors, it is not compelled to do so at this stage.

19. To expedite a resolution, and secure a timely and cost efficient determination of the validity of the Proof of Claim filed by ATLAS, the amount of the indebtedness due by the Debtors to ATLAS, and the established payment apparatus to be followed by the Debtors, ATLAS would consent to participating in the procedures to be established by the Debtors for Alternative Dispute Resolution.

20. Should it be determined that ATLAS is among the class of Debtors subject to the ADR Procedures to be established by the Debtors, ATLAS reserves its rights to object for any reason to any of the procedures established by the Debtors. ATLAS does not appear to be among any of the class of Claimants included within the "Designated Claims" as that term is defined in the Alternative Dispute Resolution Procedures which are to be established by the Debtors pursuant to the request pending before this Court. ATLAS claim does not derive from:

(a)  personal injury claims
(b)  wrongful death claims
(c)  tort claims
(d)  product liability claims
(e)  claims for damages arising from the rejection of executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code.
(f)  indemnity claims
(g)  lemon law claims
(h)  warranty claims
(i)  environmental claims that constitute prepetition unsecured claims
(j)  tax claims, and
(k)  class action claims

21. Under the Excluded Claims section of the proposed Alternative Dispute Resolution Procedures, the Debtors have acknowledged that they shall not identify as a designated claim any Proof of Claim within the following categories:

(a)  claims for which the automatic stay under section 362 of title 11 of the United States Code was modified by prior order of the Court to allow the litigation of the claim to proceed in another forum.
(b)  claims asserted in liquidated amounts of $500,000.00 or less.
(c)  asbestos-related claims, and
(d)  claims subject to a separate order of the Bankruptcy Court providing for arbitration or mediation.

22. The Alternative Dispute Resolution Procedures also provide a general catchall provision that allows the Debtors and any Claimant to be subject to the ADR Procedures by agreement of the applicable Debtor and applicable Claimant or by further order of the Bankruptcy Court.

23. ATLAS reserves its rights to participate in the ADR Procedures subject to a determination by the Debtors that the claim filed by ATLAS may be adjudicated pursuant to these procedures.

24. ATLAS maintains its principal place of business in Fenton, Michigan, in the Detroit area. Should a determination be made by the Debtors that ATLAS is subject to the ADR Procedures, ATLAS would elect to conduct any Arbitration Hearing thereunder in either New York, New York or Detroit, Michigan.

25. To facilitate an expeditious cost efficient and timely resolution of the Proof of Claim filed by ATLAS, it has no objection to the implementation of Alternative Dispute Resolution Procedures proposed by the Debtors.

## CONCLUSION

26. (a) ATLAS has no objection to the portion of the application made pursuant to the Debtors Seventh Omnibus Objection to Claims to expunge the duplicate claim filed by ATLAS as exhibited on the Debtors Notice of Motion dated January 7, 2010 and incorporated within Exhibit "A" page 2 denominated as Claim Numbers: 65226 and 66709 provided that Claim Number: 60044 is deemed to be a "Surviving Claim".

(b) Should the Debtors designate the Proof of Claim filed by ATLAS under Claim Number: 60044 as one of the Designated Claims as that term is defined and incorporated within the Debtors Notice of Motion dated January 11, 2010 for entry of an Order pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, including Mandatory Mediation, then ATLAS has no objection to participating in the proceedings

and requests that the Court designate either New York, New York or Detroit, Michigan as the designated location to conduct any Arbitration Proceeding between the Debtors and ATLAS pursuant to the ADR Procedures to be established by this Court.

Dated: Garden City, New York
       February 2, 2010

_____
BARRY M. LASKY (BML-9370)
Lasky & Steinberg, P.C.
595 Stewart Avenue, Suite 410
Garden City, N.Y. 11530
(516) 227-0808 - Telephone
(516) 745-0769 - Facsimile

Attorney for ATLAS TECHNOLOGIES, INC.,
                   Claimant

Exhibit "A"

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One):<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | Case No.<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows:<br><br>NOV 30 2009<br>THE GARDEN CITY GROUP, INC.<br>NOV 30 2009 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): **Atlas Technologies, Inc.** | | |
|---|---|---|
| Name and address where notices should be sent:<br>**Lasky & Steinberg, P.C.**<br>**595 Stewart Avenue, Suite 410**<br>**Garden City, N.Y. 11530**<br>**Attn: Barry M. Lasky, Esq.** | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ | If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again. |
| Telephone number: **(516) 227-0808**<br>Email Address: **LSPC595@aol.com** | | |
| Name and address where payment should be sent (if different from above):<br>**Atlas Technologies, Inc.**<br>**3100 Copper Road**<br>**Fenton, MI 48430**<br>**Attn: Jesse Levine**<br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. Amount of Claim as of Date Case Filed, June 1, 2009:    $ **1,493,750.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Non-payment on purchase orders and/or additional work requested**
*(See instruction #2 on reverse side.)*

3. Last four digits of any number by which creditor identifies debtor:    **9706**

3a. Debtor may have scheduled account as: _____
*(See instruction #3a on reverse side.)*

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☒ Equipment  ☒ Other
Describe: **Approximately $700,000.00**
Value of Property: $ _____    Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____
Basis for perfection: **Michigan Special Tools Lien and Mold Lien Acts**
Amount of Secured Claim: $ **700,000.00**    Amount Unsecured: $ **793,000.00**

6. **Credits**: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents**: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: **11/24/09** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* C.F. Atlas Technologies, Inc. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

| | ATLAS TECHNOLOGIES | GM - Spring Hill<br>Atlas Job # L081<br>General Motors Front of Line System | |
|---|---|---|---|
| Item Number | ORIGINAL DESCRIPTION | FINAL DESCRIPTION | COST OWED BY GM |
| 1 | Provide dual small hydraulic power units for pallet carts. | Provided one common oversized power unit for pallet cart control with additional accessories required due to the oversizing. | $12,497 |
| 2 | Provide Atlas standard lift tables and drives on pallet carts. | Provided custom designed low passline lift tables and custom designed drives that were based on AA5X components and design concepts. | $37,523 |
| 3 | Provide standard air knives on fanner assemblies. | Provide air knives utilized on AA5X fanner assemblies to match components | $6,230 |
| 4 | Provide standard air compressor or booster. | Purchased Kaeser air booster to match AA5X spare parts criteria. | $5,740 |
| 5 | Provide single MPS zone. | Multiple MPS zones were established increasing the complexity and cost in the system. | $6,760 |
| 6 | TaBRA not purchased in order. | Many areas of the system were analyzed with respect to the AA5X design. | $6,250 |
| 7 | Select competitive sound enclosure manufacturer. | GM advocated the use of FAIST; same supplier as AA5X. | $37,500 |
| 8 | Affix all electrical panels on balcony. | New global specifications and access points in the balcony required different lay-out than AA5X. | $7,099 |
| 9 | Provide spare parts commonality where feasible. | Commonality with AA5X system created conflict in CCRW global specifications. | $81,250 |
| 10 | Provide spare parts commonality to AA5X gantry where feasible. | Utilize spare parts common to AA5X | $5,201 |
| 11 | Anticipation of one week intervals for mechanical and controls approvals. | Mechanical and controls approvals stretched to six months - start to finish. Mechanical design schedule was released for completion at 11 weeks - Controls hardware design schedule at 12 weeks. | $27,510 |
| 12 | Quoted normal design, build, delivery schedule and purchasing process | Schedule was delayed nearly 3 months causing components to be designed and purchased without advance cost estimates. | $208,914 |
| 13 | Quoted normal design, build, delivery schedule and work being done internally | Schedule was delayed nearly 3 months causing a significant amount of overtime and outsourced work at significantly higher costs than Atlas internal costs | $286,786 |
| 14 | Supply simple safety harness tie-off for maintenance of gantry. | Design and build trolley driven safety harness and hoist system for maintenance personnel. | $12,490 |
| 15 | Provide one catwalk between the two gantries for maintenance personnel. | Four catwalks were included providing total maintenance access from balcony. | $24,860 |
| 16 | Provide full assembly and detail drawings of AA5X system and AEC centering station for reference. | Detail drawings not received. All electronic drawings in 2-D format. | $31,390 |
| 17 | Provide repositioner similar in design to the AA5X system. | Additional concept and design research placed into repositioner. | $5,988 |
| 18 | Provide dual gantry system. | Provided simpler, more efficient dual gantry system. | $37,633 |
| 19 | Emulate the existing AEC centering station design. | AEC design was altered significantly. | $112,646 |
| 20 | Provide standard fanner magnet mounting assemblies. | Fanner assemblies provided are also interchangeable with the new B2 line. | $37,493 |
| 21 | Provide block shift capabilities on conveyor #1. | Metric screws had to be machined to provide spare parts commonality on system. | $6,128 |
| 22 | Provide standard bearing types on conveyor #2 and centering station. | THK bearing were supplied providing commonality with AA5X. | $12,677 |
| 23 | Provide spare cables and hoses for gantry. | Additional cables and hoses supplied in cat-trac of both gantries. | $6,210 |
| 24 | Supply standard magnetic conveyors on conv. #1, conv. #2, and centering station. | Conveyor lanes with upgraded design and material characteristics were supplied. | $37,498 |
| 25 | Provide electromagnets in centering station. | IMI electromagnets and controller provided to meet AA5X spares commonality. | $6,122 |
| 26 | Provide crowding assemblies similar to AEC centering station. | Current design is rated for 15 million cycles and created a need for increased mounting space. | $56,240 |
| 27 | Provide front stops similar to AA5X design. | Disappearing front stops now provided. Not available on AA5X system. | $37,499 |
| 28 | Provide standard crowders as in AA5X, AEC, and GM/IHI systems. | Straight line stops supplied. | $39,800 |
| 29 | Provide AEC design lateral lane adjustments. | Lane adjustments have been significantly upgraded. | $24,967 |
| 30 | Provide destacker similar in design to the AA5X system | New 36" part requirement created additional engineering efforts for proper functionality. | $37,622 |
| 31 | Provide dual gantry system utilizing 700S drives. | Gudel system was analyzed for inertia mismatch compliance. | $12,477 |
| 32 | Provide a sound enclosure with viewability of the system in operation. | Numerous windows were included wherever possible in every sound panel. | $25,122 |
| 33 | Build front of line utilizing heavy duty tubing in framework. | Extra heavy duty framework was provided as in AA5X system. | $24,156 |
| 34 | Emulate AEC centering station design. | Design was altered due to incomplete references, a 36" blank requirement, and increased component life specifications. | INCL ABOVE |
| 35 | Follow GACCL component usage criteria. | GACCL components were utilized wherever possible. | $12,877 |
| 36 | Create a general arrangement drawing in 3-D solids. | Drawing was created per specification, but has become extremely large. | $18,788 |
| 37 | Provide fanner magnets with horizontal motion to and from the stack of blanks positioned in destack area. | Horizontal motion provided including a magnet vertical overtravel guide assembly, typical of the AA5X system. | $29,666 |
| 38 | Provide fanner magnets with horizontal motion to and from the stack of blanks positioned in destack area. | Horizontal motion provided including a magnet horizontal spring loaded overtravel guide assembly, typical of the AA5X system. | $22,976 |
| 39 | Provide conveyor side adjust capability on conv. #2, as referenced on the AEC design. | A robust THK bearing and ball screw design is provided driven from the lateral conveyor lane adjustments on the centering station. | $49,677 |
| 40 | Emulate the AEC centering station design as related to the STF crossbar's interaction with the centering station. | Collision was witnessed between the STF and AEC centering station creating a need to reevaluate the interaction between each during production and tooling changeover. | $11,877 |
| 41 | Provide balcony for access to and viewing of the gantry during operation and maintenance. | Balcony designed to fulfill this requirement. | $19,877 |
| 42 | Provide a double sheet detector on both gantry heads. | A cylinder driven assembly was included in the design. | $9,512 |
| Totals | | | $1,493,750 |

Page 1 of 1