Objection Deadline: **February 3, 2010 at 4:00 p.m.**
Hearing Date: **February 10, 2010 at 9:45 a.m.**

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Andorra Banc Agricol Reig, S.A.*

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF ANDORRA BANC AGRICOL REIG, S.A. TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §105(A) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY ARBITRATION**

Andorra Banc Agricol Reig, S.A. ("**Andbanc**"), by and through its undersigned counsel, submits this limited objection to the motion of the above-captioned debtors and debtors-in-possession (each a "**Debtor**" and collectively, the "**Debtors**") for entry of an order pursuant to 11 U.S.C. § 105(a) and General Order M-390 authorizing implementation of alternative dispute resolution procedures, including mandatory arbitration (Docket No. 4780) (the "**Motion**"). In support of this limited objection, Andbanc respectfully states:

## RELEVANT BACKGROUND

A.     **Relevant Procedural Background.**

1.     On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a/ General Motors Corporation) and substantially all of its subsidiaries and affiliates filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are being jointly administered in this Court.

2.     Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3.     On June 3, 2009, the United States Trustee for Region 2 appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

B.     **Andbanc's Relationship To The Debtors.**

4.     Andbanc holds certain debt securities (the "**Securities**") issued by the Debtors, and timely filed a Proof of Claim in the Debtors' cases on November 30, 2009 evidencing its unsecured claim of $5,770,189.58 (Claim No. 66205).

5.     As of the Petition Date and continuing up to and including the present time, Andbanc was and is a creditor of the Debtors. The Debtors are indebted to Andbanc for the principal value of the Securities plus interest.

C.     **The Motion.**

6.     Through the Motion, the Debtors seek to establish procedures for resolving certain claims against the Debtors through Alternative Dispute Resolution (the "**ADR Procedures**"). The categories of claims that may be resolved in accordance with the ADR Procedures include, but are not limited to: (a) personal injury, (b) wrongful death, (c) tort, (d) product liability, (e) rejection damages, (f) indemnity, (g) lemon law, (h) warranty, (i) environmental, (j) tax, and (k) class action claims. *See* Motion at ¶ 9. In addition to these

claims, the Motion appears to reserve for the Debtors the right to designate any claim "for which the Debtors, in their business judgment and sole discretion, believe the ADR Procedures would promote resolution and serve the intended objectives of the ADR Procedures." *Id*. Thus, the claims subject to the ADR Procedures may not be limited to the eleven categories of claims specifically identified in the Motion. Andbanc's claim against the Debtors is not covered by any of the classes of claims enumerated in the Motion. However, because the Debtors seek virtually unfettered authority to designate any claim for resolution in accordance with the ADR Procedures, Andbanc files this Limited Objection to set forth its concerns with the ADR Procedures and otherwise to preserve its rights.

7. The ADR Procedures proposed in the Motion would automatically divert affected claims out of the court system and into an alternative dispute resolution framework devised entirely by the Debtors. Claimants would be thrust into a dispute resolution paradigm not contemplated by the Bankruptcy Code or any pre-petition arrangement with the Debtors, and would have no meaningful ability to opt out. Any claimant refusing to participate in the ADR Procedures would do so at the risk of having its claims expunged.

8. In effect, the ADR Procedures provide maximum flexibility and leverage to the Debtors, while imposing new procedures and expenses upon claimants against their will. Although these are indeed very large and complex bankruptcy cases, the Debtors -- not any claimant or claimants -- chose to reorganize pursuant to chapter 11. Accordingly, the Debtors must respect the parameters of the chapter 11 process, or the Debtors should bear the cost of any unconventional procedures they wish to implement for their sole benefit and convenience.

## **LIMITED OBJECTION**

9. While Andbanc does not oppose the establishment of reasonable procedures for resolving disputed claims, as set forth below, the ADR Procedures serve the convenience of the Debtors but will prejudice creditors and force them to bear additional costs. Andbanc submits that the proposed procedures must be modified as set forth herein, or the

-3-

Motion must be denied.

10.  First, the ADR Procedures invert the normal claim objection process for the sole benefit of the Debtors and to the detriment of affected claimants. A claim filed in a chapter 11 bankruptcy case is deemed allowed unless a party-in-interest in the case objects to it. *See* 11 U.S.C. § 502(a). The Debtors seek to flip this proposition on its head by granting themselves the ability to unilaterally funnel certain claims, at the Debtors' sole and essentially unfettered discretion, into a process that would (a) treat all claims as *de facto* objectionable, (b) give the Debtors sole control over the forum by enabling them to select the mediator, and (c) impose new costs on claimants. Rather than following the claim objection procedures specified in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the ADR Procedures would require all ADR-designated claimants who do not settle at the first ADR stage to participate in non-binding mediation. Rather than filing a claim objection setting forth the basis for reducing, reclassifying or expunging a claim, the ADR Procedures instead require ADR-designated claimants to file their mediation statements thirty days before any mediation. Thereafter, the Debtors would have fifteen days to review the claimant's statement and file their own response. This procedure effectively requires claimants to defend against all possible objections to their claims before any objection is actually raised. The Debtors should only be able to invoke the mediation procedure after filing an appropriately detailed claim objection and giving the affected claimant an opportunity to respond. Alternatively, to the extent the Court is inclined to grant the Motion, the ADR Procedures should be modified to require the Debtors to file their mediation statement first and give the affected claimant the right to respond.

11.  Second, under the ADR Procedures, claimants must choose a mediator from among those selected by the Debtors. The ADR Procedures should be modified to provide a process for claimants to propose any qualified mediator -- who is reasonably acceptable to the Debtors -- instead of simply choosing one from a list compiled by the Debtors.

12.  Third, the ADR Procedures impose additional costs on claimants. Claimants who do not settle at the first ADR stage would have no choice but to participate in

-4-

non-binding mediation and bear half the cost of that process. Since the ADR Procedures are proposed for the Debtors' own convenience, the Debtors should bear the full cost of the mediation they seek.

13. Andbanc reserves all of its rights in respect of the Securities and its claim in these cases, and nothing contained herein is an admission or a waiver of any rights or claims that Andbanc may be entitled to assert in these cases.

**WHEREFORE**, Andbanc respectfully requests that the Court deny the Motion.

Respectfully submitted,

**LOWENSTEIN SANDLER P.C.**

By: /s/ *S. Jason Teele*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

- and -

65 Livingston Avenue
Roseland, New Jersey 07068
973-597-2500 (telephone)
973-597-2400 (facsimile)
*Counsel to Andorra Banc Agricol Reig, S.A.*

Dated: February 3, 2010
   New York, New York