**Hearing Date and Time:  February 10, 2010, at 9:45 a.m. (prevailing Eastern Time)**
**Objection Deadline:  February 3, 2010 at 4:00 p.m. (prevailing Eastern Time)**

LeClairRyan, a Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
(212) 430-8032
(212) 430-8062 Fax
Michael T. Conway, Esq.

*Counsel for Detroit Diesel Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF DETROIT DIESEL CORPORATION TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(A) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE <u>DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Detroit Diesel Corporation ("DD") hereby files its limited objection to Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "Claims Procedures Motion"), and respectfully states as follows:

1.  DD has filed a claim for amounts due from the Debtor pursuant to obligations incurred by the Debtor in connection with the purchase, in 1988, by DD of certain assets of the Detroit Diesel Allison Division of General Motors. DD specifically did not assume liabilities for

claims relating to any General Motors products. In fact, the Debtor agreed to indemnify DD against all claims arising out of circumstances existing prior to the closing of the sale.

**Background**

2. Detroit Diesel traces its roots back to the Detroit Diesel Division of General Motors Corporation which was founded in or about 1938 to produce small diesel engines.

3. In 1970, General Motors merged its Detroit Diesel Engine Division with its Allison Division to create the Detroit Diesel Allison Division of GM.

4. On January 1, 1988, GM sold certain assets of the Detroit Diesel Allison Division to DD, a joint venture between GM and Penske Corporation. Penske Corporation owned 60% of Detroit Diesel and GM owned 40%.

5. As part of the "Sales Agreement" GM agreed to assume all liabilities and to indemnify, defend and hold harmless Detroit Diesel, its successors or assigns, for any products manufactured, distributed or sold prior to January 1, 1988 by GM's Detroit Diesel-Allison Division.

6. In 1989, Penske acquired another 20% of Detroit Diesel from GM making Penske an 80% owner of Detroit Diesel.

7. DD became a publicly traded corporation in 1993 at which time Daimler-Benz acquired GM's 20% ownership of DD.

8. In 1998 Daimler-Benz became known as DaimlerChrysler.

9. In 2000 DaimlerChrysler Corporation acquired 100% of DD's outstanding shares of stock.

10. When Daimler and Chrysler split in 2007, the shares of DD remained with the Daimler North America Corporation ("Daimler NA"), as they do today. Thus, DD is currently a wholly-owned subsidiary of Daimler NA, bearing no legal relationship to GM.

11. One or more of DD's predecessor divisions of GM manufactured, sold, and/or distributed products with asbestos-containing components.

12. GM ceased producing any products with asbestos-containing components in 1987, prior to the sale of assets that formed DD.

13. Since its founding in 1988, DD has not manufactured, sold, or distributed any products with asbestos-containing components.

14. DD has never manufactured an asbestos containing product.

15. At paragraph 1.1 of its Indemnification Agreement with DD, General Motors agreed to indemnify, defend and hold harmless the Creditor or its successors or assigns from and against all costs and expenses including, without limitation, among others, attorneys fees, damages, losses, disbursements, etc., arising out of any claims or litigation against the Creditor arising out of or relating to products manufactured, distributed or sold by General Motors prior to the date of the closing.

16. The sale included an additional document entitled Product Responsibility Agreement. At paragraph 3.2 of the Product Responsibility Agreement, General Motors agreed to maintain, at its expense, adequate Product Liability insurance covering GM products manufactured, distributed or sold by GM prior to the closing.

17. The Debtor owes DD, by virtue of its obligations indemnify, defend and hold harmless the Creditor for any product liability claims or litigation arising from any products manufactured, distributed or sold by General Motors prior to January 1, 1988, any amounts incurred or expected to be incurred relating to current and future asbestos claims.

**Limited Objection**

18.     Because all fees and expenses relating to the defense or resolution of asbestos claims in which DD was named, prior to the Debtor's bankruptcy filing, were funded and controlled exclusively by General Motors and its retained counsel, information necessary to prove DD's estimated claim relating to future asbestos case fees and costs is solely within the possession and control of the Debtor.

19.     The Claims Procedures Motion allows the Debtor to conduct discovery in advance of any mediation of a claim, but does not provide the same right to a creditor/claimant. In this regard it is deficient and DD objects only in that the order should be revised to make pre-mediation discovery rights mutual so that it can request copies of the files related to the cases where General Motors defendant and/or resolved cases involving and/or on behalf of DD.

WHEREFORE, DD respectfully requests that the Court require that any final order on the Claims Procedures Motion include mutual right to request information for the purpose of evaluating claims in connection with the ADR process.

Dated: February 3, 2010
       New York, New York

>                               LeCLAIR RYAN, a Professional Corporation
>
>                               By: /s/ *Michael T. Conway*
>                                   Michael T. Conway
>                                   830 Third Avenue, Fifth Floor
>                                   New York, New York 10022
>                                   Telephone: (212) 430-8032
>                                   Facsimile:  (212) 430-8062
>
>                               *Counsel for Detroit Diesel Corporation*