IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:   MOTORS LIQUIDATION COMPANY, ET AL   CHAPTER 11 CASE NO.
F/K/A GENERAL MOTORS CORP., ET AL,   09-50026(REG)
DEBTORS

MARY BATES, INDIVIDUALLY AND AS
CONSERVATOR FOR
WILLIAM BRADFORD JONES,
CREDITORS

CREDITORS' RESPONSE TO DEBTOR'S
NINTH OMNIBUS OBJECTION TO CLAIMS
OF MARY BATES, INDIVIDUALLY AND AS
CONSERVATOR FOR WILLIAM BRADFORD JONES

Mary Bates, Individually and as Conservator for William Bradford Jones, Creditors in

this bankruptcy, object to Debtors' Ninth Omnibus Objection to Claims (Claims with Insufficient

Documentation). Creditors assert their right to pursue their claim for unliquidated damages

arising out of an automobile crash in which Creditors' ward was horrifically injured and his life

forever changed for the worst while riding as an innocent passenger riding in an uncrashworthy

vehicle manufactured by General Motors Corporation, Debtor.

The vehicle was uncrashworthy because it violated standard of crashworthiness in this

country, though the Debtor was manufacturing vehicles of the same weight, size and price in

Europe with superior standards of crashworthiness.

Creditors' claim is well known to the Debtor because Debtor was served with process in

litigation and has participated actively in the litigation of Creditors' claim in a case styled, *Mary

Bates, Individually and as Conservator for William Bradford Jones vs. General Motors

Corporation, et al;* Cause No. 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CIV in the Circuit Court of the First Judicial District

of Hinds County, Mississippi (hereinafter referred to as "the state court action"). A true and correct copy of the Complaint, Summons with Return and Answer of General Motors Corporation is attached hereto as Exhibit "A."

Although Creditors did not attach a copy of the state court action upon which Creditors' claim is based, the office style and number of the case was referenced in Creditors' proof of claim and this is sufficient documentation by reference to those official proceedings.

From the beginning of this bankruptcy, General Motors has listed this claim on its schedule of creditors and has included Mary Bates, as well as her ward, William Bradford Jones in various notices to creditors in this action and from the beginning this claim of Creditors Mary Bates, Individually and as Conservator for William Bradford Jones has been listed as an unliquidated claim for personal injury damages. The claim of General Motors that there is insufficient documentation is without merit.

Just as this Court and the Debtors reference previously entered general orders without copying or attaching the referenced general order and the preceding versions of the general order in the filings in this case, Creditors have sufficiently documented their claim by referencing the state court action in which General Motors Corporation has been served, entered an appearance and answered. Creditors should not be required to copy the hundreds of thousands of pages of which the state court action consists and attached those pages to Creditors' claim in this case. It is sufficient to reference the personal injury claims of the Creditors pending in a case in which case General Motors has fully participated as a litigant.

For the reasons stated above, the claims of Creditors Mary Bates, Individually and on behalf of her ward, William Bradford Jones should not be dismissed.

2

Respectfully submitted, this the _____ day of January, 2010.

> MARY BATES, INDIVIDUALLY AND
> AS CONSERVATOR FOR
> WILLIAM BRADFORD JONES,
> CREDITORS


By: _____
      Vicki R. Slater, Of Counsel


OF COUNSEL:

VICKI R. SLATER, MSB#9759
VICKI R. SLATER, ATTORNEY AT LAW, P.A.
1554 LAKESIDE DRIVE
POST OFFICE BOX 23981
JACKSON, MISSISSIPPI 39225-3981
TELEPHONE: (601)987-8184
FACSIMILE (601)987-8188
vicki@vickislater.com

3

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that I have served a true and correct copy of the foregoing document upon the following by overnight delivery at the addresses below:

Weil, Gotshal & Manges, LLP
Attorneys for Debtors
767 Fifth Avenue
New York, NY 10153
Attn:   Harvey R. Miller, Esquire
          Stephen Karotkin, Esquire
          Joseph H. Smolinsky, Esquire

General Motors Corp., et al
c/o Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, MI 38243
Attn:   Ted Stenger

General Motors, LLC
300 Renaissance Center
Detroit, MI 48265
Attn:   Lawrence S. Buonomo, Esquire

Cadawalader, Wickersham & Taft, LLP
Attorneys for the United States Department of the Treasury
One World Financial Center
New York, NY 10281
Attn:   John J. Rapisardi, Esquire

United States Department of the Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220
Attn:   Joseph Samarias, Esquire

Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th Floor
New York, NY 10019
Attn:   Michael J. Edelman, Esquire
          Michael L. Schein, Esquire

Kramer, Levin, Naftalis & Frankel, LLP
Attorneys for the Statutory of Unsecured Creditors
1177 Avenue of the Americas
New York, NY 10036
Attn:   Thomas Moers Mayer, Esquire
        Amy Caton, Esquire
        Adam C. Rogoff, Esquire
        Gregory G. Plotko, Esquire

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:   Diana G. Adams, Esquire

U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, Third Floor
New York, New York 10007
Attn:   David S. Jones, Esquire
        Matthew L. Schwartz, Esquire

This the 26th day of January, 2010.

Vicki R. Slater

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARY BATES, INDIVIDUALLY AND AS CONSERVATOR**          **PLAINTIFF**
**FOR WILLIAM BRADFORD JONES**

**VS.**                                    NO. 25102-1715civ

**RICHARD GREENE, JONATHAN BALL, F & L**              **DEFENDANTS**
**AUTO SALES, GENERAL MOTORS CORPORATION,**
**JOHN DOES 1 THROUGH 10, and JOHN DOES**
**A THROUGH Z**

### COMPLAINT

For cause of action, Plaintiff alleges:

1.    Plaintiff Mary Bates is an adult resident citizen of Madison County, Mississippi.

2.    Plaintiff Mary Bates is the mother and conservator of William Bradford Jones.

3.    William Bradford Jones is an adult resident citizen of Madison County, Mississippi.

4.    Defendant Richard Greene is an adult resident citizen of Madison County,

Mississippi.

5.    F & L Auto Sales is a business enterprise whose exact form is not known to

Plaintiff.  Said F & L Auto Sales is located in the First Judicial District of Hinds County,

Mississippi.

6.    General Motors Corporation is a foreign corporation authorized and doing

business in the State of Mississippi whose registered agent for service of process is CT

Corporation Systems.

7.    John Does 1 through 10 are owners, operators and agents of F & L Auto Sales.



EXHIBIT
"A"

8.     John Does A through Z are persons and/or entities whose identities are unknown to Plaintiff but who may be liable to Plaintiff as seller, manufacturer or insurance adjuster or in any other capacity unknown to Plaintiff at this time, but whose identity may be learned through discovery or through other investigative means not currently available to Plaintiff.

9.     On or about January 24, 2002 William Bradford Jones was riding in a 1995 Chevrolet Corsica driven by Jonathan Ball.

10.     While traveling east on North Park Drive, Jonathan Ball did lose control of the 1995 Chevrolet Corsica and crossed over the oncoming lane of traffic on North Park Drive.

11.     By taking these actions, Defendant Jonathan Ball did commit the following acts of negligence: (a) failing to yield the right of way; (b) failing to maintain control; (c) failing to provide a proper look out; (d) traveling at an excessive rate of speed; and/or improper passing, overtaking.

12.     On or about January 24, 2002 Richard Greene was traveling west on North Park Drive in a 1997 Pontiac Grand Am.  Richard Greene did strike the 1995 Corsica in which William Bradford Jones was riding on the passenger side door.

13.     As a result of the impact between the vehicle driven by Defendant Richard Greene and the vehicle driven by Defendant Jonathan Ball, William Bradford Jones suffered terrible bodily injuries.

14.     By striking the vehicle in which William Bradford Jones was riding as a passenger, Defendant Richard Greene did commit the following acts of negligence which caused or contributed to the cause of William Bradford Jones's injuries: (a) failing to yield the right of way; (b) failing to maintain control; (c) failing to provide a proper look out; (d) traveling at an

2

excessive rate of speed; and/or improper passing, overtaking; (e) failing to act with care toward a helpless vehicle.

15.    The 1995 Chevrolet Corsica was uncrashworthy and defective as manufactured and placed into the stream of commerce by Defendant General Motors Corporation.

16.    During the manufacture of the 1995 Chevrolet Corsica, certain Doe Defendants manufactured component parts which were installed into the 1995 Chevrolet Corsica.

17.    Said component parts were defective in design and/or manufacture and were negligently installed into the 1995 Chevrolet Corsica.

18.    Because of the defective condition of the 1995 Chevrolet Corsica, including but not limited to the side passenger door which was not crashworthy, William Bradford Jones suffered injuries which were more severe and life threatening than he would have suffered if the 1995 Chevrolet Corsica had been manufactured and placed into the stream of commerce in a condition that was not defective.

19.    Defendant General Motors Corporation did manufacture, design and deliberately place into the stream of commerce, the 1995 Chevrolet Corsica in which William Bradford Jones was injured.

20.    The 1995 Chevrolet Corsica was eventually purchased by Cynthia Ball from F & L Auto Sales.

21.    F & L Auto Sales is a seller as contemplated by MISS. CODE ANN. § 11-1-63.

22.    F & L Auto Sales and General Motors Corporation are sellers as contemplated by MISS. CODE ANN. § 75-2-101, *et seq.* As such, F & L Auto Sales and General Motors Corporation breach implied and express warranties to the ultimate user or consumer, William

3

Bradford Jones.

23.    The 1995 Chevrolet Corsica was defective and unreasonably dangerous to the ultimate users or consumers, including William Bradford Jones, at the time it left the hands of Defendant General Motors Corporation.

24.    The 1995 Chevrolet Corsica was defective and unreasonably dangerous and remained in substantially the same defective and unreasonably dangerous condition from the time it left the hands of the Defendant, General Motors Corporation, up to and including the time that it caused injury to Plaintiff's ward, William Bradford Jones.

25.    Defendant General Motors Corporation is liable for placing into the stream of commerce a product or products that were unreasonably dangerous and defective in manufacture and design.

26.    The injuries William Bradford Jones suffered were caused, proximately, directly in part or in whole by the defective condition of the 1995 Chevrolet Corsica.

27.    The 1995 Chevrolet Corsica was defective in design and/or manufacture, so as to be unreasonably dangerous for use by the ultimate consumer as follows:

   (a)    The airbag failed to deploy due to the defect(s);

   (b)    The passenger door lacked minimum steel reinforcement to withstand the impact resulting in a totally compromised passenger space;

   (c)    The overall design of the 1995 Chevrolet Corsica is so defective that the integrity of the passenger's compartment is compromised during side impact collisions so as to render the vehicle uncrashworthy and unreasonably dangerous for ordinary use; and

4

(d)    Other ways that may be shown by the evidence at the trial of this cause.

28.    The overall design of the 1995 Chevrolet Corsica is so defective and unreasonably dangerous as to violate the implied covenants of fitness for a particular purpose and merchantability existing in William Bradford Jones's favor.

29.    William Bradford Jones relied on all these warranties made by Defendant General Motors Corporation and was injured because of his reliance on said warranties.

30.    General Motors Corporation should be held strictly liable for these breaches of express and implied warranties.

31.    Additionally or alternatively, Defendant General Motors Corporation was negligent in one or more of the following respects:

(a)    Negligently and carelessly failing to employ that degree of care and caution as was required of a reasonably prudent supplier and manufacturer under the same or similar circumstances;

(b)    Negligently designing and/or manufacturing and/or marketing and/or selling the product in an inherently and imminently dangerous condition;

(c)    Negligently failing to adequately warn or instruct the Plaintiff or other users of the product of its dangerous propensities or of unsafe methods of using said product;

(d)    Negligently failing to design a crashworthy automobile, and/or in the alternative, negligently designing, manufacturing or selling the product in such a condition that it could be operated safely, and

(e)    Negligently and carelessly failing to properly design and configure the

5

vehicle so it could be operated in a safe manner without exposure to dangerous operating hazards.

32.     The injuries to William Bradford Jones were proximately caused, in part or in whole, by the negligence of Defendant General Motors Corporation.

33.     The said negligent acts of General Motors Corporation were committed with willful, wanton and reckless disregard of the safety and rights of William Bradford Jones and were committed with such gross negligence as to entitle Plaintiff to a judgment of punitive damages against Defendant General Motors Corporation.

34.     F & L Auto Sales sold the 1995 Chevrolet Corsica to Cynthia Ball and is jointly liable with General Motors Corporation as seller of the vehicle under the Mississippi Products Liability Act and for other reasons that may be shown by the evidence at the trial of this cause.

35.     The negligence of Defendants Jonathan Ball, Richard Greene and the defective condition of the 1995 Chevrolet Corsica and the uncrashworthiness of its structure combine as the direct, contributing and proximate causes in fact of severe injuries sustained by Plaintiff's ward, William Bradford Jones.

36.     Plaintiff's ward was rendered physically and mentally disabled as a result of the injuries sustained in the subject collision. Plaintiff has had to endure severe financial, emotional and physical distress in caring for her ward.

37.     Plaintiff's ward's and Plaintiff's financial, emotional and physical hardship were the direct foreseeable results of all of the wrongful acts committed by the Defendants.

## DAMAGES

38.     Because of the wrongful and unlawful acts of Defendants combined to cause

6

Plaintiff's damages and damages to Plaintiff's ward, Defendants should be held liable, jointly and severally for the following damages and judgment should enter against the Defendants in an amount sufficient to compensate Plaintiff's ward for the following injuries:

(a)    all bodily injuries suffered by William Bradford Jones;

(b)    all bodily injuries that will manifest in the future;

(c)    disfigurement and scarring;

(d)    great emotional distress and anguish of mind;

(e)    being made sick and sore and enduring great pain and suffering of body;

(f)    future pain and suffering of body and anguish of mind;

(g)    diminished energy, strength and ability to enjoy life;

(h)    diminished psycho social skills and other injuries related to blunt head trauma;

(i)    past and future lost wages;

(j)    permanent bodily injuries;

(k)    past and future medical expenses;

(l)    other general and specific relief to which Plaintiff's ward may be entitled in the premises;

(m)    other injuries which shall be shown by the evidence at the trial of this case.

39.    Plaintiff is entitled to an amount sufficient to compensate her for the following:

(a)    Extraordinary expenses incurred in caring for William Bradford Jones;

(b)    Physical pain and suffering enduring in the act of caring for William Bradford Jones.

40.    Plaintiff, on behalf of her ward, also prays for an award of punitive damages to

7

punish and deter these defendants and to deter others similarly situated from engaging in such reckless, grossly negligent and malicious conduct in the future.

PREMISES CONSIDERED, Plaintiff prays that judgment be entered in her favor and against the Defendants, jointly and severally, for compensatory damages and for punitive damages as outlined above.

Respectfully submitted, this the 10th day of December, 2002.

MARY BATES, INDIVIDUALLY AND AS
CONSERVATOR FOR WILLIAM BRADFORD
JONES, PLAINTIFF

BY: _____
Vicki R. Slater,
For the Plaintiff

OF COUNSEL:

VICKI R. SLATER, MSB # 9759
VICKI R. SLATER, ATTORNEY AT LAW, P.A.
1554 LAKESIDE DRIVE
POST OFFICE BOX 23981
JACKSON, MISSISSIPPI 39225-3981
Telephone: (601)987-8184
Facsimile: (601) 987-8188

8

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARY BATES, INDIVIDUALLY AND AS CONSERVATOR**               **PLAINTIFF**
**FOR WILLIAM BRADFORD JONES**


**VS.**                                                  NO. 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C IV


**RICHARD GREENE, JONATHAN BALL, F & L**                      **DEFENDANTS**
**AUTO SALES, GENERAL MOTORS CORPORATION,**
**JOHN DOES 1 THROUGH 10, and JOHN DOES**
**A THROUGH Z**

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    General Motors Corporation
       c/o CT Corporation System
       645 ~~631~~ Lakeland East Drive
       Flowood, Mississippi 39232

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

   You are required to mail or hand-deliver a copy of a written response to the Complaint to Vicki R. Slater, the attorney for the Plaintiffs, whose post office address is Post Office Box 23981, Jackson, Mississippi 39225-3981 and whose street address is 1554 Lakeside Drive, Jackson, Mississippi 39216.  Your response must be mailed or delivered with thirty (30) days from the date of delivery of this summons and complaint or judgment by default will be entered against you for the money or other things demanded in the complaint.

   You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

   Issued under my hand and the seal of said Court, this the 23 day of Dec, 2002.

                                    BARBARA DUNN, CIRCUIT CLERK
                                    OF HINDS COUNTY, MISSISSIPPI

                                    BY: _____ ,D.C.

**(Seal)**

## PROOF OF SERVICE–SUMMONS

_General Motors Corporation_ (Process Server)

Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

__X__PERSONAL SERVICE.  I personally delivered copies to _C.T. Corporation_ on the _9th_ day of _April_ , 2003, where I found said person(s) in _Rankin_ County of the State of _MS_ .

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi.  I served the summons and complaint on the _____ day of _____, 2003, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2003, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (*Attach signed return receipt or the return envelope marked "Refused".*)

At the time of service I was at least 18 years of age and not a party to this action.

FEE FOR SERVICE: $ _____
Process server must list below:
Name _Wade Robinson_
Social Security No. _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_
Address _66 Overlook Pointe Dr._
_Ridgeland, Ms. 39157_
Telephone No. _601-853-3291_

State of Mississippi
County of _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service–Summons" are true and correct as therein stated.

_Wade Robinson_
PROCESS SERVER SIGN HERE

Sworn to and subscribed before me, this the _9th_ day of _April_ , 2003.

_____
NOTARY PUBLIC

My Commission Expires: _March 18, 2006_

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

MARY BATES, INDIVIDUALLY AND AS CONSERVATOR
FOR WILLIAM BRADFORD JONES                                    PLAINTIFF

VS.                                                          NO. 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CIV

RICHARD GREENE, JONATHAN BALL, F & L
AUTO SALES, GENERAL MOTORS CORPORATION,
JOHN DOES 1 THROUGH 10, and JOHN DOES
A THROUGH Z                                                 DEFENDANTS

## GM'S ANSWER TO COMPLAINT

### (JURY TRIAL REQUESTED)

General Motors Corporation (GM) responds to the Complaint filed by Plaintiff.

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's exclusive remedy is the Mississippi Products Liability Act (MPLA), MCA § 11-1-63. The Complaint fails to state a claim or cause of action against GM under the MPLA. GM pleads the provisions of the MPLA.

### THIRD DEFENSE

Venue is not proper in Hinds County. The only basis that plaintiff has alleged for venue in Hinds County is her claim against F & L Auto Sales. She admits that she does not know what type of entity F & L Auto Sales is. If F & L Auto Sales is anything other than a corporation, then F & L Auto Sales is not a properly named defendant and venue is improper in Hinds County. In that event, venue should be transferred to Madison County (where defendant Richard Greene apparently lives

and where the accident apparently happened) or Rankin County (where GM has its Registered Agent for Service of Process).

## **FOURTH DEFENSE**

GM answers the individual paragraphs of the Complaint as follows:

### 1.

GM denies the allegations of ¶1 of the Complaint due to a lack of sufficient information.

### 2.

GM denies the allegations of ¶2 of the Complaint  due to a lack of sufficient information.

### 3.

GM denies the allegations of ¶3 of the Complaint due to a lack of sufficient information.

### 4.

GM denies the allegations of ¶4 of the Complaint due to a lack of sufficient information.

### 5.

GM denies the allegations of ¶5 of the Complaint due to a lack of sufficient information.

### 6.

GM admits the allegations of ¶6.

### 7.

GM denies the allegations of ¶7 of the Complaint due to a lack of sufficient information.

### 8.

GM denies the allegations of ¶8 of the Complaint due to a lack of sufficient information.

### 9.

GM denies the allegations of ¶9 of the Complaint due to a lack of sufficient information.

**10.**

GM denies the allegations of ¶10 of the Complaint due to a lack of sufficient information.

**11.**

GM denies the allegations of ¶11 of the Complaint, including subparagraphs (a), (b), (c) and (d), due to a lack of sufficient information.

**12.**

GM denies the allegations of ¶12 of the Complaint  due to a lack of sufficient information.

**13.**

GM denies the allegations of ¶13 of the Complaint due to a lack of sufficient information.

**14.**

GM denies the allegations of ¶14 of the Complaint, including subparagraphs (a), (b), (c), (d) and (e), due to a lack of sufficient information..

**15.**

GM denies the allegations of ¶15 of the Complaint.

**16.**

GM admits that others manufactured component parts that were installed in 1995 Chevrolet Corsica automobiles.  Otherwise, GM denies the allegations of ¶16 of the Complaint.

**17.**

GM denies the allegations of ¶17 of the Complaint.

**18.**

GM denies the allegations of ¶18 of the Complaint.

3

**19.**

GM admits that it designed-in-part, manufactured-in-part and completed the final assembly of 1995 Chevrolet Corsica automobiles. GM also admits that it placed 1995 Chevrolet Corsica automobiles into the stream of commerce. Otherwise, GM denies the allegations ¶19 due to a lack of sufficient information. Plaintiff has failed to provide the vehicle identification number for the subject 1995 Chevrolet Corsica automobile.

**20.**

GM denies the allegations of ¶20 of the Complaint due to a lack of sufficient information.

**21.**

GM denies the allegations of ¶21 of the Complaint due to a lack of sufficient information.

**22.**

GM denies that MCA § 75-2-101 applies in this case. The Mississippi Products Liability Act (MPLA), MCA § 11-1-63, sets forth plaintiff's exclusive remedies in this case. GM denies that it breached any implied warranties. Any express warranties given by GM concerning the 1995 Chevrolet Corsica expired when the subject accident allegedly occurred on January 24, 2002. GM denies that it breached any express warranties. Otherwise, GM denies the allegations of ¶22 due to a lack of sufficient information.

**23.**

GM denies the allegations of ¶23 of the Complaint.

**24.**

GM denies the allegations of ¶24 of the Complaint.

4

**25.**

GM denies the allegations of ¶25 of the Complaint.

**26.**

GM denies the allegations of ¶26 of the Complaint.

**27.**

GM denies the allegations of ¶27 of the Complaint, including subparagraphs (a), (b), (c) and (d).

**28.**

GM denies the allegations of ¶28 of the Complaint.

**29.**

GM denies the allegations of ¶29 of the Complaint.

**30.**

GM denies the allegations of ¶30 of the Complaint.

**31.**

GM denies the allegations of ¶31 of the Complaint, including subparagraphs (a), (b), (c), (d) and (e).

**32.**

GM denies the allegations of ¶32 of the Complaint.

**33.**

GM denies the allegations of ¶33 of the Complaint.

**34.**

GM denies that it is liable to the plaintiff. GM denies the remaining allegations of ¶34 of the Complaint due to a lack of sufficient information.

**35.**

GM denies that it is liable to the plaintiff. GM denies the remaining allegations of ¶35 of the Complaint due to a lack of sufficient information.

**36.**

GM denies the allegations of ¶36 of the Complaint due to a lack of sufficient information.

**37.**

GM denies the allegations of ¶37 of the Complaint due to a lack of sufficient information.

## **DAMAGES**

**38.**

GM denies that it is liable to the plaintiff for any damages.  GM denies the remaining allegations of ¶38 of the Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l) and (m),  due to a lack of sufficient information.

**39.**

GM denies that it is liable to the plaintiff for any damages.  GM denies the remaining allegations of ¶39 of the Complaint, including subparagraphs (a), and (b), due to a lack of sufficient information.

**40.**

GM denies that it is liable to the plaintiff for any damages. GM denies the remaining allegations of ¶40 of the Complaint due to a lack of sufficient information.

## PRAYER

GM denies the final, unnumbered paragraph of the Complaint, which begins with "PREMISES CONSIDERED" after paragraph ¶40.

## FIFTH DEFENSE

If the facts introduced at trial show that Richard Greene, Jonathan Ball or William Bradford Jones or others committed negligence with respect to use, maintenance or lack of maintenance of the subject vehicle, and this negligence was either the sole proximate cause or contributing cause of the alleged damages claimed by the Plaintiff, then Plaintiff should be barred from recovery or, alternatively, any recovery should be reduced proportionately by the amount of negligence committed by Richard Greene, Jonathan Ball or William Bradford Jones or others.

## SIXTH DEFENSE

Pleading in the alternative only, GM pleads the apportionment and other provisions of *Miss. Code Ann.*, § 85-5-7.

## SEVENTH DEFENSE

The alleged damages claimed by the Plaintiff were caused or contributed to by the conduct of others over whom this Defendant has no control. In the alternative, Defendant pleads apportionment under applicable law.

## EIGHTH DEFENSE

Pleading in the alternative only, the vehicle was modified, changed or altered such that it was not substantially the same condition as when originally manufactured and sold.

## NINTH DEFENSE

If Plaintiff received payment in the past, or receives payment in the future, from others who are, or who may be responsible, for their damages, then Defendant is entitled to a credit or set- off in the amount of such payments against any judgment that may be rendered in this action.

## TENTH DEFENSE

The accident in question and the damages sustained by Plaintiff were solely and proximately caused or contributed by unforeseen, intervening or superseding causes attributable to persons, entities or events with respect to which the Defendant has neither control, right to control, or duty to control or other legal relationship whatsoever.

## ELEVENTH DEFENSE

The vehicle was manufactured in compliance with and in conformity to the state-of-the-art with respect to the manufacture of this product, and was in compliance and in conformity to any and all applicable industry and governmental regulations.

## TWELFTH DEFENSE

The vehicle was reasonably safe and not defective when manufactured and sold by Defendant.

8

### THIRTEENTH DEFENSE

If Plaintiff failed to preserve essential evidence, then GM has sustained substantial prejudice and this case should be dismissed. Alternatively, the Plaintiff should be prohibited from introducing any evidence against GM concerning the condition of the subject vehicle.

### FOURTEENTH DEFENSE

Plaintiff failed to give proper notice of any alleged breach of warranty. Furthermore, as a matter of law, there was no breach of warranty. Plaintiff failed to provide a reasonable opportunity to cure any alleged breach of warranty.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted for punitive damages.

### SIXTEENTH DEFENSE

Pleading in the alternative only, the law of Michigan should control any issues concerning punitive damages against GM. GM pleads the provisions of the laws of Michigan.

### SEVENTEENTH DEFENSE

Pleading in the alternative only, no punitive assessment can be imposed against GM in the absence of clear, convincing proof of punitive liability as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 14 of the Mississippi Constitution and as further required by Mississippi common law.

### EIGHTEENTH DEFENSE

Pleading in the alternative only, if Mississippi law applies to the issues of punitive damages in this case, then MCA §11-1-65(1)(c) prohibits an award of punitive damages unless plaintiff has

first received an award of compensatory damages. Plaintiff's failure to state a claim for compensatory damages bars her claim for punitive damages.

### NINETEENTH DEFENSE

Pleading in the alternative only, in addition, MCA §11-1-65 requires that punitive damages may not be awarded unless plaintiff proves, by clear and convincing evidence, that defendant acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud. Plaintiff has not set forth a plain statement of their claim supporting their allegation that GM acted in a manner that evidences a willful, wanton or reckless disregard for the safety of others.

### TWENTIETH DEFENSE

MCA § 11-1-65, which allows punitive damages to be based on the financial condition of the defendant, is unconstitutional. Pleading in the alternative only, GM pleads the provisions of MCA §11-1-65.

### TWENTY-FIRST DEFENSE

Pleading in the alternative only, the concept, threat, imposition or award of punitive damages against GM in this action is contrary to and violates the United States Constitution and the Constitution of the State of Mississippi. Specifically, but not by way of limitation:

1.

Pleading in the alternative only, the judicial decisions and laws of Mississippi with regard to liability for punitive damages in product liability claims are so nebulous, value, uncertain, ambiguous, inconsistent and contradictory that:

10

I.  Those judicial decisions and laws fail to give or communicate fair notice of the nature and character of the punishable conduct or behavior, all in violation of the Due Process Clause of Amendment XIV of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

II.  Those judicial decisions and laws do not provide a jury with adequate, meaningful or intelligible guidelines for determining the circumstances under which punitive damages may or may not be awarded, and those judicial decisions and laws foster, encourage and promote the arbitrary, capricious, unpredictable and discriminatory award of punitive damages, all in violation of the Due Process Clause of Amendment XIV of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi;

III.  Those judicial decisions and laws violate the doctrine of void for vagueness under Amendment XIV of the United States Constitution; and

IV.  Those judicial decisions and laws offend traditional notions of fair play and substantial justice in violation of Amendment XIV of the United States Constitution.

2.

Pleading in the alternative only, to subject GM to punitive damages would constitute the infliction of cruel and unusual punishment in violation of Amendment VIII of the Constitution of the United States and Article 3, Section 28 of the Constitution of the State of Mississippi.

11

3.

Pleading in the alternative only, to subject GM to an award of punitive damages based upon financial standing would violate the Equal Protection clause of Amendment XIV of the United States Constitution.

4.

Pleading in the alternative only, to subject GM to an award of punitive damages would constitute an excessive fine in violation of Amendment VIII of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-SECOND DEFENSE

Pleading in the alternative only, the concept of punitive damages, which damages are essentially criminal sanctions, fines or penalties, in a civil action based on an alleged civil wrong, is contrary to public policy and, therefore, such damages cannot be awarded in a civil action or with regard to an alleged civil wrong.

## TWENTY-THIRD DEFENSE

Pleading in the alternative only, an award of punitive damages in this case would be improper, grossly excessive and would violate the principles set forth in *BMW of North Am. v. Gore*, 1996 W. L. 262429 (S. Ct. 1996) and its progeny.

## PRAYER

AND NOW, having fully answered the allegations of the Complaint filed herein against it, Defendant GM respectfully requests that this action be dismissed and that it be discharged with its costs.

12

Respectfully submitted,

BY: _____

PAUL V. CASSISA, JR.
MS Bar No. 5921
Attorney for Defendant

OF COUNSEL:

Paul V. Cassisa, Jr., Esq.
BERNARD, CASSISA, ELLIOTT & DAVIS
P.O. Box 1138
Oxford, MS  38655
(662) 234-7236

### CERTIFICATE OF SERVICE

I certify that on the ___25th___ day of ___April___, 2003 a copy of this document was

served, by United States mail, postage pre-paid, on:

Vicki R. Slater, Esq.
Vicki R. Slater, Attorney at Law, P.A.
P.O. Box 23981
Jackson, MS 39225-3981

PAUL V. CASSISA, JR.

13