Barry E. Bressler (*admitted pro hac vice*)
Richard A. Barkasy (*admitted pro hac vice*)
Benjamin P. Deutsch (BD-5435)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for the Ad Hoc*
*Committee of Consumer Victims of General Motors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                :
In re:                                          :    Chapter 11
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :    Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS CORP., *et al.*,           :
                                                :
                                  Debtors.      :    (Jointly Administered)
-----------------------------------------------------------------X

---

**LIMITED OBJECTION OF AD HOC COMMITTEE OF CONSUMER VICTIMS
OF GENERAL MOTORS TO THE DEBTORS' MOTION FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL
ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION**

---

The Ad Hoc Committee of Consumer Victims of General Motors (the "Ad Hoc Consumer Committee"), by and through its undersigned counsel, hereby objects to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, including Mandatory Mediation (the "Motion"). In support thereof, the Ad Hoc Consumer Committee respectfully represents as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), General Motors Corp., now known as Motors Liquidation Company, and certain of its affiliates ("GM" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Ad Hoc Consumer Committee was formed to advance the mutual interests of its members and others similarly situated with regard to the financial reorganization of GM.

3. The Ad Hoc Consumer Committee has more than 300 members who each have product liability tort claims involving personal injuries (including derivative claims and wrongful death actions) against GM. The members of the Ad Hoc Consumer Committee are individuals who reside throughout the country, many of whom who have suffered devastating injuries as a result of flaws in GM vehicles.

4. The members of the Ad Hoc Consumer Committee have an interest in fairly and efficiently resolving disputes as to their claims against the Debtors. As a result, the Ad Hoc Consumer Committee does not object to the implementation of alternative dispute resolution procedures in these bankruptcy cases to resolve personal injury and wrongful death claims.

5. However, the Ad Hoc Consumer Committee objects to certain of the specific ADR Procedures[1] proposed by the Debtors and believes that they must be altered to provide them with due process and to make the ADR Procedures more equitable.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as in the Motion.

## **OBJECTION**

### A. **Costs and Expenses.**

6. The proposed ADR Procedures provide that the mediator's fees and costs for claims designated for mediation by the Debtors shall be shared equally by the Debtors and the Designated Claimant. (ADR Procedures § II.B.3(b)).

7. Likewise, the ADR Procedures provide that fees and costs charged by the American Arbitration Association ("AAA") for binding arbitration shall be shared equally by the Debtors and the Designated Claimant. (ADR Procedures § II.C.3(b)).

8. It is inequitable to require persons who have suffered catastrophic injuries as a result of defects in GM vehicles to share equally the costs of mediation and arbitration with the Debtors. The Debtors have a substantial wind-down budget and are better equipped to handle the financial burden than individuals who suffered tragic injuries, many of whom spent funds to initiate lawsuits before the bankruptcy was filed. Moreover, unlike the tort victims, the Debtors will be able to spread their travel costs and attorney preparation expenses over hundreds of cases.

9. Under these circumstances, any alternative dispute resolution procedure approved by the Court should require the Debtors' estate to absorb the all of the fees and costs charged by the mediators and arbitrators. Alternatively, the claimants should at most be required to make a contribution in a modest fixed amount toward such expenses.

### B. **Information Regarding Claims and Defenses.**

10. The ADR Procedures require Designated Claimants to supply the Debtors with information regarding their claims, but do not impose concomitant obligations upon the Debtors to provide Designated Claimants with information regarding their defenses.

11.     For example, the mediation procedures provide that the Designated Claimant shall submit a non-confidential, pre-mediation statement to which must be annexed all documents, affidavits or other evidentiary materials upon which the Designated Claimant relies. Although the Debtors are required to submit a responsive statement, they are not required to provide any documents, affidavits or other evidentiary material supporting their defenses. (ADR Procedures § II.B.3(c)).

12.     Similarly, a Designated Claimant's counteroffer must provide all facts and documents which the Designated Claimant contends support its claim. However, the Debtors are not required to supply any facts or documents which support their defenses in making an offer or in responding to a contractor. (ADR Procedures § II.A.3).

13.     To the extent that the ADR Procedures require Designated Claimants to provide information and documents supporting their claims, the Debtors must also be required to supply a reasonable amount of information and documents regarding their defenses.

C.     **ADR Injunction**

14.     ADR Procedures provide that upon service of the ADR Notice on a Designated Claimant, such Designated Claimant "shall be enjoined from commencing or continuing any action or proceeding in any manner or place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce" the Designated Claim. The ADR Procedures further provide that the ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim. (ADR Procedures § I.C.).

15.     To ensure that tort victims are not delayed in seeking recovery for their injuries from other sources, the Order approving the ADR Procedures should make it clear that

4

the ADR Injunction shall not limit the rights of Designated Claimants to continue or commence actions against non-debtor defendants who are also liable for the damages suffered by the Designated Claimant.

### D. Arbitration Discovery

16. The procedures relating to arbitration place limits on discovery. (ADR Procedures § II.C.3.).

17. The ADR Procedures should not limit the scope of discovery for all cases. Rather, the scope of discovery should be established within the AAA rules by the arbitrator in each case. There may be cases where the claims are particularly large and/or complex in which the discovery limits contained in the ADR Procedures would be inappropriate. The scope of the appropriate discovery should be left within the discretion of the arbitrator.

### E. Litigation of Unresolved Claims

18. The ADR Procedures contain provisions regarding the litigation of Unresolved Designated Claims. The Order approving the ADR Procedures should provide that nothing within the ADR Procedures shall be construed as limiting the rights that personal injury tort and wrongful death claimants may otherwise possess under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

19. The Ad Hoc Consumer Committee reserves the right to join in any other objection filed to the Motion and to supplement this objection before or at the hearing on the Motion.

## CONCLUSION

WHEREFORE, the Ad Hoc Consumer Committee respectfully requests that the Court enter an Order granting the Motion only if the ADR Procedures are modified as set forth herein, or failing same to deny the Motion and grant it such other and further relief as the Court deems just and equitable.

SCHNADER HARRISON SEGAL
& LEWIS LLP

Dated: February 3, 2010

By: /s/ Benjamin P. Deutsch
   Benjamin P. Deutsch (BD-5435)
   bdeutsch@schnader.com
   140 Broadway, Suite 3100
   New York, NY 10005-1101
   Phone: (212) 973-8000
   Fax: (212) 972-8798

   - and -
   Barry E. Bressler, Esquire
      (*admitted pro hac vice*)
      bbressler@schnader.com
   Richard A. Barkasy, Esquire
      (*admitted pro hac vice)*
      rbarkasy@schnader.com
   1600 Market Street, Suite 3600
   Philadelphia, PA 19103-7286
   Phone: (215) 751-2000
   Fax: (215) 751-2205
   *Attorneys for the Ad Hoc Committee of Consumer Victims of General Motors*