**Hearing Date and Time: February 10, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: February 3, 2010 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Adam C. Rogoff
Amy Caton

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------------ X | : | |
| In re: | : | Chapter 11 Case No.: |
| | : | |
| MOTORS LIQUIDATION COMPANY, et al. | : | 09-50026 (REG) |
| f/k/a General Motors Corp., et al. | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------------ X | | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER PURSUANT
TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390
AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this statement (the "**Statement**") in support of the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**Motion**") (Docket No. 4780). Pursuant to the Motion, the Debtors seek to implement

KL2 2637291.2

certain alternative dispute resolution procedures for contingent, unliquidated and disputed claims.[1] In support of this Statement, the Committee respectfully states as follows:

### Statement[2]

1.  The Committee believes that the proposed ADR Procedures are in the best interests of the Debtors' estates and the general unsecured creditors. Given the magnitude of claims asserted in these chapter 11 cases, it is necessary to develop an efficient and fair process to review and reconcile the many disputed, contingent and unliquidated claims. The ADR Procedures are designed to foster settlement and ultimate resolution of otherwise large and complex claims. Moreover, the Capping Procedures provide an avenue for unsecured creditors to engage the Debtors in expedited review of their claims.

2.  Successful implementation of the ADR Procedures will facilitate the prompt proposal of a chapter 11 plan of liquidation. The mediation and arbitration procedures will avoid costly and time-consuming estimation proceedings that would otherwise delay confirmation. In addition, resolution of unliquidated claims will narrow the amount of claims required to be set aside for a disputed claims reserve. The Committee therefore supports the implementation of the ADR Procedures, which will expedite distributions to general unsecured creditors following the effective date of a chapter 11 plan.

---

[1] It should be noted that the ADR Procedures do not apply to asbestos-related claims for personal injury or wrongful death which the Committee understands will be dealt with through other means.

[2] Unless otherwise defined herein, all defined terms shall have the meaning ascribed to them in the Motion.

2

KL2 2637291.2

WHEREFORE, the Committee requests the entry of an Order (a) granting the Motion; and (b) granting such other or further relief as the Court deems appropriate.

Dated: New York, New York
February 3, 2010

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Amy Caton
Thomas Moers Mayer
Adam C. Rogoff
Amy Caton
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured Creditors of Motors Liquidation Company, et al.*