UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>**f/k/a General Motors Corp., et al.,**<br><br>Debtors. | Chapter 11 Case No. 09-50026 (REG)<br><br>**AFFIRMATION IN SUPPORT OF D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Judge Robert E. Gerber |

**D&M REAL ESTATE , LLC T/A THE HORSE TAVERN & GRILL AND THE HORSE,**

**INC., T/A THE HORSE TAVERN & GRILL'S RESPONSE IN OBJECTION TO**

**DEBTORS' MOTION REGARDING ALTERNATIVE DISPUTE RESOLUTION**

**PROCEDURES**

WILLIAM DIRK PASTORICK, ESQUIRE, an attorney admitted to practice before this Federal Court affirms the truth of the following under penalty of perjury:

1. I am counsel for Objecting Parties, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill (hereinafter jointly referred to as "Objecting Party") and as such I am fully familiar with the facts and circumstances of this action based upon my review of the case and the investigation materials contained therein.

2. This Affirmation is submitted in support of Objecting Party's Objection to the Debtors' Motion for Entry of Order Pursuant to 11 U.S.C §105(a) and General Order M390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation.

**BACKGROUND**

3. On or about October 31, 2008, Plaintiff, Jamie Medford Frei (hereinafter "Plaintiff") filed a Complaint sounding in personal injury/ negligence against Objecting Party in Bucks County Court of Common Pleas located in Doylestown, Pennsylvania. The Complaint alleges that Plaintiff was injured during a motor vehicle accident, which allegedly occurred as a result of Objecting Party's negligence. The Complaint was assigned docket no. 2008-11271-31-2). (See Plaintiff's Complaint, of which a true and correct copy is attached hereto as Exhibit "A.")

4. On or about January 20, 2009, Objecting Party filed an Answer with New Matter to Plaintiff's Complaint. As part of the New Matter, Objecting Party alleged that Plaintiff's injuries were not due to the negligence of Objecting Party, but due to conduct of persons, entities and/or associations over which Objecting Party had no directional control. (See Objecting Party's Answer to Plaintiff's Complaint, of which a true and correct copy is attached hereto as Exhibit "B.")

5. On or about January 14, 2009, Objecting Party filed a Joinder Complaint against General Motors Corporation. (See Objecting Party's Joinder Complaint, of which a true and correct copy is attached hereto as Exhibit "C.")

6. Moving Party alleges that General Motors Corporation is responsible for the damages alleged by the Plaintiff. Specifically, Objecting Party alleges that General Motors Corporation negligently designed and/or manufactured the vehicle that Plaintiff was operating at the time of the motor vehicle accident, which is the subject of Plaintiff's Complaint. (See Exhibit "A" and Exhibit "C.")

7. On or about March 30, 2009, General Motors Corporation filed an Answer with Amended New Matter to Objecting Party's Joinder Complaint. (See General Motors

Corporation's Answer with Amended New Matter, of which a true and correct copy is attached hereto as Exhibit "D.")

8. In its Amended New Matter, General Motors Corporation plead the terms of, and incorporated, a Release executed by Plaintiff James Frei in satisfaction of his claims against General Motors Corporation arising out of the motor vehicle accident giving rise to the Moving Party's Joinder Complaint. The dollar amount of the settlement between Plaintiff Frei and General Motors Corporation was redacted from the Release. (See Exhibit "D").

9. Because General Motors Corporation has already settled with Plaintiff Frei, and the Objecting Party's claims against General Motors Corporation are derivative of Plaintiff Frei's claims, General Motors Corporation has already paid out any money for which it could be liable due to Plaintiff Frei's Motor Vehicle Accident.

10. However, if in the course of the litigation presently pending in Bucks County, Pennsylvania, the Objecting Party and General Motors Corporation are determined to be joint tortfeasors, the Objecting Party would be entitled to a set-off, or reduction, against any judgment for which it is liable in the amount of the settlement between Plaintiff Frei and General Motors Corporation. 42 Pa.C.S.A. §8326.

11. In order to avail itself of the set-off pursuant to the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. §8321, et seq., the Objecting Party will seek adjudication of General Motors Corporation as a joint tortfeasor.

12. Following the joinder of General Motors Corporation as an Additional Defendant in the Bucks County litigation, on or about June 1, 2009, General Motors Corporation filed a voluntary petition in this court, seeking bankruptcy protection under Chapter 11, Title 11 of the

United States Code. (See General Motors Corporation's Notice of Bankruptcy and voluntary petition for bankruptcy, of which a true and correct copy is attached hereto as Exhibit "E.")

13. Pursuant to its petition for bankruptcy protection, General Motors Corporation advised Moving Party that any new or further action against it is stayed pursuant to Section 362 of the Bankruptcy Code. (See Exhibit "E" and 11 U.S.C. §362(a)(1)&(3).)

14. On January 21, 2010, The Objecting Party filed a Motion to Lift Stay in order to allow the underlying Bucks County, Pennsylvania, litigation to proceed in discovery. That motion is currently pending before this Court.

## DISCUSSION

15. The Alternative Dispute Resolution (ADR) Procedures proposed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (hereinafter, collectively, the "Debtors") are inappropriate for the claim filed by the Objecting Defendant.

16. The ADR procedures are designed to achieve monetary settlements between the Debtors and holders of Unliquidated/Liquidated Claims.

17. Because the Debtors' predecessor, General Motors Corporation, has already entered into a settlement and release agreement with Plaintiff Frei in the underlying Bucks County, Pennsylvania litigation, and the the Debtors cannot be expected to offer or pay any amount toward settling the claims arising out of Plaintiff Frei's motor vehicle accident.

18. Placing the Objecting Party's claim into an ADR process would unnecessarily delay resolution of the litigation currently pending in Bucks County, Pennsylvania, without any realistic expectation that such an ADR process would resolve the dispute.

WHEREFORE, the Objecting Party respectfully requests that this Honorable Court except its claim from the Debtors' Proposed Alternative Dispute Resolution Procedures.

4

Dated: Cherry Hill, NJ
<u>February 3, 2010</u>

                       Respectfully submitted,

                       **NELSON, LEVINE, de LUCA & HORST, LLC**

               By: *s/ William Dirk Pastorick*
                     William Dirk Pastorick, Esquire
                     457 Haddonfield Road
                     Suite 710
                     Cherry Hill, NJ 08002
                     Attorneys for Defendant, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill

TO:  **VIA ELECTRONIC FILING**
       All counsel on Master Service List

       **VIA REGULAR MAIL**
       William C. Roeger, Jr. Esquire
       William G. Roark, Esquire
       Hamburg, Rubin, Mulin, Maxwell & Lupin
       210 W. Walnut Street
       P.O. Box 259
       Perkasie, PA 18944

       Francis J. Grey, Jr., Esquire
       Monica V. Pennisi Marsico, Esquire
       Lavin, O'Neil, Ricci, Cedrone & Disipio
       190 North Independence Mall West
       Suite 500
       6th and Race Streets
       Philadelphia, PA 19106

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**  **MOTORS LIQUIDATION COMPANY, et al.,** f/k/a General Motors Corp., et al., **Debtors.** | **Chapter 11 Case No. 09-50026 (REG)** <u>**CERTIFICATE OF SERVICE**</u> |

I, William Dirk Pastorick, hereby certify that a true and correct copy of D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill's Motion for Relief from Automatic Stay was served on February 3, 2010, upon counsel listed below by United States Mail, postage prepaid.

| | |
|---|---|
| Monica V. Pennisi Marsico, Esquire Lavin, O'Neil, Ricci, Cedrone & DiSipio Suite 500 190 North Independence Mall West 6th and Race Streets Philadelphia, PA  19106 | William C. Roeger, Jr., Esquire William G. Roark, Esquire Hamburg, Rubin, Mullin, Maxwell & Lupin 210 W. Walnut Street P.O. Box 259 Perkasie, PA  18944 |

**NELSON LEVINE de LUCA & HORST, LLC**

**BY:**   *s/ William Dirk Pastorick*
          William Dirk Pastorick, Esq.