# EXHIBIT A

WILLIAM C. ROEGER, JR., ESQUIRE  
IDENTIFICATION NO. 18435  
WILLIAM G. ROARK, ESQUIRE  
IDENTIFICATION NO. 203699  
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**  
210 W. WALNUT STREET  
PO BOX 259  
PERKASIE, PA 18944  
(215) 257-3666  

23825-000

ATTORNEYS FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS  
OF BUCKS COUNTY, PENNSYLVANIA  
CIVIL ACTION - LAW

| | |
|---|---|
| JAMIE MEDFORD FREI<br>185 Eyre Avenue<br>Sellersville, PA 18960<br>   Plaintiff<br>v.<br><br>D & M REAL ESTATE, LLC, t/a<br>THE HORSE TAVERN & GRILL<br>1000 Old Bethlehem Pike<br>Sellersville, PA 18960<br><br>  and<br><br>THE HORSE, INC., t/a<br>THE HORSE TAVERN & GRILL<br>1000 Old Bethlehem Pike<br>Sellersville, PA 18960<br>   Defendants | NO.: _____<br><br>JURY TRIAL DEMANDED<br><br><br>TWELVE JURORS REQUESTED |

## COMPLAINT NOTICE

{00257970;v1}

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER
TO YOUR LAWYER AT ONCE.
IF YOU DO NOT HAVE A LAWYER, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION
ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT
MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A
REDUCED FEE OR NO FEE.

CALL BUCKS COUNTY BAR ASSOCIATION
135 EAST STATE STREET
P. O. BOX 511
DOYLESTOWN, PA 18901-0511
(215) 348-9413, 536-8435, 752-2666

{00257970;v1}

2

WILLIAM C. ROEGER, JR., ESQUIRE  23825-000
IDENTIFICATION NO. 18435
WILLIAM G. ROARK, ESQUIRE
IDENTIFICATION NO. 203699
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
210 W. WALNUT STREET
PO BOX 259                          ATTORNEYS FOR PLAINTIFF
PERKASIE, PA 18944
(215) 257-3666

---

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| JAMIE MEDFORD FREI<br>185 Eyre Avenue<br>Sellersville, PA 18960<br>    Plaintiff<br>  v.<br><br>D & M REAL ESTATE, LLC, t/a<br>THE HORSE TAVERN & GRILL<br>1000 Old Bethlehem Pike<br>Sellersville, PA 18960<br><br>    and<br><br>THE HORSE, INC., t/a<br>THE HORSE TAVERN & GRILL<br>1000 Old Bethlehem Pike<br>Sellersville, PA 18960<br>    Defendants | NO.: _____<br><br>JURY TRIAL DEMANDED<br><br>TWELVE JURORS REQUESTED |

---

**COMPLAINT**

{00257970;v1}

Plaintiff, Jamie Medford Frei, by and through his attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby files this Complaint against the Defendants, and in support thereof avers the following:

1. Plaintiff is an adult individual who maintains a permanent residence at 185 Eyre Avenue, Sellersville, PA 18960.

2. Defendants are D & M Real Estate, LLC a limited liability company duly registered to do business in this Commonwealth and The Horse, Inc., a corporation duly registered to do business in this Commonwealth.

3. At all times relevant hereto, Defendants owned and operated the Horse Tavern & Grill located at 1000 Old Bethlehem Pike, Sellersville, Pennsylvania 18960, real property owned by Defendant D & M Real Estate, LLC.

4. The Horse Tavern & Grill is a fictitious name owned by, *inter alia*, The Horse, Inc.

5. At all times mentioned herein, Defendants acted, or failed to act through their agents, servants and/or employees, acting for Defendants' benefit, under Defendants' control, and within the course and scope of their authority and/or employment.

6. At all times mentioned herein, Defendant The Horse, Inc. was a licensee of the Pennsylvania Liquor Control Board, and engaged in the sale and service of alcoholic beverages to patrons of The Horse Tavern & Grill.

7. On December 28, 2006, at approximately 10:00 p.m., Plaintiff entered The Horse Tavern & Grill and remained there for approximately four (4) hours, leaving at approximately 2:00 a.m. on December 29, 2006.

8. At the aforementioned time and place, Plaintiff was under the age of 21.

{00257970;v1}

2

9. While Plaintiff was on Defendants' premises, Defendants wrongfully and unlawfully sold or furnished liquor and/or brewed beverages to Plaintiff when he was a visibly intoxicated minor, in violation of the Pennsylvania Liquor Code, including, but not limited to, 47 Pa. Stat. Ann. §4-493(1).

10. Upon information and belief, the Defendants failed to take any action to verify the Plaintiff's age before selling or furnishing alcoholic beverages to Plaintiff.

11. Moreover, while the Plaintiff was on the Defendants' premises, Defendants wrongfully and unlawfully allowed and/or sponsored contests and games to occur at the Horse Tavern & Grill, the primary purpose of which was to encourage consumption of alcoholic beverages in violation of, *inter alia,* 40 Pa. Code 5.32(e)(3).

12. At or around 2:00 a.m. on December 29, 2006, Plaintiff, who was still visibly intoxicated, left The Horse Tavern & Grill and operated a 2005 Chevrolet Cobalt.

13. While operating the aforementioned car on Ridge Road in Sellersville, Bucks County, Pennsylvania, Plaintiff, while under the influence of alcohol provided by the Defendants, lost control of the car, causing it to collide with a tree beside the road, resulting in multiple and severe injuries to Plaintiff.

14. The accident occurred shortly after 2:00 a.m. on December 29, 2006, while Plaintiff was still intoxicated from the beverages served him by Defendants.

15. The accident was directly and proximately caused by Defendants' actions and inactions as detailed herein.

16. Defendants' negligence consisted of the following:

    a) Negligently and carelessly selling or furnishing liquor and/or brewed beverages to Plaintiff when he was visibly intoxicated;

{00257970;v1}

b) Negligently and carelessly selling or furnishing liquor and/or brewed beverages to Plaintiff while he was under the legal drinking age;

c) Negligently and carelessly hosting contests and games, the purpose of which was to encourage consumption of alcoholic beverages;

d) Failure to properly train and supervise its employees, so as to prevent them from selling or furnishing liquor and/or brewed beverages to invitees who are visibly intoxicated;

e) Failure to properly train and supervise its employees so as to prevent them from selling or furnishing liquor and/or brewed beverages to invitees who are under the legal drinking age;

f) Negligently and carelessly failing to warn Plaintiff that he was intoxicated and should not drive;

g) Violating the laws of the Commonwealth of Pennsylvania regarding the serving of alcoholic beverages to visibly intoxicated persons;

h) Violating the laws of the Commonwealth of Pennsylvania regarding the serving of alcoholic beverages to individuals under the legal drinking age; and

i) Violating the laws of the Commonwealth of Pennsylvania regarding the hosting of events and contests, the purpose of which is to encourage the consumption of alcoholic beverages.

17. By reason of Defendants' negligence, Plaintiff suffered severe and substantial injuries to his person, some or all of which may be permanent in nature, including, but not limited to, severe traumatic brain injury, diffuse axonal injury, intraparenchymal punctuate hemorrhages, basilar skull fracture, right acetabular fracture, right sacral ala fracture, vent-dependent respiratory

failure, right popliteal deep venous thrombosis, left peritoneal vein deep venous thrombosis, left posterior tibial vein deep venous thrombosis, left gastroc superficial vein (GVS) thrombosis, fractured right upper and lower leg, damage to Plaintiff's right lung, pneumonia, multiple lacerations and contusions over various parts of his body.

18. By reason of Defendants' negligence, and the injuries suffered by Plaintiff, Plaintiff was caused to be in a coma for approximately sixteen (16) days.

19. As a direct result of Defendants' negligence, Plaintiff has undergone in the past and will continue in the future to undergo extreme pain and suffering.

20. As a direct result of Defendants' negligence, Plaintiff has incurred necessary medical and hospital expenses.

21. As a direct result of Defendants' negligence, Plaintiff has been prevented and will in the future be prevented, from attending to and performing all, or substantially all of his normal and usual duties, activities, occupations and has suffered a decreased earning capacity.

**WHEREFORE**, Plaintiff demands judgment against Defendants, both joint and severally, for compensatory damages in an amount exceeding Fifty-Thousand ($50,000.00) Dollars, plus costs.

Respectfully submitted,

**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**

By: _William C. Roeger_
William C. Roeger, Jr. Esquire
William G. Roark, Esquire
Attorneys for Plaintiff
210 W. Walnut Street
P. O. Box 259
Perkasie, PA 18944

Date: 10/31/08

{00257970;v1}

5

## *VERIFICATION*

I, Jamie M. Frei, Plaintiff, herein state that the facts set forth in the attached Complaint are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa., C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
JAMIE M. FREI

{00225913;v1}