LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
BY: Francis J. Grey, Jr., Esquire
Identification Number: 56145
BY: Monica V. Pennisi Marsico, Esquire
Identification Number: 83681
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

*Attorneys for Additional Defendant,*
*General Motors Corporation*

| | |
|---|---|
| JAMIE MEDFORD FREI | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A/ THE HOARSE TAVERN & GRILL | : NO.: 2008-11271-31-2 |
| Defendant | : |
| v. | |
| GENERAL MOTORS CORPORATION | |
| Third-Party Defendant | |

**GENERAL MOTORS CORPORATION'S ANSWER WITH AMENDED NEW MATTER TO JOINDER COMPLAINT PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

Third-Party Defendant, General Motors Corporation (hereinafter "General Motors" or "GM"), by and through its undersigned counsel, hereby files its Answer with Amended New Matter to the Joinder Complaint pursuant to Pa.R.C.P. 2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, as follows:

1. Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (1) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

2.    Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (2) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

3.    Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (3) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

4.    Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (4) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

5.    Denied. General Motors is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan. It is admitted only that GM does business in the Commonwealth of Pennsylvania.

6.    Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (6) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

7.    Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (7) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

8. Denied as stated. General Motors admits only that it designed in part, manufactured in part and sold to an authorized GM dealership, the 2008 Chevrolet Cobalt bearing Vehicle Identification Number 1G1AL12F657609040 referenced in the defendants' Joinder Complaint.

9. Denied. The allegations contained in Paragraph (9) of Plaintiff's Complaint constitute conclusions of law to which no response is required.

10. Denied. The allegations contained in Paragraph (10) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that it was negligent in the manner described in the Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (10). In further response, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

11. Denied. The allegations contained in Paragraph (11) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that it was negligent in the manner described in the defendants' Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (11). By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages.

12.    Denied. The allegations contained in Paragraph (12) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages.

13.    Denied. The allegations contained in Paragraph (13) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that it is alone liable, jointly and/or severally liable or liable over to D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill on any of the causes of action set forth in plaintiff's Complaint or the New Matter of said defendants, or liable for contribution and/or indemnity. General Motors further denies that defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill, are entitled to contribution and/or indemnification from General Motors.

WHEREFORE, additional defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

### AMENDED NEW MATTER

By way of further answer, General Motors Corporation sets forth the following New Matter:

14.    General Motors hereby pleads the terms of, and incorporates herein, the Release executed by plaintiff, Jamie Frei, on August 22, 2008, in satisfaction of his claims against General

Motors Corporation with regard to the accident referenced in the Joinder Complaint. <u>See</u>: A true and correct copy of the executed Release attached as Exhibit A.

15.    General Motors incorporates by reference plaintiff's Complaint against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, in this matter.

16.    The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill.

17.    The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions, in whole or in part, of additional individuals or entities other than General Motors, and over whom General Motors exercises no authority or control.

18.    Plaintiff's alleged injuries may have been caused by the intervening or superseding acts of negligence of persons over whom General Motors exercises no control and for whose conduct General Motors bears no responsibility.

19.    The defendants' Joinder Complaint fails to state a claim upon which relief may be granted.

20.    Plaintiff's claims may be barred by the applicable statute of limitations.

21.    Plaintiff may not have been wearing, or properly wearing, the available occupant restraints at the time of the accident described in the defendants' Joinder Complaint.

22    Abuse and/or misuse of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint, including but not limited to the failure to maintain said vehicle, may constitute the sole and exclusive cause of the injuries referenced in the Complaint.

23. Plaintiff may have been negligent in the operation of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint so as to bar or reduce any recovery by operation of the provisions of the Pennsylvania Comparative Negligence Act.

24. Plaintiff's claims may be barred and/or limited by the statutes of the Commonwealth of Pennsylvania relating to motor vehicle insurance and/or motor vehicle accidents.

25. Some or all of the damages requested by the plaintiff are not recoverable in this action.

26. General Motors hereby pleads any and all releases entered, or to be entered into, by the defendants, as a reduction, in whole or in part, of any damages to which the defendants may be entitled to recover from General Motors; it being specifically denied that General Motors is liable to the defendants in any respect.

27. To the extent that plaintiff failed to maintain or preserve the 2003 Chevrolet Silverado referenced in the defendants' Joinder Complaint and/or its component parts in their immediate post-accident condition, plaintiff is guilty of spoliation and the defendants may not maintain an action against General Motors.

28. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint may have been substantially altered or modified after it left the possession of General Motors.

29. It is specifically denied that the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was in a defective or dangerous condition at the time that it left the possession and/or control of General Motors Corporation.

30. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in compliance with congressionally enacted safety standards.

31. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in conformity with the prevailing scientific and technological knowledge at the time the vehicle left the possession and/or control of General Motors Corporation.

32. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint should have been delivered to the purchaser with a written Limited New Car Warranty. Said warranty speaks for itself and General Motors hereby pleads the limitations contained in said warranty.

33. Plaintiff may have failed to mitigate his or her damages.

34. General Motors reserves the right upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, additional defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

DATE: 7/30/09    BY: _____
FRANCIS J. GREY, JR., ESQUIRE
MONICA V. PENNISI MARSICO, ESQUIRE
*Attorneys for Additional Defendant,*
*General Motors Corporation*

## CERTIFICATE OF SERVICE

I, Monica V. Pennisi Marsico, hereby certify that on this 30th of March, 2009, a copy of the foregoing, *General Motors Corporation's Answer with New Matter to Joinder Complaint pursuant to Pa.R.C.P. 2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill*, was served upon on all counsel listed below via United States Mail, postage prepaid:

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
210 W. Walnut Street
P.O. Box 259
Perkasie, PA 18944

William Dirk Pastorick, Esquire
Brian M. Ardis, Esquire
NELSON LEVINE DELUCA & HORST, LLC
457 Haddonfield Road
Suite 710
Cherry Hill, NJ 08002

_____
Monica V. Pennisi Marsico, Esquire

# EXHIBIT "A"

## RELEASE AND INDEMNIFICATION OF ALL CLAIMS

**FILE NUMBER:** 8213-259-633669        Claims Administrator: Annette Rigdon

**KNOW ALL MEN BY THESE PRESENTS:**

The undersigned, Jamie Frei being of lawful age, for the sole consideration of to the undersigned in hand paid, receipt whereof is hereby acknowledged, does hereby and for my heirs, executors, administrators, successors and assigns, release, acquit, and forever discharge **General Motors Corporation, ESIS Inc.**, and A and T Chevrolet, Hoover Motor Co., Kelley Chev, and his, her, their, or its agents, servants, successors, heirs, executors, administrators the "Releasees", of and from any and all claims, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have, or which may hereafter accrue on account of, or in any way growing out of, any and all known and unknown, foreseen and unforeseen bodily, personal injury and property damage, and the consequences thereof resulting to or resulting from the accident, casualty or event which occurred on or about the 29th day of December, 2006, at or near East Rockhill Township, PA.

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said Releasees deny liability therefore and intend merely to avoid litigation and buy their peace.

The undersigned hereby declare(s) and represent(s) that the injuries sustained are, or may be, permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this Release, it is understood and agreed, that the undersigned relies wholly upon the undersigned's own judgment, belief and knowledge of the nature, extent, affect and duration of said injuries and liability therefore, and it is made without reliance upon any statement or representation of the party or parties hereby released, or their representatives, or by any physician or surgeon by them employed.

It is understood and agreed that this Release is intended to cover, and does cover, without limitation, claims which are known and unknown, claims for known and unknown injuries, and/or damage claims for anticipated or unanticipated injuries and/or damage; and claims for expected or unexpected consequences of injuries and/or damages, which have resulted or may result from any alleged conduct, acts, or omissions of any of the Releasees.

It is understood and agreed that the undersigned, his/her heirs, executors, administrators, and assigns does agree to indemnify, save harmless and defend the Releasees from all claims and demands for damages, costs, expense or compensation on account of, or in any way arising out of the accident, casualty or event which occurred on or about 12-29-06, including actual damages, actual attorneys fees and all other costs arising out of claims for contribution and/or common law indemnification, and/or contractual indemnification brought against the Releasees by any person whatsoever.

It is further understood that this settlement is a confidential settlement, the terms of which will not be disclosed to any third person except as required by law.

The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not mere recital.

Page 1 of 2                                        Initials  JMF

{00232332;v1}

FILE NUMBER: 8213-259-633669

We reserve the right to make claim against any and every person or organization and to claim that they and not the Releasees, are solely or partly liable to me for our injuries, losses, and damages.

It is understood and agreed that this release is governed by the Pennsylvania Contribution Among Joint Tortfeasors Act and the total claim against all other parties who may be liable for compensatory damages is hereby reduced to the extent of the pro rata of common liability of the Releasees, if the Releasees are found to be tortfeasors.

If the Comparative Negligence Act is held to be applicable, the execution of this release shall act as satisfaction of the relative fault, if any, attributed by the Court or jury to the Releasees.

ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT, IS GUILTY OF INSURANCE FRAUD.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed and delivered this 22nd day of August, 2005.

CAUTION: READ BEFORE SIGNING

_____William C. [signature]_____    *_____Jamie Frei [signature]_____LS
WITNESS                                   Jamie Frei

_____[signature]_____                 _____LS
WITNESS

State of Pennsylvania }
County of Bucks }

On the 22nd day of August, 2008, before me personally appeared Jamie Frei to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

My term expires March 2, 2009    _____Karen B. Keeley_____
                                  Notary Public

Page 2 of 2              COMMONWEALTH OF PENNSYLVANIA
                              Notarial Seal
{00232332;v1}             Karen L. Keeley, Notary Public
                         Perkasie Boro, Bucks County
                      My Commission Expires Mar. 2, 2009
                  Member, Pennsylvania Association of Notaries

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**
BY: Francis J. Grey, Jr., Esquire
Identification Number: 56145
BY: Monica V. Pennisi Marsico, Esquire
Identification Number: 83681
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

*Attorneys for Additional Defendant, General Motors Corporation*

| | |
|---|---|
| JAMIE MEDFORD FREI | : COURT OF COMMON PLEAS |
| | : BUCKS COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A/ THE HOARSE TAVERN & GRILL | : NO.: 2008-11271-31-2 |
| | : |
| Defendant | : |
| | : |
| v. | : |
| | : |
| GENERAL MOTORS CORPORATION | : |
| | : |
| Additional Defendant. | : |

### STIPULATION TO FILE ANSWER WITH AMENDED NEW MATTER TO JOINDER COMPLAINT PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL

AND NOW, this 30th day of March, 2009, it is hereby stipulated and agreed by and among Defendants, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill, and Third-Party Defendant, General Motors Corporation, through their undersigned

counsel, that General Motors Corporation may file an Answer with Amended New Matter to the Joinder Complaint in the above-captioned matter.

DATE: 3/30/09

_____
WILLIAM DIRK PASTORICK, ESQUIRE
*Attorney for Defendants,*
*D&M Real Estate, LLC. T/A The Horse Tavern & Grill and*
*The Horse, Inc., T/A The Horse Tavern & Grill*

DATE: 3/30/09

_____
FRANCIS J. GREY, JR., ESQUIRE
MONICA V. PENNISI MARSICO, ESQUIRE
*Attorneys for Additional Defendant,*
*General Motors Corporation*