HEARING DATE AND TIME: March 2, 2010 at 11:00 a.m. (Eastern Time)
OBJECTION DEADLINE: February 23, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :    09-50026 (REG)
          f/k/a General Motors Corp., et al.                 :
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF**
**DEBTORS FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. §§105(a) AND 363 IN AID OF IMPLEMENTATION OF SALE**

PLEASE TAKE NOTICE that upon the annexed Motion, dated February 5, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**")

and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an entry of

an order, pursuant to sections 105(a) and 363 of title 11, United States Code (the "**Bankruptcy**

**Code**"), (i) approving and ratifying that certain stipulation of settlement (the "**Stipulation of**

**Settlement**") between the Debtors and General Motors, LLC (f/k/a General Motors Company)

("**New GM,**" and collectively with the Debtors, the "**Parties**") resolving certain ambiguities with

respect to the terms of that certain Master Sale and Purchase Agreement, by and among General

Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet Saturn of

Harlem, as Sellers, and NGMCO, Inc. (n/k/a General Motors, LLC) as Purchaser (the "**MSPA**"),

and (ii) authorizing the Parties to enter into future settlements for similar clarifications under the

MSPA, without seeking the approval of this Court, provided that the Debtors obtain the prior

written consent of the official committee of unsecured creditors in the Debtors' chapter 11 cases,

all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 2, 2010 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **February 23, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      February 5, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :     Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :     09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                        :
                         Debtors.       :     (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO
## 11 U.S.C. §§ 105(a) AND 363 IN AID OF IMPLEMENTATION OF SALE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

### Relief Requested

1.       Pursuant to sections 105(a) and 363 of title 11, United States Code (the

"**Bankruptcy Code**"), the Debtors request entry of an order (i) approving and ratifying that

certain stipulation of settlement (the "**Stipulation of Settlement**") between the Debtors and

General Motors, LLC (f/k/a NGMCO, Inc.) ("**New GM**," and collectively with the Debtors, the

"**Parties**") resolving certain ambiguities regarding what constitutes "Purchased Assets" under the terms of that certain Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet Saturn of Harlem, as Sellers, and NGMCO, Inc. (n/k/a General Motors, LLC) as Purchaser (the "**MSPA**"), and (ii) authorizing the Debtors to enter into similar future settlements with New GM for further clarification of the use of the term "Purchased Assets" under the MSPA, provided that the Debtors obtain the prior written consent of the official committee of unsecured creditors in the Debtors' chapter 11 cases (the "**Creditors' Committee**") without seeking the approval of this Court.  A copy of the Stipulation of Settlement is annexed hereto as **Exhibit "A"**.

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      On June 26, 2009 the Debtors entered into the MPSA, and on July 10, 2009, the Debtors consummated the sale of substantially all of their assets pursuant thereto (the "**Sale**").  Under the MSPA, assets were divided into two categories – those assets that were retained by the Debtors (the "**Excluded Assets**") and those assets that were purchased by New GM (the "**Purchased Assets**").  Among the Excluded Assets are assets exclusively relating to retained liabilities (the "**Retained Liabilities**") that have not been assumed by New GM.  *See* MSPA Section 2.3(b)(iii).  For example, Excluded Assets include all restricted or escrowed cash and cash equivalents, including marketable securities and certificates of deposit (collectively, the "**Restricted Cash**"), *exclusively* related to a Retained Liability or an Excluded Asset.  *See* MPSA Section 2.3(b)(ii).

4.      Following the close of the Sale, certain disputes arose between New GM and MLC with respect to whether Restricted Cash only extended to amounts necessary to satisfy a Retained Liability.  The Debtors argue that any excess funds, or interests related thereto, that had been segregated in connection with a Retained Liability should be retained by the Debtors. To the contrary, New GM asserts that the spirit of the sale was that such excess funds are also Restricted Cash and should be transferred to New GM upon reconciliation of the Retained Liability.

5.      Other disputes arose in categorizing certain assets into Purchased Assets and Excluded Assets.  One example of these disputes arose in connection with the four-way dispute between Bill Heard Enterprises, Inc. ("**Bill Heard**"), MLC, New GM, and GMAC, Inc., culminating in an adversary proceeding brought in Bill Heard's chapter 11 cases to determine ownership of certain escrowed funds held by Bill Heard.  A dispute arose while negotiating a settlement in the adversary proceeding because the Debtors' portion of any settlement would have been considered Purchased Assets but for the possibility that a preference claim under section 547 of the Bankruptcy Code could have been pursued against Bill Heard for recovery of the escrowed funds.  Proceeds of avoidance actions constitute Excluded Assets.  As this Court is aware, with the assistance of the Creditors' Committee, the Debtors were able to bring before this Court for approval a settlement resulting in a split of the settlement proceeds between MLC and New GM whereby MLC received 75 percent and New GM received 25 percent of their portion of the recoveries.

6.      With respect to other existing disputes, MLC and New GM have engaged in good faith arms'-length negotiations which have resulted in the Stipulation of Settlement embodying a global settlement of those issues that have been identified to date.  The Creditors'

3

Committee and its professionals have been kept apprised of the status of these negotiations and

support approval of the Stipulation of Settlement.  By this Motion, the Debtors seek approval of

the Stipulation of Settlement and also seek authority to resolve similar disputes in the future,

provided they receive the express approval of the Creditors' Committee.

### The Stipulation of Settlement

7.      The Debtors and New GM have reached agreement with respect to the

treatment of certain Restricted Cash and other interests and seek the Court's approval of the

Stipulation of Settlement.  The salient terms of the settlement are as follows:

- Performance Undertakings.  Prior to the commencement of the Debtors' chapter
  11 cases, the Debtors pledged assets to secure performance under a variety of
  agreements, including: $51,111,077.00 in environmental bonds, $22,446,133.00
  in environmental insurance, $12,590,543.58 in environmental letters of credit, and
  $3,000,000.00 in permit bonds (collectively, the "**Performance Undertakings**").
  These Performance Undertakings will remain in place as the Debtors comply with
  their underlying obligations.  Under the Stipulation of Settlement, the
  Performance Undertakings will constitute Excluded Assets and any excess funds
  will be the property of the Debtors.

- Appeal Bonds.  The Debtors currently have approximately $9,338,500.00
  securing cash collateral for bonds securing prosecution of certain appeals (the
  "**Appeal Bonds**").  As stated in the MSPA, the Appeal Bonds shall constitute
  Purchased Assets.  Under the Stipulation of Settlement, the unused portion of the
  Appeal Bonds constitute Purchased Assets and will be turned over to New GM
  upon the resolution of the underlying action.  New GM will provide direction in

connection with any related appeal and will reimburse the Debtors for all direct and indirect costs incurred by the Debtors in connection with prosecuting any such appeal.  To the extent an appeal results in a liability in excess of any Appeal Bond, such liability will constitute a Retained Liability.

- Workers' Compensation Cash Collateral.  Under the MSPA, the Debtors retained liability for self-insured workers' compensation plans (the "**Self-Insured Plans**") in Alabama, Georgia, New Jersey, and Oklahoma.  Three of these States held surety bonds (the "**Workers' Compensation Surety Bonds**"), secured by the Debtors' cash (the "**Workers' Compensation Cash Collateral**"), to secure the obligations to provide benefits under the Self-Insured Plans.  The Workers' Compensation Cash Collateral totaled approximately $33,805,000.00 as of June 1, 2009.  Pursuant to prior stipulations approved by the Court, the Workers' Compensation Surety Bonds have been drawn by the respective States in their entirety and the related Workers' Compensation Cash Collateral has been remitted to the providers of the Workers' Compensation Surety Bonds.  The Debtors will continue to work with the States in an effort to reconcile the states' claims and hopefully free up a portion of the Workers' Compensation Cash Collateral for the Debtors.  Under the Stipulation of Settlement, the Workers' Compensation Cash Collateral will constitute Excluded Assets and any excess funds shall be the property of the Debtors.

- Breakage Fees. Upon final approval of the Debtors' debtor-in-possession financing facility and defeasance of the Debtors' prepetition secured loan facilities, the Debtors escrowed funds to satisfy estimated breakage costs related

to the termination of the Amended and Restated Credit Agreement dated as of July 20, 2006 (the "**Breakage Fees**") that individual lenders could suffer.  At such time, the Debtors escrowed $14,700,737.78 with the administrative agent for the lenders and the breakage fees total approximately $7,000,000.00, although the final amount has not been reconciled.  Under the Stipulation of Settlement, any excess Breakage Fees returned to the Debtors will constitute Purchased Assets.  Should additional liabilities arise beyond the reserved amounts, New GM will be responsible for satisfying the shortfall.

- Pre-1986 Insurance Policies.  Under the MSPA, all insurance policies other than four scheduled policies were assumed and assigned to New GM.  The sold policies included certain pre-1986 excess liability policies (the "**Policies**"), which may provide coverage for asbestos liability.  Under the Policies, there may be coverage available both for amounts historically paid out by the Debtors as well as for claims asserted in the chapter 11 cases.  Although the Policies were part of the Purchased Assets, they relate in part to pending and future asbestos claims which are Retained Liabilities.  Under the Stipulation of Settlement, the MSPA will be deemed amended and the Policies will constitute Excluded Assets.

- Royal Settlement Agreement.  The Debtors are party to a commutation agreement with Arrowood Indemnity Company (f/k/a Royal Indemnity Company), Arrowpoint Capital Corp., Arrowpoint Group, Inc. (f/k/a Royal Group, Inc.), Royal & Sun Alliance Insurance plc and RSA Insurance Group plc (f/k/a Royal & Sun Alliance Insurance Group plc) (collectively, "**Royal**"), dated July 16, 2008 (the "**Royal Settlement Agreement**"), that relates to the runoff of a reinsurance

contract.  Under the Royal Settlement Agreement, the Debtors received cash and a letter of credit was established for the benefit of Royal to secure the payment on claims asserted against Royal during the runoff.  The Debtors deposited $14,500,000.00 to cash collateralize the letter of credit.  The Debtors are liable under the Royal Settlement Agreement for any claims over and above the letter of credit amount.  The letter of credit was drawn as a result of the Debtors' chapter 11 filings, but it is currently unclear whether there will be residual value in the letter of credit proceeds now being held by Royal.  Under the Stipulation of Settlement, the Debtors will retain, as an Excluded Asset, any residual value in these funds.  The Debtors will continue to monitor the runoff of claims with a view toward recapturing any residual value.

- Micro-Heat.  On March 31, 2009, MLC filed a proof of claim (the "**Proof of Claim**") in the amount of $21,109,539.90 in the bankruptcy case of its former supplier, Micro-Heat, Inc.  ("**Micro-Heat**").  As stated in MLC's proof of claim, Micro-Heat breached the terms of its purchase orders with MLC by failing to manufacture conforming washer fluid components, which resulted in damages to MLC.  Micro-Heat has asserted claims back against MLC, but these claims were assigned to a purchaser of substantially all the assets of Micro-Heat.  Under the Stipulation of Settlement, MLC can continue to prosecute its Proof of Claim against Micro-Heat and any recovery will constitute an Excluded Asset and property of MLC.

- Brethauer v. GM. On January 8, 2007, MLC won a complete defense verdict in the case Brethauer v. GM (the "**Brethauer Litigation**").  Under the verdict, MLC

was awarded $242,028.72 plus interest (the "**Judgment**") to cover certain

expenses relating to the defense of the case.  An appeal filed by the plaintiff in the

Brethauer Litigation remains outstanding.  Under the Stipulation of Settlement,

the Debtors will retain the right to prosecute the appeal and collect on the

Judgment.

## The Relief Requested Should Be Approved by the Court

8.      Ample authority exists for approval of the Stipulation of Settlement under

sections 363 and 105(a) of the Bankruptcy Code.  By Order dated July 5, 2009, this Court

approved the Sale and entered the Order (I) Authorizing Sale of Assets Pursuant to Amended and

Restated Master Sale and Purchase Agreement; (II) Authorizing Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III)

Granting Related Relief [Docket No. 2968] (the "**Sale Order**").  Paragraph 71 of the Sale Order

provides that this Court retains jurisdiction with respect to any dispute that arises under the Sale

Order.

9.      In addition, the Bankruptcy Code grants bankruptcy courts authority to

"issue any order, process, or judgment that is necessary or appropriate" to ensure that bankruptcy

cases are "handled expeditiously and economically"  11 U.S.C. §§ 105(a), 105(d)(2).  *See also*

*Adelphia Commc'ns Corp. v. The Am. Channel (In re Adelphia Comm'ns Corp.)*, 345 B.R. 69,

85 (Bankr. S.D.N.Y. 2006) ("Section 105(a) provides broad equitable power for a [b]ankruptcy

Court to maintain its own jurisdiction and to facilitate the [chapter 11] process"); *Lyondell Chem.*

*Co. v. Centerpoint Energy Gas Servs. Inc. (In re Lyondell Chem. Co.)*, 402 B.R. 571 (Bankr.

S.D.N.Y. 2009).

10.      The Debtors' decision to enter into the Stipulation of Settlement and resolve amicably the differences in interpretation of the MSPA is clearly in the best interests of the Debtors' estates and reflects the sound business judgment of the Debtors, and is fair and equitable and in the interest of the Debtors and their creditors.  Based on the costs and uncertainty associated with litigating these disputes, the agreed-upon settlement is a fair compromise.  Settlement at this juncture avoids the expense, inconvenience, uncertainty, and delay that would be caused by pushing off a resolution of these matters further.  The Debtors believe that the Stipulation of Settlement falls well within the range of reasonableness, is in the best interests of the Debtors' estates and their creditors, and should be approved as a sound exercise of the Debtors' business judgment.  The Creditors' Committee and their professionals have been engaged in an ongoing dialogue with the Debtors and fully support this global settlement.

11.      Further, Court authorization of future similar resolution of disputes between the Debtors and New GM arising from any other ambiguities under the MSPA, with involvement and consent of the Creditors' Committee, will save significant time, expense, and judicial resources and, therefore, is also in the best interests of the Debtors, their estates, and their creditors.

## Notice

12.      Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

13.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       February 5, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Stipulation of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                              :

**In re**                           :        **Chapter 11 Case No.**
                              :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                              :

               **Debtors.**      :        **(Jointly Administered)**
                              :
------------------------------------------------------------x

**STIPULATION OF SETTLEMENT REGARDING**
**MASTER SALE AND PURCHASE AGREEMENT**

      This stipulation of settlement (the "**Stipulation of Settlement**") is entered into by

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated

debtors, as debtors in possession (collectively, the "**Debtors**") and General Motors, LLC (f/k/a

NGMCO, Inc.) ("**New GM**" and together with the Debtors, the "**Parties**"), for the purpose of

resolving certain disputes between the Parties and ambiguities arising under that certain Master

Sale and Purchase Agreement, by and among MLC, Saturn LLC, Saturn Distribution

Corporation and Chevrolet Saturn of Harlem, as Sellers, and New GM as Purchaser, dated as of

June 26, 2009 (the "**MSPA**").

**RECITALS**

      **WHEREAS**, on June 26, 2009 the Parties entered into the MSPA and on July 10, 2009,

the Debtors consummated the sale of substantially all of their assets pursuant thereto (the

"**Sale**"); and

**WHEREAS** certain issues arose under the MSPA regarding whether specific assets constitute Purchased Assets[1] now owned by New GM or Retained Assets owned by the Debtors.

**WHEREAS** in order to avoid the costs and uncertainties attendant to the litigation of these issues, the Parties seek to resolve certain disputes (the "**Disputes**") arising under the MSPA on the terms and conditions set forth herein; and

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties that:

## AGREEMENT

1.     <u>Performance Undertakings</u>.  Annexed hereto on <u>Schedule I</u> is a schedule of performance bonds, sureties, permit bonds, and cash collateralized letters of credit securing the Debtors' performance (collectively, the "**Performance Undertakings**").  The Performance Undertakings and all Restricted Cash held in connection with respect thereto will constitute Excluded Assets under the MSPA.

2.     <u>Appeal Bonds</u>.  Annexed hereto as <u>Schedule II</u> is a schedule of appeal bonds posted by the Debtors in connection with appeals prosecuted by the Debtors (collectively, the "**Appeal Bonds**").  As stated in the MSPA, the Appeal Bonds shall constitute Purchased Assets. The Debtors shall take all reasonable direction from New GM in connection  with the prosecution of any appeal that is the subject of an Appeal Bond.  New GM agrees to reimburse the Debtors for all direct and indirect costs associated with the prosecution of the subject appeals. To the extent an appeal results in a liability in excess of its related Appeal Bond, such liability shall constitute a Retained Liability under the MSPA.

---

[1] Capitalized terms used herein and not otherwise defined will have the meaning ascribed to them in the MSPA.

3.    <u>Workers' Compensation Cash Collateral</u>.  To the extent the Debtors are entitled to

any funds from the states listed on <u>Schedule III</u> attached hereto from the proceeds of sureties

posted by the Debtors, such proceeds shall constitute Excluded Assets.  As set forth in the

MSPA, all liability in those states relating to self-insured workers' compensation plans shall

constitute Retained Liabilities.

4.    <u>Breakage Fees</u>.  Annexed hereto as <u>Schedule IV</u> is a schedule of amounts

estimated to be available for release from such funds escrowed with the administrative agent for

certain Debtors' prepetition secured lenders to compensate such lenders for potential breakage

costs associated with termination of the Amended and Restated Credit Agreement dated as of

July 20, 2006 on a day that was not the last day of an Interest Period (collectively, the

"**Breakage Fee Escrow**").  The Breakage Fee Escrow shall constitute Purchased Assets.  New

GM shall be responsible for any amounts due to the lenders, if any, for breakage fees should they

exceed the Breakage Fee Escrow.

5.    <u>Insurance Policies</u>.  The MSPA shall be amended to provide that all pre-1986

excess liability insurance policies will constitute Excluded Assets.

6.    <u>Royal Settlement Agreement</u>.  In connection with the settlement agreement

between the Debtors and Arrowood Indemnity Company (f/k/a Royal Indemnity Company),

Arrowpoint Capital Corp., Arrowpoint Group, Inc. (f/k/a Royal Group, Inc.), Royal & Sun

Alliance Insurance plc and RSA Insurance Group plc (f/k/a Royal & Sun Alliance Insurance

Group plc) (collectively, "**Royal**"), dated July 16, 2008 (the "**Royal Settlement Agreement**"),

Royal is holding proceeds of a letter of credit in the amount of $14,500,000.00 as collateral for

the payment of claims as provided in the Royal Settlement Agreement.  To the extent the

Debtors are entitled to a return of funds from Royal under the Royal Settlement Agreement, such funds shall constitute an Excluded Asset.

7.      Micro-Heat.  Any recovery resulting from the Debtors' proof of claim filed in the chapter 11 case of Micro-Heat, Inc. [Claim No. 67] in the amount of $21,109,539.90 shall constitute an Excluded Asset.

9.      Brethauer Litigation.  Any recovery resulting from the Brethauer Litigation (as defined in the Motion), including, without limitation, the judgment in favor of MLC in the amount of $242,028.72 plus interest shall constitute an Excluded Asset.

10.      This Stipulation is subject in all respects to approval by the Bankruptcy Court. Upon such approval, this Stipulation and Settlement shall be binding upon the Parties, and may not be changed, altered or modified except in writing, signed by the Parties or their duly authorized attorneys and approved by the Bankruptcy Court.

11.      The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation of Settlement.

**[Signature Page Follows]**

Stipulated and Agreed:

**MOTORS LIQUIDATION COMPANY**          **GENERAL MOTORS, LLC**

By: /s/ Thomas A. Morrow             By: /s/ Lawrence S. Buonomo
    Name: Thomas A. Morrow                    Name:  Lawrence S. Buonomo
    Title: Vice President                    Title:  Attorney-In-Fact

### Schedule I

### Performance Undertakings

| Description and Type of Performance Undertaking | Issuer and Bond No. | Date of Issuance | Face Amount at Petition Date | Status/Amounts Drawn |
|---|---|---|---|---|
| Closure bond - Cadillac/Luxury Car Engineering and Manufacturing Division: Pontiac Fiero Assembly - 900 Baldwin Ave.  Pontiac, MI 48340 | ACE-USA/Westchester Fire Insurance Company - K07489158 | 10/24/2008 | $159,004.00 | In Force, no amounts drawn |
| Closure bond - Cadillac/Luxury Car Engineering and Manufacturing Division: Pontiac - 220 East Columbia Ave., Pontiac, MI 48340 | ACE-USA/Westchester Fire Insurance Company - K0748916A | 10/24/2008 | $126,578.00 | In Force, no amounts drawn |
| Post Closure bond - Cadillac/Luxury Car Engineering and Manufacturing Division: Flint Operations - 902 E. Leith St., Flint, MI 48550 | ACE-USA/Westchester Fire Insurance Company - K07489171 | 10/24/2008 | $3,372,759.00 | In Force, no amounts drawn |
| Post Closure - GM Foundry Landfill - Danville, IL | ACE-USA/Westchester Fire Insurance Company - K07489195 | 10/24/2008 | $102,390.00 | In Force, no amounts drawn |
| Post Closure bond - Worldwide Facilities Group- Coldwater Road - 1245 East Coldwater Road, Flint, MI 48505 | ACE-USA/Westchester Fire Insurance Company - K07489225 | 10/24/2008 | $2,226,303.00 | In Force, no amounts drawn |
| Outboard Marine Corporation Superfund Site - Waukegan, IL 60085 | ACE-USA/Westchester Fire Insurance Company - K07489286 | 10/30/2008 | $10,500,000.00 | In Force, no amounts drawn |
| Closure Bond - 68th Street Dump Superfund Site - City of Baltimore and Near the Rosedale Area of Baltimore County 21237 | ACE-USA/Westchester Fire Insurance Company - K07489778 | 7/31/2008 | $112,000.00 | In Force, no amounts drawn |
| South Dayton Dump and Landfill, Moraine, OH - RI/FS prior to closure of site. Moraine, Ohio | ACE-USA/Westchester Fire Insurance Company - K07490045 | 9/14/2008 | $375,000.00 | In Force, no amounts drawn |
| Closure Bond - Maryland | ACE- | 10/30/2008 | $1,471,920.00 | In Force, no amounts |

| | | | | |
|---|---|---|---|---|
| sand, gravel and stone superfund site, Cecil County, MD | USA/Westchester Fire Insurance Company - K07593090 | | | drawn |
| Post Closure - Willow Run Creek Area - Ypsilanti Township, MI | ACE-USA/Westchester Fire Insurance Company - K07593107 | 10/30/2008 | $600,000.00 | In Force, no amounts drawn |
| Post Closure - Rooseveltown Hwy, St. Lawrence County, Massena, NY | ACE-USA/Westchester Fire Insurance Company - K07593119 | 10/30/2008 | $22,071,714.00 | In Force, no amounts drawn |
| Post Closure bond - Cardington Road Landfill - 1855 Cardington Road, Moraine, OH 45409 | ACE-USA/Westchester Fire Insurance Company - K07593314 | 11/3/2008 | $2,423,000.00 | In Force, no amounts drawn |
| Kane and Lombard Superfund Site - Baltimore, Maryland | ACE-USA/Westchester Fire Insurance Company - K07593521 | 11/16/2008 | $2,448,334.00 | In Force, no amounts drawn |
| Former General Motors Landfill   RTN: 3-3939; 63 Western Avenue, Framingham, MA 01702 Engineered Barrier Monitoring and Maintenance | ACE-USA/Westchester Fire Insurance Company - K07593867 | 12/21/2008 | $786,944.00 | In Force, no amounts drawn |
| H. Brown Company, Inc. Superfund Site - Walker, MI | ACE-USA/Westchester Fire Insurance Company - K07611043 | 3/30/2009 | $89,000.00 | In Force, no amounts drawn |
| Hayford Bridge Road Groundwater, St. Charles, MO | ACE-USA/Westchester Fire Insurance Company - K07734086 | 9/10/2008 | $448,000.00 | In Force, no amounts drawn |
| Pontiac Centerpoint Campus Site (sections 3 & 4 of Township T2N, Range R10E, Pontiac, Michigan - Corrective Action | ACE-USA/Westchester Fire Insurance Company - K07736757 | 1/4/2009 | $206,980.00 | In Force, no amounts drawn |
| Post-Closure - EPA ID No. INR000021436 - Former Allison Gas Turbine, 2701 West Raymond Street, Indianapolis, IN 46013 | ACE-USA/Westchester Fire Insurance Company - K08181974 | 05/23/2009 | $868,158.00 | In Force, no amounts drawn |
| Corrective Action - EPA ID No. IND 980503825 - Former General Motors/Delphi Energy & Engine | ACE-USA/Westchester Fire Insurance Company - | 05/23/2009 | $1,200,435.00 | In Force, no amounts drawn |

| | | | | |
|---|---|---|---|---|
| Management Systems, 2900 South Scatterfield Road, Anderson, IN | K08182012 | | | |
| Closure - EPA ID No. IND980700801 - WFG Anderson, 2915 Dr. Martin Luther King Blvd., Anderson, IN 46016 | ACE-USA/Westchester Fire Insurance Company - K0818205A | 05/23/2009 | $377,752.00 | In Force, no amounts drawn |
| Metamora Landfill Superfund Site, EPA ID # MID980506562 - 1636 Dryden Road, Town of Metamora, Lapeer County, MI 48455 | ACE-USA/Westchester Fire Insurance Company - K08222587 | 3/24/2009 | $231,484.00 | In Force, no amounts drawn |
| Closure/Post-Closure - General Motors Desert Proving Ground, 13303 Ellsworth Road, Mesa, AZ 85208 - Aquifer Protection Permit Identification Number: P-101358 | ACE-USA/Westchester Fire Insurance Company - K08222691 | 2/23/2009 | $324,000.00 | In Force, no amounts drawn |
| Corrective Action - Ford Road Industrial Landfill Superfund Site, Ford Road, City of Elyria, Lorain County, OH 44035 | ACE-USA/Westchester Fire Insurance Company - K08222976 | 2/25/2009 | $589,322.00 | In Force, no amounts drawn |

Total:  $51,111,077.00

| Permit Bonds | Issuer and Bond No. | Date of Issuance | Face Amount at Petition Date | Status/Amounts Drawn |
|---|---|---|---|---|
| Permit to complete the scope of work specified in the Charter Township of Lansing, Ingham County, Resolution PC08-01 Exhibit B | SAFECO INSURANCE COMPANY OF AMERICA - 285028240 | 2/25/2008 | 5,000,000.00 (reduced to 3,000,000.00 on 9/4/09) | In Force, no amounts drawn |

Total:  $3,000,000.00

| Description of Letter of Credit | Letter of Credit No. | Issuer | Face Amount at Petition Date | Status/Amounts Drawn |
|---|---|---|---|---|
| LETTER OF CREDIT FOR NJ DEPT. OF ENVIRONMENTAL PROTECTION.  1300 Raritan Road, Clark, NJ 07066 | PG751177 | THE CHASE MANHATTAN BANK, N.A. | $12,500,000.00 | In Force, no amounts drawn |
| LINDEN ROAD MI LANDFILL SITE.  Flint Township, MI | GM/MDSTANBY Acct# 131365 | BANK OF NEW YORK | $90,543.58 | In Force, no amounts drawn |

Total:  $12,590,543.58

| Type of Policy | Policy No. | Policy Period | Status/Amounts Drawn |
|---|---|---|---|
| ALL STATES - UST/AST state certificates | UST/AST 0907326 | 4/1/2009 - 4/1/2010 | $4,000,000.00 Policy in force, no amounts drawn |
| ALL STATES - POLLUTION | POLLUTION 0907325 | 4/1/2009 - 4/1/2010 | $8,000,000.00 Policy in force, no amounts drawn |
| GM LOCOMOTIVE GROUP (RCRA) - 9301 West 55th Street, McCook, IL  60525 | CLOSURE/POST CLOSURE 0907328 | 4/1/2009 - 4/1/2010 | $604,945.00 Policy in force, no amounts drawn |
| GM CORP. FORMER DELPHI CHASSIS DIVISION (RCRA), LIVONIA - 13000 Eckles Road, Livonia, MI 48150 | CORRECTIVE ACTION 0907329 | 4/1/2009 - 4/1/2010 | $3,794,191.00 Policy in force, no amounts drawn |
| ORLDWIDE FACILITIES GROUP - TRENTON (RCRA) CLOSURE - 1445 Parkway Avenue, Trenton, NJ 08628 | CLOSURE 0907330 | 4/1/2009 - 4/1/2010 | $293,500.00 Policy in force, no amounts drawn |
| WFG ELYRIA (RCRA) - POST CLOSURE - 1400 Lowell St., Elyria, OH 44035 | CLOSURE/POST CLOSURE 0907327 | 4/1/2009 - 4/1/2010 | $3,042,497.00 Policy in force, no amounts drawn |
| WFG MORAINE FORMER HARRISON DAYTON (RCRA) - POST CLOSURE - 3600 Dryden Rd, Moraine, OH 45439 | CLOSURE/POST CLOSURE 0907327 | 4/1/2009 - 4/1/2010 | $2,711,000.00 Policy in force, no amounts drawn |

Total:  $22,446,133.00

**Schedule II**

**Appeal Bonds**

| Description of Appeal | Issuer/Bond No. | Date of Issuance | Face Amount at Petition Date |
|---|---|---|---|
| Suspensive Appeal - IVY JEAN WILLIAMS, ET AL. | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA - M2020970-B | 11/11/2008 | $5,250,000.00 |
| Appeal - Case no. MVRB 79-01, 80-01, 81-01,82-01, 83-01, 84-01, and 85-01 - North Shore, Inc. d/b/a Muller Pontiac/GMC Mazda, Grossinger Autoplex, Inc., Joe Mitchell Buick/GMC Truck Inc., Castle Buick-Pontiac, Inc. and Loren Buick, Inc. | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA - 105104139 | 4/15/2009 | $1,300,000.00 |
| Tax Appeal - Case No.363 F.R. 2008 - Tax Year Ending 12/31/04 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA - 105235531 | 2/17/2009 | $2,310,000.00 |
| Tax Appeal - Case No.695 F.R. 2008 - Tax Year Ending 12/31/05 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA - 105235532 | 2/17/2009 | $478,500.00 |

Total  $9,338,500.00

## Schedule III

### Sureties for Self-Insured Workers Compensation

**Georgia**

| Issuer | Date of Issuance | Amount Outstanding/Draws |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY – Bond No. 104203286 | 12/19/2008 | Issued in the amount of $16,355,000.00; drawn in full July, 2009 |

Total: $16,355,000.00

**New Jersey**

| Issuer | Date of Issuance | Amount Outstanding/Draws |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY – Bond No. 104699317 | 5/5/2009 | Issued in the amount of $9,000,000.00; drawn in full July, 2009 |
| LIBERTY MUTUAL INSURANCE COMPANY – Bond No. 6571113 | 5/20/2009 | Issued in the amount of $50,000.00; In Force, no amounts drawn |

Total: $9,050,000.00

**Oklahoma**

| Issuer | Date of Issuance | Amount Outstanding/Draws |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY – Bond No. '104699292 | 4/14/2009 | Issued in the amount of $8,400,000.00; drawn in full July, 2009 |

Total: $8,400,000.00

**<u>Schedule IV</u>**

**Breakage Fees**

| Bank | Account Number | Escrowed Amount |
|------|----------------|-----------------|
| Citibank[2] | 4630000-023 | $4,885,547.59 |

---

[2] Held on behalf of numerous lenders.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.,*     :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :
                                              :
               **Debtors.**   :        **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

## ORDER PURSUANT TO
## 11 U.S.C. §§ 105(a) AND 363 IN AID OF IMPLEMENTATION OF SALE

Upon the Motion, dated February 5, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for an entry of an order, pursuant to sections 105(a) and

363 of title 11, United States Code (the "**Bankruptcy Code**"), (i) approving and ratifying that

certain stipulation of settlement (the **"Stipulation of Settlement"**) between the Debtors and

General Motors, LLC (f/k/a NGMCO, Inc.) ("**New GM**," and collectively with the Debtors, the

"**Parties**") resolving certain ambiguities regarding what constitutes "Purchased Assets" under the

terms of that certain Master Sale and Purchase Agreement By and Among General Motors

Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet Saturn of Harlem, as

Sellers, and NGMCO, Inc. (n/k/a General Motors, LLC) as Purchaser (the "**MSPA**"), and (ii)

authorizing the Debtors to enter into similar future settlements with New GM for further

clarification of the use of the term "Purchased Assets" under the MSPA, upon the consent of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

statutory committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors'**

**Committee**") without seeking the approval of this Court, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to enter the Stipulation of Settlement,

and the Stipulation of Settlement is hereby approved in all respects; and it is further

ORDERED that the Debtors are authorized to enter into future settlements with

New GM with respect to similar disputes under the MSPA, without further Court approval,

provided that the Debtors obtain the prior written consent of the Creditors' Committee; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
       _____, 2010


                                              _____
                                              United States Bankruptcy Judge