Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                            :
                            Debtors.        :        (Jointly Administered)
                                            :
-------------------------------------------------------------x
```

**OMNIBUS REPLY OF THE DEBTORS TO OBJECTIONS**
**TO DEBTORS' MOTION FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390**
**AUTHORIZING IMPLEMENTATION OF ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), file this omnibus

reply (the "**Reply**") to the objections/responses interposed to their motion (the "**Motion**"),[1] dated

January 11, 2010, for an order pursuant to 11 U.S.C. § 105(a) and General Order M-390,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

authorizing the implementation of alternative dispute resolution procedures, including mandatory

mediation (the "**ADR Procedures**") and respectfully represent:

<u>**Preliminary Statement**</u>

1.      The proposed ADR Procedures are carefully designed to expedite the

Debtors' ability to resolve claims and distribute the proceeds from the sale of the Debtors'

businesses pursuant to a confirmed chapter 11 plan as efficiently and expeditiously as possible.

The Court has the power, pursuant to section 105(a) of title 11, United States Code (the

"**Bankruptcy Code**") and the Court's General Order M-390 (the "**Standing Order**"), to order

implementation of the ADR Procedures and should exercise its discretion to do so in these cases.

The ADR Procedures are fully supported by the statutory committee of unsecured creditors (the

"**Creditors' Committee**"), have been modified by the Debtors to accommodate reasonable and

legitimate concerns of holders of unliquidated and/or litigation claims (collectively, the

"**Unliquidated/Litigation Claims**"), and represent a balanced approach to efficiently resolve

disputes without costly litigation and unnecessary expenditure of judicial and estate resources.

2.      As the Creditors' Committee has recognized, "[g]iven the magnitude of

claims asserted in these chapter 11 cases, it is necessary to develop an efficient and fair process

to review and reconcile the many disputed, contingent and unliquidated claims."  Creditors'

Committee Statement In Support ¶ 1.  The ADR Procedures will limit or avoid costly and time-

consuming estimation proceedings that would otherwise delay confirmation of a chapter 11 plan,

narrow the amount of claims required to be set aside for a disputed claims reserve, and expedite

distributions to holders of allowed claims following the effective date of a chapter 11 plan.  *See*

*id*. ¶ 2.  Absent the ADR Procedures, full scale litigation of these Unliquidated/Litigation Claims

will unnecessarily consume tens of thousands of judicial hours and cause the expenditure of

substantial funds of the estate.  The impact on the Court's resources would be devastating were

commencement of contested matters with respect to every, or even a majority of,

Unliquidated/Litigation Claims be required.  Such requirement would serve no useful purpose

and would do nothing but increase costs for all involved and drain the assets of a liquidating

estate.

        3.      To date, the Debtors received a total of 27 objections (both formal and

informal) to the ADR Procedures.[2]  The Debtors believe all informal objections will be resolved

and are hopeful that the formal objections filed with the Court (the "**Objections**") will be

resolved prior to the hearing.  A synopsis of the Debtors' response or resolution to the Objections

are outlined in the table annexed hereto as **Exhibit A**.  Over the past few days, Debtors' counsel

held numerous calls and exchanged communication with counsel for various creditor

constituents in efforts to arrive at reasonable and legitimate modifications to the initial proposed

order submitted with the Motion (the "**Proposed Order**").  A revised proposed order (the

"**Revised Proposed Orde**r") authorizing the ADR Procedures is annexed hereto as **Exhibit B**.

Of primary significance, and in order to facilitate the desire for a minimally contested hearing

while allowing the Debtors to move forward on the bulk of the Unliquidated/Litigation Claims,

the Debtors will be adjourning the hearing with respect to certain types of claims as reflected in

the Revised Proposed Order.  Additionally, as indicated in the table of objections and responses

(Exhibit A), the Revised Proposed Order has addressed and cured many of the points raised in

the Objections.  Accordingly, the Debtors do not, at this stage, address those issues in the body

of this Reply.

---

[2] Of these 27 objections, 14 are formal objections that have been filed with the Bankruptcy Court.

4.      For the reasons set forth in the Motion and this omnibus Reply, including the table annexed hereto as Exhibit A, the Court should overrule each of the Objections that have not been consensually resolved and authorize the ADR Procedures.

<u>**Objections**</u>

5.      The Objections generally fall within two categories: (a) objections to the objecting party's claim being designated in the ADR Procedure (the "**Non-Substantive Objections**") and (b) objections to the ADR Procedures (the "**Substantive Objections**").

*(a)      <u>Non-Substantive Objections</u>*

6.      Non-Substantive Objections include both formal and informal responses to the Motion where the objecting party asserts that, because of the particulars of his or her claim, such claim should not be designated by the Debtors for inclusion in the ADR Procedures.  As the Court will note, these Non-Substantive Objections do not oppose the establishment of ADR Procedures, and hence, should be overruled because while the objector may assert that his or her particular claim should not be included in the ADR Procedure, the objector does not contest the ADR Procedures themselves.

*(b) <u>Substantive Objections</u>*

7.      Substantive Objections also include both formal and informal responses to the Motion.  These include objections relating to (a) Tax Claims, (b) Environmental Claims, (c) certain Indemnity Claims, and (d) claims not specifically included in the Motion but where the objectors fear that the Debtors will seek to include at a later time.

8.      In an effort to accommodate opposing parties and hopefully arrive at a consensual Proposed Order, the Debtors, as stated above, are either carving-out certain types of claims from the ADR Procedures or are adjourning the hearing with respect to certain classes of

claims to a further hearing on the Motion proposed to take place on **March 10, 2010 at 9:45 a.m.**

9.      The Debtors believe that there is only one remaining Substantive Objection with respect to those matters going forward on February 10, 2010.  Notwithstanding the fact that the Debtors had previously consulted with the self-styled "Ad Hoc Committee of Consumer Victims of General Motors" (the "**Ad Hoc Committee**") to address their concerns in advance of the filing of the Motion, the Debtors were nonetheless surprised by an objection (the "**Ad Hoc Committee Objection**") [Docket No. 4940] interposed right before the objection deadline.  At bottom, the Ad Hoc Committee Objection stems from the incorrect presumption that the Debtors will act irrationally and in ways not designed to foster the resolution of claims.  For the reasons set forth below, the Court should overrule the Ad Hoc Committee Objection.  The Debtors continue to discuss the Ad Hoc Committee Objection with the Ad Hoc Committee and are hopeful of reaching a reasonable compromise.  To that end, the Debtors intend to file a supplemental reply prior to the hearing on the Motion to update this Court on the status of these discussions.

## The Costs and Expenses of the ADR Procedures Should Be Shared Equally

10.      The Ad Hoc Committee requests that instead of sharing the costs and expenses of the ADR Procedures, these should be absorbed by the Debtors.  Although sympathetic to this issue, the Debtors do not have the resources to pay for the costs and expenses of the ADR Procedures for all the Unliquidated/Litigation Claims filed against the Debtors.  Moreover, imposing on the Debtors the payment of those costs and expenses is not only unjust but also unreasonable as the Debtors are not the only ones benefiting from attempting to resolve the Unliquidated/Litigation Claims consensually and without full-blown litigation.  Moreover, the Debtors firmly believe that sharing the costs of a mediator, which are not significant on an

individual case basis, will promote an environment where both parties will be incentivized to take the maximum benefit from.

11.    In any event, General Order M-390 provides in section 4.0 that "[in] the event that the mediator and the parties cannot agree on terms of compensation, then the court shall fix such terms as are *reasonable and just*."  (emphasis added).  The Debtors respectfully submit that to the extent each of the Unliquidated/Litigation Claims were directed to mediation by this Court, it would be within the sound discretion of this Court to direct that the costs of such mediation be shared.

**The Debtors Cannot Obligate Itself in Advance to Provide Information**

12.    Similar to an operating or chapter 7 trustee which takes over estate assets, the Debtors' current employees and management from AP Services, LLC were not involved in the day-to-day operations, nor do they have ownership of the books and records of the business as these were purchased by NGMCO, Inc. (n/k/a General Motors LLC) ("**New GM**") in connection with the sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code.  In that regard, the Debtors are not sufficiently familiar with the Debtors' books and records such that they can obligate themselves in advance to provide any documents that may be requested.  To impose on the Debtors such an obligation --in advance-- would jeopardize the efficient implementation of the ADR Procedures and could prevent the Debtors from simultaneously designating multiple claims for mediation given the deadlines contained in the ADR Procedures.

13.    The information requirement in the ADR Procedures is meant for instances where the Debtors received a proof of claim that so lacked supporting documentation or information that the Debtors were completely unable to understand the Unliquidated/Litigation Claim such that they could not even engage the claimant for meaningful

negotiations.  In order to protect claimants from any unfair advantage, the ADR Procedures

expressly provide that information or documentation which, at the claimant's sole discretion, is

privileged information or information prepared expressly in contemplation of litigation, will not

be required to be shared with the Debtors.  *See* ADR Procedures § II.A.5(c).

14.     What is ironic is that the Debtors have every reason to voluntarily deliver

documents to the claimant, to the extent they are available, that would justify an objection or

defense to the claim asserted.  The Debtors expect there will be a two-way flow of information as

part of the process.  The Ad Hoc Committee fears that the Debtors will act irrationally and not

provide information they have when they have every reason to provide it, as that information will

allow the parties to consensually resolve their disputes.  The Debtors simply cannot be obligated

--in advance-- to provide information they may not have as a prerequisite for conducting a

mediation.  Moreover, if the Debtors are required to subpoena New GM for documents it deems

proprietary or confidential, the ADR Process would come to a screeching halt.

## The ADR Injunction

15.     Nothing in the ADR Injunction precludes any claimant from seeking

recovery for their injuries from other potential defendants.  The Ad Hoc Committee's concern in

that respect is simply without merit.

## The Arbitration Discovery Is Appropriate

16.     The Ad Hoc Committee refuses to understand that it is in the Debtors' and

each claimant's mutual interest to resolve disputes as fast and efficiently as possible.  To allow

unlimited discovery for all arbitration matters will simply make this entire process unworkable,

only to the detriment of the Debtors' creditors.  If the claimant elects arbitration, the Debtors

would be reluctant to likewise consent if an arbitrator could require a major discovery exercise

with even non-complex claims.  The Debtors submit that the limitation on discovery on certain

types of cases will provide a more streamlined approach that will enable the resolution of such

cases so that the Debtors can shift their focus onto additional claims needing reconciliation.

Because the Debtors acknowledge that there may be cases that will require additional discovery

in light of their complexity, the ADR Procedures provide for a mechanism that permits the

Debtors to designate such cases as a "Complex Designated Claim."[3]  Such designation would

permit the arbitrator to dictate discovery in its discretion.

### Litigation of Unresolved Issues

17.    With respect to the last issue raised in the Ad Hoc Committee's Objection,

it appears that the Ad Hoc Committee misconstrues the ADR Procedures as the ADR Procedures

do not limit the rights of personal injury tort and wrongful death claimants from mandatory or

discretionary abstention.  The ADR Procedures allow for any unresolved claims to be heard in

any court of competent jurisdiction to be determined at a later date.

---

[3] The AAA Procedures for Large, Complex Commercial Disputes shall be used for arbitration of all Complex Designated Claims, in addition to the Commercial Rules of Arbitration.  In addition, the arbitration of all Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA.

## <u>Conclusion</u>

WHEREFORE, for the reasons set forth above and in Exhibit A annexed hereto,

the Debtors respectfully request that the Court (i) overrule the Objections to the Motion; (ii)

approve the Revised Proposed Order and authorize the ADR Procedures; and (iii) grant such

other and further relief as is just.

Dated: New York, New York
       February 5, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

### Objections and Debtors' Responses

## (a) Non-Substantive Objections

| Docket No. | Issue | Objector | Argument | Resolution |
|---|---|---|---|---|
| 4931 | **Miscellaneous** | Atlas Technologies, Inc. | **Not an objection.** But requests NY or MI as arbitration venue. | **Resolved.** |
| 4936 | **Indemnity Claim Relating to Asbestos Claims** | Detroit Diesel Corp. | Detroit Diesel filed an indemnity claim in connection with asbestos claims against MLC. Detroit Diesel's objection stems from their alleged lack of documentation to defend these cases. | **Resolved.** Indemnity Claims relating to Asbestos Claims will be adjourned to March 10 Hearing. |
| 4938 | **Class Action Claim** | Dex-Cool and Anderson Class Claimants | Dex-Cool argues that the ADR Procedure is not the most efficient way to settle its claim. | **Not Resolved.** |
| 4943 | **Personal Injury** | D&M Real Estate, LLC | **Not really an objection.** Objector has filed a motion to lift the stay and argues that placing its claim in the ADR Procedure would delay the resolution of the litigation currently pending in Bucks County, Pennsylvania. | **Not Resolved.** Objector does not really oppose the ADR Procedures only that it should not be designated. |
| 4925 | | Jake Rodd | **Not really an objection.** Mr. Rodd does not consent to binding arbitration. | **Resolved.** Objector does not object to ADR Procedures. |

## (b) Substantive Objections

| Docket No. | Issue | Objector | Argument | Resolution |
|---|---|---|---|---|
| 4860 | **Tax Claims** | Texas Comptroller | ADR Procedures do not comply with federal and state law governing tax audits. | **Resolved.** Tax Claims are adjourned to March 10 Hearing |
| 4869 | | State of Washington | Joins Texas—ADR Procedures do not comply with federal and state law governing tax audits. | **Resolved.** Tax Claims are adjourned to March 10 Hearing |
| 4920 | | Commonwealth of Pennsylvania | Joins Texas—ADR Procedures do not comply with federal and state law governing tax audits. | **Resolved.** Tax Claims are adjourned to March 10 Hearing |

| Docket No. | Issue | Objector | Argument | Resolution |
|---|---|---|---|---|
| 4921 | | State of Michigan | Joins Texas—ADR Procedures do not comply with federal and state law governing tax audits. | **Resolved.** Tax Claims are adjourned to March 10 Hearing |
| 4944 | | State of Ohio | Joins Texas—ADR Procedures do not comply with federal and state law governing tax audits. | **Resolved.** Tax Claims are adjourned to March 10 Hearing |
| 4927 | **Environmental Claims** | Town of Salina | Objector has 4 issues:<br>1. Salinas' claims are not ripe for mediation.<br>2. Salinas was informed that the Federal Government was carved-out and wants the same treatment.<br>3. Argue that the ADR Injunction violates statutory exception to automatic stay.<br>4. Proposed panels of mediators do no include environmental experts. | **Resolved.** Environmental Claims will be adjourned to March 10 Hearing. |
| 4937 | **Indemnity Claim** | Bright Bay GMC Truck, Inc. | Bright Bay argues that the ADR Procedure bifurcates its indemnity claim from the personal liability complaint filed against Bright Bay and MLC in NY State. | **Not Resolved.** The ADR Procedures do not bifurcate claims and do not preclude Bright Bay's right to seek recovery from the pertinent insurance. |
| 4934 | **Debt Claims** | Andorra Banc Agricol Reig, S.A. | Andorra's limited objection involves 3 issues:<br>1. The ADR Procedures invert the claim objection process as claimant has to defend its claim before the Debtors object to it.<br>2. The selection of mediators should be modified to provide for claimants to propose a mediator.<br>3. The Debtors should bear all the costs of the mediation process. | **Resolved.** |

| Docket No. | Issue | Objector | Argument | Resolution |
|---|---|---|---|---|
| 4940 | **Personal Injury Claims** | Ad Hoc Committee of Consumer Victims of General Motors | The Ad Hoc Committee has 5 issues:<br>1. The 50/50 split in costs and expenses- they want MLC to bear all the cost.<br>2. Requirement of information before mediation is not balanced as Debtors need not provide any amount of reasonable information and documents regarding their defenses.<br>3. ADR Injunction should not limit claimants' rights to continue or commence actions against nondebtor defendants who are also liable for damages.<br>4. Limitation on Arbitration Discovery should be left to discretion of arbitrator.<br>5. Litigation of Unresolved Claims should not limit claimants' right to remove case. | Debtors are currently working with objector to resolve the issues. |

**HEARING DATE AND TIME: February 10, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 3, 2010 at 4:00 p.m. (Eastern Time)**

## Exhibit B

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
                                                    :
                        **Debtors.**                :        **(Jointly Administered)**
                                                    :
--------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 105(a)
## AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF
## ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of title 11, United States

Code and General Order M-390, for authorization to implement alternative dispute procedures,

including mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after consideration of the response pleadings filed and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion and in the ADR Procedures annexed to the Order as **Exhibit "A**."

ORDERED that notwithstanding anything to the contrary in the Motion, the ADR

Procedures[2], as set forth in Exhibit A to the Order, are approved as provided herein with respect

to (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability

claims, (e) claims for damages arising from the rejection of an executory contract or unexpired

lease with a Debtor under section 365 of the Bankruptcy Code (excluding claims for damages

arising from the rejection of executory contracts that relate primarily to environmental matters),

(f) indemnity claims (excluding tax indemnity claims relating to leveraged fixed equipment lease

transactions and excluding indemnity claims relating to asbestos liability), (g) lemon law claims,

to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and

between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"),

(h) warranty claims, to the extent applicable under section 6.15 of the MPA, and (i) class action

claims (the "**Initial Subject Claims**"); and it is further

ORDERED that notwithstanding anything to the contrary in the Motion, the

Motion with respect to (a) tax claims (including tax indemnity claims relating to leveraged fixed

equipment lease transactions), (b) environmental claims that constitute prepetition unsecured

claims (including claims for damages arising from the rejection of executory contracts that relate

primarily to environmental matters), (c) indemnity claims relating to asbestos liability, and (d) all

other Unliquidated/Litigation Claims that are *not* Initial Subject Claims (collectively, the

"**Adjourned Subject Claims**") shall be adjourned to March 10, 2010 at 9:45 a.m., and the rights

of all holders of Adjourned Subject Claims and the Debtors with respect to the Motion are fully

preserved; and it is further

---

[2] A blacklined version of the ADR Procedures reflecting the limitation of applicability of the ADR Procedures to the Initial Subject Claims and certain other modifications to the ADR Procedures filed with the Motion is annexed hereto as **Exhibit "B."**

ORDERED that, notwithstanding anything to the contrary in the Motion or the
ADR Procedures, the ADR procedures shall not apply to claims filed by the United States of
America or its agencies; *provided*, *however*, nothing shall preclude the Debtors from seeking in
the future by separate motion alternative dispute resolutions in connection with any such claims;
and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the
ADR Procedures, the ADR procedures shall not apply to claims filed by state and tribal
governments concerning alleged environmental liabilities; *provided*, *however*, nothing shall
preclude the Debtors from seeking in the future by separate motion alternative dispute
resolutions in connection with any such claims; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the
"**Capping Period**"), any holder of an Unliquidated/Litigation Claim that is an Initial Subject
Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures
for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**,"
the form of which is annexed to this Order as **Exhibit "C"**) to the Debtors indicating a
willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount
Cap**"); *provided*, *however*, that with respect to any claim for amounts resulting from the
rejection of an executory contract (a "**Contract Claim**") that is rejected pursuant to an order
entered after the date of this Order, a Capping Proposal Letter will be deemed timely if it is
received within thirty (30) days of the entry of the order authorizing such rejection; and it is
further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, if,

and only if, the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by

designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will

indicate in the ADR Notice that the Claim Amount Cap has been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim

Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or

her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap.  To the extent the

Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs

associated with any subsequent mediation.  If the Claim Amount Cap is not accepted, the

Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and

the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount

of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the

Debtors will provide counsel for the statutory committee of unsecured creditors (the "**Creditors'**

**Committee**") a privileged and confidential report containing information on the status of the

Unliquidated/Litigation Claims (the "**Committee Report**").  The Debtors shall provide the

Creditors' Committee with an updated Committee Report once a month; and it is further

ORDERED that the following notice procedures are hereby approved:

1.  Within **three (3) days** of entry of this Order, the Debtors shall cause to be
    mailed a copy of this Order to all known holders of Initial Subject Claims
    that are subject to the ADR Procedures.

2.  The Debtors shall post a form of the Capping Proposal Letter on the
    website established by GCG for the Debtors' cases:
    www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Initial Subject Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; provided however, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; further provided that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures.  Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum.  If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors'

Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and

(ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No.

4180]; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all

aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the ADR Procedures.

Dated: New York, New York
      February __, 2010

_____
United States Bankruptcy Judge

**Exhibit A**

**The ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                  :
In re                                             :          **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.,*         :          **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.* :
                                                  :
                              **Debtors.**        :          **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The alternative dispute resolution procedures (the "**ADR Procedures**") adopted

in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set

forth below:

### I.    CLAIMS SUBJECT TO THE ADR PROCEDURES AND ADR INJUNCTION

#### A.    Claims Subject to the ADR Procedures

1.    The claims subject to the ADR Procedures (collectively, the "**Designated**

**Claims**") include any and all claims (other than an Excluded Claim as defined below) designated

by the Debtors under the notice procedures set forth below that assert or involve claims based on

one or more of the following theories of recovery, whether or not litigati  on previously has

been commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort

claims, (d) product liability claims, (e) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code

(excluding claims for damages arising from the rejection of executory contracts that relate

primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims

relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating

to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the

Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under

section 6.15 of the MPA, and (i) class action claims ("**Class Claims**").  The Debtors may

identify as a Designated Claim any proof of claim asserted in these cases, other than Excluded

Claims as defined in Section I.B below, if the Debtors believe, in their business judgment and

sole discretion, that the ADR Procedures would promote the resolution of such claim and serve

the intended objectives of the ADR Procedures.

        2.      The holders of the Designated Claims are referred to herein as the

"**Designated Claimants**."

    **B.**    **Excluded Claims**

        The Debtors shall not identify as a Designated Claim any proof of claim within

any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the

automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**")

was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of

the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or

less; (c) asbestos-related claims (other than indemnity claims); and (d) claims subject to a

separate order of the Bankruptcy Court providing for arbitration or mediation.  Notwithstanding

the foregoing, any of the Excluded Claims, any disputed postpetition administrative expenses,

and any claims or counterclaims asserted by the Debtors may be submitted to the ADR

Procedures by agreement of the applicable Debtor and the applicable claimant or by further order

of the Bankruptcy Court.

C.    **The ADR Injunction**

Upon service of the ADR Notice (as defined below) on a Designated Claimant under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**"). Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated Claimant from seeking estimation of its Designated Claim solely for voting purposes in connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases.  The ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim.  Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

## II.    THE ADR PROCEDURES

### A.    Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange procedures, requiring the parties to exchange settlement offers and thereby providing an opportunity to resolve the underlying Designated Claim on a consensual basis without any further proceedings by the parties (the "**Offer Exchange Procedures**").  Rule 408 of the Federal Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

1.    *Designation of Designated Claims and Settlement Offer by the Debtors*

(a)    At any time following the entry of an order approving the ADR Procedures (the "**ADR Order**") and subject to the terms and conditions in Sections I.A and I.B above, the Debtors may designate a Designated Claim for resolution through the ADR Procedures by serving upon the Designated Claimant, at the address listed on the Designated Claimant's most recently filed proof of claim or amended proof of claim, as well as to any counsel of record in these cases for the Designated Claimant, the following materials (collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted to the ADR Procedures (an "**ADR Notice**"),[1] (ii) a copy of the ADR Order, and (iii) a copy of these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR Materials on the transferee identified in the notice of transfer of claim.

(b)    The ADR Notice will (i) advise the Designated Claimant that his or her Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

---

[1] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the

Designated Claim (including the addresses for notices under the ADR Procedures); and (iii)

include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The

ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along

with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is

received by the Debtors no later than twenty-one (21) days[2] after the mailing of the ADR Notice

(the "**Settlement Response Deadline**").

        (c)      If the Designated Claimant fails to sign and return the ADR Notice or to

include a Claimant's Response (as defined below) with the returned ADR Notice by the

Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated

with respect to the Designated Claim and (ii) the Designated Claim will be submitted to

nonbinding mediation.

        2.      *The Claimant's Response*

        The only permitted responses to a Settlement Offer (the "**Claimant's Response**")

are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a

counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned

without a response or with a response that is not a permitted response, the Designated Claim

shall be treated as set forth in Section II.A.1(c) above.

        3.      *The Counteroffer*

        The Counteroffer shall (i) provide all facts that substantiate the Designated Claim

and that are sufficient for the Debtors to evaluate the validity and amount of the Designated

Claim; (ii) provide all documents that the Designated Claimant contends support the Designated

---

[2] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"),
which may not (A) improve the priority set forth in the Designated Claimant's most recent
timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim
Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the
Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but
may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an
explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the
name and address of counsel representing the Designated Claimant with respect to the
Designated Claim, unless the Designated Claimant is a natural person, in which case the
Designated Claimant shall either provide the name of such counsel or state that he or she is
appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a
general unsecured claim in the Proposed Claim Amount against the Debtor identified in the
applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall
not seek recovery from the Debtors of any consideration other than the consideration ultimately
distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A
Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the
Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.      _Consent to Subsequent Binding Arbitration_

As described in Sections II.B and II.C below, in the absence of a settlement at the
conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding
mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed
consent based on prior contractual agreements), to binding arbitration.  A Designated Claimant is
required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding

arbitration in the event that its Designated Claim ultimately is not resolved through the Offer

Exchange Procedures and the nonbinding mediation.  A Designated Claimant shall make an

election to either consent or not consent to binding arbitration by checking the appropriate box in

the ADR Notice (an "**Opt-In/Opt-Out Election**").  Any Designated Claimant that does not

consent to binding arbitration in its response to the ADR Notice may later consent in writing to

binding arbitration, subject to the agreement of the Debtors.  Consent to binding arbitration, once

given, cannot subsequently be withdrawn without consent of the Debtors.

5.       *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their

receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as

further defined below, each a "**Response Statement**").  The Response Statement shall indicate

that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without

making a revised Settlement Offer (a "**Revised Settlement Offer**").

(a)       *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline,

(i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures

will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim

will be submitted to nonbinding mediation.

(b)       *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the

Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a

written statement of acceptance no later than ten (10) days after the date of service of the

Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the

Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement

Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the

Designated Claim automatically will be submitted to nonbinding mediation.

(c)    *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in

the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation

of any particular Designated Claim.  If the Debtors request additional information or

documentation by the Response Deadline, the Designated Claimant shall serve such additional

information or documentation (with the exception, in the Designated Claimant's sole discretion,

of privileged information or information prepared expressly in contemplation of litigation) so

that it is received by the Debtors within fifteen (15) days after such request.  If the Designated

Claimant timely responds, the Debtors shall have fifteen (15) days to provide an amended

Response Statement, which may include a Revised Settlement Offer as a counter to the

Counteroffer.  If the Debtors do not provide an amended Response Statement within this period,

or if the Designated Claimant fails to provide the requested information or documentation within

the time allotted, the Designated Claim will be submitted to nonbinding mediation.

6.    *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may

exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days

after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the

applicable timeframes provided for in Section II.A.5(c) above with respect to requesting,

receiving, and responding to additional information or documentation.  Otherwise, the Offer

Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer**

**Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically

advances to nonbinding mediation under the provisions set forth above; (ii) the date that any

settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the

date upon which a Response Statement was served by the Debtors, if the Debtors notified the

Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to

nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the

Designated Claimant.

       7.    *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to

settle a Designated Claim by mutual consent at any time.  All such settlements shall be subject to

the terms of Section II.D.2 below.

      **B.**    **Nonbinding Mediation ("Mediation")**

       1.    *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim

through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding

mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on

the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination

Date, or as soon thereafter as is reasonably practicable.[3]  The Mediation Notice will provide the

Mediation Location (as such term is defined in Section II.B.2 below).

       2.    *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit,

Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Mediation**

**Locations**"), unless the parties agree to a different location.  Within ten (10) days after receiving

the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a

---

[3] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference.

list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation

Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation

sessions shall give due consideration to the convenience of the parties and the proximity of the

Designated Claimant.  Notwithstanding the foregoing, within ten (10) business days after service

of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court,

on notice to the Debtors and any previously appointed mediator, for an order directing that the

Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated

Claimant can demonstrate that traveling to any of the Mediation Locations presents a

"substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that,

absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated

Claimant if the primary representative for a Designated Claimant resides in a location that is less

than 750 miles from the Mediation Location or is less than a three-hour plane trip from the

Mediation Location (based on typical commercial schedules for the fastest route, excluding any

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall

be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by

the Bankruptcy Court, taking into account the convenience of the parties and any agreements

reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in

the original location may be replaced by a Mediator in the new location (selected by mutual

agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that

that the Debtors and the Designated Claimant share the costs of the Mediation.

3.    *Mediation Rules*

The Mediation of Designated Claims shall be governed by the Mediator's regular

procedures, except where expressly modified in the ADR Procedures.  In the event of any

conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in

good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

(a)    *Impartiality and Qualifications of Mediators*

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii)

have no financial or personal interest in the proceedings or, except when otherwise agreed by the

parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to

create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to

create a reasonable inference of bias, such Mediator may be replaced at the written request of

either the Debtors or the Designated Claimant prior to the mediation.

(b)    *Fees and Costs for Mediation*

For each Mediation conducted under these ADR Procedures, the Mediator

selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by,

the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in

writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims

to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the

Debtors and the Designated Claimant.  For purposes of clarity, these costs shall not include

travel expenses of the parties.

(c)    *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the

scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by

electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern

Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed

fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's

claims and identifying each and every cause of action or theory the Designated Claimant asserts,

including a short and plain statement of the facts and law upon which the Designated Claimant

relies for recovery and maintains entitle it to relief.  The Designated Claimant shall include, as

exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous

documents), affidavits, and other evidentiary materials on which the Designated Claimant relies.

Unless the parties agree otherwise, on or before fifteen (15) days after service of the Opening

Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic

transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a

nonconfidential response statement (the "**Mediation Response Statement**") not to exceed

fifteen (15) pages, excluding attachments.  The Debtors shall provide copies of the Opening

Statement and Mediation Response Statement to counsel to the statutory committee of unsecured

creditors (the "**Creditors' Committee**") upon request, on a confidential basis.  At the Mediator's

discretion and direction, the parties may submit additional, confidential letters or statements to

the Mediator, which shall receive "Mediator's-eyes-only" treatment.

        (d)      *The Mediation Session*

        Unless otherwise agreed by the parties or as provided herein, the Mediation

session must occur no later than sixty (60) days after the date on which the Mediator is

appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the

parties and their respective counsel, and insurers (if any).

        (e)      *Treatment of Mediation Settlement*

        If the Mediation results in a settlement of the Designated Claim, such settlement

shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does

not result in a settlement of the Designated Claim, the Designated Claim shall be subject to

Section II.C or II.E below.

(f)     *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual

written consent of the Debtors and the Designated Claimant.

**C.     Arbitration**

1.     *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration

under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this

Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the

Designated Claimant has expressly indicated that it does not consent to binding arbitration in its

response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to

Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the

Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without

limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that

fails to participate in the arbitration in good faith, on the terms described herein, may be subject

to sanctions under Section II.F below.

2.     *Arbitration Notice*

To initiate the arbitration process for a Designated Claim, the Debtors shall serve

a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's

applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee,

and the American Arbitration Association (the "**AAA**").[4]

---

[4] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference.  The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors

3.      *Arbitration Rules and Procedures*

For Designated Claims that are not designated by the Debtors as Complex Designated Claims (as defined below), the arbitration of all Designated Claims shall be conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the AAA.  The arbitrator shall be governed by the commercial arbitration rules of the AAA then in effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in the ADR Procedures.[5]

The Debtors may, at their discretion, designate certain Designated Claims as complex designated claims (the "**Complex Designated Claims**").  The arbitration of all Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA.  The AAA Procedures for Large, Complex Commercial Disputes shall be used for arbitration of all Complex Designated Claims, in addition to the Commercial Rules of Arbitration.[6]  Finally, the AAA Supplementary Rules for Class Arbitrations shall also be used for all Class Claims, including those related to class certification and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a Class Claim is not arbitrable for failure for each class member to have entered into an arbitration

---

reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[5] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

[6] In the event of any conflict between the AAA Procedures for Large, Complex Commercial Disputes and the ADR Procedures, the ADR Procedures shall control.

agreement, the Court having specifically found that the ADR Procedures are applicable to Class

Claims notwithstanding the absence of a written agreement to arbitrate.[7]

    (a)    *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by

the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "**Federal Arbitration Act**"), and the

enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act,

except as modified herein.

    (b)    *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition

or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs

charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the

Designated Claimant; *provided, however*, that the arbitrator(s), in the arbitrator(s)' sole

discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or

unduly delaying the arbitration process.  The AAA shall submit invoices to the Designated

Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect

and subject to the AAA's ordinary payment terms then in effect.  For purposes of clarity, these

costs shall not include travel expenses of the parties.

    (c)    *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below,

the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person

appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either

from past arbitrations or former employment) in the law that is the subject of the Designated

---

[7] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise

agreed by the parties, in any related matter; and (iv) upon appointment, disclose any

circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator

discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be

replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten

(10) days after such disclosure.

(d) <em>Time and Location of Arbitration Hearings</em>

All arbitration hearings shall be conducted in either (i) New York, New York; (ii)

Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the

"**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of

arbitration hearings shall give due consideration to the proximity of the Designated Claimant and

to the convenience of the parties to the Arbitration Location.  Within ten (10) days of

appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial

Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the

contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the

arbitration hearings to the same extent the Creditors' Committee would be permitted to

participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b),

or any other applicable section of the Bankruptcy Code.

(e) <em>Appeals of Arbitration Awards</em>

All arbitration awards shall be final and binding.  Other than the identities of the

applicable Debtors and Designated Claimants, the claims register number(s) assigned to the

applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated

Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed

upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have

the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal

Arbitration Act, in which case any appeal must be to the United States District Court for the

Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act.

The parties shall have ten (10) days from the date the arbitration award is served to appeal such

award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their

chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated

Claim that they deem necessary or appropriate for such purpose.

(f)    *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the

mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall

consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)    *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall

commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of**

**Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to

the Debtors and the applicable Designated Claimant, an identical list of the names of at least

eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[8]  The

Debtors and the applicable Designated Claimant shall have seven (7) business days from the date

this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names

---

[8] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential
arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern.
Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the
arbitrator selection process.

in order of preference, and (iii) return the list to the AAA.  In the event that the Designated

Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to

scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a

Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to the

scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in

accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its

receipt of the applicable Arbitration Notice.

        (h)    *Pre-Hearing Matters*

        Unless otherwise agreed to by the parties, any pre-hearing issues, matters or

disputes (other than with respect to merits issues) shall be presented to the arbitrator(s)

telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for

expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order

that a substantive motion, such as a motion for summary judgment, be heard in person rather

than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits

issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the

arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by

telephonic or electronic communication at least five days prior to the arbitration hearing.

        (i)    *Discovery*

        Unless the Designated Claim is a Complex Designated Claim, there shall be no

interrogatories.  Any requests for production of documents, electronically-stored information and

things ("**Document Requests**") shall be made in writing and shall be limited to no more than

twenty (20) requests, including discrete subparts.  Items requested in the Document Requests

must be produced within thirty (30) days after service of the Document Requests.  All documents

from discovery shall be confidential and shall not be (i) disclosed to any person or party not

participating in the arbitration proceeding or (ii) used for any purpose other than in connection

with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon

request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a

confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i)

for any particular Designated Claim.

      (j)    *Pre-Arbitration Statement*

      Unless otherwise agreed by the parties, on or before ten (10) days prior to the

scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other

party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to

exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the

scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to

exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the

arbitration.

      (k)    *Arbitration Hearing*

      Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein,

the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after

the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties

and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding

anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee,

through its counsel, shall be permitted to attend and participate in the arbitration hearing to the

same extent the Creditors' Committee would be permitted to participate in claims litigation in the

Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of

the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be

submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to

the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

(l)     *Awards*

The arbitrator(s) shall issue a written, reasoned opinion and award (the

"**Arbitration Award**") within fourteen (14) days after the arbitration hearing.  The arbitrator(s)

shall not be compensated for more than eight hours of deliberations on and preparation of the

Arbitration Award for a Designated Claim.  Any Arbitration Award shall be an allowed general

unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no

Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor

identified in the Designated Claimant's applicable proof of claim included with the service of the

Arbitration Notice, unless otherwise ordered by the Bankruptcy Court).  The Arbitration Award

may not award a priority claim or otherwise determine the priority of the claim under the

Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an

Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to

determine that some or all of the Arbitration Award is subject to treatment as a priority claim if

the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR

Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any

Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b)

interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the

Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified

in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the Creditors' Committee shall have the right within thirty (30) days after the issuance of an Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the preceding sentence and obtain the disallowance of any portion of a claim included in an Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s) confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court. The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or collection rights.

        **D.**      <u>**Settlements of Designated Claims**</u>

        1.      *<u>Settlements Permitted at Any Stage of the ADR Procedures</u>*

Designated Claims may be settled by the Debtors and a Designated Claimant through the Offer Exchange Procedures, Mediation, or by agreement at any point during these ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

        2.      *<u>Settlement Authority and Approvals</u>*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to settle claims pursuant to orders of the Bankruptcy Court then in effect, including without limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims**

**Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or

plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of

claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with

the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.

The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to

the extent that (a) such approval is required by the terms of the Settlement Authority Orders or

(b) the settlement falls outside of the authority granted in the Settlement Authority Orders and

otherwise requires Bankruptcy Court approval.

**E.**    **Failure to Resolve a Designated Claim Through ADR Procedures**

1.    *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for

resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at

any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim

as set forth herein.

2.    *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved**

**Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the

Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the

terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable

procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures

for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject

matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated

Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the

subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be determined by the Bankruptcy Court.

3. <u>*Litigation in Other Courts*</u>

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed (a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"), then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the Debtors;[9] or (b) if the Unresolved Designated Claim was not pending in any forum on the Commencement Date, then in the United States District Court for the Southern District of New York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and (iv) is a proper venue. If necessary, any disputes regarding the applicability of this Section II.E.3 shall be determined by the Bankruptcy Court.

4. <u>*Modification of the Automatic Stay*</u>

If litigation of an Unresolved Designated Claim in a forum other than the Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

---

[9] The Debtors may elect to file a motion pursuant to 28 U.S.C.§ 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum;

*provided, however*, that any such liquidated claim (a) shall be subject to treatment under the

applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general

unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court

in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a

Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall

remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant

may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay

must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3

above.

**F.**      <u>**Failure to Comply with the ADR Procedures**</u>

If a Designated Claimant or the Debtors fail to comply with the ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party.

<u>ANNEX 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                            **:**

**In re**                                **:**        **Chapter 11 Case No.**

                                        **:**

**MOTORS LIQUIDATION COMPANY,** *et al.,*  **:**        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   **:**

                                        **:**

                       **Debtors.**        **:**        **(Jointly Administered)**

                                        **:**
----------------------------------------------------------------x

<u>**ALTERNATIVE DISPUTE RESOLUTION NOTICE**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

        By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 10, 2010.  A complete copy of the ADR Procedures is enclosed for your reference.

        The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

        *You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs) of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**").  Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

---

2

implemented in the Debtors' chapter 11 cases:

Debtor: _____

Amount: $_____

Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By: _____

Printed Name

<u>**ANNEX 2**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*            :
                                                            :
                        **Debtors.**                        :        **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

   By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 10, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

   As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location. As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

## ANNEX 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                 :

**In re**                              :        **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY**, *et al.*,  :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                 :

                   **Debtors.**      :        **(Jointly Administered)**
                                 :
-------------------------------------------------------------x

## NOTICE OF BINDING ARBITRATION

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

      By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 10, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

      PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

      As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**").  The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

       A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

       [Signature of the Debtors' Authorized Person]

2

**Exhibit B**

**Blackline of ADR Procedures**

US_ACTIVE:\43297971\03\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                              :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*          :          **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*     :
:
                                    **Debtors.**   :          **(Jointly Administered)**
:
-------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF**
**ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of title 11, United States

Code and General Order M-390, for authorization to implement alternative dispute procedures,

including mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after consideration of the response pleadings filed and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
 the Motion and in the ADR Procedures annexed to the ~~Motion~~Order as **Exhibit "A**."

ORDERED that ADR Procedures, as set forth in Exhibit A to the Motion, are approved; and it is further

ORDERED that notwithstanding anything to the contrary in the Motion, the ADR Procedures[2], as set forth in Exhibit A to the Order, are approved as provided herein with respect to (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under section 6.15 of the MPA, and (i) class action claims (the "**Initial Subject Claims**"); and it is further

ORDERED that notwithstanding anything to the contrary in the Motion, the Motion with respect to (a) tax claims (including tax indemnity claims relating to leveraged fixed equipment lease transactions), (b) environmental claims that constitute prepetition unsecured claims (including claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (c) indemnity claims relating to asbestos liability, and (d) all other Unliquidated/Litigation Claims that are *not* Initial Subject Claims (collectively, the "**Adjourned Subject Claims**") shall be adjourned to March 10, 2010 at 9:45 a.m., and the rights

---

[2] A blacklined version of the ADR Procedures reflecting the limitation of applicability of the ADR Procedures to the Initial Subject Claims and certain other modifications to the ADR Procedures filed with the Motion is annexed hereto as **Exhibit "B."**

of all holders of Adjourned Subject Claims and the Debtors with respect to the Motion are fully preserved; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the ADR Procedures, the ADR procedures shall not apply to claims filed by the United States of America or its agencies; *provided, however,* nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the ADR Procedures, the ADR procedures shall not apply to claims filed by state and tribal governments concerning alleged environmental liabilities; *provided, however,* nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the "**Capping Period**"), any holder of ~~a~~an Unliquidated/Litigation Claim that is an Initial Subject Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**," the form of which is annexed to ~~the Motion~~this Order as **Exhibit ~~B~~"C"**) to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**"); *provided, however,* that with respect to any claim for amounts resulting from the rejection of an executory contract (a "**Contract Claim**") that is rejected pursuant to an order entered after the date of this Order, a Capping Proposal Letter will be deemed timely if it is

received within thirty (30) days of the entry of the order authorizing such rejection; and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, ~~to the extent~~if, and only if, the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will indicate in the ADR Notice that the Claim Amount Cap has been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap.  To the extent the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs associated with any subsequent mediation.  If the Claim Amount Cap is not accepted, the Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the Debtors will provide counsel for the statutory committee of unsecured creditors (the "**Creditors' Committee**") a privileged and confidential report containing information on the status of the Unliquidated/Litigation Claims (the "**Committee Report**").  The Debtors shall provide the Creditors' Committee with an updated Committee Report once a month; and it is further

ORDERED that the following notice procedures are hereby approved:

1.  Within **three (3) days** of entry of this Order, the Debtors shall cause to be mailed a copy of this Order to all known holders of Initial Subject Claims that are subject to the ADR Procedures.

2.  The Debtors shall post a form of the Capping Proposal Letter on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Initial Subject Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; provided however, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; further provided that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures. Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum. If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of

this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors' Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180]; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the ADR Procedures.

Dated: New York, New York
        February __, 2010

_____
United States Bankruptcy Judge

**Exhibit A**

**The ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                    :
In re                               :        **Chapter 11 Case No.**
                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                                    :
                    **Debtors.**    :        **(Jointly Administered)**
                                    :
------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

    The alternative dispute resolution procedures (the "**ADR Procedures**") adopted

in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set

forth below:

### I.    CLAIMS SUBJECT TO THE ADR PROCEDURES AND ADR INJUNCTION

#### A.    Claims Subject to the ADR Procedures

    1.    The claims subject to the ADR Procedures (collectively, the "**Designated**

**Claims**") include any and all claims (other than an Excluded Claim as defined below) designated

by the Debtors under the notice procedures set forth below that assert or involve claims based on

one or more of the following theories of recovery, whether or not ~~litigation~~litigati on previously

has been commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c)

tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code~~,~~

~~(f) indemnity claims~~ (excluding claims for damages arising from the rejection of executory

contracts that relate primarily to environmental matters), (f) indemnity claims (excluding tax

indemnity claims relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under section 6.15 of the MPA, (i) environmental claims that constitute prepetition unsecured claims, (j) tax claims, and (kand (i) class action claims ("**Class Claims**"). The Debtors may identify as a Designated Claim any proof of claim asserted in these cases, other than Excluded Claims as defined in Section I.B below, if the Debtors believe, in their business judgment and sole discretion, that the ADR Procedures would promote the resolution of such claim and serve the intended objectives of the ADR Procedures.

2.    The holders of the Designated Claims are referred to herein as the "**Designated Claimants**."

B.    **Excluded Claims**

The Debtors shall not identify as a Designated Claim any proof of claim within any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or less; (c) asbestos-related claims (other than indemnity claims); and (d) claims subject to a separate order of the Bankruptcy Court providing for arbitration or mediation. Notwithstanding the foregoing, any of the Excluded Claims, any disputed postpetition administrative expenses, and any claims or counterclaims asserted by the Debtors may be submitted to the ADR

Procedures by agreement of the applicable Debtor and the applicable claimant or by further order of the Bankruptcy Court.

C.   **The ADR Injunction**

Upon service of the ADR Notice (as defined below) on a Designated Claimant under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**"). Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated Claimant from seeking estimation of its Designated Claim solely for voting purposes in connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases. The ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim. Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

## II.    THE ADR PROCEDURES

### A.    Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange

procedures, requiring the parties to exchange settlement offers and thereby providing an

opportunity to resolve the underlying Designated Claim on a consensual basis without any

further proceedings by the parties (the "**Offer Exchange Procedures**").  Rule 408 of the Federal

Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no

person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other

proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

### 1.    *Designation of Designated Claims and Settlement Offer by the Debtors*

(a)    At any time following the entry of an order approving the ADR

Procedures (the "**ADR Order**") and subject to the terms and conditions in Sections I.A and I.B

above, the Debtors may designate a Designated Claim for resolution through the ADR

Procedures by serving upon the Designated Claimant, at the address listed on the Designated

Claimant's most recently filed proof of claim or amended proof of claim, as well as to any

counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[23] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

(b)    The ADR Notice will (i) advise the Designated Claimant that his or her

Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

---

[23] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  ~~Although the Debtors anticipate that the ADR Notice will be substantially in the form of Annex 1, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.~~

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the Designated Claim (including the addresses for notices under the ADR Procedures); and (iii) include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is received by the Debtors no later than twenty-one (21) days[34] after the mailing of the ADR Notice (the "**Settlement Response Deadline**").

(c)    If the Designated Claimant fails to sign and return the ADR Notice or to include a Claimant's Response (as defined below) with the returned ADR Notice by the Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim and (ii) the Designated Claim will be submitted to nonbinding mediation.

2.    *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**") are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned without a response or with a response that is not a permitted response, the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

3.    *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim and that are sufficient for the Debtors to evaluate the validity and amount of the Designated Claim; (ii) provide all documents that the Designated Claimant contends support the Designated

---

[34] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"),
which may not (A) improve the priority set forth in the Designated Claimant's most recent
timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim
Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the
Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but
may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an
explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the
name and address of counsel representing the Designated Claimant with respect to the
Designated Claim, unless the Designated Claimant is a natural person, in which case the
Designated Claimant shall either provide the name of such counsel or state that he or she is
appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a
general unsecured claim in the Proposed Claim Amount against the Debtor identified in the
applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall
not seek recovery from the Debtors of any consideration other than the consideration ultimately
distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A
Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the
Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.      *Consent to Subsequent Binding Arbitration*

As described in Sections II.B and II.C below, in the absence of a settlement at the
conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding
mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed
consent based on prior contractual agreements), to binding arbitration.  A Designated Claimant is

required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding

arbitration in the event that its Designated Claim ultimately is not resolved through the Offer

Exchange Procedures and the nonbinding mediation.  A Designated Claimant shall make an

election to either consent or not consent to binding arbitration by checking the appropriate box in

the ADR Notice (an "**Opt-In/Opt-Out Election**").  Any Designated Claimant that does not

consent to binding arbitration in its response to the ADR Notice may later consent in writing to

binding arbitration, subject to the agreement of the Debtors.  Consent to binding arbitration, once

given, cannot subsequently be withdrawn without consent of the Debtors.

> 5. *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their

receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as

further defined below, each a "**Response Statement**").  The Response Statement shall indicate

that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without

making a revised Settlement Offer (a "**Revised Settlement Offer**").

> (a) *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline,

(i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures

will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim

will be submitted to nonbinding mediation.

> (b) *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the

Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a

written statement of acceptance no later than ten (10) days after the date of service of the

Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim automatically will be submitted to nonbinding mediation.

(c)    *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation of any particular Designated Claim.  If the Debtors request additional information or documentation by the Response Deadline, the Designated Claimant shall serve such additional information or documentation (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation) so that it is received by the Debtors within fifteen (15) days after such request.  If the Designated Claimant timely responds, the Debtors shall have fifteen (15) days to provide an amended Response Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer.  If the Debtors do not provide an amended Response Statement within this period, or if the Designated Claimant fails to provide the requested information or documentation within the time allotted, the Designated Claim will be submitted to nonbinding mediation.

6.    *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the applicable timeframes provided for in Section II.A.5(c) above with respect to requesting, receiving, and responding to additional information or documentation.  Otherwise, the Offer

Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically advances to nonbinding mediation under the provisions set forth above; (ii) the date that any settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the date upon which a Response Statement was served by the Debtors, if the Debtors notified the Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the Designated Claimant.

7.    *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time.  All such settlements shall be subject to the terms of Section II.D.2 below.

**B.    Nonbinding Mediation ("Mediation")**

1.    *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination Date, or as soon thereafter as is reasonably practicable.[45]  The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

2.    *Location and Appointment of the Mediator*

---

[45] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference. ~~The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.~~

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Mediation Locations**"), unless the parties agree to a different location.  Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the Designated Claimant.  Notwithstanding the foregoing, within ten (10) business days after service of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court, on notice to the Debtors and any previously appointed mediator, for an order directing that the Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated Claimant can demonstrate that traveling to any of the Mediation Locations presents a "substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that, absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated Claimant if the primary representative for a Designated Claimant resides in a location that is less than 750 miles from the Mediation Location or is less than a three-hour plane trip from the Mediation Location (based on typical commercial schedules for the fastest route, excluding any layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by the Bankruptcy Court, taking into account the convenience of the parties and any agreements reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in the original location may be replaced by a Mediator in the new location (selected by mutual

agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that

that the Debtors and the Designated Claimant share the costs of the Mediation.

       3.     *Mediation Rules*

       The Mediation of Designated Claims shall be governed by the Mediator's regular

procedures, except where expressly modified in the ADR Procedures.  In the event of any

conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in

good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

       (a)     *Impartiality and Qualifications of Mediators*

       A person appointed as a Mediator must (i) be an impartial, neutral person; (ii)

have no financial or personal interest in the proceedings or, except when otherwise agreed by the

parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to

create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to

create a reasonable inference of bias, such Mediator may be replaced at the written request of

either the Debtors or the Designated Claimant prior to the mediation.

       (b)     *Fees and Costs for Mediation*

       For each Mediation conducted under these ADR Procedures, the Mediator

selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by,

the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in

writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims

to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the

Debtors and the Designated Claimant.  For purposes of clarity, these costs shall not include

travel expenses of the parties.

       (c)     *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the

scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by

electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern

Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed

fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's

claims and identifying each and every cause of action or theory the Designated Claimant asserts,

including a short and plain statement of the facts and law upon which the Designated Claimant

relies for recovery and maintains entitle it to relief.  The Designated Claimant shall include, as

exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous

documents), affidavits, and other evidentiary materials on which the Designated Claimant relies.

Unless the parties agree otherwise, on or before fifteen (15) days after service of the Opening

Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic

transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a

nonconfidential response statement (the "**Mediation Response Statement**") not to exceed

fifteen (15) pages, excluding attachments.  The Debtors shall provide copies of the Opening

Statement and Mediation Response Statement to counsel to the statutory committee of unsecured

creditors (the "**Creditors' Committee**") upon request, on a confidential basis.  At the Mediator's

discretion and direction, the parties may submit additional, confidential letters or statements to

the Mediator, which shall receive "Mediator's-eyes-only" treatment.

(d)      *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation

session must occur no later than sixty (60) days after the date on which the Mediator is

appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel, and insurers (if any).

    (e)    *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does not result in a settlement of the Designated Claim, the Designated Claim shall be subject to Section II.C or II.E below.

    (f)    *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

**C.**    **Arbitration**

    1.    *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the Designated Claimant has expressly indicated that it does not consent to binding arbitration in its response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that fails to participate in the arbitration in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

    2.    *Arbitration Notice*

To initiate the arbitration process for a Designated Claim, the Debtors shall serve a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").[56]

3.    *Arbitration Rules and Procedures*

For Designated Claims that are not designated by the Debtors as Complex Designated Claims (as defined below), the arbitration of all Designated Claims shall be conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the AAA.  The arbitrator shall be governed by the commercial arbitration rules of the AAA then in effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in the ADR Procedures.[67]

The Debtors may, at their discretion, designate certain Designated Claims as complex designated claims (the "**Complex Designated Claims**").  The arbitration of all Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA.  The AAA Procedures for Large, Complex Commercial Disputes shall be used for arbitration of all Complex Designated Claims, in addition to the Commercial Rules of Arbitration.[78]  Finally, the AAA Supplementary Rules for Class Arbitrations shall also be used for all Class Claims, including those related to class certification and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for

---

[56] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference.  The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[67] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

[78] In the event of any conflict between the AAA Procedures for Large, Complex Commercial Disputes and the ADR Procedures, the ADR Procedures shall control.

Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a Class Claim is not arbitrable for failure for each class member to have entered into an arbitration agreement, the Court having specifically found that the ADR Procedures are applicable to Class Claims notwithstanding the absence of a written agreement to arbitrate.[89]

    (a)    *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "**Federal Arbitration Act**"), and the enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act, except as modified herein.

    (b)    *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the Designated Claimant; *provided, however,* that the arbitrator(s), in the arbitrator(s)' sole discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or unduly delaying the arbitration process. The AAA shall submit invoices to the Designated Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect and subject to the AAA's ordinary payment terms then in effect. For purposes of clarity, these costs shall not include travel expenses of the parties.

    (c)    *Impartiality and Qualifications of Arbitrators*

---

[89] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

In designating the arbitrator in accordance with the procedures described below, the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either from past arbitrations or former employment) in the law that is the subject of the Designated Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iv) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten (10) days after such disclosure.

(d)        *Time and Location of Arbitration Hearings*

All arbitration hearings shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of arbitration hearings shall give due consideration to the proximity of the Designated Claimant and to the convenience of the parties to the Arbitration Location.  Within ten (10) days of appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the arbitration hearings to the same extent the Creditors' Committee would be permitted to participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b), or any other applicable section of the Bankruptcy Code.

(e)        *Appeals of Arbitration Awards*

All arbitration awards shall be final and binding.  Other than the identities of the applicable Debtors and Designated Claimants, the claims register number(s) assigned to the applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal Arbitration Act, in which case any appeal must be to the United States District Court for the Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act. The parties shall have ten (10) days from the date the arbitration award is served to appeal such award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has concluded or appellate rights are waived, the Debtors shall update the claims docket in their chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated Claim that they deem necessary or appropriate for such purpose.

(f)    *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)    *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to the Debtors and the applicable Designated Claimant, an identical list of the names of at least

eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[910]  The

Debtors and the applicable Designated Claimant shall have seven (7) business days from the date

this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names

in order of preference, and (iii) return the list to the AAA.  In the event that the Designated

Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to

scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a

Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to the

scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in

accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its

receipt of the applicable Arbitration Notice.

       (h)    *Pre-Hearing Matters*

       Unless otherwise agreed to by the parties, any pre-hearing issues, matters or

disputes (other than with respect to merits issues) shall be presented to the arbitrator(s)

telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for

expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order

that a substantive motion, such as a motion for summary judgment, be heard in person rather

than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits

issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the

---

[910] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern.  Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the arbitrator selection process.

arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by telephonic or electronic communication at least five days prior to the arbitration hearing.

(i)     *Discovery*

Unless the Designated Claim is a Complex Designated Claim, there shall be no interrogatories.  Any requests for production of documents, electronically-stored information and things ("**Document Requests**") shall be made in writing and shall be limited to no more than twenty (20) requests, including discrete subparts.  Items requested in the Document Requests must be produced within thirty (30) days after service of the Document Requests.  All documents from discovery shall be confidential and shall not be (i) disclosed to any person or party not participating in the arbitration proceeding or (ii) used for any purpose other than in connection with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i) for any particular Designated Claim.

(j)     *Pre-Arbitration Statement*

Unless otherwise agreed by the parties, on or before ten (10) days prior to the scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the arbitration.

(k)    *Arbitration Hearing*

Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein, the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee, through its counsel, shall be permitted to attend and participate in the arbitration hearing to the same extent the Creditors' Committee would be permitted to participate in claims litigation in the Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

(l)    *Awards*

The arbitrator(s) shall issue a written, reasoned opinion and award (the "**Arbitration Award**") within fourteen (14) days after the arbitration hearing.  The arbitrator(s) shall not be compensated for more than eight hours of deliberations on and preparation of the Arbitration Award for a Designated Claim.  Any Arbitration Award shall be an allowed general unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor identified in the Designated Claimant's applicable proof of claim included with the service of the Arbitration Notice, unless otherwise ordered by the Bankruptcy Court).  The Arbitration Award may not award a priority claim or otherwise determine the priority of the claim under the Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to determine that some or all of the Arbitration Award is subject to treatment as a priority claim if the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b) interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the Creditors' Committee shall have the right within thirty (30) days after the issuance of an

Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the

preceding sentence and obtain the disallowance of any portion of a claim included in an

Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim

shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s)

confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court.

The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or

collection rights.

D.    **Settlements of Designated Claims**

1.    *Settlements Permitted at Any Stage of the ADR Procedures*

Designated Claims may be settled by the Debtors and a Designated Claimant

through the Offer Exchange Procedures, Mediation, or by agreement at any point during these

ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

2.    *Settlement Authority and Approvals*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to

settle claims pursuant to orders of the Bankruptcy Court then in effect, including without

limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b)

authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for

Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims**

**Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or

plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of

claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with

the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.

The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to

the extent that (a) such approval is required by the terms of the Settlement Authority Orders or (b) the settlement falls outside of the authority granted in the Settlement Authority Orders and otherwise requires Bankruptcy Court approval.

### E.    Failure to Resolve a Designated Claim Through ADR Procedures

#### 1.    *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim as set forth herein.

#### 2.    *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be determined by the Bankruptcy Court.

3.      *Litigation in Other Courts*

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy

Court as a result of abstention or because of lack of or limitations upon subject matter

jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions

set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed

(a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the

Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"),

then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of

venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the

Debtors;[10][11] or (b) if the Unresolved Designated Claim was not pending in any forum on the

Commencement Date, then in the United States District Court for the Southern District of New

York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the

parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem

jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and

(iv) is a proper venue.  If necessary, any disputes regarding the applicability of this Section

II.E.3 shall be determined by the Bankruptcy Court.

4.      *Modification of the Automatic Stay*

If litigation of an Unresolved Designated Claim in a forum other than the

Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

---

[10][11] The Debtors may elect to file a motion pursuant to 28 U.S.C. § 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum; *provided, however*, that any such liquidated claim (a) shall be subject to treatment under the applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a) file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors' Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3 above.

**F.**    **Failure to Comply with the ADR Procedures**

If a Designated Claimant or the Debtors fail to comply with the ADR Procedures,

negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the

Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the

ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute

the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other

things, disallow and expunge the Designated Claim, in whole or part, or grant such other or

further remedy deemed just and appropriate under the circumstances, including, without

limitation, awarding attorneys' fees, other fees, and costs to the other party.

ANNEX 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                     :
In re                                                :        **Chapter 11 Case No.**
                                                     :
**MOTORS LIQUIDATION COMPANY**, *et al.*,            :        **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*         :
                                                     :
                        Debtors.                     :        **(Jointly Administered)**
                                                     :
------------------------------------------------------------x

<u>**ALTERNATIVE DISPUTE RESOLUTION NOTICE**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

   By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February —,10, 2010. A complete copy of the ADR Procedures is enclosed for your reference.

   The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

   *You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**").  Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

---

implemented in the Debtors' chapter 11 cases:

Debtor: _____

Amount:  $_____

Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By:  _____

Printed Name

ANNEX 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :        **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*                :
                                                             :
                    **Debtors.**                             :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February ――,10, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location.  As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

ANNEX 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :     **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*  :     **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*             :
                                                             :
                **Debtors.**                                 :     **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

<u>**NOTICE OF BINDING ARBITRATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February —,10, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**"). The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

**Exhibit B**

**Blackline of ADR Procedures**

## Exhibit C

## Form of Capping Claim Letter

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
2101 Cedar Springs Road
~~500 Renaissance Center,~~ Suite ~~1400~~ 1100
~~Detroit, Michigan 48243~~
Dallas, TX 75201
Attn.: ~~Carrianne Basler~~ADR Claims Team
~~cbasler@alixpartners.com~~
claims@motorsliquidation.com

> Re:    **In re Motors Liquidation Company**, *et al*. (**"Debtors"**)
> **Case No. 09-50026 (REG) – Capping Claim Letter**

Dear ~~Ms. Basler~~Motors Liquidation Company,

By this letter, I hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. _____] entered by the United States Bankruptcy Court for the Southern District of New York on February ~~—,~~10, 2010.

Accordingly, I hereby propose to cap my claim at ~~$[____]~~the amount specified below (the "**Claim Amount Cap**") ~~from the original [$[____]/ or unliquidated amount] claim amount (the "Claim Amount")~~.

| **Proof of Claim No.** | **Original Filed Amount** | **Claim Amount Cap** |
|---|---|---|
|  |  |  |
|  |  |  |

I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs.  ~~To the extent~~If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

Very truly yours,

By          _____
Address     _____
State       _____
~~Proof of Claim No.~~_____

cc:    Pablo Falabella, Esq.
       Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, NY 10153
       pablo.falabella@weil.com

Document comparison by Workshare Professional on Friday, February 05, 2010
6:50:54 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43300431/2 |
| Description | #43300431v2<US_ACTIVE> - Use for ADR Blackline Original |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43297971/3 |
| Description | #43297971v3<US_ACTIVE> - MLC- Proposed Order re ADR Procedures |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 85 |
| Deletions | 65 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 152 |

**Exhibit C**

**Form of Capping Claim Letter**

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
2101 Cedar Springs Road
Suite 1100
Dallas, TX 75201
Attn.: ADR Claims Team
claims@motorsliquidation.com

> **Re:** **In re Motors Liquidation Company,** *et al*. (**"Debtors"**)
> **Case No. 09-50026 (REG) – Capping Claim Letter**

Dear Motors Liquidation Company,

By this letter, I hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. _____] entered by the United States Bankruptcy Court for the Southern District of New York on February 10, 2010.

Accordingly, I hereby propose to cap my claim at the amount specified below (the "**Claim Amount Cap**").

| Proof of Claim No. | Original Filed Amount | Claim Amount Cap |
|---|---|---|
|  |  |  |
|  |  |  |

I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs.  If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

Very truly yours,

By _____
Address _____
State _____