UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                     :
                                                               :
                         Debtors.               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

NOTICE OF MATTERS
<u>SCHEDULED FOR HEARING ON FEBRUARY 10, 2010 at 9:45 a.m.</u>

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling Green, New York, NY 10004-1408

**I.**    **CONTESTED MATTERS:**

1. Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**Debtors' ADR Motion**") **[Docket No. 4780]**

    <u>Response Deadline</u>:          February 3, 2010 at 4:00 p.m.

    <u>Responses Filed</u>:            **Fifteen in total**.

    A.   Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Amy Caton on behalf of Official Committee of Unsecured Creditors of General Motors Corporation **[Docket No. 4942]**

    B.   Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Mark Edwin

|   |   |
|---|---|
|   | Browning on behalf of Texas Comptroller of Public Accounts **[Docket No. 4860]** (the "**Texas Response**") |
| C. | State of Washington Joinder in Objection of Texas to ADR Procedures filed by Zachary Mosner on behalf of Washington State Tax Agencies **[Docket No. 4869]** (the "**Washington Response**") |
| D. | Commonwealth of Pennsylvania, Department of Revenue Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Carol E. Momjian on behalf of Commonwealth of Pennsylvania, Department of Revenue **[Docket No. 4920]** (the "**Pennsylvania Response**") |
| E. | State of Michigan Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Julius O. Curling on behalf of State of Michigan, Department of Treasury **[Docket No. 4921]** (the "**Michigan Response**") |
| F. | Objection of Designated Claimant to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Jake W. Rodd **[Docket No. 4925]** (the "**Rodd Response**") |
| G. | Opposition of Town of Salina, New York to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures Including Mandatory Mediation filed by Lee E. Woodard on behalf of Town of Salina **[Docket No. 4927]** (the "**Salina Response**") |
| H. | Response of Atlas Technologies, Inc. to Debtors' request for the entry of an Order pursuant to 11 USC § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, including Mandatory Mediation filed by Barry M. Lasky on behalf of Atlas Technologies, Inc. **[Docket No. 4931]** (the "**Atlas ADR Response**") |
| I. | Limited Objection of Andorra Banc Agricol Reig, S.A. to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C §105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Arbitration filed by Samuel Jason Teele on behalf of Andorra Banc Agricol Reig, S.A. **[Docket No. 4934]** (the "**Andorra Response**") |

J.     Limited Objection of Detroit Diesel Corporation to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Michael T. Conway on Behalf of Detroit Diesel Corporation **[Docket No. 4936]** (the "**Detroit Diesel Response**")

K.     Objection of Bright Bay GMC Truck, Inc. to Debtors' Motion for Alternative Dispute Resolution Procedures filed by Jeffrey Bard on behalf of Bright Bay GMC Truck, Inc. **[Docket No. 4937]** (the "**Bright Bay Response**")

L.     Limited Objection of the Dex-Cool and Anderson Class Claimants to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (Docket # 4780) filed by Paul A. Rachmuth on behalf of Dex-Cool/Gasket Class Action and Anderson Class Action Classes **[Docket No. 4938]** (the "**Dex-Cool and Anderson Response**")

M.     Limited Objection of Ad Hoc Committee of Consumer Victims of General Motors to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Benjamin P. Deutsch on behalf of Ad Hoc Committee of Consumer Victims of General Motors **[Docket No. 4940]** (the "**Ad Hoc Committee Response**")

N.     D&M Real Estate, LLC t/a The Horse Tavern & Grill and The Horse, Inc. t/a the Horse Tavern & Grill's Response in Objection to Debtors' Motion Regarding Alternative Dispute Resolution Procedures (Affirmation in Support of D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill's Motion for Relief from Automatic Stay) filed by William Dirk Pastorick on behalf D&M Real Estate, LLC t/a The Horse Tavern & Grill and The Horse, Inc. t/a the Horse Tavern & Grill **[Docket No. 4943]** (the "**D&M Response**")

O.     Ohio Department of Taxation's Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Victoria D. Garry on behalf of Ohio Department of Taxation **[Docket No. 4944]** (the "**Ohio Response**")

Reply Filed:

  A. Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation [**Docket No. 4957**] (the "**Debtors' Omnibus Reply**")

Additional Document(s):

  A. Supplement to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation **[Docket No. 4911]**

**Status:** This matter will be going forward on a limited basis as provided in the Debtors' Omnibus Reply. The only remaining objections to the limited relief requested are believed to be (i) the Bright Bay Response; (ii) the Dex-Cool and Anderson Response; (iii) the Ad Hoc Committee Response; and (iv) the D&M Response. The Debtors continue to work towards a consensual order. The remainder of the Debtors' ADR Motion will be adjourned to March 10, 2010 at 9:45 a.m.[1]

## II. UNCONTESTED MATTERS:

2. Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts (Only as to the 1991 A-3 Lease) **[Docket No. 4331]**

  Response Deadline:  November 6, 2009 at 4:00 p.m.

  Responses Filed:

    A. Limited Objection of GE Capital Corporation and U.S. Bank, as Owner Trustee on its Behalf, to Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts **[Docket No. 4386]**

---

[1] The Revised Proposed Order adjourns to the March 10, 2010 hearing the following types of claims: (a) tax claims (including tax indemnity claims relating to leveraged fixed equipment lease transactions), (b) environmental claims that constitute prepetition unsecured claims (including claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (c) indemnity claims relating to asbestos liability, and (d) all other Unliquidated/Litigation Claims that are *not* Initial Subject Claims. All capitalized terms used in this footnote shall have the meanings ascribed to such terms in the Debtors' Omnibus Reply.

  B. Reply of General Foods Credit Investors No. 2 Corporation to Limited Objection of GE Capital Corporation and U.S. Bank, as Owner Trustee On its Behalf, to Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts **[Docket No. 4857]**

  Reply Filed: None to date.

  Additional Document(s): None to date.

  **Status:** This matter will be going forward with respect to 1991 A-3 Leases only.

3. Debtors' Objection to Proofs of Claims Nos. 04620 & 07291 filed by Theresa L. Marchbanks ("**Objection to Ms. Marchbanks' POCs**") **[Docket No. 4653]**

  Response Deadline: February 3, 2010 at 4:00 p.m.

  Response Filed: None to date.

  Reply Filed: None to date.

  Additional Document(s): None to date.

  **Status:** No response has been filed. The Debtors are endeavoring to contact Ms. Marchbanks and will either proceed with the Objection to Ms. Marchbanks' POCs, if appropriate, or provide a status update.

4. Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims) **[Docket No. 4756]**

  Response Deadline: February 3, 2010 at 4:00 p.m.

  Response Filed: None to date.

  Reply Filed: None to date.

  Additional Document(s): None to date.

  **Status:** This matter will be going forward.

5. Debtors' Seventh Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4757]**

  Response Deadline: February 3, 2010 at 4:00 p.m.

Responses Filed:   None to date.

    A.    Response of Atlas Technologies, Inc. to Debtors' Seventh Omnibus Objection to Claims filed by Barry M. Lasky on behalf of Atlas Technologies, Inc. **[Docket No. 4931]** (the "**Atlas Response to the Seventh Omnibus Objection**")

    B.    Informal Response of Casmalia Resources Site Steering Committee **[Not filed on docket]** (the "**Casmalia Response**")

Reply Filed:   None to date.

Additional Document(s):   None to date.

**Status:**   This matter will be going forward except with respect to the Casmalia Response. The Debtors' Seventh Omnibus Objection to Claims is being withdrawn with respect to this claim. The Debtors have confirmed with counsel for Atlas Technologies, Inc. that the Atlas Response to the Seventh Omnibus Objection is not an objection to the relief requested.

6.    Debtors' Eighth Omnibus Objection to Claims (Claims with Insufficient Documentation) **[Docket No. 4758]**

Response Deadline:   February 3, 2010 at 4:00 p.m.

Responses Filed:

    A.    Response of Plaintiff-Claimant Douglas Groch to the Notice of Debtors' Eighth Omnibus Objection to Claims (Claims with Insufficient Documentation) **[Not filed on docket]** (the "**Groch Response**")

    B.    Informal Response of Marilyn Clark **[Not filed on docket]** (the "**Clark Response**")

    C.    Informal Response of Manny S. Weiss **[Not filed on docket]** (the "**Weiss Response**")

Reply Filed:   None to date.

Additional Document(s):   None to date.

**Status:**   This matter will be going forward except with respect to the Groch Response, the Clark Response and the Weiss Response. The Debtors' Eighth Omnibus Objection to Claims is being withdrawn with respect to these claims.

7. Debtors' Ninth Omnibus Objection to Claims (Claims with Insufficient Documentation) **[Docket No. 4759]**

   Response Deadline:    February 3, 2010 at 4:00 p.m.

   Responses Filed:

   A. Creditor Michael Logan's Response in Objection to Debtors' Ninth Omnibus Objection to Claims, filed by Brent A. Lance **[Docket No. 4866]** (the "**Logan Response**")

   B. Creditors' Response to Debtor's Ninth Omnibus Objection to Claims of Mary Bates, Individually and as Conservator for William Bradford Jones, filed by Vicki R. Slater **[Docket No. 4939]** (the "**Bates/Jones Response**")

   C. Creditor Harold Martin's Reply to Debtors' Ninth Omnibus Objection to Claims, filed by Jan I. Berlage **[Docket No. 4941]** (the "**Martin Response**")

   Reply Filed:    None to date.

   Additional Document(s):    None to date.

   **Status:**    This matter will be going forward except with respect to the Bates/Jones Response, the Logan Response, and the Martin Response. The Debtors' Ninth Omnibus Objection to Claims is being withdrawn with respect to these claims.

8. Motion to Withdraw as Counsel For Nidec Motors & Actuators **[Docket No. 4836]**

   Response Deadline:    February 3, 2010 at 4:00 p.m.

   Response Filed:

   Reply Filed:    None to date.

   Additional Document(s):

   A. Certificate of No Objection, filed by David M. Eisenberg **[Docket No. 4948]**

   **Status:**    This matter will be going forward.

### III. ADJOURNED MATTERS:

9. Request for Payment of Administrative Expenses by William Hardee **[Docket No. 4539]**

   Response Deadline:   February 3, 2010 at 4:00 p.m.

   Response Filed:

   A. Response of Debtors to Request by William Hardee for Payment of Administrative Expenses **[Docket No. 4945]**

   Reply Filed:   None to date.

   Additional Document(s):   None to date.

   **Status:**   This matter has been adjourned to April 8, 2010 at 2:00 p.m.

10. Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation **[Docket No. 4541]**

    Response Deadline:   February 8, 2010 at 4:00 p.m.

    Response Filed:   None to date.

    Reply Filed:   None to date.

    Additional Document(s):

    A. Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation (Docket No. 4541) **[Docket No. 4632]**

    B. Objection to Stipulation and Agreed Order Resolving Motion of Sarajijan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation [**Docket No. 4699**]

    C. Movant Sarajuan Gilvary's Response in Opposition to the Objections of Pompey Doge, Inc. to the Proposed Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation **[Docket No. 4709]**

    **Status:**   This matter has been adjourned to March 2, 2010 at 11:00 a.m.

11.     Motion of Marla Soffer, Administratrix of the Estate of David Arenas, Deceased, for Relief from the Automatic Stay to Continue a Separate Litigation filed by Eric Zajac on behalf of Marla Soffer **[Docket No. 4703]**

    Response Deadline:    February 3, 2010 at 4:00 p.m.

    Responses Filed:

        A.    Opposition to the Motion for Relief From Automatic Stay filed by Eric A. Weiss on behalf of M&M Motors **[Docket No. 4722]**

        B.    Debtors' Response to the Motion of Marla Soffer for Relief from the Automatic Stay to Continue Separate Litigation **[Docket No. 4726]**

    Reply Filed:

        A.    Plaintiff Marla Soffer's Reply to the Response of M&M Motors to Plaintiff's Motion to Sever the Claim Against Bankrupt General Motors Coporation filed by Eric Zajac on behalf of Marla Soffer **[Docket No. 4783]**

    Additional Document(s):    None to date.

    **Status:**    This matter has been adjourned to March 2, 2010 at 11:00 a.m.

12.     Motion of Plaintiffs in the Action Entitled *Sidner et al. v. General Motors Corporation,* for Entry of an Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4775]**

    Response Deadline:    March 3, 2010 at 4:00 p.m.

    Response Filed:    None to date.

    Reply Filed:    None to date.

    Additional Document(s):    None to date.

    **Status:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.

13.     Motion of Plaintiffs in the Action Entitled *Paikai et al. v. General Motors Corporation*, for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4776]**

    Response Deadline:    March 3, 2010 at 4:00 p.m.

    Response Filed:    None to date.

<u>Reply Filed</u>:                    None to date.

<u>Additional Document(s)</u>:    None to date.

**<u>Status</u>:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.

14. Motion of Plaintiffs in the Action Entitled *O'Connor et al. v. General Motors Corporation*, for Entry of an Order Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4777]**

<u>Response Deadline</u>:    March 3, 2010 at 4:00 p.m.

<u>Response Filed</u>:    None to date.

<u>Reply Filed</u>:    None to date.

<u>Additional Document(s)</u>:    None to date.

**<u>Status</u>:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.

15. Retained Professionals' First Interim Fee Applications

    A. First Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4436]**

    B. First Application of Honigman Miller Schwartz and Cohn LLP as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2009 Through September 30, 2009 **[Docket No. 4446, 4503]**

    C. First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-In-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period From June 1, 2009 Through September 30, 2009 **[Docket No. 4448]**

    D. Application of Butzel Long, a Professional Corporation, as Special Counsel to the Official Committee Of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services

|     | Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 10, 2009 Through September 30, 2009 **[Docket No. 4450]** |
| --- | --- |
| E.  | First Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses **[Docket No. 4451]** |
| F.  | First and Final Application of Evercore Group L.L.C. for Compensation and Reimbursement of Expenses **[Docket No. 4453]** |
| G.  | First Interim Application of Baker & McKenzie for Compensation and Reimbursement of Expenses for Services Rendered as Special Counsel for the Debtors for the Period of June 1, 2009 Through September 30, 2009 **[Docket No. 4454]** |
| H.  | First Interim Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for Services Rendered in the Case for the Period June 3, 2009 Through September 30, 2009 **[Docket No. 4455]** |
| I.  | Final Application of Alan Chapell, Consumer Privacy Ombudsman, Appointed Pursuant to Section 332 of the Bankruptcy Code for Final Approval and Allowance of Compensation for Services Rendered During the Period from June 8, 2009 Through and Including October 4, 2000 **[Docket No. 4456]** |
| J.  | First Interim Fee Application Cover Sheet of Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period From June 1, 2009 Through September 30, 2009 **[Docket No. 4457]** |
| K.  | First Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period From June 3, 2009 Through September 30, 2009 **[Docket No. 4459, 4715]** |
| L.  | First Application of Lowe, Fell & Skogg, LLC as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009 Through July 10, 2009 **[Docket No. 4474]** |

      M.    First Interim Application of the Claro Group, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4506]**

      N.    First Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009 through September 30, 2009 **[Docket No. 4803]**

Response Deadline:    February 3, 2010 at 4:00 p.m.

Response Filed:    None to date.

Reply Filed:    None to date.

Additional Document(s):    None to date.

**Status:**    This matter has been adjourned to April 8, 2010 at 2:00 p.m.

Dated: February 8, 2010
      New York, New York

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession