February 1, 2010

Honorable Robert E. Gerber
United States Bankruptcy Judge, Southern District of New York
One Bowling Green, Room 621
New York, New York 10004

Dear Honorable Robert E. Gerber

Enclosed are copies of documents and letters I received, sign, and return to your courts, and Honorable Robert E. Drain and Weil, Gotshal & Manges LLP, The Garden City Group Inc (GM) Motors Liquidation Company case no 09-50026 (REB) and case no 05-44481 (RDD).

This information may not be the same claims, but I do not know due to some of my claims are duplicates according to Gm Company and there affiliated Debtors, and attorneys.

I hope that I am not being mislead into signing off on any of my other claims through different courts, documents and etc That is another reason my amounts for each claim is a high amount. I will leave it up to the courts to be honest and decide if all of this is correct.

Thank You.

Sincerely
Joseph Y Carter

Sheryl Y. Carter
1 of 5

January 29, 2010

United States Bankruptcy Court
Southern District of New York

In re
Motors Liquidation Company, et al.       Chapter 11 Case no
f/k/a General Motors Corp, et al          09-50026 (REG)
                    Debtors.                    (Jointly Administered)


I Sheryl Y. Carter Reside at 1541 LaSalle Ave #1
Niagara Falls, New York 14301. My numbers are
(937) 362-8072 and (716) 282-3624.

I am objecting and disagreeing with the
Debtors Plans, As I mention previously, I
have several claims against the Debtors and
their affiliated debtors, case no 09-50026 (REG)
and 05-44481(RDD) and many more case no that
continue to be added or separate continually. Also
around the same time I have to response to
all these claims, different Courts at the same
time, some the Debtors state are duplicate

Claims. I ask the court to Please allow my claims and to separate any claims that are duplicated, and place the claims in the correct court And not have me answer to the same claims. How am I suppose to judge these claims and to mediate these claims by myself without knowing if the claims is a duplicate or not. Also I ask the court to allow me more time If my response should arrive late. According to the Debtors this court have Jurisdiction over this claim, but again what Claims are the Debtors talking about. I do not want to go against the wrong claim, that is why I am being cautious, and to ask the courts to decide what claims are in this court, I would respectful ask this court to decide that matter, so that the Next level

can be decided. If you also check enclosed is a letter from the Garden City Group, Inc. dated January 12, 2010 stating yet another one of my claims is related to another case no 09-50002-Chrysler LLC Bankruptcy courts. for that reason also I ask the courts to allow my claims and have my claims place in the correct courts, so that I won't have to continue mailing out my objection, disagreements on a duplicate claim. I am Sheryl Y. Carter would like to participate in good faith on any standard procedures that is needed of me. I am handling these cases by myself Prose, and I need the correct information, timely manner, not the same as all other claims on the same time frame Response, reply, deadlines. Due to my

medical conditions. I would also ask the courts to allow me extra time, if my responses, reply are late. Also I can not travel at this time or future time due to medical problems. I would ask the courts to allow phone conference and any other matters to be allowed through phone calls. I would like to file a motion of Hardship motion when needed due to my medical problems, I can not travel.

I Sheryl Y. Carter can not be sure of these letters Capping Claim, ADA Notice, Binding Arbitration, Non Binding mediation, Notice of Binding Arbitration, and any other as there are no dates, docket no, blanks empty of dates, and other information, settlements amounts, and etc. Also no signatures of a Judge empty space, as this information is

mailed to me by the Garden City Group Inc.
I have no problem in resolving my claims
with GM company = Motors Liquidation Company
as long as I have all correct information
dates, etc, on the affiliate Debtors. The
Debtors have all information as I have
stated in previously letters, documents, and
there attorneys. Since there are so many of
the Debtors attorneys all my informations,
documents, evidence, notes, and the Debtors
books and records should already be in this
courts, if not with other courts, and attorneys.
    I am enclosing copies of the letters from
but I did not sign anything, due to no
information sign by the Debtors in the
blank areas.

                              Sincerely
                              Sharyl Y. Latcu

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286

**Return Service Requested**

Presorted
First Class M
U.S. Postag
PAID
Philadelphia,
Permit No. 5



APS0737325713

SHARYL Y CARTER
1541 LASALLE AVE #1
NIAGARA FALLS, NY 14301-1227

HEARING DATE AND TIME: February 10, 2010 at 9:45 a.m.
OBJECTION DEADLINE: February 3, 2010 at 4:00 p.m. (East...

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                 :

In re                                :       **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY**, *et al.,* :     **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.*  :

                                 :

                   **Debtors.**       :     **(Jointly Administered)**

                                 :
---------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION

PLEASE TAKE NOTICE that upon the annexed Motion, dated January 11, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**")

and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order,

pursuant to section 105(a) of title 11, United States Code and General Order M-390, for

authorization to implement alternative dispute resolution procedures, all as more fully set forth in

the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **February 10, 2010 at 9:45**

**a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, Michigan 48243
Attn.: Carrianne Basler
cbasler@alixpartners.com

> Re:    In re Motors Liquidation Company, *et al.* ("Debtors")
> Case No. 09-50026 (REG) – Capping Claim Letter

Dear Ms. Basler,

By this letter, I hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. ____] entered by the United States Bankruptcy Court for the Southern District of New York on February __, 2010.

Accordingly, I hereby propose to cap my claim at $[___] (the "**Claim Amount Cap**") from the original [$[___]/ or unliquidated amount] claim amount (the "**Claim Amount**"). I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs. To the extent the Claim Amount Cap is accepted by the Debtors, I submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

Very truly yours,

By                  _____
Address           _____
State             _____
Proof of Claim No._____

cc:    Pablo Falabella, Esq.
       Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, NY 10153
       pablo.falabella@weil.com

ANNEX 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                    :
In re                                               :   **Chapter 11 Case No.**
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :   **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*          :
                                                    :
                              Debtors.              :   **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION NOTICE

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

         By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General
Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the
"**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors'
chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant
to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C.
§ 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute
Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the
United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy
Court**") on February __, 2010.  A complete copy of the ADR Procedures is enclosed for your
reference.

         The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR
Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a]
prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s)
(the "**Settlement Offer**").

         *You are required to return this ADR Notice with a Claimant's Response (as
defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

US_ACTIVE:\43275463\02\72240.0639

In addition, to the extent your most recent proofs) of claim [does]/[do] not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to [Debtor's Representative] so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED. PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT OF**) **BINDING ARBITRATION**. PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN. IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against [**Name of Debtor**] in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Claimant's Response below:

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box. If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer. However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

US_ACTIVE:\43275463\02\72240.0639

implemented in the Debtors' chapter 11 cases:

Debtor: _____
Amount:  $_____
Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any
relevant documentation.

        Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers.
Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed
proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as
defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of
claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the
purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated
Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized
Representative]

By: _____
Printed Name

<u>ANNEX 2</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* : | |
| : | |
| **Debtors.** : | **(Jointly Administered)** |
| : | |

-------------------------------------------------------------x

**<u>NOTICE OF NONBINDING MEDIATION</u>**

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February __, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location. As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

ANNEX 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                    :

**In re**                            :        **Chapter 11 Case No.**

**MOTORS LIQUIDATION COMPANY, _et al._,**    :        **09-50026 (REG)**
       **f/k/a General Motors Corp., _et al._**   :

                       **Debtors.**      :        **(Jointly Administered)**
                                      :
----------------------------------------------------------x

## NOTICE OF BINDING ARBITRATION

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

        By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Coporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February ___, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

        PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

        As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**"). The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                               :

**In re**                            :        **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :        **09-50026 (REG)**
      f/k/a **General Motors Corp.,** *et al.*   :
                                 :

                    **Debtors.**       :        **(Jointly Administered)**
                                 :
-------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF**
**ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of title 11, United States

Code and General Order M-390, for authorization to implement alternative dispute procedures,

including mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and in the ADR Procedures annexed to the Motion as **Exhibit A**.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that ADR Procedures, as set forth in Exhibit A to the Motion, are

approved; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the

"**Capping Period**"), any holder of a Unliquidated/Litigation Claim filed against any of the

Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation

Claim by sending a letter (each a "**Capping Proposal Letter**," the form of which is annexed to

the Motion as **Exhibit B**) to the Debtors indicating a willingness to cap its

Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**"); and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, to

the extent the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by

designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will

indicate in the ADR Notice that the Claim Amount Cap has been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim

Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or

her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap. To the extent the

Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs

associated with any subsequent mediation. If the Claim Amount Cap is not accepted, the

Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and

the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount

of the Unliquidated/Litigation Claim; and it is further

US_ACTIVE:\43275463\02\72240.0639                           2

ORDERED that, within one month after the Capping Period has expired, the Debtors will provide counsel for the statutory committee of unsecured creditors (the "**Creditors' Committee**") a privileged and confidential report containing information on the status of the Unliquidated/Litigation Claims (the "**Committee Report**"). The Debtors shall provide the Creditors' Committee with an updated Committee Report once a month; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; provided however, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; further provided that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures. Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum. If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of

3

this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors' Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180]; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the ADR Procedures.

Dated: New York, New York
       February ___, 2010

_____
United States Bankruptcy Judge

US_ACTIVE:\43275463\02\72240.0639