BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

John T. Gregg (Admitted Pro Hac Vice)
Telephone:  (616) 742-3930
Email:  jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Case No.  09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP, *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF DMS MOVING SYSTEMS FOR
ENTRY OF ORDER AWARDING ADMINISTRATIVE
<u>EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(A)</u>**

DMS Moving Systems ("DMS"), by and through its undersigned attorneys, hereby files this motion (the "Motion") for the entry of an order awarding an administrative expense pursuant to 11 U.S.C. §503(b)(1)(A).  In support of the Motion, DMS respectfully states as follows:

<u>**JURISDICTION**</u>

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicate for the relief requested herein is section 503 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. DMS is an entity that provides relocation services. DMS is located at 7441 Haggerty Road, Canton, Michigan 48187-0130. [Johnson Affidavit, ¶4].

4. On or about May 14, 2009, DMS agreed to provide certain relocation services to General Motors Corporation, EDES Worldwide Real Estate ("GM"). [Johnson Affidavit, ¶5]. True and correct copies of the e-mail between representatives of DMS and GM confirming the agreement, the invoice, and the bill of lading are attached hereto as Exhibit A and is incorporated herein as if fully set forth at length.

5. As set forth in the Affidavit executed by the Controller for DMS, Scott Johnson, DMS provided the initial portion of the relocation services on May 28, 2009 and May 29, 2009. [Johnson Affidavit, ¶6].

6. The expenses associated with these services amount to $5,901.51. [Johnson Affidavit, ¶7].

7. DMS rendered the remaining relocation services on the afternoon of June 1, 2009. [Johnson Affidavit, ¶8].

8. The expenses associated with these services amount to $14,083.40. [Johnson Affidavit, ¶9].

9. On the morning of June 1, 2009, prior to DMS providing the remaining relocation services, GM filed for protection under Chapter 11 of the Bankruptcy Code. [Johnson Affidavit, ¶10].

10. DMS rendered services to GM after the commencement of the GM bankruptcy case. [Johnson Affidavit, ¶11]. Thus the expenses associated with these services are post-petition expenses pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

**RELIEF REQUESTED**

11.     By this Motion, DMS respectfully requests that this Court award an administrative expense to DMS under section 503(b)(1)(A) of the Bankruptcy Code for the services rendered.

**BASIS FOR RELIEF REQUESTED**

12.     Section 503 of the Bankruptcy Code provides, in pertinent part, that:

> (b)     After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including -
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case. . .

11 U.S.C. § 503(b)(1)(A).  The purpose of section 503(b)(1)(A) is to encourage third parties to provide the debtor in possession with goods and services essential to the rehabilitation of the debtor's business.  *In re Patient Education Media, Inc.*, 221 B.R. 97, 101 (S.D.N.Y. 1998) (citation omitted).

13.     The Southern District of New York Bankruptcy Court applies the "benefit to the estate test" in order to determine what qualifies as an "actual, necessary" administrative expense. *In re CIS Corp.,* 142 B.R. 640, 643 (S.D.N.Y. 1992) (citing *In re Amfesco Indus., Inc*., 81 B.R. 777, 785 (Bankr.E.D.N.Y.1988)).  Under this test, a claimant must demonstrate that (i) the claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (ii) the transaction or consideration directly benefited the debtor-in-possession. *In re Patient Education Media, Inc.* at 101. (citation omitted).

14.     Under the present circumstances, after GM filed for bankruptcy, DMS rendered relocation services, which was a transaction that directly benefited GM.

15. In addition, the services provided by DMS to GM pursuant to the agreement between the two parties facilitated GM's continued operation and preservation of GM's businesses as they attempted to rehabilitate in bankruptcy.

16. As such, DMS conferred a direct benefit that was actually used by GM post-petition in the ordinary course of GM's business.

17. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, GM is required to pay administrative expenses that it incurs for the actual and necessary costs of preserving its estate, which would clearly include the expenses incurred for services rendered by DMS pursuant to an agreement between GM and DMS. Accordingly, DMS respectfully requests that this Court award DMS an administrative expense in the amount of $14,083.40.

18. DMS expressly reserves all rights and remedies that it has or may have against GM or any of its affiliates with respect to the services rendered or any other claim.

WHEREFORE, DMS respectfully requests that this Court award an administrative expense claim to DMS under section 503(b)(1)(A) of the Bankruptcy Code for the services rendered by DMS on June 1, 2009, and (ii) granting such other relief as is just and appropriate under the circumstances.

Dated: February 16, 2010

                BARNES & THORNBURG LLP
                Counsel to DMS Moving Systems

                By:  /s/John T. Gregg
                     John T. Gregg
                Business Address:
                171 Monroe Avenue, NW
                Suite 1000
                Grand Rapids, Michigan  49503
                (616) 742-3930

-5-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Motion of DMS Moving System for Entry of Order Awarding Administrative Claim for Post-Petition Expenses Pursuant to 11 U.S.C. § 503(b)(1)(A)**, was served on this 16th day of February, 2010, via the Court's ECF system on those parties registered to receive notice and via the United States Mail, first class, postage prepaid upon the following:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
*Attorneys for Debtors*

Kramer Levin Naftalis & Frankel LLP
Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq.,
Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.
1177 Avenue of the Americas
New York, New York 10036
*Attorneys for the Committee of Unsecured Creditors*

                                               /s/John T. Gregg
                                               John T. Gregg