UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

---

OBJECTION OF ENVIRONMENTAL CLAIMANT ONONDAGA
COUTNY, NEW YORK TO THE DEBTOR'S MOTION SEEKING
AUTHORIZATION TO IMPLEMENT ADR PROCEDURES

This partial objection to the Debtor's motion for authorization to implement alternative dispute proceedings is respectfully submitted on behalf of Claimant Onondaga County, New York.

1. Without waiving its right to continue to investigate the nature of its claim and to seek reclassification of all or a portion of its claim as a post-petition administrative expense, Onondaga County, New York objects only to that portion of the Debtors' Motion for Entry of an Order Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation to the extent the motion proposes including all "environmental claims that constitute prepetition unsecured claims" among the category of Designated Claims subject to the terms of the proposed order.

2. The Claimant Onondaga County, New York has no objection to any other portion of the motion or proposed order.

3.  The County notes that while the Debtor consulted with and addressed the concerns of representatives of certain tort and personal injury claimants, the Debtor did not, to the knowledge of Onondaga County, consult with any of the environmental claimants in an effort to consider their concerns or whether all or a portion of the environmental claims are properly the subject of the alternative dispute resolution procedures proposed in the pending motion.

4.  By way of example, the County is aware that more than one claimant has filed a proof of claim with respect to the matters addressed in the County's claim. However, the proposed ADR procedure makes no allowance for the factually and legally complex nature of environmental claims. Nor does the motion provide a mechanism for assuring that any funds will, in fact, be available at the end of the ADR process for these claims that concern and relate to issues of public health and protection of the environment as a result of the Debtor's past discharges of contaminants. Questions that the proposed order leaves unaddressed include, the following: Is it possible for such environmental claimants to proceed as a single joint claim? Conversely, are such environmental claimants required to proceed as a single joint claim? Perhaps more importantly, how will cross-claims between environmental claimants or environmental claimants and those third parties who did not file a claim be resolved or addressed?

5.  Furthermore, given the status of such proceedings pre-petition, the proposed rules severely restrict the claimants ability to secure necessary discovery from the Debtor,

particularly with respect to the County's claim which is driven by the debtor's illegal unpermitted discharges of polychlorinated byphenols into the environment. Should environmental claims be subject to some form of limited mandatory disclosure requirements? The County submits they should.

6.   A cursory review of the electronic docket suggests well under one hundred (100) environmental claims were filed. Whether the correct number is 100, 200 or even 500, the limited number of environmental claims, when compared to the thousands of claims that were received, highlights the uniqueness of the environmental claims and their distinctiveness from many of the other categories of claims. Simply stated, a claim for the cost of investigating and remediating sediment contamination down gradient of historic illegal discharges by the Debtor into a water body used by many and subject to competing state and federal oversight is not the same as a contract, lease, lemon law or warranty claim.

7.   Furthermore, the County submits the nature of certain of the County's environmental claims may preclude use of the proposed capping procedures. For example, the County's claims have outstanding issues and unknowns re: liability, allocation among and between parties and claimants, and the costs to be allocated. Thus, even while the County is desirous of participating in an alternative dispute process and otherwise supports the Debtor's motion, the realities of the County's claim may preclude the use of the ADR process as proposed in the motion for portions of the County's claim. Nevertheless, as the County reads the proposed order, the Debtor would have the option

and the ability to prematurely designate the County's claim for ADR and require participation in the process without any assurance that prior to the commencement of the ADR process some amount of funds will have been segregated and available to pay any such claim.

8.      The motion and proposed order are silent as to the required qualifications for the proposed mediators or arbitrators. All mediators and arbitrators should be required to be an expert in the applicable area of law or in the case of environmental claims -- law, science and liability allocation -- that underlie the specific claim.

9.      Lastly, Onondaga County, NY understands funds have or are proposed to be set aside for certain categories of "on-site contamination" but not for off-site or migrating contamination. To the extent such actual or proposed designation concerns real property transferred to new GM all such costs should be fully born by new GM. To the extent such actual or proposed set aside concerns real property owned by the Debtor there is no basis to distinguish between contamination that remains on-site and that which has, because of the Debtor's past actions, migrated "off-site." While there remains considerable tension between the Bankruptcy Code and our Nation's environmental laws that tension does not support the potential arbitrary use of legal property descriptions as the basis for determining which contamination is addressed by the Debtor's limited assets. As noted in the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. 9601 *et seq.* ("CERCLA") contaminated sites are not determined by legal property descriptions but are determined by reference to where the

4

contamination "otherwise come[s] to be located" after the Debtor released it into the environment. 42 U.S.C. 9601 (9).

10. Given these concerns the County requests inclusion of a mechanism to determine if certain environmental claims should be excluded from the list of Designated Claims and thus, not potentially subject to the ADR Injunction or in the alternative, the exclusion of all or subcategories of environmental claims from the list of Designated Claims with an ability and extended deadline to later opt in to the ADR process.

11. In addition, the County submits there should be a requirement that the Debtor segregate certain estate assets as a reserve for all environmental claims, including claims involving off-site disposal by the Debtor, off-site migration from the Debtor's property or facilities, potential continuing releases to the environment as the result of discharges by the Debtor and spotty or partial regulatory action by federal and state regulators.

12. Alternatively, at the direction of the Court, the Debtor should be required to determine if certain environmental claims should be exempted from the proposed Designated Claims classification prior to entry of the proposed order or by a date certain after an order is executed.

WHEREFORE, for the reasons set forth above the Claimant Onondaga County, New York respectfully objects to that portion of the pending motion that

proposes the inclusion of all environmental claims in the "Designated Claims" category, submits there should be a requirement that certain of the Debtor 's limited funds be segregated for the purpose of addressing all categories of environmental claims and a process that precludes the categorization of all environmental claims as "Designated Claims" or specific opt in or opt out requirements and deadlines for environmental claims, and such other and further relief the court deems just and proper.

Dated: Syracuse, New York
February 1, 2010

Attorneys for Claimant
Onondaga County, New York

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Luis A. Mendez
Senior Deputy County Attorney
John H. Mulroy Civic Center, 19th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315)435-2170

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Kevin C. Murphy
The Wladis Law Firm, P.C.
PO Box 245
5795 Widewaters Parkway
Syracuse, NY 13214
Telephone: (315) 445-1700

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.,* <br> f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

---

STATE OF NEW YORK         )
COUNTY OF ONONDAGA    ) ss:

CRYSTAL SMITH, being duly sworn, deposes and says:

1. That deponent is not a party to the action, is over 18 years of age and resides at Warners, New York.
2. That on the 1st day of February, 2010 deponent served a copy of the annexed Objection of Environmental Claimant Onondaga County, New York to the Debtor's Motion Seeking Authorization to Implement ADR Procedures upon the following:

Weil, Gotshal & Manges, LLP
Attn: Harvey R. Miller, Stephen Karotkin,
    and Joseph Smolinsky, Esq.
767 Fifth Avenue
New York, NY 10153

Motors Liquidation Company, et al
c/o Motors Liquidation Company
Attn: Ted Stenger
500 Renaissance Center, Suite 1400
Detroit, Michigan 48243

General Motors, LLC
Attn: Lawrence S. Buonomo
300 Renaissance Center
Detroit, Michigan 48265

Caldwalader, Wickersham & Taft, LLP
Attn: John Rapisardi, Esq.
One World Financial Center
New York, NY 10281

The United States Department of the Treasury
Attn: Joseph Sarnarias
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220

Vedder Price, P.C.
Attn: Michael Edelman and Michael Schein
1633 Broadway, 47th Floor
New York, NY 10019

Kramer Levin Naftalis & Frankel, LIT
Attn: Thomas Mayers, Amy Caton,
    Adam Rogdff and Gregory Plotko
1177 Avenue of the Americas
New York, NY 10036

Office of the United States Trustee S.D.N.Y.
Attn: Diana Adams
33 Whitehall Street
21st Floor
New York, NY 10004

The United States Attorney's Office, S.D.N.Y
Attn: David Jones and Matthew Schwartz
86 Chambers Street, 3rd Floor
New York, New York 10007

By enclosing a true and correct copy of said document in a securely sealed, post-paid Federal Express mailer for over night delivery addressed to said attorney's at the post office address above and by depositing the same in a mail box regularly maintained by an accredited carrier, Federal Express, at Widewaters Parkway, DeWitt, New York.

_____
CRYSTAL SMITH

Sworn to before me this ___
day of February, 2010.

_____
Notary Public

KEVIN C. MURPHY
Notary Public, State of New York
No. 02MU5051819
Qualified in Onondaga County
Commission Expires November 13, 2013