Lafonza Earl Washington
Judgment/Order Creditor
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.922.0308
E-mail:  mr.earlw@gmail.com

February 9, 2010

To:  United States Bankruptcy Court for the Southern District
of New York, Clerk's Office:

Re:  Motors Liquidation Company f/k/a General Motors
Corporation et al., Case No. 09-50026 (REG,
Chapter 11 Order and Final Order entered

Greetings Clerk,

Enclosed you will find an Ex Parte Motion, an Order and Certificate of Service including a SASE, please return me a copy of the "RECEIVED" papers and if allowable a DATE-STAMPED filed completion of the same.  Thank you.

*[signature]*

Lafonza Earl Washington
Judgment-Creditor

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505
Tel: 810.922.0308
Email: mr.earlw@gmail.com


Judgment/Order Creditor (Statutory)


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------x
                                     :
In re                                :   Chapter 11 Case No.
                                     :
MOTORS LIQUIDATION COMPANY, et al.,  :   09-50026 (REG)
f/k/a General Motors Corp., et al.   :
                                     :
              Debtors.               :   (JOINTLY ADMINISTERED)
                                     :
-------------------------------------x

> EX PARTE MOTION OF STATUTORY JUDGMENT-ORDER CREDITOR
> LAFONZA EARL WASHINGTON FOR ENTRY OF FINAL REMEDY
> PAYMENT ORDER PURSUANT TO THE U.S. BANKRUPTCY CODE,
> THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, ARTICLE 3
> OF THE UNITED STATES CONSTITUTION, THE FEDERAL RULES
> OF CIVIL PROCEDURE AND LOCAL RULE 9078-1 "CERTIFICATES
> OF SERVICE" REPEATED NONCOMPLIANCE AUTHORIZING THIS
> BANKRUPTCY COURT'S LACK OF JURISDICTION OVER MOTORS
> LIQUIDATION COMPANY REQUIRING ALL OF THIS COMPANY'S
> PAPERS TO BE "STRIKEN" AND DEMAND FOR SANCTIONS
> AGAINST "ALL" PROHIBITED CORPORATE ACTS INCLUDING
> DEMAND FOR IMMEDIATE ENFORCEMENT OF ORDERS FOR FINAL
> PAYMENT - BY LAW - THIS IS NOT A FACT FINDING/
> CONCLUSION OF LAW TRIAL COURT AND THE COURT IS REQUESTED
> TO NOTICE, MOTION AND ORDER ITS JURISDICTION OVER MLC

The statutory Judgment-Creditor moves to dismiss Motors Liquidation from this CLOSED administrative process including WEIL, GOTSHAL & MANGES LLP because:

1.  pursuant to 28 U.S.C. § 1334(a) the U.S. District Court for the Southern District of New York has the "EXCLUSIVE" and "ORIGINAL" jurisdiction over "ALL" cases under title 11 and this bankruptcy unit is exceeding its non-judicial powers under title 11 by hearing and determining ANY/ALL Motor Liquidation Company obstructions of justice and contempt of

court prohibited motions against this Creditor's immediate possession of monetary property OWNED herein, BY LAW;

2. according to 28 U.S.C. § 1334(e) the DISTRICT COURT and <u>NOT</u> this bankruptcy unit in which the above-numbered matter was commenced and is no longer pending, assertedly, since the ENTRY of Debtor GM's relief order on June 1, 2009, <u>SHALL HAVE EXCLUSIVE</u> jurisdiction of "<u>ALL</u>" of the property, wherever located, of Debtor GM et al., as of the commencement of this case, and of the estate;

3. Debtor GM et al., did NOT solicit an acceptance or rejection of a Plan <u>BEFORE</u> the commencement of this case with respect to this Creditor's Claim(s), which information was available by this Creditor's filings in the In re Delphi et al., Debtors' bankruptcy in this same court in 2005 and the UAW/GM class action that ended in July of 2008 in the U.S. District Court for the Eastern District of Michigan, 11 U.S.C. § 1125(b) prohibits Motors Liquidation Company et al., (<u>MLC</u>) as successors, interferences and obstructions of the administration of justice of the immediate administering of this Creditor's lump sum payment;

4. MLC is NOT subject to the jurisdiction of this Court by fact or LAW herein;

5. under 28 U.S.C. § 151 and 152(a)(1), Judge Robert E. Gerber's Orders are nonenforceable based on his "<u>14</u>" year term has expired in 2007 and ONLY bankruptcy judges in "<u>REGULAR ACTIVE SERVICE</u>" SHALL constitute a unit of this related district court.

6. FRBP Rules 2002 and 5005 evidences that Notice by mail in the venue of the district is NOT complied with due to the clerk in the district have NOT mailed MLC notices or orders, but the Garden City Group Inc., does the mailing or "delivery" by "FedEx" which contradicts and violates the mailing requirements outside the district from Melville, New York from the "Eastern" and NOT the "Southern" district of New York, Dublin, Ohio, Memphis, Tennesee, Phoenix, Arizona, and Seattle, Washington;

7. MLC et al., have NOT complied with FRBP Rule 2019(a), (b), and (b)(3), and 11 U.S.C. § 1125(b) showing that on this Creditor's Motion herein or on its own initiative, the court is required to hold INVALID any authority, acceptance, rejection or objection and with specificity the prohibited objection under a NONJUDICIAL Title 11 process that "FedEx" delivered on Monday, February 1, 2010, described as 'Notice Of Hearing On Debtors' Objection To Proofs Of Claim', Nos. 02109 & 14938 Filed by Lafonza Earl Washington with a hearing date and time of March 2, 2010 at 9:45 a.m. (Eastern Time);

8. this Court is required to hold INVALID any authority procured or received by an entity or MLC and WEIL, GOTSHAL & MANGES LLP on their 'Notice Of Hearing On Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. § 105(a) And General Order M-390 Authorizing Implementation Of Alternative Dispute Resolution Procedures, Including Mandatory Mediation' which falsely pretended dispute violates the court's previous entry

of order for relief dated June 1, 2009, which decision gave Debtor GM et al., no further standing in this case as well as the "SUM CERTAIN" liquidates this Creditor's claim, by fact and BY LAW;

9. pursuant to FRBP 2014(a), the noncompliance with this Rule proves the UNETHICAL practices of attorneys at WEIL, GOTSHAL & MANGES LLP based on the Order approving the employment of attorneys and other professional persons SHALL BE made "ONLY" on the application of the trustee who has NOT been appointed in this case and the nonappointed trustee did NOT appoint any committee;

10. pursuant to 11 U.S.C. § 327(a) and the fact that WEIL, GOTSHAL & MANGES LLP are the custodians of 82 billion of GM's proves that they could NOT satisfy the DISINTERESTED persons requirement of this statute to be employed in this case;

11. Debtor GM et al., had no opponent to dispute, contest as un-liquidated and surely NOT this Creditor as is provened by their "In re" Voluntary Petition filed;

12. this EX PARTE Motion is required to be served upon only the clerk who is demanded to issue FINAL process to enforce and execute the statutory Orders providing for payment as evidenced by the enclosed Proof of Claim dated and filed on September 24, 2009 without allowance or Order of this Court the payment is grantable of course by the clerk under FRCP 77(c); and/or

13. in compliance with FRBP 2019(b)(3) grant the appropriate

relief remedy demanded in the enclosed Proof of Claim without further delay.

Dated:   February 7, 2010

By: _____
    Lafonza Earl Washington
    Judgment-Order Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re                               : Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., : 09-50026 (REG)
f/k/a General Motors Corp., et al., :
                                    :
               Debtors'.            : (Jointly Administered)
                                    :
------------------------------------x

ORDER PURSUANT TO 11 U.S.C.§§ 105 (a), § 502 (a), AND 1124 (1) AND FRBP RULES 2002 (n), 2014 (a), 2014 (a), 2019 (b) (3), 4001 (a) (2) (A), AND TITLE 28 U.S.C. §§ 151, 152 (a) (1), 1334 (a) AND (e), AND 1337, FRCP RULES 1,5 (d) AND (e), 12, 17, 54(c), 58, 77, 79, AND LOCAL RULE 9078 - 1, AUTHORIZING IMMEDIATE-ACCELERATED EX PARTE RELIEF PAYMENT TO CREDITOR LAFONZA EARL WASHINGTON OF UNALTERED AND UNIMPAIRED CLAIMS

Upon the Ex Parte Motion, dated February 9, 2010, of Judgment/Order Creditor Lafonza Earl Washington for an Order authorized pursuant to the above-cited Laws for authorization immediately and acceleratedly for ex parte relief payment and it appearing that upon this Motion, including it being the ministerial nondiscretionary duty of the Court upon its own initiative to hold "INVALID" any authority, acceptance, rejection, or objection given, procured, or received by WEIL, GOTSHAL & MANGES LLP, as well as the prohibitions binded upon the "NON-REGULAR ACTIVE" Judge Robert . Gerber and the Court having entered its Order on July 5, 2009, and the Court being without trial Court jurisdiction or the required consent of this Creditor to determine nor find nonrequired facts or Law, the Fed.R.Civ.P. Rule 54 clearly prescribes that a judgment or order SHALL NOT contain a recital of pleadings, the report of a master, or the record of prior proceedings and the FINAL JUDGMENT or FINAL ORDER somehow having entered "BEFORE" the Order on June

25, 2009, Rule 54 (c) provides that EVERY final judgment SHALL GRANT the relief to which this Creditor party in whose favor it was/is rendered is entitled, even if this Creditor had NOT DEMANDED the relief, but which clearly has been DEMANDED according to the enclosed proof of Claim copy, therefore By Law,

**IT IS ORDERED** that Judgment/Order Creditor Lafonza Earl Washington's Ex Parte Motion is **GRANTED** against the unauthorized corporate acts of Debtors' GM et al., in the amount of the enclosed Filed and Received Proof of Claim.

**IT IS FURTHER ORDERED** that the total amount is required to be delivered to this named Creditor herein using priority overnight services and can be cashed and deposited at any United States Treasury affiliated bank.

**IT IS FURTHER ORDERED** that pro se pleadings are NOT required to meet the stringency of licensed attorneys under Federal Court Rules.


Dated: New York, New York
       February _____, 2010

                                            _____
                                            United States Bankruptcy Judge

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :    09-50026 (REG)
f/k/a General Motors Corp., et al., :
                                    :
              Debtors'.             :    (Jointly Administered)
                                    :
------------------------------------x
```

## CERTIFICATE OF SERVICE

I, Lafonza Earl Washington, certify that on Wednesday, February 10, 2010, I caused the documents identified below to be mailed to the below-named offices and officers, postage prepaid by U.S. Postal Service first class mail as follows:

1. Ex Parte Motion Of Statutory Judgment-Order Creditor Lafonza Earl Washington For Entry Of Final Remedy Payment Order Pursuant To the U.S. Bankruptcy Code, The Federal Rules of Bankruptcy Procedure, Article 3 Of The U.S. Constitution, The Federal Rules Of Civil Procedure And Local Rule 9078-1 "CERTIFICATE OF SERVICE" Repeated Noncompliance Authorizing This Bankruptcy Court's Lack Of Jurisdiction Over Motors Liquidation Company Requiring All Of This Company's Papers To Be "STRIKEN" And Demand For Sanctions Against "ALL" Prohibited Corporate Acts Including Demand For Immediate Enforcement Of Orders For Final Payment - BY LAW - This Is Not A Fact-Finding/Conclusion Of law Trial Court And the Court Is Moved To Notice, Motion And Order Its Jurisdiction Over MLC.

2. Order Pursuant To 11 U.S.C. §§ 105(a) § 502(a), 1124(1), And FRBP Rules 2002(n), 2014(a), 2019(b)(3), 4001(a)(2)(A), And Title 28 U.S.C. §§ 151, 152(a)(1), 1334(a) And (e), And 1337, FRCP Rules 1, 5(d) and (e), 12, 17, 54(c), 58, 77, 79, And Local Rule 9078-1, Authorizing Immediate-Accelerated Ex Parte Relief Payment To Creditor Lafonza Earl Washington Of Unaltered And Unimpaired Claims.

3. SASE for the RECEIVED and/or RECEIVED and filed papers identified above.

Please process according to Law.  Thank you.

By: /s/ Lafonza Earl Washington
Lafonza Earl Washington
Judgment/Order Creditor

Mailed to:

United States Bankruptcy Court
Southern District of New York
Vito Genna, Clerk
One Bowling Green
New York, N.Y.  10004

Honorable Robert E. Gerber
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y.  10004

United States Department of Justice
Eric Holder, U.S. Attorney General
Attn:  U.S. Trustee Program §586 supervision
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530