Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.922.0308
Email:  mr.earlw@gmail.com

*Ordered:*
*Motion denied, for failure*
*to show a prima facie*
*entitlement to relief.*
*S/REG*
*USBJ*
*2/22/10*

Judgment/Order Creditor (Statutory)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :    09-50026 (REG)
f/k/a General Motors Corp., et al.  :
                                    :
              Debtors.              :    (JOINTLY ADMINISTERED)
                                    :
------------------------------------x

EX PARTE MOTION OF STATUTORY JUDGMENT-ORDER CREDITOR
LAFONZA EARL WASHINGTON FOR ENTRY OF FINAL REMEDY
PAYMENT ORDER PURSUANT TO THE U.S. BANKRUPTCY CODE,
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, ARTICLE 3
OF THE UNITED STATES CONSTITUTION, THE FEDERAL RULES
OF CIVIL PROCEDURE AND LOCAL RULE 9078-1 "CERTIFICATES
OF SERVICE" REPEATED NONCOMPLIANCE AUTHORIZING THIS
BANKRUPTCY COURT'S LACK OF JURISDICTION OVER MOTORS
LIQUIDATION COMPANY REQUIRING ALL OF THIS COMPANY'S
PAPERS TO BE "STRIKEN" AND DEMAND FOR SANCTIONS
AGAINST "ALL" PROHIBITED CORPORATE ACTS INCLUDING
DEMAND FOR IMMEDIATE ENFORCEMENT OF ORDERS FOR FINAL
PAYMENT - BY LAW - THIS IS NOT A FACT FINDING/
CONCLUSION OF LAW TRIAL COURT AND THE COURT IS REQUESTED
TO NOTICE, MOTION AND ORDER ITS JURISDICTION OVER MLC

The statutory Judgment-Creditor moves to dismiss Motors Liquidation from this CLOSED administrative process including WEIL, GOTSHAL & MANGES LLP because:

1. pursuant to 28 U.S.C. § 1334(a) the U.S. District Court for the Southern District of New York has the "EXCLUSIVE" and "ORIGINAL" jurisdiction over "ALL" cases under title 11 and this bankruptcy unit is exceeding its non-judicial powers under title 11 by hearing and determining ANY/ALL Motor Liquidation Company obstructions of justice and contempt of

court prohibited motions against this Creditor's immediate possession of monetary property OWNED herein, BY LAW;

2. according to 28 U.S.C. § 1334(e) the DISTRICT COURT and <u>NOT</u> this bankruptcy unit in which the above-numbered matter was commenced and is no longer pending, assertedly, since the ENTRY of Debtor GM's relief order on June 1, 2009, <u>SHALL HAVE EXCLUSIVE</u> jurisdiction of "<u>ALL</u>" of the property, wherever located, of Debtor GM et al., as of the commencement of this case, and of the estate;

3. Debtor GM et al., did NOT solicit an acceptance or rejection of a Plan <u>BEFORE</u> the commencement of this case with respect to this Creditor's Claim(s), which information was available by this Creditor's filings in the In re Delphi et al., Debtors' bankruptcy in this same court in 2005 and the UAW/GM class action that ended in July of 2008 in the U.S. District Court for the Eastern District of Michigan, 11 U.S.C. § 1125(b) prohibits Motors Liquidation Company et al., (<u>MLC</u>) as successors, interferences and obstructions of the administration of justice of the immediate administering of this Creditor's lump sum payment;

4. MLC is NOT subject to the jurisdiction of this Court by fact or LAW herein;

5. under 28 U.S.C. § 151 and 152(a)(1), Judge Robert E. Gerber's Orders are nonenforceable based on his "<u>14</u>" year term has expired in 2007 and ONLY bankruptcy judges in "<u>REGULAR ACTIVE SERVICE</u>" SHALL constitute a unit of this related district court.

6. FRBP Rules 2002 and 5005 evidences that Notice by mail in the venue of the district is NOT complied with due to the clerk in the district have NOT mailed MLC notices or orders, but the Garden City Group Inc., does the mailing or "<u>delivery</u>" by "<u>FedEx</u>" which contradicts and violates the mailing requirements outside the district from Melville, New York from the "Eastern" and NOT the "Southern" district of New York, Dublin, Ohio, Memphis, Tennesee, Phoenix, Arizona, and Seattle, Washington;

7. MLC et al., have NOT complied with FRBP Rule 2019(a), (b), and (b)(3), and 11 U.S.C. § 1125(b) showing that on this Creditor's Motion herein or on its own initiative, the court is required to hold INVALID any authority, acceptance, rejection or objection and with specificity the prohibited objection under a NONJUDICIAL Title 11 process that "<u>FedEx</u>" delivered on Monday, February 1, 2010, described as 'Notice Of Hearing On Debtors' Objection To Proofs Of Claim', Nos. 02109 & 14938 Filed by Lafonza Earl Washington with a hearing date and time of March 2, 2010 at 9:45 a.m. (Eastern Time);

8. this Court is required to hold INVALID any authority procured or received by an entity or MLC and WEIL, GOTSHAL & MANGES LLP on their 'Notice Of Hearing On Motion Of Debtors For Entry Of Order Pursuant To 11 U.S.C. § 105(a) And General Order M-390 Authorizing Implementation Of Alternative Dispute Resolution Procedures, Including Mandatory Mediation' which falsely pretended dispute violates the court's previous entry

of order for relief dated June 1, 2009, which decision gave Debtor GM et al., no further standing in this case as well as the "SUM CERTAIN" liquidates this Creditor's claim, by fact and BY LAW;

9. pursuant to FRBP 2014(a), the noncompliance with this Rule proves the UNETHICAL practices of attorneys at WEIL, GOTSHAL & MANGES LLP based on the Order approving the employment of attorneys and other professional persons SHALL BE made "ONLY" on the application of the trustee who has NOT been appointed in this case and the nonappointed trustee did NOT appoint any committee;

10. pursuant to 11 U.S.C. § 327(a) and the fact that WEIL, GOTSHAL & MANGES LLP are the custodians of 82 billion of GM's proves that they could NOT satisfy the DISINTERESTED persons requirement of this statute to be employed in this case;

11. Debtor GM et al., had no opponent to dispute, contest as unliquidated and surely NOT this Creditor as is provened by their "In re" Voluntary Petition filed;

12. this EX PARTE Motion is required to be served upon only the clerk who is demanded to issue FINAL process to enforce and execute the statutory Orders providing for payment as evidenced by the enclosed Proof of Claim dated and filed on September 24, 2009 without allowance or Order of this Court the payment is grantable of course by the clerk under FRCP 77(c); and/or

13. in compliance with FRBP 2019(b)(3) grant the appropriate

relief remedy demanded in the enclosed Proof of Claim without further delay.

Dated:   February 7, 2010

By: Lafonza Earl Washington
Judgment-Order Creditor