## Exhibit A

## The ADR Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                     Debtors.             :        (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The alternative dispute resolution procedures (the "**ADR Procedures**") adopted in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set forth below:

### I.    CLAIMS SUBJECT TO THE ADR PROCEDURES AND ADR INJUNCTION

**A.    Claims Subject to the ADR Procedures**

1.    The claims subject to the ADR Procedures (collectively, the "**Designated Claims**") include any and all claims (other than an Excluded Claim as defined below) designated by the Debtors under the notice procedures set forth below that assert or involve claims based on one or more of the following theories of recovery, whether or not litigation previously has been commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims

relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating

to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the

Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under

section 6.15 of the MPA, and (i) class action claims ("**Class Claims**").  The Debtors may

identify as a Designated Claim any proof of claim asserted in these cases, other than Excluded

Claims as defined in Section I.B below, if the Debtors believe, in their business judgment and

sole discretion, that the ADR Procedures would promote the resolution of such claim and serve

the intended objectives of the ADR Procedures.

        2.      The holders of the Designated Claims are referred to herein as the

"**Designated Claimants**."

      **B.**      **Excluded Claims**

        The Debtors shall not identify as a Designated Claim any proof of claim within

any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the

automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**")

was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of

the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or

less; (c) asbestos-related claims; (d) environmental claims that constitute prepetition unsecured

claims (including claims for damages arising from the rejection of executory contracts that relate

primarily to environmental matters); and (e) claims subject to a separate order of the Bankruptcy

Court providing for arbitration or mediation.  Notwithstanding the foregoing, any of the

Excluded Claims, any disputed postpetition administrative expenses, and any claims or

counterclaims asserted by the Debtors may be submitted to the ADR Procedures by agreement of

the applicable Debtor and the applicable claimant or by further order of the Bankruptcy Court.

C.    **The ADR Injunction**

Upon service of the ADR Notice (as defined below) on a Designated Claimant under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**"). Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated Claimant from seeking estimation of its Designated Claim solely for voting purposes in connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases.  The ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim.  Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

II.      **THE ADR PROCEDURES**

   A.      **Offer Exchange Procedures**

   The first stage of the ADR Procedures will be the following offer exchange procedures, requiring the parties to exchange settlement offers and thereby providing an opportunity to resolve the underlying Designated Claim on a consensual basis without any further proceedings by the parties (the "**Offer Exchange Procedures**").  Rule 408 of the Federal Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

1.      _Designation of Designated Claims and Settlement Offer by the Debtors_

(a)      At any time following the entry of an order approving the ADR

Procedures (the "**ADR Order**") and subject to the terms and conditions in Sections I.A and I.B

above, the Debtors may designate a Designated Claim for resolution through the ADR

Procedures by serving upon the Designated Claimant, at the address listed on the Designated

Claimant's most recently filed proof of claim or amended proof of claim, as well as to any

counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[1] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

(b)      The ADR Notice will (i) advise the Designated Claimant that his or her

Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the

Designated Claim (including the addresses for notices under the ADR Procedures); and (iii)

include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The

ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along

with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is

received by the Debtors no later than twenty-one (21) days[2] after the mailing of the ADR Notice

(the "**Settlement Response Deadline**").

---

[1] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  The Debtors anticipate that the ADR Notice will be substantially in the form of Annex 1; however, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[2] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

(c)     If the Designated Claimant fails to sign and return the ADR Notice or to include a Claimant's Response (as defined below) with the returned ADR Notice by the Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim and (ii) the Designated Claim will be submitted to nonbinding mediation.

2.     *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**") are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned without a response or with a response that is not a permitted response, the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

3.     *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim and that are sufficient for the Debtors to evaluate the validity and amount of the Designated Claim; (ii) provide all documents that the Designated Claimant contends support the Designated Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"), which may not (A) improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the name and address of counsel representing the Designated Claimant with respect to the Designated Claim, unless the Designated Claimant is a natural person, in which case the

Designated Claimant shall either provide the name of such counsel or state that he or she is appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a general unsecured claim in the Proposed Claim Amount against the Debtor identified in the applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall not seek recovery from the Debtors of any consideration other than the consideration ultimately distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.      *Consent to Subsequent Binding Arbitration*

As described in Sections II.B and II.C below, in the absence of a settlement at the conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed consent based on prior contractual agreements), to binding arbitration.  A Designated Claimant is required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding arbitration in the event that its Designated Claim ultimately is not resolved through the Offer Exchange Procedures and the nonbinding mediation.  A Designated Claimant shall make an election to either consent or not consent to binding arbitration by checking the appropriate box in the ADR Notice (an "**Opt-In/Opt-Out Election**").  Any Designated Claimant that does not consent to binding arbitration in its response to the ADR Notice may later consent in writing to binding arbitration, subject to the agreement of the Debtors.  Consent to binding arbitration, once given, cannot subsequently be withdrawn without consent of the Debtors.

5.    *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as further defined below, each a "**Response Statement**").  The Response Statement shall indicate that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without making a revised Settlement Offer (a "**Revised Settlement Offer**").

(a)    *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline, (i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim will be submitted to nonbinding mediation.

(b)    *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than ten (10) days after the date of service of the Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim automatically will be submitted to nonbinding mediation.

(c)    *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation of any particular Designated Claim.  If the Debtors request additional information or documentation by the Response Deadline, the Designated Claimant shall serve additional

information or documentation sufficient to permit the Debtors to evaluate the basis for the

Designated Claim (with the exception, in the Designated Claimant's sole discretion, of privileged

information or information prepared expressly in contemplation of litigation) so that it is

received by the Debtors within fifteen (15) days after such request.  If the Designated Claimant

timely responds, the Debtors shall have fifteen (15) days to provide an amended Response

Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer.  If

the Debtors do not provide an amended Response Statement within this period, or if the

Designated Claimant fails to provide the requested information or documentation within the time

allotted, the Designated Claim will be submitted to nonbinding mediation.

6.    *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may

exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days

after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the

applicable timeframes provided for in Section II.A.5(c) above with respect to requesting,

receiving, and responding to additional information or documentation.  Otherwise, the Offer

Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer**

**Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically

advances to nonbinding mediation under the provisions set forth above; (ii) the date that any

settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the

date upon which a Response Statement was served by the Debtors, if the Debtors notified the

Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to

nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the

Designated Claimant.

7.     *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time.  All such settlements shall be subject to the terms of Section II.D.2 below.

**B.     Nonbinding Mediation ("Mediation")**

1.     *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination Date, or as soon thereafter as is reasonably practicable.[3]  The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

2.     *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Mediation Locations**"), unless the parties agree to a different location.  Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the

---

[3] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference.  The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

Designated Claimant.  Notwithstanding the foregoing, within ten (10) business days after service

of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court,

on notice to the Debtors and any previously appointed mediator, for an order directing that the

Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated

Claimant can demonstrate that traveling to any of the Mediation Locations presents a

"substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that,

absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated

Claimant if the primary representative for a Designated Claimant resides in a location that is less

than 750 miles from the Mediation Location or is less than a three-hour plane trip from the

Mediation Location (based on typical commercial schedules for the fastest route, excluding any

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall

be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by

the Bankruptcy Court, taking into account the convenience of the parties and any agreements

reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in

the original location may be replaced by a Mediator in the new location (selected by mutual

agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that

that the Debtors and the Designated Claimant share the costs of the Mediation.

3.    *Mediation Rules*

The Mediation of Designated Claims shall be governed by the Mediator's regular procedures, except where expressly modified in the ADR Procedures.  In the event of any conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

(a)    *Impartiality and Qualifications of Mediators*

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the mediation.

(b)    *Fees and Costs for Mediation*

For each Mediation conducted under these ADR Procedures, the Mediator selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant subject to the Sharing Cap (as such term is described in the ADR Order.  For purposes of clarity, these costs shall not include travel expenses of the parties.

(c)    *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern

Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed

fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's

claims and identifying each and every cause of action or theory the Designated Claimant asserts,

including a short and plain statement of the facts and law upon which the Designated Claimant

relies for recovery and maintains entitle it to relief.  The Designated Claimant shall include, as

exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous

documents), affidavits, and other evidentiary materials on which the Designated Claimant relies

(with the exception, in the Designated Claimant's sole discretion, of privileged information or

information prepared expressly in contemplation of litigation).  Unless the parties agree

otherwise, on or before fifteen (15) days after service of the Opening Statement, the Debtors

shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile,

at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential response

statement (the "**Mediation Response Statement**") not to exceed fifteen (15) pages, excluding

attachments.  The Designated Claimant shall receive copies of all exhibits to the Mediation

Response Statement (with the exception, in the Debtors' sole discretion, of privileged

information or information prepared expressly in contemplation of litigation).  The Debtors shall

provide copies of the Opening Statement and Mediation Response Statement to counsel to the

statutory committee of unsecured creditors (the "**Creditors' Committee**") upon request, on a

confidential basis.  At the Mediator's discretion and direction, the parties may submit additional,

confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only"

treatment.

(d)    *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation

session must occur no later than sixty (60) days after the date on which the Mediator is

appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the

parties and their respective counsel, and insurers (if any).

(e)    *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement

shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does

not result in a settlement of the Designated Claim, the Designated Claim shall be subject to

Section II.C or II.E below.

(f)    *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual

written consent of the Debtors and the Designated Claimant.

**C.    Arbitration**

1.    *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration

under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this

Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the

Designated Claimant has expressly indicated that it does not consent to binding arbitration in its

response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to

Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the

Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without

limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that

fails to participate in the arbitration in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

2.    *Arbitration Notice*

To initiate the arbitration process for a Designated Claim, the Debtors shall serve a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").[4]

3.    *Arbitration Rules and Procedures*

For Designated Claims that are not designated by the Debtors as Complex Designated Claims (as defined below), the arbitration of all Designated Claims shall be conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the AAA.  The arbitrator shall be governed by the commercial arbitration rules of the AAA then in effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in the ADR Procedures.[5]

The Debtors may, at their discretion, designate certain Designated Claims as complex designated claims (the "**Complex Designated Claims**").  The arbitration of all Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA.  The AAA Procedures for Large, Complex Commercial Disputes, in addition to the Commercial Rules of Arbitration, shall be used for arbitration of all Complex Designated Claims; *provided, however*, unless otherwise agreed by the

---

[4] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference.  The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[5] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

parties, (i) the AAA shall appoint a panel of three (3) arbitrators, as provided in this Section and

Section II.C.3(g) and (ii) the arbitration hearing on a Complex Designated Claim must be held no

later than ninety (90) days after the date of appointment of the arbitrator(s), as provided in

Section II.C.3(k).  Finally, the AAA Supplementary Rules for Class Arbitrations shall also be

used for all Class Claims, including those related to class certification and the Class

Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for Class

Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as

defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a

Class Claim is not arbitrable for failure for each class member to have entered into an arbitration

agreement, the Court having specifically found that the ADR Procedures are applicable to Class

Claims notwithstanding the absence of a written agreement to arbitrate.[6]

    (a)    *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by

the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "**Federal Arbitration Act**"), and the

enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act,

except as modified herein.

    (b)    *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition

or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs

charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the

Designated Claimant; *provided, however*, that the arbitrator(s), in the arbitrator(s)' sole

discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or

---

[6] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

unduly delaying the arbitration process.  The AAA shall submit invoices to the Designated

Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect

and subject to the AAA's ordinary payment terms then in effect.  For purposes of clarity, these

costs shall not include travel expenses of the parties.

(c)       *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below,

the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person

appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either

from past arbitrations or former employment) in the law that is the subject of the Designated

Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise

agreed by the parties, in any related matter; and (iv) upon appointment, disclose any

circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator

discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be

replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten

(10) days after such disclosure.

(d)       *Time and Location of Arbitration Hearings*

All arbitration hearings shall be conducted in either (i) New York, New York; (ii)

Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the

"**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of

arbitration hearings shall give due consideration to the proximity of the Designated Claimant and

to the convenience of the parties to the Arbitration Location.  Within ten (10) days of

appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial

Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the

contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the

arbitration hearings to the same extent the Creditors' Committee would be permitted to

participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b),

or any other applicable section of the Bankruptcy Code.

(e)     *Appeals of Arbitration Awards*

All arbitration awards shall be final and binding.  Other than the identities of the

applicable Debtors and Designated Claimants, the claims register number(s) assigned to the

applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated

Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed

upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have

the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal

Arbitration Act, in which case any appeal must be to the United States District Court for the

Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act.

The parties shall have ten (10) days from the date the arbitration award is served to appeal such

award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their

chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated

Claim that they deem necessary or appropriate for such purpose.

(f)     *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the

mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall

consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)     *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to the Debtors and the applicable Designated Claimant, an identical list of the names of at least eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[7]  The Debtors and the applicable Designated Claimant shall have seven (7) business days from the date this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names in order of preference, and (iii) return the list to the AAA.  In the event that the Designated Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the name(s) not stricken, giving consideration first to the preferences of the parties and second to scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the name(s) not stricken, giving consideration first to the preferences of the parties and second to the scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its receipt of the applicable Arbitration Notice.

(h)      *Pre-Hearing Matters*

Unless otherwise agreed to by the parties, any pre-hearing issues, matters or disputes (other than with respect to merits issues) shall be presented to the arbitrator(s) telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order

---

[7] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern. Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the arbitrator selection process.

that a substantive motion, such as a motion for summary judgment, be heard in person rather than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by telephonic or electronic communication at least five days prior to the arbitration hearing.

(i)    *Discovery*

Unless the Designated Claim is a Complex Designated Claim, there shall be no interrogatories.  Any requests for production of documents, electronically-stored information and things ("**Document Requests**") shall be made in writing and shall be limited to no more than twenty (20) requests, including discrete subparts.  Items requested in the Document Requests must be produced within thirty (30) days after service of the Document Requests.  All documents from discovery shall be confidential and shall not be (i) disclosed to any person or party not participating in the arbitration proceeding or (ii) used for any purpose other than in connection with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i) for any particular Designated Claim.

(j)    *Pre-Arbitration Statement*

Unless otherwise agreed by the parties, on or before ten (10) days prior to the scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to

exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the

arbitration.

      (k)    *Arbitration Hearing*

      Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein,

the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after

the date of appointment of the arbitrator(s). The arbitration hearing is open only to the parties

and their respective counsel, insurers (if any), and witnesses. In addition, notwithstanding

anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee,

through its counsel, shall be permitted to attend and participate in the arbitration hearing to the

same extent the Creditors' Committee would be permitted to participate in claims litigation in the

Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of

the Bankruptcy Code. Nonparty witnesses shall be sequestered. No posthearing briefs may be

submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to

the issues, timing, and page limitations the arbitrator(s) imposes. There shall be no reply briefs.

      (l)    *Awards*

      The arbitrator(s) shall issue a written, reasoned opinion and award (the

"**Arbitration Award**") within fourteen (14) days after the arbitration hearing. The arbitrator(s)

shall not be compensated for more than eight hours of deliberations on and preparation of the

Arbitration Award for a Designated Claim. Any Arbitration Award shall be an allowed general

unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no

Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor

identified in the Designated Claimant's applicable proof of claim included with the service of the

Arbitration Notice, unless otherwise ordered by the Bankruptcy Court). The Arbitration Award

may not award a priority claim or otherwise determine the priority of the claim under the

Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an

Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to

determine that some or all of the Arbitration Award is subject to treatment as a priority claim if

the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR

Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any

Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b)

interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the

Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified

in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are

subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance,

other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any

other form of equitable remedy; or (f) any relief not among the foregoing but otherwise

impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the

Creditors' Committee shall have the right within thirty (30) days after the issuance of an

Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the

preceding sentence and obtain the disallowance of any portion of a claim included in an

Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim

shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s)

confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court.

The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or

collection rights.

     **D.**     **Settlements of Designated Claims**

          1.     *Settlements Permitted at Any Stage of the ADR Procedures*

Designated Claims may be settled by the Debtors and a Designated Claimant through the Offer Exchange Procedures, Mediation, or by agreement at any point during these ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

2.    *Settlement Authority and Approvals*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to settle claims pursuant to orders of the Bankruptcy Court then in effect, including without limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders. The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to the extent that (a) such approval is required by the terms of the Settlement Authority Orders or (b) the settlement falls outside of the authority granted in the Settlement Authority Orders and otherwise requires Bankruptcy Court approval.

E.    **Failure to Resolve a Designated Claim Through ADR Procedures**

1.    *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim as set forth herein.

2.      *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be determined by the Bankruptcy Court.

3.      *Litigation in Other Courts*

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed (a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"), then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the Debtors;[8] or (b) if the Unresolved Designated Claim was not pending in any forum on the

---

[8] The Debtors may elect to file a motion pursuant to 28 U.S.C.§ 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

Commencement Date, then in the United States District Court for the Southern District of New

York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the

parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem

jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and

(iv) is a proper venue.  If necessary, any disputes regarding the applicability of this Section II.E.3

shall be determined by the Bankruptcy Court.

4.    _Modification of the Automatic Stay_

If litigation of an Unresolved Designated Claim in a forum other than the

Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum;

_provided, however_, that any such liquidated claim (a) shall be subject to treatment under the

applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general

unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3 above.

### F.   Failure to Comply with the ADR Procedures

If a Designated Claimant or the Debtors fail to comply with the ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party.

<u>ANNEX 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  | : |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : |  |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

## <u>ALTERNATIVE DISPUTE RESOLUTION NOTICE</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010. A complete copy of the ADR Procedures is enclosed for your reference.

The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

*You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs) of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED. PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**. PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN. IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box. If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer. However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

---

implemented in the Debtors' chapter 11 cases:

Debtor: _____

Amount:  $_____

Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By: _____
Printed Name

<u>ANNEX 2</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                          :
             **Debtors.**                 :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

      By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

      As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location.  As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

**ANNEX 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                       :
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**MOTORS LIQUIDATION COMPANY**, *et al.*,              :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*       :
                                                       :
                        **Debtors.**                   :        **(Jointly Administered)**
                                                       :
-------------------------------------------------------------x

**NOTICE OF BINDING ARBITRATION**

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

       By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

       PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

       As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**").  The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

## Exhibit B

### Blackline of ADR Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

<u>**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**</u>

The alternative dispute resolution procedures (the "**ADR Procedures**") adopted in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set forth below:

**I.    CLAIMS SUBJECT TO THE ADR**
**PROCEDURES AND ADR INJUNCTION**

    **A.**    <u>**Claims Subject to the ADR Procedures**</u>

1.    The claims subject to the ADR Procedures (collectively, the "**Designated Claims**") include any and all claims (other than an Excluded Claim as defined below) designated by the Debtors under the notice procedures set forth below that assert or involve claims based on one or more of the following theories of recovery, whether or not litigation previously has been commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code, (f) indemnity claims (excluding claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (f) indemnity claims (excluding tax

indemnity claims relating to leveraged fixed equipment lease transactions and excluding
indemnity claims relating to asbestos liability), (g) lemon law claims, to the extent applicable
under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and
NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to
the extent applicable under section 6.15 of the MPA, (i) environmental claims that constitute
prepetition unsecured claims, (j) tax claims, and (kand (i) class action claims ("**Class Claims**").
The Debtors may identify as a Designated Claim any proof of claim asserted in these cases, other
than Excluded Claims as defined in Section I.B below, if the Debtors believe, in their business
judgment and sole discretion, that the ADR Procedures would promote the resolution of such
claim and serve the intended objectives of the ADR Procedures.

   2.  The holders of the Designated Claims are referred to herein as the
"**Designated Claimants**."

  **B.**  **Excluded Claims**

   The Debtors shall not identify as a Designated Claim any proof of claim within
any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the
automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**")
was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of
the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or
less; (c) asbestos-related claims (other than indemnity claims); and (d; (d) environmental claims
that constitute prepetition unsecured claims (including claims for damages arising from the
rejection of executory contracts that relate primarily to environmental matters); and (e) claims
subject to a separate order of the Bankruptcy Court providing for arbitration or mediation.
Notwithstanding the foregoing, any of the Excluded Claims, any disputed postpetition
administrative expenses, and any claims or counterclaims asserted by the Debtors may be

submitted to the ADR Procedures by agreement of the applicable Debtor and the applicable

claimant or by further order of the Bankruptcy Court.

      C.      **The ADR Injunction**

         Upon service of the ADR Notice (as defined below) on a Designated Claimant

under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting

an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing

any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking

to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the

ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans

confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**").

Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any

Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation

or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or

preclude the Designated Claimant from seeking estimation of its Designated Claim solely for

voting purposes in connection with confirmation of a plan or plans confirmed in the applicable

Debtors' chapter 11 cases.  The ADR Injunction shall expire with respect to a Designated Claim

only when that Designated Claim has been resolved or after the ADR Procedures have been

completed as to that Designated Claim.  Except as expressly set forth herein or in a separate

order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit,

or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar

injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the

applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan

Injunction shall remain in place to the extent then in effect.

## II.    THE ADR PROCEDURES

### A.    Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange procedures, requiring the parties to exchange settlement offers and thereby providing an opportunity to resolve the underlying Designated Claim on a consensual basis without any further proceedings by the parties (the "**Offer Exchange Procedures**").  Rule 408 of the Federal Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

1.    _Designation of Designated Claims and Settlement Offer by the Debtors_

(a)    At any time following the entry of an order approving the ADR

Procedures (the "**ADR Order**") and subject to the terms and conditions in Sections I.A and I.B

above, the Debtors may designate a Designated Claim for resolution through the ADR

Procedures by serving upon the Designated Claimant, at the address listed on the Designated

Claimant's most recently filed proof of claim or amended proof of claim, as well as to any

counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[23] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

(b)    The ADR Notice will (i) advise the Designated Claimant that his or her

Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the

Designated Claim (including the addresses for notices under the ADR Procedures); and (iii)

include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The

ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along

with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is

received by the Debtors no later than twenty-one (21) days[24] after the mailing of the ADR Notice

(the "**Settlement Response Deadline**").

---

[23] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  ~~Although the~~The Debtors anticipate that the ADR Notice will be substantially in the form of Annex ~~1,~~1; however, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[24] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

(c)    If the Designated Claimant fails to sign and return the ADR Notice or to include a Claimant's Response (as defined below) with the returned ADR Notice by the Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim and (ii) the Designated Claim will be submitted to nonbinding mediation.

2.    *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**") are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned without a response or with a response that is not a permitted response, the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

3.    *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim and that are sufficient for the Debtors to evaluate the validity and amount of the Designated Claim; (ii) provide all documents that the Designated Claimant contends support the Designated Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"), which may not (A) improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the name and address of counsel representing the Designated Claimant with respect to the Designated Claim, unless the Designated Claimant is a natural person, in which case the

Designated Claimant shall either provide the name of such counsel or state that he or she is appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a general unsecured claim in the Proposed Claim Amount against the Debtor identified in the applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall not seek recovery from the Debtors of any consideration other than the consideration ultimately distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.    *Consent to Subsequent Binding Arbitration*

As described in Sections II.B and II.C below, in the absence of a settlement at the conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed consent based on prior contractual agreements), to binding arbitration.  A Designated Claimant is required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding arbitration in the event that its Designated Claim ultimately is not resolved through the Offer Exchange Procedures and the nonbinding mediation.  A Designated Claimant shall make an election to either consent or not consent to binding arbitration by checking the appropriate box in the ADR Notice (an "**Opt-In/Opt-Out Election**").  Any Designated Claimant that does not consent to binding arbitration in its response to the ADR Notice may later consent in writing to binding arbitration, subject to the agreement of the Debtors.  Consent to binding arbitration, once given, cannot subsequently be withdrawn without consent of the Debtors.

5.      _The Debtors' Response to a Counteroffer_

The Debtors must respond to any Counteroffer within fifteen (15) days after their receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as further defined below, each a "**Response Statement**").  The Response Statement shall indicate that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without making a revised Settlement Offer (a "**Revised Settlement Offer**").

(a)      _Failure to Respond_

If the Debtors fail to respond to the Counteroffer by the Response Deadline, (i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim will be submitted to nonbinding mediation.

(b)      _Revised Settlement Offer_

If the Debtors make a Revised Settlement Offer by the Response Deadline, the Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than ten (10) days after the date of service of the Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim automatically will be submitted to nonbinding mediation.

(c)      _Request for Additional Information_

The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation of any particular Designated Claim.  If the Debtors request additional information or documentation by the Response Deadline, the Designated Claimant shall serve ~~such~~ additional

information or documentation sufficient to permit the Debtors to evaluate the basis for the Designated Claim (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation) so that it is received by the Debtors within fifteen (15) days after such request.  If the Designated Claimant timely responds, the Debtors shall have fifteen (15) days to provide an amended Response Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer.  If the Debtors do not provide an amended Response Statement within this period, or if the Designated Claimant fails to provide the requested information or documentation within the time allotted, the Designated Claim will be submitted to nonbinding mediation.

6.  *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the applicable timeframes provided for in Section II.A.5(c) above with respect to requesting, receiving, and responding to additional information or documentation.  Otherwise, the Offer Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically advances to nonbinding mediation under the provisions set forth above; (ii) the date that any settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the date upon which a Response Statement was served by the Debtors, if the Debtors notified the Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the Designated Claimant.

7. *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time. All such settlements shall be subject to the terms of Section II.D.2 below.

**B.** **Nonbinding Mediation ("Mediation")**

1. *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination Date, or as soon thereafter as is reasonably practicable.[45] The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

2. *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Mediation Locations**"), unless the parties agree to a different location. Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the

---

[45] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference. The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

Designated Claimant.  Notwithstanding the foregoing, within ten (10) business days after service

of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court,

on notice to the Debtors and any previously appointed mediator, for an order directing that the

Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated

Claimant can demonstrate that traveling to any of the Mediation Locations presents a

"substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that,

absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated

Claimant if the primary representative for a Designated Claimant resides in a location that is less

than 750 miles from the Mediation Location or is less than a three-hour plane trip from the

Mediation Location (based on typical commercial schedules for the fastest route, excluding any

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall

be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by

the Bankruptcy Court, taking into account the convenience of the parties and any agreements

reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in

the original location may be replaced by a Mediator in the new location (selected by mutual

agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that

that the Debtors and the Designated Claimant share the costs of the Mediation.

3.    *Mediation Rules*

The Mediation of Designated Claims shall be governed by the Mediator's regular procedures, except where expressly modified in the ADR Procedures.  In the event of any conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

(a)    *Impartiality and Qualifications of Mediators*

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the mediation.

(b)    *Fees and Costs for Mediation*

For each Mediation conducted under these ADR Procedures, the Mediator selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant subject to the Sharing Cap (as such term is described in the ADR Order.  For purposes of clarity, these costs shall not include travel expenses of the parties.

(c)    *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern

Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed

fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's

claims and identifying each and every cause of action or theory the Designated Claimant asserts,

including a short and plain statement of the facts and law upon which the Designated Claimant

relies for recovery and maintains entitle it to relief.  The Designated Claimant shall include, as

exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous

documents), affidavits, and other evidentiary materials on which the Designated Claimant relies

(with the exception, in the Designated Claimant's sole discretion, of privileged information or

information prepared expressly in contemplation of litigation).  Unless the parties agree

otherwise, on or before fifteen (15) days after service of the Opening Statement, the Debtors

shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile,

at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential response

statement (the "**Mediation Response Statement**") not to exceed fifteen (15) pages, excluding

attachments.  The Designated Claimant shall receive copies of all exhibits to the Mediation

Response Statement (with the exception, in the Debtors' sole discretion, of privileged

information or information prepared expressly in contemplation of litigation).  The Debtors shall

provide copies of the Opening Statement and Mediation Response Statement to counsel to the

statutory committee of unsecured creditors (the "**Creditors' Committee**") upon request, on a

confidential basis.  At the Mediator's discretion and direction, the parties may submit additional,

confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only"

treatment.

(d)     *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation session must occur no later than sixty (60) days after the date on which the Mediator is appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel, and insurers (if any).

(e)     *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does not result in a settlement of the Designated Claim, the Designated Claim shall be subject to Section II.C or II.E below.

(f)     *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

**C.     Arbitration**

1.     *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the Designated Claimant has expressly indicated that it does not consent to binding arbitration in its response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that

fails to participate in the arbitration in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

2. *Arbitration Notice*

To initiate the arbitration process for a Designated Claim, the Debtors shall serve a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").[56]

3. *Arbitration Rules and Procedures*

For Designated Claims that are not designated by the Debtors as Complex Designated Claims (as defined below), the arbitration of all Designated Claims shall be conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the AAA. The arbitrator shall be governed by the commercial arbitration rules of the AAA then in effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in the ADR Procedures.[67]

The Debtors may, at their discretion, designate certain Designated Claims as complex designated claims (the "**Complex Designated Claims**"). The arbitration of all Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA. The AAA Procedures for Large, Complex Commercial Disputes, in addition to the Commercial Rules of Arbitration, shall be used for arbitration of all Complex Designated Claims, in addition to the Commercial Rules of

---

[56] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference. The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[67] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

Arbitration.[7]; *provided, however*, unless otherwise agreed by the parties, (i) the AAA shall appoint a panel of three (3) arbitrators, as provided in this Section and Section II.C.3(g) and (ii) the arbitration hearing on a Complex Designated Claim must be held no later than ninety (90) days after the date of appointment of the arbitrator(s), as provided in Section II.C.3(k). Finally, the AAA Supplementary Rules for Class Arbitrations shall also be used for all Class Claims, including those related to class certification and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a Class Claim is not arbitrable for failure for each class member to have entered into an arbitration agreement, the Court having specifically found that the ADR Procedures are applicable to Class Claims notwithstanding the absence of a written agreement to arbitrate.[8]

(a) *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. (the "**Federal Arbitration Act**"), and the enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act, except as modified herein.

(b) *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs

---

[7] In the event of any conflict between the AAA Procedures for Large, Complex Commercial Disputes and the ADR Procedures, the ADR Procedures shall control.

[8] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the

Designated Claimant; *provided, however*, that the arbitrator(s), in the arbitrator(s)' sole

discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or

unduly delaying the arbitration process.  The AAA shall submit invoices to the Designated

Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect

and subject to the AAA's ordinary payment terms then in effect.  For purposes of clarity, these

costs shall not include travel expenses of the parties.

(c)    *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below,

the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person

appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either

from past arbitrations or former employment) in the law that is the subject of the Designated

Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise

agreed by the parties, in any related matter; and (iv) upon appointment, disclose any

circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator

discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be

replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten

(10) days after such disclosure.

(d)    *Time and Location of Arbitration Hearings*

All arbitration hearings shall be conducted in either (i) New York, New York; (ii)

Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the

"**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of

arbitration hearings shall give due consideration to the proximity of the Designated Claimant and

to the convenience of the parties to the Arbitration Location.  Within ten (10) days of

appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial

Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the

contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the

arbitration hearings to the same extent the Creditors' Committee would be permitted to

participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b),

or any other applicable section of the Bankruptcy Code.

      (e)    *Appeals of Arbitration Awards*

All arbitration awards shall be final and binding.  Other than the identities of the

applicable Debtors and Designated Claimants, the claims register number(s) assigned to the

applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated

Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed

upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have

the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal

Arbitration Act, in which case any appeal must be to the United States District Court for the

Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act.

The parties shall have ten (10) days from the date the arbitration award is served to appeal such

award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their

chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated

Claim that they deem necessary or appropriate for such purpose.

      (f)    *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall consult with the Creditors' Committee prior to any modification to the arbitration procedures.

      (g)     *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to the Debtors and the applicable Designated Claimant, an identical list of the names of at least eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[9]  The Debtors and the applicable Designated Claimant shall have seven (7) business days from the date this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names in order of preference, and (iii) return the list to the AAA.  In the event that the Designated Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the name(s) not stricken, giving consideration first to the preferences of the parties and second to scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the name(s) not stricken, giving consideration first to the preferences of the parties and second to the scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its receipt of the applicable Arbitration Notice.

      (h)     *Pre-Hearing Matters*

---

[9] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern. Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the arbitrator selection process.

Unless otherwise agreed to by the parties, any pre-hearing issues, matters or disputes (other than with respect to merits issues) shall be presented to the arbitrator(s) telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order that a substantive motion, such as a motion for summary judgment, be heard in person rather than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by telephonic or electronic communication at least five days prior to the arbitration hearing.

(i)    *Discovery*

Unless the Designated Claim is a Complex Designated Claim, there shall be no interrogatories.  Any requests for production of documents, electronically-stored information and things ("**Document Requests**") shall be made in writing and shall be limited to no more than twenty (20) requests, including discrete subparts.  Items requested in the Document Requests must be produced within thirty (30) days after service of the Document Requests.  All documents from discovery shall be confidential and shall not be (i) disclosed to any person or party not participating in the arbitration proceeding or (ii) used for any purpose other than in connection with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i) for any particular Designated Claim.

(j)    *Pre-Arbitration Statement*

Unless otherwise agreed by the parties, on or before ten (10) days prior to the scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the arbitration.

  (k) *Arbitration Hearing*

Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein, the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee, through its counsel, shall be permitted to attend and participate in the arbitration hearing to the same extent the Creditors' Committee would be permitted to participate in claims litigation in the Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

  (l) *Awards*

The arbitrator(s) shall issue a written, reasoned opinion and award (the "**Arbitration Award**") within fourteen (14) days after the arbitration hearing.  The arbitrator(s) shall not be compensated for more than eight hours of deliberations on and preparation of the

Arbitration Award for a Designated Claim.  Any Arbitration Award shall be an allowed general unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor identified in the Designated Claimant's applicable proof of claim included with the service of the Arbitration Notice, unless otherwise ordered by the Bankruptcy Court).  The Arbitration Award may not award a priority claim or otherwise determine the priority of the claim under the Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to determine that some or all of the Arbitration Award is subject to treatment as a priority claim if the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b) interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the Creditors' Committee shall have the right within thirty (30) days after the issuance of an Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the preceding sentence and obtain the disallowance of any portion of a claim included in an Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim

shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s)
confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court.
The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or
collection rights.

      **D.**        **Settlements of Designated Claims**

      1.      *Settlements Permitted at Any Stage of the ADR Procedures*

Designated Claims may be settled by the Debtors and a Designated Claimant
through the Offer Exchange Procedures, Mediation, or by agreement at any point during these
ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

      2.      *Settlement Authority and Approvals*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to
settle claims pursuant to orders of the Bankruptcy Court then in effect, including without
limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b)
authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for
Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims
Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or
plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of
claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with
the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.
The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to
the extent that (a) such approval is required by the terms of the Settlement Authority Orders or
(b) the settlement falls outside of the authority granted in the Settlement Authority Orders and
otherwise requires Bankruptcy Court approval.

E. **Failure to Resolve a Designated Claim Through ADR Procedures**

1. *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim as set forth herein.

2. *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be determined by the Bankruptcy Court.

3. *Litigation in Other Courts*

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed (a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"),

then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of

venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the

Debtors;[10] or (b) if the Unresolved Designated Claim was not pending in any forum on the

Commencement Date, then in the United States District Court for the Southern District of New

York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the

parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem

jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and

(iv) is a proper venue.  If necessary, any disputes regarding the applicability of this Section II.E.3

shall be determined by the Bankruptcy Court.

4.    _Modification of the Automatic Stay_

If litigation of an Unresolved Designated Claim in a forum other than the

Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum;

_provided, however_, that any such liquidated claim (a) shall be subject to treatment under the

applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general

unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

---

[10] The Debtors may elect to file a motion pursuant to 28 U.S.C.§ 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court

in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a

Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall

remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant

may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay

must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3

above.

       **F.**      <u>**Failure to Comply with the ADR Procedures**</u>

        If a Designated Claimant or the Debtors fail to comply with the ADR Procedures,

negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the

Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the

ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute

the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other

things, disallow and expunge the Designated Claim, in whole or part, or grant such other or

further remedy deemed just and appropriate under the circumstances, including, without

limitation, awarding attorneys' fees, other fees, and costs to the other party.

<u>**ANNEX 1**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
          :

**In re**                        :        **Chapter 11 Case No.**
          :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :        **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
          :

                **Debtors.**       :        **(Jointly Administered)**
          :

---------------------------------------------------------------x

<u>**ALTERNATIVE DISPUTE RESOLUTION NOTICE**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

       By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors ~~Coporation~~Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February ~~—,~~23, 2010.  A complete copy of the ADR Procedures is enclosed for your reference.

       The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

       *You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs) of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**").  Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and

---

implemented in the Debtors' chapter 11 cases:

Debtor: _____

Amount: $_____

Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By: _____

Printed Name

<u>ANNEX 2</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :          **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.*           :
                                                            :
                   **Debtors.**                             :          **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors ~~Coporation~~Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February —,23, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location.  As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

<u>**ANNEX 3**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                        :
**In re**                                               :          **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*               :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*        :
                                                        :
                        **Debtors.**                    :          **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

<u>**NOTICE OF BINDING ARBITRATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

   By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors ~~Coporation~~Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February ~~—~~,23, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

   PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

   As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**").  The ADR Procedures require you and the

Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

**Exhibit D**

**Form of Capping Claim Letter**

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
~~500 Renaissance Center, Suite 1400~~
~~Detroit, Michigan 48243~~
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn.: ~~Carrianne Basler~~ADR Claims Team
~~cbasler@alixpartners.com~~
claims@motorsliquidation.com

Re:    **In re Motors Liquidation Company,** *et al*. (**"Debtors"**)
       **Case No. 09-50026 (REG) – Capping Claim Letter**

Dear ~~Ms. Basler~~Motors Liquidation Company,

By this letter, I, the undersigned, am the below-referenced claimant, or an authorized signatory for the below-referenced claimant, and hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. ____] entered by the United States Bankruptcy Court for the Southern District of New York on February ~~__,~~23, 2010.

Accordingly, I hereby propose to cap my claim at ~~$[___]~~the amount specified below (the "**Claim Amount Cap**") ~~from the original [$[___]/ or unliquidated amount] claim amount (the "Claim Amount")~~.

| **Claimant's Name** | **Proof of Claim No.** | **Original Filed Amount** | **Claim Amount Cap** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs. ~~To the extent~~If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

Very truly yours,

By        _____
Address   _____
State     _____
~~Proof of Claim No.~~_____

cc:    Pablo Falabella, Esq.
        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, NY 10153
        pablo.falabella@weil.com

Document comparison by Workshare Professional on Monday, February 22, 2010
11:01:48 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43300431/2 |
| Description | #43300431v2<US_ACTIVE> - Use for ADR Blackline Original |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43297971/6 |
| Description | #43297971v6<US_ACTIVE> - MLC- Proposed Order re ADR Procedures |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 105 |
| Deletions | 57 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 166 |

## Exhibit C

## Schedule of Mediators

C:\NRPORTBL\US_ACTIVE\FALABELL\43316013_1.DOC

## Schedule of Mediators

### Dallas, Texas

| Name | Experience |
| --- | --- |
| Burdin, Mary | Personal injury, products liability |
| Damuth, Brenda J. | Personal injury, products liability |
| Grissom, Jerry | Class actions, personal injury, products liability |
| Hale, Earl F. | Complex business disputes |
| Lopez, Hon. Carlos G. | Personal injury, products liability |
| Martin, Hon. Harlan | Complex business disputes, personal injury, products liability |
| Nolland, Christopher | Complex business disputes, class actions |
| Parker, Walter E. "Rip" | Personal injury, products liability, complex disputes |
| Pryor, Will | Personal injury, products liability, complex business disputes |
| Rubenstein, Kenneth J. | Personal injury, products liability; complex disputes |
| Young, James | Class actions, complex business disputes, insurance disputes, personal injury |

### New York, New York

| Name | Experience |
| --- | --- |
| Carling, Francis | Products liability, personal injury |
| Cyganowski, Melanie | Complex business disputes |
| Ellerin, Hon. Betty | Complex business disputes, products liability, personal injury, class actions |
| Farber, Eugene I. | Products liability |
| Feerick, Kevin | Complex business disputes, products liability |
| Gafni, Abraham J. | Complex business disputes, products liability, personal injury |
| Holtzman, Eric H. | Products liability |
| Hyman, Ms. Chris Stern | Insurance disputes |
| Leber, Bernice K. | Complex business disputes |
| Levin, Jack P. | Class actions, breach of warranty claims, products liability |
| McAllister, Michael T. | Personal injury, products liability |
| McLaughlin, Hon. Joseph T. | Complex business disputes, class actions |
| Ricchiuti, Joseph F. | Complex business disputes, products liability, personal injury, class actions |
| Silbermann, Hon. Jacqueline W. | Complex business disputes, products liability, personal injury, class actions |
| Woodin, Peter H. | Complex business disputes, products liability, personal injury, class actions |

## Detroit, Michigan

| Name | Experience |
|------|-----------|
| Connor, Laurence D. | Complex business disputes |
| Harrison, Michael G. | Personal injury |
| Kaufman, Richard C. | Personal injury |
| Muth, Jon R. | Complex business disputes, class actions |
| Pappas, Edward H. | Complex business disputes, products liability |
| von Ende, Carl H. | Complex business disputes |

## San Fancisco, California

| Name | Experience |
|------|-----------|
| Cahill, Hon. William J. | Complex business disputes, products liability, personal injury, class actions |
| Cowett, Hon. Patricia Ann Yim | Personal injury |
| Donnet, Toni-Diane | Consumer litigation, personal injury |
| Glavis, Greta | Personal injury, complex business disputes |
| Infante, Hon. Edward A. | Complex business disputes |
| Komar, Hon. Jack | Products liability class actions, mass torts |
| Lynch, Hon. Eugene F. | Complex business disputes |
| McPharlin, Linda Hendrix | Complex business disputes |
| Schau, Jan Frankel | Personal injury, products liability |
| Smith, Hon. Fern M. | Complex business disputes, products liability, personal injury, class actions |
| Spieczny, Nancy J. | Personal injury |
| Tucker, William J. | Personal injury, complex business disputes |
| Wied, Colin W. | Complex business disputes, personal injury, products liability |
| Wulff, Randall W. | Complex business disputes, products liability, class actions |

**Exhibit D**

**Form of Capping Claim Letter**

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn.: ADR Claims Team
claims@motorsliquidation.com

      Re:    **In re Motors Liquidation Company, *et al*. ("Debtors")**
              **Case No. 09-50026 (REG) – Capping Claim Letter**

Dear Motors Liquidation Company,

      By this letter, I, the undersigned, am the below-referenced claimant, or an authorized signatory for the below-referenced claimant, and hereby submit my claim to the capping procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. _____] entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2010.

      Accordingly, I hereby propose to cap my claim at the amount specified below (the "**Claim Amount Cap**").

| Claimant's Name | Proof of Claim No. | Original Filed Amount | Claim Amount Cap |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

      I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs.  If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

      Very truly yours,

      By      _____
      Address
      State      _____

cc:    Pablo Falabella, Esq.
       Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, NY 10153
       pablo.falabella@weil.com