Maureen F. Leary
New York State Department of Law
The Capitol
Albany, New York 12224-0341
(518) 4784-7154
*Attorneys for the New York State*
*Department of Environmental Conservation*

**Hearing Date/Time: March 2, 2010, 11am**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――

**In re**

**MOTORS LIQUIDATION COMPANY, et al.,**        **Chapter 11**

                            **Debtors.**        **Case No. 09-50026 (REG)**

                                                 **(Joint Administered)**

―――――――――――――――――――――――――――

**STATE OF NEW YORK'S LIMITED OBJECTION TO DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER PURSUANT TO 11 USC §§ 105(a)**
**AND 363 IN AID OF IMPLEMENTATION OF SALE**

The State of New York ("State") on behalf of the New York State Department of Environmental Conservation ("DEC") hereby files a limited objection to the relief requested in the debtors' motion for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363 in aid of implementation of sale. The debtors seek the Court's authorization of a stipulation of settlement that amends certain provisions in the Master Sale and Purchase Agreement ("MSPA"). Although the State does not object to the substantive amendments for which approval is requested, the debtors also ask the Court to allow any future MSPA amendments without notice to parties in interest and without further Court approval. Indeed, the proposed order submitted with the motion goes well beyond authorization for the specific amendments outlined in the motion and the stipulation of settlement between the debtors and New GM. The proposed order contains the following provision:

>Ordered that the debtors are authorized to enter into future settlements with new GM with respect to similar disputes under the MSPA, *without further court approval,* provided the debtors obtain the prior written consent of the Creditors Committee . . . (emphasis added).

The order does not define "similar disputes," nor otherwise qualify the potentially broad reach of this language to allow future material changes to the MSPA without notice and judicial review and approval. Indeed, the order can be read as a "blank check" for the debtors to materially and substantially amend the MSPA, without notice to parties in interest who may be affected. This relief, if granted, violates the fundamental notice provisions of Section 363 and the underlying scheme of the Code.

The interests of the numerous governmental entities who are parties in the case are not represented by the Creditors' Committee, the sole entity that would receive notice of future amendments to the MSPA as set forth in the proposed order. Their interests are not protected by the Creditor's Committee. Moreover, there are provisions in the MSPA which, if materially changed, could adversely affect governmental entities, including New York. For example, the MSPA contains exhibits and schedules that identify and define the real property and other assets excluded from the sale ("Excluded Assets") (Motion, ¶ 3). These real property assets remain in the debtors' estate and are subject to environmental compliance obligations under State and federal laws. These compliance obligations are the subject of ongoing negotiations between the debtors and the affected governmental entities, including New York. It is apparent that the debtors may lack sufficient funds to properly address the environmental compliance obligations for the existing Excluded Assets. The addition of other properties to the list of existing Excluded Assets may be prejudicial to affected governmental entities. If the MSPA is later amended to include additional or different real property as Excluded Assets that have similar compliance

obligations, the governmental entities should be on notice of such changes and should be provided with an opportunity to be heard.  Furthermore, the Court should be given the ability to review such amendments in order to determine whether the MSPA is being materially changed from the agreement originally approved.

For the foregoing reasons, we respectfully request that the cited provision in the proposed order be deleted.

Dated: February 23, 2010                    Respectfully submitted,


                                            Maureen F. Leary
Assistant Attorney General
New York State Department of Law
The Capitol
Albany, New York 12224-0341
(518) 4784-7154
Maureen.Leary@ag.ny.gov
*Attorneys for the New York State*
*Department of Environmental Conservation*

## Certification of Service

       I hereby certify that on the 23rd day of February 2010, via electronic or first class mail and/or the Electronic Docket, the State of New York's Limited Objections To Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 363 In Aid of Sale, upon the parties listed below in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

                                                                                                             _____
                                                                                                            Maureen F. Leary
                                                                                                            Assistant Attorney General

| | |
|---|---|
| Harvey R. Miller<br>Stephen Karotkin<br>Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>harvey.miller@weil.com<br>stephen.karotkin@weil.com | Joseph R. Sgroi<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>jsgroi@honigman.com |
| Joseph H. Smolinsky<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Joseph.Smolinsky@weil.com | Patrick J. Trostle<br>Jenner & Block LLP<br>919 Third Avenue<br>37th Floor<br>New York, NY 10022<br>ptrostle@jenner.com |
| Robert B. Weiss<br>Honigman Miller Schwartz & Cohn, LLP<br>2290 First National Building<br>Detroit, MI 48226<br>rweiss@honigman.com | Motors Liquidation Company<br>General Motors LLC<br>500 Renaissance Center<br>Detroit, Michigan 48243<br>Attn.: Ted Stenger/ L. Buonomo |
| Tricia A. Sherick<br>Honigman Miller Schwartz and Cohn, LLP<br>660 Woodward Avenue<br>Suite 2290<br>Detroit, MI 48226<br>Email: tsherick@honigman.com | Andrew D. Velez-Rivera<br>Brian Shoichi Masumoto<br>Office of the U.S. Trustee<br>33 Whitehall Street<br>21st. Floor<br>New York, NY 10004 |
| Gordon Z. Novod<br>Thomas Mayer<br>Kramer Levin Naftalis & Frankel LLP<br>1177 AVENUE OF THE AMERICAS<br>New York, New York 10007<br>    gnovod@kramerlevin.com | Matthew Schwartz<br>Natalie Kuehler<br>Office of the United States Attorney<br>86 Chamber Street<br>New York, NY 10036<br>Natalie.Kuehler@usdoj.gov |

John Rapisardi
Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York 10281

Mark Dowd/Joseph Samarias
United States Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220