AIKEN SCHENK HAWKINS & RICCIARDI P.C.
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
Barbara Lee Caldwell (SBN #003246)
Email: blc@ashrlaw.com

Attorneys for Maricopa County

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, et al. *fka* GENERAL MOTORS CORPORATION,<br><br>Debtors. | Case No. 1:09-bk-50026-REG<br><br>Chapter 11<br>(Jointly Administered)<br><br>**MARICOPA COUNTY'S NOTICE OF PERFECTED LIENS IN RESPONSE TO DEBTORS APPLICATION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HILCO INDUSTRIAL LLC AND MAYNARDS INDUSTRIES (1991) INC. AS EXCLUSIVE MARKETING AND SALES AGENTS TO THE DEBTORS NUNC PRO TUNC TO OCTOBER 1, 2009**<br><br>**(DOCKET 4984)** |

Maricopa County, by and through its undersigned counsel, hereby provides notice that it claims perfected statutory liens in accordance with A.R.S. § 42-17153 and

1

responds to the Application Of Debtors For Entry Of Order Pursuant To 11 U.S.C. §§ 105(A) And 363(B) Authorizing The Employment And Retention Of Hilco Industrial LLC And Maynards Industries (1991) Inc. As Exclusive Marketing And Sales Agents To The Debtors Nunc Pro Tunc To October 1, 2009 (the "Application") at Docket 4984.

Maricopa County filed an Amended Proof of Claim on September 30, 2009 in the amount of $25,883.80 for unpaid pre-petition personal property taxes for tax years 1988, 2008 and 2009, plus the accrual of interest at the statutory rate of 16% per annum. *See,* A.R.S. § 42-18053. Debtor appears to have paid a portion of the taxes since the filing of the Amended Claim.

The personal property located at 9630 N. 25th Avenue, Suite 214, Phoenix, Arizona located in Maricopa County is encumbered with a fully perfected tax lien in the amount of $535.08 plus accruing interest. The lien represents the 1988 tax liability on personal property parcel 913-87-166.

The personal property located at 13303 S. Ellsworth Rd., Mesa, Arizona located in Maricopa County is encumbered with a fully perfected tax lien in the amount of $11,724.40 plus accruing interest. The lien represents the 2nd half of 2009 tax liability on personal property parcel 940-01-688.

The personal property located at 11201 N. Tatum Blvd., Suite 215, Phoenix, Arizona located in Maricopa County is encumbered with a fully perfected tax lien in the amount of $1.73 plus accruing interest. The lien represents the 2009 tax liability on personal property parcel 946-28-764.

In addition, the 2010 tax liens attached to Debtors' property on January 1, 2010 including Parcels 913-87-166, 949-56-971, 949-55-697, 903-17-855, 915-68-241, 919-50-329, 940-01-688, 946-28-764, 946-93-726, 947-28-302, 947-43-873, and 990-60-

734.  The amounts due for 2010 will not be known until on or around September 1, 2010.  Interest will accrue at the statutory rate of 16% per annum if not timely paid.

Maricopa County has no objection to the Application and the sale of the property so long as the tax liabilities associated with such property are fully paid at closing from the proceeds of the sale in accordance with A.R.S. § 42-17153.  Debtors' Application is unclear as to whether any of the property is located in Maricopa County.  Specifically, the Application references property located at "non-manufacturing facilities"; however, it is unclear as to the location of the "non-manufacturing facilities".  Arizona law grants Maricopa County a valid lien that is "prior and superior to all other liens and encumbrances on the property."  *See,* A.R.S. § 42-17153.  Arizona law further provides that "It is unlawful for the owner,…to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid."  *See,* A.R.S. § 42-19107(A).  The county is entitled to have its tax liens on the property paid "from the sale of which the funds\*\*\*were derived and, to the extent necessary to discharge the debt secured by the lien, the proceeds of the sale of the property were withdrawn from or taken out of the assets of the estate."  *Brans v. City of Dallas, Texas*, 217 F.2d 640 (5th Cir.1954).

Accordingly, Maricopa County contends that before any transfer of Debtor's personal property located in Maricopa County, all taxes associated with each of the above parcels of personal property must be paid.

RESPECTFULLY SUBMITTED this 24th day of February, 2010.

Aiken Schenk Hawkins & Ricciardi P.C.

BY: /s/ Barbara Lee Caldwell
    BARBARA LEE CALDWELL
    Attorney for Maricopa County

3

| | |
|---|---|
| 1 | ORIGINAL of the foregoing **E-FILED** |
| 2 | this 24th day of February, 2010 with: |
| 3 | Clerk, United States Bankruptcy Court |
| 4 | Southern District of New York
One Bowling Green |
| 5 | New York, NY  10004-1408 |
| 6 | COPY of the foregoing mailed, or served |
| 7 | via electronic notification* or fax** or if so marked,
this 24th day of February, 2010, to: |
| 8 | |
| 9 | Harvey R. Miller
Joseph H. Smolinsky |
| 10 | Stephen Karotkin
Weil, Gotshal & Manges LLP |
| 11 | 767 Fifth Avenue |
| 12 | New York, NY  10153
Email:  harvey.miller@weil.com |
| 13 | Email:  joseph.smolinsky@weil.com
Email:  Stephen.karotkin@weil.com |
| 14 | Attorneys for Debtors |
| 15 | |
| 16 | Office of the United States Trustee
Southern District of New York |
| 17 | 33 Whitehall Street, 21st Floor
New York, NY  10004 |
| 18 | |
| 19 | |
| 20 | By: _____ |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

4