Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT
### OF ORDER PURSUANT TO 11 U.S.C.
### §§ 327(a), 328(a) AND FED. R. BANKR. P. 2014
### AUTHORIZING RETENTION AND EMPLOYMENT
### OF GREAT AMERICAN GROUP ADVISORY & VALUATION
### SERVICES, L.L.C. AS APPRAISER *NUNC PRO TUNC* TO FEBRUARY 22, 2010

PLEASE TAKE NOTICE that upon the annexed Application, dated February 25

2010 (the "**Application**"), of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**"), as debtor in possession, for an order, pursuant to sections 327(a) and 328(a) of title

11, United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**") authorizing the retention and employment of Great American

Group Advisory & Valuation Services, L.L.C. ("**Great American**") as its appraiser for certain

real property locations, *nunc pro tunc* to February 22, 2010, all as more fully set forth in the

Application, MLC will present the attached proposed order to the Honorable Robert E. Gerber,

United States Bankruptcy Judge, for signature on **March 11, 2010 at 12:00 noon (Eastern**

**Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

proposed order must be in writing, shall conform to the Bankruptcy Rules and the Local Rules,

and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with a hard copy delivered directly to Chambers), in accordance with General Order M-

182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General

Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth

Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and

Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance

Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC,

300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq.,

Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.); (xii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Diana G. Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Matthew L. Schwartz, Esq.); and (xiv) Great American Group, 9 Parkway North, Suite 300,

Deerfield, Illinois 60015 (Attn:  Mark Naughton, SVP & General Counsel), so as to be received

no later than **11:30 a.m. on March 11, 2010 (Eastern Time)** (the "**Objection Deadline**").

Unless objections are received by the Objection Deadline, the order may be signed.

Dated:  New York, New York
       February 25, 2010

                             /s/ Stephen Karotkin              
                             Harvey R. Miller
                             Stephen Karotkin
                             Joseph H. Smolinsky

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Debtors
                             and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                              :
                            **Debtors.**       :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

## APPLICATION OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF GREAT AMERICAN GROUP ADVISORY & VALUATION SERVICES, L.L.C. AS APPRAISER *NUNC PRO TUNC* TO FEBRUARY 22, 2010

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation), as debtor in

possession ("**MLC**"), respectfully represents:

## Relief Requested

1.      Pursuant to sections 327(a) and 328(a) of title 11, United States Code (the

"**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-

1 of the Local Bankruptcy Rules for the Southern District of New York, MLC seeks entry of an

order authorizing the retention and employment of Great American Group Advisory & Valuation

Services, L.L.C. ("**Great American**") to perform certain appraisal and valuation services (the

"**Appraisal Services**") with respect to thirty-two parcels of real estate owned by MLC (the

"**Properties**") pursuant to that certain Proposal Letter between Great American and MLC, dated

February 22, 2010, a copy of which is annexed hereto as **Exhibit "A"** (the "**Engagement**

**Letter**"), *nunc pro tunc* to February 22, 2010.

2.      MLC also requests that Great American not be required to maintain and

submit time records in connection with the Appraisal Services to be rendered under the

Engagement Letter, and that, pursuant to section 328(a) of the Bankruptcy Code, Great American

be compensated at the rate of $3,500 per Property, plus reasonable travel expenses, as more fully

provided in the Engagement Letter.

3.      MLC further requests that Great American be paid pursuant to the

Engagement Letter as and when appraisals as to each Property are completed, without having to

file interim fee applications, provided that all fees and expenses paid or payable to Great

American pursuant to the Engagement Letter shall be subject to the filing and approval of a final

fee application under section 330 of the Bankruptcy Code.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      In connection with the ongoing administration of their estates in chapter 11, MLC and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), desire to sell or otherwise dispose of certain assets, including the Properties.  In order for the Debtors to appropriately market the Properties or otherwise determine how to appropriately dispose of them, they believe market valuations and disposition valuations of the Properties should be obtained.  At this time, there are no such valuations of the Properties.

**Appraisal Services to be Provided by Great American**

6.      In furtherance of the foregoing, and subject to the approval of this Court, the Debtors are seeking authority to retain Great American to render the Appraisal Services as provided in the Engagement Letter.  The salient terms of the Engagement Letter are as follows:[1]

A.      Great American shall prepare appraisals of the land, improvements, and fixtures located at the thirty-two (32) Property locations and prepare an appraisal report (each a "**Report**") as to each Property.

B.      Each Report shall include valuations of the Properties based on cost, sales, and income approaches to valuation, as well as a liquidation value based on an immediate sale under distressed conditions.

C.      Great American will be compensated in the amount of $3,500 per Report (the "**Fees**"), plus reimbursement for reasonable travel expenses (the "**Expenses**").  The Fees and Expenses shall be due and payable upon completion and delivery of the Report for each Property, on a Property by Property basis, within thirty

---

[1]  The following is only a summary of the provisions of the Engagement Letter and should not be construed to modify or amend such letter.  The actual terms of the Engagement Letter govern the scope of services to be provided to the Debtors by Great American and all other terms off the proposed engagement.

(30) days of receipt of an invoice detailing all such applicable Fees and Expenses, but prior to the delivery of the final Report as to each Property.

D.     If Great American's consultants or advisors are called to give testimony or appear before a court or regulatory body or agency regarding the Reports, Great American shall be paid (i) $2,000 per day plus reasonable travel expenses for each day of actual court testimony and (ii) $240 per hour plus reasonable travel expenses for depositions, pretrial hearings, or meetings.  All such amounts shall be payable within thirty (30) days following receipt of an itemized invoice.

7.     Because it will not charge MLC hourly rates but rather charge $3,500 per Report as described above, Great American seeks to be exempt from any requirement to maintain or submit time records in connection with the services to be rendered under the Engagement Letter.

## Disinterestedness of Great American

8.     To the best of the Debtors' knowledge, information, and belief, and based upon the Declaration of Lester Friedman, the Chief Executive Officer of Great American, a copy of which is annexed hereto as **Exhibit "B"** (the "**Friedman Declaration**"), neither Great American nor any professional employee of Great American has any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Friedman Declaration.

9.     Based upon the Friedman Declaration, the Debtors believe that Great American is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Great American will conduct an ongoing review of its files to ensure that no disqualifying

circumstances arise, and if any new relevant facts or relationships are discovered, Great

American will supplement its disclosure to the Court.

## The Relief Requested Should be Approved by the Court

10.     Section 327(a) of the Bankruptcy Code provides, in relevant part, that the

Debtors "with the court's approval, may employ one or more attorneys, accountants, appraisers,

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the

estate, and that are disinterested persons, to represent or assist" the Debtors in carrying out their

duties under the Bankruptcy Code.  Section 328(a) of the Bankruptcy Code provides, in relevant

part, that a debtor "with the court's approval, may employ or authorize the employment of a

professional person under section 327. . . on any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on

a contingent fee basis."

11.     Great American is a highly respected and experienced professional

services firm, well-recognized in the fields of appraisals and valuations.  MLC believes that

Great American possesses extensive expertise useful in these chapter 11 cases and that Great

American is well-qualified to render services to MLC as provided in the Engagement Letter.

12.     Furthermore, Great American has indicated a desire and willingness to act

in these chapter 11 cases and render the necessary professional services of appraising and

valuing the Properties for MLC, on the terms set forth in the Engagement Letter.  MLC believes

that the services to be rendered by Great American are necessary and appropriate for the proper

and efficient administration of these estates and that the fees proposed to be charged by Great

American are fair and reasonable under the circumstances.

13.     Pursuant to section 328(a) of the Bankruptcy Code, MLC proposes to compensate Great American as provided in the Engagement Letter and on a Property by Property basis as described herein.  As stated, MLC believes the compensation arrangements are fair and reasonable.  Additionally, based upon the proposed compensation arrangements, MLC believes it would be appropriate to exempt Great American from any requirement to maintain or submit time records or to file applications for interim compensation.  Of course, Great American would still be required to file a final application for allowance of compensation of the Fees and reimbursement of the Expenses at the appropriate time.

14.     Accordingly, MLC submits that the retention of Great American on the terms and conditions set forth in the Engagement Letter is necessary and appropriate, is in the best interests of these estates, creditors, and all other parties in interest, and should be granted in all respects.

<u>**Notice**</u>

15.     Notice of this Application has been provided to Great American and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  MLC submits that such notice is sufficient and no other or further notice need be provided.

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE MLC respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 25, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**Engagement Letter**

US_ACTIVE:\43288602\05\43288602_5.DOC\.


**GREAT AMERICAN GROUP**

ADVISORY & VALUATION SERVICES, L.L.C.

---

Via Email:   mdeighan@alixpartners.com

February 18, 2010

Mr. Michael Deighan
Motors Liquidation Company
500 Renaissance Center, 14th Floor
Detroit, Michigan 48243

Proposal Letter Real Estate Appraisal and ValuationMotors Liquidation Company

Dear Michael:

We are pleased to submit our proposal to Motors Liquidation Company (the "Client") concerning the real estate appraisal and valuation (the "Appraisal") that you have asked Great American Group Advisory & Valuation Services, L.L.C. ("Great American") to undertake, on behalf of the Client.

For your convenience, we have organized our proposal into the following four (4) sections:

- ***Definitions***
- ***Approach and Scope***
- ***Timing***
- ***Fees and Costs***
- ***Miscellaneous***

## Definitions

We understand that the Client would like to obtain a written opinion of "Market Value" and "Disposition Value" as well as an estimate of the net proceeds in a forced liquidation based on the "Disposition Value" of the subject assets for the purpose of evaluation for possible future sales or liquidations.   The term Market Value is defined in the Uniform Standards of Professional Appraisal Practice ("USPAP") and the term "Disposition Value" is defined in The Dictionary of Real Estate Appraisal, 4th ed. (Chicago, Appraisal Institute, 2002).

## Real Estate Scope of Services

We will prepare Appraisals of the Client's real estate, consisting of the land, improvements and fixtures, located at the following thirty-two (32) locations (the real estate at each such location, a "Property"):

CORPORATE HEADQUARTERS
21860 Burbank Blvd, Suite 300 South
Woodland Hills, CA 91367
(818) 884-3737 ● Fax (818) 449-0998

---

LOS ANGELES ● CHICAGO ● BOSTON ● NEW YORK ● ATLANTA ● SAN FRANCISCO ● DALLAS ● LONDON
C:\DOCUMENTS AND SETTINGS\XHOOKGAB\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\MZTB2ABF\US_ACTIVE_GREAT AMERICAN
ENGAGEMENT LETTER(2)) DOC_43313453_3.DOC

| | | |
|---|---|---|
| 340 White River Parkway | Indianapolis | Indiana |
| 7600 General Motors Boulevard | Shreveport | Louisiana |
| 2627 West Grand Blvd. | Detroit | Michigan |
| 12950 Eckles Road | Livonia | Michigan |
| 2100 S Opdyke Road | Pontiac | Michigan |
| 13000 Eckles Road | Livonia | Michigan |
| 2000 Centerpoint Parkway | Pontiac | Michigan |
| 660 South Boulevard East | Pontiac | Michigan |
| 2930 Ecorse Road | Ypsilanti | Michigan |
| 37350 Ecorse Road | Romulus | Michigan |
| 900 Baldwin Avenue | Pontiac | Michigan |
| 4002 James Cole Blvd. | Flint | Michigan |
| 900 Baldwin Avenue | Pontiac | Michigan |
| 902 E Hamilton Avenue | Flint | Michigan |
| 12200 Middlebelt | Livonia | Michigan |
| 300 36th Street SW | Wyoming | Michigan |
| 902 East Hamilton Avenue | Flint | Michigan |
| 10800 S. Saginaw Road | Flint | Michigan |
| 2800-2801 West Saginaw Street | Lansing Township | Michigan |
| 2901 South Canal Road | Lansing | Michigan |
| 200 South Boulevard West | Pontiac | Michigan |
| 675 Oakland Avenue | Pontiac | Michigan |
| 1445 Parkway Avenue | Ewing | New Jersey |
| One General Motors Circle | Syracuse | New York |
| Factory Road | Syracuse | New York |
| Route 37 East | Massena | New York |
| 1829 Hallock Young Road | Lordstown | Ohio |
| 3100 Dryden Road | Moraine | Ohio |
| 2525 West Fourth Street | Mansfield | Ohio |
| 2601 West Stroop Road | Moraine | Ohio |
| 5400 Chevrolet Boulevard | Parma | Ohio |
| 11032 Tidewater Trail | Fredericksburg | Virginia |

Our appraisals will be conveyed to you in a summary format narrative report for each Property (each a "Report"). The Report will identify the real estate which is the subject of the valuation. We will conduct a property inspection of each Property. We will research the primary and secondary markets to uncover general demographic and economic data, as well as real estate specific supply and demand data that directly impact the subject's Market Value. Our completed Report will include valuations of the Property based on cost, sales and income approaches to value, as well as a liquidation value based on an immediate sale under distressed conditions.

The Appraisal and the Report will be made subject to and prepared in conformity with the Code of Ethics and Professional Conduct of the Appraisal Institute the USPAP, and the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Title XI Regulations, and to the extent required by FIRREA, Great American represents that it holds all necessary licenses in each jurisdiction as needed to issue the Report in a form acceptable for all purposes under FIRREA. Our project team will consist of seasoned and experienced

Mr. Michael Berghan
Motors Liquidation Company
February 18, 2010
Page 3

professionals and will be led by Steven J. Kurtz, MAI.    Other professionals and paraprofessionals will be used accordingly.

Each Report will be delivered to the Client as soon as it is available, via electronic delivery, in draft form, in pdf format, and marked draft.    The final Reports will not be delivered until Great American has received comments from the Client and has conferred with Client to determine the factual information in each Report is complete and correct, and to confirm the appraisal methodology is appropriate for the Property in question. When final, each Report must be reviewed and signed by an MAI-designated member of the Appraisal Institute who is currently certified under the continuing education program, and who will also provide any expert testimony, if required.    All appraisers or assistants who have worked on the Reports must be identified, and their professional resumes must be included in the Final Reports.    Three original signed copies of each Report will be delivered to Client.

### Timing

Great American will be prepared to begin this engagement upon your execution of this Agreement and upon the approved retention of Great American by the Bankruptcy Court (as hereinafter defined) and will be at your disposal during the entire process.    Presuming we are engaged before February 22, 2010, we will have the drafts of the first 20 Reports completed on or before April 7, 2010, and all draft Reports complete on or before April 22, 2010.    Our ability to meet the designated timing is predicated upon the Client's cooperation in timely providing copies of all requested information that is in the Client's possession and control; if the Client fails to meet this requirement, the deadlines for the completion of the draft Reports shall be extended on a day-for day basis as the number of days taken by the Client to deliver the information, as to the Properties for which such information was delayed (no delay shall be made in the performance of Reports on Properties for which requested information is delivered in a timely manner).    Attached is a list of the information Great American requests for each Property from Client.    Client is not obligated to deliver, and no Report may be delivered after the deadline to do so, based upon the failure to deliver information if the Client does not have such information in its possession to deliver.

Time is of the essence in the delivery of the draft Reports and final Reports, and the draft Reports must be delivered no later than 60 days from engagement.    Client will then have 15 days to review and provide Great American with any comments thereon.    Great American will then have an additional 15 days to incorporate any such comments and produce the final Reports.    All draft and final Reports shall be delivered on a rolling basis as completed as provided in this engagement letter.    No signed final Report for any Property shall be "withheld" until completion of the entire work or until payment in full for all Reports.

### Fees and Costs

Our fee for the work contracted hereunder will be $3,500 per Property plus reasonable travel expenses.    We will not charge for any other costs of any kind, including, without limitation, administrative expenses such as report printing and production and revisions, telecommunications, supplies, shipping, insurance, research materials, and other related incidental costs.    The fee and expenses will be due and payable upon completion, and delivery of the Report, for each Property, on a Property by Property basis, within thirty days of receipt of an invoice detailing all such expenses but prior to the delivery of the final original Report.    Notwithstanding the foregoing, all fees and expenses will be due and payable subject to any applicable orders of the Bankruptcy Court.    Please see the following bank wiring instructions:

Mr. Michael Deighan
Motors Liquidation Company
February 18, 2010
Page 4

Great American Group wiring instructions:
Bank of America
Woodland Hills, CA
ABA# 026009593
Account# 1459739305

It is an expressed condition of this appraisal engagement that Great American, as well as its consultants and/or advisors, will be available to give testimony or appear in court or before any regulatory body or agency regarding the Reports, at additional cost of (i) $2,000 per day plus reasonable travel expenses for each day of actual court testimony (this amount includes any time that may be necessary prior to actual testimony, for which there shall be no separate charges), and (ii) $240 per hour plus reasonable travel expenses for depositions, pre-trial hearings, or meetings, which amount shall be payable within thirty days following receipt of an itemized invoice (with receipts) therefor.

**Miscellaneous**

Client has the right to terminate the engagement of Great American or to remove any Property from the work, in each case at any time during the work by providing written notice to Great American.   Any such termination, whether in whole or in part, shall become effective immediately upon delivery of written notice.   In the event of any such termination, Great American shall be entitled to receive $3,500 for each Property for which a draft Report was delivered, plus an hourly rate of $240 for any Property for which Great American was in the process of completing a Report (but a draft Report had not been prepared), and reasonable travel expenses previously incurred.   For any draft Report delivered prior to termination, Great American shall deliver a final Report as provided herein.

In the event of any mediation, litigation, arbitration or other proceeding between Great American and Client arising out of or connected with this agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and expenses, whether they are incurred during pretrial, trial, appeal or otherwise.   The prevailing party shall mean the party who obtains a judgment in its favor or otherwise recovers or obtains an award for a substantial portion of its claims.

Great American may not assign its duties under this agreement without the express written consent of Client.

It is understood and agreed that Great American is acting as an independent contractor to perform the services described herein, and nothing contained herein shall be deemed to create any other relationship between Client and Great American.

On June 1, 2009, Client filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").   Client's chapter 11 case is being jointly administered with the chapter 11 cases of certain of its affiliates under Case No. 09-50026 (REG).   Client is authorized to operate its business and manage its properties as a debtor in possession in accordance with the Bankruptcy Code.   THE PARTIES AGREE THAT THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ALL DISPUTES AND OTHER MATTERS RELATING TO (i) THE INTERPRETATION AND ENFORCEMENT OF THIS CONTRACT OR ANY ANCILLARY DOCUMENT EXECUTED PURSUANT HERETO, (ii) THE PROPERTIES, AND (iii) ANY OBLIGATIONS OF A PARTY THAT MAY SURVIVE THE COMPLETION

Mr. Michael Deighan
Motors Liquidation Company
February 18, 2010
Page 5

OF THE WORK, AND THE PARTIES EXPRESSLY CONSENT TO AND AGREE NOT TO CONTEST SUCH EXCLUSIVE JURISDICTION.

Client agrees to facilitate the retention of Great American by filing any and all necessary requests/pleadings to the Bankruptcy Court and pursuing same until a final retention order is received from the Bankruptcy Court.

This agreement shall be governed, construed and interpreted in accordance with the laws of New York, provided, however, that the Bankruptcy Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction and enforcement of this contract and the transactions consummated hereunder.

All parties shall and do hereby waive all rights to a jury trial in any lawsuits arising out or in connection with this agreement.

Great American agrees to treat all materials and information provided by Client, and the work produced by Great American for Client hereunder, as confidential information, and shall not distribute same to any person except as permitted or directed, in writing, by Client. Great American shall instruct all of its affiliates, employees, agents, representatives, and third party consultants and professionals as to the confidentiality of all such information as well as the existence or terms of this contract.

If you agree to the terms and conditions of this engagement, please sign and return to my attention **via facsimile at (818) 449-0998**.

We look forward to working with you towards the successful completion of this project.

Sincerely,

Lester Friedman
Chief Executive Officer
Great American Group
Advisory & Valuation Services, LLC

**Accepted and Agreed**

Motors Liquidation Company

By: _____

Name: _____

Title: _____

Date: _____

## Exhibit B

## Declaration of Lester Friedman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                      :
In re                                                 :          Chapter 11 Case No.
                                                      :
MOTORS LIQUIDATION COMPANY, *et al.*,                 :          09-50026 (REG)
     f/k/a General Motors Corp., *et al.*                 :
                                                      :
             Debtors.          :          (Jointly Administered)
                                                      :
-----------------------------------------------------------------x

### DECLARATION OF LESTER FRIEDMAN IN SUPPORT OF APPLICATION OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND FED. R. BANKR. P. 2014 AUTHORIZING RETENTION AND EMPLOYMENT OF GREAT AMERICAN GROUP ADVISORY & VALUATION SERVICES, L.L.C. AS APPRAISER *NUNC PRO TUNC* TO FEBRUARY 22, 2010

Lester Friedman, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.      I am Chief Executive Officer of Great American Group Advisory & Valuation Services, L.L.C. ("**Great American**"), a division of Great American Group, LLC, with offices located at 21860 Burbank Blvd., Woodland Hills, CA 91367.  I make this declaration (the "**Declaration**") of my personal knowledge based upon inquiries made by myself and on my behalf in support of that certain application dated February 25, 2010 (the "**Application**") of Motors Liquidation Company, ("**MLC**") for entry of an order authorizing MLC to retain Great American as its appraiser.

2.      MLC has requested that Great American provide liquidation and appraisal services in this proceeding pursuant to that certain Proposal Letter between Great American and MLC, dated February 22, 2010, (the "**Engagement Letter**") setting forth the terms of Great American's proposed engagement herein.

3.      Great American is one of the country's leading asset disposition and valuation firms.  In addition to helping companies maximize the value of their assets, Great American manages human resources, real estate relationships and other critical areas that are affected when companies liquidate assets.  For these reasons, I believe that Great American is well qualified to act as MLC's appraiser in these chapter 11 cases.

4.      To the best of my knowledge, information, and belief, based on reasonable inquiry, (i) neither I, Great American, or the other principals and directors of Great American (the "**Great American Principals**") that are anticipated to provide services to MLC in these chapter 11 cases, nor the employees of Great American who are anticipated to provide such services, hold or represent any interest adverse to MLC or its affiliated debtors, as debtors in possession (collectively with MLC, the "**Debtors**"), with respect to the matters on which Great American is to be retained in these chapter 11 cases; and (ii) Great American and the Great American Principals have no relationship to the Debtors, any of the Debtors' significant creditors, other parties-in-interest, the United States trustee, or any person employed by the office of the United States trustee, or to the attorneys or other professionals that are known to be assisting the Debtors in their chapter 11 cases, except as is described below.

5.      From time to time, Great American and its affiliates have provided services, may currently provide services, and likely will continue to provide services, in matters unrelated to this chapter 11 case, to certain creditors of the Debtors, other parties-in-interest and various other parties potentially adverse to the Debtors.  As described in more detail below, Great American has undertaken an internal search to determine whether it is or has been retained by or had other relationships with any entities that were listed on schedules provided to Great American by the Debtors in connection with these chapter 11 cases.

6.      To check upon and disclose possible relationships with parties-in-interest in this case, Great American performed reasonable due diligence to determine whether it had any relationships with the entities that were listed on schedules provided to Great American by the Debtors.  Despite the efforts described above to identify and disclose Great American's connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise, Great American is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if Great American discovers additional material information that it determines requires disclosure, it will promptly file a supplemental disclosure with this Court.

7.      From the internal search, Great American has determined that the following relationships should be disclosed:

- Great American, a unit of Great American Group, LLC, has performed appraisal work on matters unrelated to this chapter 11 case for the following parties-in-interest: Goldman Sachs Group Inc., Motorola Inc., Wachovia Corporation, Merrill Lynch & Co Inc., Winn-Dixie Stores Inc., SunTrust Banks Inc., GE Capital, GE Commercial Finance, Citigroup, Deutsche Bank AG, J.P. Morgan Securities Inc., UBS Global Asset Management (US) Inc., U.S. Bank N.A., Banc of America Securities LLC, Credit Suisse Securities (USA) LLC, Bank of America, Bank of Montreal, Fifth Third Bank, Key Bank, M&T Bank, Visteon Corp., VeraSun Energy Corporation, Cadwalader Wickersham and Taft LLP and Otterbourg, Steindler, Houston & Rosen, P.C.

- Great American has been or may have been retained in other matters unrelated to these chapter 11 cases in which certain professionals in this case were also retained.

8.      Except as may be disclosed herein, to the best of my knowledge, Great American and the Great American Principals do not hold or represent any interest adverse to the Debtors, or their estates, and I believe that Great American and the Great American Principals

are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as

modified by Section 1107(b) of the Bankruptcy Code.

9.      Subject to this Court's approval and pursuant to the terms of the

Engagement Letter, MLC has agreed to compensate Great American $112,000 in fees plus travel

expenses.

10.      In light of the nature of its proposed engagement, Great American will not

be billing MLC by the hour and will not be keeping records of time spent for professional

services rendered in these chapter 11 cases.

11.      Great American will a final fee application for allowance of its

compensation and expenses, as specified in the Engagement Letter in accordance with the

procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy

Rules, Local Rules and order of the Court, guidelines established by the U.S. Trustee and such

other procedures as may be fixed by order of this Court.

12.      Great American has received no promises regarding compensation in this

case other than in accordance with the Bankruptcy Code and as set forth in this Declaration.

Great American has no agreement with any non-affiliated entity to share any compensation

earned in this case.

Dated: Woodland Hills, California
        February 25, 2010

_____
Lester Friedman
Chief Executive Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND FED. R. BANKR. P.2014 AUTHORIZING RETENTION AND EMPLOYMENT OF GREAT AMERICAN GROUP ADVISORY & VALUATION SERVICES, L.L.C. AS APPRAISER *NUNC PRO TUNC* TO FEBRUARY 22, 2010

Upon the Application, dated February 25, 2010 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), as debtor in possession,

pursuant to sections 327(a) and 328(a) of title 11, United States Code (the "**Bankruptcy Code**"),

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York ( the "**Local**

**Rules**") for entry of an order authorizing the retention and employment of Great American

Group Advisory & Valuation Services, L.L.C. ("**Great American**") to perform certain appraisal

and valuation services with respect to thirty-two (32) parcels of real estate owned by MLC (the

"**Properties**") pursuant to that certain Proposal Letter between Great American and MLC, dated

February 22, 2010 (the "**Engagement Letter**"), *nunc pro tunc* to February 22, 2010

(collectively, the "**Appraisal Services**"), as more fully described in the Application; and due and

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

proper notice of the Application having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

MLCis authorized to retain and employ Great American to perform the Appraisal Services with

respect to the Properties, *nunc pro tunc* to February 22, 2010, on the terms and conditions set

forth in the Engagement Letter; and it is further

ORDERED that Great American shall be compensated in accordance with the

terms of the Engagement Letter and shall not be required to file interim fee applications;

*provided*, *however*, that Great American shall file with the Court a final application for

compensation of the Fees and reimbursement of the Expenses in accordance with the procedures

set forth in section 330 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local

Rules and Orders of the Court, the guidelines established by the U.S. Trustee, and such other

procedures as may be fixed by order of this Court; and it is further

ORDERED that Great American shall not be required to maintain or submit to the

Court as part of its final fee application, or otherwise, time records in connection with the

Appraisal Services rendered under the Engagement Letter; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement

Letter, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge