**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :   **Chapter 11 Case No.**
                                                                 :   **09-50026 (REG)**
                                                                 :   **(Jointly Administered)**
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                        :
    **f/k/a General Motors Corp.,** *et al.*                     :
                                                                 :
        **Debtors.**                                             :
-----------------------------------------------------------------x

**AMENDED STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS**
**AND WESTCHESTER FIRE INSURANCE COMPANY PROVIDING FOR**
**MODIFICATION OF THE AUTOMATIC STAY**

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with MLC, the "**Debtors**"), and Westchester Fire Insurance Company and/or its parents, affiliates and subsidiaries ("**Westchester**" and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Amended Stipulation and Agreed Order (this "**Amended Stipulation**"), which amends and supersedes the Stipulation and Agreed Order Between Debtors and Westchester First Insurance Company Providing for Modification of the Automatic Stay filed on January 29, 2010 [Docket No. 4908], and stipulate as follows:

1

## RECITALS

A.    On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases.

B.    On June 1, 2009, the Debtors also filed a motion requesting joint administration of these chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C.    In the ordinary course of their business, the Debtors were frequently required to provide to third parties financial assurance in the form of surety bonds to secure the Debtors' payment or performance of certain obligations and to comply with certain statutory requirements. The Debtors' prepetition surety bond program (the "**Prepetition Surety Bond Program**") is provided in part by Westchester. As of the Commencement Date, Westchester had certain bonds provided on behalf of MLC, as financial assurance for the performance of certain environmental remediation obligations (the "**Prepetition Surety Bonds**"). The obligees on certain of the bonds are the Michigan Department of Environmental Quality and the United States Environmental Protection Agency ("**U.S. EPA**") (collectively, with any other obligees under the Prepetition Surety Bonds, the "**Obligees**").

D.    Under the Prepetition Surety Bond Program, the Debtors entered into certain indemnity agreements with Westchester (each of said agreements as amended and modified from time to time and as in effect prior to the Commencement Date being referred to collectively as the "**Prepetition Indemnity Agreements**"). Pursuant to the Prepetition

2

Indemnity Agreements, Westchester is entitled to recover, among other things, the full amount of its loss on a surety bond from the Debtors subject to the terms and conditions thereunder.

E. Westchester required MLC to obtain and provide collateral to support, secure and back MLC's obligations to Westchester under the Prepetition Surety Bond Program and the Prepetition Indemnity Agreements (collectively the "**MLC Bond Obligations**"). MLC's obligations with respect to certain of the Prepetition Surety Bonds, together with MLC's interest in collateral supporting, securing, and backing such obligations were assumed by and transferred to General Motors, LLC, f/k/a NGMCO, Inc. under the terms of the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, approved by this Court on July 5, 2009.

F. The collateral for the remaining MLC Bond Obligations (the "**Remaining Collateral**") is held on deposit with The Bank of New York ("**BNY**") in Account No.136144, and is invested in money market funds approved by the National Association of Insurance Commissioners that can liquidate in one business day and are made up of government treasuries with no repurchase agreements.

G. Demand has been made upon Westchester by the U.S. EPA for payments under the following Prepetition Surety Bonds (i) number K07489286 in the face amount of $10,500,000, (ii) number K07593314 in the face amount of $2,423,000, and (iii) number K08222587 in the face amount of $231,484 (collectively, the "**Demanded Bonds**"), and additional demands by the Obligees are expected shortly under the other bonds issued with respect to Superfund sites and listed on Exhibit "A" attached hereto (the "**Superfund Bonds**"). Westchester requires the use of the Remaining Collateral to pay the claims and reduce the penal sums of the Superfund Bonds.

H. As the relief contemplated by this Amended Stipulation is similar in nature to the relief attained in the Order Pursuant to 11 U.S.C. §§ 363(b), 503(b), and 105(a) and FED. R. BANKR. P. 6003 and 6004 (I) Authorizing Debtors to (a) Continue Their Liability, Product Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Docket No. 172] and other "First Day Orders" entered by the Court on June 1, 2009, further relief may not be required to allow Westchester to apply the Remaining Collateral to the MLC Bond Obligations relating to the Superfund Bonds. To the extent such further relief is required, MLC acknowledges that Westchester is entitled to such relief under 11 U.S.C. §§ 362(d)(1) and (d)(2).

I. The Parties have entered into this Amended Stipulation to consensually modify the automatic stay in the Chapter 11 Cases to the extent necessary to allow Westchester to apply the Remaining Collateral to the MLC Bond Obligations related to the Superfund Bonds as and when demand is made under such bonds or such obligations otherwise mature.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The automatic stay provided for under section 362(a) of the Bankruptcy Code is modified to the extent necessary to allow Westchester to apply the Remaining Collateral to the MLC Bond Obligations relating to the Superfund Bonds as and when demand is made under the Superfund Bonds or such obligations, including, without limitation, premium obligations and obligations for reimbursement of fees and expenses (the "**Related Obligations**"), otherwise mature. Westchester reserves its right to assert any claims or defenses relating to any demand under a Superfund Bond. Westchester agrees to waive any claims against MLC with

4

respect to the Prepetition Indemnity Agreements as such agreements relate to the Superfund Bonds, except as to its rights in the Remaining Collateral, conditioned upon the indefeasible receipt by Westchester of the Remaining Collateral pursuant to this Amended Stipulation. BNY is authorized and directed to comply with any request by Westchester to release to Westchester the Remaining Collateral in accordance herewith. Prior to directing BNY to distribute Remaining Collateral with respect to any MLC Bond Obligations relating to the Superfund Bonds, other than (i) the Demanded Bonds, or (ii) any Related Obligations, as to which no additional notice shall be required, Westchester shall give to the Debtors and the Committee three business days advance notice.

2. The Parties agree that on an annual basis, as of December 31 of each year, until all of the MLC Bond Obligations (whether or not related to the Superfund Bonds) have been indefeasibly satisfied in full, Westchester shall conduct an accounting (the "**Accounting**"), pursuant to which the then balance of the Remaining Collateral shall be compared to the then outstanding MLC Bond Obligations. To the extent that such Remaining Collateral balance exceeds (a) the then outstanding MLC Bond Obligations, plus (b) the then anticipated future premium obligations, if any, with respect to the Prepetition Surety Bonds, plus (c) a reserve in the amount of $500,000 (the "**Excess Collateral**"), Westchester shall remit the Excess Collateral to the Debtors or to such other party as the Debtors shall direct on or before January 31 of the following year. Westchester shall provide to the Debtors and the Committee a copy of the Accounting concurrently with such remittance, which shall be conclusive as to the amount of the Excess Collateral, if any, absent manifest error.

3. Nothing in this Amended Stipulation shall waive or release any rights of Westchester with respect to the PrePetition Surety Bonds that are not Superfund Bonds, or with

5

respect to the Remaining Collateral insofar as such collateral secures such bonds, including without limitation the right to seek stay relief with respect thereto at any time or from time to time.

4. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Amended Stipulation.

5. Nothing contained herein shall constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code.

6. This Amended Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Amended Stipulation. If this Amended Stipulation is not approved by the Court, then this Amended Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

7. This Amended Stipulation sets forth the entire understanding of the Parties hereto and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Amended Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

8. The Parties represent and warrant to each other that the signatories to this Amended Stipulation have full power and authority to enter into this Amended Stipulation.

9. This Amended Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Amended Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

Dated: New York, New York
       February 17, 2010

| **BALLARD SPAHR LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Vincent J. Marriott, III | /s/ David R. Berz |
| Vincent J. Marriott, III | Harvey R. Miller |
| 1735 Market Street, 51st Floor | Stephen Karotkin |
| Philadelphia, Pennsylvania 19103 | Joseph H. Smolinsky |
| Telephone: (215) 864-8127 | David R. Berz |
| Facsimile: (215) 864-9035 | 767 Fifth Avenue |
| | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorney for Westchester Fire Insurance Company | Facsimile: (212) 310-8007 |
| | Attorneys for the Debtors and Debtors in Possession |

Dated: **March 2, 2010**
       New York, New York

*s/ Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

7