**HEARING DATE AND TIME: April 8, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: April 7, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, (f/k/a General Motors Corp., *et al.*) | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF ZINN COMPANY, INC. AND DIRECTING DEBTORS AND THEIR SUCCESSOR TO COMPLY WITH THEIR PAYMENT OBLIGATION UNDER WIND-DOWN AGREEMENT**

Upon the motion dated March 2, 2010, of Zinn Company, Inc. ("**Zinn**") for an order compelling the debtors Motors Liquidation Company (f/k/a General Motors Corporation) et al. and/or their successor, General Motors LLC (both entities referred to herein as "GM"), to pay Zinn forthwith the sum of $677,753, plus applicable interest, pursuant to the terms of the Wind-Down Agreement between GM and Zinn dated as of June 1, 2009, and the Supplemental Wind-Down Agreement dated as of November 20, 2009 (amended so as to be effective November 30, 2009), free of any set-offs or deductions from such sum as GM may claim by reason of an alleged charge-back in the total amount of $556,671 (the "**Motion**"), and there being due and sufficient notice of the Motion; and this Court having considered the objections thereto; and a hearing having been held thereon on April 8, 2010; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby it is hereby

ORDERED AND ADJUDGED AS FOLLOWS:

1. The Motion is granted.

{NY094520;1}

2. GM shall forthwith pay to Zinn the sum of $677,753, plus applicable interest thereon from December 28, 2009, through the date of the payment, without any set-off or reduction.

3. To the extent that GM may pursue its claimed charge-back against Zinn in the amount of $556,671, in any appropriate forum, Zinn shall be entitled to assert all appropriate defenses.

4. GM shall pay Zinn the reasonable attorneys' fees and costs incurred by Zinn in connection with this Motion, in an amount to be agreed by the parties. Failing such agreement, Zinn shall be entitled to make a motion for the Court to determine the appropriate amount thereof.

5. The Court reserves jurisdiction to enforce this Order and to resolve any disputes that may arise under or with respect to this Order.

Dated: New York, New York
       _____, 2010

                                                _____
                                                HONORABLE ROBERT E. GERBER
                                                UNITED STATES BANKRUPTCY JUDGE