# EXHIBIT D

Sec. 747. (a) Definitions- For purposes of this section the following definitions apply:

    (1) The term `covered manufacturer' means--

        (A) an automobile manufacturer in which the United States Government has an ownership interest, or to which the Government has provided financial assistance under title I of the Emergency Economic Stabilization Act of 2008; or

        (B) an automobile manufacturer which acquired more than half of the assets of an automobile manufacturer in which the United States Government has an ownership interest, or to which the Government has provided financial assistance under title I of the Emergency Economic Stabilization Act of 2008.

    (2) The term `covered dealership' means an automobile dealership that had a franchise agreement for the sale and service of vehicles of a brand or brands with a covered manufacturer in effect as of October 3, 2008, and such agreement was terminated, not assigned in the form existing on October 3, 2008 to another covered manufacturer in connection with an acquisition of assets related to the manufacture of that vehicle brand or brands, not renewed, or not continued during the period beginning on October 3, 2008, and ending on December 31, 2010.

(b) A covered dealership that was not lawfully terminated under applicable State law on or before April 29, 2009, shall have the right to seek, through binding arbitration, continuation, or reinstatement of a franchise agreement, or to be added as a franchisee to the dealer network of the covered manufacturer in the geographical area where the covered dealership was located when its franchise agreement was terminated, not assigned, not renewed, or not continued. Such continuation, reinstatement, or addition shall be limited to each brand owned and manufactured by the covered manufacturer at the time the arbitration commences, to the extent that the covered dealership had been a dealer for such brand at the time such dealer's franchise agreement was terminated, not assigned, not renewed, or not continued.

(c) Before the end of the 30-day period beginning on the date of the enactment of this Act, a covered manufacturer shall provide to each covered dealership related to such covered manufacturer a summary of the terms and the rights accorded under this section to a covered dealership and the specific criteria pursuant to which such dealer was terminated, was not renewed, or was not assumed and assigned to a covered manufacturer.

(d) A covered dealership may elect to pursue the right to binding arbitration

with the appropriate covered manufacturer. Such election must occur within 40 days of the date of enactment. The arbitration process must commence as soon as practicable thereafter with the selection of the arbitrator and conclude with the case being submitted to the arbitrator for deliberation within 180 days of the date of enactment of this Act. The arbitrator may extend the time periods in this subsection for up to 30 days for good cause. The covered manufacturer and the covered dealership may present any relevant information during the arbitration. The arbitrator shall balance the economic interest of the covered dealership, the economic interest of the covered manufacturer, and the economic interest of the public at large and shall decide, based on that balancing, whether or not the covered dealership should be added to the dealer network of the covered manufacturer. The factors considered by the arbitrator shall include (1) the covered dealership's profitability in 2006, 2007, 2008, and 2009, (2) the covered manufacturer's overall business plan, (3) the covered dealership's current economic viability, (4) the covered dealership's satisfaction of the performance objectives established pursuant to the applicable franchise agreement, (5) the demographic and geographic characteristics of the covered dealership's market territory, (6) the covered dealership's performance in relation to the criteria used by the covered manufacturer to terminate, not renew, not assume or not assign the covered dealership's franchise agreement, and (7) the length of experience of the covered dealership. The arbitrator shall issue a written determination no later than 7 business days after the arbitrator determines that case has been fully submitted. At a minimum, the written determination shall include (1) a description of the covered dealership, (2) a clear statement indicating whether the franchise agreement at issue is to be renewed, continued, assigned or assumed by the covered manufacturer, (3) the key facts relied upon by the arbitrator in making the determination, and (4) an explanation of how the balance of economic interests supports the arbitrator's determination.

(e) The arbitrator shall be selected from the list of qualified arbitrators maintained by the Regional Office of the American Arbitration Association (AAA), in the Region where the dealership is located, by mutual agreement of the covered dealership and covered manufacturer. If agreement cannot be reached on a suitable arbitrator, the parties shall request AAA to select the arbitrator. There will be no depositions in the proceedings, and discovery shall be limited to requests for documents specific to the covered dealership. The parties shall be responsible for their own expenses, fees, and costs, and shall share equally all other costs associated with the arbitration, such as arbitrator fees, meeting room charges, and administrative costs. The arbitration shall be conducted in the State where the covered dealership is located. Parties will have the option of conducting arbitration electronically and telephonically, by mutual agreement of both parties. The arbitrator shall not award compensatory, punitive, or exemplary damages to any party. If the arbitrator finds in favor of a covered dealership, the covered manufacturer shall as soon

as practicable, but not later than 7 business days after receipt of the arbitrator's determination, provide the dealer a customary and usual letter of intent to enter into a sales and service agreement. After executing the sales and service agreement and successfully completing the operational prerequisites set forth therein, a covered dealership shall return to the covered manufacturer any financial compensation provided by the covered manufacturer in consideration of the covered manufacturer's initial determination to terminate, not renew, not assign or not assume the covered dealership's applicable franchise agreement.

(f) Any legally binding agreement resulting from a voluntary negotiation between a covered manufacturer and covered dealership(s) shall not be considered inconsistent with this provision and any covered dealership that is a party to such agreement shall forfeit the right to arbitration established by this provision.

(g) Notwithstanding the requirements of this provision, nothing herein shall prevent a covered manufacturer from lawfully terminating a covered dealership in accordance with applicable State law.