# EXHIBIT G



**CRAIG ZINN**
**AUTOMOTIVE GROUP**

Corporate Offices

Alan N. Jockers, Esq.
In-House General Counsel
Direct No. (954) 967-4110
Direct Fax (954) 985-7117
ajockers@czag.net

1850 North State Road 7
Hollywood, Florida 33021
954.967.4111
Fax 954.985-3844

January 7, 2010

**VIA OVERNIGHT MAIL & EMAIL** - jeffery.bennett@gm.com

Jeff Bennett, Senior Contractual Manager
General Motors
100 Renaissance Center
Mail Code: 482-A06-C66
Detroit, MI 48265-1000

### NOTICE OF MATERIAL BREACH OF WIND-DOWN
### AGREEMENT & DEMAND FOR PAYMENT

I am providing legal representation to Zinn Companies, Inc. ("Zinn Co.") in regard to the above referenced matter. This letter is written to advise you of GM's material breach of the terms of the Wind-Down Agreement which was entered into with Zinn Co. I was directed by your law firm to submit issues regarding payment to the attention of GM. My client has been informed that you are refusing to pay Zinn Co. pursuant to the terms of the Wind-Down Agreement despite Zinn Co.'s satisfaction of all conditions precedent to payment. Section 3 of the Wind-Down Agreement provides that GM was required to pay the balance of the Wind-Down Payment amount to Zinn Co. within ten business days after fulfillment of all of the terms and conditions contained in the agreement.

You have indicated in your January 5, 2010 email that, "Craig Zinn has completed all requirements of his wind down to be paid the final 75% however since the new arbitration legislation was passed, we also need to get the attached waiver letter before we will terminate or make the final payment..." Please be advised that the Wind-Down Agreement entered into by the parties does not require Zinn Co. to sign the arbitration waiver. Further, the arbitration legislation referenced in your email does not require Zinn Co. to sign the waiver. Rather, Section 747(e) of the legislation specifically provides that in the event that a covered dealership prevails in the arbitration, it "shall return to the covered manufacturer any financial compensation provided by the covered manufacturer..." Accordingly, GM's attempt to force Zinn Co. to involuntarily sign the waiver without additional consideration is without merit, thwarts the purpose of the legislation, and GM's failure to pay constitutes a material breach of the Wind-Down Agreement.

More than ten business days have passed since Zinn Co. satisfied of all the conditions set forth in the Wind-Down Agreement, accordingly, without waiver of any right or remedy, Zinn Co. hereby demands immediate payment pursuant to the terms of the parties' agreement. Please make the payment, and provide a written response to this letter no later than the close of business January 12, 2010. Govern yourself accordingly.

Sincerely yours,

Alan N. Jockers, Esq.

Cc: Tony Napoleon, Zone Manager via email: tony.napoleon@gm.com
  Heather Zawol, Dealer Contractual Manager via email: heather.zawol@gm.com
  Lowe Fell & Skogg c/o Jenna Skogg, via email & overnight mail: jskogg@lfslaw.com
    Lowe, Fell & Skogg, LLC, 370 Seventeenth Street, Suite 4900, Denver, Colorado 80202
  Akerman Senterfitt, litigation counsel for Zinn Companies, Inc. – Robert Zinn, Esq. & Martin Hayes, Esq.

