# EXHIBIT P



**CRAIG ZINN AUTOMOTIVE GROUP**

Corporate Offices

2300 North State Road 7
Hollywood, Florida 33021
954.967.4111
Fax 954.985.3844

Alan N. Jockers, Esq.
In-House General Counsel
Direct No. (954) 967-4110
Direct Fax (954) 985-7117
ajockers@czag.net

May 20, 2009

<u>VIA OVERNIGHT MAIL & FACSIMILE</u>
(313) 665-3550

Dana Rush, GMAS
General Motors Corporation
100 Renaissance Center
MC 482 A38 D82
Detroit, MI 48265-1000

```
Ref:                 Date: 05/20/2009    SHIPPING:    11.34
Dep: USED CAR        Wgt: 0.1 LBS        SPECIAL:      0.00
                                         HANDLING:     0.00
                     DV:         0.00    TOTAL:       11.34

Svcs: STANDARD OVERNIGHT
TRCK: 9357 3706 3320
```

    RE:    GM Audit of Zinn Companies, Inc. d/b/a Pines Pontiac-GMC-Buick

Dear Ms. Rush:

This letter is in response to the Revised Debit Summary dated April 23, 2009 which you recently provided to Zinn Companies, Inc. d/b/a Pines Pontiac-GMC-Buick ("PPG" or the "Dealership"). PPG has already protested the illegal audit that GM has undertaken, notified GM that the Dealership disagrees with its request for reimbursement, informed GM that the proposed audit amounts are not accepted, and requested mediation in regard to the entire audit. In regard to the Revised Debit Summary, PPG continues to disagree with GM's request for reimbursement, does not accept the amounts requested, and reconfirms its request to mediate this matter. Under no circumstance does GM have permission to debit any of PPG's accounts in regard to this dispute.

Without limitation, PPG protests the amounts set forth in your April 23, 2009 Revised Debit Summary for the following reasons:

- The audit covers a period that is more than 18 months prior to the date incentives were paid, in violation of Florida Statute section 320.64(25).

- The "CSI Interference Summary" chart attached to your April 23, 2009 correspondence provides no legitimate explanation for the proposed debits. Further, GM's proposed debit amounts have no apparent relationship to the percent of CSI interference which is alleged. For example, in the fourth quarter of 2004 you assert that PPG interfered with 7.4% of the total eligible surveys, but claim a charge back of 100% of the total SFE Bonuses paid (i.e. $80,000). You have failed to explain why GM is attempting to debit 100%, rather than 7.4% of the bonuses paid.

- Pursuant to Florida law, GM was required to "provide a detailed explanation, with supporting documentation, as to the basis for each of the claims for which the applicant or licensee proposed a charge-back to the dealer..." GM failed to comply with this aspect of Fla. Stat. § 320.64(25). At the March 6, 2009 meeting that you initiated on

     



**CRAIG ZINN**
AUTOMOTIVE GROUP

Corporate Offices

Letter to Dana Rush
Page 2 of 2
May 20, 2009

2300 North State Road 7
Hollywood, Florida 33021
954.967.4111
Fax 954.985.3844

behalf of GM, you failed to provide a detailed explanation or sufficient supporting documentation regarding the matters raised in the audit. You did not provide PPG with copies of the surveys at issue, did not explain the relationship between the alleged CSI interference and the amounts GM intended to debit, and you refused to even provide the Dealership with the total amount of damages claimed. Further GM has provided no evidence to show that the alleged interference had any relation to bonus monies which were allegedly paid.

This correspondence is written without waiver of any rights or remedy that PPG may have.

Sincerely yours,

Alan N. Jockers, Esq.

Cc:   Craig M. Zinn
      Tony Stampone
      Steven Friend

