# EXHIBIT R

**Effective: May 28, 2009**

West's Florida Statutes Annotated Currentness
  Title XXIII. Motor Vehicles (Chapters 316-325)
    Chapter 320. Motor Vehicle Licenses (Refs & Annos)
      → 320.64. Denial, suspension, or revocation of license; grounds

(25) The applicant or licensee has undertaken an audit of warranty, maintenance, and other service-related payments or incentive payments, including payments to a motor vehicle dealer under any licensee-issued program, policy, or other benefit, which previously have been paid to a motor vehicle dealer in violation of this section or has failed to comply with any of its obligations under s. 320.696. An applicant or licensee may reasonably and periodically audit a motor vehicle dealer to determine the validity of paid claims as provided in s. 320.696. Audits of warranty, maintenance, and other service-related payments shall be performed by an applicant or licensee only during the 1-year period immediately following the date the claim was paid. Audit of incentive payments shall only be for an 18-month period immediately following the date the incentive was paid. After such time periods have elapsed, all warranty, maintenance, and other service-related payments and incentive payments shall be deemed final and incontrovertible for any reason notwithstanding any otherwise applicable law, and the motor vehicle dealer shall not be subject to any charge-back or repayment. An applicant or licensee may deny a claim or, as a result of a timely conducted audit, impose a charge-back against a motor vehicle dealer for warranty, maintenance, or other service-related payments or incentive payments only if the applicant or licensee can show that the warranty, maintenance, or other service-related claim or incentive claim was false or fraudulent or that the motor vehicle dealer failed to substantially comply with the reasonable written and uniformly applied procedures of the applicant or licensee for such repairs or incentives. An applicant or licensee may not charge a motor vehicle dealer back subsequent to the payment of a warranty, maintenance, or service-related claim or incentive claim unless, within 30 days after a timely conducted audit, a representative of the applicant or licensee first meets in person, by telephone, or by video teleconference with an officer or employee of the dealer designated by the motor vehicle dealer. At such meeting the applicant or licensee must provide a detailed explanation, with supporting documentation, as to the basis for each of the claims for which the applicant or licensee proposed a charge-back to the dealer and a written statement containing the basis upon which the motor vehicle dealer was selected for audit or review. Thereafter, the applicant or licensee must provide the motor vehicle dealer's representative a reasonable period after the meeting within which to respond to the proposed charge-backs, with such period to be commensurate with the volume of claims under consideration, but in no case less than 45 days after the meeting. The applicant or licensee is prohibited from changing or altering the basis for each of the proposed charge-backs as presented to the motor vehicle dealer's representative following the conclusion of the audit unless the applicant or licensee receives new information affecting the basis for one or more charge-backs and that new information is received within 30 days after the conclusion of the timely conducted audit. If the applicant or licensee claims the existence of new information, the dealer must be given the same right to a meeting and right to respond as when the charge-back was originally presented. After all internal dispute resolution processes provided through the applicant or licensee have been completed, the applicant or licensee shall give written notice to the motor vehicle dealer of the final amount of its proposed charge-back. If the dealer disputes that amount, the dealer may file a protest with the department within 30 days after receipt of the notice. If a protest is timely filed, the department shall notify the applicant or licensee of the filing of the protest, and the applicant or licensee may not take any action to recover the amount of the proposed charge-back until the department renders a final determination, which is not subject to further appeal, that the charge-back is in compliance with the provisions of this section. In any hearing pursuant to this subsection, the applicant or licensee has the burden of proof that its audit and resulting charge-back are in compliance with this subsection.

{NY094556;1}

**Effective: May 28, 2008 to May 27, 2009**

West's Florida Statutes Annotated
  Title XXIII. Motor Vehicles (Chapters 316-325)
    Chapter 320. Motor Vehicle Licenses
      → **320.64. Denial, suspension, or revocation of license; grounds**

**(25)** The applicant or licensee has undertaken an audit of warranty payments or incentive payments previously paid to a motor vehicle dealer in violation of this section or has failed to comply with any of its obligations under s. 320.696. An applicant or licensee may reasonably and periodically audit a motor vehicle dealer to determine the validity of paid claims as provided in s. 320.696. Audit of warranty payments shall only be for the 1-year period immediately following the date the claim was paid. Audit of incentive payments shall only be for an 18-month period immediately following the date the incentive was paid. An applicant or licensee shall not deny a claim or charge a motor vehicle dealer back subsequent to the payment of the claim unless the applicant or licensee can show that the claim was false or fraudulent or that the motor vehicle dealer failed to substantially comply with the reasonable written and uniformly applied procedures of the applicant or licensee for such repairs or incentives. An applicant or licensee may not charge a motor vehicle dealer back subsequent to the payment of a claim unless a representative of the applicant or licensee first meets in person, by telephone, or by video teleconference with an officer or employee of the dealer designated by the motor vehicle dealer. At such meeting the applicant or licensee must provide a detailed explanation, with supporting documentation, as to the basis for each of the claims for which the applicant or licensee proposed a charge-back to the dealer and a written statement containing the basis upon which the motor vehicle dealer was selected for audit or review. Thereafter, the applicant or licensee must provide the motor vehicle dealer's representative a reasonable period after the meeting within which to respond to the proposed charge-backs, with such period to be commensurate with the volume of claims under consideration, but in no case less than 45 days after the meeting. The applicant or licensee is prohibited from changing or altering the basis for each of the proposed charge-backs as presented to the motor vehicle dealer's representative following the conclusion of the audit unless the applicant or licensee receives new information affecting the basis for one or more charge-backs. If the applicant or licensee claims the existence of new information, the dealer must be given the same right to a meeting and right to respond as when the charge-back was originally presented.

{NY094557;1}