February 23, 2010

Honorable Robert E. Gerber
United States Bankruptcy Judge Southern District of New York
One Bowling Green, Room 621
New York, New York  10004

Dear Honorable Robert E. Gerber:

Enclosed are copies of documents I was mailed by
Gersten Savage LLP-600 Lexington Ave, 10th Floor, New York,
New York 10022. An order Granting Admission to Practice,
Pro Hac Vice from AJ De Bartolomeo Esq. I received this
Notice on January 30, 2010, which I did not fully under-
stand. On February 10, 2010 I received another notice,
several pages of documents from Gersten Savage LLP which
I believe is one of my Sharyl Y. Carter claims against
the Debtors and their affiliates Debtors. Motors Liquidation
Company, Chapter 11, Case No  09-50026 (Jointly Administered)
At the top right hand corner it states - Hearing Date:
February 10, 2010 9:45am - Objection Deadline - February 3,
2010 - 4:00pm. My question is why did I received this
documents on February 10, 2010 - Objection Deadline and
Not before. I already mailed everyone my

objection before this above date of February 3, 2010
I continue to received documents after the facts,
and after the deadline date. Which is costing me
more and more pain, and suffering, cost of all
these certify mailing I have to send, mail out. I
ask that this objection be added to my claims, cases
if they have not already been added.
This documents states claims of The Dex-Cool
and Anderson Class Claimants Actions, Implementation
of Alternative Dispute Resolution Procedures, In-
cluding mandatory mediation (Docket #4782). I
Shacyl J. Carter stated previous I am willing
to talk, mediation with the Debtors and their
affiliates Debtors (GM) motors Liquidation Company
and their attorneys. As long as I don't be, get
mislead, delay tactics Repeatly as before,
and previously from the Debtors and their
affiliates Debtors. Again I object to the Debtors
plans. I do have an claim of this procedures
Dex-cool, Anderson Class Action-Claimants, or claims,
the Debtors and their affiliates Debtors have
sold me a car 2001 Aleco Oldsmobile, 4 door,

black in Dayton Ohio at Cor Dealership White Allen, (937) 220-6620, Service department NO. (937) 222-3701, who handles all services. I had so many problems with this car, under warranty, and after the fact. Some problems was to be handle by White Allen Service department, but was fraudly, falsely not completed when stated they have done, completed the services. That problem started with the failure of the signal lights which causes other problems. The White Allen Service department claim to have completed the job, but it was never fix by White Allen, and I had to fix, but I continue to have the same problem, I was also told they the Debtors are only RESPONSIBLE for it being fix one time. I disagree, object to the Debtors warranty, as it only fix minor problems, if it is fix at all. I have been having many problem

with this car from the Debtors and their affiliates
Debtors. (GM) for years I have been buying
Coolants to keep Refilling the Anti freeze liquid
in the tank. The Gasket manifold intake is a
problem also, which is causing other problems.
to my car, also many more problems, and
Repairs to be done, fix, completed. I am
wondering if the three proof of claims form
was directed toward these three claims,
Cases and not duplicated claims as the Debtors
and their affiliates Debtors Refer to. As stated
in the documents, As part of both settlements
either the Debtors or an independent third
party settlement administrator, was to
complete the claims administration process
(e.g. evaluate and Review the claims sub-
mitted by class members, provide class
members with notice and opportunity to
Cure deficient claims) and to submit to

the Debtors for payment. But I Sheryl 2/.
Carter received these documents on February
10, 2010, the same day as the Hearing Date.
I received several calls from the Debtors
Attorney being Eckou of The Garden City
Group for, stating also they the Debtors
are not objecting my claims and it, my
Claims will not be heard on February
10, 2010. I continue to have more Attorney
contact me after the fact, hearing date,
past deadline time, and after I answer
previously notice. I Sheryl 2/ Carter was not
inform of on which claim is in this court
until above date. I will continue to object
and disagree with the Debtors and their
Affiliates Debtors. I am willing to talk
and mediate with the Debtors mediation
people. As long as I am not being misled
and false information given to me in a

timely manner. I will mail the courts my
responds, also the attorney on that forms,
not all three/four, etc, since all attorneys
are handling these claims together. If
All my claims are being handle separly,
and correctly I hope, and request that
I am notify as to what claim I am
objecting to and also given the correct
information on that or those claims in a
timely manner. If these claims were settled
and reimbursements were granted and given
to claimants, I was not notify of this until
I read the informations in the enclosed docu-
ments. Would that be the reason of the
delay in my claims, and for them my
Sharyl of Carter claims not being heard

IN the Courts yet? I guess my claims are
Unresolved and under Bar-Cool Claims, Anderson
Claims Rule 3001 of the Rules of Bankruptcy
Procedure and the Code, and any other claims
that my Sharyl Y. Carter may be under,
also dockets too.

I Sharyl Y. Carter respectfully ask the Courts
to have the Debtors and their affiliates Debtors
give me all documents, records on all my claims,
and in a timely manner.

Again I object and disagree with the
Debtors and their affiliates Debtors.

Sincerely,

Sharyl Y. Carter

PS. I received a fed/Ex envelope
on February 22, 2010 from The Garden
City Group adjourning my claims to
march 10, 2010 at 9:45. I object
to the Debtors (GM corp) plans. A copy enclosed

Sharyl Y. Carter

February 23, 2010

1 of 7

Weil, Gotshal + manges LLP

Attn: Joseph H. Smolinsky / Harvey R. Miller / S. Karotkin

767 Fifth Avenue

New York, New York 10153

Enclosed are copies of documents I was mailed by Gorsten Savage LLP - 600 Lexington Ave, 10th Floor, New York, New York 10022. An order Granting Admission to Practice, Pro Hac Vice from AJ De Bartolomeo Esq. I Received this Notice on January 30, 2010, which I did not fully understand. On February 10, 2010 I Received another Notice, several pages of documents from Gorsten Savage LLP which I believe is one of my Sheryl Y. Carter Claims against the Debtors and their Affiliates Debtors. Motors Liquidation Company, Chapter 11, Case No 09-50026 (Jointly Administered) At the top right hand corner it states - Hearing Date February 10, 2010 9:45am - Objection Deadline - February 3, 2010 - 9:45am. My question is why did I Received this documents on February 10, 2010 - Objection Deadline and not before. I already mailed everything my

February 23, 2010
1 of 7

Gersten Savage LLP
Attn: Paul A. Rachmuth (pr 1566)
600 Lexington Avenue 10th Floor
New York, New York 10022

Enclosed are copies of documents I was mailed by
Gersten Savage LLP-600 Lexington Ave, 10th Floor, New York,
New York 10022. An order Granting Admission to Practice,
Pro Hac Vice from AJ De Bartolomeo Esq. I received this
Notice on January 30, 2010, which I did not fully under-
stand. On February 10, 2010 I Received another Notice,
several pages of documents from Gersten Savage LLP which
I believe is one of my Sharyl Y. Carter claims against
the Debtors and their affiliates Debtors. Motors Liquidation
Company, Chapter 11, Case No 09-50026 (Jointly Administered)
At the top Right hand corner it states -Hearing Date:
February 10, 2010 9:45am -Objection Deadline - February 3,
2010 - 4:00pm. My question is why did I Received this
documents on February 10, 2010 -Objection Deadline and
Not before. I already mailed everything my

February 23, 2010

1 of 7

The Garden City Group Inc
Attn: Motors Liquidation Company
105 Maxess Road
Melville, New York 11747

Enclosed are copies of documents I was mailed by
Gordon Savage LLP-600 Lexington Ave, 10th Floor, New York,
New York 10022. An order Granting Admission to Practice,
Pro Hac Vice from AJ De Bartolomeo Esq. I received this
Notice on January 30, 2010, which I did not fully under-
stand. On February 10, 2010 I received another notice,
several pages of documents from Gordon Savage LLP which
I believe is one of my Sharyl Y. Carter claims against
the Debtors and their affiliated Debtors. Motors Liquidation
Company, Chapter 11, Case No. 09-55026 (Jointly Administered
At the top right hand corner it states -Hearing Date
February 10, 2010 9:45 am - Objection Deadline - February 3,
2010 - 4:00pm. My question is why did I received this
documents on February 10, 2010 - Objection Deadline and
not before. I already mailed everything my

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent to *The Garden City Group Inc*
Street, Apt. No.; *Attn: Motors Liquidation Company*
or PO Box No. *105 Maxess Road*
City, State, ZIP+4 *Melville, New York 11747*

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*The Garden City Group Inc*
*Attn: Motors Liquidation Company*
*105 Maxess Road*
*Melville, New York 11747*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Robert E. Gerber
United States Bankruptcy Ct Southern
Dist Bowling Green, Rm 621
New York, New York
10004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

District of NY

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To Kasowitz Savage LLP
Attn: Paul H. Kachmuth
Street, Apt. No.; or PO Box No. 1600 Lexington Ave 10th Floor
City, State, ZIP+4 New York, New York 10022

7008 1830 0002 1390 7869

PS Form 3800, August 2006   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kasowitz Savage LLP
Attn: Paul H. Kachmuth
1600 Lexington Ave 10th Flr
New York, New York
10022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _Weil Gotshal & manges LLP_
Street, Apt. No.; or PO Box No. _Attn. Joseph Smolinsky, Harvey miller & Karotkin_
_767 Fifth Avenue_
City, State, ZIP+4 _New York, New York_

PS Form 3800, August 2006                    See Reverse for Instructions

7008 1830 0002 1390 9740

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Weil, Gotshal & manges LLP_
_Attn. Joseph Smolinsky, Harvey miller & Karotkin_
_767 Fifth Avenue_
_New York, New York_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _Honorable Robert E. Gerber_
Street, Apt. No.; or PO Box No. _United States Bankruptcy Ct. Souther District_
_One Bowling Green, Rm 621_
City, State, ZIP+4 _New York, New York 10004_

PS Form 3800, August 2006                    See Reverse for Instructions

7008 1830 0002 1390 7852

Gersten Savage LLP
600 Lexington Ave, 10th Fl
New York, NY 10022

Sharyl J. Carter
1541 LaSalle Ave # 1
Niagara, NY 14301

Paul A. Rachmuth (pr1566)
**GERSTEN SAVAGE LLP**
600 Lexington Avenue
New York , New York  10022
Telephone: (212) 752-9700
Facsimile: (212) 980-5192
prachmuth@gerstensavage.com

- and -

Eric H. Gibbs
A. J. De Bartolomeo
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

- and –

P. John Brady
**POLSINELLI SHUGHART P.C.**
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
Telephone:  (816) 421-3355
Facsimile:  (816) 374-0509

*Class Counsel in General Motors Dex-Cool/Gasket Cases
and General Motors Cases, Anderson v. General Motors*

HEARING DATE : February 10, 2010
9:45 am (Eastern Time)

OBJECTION DEADLINE: February 3, 2010
4:00 pm (Eastern Time)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026<br><br>(Jointly Administered) |

# LIMITED OBJECTION OF THE DEX-COOL AND ANDERSON CLASS CLAIMANTS TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(A) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, INCLUDING MANDATORY MEDIATION (DOCKET # 4780)

COMES NOW Class Counsel for and on behalf of the class members of the GM Class Actions, defined below (the "Class Members"), and in response to the Motion of Debtors For Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (Docket # 4780) ("Motion") state as follows for their Limited Objection to such Motion:

### Introduction And History of the Dex-Cool and Anderson Class Actions

1.      The Motion seeks, *inter alia*, to establish mandatory mediation and other ADR procedures for claims based on liquidated judgments and settlements reached in three class action litigations involving the Class Members.  The first is General Motors Dex-Cool/Gasket Cases, Superior Court of the State of California, for the County of Alameda, Judicial Council Coordination Proceeding No. 4495, Case No. HG03093843 (filed April 29, 2003) and the second is Gutzler v. General Motors Corp. Case No. 03CV208786 (Mo. Cir. Ct., Jackson County) (jointly referred to herein as the "Dex-Cool Class Action").  The Dex-Cool Class Action was in the settlement payment phase as of the June 1, 2009 Commencement Date.  The third action is General Motors Cases, Anderson v. General Motors, Superior Court of the State of California, County of Los Angeles, Central Civil West Courthouse, Judicial Proceeding No. 4396, Orange County Case No. 04CC00554 (filed May 18, 2004) (the "Anderson Class Action", and collectively with Dex-Cool Class Action, the "GM Class Actions.").  The Anderson Class Action was in the claims administration phase (with General Motors acting as the claims administrator) as of the June 1, 2009 Commencement Date.

2.      Class Counsel files this Limited Objection to the relief sought in the Debtors' Motion as the GM Class Actions were settled pre-petition, were granted final approval by their respective courts pre-petition, and each judgment had reached finality pre-petition, thus the settlement terms – including the claims administration processes – were agreed to by the pre-petition Debtors.  As part of both settlements, either the Debtors or an independent third party settlement administrator, was to complete the claims administration process (e.g. evaluate and

review the claims submitted by class members, provide class members with notice and opportunity to cure deficient claims) and to submit valid claims to the Debtor for payment.

3.    In the <u>Dex-Cool Class Action</u> settlement, the claims administration process and settlement recovery distribution were substantially complete on the Commencement Date, with General Motors having funded over $6.1 million in settlement claims to class members for reimbursement of repair expenditures.    For the <u>Anderson Class Action</u> settlement, the claims administration process was ongoing as of the Commencement Date.    Thus, the Debtor has recognized the validity of the overall claims represented in the <u>GM Class Action</u> settlements and all that remains is for either a third party administrator or the Debtors to evaluate the remaining individual claims submitted.

4.    Class Counsel and the Class Claimants should not have to submit to this expensive ADR procedure contemplated in the Motion for claims that are agreed to, but just have to be reviewed and processed.    As detailed herein, Class Counsel suggests that the funds that would be spent in this ADR process instead be put toward finishing what has already been substantially started: the review of the remaining individual claims submitted in <u>GM Class Actions</u>.

### The Dex-Cool Action

5.    In April 2003, class action cases were filed against General Motors Inc. ("<u>GM</u>") in federal and state courts around the country alleging that Dex-Cool engine coolant failed to protect engines as promised and instead caused various problems, including failure of lower intake manifold gaskets in certain GM vehicles.    Consumer classes were certified in a Missouri state court action entitled <u>Gutzler v. General Motors,</u> (the "<u>Gutzler Class Action</u>") and later in a California state court coordinated proceeding entitled <u>General Motors Dex-Cool/Gasket Cases,</u> (the "<u>Sadowski Class Action</u>").    The two actions are referred to jointly here as the "<u>Dex-Cool Class Actions.</u>" In 2008, the litigation eventually settled with GM's agreement to pay class members cash reimbursements ranging from $50 to $800 for Dex-Cool related repairs.    On September 5, 2008, the <u>Gutzler</u> court approved the parties' settlement agreement and entered a

final judgment incorporating its terms with respect to a Missouri-only class. The California court presiding over the <u>Sadowski Class Action</u> then approved the parties' settlement agreement and on October 23, 2008, the court entered a final judgment incorporating its terms with respect to the remaining 49-state class (collectively the "<u>Dex-Cool Settlement Agreement</u>"). In the <u>Dex-Cool Class Actions</u>, the parties retained the Garden City Group, Inc. ("<u>GCG</u>") as the claims administrator. GCG is also the claims administrator in the GM bankruptcy proceeding.

6.       Prior to the Commencement Date, as defined herein, in the <u>Dex-Cool Class Actions</u>, GCG had substantially completed the claims administration and GM had funded over $6.1 million in valid class claims. However, certain additional valid claims in the <u>Dex-Cool Class Actions</u> had not yet been resolved pursuant to the terms of the Dex-Cool Settlement Agreement (the "<u>Unresolved Dex-Cool Claims</u>"). The Unresolved Dex-Cool Claims were comprised of a group of class members, whose original claims were deficient but had since cured those deficiencies pursuant to the terms of the settlement agreements and judgments, and who had not yet been paid. Specifically, on May 8, 2009, the claims administrator submitted to GM a request for funding in the amount of $1,325,568.60 for payment of valid approved claims. GM did not fund that request at the time of the June 1, 2009 Commencement Date. Additionally, as of the June 1, 2009 Commencement Date, the claims administrator had not yet completed its review of all valid claims that cured their deficiency, particularly those that filed claims for multiple repairs arising from the Dex-Cool coolant. The administrator estimated that the value under the <u>Dex-Cool</u> settlement of the remaining valid claims is between $850,000 and $1.3 million. On November 25, 2009, Class Counsel submitted a class-wide Proof of Claims in this proceeding on behalf of the Unresolved Dex Cool Claims as described below.

### The Silverado Piston Slap Class Action

7.       In May 2004, the <u>Anderson Class Action</u> litigation was filed in California state court and later coordinated in Los Angeles Superior Court. The <u>Anderson Class Action</u> alleged that GM violated California's "secret warranty" law by offering special benefits to some but not all California consumers whose Chevy Silverados suffered from an abnormal engine knock or

piston pin noise condition, often referred to as "piston slap." A state-wide class of Chevy Silverado owners was certified in November 2006, and later settled with GM for free repairs and cash reimbursements to those who had piston-slap repair expenses or purchased a GM Protection Plan to address their piston slap. The <u>Anderson Class Action</u> court approved the settlement and incorporated its terms into a final judgment on March 5, 2009. ("<u>Anderson Settlement Agreement</u>") Under the settlement and judgment, class members submitted claims directly to GM. Prior to the Commencement Date, the administration of the Anderson Settlement Agreement had been initiated. However, certain claims in connection with the Anderson Class Action had not yet been fully resolved pursuant to the terms of the Anderson Settlement Agreement (the "<u>Unresolved Anderson Claims</u>"). In light of the GM bankruptcy action, on November 25, 2009, Class Counsel filed a class-wide Proof of Claim on behalf of the Unresolved Anderson Claims in this proceeding, as described below.

8.    Collectively, the Unresolved <u>Dex-Cool</u> Claims and the Unresolved <u>Anderson</u> Claims are referred to herein as the "<u>Unresolved Class Claims</u>").

**The Class Action Proofs of Claim**

9.    On June 1, 2009 (the "<u>Commencement Date</u>"), the Debtor commenced with this Court voluntary cases (the "<u>Chapter 11 Cases</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtor is authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors was appointed in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

10.    On December 1, 2009, the Court approved a stipulation (Docket # 4575) between the Debtor, Motors Liquidation Company (f/k/a General Motors Corporation) ("<u>MLC</u>") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>" or "<u>MLC</u>") and the holders of Unresolved Dex-Cool Claims, and the holders of Unresolved Anderson Claims, whereby Class Counsel could file class proofs

of claim on behalf of the Unresolved <u>Dex-Cool</u> and <u>Anderson</u> Class Claimants pursuant to Rule 3001 of the Rules of Bankruptcy Procedure and the Code.

11.     On November 25, 2009, Class Counsel filed a Proof of Claim on behalf of the Unresolved Dex-Cool Claims in the amount of $3,000,000.00 as Claim Number 51095 (the "Dex-Cool Claim") and a Proof of Claim on behalf of the Unresolved Anderson Claims in the amount of $10,000,000.00 as Claim Number 51093 (the "<u>Anderson Proof of Claim</u>", and collectively with the <u>Dex-Cool</u> Claim, the "<u>Class Proofs of Claim</u>").

### Relief Requested By Limited Objection

12.     Class Counsel requests that: (1) the Court deny Debtors' Motion as it relates to the Class Proofs of Claim; (2) the Debtor and Class Counsel agree to use the funds that would be spent in litigation or mediation of those claims towards funding GCG, another third party administrator, or the Debtor to complete its review of the Unresolved Dex-Cool Claims (the cost of that review is estimated at between $25,000 and $40,000) and the Unresolved Anderson Claims, which will be liquidated pursuant to their respective Settlement Agreements; and (3) that upon such liquidation by the claims administrator as expressly contemplated by the Settlement Agreements, that Class Proofs of Claim be deemed allowed in whatever final amount any third party administrator determines.

### The Unresolved Class Claimants Should Not Be Subject To An Expensive and Time Consuming Process to Finalize the Amounts of the Remaining Unresolved Claims, Where Judgments and Settlement Agreements Have Already Established the Process to Liquidate the Unresolved Claims

13.     Debtors' Motion to implement ADR procedures is a wholesale attempt for the Debtors to deal with numerous and large claims. However, when applied to the Class Proofs of Claim, the rationale for this procedure falls apart.

14.     As explained in detail above, the Class Proofs of Claim are based on pre-petition settlements and consent judgments from separate class action lawsuits against the Debtor. Under these Settlement Agreements, <u>the Debtor was responsible for the costs of reviewing and</u>

approving claims submitted by class members.  In the <u>Dex-Cool Class Actions</u>, the parties selected GCG to review and analyze those claims.  GCG had reviewed and analyzed over 80% of the claims submitted.  The Debtor had paid over $6.1 million on those claims before the Commencement Date and another $1.3 million in valid claims were waiting funding for payment. Only multiple repair claims remain to be administered on the <u>Dex-Cool</u> Settlements, and it is estimated that the review of these claims can be completed for between $25,000 and $40,000.

15.    In an effort to put this concept into action, Class Counsel is willing to advance $10,000.00 to GCG to share the cost of the final determination of the Unresolved <u>Dex-Cool</u> Claims if: (1) Debtors agree to put forth the remaining cost or obtain GCG's consent to complete the review; (2) Debtors agree that the amount determined by GCG of the Unresolved <u>Dex-Cool</u> Claims be allowed as an allowed unsecured proof of claim; and (3) Class Counsel be allowed to file amended class proofs of claim in the amounts determined by GCG (or another independent administrator), which under the <u>Dex-Cool</u> Settlement are the sole responsibility of the Debtor.[1]

16.    As to the Unresolved <u>Anderson</u> Claims, the administration and review of those claims is the responsibility of the Debtor under the terms of the <u>Anderson</u> Settlement Agreement. Again, rather than submit to a lengthy and expensive process, the parties time and funds would be better spent by the Debtor completing its review of the Unresolved <u>Anderson</u> Claims so that the final claim can be specifically determined.  At a minimum, Class Counsel requests that the Debtor provide them with copies of the claims submitted so that they can direct a review and assessment of the validity and value of those claims.

17.    Debtors move for this relief under Section 105 of the bankruptcy code, under the Courts equitable powers. The Second Circuit states that "The equitable power conferred on the bankruptcy court by section 105(a) is the power to exercise equity in carrying out the provisions of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise

---

[1] This is subject to a signed stipulation of the terms between the parties.

to do the right thing." In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 92 (2nd Cir. 2003). The Second Circuit has also stated that a bankruptcy court "may sift the circumstances surrounding any claim in order to ascertain that injustice or unfairness is not accomplished in the administration of the debtor's estate, and in so doing it may adopt that remedy which it deems most appropriate under the circumstances." In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2nd Cir. 1994).

18.    As it relates to the Unresolved Class Claims, Debtors' Motion will not result in quicker and more efficient administration, but increased cost and complexity that needlessly muddy the waters as it regards the Unresolved Class Claims. As they are already agreed upon in principal with a specific and purposeful methodology for obtaining a final and specific amount, it seems arbitrary to now cast that methodology away when the parties already agreed upon it. Clearly it is not in the interest of efficiency or fairness to do so.

19.    The Debtors Motion tries to create a large overarching procedure for dealing with a number of large and varied claims, which is understandable. However, as it regards the Unresolved Class Claims, which are the subject of pre-petition settlement agreements and judgments, some of which are substantially complete, Debtors intended procedure does not make sense. As suggested herein, Class Counsel is willing to engage with the Debtors in resolution of the Unresolved Class Claims that result in completion of the review of the submitted claims, but given the status of these Claims, Debtors' Motion is not appropriate.

20.    The Dex-Cool and Anderson Settlement Agreements have been rejected by the Debtors as executory contracts. This rejection, however does not entitle the Debtor to renegotiate these settlements. Rather, it acts as a breach of the agreement entitling the Class Claimants to claims for the damages sustained. 11 U.S.C. §365(g). In this instance, the damages are the amounts of the Dex-Cool and Anderson Settlements.

21.    Even assuming, arguendo, that the amounts of the Dex-Cool and Anderson Settlements could be challenged at all, these challenges should be done in the most efficient, economical manner for both sides. Class Counsel submits that the ADR procedures requested in

the Debtors' Motion are not the most efficient or economical process to challenge the class claims.

WHEREFORE, on behalf of the Class Claimants, Class Counsel asks that the Court grant Class Counsel's limited objection that <u>it not be subject to</u> the relief sought in the Debtors' Motion and such other relief as the Court deems just and proper.

[Signature Page Follows]

DATED:    New York, New York
          February 3, 2010


Respectfully submitted,


**GERSTEN SAVAGE LLP**


By:    /s/_____
          Paul Rachmuth (pr1566)
600 Lexington Avenue
New York , New York  10022
Telephone: (212) 752-9700
Facsimile:  (212) 980-5192
prachmuth@gerstensavage.com


- and -

Eric H. Gibbs
A. J. De Bartolomeo
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846


- and –

P. John Brady
**POLSINELLI SHUGHART P.C.**
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
Telephone:  (816) 421-3355
Facsimile:  (816) 374-0509

*Class Counsel in General Motors Dex-*
*Cool/Gasket Cases and General Motors Cases,*
*Anderson v. General Motors*



ORIGIN ID: AROA (206) 876-5212
THE GARDEN CITY GROUP, INC.
MOTORS LIQUIDATION COMPANY
105 MAXESS ROAD
MELVILLE, NY 11747
UNITED STATES US

TO
SHARYL Y CARTER
1541 LASALLE AVE #1

NIAGRA FALLS NY 14301

REF: APS

SHIP DATE: 19FEB10
ACTWGT: 0.2 LB MAN
CAD: 0585916/CAFE2450

BILL THIRD PARTY

FedEx
Express

MON – 22FEB    A4
PRIORITY OVERNIGHT

TRK# 4222 2479 4023
0201

XX DKKA

14301
NY-US
BUF

The World O

For FedEx Express® Shipments Only

Express

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
----------------------------------------x
```

## NOTICE OF MATTERS
## SCHEDULED FOR HEARING ON FEBRUARY 23, 2010 at 9:00 a.m.

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, before the Honorable Robert E.
Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling
Green, New York, NY 10004-1408

I.    **CONTESTED MATTERS:**

1.    Status Conference regarding Motion of Debtors for Entry of Order Pursuant to 11
U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of
Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the
"**Debtors' ADR Motion**") **[Docket No. 4780]**

Response Deadline:          February 3, 2010 at 4:00 p.m.

Responses Filed:            **Fifteen.**

A.    Statement of the Official Committee of Unsecured Creditors in
Support of the Debtors' Motion for an Order Pursuant to 11 U.S.C.
§ 105(a) and General Order M-390 Authorizing Implementation of
Alternative Dispute Resolution Procedures, Including Mandatory
Mediation filed by Amy Caton on behalf of Official Committee of
Unsecured Creditors of General Motors Corporation **[Docket No.
4942]**

B.    Texas Comptroller's Response to Debtors' Motion Regarding
Alternative Dispute Resolution Procedures filed by Mark Edwin

Browning on behalf of Texas Comptroller of Public Accounts
[Docket No. 4860] (the "Texas Response")

C.  State of Washington Joinder in Objection of Texas to ADR
Procedures filed by Zachary Mosner on behalf of Washington
State Tax Agencies [Docket No. 4869] (the "Washington
Response")

D.  Commonwealth of Pennsylvania, Department of Revenue Joinder
in Texas Comptroller's Response to Debtors' Motion Regarding
Alternative Dispute Resolution Procedures filed by Carol E.
Momjian on behalf of Commonwealth of Pennsylvania,
Department of Revenue [Docket No. 4920] (the "Pennsylvania
Response")

E.  State of Michigan Joinder in Texas Comptroller's Response to
Debtors' Motion Regarding Alternative Dispute Resolution
Procedures filed by Julius O. Curling on behalf of State of
Michigan, Department of Treasury [Docket No. 4921] (the
"Michigan Response")

F.  Objection of Designated Claimant to Motion of Debtors for Entry
of Order Pursuant to 11 U.S.C. 105(a) and General Order M-390
Authorizing Implementation of Alternative Dispute Resolution
Procedures, Including Mandatory Mediation filed by Jake W. Rodd
[Docket No. 4925] (the "Rodd Response")

G.  Opposition of Town of Salina, New York to Motion of Debtors for
Entry of Order Pursuant to 11 U.S.C. §105(a) and General Order
M-390 Authorizing Implementation of Alternative Dispute
Resolution Procedures Including Mandatory Mediation filed by
Lee E. Woodard on behalf of Town of Salina [Docket No. 4927]
(the "Salina Response")

H.  Response of Atlas Technologies, Inc. to Debtors' request for the
entry of an Order pursuant to 11 USC § 105(a) and General Order
M-390 Authorizing Implementation of Alternative Dispute
Resolution Procedures, including Mandatory Mediation filed by
Barry M. Lasky on behalf of Atlas Technologies, Inc. [Docket No.
4931] (the "Atlas ADR Response")

I.  Limited Objection of Andorra Banc Agricol Reig, S.A. to Motion
of Debtors for Entry of Order Pursuant to 11 U.S.C §105(A) and
General Order M-390 Authorizing Implementation of Alternative
Dispute Resolution Procedures, Including Mandatory Arbitration
filed by Samuel Jason Teele on behalf of Andorra Banc Agricol
Reig, S.A. [Docket No. 4934] (the "Andorra Response")

J.      Limited Objection of Detroit Diesel Corporation to Motion of
        Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(A) and
        General Order M-390 Authorizing Implementation of Alternative
        Dispute Resolution Procedures, Including Mandatory Mediation
        filed by Michael T. Conway on Behalf of Detroit Diesel
        Corporation [Docket No. 4936] (the "Detroit Diesel Response")

K.      Objection of Bright Bay GMC Truck, Inc. to Debtors' Motion for
        Alternative Dispute Resolution Procedures filed by Jeffrey Bard on
        behalf of Bright Bay GMC Truck, Inc. [Docket No. 4937] (the
        "Bright Bay Response")

L.      Limited Objection of the Dex-Cool and Anderson Class Claimants
        to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §
        105(A) and General Order M-390 Authorizing Implementation of
        Alternative Dispute Resolution Procedures, Including Mandatory
        Mediation (Docket # 4780) filed by Paul A. Rachmuth on behalf of
        Dex-Cool/Gasket Class Action and Anderson Class Action Classes
        [Docket No. 4938] (the "Dex-Cool and Anderson Response")

M.      Limited Objection of Ad Hoc Committee of Consumer Victims of
        General Motors to the Debtors' Motion for Entry of an Order
        Pursuant to 11 U.S.C. § 105(a) and General Order M-390
        Authorizing Implementation of Alternative Dispute Resolution
        Procedures, Including Mandatory Mediation filed by Benjamin P.
        Deutsch on behalf of Ad Hoc Committee of Consumer Victims of
        General Motors [Docket No. 4940] (the "Ad Hoc Committee
        Response")

N.      D&M Real Estate, LLC t/a The Horse Tavern & Grill and The
        Horse, Inc. t/a the Horse Tavern & Grill's Response in Objection
        to Debtors' Motion Regarding Alternative Dispute Resolution
        Procedures (Affirmation in Support of D&M Real Estate, LLC,
        T/A The Horse Tavern & Grill and The Horse, Inc., T/A The
        Horse Tavern & Grill's Motion for Relief from Automatic Stay)
        filed by William Dirk Pastorick on behalf D&M Real Estate, LLC
        t/a The Horse Tavern & Grill and The Horse, Inc. t/a the Horse
        Tavern & Grill [Docket No. 4943] (the "D&M Response")

O.      Ohio Department of Taxation's Joinder in Texas Comptroller's
        Response to Debtors' Motion Regarding Alternative Dispute
        Resolution Procedures filed by Victoria D. Garry on behalf of
        Ohio Department of Taxation [Docket No. 4944] (the "Ohio
        Response")

P.      Response to Motion filed by Sharyl J. Carter [Docket No. 4982]

Reply Filed:

    Q.    Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation [**Docket No. 4957**] (the "**Debtors' Omnibus Reply**")

Additional Document(s):

    R.    Supplement to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation [**Docket No. 4911**]

**Status:**    This matter will be going forward on a limited basis as provided in the Debtors' Omnibus Reply. The only remaining objections to the limited relief requested in the Debtors' ADR Motion are believed to be (i) the Bright Bay Response and (ii) the D&M Response. The Debtors continue to work towards a consensual order. The remainder of the Debtors' ADR Motion will be adjourned to March 10, 2010 at 9:45 a.m.[1]

## II.   UNCONTESTED MATTERS:

2.    Status Conference regarding Debtors' Objection to Proofs of Claims Nos. 04620 & 07291 filed by Theresa L. Marchbanks ("**Objection to Ms. Marchbanks' POCs**") [**Docket No. 4653**]

    Response Deadline:    February 3, 2010 at 4:00 p.m.

    Response Filed:    None to date.

    Reply Filed:    None to date.

    Additional Document(s):    None to date.

---

[1] The Revised Proposed Order adjourns to the March 10, 2010 hearing the following types of claims: (a) tax claims (including tax indemnity claims relating to leveraged fixed equipment lease transactions), (b) environmental claims that constitute prepetition unsecured claims (including claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (c) indemnity claims relating to asbestos liability, and (d) all other Unliquidated/Litigation Claims that are *not* Initial Subject Claims. All capitalized terms used in this footnote shall have the meanings ascribed to such terms in the Debtors' Omnibus Reply.

Response Deadline:          February 3, 2010 at 4:00 p.m.

Responses Filed:

    A.    Response to Plaintiff-Claimant Douglas Groch to the Notice of Debtors' Eighth Omnibus Objection to Claims (Claims with Insufficient Documentation) filed by Jonathan M. Ashton on behalf of Douglas Groch **[Docket No. 4996]** (the **"Groch Response"**)

    B.    Informal Response of Marilyn Clark **[Not filed on docket]** (the **"Clark Response"**)

    C.    Informal Response of Manny S. Weiss **[Not filed on docket]** (the **"Weiss Response"**)

Reply Filed:   None to date.

Additional Document(s):   None to date.

**Status:**   This matter will be going forward except with respect to the claims that are the subject of the Groch Response, the Clark Response, and the Weiss Response. The Debtors' Eighth Omnibus Objection to Claims is being withdrawn with respect to these claims.

6.    Debtors' Ninth Omnibus Objection to Claims (Claims with Insufficient Documentation) **[Docket No. 4759]**

Response Deadline:          February 3, 2010 at 4:00 p.m.

Responses Filed:

    A.    Creditor Michael Logan's Response in Objection to Debtors' Ninth Omnibus Objection to Claims, filed by Brent A. Lance **[Docket No. 4866]** (the **"Logan Response"**)

    B.    Creditors' Response to Debtor's Ninth Omnibus Objection to Claims of Mary Bates, Individually and as Conservator for William Bradford Jones, filed by Vicki R. Slater **[Docket No. 4939]** (the **"Bates/Jones Response"**)

    C.    Creditor Harold Martin's Reply to Debtors' Ninth Omnibus Objection to Claims, filed by Jan I. Berlage **[Docket No. 4941]** (the **"Martin Response"**)

Reply Filed:          None to date.

Additional Document(s):   None to date.

**Status:**      No response has been filed. The Debtors are endeavoring to contact Ms. Marchbanks and will either proceed with the Objection to Ms. Marchbanks' POCs, if appropriate, or provide a status update.

3.    Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims) [Docket No. 4756]

Response Deadline:          February 3, 2010 at 4:00 p.m.

Response Filed:             None to date.

Reply Filed:               None to date.

Additional Document(s):     None to date.

**Status:**      This matter will be going forward.

4.    Debtors' Seventh Omnibus Objection to Claims (Duplicate Claims) [Docket No. 4757]

Response Deadline:          February 3, 2010 at 4:00 p.m.

Responses Filed:            None to date.

A.    Response of Atlas Technologies, Inc. to Debtors' Seventh Omnibus Objection to Claims filed by Barry M. Lasky on behalf of Atlas Technologies, Inc. [Docket No. 4931] (the "Atlas Response to the Seventh Omnibus Objection")

B.    Informal Response of Casmalia Resources Site Steering Committee [Not filed on docket] (the "Casmalia Response")

Reply Filed:               None to date.

Additional Document(s):     None to date.

**Status:**      This matter will be going forward except with respect to the claim that is the subject of the Casmalia Response. The Debtors' Seventh Omnibus Objection to Claims is being withdrawn with respect to this claim. The Debtors have confirmed with counsel for Atlas Technologies, Inc. that the Atlas Response to the Seventh Omnibus Objection is not an objection to the relief requested.

5.    Debtors' Eighth Omnibus Objection to Claims (Claims with Insufficient Documentation) [Docket No. 4758]

**Status:**   This matter will be going forward except with respect to the claims that are the subject of the Bates/Jones Response, the Logan Response, and the Martin Response. The Debtors' Ninth Omnibus Objection to Claims is being withdrawn with respect to these claims.

7.   Motion to Withdraw as Counsel For Nidec Motors & Actuators **[Docket No. 4836]**

Response Deadline:   February 3, 2010 at 4:00 p.m.

Response Filed:

Reply Filed:   None to date.

Additional Document(s):

A.   Certificate of No Objection, filed by David M. Eisenberg **[Docket No. 4948]**

**Status:**   This matter will be going forward.

## III.   ADJOURNED MATTERS:

8.   Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts (Only as to the 1991 A-3 Lease) **[Docket No. 4331]**

Response Deadline:   November 6, 2009 at 4:00 p.m.

Responses Filed:

A.   Limited Objection of GE Capital Corporation and U.S. Bank, as Owner Trustee on its Behalf, to Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts **[Docket No. 4386]**

B.   Reply of General Foods Credit Investors No. 2 Corporation to Limited Objection of GE Capital Corporation and U.S. Bank, as Owner Trustee On its Behalf, to Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment and Related Executory Contracts **[Docket No. 4857]**

Reply Filed:   None to date.

Additional Document(s):     None to date.

Status:     This matter has been adjourned to March 2, 2010 at 11:00 a.m.

9.   Request for Payment of Administrative Expenses by William Hardee [Docket No. 4539]

Response Deadline:          February 3, 2010 at 4:00 p.m.

Response Filed:

A.     Response of Debtors to Request by William Hardee for Payment of Administrative Expenses [Docket No. 4945]

Reply Filed:          None to date.

Additional Document(s):     None to date.

Status:     This matter has been adjourned to April 8, 2010 at 2:00 p.m.

10.   Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation [Docket No. 4541]

Response Deadline:          February 8, 2010 at 4:00 p.m.

Response Filed:          None to date.

Reply Filed:          None to date.

Additional Document(s):

A.     Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation (Docket No. 4541) [Docket No. 4632]

B.     Objection to Stipulation and Agreed Order Resolving Motion of Sarajijan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation [Docket No. 4699]

C.     Movant Sarajuan Gilvary's Response in Opposition to the Objections of Pompey Doge, Inc. to the Proposed Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation [Docket No. 4709]

Status:     This matter has been adjourned to March 2, 2010 at 11:00 a.m.

11.    Motion of Marla Soffer, Administratrix of the Estate of David Arenas, Deceased, for Relief from the Automatic Stay to Continue a Separate Litigation filed by Eric Zajac on behalf of Marla Soffer **[Docket No. 4703]**

Response Deadline:           February 3, 2010 at 4:00 p.m.

Responses Filed:

    A.    Opposition to the Motion for Relief From Automatic Stay filed by Eric A. Weiss on behalf of M&M Motors **[Docket No. 4722]**

    B.    Debtors' Response to the Motion of Marla Soffer for Relief from the Automatic Stay to Continue Separate Litigation **[Docket No. 4726]**

Reply Filed:

    A.    Plaintiff Marla Soffer's Reply to the Response of M&M Motors to Plaintiff's Motion to Sever the Claim Against Bankrupt General Motors Coporation filed by Eric Zajac on behalf of Marla Soffer **[Docket No. 4783]**

Additional Document(s):    None to date.

**Status:**    This matter has been adjourned to March 2, 2010 at 11:00 a.m.


12.    Motion of Plaintiffs in the Action Entitled *Sidner et al. v. General Motors Corporation,* for Entry of an Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4775]**

Response Deadline:           March 3, 2010 at 4:00 p.m.

Response Filed:              None to date.

Reply Filed:                 None to date.

Additional Document(s):    None to date.

**Status:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.

13.    Motion of Plaintiffs in the Action Entitled *Paikai et al. v. General Motors Corporation,* for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4776]**

Response Deadline:           March 3, 2010 at 4:00 p.m.

Response Filed:              None to date.

<u>Reply Filed</u>:                 None to date.

<u>Additional Document(s)</u>:        None to date.

**Status**:                This matter has been adjourned to March 10, 2010 at 9:45 a.m.

14.    Motion of Plaintiffs in the Action Entitled *O'Connor et al. v. General Motors Corporation*, for Entry of an Order Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4777]**

<u>Response Deadline</u>:           March 3, 2010 at 4:00 p.m.

<u>Response Filed</u>:             None to date.

<u>Reply Filed</u>:                None to date.

<u>Additional Document(s)</u>:       None to date.

**Status**:                This matter has been adjourned to March 10, 2010 at 9:45 a.m.

15.    Retained Professionals' First Interim Fee Applications

A.    First Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4436]**

B.    First Application of Honigman Miller Schwartz and Cohn LLP as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2009 Through September 30, 2009 **[Docket No. 4446, 4503]**

C.    First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-In-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period From June 1, 2009 Through September 30, 2009 **[Docket No. 4448]**

D.    Application of Butzel Long, a Professional Corporation, as Special Counsel to the Official Committee Of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services

Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 10, 2009 Through September 30, 2009 **[Docket No. 4450]**

E.   First Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses **[Docket No. 4451]**

F.   First and Final Application of Evercore Group L.L.C. for Compensation and Reimbursement of Expenses **[Docket No. 4453]**

G.   First Interim Application of Baker & McKenzie for Compensation and Reimbursement of Expenses for Services Rendered as Special Counsel for the Debtors for the Period of June 1, 2009 Through September 30, 2009 **[Docket No. 4454]**

H.   First Interim Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for Services Rendered in the Case for the Period June 3, 2009 Through September 30, 2009 **[Docket No. 4455]**

I.   Final Application of Alan Chapell, Consumer Privacy Ombudsman, Appointed Pursuant to Section 332 of the Bankruptcy Code for Final Approval and Allowance of Compensation for Services Rendered During the Period from June 8, 2009 Through and Including October 4, 2000 **[Docket No. 4456]**

J.   First Interim Fee Application Cover Sheet of Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period From June 1, 2009 Through September 30, 2009 **[Docket No. 4457]**

K.   First Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period From June 3, 2009 Through September 30, 2009 **[Docket No. 4459, 4715]**

L.   First Application of Lowe, Fell & Skogg, LLC as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009 Through July 10, 2009 **[Docket No. 4474]**

M.    First Interim Application of the Claro Group, LLC for Allowance
of Compensation and Reimbursement of Expenses for the Period
June 1, 2009 Through September 30, 2009 **[Docket No. 4506]**

N.    First Application of Weil, Gotshal & Manges LLP, as Attorneys
for the Debtors, for Interim Allowance of Compensation for
Professional Services Rendered and Reimbursement of Actual and
Necessary Expenses Incurred from June 1, 2009 through
September 30, 2009 **[Docket No. 4803]**

| | |
|---|---|
| <u>Response Deadline:</u> | February 3, 2010 at 4:00 p.m. |
| <u>Response Filed:</u> | None to date. |
| <u>Reply Filed:</u> | None to date. |
| <u>Additional Document(s):</u> | None to date. |

**<u>Status:</u>**    This matter has been adjourned to April 8, 2010 at 2:00 p.m.

Dated: February 19, 2010
New York, New York

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession