**HEARING DATE AND TIME: March 2, 2010 at 11:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 23, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                             :  Chapter 11 Case No.
                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*,         :  09-50026 (REG)
  f/k/a General Motors Corp., *et al.*            :
                                                  :
                  Debtors.                        :  (Jointly Administered)
                                                  :
---------------------------------------------------------------x

**ORDER PURSUANT TO**
**11 U.S.C. §§ 105(a) AND 363 IN AID OF IMPLEMENTATION OF SALE**

Upon the Motion, dated February 5, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an entry of an order, pursuant to sections 105(a) and 363 of title 11, United States Code (the "**Bankruptcy Code**"), (i) approving and ratifying that certain stipulation of settlement (the **"Stipulation of Settlement"**) between the Debtors and General Motors, LLC (f/k/a NGMCO, Inc.) ("**New GM**," and collectively with the Debtors, the "**Parties**") resolving certain ambiguities regarding what constitutes "Purchased Assets" under the terms of that certain Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet Saturn of Harlem, as Sellers, and NGMCO, Inc. (n/k/a General Motors, LLC) as Purchaser (the "**MSPA**"), and (ii) authorizing the Debtors to enter into similar future settlements with New GM for further clarification of the use of the term "Purchased Assets" under the MSPA, upon the consent of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

statutory committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**") without seeking the approval of this Court, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to enter the Stipulation of Settlement, and the Stipulation of Settlement is hereby approved in all respects; and it is further

ORDERED that the Debtors are authorized to enter into future settlements with New GM with respect to similar disputes under the MSPA, without further Court approval, provided that (i) the Debtors obtain the prior written consent of the Creditors' Committee and the United States of America, and (ii) the Debtors provide at least five (5) business days' electronic notice of such settlement to the St. Regis Mohawk Tribe, the states of New York, Missouri, New Jersey, Michigan, North Carolina, Ohio and Wisconsin, the California Department of Toxic Substances, the Commonwealth of Massachusetts, and the Commonwealth of Pennsylvania, and (a) if no objection is received during that five (5) business day period, the Debtors may proceed to enter into such settlement pursuant to the procedures set forth herein or (b) if an objection is received during the five (5) business day period, the Debtors will seek to resolve such objection consensually or seek Court approval of such settlement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      ***March 5, 2010***

      ***s/ Robert E. Gerber***
      United States Bankruptcy Judge