UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                             :
                                                   :    Chapter 11
MOTORS LIQUIDATION COMPANY, et: :
al., f/k/a General Motors Corp., et al.            :    Case No. 0950026 REG)
                                                   :
                    Debtors                        :

## OBJECTION TO PROPOSED ORDER RULING ON
## MOTION OF SARAJIJAN GILVARY FOR RELIEF FROM THE AUTOMATIC
## STAY (DOCUMENT NO. 4541)

Pompey Dodge, Inc. ("Pompey Dodge"), by its undersigned attorney, hereby files this Objection to the proposed Order Ruling on Motion of Sarajuan Gilvary for Relief from the Automatic Stay (Document No. 4541).

Pompey requests the Court sustain Pompey's Objection and sign the alternative Order Proposed herein.

## I.
## BACKGROUND

1. At the hearing on March 2, 2010, this Honorable Court ruled from the bench granting the Motion for Relief from the Stay filed by Sarajuan Gilvary (Document No. 4541).

2. At the time of the hearing on March 2, 2010, the Court requested counsel for Ms. Gilvary to submit a proposed Order for signature by the Court based on the Court's ruling to be circulated to counsel before submission.

3. Counsel circulated the Proposed order on March 2, 2010 and through an exchange of email which is attached hereto as Exhibit A, all counsel agreed that what is

now paragraph 4 would be withdrawn from the proposed order. See Exhibit A, page 5. ("The third sentence I would agree to remove...")

4. Through the exchange of email which is attached hereto as Exhibit A, all counsel agreed that what is now paragraph # 3 would be changed and the language "to the extent they were any impediment to Movants proceeding against the dealerships, Pompey Dodge, Inc., and M&M Motors ("the dealerships") in the respective state court actions." See Exhibit A, page 4.

5. There was still a disagreement to the last words of paragraph 3 which as the time was "...any stay imposed is hereby LIFTED."

6. Defendant attaches hereto as Exhibit B the alternate proposed order which takes out paragraph 4 as all had previously agreed and with new proposed language for paragraph 3:

> 3. *Relief is GRANTED from any stay imposed by 11 U.S.C. Section 362 and/or other provisions of the Bankruptcy Code in the cases captioned Sara Gilvary v. Pompey Dodge, Inc. et al. Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736 and Soffer v.M&M Motors, Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008 (on appeal from the Court of Common Pleas, November Term, 2007 No. 02064)*

## II
## CONCLUSION

Pompey objects to the Proposed Order as submitted and requests this Court enter the alternative proposed Order attached hereto as Exhibit B.

Respectfully Submitted,
**KENNEDY, CAMPBELL, LIPSKI & DOCHNEY**

*/s/ Nancy E. Campbell*

---

NANCY E. CAMPBELL, ESQUIRE
Attorney for Defendant
Pompey Dodge, Inc.

## CERTIFICATE OF SERVICE

I, Nancy E. Campbell, Esq., do hereby certify that a true and correct copy of the Foregoing Objection to Stipulation and Agreed Order Resolving Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation was served via first-class mail postage prepaid and/or electronic mail, to counsel listed below:

Eric G. Zajac, Esquire
The Zajac Law Firm, LLC
1818 Market St., 30th Floor
Philadelphia, PA 19103

Michael Kinkopf, Esquire
Eckert, Seamans, Cherin, & Mellott, LLC
Two Liberty Place, 22nd Floor
Philadelphia, PA 19102

Harvey R. Miller, Esquire
Stephen Karotkin, Esquire
Joseph H. Smolinsky, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

Ted Stenger
c/o Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, MI 48243

Lawrence S. Suonomo, Esquire
General Motors, LLC
300 Renaissance Center Suite, 1400
Detroit, MI 48265

John J. Rapisardi, Esquire
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281

Joseph Samarias, Esquire
United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Room 2312

Washington, DC  20220
Michael J. Edelman, Esquire
Michael L. Schein, Esquire
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Thomas Moers Mayer, Esquire
Amy Caton, Esquire
Adam C. Rogoff, Esquire
Gregory G. Plotko, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Diana G. Adams, Esquire
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

David S. Jones, Esquire
Matthew L. Schwartz, Esquire
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY  10007

KENNEDY, CAMPBELL, LIPSKI
& DOCHNEY

*Nancy E Campbell*

_____
**NANCY E. CAMPBELL, ESQ.**
Attorney for Pompey Dodge

Dated: March 8, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| | :  Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et: : | |
| al., f/k/a General Motors Corp., et al. | :  Case No. 0950026 REG) |
| | : |
| Debtors | : |

## ORDER

FOR THE REASONS SET FORTH ON THE RECORD during a hearing conducted on March 2, 2010:

1. The Motion for Relief from the Stay filed by Sarajuan Gilvary (Document No. 4541) is GRANTED;

2. The Motion for Relief from Stay filed by Marla Soffer, Esquire, Administratrix of the Estate of David Arenas, deceased (Document No. 4703) is GRANTED.

3. Relief is GRANTED from any stay imposed by 11 U.S.C. Section 362 and/or other provisions of the Bankruptcy Code in the cases captioned *Sara Gilvary v. Pompey Dodge, Inc. et al.* Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736 and *Soffer v. M&M Motors*, Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008 (on appeal from the Court of Common Pleas, November Term, 2007 No. 02064).

4. To the extent that any Party or interested person seeks further relief or clarification from the Bankruptcy Court with respect to any matter of federal law, this Court shall retain jurisdiction without prejudice to any party taking or opposing any position before this Court.

5. The dealerships have 15 business days from the date of entry of this Order to file protective proofs of claim for indemnification if they so choose.

Dated: New York, New York
March 2, 2010

Nancy E. Campbell, Esquire
Kennedy Campbell Lipski & Dochney
1818 Market Street Suite 2510
Philadelphia, PA 19103
Telephone: (215) 430-6350
Fax: (215) 430-6351
*Attorney for Respondent Pompey Dodge, Inc.*
*(Document 4541)*

Eric G. Zajac, Esquire
Zajac & Arias, LLC
1818 Market St. 30th Floor
Philadelphia, PA 19103
Telephone: 215-575-7615
Fax: 215-575-7640
*Attorney for Movants*

Joseph H. Smolinsky, Esquire
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Fax: 212-310-8007
*Attorney for Debtors and Debtors in Possession*

Walter E. Kawalec, Esquire
Marshall Dennehey Warner Coleman & Goggin
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, NJ 08002
Telephone: 856-414-6000
Fax: 856-414-6077
*Attorney for Respondent, M&M Motors (Document No. 4703)*

David Jones, Esquire
Asst U.S. Attorney
Southern District of New York
86 Chambers St. 3rd Floor
New York, NY 10007
Telephone: 212-637-2739
Fax: 212-637-2686
*Attorneys for the United States Treasury*

So Ordered this _____ day, March, 2010.


_____
United States Bankruptcy Judge

# EXHIBIT "A"



"Eric Zajac"
<Eric@Teamlawyers.com>
03/05/2010 04:30 PM

To  "Nancy Campbell" <nancy.campbell@zurichna.com>
cc  "Kawalec, Walter F." <WFKawalec@MDWCG.com>
bcc
Subject  RE: In re Motors Liquidation; amended proposed order

Nancy: Unfortunately we were never able to reach an agreement on the wording of the Order. First you objected to the part of the Order that reflected the very essence of the ruling. Then, you subsequently and separately objected to any language that used the word "LIFTED" even though you did not originally object to the use of that word. I listened very carefully to the audio of the Court's ruling and even requested (and paid for) an expedited copy of the official transcript before submitting the proposed Order. If I am not accurately capturing the Court's ruling then I will "stand corrected" by the Court. I attempted to consider the comments of yours and Mr. Kawalec; however, I am pessimistic that you will ever agree to a proposed Order that does not capture why I filed these motions to begin with. I hope that if you truly find it necessary to burden the Court with our emails, that you will provide all of them include this one.

Thank you.

Eric

-----Original Message-----
From: Nancy Campbell [mailto:nancy.campbell@zurichna.com]
Sent: Friday, March 05, 2010 3:45 PM
To: Eric Zajac
Cc: Kawalec, Walter F.
Subject: RE: In re Motors Liquidation; amended proposed order

Eric:

   I left you a voicemail on this too. I am confused as to why the order submitted to the Court was your first proposed order when you had agreed in writing to remove what is #4 in the proposed order and had changed, in writing, the language of what is #3 in the proposed order submitted. I really don't want to file objections but I will attaching your emails with your written agreement to change the above language.

Nancy E. Campbell
Managing Attorney - Phila & S. Jersey
Kennedy, Campbell, Lipski & Dochney
215-430-6385
610-212-9712 (cell)


****************** PLEASE NOTE ******************
This E-Mail/telefax message and any documents accompanying this
transmission may contain privileged and/or confidential information and
is
intended solely for the addressee(s) named above. If you are not the
intended addressee/recipient, you are hereby notified that any use of,
disclosure, copying, distribution, or reliance on the contents of this

E-Mail/telefax information is strictly prohibited and may result in legal
action against you. Please reply to the sender advising of the error in
transmission and immediately delete/destroy the message and any
accompanying documents.  Thank you.
************************************************************

2