# EXHIBIT "A"



"Eric Zajac"
<Eric@Teamlawyers.com>
03/05/2010 04:30 PM

To "Nancy Campbell" <nancy.campbell@zurichna.com>
cc "Kawalec, Walter F." <WFKawalec@MDWCG.com>
bcc
Subject RE: In re Motors Liquidation; amended proposed order

Nancy: Unfortunately we were never able to reach an agreement on the wording of the Order. First you objected to the part of the Order that reflected the very essence of the ruling. Then, you subsequently and separately objected to any language that used the word "LIFTED" even though you did not originally object to the use of that word. I listened very carefully to the audio of the Court's ruling and even requested (and paid for) an expedited copy of the official transcript before submitting the proposed Order. If I am not accurately capturing the Court's ruling then I will "stand corrected" by the Court. I attempted to consider the comments of yours and Mr. Kawalec; however, I am pessimistic that you will ever agree to a proposed Order that does not capture why I filed these motions to begin with. I hope that if you truly find it necessary to burden the Court with our emails, that you will provide all of them include this one.

Thank you.

Eric

-----Original Message-----
From: Nancy Campbell [mailto:nancy.campbell@zurichna.com]
Sent: Friday, March 05, 2010 3:45 PM
To: Eric Zajac
Cc: Kawalec, Walter F.
Subject: RE: In re Motors Liquidation; amended proposed order

Eric:

  I left you a voicemail on this too. I am confused as to why the order submitted to the Court was your first proposed order when you had agreed in writing to remove what is #4 in the proposed order and had changed, in writing, the language of what is #3 in the proposed order submitted. I really don't want to file objections but I will attaching your emails with your written agreement to change the above language.


Nancy E. Campbell
Managing Attorney - Phila & S. Jersey
Kennedy, Campbell, Lipski & Dochney
215-430-6385
610-212-9712 (cell)


****************** PLEASE NOTE ******************
This E-Mail/telefax message and any documents accompanying this
transmission may contain privileged and/or confidential information and
is
intended solely for the addressee(s) named above. If you are not the
intended addressee/recipient, you are hereby notified that any use of,
disclosure, copying, distribution, or reliance on the contents of this

E-Mail/telefax information is strictly prohibited and may result in legal
action against you. Please reply to the sender advising of the error in
transmission and immediately delete/destroy the message and any
accompanying documents.   Thank you.
**************************************************************

2



"Eric Zajac"
<Eric@Teamlawyers.com>
03/04/2010 12:17 PM

To   "Kawalec, Walter F." <WFKawalec@MDWCG.com>, "Nancy Campbell" <nancy.campbell@zurichna.com>
cc
bcc
Subject   RE: In re Motors Liquidation; amended proposed order

Hello Counsel:

Thank you for your comments.

As regards the issue addressed below by Mr. Kawalec, if I am understanding the Court's ruling correctly, the Court was concerned that the claims against the dealerships never should have been stayed to begin with. That the state court imposed stays on the claims against the dealerships is without debate. Whether it ever had the authority to do so is what Judge Gerber was being careful to avoid a perception of approval. The Judge said, "Ladies and Gentlemen, I am going to grant Mr. Zajac's Motion for Relief of the Stay to the extent that an Order from me is appropriate...The law is clear that the automatic stay that is put forward under section 362 of the Bankruptcy Code doesn't apply to suits against co-Defendants." He said that the normal procedure is for the <u>debtor</u> to ask that the stay be <u>extended</u> upon motion establishing good cause. He added, "...to the extent that the stay automatically applies, I am granting relief from the stay." So I think the Court was expressing concern that the state court's approach has not been consistent with the federal scheme generally. "The Bankruptcy Court does not stand in the way of third party claims." He described the Superior Court's Order as typical of those wherein state courts do not wish to "step on the toes" of the Bankruptcy Court. "Now I am telling those courts they are not stepping on my toes by allowing the litigation to proceed against the dealership even though the lawsuit can't proceed against GM."

For similar reasons I cannot agree to remove the sentence that Ms. Campbell objects to because it would remove the essence of the relief requested. Judge Gerber desired to and did send a "clear message" to the courts that they are not stepping on his toes or acting against federal law in allowing the dealership claims to continue. In referring to his July, 2009 ruling he said, "I issued that ruling with the expressly stated understanding that plaintiffs like those that Mr. Zajac represents would be allowed to go against the dealerships….The important thing that I am saying is,…, to the extent the automatic stay prevented the Pa courts from hearing that litigation, the automatic stay is no longer a problem. And I'm granting relief from the stay so the Pa courts can allow the lawsuits to proceed against the dealerships. Federal law is not an impediment to hearing those claims."

I'd be willing to change the sentence below to:

3

To the extent that 11 U.S.C. § 362 and/or other provisions of the Bankruptcy Code were viewed as an impediment to Movants proceeding against the dealerships, Pompey Dodge, Inc., and M&M Motors ("the dealerships") in the respective state court actions pending in the Commonwealth of Pennsylvania, in the cases captioned Sara Gilvary v. Pompey Dodge, Inc. et al., Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736 and Soffer v. M&M Motors, Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008, any stay imposed is hereby LIFTED."

Please advise your position. I would like to submit a proposed Order tomorrow. Thanks

Eric Zajac


-----Original Message-----
From: Kawalec, Walter F. [mailto:WFKawalec@MDWCG.com]
Sent: Thursday, March 04, 2010 8:18 AM
To: Eric Zajac; Nancy Campbell
Cc: david.jones6@usdoj.gov; joseph.smolinsky@weil.com
Subject: RE: In re Motors Liquidation; amended proposed order

I agree with Ms. Campbell that that sentence is unnecessary.

Further, I have a small problem with the language, as it asserts that stays were in effect, but I don't think that the judge actually decided that they were. Rather, the judge was saying that, to the extent the Pa Courts declined to sever the claims out of a belief that Federal Law would apply, the Pa Courts should not think that; federal law is fine with the case going forward against only the dealer.

Consequently, while I would prefer that the sentence be removed in toto, if it is not, I would propose that that sentence be changed to:

"To the extent that 11 U.S.C. § 362 and/or other provisions of the Bankruptcy Code were viewed as an impediment to Movants proceeding against the dealerships, Pompey Dodge, Inc., and M&M Motors ("the dealerships") in the respective state court actions pending in the Commonwealth of Pennsylvania, in the cases captioned Sara Gilvary v. Pompey Dodge, Inc. et al., Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736 and Soffer v. M&M Motors, Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008, any stay believed to exist is hereby LIFTED."

Thank you.

Sincerely,
Walt Kawalec

4

Confidentiality Notice:

This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to wfkawalec@mdwcg.com, or by telephone at 856-414-6024 and then delete the message and its attachments from your computer.

Thank you.

Walter Kawalec, III, Esq.

email: wfkawalec@mdwcg.com

Firm Web Site: www.marshalldennehey.com


-----Original Message-----
From: Eric Zajac [mailto:Eric@Teamlawyers.com]
Sent: Wednesday, March 03, 2010 12:08 PM
To: Nancy Campbell
Cc: david.jones6@usdoj.gov; joseph.smolinsky@weil.com; Kawalec, Walter F.
Subject: RE: In re Motors Liquidation; amended proposed order

Hello Ms. Campbell:

The first proposed Order was fashioned before I had a chance to listen to the audio of the ruling. Admittedly I had forgotten about the proof of claim issue. At 6 PM yesterday I had a School Board meeting that went to 10 PM. When I got home I listened to the audio and made the amendment that included the permission to file the proof of claim. I made other amendments to track the language the Court offered in guidance. As regards the second and third sentences, they come directly from the directive of the Court. I cannot agree to take out the second sentence, as essentially your position asks me to take out the specific relief the court granted and articulated in detail on the record. The third sentence I would agree to remove as somewhat redundant to the previous sentence and without prejudice to the sentence otherwise being consistent with the Court's ruling on the record. The Court did not direct me to include a sentence that says, "This Court specifically refrains from ruling on matters that are the purview of the state court." Such a sentence would be very problematic because it invites debate about what is and what is not exclusively the purview of the state

5

court. You already took the position -- rejected by Judge Gerber -- that the Bankruptcy Court did not have jurisdiction to lift the stay and that the issue was exclusively for the trial court. I have ordered an official copy of the transcript from one of the Court's approved court reporters which I believe will confirm that the Court never directed me to put such a sentence in the Order. You can also order a copy of the transcript yourself and make whatever arguments you like once the stay is lifted. Please let me know if you can agree to this language (without prejudice of course to any disagreement you have to the Court's ruling in substance):

ORDER

FOR THE REASONS SET FORTH ON THE RECORD during a hearing conducted on March 2, 2010, the Motion for Relief from Stay filed by Sarajuan Gilvary (Document No: 4541), and the Motion for Relief from Stay filed by Marla Soffer, Esquire, Administratrix of the Estate of David Arenas, deceased (Document No: 4703), are GRANTED. The stays imposed by 11 U.S.C. § 362 and/or other provisions of the Bankruptcy Code in the case captioned Sara Gilvary v. Pompey Dodge, Inc. et al., Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736 and Soffer v. M&M Motors, Pennsylvania Superior Court, Eastern District, No. 2011 EDA 2008, are LIFTED to the extent they were any impediment to Movants proceeding against the dealerships, Pompey Dodge, Inc., and M&M Motors ("the dealerships") in the respective state court actions pending in the Commonwealth of Pennsylvania. To the extent that any Party or interested person seeks further relief or clarification from the Bankruptcy Court with respect to any matter of federal law, this Court shall retain jurisdiction without prejudice to any party taking or opposing any position before this Court. The dealerships have 15 business days to file protective proofs of claim for indemnification if they so choose.


Eric Zajac

-----Original Message-----
From: Nancy Campbell [mailto:nancy.campbell@zurichna.com]
Sent: Wednesday, March 03, 2010 8:21 AM
To: Eric Zajac
Cc: david.jones6@usdoj.gov; joseph.smolinsky@weil.com; wfkawalec@mdwcg.com
Subject: Re: In re Motors Liquidation; amended proposed order

Somehow, I do not think service at 11:26 PM is considered service in a business day.

In any event, despite your email to the contrary, I see nothing in the order where you have added the language that allows defendants to file a protective proof of claim within 15 days. I further object to all language starting with the second sentence and ending in the second to last sentence - "The stays afforded .... they no longer are." I would also add language "This Court specifically refrains from ruling on matters that are the

6

purview of the state court."

Nancy E. Campbell
Managing Attorney - Phila & S. Jersey
Kennedy, Campbell, Lipski & Dochney
215-430-6385
610-212-9712 (cell)

"Eric Zajac"
<Eric@Teamlawyers.com>

03/02/2010 11:26 PM

To    <wfkawalec@mdwcg.com>,
<nancy.campbell@zurichna.com>,
<joseph.smolinsky@weil.com>,
<david.jones6@usdoj.gov>

cc

Subject    In re Motors Liquidation; amended proposed order

Counsel: After listening to the Court's directive on the audio recording, and pursuant to Local Rules 6.2 and 77.1, attached please find a proposed Order intended to comply with the Court's directive. I added the issue of permission to file a protective proof of claim within 15 days. Inasmuch as the proposed order is being submitted electronically, I believe the 2 days period applies to any counter-proposal. Thank you.

Eric G. Zajac, Esquire
licensed, PA & NJ
ZAJAC & ARIAS, LLC
1818 Market Street, 30th Flr.
Phila., PA 19103
215.575.7615
215.575.7640 (fax)
888.575.7615 (toll free)

7

www.TeamLawyers.com
Eric@TeamLawyers.com

Confidentiality Notice:  This message is being sent by or on behalf of Zajac
& Arias, LLC.  It is intended exclusively for the individual or entity to
which it is addressed.  This communication may contain information that is
proprietary, privileged or confidential or otherwise legally exempt from
disclosure.  The information herein may also be protected by the Electronic
Communications Privacy Act, 18 U.S.C.A.
§§2510-2521.  If you are not the named addressee, you are not authorized to
read, print, retain copy or disseminate this message or any part of it.  If
you have received this message in error, please notify the sender
immediately by e-mail and permanently delete all copies of the message.
Internet Security Notice:  While all reasonable care has been taken to avoid
the transmission of computer viruses, spyware, and other types of mal-ware,
it is the responsibility of the recipient to ensure that the onward
transmission, opening or use of this message and any attachments will not
adversely affect its systems or data.  No responsibility is accepted by the
sender in this regard and the recipient should carry out such virus and
other checks as it considers appropriate.  Thank You.

(Embedded image moved to file: pic03865.jpg)
cid:image002.jpg@01CABA2F.CA1ABE60
 (See attached file: 2010-03-02 proposed order.doc)