**HEARING DATE AND TIME: Apr. 8, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: Apr. 1, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
        f/k/a General Motors Corp., et al.   :
                                      :
                Debtors.              :    (Jointly Administered)
                                      :
----------------------------------------------------------------x
```

### NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS

PLEASE TAKE NOTICE that upon the annexed Motion, dated March 8, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (the "**Debtors**"), for an order pursuant to sections 105

and 1109 of the Bankruptcy Code approving the appointment of Dean M. Trafelet as legal

representative for future asbestos personal injury claimants, all as more fully set forth in the

Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy

Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **April 8, 2010 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv)

Dean M. Trafelet, 50 West Schiller, Chicago, Illinois 60610, so as to be received no later than

**April 1**, **2010, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

> PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      March 8, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: Apr. 8, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: Apr. 1, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                        :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**MOTION PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE**
**FOR AN ORDER APPOINTING DEAN M. TRAFELET AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), respectfully represent:

### **Relief Requested**

        1.        By this Motion (the "**Motion**"), the Debtors seek entry of an order

pursuant to sections 105 and 1109 of title 11, United States Code (the "**Bankruptcy Code**"),

appointing Dean M. Trafelet (the "**Future Claimants' Representative**") as the legal

representative for holders of future asbestos personal injury claims against the Debtors (the

"**Future Claimants**").  The role of the Future Claimants' Representative will be to represent the interests of asbestos personal injury claimants against the Debtors who have not yet manifested a disease in the administration of these cases and the negotiation of a chapter 11 plan.  The Office of the United States Trustee is forming a committee (the "**Asbestos Committee**") to represent the interests of holders of present asbestos personal injury claims against the Debtors (the "**Present Claimants**") with respect to the same matters.  A proposed order granting the relief requested in this Motion is annexed hereto as **Exhibit "A."**

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Asbestos-Related Claims

3.      As the Court is aware, although these cases clearly are not "asbestos chapter 11 cases" and there is no current intention to seek an injunction under section 524(g) of the Bankruptcy Code, MLC historically has incurred some liability with respect to asbestos-related personal injury claims.  As of the date these cases were commenced, lawsuits asserting approximately 29,000 asbestos personal injury claims were pending against MLC and, at such time, MLC's consolidated books and records reflected a reserve in the amount of approximately $660 million with respect to its liability for asbestos claims, both present and future.

4.      As the Court is further aware, because of the nature of exposure to asbestos-containing products, it can take several years before an asbestos-related disease may manifest itself.  Accordingly, it is expected that, based on epidemiological studies, there are certain people who have been exposed to asbestos-containing products, who have not yet manifested a disease, but may do so in the future.  It is also expected that certain of these people

may believe they have claims against the Debtors, but, of course, are not in a position to assert or pursue them at this time.

5.       In order to assure that the interests of these Future Claimants are addressed and that appropriate due process is afforded to them, the Debtors intend to provide for treatment of these "future" claims in their chapter 11 plan.  The Debtors currently contemplate that, although, as stated, the plan will not provide for an injunction under section 524(g), the plan will provide for a trust to be established for present and future asbestos-related personal injury claims, which trust will (i) receive its appropriate ratable share of the consideration to be distributed in respect of allowed prepetition unsecured claims, and (ii) have the sole responsibility to address and make distributions to holders of Present Claimants and Future Claimants, in full settlement, satisfaction, and discharge thereof, with no further liability or responsibility remaining with the Debtors or their successors.

6.       In connection with the formulation, negotiation, and confirmation of a chapter 11 plan, the Debtors believe it is appropriate for Future Claimants to have their interests represented.  The statutory committee of unsecured creditors (the "**Unsecured Creditors' Committee**") shares this view.  The Debtors and the Unsecured Creditors' Committee anticipate that the Future Claimants' Representative and the Asbestos Committee each would retain professionals, including asbestos claims valuation experts, who then would interface and negotiate with the Debtors, the Unsecured Creditors' Committee, and their respective retained professionals with respect to the plan and the amount of the consideration to be distributed to the trust for the benefit of Present Claimants and Future Claimants.  In the absence of a consensual resolution of these issues, the Asbestos Committee would represent the interests of Present Claimants and the Future Claimants' Representative would represent the interests of Future Claimants in a contested confirmation hearing and all matters related thereto.

7.      The Debtors believe that proceeding in this manner will maximize the potential for achieving a consensual plan and provide appropriate due process for the various interests involved in these cases.

8.      Accordingly, as stated, pursuant to this Motion, the Debtors seek an order appointing Mr. Trafelet as the Future Claimants' Representative with the authority and duty to represent the interests of Future Claimants in these chapter 11 cases.

### Dean M. Trafelet Is Qualified to Serve as the Future Claimants' Representative

9.      The Debtors submit that Mr. Trafelet is well-qualified to serve as the Future Claimants' Representative.  Mr. Trafelet has extensive experience with asbestos-related claims and has served as a future claimants' representative in other chapter 11 cases.  Mr. Trafelet served as a trial judge in the Circuit Court of Cook County, Illinois from 1984 to 1998, during which time, and by special assignment, he presided over all asbestos-related product liability and property damage cases.  During this period of time he was responsible for the supervision of the entire asbestos docket and personally disposed of more than 35,000 asbestos product liability cases by verdict and/or settlement.

10.     Mr. Trafelet has more than 34 years of experience in handling asbestos-related claims, as well as other mass tort and product liability matters.  As one of the early creators of the *Asbestos Pleural Registry*, which became a model for jurisdictions throughout the country, Mr. Trafelet has lectured nationally on its benefits and effects.  From 1989 to 1990, Mr. Trafelet served as a special Federal Mediator to assist the Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri, in the disposition of thousands of asbestos-related Jones Act claims arising from asbestos exposure of seamen throughout the world while on board U.S. flagged ships.

11.     In addition, from 1988 through 2002, Mr. Trafelet served as a trustee for the *Amatex Asbestos Settlement Trust*, which was established under the Amatex plan of reorganization to process and compensate asbestos claims of exposed workers throughout the United States.  Mr. Trafelet published *Asbestos Settlement Trusts in Bankruptcy*, FOR THE DEFENSE (March 1995), an article discussing the advantages of settlement trusts in the context of asbestos cases.  Mr. Trafelet has lectured and conducted presentations throughout the United States and has instructed complex litigation at Northwestern University School of Law.

12.     Currently, Mr. Trafelet serves as Trustee of the ABB Lummus Global Asbestos Settlement Trust, the Managing Trustee of the Owens Corning/Fibreboard Asbestos Settlement Trust, and his confirmation is pending as a trustee for the W.R. Grace Asbestos Settlement Trust.  Notably, Mr. Trafelet served as the Future Claimants' Representative in the chapter 11 cases of Armstrong World Industries, Brauer Supply, and Plibrico.

13.     The Debtors believe that Mr. Trafelet's many years of practical experience and involvement with asbestos-related personal injury claims as well as his experience as a future claimants' representative in other chapter 11 cases make him well qualified to competently and effectively represent the interests of the Future Claimants.  It should also be noted that the Unsecured Creditors' Committee supports the appointment of Mr. Trafelet as the Future Claimants' Representative.

14.     As set forth in the Verified Statement of Mr. Dean M. Trafelet Pursuant to Bankruptcy Rule 2014, attached hereto as **Exhibit "B,"** Mr. Trafelet is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

15.     The Debtors request that the appointment of Mr. Trafelet be made on the following terms and conditions:

    (i)    <u>Standing</u>.  The Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard

as a party in interest in all matters relating to the Debtors' chapter 11 cases and shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative. *See In re Johns-Manville Corp.*, 52 B.R. 940, 942 (S.D.N.Y. 1985) (legal representative for future claims was authorized to exercise powers and perform duties of a committee under section 1103 of the Bankruptcy Code); *In re UNR Indus., Inc.*, 71 B.R. 467, 478 (Bankr. N.D. Ill. 1987) (stating that the future claims representative was granted the powers and responsibilities of a committee);

(ii)    Engagement of Professionals.  The Future Claimants' Representative may employ attorneys and other professionals, consistent with sections 105, 327, and 1103 of the Bankruptcy Code, subject to prior approval of the Bankruptcy Court and pursuant to the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**"), entered by this Court on August 7, 2009 [Docket No. 3711];

(iii)   Compensation.  Compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates, subject to the approval of the Bankruptcy Court and in accordance with the terms, conditions, and procedures set forth in the Interim Compensation Order or such other orders as may be entered by the Court with respect to the compensation of professionals in these cases.  The Debtors and Mr. Trafelet have agreed, subject to this Court's approval, that Mr. Trafelet shall be compensated at the rate of $785 per hour;

(iv)    Liability/Indemnity of Future Claimants' Representative.  The Future Claimants' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; *provided, however*, that the Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Claimants' Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future Claimants' Representative harmless from any claims by any party against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative; *provided, however*, that the Future Claimants' Representative shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Claimants'

Representative is liable upon such claim as a result of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Debtors' chapter 11 cases (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing the Debtors' chapter 11 cases, the Future Claimants' Representative believes that he is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations, including, without limitation, the advancement of defense costs, the Future Claimants' Representative must file an application therefor in this Court and the Debtors may not pay any such amounts to the Future Claimants' Representative before the entry of an order by this Court approving the payment.  The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Claimants' Representative for indemnification, contribution, or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Claimants' Representative.  In the event that a cause of action is asserted against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative, the Future Claimants' Representative shall have the right to choose his own counsel; and

(v)    Right to Receive Notices.  The Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings that are served upon the Unsecured Creditors' Committee and its counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, the Interim Compensation Order.

16.    The Debtors submit that the appointment of Mr. Trafelet and the terms of his compensation as described above are fair and reasonable.  In addition, such appointment will assure that the interests of Future Claimants are appropriately represented, consistent with due process, and should serve to expedite the proper administration of these estates.

**Notice**

17.    Notice of this Motion has been provided to Mr. Trafelet and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009

[Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further

notice need be provided.

18.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (a)

appointing Mr. Trafelet as the Future Claimants' Representative as described and on the terms

set forth in this Motion; and (b) granting to the Debtors such other and further relief as is just and

proper.

Dated: New York, New York
       March 8, 2010


                                            /s/ Stephen Karotkin
                                            Harvey R. Miller
                                            Stephen Karotkin
                                            Joseph H. Smolinsky

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided, however*, that the Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Claimants' Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future Claimants' Representative harmless from any claims by any party against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative; *provided, however*, that the Future Claimants' Representative shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case, the Future Claimants' Representative believes that he is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under this Order, including, without limitation, the advancement of defense costs, the Future Claimants' Representatives must file an application therefor in this Court and the Debtors may not pay any such amounts to the Future Claimants' Representative before the entry of an order by this Court approving the payment.  The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Claimants' Representative for indemnification, contribution, or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

        ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

Verified Statement of Mr. Dean M. Trafelet

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Case No. 09-50026 (REG) |
| | ) | |
| | ) | |
| f/k/a General Motors Corp., *et al.* | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

------------------------------------------------------------X

### DECLARATION OF DEAN M. TRAFELET IN SUPPORT OF MOTION PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE FOR AN ORDER APPOINTING DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS

I, Dean M. Trafelet, do declare and say the following:

1.      I am over the age of 18 years, and am competent and otherwise qualified to make this Declaration.  Unless otherwise stated herein, I have personal knowledge of the facts set forth herein.

2.      I submit this Declaration in support of the Debtors' Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants (the "**Motion**")[1] and in accordance with Federal Rule of Bankruptcy Procedure 2014.

3.      The Motion proposes, among other things, that I be appointed to serve as the legal representative of future asbestos personal injury claims against the Debtors (the "**Future Representative**") to represent the interests of asbestos personal injury claimants against the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Debtors who have not yet manifested a disease in connection with the formulation, negotiation and confirmation of a chapter 11 plan. I am willing to serve in that capacity and consent to the entry of an order with respect to my appointment as the Future Representative upon the terms set forth in the Motion.

4.      I received my bachelor's degree from Northwestern University in 1963 and my law degree from the University of Tulsa in 1969. I currently serve as the court-appointed trustee of several trusts, as well as the court-appointed future claimants' representative for several asbestos personal injury trusts. My office address is 50 West Schiller, Chicago, IL 60610.

5.      As outlined below I have extensive experience with asbestos related claims and am well qualified to serve as the Future Representative in this case. From 1984 to 1998, I served as a trial judge in the Circuit Court of Cook County, Illinois, during which time, and by special assignment, I presided over all asbestos-related product liability and property damage cases and personally disposed of more than 35,000 asbestos product liability cases by verdict and/or settlement.

6.      I have more than 35 years of experience in handling asbestos related claims, as well as other mass tort, and product liability matters. I have also served as a special Federal Mediator to assist the Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri, in the disposition of thousands of asbestos related Jones Act claims arising from asbestos exposure of seamen throughout the world while on board U.S. flagged ships.

7.      I currently serve as trustee of the ABB Lummus Global Inc. 524(g) Asbestos PI Trust and am the managing trustee of the Owens Corning/Fibreboard Asbestos Settlement Trust. From 1998 to 2004, I served as a trustee of the Amatex Asbestos Settlement Trust. My appointment as a trustee of the W.R. Grace Asbestos Settlement Trust is waiting confirmation.

8.       I also currently serve as the court-appointed future claimants' representative for the Armstrong World Industries Asbestos Trust, the USG Corporation Asbestos Settlement Trust, the Plibrico Asbestos Settlement Trust and the Bauer Supply Co. Asbestos Settlement Trust.

9.       At the present time, I am not affiliated with or representing any person or entity with claims against, or any other interest in, the Debtors' estates.

10.     Except as otherwise disclosed herein, to the best of my knowledge I do not have any connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11.     Furthermore, to the best of my knowledge, I do not have any interest adverse to the Debtors or the Future Claimants, and I believe that I am "disinterested," as that term is defined in section 101 (14) of the Bankruptcy Code, for the purpose of serving as the Future Representative in these chapter 11 cases.

12.     No promises have been made to me regarding compensation in connection with this case other than as disclosed herein and in the Motion.  In accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, I disclose that I have no agreement with any other entity to share with such entity, any compensation received by me in connection with this case.

13.     I will continue to monitor my connections to the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee to ensure that no conflicts or other disqualifying circumstances exist or arise and will promptly file supplemental disclosures as needed.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 23 day of February 2010, in Chicago, Illinois.

/s/ Dean M. Trafelet
Dean M. Trafelet

4