HEARING DATE AND TIME: March 25, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: March 18, 2010 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS NOTICE AND ARE A
CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH
THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED
TO THE MOTION (AS DEFINED BELOW), TO DETERMINE IF THE
MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** :     **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY,** *et al.,* :     **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* : 
: 
    **Debtors.** :     **(Jointly Administered)**
: 
------------------------------------------------------------------x

**NOTICE OF DEBTORS' TWELFTH OMNIBUS MOTION PURSUANT
TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

PLEASE TAKE NOTICE that upon the annexed motion, dated March 11, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to

section 365 of title 11, United States Code to reject certain executory contracts (collectively, the

"**Executory Contracts**"), all as more fully set forth in the Motion, a hearing will be held before

the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **March 25, 2010 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as

counsel may be heard.

          PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); and (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.), so as

to be received no later than **March 18, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

        If no objections are timely filed and served with respect to the Motion, the

Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Motion, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
       March 11, 2010

                /s/ Joseph H. Smolinsky
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

HEARING DATE AND TIME: March 25, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: March 18, 2010 at 4:00 p.m. (Eastern Time)

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW <u>EXHIBIT A</u>, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                    :
               Debtors.             :        (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

**DEBTORS' TWELFTH OMNIBUS MOTION PURSUANT**
**TO 11 U.S.C § 365 TO REJECT CERTAIN  EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), respectfully represent:

## Relief Requested

1.       Pursuant to section 365(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory

contracts (the "**Executory Contracts**").  A list identifying and describing the affected Executory

Contracts is annexed hereto as **Exhibit A**.[1]  A proposed form of order (the "**Order**") is annexed

hereto as **Exhibit B**.

2.       The Debtors request that the rejection of the Executory Contracts be

effective as of March 31, 2010, except with respect to the contract with Niject Services Company

("**Niject**"), which the Debtors request be effective as of February 26, 2010, the date that Niject

ceased supplying compressed air to the Debtors.  The Debtors also request that the deadline to

file proofs of claim with respect to any claims for damages arising from the rejection of the

Executory Contracts be **5:00 p.m. (Eastern Time)** of the date that is **thirty (30) days** after

service of the order approving the relief requested herein.

## Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.       On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**") with the

Court, requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b),

(f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors'

---

[1] The Debtors acknowledge that certain contracts listed on Exhibit A may not be executory in nature, but out of the
abundance of caution, the Debtors seek to reject such contracts pursuant to this Motion.

assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors, LLC) ("**New GM**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers (the "**363 Transaction**").

5.     On July 5, 2009, the Court approved the 363 Transaction and entered the Sale Order, and on July 10, 2009, the 363 Transaction closed.  Accordingly, the Debtors no longer operate as manufacturers of any GM branded motor vehicles, nor do they retain the rights to use GM trademarks in the wind-down of their business.  All such manufacturing operations and trademark rights have been sold to New GM pursuant to the 363 Transaction.

## The Executory Contracts

6.     The Debtors are currently undergoing a comprehensive review of their executory contracts to determine which contracts to assume and which to reject.  Because the Debtors have sold substantially all of their assets in the 363 Transaction and are now winding down their remaining operations, the Debtors no longer require certain executory contracts and will seek to reject those contracts that provide no meaningful value or benefit to the Debtors' estates.  The Debtors have reviewed the Executory Contracts that are the subject of this Motion and have determined, in the exercise of their sound business judgment, that maintaining the Executory Contracts would be burdensome and provide no corresponding benefit or utility to the Debtors or their estates.

7.     The Executory Contracts include:  (i) a purchase and sale agreement with Electro-Motive Diesel, Inc., which contains certain continuing environmental indemnity obligations, (ii) a compressed air supply agreement that is no longer needed by the Debtors due to the recent shutdown of the associated facility, and (iii) various mobile equipment leases relating to machinery that is no longer being utilized by the Debtors.  After reviewing the Executory Contracts, New GM elected not to take assignment of any of the Executory Contracts.

8.     The Debtors' primary business purpose at this stage in their chapter 11 cases is to liquidate the assets remaining following the close of the 363 Transaction in an efficient and cost-effective manner to maximize the value of the recovery for their creditors.  The Executory Contracts are not necessary for the Debtors' continuing business operations or the administration of the Debtors' estates, and maintaining the Executory Contracts may impose unnecessary costs and burdens on the Debtors' estates.  The Debtors have also explored the possibility of marketing the Executory Contracts, but have determined that doing so would provide no meaningful benefit or value to the Debtors' estates.  Accordingly, the Debtors submit this Motion to reject the Executory Contracts.

### Rejection of the Executory Contracts is
### Supported by the Debtors' Sound Business Judgment

9.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon

burdensome property.' " *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

10.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

11.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)). Further, under the business judgment

standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

12.    In addition, many courts in this district (including this Court) and elsewhere have authorized rejection retroactively to a date prior to entry of the order authorizing such rejection. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602 (2d Cir. 2007) (affirming this Court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp., et al.)*, No. 02 Civ. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief).

13.    As noted above, the Debtors have reviewed the Executory Contracts and have determined that in light of the sale of substantially all of the Debtors' assets and subsequent wind-down, the Executory Contracts are not necessary or beneficial to the Debtors' ongoing business.  Accordingly, the Debtors are exercising their sound business judgment in seeking rejection of the Executory Contracts.

14.    Finally, with respect to the Debtors' compressed air supply contract with Niject, the Debtors provided advanced notification to Niject that they would no longer require

the delivery of compressed air as of February 26, 2010.  Niject ceased supplying such air as of

that date, and, therefore, Niject is not prejudiced by a February 26, 2010 rejection date.

### Notice

15.     Notice of this Motion has been provided to (i) counterparties to the

Executory Contracts at their designated addresses and (ii) parties in interest in accordance with

the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing

Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The

Debtors submit that such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
        March 11, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Executory Contracts**

| | Contract Counterparty | Counterparty Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|
| 1 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco, CA 94108 | Mobile Equipment Lease No. 462 | 11/1/2001 | 3/31/2010 |
| 2 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1368 | 9/1/1999 | 3/31/2010 |
| 3 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco, CA 94108 | Mobile Equipment Lease No. 455 | 1/1/2001 | 3/31/2010 |
| 4 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1529 | 2/1/2000 | 3/31/2010 |
| 5 | First American Capital | ATSI<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 7 | 3/1/2000 | 3/31/2010 |
| 6 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1615 | 4/1/2000 | 3/31/2010 |
| 7 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 88 | 5/1/1997 | 3/31/2010 |

| 8 | C4 Capital Corporation | C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 2382 | 5/1/2001 | 3/31/2010 |
| 9 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco,  CA  94108 | Mobile Equipment Lease No. 223 | 11/1/2001 | 3/31/2010 |
| 10 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1645 | 5/1/2000 | 3/31/2010 |
| 11 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1643 | 5/1/2000 | 3/31/2010 |
| 12 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>California Street<br>6th Floor<br>San Francisco,  CA  94108 | Mobile Equipment Lease No. 459 | 1/1/2002 | 3/31/2010 |
| 13 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1551 | 4/1/2000 | 3/31/2010 |
| 14 | First American Capital | ATSI<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 413 | 4/1/2006 | 3/31/2010 |

| 15 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1284 | 7/1/1999 | 3/31/2010 |
| 16 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 347 | 2/1/1997 | 3/31/2010 |
| 17 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1531 | 2/1/2000 | 3/31/2010 |
| 18 | C4 Capital | GE Mellon<br>Attn: Christopher Smyth<br>10 Riverview Drive<br>Danbury,  CT  06810 | Mobile Equipment Lease No. 1252 | 7/1/1999 | 3/31/2010 |
| 19 | Wells Fargo | Wells Fargo Equipment Finance Inc.,<br>C/O C4 Capital,<br>2557 Our Land Acres<br>Milford, MI  48381<br>Patrick M. Curran<br>248-514-3714<br>patmcurran@c4capital.com | Mobile Equipment Lease No. 25 | 12/1/1995 | 3/31/2010 |
| 20 | First American Capital | GE Mellon<br>Attn: Christopher Smyth<br>10 Riverview Drive<br>Danbury,  CT  06810 | Mobile Equipment Lease No. 1520 | 1/1/2006 | 3/31/2010 |

| | | | | | |
|---|---|---|---|---|---|
| 21 | Niject Services Company | Niject Services Company<br>Attn: Legal Department<br>1 West 3rd Street, Suite 1005<br>Tulsa, OK 74103-3500<br><br>Ingersoll Rand Industrial Technologies<br>Matthew Piedmonte, Engineered Product<br>Services Manager<br>800-B Beaty Street<br>Davidson, NC  28036 USA | Compressed Air Supply Agreement | 4/15/2000 | 2/26/2010 |
| 22 | Electro-Motive Diesel, Inc. | Electro-Motive Diesel, Inc.<br>Attn: Legal Department<br>9301 West 55th Street<br>LaGrange, IL  60525 | Environmental Remediation and Indemnity Agreement | 1/11/2005 | 3/31/2010 |
| 23 | Electro-Motive Diesel, Inc. | Electro-Motive Diesel, Inc.<br>Greenbriar Equity Group LLC<br>Attn: John Daileader<br>555 Theodore Fremd Avenue Suite A-201<br>Rye, NY  10580 | Sale and Purchase Agreement | 1/12/2005 | 3/31/2010 |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

### TWELFTH OMNIBUS ORDER PURSUANT TO 11 U.S.C. § 365 OF THE BANKRUPTCY CODE TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion, dated March 11, 2010 (the "**Motion**")[1], of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to reject certain executory contracts, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Executory Contracts listed on **Annex I** attached hereto and all related agreements, amendments and supplements thereto is hereby authorized and approved, effective as of the rejection dates (the "**Rejection Dates**") set forth on **Annex I**; and it is further

ORDERED that the parties to the Executory Contracts shall have until **5:00 p.m. (Eastern Time)** on the date that is **thirty (30) days** after service of this Order to file a proof of claim with respect to any claim for damages arising from the rejection of the Executory Contracts; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2010
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

## Annex I

## Executory Contracts

|   | Contract Counterparty | Counterparty Address | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|
| 1 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco, CA 94108 | Mobile Equipment Lease No. 462 | 11/1/2001 | 3/31/2010 |
| 2 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1368 | 9/1/1999 | 3/31/2010 |
| 3 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco, CA 94108 | Mobile Equipment Lease No. 455 | 1/1/2001 | 3/31/2010 |
| 4 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1529 | 2/1/2000 | 3/31/2010 |
| 5 | First American Capital | ATSI<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 7 | 3/1/2000 | 3/31/2010 |
| 6 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 1615 | 4/1/2000 | 3/31/2010 |
| 7 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI 48381 | Mobile Equipment Lease No. 88 | 5/1/1997 | 3/31/2010 |

| 8 | C4 Capital Corporation | C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 2382 | 5/1/2001 | 3/31/2010 |
|---|---|---|---|---|---|
| 9 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>600 California Street<br>6th Floor<br>San Francisco,  CA  94108 | Mobile Equipment Lease No. 223 | 11/1/2001 | 3/31/2010 |
| 10 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1645 | 5/1/2000 | 3/31/2010 |
| 11 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1643 | 5/1/2000 | 3/31/2010 |
| 12 | CIT Leasing | Atel Equipment Corp<br>Attn: Russell H. Wilder, CLP<br>California Street<br>6th Floor<br>San Francisco,  CA  94108 | Mobile Equipment Lease No. 459 | 1/1/2002 | 3/31/2010 |
| 13 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1551 | 4/1/2000 | 3/31/2010 |
| 14 | First American Capital | ATSI<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 413 | 4/1/2006 | 3/31/2010 |

| 15 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1284 | 7/1/1999 | 3/31/2010 |
| 16 | First American Capital | Wells Fargo Equipment Finance Inc.<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 347 | 2/1/1997 | 3/31/2010 |
| 17 | First American Capital | Republic Financial<br>C/O C4 Capital<br>Attn: Patrick M. Curran<br>2557 Our Land Acres<br>Milford, MI  48381 | Mobile Equipment Lease No. 1531 | 2/1/2000 | 3/31/2010 |
| 18 | C4 Capital | GE Mellon<br>Attn: Christopher Smyth<br>10 Riverview Drive<br>Danbury,  CT  06810 | Mobile Equipment Lease No. 1252 | 7/1/1999 | 3/31/2010 |
| 19 | Wells Fargo | Wells Fargo Equipment Finance Inc.,<br>C/O C4 Capital,<br>2557 Our Land Acres<br>Milford, MI  48381<br>Patrick M. Curran<br>248-514-3714<br>patmcurran@c4capital.com | Mobile Equipment Lease No. 25 | 12/1/1995 | 3/31/2010 |
| 20 | First American Capital | GE Mellon<br>Attn: Christopher Smyth<br>10 Riverview Drive<br>Danbury,  CT  06810 | Mobile Equipment Lease No. 1520 | 1/1/2006 | 3/31/2010 |

| | | | | | |
|---|---|---|---|---|---|
| 21 | Niject Services Company | Niject Services Company<br>Attn: Legal Department<br>1 West 3rd Street, Suite 1005<br>Tulsa, OK 74103-3500<br><br>Ingersoll Rand Industrial Technologies<br>Matthew Piedmonte, Engineered Product<br>Services Manager<br>800-B Beaty Street<br>Davidson, NC  28036 USA | Compressed Air Supply Agreement | 4/15/2000 | 2/26/2010 |
| 22 | Electro-Motive Diesel, Inc. | Electro-Motive Diesel, Inc.<br>Attn: Legal Department<br>9301 West 55th Street<br>LaGrange, IL  60525 | Environmental Remediation and Indemnity Agreement | 1/11/2005 | 3/31/2010 |
| 23 | Electro-Motive Diesel, Inc. | Electro-Motive Diesel, Inc.<br>Greenbriar Equity Group LLC<br>Attn: John Daileader<br>555 Theodore Fremd Avenue Suite A-201<br>Rye, NY  10580 | Sale and Purchase Agreement | 1/12/2005 | 3/31/2010 |