**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                            :
**In re**                                                   :        **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                        Debtors.                            :        **(Jointly Administered)**
                                                            :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 363(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HILCO INDUSTRIAL LLC AND MAYNARDS INDUSTRIES (1991) INC. AS EXCLUSIVE MARKETING AND SALES AGENTS TO THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 1, 2009

Upon the Application, dated February 12, 2010 (the "**Application**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11, United States Code (the "**Bankruptcy Code**") for entry of an order authorizing the retention and employment of Hilco Industrial, LLC ("**Hilco**") and Maynards Industries (1991) Inc. ("**Maynards**", and together with Hilco, "**Hilco/Maynards**") as their exclusive marketing and sales agents with respect to certain assets (the "**Assets**") on the terms set forth in that certain Asset Marketing Agreement dated November 12, 2009 between Hilco/Maynards and MLC (the "**AMA**") in connection with these chapter 11 cases, *nunc pro tunc* to October 1, 2009, all as more fully described in the Application; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to retain and employ Hilco/Maynards as their exclusive sales and marketing agents with respect to the Assets, *nunc pro tunc* to the October 1, 2009 on the terms and conditions generally described in the Application and more fully set forth in the AMA; and it is further

ORDERED that Hilco/Maynards shall be permitted to receive compensation for their services pursuant to the compensation structure set forth in the AMA without filing interim or final fee applications; and it is further

ORDERED that Hilco/Maynards shall file with the Court a quarterly notice of compensation (a "**Quarterly Notice**"), beginning with the quarterly period March 2010 through May 2010, listing any Base Commission, Buyer's Premium, and expenses paid to Hilco/Maynards during the respective quarterly period; and it is further

ORDERED that objections to the compensation listed in the Quarterly Notice shall be filed within fourteen (14) days of the filing of the Quarterly Notice; and it is further

ORDERED that the Base Commission and Buyer's Premium listed in the Quarterly Notice shall be reviewed under the standards of section 328(a) of the Bankruptcy Code, and the expenses listed in the Quarterly Notice shall be reviewed under the standards of section 330 of the Bankruptcy Code, and it is further

ORDERED that any Sale Notice (as defined in the *De Minimis* Asset Sale Order)

involving the services of Hilco/Maynards must disclose the amount of Hilco/Maynards' Base Commission and Buyer's Premium for that Asset sale; and it is further

ORDERED that all requests of Hilco/Maynards for payment of indemnity obligations pursuant to the AMA shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the AMA and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; and it is further

ORDERED that MLC shall indemnify and hold Hilco/Maynards harmless from any claims, causes of action, damages and liabilities of any kind arising from or in connection with (i) MLC's breach of any of its representations, warranties or covenants under the AMA, or (ii) any inaccurate statements or representations concerning the Assets made by MLC to Hilco/Maynards or any prospective buyer; _provided_, _however_, that MLC shall not indemnify Hilco/Maynards from any claims resulting from the willful misconduct, gross negligence, bad-faith, self-dealing, or breach of fiduciary duty of Hilco/Maynards; and it is further

ORDERED that Hilco/Maynards shall indemnify MLC from any and all claims, liabilities, losses, damages and expenses arising out of or based upon Hilco/Maynards' breach of any representations, warranties or covenants under the AMA or gross negligence or willful misconduct on the part of Hilco/Maynards, or their representatives or agents; and it is further

ORDERED that to the extent this Order is inconsistent with the AMA, this Order shall govern; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *__March 15, 2010__*

       *__s/ Robert E. Gerber__*
       United States Bankruptcy Judge