**PRESENTMENT DATE AND TIME: April 5, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: April 5, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                   :
In re                              :      Chapter 11 Case No.
                                   :
MOTORS LIQUIDATION COMPANY, et al.,:      09-50026 (REG)
    f/k/a General Motors Corp., et al. :
                                   :
                        Debtors.   :      (Jointly Administered)
                                   :
-------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF
## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND
## 363(b)(1) AUTHORIZING THE EMPLOYMENT OF
## DELOITTE TAX LLP TO PROVIDE CERTAIN TAX
## ADVISORY SERVICES *NUNC PRO TUNC* TO JANUARY 1, 2010

PLEASE TAKE NOTICE that upon the annexed Motion, dated March 15, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to

sections 105(a) and 363(b)(1) of title 11, United States Code (the "**Bankruptcy Code**")

authorizing the Debtors to employ Deloitte Tax LLP to provide tax advisory services pursuant to

that certain engagement letter, dated January 21, 2010 (the "**Engagement Letter**"), all as more

fully set forth in the Motion, MLC will present the attached proposed order to the Honorable

Robert E. Gerber, United States Bankruptcy Judge, for signature on **April 5, 2010 at 12:00 noon**

**(Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

proposed order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and

Gregory G. Plotko, Esq.); (xii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); and (xiv)

Deloitte Tax LLP, c/o Deloitte LLP, 1633 Broadway, 37th Floor, New York, New York 10019

(Attn: Roland Young, Assistant General Counsel), so as to be received no later than **April 5,**

**2010, at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").  Unless objections are

received by the Objection Deadline, the order may be signed.

Dated: New York, New York
       March 15, 2010

                                    /s/ Stephen Karotkin
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                        :

**In re**                    :        **Chapter 11 Case No.**
                        :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :       **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                        :

              **Debtors.**     :     **(Jointly Administered)**
                        :

------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a)**
**AND 363(b)(1) AUTHORIZING THE EMPLOYMENT**
**OF DELOITTE TAX LLP TO PROVIDE CERTAIN TAX**
**ADVISORY SERVICES *NUNC PRO TUNC* TO JANUARY 1, 2010**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

        1.       Pursuant to sections 105(a) and 363(b)(1) of title 11, United States Code

(the "**Bankruptcy Code**"), the Debtors request authorization to employ Deloitte Tax LLP

("**Deloitte Tax**") to provide tax advisory services pursuant to that certain engagement letter,

dated January 21, 2010 (the "**Engagement Letter**"), a copy of which is annexed hereto as

**Exhibit "A."**[1]

2.    The Debtors request that Deloitte Tax's employment be made effective

*nunc pro tunc* to January 1, 2010 to allow Deloitte Tax to be compensated for work performed

on behalf of the Debtors since January 1, 2010, but prior to the submission of this Motion.

### Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.    Deloitte Tax was employed as one of the accounting firms for General

Motors Corporation prior to the commencement of these chapter 11 cases.  Thus, Deloitte Tax

possesses certain records and institutional knowledge relevant to tax matters involving the

Debtors.  Accordingly, the retention of Deloitte Tax to perform the services provided for in the

Engagement Letter is the most practical, efficient and economic way in which to proceed.

### The Engagement Letter[2]

5.    The salient terms of the Engagement Letter are summarized as follows:

(a)    Deloitte Tax will provide tax advisory services ("**Tax Advisory**

**Services**") on federal, foreign, state and local tax matters on an as-requested basis.  It is

---

[1] A very brief portion of the Engagement Letter has been redacted because it contains confidential information. This section is available for in-camera inspection by the Bankruptcy Court, the Office of the United States Trustee and the Unsecured Creditors Committee.

[2] The description of the Engagement Letter contained herein is intended to be a summary for the convenience of the Court and parties in interest and is not intended to modify any of the terms of the Engagement Letter.  As such, the description of the Engagement Letter in this Motion is qualified in all respects by the terms of the Engagement Letter.  In the event of any conflict between the text of this Motion and the Engagement Letter, the Engagement Letter shall govern.

anticipated that these services will relate principally to the preparation and submission of private letter rulings to the Internal Revenue Service (the "**IRS Letter Rulings**") relating to a chapter 11 plan.

        (b)      The Debtors will pay Deloitte Tax fees based on the amount of professional time required at the following hourly rates, which rates represent the customary hourly rates charged by Deloitte Tax with respect to retentions of this nature:

|  | <u>Local</u> | <u>National</u> |
|---|---|---|
| **Partner** | $723 | $837 |
| **Senior Manager** | $595 | $642 |
| **Manager** | $531 | $557 |
| **Senior Associate** | $425 | $425 |
| **Staff** | $340 | $340 |

        (c)      In addition to the fees set forth above, the Debtors will reimburse Deloitte Tax for any reasonable and necessary expenses incurred in connection with Deloitte Tax's performance of the Advisory Services.

        (d)      The Debtors will indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all claims, liabilities or expenses relating to the engagement, except to the extent finally judicially determined to have resulted primarily from the bad faith or intentional misconduct of Deloitte Tax or its subcontractors.  The Engagement Letter also provides for a limitation on damages of Deloitte Tax, except to the extent finally judicially determined to have resulted primarily from the bad faith or intentional misconduct of Deloitte Tax or its subcontractors.

6.      It should be noted that Deloitte Tax also is retained by General Motors Company ("**GMC**") and that Deloitte Tax is authorized to disclose to GMC information furnished to it or otherwise derived in connection with the Engagement Letter.  The Debtors do not believe that this creates any type of disabling conflict, and both MLC and GMC have consented to Deloitte Tax being retained by both entities.

### The Relief Requested Should Be Approved by the Court

7.      As stated, pursuant to this Motion, the Debtors seek authority to employ Deloitte Tax, pursuant to the Engagement Letter, to provide the Advisory Services, including with respect to the preparation and submission of IRS Letter Rulings which will relate to a chapter 11 plan.

8.      Section 363(b)(1) of the Bankruptcy Code provides in relevant part that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ." 11 U.S.C. § 363(b)(1).  Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

11.      Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved.  *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring an "articulated business justification"); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, the court defers to the debtor in possession's judgment so long as there is a "legitimate business justification"); *In re Delaware &*

*Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

12.     The Debtors submit that the employment of Deloitte Tax as described herein represents a sound exercise of their business judgment.  First, Deloitte Tax, based upon its historical relationship with MLC, possesses certain institutional knowledge and other background information which will significantly facilitate the performance of the services to be rendered and the preparation and submission of the IRS Rulings.  Indeed, Deloitte Tax is the most logical firm to provide these services and can do so in the most efficient and economic manner.

13.     Second, Deloitte Tax is a highly respected and experienced professional services firm, well recognized in the field of tax advisory services in the bankruptcy context, and is frequently engaged by companies in chapter 11.  Further, the Debtors believe that the fees to be paid to Deloitte Tax as set forth in the Engagement Letter, are reasonable based on the services to be rendered.

14.     Lastly, Deloitte Tax has indicated a desire and willingness to act in these chapter 11 cases and to render the Advisory Services on the terms and conditions described herein and as more fully as set forth in the Engagement Letter.

15.     The Debtors submit that the Advisory Services will not duplicate the services to be provided by other professionals in these chapter 11 cases.

16.     Based on the foregoing, the employment of Deloitte Tax on the terms and conditions set forth in the Engagement Letter is necessary and appropriate, and is in the best interests of the Debtors' estates, creditors, and all other parties in interest.  Thus, the Debtors submit that there is ample justification for the relief requested herein.

17.     In order to assist the Debtors in the expeditious administration of these cases, Deloitte Tax commenced rendering services on or about January 1, 2010.  Accordingly, this Motion seeks approval of Deloitte Tax's retention, *nunc pro tunc*, to such date.  In addition, because this proposed retention is being sought pursuant to section 363 of the Bankruptcy Code, the Debtors propose that Deloitte Tax not be subject to the "disinterested" standard of section 327 of the Bankruptcy Code.  The Debtors have discussed the foregoing with the Office of the United States Trustee, and the Office of the United States Trustee has advised the Debtors that it has no objection thereto.

### Fee Applications

18.     Deloitte Tax will file interim and final fee applications with respect to its Advisory Services in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated August 7, 2009 [Docket No. 3711].

### Notice

19.     Notice of this Motion has been provided to Deloitte Tax and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       March 15, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**<u>Engagement Letter</u>**

# Deloitte.

Deloitte Tax LLP
Suite 900
600 Renaissance Center
Detroit, MI 48243-1895
USA

Tel: +1 313 396 3000
Fax: +1 313 396 3618
www.deloitte.com

January 21, 2010

Mr. Richard Zablocki
Chief Tax Officer
Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, MI 48243

Dear Rick:

Thank you for choosing Deloitte Tax LLP ("Deloitte Tax" or "our") to provide tax advisory services ("Advisory Services") for **Motors Liquidation Company** and its subsidiaries and/or affiliates ("Client") during the upcoming year including January 1, 2010 through December 31, 2010. Deloitte Tax professionals will generally be available to provide Advisory Services on federal, foreign, state and local tax matters on an as-requested basis. The specific Advisory Services are expected to involve obtaining ruling requests from the Internal Revenue Service on behalf of Motors Liquidation Company and various tax consulting services on related tax issues, all of which will be set forth in more detail in a specific work order (as defined below) executed pursuant to the terms and conditions of this engagement letter.

This engagement letter ("Engagement Letter") describes the scope of the Deloitte Tax Advisory Services, the respective responsibilities of Deloitte Tax and Client relating to this engagement and the fees Deloitte Tax expects to charge.

## SCOPE OF SERVICES

Client and Deloitte Tax agree that the terms of this Engagement Letter will apply to all Advisory Services provided by Deloitte Tax to Client during the period set forth above, unless such services are the subject of a separate written agreement entered into between Deloitte Tax and Client.

As the specific Advisory Service desired by Client from Deloitte Tax is identified, Client and Deloitte Tax will execute a separate work order ("Work Order") when such Advisory Service involves either (1) contemplated fees in excess of $100,000, or (2) the work order is specifically requested by the Client. The request for Advisory Services should be in a form of a Work Order as set forth in Exhibit A attached to this Engagement Letter (or a substantially similar form). The request for Advisory Services should reference this Engagement Letter and clearly describe the specific details of the Advisory Services anticipated pursuant to the Work Order (including scope of work, deliverables, timing, client responsibilities and fees).

It is contemplated that the Advisory Services requested from Deloitte Tax may include oral and written opinions, consulting, recommendations and other communications rendered in response to specific tax questions posed by Client. Deloitte Tax's analysis and response to these tax questions may be based upon a review of various documentation including, but not limited to, legal opinions, books and records (collectively, "books and records") relevant to Client's transactions and business activity that Client provides to Deloitte Tax. With respect to such Advisory Services, Deloitte Tax is entitled to assume without independent verification the

Motors Liquidation Company
January 21, 2010
Page 2

accuracy of all representations, assumptions, information and data provided by Client and its representatives. Deloitte Tax may ask Client to clarify or supplement information provided in this context.

## REPORTABLE TRANSACTIONS

The Internal Revenue Service ("IRS") and some st ates have promulgated rules that require taxpayers to disclose their participation in reportable transactions by attaching a disclosure form to their federal and/or state income tax returns and, when necessary, by filing a copy of that disclosure form with the IRS and/or the applicable state tax agency. These rules impose significant requirements to disclose certain transactions and such disclosures may encompass transactions entered into in the normal course of business. The Advisory Services that are the subject of this Engagement Letter do not include any obligation by Deloitte Tax to identify any reportable transactions or disclosure obligations. Any advisory services regarding reportable transactions will be provided under the terms of a separate engagement letter. Client is responsible for ensuring that it has properly disclosed all reportable transactions; failure to make required disclosure will result in substantial penalties. Deloitte Tax will not be liable for any penalties resulting from Client's failure to accurately and timely file any required reportable transaction disclosure.

## TAX POSITIONS AND POTENTIAL PENALTIES

Deloitte Tax will discuss with Client tax positions that Deloitte Tax is aware of as a result of the Advisory Services and for which Client or Deloitte Tax could be subject to potential penalties. With respect to those tax positions, Deloitte Tax will discuss any opportunity to avoid such penalties through adequate disclosure, if relevant, and the requirements for adequate disclosure. Client should be aware that in certain instances, the standards to avoid a potential penalty applicable to Deloitte Tax, as a tax return preparer, may exceed the accuracy related penalty standards applicable to Client.

## ACKNOWLEDGEMENTS AND AGREEMENTS

The Advisory Services will be performed in accordance with the *Statement on Standards for Consulting Services* established by the American Institute of Certified Public Accountants ("AICPA"). Advisory Services to be performed by Deloitte Tax will be established by mutual agreement and can be changed or modified in the same manner. Deloitte Tax will promptly inform Client of any circumstances that warrant a change in the scope of the specific services to be provided, and similarly, Client agrees to notify Deloitte Tax promptly if modifications to the Advisory Services are requested.

Client acknowledges and agrees that the Advisory Services provided pursuant to this Engagement Letter will be based solely upon:

(a)     The representations, information, documents and other facts provided to Deloitte Tax by Client, its personnel and any representatives thereof;

(b)     The review of documents under this Engagement Letter does not constitute an engagement to provide audit, compilation, review or attest services as described in the pronouncements on professional standards issued by the American Institute of Certified Public Accountants or the U.S. Public Company Accounting Oversight Board.

Rev 10/09

Motors Liquidation Company
January 21, 2010
Page 3

(c)     The understanding that Deloitte Tax will only be responsible to provide tax advice with respect to the specific matter, transaction or question actually presented by Client, including the type of tax and the taxing jurisdiction specifically identified by Client (e.g., federal, foreign, state, local, sales, excise, etc.);

(d)     Client's understanding that any tax advice provided pursuant hereto will be based upon the law, regulations, cases, rulings, and other taxing authority in effect at the time specific tax advice is provided. If there are subsequent changes in or to the foregoing taxing authorities (for which Deloitte Tax shall have no specific responsibility to advise Client), Client acknowledges that such changes may result in that tax advice being rendered invalid or necessitate (upon Client's request) a reconsideration of that prior tax advice;

(e)     Client's understanding and agreement that the results of Deloitte Tax's tax advice may be audited and challenged by the IRS and other tax agencies, who may not agree with our positions. In this regard, Client understands that the result of any tax advice is not binding on the IRS, other tax agencies or the courts and should never be considered a representation, warranty, or guarantee that the IRS, other tax agencies or the courts will concur with our advice or opinion; and

(f)     Deloitte Tax, as a result of providing such tax advice, is under no obligation to represent Client with respect to any such challenge or an administrative or judicial challenge thereof. Deloitte Tax would generally be available to represent Client before the appropriate taxing authorities, if permissible, for an additional fee that is mutually agreed upon.

Although Deloitte Tax might in certain circumstances provide Client with drafts of a deliverable before it is finalized, Client understands that Client may not rely upon any of the analysis, conclusions, or recommendations unless and until the final deliverable is issued. Any part of our analysis, including the recommendations or conclusions may change between the time of any draft and the issuance of a final deliverable.

All rights and obligations of Deloitte Tax and Client described in this Engagement Letter will apply to each Work Order. In the event of any conflict or inconsistency between the terms of this Engagement Letter and the terms of any Work Order, the terms of this Engagement Letter shall control. Notwithstanding the immediately preceding sentence, in the event that a Work Order expressly provides that certain provisions therein shall control over specified provisions of this Engagement Letter, then, to the extent that such provisions of the Work Order conflict or are inconsistent with the specified provisions of this Engagement Letter, such provisions of the Work Order shall control. If a Work Order is not executed, as previously described, the terms of this Engagement Letter will apply to the Advisory Services provided.

**CONSENT FOR DISCLOSURE AND USE OF TAX RETURN INFORMATION**

Client authorizes that any and all information (i) furnished to Deloitte Tax for or in connection with the Advisory Services under this Engagement Letter, (ii) derived or generated by Deloitte Tax from the information described in (i) above, or (iii) associated with prior years' tax return information in the possession of Deloitte Tax may, for a period of up to eight (8) years from the date of this Engagement Letter, be disclosed to and considered and used by any Deloitte Tax affiliate, related entity (or its affiliate) or General Motors Company , in each case, whether located within or outside the United States, engaged directly or indirectly for the purpose of providing services in connection with the Advisory Services under this Engagement Letter and

Rev 10/09

Motors Liquidation Company
January 21, 2010
Page 4

preparation of tax returns, tax planning, audited financial statements, or other financial statements or financial information as required by a government authority, municipality or regulatory body. Disclosures under this paragraph may consist of all information contained in Client's tax returns; if Client wishes to request a more limited disclosure of tax return information, Client must inform Deloitte Tax.   Client acknowledges that Client's tax return information may be disclosed to Deloitte Tax affiliates, related entities (or their affiliates), or General Motors Company located outside of the United States.  Nothing within this Consent is intended to alter the duties and obligations of Deloitte Tax as it relates to maintaining the confidentiality of Client's confidential information as set forth and agreed in paragraph 11 of the General Business Terms attached hereto and made a part of this Engagement Letter.

## FEES AND EXPENSES

The Deloitte Tax fees for Advisory Services, other than for Advisory Services which are the subject of a separate engagement letter with a different fee arrangement or a Work Order, are based on the amount of professional time required and our agreed-upon hourly rates, which vary depending upon the experience level of the professionals involved, plus reasonable out-of-pocket expenses.  Deloitte Tax will send Client monthly bills as the work is performed.

We will bill you for work performed based on actual hours incurred in performing such work at the following standard hourly rates for the engagement, by level.  The rates are as follows:

|                  | **Local** | **National** |
|------------------|-----------|--------------|
| Partner          | $723      | $837         |
| Senior Manager   | $595      | $642         |
| Manager          | $531      | $557         |
| Senior Associate | $425      | $425         |
| Staff            | $340      | $340         |

The professional fees charged for Deloitte Tax's services are calculated from the actual hours expended in providing the services multiplied by the hourly billing rates for specific personnel involved.  In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total billed.

## ACCEPTANCE

This Engagement Letter including all exhibits an d Work Orders, together with the General Business Terms attached hereto and thereto, constitutes the entire agreement between Client and Deloitte Tax with respect to this engagement, supersedes all other oral and written representations, understandings or agreements relating to this engagement, and may not be amended except by the mutual written agreement of the Client and Deloitte Tax.

Please indicate your acceptance of this agreement by signing in the space provided below and returning a copy of this Engagement Letter to our office.  Your signature constitutes Client's consent to disclosure and use of Client's tax return information in the manner described above. Your signature also constitutes acknowledgment of receipt of the attached Privacy Notice.

Rev 10/09

Motors Liquidation Company
January 21, 2010
Page 5

Thank you for giving Deloitte Tax the opportunity to serve you. If you have any questions regarding the Advisory Services described in this Engagement Letter, or any other advice that Deloitte Tax may provide to you, please feel free to contact Scott Shekell at 313-396-3297.

Very truly yours,                              AGREED AND ACCEPTED:

DELOITTE TAX LLP                              Motors Liquidation Company on behalf of
                                              itself and its subsidiaries and/or affiliates

By: _____                    By: _____
      Scott L. Shekell, Partner                     Richard Zablocki, Chief Tax Officer

                                              Date: ___1/22/10_____

## DELOITTE TAX LLP GENERAL BUSINESS TERMS

**1.a.    Services.** It is understood and agreed that services (the "Services") provided by Deloitte Tax, (as defined in paragraph 12 below), under the engagement letter to which these terms are attached (the "Engagement Letter") may include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be the responsibility of, and made by, the Client. As the specific Service desired by Client from Deloitte Tax is identified, Client and Deloitte Tax may execute a separate work order ("Work Order"), the form of which is attached to the Engagement Letter as Exhibit A. For purposes of these terms and the Engagement Letter, the "Client" shall mean **Motors Liquidation Company** and its subsidiaries and/or affiliates. **Motors Liquidation Company** represents and warrants that it has the power and authority to execute the Engagement Letter on behalf of, and to bind, itself and its subsidiaries and/or its affiliates.

**1.b.** Deloitte Tax understands that Motors Liquidation Company is a debtor under chapter 11 of the U.S. Bankruptcy Code in a case pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the terms of its retention are subject to entry of an order (the "Order") of the Bankruptcy Court approving the same, which Order and any papers filed by the Client seeking the Order shall be in form and substance satisfactory to Deloitte Tax. Deloitte Tax further understands that the Client will seek the Order pursuant to section 363 of the U.S. Bankruptcy Code. Accordingly, Deloitte Tax shall not be required to meet the retention standards of section 327 of the U.S. Bankruptcy Code and, therefore, is not required, among other things, to run any connections check, make any disclosures with the Bankruptcy Court or otherwise satisfy the "distinerestedness" standard in order to perform or be compensated for the Services. Deloitte Tax shall be entitled to terminate this Engagement Letter, without any liability arising therefrom, in the event that the Client does not satisfy the foregoing conditions or if the Bankruptcy Court rules to the contrary regarding the requirements for approval of the Order.

**2.    Payment of Invoices.** Except as otherwise provided in a Work Order or the Order, Deloitte Tax's invoices are due within thirty (30) days of the invoice date. Without limiting its rights or remedies, Deloitte Tax shall have the right to halt or terminate the Services entirely if payment is not received within thirty (30) days of the invoice date or otherwise in compliance with the Order. The Client shall be responsible for all taxes imposed on the Services or on the transaction, other than Deloitte Tax's income taxes imposed on a net basis or by employment withholding, and other than taxes imposed on Deloitte Tax's property.

**3.    Term.** Unless terminated sooner in accordance with its terms, this engagement shall terminate on the completion of the Services; provided, however, that the Engagement Letter and these terms shall continue to apply to all Work Orders that are in existence at the effective date of such termination and under which the Services have not been completed. This engagement or a Work Order may be terminated by either party at any time, with or without cause, by giving written notice to the other party not less than thirty (30) days before the effective date of termination; provided that, in the event of a termination for cause, the breaching party shall have the right to cure the breach within the notice period. If any individual Work Order is terminated pursuant to this section, the Engagement Letter and these terms shall continue to apply to all Work Orders that have not been terminated. Deloitte Tax may terminate this engagement, any Work Order or the performance of any Services upon written notice to the Client if Deloitte Tax determines that (a) a governmental, regulatory or professional entity (including, without limitation, the American Institute of Certified Public Accountants, the Public Company Accounting Oversight Board (the "PCAOB") or the Securities and Exchange Commission) or an entity having the force of law has introduced a new, or modified an existing, law, rule, regulation, interpretation or decision, the result of which would render Deloitte Tax's performance of any part of the engagement illegal or otherwise unlawful or in conflict with independence or professional rules, or (b) circumstances change (including, without limitation, changes in ownership of the Client or any of its affiliates) such that Deloitte Tax's performance of any part of the engagement would be illegal or otherwise unlawful or in conflict with independence or professional rules. Upon termination of the engagement, the Client will compensate Deloitte Tax under the terms of the Engagement Letter for the Services performed and expenses incurred through the effective date of termination.

Motors Liquidation Company
January 21, 2010
Page 7

4.    **Ownership of Deloitte Tax Property.**  To the extent that Deloitte Tax utilizes any of its property (whether tangible or intangible) in connection with this engagement, such property shall remain the property of Deloitte Tax, and the Client shall not acquire any right or interest in such property.  Deloitte Tax shall have ownership (including, without limitation, copyright ownership) and all rights to use and disclose its ideas, concepts, know-how, methods, techniques, processes and skills, and adaptations thereof in conducting its business, and the Client shall not assert or cause to be asserted against Deloitte Tax or its personnel any prohibition or restraint from so doing.  In the course of performing the Services, Deloitte Tax may provide to Client, solely for its convenience, spread sheets, models or other software tools.  Such items are provided to the Client in "as is" condition without warranty of any kind and Deloitte Tax assumes no responsibility for results obtained by anyone other than Deloitte Tax from the use of such items.

5.    **Limitation on Warranties.  THIS IS A SERVICES ENGAGEMENT.  DELOITTE TAX WARRANTS THAT IT SHALL PERFORM THE SERVICES IN GOOD FAITH AND WITH DUE PROFESSIONAL CARE.  DELOITTE TAX DISCLAIMS ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.  THE CLIENT'S EXCLUSIVE REMEDY FOR ANY BREACH OF THIS WARRANTY SHALL BE FOR DELOITTE TAX, UPON RECEIPT OF WRITTEN NOTICE, TO USE DILIGENT EFFORTS TO CURE SUCH BREACH, OR, FAILING ANY CURE IN A REASONABLE PERIOD OF TIME, THE RETURN OF PROFESSIONAL FEES PAID TO DELOITTE TAX HEREUNDER WITH RESPECT TO THE SERVICES GIVING RISE TO SUCH BREACH.**

6.    **Limitation on Damages.**   Except to the extent finally judicially determined to have resulted primarily from the bad faith or intentional misconduct of Deloitte Tax or its subcontractors, the Client agrees that Deloitte Tax, its subcontractors and their respective personnel shall not be liable to the Client for any claims, liabilities or expenses relating to this engagement ("Claims") for an aggregate amount in excess of (i) the fees paid by the Client to Deloitte Tax pursuant to a Work Order, for Claims arising under such Work Order or (ii) the fees paid by the Client to Deloitte Tax under this engagement other than pursuant to any Work Order, for Claims arising where a Work Order was not used.  In no event shall Deloitte Tax, its subcontractors or their respective personnel be liable for any loss of use, data, goodwill, revenues or profits (whether or not deemed to constitute direct Claims) or any consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense relating to this engagement, any Work Order or the Services. In circumstances where all or any portion of the provisions of this paragraph are finally judicially determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

7.    **Client Responsibilities.**  In addition to any responsibilities set forth in a Work Order, the Client shall cooperate with Deloitte Tax in the performance by Deloitte Tax of the Services, including, without limitation, providing Deloitte Tax with reasonable facilities and timely access to data, information and personnel of the Client.  The Client shall be responsible for the performance of its personnel and agents and for the accuracy and completeness of all data and information provided to Deloitte Tax for purposes of the performance by Deloitte Tax of the Services.  The Client acknowledges and agrees that Deloitte Tax's performance is dependent upon the timely and effective satisfaction of the Client's responsibilities under the engagement and any Work Order and timely decisions and approvals of the Client in connection with the Services.  Deloitte Tax shall be entitled to rely on all decisions and approvals of the Client.  The Client shall be solely responsible for, among other things: (a) making all management decisions and performing all management functions; (b) designating an individual who possesses suitable skill, knowledge, and/or experience, preferably within senior management, to oversee the Services;  (c) evaluating the adequacy and

Motors Liquidation Company
January 21, 2010
Page 8

results of the Services performed; (d) accepting responsibility for the results of the Services; and (e) establishing and maintaining internal controls, including, without limitation, monitoring ongoing activities.

**8.     Force Majeure.**  Except for the payment of money, neither party shall be liable for any delays or nonperformance directly or indirectly resulting from circumstances or causes beyond its reasonable control, including, without limitation, acts or omissions or the failure to cooperate by the other party (including, without limitation, entities or individuals under its control or any of their respective officers, directors, employees, other personnel and agents), acts or omissions or the failure to cooperate by any third party, fire, epidemic or other casualty, act of God, strike or labor dispute, war or other violence or any law, order or requirement of any governmental agency or authority.

**9.     Limitation on Actions.**  No action, regardless of form, relating to this engagement, any Work Order or the Services may be brought by either party more than one year after the cause of action has accrued, except that an action for nonpayment may be brought by a party not later than one year following the date of the last payment due to the party bringing such action.

**10.     Independent Contractor.**  It is understood and agreed that each party hereto is an independent contractor and that neither party is, nor shall be considered to be, the other's agent, distributor, partner, fiduciary, joint venturer, co-owner or representative. Neither party shall act or represent itself, directly or by implication, in any such capacity or in any manner assume or create any obligation on behalf of, or in the name of, the other.

**11.     Confidentiality.**  To the extent that, in connection with this engagement or any Work Order, Deloitte Tax comes into possession of any tax return information, trade secrets or other proprietary or confidential information of the Client, Deloitte Tax will not disclose such information to any third party without the Client's consent. The Client hereby consents to Deloitte Tax disclosing such information (a) to any affiliate or related entity (including its partners, principals and employees), whether located within or outside of the United States, that are providing Services in connection with this engagement or any Work Order and that have agreed to be bound by confidentiality obligations similar to those in this paragraph 11; (b) as may be required by law, regulation, judicial or administrative process, or to other parties within Deloitte Tax to the extent necessary to comply with applicable professional standards, or in connection with litigation between Client and Deloitte Tax pertaining to this engagement or any Work Order; (c) General Motors Company; or (d) to the extent such information (i) shall have otherwise become publicly available (including, without limitation, any information filed with any governmental agency and available to the public) other than as the result of a disclosure by Deloitte Tax in breach hereof, (ii) becomes available to Deloitte Tax on a nonconfidential basis from a source other than the Client which Deloitte Tax believes is not prohibited from disclosing such information to Deloitte Tax by obligation to the Client, (iii) is known by Deloitte Tax prior to its receipt from the Client without any obligation of confidentiality with respect thereto, or (iv) is developed by Deloitte Tax independently of any disclosures made by the Client to Deloitte Tax of such information. In satisfying its obligations under this paragraph, Deloitte Tax shall maintain the Client's trade secrets and proprietary or confidential information in confidence using at least the same degree of care as it employs in maintaining in confidence its own trade secrets and proprietary or confidential information, but in no event less than a reasonable degree of care. Notwithstanding anything to the contrary herein, the Client acknowledges that Deloitte Tax, in connection with performing the Services, may develop or acquire experience, skills, knowledge, and ideas that are retained in the unaided memory of its personnel. The Client acknowledges and agrees that Deloitte Tax may use and disclose such experience, skills, knowledge and ideas.

**12.     Survival and Interpretation.**  The agreements and undertakings of the Client contained in the Engagement Letter, together with all paragraphs herein relating to payment of invoices, ownership of Deloitte Tax property, limitations on warranties, limitations on damages, limitations on actions, confidentiality, survival and interpretation, assignment and subcontracting, waiver of jury trial,

Motors Liquidation Company
January 21, 2010
Page 9

indemnification, governing law, venue, jurisdiction and severability, information and data, and third parties and internal use shall survive the expiration or termination of this engagement or any Work Order. For purposes of these terms, Deloitte Tax shall mean Deloitte Tax LLP and Deloitte Tax Products Company LLC, one of its subsidiaries. The Client acknowledges and agrees that no affiliated or related entity of Deloitte Tax, whether or not acting as a subcontractor (or such entity's personnel) shall have any liability hereunder to the Client or any other person, and the Client will not bring any action against any such affiliated or related entity of Deloitte Tax (or such entity's personnel) in connection with this engagement or any Work Order. Without limiting the foregoing, affiliated and related entities of Deloitte Tax are intended third-party beneficiaries of these terms and the agreements and undertakings of Client contained in any Work Order. Any affiliated or related entity of Deloitte Tax may in its own right enforce such terms, agreements and undertakings. **The provisions of paragraphs 5, 6, 9, 12, 14, 15, 16 and 18, hereof shall apply to the fullest extent of the law, whether in contract, statute, tort (such as *negligence*), or otherwise, notwithstanding the failure of the essential purpose of any remedy.**

13. **Assignment and Subcontracting.** Except as provided below, neither party may assign, transfer or delegate any of its rights or obligations hereunder (including, without limitation, interests or Claims) without the prior written consent of the other party. The Client hereby consents to Deloitte Tax assigning or subcontracting any of Deloitte Tax's rights or obligations under this engagement or any Work Order to (a) any affiliate or related entity, whether located within or outside of the United States, or (b) any entity which acquires all or a substantial part of the assets or business of Deloitte Tax. Services performed by Deloitte Tax subcontractors shall be invoiced as professional fees on the same basis as Services performed by Deloitte Tax personnel, unless otherwise agreed.

14. **Waiver of Jury Trial. DELOITTE TAX AND THE CLIENT HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM RELATING TO THIS ENGAGEMENT, ANY WORK ORDER OR THE SERVICES UNDER ANY WORK ORDER.**

15. **Indemnification.** The Client shall indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all Claims relating to this engagement, any Work Order or the Services under any Work Order, except to the extent finally judicially determined to have resulted primarily from the bad faith or intentional misconduct of Deloitte Tax or its subcontractors. In circumstances where all or any portion of the provisions of this paragraph are finally determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

16. **Governing Law, Venue, Jurisdiction and Severability.** These terms, the Engagement Letter, including exhibits, each Work Order and all matters relating to this engagement and each Work Order shall be governed by, and construed in accordance with, the laws of the State of New York (without giving effect to the choice of law principles thereof). Any action based on or arising out of this engagement, any Work Order or the Services provided or to be provided hereunder shall be brought and maintained exclusively in any court of the State of New York or any federal court of the United States, in each case located in New York County, the State of New York. Each of the parties hereby expressly and irrevocably submits to the jurisdiction of such courts for the purposes of any such action and expressly and irrevocably waives, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action brought in any such court and any claim that any such action has been brought in an inconvenient forum. If any provision of such terms or the Engagement Letter is found by a court of competent jurisdiction to be unenforceable, such provision shall not affect the other provisions, but such unenforceable provision shall be deemed modified to the extent necessary to render it enforceable, preserving to the fullest extent permissible the intent of the parties set forth herein.

Motors Liquidation Company
January 21, 2010
Page 10

17.     **Information and Data.** Deloitte Tax shall be entitled to assume, without independent verification, the accuracy of all representations, assumptions, information and data that the Client and its representatives provide to Deloitte Tax. All assumptions, representations, information and data to be supplied by the Client and its representatives will be complete and accurate to the best of the Client's knowledge. Deloitte Tax may use information and data furnished by others; however, Deloitte Tax shall not be responsible for, and Deloitte Tax shall provide no assurance regarding, the accuracy of any such information or data. Except as specifically agreed to in writing, Deloitte Tax shall not provide advice regarding the financial accounting treatment of any transaction implemented from the Services and will not assume any responsibility for any financial reporting with respect to the Services. The Client shall be responsible for all financial information and statements provided by or on behalf of the Client with respect to any of the Services. Deloitte Tax shall have no responsibility to address any legal matters or questions of law, other than tax law.

18.     **Third Parties and Internal Use.** Deloitte Tax acknowledges that Deloitte Tax has not placed any limitations on the Client's disclosure of the tax treatment or tax structure associated with the tax Services or transactions described in the Engagement Letter, any related Work Order and Services provided pursuant to the Engagement Letter and any related Work Order. Nothing in this paragraph shall be construed as limiting or restricting disclosure of the tax treatment or tax structure of the transaction as described in Rule 3501(c)(i) of PCAOB Release 2005-014 or Internal Revenue Code ("IRC") sections 6011 and 6111 and related Internal Revenue Service ("IRS") guidance. The Client acknowledges that none of its other advisors have imposed or will impose any conditions of confidentiality with respect to the tax treatment or tax structure associated with the tax Services or transactions described in the Engagement Letter or a Work Order. All Services shall be solely for the Client's informational purposes and internal use, and this engagement does not create privity between Deloitte Tax and any person or party other than the Client ("third party"). This engagement is not intended for the express or implied benefit of any third party. Unless otherwise agreed to in writing by Deloitte Tax, no third party is entitled to rely, in any manner or for any purpose, on the advice, opinions, reports or other Services of Deloitte Tax. In the event of any unauthorized reliance, the Client agrees to indemnify and hold harmless Deloitte Tax and its personnel from all third-party claims, liabilities, costs and expenses.

19.     **Certain Tax Disclosures and Reporting.** In accordance with IRC sections 6111 and 6112, Deloitte Tax may be required to report to the IRS or certain state tax authorities the Services including without limitation any related tax transaction(s) described in the Engagement Letter or a Work Order as well as the Client's participation therein. In addition, separate and apart from any reporting by Deloitte Tax, the Client, in accordance with IRC section 6011, may also be required to disclose to a taxing authority its participation in one or more transactions which are the subject of this Engagement Letter and any Work Order executed pursuant to the Engagement Letter and these terms. The determination of whether, when and to what extent Deloitte Tax and the Client should comply with their respective federal or state "tax shelter" reporting requirements will be made exclusively and respectively by Deloitte Tax and the Client. Deloitte Tax and the Client further agree that (i) any liability for fines or penalties or any other consequences resulting from non-compliance by one party with applicable tax disclosure or reporting rules will be borne or incurred exclusively by the non-compliant party, and (ii) any request by the Client of Deloitte Tax for services in identifying or otherwise consulting on transactions subject to IRC section 6011 or corresponding state law and the reporting or disclosing thereof will be the subject of a separate engagement letter.

20.     **Accountant / Client Privilege – IRC §7525.** The Client should be aware that certain information discussed with personnel of Deloitte Tax who are Federally Authorized Tax Practitioners or their agents for the purpose of obtaining Deloitte Tax's advice on tax matters may be privileged from disclosure in any non-criminal tax matters before the IRS and in non-criminal proceedings in Federal court that stem from matters before the IRS, if the United States is a party to the proceedings. The Client is solely responsible for managing the recognition, establishment and maintenance of the confidentiality privilege. The Client must notify Deloitte Tax if the Client wishes to invoke the confidentiality privilege, and Deloitte Tax will cooperate with the Client's reasonable instructions relating to the confidentiality privilege. Circumstances may arise under which the Client may wish to divulge or have Deloitte Tax divulge privileged information to other parties. The Client should be aware that such disclosure might result in a waiver of the

Rev 2/09

Motors Liquidation Company
January 21, 2010
Page 11

confidentiality privilege. Accordingly, if the Client wishes Deloitte Tax to divulge such information, Deloitte Tax shall require the Client to provide Deloitte Tax in advance with written authority to make such disclosures. In addition, if it is ultimately determined that a significant purpose of the tax matter was to avoid or evade any U.S. federal income tax, the Client should be aware that the confidentiality privilege under §7525 of the Internal Revenue Code will not apply to any communications between the Client and Deloitte Tax.

In the event that Deloitte Tax receives a request from a third party (including a subpoena, summons or discovery demand in litigation) calling for the production of privileged or confidential information, Deloitte Tax will promptly notify the Client and will follow the Client's reasonable instructions regarding any third party requests or needs for such material before Deloitte Tax would disclose same as may be required under applicable law or rules. The Client agrees to hold Deloitte Tax harmless from, and also assumes responsibility for, any expenses (including attorney's fees, court costs, costs incurred by outside advisors and any other cost imposed whether by way of penalty or otherwise) incurred by Deloitte Tax as a result of the Client's assertion of the confidentiality privilege or the Client's direction to Deloitte Tax to assert the confidentiality privilege on behalf of the Client.

**Exhibit A**
**Work Order**

| Work Order Number: 1 | Authorized Start Date: |
|---|---|

This Work Order incorporates the terms and conditions of the Engagement Letter between Deloitte Tax LLP ("Deloitte Tax") and Motors Liquidation Company ("Client") dated January 21, 2010.

**Description of Advisory Services:**

Federal income tax advice and consultation regarding the ████████████████████████████ Client's bankruptcy reorganization. These services will include preparation and submission of private letter ruling(s) and discussions with the Internal Revenue Service.

**Estimated Timing for Advisory Services and Deliverables (if any):**

**Fees and Expenses (if different from the provisions stated in the Engagement Letter):**

**Client Responsibilities:**

**Other Terms (if applicable):**

**CONSENT FOR DISCLOSURE AND USE OF TAX RETURN INFORMATION**

Client authorizes that any and all information (i) furnished to Deloitte Tax for or in connection with the Advisory Services under this Work Order, (ii) derived or generated by Deloitte Tax from the information described in (i) above, or (iii) associated with prior years' tax return information in the possession of Deloitte Tax may, for a period of up to eight (8) years from the date of this Work Order, be used by Deloitte Tax and disclosed to and considered and used by any Deloitte Tax affiliate, related entity (or its affiliate) or General Motors Company, in each case, whether located within or outside the United States, engaged directly or indirectly for the purpose of providing services in connection with the Services under this Work Order and preparation of tax returns, audited financial statements, or other financial statements or financial information as required by a government authority, municipality or regulatory body. Disclosures under this paragraph may consist of all information contained in Client's tax returns; if Client wishes to request a more limited disclosure of tax return information, Client must inform Deloitte Tax. Client acknowledges that Client's tax return information may be disclosed to Deloitte Tax affiliates, related entities (or their affiliates) or General Motors Company located outside of the United States. Nothing within this Consent is intended to alter the duties and obligations of Deloitte Tax as it relates to maintaining the confidentiality of Client's confidential information as set forth and agreed in paragraph 11 of the General Business Terms attached hereto and made a part of this Engagement Letter.

Rev 2/09

Motors Liquidation Company
January 21, 2010
Page 13

Your signature constitutes Client's consent to disclosure and use of Client's tax return information in the manner described above.

**Motors Liquidation Company**

By: _Richard J Zablocki_

     Richard Zablocki, Chief Tax Officer

Date: _1/22/10_

**Deloitte Tax LLP**

By: _____

     Scott L. Shekell, Partner

Date: _1/21/2010_

Rev 2/09

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                        :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND**
**363(b)(1) AUTHORIZING THE EMPLOYMENT OF**
**DELOITTE TAX LLP TO PROVIDE CERTAIN TAX**
**ADVISORY SERVICES *NUNC PRO TUNC* TO JANUARY 1, 2010**

       Upon the Motion, dated March 15, 2010 (the "**Motion**")[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b)(1) of title 11, United States

Code (the "**Bankruptcy Code**") for entry of an order authorizing the Debtors to employ Deloitte

Tax LLP ("**Deloitte Tax**") in accordance with the terms of the Engagement Letter to provide the

Advisory Services, all as more fully described in the Motion; and due and proper notice of the

Motion having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to employ Deloitte Tax, *nunc pro tunc* to January 1, 2010, pursuant to the terms and provisions of the Engagement Letter; and it is further

ORDERED that Deloitte Tax shall not be subject to the disinterestedness requirements of section 327 of the Bankruptcy Code in connection with its retention as authorized hereby; and it is further

ORDERED that Deloitte Tax shall file with the Court interim and final fee applications in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711]; and it is further

ORDERED that notwithstanding anything contained in the Engagement Letter to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
   March __, 2010

_____
United States Bankruptcy Judge
