Honorable Judge Robert E. Gerber    March 08, 2010
One Bowling Green
New York, N.Y.10004-1408
Court Room 621

    Dear Judge Gerber, enclosed is a copy of a letter I recently received from you advising me that my claim in the case of Motors Liquidation Company may be denied because I failed to provide sufficient documentation.

    This Bond which I purchased through Morgan Stanley Co. located at 1601 New Road ,1st Floor Northfield, New Jersey still remains in their possession. I contacted them a few months ago when I received your first notification of a requirement for additional documentation and they assured me that all the required documentation had been provided. As you can deduce I was not too happy when I received your second notice. I called them again and they insist that all the required documentation has been provided to your court.. Can you please confirm that you have all of my required documentation? Can you let me know that my claim has been properly validated? Claim identified as MS&CO C/F; Robert Amadio IRA Standard Dated 11/10/? ;434 Ramsey RD ;Yardley, PA.19067.

    My understanding is that a Company called Capital Green is responsible for providing you with accurate information so you can make a proper ruling. My claim is valid and up until the time General Motors declared Bankruptcy I received interest payment on this Bond

    Thank you for your consideration in this matter.

Robert Amadio
434 Ramsey Rd
Yardley, PA 19067 (215-493-3102)

C.C. Courtroom Deputy; Helene Blum

    Senior Vice President
    Michael Cifelli
    1601 New Road
    Northfield, N.J. 08225  (609-383-2000 )

Encl. Copy of Judge Robert E. Gerber Letter. Dated February 23, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                               :         Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :         09-50026 (REG)
        f/k/a General Motors Corp., et al.          :
                                                    :
                        Debtors.                    :         (Jointly Administered)
                                                    :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS
### (Claims with Insufficient Documentation)

Upon the ninth omnibus objection to claims, dated January 7, 2010 (the "**Ninth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's orders approving (i) procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180]; and (ii) establishing the deadline for filing proofs of claim against the Initial Debtors[2] and the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") [Docket No. 4079], seeking entry of an order disallowing and expunging the Claims with Insufficient Documentation on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claim, all as more

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninth Omnibus Objection to Claims.

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) Case No. 09-50026, MLCS, LLC (f/k/a Saturn, LLC) Case No. 09-50027, MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) Case No. 09-50028, and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) Case No. 09-13558.

A:\MLC NINTH OMNIBUS OBJECTION - NO SUPPORT CLAIMS.DOC

fully described in the Ninth Omnibus Objection to Claims; and due and proper notice of the Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Claims with Insufficient Documentation**") are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that to the extent a disallowed and expunged claim is a workers' compensation claim with respect to an employee residing or employed in any state other than the states of Alabama, Georgia, New Jersey, and Oklahoma, the disallowance of such claim shall not affect the claimant's rights to continue receiving benefits from General Motors LLC (f/k/a NGMCO, Inc.), the purchaser of substantially all the assets of General Motors Corporation; and

it is further

ORDERED that to the extent a disallowed and expunged claim is for principal under a public debt security issued by the Debtors, the disallowance of such claim shall not affect the right of the claimant to participate in recoveries as a holder of securities under any proof of claim filed by an indenture trustee in respect of the subject issuance; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
February 23, 2010

*s/ Robert E. Gerber*
United States Bankruptcy Judge

Ninth Omnibus Objection | **Exhibit A** | Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MS MARY LOU REESE<br>CGM IRA CUSTODIAN<br>DTD 09/27/00<br>700 SE 7TH AVE #3<br>POMPANO BEACH, FL 33060 | 28963 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| MS&CO C/F<br>BARBARA GRIFFING<br>IRA STANDARD DATED 04/11/08<br>235 EAST 95TH STREET APT 32<br>NEW YORK, NY 10128 | 23401 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$19,000.00 (U)<br>$19,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |
| MS&CO C/F<br>ROBERT AMADIO<br>IRA STANDARD DATED 11/10/03<br>434 RAMSEY RD<br>YARDLEY, PA 19067 | 23620 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$100,000.00 (U)<br>$100,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |
| MS&CO C/F<br>WARREN W BONTHIUS<br>IRA STANDARD DATED 11/04/91<br>2774 W BROADMOORE DR<br>HAYDEN LAKE, ID 83835 | 26622 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| MS&CO C/F<br>PETER L SIBLEY<br>IRA STANDARD DATED 01/26/83<br>731 3RD STREET<br>MT PLEASANT, SC 29464 | 28993 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 13