Hearing Date and Time:  To be Determined
Objection Deadline:       To be Determined

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                          :          Chapter 11
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,         :          Case No. 09-50026 (REG)
   f/k/a General Motors Corp., *et al.*,              :
                                                                :          (Jointly Administered)
                Debtors.               :
------------------------------------------------------------------------x

## SECOND INTERIM APPLICATION OF LFR INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

Name of Applicant:                          LFR Inc.

Authorized to Provide
Professional Services to:                   Motors Liquidation Company
                                            (f/k/a General Motors Corporation), *et al.*

Date of Retention:                          August 3, 2009, *nunc pro tunc* to June 1, 2009

Period for which Compensation
and reimbursement is sought:                October 1, 2009 to January 31, 2010

Amount of Compensation sought
as actual, reasonable, and necessary
(100% of fees):                             $1,034,548.40

Amount of Expense Reimbursement
sought as actual, reasonable, and
necessary (100% of expenses):               $ 182,730.34

Total Amount Requested:                     $1,217,278.74

This is an: _ X _ Interim _____ Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:                                                              :        Chapter 11
                                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,                               :        Case No. 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*,                     :
                                                                    :        (Jointly Administered)
                                  Debtors.             :

------------------------------------------------------------------------x

## SECOND INTERIM APPLICATION OF LFR INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

           LFR INC. (the "Applicant"), environmental consultants to the above-captioned

debtors and debtors in possession herein (collectively, the "Debtors"), submits this interim

application (the "Application") for allowance and payment of compensation for professional

services rendered to the Debtors and for reimbursement of actual and necessary costs and

expenses incurred by Applicant on behalf of the Debtors for the period October 1, 2009 through

January 31, 2010 (the "Fee Period"), pursuant to sections 330 and 331of the Bankruptcy Code

(the "Bankruptcy Code"), 11 U.S.C. § 101, *et seq.* and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully represent as follows:

           1.        Applicant submits this Application for interim allowance and payment of

fees and reimbursement of expenses in the amount of $1,217,278.74.

           2.        By this Court's Order dated August 7, 2009 and Pursuant to Sections 331

and 105(a) of the Bankruptcy Code Establishing Procedures for Interim Monthly Compensation

and Reimbursement of Expenses of Professionals (the "Administrative Order"), the Court

established a procedure for interim compensation and reimbursement of expenses for all

2

professionals in these cases.  In particular, the Administrative Order provides that, absent

objection, upon the expiration of forty-five days after service of monthly fee statements by

retained professionals, the Debtors are authorized to pay each professional an amount equal to

80% of the fees and 100 % of the expenses requested in their respective monthly fee statements.

3.      Pursuant to the Administrative Order, LFR has served monthly fee

statements in these cases for the months of October 2009 through January 2010 (collectively, the

"Monthly Statements"), copies of which are attached as <u>Exhibit A</u>[1].  To date, the Debtors have

paid to LFR $158,605.12 in fees and $49,811.94 in expenses incurred during the Fee Period.

4.      By this Application, LFR seeks interim allowance of compensation and

reimbursement of expenses incurred during the Fee Period and reflected in LFR's Monthly

Statements.  LFR also seeks payment of all outstanding holdbacks owing with respect to the

Monthly Statements.

5.      By Order of this Court dated August 3, 2009 (the "Retention Order"), a

copy of which is annexed hereto as <u>Exhibit B</u>, Applicant was retained as environmental

consultants to the Debtors.

6.      This Application has been prepared and submitted to be in compliance

with sections 330 and 331 of the Bankruptcy Code, the Amended Guidelines for Fees and

Disbursements of Professionals in the Southern District of New York Bankruptcy Cases, adopted

by this Court on April 19, 1995 (the "Amended Guidelines") and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed

under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines").

---

[1]      Because of its voluminous nature, Exhibit A has only been provided to the Debtors, the Fee Examiner and
the United States Trustee.  Applicant can provide a copy of Exhibit A to other interested parties upon request.

7.     Pursuant to the Amended Guidelines, a certification regarding compliance is attached hereto as Exhibit C.

8.     The services contemplated at the time of Applicant's retention as environmental consultants as described in the Application dated July 21, 2009 (the "Retention Application"), supporting Affidavit of Frank Lorincz, Chief Executive Officer of LFR Inc. and the engagement agreement attached to the Retention Application, involved assisting Debtors in their determination of costs of actual or potential environmental liabilities arising from Debtors' historic operations, including, without limitation, the following:  reviewing the Debtors' existing remedial/environmental and real estate site files; evaluating existing regulatory actions and/or pending litigation associated with Debtors' sites; developing future cost estimates using appropriate methodologies; determine the potential for reuse of certain of the Debtors' sites and ensure that potential reuse opportunities are considered in determining cost estimates; strategic planning related to optimization of asset value net of environmental costs and disposition of environmentally impaired assets; management and support of environmental management/compliance activities, including evaluating existing information regarding plate sites, ongoing investigations and remediation; advising and assisting Debtors with the potential to integrate remediation with redevelopment; assisting in the determination of appropriate remedial options and technologies in light of potential redevelopment plans; advising Debtors with risk management strategies with respect to Debtors' sites; performing such other work as requested by Debtors in furtherance of assisting Debtors in their determination of the costs of actual or potential environmental liabilities arising from sites.

9.     During the Fee Period, Applicant assisted the Debtors in all aspects of defining the environmental liabilities associated with the real estate assets controlled by the

4

Debtors.  These services included the following:  performed environmental due diligence of site information provided by GM including but not limited to existing remedial/environmental and real estate site files, engineering reports, remedial action plans, agency correspondence, financial accounting reserve, site location information, tax records, and regulatory financial assurance information; assisted Debtors in its determination of costs of actual or potential environmental liabilities arising from General Motors pre-bankruptcy as well as historic operations; coordinated with other retained professionals engaged to provide related services in real estate and Brownfield redevelopment and reuse as it relates to environmental liabilities; evaluated existing regulatory actions and/or pending actions associated with the Sites; developed costing template to establish debtor-in-possession budgets; developed environmental cost scenarios for all the Sites reviewed as part of the due diligence; developed environmental summary documents for all sites reviewed as part of the due diligence; developed on line document management system for housing all environmental and real estate related data; developed future cost estimates using NPV methodologies, including but not limited to probabilistic estimating techniques; developed potential options for reuse and redevelopment of certain Sites and their impact on environmental costs and liabilities; participated in client meetings with stakeholders including the USEPA, State Lead Regulatory Agencies, State Attorneys General, DOJ and others as request by the Debtors; and supported the Debtors with technical information for presentations to the Presidential Task Force on the Auto Industry.

10.     During the Fee Period, Applicant devoted 6,805.77 hours in the rendition of professional services on behalf of the Debtors.  A schedule setting forth the number of hours expended by Applicant and its employees accompanies this Application as Exhibit D.  In addition, Applicant is requesting reimbursement of disbursements in the amount of $182,730.34

for expenses incurred and posted during the Fee Period.  An itemization of the disbursements incurred by Applicant is set forth on Exhibit E attached hereto.

11.    Pursuant to section II.D. of the UST Guidelines, a schedule setting forth a description of the project categories utilized by Applicant in the Debtors' cases, the number of hours expended by Applicant's professionals by project category, and the aggregate fees associated with each project category is attached hereto as Exhibit F.

12.    Applicant respectfully submits that its efforts on behalf of the Debtors were reasonable and necessary under the circumstances, were performed by personnel with the requisite skills and experience, and were of benefit to the Debtors.

WHEREFORE, Applicant respectfully requests that this Court enter an order: (i) allowing Applicant's request for compensation in the sum of $1,034,548.40 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the Fee Period; (ii) directing the Debtors to pay to Applicant the full amount of such compensation to the extent not already paid; (iii) allowing Applicant's request for reimbursement of actual, reasonable and necessary expenses in the sum of $183,730.34 incurred during the Fee Period; (iv) directing the Debtors to pay to Applicant the full amount of such expenses to the extent not already paid; and (v) granting such other and further relief as is just and proper.

Dated: March 15, 2010                                      Respectfully submitted,

                                                           LFR INC.


                                                           /s/ Frank Lorincz
                                                           Frank Lorincz
                                                           Chief Executive Officer
                                                           LFR Inc.
                                                           1900 Powell Street, 12th Floor
                                                           Emeryville, California 94608

<u>EXHIBIT A</u>

<u>MONTHLY STATEMENTS [FILED SEPARATELY]</u>

<u>EXHIBIT B</u>

<u>LFR INC. RETENTION ORDER</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,  :     09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                                    :
                 Debtors.           :        (Jointly Administered)
                                    :
-----------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF LFR INC. AS ENVIRONMENTAL CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated July 21, 2009 (the "**Application**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11, United

States Code ("**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

("**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of LFR

Inc. ("**LFR**") as an environmental management and consulting services provider, *nunc pro tunc*

to the Commencement Date, as more fully described in the Application; and upon consideration

of the Affidavit of Frank Lorincz, Chief Executive Officer of LFR, sworn to July 21, 2009 (the

"**Lorincz Affidavit**"), filed in support of the Application, a copy of which is attached to the

Application as Exhibit "A;" and upon consideration of the supplement declaration and disclosure

statement of Frank Lorincz, Chief Executive Officer of LFR, signed on August 2, 2009 (the

"**Lorincz Supplemental Declaration**"), filed in support of the Application; and the Court being

satisfied, based on the representations made in the Application, the Lorincz Affidavit and the

---

[1]        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Supplemental Lorincz Declaration, that LFR represents or holds no interest adverse to the

Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and

due and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(a) and 330 of the Bankruptcy Code, the

Debtors are authorized to retain and employ LFR as their environmental management and

consulting services provider, *nunc pro tunc* to the Commencement Date, on the terms and

conditions generally described in the Application and set forth in the Engagement Letter; and it

is further

ORDERED that LFR shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of

New York  and orders of the Court, guidelines established by the U.S. Trustee, and such other

procedures as may be fixed by order of this Court; and it is further

ORDERED that LFR shall notify in writing this Court, the Debtors, the U.S.

Trustee, and any official committee of any change in the hourly rates charged by LFR for

services rendered; and it is further

ORDERED that LFR will provide written notice to the Creditors' Committee and the U. S. Trustee if the total cost of services provided exceeds the estimate of $200,000; and it is further

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
       *August 3, 2009*

                                       *s/ Robert E. Gerber*
                                    United States Bankruptcy Judge

EXHIBIT C

FRANK LORINCZ CERTIFICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:                                                      :        Chapter 11
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :        Case No. 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*,                :
                                                            :        (Jointly Administered)
                                Debtors.                     :

---------------------------------------------------------------------x

CERTIFICATION OF FRANK LORINCZ IN SUPPORT OF APPLICATION OF
LFR INC. FOR INTERIM ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES INCURRED
DURING THE PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   Frank Lorincz, the Chief Executive Officer of LFR Inc. ("Applicant"), hereby

certifies with respect to the Interim Fee Application of LFR Inc. For Allowance of Compensation

and for Reimbursement of Expenses for Services Rendered in these cases, for the period October

1, 2009 through January 31, 2010 (the "Application"), as follows:

A.  Certification

   1.  I am the "Certifying Professional" as defined in the Guidelines.  I have

read the Application, and certify that to the best of my knowledge, information and belief,

formed after reasonable inquiry, except as specifically indicated to the contrary, (a) the

Application complies with the Guidelines, (b) the fees and disbursements sought by Applicant

for this compensation period fall within the Guidelines, and (c) the fees and disbursements

sought by Applicant, except to the extent prohibited by the Guidelines, are billed at rates, and in

accordance with practices, customarily employed by Applicant and generally accepted by

Applicant's clients.

2.       Applicant provided the Debtors and the United States Trustee with a copy of the Application.

3.       No agreement or understanding exists between Applicant and any other person for a division of compensation herein, and no agreement prohibited by section 504 of the Bankruptcy Code (11 U.S.C. § 504) and Rule 2016 of the Bankruptcy Rules has been made.

B.       Compliance with Specific Guidelines Regarding Time Records

4.       To the best of my knowledge, information and belief, formed after reasonable inquiry, Applicant complies with all of the Guidelines as to the recording of time by Applicant's professionals.

C.       Description of Services Rendered

5.       I certify that the Application sets forth at the outset, in the accompanying summary schedules, as well as in the text of the Application:  (a) the amount of fees and disbursements sought, (b) the time period covered by the Application, (c) the total professional hours expended; and, further, that the schedules and the exhibits to the Application show (d) the name of each professional, with his or her position at Applicant, (e) the year that each professional was licensed to practice, where applicable, and (f) the hours worked by each professional.

D.       Reimbursement for Expenses and Services

6.       In connection with Applicant's request for reimbursement of out-of-pocket expenses, I certify to the best of my knowledge, information and belief, formed after a reasonable inquiry that:  (a) Applicant has not included in the amounts billed a profit in providing those services for which reimbursement is sought in the Application, (b) Applicant has not included in the amounts billed for such services any amounts for amortization of the cost of

any investment, equipment or capital outlay, and (c) amounts billed for purchases or services

from outside third-party vendors are billed in amounts paid by Applicant to such vendors.

       7.     I also certify to the best of my knowledge, information and belief, formed

after reasonable inquiry, the amounts requested in the Application for reimbursement of

expenses fully comply with the Guidelines.

Dated: March 15, 2010

                          /s/ Frank Lorincz
                          Frank Lorincz
                          Chief Executive Officer
                          LFR Inc.

EXHIBIT D

PROFESSIONAL HOURS BILLED PER EMPLOYEE

**Exhibit D**
**LFR, Inc. Case No.: 09-50026 (REG)**
**Summary of Fees by Professional**
**For the period of October 1, 2009 - January 31, 2009**

| Name of Proffessional Individual | Hourly Billing Rate During Fee Period | Total Hours Billed During Fee Period | Total Compensation Requested During Fee Period |
|---|---|---|---|
| Yee Lim, Mary | $ 62.00 | 0.50 | $ 31.00 |
| Aebie, Todd J. | $ 152.00 | 17.00 | $ 2,584.00 |
| Alessi, Timothy | $ 102.00 | 16.30 | $ 1,662.60 |
| Alkidas, Lauren | $ 137.00 | 122.90 | $ 16,837.30 |
| Amolsch, Amber | $ 102.00 | 6.20 | $ 632.40 |
| Anderson, Louise | $ 54.00 | 3.10 | $ 167.40 |
| Anderson, Robert | $ 200.00 | 12.40 | $ 2,480.00 |
| Arnett, Dale | $ 80.00 | 57.60 | $ 4,608.00 |
| Batchelder, Budd P. | $ 137.00 | 9.60 | $ 1,315.20 |
| Batten, Philip | $ 115.00 | 2.00 | $ 230.00 |
| Baxter, Jonathon | $ 102.00 | 22.00 | $ 2,244.00 |
| Begnoche, Allyn | $ 102.00 | 4.00 | $ 408.00 |
| Bell, Caitlin H. | $ 115.00 | 230.80 | $ 26,542.00 |
| Bernhard, Karen | $ 115.00 | 0.90 | $ 103.50 |
| Brunt, Lawrence G. | $ 200.00 | 0.50 | $ 100.00 |
| Buc, Edmund | $ 200.00 | 12.40 | $ 2,480.00 |
| Caretsky, Steven D. | $ 200.00 | 1.00 | $ 200.00 |
| Casaletta, Robert | $ 168.00 | 1.00 | $ 168.00 |
| Chamberlain, Denise | $ 200.00 | 3.80 | $ 760.00 |
| Chapman, Marcie | $ 54.00 | 5.50 | $ 297.00 |
| Cherbonneau, Cynthia | $ 94.00 | 34.90 | $ 3,280.60 |
| Cherry, Eric | $ 115.00 | 98.90 | $ 11,373.50 |
| Church, Jenny M. | $ 62.00 | 4.00 | $ 248.00 |
| Coffey, Lisa | $ 200.00 | 115.60 | $ 23,120.00 |
| Collins, Richard | $ 200.00 | 2.20 | $ 440.00 |
| Cramer, Mary Lou | $ 115.00 | 1.70 | $ 195.50 |
| Cridge, Todd | $ 137.00 | 19.00 | $ 2,603.00 |
| Cross, Bradley | $ 200.00 | 69.00 | $ 13,800.00 |
| Curry, Patrick | $ 137.00 | 70.10 | $ 9,603.70 |
| Darby, Joseph | $ 200.00 | 1.90 | $ 380.00 |
| Dentch, Christopher B. | $ 137.00 | 22.80 | $ 3,123.60 |
| Dorn, Ryan | $ 115.00 | 33.90 | $ 3,898.50 |
| Drain, Sean D. | $ 102.00 | 9.30 | $ 948.60 |
| Duffy, Thomas W. | $ 89.00 | 39.50 | $ 3,515.50 |
| Ebihara, Tatsuji | $ 168.00 | 9.10 | $ 1,528.80 |

| Name of Proffessional Individual | Hourly Billing Rate During Fee Period | Total Hours Billed During Fee Period | Total Compensation Requested During Fee Period |
|---|---|---|---|
| Eenigenburg, Landon | $ 115.00 | 80.80 | $ 9,292.00 |
| Ellis, Robert | $ 115.00 | 2.50 | $ 287.50 |
| Ferree, Robert | $ 200.00 | 4.00 | $ 800.00 |
| Filipiak, Scott | $ 80.00 | 56.20 | $ 4,496.00 |
| Fisher, Sarah | $ 152.00 | 74.60 | $ 11,339.20 |
| Foos, Patrick | $ 115.00 | 2.50 | $ 287.50 |
| Forsberg, Robert | $ 168.00 | 3.40 | $ 571.20 |
| Gaito, Steven T. | $ 137.00 | 397.00 | $ 54,389.00 |
| | $ 152.00 | 392.00 | $ 59,584.00 |
| Gastineau-Lyons, Hea | $ 152.00 | 2.10 | $ 319.20 |
| Gerber, David | $ 200.00 | 20.50 | $ 4,100.00 |
| Gillotti, Nancy | $ 168.00 | 161.40 | $ 27,115.20 |
| Goerlich, Rolf W. | $ 102.00 | 5.50 | $ 561.00 |
| Goloubow, Ronald | $ 184.00 | 28.90 | $ 5,317.60 |
| Gress, Matthew | $ 84.00 | 22.00 | $ 1,848.00 |
| Hagan, Marcus | $ 80.00 | 11.00 | $ 880.00 |
| Haines, Cheryl L. | $ 168.00 | 1.50 | $ 252.00 |
| Hamann, Martin E. | $ 200.00 | 3.30 | $ 660.00 |
| Henke, Chrystal D. | $ 152.00 | 16.70 | $ 2,538.40 |
| Herman, Megan | $ 102.00 | 12.70 | $ 1,295.40 |
| Hoeksema, Amy | $ 168.00 | 52.00 | $ 8,736.00 |
| Hoerstein, David | $ 102.00 | 41.00 | $ 4,182.00 |
| Holt, Zachary D. | $ 115.00 | 8.50 | $ 977.50 |
| Hunt,Joel | $ 200.00 | 65.20 | $ 13,040.00 |
| Jeffers, Cindy | $ 54.00 | 9.40 | $ 507.60 |
| Kaiding, Derek | $ 168.00 | 44.30 | $ 7,442.40 |
| Kapp, Raymond | $ 168.00 | 273.60 | $ 45,964.80 |
| Koons, Brad | $ 115.00 | 187.50 | $ 21,562.50 |
| Korik, Andrew | $ 152.00 | 5.90 | $ 896.80 |
| Kowalski, Richard G. | $ 184.00 | 591.30 | $ 108,799.20 |
| Krane, Jerry | $ 80.00 | 73.00 | $ 5,840.00 |
| Kuhnel, Vit | $ 184.00 | 21.80 | $ 4,011.20 |
| Kull, Valerie | $ 137.00 | 5.00 | $ 685.00 |
| Lannen, Sheila | $ 54.00 | 39.20 | $ 2,116.80 |
| Lim, Koi-Ling | $ 115.00 | 26.9 | $ 3,093.50 |
| Limbers, Timothy L. | $ 200.00 | 31.5 | $ 6,300.00 |
| Lindsay, Douglas M. | $ 168.00 | 8.9 | $ 1,495.20 |
| Lorincz, Frank | $ 335.00 | 14.7 | $ 4,924.50 |
| Lutes, Christopher | $ 200.00 | 7.9 | $ 1,580.00 |
| Lutes, Christopher C. | $ 200.00 | 2.3 | $ 460.00 |
| Macadam, Alec | $ 115.00 | 175.5 | $ 20,182.50 |

| Name of Proffessional Individual | Hourly Billing Rate During Fee Period | Total Hours Billed During Fee Period | Total Compensation Requested During Fee Period |
|---|---|---|---|
| Maier, Matthew J. | $ 168.00 | 34 | $ 5,712.00 |
| Maki, Micki | $ 137.00 | 22.1 | $ 3,027.70 |
| Mall,  Richard R. | $ 168.00 | 8.6 | $ 1,444.80 |
| Manzo, David | $ 152.00 | 94.3 | $ 14,333.60 |
| Mark Gravelding | $ 200.00 | 10 | $ 2,000.00 |
| Martin, Michelle | $ 54.00 | 4.4 | $ 237.60 |
| May, Wesley | $ 115.00 | 29.2 | $ 3,358.00 |
| McBurney, Lowell | $ 200.00 | 369.2 | $ 73,840.00 |
| McCarthy, Daniel | $ 200.00 | 0.5 | $ 100.00 |
| McFadden, Stacey Lee | $ 168.00 | 0.5 | $ 84.00 |
| McKenna, John | $ 168.00 | 147.6 | $ 24,796.80 |
| Messinger, John | $ 168.00 | 144.7 | $ 24,309.60 |
| Michael C. Jones | $ 200.00 | 1 | $ 200.00 |
| Molina, Jospeh | $ 200.00 | 111.5 | $ 22,300.00 |
| Monteith, Michael D. | $ 184.00 | 1.3 | $ 239.20 |
| Mullen, Thomas F. | $ 168.00 | 1.3 | $ 218.40 |
| Nelson, Denice | $ 200.00 | 4.8 | $ 960.00 |
| Nelson-Kalmes, Trika | $ 115.00 | 70.9 | $ 8,153.50 |
| Nesky, Michael Paul | $ 168.00 | 7.7 | $ 1,293.60 |
| Nichols, Eric | $ 200.00 | 3 | $ 600.00 |
| Oesterreich, Ryan | $ 102.00 | 53.2 | $ 5,426.40 |
| Olson, Glenn A. | $ 200.00 | 1.6 | $ 320.00 |
| Orlandea, Marcela | $ 115.00 | 1 | $ 115.00 |
| Overs, Edwin | $ 200.00 | 1.5 | $ 300.00 |
| Panhorst, Eric | $ 115.00 | 4.5 | $ 517.50 |
| Payne, Frederick | $ 54.00 | 1 | $ 54.00 |
|  | $ 200.00 | 28 | $ 5,600.00 |
| Pearson, Korey | $ 115.00 | 10 | $ 1,150.00 |
| Peckens, Adam | $ 115.00 | 97.4 | $ 11,201.00 |
| Pedersen, Brian S. | $ 168.00 | 76.2 | $ 12,801.60 |
| Penniman, Dawn | $ 152.00 | 4.8 | $ 729.60 |
| Peters, Christopher | $ 200.00 | 18 | $ 3,600.00 |
| Polter, David | $ 200.00 | 2.2 | $ 440.00 |
| Posenauer, Lisa | $ 84.00 | 0.5 | $ 42.00 |
| Powers, Amy | $ 54.00 | 16.7 | $ 901.80 |
| Putnam, Lauren | $ 102.00 | 1.5 | $ 153.00' |
| Quinnan, Joseoh | $ 200.00 | 43.9 | $ 8,780.00 |
| Rachel R. Saari | $ 152.00 | 2 | $ 304.00 |
| Rao, Harish | $ 184.00 | 67.4 | $ 12,401.60 |
| Richard L. Studebaker | $ 200.00 | 1.2 | $ 240.00 |
| Robbenbolt, Rebecca | $ 102.00 | 1.1 | $ 112.20 |

| Name of Proffessional Individual | Hourly Billing Rate During Fee Period | Total Hours Billed During Fee Period | Total Compensation Requested During Fee Period |
|---|---|---|---|
| Robbennbolt, Rebecca | $ 102.00 | 1.3 | $ 132.60 |
| Robertson, Jo Ann | $ 115.00 | 48 | $ 5,520.00 |
| Rodriguez, Miguel A. | $ 102.00 | 21 | $ 2,142.00 |
| Rothchild, Alexander | $ 200.00 | 178.75 | $ 35,750.00 |
| Rubis, Terri | $ 200.00 | 154.7 | $ 30,940.00 |
| Ruddiman, William | $ 184.00 | 6.4 | $ 1,177.60 |
| Ryan, Christopher | $ 102.00 | 30.6 | $ 3,121.20 |
| Saari Rachel | $ 152.00 | 2.5 | $ 380.00 |
| Sager, Eric D. | $ 168.00 | 13.9 | $ 2,335.20 |
| Saunders, Bradley | $ 168.00 | 72.7 | $ 12,213.60 |
| Schilling, Suzette | $ 137.00 | 3.5 | $ 479.50 |
| Schnobrich, Matthew | $ 115.00 | 11.8 | $ 1,357.00 |
| Schoen, Toni | $ 137.00 | 26.7 | $ 3,657.90 |
| Seidel, Christian | $ 137.00 | 24.5 | $ 3,356.50 |
| Smith, Antonio | $ 84.00 | 14.4 | $ 1,209.60 |
| Smith, Jonathon | $ 115.00 | 81.6 | $ 9,384.00 |
| Smith, Robert | $ 115.00 | 6.8 | $ 782.00 |
| Snyder, Cody | $ 52.00 | 0.415 | $ 21.58 |
|  | $ 54.00 | 5.4 | $ 291.60 |
| Stone, Brian | $ 115.00 | 3.5 | $ 402.50 |
| Stowell, Gerald | $ 137.00 | 6 | $ 822.00 |
| Stromberg, Rick | $ 200.00 | 94.2 | $ 18,840.00 |
| Stuk, Matthew | $ 168.00 | 2 | $ 336.00 |
| Sullivan, Richard W. | $ 184.00 | 88 | $ 16,192.00 |
| Thomas, Michael | $ 200.00 | 0.5 | $ 100.00 |
| Thompson, David L. | $ 168.00 | 6.4 | $ 1,075.20 |
| Tobia, Richard J. | $ 168.00 | 2.9 | $ 487.20 |
| Trask, Jennine Cota | $ 115.00 | 0.4 | $ 46.00 |
| Troschnetz, Alexis | $ 102.00 | 141 | $ 14,382.00 |
| Tuttle, Ryan | $ 115.00 | 0.5 | $ 57.50 |
| Varely, Kenneth | $ 115.00 | 1.5 | $ 172.50 |
| Walko, Shirley | $ 54.00 | 0.8 | $ 43.20 |
| Weinberg, Nadine | $ 200.00 | 2.3 | $ 460.00 |
| White, Keith | $ 200.00 | 3 | $ 600.00 |
| Wilson, Kevin | $ 115.00 | 100 | $ 11,500.00 |
| Woodward, Mark | $ 115.00 | 6.4 | $ 736.00 |
| Yarbrough, Tobi | $ 115.00 | 33.6 | $ 3,864.00 |
| Zellmer, Gregory | $ 115.00 | 62.1 | $ 7,141.50 |
|  |  | 6,805.77 | $ 1,034,548.38 |

EXHIBIT E


SUMMARY OF EXPENSES

**EXHIBIT E**

**LFR, Inc. Case No.: 09-50026 (REG)**

**Summary of Expenses by Category by Month**

**For the period of October 1, 2009 - January 31, 2010**

| Expense Category | Oct 1, 2009 - Oct 25, 2009 | Oct 26,2009 - Nov 22,2009 | Nov 23,2009 - Dec 27, 2009 | Dec 28, 2009 - Jan 31, 2010 |
|---|---|---|---|---|
| Materials/Supplies | $ 1,495.00 | $ 172.56 | $ 1,893.05 | $ 1,097.76 |
| Telephone/Telcom | $ 11.27 | $ 925.46 | $ 2,474.25 | $ 1,319.05 |
| Postage/Delivery | $ 165.74 | $ 271.07 | $ 103.26 | $ 144.06 |
| Equipment Rental | $ 177.00 | $ 177.00 | $ 225.00 | $ 248.00 |
| Permits/Fees | $ - | $ - | $ - | $ - |
| Air Fare | $ - | $ 1,848.10 | $ 3,557.93 | $ 2,287.43 |
| Car Rental | $ - | $ 671.96 | $ 252.10 | $ 545.36 |
| Tolls Parking/Rental Car | $ - | $ 102.41 | $ 386.29 | $ 248.10 |
| Lodging | $ - | $ 1,736.34 | $ 1,652.66 | $ 1,627.31 |
| Meals | $ - | $ 362.47 | $ 271.97 | $ 324.38 |
| Employee Mileage | $ - | $ 455.40 | $ 132.00 | $ 403.92 |
| Subcontractors | $ 47,921.83 | $ 16,036.75 | $ - | $ 90,889.77 |
| Misc Expense | $ 41.34 | $ - | $ - | $ 74.99 |
| **Total** | **$ 49,812.18** | **$ 22,759.52** | **$ 10,948.51** | **$ 99,210.13** |
| | | | | **$ 182,730.34** |

EXHIBIT F

SUMMARY OF HOURS AND FEES BY CATEGORY

**EXHIBIT F**
**Summary of Hours and Fees by Month**
**For the period of October 1, 2009 - January 31, 2010**

| Category | Catergory Description | Oct 1, 2009 - Oct 25, 2009 | | Oct 26, 2009 - Nov 22, 2009 | |
|---|---|---|---|---|---|
| | | Hours | Fees | Hours | Fees |
| 10 | Document Preparation | 33.20 | $ 5,409.50 | 73.90 | $ 12,538.40 |
| 20 | Document Review | 183.10 | $ 30,779.80 | 99.15 | $ 16,662.20 |
| 30 | Costing | 247.50 | $ 41,774.60 | 78.20 | $ 12,518.40 |
| 40 | Data Management | 758.52 | $ 120,292.50 | 651.20 | $ 107,890.70 |
| | **Totals** | 1222.32 | $ 198,256.40 | 902.45 | $ 149,609.70 |

| Category | Catergory Description | Nov 23, 2009 - Dec 27, 2009 | | Dec 28, 2009 - Jan 31, 2010 | | Totals by Category | |
|---|---|---|---|---|---|---|---|
| | | Hours | Fees | Hours | Fees | Hours | Fees |
| 10 | Document Preparation | 129.10 | $ 21,812.50 | 156.00 | $ 19,095.50 | 392.20 | $ 58,855.90 |
| 20 | Document Review | 98.10 | $ 16,769.50 | 287.40 | $ 46,160.40 | 667.75 | $ 110,371.90 |
| 30 | Costing | 56.60 | $ 10,000.70 | 157.20 | $ 25,043.50 | 539.50 | $ 89,337.20 |
| 40 | Data Management | 856.90 | $ 147,330.50 | 2939.70 | $ 400,469.70 | 5206.32 | $ 775,983.40 |
| | **Totals** | 1140.7 | $ 195,913.20 | 3540.3 | $ 490,769.10 | 6805.77 | $ 1,034,548.40 |