**Hearing Date and Time: April 8, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: April 1, 2010 at 4:00 p.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             )
In re                                                        )          Chapter 11
                                                             )
MOTORS LIQUIDATION COMPANY, *et al.*,                        )          Case No. 09-50026 (REG)
                                                             )
      f/k/a General Motors Corp., *et al.*                   )
                                                             )
                                          Debtors.           )          (Jointly Administered)
-------------------------------------------------------------X

**NOTICE OF HEARING ON APPLICATION OF DEAN M. TRAFELET**
**AS PROPOSED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL**
**INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL**
<u>**AS OF FEBRUARY 24, 2010**</u>

PLEASE TAKE NOTICE that upon the annexed Application, dated March 16, 2010 (the

"**Application**"), of Dean M. Trafelet as proposed legal representative for future asbestos

personal injury claimants (the "**Future Claimants' Representative**") to employ Stutzman,

Bromberg, Esserman & Plifka, A Professional Corporation, as his counsel as of February 24,

2010, all as more fully set forth in the Application, a hearing will be held before the Honorable

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York, 10004, on **April 8, 2010 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel

may be heard.

      PLEASE TAKE FURTHER NOTICE that any responses or objections to the Application

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format (with a hard copy delivered directly to Chambers), in

accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and

served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243

(Attn: Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan

48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center, New York, New

York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury,

1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein,

Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas

Moers Mayer, Esq., Amy Caton, Esq., Adam C. Rogoff, Esq., and Gregory G. Plotko, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y. 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Matthew L. Schwartz, Esq.); (x) Dean M. Trafelet, 50 West

Schiller, Chicago, Illinois 60610, and (xi) Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation, proposed attorneys for the Future Claimants' Representative, so as to

be received no later than **April 1, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served

with respect to the Application, the Future Claimants' Representative may, on or after the

Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Application, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: March 16, 2010
      Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

**Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for
Future Asbestos Personal Injury Claimants**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            )
In re                                                       )        Chapter 11
                                                            )
MOTORS LIQUIDATION COMPANY, *et al.,*                       )        Case No. 09-50026 (REG)
                                                            )
        f/k/a General Motors Corp., *et al.*                )
                                                            )
                                        Debtors.            )        (Jointly Administered)
------------------------------------------------------------X

**APPLICATION OF DEAN M. TRAFELET**
**AS PROPOSED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL**
**INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL**
**<u>AS OF FEBRUARY 24, 2010</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Dean M. Trafelet (the "**Future Claimants' Representative**"), as the proposed legal

representative for holders of future asbestos personal injury claims against the debtors ("**Future**

**Claimants**") in the above-captioned jointly administered chapter 11 case, submits this

application (the "**Application**") for an order, pursuant to sections 105, 327 and 1103 of the

United States Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Local Bankruptcy Rule 2014-1, authorizing the Future Claimants'

Representative to retain and employ Stutzman, Bromberg, Esserman & Plifka, A Professional

Corporation ("**SBEP**") as his bankruptcy counsel effective as of February 24, 2010 and

respectfully submits as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §

157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Application is subject to the provisions of 11 U.S.C. §§ 105, 327(a), 328 and

1103, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) ("**MLC**") and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

4.      MLC has historically incurred some liability for asbestos-related personal injury

claims.  Prior to the Petition Date, a number of lawsuits asserting asbestos personal injury claims

were pending against MLC.

5.      As this Court is aware, due to the long-latency periods associated with exposure

to asbestos containing-products, several or many years can elapse between the time of exposure

and the time an individual manifests an asbestos-related disease.  Thus, it is expected that there

are individuals who were exposed to asbestos-containing products in the past that have not yet

manifested a disease, but may do so in the future.  Some of these Future Claimants may have

2

claims against the Debtors, but because they currently do not show symptoms of an asbestos-related disease are not in a position to assert such claims at this time.

6.      As outlined in the Debtors' motion seeking the appointment of the Future Claimants' Representative, the Debtors intend to provide treatment for these Future Claimants in a chapter 11 plan in this case.  Although the Debtors do not intend to seek an injunction under Section 524(g) of the Bankruptcy Code, they do intend to submit a plan that provides for the establishment of a trust to pay present and future asbestos-related personal injury claims.  The trust will receive its ratable share of the consideration to be distributed to allowed general unsecured claims.  The trust will have the sole responsibility for making distributions to holders of present and future asbestos-related personal injury claims, in full settlement, satisfaction and discharge thereof.  It is intended that all liability for present and future asbestos-related personal injury claims will lie with the trust and the Debtors shall have no further liability or responsibility for such claims.

7.      Because the Debtors seek to propose a plan that will provide treatment for present and future asbestos-related personal injury claims, it is appropriate for the Future Claimants to have their interests represented.  Consequently, on March 9, 2010, the Debtors filed their Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants (the "Motion to Appoint") [Docket No. 5214] asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of Future Claimants in connection with the formulation, negotiation and confirmation of a plan of reorganization for the Debtors.

## RELIEF REQUESTED

8.      In connection with his fiduciary duties to the Future Claimants that he will

represent, the Future Claimants' Representative, pursuant to this Application, requests entry of

an order authorizing him to employ the law firm of Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation as his counsel, effective as of February 24, 2010.  A proposed order

granting this Application is annexed hereto as **Exhibit "A."**

## BASIS FOR RELIEF REQUESTED

9.      On March 9, 2010, the Debtors filed the Motion to Appoint requesting that the

Court enter an order appointing Mr. Trafelet as the Future Claimants' Representative in this case

and authorizing him to employ attorneys and other professionals consistent with sections 105,

327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court.

10.      Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's
> approval, may employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or represent an interest
> adverse to the estate, and that are disinterested persons, to represent or assist the
> trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

11.      Further, section 105(a) of the Bankruptcy Code provides, in relevant part, as

follows:

> The court may issue an order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title.  No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders or
> rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

12.     Section 1103(a) of the Bankruptcy Code authorizes a committee, with the court's approval, to select and employ "one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a).

13.     Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.  The application shall be filed and … a copy of the application shall be transmitted by the applicant to the United States trustee.  The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

14.     In other chapter 11 cases, legal representatives for future claimants have been authorized to retain counsel to assist them in performing their duties in the bankruptcy proceedings.  See, e.g., In re T H Agriculture & Nutrition, L.L.C., Ch. 11 Case No. 08-14692 (REG) (Bankr. S.D.N.Y. 2008);  In re ASARCO, LLC, Ch. 11 Case No. 05-21207 (RSS) (Bankr. S.D. Tex. 2005); In re Quigley Company, Inc., Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004); In re Johns-Manville Corp., Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. 1984); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re The Babcock & Wilcox Co., Ch. 11 Case No. 00-10992 (Bankr. E.D. La. 2000); In re Clemtex, Inc., Ch. 11 Case No. 01-21794 (Bankr. S.D. Tex. 2001); In re Kaiser Aluminum Corp., Ch. 11 Case No. 02-10429 (Bankr. D. Del. 2002).

15.    The Future Claimants' Representative seeks to retain SBEP to represent him in this chapter 11 case as his bankruptcy counsel because SBEP has extensive experience and knowledge in the field of corporate reorganization and debtors' and creditors' rights.  In particular, SBEP has significant expertise in bankruptcy cases involving mass tort liabilities such as this case.  Sander L. Esserman, a shareholder of SBEP and its president, was the court-appointed Legal Representative for Future Asbestos Claimants in the administratively consolidated cases of In re National Gypsum Company, Ch. 11 Case No. 390-37213 (SAF) (Bankr. N.D. Tex. 1990) and In re Aancor Holdings Company, Case No. 390-37214 (SAF) (Bankr. N.D. Tex. 1990).  Mr. Esserman also served as the Legal Representative for Future Asbestos Claimants in In re Asbestos Claims Management Corp., Ch. 11 Case No. 02-37124 (SAF) (Bankr. N.D. Tex. 2002) and continues to serve in that capacity with respect to the 524(g) trust that was established in that case.  SBEP represented, and continues to represent, Mr. Esserman in his role as Legal Representative in that case.  SBEP also served as bankruptcy counsel to the future claimants' representative in the case of T H Agriculture & Nutrition, L.L.C., Ch. 11, Case No. 08-14692 (REG) (Bankr. S.D.N.Y. 2008).  In addition, SBEP served as counsel to the Official Committee of Asbestos Claimants in the jointly-administered case of In re ASARCO LLC, et al., Ch. 11 Case No. 05-21207 (RSS) (Bankr. S.D. Tex. 2005).  SBEP has served as counsel for various debtors, creditors' committees, unsecured and/or secured creditors, in numerous other reorganization cases.  In addition, SBEP serves as general counsel to numerous trusts established under section 524(g) and other provisions of the Bankruptcy Code.  SBEP also has considerable experience in general corporate, real estate, litigation and tax matters and, as a result of its prior and current representations, has developed considerable expertise in

6

matters that may be important in this case.  For the foregoing reasons, the Future Claimants'

Representative believes that SBEP is well qualified to represent him in this chapter 11 case.

## SERVICES TO BE PROVIDED AND PROFESSIONAL COMPENSATION

16.    Subject to further orders of this Court, SBEP will render the following services,

among others, to the Future Claimants' Representative, to enable the Future Claimants'

Representative to execute his duties and responsibilities in connection with this chapter 11 case:

a.    Advising the Future Claimants' Representative with respect to his rights and obligations as Future Claimants' Representative for the future claimants and regarding other matters of bankruptcy law;

b.    Taking any and all actions necessary to protect and maximize the value of the Debtors' estate for the purpose of making distributions to future claimants and to represent the Future Claimants' Representative in connection with negotiating, drafting, confirming and implementing a plan of reorganization, and performing such other functions as are reasonably necessary to effectively represent the interests of the future claimants;

c.    Preparing, on behalf of the Future Claimants' Representative, necessary applications, motions, objections, answers, orders, reports and other legal papers in connection with the administration of the estate in this chapter 11 case;

d.    Representing the Future Claimants' Representative at any proceeding or hearing before the Court and in any action in any other court where future claimants' rights or interests may be litigated or affected; and

e.    Performing any other legal services and other support requested by the Future Claimants' Representative in connection with this chapter 11 case.

17.    SBEP has agreed to represent the Future Claimants' Representative in all of these

respects at a fee commensurate with its normal hourly rates, which are currently in the range

from $250.00 to $725.00 per hour for attorneys, and $95.00 to $175.00 per hour for paralegals.

The hourly rates for the attorneys and paralegals currently contemplated to provide services in

this case are as follows:

| | | |
|---|---|---|
| Steven A. Felsenthal | Shareholder | $725.00 |
| Sander L. Esserman | Shareholder | $725.00 |
| Robert T. Brousseau | Shareholder | $550.00 |
| Peter C. D'Apice | Shareholder | $525.00 |
| David A. Klingler | Shareholder | $425.00 |
| Jacob L. Newton | Shareholder | $425.00 |
| Jo E. Hartwick | Shareholder | $395.00 |
| Andrea L. Ducayet | Shareholder | $385.00 |
| David J. Parsons | Associate | $385.00 |
| Wiliam LePage | Associate | $375.00 |
| Cliff I. Taylor | Associate | $375.00 |
| Terrie D. Khoshbin | Associate | $325.00 |
| Briana L. Cioni | Associate | $300.00 |
| Heather J. Panko | Associate | $300.00 |
| Rachael L. Stringer | Associate | $250.00 |
| Cindy L. Jeffery | Paralegal | $175.00 |
| Heather Kennedy | Paralegal | $175.00 |
| Rosalinda Guerra | Paralegal | $165.00 |
| Melanie R. Fain | Paralegal | $95.00 |
| Gina Silva | Paralegal | $95.00 |

SBEP intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and

orders of this Court, including this Court's August 7, 2009 Order Pursuant to 11 U.S.C. §§

105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (the "**Interim Compensation Order**").

18.    SBEP's rates are subject to periodic adjustment, generally effective as of January

1 of each year, to reflect economic, experience and other similar factors.  It is SBEP's policy to

charge its clients for expenses incurred in connection with the client's case.  Permissible

reimbursable costs and disbursements shall include, without limitation, the reasonable costs of

photocopying, Federal Express or other overnight delivery, telephone, facsimile, messenger,

business-class travel, and other customary charges.  SBEP will charge for expenses incurred in a

manner and at rates consistent with charges made generally to SBEP's other clients.  The Future

Claimants' Representative believes that these agreed rates of compensation are reasonable.

19.    SBEP understands that allowance of its fees and expenses in this chapter 11 case

will be subject to the requirements of sections 328, 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules and the Interim Compensation Order.

## SBEP'S DISINTERESTEDNESS

20.    To the best of the Future Claimants' Representative's knowledge, the

shareholders and associates of SBEP, do not have any connection with or any interest adverse to

the Debtors, their creditors, or any other party in interest, or their respective attorneys and

accountants, the United States Trustee or any person employed by the United States Trustee

except as may be set forth  below and in the Declaration of Sander L. Esserman, annexed hereto

as **Exhibit "B,"**and is "disinterested," as that term is defined under section 101(14) of the

Bankruptcy Code, for the purpose of representing the Future Claimants' Representative in this

chapter 11 case.

21.     In connection with this case, SBEP formerly served as counsel to the Ad Hoc Committee of Asbestos Personal Injury Claimants (the "**Ad Hoc Committee**").[1]  SBEP has resigned as counsel to the Ad Hoc Committee and the, to the extent necessary, the members of the Ad Hoc Committee and I have agreed to waive any conflict(s) in connection with SBEP's representation of the Future Claimants' Representative.  Because SBEP no longer represents the Ad Hoc Committee, the Future Claimants' Representative, to the extent necessary, respectfully requests entry of an order approving SBEP's withdrawal as counsel to the Ad Hoc Committee so that it may proceed with its representation of the Future Claimants' Representative in this case.

22.     SBEP is currently representing, or has represented in the past, the following plaintiff law firms in other chapter 11 cases, none of which is related to the Debtors or the Debtors' chapter 11 case:  Baron & Budd; Reaud, Morgan & Quinn; Provost & Umphrey Law Firm; Silber Pearlman; Heard, Robins, Cloud & Lubel; G. Patterson Keahey PC; Weitz & Luxenberg; Hissey Kientz LLP; Hissey, Kientz & Herron, PLLC; Kaeske Law Firm; LeBlanc & Waddell, LLP; The David Law Firm; Brent Coon & Associates; Williams Bailey Law Firm; Campbell Cherry Harrison Davis & Dove; Ryan A. Foster & Associates; Brayton Purcell; Kazan, McClain, Abrams, Lyons, Farrise & Greenwood; Simmons Cooper, LLC; Williams, Kherkher, Hart & Boundas, LLP; Belluck & Fox, LLP; David M. Lipman, L.P.; Motley Rice, LLC; The Law Offices of Peter G. Angelos; Morris, Sakalarios & Blackwell; The Shein Law Center; Thornton & Naumes, LLP; Waters & Kraus, LLP; Wilentz, Goldman & Spitzer, PC; Norris & Phelps, P.C.; Early Ludwick & Sweeney and Early & Strauss; Law Offices of Pat

---

[1] The members of the Ad Hoc Committee and their counsel are as follows: Terry Roth represented by Al Brayton of Brayton Prucell, LLP; William J. Lewis represented by Robert Phillips of The Simmons Law Firm; Maureen Tavaglione represented by Peter Kraus of Waters & Kraus; Jene Moore represented by James Early of Early, Ludwick, Sweeney & Strauss, LLC; Edward Levitch represented by Dean Hanley of Paul & Hanley LLP; and Kenneth Knight represented by Mark Lanier of The Lanier Law Firm PLLC.  Steve Kazan of Kazan, McClain, Lyons, Greenwood & Harley, A Professional Corporation and Mark Buttita represented by John Cooney of Cooney & Conway serve as *ex officio* members of the Ad Hoc Committee.

Keahey; Paul & Hanley, LLP; Cooney & Conway; The Calwell Practice, PLLC and James F.

Humphreys & Associates, L.C.  SBEP discloses that it may have represented and may currently

represent other plaintiff law firms that may currently (or in the future) represent claimants with

claims against the Debtors (or in the future, against any trust to be established pursuant to a

confirmed plan of reorganization to satisfy such claims).  SBEP's representation of these firms or

of their clients does not relate to or involve, and will not relate to or involve, any matter

concerning the Debtors in this case or any other matter relating to this case.

23.    SBEP has undertaken no representation of any asbestos plaintiff in prosecution

and trial of his or her actual asbestos-related damage claims; SBEP's representation of these

various plaintiff law firms has been related to the actual or anticipated bankruptcies of various

defendants in asbestos personal injury suits or other mass torts.

24.    SBEP also serves as general counsel to the following trusts established pursuant

to section 524(g) of the Bankruptcy Code:  T H Agriculture & Nutrition, L.L.C. Asbestos

Personal Injury Trust; ASARCO Asbestos Personal Injury Settlement Trust; Combustion

Engineering 524(g) Asbestos PI Trust; ABB Lummus Global Inc. 524(g) Asbestos PI Trust;

Swan Asbestos and Silica Settlement Trust; J T Thorpe Company Successor Trust; and Utex

Industries, Inc. Successor Trust.  SBEP also serves as general counsel to the yet to be formed

North American Refractories Company Asbestos Personal Injury Settlement Trust.  In addition,

SBEP represents the following trusts formed under section 105 of the Bankruptcy Code: Clemtex

Silica Settlement Trust and the WCI Chinese Drywall Property Damage and Personal Injury

Settlement Trust.  SBEP's representation of the trusts listed in this paragraph do not relate to or

involve, and will not relate to or involve, any matter concerning the Debtors in this case or any

other matter relating to this case.

25.     In the opinion of the Future Claimants' Representative, the employment of SBEP

as his counsel herein is in the best interest of the Debtors, their estates and creditors as well as in

the best interest of the Future Claimants.

26.     No prior application for the relief sought herein has been made to this or any other

court.

## NOTICE

27.     Notice of this Application has been provided to parties in interest in accordance

with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007

Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629].

The Future Claimants' Representative submits that such notice is sufficient and no other or

further notice need be provided.

WHEREFORE, the Future Claimants' Representative respectfully requests that the Court

enter an order authorizing him to retain and employ Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation, as his counsel as of the date of February 24, 2010, approving

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation's withdrawal as counsel

for the Ad Hoc Committee of Asbestos Personal Injury Claimants, and granting such other and

further relief as is just.


Dated: March 16, 2010                    /s/     Dean M. Trafelet
       New York, New York                        Dean M. Trafelet

                                         PROPOSED LEGAL REPRESENTATIVE
                                         FOR FUTURE ASBESTOS PERSONAL
                                         INJURY CLAIMANTS

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                        )

In re                                 )          Chapter 11
                                          )

MOTORS LIQUIDATION COMPANY, *et al.,*   )      Case No. 09-50026 (REG)
                                          )

    f/k/a General Motors Corp., *et al.*       )

                                          )

                       Debtors.     )      (Jointly Administered)
---------------------------------------------------------------X

## ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL AS OF FEBRUARY 24, 2010

Upon the Application, dated March 16, 2010 (the "**Application**"),[1] of Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**"), as attorney for the Future Claimants' Representative, effective as February 24, 2010; and upon the Declaration of Sander L. Esserman, a shareholder of SBEP, attached to the Application as Exhibit A (the "**Esserman Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Esserman Declaration, that SBEP is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code and that SBEP represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Sections 105(a), 327(a) and 1103 of the Bankruptcy Code

and Bankruptcy Rule 2014(a), the Future Claimants' Representative is authorized to employ and

retain SBEP as his counsel in this chapter 11 case in accordance with SBEP's normal hourly

rates and disbursement policies, all as contemplated by the Application, effective as of February

24, 2010; and SBEP's withdrawal as counsel to the Ad Hoc Committee of Asbestos Claimants is

approved; and it is further

ORDERED that SBEP shall be compensated in accordance with the procedures set forth

in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Order Pursuant

to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals, entered by this Court on

August 7, 2009, or such other orders as may be entered by the Court with respect to

compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed

good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:  New York, New York
        _____, 2010

                                        _____
                                        ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Declaration of Sander L. Esserman**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                    )
In re                                               )          Chapter 11
                                                    )
MOTORS LIQUIDATION COMPANY, *et al.,*    )          Case No. 09-50026 (REG)
                                                    )
     f/k/a General Motors Corp., *et al.*    )
                                                    )
                                    Debtors.    )          (Jointly Administered)
-------------------------------------------------------------X

**DECLARATION OF SANDER L. ESSERMAN**
**IN SUPPORT OF THE APPLICATION OF DEAN M. TRAFELET**
**AS PROPOSED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL**
**INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL**
**AS OF FEBRUARY 24, 2010**

I, Sander L. Esserman, do declare and say the following:

1.      I am an attorney in good standing, having been duly licensed to practice law by

the Supreme Court of Texas in 1976.  Since 1976, I have been continuously engaged in the

practice of law.  I am admitted to practice in the United States District Court for the Northern

District of Texas and the United States Courts of Appeals for the Second Circuit and Fifth

Circuit.  I am over the age of 18 years, and am competent and otherwise qualified to make this declaration.  Unless otherwise stated in this declaration (the "**Declaration**"), I have personal knowledge of the facts set forth herein.

2.      I am a shareholder and president of the law firm Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**" or the "**Firm**")[1], and I am authorized to make this Declaration on behalf of the Firm.  SBEP maintains offices for the practice of law at 2323 Bryan Street, Suite 2200, Dallas, Texas 75201.

3.      I have been admitted *pro hac vice* in these jointly-administered chapter 11 cases. The other attorneys of SBEP appearing in these cases are duly licensed to practice law in the State of Texas and have already been admitted *pro hac vice* in these cases, or will apply, as necessary, for admission *pro hac vice*.

4.      I submit this Declaration in support of the *Application of Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010* (the "**Application**") and pursuant to Federal Rule of Bankruptcy Procedure 2014(a).  I have read the Application and believe all of the matters asserted therein to be true and correct.

5.      SBEP has extensive experience and knowledge in the field of corporate reorganization and debtors' and creditors' rights.  In particular, SBEP has significant expertise in bankruptcy cases involving mass tort liabilities such as these cases.  I was the court-appointed Legal Representative for Future Asbestos Claimants in the administratively consolidated cases of In re National Gypsum Company, Ch. 11 Case No. 390-37213 (SAF) (Bankr. N.D. Tex. 1990) and In re Aancor Holdings Company, Case No. 390-37214 (SAF) (Bankr. N.D. Tex. 1990).  I

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

also served as the Legal Representative for Future Asbestos Claimants in In re Asbestos Claims

Management Corp., Ch. 11 Case No. 02-37124 (SAF) (Bankr. N.D. Tex. 2002) and continue to

serve in that capacity with respect to the 524(g) trust that was established in that case.  SBEP

represented, and continues to represent, me in my role as Legal Representative in that case.

SBEP also served as bankruptcy counsel to the future claimants' representative in the case of T

H Agriculture & Nutrition, L.L.C., Ch. 11, Case No. 08-14692 (REG) (Bankr. S.D.N.Y. 2008).

In addition, SBEP served as counsel to the Official Committee of Asbestos Claimants in the

jointly-administered case of In re ASARCO LLC, et al., Ch. 11 Case No. 05-21207 (RSS)

(Bankr. S.D. Tex. 2005).  SBEP has served as counsel for various debtors, creditors' committees,

unsecured and/or secured creditors, in numerous other reorganization cases.  In addition, SBEP

serves as general counsel to numerous trusts established under Section 524(g) and other

provisions of the Bankruptcy Code.  SBEP also has considerable experience in general corporate,

real estate, litigation and tax matters and, as a result of its prior and current representations, has

developed considerable expertise in matters that may be important in these cases.  As a result of

SBEP's considerable expertise in bankruptcy matters, the Future Claimants' Representative

selected SBEP to serve as his counsel in these cases.

      6.     To the best of my knowledge, SBEP does not hold or represent an interest that is

adverse to the Debtors' estates, is a disinterested person who does not hold or represent any

interest adverse to and has no connection (subject to the disclosures set forth below) with the

Debtors herein, their creditors, the U.S. Trustee or any party-in-interest herein in the matters

upon which SBEP is to be retained, and is therefore a "disinterested person" within the meaning

of Section 101(14) of the Bankruptcy Code, subject to the following disclosures:

      a.    Ad Hoc Committee of Asbestos Personal Injury Claimants – SBEP
             formerly served as counsel to the Ad Hoc Committee of Asbestos Personal

Injury Claimants (the "**Ad Hoc Committee**") in these cases.[2]  SBEP has resigned as counsel to the Ad Hoc Committee and, to the extent necessary, the Ad Hoc Committee and its members, as well as the Legal Representative for Future Asbestos Personal Injury Claimants in prospect, have agreed to waive any conflict(s) in connection with SBEP's representation of the Future Claimants' Representative.

b.    <u>Plaintiff Law Firms</u> - SBEP is currently representing, or has represented in the past, the following plaintiff law firms in other chapter 11 cases.  None of these representations is or was related to the Debtors or the Debtors' chapter 11 cases:

        Baron & Budd
        Reaud, Morgan & Quinn
        Provost & Umphrey Law Firm
        Silber Pearlman
        Heard, Robins, Cloud & Lubel
        G. Patterson Keahey PC
        Weitz & Luxenberg
        Hissey Kientz LLP
        Hissey, Kientz & Herron, PLLC
        Kaeske Law Firm
        LeBlanc & Waddell, LLP
        The David Law Firm
        Brent Coon & Associates
        Williams Bailey Law Firm
        Campbell Cherry Harrison Davis & Dove
        Ryan A. Foster & Associates
        Brayton Purcell, LLP
        Kazan, McClain, Abrams, Lyons, Farrise & Greenwood
        Simmons Cooper, LLC
        Williams, Kherkher, Hart & Boundas, LLP
        Belluck & Fox, LLP
        David M. Lipman, L.P.
        Motley Rice, LLC
        The Law Offices of Peter G. Angelos
        Morris, Sakalarios & Blackwell
        The Shein Law Center
        Thornton & Naumes, LLP
        Waters & Kraus, LLP

---

[2] The members of the Ad Hoc Committee and their counsel are as follows: Terry Roth represented by Al Brayton of Brayton Prucell, LLP; William J. Lewis represented by Robert Phillips of The Simmons Law Firm; Maureen Tavaglione represented by Peter Kraus of Waters & Kraus; Jene Moore represented by James Early of Early, Ludwick, Sweeney & Strauss, LLC; Edward Levitch represented by Dean Hanley of Paul & Hanley LLP; and Kenneth Knight represented by Mark Lanier of The Lanier Law Firm PLLC.  Steve Kazan of Kazan, McClain, Lyons, Greenwood & Harley, A Professional Corporation and Mark Buttita represented by John Cooney of Cooney & Conway serve as *ex officio* members of the Ad Hoc Committee.

Wilentz, Goldman & Spitzer, PC
Norris & Phelps, P.C.
Early Ludwick & Sweeney and Early & Strauss
Law Offices of Pat Keahey
Paul & Hanley, LLP
Cooney & Conway
The Calwell Practice, PLLC
James F. Humphreys & Associates, L.C.

SBEP discloses that it may have represented and may currently represent other plaintiff law firms that may currently (or in the future) represent claimants with claims against the Debtors (or in the future, against any trust to be established pursuant to a confirmed plan of reorganization to satisfy such claims). SBEP's representation of these firms or their clients does not relate to or involve, and will not relate to or involve, any matter concerning the Debtors in these cases or any other matter relating to these cases.

SBEP has undertaken no representation of any asbestos plaintiff in prosecution and trial of his or her actual asbestos-related damage claims; SBEP's representation of these various plaintiff law firms has been related to the actual or anticipated bankruptcies of various defendants in asbestos personal injury suits or other mass torts.

c.  <u>Asbestos and Other Personal Injury and Property Damage Trusts</u> - SBEP also serves as general counsel to the following trusts established pursuant to Section 524(g) of the Bankruptcy Code:

T H Agriculture & Nutrition, L.L.C. Asbestos Personal Injury Trust
ASARCO Asbestos Personal Injury Settlement Trust
Combustion Engineering 524(g) Asbestos PI Trust
ABB Lummus Global Inc. 524(g) Asbestos PI Trust
Swan Asbestos and Silica Settlement Trust
J T Thorpe Company Successor Trust
Utex Industries, Inc. Successor Trust

SBEP also serves as general counsel to the yet to be formed North American Refractories Company Asbestos Personal Injury Settlement Trust.

SBEP also represents the following trusts formed under Section 105 of the Bankruptcy Code:

Clemtex Silica Settlement Trust
WCI Chinese Drywall Property Damage and Personal Injury Settlement Trust

SBEP's representation of theses trusts does not relate to or involve, and will not relate to or involve, any matter concerning the Debtors in these cases or any other matter relating to these cases.

7.       The Debtors have numerous creditors and other parties-in-interest.  SBEP may have in the past represented, and may presently or in the future represent or be adverse to, creditors or parties-in-interest in addition to those specifically disclosed herein in matters unrelated to these cases.  SBEP believes that its representation of such creditors or other parties in such other matters has not and will not affect its representation of the Future Claimants' Representative in these cases.

8.       Furthermore, SBEP is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Firm, its shareholders and associates:

a.       are not creditors, equity security holders or insiders of the Debtors;

b.       are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

c.       do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

9.       All compensation for services rendered by SBEP and reimbursement of expenses incurred in these cases shall be subject to Court approval before it can be paid out of the Debtors' estates in accordance with the procedures established by the Court and the standards set forth in Sections 328, 330 and 331 of the Bankruptcy Code.  SBEP shall file applications for interim and final compensation and reimbursement of expenses in accordance the applicable rules, guidelines and orders of this Court (SBEP's time records will be redacted as necessary to protect confidential or otherwise sensitive information).

10.     SBEP agreed to represent the Future Claimants' Representative in these cases at a fee commensurate with its normal hourly rates, which are currently in the range from $250.00 to $725.00 per hour for attorneys, and $95.00 to $175.00 per hour for paralegals.  SBEP's rates are subject to periodic adjustment, generally effective as of January 1, of each year, to reflect economic, experience and other similar factors.

11.     No promises have been received by SBEP or any shareholder or associate thereof as to compensation in connection with these cases other than as disclosed herein and in the Application.  In accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, SBEP discloses that it has not shared, and has no agreement with any other entity to share with such entity, any compensation received by SBEP.

12.     SBEP will continue to monitor its connections and the connections of its attorneys to the Debtor, other creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee to ensure that no conflicts or other disqualifying circumstances exist or arise and will promptly file supplemental disclosures as needed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of March 2010, in Dallas, Texas.

*/s/  Sander L. Esserman*
Sander L. Esserman

7