UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                              :
                                                   :   Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*,              :
    f/k/a General Motors Corp., *et al.*,  :   Case No. 09-50026 (REG)
                                                   :
    Debtors.                                :   (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------ x

## DECLARATION OF DISINTERESTEDNESS AND DISCLOSURE STATEMENT OF J. TODD KENNARD ON BEHALF OF JONES DAY AS ORDINARY COURSE PROFESSIONAL

J. Todd Kennard hereby declares, pursuant to section 1746 of title 28 of the United States Code:

1.     I am a partner in the law firm Jones Day (the **"Firm"**).

2.     Jones Day has previously been approved by the Court to serve as special counsel to the Debtors pursuant to the Order Pursuant to 11 U.S.C. § 327(e) Authorizing the Employment and Retention of the Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date, dated August 3, 2009 (the **"Jones Day Employment Order"**) (Docket No. 3633).

3.     As reflected in the prior Declarations of Andrew Kramer dated July 21, 2009 and July 31, 2009, Jones Day represented Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries for many years. In the period leading up to the bankruptcy filings of the above-captioned debtors and debtors in possession (collectively, the **"Debtors"**), as set forth in prior filings, Jones Day represented the Debtors in connection with

COI-1435853v3

the following matters (the **"Special Counsel Matters"**): (a) commercial litigation; (b) dealer litigation; (c) pre-merger notification work; (d) competition law filings and advice; (e) ERISA and labor work; and (f) tax work. Through the closing of the sale of substantially all of the Debtors' assets (the **"363 Transaction"**) to NGMCO, Inc. n/k/a General Motors LLC (**"GM LLC"**) and a short transition period thereafter, Jones Day continued to perform significant work with respect to the Special Counsel Matters. This work was authorized on a *nunc pro tunc* basis by the Jones Day Employment Order.

4. After the closing of the 363 Transaction, the activity level of Special Counsel Matters on which Jones Day has diminished significantly. Jones Day has charged less than $20,000 in fees and expenses to the Debtors on an aggregate basis since September 1, 2009.

5. Based on Jones Day's understanding of the status of these cases and the Debtors' intentions, Jones Day's further services to the Debtors likely will be (a) situations where automatic stay violations occur related to one of the litigation matters in which Jones Day was representing the Debtors before the filing of these cases and (b) advice with respect to any claims asserted in these cases related to litigation in which Jones Day was representing the Debtors before the filing of these cases. The Debtors and Jones Day anticipate that any fees or expenses incurred in connection with those services will be far below the thresholds established by this Court's Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 330 Authorizing Debtors to Employ Professionals Utilized in Ordinary Course of Business, dated July 1, 2009 (the **"Ordinary Course Professionals Order"**) (Docket No. 2900). Accordingly, I understand that both the Debtors and the Office of the United States Trustee have agreed to the conversion of Jones Day's retention from the arrangement approved under the Jones Day Employment Order to treatment as an ordinary course professional under the Ordinary Course Professionals Order. In accordance

with the Court's orders and proceedings, Jones Day shall file applications for compensation and reimbursement of expenses for the services provided under the Jones Day Employment Order through January 31, 2010.

6.   Jones Day has performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. In connection with the Jones Day Employment Order, Jones Day filed Declarations by myself dated July 21, 2009 and July 31, 2009 describing Jones Day's relationships to parties in interest in these cases.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2010.

By: _____
J. Todd Kennard

COI-1435853v3