**Hearing Date and Time: April 29, 2010 at 9:45 a.m. (ET)**
**Objection Deadline: April 22, 2010 at 4:00 p.m. (ET)**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
**In re:**                                                        :
                                                                  : **Chapter 11**
                                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*                          : **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*,                          :
                                                                  : **(Jointly Administered)**
                                                                  :
**Debtors.**                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF HEARING ON SECOND INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      A hearing to consider the Second Interim Application of Jones Day,

Special Counsel to the Debtors and Debtors in Possession, Seeking Allowance of Compensation

for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses

for the Period from October 1, 2009 Through January 31, 2010 (the "**Application**"), filed by the

above-captioned special counsel to the debtors and debtors in possession ("**Jones Day**"), shall be

held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green,

New York, New York 10004-1408, on **April 29, 2010, at 9:45 a.m. (New York time).**

2.      Objections, if any, to the relief sought in the Application must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with Case Management Order #1 (Docket No. 157) and the Order Establishing Notice and Case Management Procedures (Docket No. 3629) (collectively, the "**Case Management Orders**") so as to be actually received by the parties on the Master Service List (as defined in the Case Management Orders) not later than **4:00 p.m. (New York time) on April 22, 2010** (the "**Objection Deadline**").

3.      If no objections are timely filed and served with respect to the Application, Jones Day may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Application, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4.      Copies of the Application, the Case Management Orders and the Master Service List (as defined in the Case Management Orders) may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at www.motorsliquidationdocket.com.

Dated: March 17, 2010          /s/ Ross S. Barr
      New York, New York          Ross S. Barr
                                  JONES DAY
                                  222 East 41st Street
                                  New York, New York 10017
                                  Telephone: (212) 326-3939
                                  Facsimile: (212) 755-7306

                                  SPECIAL COUNSEL TO THE DEBTORS
                                  AND DEBTORS-IN-POSSESSION

Hearing Date and Time:  April 29, 2010 at 9:45 a.m. (EDT)
Objection Deadline:  April 22, 2010 at 4:00 p.m. (EDT)

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| **In re:** | : |
|  | : **Chapter 11** |
|  | : |
| **MOTORS LIQUIDATION COMPANY,** *et al.* | : **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.,* | : |
|  | : **(Jointly Administered)** |
|  | : |
| **Debtors.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SECOND INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010</u>

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | Motors Liquidation Company and its affiliated debtors and debtors-in-possession |
| Date of Retention Order: | August 3, 2009 (effective *nunc pro tunc* to the Petition Date, June 1, 2009) |
| Period for Which Compensation and Reimbursement are Sought | October 1, 2009 to January 31, 2010 |
| Amount of Professional Fees Sought as Actual, Reasonable, and Necessary: | $10,297.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,232.09 |

Total Amount Sought:                                                    $11,529.09

This is an/a:  <u>X</u> Interim  ___ Final Application.

Aggregate Amounts Paid to Date for Second Interim Period:            $9,469.69

COI-1436884v1

# JONES DAY

Motors Liquidation Company

**FEE SUMMARY – October 1, 2009 through January 31, 2010**

| Timekeeper Name | Title | Bar Year | Billing Rate | Billed Hours | Total Fees |
|---|---|---|---|---|---|
| J Kennard | Partner | 1997 | 410.00 | 9.20 | 3,772.00 |
| **TOTAL** | | | | **9.20** | **$3,772.00** |
| | | | | | |
| D Beck | Associate | 2000 | 375.00 | 17.40 | 6,525.00 |
| **TOTAL** | | | | **17.40** | **$6,525.00** |
| | | | | **26.60** | **$10,297.00** |

**Hearing Date and Time:  April 29, 2010 at 9:45 a.m. (EDT)**
**Objection Deadline:  April 22, 2010 at 4:00 p.m. (EDT)**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
**In re:**                                                        :
                                                                  :  **Chapter 11**
                                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*                          :  **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*,                          :
                                                                  :  **(Jointly Administered)**
                                                                  :
**Debtors.**                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**SECOND INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE

Jones Day, special counsel to the debtors and debtors in possession in the above-caption ed chapter 11 cases (collectively, the **"Debtors"**), hereby submits this second interim application (the **"Application"**) seeking (a) allowance of compensation for professional services rendered by Jones Day to the Debtors in the amount of $10,297.00 and (b) reimbursement of expenses and disbursements incurred by Jones Day in the rendition of those professional services on behalf of the Debtors in the amount of $1,232.09, in each case for the period from October 1, 2009 through January 31, 2010 (the **"Second Compensation Period"**) (which fee and expense

requests include $9,469.69 in fees and expenses already paid under the Interim Compensation

Order), pursuant to sections 330(a) and 331 of the United States Bankruptcy Code

(the **"Bankruptcy Code"**), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the **"Bankruptcy Rules"**), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the **"UST Guidelines"**), General Order M-389, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

(the **"Local Guidelines"**) and the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered

in these cases on August 7, 2009 (Docket No. 3711) (the **"Interim Compensation Order"** and,

collectively with the UST Guidelines and the Local Guidelines, the **"Guidelines"**).  In support

of this Application, Jones Day respectfully represents as follows:

## Background

1.      On June 1, 2009 (the **"Petition Date"**), the Debtors filed a motion

requesting, *inter alia*, an order pursuant to sections 105, 363(b), (f) and (m) and 365 of the

Bankruptcy Code, authorizing and approving:  (a) the sale of substantially all of the Debtors'

assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements

among the Debtors and Vehicle Acquisition Holdings LLC, a purchaser sponsored by the United

States Department of the Treasury, free and clear of liens, claims, encumbrances and other

interests, including any successor liabilities (the **"363 Transaction"**); (b) the assumption and

assignment of executory contracts and unexpired leases of personal property and of

nonresidential real property; and (c) a related settlement with the United Autoworkers, subject to

higher or better offers.

2.      On July 5, 2009, the Court approved the 363 Transaction, and on July 10, 2009, the 363 Transaction closed.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.      Pursuant to this Application, Jones Day hereby seeks interim allowance of:  (a) compensation for professional services rendered during the Second Compensation Period in the aggregate amount of $10,297.00; and (b) reimbursement of expenses and disbursements incurred in connection with such services in the aggregate amount of $1,232.09.  As described in more detail below, $9,469.69 in fees and expenses have already been paid under the Interim Compensation Order, leaving $2,059.40 of the requested compensation and reimbursement of expenses which has not yet been paid.

5.      Prefixed to this Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Jones Day professionals who have performed services for which compensation is sought, each such individual's position in the firm and the year each attorney was first admitted to practice law.  In addition, the schedule sets forth for each person (a) the hourly rate during the Second Compensation Period, (b) the total hours billed for which compensation is sought and (c) the total compensation requested for such hours.

6.      Attached collectively hereto as **Exhibit A** are copies of each of the monthly statements (the **"Monthly Statements"**) prepared by Jones Day for the Second Compensation Period and provided to the Debtors and certain other parties in accordance with

- 3 -

the Interim Compensation Order.  Attached hereto as **Exhibit B** is the certification of J. Todd

Kennard with respect to this Application pursuant to the Local Guidelines.  Attached hereto as

**Exhibit C** is a proposed form of order granting this Application.

**Jones Day's Retention and Services Provided**

***Jones Day's Retention***

7.      On July 21, 2009, the Debtors filed their Application Under 11 U.S.C.

§ 327(e) Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for the

Debtors, *Nunc Pro Tunc* to the Petition Date (Docket No. 3282) (the **"Retention Application"**).

On August 3, 2009, the Court entered its Order Pursuant to 11 U.S.C. § 327(e) Authorizing the

Employment and Retention of Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to

the Petition Date (Docket No. 3633) (the **"Retention Order"**).[1]

***The Monthly Statements***

8.      On August 7, 2009, the Court entered the Interim Compensation Order.

Pursuant to the Interim Compensation Order, the Court established procedures for the Debtors'

payment of interim compensation and reimbursement of expenses of professionals retained in

these chapter 11 cases.  Pursuant to the Interim Compensation Order, Jones Day has submitted

the following Monthly Statements to the Debtors with respect to the Second Compensation

Period and served them on the parties required to be served under the Interim Compensation

Order:

      (a)      For October 1, 2009 through October 31, 2009 — fees of $3,553.00 and
                expenses of $1,232.09 (the **"October Statement"**); and

---

[1]      Based on the greatly reduced services that Jones Day has provided in the Second Compensation Period,
Jones Day, the Debtors and the Office of the United States Trustee have agreed to treat Jones Day as an
ordinary course professional on a going forward basis under the ordinary course professionals procedures
approved in these cases.

- 4 -

(b)    For November 1, 2009 through November 30, 2009 — fees of $6,744.00 and no expenses (the **"November Statement"**).[2]

No objection was made to either of the Monthly Statements.  On December 31, 2009, Jones Day received a payment of $4,074.49, representing 80% of the fees and 100% of the expenses included in the October Statement.  On February 26, 2010, Jones Day received a payment of $5,395.20, representing 80% of the fees included in the November Statement.  Thus the net amount of fees and expenses for which allowance is requested and that is currently unpaid is $2,059.40.

9.    On November 16, 2009, Jones Day filed the First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors in Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period June 1, 2009 Through September 30, 2009 [Docket No. 4448] (the **"First Interim Fee Application"**).  By the First Interim Fee Application, Jones Day sought the interim allowance of $455,396.65 in fees and $4,359.65 in expenses for the period from June 1, 2009 through September 30, 2009 (the **"First Compensation Period"**).  In connection with the appointment of the fee auditor and the fee review process in these cases, the hearing on the First Interim Fee Application and the fee applications of other retained professionals in these cases for the First Compensation Period has been adjourned until April 29, 2010.  To date, Jones Day has received no objection to the First Interim Fee Application.

---

[2]    Jones Day has voluntarily written off all time and expenses incurred on behalf of the Debtors in the months of December 2009 and January 2010.

*__Description of Services Rendered by Jones Day__*

10.     During the Second Compensation Period, Jones Day lawyers devoted time

to preparing the First Interim Fee Application.  The time descriptions for these services are

detailed in the invoices attached hereto as Exhibit A.

## Expenses Incurred by Jones Day

11.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  Jones Day seeks reimbursement for expenses incurred in rendering services to the

Debtors during the Second Compensation Period, in the total amount of $1,232.09 for consultant

fees.

12.     Under the Retention Order, Jones Day was authorized to include in its

invoices certain local counsel or expert fees related to the litigation in which Jones Day was

serving as special counsel.  The October Statement included $1,232.09 of these fees, which are

included in the expense total referenced above.

## Adjustments to Fees and Expenses

13.     Consistent with its own internal policies and to comply with the

"reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed

its monthly service descriptions and expense detail and has determined that certain fees and

expenses should not be charged to the Debtors.  This Application reflects any adjustments.  The

adjustments made by Jones Day can result from, among other things:  (a) the reduction (or

elimination) of fees where the time charged for the particular services exceeded the amount of

time that, in Jones Day's estimation, it should have taken the lawyer or the paraprofessional to

render the services; (b) the deletion of charges for duplicative or nonproductive services; and

(c) other adjustments considered appropriate by Jones Day or required by applicable rules.  In

- 6 -

total, for the Second Compensation Period, Jones Day has voluntarily written off time charges

aggregating $8,858.50 and $85.93 in expenses.

## The Requested Compensation Should Be Allowed

14.     Section 330(a)(1) of the Bankruptcy Code provides that the Court may

award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

> (A)     reasonable compensation for actual, necessary services
> rendered by the trustee, examiner, ombudsman, professional
> person, or attorney and by any paraprofessional person employed
> by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3) further provides the following standards for the Court's

review of a fee application:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including--
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time the service was rendered toward the
> completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable, based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

COI-1436884v1

15.     Jones Day respectfully submits that it has satisfied the requirements for the allowance of compensation and reimbursement of expenses sought herein.  The services described above were necessary and beneficial to the administration of the Debtors' chapter 11 cases.  Jones Day's services were performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues and tasks.  Furthermore, the compensation sought by Jones Day is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.  Accordingly, approval of the compensation sought herein is warranted.

16.     No agreement or understanding exists between Jones Day and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.  As disclosed in the Retention Application and approved by the Retention Order, certain payments for local counsel to the Debtors are routed through Jones Day and disclosed as "Consultants Fees" on the Monthly Statements.  All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

17.     Jones Day has received no objections to any of the Monthly Statements for the Second Compensation Period from the Debtors or any other party under the Interim Compensation Order or otherwise.

**Waiver of Memorandum of Law**

18.     This Application does not raise any novel issues of law.  Accordingly, Jones Day respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

- 8 -

COI-1436884v1

## **Notice**

19.     Notice of this Application and its exhibits will be given to:  (a) the

Debtors; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured

Creditors; (d) the U.S. Trustee; (e) the fee examiner appointed in these cases; and (f) the Master

Service List established under the Case Management Order in these cases.  Jones Day

respectfully submits that no other or further notice is required.

WHEREFORE, Jones Day respectfully requests that the Court enter an order,

substantially in the form attached hereto as **Exhibit C**:  (a) granting this Application;

(b) allowing on an interim basis compensation for the Second Compensation Period in the

amount of $10,297.00; (c) allowing on an interim basis reimbursement of expenses in the amount

of $1,232.09 incurred in connection with Jones Day's services during the Second Compensation

Period; (d) authorizing and directing the Debtors to pay to Jones Day any and all unpaid,

invoiced amounts for the Second Compensation Period, which currently total $2,059.40; and

(e) granting to Jones Day such other and further relief as the Court may deem proper.

Dated:  March 17, 2010
        New York, New York

/s/ Ross S. Barr
Ross S. Barr
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION

COI-1436884v1

**<u>EXHIBIT A</u>**

COI-1436884v1

IN ACCOUNT WITH

# JONES DAY

**Washington Office**

51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
**(202) 879-3939**

Please Remit To:
P. O. Box 7805 Ben Franklin Station
Washington, D.C. 20044

Federal Identification Number:  34-0319085

November 30, 2009

316710

Invoice: 32176865

General Motors Corporation
300 Renaissance Center
P.O. Box 300
Mail Code 482-C25-C64
Detroit, MI  48265-3000
U.S.A.


For legal services rendered for the period through October 31, 2009:

| | | | |
|---|---|---|---|
| North Shore, Inc., d/b/a Muller's GMC | 0.00 | | 0.00 |
| Wilson Bros., Inc. | 0.00 | | 0.00 |
| Blue Grass Automotive, Inc. | 0.00 | | 0.00 |
| Retention Issues | 9.40 | | 3,553.00 |
| | | | |
| Total Fees | 9.40 | USD | 3,553.00 |
| Total Disbursements & Charges | | USD | 1,232.09 |
| **TOTAL** | | **USD** | **4,785.09** |

**JONES DAY**

General Motors Corp.

**FEE SUMMARY - October 31, 2009**

| Timekeeper Name | Title | Bar Year | Billing Rate | Billed Hours | | Total Fees |
|---|---|---|---|---|---|---|
| J KENNARD | PARTNER | 1997 | 410.00 | 0.80 | | 328.00 |
| TOTAL | | | | 0.80 | | 328.00 |
| D A BECK | ASSOCIATE | 2000 | 375.00 | 8.60 | | 3,225.00 |
| TOTAL | | | | 8.60 | | 3,225.00 |
| **TOTAL** | | | | **9.40** | USD | **3,553.00** |

**JONES DAY**

General Motors Corp.

**DISBURSEMENT SUMMARY - October 31, 2009**

Consultants and Agents Fees                                      1,232.09

**TOTAL**                                              **USD        1,232.09**

JONES DAY

| 10/16/09 | D A BECK | 3.00 | 1,125.00 |
|---|---|---|---|

Draft first interim fee application (2.90; communicate with Kennard (Jones Day) regarding same (.10).

| 10/16/09 | J KENNARD | 0.10 | 41.00 |
|---|---|---|---|

Communicate with D. Beck regarding formal fee application.

| 10/19/09 | D A BECK | 2.00 | 750.00 |
|---|---|---|---|

Draft first interim fee application.

| 10/26/09 | D A BECK | 0.50 | 187.50 |
|---|---|---|---|

Work on first interim fee application.

| 10/27/09 | J KENNARD | 0.10 | 41.00 |
|---|---|---|---|

Communicate with Beck (Jones Day) regarding fee application.

| 10/28/09 | J KENNARD | 0.30 | 123.00 |
|---|---|---|---|

Communicate with Beck (Jones Day) regarding retention fee application (0.20); review prior materials regarding same (0.10).

| 10/29/09 | D A BECK | 1.10 | 412.50 |
|---|---|---|---|

Draft first interim fee application.

| 10/30/09 | D A BECK | 2.00 | 750.00 |
|---|---|---|---|

Draft and revise first interim fee application.

| 10/30/09 | J KENNARD | 0.30 | 123.00 |
|---|---|---|---|

Communicate with Beck (Jones Day) regarding fee application and certification.

| **TOTAL** | | **9.40** | **USD** | **3,553.00** |
|---|---|---|---|---|

JONES DAY

General Motors Corp.                                                                    Page 1

North Shore, Inc., d/b/a Muller's GMC

## DISBURSEMENT DETAIL - October 31, 2009

| Date | Timekeeper Name | Location | Amount |
|------|-----------------|----------|--------|
| **TESTIFYING EXPERTS ETC/FEES** | | | |
| 07/13/09 | J J JONES | COL | 470.18 |
| | Consultants fees - HINSHAW & CULBERTSON LLP - Inv. 10857852 dated 7/13/2009 | | |
| | **Testifying Experts Etc/Fees Subtotal** | | **470.18** |
| | **Total** | **USD** | **470.18** |

Wilson Bros., Inc.

## DISBURSEMENT DETAIL - October 31, 2009

| Date | Timekeeper Name | Location | Amount |
|------|-----------------|----------|--------|
| **CONSULTANTS FEES** | | | |
| 07/15/09 | J J JONES | COL | 288.00 |
| | Consultants fees - WHT Inv. 148836 for work on 7/2 - 7/6 | | |
| | **Consultants fees Subtotal** | | **288.00** |
| | **Total** | **USD** | **288.00** |

Blue Grass Automotive, Inc.

## DISBURSEMENT DETAIL - October 31, 2009

| Date | Timekeeper Name | Location | Amount |
|------|-----------------|----------|--------|
| **CONSULTANTS FEES** | | | |
| 07/15/09 | J J JONES | COL | 360.00 |
| | Consultants fees - WHT Inv. 148828 fees for work on 6/23 | | |
| 07/15/09 | J J JONES | COL | 113.91 |
| | Consultants fees - WHT Inv. 148828 disb for work on 6/23 - 7/10 | | |
| | **Consultants fees Subtotal** | | **473.91** |
| | **Total** | **USD** | **473.91** |
| **Grand Total** | | **USD** | **1,232.09** |

IN ACCOUNT WITH

# JONES DAY

**Washington Office**

51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
**(202) 879-3939**

Please Remit To:
P. O. Box 7805 Ben Franklin Station
Washington, D.C. 20044

Federal Identification Number:  34-0319085

December 30, 2009

316710

Invoice: 32188503

General Motors Corporation
300 Renaissance Center
P.O. Box 300
Mail Code 482-C25-C64
Detroit, MI  48265-3000
U.S.A.

For legal services rendered for the period through November 30, 2009:

| | | | |
|---|---|---|---|
| Retention Issues | 17.20 | | 6,744.00 |
| Total Fees | 17.20 | USD | 6,744.00 |
| **TOTAL** | | **USD** | **6,744.00** |

**JONES DAY**

General Motors Corp.

### FEE SUMMARY - November 30, 2009

| Timekeeper Name | Title | Bar Year | Billing Rate | Billed Hours | | Total Fees |
|---|---|---|---|---|---|---|
| J KENNARD | PARTNER | 1997 | 410.00 | 8.40 | | 3,444.00 |
| TOTAL | | | | 8.40 | | 3,444.00 |
| D A BECK | ASSOCIATE | 2000 | 375.00 | 8.80 | | 3,300.00 |
| TOTAL | | | | 8.80 | | 3,300.00 |
| **TOTAL** | | | | **17.20** | USD | **6,744.00** |

JONES DAY

| 11/02/09 | J KENNARD | 0.10 | 41.00 |
|---|---|---|---|

Draft email to Beck (Jones Day) regarding declaration for formal fee application.

| 11/03/09 | D A BECK | 3.00 | 1,125.00 |
|---|---|---|---|

Draft first interim fee application.

| 11/04/09 | D A BECK | 1.20 | 450.00 |
|---|---|---|---|

Draft and revise final fee application in General Motors.

| 11/04/09 | J KENNARD | 0.10 | 41.00 |
|---|---|---|---|

Communicate with Beck (Jones Day) regarding first interim fee application.

| 11/05/09 | D A BECK | 0.20 | 75.00 |
|---|---|---|---|

Revise first interim fee application.

| 11/05/09 | J KENNARD | 1.10 | 451.00 |
|---|---|---|---|

Review / provide suggested revisions to fee application and certification, review select backup materials for same (.70), communicate with Beck (Jones Day) regarding same (.20), review emails related to interim fee application (.20).

| 11/06/09 | J KENNARD | 0.20 | 82.00 |
|---|---|---|---|

Draft email to Beck (Jones Day) regarding interim fee application; communicate with Fowler (Jones Day) regarding interim fee application.

| 11/09/09 | D A BECK | 1.40 | 525.00 |
|---|---|---|---|

Revise first fee application to respond to comments from Oellermann, Jones and Kennard (Jones Day).

| 11/09/09 | J KENNARD | 1.30 | 533.00 |
|---|---|---|---|

Communicate with Beck (Jones Day) regarding interim fee application materials (.20); communicate with Jones (Jones Day) regarding interim fee application (.10); draft email to Jones regarding interim fee application (.10); review edits from Jones related to interim fee application (.10); draft emails to Jones regarding retention application (.10); review email from Beck regarding same (.10); draft various emails to reporting lawyers related to interim fee application matter descriptions (.40); draft email to Kramer (Jones Day) regarding interim fee application (.20).

| 11/10/09 | J KENNARD | 0.80 | 328.00 |
|---|---|---|---|

Review email from Fowler (Jones Day) regarding interim fee application, voicemail from L. Fowler (.10); review email and invoice from local counsel and draft email to Jones (Jones Day) regarding same (.10); revise interim fee application (.40); communicate with Fowler regarding fee application (.10); communicate with Beck regarding fee application (.10).

| 11/11/09 | J KENNARD | 0.50 | 205.00 |
|---|---|---|---|

Draft email to Jones and Beck (Jones Day) regarding interim fee application (.10); draft email to Brooks (Weil) regarding Jones Day interim fee application (.10); review email from Beck regarding interim fee application (.10); communicate with Beck regarding retention application (.10); review email from Brooks regarding retention issues (.10).

| 11/12/09 | J KENNARD | 0.30 | 123.00 |
|---|---|---|---|

Review email from Billot (Jones Day) regarding interim fee application; communicate with Lawson (Jones Day) regarding interim fee application; communicate with Beck (Jones Day) regarding same.

| 11/13/09 | J KENNARD | 0.50 | 205.00 |
|---|---|---|---|

Draft email to Jones (Jones Day) regarding interim fee application (0.10); draft email to Kramer (Jones Day) regarding interim fee application (0.10); review email from Jones regarding same and communicate with Beck (Jones Day) regarding interim fee application (0.10); draft email to Fowler (Jones Day) regarding interim fee application; review order regarding fees (0.10); draft email to Jones and Beck (Jones Day) regarding same; review email from Beck (0.10).

| 11/16/09 | D A BECK | 3.00 | 1,125.00 |
|---|---|---|---|

Review and finalize fee application and electronic invoices (2.80); communicate with Kennard (Jones Day) regarding same (.20).

JONES DAY

Retention Issues                                                              Page 2

11/16/09     J KENNARD                              3.30                    1,353.00
     *Draft multiple emails to Beck (Jones Day) regarding interim fee application (0.20); review emails from Beck regarding same (0.10); review email from Jones regarding same; communicate with Jones Day financial personnel regarding interim fee application (Fowler and Sobeleski) (0.30); review and finalize interim fee application (1.90); draft email to Jones (Jones Day) regarding same (0.10); review edits from Jones regarding interim fee application (0.20); communicate with Jones regarding interim fee application (0.20); review fee guidelines (0.30).*

11/17/09     J KENNARD                              0.20                      82.00
     *Review emails from Beck regarding hearing on interim fee application; review email from Brooks (Weil) regarding hearing on interim fee application.*

    **TOTAL**                            **17.20**        **USD**     **6,744.00**

**<u>EXHIBIT B</u>**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
**In re:**                                  :
                                            :   **Chapter 11**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*    :   **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.,*   :
                                            :   **(Jointly Administered)**
                                            :
**Debtors.**                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>**CERTIFICATION OF J. TODD KENNARD**</u>

I, J. Todd Kennard, hereby certify that:

1.      I am a partner in the law firm of Jones Day.

2.      I have reviewed the Second Interim Application of Jones Day, Special

Counsel to the Debtors and Debtors-In-Possession, Seeking Allowance of Compensation for

Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for

the Period from October 1, 2009 Through January 31, 2010 (the **"Application"**).  Capitalized

terms not otherwise defined herein have the meanings ascribed to them in the Application.

3.      I make this certification in accordance with General Order M-389,

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases (the **"Local Guidelines"**).

4.      In connection therewith, I hereby certify that:

COI-1436884v1

(a)     I have read the Application;

(b)     To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines (as modified by the Interim Compensation Order) and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the **"U.S. Trustee Guidelines"**);

(c)     Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day, subject to certain discounts agreed to with the Debtors, and generally accepted by Jones Day's clients;

(d)     Based on inquiries, in incurring a reimbursable expense, Jones Day does not make a profit on that incurred expense when the underlying service is provided by a third party and, when the underlying service is provided by Jones Day the charge is designed to approximates the costs incurred by Jones Day;

(e)     Jones Day has provided each of its monthly fee and expense invoices for the Second Compensation Period to the parties required to receive copies in the manner required under the interim compensation order in these cases; and

(f)     The Debtors, the United States Trustee and counsel to the Official Committee of Unsecured Creditors will each be provided with a copy of the Application simultaneously with the filing thereof, and will have at least fourteen days to review such Application prior to any objection deadline with respect thereto.

Dated: March 17, 2010
      Columbus, Ohio

/s/ J. Todd Kennard
J. Todd Kennard

- 2 -

COI-1436884v1

## EXHIBIT C

COI-1436884v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
**In re:**                                                    :
                                                              :   **Chapter 11**
                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*                      :   **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*,                     :
                                                              :   **(Jointly Administered)**
                                                              :
**Debtors.**                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING SECOND INTERIM APPLICATION OF**
**JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

Upon the second interim application (the **"Application"**)[1] of Jones Day as special

counsel for the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the **"Debtors"**) for allowance and payment of compensation and reimbursement of

actual and necessary expenses incurred for the period from October 1, 2009 through January 31,

2010; and upon the certification by J. Todd Kennard (the **"Kennard Certification"**) regarding

the Application; the Court having reviewed the Application and the Kennard Certification, and

having considered the statements of counsel and the evidence adduced with respect to the

Application at a hearing before the Court (the **"Hearing"**); and the Court having found that

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (iv) notice of the Application and the Hearing was sufficient under the

---

[1]     Unless otherwise defined herein, all capitalized terms used herein shall have the meanings given to them in
the Application.

circumstances and (v) in light of the circumstances, the requirement of Local Bankruptcy

Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is deemed

satisfied or otherwise waived; and the Court having determined that the legal and factual bases

set forth in the Application and the Kennard Certification and at the Hearing establish just cause

for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Application is granted.

2.      Jones Day is awarded on an interim basis compensation for professional

services rendered during the Second Compensation Period in the amount of $10,297.00 and

reimbursement of actual and necessary expenses in the amount of $1,232.09.

3.      The Debtors are authorized and directed to pay to Jones Day the fees and

expenses approved hereby that have not previously been paid.

Dated: New York, New York
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

COI-1436884v1