HEARING DATE AND TIME: Apr. 8, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: Apr. 1, 2010 at 4:00 p.m. (Eastern Time)

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Proposed Attorneys for Movant Official Committee
of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, : | Chapter 11 Case No. |
|        f/k/a General Motors Corp., *et al*. : | |
| : | 09-50026 (REG) |
| : | |
| : | (Jointly Administered) |
| : | |
| : | |

---------------------------------------------------------------x

**APPLICATION TO RETAIN AND EMPLOY CAPLIN & DRYSDALE, CHARTERED
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>HOLDING ASBESTOS-RELATED CLAIMS *NUNC PRO TUNC* TO OCTOBER 6, 2009</u>**

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the

"Asbestos Claimants Committee" or "ACC"), by and through the undersigned, hereby submits

this application (the "Application") for entry of an order authorizing the retention and

343623

employment of Caplin & Drysdale, Chartered ("Caplin & Drysdale"), *nunc pro tunc* to October 6, 2009, as its counsel. In support of the Application, the ACC respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 1128 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought are sections 328 and 1103 of the Bankruptcy Code.

## BACKGROUND

3. Commencing on June 1, 2009 and periodically thereafter, the Debtors filed with this Court their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued to operate their business and manage their properties as debtors-in-possession.

5. On March 2, 2010 (the "Formation Date"), the Office of the United States Trustee appointed the ACC, pursuant to section 1102 of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS THEREFOR

6. The ACC desires to employ the law firm of Caplin & Drysdale as its counsel *nunc pro tunc* to October 6, 2009. Such relief is appropriate given the circumstances of the proposed retention. In October 2009, counsel for the Debtors and counsel for the Official

Committee of Unsecured Creditors (the "UCC") proposed to John D. Cooney, Esq. ("Mr. Cooney") that he (as counsel to Mark Butitta) serve as a subcommittee of the UCC for the purpose of representing the interests of the constituency of creditors holding asbestos-related personal injury or wrongful death claims against the Debtors, and that the approval of the United States Trustee and of this Court be sought for the formation of such subcommittee and for its retention of separate counsel. Counsel for the Debtors and counsel for the UCC advised that they would promptly seek the appointment of a representative for unknown future asbestos personal injury claimants. Mr. Cooney asked Caplin & Drysdale to serve as the subcommittee's counsel on the understanding that approval of its retention would be sought *nunc pro tunc*. With the knowledge and encouragement of counsel for the Debtors and counsel for the UCC, Caplin & Drysdale began to work in that capacity immediately, because, in their view, time was of the essence and certain matters bearing on the interests of the proposed subcommittee's constituency required immediate attention. Ultimately, the United States Trustee decided not to appoint the subcommittee, but instead to constitute the ACC which now seeks to retain Caplin & Drysdale with the approval of the Court. Accordingly, the ACC requests that the law firm of Caplin & Drysdale be retained as its counsel *nunc pro tunc* to October 6, 2009.

7. From October 6, 2009, until its selection this month as counsel to the ACC, Caplin & Drysdale accrued time charges of approximately $100,000, and approximately $3,500 of disbursements and other charges, in performing legal services on behalf of the then-proposed subcommittee. As those services will now inure to the benefit of the ACC and its constituency, it is Caplin & Drysdale's intention, with the approval of the ACC, to seek

- 3 -

payment of those charges by the estate and authorization thereof by this Court as part of the normal fee application process in this case.

8.    Caplin & Drysdale, as a result of its role as co-counsel in numerous other asbestos bankruptcy cases, is familiar with the matters at issue in this bankruptcy case.

9.    The professionals at Caplin & Drysdale have substantial experience in bankruptcy cases, including bankruptcies involving mass tort liability, insolvency, corporate reorganization, debtor/creditor and commercial law, and have participated in numerous proceedings before this Court, as well as various other bankruptcy courts. Caplin & Drysdale currently represents several official committees of asbestos claimants in bankruptcies pending in Delaware, Pennsylvania, New York, and other jurisdictions, similar to the ACC that has recently been formed in the instant case.

10.    As set forth in the accompanying Declaration of Elihu Inselbuch Under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and Section 328 of the U.S. Bankruptcy Code in Support of the Application for Order Authorizing the Employment and Retention of Caplin & Drysdale, Chartered, *Nunc Pro Tunc* to October 6, 2009, as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "Inselbuch Declaration"), among the chapter 11 cases in which Caplin & Drysdale currently represents committees of creditors holding claims for asbestos-related personal injury or wrongful death are those of Pittsburgh Corning Corporation, W.R. Grace & Company, North American Refractories Company, Global Industrial Technologies, Inc., Congoleum Corporation, Quigley Company, Inc., Thorpe Insulation Company, Flintkote Company, and Plant Insulation Company.

11. Caplin & Drysdale has previously represented the official committees of asbestos claimants in the chapter 11 reorganizations of Johns-Manville Corporation, Raytech Corporation, Owens Corning Corporation, Babcock & Wilcox Company, United States Gypsum Corporation, Kaiser Aluminum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Combustion Engineering, Inc., Federal-Mogul Global, Inc., G-I Holdings, Inc., Burns & Roe Enterprises, Inc., and Western MacArthur Company (a.k.a. Western Asbestos), in all of which plans of reorganization have been confirmed.

12. Caplin & Drysdale currently represents certain advisory committees of settlement trusts created for the benefit of asbestos-related claimants pursuant to plans of reorganization consummated in several bankruptcies.  These include the Celotex Asbestos Settlement Trust Advisory Committee, DII Industries LLC Asbestos PI Trust Advisory Committee, the PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company Asbestos PI Trust Advisory Committee, the Selected Counsel for the Beneficiaries of the Manville Personal Injury Settlement Trust, ACandS Asbestos Settlement Trust Advisory Committee, the Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, the Owens Corning/Fibreboard PI Trust Advisory Committee, the United States Gypsum PI Trust Advisory Committee, the Burns and Roe Asbestos PI Settlement Trust Advisory Committee, the Federal-Mogul Asbestos Personal Injury Trust Advisory Committee, the G-I Holdings Inc. Asbestos Personal Injury Settlement Trust Advisory Committee, and the ASARCO Asbestos Personal Injury Settlement Trust Advisory Committee.  In the past, Caplin & Drysdale has also represented the Trust Advisory Committee of the NGC Settlement Trust.

13. The ACC anticipates that Caplin & Drysdale's services in this case will include, *inter alia*, the following:

(a) assisting and advising the ACC in its consultations with the Debtors and other committees relative to the overall administration of the estates;

(b) representing the ACC at hearings to be held before this Court and communicating with the ACC regarding the matters heard and issues raised as well as the decisions and considerations of this Court;

(c) assisting and advising the ACC in its examination and analysis of the Debtors' conduct and financial affairs;

(d) reviewing and analyzing all applications, orders, operating reports, schedules and statements of affairs filed and to be filed with this Court by the Debtors or other interested parties in this case; advising the ACC as to the necessity and propriety of the foregoing and their impact upon the rights of asbestos-related claimants, and upon the case generally; and after consultation with and approval of the ACC or its designee(s), consenting to appropriate orders on its behalf or otherwise objecting thereto;

(e) assisting the ACC in preparing appropriate legal pleadings and proposed orders as may be required in support of positions taken by the ACC and preparing witnesses and reviewing documents relevant thereto;

(f) coordinating the receipt and dissemination of information prepared by and received from the Debtors' independent certified accountants or other professionals

retained by it as well as such information as may be received from independent professionals engaged by the ACC and other committees, as applicable;

(g)     assisting the ACC in the solicitation and filing with the Court of acceptances or rejections of any proposed plan or plans of reorganization;

(h)     assisting and advising the ACC with regard to communications to the asbestos-related claimants regarding the ACC's efforts, progress and recommendation with respect to matters arising in the case as well as any proposed plan of reorganization; and

(i)     assisting the ACC generally by providing such other services as may be in the best interest of the creditors represented by the ACC.

14.     The ACC requires knowledgeable counsel to render these professional services. As noted above, Caplin & Drysdale has substantial expertise in all of these areas. As a result, it is well qualified to perform these services and represent the ACC's interest in this chapter 11 case.

15.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Orders and Rules of this Court, the ACC requests that Caplin & Drysdale be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses it incurs. The hourly rates applicable to the professionals proposed to represent the ACC are[1]:

---

[1] Hourly rates are adjustable on an annual basis.

| **Professional** | **Position** | **Hourly Rate** |
|---|---|---|
| Elihu Inselbuch | Member | $950 |
| Trevor W. Swett III | Member | $675 |
| Kevin C. Maclay | Member | $510 |
| Rita C. Tobin | Of Counsel | $545 |
| Todd E. Phillips | Associate | $300 |

This listing is not exclusive, and other attorneys and paralegals at Caplin & Drysdale may perform services for the ACC. Generally, Caplin & Drysdale's hourly rates are in the following ranges:

| **Professional** | **Hourly Rates** |
|---|---|
| Members and of Counsel | $410 - $950 |
| Associates | $230 - $410 |
| Paralegals | $200 - $240 |

16. As detailed in the Inselbuch Declaration, Caplin & Drysdale has conducted a conflicts check against the (a) Debtors, (b) the entities listed as affiliated entities of the Debtors, and (c) the entities included on the List of Creditors Holding Fifty Largest Unsecured Claims against the Debtors, filed with the Court by the Debtors on June 1, 2009. Except as set forth below, this conflicts check did not reveal any connection with the Debtors, its creditors, the United States Trustee or any other party, or their respective attorneys or accountants.

17. Mark Butitta, as Special Administrator of the Estate of Salvatore Butitta, is a creditor of Debtors. He holds a pending asbestos-related claim for personal injury or wrongful

death against the Debtors and is a member of the ACC.  Mr. Butitta was a member of the UCC in this bankruptcy case, but resigned from that position within the last few days when the United States Trustee appointed him as a member of the ACC.

18.    Mr. Cooney represents Mr. Butitta in the prosecution of his claim against the Debtors.  Since June 4, 2009, Caplin & Drysdale and Mr. Cooney together have represented Mr. Butitta in this bankruptcy case.

19.    Mr. Cooney is currently or has previously been an attorney for members of the committees of asbestos-related litigants and/or creditors represented by Caplin & Drysdale for the following bankruptcies: Owens Corning Corporation, G-I Holdings, Inc., W.R. Grace & Company, United States Gypsum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Global Industrial Technologies, Inc., Kaiser Aluminum Corporation, and Combustion Engineering, Inc.

20.    Mr. Cooney is also a member of the following trust advisory committees currently represented by Caplin & Drysdale: Owens Corning/Fibreboard PI Trust Advisory Committee, United States Gypsum PI Trust Advisory Committee, PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, DII Industries LLC Asbestos PI Trust Advisory Committee.

21.    The foregoing representations of Messrs. Butitta and Cooney create no actual conflict of interest for Caplin & Drysdale.  Moreover, if the present application is granted, the work performed by Caplin & Drysdale in the course thereof will now inure to the benefit of the ACC.

22. Sally Maziarz, as Special Administratrix of the Estate of Jerome Maziarz, is a creditor of the Debtors and a member of the ACC. She holds a claim against the Debtors for asbestos-related personal injury or wrongful death. Mr. Cooney represents Ms. Maziarz in the prosecution of that claim.

23. Charles Cantrell is a creditor of the Debtors and a member of the ACC. He holds a claim against the Debtors for asbestos-related personal injury. Steven Kazan, Esq. ("Mr. Kazan") represents Mr. Cantrell in the prosecution of that claim.

24. Mr. Kazan is currently or has previously been an attorney for members of the committees of asbestos-related litigants and/or creditors represented by Caplin & Drysdale for the following bankruptcies: W.R. Grace & Company, North American Refractories Company, Global Industrial Technologies, Inc., Congoleum Corporation, Thorpe Insulation Company, Flintkote Company, Plant Insulation Company, Owens Corning Corporation, United States Gypsum Corporation, Kaiser Aluminum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Combustion Engineering, Inc., and Federal-Mogul Global, Inc. In addition, Mr. Kazan was himself a member of the official committee of asbestos claimants in the bankruptcy of The Babcock & Wilcox Company, and Caplin & Drysdale was counsel to that Committee.

25. Mr. Kazan is a member of the following trust advisory committees currently represented by Caplin & Drysdale: the Celotex Asbestos Settlement Trust Advisory Committee, the DII Industries LLC Asbestos PI Trust Advisory Committee, the PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, The Babcock & Wilcox Company Asbestos PI Trust Advisory Committee,

the ACandS Asbestos Settlement Trust Advisory Committee, the Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, the Owens Corning/Fibreboard PI Trust Advisory Committee, the United States Gypsum PI Trust Advisory Committee, the Federal-Mogul Asbestos Personal Injury Trust Advisory Committee, the G-I Holdings Inc. Asbestos Personal Injury Settlement Trust Advisory Committee, and the ASARCO Asbestos Personal Injury Settlement Trust Advisory Committee.

26. The ACC has been advised that Caplin & Drysdale is not aware of representing any other entity in connection with this case, including the Debtors, its creditors, equity security holders, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee in any matter relating to the Debtors or their estates. However, because of the size of the Debtors, unbeknownst to Caplin & Drysdale, it may now or in the future represent other creditors of the Debtors in tax or other matters unrelated to this bankruptcy. Caplin & Drysdale will supplement its Declaration if and when necessary to disclose any further relationships that require disclosure in this case.

27. The ACC is satisfied that Caplin & Drysdale does not represent an interest adverse to the ACC with respect to the matters for which Caplin & Drysdale will be employed, and is a "disinterested person" as that phrase is defined in Section 101(14) and 328(c) of the Bankruptcy Code.

28. To the best of the ACC's knowledge and except as set forth in the Inselbuch Declaration and above, Caplin & Drysdale has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending chapter 11 proceedings, nor does Caplin &

- 11 -

Drysdale hold any interest adverse to the interests of the ACC or the Debtors' asbestos creditors in the matters for which it is proposed to be employed.  The employment of Caplin & Drysdale would be in the best interest of the ACC and Debtors' estates.

29. Caplin & Drysdale understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code and applicable Bankruptcy Rules.

30. No prior application for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the ACC respectfully requests that the Court enter an order, substantially in the form annexed hereto, authorizing it to retain and employ nunc pro tunc as of October 6, 2009 the firm of Caplin & Drysdale to represent it in this chapter 11 case and for such other and further relief as the Court deems just and equitable.

Dated:  New York, New York
March 12, 2010

OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS

/s/ John D. Cooney
John D. Cooney
On Behalf of the Asbestos Claimants Committee

/s/ Steven Kazan
Steven Kazan
On Behalf of the Asbestos Claimants Committee