Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005-5802
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Proposed Attorneys for Movant Official Committee*
 *of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,    :    Chapter 11 Case No.
       f/k/a General Motors Corp., *et al.*    :
           :    09-50026 (REG)
           :
           :    (Jointly Administered)
           :
           :
---------------------------------------------------------------x

**DECLARATION OF ELIHU INSELBUCH UNDER RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 328 OF THE U.S. BANKRUPTCY CODE IN SUPPORT OF THE APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CAPLIN & DRYSDALE, CHARTERED, *NUNC PRO TUNC* TO OCTOBER 6, 2009, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING <u>ASBESTOS-RELATED  CLAIMS</u>**

343754

- 2 -

Pursuant to Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, Elihu Inselbuch deposes and says as follows:

1. I am a member in the law firm of Caplin & Drysdale, Chartered and am duly authorized to make this Declaration on its behalf. I make this Declaration in support of the Application to Retain and Employ Caplin & Drysdale, Chartered, as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims *Nunc Pro Tunc* to October 6, 2009 (the "Application"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I would testify thereto. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

2. I am a member of the bars of the State of New York and the District of Columbia and of the firm of Caplin & Drysdale, Chartered ("Caplin & Drysdale"), attorneys-at-law, whose other members and associates are duly admitted to practice in either the State of New York or the District of Columbia, or both. My firm maintains offices for the practice of law at 375 Park Avenue, New York, New York 10152-3500, and One Thomas Circle, N.W., Washington, D.C. 20005-5802.

3. The professionals at Caplin & Drysdale have substantial experience in bankruptcy cases, including bankruptcies involving mass tort liability, insolvency, corporate reorganization, debtor/creditor and commercial law, and have participated in numerous proceedings before this Court, as well as various other bankruptcy courts. Caplin & Drysdale currently represents several official committees of asbestos claimants in bankruptcies pending in Delaware, Pennsylvania, New York, and other jurisdictions, similar to the Official

Committee of Unsecured Creditors Holding Asbestos-Related Claims that has recently been formed in the instant case (the "Asbestos Claimants Committee" or "ACC").

4. Among the chapter 11 cases in which Caplin & Drysdale currently represents committees of creditors holding claims for asbestos-related personal injury or wrongful death are those of Pittsburgh Corning Corporation, W.R. Grace & Company, North American Refractories Company, Global Industrial Technologies, Inc., Congoleum Corporation, Quigley Company, Inc., Thorpe Insulation Company, Flintkote Company, and Plant Insulation Company.

5. Caplin & Drysdale has previously represented the official committees of asbestos claimants in the chapter 11 reorganizations of Johns-Manville Corporation, Raytech Corporation, Owens Corning Corporation, Babcock & Wilcox Company, United States Gypsum Corporation, Kaiser Aluminum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Combustion Engineering, Inc., Federal-Mogul Global, Inc., G-I Holdings Inc., Burns & Roe Enterprises, Inc., and Western MacArthur Company (a.k.a. Western Asbestos), in all of which plans of reorganization have been confirmed.

6. Caplin & Drysdale currently represents certain advisory committees of settlement trusts created for the benefit of asbestos-related claimants pursuant to plans of reorganization consummated in several bankruptcies. These include the Celotex Asbestos Settlement Trust Advisory Committee, DII Industries LLC Asbestos PI Trust Advisory Committee, the PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company Asbestos PI Trust Advisory Committee, the Selected Counsel for the Beneficiaries of the Manville Personal

Injury Settlement Trust, ACandS Asbestos Settlement Trust Advisory Committee, the Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, the Owens Corning/Fibreboard PI Trust Advisory Committee, the United States Gypsum PI Trust Advisory Committee, the Burns and Roe Asbestos PI Settlement Trust Advisory Committee, the Federal-Mogul Asbestos Personal Injury Trust Advisory Committee, the G-I Holdings Inc. Asbestos Personal Injury Settlement Trust Advisory Committee, and the ASARCO Asbestos Personal Injury Settlement Trust Advisory Committee. In the past, Caplin & Drysdale has also represented the Trust Advisory Committee of the NGC Settlement Trust.

7. Except as set forth below, neither I, nor Caplin & Drysdale, nor any of its professionals, has any connection with the Debtors, their creditors, the United States Trustee or any other party, or their respective attorneys or accountants, as far as I have been able to ascertain pursuant to a conflicts check against (a) Debtors, (b) the entities listed as affiliated entities of the Debtors, and (c) the entities included on the List of Creditors Holding Fifty Largest Unsecured Claims against the Debtors, filed with the Court by the Debtors on June 1, 2009.

8. Mark Butitta, as Special Administrator of the Estate of Salvatore Butitta, is a creditor of Debtors. He holds a pending asbestos-related claim for personal injury or wrongful death against the Debtors and is a member of the ACC. Mr. Butitta was a member of the Official Committee of Unsecured Creditors (the "UCC") in this bankruptcy case, but resigned from that position within the last few days when the United States Trustee appointed him as a member of the ACC.

9. John D. Cooney, Esq. ("Mr. Cooney") represents Mr. Butitta in the prosecution of his claim against the Debtors. Since June 4, 2009, Caplin & Drysdale and Mr. Cooney together have represented Mr. Butitta in this bankruptcy case.

10. Mr. Cooney is currently or has previously been an attorney for members of the committees of asbestos-related litigants and/or creditors represented by Caplin & Drysdale in the following bankruptcies: Owens Corning Corporation, G-I Holdings Inc., W.R. Grace & Company, United States Gypsum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Global Industrial Technologies, Inc., Kaiser Aluminum Corporation, and Combustion Engineering, Inc.

11. Mr. Cooney is also a member of the following trust advisory committees currently represented by Caplin & Drysdale: Owens Corning/Fibreboard PI Trust Advisory Committee, United States Gypsum PI Trust Advisory Committee, PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, and the DII Industries LLC Asbestos PI Trust Advisory Committee.

12. In October 2009, counsel for the Debtors and counsel for the UCC proposed to Mr. Cooney that he (as counsel to Mr. Butitta) serve as a subcommittee of the UCC for the purpose of representing the interests of the constituency of creditors holding asbestos-related personal injury or wrongful death claims against the Debtors, and that the approval of the United States Trustee and of this Court be sought for the formation of such subcommittee and for its retention of separate counsel. Counsel for the Debtors and counsel for the UCC advised that they would promptly seek the appointment of a representative for

unknown future asbestos personal injury claimants. Mr. Cooney asked Caplin & Drysdale to serve as the subcommittee's counsel on the understanding that approval of its retention would be sought *nunc pro tunc*. With the knowledge and encouragement of counsel for the Debtors and counsel for the UCC, Caplin & Drysdale began to work in that capacity immediately, because, in their view, time was of the essence and certain matters bearing on the interests of the proposed subcommittee's constituency required immediate attention. The United States Trustee decided, after consideration, not to appoint the subcommittee, but instead to constitute the ACC which now seeks to retain Caplin & Drysdale with the approval of the Court.

13. The foregoing representations of Messrs. Butitta and Cooney create no actual conflict of interest for Caplin & Drysdale. Moreover, if the present application is granted, the work performed by Caplin & Drysdale in the course thereof will now inure to the benefit of the ACC.

14. From October 6, 2009, until its selection this month as counsel to the ACC, Caplin & Drysdale accrued time charges of approximately $100,000, and approximately $3,500 of disbursements and other charges, in performing legal services on behalf of the then-proposed subcommittee. As those services will now inure to the benefit of the ACC and its constituency, it is Caplin & Drysdale's intention, with the approval of the ACC, to seek payment of those charges by the estate and authorization thereof by this Court as part of the normal fee application process in this case.

15. Sally Maziarz, as Special Administratrix of the Estate of Jerome Maziarz, is a creditor of the Debtors and a member of the ACC. She holds a claim against the

Debtors for asbestos-related personal injury or wrongful death. Mr. Cooney represents Ms. Maziarz in the prosecution of that claim.

16. Charles Cantrell is a creditor of the Debtors and a member of the ACC. He holds a claim against the Debtors for asbestos-related personal injury. Steven Kazan, Esq. ("Mr. Kazan") represents Mr. Cantrell in the prosecution of that claim.

17. Mr. Kazan is currently or has previously been an attorney for members of the committees of asbestos-related litigants and/or creditors represented by Caplin & Drysdale for the following bankruptcies: W.R. Grace & Company, North American Refractories Company, Global Industrial Technologies, Inc., Congoleum Corporation, Thorpe Insulation Company, Flintkote Company, Plant Insulation Company, Owens Corning Corporation, United States Gypsum Corporation, Kaiser Aluminum Corporation, ACandS, Inc., Armstrong World Industries, Inc., Combustion Engineering, Inc., and Federal-Mogul Global, Inc. In addition, Mr. Kazan was himself a member of the official committee of asbestos claimants in the bankruptcy of The Babcock & Wilcox Company, and Caplin & Drysdale was counsel to that Committee.

18. Mr. Kazan is a member of the following trust advisory committees currently represented by Caplin & Drysdale: the Celotex Asbestos Settlement Trust Advisory Committee, the DII Industries LLC Asbestos PI Trust Advisory Committee, the PI Trust Advisory Committee of the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, The Babcock & Wilcox Company Asbestos PI Trust Advisory Committee, the ACandS Asbestos Settlement Trust Advisory Committee, the Kaiser Aluminum & Chemical Corporation Asbestos PI Trust Advisory Committee, the Owens Corning/Fibreboard

PI Trust Advisory Committee, the United States Gypsum PI Trust Advisory Committee, the Federal-Mogul Asbestos Personal Injury Trust Advisory Committee, the G-I Holdings Inc. Asbestos Personal Injury Settlement Trust Advisory Committee, and the ASARCO Asbestos Personal Injury Settlement Trust Advisory Committee.

19. Due to the size and nature of Caplin & Drysdale's practice and those of the Debtors' business, it is possible that, unbeknownst to me after due inquiry, Caplin & Drysdale currently represents or will represent in the future, in matters unrelated to this bankruptcy, entities that are or will become parties in interest herein. Caplin & Drysdale will supplement this Declaration if it becomes aware of any other relationships that require disclosure in this case.

20. To the best of my knowledge and information after due inquiry, Caplin & Drysdale is a "disinterested person" within the meaning of sections 101(14) and 328(c) of the Bankruptcy Code. Caplin & Drysdale does not represent any entity having an interest adverse to the ACC or Debtors' asbestos creditors in connection with this case.

21. Subject to the Court's approval, Caplin & Drysdale will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. These rates may change from time to time in accordance with Caplin & Drysdale's established billing practices and procedures. Caplin & Drysdale will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of our legal services in this case by category and nature of the services rendered. As of this date, the hourly rates of the Caplin & Drysdale attorneys and paralegals expected to serve the ACC are as follows:

| Professional | Position | Hourly Rate |
|---|---|---|
| Elihu Inselbuch | Member | $950 |
| Trevor W. Swett III | Member | $675 |
| Kevin C. Maclay | Member | $510 |
| Rita C. Tobin | Of Counsel | $545 |
| Todd E. Phillips | Associate | $300 |

This listing is not exclusive, and other attorneys and paralegals at Caplin & Drysdale may perform services for the ACC. Generally, Caplin & Drysdale's hourly rates are in the following ranges:

| Professional | Hourly Rates |
|---|---|
| Members and Of Counsel | $410 - $950 |
| Associates | $230 - $410 |
| Paralegals | $200 - $240 |

22. The proposed employment of Caplin & Drysdale is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. Caplin & Drysdale and the professionals it employs are qualified to represent the ACC in the matters for which the firm is proposed to be employed.

23. Caplin & Drysdale intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this case.

24. No promises have been received by Caplin & Drysdale or any member of the firm as to compensation in connection with this case. Caplin & Drysdale has no agreement with any other entity to share with such entity any compensation received by the law firm in connection with this case.

25. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 18, 2010.

                                                        /s/ Elihu Inselbuch
                                                        Elihu Inselbuch