**HEARING DATE AND TIME: APRIL 8, 2010 AT 9:45 A.M. (EASTERN TIME)**
**OBJECTION DEADLINE: APRIL 1, 2010 AT 4:00 P.M. (EASTERN TIME)**

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Proposed Attorneys for Movant Official Committee*
*of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                           :
MOTORS LIQUIDATION COMPANY, *et al*.,           :     Chapter 11 Case No.
     f/k/a General Motors Corp., *et al*.            :
                                                :     09-50026 (REG)
                                                :
                                                :     (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------x

**APPLICATION TO RETAIN AND EMPLOY LEGAL ANALYSIS SYSTEMS, INC. AS CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS <u>NUNC PRO TUNC</u> TO MARCH 15, 2010**

347649

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "Asbestos Claimants Committee" or "ACC"), by its attorneys, hereby submits this application ("Application") for entry of an order authorizing the retention and employment of Legal Analysis Systems, Inc. ("LAS") as consultant to the ACC on the valuation of asbestos liabilities, *nunc pro tunc* to March 15, 2010.  In support of this Application, the ACC relies upon the Declaration of LAS's principal, Mark A. Peterson, Ph.D. ("Peterson Declaration"), attached to this Application as Exhibit A.  In further support of the Application, the ACC respectfully represents as follows:

**Jurisdiction and Venue**

1.     The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory bases for the relief sought are sections 328 and 1103 of the Bankruptcy Code.

**Background**

3.     Commencing on June 1, 2009 and periodically thereafter, the Debtors filed with this Court their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

4.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued to operate their business and manage their properties as debtors-in-possession.

5.     On March 2, 2010 (the "Formation Date"), the Office of the United States Trustee appointed the ACC, pursuant to section 1102 of the Bankruptcy Code.

6. On March 18, 2010, the ACC filed an Application to employ Caplin & Drysdale, Chartered as its counsel.

### Relief Requested

7. The ACC has determined that it has need of a consultant on asbestos liabilities and has determined to employ Mark A. Peterson, Ph.D., through LAS. In order to prevent delay, the ACC asked Dr. Peterson to begin work on March 15, 2010.

8. By this Application, the ACC seeks to employ and retain LAS as its consultant on the valuation of asbestos liabilities in the above-captioned Chapter 11 case *nunc pro tunc* to March 15, 2010. LAS has a wealth of experience in providing expert consultation and advice regarding estimating liabilities for present and future asbestos claims in asbestos-related reorganization proceedings and has an excellent reputation for the services it has rendered in other Chapter 11 asbestos-related cases throughout the country.

### Basis for Relief Sought

9. LAS's services will be necessary in order to enable the ACC to, *inter alia*, investigate, analyze and estimate the likely amount of the Asbestos Claims. A fair and accurate valuation of the Asbestos Claims is necessary in order for the ACC to participate in the administration of these cases and the negotiation of a plan of liquidation and otherwise to perform its duties in front of the Bankruptcy Court, the District Court, and any appellate courts.

**LAS's Disinterestedness**

10. To the best of the ACC's knowledge, and except as disclosed in the Peterson Declaration: i) both Peterson and LAS are "disinterested parties" within the meaning of Section 101(14) and 328(c) of the Bankruptcy Code and hold no interest adverse to the ACC or the Debtors' asbestos creditors on the matters for which they are to be employed; and ii) neither Peterson nor LAS has any connection to the Debtors, their creditors or related parties herein except as explained in the Peterson Declaration.

11. LAS has reviewed its files to ensure that no conflicts or other disqualifying circumstances exist. If any such matters are discovered in the future, LAS will supplement its disclosures to the Court.

**Scope of Service**

12. LAS provides expert services regarding investigation, analysis and valuation of personal injury claims in bankruptcy and litigation related matters. The services that LAS has performed and will continue to perform for the Committee include, but are not limited to, the following:

   a. development of oversight methods and procedures so as to enable the ACC to fulfill its responsibilities of reviewing and analyzing any proposed Disclosure Statement, Plan, and other similar documents in this reorganization proceeding;

   b. review and analyses of the Debtors' asbestos claims database and review and analysis of the Debtors' resolution of various Asbestos Claims;

   c. estimation of the Debtors' liability for Asbestos Claims that are pending at the present time as well as those that will be filed in the future;

   d. quantitative analyses of alternative claims resolution procedures including estimation of payments that would be made to various types of

     claims under those alternatives and development of cash flow analysis of an asbestos compensation trust under alternative procedures;

  e. evaluation of reports and opinions of experts and consultants retained by other parties to these bankruptcy proceedings;

  f. evaluations and analyses of proposed proofs of claims and bar dates and analyses of data from proofs of claim for asbestos claims;

  g. quantitative analyses of other matters related to the Asbestos Claims as may be requested by the ACC; and

  h. testimony on such matters as is required by the ACC.

13. The ACC has selected Peterson and LAS based upon their extensive experience and knowledge with respect to asbestos-related claims analysis and valuation. As indicated in the Peterson Declaration and in Dr. Peterson's resume, attached thereto, Dr. Peterson has extensive experience in providing asbestos claims analysis services in bankruptcy and litigation matters. Included among the matters in which Dr. Peterson has provided or is currently providing consulting and expert testimony services are the bankruptcies of the Babcock & Wilcox Company, Owens Corning Corporation, Pittsburgh Corning Corporation, Armstrong World Industries, Inc., Burns & Roe Enterprises, Inc., G-I Holdings Inc., W.R. Grace & Company, United States Gypsum Corporation, Dow Corning, Raytech Corporation, Full-Austin Insulation Company, H.K. Porter Company, Inc. and numerous additional Chapter 11 restructurings. In addition, Dr. Peterson has provided consultant services to 26 asbestos trusts, including the Manville Trust, UNR Asbestos Disease Claimants Trust, National Gypsum Trust, Fibreboard Interim Trust, Eagle-Picher Asbestos Trust, Celotex and Carey Canada Trust, H. K. Porter Trust, Fuller-Austin Settlement Trust, Keene Asbestos Claimants Trust, Raytech Trust, E.J Bartels Trust, Wallace and Gale Trust, Shook and Fletcher Trust, Western

Asbestos Trust (MacArthur), Porter Hayden Trust, Combustion Engineering Trust, C. E. Thurston Trust, J. T. Thorpe Trust, ARTRA Trust, and API Trust.

14. The ACC believes that LAS's services are necessary and appropriate and will assist the ACC in fulfilling its intended role in this case.

15. LAS will carry out unique functions and will assist the ACC in coordinating the work of other retained professionals in order to avoid unnecessary duplication of services. The ACC believes that LAS is well qualified and able to represent the ACC in a cost-effective, efficient and timely manner.

### Terms of Retention

16. LAS has agreed to be retained by the ACC in exchange for payment of its fees at its normal rates (which may be adjusted periodically) and reimbursement of all reasonable out-of-pocket expenses with such payments and reimbursements to be (subject to this Court's approval) in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules and orders of this Court, as follows:

| | |
|---|---|
| Mark A. Peterson | $800 |
| Daniel Relles (Statistician) | $475 |

This listing is not exclusive, and other professionals at LAS may also perform services for the ACC.

17. In connection with the reimbursement of actual, necessary expenses, it is LAS's policy to charge its clients for direct expenses incurred in connection with providing client services, including expenses for travel, photocopying, postage, vendor charges, long distance telephone charges, delivery service and other out-of-pocket expenses incurred in providing professional services.

- 6 -

18.     All of LAS's fees and expenses in this case will be subject to approval of the Court upon proper application by LAS in accordance with Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the fee and expense guidelines established by the United States Trustee and any other applicable requirements.

### Request for *Nunc Pro Tunc* Authorization

19.     Although the ACC's application to retain Dr. Peterson through LAS as asbestos claims valuation consultant has not yet been granted, this case is progressing rapidly.  To avoid delay, the ACC has asked LAS to begin work prior to the Court's approval of this Application. Given the need of the ACC and its counsel for LAS's services, the ACC respectfully asks that the retention and employment of LAS be authorized *nunc pro tunc* to March 15, 2010.

### No Prior Request

20.     No prior application for the relief requested herein has been made to this or any other court.

### Conclusion

WHEREFORE, the ACC respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing it to retain and employ *nunc pro tunc* as of March 15, 2010, Legal Analysis Systems, Inc. as its consultant on the valuation of asbestos

liabilities in this Chapter 11 case and for such other and further relief as the Court deems just and equitable.

Dated: March 18, 2010
New York, NY

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

/s/ Elihu Inselbuch
Elihu Inselbuch
Rita C. Tobin
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Suite 1100
Washington, DC 20005
(202) 862-5000

*Proposed Attorneys for Movant Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*