UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :

In re                                     :                 Chapter 11

MOTORS LIQUIDATION COMPANY (f/k/a  :                 Case No. 09-50026 (REG)
General Motors Corp.), *et al.*,                :                 (Jointly Administered)

                     Debtors.          :                 Hon. Robert E. Gerber

------------------------------------------------------------x

**ORDER AUTHORIZING REJECTION OF CERTAIN PERSONAL PROPERTY AGREEMENTS AND/OR ABANDONMENT OF COLLATERAL TO SECURED CREDITORS**

Upon the motion by Debtors for Entry of Order Authorizing Rejection of Certain Personal Property Agreements and/or Abandonment of Collateral to Secured Creditors dated October 30, 2009 (the "**Motion**")[1], filed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365 and 554 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the rejection of certain unexpired leases of personal property and/or for abandonment of collateral, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that:

---

[1] Capitalized terms used herein and not otherwise defined herein shall be ascribed the meanings ascribed to such terms in the Motion.

1.      The Motion is granted with respect to the 2001A-7 Lease Agreements described on Exhibit A hereto (the "2001A-7 Agreements"); provided, however, that the rejection of such 2001 A-7 Lease Agreements is subject to and contingent upon the entry of the orders granting the "Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 365, and 362(d)(1) and Fed. R. Bankr. P. 9019 to (I) Approve Settlement Agreements and Compromises Regarding Certain Personal Property Equipment Leases and (II) Reject Certain Personal Property Equipment Leases" [Dkt. No. 5185] (the "**Settlement Motion**").

2.      The relief requested in the Motion with respect to the Participation Agreement, the Tax Indemnity Agreement, and the Lease Agreement listed on Exhibit A to the Motion under the heading "2001A-8 Lease" (and relating solely to the GM 2001A-8 transaction) shall be granted as and to the extent, and subject to the conditions specified in, the orders granting the Settlement Motion.

3.      This Order is without prejudice to the rights of the Debtors or any parties in interest regarding the characterization of the 2001 A-7 Agreements as leases of personal property or as disguised secured financing arrangements.

4.      If the 2001 A-7 Agreements are later determined to be leases of personal property and not disguised financing arrangements, (i) the 2001 A-7 Agreements are deemed rejected effective as of December 31, 2009 and (ii) pursuant to section 365(p) of the Bankruptcy Code, the automatic stay will be terminated as to the Assembly Line effective as of December 31, 2009.

5.      If the 2001 A-7 Agreements are later determined to be disguised secured financing arrangements and not leases of personal property, (i) the 2001 A-7 Agreements will be deemed abandoned pursuant to section 554 of the Bankruptcy Code effective as of December 31, 2009 and (ii) the automatic stay under section 362(a) of the Bankruptcy Code will be lifted

effective as of December 31, 2009 so that the appropriate Parties may take possession of the Assembly Line as of such date.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: ***March 19, 2010***
       New York, New York

                                            *s/ Robert E. Gerber*
                                            UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

| Lease Number | 2001 A-7 Lease Agreements to be Rejected |
|---|---|
| GM 2001A-7 | Participation Agreement<br>Lease (together with Lease Supplement)<br>Tax Indemnity Agreement |

5