**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :          **09-50026 (REG)**
                                                    :
                                    Debtors.        :          **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN
UNEXPIRED LEASES OF EQUIPMENT AND RELATED EXECUTORY CONTRACTS**

Upon the motion, dated October 30, 2009 (the "**Motion**")[1], of Motors Liquidation

Company and certain of its affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11 of the United

States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") to assume and assign certain unexpired leases

of equipment and related executory contracts (the "**Lessee Lease Documents**"), all as more fully

described in the Motion; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted with the modifications and to the extent

provided herein; and it is further

---

[1] All capitalized terms not defined herein shall be ascribed the meaning given to them in the Motion.

ORDERED that the assumptions of the Subject Lessee Lease Documents (as hereinafter defined) authorized hereby are subject to and contingent upon (i) the entry of the requested orders granting the "Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 365, and 362(d)(1) and Fed. R. Bankr. P. 9019 to (I) Approve Settlement Agreements and Compromises Regarding Certain Personal Property Equipment Leases and (II) Reject Certain Personal Property Equipment Leases" [Dkt. No. 5185] (the "**Settlement Motion**"), and (ii) the payment by New GM of the Cure Amounts and the Revised Additional Cures (as hereinafter defined); and it is further

ORDERED that the relief requested in the Motion with respect to the Participation Agreement, the Lease (together with the Lease Supplement), and the Tax Indemnity listed on Exhibit A to the Motion under item no. 4 (and relating solely to the GM 2001A-4 transaction) shall be granted as and to the extent, and subject to the conditions specified in, the orders granting the Settlement Motion; and it is further

ORDERED that pursuant to section 365(a) and (f) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Debtors are authorized to assume and assign the Lessee Lease Documents listed on **Exhibits I and II** attached hereto (collectively, the "**Subject Lessee Lease Documents**") to New GM, and any provision in any Subject Lessee Lease Document that terminates, recaptures, imposes a penalty with respect to, imposes a condition under, conditions renewal or extension of, results in a default or event of default under, or modifies any term or condition of the Subject Lessee Lease Documents or any document executed in connection therewith upon or as a result of the assignment of such Subject Lessee Lease Document constitutes an unenforceable anti-assignment provision which is void and of no force and effect as against any parties to such agreements including without limitation the Debtors and New GM

or their successors, assigns and transferees, in connection with the transactions authorized hereby; and it is further

ORDERED that without limiting the generality of the foregoing, any requirement in the Subject Lessee Lease Documents requiring New GM to provide financial statement reporting in excess of the Revised Proposed Reporting (as hereinafter defined), is an unenforceable anti-assignment provision; and it is further

ORDERED that for purposes hereof, the "**Revised Proposed Reporting**" shall mean New GM's provision to all parties due financial reporting under the Subject Lessee Lease Documents with the following: (A) within ten (10) days after GM Holdco has filed the same with the SEC, copies of quarterly and annual reports and of the information, documents and other reports (or copies of such portions of any of the foregoing as the SEC may from time to time by rules and regulations prescribe) which GM Holdco filed or files with the SEC pursuant to Section 13 or Section 15(d) of the Securities Exchange Act of 1934; or, if GM Holdco is not required to file information, documents or reports pursuant to either of such sections, then, within ten (10) days after GM Holdco has filed the same with the SEC, copies of the supplementary and periodic information, documents and reports which GM Holdco filed or files with the SEC and which may be required by Section 13 of the Securities Exchange Act of 1934 in respect of a security listed and registered on a national securities exchange as the SEC may from time to time by rules and regulations prescribe (it being understood that the quarterly and annual reports, information, documents and other reports that GM Holdco files with the SEC via the EDGAR filing system (or any successor system thereto), or otherwise makes widely available via electronic means within ten (10) days after the date that GM Holdco files the same with the SEC, shall be deemed to be delivered); and (B) as soon as available, but in any event not

later than 55 days after the end of the third fiscal quarter of the Lessee's 2009 fiscal year, the unaudited managerial balance sheet of the Lessee and its consolidated subsidiaries as at the end of such quarter and the related unaudited consolidated managerial statements of operations and managerial statement of cash flows for such quarter and the portion of the fiscal year through the end of such quarter, setting forth in each case in comparative form the figures as of the end of and for the corresponding period in the previous year, certified by the Lessee as being fairly stated in all material respects (subject to the absence of footnotes and to normal year-end audit adjustments); provided, that with respect to the Lessee's quarterly financial statements to be provided for the third fiscal quarter of 2009, such financial statements shall be provided on a modified basis within 55 days after the end of such third fiscal quarter, with GAAP-compliant versions of such financial statements to be provided within ten (10) days after the same have been filed with the SEC (it being understood that such statements, if filed via the EDGAR filing system (or any successor system thereto), or otherwise made widely available via electronic means within ten (10) days after the date that GM Holdco files the same with the SEC, shall be deemed to be delivered); and it is further

ORDERED that provision of the Revised Proposed Reporting shall be deemed substantially equivalent to any obligation of New GM to provide quarterly or annual financial statements substantially equivalent to those required by Section 13 and 15(d) of the Securities Exchange Act; and it is further

ORDERED that concurrently with the consummation and performance of the transactions described in this Order, the requirements of § 365(b)(1) of the Bankruptcy Code with respect to the assumptions and assignments authorized hereby are deemed satisfied; and it is further

ORDERED that upon the effectiveness of the assumptions and assignments contemplated hereby, the Subject Lessee Lease Documents shall remain in full force and effect for the benefit of New GM, notwithstanding any provision in any such Subject Lessee Lease Document (including those of the type described in §§ 365(b)(2), (e)(1), and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer; and it is further

ORDERED that upon the assumption by the Debtors and assignment to New GM of the Subject Lessee Lease Documents, and the payment in full of the Cure Amounts and satisfaction of the Revised Additional Cures by New GM, all defaults or events of default under the Subject Lessee Lease Documents shall be deemed to have been cured, and any counterparty to any such Subject Lessee Lease Documents, its successors, assigns or transferees, shall be prohibited from exercising any rights or remedies against any Debtor or non-Debtor party (including without limitation New GM) to such Subject Lessee Lease Document based on an asserted default or event of default that occurred on, prior to, or as a proximate result of the assumption and assignment, including the types of default specified in § 365(b)(1)(A); and it is further

ORDERED that in lieu of the provisions for the assertion of Additional Cure Amounts described in the Motion, all of New GM's obligations to pay any Additional Cure Amounts shall be deemed fully and finally satisfied in consideration of the following:  (a) New GM shall pay the fees and expenses of the 1991 A-3 Pass Through Trustee and the 1991 A-3 Indenture Trustee in the aggregate amount of $66,191.0, by wire transfer, to an account to be designated in writing by such Pass Through Trustee and Indenture Trustee; (b) in Section 5(b) of each of the Letter Agreements, the figure $750,000 shall be deemed reduced to $669,822, with

all other terms and conditions of the Letter Agreements to remain in full force and effect; and (c)

New GM shall have undertaken the obligations under subparagraph 5(c) of the "Global

Settlement Agreement" (the "**Settlement Agreement**" as defined in, and attached to, the

Settlement Motion as Exhibit A) (collectively, the "**Revised Additional Cures**"); and it is

further

ORDERED that payment of the Cure Amounts listed in **<u>Exhibits I and II</u>** (plus

any regularly scheduled lease payments coming due under the Subject Lessee Lease Documents,

if any, between March 31, 2010 and the date on which the Cure Amounts are paid by New GM),

together with the satisfaction of the Revised Additional Cures as described in the immediately

preceding paragraph of this Order, are sufficient to cure and remedy all defaults or events of

default under the Subject Lessee Lease Documents and related agreements and no person or

entity, including without limitation New GM, shall have any liability for any Make-Whole

Premium (as defined in the respective Subject Lessee Lease Documents) or any other penalty or

premium related to the acceleration or prepayment of the Equipment Notes or any other pre-

assumption default or event of default including, without limitation, any lease event of default

arising from the Debtors' Chapter 11 petitions; and it is further

ORDERED that each non-Debtor party to a Subject Lessee Lease Document is

forever barred, estopped and permanently enjoined from (a) asserting against the Debtors or New

GM, their successors or assigns, or their respective property, any default or event of default, or

any claim on account of any default or event of default, which default or event of default arose

prior to, exists as of the date of, or arises as a proximate consequence of, the assumptions and

assignments authorized hereby, (b) asserting against New GM any counterclaim, defense or

setoff, or (c) imposing or charging against the Debtors, New GM, or their affiliates any

accelerations, assignment fees, increases or other fees as a result of any pre-existing default or event of default or the assumptions and assignments authorized hereby, *provided*, *however*, that the foregoing shall not apply to (i) the payment of the Cure Amounts, (ii) the satisfaction of the Revised Additional Cures, or (iii) any claim or obligation of the kind described in Section 7(g) of the Settlement Agreement (excluding any claim or obligation on the part of New GM to provide reporting in excess of the Revised Proposed Reporting, which claims and obligations, for avoidance of doubt, ***are*** enjoined hereby); and it is further

ORDERED that all of the assumptions and assignments authorized hereby shall occur simultaneously and the effectiveness of each shall be contingent on the effectiveness of all; and it is further

ORDERED that the assumptions and assignments authorized hereby shall not be effective until this Order has become final and non-appealable; provided, however, that New GM and the respective Counterparties may elect to waive the condition that this Order has become final and non-appealable; and it is further

ORDERED that if this Order shall not be appealed, the assumptions and assignments authorized hereby shall become effective on the fifteenth day following the entry of this Order (or such earlier day as New GM and the Counterparties may elect); and it is further

ORDERED that upon the effectiveness of the assumptions and assignments authorized hereby, the Debtors shall forever be released from any and all liability and claims under the Subject Lessee Lease Documents; and it is further

ORDERED that the payment of the Cure Amounts, and the satisfaction of the Revised Additional Cures shall be obligations of New GM; and it is further

ORDERED that upon the effectiveness of the assumptions and assignments authorized hereby, the Letter Agreements shall be fully effective and binding obligations of the parties thereto; and it is further

ORDERED that regardless of whether such tax has accrued prior to or after the date on which the assumptions contemplated hereby become effective, nothing herein shall prohibit any party to the Subject Lessee Lease Documents from seeking indemnification for the Michigan Business Tax from New GM, and New GM shall be liable for such indemnification to the extent the Lessee under the Subject Lessee Lease Documents is liable for such indemnification under the terms of the Subject Lessee Lease Documents; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: **_March 19, 2010_**
      New York, New York

                                         **_s/ Robert E. Gerber_**
                                         UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit I</u>**
**<u>Leveraged Lease Transactions</u>**

|  | Lease Number | Subject Lessee Lease Documents Assumed | Cure Amount |
|---|---|---|---|
| 1 | GM 1991A-3 | Participation Agreement<br>Lease (together with Lease Supplement)<br>Tax Indemnity Agreement<br>Pass Through Trust Agreement 1991A-1<br>Pass Through Trust Agreement 1991A-2<br>Purchase Option Agency Agreement<br>County Lease Rights Assignment | (a) $21,482,050.11 (of which $955,519.61 shall be distributed by the Indenture Trustee to the Owner Trustee), plus<br><br>(b) as additional interest due to the Indenture Trustee and/or the Note Purchasers, the sum of $762,829.42 plus or minus a per diem amount of $4,767.68 for each day before or after March 25, 2010 on which the Cure Amount is paid |
| 2 | GM 2000A-1 | Participation Agreement<br>Lease (together with Lease Supplement)<br>Tax Indemnity Agreement<br>Pass Through Trust Agreement | (a) $2,154,802.36, plus<br><br>(b) as additional interest due to the Indenture Trustee and/or the Note Purchasers, the sum of $14,425.43 |
| 3 | GM 2001A-3 | Participation Agreement<br>Lease (together with Lease Supplement)<br>Tax Indemnity Agreement | (a) $226,752.80, plus<br><br>(b) as additional interest due to the Indenture Trustee and/or the Note Purchasers, the sum of $1,362.56 |
| 4 | GM 2001A-5 | Participation Agreement<br>Lease (together with Lease Supplement)<br>Tax Indemnity Agreement | (a) $3,570,510.87, plus<br><br>(b) as additional interest due to the Indenture Trustee and/or the Note Purchasers, the sum of $21,991.83 |

|   | Lease Number | Subject Lessee Lease Documents Assumed | Cure Amount |
|---|---|---|---|
| 1 | GM 2002A-1 | Participation Agreement Lease (together with Lease Supplement) Tax Indemnity Agreement | $59,788.73 |
| 2 | GM 2002A-2 | Participation Agreement Lease (together with Lease Supplement) Tax Indemnity Agreement | $73,844.44 |