**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :   **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*   :
                                                            :
        **Debtors.**   :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 365 APPROVING (I) OMNIBUS SETTLEMENT AGREEMENT AND COMPROMISE AND (II) REJECTION OF CERTAIN PERSONAL PROPERTY EQUIPMENT LEASE AGREEMENTS

Upon the Motion, dated March 4, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to Rules 9019 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 365(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order approving and ratifying, among other things, the omnibus settlement agreement and compromise attached as <u>**Exhibit B**</u> to the Motion (the "**Omnibus Agreement**"), between (i) Motors Liquidation Company, (ii) MLCS, LLC (f/k/a Saturn, LLC), (iii) General Motors LLC, (iv) General Motors Canada Limited, (v) General Electric Capital Corporation, (vi) General Electric Canada Management Services, (vii) U.S. Bank National Association, as owner trustee under certain of the Subject Leveraged Leases Transactions, and (viii) U.S. Bank Trust National Association, as owner trustee under the SIL Lease Transactions, as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is ordered that:

1. The Debtors' entry into the Omnibus Agreement is in the best interests of the Debtors and their estates;

2. The settlements and compromises embodied in the Omnibus Agreement are within the range of reasonableness;

3. The Debtors' entry into the Omnibus Agreement is authorized, ratified and directed and the Debtors are authorized to take all steps necessary and appropriate to consummate and otherwise effectuate the terms of the Omnibus Agreement without further order of this Court;

4. Upon entry of this Order, all terms and conditions of the Omnibus Agreement shall become effective;

5. The Debtors, New GM, GM Canada, GECC, GE Canada, U.S. Bank, as owner trustee under the Subject Leveraged Lease Transactions designated as GM 2001 A-2, GM 2001 A-4, GM 2001 A-6 and GM 2001 A-8 (the "**Leveraged Lease Owner Trustee**"), and U.S. Bank Trust, as owner trustee under the SIL Lease Transactions (the "**SIL Owner Trustee**", together with the Leveraged Lease Owner Trustee, the "**Owner Trustees**") have negotiated and entered into the Omnibus Agreement in good faith;

6. The rejection of the Rejected Leases (i) constitutes an exercise of sound business judgment by the Debtors, made in good faith and for legitimate commercial reasons, (ii) is

appropriate and necessary under the circumstances described in the Motion, and (iii) is warranted and permissible under Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006;

7. The Subject Leveraged Lease Transaction designated as GM 2001 A-6 is deemed rejected effective as of July 31, 2009;

8. The Subject Leveraged Lease Transaction designated as GM 2001 A-8 is deemed rejected effective as of December 31, 2009;

9. The B-1 Lease is deemed rejected effective as of January 31, 2010;

10. The Mobile Equipment Leases and Furniture Leases are deemed rejected effective as of the date of this Order;

11. The automatic stay is lifted to the extent necessary to consummate the sale of the B-1 Leased Equipment, the Mobile Equipment Property and the Furniture as contemplated by the Omnibus Agreement;

12. All pre-petition and post-petition payments previously made by MLC or New GM, respectively, (i) to the Indenture Trustees pursuant to the terms of the Subject Leveraged Lease Transactions designated GM 2001 A-2, GM 2001 A-4, GM 2001 A-6, and GM 2001 A-8 (the "**Leveraged Leases**") or pursuant to the *Stipulation and Order Resolving Objection to Sale Motion*, dated July 2, 2009 [Dkt. # 2947] (the "**Stipulated Order**"), as applicable, for the benefit of GECC under the Leveraged Leases, (ii) to the Owner Trustees under the SIL Lease Transactions pursuant to the terms of the SIL Lease Transactions or pursuant to the Stipulated Order, as applicable, for the benefit of GECC, or (iii) directly to GECC under the Mobile Equipment Leases and the Furniture Leases are deemed approved and indefeasible;

13. Pursuant to section 365(a) and (f) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014 and the Court's Order [Docket No. 92] (the "**Assumption Procedures Order**")

3

authorizing certain Sale and Assumption Procedures in these chapter 11 cases, the Debtors are authorized to assume and assign the Subject Leveraged Lease Transaction designated as GM 2001 A-4 and the C-1 Lease to General Motors LLC in accordance with, and as modified by, the Amended A-4 Lease Documents and the Amended C-1 Lease Documents, respectively;

14. From and after the Closing Date, GECC and the Owner Trustees shall have no continuing obligations or responsibilities with respect to the Rejected Leases and the Purchased Equipment, including, without limitation, any duty or obligation to retrieve, remove, dispose of, or otherwise deal with the Purchased Equipment;

15. Upon the assumption by the Debtors and assignment to Purchaser of the Amended A-4 Lease Documents, all defaults or events of default under the Subject Leveraged Lease Transaction designated as GM 2001 A-4 (including, without limitation, "Events of Default" as defined in Section 15 of the lease agreement for the Subject Leveraged Lease Transaction designated as GM 2001 A-4) shall be deemed remedied, cured and otherwise eliminated and any counterparty to the Amended A-4 Lease Documents, its successors, assigns or transferees, shall be prohibited from exercising any rights or remedies against any Debtor or non-Debtor party (including without limitation GECC in its capacity as Owner Participant and the Owner Trustee under the Subject Leveraged Lease Transaction designated as GM 2001 A-4) to such Amended A-4 Lease based on an asserted default, including, without limitation, any lease event of default arising from or related to these chapter 11 cases, or event of default that occurred on, prior to, or as a proximate result of the assumption and assignment, including the types of default specified in § 365(b)(1)(A) of the Bankruptcy Code;

4

16.     The mutual releases provided in Section 8 of the Omnibus Agreement shall be effective and binding on all parties thereto, subject to the limitations as set forth in Section 8(g) of the Omnibus Agreement;

17.     The automatic stay is modified to allow GECC the right to issue notices to the Debtors and an invoice for an amount equal to the Lump Sum Lender Termination Payment solely to the extent provided in section 13(e) of the Omnibus Agreement;

18.     To the extent not otherwise addressed by the terms of this Order, the terms and conditions of the Omnibus Agreement are incorporated by reference and approved by this Court;

19.     To the extent any conflicts exists between the terms and conditions of the Omnibus Agreement and this Order, this Order shall control;

20.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: **_March 19, 2010_**
       New York, New York

                                        **_s/ Robert E. Gerber_**
                                        UNITED STATES BANKRUPTCY JUDGE

CH\1146827.10