> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*   :
                                    :
                    **Debtors.**            :        **(Jointly Administered)**
                                    :
------------------------------------------------------------x

## <u>NOTICE OF DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS</u>
### (Workers' Compensation Claims)

**PLEASE TAKE NOTICE** that on March 22, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their twelfth omnibus objection to claims (the "**Twelfth Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the Twelfth Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **April 29, 2010 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE TWELFTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**IF YOU HAVE RECEIVED THE TWELFTH OMNIBUS OBJECTION TO CLAIMS BECAUSE YOUR CLAIM APPEARS ON EXHIBIT "A" AND YOU HAVE BEEN RECEIVING WORKERS' COMPENSATION BENEFITS, YOU SHOULD NOW BE RECEIVING BENEFITS FROM GENERAL MOTORS LLC (f/k/a NGMCO, INC.) ("NEW GM"). THE TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD NOT AFFECT YOUR RIGHTS TO CONTINUE RECEIVING BENEFITS FROM NEW GM. IF YOU HAVE ANY QUESTIONS REGARDING YOUR BENEFITS, PLEASE CALL 1-800-489-4646.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Twelfth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United

States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington,

DC 20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael

J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP,

attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New

York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren

Macksoud, Esq., and Jennifer Sharett, Esq.); (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Diana G. Adams, Esq.); and (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers

Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie

Kuelher, Esq.), so as to be received no later than **April 22, 2010 at 4:00 p.m. (Eastern Time)**

(the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Twelfth Omnibus Objection to Claims or any claim set forth thereon,

the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the Debtors' Twelfth Omnibus

Objection to Claims, which order may be entered with no further notice or opportunity to be

heard offered to any party.

Dated: New York, New York
       March 22, 2010

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                         :

In re                         :        **Chapter 11 Case No.**
                         :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :       **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*      :

                         :

              **Debtors.**        :        **(Jointly Administered)**
                         :
------------------------------------------------------------x

**DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS**
**(Workers' Compensation Claims)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
**EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**<u>Relief Requested</u>**

      1.    The Debtors file this twelfth omnibus objection to claims (the "**Twelfth**

**Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket

No. 4180], seeking entry of an order disallowing and expunging from the claims register the

Workers' Compensation Claims (as hereinafter defined) listed on **Exhibit "A"** annexed hereto.[1]

2.    The Debtors have examined the proofs of claim identified on Exhibit A

and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed*

*and Expunged*" seek recovery of amounts for which the Debtors are not liable.  Each proof of

claim identified on Exhibit A is a workers' compensation claim (collectively, the "**Workers'**

**Compensation Claims**").  The Workers' Compensation Claims were expressly assumed by

General Motors LLC (f/k/a NGMCO, Inc.) ("**New GM**") in connection with the sale of

substantially all the assets of the Debtors to New GM and are, therefore, improperly filed against

the Debtors.[2]

3.    If any claimant received the Twelfth Omnibus Objection to Claims

because their claim appears on Exhibit A and they have been receiving workers' compensation

benefits, they should now be receiving benefits from New GM.  The Twelfth Omnibus Objection

to Claims should not affect such claimant's rights to continue receiving benefits from New GM.

---

[1]    Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy
estates on the Debtors' claims register on the website maintained by the Debtors' claims agent,
www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors
without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden
City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by
calling The Garden City Group, Inc. at 1-703-286-6401.

[2]    New GM did not assume workers' compensation claims with respect to employees residing in or employed
in the states of Alabama, Georgia, New Jersey, and Oklahoma, as the case may be as defined by applicable law.
Such claims are not included on Exhibit A.

**If any such claimant has any questions regarding their benefits, they should call 1-800-489-**

**4646.**

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### General Background

5.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**Realm/Encore Debtors**")[4] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Chapter 11 Case Number 09-50026 (REG).  On

September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and

statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009,

the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of

financial affairs.

6.      On September 16, 2009, this Court entered an order [Docket No. 4079]

establishing November 30, 2009, as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order [Docket No. 4586] establishing February 1, 2010, as the deadline for each

person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except

---

[3]      The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4]      The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., Ch. 11 Case No. 09-50029 and Environmental Corporate Remediation Company, Inc., Ch. 11 Case No. 09-50030.

governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court

established June 1, 2010, as the deadline to file a proofs of claim).

7.      Furthermore, on October 6, 2009, this Court entered the Procedures Order,

which authorizes the Initial Debtors, among other things, to file omnibus objections to no more

than 100 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007

and those additional grounds set forth in the Procedures Order.  The Claimants that are listed in

Exhibit A have all filed claims against the Initial Debtors.

### Relevant Background to the Workers' Compensation Claims

8.      New GM expressly assumed certain workers' compensation claims.  In

this Court's Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale

and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchase; (II)

Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases

in Connection with the Sale; and (III) Granting Related Relief [Docket No. 2968] (the "**Sale**

**Order**"), the Court established that "Purchaser [New GM] shall assume all liabilities of the

Debtors arising out of, relating to, in respect of, or in connection with workers' compensation

claims against any Debtor, except for workers' compensation claims against the Debtors with

respect to Employees residing in or employed in, as the case may be as defined by applicable

law, the states of Alabama, Georgia, New Jersey, and Oklahoma."  (Sale Order ¶ 59, selected

pages of which are annexed hereto as **Exhibit "B**."[5])

9.      The Court's ruling in the Sale Order is reflected in the Amended Master

Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn

Distribution Corporation, and Chevrolet-Saturn of Harlem, Inc., as Sellers, and NGMCO, Inc., as

---

[5]      A complete copy of the Sale Order is available online at
http://docs.motorsliquidationdocket.com/pdflib/2968_order.pdf.

Purchaser dated as of June 26, 2009, as amended (the "**Master Sale and Purchase Agreement**"), selected pages of which are annexed hereto as **Exhibit "C**."[6] Section 2.3 of the Master Sale and Purchase Agreement details the liabilities that New GM has assumed.  In Section 2.3(a)(x), New GM agreed to assume "all Liabilities of Sellers arising out of, relating to, in respect of, or in connection with workers' compensation claims against any Seller, except for Retained Workers' Compensation Claims."  (Exhibit C at 30, § 2.3(a)(x).)  The Master Sale and Purchase Agreement then makes clear that New GM will not assume "workers' compensation Claims with respect to Employees residing in or employed in, as the case may be as defined by applicable Law, the states set forth on Exhibit G [which are Alabama, Georgia, New Jersey, and Oklahoma] (collectively, 'Retained Workers' Compensation Claims')."  (*Id.* at 33, § 2.3(b)(xii).)

## The Relief Requested Should Be Approved By the Court

10.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co. v. Oneida Ltd.*, No. 09-CV-2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

---

[6]      A complete copy of the Master Sale and Purchase Agreement is available online at http://docs.motorsliquidationdocket.com/pdflib/Amended-MSPA_cb.pdf.

Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

12.    As stated above, New GM assumed most workers' compensation claims, leaving the Debtors with no liability for such claims. After having examined the Workers' Compensation Claims listed on Exhibit A, the Debtors have determined that these were expressly assumed by New GM under the Master Sale and Purchase Agreement and are, therefore, claims improperly filed against the Debtors. None of the claims on Exhibit A relate to employees residing in or employed in Alabama, Georgia, New Jersey, or Oklahoma (i.e., claims that were not assumed by New GM), as the case may be as defined by applicable law.

13.    To avoid the possibility of improper recovery against the Debtors' estates and for the benefit of the proper creditors of the Debtors, the Debtors request that the Court disallow and expunge in their entirety the Workers' Compensation Claims. Further, the Debtors reserve all their rights to object to any Workers' Compensation Claims as to which the Court does not grant the relief requested herein on any other basis.

## Notice

14.    Notice of the Twelfth Omnibus Objection to Claims has been provided to each claimant asserting a Workers' Compensation Claim on Exhibit A and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       March 22, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                           :
In re                                      :          **Chapter 11 Case No.**
                                           :
**MOTORS LIQUIDATION COMPANY,** *et al.,*  :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                                           :
       **Debtors.**                    :          **(Jointly Administered)**
                                           :
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS
**(Workers' Compensation Claims)**

Upon the twelfth omnibus objection to claims, dated March 22, 2010 (the

"**Twelfth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General

Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy**

**Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking

entry of an order disallowing and expunging the Workers' Compensation Claims on the grounds

that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully

described in the Twelfth Omnibus Objection to Claims; and due and proper notice of the Twelfth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Twelfth Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Twelfth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Twelfth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twelfth Omnibus Objection to Claims

is granted as provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and

Expunged*" (collectively, the "**Workers' Compensation Claims**") are disallowed and expunged

from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, any claim listed on Exhibit A annexed to the Twelfth Omnibus

Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not

disallowed or expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge

Twelfth Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| AARON GUNN<br>PO BOX 1120<br><br>FLORISSANT, MO 63031 | 65650 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$12,000.00   (U)<br><br>$12,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO A ECHEVERRY<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46051 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO A ECHEVERRY<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46053 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO A ECHEVERRY<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46054 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO A ECHEVERRY<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46057 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
| --- | --- | --- | --- | --- | --- |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| ANTONIO ECHEVERRY C/O KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 46052 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO ECHEVERRY C/O KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 46058 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ANTONIO ECHEVERRY C/O KRETMAR BEATTY & SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 51148 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| BARBARA A PARSON C/O KRETMAR BEATTY & SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 49358 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| BOBBY G COX C/O KRETMAR BEATTY & SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 49344 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
| --- | --- | --- | --- | --- | --- |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| BRENT PRICE C/O DANIEL I WALKENHORST 900 OLIVE STE 400 ST LOUIS, MO 63101 | 63566 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $50,000.00   (P) $0.00   (U) $50,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| CAROL MAGUIRE C/O KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 46044 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| CAROLYN ANDERSON C/O KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MI 63144 | 49386 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| CAROLYN J TAYLOR J MARK KEIL/HENRY M MILLER ATTORNEYS AT LAW 5770 MEXICO RD SUITE A ST PETERS, MO 63376 | 38849 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| CHARLES WELLMAN C/O KRETMAR, BEATTY & SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 UNITED STATES OF AMERICA | 51153 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| DALE HACKMANN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S  BRENTWOOD BLVD  STE 20<br>ST LOUIS, MO 63144 | 46148 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DALE HACKMANN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49345 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DALILA SANDERS<br>FLOYD LAW FIRM<br>8151 CLAYTON ROAD SUITE 202<br>ST LOUIS, MO 63117<br>UNITED STATES OF AMERICA | 49699 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DARLINE TAYLOR<br>MICHAEL E SWENEY<br>CATES & SWENEY PC<br>225 SOUTH MERAMEC SUITE 200<br>CLAYTON, MO 63105 | 38870 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$59,562.00  (U)<br>$59,562.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DAVID E COUTS<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49343 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

**Exhibit A**

<u>Motors Liquidation Company</u>, et al.
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| DAVID FISHER<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD  STE 20<br>ST LOUIS, MO 63144 | 46146 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBORAH A DEVOLE<br>DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63560 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$50,000.00   (P)<br>$0.00   (U)<br>$50,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBORAH DEVOLE<br>2 PRESCOTT CT<br>OFALLON, MO 63366 | 28037 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBORAH S KRAMER<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46047 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBORAH S KRAMER<br>C/O KRETMAR, BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49390 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
| --- | --- | --- | --- | --- | --- |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| DEBORAH S KRAMER<br>C/O KRETMAR, BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49391 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBRA A RICE<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49368 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DEBRA A RICE<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49369 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DELIA C GARRETT<br>DAVID W WHIPPLE<br>201 NORTH SPRING STREET<br>INDEPENDENCE, MO 64050 | 37133 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DENICE A ALLEN<br>C/O CHARLES W BOBINETTE ATTORNEY AT LAW<br>906 OLIVE STREET SUITE 300<br>ST LOUIS, MO 63101 | 61006 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$126,478.01  (U)<br>$126,478.01  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

## Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| DENICE R TUNSTALL<br>C/O JAMES F MALONE, ATTORNEY AT LAW<br>8000 MARYLAND AVE STE 1000<br>ST LOUS, MO 63105 | 37153 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DENNIS BURTHARDT<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49342 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DENNIS BURTHARDT<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUS, MO 63144 | 49385 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DENNIS BURTHARDT<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49387 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| DIANE L SANDZA<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 51143 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

# Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| DONALD R WHITE<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46055 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| EDDIE D RAYBURN<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49372 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| EDWARD C MOORE<br>2 LAKEVIEW DR<br>LAKE ST LOUIS, MO 63367 | 61701 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$54,000.00   (P)<br>$0.00   (U)<br>$54,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ELLIS FREEMAN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49350 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| ELLIS FREEMAN<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49399 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Twelfth Omnibus Objection**

## Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
| --- | --- | --- | --- | --- | --- |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| EUGENE M PATTERSON C/P KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 49359 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| EVAN J BEATTY C/O KRETMAR BEATTY & SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 51146 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| EVAN J BEATTY C/O KRETMAR, BEATTY & SANDZA 2025 S BRENTWOOD BLVD, STE 20 ST LOUIS, MI 63144 UNITED STATES OF AMERICA | 51351 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| FELICIA WILLIS C/O KRETMAR BEATTY & SANDZA 2025 S BRENTWOOD BLVD  STE 20 ST LOUIS, MO 63144 | 46135 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN C/O KRETMAR BEATTY SANDZA 2025 S BRENTWOOD BLVD STE 20 ST LOUIS, MO 63144 | 46039 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Twelfth Omnibus Objection**

# Exhibit A

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| GABRIEL MARIN<br>CO/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46040 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46041 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 46042 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49351 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49361 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| GABRIEL MARIN<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49362 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GABRIEL MARIN JR<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49354 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GARRY W ROWE<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49371 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GARY D PRATT<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD  STE 20<br>ST LOUIS, MO 63144 | 46131 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GERALD YOUNG<br>C/O KRETMAR BEATTY SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144 | 49378 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| | | | | | |
|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| GORDON D SIEBERG<br>C/O KRETMAR BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144<br><br>Unliquidated | 51149 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GORDON D SIEBERG<br>C/O KRETMAR, BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144<br>UNITED STATES OF AMERICA<br><br>Unliquidated | 51150 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| GORDON D SIEBERG<br>C/O KRETMAR, BEATTY & SANDZA<br>2025 S BRENTWOOD BLVD STE 20<br>ST LOUIS, MO 63144<br>UNITED STATES OF AMERICA<br><br>Unliquidated | 51152 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JAMES F LINDMEIER<br>LAWRENCE J CHRUM<br>901 FIRST CAPITOL DR #200<br>ST CHARLES, MO 63301<br>UNITED STATES OF AMERICA | 62951 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$100,000.00   (U)<br>$100,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JD PLEASANT<br>DOBSON GOLDBERG BERNS & RICH LLC<br>C/O MICHAEL C GOLDBERG<br>5017 WASHINGTON PLACE 3RD FLOOR<br>ST LOUIS, MO 63108 | 49542 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$500,000.00   (U)<br>$500,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| JOSEPH DONNELL<br>1078 GREENFIELD CIRCLE<br><br>BRANDON, MS 39042 | 67650 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$342,578.27  (U)<br>$342,578.27  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JOSEPH DONNELL<br>1078 GREENFIELD CIRCLE<br><br>BRANDON, MS 39042 | 67651 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$9,980.40  (U)<br>$9,980.40  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JOSEPH JOHNSTON<br>C/O LAW OFFICE OF ELLEN E MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119 | 61599 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JOSEPH JOHNSTON<br>LAW OFFICES OF ELLEN E MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119 | 61600 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JOSEPH JOHNSTON<br>C/O LAW OFFICES OF ELLEN D MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119<br>UNITED STATES OF AMERICA | 61601 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Twelfth Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| JOSEPH JOHNSTON<br>C/O LAW OFFICES ELLEN E MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119<br>UNITED STATES OF AMERICA | 61602 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JOSEPH JOHNSTON<br>C/O LAW OFFICES OF ELLEN D MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119 | 61603 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JULIA G HARTMAN<br>412 CLINTON DR<br>GOWER, MO 64454 | 21905 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JULIA G HARTMAN<br>412 CLINTON DR<br>GOWER, MO 64454 | 21908 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| JULIA G HARTMAN<br>412 CLINTON DR<br>GOWER, MO 64454 | 21909 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| KAREN ELLIS<br>C/O DANIEL T WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 64059 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| KAREN ELLIS<br>C/O DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 64060 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| KIMBERLY A MCCARTY<br>DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63561 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| KIMBERLY A MCCARTY<br>DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63562 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| KIMBERLY A MCCARTY<br>DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63563 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| KIMBERLY A MCCARTY<br>DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63564 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Twelfth Omnibus Objection**

## Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| KIMBERLY A MCCARTY<br>C/O DANIEL J WALKENHORST<br>906 OLIVE STE 400<br>ST LOUIS, MO 63101 | 63565 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$50,000.00 (P)<br>$0.00 (U)<br>$50,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| MICHAEL GENDRON<br>LAW OFFICES OF ELLEN D MORGAN<br>7923 BIG BEND BOULEVARD<br>WEBSTER GROVES, MO 63119 | 61606 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$50,000.00 (P)<br>$0.00 (U)<br>$50,000.00 (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| MICHELLE GRANICH<br>C/O JOHN A BOUHASIN ESQUIRE<br>BOUHASIN LAW FIRM PC<br>5201 HAMPTON AVE<br>ST LOUIS, MO 63109 | 67786 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,000.00 (U)<br>$50,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| MONICA RUSSELL<br>C/O DAVID A SLOCUM<br>THE EPPRIGHT LAW OFFICE LLC<br>1600 GENESSEE SUITE 260<br>KANSAS CITY, MO 64102 | 43438 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$500,000.00 (U)<br>$500,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| MYREICE JAMES<br>JAMES N GUIRL II<br>GUIRL LAW FIRM<br>720 OLIVE ST STE 1925<br>ST LOUIS, MO 63101 | 58682 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$30,879.08 (U)<br>$30,879.08 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| MYREICE JAMES<br>JAMES N GUIRL II<br>GUIRL LAW FIRM<br>720 OLIVE ST STE 1925<br>ST LOUIS, MO 63101 | 58683 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$33,937.12 (U)<br>$33,937.12 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| MYRTIS M LONDON C/O MICHAEL E SWENEY CATES & SWENEY PC 225 SOUTH MERAMEC SUITE 200 CLAYTON, MO 63105 | 39062 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $0.00   (P) $1,348,183.93   (U) $1,348,183.93   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| PATRICIA MORROW MARK A CANTOR CANTER AND BURGER 12283 OLIVE BLVD ST LOUIS, MO 63141 | 16830 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| PATRICIA MORROW MARK A CANTOR CANTOR AND BURGER 12283 OLIVE BLVD ST LOUIS, MO 63141 | 16832 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| PATRICIA MORROW AND CANTOR AND BURGER CANTOR AND BURGER 12283 OLIVE BLVD ST LOUIS, MO 63141 | 16831 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| RAUSCHER, DAVID J ESQ 500 CHESTERFIELD CEN, STE 355 CHESTERFIELD, MO 63017 | 19919 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| | | | | | |
|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| SCOTT HENDRICKSON<br>LAW OFFICES OF ELLEN E MORGAN<br>7923 BIG BEND BLVD<br>WEBSTER GROVES, MO 63119<br>UNITED STATES OF AMERICA | 61604 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$50,000.00   (P)<br>$0.00   (U)<br>$50,000.00   (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| SYLVIA WINKLE<br>1534 BRIAR MEADOW RD<br>NORMAN, OK 73071 | 1703 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$50,000.00   (P)<br>$0.00   (U)<br>$50,000.00   (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| SYLVIA WINKLE<br>LAW OFFICES OF ELLEN E MORGAN<br>7923 BIG BEND BOULEVARD<br>WEBSTER GROVES, MO 63119 | 61607 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$50,000.00   (P)<br>$0.00   (U)<br>$50,000.00   (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| THEODIS JOHNSON<br>C/O MR JEFFREY S ROTH<br>ATTORNEY AT LAW<br>1015 LOCUST ST STE 1050<br>ST LOUIS, MO 63101 | 16561 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$63,559.84   (P)<br>$0.00   (U)<br>$63,559.84   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |
| THEODIS JOHNSON<br>C/O JEFFREY S ROTH, ATTORNEY AT LAW<br>1015 LOCUST ST STE 1050<br>ST LOUIS, MO 63101 | 23423 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$81,087.44   (P)<br>$0.00   (U)<br>$81,087.44   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1–4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| THEODIS JOHNSON<br>C/O MR JEFFREY S ROTH<br>ATTORNEY AT LAW<br>1015 LOCUST STREET SUITE 1050<br>SAINT LOUIS, MO 63101 | 44708 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$81,087.44  (P)<br><br>$0.00  (U)<br><br>$81,087.44  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| TIMOTHY FISELE<br>THE LANCE LAW FIRM<br>5520 SAINT CHARLES ST<br>COTTLEVILLE, MO 63304 | 12209 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| TOMMY POOLE<br>DAVID PLUFKA ATTORNEY<br>10 S BROADWAY SUITE 500<br>ST LOUIS, MO 63102 | 62444 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$11,671.20  (U)<br><br>$11,671.20  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| VAUGHN BAGNARD<br>C/O DANIEL J WALKENHORST<br>906 OLIVE, STE 400<br>ST LOUIS, MO 63101 | 64061 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$50,000.00  (P)<br><br>$0.00  (U)<br><br>$50,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| WANDRA D GRIFFIN<br>1907 MARSEILLES DR<br>CAHOKIA, IL 62206 | 26738 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | |
|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| WILLIAM H WALKENHORST<br>C/O GREGORY K ALLSBERRY, ATTORNEY<br>615 E CHERRY ST<br>PO BOX 184<br>TROY, MO 63379 | 60690 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$100,000.00  (P)<br>$0.00  (U)<br>$100,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| WILLIAM LORETTO<br>C/O COYNE CUNDIFF & HILLEMANN PC<br>ATTN BRADLEY CUNDIFF<br>11230 VETERAN'S MEMORIAL PKWY<br>LAKE ST LOUIS, MO 63367 | 20266 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$60,000.00  (U)<br>$60,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| WILLIAM LORETTO<br>ATTN BRADLEY CUNDIFF<br>COYNE CUNDIFF & HILLEMANN PC<br>11230 VETERAN'S MEMORIAL PKWY<br>LAKE ST LOUIS, MO 63367 | 20267 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$4,047.99  (U)<br>$4,047.99  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-4 |
| Claims to be Disallowed and Expunged Totals | 100 | | $0.00  (S)<br>$0.00  (A)<br>$1,329,734.72  (P)<br>$3,189,318.00  (U)<br>$4,519,052.72  (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                :

In re                          :       Chapter 11 Case No.
                                :

**GENERAL MOTORS CORP.,** *et al.,*   :       09-50026 (REG)
                                :

                  **Debtors.**    :       (Jointly Administered)
                                :

------------------------------------------------------------x

### ORDER (I) AUTHORIZING SALE OF ASSETS PURSUANT TO AMENDED AND RESTATED MASTER SALE AND PURCHASE AGREEMENT WITH NGMCO, INC., A U.S. TREASURY-SPONSORED PURCHASER; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated June 1, 2009 (the "**Motion**"), of General Motors

Corporation ("**GM**") and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to sections 105, 363, and 365 of title 11, United States Code (the

"**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") for, among other things, entry of an order authorizing and

approving (A) that certain Amended and Restated Master Sale and Purchase Agreement, dated as

of June 26, 2009, by and among GM and its Debtor subsidiaries (collectively, the "**Sellers**") and

NGMCO, Inc., as successor in interest to Vehicle Acquisition Holdings LLC (the "**Purchaser**"),

a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"),

together with all related documents and agreements as well as all exhibits, schedules, and

addenda thereto (as amended, the "**MPA**"), a copy of which is annexed hereto as Exhibit "A"

(excluding the exhibits and schedules thereto); (B) the sale of the Purchased Assets[1] to the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion or the MPA.

US_ACTIVE:\43085833\07\43085833_7.DOC\.

Sellers' obligations under state "lemon law" statutes, which require a manufacturer to provide a consumer remedy when the manufacturer is unable to conform the vehicle to the warranty, as defined in the applicable statute, after a reasonable number of attempts as further defined in the statute, and other related regulatory obligations under such statutes.

57.     Subject to further Court order and consistent with the terms of the MPA and the Transition Services Agreement, the Debtors and the Purchaser are authorized to, and shall, take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, (a) the books, records, and any other documentation, including tapes or other audio or digital recordings and data in, or retrievable from, computers or servers relating to or reflecting the records held by the Debtors or their affiliates relating to the Debtors' business, and (b) the cash management system maintained by the Debtors prior to the Closing, as such system may be necessary to effect the orderly administration of the Debtors' estates.

58.     The Debtors are authorized to take any and all actions that are contemplated by or in furtherance of the MPA, including transferring assets between subsidiaries and transferring direct and indirect subsidiaries between entities in the corporate structure, with the consent of the Purchaser.

59.     Upon the Closing, the Purchaser shall assume all liabilities of the Debtors arising out of, relating to, in respect of, or in connection with workers' compensation claims against any Debtor, except for workers' compensation claims against the Debtors with respect to Employees residing in or employed in, as the case may be as defined by applicable law, the states of Alabama, Georgia, New Jersey, and Oklahoma.

60.     During the week after Closing, the Purchaser shall send an e-mail to the Debtors' customers for whom the Debtors have usable e-mail addresses in their database, which will provide information about the Purchaser and procedures for consumers to opt out of being

# Exhibit C

EXECUTION COPY

**AMENDED AND RESTATED**

**MASTER SALE AND PURCHASE AGREEMENT**

**BY AND AMONG**

**GENERAL MOTORS CORPORATION,**

**SATURN LLC,**

**SATURN DISTRIBUTION CORPORATION**

**AND**

**CHEVROLET-SATURN OF HARLEM, INC.,**

*as Sellers*

**AND**

**EXECUTION COPY**

~~VEHICLE ACQUISITION HOLDINGS LLC,~~

NGMCO, INC.,

*as Purchaser*

DATED AS OF

JUNE ~~1,~~26, 2009

including any successor to such section.  Where this Agreement states that a Party "shall" or "will" perform in some manner or otherwise act or omit to act, it means that the Party is legally obligated to do so in accordance with this Agreement.

## ARTICLE II
## PURCHASE AND SALE

Section 2.1    *Purchase and Sale of Assets; Assumption of Liabilities.*  On the terms and subject to the conditions set forth in this Agreement, other than as set forth in **Section 6.30, Section 6.34 and Section 6.35,** at the Closing, Purchaser shall (a) purchase, accept and acquire from Sellers, and Sellers shall sell, transfer, assign, convey and deliver to Purchaser, free and clear of all Encumbrances (other than Permitted Encumbrances), Claims and other interests, the Purchased Assets and (b) assume and thereafter pay or perform as and when due, or otherwise discharge, all of the Assumed Liabilities.

Section 2.2    *Purchased and Excluded Assets.*

(a)    The "Purchased Assets" shall consist of the right, title and interest that Sellers possess and have the right to legally transfer in and to all of the properties, assets, rights, titles and interests of every kind and nature, owned, leased, used or held for use by Sellers (including indirect and other forms of beneficial ownership), whether tangible or intangible, real, personal or mixed, and wherever located and by whomever possessed, in each case, as the same may exist as of the Closing, including the following properties, assets, rights, titles and interests (but, in every case, excluding the Excluded Assets):

(i)    all cash and cash equivalents, including all marketable securities, certificates of deposit and all collected funds or items in the process of collection at Sellers' financial institutions through and including the Closing, and all bank deposits, investment accounts and lockboxes related thereto, other than the Excluded Cash and Restricted Cash;

(ii)    all restricted or escrowed cash and cash equivalents, including restricted marketable securities and certificates of deposit (collectively, "Restricted Cash") other than the Restricted Cash described in **Section 2.2(b)(ii)**;

(iii)    all accounts and notes receivable and other such Claims for money due to Sellers, including the full benefit of all security for such accounts, notes and Claims, however arising, including arising from the rendering of services or the sale of goods or materials, together with any unpaid interest accrued thereon from the respective obligors and any security or collateral therefor, other than intercompany receivables (collectively, "Receivables");

(iv)    all intercompany obligations ("Intercompany Obligations") owed or due, directly or indirectly, to Sellers by any Subsidiary of a Seller or joint venture or other entity in which a Seller or a Subsidiary of a Seller has any Equity Interest;

- 24-

(v)     (A) subject to **Section 2.4**, all Equity Interests in the Transferred Entities (collectively, the "Transferred Equity Interests") and (B) the corporate charter, qualification to conduct business as a foreign corporation, arrangements with registered agents relating to foreign qualifications, taxpayer and other identification numbers, corporate seal, minute books, stock transfer books, blank stock certificates and any other documents relating to the organization, maintenance and existence of each Transferred Entity;

(vi)     all Owned Real Property and Leased Real Property (collectively, the "Transferred Real Property");

(vii)     all machinery, equipment (including test equipment and material handling equipment), hardware, spare parts, tools, dies, jigs, molds, patterns, gauges, fixtures (including production fixtures), business machines, computer hardware, other information technology assets, furniture, supplies, vehicles, spare parts in respect of any of the foregoing and other tangible personal property (including any of the foregoing in the possession of manufacturers, suppliers, customers, dealers or others and any of the foregoing in transit) that does not constitute Inventory (collectively, "Personal Property"), including the Personal Property located at the Excluded Real Property and identified on Section 2.2(a)(vii) of the Sellers' Disclosure Schedule;

(viii)     all inventories of vehicles, raw materials, work-in-process, finished goods, supplies, stock, parts, packaging materials and other accessories related thereto (collectively, "Inventory"), wherever located, including any of the foregoing in the possession of manufacturers, suppliers, customers, dealers or others and any of the foregoing in transit or that is classified as returned goods;

(ix)     (A) all Intellectual Property, whether owned, licensed or otherwise held, and whether or not registrable (including any Trademarks and other Intellectual Property associated with the Discontinued Brands), and (B) all rights and benefits associated with the foregoing, including all rights to sue or recover for past, present and future infringement, misappropriation, dilution, unauthorized use or other impairment or violation of any of the foregoing, and all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing;

(x)     subject to **Section 2.4**, all Contracts, other than the Excluded Contracts (collectively, the "Purchased Contracts"), including, for the avoidance of doubt, (A) the UAW Collective Bargaining Agreement and (B) any Executory Contract designated as an Assumable Executory Contract as of the applicable Assumption Effective Date; provided, however, that if any Executory Contract designated as an Assumable Executory Contract is recharacterized by a Final Order as a secured financing, then the real property or personal property that is subject to such Contract shall be a Purchased Asset;

- 25-

(xi)    subject to **Section 2.4**, all approvals, Contracts, authorizations, permits, licenses, easements, Orders, certificates, registrations, franchises, qualifications, rulings, waivers, variances or other forms of permission, consent, exemption or authority issued, granted, given or otherwise made available by or under the authority of any Governmental Authority, including all pending applications therefor and all renewals and extensions thereof (collectively, "Permits"), other than to the extent that any of the foregoing relate exclusively to the Excluded Assets or Retained Liabilities;

(xii)    all credits, deferred charges, prepaid expenses, deposits, advances, warranties, rights, guarantees, surety bonds, letters of credit, trust arrangements and other similar financial arrangements, in each case, relating to the Purchased Assets or Assumed Liabilities, including all warranties, rights and guarantees (whether express or implied) made by suppliers, manufacturers, contractors and other third parties under or in connection with the Purchased Contracts;

(xiii)    all Claims (including Tax refunds) relating to the Purchased Assets or Assumed Liabilities, including the Claims identified on Section 2.2(a)(xiii) of the Sellers' Disclosure Schedule and all Claims against any Taxing Authority for any period, other than Bankruptcy Avoidance Actions and any of the foregoing to the extent that they relate exclusively to the Excluded Assets or Retained Liabilities;

(xiv)    all books, records, ledgers, files, documents, correspondence, lists, plats, specifications, surveys, drawings, advertising and promotional materials, reports and other materials (in whatever form or medium), including Tax books and records and Tax Returns used or held for use in connection with the ownership or operation of the Purchased Assets or Assumed Liabilities, including the Purchased Contracts, customer lists, customer information and account records, computer files, data processing records, employment and personnel records, advertising and marketing data and records, credit records, records relating to suppliers, legal records and information and other data;

(xv)    all goodwill and other intangible personal property arising in connection with the ownership, license, use or operation of the Purchased Assets or Assumed Liabilities;

(xvi)    to the extent provided in **Section 6.17(e)**, all Assumed Plans;

(xvii)    all insurance policies and the rights to the proceeds thereof, other than the Excluded Insurance Policies;

(xviii)    any rights of any Seller, Subsidiary of any Seller or Seller Group member to any Tax refunds, credits or abatements that relate to any Pre-Closing Tax Period or Straddle Period; and

- 26-

(xix)    any interest in Excluded Insurance Policies, only to the extent such interest relates to any Purchased Asset or Assumed Liability.

(b)    Notwithstanding anything to the contrary contained in this Agreement, Sellers shall retain all of their respective right, title and interest in and to, and shall not, and shall not be deemed to, sell, transfer, assign, convey or deliver to Purchaser, and the Purchased Assets shall not, and shall not be deemed to, include the following (collectively, the "Excluded Assets"):

(i)    cash or cash equivalents in an amount equal to $950,000,000 (the "Excluded Cash");

(ii)    all Restricted Cash exclusively relating to the Excluded Assets or Retained Liabilities;

(iii)    all Receivables (other than Intercompany Obligations) exclusively related to any Excluded Assets or Retained Liabilities;

(iv)    all of Sellers' Equity Interests in (A) S LLC, (B) S Distribution, (C) Harlem and (D) the Subsidiaries, joint ventures and the other entities in which any Seller has any Equity Interest and that are identified on Section 2.2(b)(iv) of the Sellers' Disclosure Schedule, and, in each case, their respective direct and indirect Subsidiaries as of the Closing Date (collectively, the "Excluded Entities");

(v)    (A) all owned real property set forth on **Exhibit F** and such additional owned real property set forth on Section 2.2(b)(v) of the Sellers' Disclosure Schedule (including, in each case, any structures, buildings or other improvements located thereon and appurtenances thereto) and (B) all real property leased or subleased that is subject to a Contract designated as an "Excluded Contract" (collectively, the "Excluded Real Property");

(vi)    all Personal Property that is (A) located at the Transferred Real Property and identified on Section 2.2(b)(vi) of the Sellers' Disclosure Schedule, (B) located at the Excluded Real Property, except for those items identified on Section 2.2(a)(vii) of the Sellers' Disclosure Schedule or (C) subject to a Contract designated as an Excluded Contract (collectively, the "Excluded Personal Property");

(vii)    (A) all Contracts identified on Section 2.2(b)(vii) of the Sellers' Disclosure Schedule immediately prior to the Closing, (B) all pre-petition Executory Contracts designated as Rejectable Executory Contracts, (C) all pre-petition Executory Contracts (including, for the avoidance of doubt, the Delphi Transaction Agreements and GM Assumed Contracts) that have not been designated as or deemed to be Assumable Executory Contracts in accordance with **Section 6.6** as of the Executory Contract Designation Deadlineor **Section 6.31,** or that are determined, pursuant to the procedures set forth in the Sale Procedures

- 27-

Order, not to be assumable and assignable to Purchaser, (D) all Collective Bargaining Agreements not set forth on the Assumable Executory Contract Schedule and (E) all non-Executory Contracts for which performance by a third-party or counterparty is substantially complete and for which a Seller owes a continuing or future obligation with respect to such non-Executory Contracts (collectively, the "Excluded Contracts"), including any accounts receivable arising out of or in connection with any Excluded Contract; it being understood and agreed by the Parties hereto that, notwithstanding anything to the contrary herein, in no event shall the UAW Collective Bargaining Agreement be designated or otherwise deemed or considered an Excluded Contract;

(viii)    all books, records, ledgers, files, documents, correspondence, lists, plats, specifications, surveys, drawings, advertising and promotional materials, reports and other materials (in whatever form or medium) relating exclusively to the Excluded Assets or Retained Liabilities, and any books, records and other materials that any Seller is required by Law to retain;

(ix)    the corporate charter, qualification to conduct business as a foreign corporation, arrangements with registered agents relating to foreign qualifications, taxpayer and other identification numbers, corporate seal, minute books, stock transfer books, blank stock certificates and any other documents relating to the organization, maintenance and existence of each Seller and each Excluded Entity;

(x)    all Claims against suppliers, dealers and any other third parties relating exclusively to the Excluded Assets or Retained Liabilities;

(xi)    all of Sellers' Claims under this Agreement, the Ancillary Agreements and the Bankruptcy Code, of whatever kind or nature, as set forth in Sections 544 through 551 (inclusive), 553, 558 and any other applicable provisions of the Bankruptcy Code, and any related Claims and actions arising under such sections by operation of Law or otherwise, including any and all proceeds of the foregoing (the "Bankruptcy Avoidance Actions"), but in all cases, excluding all rights and Claims identified on Section 2.2(b)(xi) of the Sellers' Disclosure Schedule;

(xii)    all credits, deferred charges, prepaid expenses, deposits and advances, warranties, rights, guarantees, surety bonds, letters of credit, trust arrangements and other similar financial arrangements, in each case, relating exclusively to the Excluded Assets or Retained Liabilities;

(xiii)    all insurance policies identified on Section 2.2(b)(xiii) of the Sellers' Disclosure Schedule and the rights to proceeds thereof (collectively, the "Excluded Insurance Policies"), other than any rights to proceeds to the extent such proceeds relate to any Purchased Asset or Assumed Liability;

(xiv)    all Permits, to the extent that they relate exclusively to the Excluded Assets or Retained Liabilities;

- 28-

(xv)     all Retained Plans; and

(xvi)    those assets identified on Section 2.2(b)(xvi) of the Sellers' Disclosure Schedule.

*Section 2.3     Assumed and Retained Liabilities.*

(a)     The "Assumed Liabilities" shall consist only of the following Liabilities of Sellers:

(i)     $6,711,864,407~7,072,488,605~ of Indebtedness incurred under the DIP Facility, to be restructured pursuant to the terms of **Section 6.9** (the "Purchaser Assumed Debt");

(ii)    all Liabilities under each Purchased Contract;

(iii)   all Intercompany Obligations owed or due, directly or indirectly, by Sellers to (A) any Purchased Subsidiary or (B) any joint venture or other entity in which a Seller or a Purchased Subsidiary has any Equity Interest (other than an Excluded Entity) by Sellers;

(iv)    all Cure Amounts under each Assumable Executory Contract that becomes a Purchased Contract;

(v)     all Liabilities of Sellers (A) arising in the Ordinary Course of Business during the Bankruptcy Case through and including the Closing Date, to the extent such Liabilities are administrative expenses of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code and (B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order (and for the avoidance of doubt, Sellers' Liabilities in clauses (A) and (B) above include Sellers' Liabilities for personal property Taxes, real estate and/or other ad valorem Taxes, use Taxes, sales Taxes, franchise Taxes, income Taxes, gross receipt Taxes, excise Taxes, Michigan Business Taxes and Michigan Single Business Taxes), in each case, other than (1) Liabilities of the type described in **Section 2.3(b)(iv)**, **Section 2.3(b)(vi)** and **Section 2.3(b)(ix)**, (2) Liabilities arising under any dealer sales and service Contract and any Contract related thereto, to the extent such Contract has been designated as a Rejectable Executory Contract, and (3) Liabilities otherwise assumed in this **Section 2.3(a)**;

(vi)    all Transfer Taxes payable in connection with the sale, transfer, assignment, conveyance and delivery of the Purchased Assets pursuant to the terms of this Agreement;

(vii)   (A) all Liabilities arising under express written emission and limited new vehicle warranties, certified used vehicle warranties and pre-owned vehicle warranties~warranties of Sellers that are specifically identified as

- 29-

warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles ~~manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all Liabilities arising under express written emission and limited warranties and warranties with respect to~~or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions)~~,~~ manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws;

(viii)    all Liabilities arising under any Environmental Law (A) relating to conditions present on the Transferred Real Property, other than those Liabilities described in **Section 2.3(b)(iv)**, (B) resulting from Purchaser's ownership or operation of the Transferred Real Property after the Closing or (C) relating to Purchaser's failure to comply with Environmental Laws after the Closing;

(ix)    all Liabilities ~~(including Liabilities for negligence, strict liability, design defect, manufacturing defect, failure to warn or breach of the express or implied warranties of merchantability or fitness for a particular purpose)~~ to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), ~~in each case, arising out of products delivered to a consumer, lessee or other purchaser of products at or after the Closing~~which arise directly out of accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date and arise from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs);

(x)    all Liabilities of Sellers arising out of, relating to, in respect of, or in connection with workers' compensation claims against any Seller, except for Retained Workers' Compensation Claims;

(xi)    all Liabilities arising out of, relating to, in respect of, or in connection with the use, ownership or sale of the Purchased Assets after the Closing;

(xii)    all Liabilities (A) specifically assumed by Purchaser pursuant to **Section 6.17** and (B) arising out of, relating to or in connection with the salaries and/or wages and vacation of all Transferred Employees that are accrued and unpaid (or with respect to vacation, unused) as of the Closing Date;

(xiii)    (A) all Employment-Related Obligations and (B) Liabilities under any Assumed Plan, in each case, relating to any Employee that is or was covered

- 30-

by the UAW Collective Bargaining Agreement, except for Retained Workers Compensation Claims; ~~and~~

    (xiv)   ~~all Liabilities of Sellers underlying any construction liens that constitute Permitted Encumbrances with respect to Transferred Real Property; and~~

    (xv)   ~~(xiv)~~ those other Liabilities identified on Section 2.3(a)(~~xiv~~xv) of the Sellers' Disclosure Schedule.

    (b)   Each Seller acknowledges and agrees that pursuant to the terms and provisions of this Agreement, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability of any Seller, whether occurring or accruing before, at or after the Closing, other than the Assumed Liabilities. In furtherance and not in limitation of the foregoing, and in all cases with the exception of the Assumed Liabilities, neither Purchaser nor any of its Affiliates shall assume, or be deemed to have assumed, any Indebtedness, Claim or other Liability of any Seller or any predecessor, Subsidiary or Affiliate of any Seller whatsoever, whether occurring or accruing before, at or after the Closing, including the following (collectively, the "Retained Liabilities"):

    (i)   all Liabilities arising out of, relating to, in respect of or in connection with any Indebtedness of Sellers (other than Intercompany Obligations and the Purchaser Assumed Debt), including those items identified on Section 2.3(b)(i) of the Sellers' Disclosure Schedule;

    (ii)   all Intercompany Obligations owed or due, directly or indirectly, by Sellers to (A) another Seller, (B) any Excluded Subsidiary or (C) any joint venture or other entity in which a Seller or an Excluded Subsidiary has an Equity Interest, (other than a Transferred Entity);

    (iii)   all Liabilities arising out of, relating to, in respect of or in connection with the Excluded Assets, other than Liabilities otherwise retained in this **Section 2.3(b)**;

    (iv)   all Liabilities (A) associated with noncompliance with Environmental Laws (including for fines, penalties, damages and remedies); (B) arising out of, relating to, in respect of or in connection with the transportation, off-site storage or off-site disposal of any Hazardous Materials generated or located at any Transferred Real Property; (C) arising out of, relating to, in respect of or in connection with third-party Claims related to Hazardous Materials that were or are located at or that migrated or may migrate from any Transferred Real Property, except as otherwise required under applicable Environmental Laws; (D) arising under Environmental Laws related to the Excluded Real Property; or (E) for environmental Liabilities with respect to real property formerly owned, operated or leased by Sellers (as of the Closing), which, in the case of clauses (A), (B) and (C), arose prior to or at the Closing, and which, in the case of clause (D) and (E), arise prior to, at or after the Closing;

(v)    except for Taxes assumed in **Section 2.3(a)(v)** and **Section 2.3(a)(vi)**, all Liabilities with respect to any (A) Taxes arising in connection with Sellers' business, the Purchased Assets or the Assumed Liabilities and that are attributable to a Pre-Closing Tax Period (including any Taxes incurred in connection with the sale of the Purchased Assets, other than all Transfer Taxes), (B) other Taxes of any Seller and (C) Taxes of any Seller Group, including any Liability of any Seller or any Seller Group member for Taxes arising as a result of being or ceasing to be a member of any Seller Group (it being understood, for the avoidance of doubt, that no provision of this Agreement shall cause Sellers to be liable for Taxes of any Purchased Subsidiary for which Sellers would not be liable absent this Agreement);

(vi)    all Liabilities for (A) costs and expenses relating to the preparation, negotiation and entry into this Agreement and the Ancillary Agreements (and the consummation of the transactions contemplated by this Agreement and the Ancillary Agreements, which, for the avoidance of doubt, shall not include any Transfer Taxes), including Advisory Fees, (B) administrative fees, professional fees and all other expenses under the Bankruptcy Code and (C) all other fees and expenses associated with the administration of the Bankruptcy Cases;

(vii)    all Employment-Related Obligations not otherwise assumed in **Section 2.3(a)** and **Section 6.17**, including those arising out of, relating to, in respect of or in connection with the employment, potential employment or termination of employment of any individual (other than any Employee that is or was covered by the UAW Collective Bargaining Agreement) (A) prior to or at the Closing (including any severance policy, plan or program that exists or arises, or may be deemed to exist or arise, as a result of, or in connection with, the transactions contemplated by this Agreement) or (B) who is not a Transferred Employee arising after the Closing and with respect to both clauses (A) and (B) above, including any Liability arising out of, relating to, in respect of or in connection with any Collective Bargaining Agreement (other than the UAW Collective Bargaining Agreement);

(viii)    all Liabilities arising out of, relating to, in respect of or in connection with Claims for infringement or misappropriation of third party intellectual property rights;

(ix)    all Product Liabilities arising ~~out of products delivered to a consumer, lessee or other purchaser of products~~ in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date;

(x)    all Liabilities to third parties for death, personal injury, other injury to Persons or damage to property, in each case, arising out of asbestos exposure;

- 32-

(xi)     all Liabilities to third parties for Claims based upon Contract, tort or any other basis;

(xii)    all workers' compensation Claims with respect to Employees residing in or employed in, as the case may be as defined by applicable Law, the states set forth on **Exhibit G** ~~and such additional workers' compensation Claims set forth on Section 2.3(b)(xii) of the Sellers' Disclosure Schedule~~ ((collectively, "Retained Workers' Compensation Claims");

(xiii)   all Liabilities arising out of, relating to, in respect of or in connection with any Retained Plan;

(xiv)    all Liabilities arising out of, relating to, in respect of or in connection with any Assumed Plan or Purchased Subsidiaries Employee Benefit Plan, but only to the extent such Liabilities result from the failure of such Assumed Plan or Purchased Subsidiaries Employee Benefit Plan to comply in all respects with TARP or such Liability related to any changes to or from the administration of such Assumed Plan or Purchased Subsidiaries Employee Benefit Plan prior to the Closing Date;

(xv)     the Settlement Agreement, except as provided with respect to Liabilities under Section 5A of the UAW Retiree Settlement Agreement; and

(xvi)    all Liabilities arising out of, related to or in connection with any (A) implied warranty or other implied obligation arising under statutory or common law without the necessity of an express warranty or (B) allegation, statement or writing by or attributable to Sellers.

*Section 2.4     Non-Assignability.*

(a)      If any Contract, Transferred Equity Interest (or any interest therein), Permit or other asset, which by the terms of this Agreement, is intended to be included in the Purchased Assets is determined not capable of being assigned or transferred (whether pursuant to Sections 363 or 365 of the Bankruptcy Code) to Purchaser at the Closing without the consent of another party thereto, the issuer thereof or any third party (including a Governmental Authority) ("Non-Assignable Assets"), this Agreement shall not constitute an assignment thereof, or an attempted assignment thereof, unless and until any such consent is obtained.  Subject to **Section 6.3**, Sellers shall use reasonable best efforts, and Purchaser shall use reasonable best efforts to cooperate with Sellers, to obtain the consents necessary to assign to Purchaser the Non-Assignable Assets before, at or after the Closing; provided, however, that neither Sellers nor Purchaser shall be required to make any expenditure, incur any Liability, agree to any modification to any Contract or forego or alter any rights in connection with such efforts.

(b)      To the extent that the consents referred to in **Section 2.4(a)** are not obtained by Sellers, except as otherwise provided in the Ancillary Documents to which one or more Sellers is a party, Sellers' sole responsibility with respect to such

- 33-

Non-Assignable Assets shall be to use reasonable best efforts, at no cost to Sellers, to (i) provide to Purchaser the benefits of any Non-Assignable Assets; (ii) cooperate in any reasonable and lawful arrangement designed to provide the benefits of any Non-Assignable Assets to Purchaser without incurring any financial obligation to Purchaser; and (iii) enforce for the account of Purchaser and at the cost of Purchaser any rights of Sellers arising from any Non-Assignable Asset against such party or parties thereto; provided, however, that any such efforts described in clauses (i) through (iii) above shall be made only with the consent, and at the direction, of Purchaser. Without limiting the generality of the foregoing, with respect to any Non-Assignable Asset that is a Contract of Leased Real Property for which a consent is not obtained on or prior to the Closing Date, Purchaser shall enter into a sublease containing the same terms and conditions as such lease (unless such lease by its terms prohibits such subleasing arrangement), and entry into and compliance with such sublease shall satisfy the obligations of the Parties under this **Section 2.4(b)** until such consent is obtained.

(c)    If Purchaser is provided the benefits of any Non-Assignable Asset pursuant to **Section 2.4(b)**, Purchaser shall perform, on behalf of the applicable Seller, for the benefit of the issuer thereof or the other party or parties thereto, the obligations (including payment obligations) of the applicable Seller thereunder or in connection therewith arising from and after the Closing Date and if Purchaser fails to perform to the extent required herein, Sellers, without waiving any rights or remedies that they may have under this Agreement or applicable Laws, may (i) suspend their performance under **Section 2.4(b)** in respect of the Non-Assignable Asset that is the subject of such failure to perform unless and until such situation is remedied, or (ii) perform at Purchaser's sole cost and expense, in which case, Purchaser shall reimburse Sellers' costs and expenses of such performance immediately upon receipt of an invoice therefor. To the extent that Purchaser is provided the benefits of any Non-Assignable Asset pursuant to **Section 2.4(b),** Purchaser shall indemnify, defend and hold Sellers harmless from and against any and all Liabilities relating to such Non-Assignable Asset and arising from and after the Closing Date (other than such Damages that have resulted from the gross negligence or willful misconduct of Sellers).

(d)    For the avoidance of doubt, the inability of any Contract, Transferred Equity Interest (or any other interest therein), Permit or other asset, which by the terms of this Agreement is intended to be included in the Purchased Assets to be assigned or transferred to Purchaser at the Closing shall not (i) give rise to a basis for termination of this Agreement pursuant to **ARTICLE VIII** or (ii) give rise to any right to any adjustment to the Purchase Price.

## ARTICLE III
## CLOSING; PURCHASE PRICE

*Section 3.1    Closing.*  The closing of the transactions contemplated by this Agreement (the "Closing") shall occur on the date that falls at least three (3) Business Days following the satisfaction and/or waiver of all conditions to the Closing set forth in **ARTICLE VII** (other than any of such conditions that by its nature is to be satisfied at the Closing, but subject to the

**Amended and Restated Master Sale & Purchase Agreement**
**Exhibit G**

Certain Retained Workers' Compensation Claims

**EXHIBIT G**

<u>**CERTAIN RETAINED WORKERS' COMPENSATION CLAIMS**</u>

Alabama
Georgia
New Jersey
Oklahoma

1766839