IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 09-50026 (REG) |
| ) | |
| GENERAL MOTORS., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |

**SANG CHUL LEE'S AND DUKSON LEE'S BRIEF OF LAW IN SUPPORT THEIR MOTION TO ALLOW LATE CLAIM FILED TO BE DEEMED TIMELY FILED**

**PRELIMINARY STATEMENT**

Creditors Sang Chul Lee and Dukson Lee respectfully submit this brief of law in support of their motion to allow late claim filed to be deemed timely filed because (1) their July 7, 2009 motion to lift stay amounted to an informal proof of claim, or (2) in the alternative, excusable neglect existed and there is no danger of prejudice to General Motors, the debtor.

**STATEMENT OF FACTS**

The action stems from the rollover litigation commenced in the District of Arizona from which there are substantial discovery documents. Debtor has had notice of these documents for years. Later the action moved to the Arizona State courts and further discovery was obtained and provided to debtor. Debtor has had notice of these documents as well for over a year. Currently, paper discovery is complete and expert reports have been filed. There can be no dispute Debtor has had notice of all these documents for over two years.

On June 1, 2009, debtor filed for Chapter 11 Reorganization in the Southern District of New

1

York, Bankruptcy Court. On July 7, 2009, creditors Sang Chul Lee and Dukson Lee timely filed a motion to lift the automatic stay in the same court to continue the pre-petition litigation, which has already cost plaintiffs over three hundred and fifty thousand dollars.

Throughout July, August, September, October, and November, and December 2009, creditors and debtors, through their respective attorneys, exchanged approximately thirty emails, discussing a wide range of issues concerning the bankruptcy proceedings. These issues include adjournments of the proceedings asked by both parties' attorneys, requesting information relating to debtor's insurance policies, the availability of debtor's insurance to cover claims, and even settlement offers extended by both parties.

Furthermore, attorneys for creditors and debtor have held telephone conversations with one another and exchanged documents through email attachments during the course of their communications with one another.

It is undisputed that GM had notice of creditors' active participation in the underlying action and intent to pursue any and all remedies available to bring this action to a resolution for both parties.

Tom Klein, Esq., and his firm Bowman and Broke, LLP, represent debtor in Arizona and served notice upon the Kimm Law Firm, creditors' counsel based in New Jersey. Jon Trebon, Esq., creditors' counsel in Arizona was never served. Instead, someone named Richard M. Gulbrandsen is listed on the affidavit of service for the claims bar date as the attorney to be served with notice for Sang Chul Lee and Dukson Lee. It appears that Mr. Gulbrandsen is an attorney in Arizona, but it is unclear why he was served, as this person does not represent creditors in any capacity. It also appears that the notice of the claims bar date was sent to 190 Moore Street, Hackensack New Jersey. This was the old address of the Kimm Law Firm, but the firm relocated on October 31, 2007, to its

current location of 41W Bancker Street, Englewood, New Jersey. After a thorough review of the case file, the Kimm Law Firm has been unable to locate a hard copy of the notice regarding the claims bar date.

This case has well over five thousand documents filed in it, inundating the email inbox of creditors' counsel with many irrelevant emails. Unfortunately, the email about the claims bar date was not noticed, due to the overwhelming amount of electronic notices sent out to the creditors.

## ARGUMENT

### I

### THE COURT SHOULD DEEM CREDITORS' MOTION TO LIFT STAY, FILED ON JULY 7, 2009, TO BE AN INFORMAL PROOF OF CLAIM BECAUSE ALL THE FACTORS OF THE DANA TEST ARE MET

Courts have recognized the concept of informal proofs of claim where a creditor evidences intent to state a claim against an estate, but where the filings fail to conform to the technical requirements of a proof of claim. In re Dana Corp., 06-10354 (BRL) (S.D.N.Y. 7-23-2008); citing In re Operation Open City, Inc., 148 B.R. 184, 189 n. 5 (Bankr. S.D.N.Y. 1992)

The Ninth Circuit has provided the seminal case regarding this issue holding that a motion to lift stay may be considered an informal proof of claim where the motion sufficiently states "an explicit demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable." In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985); citing In re Sambo's Restaurants, Inc., 754 F.2d 811, 816 (9th Cir. 1985)

The Southern District of New York has set forth four criteria to meet in order for a filing to be considered an informal proof of claim: The filing must (1) have been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of

3

the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt. In re Enron Corp., 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007); citing Houbigant, Inc. v. ACB Mercantile, Inc., (In re Houbigant Inc., 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995); see also In re Northwest Airlines Corp., 05-17930 (ALG) (S.D.N.Y. 2-9-1010)

In this case, the motion to lift stay filed on behalf of Sang Chul Lee and Dukson Lee on July 7, 2009, meets all the criteria set forth above and should be deemed a valid informal proof of claim.

There is no dispute that it was timely filed with the bankruptcy court and became part of the judicial record. The motion to lift stay is document 3023 on the ECF/Pacer Docket Sheet.

The existence and nature of the debt are stated in the Statement of Facts section of the motion to lift stay. Specifically, the existence and nature of the debt are set forth as the wrongful death of the creditors' daughter due to a defective car produced by debtors. (See Generally Creditors' Motion to Lift Stay at ¶ 4-18)

The amount of the claim has been stated against debtors during the substantial discovery practice period while the case was proceeding in Arizona, and debtor has always known the amount of the claim asserted against them. The motion to lift incorporates the Arizona litigation and sets forth the allegations asserted in the pre-petition litigation. (Creditors' Motion to Lift Stay at ¶ 18, pg 6)

There is evidence that creditors intend to hold the debtor liable for the debt simply because this motion, if granted, would allow creditors to finally proceed to trial, since discovery is substantially complete, and receive a judgment against debtor.

Accordingly, for the reasons set forth above, the motion to lift stay previously filed with this bankruptcy court should be deemed an informal proof of claim and thus be deemed timely filed.

II

**THE COURT SHOULD ALLOW A LATE FILED CLAIM PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006(b)(1) BECAUSE THE FAILURE TO ACT WAS THE RESULT OF EXCUSABLE NEGLECT AND THERE WAS NO DANGER OF PREJUDICE TO DEBTORS AS SHOWN BY THE NUMEROUS COMMUNICATIONS BETWEEN CREDITORS AND DEBTOR.**

The U.S. Supreme Court has held that a late filed claim may be permissible if a creditor can show the existence of excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd P'ship, 507 U.S. 380, 382-83 (1993) The Supreme Court set forth four factors that should be considered when contemplating a motion to allow a late filed proof of claim under Rule 9006(b)(1): (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the delay was in good faith. Id. at 395. It should be noted that not all factors must be in favor of the moving party. In re XO Communications, Inc., 301 B.R. 782, 796 (Bankr. S.D.N.Y. 2003)

Here, there is no danger of prejudice to the debtor because the debtor was well aware of the creditors' claim. In fact, counsel for debtor and creditors have communicated with each other throughout the entirety of the bankruptcy process through numerous emails. Starting on July 8, 2009, counsel for the two parties exchanged at the minimum, thirty emails, including a settlement offer from debtor. There have also been various telephone conversations between the counsels for both parties. Debtor was well aware of creditors' intent to hold debtor liable in this case and as such, there is no danger of prejudice to debtors in these circumstances.

Furthermore, the litigation in Arizona had been ongoing for years and paper discovery is complete. There can be no question that debtor was not aware of creditors' intent to pursue recovery and thereby prejudiced.

The length of the delay in this case is not unreasonable because only four months have passed and creditors' motion to lift stay has not even been heard yet, due to various adjournments of the motion. As soon as creditors' counsel was advised that the technical requirements of a proof of claim were not met, counsel immediately took steps to assert the claim in the bankruptcy court.

The reason for the delay is also excusable, as the email notice ordering the claims bar date of the debtor was unfortunately missed by creditor's counsel. This case is unique because to date, there are over five thousand documents filed and the volume of emails associated with these documents is overwhelming. Simply put, counsel's two person staff could not keep up with all the emails in this case, when counsel also had other active litigation matters that required attention.

Furthermore, it appears that creditors' counsel in Arizona was never served with the claims bar notice, and instead Richard M. Gulbrandsen, Esq. was incorrectly served. Jon Trebon, Esq., creditors' true counsel in Arizona, never received notice of the claims bar date.

The movant in this case has acted in good faith, and that is substantiated by the numerous communications between debtor's and creditors' counsel and when creditors' counsel learned of the claims bar date, the proof of claim was filed immediately thereafter.

Thus, for the reasons set forth above, creditors' late filed claim should be deemed valid because of excusable neglect with no danger of prejudice to debtor.

## **CONCLUSION**

Accordingly, creditors respectfully request that this Court enter an order deeming the motion to lift stay an informal proof of claim filed, or in the alternative, allow the late filed proof of claim on the grounds of excusable neglect.

Dated: Englewood, NJ
       March 22, 2010

By:    KIMM LAW FIRM

/s/ michael kimm
Michael S. Kimm, Esq.
41W Bancker Street
Englewood, NJ 07631
201-569-2880
Msk@kimmlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERAL MOTORS, et al., | ) | Case No. 09-50026 (REG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Certificate of Service

I, Michael Kimm, hereby certify that on the 28th day of February 2010, I served the above motion upon the parties listed below by First Class Mail, postage prepaid:

Counsel for GM

Harvey R. Miller
Joseph H. Smolinsky
Robert J. Lemons
Stephen Karotkin
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Fax: (212) 310-8007
Email: Harvey.miller@weil.com
Email: joseph.Smolinsky@weil.com
Email: robert.lemons@weil.com
Email: stephen.karotkin@weil.com

Joseph R. Sgroi
Robert B. Weiss
Tricia A, Sherick
Honigman Miller Schwartz and Cohn, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7570
Fax: (313) 465-7571
Email: jsgroi@honigman.com
Email: rweiss@honigman.com
Email: tsherick@honigman.com


Patrick J. Trostle
Jenner & Block, LLP
919 Third Avenue
37th Floor
New York, NY 10022
(212) 891-1665
Fax: (212) 891-1699
Email: ptrostle@jenner.com


U.S. Trustee's Office

Andrew D. Velez- Rivera
Brian Shoichi Masumoto
Diana G. Adams
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax: (212) 668-2255


Creditors' Committee

Gordon Z. Novod
Thomas Moers Mayer
Kramer Levin Naftalis & Franklin, LLP
1177 Avenue of the Americas
New York, NY 10036

(212) 715-3275
Fax: (212) 715-8000
Email: gnovod@kramerlevin.com

20 Largest Creditors

Wilmington Trust Company
Attn: Geoffrey J. Lewis
Phone: 302-636-6438
Fax: 302-636-4145
Rodney Square North
1100 North Market St
Wilmington, DE 19890
United States

International Union, United Automobile, Aerospace and Agricultural Implement workers of America (UAW)
Attn: Ron Gettlefinger
Phone: 313-926-5201
Fax: 313-331-4957
8000 East Jefferson
Detroit, MI 48214
United States

Deutsche Bank AG, London As Fiscal Agent
Theodor- Heuss Allee 70
Frankfurt, 60262
Germany
Attn : Stuart Harding
Phone: 44-207-547-3533
Fax: 44-207-547-6149
Winchester House
1 Great Winchester St
London EC2N 2DB
England

International Union of Electronic, Electrical, Salaried, Machine and Furniture Worker-Communications workers of America ( UE-CWA)
3461 Office Park Drive
Kettering, OH 45439

United States
Attn: Mr. James Clark
Phone: 937-294-9764
2701 Dryden Road
Dayton, OH 45439
United States

Bank Of New York Mellon
One Wall St
New York, NY 10286
United States
Attn: Gregory Kinder
Phone: 212-815-2576
Fax: 212-815-5595
Global Corporation Trust, 101
Barclay, 7W
New York, NY 10286
United States

Starcom Mediavest Group, Inc.
Attn: Laura Desmond
Phone 312-220-3550
Fax: 312-220-6530
35 W. Wacker Drive
Chicago, IL 60601
United States

Delphi Corp.
Attn: Rodney O'Neal
Phone 248-813-2557
Fax: 248-813-2560
5725 Delphi Drive
Troy, MI 48098
United States

Robert Bosch GmbH
38000 Hills Tech Drive
Farmington Hills, MI 48331
United States
Attn: Franz Fehrenbach
Phone 49-71-1-811-6220
Fax: 49-71-1-811-6454
Robert- Bosch- Platz 1 / 70839
Gerlingen-Shchillerhoehe
Germany

Lear Corp.
Attn: Robert Rossiter
Phone 248-447-1505
Fax: 248-447-1524
21557 Telegraph Road
Southfield, MI 48033
United States

Renco Group, Inc.
1 Rockerfeller Plaza
29th Floor
New York, NY 10020
United States
Attn: Lon Offenbacher
Phone: 248-655-8920
Fax: 248-655-8903
1401 Crooks Road
Troy, MI 48084
United States

Enterprise Rent a Car
6929 N Lakewood Ave
Suite 100
Tulsa, OK 74117
United States
Attn: Greg Stubblefiled
Phone 314-512-3226
Fax: 314-512-4230
600 Corporate Park Drive
St. Louis, MO 63105
United States

Johnson Controls, Inc
Attn: Stephen A. Roell
Phone: 414-524-2223
Fax: 414-524-3000
5757 N. Green Bay Avenue
Milwaukee, WI 53201
United States

Denso Corp.
Attn: Haruya Maruyama
Phone: 248-350-7500
Fax: 248-213-2474
24777 Denso Drive

Southfield, MI 48086
United States

TRW Automobile Holdings, Corp.
Attn: John Plant
Phone: 734-855-2660
Fax: 734-855-2473
12001 Tech Center Drive
Livonia, MI 48150
United States

Magna International, Inc.
Attn: Don Walker
Phone: 905-726-7040
Fax: 905-726-2593
337 Magna Drive
Aurora, ON L4G 7K1
Canada

America Axle & Mfg Holdings, Inc.
Attn: Richard Dauch
Phone 313-758-4213
Fax: 313-758-4212
One Dauch Drive
Detroit, MI 48211
United States

Maritz Inc.
Attn: Steve Maritz
Phone 636-827-4700
Fax: 636-827-2089
1375 North Highway Drive
Fenton, MO 63099
United States

Publicis Groupe S.A.
Attn: Maurice Levy
Phone: 33-01-4-443-7000
Fax: 33-01-4-443-7550
133 Ave des Champs-Elysees
Paris, 75008
France

Hewlett Packard Co.
3000 Hanover St

Palo Alto, CA 94304
United States
Attn: Mike Nefkens
Phone: 313-230-6800
Fax: 313-230-5705
500 Renaissance Center
MC: 20A Detroit, MI 48243
United States


Interpublic Group of Companies, Inc.
Attn: Michael Roth
Phone 212-704-1446
Fax: 212-704-2270
1114 Avenue of the Americas
New York, NY 10036
United States


Dated: March 3, 2010

                                KIMM LAW FIRM


                                /s/ Michael S. Kimm
                                Michael S. Kimm (MK4476)
                                41W Bancker Street
                                Englewood, NJ 07631
                                email: msk@kimmlaw.com
                                phone: 201-569-2880
                                fax: 201-569-2881
                                Counsel for the Rollover Case Plaintiffs