UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL S. KIMM, ESQ. (MK4476)
KIMM LAW FIRM
41-W BANCKER STREET
ENGLEWOOD, NJ 07631
TEL: 201-569-2880
FAX: 201-569-2881
*Attorneys for Sang Chul Lee and Dukson Lee*

---------------------------------------------------:

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENERAL MOTORS, <u>et al.</u> | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------:

## DECLARATION OF MICHAEL S. KIMM, ESQ., IN SUPPORT OF CREDITORS SANG CHUL LEE AND DUKSON LEE'S MOTION TO ALLOW LATE CLAIM FILED TO BE DEEMED TIMELY FILED

MICHAEL S. KIMM, ESQ., being of age, states as follows under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am an attorney for creditors Sang Chul Lee and Dukson Lee and I make this Declaration in support of their motion to allow late claim filed be deemed timely filed.

2. Sang Chul Lee and Dukson Lee, are unsecured creditors of the GM bankruptcy estate, as the natural guardians of Jin Ah Lee, decedent, in a personal injury and wrongful death action stemming from a single-car rollover crash litigation pending in Arizona State Superior Court (the "Rollover Litigation").

-1-

3. The Rollover Litigation was commenced approximately five years ago, and fact discovery and expert discovery is now substantially complete. A single-car rollover accident resulted in the death of one of two rear-seat occupants, Jin Ah Lee, in June 2004. Decedent, Jin Ah Lee, was a natural person, age 22, who died in the accident relevant to this lawsuit on June 1, 2003, at Flagstaff, Arizona. Jin Ah Lee maintained a permanent residence at Seoul, Republic of Korea, and maintained a local address at 36 Kennedy Blvd., Cambridge, MA, while studying in the United States before her death.

4. Creditors Sang-Chul Lee, and Dukson Lee, Jin Ah Lee's father and mother, are aliens, who reside at Kaepo Woosung 4th Apartment No. 8-407, Dokok-dong, Kangnam-ku, Seoul, Republic of Korea. These creditors brought suit in their own names in connection with the untimely death and loss of their daughter, including support, companionship, society, wrongful death and survivorship rights, against Debtor General Motors Corporation ("GM").

5. At all relevant times GM was the designer and manufacturer of the 2003 Year model Chevrolet Malibu automobile which caused Jin Ah Lee's death. GM is believed to be authorized to conduct regular business in the State of Arizona.

6. There are other co-defendants in the Rollover Litigation pending in Arizona. Defendant Hong-Jun Jeon ("Jeon") is an alien, a national of the Republic of Korea, having his local address at 400 Mass Avenue #34, Boston, MA 02115, and his permanent address at Kangwondo kangnuen-shi  kyoi-dong, Darim Apartments 1803, Republic of Korea.

-2-

Defendant Jeon drove the 2003 Chevy Malibu relevant to this lawsuit and contributed to the death of plaintiff Jin Ah Lee.  Defendant Alamo Rental Car company, which rented the subject GM Malibu to defendant Jeon is a named defendant in the Rollover Litigation.

7. In May 2003, defendant Jeon, an alien who possessed an "international driver's license," issued by the Republic of Korea, having relatively little driving experience in the United States, rented a certain 2003 Chevrolet Malibu, four-door automobile (the "Malibu"), bearing California license plates 4LXT007, from defendant Alamo, at one of its rental locations in Las Vegas, Nevada, and drove with three passengers through the State of Arizona and elsewhere.

8. Among the four occupants of the Malibu were the driver and  Jin Ah Lee and two of their friends.   Jin Ah Lee and a second female occupant were seated in the rear of the car, while defendant Jeon, as the driver, was accompanied by another male in the front seats.

9. Upon information and belief, while defendant Jeon was driving through Flagstaff, Arizona, on a single-lane, two-way, level desert highway, heading westbound, defendant Jeon attempted to pass a slow-moving vehicle through the east-bound lane, in a permitted "passing" zone.

10. Upon information and belief, defendant Jeon crossed into the on-coming lane and attempted to outpace the "slower" car in the westbound lane, but was unable to do so before he saw an oncoming car.  As oncoming traffic became visible, defendant Jeon attempted to slow down and maneuver the Malibu back to the westbound lane, but the Malibu lost

stability, "fishtailed" out of control, and left the road surface, off the shoulder, into the unpaved dirt.

11. According to plaintiffs' engineering experts, the GM Malibu failed to brake properly due to weak or small brake pads, lack of anti-lock braking system (ABS), the wheels and body vibrated extensively, bounced up and down, and the frame and body became unstable.   As the Malibu left the road surface and traveled in the dirt, it rolled over and sustained extensive structural damage, including the collapse of its roof, the disintegration of its frame, and the destruction of all windows and windshields.  During the rollover, Jin Ah Lee was ejected out of the passenger compartment of the vehicle.   Jin Ah lee suffered serious physical injuries to various parts of her body and died at the emergency room of a local hospital.

12.  In the Rollover Litigation, creditors the Lees have alleged that General Motors produced a defective car, and that it committed willful and malicious acts which warrant punitive damages.  These claims have been supported by the Lees' engineering experts, in their comprehensive expert report served before GM's bankruptcy case began.

13. The Rollover Litigation was initially filed in the U.S. District Court for the District of Arizona, and ultimately was re-filed in the Superior Court of Arizona, in the County of Coconino, after various procedural proceedings, including a late-breaking dismissal by the U.S. District Court, due to a lack of diversity jurisdiction.  Since the action was commenced in 2003, the creditors have provided various notices to GM about the extent of the

-4-

unliquidated claim to be sought in trial of the Rollover Litigation, as being in excess of $30 million.

14.  Attached hereto as <u>Exhibit 1</u> is the original complaint filed on August 11, 2003, in the District of Arizona.  On page 15, creditors asserted $20 million in compensatory damages and $20 million in punitive damages.  General Motors has had notice of this document for over six years and actively litigated against this claim until it was dismissed for lack of jurisdiction.

15. The discovery obtained by both parties is evidence of the level of participation in this case, and attached hereto as <u>Exhibit 2</u> is the Joint Discovery Plan submitted in April 2004, by both creditors' and debtor's counsel to Judge James A. Teilborg of the District of Arizona.  In this document, both parties jointly submitted statements setting forth the basis of the claims and defenses asserted.  This document further supports the contention that debtor was aware of the claims against it.

16.  Attached hereto as <u>Exhibit 3</u> are debtor's discovery responses served upon creditors in the District of Arizona, again evidencing debtor's knowledge of the claim asserted against it.

17.  Attached hereto as <u>Exhibit 4</u> is creditors' Rule 26 Disclosure Statement sent to Debtor in the Superior Court of Arizona.  This document clearly shows creditors' claims and intent to hold debtor liable for the death of their daughter, Jin Ah Lee.

18. Attached hereto as <u>Exhibit 5</u> are debtor's discovery requests served upon creditors

in the Superior Court of Arizona. These requests nakedly reveal debtor's knowledge of creditors' claim, and debtor's intent to obtain information about the claim.

19. Attached hereto as Exhibit 6 are creditor's responses to debtor's discovery requests in the Superior Court of Arizona, again indicating the amount of damages sought. These responses give debtor the information it sought in relation to the claim and dispel any notion that debtor may not have had notice of creditor's claim.

20. On June 1, 2009, debtor filed for Chapter 11 Reorganization in the Southern District of New York, Bankruptcy Court. On July 7, 2009, creditors Sang Chul Lee and Dukson Lee timely filed a motion to lift the automatic stay in the same court to continue the pre-petition litigation.

21. Throughout July, August, September, October, and November, and December 2009, creditors and GM, through their respective attorneys, exchanged approximately thirty emails, discussing various issues, including settlement. Attached hereto as Exhibit 7 are just some of the emails exchanged between creditors' counsel, the Kimm Law Firm, and Brianna Benfield, Esq., counsel for debtor, showing that creditors intended to pursue this claim.

22. At all relevant times, GM was provided with notice of creditors' intention to pursue the Rollover Litigation to completion and damages. GM has had notice of creditors' active participation in the underlying action and intent to pursue any and all remedies available to bring this action to a resolution for both parties. It is further undisputed that GM had substantial knowledge of creditors' claims and had obtained all paper discovery from

creditors.

23. Thomas Klein, Esq., and his firm Bowman and Broke, LLP, represent the Debtor in Arizona and served notice of debtor's bankruptcy upon the Kimm Law Firm, creditors' counsel, based in New Jersey, but failed to serve and give notice to the Rollover Litigation creditors' local counsel, Jon Trebon, Esq.

24. Someone named Richard M. Gulbrandsen is listed on the affidavit of service for the claims bar date as the attorney to be served with notice for Sang Chul Lee and Dukson Lee. Mr. Gulbrandsen is not affiliated with the Kimm Law Firm, nor does he represent the Lees. Attached hereto as <u>Exhibit 8</u> is a list of entities served with notice of the claims bar date, recently provided to creditors by debtor's counsel. The list indicates Richard M. Gulbrandsen, Esq., as the contact person for creditors, instead of Jon Trebon. Attached hereto as an example of Jon Trebon's role is <u>Exhibit 9</u>, a Request to Exceed Preliminary Limit on Interrogatories and requests for Production of Documents, signed by Jon Trebon, showing that Jon Trebon is creditors' local counsel in Arizona.

25. It also appears that a copy of the notice of the claims bar date was sent to 190 Moore Street, Hackensack, New Jersey. This was the old address of the Kimm Law Firm, but the firm relocated on October 31, 2007, with notice served upon all counsel in the Rollover Litigation almost two years before the claims bar date, to its current location of 41W Bancker Street, Englewood, New Jersey. After a thorough review of the case file, we have been unable to locate a hard copy of the notice regarding the claims bar date which was

served at the wrong address of 190 Moore Street.

26. This case appears to have approximately five thousand documents filed in the ECF system. Although an email notice of the claims bar date appears to have been served by ECF, regrettably it was overlooked due to extensive materials from the GM ECF system, most of which do not implicate the Lees. The Lees have not been intentionally dilatory or irresponsible, and they request that the Court grant their proof of claim filed on February 22, 2010 to be deemed timely filed over any objection by GM, as there has been no prejudice and GM has been on notice of the potential size of their claim, which is unsecured and unliquidated and which requires a trial and judgment before a sum can be fixed.

WHEREFORE, the Lees-creditors' motion should be granted to allow late claim filed to be deemed timely filed.


Dated: March 22, 2010                        /s/ Michael Kimm

                                             Michael S. Kimm


-8-

**Certificate of Service**

Michael Kimm, Esq., certifies that the foregoing was served by ECF on all parties, or their counsel.


Dated: March 22, 2010                     /s/ Michael Kimm

                                          Michael S. Kimm