UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA – PHOENIX



MICHAEL S. KIMM, ESQ. (MK-4476)
190 MOORE STREET, SUITE 272
HACKENSACK, NEW JERSEY 07601
TEL: (201) 342-3377
*Attorney for Plaintiffs*

------------------------------------------------------x
JIN AH LEE, decedent, by her estate      :     CV '03 1532 PCT JAT
representative, JUNGIL LEE,              :     03 Civ. _____
SANG CHUL LEE, decedent's father,        :
and DUKSON LEE, decedent's mother,       :
                                         :     Civil Action
            Plaintiffs,                  :
                                         :
        v.                               :
                                         :
ANC CAR RENTAL CORP.,                    :
GENERAL MOTORS CORP.,                    :
and HONG-JUN JEON,                       :     **Complaint with Jury Demand**
                                         :
            Defendants.                  :
------------------------------------------------------x

### Preliminary

Plaintiff Jin Ah Lee, decedent, by her authorized estate representative, Jungil Lee, plaintiff Sang-Chul Lee and plaintiff Dukson Lee, by their authorized legal representative Jungil Lee, for their complaint against defendants ANC Rental Corporation, General Motors Corporation, and Hong-Jun Jeon, allege:

1

## **The Parties**

1. Plaintiff-decedent, Jin Ah Lee, was a natural person, age 22, who died in the accident relevant to this lawsuit on June 1, 2003, at Flagstaff, Arizona. Plaintiff Jin Ah Lee maintained a permanent residence at Kaepo Woosung 4 th Apartment No. 8-407, Dokok-dong, Kangnam-ku, Seoul, Republic of Korea, and maintained a local address at 36 Kennedy Blvd., Cambridge, MA, while studying in the United States before her death.

2. Plaintiffs Sang-Chul Lee, plaintiff Jin Ah Lee's father, and Dukson Lee, plaintiff Jin Ah Lee's mother, are aliens, who reside at Kaepo Woosung 4th Apartment No. 8-407, Dokok-dong, Kangnam-ku, Seoul, Republic of Korea. These plaintiffs sue in their own names in connection with the untimely death and loss of their daughter, including support, companionship, society, wrongful death and survivorship rights.

3. Defendant ANC Rental Corporation (acronym for "Alamo/National Car") ("Alamo"), a publicly-traded entity organized in November 1999, is the parent company of Alamo Rent a Car, National Car Rental, and Alamo Local Market, engaged in the rental car business in approximately 60 countries around the world. Its principal offices located at 200 South Andrews Avenue, Fort Lauderdale, FL 33301.  At all relevant times Alamo was the owner and renter of a certain 2003

Chevrolet Malibu automobile which caused plaintiff's death. Defendant Alamo is believed to be authorized to conduct regular business in the State of Arizona and in this district.

4. Defendant General Motors Corporation ("GM") is believed to be an entity organized under laws of the State of Michigan, and has its worldwide corporate headquarters and principal offices at 767 Fifth Avenue, New York, New York. At all relevant times GM was the designer and manufacturer of the 2003 Year model Chevrolet Malibu automobile which caused plaintiff's death. Defendant GM is believed to be authorized to conduct regular business in the State of Arizona and in this district.

5. Defendant Hong-Jun Jeon ("Jeon") is an alien, a national of the Republic of Korea, having his local address at 400 Mass Avenue #34, Boston, MA 02115, and his permanent address at Kangwondo kangnuen-shi kyoi-dong, Darim Apartments 1803, Republic of Korea. Defendant Jeon drove the 2003 Chevy Malibu relevant to this lawsuit and contributed to the death of plaintiff Jin Ah Lee.

### Jurisdiction and Venue

6. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) based on the parties' diverse citizenship, as the amount in controversy exceeds the sum of $75,000.00 excluding costs and interest. Venue is proper under 28 U.S.C. §

3

1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Common Allegations

7. Upon information and belief, in May 2003, defendant Jeon, an alien who possessed an "international driver's license," issued by the Republic of Korea, having relatively little driving experience in the United States, rented a certain 2003 Chevrolet Malibu, four-door automobile (the "Malibu"), bearing California license plates 4LXT007, from defendant Alamo, at one of its rental locations in Las Vegas, Nevada, and drove with three passengers through the State of Arizona and elsewhere.

8. Among the four occupants of the Malibu were the driver and plaintiff Jin Ah Lee and two of their friends. Plaintiff Jin Ah Lee and a second female occupant were seated in the rear of the car, while defendant Jeon, as the driver, was accompanied by another male in the front seats.

9. Upon information and belief, while defendant Jeon was driving through Flagstaff, Arizona, on a single-lane, two-way, level desert highway, heading westbound, defendant Jeon attempted to pass a slow-moving vehicle through the east-bound lane, in a permitted "passing" zone.

10. Upon information and belief, defendant Jeon crossed into the on-coming lane and attempted to outpace the "slower" car in the westbound lane, but was unable

to do so before he saw an oncoming car. As oncoming traffic became visible, defendant Jeon attempted to slow down and maneuver the Malibu back to the westbound lane, but the Malibu lost stability, "fishtailed" out of control, and left the road surface, off the shoulder, into the unpaved dirt.

11. Upon information and belief, the Malibu failed to brake properly due to weak or small brake pads, lack of anti-lock braking system (ABS), the wheels and body vibrated extensively, bounced up and down, and the frame and body became unstable.

12. Upon in formation and belief, as the Malibu left the road surface and traveled in the dirt, it rolled over and sustained extensive structural damage, including the collapse of its roof, the disintegration of its frame, and the destruction of all windows and windshields.

13. During the rollover, plaintiff Jin Ah Lee was unsafely ejected out of the passenger compartment of the vehicle. Plaintiff Jin Ah lee suffered serious physical injuries to various parts of her body.

14. Upon information and belief, the accident was observed by, among others, a physician who was traveling through the area at the time, and the physician provided emergency assistance. The police and ambulance were summoned immediately, and plaintiff Jin Ah Lee was transported by air to a hospital.

15. As doctors at Flagstaff Medical Center provided emergency care, plaintiff Jin Ah Lee died from "multiple blunt-trauma injuries" sustained in the accident. She suffered extensive pain between the time of the accident and the time of her death, several hours later.

16. Upon information and belief, the Malibu was towed to Chief's Towing in Flagstaff, Arizona, and subsequently removed by defendant Alamo to Albuquerque, New Mexico, to a facility under its exclusive control. Defendant Alamo has been requested to preserve the car.

### More Particular Allegations and Claims for Relief

17. Plaintiff Jin Ah Lee's untimely death was believed to be caused by a combination of some or all of the following causes of action.

### Count 1: Improper testing by GM

18. Paragraphs 1 through 17 are incorporated by reference.

19. Although GM routinely conducts dynamic rollover tests at its European operations, within the United States, GM has failed to conduct any dynamic rollover tests using anthropomorphic test-dummies, on the Malibu, among other car models, for decades now.

20. Defendant GM's failure to conduct dynamic rollover tests in the United States is part of its overall business strategy to cut costs by its management, despite

its knowledge that dynamic rollover tests, as GM itself conducts at its European operations, are an effective means of gauging vehicle safety and improving vehicle and occupant safety.

21. Defendant GM's failure to implement adequate dynamic rollover tests concerning hundreds of thousands of cars made and sold in the United States generally, and of the Malibu, in particular, contributed to accident and to plaintiff Jin Ah Lee's death.

22. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

23. Because defendant GM committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

### Count 2: Improper design by GM

24. Paragraphs 1 through 17 are incorporated by reference.

25. Despite the fact defendant GM promotes the Malibu as having a "steel cage" construction to protect the passenger cabin, in fact, the subject Malibu's passenger cabin failed to maintain the "survival space," also known as the "non-encroachment zone," necessary for plaintiff to have survived the relevant accident.

26. Upon information and belief, defendant GM knew or should have known that the Malibu's "non-encroachment zone" was of inferior quality, design, and strength. The Malibu's roof structure and the extent of deformation and crushing into the "non-encroachment zone" was needlessly more severe and extensive due to the inherent weaknesses in the roof structure. A primary reason for utilizing the weak "survival space" was part of defendant GM's overall "cost cutting" business practice.

27. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

28. Because defendant GM committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

### Count 3: Improper manufacturing by GM

29. Paragraphs 1 through 17 are incorporated by reference.

30. Defendant GM failed to implement appropriate welding of separate components together, in the frame and structure of the Malibu, so as to minimize roof crush.

31. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

32. Because defendant GM committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the potential risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

### Count 4:  Improper design/manufacturing by GM

33. Paragraphs 1 through 17 are incorporated by reference.

34. Upon information and belief, the side windows and the rear windshield were glazed or attached inappropriately, inadequately and/or defectively. Defendant GM improperly designed and/or manufactured the Malibu in such a way as to allow the windows and windshields to separate from the body relatively easily, and thereby placed human life in unnecessary danger.

35. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

36. Because defendant GM committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

### Count 5:  Improper design/manufacturing by GM

37. Paragraphs 1 through 17 are incorporated by reference.

38. Upon information and belief, the Malibu's braking system was designed or manufactured inappropriately, inadequately and/or defectively. Defendant GM knew or should have known that the car did not have safe-braking capability, due to relatively small brake-pad size, due to the lack of ABS, and due to other factors; and that the Malibu was not adequately controllable, particularly at highway speeds.

39. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

40. Because defendant GM committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the potential risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

## Count 6: Failure to give adequate warnings by GM

41. Paragraphs 1 through 17 are incorporated by reference.

42. Defendant GM failed to give adequate warning to the public about the dangers associated with, and relating to, the Malibu, each of the foregoing safety/design/manufacturing factors, and to other factors.

43. As a direct and proximate result of defendant GM's actions and omissions, plaintiffs have sustained injuries.

44. Because defendant GM committed its actions or omissions knowingly,

intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant GM should be subject to punitive damages.

### Count 7: Acquisition, use or rental of unsafe vehicles by Alamo

45. Paragraphs 1 through 44 are incorporated by reference.

46. Upon information and belief, defendant Alamo, one of the largest car renters in the world, purchases and acquired a substantial number of Malibu cars from defendant GM.

47. Upon information and belief, defendant Alamo knew one or more of the facts alleged in plaintiffs' claims against defendant GM, concerning the Malibu's testing, design, manufacture, and safety, but nevertheless acquired a substantial number of such cars, and promoted and rented them to the public, and thereby unnecessarily increased the likelihood of serious injury or death to persons riding in its cars, including plaintiff Jin Ah Lee.

48. As a direct and proximate result of defendant Alamo's actions and omissions, plaintiffs have sustained injuries.

49. Because defendant Alamo committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant Alamo should be subject

to punitive damages.

### Count 8: Wrongful rental by Alamo

50. Paragraphs 1 through 44 are incorporated by reference.

51. Upon information and belief, defendant Alamo rented the car to defendant Jeon despite his failure to produce adequate documentation; despite his lack of driving experience; and/or despite his inappropriate age. Upon information and belief, defendant Jeon was not qualified under defendant Alamo's own rental guidelines.

52. As a direct and proximate result of defendant Alamo's actions and omissions, plaintiffs have sustained injuries.

53. Because defendant Alamo committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant Alamo should be subject to punitive damages.

### Count 9: Failure to warn by Alamo

54. Paragraphs 1 through 44 are incorporated by reference.

55. At the time defendant Alamo rented the Malibu to defendant Jeon, Alamo knew or should have known that the car did not have ABS braking capability, and/or otherwise did not have adequate controllability, on the highway and elsewhere.

56. At all relevant times, upon information and belief, at the time of making the rental contract, defendant Alamo failed to warn defendant Jeon, plaintiff Jin Ah Lee and the other passengers of the Malibu that the car did not have certain safety devices, including ABS braking capability.

57. Upon information and belief, defendant Alamo failed to warn of other safety measures and thereby contributed to plaintiff Jin Ah Lee's injuries and death.

58. As a direct and proximate result of defendant Alamo's actions and omissions, plaintiffs have sustained injuries.

59. Because defendant Alamo committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant Alamo should be subject to punitive damages.

### Count 10: Entrustment of dangerous instrumentality by Alamo

60. Paragraphs 1 through 44 are incorporated by reference.

61. Upon information and belief, defendant Alamo wrongfully entrusted a dangerous instrumentality, the Malibu, to defendant Jeon, and contributed to the unnecessary death of plaintiff Jin Ah Lee.

62. As a direct and proximate result of defendant Alamo's actions and omissions, plaintiffs have sustained injuries.

63. Because defendant Alamo committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff Jin Ah Lee, defendant Alamo should be subject to punitive damages.

### Count 11: Contract insurer of Jeon

64. Paragraphs 1 through 44 are incorporated by reference.

65. At all relevant times, Alamo or another insurance carrier underwrote a certain liability insurance policy affecting the rental/car in issue.

66. Such carrier is liable to the same extent as defendant Jeon's liability, discussed below.

67. Despite repeated demands for policy claim information and payment, defendant Alamo has failed and refused to pay on such policy and has failed to even provide basic policy information.

68. Defendant Alamo is liable for such policy value.

69. Because defendant Alamo committed its actions or omissions knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of its obligations as an insurance company, defendant Alamo should be subject to punitive damages for bad faith insurance practices.

## Count 12: Negligent driving by Jeon

70. Paragraphs 1 through 63 are incorporated by reference.

71. Upon information and belief, defendant Jeon, unaware that he was driving a car with various testing/design/manufacturing and safety problems, was negligent in his operation of the subject Malibu. Defendant Jeon's actions and omissions contributed to the other defendants' actions and omissions.

72. As a direct and proximate result of defendant Jeon's actions, plaintiffs have sustained injuries.

WHEREFORE, plaintiffs demand:

A. appropriate compensatory damages in a sum exceeding $20 million, for pain and suffering, loss of income, loss of society and survivorship rights, and wrongful death, to the parents of Jin Ah Lee on behalf of Jin Ah Lee and themselves, against all defendants, individually and jointly and severally; and

B. appropriate punitive damages in a sum exceeding $20 million, against defendants Alamo and GM, individually and jointly and severally; and

C. appropriate costs and attorney's fees; and

D. any other relief the Court deems just and proper under the circumstances.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby requests a trial by jury.

Dated: August 8, 2003

_____
Michael S. Kimm
Attorney for plaintiffs