UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA – PHOENIX

MICHAEL S. KIMM, ESQ. (PRO HAC VICE)
190 MOORE STREET, SUITE 272
HACKENSACK, NEW JERSEY 07601
TEL: (201) 342-3377
*Attorney for Plaintiffs*

-----------------------------------------------x
JIN AH LEE, decedent, by her estate :
representative, JUNGIL LEE, :          CV-03-1532-PCT-JAT
SANG CHUL LEE, decedent's father, :
and DUKSON LEE, decedent's mother, :
                                    :
                                    :          Civil Action
            Plaintiffs,             :
                                    :
                                    :
        v.                          :
                                    :
                                    :
ANC CAR RENTAL CORP.,               :
GENERAL MOTORS CORP.,               :
and HONG-JUN JEON,                  :          **JOINT DISCOVERY PLAN**
                                    :
            Defendants.             :
-----------------------------------------------x

In advance of the Rule 16 discovery conference scheduled for April 26, 2004, before the Honorable James A. Teilborg, United States District Judge, the parties having conferred by telephone and by other means, submit this Joint Discovery Plan:

**1.     The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses.**

Plaintiff's factual and legal contentions:

1

1.1. In late May 2003, in a Chevy Malibu rented by defendant Hong-Jun Jeon, from defendant ANC Car Rental Corp., and manufactured by defendant General Motors, plaintiff was one of three passengers. While traveling on the highways of Arizona, the car sustained a rollover accident during which plaintiff, sitting in the rear seat with another passenger, was ejected from the car, sustained blunt force injuries and died during emergency treatment.

1.2. The complaint filed on behalf of the decedent and her two parents who survive her, plaintiffs allege 12 counts of negligence and related theories as follows:

1.3. <u>Count 1: Improper testing by GM</u>. Although GM routinely conducts dynamic rollover tests at its European operations, within the United States, GM has failed to conduct any dynamic rollover tests using anthropomorphic test-dummies, on the Malibu, among other car models, for decades now. Defendant GM's failure to conduct dynamic rollover tests in the United States is part of its overall business strategy to cut costs by its management, despite its knowledge that dynamic rollover tests, as GM itself conducts at its European operations, are an effective means of gauging vehicle safety and improving vehicle and occupant safety. Defendant GM's failure to implement adequate dynamic rollover tests concerning hundreds of thousands of cars made and sold in the United States generally, and of the Malibu, in particular, contributed to accident and to plaintiff Jin Ah Lee's death.

1.4. <u>Count 2: Improper design by GM</u>. Despite the fact defendant GM promotes the Malibu as having a "steel cage" construction to protect the passenger cabin, in fact, the subject Malibu's passenger cabin failed to maintain the "survival space," also known as the "non-encroachment zone," necessary for plaintiff to have survived the relevant accident. GM knew or should have known that the Malibu's "non-encroachment zone" was of inferior quality, design, and strength. The Malibu's roof structure and the extent of deformation and crushing into the "non-encroachment zone" was needlessly more severe and extensive due to the inherent weaknesses in the roof structure. A primary reason for utilizing the weak "survival space" was part of defendant GM's overall "cost cutting" business practice.

1.6. <u>Count 3: Improper manufacturing by GM</u>. Defendant GM failed to implement appropriate welding of separate components together, in the frame and structure of the Malibu, so as to minimize roof crush.

1.7. <u>Count 4: Improper design/manufacturing by GM</u>. The side windows and the rear windshield were glazed or attached inappropriately, inadequately and/or defectively. Defendant GM improperly designed and/or manufactured the Malibu in such a way as to allow the windows and windshields to separate from the body relatively easily, and thereby placed human life in unnecessary danger.

1.8. <u>Count 5: Improper design/manufacturing by GM</u>. The Malibu's braking

3

system was designed or manufactured inappropriately, inadequately and/or defectively. Defendant GM knew or should have known that the car did not have safe-braking capability, due to relatively small brake-pad size, due to the lack of ABS, and due to other factors; and that the Malibu was not adequately controllable, particularly at highway speeds.

1.9. <u>Count 6: Failure to give adequate warnings by GM</u>. Defendant GM failed to give adequate warning to the public about the dangers associated with, and relating to, the Malibu, each of the foregoing safety/design/manufacturing factors, and to other factors.

1.10. <u>Count 7: Acquisition, use or rental of unsafe vehicles by Alamo</u>. Defendant Alamo, one of the largest car renters in the world, purchases and acquired a substantial number of Malibu cars from defendant GM. Defendant Alamo knew or should have known one or more of the facts alleged in plaintiffs' claims against defendant GM, concerning the Malibu's testing, design, manufacture, and safety, but nevertheless acquired a substantial number of such cars, and promoted and rented them to the public, and thereby unnecessarily increased the likelihood of serious injury or death to persons riding in its cars, including plaintiff Jin Ah Lee.

1.11. <u>Count 8: Wrongful rental by Alamo</u>. Defendant Alamo rented the car to defendant Jeon despite his failure to produce adequate documentation; despite his

lack of driving experience; and/or despite his inappropriate age. Upon information and belief, defendant Jeon was not qualified under defendant Alamo's own rental guidelines.

1.12. Count 9: Failure to warn by Alamo. Alamo knew or should have known that the car did not have ABS braking capability, and/or otherwise did not have adequate controllability, on the highway and elsewhere. Alamo failed to warn defendant Jeon, plaintiff Jin Ah Lee and the other passengers of the Malibu that the car did not have certain safety devices, including ABS braking capability, and Alamo failed to warn of other safety measures and thereby contributed to plaintiff Jin Ah Lee's injuries and death.

1.13. Count 10: Entrustment of dangerous instrumentality by Alamo. Defendant Alamo wrongfully entrusted a dangerous instrumentality, the Malibu, to defendant Jeon, and contributed to the unnecessary death of plaintiff Jin Ah Lee.

1.14. Count 11: Contract insurer of Jeon. Alamo or another insurance carrier underwrote a certain liability insurance policy affecting the rental/car in issue. Such carrier is liable to the same extent as defendant Jeon's liability, discussed below.

1.15. Count 12: Negligent driving by Jeon. Defendant Jeon, unaware that he was driving a car with various testing/design/manufacturing and safety problems, was negligent in his operation of the subject Malibu. Defendant Jeon's actions and

omissions contributed to the other defendants' actions and omissions.

Defendants ANC and Jeon

1. Factual Contentions

Defendant ANC Rental Corporation ("ANC") is the parent company of Alamo Rent A Car, and is engaged in the rental car business in numerous countries. Pursuant to this, ANC purchases and acquires a number of Chevrolet Malibu cars from defendant GM. However, ANC has no knowledge of how defendant GM tests, designs, and/or manufactures its vehicles in general or the Chevrolet Malibu in particular. Moreover, ANC is not aware of any safety issues or concerns with the Chevrolet Malibu.

On May 30, 2003, Defendant Hong Jun Jeon ("Jeon") rented a 2003 Chevrolet Malibu ("Malibu") from Alamo Rent A Car in Las Vegas, Nevada. Mr. Jeon rented the car on behalf of himself and three others, Decedent Jin Ah Lee ("Lee"), Joon Kyu Jang ("Jang"), and Hong Jude Eyim ("Eyim") (collectively, "the Parties") for a vacation in or around Arizona. Under the rental agreement, Mr. Jeon was the only party allowed to drive the vehicle. At the time, Mr. Jeon possessed an international driver's license. Mr. Jeon also purchased EP coverage through Lumbermens Mutual Casualty Company. Thus, ANC admits only that such carrier's liability is contingent upon Mr. Jeon's liability, if any.

According to the Arizona Traffic Accident Report #2003-043607, around 4:30 p.m. on June 1, 2003, the Parties were traveling westbound on Highway 160, approximately 12 miles west of Kayenta, Arizona, when they came upon a slow-moving vehicle. Mr. Jeon was driving; Mr. Jan was sitting in the front passenger seat; Ms. Lee was sitting in the left rear seat; and Ms. Eyim was seated in the right rear seat. Both front seat passengers were wearing seat belts; Ms. Lee and Ms. Eyim were not.

As Mr. Jeon started to pass the slower vehicle, he saw an oncoming car in the eastbound lane. Upon information and belief, there was no room to merge back into the westbound lane, and eyewitnesses indicated that a vehicle in front of the Malibu also attempted to pass, thereby forcing the Malibu off the road. As a result, Mr. Jeon swerved to avoid a potential collision and lost control of the vehicle. The vehicle left the roadway, where it began rolling over. During the rollover, the two non-restrained rear passengers, Ms. Lee and Ms. Eyim, were ejected from the vehicle. The left rear passenger, Ms. Lee, sustained fatal injuries.

2. Legal Argument

ANC denies that it knew or should have known that the Malibu did not have "adequate controllability" on the highway or elsewhere. ANC also denies that it is aware of any "safety" issues or concerns with the Malibu such that it should

and/or could have warned Mr. Jeon of those alleged concerns. ANC further denies that it "wrongfully entrusted a dangerous instrumentality" to Mr. Jeon and denies that the Malibu is a "dangerous instrumentality."

Defendants ANC and Jeon admit only that Mr. Jeon was partly liable in causing the accident but deny that he was solely liable for the accident. Moreover, Defendants ANC and Jeon assert that Plaintiffs' injuries and damages were caused, in whole or in part, by the negligent or otherwise wrongful act of Decedent Jin Ah Lee or other individuals not parties to this suit including, but not limited to, acts of contributory negligence, comparative negligence, assumption of the risk, and/or failure to mitigate damages. Ms. Lee failed to wear her seat belt thereby contributing to her own injuries. In addition, another vehicle may have contributed to the accident by forcing the Malibu off the road. Plaintiffs also improperly named Ms. Lee as a plaintiff, and have failed to state Jungil Lee's relationship to Ms. Lee. Thus, Jungil Lee also may not be a proper plaintiff. Defendants ANC and Jeon incorporate herein all other affirmative defenses in its Answer.

Defendant GM

A. Factual Contentions:

As described in the Arizona accident report #2003-043607, this case arises from a motor vehicle accident occurring on or around June 1, 2003. Ms. Jin Ah

Lee was a driver-side rear passenger in a 2002 Chevrolet Malibu driven by a Hong Jun Jeon and rented from ANC Car Rental Corporation with three other passengers. Ms. Lee was an unbelted passenger. While Mr. Jeon was traveling westbound on state Highway 160, a two lane highway, Mr. Jeon attempted to pass a slower moving vehicle in front of him by entering the eastbound lane. When Mr. Jeon saw an oncoming vehicle approaching, he attempted to re-enter the westbound lane by merging between two vehicles he attempted to pass. He jerked the car to the right, then back to the left, then lost control. The car skidded, counter-clockwise as indicated by the skid marks and then went sideways to the left of the eastbound lane and rolled down the side of the road. Ms. Lee was ejected during the rollover. The vehicle came to rest on its roof.

B. Defenses:

1) Contributory Negligence by plaintiff and plaintiff's damages must by reduced by the comparative fault of plaintiff pursuant to A.R.S. § 12-501 et seq.;

2) The vehicle is state of the art and is neither dangerous nor defective pursuant to Arizona revised statute § 12-681;

3) The negligent and reckless driving of Mr. Jeon A.R.S. § 2506 et.seq.;

4) Negligence per se; and

5) All affirmative defenses listed in GM's answer.

**2.    The jurisdictional basis of the case, citing specific statutes.**

This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) based on the parties' diverse citizenship, as the amount in controversy exceeds the sum of $75,000.00 excluding costs and interest. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Defendants ANC and Jeon

Defendants ANC and Jeon are without knowledge and information sufficient to form a belief as to whether the Court has jurisdiction under 20 U.S.C. § 1332(a)(2). Defendants ANC and Jeon are uncertain whether diversity jurisdiction exists but have not objected to this Court's jurisdiction.

Defendant GM

General Motors is without knowledge and information sufficient to form a belief as to whether the court has jurisdiction under 28 U.S.C § 1332 (a).

**3. The parties, if any, which have not been served, as well as any parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, a proposed form of order shall accompany the Joint Proposed Case Management Plan that (a) dismisses any party which is has not been served, including fictitious and unnamed parties, or (b) seeks default**

**judgment on any non-appearing party.**

All parties have been served and joined as follows:

    Hong-Jun Jeon's Answer filed January 29, 2004

    ANC's Answer filed September 25, 2003

    General Motor's Answer filed October 7, 2003

**4.    The names of parties not subject to the Court's jurisdiction.**

None.

<u>Defendants ANC and Jeon</u>

Defendants ANC and Jeon reserve the right to name non-parties at fault as they may be identified through discovery and pursuant to the Federal Rules of Civil Procedure.

<u>Defendant GM</u>

GM reserves the right to name non-parties at fault pursuant to the federal rules of civil procedure.

**5.    Whether the case is suitable for reference to arbitration, to a special master, or to a United State Magistrate Judge for trial, and, if so, whether the parties consent to trial before a Magistrate Judge.**

The case was withdrawn from referral to arbitration by all defendants; plaintiffs also expressed their belief, in agreement with GM, that arbitration would be ineffective.

**6. The status of related cases pending before other judges of this Court or before other courts.**

No related cases are pending

**7. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made. Initial disclosures shall be in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Unless otherwise stipulated to in writing by the parties or directed by a written order of the Court, Initial Disclosures shall be made at the initial Rule 26(f) Case Management Meeting or within ten (10) days after the meeting. IT IS FURTHER ORDERED that to satisfy the requirements of Federal Rule of Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>; copies of the actual disclosures shall not be filed.**

By letters dated March 16 and March 24, 2004, plaintiff has provided all defendants with substantial materials of voluntary disclosure, including:

1. Jin Ah Lee's death certificate

2. Arizona State Police report

3. Photos of accident scene with Photo Legend

4. New England School of English, application

5. New England School of English, transcript

6. Korean college and high school transcripts

7. Frankenfeld Associates report

8. Kimm letter to Frankenfeld dated 1-26-04

9. Legal Language Services, Inc., fee disclosure

10. Sang Chul Lee statement (unnotarized)

11. Accident reconstruction animation CD with Keyenta PD photos.

Defendants ANC and Jeon

Defendants ANC and Jeon propose that initial disclosures be exchanged on April 23, 2004.

Defendant GM

GM requests that the reference to Rule 26 (f) regarding the number of days after the case management meeting in which the initial disclosure shall be made is fourteen (14) days. General Motors proposes that all parties shall simultaneously make their initial disclosure on April 23, 2004.

8.  **Proposed deadlines for:**

   a.  **filing a motion to amend the pleadings;**

   b.  **disclosure of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;**

   c.  **discovery; and**

   d.  **filing dispositive motions.**

   A. Any motion to amend a pleading by June 30, 2004;

   B. Areas of expert disclosures by July 30, 2004; Simultaneous expert disclosure by August 30, 2004;

   C. Discovery closure on March 18, 2005;

   D. Dispositive motions by May 18, 2005.

Defendants ANC and Jeon

Defendants ANC and Jeon believe additional time may be required for discovery due to the fact that plaintiffs and defendant Jeon are foreign nationals and reside in a foreign country. In addition, documentary discovery from other countries may be required during the course of this matter.

Defendant GM

GM proposes that the parties have a conference call within five (5) days after the date experts are disclosed with the purpose of scheduling the expert's depositions

with both the experts and attorney's availability.

**9. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure and/or Rule 2.12 of the Rules of Practice for the United States District Court for the District of Arizona.**

In view of the potentially-voluminous nature of discovery anticipated in this case, particularly as it relates to GM's documents, the parties request that the usual limitations be suspended, with closer court scrutiny of any discovery issues.

<u>Defendants ANC and Jeon</u>

Defendants ANC and Jeon oppose any additional discovery outside the limits set forth in the Federal Rules of Civil Procedure.

<u>Defendant GM</u>

GM opposes any additional discovery outside the limits set forth in the Federal Rules of Civil Procedure.

**10. The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial.**

The case is likely to be trial ready by July 18, 2005; trial will consume an estimated four weeks. Trial may be shortened through stipulations of fact, but this

idea cannot be fully explored at this time.

**11. Whether a jury trial has been requested and whether the request for a jury trial is contented. If the request for a jury trial is contested, the <u>Joint Proposed Case Management Plan</u> shall set forth the reasons why a trial by jury is in dispute.**

Plaintiff has requested a trial by jury.

**12. The prospects for settlement, including (a) any request to have a settlement conference before another United States District Court Judge or a Magistrate Judge, or (b) other request of the Court for assistance in settlement efforts.**

In aid of early settlement discussions, plaintiff provided voluntary disclosure of matters discussed above.

<u>Defendants ANC and Jeon</u>

Defendants ANC and Jeon propose mediation by a private mediator to be chosen by the parties. Private mediation to be completed on or before October 29, 2004.

<u>Defendant GM</u>

16

GM proposes private mediation by a private mediator to be chosen by the parties. Private mediation to be completed by October 29, 2004.

**13. Modification of pretrial procedures due to the simplicity or complexity of the case, and any other matters which counsel believes will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.**

Plaintiffs respectfully request leave to supplement this part during the progress of discovery and other pretrial proceedings.

Dated: April _____, 2004

Respectfully,


Michael S. Kimm
Attorney for plaintiffs



Kimberly Kauffman
Attorney for defendants ANC
    Rental Corp. and Hong Jung Jeon



Thomas Klein, Esq. and
Jo Ana Saint-George, Esq.
Attorneys for defendant General Motors

TRANSMISSION VERIFICATION REPORT

TIME : 04/19/2004 00:32
NAME :
FAX : 2013420555
TEL : 2013423377

```
DATE,TIME              04/19 00:22
FAX NO./NAME           16027343878
DURATION               00:09:52
PAGE(S)                18
RESULT                 OK
MODE                   STANDARD
                       ECM
```