# JOHN TREBON, P.C.
## Attorney at Law
trebon@uneedspeed.net

308 N. Agassiz  
Flagstaff, Arizona 86001

Ph: (928) 779-1713  
Fax: (928) 774-1265

November 27, 2007

Michael S. Kimm, Esq.  
Kim Spirano  
41 Bancker St.  
Englewood, NJ 07631

Re: *Jin Ah Lee v. ANC Car Rental Corp. et. al.*

Dear Michael and Kim:

In light of the fact that you have reported that you have not received the discovery documents that were served on us, including requests for admissions, I have copied and enclosed them. Please be reminded that a request for admission must be affirmatively answered within forty days or the request is deemed admitted. I do believe that it is appropriate to go through each request for admission independently and decide whether or not it is true or not. If you would like any assistance, please let me know. Otherwise, it is my understanding that I am only taking affirmative action in the case as local counsel when directed by you to do so or circumstances require it.

Sincerely,

John Trebon  
Attorney at law

JT: seb

enclosure: discovery documents

```
 1  Thomas M. Klein (State Bar No. 010954)
    Abram N. Bowman (State Bar No. 023112)
 2  BOWMAN AND BROOKE LLP
    Suite 1600 Phoenix Plaza
 3  2901 North Central Avenue
    Phoenix, Arizona 85012
 4  (602) 643-2300
    (602) 248-0947 - Fax
 5

 6  Attorneys for Defendant GM Corporation

 7

 8            THE SUPERIOR COURT OF THE STATE OF ARIZONA

 9               IN AND FOR THE COUNTY OF COCONINO

10  JIN AH LEE, decedent, by her estate    )
    representative, JUNGIL LEE,            ) Case No. CV-2005-0307
11  SANG CHUL LEE, decedent's father,      )
    and DUKSON LEE, decedent's mother,     )
12                                         ) DEFENDANT GM CORPORATION'S
                 Plaintiffs,               ) NOTICE OF SERVICE OF DISCOVERY
13                                         )
    v.                                     )
14                                         ) (Assigned to Honorable Fred Newton)
    ANC CAR RENTAL CORP., GENERAL          )
15  MOTORS CORP., and HONG-JUN JEON,       )
                                           )
16               Defendants.               )
                                           )
17  _____)
```

RECEIVED NOV 12 2007 LAW OFFICES OF JOHN TREBON, P.C.

Defendants General Motors Corporation hereby gives notice to the Court that on November 8, 2007, it served upon all parties, via U.S. Mail, Defendant GM Corporation's Request for Production of Documents to Plaintiff; Defendant GM Corporation's Non-Uniform Interrogatories to Plaintiff; and Defendant GM Corporation's Request for Admission to Plaintiff.

DATED this 8th day of November, 2007.

BOWMAN AND BROOKE LLP

By: /s/ Thomas M. Klein
Thomas M. Klein
Abram N. Bowman
Attorneys for Defendant
General Motors Corporation

::ODMA\PCDOCS\PHX\371407\1

| | |
|---|---|
| 1 | **ORIGINAL** of the foregoing sent to be filed this ___ day of November, 2007, with : |
| 2 | |
| 3 | Clerk of the Superior Court of Coconino County 200 North San Francisco Street |
| 4 | Flagstaff, Arizona 86001 |
| 5 | **COPY** of the foregoing mailed this ___ day of November, 2007 to: |
| 6 | |
| 7 | Michael S. Kimm, Esq. 190 Moore Street, Suite 272 Hackensack, New Jersey 07601 |
| 8 | Attorney for Plaintiffs |
| 9 | John Trebon, Esq. 308 North Agassiz |
| 10 | Flagstaff, Arizona 86001 Attorneys for Plaintiffs |
| 11 | |
| 12 | Raymond R. Cusack, Esq. Timothy M. Medcoff, Esq. QUARLES, BRADY, STREICH & LANG |
| 13 | One South Church Avenue Suite 1700 |
| 14 | Tucson, Arizona 85701 Attorneys for Defendant ANC Rental Corp. |
| 15 | |
| 16 | G. Peter Spiess, Esq. SPIESS & ASSOCIATES, P.C. 420 West Roosevelt Street |
| 17 | Phoenix, Arizona 85003 Attorneys for Defendant Hong-Jun Jeon |
| 18 | |
| 19 | |
| 20 | /s/ Lauren Taylor |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Thomas M. Klein (State Bar No. 010954)
Abram N. Bowman (State Bar No. 023112)
BOWMAN AND BROOKE LLP
Suite 1600 Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012
(602) 643-2300
(602) 248-0947 - Fax

Attorneys for Defendant GM Corporation

RECEIVED NOV 1 2 2007 LAW OFFICES OF JOHN TREBON, P.C.

## THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| JIN AH LEE, decedent, by her estate representative, JUNGIL LEE, SANG CHUL LEE, decedent's father, and DUKSON LEE, decedent's mother, <br><br>Plaintiffs, <br><br>v. <br><br>ANC CAR RENTAL CORP., GENERAL MOTORS CORP., and HONG-JUN JEON, <br><br>Defendants. | Case No. CV-2005-0307 <br><br>**DEFENDANT GM CORPORATION'S REQUEST FOR ADMISSION TO PLAINTIFF** <br><br>(Assigned to Honorable Fred Newton) |

Pursuant to Rule 36, Arizona Rules of Civil Procedure, requests that Plaintiffs Jin Ah Lee and her stated personal representative Jungil Lee, Sang Chul Lee, and Dukson Lee ("Plaintiffs"), and their attorneys admit the following facts within forty (40) days of the service of this Request. The instructions for use that accompany GM's First Set of Interrogatories to Plaintiffs are applicable to these Requests and are expressly incorporated by this reference.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Hong-Jun Jeon was driving the subject vehicle at the time of the accident.

ADMIT_____ DENY_____

::ODMA\PCDOCS\PHX\370004\1

**REQUEST FOR ADMISSION NO. 2:** At the time of the wreck, Hong-Jun Jeon was exceeding the speed limit posted for that section of roadway.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 3:** Hong-Jun Jeon failed to maintain control of the subject vehicle at the time of the accident.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 4:** Hong-Jun Jeon failed to keep the subject vehicle on the traveled portion of US-160 at the time of the accident.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 5:** The subject vehicle overturned because Hong-Jun Jeon failed to maintain control of the subject vehicle.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 6:** Nothing about the design or manufacture of the subject vehicle caused it to overturn.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 7:** The subject vehicle was equipped with a lap and shoulder belt for the rear driver-side seating position.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 8:** Jin Ah Lee was not wearing her seat belt at the time of the wreck.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 9:** The doors of the vehicle were not locked at the time of the wreck.

      ADMIT _____  DENY _____

**REQUEST FOR ADMISSION NO. 10:** All of Jin Ah Lee's injuries, resulting in her death, occurred after being ejected.

      ADMIT _____  DENY _____

| | |
|---|---|
| 1 | **REQUEST FOR ADMISSION NO. 11:** More than ninety percent (90%) of all rollover |
| 2 | accidents involve two or fewer complete rolls of the vehicle. |
| 3 | ADMIT _____ DENY _____ |
| 4 | **REQUEST FOR ADMISSION NO. 12:** There were no deficiencies in the warnings regarding |
| 5 | the subject vehicle that caused or contributed to the damages alleged in your complaint. |
| 6 | ADMIT _____ DENY _____ |
| 7 | **REQUEST FOR ADMISSION NO. 13:** You have no facts to support the allegation in |
| 8 | Paragraphs 23, 28, 32, 36, 40, and 44 of the Complaint that GM "committed its actions |
| 9 | knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public |
| 10 | safety as well as the safety of Plaintiff Jin Ah Lee. . . ." |
| 11 | _____ ADMIT _____ DENY |
| 12 | **REQUEST FOR ADMISSION NO. 14:** You have General Motors documents in your |
| 13 | possession, custody, or control other than the documents produced by General Motors in |
| 14 | this case. |
| 15 | ADMIT _____ DENY _____ |
| 16 | DATED this _8th_ day of November, 2007. |
| 17 | BOWMAN AND BROOKE LLP |
| 18 | |
| 19 | By: _[signature]_ |
| 20 | Thomas M. Klein<br>Abram N. Bowman |
| 21 | Attorneys for Defendant<br>General Motors Corporation |
| 22 | **ORIGINAL** mailed this _8th_<br>day of November, 2007, to: |
| 23 | |
| 24 | Michael S. Kimm, Esq.<br>190 Moore Street, Suite 272 |
| 25 | Hackensack, New Jersey 07601<br>Attorney for Plaintiffs |
| 26 | . . . |
| 27 | . . . |
| 28 | . . . |

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed this ___ day of November, 2007 |
| 2 | |
| 3 | John Trebon, Esq.<br>308 North Agassiz<br>Flagstaff, Arizona 86001 |
| 4 | Attorneys for Plaintiffs |
| 5 | Raymond R. Cusack, Esq.<br>Timothy M. Medcoff, Esq. |
| 6 | QUARLES, BRADY, STREICH & LANG<br>One South Church Avenue |
| 7 | Suite 1700<br>Tucson, Arizona 85701 |
| 8 | Attorneys for Defendant ANC Rental Corp. |
| 9 | G. Peter Spiess, Esq.<br>SPIESS & ASSOCIATES, P.C. |
| 10 | 420 West Roosevelt Street<br>Phoenix, Arizona 85003 |
| 11 | Attorneys for Defendant Hong-Jun Jeon |
| 13 | /s/ Lauren Taylor |

| | |
|---|---|
| 1  Thomas M. Klein (State Bar No. 010954)<br>   Abram N. Bowman (State Bar No. 023112)<br>2  BOWMAN AND BROOKE LLP<br>   Suite 1600 Phoenix Plaza<br>3  2901 North Central Avenue<br>   Phoenix, Arizona 85012<br>4  (602) 643-2300<br>   (602) 248-0947 - Fax | RECEIVED<br>NOV 12 2007<br>LAW OFFICES OF<br>JOHN TREBON, P.C. |

Attorneys for Defendant GM Corporation

## THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| JIN AH LEE, decedent, by her estate representative, JUNGIL LEE, SANG CHUL LEE, decedent's father, and DUKSON LEE, decedent's mother,<br><br>Plaintiffs,<br><br>v.<br><br>ANC CAR RENTAL CORP., GENERAL MOTORS CORP., and HONG-JUN JEON,<br><br>Defendants. | Case No. CV-2005-0307<br><br>**DEFENDANT GM CORPORATION'S NON-UNIFORM INTERROGATORIES TO PLAINTIFF**<br><br>(Assigned to Honorable Fred Newton) |

Pursuant to Rule 33, Arizona Rules of Civil Procedure, Defendant General Motors Corporation ("GM") propounds the following interrogatories on Plaintiffs Jin Ah Lee and her stated personal representative Jungil Lee, Sang Chul Lee, and Dukson Lee ("Plaintiffs") to be answered within forty (40) days after receipt of these requests.

### DEFINITIONS

### INSTRUCTIONS FOR USE

1. "YOU" and "YOUR" refers to decedent Jin Ah Lee and her stated personal representative Jungil Lee, as well as plaintiffs Sang Chul Lee and Dukson.

. . .

. . .

::ODMA\PCDOCS\PHX\370005\1

2. "PERSON" means any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, association, organization, trust, public entity, or other legal or business entity of any kind.

3. To "IDENTIFY" a person, if that person is a natural person, means to state that person's name and the present or last known residence or business address; to "IDENTIFY" a person, if that person is not a natural person, means to state its full name and specify its nature (corporation, partnership, etc.), and its present or last known principal business address.

4. To "IDENTIFY" a document means to state its date, title, name of author, and a brief description of its nature or content.

5. Where the terms "DOCUMENT" or "DOCUMENTS" are used, they are meant to mean a writing and includes the original or a copy of handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing or form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

6. "HEALTH CARE PROVIDER" means any doctor, nurse, chiropractor, optometrist, dentist, podiatrist, osteopath, physical therapist, acupuncturist, clinic, hospital or any other person or facility engaged in the practice of medicine or any healing art whether for treatment of physical or mental health.

7. "THIS INCIDENT", "ACCIDENT", or "WRECK" means circumstances and events surrounding the alleged accident, injury, or other occurrence on June 1, 2003.

8. When the term "SUBJECT VEHICLE" is used in these requests, the term is intended to mean the 2003 Chevrolet Malibu involved in THIS INCIDENT and identified in Plaintiffs' Complaint in the instant action and any component part thereof.

9. "STATEMENT" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2. "PERSON" means any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, association, organization, trust, public entity, or other legal or business entity of any kind.

3. To "IDENTIFY" a person, if that person is a natural person, means to state that person's name and the present or last known residence or business address; to "IDENTIFY" a person, if that person is not a natural person, means to state its full name and specify its nature (corporation, partnership, etc.), and its present or last known principal business address.

4. To "IDENTIFY" a document means to state its date, title, name of author, and a brief description of its nature or content.

5. Where the terms "DOCUMENT" or "DOCUMENTS" are used, they are meant to mean a writing and includes the original or a copy of handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing or form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

6. "HEALTH CARE PROVIDER" means any doctor, nurse, chiropractor, optometrist, dentist, podiatrist, osteopath, physical therapist, acupuncturist, clinic, hospital or any other person or facility engaged in the practice of medicine or any healing art whether for treatment of physical or mental health.

7. "THIS INCIDENT", "ACCIDENT", or "WRECK" means circumstances and events surrounding the alleged accident, injury, or other occurrence on June 1, 2003.

8. When the term "SUBJECT VEHICLE" is used in these requests, the term is intended to mean the 2003 Chevrolet Malibu involved in THIS INCIDENT and identified in Plaintiffs' Complaint in the instant action and any component part thereof.

9. "STATEMENT" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10. "GENERAL MOTORS DOCUMENT" includes any documents authored by persons who were employed by any General Motors related company at the time the document was written, as well as documents authored by persons retained by any General Motors related company as independent contractors at the time the document was written.

11. The term "GENERAL MOTORS" includes General Motors Corporation and all of its subsidiaries and affiliated companies.

In responding to these requests, YOU must furnish all information which is available to YOU or subject to YOUR reasonable inquiry, including information available to YOUR attorneys, consultants, experts, investigators, agents or others acting on YOUR behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If your response to any of General Motors Corporation's First Set of Requests for Admission was anything but an unqualified admission, please state the basis for your response to each such Request for Admission.

**RESPONSE:**

**INTERROGATORY NO. 2:** Please state every address you have had and identify any other person or persons who lived with you at each address.

**RESPONSE:**

**INTERROGATORY NO. 3:** Please identify every school you have attended, including the dates of attendance, and whether you graduated.

**RESPONSE:**

**INTERROGATORY NO. 4:** Please identify every job you have held, including the name and address of your employers along with your job title and dates of employment.

**RESPONSE:**

**INTERROGATORY NO. 5**: Please identify all medical practitioners who treated Plaintiff Jin Ah Lee from January 1, 1995 to her death.

**RESPONSE:**

**INTERROGATORY NO. 6**: Please identify all persons with knowledge concerning this accident or your injuries. (This interrogatory is intended to include, without limitation, any police, ambulance, fire, or paramedic personnel that responded to the scene of the accident; any other persons who also were at the scene of the accident; and any close friends or family who have knowledge concerning this accident or any damages you contend you sustained as a result of this accident.)

**RESPONSE:**

**INTERROGATORY NO. 7**: Please identify any persons from whom you or your agents have obtained a written or recorded statement pertaining to this case, including the dates of any statements obtained.

**RESPONSE:**

**INTERROGATORY NO. 8**: Please identify every insurance company to whom you have submitted a claim for this accident. (This includes liability insurance, life insurance, medical insurance, disability insurance, and workers' compensation.)

**RESPONSE:**

**INTERROGATORY NO. 9**: Please state the date on which you first contacted an attorney about this accident.

**RESPONSE:**

**INTERROGATORY NO.10**: If you contend that your injury was caused by any fallacy or deficiency in the information or warnings that were provided with or on the subject vehicle,

please identify each specific deficiency or fallacy, stating all facts upon which your contentions are based.

**RESPONSE:**

**INTERROGATORY NO. 11:** If you contend that any negligence on the part of GM caused your injuries, please state all facts upon which your contention is based.

**RESPONSE:**

**INTERROGATORY NO. 12:** Identify each part of the subject vehicle, if any, that you claim was defectively <u>manufactured</u> (<u>not</u> defectively designed), describing specifically and in detail each claimed manufacturing defect and stating how each claimed manufacturing defect caused the subject accident and/or Plaintiffs' injuries.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify each part of the subject vehicle, if any, that you claim was defective in <u>design</u>, describing specifically and in detail each claimed design defect, and stating how each claimed design defect caused the subject accident and Plaintiffs' injuries.

**RESPONSE:**

**INTERROGATORY NO. 14:** For each defect in manufacture or design identified in your answers to the preceding Interrogatories, state the <u>specific facts</u> (<u>not</u> conclusory allegations or legal theories) upon which you base your claim of defect.

**RESPONSE:**

**INTERROGATORY NO. 15:** Please describe specifically what design changes you contend should have been made to the subject vehicle to avoid your injuries.

**RESPONSE:**

**INTERROGATORY NO. 16:** Please identify every witness, including expert witnesses, who may testify at the trial of this matter including their names, addresses, job titles, relationship to any party, the subject matter and summary of the anticipated testimony.

**RESPONSE:**

**INTERROGATORY NO. 17:** List specifically and in detail each and every exhibit you propose to utilize at the trial of this matter. This Interrogatory is directed both at exhibits you intend to use at the trial and exhibits you may use at trial. The term "exhibits" included "impeachment" exhibits and with reference to the exhibits listed in response to the previous Interrogatory, please state the source of the exhibit, the nature of the exhibit, who prepared each exhibit, and the date on which it was prepared.

**RESPONSE:**

**INTERROGATORY NO. 18:** Please separately state the amounts you are claiming for economic damages and non-economic damages, explaining how you arrived at those amounts.

**RESPONSE:**

DATED this 8th day of November, 2007.

BOWMAN AND BROOKE LLP

By: _____
Thomas M. Klein
Abram N. Bowman
Attorneys for Defendant
General Motors Corporation

**ORIGINAL** mailed this 8th day of November, 2007, to:

Michael S. Kimm, Esq.
190 Moore Street, Suite 272
Hackensack, New Jersey 07601
Attorney for Plaintiffs

::ODMA\PCDOCS\PHX\370005\1

6

```
 1  COPY of the foregoing mailed this
    ___ day of November, 2007, to:
 2
    John Trebon, Esq.
 3  308 North Agassiz
    Flagstaff, Arizona 86001
 4  Attorneys for Plaintiffs

 5  Raymond R. Cusack, Esq.
    Timothy M. Medcoff, Esq.
 6  QUARLES, BRADY, STREICH & LANG
    One South Church Avenue
 7  Suite 1700
    Tucson, Arizona 85701
 8  Attorneys for Defendant ANC Rental Corp.

 9  G. Peter Spiess, Esq.
    SPIESS & ASSOCIATES, P.C.
10  420 West Roosevelt Street
    Phoenix, Arizona 85003
11  Attorneys for Defendant Hong-Jun Jeon

12

13  [signature]

14

15
...
28
```

::ODMA\PCDOCS\PHX\370005\1                    7

| | |
|---|---|
| 1   Thomas M. Klein (State Bar No. 010954)<br>Abram N. Bowman (State Bar No. 023112)<br>2   BOWMAN AND BROOKE LLP<br>Suite 1600 Phoenix Plaza<br>3   2901 North Central Avenue<br>Phoenix, Arizona 85012<br>4   (602) 643-2300<br>(602) 248-0947 - Fax | <br>RECEIVED<br>NOV 1 2 2007<br>LAW OFFICES OF<br>JOHN TREBON, P.C. |

6   Attorneys for Defendant GM Corporation

### THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

JIN AH LEE, decedent, by her estate representative, JUNGIL LEE, SANG CHUL LEE, decedent's father, and DUKSON LEE, decedent's mother,

    Plaintiffs,

v.

ANC CAR RENTAL CORP., GENERAL MOTORS CORP., and HONG-JUN JEON,

    Defendants.

Case No. CV-2005-0307

**DEFENDANT GM CORPORATION'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

(Assigned to Honorable Fred Newton)

Pursuant to Rule 34, Arizona Rules of Civil Procedure, Defendant General Motors Corporation ("GM") requests that Plaintiffs Jin Ah Lee and her stated personal representative Jungil Lee, Sang Chul Lee, and Dukson Lee ("Plaintiffs") produce and permit inspection, sampling, testing, photographing, and/or copying, the following documents, recordings, compilations of data, and/or tangible things within forty (40) days after receipt of these requests.

### INSTRUCTIONS FOR USE

1.   "YOU" and "YOUR" refers to decedent Jin Ah Lee and her stated personal representative Jungil Lee, as well as plaintiffs Sang Chul Lee and Dukson Lee.

. . .

. . .

::ODMA\PCDOCS\PHX\370002\1

2. "PERSON" means any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, association, organization, trust, public entity, or other legal or business entity of any kind.

3. To "IDENTIFY" a person, if that person is a natural person, means to state that person's name and the present or last known residence or business address; to "IDENTIFY" a person, if that person is not a natural person, means to state its full name and specify its nature (corporation, partnership, etc.), and its present or last known principal business address.

4. To "IDENTIFY" a document means to state its date, title, name of author, and a brief description of its nature or content.

5. Where the terms "DOCUMENT" or "DOCUMENTS" are used, they are meant to mean a writing and includes the original or a copy of handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing or form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

6. "HEALTH CARE PROVIDER" means any doctor, nurse, chiropractor, optometrist, dentist, podiatrist, osteopath, physical therapist, acupuncturist, clinic, hospital or any other person or facility engaged in the practice of medicine or any healing art whether for treatment of physical or mental health.

7. "THIS INCIDENT", "ACCIDENT", or "WRECK" means circumstances and events surrounding the alleged accident, injury, or other occurrence on June 1, 2003.

8. When the term "SUBJECT VEHICLE" is used in these requests, the term is intended to mean the 2003 Chevrolet Malibu involved in THIS INCIDENT and identified in Plaintiffs' Complaint in the instant action and any component part thereof.

9. "STATEMENT" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10. "GENERAL MOTORS DOCUMENT" includes any documents authored by persons who were employed by any General Motors related company at the time the document was written, as well as documents authored by persons retained by any General Motors related company as independent contractors at the time the document was written.

11. The term "GENERAL MOTORS" includes General Motors Corporation and all of its subsidiaries and affiliated companies.

In responding to these requests, YOU must furnish all information which is available to YOU or subject to YOUR reasonable inquiry, including information available to YOUR attorneys, consultants, experts, investigators, agents or others acting on YOUR behalf.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all documents that you contend support your response to a Request for Admission, filed concurrently herewith, that is anything other than an unqualified admission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all settlement agreements, releases, special agreements, covenants or compromises relating to any claims arising out of THIS INCIDENT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce all written or recorded STATEMENTS related to THIS INCIDENT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Please produce all photographs, moving pictures, videotapes, drawings, models, maps, surveys, diagrams, or other tangible materials relevant to this matter, including those depicting YOU, the SUBJECT VEHICLE, or its component

1  parts, and the scene of THIS INCIDENT, whether taken before, after or during THIS
2  INCIDENT.
3  **RESPONSE:**
4
5  **REQUEST FOR PRODUCTION NO. 5:** Please produce all the physical evidence in YOUR
6  possession, custody or control including, but not limited to, each and every item of physical
7  evidence obtained from the scene of THIS INCIDENT; and any other physical evidence in
8  YOUR possession, custody or control and relating to YOUR claims.
9  **RESPONSE:**
10
11 **REQUEST FOR PRODUCTION NO. 6:** Please produce all information and documents
12 relating to inspections of the scene of THIS INCIDENT.
13 **RESPONSE:**
14
15 **REQUEST FOR PRODUCTION NO. 7:** Please produce all documents, if any, that support
16 the contentions in YOUR complaint.
17 **RESPONSE:**
18
19 **REQUEST FOR PRODUCTION NO. 8:** Please produce all of YOUR medical records, all of
20 YOUR pre-accident medical records for the five (5) years preceding the SUBJECT
21 ACCIDENT, and all of YOUR relevant post-accident medical records including, but not
22 limited to, reports, doctors records, progress notes, hospital records, x-rays or other
23 diagnostic studies.
24 **RESPONSE:**
25
26 **REQUEST FOR PRODUCTION NO. 9:** Please produce all documents related to YOUR
27 claims for damages including but not limited to medical bills, pay stubs, wage information,
28 . . .

1 | insurance claim forms, and income tax returns filed with foreign, local, state, and federal
2 | agencies, if any.
3 | **RESPONSE:**
4 |
5 | DATED this ___8th___ day of November, 2007.
6 |                                         BOWMAN AND BROOKE LLP
7 |
8 |                                         By: _____
9 |                                         Thomas M. Klein
                                            Abram N. Bowman
10|                                         Attorneys for Defendant
                                            General Motors Corporation
11| **ORIGINAL** mailed this ___8th___
   | day of November, 2007, to:
12|
   | Michael S. Kimm, Esq.
13 | 190 Moore Street, Suite 272
   | Hackensack, New Jersey 07601
14 | Attorney for Plaintiffs
15 | **COPIES** of the foregoing mailed this
   | ___8th___ day of November, 2007, to:
16 |
17 | John Trebon, Esq.
   | 308 North Agassiz
   | Flagstaff, Arizona 86001
18 | Attorneys for Plaintiffs
19 | Raymond R. Cusack, Esq.
   | Timothy M. Medcoff, Esq.
20 | QUARLES, BRADY, STREICH & LANG
   | One South Church Avenue, Suite 1700
21 | Tucson, Arizona 85701
   | Attorneys for Defendant ANC Rental Corp.
22 |
23 | G. Peter Spiess, Esq.
   | SPIESS & ASSOCIATES, P.C.
   | 420 West Roosevelt Street
24 | Phoenix, Arizona 85003
   | Attorneys for Defendant Hong-Jun Jeon
25 |
26 | _____
27 |
28 |