# KIMM LAW FIRM

41 BANCKER STREET
ENGLEWOOD, NEW JERSEY 07631

TELEPHONE (201) 569-2880
FACSIMILE (201) 569-2881

PLEASE WRITE TO ENGLEWOOD
email kimmlaw@msn.com

185 GREAT NECK ROAD, SUITE 330
GREAT NECK, NEW YORK 11021

TELEPHONE (516) 829-9660

May 23, 2008

Via Regular Mail

Timothy Medcoff, Esq.
Raymond R. Kusack, Esq.
Quarles & Brady Streich Lang, LLP
One S. Church Street, Suite 1700
Tucson, AZ 85701

    Re: <u>Lee v. ANC Car Rental Corp., et al.</u>  CV-2005 0307

Dear Mr. Klein:

    Enclosed please find Plaintiffs' responses to Defendant GM's Interrogatories and Requests for Documents. Should you have any questions, please do not hesitate to call me at the telephone number above.

                           Very truly yours,

                           Kim E. Sparano

KES:la
encls.

cc: G. Peter Spiess, Esq.
    Thomas M. Klien, Esq.
    John Trebon, Esq.

JOHN TREBON, ESQ.
JOHN TREBON, P.C.
308 N. AGASSIZ.
FLAGSTAFF, AZ 86001
TEL: 928-779-1713

MICHAEL S. KIMM, ESQ.
KIM E. SPARANO
KIMM LAW FIRM
41 BANCKER STREET
ENGLEWOOD, NJ 07631
TEL: 201-569-2880

*Attorneys for Plaintiff*

THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCONINO

-----------------------------------------------x
JIN AH LEE decedent, by her estate : 
representative, JUNGIL LEE, :
SANG CHUL LEE and DUKSON LEE, :
by their personal representative, :  No. CV 2005-0307
JUN GIL LEE, :
        Plaintiff, :
:
      v. :
:
ANC CAR RENTAL CORP., : **Plaintiffs' responses to defendant**
GENERAL MOTORS CORP., : **ANC Car Rental Corporation's**
and HONG-JUN JEON, : **Interrogatories and Requests for**
        Defendants. : **Documents**
-----------------------------------------------x

## GENERAL RESPONSES AND OBJECTIONS

1. Plaintiff Jin Ah Lee, by Jungil Lee, and plaintiffs Sang Chul Lee and

1

Dukson Lee ("Plaintiffs"), hereby respond to Interrogatories and Requests for Documents served by defendant ANC Car Rental Corporation in this matter.

2. These responses are based upon information and documents presently available to plaintiffs and are subject to possible amendment and supplementation, where plaintiffs deem appropriate.

3. Plaintiffs object to the extent any Interrogatory or Request for document calls for information and/or material not within plaintiffs' possession, custody or control.

4. By responding to the Interrogatories, and Requests for documents, plaintiffs do not concede to the relevance, materiality, or other admissibility of any information provided or the subject to which it relates.

5. Plaintiffs object to all Interrogatories and Requests for documents to the extent they seek information protected by attorney-client privilege, the attorney work-product rule or any other applicable privilege rule providing for non-disclosure of information and documents. Accordingly, any inadvertent disclosure of protected information and documents produced by plaintiffs shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. Plaintiffs object to any definitions, used in defendants' Interrogatories or Requests for documents and provide this response on the basis of commonly understood terms.

7. Plaintiffs object to the Interrogatories and Requests for documents to the extent they call for a duplicate responses, or for information previously produced to defendants, or previously produced by any other party or non-party, in this action or in any of the prior legal proceedings involving the subject matter of this action, in Federal Court of Arizona, in the New Jersey Superior Court, or anywhere else.

8. Plaintiffs object to the Interrogatories and Requests for Documents to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

9. Plaintiffs object to the Interrogatories and Requests for Documents to the extent they call for documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiffs object to the overlapping nature of some of the Interrogatories and Requests for documents and maintain that all information provided by Plaintiffs should be considered as being responsive to one or more numbered Interrogatory and/or Request for documents.

## SPECIFIC INTERROGATORIES AND RESPONSES

1. If your response to Request for Admission No. 1 is anything other than an unqualified admission, state all facts supporting your response to Request for Admission No. 1.

**RESPONSE:**

Plaintiffs object to this interrogatory as it is vague, unclear, broad and ambiguous. Subject to these objections, plaintiff's responses to this defendant's Request for Admissions separately state the basis for each objection interposed where an unqualified admission was not provided.


2. If your response to Request for Admission No. 2 is anything other than an unqualified admission, state all facts supporting your response to Request for Admission No. 2.

**RESPONSE:**

Plaintiffs object to this interrogatory as it is vague, unclear, broad and ambiguous. Subject to these objections, plaintiff's responses to this defendant's Request for Admissions separately state the basis for each objection interposed where an unqualified admission was not provided.

3. State all facts supporting your contention that Jeon had "relatively little driving experience in the Untied States" as you set forth in Paragraph 7 of the Complaint.

**RESPONSE:**

This assertion was made upon information and belief, from facts and circumstances in the case, namely, upon information and belief, defendant Jeon was an immigrant who came from Korea to reside in Massachusetts for the purpose of attending school for English as a Second Language, along with plaintiff Jin Ah Lee, and he and Jin Ah Lee and two other friends from such school traveled to Las Vegas for a vacation and, while there, he rented a car and the four-student-group took a drive-tour of Grand Canyon and vicinity. Based upon these and other circumstantial factors, plaintiffs asserted that Jeon had relatively little driving experience in the United States.

4. State all facts supporting your contention that Jeon attempted to pass a slow-moving vehicle through the east-bound lane, in a permitted "passing" zone as you set forth in paragraph 9 of the Complaint.

**RESPONSE:**

The pertinent facts are stated in the Highway Police Report and any other

accident reports compiled and referred therein.

5. State all facts supporting your contention that Jeon attempted to slow down and maneuver the Malibu back to the westbound lane, but the Malibu lost stability, "fish-tailed" out of control, and left the road surface, off the shoulder, into the unpaved dirt as you set forth in paragraph 10 of the Complaint.

**RESPONSE:**

See Response 4. See also braking "black box" report provided by defendants in this matter.

6. State all facts supporting your contention that the Malibu failed to brake properly due to weak or small brake pads and/or lack of anti-lock braking system (ABS) as you set forth in paragraph 11 of the Complaint.

**RESPONSE:**

Plaintiffs object to this interrogatory as it constitutes a contention interrogatory which is inappropriate at this stage of litigation. The fact that any car would serve violently in a fishtail motion during a braking attempt on a highway, even at the rate of 90-plus MPH speed, is a indication of ABS/braking problem, even without any expert credentials. It is common knowledge that cars are supposed to slow down

6

calmly and without fish-tailing when brakes are applied.

7. State all facts supporting your contention that Alamo "knew one or more of the facts alleged in Plaintiffs' claims against defendant GM, concerning the Malibu's testing, design, manufacture and safety" as you set forth in paragraph 47 of the Complaint.

**RESPONSE:**

This statement was made upon information and belief and based on the circumstances that arose from the facts of the accident. As a fleet-purchaser of GM's Malibu line of cars, this defendant knew or should have known that the Malibu line had ABS as an option and failed to pay minimal money required to have installed ABS on its Malibu cars for this defendant's rental fleet.

8. State all facts supporting your contention that Alamo "rented the car to defendant Jeon despite his failure to produce adequate documentation as you set forth in paragraph 51 of the Complaint.

**RESPONSE:**

This statement was made upon information and belief because defendant Jeon was a foreign national who did not possess a driver's license from a state of the

United States.

9. State all facts supporting your contention that Alamo "rented the car to defendant Jeon . . . despite his lack of driving experience" as you set forth in paragraph 51 of the Complaint.

**RESPONSE:**

Objection, asked and answered. See Response 3. See also Response 4.

10. State all facts supporting your contention that Alamo "rented the car to defendant Jeon . . . despite his inappropriate age" as you set forth in paragraph 51 of the Complaint.

**RESPONSE:**

This statement was made upon information and belief that defendant Jeon was not of proper age for driving and/or rental of cars. Upon information and belief, defendant ANC had or has a policy of not renting to persons under 25 years of age altogether; or not renting to under 25 years of age if certain additional "guaranty" measures were not provided by the renter.

11. State all facts supporting your contention that "defendant Jeon was not

qualified under defendant Alamo's own rental guidelines" as you set forth in paragraph 51 of the Complaint.

**RESPONSE:**

See response 10.


12. State all facts supporting your contention that "Alamo knew or should have known that the car did not have ABS braking capability" as you set forth in paragraph 55 of the Complaint.

**RESPONSE:**

As purchaser-owner-servicer of the subject Malibu vehicle, defendant ANC knew or was indifferent to knowledge that the car did not have ABS and/or other stabilizer capability.


13. State all facts supporting your contention that "Alamo knew or should have known that the car . . . did not have adequate controllability, on the highway and elsewhere" as you set forth in paragraph 55 of the Complaint.

**RESPONSE:**

See Response 12.

14. State all facts supporting your contention that"Alamo failed to warn defendant Jeon, plaintiff Jin Ah Lee and the other passengers of the Malibu that the car did not have certain safety devices, including ABS braking capability" as you set forth in paragraph 56 of the Complaint.

**RESPONSE:**

Upon information and belief no warnings as to the existence or non-existence of ABS, and as to waiver of such safety measures, was provided to defendant Jeon. Thus far, no such document has been produced in discovery to plaintiffs.

15. Identify the other "safety measures" referred to in paragraph 57 of the Complaint.

**RESPONSE:**

See Responses 3 through 14.

16. State all facts supporting your contention that Plaintiff have sustained injuries as a direct of proximate cause of the Alamo's alleged actions referred to in paragraph 58 of the Complaint.

**RESPONSE:**

Jin Ah Lee was killed due to the accident which was caused in substantial part

by defendant ANC's car which was unsafe for highway driving and operation.

17. Identify all injuries sustained by the Plaintiffs.

**RESPONSE:**

See Response 16. Jin Ah Lee suffered economic losses and was killed.

18. Identify all computations and measures of all damaged alleged to have been suffered by Plaintiffs.

**RESPONSE:**

Plaintiffs object to this interrogatory as damages in the case are unliquidated. Subject to this objection, plaintiff will seek all appropriate damages which are unliquidated in their nature, as follows: (1) compensatory damages in a sum in excess of $50 million; (2) punitive or exemplary damages in a sum in excess of $100 million; and all other damages permitted under the Arizona laws

19. State all facts supporting your contention that Alamo's alleged failure to warn was committed "knowingly, intentionally, willfully, wantonly, and/or in reckless disregard of the risks to public safety as well as the safety of plaintiff" as you set forth in paragraph 59 of the Complaint.

**RESPONSE:**

See Responses 3 through 18. In particular, since this defendant owned and maintained the subject car and knew that it did not have ABS, based on the common knowledge that ABS technology provides stability during braking, it knew or was indifferent to knowledge that the car was unsafe without ABS.

20. State all facts supporting your contention that Alamo wrongfully entrusted a dangerous instrumentality to defendant Jeon, as you set forth in paragraph 61 of the Complaint.

**RESPONSE:**

See Response 3 through 19.

21. State all facts supporting your contention that Plaintiffs have sustained injuries as a direct and proximate cause of Alamo's alleged wrongful entrustment as you set forth in paragraph 62 of the Complaint.

**RESPONSE:**

Plaintiff Jih Ah Lee was killed. The parents-plaintiffs have been deprived of the love and existence of their daughter.

22. Specifically describe the warning(s) you contend Alamo should have given Plaintiffs and/or the decedent Jin Ah Lee, to avoid incurring the liability alleged in Count 9 of the Complaint.

**RESPONSE:**

This defendant should have provided ABS in its rental fleet. This defendant should have warned the renter, defendant Jeon, that ABS was not provided and that the absence of ABS rendered the car relatively unsafe. This defendant should have obtained a clearly-written notice of such safety.

## Certification

Sang Chul Lee, on behalf of himself and his wife, Duk Son Lee, certifies that the foregoing information is true and correct to the best of his knowledge, information and belief.

Dated: May 20, 2008

*S. C. Lee*
Sang Chul Lee