IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09-50026 (REG) |
| | ) | |
| GENERAL MOTORS., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: April 8, 2010 at 9:45am |
| | ) | |
| | ) | |

**CREDITORS SANG CHUL LEE'S AND DUKSON LEE'S REPLY BRIEF OF LAW IN FURTHER SUPPORT OF MOTION TO LIFT THE AUTOMATIC STAY TO ALLOW CONTINUATION OF PRE-PETITION LITIGATION**

## PRELIMINARY STATEMENT

Creditors Sang Chul Lee and Dukson Lee respectfully submit this reply memorandum of law in further support to creditors' motion to lift the automatic stay of their action for wrongful death pending in the Arizona Superior Court stemming from a single car rollover accident which killed their 22 year old daughter in 2003 (the "Rollover Litigation"). Abundant and compelling grounds exist to modify the automatic stay to permit the Rollover Litigation to proceed.

## STATEMENT OF FACTS

Creditors rely on the statement of facts presented in their original moving papers and in the accompanying Reply Declaration of Michael S. Kimm dated March 22, 2010, submitted in support of another motion (Motion to File Late Claim), which shows the

1

extensive procedural history and discovery status, rendering the Rollover Litigation

substantially trial ready in the Arizona Superior Court.

## REPLY ARGUMENT

### I

### THE COURT SHOULD LIFT OR MODIFY THE AUTOMATIC STAY BECAUSE THE CREDITORS HAVE SHOWN CAUSE FOR RELIEF FROM THE STAY BASED ON THE CRITERIA SET FORTH IN, IN RE SONNAX, INDUSTRIES, INC.

The Second Circuit recognized in, In re Sonnax Industries, Inc., 907 F.2d 1280 (2d

1990) that there are several factors to be considered in determining whether modification of

the automatic stay is appropriate to allow a lawsuit to proceed in another forum.   As

discussed in our moving memorandum of law, these determinative factors include:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case; (3)
> whether the other proceeding involves the debtor as a fiduciary; (4) whether
> a specialized tribunal with the necessary expertise has been established to hear
> the cause of action; (5) whether the debtor's insurer has assumed full
> responsibility for defending it; (6) whether the action primarily involves third
> parties; (7) whether litigation in another forum would prejudice the interests
> of other creditors; (8) whether the judgment claim arising from the other action
> is subject to equitable subordination; (9) whether movant's success in the other
> proceeding would result in a judicial lien avoidable by debtor; (10) the
> interests of judicial economy and the expeditious and economical resolution
> of litigation; (11) whether the parties are ready for trial in the other
> proceeding; and (12) impact of the stay on the parties and the balance of
> harms.

Id. at 1286.

"Not all of these factors will be relevant in every case." In re Mazzeo, 167 F.3d 139,

143 (2d Cir. 1999) A court need not give equal weight to each factor and need not employ all of the Sonnax factors, but may instead apply only those factors which are appropriate. Id.; In re New York Medical Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see also In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994)

In particular, this Court should focus in on factor 12, the balance of the harms. The impact on this stay deprives Creditors of their substantive right to their day in court. This case has been actively litigated since 2003 and paper discovery is substantially complete, with expert reports already submitted. Conversely, the harm to debtor, who already has counsel appointed in Arizona, Thomas Klein, Esq., is marginal considering Mr. Klein is in possession of all the paper discovery documents provided by creditors. Balancing the harms to the parties in this case militates in favor of relief from the stay, so that the creditors are not deprived of their day in court.

Factor 11, whether the parties are ready for trial in the other proceeding, also militates in favor of relief from the stay. As discussed above and shown in exhibits submitted to this court, paper discovery is substantially complete. This case is not in the earlier stages of litigation, rather counsel for both parties were at the tail end of discovery practice. Though, creditors' counsel cannot make assertions about debtor's counsel regarding trial preparedness, creditors' counsel is and has been substantially ready to proceed to trial.

Factor 1, whether relief would result in a partial or complete resolution of the issues, also favors relief from the stay. Creditors are not in the middle of motion practice, rather they are ready to proceed to trial to obtain a final judgment in this matter. This ongoing

3

matter will be finally resolved, to the benefit of both parties, if relief from the stay is granted.

Factor 10 does not weigh in favor Debtor, as it contends in its opposition brief. <u>See</u> Debtor's Opposition "Opp" at 12. Debtor's counsel asserts that a flood of litigation would likely ensue if relief from the stay is granted, but to date, the ECF filing system reports about twenty motions for relief from the automatic stay, a marginal number considering this is the second largest bankruptcy case in history. <u>See</u> Opp at 9. Furthermore, this case does not deal with a "garden variety claim" which further insulates the possibility of the "floodgates" opening and inundating debtor's counsel. Indeed, Debtor's counsel has offered no evidence that GM would be "exposed" to a flood of similar motions. In contrast, the ECF docket system with the low amount of lift stay motions filed supports the contention that Debtor will not face such a daunting task.

This case deals with a wrongful death suit arising from a defective automobile produced by Debtor in 2003. The case has substantially completed pre-trial practice and should be allowed to proceed to final judgment. Significantly, there is no longer a burden imposed on debtor and its estate with respect to utilizing the "breathing spell" provided by the stay so that resources may be devoted to the immediate task of transitioning from the sale of assets to organizing a claims process.

Factors 3, 4, 6, 8, 9 are not applicable to this situation.

Factor 5 is neutral at this point, because creditors' claim is unliquidated and it cannot be accurately ascertained whether Debtor's third-party insurance will cover Debtor's expenses.

4

Factor 7, whether litigation in another forum would prejudice the interests of other creditors, weighs in favor of Debtor, but only slightly. Debtor contends that to deprive GM of the protections afforded by the stay would interfere with the bankruptcy process, which in turn prejudices other creditors. <u>See</u> Opp at 10. However, as GM's bankruptcy process is now approaching its tenth month, rather than when it was still in its infancy, the interference encountered is less burdensome now, which in turn prejudices other creditors less than it would have earlier in the process. As stated above, there is no evidence that Debtor will face a flood of similar motions which would substantially drain the estate's assets if creditors are granted relief.

Factor 2, lack of any connection with or interference with the bankruptcy case weighs in favor of Debtor, but again, only slightly. In this case, the estate will have to expend resources for litigation outside of the current forum, but fortunately, as noted above, the stage of litigation in Arizona is at the tail end of discovery and the interference the estate will experience is slight because there already is counsel in place who has possession of all the necessary discovery documents.

Pursuant to 28 U.S.C. § 157, this Court may not determine and liquidate the Plaintiffs' wrongful death and personal injury claims. Accordingly, their claims must be tried elsewhere. Because of the foregoing reasons, and particularly because of the deprivation of substantive rights creditors' will experience, creditors should be granted relief from the stay.

## <u>CONCLUSION</u>

For the reasons set forth above, and in our moving papers, Dukson Lee and Sang Chul

5

Lee respectfully request that this Court enter an order lifting the automatic stay to allow

continuation and completion of the Rollover Litigation; and granting such other and further

relief as is just and proper under the circumstances.

Dated: Englewood, NJ
          March 22, 2010

                                        By:     KIMM LAW FIRM


                                        /s/ michael kimm
                                        Michael S. Kimm, Esq.
                                        Francis Liu, Esq. (Pro Hac Vice)
                                        41B Bancker Street
                                        Englewood, NJ 07631
                                        201-569-2880
                                        msk@kimmlaw.com
                                        fl@kimmlaw.com

<u>Certificate of Service</u>

      I, Francis Liu, Esq., hereby certify that the foregoing was served by ECF upon all counsel/parties who have appeared in this action by ECF.

Dated: March 22, 2010

                KIMM LAW FIRM


                <u>/s/ Michael S. Kimm</u>
                Francis Liu, Esq. (Pro Hac Vice)
                41W Bancker Street
                Englewood, NJ 07631
                email: kimmlaw@msn.com
                phone: 201-569-2880
                fax: 201-569-2881
                 Counsel for the Rollover Case Plaintiffs