Robert T. Gibson
*Pro Hac Vice*
THE GIBSON LAW FIRM
319 West Front Street
Media, PA 19063
Tel:   215-729-7000
Fax:   215-695-2200

Attorney for Creditors Gibson Law Firm/George and Karen Kairis
(Objectors in *Soders v. General Motors Corp.* class action)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
**In re**                                                  :    **Chapter 11 Case No.**
                                                           :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                  :    **09-50026 (REG)**
    **f/k/a General Motors Corp.**, *et al.*, :
                                                           :
    **Debtors.**                        :
                                                           :
-----------------------------------------------------------x

**OBJECTION TO CLAIM OF**
**'Settlement Agreement in Soders v. General Motors Corp. and RodaNast, P.C.'**
**(Proof of Claim No. 44887)**
**SUBMITTED FOR ADR RESOLUTION PURSUANT TO GENERAL ORDER M-390**
**AND PETITION TO INTERVENE**

Pursuant to this Court's February 23, 2010 Order[1], and Bankruptcy Rules 3007 and 2018, Petitioners object to the claim entitled "Settlement Agreement in Soders v. General Motors Corporation and RodaNast, P.C." (Proof of Claim No. 44887) submitted by Joseph F. Roda for ADR resolution on March 22, 2010 (Ex. A, attachments omitted) and request permission to intervene as interested entities. In support, Petitioners aver as follows:

---

[1]   Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation, p. 6.

1. Claimants for "Settlement Agreement in Soders v. General Motors Corporation and RodaNast, P.C." consist of class action attorneys Joseph Roda and Michelle Burkholder of RodaNast, P.C., who claim $843,929.37 in attorneys' fees and $437,416.92 in litigation costs, and class representative Donna Soders, who claims a $5,000 incentive payment.

2. These claims arise from the class action case *Soders v. General Motors Corp.*, CI-00-04255 (C.C.P. Lanc. Cty.). On April 28, 2009, Judge Louis J. Farina approved a settlement agreement between Ms. Soders and GM awarding, *inter alia*, overcharged purchasers of GM vehicles a $200 coupon good only toward the purchase of a new GM vehicle, plus $843,929.37 in attorneys' fees and $437,416.92 in costs to RodaNast, P.C.

3. Five days later, the Lancaster *Sunday News* publicly criticized the settlement in an article entitled: "UNSETTLING SETTLEMENT; CLASS ACTION LAWSUIT BRINGS A COUPON, GOOD ONLY FOR A NEW GM CAR, TO CUSTOMERS WHO WERE OVERCHARGED $200-$250; LAW FIRM GETS $844,000." (Ex. B).

4. In justification of their requested fee, Mr. Roda and Ms. Burkeholder told Judge Farina: "As a cross-check on the reasonableness of Plaintiff's fee requested, the fee requested represents only about 1% of the potential settlement fund available to the class (between $140 million and $160 million, i.e., 700,000 to 800,000 claims at $200 each)." (Ex. C).

5. As stated by Mr. Roda in his March 22, 2010 letter to this Court, only 1,879 claim forms were submitted. This represents a total value to the Class not of $140 to $160 million, but of only $375,800 (1,879 claims at $200 each). Thus, the attorneys fees awarded to RodaNast, P.C. were not 1% of the total recovery to Class Members, but nearly **225%** of the settlement value! Such exorbitant fee awards are grossly improper. See, *e.g., In re Remeron Direct*

*Purchaser Antitrust Litig.*, No. 03-CV-0085 (D.N.J. 2005) (33⅓ percent attorney fee award reasonable).

6. Based on the manifest unfairness of the Settlement Agreement, Petitioners objected. Prior to Petitioners' objection, GM and RodaNast, P.C. had agreed that GM would pay RodaNast, P.C. $1.886 million in attorneys' fees.

7. Following Petitioners' objection, RodaNast, P.C. reduced its fee by $1 million. As a result, Petitioners and their attorney have a claim for attorney's fees and incentive awards for conferring this benefit. (Ex. D).

8. Mr. Roda's disingenuous claim that Petitioners' counsel's settlement discussions were "unethical" is false. <u>It is well established that objectors to class actions and their counsel are entitled to receive attorney's fees and incentive awards.</u>[2]

9. Startlingly, Mr. Roda admitted that he called Judge Farina and had a conversation with him for five to ten minutes – *maybe more* – about his version of the facts – **without Petitioners' counsel** – despite the fact that Petitioner's counsel had previously <u>entered his appearance</u> in the case. (Ex. E). Pennsylvania Rule of Professional Conduct 3.5 specifically prohibits *ex parte* communications with a judge (Mr. Roda did not claim that his associate Erin Burns – who was Judge Farina's former law clerk – was on the call, but claims that he, Judge Farina, Ms. Burkholder, Mr. Lipps and Mr. Underhill were.) (Ex. E).

10. Petitioners appealed Judge Farina's ruling that the settlement, including the award of attorneys' fees, was "fair, reasonable, and adequate" to the Pennsylvania Superior Court. <u>Petitioners are confident that the Pennsylvania appellate courts will never uphold such an unfair settlement.</u> All appeals are presently stayed. **The Settlement Agreement does not become**

---

[2] See, *e.g., Frankenstein v. McCrory Corp.*, 425 F.Supp. 762, 767 (S.D.N.Y. 1977); see also *Machulsky v. Lilliston Ford, Inc.*, 2008 WL 2788073 (N.J.Super.A.D.).

3

**final until all appeals are resolved.** (See Settlement Agreement, p. 3, ¶1.13, attached to Mr. Roda's 3/22/2010 letter).

11. Petitioners are interested entities as their claims for incentive awards and attorney's fees as Objectors and counsel for Objectors are directly tied to the class action case underlying the "Settlement Agreement in Soders v. General Motors Corporation and RodaNast, P.C." claim (Claim No. 44887).

12. Accordingly, Petitioners respectfully request permission to intervene in any ADR Procedures or any other proceedings involving Claim No. 44887.

13. Moreover, for the reasons stated above, Petitioners object to the underlying basis for Claim No. 44887.

WHEREFORE, Petitioners respectfully request that they be permitted to intervene in any ADR Procedures or any other proceedings involving Claim No. 44887 and that their objection be sustained.

                                                      Respectfully submitted,

                                                     s/ Robert T. Gibson
                                                   Robert T. Gibson
                                                   *Pro Hac Vice*
                                                   THE GIBSON LAW FIRM
                                                   319 West Front Street
                                                   Media, PA 19063
                                                   Tel:   215-729-7000
                                                   Fax:   215-695-2200

                                                   Attorney for Creditors Gibson Law Firm/George and Karen Kairis
                                                   (Objectors in *Soders v. General Motors Corp.* class action)

Date:  March 24, 2010

Robert T. Gibson
*Pro Hac Vice*
THE GIBSON LAW FIRM
319 West Front Street
Media, PA 19063
Tel:    215-729-7000
Fax:   215-695-2200

Attorney for Creditors Gibson Law Firm/George and Karen Kairis
(Objectors in *Soders v. General Motors Corp.* class action)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                                    :
**In re**                                                      :          **Chapter 11 Case No.**
                                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*,         :
                                                                    :
            **Debtors.**                :
                                                                    :
-----------------------------------------------------------x

**CERTIFICATE OF SERVICE**

      ROBERT T. GIBSON, ESQUIRE, hereby certifies that a true and correct copy of the foregoing document was served upon the following persons in the following manner:

**VIA ELECTRONIC AND FIRST CLASS MAIL:**

      Joseph Roda, Esquire
      RodaNast, P.C.
      801 Estelle Drive
      Lancaster, PA 17601

      Jeffrey Lipps, Esquire
      Carpenter, Lipps & Leland LLP
      280 Plaza, Suite 1300
      280 North High Street
      Columbus, OH 43215

      Christopher Underhill, Esquire
      Hartman, Underhill & Brubaker LLP
      221 East Chestnut Street

Lancaster, PA 17602

Pablo Falabella, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn.:  ADR Claims Team

**VIA FIRST CLASS MAIL**

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Respectfully submitted,

 s/ Robert T. Gibson
Robert T. Gibson
*Pro Hac Vice*
THE GIBSON LAW FIRM
319 West Front Street
Media, PA 19063
Tel:    215-729-7000
Fax:    215-695-2200

Attorney for Creditors Gibson Law Firm/George and Karen Kairis
(Objectors in *Soders v. General Motors Corp.* class action)

Date:  March 24, 2010