**HEARING DATE AND TIME: Not Yet Scheduled**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :    **09-50026 (REG)**
                                                                :    **(Jointly Administered)**
**MOTORS LIQUIDATION COMPANY,** *et al.,*                       :
     **f/k/a General Motors Corp.,** *et al.*                   :
                                                                :
         **Debtors.**                                           :
---------------------------------------------------------------x

# DEBTORS' CONSOLIDATED OPPOSITION TO REQUEST OF LISA GROSS FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET NO. 5179] AND REQUEST FOR <u>RELIEF TO FILE CLAIM [DOCKET NO. 5178]</u>

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

    The Tenth Circuit Appeal ......................................................................................................... 2

    The Bankruptcy Case ............................................................................................................... 3

    The Lift Stay Motions .............................................................................................................. 4

    Movant's Request to File a Claim ............................................................................................ 5

ARGUMENT .................................................................................................................................. 6

I.     MOVANT HAS FAILED TO DEMONSTRATE CAUSE FOR RELIEF FROM THE
       STAY ............................................................................................................................... 6

    A.    Cause Does Not Exist to Lift the Stay Because the Debtors did not Retain Liability
           for Movant's Appeal and Relief From the Stay is not Necessary to Proceed as to the
           Proper Appellee ............................................................................................................. 7

    B.    The Sonnax Factors do Not Support Lifting the Automatic Stay ................................. 8

II.    MOVANT'S REQUEST FOR LEAVE TO FILE A CLAIM IS UNNECESSARY
       BECAUSE THE PARTY IN INTEREST IS NOT A DEBTOR ................................... 11

CONCLUSION ............................................................................................................................. 15

i

# **TABLE OF AUTHORITIES**

## **CASES**

*AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*,
    117 B.R. 789 (Bankr. S.D.N.Y. 1990) ................................................................................ 7

*In re Best Prods. Co., Inc.*,
    140 B.R. 353 (Bankr. S.D.N.Y. 1992) .............................................................................. 13

*City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*,
    28 B.R. 324 (Bankr. S.D.N.Y. 1983) ................................................................................. 7

*In re Dana Corp.*,
    2008 Bankr. LEXIS 2241 (Bankr. S.D.N.Y. July 23, 2008) ..................................... 13, 14

*In re Eclair Bakery Ltd.*,
    255 B.R. 121 (Bankr. S.D.N.Y. 2000) ............................................................................... 7

*In re Enron*,
    419 F.3d 115 (2d Cir. 2005) .......................................................................................13, 14

*Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage*
    *Investors)*,
    550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977) ....................................... 6

*First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
    937 F.2d 833 (2d Cir. 1991) ............................................................................................ 12

*Hoos & Co. v. Dynamics Corp. of Am.*,
    570 F.2d 433 (2d Cir. 1978) ............................................................................................ 12

*Mazzeo v. Lenhart (In re Mazzeo)*,
    167 F.3d 139 (2d Cir. 1999) .............................................................................................. 8

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*,
    474 U.S. 494 (1986) .......................................................................................................... 6

*Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*,
    38 B.R. 987 (S.D.N.Y. 1984) .......................................................................................... 10

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*,
    507 U.S. 380 (1993) ........................................................................................................ 13

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*,
    907 F.2d 1280 (2d Cir. 1990) ................................................................................ 8, 9, 10

*In re Touloumis*,
    170 B.R. 825 (Bankr. S.D.N.Y. 1994) .................................................................................9

**STATUTES**

11 U.S.C. § 362(a) ..........................................................................................................................6

11 U.S.C. § 362(d) ..........................................................................................................................7

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this consolidated opposition to two motions filed by Lisa Gross ("**Movant**") *pro se* styled as (i) Request for Relief from Automatic Stay [Docket No. 5179] (the "**Lift Stay Motion**") and (ii) Request for Leave to File Claim [Docket No. 5178] (the "**Claim Motion**" and together with the Lift Stay Motion, the "**Motions**"). In support hereof the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. Movant seeks to lift the automatic stay to proceed with a prepetition appeal (the "**Appeal**") of an employment discrimination lawsuit pending against MLC in the United States Court of Appeals for the Tenth Circuit (the "**Appeals Court**"). Additionally, Movant seeks leave to file a proof of claim against "whichever . . . party is the currently responsible party." (Claim Mot. at 1-2). Both the Motions should be denied because it is undisputed that General Motors, LLC, a non-debtor entity and purchaser of substantially all of the Debtors' assets, assumed liability for the employment discrimination claims underlying Movant's Appeal. Accordingly, relief from the automatic stay is not necessary to proceed with the Appeal as to General Motors, LLC, and Movant need not file a proof of claim to proceed with her employment discrimination claims against General Motors, LLC.

2.      To the extent that Movant desires to proceed with the Appeal as to the Debtors notwithstanding that the Debtors did not retain liability for the issues underlying the appeal, Movant fails to meet her burden of establishing good cause to truncate the statutorily imposed breathing spell to which the Debtors are entitled.  Likewise, to the extent Movant seeks to file any claims against the Debtors that were not assumed by General Motors, LLC, Movant fails to meet her burden to establish any ground for allowing her to file a proof of claim four months after expiration of the bar date.

## BACKGROUND

### The Tenth Circuit Appeal

3.      Movant is the appellant in the Appeal pending before the United States Court of Appeals for the Tenth Circuit, case number 08-3236.  The Appeal arises from an employment discrimination case alleging claims under Title VII of the Civil Rights Act of 1964, which Movant commenced against General Motors Corporation ("**GM**") in October 2006 in the United States District Court for the District of Kansas (the "**Kansas Case**").  As indicated in summary judgment briefing in the Kansas Case, attached hereto as Exhibit A, Movant was employed by GM from February 9, 2004 to January 13, 2006, during which time she was a member of the United Auto Workers (UAW) union and the terms of her employment were governed by a collective bargaining agreement.  (Ex. A, 1).  The Kansas Case was dismissed with prejudice on July 24, 2008, and Movant commenced the Appeal on August 20, 2008.

**The Bankruptcy Case**

4.      On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The commencement of the Debtors' chapter 11 cases triggered the automatic stay of all litigation pending against the Debtors, including the Appeal, pursuant to section 362 of the Bankruptcy Code.

5.      On June 19, 2009, Movant filed a letter in these chapter 11 cases indicating that she objected to any language in the filings of the Debtors that would dissolve her claims in the bankruptcy or dissolve her claims in the Tenth Circuit Court of Appeals [Docket No. 2248]. The Debtors responded by sending Movant a letter via U.S. mail and e-mail dated June 25, 2009, in which they referred her to counsel for the Unsecured Creditors Committee to answer any questions she may have about filing a proof of claim in these chapter 11 cases. The Debtors' June 25, 2009 letter is attached hereto as Exhibit B.

6.      On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC), a United States Treasury-sponsored purchaser, pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master Sale and Purchase Agreement ("**MSPA**"). Under section 2.3(a)(xiii) of the MSPA, General Motors, LLC assumed liability for employment discrimination claims brought by "any Employee that is or was covered by the UAW Collective Bargaining Agreement."

7.      On September 16, 2009, the Bankruptcy Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 as the deadline for each person or entity

3

to file a proof of claim based on any prepetition claims against the Debtors [Docket No. 4079]. The Bar Date Order states that any party that fails to file a proof of claim on or before the bar date shall be forever barred, estopped and enjoined from asserting such claims against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such claim.

8. As indicated in the mailing records attached hereto as Exhibit C, the court-appointed claims agent in these chapter 11 cases sent notice of the bar date and a proof of claim form to Movant at three different addresses prior to expiration of the bar date. First the bar date package was sent to Movant at 1310 Wabash Ave, Kansas City, MO 64127, the address from which Movant sent the June 19, 2009 letter to the Court. After follow-up address searches were performed, the bar date package was mailed to Movant at 619 N Gallatin St., Liberty, MO 64068, and subsequently to 6604 E 12th St., Kansas City, MO 64126 on November 18, 2009.

9. To date, the claims register in these chapter 11 cases does not reflect a proof of claim filed by or on behalf of Movant.

**The Lift Stay Motions**

10. On February 10, 2010, Movant filed a motion for relief from the automatic stay with the Appeals Court. MLC's counsel in the Appeal responded to the lift stay motion filed in the Appeal by noting that the Appeal could proceed if the Appeals Court "enters an Order substituting General Motors LLC as the proper and new Appellee in this matter going forward." MLC's response to the lift stay motion in the Appeal is attached hereto as Exhibit D. The Appeals Court denied the lift stay motion noting that it "has no authority to grant relief from the automatic stay. The bankruptcy court is the proper

4

forum in which to request relief from an automatic stay." The Appeals Court's Order is attached hereto as Exhibit E.

11. On March 2, 2010, Movant filed the instant Lift Stay Motion in these chapter 11 cases. The Lift Stay Motion seeks "relief from the automatic stay regarding the Title 7 in 10th Circuit due to this chapter 11 with the General Motors Corporation of which is now called General Motors Company." (Lift Stay Mot. at 2).

12. In response to Movant's Lift Stay Motion in these chapter 11 cases, counsel for the Debtors conferred with counsel for General Motors, LLC and General Motors, LLC acknowledged that under the terms of the MSPA it assumed liability for the type of claims asserted in Movant's Appeal because Movant was a former hourly UAW employee. In a letter dated March 24, 2010, attached hereto as Exhibit F, counsel for the Debtors explained to Movant that General Motors, LLC is the proper Appellee in the Appeal. The letter suggested to Movant that she substitute parties in the initial Appeal and withdraw the Lift Stay Motion. In response to the letter, Movant called counsel for the Debtors and informed counsel that she was not prepared to withdraw the Lift Stay Motion.

**Movant's Request to File a Claim**

13. On March 2, 2010, Movant also filed the instant Claim Motion noting that "Upon and or prior to the closing of the 363 sale of GM assets the corporation took on new identities such as GM, LLC, Vehicle Acquisition Holdings, LLC, Motor Liquidation Co., and New GM" and seeking "relief to file a claim against whichever above listed party is the currently responsible party in such matters." (Claim Mot. at 1-2).

5

# ARGUMENT

## I. MOVANT HAS FAILED TO DEMONSTRATE CAUSE FOR RELIEF FROM THE STAY

14. The Lift Stay Motion should be denied because Movant cannot satisfy her burden of establishing cause to lift the automatic stay. Section 362(a) of the Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a). "The automatic stay provision of the Bankruptcy Code … has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986)) (quoting S. Rep. No. 95-989 at 54 (1978); H.R. Rep. No. 95-595 at 340 (1977)). The automatic stay provides the debtor with a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on the administration of the chapter 11 case. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case), *cert. denied*, 429 U.S. 1093 (1977). Further, it "prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can

6

be assembled in the bankruptcy court for a single organized proceeding." *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990).

15.     Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause":

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).[1] Section 362(d)(1) does not define "cause." However, courts in this Circuit have determined that in examining whether cause exists they "must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

### A.     Cause Does Not Exist to Lift the Stay Because the Debtors did not Retain Liability for Movant's Appeal and Relief From the Stay is not Necessary to Proceed as to the Proper Appellee

16.     The stay should not be lifted to allow Movant to proceed with the Appeal as to the Debtors because the Debtors did not retain liability for the causes of action at

---

[1] Sections 362(d)(2)-(4) of the Bankruptcy Code provide grounds for relief from the stay that are not applicable to the Lift Stay Motion.

issue in the Appeal. As noted above, under the terms of the MSPA, General Motors, LLC assumed liability for employment discrimination claims brought by any employee that is or was covered by the UAW Collective Bargaining Agreement. Movant was an employee whose terms of employment were governed by the UAW Collective Bargaining Agreement. (Ex. A, 5). Accordingly, General Motors, LLC assumed liability for the Appeal. Counsel for General Motors, LLC has acknowledged this in communications with the Debtors' counsel and General Motors, LLC authorized MLC's counsel in the Appeal to indicate the same in a filing with the Appeals Court. (Ex. D).

17. General Motors, LLC is not a debtor in these chapter 11 cases and is not protected by the automatic stay. The Appeal may proceed as to General Motors, LLC if it is substituted as the Appellee in place of MLC. The Debtors would not object to such substitution, which would obviate the need for any stay relief as to the Debtors. Accordingly, the Lift Stay Motion should be denied.

### B. The Sonnax Factors do Not Support Lifting the Automatic Stay

18. The seminal decision in this Circuit on whether cause exists to lift the automatic stay is *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating District Court order granting stay relief where Bankruptcy Court had not applied *Sonnax* factors, made only sparse factual findings, and ultimately did not provide appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the Second Circuit outlined twelve factors to be considered when deciding whether to lift the automatic stay:

8

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286. Only those factors relevant to a particular case need be considered, and the court need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Sonnax*, 907 F.2d at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued

protection. *Id*. Further, the cause demonstrated must be "good cause." *Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984).

19. Movant fails to meet her burden of establishing good cause for lifting the automatic stay under the *Sonnax* analysis as she does not reference the *Sonnax* factors or provide any cause for lifting the stay whatsoever, she merely requests that the stay be lifted to allow the Appeal to proceed. (Lift Stay Mot. at 2). Because Movant cannot meet her burden of establishing cause to lift the stay, the burden does not shift to the Debtors to affirmatively demonstrate that relief from the stay is inappropriate. *Sonnax*, 907 F.2d at 1285. Nevertheless, the *Sonnax* factors relevant to this case plainly weigh against lifting the automatic stay to allow the Appeal to proceed at this juncture.

20. The first factor does not support relief from the stay because allowing the Appeal to proceed as to the Debtors would not result in complete resolution of the issues because the Debtors are not the proper Appellees in the Appeal. Moreover, even if the Appeal were allowed to proceed as to the Debtors and Movant prevailed in her appeal, at best the matter would be remanded to the District of Kansas to be heard on the merits. Even if a judgment were ultimately entered for Movant, such a judgment would be unenforceable because Movant did not file a proof of claim in these chapter 11 cases and, as discussed further below, Movant's Claim Motion should be denied. Pursuant to the Bar Date Order, the Debtors are thus discharged from any and all indebtedness or liability with respect to Movant's claims.

21. The second and seventh *Sonnax* factors weigh against lifting the automatic stay as well because allowing the Appeal to proceed would interfere with these chapter 11 cases and prejudice the interests of other creditors. As this Court noted

10

previously in denying a similar lift stay motion, requiring the Debtors to litigate the Appeal at this juncture in these chapter 11 cases would not only deplete estate resources, thereby prejudicing other creditors, but would also expose the Debtors to having to defend countless other lift stay motions. This would impose a heavy burden on the Debtors' valuable time and scarce resources when the Debtors' focus should be on, among other things, determining how to dispose of their remaining assets in an orderly and value-maximizing manner and proceeding with an organized chapter 11 claims resolution process.

22. The tenth *Sonnax* factor does not support relief from the stay because the interests of judicial economy and the economical resolution of litigation would best be served if the Appeal were to proceed as to General Motors, LLC, the proper Appellee. Likewise, the twelfth *Sonnax* factor does not support lifting the stay because the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend itself in the Appeal far outweighs any potential gain to Movant in proceeding with the Appeal against the Debtors given that the Debtors did not assume liability for the claims underlying the appeal and even if any judgment were entered against the Debtors, it would be unenforceable for failure to timely file a proof of claim. Thus, Movant is not prejudiced in any material respect by maintenance of the automatic stay as to the Debtors and the Court should deny her Lift Stay Motion.

## II. **MOVANT'S REQUEST FOR LEAVE TO FILE A CLAIM IS UNNECESSARY BECAUSE THE PARTY IN INTEREST IS NOT A DEBTOR**

23. Movant's Claim Motion does not state the nature, basis, or any specifics whatsoever, about the claim Movant would like to file. It merely requests "relief to file

claim against" "GM, LLC, Vehicle Acquisition Holdings, LLC, Motors Liquidation Co. and New GM" or whichever of the foregoing "is the currently responsible party." (Claim Mot. at 1-2.) To the extent that Movant seeks to file a proof of claim in these chapter 11 cases regarding the employment discrimination claims underlying her Appeal, as noted above, liability for such claims was assumed by General Motors, LLC. Because General Motors, LLC is not a debtor in these chapter 11 cases, it is not necessary for Movant to file a proof of claim to pursue her employment discrimination claims as to General Motors, LLC.

24.    To the extent Movant seeks to file a proof of claim for a liability retained by MLC, such a request should be denied for failure to comply with the Bar Date Order. A proof of claim bar date "does not function merely as a procedural gauntlet, but as an integral part of the reorganization process." *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)* 937 F.2d 833, 840 (2d Cir. 1991). Requirements for timely filing are intended to promote finality in bankruptcy proceedings. *Hoos & Co. v. Dynamics Corp. of Am.*, 570 F.2d 433, 439 (2d Cir. 1978). The bar date is strictly enforced. *Id.* "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *In re Hooker Invs. Inc.*, 937 F.2d at 840.

25.    After passage of the bar date, a claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *In re Best Prods. Co., Inc.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992). To file a proof of claim after the bar date, a movant bears the burden of establishing excusable

12

neglect. *In re Enron*, 419 F.3d 115 (2d Cir. 2005). Courts weigh four factors in determining whether to allow a late-filed claim:

1. the danger of prejudice to the debtor;
2. the length of the delay and its potential impact on judicial proceedings;
3. the reason for the delay, including whether it was within the reasonable control of the movant; and
4. whether the movant acted in good faith.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993). The most important factor is the third, the reason for the delay in filing a proof of claim. *In re Enron*, 419 F.3d at 122-123. "Inadvertence, ignorance of the rules, or mistake construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Likewise, oversight does not amount to excusable neglect. *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at *12 (Bankr. S.D.N.Y. July 23, 2008) (disallowing late proof of claim where Movant and his attorney had actual notice of the bankruptcy despite their arguments that they had not received a proof of claim and where movant and his counsel had participated in the bankruptcy case by filing a lift stay motion which demonstrated knowledge of bankruptcy law). In *Dana Corp.*, the Bankruptcy Court further noted that "permitting Movant to pursue his claim at this late juncture would be unfair to those claimants and the many thousands of claimants who respected the Bar Date and would potentially open a floodgate of other late claimants seeking the same relief." *Id.* at **16-17; *see also In re Enron Corp.*, 419 F.3d at 130 (recognizing the potential of a "flood of similar claims" as a factor in analyzing prejudice to the debtor in excusable neglect cases).

13

26. Movant's Claim Motion does not provide any justification for her failure to file a proof claim on or before the bar date. Movant was aware of the proceedings in these chapter 11 cases as demonstrated by the letter she filed with this Court on June 19, 2009. Further, on June 25, 2009, the Debtors mailed and e-mailed Movant a letter providing the contact information for the Unsecured Creditors Committee should Movant have any questions regarding filing a proof of claim. The claims agent in these chapter 11 cases mailed the bar date notice and proof of claim package to Movant at three addresses prior to expiration of the bar date. Under these circumstance, to allow Movant to file a late proof of claim against the Debtors in an unknown amount and for an unknown liability would prejudice the tens of thousands of other creditors who timely filed their proofs of claim. Nearly four months have passed since expiration of the bar date and the Debtors are working diligently to resolve the tens of thousands of claims filed in these cases. To allow Movant to file a late proof of claim would expose the Debtors to a flood of similar motions seeking leave to file late claims, which would expend the time, attention, and resources of the Debtors in responding to the motions and the late filed claims. Finally, given the likelihood that any claims that could be asserted by Movant would be properly asserted against General Motors, LLC, allowing a claim to be filed that would necessitation an objection from the Debtors would cause an unnecessary expenditure of the Debtors' limited resources. Accordingly, Movant's Claim Motion should be denied.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court deny both the Motions and the relief requested therein.

Dated: March 26, 2010
      New York, New York

                     /s / Joseph H. Smolinsky
                     Harvey R. Miller
                     Stephen Karotkin
                     Joseph H. Smolinsky

                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors and
                     Debtors in Possession