Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
       f/k/a General Motors Corp., et al. :
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## NOTICE OF DEBTORS' OBJECTION TO PROOF OF CLAIM
## NO. 65796 FILED BY RUDOLPH V. TOWNS

**PLEASE TAKE NOTICE** that on March 30, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), filed their objection (the "**Objection**") to Proof of

Claim No. 65796 filed by Rudolph V. Towns ( the "**Towns Claim**"), and that a hearing (the

"**Hearing**") to consider the Debtors' Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on **April**

**29, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC

20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and

Jennifer Sharett, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuelher, Esq.); and (x) Rudolph

V. Towns, 5733 SW 18 Street Apt. B, Hollywood, Florida 33023-0000, so as to be received no

later than **April 22, 2010 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

   **PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and

served with respect to the Debtors' Objection, the Debtors may, on or after the Response

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Debtors' Objection, which order may be entered with no further notice or

opportunity to be heard offered to any party.


Dated: New York, New York
  March 30, 2010

      /s/ Joseph H. Smolinsky
      Harvey R. Miller
      Stephen Karotkin
      Joseph H. Smolinsky

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                          :
**In re**                                 :          **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                          :
                    **Debtors.**          :          **(Jointly Administered)**
                                          :
------------------------------------------------------------------x

## DEBTORS' OBJECTION TO PROOF OF CLAIM
## NO. 65796 FILED BY RUDOLPH V. TOWNS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**" or

"**GM**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

respectfully represent:

### Relief Requested

1.      The Debtors file this Objection (the "**Objection**") pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

establishing the deadline for filing proofs of claim against MLC and certain other Debtors (the

"**Bar Date**") and the procedures relating to the filing of proofs of claim (the "**Bar Date Order**")

[Docket No. 4079], seeking entry of an order disallowing and expunging Proof of Claim No.

65796 (the "**Towns Claims**") filed by Rudolph V. Towns ("**Mr. Towns**").  A copy of the Towns

Claim is annexed hereto as **Exhibit "A."**

2.      Mr. Towns filed a proof of claim in these chapter 11 cases in the amount

of $86,000,000,000, purportedly arising out of an incident during his employment for the

Debtors in 1965.  The Debtors have examined the Towns Claim --which provides no insight into

the basis of the claim-- and have made every effort to discuss the merits of this claim with Mr.

Towns, a former attorney for Mr. Towns that filed the Towns Claim, and various other advisors

and family members.  After these discussions, the Debtors have been able to ascertain the

underlying facts of the Towns Claim, and after some diligence, the Debtors have found that the

Towns Claim is nothing more than Mr. Towns's attempt to circumvent the *res judicata* effect of

a final judgment issued by another court --the United States District Court for the Southern

District of Florida-- dismissing his claim with prejudice.  Specifically, the Florida Litigation

Final Judgment (as defined below) precludes Mr. Towns from re-opening the issues litigated

before the United States District Court for the Southern District of Florida.  For this reason, the

Debtors request the entry of an order disallowing the Towns Claim in its entirety and expunging

the Towns Claim from the Debtors' claims register.

3.      In the alternative, the Debtors request the entry of an order disallowing the

Towns Claim in light of its failure to set forth the legal and factual basis thereof, as well as the

insufficient documentation provided by Mr. Towns as to why the Towns Claim should not be

dismissed for, among other reasons, being barred by the statute of limitations.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relevant Facts to Mr. Towns's Claim

**(a)**      *The Florida Litigation*

5.      On July 16, 2008 Mr. Towns, appearing *pro se*, filed a complaint in the
United States District Court for the Southern District of Florida (Case No. 08-61115) (the
"**Florida Litigation**") seeking compensatory and punitive damages from GM in connection with
an alleged injury that Mr. Towns suffered on February 16, 1965, while working for the Fisher
Body Division of GM, then located in Cleveland, Ohio (the "**Alleged Work Accident**").  A copy
of the complaint filed by Mr. Towns in the Florida Litigation is annexed hereto as **Exhibit "B."**

6.      GM, the only named defendant in the Florida Litigation, filed a motion to
dismiss with prejudice and, on April 21, 2009 (the "**Florida Litigation Final Judgment**"), the
District Court granted GM's motion.  Although the District Court found that "[i]t [was] difficult
to ascertain what claims [Mr. Towns was] asserting," the District Court held that (i) Mr. Towns's
negligence claim was barred as untimely, and (ii) Mr. Towns's discrimination claim was
dismissed because Mr. Towns had failed to allege facts sufficient to support a discrimination
claim.  A copy of the Florida Litigation Final Judgment is annexed hereto as **Exhibit "C."**

**(b)**      *The Bankruptcy Proceedings*

7.      Before the Bar Date, Mr. Towns filed Proof of Claim No. 65796 against
MLC in the amount of **$86 billion dollars** for "intrinsic fraud, injuries, civil rico, etc.," but with
no supporting documentation that would allow the Debtors to effectively analyze the asserted
liability.  In light of the size of the claim amount alleged in the Towns Claim, and the fact that

such proof of claim references an "Exhibit A" which was not attached, the Debtors contacted Mr.

Towns by phone on several occasions requesting information to ascertain the nature and validity

of the Towns Claim.  During those phone conversations, when asked about the basis for an $86

billion dollar claim, Mr. Towns only referred to the Alleged Work Accident but never disclosed

the existence of the Florida Litigation even though the Florida Litigation was obviously founded

upon the very same facts and circumstances.  Nor did Mr. Towns ever inform the Debtors of the

existence of the Florida Litigation Final Judgment.  Furthermore, Mr. Towns promised to send

documentation in support of the Towns Claim (the apparently missing "Exhibit A"), but as of the

date herein, has not done so.  Over the past few months, the Debtors have had numerous

conversations with Mr. Towns's daughter, Ms. Janice Jennings (the attorney who transmitted the

Towns Claim), and another advisor to Mr. Towns.  It was explained to these parties that to the

extent Mr. Towns was asserting a workers' compensation claim, General Motors, LLC was the

proper target of the Towns Claim.  Despite denying that the Towns Claim was a workers'

compensation claim, a proper cause of action was not articulated.  During these conversations, it

also became increasingly clear that resolving the Towns Claim without court intervention would

be unlikely.

**Basis for Relief Requested**

**A.**     **The Doctrine of *Res Judicata* Requires That The Towns Claim Be Dismissed**

8.      Mr. Towns has already had his day in court in respect of the Alleged Work

Accident.  "A fundamental precept of common-law adjudication, embodied in the related

doctrines of collateral estoppel and *res judicata*, is that a 'right, question or fact distinctly put in

issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a

subsequent suit between the same parties or their privies . . ." *Montana v. United States*, 440

U.S. 147, 13 (1979) (quoting *S. Pac. R.R. Co. v. United States*, 168 U.S. 1 (1897)).  "By

'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to

litigate,' these two doctrines [of collateral estoppel and *res judicata*] protect against 'the expense

and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on

judicial action by minimizing the possibility of inconsistent decisions.'"  *Taylor v. Sturgell*, 553

U.S. 880 (2008) (quoting *Montana*, 440 U.S. at 153-154).

       9.     As stated, the doctrine of *res judicata* bars the Towns Claim from being

pursued because the Florida Litigation (i) was a final judgment on the merits; (ii) where the

litigants were the same parties (Mr. Towns and GM); (iii) the United States District Court for the

Southern District of Florida was of a competent jurisdiction; and (iv) the causes of action are the

same.  *See Waldman v. Village of Kiryas Joel*, 20 F.3d 105, 108 (2d Cir. 2000) (explaining that

"[t]o ascertain whether two actions spring from the same transaction or claim, [courts] look to

whether the underlying facts are related in time, space, origin, or motivation") (quoting

*Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d. Cir. 1997) (internal quotations

omitted)).

       10.     In this case, although Mr. Towns has neglected to provide any legal or

factual support for his alleged "intrinsic fraud, injuries, civil rico," Mr. Towns has informed

Debtors' counsel that it stems from the Alleged Work Accident.  Thus, it is clear that the Towns

Claim stems from the same facts and circumstances as the Florida Litigation and what Mr.

Towns intends here is to circumvent the result of the Florida Litigation.  Such a misuse of

judicial resources should not be allowed.

       11.     Accordingly, the Debtors request the entry of an order disallowing and

expunging the Towns Claim from the Debtors' claims register in its entirety because the Florida

Litigation Final Judgment precludes Mr. Towns from re-opening the issues litigated before the United States District Court for the Southern District of Florida.

**B.    Alternatively, The Towns Claim Should Be Disallowed
For Failure to Allege Sufficient Facts in Support**

12.    In the event the Court does not find the doctrine of *res judicata* to apply in the case at hand, the Debtors request that the Court disallow the Towns Claim for its failure to allege facts sufficient to support a claim.

13.    A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). Further, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14.    To date, Mr. Towns has not provided *any* legal or factual support for his alleged "intrinsic fraud, injuries, civil rico," and, thus, the Towns Claim should not be afforded prima facie validity under the Bankruptcy Code. Accordingly, the Debtors request that Towns Claim be disallowed and expunged from the claims register.

**C.    The Towns Claim Also Violates the Bar Date Order**

15.    In connection with MLC's chapter 11 cases, on September 16, 2009, this Court entered the Bar Date Order which, among other things, established November 30, 2009 as the Bar Date and set forth procedures for filing proofs of claim. The Bar Date Order requires,

among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available."  Bar Date Order at 2.[1]

16.    The Towns Claim falls far short of the standard unambiguously required in the Bar Date Order.  The Towns Claim alleges billions of dollars for an alleged "intrinsic fraud, injuries, civil rico," yet it fails to provide any information that would allow the Debtors to ascertain the validity and nature of the Towns Claim –as is required by the Bar Date Order.

17.    Despite multiple requests to Mr. Towns that he provide information in support of the Towns Claim, he has refused to do so.  While Mr. Towns has repeatedly complained about the condition of his employment records, he has not articulated a factual or legal basis for a claim.  Having failed to meet the threshold requirement of containing even the most basic information regarding the basis of the Towns Claim, particularly after the Debtors' specifically requested it, the Towns Claim should be disallowed in its entirety.

### Notice

18.    Notice of this Objection has been provided to Mr. Towns and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated March 19, 2010 [Docket No. 5308].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

*[The Remainder of This Page Is Intentionally Left Blank]*

---

[1] Notices of the Bar Date Order contained express references to this requirement.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.


Dated: March 30, 2010
        New York, New York

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                     :
In re                                                :         **Chapter 11 Case No.**
                                                     :
**MOTORS LIQUIDATION COMPANY,** *et al.*,            :         **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*     :
                                                     :
                        **Debtors.**                 :         **(Jointly Administered)**
                                                     :
----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF CLAIM**
**NO. 65796 FILED BY RUDOLPH V. TOWNS**

Upon the objection dated March 30, 2010 (the "**Objection**")[1] to Proof of Claim

No. 65796 filed by Rudolph V. Towns (the "**Towns Claim**") of Motors Liquidation Company

(f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to section 502(b) of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing proofs of claim

of certain Debtors and procedures relating to the filing of proofs of claim (the "**Bar Date**

**Order**") [Docket No. 4079], seeking entry of an order disallowing and expunging the Towns

Claim, all as more fully described in the Objection; and due and proper notice of the Objection

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Objection is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

bases set forth in the Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of title 11 of the United States Code,

the Towns Claim is disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      April __, 2010

                                             _____
                                             United States Bankruptcy Judge

## **Exhibit A**

## **The Towns Claim**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor **GENERAL MOTORS** | Case Number **09-50026** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503*

| Name of Creditor (the person or other entity to whom the debtor owes money or property) **RUDOLPH TOWNS** | ☐ Check this box to indicate that this claim amends a previously filed claim |
|---|---|

Name and address where notices should be sent:

Rudolph Towns
5733 SW 18 St Apt B
Hollywood, FL  33023-0000

Telephone number
(954) 322-7182

Court Claim Number _____
(*If known*)

Filed on _____

| Name and address where payment should be sent (if different from above) **Same as above** | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

**FILED - 65796**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number
(954) 322-7182

☐ Check this box if you are the debtor or trustee in this case

**1. Amount of Claim as of Date Case Filed**   $_____86,000,000,000.00_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges *intrinsic*

**2. Basis for Claim**   Fraud, injuries, civil rico, *etc   See Exhibit A*
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor**   8688

    **3a. Debtor may have scheduled account as** _____
    (See instruction #3a on reverse side)

**4. Secured Claim (See instruction #4 on reverse side)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff:**   ☐ Real Estate   ☑ Motor Vehicle   ☐ Other
Describe:

**Value of Property** $_____   **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any $_____   **Basis for perfection** _____

**Amount of Secured Claim** $_____   **Amount Unsecured** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4)

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. §507 (a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8)

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain

| Date | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** NOV 30 2009 |
|---|---|---|

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

11-30-09A11 41 RCVD

**JANICE L JENNINGS**
**ATTORNEY AT LAW**
**P O BOX 1013**
**WEST PALM BEACH, FL 33402**
**(561) 515-6173  Telephone**
**(561) 515-6001  Facsimile**

November 23, 2009

GARDEN CITY
Claims Agency for General Motors
105 Maxees Road
Melville, NY  11747

RE:   PROOF OF CLAIM OF RUDOLPH TOWNS in the
      General Motors Bankruptcy Case    Case No    09-50026

Greetings

Mr  Rudolph Towns requested that I[1] transmit the enclosed Proof
of Claim to you in the above-referenced pending General Motors
bankruptcy case.

Please contact Mr. Towns directly if you have any questions.  He
may be reached at (954) 322-7182.

Sincerely,

Janice L  Jennings

Encls.

cc: Mr  Rudolph Towns

---

[1] I, Janice L  Jennings, Esq  am licensed only in the state of Florid and am not entering an appearance on
behalf of Mr  Rudolph Towns and am not seeking appearance *pro hac vice* basis

**<u>Exhibit B</u>**

**<u>The Complaint Filed by Mr. Towns in the Florida Litigation</u>**

FILED by _____ VT ___ D.C.
ELECTRONIC

JULY 16, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# IN THE UNITED STATES DISTRICT COURT

## FOR THE Southern DISTRICT OF FLORIDA

_____ DIVISION

RUDOLPH V. TOWNS.

V.

GENERAL MOTORS   CORPORATION

**08-CV-61115-Cooke-Bandstra**

NO.

COMPLAINT

Plaintiff resides at:

5733-SOUTH WEST-18TH-ST.

APT-B.-HOLLYWOOD-FLORIDA-33023.

Defendant(s)' name(s) and address(es), if known:

HURON ROAD HOSPITAL.

13951-TERRACE ROAD-EAST-CLEVELAND-OHIO-44112.

1

Jurisdiction in this court is based on:

THE VIOLATION OF ONE CONSTITUTION RIGHTS . I AM REQUESTING THAT THIS  COURT

HAVE A COMPLETE INVESTIGATION OF THIS MOST GROSS NEGLIGENCE ON THE PART

UNITED AUTO DEALERS–NAMELY.GENERAL MOTORS. THEY FAIL TO SUPPLY THE IMFOMATION

THAT IS NECESSARY TO PROCESS THIS CASE, I HAVE BEEN REQUESTING IMFORMATION

The acts complained of in this suit concern:

CONCERNING MY MEDICAL RECORDS AND MY INJURY THAT OCCURED  AT COIT RD.

GENERAL MOTORS.FISHER BODY.(I965). –  THERE SEEM TO BE SOME TYPE OF

CONSPIRACY  AN.UNWILLINGNESS ON THE PART OF GENERAL MOTORS TO

SUPPRESS THE TRUE EVIDENCE OF THE CASE. MR.RUDOLPH TOWNS SUFFERED A

CONCUSSION.AND COULD NOT RE.CALL ALL OF THE EVIDENCE.SO THE GENERAL

MOTORS  UNION LOCAL (45) DECIDED TO SHRED THE IMFORMATION.OR NOT TO

MENTION IT.MR TOWNS WAS NEVER COMPENSATED FOR HIS INJURY.SO THE PLAINTIFF

IS REQUESTING COMPENSOTORY DAMAGES FOR HIS INJURY.HE IS ALL SO REQUESTING

PUNITIVE DAMAGES.FOR HIS PAIN AND SUFFERING WITH RETROACTIVE BENEFITS.

THIS IS A CLEAR CUT DISCRIMINATION CASE.I ASK THIS COURT TO INVESTIGATE

THIS INCIDENT LEFT THE PLAINTIFF WITH DISABILITY PROBLEMS IN FACT HE IS

CONFIRMED BY SEVERAL DOCTORS ABOUT HIS DISABILITY PROBLEMS.

THE PLAINTIFF SUFFERING EXCRUCIATION PAIN IN THE HEAD AND LOWER

EXTREMITY. FROM THE CAUSE OF THIS INCIDENT. THE COURT SHOULD AWARD

THE PLAINTIFF FOR MENTAL ANGUISH.

# NOTARIZATION AND VERIFICATION

I, _RUDOLPH V. TOWNS_____, THE AFFIANT
AND DECLARANT IN THE ABOVEMENTIONED AND AFOREMENTIONED
STATEMENTS AND AFFIRMATION DO HEREBY AND HEREON DECLARE THAT ALL
HERETOFORE MENTIONED IS TRUE AND FACTUAL . TO SUCH, I DO ATTEST AS
TRUE THIS THE _____21st_____ DAY OF _MAY_____,
2009; AND TO SUCH I ATTACH MY SIGNATURE AS SEAL.

S/ _Rudolph V. Towns_____

**STATE OF NORTH CAROLINA**

**COUNTY OF PITT**

THIS IS TO VERIFY AND CONFIRM THAT _Rudolph V. Towns_,
DID PERSONALLY APPEAR BEFORE ME THIS THE _21st_ DAY OF _May_,
2009 TO ATTEST TO ALL THE ABOVEMENTIONED AND AFOREMENTIONED.

S/ _____

**NOTARY PUBLIC**

Richard B. Days
Commission #DD565096
Expires: AUG. 21, 2010
WWW.AARONNOTARY.com

MY COMMISSION EXPIRES ON: _____

# GM

## CERTIFICATE OF *Retirement*

### PRESENTED

## FISHER BODY DIVISION

TO ___Rudolph J. Cowma___

this __1st__ day of __June__ 19 __82__

in acknowledgment of __16.2__ years

of service and contribution to

General Motors Corporation.

*George E. Elges*

*Samuel C. Clarke*

HURON ROAD HOSPITAL
CLEVELAND 12, OHIO

## SUMMARY SHEET

Reviewed by Records C...
HURON ROAD HOS...

| LAST NAME | FIRST | M. I. | AGE | ROOM NO. | ATTENDING PHYSICIAN | | OCCUPATION | NATIONALITY |
|---|---|---|---|---|---|---|---|---|
| TOWNS, MR. RUDOLPH | | | 30 | 3233P | V. Erlandson | | Production | Amer. |

| STREET ADDRESS | HOSPITAL NO. | REFERRING PHYSICIAN | HOW MANY YEARS IN: |
|---|---|---|---|
| 1446 East 113th St. | 25291 | | |

| CITY | ZONE | STATE | DATE ADMITTED | HOUR | DATE DISCHARGED | HOUR | PATIENTS EMPLOYER & ADDRESS |
|---|---|---|---|---|---|---|---|
| Cleveland, Ohio 44106 | | | 2-16-65 | 7:55PM | 2/19/65 (L) 12 2/4 | | Fisher Body E. 140th & Coit Rd. |

| SERVICE | B.C.N.O. NO. | CONTRACT HOLDERS NAME | OTHER HOSPITAL INS. | CITY | COUNTY | STATE |
|---|---|---|---|---|---|---|
| NSurg-A | | | INDUSTRIAL | | | |

| HT. | WT. | SEX | RACE | RELIGION | MARITAL | SOC. SEC. NO. | PATIENT HOME PHONE | A. B. C. TEL. |
|---|---|---|---|---|---|---|---|---|
| 5'9 | 160 | M | C | P | M | | 791-0753 | |

| BIRTHDATE | BIRTHPLACE | PREVIOUS ADMISSION DATES | SPOUSE OR PARENT'S EMPLOYER & ADDR |
|---|---|---|---|
| 4-17-34 | Fla. | none | |

| NOTIFY IN EMERGENCY | ADDRESS | PHONE | RELATIONSHIP |
|---|---|---|---|
| Mrs. Bettye Towns | same | same | Wife |

| PATIENT'S MAIDEN NAME | INTERN | RESIDENT | AUTO ACCIDENT | TEL. |
|---|---|---|---|---|
| | | S. Roy | | |

| NAME OF HUSBAND OR MAIDEN NAME OF SPOUSE | ADDRESS IF OTHER THAN ABOVE | BIRTHPLACE |
|---|---|---|
| White | EMERGENCY | Ohio |

| NAME OF FATHER | BIRTHPLACE | MAIDEN NAME OF MOTHER | BIRTHPLACE |
|---|---|---|---|
| dec. | | ? | ? |

| TRANS. TO | TRANS. TO | | TRANS. TO |
|---|---|---|---|
| | | rr | |

Provisional Diagnosis [to be completed within 24 hours after admission]:

*Cerebral Concussion —*

Diagnosis:

*Same*

| | Code No. |
|---|---|
| | 85210 |

Complications:

Procedures: *Observation*

Consultation With _____

Results: *Dupp*

Prognosis: *Good*

Remarks _____

Cause of Death _____



Case 5:08-cv-51115-PMB-84  Document 30/10  Entered 03/30/10 18:25:99  Main Document
09-50026-mg  Doc 5384  Filed 03/30/10  Entered 03/30/10 18:25:99  Main Document
Pg 23 of 37

7

AUTHORIZATION OF MONTHLY BENEFITS
THE GENERAL MOTORS HOURLY-RATE EMPLOYES PENSION PLAN
PURSUANT TO AGREEMENT BETWEEN
GENERAL MOTORS CORPORATION AND UAW

HRP-11/HP63
(CORRECTED) (8-80)
EA)

| 1. DIVISION AND PLANT | 2. PLANT CODE-RETIREMENT NO. |
|---|---|
| FISHER — CLEVELAND | |
| 3. TYPE OF RETIREMENT | 2271-259954 |
| TOTAL AND PERMANENT DISABILITY | 4. TYPE CODE  084 | 5. BENEFIT CLASS CODE AND RATE  8  19.10 |
| 6. EMPLOYE NAME  RUDOLPH  V TOHNS | 7. SOCIAL SECURITY NO.  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 |
| 8. DATE OF BIRTH  04-17-34 | 9. SEX  M | 10. LAST DAY WORKED  03-23-90 | 11. DATE SENIORITY CANCELLED  05-31-82 | 12. DATE BENEFITS COMMENCE  06-01-82 |
| 13. NAME AND ADDRESS TO WHICH PENSION CHECKS ARE TO BE SENT: | 14. EXPIRATION DATE OF SICKNESS AND ACCIDENT OR STATE DISABILITY BENEFITS PAID AFTER DATE IN ITEM 12.  04-06-81 |
| RUDOLPH V TOHNS  4063 E 147TH ST  CLEVELAND  OH 44128 | 15. IN ACCORDANCE WITH ARTICLE VII, SECTION I (A) (6) OF THE HOURLY-RATE EMPLOYES PENSION PLAN, THE INITIAL MONTHLY BENEFIT PAYMENT WILL BE REDUCED BY THE FOLLOWING AMT. |

| 16. YEARS OF CREDITED SERVICE | 17. AGE AT DATE IN ITEM 12 (INCLUDES ANY FRACTIONAL MONTH AS A COMPLETE MONTH) | 18. MONTHLY BASIC BENEFIT WITHOUT REDUCTION (ITEM 5 TIMES ITEM 16) | 19. PERCENTAGE APPLICABLE TO MONTHLY BASIC BENEFIT IN ITEM 18 IF RETIREMENT IS AT EMPLOYE OPTION: | 20. PERCENTAGE APPLICABLE TO MONTHLY BASIC BENEFIT IF SURVIVOR OPTION IN EFFECT. | |
|---|---|---|---|---|---|
| YEARS  TENTHS | YEARS  MONTHS | | | NORMAL | J & S |
| 2-ACT  15.02 | 45  02 | $293.22 | N/A | N/A | N/A |

21.  MONTHLY BENEFIT PAYABLE

| | |
|---|---|
| a.  BASIC PRIOR TO AGE 62 (Item 18 times Item 19 times Item 20) * | $293.22 |
| b.  BASIC AFTER AGE 62 (If credited service is 30 or more years or retiree has at least 85 points - Item 18 times Item 19 times Item 20; if credited service is less than 30 years or retiree has less than 85 points - Item 18 times Item 19 times Item 20) | $293.22 |
| c.  TEMPORARY - TO AGE 62 (Item 16 times $ _____ - Subject to Item 23 (a) on back of this form) | |
| d.  SUPPLEMENT TO AGE 62 (Item 13 or Item 16 From Form HRP - 11K) | |
| e.  TOTAL PRIOR TO AGE 62 (Item 21a + Item 21c + Item 21d) | $293.22 |
| f.  TOTAL AFTER AGE 62 (Item 21B + if over age 65, Special Benefit**) | $293.22 |
| g.  TO SURVIVING SPOUSE IF SURVIVOR OPTION IN EFFECT (Item 21b times 60% - 50% if J & S option ) | |

*IF RETIREMENT IS AT EMPLOYE OPTION WITH 30 OR MORE YEARS OF CREDITED SERVICE, OR AGE PLUS SERVICE EQUALS 85 POINTS OR MORE, THE APPLICABLE REDUCTION FOR THE SURVIVOR OPTION IS COMPUTED ON THE AFTER AGE 62 BASIC BENEFIT.
**AUTHORIZED UNDER THE GENERAL MOTORS INSURANCE PROGRAM FOR HOURLY-RATE EMPLOYES.

22.  I HEREBY CERTIFY THAT THE BASIC DATA USED IN THE CALCULATION OF THE MONTHLY BENEFITS ARE AS SHOWN ON OUR RECORDS, AND THAT THE CALCULATION OF SUCH BENEFITS IS CORRECT.

_____11-30-90_____
DATE

_____
PLANT OR DIVISIONAL COMPTROLLER

DISTRIBUTION:  1. INSURANCE AND PENSION SECTION  2. PERSONNEL  3. EMPLOYE  4. UNION MEMBER OF LOCAL PENSION COMMITTEE

3

MRP - 11/MPI
(REV. 1-80)

23. I AM THE "EMPLOYE" HEREIN NAMED AND IDENTIFIED. I HAVE READ AND UNDERSTAND THE DATA AND CALCULATIONS SHOWN IN THE ITEMS 1 THROUGH 21. I FURTHER UNDERSTAND THAT:

(A) IF THIS AUTHORIZATION IS FOR (I) EARLY RETIREMENT AT CORPORATION OPTION OR UNDER MUTUALLY SATISFACTORY CONDITIONS, OR (II) TOTAL AND PERMANENT DISABILITY AND I HAVE PRESENTED PROOF THAT I AM NOT ELIGIBLE FOR A SOCIAL SECURITY DISABILITY BENEFIT, AND I SUBSEQUENTLY BECOME ELIGIBLE PRIOR TO AGE 62 FOR A SOCIAL SECURITY DISABILITY BENEFIT OR AN UNREDUCED SOCIAL SECURITY BENEFIT FOR AGE, I WILL FURNISH THE PERSONNEL DEPARTMENT IMMEDIATELY WITH EVIDENCE OF THE EFFECTIVE DATE OF MY ENTITLEMENT TO SUCH BENEFIT. IN SUCH CASE THE TEMPORARY BENEFIT SHOWN IN ITEM 21C WILL CEASE TO BE PAYABLE AND MY MONTHLY PENSION BENEFIT WILL THEN BE REDETERMINED AS OF THE FIRST OF THE MONTH FOR WHICH I INITIALLY BECAME ENTITLED TO SOCIAL SECURITY BENEFIT. ANY OVERPAYMENT OF MY GM PENSION RESULTING FROM MY RECEIPT OF SUCH SOCIAL SEC- URITY BENEFIT, MUST BE REFUNDED BY ME IN A LUMP SUM OR MY GM PENSION WILL BE SUSPENDED UNTIL THE TOTAL AM- OUNT SUSPENDED EQUALS THE OVERPAYMENT.

(B) IF THIS AUTHORIZATION IS FOR TOTAL AND PERMANENT DISABILITY BUT DOES NOT INCLUDE A TEMPORARY BENEFIT, I WILL BE ENTITLED TO RECEIVE A MONTHLY TEMPORARY BENEFIT PRIOR TO AGE 62 IN ACCORDANCE WITH THE APPLI- CABLE PROVISIONS OF THE HOURLY-RATE EMPLOYES PENSION PLAN, PROVIDED I SUBMIT SATISFACTORY PROOF THAT I AM NOT ELIGIBLE FOR A SOCIAL SECURITY DISABILITY BENEFIT.

C) THE OPTION PROVIDING BENEFITS TO MY SURVIVING SPOUSE IS AUTOMATIC, UNLESS I REJECTED THE OPTION WHEN I APPLIED FOR BENEFITS.

(D) IF I AM UNDER AGE 55 WITH LESS THAN 30 YEARS OF CREDITED SERVICE AT THE DATE PENSION BENEFITS COMMENCE, I MAY ELECT AT AGE 55 OR ANY AGE IF I RETIRE WITH 30 OR MORE YEARS OF CREDITED SERVICE, IN LIEU OF THE MONTH- LY BASIC BENEFIT OTHERWISE PAYABLE TO ME A REDUCED MONTHLY BASIC BENEFIT PAYABLE TO ME DURING MY LIFE- TIME TO PROVIDE THAT, IF MY ELIGIBLE DESIGNATED SPOUSE SHALL BE LIVING AT MY DEATH, 55% OF SAID MONTHLY BASIC BENEFIT SHALL BE PAYABLE TO MY SPOUSE DURING MY SPOUSE'S FURTHER LIFETIME FOLLOWING MY DEATH.

(E) IF MY SPOUSE PREDECEASES ME, OR WE ARE DIVORCED BY COURT DECREE, I MAY REVOKE THE ABOVE OPTION EFFECTIVE THE THIRD MONTH AFTER PROPER NOTICE AND REQUIRED DOCUMENTS HAVE BEEN RECEIVED BY GENERAL MOTORS. IF I MARRY OR REMARRY AFTER THE EFFECTIVE DATE OF THE ABOVE OPTION AND HAVE NOT PREVIOUSLY REJECTED SUCH OPTION, I MAY ELECT THE ABOVE OPTION SUBJECT TO THE PROVISIONS OF THE PLAN. THIS ELECTION MUST BE MADE AND RECEIVED BY THE CORPORATION BY THE FIRST DAY OF THE MONTH IN WHICH I HAVE BEEN MARRIED OR REMARRIED ONE YEAR TO BECOME EFFECTIVE.

(F) IF WORKER'S COMPENSATION BECOMES PAYABLE TO ME SUBSEQUENT TO THE DATE SHOWN IN ITEM 12, A DEDUCTION SHALL BE MADE FROM MONTHLY BENEFITS OTHERWISE PAYABLE TO ME UNDER THE PENSION PLAN EQUAL TO THE FULL AMOUNT OF SUCH WORKER'S COMPENSATION UNLESS SUCH DEDUCTION IS PROHIBITED UNDER ARTICLE IV, SECTION 2 OF THE PENSION PLAN.

(G) IF THIS AUTHORIZATION IS FOR TOTAL AND PERMANENT DISABILITY AND I AM UNDER AGE 55 AND HAVE LESS THAN 30 YEARS OF CREDITED SERVICE AT THE TIME BENEFITS COMMENCE, A 50% JOINT AND SURVIVOR OPTION IS AUTOMATIC UNLESS I REJECT THE OPTION ON FORM MRP-R (12 & 5).

24. IN CONNECTION WITH ANY BENEFITS I MAY RECEIVE FOR TOTAL AND PERMANENT DISABILITY WHEN I AM NOT CONCUR- RENTLY RECEIVING ANY SUPPLEMENT UNDER THE HOURLY-RATE EMPLOYES PENSION PLAN, I HEREBY AUTHORIZE THE SOCIAL SECURITY ADMINISTRATION TO RELEASE TO GENERAL MOTORS CORPORATION, ON A CONTINUING ANNUAL BASIS, THE TOTAL EARNINGS REPORTED FOR ME FOR EACH YEAR TO BE SPECIFIED BY GENERAL MOTORS CORPORATION.

25. IN CONNECTION WITH ANY ELIGIBILITY I MAY HAVE TO RECEIVE EITHER A MONTHLY TEMPORARY BENEFIT OR A SUPPLE- MENT UNDER APPLICABLE PROVISIONS OF THE HOURLY-RATE EMPLOYES PENSION PLAN, I HEREBY AUTHORIZE THE SOCIAL SECURITY ADMINISTRATION TO RELEASE TO GENERAL MOTORS CORPORATION, ON A CONTINUING ANNUAL BASIS, MY SOCIAL SECURITY DISABILITY INSURANCE BENEFIT STATUS, AS SPECIFIED BY GENERAL MOTORS CORPORATION.

DEC 8 1982

_____
DATE

_Rudolph Towns_
EMPLOYE'S SIGNATURE

26.

AUTHORIZATION FOR PAYMENT OF MONTHLY BENEFITS

WE HAVE EXAMINED THE FOREGOING DATA AND HEREBY AUTHORIZE THE PAYMENT OF A MONTHLY BENEFIT AS SHOWN IN ITEM 21E, 21F, OR 21G, AS APPLICABLE.

IF THE EXPIRATION OF SICKNESS AND ACCIDENT OR STATE DISABILITY BENEFITS AS SHOWN IN ITEM 14 IS SUBSEQUENT TO THE DATE SHOWN IN ITEM 12, MONTHLY PENSION BENEFITS WILL NOT BE PAYABLE PRIOR TO THE EXPIRATION DATE OF SUCH SICKNESS AND ACCIDENT OR STATE DISABILITY BENEFITS AND THE INITIAL MONTHLY PENSION BENEFIT PAYMENT WILL BE REDUCED BY THE AMOUNT SHOWN IN ITEM 15.

_Joseph F. Krause_                    DEC 8 1982
LOCAL PENSION COMMITTEE                DATE
MANAGEMENT REPRESENTATIVE

_Timothy E. Flynn_                    DEC 8 1982
LOCAL PENSION COMMITTEE               DATE
UNION REPRESENTATIVE

OR, IF APPLICABLE,                    OR, IF APPLICABLE,

_____               _____
PERSONNEL DIRECTOR          DATE       PLANT OR DIVISIONAL          DATE
                                       COMPTROLLER

WATER HOMESTEAD
CERTIFICATE OF DISABILITY

"PERMANENTLY AND TOTALLY DISABLED" MEANS A PERSON WHO HAS ON THE DATE OF APPLICATION SOME IMPAIRMENT IN BODY OR MIND THAT MAKES HIM UNFIT TO WORK AT ANY SUBSTANTIALLY REMUNERATIVE EMPLOYMENT WHICH HE IS REASONABLY ABLE TO PERFORM AND WHICH WILL WITH REASONABLE PROBABILITY, CONTINUE FOR AN INDEFINITE PERIOD OF AT LEAST TWELVE MONTHS WITHOUT ANY PRESENT INDICATION OF RECOVERY THEREFROM OR HAS CERTIFIED AS PERMANENTLY AND TOTALLY DISABLED BY A STATE OR FEDERAL AGENCY HAVING THE FUNCTIONS OF SO CLASSIFYING PERSONS.".

APPLICATION FOR REDUCTION BASED UPON A PHYSICAL DISABILITY SHALL BE ACCOMPANIED BY A CERTIFICATE, SIGNED BY A PHYSICIAN AND AN APPLICATION FOR REDUCTION BASED UPON A MENTAL DISABILITY SHALL BE ACCOMPANIED BY A CERTIFICATE SIGNED BY A PHYSICIAN OR PSYCHOLOGIST LICENSED TO PRACTICE IN THIS STATE, ATTESTING TO THE FACT THAT THE APPLICANT IS PERMANENTLY AND TOTALLY DISABLED. THE CERTIFICATE SHALL BE IN A FORM THAT SHALL INCLUDE THE DEFINITION AS ABOVE OF PERMANENTLY AND TOTALLY DISABLED. AN APPLICATION FOR REDUCTION BASED UPON A DISABILITY CERTIFIED AS PERMANENT AND TOTAL BY A STATE OR FEDERAL AGENCY HAVING THE FUNCTION OF SO CLASSIFYING PERSONS SHALL BE ACCOMPANIED BY A CERTIFICATE FROM THAT AGENCY."

In accordance with the above noted statutes, I (we) hereby certify that_____

_Mr. Rudolph Towns_____ is totally and permanently disabled by virtue of

(X) physical disability or (X) mental disability.

DATE _12-11-84_

LICENSE NO. _21963 - Ohio_

_Carolyn H. Montier, M.D._
PHYSICIAN

_____
PSYCHOLGIST

_____
AGENCY

BY _Carolyn H. Montier  M.D._
NAME                    TITLE

Please print name and address of person signing this certificate

_11811 Shaker Blvd._
PRINT NAME OF PERSON SIGNING

_Cleveland, Ohio 44120_
ADDRESS - STREET NO. - CITY

This application must be completed and must be attached to the Water Homeste application.

3



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000
FAX (313) 823-6016

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

RON GETTELFINGER, *PRESIDENT*                    ELIZABETH BUNN, *SECRETARY-TREASURER*

VICE-PRESIDENTS: GENERAL HOLIEFIELD • BOB KING • CAL RAPSON • JIMMY SETTLES • TERRY THURMAN

May 21, 2008

Rudolph Towns
5733 SW 18th Street
Apartment B
Hollywood, Florida  33023

Dear Brother Towns:

Your February 18, 2008 letter to UAW President Ron Gettelfinger was referred to Cal Rapson, Vice President and Director of the UAW General Motors Department and assigned to me for investigation and response.

After reviewing your files, I noticed that you have a lengthy history of contacting both the Union and General Motors Corporation concerning the injury you received in 1965. You must contact General Motors Corporation for the medical files and nature of Total and Permanent Disability (T&PD).  Again, this matter is closed.

If I can be of any further assistance, don't hesitate to contact me at **(313) 926-5594.**

Fraternally,

Darrell Shepard
International Representative
Benefit Plans Section
UAW General Motors Department

DS:jf
opeiu494
cc:    Garry Bernath
       Ron Gettelfinger
       Mike Grimes
       Cal Rapson
       David Shoemaker

opeiu494

MISS. ANNA TOWNS.

ATTORNEY AT LAW.

3I3-HAMMONTON PLACE.

SILVER SPRINGS MD-20904.

(30I)-680-9I66.

-----------------------

# JAMES JONES

# LEGAL SERVICES

# 1600 A. SPRUCE STREET

# GREENVILLE, NORTH CAROLINA  27834

**TO: MR. RUDOLPH TOWNES**

5733 SOUTHWEST 18TH STREET

APT. B

HOLLYWOOD, FLORIDA  33023

RE: SOLIDARITY HOUSE

8000 EAST JEFFERSON STREET

DETROIT, MI 48214

TO WHOM IT MAY CONCERN:

I AM FILING THIS PETITION HOPING TO GAIN YOUR CONSIDERATION FOR HUMANE REASONS AND YOUR SENSE OF DIGNITY.

THIS PETITION  CONCERNS A MR. RUDOLPH TOWNES, WHO ACCORDING WHO ACCORDIN G TO OUR RECORDS SUFFERED A CONCUSSION AFTER BEING HIT IN THE HEAD BY A WHEEL HOUSING THAT FELL ON HIM.

I UNDERSTAND THAT HE WAS UNCONSCIOUS WHEN HE ARRIVED AT THE HOSPITAL LOCATED ON HURON AND TERRACE ROADS.  RECORDS SHOW THAT HIS

SKULL WAS FRACTURED IN THREE DIFFERERNT PLACES. ALSO, DUE TO HIS
CONDITION HE WAS UNABLE TO FURNISH PRECISE AND ACCURATE
INFORM,ATION PRIOR TO LEAVING THE PERSONNEL DEPARTMENT AT THE PLANT.

WE WOULD GREATLY APPRECIATE ANY AND ALL INFORMATION THAT YOU
MAY BE ABLE TO FURNISH RELATIVE TO THIS INCIDENT. THE CASE ORIGINATED IN
1965. WE DON'T BELIEVE THAT HE WAS EVER COMPENSATED FOR THESE
INJURIES AND THE DAMAGE HE INCURRED WHILE ON THE JOB.

BEING A UNION MEMBER, HIS DUES WERE PAID UP TO DATE. I CONCUR THAT
HE SHOULD HAVE BEEN PAID WITHOUT PREJUDICE AND DISCRIMINATION.
PLEASE BE ADVISED THAT THIS MATTER IS BEING PREPARED FOR LEGAL ACTIONS
IF WE DEEM IT APPROPRIATE. YOUR RESPONSE DETERMINES THIS.

THAN KING YOU IN ADVANCE FOR YOUR COOPERATION. I WILL REMAIN,


RESPECTFULLY YOURS.



JAMES JONES

You have been sued in the court of law. If you wish to defend against the claims set fort in the following pages, you must take action with (20) days after this complaint and notice is served. By entering a written appearance personally, or by attorney, or by filing in writing to the court for your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice. A judgment may be entered against you by the court without further notice for any money claim in the complaint for any claim or relief requested by the plaintiff. You may lose money, property, and other rights important to you. You should take this petition to your lawyer at once. If you don't have one, can't afford one contact your nearest bar association.

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** RUDOLPH V. TOWNS.

**DEFENDANTS** GENERAL MOTORS CORPORATION (RT)

**(b)** County of Residence of First Listed Plaintiff BROWARD.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
0-08CV 6/115-Cooke-Bandstra

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

County where action arose—Broward

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

*(checklist of suit categories — none marked)*

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Brief description of cause: NEGLIGENCE ON THE PART OF GENERAL MOTORS-U-A-W.-(28-USC)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ ___  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE ___ DOCKET NUMBER ___

DATE ___ SIGNATURE OF ATTORNEY OF RECORD *Rudolph V. Towns*

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT 350.00 APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___
543689

## Exhibit C

## Florida Litigation Final Judgment

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 08-61115-CIV-COOKE/BANDSTRA

RUDOLPH V. TOWNS,

     *Plaintiff*,

v.

GENERAL MOTORS CORPORATION,

     *Defendant.*

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's

Complaint [D.E. 6] filed on November 26, 2008. Defendant argues that, pursuant to Federal

Rule 12(b)(6), Plaintiff's complaint should be dismissed. For the reasons stated below,

Defendant's Motion to Dismiss is granted.

## I.    BACKGROUND

*Pro se* Plaintiff Rudolph Towns ("Plaintiff" or "Towns") filed his complaint [D.E. 1] on

July 16, 2008, seeking damages from Defendant General Motors Corporation ("Defendant" or

"GM"). The complaint seems to assert that Towns was injured on February 16, 1965, while

working for the Fisher Body Division of GM, located in Cleveland, Ohio. Plaintiff alleges that

he is entitled to compensatory and punitive damages for his injuries. It is difficult to ascertain

what claims Plaintiff is asserting, however, Plaintiff seems to assert claims for negligence and

discrimination.

## II.    LEGAL STANDARD – Motion to Dismiss

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001)("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded   must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Although, the pleadings of *pro se* litigants are entitled to liberal construction, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## III.    ANALYSIS

Defendant's Motion to Dismiss must be granted pursuant to Fed.R.Civ.P. 12(b)(6).  "A complaint is . . . subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock,* 549 U.S. 199, 215, (2007) (dicta) (If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").  Plaintiff's complaint facially reveals that the negligence claim is barred as untimely.  Plaintiff's injury occurred in Cleveland Ohio; therefore, the court will look to Ohio tort law to determine whether Plaintiff is facially barred from asserting a negligence action.  The relevant provision of Ohio's statute of limitations for personal injury states that, "an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Ohio Rev. Code Ann. § 2305.10.  Further, the statute of limitations for asserting a negligence claim under Florida law is four years.  Fla. Stat. § 95.11(3)(a).  Plaintiff asserts that, due to GM's negligence, he was injured in 1965.  Clearly, the statute of limitations has expired – Plaintiff's action accrued over forty years ago.  Even if Plaintiff could assert the essential elements for a negligence claim, Plaintiff would be barred by the statute of limitations.  Thus, Plaintiff cannot assert a negligence claim against GM.

Furthermore, the Ohio Worker's Compensation Act is the exclusive remedy for bodily injuries sustained by Plaintiff while working for Defendant.  The relevant provision of Ohio's workers compensation statute states:  "Employers who comply . . . shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his

employment . . . ."  Ohio Rev. Code Ann. § 4123.74.  Plaintiff received a head injury while working in GM's Fisher Body plant.  Ohio has chosen to implement a worker's compensation system that protects an employer from suit if the employer participates in the compensation system.  *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 433 N.E.2d 572, 577 (Ohio 1982).  Further, the Ohio Worker's Compensation Act "operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability."  *Id*.  Plaintiff should look to the Ohio Worker's Compensation Act to provide compensation for his bodily injuries, not federal court.  Therefore, Plaintiff cannot bring a negligence action against his former employer.

Plaintiff also contends that "this is a clear cut discrimination case."  (Pl.'s Compl. at 2).  Plaintiff's discrimination claim must also be dismissed.  Ohio has differing statute of limitation periods for discrimination claims.  The length of the statute of limitation period varies according to the classification of the alleged discrimination.  *Compton v. Swan Super Cleaners*, No. 08-CV-002, 2008 WL 1924251, at *3 (S.D. Ohio April 29, 2008).  While Ohio has different statute of limitation periods for discrimination, the longest limitation period is six years.  *Cully v. St. Augustine Manor*, No. 67601, 1995 WL 237129, at *3 (Ohio App. Dist. April 20, 1995).  Further, Florida has a four year statute of limitations period for discrimination claims brought under a state statute.  Fla. Stat. § 95.11(3)(f).  Plaintiff seems to suggest that he was discriminated against due to his injury, which occurred in 1965.  Therefore, even if the discrimination claim is viewed in the light most favorable to Plaintiff, a six year period, the claim is still time barred.

Plaintiff has also failed to allege facts sufficient to support a discrimination claim.  While

the Court understands why a negligence claim is asserted, Plaintiff offers no factual support for a

claim of discrimination.  A plaintiff's complaint must set forth more than conclusory allegations

and unfounded factual inferences.  *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250,

1262 (11th Cir. 2004); *see also Brennan v. Cambridge Mun. Court*, No. 96-3485, 1998 WL

91801 at *2 (6th Cir. 1998) (affirming the district court's dismissal of *pro se* Plaintiff's

complaint on the basis that the complaint failed to offer factual support of discrimination).

Plaintiff's complaint does not state any facts which support the discrimination claim.  Thus,

Plaintiff fails to bring a cause of action for discrimination.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [D.E. 6], pursuant to

Federal Rule 12(b)(6), is **GRANTED**.  All pending motions are **DENIED as moot** and the Clerk

is instructed to **CLOSE the case**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April 2009.


MARCIA G. COOKE
United States District Judge



Copies to:
Honorable Ted E. Bandstra
All counsel of record

Rudolph Towns, *pro se* Plaintiff
5733 S.W. 18th Street
Apt. B

Hollywood, FL 33023