**HEARING DATE: April 8, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: April 1, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                       :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                        :
                                                                :
                        Debtors.                                :    **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

**RESPONSE OF THE DEBTORS TO MOTION OF ZINN COMPANY, INC. FOR
AN ORDER COMPELLING DEBTORS AND THEIR SUCCESSOR TO COMPLY
WITH THEIR PAYMENT OBLIGATION UNDER WIND-DOWN AGREEMENT**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), as and for their Response to the motion (the "**Motion**") of Zinn Company, Inc. ("**Zinn**") for an Order Compelling Debtors and Their Successor to Comply with Their Payment Obligation Under Wind-Down Agreement [Docket No. 5104], respectfully represent:

**Preliminary Statement**

1. The Motion seeks to compel "GM or its successor" to pay to Zinn $677,753, an amount that Zinn asserts constitutes the final payment due to Zinn under Zinn's Deferred Termination Agreement (as defined below). However, Zinn is fully aware that the Debtors are not the obligors under the Deferred Termination Agreement and the instant dispute does not involve the Debtors or their properties. As discussed in more detail below, all Deferred Termination Agreements entered into between GM dealers and the Debtors were assigned to General Motors, LLC as part of the court-approved 363 Transaction (as defined below) and, upon such assignment, the purchaser became the obligor for all termination payments. Therefore, the Debtors retain no liability with respect to Zinn's Deferred Termination Agreement and any amounts that may be due thereunder are the obligations of General Motors, LLC and not the Debtors.

**Relevant Background**

2. On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**") with the Court, requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MSPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors, LLC) ("**New GM**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers (the "**363 Transaction**").

3. On July 5, 2009, the Court approved the 363 Transaction and entered the Sale Order, and on July 10, 2009, the 363 Transaction closed. Accordingly, the Debtors no longer operate as manufacturers of any GM branded motor vehicles and have assigned the vast majority of their executory contracts to New GM, including all Deferred Termination Agreements entered into by GM dealers.

**The Motion Should be Denied Because the Debtors Retain
No Liability With Respect To the Deferred Termination Agreements**

4. The Motion purports to hold the Debtors liable for payments under a Deferred Termination Agreement, previously between Zinn and the Debtors, but now between Zinn and New GM. The Motion fails to address the fact that, pursuant to Section 6.7 of the MSPA, the Debtors entered into numerous deferred termination agreements (the "**Deferred Termination Agreements**") with dealers that, due to the Debtors' overall rationalization effort, would not continue as GM-branded dealers on a going forward basis. Significantly, Section 6.7 of the MSPA, as well as the terms of each of the Deferred Termination Agreements, copies of which are annexed as Exhibit J to the MSPA, provide that Deferred Termination Agreements entered into by the Debtors and the respective dealers are executory contracts that can be assigned.

5. Following the close of the 363 Transaction, all Deferred Termination Agreements were assigned to New GM and, consequently, such agreements are now binding on New GM, not the Debtors. Accordingly, all liability under the Deferred Termination Agreements has been transferred to New GM and the Debtors maintain no liability with respect to same. As such, the issues raised in the Motion relate to a dispute solely between Zinn and New GM, and the Debtors take no position with respect to the merits of Zinn's allegations. Further, the Debtors take no position with respect to this Court's jurisdiction to hear this or other

3

disputes related to this subject matter, as it is the Debtors' understanding that, as reported in the press, New GM continues to contend with numerous dealer issues.

6. For the reasons set forth above, the Debtors respectfully request that the Motion be denied, as against the Debtors.

WHEREFORE the Debtors request that any relief granted to Zinn shall be against New GM and not the Debtors and that the Debtors be granted such other and further relief as is just.

Dated: March 31, 2010
New York, New York

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

4