**HEARING DATE AND TIME: April 8, 2010 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :    Chapter 11 Case No.
                                                             :    09-50026 (REG)
                                                             :    (Jointly Administered)
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                    :
     **f/k/a General Motors Corp.,** *et al.*                :
                                                             :
         **Debtors.**                                        :
-------------------------------------------------------------x

**DEBTORS' OPPOSITION TO MOTION OF STANLEY STASKO PURSUANT TO 11
U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C.
§ 362(a) AFTER MATERIAL DEFAULT [DOCKET NO. 5151]**

## TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................................. 1

Background ................................................................................................................................. 2

The Bankruptcy Case .................................................................................................................. 2

The Michigan Case ..................................................................................................................... 2

Argument .................................................................................................................................... 4

I.     The Automatic Stay Is Fundamental To The Reorganization Process And Movant Should Be Sanctioned For His Willful Violation Of The Stay........................................... 4

II.    Movant Cannot Meet His Burden Of Establishing Cause To Modify The Automatic Stay ................................................................................................................................ 6

Conclusion ................................................................................................................................. 11

# **TABLE OF AUTHORITIES**

## **CASES**

*48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse, Inc.)*,
    835 F.2d 427 (2d Cir. 1987)..................................................................................................5

*AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*,
    117 B.R. 789 (Bankr. S.D.N.Y. 1990).....................................................................................5

*City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*,
    28 B.R. 324 (Bankr. S.D.N.Y. 1983).......................................................................................7

*E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*,
    157 F.3d 169 (2d Cir. 1998)....................................................................................................5

*In re Eclair Bakery Ltd.*,
    255 B.R. 121 (Bankr. S.D.N.Y. 2000).....................................................................................6

*Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*,
    550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977)..........................................4

*Hearst Magazines v. Geller*,
    2009 U.S. Dist. LEXIS 30481 (S.D.N.Y. Mar. 24, 2009) ......................................................5

*Johns-Manville Sales Corp., v. Doan (In re Johns-Manville Corp.)*,
    26 B.R. 919 (Bankr. S.D.N.Y. 1983).......................................................................................5

*Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*,
    920 F.2d 183 (2d Cir. 1990)....................................................................................................5

*Mazzeo v. Lenhart (In re Mazzeo)*,
    167 F.3d 139 (2d Cir. 1999)....................................................................................................7

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*,
    474 U.S. 494 (1986)................................................................................................................4

*Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*,
    38 B.R. 987 (S.D.N.Y. 1984)..................................................................................................8

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*,
    907 F.2d 1280 (2d Cir. 1990)........................................................................................7, 8, 9

*In re Touloumis*,
    170 B.R. 825 (Bankr. S.D.N.Y. 1994).....................................................................................8

## STATUTES

11 U.S.C. § 362(a)(1)..................................................................................................................4

11 U.S.C. § 362(d) ......................................................................................................................6

11 U.S.C. § 362(d)(1) .................................................................................................................7

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the Motion of Stanley Stasko ("**Movant**") Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) After Material Default [Docket No. 5151] (the "**Motion**"). In support hereof the Debtors respectfully represent:

## PRELIMINARY STATEMENT

  1.  Movant seeks to vacate the automatic stay to proceed with a lawsuit he commenced *pro se* against MLC in the United States District Court for the Eastern District of Michigan (the "**Michigan Case**") on December 11, 2009, in violation of the automatic stay. The Michigan Case alleges causes of action arising solely from prepetition events: Movant's alleged employment with General Motors Corporation from 1983 to 1995. Despite being informed of the Debtors' bankruptcy and the automatic stay, Movant has continued to proceed with the Michigan Case, even seeking entry of an order of default against MLC on March 19, 2010, after he filed the instant Motion and after being advised of the automatic stay. Movant should not be rewarded for his knowing violation of the automatic stay and instead the Michigan Case should be declared void. Further, Movant fails to meet his burden of establishing good cause to truncate the statutorily imposed breathing spell to which the Debtors are entitled, in part, because he failed to file a proof of claim against the Debtors. Therefore, even if the Michigan Case were allowed to proceed and resulted in a judgment favorable to Movant, such judgment

would be unenforceable against the Debtors.  Accordingly, Movant's Motion should be denied.

## BACKGROUND

**The Bankruptcy Case**

2. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The commencement of the Debtors' chapter 11 cases triggered the automatic stay of all litigation against the Debtors pursuant to section 362 of the Bankruptcy Code.

3. On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC), a United States Treasury-sponsored purchaser, pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master Sale and Purchase Agreement ("**MSPA**").

4. On September 16, 2009, the Bankruptcy Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim based on any prepetition claims against the Debtors [Docket No. 4079].  The Bar Date Order states that any party that fails to file a proof of claim on or before the bar date shall be forever barred, estopped and enjoined from asserting such claims against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such claim.  To date, the claims register in these chapter 11 cases does not reflect a proof of claim filed by or on behalf of Movant.

**The Michigan Case**

5. On December 11, 2009, Movant commenced the Michigan Case, case number 09-14827 in the United States District Court for the Eastern District of Michigan.

2

The Complaint in the Michigan Case is attached as Exhibit A to Movant's Motion. The Michigan Case alleges a cause of action under 42 U.S.C. § 1983 for "deprivation of rights" and seeks monetary compensation "for the estimated loss by the plaintiff for actual work performed at General Motors Corporation from approximately July 1983 to August 1995" (Compl. at 13) and punitive damages for a hostile work environment (Compl. at 14). The majority of the Complaint in the Michigan Case is devoted to explaining why the statute of limitations should not bar the commencement of the Michigan Case, ten years after Movant resigned from General Motors Corporation. (Compl. at 3–13.)

6.  The Movant did not seek or obtain relief from the automatic stay prior to commencing the Michigan Case.

7.  On January 7, 2010, counsel for the Debtors sent a letter to Movant advising him of these chapter 11 cases and the accompanying automatic stay and asking him to withdraw his Complaint for violating the automatic stay. The Debtors' January 7, 2010 letter is attached hereto as Exhibit A. To date, Movant has refused to withdraw his Complaint.

8.  On January 29, 2010, it being evident that Movant would not withdraw the action voluntarily, the Debtors filed a Suggestion of Bankruptcy in the Michigan Case. Movant acknowledges receipt of the Debtors' Suggestion of Bankruptcy in his Motion. (*See* Mot. at 2.)

9.  On February 19, 2010, Movant filed the instant Motion seeking to vacate the automatic stay "as to the Plaintiff's interests in the Property to allow the Plaintiff's

3

enforcement of its rights in, and remedies in and to, the Property associated with the civil action." (Mot. at 3.)

10.     Notwithstanding his knowledge of the bankruptcy and the automatic stay, on March 19, 2010, Movant filed a Request for Clerk's Entry of Default in the Michigan Case seeking $2,775,266 in damages against the Debtors. The Movant's request for default is attached hereto as Exhibit B.

## ARGUMENT

### I. THE AUTOMATIC STAY IS FUNDAMENTAL TO THE REORGANIZATION PROCESS AND MOVANT SHOULD BE SANCTIONED FOR HIS WILLFUL VIOLATION OF THE STAY

11.     Section 362(a) of the Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). "The automatic stay provision of the Bankruptcy Code … has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986)) (quoting S. Rep. No. 95-989 at 54 (1978); H.R. Rep. No. 95-595 at 340 (1977)). The automatic stay provides the debtor with a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on the administration of the chapter 11 case.

4

*Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case), *cert. denied*, 429 U.S. 1093 (1977).  Further, it "prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding."  *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990).

   12. The Second Circuit has long held that when an entity files a bankruptcy petition, the automatic stay is effective immediately and any proceedings filed after the stay takes effect are void.  *E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987)); *Hearst Magazines v. Geller*, 2009 U.S. Dist. LEXIS 30481, at *3 (S.D.N.Y. Mar. 24, 2009).  "Moreover, since the bankruptcy stay is automatic, '[t]he action is void even where the acting party had no actual notice of the stay.'"  *Id.* (quoting *Dalton v. New Commodore Cruise Lines Ltd.*, 2004 U.S. Dist. LEXIS 2590, at *2 (S.D.N.Y. Feb. 24, 2004).

   13. The Second Circuit has held that "contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay."  *Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183, 186-87 (2d Cir. 1990); see also *Fidelity Mortg. Investors,* 550 F.2d at 51, 57 (Bankruptcy Act case allowing imposition of costs, including reasonable attorney's fees under civil contempt powers for acts taken with "knowledge" of automatic stay and "deliberate[]" disregard of bankruptcy rules regarding requirements for relief), *cert.*

5

*denied*, 429 U.S. 1093 (1977); *see also Johns-Manville Sales Corp., v. Doan (In re Johns-Manville Corp.)*, 26 B.R. 919, 922 (Bankr. S.D.N.Y. 1983) (finding respondent who sought to continue judicial proceedings against debtor after debtor filed its petition for bankruptcy in contempt because respondent "clearly recognized the intended prohibitory effect of the automatic stay . . . and nonetheless [] proceed[ed] in willful and flagrant disregard of the[] stay orders")).

14. By commencing the Michigan Case without first obtaining relief from the automatic stay, Movant violated the automatic stay. Movant acknowledged the automatic stay by filing the instant Motion, yet refused to withdraw the Michigan Case and instead sought a default judgment against the Debtors in the Michigan Case. (Ex. B.) Such conduct constitutes a willful violation of the automatic stay for which Movant could be sanctioned and held in contempt of court. Movant should not now be rewarded for his knowing violation of the automatic stay by being granted retroactive stay relief. Accordingly, the Debtors respectfully request that this Court deny Movant's Motion and declare the Michigan Case void. The Debtors reserve all rights and remedies with respect to Movant's violation of the automatic stay.

## II. **MOVANT CANNOT MEET HIS BURDEN OF ESTABLISHING CAUSE TO MODIFY THE AUTOMATIC STAY**

15. Not only should Movant be denied retroactive relief from the automatic stay for his knowing violation of the stay, but Movant should also be denied relief from the stay because he has failed to demonstrate cause to lift the stay. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121,

6

132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause":

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).[1] Section 362(d)(1) does not define "cause." However, courts in this Circuit have determined that in examining whether cause exists they "must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

16.    The seminal decision in this Circuit on whether cause exists to lift the automatic stay is *Sonnax Industries, Inc. v. Tri Component Products Corp.* (*In re Sonnax Industries, Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990); *see Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating District Court order granting stay relief where Bankruptcy Court had not applied *Sonnax* factors, made only sparse factual findings, and ultimately did not provide appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the Second Circuit outlined twelve factors to be considered when deciding whether to lift the automatic stay:

---

[1] Sections 362(d)(2)-(4) of the Bankruptcy Code provide grounds for relief from the stay that are not applicable to the Motion.

7

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286. Only those factors relevant to a particular case need be considered, and the court need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Sonnax*, 907 F.2d at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued

8

protection. *Id.* Further, the cause demonstrated must be "good cause." *Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984).

17. Movant fails to meet his burden of establishing good cause for lifting the automatic stay under the *Sonnax* analysis as he does not reference the *Sonnax* factors nor provide any cause for lifting the stay whatsoever. Movant merely states that he filed the Michigan Case after June 1, 2009 for three reasons, namely discovery delays, loss of memory, and fraudulent concealment. (Mot. at 2-3.) These are the same three reasons Movant articulates in his Complaint in the Michigan Case for why the statute of limitations should not be a bar to his suit. These reasons do not provide any justification for why Plaintiff violated the automatic stay by commencing a lawsuit against the Debtors postpetition. Because Movant cannot meet his burden of establishing cause to lift the stay, the burden does not shift to the Debtors to affirmatively demonstrate that relief from the stay is inappropriate. *Sonnax*, 907 F.2d at 1285. Nevertheless, the *Sonnax* factors relevant to this case plainly weigh against lifting the automatic stay to allow the Michigan Case to proceed at this juncture.

18. The first factor does not support relief from the stay because allowing the Michigan Case to proceed as to the Debtors would not result in complete resolution of the issues because the case has just been commenced and is in the nascent stages. (*See also Sonnax* factor 11). Moreover, even if the Michigan Case were allowed to proceed as to the Debtors and a judgment was ultimately entered for Movant, such judgment would be unenforceable because Movant did not file a proof of claim in these chapter 11 cases. Pursuant to the Bar Date Order, the Debtors are thus discharged from any and all indebtedness or liability with respect to Movant's claims.

9

19.     The second and seventh *Sonnax* factors weigh against lifting the automatic stay as well because allowing the Michigan Case to proceed would interfere with these chapter 11 cases and prejudice the interests of other creditors. As this Court noted previously in denying a similar lift stay motion, requiring the Debtors to litigate the Michigan Case at this juncture in these chapter 11 cases would not only deplete estate resources, thereby prejudicing other creditors, but would also expose the Debtors to having to defend countless other lift stay motions. This would impose a heavy burden on the Debtors' valuable time and scarce resources when the Debtors' focus should be on, among other things, determining how to dispose of their remaining assets in an orderly and value-maximizing manner and proceeding with an organized chapter 11 claims resolution process.

20.     The tenth *Sonnax* factor does not support relief from the stay because the interests of judicial economy and the economical resolution of litigation would best be served if the Michigan Case were declared void for violation of the automatic stay and for lack of filing a proof of claim. Likewise, the twelfth *Sonnax* factor does not support lifting the stay because the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend itself in the Michigan Case far outweighs any potential gain to Movant in proceeding with the Michigan Case against the Debtors given that any judgment entered against the Debtors would be unenforceable for failure to file a proof of claim. Thus, Movant is not prejudiced in any material respect by maintenance of the automatic stay as to the Debtors and the Court should deny the Motion.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court deny the Motion and the relief requested therein.

Dated: April 1, 2010
New York, New York

*/s/ Stephen Karotkin*
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession