# Exhibit A

## WEIL, GOTSHAL & MANGES LLP

1300 I STREET, N.W.
SUITE 900
WASHINGTON, D.C. 20005
(202) 682-7000
FAX: (202) 857-0940

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW

DIRECT LINE
202-682-7206
brianna.benfield@weil.com

January 7, 2010

**BY FEDEX**

Mr. Stanley R. Stasko
27653 Lexington Pkwy
Southfield, MI 48076

      Re:    **Stanley R. Stasko v. General Motors Corporation**
              **Case No. 2:09-cv-14827**

Dear Mr. Stasko:

      I write to inform you that on June 1, 2009, (the "Commencement Date"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, (collectively, the "Debtors"), filed voluntary petitions seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes and bear case no. 09-50026 (REG). Enclosed herewith is a copy of the Debtors' chapter 11 petition.

      Your attention is directed to section 362(a) of the Bankruptcy Code, entitled "Automatic Stay." Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date, prohibiting the commencement or continuation of any actions or proceedings against the Debtors. The automatic stay expressly prohibits the following:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding

January 7, 2010
Page 2

against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code.]

11 U.S.C. § 362(a)(1).

Accordingly, the above-captioned action was filed in violation of the automatic stay. All actions taken in violation of the automatic stay are void and, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay. See, e.g., Bartel v. Eastern Airlines, 133 F.3d 908 (2d cir. 1998); Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d cir. 1976), cert. denied, 429 U.S. 1093 (1977). In light of the foregoing, Motors Liquidation Company requests that you withdraw the complaint filed against it and confirm that you have done so within five business days. Motors Liquidation Company reserves all rights and remedies.

If you have any questions with respect to this matter, please do not hesitate to contact me.

Sincerely,

Brianna Benfield

Enclosure