**HEARING DATE AND TIME: April 8, 2010 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                              :
**In re**                                                     :    Chapter 11 Case No.
                                                              :    09-50026 (REG)
                                                              :    (Jointly Administered)
**MOTORS LIQUIDATION COMPANY,** *et al.,*                     :
         **f/k/a General Motors Corp.,** *et al.*             :
                                                              :
         **Debtors.**                                         :
-------------------------------------------------------------x

**DEBTORS' OPPOSITION TO MOTION OF SANG CHUL LEE AND DUKSON LEE TO
ALLOW LATE CLAIM FILED TO BE DEEMED TIMELY FILED [DOCKET NO. 5328]**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    The Arizona Action............................................................................................................ 2
    The Chapter 11 Cases ....................................................................................................... 3

ARGUMENT ................................................................................................................................. 5

I.     THE BAR DATE IS AN INTEGRAL PART OF REORGANIZATION AND MOVANTS CANNOT ESTABLISH EXCUSABLE NEGLECT FOR FAILING TO COMPLY WITH THE BAR DATE................................................................................... 5

II.    MOVANTS CANNOT MEET THE STANDARD FOR DEEMING THEIR LIFT STAY MOTION AN INFORMAL PROOF OF CLAIM ............................................................. 8

CONCLUSION............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

## **CASES**

*In re Best Prods. Co., Inc.*,
    140 B.R. 353 (Bankr. S.D.N.Y. 1992) ................................................................................5

*In re Dana Corp.*,
    No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241
    (Bankr. S.D.N.Y. July 23, 2008) ..............................................................................6, 7, 9, 11

*In re Enron Corp.*,
    419 F.3d 115 (2d Cir. 2005) .................................................................................................6

*In re Enron Corp.*,
    370 B.R. 90 (Bankr. S.D.N.Y. 2007) ....................................................................................9

*In re Fink*,
    366 B.R. 870 (Bankr. N.D. Ind. 2007) .................................................................................9

*First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
    937 F.2d 833 (2d Cir. 1991) .................................................................................................5

*In re Glick*,
    136 B.R. 654 (Bankr. W.D. Va. 1991) .................................................................................9

*Hoos & Co. v. Dynamics Corp. of Am.*,
    570 F.2d 433 (2d Cir. 1978) .................................................................................................5

*In re Int'l Horizons, Inc.*,
    751 F.2d 1213 (11th Cir. 1985) ............................................................................................9

*In re Mitchell*,
    82 B.R. 583 (Bankr. W.D. Okl. 1988) ...............................................................................10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'Ship.*,
    507 U.S. 380 (1993) .........................................................................................................6, 7

*In re Pizza of Hawaii*,
    761 F.2d 1374 (9th Cir. 1985) ......................................................................................11, 12

*In re Sambo's Restaurants, Inc.*,
    754 F.2d 811 (9th Cir. 1985) ..............................................................................................12

*In re Wigoda*,
    234 B.R. 413 (Bankr. N.D. Ill. 1999) ..................................................................................7

*Wilkens v. Simon Brothers, Inc.*,
    731 F.2d 462 (7th Cir. 1984) ...................................................................................9, 11

**STATUTES**

Fed. R. Bankr. P. 9006(b)(1)..............................................................................................5

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the Motion of Sang Chul Lee and Dukson Lee ("**Movants**") to Allow Late Claim Filed to be Deemed Timely Filed [Docket No. 5328] (the "**Claim Motion**").  In support hereof the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. The Movants' Claim Motion seeks an order from this Court stating that a $40 million proof of claim filed three months after the bar date constitutes a timely filed proof of claim.  Despite being served with multiple copies of the bar date notice, Movants argue that they failed to file a timely claim as a result of excusable neglect.  In the alternative, Movants argue that a motion for relief from the automatic stay which the Movants filed in July 2009 seeking to proceed with the prepetition lawsuit underlying their late claim should be deemed an informal proof of claim.  Both of Movants' arguments fail and the Claim Motion should be denied.

2. The sole reason the Movants articulate for their failure to file a timely proof of claim is that the Movants' counsel failed to notice the e-mail from the Court's electronic case notification system regarding the bar date.  Movants' counsel was served with notice of the bar date at its current and former address and Movants' counsel has demonstrated a familiarity with the bankruptcy process through its several filings in these chapter 11 cases such that Movants' counsel should have realized the significance of the

bar date notice. As the United States Supreme Court has held, counsel's inadvertence in failing to file a timely proof of claim does not constitute excusable neglect.

3. Likewise, Movants' motion for relief from the automatic stay does not satisfy established precedent for what constitutes an informal proof of claim because it does not state a claim amount and it does not explicitly state an intent to share in a distribution of the estate's assets through the bankruptcy process. To allow a $40 million late filed claim or an informal proof of claim under these circumstances would prejudice the tens of thousands of creditors that timely filed proofs of claim. More importantly, this would set a dangerous precedent by subjecting these estates to a potential onslaught of similar motions thereby imposing significant additional administrative costs as well as potentially substantially delaying the ability to consummate a plan and begin making distributions to holders of allowed claims. Further, allowing such a large claim at this late stage would prejudice the estates by exposing them to similar motions seeking to file late claims and would interrupt the progress the Debtors have made over the last several months in reviewing and responding to the timely filed claims. Accordingly, the Claim Motion should be denied.

## BACKGROUND

**The Arizona Action**

4. On May 18, 2005 Movants filed a personal injury and wrongful death action against MLC, Alamo Rent a Car ("**Alamo**"), and Hong-Jun Jeon in the Superior Court of the State of Arizona in and for the County of Coconino (the "**Arizona Action**"). The Arizona Action alleges that MLC produced a defective car partly responsible for the death of Movants' adult daughter, Jin Ah Lee, in an automobile accident on June 1, 2003.

The Arizona Action is one of hundreds of products liability actions that were pending against the Debtors at the time these chapter 11 cases were commenced.

5. The Arizona Action is in its initial discovery phase. It is the Debtors' understanding that no expert depositions have been taken, no trial date has been set, and as of the last status conference in the case, Mr. Jeon, the defendant driver of the relevant vehicle, could not be located.

**The Chapter 11 Cases**

6. On June 1, 2009, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The commencement of these chapter 11 cases triggered the automatic stay of all litigation pending against the Debtors pursuant to section 362 of the Bankruptcy Code.

7. On July 2, 2009, Movants filed a Motion for Relief from Stay [Docket No. 3023] (the "**Lift Stay Motion**") seeking relief from the automatic stay to continue the Arizona Action. The Debtors filed their opposition to the Lift Stay Motion on July 29, 2009 [Docket No. 3485] (the "**Opposition**"). Counsel for the Movants subsequently sought seven further adjournments of the hearing on the Lift Stay Motion and filed a Reply to the Debtors' Opposition on March 22, 2010 [Docket No. 5330], nearly eight months after the Debtors filed their Opposition.

8. On July 5, 2009, this Court entered an Order [Docket No. 2968] (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement.

9.  On July 9, 2009, Movants' Counsel filed a Notice of Appeal of the Sale Order on behalf of Movants [Docket No. 3060] and on August 25, 2009, Movants' Counsel filed the Designation of Items to be Included in the Record on Appeal and Statement of Issues to be Presented [Docket No. 3886].

10. On September 16, 2009, this Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim based on any prepetition claims against the Debtors [Docket No. 4079]. The Bar Date Order states that any party that fails to file a proof of claim on or before the bar date shall be forever barred, estopped and enjoined from asserting such claims against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such claim.

11. As indicated in the Declaration of Carrianne Basler (the "**Basler Declaration**") filed with this Court on February 25, 2010 and Exhibit A thereto [Docket No. 5060], the court-appointed claims agent in these chapter 11 cases served notice of the bar date and a proof of claim form (collectively, the "**Bar Date Package**") on Sang Chul Lee, Dukson Lee, Jin Ah Lee, and the Kimm Law Firm between September 24 and September 26, 2009. As indicated on Exhibit A to the Basler Declaration, the Kimm Law Firm was served with at least three Bar Date Packages on behalf of the Movants, including one to 41B Bancker Street, Englewood, NJ 07631, the address from which Movants' counsel filed the Lift Stay Motion and two to 41W Bancker Street, Englewood, NJ 07631, the address from which Movants' counsel filed the instant Claim Motion.

12. As of the morning of February 22, 2010, Movants had not filed a proof of claim in these chapter 11 cases nor had a claim been filed on their behalf. Counsel for

4

the Debtors communicated this fact to Movants' counsel on February 22, 2010. Movants then filed a proof of claim on February 22, 2010, for $40 million.

   13. One month later, on March 22, 2010, Movants filed the Claim Motion seeking leave to file a late proof of claim or in the alternative to deem the Lift Stay Motion an informal proof of claim.

## ARGUMENT

### I. THE BAR DATE IS AN INTEGRAL PART OF REORGANIZATION AND MOVANTS CANNOT ESTABLISH EXCUSABLE NEGLECT FOR FAILING TO COMPLY WITH THE BAR DATE

   14. A proof of claim bar date "does not 'function merely as a procedural gauntlet,' but as an integral part of the reorganization process." *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)* 937 F.2d 833, 840 (2d Cir. 1991). Requirements for timely filing proofs of claim are intended to promote finality in bankruptcy proceedings. *Hoos & Co. v. Dynamics Corp. of Am.*, 570 F.2d 433, 439 (2d Cir. 1978). The bar date is strictly enforced. *Id.* "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *In re Hooker Invs. Inc.*, 937 F.2d at 840. After passage of the bar date, a claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a timely proof of claim. *In re Best Prods. Co., Inc.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992).

   15. Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), a Bankruptcy Judge has discretion to allow a late-filed proof of claim "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The movant bears

the burden of establishing excusable neglect. *In re Enron Corp.*, 419 F. 3d 115, 121 (2d Cir. 2005). Courts weigh four factors in determining whether to allow a late-filed claim:

1. the danger of prejudice to the debtor;
2. the length of the delay and its potential impact on judicial proceedings;
3. the reason for the delay, including whether it was within the reasonable control of the movant; and
4. whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'Ship.*, 507 U.S. 380, 395 (1993). The Second Circuit has endorsed a "hard line" approach in applying the *Pioneer* factors and has noted that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Enron*, 419 F.3d at 123.

16.     Under the *Pioneer* test, the most important factor is the third, the reason for the delay in filing a proof of claim. *Id*. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. "Oversight on the part of Movant's state court attorney does not amount to excusable neglect." *In re Dana Corp.*, No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241, at *12 (Bankr. S.D.N.Y. July 23, 2008) (disallowing late proof of claim where Movant and his attorney had actual notice of the bankruptcy despite their arguments that they had not received a proof of claim and where movant and his counsel had participated in the bankruptcy case by filing a lift stay motion which demonstrated knowledge of bankruptcy law). Likewise in *Pioneer* the United State Supreme Court noted that:

6

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of the all facts, notice of which can be charged upon the attorney.

*Pioneer*, 507 U.S. at 397 (internal citations and quotations omitted).

17. In *Dana Corp.*, this Court further noted that "permitting the Movant to pursue his claim at this late juncture would be unfair to those claimants and the many thousands of claimants who respected the Bar Date and would potentially open a floodgate of other late claimants seeking the same relief." 2008 Bankr. LEXIS, at \*\*16-17; *see also In re Enron Corp.*, 419 F.3d at 130 (recognizing the potential of a "flood of similar claims" as a factor in analyzing prejudice to the debtor in excusable neglect cases); *In re Wigoda*, 234 B.R. 413, 416-17 (Bankr. N.D. Ill. 1999) ("Allowing the adversary complaint to serve as an informal proof of claim and granting leave to amend would prejudice the creditors of the estate by reducing the dividend from the estate.")

18. Consistent with the foregoing established precedent, this Court should deny the Movants' request to deem their late filed proof of claim timely. The sole reason for the delay articulated by Movants is that Movants' counsel did not notice "the email about the claims bar date." (Claim Mot. at 3; *see also* Claim Mot. at 6). As established by this Court and others, oversight by Movants' counsel simply does not constitute excusable neglect. *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at \*12. Movants and their counsel were served in total with 15 Bar Date Packages. Of these Bar Date Packages, at least two were served on Movants' Counsel at their current location of 41W Bancker Street, Englewood, NJ (*See* Claim Mot. at 3.) and one was served on Movants'

7

counsel at 41B Bancker Street, Englewood, NJ, the address from which Movants' counsel filed the Lift Stay Motion.

19. Further, Movants' counsel has actively participated in these chapter 11 cases and has demonstrated familiarity with bankruptcy law as evidenced by their several filings in these chapter 11 cases, including the Lift Stay Motion, two notices of appearance for attorneys for Movants, an appeal of the Sale Order and related documents in furtherance of the appeal, and the instant Claim Motion. Timely filing a proof of claim is one of the most critical steps a creditor must take to preserve its rights vis-á-vis a Debtor and the bar date notice is a key document of which an attorney with demonstrated familiarity of the bankruptcy process should be aware. Movants' argument that this case is unique due to the thousands of docket entries (Claim Mot. at 6) does not pass muster. The Movants and their counsel can provide no jusitification for the special treatment they are seeking.

20. As recognized by this Court in the *Enron* case, *supra*, to allow Movants to file a late proof of claim under these circumstances would expose the Debtors to a flood of similar motions, with a delay, cost, and diversion of resources attendant thereto.

II. **MOVANTS CANNOT MEET THE STANDARD FOR DEEMING THEIR LIFT STAY MOTION AN INFORMAL PROOF OF CLAIM**

21. Movants contend that the Court should deem their Lift Stay Motion an informal proof of claim (Claim Mot. at 3). This argument must fail, however, because the Movants cannot meet the standard for an informal proof of claim. As Movants correctly note, for a filing to qualify as an informal proof of claim, the filing must meet the following four criteria:

8

1. Have been timely filed with the bankruptcy court and have become part of the judicial record;
2. state the existence and the nature of the debt;
3. state the amount of the claim against the estate; and
4. evidence the creditor's intent to hold the debtor liable for the debt.

*In re Enron Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007). "Mere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper, timely proof where the law requires." *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985); *see also Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 465 (7th Cir. 1984) (a debtor's "[m]ere knowledge of the existence of the claim . . . is insufficient.") The purported informal proof of claim must assert "an intent to share in a distribution of [the estate's] assets." *In re Fink*, 366 B.R. 870, 878 (Bankr. N.D. Ind. 2007). "[C]ourts which have allowed the amendment of a previously filed informal proof of claim uniformly require that the proof of claim *explicitly* demonstrate the creditor's demand and the intention of the creditor to hold the bankruptcy estate liable for the scheduled debt." *In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991) (emphasis in original).

22. Many courts have held that where a lift stay motion fails to set forth an intent to seek recovery from the debtor's estate, it will not constitute an informal proof of claim. *See, e.g.*, *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at **6-7 (finding a lift stay motion did not constitute an informal proof of claim where, as here, the motion expressly disclaimed any recovery against the debtors and purported to limit recovery to liability insurance); *In re Glick*, 136 B.R. at 657 (finding a lift stay motion did not constitute an

9

informal proof of claim because the creditor did not state in its motion that the debtor was obligated to pay the anticipated deficiency between the amount owed to the creditor and the value of the collateral held by the creditor); *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okl. 1988) (finding that motion to lift stay did not amount to informal proof of claim even though it set forth the nature of the claim and the amount, because it indicated an intent to have property abandoned from the estate and did not indicate an "intent to seek any distribution from the estate.").

23.    The Movants' Lift Stay Motion does not satisfy the foregoing requirements for an informal proof of claim because it does not state a claim amount and it does not explicitly demonstrate the Movants' intention to hold the Debtors' estates liable for Movants' claims. It is indisputable that a claim amount is not stated anywhere in the Lift Stay Motion. Contrary to Movants' contention in the Claim Motion, the Lift Stay Motion does not incorporate the Arizona Action by reference (*See* Claim Mot. at 4). While the Lift Stay Motion recites the facts underlying the Arizona Action, it does not expressly incorporate the Complaint or any other documents in the Arizona Action by reference. The Lift Stay Motion does not attach any documents from the Arizona Action as exhibits, nor do any of the other filings Movants have made with this Court, except for Movants' counsel's declaration filed on March 22, 2010 in support of the instant Claim Motion. In fact, the Complaint in the Arizona Action does not state a definitive claim amount, it merely states that the Movant seeks appropriate compensatory and punitive damages "in a sum exceeding $20 million against defendants Alamo and GM, individually and jointly and severally; and appropriate costs and attorney's fees; and any other relief the Court deems just and proper under the circumstances." As noted above, a

debtor's "[m]ere knowledge of the existence of the claim . . . is insufficient" to waive the requirement that an actual proof of claim be timely filed. *Wilkens*, 731 F.2d at 465.

24.     These facts are highly similar to those in *In re Dana Corp.*, *supra*, in which the movant filed a motion for relief from the stay to proceed with his state court personal injury action, but the motion "specifically disclaimed any intent to seek recovery from the Debtors' estates instead limiting recovery to the Debtors' available liability insurance." 2008 Bankr. LEXIS 2241, at *2. Under such circumstances, this Court denied the movant's request to deem the movant's lift stay motion an informal proof of claim. 2008 Bankr. LEXIS 2241, at *12 (disallowing late filed claim where Movants and their counsel had been sent notice of the bar date despite arguments they were not aware of the bar date, where Movants had actively participated in the bankruptcy by filing a lift stay motion, where the lift stay motion sought to proceed against insurance, and where allowing a late claim would prejudice the thousands of claims timely filed against the debtors). Accordingly, this Court too should deny Movants' Claim Motion.

25.     Movants only cite two cases in which filings related to a prepetition lawsuit have been deemed an informal proof of claim and both cases are distinguishable 1985 opinions from the Ninth Circuit. (*See* Claim Mot. at 3 *citing In re Pizza of Hawaii*, 761 F.2d 1374, 1382 (9th Cir. 1985) and *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir. 1985)). In *In re Pizza*, the movant filed a motion to lift the stay seeking to join the debtor as a defendant in a prepetition District Court action. The lift stay motion was denied, but the debtors subsequently sought to intervene in the District Court action and had the action transferred into their bankruptcy case as an adversary proceeding because of the debtors' argument that the case affected the debtors' estate. *Pizza*, 761

11

F.2d at 1375. The Ninth Circuit held that the documents the creditor filed in the bankruptcy case while the civil case was pending in that court, together with the creditor's active participation in the bankruptcy case, constituted an amendable informal proof of claim. *Id.* at 1376. The *Pizza* Court noted that the lift stay motion had included an exhibit detailing a precise dollar figure down to the penny for the contingent amount of the claim and the precise bases for such claim. *Id.* The Court further reasoned that "[b]ecause the bankruptcy court had jurisdiction over the adversary action for many months, all parties to the bankruptcy were well in-formed of its nature and scope." 761 F.2d at 1381. These circumstances do not exist here.

26.     Similarly, in Sambo's, the debtor and the creditor joined in a motion to transfer the creditor's wrongful death action from the District Court in which it had been filed, to the debtors' bankruptcy court where it could proceed as an adversary proceeding. Sambo's, 754 F.2d at 812. The Ninth Circuit found that the creditor's complaint, together with her correspondence and her joint motion with the debtors to transfer the case to the bankruptcy court, constituted an informal proof of claim because the creditor's complaint set forth the nature and amount of the claim, and the creditor's joint motion with the debtor to transfer the claim to the bankruptcy court evidenced the creditor's intent to hold the estate liable. Sambo's, 754 F.2d at 815. Such circumstances similarly are not present here.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court deny the Claim Motion and the relief requested therein.

Dated:  April 1, 2010
       New York, New York

                        /s/ Stephen Karotkin
                        Harvey R. Miller
                        Stephen Karotkin
                        Joseph H. Smolinsky

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone:  (212) 310-8000
                        Facsimile:   (212) 310-8007

                        Attorneys for Debtors and
                        Debtors in Possession