## McMullen, Austin L

**From:** McMullen, Austin L
**Sent:** Wednesday, August 05, 2009 9:55 PM
**To:** 'Adams, Daniel N.'
**Subject:** Attorney's fees issue

Daniel -- I have reviewed the In re Child World, Inc. case that you sent. I note that in that case, the debtor objected to the amount of the landlord's attorney's fees, however, the objection was only for attorney's fees "other than those 'incurred in enforcing the rental, tax and common area maintenance provisions of the Lease incurred from the petition date through September 21, 1992.'" Child World at **12. "Child Word concedes that attorneys' fees are due and owing for enforcement of the Lease provisions during the underlying period from the petition date to September 21, 1992." Id. The fees that Knowledge Learning Corporation has incurred in this case, which total slightly more than $6,800, have been in its effort to enforce the rental, tax and common area maintenance provisions of the lease -- i.e. trying to collect what it is owed in the case. Also, attorney's fees have been allowed in numerous other cases -- e.g. In re Westview 74th Street Drug Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986); In re Shangra-La, Inc., 167 F.3d 843 (4th Cir. 1999). Accordingly, Knowledge Learning Corporation's inclusion of attorney's fees in the cure amount is appropriate. However, in a good faith effort to resolve this matter amicably, Knowledge Learning Corporation has authorized me to resolve this issue through an agreement that $5,000 of the attorney's fees will be allowed as a component of the cure amount. Please let me know as soon as possible if this resolution is acceptable to your client. Thank you, -- Austin

Austin L. McMullen
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203-0025
AMcMullen@BABC.com
direct: (615) 252-2307
fax: (615) 252-6307
www.BABC.com

2/5/2010