## McMullen, Austin L

| | |
|---|---|
| **From:** | Adams, Daniel N. [DAdams@honigman.com] |
| **Sent:** | Thursday, August 06, 2009 7:29 AM |
| **To:** | McMullen, Austin L |
| **Subject:** | RE: Attorney's fees issue |

Austin:

I understand that a counterparty may generally seek to collect attorney's fees against the Debtor. Here, however, my understanding is that Knowledge Learning's claim for attorney's fees in its cure amount arises solely from a breach of section 25.1.3 of the sublease. Under *Child World*, this is an unenforceable ipso facto clause, a breach of which cannot not give rise to a cure claim for attorney's fees.

If there has been a default under another provision of the sublease that would give rise to a claim for attorney's fees under section 25.2 of the sublease, please describe it, and I'll confirm with my client.

Dan

---

**From:** McMullen, Austin L [mailto:AMcMullen@BABC.COM]
**Sent:** Wednesday, August 05, 2009 10:55 PM
**To:** Adams, Daniel N.
**Subject:** Attorney's fees issue

Daniel -- I have reviewed the In re Child World, Inc. case that you sent. I note that in that case, the debtor objected to the amount of the landlord's attorney's fees, however, the objection was only for attorney's fees "other than those 'incurred in enforcing the rental, tax and common area maintenance provisions of the Lease incurred from the petition date through September 21, 1992.'" Child World at **12. "Child Word concedes that attorneys' fees are due and owing for enforcement of the Lease provisions during the underlying period from the petition date to September 21, 1992." Id. The fees that Knowledge Learning Corporation has incurred in this case, which total slightly more than $6,800, have been in its effort to enforce the rental, tax and common area maintenance provisions of the lease -- i.e. trying to collect what it is owed in the case. Also, attorney's fees have been allowed in numerous other cases -- e.g. In re Westview 74th Street Drug Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986); In re Shangra-La, Inc., 167 F.3d 843 (4th Cir. 1999). Accordingly, Knowledge Learning Corporation's inclusion of attorney's fees in the cure amount is appropriate. However, in a good faith effort to resolve this matter amicably, Knowledge Learning Corporation has authorized me to resolve this issue through an agreement that $5,000 of the attorney's fees will be allowed as a component of the cure amount. Please let me know as soon as possible if this resolution is acceptable to your client. Thank you, -- Austin

Austin L. McMullen
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203-0025
AMcMullen@BABC.com
direct: (615) 252-2307
fax: (615) 252-6307
www.BABC.com

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may also be privileged. If you are not the named recipient, please

2/5/2010

notify the sender immediately and delete the contents of this message without disclosing the contents to anyone, using them for any purpose, or
storing or copying the information on any medium.

*****************************************************************

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the Internal Revenue
Service, we inform you that any U.S. federal tax advice contained in this communication (including any
attachments) was not intended or written to be used, and cannot be used, by any person for the purpose
of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any
transaction or matter addressed in this communication.
*****************************************************************
Confidential: This electronic message and all contents contain information from the law firm of
Honigman Miller Schwartz and Cohn LLP which may be privileged, confidential or otherwise protected
from disclosure. The information is intended to be for the addressee only. If you are not the addressee,
any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have
received this electronic message in error, please notify us immediately (313.465.7000) and destroy the
original message and all copies.
*****************************************************************

2/5/2010