## McMullen, Austin L

| From: | McMullen, Austin L |
|---|---|
| Sent: | Thursday, August 06, 2009 8:05 AM |
| To: | 'Adams, Daniel N.' |
| Subject: | RE: Attorney's fees issue |
| Attachments: | 301662 GM Tution Subsidy P5 09 Invoice #5436-r.pdf; 301662 GM Tution Subsidy P6 & 2nd Qtr 09 Invoice #5437-r.pdf; 301662 GM Tution Subsidy P4 09 Invoice #5435-r.pdf; GM Reconciliation-Kinder Care (CCLC)-r.xls |

Dan,

Knowledge Learning Corporation's claim for attorney's fees does not arise solely from the breach of section 25.1.3 of the lease, as you assert. It also arises from your client's default under section 25.1.1 and probably under 25.1.4. There may be other defaults, and this isn't meant to be an exhaustive listing. As you can see from the attached invoices and reconciliation, which have been sent and re-sent to your client, your client has failed to pay sums within ten days of when they were due, which is a default under section 25.1.1. The attorney's fees that Knowledge Learning Corporation has incurred have been the direct result of your client's failure to pay what it legitimately owes. Also, although I have not kept up with the exact dates on which the Spring Hill facility has been closed, I think it has probably been closed for more than four consecutive weeks, which is a default under 25.1.4. Accordingly, your client has no valid basis for objecting to this claim. Indeed, I have trouble understanding why your client continues to haggle about $6,800, while running up untold millions of dollars in fees itself, financed, sooner or later, by the taxpayers of this country. Is this really the wisest use of resources? Am I to assume by your latest email that your client is unwilling to accept Knowledge Learning Corporation's apparently over-generous offer to accept $5,000 in attorney's fees to resolve this matter?

---

**From:** Adams, Daniel N. [mailto:DAdams@honigman.com]
**Sent:** Thursday, August 06, 2009 7:29 AM
**To:** McMullen, Austin L
**Subject:** RE: Attorney's fees issue

Austin:

I understand that a counterparty may generally seek to collect attorney's fees against the Debtor. Here, however, my understanding is that Knowledge Learning's claim for attorney's fees in its cure amount arises solely from a breach of section 25.1.3 of the sublease. Under *Child World*, this is an unenforceable ipso facto clause, a breach of which cannot not give rise to a cure claim for attorney's fees.

If there has been a default under another provision of the sublease that would give rise to a claim for attorney's fees under section 25.2 of the sublease, please describe it, and I'll confirm with my client.

Dan

---

**From:** McMullen, Austin L [mailto:AMcMullen@BABC.COM]
**Sent:** Wednesday, August 05, 2009 10:55 PM
**To:** Adams, Daniel N.
**Subject:** Attorney's fees issue

Daniel -- I have reviewed the In re Child World, Inc. case that you sent. I note that in that case, the debtor objected to the amount of the landlord's attorney's fees, however, the objection was only for attorney's fees "other

2/5/2010

than those 'incurred in enforcing the rental, tax and common area maintenance provisions of the Lease incurred from the petition date through September 21, 1992.'" Child World at **12. "Child Word concedes that attorneys' fees are due and owing for enforcement of the Lease provisions during the underlying period from the petition date to September 21, 1992." Id. The fees that Knowledge Learning Corporation has incurred in this case, which total slightly more than $6,800, have been in its effort to enforce the rental, tax and common area maintenance provisions of the lease -- i.e. trying to collect what it is owed in the case. Also, attorney's fees have been allowed in numerous other cases -- e.g. In re Westview 74th Street Drug Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986); In re Shangra-La, Inc., 167 F.3d 843 (4th Cir. 1999). Accordingly, Knowledge Learning Corporation's inclusion of attorney's fees in the cure amount is appropriate. However, in a good faith effort to resolve this matter amicably, Knowledge Learning Corporation has authorized me to resolve this issue through an agreement that $5,000 of the attorney's fees will be allowed as a component of the cure amount. Please let me know as soon as possible if this resolution is acceptable to your client. Thank you, -- Austin

Austin L. McMullen
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203-0025
AMcMullen@BABC.com
direct: (615) 252-2307
fax: (615) 252-6307
www.BABC.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may also be privileged. If you are not the named recipient, please notify the sender immediately and delete the contents of this message without disclosing the contents to anyone, using them for any purpose, or storing or copying the information on any medium.

*****************************************************************
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.
*****************************************************************
Confidential: This electronic message and all contents contain information from the law firm of Honigman Miller Schwartz and Cohn LLP which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately (313.465.7000) and destroy the original message and all copies.
*****************************************************************

2/5/2010