Honorable Judge Robert E. Gerber                               March 18, 2010
One Bowling Green
New York'N.Y. 10004-1408
Court Room 621

    Dear Judge Gerber on March 08,2010 I advised you by written letter that I have a Valid claim against General Motors for a $100,000.A bond that I purchased from them on 12/21/06.The purchasing agent was Morgan Stanley.I have enclosed for your review the transaction confirmation document issued to me by Morgan Stanley and a copy of the Proof of Claim Form filed with the United States Bankruptcy Court For The Southern District of New York. for me by Morgan Stanley. I have been told on many occasions by Morgan Stanley that the filing of my claim has met all documentation requirements needed to validate my claim.

    I request that you issue me a letter confirming that you have not disallowed and expunged my claim.

    I know that you would not make a decision based on erroneous information.

    Thank you for your consideration in this matter.

Robert Amadio
434 Ramsey RD.
Yardley, PA 19067 215-493-3102

C.C. a) Courtroom Deputy, Helene Blum

    b) Senior Vice President
   Michael Cifelli
    1601 NEW Road
   Northfield, N.J. 08225 609-383-2000

Encl 1.). Copy Proof of Claim filed with The United States Bankruptcy Court for the Southern District OF New York.

    2.) Confirmation Document issued by Morgan Stanley

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM**

Name of Debtor (Check Only One):
☒ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

Case No.
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): MS&CO C/F

Name and address where notices should be sent:
MS&CO C/F
ROBERT AMADIO
IRA STANDARD DATED 11/10/03
434 RAMSEY RD
YARDLEY, PA 19067-4639

Telephone number: (215) 493-3102
Email Address:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 23420
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009: $ 100,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: _____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date: 3/25/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Robert Amadio - Robert Amadio - 434 Ramsey Rd, Yardley PA 19067  215-493-3102

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

# Morgan Stanley

*This transaction is confirmed in accordance with the explanations and conditions stated on the reverse side.*

Exchange Code: 8
Execution Code: E
Your Account Number: 605-018989-0-045

Cash Account
IRA Standard
Dated 11/10/03

ROBERT AMADIO
434 RAMSEY RD
YARDLEY, PA 19067-4639

Your Financial Advisor
MICHAEL CIFELLI
1601 NEW ROAD 1ST FLOOR
NORTHFIELD, NJ    08225
(609) 383-2000

## You Bought
Trade Date 12/21/06 for Settlement on 12/27/06

| Quantity | Price | Settlement Amount |
|---|---|---|
| 100,000 | 94.356 | |

Description:
GENERAL MOTORS
MATURES 07/15/2023      COUPON 8.25% FIXED
COUPON PAYABLE SEMI-ANNUALLY ON JANUARY AND JULY 15th
ISSUE DATE 07/03/2003      FIRST COUPON DATE 01/15/2004

YIELD TO MATURITY    8.907%
THE CREDIT RATINGS PRINTED BELOW REFLECT THE RATINGS AT THE
CLOSE-OF-BUSINESS ON 12/21/06 AND ARE SUBJECT TO CHANGE.
  S&P RATING: B-
  MOODY'S RATING: CAA1
"MAKE WHOLE" OPTIONAL REDEMPTION FEATURES EXIST THAT
MAY AFFECT YIELD; COMPLETE INFORMATION WILL BE
PROVIDED UPON REQUEST.

| | |
|---|---|
| Principal | $94,356.00 |
| Processing Fee | 5.25 |
| Interest | 3,712.50 |
| Net Amount | $98,073.75 |

Security No. 370442BW4

Investment and services are offered through Morgan Stanley DW Inc., member SIPC

## CODES, ABBREVIATIONS AND EXPLANATIONS

**EXCHANGE WHERE EXECUTED**
1. New York Stock Exchange
2. Pacific Stock Exchange
3. Philadelphia Stock Exchange
4. Midwest Stock Exchange
5. American Stock Exchange
6. Other Markets
7. Over the Counter
8. Morgan Stanley DW Inc. as principal which may result in a profit to Morgan Stanley DW Inc.

**EXECUTION CODE**
1, 2, 3, 4, 5, 9, F, L, P, T, V OR W: As agent we have bought or sold for your account
6: As agent for another we have sold to you or bought from you
7, C, E, G, N, OR S: As principal we sold to you or bought from you for our own account
8 OR U: Prospectus/Official Statement
A, B, C, X, Y, OR Z: Primary and Secondary Unit Trust or listed and OTC when issued Securities
K: Precious Metals
M, R: Mutual Funds

**COMBINED EXCHANGE AND EXECUTION CODES FOR OPTIONS ONLY:**

*ALL TRADES DONE AS AGENT*

17 — International Securities Exchange
27, 2Z — Pacific Stock Exchange
37, 3Z — Philadelphia Stock Exchange
47, 4Z — Chicago Board Options Exchange
57, 5Z — American Stock Exchange
67, 6Z — Boston Stock Exchange
7W, 7Y, 7Z — Exercise and Assignment

**OTHER ABBREVIATIONS**
ELTR — Estimated Long Term Return
CR — Current Return
PV — Par Value

**FINAL PROSPECTUS AVAILABLE**
Indicates that these securities are being sold pursuant to an SEC registration statement or where a prospectus is otherwise required. For assistance obtaining a copy of the final prospectus relating to these securities, you may contact us at 800-584-6837.

## CHARGES AND FEES

**CHARGE** — Represents the markup/down from the wholesaler's or dealer's price.
**TRANS FEE** — Represents a pass through of exchange floor, brokerage and clearing expenses incurred by Morgan Stanley DW Inc. for this transaction.
**FSCF** — Represents a pass through of Foreign Securities clearance fees incurred by Morgan Stanley DW Inc. for this transaction.
**SUPPLEMENTAL TRANSACTION FEE** — Represents fee to offset additional expenses associated with processing certain transactions.
**PROCESSING FEE** — Represents processing charges for certain executed orders.
**CDSC** — Represents Contingent Deferred Sales Charge.
**DSC** — Represents Deferred Sales Charge.
**ER FEE** — Represents Early Redemption Fee. For No Transaction Fee (NTF) no-load mutual fund purchases, Morgan Stanley DW Inc. requires a minimum holding period of at least 90 days. NTF no-load funds redeemed or exchanged prior to 90 days will be subject to a Morgan Stanley DW Inc. imposed short-term redemption fee. You can choose to transact in the shares directly with the fund itself or its principal underwriter or distributor without being subject to a Morgan Stanley short-term redemption fee.
**MF TRANS FEE** — Represents Mutual Fund Transaction Fee, if applicable, as charged by Morgan Stanley DW Inc. You can choose to transact in the shares directly with the fund itself or its principal underwriter or distributor without paying the Transaction Fee.

## BACKUP WITHHOLDING

Under Federal Income Tax Law, the customer is required to provide Morgan Stanley DW Inc. with a certification of the customer's Social Security or Taxpayer Identification Number. In the absence of such certification, Morgan Stanley DW Inc. is required to withhold taxes from the proceeds of sales at the current withholding rate.

## GROSS PROCEEDS

If the transaction being confirmed is a sale or a redemption, this information will be furnished to the Internal Revenue Service.

## CONDITIONS

**IT IS AGREED THAT**

All transactions are subject to the rules, regulations, requirements and customs of the exchange or market (and its clearing agency, if any) where executed, the regulations of the Federal Reserve Board and the Securities and Exchange Commission.

Payment for securities purchased must be received by us no later than the Settlement Date indicated on the reverse side hereof. Payments not received by Settlement Date may be subject to late payment fees.

Securities held in margin accounts or purchased but not yet paid for in cash accounts may be hypothecated by Morgan Stanley DW Inc. under circumstances which will permit the commingling thereof with securities of other clients.

Securities sold "long" must be on deposit in your account or delivered to us by Settlement Date.

Morgan Stanley DW Inc. will furnish, upon written request, the date and time when the transaction took place, the name of the other party to the transaction and the source and amount of any other remuneration received or to be received by us in connection with the transaction.

When Morgan Stanley DW Inc. is acting as principal in a reported security, the price shown is the reported trade price made in accordance with the last sale reporting requirements.

Debt securities may be redeemed in whole or in part before maturity, and such a redemption could affect any yield represented in this trade confirmation. Additional information is available upon request.

Credit rating(s), if any, contained on this trade confirmation were provided by an unaffiliated third party. In some instances, the credit rating shown is based on the issuer's credit ranking and not the credit rating of the specific security purchased or sold. For an explanation of credit ratings for bonds, please see http://www.morganstanleyindividual.com/markets/bondcenter/school/credit/default.asp, or request a copy from your Financial Advisor.

Insurance trades are subject to carrier underwriting approval.

Any inquiries regarding this transaction should be made by using the telephone number provided on the reverse side.

This transaction is conclusive and binding if not objected to in writing within five days of receiving this trade confirmation.

All Good Till Cancelled (GTC) orders will expire 90 calendar days from the day they reach the market place. Until expiration, all open orders are considered good until cancelled by you or executed by us. When entering a substitute order or changing an existing order, the responsibility for canceling the original order rests upon the customer. Therefore, if a customer fails to cancel an existing order, transactions resulting from the execution of both the original and new order(s) will be entered in the customer's account.

This agreement shall inure to the benefit of any successor or assignee of Morgan Stanley DW Inc.

**Morgan Stanley**

#MS910 (12/06)