**Presentment Date and Time:  April 16, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline:  April 16, 2010 at 11:30 a.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
                                    )
In re                               )      Chapter 11
                                    )
MOTORS LIQUIDATION COMPANY, et al., )      Case No. 09-50026 (REG)
                                    )
    f/k/a General Motors Corp., et al.  )
                                    )
                        Debtors.    )      (Jointly Administered)
-------------------------------------------------------------X
```

## NOTICE OF PRESENTMENT OF ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS PROPOSED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY ANALYSIS, RESEARCH & PLANNING CORPORATION AS HIS ASBESTOS CLAIMS VALUATION CONSULTANT AS OF MARCH 1, 2010

PLEASE TAKE NOTICE that upon the annexed Application, dated April 2, 2010 (the "**Application**"), of Dean M. Trafelet as proposed legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**") to employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant, as his counsel as of March 1, 2010, all as more fully set forth in the

Application, the Future Claimants' Representative will present the attached

proposed order to the Honorable Robert E. Gerber, United States Bankruptcy

Judge, for signature on **April 16, 2010 at 12:00 noon (Eastern Time)**, or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Application must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk,

preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format (with a hard copy delivered directly to

Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and

on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue,

New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,

and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company,

500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger);

(iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center,

New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312,

Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C.,

attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York,

New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq.; and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y.

86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones,

Esq. and Natalie Kuehler, Esq.); (x) Dean M. Trafelet, 50 West Schiller, Chicago,

Illinois 60610, and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional

Corporation, proposed attorneys for the Future Claimants' Representative, so as to

be received no later than **April 16, 2010, at 11:30 a.m.** (the "**Objection Deadline**").

Unless objections are received by the Objection Deadline, the order may be signed.

Dated:  April 2, 2010
       Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

**Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative
for Future Asbestos Personal Injury
Claimants**

**Presentment Date and Time:  April 16, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline:  April 16, 2010 at 11:30 a.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------X
                                          )
In re                                     )      Chapter 11
                                          )
MOTORS LIQUIDATION COMPANY, et al.,)      Case No. 09-50026 (REG)
                                          )
   f/k/a General Motors Corp., et al.     )
                                          )
                            Debtors.      )      (Jointly Administered)
-------------------------------------------------------X
```

**APPLICATION FOR ORDER AUTHORIZING LEGAL REPRESENTATIVE**
**FOR FUTURE ASBESTOS CLAIMANTS TO RETAIN AND EMPLOY**
**ANALYSIS, RESEARCH & PLANNING CORPORATION**
**AS ASBESTOS CLAIMS VALUATION CONSULTANT AS OF MARCH 1, 2010**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet (the "**Future Claimants' Representative**"), as the proposed

legal representative for holders of future asbestos personal injury claims against the

debtors ("**Future Claimants**") in the above-captioned jointly administered chapter

11 cases, submits this application (the "**Application**") for an order, pursuant to

sections 105, 327 and 1103 of the United States Bankruptcy Code, Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local

Bankruptcy Rule 2014-1, authorizing the Future Claimants' Representative to

retain and employ Analysis, Research & Planning Corporation ("**ARPC**") as his

asbestos claims valuation consultant as of March 1, 2010 and respectfully submits

as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28

U.S.C. § 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Application is subject to the provisions of 11 U.S.C. §§ 105, 327(a),

328 and 1103, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy

Rule 2014-1.

## BACKGROUND

3.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company

(f/k/a General Motors Corporation) ("**MLC**") and several of its affiliates (collectively,

the "**Debtors**") commenced these cases under chapter 11 of the Bankruptcy Code.

4.      MLC has historically incurred some liability for asbestos-related

personal injury claims.  Prior to the Petition Date, a number of lawsuits asserting

asbestos personal injury claims were pending against MLC.

5.      As this Court is aware, due to the long-latency periods associated with

exposure to asbestos containing-products, several or many years can elapse between

the time of exposure and the time an individual manifests an asbestos-related disease. Thus, it is expected that there are individuals who were exposed to asbestos-containing products in the past that have not yet manifested a disease, but may do so in the future. Some of these Future Claimants may have claims against the Debtors, but because they currently do not show symptoms of an asbestos-related disease are not in a position to assert such claims at this time.

6.     Although the Debtors currently contemplate that their chapter 11 plan will not provide for an injunction under 11 U.S.C. § 524(g), the Debtors' plan will provide for a trust to be established for processing, liquidating, deeming allowed or not allowing, and paying present and future asbestos–related personal injury claims.

7.     The Debtors intend that the trust will receive its appropriate ratable share of the consideration to be distributed to allowed prepetition unsecured claims and that the trust will have the sole responsibility to make distributions to Present and Future Claimants.

8.     The Office of the United States Trustee has appointed an Asbestos Committee to represent the interests of holders of current asbestos personal injury claims against the Debtors. The Asbestos Committee and the Future Claimants' Representative will represent the interests of Present Claimants and Future Claimants, respectively, in plan negotiations and in a contested confirmation if relevant issues are not resolved consensually.

9.    The Debtors and the Unsecured Creditors' Committee anticipate that the Future Claimants' Representative and the Asbestos Committee each will retain professionals, including asbestos claims valuation experts, who also will be involved in negotiations with the Debtors, the Unsecured Creditors' Committee and their professionals with respect to the plan and formation and funding of the trust.

10.    Mr. Trafelet seeks to retain ARPC as his asbestos clams valuation consultant to provide statistical analyses and to assess the Debtors' future asbestos personal injury liabilities in these jointly administered chapter 11 cases because of ARPC's extensive experience and knowledge in the field of asbestos consulting. ARPC is a consulting firm that provides analytical services focused on the estimation of claims and the development of claims procedures with regard to payments to be made by claims resolution trusts.  ARPC has performed statistical analyses and/or liability assessments for Western MacArthur, Owens Corning Fiberglass, W.R. Grace & Co., DynCorp, Fuller-Austin Co., Alstom, A-Best, CSX Corporation and Sun Oil.

## RELIEF REQUESTED

11.    By this Application, the Future Claimants' Representative requests entry of an order authorizing him to employ ARPC as his asbestos claims valuation consultant in connection with these jointly administered chapter 11 cases, effective as of March 1, 2010.  A proposed order granting this Application is annexed hereto as **Exhibit "A."**

## BASIS FOR RELIEF REQUESTED

12.    On March 8, 2010, an application was filed with this Court for an order

approving the selection of Dean M. Trafelet as the Future Claimants'

Representative in these jointly administered chapter 11 cases.

13.    Section 327(a) of the Bankruptcy Code provides, in relevant part, as

follows:

> Except as otherwise provided in this section, the trustee, with the
> court's approval, may employ one or more attorneys, accountants,
> appraisers, auctioneers, or other professional persons, that do not hold
> or represent an interest adverse to the estate, and that are
> disinterested persons, to represent or assist the trustee in carrying out
> the trustee's duties under this title.

11 U.S.C. § 327(a).

14.    Further, section 105(a) provides, in relevant part, as follows:

> The court may issue any order, process, or judgment that is necessary
> or appropriate to carry out the provisions of this title.  No provision of
> this title providing for the raising of an issue by a party in interest
> shall be construed to preclude the court from, sua sponte, taking any
> action or making any determination necessary or appropriate to
> enforce or implement court orders or rules, or to prevent an abuse of
> process.

11 U.S.C. § 105(a).

15.    Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants,
> appraisers, auctioneers, agents or other professionals pursuant to §
> 327, § 1103, or § 1114 of the Code shall be made only on application of
> the trustee or committee.  The application shall be filed and … a copy
> of the application shall be transmitted by the applicant to the United
> States trustee.  The application shall state the specific facts showing
> the necessity for the employment, the name of the person to be
> employed, the reasons for the selection, the professional services to be
> rendered, any proposed arrangement for compensation, and, to the

best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

16.    In other chapter 11 cases, legal representatives for future claimants have been authorized to retain claims valuation consultants to assist them in performing their duties in the bankruptcy proceedings.  *See, e.g., In re Quigley Company, Inc.*, Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004); *In re Federal-Mogul Global Inc.*, Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); *In re The Babcock & Wilcox Co.,* Ch. 11 Case No. 00-10992 (Bankr. E.D. La. 2000).

17.    As previously stated, the Future Claimants' Representative seeks to retain ARPC to act as his claims valuation consultant in these jointly administered chapter 11 cases because of ARPC's extensive experience and knowledge in the field of asbestos consulting.  Based on its significant experience in this field, and its familiarity with asbestos-related liability issues, the Future Claimants' Representative is confident that ARPC's retention as claim valuation consultant is in the best interest of the Debtors' estates and their creditors and is also in the best interest of Future Claimants.

## SERVICES TO BE PROVIDED

18.    Subject to further orders of this Court, ARPC will render the following consulting services, among others, to enable the Future Claimants' Representative

6

to fulfill his duties and responsibilities in connection with these jointly administered chapter 11 cases:

a.    Consult with respect to the estimation of the number and value in total and by disease of present and future asbestos related claims;

b.    Develop financial models of the assets of, administration of and payments by a claims resolution trust;

c.    Analyze and respond to issues relating to notice procedures concerning asbestos related claimants and assist in the development of such notice procedures;

d.    Assess proposals made by other parties, including without limitation proposals from the Debtors and the Unsecured Creditors' Committee, the estimation of claims and or the formulation and funding of the trust to be established to pay current and future asbestos personal injury claims;

e.    Assist the Future Claimants' Representative in negotiations with the Debtors and/or other parties in interest regarding the foregoing;

f.    Render expert testimony as required by the Future Claimants' Representative;

g.    Assist the Future Claimants Representative in the preparation of testimony or reports he wishes or is required to make and in the evaluation of reports and testimony by other experts and consultants;

h.    Obtain previously filed public data regarding estimations against other defendants in asbestos related proceedings;

i.    Analyze and evaluate other ongoing asbestos related litigation, including, if necessary, tobacco related litigation; and

j.    Such other advisory services as may be requested by the Future Claimants' Representative from time to time.

19.    ARPC has agreed to provide services to the Future Claimants' Representative in all of these areas at a fee commensurate with its normal hourly rates.  The current hourly rates for ARPC Professionals are:

| Position | Hourly Rate |
|----------|-------------|
| Principals | $450 - $750 |
| Senior Consultants | $350 - $425 |
| Consultants | $225 - $350 |
| Analysts | $150 - $225 |

ARPC intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and order of this Court, including this Court's August 7, 2009 Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**").

20.    ARPC's rates are subject to periodic adjustment, to reflect economic, experience and other similar factors.  It is ARPC's policy to charge its clients for expenses incurred in connection with the client's case.  Permissible reimbursable costs and disbursements shall include, without limitation, the reasonable costs of photocopying, Federal Express or other overnight delivery, telephone, facsimile, messenger, business-class travel, and other customary charges. ARPC will charge for expenses incurred in a manner and at rates consistent with charges made

generally to ARPC's other clients. The Future Claimants' Representative believes that these agreed rates of compensation are reasonable.

21.    ARPC understands that allowance of its fees and expenses in these jointly administered chapter 11 cases will be subject to the requirements of sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Interim Compensation Order.

## ARPC'S DISINTERESTEDNESS

22.    To the best of the Future Claimants' Representative's knowledge, ARPC does not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed by the United States Trustee except as set forth below and in the Declaration of B. Thomas Florence, annexed hereto as **Exhibit "B,"** and is "disinterested," as that term is defined under section 101(14) of the Bankruptcy Code.

23.    ARPC currently assists, has assisted and may continue to assist the following entities in connection with performing (i) assessments of the liabilities facing asbestos personal injury trusts and/or providing claims management consulting services, (ii) liability forecasts of asbestos claims related to bankruptcy and class action proceedings, (iii) statistical analysis and/or liability assessments, and (iv) claim processing studies: Amatex Asbestos Trust; Manville Personal Injury Settlement Trust; Pacor Trust; Fuller-Austin Asbestos Trust; UNR Asbestos-Disease Claims Trust; National Gypsum Corporation Settlement Trust; Celotex

9

Asbestos Settlement Trust; Babcock & Wilcox Asbestos Trust; Armstrong World Industries Asbestos Trust; US Gypsum Asbestos Settlement Trust; Owens-Corning Asbestos Settlement Trust; Federal Mogul Asbestos Trust; DII Asbestos Trust; Kaiser Asbestos Trust; Keene Asbestos Settlement Trust; Plibrico Asbestos Trust; Us Mineral Asbestos Trust; Raytech Asbestos Settlement Trust and the Eagle-Picher Personal Injury Settlement Trust.

24.    In the opinion of the Future Claimants' Representative, the employment of ARPC as his asbestos claims valuation consultant herein is in the best interests of the Debtors, their estate and creditors as well as in the best interests of Future Claimants.

25.    No prior application for relief sought herein has been made to this or any other court.

## NOTICE

Notice of this Application has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 3, 2009 [Docket No. 3629]. The Future Claimants' Representative submits that such notice is sufficient an no further notice need be provided.

**WHEREFORE,** the Future Claimants' Representative requests that the Court enter an order authorizing him to retain and employ Analysis, Research & Planning Corporation as his asbestos claims valuation consultant pursuant to the terms outlined in this Application, and granting such other and further relief as is just.

Dated: April 2, 2010
Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

**Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for
Future Asbestos Personal Injury Claimants**

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                          )
In re                                                     )          Chapter 11
                                                          )
MOTORS LIQUIDATION COMPANY, *et al,*                      )          Case No. 09-50026 (REG)
                                                          )
        f/k/a General Motors Corp., *et al.*              )
                                                          )
                                Debtors.                  )          (Jointly Administered)
-----------------------------------------------------------X

## ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY ANALYSIS, RESEARCH & PLANNING CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT AS OF MARCH 1, 2010

Upon the Application, dated April 2, 2010 (the "**Application**"),[1] of Dean M.

Trafelet as legal representative for future asbestos personal injury claimants (the

"**Future Claimants' Representative**"), pursuant to sections 105(a), 327(a) and 1103

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an

order authorizing the employment of Analysis, Research & Planning Corporation

("ARPC") as Asbestos Claims Valuation Consultant for the Future Claimants'

Representative, effective as March 1, 2010; and upon the Declaration of B. Thomas

Florence, President and a Principal of ARPC, attached to the Application as Exhibit

B (the "**Florence Declaration**"); and the Court being satisfied, based upon the

representations made in the Application and the Florence Declaration, that ARPC

is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

and that ARPC represents no interest adverse to the Debtors' estates with respect
to the matters upon which it is to be engaged; and the Court having jurisdiction to
consider the Application and the relief requested therein in accordance with 28
U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy
Judges for the Southern District of New York Any and All Proceedings Under Title
11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application
and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §
157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and
1409; and due and proper notice of the Application having been provided, and it
appearing that no other or further notice need be provided; and the Court having
found and determined that the relief sought in the Application is in the best
interests of the Debtors, their estates, creditors, and all parties in interest and that
the legal and factual bases set forth in the Application establish just cause for the
relief granted herein; and after due deliberation and sufficient cause appearing
therefore; it is

ORDERED that the Application is granted as provided herein; and it is
further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and
Bankruptcy Rule 2014(a), the Future Claimants' Representative is authorized to
employ and retain ARPC as his asbestos claims valuation consultant in this chapter
11 case in accordance with ARPC's normal hourly rates and disbursement policies,

2

all as contemplated by the Application, effective as of March 1, 2010 is approved;

and it is further

ORDERED that ARPC shall be compensated in accordance with the

standards and procedures set forth in Sections 330 and 331 of the Bankruptcy Code,

the Bankruptcy Rules, and the Order Pursuant to Section 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, entered by this Court on August 7,

2009, or such other orders as may be entered by the Court with respect to

compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein

shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:  New York, New York
        _____, 2010


                                    _____
                                    ROBERT E. GERBER
                                    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT "B"

**Presentment Date and Time:  April 16, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline:  April 16, 2010 at 11:30 a.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Proposed Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                            )
In re                                                       )          Chapter 11
                                                            )
MOTORS LIQUIDATION COMPANY, *et al,* )          Case No. 09-50026 (REG)
                                                            )
    f/k/a General Motors Corp., *et al.*          )
                                                            )
                          Debtors.              )          (Jointly Administered)
-------------------------------------------------------------X

**DECLARATION OF B. THOMAS FLORENCE**
**IN SUPPORT OF THE APPLICATION OF DEAN M. TRAFELET AS PROPOSED**
**LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY**
**CLAIMANTS TO RETAIN AND EMPLOY**
**ANALYSIS, RESEARCH & PLANNING CORPORATION AS HIS**
**ASBESTOS CLAIMS VALUATION CONSULTANT AS OF MARCH 1, 2010**

I, B. Thomas Florence, declare and state the following:

1.      I am the President and a Principal of the firm of Analysis, Research &

Planning Corporation ("ARPC"), which maintains an office at 1220 19th Street, NW,

Suite 700, Washington, D.C. 20036.  I am authorized to execute this declaration (the "**Declaration**") on behalf of ARPC.

2.     This Declaration is being submitted in support of the *Application for Order Authorizing Legal Representative for Future Asbestos Claimants to Retain and Employ Analysis, Research & Planning Corporation  as Claims Evaluation Consultant as of March 1, 2010* (the "**Application**").

3.     I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto.

4.     ARPC is a consulting firm providing analytical services focused on the estimation of claims and the development of claims procedures with regard to payments and assets of a claims resolution trust.  ARPC is well-qualified to serve as the claims evaluation consultant for Dean M. Trafelet, the proposed legal representative for holders of future asbestos personal injury claims (the "**Future Claimants' Representative**"), because, among other things, its members have assisted and advised numerous chapter 11 debtors and creditors in the estimation of the value and number of claims in other reorganizations.

5.     Specifically, ARPC's professionals have been retained by each of the following existing asbestos personal injury trusts to perform assessments of the liabilities facing the trusts and/or provide claims management consulting services: Amatex Asbestos Trust; Manville Personal Injury Settlement Trust; Pacor Trust; Fuller-Austin Asbestos Trust; UNR Asbestos-Disease Claims Trust; National Gypsum Corporation Settlement Trust; Celotex Asbestos Settlement Trust; Babcock

& Wilcox Asbestos Trust; Armstrong World Industries Asbestos Trust; US Gypsum

Asbestos Settlement Trust; Owens-Corning Asbestos Settlement Trust; Federal

Mogul Asbestos Trust; DII Asbestos Trust; Kaiser Asbestos Trust; Keene Asbestos

Settlement Trust; Plibrico Asbestos Trust; US Mineral Asbestos Trust; Raytech

Asbestos Settlement Trust and the Eagle-Picher Personal Injury Settlement Trust.

6.    ARPC will render professional scientific advisory and related services

for the Futures Claimants' Representative as needed throughout the course of the

Chapter 11 Cases, including:

    a.    Consult with respect to the estimation of the number and value
in total and by disease of present and future asbestos related
claims;

    b.    Develop financial models of the assets of, administration of and
payments by a claims resolution trust;

    c.    Analyze and respond to issues relating to notice procedures
concerning asbestos related claimants and assist in the
development of such notice procedures;

    d.    Assess proposals made by other parties, including without
limitation proposals from the Debtors and the Unsecured
Creditors' Committee, the estimation of claims and or the
formulation and funding of the trust to be established to pay
current and future asbestos personal injury claims;

    e.    Assist the Future Claimants' Representative in negotiations
with the Debtors and/or other parties in interest regarding the
foregoing;

    f.    Render expert testimony as required by the Future Claimants'
Representative;

    g.    Assist the Future Claimants' Representative in the preparation
of testimony or reports he wishes or is required to make and in

3

the evaluation of reports and testimony by other experts and consultants;

h.    Obtain previously filed public data regarding estimations against other defendants in asbestos related proceedings;

i.    Analyze and evaluate other ongoing asbestos related litigation, including, if necessary, tobacco related litigation; and

j.    Such other advisory services as may be requested by the Future Claimants' Representative from time to time.

7.    ARPC intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and order of this Court, including this Court's August 7, 2009 Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**").

8.    ARPC's rates are subject to periodic adjustment, to reflect economic, experience and other similar factors.  It is ARPC's policy to charge its clients for expenses incurred in connection with the client's case.  Permissible reimbursable costs and disbursements shall include, without limitation, the reasonable costs of photocopying, Federal Express or other overnight delivery, telephone, facsimile, messenger, business-class travel, and other customary charges. ARPC will charge for expenses incurred in a manner and at rates consistent with charges made generally to ARPC's other clients.

9.      ARPC intends to apply for compensation for professional services rendered in accordance with its normal billing practices.  ARPC understands that its fees and expenses in these chapter 11 proceedings will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, as well as the Interim Compensation Order.  The hourly rates of ARPC professionals currently are in the range of $150 to $750 as set forth in detail in the Application.

10.     No promises have been received by ARPC or any professional thereof as to compensation in connection with these cases other than as outlined in this Declaration and the Application.   In accordance with the provisions of Bankruptcy Rule 2016, ARPC has no agreement with any other entity to share any compensation received by ARPC in connection with these cases.

11.     The terms of ARPC's employment and compensation as described in this Declaration and the Application are consistent with employment and compensation arrangements typically entered into by ARPC when providing such advisory services and are competitive with those arrangements entered into by other advisory firms when rendering comparable services.

12.     To the best of my knowledge, neither ARPC, nor any of its officers or employees has been retained to assist any entity or person other than the Future Claimants' Representative on matters relating to, or in connection with, these chapter 11 cases.  If this Court approves the proposed employment of ARPC by the Future Claimants' Representative, ARPC will not accept any engagement or

perform any service in these chapter 11 cases for any entity or person other than the Future Claimants' Representative.

13.     ARPC will, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtors or otherwise are potential parties in interest in these chapter 11 cases, <u>provided</u> that such services will not relate to, or have any direct connection with, these chapter 11 cases.  ARPC is confident that the representation of such entities in unrelated matters will not affect its representation of the Future Claimants' Representative in these cases.

14.     As described in detail in the Application, ARPC has proved statistical analyses and/or liability assessments for other entities and has assisted and may continue to assist certain entities in connection with performing (i) assessments of the liabilities facing asbestos personal injury trusts and/or providing claims management consulting services, (ii) liability forecasts of asbestos claims related to bankruptcy and class action proceedings, (iii) statistical analysis and/or liability assessments, and (iv) claim processing studies.  ARPC believes that its work for such other parties in other matters has not and will not affect the services it provides to the Future Claimants' Representative in these cases.

15.     To the best of my knowledge, information and belief, neither ARPC nor its officers or employees have or represent any interest materially adverse to the interests of the Future Claimants' Representative, the Future Claimants represented by the Future Claimants' Representative, the Debtors or their estates,

6

and has no material connections to the Debtors or potential parties in interest except as noted above.  Accordingly, I believe that ARPC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that ARPC, its officers and employees:

     a.     are not creditors, equity security holders or insiders of the Debtors;

     b.     are not, and were not, within two (2) years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

     c.     do not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

16.    ARPC will continue to monitor its connections and the connections of its officers and employees to the Debtor, creditors, of any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employ in the Office of the United States Trustee to ensure that no conflicts or disqualifying circumstances exist or arise and will promptly filed supplemental disclosures as needed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of April 2010 in Washington, D.C.

                                   */s/ B. Thomas Florence*
                                    B. Thomas Florence