# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMBUSTION ENGINEERING, INC., | ) | Case No. 03-10495 (JKF) |
| | ) | |
| Debtor. | ) | RE: 370 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GILBERT HEINTZ & RANDOLPH, LLP AS SPECIAL INSURANCE COUNSEL TO DAVID T. AUSTERN AS FUTURE CLAIMANTS' REPRESENTATIVE PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE *NUNC PRO TUNC* AS OF THE PETITION DATE

Upon the application (the "Application") of David T. Austern, the proposed Future Claimants' Representative (the "FCR") in the above-captioned chapter 11 case of Combustion Engineering, Inc. (the "Debtor") for an order pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing the FCR to employ and retain the law firm of Gilbert Heintz & Randolph LLP ("GHR" or "the Firm") as its special insurance counsel as of February 17, 2003 (the "Petition Date"), and upon the Verified Statement of Scott D. Gilbert (the "Verified Statement"), a partner of GHR, in support thereof; and the Court being satisfied based on the representations made in the Application, and in the Verified Statement, that: said attorneys represent no interest adverse to the future claimants with respect to the matters upon which they are to be engaged; that they are currently disinterested persons (except as disclosed) as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and that their employment is necessary and is in the best interests of the future claimants; and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and that notice of the Application was good and sufficient under the particular circumstances, and that no

further notice need be given; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code, the FCR be, and hereby is, authorized to employ and retain GHR as special insurance counsel effective as of the Petition Date, upon the terms, and to perform the services, set forth in the Application and the Verified Statement, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtor;

3. GHR shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; provided, however, that, notwithstanding any provisions of the Engagement Letter (as defined in the Verified Statement), any retainer provided by the Debtor to GHR prior to the Petition Date shall not be replenished after the Petition Date, and no additional retainer shall be provided to GHR, absent further order of the Court;

4. The fees and expenses of GHR allowed by the Court shall be an administrative expense of the Debtor's estate;

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

6. Nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

*Judith K. Fitzgerald*

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: Wilmington, DE
~~April~~ 21, 2003
May

3

7127432v2