UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :     09-50026 (REG)
      f/k/a General Motors Corp., *et al.*  :
                                          :
                  Debtors.                :     (Jointly Administered)
                                          :
-----------------------------------------------------------------x


### ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF PLANTE & MORAN, PLLC AS ACCOUNTANTS AND CONSULTANTS *NUNC PRO TUNC* TO OCTOBER 9, 2009

Upon the Application, dated March 17, 2010 (the "**Application**")[1], of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), as debtor in possession, pursuant to section 327(a) of title 11, United States Code ("**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order authorizing the retention and employment of Plante & Moran, PLLC ("**P&M**") to perform certain accounting and consulting services (collectively, the "**Accounting Services**"), pursuant to that certain Engagement Letter, dated March 17, 2010 (the "**Engagement Letter**"), *nunc pro tunc* to October 9, 2009, as more fully described in the Application; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, MLC is authorized to retain and employ P&M to perform the Accounting Services, *nunc pro tunc* to October 9, 2009, on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED that P&M shall file with the Court interim and final fee applications in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711]; and it is further

ORDERED that all requests of P&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall P&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event P&M seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in P&M's own application, and such invoices and time records

2

shall be subject to the United States Trustee's and the Court's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      *__April 5, 2010__*

                                                  *__s/ Robert E. Gerber__*
                                                United States Bankruptcy Judge