IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09-50026 (REG) |
| | ) | |
| GENERAL MOTORS., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**SANG CHUL LEE AND DUKSON LEE'S REPLY BRIEF OF LAW IN FURTHER SUPPORT THEIR MOTION TO ALLOW LATE CLAIM FILED TO BE DEEMED TIMELY FILED**

## PRELIMINARY STATEMENT

Creditors Sang Chul Lee and Dukson Lee respectfully submit this reply brief of law in support of their motion to allow late claim filed to be deemed timely filed because (1) their July 7, 2009 motion to lift stay amounted to an informal proof of claim, or (2) in the alternative, excusable neglect existed and there is no danger of prejudice to General Motors, the debtor.

## STATEMENT OF FACTS

The relevant facts, are set forth in creditors' original moving papers and incorporated in this reply.

## ARGUMENT

### I

**THE COURT SHOULD DEEM CREDITORS' MOTION TO LIFT STAY, FILED ON JULY 7, 2009, TO BE AN INFORMAL PROOF OF CLAIM BECAUSE ALL THE FACTORS OF THE DANA TEST ARE MET**

1

Debtors contend that Creditors' Lift Stay Motion fails to set forth an intent to seek recovery from Debtors' estate and does not state a claim amount. See Debtors' Opposition dated April 1, 2010, at 10 "Debtor's Opp."

Debtors have indicated Creditors' Lift Stay Motion does not explicitly demonstrate the Creditors' intention of holding the Debtors' estates liable for the claim. Id. Debtors depend on several cases stating that the proof of claim must explicitly demonstrate the creditors intention to hold the bankruptcy state liable. In re Glick, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991) (case about creditors requesting they be permitted to foreclose their security interest in the subject real estate.); In re Dana Corp. 06-10354 (BRL) (S.D.N.Y. 7-23-2008) (stating where a motion for relief from stay fails to set forth an intent to seek recovery, it will not constitute an informal proof)(Emphasis added); In re Mitchell, 82 B.R. 583, 586 (Bankr. W.D. Okl. 1988) (stating that an indication of an intent to have property abandoned from the estate does not set forth an intent to seek distribution from the estate) These cases discuss circumstances that are not present here.

Creditors' moving papers clearly demonstrate an intent to hold the Debtors' estate liable for the claims because Creditors' requested a lift of the automatic stay so that the case can go back to the Arizona Superior Court and proceed to trial and final judgment. Debtors maintain that Creditors expressly disclaimed any recovery against Debtors and purported to limit recovery to liability insurance. See Debtors' Opp at 9. In their original moving papers, Creditors stated that Debtors' insurance would not cover the first five million of any judgment, and by reasonable inference, Debtors would be liable for that portion of the judgment. See Creditors Motion for Relief from Stay filed July 2, 2009, at 7 " Lift Stay Motion."

Debtors concede that the Lift Stay Motion does recites the facts of the Arizona Action, which

suggests that Creditors did indeed incorporate the Arizona Action. The Arizona complaint does seek a sum exceeding $20 million against defendants. The claim has been known at the outset of bankruptcy by Debtors and was known to be unliquidated. Because the amount is unliquidated, it is improper to assert a definitive amount, when admittedly both parties cannot state with reasonable certainty what the correct amount of the claim is.

Debtors do not raise any arguments with respect to the timeliness of the Lift Stay Motion's filing or the existence and nature of the debt and Creditors will not discuss these issues. Id.

For the reasons set forth above, and in our previous papers, Creditors' motion to lift stay previously filed with this bankruptcy court should be deemed an informal proof of claim and thus be deemed timely filed.

II

**THE COURT SHOULD ALLOW A LATE FILED CLAIM PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006(b)(1) BECAUSE THE FAILURE TO ACT WAS THE RESULT OF EXCUSABLE NEGLECT.**

Debtors contend that Creditors have failed to establish excusable neglect in this case and the late filed claim should be denied. Debtors state that oversight by Creditors' counsel does not constitute excusable neglect. However, Creditors respectfully maintain that the circumstances present here warrant a favorable finding. This bankruptcy case is the second largest in history and the sheer number of documents electronically filed is staggering.

The concept of the passage of the bar date is not as significant in this case because the claim is unliquidated and it was impossible to verify what the exact amount should be before a trial and judgment. That is not to say Creditors' counsel intentionally missed the date, or brushed the date off recklessly. However, there is no danger of prejudicing Debtors in this case because the claim -

3

i.e. the Arizona action - has always been known to Debtors. Conversely, the danger of prejudice to Creditors is enormous, as they would lose their substantive right to litigate against Debtors.

Debtors also state that to allow Creditors to file a late proof of claim would expose the Debtors to a flood of similar motions, but there is nothing in the docket report that would indicate that. Indeed, the docket report appears to be relatively free of such motions, considering the scope of this case, the second largest bankruptcy in history.

## CONCLUSION

Accordingly, creditors respectfully request that this Court enter an order deeming the motion to lift stay an informal proof of claim filed, or in the alternative, allow the late filed proof of claim on the grounds of excusable neglect.

Dated: Englewood, NJ
April 5, 2010

                      By:    KIMM LAW FIRM

                          /s/ michael kimm
                          Michael S. Kimm, Esq.
                          41W Bancker Street
                          Englewood, NJ 07631
                          201-569-2880
                          msk@kimmlaw.com

**Certificate of Service**

Michael Kimm, Esq., certifies that the foregoing was served by ECF on all parties, or their counsel.

Dated: April 5, 2010                    /s/ Michael Kimm
                                         Michael S. Kimm