Presentment Date and Time:  April 20, 2010 at 1:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  April 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.,*                    :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*                :    (Jointly Administered)
                                                         :
                Debtors.                                 :    Honorable Robert E. Gerber
                                                         :
-------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTION 327(A) OF THE
BANKRUPTCY CODE AUTHORIZING THE EXTENDED RETENTION AND
EMPLOYMENT OF THE STUART MAUE FIRM AS CONSULTANT
TO THE FEE EXAMINER *NUNC PRO TUNC* TO MARCH 8, 2010**

    **PLEASE TAKE NOTICE** that the attached Application (the "**Application**") of the Fee

Examiner in the above-referenced chapter 11 cases, pursuant to the *Stipulation and Order with*

*Respect to Appointment of a Fee Examiner* [Docket No. 4708] and 11 U.S.C. § 327, requests an

order authorizing the extended employment and retention of  Stuart Maue as consultant to the

Fee Examiner, *nunc pro tunc* to March 8, 2010, all as more fully described in the accompanying

Application, which will be presented to the Hon. Robert E. Gerber, United States Bankruptcy

Judge, for approval and signature on **April 20, 2010 at 1:00 p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which may be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or

any other Windows-based word processing format (with two hard copies delivered directly to

Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One

Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges,

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation

Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General

Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S.

Buonomo); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States

Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn:

John J. Rapisardi); (vi) the United States Department of the Treasury, 1500 Pennsylvania

Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price,

P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New

York, 10019 (Attn: Michael J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors (the **"Committee"**),

1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Amy Caton, Adam C. Rogoff, and Gregory G. Plotko); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Diana G. Adams); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York, 10007 (Attn: David S. Jones and Natalie Kuehler); (xi) the members of the Official Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Claimants' Committee"**), until the attorneys for the Asbestos Claimants' Committee have been retained; if appointed, the legal representative for holders of future asbestos personal injury claims (the **"Future Claimants' Representative"**) and (xiii) Godfrey & Kahn, S.C., 780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon), **so as to be filed and received no later than <u>April 19, 2010, at 4:00 p.m.</u> (Prevailing Eastern Time)** (the "**Objection Deadline**").

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]

**PLEASE TAKE FURTHER NOTICE** that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with the procedures outlined above.  If a written objection is timely filed and served, a hearing will scheduled by the Court to be held at the United States Bankruptcy Court for the Southern District of New York, Judge Robert E. Gerber, presiding, One Bowling Green, New York, New York 10004-1408.  If an objection is filed, the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  Madison, Wisconsin
         April 5, 2010.

GODFREY & KAHN, S.C.


By:        /s/ *Katherine Stadler*
           Timothy F. Nixon (TN 2644)
           Katherine Stadler (KS 6831)
           Carla O. Andres (CA 3129)

           GODFREY & KAHN, S.C.
           780 North Water Street
           Milwaukee, Wisconsin 53202
           Telephone: (414) 273-3500
           Facsimile: (414) 273-5198
           E-mail: tnixon@gklaw.com
                   kstadler@gklaw.com
                   candres@gklaw.com

           *Attorneys for the Fee Examiner*

4829509_1

**Presentment Date and Time:  April 20, 2010 at 1:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time:  April 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :  Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*  :  Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*     :  (Jointly Administered)
                                                           :
           Debtors.      :  Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

## FEE EXAMINER'S APPLICATION TO AUTHORIZE THE EXTENDED RETENTION AND EMPLOYMENT OF THE STUART MAUE FIRM AS CONSULTANT  TO THE FEE EXAMINER AS OF MARCH 8, 2010

TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE

       The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company)

("**GM**"), appointed on December 23, 2009, submits this Application pursuant to the *Stipulation*

*and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee**

**Examiner Order**") for authorization to continue to employ the firm of Stuart Maue as consultant

to the Fee Examiner (this "**Application**") and respectfully represents as follows.

## SUMMARY

This application seeks to expand and extend the previously-authorized employment and retention of the Stuart Maue firm as an auditor to assist the Fee Examiner.  The initial retention was limited to a designated group of case professionals.  Stuart Maue has demonstrated the value of its contribution to the work of the Fee Examiner and, ultimately, to the U.S. Trustee and this Court.  Accordingly, the Fee Examiner now wishes to expand Stuart Maue's retention, effective as of March 8, 2010, to include all interim and final fee applications that the Fee Examiner determines warrant review by Stuart Maue.  To date, the fee applications in this case total more than $90 million, supported by more than 5,000 pages of billing materials.

## PRELIMINARY STATEMENT

1.      The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals.

A.      On January 29, 2010  the Fee Examiner submitted an Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010 [Docket No. 4910], and an order was entered without objection on February 17, 2010 authorizing the limited engagement [Docket No. 5005] (the "**Limited Retention Order**") for the purpose of assisting in the review of the fees and expenses requested in the first interim fee applications of the following case professionals:  Jenner & Block, LLP; Brownfield Partners, LLC; Kramer Levin Naftalis & Frankel, LLP; LFR, Inc.; and, The Claro Group, LLC ("**Selected Case Professionals**").

B.      With this Application, the Fee Examiner seeks entry of an order, pursuant to the Fee Examiner Order and 11 U.S.C. § 327, authorizing the continued appointment of Stuart Maue as consultant to the Fee Examiner for the purpose of assisting in the review of the fees and

2

expenses requested in all fee applications, whenever submitted, by case professionals subject to

the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* entered on August 7, 2009

[Docket No. 3711].

        C.      Stuart Maue's services have proven indispensable to the Fee Examiner's

analysis of the pending applications, which will be heard by the Court on April 29, 2010.

        2.      The Fee Examiner's proposed terms of engagement of Stuart Maue are outlined in

this Application.  In support of this Application, the Fee Examiner relies on the Supplemental

Affidavit of James P. Quinn, President and Chief Operating Officer ("**Quinn Affidavit**"),

attached as **Exhibit A**, and on his own experience and that of his counsel in working with Stuart

Maue.

## BACKGROUND

        3.      Commencing on June 1, 2009 and periodically thereafter (as applicable, the

"**Commencement Date**"), General Motors Corp. and certain of its affiliates ("**Debtors**") filed in

this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to

11 U.S.C. §§ 1107(2) and 1108.

        4.      On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern

District of New York, appointed the statutory committee of unsecured creditors pursuant to

11 U.S.C. § 1102 (the "**Creditors' Committee**").

        5.      On December 23, 2009, the United States Trustee, the Debtors, and the Creditors'

Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the

above-captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the

Fee Examiner Order entered that same day, the Court approved the appointment.

6.    On January 5, 2010, the Fee Examiner submitted an *Application for Authorization*

*to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to*

*December 28, 2009* and, without objection, the Court entered an order authorizing the

employment of Godfrey & Kahn, S.C., as counsel to the Fee Examiner on January 19, 2010.

7.    On January 29, 2010  the Fee Examiner submitted an *Application to Authorize the*

*Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner*

*as of January 22, 2010* and, without objection, the Court entered an order authorizing the limited

retention of Stuart Maue, as Consultant to the Fee Examiner, on February 17, 2010.

## JURISDICTION

8.    This Court has subject matter jurisdiction to consider and determine this matter

pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BASIS FOR RELIEF REQUESTED

9.    The Fee Examiner has determined, based on Stuart Maue's work, that the

assistance of Stuart Maue in the review of the Selected Case Professionals has contributed

significantly to the Fee Examiner's quantitative analysis of the fee applications and the

preparation of reports based in part on that analysis.  Accordingly, the Fee Examiner seeks to

extend the engagement of Stuart Maue as one of the best qualified and most cost-effective

professionals to support the Fee Examiner in his review of all interim and final fee applications

of case professionals.

## STUART MAUE QUALIFICATIONS

10.    Stuart Maue is a legal auditing and bill review firm that employs licensed

attorneys and accountants.  The firm is engaged in reviewing legal bills resulting from complex

4

litigation and bankruptcies. It has been appointed fee examiner and/or consultant to fee committees in several large bankruptcy cases, including The Tribune Company, Merisant Worldwide, Inc., Stone & Webster, Incorporated, and K-Mart Corporation.

## SERVICES TO BE PROVIDED BY STUART MAUE

11.     The Fee Examiner seeks to continue to engage Stuart Maue to:

A.     Assist the Fee Examiner in analyzing the fee applications of all case professionals, which the Fee Examiner determines warrant Stuart Maue's analysis, for compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines of the United States Trustee, the Code of Federal Regulations, and the Local Rules and Orders of the Court; and,

B.     Assist the Fee Examiner with the preparation of periodic reports with respect to professional fees and expenses.

12.     Other than in connection with assisting the Fee Examiner in his analysis, Stuart Maue will not duplicate the work performed by the Fee Examiner or any other professionals. Stuart Maue does not provide legal services or counsel.

13.     The extended employment of Stuart Maue is in the best interest of the Debtors' estates and of these cases as a whole because it will aid the Fee Examiner's analysis of fees and expenses, augmenting the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests. To date, those fee and expense applications total more than $90 million, supported by more than 5,000 pages of billing materials.

14.     The Fee Examiner has ascertained, based on direct experience, that Stuart Maue will materially aid in reviewing the fee and expense requests of the case professionals.

15.     The Fee Examiner wishes to extend his engagement of Stuart Maue for the purpose of efficiently processing the fee applications of all case professionals for the benefit of the Debtors' estates.

## PROPOSED COMPENSATION

16.     The Fee Examiner, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to have the Debtors compensate Stuart Maue at the firm's regular hourly rates for legal and non-legal personnel and to reimburse Stuart Maue for all reasonable and necessary expenses under 11 U.S.C. §§ 330 and 331. Stuart Maue's current hourly rate structure ranges from $375.00 for the project manager; $275.00 to $350.00 for legal auditors and senior legal auditors; $175.00 for IT personnel; and, $75.00 for data control personnel.

17.     Stuart Maue will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Compensation Order**") dated August 7, 2009 [Docket No. 3711] and with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

18.     Stuart Maue has not received any compensation to date for services rendered in the Debtors' chapter 11 cases.

## STUART MAUE'S CONNECTIONS WITH PARTIES IN INTEREST

19.     To the best of the Fee Examiner's knowledge, information, and belief, other than as set forth in the Supplemental Affidavit and Disclosure Statement of James P. Quinn, Stuart Maue has no relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest; (iv) the respective attorneys and accountants for any of the

6

foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustees, in any matter relating to these cases.

## APPLICABLE LEGAL AUTHORITY

20.    On December 23, 2009, the Court entered the Fee Examiner Order [Docket No. 4708]. The Fee Examiner Order, in relevant part, provides that the "Fee Examiner may retain or consult with attorneys or other professionals if he or she determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." *Id.* at ¶ 6.

21.    The Fee Examiner continues to require a qualified consultant to assist him and to provide auditing services in the course of his work. Pursuant to this authority and the demonstrable value Stuart Maue brought to the estate in its review of the first interim fee applications of the Selected Case Professionals, the Fee Examiner seeks to extend Stuart Maue's engagement to review the fee applications of all case professionals, whenever filed.

22.    Stuart Maue has performed work in good faith, beginning on March 8, 2010, to assist the Fee Examiner in analyzing first interim fee applications of professionals other than the Selected Case Professionals. Stuart Maue commenced performing this work at the direction of the Fee Examiner. Accordingly, it is appropriate that Stuart Maue be retained *nunc pro tunc* to March 8, 2010.

## PROCEDURE

23.    This Application presents no novel issues of law, and the Fee Examiner requests that the requirement of the service and filing of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Application.

24.    No previous application for the particular relief sought in this application has been made by the Fee Examiner to this or any other court.

## CONCLUSION

WHEREFORE, the Fee Examiner respectfully requests the entry of an order,

substantially in the form annexed hereto as **Exhibit B**, granting the relief requested herein and

such other and further relief as the Court may deem just and proper.

Dated: Madison, Wisconsin
    April 5, 2010.

GODFREY & KAHN, S.C.

By:    _____/s/ *Katherine Stadler*_____
Timothy F. Nixon (TN 2644)
Katherine Stadler (KS 6831)
Carla O. Andres (CA 3129)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: tnixon@gklaw.com
        kstadler@gklaw.com
        candres@gklaw.com

*Attorneys for Fee Examiner*

4586119_2

# EXHIBIT A

(Supplemental Affidavit of James P. Quinn)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                       :

In re:                               :      Chapter 11
                                         :

MOTORS LIQUIDATION COMPANY, *et al.,*   :      Case No. 09-50026
      f/k/a General Motors Corp., *et al.,*      :      (Jointly Administered)
                                         :

                         Debtors.        :      Honorable Robert E. Gerber
                                         :
-------------------------------------------------------- x

### SUPPLEMENTAL AFFIDAVIT OF JAMES P. QUINN IN SUPPORT OF ORDER AUTHORIZING THE EXTENDED RETENTION AND EMPLOYMENT OF STUART MAUE AS CONSULTANT TO THE FEE EXAMINER

STATE OF MISSOURI       )
                             ) ss:
COUNTY OF ST. LOUIS    )

       James P. Quinn, being duly sworn and on oath, states as follows:

       1.       I am President and Chief Operating Officer of Stuart Maue, which is a legal auditing and bill review firm located at 3840 McKelvey Road, St. Louis, Missouri, 63044, and employs licensed attorneys, accountants, and IT personnel; however, Stuart Maue is not engaged in the practice of law.

       2.       This affidavit supplements the January 28, 2010 *Affidavit of James P. Quinn in Support of Order Authorizing the Appointment and Employment of Stuart Maue as Consultant to the Fee Examiner* [Docket No. 4910, Ex. A] (the "**Original Affidavit**").  It is submitted in support of Stuart Maue's continued appointment as consultant to Fee Examiner, Brady C. Williamson, in the above-captioned bankruptcy proceeding for the purpose of assisting in the review of the fees and expenses submitted by case professionals subject to the Court's *Order*

*Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on August 7, 2009 [Docket No. 3711].

3.     On February 17, 2010, the Court entered an *Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner Nunc Pro Tunc as of January 22, 2010* [Docket No. 5005] authorizing the Fee Examiner to retain Stuart Maue as consultant for the limited purpose of assisting in the review and analyzing of the first interim fee applications of the following case professionals:  Jenner & Block, LLP, Brownfield Partners, LLC; Kramer Levin Naftalis & Frankel, LLP; LFR, Inc.; and, The Claro Group, LLC ("**Selected Case Professionals**").

4.     This affidavit is executed on behalf of Stuart Maue and, unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.  To the extent any information disclosed in this affidavit requires amendment or modification, a further supplemental affidavit reflecting such amended or modified information will be submitted to the Court.

5.     Over the last ten weeks, Stuart Maue has worked closely with the Fee Examiner and his counsel, Godfrey & Kahn, S.C. ("**G&K**"), in the audit of the Selected Case Professionals and has developed an efficient and effective working relationship with the attorneys and paralegals of G&K.

6.     Stuart Maue has been appointed fee examiner and/or consultant to fee committees in several large bankruptcy cases including, but not limited to:  The Tribune Company, Merisant Worldwide, Inc., Stone & Webster, Incorporated and K-Mart Corporation.  (Original Affidavit, Ex. B).

7.     Subject to this Court's approval, Stuart Maue will charge for services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.  Stuart Maue shall be entitled to receive compensation for its services

based on the following hourly rates for 2010:  Project Manager - $375.00; Legal Auditors and Senior Legal Auditors - $275.00 to $350.00 per hour; Computer Programmers/Consultants - $175.00 per hour; and Data Control Personnel - $75.00 per hour.

8.      Stuart Maue will maintain detailed, contemporaneous time records in increments of tenths of an hour, will request reimbursement for actual and necessary expenses incurred in connection with its services, and will apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Guidelines of the United States Trustee, the administrative order governing the payment of case professionals, and any other applicable orders entered in these cases.

9.      To the best of my knowledge, information and belief, neither I nor any employee or representative of Stuart Maue has any relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustees, in any matter relating to these cases based on my review of a list of parties-in-interest and professionals connected with these chapter 11 cases provided by the Fee Examiner (Original Affidavit, Ex. A.) except Stuart Maue has or is providing legal auditing services to clients, including in other bankruptcy proceedings, and in that capacity has or is analyzing fees and expenses of certain listed case professionals.

10.      In this case, Stuart Maue has not shared or agreed to share any compensation paid or to be paid with any person, other than a managing director, professional, or employee of Stuart Maue.

4

11.     This affidavit constitutes the statement of James P. Quinn pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2012(a) and 2016(b).

Dated:  April 2, 2010.

/s/ *James P. Quinn*
_____

James P. Quinn
Stuart Maue
3840 McKelvey Road
St. Louis, MO 63044
Telephone:  314-291-3030
Facsimile:   314-291-6546
E-mail:      j.quinn@smmj.com

Subscribed and sworn to before me,
this 2nd  day of April, 2010.


/s/ *Beverly A. Moore*
_____
Beverly A. Moore, Notary Public
My Commission Expires: November 5, 2012.

4818663_1

5

# **EXHIBIT B**

(PROPOSED ORDER)

**Presentment Date and Time:  April 20, 2010 at 1:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time:  April 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                  :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | : | Case No. 09-50026 |
|     f/k/a General Motors Corp., *et al.,* | : | (Jointly Administered) |
| | : | |
|                 Debtors. | : | Honorable Robert E. Gerber |
| | : | |

--------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE**
**AUTHORIZING THE EXTENDED RETENTION AND EMPLOYMENT OF**
**THE STUART MAUE FIRM AS CONSULTANT TO THE FEE EXAMINER**
***NUNC PRO TUNC* AS OF MARCH 8, 2010**

Upon the application (the "**Application**") of the Fee Examiner for an order, pursuant to

the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708],

and 11 U.S.C. § 327, authorizing the Fee Examiner to continue to retain Stuart Maue as a

consultant for the purpose of assisting in the review and analysis of all interim and final fee

applications filed in this case by retained professionals, and upon the Supplemental Affidavit of

James P. Quinn, annexed to the Application as **<u>Exhibit A</u>**; and notice of the Application having

been given as set forth in the Notice of Presentment; and it appearing that such notice is due and

sufficient and that no further or other notice is required; and the Court being satisfied that Stuart

Maue does not hold or represent an interest adverse to the Debtors' estates and that Stuart Maue

is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code,

and that the extended employment of Stuart Maue is necessary and in the best interests of the Fee

Examiner and these cases; and the Court having determined that the legal and factual basis set

forth in the Application establishes just cause for the relief granted; and, after due deliberation

and sufficient cause appearing, therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Application is granted.

2.      The terms not otherwise defined herein shall have the meaning ascribed to them

in the Application.

3.      The Fee Examiner is authorized to employ, direct, retain, compensate, and

reimburse Stuart Maue as consultant to the Fee Examiner on the terms and conditions set forth in

the Application and this Order, effective as of March 8, 2010.

4.      Stuart Maue shall be compensated and reimbursed for its expenses consistent with

the *Order Granting Application of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a)*

*and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 3711].

5.      To the extent that the Application is inconsistent with this Order, the terms of this

Order shall control.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated:  New York, New York

_____, 2010.


_____
Hon. Robert E. Gerber
United States Bankruptcy Judge

4829542_1