**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<u>**Presentment Date and Time**</u>

**April 8, 2010**
**at 9:45 A.M.**

-----------------------------------------------------------x

In re                                                                   :
**Bankruptcy of Motors Liquidation Company**            :        **Chapter <u>11</u>**
**(f/k/a General Motors Corporation) ("MLC")**         :
                                                                            :        **Case No. 09 - 50026 (REG)**
                                         **Debtor.**          :
-----------------------------------------------------------x

### RESPONSE TO DEBTOR'S OPPOSITION TO MOTION PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a) AFTER MATERIAL DEFAULT

Stanley R. Stasko respectfully states:

1) on Friday, April 2, 2010, Stanley R. Stasko received General Motors

   Corporation opposition to Motion Pursuant to 11 U.S.C. § 362(d) Modifying

   the Automatic Stay Imposed by 11 U.S.C. § 362(a) after Material Default

2) in Section II entitled "Movant Cannot Meet His Burden of Establishing Cause

   to Modify the Automatic Stay", General Motors Corporation in Paragraphs

   15, 16, 17, 18, 19, and 20 makes various arguments why Stanley R. Stasko

   should be denied relief from the Automatic Stay.

3) that General Motors Corporation failed to recognize that Stanley R. Stasko in

   his original Motion Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic

   Stay Imposed by 11 U.S.C. § 362(a) after Material Default (See Exhibit 1) in

   Paragraphs 5, 6, 7, and 8 is seeking Relief from the Automatic Stay based on

   the reasoning in Stasko v General Motors Corporation – United States District

   Court Eastern District of Michigan; Case #2:09-CV-14827. In other words,

   Stanley R. Stasko is asking the United States Bankruptcy Court – Southern

   District of New York to **establish a new legal precedent** whereby Stanley R.

Stasko can obtain Relief from Automatic Stay based upon his arguments for his unique situation.

4) that Stanley R. Stasko mailed to United States Bankruptcy Court – Southern District of New York and General Motors Corporation (their attorneys for Debtors and Debtors in Possession) a copy (on CD) of the 500 plus pages original complaint in Stasko v General Motors Corporation – United States District Court Eastern District of Michigan; Case #2:09-CV-14827. (Exhibit 2 – Affirmation of Service)

5) that Stanley R. Stasko requests relief from Automatic Stay based upon his unique situation can be summarized as follows:

## REASON #1 – DISCOVERY DELAYS

6) in the original complaint Stasko v General Motors Corporation – United States District Court Eastern District of Michigan; Case #2:09-CV-14827 (Paragraph 15, Original Complaint Exhibit 6) in part stated that "…if the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circumstances surrounding his belated discovery and the delay"

7) therefore, Stanley R. Stasko submitted an essay fully describing the facts and circumstances surrounding the belated discovery and the delay. (See Paragraph 16, Original Complaint Exhibit 7)

8) Stanley R. Stasko further stated that he "first began to discover the injury and loss he incurred by the defendant when the plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General

2

Motors Corporation on July 20, 2005." (See Paragraph 17, Original Complaint
Exhibit 10).

9) Stanley R. Stasko further stated the "defendant (General Motors Corporation)
did not respond to the letter dated July 20, 2005." (See Paragraph 18 of
Original Complaint)

10) Stanley R. Stasko still further stated that he "made a second request for a
complete copy of all employment records pertaining to his work for General
Motors Corporation on August 8, 2005." (See Paragraph 19, Original
Complaint Exhibit 11).

11) Stanley R. Stasko still further stated that the "defendant General Motors
Corporation) did not respond to the second request letter dated August 8,
2005." (See Paragraph 20 of Original Complaint)

12) Stanley R. Stasko still further stated that he "made a third request for a
complete copy of all employment records pertaining to his work for General
Motors Corporation on August 24, 2005." (See Paragraph 21, Original
Complaint Exhibit 12).

13) Stanley R. Stasko still further stated that the "defendant (General Motors
Corporation) responded by mailing a package of information to the plaintiff
(Stanley R. Stasko) FedEx Trk # 8464-9619-6310." (See Paragraph 22,
Original Complaint Exhibit 13)

14) This package of information of Stanley R. Stasko employment record from
General Motors Corporation "is the first and only time the plaintiff received

3

employment records from the defendant." (See Paragraph 23 of Original
Complaint)

15) therefore, Stanley R. Stasko civil suit against General Motors Corporation has
its origin when Stanley R. Stasko first requested a complete copy of all
employment records pertaining to his work for General Motors Corporation
on July 20, 2005. This is: (1) is years before June 1, 2009, (the
"Commencement Date"), the date General Motors Corporation commenced a
voluntary case under Chapter 11 of Title 11 of the United States Code, (2) is
years before the Bankruptcy Court established November 30, 2009, as (the
"Bar Date Order") on September 16, 2009, and (3) is years before Stanley R.
Stasko filed civil suit against General Motors Corporation in Stasko v
General Motors Corporation – United States District Court Eastern District of
Michigan; Case #2:09-CV-14827, on December 11, 2009.

16) Stanley R. Stasko explained in detail in the Original Complaint the delay
between when Stanley R. Stasko first requested a complete copy of all
employment records pertaining to his work for General Motors Corporation
on July 20, 2005, and December 11, 2009, when Stanley R. Stasko filed civil
suit against General Motors Corporation in Stasko v  General Motors
Corporation – United States District Court Eastern District of Michigan; Case
#2:09-CV-14827.

4

## REASON #2 – MENTAL DISABILITY

17) Stanley R. Stasko submitted an essay fully describing the facts and

circumstances surrounding his **loss of memory**. (See Essay, Original

Complaint Exhibit 7, p. 33-37)

18) Stanley R. Stasko stated his loss of memory continued for years including

other people trying to convince the plaintiff he needs to be on medication.

   a.   See Essay, Original Complaint Exhibit 7, p. 48-63

   b.   See North Oakland Medical Center report (See Original Complaint

        Exhibit 8)

   c.   See Essay, Original Complaint Exhibit 7, p. 64-65

19) Stanley R. Stasko stated his "memory only starts to clear up in July 2005."

(See Essay, Original Complaint Exhibit 7, p. 65-67) In order for the

Bankruptcy Court to understand how much the plaintiff's memory will clear

up several years later Original Complaint Exhibit 15 represents the plaintiff's

resume for General Motors accomplishments in CY2005, and Original

Complaint Exhibit 16 represents the plaintiff's resume for General Motors

accomplishments written approximately October CY2009.

20) Stanley R. Stasko still further stated that if the defendant (General Motors

Corporation) argues that the plaintiff resigned from General Motors

Corporation on August 25, 1995; therefore, the plaintiff's mental disability

(loss of memory) is over fourteen years old. The Bankruptcy Court should

note that other court decisions recognize mental disability over an extended

period of time as a legal argument. See Calladine v Dana Corp. 679 F.Supp.

700, E.D. Mich., February 29, 1988 (No. Civ. A. 87-CV-1739DT) states

"…that an individual mentally incompetent at the time a cause of action accrues may file the claim before the applicable limitations period runs *after* the disability is removed." (See Paragraph 32; and Original Complaint Exhibit 18 for Calladine v Dana Corp.)

21) also *Paavola v. St. Joseph Hosp. Corp.*, 119 Mich.App. 10, 14-15, 325 N.W.2d 609 (1982) states that the "…statute permits tolling for a "period potentially many decades long." (See Original Complaint Exhibit 19 for Paavola v St. Joseph Hosp. Corp.)

22) in Paragraph 34 of the Original Complaint, Stanley R. Stasko stated "if the defendant (General Motors Corporation) argues that the plaintiff (Stanley R. Stasko) should have appointed a guardian or obtained an attorney to capably handle the plaintiff's rights when the plaintiff first began to discovery the injury or loss approximately September 2005. The plaintiff states that he is a single man with no spouse. The plaintiff has no legal children. The plaintiff did try to obtain an attorney when he first began to discover the injury or loss approximately September 2005 but the attorney showed no interest in the case, nor did the attorney return the plaintiff's phone calls, once the attorney learned that the plaintiff resigned from General Motors Corporation on August 25, 1995 (ten years ago)."

23) in Paragraph 36 of the Original Complaint, Stanley R. Stasko stated if the defendant (General Motors Corporation) argues that the plaintiff (Stanley R. Stasko) did not have a mental disability because he was able to work for DSP Technology in Ann Arbor, Michigan and MSX International in Auburn Hills,

6

Michigan covering a period a time from approximately January 1997 to February 2001. The Bankruptcy Court should note that other court decisions recognize that the ability to work does not disprove mental disability. For example in "Asher v. Exxon Co., U.S.A., 504 N.W.2d 728 Mich.App.,1993 states "… the circuit court erred in finding that plaintiff was not mentally deranged because he was able to work, see *Davidson v. Baker-Vander Veen Construction Co., 35 Mich.App. 293, 302-303, 192 N.W.2d 312 (1971).*" (See Original Complaint Exhibit 20 for Asher v Exxon Co.)

### REASON #3 – FRAUDULENT CONCEALMENT

24) Stanley R. Stasko also explained in detail in the Original Complaint the delay between when Stanley R. Stasko first requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005, and Stanley R. Stasko filed civil suit against General Motors Corporation in Stasko v General Motors Corporation – United States District Court Eastern District of Michigan; Case #2:09-CV-14827, on December 11, 2009, based on Fraudulent Concealment by General Motors Corporation.

25) Stanley R. Stasko "first began to discover the injury and loss he incurred by the defendant when the plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005." (See Paragraph 17, Original Complaint Exhibit 10).

Document prepared by Stanley R. Stasko 27653 Lexington Pkwy
Southfield, Michigan 48076 Telephone # 313-670-6917

26) Stanley R. Stasko further stated the "defendant (General Motors Corporation) did not respond to the letter dated July 20, 2005." (See Paragraph 18 of Original Complaint)

27) Stanley R. Stasko still further stated that he "made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005." (See Paragraph 19, Original Complaint Exhibit 11).

28) Stanley R. Stasko still further stated that the "defendant General Motors Corporation) did not respond to the second request letter dated August 8, 2005." (See Paragraph 20 of Original Complaint)

29) Stanley R. Stasko still further stated that he "made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005." (See Paragraph 21, Original Complaint Exhibit 12).

30) The Bankruptcy Court should note that in the third request the plaintiff states "Stanley R. Stasko requests this information to: ... (3) look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)." (See Paragraph 47 of Original Complaint)

31) The Bankruptcy Court should also note that in the third request the plaintiff states "... please note that a copy of this letter is being sent to: Dan Galnat,

8

Attorney, General Motors – Global Headquarters…" (See Paragraph 48 of Original Complaint)

32) The Bankruptcy Court should further note "**now that the plaintiff (Stanley R. Stasko) has implied a possible lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310." (See Paragraph 49 and Original Complaint Exhibit 13)

33) For the Bankruptcy Court to understand how much General Motors Corporation Fraudulently Concealed Stanley R. Stasko accomplishments "the information from the defendant (FedEx Trk # 8464-9619-6310) contained only three Advanced Engineering Staff Performance planning and Development Process information forms.

  a. One Advanced Engineering Staff Performance Planning Development Process information dated December 22, 1989, by Stanley R. Stasko

  b. One Advanced Engineering Staff Performance Planning Development Process information dated December 19, 1990, by Stanley R. Stasko

  c. One Advanced Engineering Staff Performance Planning Development Process information dated January 22, 1992 by Stanley R. Stasko"
  (See Paragraph 51 of the Original Complaint)

34) Stanley R. Stasko "did try to obtain an attorney when he discovered so little of his accomplishments from CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and

9

CY1995 were documented by the defendant (General Motors Corporation)."
(See Paragraph 52 of Original Complaint)

35) "the attorney showed no interest in the case, nor did the attorney return the
plaintiff's phone calls, once the attorney learned that the plaintiff resigned
from General Motors Corporation on August 25, 1995 (ten years ago)." (See
Paragraph 53 of Original Complaint)

36) in order for the Bankruptcy Court to understand how much General Motors
Corporation fraudulently concealed the plaintiff's accomplishments, (Original
Complaint) Exhibit 16 represents the plaintiff's resume for General Motors
accomplishments written approximately October CY2009 as compared to
General Motors Corporation documentation stated in Paragraph #33 above.

37) Stanley R. Stasko is asking the United States Bankruptcy Court – Southern
District of New York to **establish a new legal precedent** whereby Stanley R.
Stasko can obtain Relief from Automatic Stay based upon his arguments for
his unique situation.

## ADDITIONAL ITEMS - #1

38) in Paragraph 1 of General Motors Corporation opposition to Motion Pursuant
to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §
362(a) after Material Default, General Motors states "despite being informed
of the Debtor's bankruptcy and the automatic stay, Movant has continued to
proceed with the Michigan Case, even seeking entry of an order of default
against MLC on March 19, 2010, after he filed the instant Motion and after
being advised of the automatic stay. Movant should not be rewarded for his

10

knowing violation of the automatic stay and the Michigan Case should be declared void."

39) General Motors Corporation statement is misleading. Stanley R. Stasko did request on January 5, 2010, a hearing in civil action Stasko vs. General Motors Corporation (United States District Court Eastern District of Michigan; Case # 2:09-CV-14827) stating that "...the defendant has not responded to the Complaint and Summons as of January 3, 2010. (Original Complaint and Summons filed with United States District Court – Eastern District of Michigan on December 11, 2009, plus twenty days equals December 31, 2009." (See Exhibit 3, Paragraph 5) Therefore, since General Motors Corporation did not respond in a timely manner to the Complaint and Summons, Stanley R. Stasko would have requested at the hearing General Motors Corporation be held in Default and the United States District Court – Eastern District of Michigan find in favor of the plaintiff (Stanley R. Stasko).

40) Stanley R. Stasko received a response from the United States District Court – Eastern District of Michigan in part stated that "...the Court does not believe that an oral hearing on this issue is necessary".(See Exhibit 4, page #2)

41) the United States District Court – Eastern District of Michigan further stated that "a review of the official record in this action reveals that Stasko has failed to seek and obtain an entry of default from the Clerk of the Court." (See Exhibit 4, pages #2-3)

42) Stanley R. Stasko responded to the letter from United States District Court – Eastern District of Michigan filed March 11, 2010, by reading United States

11

District Court – Eastern District of Michigan Local Rules LR 55.1 and LR

55.2. (See Exhibit 5)

43) Stanley R. Stasko further responded to the letter by filing a Request for

Clerk's Entry of Default and filing a Affidavit, Entry, and Judgment (Sum

Certain) (See Exhibit 6) based on Stanley R. Stasko interpretation of United

States District Court – Eastern District of Michigan letter filed March 11,

2010.

44) therefore, General Motors Corporation statement is misleading since Stanley

R. Stasko was showing respect to the United States District Court – Eastern

District of Michigan by responding to their letter filed March 11, 2010.

### ADDITIONAL ITEMS - #2

45) in Paragraph 18 of General Motors Corporation opposition to Motion Pursuant

to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §

362(a) after Material Default, General Motors states "the first factor does not

support relief from the stay because allowing the Michigan Case to proceed as

to the Debtors would not result in complete resolution of the issues because

the case has just been commenced and is in the nascent stages."

46) General Motors Corporation statement the Michigan Case has just

commenced and is in the nascent stages is arguably misleading following the

statements made in Paragraphs #39, 40, 41, 42, and 43 above.

47) Stanley R. Stasko requested on January 5, 2010, a hearing in civil action

Stasko vs. General Motors Corporation (United States District Court Eastern

District of Michigan; Case # 2:09-CV-14827) stating that "…the defendant

12

has not responded to the Complaint and Summons as of January 3, 2010.
(Original Complaint and Summons filed with United States District Court –
Eastern District of Michigan on December 11, 2009, plus twenty days equals
December 31, 2009." (See Exhibit 3, Paragraph 5) Therefore, since General
Motors Corporation did not respond in a timely manner to the Complaint and
Summons, Stanley R. Stasko would have requested at the hearing General
Motors Corporation be held in Default and the United States District Court –
Eastern District of Michigan find in favor of the plaintiff (Stanley R. Stasko).

48) Stanley R. Stasko received a response from the United States District Court –
Eastern District of Michigan in part stated that "…the Court does not believe
that an oral hearing on this issue is necessary".(See Exhibit 4, page #2)

49) Stanley R. Stasko responded to the letter from United States District Court –
Eastern District of Michigan filed March 11, 2010, by reading United States
District Court – Eastern District of Michigan Local Rules LR 55.1 and LR
55.2. (See Exhibit 5) and filing a Request for Clerk's Entry of Default and
filing a Affidavit, Entry, and Judgment (Sum Certain) (See Exhibit 6) based
on Stanley R. Stasko interpretation of United States District Court – Eastern
District of Michigan letter filed March 11, 2010.

50) therefore, General Motors Corporation statement the Michigan Case has just
commenced and is in the nascent stages is arguably misleading because civil
action Stasko vs. General Motors Corporation, United States District Court
Eastern District of Michigan, Case # 2:09-CV-14827 is nearing completion
once the a Affidavit, Entry, and Judgment (Sum Certain) (See Exhibit 6) is

13

signed by the Court Clerk and a Default Entry is signed by the United States

District Court – Eastern District of Michigan because General Motors

Corporation failed to respond to the Complaint and Summons in civil action

Stasko vs. General Motors Corporation, United States District Court Eastern

District of Michigan, Case # 2:09-CV-14827.

### ADDITIONAL ITEMS - #3

51) in Paragraph 1 of General Motors Corporation opposition to Motion Pursuant

to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §

362(a) after Material Default, General Motors states "further, Movant fails to

meet his burden of establishing good cause to truncate the statutorily imposed

breathing spell to which the Debtors are entitled, in part, because he failed to

file proof of claim against the Debtors."

52) in Paragraph 9 in his (Stanley R. Stasko) Motion Pursuant to 11 U.S.C. §

362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) after

Material Default "requests the court (Bankruptcy Court) order the automatic

stay imposed in Bankruptcy of Motors Liquidation Company (f/k/a General

Motors Corporation) ("MLC"), United States Bankruptcy Court – Southern

District of New York, Case # 09-50026 (REG) by section 362(a) of the

Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code

as to the Plaintiff's interests in the Property to allow the Plaintiff's

enforcement of its rights in, and remedies in and to, the Property associated

with the civil action Stasko vs. General Motors Corporation, United States

District Court Eastern District of Michigan, Case # 2:09-CV-14827."

14

53) in others words, if the United States District Court – Eastern District of

Michigan rules in favor of the plaintiff in civil action Stasko vs. General

Motors Corporation, Case # 2:09-CV-14827, then the Order by the United

States District Court – Eastern District of Michigan **becomes the claim**

**against the Debtors.**

## CONCLUDING STATEMENT

54) Stanley R. Stasko requests the Bankruptcy Court order the automatic stay

imposed in Bankruptcy of Motors Liquidation Company (f/k/a General

Motors Corporation) ("MLC"), United States Bankruptcy Court – Southern

District of New York, Case # 09-50026 (REG) by section 362(a) of the

Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code

as to the Plaintiff's interests in the Property to allow the Plaintiff's

enforcement of its rights in, and remedies in and to, the Property associated

with the civil action Stasko vs. General Motors Corporation, United States

District Court Eastern District of Michigan, Case # 2:09-CV-14827.

Dated: April 3, 2010

_____

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

15

Exhibit - 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

In re                                           :

**Bankruptcy of Motors Liquidation Company**    :
**(f/k/a General Motors Corporation) ("MLC")**  :

                                                :

                    Debtor.                     :

------------------------------------------------x

<u>Presentment Date and Time</u>
**March 25, 2010**
**at 9:45 A.M.**

**Chapter 11**

**Case No. 09 - 50026 (REG)**

## MOTION PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a) AFTER MATERIAL DEFAULT

Stanley R. Stasko respectfully states:

1) that I am the Plaintiff (Pro Se Litigant) in the civil action Stasko vs. General Motors Corporation (See Exhibit A; United States District Court Eastern District of Michigan; Case # 2:09-CV-14827; Honorable Judge Julian Abele Cook).

2) that on December 11, 2009, the Plaintiff filed a civil action for deprivation of rights against General Motors Corporation under Title 42 USC Section 1983 (states "... every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory degree was violated or declaratory relief was unavailable.") (See Exhibit A; Case # 2:09-CV-14827; Complaint Item (7) )

3) that on January 5, 2010, the Plaintiff requested a hearing in civil action Stasko vs. General Motors Corporation (United States District Court Eastern District of Michigan; Case # 2:09-CV-14827) stating that "…the defendant has not responded to the Complaint and Summons as of January 3, 2010…"; therefore, requesting "…the court to find in favor of the plaintiff and the court to determine the amounts to be awarded the plaintiff…". (See Exhibit B; Request for Hearing filed January 5, 2010; Case # 2:09-CV-14827)

4) that the Plaintiff received a letter dated January 29, 2010, from Weil, Gothshal & Manges LPP stating that "… on June 1, 2009, MLC (Motors Liquidation Company; f/k/a General Motors Corporation) filed a voluntary petition seeking bankruptcy protection under chapter 11 of title 11 of the United States Code … in the United States Bankruptcy Court for the Southern District of New York. The chapter 11 case bears case no. 09-50026 (REG). Under section 362 of the Bankruptcy Code, all actions pending against MLC are automatically stayed." (See Exhibit C)

5) that the Plaintiff filed civil action Stasko vs. General Motors Corporation on December 11, 2009, (after June 1, 2009) for three reasons.

6) Reason #1 – Discovery Delays (See Exhibit A; Case # 2:09-CV-14827; Complaint Item (10), (11), (12), (13), (14), (15), (16), (17), (18), (19), (20), (21), (22), (23), and (24) )

7) Reason #2 – Mental Disability; "Loss of Memory" (See Exhibit A; Case # 2:09-CV-14827; Complaint Item (25), (26), (27), (28), (29), (30), (31), (32), (33), (34), (35), (36), and (37) )

2

8) Reason #3 – Fraudulent Concealment by General Motors Corporation (See Exhibit A; Case # 2:09-CV-14827; Complaint Item (38), (39), (40), (41), (42), (43), (44), (45), (46), (47), (48), (49), (50), (51), (52), (53), (54), and (55) )

9) therefore; the Plaintiff in the civil action Stasko vs. General Motors Corporation, United States District Court Eastern District of Michigan, Case # 2:09-CV-14827 requests the court order the automatic stay imposed in Bankruptcy of Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC"), United States Bankruptcy Court – Southern District of New York, Case # 09-50026 (REG) by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Plaintiff's interests in the Property to allow the Plaintiff's enforcement of its rights in, and remedies in and to, the Property associated with the civil action Stasko vs. General Motors Corporation, United States District Court Eastern District of Michigan, Case # 2:09-CV-14827.

Dated: February 16, 2010

_____

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

3

Exhibit - 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re                                                    :
Bankruptcy of Motors Liquidation Company                 :        **Chapter 11**
(f/k/a General Motors Corporation) ("MLC")               :
                                                         :        **Case No. 09 - 50026 (REG)**
                        Debtor.                           :
----------------------------------------------------------x

### AFFIRMATION OF SERVICE

A copy (on CD) of the (1) Motion to Modify the Automatic Stay, (2) Notice of Motion of

Order, (3) Order Modifying the Automatic Stay, (4) Exhibit A – United States District

Court Eastern District of Michigan, Case # 2:09-CV-14827 Complaint, (5) Exhibit (B) –

Request for Hearing filed January 5, 2010, Case # 2:09-CV-14827, and (6) Exhibit (C) –

Letter dated January 29, 2010, from Weil, Gotshal & Manges LLP has been served upon

the Debtor in the manner indicated below:

Name of Debtor Served:        Motors Liquidation Company

                              (f/k/a General Motors Corporation)

                              Weil, Gotshal & Manges LLP

                              1300 Eye Street, N.W., Suite 900, Washington, D.C. 20005

Date of Service: February 16, 2010

Method of Service and Declaration: I, Stanley R. Stasko, served Debtor by U.S. Priority

mail a copy of the above specified items. I declare under the penalty of perjury that the

information contained in this Affirmation of Service is true and correct.

Signature of Server: _____        Date: February 16, 2010

Server's Address: 27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917

Exhibit - 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**STANLEY R STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Plaintiff**
**Pro Se Litigant**

**V**                                          Case: 2:09-CV-14827
                                              Honorable Cook, Julian Abele
                                              United States District Court Judge

**GENERAL MOTORS CORPORATION**
**GENERAL MOTORS – GLOBAL HEADQUARTERS**
**300 RENAISSANCE CENTER**
**P.O. BOX 300**
**DETROIT, MICHIGAN 48265**
**#313-556-5000**
**Defendant**

---

### REQUEST FOR HEARING:

---

Stanley R. Stasko respectfully states:

1) that I am the Plaintiff in Stasko v General Motors Corporation.

2) that the plaintiff filed his Complaint and Summons with the United States District
   Court – Eastern District of Michigan on December 11, 2009.

3) that the plaintiff served the defendant a copy of the Complaint and Summons by
   United States Postal Service Certified Mail on December 11, 2009.

4) that the plaintiff provided the court proof of service of the Complaint and
   Summons on the defendant by United States Postal Service Certified Mail on
   December 16, 2009.

5) The defendant has not responded to the Complaint and Summons as of January 3,
   2010. (Original Complaint and Summons filed with United States District Court –
   Eastern District of Michigan on December 11, 2009, plus twenty days equals
   December 31, 2009.

Document prepared by Stanley R. Stasko 27653 Lexington Pkwy
Southfield, Michigan 48076 Telephone # 313-670-6917

6) The plaintiff requests a hearing in Stasko v General Motors Corporation.

7) The plaintiff requests the court to find in favor of the plaintiff and the court to determine the amounts to be awarded the plaintiff for Complaint items (57), (58), (59), and (60).

Date: January 5, 2010

Stanley R. Stasko #313-670-6917

Document prepared by Stanley R. Stasko 27653 Lexington Pkwy
Southfield, Michigan 48076 Telephone # 313-670-6917

Exhibit - 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

MAR 1 1 2010

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

STANLEY R. STASKO,

Plaintiff,

v.

GENERAL MOTORS CORPORATION,

Defendant.

Case No. 09-14827
Honorable Julian Abele Cook, Jr.

ORDER

On December 11, 2009, the Plaintiff, Stanley R. Stasko, filed a complaint in which he

alleges that the Defendant, General Motors Corporation, deprived him of his constitutional rights,

in violation of 42 U.S.C. § 1983.

On January 5, 2010, Stasko filed a pleading ("Request for Hearing") wherein he seeks to

obtain an order from the Court that will (1) enter an order in his favor, and (2) determine the

amount of money  to be awarded to him for "[c]omplaint items (57), (58), (59) and (60)." In his

"Request for Hearing," he appears to be advancing the merits of his complaint.

In its interpretation of the relief that Stasko seeks to obtain in this pleading, the Court has

construed his filing as a motion for default judgment. The Local Rules of this District provide, in

relevant part, that "[o]ral hearings on . . . motions [- except those specifically mentioned in the

Rules - ] will be held unless the judge at any time prior to the hearing orders their submission and

determination without oral hearing on the briefs filed as required by this rule." E.D. Mich. LR

1

7.1(e)(2). Following its review of Stasko's pleading, the Court does not believe that an oral hearing

on this issue is necessary. Therefore, the Court will evaluate his request on the basis of the record

in this action.

> Federal Rule of Civil Procedure 55 states, in part:
>
> (a) Entering a Default.
> When a party against whom a judgment for affirmative relief is sought has failed to
> plead or otherwise defend, and that failure is shown by affidavit or otherwise, the
> clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
> (1) By the Clerk.
> If the plaintiff's claim is for a sum certain or a sum that can be made certain by
> computation, the clerk - on the plaintiff's request, with an affidavit showing the
> amount due - must enter judgment for that amount and costs against a defendant who
> has been defaulted for not appearing and who is neither a minor nor an incompetent
> person.
> (2) By the Court.
> In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b). The Court notes that "[t]he entry of default must be distinguished from

a default judgment." Moore's Federal Practice § 55.10[1]. Obtaining a default judgment in a case

requires a two-step process; namely, (1) requesting, and securing, an entry of default from the Clerk

of the Court as contemplated in Rule 55(a), and then (2) filing a motion with the Court for the entry

of a default judgment pursuant to Rule 55(b). *See id; see also McDonald v. De Kalb Federal Sav.*

*& Loan*, 1987 U.S. App. LEXIS 6272 at *2 (6th Cir. May 13, 1987) ("The entry of default is the

first procedural step necessary in obtaining a default judgment."); *Epicentre Strategic Corp. - Mich.*

*v. Cleveland Constr.*, 2007 U.S. Dist. LEXIS 15971, at *28 (E.D. Mich. Mar. 7, 2007) (entry of

default under Rule 55(a) is "a condition precedent to the entry of default judgment under Rule

55(b)").

In this case, a review of the official record in this action reveals that Stasko has failed to

2

seek and obtain an entry of default from the Clerk of the Court. Consequently, his request to have

this Court enter a judgment in his favor that determines General Motors Corporation to be liable

to him is, at best, premature. Therefore, Stasko's request must be, and is, denied.


IT IS SO ORDERED.

Dated:  March 11, 2010                    S/Julian Abele Cook, Jr.
        Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                          United States District Court Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant Stanley Stasko, 27653 Lexington Pkwy., Southfield, Michigan 48076 on March 11, 2010.

                                          s/ Kay Doaks
                                          Case Manager

3

Exhibit - 5

United States District Court
Eastern District of Michigan

## TABLE OF CONTENTS (continued)

|  |  | Page |
|---|---|---|
| LR 54.2 | Social Security Fee Motions | 43 |
| LR 55.1 | Clerk's Entry of Default | 45 |
| LR 55.2 | Clerk's Entry of Judgment by Default | 46 |
| LR 58.1 | Procedure for Entry of Judgments and Orders | 47 |
| LR 59.1 | Motion to Alter or Amend a Judgment | 48 |
| LR 65.1 | Motions for Temporary Restraining Orders and for Preliminary Injunctions | 49 |
| LR 65.1.1 | Attorney or Officer as Surety | 50 |
| LR 67.1 | Deposit and Withdrawal of Funds in Interest-Bearing Accounts | 51 |
|  | (a)    Deposit Order | 51 |
|  | (b)    Withdrawal Order | 51 |
| LR 69.1 | Garnishments | 52 |
| LR 72.1 | United States Magistrate Judges | 53 |
|  | (a)    Authority of Magistrate Judges | 53 |
|  | (1)    General | 53 |
|  | (2)    Specific Duties | 53 |
|  | (3)    Consent Jurisdiction | 54 |
|  | (4)    Other Duties | 54 |
|  | (b)    Assignment of Duties to Magistrate Judges | 54 |
|  | (1)    General | 54 |
|  | (2)    Prisoner Cases Under 28 U.S.C. §§ 2254, 2255 and 42 U.S.C. § 1983 | 54 |
|  | (3)    Social Security Benefits Cases | 55 |
|  | (c)    Registry Funds | 55 |
|  | (d)    Review and Appeal | 55 |

October 2009

United States District Court
Eastern District of Michigan

## LR 55.1    Clerk's Entry of Default

Requests for, with affidavits in support of, a Clerk's Entry of Default shall contain the following information:

(a)    A statement identifying the specific defendant who is in default.

(b)    A statement attesting to the date the summons and complaint were served upon the defendant who is in default.

(c)    A statement indicating the manner of service and the location where the defendant was served.

> **COMMENT:** The Clerk's Office provides a form for the Clerk's Entry of Default.

January 1, 1992

45

United States District Court
Eastern District of Michigan

## LR 55.2    Clerk's Entry of Judgment by Default

Requests for a Clerk's Entry of Judgment by Default must be accompanied by an affidavit which sets forth:

(a)    The sum certain or the information necessary to allow the computation of a sum certain.

(b)    The name of the defendant who is subject to default.

(c)    A statement that the defendant is not:

    (1)    an infant or an incompetent person, or

    (2)    in the military service.

(d)    A statement that a default has been entered because the defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a).

> **COMMENT:** The Clerk's Office has forms for requests for a Clerk's Entry of Judgment by Default and Affidavit of Sum Certain to assist parties and attorneys in complying with LR 55.2.

January 1, 1992

United States District Court
Eastern District of Michigan

## LR 58.1    Procedure for Entry of Judgments and Orders

An order or judgment shall be entered by one of the following methods:

(a)    The Court may sign the judgment or order at or after the time it grants the relief provided by the judgment or order.

(b)    The Court shall sign the judgment or order when its form is approved by all the parties.

(c)    Within seven days after the granting of the judgment or order, or later if the Court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the Court for signing if no written objections are filed within seven days after service of the notice.  The party must file with the Court the original of the proposed judgment or order and proof of its service on the other parties.

   (1)    If no written objections are filed within seven days, the Court shall then sign the judgment or order if, in the Court's determination, it comports with the Court's decision.  If the proposed judgment or order does not comport with the decision, the Court shall notify the parties to appear before the Court on a specified date for settlement of the matter; or, in the Court's discretion, the Court may enter its own order consistent with the Court's decision.

   (2)    The party filing the objections must serve them on all parties.

   (3)    If objections are filed, within seven days after receiving notice of the objections, the party who proposed the judgment or order must notice it for settlement before the court.

(d)    A party may prepare a proposed judgment or order and notice it for settlement before the Court.

March 2, 1998

47

Exhibit - 6

09-50026-mg   Doc 5442   Filed 04/05/10   Entered 04/06/10 15:39:16   Main Document
Pg 35 of 37
Case 2:09-cv-14827-JAC-VMM   Document 10   Filed 03/19/2010   Page 1 of 1
MIED (Rev. 5/05) Request for Clerk's Entry of Default

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Stanley R. Stasko
Pro Se Litigant

          Plaintiff(s),                          Case No. 2:09-CV-14827

v.

                                                 Judge Julian Abele Cook, Jr.

General Motors Corporation                       Magistrate Judge  Virginia M. Morgan

          Defendant(s).

_____/

## REQUEST FOR CLERK'S ENTRY OF DEFAULT

In accordance with Fed. R. Civ. P. 55(a), I request that a Clerk's Entry of Default be entered against

General Motors Corporation

_____ for failure to plead or otherwise defend.

## AFFIDAVIT

In support of my request for Clerk's Entry of Default, I state that:

1.  The summons and complaint were served on _____ December 11, 2009 _____ at

    G.M. Global Hqts., 300 Renaissance Center, P.O. Box 300 Detroit, Michigan 48265 ___ by

    certified mail.

2.  The defendant has failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12.

3.  The defendant is not an infant, incompetent person or a member of the military service.

4.  This statement is true and is signed under the penalty of perjury.

Date:  March 17, 2010                       _____

                                            Stanley R. Stasko - Pro Se Litigant
                                            27653 Lexington Pkwy
                                            Southfield, Michigan 48076
                                            313-670-6917
                                            srstasko@netscape.com

Approved, SCAO

Original - Court
1st copy - Plaintiff
Copies - All other parties

**37**

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT,<br>ENTRY, AND JUDGMENT<br>(SUM CERTAIN) | CASE NO.<br>2:09-CV-14827 |
|---|---|---|

Court address  United States District Court
Eastern District of Michigan

Judge: Cook, Julian Abele

Court telephone no.
MJ: Morgan, Virginia M.

Plaintiff name, address, and telephone no.
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
313-670-6917

Plaintiff's attorney, bar no., address, and telephone no.
Pro Se Litigant

v.

Defendant name, address, and telephone no.
General Motors Corporation
General Motors - Global Hqts.
300 Renaissance Center
P.O. Box 300

Defendant's attorney, bar no., address, and telephone no.

Detroit, Michigan 48265
#313-556-5000

USE NOTE:  Plaintiff must complete the Request and Affidavit and the Default Judgment before filing with the court.

**REQUEST AND AFFIDAVIT**

1. I request a default entry against  General Motors Corporation  for failure to appear.
2. The claim against the defaulted party is for a sum certain or for a sum, which by computation can be made certain, and the plaintiff requests judgment in the amount of $2,775,266  from the defaulted party.
3. The defaulted party is not an infant or incompetent person.
4. ☐ It is unknown whether the defaulted party is in the military service. ☒ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

Subscribed and sworn to before me on  3-19-2010
                                              Date

Applicant/Attorney signature              3/19/2010        Bar no.
Oakland  County, Michigan.

My commission expires:  3-2-2013
                            Date

Signature:

Notary public, State of Michigan, County of  Wayne.

Deputy court clerk/Notary public

**DEFAULT ENTRY**  The default of the party named above for failure to appear is entered.

Date                                          Court clerk

**DEFAULT JUDGMENT**   IT IS ORDERED this judgment is granted in favor of the plaintiff(s) as follows:

*Attach bill of costs if statutory limit is exceeded.
Damages: $_____  Costs: $_____  Attorney fee/Other: $_____  Total judgment: $_____
This judgment will earn interest at statutory rates, computed from the filing date of the complaint.
Judgment interest accrued thus far is $_____  and is based on: If needed, attach separate sheet.
   ☐ the statutory rate of _____ % from _____ to _____
   ☐ the statutory 6-month rate(s) of _____ % from _____ to _____

Date                                          Court clerk/Judge

This judgment has been entered and will be final unless, within 21 days of the default judgment date, a motion to set aside the default is filed.

**CERTIFICATE OF MAILING**   I certify that on this date I served a copy of this default entry and judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

Date                                          Signature

MC 07a (3/09) DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN)

MCL 32.517, MCL 600.2441, MCL 600.5759, MCL 600.6013,
MCR 2.603(B)(2), 50 USC 521

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                               :

**Bankruptcy of Motors Liquidation Company**        :          Chapter 11
**(f/k/a General Motors Corporation) ("MLC")**      :

                                                    :          Case No. 09 - 50026 (REG)

                    **Debtor.**                     :

---------------------------------------------------------------x

## AFFIRMATION OF SERVICE

A copy of the Response to Debtor Opposition to Motion to Modify the Automatic Stay

has been served upon the Debtor in the manner indicated below:

Name of Debtor Served:        Motors Liquidation Company

                              (f/k/a General Motors Corporation)

                              Weil, Gotshal & Manges LLP

                              767 Fifth Avenue New York, New York 10153

Date of Service: April 3, 2010

Method of Service and Declaration: I, Stanley R. Stasko, served Debtor by U.S. Express

mail a copy of the above specified items. I declare under the penalty of perjury that the

information contained in this Affirmation of Service is true and correct.

Signature of Server: _____          Date: April 3, 2010

Server's Address: 27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917