**Presentment Date and Time: April 20, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline: April 20, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :   09-50026 (REG)
    f/k/a General Motors Corp., et al.  :
                                        :
                    Debtors.            :   (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT FOR ENTRY
OF STIPULATION AND AGREED ORDER BETWEEN THE
DEBTORS, GENERAL MOTORS, LLC, AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA. PURSUANT TO
11 U.S.C. § 365 AUTHORIZING THE DEBTORS' ASSUMPTION AND
ASSIGNMENT OF CERTAIN INSURANCE POLICIES
<u>AND TRANSFER OF COLLATERAL RELATED THERETO</u>**

PLEASE TAKE NOTICE that Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") will present the stipulation and agreed order (the "**Stipulated Order**") between the Debtors, General Motors, LLC ("**GM LLC**"), and National Union Fire Insurance Company of Pittsburgh, PA., on behalf of itself and its affiliated insurers (collectively "**National Union**") annexed hereto, pursuant to section 365 of title 11, United States Code (the "**Bankruptcy Code**"), authorizing the Debtors'

assumption and assignment of certain insurance policies and transfer of the collateral related thereto, all as more fully set forth in the Stipulated Order, to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **April 20, 2010 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulated Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the

United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (xii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (xiii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (xiv) the members of the Official Committee of Unsecured Creditors Holding Asbestos Related Claims; and (xv) the attorneys for National Union Fire Insurance Company of Pittsburgh, PA., 175 Water Street, 18th Floor, New York, NY 10038 (Attn: Thomas O'Rourke, Esq.), so as to be received no later than **April 20, 2010 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

Dated: New York, New York
      April 6, 2010

                              WEIL, GOTSHAL & MANGES LLP

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors and
                              Debtors in Possession

**Presentment Date and Time: April 20, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline: April 20, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                       :   **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :   **09-50026 (REG)**
   **f/k/a General Motors Corp.,** *et al.* :
:
                               Debtors.     :   **(Jointly Administered)**
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE
DEBTORS, GENERAL MOTORS, LLC, AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA. PURSUANT TO
11 U.S.C. § 365 AUTHORIZING THE DEBTORS' ASSUMPTION AND
ASSIGNMENT OF CERTAIN INSURANCE POLICIES AND TRANSFER OF
<u>COLLATERAL RELATED THERETO</u>**

Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), General Motors, LLC ("**GM LLC**") and National Union Fire Insurance Company of Pittsburgh, PA., on behalf of itself and all of its affiliates (collectively, "**National Union**" and together with the Debtors and GM LLC, the "**Parties**"), hereby enter into this Stipulation and Agreed Order (the "**Stipulated Order**").

**BACKGROUND AND RECITALS**

A.     **WHEREAS**, on June 1, 2009 (the "**Commencement Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

B.     **WHEREAS**, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**UCC**") was appointed in the Chapter 11 Cases;

C.     **WHEREAS**, on June 1, 2009, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 to (I) Approve (A) the Sale Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; Free and Clear of Liens, Claims, Encumbrances and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing* (the "**Sale Procedures Motion**") [Dkt. No. 92] seeking entry of an order authorizing and approving, among other things, (i) the sale of the majority of the Debtors' assets pursuant to the proposed Master Sale and Purchase Agreement and related Agreements (the "**MSPA**") among the Debtors and NGMCO, Inc. (n/k/a GM LLC), free and clear of liens, claims, encumbrances, and other interests (the "**363 Transaction**") and (ii) the assumption by the Debtors and assignment to GM LLC of certain executory contracts and unexpired leases;

D.     **WHEREAS**, on June 2, 2009, this Court entered its *Order Pursuant To 11 U.S.C.*

2

*§§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets Pursuant to Master Sale And Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and Approving Form of Notice* (the "**Sale Procedures Order**") [Dkt. No. 274], which sets forth, in pertinent part, certain procedures governing the assumption and assignment of executory contracts and unexpired leases to GM LLC.  Pursuant thereto, the Debtors created a schedule of executory contracts and unexpired leases that GM LLC has designated as "Assumable Executory Contracts" and a secure website that lists the Assumable Executory Contracts;

E.    **WHEREAS**, on July 5, 2009, the Court entered its *Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief* [ Dkt. No. 2968] (the "**Sale Order**").  On July 10, 2009, the 363 Transaction closed;

F.    **WHEREAS**, National Union provides a program of insurance (the "**National Union Insurance Program**") to the Debtors which includes coverage for, among other things, general liability, commercial automobile liability, and workers compensation liability.  The National Union Insurance Program is governed by a variety of agreements (the "**National Union Program Agreements**") which are summarized on **Exhibit A** annexed hereto;

G.    **WHEREAS**, to further effectuate and implement the transaction authorized by the Sale Order and memorialized in the MSPA, the Debtors wish to assume and assign to GM

3

LLC the National Union Program Agreements and transfer the Collateral (as defined below) related thereto, and GM LLC wishes to receive such assignment on the terms and conditions set forth below with the agreement and consent of National Union while continuing to provide coverage to the Debtors under the terms and conditions of the National Union Insurance Program;

H.   **WHEREAS**, the National Union Insurance Program remains in effect to the extent required by its terms and conditions;

I.   **WHEREAS**, pursuant to the Sale Procedures Order, GM LLC designated the National Union Program Agreements as Assumable Executory Contracts, and on October 23, 2009, the Debtors served their *Notices of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and (II) Cure Amounts Related Thereto* (the "**Notices of Intent**") on National Union;

J.   **WHEREAS**, pursuant to the Sale Procedures Order, upon the assumption and assignment of the National Union Program Agreements, all right, title, and interest of the Debtors in the National Union Insurance Program will vest in GM LLC;

K.   **WHEREAS**, before the Commencement Date, the Debtors posted collateral and established collateral trusts with National Union (the "**Collateral**") to secure its obligations under the National Union Program Agreements;

L.   **WHEREAS**, the Parties agree that the Collateral is a Purchased Asset under the MSPA and, for the avoidance of any doubt, will be transferred to GM LLC upon the assumption and assignment to secure its obligations under the National Union Insurance Program;

4

M.  **WHEREAS**, GM LLC and National Union represent that the value of the Collateral was US Sixty Four Million Three Hundred Twenty Thousand Two Hundred and Thirteen Dollars ($64,320,213) as of November 30, 2009; and

N.  **WHEREAS**, GM LLC and National Union will enter into a separate agreement in form and substance satisfactory to both parties regarding their respective rights and obligations upon assumption and assignment of the National Union Program Agreements.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED,** by and between the Parties that:

## AGREEMENT

1.  The foregoing Background and Recitals are incorporated as if set forth in full herein.

2.  The 14-day stay of entry of this Stipulated Order provided for by Fed. R. Bankr. P. 6006(d) is waived, and the Stipulated Order shall be effective immediately upon entry by the Court (the "**Effective Date**").

3.  Pursuant to section 365 of the Bankruptcy Code and the Sale Order, the Debtors hereby assume the National Union Program Agreements in full as of the Effective Date. Immediately upon the Effective Date, the National Union Program Agreements shall be deemed assigned by the Debtors to GM LLC pursuant to section 365 of the Bankruptcy Code, and, except as otherwise provided herein or as required by applicable law, the Debtors shall have no further obligations to National Union under the National Union Program Agreements.

4.  National Union consents to the assumption and assignment of the National Union Program Agreements as set forth herein.

5.  Except as provided below, upon the assignment of the National Union Program Agreements to GM LLC, all right, title, and interest of the Debtors in the National Union

Insurance Program shall terminate subject to Paragraph 6 below and vest exclusively with GM LLC, including, without limitation, (i) any right to receive unearned premiums, (ii) ownership of the National Union Insurance Program, and (iii) all of the Debtors' rights and interests in or to the Collateral held by National Union pursuant to the terms of the National Union Program Agreements.

6. Upon the assumption and assignment of the National Union Program Agreements to GM LLC pursuant to the terms set forth herein, all coverage under the National Union Insurance Program shall remain in full force and effect pursuant to the terms and conditions set forth therein, including, but not limited to, coverage provided to the Debtors under the National Union Insurance Program.

7. No cure amount will be paid upon assumption and assignment of the National Union Program Agreements. GM LLC and National Union acknowledge that as of the Effective Date amounts may be due and owing by National Union or GM LLC under the National Union Insurance Program to the other party. National Union and GM LLC reserve all of their rights under the National Union Program Agreements and the National Union Insurance Program, at law, and in equity to assert or dispute any amounts claimed as owing by the other party.

8. Upon the Effective Date, GM LLC shall assume any and all existing, outstanding and future claims against the Debtors, insurance debts, liabilities, and duties to National Union, as such have been incurred and may be incurred, whether known or unknown, whether or not asserted, and whether found in fact or law or in equity, related to the National Union Insurance Program and National Union Program Agreements.

9. The Debtors shall take all steps necessary to, and shall cooperate with GM LLC and National Union to facilitate the transfer of all of Debtors' right, title, and interest in the

Collateral to GM LLC. The Parties shall use their best efforts to complete the transfer of the Collateral no later than ten (10) business days after the Effective Date.

10. From the Effective Date through the date on which the Debtors complete the transfer of all of the Collateral to GM LLC, notwithstanding the assumption and assignment of the National Union Insurance Program, National Union shall have the right to use or draw upon any such Collateral, in the Debtors' possession, under its control, or otherwise in accordance with the National Union Insurance Program.

11. No prior transfers of any kind to National Union by or on behalf of the Debtors arising under or relating to the National Union Insurance Program may be avoided or recovered under the Bankruptcy Code or under any applicable state law, except in accordance with the contractual terms of the National Union Insurance Program.

12. National Union may adjust, settle, and pay insured claims, whether existing claims against Debtors or new claims against GM LLC, utilize funds provided for that purpose, and otherwise carry out the terms and conditions of the National Union Insurance Program, including liquidating and taking ownership of the Collateral, without further order of the Court; *provided*, *however*, nothing herein shall be deemed to grant relief from the automatic stay to any claimant to pursue any claim against the Debtors in a non-bankruptcy court or the Court.

13. All rights of any party with respect to Collateral held by National Union, in whatever form, shall be governed by the terms of the National Union Insurance Program and the related security documentation, and neither the Debtors nor GM LLC shall take any action against National Union in the Court that is inconsistent with the terms of such documentation, including, without limitation, actions for turnover or estimation.

14. The Court shall have jurisdiction over the parties with respect to any disputes

involving the Debtors regarding the terms or enforcement of this Stipulated Order. Notwithstanding the preceding sentence, the Parties reserve all of their rights with respect to all jurisdictional issues, including the right to arbitration, regarding any dispute under the National Union Insurance Program (including the National Union Program Agreements). The Bankruptcy Court shall not retain jurisdiction with respect to disputes between National Union and GM LLC, which shall be governed by the terms of the National Union Insurance Program.

15. This Stipulated Order sets forth the entire understanding of the Parties hereto with respect to the assumption and assignment of the National Union Program Agreements, the National Union Insurance Program, and the Collateral related thereto, and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so ordered by the Court.

16. Nothing in this Stipulated Order is intended to, nor shall it, alter, expand, or diminish the Debtors' or GM LLC's rights or obligations under the MSPA, or the terms and conditions of the MSPA.

17. The Parties agree to execute and deliver any and all additional papers, documents, instruments, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of the Parties.

8

Stipulated and Agreed:

| **GENERAL MOTORS, LLC** | **MOTORS LIQUIDATION COMPANY** |
|---|---|
| */s/ Alan G. Gier* | */s/ Thomas A. Morrow* |
| By: Alan G. Gier | By: Thomas A. Morrow |
| Its: Director, Global Risk Management | Its: Vice President |

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., on behalf of itself and all of its affiliates**

*/s/ Thomas O'Rourke*
By: Thomas O'Rourke
Its: Attorney-in-Fact

**SO ORDERED** this ___ day of _____ 2010

_____
UNITED STATES BANKRUPTCY JUDGE

9