UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                        :

In re                                     :         Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,   :         09-50026 (REG)
      f/k/a General Motors Corp., *et al.*   :
                                        :
                       Debtors.     :         (Jointly Administered)
                                        :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be given; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative (the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided, however*, that the Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Claimants' Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future Claimants' Representative harmless from any claims by any party against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative; *provided, however*, that the Future Claimants' Representative shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case, the Future Claimants' Representative believes that he is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under this Order, including, without limitation, the advancement of defense costs, the Future Claimants' Representatives must file an application therefor in this Court and the Debtors may not pay any such amounts to the Future Claimants' Representative before the entry of an order by this Court approving the payment.  The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Claimants' Representative for indemnification, contribution, or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative, the Future Claimants' Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be entitled to receive all notices and pleadings which are served upon the Unsecured Creditors' Committee pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: *April 8, 2010*
New York, New York

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE